Exhibit 6



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.583.8888
FAX: 206.583.8500
www.perkinscoie.com

December 11, 2003

Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue
Seattle, WA 98101

**VIA MESSENGER**

**Re:    In re Pharmaceutical Industry AWP Litigation,
MDL No. 1456, Civil Action No. 01-CV-12257-PBS**

Dear Sean:

Enclosed please find the following documents:
- IAWP900516-0521
- IAWP905918
- IAWP905922-905928
- IAWP906094-906114
- IAWP906173-906174
- IAWP906269-906270
- IAWP906376-906387
- IAWP906388-906400
- IAWP912138-912660

Your colleagues selected the preceding list of documents for copying and production from the five boxes (IAWP900001-IAWP912660) that Immunex made available for your review on Monday, December 8, 2003.

Very truly yours,

Zoe Philippides

cc:    David J. Burman

[06735-0051/SL033450.103]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP (Perkins Coie LLC in Illinois)

Exhibit 7



David J. Burman
PHONE: 206.359.8426
FAX: 206.359.9426
EMAIL: DBurman@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

April 26, 2004

**VIA MESSENGER**

Steve W. Berman
Sean Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

**Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456**

Dear Steve and Sean:

Pursuant to our meet-and-confer of Tuesday, April 20, regarding Plaintiffs' Omnibus
Requests for Production, and our exchange of e-mails over the past few days, enclosed
are:

    (1)    historical organizational charts requested in Omnibus RFP No. 2 (bates
        numbered IAWP150497 – IAWP150526);

    (2)    two CDs that we made available for your review as of December 2002
        pursuant to CMO 5 (IAWP149257-58); and

    (3)    19 floppy disks that we made available for your review as of December
        2002 pursuant to CMO 5 (IAWP 135250-57, IAWP 135260-68, and IAWP
        149255-56).

We provided you with a copy of these CDs and the floppy disks in a letter dated June 9,
2003, from Katie O'Sullivan to Sean. (A copy of this letter is also enclosed.) One CD
contains (a) Excel spreadsheets containing such sales data from DDD as Immunex has
reflecting the ultimate customer, (b) Excel spreadsheets containing information about
wholesaler sales and chargebacks, and (c) an Excel spreadsheet containing information

Steve W. Berman
Sean Matt
Hagens Berman LLP
April 26, 2004
Page 2

about direct sales (i.e., not through wholesalers).  Thus, this CD contains information sought in Omnibus RFP Nos. 25-27.

The other CD contains Access spreadsheets from Immunex's call notes database.  Thus, this CD contains information sought, at least in part, in Omnibus RFP Nos. 47-48.

17 of the floppy disks contain quarterly information about sales of Immunex products to individual customers (sought in Omnibus RFP Nos. 25-27).  The remaining two floppy disks contain information about Immunex's professional samples program (sought in Omnibus RFP no. 37).

To confirm our recent e-mail exchange, the next step on the Immunex side is that we are working on putting together a list of the additional electronic financial and transactional information that Immunex still has in a usable electronic format.  We should have that to you in the next few weeks, along with formal objections to the omnibus discovery requests and the 30(b)(6) notice.

You also mentioned some specific types of "core" information.  We are determining what else, if anything, we might have.  As I said in our meet-and-confer and by e-mail, please let us know if there are other specific categories of documents that you want us to follow up on.

Very truly yours,

David J. Burman

Enclosures

cc:   Kathleen M. O'Sullivan

Exhibit 8



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX: 206.359.7375
EMAIL: KOSullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.583.8888
FAX: 206.583.8500
www.perkinscoie.com

June 17, 2004

*<u>VIA MESSENGER</u>*

Steve W. Berman
Sean Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

**Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456**

Dear Steve and Sean:

Enclosed please find a CD containing Immunex's transactional sales data from 1997-2002. The CD contains the electronic data outlined in Dave Burman's letter to you dated May 13, 2003. The CD is bates numbered IAWP150900 and contains Highly Confidential material under the Protective Order in effect in this case.

Very truly yours,

Kathleen M. O'Sullivan

KMO:pr

Enclosure

[06735-0051/SL041670.193]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP (Perkins Coie LLC in Illinois)

Exhibit 9



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX:   206.359.7375
EMAIL: kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

May 20, 2005

Sean R. Matt, Esq.
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA  98101

Re:   **In re Pharmaceutical Industry AWP Litigation**
      **Immunex Transactional Data**

Dear Sean:

I write in response to your letter dated April 21 regarding Immunex's production of
transactional data in early 2003 (in response to Case Management Order No. 5) and in
May 2004 (in response to our meet and confer regarding Plaintiffs' Omnibus Requests
for Production and Interrogatories).  My letter follows the outline of issues presented
in your letter.

Before turning to your specific requests, however, I wanted to remind you again of
Immunex's unique circumstances among the defendants in the MDL.  Immunex has
not marketed or sold any of the products at issue in the AMCC (or any other products)
in years (three to four years depending on the product).  Immunex sold the rights to
leucovorin calcium and methotrexate sodium in June 2001 and Immunex sold the
rights to Leukine in June 2002.  Immunex was acquired by Amgen in July 2002 and
Amgen thereafter sold the marketing rights to Novantrone in November 2002 and
discontinued marketing and selling Thioplex in November 2002.  Obviously,
Immunex does not possess transactional documents subsequent to the 2001 and 2002
dates of the sales, licensing, and termination of these products.  As you can imagine,
the fact that Immunex has not sold these products for years also has implications
regarding the maintenance and accessibility of electronic data regarding these
products.

[06735-0051/SL051170.172]

Sean R. Matt, Esq.
May 20, 2005
Page 2

1.  **Direct Sales / Transaction Data**

    a.  Your letter states that you only have transaction-level sales data for Leukine and Novantrone, such as IAWP 135250-57. Enclosed in this letter is a CD containing the transaction-level sales data that you requested for Thioplex, leucovorin calcium, and methotrexate sodium (*e.g.* "1997 Sales by Transaction.xls."). The CD contains similar yearly files from 1997-2001 for all five products at issue.

    b.  Your letter states that you only have transactional sales data from January 1995 to June 2000, and you request data covering the remainder of the class period. Given that the AMCC contains allegations as to Immunex AWPs from 1997 to 2002, Immunex has objected to the production of any documents or data that pre-date 1997. The CD enclosed in this letter contains the transaction-level sales data that Immunex has in its possession, which goes through December 2001. Immunex has not been able to locate any transactional sales data for the limited products sold by Immunex during portions of 2002. However, Immunex has summary level financial data for the year 2002, which is included on the enclosed CD ("2002HistorybyNDC.xls").

    c.  Your letter requests a description of the codes for classes of trade included in the transactional sales data. The descriptions for the class of trade codes are implicit in the raw data itself (see "Class Translation" and "Trade Class" fields in the data).

    d.  Your letter states that the data contains "NDCs" in a "non-standard" format, "i.e., they are not in the NDC-11 format." The NDCs in this data contain the six digits that identify each of Immunex's products in its particular formulation; it simply omits the five-digit prefix that corresponded to all of Immunex's products (and as to which, Immunex did not need to remind itself in its data). The data also identifies the specific Immunex product and formulation under the field "Product Name" (*e.g.*, Leukine Vial, 250 mcg").

    e.  Your letter asks for data regarding records such as "returns, discounts, price adjustments or other price offsets." Although we don't know exactly what you mean by "price adjustments or other price offsets," we

05/20/05

Sean R. Matt, Esq.
May 20, 2005
Page 3

refer you to the "Sales History by Product" database on the enclosed CD, which would show any discounts. The pharmaceutical purchase agreements that Immunex produced pursuant to CMO 5 also include information on pricing with Immunex's customers, including discounts off of list price.

f.      Your letter asks various questions about the documents labeled, *e.g.*, "1997HistorybyNDC.xls." Immunex does not have any similar documents after third quarter 2002 because, as explained above, Immunex was no longer selling any of these products at that time. You ask how "Net Sales" and "ASP" were calculated in these documents. "Net Sales" was calculated as follows: Invoice sales less the reserve for returns, chargebacks, Medicaid rebates, administrative fees, and terms discounts. "ASP" appears not to have been a defined term at Immunex or by statute or regulation during this time period. As these documents show, however, Immunex internally calculated something called "ASP Net," which Immunex calculated as net sales divided by units sold.

## 2.      Indirect Sales / Chargeback Data

Your letter states that Immunex produced transaction-level chargeback data for Leukine and Novantrone, and requests the production of similar data for the other three Immunex products at issue in the AMCC. Immunex produced the Leukine and Novantrone chargeback data to plaintiffs in the MDL in response to CMO 5, as it had previously produced this data to the government in 2001. That data was maintained by an outside vendor and the licensing agreement for that database is long lapsed and would be extraordinarily expensive to renew at this time. Immunex certainly will not undertake the renewal of this license without a discussion regarding cost-shifting or, at the minimum, cost-sharing of this expense.

## 3.      Rebate and Administrative Fee Data

Your letter requests data regarding all rebate or administrative fee transactions. On the CD enclosed in this letter is a "Sales History by Product.xls" database, which contains information responsive to this request on a quarterly basis.

[06735-0051/SL051170.172]

05/20/05

Sean R. Matt, Esq.
May 20, 2005
Page 4

4.    **Free Samples Data**

a.     Your letter states that you "only have free samples data for Leukine and Novantrone." The data that Immunex produced consisted of "Professional Samples Status Reports," which demonstrate that the products included in Immunex's professional samples program were Leukine and Novantrone. Immunex did not issue "free samples" of all of its products. Moreover, following the production of over a hundred boxes of Immunex documents and a great deal of electronic data, you have no evidence that Immunex's professional samples program was improper in any way. We object further to requests for documents regarding Immunex's professional samples program.

b.     Your letter states that the professional samples status reports that Immunex produced do not indicate the NDC for each drug. The data was produced in the form in which it was maintained and, more importantly, the data should be sufficient to determine the formulation of the sample (*e.g.*, "Novantrone 20" would refer to the 20 mg size Novantrone).

5.    **Other Discount Data**

Your letter contains a vague reference to "other discount data," including a request for any data regarding "discounts achieved through bundling one product with another." As I informed you in my letter dated May 13, 2004, Immunex's prior production of numerous contracts and price lists, as well as our supplemental production subsequent to that letter last year, should have permitted discovery of whether Immunex engaged in such a practice, which we do not believe it did.

6.    **Documentation for All Data**

Finally, your letter requests "complete documentation for all items above, including descriptions of information in those fields and any descriptions of codes, such as class of trade designations." I have answered your question regarding the class of trade designation above. If you have any other specific questions regarding other fields on the



[06735-0051/SL051170.172]

05/20/05

Sean R. Matt, Esq.
May 20, 2005
Page 5

      data in the enclosed CD, or in our prior productions, please give me or Dave Burman a call and we would be happy to assist you.

Sincerely,

Kathleen M. O'Sullivan

cc:    David J. Burman

Enclosure

05/20/05

Exhibit 10



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX:   206.359.7375
EMAIL: kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

July 8, 2005

**VIA HAND DELIVERY**

Sean R. Matt, Esq.
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA  98101

Re:   **In re Pharmaceutical Industry AWP Litigation**
      **Immunex Corporation**

Dear Sean:

I write as a follow-up to our telephone conversation on last Friday, July 1.  We
discussed three topics:  (1) pre-1997 sales data, (2) the availability of Immunex's
chargebacks data, and (3) the 30(b)(6) deposition notice to Immunex, which you
served on May 27, 2005.

1.     **Pre-1997 Sales Data**

We discussed that although Immunex does not believe that data that pre-dates 1997 is
relevant to plaintiffs' allegations in the above-referenced litigation, Immunex is
willing to produce the additional pre-1997 transaction-level sales data that Immunex
has.  Enclosed is a CD that contains two files, both of which contain information from
1996:  "1996 Sales by Transaction.xls" and "1996 YTD Gross Sales."  This CD is
labeled IAWP 150902 and marked "Highly Confidential" pursuant to the protective
order in effect in the MDL.

We already produced similar transactional data to you covering January 1997-
December 2001.  For the years 1991-1995, Immunex does not have the same kinds of

[06735-0051/SL051870.133]

Sean R. Matt, Esq.
July 8, 2005
Page 2

transaction-level data.  Immunex does have access to some summary-level data for those years, as we discussed on the phone.  Please let me know if you want us to produce this summary-level data.

2.     **Chargebacks Data**

We discussed that Immunex recently determined (after I sent my letter of May 20 to you) that it has access to transaction-level chargebacks data dating back to 1997.  We informed you that we have not seen the entirety of the data, but have seen a sample.  You asked to see a copy of the sample, and we agreed.  Earlier this week, I sent you a copy of the sample by e-mail.  Please let me know if the sample format is useable (I would think that it is), and we will make a supplemental production of Immunex's chargebacks data.

3.     **Rule 30(b)(6) Deposition Notice**

We discussed the Rule 30(b)(6) deposition notice to Immunex.  We discussed each of the six topics identified on the notice, as well as deposition scheduling.  You stated that, even though the deposition notice, in places, appeared limited to questions regarding the "identity of documents," you were interested in inquiring into the substantive areas and not simply learning the identity of documents that Immunex has already produced.  For example, you said that although the first area of inquiry on the deposition notice is described as "The identity of documents describing how prices on physician-administered drugs are established and the identity of persons with knowledge on this issue," you actually are interested in the process by which Immunex established prices for its drugs.

Regarding deposition scheduling, you said that you did not want to take the Immunex deposition before early September.  Following our telephone conversation, you and I exchanged emails about potential dates for the two witnesses that Immunex intends to put forward, and you and I agreed on some dates that work for all of us.  I am writing to confirm that Immunex's 30(b)(6) depositions will occur on Thursday, September 8, and Wednesday, September 28.  The first Immunex witness should be knowledgeable about the first five topics listed in the 30(b)(6) notice that you filed on May 27, 2005, and the second witness will be knowledgeable about the sixth and final topic.

Sean R. Matt, Esq.
July 8, 2005
Page 3

Finally, we discussed that Immunex was interested in ensuring that this deposition
was coordinated with the other AWP cases (in the MDL and in state court), so that
Immunex's witnesses (who are former employees) are not subjected to repeated
deposition inquiry on the same topics.  Given that the depositions will not occur for at
least two months, there should be plenty of time for coordination with the other
plaintiffs' counsel.

Sincerely,

Kathleen M. O'Sullivan

cc:    David J. Burman

Enclosure

Exhibit 11



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX:   206.359.7375
EMAIL: kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

August 1, 2005

**VIA MESSENGER**

Sean R. Matt
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA  98101

Re:   **In re Pharmaceutical Industry AWP Litigation**
      **Immunex Corporation**

Dear Sean:

Enclosed is a CD containing chargebacks data relating to the Immunex drugs at issue
in the AWP litigation.  The CD is bates numbered IAWP150903 and it contains
"Highly Confidential Information" pursuant to the Protective Order in effect in this
case.

Pursuant to your requests, the data are formatted into a delimited text file format and
the CD contains a field layout report that shows the length of each field.  Attached to
this letter is a hard copy of the file layout report.  Please give me a call if you have
any questions about the data.

Very truly yours,

Kathleen M. O'Sullivan

KMO:ln
Enclosures

cc:   David J. Burman

[06735-0051/SL052130.087]

**Chargeback Data Extract**
**File Layout Information**

**Layout information:**

| | |
|---|---|
| Field Delimiter | TAB |
| Text Delimiter | ~   (ie. ~text data~) |

| File Name | Record Count |
|---|---|
| leucovorin_chargebacks.txt | 108,182 |
| methotrexate_chargebacks.txt | 190,178 |
| leukine_chargebacks.txt | 363,236 |
| novantrone_chargebacks.txt | 121,120 |
| thioplex_chargebacks.txt | 8,833 |

| Field Num | Field Name | Type | Size | Format |
|---|---|---|---|---|
| 1 | CB_LINE_ID | Number | 22 | 22.2 |
| 2 | ACCOUNTING_NUMBER | Text | 12 | |
| 3 | CB_DEBIT_CREDIT_FLAG | Text | 2 | |
| 4 | CONTRACT | Text | 20 | |
| 5 | BUYING_GROUP | Text | 12 | |
| 6 | BUYING_GROUP_DESC | Text | 45 | |
| 7 | BUYING_GROUP_COT | Text | 5 | |
| 8 | BUYING_GROUP_ADDRESS_LINE_1 | Text | 45 | |
| 9 | BUYING_GROUP_CITY | Text | 45 | |
| 10 | BUYING_GROUP_STATE | Text | 2 | |
| 11 | BUYING_GROUP_ZIP | Text | 9 | |
| 12 | END_CUST_ID | Text | 12 | |
| 13 | END_CUST_DESC | Text | 50 | |
| 14 | DEA_END_CUST | Text | 12 | |
| 15 | HIN_END_CUST | Text | 12 | |
| 16 | END_CUST_COT | Text | 5 | |
| 17 | END_CUST_COT_DESC | Text | 45 | |
| 18 | END_CUST_ADDRESS_LINE_1 | Text | 45 | |
| 19 | END_CUST_CITY | Text | 45 | |
| 20 | END_CUST_STATE | Text | 2 | |
| 21 | END_CUST_ZIP | Text | 9 | |
| 22 | PRODUCT_LINE_ID | Number | 5 | |
| 23 | PRODUCT_LINE_DESC | Text | 45 | |
| 24 | NDC | Number | 10 | |
| 25 | NDC_DESC | Text | 45 | |
| 26 | WHOLESALER_INVOICE_NO | Text | 12 | |
| 27 | INVOICE_DATE | Date | 10 | DD-MMM-YY |
| 28 | DATE_CHARGEBACK_PAID | Date | 10 | DD-MMM-YY |
| 29 | WHOLESALER_COST | Number | 15 | 15.2 |
| 30 | CHARGEBACK_QTY | Number | 5 | |
| 31 | CONTRACT_PRICE | Number | 15 | 15.2 |
| 32 | CHARGEBACK_AMT | Number | 15 | 15.2 |
| 33 | CHARGEBACK_SALE | Number | 15 | 15.2 |

33 Total Fields



Exhibit 12



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX:   206.359.7375
EMAIL: kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

September 14, 2005

**VIA MESSENGER**

Sean R. Matt
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA  98101

Re:   <u>**In re Pharmaceutical Industry AWP Litigation**</u>
      **Immunex Corporation**

Dear Sean:

Enclosed is a supplemental production of two CDs containing Immunex-related data
that we recently discovered.  One CD (bates numbered IAWP 151888) contains the
only DDD sales data that we believe Immunex currently has available in electronic
form.  The data is from June 2000-May 2002.  The other CD (bates numbered IAWP
151889) contains transactional data from the sale of Immunex's products during the
limited period of time in 2002 in which Immunex sold a limited number of products.
As you know, we previously produced such transactional data relating to Immunex's
products from 1995-2001, but until now, we had located only summary-level data for
2002.  Both CDs contain a file layout description containing the field names, their
type (i.e., number or text) and their length.  Per your prior request, the data on both
CDs are formatted into a delimited text file format.

The CDs are labeled "Highly Confidential" and should be treated as such pursuant to
the Protective Order in effect in this case.  We believe that this completes our
supplemental production in response to your letter to David Burman of April 21,

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

Sean R. Matt
September 14, 2005
Page 2

2005. Please let us know as soon as possible if you need any additional electronic
data from Immunex, as it has been extremely time-consuming to locate, identify, and
produce this data.

Very truly yours,

Kathleen M. O'Sullivan

KMO:ln
Enclosures

cc:    David J. Burman

Exhibit 13



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

SEAN R. MATT
(206) 224-9327
sean@hbsslaw.com

April 21, 2005

*Via Facsimile*

Mr. David J. Burman
Perkins & Coie
1201 Third Avenue, Suite 4000
Seattle, WA 98101

     Re:    <u>In re Pharmaceutical Industry AWP Litigation</u>
            Immunex Transaction Data

Dear David:

    Plaintiffs' experts have reviewed the sales-related financial data that Immunex has produced. The data is incomplete in several respects. Identified below are additional data requests, in addition to a number of related follow-up questions. Plaintiffs request that Immunex provide this information, which is encompassed by earlier discovery requests, within 30 days.

**1.    Direct Sales / Transaction Data**

    a.    We only have transaction-level sales data for Leukine and Novantrone (IAWP 135250 - IAWP 135257 and IAWP 135260 - IAWP 135267). We need complete transactional data for all Subject Drugs, including Thioplex, Methotrexate and Leucovorin Calcium.

    b.    We only have transactional sales data from January, 1995 to June, 2000. To the extent that this does not cover the entire class period, we need complete transactional data for the time span we do not have.

    c.    The transactional data we have received include codes for class of trade, but no description of those codes. Please provide such information for all customers for all drugs.

1534.16 0296 LTR.DOC

Mr. David J. Burman
April 21, 2005
Page 2

    d.  The transactional data we have received contain "NDCs" in a non-standard format, *i.e.*, they are not in the NDC-11 format. If possible, please provide such data for all drugs.

    e.  The transactional data we have received do not appear to contain any records such as returns, discounts, price adjustments or other price offsets. To the extent that such transactions or price offsets are maintained in the Immunex sales or invoice or transaction data, please provide such data for all drugs. Also, please provide information sufficient to identify these types of transactions.

    f.  Regarding the summary spreadsheets we received (IAWP 150900: "97HistorybyNDC.xls", "98HistorybyNDC.xls", "99HistorybyNDC.xls", "2000HistorybyNDC.xls", "2001HistorybyNDC.xls" and "2002HistorybyNDC.xls" (through 3rd quarter)):

- To the extent the class period extends beyond this time period (1997Q1 to 2002Q3), please provide additional summaries.

- Please provide a description of how net sales and ASP are calculated. Include in the description what sort of price offsets, rebates, discounts, etc. are factored into net sales and/or ASP.

## 2.   Indirect Sales / Chargeback Data

    a.  We only have transaction-level chargeback data for Leukine and Novantrone (IAWP 149258). We need complete chargeback data for all Subject Drugs, including Thioplex, Methotrexate and Leucovorin Calcium.

    b.  We only have chargeback data from July, 1995 to October, 2001. To the extent that this does not cover the entire class period, we need complete chargeback data for the time span we do not have.

    c.  The chargeback data we have do not include customer class of trade information. Please provide such information for all customers for all drugs.

## 3.   Rebate and Administrative Fee Data

    a.  *To date, we have received no rebate or administrative fee data.*

    b.  For all drugs (by NDC), for the entire class period, please provide all rebate transactions, including amount, date of rebate, information sufficient to

Mr. David J. Burman
April 21, 2005
Page 3

    identify the type of rebate, information sufficient to identify the customer, and class of trade designations (if any).

  c.  For all drugs (by NDC), for the entire class period, please provide all administrative fee transactions, including amount, date of payment, information sufficient to identify the type of administrative fee (if applicable), information sufficient to identify the customer, and class of trade designations (if any).

## 4.  Free Samples Data

  a.  We only have free samples data for Leukine and Novantrone (IAWP 149255 and IAWP 149256). We need complete free samples data for all Subject Drugs, including Thioplex, Methotrexate and Leucovorin Calcium.

  b.  We have free samples data from November, 1994 to December, 2000. To the extent that this does not cover the entire class period, we need complete free samples data for the time span we do not have.

  c.  The free samples data we have do not indicate the NDC for each drug. Please provide all of the sample data by NDC.

## 5.  Other Discount Data

  a.  For all drugs (by NDC), for the entire class period, please provide any other discounts not reflected in the above (1 through 4), including but not limited to discounts achieved through bundling one product with another.

## 6.  Documentation for All Data

  a.  Include complete documentation for all items above (1 through 5) such as lists of fields, descriptions of information contained in those fields (e.g. field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Mr. David J. Burman
April 21, 2005
Page 4


     Thank you for your attention to these data issues, and please call if you have any questions.

                       Sincerely,

                       Sean R. Matt


cc:    Steve W. Berman, Esq.

Exhibit 14



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br><br>**CIVIL ACTION: 01-CV-12257-PBS**<br><br>**Judge Patti B. Saris**<br><br><u>**FILED UNDER SEAL**</u> |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS** | |

<u>**NOTICE OF RULE 30(b)(6) DEPOSITION**</u>

TO:    ALL COUNSEL ON ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiffs shall take the deposition upon oral examination of a representative of each Defendant in this action who is knowledgeable regarding the matters designated on Exhibit "A", attached.  These depositions will being taken pursuant to Federal Rule of Civil Procedure 30(b)(6) and will be recorded by stenographic and/or sound and visual means.   The depositions will be take place as follows:

| Deponent | Date and Time | Location |
|---|---|---|
| Abbott | 10:00 a.m. July 8, 2003 | The Wexler Firm<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL 60602 |
| Astra Zeneca | 10:00 a.m. July 8, 2003 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Baxter | 10:00 a.m. July 9, 2003 | The Wexler Firm<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL 60602 |



Bristol Myers Squibb 10:00 a.m. July 8, 2003     Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Immunex     10:00 a.m. July 9, 2003     Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Schering Plough     10:00 a.m. July 9, 2003     Spector, Roseman & Kodroff
1818 Market St., Ste 2500
Philadelphia, PA 19103

You are invited to attend and participate.

Dated: June 17, 2003

                         _____
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Tom Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

CHAIRS OF LEAD COUNSEL COMMITTEE



Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901


Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602


MEMBERS OF LEAD COUNSEL COMMITTEE
AND EXECUTIVE COMMITTEE



## EXHIBIT "A"

<u>INSTRUCTIONS</u>

All of the definitions from Plaintiffs' First Requests For Production of Documents Directed to All Defendants are incorporated herein by reference.

"AWPID" refers to all of the drugs identified in Exhibit A of the proposed Amended Master Consolidated Class Action Complaint.

"Spread" refers to the difference between AWP or any price upon which reimbursement for a drug is based, on the one hand, and the actual or net price paid for a drug on the other hand.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1991 through the present.

<u>AREAS OF INQUIRY</u>

1.      The identity of all of Your drugs for which an AWP has been stated.

2.      The process by which You establish, state, change or are otherwise directly or indirectly involved in setting  the AWP, List Price, WAC, Average Wholesale Price, actual sales price, contract price or any other price for each of Your AWPIDs, and the names or job titles of all personnel involved in said process.

3.      Your policies or practices concerning the calculation, determination, dissemination, communication or publication of the AWP, List Price, WAC, or any other price for all of Your drugs.

4.      The process by which You decide to offer any type of discount, rebate,



incentive or penalty in connection with the purchase of any AWPID, and the names or job titles of all personnel involved in said process.

5.    The identity of all management personnel or management committees responsible for directing, overseeing or coordinating any of the activities referenced in items 2, 3 and 4, above.

6.    The identity and nature of any regularly created documents which report, review, comment upon or analyze any price stated or charged for any of Your AWPIDs.

7.    The method by which You calculate or determine the average sales price for Your AWPIDs, including any determination or rendering of actual transaction costs and/or revenues at any level of the distribution or processing chains.

8.    The  method by which You calculate or determine the net profit for each of Your AWPIDs.

9.    The identity and nature of any regularly created documents which report, review, comment upon or analyze the profit from any of Your AWPIDs.

10.    The identity and nature of any regularly created documents which report, review, comment upon or analyze the average sales price, or actual sales prices for any of Your AWPIDs.

11.    The nature of  Your electronic data or computer databases which relate directly or indirectly to either: (i) the amount of sales, sales prices, discounts or average sales prices for all of Your AWPIDs, and/or (ii) sales and marketing efforts and/or results.



12.     The nature of all computer and e-mail systems or networks used by You for internal communications among Your various offices, departments, sub-divisions and employees and the availability of the electronic data created and/or stored on such systems or networks.

13.     The nature of Your documents discussing, analyzing or marketing the Spread on any of Your drugs.

14.     The nature of Your efforts to market, promote or tout the Spread on any of Your drugs, and the names or job titles of all personnel involved in said efforts.

15.     The nature of all documents comparing any price, rebate or incentive for any of Your drugs with any price, rebate or incentive offered for a competing drug.

16.     Any information related to any contention by You that the government had knowledge of any pharmaceutical manufacturer's practices and methodologies for setting the AWP for any drug, without regard to time period.

17.     The nature of all communications and agreements between You and any PBM, and the names or job titles of all personnel involved in communicating with PBMs or managing or overseeing Your relationships with PBMs.

18.     The nature of all communications and agreements between You and any other pharmaceutical manufacturer regarding AWP, WAC, drug pricing, reimbursement, discounts, rebates, incentives to customers or volume of sales, and the names or job titles of all personnel involved in communicating with other pharmaceutical manufacturers or managing or overseeing Your relationships with other pharmaceutical manufacturers.



19.     If applicable, the process by which You decided to join the Together Rx, LLC, and the identities or job titles of all personnel involved in said process or the decision for You to join the Together Rx, LLC.

20.     If applicable, the process by which You decided the amount of the discount You would offer for each drug covered by the Together card, and the identities or job titles of all personnel involved in said process or decisions.

21.     If applicable, Your participation or involvement at meetings or discussions with other defendants relating to the Together Card.

22.     The nature and status of any Government Investigation concerning You or any of Your drugs, including your response to any request for information in connection with any Government investigation and the identities or job titles of all personnel involved with any Government Investigation.

23.     Your distribution channels and methods and strategies for distributing each of Your AWPIDs.

24.     The amount of free samples of each of Your AWPIDs and all of your policies, procedures or programs concerning the distribution of free samples or encouraging customers to bill for free samples.

25.     Your document and e-mail retention or destruction policies, and the steps you have taken to preserve documents since this litigation began.

Exhibit 15





HAGENS BERMAN LLP
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

July 3, 2003

*Via Verilaw*

All Defense Counsel

     Re:    In re: Pharmaceutical Industry Average Wholesale Price Litigation
            MDL No. 1456
            Re:  30(b)(6) Depositions

Dear Counsel:

    We have been asked regarding our intentions with respect to 30(b)(6) depositions noted for next week.  The noting dates were suggested dates and we intended that a date would be negotiated and set by agreement.  Further, to the extent some defendants believe they are not subject to discovery, we will hold these notices in abeyance until there is clarification from the Court as to the scope of discovery.

                Sincerely,

                Steve W. Berman

SWB:dls

1534.16 0017 LTR.DOC

Exhibit 16





HAGENS BERMAN LLP
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

April 2, 2004

*Via Verilaw*

Re:   In re AWP Litigation
      MDL 1456

Dear Counsel:

Pursuant to CMO No. 10 and Fed. R. Civ. P. 30(b)(6), we have issued 30(b)(6) notices to many of the defendants. Pursuant to CMO No. 10, you must produce a responsive witness within 45 days.

We are agreeable to discuss dates and places for these depositions, but we will not accept dates outside the date noted.

Your contact point for scheduling purposes is:

| | |
|---|---|
| Abbott | Beth Hartweg/Wexler |
| Amgen | Tom Sobol/Hagens Berman |
| Baxter | Sean Matt/Hagens Berman |
| Boehringer | Ken Wexler/Wexler |
| Dey | Brian Williams/Hein Mills |
| Aventis | Brian Williams/Hein Mills |
| Immunex | Sean Matt/Hagens Berman |
| Novartis | Jeffrey Kodroff/Kodroff |
| Johnson & Johnson | John Marcetta/Kodroff |
| Fujisawa | Jeffrey Kodroff/Kodroff |

1534.16 0090 LTR.DOC



Mr. D. Scott Wise
April 2, 2004
Page 2


Pfizer                     Tom Sobol/Hagens Berman

BMS                        Steve Berman/Hagens Berman

Pharmacia                  Beth Hartweg/Wexler

Watson                     Jeffrey Kodroff/Kodroff

AstraZeneca                Ken Wexler/Wexler

Schering Plough            Steve Berman/Hagens Berman


                    Sincerely,


                    Steve W. Berman

SWB:taw



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

## AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION

TO:    ALL COUNSEL ON ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiffs shall take the

deposition upon oral examination of a representative of each Defendant in this action who is

knowledgeable regarding the matters designated on Exhibit "A," attached.  These depositions

will being taken pursuant to Federal Rule of Civil Procedure 30(b)(6) and will be recorded by

stenographic and/or sound and visual means.  The depositions will be take place as follows:

| Deponent | Date and Time | | Location |
|---|---|---|---|
| Abbott | 10:00 a.m. | Within 45 days or on May 10, 2004 | The Wexler Firm LLP One N. LaSalle Street, Suite 2000 Chicago, IL  60602 |
| Astra Zeneca | 10:00 a.m. | Within 45 days or on May 11, 2004 | The Wexler Firm LLP One N. LaSalle Street, Suite 2000 Chicago, IL  60602 |



| | | | |
|---|---|---|---|
| Amgen | 10:00 a.m. | Within 45 days or on May 12,2004 | Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Bristol Myers Squibb | 10:00 a.m. | Within 45 days or on May 12,2004[1] | Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Baxter | 10:00 a.m. | Within 45 days or on May 14, 2004 | Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Immunex | 10:00 a.m. | Within 45 days or on May 17, 2004 | Hagens Berman LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |
| Schering Plough | 10:00 a.m. | Within 45 days or on May 17, 2004 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Aventis | 10:00 a.m. | Within 45 days or on May 17,2004 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Dey | 10:00 a.m. | Within 45 days or on May 18, 2004 | Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Fujisawa | 10:00 a.m. | Within 45 days or on May 18, 2004 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Pharmacia | 10:00 a.m. | Within 45 days or on May 18, 2004 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Watson | 10:00 a.m. | Within 45 days or on May 12, 2004 | Spector, Roseman & Kodroff<br>1818 Market St., Ste 2500<br>Philadelphia, PA 19103 |
| Novartis | 10:00 a.m. | Within 45 days or on May 12, 2004 | Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Boehringer | 10:00 a.m. | Within 45 days or on May 12, 2004 | The Wexler Firm LLP<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL  60602 |

---

[1] To the extent not covered by prior deposition.

AMENDED NOTICE OF                         - 2 -
RULE 30(B)(6) DEPOSITION
1534.16 0043 DSC.DOC



| | | | |
|---|---|---|---|
| Johnson & Johnson | 10:00 a.m. | Within 45 days or on May 19, 2004 | Spector, Roseman & Kodroff 1818 Market St., Ste 2500 Philadelphia, PA 19103 |
| Pfizer | 10:00 a.m. | Within 45 days or on May 19, 2004 | Hagens Berman LLP 225 Franklin Street, 26th Floor Boston, MA 02110 |

You are invited to attend and participate.

DATED:  April 1, 2004

By__Steve W. Berman, signature on file__
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

AMENDED NOTICE OF                    - 3 -
RULE 30(B)(6) DEPOSITION
1534.16 0043 DSC.DOC



Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900
**MEMBERS OF EXECUTIVE
COMMITTEE**



Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street
Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139



Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street,
Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044



Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098
**ADDITIONAL ATTORNEYS FOR
PLAINTIFFS**



## EXHIBIT "A"

<u>INSTRUCTIONS</u>

All of the definitions from Plaintiffs' Omnibus Requests For Production of Documents Directed to All Defendants are incorporated herein by reference.

"AWPID" refers to all of the drugs identified Appendix A to the AMCC.

"Spread" refers to the difference between AWP or any price upon which reimbursement for a drug is based, on the one hand, and the actual or net price paid for a drug on the other hand.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1991 through the present.

<u>AREAS OF INQUIRY</u>

1.      The identity of documents describing the process by which You establish, state, change or are otherwise directly or indirectly involved in setting the AWP, List Price, WAC, Average Sales Price ("ASP"), actual sales price, contract price or any other price for each of Your AWPIDs, and the names or job titles of all personnel involved in said process.

2.      The identity of documents describing Your policies or practices concerning the calculation, determination, dissemination, communication or publication of the AWP, List Price, WAC, or any other price for all of Your drugs.

3.      The identity of documents containing any definition of AWP, ASP, List Price of WAC.

4.      The identity of documents describing the process by which You decide to offer any type of discount, rebate, incentive or penalty in connection with the purchase of any AWPID, and the names or job titles of all personnel involved in said process.



5.     The identity of documents identifying all management personnel or management committees responsible for directing, overseeing or coordinating any of the activities referenced in items 1, 2 and 3 above.

6.     The identity and nature of any regularly created documents which report, review, comment upon or analyze any price stated or charged for any of Your AWPIDs.

7.     The identity and nature of documents describing the method by which You calculate or determine the average sales price for Your AWPIDs, including any determination or rendering of actual transaction costs and/or revenues at any level of the distribution or processing chains.

8.     The identity and nature of any regularly created documents which report, review, comment upon or analyze the profit from any of Your AWPIDs.

9.     The identity and nature of any regularly created documents which report, review, comment upon or analyze the average sales price, or actual sales prices for any of Your AWPIDs.

10.    The nature of Your electronic data or computer databases which relate directly or indirectly to either:  (i) the amount of sales, sales prices, discounts or average sales prices for all of Your AWPIDs, and/or (ii) sales and marketing efforts and/or results.

11.    The nature of all computer and e-mail systems or networks used by You for internal communications among Your various offices, departments, sub-divisions and employees and the availability of the electronic data created and/or stored on such systems or networks.

12.    The nature of Your documents discussing, analyzing or marketing the Spread on any of Your drugs.

AMENDED NOTICE OF                         - 9 -
RULE 30(B)(6) DEPOSITION
1534.16 0043 DSC.DOC



13.     The location of or identity of documents relating to the nature of Your efforts to market, promote or tout the Spread on any of Your drugs, and the names or job titles of all personnel involved in said efforts.

14.     The nature of all documents comparing any price, rebate or incentive for any of Your drugs with any price, rebate or incentive offered for a competing drug.

15.     Any information related to any contention by You that the government had knowledge of any pharmaceutical manufacturer's practices and methodologies for setting the AWP for any drug, without regard to time period.

16.     The identity of documents regarding communications and agreements between You and any PBM.

17.     The identity of documents regarding communications between You and any other pharmaceutical manufacturer regarding:  (a) definitions of AWP, ASP, List Price of WAC: (b) calculation, determination, dissemination, communication or publication of AWP, List Price, WAC or any other price; and (c) rebates, chargebacks, free samples or any other marketing practice that an pharmaceutical manufactures contended was inappropriate, illegal, unethical, fraudulent, or otherwise should be ceased.

18.     The identity and nature of documents relating to any Government Investigation concerning You or any of Your drugs, including your response to any request for information in connection with any Government investigation and the identities or job titles of all personnel involved with any Government Investigation.

19.     The identity of documentation describing Your distribution channels and methods and strategies for distributing each of Your AWPIDs.



20.    Your document and e-mail retention or destruction policies, and the steps you

have taken to preserve documents since this litigation began.

AMENDED NOTICE OF
RULE 30(B)(6) DEPOSITION
1534.16 0043 DSC.DOC



## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT-SPECIFIC MEMORANDA RELATED TO PROPOSED CASE MANAGEMENT ORDER NO. 10 to be served on all counsel of record electronically on 4\2_____, 2004, pursuant to Section D of Case Management Order No. 2.

Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

Exhibit 17

# Perkins Coie

David J. Burman
PHONE: 206.359.8426
FAX: 206.359.9426
EMAIL: DBurman@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

May 17, 2004

Sean Matt
Hagens Berman LLP
1301 Fifth Avenue
Suite 2929
Seattle, WA 98101

Re:    **Pharmaceutical Industry Average Wholesale Price Litigation
        30(b)(6) Deposition of Defendant Immunex Corporation**

Dear Sean:

We are responding on behalf of Immunex to Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition.

The Amended Notice designates twenty areas of inquiry that encompass a wide-range of financial and operational aspects of Immunex's business, for a thirteen year time period. Some of the terms in the areas of inquiry are vague or ambiguous; others appear to seek legal conclusions; and many could be read to seek a level of detail that is frankly beyond the capacity of mere mortals, especially in light of Immunex's situation. To clarify our position in advance of the deposition, enclosed with this letter are Immunex's Objections to the Amended Notice, specifying these and other objections.

Immunex has designated three witnesses to testify, subject to Immunex's Objections. Michael Ambielli is the former Senior Director of Commercial Operations for Immunex, and will offer testimony for Areas of Inquiry other than Nos. 7-9 and 20. Kendall Stever is the former Controller for Immunex, and will provide testimony regarding finance and pricing identified in Areas of Inquiry Nos. 1-3, and 6 – 10. Tim Westhoff is the former records manager, and will testify regarding Immunex's practices and policies for document retention, reflected in Area of Inquiry No. 20.

We believe the deposition can comfortably be completed in two days. Mr. Ambielli is available on May 25, and Mr. Stever and Mr. Westhoff are available May 26.

Sincerely,

David J. Burman

[06735-0051/SL041130.149]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP (Perkins Coie LLC in Illinois)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | NO. MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

**IMMUNEX CORPORATION'S OBJECTIONS TO PLAINTIFFS'
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION**

Defendant Immunex Corporation ("Immunex") hereby objects to Plaintiffs' Instructions and Areas of Inquiry as identified below.

1.      On May 13, 2004, Immunex served its Objections and Responses to Plaintiffs Omnibus Requests for Production of Documents Directed to All Defendants (the "Omnibus Requests").  Immunex incorporates its General Objections to the Omnibus Requests as if fully set forth here.

2.      The Areas of Inquiry designated by plaintiffs are the equivalent of interrogatories and are objectionable as an attempt to circumvent limits on the number and scope of interrogatories.  Plaintiffs may not shift to Immunex the burden of reviewing documents and distilling information from them.  It is improper to attempt to bind Immunex to human memories in light of the level of detailed and often technical knowledge apparently sought by the Areas of Inquiry.  Immunex will respond to appropriate interrogatories in Areas 11 and 20.

[06735-0051/SL041120.194]                                                                                    05/17/04

3.     The areas of inquiry seek to invade the attorney-client privilege and work product doctrine by seeking to identify specific documents that support or relate to specific legal issues.

4.     Immunex is no longer selling or marketing any of the products identified in the AMCC as Immunex products:  Leukine®, Novantrone®, Thioplex (thiotepa), leucovorin calcium, and methotrexate sodium.  (As alleged in the AMCC, Enbrel® has become an Amgen product, and the Immunex witnesses will not address that product.)  Those most knowledgeable about plaintiffs' Areas of Inquiry are no longer employed by Immunex.  Immunex has produced to plaintiffs over 100 boxes of documents, most over a year ago, and plaintiffs can review and have reviewed those documents.  It is not reasonable for Immunex to arrange former employees to review the huge volume of Immunex documents to search for references to specific topics selected by plaintiffs and to identify individual documents.  Immunex will provide available witnesses knowledgeable as to Immunex's common procedures, practices, and reports in the Areas of Inquiry, but will not search for isolated incidents or references or for specific documents.

5.     Many of the plaintiffs' definitions and Areas of Inquiry are phrased in slanted fashion, and provision of a witness is not an acceptance of such phrasing.

DATED:  May 17, 2004.

By_____

David P. Burman, WSBA #10611
Kathleen M. O'Sullivan, WSBA #27850
Zoe Philippides, WSBA #30532
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  (206) 359-8000
Fax:     (206) 359-9000

# CERTIFICATE OF SERVICE

On May 17, 2004, I caused to be served upon counsel of record, at the address stated

below, via the method of service indicated, a true and correct copy of the following documents:

> Immunex Corporation's Objections to Plaintiffs' Amended Notice of
> Rule 30(b)(6) Deposition

<div style="margin-left:40%">

__ Via hand delivery
**X** Via U.S. Mail, 1st Class,
Postage Prepaid
__ Via Overnight Delivery
__ Via Facsimile
__ Via E-filing

</div>

I certify under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

DATED at Seattle, Washington, this _17th_ day of _May_, 2004.

By _____
David J. Burman, WSBA #10611
Kathleen M. O'Sullivan, WSBA #27850
Zoe Philippides, WSBA #30532
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax:    (206) 359-9000

- 3 -