Exhibit 22

## O'Sullivan, Kathleen M. (Perkins Coie)

**From:** O'Sullivan, Kathleen M. (Perkins Coie)
**Sent:** Tuesday, February 21, 2006 6:05 PM
**To:** 'Sean Matt'
**Subject:** RE: Sigrid Schreiner-Keller

Sean,

Although Immunex -- respectfully -- disagrees with plaintiffs' position that (a) discovery of all Track 2 defendants is open at this time and (b) the five recently noticed Immunex witnesses have knowledge relevant to the cases filed by the States of Montana and Nevada, Immunex has agreed to withdraw its objections to these five depositions going forward. We reserve the right to reassert our objections to these depositions having any effect in the class case in the event that Judge Saris rules/confirms that discovery ended for certain Track 2 defendants/Immunex prior to your noting of these deps.

As I mentioned to you on the phone today, we are not likely to know as of tomorrow whether we can represent all of these witnesses (and thus accept service of the subpoenas on their behalf). We are in the process of contacting these individuals, who are located around the country and all of whom ended their employment for Immunex several years ago. As with the other witnesses, I will let you know the witnesses' availability as soon as I learn it.

Katie

> -----Original Message-----
> **From:** Sean Matt [mailto:Sean@hbsslaw.com]
> **Sent:** Thursday, February 16, 2006 3:58 PM
> **To:** O'Sullivan, Kathleen M. (Perkins Coie)
> **Cc:** Jeniphr Breckenridge
> **Subject:** RE: Sigrid Schreiner-Keller
>
> Katie:
>
> 1. Is Immunex's final position that discovery is closed as to it in the class case except for discovery noted prior to Dec 3?
>
> 2. Judge Saris's order setting the discovery cutoff of March 31 in MT and NV does not differentiate between discovery by plaintiffs vs. defendants. This is clear. And, as you know, all discussions on the topic leading up to the various parties' submissions always contemplated a two-way street. Nonetheless, is Immunex's position that discovery in the state cases is only one way, that is defendants get discovery of the states and the states do not get any further discovery from the defendants?
>
> 3. Please be aware that we will file motions on these issues, to the extent that they are necessary, directly with Judge Saris since they are related to the case schedule.
>
> 4. The witnesses noticed all have knowledge relevant to Montana and Nevada. For example, Mr. Bentancourt's executive position means that he set sales policy for the entire company's operations. Another example is Joyce Golden: her knowledge of the sales force database likely includes knowledge regarding sales operations in Nevada and Montana. Mr. Miller had sales management responsibility for Montana as well as other Northwestern states. Mr. Preberowsky was Director of Chain Relations -- a

position of national responsibility that would include operations in MT and NV.  The same can likely be said for Mr. Frande, who we understand was a National Account Manager for physician network groups.

5.  In light of our additional explanations, please advise whether Immunex will continue to object to these subpoenas.

6.  Please take a couple of more days to find out whether you authorized to accept service of the subpoenas.  I would be grateful if you could get back to us by Wednesday.

Thanks.

Sean.

---

**From:** O'Sullivan, Kathleen M. (Perkins Coie) [mailto:KOSullivan@perkinscoie.com]
**Sent:** Thursday, February 16, 2006 10:16 AM
**To:** Sean Matt
**Subject:** RE: Sigrid Schreiner-Keller

Sean,

Thank you for reconsidering if Feb. 27 works.

On the issue of Track 2 discovery, this is a subject that you and Dave Burman discussed by email back in late November.  In CMO 16, Judge Saris denied the parties' cross-motions to modify the Track 2 schedule.  (And, I know from your prior emails that plaintiffs' interpretation of CMO 16 is exactly the opposite -- that this order permits additional Track 2 discovery).  Immunex even submitted its own filing on Dec. 9, 2005, explaining to the Court why any further extension of the Track 2 discovery schedule -- if applicable to certain defendants for their own reasons -- should not apply to Immunex.

On the issue of discovery in the Montana and Nevada cases, it is true that Judge Saris granted an extension of the discovery cut-off until March 31 (the purpose of which, as made clear in our motion, was to complete discovery of the states).  Even if the extension also applies to discovery of defendants, what is the connection of these five former Immunex employees to Montana or Nevada?

If we were required to go ahead with the five depositions you noted up last week, I can say that we haven't been in contact with these people for years, so I may not be able to answer by tomorrow whether Immunex can accept service of the subpoenas on behalf of these witnesses.

Katie

> -----Original Message-----
> **From:** Sean Matt [mailto:Sean@hbsslaw.com]
> **Sent:** Wednesday, February 15, 2006 7:31 AM
> **To:** O'Sullivan, Kathleen M. (Perkins Coie)
> **Subject:** RE: Sigrid Schreiner-Keller

Let me think about Sigrid for the 27th and get back to you.

With regard to the remaining deposition notices, I am surprised that you are surprised.  First, Track 2 discovery is <u>not</u> over; Judge Saris made it clear that she has permitted it to extend beyond Dec 3 and is still evaluating when the cutoff date will be.  Discovery continues in the class case.  Second, discovery continues in the

state cases until March 31 (as defendants sought), and those subpoenas were served in all cases. In light of this, we ask that you reconsider your position and answer the following questions by Friday:

1. Are you refusing to accept service of the subpoenas? If so, we need to get them served independently right away.

2. If you are accepting service of the subpoenas on behalf of each witness, will you withdraw the below objection? Again, discovery is not over.

Please advise by Friday so that we know whether we need to prepare motions to compel.

---

**From:** O'Sullivan, Kathleen M. (Perkins Coie) [mailto:KOSullivan@perkinscoie.com]
**Sent:** Tuesday, February 14, 2006 10:49 AM
**To:** Sean Matt
**Subject:** RE: Sigrid Schreiner-Keller

Sean:

I just heard today that Sigrid is available on Monday, Feb. 27 after 2 pm. That date also works for me and our client. I am checking as to whether the change in your schedule works for Sigrid; I know it does not work for our client. Next week is worse for me, and Dave is out all next week. I am available Thurs. Feb. 23 (but trying to schedule a Montana deposition for that date) and possibly Wed. Feb. 22.

Is there any chance that Monday, Feb. 27 would still work for you?

As to the "other recent deponents," we were very surprised to receive a deposition notice for five former Immunex employees last week. Immunex objects to those as untimely. You have been aware of the existence of those witnesses for years, from documents that Immunex first made available to you in December 2002 pursuant to CMO 5. Plaintiffs' Amended Master Consolidated Class Action Complaint, filed in June 2003, cited documents relating to some of these witnesses, so we know that you reviewed those documents and were aware of these witnesses years ago. Based on your review of the documents, you should have been aware of the others years ago too. There is no question that plaintiffs had sufficient time and information to note up these Immunex-related depositions prior to the December 3, 2005 discovery cut-off. In response to your first Rule 30(b)(6) deposition notice to Immunex from April 2004, we offered and made available to you three Immunex witnesses (including Mike Ambielli) in the spring of 2004, but you cancelled those deps, and chose not to begin taking any Immunex deps until September 2005. At Mike Ambielli's 30(b)(6) dep in September 2005, he mentioned most of the "recent deponents," so if you had really wanted us to track down these former employees -- who are located across the country -- you should have done so prior to the December 3, 2005 discovery cut-off.

We had been working with you in good faith to accommodate your November 7, 2005, dep notice for five other former Immunex employees (two of which remain to be completed), but Dave Burman made it very clear to you that we were allowing these five deps to take place beyond the December 2005 cut-off in order to accommodate the schedule of the witnesses. We agreed to this informal extension of the discovery schedule only as to those witnesses noted prior to the discovery cut-off, not as an open-ended extension of Immunex discovery.

Katie

          -----Original Message-----
          **From:** Sean Matt [mailto:Sean@hbsslaw.com]

**Sent:** Monday, February 13, 2006 4:18 PM
**To:** O'Sullivan, Kathleen M. (Perkins Coie)
**Subject:** RE: Sigrid Schreiner-Keller

I am here next week, out the following week and then back in Seattle for the
weeks of March 6 and 13. So, please let us know what works, including for
the most recent deponents (Bettancourt, et al.). Thanks.

---

**From:** O'Sullivan, Kathleen M. (Perkins Coie) [mailto:KOSullivan@perkinscoie.com]
**Sent:** Friday, February 10, 2006 6:05 PM
**To:** Sean Matt
**Subject:** Re: Sigrid Schreiner-Keller

OK. Keep me posted.

-----Original Message-----
From: Sean Matt
To: O'Sullivan, Kathleen M.  (Perkins Coie)
Sent: Fri Feb 10 18:01:06 2006
Subject: RE: Sigrid Schreiner-Keller

Hi Katie: I've had your mail in my in-box as a reminder to follow up with you. The delay is due to
uncertainty surrounding my travel schedule. It now appears as though I will be in Seattle the week of
Feb 21 (a change) but on the East Coast the following week. I am expecting my schedule to firm-up
on Monday, and then I'll give you a call. Thanks. Sean.

---

From: O'Sullivan, Kathleen M. (Perkins Coie) [mailto:KOSullivan@perkinscoie.com]
Sent: Friday, February 10, 2006 5:22 PM
To: Sean Matt
Subject: Sigrid Schreiner-Keller

Sean,

I left you a voicemail last week saying that Sigrid would not be available the dates you suggested for a
dep this week or next, and I knew from our call that you would be out on another case the week of Feb.
20.

I also asked whether you would be available Feb. 27, 28 or Mar. 1 for her dep. Are you available
then? I believe she is available those days, though I am not 100% certain and I have been trying to
confirm that.

Katie O'Sullivan
Perkins Coie LLP
(206) 359-6375 (tel)
(206) 359-7375 (fax)
Kosullivan@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and
any attachments without copying or disclosing the contents. Thank you.

Exhibit 23



May 17 2006
5:41PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the depositions of the following persons on the date and time indicated. The depositions will be recorded by stenographic and/or sound and visual means and will take place at the location indicated.

| Deponent | Location | Date/Time |
|---|---|---|
| Marc Wells | Hagens Berman Sobol Shapiro LLP 1301 5th Avenue, Suite 2900 Seattle, WA 98101 | June 7, 2006 at 9:30 a.m. |
| R.J. Myer | Hagens Berman Sobol Shapiro LLP 1301 5th Avenue, Suite 2900 Seattle, WA 98101 | June 8, 2006 at 9:30 a.m. |
| Raul Serrano | Hagens Berman Sobol Shapiro LLP 1301 5th Avenue, Suite 2900 Seattle, WA 98101 | June 9, 2006 at 9:30 a.m. |
| Lisa Johnson | Hagens Berman Sobol Shapiro LLP 1301 5th Avenue, Suite 2900 Seattle, WA 98101 | June 12, 2006 at 9:30 a.m. |
| Jack Joseph | Hagens Berman Sobol Shapiro LLP 1301 5th Avenue, Suite 2900 Seattle, WA 98101 | June 13, 2006 at 9:30 a.m. |

001534-16  109889 V1

Pursuant to Fed. R. Civ. P. 30(b)(5), the witness is commanded to produce and permit for inspection and copying the documents specified in the attached Schedule A. *See also Carter v. United States*, 164 F.R.D. 131 (D. Mass. 1995).

You are invited to attend and participate.

DATED:  May 17, 2006.              By___ /s/ Sean R. Matt_____
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                      Hagens Berman Sobol Shapiro LLP
                                      One Main Street, 4th Floor
                                      Cambridge, MA  02142
                                      Telephone: (617) 482-3700
                                      Facsimile: (617) 482-3003

                                      **LIAISON COUNSEL**

                                      Steve W. Berman
                                      Sean R. Matt
                                      Robert F. Lopez
                                      Hagens Berman Sobol Shapiro LLP
                                      1301 Fifth Avenue, Suite 2900
                                      Seattle, WA  98101
                                      Telephone: (206) 623-7292
                                      Facsimile: (206) 623-0594

                                      Elizabeth Fegan
                                      Hagens Berman Sobol Shapiro LLP
                                      60 W. Randolph Street, Suite 200
                                      Chicago, IL  60601
                                      Telephone: (312) 762-9235
                                      Facsimile: (312) 762-9286

                                      Eugene A. Spector
                                      Jeffrey Kodroff
                                      Spector, Roseman & Kodroff, P.C.
                                      1818 Market Street, Suite 2500
                                      Philadelphia, PA  19103
                                      Telephone: (215) 496-0300
                                      Facsimile: (215) 496-6611

001534-16  109889 V1

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 3 -

# SCHEDULE A

## A.  DEFINITIONS

1.     "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.     "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of

- 4 -

Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.   "You" or "Your" means the deponent to whom this notice is directed (*e.g.,* Marc Wells, *et al.*).

4.   "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

5.   "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

6.   "Spread" or "Margin" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

7.   "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

8.   "Provider" means any physician or entity that provides health care to any patient or any buying group acting on behalf of providers.

**B.   RULES OF CONSTRUCTION**

1.   All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.   And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.   The use of the singular form of any word shall include the plural and vice versa.

- 5 -

(b)     The name of the recipient of the document;

(c)     The names of the persons to whom copies were sent;

(d)     The job title of every individual named in (a), (b), and (c) above;

(e)     The date the document was created, sent, and received;

(f)     The location of the document;

(g)     The custodian of the document;

(h)     A brief description of the nature and subject matter of the document; and

(i)     A statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## D.      RELEVANT TIME PERIOD

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1991 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

## E.      DOCUMENTS TO BE PRODUCED

1.      All documents, such as reports or notes, relating to, or memorializing, any sales calls you made with respect to any Immunex Corporation drug(s) or biologic agent(s), whether the documents were created by you for your manager or other supervisory personnel, or created by you for your own professional or personal use.

2.      All documents that compare, or refer to the comparison of, the AWP for any drug(s) or biologic agent(s) on the one hand with the provider net cost or provider actual cost for

- 7 -

any drug(s) or biologic agent(s) on the other hand, whether the referenced drug(s) or biologic agent(s) is/are manufactured or sold by Immunex Corporation or any other company.

3.      All documents that constitute, contain, or refer to any economic analysis or profitability analysis concerning any drug(s) or biologic agent(s), which documents explicitly or implicitly refer to, or show, spread or margin (as those terms are defined herein) with regard to any drug(s) or biologic agent(s), whether the referenced drug(s) or biologic agent(s) were manufactured or sold by Immunex Corporation or any other company.

4.      All documents, copies of which you gave to any provider, that show or set forth the AWP or AWPs for any drug(s) or biologic agent(s), whether the referenced drug(s) or biologic agent(s) was/were manufactured by Immunex Corporation or any other company, and

5.      All documents reflecting a discussion between you and any provider regarding or referencing the AWP or AWPs for any drug(s) or biologic agent(s), whether the referenced drug(s) or biologic agent(s) was/were manufactured by Immunex Corporation or any other company.

6.      All training materials, and all materials given to you at any sales or marketing meetings, that refer to the profitability to any provider relative to any drug(s) or biologic(s), or the spread or margin (as those terms are defined herein) for any drug(s) or biologic(s), whether the referenced drug(s) or biologic(s) was/were manufactured by Immunex Corporation or any other company.

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert F. Lopez, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITIONS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 17, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties

By_____/s/ **Robert F. Lopez**_____
　　Robert F. Lopez
　　**HAGENS BERMAN SOBOL SHAPIRO LLP**
　　1301 Fifth Avenue, Suite 2900
　　Seattle, WA 98101
　　(206) 623-7292

- 9 -

001534-16  109889 V1

Exhibit 24



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
IN RE PHARMACEUTICAL INDUSTRY       )      MDL NO. 1456
AVERAGE WHOLESALE PRICE             )      CIVIL ACTION NO.
LITIGATION                          )      01-12257-PBS
                                    )
```

## CASE MANAGEMENT ORDER NO. 10

March 25, 2004

Saris, U.S.D.J.

### I.   PHASING OF DISCOVERY

1.   Discovery shall be permissible with respect to all
parties, claims and issues not dismissed under the February 24,
2004 Memorandum and Order.   Discovery, motion practice and trial
shall occur in two phases.

2.   Phase 1 shall consist of a "fast track" in which five
Defendants will litigate all phases of the case through summary
judgment.   The cases against those five companies shall proceed
on the Phase 1 schedule set below.   Phase 2 shall consist of a
"regular track."

3.   The case is referred to Chief Magistrate Judge Bowler
for case management and all non-dispositive matters.

### II. ADDITIONAL DISCOVERY RULES

1.   To the extent they have not done so, all Defendants are
directed to supplement their document productions under the order
of this Court dated October 28, 2002 (relating to production of



documents produced to governmental bodies concerning AWP matters) by producing all documents relating to any drugs in Appendix A to the AMCC, and all non-privileged documents relating to any drugs, produced by any Defendant in response to recent subpoenas issued by the House Energy and Commerce Committee, or any other governmental body.   Defendants shall make these documents available to counsel for the Plaintiffs for inspection and photocopying within 30 days.

  2.   The identification of a drug on the Phase 1 list includes all NDC's for that drug, including NDC's not in the AMCC.

  3.   Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, usable electronic format.   If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the matters.

  4.   A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request.   Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred.   Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.



5.   Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.   There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege.   No stamps of "confidential" or the like shall be on the text of a document.   All documents shall be produced in their original size.

6.   Each Defendant shall produce 30(b)(6) witnesses within 45 days of such a request.

7.   A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.   A responding party may suggest an alternative date no later than seven more working days from the original notice.   The parties shall confer in good faith.   Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

8.   No deposition of a witness by a deposing party shall be longer than twenty-one hours unless agreed by the parties or permitted by court order.   The non-deposing party shall have seven hours for cross-examination.   There shall be two hours for re-direct and two hours for re-cross.

3



### III.   PHASE 1 SCHEDULE

The following five companies from the AMCC are subject to the Phase I fast track: AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick).

The schedule shall be as follows for Phase I:

1.   Plaintiffs' Motion for Class Certification on Phase 1 shall be filed by September 3, 2004.

2.   Plaintiffs' Disclosure of Expert Reports in Support of Motion for Class Certification filed by September 3, 2004.

3.   Discovery of Plaintiffs' Experts on Class Certification completed by October 4, 2004.

4.   Defendants' Opposition to class certification to be filed by October 25, 2004, along with any expert reports.

5.   Discovery of Defendants' experts completed by November 23, 2004.

6.   Plaintiffs' Reply on Class Certification filed by December 1, 2004.

7.   Any surreply shall be filed by December 8, 2004.

8.   Hearing on Class Certification on December 17, 2004 at 2:00 p.m.

9.   Close of Phase 1 Fact Discovery on January 30, 2005.



10.   Plaintiffs serve liability expert reports on January 31, 2005.

11.   Defendants serve expert reports on liability on February 28, 2005.

12.   Close of Expert Discovery on March 30, 2005.

13.   Summary Judgment Motions filed no later than April 15, 2005.

14.   Oppositions due May 2, 2005.

15.   Replies due on May 16, 2005.

16.   Any surreply on May 30, 2005.

17.   Hearing on Motions for Summary Judgment on June 8, 2005 at 2:00 p.m.

IV.   **PHASE 2 SCHEDULE**

1.   After the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification.  Plaintiffs shall be prepared to file the motion for class certification within sixty (60) days of the Court's ruling.

2.   Fact discovery on Phase 2 will close on October 3, 2005. Plaintiffs shall file expert reports on November 1, 2005. Defendant shall file expert reports on December 1, 2005.  Expert discovery shall be completed by January 16, 2006.  Any motion for summary judgment shall be filed by January 30, 2006.  Any opposition shall be filed by February 12, 2006.  Any reply by

5



February 27, 2006, and the sur-reply by March 13, 2006.

### V.   Together Rx

After some reflection, I have placed the Together Rx program on the regular track.  As I read the two proposals, creation of a third track seems unwieldy and confusing.  In particular, the issues involving product-specific discovery for 170 drugs involved in the Together Rx program seem too complex to resolve on a fast track.  Nothing in this order precludes Defendants from moving for summary judgment earlier.

### VI.   MISCELLANEOUS

To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

### VII.   BRIEFING

No brief shall be longer than 20 pages, unless advance permission of the Court is obtained.

### VIII.   MEDIATION

Within 30 days, the fast track parties shall propose a process and schedule for mediation.

### IX.   CASE MANAGEMENT

The case management order is applicable to all related cases



brought by the state and county governmental entities.  When I
resolve the pending motions, I will enter a separate case
management order.

                                           **S/PATTI B. SARIS**
                                           United States District Judge

Exhibit 25



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE ) | CIVIL ACTION NO. |
| LITIGATION ) | 01-12257-PBS |

## CASE MANAGEMENT ORDER NO. 13

March 10, 2005

Saris, U.S.D.J.

After review of the submissions, I order the following
revised schedule for track one defendants:

1. Regardless of the status of the motion for class
certification:

| | |
|---|---|
| August 31, 2005 | - Close of Fact Discovery |
| October 1, 2005 | - Plaintiffs file their expert reports on liability |
| November 15, 2005 | - Defendants file expert reports on liability |
| January 15, 2006 | - Completion of expert depositions |

2. If this Court's order on class certification is

unappealed, the parties shall propose a schedule for summary

judgment briefing within 15 days of the Court's order.

3. If this Court's order on class certification is

appealed:

| | |
|---|---|
| 30 days after the Court of Appeals' decision on appeal from class certification ("Appeals Decision") | - Defendants' motion for summary judgment |
| 60 days after the Appeals Decision | - Plaintiffs' opposition |



75 days after the Appeals          - The Reply
Decision

90 days after the Appeals          - The Surreply
Decision


**S/PATTI B. SARIS**
United States District Judge

Exhibit 26



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
IN RE PHARMACEUTICAL INDUSTRY  )      MDL NO. 1456
AVERAGE WHOLESALE PRICE        )      CIVIL ACTION NO.
LITIGATION                     )      01-12257-PBS
_____    )
```

## CASE MANAGEMENT ORDER NO. 14

March 28, 2005

Saris, U.S.D.J.

After review of the submissions, I order the following
revised schedule for the Track Two Defendants:

1.  The "Triggering Date" is the date the Track One class
certification Order becomes final if it is unappealed, or the
date that the Court of Appeals issues a decision.

2.  If the Plaintiffs seek to file expert reports in support
of class certification, they shall file the reports within 30
days of the Triggering Date.  Defendants shall file any expert
reports 60 days after the Triggering Date.  No depositions shall
be allowed.

3.  With respect to briefing, the Court orders the following
schedule:

| | | |
|---|---|---|
| 30 days after the Triggering Date | - | Motion for Class Certification for Phase II Defendants (together with expert reports) |
| 60 days after the Triggering Date | - | Opposition (together with expert reports) |
| 90 days after the Triggering Date | - | Reply |
| 120 days after the Triggering Date | - | Surreply |



4.   Regardless of the status of the motion for class certification:

| December 3, 2005 | - | Close of Fact Discovery |
| January 15, 2006 | - | Plaintiffs file their expert reports on liability |
| January 30, 2006 | - | Defendants file expert reports on liability |
| March 15, 2006 | - | Completion of expert depositions |

5.   If this Court's Order on class certification for Track Two is unappealed, the parties shall propose a schedule for summary judgment briefing within 15 days of the Court's Order.

6.   If this Court's Order on class certification is appealed:

| 30 days after the Court of Appeals Decision on Track Two certification ("Appeals Decision") | - | Defendants' motion for summary judgment |
| 60 days after the Appeals Decision | - | Plaintiffs' opposition |
| 75 days after the Appeals Decision | - | Reply |
| 90 days after the Appeals Decision | - | Surreply |

/s/ Patti B. Saris
_____
PATTI B. SARIS
United States District Judge

2

Exhibit 27



Nov 22 2005
6:49PM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | M.D.L. No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## CASE MANAGEMENT ORDER #16

November 21, 2005

Saris, U.S.D.J.

IT IS HEREBY ORDERED as follows:

1.   Any amendment to the Second Amended Consolidated Class Action Complaint to add plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be filed within 30 days of this Court's final order regarding class certification with respect to the Track One Defendants. Any amendment to add proposed class representatives shall allege facts demonstrating the typicality and adequacy of the new proposed class representatives.

2.   Plaintiffs shall produce all documents supporting the claims of any new plaintiffs or proposed class representatives for claims against the Track Two Defendants.

3.   Any depositions of new plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be completed within 30 days of the date that any amendment

seeking to add such plaintiffs or proposed class representatives is held.

4.   The parties' cross-motions to modify the Track Two discovery schedule are otherwise **DENIED**.   However, Plaintiffs may focus discovery on the physician-administered drugs and defer discovery on the claims involving pills purchased from pharmacies pending any appeal of the Court's class certification order.   The parties shall confer and submit a stipulation on discovery relating to any non-physician-administered drugs by December 2, 2005.

**S/PATTI B. SARIS**
United States District Judge

Exhibit 28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | M.D.L. No. 1456 <br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

ORDER RE: PLAINTIFFS' MOTION FOR CLARIFICATION
OF CASE MANAGEMENT ORDER #16

December 1, 2005

Saris, U.S.D.J.

In Case Management Order #16, the Court denied the request to stay all discovery pending the class certification decision for Track One defendants.  It also permitted Plaintiffs to proceed only on the physician-administered drugs.  I don't know how many physician-administered drugs are involved in the Track Two litigation, or whether defendants' allegedly feckless and belated document production involves those particular drugs, rather than the pills.  Accordingly, I have no basis for deciding whether the full continuance by Plaintiffs is necessary.

This is the holiday season.  I see no reason to pressure the litigants, counsel, associates and paralegals to complete all discovery this month.  Nonetheless, it important to keep Track Two from becoming the molasses track.

Therefore, the parties shall confer on a discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005.  Given the different stages of document production, one possibility is a different wrap-up schedule for each defendant.

S/PATTI B. SARIS
United States District Judge

2

Exhibit 29

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

### [PROPOSED] ORDER

This matter coming before the Court on Plaintiffs' And Defendant Baxter's Joint Agreed Motion For Extension To Track II Discovery Schedule With Respect To Baxter;

It Is Hereby Ordered As Follows:

1.      Plaintiffs' And Defendant Baxter's Joint Agreed Motion For Extension To Track II Discovery Schedule With Respect To Baxter is granted;

2.      The Track II Discovery Schedule set forth in Case Management Order No. 14 is modified with respect to Baxter as follows:

    (i)   final date for production of documents: June 1, 2006;

    (ii)  final date for depositions of fact witnesses: September 30, 2006;

    (iii) Plaintiffs to file their expert reports on liability:  November 15, 2006;

    (iv)  Baxter to file its expert reports on liability: December 1, 2006;

    (v)   completion of expert depositions:  December 30, 2006.

ENTERED: _____, 2005

_____
Saris, J.

## CERTIFICATE OF SERVICE

I, hereby certify that I, Merle M. DeLancey, counsel to Baxter Healthcare Corporation and Baxter International Inc., caused a true and correct copy of the foregoing PLAINTIFFS' AND DEFENDANT BAXTER'S JOINT AGREED MOTION FOR EXTENSION TO TRACK II DISCOVERY SCHEDULE WITH RESPECT TO BAXTER and [Proposed] ORDER  to be served electronically on counsel of record pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties on November 22, 2005.

Merle M. DeLancey
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C.  20037
Tel:  (202) 828-2282
Fax:  (202) 887-0689
Counsel for Baxter Healthcare Corporation
and Baxter International Inc.

- 5 -

Exhibit 30



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

## [Proposed] Case Management Order No. 19

December __, 2005

Saris, U.S.D.J.

Paragraph 4 of Case Management Order No. 14 is amended as follows:

### Discovery Relating to Physician-Administered Drugs

| | |
|---|---|
| March 3, 2006 | Parties complete their responses to discovery requests and deposition notices served on or before the initial December 3, 2005 discovery cutoff. |
| June 2, 2006 | Plaintiffs file expert reports on liability. |
| July 17, 2006 | Defendants file expert reports on liability. |
| August 25, 2006 | Completion of expert depositions. |

### Discovery Relating to Self-Administered Drugs

In the event that one or more classes including self-administered drugs are certified, the parties may commence discovery relating to those drugs that are part of any class so certified thirty days after an order issues certifying any such classes unless interlocutory review is timely pursued.

Discovery will close 150 days following the date of any such order.  Following the close of this discovery period, the parties shall confer on a schedule that makes sense for the remainder of the case relating to self-administered drugs and shall submit a joint and/or alternative schedule within 14 days of the close of self-administered drug discovery.

_____

Patti B. Saris

United States District Judge