# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION ) Civil Action No. 01-12257-PBS
_____)
) Judge Patti B. Saris
THIS DOCUMENT RELATES TO: )
)
*The City of New York v. Abbott Labs., et al.* )
(S.D.N.Y. No. 04-CV-06054) )
*County of Suffolk v. Abbott Labs., et al.* )
(E.D.N.Y. No. CV-03-229) )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178) )
*County of Rockland v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-7055) )
*County of Dutchess v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-06458) )
*County of Putnam v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-04740) )
*County of Washington v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00408) )
*County of Rensselaer v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00422) )
*County of Albany v. Abbott Labs., et al* )
(N.D.N.Y. No. 05-CV-00425) )
*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )

| | |
|---|---|
| *County of Herkimer v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

**CORRECTED REPLY MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

In *Suffolk II*, this Court dismissed all claims against Purdue Pharma L.P. ("Purdue")[1] by the County of Suffolk because plaintiff's complaint lacked any facts that raised an inference of wrong doing. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at *3 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"). *See also In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, Mem. and Order at 3 (D. Mass. April 8, 2005) ("*Suffolk III*") (reaffirming Purdue's dismissal after plaintiff's supplemental submission). The same conclusion is warranted with respect to the remaining New York Counties' claims.

Nothing in the Consolidated Complaint of the New York Counties ("Consol. Compl."), Nassau County's Second Amended Complaint ("Nassau SAC") (collectively, "the Complaints"), nor these Counties' Opposition brief, justifies keeping Purdue in the County cases.[2] The Complaints contain only stray allegations regarding Purdue which, even collectively, fail to meet the Rule 9(b) standard, and should be dismissed.

**I.   PLAINTIFFS' AWP FRAUD CLAIMS SHOULD BE DISMISSED.**

In a nearly identical case filed by Suffolk County, the Court dismissed all claims against Purdue, holding that "there are no factual allegations . . . from which an inference of fraud can reasonably be made." *Suffolk II*, 2004 WL 2387125, at *2-*3. The similar allegations in the Complaints still fail to state a claim against Purdue.

First, plaintiffs argue that they allege fraudulent AWPs and spreads based on comparing "actual" Purdue prices with the allegedly "fraudulent AWPs." (Pls.' Opp'n to Purdue's Motion to Dismiss at 2) ("Opp'n"). Plaintiffs' Complaint, however, alleges only a single fraudulent AWP and a single "market price" from 2000 for each Purdue

---

[1] The Complaints name three Purdue entities: Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company, which are collectively referred to as "Purdue."

1

NDC allegedly at issue.  (*See* Consol. Compl. Ex. B.)  This is insufficient to support plaintiffs' extensive fraud claims, covering 1992 to the present.

Plaintiffs also allege that a Purdue employee made a comment to a Boston newspaper, stating that an "AARP survey based on AWP was 'quite deceptive' because no one pays AWP for pharmaceutical products because of rebates and discounts." (Consol. Compl. ¶ 689; Nassau SAC ¶ 589.)  This alleged comment does not suggest that Purdue has been falsely inflating AWPs; it merely acknowledges that AWP, as used in the AARP survey, is only a benchmark price used as a reference, rather than an actual price paid for drugs.  Thus, this public comment about the benchmark nature of AWP, which was well-known in the industry, raises no inference of any fraud by Purdue.

Next, plaintiffs argue that Purdue "entered into co-promotion agreements with Abbott Group, which has consistently been investigated for marketing the spread . . . and has entered into several large settlements . . . ."  (Opp'n at 3.)  This attempt at alleging "guilt by association" cannot sustain plaintiffs' fraud claims.  Vague allegations regarding another entity add nothing to the insufficient allegations regarding Purdue.

Finally, plaintiffs refer to an "investigation" of the House Committee of Energy and Commerce.  (Opp'n at 3.)  Despite plaintiffs' suggestions to the contrary, this Court made no determination that this Committee proceeding was "directly relevant to" plaintiffs' fraud claims.  (*See* Opp'n at 1.)  Indeed, plaintiffs have groundlessly elevated a single letter sent to Purdue in 2003, on which no activity has occurred for years, into an "investigation."  Plaintiffs have not and cannot detail any action related to this letter, sent to numerous companies, that would raise an inference of fraud by Purdue.  Despite

---

[2] Purdue is not a defendant in any other cases in the AWP MDL.

2

plaintiffs' assertion of this same alleged "investigation" in the Suffolk County action,[3] this Court still reaffirmed Purdue's dismissal.  (*Suffolk III*, Mem. and Order at 2-3.)

## II. PLAINTIFFS' FRAUD-BASED BEST PRICE CLAIMS SHOULD BE DISMISSED.

Plaintiffs have likewise failed to make any specific allegations showing that Purdue misreported the Best Prices for its products.  Plaintiffs do not allege even one fraudulent Best Price for any of Purdue's drugs.  Instead, plaintiffs suggest that alleging "the name of every Purdue drug for which they assert Best Price claims" is sufficient.  (Opp'n at 4.)  The mere listing of several Purdue drugs, however, cannot sustain claims that Purdue misreported Best Prices for numerous drugs over a period of years.  Moreover, the allegations regarding an isolated comment by an alleged employee and a 2003 letter from the Energy and Commerce Committee fail to show a "company-wide scheme" to misstate Best Prices.  (*See* Opp'n at 4.)

Given the complete absence of any specific allegations regarding any fraudulent Best Prices for Purdue's products, plaintiffs resort to general allegations that reference many defendants.  (*See* Opp'n at 4-5, citing Consol. Compl. ¶¶ 153, 156-158; Nassau SAC ¶ 122.)  Such generalized allegations as to many defendants, with no specific reference to Purdue, fail under Rule 9(b).

New York Counties have now had several opportunities to state a viable claim against Purdue.  Despite the Court's repeated dismissals of Purdue, plaintiffs now attempt to take a third bite at the apple.  The claims asserted against Purdue in the Complaints should be dismissed with prejudice, once and for all.

---

[3] Affidavit of Aaron D. Hovan Providing (1) Methodology And Documents Used To Estimate AWP Spread and (2) Additional Information Regarding Defendants ¶ 37, Nov. 16, 2004.

Dated: May 26, 2006

        LORI A. SCHECHTER
        TIFFANY CHEUNG
        MORRISON & FOERSTER LLP

  By: /s/ Lori A. Schechter
        Lori A. Schechter (*Pro Hac Vice*)
        425 Market Street
        San Francisco, CA 94105
        (415) 268-7000
        Lschechter@mofo.com

        Attorneys for Defendants
        Purdue Pharma L.P., Purdue Frederick
        Company, and Purdue Pharma Company

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 26, 2006 I caused a true and correct copy of the foregoing document to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification.

                                        /s/ Lori A. Schechter
                                        Lori A. Schechter