**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
ASTRAZENECA'S MOTION FOR SUMMARY JUDGMENT
DISCUSSING TWO DISCRETE ISSUES REQUESTED BY THE COURT**

001534-16  111523 V1

At the May 23, 2006 summary-judgment hearing, the Court requested plaintiffs to submit a brief sur-reply addressing AstraZeneca's ("AZ's") assertions that:  (i) Mr. Howe's claim should fail because it purportedly does not fit within one of the 56 practices enumerated in Oregon's Unfair Trade Practices Act ("UTPA"), Or. Rev. Stat. § 646.605, *et seq.* and (ii) Mr. Townsend's claim should fail because AZ did not purportedly deceive Mr. Townsend.

## A.    Plaintiffs Have Established That AZ Violated The Oregon UTPA

AZ claims that OR. ADMIN. R. 137-020-0010 (the "Rule") circumscribes the scope of Section 646.608(1)(j) of the UTPA, which prohibits false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions.[1]  AZ is wrong.  The Rule specifically acknowledges its limitations in that its purpose is to declare "certain" representations illegal, cites examples that are *not* exhaustive but "are for illustrative purposes only," and further provides that it "does not address mis-representations regarding the 'reasons for' price reductions."  OR. ADMIN. R. 137-020-0010(2).  Thus, as should be abundantly clear from this text, the Rule was not intended to be the last word on the scope of Subsection j of the UTPA, and it certainly does *not* say, as AZ's Reply suggests, that the prohibition against deception in connection with advertised price reductions is restricted to "the context of clearance sales, comparisons to competitors' offers, and the like."  AZ's Reply at 5.[2]  Indeed, the Oregon Supreme Court in *Sanders v.* Francis held the opposite:

> No doubt the primary target of this paragraph was the
> practice of luring customers with dubious representations
> that prices have been "slashed" by large percentages,

---

[1] This language is nearly identical to the language of Pennsylvania UTPCPL, 73 P.S. § 201-2(4)(xi), **which the Pennsylvania Court has ruled was satisfied by plaintiff's allegations as to AZ's conduct in that case**. *Commonwealth v. TAP Pharm. Prods. Inc.*, 885 A.2d 1127, 1139-40 (Pa. Commw. Ct. 2005) (wherein the Court recognizes that "[t]he Commonwealth relies for these claims on the allegedly false representations made by virtue of the published, inflated AWPs").

[2] AZ also relies on *Denson* for the proposition that the statute does not cover representations only of "the amount to be charged."  AZ's Reply at 5.  However, in *Denson* an auto repair shop quoted one price and later charged another.  The Court did not find that such actions fell under the DTPA because it considered the shop's initial quote a "promise," not a representation.  *Denson v. Ron Tonkin Gran Turismo, Inc.*, 566 P.2d 1177, 1180 (Or. 1977).  But there is nothing in *Denson* nor any other Oregon authority that supports AZ's contention that it has carte blanche to make false representations or material omissions that relate to "the amount to be charged."

> sometimes said to be forced by "going out of business,"
> "removal," or "fire sales."  **But . . . paragraph (j) is not
> limited to that particular practice.  It forbids sellers to
> misrepresent (and by virtue of subsection (2), to fail to
> disclose) price reductions _for any purpose_.**

*Sanders v.* Francis, 561 P.2d 1003, 1006 (Or. 1977) (emphasis added) (holding no proof of

plaintiff's reliance required).  Oregon law simply does not support AZ's effort to circumscribe

the scope of Section 646.608(1)(j).

   AZ also ignores the command that courts liberally construe Oregon's UTPA to protect

consumers.  *Denson,* 566 P.2d at 1179 n.4.  Adopted from the Uniform Deceptive Trade

Practices Act, Oregon's UTPA was enacted to provide general guidelines of deceptive conduct,

and not to describe in particular every deception that a business could perpetrate against the

public.  In construing Colorado's consumer protection statute, which was adopted from the same

uniform statute as Oregon's, the Colorado Supreme Court explained that "the utility of ***general***

standards of actionability with respect to deceptive trade practices has been repeatedly

recognized."  *People ex rel. Dunbar v. Gym of Am., Inc.*, 493 P.2d 660, 664 (Colo. 1972)

(citations omitted) (emphasis added).  Oregon's statutes should not be interpreted more narrowly.

   Moreover, the dearth of Oregon cases construing the UTPA should not reverse the trend

of expansive interpretation of consumer fraud statutes to redress wrongdoing, especially in light

of the fact that many states already have held that consumer fraud claims have been stated

properly in AWP litigation.[3]  For example, in construing Pennsylvania's statute, which includes

the same enumerated subsections as at issue here with Oregon, the Pennsylvania court rejected

AZ's and the other defendants' claims that their alleged conduct did not fall within the

enumerated prohibitions.  *See Commonwealth v. TAP Pharm. Prods. Inc.*, 885 A.2d at 1140.

Although that decision was rendered in the context of AZ's motion to dismiss (known as

"preliminary objections" under Pennsylvania practice), it applies here, because AZ urges the

---

[3] Indeed, no state has dismissed a consumer fraud claim to date.

Court to find that its same conduct does not fit into the identical Oregon UTPA-proscribed practices.[4]

**B.      AstraZeneca Deceived Mr. Townsend**

Because Florida law purportedly requires that a reasonable consumer must have relied on a materially deceptive statement, AZ claims that it cannot be held liable under Florida's consumer fraud law.  AZ's Reply at 9.  During the May 23 summary-judgment hearing, AZ also argued that, because there must be such a statement, consumers who had no choice in purchasing a product deceptively advertised, such as Mr. Townsend who required Zoladex in order to stay alive, could not be injured under Florida law.  But AZ's "consumer choice" argument has no support in Florida law and flies in the face of scores of Florida authority holding both that proof of reliance is not required and that it is a ***defendant's*** conduct that determines whether there has been consumer injury.[5]

In the overcharge context, Florida courts have ***never*** adopted the "consumer choice" fiction urged by AZ and have instead found the materiality of the representation based on the payment of an overcharge.  For example, in *Latman v. Costa Cruise Lines*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000) the Court concluded:

> We would not hesitate to say that an intentional overcharge of sales tax, which is kept by the company itself, is an unfair and deceptive trade practice and that the consumer must be repaid.  That is so even though the consumers clearly were willing to pay the price charged – in the hypothetical example, they actually paid the sales tax overcharge – nor would it make a difference that the consumers paid no attention to the sales tax amount.  We think such a claim would be actionable under FDUTPA.

*See also Powertel,* 776 So. 2d at 975; *Turner Greenberg Assocs., Inc. v. Pathman*, 885 So. 2d 1004, 1009 (Fla. Dist. Ct. App. 2004) (affirming class certification based on alleged unfair or

---

[4] Further, the plaintiffs in *Walker v. TAP Pharm. Prods., Inc., et al.*, Case No. CPM-L-682-01 (N.J. Sup. Ct.), who brought claims under New Jersey's consumer protection statute, N.J. STAT. ANN. § 56:8-1, *et seq.*, which likewise contains enumerated prohibited practices, proceeded to picking a jury before the case was resolved through settlement.

[5] As it does with respect to Oregon law, AZ ignores the command that the FDUTPA be liberally construed. FLA. STAT. § 501.202; *Davis v. Powertel, Inc.*, 776 So. 2d 971, 975 (Fla. Dist. Ct. App. 2000) (Webster, J., concurring) (noting the "remarkably broad language of the [FDUTPA]").

deceptive act of failing to disclose that the "freight/insurance" charge included an element of

profit without considering materiality); *W.S. Badcock Corp. v. Myers*, 696 So. 2d 776, 781 & 784

(Fla. Dist. Ct. App. 1996) (affirming summary judgment in favor of plaintiff alleging violation of

the FDUTPA when defendant misrepresented what a $7 fee was actually for).[6]

AZ's materiality argument also fails because the FDUTPA does not require actual

reliance.  Instead, plaintiffs need only prove that "deception" occurred via a "representation,

omission, or practice that is ***likely to*** mislead the consumer acting reasonably in the

circumstances, to the consumer's detriment.  *Rothstein v. DaimlerChrysler Corp.,* No. 8:05-cv-

1126-T-30MSS, 2005 U.S. Dist. Lexis 30017, at *6 (M.D. Fla. Nov. 18, 2005) (emphasis added)

(citing *PNR, Inc. v. Beacon Prop. Mgmt. Inc*., 842 So. 2d, 773, 777 (Fla. 2003)).  The standard

for deception is an objective one – *i.e.* a reasonable consumer in the position of the plaintiff –

and does not require proof of actual deception or reliance by anyone.  *Powertel,* 776 So. 2d at

973 ("A party asserting a deceptive trade practice claim need not show actual reliance on the

representation or omission at issue") (internal citations omitted)); *Echevarria, McCalla, Raymer,*

*Barrett & Frappier v. Cole*, 896 So. 2d 773, 776 (Fla. Dist. Ct. App. 2004) (reliance on a

misrepresentation is not required under the FDUTPA); *Liggett Group Inc. v. Engle*, 853 So. 2d

434, 446 (Fla. Ct. App. 3d Dist. 2003) (same); *Turner Greenberg*, 885 So. 2d at 1009 (relying on

*Latman*, concluding that plaintiffs need not prove reliance under the FDUTPA, and recognizing

the sufficiency of allegations that consumers paid more because of the defendants' deceptive

acts).

AZ's attempt to deflect the attention of the Court from issues pertaining to its unlawful

conduct by describing alleged failings on the part of the named class representative, Mr.

Townsend, is equally unavailing.  The focus of a FDUTPA claim is on the unfair or deceptive

---

[6] Even were materiality a requirement of the FDUTPA – and it is not – the FTC's own statement, upon which AZ relies, lists the cost of a product among those factors for which materiality may be presumed.  *In re Cliffdale Associates, Inc.*, 103 F.T.C. 110, at *174-84 (FTC 1984); *see also Novartis Corp v. FTC*, 223 F.2d 783, 776 (D.C. Cir. 2000).  Moreover, there would remain a question of material fact for trial as to whether materiality has been established, precluding entry of summary judgment here.

acts or practices of the defendant. *Powertel*, 776 So. 2d at 975 (certifying a class because all plaintiffs had the same common feature – defendants' deceptive practice); *Echevarria,* 896 So. 2d at 776 (the focus of the litigation is not whether the putative class members relied on the alleged misrepresentation, but the "operative event" that was the transmission of the deceptive reinstatement letter by defendant). This is because the FDUTPA is intended to protect consumers, making the "conduct of the consumer irrelevant." *Pelican Ventures, LLC v. Azimut S.p.A.*, No. 03CV62119, 2004 U.S. Dist. Lexis 26764, at *12 (S.D. Fla. July 28, 2004) (rejecting defendant's argument relating to privity and stating that the "reach of the DUTPA is broader than what Defendants suggest"). Indeed, the "obvious focus … [is] on the conduct of the Defendant and its effect on consumers." *Id.* (citing *Latman*, 758 So. 2d at 704). Consequently, AZ's attempt to interject an additional element under Florida law – that a plaintiff must show that a fraudulent representation "affected consumer choice" – should be rejected. No such requirement exists under the FDUTPA or the cases interpreting it.

Indeed, the FDUTPA does not even require privity between the consumer and the defendant. *Latman*, 758 So. 2d at 704 (citing *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1274-75 (S.D. Fla. 2005)). The *Williams* Court noted that "[c]onspicuously lacking [from the FDUTPA] … is any requirement that the individual must have suffered the violation at the hands of a party who has provided goods or services to that individual." *Williams*, 408 F. Supp. 2d at 1274-75. Further, "'the standard is the conduct of the Defendant, coupled with the fact that the Plaintiff is a member of the consuming public injured by the conduct of the Defendant.'" *Id.* (quoting *Pelican Ventures, LLC v. Azimut S.p.A.*, No. 03CV62119, 2004 U.S. Dist. Lexis 26764, at *12 (S.D. Fla. July 28, 2004) and relying on *Latman*, 758 So. 2d 699).

## C.    Conclusion

AZ seeks immunity from liability under the consumer fraud acts of Oregon and Florida. It does this by pointing the finger at Townsend and Howe as if they did something wrong, rather than addressing the fact that these plaintiffs overpaid for Zoladex because ***AstraZeneca*** inflated

5

the AWP for Zoladex.  For these and all the foregoing reasons, summary judgment in favor of

AZ should be denied.[7]

DATED:  May 26, 2006                    By  /s/ **Steve W. Berman**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

---

[7] AZ claimed repeatedly in its papers that the Court should judge its summary judgment application only in the context of the individual factual circumstances of the two named representatives.  Consequently, by definition, these factual circumstances could only serve to defeat the rights of these two representative plaintiffs and not the rights of absent Class members in Oregon or Florida whose factual circumstances are not before this Court, and for which no contention has been made by AZ as to their rights under state law.

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

7

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>
Docket No. MDL 1456

   I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 26, 2006, I caused copies of **PLAINTIFFS' SUR-REPLY IN OPPOSITION TO ASTRAZENECA'S MOTION FOR SUMMARY JUDGMENT DISCUSSING TWO DISCRETE ISSUES REQUESTED BY THE COURT** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


                              **/s/ Steve W. Berman**
                              Steve W. Berman