**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |
|  | **Set for Hearing June 5, 2006** |

**CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR
AN ORDER APPROVING THE FORM AND MANNER OF CLASS NOTICE**

**I.       INTRODUCTION**

The next step in the Track 1 proceeding is to issue notice to the classes.  Plaintiffs, after consultation with a notice consultant, sent to the Track 1 defendants a proposed form of notice and notice plan.  To the extent defendants' comments were reasonable changes were made to the form of the notice.  However, the vast majority of comments were designed to slow the notice process or to make it more expensive and confusing (*e.g.*, sending separate notices for each defendant).  The proposed form of the notice is consistent with Fed. R. Civ. P. 23 and the manner of notice is appropriate as well.

**II.       THE COURT SHOULD APPROVE THE FORM OF THE NOTICE**

**A.       The Various Proposed Notices**

In consultation with a firm widely recognized for its expertise in designing notices and notice plans, plaintiffs have developed and propose four forms of notice:  (a) publication notice

- 1 -

to Class 1 and Class 3; (b) publication notice to Massachusetts TPPs in Class 2; (c) individual mailed notice to TPPs; and (d) if requested individual notice to Class 1 or Class 3 co-payors.[1]

**B.      The Form of Notice is Consistent With Rule 23**

Rule 23 provides that a class notice must concisely and clearly state in plain, easily understood language:

- The nature of the action;

- The definition of the class certified;

- The class claims, issues or defenses;

- That a class member may enter an appearance through counsel;

- That a class member may elect to be excluded; and

- The binding effect of a judgment.

Each of the notices meets these requirements.  The notices are quite similar to the notices approved by the Federal Judicial Center and in *Lupron*.[2]

**C.      The Court Should Not Order Separate Notices for Each Defendant**

Defendants suggest that a separate notice be sent for each defendant.  Members of the co-pay class, elderly and sick, would thus receive five separate notices.  This would be confusing.  And it would set a precedent for over a dozen notices if the Track 2 claims are certified.

Separate notices would also be wasteful, as publication and mailing costs can be combined.

---

[1] These are attached to the Declaration of Steve W. Berman in Support of Class Plaintiffs' Motion for An Order Approving Form and Manner of Class Notice ("Berman Decl."), Exs. A-D.

[2] Berman Decl., Exs. E-F.

### III.     THE METHOD OF NOTICE IS CONSISTENT WITH RULE 23

Rule 23(b) requires the best notice practicable under the circumstances.  The notice plan accomplishes this.

The names of the Class 1 members are not readily identifiable.  Thus the court in *Lupron* did not require individual notice.  Rather, as is the case with plaintiffs proposed notice plan here, notice can be accomplished by designing a publication campaign that will reach Class 1 members who then can obtain the long form notice.

The proposed notice program has four parts:

(a)     Direct notice by first-class mail to all Consumers or TPPs whose names and addresses are readily identifiable and to all callers to the toll-free information line who request the *Notice of Class Action Pendency* as a result of seeing the Publication Notice.

(b)     Broad [publication] notice through the use of paid consumer media, including magazines and newspaper supplements as well as trade publications to supplement the direct notice to Third-Party Payors.

(c)     Earned media notice through a press release sent to major national print and electronic outlets.

(d)     Electronic notice through a dedicated Web site.

Affidavit of Katherine Kinsella ("Kinsella Aff."), ¶ 13.

Dr. Kinsella describes how notice will be mailed to TPPs.  *Id.*. at ¶¶ 14-17.)

Consumers will be reached through publication.  *Id.* at ¶¶ 22-25.  This publication program was picked to match the demographics of the consumers and will result in a "reach"[3] Rate of 85.7% of Medicare recipients.  *Id.* at ¶ 27.  83.1% of Medicare recipients will be 2.3 times.  *Id.* at ¶ 28.

---

[3] Kinsella Decl. footnote 2 defines reach.

Dr. Kinsella rejected defendants' proposal for multiple notices for the following reasons:

> KNC made the determination to use one Notice Program to reach all Class Members for all Covered Drugs for several reasons. First, the direct mail list of TPPs is identical for each Defendant. The target audiences (Medicare Recipients and Branded/Generic Drug Users) for the purchase of paid media are the same for each Defendant. Repeated mailings and publication notices essentially on the same legal issues, but involving different Defendants and drugs, could easily be confusing. In addition, separate notices would require multiple actions on the part of Class Members when only one response is needed if all Defendants are included in one notice effort. In addition, since the underlying issue of AWP pricing is Class-wide for all Defendants, it is unlikely that a Class Member would need to take separate or different actions regarding individual Defendants with respect to opting-out, remaining in the Class or making an objection or appearance.

*Id*. at ¶ 33.

## IV.    CONCLUSION

Plaintiffs request that the Court approve the form and manner of notice.

DATED:  May 31, 2006.          By   **/s/ Steve W. Berman**
                               Thomas M. Sobol (BBO#471770)
                               Edward Notargiacomo (BBO#567636)
                               Hagens Berman Sobol Shapiro LLP
                               One Main Street, 4th Floor
                               Cambridge, MA  02142
                               Telephone: (617) 482-3700
                               Facsimile: (617) 482-3003

                               **LIAISON COUNSEL**

                               Steve W. Berman
                               Sean R. Matt
                               Robert F. Lopez
                               Hagens Berman Sobol Shapiro LLP
                               1301 Fifth Avenue, Suite 2900
                               Seattle, WA  98101
                               Telephone: (206) 623-7292
                               Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 31, 2006, I caused copies of **CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER APPROVING THE FORM AND MANNER OF CLASS NOTICE** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


**/s/ Steve W. Berman**
Steve W. Berman

001534-16  111747 V1