UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS. | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MOTION TO COMPEL AND FOR ASSESSMENT OF DISCOVERY-RELATED COSTS AGAINST DEFENDANT ABBOTT LABORATORIES**

Plaintiffs, by their attorneys, respectfully move this Court to enter an order compelling Defendant Abbott Laboratories ("Abbott") to, within thirty days, produce: (1) Calcijex-related sales documents; (2) Plan and Update documents; (3) sales documents; (4) high-level marketing documents; and (5) a supplemental e-mail production or an explanation of why such a supplemental production is not required. In addition, plaintiffs seek costs incurred in reviewing documents contained in Abbott's "document dump." As grounds for the foregoing, plaintiffs state as follows:

1.      Since May 2005, plaintiffs have been negotiating with Abbott to narrow the scope of documents to be produced in response to Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, Tap, and Watson and To All Other Defendants With Respect to Drugs That Were Previously Subject To Discovery ("Omnibus Requests."), served on March 31, 2004. Rather than producing documents in response to what plaintiffs believed were good faith negotiations, Abbott has failed to produce the documents that Plaintiffs have specifically requested and instead produced a "document dump," burying Plaintiffs with largely irrelevant documents. To date, despite repeated requests by plaintiffs and promises to

comply by Abbott, it has still not provided the five categories of documents set forth above. All are highly relevant to plaintiffs' claims and necessary to proceed with depositions in this case.

2. In order to review the hundreds of thousands of largely irrelevant documents produced by Abbott, plaintiffs have incurred substantial costs by hiring additional attorneys to review them, using Optical Character Recognition ("OCR") to search the documents electronically, and compiling data to illustrate the problems for the Court in this Motion. Plaintiffs have also been significantly prejudiced by having to cancel all depositions due to the utter lack of relevant documents to conduct them.

3. The Court has broad discretion to assess discovery sanctions. *See, e.g., Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002). 28 U.S.C.S. §1927 specifically grants the Court authority and discretion to impose sanctions on any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The First Circuit does not require a finding of subjective bad faith; objectively determining that an attorney's behavior is annoying or harassing behavior and that multiplies the proceedings is sufficient. *Beh-Hanson v. Arconium Specialty Alloys Co.*, No. 03-263, 2004 U.S. Dist. LEXIS 27732, at **6-7 (D.R.I. Jun 18, 2004)(quoting *Cruz v. Savage,* 896 F.2d 626, 631-32 (1st Cir. 1990) (citations and internal quotation marks omitted)). Courts have imposed §1927 sanctions on attorneys who engage in discovery abuses such as those Abbott has committed in this litigation. *See e.g., Pro Spice, Inc. v. Omni Trade Group, Inc.*, No. 01-1661, 2003 U.S. Dist. LEXIS 23831, at *5 (E.D. Pa. Dec. 16, 2003).

WHEREFORE plaintiffs respectfully request that this Court enter an order compelling Abbott to produce: (1) Calcijex-related sales documents; (2) Plan and Update documents; (3)

sales documents; (4) high-level marketing documents; and (5) a supplemental e-mail production or explanation of why one cannot be forthcoming; awarding Plaintiffs' costs for reviewing Abbott's irrelevant documents, and all other relief that this Court deems just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned hereby certify that over the past year counsel for plaintiffs conferred with counsel for Abbott by telephone and by letter regarding the issues addressed in this motion, but were unable to resolve or narrow the issues.

DATED: June 2, 2006

/s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

### CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on June 2, 2006, I caused copies of *PLAINTIFFS' MOTION TO COMPEL AND FOR ASSESSSMENT OF DISCOVERY-RELATED COSTS AGAINST DEFENDANT ABBOTT LABORATORIES* to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly