UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris <br> Magistrate Judge Marianne B. Bowler |

**DECLARATION OF JENNIFER FOUNTAIN CONNOLLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR ASSESSMENT OF DISCOVERY-RELATED COSTS AGAINST DEFENDANT ABBOTT LABORATORIES**

I, Jennifer Fountain Connolly, declare as follows:

1. I am a partner at Wexler Toriseva Wallace LLP, and I am one of plaintiffs' attorneys in this action. I have been involved with obtaining discovery from Abbott. I submit this Declaration in support of Plaintiffs' Motion to Compel and for Assessment of Discovery-Related Costs Against Defendant Abbott Laboratories.

2. Beginning at least as early as May of 2005, I began communicating with Abbott's counsel regarding its document production, and specifically sought to narrow the scope of the Omnibus Requests to comport with the plaintiffs' narrowed interests acquired by virtue of our experience with litigating against the Track 1 Defendants. Throughout the Spring and Summer of 2005 I had numerous conversations with Beth O'Connor, Toni-Ann Citera and Tina Tabacchi regarding plaintiffs' desire to streamline the discovery sought from Abbott.

3. To date, Abbott has produced 240,754 pages of hard copy documents.

4. Of the 240,754 pages of documents produced by Abbott, 149,926 of them, or 62% of Abbott's production, constitutes contracting files with group purchasing organizations ("GPOs") and wholesalers. The majority of the documents contained within these files are price lists.

5.  72,216 pages of Abbott's document production comprise its "government production," produced pursuant to Case Management Order Nos. 5 and 10, entered by this Court on October 28, 2002 and March 25, 2004, respectively.

6.  Subtracting the 72,216 "government production" pages from the total of 240,754, 89% of Abbott's document production has consisted of contracting files.

7.  Since the parties' meet and confer in January of 2006, Abbott has promised to search for the requested documents, determine if they exist and, if so, produce them. To date, they have not done so.

8.  It is my understanding from speaking to my co-counsel that producing huge numbers of documents is part of a pattern of several Track 2 Defendants. Amgen, for example, has produced nearly a million pages of documents and Baxter recently produced three million pages of documents to plaintiffs.

9.  Abbott's electronic production, produced on April 6 and 18, 2006, contains 40,342 pages of documents, and is filled with duplicates. There are numerous key Abbott personnel who have none or very few documents in this production.

10.  As of the date this Motion was filed, Abbott had not yet responded to Amber Nesbitt's May 4, 2006 letter requesting an explanation of the process by which Abbott collected its electronic documents. *See* Exhibits N and V.

11.  Plaintiffs have incurred significant and unnecessary costs in order to have Abbott's documents scanned using Optical Character Recognition, or "OCR." We had to use this process in order to review the large volume of documents Abbott produced. In my experience, OCRing an entire production is typically unnecessary when a document production contains quality, highly relevant documents, even if there are a few "junk" documents

interspersed. Plaintiffs have also had to hire additional attorneys to review Abbott's voluminous document production, adding thousands of dollars to plaintiffs' costs. Moreover, plaintiffs have had to spend numerous hours obtaining the detailed data used in this Motion to educate the Court about the contents of Abbott's document production.

12. Attached as Exhibit A is a true and correct copy of plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, Tap, and Watson and To All Other Defendants With Respect to Drugs That Were Previously Subject To Discovery ("Omnibus Requests"), served in this litigation on March 31, 2004.

13. Attached as Exhibit B is a true and correct copy of plaintiffs' Notice of Rule 30(b)(6) Deposition, served in this litigation on April 20, 2005.

14. Attached as Exhibit C is a true and correct copy of plaintiffs' Notice of Video Depositions of Representatives of Abbott Laboratories, served in this litigation on October 28, 2005.

15. Attached as Exhibit D is a true and correct copy of an e-mail to Tina Tabacchi and Toni-Ann Citera from Jennifer Fountain Connolly dated December 12, 2005.

16. Attached as Exhibit E is a true and correct copy of an e-mail to Tina Tabacchi from Jennifer Fountain Connolly dated December 14, 2005.

17. Attached as Exhibit F is a true and correct copy of a letter to Tina Tabacchi, Beth O'Connor and Toni-Ann Citera from Jennifer Fountain Connolly dated January 19, 2006.

18. Attached as Exhibit G is a true and correct copy of a letter to Toni-Ann Citera and Beth O'Connor from Kenneth A. Wexler dated February 6, 2006.

19. Attached as Exhibit H is a true and correct copy of a letter to Kenneth Wexler from Beth O'Connor dated February 8, 2006.

20. Attached as Exhibit I is a true and correct copy of a letter to Beth O'Connor from Amber M. Nesbitt dated February 23, 2006.

21. Attached as Exhibit J is a true and correct copy of a letter to Beth O'Connor from Amber M. Nesbitt dated February 23, 2006.

22. Attached as Exhibit K is a true and correct copy of a letter to Amber M. Nesbitt from Beth A. O'Connor dated February 28, 2006.

23. Attached as Exhibit L is a true and correct copy of a letter to Beth A. O'Connor from Amber M. Nesbitt dated March 1, 2006.

24. Attached as Exhibit M is a true and correct copy of a letter to Amber M. Nesbitt from Beth O'Connor dated March 3, 2006.

25. Attached as Exhibit N is a true and correct copy of a letter to Beth O'Connor from Amber M. Nesbitt May 4, 2006.

26. Attached as Exhibit O is a true and correct copy of a letter to Toni-Ann Citera and Beth O'Connor from Jennifer Fountain Connolly dated May 26, 2005.

27. Attached as Exhibit P is a true and correct copy of a letter to Jennifer Fountain Connolly from Beth O'Connor dated June 6, 2005.

28. Attached as Exhibit Q is a true and correct copy of a letter to Beth O'Connor from Jennifer Fountain Connolly dated July 8, 2005.

29. Attached as Exhibit R is a true and correct copy of a letter to Beth O'Connor and Tina Tabacchi from Jennifer Fountain Connolly dated August 17, 2005.

30. Attached as Exhibit S is a true and correct copy of a letter to Beth O'Connor and Tina Tabacchi from Jennifer Fountain Connolly dated October 6, 2005.

31. Attached as Exhibit T is a true and correct copy of a letter to Beth O'Connor from Amber Nesbitt dated March 6, 2006

32. Attached as Exhibit U is a true and correct copy of a letter to Beth O'Connor from Amber Nesbitt dated April 3, 2006

33. Attached as Exhibit V is a true and correct copy of an e-mail to Amber Nesbitt from Beth A. O'Connor dated May 12, 2006.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 2, 2006

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly