UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ) ) | Civil Action No. 01-CV-12257 PBS |
| ALL ACTIONS ) ) | Judge Patti B. Saris<br>**Set for Hearing June 5, 2006** |

**THE BMS DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE FORM
AND MANNER OF CLASS NOTICE**

**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, Massachusetts
(617) 371-1000

*Of Counsel*:
  Thomas E. Dwyer, Jr.

**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Of Counsel*:
  Steven M. Edwards, Esq.
  Lyndon M. Tretter, Esq.

*Attorneys for Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp. and Apothecon, Inc.*

Dated:  June 2, 2006

Plaintiffs have scheduled a hearing, and have submitted a memorandum three business days prior to that hearing,[1] seeking approval of their proposed class notice. There are many defects in that notice, some of which are pointed out in the memoranda filed by other defendants, in which BMS joins. BMS submits this memorandum to bring two additional defects to the attention of the Court.

I.  THE NOTICE IS FACTUALLY INACCURATE.

On May 26, 2006, BMS's counsel sent plaintiffs' counsel a letter raising a number of issues and suggesting changes to the notice. (Declaration of Steven M. Edwards dated June 2, 2006 ("Edwards Decl.") ¶ 2.) Plaintiffs have rejected most of BMS's suggestions. (Id. ¶ 3.) As a result, the notice is completely inaccurate.

First and foremost, plaintiffs continue to assert in places that BMS reported AWPs.[2] As BMS demonstrated in its motion for summary judgment, it is undisputed that BMS has never reported AWPs to industry publications. (Affidavit of Denise M. Kaszuba, sworn to on Feb. 18, 2004, ¶ 2.) BMS reports its list prices, which are the prices that appear on invoices to wholesalers and are also the prices at which a substantial number of the drugs at issue in this case are sold. (Declaration of Zoltan Szabo dated Oct. 25, 2004 ("Szabo Decl."), ¶¶ 2-3, 11-12; Declaration of Dr. Gregory K. Bell dated March 15, 2006, ¶ 24 and Exh. E.)

Second, while plaintiffs' notice purports to answer the question "what do the defendants say about the lawsuit," it simply expresses a conclusory denial and does not say anything about the substance of BMS's defense. Among other things, BMS maintains that its list prices are neither deceptive nor unfair, and BMS does not control the mark-up factors that the

---

[1] Plaintiffs have neither sought nor obtained permission to avoid the time requirements for their motion. Furthermore, plaintiffs would be unable to justify such relief because the time period bind that they find themselves in is entirely of their own making. The record should be clear that, if it had more time to research and consider the issues raised by plaintiffs' motion, BMS might make additional arguments not contained in this memorandum.

[2] See Declaration of Steve W. Berman dated May 31, 2006, Exhs. C at 5 (Question 5) and D at 5 (Question 4).

publications use to calculate AWPs.[3] If plaintiffs' claims are described, BMS's defense should be described as well -- particularly given the potential adverse impact of this notice on BMS's reputation.

Third, plaintiffs identify Coumadin as a subject drug even though their expert has not included it in his damage analysis and the parties have not addressed it in their summary judgment motions. Nor have plaintiffs identified a class representative that has received Coumadin in injectible form. It is BMS's understanding that Coumadin will not be addressed in any of the upcoming trials, and it should not be included in the notice.

Fourth, there are numerous other inaccuracies and misleading statements, including the suggestion that the notice is coming from the Court, not from any lawyer, and any class member who chooses to intervene will have to incur significant expense.

II.   SUMMARY JUDGMENT MOTIONS SHOULD NOT BE DECIDED UNTIL AFTER THE CLASS NOTICE PERIOD HAS CONCLUDED.

At the hearing on May 23, 2006, there was considerable discussion of whether the Court should decide dispositive issues before or after notice goes out. While there is nothing explicit in the rules on this issue, the Advisory Committee Notes clearly indicate that courts should not make decisions on the merits unless and until all class members are bound. Otherwise, defendants will be placed in a situation in which they are bound if a decision is rendered on the merits, but class members are not.

Prior to the 1966 amendments to the rules, there were conflicting views on whether plaintiffs should be permitted to send out class notice after receiving a favorable decision -- a practice known as "one-way intervention". See Advisory Committee Notes to Rule

---

[3] Szabo Decl. , Exh. 1; Declaration of Steven M. Edwards dated March 15, 2006, Exhs. C at 207, D at 226 and 230, E at 01109782, 01088211, 00059757 and 00986726, and F; Declaration of Steve Berman dated April 7, 2006, Exhs. 23 at 1088211, 30 at 442095 and 442097.

2

23, 1966 Amendments.  In 1966, the drafters added language which provided that any judgment, "whether or not favorable to the class," shall describe the persons to whom notice was directed who have not requested exclusion.  According to the Advisory Committee Notes, as a result of this language, "one-way intervention is excluded."  Id.

This provision, which now appears in Rule 23(c)(3),[4] has been consistently interpreted to eliminate "the potential that members of the claimed class could . . . await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests."  Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 547 (1974).  "To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on the Federal Rules concluded that class members should be brought in prior to the determination of defendant's liability, thus making the estoppel mutual."  Katz v. Carte Blanche Corp., 496 F.2d 747, 759 (3d Cir. 1974).  "The purpose of [what was then] Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated."  Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis in original).

In Rodriguez v. Banco Central, 790 F.2d 172, 174-75 (1st Cir. 1986), the First Circuit described the issue as follows:

> "If the plaintiff class is certified, and if notice only issues after a decision on the merits in a test case, the absent class members will not be bound by an adverse judgment, for they can request exclusion from the class under Rule 23(c)(2).  If, on the other hand, the result of the test case is favorable to the plaintiff, the absent class members will be free to participate in the judgment."

---

[4] The Advisory Committee Notes to the 2003 Amendments state that "[t]he authority to amend an order under Rule 23(c)(1) before final judgment does not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23.

(Emphasis in original.)  While the court ultimately decided that it lacked jurisdiction because the order in question was not appealable, it observed that there are "potent arguments" against permitting class certification after a decision on the merits and suggested that the district court "on its own initiative, may well wish to reconsider its proposed actions in light of them."  Id. at 175; see also London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1252-53 (11th Cir. 2003) (noting rule against one-way intervention but not reaching the issue).

Other courts and commentators who have analyzed this issue have concluded that Rule 23(c)(2)(B) requires prompt notice to the class.  See, e.g., In re Franklin Nat. Bank Sec. Litig., 574 F.2d 662 (2d Cir. 1978), aff'd on reh'g, 599 F.2d 1109 (2d Cir. 1979) (mandate of Rule 23 implies that notice to the class shall promptly follow the certification decision); Beale v. Edgemark Financial Corp., No. 94 C 1890, 1995 WL 631840, at *2 (N.D. Ill. Oct. 23, 1995) (notice "generally should be sent as soon as possible after certification of the class"); In re Home-Stake Production Co. Sec. Litig., 76 F.R.D. 351, 380 (N.D. Okla. 1977) ("It is well established that notice must be distributed to all class members at the earliest possible time.") (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)); 7AA Wright, Miller & Kane, § 1788 (3d ed. 2005) ("[N]otice must be sent long before the merits of the case are adjudicated."); cf. In re Worldcom, Inc. Sec. Litig., No. 02 Civ. 3288 (DLC), 2004 WL 77694 (S.D.N.Y. Jan. 20, 2004) (request to "defer" class notice denied; where settlement talks are ongoing and fact discovery is nearing an end, it is important to know who is and who is not a member of the class); see generally 7AA Wright, Miller & Kane, § 1786 ("Generally [notice] should be sent as soon as a court determines that class action is proper under Subdivision (c)(1) so as to provide the absentees with a full and meaningful opportunity to intervene to protect their rights or opt out."); Manual for Complex Litigation § 21.311 (4th ed. 2004) ("Ordinarily, notice to class members

4

should be given promptly after the certification order is issued."); Marvin V. Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 41 ("it seems obvious that if notice is to be effective – if class members are to have a meaningful opportunity to request exclusion, appear in the action or object to representation, etc. – the invitation must go out as promptly as circumstances permit.").

There are exceptions to this rule -- such as where a defendant affirmatively presses for summary judgment prior to class notice, see, e.g., Schwarzchild, 69 F.3d at 297 -- but none of them is applicable here. Defendants moved for summary judgment pursuant to a schedule created by the Court. Moreover, defendants have reminded plaintiffs of the need to notify the class on numerous occasions. (Edwards Decl. ¶ 5.)

Plaintiffs' failure to initiate the notice process in a timely fashion is entirely their fault. As experienced counsel with obligations to the class, plaintiffs counsel should understand that they are obligated to take action to ensure that the notice period has concluded prior to any decision on the merits. Defendants' entitlement to mutual estoppel should not be compromised by plaintiffs' failure to fulfill their obligations.

Dated:  Boston, Massachusetts
        June 2, 2006

                                    Respectfully Submitted,


                               By:   /s/ Jacob T. Elberg
                                    Steven M. Edwards (SE 2773)
                                    Lyndon M. Tretter ((LT 4031)
                                    Admitted *pro hac vice*
                                    **HOGAN & HARTSON LLP**
                                    875 Third Avenue
                                    New York, NY  10022
                                    Tel: (212) 918- 3640

                                    Thomas E. Dwyer (BBO No. 139660)
                                    Jacob T. Elberg (BBO No. 657469)
                                    **DWYER & COLLORA, LLP**
                                    600 Atlantic Avenue
                                    Boston, MA  02210
                                    Tel: (617) 371-1000
                                    Fax: (617) 371-1037
                                    tdwyer@dwyercollora.com
                                    jelberg@dwyercollora.com


                                    *Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network, Corp. and Apothecon, Inc.*


## CERTIFICATE OF SERVICE

I, Jacob T. Elberg, hereby certify that on June 2, 2006, pursuant to Paragraph 11 of Case Management Order No. 2, I have caused to be served on all counsel of record a true and correct copy of the foregoing BMS Defendants' Memorandum in Response to Plaintiffs' Motion for an Order Approving the Form and Manner of Class Notice by electronic service, by sending a copy of same to Lexis/Nexis File and Serve for posting and notification to all parties.

                                    /s/ Jacob T. Elbeg
                                    Jacob T. Elberg