# EXHIBIT 1

# HOGAN & HARTSON
## L.L.P.

LYNDON M. TRETTER
PARTNER
(212) 918-3528
LMTRETTER@HHLAW.COM

May 26, 2006

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

_**BY FACSIMILE**_

Edward Notargiacomo, Esq.
Hagens Berman Sobol & Shapiro
One Main Street, 4th Floor
Cambridge, MA 02142

   Re: **In re Pharmaceutical Industry Average Wholesale Price
     Litigation, MDL No. 1456 – Class Notice Issues**

Dear Ed:

   I write on behalf of our clients Bristol-Myers Squibb Company and
Oncology Therapeutics Network Corporation (together, "BMS") regarding the draft
class notice you sent to Davis Polk & Wardwell, as counsel for AstraZeneca. Davis
Polk has forwarded to me the draft notice as well as their letter to you responding to
the draft. On behalf of BMS, we adopt and incorporate Davis Polk's comments as
they relate to aspects of the draft that apply to all defendants. We also have the
following additional comments:

   1. There should be separate notices for Classes 1, 2 and 3. Especially
since Class 1 is comprised of elderly individuals or their survivors in many states,
the class members will be unduly confused by the inclusion of claims extraneous to
them and/or references to Massachusetts. I have edited the draft to reflect what
BMS believes is a more proper form of notice limited to Class 1 members. Plaintiffs
can easily adapt BMS' comments to create forms of notice for the other classes.

   2. The BMS drug "Coumadin" should not appear in any of the notices. It
is not usually administered in injectible form and, accordingly, has never been part
of Dr. Hartman's damages analyses or either party's summary judgment motion.

   3. BMS' subsidiary, Apothecon, should also be deleted from the notices.
It did not manufacture any of the drugs that have been certified for class treatment.

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   TOKYO
\\\NY - 58559/0059 - 942744 v1   NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

Edwards Notargiacomo Esq.
May 26, 2006
Page 2


    4.    The description of drug companies' practice of reporting AWPs to industry trade publications is inaccurate as to BMS.

    5.    The cut-off dates by which absent class members act must be before a decision by the Court on the pending BMS summary judgment motion.

    6.    It should be clear that the notices are drafted by class counsel.  No attempt should be made to suggest that the Court has endorsed the claims or defenses.

        Please see the enclosed redline of your proposed notice (and an enclosed "clean" copy of my revisions) for other line-specific edits, as well as a fuller and more appropriate description of BMS' defense.

                        Very truly yours,

                        Lyndon M. Tretter

/lmt
Enclosures

cc :  All counsel of record (via LEXIS/NEXIS)