**EXHIBIT 4**

## DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4766

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

May 25, 2006

Re: **Class Notice**

Mr. Edward Notargiacomo
Hagens Berman Sobol Shapiro
One Main Street
4th Floor
Cambridge, MA 02142

Dear Ed:

You have asked for comments on plaintiffs' proposed form of notice and notice program. This letter provides AstraZeneca's initial comments and reactions to your proposal. Although some of the points discussed below may have applicability to other defendants, I believe that other defendants will also have extensive comments and reactions to your proposal as it relates to the pending class actions against each of them and the drugs at issue for each of them.

Overarching Flaws With Respect to Plan

1. We believe your notice must be AstraZeneca and Zoladex specific and not include other defendants. There is a separate class action trial against AstraZeneca scheduled to begin on September 25, 2006 with respect to a single drug that has a unique user profile. Fairness, accuracy and comprehension would be fatally compromised by combining the AstraZeneca-related notice with the notices of the other class actions set for trial at different times against other defendants with respect to different drugs.

2. Any references to Pulmicort Respules is inappropriate because plaintiffs have conceded there is no claim with respect to Pulmicort.

3. Please explain why you do not provide for actual notice to Class 1.

4. The proposed notice program for Class 2 is insufficient because plaintiffs have provided no process by which to identify an appropriate addressee at the 40,000 insurance companies to which they propose to send mail notice.

Mr. Edward Notargiacomo   2   May 25, 2006

These companies may have anywhere between a handful and tens of thousands of employees, making who gets the notice important.

5. There is no program for publication notice as to Class 2, even though the Kinsella publication notice program for Class 1 is not intended to reach Class 2. Publication notice for Class 2, to accompany the direct mail notice, should be in specialized papers and journals so as to reach the members of Class 2.

6. As to publication, reach and targeting issues, we must await Kinsella's proposal for publication notice to the AstraZeneca Zoladex class.

### Additional Flaws in the Content of the Proposed Notice

1. Over and above the need to make the notice one that relates solely to Zoladex and AstraZeneca, the proposed form of notice is not clear or neutral and will create confusion. For example, "You" as it relates to Class 1 should be defined early in the notice and clearly. It is not.

2. The description and summary of the case is not accurate or neutral. Because this is the Court's notice, it must be. There should be simple clear language explaining that (a) the asserted AWP fraud is alleged to have violated the consumer protection laws of 44 states and the District of Columbia; (b) AstraZeneca denies the factual allegations and asserts, based on the facts, federal and state law, that there was no violation of the consumer protections laws, that the claims are barred by applicable limitations periods and other defenses; (c) the Class 1 representatives, whose claims the Court determined are typical, assert claims under the Oregon and Florida consumer protection statutes; (d) even if the Class representatives were to prevail at the trial on their claims, there is no assurance that class members from other states could recover because there would be legal issues to be determined under other consumer protection statutes and factual issues on a class member's claim; (e) all class members will have to submit a bill, and corresponding proof of payment of that bill, for Zoladex.

3. The "How do I know" section on page 6-7 is intimidating, incomplete and unnecessary.

4. The Exclusion sections are not presented neutrally and inappropriately suggest that those who do not opt out will get money, but those who do, will not. This is not a notice of settlement, and the drafting here is misleading.

Mr. Edward Notargiacomo	3	May 25, 2006

*******************

Although in our view there are several other drafting and ordering issues, the flaws addressed above are so fundamental that we believe these fundamental issues should first be addressed before we attempt to catalogue any additional issues.

Very truly yours,

*[signature]*

Michael S. Flynn