UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT ASTRAZENECA INC.'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370 | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0479 | |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0478 | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6223 | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.* <br> E.D.N.Y. Case No. 03-CV-12257 | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0397 | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 06-CV-0123 | |
| *County of Warren v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0468 | |
| *County of Washington v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0408 | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-06138 | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.* <br> S.D.N.Y. Case No. 03-CV-6178 | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6379 | |
| *County of Yates v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-06172 | |

The language of the 2003 Settlement (December 3, 2003)[1] speaks for itself and controls certain of plaintiffs' claims against AstraZeneca. AstraZeneca does not dispute, nor can it dispute, that the 2003 Settlement only resolves Zoladex related claims up to December 3, 2003, the effective date of the agreement.

AstraZeneca asserts in its individual reply memorandum (or "AZ Reply") that plaintiffs' claims for Zoladex are barred after the effective date of the 2003 Settlement, because, pursuant to the settlement, New York State has had the published AWP and the "average sales price" for Zoladex at its disposal since June 2003. AZ Reply at 5. AstraZeneca contends that "no matter what AWP may be, since June 2003, it has not been the only pricing information available for Zolodex" to the State of New York. AZ Reply at 5.

The argument raises questions of facts not resolvable on the instant record, provides no basis for dismissal and ignores entirely that AstraZeneca was required to report accurate pricing information that would result in an accurate published AWP. AstraZeneca's motion should be denied.

## DISCUSSION

### I.   The 2003 Settlement Speaks for Itself.

Paragraph 3 of the 2003 settlement agreement explicitly states:

> Notwithstanding any term of this Agreement, the state of New York **specifically does not herein release** any person or entity, **including Zeneca**, its predecessors, successors, subsidiaries, partners, joint venture owners, and their corporate parents and affiliates, predecessors, successors and assigns, and their current and former directors, officers, and employees from any and all of the following:
> ....
> (j) **any reporting of AWP for Zoladex to First Data Bank or any other national reporting service** for use in Medicaid reimbursement submitted **subsequent to the effective date of this Agreement** [December 3, 2003]. (emphasis added).

---

[1] The parties are in agreement that AstraZeneca's 2003 settlement agreement with the State of New York ("2003 Settlement") resolved plaintiffs' claims for Zolodex from Janaury 1991 to December 3, 2003.

1

*See* AstraZeneca MTD Exh. A (2003 Settlement) at Paragraph 3.

The 2003 Settlement "specifically does not [] release" claims for "any reporting of AWP for Zoladex to First Data Bank or any other national reporting service for use in Medicaid reimbursement submitted subsequent to the effective date" of the agreement, December 3, 2003. *Id.* AstraZeneca admits the effective date of the agreement in the AstraZeneca MTD . *See* AZ's citation to it description of covered conduct, AZ MTD at 3. Interestingly, AstraZeneca only reveals to the Court the scope of the conduct covered by the settlement release, but conveniently fails to mention the applicable time period covered by the release. Instead of candor with the Court, it appears AstraZeneca is attempting to pull a "fast one" in seeking dismissal of claims beyond the effective date of the December 3, 2003.

## II.  AstraZeneca's Published AWPs Are Still False.

New York Medicaid reimbursements are based on published AWP as reported by prescription drug pricing services. *See* N.Y. Soc.Sev. L. §367-a(9)(ii). As a voluntary participant in the Medicaid Program, AstraZeneca is charged with the knowledge of the requirements of State and Federal law. *See North Memorial Medical Center v. Gomez*, 59 F.3d 735, 739 (8th Cir. 1995) (*citing Heckler v. Community Health Servs.*, 467 U.S. 51, 64-65 (1984). In addition, as one who seeks to have their products paid for by public monies, AstraZeneca is required to "turn square corners when they deal with the Government." *Id.* As the United States Supreme Court recognized:

> This observation has its greatest force when a private party seeks to spend the Government's money. Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of law; respondent could expect no less than to be held to the most demanding standards in its quest for public funds. This is consistent with the general rule that those who deal with the Government are expected to know the law.

*Id.* at 63.[2]

---

[2] This rule has been adopted by New York courts and is applicable to New York's Medicaid program. *See New York State Med. Transporters Ass'n, Inc. v. Perales*, 564 N.Y.S.2d 1007, 128, 131 (N.Y. 1990) (stating that "the law is (continued...)

2

The 2003 Settlement did not alter AstraZeneca's duty to report or cause to be reported an accurate AWP for Zoladex to be published by First Data Bank or any other national reporting service after December 3, 2003. AstraZeneca is required to not defraud the Medicaid system. *Id.* Irrespective of the providing of the ASP, the rational response to the settlement by New York Medicaid is to assume that the AWP is now accurate. It is not the responsibility of New York Medicaid to audit defendants' published AWP against the ASP to ensure the AWP is accurate because the law requires AstraZeneca to not cheat the government. *Id.*

If AstraZeneca accurately reported its true ASP to the publishing entities, then WAC or AWP for Zoladex would have been adjusted downward to reflect the accurate ASP. Instead, AstraZeneca merely changed the NDC of Zoladex and did not lower the AWP, so the AWP remained false.[3] Indeed, the fact that AstraZeneca's allegedly true ASP pricing differed from the published AWP is in fact an admission that the published AWP and WAC pricing for Zoladex is false.

Lastly, the mere fact that AstraZeneca signed a Corporate Integrity Agreement to provide ASP information in no way guarantees that such ASP information is accurate, nor does it absolve AstraZeneca of any future liability related to Zoladex.

Plaintiffs sufficiently plead claims against AstraZeneca for damages resulting from the payment of Medicaid reimbursements based on the falsely reported AWP of Zoladex since December 3, 2003.

---

clear that those who deal with the government are expected to know the law, and cannot rely on the conduct of government agents contrary to law as a basis for "manifest injustice" claims).

[3] Zoladex 3.6mg Implant Syringe (NDC 00310-0960-36) had an AWP of $469.99 from December 2, 1998 through May 5, 2003. On or about May 5, 2003, AstraZeneca changed the Zoladex 3.6mg Implant Syringe NDC to 00310-0950-36. The new AWP of the same Zoladex 3.6mg Implant Syringe was the same $469.99, which did not change from May 5, 2003 through December 31, 2004 and longer. A period that includes an entire year after the effective date of the settlement of December 3, 2003 and 1 ½ years from June 4, 3004, the date AstraZeneca claims it began providing ASP pricing to New York State.

3

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, AstraZeneca's Motion to Dismiss plaintiffs' Zoladex claims after December 3, 2003 should be denied.

Dated: June 2, 2006

Respectfully submitted,

**KIRBY McINERNEY & SQUIRE, LLP**
Attorneys for the City of New York and all captioned New York Counties except Nassau.
830 Third Avenue
New York, New York 10022
(212) 371-6600

By: _JMC_____
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)

*Attorneys for the City of New York and all captioned New York Counties except Nassau.*


By:   LORNA B. GOODMAN,
Nassau County Attorney, by
**MOULTON & GANS, P.C.**

_NFG_____
Nancy Freeman Gans, BBO # 184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: 617-369-7979
Facsimile: 617-369-7980

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the County of Nassau*

4