# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

**INTRODUCTION**

Eli Lilly and Company ("Lilly") in both the Lilly MTD[1] and its individual reply memorandum ("Lilly Reply") does not challenge a single paragraph in plaintiffs' complaints as insufficient. Instead, as the primary grounds for seeking dismissal of all claims, Lilly contends that plaintiffs' claims should be dismissed because they are seeking a "do over" of the Court's previous ruling in *Suffolk*[2] and there is nothing new and different from the complaint in *Suffolk*. Lilly further contends that all claims against it were dismissed in Suffolk as evidenced by the fact that it was not required to (and did not) file an answer in *Suffolk* and that Suffolk did not bring any causes of actions against Lilly in the Consolidated Complaint.

Lilly is flat out wrong. Plaintiffs' allegations provide substantially more specificity and detail than the allegations in *Suffolk*. Here, the plaintiffs have identified fraudulent AWPs for all Lilly drugs for which they seek relief and properly used conservative and generally available wholesale prices as proxies for what accurate Lilly AWP should have been.[3] Plaintiffs also allege sufficient grounds to support its Best Price claims, including ongoing government investigations into Lilly's pricing practices that are directly relevant to and support plaintiffs' claims of Best Price and AWP fraud. As plaintiffs showed decisively in their individual opposition memorandum, the specificity of these allegations satisfies the particularity requirements of Fed. Rule Civ. P. 9(b) as well as this

---

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("Lilly Opp."). Additionally, all other causes not addressed herein are addressed in Plaintiffs Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply."

[2] *See In re Pharm. Indus. Average Wholesale Price Litig.* 339 F.Supp.2d 165 ("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 (D. Mass., Oct. 26, 2004) (*"Suffolk II"*); *In re Pharm.Indus.Average Wholesale Price Litig.* Memorandum and Order (D. Mass. April 8, 2005)("*Suffolk III"*).

[3] *See* CC at ¶¶434-448, Exh. A & B; NSAC at ¶¶ 372-384, Exh. B.

1

Court's prior rulings, including those in *Suffolk*. Lastly, the Court did not dismiss any non-fraud

based state claims against Lilly in *Suffolk*. Lilly's motion to dismiss should be denied in its entirety.

## DISCUSSION

As illustrated in great detail in their opposition to the Lilly MTD ("Lilly Opp"), plaintiffs

plead facts in support of their Best Price and fraudulent AWP claims with sufficient specificity to

meet the requirements of Fed. R. Civ. P. 9(b) as well as this Court's prior rulings in *Suffolk*. *See*

MTD Opp at 1. Plaintiffs' showing stands and is not disturbed in the least by the Lilly Reply, to wit:

*First*, Lilly does not challenge the sufficiency of a single paragraph of plaintiffs' complaints

in its individual motion to dismiss or its individual reply. Its sole grounds for dismissal are the

rulings in *Suffolk*.

*Second*, Lilly's contention that there is nothing new or different in the plaintiffs' complaints

from those in *Suffolk* is demonstrably wrong. As shown in Exhibit A to plaintiffs' Consolidated

Opposition, the Lilly allegations at issue here are markedly different from those in Suffolk, including

but not limited to:

> * Specific allegations that Lilly negotiated prices with its providers,
> PBMs, GPOs and other large purchasers at deep discounts off WAC,
> while at the same time maintaining false AWPs (*see* CC ¶437; NSAC
> ¶ 375);
>
> * Fraudulent AWPs compared with **actual prices** (based on House
> Committee documents) in 2001 for Vancocin 10mg showing spreads
> as high as 239% (*see* CC ¶439; NSAC ¶ 379);
>
> * Fraudulent AWP compared with **actual available market price** in
> 2000 for Humalog Mix 75/25 vial showing spreads as high as 612%
> (*see* CC ¶440);
>
> * Specific deep discounts in 2004 Zyprexa and Symbyax not
> accounted for in calculations of WAC or AWP (*see* CC ¶¶ 442-443;
> NSAC ¶¶ 382-384);

2

- Fraudulent AWPs for 116 NDCs in 2000 (*see* CC Exh. A; NSAC Exh. B).

None of the above allegations or AWP proxies were in the Suffolk complaint. Lilly has not challenged the sufficiency of any of these particular allegations here.

*Third*, the Court did not dismiss all claims against Lilly in Suffolk. As plaintiffs point out in its Consolidated Opposition and its individual opposition to the Lilly MTD, the Court sustained Suffolk's AWP-based and Best Price-based unjust enrichment claims and claims for violation of 18 N.Y.C.R.R. §515(b)(4) & (5) and NY Soc. Sec. Law §367-a(7)(d) against the Suffolk 13 +6, which includes Lilly. Thus, at the very least, these claims survive in *Suffolk*. Furthermore, Lilly did not dispute any non-fraud related claims in the Lilly MTD.

*Fourth*, the fact that Lilly is not required to (and has not) filed an answer in *Suffolk* is utterly irrelevant. No defendant in *Suffolk* is required to file an answer to the Suffolk Complaint at this point and no defendant has filed an answer. At the hearing on April 8, 2005, the Court specifically stayed any answers in *Suffolk* pending the outcome of the motions to dismiss here.

*Fifth*, the fact that Suffolk did not bring any claims against Lilly as part of the Consolidated Complaint is again utterly irrelevant. Footnote 17 of the Consolidated Opposition makes clear that Suffolk has joined in the Consolidated Complaint only as to those defendants not named in Suffolk's prior complaint. Judicial economy and the Court's rulings on April 8, 2005 require that any Suffolk initiative to join in the Consolidated Complaint as against all defendants should await the Court's rulings on the instant motions.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' Opposition memorandum, Lilly's individual

Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

                                    Respectfully submitted,

                                    **City of New York and all captioned Counties
                                    except Nassau, by**

                                    **KIRBY McINERNEY & SQUIRE, LLP**
                                    830 Third Avenue
                                    New York, New York 10022
                                    (212) 371-6600

                                    /s/ Joanne M. Cicala
                                    Joanne M. Cicala (JC 5032)
                                    James P. Carroll Jr. (JPC 8348)
                                    Aaron D. Hovan (AH 3290)
                                    David E. Kovel (DK 4760) (*pro hac vice*
                                    application pending)

                                    **For the City of New York**

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York

                                    John R. Low-Beer (JL 3755)
                                    Richard J. Costa (RC 7278)
                                    Assistant Corporation Counsels
                                    100 Church Street, Room 3-162
                                    New York, New York  10007
                                    (212) 788-1007

                                    **LORNA B. GOODMAN**
                                    Peter J. Clines
                                    Rachel S. Paster
                                    Nassau County Attorney, by

                                    **MOULTON & GANS, P.C.**

4

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

***Special Counsel for the
County of Nassau***