UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT BOEHRINGER INGELHEIM CORPORATION INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| |
|---|
| W.D.N.Y. Case No. 05-CV-6370 |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479 |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478 |
| *County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223 |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257 |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397 |
| *County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123 |
| *County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468 |
| *County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408 |
| *County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138 |
| *County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178 |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379 |
| *County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 |

Plaintiffs assert claims against the "Boehringer Group",[1] which is comprised of Boehringer Ingelheim Corporation ("BIC") and its three wholly-owned subsidiaries: Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI"), Roxane Laboratories Inc., and Ben Venue Laboratories, Inc. These three wholly-owned subsidiaries do not challenge a single paragraph in plaintiffs' consolidated complaint as insufficient. As such there is no basis to strike any allegations or deny any claims against these defendants.[2]

The only challenge from the Boehringer Group is by the controlling parent, BIC. BIC contends that it should not be included in plaintiffs' "Boehringer Group" and once removed from the group there are no allegations that pertain directly to BIC to satisfy Fed. R. Civ. P. 9(b) because BIC does not and has never manufactured or sold pharmaceuticals. BIC further contends that plaintiffs have no good faith basis in fact for this allegation that binds BIC to the "Boehringer Group".

BIC's argument is betrayed by the facts. The corporate structure and control of BIC clearly indicates that it is the alter ego of BIPI and has direct management ties to Roxanne and Ben Venue. As such, BIC is properly included in the "Boehringer Group" and subject to all allegations directed there at in plaintiffs' consolidated complaint.

In order to determine whether a subsidiary is the alter-ego of its parent, a court must examine, "factors that demonstrate whether corporate formalities have been observed" including

---

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("Bayer Opp."). Additionally, all other causes not addressed herein are addressed in Plaintiffs Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply").

[2] BIC contends that all allegations concerning government investigations and other lawsuits should be stricken. These allegations stand unchallenged and without any requests to strike from BIPI, Roxanne and Ben Venue. As they pertain to BIC, plaintiffs properly allege and refer to government investigations concerning Medicaid and pricing practices of the Boehringer Group (including BIC) being conducted by the DOJ, the HHS OIG, the House Committee on Energy and Commerce, and the Attorneys General for the States of Nevada, Pennsylvania and Wisconsin (CC ¶346, NSAC ¶324) per the Court's instructions. *See Suffolk II,* 2004 WL 2387125 at *2.

1

"whether the parent corporation and its subsidiary were separately incorporated, had separate boards of directors, maintained separate financial records, and had separate facilities and operating personnel." *In re Lernout & Hauspie Securities Litigation*, 337 F.Supp.2d 298, 313-314 (D.Mass. 2004) (quoting *Danton v. Innovative Gaming Corp. of America*, 246 F.Supp.2d 64, 72 (D.Me. 2003)(quoting *Russell v. Enterprise Rent-A-Car of Rhode Island*, 160 F.Supp.2d 239, 252 (D.R.I., 2001))).

*First*, BIC and BIPI share the same corporate headquarters and principle place of business located at 900 Ridgebury R., Ridgefield, Connecticut.

*Second*, the Westlaw corporate and business registration records for Connecticut (updated March 2, 2006) identify the Ridgefield address as corporate headquarters fro BIPI and J. Martin Carroll as the President of BIPI. *See* Westlaw state business records (attached hereto as Exhibit A). Similarly, the Westlaw corporate and business registration records for Nevada (updated April 10, 2006) identify the Ridgefield address as corporate headquarters for BIC, a Nevada corporation, and J Martin Carroll as President of BIC. *Id.* Lastly, the Westlaw corporate and business registration records for Connecticut (updated May 2, 2006) identify J. Martin Carroll is also identified as the Chairman of the Board of Roxanne. *Id.* Thus, the leader and controlling person of BIC, BIPI and Roxanne is the same person, J. Martin Carroll.

*Third*, a Westlaw search of Dun & Bradstreet lists both BIC's and BIPI's line of business as "manufacturing pharmaceuticals. *See* Westlaw Dun & Bradstreet records (attached hereto as Exhibit B). Also, like the state corporate records, Dun & Bradstreet identifies Werner Gerstenberg as the former President and CEO of both BIC and BIPI as of November 2, 2005. *Id.*

*Fourth*, other multi-tasking corporate executives between BIC and BIPI include: Hermann Tetzner (BIC Treasurer; BIPI Sr. VP of Finance & Treasury; Roxanne Treasurer) and Marla S. Persky, Esq (BIC, BIPI & Roxanne – Corporate Secretary). *See* Exh. A & B.

2

*Fifth*, the BIC website shows that BIC and BIPI are enmeshed and intertwined. The BIC website provides a "Message from J. Martin Carroll, President and CEO" in one spot discussing corporate compliance and a code of conduct for BIC and its subsidiaries.[3]

*Sixth*, on its website BIC holds itself out as a drug manufacturer and admits that it manufacturers pharmaceutical products. The BIC website -- next to a picture of a prescription bottle -- plainly states that "the people of Boehringer Ingelheim Corporation are committed to continuing this heritage by <u>producing the highest quality products to treat human and animal disease</u>." (emphasis added). There is no BIPI website.[4]

*Lastly*, in 2001, the German parent of BIC, Boehringer Ingelheim GmbH controlled all production decisions of the Boehringer entities. *See ICT Pharms. Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F.Supp.2d 268, 270 (D.Del. 2001).

The overlap of corporate control between BIC, BIPI and Roxanne is overwhelming. BIC is unmistakeably the alter ego of its subsidiaries and as such properly included in plaintiffs' "Boehringer Group" and subject to all allegations thereto in plaintiffs' complaints.

Furthermore, determining alter ego status, however, requires complex fact finding and is better left to summary judgment stage of the proceedings. *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 46-47 (1st Cir. 1999)(*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). Should the Court deem plaintiffs' showing insufficient, plaintiffs hereby request that they be permitted to explore in discovery any issues raised by BIC regarding its status as alter egos of its three wholly-owned subsidiaries.

---

[3] *See* http://us.boehringer-ingelheim.com/products/products.html

[4] *See* http://us.boehringer-ingelheim.com/about/compliance/compliance.html. "The <u>Boehringer Ingelheim Corporate</u> Compliance Program, Code of Conduct, and other policies, procedures and systems are designed to help <u>Boehringer Ingelheim</u> employees understand their ethical responsibility when conducting business on behalf of our company and ensure that our actions meet the highest standards of integrity for <u>Boehringer Ingelheim Corporation</u> and its subsidiaries." *Id.* (emphasis added).

3

## CONCLUSION

For all the foregoing reasons and in Plaintiffs' Opposition Memorandum, BIC's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
By:  James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (pro hac vice pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

By: **MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

4

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*