## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT ENDO PHARMACEUTICAL INC'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Defendant Endo Pharmaceuticals, Inc. ("Endo") asserts in its individual reply memorandum (or "Reply") that plaintiffs fail to make the required allegation that "Endo communicated false and misleading AWP information to the third party reporting information for any of its products." Reply at 1. Defendant argues that instead of alleging that Endo set AWP, "plaintiffs allege that Endo communicated false and misleading WAC information in order to inflate the AWPs published by third party price reporting services for Endo products. *See* Consol. Compl. ¶¶ 6, 454" Reply at 1. Endo contends that this omission in the CC is fatal to plaintiffs' claims because "Plaintiffs fail…to set forth any allegedly false or misleading WACs … and fail to otherwise allege any specific misrepresentations." *Id.*

The Court need look no further than the paragraph Endo cites to see how misleading Endo's argument is. Paragraph six of the CC unambiguously states that defendants, including Endo "set AWP". Plaintiffs allege that Endo and the other defendants set AWP "(a) by directly supplying AWP to publishers." *Id.* Even the most charitable reading cannot square this language with Endo's contention that "plaintiffs do not allege that Endo communicated false and misleading AWP information to the third-party price reporting services for any of its products." Reply at 1. The fact that paragraph six goes on to state alternative methods by which defendants cause the false and inflated AWP to be reported, i.e. "(b) by supplying publishers with a wholesale acquisition cost ('WAC') or 'WAC equivalent' such as direct price or list price to which the publisher applies a standard 1.2 or 1.25 markup and/or (c) by supplying both AWP and WAC or WAC equivalent", does not excuse Endo's gross misrepresentation.

Nearly all of Endo's other arguments are built on this false contention, and for the reasons explained below should also fail.

## I. Plaintiffs Allege That False WACs and AWPs Were Communicated To Publishers.

Defendant argues that because plaintiffs never alleged that Endo set AWP, they failed to

"state whether AWP or WAC was communicated for each drug, and to whom it was communicated." Reply at 1. As the quotation from paragraph 6 of the CC above makes clear, plaintiffs alleged exactly that. Furthermore, in light of this pleading and this Court's factual finding of defendants' "practice of inflating AWPs" See *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F.Supp.2d 196, 209 (D. Mass. 2004)("*Pharm III*"), Endo's argument is frivolous and should be ignored.

## II. Endo's WAC Argument Is A Red Herring; Plaintiffs' Allege False Endo Prices Resulted in False Endo AWPs.

Endo next argues that because plaintiffs pled that "Endo communicated false WACs to the third-party price reporting services, not false AWPs," plaintiffs' allegations fail because they did not particularize the WAC fraud. Reply at 2. As stated above, plaintiffs unambiguously alleged that Endo's communications to publishers resulted in the false and inflated Endo AWPs. Plaintiffs clearly set forth these false and inflated AWPs and the basis for their spreads. See Point III, below. Endo's argument is misplaced.

## III    Plaintiffs' Allegations Clearly Support Their Fraud Claims against Endo

Endo states that Fed. R. Civ. P. 9(b) and this Court require "factual allegations of a spread, internal documents, or government investigations from which an inference of fraud can be made." Reply at 2, quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125 at *2 (D. Mass. Oct. 26, 2004)(*"Suffolk II"*). Similar to Endo's mis-citation of the CC's paragraph six discussed above, the very opinion that Endo cites proves its contention demonstrably false. In *Suffolk II*, the Court dealt with this precise issue, and specifically held that allegations of internal documents and government investigations were not required. Although Suffolk had alleged only spreads and "there [we]re no other allegations (e.g. government investigations or the

2

company's own internal documents) to support a claim of fraudulent pricing," *Suffolk II* at *2, the Court held that the lack of these allegations would not be fatal if the spread allegations are well-founded. (*See Id.*, "If there is a good-faith basis for calculating a spread, the Court will deny the motion to dismiss.")

Endo's final argument is that plaintiffs spread allegations are inadequate because 1) spreads were only alleged for 20 of the 36 Endo products at issue and 2) the spreads rely on "market prices from sources unidentified in the complaint." This argument is also incorrect.

This Court has already dismissed Endo's first claim that plaintiffs are required to allege spreads for each drug at issue. In the context of the class action in this MDL, the Court has specifically held that Fed. R. Civ. P. 9(b) was met when "[p]laintiffs … identify particular allegedly-fraudulent conduct on the part of each **Defendant**" (as opposed to drug-by-drug allegations of fraud). The Court specifically held that drug-by-drug pleadings were not required in the class case, stating that "the Court rejects arguments that Plaintiffs must allege a specific spread for each drug, so long as sufficient facts were alleged to infer a fraudulent scheme by each particular Defendant manufacturer." *Pharm III* 307 F.Supp.2d at 209.

Endo's second claim is similarly misplaced. The nature and origin of the market prices used to calculate the spreads at issue has been disclosed in the motion practice surrounding the unsealing of the CC. *See* Merck Opp. at 2-3. Thus, contrary to Endo's representations at 3, plaintiffs have not bypassed the Court's requirement that they explain their spread calculations and the data on which they are based. Endo knows that it has caused inflated spreads to occur, and its misleading objections to the contrary should be ignored.

## Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Endo's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice*
application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

***Special Counsel for the
County of Nassau***