# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT MERCK & CO., INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| |
|---|
| W.D.N.Y. Case No. 05-CV-6370 |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479 |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478 |
| *County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223 |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257 |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397 |
| *County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123 |
| *County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468 |
| *County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408 |
| *County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138 |
| *County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178 |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379 |
| *County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 |

Defendant Merck and Co., Inc. ("Merck") asserts in its individual reply memorandum (or "Reply") that (i) plaintiffs' AWP allegations fail to meet Fed. R. Civ. P. 9(b) because they are merely "allegations that transactions occurred at a price below AWP" (Reply at 2) and (ii) all nominal prices are properly excluded from Best Price calculations, and therefore plaintiffs have not alleged a valid Best Price claim. Reply at 2-3.

Merck's arguments misinterpret this Court's prior rulings, ignore relevant portions of the pleadings, and misrepresent the requirements of the Medicaid Rebate Agreement.

## I. Merck Entirely Mischaracterizes Plaintiffs' Allegations of AWP Fraud.

Merck's reply entirely ignores plaintiffs' opposition to Merck's Individual Motion to Dismiss ("Opp.") wherein plaintiffs recount their particularized pleadings against Merck. Opp at 3. Instead, Merck merely reiterates that plaintiffs allege no specific AWP misconduct by Merck, a point that plaintiffs have already rebutted. Reply 1. Merck then contradicts itself by admitting, as it must, that for two Merck drugs plaintiffs did in fact allege spreads in excess of 40% between reported AWP and the conservative market prices plaintiffs utilize as AWP proxies. *Id.*, citing to Exhibit B-21 to the CC. Merck is not offended by such a spread apparently. Plaintiffs are.

Merck correctly states that this Court's orders require plaintiffs to demonstrate a good faith basis for their spread calculations. However, Merck incorrectly states that plaintiffs have not done so because they have used "a single price point from a single source." (Reply at 2) Merck's characterization of the data that forms the basis for Exhibit B to the Consolidated Complaint is entirely misleading. Exhibit B sets forth widely available market prices (to retail pharmacies) for drugs sold by Merck and all other defendants. That data was obtained from McKesson Servall, as explained in Plaintiffs Response to Defendants' Request For Extension of Time and Further Relief in Order to Comply with July 8, 2005 Order, Filed October 12, 2005. Any independent retail pharmacy who paid a nominal $50 into the Servall Program could take advantage of the prices set

1

forth in Exhibit B. Moreover, given that Servall prices were available to small independent pharmacies, defendant's prices to Servall Customers are indisputably higher than defendants' prices to the large retail chain pharmacies (given the relative bargaining power of each). Thus, plaintiffs' utilization of the Servall prices is both conservative and in good faith. In short, the Servall data is a perfectly reasonable proxy for "the actual average price at which the drug is sold by wholesalers." Reply at 2 citing *In re Pharm. Indus. Average Wholesale Price Litig.* Memorandum and Order (D. Mass. April 8, 2005)("*Suffolk III*") at 1.

Furthermore, this Court has ruled that plaintiffs could satisfy Fed. R. Civ. P. 9(b) without pleading spreads for each and every drug named in their complaint.[1] Merck's attack on plaintiffs in this regard is frivolous. Reply at 2.[2]

## II. Merck Entirely Misrepresents the Purpose of the Nominal Price Exception and Plaintiffs' Allegations Regarding Merck's Abusive Pricing Practices.

The purpose of the Nominal Price Exception to Best Price is to encourage companies to offer deep discounts to hospitals serving the indigent or charitable organizations. In other words, the purpose is to ensure that Best Price requirements do not discourage charitable acts. Consistent with that, for example, the Federal Medicaid Rebate Agreement expressly provides that "free goods [which are contingent on a purchase requirement] must be included in the calculation of Best Price." *See* Model Rebate agreement (Exh. D to Consolidated Complaint) at 1(d); *See also Id.* at 1(a) defining free goods as "drugs or any other items given away, but not contingent on any purchase requirements" In its nominal price investigation, the Senate Finance Committee Chairman, Senator Grassley, expressly referred to the purpose of the Nominal Price exception as promoting

---

[1] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp.2d 196 at 208-209, (D. Mass 2004) ("in light of the allegations and concessions concerning and industry-wide practice of inflating AWPs, the Court rejects arguments that Plaintiffs must allege a specific spread for each drug so long as sufficient facts were alleged to infer a fraudulent scheme by each particular defendant manufacturer. (i.e. government investigations concerning that company, internal company documents)").

charitable giving. *See* Nominal Price investigation letter at pg. 3, "Congress was trying to address a particular concern in addressing the nominal price exception; namely, to ensure that manufacturers did not have an incentive to terminate steep discounting practices designed with charitable intent to promote access to medication for low-income and other populations."

Merck ignores the purpose of the exception entirely and mis-cites the Federal Rebate Statute, 42 U.S.C. § 1396r-8(c)(1)(C)(ii), the Rebate Agreement (at I(d)), and a Wall Street Journal article for the overly-broad proposition that the "rebate agreement provisions …explicitly provide that [nominal] prices are not to be included in [Best Price] calculation[s]." Reply MTD at 2-3. The argument is false. As noted above, free goods (i.e. clearly discounted more than 90%) must be accounted for in the calculation of Best Price where such are contingent on a purchase requirement.

Merck offers no response whosoever to plaintiffs' fundamental allegation that Merck is abusing the nominal price exception by providing Vioxx, Zocor and Pepcid at a deep discounts to commercial customers (i.e. not for charitable purposes) in order to "end run" the purpose of the nominal price exception and avoid the Best Price Rule. CC at ¶¶146-154; ¶¶ 601-606 and Merck Opp.at 4-5.

Merck then states "the Counties identify no legal authority to suggest that AWPs should take into account prices statutorily excluded from price calculations under Medicaid." Reply at 3. *First*, as set forth above, plaintiffs dispute that Merck's "nominal prices" to certain customers qualify as those entitled to statutory exclusion from Merck's Best Price calculations. *Second*, it is notable that Merck cites no authority to support the proposition that Merck's improperly discounted items should be excluded from AWP.

---

[2] Merck's argument regarding physician-administered drugs is similarly misguided as set forth in plaintiffs' sur-reply to Amgen and point IV of plaintiffs' consolidated sur-reply, both of which are incorporated herein.

3

## Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Merck's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

                              Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*

5