UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S INDIVIDUAL MOTION TO DISMISS** |

| | |
|---|---|
| *County of Genesee v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-00267 | |
| *County of Greene v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0474 | |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-00415 | |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0715 | |
| *County of Lewis v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0839 | |
| *County of Madison v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-00714 | |
| *County of Monroe v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6148 | |
| *County of Nassau v. Abbott Laboratories, Inc., et al.* <br> E.D.N.Y. Case No. 04-CV-05126 | |
| *County of Niagara v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-06296 | |
| *County of Oneida v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0489 | |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0088 | |
| *County of Ontario v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6373 | |
| *County of Orleans v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6371 | |
| *County of Putnam v. Abbott Laboratories, Inc., et al.* <br> S.D.N.Y. Case No. 05-CV-04740 | |
| *County of Rensselaer v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-00422 | |
| *County of Rockland v. Abbott Laboratories, Inc., et al.* <br> S.D.N.Y. Case No. 03-CV-7055 | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6387 | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* | |

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Novartis Pharmaceutical Corporation's ("Novartis") arguments misinterpret this Court's prior rulings and ignore relevant portions of the pleadings and Plaintiffs' Opposition to Novartis' Individual Motion to Dismiss ("Opp.").

## I  Novartis Entirely Mischaracterizes this Court's Particularity Standard

In its Reply in Support of its Motion to Dismiss ("Reply"), Novartis misrepresents this Court's application of Fed. R. Civ. P. 9(b) to the misconduct at issue in this MDL and the New York Counties case. This Court has set up a particularity standard that does not require "drug-by-drug" pleading. Rather, the Court held that Fed. R. Civ. P. 9(b) was met when "[p]laintiffs … identify particular allegedly-fraudulent conduct on the part of each **Defendant**" (as opposed to drug-by-drug allegations of fraud). *In re Pharm. Indus. Average Wholesale Price Litig.* 307 F.Supp.2d 196 at 208 (D. Mass. 2004) ("*Pharm III*"). This Court specifically held that drug-by-drug pleadings were not required stating "the Court rejects arguments that Plaintiffs must allege a specific spread for each drug, so long as sufficient facts were alleged to infer a fraudulent scheme by each particular Defendant manufacturer." *Id.* Novartis (and other defendants) purposefully ignore this and instead criticize plaintiffs for "arguing" (as opposed to "citing") that  "where the alleged scheme of fraud is complex… pleading every instance of fraud (i.e. drug by drug allegations) would be extremely ungainly, if not impossible." *See* Opp. at 3, citing *Pharm. III.* at 208. Novartis overlooks that these are not plaintiffs' words, but rather the words of this Court. *Id.*

Novartis also argues that drug-by-drug pleadings are required pursuant to this Court's *Suffolk II* and *Suffolk III* decisions.[1]  In *Suffolk*, plaintiff alleged a claim of fraud, listed the fraudulent AWP for each drug at issue, and provided spreads for a small subset of such drugs. *See* Exhibits A and B to Suffolk's Amended Complaint, alleging a fraudulent AWP for over 2000 drugs

---

[1] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125, (D. Mass., Oct. 26, 2004) ("*Suffolk II*");
(continued…)

at issue in Exhibit A, and a fraudulent spread for fewer than 200 drugs in Exhibit B. In Suffolk, as in the class case, the Court did not require plaintiffs to plead spreads on all 2000 plus drugs listed in Exhibit A.  Rather, the Court held that, for this subset of drugs, "Suffolk shall disclose… all documents on which it relied in calculating the spreads, and provide, in writing, a more definite statement of its method of calculation… if there is a good faith basis for calculating the spread, the Court will **deny the motion to dismiss**."  *Suffolk II* at *2, emphasis added.  Thus, the Court in Suffolk did not require drug-by-drug pleading as the defendants maintain[2]. Rather, the Court stated that so long as there was a good faith basis for plaintiffs' spread calculations, the motion to dismiss would be denied as to that defendant and all associated identified drugs.  *Id.*

## II. The CC Satisfies This Court's Particularity Standard.

Having misrepresented this Court's particularity rulings, Novartis proceeds to claim that plaintiffs have not met the requirements of Fed. R. Civ. P. 9(b).  Since Novartis misstated what Fed. R. Civ. P. 9(b) requires in the first instance, its arguments should be ignored entirely.  In any case, Novartis is mistaken.

Plaintiffs have met the flexible standard articulated by this Court 1) by providing, drug-by-drug, the fraudulent AWP at issue which served as the basis for plaintiffs' reimbursement 2) calculating representative spreads for those drugs where plaintiffs have obtained conservative market price data as proxies for what true AWPs should have been 3) detailing investigations and/or litigation by other states and the federal government. Opp. at 2-3.

---

*In re Pharm Indus. Average Wholesale Price Litig.* Memorandum and Order (D. Mass. April 8, 2005) ("*Suffolk III*").
[2] Novartis is similarly misleading in its characterization of this Court's ruling *in Massachusetts v. Mylan*.  That case involved an asserted defense that WAC was not reported by certain companies.  Only in response to that claim did the Court require Massachusetts to state, drug-by-drug, the allegedly false representations that are the basis of the reimbursement price.  Stating that a defendant did or did not report WAC for each drug is far from requiring full recitation of the fraudulent scheme for each drug. The Court required no drug-by-drug fraudulent scheme to be plead in the *Massachusetts v. Mylan* case, and it requires none here. *See Massachusetts v. Mylan Laboratories*, Civ. No. 03-11865-PBS Memorandum and Order (April 5, 2005).

Thus, Novartis is incorrect when it contends that plaintiffs "make only the naked assertion that each Novartis NDC has a fraudulent and inflated AWP." Reply at 2. Such statement ignores plaintiffs' allegations as summarized above and the calculated spreads and government investigations described in more detail in the CC and in plaintiffs' Opp. at 2-3.

Novartis is also incorrect when it criticizes plaintiffs for filing to "cite the source of their alleged available market price information and [to] state the basis of their estimated spread calculation." Reply at 3, *Citing to Suffolk II*. Plaintiffs were not required to cite this source in their complaint and regardless disclosed the source during the motion practice relating to the unsealing of plaintiffs' Consolidated Complaint. *See* Merck Opp. at 2-3. Plaintiffs' calculation methodology, as described in plaintiffs Opp. to Wyeth at 2 (incorporated herein), is evident on the face of plaintiffs' exhibits. Thus, contrary to Novartis' representations at 3, plaintiffs have not bypassed this Court's requirement that they explain their (most conservative) spread calculations and the data on which they are based.

## Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Novartis's motion to dismiss should be denied in its entirety.

Dated: June 2, 2006

       Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice*
application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

4

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans               _
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the*
*County of Nassau*