# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND PAR PHARMACEUTICAL, INC. INDIVIDUAL MOTION TO DISMISS** |

| | |
|---|---|
| *County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267 | |
| *County of Greene v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0474 | |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00415 | |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0715 | |
| *County of Lewis v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0839 | |
| *County of Madison v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00714 | |
| *County of Monroe v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6148 | |
| *County of Nassau v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 04-CV-05126 | |
| *County of Niagara v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06296 | |
| *County of Oneida v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0489 | |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0088 | |
| *County of Ontario v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6373 | |
| *County of Orleans v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6371 | |
| *County of Putnam v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-04740 | |
| *County of Rensselaer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00422 | |
| *County of Rockland v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-7055 | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6387 | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* | |

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Defendant Par Pharmaceutical Companies, Inc., and Par Pharmaceutical Inc., ("Par") have filed a reply memorandum that rests entirely on mischaracterization of plaintiffs' allegations, their opposition briefs (both the individual opposition filed in respect of Par's motion, and the Consolidated Opposition), ("Opp." and "Con. Opp.") and the law. Par ignores both the Par-specific allegations plaintiffs have set forth at ¶¶ 642-654 of the CC and the false AWPs and outrageous spreads set forth in Exhibit A and B to the CC. Rather, Par attempts to distract the Court by pointing to a summary allegation included by plaintiffs amongst their detailed Par allegations. Par's attempt to distract must fail as must Par's motion as a whole. Furthermore, Par apparently has no response to plaintiffs' discussion of Par's failure to abide by its obligation to report accurate prices to the government given Par's desire to have its drugs paid for by Medicaid. *See* Par Opp.at 3. Nor does Par respond to plaintiffs' admonition that Par mis-stated the reimbursement category of 3 of the 7 drugs it analyzed and that Par does not even know which of its own drugs are subject to a FUL. *Id.*

The CC and plaintiffs' oppositions make patently clear that plaintiffs have more than alleged a case of fraud against Par, satisfying all of this Court's prior rulings (notably, Par's individual motion does not attack any of plaintiffs' claims not subject to Fed. R. Civ. P. 9(b)). Par's motion to dismiss should be denied in its entirety.

## I. Par Entirely Mischaracterizes Plaintiffs' Allegations of Wholesale Price Reporting Fraud and the Relevant Requirements articulated by this Court.

Par's reply ignores that plaintiffs' opposition sufficiently pled and complied with the particularity requirements of Fed. R. Civ. P. 9(b). Opp. at 2-3. Par's "core argument", that plaintiffs have failed to plead reliance on AWP is inaccurate. *First*, Plaintiffs have pled that where reimbursement is based on AWP, they relied on AWP. *Second*, Plaintiffs pled that where reimbursement is based on the FUL, they have relied on Par's price reporting to establish the FUL.

1

Contrary to Par's representation, these are not one sentence allegations. See Opp. at 2-3, 4, citing paragraphs 9, 12, 85-87, 122-136, 642-54, Exhibits A&B to the CC, and Exhibit A to Plaintiffs Opposition to Defendants' Consolidated Motion to Dismiss. Moreover, the allegations satisfy this Court's requirement that plaintiffs plead "a detailed overview of the fraudulent scheme that fits the paradigm described in the complaint." See Opp. at 2, quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp.2d 196 at 210 (D. Mass. 2004)("*Pharm III*").

The weakness of Par's reliance point is made clear with its example of Dexamethasone. Par claims that plaintiffs provide no "basis to infer that any reimbursement based on an AWP of $182.00 ever took place." Reply at 2. This is absurd. Dexamethasone is a non-FUL multisource drug. Thus, all of plaintiffs' pleadings directed at non-FUL drugs apply to Dexamethasone. Dexamethasone was always reimbursed at AWP, and Par set this AWP knowing it would be the basis of plaintiffs' reimbursement payments. CC at 646. Finally, the fact that Par simultaneously reported a WAC that may have been less misleading is irrelevant to Par's failure to "turn square corners"[1] when reporting AWPs to the government and to plaintiffs' well-pled reliance on Par's intentionally reported false and inflated AWPs. See Opp. at 3.

## II  Plaintiff's Best Price and Rebate Allegations are Entirely Sufficient

Par concedes that plaintiffs "allege generally that reported Best Prices were incorrect …. because [Par] knowingly excluded factors that it was required by statute or contract to include in the Best Price calculations". Par then mistakenly argues that plaintiffs allege "no factual basis for their [best prices] claim" because plaintiffs do not satisfy 9(b). Reply at 3.

Par's argument misses the mark. First, it ignores that plaintiffs have alleged an unjust enrichment Best Prices claim. None of Par's objections based on 9(b)'s particularity requirement

---

[1] *See Heckler v. Comty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 62 (1984).

2

apply to plaintiffs' unjust enrichment claim. *See Suffolk II* at *2. Since Par makes no other objection to this claim, it should be sustained.

Par's sole remaining reason, therefore, in support of dismissal of plaintiff's Best Price rebate claims is that plaintiffs' claims lack the required specifics. (See Reply at 3). Plaintiffs' response is set forth at Point IV of their consolidated sur-reply opposition, which is incorporated herein.

## Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Par's Motion to Dismiss should be denied in its entirety.

Dated: May 31, 2006.

        Respectfully submitted,

        **City of New York and all captioned Counties except Nassau, by**

        **KIRBY McINERNEY & SQUIRE, LLP**
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)
        David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*

4