UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519<br><br>*County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO THE "PFIZER DEFENDANTS'" INDIVIDUAL MOTION TO DISMISS** |

| | |
|---|---|
| *County of Greene v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0474<br><br>*County of Herkimer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00415<br><br>*County of Jefferson v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0715<br><br>*County of Lewis v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0839<br><br>*County of Madison v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00714<br><br>*County of Monroe v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6148<br><br>*County of Nassau v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 04-CV-05126<br><br>*County of Niagara v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06296<br><br>*County of Oneida v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0489<br><br>*County of Onondaga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0088<br><br>*County of Ontario v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6373<br><br>*County of Orleans v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6371<br><br>*County of Putnam v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-04740<br><br>*County of Rensselaer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00422<br><br>*County of Rockland v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-7055<br><br>*County of Schuyler v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6387<br><br>*County of Seneca v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* | |

| | |
|---|---|
| N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

The Reply Memorandum of defendants Pfizer, Inc., Pharmacia Corporation, Greenstone LTD and Agouron Pharmaceuticals (collectively the "Pfizer Defendants")[1] misinterprets the Court's prior rulings and ignore relevant portions of the pleadings. As detailed below and in Plaintiffs Consolidated and Pfizer-specific Oppositions[2], plaintiffs' allegations have more than satisfied the requirements of Fed. R. Civ. P. 9(b) for their AWP claims and have otherwise pleaded unlawful conduct by each Pfizer defendant. Notably, the Pfizer defendants *sub silentio* concede, as they must, that this court has already sustained Best Price claims against the Pfizer Defendants. *See* Opp. at 4 citing *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125 (D. Mass. Oct. 26, 2004) (*"Suffolk II"*) at *3.

## Argument

### The Pfizer Defendants Entirely Mischaracterize Plaintiffs' Allegations of AWP Fraud

In their reply, the Pfizer Defendants entirely ignore plaintiffs' opposition to the motion to dismiss wherein plaintiffs recount their particularized pleadings against each of the Pfizer Defendants. Opp at 1-3. Instead, the Pfizer Defendants merely reiterate that plaintiffs allege no specific AWP misconduct by any of the Pfizer defendants., Reply 4-5, a point that plaintiffs have already rebutted.

The Pfizer Defendants also contend that plaintiffs have pleaded no facts which, if true, would establish any fraudulent conduct by either Agouron or Greenstone, and that the "paragraphs cited by plaintiffs do not even mention Agouron or Greenstone." Reply at 4 citing page 1-2 of Opp. In fact, the paragraphs that plaintiffs quote, *See* CC at ¶¶ 66, refer to both Agouron and Greenstone,

---

[1] The Pfizer Defendants also joined in Defendants Joint Reply Memorandum of Law in Support of Motion to Dismiss the Complaints and in Defendant Merck & Co., Inc.'s Separate Reply Memorandum in Support of its Motion to Dismiss. Defendants Pharmacia and Greenstone also join in Sandoz's Supplemental Reply Memorandum of Law Regarding Multiple Source Generic Drugs. As such, Plaintiffs oppositions to Pfizer's motion incorporate their oppositions to the foregoing.

[2] Referred to as ("Con. Opp.") and ("Opp."), respectively.

1

and define Agouron and Greenstone as defendants who are part of the Pfizer Group. Second, plaintiffs' voluminous and particular allegations pertaining to "Defendants" and "the Pfizer Group" include these two Pfizer defendants.

The Pfizer Defendants next argue that "essentially indistinguishable" allegations pertaining to Pharmacia were dismissed in the Suffolk County action. This too is false. Significant, particularized detail has been added to the CC both in the form of additional facts, and over 60 calculated spreads ranging from 40% to 1100%. *See* Exhibit B-25 to the complaint; *see also* Exhibit A to the Con. Opp., which makes plain the many differences between the CC and the Suffolk Amended Complaint.

Finally, the Pfizer Defendants reiterate their argument that plaintiffs fail to "plead any fraudulent scheme with particularity, [relying on] nothing more than (a) undifferentiated allegations concerning all defendants, (b) the alleged existence of government investigations on unrelated topics and (c) allege spreads between AWP and "market price" for certain drugs. Pfizer Reply at 5. Pfizer says , "Plaintiffs do not explain how these allegations add up to a claim for fraud."

This argument ignores the proper pleadings of plaintiffs and misrepresents this Court's multiple rulings applying Fed. R. Civ. P. 9(b). *First*, the Court has held that there is an "industry-wide practice of inflating AWPs." *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp.2d 196 at 208-209 (D. Mass. 2004)("*Pharm III*"). This holding explains why certain "allegations concerning all defendants" are entirely proper, as it is senseless to repetitively plead what this Court has already found to be an industry-wide practice. *Second*, the government investigations of Pfizer and its subsidiaries are entirely relevant and proper, as they concern the very same conduct at issue here, i.e. the reporting of false and misleading wholesale price information leading to inflated reimbursements, and rebate non-compliance. *Third*, the complaint details

spreads based upon conservative actual wholesaler prices for Pfizer drugs through McKesson Servall. These prices, described for defendants in Plaintiffs' Response to Defendants' Request for Extension of Time and Further Relief in Order to Comply with July 8, 2005 Order (filed October 12, 2005) [Dkt 1780], serve as reasonable good faith proxies for what Pfizers' AWPs should have been. Finally, the Pfizer Defendants' characterization of this Court and Fed. R. Civ. P 9(b)'s particularity requirements makes clear that plaintiffs have, in fact, satisfied such. Pfizer says "this Court required plaintiffs to explain their spread calculations, and disclose all documents relevant to those calculations." Plaintiffs have done this, as explained above and in plaintiffs' consolidated opposition brief.

Furthermore, this Court explicitly stated that spreads for every named drugs are not required.[3] And, even if they were, plaintiffs have pleaded spreads for Pfizer, Inc., Pharmacia Corporation, and Greenstone LTD and have alleged substantial additional and particular detail for the entire Pfizer group. *See* plaintiffs' Pfizer Opp. at pages 1-3. Thus, the Pfizer Defendants piecemeal objections misrepresent the CCs allegations and ignore the totality of the pleadings.

---

[3] *See Pharm III*, 307 F. Supp.2d at 208-209 stating that "the Court rejects arguments that Plaintiffs must allege a specific spread for each drug so long as sufficient facts were alleged to infer a fraudulent scheme by each particular defendant manufacturer. (i.e. government investigations concerning that company, internal company documents, specific alleged fraudulent spreads on other drugs and the like").

## Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, the Pfizer Defendants' Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*