# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO: *The City of New York v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 04-CV-06054 *County of Albany v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0425 *County of Allegany v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0236 *County of Broome v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0456 *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0256 *County of Cayuga v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0423 *County of Chautauqua v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0214 *County of Chemung v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-6744 *County of Chenango v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0354 *County of Columbia v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0867 *County of Cortland v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0881 *County of Dutchess v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 05-CV-6458 *County of Essex v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0878 *County of Fulton v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456 Civil Action No. 01-12257-PBS  Judge Patti B. Saris   **PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT THE ROCHE DEFENDANTS' INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Hoffman La Roche, Inc. and Roche Laboratories Inc.'s, ("Roche") individual reply memorandum (hereinafter "Reply") mischaracterizes plaintiffs' opposition and their pleadings.

Roche says that plaintiffs "concede that they have no claims as to Roche's physician administered drugs ("PADs") reimbursed since 1994." Reply at 2. However, plaintiffs specifically stated in their opposition that the question of which Roche PADs were reimbursed based on actual cost versus AWP presented factual questions not resolvable at this stage of the case. Opp. at 4. As set forth in plaintiffs' opposition and consolidated sur-reply, the New York Statute merely provides that since 1994 practitioners who submit separate claims for PADs are to be reimbursed based on actual cost. Hospitals, clinics and other entities, who are not practitioners but who nevertheless seek Medicaid reimbursement for Roche PADs, are reimbursed based on AWP. Those reimbursements are properly part of this case. Moreover, to the extent certain Roche drugs may be self administered, they are reimbursed based on AWP. *See also*, Point IV of Plaintiffs' Consolidated Surreply, which is incorporated herein.

Roche also misrepresents plaintiffs' spread allegations by saying that Roche products are absent from the CC exhibits B and F. However, plaintiffs' spread allegations against Roche are in the text of the CC itself. CC ¶¶ 526-527. Roche's only attack on the spread allegations set forth in the CC text is that the prices utilized by plaintiffs do not represent a true average price. Plaintiffs have alleged that the prices utilized to demonstrate spread provide a good faith proxy of what a true average wholesale price should have been. CC ¶¶ 528. In other filings in this Court, plaintiffs have made clear that the Ven-a-Care McKesson Servall prices utilized to demonstrate spreads are conservative estimates of what a true average wholesale price would be (given the relatively weak bargaining power of the Servall Independent pharmacies viz the large retail chains).

1

Finally, Roche's argument that the Senate investigation of its nominal price activities has concluded and that there was a specific finding that Roche had not engaged in any improper conduct is unsupported by the record. Thus, it would be premature to conclude, as Roche suggests, that a clean bill has been issued by the United States Senate with respect to Roche's nominal pricing activity. Thus, Roche's motion to dismiss should be denied in its entirety.

## DISCUSSION

### A. Plaintiffs' Fraud-Based AWP Claims Are Pled With Sufficient Particularity And Should Be Sustained.

Plaintiffs' opposition makes clear that plaintiffs pleaded actionable spreads and government investigations of Roche. Roche makes several objections in reply, but none provides a basis for dismissal.

Roche first argues that plaintiffs included no allegations pertaining to Roche in Exhibits B&F to the consolidated complaint. Reply at 1. However, the text of the CC provides an example of Roche's outrageous spreads and the existence of *ongoing* government investigations of Roche. Next, Roche complains that Ven-A-Care or McKesson Servall are not mentioned in the CC. However, plaintiffs alleged their good faith basis for calculating spread and used actual prices of defendants to demonstrate what a true average wholesale price should have been. CC ¶¶ 526-527. The conservative source of plaintiffs' market price data was disclosed to all defendants during motion practice over the sealing of the CC. *See also* Merck Opp at 2-3 which is incorporated herein.

Roche next states that "plaintiffs must show a 'basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers.'" Reply at 2, quoting Suffolk III. Roche misquotes the Court. Suffolk was required to disclose its methodology so that the Court could rule whether Suffolk had a good faith basis for including a particular

defendant in its case. Regardless, plaintiffs alleged their good faith basis to calculate spreads in the CC. The basis was defendants' own prices.

Roche criticizes plaintiffs for including only single year's worth of spread data. The criticism is untenable. The Court has ruled that spreads are not even required, *See In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp.2d 196 at 208-209 (D. Mass. 2004)("*Pharm III*"), and that in any case, comprehensive pleadings setting forth spreads for each year are not required. *Id.*

## B. Plaintiffs' Best Price Claims Are Adequately Pled And Should Be Sustained.

Plaintiffs' response to Roche's attack on their Best Price claims is set forth in Point IV of their consolidated sur-reply brief, which is incorporated herein. Plaintiffs note specifically that they have alleged 1) an ongoing government investigation into Roche's nominal pricing practices and 2) that Roche improperly excluded certain nominally priced transactions from its best price reporting. *See* CC at ¶ 529. Plaintiffs thus satisfy this Court's requirement that they allege a company-wide scheme to improperly exclude certain nominally priced transactions from their best price calculations.

## CONCLUSION

For the reasons set forth herein, Roche's motion should be denied in its entirety. Should the court grant Roche's motion, plaintiffs expressly request that any dismissal of their claims be without prejudice so the plaintiffs may re-plead when and if (1) the ongoing senate investigation produces relevant evidence of improper use of the nominal pricing exception and/or (2) plaintiffs' ongoing investigation produces additional evidence of misconduct by Roche.

3

Dated: June 2, 2006

                Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*