# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT SANDOZ INC'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370 | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479 | |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478 | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223 | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257 | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397 | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123 | |
| *County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468 | |
| *County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408 | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138 | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178 | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379 | |
| *County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

The Reply Memorandum of Defendant Sandoz Inc. ("Sandoz") misses the mark in numerous material respects. *First*, Sandoz again ignores that plaintiffs have alleged that Sandoz's failure to report accurate prices for its generic products subject to a FUL resulted in inflated FULs and thereby injured plaintiffs. *See* Plaintiffs Opposition to Sandoz Motion to Dismiss ("Opp.") at 2, *Second*, Sandoz fails to acknowledge that Sandoz's AWPs served as the basis for Medicaid reimbursement for many of Sandoz products. Opp. at 5. *Third*, Sandoz disregards plaintiffs' discussion of the numerous factual misstatements in Sandoz's moving brief regarding when Sandoz products were reimbursed based on AWP versus FUL. *Fourth*, Sandoz improperly contends that plaintiffs' claims against it have previously been dismissed when, in fact, the CC represents plaintiffs' first test of their claims as against Sandoz. Sandoz is undoubtedly referring to the Suffolk case, but Suffolk has not joined in the CC as against Sandoz and the CC differs from the Suffolk Amended Complaint in important material respects, as set forth in Exhibit A to plaintiffs' consolidated opposition.

Thus, Sandoz's motion to dismiss should be denied in its entirety.

## I. Sandoz Entirely Mischaracterizes Plaintiffs' Allegations of Wholesale Price Fraud.

Sandoz's reply ignores plaintiffs' opposition wherein plaintiffs recount their particularized pleadings against Sandoz. Opp. at 2-4. Instead, the Sandoz reply brief merely reiterates that which Sandoz previously argued, and which plaintiffs have already rebutted, *i.e.* that plaintiffs allege no connection between their damages and Sandoz' [mis]conduct. (Reply *passim*).

Sandoz is correct that plaintiffs must show a causal connection between its misconduct and plaintiffs injury. However, Sandoz incorrectly states that plaintiffs have not done so. Sandoz first claims that "Plaintiffs failed to allege the connection between any defendant's allegedly inflated price information and the asserted injury...[because] plaintiffs do not allege that FUL

1

reimbursement on any specific Sandoz product .. that resulted in any alleged injury to Plaintiffs was actually based on Sandoz' AWP or any other of its pricing information." Reply at 1.   Sandoz is mistaken.  As stated in plaintiffs' Sandoz Opp. at 2-4, plaintiffs claim is simple - generic drug manufacturers have defrauded New York Medicaid by reporting false and inflated wholesale pricing information. This failure to report accurate wholesale price information caused the FUL to be calculated based on an inflated price.  This inflated FUL caused damage to plaintiffs by causing them to overpay whenever their reimbursements were based on the FUL.  (See detailed summary of these allegations at Sandoz Opp. 2-4.)

Sandoz next argues, "Plaintiffs complaints are lacking because the make no allegations connecting [widely available market prices] and the … FUL."  Reply at 2. This is also inaccurate. As stated above, plaintiffs have clearly connected Sandoz' widely available market prices to the FUL by using those prices as the basis for their claims that Sandoz reported wholesale price information that was false and misleading.

Sandoz next states that "plaintiffs now admit that 75% of the Sandoz products they claim at issue were reimbursed at the FUL."  Again, Sandoz misrepresents plaintiffs' statements to create the [misleading] impression that the majority of their drugs were always reimbursed based on FUL.  As Sandoz well knows, plaintiffs said that 943 of the 1294 NDCs were "ever" reimbursed at FUL. Sandoz knows that approximately a third of its drugs were intermittently on the FUL list, and were therefore reimbursed at both the AWP and the FUL at different points in time.

Sandoz next attempts to paint its factual misstatements as irrelevant. Sandoz claimed that particular drugs were on the FUL "since at least … 2000"  (Sandoz MTD at 4) when in fact they went on and off the FUL since 2000. Since Sandoz's point was that the products "were reimbursed at the FUL, not an AWP based formula" the fact that the drugs went on and off the FUL list is

2

highly relevant.

Finally, Sandoz states that "this many years into the litigation, new data should not be allowed to shore up a deficient pleading. [citations omitted], especially where, as here, the Court has dismissed prior pleadings." *See* Sandoz Reply at 2, fn. 5.  Sandoz's statement is entirely misplaced and factually incorrect.  Plaintiffs' here have never before had their pleadings tested; this Court has never ruled on a pleading by any County plaintiff other than Suffolk.  Moreover, there is no legal basis on which Sandoz could reasonably deny plaintiffs' right to file a motion for leave to amend on the basis of newly obtained (and even more devastating) pricing data.  This is particularly true given this early stage of plaintiffs' litigation, when no answers have been filed, when numerous of the joining plaintiffs have not even used their amendment as of right, and when plaintiffs have only been in possession of any discovery from defendants since March 2006 and per CMO #21.  (See, for example, *Hatch v. Dep't for Children*, 274 F.3d 12, 19 (1st Cir. 2002) stating that "[I]f leave to amend is sought before discovery is complete and neither party has moved for summary judgment... [the amendment should be permitted] as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory."

**Conclusion**

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Sandoz's

motion to dismiss should be denied in its entirety.

Dated: June 2, 2006.

Respectfully submitted,

**City of New York and all captioned Counties
except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice*
application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*