# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT WYETH'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| |  |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Defendant Wyeth asserts in its individual reply memorandum (or "Reply") that (i) plaintiffs' AWP allegations "apply to all defendants" and are thus insufficiently particular (Reply at 1), ii) plaintiffs' spread allegations are insufficiently particular because they have "already been considered and rejected by this Court," and (iii) that all nominal prices are excluded from Best Price calculations. Reply at 4.

Wyeth's arguments misinterpret this Court's prior rulings, ignore relevant portions of the pleadings, and misrepresent the requirements of the Medicaid Rebate Agreement.

## I. Wyeth Entirely Mischaracterizes Plaintiffs' Allegations of Wholesale Price Reporting Fraud.

Wyeth's reply entirely ignores plaintiffs' opposition to Wyeth's individual motion to dismiss, ("Opp."), wherein plaintiffs recount their particularized pleadings against Wyeth. Opp. at 3. Instead, Wyeth merely reiterates exactly what it previously argued, and plaintiffs have already rebutted, *i.e.* that plaintiffs insufficiently allege particular wholesale price reporting misconduct by Wyeth, by failing to allege "particular information about their allegation that the published AWP for each drug was fraudulent." Reply 1-2. Wyeth does not dispute that plaintiffs did in fact allege spreads between AWP and widely available conservative wholesale prices ranging from 40% to 20,000% for Wyeth drugs. *See Id.*, And, as stated in plaintiffs' opposition to Wyeth's motion in greater detail, plaintiffs' non-spread allegations are sufficiently particular. Plaintiffs "detail Wyeth's pricing behavior, and show how Wyeth's false and fraudulent price reporting caused damage to the counties by causing theme to overpay Medicaid reimbursements." Opp. at 1.

Wyeth correctly states that this Court's particularity requirements instruct plaintiffs to demonstrate a good faith basis for their spread calculations. However, Wyeth incorrectly states that plaintiffs have not done so because their allegations have "been considered and rejected by this

1

Court [as insufficiently particular under 9(b)]." Reply at 4. Wyeth's characterization of the data that forms the basis for Exhibit B to the Consolidated Complaint is entirely misleading. *First*, Wyeth quotes from a Court opinion that did not address plaintiffs' Exhibit B, which utilizes actual and conservative market prices to retail pharmacies as a proxy for a true AWP and compares them to Wyeth's false published AWPs.[1] The current spread allegations are substantially different from the prior version and have never been addressed by this Court. Furthermore, the new allegations comply with this Court's prior rulings, as the calculation methodology is clear on the face of the exhibits and based on actual wholesale prices. Moreover, the source of plaintiffs' Exhibit B AWP proxies has been more than adequately explained. *See* Plaintiff Opp. at 2; *See also* Merck reply at 2 (detailing the disclosure of the McKesson Serv-All data in the context of the motion practice over the sealing of the CC). In short, the Serv-All data is a perfectly reasonable proxy for "the actual average price at which Wyeth's drugs are sold by wholesalers."

Further, Wyeth knows that this Court has ruled that plaintiffs can satisfy Fed. R. Civ. P. 9(b) without pleading actual spreads for each and every drug named.[2]

## II. Wyeth Entirely Misrepresents the Purpose of the Nominal Price Exception and Plaintiffs Allegations Regarding Wyeth's Abusive Pricing Practices.

As stated in plaintiffs' Merck Surreply at 2-3, the purpose of the Nominal Price Exception to Best Price is to encourage companies to offer deep discounts to hospitals serving the indigent or charitable organizations (or put otherwise, to ensure that Best Price requirements do not discourage such charitable acts). See Merck Surreply at 2-3.

---

[1] The prior version of exhibit B which calculated these widely-available market prices from retail price data and listed spreads without providing all of the components necessary to calculate them.

[2] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp.2d 196 at 208-209 (D. Mass. 2004)("*Pharm III*") ("in light of the allegations and concessions concerning and industry-wide practice of inflating AWPs, the Court rejects arguments that Plaintiffs must allege a specific spread for each drug so long as sufficient facts were alleged to infer a fraudulent scheme by each particular defendant manufacturer. (i.e. government investigations concerning that company, internal company documents)").

2

Wyeth ignores the purpose of the exception entirely and mis-cites the Federal Rebate Statute, 42 U.S.C. § 1396r-8(c)(1)(C)(ii), the Rebate Agreement (at I(d)) for the overly-broad proposition that the "rebate agreement provisions ... explicitly provide that [nominal] prices are not to be included in [Best Price] calculation[s]." Reply MTD at 4. As noted in the Merck Sur-reply at 2-3, that is incorrect. Free goods (which are clearly discounted more than 90%) must be accounted for in the calculation of Best Price where such are contingent on a purchase requirement.

Wyeth offers no response whatsoever to plaintiffs' fundamental allegation that Wyeth is abusing the nominal price exception by providing Protonix at a deep discount to commercial customers (i.e. not for charitable purposes) in order to end run the purpose of the nominal price exception and avoid the Best Price Rule. CC at ¶¶146-154; ¶¶ 819-824 and Wyeth Opp. at 2-3.

Wyeth then states that "the Counties identify no legal authority to suggest that AWPs should take into account prices statutorily excluded from price calculations under Medicaid." Reply at 4. First, as set forth above, plaintiffs dispute that Wyeth's "nominal prices" to certain customers qualify as those entitled to statutory exclusion from Wyeth's Best Price calculations. Second, it is notable that Wyeth cites no authority to support the proposition that Wyeth's improperly discounted items should be excluded from AWP.

3

## Conclusion

For the reasons set forth herein, Wyeth's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

        Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

4

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*

5