UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT EMD INC'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

EMD's individual reply memorandum ("EMD Reply") does not challenge the sufficiency of the allegations made in the Consolidated Complaint[1] establishing plaintiffs' claims. Rather, EMD argues that it should be dismissed because the only allegation applicable to it is that EMD is the sole shareholder of Dey, Inc. *See* EMD Reply at 1.

To the contrary, by the well-established principals of the corporate alter-ego doctrine, the actions of Dey, Inc. are the actions of EMD for the purposes of establishing corporate liability. In order to determine whether a subsidiary is the alter-ego of its parent, a court must examine, "factors that demonstrate whether corporate formalities have been observed" including "whether the parent corporation and its subsidiary were separately incorporated, had separate boards of directors, maintained separate financial records, and had separate facilities and operating personnel." *In re Lernout & Hauspie Securities Litigation*, 337 F. Supp. 2d 298, 313-314 (D. Mass. 2004) (quoting *Danton v. Innovative Gaming Corp. of America*, 246 F. Supp. 2d 64, 72 (D. Me. 2003)(quoting *Russell v. Enterprise Rent-A-Car of Rhode Island*, 160 F.Supp.2d 239, 252 (D.R.I., 2001).

In a misguided attempt at exculpating itself from wrongdoing, EMD admits it is "merely a holding company" and that outside of its officers it "has no other employees and no manufacturing, production or sales operations." EMD Reply at 1. In other words, it is an empty husk, without any "facilities and operating personnel" independent of its subsidiaries such as Dey, Inc. and Dey L.P.

---

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("EMD Opp."). Additionally, all other causes not addressed herein are addressed in Plaintiffs' Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply.")

1

Additionally, EMD, formerly known as Lipha Americas, Inc. ("Lipha"), and Dey Inc. share Pamela A. Marrs as a Vice President and Chief Financial Officer. *See* EMD Opp. Exh. A.

Under a September 1, 1998 Management Services Agreement, EMD relied on Dey L.P. for the provision of all its accounting, financial and legal services.[2] That same agreement lists both Dey L.P. and EMD as possessing the same corporate address: 2751 Napa Valley Corporate Drive, Napa, CA 94558. *Id.*

Thus, it is not only the fact of EMD's status as sole shareholder of Dey, Inc., which in turn, is the general partner of Dey. L.P., that calls for the application of the alter-ego doctrine, but also EMD's own admission that it is a mere holding company, along with an SEC filing illustrating EMD's identity of corporate address and corporate officers as well as its dependence on its subsidiaries to carry out the most basic of corporate functions.

EMD observes that this Court dismissed Aventis Pharmaceuticals Inc. on the grounds that it, as opposed to Aventis Behring L.L.C., was not alleged to have sold a drug. EMD Reply at 4. What differs in this instance is the plaintiffs here have made a preliminary showing of an alter-ego relationship between EMD and its subsidiaries that indeed did sell the drugs named in the Consolidated Complaint.

Determining alter ego status, however, requires complex fact-finding and is better left to summary judgment stage of the proceedings. *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 46-47 (1st Cir. 1999)(*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Should the Court deem plaintiffs' showing insufficient, plaintiffs hereby

---

[2] *See* http://www.sec.gov/Archives/edgar/data/1066046/0000889812-98-002392.txt. (Dey Inc.'s SEC Form S-1/A Exhibit 10.4 filed on 10/02/1998)

2

request that they be permitted to explore in discovery any issues raised by EMD regarding its status as the alter ego of its subsidiaries.

## CONCLUSION

For all the foregoing reasons and those in plaintiffs' Opposition memorandum, EMD's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

Respectfully submitted,

KIRBY McINERNEY & SQUIRE, LLP
830 Third Avenue
New York, New York 10022
(212) 371-6600

By: _____/s/ Joanne M. Cicala_____
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DEK 4760)
*Attorneys for the City of New York and all captioned New York Counties except Nassau.*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
John R. Low-Beer (JL 3755)
Ari Biernoff (AB6357)
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-1007

*Attorneys for the City of New York*

LORNA B. GOODMAN,
Nassau County Attorney
Peter J. Clines
Rachel S. Paster
Deputy County Attorneys

MOULTON & GANS, P.C.

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, Massachusetts 02481
Telephone: 781-235-2246
Facsimile: 718-239-0353

MILBERG WEISS BERSHAD
 & SCHULMAN LLP
Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the County of Nassau*