UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT BIOGEN IDEC INC.'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370 | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479 | |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478 | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223 | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257 | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397 | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123 | |
| *County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468 | |
| *County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408 | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138 | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178 | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379 | |
| *County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

This Court has *never* ruled on the sufficiency of the allegations against Biogen[1] asserted by any plaintiff in the Consolidated Complaint, the Nassau Second Amended Complaint or any of their pre-consolidated individual complaints.[2] This is the first opportunity for a decision to be issued based on the allegations asserted by these plaintiffs.

Biogen contends plaintiffs' claims for Avonex should be dismissed without leave to amend because: (i) plaintiffs did not allege a spread; and (ii) allegations detailing the claim of former Biogen Associate Director for Medicare and Medicaid Reimbursement for wrongful termination that exposes Biogen's Best Price violations are insufficient to establish a Best Price claim. Biogen also contends all claims should be dismissed here because claims against it were dismissed in *Suffolk* and the plaintiffs "stipulated" that Suffolk does not join in any claims against it in the Consolidated Complaint.

Biogen's contentions are mistaken. Plaintiffs asserting claims against Biogen in the complaints here do so for the first time and with substantially more specificity and detail than the allegations in *Suffolk*.[3] *See* e.g., Consolidated Opposition Ex. A. As illustrated in great detail in their opposition to the Biogen motion to dismiss, plaintiffs' claims regarding Avonex meet the particularity requirements of Fed. R. Civ. P. 8(b) and 9(b) as well as this Court's prior rulings, including those in *Suffolk*. *See* Biogen Opp at 1. Plaintiffs' showing stands and is not disturbed in the least by the Biogen Reply, to wit:

---

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("Biogen Opp."). Additionally, all other causes not addressed herein are addressed in Plaintiffs Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply.

[2] Thirteen other New York counties joined the Consolidated Complaint pursuant to the Notice of Joinder filed February 10, 2006.

[3] Suffolk had its claims against Biogen -- asserted in a separate and distinct complaint filed by Suffolk -- ruled upon and does not, nor would not, re-assert those claims here. *See Suffolk I, II and III*.

1

*First*, plaintiffs allege sufficient grounds to support its Best Price claims, including allegations revealed by Biogen's former <u>Associate Director for Medicare and Medicaid Reimbursement</u> that Biogen does not account for free samples in its Best Price calculations. Plaintiffs are entitled to have their complaints reviewed as true and with the extension of every reasonable inference in their favor. *See Coyne v. City of Sommerville*, 972 F.2d 440, 442-43 (1st Cir. 1992). The reasonable inference from the allegations of Biogen's former Associate Director for Medicare and Medicaid Reimbursement is that her position at Biogen would make her privy to intimate knowledge regarding Biogen's pricing practices and whether Biogen violates Best Price requirements. Her termination should not negate the relevance of her allegations. Thus, and at bare minimum, plaintiffs' should be allowed to subpoena and depose this individual before dismissing Best Price claims against Biogen.

*Second*, plaintiffs have identified the fraudulent AWP for Avonex for which they seek relief. That plaintiffs allege this inflated spread in good faith is confirmed by comments made during an April 26, 2006 earnings call wherein Biogen discussed its January 2006 results. In response to a question by Mark Schoenberg of Bear Stearns about Biogen's average price per patient per year for Avonex, Burt Adelman, Biogen EVP of Development, stated, "...Avonex, on a WAC basis, which I suppose is the best way to think about it when you think of cost per patient per year, is a little over $16,500 per year."[4] Biogen thus admits that WAC is equal to patients' drug cost. If WAC equals patients' drug cost that means retailers are purchasing Avonex from wholesalers at a price that equals WAC or less (for them to purchase at a price higher than WAC would mean they would be selling at a loss). In fact, though, Biogen's AWPs, which are supposed to represent the retailers' true price from the wholesaler, are higher than Biogen's

---

[4] *See* http://seekingalpha.com/article/9604.

2

WACs (like all defendants). This must indicate that Biogen's AWPs are falsely inflated. For them to be otherwise would be economically untenable (retailers would be selling at a loss).

*Third*, Plaintiffs' allegations establish that not only is the AWP for Avonex fraudulent, but so is the WAC. AWP and WAC are distorted through the use of discounted contract pricing, up-front rebates, discounts and off-invoice transactions, all of which mask the falseness of its AWPs and WACs. *See* CC ¶¶ 5-20, 153; NSAC ¶¶ 3-14, 122.

*Fourth*, Biogen contends that the Court's *Suffolk III* ruling dismissed the remaining AWP claims against Biogen. As plaintiffs point out in their Consolidated Opposition and their individual opposition to the Biogen MTD, the Court sustained Suffolk's AWP-based and Best Price-based unjust enrichment claims and claims for violation of 18 N.Y.C.R.R. §515(b)(4) & (5) and NY Soc. Sec. Law §367-a(7)(d) against the Suffolk 13 +6, which includes Biogen. Thus, at the very least, these claims survive in *Suffolk*. Furthermore, Biogen did not dispute any non-fraud related claims in the Biogen MTD.

*Fifth*, the County of Suffolk did not join in the Consolidated Complaint as to Biogen. (*See* CC ¶32).[5] Suffolk's posture here is therefore utterly irrelevant as to whether claims still exist in *Suffolk*.

*Finally*, as this is the first ruling on the sufficiency of plaintiffs' allegations, any dismissal of plaintiffs claims as to Biogen should be made without prejudice to their rights to seek leave to amend.[6] *See Whelan v. Intergraph Corp.*, 889 F.Supp. 15, 19 at fn 4. (D. Mass. 1995) (citing *Hayduk v. Lanna*, 775 F.2d 441 (1985)) ( "federal courts must be liberal in allowing parties to amend their complaints.").

---

[5] Biogen mistakenly characterizes a "Whereas" statement of fact as a stipulation to not act. *See* CMO 21.

[6] Thirteen joining plaintiffs' individual complaints assert the same allegations as the Consolidated Complaint as such the Consolidated Complaint is their initial pleading.

3

## CONCLUSION

For all the foregoing reasons and those in Plaintiffs' Opposition Memorandum, Biogen's Motion to Dismiss should be denied in its entirety.

Dated: June 2, 2006.

                              Respectfully submitted,

                              KIRBY McINERNEY & SQUIRE, LLP
830 Third Avenue
New York, New York 10022
(212) 371-6600

By:_____/s/Joanne M. Cicala_____
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DEK 4760) (*pro hac* pending)

*Attorneys for the City of New York and all captioned New York Counties except Nassau.*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
John R. Low-Beer (JL 3755)
Ari Biernoff (AB6357)
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-1007

*Attorneys for the City of New York*

LORNA B. GOODMAN,
Nassau County Attorney
Peter J. Clines
Rachel S. Paster
Deputy County Attorneys

4

MOULTON & GANS, P.C.

      /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, Massachusetts 02481
Telephone: 781-235-2246
Facsimile: 718-239-0353

MILBERG WEISS BERSHAD
 & SCHULMAN LLP
Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the County of Nassau*

5