**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br>*The City of New York v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 04-CV-06054<br>*County of Albany v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0425<br>*County of Allegany v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0236<br>*County of Broome v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0456<br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0256<br>*County of Cayuga v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0423<br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0214<br>*County of Chemung v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-6744<br>*County of Chenango v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0354<br>*County of Columbia v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0867<br>*County of Cortland v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0881<br>*County of Dutchess v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 05-CV-6458<br>*County of Essex v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0878<br>*County of Fulton v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO DEFENDANT AMGEN INC'S INDIVIDUAL MOTION TO DISMISS** |

| | |
|---|---|
| *County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267<br><br>*County of Greene v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0474<br><br>*County of Herkimer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00415<br><br>*County of Jefferson v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0715<br><br>*County of Lewis v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0839<br><br>*County of Madison v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00714<br><br>*County of Monroe v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6148<br><br>*County of Nassau v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 04-CV-05126<br><br>*County of Niagara v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06296<br><br>*County of Oneida v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0489<br><br>*County of Onondaga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0088<br><br>*County of Ontario v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6373<br><br>*County of Orleans v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6371<br><br>*County of Putnam v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-04740<br><br>*County of Rensselaer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00422<br><br>*County of Rockland v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-7055<br><br>*County of Schuyler v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6387<br><br>*County of Seneca v. Abbott Laboratories, Inc., et al.* | |

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

Amgen, in its reply memorandum ("Amgen Reply"), reinforces its admission that drugs described as "physician administered" can be and are reimbursed based on AWP. *See* Amgen Reply at 2; *see also* Amgen MTD[1] at fn 6. By doing so, Amgen bolsters the irrelevance of the "physician administered" label to plaintiffs' claims and illustrates that Amgen's motion is, in fact, much ado about nothing.

Despite its admission, Amgen nevertheless boldly asserts that all of plaintiffs' claims related to "physician administered" drugs should be dismissed because: (i) they were reimbursed at "actual cost"; (ii) there is not an adequate basis for calculating the spread based on plaintiffs' market prices; and (iii) it would be convenient for Amgen to have the case so narrowed.

Amgen's own admissions regarding "physician administered" drug reimbursement make clear why its request for dismissal fails entirely.

Moreover, as shown in great detail in their opposition to the Amgen's individual motion to dismiss ("Amgen Opp."), plaintiffs plead facts in support of their Best Price and AWP fraud claims with sufficient specificity to meet the requirements of Fed. R. Civ. P. 9(b) as well as this Court's prior rulings in *Suffolk. See* Amgen Opp at 2-4. Plaintiffs' opposition to Amgen's motion is not disturbed in the least by Amgen's Reply, to wit:

*First*, the phrase "physician administered" has no operative or controlling significance in terms of reimbursement under New York Medicaid or whether such reimbursement is based on AWP. The Statute provides that New York Medicaid reimburses "for drugs provided by medical practitioners and claimed separately by the practitioners, [at] the actual cost of the drugs to the practitioners." N.Y. Soc. Serv. Law §367-a(9) (emphasis added). Thus, in order for a physician

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("Amgen Opp."). Additionally, all other causes not addressed herein are addressed in Plaintiffs' Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply.")

administered (or any other) drug to be reimbursed at "actual cost", the "medical practitioner" must: (i) provide the drug; and, (ii) claim reimbursement separately. *See id.* Plaintiffs concede that the plain meaning of the statute says that drugs so provided and claimed are reimbursed based on actual cost. All other drugs are reimbursed based on AWP and properly part of plaintiffs' case.

*Second*, plaintiffs' claims are based on reimbursements paid to health care providers pursuant to the drug NDC and corresponding AWP. Any distinction based on "physician administered" is irrelevant. A large portion of these drugs are also frequently referred to as "specialty pharmacy" products. Expert Report of Prof. Berndt ("Berndt Report")[2] at ¶ 90.

*Third*, "physician administered" drugs are not the exclusive bailiwick of medical practitioners. Health care providers such as specialty pharmacies, home health services, nursing homes and in-house hospital pharmacies, all of which may and do seek reimbursement based on AWP, are equally incentivized by spread. Specialty "pharmacies may provide the drug to physicians, but then receive reimbursement directly from the health plan/insurer, thereby eliminating the physician reselling transaction." Berndt Expert Report at ¶ 99; *see also* ¶ 103. Any health care provider with a DEA number may seek reimbursement for so called "physician administered" drugs without providing any associated services.

*Fourth*, the "physician administered" description has further been eroded by payors that also consider the drugs "self-administered". For example, Aetna considers Amgen products Infergen, Kineret and Enbrel to also be self-administered.[3]

*Fifth*, plaintiffs do not seek recovery of damages based on expenditures pursuant to a medical practitioner providing drugs and seeking actual cost reimbursement. New York Medicaid

---

[2]By citing the Berndt Report, plaintiffs in no way subscribe to its findings *in toto*. This Court commissioned Prof. Berndt for guidance in AWP matters, as such plaintiffs direct the Court to the findings relevant to the issues at hand.

[3]*See* http://www.aetna.com/formulary/inject_2006.html.

reimburses a medical practitioner at actual cost because the medical practitioner will also seek reimbursement for the physician visit and related services. Similar to Medicare Part B, New York Medicaid reimburses such situations based on J-Codes, not NDC.

*Sixth*, Amgen does not dispute -- nor can it -- that prior to June 9, 1994 New York Medicaid reimbursed all Amgen drugs to all claimants based on AWP, irrespective of any "physician administered" description. *See* Amgen Reply at 2.

*Seventh*, Amgen provides no reasoning or basis for why actual wholesale market prices offered to Ven-a-Care of the Florida Keys, Inc. ("Ven-a-Care"), a licensed pharmacy, and available on a nationwide basis to similar pharmacies participating in the McKesson/Servall program are invalid as a conservative and true AWP proxy. Amgen merely states its voluntary dismissal from the California action precluded it from having an opportunity to protest those prices there. *See* Amgen Reply at fn 2. Given that no remaining defendant in that matter challenged the legitimacy and source of these prices for calculating spread, any protest by Amgen there would be similar to its protest here, a red herring.

*Eighth*, plaintiffs' allegations of Amgen's admitted "drug revenue model", which is based on Amgen's ability to create whatever spread it likes for its drugs, combined with examples of fraudulent spread for Aranesp, Neutasta and Neopogen establish a reasonable inference of a company-wide AWP fraud scheme that implicates Epogen, Infergen, Kineret and Enbrel (*see* CC ¶¶ 223-235; NSAC ¶¶ 210-234), and satisfies the requirements of Fed. R. Civ. P. 9(b).[4] *See U.S. ex rel Franklin v. Parke Davis*, 147 F.Supp.2d 39, 46 (D. Mass. 2001).

*Ninth*, there is no legal basis under Fed. R. Civ. P. 8(a) or 9(b) for the dismissal of valid claims in order to "reduce the burden and expense of discovery" on Amgen. *See* Amgen Reply at 3.

---

[4]That said, per CMO #21, in February, 2006, Amgen produced discovery to plaintiffs for the first time. This discovery will permit plaintiffs to provide even greater specificity of Amgen's company wide scheme should the Court require it.

## CONCLUSION

For all reasons set forth herein and in plaintiffs' opposition memorandum, Amgen's individual motion to dismiss should be denied in its entirety.

Dated: June 2, 2006

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

***Special Counsel for the County of Nassau***