UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Judge Patti B. Saris |

**TRACK 1 DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION TO STRIKE TRACK 1 DEFENDANTS' MEMORANDA**

The Track 1 Defendants respectfully submit this opposition to Class Plaintiffs' Motion to Strike Defendants' Memoranda ("Motion"). In their Motion, Plaintiffs urge the Court not to consider two submissions: Track One Defendants' Notice of Supporting Authority Regarding Statutory Adoption of AWP in 1997 ("Notice of Supporting Authority") and Track One Defendants' Memorandum Addressing Class Plaintiffs' "Plain Meaning" Argument ("Memorandum"). These submissions, which together total barely eight pages of text, respond directly to questions posed by the Court at the hearing on May 23, 2006. These minimal and responsive submissions, meant to aid the Court in navigating an extensive record established over almost five years of litigation, should not be stricken.

The Notice of Supporting Authority responds directly to questions posed by the Court at the hearing. During the Defendants' presentation, the Court asked: "Are there any legislative reports, any conference committee reports, anything I should look at," especially "at the time AWP was put in[to statute]." (Summ. J. Hr'g Tr. 15, May 23, 2006, the relevant portions of

which are attached hereto as Ex. A.)  In response to this inquiry from the Court, counsel for Defendants said they would submit something identifying these sources.  (*Id.*)  The Notice of Supporting Authority was exactly that submission, focusing on Congress' adoption of AWP in 1997 and citing to relevant material that was already in the record.

Even though they now denounce this submission, Plaintiffs gave – unsolicited – analogous material to the Court at the hearing.  After the Defendants' presentation, the Court posed the same question to Plaintiffs' counsel: "So can you help me out?  Did you find any legislative reports back in – when was it? – 1997 that put into effect this AWP, what it means, what Congress meant?"  (*Id.* 29.)  Plaintiffs' counsel answered that he did not have such materials from 1997, "*[o]ther than these excerpts we've given you*."  (*Id.* (emphasis added).)  These excerpts, which Plaintiffs have now attached to their response to Defendants' submission, apparently had the same purpose as the Notice of Supporting Authority: to collect material relevant to the Court's determination of the meaning of AWP.

The Memorandum should not be stricken for the same reason.  During the hearing, the Court repeatedly asked whether a plain meaning interpretation of AWP was appropriate.  (*See id.* 9, 13, 14, 28.)  In response, Plaintiffs retracted their reliance on the "reasonable zone" interpretation advanced by Professor Hartman – on which they so heavily relied in their briefs – and urged a plain meaning interpretation instead.  (*Id.* 26.)  In response, Defendants requested leave and submitted a memorandum responding to the Court's questions and the Plaintiffs' (now-clarified) position.

Far from meaning to "add[] even more paper to the already voluminous Court file" (Motion at 2), Defendants' submissions meant to assist the Court in navigating that "voluminous Court file" to locate materials responsive to inquiries made at the hearing.

-2-

-3-

Thus, these submissions should not be stricken from the record, and Plaintiffs' Motion should be DENIED.

        Respectfully submitted,

        THE TRACK 1 DEFENDANTS

        By its attorneys,

        /s/ John T. Montgomery
        John T. Montgomery (BBO#352220)
        Steven A. Kaufman (BBO#262230)
        Eric P. Christofferson (BBO#654087)
        Ropes & Gray LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

        *Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  June 6, 2006

-4-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                            /s/ Eric P. Christofferson
                                            Eric P. Christofferson