# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| IN RE PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION NO. 01-CV-12257-PBS |
| _____ | ) | |
| | ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| ALL ACTIONS | ) | |
| | ) | |

**ASTRAZENECA PHARMACEUTICALS LP'S RESPONSE TO
PLAINTIFFS' SUR-REPLY AND SUPPLEMENTAL SUR-REPLY REGARDING
ASTRAZENECA'S MOTION FOR SUMMARY JUDGMENT**

Rather than file "two or three pages" discussing the issue raised by the Court, Plaintiffs have now made two filings aggregating eight pages in increasingly desperate attempts that misstate Florida and Oregon Law.

**A.      Plaintiffs Misinterpret Florida Consumer Protection Law**

Plaintiffs baldly assert that it is a "fiction," Pl. Sur-Reply at 3, that the definition of materiality in the FTC case law—"representation or practice" that is "likely to affect a consumer's choice regarding a product"—applies under the FDUTPA.  But it is no "fiction" that the   statute itself provides "that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2001."  Fla. Stat. § 501.204(2).  Nor is it a "fiction" that Florida courts give FTC definitions "great weight."  See Millennium Communications & Fulfillment, Inc., 761 So.2d 1256, 1263 (Fla. Ct. App. 3d Dist. 2000) ("Since FDUTPA is the state counterpart to the [FTCA], in deciding whether an act or practice may be deemed deceptive, we must give due

2

consideration and great weight to the interpretations made by the [FTC] and the federal courts.") (applying the FTC definition of deception); see also Crowell v. Morgan, Stanley, Dean Witter Servs. Co., 87 F. Supp. 2d 1287 (S.D. Fla. 2000).[1] And it is no fiction that the Florida Supreme Court, in PNR, Inc. v. Beacon Property Management, 842 So.2d 773, 777 (Fla. 2003), defined deception under the FDUTPA by citing to the Florida appellate court's decision in Millennium Communications & Fulfillment, Inc., 761 So.2d at 1263 (quoting Southwest Sunsites, Inc., 785 F.2d 1431, 1435-36 (9th Cir. 1986)) as establishing the definition of deception. See PNR, Inc., 842 So.2d at 777 (adopting FTC deception standard from In re Cliffdale Assocs., 103 F.T.C. 110, at *176-*84 (1984)); see also Rogers v. Cisco Sys., Inc., 268 F. Supp. 2d 1305, 1317 n.21 (N.D. Fla. 2003) ("In a very recent Florida case, the Supreme Court of Florida cited to two federal court decisions interpreting the FTC Act as establishing the definitions of 'unfair' and 'deceptive' under the FDUTPA. See PNR, Inc. v. Beacon Property Management . . . .").

The standard for deception under the FDUTPA is objective, requiring determination of whether the questioned act or practice would likely mislead a consumer acting reasonably in the circumstances, to his detriment.[2] See, e.g., AZ Mem. at 14. The FTC has explained this concept in its 1983 Policy Statement on Deception, appended to In re Cliffdale Assocs., 103 F.T.C. 110, at *176-*84 (1984),[3] stating that "[c]ertain elements undergird all deception cases. First, there

---

[1] Plaintiffs have said, "Florida law specifically provides that reliance on the decisions of the FTC and FTC Act is appropriate." Pl. Opp. at 11. Indeed, Plaintiffs' opposition brief relies on the concept of materiality from the FTC's Policy Statement on Deception. See id. at 11.

[2] Plaintiffs' claim that AstraZeneca has suggested that the FDUTPA requires actual reliance is absurd. As stated during the oral argument and in AstraZeneca's briefing, the misrepresentation must be likely to mislead a reasonable consumer.

[3] Plaintiffs' argument that "[i]t would . . . not make sense to use the language in Cliffdale to interpret the FDUTPA [b]ecause the FTC is acting in a law enforcement capacity and is not suing on behalf of a Class of individuals or entities" has been considered and rejected in a case cited by Plaintiffs, Pl. Sur-Reply at 3 n.5. In Davis v. Powertel, 776 So.2d 971, 974 (Fla. Ct. App. 1st Dist. 2001), the court noted:

must be a representation, omission or practice that is likely to mislead the consumer. . . .  Second, we examine the practice from the perspective of a consumer acting reasonably in the circumstances. . . .  Third, the representation, omission, or practice must be a 'material' one.  The basic question is whether the act or practice is likely to affect the consumer's conduct or decision with regard to a product or service."  Id. at *168-*70.[4]  The FTC definition for deception rests on three elements, one of which is "materiality," and the Florida courts have recognized and incorporated the FTC's definition of deception.[5]

Claiming that "scores of Florida authority," Pl. Sur-Reply at 3, supposedly preclude *any* consideration of materiality, Plaintiffs rely principally on dicta concerning a hypothetical sales tax overcharge.  But the Latman case involved the defendant submitting a bill with a false line item chargeable to plaintiffs.

Finally, AstraZeneca is also entitled to summary judgment concerning Mr. Townsend on the proximate causation element of the FDUTPA.  See AZ Mem. at 15-16.  Mr. Townsend

---

We recognize that the "likely to mislead" standard was developed for use with the [FTCA], which has no provision for a suit by a private citizen.  Perhaps the need for an objective standard such as this is greater if the action is one that must be pursued by a governmental agency on behalf of the consuming public.  A private citizen would have a greater ability to demonstrate the harmful effect of the alleged deceptive trade practice in a given case.  Nevertheless, the courts in Florida and other states have adopted the objective standard for private actions under similar consumer protection statutes.  In the absence of a more specific provision, therefore, we must assume that the instruction in section 501.204(2) to rely on federal interpretations applies to both public and private actions under Chapter 501.

[4] Plaintiffs assert that the Commission defines "materiality in a number of ways, including, among many others, a misrepresentation or practice that is 'likely to affect a consumer's choice.'"  Plaintiffs' Supplement to Their Sur-Reply ("Pl. Supp. Sur-Reply") at 1.  Plaintiffs do not point to "other definitions" of materiality, as the FTC's interpretation sets forth a single definition for materiality.

[5] Therefore, Plaintiffs' tardy attack on statements made during the oral argument on March 23, 2006, reflected in its 41-page submission purporting to support its motion for leave to file a one-page supplement to their sur-reply in opposition to AstraZeneca's motion for summary judgment, concerning PNR, Inc. v. Beacon Property Management and Millennium Communications & Fulfillment, Inc., lacks basis in fact or law.

cannot demonstrate that AstraZeneca's allegedly deceptive conduct proximately caused him to make "overpayments" for Zoladex.[6]

**B.      AstraZeneca Did Not Violate the Oregon UTPA**

Conspicuously absent from Plaintiffs' sur-reply is *any* reference to section 646.608(1)(s), despite Mr. Wexler's proclamation during the oral argument that he "can't believe that [plaintiffs] don't fall under this."  Tr. at 47.  The deafening silence confirms that Mr. Howe's claim does not fit within the confines of 646.608(1)(s) after all.

Plaintiffs do not affirmatively address Administrative Rule 137-020-0010, as promulgated by the Oregon Attorney General,[7] which demonstrates that 646.608(j) is directed to advertised price reductions likely to deceive consumers.  Instead,  Plaintiffs create their own definition for subsection (j), relying on state court decisions outside of Oregon.[8]  Rather than meaningfully address the applicability of 646.608(j) in light of the case law and the Attorney General's administrative rules, Plaintiffs suggest that a 1972 Colorado state court decision, interpreting the 1969 version of the Colorado Consumer Protection Act, is somehow probative.

---

[6] It should also be noted that Plaintiffs have nothing to say on the Florida statute of limitations being limited to four years.  See AZ Mem. at 17-18.

[7] These administrative rules may be found on the Oregon Secretary of State's Web site, at http://arcweb.sos.state.or.us/rules/OARS_100/OAR_137/137_020.html, or on Westlaw, with the identifier "OR ADC 137-020-0010."

[8] The only Oregon case that Plaintiffs cite is Sanders v. Francis, 561 P.2d 1003 (Or. 1977), which, notably, was decided thirty years ago, when ORS 646.608 contained only 19 paragraphs, id. at 595.  Plaintiffs rely on Sanders, for the proposition that subsection (j) is not limited to a particular practice, and forbids sellers to misrepresent price reductions for any purpose.  Pl. Sur-Reply at 1-2.  Plaintiffs distort the meaning of Sanders, which involved a defendant automobile dealer's sale of a used car to the plaintiff for a price $800 higher than the price advertised in the Oregonian without disclosing to her the lower advertised price.  The court notes that while that section is directed towards sellers claiming prices have been "slashed," it would be similarly forbidden to fail to disclose offerings of price reductions to buyers unaware of those offers.  While the court is broadening the application of that subsection it does not turn subsection (j) into some sort of catch-all, as Plaintiffs suggest.

*See* Pl. Mem. at 2 (citing <u>People ex rel. Dunbar of Gym of Am., Inc.</u>, 493 P.2d 660, 664 (Colo. 1972).

      Finally, Plaintiffs blithely overlook two of the three elements under the UTPA.  Even if Plaintiffs could establish a facial violation of one of the 56 specific paragraphs of the UTPA, Mr. Howe must also demonstrate that (1) AstraZeneca "willfully" violated the UTPA, and (2) he suffered a loss as a result of AstraZeneca's conduct.  <u>See</u> AZ Mem. at 7-9.  He has done neither. Nor have Plaintiffs provided any explanation of how Mr. Howe may recover despite full knowledge of the alleged misrepresentation.

      For the foregoing reasons, AstraZeneca is entitled to summary judgment as to the claims asserted under Florida law by Mr. Townsend and under Oregon law by Mr. Howe.

Dated:   Boston, Massachusetts
       June 8, 2006

                         Respectfully Submitted,

                         By:  /s/ Lucy Fowler
                            Nicholas C. Theodorou (BBO # 496730)
                            Lucy Fowler (BBO # 647929)
                            FOLEY HOAG LLP
                            155 Seaport Blvd.
                            Boston, Massachusetts  02210
                            Tel: (617) 832-1000

                            D. Scott Wise
                            Michael S. Flynn
                            Kimberley Harris
                            DAVIS POLK & WARDWELL
                            450 Lexington Avenue
                            New York, New York  10017
                            Tel: (212) 450-4000

                            Attorneys for AstraZeneca Pharmaceuticals LP

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on June 8, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Lucy Fowler_____
Lucy Fowler
