# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | (Original Central District of California |
| _____) | No. 03-CV-2238) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) | |
| Abbott Laboratories, Inc., *et al.* ) | |
| CASE #: 1:03-cv-11226-PBS ) | |
| _____) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT-IN-INTERVENTION**

At the May 22, 2006 hearing on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint-In-Intervention (the "Motion"), this Court asked several questions about the meaning of Average Wholesale Price ("AWP") and Direct Price ("DP") under California law. Based on the comments at the hearing, Defendants believe that the Court may be under the mistaken impression that AWP and DP were always defined by the California legislature. Prior to 2002, however, these terms were defined only by the California Department of Health Services ("DHS") in section 51513, title 22 of the California Code of Regulations, not by the California legislature. (*See* Defendants' Motion at 18.) In 2002, the California legislature adopted and codified DHS's definitions of those terms. *See* CAL. WEL. & INST. CODE § 14105.46 (2003) (repealed August 16, 2004, and definitions incorporated into CAL. WEL. & INST. CODE § 14105.45). Accordingly, the Court should consider the DHS regulatory record attached to Defendants' Motion, which demonstrates DHS's usage and understanding of these terms, when determining whether Plaintiffs have stated a claim under the California False Claims Act.

Exhibits E and F of Defendants' Motion are part of DHS's Rulemaking File for a 1987 amendment to section 51513.  The California Administrative Procedure Act (CAL. GOV'T CODE §§ 11340 et seq.) requires DHS to maintain this rulemaking file as part of the public record.  *See* CAL. GOV'T CODE § 11347.3.  Exhibit F is the Final Statement of Reasons for amending this regulation, and Exhibit E contains excerpts of price lists that DHS used as the basis for its Final Statement of Reasons.  (*See* MTD Ex. F, pp. 2-3.)  Exhibit E reflects that DHS knew as early as 1987 that AWP often exceeded actual cost by 300, 400 or even 500 percent.  Exhibit F shows that DHS expected and intended California providers to earn a significant profit on the difference between AWP and the actual cost of drugs.  (*See* MTD Ex. F, Addendum pp. 3-4.)  In 1996, DHS again acknowledged that it understood that AWP as used in its regulations did not equal providers' actual costs for drugs.  DHS acknowledged this in a letter it sent to the United States Department of Health and Human Services Office of Inspector General ("HHS-OIG") in response to a draft HHS-OIG report indicating that California pharmacies purchased branded drugs at an average of AWP-17.5% and generic drugs at an average of AWP-41.4%.  (*See* MTD Ex. A.)

As the regulatory record reveals, DHS never intended these terms to approximate providers' actual costs, contrary to what Plaintiffs now urge.  For these reasons, as well as those discussed in Defendants' Motion and supporting briefs, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint-In-Intervention in its entirety.

Dated: June 12, 2006         SUBMITTED ON BEHALF OF ALL LISTED
                             DEFENDANTS BY:

                             /s/ Brian J. Murray
                             James R. Daly
                             Brian J. Murray
                             Tara A. Fumerton
                             JONES DAY
                             77 West Wacker Drive
                             Chicago, Illinois 60601
                             Telephone: (312) 782-3939
                             Facsimile: (312) 782-8585

                             Toni-Ann Citera
                             JONES DAY
                             222 East 41st Street
                             New York, New York 10017
                             Telephone: (212) 326-8376
                             Facsimile: (212) 755-7306

                             *Counsel for Defendant Abbott Laboratories Inc.
                             and signing on behalf of all listed Defendants*

                             **Abbott Laboratories Inc.**
                             **Armour Pharmaceutical Co.**
                             **Aventis Pharmaceuticals Inc.**
                             **B. Braun Medical Inc.**
                             **Baxter Healthcare Corp.**
                             **Ben Venue Laboratories, Inc.**
                             **Boehringer Ingelheim Corp.**
                             **Boehringer Ingelheim Pharmaceuticals, Inc.**
                             **Bristol-Myers Squibb Company**
                             **Dey, Inc.**
                             **Dey, L.P.**
                             **Immunex Corp.**
                             **Mylan Laboratories Inc.**
                             **Mylan Pharmaceuticals Inc.**
                             **Roxane Laboratories, Inc.**
                             **Sandoz Inc.**
                             **Schering-Plough Corp.**
                             **Warrick Pharmaceuticals Corp.**
                             **ZLB Behring LLC (f/k/a Aventis Behring LLC)**

3

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on June 12, 2006, a copy to Lexis-Nexis for posting and notification to all parties.

                                                /s/ Tara A. Fumerton
                                                Tara A. Fumerton