# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' JOINT SURREPLY IN FURTHER OPPOSITION TO PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY'S INDIVIDUAL MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

This Court has *never* ruled on the sufficiency of the allegations against Purdue[1] asserted by any plaintiff in the Consolidated Complaint, the Nassau Second Amended Complaint or any of their pre-consolidated individual complaints.[2] This is the first opportunity for a decision to be issued based on the allegations asserted by these plaintiffs.

Purdue contends plaintiffs' claims should be dismissed without leave to amend because: (i) plaintiffs allege fraudulent spreads for each of its drugs for only 2000; (ii) comments made by a Purdue employee that AWP was "quite deceptive" because it does not factor in rebates and discounts, was merely a recitation of the benchmark nature of AWP as understood by the industry and thus not fraudulent; and, (iii) the investigation by the House Committee of Energy and Commerce does not raise an inference of fraud.  Purdue also contends all claims should be dismissed here because claims against it were dismissed in *Suffolk*.

Purdue's contentions are mistaken.  Plaintiffs asserting claims against Purdue in the complaints here do so for the first time and with substantially more specificity and detail than the allegations in *Suffolk*.[3]  *See e.g*., Consolidated Opposition Ex. A.  As illustrated in great detail in their opposition to the Purdue motion to dismiss, plaintiffs' claims meet the particularity requirements of Fed. R. Civ. P. 8(b) and 9(b) as well as this Court's prior rulings, including those in *Suffolk*.  *See* Purdue Opp at 1.  Plaintiffs' showing stands and is not disturbed in the least by the Purdue Reply, to wit:

---

[1] For clarity and consistency, plaintiffs use the same definitions of all terms and cases cited in their corresponding individual opposition memorandum ("Purdue Opp.").  Additionally, all other causes not addressed herein are addressed in Plaintiffs Consolidated Sur-Reply to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated Sur-Reply.

[2] Thirteen other New York counties joined the Consolidated Complaint pursuant to the Notice of Joinder filed February 10, 2006.

[3] Suffolk had its claims against Purdue -- asserted in a separate and distinct complaint filed by Suffolk -- ruled upon and does not, nor would not, re-assert those claims here.  *See In re Pharm. Indus. Average Wholesale Price Litig.* 339 F.Supp.2d 165, ("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125, (D. Mass., Oct. 26, 2004) (*"Suffolk II"*); *In re Pharm. Indus .Average Wholesale Price Litig.* Memorandum and Order (D. Mass. April 8, 2005)("*Suffolk III*").

4

*First*, Purdue does not challenge plaintiffs' examples of fraudulent AWPs and spreads from 2000, they merely contend that one year is insufficient to cover the time period for all of plaintiffs' claims from 1992 to the present. *See* Purdue Reply at 2.

*Second*, this Court does not require plaintiffs to provide fraudulent AWP and spreads for every year of their claims. To the contrary, this Court's rulings in all AWP cases soundly establish that in order to satisfy the requirements of Fed R. Civ. Proc. 9(b) plaintiffs must set forth factual allegations regarding spread, internal documents or government investigations from which an inference of fraud can reasonably be made. *See Suffolk II* , 2004 WL, 2387125 at *2; *In re Pharm. Indus. Average Wholesale Price Litig.* , 307 F. Supp. 2d at 209 (D. Mass. 2004)("*Pharm. III*")(recognizing an industry-wide practice of inflating AWPs and not requiring a specific spread for every drug of each manufacturer).

*Third*, as Purdue admits, plaintiffs provide examples of fraudulent AWPs for all Purdue products for which plaintiffs paid and detail exorbitant spreads calculated using actual available market prices as proxies for true average wholesale prices -- not using a calculated average price -- for Purdue products in 2000. These exorbitant spreads between an actual market price and the fraudulent AWPs for Purdue drugs paid for by plaintiffs were consistently over 50% and at times as much as 182%. The fraudulent nature of Purdue's AWPs is revealed by comparing the AWPs Purdue caused to be reported against the conservative proxies actually charged by wholesalers for Purdue's products.

*Fourth*, Purdue is legally obligated to report tethered wholesale pricing information to the government in order to have its products paid for from the public fisc. *See North Memorial Medical Center v. Gomez*, 59 F.3d 735, 739 (8th Cir. 1995) (*citing Heckler v. Community Health Servs.*, 467 U.S. 51, 64-65 (1984)). Plaintiffs allege that it does not do so.

*Fifth*, Purdue spokesman Robert Hogen has admitted that Purdue AWPs are "quite deceptive" because no one pays AWPs for drugs because of rebates and discounts. This confirms

5

plaintiffs' allegation regarding the falsity of wholesale pricing information as a direct result of rebates, discounts and other methods used to hide the true prices paid for Purdue drugs. *See* CC ¶¶ 122-136; NSAC ¶¶ 96-114.

*Sixth*, Purdue initially contended this was a "stray comment", now they contend it was a public comment about the benchmark nature of AWP. *See* Purdue MTD at 1; Purdue Reply at 2. The plain meaning of AWP is "average wholesale price". According to a September 1991 publication by First DataBank, "AWP represents an average price which a wholesaler would charge a pharmacy for a particular product. The operative word is *average.*" (emphasis in original). *See* Exhibit A (attached hereto). Regardless of whether AWP is interpreted by the statutory plain meaning or as an industry benchmark, it still must be at a minimum tethered to actual prices. In fact, AWP is not an average of anything, especially when discounts and rebates are not factored into its calculation.

*Seventh*, the Court has specifically held that to maintain AWP-related fraud and Best Price claims, plaintiffs must "set forth [] factual allegations regarding a spread, internal documents or <u>government investigations</u> from which an inference of fraud [could] reasonably be made..." (emphasis added). *See Suffolk II*, 2004 WL2387125 at *2*; *Pharm III*, 307 F. Supp. 2d at 209. The Court does not require an adjudication of the lawsuits or government investigations.

*Eighth*, plaintiffs' response to Purdue's contention that the Best Price allegations lack specificity is set forth at Point IV of their Consolidated Sur-Reply, which is incorporated herein by reference.

*Finally,* as this is the first ruling on the sufficiency of plaintiffs' allegations, any dismissal of their claims as to Purdue should be made without prejudice to their rights to seek leave to amend. *See Whelan v. Intergraph Corp.*, 889 F.Supp. 15, 19 at fn 4. (D. Mass. 1995) (citing *Hayduk v. Lanna,* 775 F.2d 441 (1985)) ("federal courts must be liberal in allowing parties to amend their complaints.").

6

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' Opposition Memorandum, Purdue's Motion to Dismiss should be denied in its entirety.

Dated:  June 12, 2006.

                Respectfully submitted,

                KIRBY McINERNEY & SQUIRE, LLP
                830 Third Avenue
                New York, New York 10022
                (212) 371-6600

                By:_____/s/Joanne M. Cicala_____
                Joanne M. Cicala (JC 5032)
                James P. Carroll Jr. (JPC 8348)
                Aaron D. Hovan (AH 3290)
                David E. Kovel (DEK 4760) (*pro hac* pending)

                *Attorneys for the City of New York and all captioned New York Counties except Nassau.*

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                John R. Low-Beer (JL 3755)
                Ari Biernoff (AB6357)
                Assistant Corporation Counsel
                100 Church Street
                New York, New York 10007
                (212) 788-1007

                *Attorneys for the City of New York*

                LORNA B. GOODMAN,
                Nassau County Attorney
                Peter J. Clines
                Rachel S. Paster
                Deputy County Attorneys

MOULTON & GANS, P.C.

_____/s/ Nancy Freeman Gans\_\_\_
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, Massachusetts 02481
Telephone: 781-235-2246
Facsimile: 718-239-0353

MILBERG WEISS BERSHAD
 & SCHULMAN LLP
Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the County of Nassau*

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 12th day of June, 2006 he caused true and correct copies of the City of New York and the Captioned Counties' Joint Surreply in Further Opposition to the Individual Motions to Dismiss of the following defendant Purdue Pharma L.P. and its Exhibit A. These documents have been delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456. The Surreply to the Individual Motion to Dismiss and Exhibit were posted to the Lexis Nexis File and Serve's Electronic Service System.

/s/Aaron D. Hovan
Aaron D. Hovan, Esq.
Kirby McInerney & Squire
830 Third Avenue, 10 Floor
New York, NY 10022
(212) 371-6600