-1-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO TRACK 2 DEFENDANTS' JOINT MEMORANDUM REGARDING THE COURT'S INTENTION TO RENDER A LEGAL DEFINITION OF THE TERM "AVERAGE WHOLESALE PRICE"**

Three weeks after the Track 1 summary judgment hearing held on May 23, and after three unauthorized post-hearing filings by the Track 1 Defendants, *the Track 2 Defendants* have now submitted a memorandum urging the Court (i) not to construe as a matter of law the meaning of "Average Wholesale Price" in the Medicare regime, and (ii) to provide the Track 2 Defendants with 20 days in which to file another memorandum on the topic.  For the reasons detailed below, the Court should reject the Track 2 Defendants' request.

**A.     The Track 2 Defendants Have No Right To Interfere With The Parties' Desire In Track 1 To Have The Court Determine The Meaning Of AWP As A Matter Of Law**

Both Plaintiffs and the Track 1 Defendants have agreed that the meaning of AWP in the context of Medicare Part B reimbursement should be interpreted as a matter of law.  *As such, the Track 2 Defendants do not have standing to interfere with the parties' stipulations in this regard*.  Even the Track 2 Defendants admit that they should not "interject [themselves] in briefing motions pending before the Court to which the Track 2 defendants are not a party."

-1-

Defs. Br. at 3.  But, of course, that is exactly what the Track 2 Defendants seek to accomplish.

To the extent that the Track 2 Defendants do not wish to stipulate that this issue is one that

should be decided as a matter of law against *them*, then they can make that argument at the

appropriate time, to wit, during the Track 2 summary judgment proceedings.

**B.      It Is The Court's Province To Interpret The Meaning Of AWP As A Matter Of Law**

The Court has already recognized that its duty is to interpret the meaning of AWP as that

phrase is used in the regulatory scheme.  *See, e.g., In re Pharm. Indus. Average Wholesale Price*

*Litig.*, 263 F. Supp. 2d 172, 180-81 (D. Mass. 2003) ("*In re AWP*") (observing that it is the

Court's duty to engage in the "heartland task of construing statutory language"); *Bureau of*

*Alcohol, Tobacco & Firearms v. Fedearl Labor Relations Authority*, 464 U.S. 89, 98 n.8 (1983)

(observing that "deciding what a statute means" is "the quintessential judicial function") (quoted

with approval in *In re AWP*); *Marbury v. Madison*, 5 U.S. 137, 178 (1803) ("It is emphatically

the province and duty of the judicial department to say what the law is.").  And statutory

construction is clearly a matter of law.  *See, e.g., Sprint Spectrum, L.P. v. Town of Ogunquit*, 175

F. Supp. 2d 77, 89 (D. Me. 2001) ("statutory construction is a matter of law") (quoting *Home*

*Builders Ass'n of Me., Inc. v. Town of Eliot*, 750 A.2d 566 (Me. 2000)); *In re Aiken*, 133 B.R.

258, 259 (D. Me. 1991) ("Questions of statutory construction are questions of law."); *see also*

*Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 698-99 (1st Cir. 1994) (Court engaged

in statutory construction and noted that "[i]n the game of statutory interpretation, statutory

language is the ultimate trump card"; only a "'clearly expressed legislative intention' contrary to

[the statutory] language . . . would require [the court] to question the strong presumption that

Congress expresses its intent through the language it chooses." ) (quoting *INS v. Cardoza-*

*Fonseca*, 480 U.S. 421, 432 n.12 (1987)); *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17, 23

-3-

(1st Cir. 1989) (construing meaning of statute as a matter of law and noting that "in the absence

of a clearly expressed legislative intention to the contrary, the plain language of the statute is

conclusive").

Moreover, the Court should not defer this task of statutory construction, because deferral

will impair the efficient conduct of upcoming trials.  *Cf.* FED. R. CIV. P. 1 ("[These rules] shall be

construed and administered to secure the just, speedy, and inexpensive determination of every

action.").  This is simply an issue that must be decided before trial so that the jury has a proper

standard against which to measure Defendants' conduct; it is not for the jury to decide what

AWP means within the Medicare regime.

**C.     The Track 2 Defendants' Motion To Be Heard Is Tardy And Interposed For
        Purposes Of Delay**

While the Track 2 Defendants now state that "[t]he Court's decision on this issue is of

great interest and importance to all defendants," Defs. Br. at 1, it apparently was not a

sufficiently important issue to compel the Track 2 Defendants to seek leave of Court to be heard

during the parties' multiple exchanges of pre-hearing briefing.  Indeed, the Track 2 Defendants

have known *since March 15th* when Plaintiffs' moved for summary judgment that Plaintiffs were

asking the Court to construe the plain meaning of AWP as a matter of law.  Only now, three

months after the Track 1 summary judgment motions were filed, and well after the May 23rd

summary judgment hearing, do the Track 2 Defendants seek to be heard.

The Court should not permit the Track 2 Defendants to interfere with the Court's two-

track case management template, which established two separate summary judgment

proceedings.  The Track 2 Defendants will retain the ability to have their individual summary

001534-16 112931 V1

judgment arguments heard at the appropriate time after Track 2 discovery closes.  But the Track 1 summary judgment phase is not the proper time, especially this late in Track 1 proceedings.

This constitutes the Track 2 Defendants' second attempt to frustrate the Court's cogent phasing of the litigation, the first instance coming with the Track 2 Defendants' quest to relitigate each and every class certification issue, which the Court has appropriately declined to entertain.  The purpose of dividing Defendants into "tracks" and phasing the litigation was to use the experience with respect to the Track 1 Defendants to streamline the Track 2 proceedings if possible.  As they did with respect to class certification, the Track 2 Defendants argue that the Court and parties should begin a fresh briefing round within 20 days of ruling on their request – as if the voluminous briefs already submitted to the Court on the meaning of AWP are not sufficient.  Indeed, it is difficult to envision what the Track 2 Defendants could possibly say that will differ from what has already been submitted by the Track 1 Defendants on this issue. Nonetheless, they will have an opportunity to make any new arguments that they believe they can marshal during the Track 2 summary judgment proceedings.

Moreover, had it been crticial for the Track 2 Defendants to be heard on this issue, they should have sought leave of Court to submit a brief long before now, when the Court is on the eve of deciding the Track 1 "global" summary judgment issues.  Had the Track 2 Defendants truly intended to promote the efficient adjudication of the meaning of AWP that would apply to them, as they now propose, they could have sought leave to submit briefing along with the Track 1 Defendants.  Thus, the Track 2 Defendants' delay exposes the strategy behind their maneuver: they want to delay the Court's resolution of the Track 1 summary judgment motions and the

-4-

commencement of the Track 1 trials so that the day of reckoning for *all* defendants continues to be postponed.  The Track 2 Defendants' request should be denied.[1]

## C.    Conclusion

The Court should rebuff the Track 2 Defendants' attempt to hijack the Track 1 summary judgment proceedings by denying the Track 2 Defendants' tardy attempt to perpetuate briefing on a matter that is already exhaustively and duplicatively briefed.  The Track 2 Defendants will have their "day in Court" during their own summary judgment proceedings, should they have any new arguments to make.

DATED:  June 13, 2006.

By   /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

---

[1] Given the mound of paper generated on this discrete issue by all parties during the motion to dismiss stage and by Plaintiffs and the Track 1 Defendants in the last couple of months, what new arguments could the Track 2 Defendants possibly muster?  And why would they need an additional three weeks from the date the Court decides whether to permit them to comment – a time that will be, at a minimum, six weeks removed from the Track 1 hearing?  These questions are rhetorical and demonstrate that the Track 2 Defendants intend to delay these proceedings.  In any event, if the Track 2 Defendants have anything new to say, they can make their statements during the Track 2 summary judgment proceedings.

001534-16  112931 V1

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

-6-

-7-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 13, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN RESPONSE TO TRACK 2 DEFENDANTS' JOINT MEMORANDUM REGARDING THE COURT'S INTENTION TO RENDER A LEGAL DEFINITION OF THE TERM "AVERAGE WHOLESALE PRICE"** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


    **/s/ Steve W. Berman**
Steve W. Berman

001534-16  112931 V1