- 1 –

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

## PLAINTIFFS' MOTION TO STRIKE THE TRACK 2 DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION

In a previous episode, the Track 2 Defendants informed the Court that they were entitled to rebrief the entire class certification issue from scratch and were entitled to lengthy briefs. After receiving a responsive brief from Plaintiffs, the Court issued CMO No. 24.  CMO No. 24 largely rejected the Track 2 Defendants' proposal.  It provided as follows:

> 1.      Plaintiffs shall file a motion for class certification regarding Track Two Defendants by May 1, 2006.  Plaintiffs may rely on my Memorandum and Order dated August 16, 2005 regarding Track One Defendants and brief other issues (***like adequacy and typicality***) as appropriate.  ***Any brief shall be limited to twenty pages.***
>
> 2.      Track Two Defendants shall file a consolidated response ***of the same length*** by June 1, 2006.  Each individual defendant may file ***a five-page brief concerning issues unique*** to that individual defendant.  These individual briefs shall not repeat arguments in the consolidated brief or include arguments common to all defendants.  Similarly, no additional briefing is necessary where my earlier Memorandum and Order addresses a point and the defendants agree with it.  No boilerplate briefing on standards for class certification is needed.

* * *

- 1 –

>4. In the appendices, counsel shall not refile affidavits, expert reports or duplicative materials concerning the industry as a whole. I will rely on the expert report of Professor Berndt. [Emphasis added.]

On June 15, 2006, the Track 2 Defendants filed their opposition to Plaintiffs' motion. Defendants flagrantly ignored CMO No. 24 as follows:

| CMO No. 24 Limitations | Actual Filing |
| --- | --- |
| Consolidated Opposition allowed 20 pages | 40 pages |
| Individual Briefs – 5 pages | Amgen – 9 pages <br> Aventis – 8 pages <br> Bayer – 8 pages <br> Fujisawa – 9 pages <br> Immunex – 6 pages <br> Watson – 8 pages <br> Baxter – 8 pages <br> Dey – 8 pages <br> Pfizer – 4 pages <br> Pharmacia – 8 pages <br> Sicor   6 pages <br> Abbott – 8 pages |

Defendants, without ever seeking leave of the Court, exceeded CMO No. 24's page limits by 50 pages.[1] Allowed pages would be 80. Filed pages were 130. This does not even address the voluminous exhibits and declarations filed with each brief. This is not a mere technicality: Plaintiffs are required, if these materials stand, to wade through this and respond in two weeks. And the Court will be required to wade through it as well.

Second, the opposition ignores paragraph 1 of CMO No. 24, directing Plaintiffs (and by logic Defendants) to address adequacy and typicality, the procedure followed with the Track 1

---

[1] The 40-page opposition has 225 footnotes and refers, in violation of CMO No. 24, to factual issues and materials extensively examined in Track 1.

- 2 -

Defendants after issuance of the Court's main opinion.  For example, pages 5-13 of the Track 2 Defendants' main opposition and the accompanying 68 footnotes, address the issues of common questions, an issue briefed in Track 1 with abundance and dealt with in the Court's main order.  This is a repackaging of prior materials.

The Track 2 Defendants' main opposition at pages 15-19 then repeats arguments already extensively briefed regarding the need for "individual determinations," even citing to the Young and Bell depositions and declarations before the Court and addressed in the Track 1 motion.  The main opposition then moves to a section entitled "common issues and superiority," (*see* p. 20), delving into the very same state law issues already extensively addressed in the Track 1 process.  It is not until page 32 that the Track 2 Defendants have a section that addresses typicality.  Thus, only 8 pages of the 40 page opposition responds to the matters identified in CMO No. 24.

In sum, dissatisfied with the Track 1 rulings, ignoring the Berndt Report virtually in its entirety, and ignoring CMO No. 24, the Track 2 Defendants want to and do rehash the Rule 23 issues in flagrant violation of the Court's Order.  These violations should not stand; Defendants should not be rewarded for cavalierly flouting the Court's Order.

Plaintiffs respectfully request that the Court order Defendants to comply with CMO No. 24 and to refile briefs that strictly comply with the page limits and that address the issues of typicality and adequacy.

DATED:  June 19, 2006                      By       /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 5 -

        Marc H. Edelson
        Allan Hoffman
        Edelson & Associates LLC
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        Shanin Specter
        Donald E. Haviland, Jr.
        Kline & Specter, P.C.
        1525 Locust Street, 19th Floor
        Philadelphia, PA  19102
        Facsimile:  (215) 772-1359
        Telephone:  (215) 772-1000

        CO-LEAD COUNSEL FOR PLAINTIFFS

- 6 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

     I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 19, 2006, I caused copies of **PLAINTIFFS' MOTION TO STRIKE THE TRACK 2 DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                            **/s/ Steve W. Berman**
                                            Steve W. Berman

000364-10 113776 V1