UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) | Hon. Patti B. Saris **FILED UNDER SEAL** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    Class 1 Plaintiffs Have Not Established CMS' Determinations
        Are Wrong and Federal Law Binds Class 1 Plaintiffs to CMS'
        Determinations ......................................................................................................... 1

    II.   Summary Judgment Is Required on the Claim of Class
        Representative Robert A. Howe Under Oregon Law ............................................... 4

        A.   There Is No Violation of Oregon UTPA .................................................... 5

        B.   There Is No Evidence of Willful Violation of UTPA .................................. 6

        C.   There Is No Evidence Mr. Howe Relied ..................................................... 7

        D.   Robert B. Howe Is Charged With Knowledge ........................................... 8

    III.  Summary Judgment Is Required on the Claim of Class
        Representative Leroy Townsend Under Florida DUPTA ........................................ 9

        A.   There Is No Evidence in the Record That
            AstraZeneca's Conduct Was Deceptive Under Florida Law ...................... 9

        B.   There is No Evidence in the Record that AstraZeneca's
            Conduct Proximately Caused Mr. Townsend's Alleged Loss ...................... 10

        C.   The Statute of Limitations Operates to Preclude Any
            Claims Under FDUTPA Prior to 1997 ........................................................ 11

    IV.  Summary Judgment Is Required on the Claims of Class 1
        And Class 2 with Respect to Pulmicort Respules .................................................. 12

CONCLUSION ....................................................................................................................... 13

i

## TABLE OF AUTHORITIES

### Case

Page

Apex Constr. Co. v. United States, 719 F. Supp. 1144 (D.Mass 1989)..........................................2

B&G Investment Partners LP Corp. v. Thompson, 391 F. Supp. 2d 246
(D.D.C. 2005) ...........................................................................................................................3

BCCA Appeal Group v. U.S. E.P.A., 355 F.3d 877 (5th Cir. 2003) ...............................................2

Bellevue Hosp. Center v. Leavitt, No. 05-1539-cv, 2006 WL 851934
(2d. Cir. April 3, 2006) ..............................................................................................................3

Bodin v. B&L Furniture, 42 Or. App. 731 (Or. Ct. App. 1979) ......................................................8

Central Electric Power Co-Op, Inc. v. Southeastern Power
Admin., 338 F. 3d 333 (4th Cir. 2003) .........................................................................................2

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971)
overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).........................................2

In re Cliffdale Assocs., 103 F.T.C. 110, 1984 FTC LEXIS 71 (FTC 1984)..................................10

Denson v. Ron Tonkin Gran Turismo, Inc., 279 Ore. 85 (1977).......................................................5

Lanphere Enterprises, Inc. v. Jiffy Lube Int'l, CV 01-1168-BR,
2003 U.S. Dist. LEXIS 16205 (D.C. Or. July 9, 2003), aff'd,
138 Fed. Appx. 20 (9th Cir. 2005)..................................................................................................6

Leveris v. England, No. Civ. 03-85-P-H, 2004 WL 1529293
(D. Me. May 27, 2004) ...............................................................................................................3

Massachusetts v. Dep't of Health and Human Servs., 727 F. Supp. 35 ..........................................2
(D.Mass. 1989)

McInnis v. Weinberger, 388 F. Supp. 381 (D. Mass 1975), aff'd,
530 F.2d 55 (1st Cir. 1976)...........................................................................................................3

Montgomery v. New Piper Aircraft, Inc., 209 F.R.D. 221 (S.D. Fla. 2002) .................................11

Novartis Corp. v. FTC, 223 F.2d 783 (D.C. Cir. 2000).............................................................9, 10

PNR, Inc. v. Beacon Property Mgmt., Inc., 842 So.2d 773 (Fl. 2003)..........................................10

Pacific States Box & Basket Co. v. White, 296 U.S. 176 (1935) ......................................................2

Philip Morris USA Inc. v. Hines, 883 So. 2d 292
(Fla. Dist. Ct. App. 4th Dist. 2003)...........................................................................................11

Pillica v. Ashcroft, 388 F.3d 941 (6th Cir. 2004) .............................................................2

Project B.A.S.I.C v. Kemp, 776 F. Supp 637 (D.R.I. 1991)............................................................3

Rathgeber v. Hemenway, 335 Ore. 404 (2003) ..............................................................5

State ex rel. Redden v. Discount Fabrics, Inc., 289 Or. 375 (1980) ...............................6

Turner v. Legacy Health Sys., No. 0412-12483, 2006 WL 657176
(Or. Cir. Feb. 22, 2006)....................................................................................................6

United States v. Chemical Found., 272 U.S. 1, (1926)...................................................2

United States Postal Serv. v. Gregory, 534 U.S. 1 (2001) ............................................2

## Statutes & Rules

646.608(1)(j) .....................................................................................................................5

646.608(s) .........................................................................................................................5

**PRELIMINARY STATEMENT**

AstraZeneca Pharmaceuticals LP ("AstraZeneca"), in support of its Motion for Summary Judgment ("Br."), replies to Plaintiffs' Opposition to AstraZeneca Pharmaceuticals LP's Motion For Summary Judgment ("Pl. Br.").

On this motion for summary judgment, the facts and the absence of facts concerning the claims of Zoladex Class 1 representatives Robert A. Howe and Leroy Townsend are not disputed. Their claims arise under the law of two of the 44 States on which the class was certified. The Court must construe and apply the undisputed facts of Messrs. Howe and Townsend's claims to Oregon and Florida law.

Plaintiffs' response grossly complicates the Court's job: making conclusory, unsupported assertions; attributing to AstraZeneca positions it did not take; raising straw-men (emotional and otherwise); taking contradictory positions in different sections; and misstating state law. Plaintiffs' recent desperation suggests they do not want the Court to embark on what they asserted was a straightforward process of applying similar fact patterns to similar laws. But the Court must. AstraZeneca is entitled to summary judgment on the claims of Messrs. Howe and Townsend.

**ARGUMENT**

**I.     Class 1 Plaintiffs Have Not Established CMS'
        Determinations Are Wrong and Federal Law Binds
        Class 1 Plaintiffs to CMS' Determinations**

AstraZeneca demonstrated that CMS was specifically charged by federal law to determine the amount that federal law required the Medicare Trust Fund and, respectively, co-payor Howe and co-payor Townsend to pay for injections of the Medicare Part B drug Zoladex and to communicate those determinations on an Explanation of Medicare Benefits ("EOMB") to

1

each.  Br. at 1-2.  This was not, and could not be, disputed by Plaintiffs.[1]  Rather than trying to

show that the CMS' determinations were incorrect, Plaintiffs' counsel makes the conclusory

assertion that CMS had to have been erroneous.  Pl. Br. at 3.  Such an argument is not sufficient

to avoid summary judgment.[2]

In United States v. Chemical Foundation, 272 U.S. 1, 14-15 (1926), the Supreme Court

held:  "[t]he presumption of regularity supports the official acts of public officers and, in the

absence of clear evidence to the contrary, courts presume that they have properly discharged

their official duties."  It is thus a long-established, fundamental, and often-applied principle of

federal law that "a presumption of regularity attaches to the actions of government agencies."

United States Postal Service v. Gregory, 534 U.S. 1, 10 (2001).[3]  Federal agencies and their

officials are presumed to have properly performed what federal law required the agency and its

officers to do.  This principle is often applied by courts in the First Circuit,[4] and by federal courts

---

[1] Attached hereto as Appendix A is a chart ("56.1 Chart") demonstrating that the core material facts sufficient to support AstraZeneca's motion for summary judgment are undisputed.

[2] AstraZeneca does not understand Plaintiffs' assertion that CMS only determines the percentage of Medicare Part B payments required to be paid by Medicare versus beneficiaries.  Pl. Br. at 3-4.  The law is clear that CMS is required to determine (1) the amount that federal law requires be reimbursed to doctors under Medicare Part B, and (2) the allocation of that federally determined amount between the Medicare Trust Fund and the co-payor. See Br. at 2.  CMS is required to do both and did so here, as shown on the EOMBs, required by law to be sent to Part B beneficiaries.

[3] Accord e.g., Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971) (Secretary of Transportation's "decision is entitled to a presumption of regularity"), overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977); Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185 (1935); BCCA Appeal Group v. U.S. E.P.A.., 355 F.3d 877, 836 (5th Cir. 2003) (E.P.A.'s choice of analytical methodology is entitled to a presumption of regularity); Central Electric Power Co-Op, Inc. v. Southeastern Power Administration, 338 F. 3d 333, 337 (4th Cir. 2003) ("Given the expertise of agencies in the fields they regulate, a presumption of regularity attaches to administrative actions."); Pillica v. Ashcroft, 388 F.3d 941, 950 (6th Cir. 2004) (administrative determinations are entitled to a presumption of regularity).

[4] Until the new Supreme Court rule permitting citations becomes effective, only District Court cases will be cited.  E.g., Massachusetts v. Dep't of Health and Human Servs., 727 F. Supp. 35, 42 (D. Mass. 1989) (where there was no evidence that officials had circumvented or planned to circumvent the law, the presumption of regularity is sufficient to overcome hypothetical abuse); Apex Construction Co. v. United States, 719 F. Supp. 1144, 1147, 1153 (...continued)

in cases involving the Medicare Act.[5]  CMS determined, for example, that for

when the 1997 statute was in effect, federal law required

the Medicare Trust Fund to pay Mr. Townsend's physician $1,104.61 and federal law required

Mr. Townsend to pay his physician $276.14.  Under this rule, CMS presumed to have properly

discharged its official responsibility to determine, to calculate, and to communicate what the

federal Medicare Act required to be paid to these physicians, and properly and accurately

determined the amounts that federal law – the 1997 Act – required the Medicare Trust Fund and

Mr. Howe and Mr. Townsend to pay.  Plaintiffs have not shown that CMS' determinations of the

co-pay amounts set forth on Mr. Howe's or Mr. Townsend's EOMBs are inaccurate and

improper.

Moreover, Plaintiffs' counsel simply says, without analysis, that the Supremacy Clause is

not involved.  Pl. Br. at 4.  But the federal agency specifically charged by federal law to make

the determinations of the amounts Mr. Howe and Mr. Townsend must co-pay their physicians for

Zoladex injections under Medicare Part B did so.  For the substantive (consumer protection or

other) law of Oregon or Florida to purport to say that the federal Medicare Act required Mr.

---

(continued...)

(D. Mass 1989) (a heightened burden on plaintiff "in view of. . . the general presumption of regularity of agency decisions"); McInnis v. Weinberger, 388 F. Supp. 381 (D. Mass 1975) aff'd, 530 F.2d 55 (1st Cir. 1976) ("the regulations and procedures promulgated pursuant to [a Congressional Act empowering an agency secretary] come clothed with a presumption of regularity and validity. . . the assumption is that the expertise of the agency merited the confidence of Congress that the legislation would be effectuated properly"); Leveris v. England, No. Civ. 03-85-P-H, 2004 WL 1529293, at *21 (D. Me. May 27, 2004); Project B.A.S.I.C. v. Kemp, 776 F. Supp 637, 642 (D.R.I. 1991) (in assessing HUD's duty under the Fair Housing Act, if there is "law to apply," agency is entitled to a presumption of regularity, and a court may not "substitute its judgment for that of the agency").

[5] E.g., Bellevue Hospital Center v. Leavitt, No. 05-1539-CV, 2006 WL 851934 (2d. Cir. April 3, 2006) (HHS' use of Metropolitan Statistical Areas for determining reimbursements to hospitals under Medicare Act is entitled to presumption of regularity); B&G Investment Partners LP Corp. v. Thompson, 391 F. Supp. 2d 246, 256 (D.D.C. 2005) (where nursing home challenged Medicare cost reimbursement regulations, the court stated that "the agency's actions are 'entitled to a presumption of regularity,' and the Court cannot 'substitute its judgment for that of the agency.' ") (internal citations omitted).

3

Howe or Mr. Townsend to pay his physicians an amount different from that CMS determined

would be an absolute and irreconcilable conflict with federal law.  AstraZeneca is entitled to

summary judgment on the claims of Mr. Townsend and Mr. Howe.

Separately, AstraZeneca showed that federal law permitted Mr. Howe and Mr. Townsend

to dispute CMS' determinations of the co-pay amounts, and because neither did, that federal law

specifically deems those determinations as final.  Br. at 1-3.  Plaintiffs do not dispute this.  56.1

Chart at 13, 35.  All the Plaintiffs say is that it "is irrelevant that Messrs. Townsend and Howe

did not dispute the CMS determinations."  Pl. Br. at 3.  But a lawyer's rhetorical ipse dixit cannot

wish away that federal law dictates that CMS' determinations of Mr. Townsend's and Mr.

Howe's Medicare Part B Zoladex co-pays are final.  Federal statutory and regulatory law bind

Messrs. Howe and Townsend to CMS' determinations of their Zoladex co-pays at issue in this

action.  For state substantive law to purport to say the opposite is an attempted annulment of

federal law, forbidden by the Supremacy Clause.  AstraZeneca is also entitled to summary

judgment on the claims of Mr. Townsend and Mr. Howe on this ground.

## II.    Summary Judgment Is Required on the Claim of Class Representative Robert A. Howe Under Oregon Law

As AstraZeneca showed, the actual circumstances concerning Mr. Howe's claim show

there is no evidence of four necessary elements of Oregon UTPA.  Br. at 6-7.  In response,

Plaintiffs' counsel offers only conclusory assertions, misreadings, and an emotional straw-man.

AstraZeneca has to prevail on only one of the four grounds to be entitled to summary judgment

on Mr. Howe's claim.  As shown below, AstraZeneca prevails on all four.

4

A.      **There Is No Violation of Oregon UTPA**

AstraZeneca showed that Mr. Howe has no claim under Oregon UTPA. Unlike many

states, Oregon UTPA covers 56 specific practices, and the conduct alleged does not fit in any of

these provisions under the statute that governs Mr. Howe's claim. Br. at 6-7. In response,

Plaintiffs' counsel conclusorily declares that AstraZeneca's alleged actions violate the Oregon

UTPA; yet that declaration is supported only by quotations of three provisions of UTPA in a

footnote. Pl. Br. at 5-6. Plaintiffs make no attempt, by citation to Oregon law or exposition, to

establish how the alleged activity violates any of the quoted sections of UTPA. None applies.

Subsection (e) of Oregon UTPA deals with representations that goods have any

ingredients, uses, benefits, quantities or qualities that they do not have. E.g., Rathgeber v.

Hemenway, 335 Ore. 404 (2003). No such allegations of the qualities, benefits, or uses of

Zoladex are made. Subsection (j) of Oregon UTPA covers false or misleading representation of

fact concerning the reasons for, existence of, or amounts of price reductions. Denson v. Ron

Tonkin Gran Turismo, Inc., 279 Ore. 85 (1977) held that there was no violation of 646.608(1)(j)

where plaintiffs "complain only of the representation of the amount to be charged..." Denson,

279 Ore. 85, at 91-92. Finally, subsection (s) of Oregon UTPA covers any misrepresentation of

fact concerning the offering price or cost. The Court should note that the Oregon Attorney

General promulgated Administrative Rules to define the types of price comparisons violated by

646.608(1)(j) and authorized by 646.608(s) "by establishing permissible types of reference price

advertising." OAR 137-020-0010. Those Administrative Rules show that subsections (j) and (s)

of Oregon UTPA are directed at advertised price reductions likely to deceive consumers, in the

context of clearance sales, comparisons to competitors' offers, and the like.

Plaintiffs cite <u>Turner v. Legacy Health Systems</u>, No. 0412-12483, 2006 WL 657176 (Or. Cir. Feb. 22, 2006), for the mundane proposition that if the alleged conduct reasonably fits into the purview of one of the subsections of Oregon UTPA, then the applicability of the statute is a question of fact. Pl. Br. at 5, n.4. But <u>Turner</u> is irrelevant because Plaintiffs have not established that the alleged conduct fits any of the three subsections they quote.

Finally, Plaintiffs ask the Court to deny summary judgment because AstraZeneca has failed to show that its conduct did <u>not</u> violate Oregon UTPA. Pl. Br. at 5-6. This facially desperate argument is legally frivolous. "[T]o prevail on an UTPA claim, a *plaintiff* must show: 1) a statutory unlawful trade practice…" <u>Lanphere Enterprises, Inc. v. Jiffy Lube Int'l</u>, CV 01-1168-BR, 2003 U.S. Dist. LEXIS 16205, *9-10 (D.C. Or. July 9, 2003) <u>aff'd</u>, 138 Fed. Appx. 20 (9th Cir. 2005) (emphasis added). Plaintiffs herein have failed to show that the alleged conduct violated the Oregon UTPA.

## B.   There Is No Evidence of Willful Violation of UTPA

AstraZeneca showed that Oregon law also requires a plaintiff to prove a "willful" violation of UTPA, and there is no evidence that AstraZeneca knew the alleged conduct violated UTPA. Br. at 6. In response, Plaintiffs misstate <u>State ex rel. Redden v. Discount Fabrics, Inc.</u>, 289 Or. 375 (1980), for the proposition that a plaintiff need only establish negligence. Pl. Br. at 6. But the issue in <u>Redden</u> was the level of the burden of proof a plaintiff bore in proving "willfulness." The Oregon court held that a plaintiff must prove the "willful" element by a preponderance not, as the defendant contended, beyond a reasonable doubt. The level of Plaintiffs' burden in this case is irrelevant on this motion because there is no evidence that AstraZeneca knew the alleged conduct violated UTPA.

### C.    There Is No Evidence Mr. Howe Relied

AstraZeneca showed that under Oregon UTPA reliance is an element of causation that a plaintiff must establish; that under Oregon law the allegations concerning "inflated AWP" ("published AWP" is not the "actual AWP") would be treated as a misrepresentation requiring proof of reliance; and that the undisputed evidence is that Mr. Howe did not rely on any statements about AWP.  Br. at 7-9; 56.1 Chart at 12, 15, 19, 20.

In response, Plaintiffs suddenly assert this is a "nondisclosure" case, and reliance is not required. Pl. Br. at 6-7.[6]  Not only is this assertion contrary to what Plaintiffs assert in its brief,[7] it is contrary to what, to obtain class certification, this Court wrote: "significantly, plaintiffs have wisely noted that they are pressing only the theory that defendants intentionally made fraudulent misrepresentations of AWP."  Memorandum and Order Re: Motion for Class Certification, Aug. 16, 2005, at pp. 55-56.  Even if Plaintiffs could assert this contradictory position, Plaintiffs cannot forestall summary judgment.  Plaintiffs suggest that because AstraZeneca did not make direct representations to Mr. Howe concerning the price of Zoladex, the claim is one of nondisclosure and Mr. Howe need not prove reliance.  Conceding that AstraZeneca did not speak to Mr. Howe, even if this were a "nondisclosure" case under Oregon law, Plaintiffs' clumsy reasoning fails to establish that Oregon law imposes an obligation to speak to Mr. Howe – which Oregon law does not.

---

[6] Although saying in this section it is a "nondisclosure" case, Plaintiffs attempt to belittle the Oregon decision directly on point showing in this case, with these allegations, reliance is required (compare Br. at 6-8 with Pl. Br. at 8, n. 5), and also ask the Court to be guided by a New Jersey court's rather pompous pronouncement of its incorrect assessment of all states' law on reliance.  Pl. Br. at 7-8.

[7] Plaintiffs' assertion that this is a "nondisclosure" case to try to avoid having to prove reliance is shown 2 pages before where, in trying to demonstrate the allegations fit into one of the 56 UTPA subsections, Plaintiffs claim that AstraZeneca "made...representations of fact and price of Zoladex—thereby violating several sections of the UTPA."  Pl. Br. at 5

### D.     Robert B. Howe Is Charged With Knowledge

As AstraZeneca showed, Mr. Howe was aware of "inflated AWP" litigation as early as

2000 or 2001;                                                    and that Mr.

Howe allegedly made payments with full knowledge of the "inflated AWP" allegations but did

nothing, establishing under Oregon law that any loss was "by reason of" his own inaction.  Br. at

9-10; 56.1 Chart at 10-11.

In response, Plaintiffs assert that Mr. Howe's knowledge was supposedly

"inconsequential" and cite Bodin v. B&L Furniture, 42 Or. App. 731 (Or. Ct. App. 1979), where

the plaintiff did not know at the time of purchase that the furniture was "used" and not new.  But

the uncontested facts are that Mr. Howe did know about the "inflated AWP" allegations prior to

making payments for Zoladex.  56.2 Chart at 10.  Having done nothing despite this knowledge,

Mr. Howe cannot maintain an Oregon UTPA claim.  Br. at 9-10.

Plaintiffs attempt the emotional argument that AstraZeneca suggests that to have a UTPA

claim with his knowledge of "inflated AWP," Mr. Howe would have to have stopped taking the

life saving drug treatment for cancer.  Pl. Br. at 9.  That is absurd; AstraZeneca made no such

suggestion.  Mr. Howe could have questioned, objected, or paid under protest.  Or, Mr. Howe

could have availed himself of the obvious path of directly complaining to CMS of the amount

CMS calculated that federal law required as his co-pay for injections of Zoladex; his rights and

how to implement them are detailed on each EOMB he received.  See Fowler Dec., 3/16/06, Tab

16, HOWE 0014-0015, EOMB dated 12/15/03.[8]  Just as Mr. Howe is precluded by federal law

---

[8] Because the entire theory of the "inflated AWP" allegations is that the mammoth CMS was supposedly "deceived" and "was not aware" that "published AWP" was not Average Sales Price ("ASP") (or "reasonably close" to ASP), a complaint to that federal agency should have caused CMS, "shocked" by the "revelations," to stop (…continued)

8

from asserting he should have paid his physician an amount different from the amount determined by CMS (see pp. 1-3, supra), separately, on these undisputed facts, he would not even have a claim under Oregon UTPA.

### III. Summary Judgment Is Required on the Claim of Class Representative Leroy Townsend Under Florida DUPTA

#### A. There Is No Evidence in the Record That AstraZeneca's Conduct Was Deceptive Under Florida Law

As AstraZeneca showed, FDUTPA covers a representation, practice, or omission that is likely to mislead a consumer acting reasonably, to the consumer's detriment; that to find deception, a court must find that there is a representation, omission, or practice that is likely to mislead the consumer; this reliance must be considered from the perspective of a reasonable consumer; and the representation, omission, or practice must be material. Br. at 14. As AstraZeneca showed, there is no evidence of an express or implied claim made by AstraZenca that was likely to mislead or deceive, nor is there any evidence that the price of drugs used to treat prostate cancer was important to Mr. Townsend. 56.1 Chart at 36.

Recognizing that AWP was not "deceptive" to Mr. Townsend, Plaintiffs cite Novartis Corp. v. FTC, 223 F.2d 783, 766 (D.C. Cir. 2000) and refer to an FTC Policy statement, asserting "materiality must be presumed because . . . the claims center on defendants' intentional conduct as it relates to the cost of pharmaceuticals." Pl. Br. at 10. But that case involved statements of the safety and efficacy of a drug and found materiality based on "'[t]he extensive

(continued...)

"overpaying" physicians from the Medicare Trust Fund promptly with similar prompt relief for Mr. Howe and other Zoladex co-payors.

record amassed in this proceeding strongly confirms the common-sense proposition that efficacy is a pivotal consideration for consumers in selecting an analgesic, and that claims of superior efficacy are highly material to those consumer choices.'" Novartis Corp., 223 F.2d at 787 (quoting Commission Decision at 20).

Contrary to Plaintiffs' assertions, Novartis Corp. does not support an irrebutable presumption of materiality for "deceptive" acts that involve "the cost" of pharmaceuticals.[9]  In Novartis Corp., the "deceptive" claim involved a drug's efficacy and purpose.  "Cost" was not involved.  As AstraZeneca showed,

See Br. at 11; 56.1 Chart at 38.  He never inquired about the cost, which was not important or material to him.  Therefore, Mr. Townsend cannot establish "deception," a requirement of a class under FDUTPA.

### B.     There is No Evidence in the Record That AstraZeneca's Conduct Proximately Caused Mr. Townsend's Alleged Loss

The record is undisputed that Mr. Townsend made payments based on EOMBs sent to him.  56.1 Chart at 32.  AstraZeneca certainly did not bill Mr. Townsend directly.  Rather, CMS, the federal agency specifically charged by federal law to determine the co-payment federal law

---

[9] Novartis Corp. involved a claim for deceptive advertising, and the language Plaintiffs cite from that case is quoted directly from the 1983 FTC Policy Statement on Deception.  See generally 223 F.3d 783.  Similarly, the cases AstraZeneca cited properly invoke language from the FTC's policy statement, as cited by Florida courts. Compare Br. at 14 with 1983 FTC Policy Statement on Deception, appended to In re Cliffdale Assocs., 103 F.T.C. 110, 1984 FTC LEXIS 71, at *187 (FTC 1984) ("A material misrepresentation or practice is one which is likely to affect a consumer's choice of or conduct regarding a product.  In other words, it is information that is important to consumers.  If inaccurate or omitted information is material, injury is likely.").  Plaintiffs' assert that "deceptive advertising cases" involve a different standard under Florida law than non-advertising cases involving deception, Pl. Br. at 10, 11, but the Florida Supreme Court held otherwise.  See, e.g., PNR, Inc. v. Beacon Property Mgmt., Inc., 842 So.2d 773, 777 (Fl. 2003) (citing FTC standard for deception in case involving allegedly unfair and deceptive trade practices embodied in Defendants' failure to properly maintain the premises).

required Mr. Townsend make for a Zoladex injection, set that determination on an EOMB; on receipt of the EOMB, Mr. Townsend sent a check in that amount to his doctor.  Br. at 13; 56.1 Chart at 37.

Plaintiffs, of course, concede that proximate causation is an element of a FDUTPA claim. Pl. Br. at 13.  Rather than addressing the record of Mr. Townsend, Plaintiffs assert the Florida proximate causation cases cited by AstraZeneca (Montgomery v. New Piper Aircraft, Inc., 209 F.R.D. 221 (S.D. Fla. 2002) and Philip Morris USA Inc. v. Hines, 883 So. 2d 292 (Fla. Dist. Ct. App. 4th Dist. 2003) are "inapplicable" because they were not summary judgment cases. According to Plaintiffs, those cases "hold only that proximate cause is an issue that must be addressed when determining when a class can be certified under a FDUTPA claim."  Pl. Br. at 14.  This effort to distinguish these cases is absurd.

The Federal government calculated Mr. Townsend's co-payment and informed him; he paid his doctor.  Even assuming a "loss," the proximate cause was the official action of CMS, not any conduct by AstraZeneca.[10]

### C.   The Statute of Limitations Operates to Preclude Any Claims Under FDUTPA Prior to 1997

AstraZeneca's motion for summary judgment on the FDUTPA statute of limitations was limited and precise.  Based on the undisputed dates of the filing of the initial class action complaint (December 19, 2001) and the first amended and consolidated class action complaint (September 6, 2002), the four-year FDUTPA statute of limitations, and the Florida decisions holding that the statute is not tolled by allegations of fraudulent concealment, AstraZeneca

---

[10] AstraZeneca's position is that Mr. Townsend did not incur a "loss" under Florida law, both for the reasons stated in Point I and, separately, because Mr. Townsend, with full Medigap insurance, could not explain why he would sporadically pay when he was fully insured.  See Br. at 11.

sought summary judgment on all FDUTPA claims of Mr. Townsend and Class 1 members based on alleged payments for Zoladex made prior to at least September 6, 1998, but certainly prior to December 19, 1997. See Br. at 17-18.

In response, Plaintiffs come forward with a wild assortment of odd positions. AstraZeneca did not seek to entirely "avoid liability" to Mr. Townsend on this ground, Pl. Br. at 14, only in part. They cite class action law that the filing of a purported class action complaint tolls the continued running of the applicable statutes of limitations for absent class members. Pl. Br. at 14-15. AstraZeneca never contended otherwise. But federal class action law does not purport to revive claims that are already barred by the applicable statute of limitations, the legal principle on which AstraZeneca relies. Finally, Plaintiffs spend pages arguing Delaware law, supposedly because at one time Mr. Townsend filed an "AWP" action in Delaware federal court. Pl. Br. at 12-14. But that action was transferred to this District and ceased to exist as a live action with the first, and successive, "master amended consolidated complaints." Delaware law is exceedingly irrelevant to this motion.

The Court certified Class 1 based on the consumer protection laws of 44 States, including Florida's DUTPA. Mr. Townsend's claims arise under FDUTPA. Under that law, the statute of limitations is not tolled by allegations of fraudulent concealment, a proposition Plaintiffs do not dispute. Therefore, AstraZeneca is entitled to summary judgment as requested.

## IV.    Summary Judgment Is Required on the Claims of Class 1 and Class 2 with Respect to Pulmicort Respules

AstraZeneca showed there was no evidence in the record supporting Class 1 or Class 2 claims involving Pulmicort Respules. Br. at 18-21. In their response, Plaintiffs "concede

AstraZeneca is entitled to judgment as a matter of law" on these claims.  Pl. Br. at 16, n. 14.  The

requested summary judgment on these claims should be entered.


### CONCLUSION

For all of the foregoing reasons, Defendant AstraZeneca LP's Motion for Summary

Judgment should be granted.


Dated:   Boston, Massachusetts
         April 28, 2006

                             Respectfully Submitted,

                             By:  _____
                                  Nicholas C. Theodorou (BBO # 496730)
                                  Jessica V. Barnett (BBO #650535)
                                  FOLEY HOAG LLP
                                  155 Seaport Blvd.
                                  Boston, Massachusetts 02210
                                  Tel: (617) 832-1000

                                  D. Scott Wise
                                  Michael S. Flynn
                                  Kimberley Harris
                                  DAVIS POLK & WARDWELL
                                  450 Lexington Avenue
                                  New York, New York 10017
                                  Tel: (212) 450-4000

                                  Attorneys for AstraZeneca
                                  Pharmaceuticals LP

13

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of AstraZeneca Pharmaceuticals LP's Motion for Summary Judgment and Appendix A thereto were delivered via electronic mail to counsel for plaintiffs on April 28, 2006.

_____
Jessica V. Barnett

14