# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Hon. Patti B. Saris |
| | **FILED UNDER SEAL** |

**ASTRAZENECA PHARMACEUTICALS LP'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

P<small>AGE</small>

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................1

STATEMENT OF FACTS ..................................................................2

    A.    SUMMARY OF THE FACTUAL RECORD RELATING
          TO THE CLAIM OF MR. ROBERT A. HOWE..................................2

    B.    SUMMARY OF THE FACTUAL RECORD RELATING
          TO THE CLAIM OF MR. LEROY TOWNSEND .............................3

ARGUMENT....................................................................................4

    A.    UNDER OREGON LAW, MANY OF ASTRAZENECA'S
          AFFIRMATIVE DEFENSES ARE VALID AS TO THE
          CLAIM OF MR. HOWE ..................................................................4

    B.    UNDER FLORIDA LAW, MANY OF ASTRAZENECA'S
          AFFIRMATIVE DEFENSES ARE VALID AS TO THE
          CLAIM OF MR. TOWNSEND...........................................................9

    C.    THIS COURT MAY NOT, IN THE ABSTRACT,
          DISMISS ASTRAZENECA'S AFFIRMATIVE DEFENSES
          AS TO UNIDENTIFIED CLASS 1 CLAIMANTS ..........................11

CONCLUSION...............................................................................12

i

## TABLE OF AUTHORITIES

### CASES

PAGE

*Townsend v. AstraZeneca, PLC, et al.,*
   No. 02-046 (D. Del.  Jan. 16, 2002)...................................................................4

### STATUTES & RULES

Fla. Stat. §§ 501.201-501.213 .............................................................................9

Local Rule 56.1 ....................................................................................................2

### OTHER AUTHORITIES

1 Am. Jur. 2d *Abatement, Survival, and Revival* § 80 .............................................6

17 Am. Jur. 2d *Consumer and Borrower Protection* § 280....................................7

17 Am. Jur. 2d *Consumer and Borrower Protection* § 281 ....................................8

22 Am. Jur. 2d *Damages* § 28...............................................................................7

22 Am. Jur. 2d *Damages* § 324.............................................................................8

22 Am. Jur. 2d *Damages* § 328.............................................................................7

22 Am. Jur. 2d *Damages* § 777...........................................................................10

27A Am. Jur. 2d *Equity* § 126 ..............................................................................8

28 Am. Jur. 2d *Estoppel and Waiver* § 38 .............................................................8

31 Am. Jur. 2d *Executors and Administrators* § 1155............................................6

37 Am. Jur. 2d *Fraud and Deceit* § 463 ................................................................8

74 Am. Jur. 2d. *Torts* § 46 ...................................................................................8

1 Fla. Jur. 2d *Actions* § 45.................................................................................10

17 Fla. Jur. 2d *Damages* § 13 ................................................................................10

17 Fla. Jur. 2d *Damages* § 31 ................................................................................11

17 Fla. Jur. 2d *Damages* § 102 .............................................................................10

17 Fla. Jur. 2d *Damages* § 103 .............................................................................10

22 Fla. Jur, 2d *Equity* § 67.....................................................................10

# INTRODUCTION

Had lawyers for the class not thrown together an inadequate and unsupported motion for summary judgment with respect to the affirmative defenses, the Court would not be forced to address these issues now.  Sorting out what defenses remain applicable, based on the facts to be adduced and law to be applied at trial is typically and more efficiently done in connection with the pre-trial conferences.  If this matter proceeds past summary judgment to trial, there is no reason to believe that the parties would not resolve, or at least significantly reduce, any areas of dispute about what defenses remain applicable and which party properly bears the burden of proof.  As demonstrated below, the lawyers' attempt to force the Court to address these issues now, in a factual and legal vacuum, divorced from the class representatives and the law governing their claims, is misguided and underscores why their motion for summary judgment on the affirmative defenses should have never been brought at this juncture and should be denied.

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") submits this supplemental memorandum of law in opposition to the so-called "Plaintiffs'" Motion for Partial Summary Judgment on Defendants' Affirmative Defenses.[1]  On January 30, 2006 this Court certified a nationwide class of Medicare Part B co-payors ("Class 1").  That motion forgets that Class 1 is certified as a class under the different state consumer protection statutes of 44 States.  The two

---

[1] Concurrent with this opposition, the Track 1 Defendants have filed a joint opposition to Plaintiffs' Motion for Summary Judgment on Affirmative Defenses.  AstraZeneca joins in that opposition as supplemented hereby. Further, by demonstrating the efficacy of those defenses on which Plaintiffs' lawyers now concede they have the burden of proof, AstraZeneca does not in any way assume that burden or alter Plaintiffs' burden.

Class 1 representatives of the Class against AstraZeneca are Robert A. Howe[2] (presenting claims arising under Oregon's consumer protection statute), and Leroy Townsend (presenting claims arising under Florida's consumer protection statute). In their motion, the "Plaintiffs" do not discuss any facts of those claims, nor do "Plaintiffs" explain why no reference is made to the Oregon or Florida laws which govern their claims. A purpose of this Memorandum is to demonstrate the applicability of many state law defenses, based on factual claims, that will or may arise under the laws of the 44 States. As demonstrated below, affirmative defenses asserted by AstraZeneca are applicable to these class claims pursuant to Oregon and Florida law, respectively. More important, there is no basis for the Court to rule, in wholesale fashion, that no defense is applicable on the real facts of other class members' claims under the laws of 42 other States.

## STATEMENT OF FACTS[3]

### A. SUMMARY OF THE FACTUAL RECORD RELATING TO THE CLAIM OF MR. ROBERT A. HOWE

nearly a year and a half after the original class complaint was filed in this action in December 2001.

and he never discussed the price of Zoladex, which was simply not an issue. Although Mr. Howe received Explanation of Medicare Benefits statements

---

[2] Sadly, Mr. Howe died on December 28, 2005. Plaintiffs have proposed, and the Court has tentatively accepted, Mr. Howe's widow, Marjorie Joyce Howe, as a representative of Mr. Howe's estate.

[3] AstraZeneca incorporates by reference the Statement of Facts presented in its Memorandum of Law in Support of its Motion for Summary Judgment ("Def.'s Motion"), and its Statement Pursuant to Local Rule 56.1, filed March 15, 2006. For present purposes, those facts are summarized herein and specifically referred to below.

2

("EOMBs") from Medicare, he never objected to or complained about anything on those statements.

There is no evidence that Mr. Howe paid his doctor for Zoladex on the basis, in whole or in part, of the Average Wholesale Price of the product. For instance, while Mr. Howe testified that he would receive bills from his physician and pay the amount requested, those invoices did not specify the services for which the physician was charging. Further, although certain canceled checks, EOMBs and provider statements were produced, in his deposition Mr. Howe could not link any check, representing a payment made by himself to his doctor, with any single administration of Zoladex. Finally, in addition to receiving Medicare Part B coverage, Mr. Howe was insured through his former employer by United HealthCare, which covered most of the 20 percent co-pay for which he was responsible.

On December 28, 2005, Mr. Howe passed away. This Court subsequently agreed that his widow, Marjorie Joyce Howe, could serve as class representative in this action. (See Order dated January 30, 2006). According to Mrs. Howe, Mr. Howe left a will; the will has not been probated under Oregon law and the executor of Mr. Howe's will is probably his daughter, not Mrs. Howe. Ex. 1 (Deposition of Marjorie Joyce Howe ("J. Howe Dep.") at 101-103.[4]

## B.    SUMMARY OF THE FACTUAL RECORD RELATING TO THE CLAIM OF MR. LEROY TOWNSEND

Mr. Townsend never questioned his doctor about the price of his

---

[4] Citations to the form "Ex." refer to the Declaration of Lucy Fowler attaching as Exhibit 1 excerpts of the deposition testimony of Marjorie Joyce Howe, dated March 31, 2006.

treatment, nor did he feel that physicians had any obligation to disclose the amount they paid for drugs.

Mr. Townsend is a Medicare Part B beneficiary who has had supplemental insurance from different carriers throughout the class period. With respect to at least one of his supplemental insurers, United HealthCare, Mr. Townsend testified that his insurer covered the entire Medicare Part B co-payment for his Zoladex injections. Although Mr. Townsend's supplemental insurers paid for most of his Zoladex administrations, Mr. Townsend testified to at least six instances, over several years, in which he nonetheless paid his physician an amount as set forth on EOMBs he received. Mr. Townsend was not certain why the 20% co-payment for Zoladex was covered in some instances, but not all, by his insurer.

On January 16, 2002, Mr. Townsend filed a separate purported class action in his own name in the United States District Court for the District of Delaware. That case, styled *Townsend v. AstraZeneca, PLC, et al.*, No. 02-046 (D. Del. Jan. 16, 2002) ("Delaware Complaint"), raises the same substantive AWP allegations as the instant litigation. Mr. Townsend also made at least one payment to his physician for an administration of Zoladex <u>after</u> he filed the Delaware action.

### ARGUMENT

"Plaintiffs'" motion for summary judgment as to AstraZeneca's affirmative defenses is facially without merit – no facts (let alone uncontested facts) are proffered; the applicable law of the only Class 1 claims is ignored and Massachusetts law cited, often conclusorily. As shown below, based on the existing record of the claims of Messrs. Howe and Townsend, various

affirmative defenses, which "Plaintiffs" would have this Court dismiss based on Massachusetts law, are or may be viable under the laws of Oregon and Florida.[5]

A.   **UNDER OREGON LAW, MANY OF ASTRAZENECA'S AFFIRMATIVE DEFENSES ARE VALID AS TO THE CLAIM OF MR. HOWE**

The impropriety of "Plaintiffs" lawyers' approach is demonstrated by a most basic defense. Citing no facts and arguing Massachusetts law, Plaintiffs argue that the Court should grant summary judgment with respect to AstraZeneca's defense of failure to state a claim. (AstraZeneca Affirmative Defense No. 1). But, as AstraZeneca demonstrated in connection with its Motion for Summary Judgment, filed March 15, 2006, even the allegations in the latest complaint do not trigger any of the relevant provisions under Oregon's consumer protection statute that would provide relief for Mr. Howe. (See Def.'s Motion at 7-8 (explaining that a claim under the Oregon Unfair Trade Practices Act requires a willful violation of one of the specific enumerated paragraphs of that Act, and there is no evidence upon which to conclude that AstraZeneca willfully violated the Act).). This defense is valid under Oregon law, which does not follow the approach of the Massachusetts Act. The defense is valid as to the claims of Mr. Howe, the claims of other Class 1 members governed (in whole or in part) by Oregon law, and the claims of many, many other Class 1 members whose claims are or may be governed by the laws of States with this type of statute.

Another example illustrates a similar critical flaw underlying "Plaintiffs'" motion. AstraZeneca asserted the defenses of failure to join indispensable parties and lack of standing.

---

[5] That an affirmative defense is not specifically mentioned is not a concession that such defense is inapplicable, particularly as it may apply to yet unidentified class members who may pursue claims against AstraZeneca under as many as 42 other consumer protection laws. Indeed, without knowing the facts and circumstances surrounding any such future claimants, it would be premature, unfair and improper to summarily dismiss AstraZeneca's affirmative defenses at this juncture, before any such claims have even been presented.

(AstraZeneca Affirmative Defenses Nos. 30, 46). The validity of such defenses with respect to the claim of Mr. Howe under Oregon law, and the claims of a likely significant percentage of Class 1 claims against AstraZeneca for Zoladex, is fundamental. Mr. Howe died on December 28, 2005. This Court subsequently agreed (without briefing on the matter) to Plaintiffs' request to allow Mr. Howe's wife, Marjorie Joyce Howe, to represent Mr. Howe's estate, and the class.

When a claimant in a lawsuit dies, state law of succession determines who controls the claim and who owns the contingent economic benefit, assuming of course that the claim survives under that State's law. (See 1 Am. Jur. 2d Abatement, Survival, and Revival § 80 (2005)).[6] If the claimant dies intestate, the applicable state law of intestacy determines the latter question and the applicable state surrogate law and procedure determine the former. If the claimant died with a will, after probate the terms of the will control; often property is left in a trust, controlled by an individual or institutional trustee.

Mrs. Howe testified that Mr. Howe left a last will and testament. Ex. 1 (J. Howe Dep. at 100). Even assuming Mr. Howe's purported claims survived under Oregon law, who may be entitled to assert those claims on his behalf will be a function both of the terms of his will and of the substantive and procedural requirements of Oregon law. (See 31 Am. Jur. 2d Executors and Administrators § 1155 (2005)). Moreover, because Mr. Howe's will has not been probated, as Mrs. Howe's deposition indicates, Ex. 1 (J. Howe Dep. at 102), who has the right under Oregon law to control Mr. Howe's estate, including a contingent claim, has not been determined. Mrs. Howe testified, for example, that either she or Mr. Howe's daughter may be designated as the

---

[6] Note that unlike Florida, Oregon does not publish a compendia of State jurisprudence. As such, American Jurisprudence 2d is cited herein to illustrate the possible legal issues that may arise under the laws of Oregon and the other 43 states.

administrator of the estate. Ex. 1 (J. Howe Dep. at 103). If the administrator is Mr. Howe's daughter, then it would be she, and not Mrs. Howe, who would be the sole person legally entitled to pursue claims on behalf of Mr. Howe's estate. Similarly, if Mr. Howe left his wife property in trust, then only the trustee would have standing to assert Mr. Howe's purported claims.

In the factual context, therefore, the defenses of both lack of standing and failure to join an indispensable party may be valid because of the Oregon law of succession. Mrs. Howe may have no legal right to control Mr. Howe's claim, no standing, and the failure to join the executors after probate is entirely appropriate as a matter of federal practice. (See 17 Am. Jur. 2d Consumer and Borrower Protection § 280 (2005)). These defenses go to the very core of the legitimate interests of a defendant avoiding the risk of paying invalid claims and avoiding the risk of paying twice for the same event.

Considering the facts adduced in discovery, AstraZeneca's affirmative defenses concerning the speculative nature of damages and unjust enrichment are entirely appropriate with respect to Mr. Howe's claim. (AstraZeneca Affirmative Defense No. 49). For example, while Mr. Howe alleges that he made out-of-pocket payments to his doctor for his Zoladex treatments based on AWP, he failed to provide any documentary evidence whatsoever that he in fact paid, in whole or in part, based on AWP. He paid the bill his doctor sent, but those bills did not specify the services for which he was charged. Indeed, Mr. Howe's doctor may never have billed him for Zoladex. Recovery where there is no evidence of "proof of purchase," so to speak, would be both speculative and would unjustly enrich some legatee of an estate. (See 22 Am. Jur. 2d Damages § 28 (2005); see also 22 Am. Jur. 2d Damages § 328 (2005)).

Mr. Howe testified that he learned about AWP-related litigation as early as 2000 or 2001.

nearly eighteen months after the filing of

7

original complaint in this action.                                                  with

full knowledge of allegations about AWP, never once objecting to the price of Zoladex to either

his treating physician, Medicare, or AstraZeneca.  For all these reasons, Mr. Howe may be

properly charged with knowledge about the concerns that predate his claims as early as 2001,

and his decision to continue despite such knowledge belies the allegation that AstraZeneca

caused him any injuries.  (See Def.'s Mem. at 9-10).  In light of the factual record relating to Mr.

Howe, AstraZeneca's various affirmative defenses of consent and/or ratification, waiver,

estoppel, unclean hands, failure to mitigate damages, and lack of standing may all apply to bar

his claims, in full or in part.  (AstraZeneca Affirmative Defenses Nos. 5, 34, 49).  (See 17 Am.

Jur. 2d Consumer and Borrower Protection § 281 (2005) (stating that plaintiffs in consumer-

protection cases have a duty to mitigate damages); 27A Am. Jur. 2d Equity § 126 (2005) (stating

that a complainant is not permitted to take advantage of his own wrongdoing); 74 Am. Jur. 2d

Torts § 46 (2005) (stating that one cannot maintain an action for a wrong occasioned by an act to

which he consented); 28 Am. Jur. 2d Estoppel and Waiver § 38 (2005) (stating that there will be

ratification where there is voluntary assumption of the unauthorized act either on full information

or with disregard that all knowledge available has not been obtained).).

    Plaintiffs urge this Court to dismiss AstraZeneca's affirmative defenses relating to Mr.

Howe's failure to establish, as he must under Oregon law, that AstraZeneca actually or

proximately caused his alleged injuries.  To begin with, Mr. Howe failed to prove that he has

ever made any payments for Zoladex based, in whole or in part, on AWP.

            but also set the actual amount that Mr. Howe was charged, submitted the

bill, and sought reimbursement from Medicare and Mr. Howe's supplemental insurer.  Mr. Howe

never took Zoladex based upon any representations made by AstraZeneca, and indeed did not even know that AstraZeneca manufactured Zoladex.

Accordingly, the record makes clear that Mr. Howe's claims will be subject to causation and a number of related defenses under Oregon law, including the defense of intervening or superseding causes, and the defense of lack of reliance. (AstraZeneca Affirmative Defenses Nos. 1, 48). (See 22 Am. Jur. 2d Damages § 324 (2005) (in order for a plaintiff to recover damages those damages must be directly traceable to the actions of the defendant, rather than a result of intervening causes); 37 Am. Jur. 2d Fraud and Deceit § 463 (2005) (stating that fraud claims require a showing that defendants intended that plaintiffs rely on each alleged misrepresentation and the damages resulting from such reliance).).

"Plaintiffs" contend that because this Court did not dismiss the complaint based on one federal preemption theory, summary judgment should be granted on this defense. (AstraZeneca Affirmative Defense No. 10). But federal preemption defenses are live, including the inability of state law, under the Supremacy Clause, to annul determinations made by a federal agency, the finality of a determination to which neither Mr. Howe or Mr. Townsend exercised the right to contest, and the federal statutory provision establishing the basis upon which Mr. Howe and Mr. Townsend were required to pay for Zoladex. (See Def.'s Motion. at 1-3).

**B.    UNDER FLORIDA LAW, MANY OF ASTRAZENECA'S AFFIRMATIVE DEFENSES ARE VALID AS TO THE CLAIM OF MR. TOWNSEND**

The record shows that AstraZeneca may raise affirmative defenses, both as to the failure to state a claim and lack of causation, with respect to the claim of Mr. Townsend. (AstraZeneca Affirmative Defenses Nos. 1, 4). The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") requires a showing by plaintiff that defendant's conduct was deceptive and that

9

defendant proximately caused plaintiff's ascertainable loss. (See Fla. Stat. §§ 501.201-501.213). However, as demonstrated in connection with AstraZeneca's Motion for Summary Judgment, Mr. Townsend cannot prove the elements necessary to maintain such a claim. (See Def.'s Motion at 14-15 (showing that there is no evidence of an express or implied claim made by AstraZeneca that was likely to mislead or deceive).). The record is devoid of evidence that Mr. Townsend was deceived or misled by AstraZeneca into overpaying for his Zoladex treatments.

As with Mr. Howe, many of the affirmative defenses asserted by AstraZeneca with respect to Mr. Townsend's damages claims are or may be applicable. (AstraZeneca Affirmative Defenses No. 49). For example, Mr. Townsend testified that his supplemental insurance carrier paid 100% of his Medicare co-pay. As such, awarding Mr. Townsend any damages would be without proof of a "loss," or one he "consented" to, and would result in Mr. Townsend's unjust enrichment, which under Florida Law is not recoverable by a purchaser. (See 22 Fla. Jur. 2d Equity § 67 (2006)). By the same reasoning, AstraZeneca's affirmative defense that Mr. Townsend's damages are speculative and remote could apply since even armed with well-preserved documentation of his Zoladex charges (which few claimants will likely be able to boast) Mr. Townsend was unable to explain decisively whether and in what amounts he paid out-of-pocket for his Zoladex treatments. (See 17 Fla. Jur. 2d Damages § 13 (2006)).

Mr. Townsend, like Mr. Howe, possessed information about AstraZeneca's alleged conduct, yet did nothing to avoid being allegedly injured. For instance, in addition to the instant litigation, Mr. Townsend filed a putative class action under his own name in 2002 which sets forth the same basic theory of liability. Yet, even after doing so, Mr. Townsend continued to write checks to his doctor for his Zoladex treatments. He never complained about the price he was charged for Zoladex either to his physician, Medicare, his insurance company or

10

AstraZeneca.  As such, AstraZeneca may assert a number of affirmative defenses as to Mr.

Townsend, including consent and/or ratification, waiver, estoppel, unclean hands, failure to

mitigate damages, and lack of standing, to bar his claims, in full or in part.  (AstraZeneca

Affirmative Defenses Nos. 5, 34, 49).  (See e.g. 22 Am. Jur. 2d Damages § 777 (2005); 17 Fla.

Jur. 2d Damages § 102 (2006); 1 Fla. Jur. 2d Actions § 45 (2006)).

Further, Florida law provides for the doctrine of "avoidable consequences," which may

also prohibit Mr. Townsend from recovering any damages to the extent he could have reasonably

avoided the injury with the exercise of due care.  (17 Fla. Jur. 2d Damages § 103 (2006)).  As

discovery has made clear, Mr. Townsend could have avoided incurring his alleged damages by

simply refusing to pay his doctor anything for his Zoladex treatments.  Given his knowledge of

the alleged wrongful conduct, he could and should have disputed the EOMBs sent to him by

Medicare, and otherwise challenged any payments for pharmaceutical products he believed were

based on AWP.  Instead, he failed to act entirely, but for allegedly making payments, and

therefore AstraZeneca's defenses remain.

Although he allegedly made payments to his physician based, in whole or in part, on

AWP, Mr. Townsend failed to present any evidence that his alleged losses were proximately

caused by AstraZeneca.  (See Def.'s Motion at 14).

who prescribed the drug and

sought reimbursement from Medicare.  Mr. Townsend never took Zoladex based upon any

representations made by AstraZeneca.  Accordingly, Mr. Townsend's claims may be subject to a

number of causation-related defenses under Florida law, including the defense of intervening or

superseding causes, and the defense of lack of reliance. (AstraZeneca Affirmative Defenses Nos.

1, 48).  (See 17 Fla. Jur. 2d Damages § 31 (2006)).

11

## C.   THIS COURT MAY NOT, IN THE ABSTRACT, DISMISS ASTRAZENECA'S AFFIRMATIVE DEFENSES AS TO UNIDENTIFIED CLASS 1 CLAIMANTS

As demonstrated by the foregoing discussion, the application of AstraZeneca's affirmative defenses will vary based upon the factual circumstances and the state law pursuant to which a class member attempts to assert a claim. At this stage of the litigation, where as yet unknown claimants may pursue claims arising under the consumer protection laws of up to 42 additional States, it would be impossible for the Court to determine which affirmative defenses will and will not apply.

Notwithstanding the Court's determination that there was a common issue, there are numerous defenses based on the substantive law of the 44 States which can be raised to defeat claims. It is entirely inappropriate for "Plaintiffs'" lawyers, without presenting the supposed undisputed facts of a real claim, to attempt to assert that defenses raised have no conceivable value to any Class 1 claim.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses should be denied.

12

Dated:   Boston, Massachusetts
         April 7, 2006

                              Respectfully Submitted,

                              By:   _____
                                    Nicholas C. Theodorou (BBO # 496730)
                                    Lucy Fowler (BBO #647929)
                                    FOLEY HOAG LLP
                                    155 Seaport Blvd.
                                    Boston, Massachusetts 02210
                                    Tel: (617) 832-1000

                                    D. Scott Wise (admitted *pro hac vice*)
                                    Michael S. Flynn (admitted *pro hac vice*)
                                    Kimberley Harris (admitted *pro hac vice*)
                                    DAVIS POLK & WARDWELL
                                    450 Lexington Avenue
                                    New York, New York 10017
                                    Tel: (212) 450-4000

                                    Attorneys for AstraZeneca
                                    Pharmaceuticals LP

                    **CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of the foregoing was delivered via Federal Express to
counsel for plaintiffs on April 7, 2006:

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro
One Main Street
4th Floor
Cambridge, MA 02142
(617) 482-3700

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
(206) 623-7292

                                    _____

                              13