**D**

United States District Court – District of Massachusetts

# If You Are a Third-Party Payor Based in or With Beneficiaries in Massachusetts
# And You Made Reimbursements For Any of the Drugs Listed Below,

## A Class Action Lawsuit May Affect Your Rights.

**Defendants Propose the inclusion of the following sub-heading in lieu of Plaintiffs' proposed sub-heading:**

**CLASS ACTION LAWSUITS MAY AFFECT YOUR RIGHTS**

*The District Court has authorized this Notice.  It is not a solicitation from a lawyer.*

*You are not being sued.*

A lawsuit claims that certain drug companies (the "Defendants") intentionally reported false and inflated average wholesale prices ("AWP") for some types of outpatient drugs ("Covered Drugs"), and asks the Court to award money damages to Third-Party Payors ("TPP") that made reimbursements for those drugs based on the drug's AWP.

The Court has said that the lawsuit can go forward on behalf of two "Classes" of TPPs.  Those Classes include (1) TPPs who made reimbursements for all or part of their insured's 20% co-payment under Medicare Part B for a Covered Drug between January 1, 1991 and January 1, 2005, and (2) TPPs who reimbursed for the drugs listed below outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark between January 1, 1991 and June 1, 2006.  In addition, in order to qualify to be a member of one of these Classes, TPPs must have made reimbursements for beneficiaries in Massachusetts, *or* made reimbursements for the Covered Drugs and have its principal place of business in Massachusetts.  TPPs may be a member of either or both of the Classes.

| Defendant Drug Company | Covered Drugs |
|---|---|
| AstraZeneca | Zoladex |
| Bristol-Myers Squibb Group | Blenoxane; Cytoxan; Etopophos; Paraplatin: Rubex; Taxol; VePesid |

***Questions? Call toll free 1-800-000-0000, or visit www.AWPlitigation.net.***

**[Defendants object to including this number and website on all pages. This notice comes from the Court.]**

| Johnson & Johnson Group | Remicade; Procit |
|---|---|
| Schering Plough Group | Albuterol; Intron A; Perphenazine; Proventil; Temodar |

- A series of trials will determine whether the claims in this lawsuit against the Defendants are true. The first trial will begin September 25, 2006, with AstraZeneca.

- The charts below summarize your legal rights and choices. *You must make choices now regarding your rights. Please read all of this Notice carefully*.

**[Defendants object.  Plaintiffs' introduction is (1) confusing; and (2) needlessly inserts Plaintiffs' position without mentioning Defendants.]**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  There are class action lawsuits pending in the United States District Court for the District of Massachusetts under the name *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MultiDistrict Litigation No. 1456, Docket No. 01-CV-12257-PBS.

These class actions are about the amount Third-Party Payors ("TPPs") paid for certain drugs This lawsuit is not about the safety or effectiveness of these drugs.

The Court has said that these lawsuits can go forward on behalf of two "classes" of TPPs.  Those classes include: (1) TPPs who reimbursed insureds or providers for the up to 20% doctors charged to insureds covered by Medicare Part B for certain drugs (MediGap TPPs); and (2) TPPs who reimbursed insureds or providers for certain drugs outside of the Medicare Part B context under contracts that expressly use AWP as a reimbursement benchmark (Non-Medicare TPPs). TPPs are only eligible as class members if their principal place of business is in Massachusetts, **or** if they made reimbursements for drugs purchased in Massachusetts.  The lawsuit covers payments made from Jan. 1, 1991 to Jan. 1, 2005 for MediGap TPPs and Jan. 1, 1991 to January 30, 2006 for Non-Medicare TPPs.

The Court has not yet decided the outcome of this litigation.  The Court has approved the text of this Notice and authorized its publication.  However, this Notice is not an expression of the Court's view as to the merits of any claims or defenses asserted by the parties.

You may be a member of one or more of the Classes.  This Notice explains your rights and the choices you must make as a member of one or more of the classes.  PLEASE READ THIS NOTICE CAREFULLY.

# A SUMMARY OF YOUR RIGHTS AND CHOICES:

| You May: | | Due Date |
|---|---|---|
| **Remain in the Classes** | ***Stay in the lawsuit and wait for the result.*** By doing nothing, you stay in the Classes and may share in any recovery, if there is one, but you give up the right to sue these Defendants yourself about the claims in the lawsuit. **See Question 18.** | ***Do Nothing*** |
| **Exclude Yourself** | ***Get out of the Classes.*** You can write and ask to get out either or both of the Classes. If any money is awarded later in a trial or settlement with any of the four Defendants in the Classes, you will not get any payment, but you keep the right to sue those Defendants on your own about the claims in the lawsuit. **See Question 14.** | ***Postmarked by* September 15, 2006** |
| **Appear In the Lawsuit** | ***Participate in the lawsuit on your own or through a lawyer.*** If you don't exclude yourself, you can appear and speak in the lawsuit on your own or through your own lawyer. (Class Counsel has been appointed to represent you.) **See Question 17.** | |

*Questions? Call toll free 1-800-000-0000, or visit www.AWPlitigation.net.*

−3−

**[Defendants object.  The descriptions are one-sided in that they suggest that class members are choosing between receiving money or not receiving money. Plaintiffs also fail to inform class members that they will have to present evidence as their own claims in order to recover.  Defendant also objects to the statement that Class Counsel will represent the class at no cost.  ]**

*Questions? Call toll free 1-800-000-0000, or visit www.AWPlitigation.net.*

**[Defendants object to including this number and website on all pages. This notice comes from the Court.]**

# WHAT THIS NOTICE CONTAINS

**Basic Information .............................................**
       Page
1. Why did I get this Notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Who qualifies as a Third-Party Payor?

**The Claims In The Lawsuit ................................**
   Page
5. What does the lawsuit claim?
6. What do the Defendants say about the lawsuit?
7. Has the Court decided who is right in the lawsuit?
8. Are there any benefits or money available now?

**The Classes........................**          Page
9. How many Classes are there?
10. Who is in the Classes?
11. What are the Covered Drugs?
12. What does it mean if I'm a member of either or both of the Classes?

**Your Rights As A Member of the Classes.....................**    Page
13. How do I remain in either or both of the Classes?
14. Can I get out of the lawsuit and the Classes?
15. How does a TPP exclude itself from either or both of the Classes?
16. If a TPP excludes itself, can it get any money or benefits from the lawsuit?

**Your Rights As A Member Of Either Classes.........................**   Page
17. Can a TPP Class Member appear or speak in this lawsuit?
18. How does a TPP Class Member appear in this lawsuit?

**If You Do Nothing...........................................**   Page
19. What happens if a TPP Class Member doesn't do anything at all?

**The Lawyers Representing TPP Class Members ......................**   Page
20. Do TPP Class Members have a lawyer in this lawsuit?
21. Who pays Class Counsel and how much will they be paid?
22. Should a TPP Class Member get its own lawyer?

**Getting More Information ..............................**
   Page
23. Are more details and information available?
24. How will I be notified about the outcome of the trials?

**Appendix I – Covered Drugs .........................**   Page

## BASIC INFORMATION

**1. Why did I get this Notice?**
A lawsuit has been filed against several drug companies. The Court has said that the lawsuit can go forward as a class action on behalf of consumers and TPPs who paid or reimbursed for one or more of the Covered Drugs, which are listed in Appendix I at the end of this Notice.

You received this Notice because you are a TPP that may have made reimbursements for Covered Drugs between January 1, 1991 and December 31, 2004 or between January 1, 1991 and June 1, 2006. If so, the lawsuit may affect you. Each TPP Class Member has legal rights and choices to make before the Court holds trials to decide whether the claims being made with respect to the drug companies are true. The first of a series of trials begins on September 25, 2006. **Each TPP Class Member must make a choice whether to remain in the Classes before September 15, 2006.**

This Notice explains:

- What the lawsuit is about, and why it is a class action lawsuit.
- What the lawsuit claims and what the drug companies say about the claims.
- Who is affected by the lawsuit.
- What TPP's legal rights and choices are.
- Who represents TPP Class Members in the lawsuit.
- How and by when each TPP Class Member needs to act

**2. What is this lawsuit about?**
Plaintiffs claim Defendant drug companies either report the average wholesale price ("AWP") of each drug they make to trade publications or provide those publications with information from which the publications calculate an AWP for each of Defendants' drugs. The published AWP of a drug may be used to set the price that consumers making co-payments, Medicare and insurance companies will pay for the drug. The lawsuit claims that Medicare, private insurers, and consumers paid more than they should have paid for the Covered Drugs because drug companies intentionally reported false and inflated AWPs on these drugs.

The Court in charge of the lawsuit is the United States District Court for the District of Massachusetts. The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS. The people who sued are called the Plaintiffs. The drug companies they sued are called the Defendants.

The lawsuit includes 42 Defendants. At this time, the Court has certified the first phase of the lawsuit to begin with a trial of the claims against the

following Defendants in the following order:

- AstraZeneca (which includes: AstraZeneca, PLC; AstraZeneca Pharmaceuticals L.P.; and AstraZeneca U.S.),
- The Bristol-Myers Squibb Group (which includes: Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; and Apothecon, Inc.),
- The Johnson & Johnson Group (which includes: Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.; and
- The Schering Plough Group (which includes Schering-Plough Corp. and Warrick Pharmaceuticals Corp.).

Whenever you see the word "Defendants" in this Notice, it includes only the companies listed above: AstraZeneca, Bristol-Myers Squibb Group, Johnson & Johnson Group and the Schering Plough Group.

**[Defendants object. Plaintiffs' language is confusing and one-sided. Defendant AstraZeneca also objects to the inclusion of any entity except AstraZeneca Pharmaceuticals L.P.][1]**

## ACCORDINGLY, DEFENDANTS PROPOSE:

### 2. What are these Lawsuits About?

Before you make a decision about your legal rights, it is important that you understand what these lawsuits are about. These lawsuits are about the amount TPPs reimburse insureds and providers for certain drugs. There are several different Classes involved in the case and you may be a member of one or more classes either as a result of payments made on behalf of (i) certain Medicare Part B beneficiaries; or (ii) certain individuals not covered under Medicare Part B. The Defendant drug companies and the drugs involved are as follows:

| Defendant Classes | Subject Drug(s) |
|---|---|
| AstraZeneca Class | Zoladex (Goserelin Acetate) |

---

[1] Defendant AstraZeneca objects to Plaintiffs' inclusion of AstraZeneca PLC and "AstraZeneca U.S." in their definition of "AstraZeneca." AstraZeneca Pharmaceuticals LP is the only defendant in this action. AstraZeneca PLC is not named as a defendant in the Fourth Amended Master Consolidated Class Action Complaint and "AstraZeneca U.S." does not even exist.

| Bristol-Myers Squibb Class | Blenoxane (Insert Generic)<br>Cytoxan (Insert Generic)<br>Etopophos (Insert Generic)<br>Paraplatin (Insert Generic)<br>Rubex (Insert Generic)<br>Taxol (Insert Generic)<br>VePesid (Insert Generic) |
| Johnson & Johnson Class | Remicade (Insert Generic)<br>Procrit (Insert Generic) |
| Schering-Plough Class | Albuterol (Insert Generic)<br>Intron A (Insert Generic)<br>Perphenazine (Insert Generic)<br>Proventil (Insert Generic)<br>Temodar (Insert Generic) |

For Medicare recipients who elected Medicare Part B coverage, Medicare paid for 80% of what a doctor charged for these drugs. The doctor was entitled to bill the patient not more than the remaining 20%. Between January 1, 1991 and January 1, 2005, Plaintiffs say that the price most doctors charged for these drugs was the "average wholesale price," or AWP.

The allegations are that the Defendants did not properly report and illegally inflated the "average wholesale price" of the subject drugs resulting in TPPs paying higher reimbursements for its beneficiaries. The Class Actions are being pursued under the consumer protection law of Massachusetts. [NOTE: BMS objects to the failure of Plaintiffs' to include the fact that BMS did not report AWPs]

The Defendants deny the factual allegations; contend that the lawsuit and damages are precluded by law; contend that the alleged conduct, if proved, does not violate any applicable law; and states that TPPs had knowledge as to the industry's use of AWP and chose to use AWP as a reimbursement benchmark.

**3. Why is this a class action?**
In a class action lawsuit, one or more people or entities called "class representatives" sue on behalf of others who have similar claims. The people and entities together are a "class" or "class members." The Court must determine if it will allow the lawsuit to proceed as a class action. If it does, a trial of the claims then decides the lawsuit for everyone in the class. The Court in this lawsuit decided it could be a class action.

**[Defendants object. Plaintiffs suggest that a single trial will resolve all class members' claims without explaining that only common issues will be**

8

decided.]

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**3. Why is this a class action?**

In a class action, one or more people like you, called Class Representatives, sue on behalf of people who have at least one common issue, even though there are also individual issues for each class member. All of these people are a "Class" or "Class Members." One litigation resolves the common issues for all Class Members, except for those who exclude themselves from the Class. The Court has already chosen Class Representatives. This Notice will help you determine whether you are a Class Member.

**4. Who qualifies as a Third-Party Payor?**
A TPP is an entity that is:

(a) A party to a contract, issuer of a policy, or sponsor of a plan, *and*

(b) At risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered natural persons.

TPPs include insurance companies, union health and welfare benefit plans and self-insured employers. Entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits can qualify as TPPs. Third-party claim administrators may also file a claim on behalf of a self-funded plan if the third-party claim administrator has legal authority and authorization from the self-funded plan to do so.

## The Claims in the Lawsuit

**[Defendants object to entire section (#s 5-8 below). This information was already provided in #2 above. Repeating the information is confusing].**

**5. What does the lawsuit claim?**
The lawsuit claims that the Defendants violated various state consumer protection laws because they intentionally provided false and inflated AWPs on certain types of outpatient drugs, including the Covered Drugs. The lawsuit also claims that the Defendants intentionally reported inflated AWPs with the knowledge that Medicare Part B and private insurers rely on reported AWPs to determine the prices they will reimburse doctors for those drugs. The lawsuit says that as a result of the inflated AWPs, TPPs who reimburse part or all of their insured's co-payment under Medicare Part B or who used AWP as a pricing standard for reimbursement for those drugs outside of

Medicare Part B, reimbursed more than they should have.  The lawsuit asks the Court to award money damages to those TPPs.

### 6.  What do the Defendants say about the lawsuit?

Defendants deny the factual allegations and claims being made.  Specifically, the Defendants say that the lawsuits and any damages are prohibited under the law and that the alleged conduct, if proved, does not violate the 44 consumer protection laws under which the Plaintiffs claims are brought.  The Defendants also say that the federal government created the AWP pricing system, despite decades of knowledge and criticism that AWP does not necessarily reflect the actual cost of these drugs.  Finally, the Defendants say that many class members will not be able to prove they meet the requirements of the consumer protection laws that apply to prove they paid a doctor for these drugs.

**[Defendants object.  This information was already provided in #2 above. Repeating the information is confusing].**

### 7.  Has the Court decided who is right in the lawsuit?

No.  The Court hasn't decided who is right in the lawsuit yet.  Much more must occur before the Court holds a trial, including notifying Class Members. By deciding now that the lawsuit can continue as a class action, the Court isn't saying who will win.

### 8.  Are there any benefits or money available now?

No money or benefits are available now because the Court hasn't decided whether the Defendants did anything wrong.  There could be money or benefits in the future if one or more Defendants settle before a trial, or if the Court decides in favor of the Classes after a trial.  There's no guarantee that any money for Class Members will ever be obtained from the Defendants.

# THE CLASSES

### 9.  How many Classes are there?

The Court has ruled that there are two different Classes for TPPs who reimbursed for Covered Drugs: a MediGap TPP Class, and a Massachusetts Class.  A TPP could be a member of one or both Classes.

**[Defendants object.  Calling the Non-Medicare class the "Massachusetts Class" is misleading and confusing.  Plaintiffs do not adequately describe the classes.]**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**9.  How many Classes are there?**
The Court has said that these lawsuits can go forward on behalf of two "classes" of TPPs.  Those classes include: (1) TPPs who reimbursed insureds or providers for the up to 20% doctors charged to insureds covered by Medicare Part B for certain drugs (MediGap TPPs); and (2) TPPs who reimbursed insureds or providers for certain drugs outside of the Medicare Part B context under contracts that expressly use AWP as a reimbursement benchmark (Non-Medicare TPPs).

**10.  Who is in the Classes?**
A TPP is a member of the MediGap TPP Class if it made reimbursements for all or part of its insured's 20% co-payment under Medicare Part B for Covered Drugs anytime between January 1, 1991 and January 1, 2005 **or**

A TPP is a member of the Massachusetts Class if it reimbursed for Covered Drugs outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark anytime between January 1, 1991 and June 1, 2006.

In order to be member of either the MediGap TPP Class or the Massachusetts Class, the reimbursements must have been for a beneficiary in Massachusetts or the Third Party Payor must have its principal place of business in Massachusetts.

**[Defendants object to Plaintiffs referring to the non-Medicare class as the "Massachusetts Class."  Both classes are Massachusetts classes so calling one class the "Massachusetts Class" is confusing and misleading.]**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**10.  Who is in the Classes?**
a)  **The Classes:** In order to be a member of either a MediGap TPP Class for a particular Defendant or the Non-Medicare Class for a particular Defendant, the reimbursements made by the TPP must have been made either:
    i.    For a subject drug(s) purchased in Massachusetts; or
    ii.   The TPP must have its principal place of business in Massachusetts.

If a TPP does not have one of these two connections to the Commonwealth of Massachusetts, it is not a Class Member.

b)  **MediGap TPP:** a TPP is a member of a MediGap TPP Class for a particular Defendant IF the TPP fulfills either i. or ii. above, and reimbursed insureds or providers for the up to 20% doctors charged to insureds covered by Medicare Part B **for subject drugs** anytime between January 1, 1991 and January 1, 2005.

c) **Non-Medicare Class:** a TPP is part of a Non-Medicare Class for a particular Defendant if it fulfills either i. or ii. above, <u>and</u> reimbursed insureds or providers **for subject drugs** based upon a contract that uses AWP as a reimbursement benchmark at anytime between January 1, 1991 and January 30, 2006.

**11.  What are the Covered Drugs?**

The Covered Drugs are: **Albuterol, Blenoxane, Cytoxan, Etopophos, Intron A, Paraplatin, Perphenazine, Procrit, Proventil, Remicade, Rubex, Taxol, Temodar, VePesid and Zoladex.**

**You can find a complete list of the Covered Drugs, by Defendant drug manufacturer, drug name, and NDC code, in Appendix I to this Notice.**

**[Defendants object.  Plaintiffs fail to include the generic name of the drugs.]**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**11.  What are the Covered Drugs?**

The Defendant drug companies and the drugs involved are as follows:

| Defendant Classes | Subject Drug(s) |
|---|---|
| AstraZeneca Class | Zoladex (Goserelin Acetate) |
| Bristol-Myers Squibb Class | Blenoxane (Insert Generic)<br>Cytoxan (Insert Generic)<br>Etopophos (Insert Generic)<br>Paraplatin (Insert Generic)<br>Rubex (Insert Generic)<br>Taxol (Insert Generic)<br>VePesid (Insert Generic) |
| Johnson & Johnson Class | Remicade (Insert Generic)<br>Procrit (Insert Generic) |
| Schering-Plough Class | Albuterol (Insert Generic)<br>Intron A (Insert Generic)<br>Perphenazine (Insert Generic)<br>Proventil (Insert Generic)<br>Temodar (Insert Generic) |

**12.  What does it mean if I'm a member of either or both of the Classes?**

If a TPP is a member of either of the Classes listed above and does not exclude itself, it won't be able to sue the Defendants again for the claims in this lawsuit if the Court, after a trial, decides Defendants did nothing wrong. But if there is an award of money after a trial or a settlement with any of the remaining Defendants, a TPP that does not exclude itself will be able to make a claim for a share of that money.

12

[Defendants object.  The various choices are described below and including a cursory description here is confusing and presents the choice as staying in the trial and receiving money or opting out and giving up that chance.]

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**12.  What does it mean if I'm a member of one or more of the Classes?**
If you are a member of one or more of the classes described above, you have three options: (1) Remain a Member of One or More of the Classes; (2) Exclude Yourself From One or More of the Classes; and (3) Participate in the Lawsuit on Your Own or Through a Lawyer.

## YOUR RIGHTS AS A MEMBER OF THE CLASSES

### 13.  How do I remain in either or both of the Classes?

A TPP is automatically a member of either or both of the Classes if it fits the Class  Definitions as outlined in Question 10.  At this time, a TPP does not have to do anything to remain in either or both of the Classes.  Each TPP will be notified if there is a settlement with any of the Defendants or if the Court determines that any of the Defendants are liable for damages as a result of the trials.

[Defendants object.  Does not clearly explain how to remain in the class and what will result.]

**ACCORDINGLY, DEFENDANTS PROPOSE:**

**13.  How do I remain in one or more of the Classes?**
If you want to be a member of one or more of the classes, you do not need to do anything at this time.  As a member of a TPP Class with respect to one or more of the Defendants, you will be bound by the results of the trial or trials, whether those results are favorable or unfavorable to the particular Class.  You will not be permitted to later sue the Defendant(s) on your own.  If the particular Defendant wins at trial, you will lose.

If the Plaintiffs win, you will proceed to the next phase of this litigation which will involve presenting evidence in individual issues under the Massachusetts Consumer Protection Law.  You will not receive any money unless you prove that you are a member of the class, that you made reimbursements based on AWP, and the amount of the reimbursements.

If you remain a member of a particular class or classes, you will be represented by lawyers appointed by the Court called Class Counsel in connection with that class's litigation.  You do not have to pay Class Counsel unless Plaintiffs win.  If Plaintiffs win, the Class Counsel will ask the Court to award attorneys fees and expenses.   Typically, the Court will award a

percentage of the total recovery to Class Counsel for attorneys fees.

### 14.  Can I get out of the lawsuit and the Classes?

If a TPP is a member of either or both of the Classes, and it wants to keep the right to sue Defendants AstraZeneca, Bristol-Myers Squibb Group, Johnson & Johnson Group, or Schering Plough Group about the same claims on its own (and at its own expense), it must take steps to get out of the either or both of the Classes.  This is called excluding yourself.

**[Defendant objects.  Confusing.]**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

### 14.  Can I get out of the lawsuit and the Classes?

If you DO NOT want to be a member of one or more of the classes, you have the right to opt out.  If you choose to opt out and not be a class member, you will not be bound by the result of the Class trial with respect to that class and you will not have to provide evidence in this lawsuit.  You retain the right to pursue an individual claim against the Defendant based upon the matters alleged in this lawsuit.

### 15.  How does a TPP exclude itself from either or both of the Classes?

To exclude itself from either or both of the Classes, a TPP must send a letter signed by an authorized representative that includes all of the following:

- The company name, address, and telephone number, and the name of its authorized representative;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS;
- If a TPP has hired its own lawyer, the name, address, and telephone number of that lawyer; *and*
- A statement that the TPP elects to be excluded from the either the MediGap TPP Class or the Massachusetts Class, or both Classes.

All exclusion letters must be mailed first class, **postmarked on or before September 15, 2006,** to:

> AWP Litigation Administrator
> P.O. Box xxx
> City, State Zip code

Please remember that a Class Member can't exclude itself by phone or by sending an email.

**[Defendants object to the failure to include an opt-out form which puts the burden on the class member who wishes to opt-out].**

**ACCORDINGLY, DEFENDANTS PROPOSE:**

14

**15.  How does a TPP exclude itself from one or more of the Classes?**

You can opt out by completing the form below and mailing it before [INSERT DATE].  You must fill out the form completely.

**16.  What happens if a TPP excludes itself, can it get any money or benefits from the lawsuit?**

If a TPP excludes itself from either or both of the Classes, it will not get money or benefits from the Class(es) if any are obtained from a settlement or trial of the lawsuit involving the Defendants.  If a TPP excludes itself, it is no longer part of the Classes, and nothing that happens in the lawsuit affects it.  But a TPP that properly excludes itself can sue or be part of a different lawsuit against the Defendants about the claims in this case.

If you do not exclude yourself, you are bound by the result in the lawsuit.  Thus, if Defendants win, your claim will be extinguished, Defendants claim that the persons and entities representing your interests do not have a valid claim and it that is correct, your claim will be extinguished unless your exclude yourself.

**[Defendants objects to this section.  This has already been explained and including it again is confusing.]**

**17.  Can a TPP Class Member appear or speak in this lawsuit?**

As long as it doesn't exclude itself, a TPP Class Member can (but does not have to) participate and speak for itself in this lawsuit through its own lawyer.  This is called making an appearance.  Remember that the TPP Class Member may have to pay for the lawyer itself.  If a TPP Class Member appears in the lawsuit, it is still a Class Member and can share in any benefits the Classes might receive as a result of settlement or a trial.

**18.  How does a TPP Class Member appear in this lawsuit?**

If a TPP Class Member wants its own lawyer instead of Class Counsel to participate or speak for it in this lawsuit, its lawyer must give the Court a paper that is called a Notice of Appearance.  The Notice of Appearance should include the name and number of the lawsuit, and state that it wishes to enter an appearance in the lawsuit.

The Notice of Appearance must be filed with the Court at the following address:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**[Defendants object to this section.  The notice has already explained how to appear in the lawsuit and including extra and competitive information is confusing. ]**

A Notice of Appearance should be filed with the Court before the first of a series of trials of this lawsuit begins. The first trial is currently scheduled to start on September 25, 2006.

# IF YOU DO NOTHING

**19. What happens if a TPP Class Member doesn't do anything at all?**
If a TPP Class Member does nothing, it stays in the Classes and all of the Court's orders in the lawsuit will apply to it, including any decision on the trial for the Classes. By staying in either or both of the Classes, a TPP Class Member will share in any benefits from the lawsuit, but it will also be bound if the Class Representative loses.

**[Defendants object to this section as repetitive, as the notice has already explained how to remain in the class at #13]**

# THE LAWYERS REPRESENTING TPP CLASS MEMBERS

**20. Do TPP Class Members have a lawyer in this lawsuit?**
Yes. The Court has appointed the following law firms to represent TPP Class Members:

Hagens Berman Sobol Shapiro LLP PC
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
 *and*
One Main Street, 4th Floor
Cambridge, MA 02142

2000
Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff,

www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite

Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel. Class Members won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of any recovery. More information about Class Counsel and their experience is available at the Web sites listed above.

**21. Can you elaborate on who pays Class Counsel and how much will they be paid?**

If Class Counsel obtains money or benefits for the Classes through a settlement or a successful trial, they will ask the Court for payment of attorneys' fees and costs out of the total amount of money and benefits obtained. <u>The Court must approve the amount of attorneys' fees and costs</u>. If Class Counsel doesn't obtain any money or benefits for the Classes, they won't receive or ask to receive any attorneys' fees or reimbursement of expenses.

**22. Should a TPP Class Member get its own lawyer?**
A TPP Class Member doesn't need to hire its own lawyer, but, if a TPP wants its own lawyer to speak for it or appear in Court, it must file a Notice of Appearance (*see* Question 18 to find out how to submit a Notice of Appearance). If a Class Member hires a lawyer to appear for it in the lawsuit, it will have to make its own arrangement for that lawyer's compensation.

**[Defendants object to this section as superfluous and confusing.]**

# GETTING MORE INFORMATION

**23. Are more details and information available?**
This Notice is just a summary of the lawsuit. More details are in the Complaint filed by Class Counsel and the other legal documents that have been filed with the Court in this lawsuit. Anyone can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. Copies of some of the important documents, like the Complaint, are also available online at www.AWPlitigation.net.

In addition, if you have any questions about the lawsuit or this Notice, you may:
- Visit the AWP Litigation Web site at www.AWPlitigation.net
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy)
- Write to: AWP Litigation Administrator, PO Box xxxx, City, State Zip code.

**Defendants propose inclusion of the following caveat:**

**NOTE:** The Court reviewed this Notice for accuracy. The Court has not reviewed any of the other materials described above and did not verify the accuracy of the information provided.

**24. How will I be notified about the outcome of the trials?**

18

Information about the trials will be posted on the Web site as appropriate. You may also register on the Web site or by mail to get notification of the outcome of the litigation and other significant occurrences associated with this case.  To register by mail send a letter to the AWP Litigation Administrator at the address above.  To register on the Web site, go to the site and access the "Registration" link on the Web site menu.

*By Order of the United States District Court, District of Massachusetts.*

Date: _____

_____
         The Honorable Judge Patti B. Saris

## OPT OUT FORM

In re Pharmaceutical Industry Average Wholesale Price Litigation – _____
v. AstraZeneca Pharmaceutical LP
Docket No. 01-CV-12257-PBS.

_____
Company Name

_____
Name of Company's Authorized Representative
and Title

_____
Company Address and Telephone

_____
Whether TPP has its Principle Place of
Business in Massachusetts

**We would like to be excluded from the following Class(es):**

**AstraZeneca Class**
MediGap Zoladex ☐
Non-Medicare Zoladex ☐

**Bristol-Myers Squibb Class**

| | | | |
|---|---|---|---|
| MediGap Blenoxane ☐ | MediGap Rubex ☐ |
| Non-Medicare Blenoxane ☐ | Non-Medicare Rubex ☐ |
| MediGap Cytoxan ☐ | MediGap Taxol ☐ |
| Non-Medicare  Cytoxan ☐ | Non-Medicare Taxol ☐ |
| MediGap Etopophos ☐ | MediGap VePesid ☐ |
| Non-Medicare Etopophos ☐ | Non-Medicare VePesid ☐ |
| MediGap Paraplatin ☐ | |
| Non-Medicare Paraplatin ☐ | |

**Schering-Plough Class**

| | |
|---|---|
| MediGap Albuterol | |
| Non-Medicare Albuterol ☐ | Non-Medicare Perphenazine ☐ |
| MediGap Intron A | MediGap Proventil ☐ |
| Non-Medicare  Intron A ☐ | Non-Medicare Proventil ☐ |
| MediGap Perphenazine ☐ | Non-Medicare  Temodar ☐ |
| | MediGap Temodar ☐ |

**Johnson & Johnson Class**
MediGap Remicade ☐
Non-Medicare Remicade ☐
MediGap Procrit ☐
Non-Medicare Procrit ☐

_____
Signature                                    Date

**MAIL BY [INSERT DATE] to:**
AWP Litigation Administrator
PO Box XXX
City, State, Zip Code

20