# EXHIBIT 2



**A**

United State District Court- District of Massachusetts

---

**IF YOU ARE A MEDICARE PART B BENEFICIARY TREATED WITH
ZOLADEX® (GOSERELIN ACETATE), MOSTLY LIKELY
FOR PROSTATE CANCER, A CLASS ACTION
LAWSUIT MAY AFFECT YOUR RIGHTS**

---

## PLEASE READ THIS NOTICE CAREFULLY

There is a class action lawsuit pending in the United States District Court for the District of Massachusetts.  The name of the lawsuit is In re Pharmaceutical Industry Average Wholesale Price Litigation, MultiDistrict Litigation No. 1456, Docket No. 01-CV-12257-PBS.

The defendant manufactured and sold the drug Zoladex.  This class action involves Medicare Part B.  Under Medicare Part B, Medicare paid for 80% of what a doctor charged for injections of Zoladex and the doctor was entitled to bill the patient not more than the remaining 20%.  During the period covered  by the lawsuit (1991 through 2004), the lawsuit alleges that most doctors charged the "average wholesale price," or AWP, for Zoladex injections.

### What Do Plaintiffs Say?

The lawsuit alleges that the defendant did not properly report and inflated the "average wholesale price" of Zoladex resulting in Medicare Part B beneficiaries paying a higher amount to their doctors for Zoladex injections.  The lawsuit is brought under the intentional misrepresentation provisions of the consumer protection laws of 44 States and the District of Columbia.

### What Does the Defendant Say?

The defendant denies the factual allegations of the lawsuit; contends that the lawsuit and damages are precluded under the law; contends that the alleged conduct, if proved, does not violate the 44 consumer protection laws, and that many class members will not be able to establish elements required by some of the consumer protection laws, or prove they paid a doctor for Zoladex.  The defendant has moved to have the claims of the two individuals who represent the Zoladex class dismissed.

The District Court has not yet ruled on many matters that can affect the lawsuit.

### Who Is NOT In This Zoladex Class?

If you are a Medicare Part B beneficiary who also had Medigap insurance that paid your doctor for, or reimbursed you, in full for Zoladex injections, you ARE NOT in the class.

If your injections of Zoladex occurred in Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, or Virginia you ARE NOT in this class.

### Who Is In This Zoladex Class?

1.  You are in the Zoladex class (a) if you are a Medicare Part B beneficiary between 1991 and the beginning of 2005, (b) who received Zoladex injections during that time period in a state other than one of the nine states listed immediately above, and (c) you paid your doctor for some portion of the Zoladex injections, but not if you paid a flat amount such as $10 or $20 per injection or were fully reimbursed by a Medigap insurer.

2.  You are in the Zoladex class if you are the legal heir of, or the legal successor to, the rights of a Medicare Part B beneficiary who met all three criteria set forth in "1" immediately above but who is now deceased.  You need to consult your own lawyer to determine if you are the legal successor to any such rights.

3.  You are in the Zoladex class if (a) you are a Medicare Part B beneficiary between January 1, 1991 and the beginning of 2005, (b) who received Zoladex injections during that time period in a state other than the nine states listed above, and (c) either you or your Medigap insurer were billed for Zoladex injections, but neither you nor your Medigap insurer paid and the time period for bringing a claim against you to enforce payment for the Zoladex injections has not yet expired.

**IMPORTANT:  THE COURT IS <u>NOT</u> SUGGESTING, REQUESTING, OR REQUIRING THAT MEDICARE PART B BENEFICIARIES WHO WERE NOT BILLED BY THEIR DOCTORS, OR WHO WERE BILLED BUT DID NOT PAY, FOR ZOLADEX INJECTIONS SHOULD PAY THEIR DOCTORS.**

**<u>Your Rights May Be Affected</u>**

If you are a member of the Zoladex class as described above, you have options.

1.  If you do want to be a member of the class, you need do nothing at this time.  As a member of the Zoladex class, you will be bound by the results of a trial.  If defendant wins at that trial, you will lose.  If the defendant loses at trial, you will have to present evidence on individual issues under the consumer protection laws of the applicable state.

2.  If you want to be a member of the class and be heard on matters, you can have your own attorney do so.

3.  If you DO NOT want to be a member of the Zoladex class, you have the right to opt out.  You can opt out by completing the form below and mailing it before _____, 2006. If you choose to opt out and not be a class member, you will not be bound by the result of the class trial and will not have to provide evidence.

### For a Detailed Notice and Further Information on the Covered Drugs and AWP Litigation

### Call toll-free:  1 XXX-XXX-XXXX or Visit: www.AWPlitigation.net Or Write: AWP Class Action Litigation, P.O. Box XXX, City, State 00000

## **OPT OUT FORM**

<u>In re Pharmaceutical Industry Average Wholesale Price Litigation – _____
v. AstraZeneca Pharmaceutical LP</u>
Docket No. 01-CV-12257-PBS.

_____
Your Name:

_____
Address:

_____
Are you the legal heir or successor of the
Zoladex Patient?

**MAIL BY [INSERT DATE] to:**
AWP Litigation Administrator
PO Box XXX
City, State, Zip Code

**I would like to be excluded from the Zoladex Class.**

_____
Signature                                                           Date

**B**

United State District Court- District of Massachusetts

---

**If You Are a Medicare Part B Beneficiary
Who Received Zoladex® Injections, or An Heir,
A Class Action Lawsuit May Affect Your Rights**

---

*The District Court has approved the text of this Notice and authorized its printing
and publication.  It is not from a lawyer.  You are not being sued.*

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  There is a class action lawsuit pending in the United States District Court for the District of Massachusetts.  The name of the lawsuit is *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MultiDistrict Litigation No. 1456, Docket No. 01-CV-12257-PBS.

This class action is about the amount Medicare Part B beneficiaries paid for Zoladex, also known as goserelin acetate, a drug that is used primarily to treat prostate cancer.  <u>This lawsuit is not about the safety or effectiveness of Zoladex</u>.

The Court has not yet decided the outcome of this litigation.  A trial is scheduled to begin on September 25, 2006.  The Court has approved the text of this Notice and authorized its publication.  However, this Notice is not an expression of the Court's view as to the merits of any claims or defenses asserted by the parties.

You may be a member the Plaintiff Class.  This Notice explains your rights and the choices you must make as a member of the class.  PLEASE READ THIS NOTICE CAREFULLY.

[**Insert Table of Contents**]

# BASIC INFORMATION

## 1. Why did I get this Notice?

A lawsuit has been filed against AstraZeneca on behalf of people covered by Medicare Part B who paid a percentage co-payment for the drug Zoladex. Zoladex, also known as goserelin acetate, is made by AstraZeneca and is used primarily to treat prostate cancer in men, but is also used to treat breast cancer and endometriosis in women. Zoladex is administered by injection in the abdomen by a doctor or nurse.

You received this notice because you requested more information about this lawsuit and/or records obtained from the Center for Medicare and Medicaid Services indicate that you are a Medicare Part B beneficiary who received Zoladex injections between January 1, 1991 and January 1, 2005 and that you may have either paid a co-payment to your doctor for a portion of the bill for Zoladex injections, or may be under a "legal obligation" (explained further below) to pay. If so, this lawsuit may affect you.

You received this notice because you have legal rights and choices to make before a trial will decide whether some of the claims being made against AstraZeneca, the Defendant, are valid. The trial will begin on September 25, 2006. You must make a choice whether to remain in the class or exclude yourself before September 15, 2006.

## 2. What is this lawsuit about?

Before you make a decision about your legal rights, it is important that you understand what this lawsuit is about. This lawsuit is about the amount Medicare Part B beneficiaries paid for the drug Zoladex.

For Medicare recipients who elected Medicare Part B coverage, Medicare paid for 80% of what a doctor charged for injections of Zoladex. The doctor was entitled to bill the patient not more than the remaining 20%. Between January 1, 1991 and January 1, 2005, Plaintiffs say that the price most doctors charged for Zoladex injections was the "average wholesale price," or AWP.

Plaintiffs say that Medicare Part B beneficiaries paid their doctors too much for Zoladex injections because the Defendant did not properly report the AWP. The Plaintiffs claim that the Defendant's conduct in not properly reporting AWP violates the consumer protection laws of 44 states.

The Defendant denies the factual allegations and claims of the lawsuit. Specifically, the Defendant says that the lawsuit and damages are prohibited by law and that the alleged conduct, if proved, does not violate the 44 consumer

protection laws.  The Defendant also says that the federal government created the AWP pricing system, despite decades of knowledge and criticism that AWP does not necessarily reflect the actual cost of Zoladex.  Finally, the Defendant says that many class members will not be able to prove they meet the requirements of the consumer protection laws of some states that might apply, or prove they paid a doctor for Zoladex.  The Defendant has moved to have the claims of the two individuals who represent the Zoladex class dismissed.

The Court has not yet ruled on many matters that can affect the lawsuit.

### 3.  Why is this a class action?

In a class action, one or more people, called Class Representatives, sue on behalf of people like you who have at least one common issue, even though there are also individual issues for each class member.  All of these people are a "Class" or "Class Members."  One litigation resolves the common issues for all Class Members, except for those who exclude themselves from the Class.  The Court has already chosen Class Representatives.  This Notice will help you determine whether you are a Class Member.

# THE CLASSES

**4.** **Who Is a Class Member?**

You are a member of the Zoladex Class if you fulfill the criteria listed in either 1, 2, or 3 below.

1.      You are in the Zoladex class (a) if you were a Medicare Part B beneficiary between 1991 and the end of 2004, (b) who received Zoladex injections during that time period in any state EXCEPT Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, or Virginia, and (c) you paid your doctor for Zoladex injections, but not if you paid a flat amount such as $10 or $20 per injection and not if you were fully reimbursed for your payment by a private insurer.

2.      You are in the Zoladex class if you are the legal heir of, or the legal successor to, the rights of a Medicare Part B beneficiary who met all three criteria set forth in "1" immediately above but who is now deceased.  You need to consult your own lawyer to determine if you are the legal successor to any such rights.  Your lawyer will help you determine whether you qualify as a "legal heir" under state laws of intestacy, will, trust, or any other applicable law.

3.      You are in the Zoladex class if (a) you were a Medicare Part B beneficiary between 1991 and the beginning of 2005, (b) who received Zoladex injections during that time period in a state other than the nine states listed above, and (c) incurred a "legal obligation" to pay your doctor a co-payment for Zoladex injections but did not do so.  You may have incurred a "legal obligation" if (a) your doctor billed either you or your Medigap insurer for the Zoladex injections but neither you nor your Medigap insurer paid, (b) if you did not pay because your doctor did not bill you and (c) the time period for bringing a legal claim against you to enforce payment for one or more of the drugs has not already expired under the law.

**IMPORTANT:**  This is not a bill or a collection notice.  The Court is not suggesting, requesting or requiring that Medicare Part B beneficiaries who were billed for Zoladex but did not pay, or were not billed at all for Zoladex should pay their doctors now or that you are obligated to do so under the Medicare statute or regulations.

# YOUR RIGHTS AS A MEMBER OF THE CLASSES

**5.**    **What Are My Rights**

If you are a member of the Zoladex Class as described above, you have three options: (1) Remain A Member of the Class; (2) Exclude Yourself From the Class; and (3) Participate in the Lawsuit on Your Own or Through a Lawyer.

**(1)**    **Remain A Member of the Class**

If you want to be a member of the class, you do not need to do anything at this time.  As a member of the Zoladex class, you will be bound by the results of the trial, whether those results are favorable or unfavorable to the Class.  You will not be permitted to later sue the Defendant on your own.  If the Defendant wins at trial, you will lose.

If the Plaintiffs win, you will proceed to the next phase of this litigation.

a) If you are a class member who paid, you will have to present evidence on individual issues under the consumer protection laws of the state in which you reside.  You will not receive any money unless you prove that you are a member of the class, that you paid a percentage co-payment, and the amount of the co-payment.  Such evidence may include, among other things, an original bill and/or a cancelled check proving that you paid the co-payment.

b) If you are an heir, you will have to first meet the requirements described in (a).  Then, you will need to prove your legal status as an heir.  This may be accomplished through a legal instrument such as a will, testamentary laws, or some other acceptable source.

c) If you have a "legal obligation" to pay, but have not yet, you will have to present evidence on the facts and circumstances giving rise to what you say created your legal obligation.  Such evidence may include an oral agreement with your doctor, a bill or invoice, or some other acceptable source.  You will also be required to prove that your claim is not barred by the applicable statute of limitations before receiving any money.

If you remain a member of the class, you will be represented by lawyers appointed by the Court called Class Counsel (see #7 below).  You do not have to pay Class Counsel unless Plaintiffs win.  If Plaintiffs win, the Class Counsel will ask the Court to award attorneys fees and expenses.  Typically, the Court will award approximately 30% of the total damages to Class Counsel for attorneys fees.

6

**(2)** **Exclude Yourself from the Class**

If you DO NOT want to be a member of the Zoladex Class, you have the right to opt out.  If you choose to opt out and not be a class member, you will not be bound by the result of the Class trial and you will not have to provide evidence in this lawsuit.  You retain the right to pursue an individual claim against the Defendant based upon the matters alleged in this lawsuit.

You can opt out by completing the form below and mailing it before [INSERT DATE].  You must fill out the form completely.

**(3)** **Participate in the Lawsuit on Your Own or Through a Lawyer**

If you choose to remain a member of the class, you can (but do not have to) participate and speak for yourself through your own lawyer.  You will have to pay for this lawyer yourself.

# THE LAWYERS REPRESENTING TPP CLASS MEMBERS

**6. Do I have a lawyer in this lawsuit?**

Yes. The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP PC
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
  ***and***
One Main Street, 4th Floor
Cambridge, MA 02142

Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite 2000

Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of any recovery. More information about Class Counsel and their experience is available at the Web sites listed above.

**7. Can you elaborate on who pays Class Counsel and how much will they be paid?**

If Class Counsel obtains money or benefits for the Classes through a settlement or a successful trial, they will ask the Court for payment of attorneys' fees and costs out of the total amount of money and benefits obtained. The Court must approve the amount of attorneys' fees and costs. If Class Counsel doesn't obtain any money or benefits for the Classes, they won't receive or ask to receive any attorneys' fees or reimbursement of expenses.

## GETTING MORE INFORMATION

**8.  Are more details and information available?**

This Notice is a summary notice of the class action and is not intended as a complete statement of the lawsuit.  More details are in the legal documents that have been filed with the Court.  You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.


**NOTE:**  The Court reviewed this Notice for accuracy.  The Court has not reviewed any of the other materials described above and did not verify the accuracy of the information provided.


*By Order of the United States District Court, District of Massachusetts.*


Date: _____      _____

The Honorable Judge Patti B. Saris

## **OPT OUT FORM**

In re Pharmaceutical Industry Average Wholesale Price Litigation – _____
v. AstraZeneca Pharmaceutical LP
Docket No. 01-CV-12257-PBS.

_____
Your Name:

_____
Address:

_____
Are you the legal heir or successor of the
Zoladex Patient?

**MAIL BY [INSERT DATE] to:**
AWP Litigation Administrator
PO Box XXX
City, State, Zip Code

**I would like to be excluded from the Zoladex Class.**

_____
Signature                                          Date

10

C

United State District Court- District of Massachusetts

---

**IF YOU ARE A THIRD-PARTY PAYOR BASED IN MASSACHUSETTS
OR PAID FOR BENEFICIARIES IN MASSACHUSETTS AND YOU
MADE REIMBURSEMENTS FOR
ZOLADEX® (GOSERELIN ACETATE)
A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS**

---

PLEASE READ THIS NOTICE CAREFULLY

There is a class action lawsuit pending in the United States District Court

for the District of Massachusetts.  The name of the lawsuit is *In re Industry*

*Average Wholesale Price Litigation*, MultiDistrict Litigation No. 1456, Docket

No. 01-CV-12257-PBS.

This class action involves reimbursements made by Third-Party Payors

("TPPs") for Zoladex (goserlin acetate), a drug manufactured and sold by the

Defendant AstraZeneca.  Under Medicare Part B, Medicare paid for 80% of what

a doctor charged for injections of Zoladex and the doctor was permitted to bill the

patient for up to 20% of the remaining fee.  MediGap Third Party Payors act as

"supplemental insurers" and cover a portion or all of the amount charged by the

doctor.  In addition, some TPPs ("Non-Medicare TPPs") make reimbursements

for drugs outside of the Medicare Part B context, based upon contracts that use

AWP as a reimbursement benchmark.

The allegations are that the Defendants did not properly report and

illegally inflated the "average wholesale price" of Zoladex resulting in TPPs

paying higher reimbursements for its beneficiaries.  The Class Actions are being

pursued under the consumer protection law of Massachusetts.

**What do the Defendants say about the Litigation?**

The Defendants deny the factual allegations; contend that the lawsuit and

damages are precluded by law; contend that the alleged conduct, if proved, does

not violate any applicable law; and states that TPPs had knowledge as to the

industry's use of AWP and chose to use AWP as a reimbursement benchmark.

The District Court has not yet ruled on many matters that can affect the

lawsuit.

**Which TPPs Are Involved in the Litigation?**

1. You **MUST** either be a TPP whose principal place of business is in
   Massachusetts, **OR** who made reimbursements for Zoladex injections
   purchased in Massachusetts; **and either:**

   a. MediGap TPP: You are a TPP that reimbursed insureds or providers
      for the up to 20% doctors charged to insureds covered by Medicare
      Part B for Zoladex injections during the period covered by the
      lawsuit (Jan. 1, 1991-Jan 1, 2005); **or**

   b. Non-Medicare TPP: You are a TPP that reimbursed insureds or
      providers for Zoladex injections outside the Medicare Part B context
      on the basis of a contract which uses AWP as the reimbursement
      benchmark, at any time between Jan. 1, 1991 and January 30, 2006.

**What Are a TPPs' Rights as a Member of Either or Both of the Classes?**

If you are a member of the TPP class for Zoladex reimbursements as described

above, you have options:

1. If you want to be a member of the class, you do not need to do anything at this time. As a member of the TPP class for Zoladex, you will be bound by the results of a trial. If Defendant wins at that trial, you will lose. If the Defendant loses at trial, you will have to present evidence on individual factual and legal issues and be subject to discovery of your knowledge and use of AWP in your Contracts.

2. If you want to be a member of the class and be heard on matters, you can have your own attorney appear.

3. If you DO NOT want to be a member of the Zoladex class, you have the right to opt out. You can opt out by completing the form below and mailing it before _____.

4. If you choose to opt out and not be a class member, you will not be bound by the result of the class trial and will not have to provide evidence. To obtain additional information approved by the Court about the class action and receive the actual court-approved notice, call 1-800-xxx-xxxx.


By Order of the Court

Patti J. Saris, U.S.D.J.

_____, 2006

3

<u>**OPT-OUT FORM**</u>

<u>In re Pharmaceutical Industry Average Wholesale Price Litigation -</u> _____
<u>v. AstraZeneca Pharmaceuticals LP</u>
Docket No. 01-CV-12257-PBS

_____
Company Name

_____
Company Address

_____
Company Telephone Number

_____
Name of Company's Authorized Representative

_____
Name, Address and Telephone Number of Company's Own Lawyer
(if company has hired its own lawyer)

_____
Whether Third-Party Payors are members of the MediGap Class, the Non-Medicare
Class or both

_____
Whether the Third Party Payor has its principal place of business in Massachusetts
or if its beneficiaries paid for Zoladex in Massachusetts

_____

_____

_____
Statement that the Third-Party Payor elects to be excluded from either the MediGap
Class, the Non-Medicare Class, or both Classes

**MAIL BY [Date] to:**
AWP Litigation Administrator
PO Box XXX
City, State, Zip Code

_____
Signature                                                              Date

4

# D

United State District Court- District of Massachusetts

> **IF YOU ARE A THIRD-PARTY PAYOR BASED IN MASSACHUSETTS**
> **OR PAID FOR BENEFICIARIES IN MASSACHUSETTS AND YOU**
> **MADE REIMBURSEMENTS FOR**
> **ZOLADEX® (GOSERELIN ACETATE)**
> **A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS**

*The District Court has approved the text of this Notice and authorized its printing and publication. It is not from a lawyer. You are not being sued.*

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. There is a class action lawsuit pending in the United States District Court for the District of Massachusetts. The name of the lawsuit is *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MultiDistrict Litigation No. 1456, Docket No. 01-CV-12257-PBS.

This class action is about the amount Third-Party Payors ("TPPs") paid for Zoladex, also known as goserelin acetate, a drug that is used primarily to treat prostate cancer. <u>This lawsuit is not about the safety or effectiveness of Zoladex.</u>

The Court has said that the lawsuit can go forward on behalf of two "classes" of TPPs. Those classes include: (1) TPPs who reimbursed insureds or providers for the up to 20% doctors charged to insureds covered by Medicare Part B for Zoladex (MediGap TPPs); and (2) TPPs who reimbursed insureds or providers for Zoladex injections outside of the Medicare Part B context under contracts that expressly use AWP as a reimbursement benchmark (Non-Medicare TPPs). <u>TPPs are only eligible as class members if their principal place of business is in Massachusetts, **or** if they made reimbursements for injections purchased in Massachusetts.</u> The lawsuit covers payments made from Jan. 1, 1991 to Jan. 1, 2005 for MediGap TPPs and Jan. 1, 1991 to January 30, 2006 for Non-Medicare TPPs.

The Court has not yet decided the outcome of this litigation. A trial is scheduled to begin on September 25, 2006. The Court has approved the text of this Notice and authorized its publication. However, this Notice is not an expression of the Court's view as to the merits of any claims or defenses asserted by the parties.

You may be a member the Plaintiff Class. This Notice explains your rights and the choices you must make as a member of the class. PLEASE READ THIS NOTICE CAREFULLY.

**[Insert Table of Contents]**

# BASIC INFORMATION

## 1. Why did I get this Notice?

A lawsuit has been filed against the Defendant, AstraZeneca , a drug company who manufactures and sells Zoladex (goserelin acetate).  The court has allowed the lawsuit to go forward in the form of a class action on behalf of Third-Party Payors.  Zoladex, also known as goserelin acetate, is made by AstraZeneca and is used primarily to treat prostate cancer in men, but is also used to treat breast cancer and endometriosis in women.  Zoladex is administered by injection in the abdomen by a doctor or nurse.

You received this Notice because you are a TPP that may have made reimbursements for Zoladex between January 1, 1991 to January 30, 2006.  If you have made such reimbursements for Zoladex this lawsuit may affect you.  If you qualify as a TPP Class Member, as described in #5 of this notice, you will have legal rights and choices you will have to make before the Court makes any rulings as to the allegations in this lawsuit.  If you are a member of the TPP Class your action or lack of action may have binding effects on your legal rights.

You received this notice because you have legal rights and choices to make before a trial will decide whether some of the claims being made against AstraZeneca, the Defendant, are valid.  The trial will begin on _____, 2006.  You must make a choice whether to remain in the class or exclude yourself before _____, 2006.

## 2. What is this lawsuit about?

Before you make a decision about your legal rights, it is important that you understand what this lawsuit is about.  This lawsuit is about the amount TPPs paid for the drug Zoladex. There are several different Classes involved in the case and you may be a member of one or more classes either as a result of payments for Zoladex made on behalf of (i) certain Medicare Part B beneficiaries; or (ii) certain individuals not covered under Medicare Part B.

For Medicare recipients who elected Medicare Part B coverage, Medicare paid for 80% of what a doctor charged for injections of Zoladex.  The doctor was entitled to bill the patient not more than the remaining 20%.  Between January 1, 1991 and December 31, 2004, Plaintiffs say that the price most doctors charged for Zoladex injections was the "average wholesale price," or AWP.

The allegations are that the Defendant did not properly report and illegally inflated the "average wholesale price" of Zoladex, resulting in TPPs paying higher reimbursements for its beneficiaries.  The Class Actions are being pursued under the consumer protection law of Massachusetts.

2

The Defendant denies the factual allegations and claims of the lawsuit. Specifically, the Defendant says that the lawsuit and damages are precluded by law and that the alleged conduct, if proved, does not violate any applicable law; and states that TPPs had knowledge as to the industry's use of AWP and chose to use AWP as a reimbursement benchmark.

The Court has not yet ruled on many matters that can affect the lawsuit.

### 3.  Why is this a class action?

In a class action, one or more people like you, called Class Representatives, sue on behalf of people who have at least one common issue, even though there are also individual issues for each class member.  All of these people are a "Class" or "Class Members."  One litigation resolves the common issues for all Class Members, except for those who exclude themselves from the Class.  The Court has already chosen Class Representatives.  This Notice will help you determine whether you are a Class Member.

### 4.  Who qualifies as a Third-Party Payor?

A TPP, in general, is an entity that is:
a) a party to a contract, issuer of a policy, or sponsor of a plan, *and*
b) at risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered natural persons.

TPPs include insurance companies, union health and welfare benefit plans and self-insured employers.  Entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug plans *may* qualify as TPPs.  Third-party claims administrators may also file a claim on behalf of a self-funded plan if the third-party claim administrator has legal authority and authorization from the self-funded plan to do so.

The Court has created two different Classes for TPPs who made reimbursements for Zoladex: a MediGap TPP Class, and a Non-Medicare Class.  A TPP may be a member of one or both Classes.

## THE CLASSES

### 5.      Who is a Class Member?

a) **Both Classes:** In order to be a member of either the MediGap TPP Class or the Non-Medicare Class, the reimbursements made by the TPP must have been made <u>either</u>:

3

    i.    For injections of Zoladex purchased in Massachusetts; <u>or</u>

   ii.    The TPP must have its principal place of business in Massachusetts.

If a TPP does not have one of these two connection to the Commonwealth of Massachusetts, it is not a Class Member.

b) **MediGap TPP:** a TPP is a member of the MediGap TPP Class <u>IF</u> the TPP fulfills either i. or ii. above, <u>and</u> reimbursed insureds or providers for the up to 20% doctors charged to insureds covered by Medicare Part B **for Zoladex** injections anytime between January 1, 1991 and January 1, 2005.

c) **Non-Medicare Class:** a TPP is part of the Non-Medicare Class if it fulfills either i. or ii. above, <u>and</u> reimbursed insureds or providers **for Zoladex** based upon a contract that uses AWP as a reimbursement benchmark at anytime between January 1, 1991 and January 30, 2006.

# YOUR RIGHTS AS A MEMBER OF THE CLASSES

**6.**    **What Are My Rights**

If you are a member of the Zoladex Class as described above, you have three options: (1) Remain A Member of One or More of the Classes; (2) Exclude Yourself From One or More of the Classes; and (3) Participate in the Lawsuit on Your Own or Through a Lawyer.

**7. How do I remain in either or both of the Classes?**

If you want to be a member of the class, you do not need to do anything at this time. As a member of the TPP Class, you will be bound by the results of the trial, whether those results are favorable or unfavorable to the Class. You will not be permitted to later sue the Defendant on your own. If the Defendant wins at trial, you will lose.

If the Plaintiffs win, you will proceed to the next phase of this litigation which will involve presenting evidence in individual issues under the Massachusetts Consumer Protection Law. You will not receive any money unless you prove that you are a member of the class, that you made reimbursements based on AWP, and the amount of the reimbursements.

If you remain a member of the class, you will be represented by lawyers appointed by the Court called Class Counsel (see #7 below). You do not have to pay Class Counsel unless Plaintiffs win. If Plaintiffs win, the Class Counsel will

4

ask the Court to award attorneys fees and expenses.  Typically, the Court will award a percentage of the total recovery to Class Counsel for attorneys fees.

**8.  How does a TPP exclude itself from either or both of the Classes?**

If you DO NOT want to be a member of the TPP Class, you have the right to opt out.  If you choose to opt out and not be a class member, you will not be bound by the result of the Class trial and you will not have to provide evidence in this lawsuit.  You retain the right to pursue an individual claim against the Defendant based upon the matters alleged in this lawsuit.

You can opt out by completing the form below and mailing it before [INSERT DATE].  You must fill out the form completely.

**9.  Can a TPP Class Member appear or speak in this lawsuit?**

If you choose to remain a member of the class, you can (but do not have to) participate and speak for yourself through your own lawyer.  You will have to pay for this lawyer yourself.


# THE LAWYERS REPRESENTING TPP CLASS MEMBERS

**10.  Do TPP Class Members have a lawyer in this lawsuit?**

Yes.  The Court has appointed the following law firms to represent TPP Class Members:

Hagens Berman Sobol Shapiro LLP PC
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
    *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff,
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite 2000
Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel.  Class Members won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of any recovery.  More information about Class Counsel and their experience is available at the Web sites listed above.

### 11.  Can you elaborate on who pays Class Counsel and how much will they be paid?

If Class Counsel obtains money or benefits for the Classes through a settlement or a successful trial, they will ask the Court for payment of attorneys' fees and costs out of the total amount of money and benefits obtained.  <u>The Court must approve the amount of attorneys' fees and costs</u>.  If Class Counsel doesn't obtain any money or benefits for the Classes, they won't receive or ask to receive any attorneys' fees or reimbursement of expenses.

## GETTING MORE INFORMATION

### 12.  Are more details and information available?

This Notice is a summary notice of the class action and is not intended as a complete statement of the lawsuit.  More details are in the legal documents that have been filed with the Court.  You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

**NOTE:**  The Court reviewed this Notice for accuracy.  The Court has not reviewed any of the other materials described above and did not verify the accuracy of the information provided.

*By Order of the United States District Court of Massachusetts.*

Date: _____                    _____

                                          The Honorable Judge Patti B. Saris

## OPT-OUT FORM

In re Pharmaceutical Industry Average Wholesale Price Litigation - _____
v. AstraZeneca Pharmaceuticals LP
Docket No. 01-CV-12257-PBS

_____
Company Name

_____
Company Address

_____
Company Telephone Number

_____
Name of Company's Authorized Representative

_____
Name, Address and Telephone Number of Company's Own Lawyer
(if company has hired its own lawyer)

_____
Whether Third-Party Payors are members of the MediGap Class, the Non-Medicare
Class or both

_____
Whether the Third Party Payor has its principal place of business in Massachusetts
or if its beneficiaries paid for Zoladex in Massachusetts

_____

_____

_____
Statement that the Third-Party Payor elects to be excluded from either the MediGap
Class, the Non-Medicare Class, or both Classes

**MAIL BY [Date] to:**
AWP Litigation Administrator
PO Box XXX
City, State, Zip Code

_____
Signature                                                    Date

7