UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO | ) ) Civil Action No. 01-CV-12257 PBS ) |
| ALL ACTIONS | ) Judge Patti B. Saris ) **Set for Hearing June 26, 2006** |

**THE BMS DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' "NEW" PROPOSED CLASS NOTICE**


**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, Massachusetts
(617) 371-1000

*Of Counsel*:
  Thomas E. Dwyer, Jr.


**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Of Counsel*:

  Steven M. Edwards, Esq.
  Lyndon M. Tretter, Esq.


*Attorneys for Defendants Bristol-Myers Squibb
Co., Oncology Therapeutics Network Corp. and
Apothecon, Inc.*


Dated:  June 21, 2006

BMS joins in AstraZeneca's memorandum responding to plaintiffs' proposed class notice and provides the following comments of its own.

## I.

### INDIVIDUAL NOTICE SHOULD BE REQUIRED

Individual notice is not only required by Supreme Court precedent, see, e.g., Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974), it is necessary to protect the rights of defendants. As this Court is aware, the Attorneys General of several states and other parties[1] have brought actions in other jurisdictions purporting to represent the interests of the class members in this case in connection with claims that arise out of the same facts as the claims in this case. If notice to the class in this case does not fully satisfy the requirements of due process, defendants may be placed in a position where they will have to litigate the same issues again. The class notice in this case must not only satisfy this Court, it should be sufficient to enable defendants to demonstrate to other courts that the class members are bound.

## II.

### THE NOTICE SHOULD ADEQUATELY DESCRIBE THE DEFENDANTS' POSITION

One purpose of class notice is to enable class members to determine whether or not they wish to proceed as members of the class. 3D Moore's Federal Practice, §23.104[1][b] (2005). To facilitate that objective, Rule 23(c)(2)(B) requires that the notice "concisely and clearly state in plain, easily understood language" the issues or defenses, as well as the claims. The Federal Judicial Center model, which is cited with approval in the Advisory Committee

---

[1] Co-lead counsel in this case has brought an action purporting to represent a class that encompasses the class in this case on the same claims in New Jersey. Int'l Union of Op. Engineers v. AstraZeneca PLC (Sup. Ct. Monmouth Cty. N.J.).

Notes to the 2003 amendments to Rule 23, provides for at least equal time for the defendant's

position and the description of the claim, and it makes clear that the substance of the defendant's

position should be included in the notice.  See Federal Judicial Center Model, annexed hereto,

Question 6.

Plaintiffs' proposed publication notice does not satisfy that objective.  It consists

of a general denial that does not reveal anything about the substance of the defense.  The average

class member would likely construe it as boilerplate and dismiss it out of hand.

Furthermore, in plaintiffs' proposed individual notice as well as their proposed

publication notice, plaintiffs have adamantly refused to include the following language:

> "BMS points out that it does not report AWPs; it reports list prices
> at which a substantial percentage of its sales are made."

BMS believes it is absolutely essential that both the individual and publication notice include this

statement.  The statement is not only necessary for class members to make an informed decision

about whether to proceed with the class, the notice is a communication to BMS's customers

suggesting that BMS has defrauded them, and it is important for those customers to understand

that BMS has a substantive response to the claim.

Plaintiffs' proposed notice suggests, in at least four places, that BMS

"intentionally provided false and inflated AWPs on certain types of outpatient drugs . . . ." See

Proposed Individual Notice, ¶ 4.  That is not true.  As BMS demonstrated in connection with its

summary judgment motion, it is undisputed that BMS did not report AWPs.  (Affidavit of Denise

M. Kaszuba, sworn to on Feb. 18, 2004, ¶ 2.)

Plaintiffs' excuse for not including the language requested by BMS is that BMS

allegedly "causes" AWPs to be published, which is the same thing as publishing AWPs.  Again,

that is not true.  It is undisputed that BMS provides list prices to the publications; those list prices

are the prices that appear on invoices to wholesalers; a substantial amount of BMS's sales are

within 5% of those list prices; BMS does not control the markup factor that the publications

apply to BMS's list prices in order to calculate AWPs; and BMS has informed the publications

that its list prices do not include discounts but that has made no difference in how the

publications calculate AWPs.[2]

The Federal Judicial Center model suggests that the description of the defendant's

position include a link to a website at which class members can view a copy of the Complaint

and the Answer to the Complaint.  That may not be practical here, but the suggestion makes it

clear that the Advisory Committee clearly had something more substantive in mind than a

general denial.  The language that BMS has requested be included in the notice is brief, to the

point and easy to add.

Plaintiffs' real objection to BMS's proposal is that they disagree with BMS's

defense.  They are entitled to their position, but the Court should not rule on the viability of

BMS's defense in the context of class notice any more than the Court should rule on the merits

of plaintiffs' claim.  At this point, it is sufficient that BMS has articulated facts and legal

authority[3] to support that defense, and any fair and neutral description of the issues in the case

should include it.

---

[2] Declaration of Zoltan Szabo dated Oct. 25, 2004, ¶¶ 2-3, 11-12 and Exh. 1; Declaration of Dr. Gregory K. Bell dated March 15, 2006, ¶ 24 and Exh. E.; Declaration of Steven M. Edwards dated March 15, 2006, Exhs. C at 207, D at 226 and 230, E at 01109782, 01088211, 00059757 and 00986726, and F; Declaration of Steve Berman dated April 7, 2006, Exhs. 23 at 1088211, 30 at 442095 and 442097.

[3] BMS will not repeat that legal authority here.  As demonstrated in BMS's summary judgment filings, the issue is whether (a) BMS's list prices are unfair or deceptive and whether (b) it is unfair or deceptive for BMS to submit its list prices to the publications.  There is extensive authority for the proposition that list prices, as a matter of law, do not have to reflect discounts, and a company such as BMS is not vicariously responsible for the actions of third parties that it cannot control.

Dated:    June 21, 2006

Respectfully Submitted,


By:    /s/ Jacob T. Elberg
Steven M. Edwards (SE 2773)
Lyndon M. Tretter ((LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3640

Thomas E. Dwyer (BBO No. 139660)
Jacob T. Elberg (BBO No. 657469)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jelberg@dwyercollora.com


*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network, Corp. and Apothecon, Inc.*


## CERTIFICATE OF SERVICE

I, James Zucker, hereby certify that on June 2, 2006, pursuant to Paragraph 11 of Case Management Order No. 2, I have caused to be served on all counsel of record a true and correct copy of the foregoing BMS Defendants' Memorandum in Response to Plaintiffs' Motion for an Order Approving the Form and Manner of Class Notice by electronic service, by sending a copy of same to Lexis/Nexis File and Serve for posting and notification to all parties.

/s/ James Zucker
James Zucker