## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

THIS DOCUMENT RELATES TO:

*State of Nevada v. Abbott Labs., Inc. et al.*,
        Case No. CV-2-00260 (Nevada I),

*State of Nevada v. American Home Products, et al.*,
        CA NO. 02-CV-12086-PBS (Nevada II), and

*State of Montana v. Abbott Labs., Inc., et al.*,
        Cause No. CV-02-09-H-DWM (D. Mont.)

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

## DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF MONTANA'S AND NEVADA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' SECOND SUBPOENA TO BLUE CROSS BLUE SHIELD OF MONTANA AND DEPOSITION NOTICE TO MMCAP

I, Jeniphr Breckenridge, declare:

1.      I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP and I am one of the lawyers representing the States of Nevada and Montana in these cases.  I make this declaration in support of the States' motion for protective order relating to defendants' subpoena to non-parties Blue Cross Blue Shield of Montana ("BCBS MT") and deposition notice to the Minnesota Multi-State Contracting Alliance ("MMCAP").

2.      This declaration sets forth certain facts in support of the States' motion for protective order.

**A.      Blue Cross Blue Shield of Montana Notice of Subpoena Ad Testificandum and Duces Tecum**

3.      On June 2, 2006 at 4:01 p.m., the Johnson & Johnson Defendants served a Notice of Subpoena Ad Testificandum and Duces Tecum via Lexis/Nexis File & Serve related to a deposition of BCBS MT.

4.      A true and accurate copy of the Notice of Notice of Subpoena Ad Testificandum and Duces Decum related to a deposition of BCBS MT is attached to this Declaration as Exhibit A.

5.      The notice indicates that the BCBS MT deposition was scheduled to take place on June 9, 2006, just 5 working days after the date it was served on Montana.  This notice was shorter than that required by CMO No. 10 governing depositions in these cases.  This was the State of Montana's first notice of the subpoena or the deposition.  The notice also indicated that the subpoena had been served on BCBS MT in person in Helena, MT at 9:45 a.m. on May 19, 2006.  We later learned that the subpoena was incomplete in that it included just one area of inquiry and omitted areas of inquiry 2 through 4.  We were not provided with a complete copy of the subpoena until we noticed the omission and requested a complete copy on June 12, 2006.

6.      Even before we received the complete subpoena, the State of Montana, through me as its counsel, immediately communicated its objections to the subpoena to Johnson & Johnson counsel, Mark Young.  The objections immediately communicated include the untimeliness of the subpoena, served more than two months after the close of fact discovery; the untimeliness of the notice to the plaintiff.

7.      I also contacted Montana counsel for BCBS MT, Greg Gould, and later national counsel for BCBS, Adam Feinberg.  From these attorneys I learned that BCBS MT had other objections to the subpoenas, including over-breadth, vagueness, burden and the fact that BCBS

MT had been previously subpoenaed in connection with the AWP litigation in 2004.  As a result of that subpoena, BCBS MT produced documents and two witnesses for deposition.

8.      Until I spoke to BCBS national counsel, I was not aware of the previous discovery taken from non-party BCBS MT.  I followed up on this information by obtaining a copy of the earlier subpoena and reviewing it and reviewing a report on the depositions provided to me by my partner, Sean Matt.

9.      A true and accurate copy of the first subpoena issued to non-party BCBS MT is attached to this Declaration as Exhibit B.

10.     Based on my review of these materials, I communicated Montana's additional objection to the BCBS MT subpoena that it was duplicative of discovery taken earlier in the case.

11.     I have met and conferred with Johnson & Johnson counsel, Mark Young, regarding these matters.  We are at an impasse.

**B.      Notice of Deposition of Rose Svitak (Montana Multi-State Contracting Alliance Program)**

12.     On June 15, 2006, Aventis Pharmaceuticals counsel Brian Fedotin telephoned me to advise me as counsel for the States of Montana and Nevada that defendants intended to take the deposition of Rose Svitak of MMCAP on June 23, 2006.  No deposition notice had been issued.

13.     I immediately advised Mr. Fedotin that the States objected to the deposition notice on two bases:  (i) the deposition notice was untimely because the fact discovery period in this case had ended on March 31, 2006 pursuant to CMO No. 23; and (ii) the telephonic notice was untimely pursuant to CMO No. 10 because it provided less than the 21 days notice required by CMO No. 10.

- 3 -

14.     The deposition notice was served electronically late on June 15, 2006.  The states received a hard copy on June 16, 2006.  A true and accurate copy of the Notice of Deposition of Rose Svitak is attached to this Declaration as Exhibit C.

15.     After we received the deposition and had an opportunity to review it and discuss it with Mr. Fedotin, we communicated additional objections to Aventis counsel:  the discovery sought is both overbroad and could have been taken during the scheduled fact discovery period.

16.     Mr. Fedotin informed us that one of the objectives of the deposition was to obtain "interpretation" of data previously provided by MMCAP on a CD.  This CD is evidence that the discovery could have been taken during the fact discovery period.  The CD has been in the hands of defendants and the states since before the discovery cut-off.  The delay in following up on the data is inexcusable and cannot be justified.

17.     I have met and conferred with Mr. Fedotin on all of these issues.  We are at an impasse.

I swear under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.


                                    **/s/ Jeniphr Breckenridge**
                                    Jeniphr Breckenridge (WSBA 21410)
                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                    1301 Fifth Avenue, Suite 2900
                                    Seattle, WA  98101


June 21, 2006, Seattle, Washington
          Date and Place of Execution

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF MONTANA'S AND NEVADA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' SECOND SUBPOENA TO BLUE CROSS BLUE SHIELD OF MONTANA AND DEPOSITION NOTICE TO MMCAP** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on June 21, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By        **/s/ Steve W. Berman**        
        Steve W. Berman
        **HAGENS BERMAN SOBOL SHAPIRO LLP**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        (206) 623-7292

001534-13  114221 V1

# Exhibit A



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

THIS DOCUMENT RELATES TO
*State of Montana v. American Home Products
Corp., et al.,*
D. Mont. Cause No. CV- 02-09-H-DWM

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

### NOTICE OF SUBPOENA AD TESTIFICANDUM
### AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil
Procedure, the Johnson & Johnson Defendants served a subpoena in the above-captioned action
on May 19, 2006, a copy of which is attached hereto, requiring non-party Blue Cross and Blue
Shield of Montana (1) to appear at a deposition on the 9th day of June, 2006, at 10 a.m. at 560 N.
Park Avenue, Helena, MT 59601, and (2) to produce documents responsive to the attached
schedule of documents. The deposition shall take place before a notary public or other officer
authorized by law to administer oaths, shall continue from day to day until completed and shall
be recorded by stenographic means.

DATED: New York, New York
June 2, 2006

Respectfully Submitted,

/s/ Mark G. Young

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Adeel A. Mangi
Mark G. Young
Niraj Parekh
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
(212) 336-2546

*Attorneys for the Johnson & Johnson Defendants*

1

1284207v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2006, a true and correct copy of the foregoing document was served upon all counsel of record via Lexis/Nexis.

/s/ Mark G. Young

Mark G. Young

1284207v1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| SERIAL NO. 4602 | JS400-864 |
| SERVED | |
| RECEIVED | |
| FILED | |

In re: PHARMACEUTICAL INDUSTRY : **SUBPOENA IN A CIVIL CASE**
AVERAGE WHOLESALE PRICE LITIGATION :  **MDL NO. 1456**
:
THIS DOCUMENT RELATES TO : Civil Action No. 01-12257-PBS
*State of Montana v. Abbott Labs., et al.,* :
(No. 02-09-H-DWM (D. Mont.) : **Judge Patti B. Saris**
: **(case pending in D. Mass.)**

TO:   Blue Cross and Blue Shield of Montana
      560 N. Park Avenue
      Helena, MT 59601

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  **See Schedule B, attached hereto.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Blue Cross and Blue Shield of Montana<br>560 N. Park Avenue<br>Helena, MT 59601 | June 9, 2006 at 10 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Patterson, Belknap, Webb & Tyler LLP,<br>1133 Avenue of the Americas,<br>New York, NY 10036 | June 8, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *signature*<br>Mark Gregory Young, Attorney for Defendants Johnson & Johnson, Centocor Inc.<br>Ortho Biotech Products L.P., Janssen Pharmaceutica L.P. and McNeil-PPC on<br>behalf of all defendants | May 18, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Mark Gregory Young, Patterson, Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036.
(212) 336-2000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) Sean Slanger Atty | 5/19/06  9:45 Am | 560 N. Park Helena MT 59601 |

Blue Cross/Blue Shield    MANNER OF SERVICE  Personal

SERVED BY (PRINT NAME) Paul E Parsen Jr.    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   May 19, 2006
                  DATE

SIGNATURE OF SERVER

Shannon Fleeture
Helena, Montana
Commission expires
Oct 17, 2006

ADDRESS OF SERVER   2133 11th Ave #9

Helena, MT 59601

(SHANNON FLEEURE NOTARIAL SEAL MONTANA)

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i)   fails to allow reasonable time for compliance;
    (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)  subjects a person to undue burden.

(B) If a subpoena

    (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      "Concerning" means referring to, involving, regarding, reflecting, describing, evidencing, or constituting.

3.      "Document" means the original and each non-identical copy of a document in any medium, including electronic form, whether or not it was communicated to any person other than the author, and shall include but not be limited to, writings, printings, photographs, photocopies, tapes, recordings, video recordings, electronic data, e-mails, and any other symbolic representations in your possession, custody or control or known or believed by you to exist.

4.      The terms "Participant" and "Beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

5.      "Provider" means any physician or entity that provides health care to any Participant or Beneficiary.

6.      "You" or "your" shall refer to Blue Cross and Blue Shield of Montana and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.


### INSTRUCTIONS

1.      Unless otherwise specifically stated, the requests below refer to the period

1

of January 1, 1991 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.    Provide the following information for each document withheld on the grounds of privilege:

      (a)    its date;

      (b)    its title;

      (c)    its author;

2

2.    All contracts with the State of Montana or any program of the State of Montana, including but not limited to the Children's Health Insurance Program (or CHIP), and all related contracts and communications.

3.    Retail pharmacy claims data from 1991 to the present and claims-processing policies and procedures.

4.    All documents concerning the determination of your reimbursement to providers for physician-administered drugs ("PADS'), including but not limited to (a) communications to, from, and/or with providers concerning (i) the adequacy of reimbursement for a PAD or PADs and/or (ii) changes in reimbursement for a PAD or PADs, (b) cost-containment measures such as capitated arrangements or withholds, (c) documents concerning any differences in reimbursement based on geography and/or on providers' specialty.

4

1279040v1

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.      The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.      To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

9.      You do not need to produce documents that you previously produced in the multidistrict litigation ("MDL") captioned *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS (D. Mass.).

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any consideration of or actual changes to your reimbursements for drugs or services based on or by reference to changes in Medicare's reimbursement rates for drugs or services since 2003.

3

## SCHEDULE B

## DEPOSITION TOPICS

1.    All documents concerning any consideration of or actual changes to your reimbursements for drugs or services based on or by reference to changes in Medicare's reimbursement rates for drugs or services since 2003.

# Exhibit B



## Patterson, Belknap, Webb & Tyler llp

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Erik Haas

Direct Phone
(212) 336-2117

Email Address
ehaas@pbwt.com

April 28, 2004

**By Hand**

Blue Cross and Blue Shield of Montana
560 N. Park Avenue
Helena, MT 59601

**Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation**

Dear Sir/Madam:

Please find enclosed a subpoena calling for the production of documents in this litigation. This subpoena is being served on behalf of all defendants to the Amended Master Consolidated Class Action Complaint.

In view of the expedited schedule ordered by the Court, we request that you produce on a rolling basis as the responsive documentation is identified. Defendants also request that you prioritize production of the following three categories of documents.

First, all documents your client produced in any other litigation, government investigation or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement, including *In re Lupron Marketing and Sales Practices Litigation* (MDL No. 1430). (Document request 27). Second, electronic transaction records showing reimbursement or payment for the subject drugs ("claims data") that is maintained in electronic format. To facilitate this production, we have attached a list of illustrative data fields defendants require. (Document request 10). Third, all contracts, communications and other documents in your possession concerning the named plaintiffs in this case. (Document request 1).

While the subpoena calls for the production of a deposition witness on May 19, we are willing to work with you to schedule a mutually agreeable deposition date. In some cases, based on the documentation produced, a deposition might not be required.

We look forward to discussing these issues with you in greater detail.

Very truly yours,

Erik Haas

Enclosure
cc:    All Counsel of Record (by Verilaw)



SERVED
04/29/04
03:53 PM ET
MDL NO. 1456

| Field Name | Field Description |
|---|---|
| Internal Control Number | Numeric or Alphanumeric field used to uniquely identify each claim. |
| Subscriber Number | Identification number for the subscriber. |
| Group Number | Identifies a set of individuals who obtain insurance and health care coverage services through a common group business relationship. |
| Billing Unit | Identifies a set of individuals who obtain insurance and health care coverage services under a certain billing relationship. |
| Group Name | Name of the group for which the subscriber is a member. |
| Fund Method | Identifies the financial arrangement of the group as either self-funded, fully-insured, or other |
| Product | High level categorization of a product. (Indemnity, Managed Indemnity, PPO, Long Term Care, Point of Service, Drug, Dental, etc.) May be referred to as Line of Business. |
| Plan Type | Type of plan (Administrative services only, Fiscal Intermediary, etc.) |
| Patient Age | Patient age as of the incurred date of the claim. |
| Patient Gender | Gender of the Patient. |
| Member relationship | Relationship with the plan (subscriber, spouse, dependent, etc.) |
| Claim Number | Internal Insurer medical claim identification number |
| Claim Status or Type | Indicates processing status of claim. |
| First Service Date | Date of first service provided for the claim. |
| Date of Service | Date of service of the claim. |
| Payment Date | The date the claim reaches final disposition (also referred to as settlement date or check date). |
| Provider charge | Total amount billed (charges) for the service or drug provided. |
| PBM Dispensing Fee | The dispensing fee paid by the insurance carrier. |
| Drug Ingredient Cost | The amount the drug actually cost the pharmacy to obtain. |
| Amount Billed (Charges) | The total amount billed for the service or drug provided. |
| Allowed Charge | An amount that is used to determine any copay, coinsurance, and deductible applicable to a claim. |
| Claims Paid | Maximum potential financial liability for the covered service. |
| Copay | A fixed dollar amount deducted from the allowed amount for which the plan member must pay for certain medical services as specified by the contract. |
| Deductible | A dollar amount deducted from the allowed amount for which the plan member is liable. |
| Coinsurance Amount | The coinsurance amount is the liability of the plan member. |
| COB Savings Amount | The amount of money saved as a result of coordination of benefits or subrogation. |
| Medicare Paid Amount | Amount paid by Medicare. |
| Amount Not Covered | Amount not covered. |
| NDC Code | National Drug Code assigned by the Federal Drug Administration for pharmaceuticals. |
| HCPCS/J Code | Procedure code associated with physician administered drugs. |
| HCPCS/J Code (2) | Second procedure code associated with physician administered drugs, if applicable. |



| Field Name | Field Description |
|---|---|
| HCPCS/J Code (3) | Third procedure code associated with physician administered drugs, if applicable |
| CPT Code | Procedure code for medical service provided. |
| Icd9 Code | Diagnosis code for medical service provided. |
| Denial Reason | If the claim was denied, why was it denied |
| Provider network status | In network, Out of network |
| Provider Number | Identifies the provider which provided the drug or service. |
| Provider Type | Identifies the type of provider providing the drug or service. |
| Provider Tax ID | Tax ID of Provider providing service. |
| Pharmacy Name | Name of pharmacy drug was provided. |
| Pharmacy Number | Pharmacy identification number. |
| Diagnosis Code | Primary diagnosis for the medical service submitted on claim |
| AWP Price | Average Wholesale Price for Wholesale Drugs |
| Date Filled | Date prescription was filled. |
| Days Supply | Day supply of drug provided. |
| Drug Name | Name of the drug provider. |
| NDC | National Drug Code, unique identifier for drugs |
| Other Coverage Indicator | Indicates if other commercial or Medicare coverage is known to Payor |
| Patient ID | Unique identifier for individual patient. |
| Refill Code | Code associated with review amounts. |
| RX Dose | Dosage Amount of drug provided. |
| RX Type | Form of Drug provided. |
| State | State in which service was provided. |
| Units | Number of units provided. |
| Denial Reason | If the claim was denied, why was it denied. |
| Claim adjustment number | Claim Adjustment number to ensure only the latest claim status is provided. |

* Please note the field listing above is not all inclusive. This listing represents a combined listing of fields third party insurers typically maintain related to claims associated with physician assisted and retail pharmacy drugs. Any additional fields maintained with claim data should be provided.

SERVED
04/29/04
03:53 PM ET
MDL NO. 1456

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION : | **SUBPOENA IN A CIVIL CASE**<br>MDL NO. 1456 |
| : | Civil Action No. 01-12257-PBS |
| : | |
| THIS DOCUMENT RELATES TO THE MASTER : CONSOLIDATED CLASS ACTION : | Judge Patti B. Saris<br>(case pending in D. Mass.) |
| : | |

TO:   Blue Cross and Blue Shield of Montana
      560 N. Park Avenue
      Helena, MT 59601

[ ]  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Blue Cross and Blue Shield of Montana<br>560 N. Park Avenue<br>Helena, MT 59601 | May 19, 2004 at 10 a.m. |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Blue Cross and Blue Shield of Montana<br>560 N. Park Avenue<br>Helena, MT 59601 | May 18, 2004 at 10 a.m. |

      **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Johnson & Johnson, Centocor Inc. Ortho Biotech Products L.P., Janssen Pharmaceutica L.P. and McNeil-PPC on behalf of all defendants to the Amended Master Consolidated Class Action Complaint | April 28, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:  Erik Haas, Patterson, Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036. (212) 336 2000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)



AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of he United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___ ___ ___

DATE                          SIGNATURE OF SERVER


ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breah of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)   fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena
(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



## SCHEDULE A

### DEFINITIONS

1.    "Blue Cross and Blue Shield of Montana" ("Blue Cross") means Blue Cross and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents. assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

2.    "AMCC" means the Amended Master Consolidated Class Action Complaint filed in connection with MDL Docket No. 1456, Civil Action No. 01-12257-PBS, in the United States District Court for the District of Massachusetts.

3.    "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

4.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

5.    "Auditor" means any independent entity that provides an independent, third-party audit review of any aspect of medical coverage or services provided by any health plan or health and welfare fund to any of its participants or beneficiaries.

6.    "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by one or more pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

7.    "Benefit Consultant" means any person or entity that provides information,

I



counsel or advice to any health plan or health and welfare fund regarding any medical benefit or service provided by any health plan or health and welfare fund to any participant or beneficiary.

       8.     "Best Price" shall have the meaning ascribed to that term pursuant to 42 U.S.C. § 1396r-8(c)(1)(C).

       9.     "CMS" shall mean Centers for Medicare and Medicaid Services.

      10.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

      11.    "Concerning" means referring to, describing, evidencing, or constituting.

      12.    "Copy" or "Copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

      13.    "Document" means the original and each non-identical copy of a document in any medium, including electronic form, whether or not it was communicated to any person other than the author, and shall include but not be limited to, writings, printings, photographs, photocopies, tapes, recordings, video recordings, electronic data, e-mails, and any other symbolic representations in your possession, custody or control or known or believed by you to exist.

      14.    "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

      15.    "Government payor" means any federal or state government entity or program that reimburses Providers for drugs or health care services, including but not limited to CMS, Medicare, and Medicaid.

      16.    "Independent Practice Association" means any organized group of

2



providers whose members provide health care to any participant or beneficiary.

17.     "MAC" means Maximum Allowable Cost and includes the meaning ascribed to that term pursuant to 42 C.F.R. § 442.332.

18.     "Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, subject drugs.

19.     "MCC" means the Master Consolidated Class Action Complaint filed in connection with MDL Docket No. 1456, Civil Action No. 01-12257-PBS, in the United States District Court for the District of Massachusetts.

20.     "Named Plaintiffs" means (i) the Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund; (ii) Teamsters Health & Welfare Fund of Philadelphia and Vicinity; (iii) Twin Cities Bakery Workers Health and Welfare Fund; (iv) United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund; (v) Philadelphia Federation of Teachers Health and Welfare Fund; or (vi) Man-U Service Contract Trust Fund, (vii) Vermont Public Interest Research Group, (viii) Wisconsin Citizen Action, (ix) New York StateWide Senior Action Council, (x) Citizen Action of New York and (xi) Citizens for Consumer Justice.

21.     "PBM" means pharmacy benefit manager.

22.     The terms "Participant" and "Beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

23.     "Person" means any natural person or any business, legal, or governmental entity or association.

24.     "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug.

3



25.    "Private payor" means any non-government entity or program that
reimburses Providers for drugs or health care services, including but not limited to health
insurance companies, health maintenance organizations, preferred provider organizations, self
insurance plans, health plans, unions, and welfare and benefit funds.

26.    "Provider" means any physician or entity that provides health care to any
Participant or Beneficiary.

27.    "Publisher" means an entity that publishes a listing of pharmaceutical
prices, and includes publications identified in Health Care Financing Administration Program
Memorandum AB-99-63 and includes FirstDataBank, Red Book, Blue Book and Medispan.

28.    "Relating" means in any way concerning or referring to, consisting of,
involving, regarding or connected with the subject matter of the request.

29.    "Subject drug" or "subject drugs" means one or more of drugs listed on
Exhibit A hereto.

30.    "Third Party Administrator" means any entity that provides administrative
services to any health plan or health and welfare fund relating to any medical benefit provided to
any participant or beneficiary.

31.    "WAC" means wholesale acquisition cost or the list prices for sales by
manufacturers to wholesalers.

32.    "Wholesaler" means any entity that purchases subject drugs from a
manufacturer and resells such drugs to any other entity.

33.    "You" or "your" shall refer to Blue Cross.

4



## INSTRUCTIONS

1.      Unless otherwise specifically stated, the requests below refer to the period of January 1, 1991 to the present.

2.      The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.      Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.      If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.      Provide the following information for each document withheld on the grounds of privilege:

5



SERVED
04/29/04
3:53 PM ET
MDL No.

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.     To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

6



## DOCUMENTS TO BE PRODUCED

1.    All documents concerning the Named Plaintiffs, including without limitation:

        (a)    all communications with the Named Plaintiffs, including counsel for the Named Plaintiffs;

        (b)    all contracts with the Named Plaintiffs;

        (c)    reports provided to and received from the Named Plaintiffs;

        (d)    documentation concerning the amount to charge the Named Plaintiffs for drugs administered; and

        (e)    all data concerning drugs dispensed to or requested by the Named Plaintiffs' members or beneficiaries.

2.    All documents relating to or reflecting any definition or meaning of AWP.

3.    All documents that reflect, discuss, memorialize, or otherwise relate to your setting of reimbursement or payment rates for any subject drug.

4.    All documents that you or someone acting on your behalf relied upon in setting reimbursement or payment rates for any subject drug.

5.    All minutes from meetings where reimbursement or payment for subject drugs was discussed, including meetings where the setting of reimbursement or payment rates was discussed.

6.    All documents relating to or reflecting the costs to providers of any subject drug.

7.    All documents relating to or reflecting the amounts you reimburse providers for any subject drug.

8.    All documents relating to or reflecting any differences between the costs to providers of any subject drug and the amounts you reimburse providers for any subject drug.

7



9.    All documents relating to or reflecting your awareness that the costs to providers of subject drugs are different from the amounts you reimburse providers for subject drugs.

10.   All transaction records maintained in a database or other electronic format concerning amounts reimbursed or paid by you for Subject Drugs.

11.   All documents relating to your claims processing policies and procedures for any subject drug.

12.   All documents reflecting any payments made by you that were based in whole or in part on the AWP of any subject drug.

13.   All communications between you and providers or pharmacies relating to reimbursement, payment or prices of any subject drug.

14.   All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug.

15.   All documents concerning your decision to rely on, reliance on, or use of drug pricing information published by any publisher for any subject drug.

16.   All documents created by or received from any publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between you and any publisher regarding any subject drug.

17.   All documents relating or referring to AWPs, including documents that relate or refer to the relationship between any price and AWP for any subject drug.

18.   All documents relating or referring to any difference between an AWP and an actual payment by you or anyone else for any subject drug.

19.   To the extent not otherwise produced, all documents concerning AWP,

8



AMP, WAC, MAC, EAC, Best Price or any other drug pricing, payment or reimbursement information for any subject drug.

20.     All documents relating or referring to your contractual relationships with PBMs, third party administrators, benefit consultants, auditors, wholesalers, manufacturers, independent practice associations, pharmacies or providers insofar as they cover subject drugs, including, without limitation, master agreements, addenda, schedules, attachments, requests for propo-al, responses to requests for proposal and correspondence.

21.     Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs, third party administrators, benefit consultants, auditors, whol-salers, manufacturers, independent practice associations, pharmacies or providers insofar as they cover any subject drug.

22.     All documents relating to any profit analysis you have performed or received relating to your reimbursement or payment for any subject drug.

23.     All documents concerning any internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews or audits regarding drug pricing or reimbursement or payment amounts or rates for any subject drug.

24.     All filings with any state or federal government entity made by you or on your behalf that refer or relate to AWP.

25.     All documents created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal or state institution, agency, department, or office regarding the pricing of prescription drugs.

26.     All documents provided to CMS, United States Department of Health and

9



Human Services, the Department of Health and Human Services Office of the Inspector General,

the General Accounting Office, Congress, or any other federal or state institution, agency,

department, or office regarding the pricing of any subject drug.

       27.     All documents produced by you in any litigation, government investigation

or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement.

       28.     All current and historical organizational charts for all of your departments.

10



E-SERVED
04/29/04
03:53 PM ET
MDL No.

## EXHIBIT A

### ALL DRUGS LISTED BELOW ARE SUBJECT TO THESE DISCOVERY REQUESTS

| | |
|---|---|
| Abbott | Acetylcyst |
| Abbott | Acyclovir |
| Abbott | A-Methapred |
| Abbott | Amikacin |
| Abbott | Amikacin Sul |
| Abbott | Aminosyn |
| Abbott | Biaxin |
| Abbott | Calcijex |
| Abbott | Cimetidine |
| Abbott | Clindamycin |
| Abbott | Depakote |
| Abbott | Depakote SPR |
| Abbott | Dextrose |
| Abbott | Dextrose w/Sodium Chloride |
| Abbott | Diazepam |
| Abbott | Ery-Tab |
| Abbott | Erythromycin Cap |
| Abbott | Erythromycin Tab Bs |
| Abbott | Fentanyl Cit |
| Abbott | Furosemide |
| Abbott | Gentamicin |
| Abbott | Heparin Lock |
| Abbott | Leucovor CA |
| Abbott | Lorazepam |
| Abbott | Prevacid Cap |
| Abbott | Prevacid Gra |
| Abbott | Sod Chloride |
| Abbott | Sodium Chloride Sol |
| Abbott | Tobra/Nacl |
| Abbott | Tobramycin |
| Abbott | Vancomycin |
| | |
| Allen & Hanburys | Beconase AQ SPR |
| Allen & Hanburys | Flonase SPR |
| Allen & Hanburys | Serevent AER |
| Allen & Hanburys | Serevent DIS MIS |
| | |
| Amgen | Aranesp |
| Amgen | Enbrel |
| Amgen | Epogen |
| Amgen | Kineret |
| Amgen | Neulasta |



| | |
|---|---|
| Amgen | Neupogen |
| | |
| Astrazeneca | Accolate |
| Astrazeneca | Arimidex |
| Astrazeneca | Casodex |
| Astrazeneca | Diprivan |
| Astrazeneca | Nolvadex |
| Astrazeneca | Seroquel |
| Astrazeneca | Zestril |
| Astrazeneca | Zoladex |
| Astrazeneca | Zomig |
| Astrazeneca | Zomig ZMT |
| Astrazeneca | Atacand |
| Astrazeneca | Atacand HCT |
| Astrazeneca | Entocort EC |
| Astrazeneca | Nexium |
| Astrazeneca | Prilosec |
| Astrazeneca | Pulmicort |
| Astrazeneca | Rhinocort |
| Astrazeneca | Toprol XL |
| | |
| Aventis | Allegra |
| Aventis | Allegra-D |
| Aventis | Amaryl |
| Aventis | Anzemet |
| Aventis | Arava |
| Aventis | Azmacourt |
| Aventis | Calcimar |
| Aventis | Carafate |
| Aventis | Cardizem Cap |
| Aventis | Cardizem Inj |
| Aventis | Cardizem Tab |
| Aventis | Gammar |
| Aventis | Gammar P-IV |
| Aventis | Intal |
| Aventis | Intal INH |
| Aventis | Nasacort |
| Aventis | Nasacort AQ |
| Aventis | Taxotere |
| Aventis | Trental |
| | |
| B. Braun | Dextrose |
| B. Braun | Dextrose with sodium chloride |
| B. Braun | Dextrose with lactated ringers |
| B. Braun | Heparin with dextrose |
| B. Braun | Heparin with sodium chloride |



| | |
|---|---|
| B. Braun | Sodium chloride IV solution |
| B. Braun | Sodium chloride irrigation |
| | |
| Baxter | Aggrastat |
| Baxter | Ativan |
| Baxter | Bebulin VH |
| Baxter | Brevibloc |
| Baxter | Buminate |
| Baxter | Cisplatin |
| Baxter | Claforan/D5W |
| Baxter | Dextrose |
| Baxter | Doxorubicin |
| Baxter | Gammagard SD |
| Baxter | Gentam/NACL |
| Baxter | Gentran 40 |
| Baxter | Gentran 75 |
| Baxter | Gentran/Trav |
| Baxter | Heparin Lock |
| Baxter | Iveegam |
| Baxter | Iveegam EN |
| Baxter | Osmitrol |
| Baxter | Osmitrol VFX |
| Baxter | Recombinate |
| Baxter | Sod Chloride |
| Baxter | Sodium Chlor Sol |
| Baxter | Travasol |
| Baxter | Travasol w/Dextrose |
| Baxter | Vancocin HCL |
| Baxter | Vancocin/Dex |
| | |
| Bayer Pharmaceutical | Cipro |
| Bayer Pharmaceutical | Cipro Cystit Tab |
| Bayer Pharmaceutical | Cipro I.V. |
| Bayer Pharmaceutical | Cipro XR |
| Bayer Pharmaceutical | DTIC-DOME |
| Bayer Pharmaceutical | Gamimune N |
| Bayer Pharmaceutical | Koate-HP |
| Bayer Pharmaceutical | Kogenate FS |
| Bayer Pharmaceutical | Mithracin |
| | |
| B-M Squibb | Paraplatin Inj |
| B-M Squibb | Blenoxane |
| B-M Squibb | Cytoxan |
| B-M Squibb | Etopophos |
| B-M Squibb | Rubex |
| B-M Squibb | Taxol |

13



| | |
|---|---|
| B-M Squibb | Vepesid |
| B-M Squibb | Ividex EC |
| B-M Squibb | Avapro |
| B-M Squibb | Buspar |
| B-M Squibb | Cefzil |
| B-M Squibb | Glucophage) |
| B-M Squibb | Glucovance) |
| B-M Squibb | Monopril) |
| B-M Squibb | Plavix) |
| B-M Squibb | Serzone) |
| B-M Squibb | Tequin) |
| B-M Squibb | Coumadin |
| Apothecon | Amikin (amikacin sulfate) |
| Apothecon | Fungizone (amphotercin b) |
| | |
| Cerenex | Amerge |
| Cerenex | Imitrex |
| Cerenex | Zofran |
| | |
| Dey Labs | Acetylcysteine |
| Dey Labs | Albuterol |
| Dey Labs | Cromolyn Sodium |
| Dey Labs | Ipratropium |
| Dey Labs | Metaproteren Neb |
| | |
| Fujisawa | Aristocort |
| Fujisawa | Aristospan |
| Fujisawa | Cefizox |
| Fujisawa | Cefizox/D5W |
| Fujisawa | Cyclocort |
| Fujisawa | Lyphosin |
| Fujisawa | Nebupent or Pentam 300 |
| Fujisawa | Prograf |
| Fujisawa | Vinblastine Sulfate |
| | |
| Gensia | Amikacin Sulfate |
| Gensia | Amphotercin B |
| Gensia | Etoposide |
| Gensia | Leucovorin Calcium |
| | |
| GlaxoSmithKline | Advair Diskus |
| GlaxoSmithKline | Agenerase |
| GlaxoSmithKline | Agenerase SOL |
| GlaxoSmithKline | Alkeran |
| GlaxoSmithKline | Amerge |
| GlaxoSmithKline | Beconase |



| | |
|---|---|
| GlaxoSmithKline | Ceftin |
| GlaxoSmithKline | Combivir |
| GlaxoSmithKline | Daraprim |
| GlaxoSmithKline | Epivir |
| GlaxoSmithKline | Epivir HBV |
| GlaxoSmithKline | Flonase |
| GlaxoSmithKline | Flovent |
| GlaxoSmithKline | Flovent ROTA |
| GlaxoSmithKline | Imitrex |
| GlaxoSmithKline | Kytril |
| GlaxoSmithKline | Lamictal |
| GlaxoSmithKline | Lanoxin |
| GlaxoSmithKline | Lanoxin Ped |
| GlaxoSmithKline | Leukeran |
| GlaxoSmithKline | Mepron |
| GlaxoSmithKline | Myleran |
| GlaxoSmithKline | Navelbine |
| GlaxoSmithKline | Paxil |
| GlaxoSmithKline | Paxil CR |
| GlaxoSmithKline | Purinethol |
| GlaxoSmithKline | Relenza |
| GlaxoSmithKline | Retrovir |
| GlaxoSmithKline | Servent |
| GlaxoSmithKline | Thioguanine |
| GlaxoSmithKline | Trizivir |
| GlaxoSmithKline | Valtrex |
| GlaxoSmithKline | Ventolin HFA |
| GlaxoSmithKline | Wellbutrin |
| GlaxoSmithKline | Zantac |
| GlaxoSmithKline | Ziagen |
| GlaxoSmithKline | Zofran |
| GlaxoSmithKline | Zovirax |
| GlaxoSmithKline | Zyban |
| | |
| Immunex | Leucovorin Calcium |
| Immunex | Leukine |
| Immunex | Methotrexate Sodium |
| Immunex | Novantrone |
| Immunex | Thioplex |
| | |
| J&J Group (Centocor) | Remicade |
| J&J Group (Janssen Pharmaceutica) | Aciphex |
| J&J Group (Janssen Pharmaceutica) | Duragesic |
| J&J Group (Janssen Pharmaceutica) | Reminyl |
| J&J Group (Janssen Pharmaceutica) | Risperdal |
| J&J Group (Janssen Pharmaceutica) | Sporanox |

15



| | |
|---|---|
| J&J Group (Ortho McNeil Pharmaceutical) | Bicitra |
| J&J Group (Ortho McNeil Pharmaceutical) | Elmiron |
| J&J Group (McNeil-PPC) | Flexeril |
| J&J Group (Ortho McNeil Pharmaceutical) | Floxin |
| J&J Group (Ortho McNeil Pharmaceutical) | Haldol |
| J&J Group (Ortho McNeil Pharmaceutical) | Haldol Decan |
| J&J Group (Ortho McNeil Pharmaceutical) | Levaquin |
| J&J Group (Ortho McNeil Pharmaceutical) | Mycelex |
| J&J Group (Ortho McNeil Pharmaceutical) | Pancrease |
| J&J Group (Ortho McNeil Pharmaceutical) | Pancrease MT |
| J&J Group (Ortho McNeil Pharmaceutical) | Parafon Fort |
| J&J Group (Ortho McNeil Pharmaceutical) | Polycitra |
| J&J Group (Ortho McNeil Pharmaceutical) | Polycitra-K |
| J&J Group (Ortho McNeil Pharmaceutical) | Polycitra-K Sol |
| J&J Group (Ortho McNeil Pharmaceutical) | Polycitra-LC Sol |
| J&J Group (Ortho McNeil Pharmaceutical) | Regranex |
| J&J Group (Ortho McNeil Pharmaceutical) | Terazol 3 |
| J&J Group (Ortho McNeil Pharmaceutical) | Terazol 7 |
| J&J Group (Ortho McNeil Pharmaceutical) | Testoderm |
| J&J Group (Ortho McNeil Pharmaceutical) | Tolectin |
| J&J Group (Ortho McNeil Pharmaceutical) | Tolectin DS . |
| J&J Group (Ortho McNeil Pharmaceutical) | Topamax |
| J&J Group (Ortho McNeil Pharmaceutical) | Tylenol/Cod |
| J&J Group (Ortho McNeil Pharmaceutical) | Tylox |
| J&J Group (Ortho McNeil Pharmaceutical) | Ultracet |
| J&J Group (Ortho McNeil Pharmaceutical) | Ultram |
| J&J Group (Ortho McNeil Pharmaceutical) | Urispas |
| J&J Group (Ortho McNeil Pharmaceutical) | Vascor |
| J&J Group (Ortho Biotech Products) | Procrit |
| J&J Group (Ortho Neutrogena) | Erycette |
| J&J Group (Ortho Neutrogena) | Grifulvin V |
| J&J Group (Ortho Neutrogena) | Monistal |
| J&J Group (Ortho Neutrogena) | Renova |
| J&J Group (Ortho Neutrogena) | Retin-A |
| J&J Group (Ortho Neutrogena) | Retin-A Micr Gel |
| J&J Group (Ortho Neutrogena) | Spectazole Cream |
| | |
| Novartis | Clozaril |
| Novartis | Combipatch |
| Novartis | Comtan |
| Novartis | Estraderm |
| Novartis | Exelon |
| Novartis | Femara |
| Novartis | Lamisil |
| Novartis | Lamprene |
| Novartis | Lescol |

16



| Novartis | Lescol XL |
| --- | --- |
| Novartis | Lotensin |
| Novartis | Lotensin HCT |
| Novartis | Lotrel |
| Novartis | Miacalcin |
| Novartis | Parlodel |
| Novartis | Ritalin |
| Novartis | Ritalin LA |
| Novartis | Starlix |
| Novartis | Tegretol |
| Novartis | Tegretol XR |
| Novartis | Trileptal |
| Novartis | Vivelle |
| Novartis | Vivelle-DOT |
| | |
| Pfizer | Accupril |
| Pfizer | Accuretic |
| Pfizer | Cardura |
| Pfizer | Celontin |
| Pfizer | Dilantin |
| Pfizer | Dilantin-125 |
| Pfizer | Estrostep FE |
| Pfizer | Femhrt 1/5 |
| Pfizer | Lipitor |
| Pfizer | Lopid |
| Pfizer | Minizide |
| Pfizer | Nardil |
| Pfizer | Neurontin |
| Pfizer | Nitrostat |
| Pfizer | Renese |
| Pfizer | Rescriptor |
| Pfizer | Viracept |
| Pfizer | Zarontin |
| Pfizer | Zithromax |
| Pfizer | Zoloft |
| Pfizer | Zyrtec |
| | |
| Pharmacia | Adriamycin PFS |
| Pharmacia | Adriamycin RDF |
| Pharmacia | Adrucil |
| Pharmacia | Amphocin |
| Pharmacia | Amphotercin B |
| Pharmacia | Bleomycin Sulfate |
| Pharmacia | Celebrex |
| Pharmacia | Cleocin-T |
| Pharmacia | Cytarabine (Cytosar-U) |

17



| | |
|---|---|
| Pharmacia | Depo-Testosterone |
| Pharmacia | Etoposide |
| Pharmacia | Neosar |
| Pharmacia | Solu-Cortef |
| Pharmacia | Solu-Medrol |
| Pharmacia | Toposar |
| Pharmacia | Vincasar PFS |
| | |
| Schering | Clarinex |
| Schering | Claritin |
| Schering | Claritin-D |
| Schering | Diprolene |
| Schering | Diprolene AF |
| Schering | Diprosone |
| Schering | Elocon |
| Schering | Eulexin |
| Schering | Integrilin |
| Schering | Intron-A |
| Schering | Lotrisone |
| Schering | Nasonex |
| Schering | Peg-Intron |
| Schering | Proventil |
| Schering | Rebetol |
| Schering | Sebizon |
| Schering | Temodar |
| Schering | Trinalin Rep |
| Schering | Vanceril |
| | |
| Warrick | Albuterol |
| Warrick | Clotrimazole |
| Warrick | Griseofulvin, Ultramicrocry |
| Warrick | ISMN |
| Warrick | Oxaprozin |
| Warrick | Perphenazine |
| Warrick | Potassium Chloride |
| Warrick | Sodium Chloride |
| Warrick | Sulcrafate Tablets |
| Warrick | Theophylline |
| | |
| Sicor | Acyclovir Sodium |
| Sicor | Amikacin Sulfate |
| Sicor | Doxorubicin |
| Sicor | Etoposide |
| Sicor | Leucovorin Calcium |
| Sicor | Pentamidine Isethionate |
| Sicor | Tobramycin Sulfate |

18



| TAP | Prevacid |
|---|---|
| Watson | Dexamethasone Acetate8 |
| Watson | Dexamethasone Sodium Phosphate |
| Watson | Diazepam |
| Watson | Estradiol |
| Watson | Ferrlecit |
| Watson | Fluphenazine HCL |
| Watson | Gemfibrozil |
| Watson | Gentamicin Sulfate |
| Watson | Imipramine HCL |
| Watson | Infed |
| Watson | Lorazepam |
| Watson | Nadolol |
| Watson | Perphenazine2 |
| Watson | Propranolol |
| Watson | Ranitidine |
| Watson | Vancomycin HCL |
| Watson | Verapamil HCL |

19

# Exhibit C



11547488
Jun 15 2006
6:17PM

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No.1456

Civil Action No. 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

STATE OF NEVADA v. ABBOTT
LABORATORIES, INC., ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA. No. 02-CV-12086-PBS (Nevada II)

STATE OF MONTANA v. ABBOTT
LABORATORIES, INC., ET AL.,
CA No. 02-CV-12084-PBS

## NOTICE OF DEPOSITION OF ROSE SVITAK

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Aventis Pharmaceuticals will take the deposition of Rose Svitak, the

named representative of MMCAP. The purpose of this deposition is to obtain information

encompassed within Aventis' Pharmaceuticals Original Notice and Subpoena of MMCAP. The

original Subpoena and Notice are attached hereto as Exhibit 1. Rose Svitak has agreed to appear

for her deposition on the 23rd day of June, 2006, at 10:00 a.m. at the offices of Faegre & Benson,

located at 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-

3901.

2015712v1

1

Said deposition shall be taken before a deposition officer duly authorized to administered oaths, shall be recorded stenographically, and will continue day to day until completed, weekends and legal holidays excepted.

PLEASE TAKE FURTHER NOTICE that the deponent is not a party of this action. So far as known to the deposing party, the deponent's address is as follows:

MMCAP/WSCA Technology Administrator
112 Administration Bldg.
50 Sherburne Avenue
Saint Paul, MN 55155

The information sought in the deposition is a limited to Schedule C and Deposition Topics.

DATED: June 15, 2006

Respectfully submitted,

Michael L. Koon
Joseph G. Matye
Brian G. Fedotin
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

Attorneys for Aventis Pharmaceuticals Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of June, 2006, forwarded via Federal Express and/or Lexis/Nexis a true and correct copy of the foregoing document to:

Gregory P. Huwe
Assistant Attorney General of Minnesota
NCL Tower, Suite 1800
445 Minnesota Street
St. Paul, MN 55101-2134
T: 651-297-1223

ATTORNEY FOR MMCAP

Chris Dillon
Ropes & Gray
One International Place
Boston, MA 02110-2624
T: 617-951-7827

DEFENDANTS LIAISON COUNSEL FOR
NEVADA

Al Becicka
112 Administration Bldg.
50 Sherburne Avenue
St. Paul, MN 55155
T: 651-201-2410

Katie O'Sullivan
Perkins Coie, L.L.P.
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
T: 206-359-6375

DEFENDANTS LIAISON COUNSEL FOR
MONTANA

Jeniphr A. E. Breckenridge
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
T: 206 268-9325

PLAINTIFF LIAISON COUNSEL FOR
NEVADA AND MONTANA

3

# EXHIBIT 1

AO 88 (Rev. 6/94)

**Issued by the**
## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA



Jan 31 2006
5:26PM

In re: PHARMACEUTICAL INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION

**SUBPOENA IN A CIVIL CASE**

THIS DOCUMENT RELATES TO:

STATE OF NEVADA v. ABBOTT LABORATORIES, INC.,
ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME PRODUCTS,
ET AL.,
CA. No. 02-CV-12086-PBS (Nevada II)

CASE NUMBER:[1]01-12257-PBS
District of Massachusetts

STATE OF MONTANA v. ABBOTT LABORATORIES,
INC., ET AL.,
CA No. 02-CV-12084-PBS

TO:     **THE MINNESOTA MULTI-STATE**
        **CONTRACTING ALLIANCE FOR**
        **PHARMACY**
        **MATERIALS MANAGEMENT DIVISION**
        **50 SHERBURNE AVENUE, ROOM 112**
        **ST. PAUL, MINNESOTA 55155**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION:<br>Faegre & Benson LLP<br>220 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 | DATE AND TIME:<br>February 21, 2006 at 10:00 a.m. (or agreed<br>upon alternative date and<br>time) |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):

        See Schedule B

[1]  If action is pending in district other than district of issuance, state district under case number.

(See Reverse)

| PLACE: Faegre & Benson LLP 220 Wells Fargo Center 90 South Seventh Street Minneapolis, MN 55402 | DATE AND TIME: February 14, 2006 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Brian Fedotin*  Attorney for Defendant Aventis Pharmaceuticals Inc. on behalf of all defendants in the State of Nevada and the State of Montana actions. | DATE:   January 31, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Brian Fedotin, Shook, Hardy & Bacon, LLP, 2555 Grand Blvd, Kansas City, MO 64108, 816-474-6550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | | |
|---|---|---|
| | DATE | PLACE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph  (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-12257-PBS |
| STATE OF NEVADA v. ABBOTT LABORATORIES, INC., ET AL., CA No. 02-CV-00260-ECR (Nevada I), and | Judge Patti B. Saris |
| STATE OF NEVADA v. AMERICAN HOME PRODUCTS, ET AL., CA. No. 02-CV-12086-PBS (Nevada II) | |
| STATE OF MONTANA v. ABBOTT LABORATORIES, INC., ET AL., CA No. 02-CV-12084-PBS | |

## NOTICE OF SUBPOENAS DUCES TECUM AND 30(B)(6) DEPOSITIONS

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Aventis Pharmaceuticals, by its attorneys, on behalf of themselves and all defendants in the above captioned case, will take the oral depositions of the Minnesota Multi-state Contracting Alliance for Pharmacy before a notary public, or any other officer authorized to administer oaths. The Minnesota Multi-state Contracting Alliance for Pharmacy shall designate one of more officers, agents, or other persons who can testify on its behalf with respect to the matters set forth in Schedule B and C to the attached Subpoena. The depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

1876029v1

Such depositions will be recorded by stenographic means, and will take place at 10:00 am on February 21, 2006, and will be held at the law firm of Faegre & Benson LLP, 220 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, on February 14, 2006, the Minnesota Multi-state Contracting Alliance for Pharmacy has been requested to produce for inspection and copying the documents described in Schedule B annexed to the attached Subpoena at the law firm of Faegre & Benson LLP, 220 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402.

Dated: Kansas City, Missouri
January 31, 2006

SHOOK, HARDY & BACON L.L.P.

By: _____

Michael L. Koon
Joseph G. Matye
Brian G. Fedotin

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile 816.421.5547
Attorneys For Defendant Aventis
Pharmaceuticals Inc. on behalf of all
Defendants

## SCHEDULE A

### I.   DEFINITIONS

1.    "AWP" or "Average Wholesale Price" means the benchmark price for drugs as periodically published by one or more pharmaceuticals industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

2.    "Communication" means any form of information transmittal, including, without limitations, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings and other similar forms of communication or correspondence.

3.    "Concern" or "concerning" mean directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing, or evaluating.

4.    "Copy" or "copies" when used in referenced to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

5.    "Defendants" means the Defendants identified in the Amended Complaint filed by the State on August 1, 2003 in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL NO. 1456, Civil Action No. 01-CV-12257-PBS, relating to *State of Nevada v. Am Home Prods., Inc,*

*et al.*, CA NO. 02-CV-12086-PBS (Nevada II), in the United States District Court for the District of Massachusetts, the Amended Complaint filed by the State of Nevada on October 31, 2003 in *State of Nevada v. Abbott Laboratories, Inc. et al.*, CA NO. CV-02-00260-ECR (Nevada I), in the Washoe County District Court, and the Second Amended Complaint filed by the State of Montana on September 17, 2003, relating to *State of Montana v. Abbott Laboratories, Inc. et al.*, CA NO. 02-12084-PBS.  See Exhibit A for a complete list of Defendants.

6.      "Document" shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, tapes, typed, duplicated, reproduced or other tangible matter in Your possession, custody or control, including, all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original documents as originally typed, written, or otherwise prepared.

7.      "Identify" means, with respect to a natural person, to state all of the following information:

          (a)      His or her full name, any nickname or alias; and

(b) His or her present residence and business address, and if not known, his or her last known addresses and the last known dates thereof.

8. "Person" means any natural person or any business, legal, or governmental entity or association.

9. "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

10. "State" refers collectively to the State of Nevada, any state office, agency, or body, including but not limited to the Office of the Attorney General, Medicaid Fraud Control Unit, the Office of the Inspector General, the Department of Public Health and Human Services, the Medicaid Program, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other person or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products and the State of Montana, any state office, agency, or body, including but not limited to the Office of the Attorney General, Medicaid Fraud Control Unit, the Office of the Inspector General, the Department of Public Health and Human Services, the Medicaid Program, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other person or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

1876029v1

-5-

11.    "Subject drug" or "subject drugs" means one or more of drugs listed on Exhibit B hereto.

12.    "You" or "Your" means the Minnesota Multi-state Contracting Alliance for Pharmacy and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

## SCHEDULE B

**II.    INSTRUCTIONS**

1.    Unless otherwise specifically stated, the requests below refer to the time period from January 1, 1991 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope; and the terms "each," "any" and "all" mean "each and every."

4.    Each request for production of documents extends to all documents in the possession, custody, or control of You or anyone acting on Your behalf. A document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b)

-6-

have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any term; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.

5.      If production is requested of a document that is no longer in Your possession, custody, or control, Your response should state when the document was most recently in Your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

6.      Provide the following information for each document withheld on the grounds of privilege: [1]

      (a)      its date;

      (b)      its title;

      (c)      its author;

      (d)      its addressee(s);

      (e)      the specific privilege under which it is withheld;

      (f)      its general subject matter; and

      (g)      a description of it that You contend is adequate to support Your contention that it is privileged.

7.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

8.      The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the request number to which the documents are responsive.

9.      To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which You object and each ground for each objection.

## III.   DOCUMENTS TO BE PRODUCED

1.      All documents relating to the pricing of subject drugs.

2.      All communications between you and the States of Montana and Nevada.

3.      All communications between you and Montana members.

4.      All communications between you and Nevada members.

5.      All documents relating to purchases of subject drugs by Montana members.

6.      All documents relating to purchases of subject drugs by Nevada members.

7.      Any reports from You to the states about actual costs of prescription drugs.

8.      Any documentation on how the "contracting price" was set.

9.      Any communication with the states on how the "contracting price" was set.

10.     Any documentation pertaining to the amount of the "wholesaler fee".

11.     Any communication with the states pertaining to the amount of the "wholesaler fee".

## SCHEDULE C

By its counsel, Aventis Pharmaceuticals Inc., requests pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, that the Minnesota Multi-state Contracting Alliance for Pharmacy produce for deposition, on February, 21, 2006, at the office of Faegre & Benson LLP, 220 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402, one of more officers, directors, managing agents of, or other persons who consent to testify on behalf of the Minnesota Multi-state Contracting Alliance for Pharmacy, who is most knowledgeable with respect to the matters described below.

## DEPOSITION TOPICS

Unless otherwise specifically stated, each of these Deposition topics encompasses the years 1991 through the present and is limited to all aspects of your prescription drug benefits program concerning Your employees, Participants, of Beneficiaries, or the employees, Participants, or Beneficiaries of any of Your subsidiary or affiliated companies, resident in the State of Montana or the State of Nevada.

1.      Your organizational structure.

2.      The identity of your participants located in Montana and Nevada.

1876029v1

3.    Your purchasing of Subject Drugs.

4.    Your knowledge of pricing of Subject Drugs.

5.    Purchase of Subject Drugs by Montana members.

6.    Purchase of Subject Drugs by Nevada members.

7.    Communications with the States of Montana and Nevada.

8.    Communications with participants located in Montana and Nevada.

9.    Your understanding of AWPs, and the difference, if any, between AWPs and
other prices paid by You or anyone else for prescription drugs generally, or more specifically any
of the Subject Drugs.

10.    Any reports from You to the states about actual costs of prescription drugs.

11.    How your "contracting price" was set.

12.    The amount of the "wholesaler fee".

13.    Your investigation, audit, survey, evaluation, consideration, or awareness of the
acquisition cost of any Providers within the states of Montana and Nevada (including retailers,
physicians, pharmacies, or specialty pharmacies) for prescription pharmaceuticals generally, or
more specifically any of the Subject Drugs.

## EXHIBIT A

Abbott Laboratories Inc.

Amgen Inc.

Apothecon, Inc.

Astrazeneca Pharmaceuticals L.P.

Astrazeneca US

Aventis Behring L.L.C.

Aventis Pharmaceuticals Inc.

Baxter Healthcare Corporation

Baxter International Inc.

Bayer Corp.

Bedford Laboratories

Ben Venue Laboratories Inc.

Boehringer Ingelheim Corp.

Bristol-Myers Squibb Company

B. Braun of America, Inc.

Centocor, Inc.

Dey, Inc.

Fujisawa Healthcare, Inc.

Fujisawa USA, Inc.

Gensia, Inc.

Gensia Sicor Pharmaceuticals, Inc.

GlaxoWellcome, Inc.

GlaxoSmithKline, P.L.C.

Hoechst Marion Roussel, Inc.

Immunex Corp.

Janssen Pharmaceutica Products, L.P.

Johnson & Johnson

McNeil-PPC, Inc.

Novartis Pharmaceuticals Corp.

Oncology Therapeutics Network Corp.

Ortho Biotech

Pfizer, Inc.

Pharmacia Corp.

Pharmacia & Upjohn, Inc.

Schering-Plough Corp.

Sicor, Inc.

SmithKline Beecham Corp.

TAP Pharmaceutical Products, Inc.

Warrick Pharmaceuticals Corp.

Watson Pharmaceuticals, Inc.

Zeneca, Inc..

## EXHIBIT B

| Drug Name |
| --- |
| Acetylcyst |
| Acyclovir |
| A-Methapred |
| Amikacin |
| Amikacin Sul |
| Aminosyn |
| Biaxin |
| Calcijex |
| Cimetidine |
| Clindemycin |
| Depakote |
| Depakote SPR |
| Dextrose |
| Dextrose w/ Sodium Chloride |
| Diazepam |
| Ery-Tab |
| Erythromycin Cap |
| Erythromycin Tab BS |
| Fentanyl CIT |
| Furosemide |
| Gentamicin |
| Heparin Lock |
| Leucovor CA |
| Lorazepam |
| Prevacid CAP |
| Prevacid GRA |
| Sod Chloride |
| Sodium Chloride SOL |
| Tobra/Nacl |
| Tobramycin |
| Vancomycin |
| |
| Beconase AQ SPR |
| Flonase SPR |
| Serevent AER |
| Serevent AER INS |
| Serevent AER RF |
| Serevent DIS MIS |
| |
| Aranesp |
| Enbrel |
| Epogen |
| Kineret |
| Neulasta |
| Neupogen |
| |
| Accolate |
| Arimidex |
| Casodex |
| Diprivan |

VBA - SB4500066 - 725583 v1

| Drug Name |
| --- |
| Nolvadex |
| Seroquel |
| Zestril |
| Zoladex |
| Zomig |
| Zomig ZMT |
| Atacand |
| Atacand HCT |
| Entocort EC |
| Nexium |
| Prilosec |
| Pulmicort INH |
| Pulmicort SUS |
| Rhinocort AER |
| Rhinocort SUS |
| Toprol XL |
| |
| Allegra |
| Allegra-D |
| Amaryl |
| Anzemet |
| Arava |
| Azmacourt |
| Calcimar |
| Carafate |
| Cardizem CAP |
| Cardizem INJ |
| Cardizem TAB |
| Gammar PIV |
| Gammar-P IV |
| Intal |
| Intal INH |
| Nasacort |
| Nasacort AQ |
| Taxotere |
| Trental |
| |
| Dextrose |
| Dextrose FL CONT |
| Dextrose NACL |
| Dextrose SOL LR |
| Heparin SOD/D5W |
| Heparin SOD/NACL |
| Sodium Chloride |
| Sodium Chloride SOL IRR |
| |
| Aggrastat |
| Ativan |
| Bebulin VH |
| Brevibloc |
| Brevibloc SOL |
| Buminate |

| Drug Name |
| --- |
| Cisplatin |
| Claforan/D5W |
| Dextrose |
| Dextrose PGBK |
| Doxorubicin |
| Gammagard SD |
| Gentam/NACL |
| Gentran 40 |
| Gentran 75 |
| Gentran/Trav |
| Heparin Lock |
| Iveegam |
| Iveegam EN |
| Osmitrol |
| Osmitrol VFX |
| Recombinate |
| Sod Chloride |
| Sodium Chlor Sol |
| Travasol |
| Travasol w/Dextrose |
| Vancocin HCL |
| Vancocin/DEX |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Etoposide |
| Leucovorin Calcium |
| |
| Paraplatin |
| Blenoxane |
| Cytoxan |
| Etopophos |
| Rubex |
| Taxol |
| Vepesid |
| Videx EC |
| Avapro |
| Buspar |
| Cefzil |
| Glucophage |
| Glucovance |
| Monopril |
| Plavix |
| Serzone |
| Tequin |
| Coumadin |
| |
| Amikacin Sulfate |
| Amphotercin B |
| |
| Acyclovir Sodium |

| Drug Name |
|---|
| Amikacin Sulfate |
| Cytarabine |
| Doxorubicin HCL |
| Etoposide |
| Leucovor CA |
| Leucovor CA TAB |
| Lecovorin Calcium 50 MG |
| Methotrexate |
| Methotrexate Sodium |
| Mitomycin |
| Vinblastine Sulfate |
| |
| Amerge |
| Imitrex |
| Imitrex KIT |
| Imitrex SPR |
| Imitrex TAB |
| Zofran SOL |
| Zofran TAB |
| Zofran ODT |
| |
| Acetylcysteine |
| Albuterol AER |
| Albuterol NEB |
| Cromolyn SOD NEB |
| Ipratropium SOL INHAL |
| Metaproteren NEB |
| |
| Aristocort |
| Aristocort TAB |
| Aristocort A CRE |
| Aristocort A OIN |
| Aristospan |
| Cefizox |
| Cefizox/D5W |
| Cyclocort CRE |
| Cyclocort LOT |
| Cyclocort OIN |
| Lyphosin |
| Nebupent or Pentam 300 |
| Prograf CAP |
| Prograf |
| Vinblastine Sulfate |
| Acyclovir Sodium |
| Dexamethasone Sodium Phosphate |
| Doxorubicin Hydrochloride |
| Fluorouracil |
| Gentamicin Sulfate |
| |
| Amikacin Sulfate |
| Amphotercin B |
| Etoposide |

-3.34 - 3954040366 - 375.531 v3

| Drug Name |
| --- |
| Leucovorin Calcium |
| |
| Advair Disku MIS |
| Agenerase CAP |
| Agenerase SOL |
| Alkeran |
| Alkeran TAB |
| Ceftin SUS |
| Ceftin TAB |
| Combivir TAB |
| Daraprim TAB |
| Epivir SOL |
| Epivir TAB |
| Epivir HBV SOL |
| Epivir HBV TAB |
| Flovent AER |
| Flovent ROTA AER |
| Imitrex |
| Kytril |
| Lamictal CHW |
| Lamictal TAB |
| Lanoxin TAB |
| Lanoxin PED ELX |
| Leukeran TAB |
| Mepron SUS |
| Myleran TAB |
| Navelbine INJ |
| Paxil SUS |
| Paxil TAB |
| Paxil CR TAB |
| Purinethol TAB |
| Relenza MIS DISKHALE |
| Retrovir CAP |
| Retrovir |
| Retrovir SYP |
| Retrovir TAB |
| Thioguanine TAB |
| Trizivir TAB |
| Valtrex TAB |
| Ventolin HFA AER |
| Wellbutrin TAB |
| Zantac TAB |
| Ziagen SOL |
| Ziagen TAB |
| Zofran TAB |
| Zovirax CAP |
| Zovirax |
| Zovirax SUS |
| Zovirax TAB |
| Zyban TAB |
| |
| Leucovorin CA |

- 22 -

| Drug Name |
| --- |
| Leucovorin CA TAB |
| Leukine |
| Methotrexate |
| Novatrone |
| Thioplex |
| |
| Remicade |
| Aciphex TAB |
| Duragesic DIS |
| Reminyl SOL |
| Reminyl TAB |
| Risperdal SOL |
| Risperdal TAB |
| Sporanox CAP |
| Sporanox CAP PULSEPAK |
| Bicitra SOL |
| Elmiron CAP |
| Haldol |
| Haldol Decan |
| Levaquin TAB |
| Mycelex TRO |
| Pancrease CAP |
| Pancrease MT CAP |
| Parafon Fort TAB DSC |
| Polycitra SYP |
| Polycitra-K POW CRYSTALS |
| Polycitra-K SOL |
| Polycitra-LC SOL |
| Regranex GEL |
| Testoderm DIS |
| Tolectin TAB |
| Tolectin DS CAP |
| Topamax CAP |
| Topamax TAB |
| Tylenol/Cod TAB |
| Tylox CAP |
| Ultracet TAB |
| Ultram TAM |
| Urispas TAB |
| Vascor TAB |
| Flexeril TAB |
| |
| Clozaril TAB |
| Combipatch DIS |
| Comtan TAB |
| Diovan |
| Diovan HCT |
| Elidel |
| Estraderm DIS |
| Exelon CAP |
| Exelon SOL |
| Famvir |

*\BA - 5234000066 - 775831 v1

| Drug Name |
| --- |
| Femara TAB |
| Focalin |
| Lamisil SPR |
| Lamisil TAB |
| Lamprene CAP |
| Lescol CAP |
| Lescol XL TAB |
| Lotensin TAB |
| Lotensin HCT TAB |
| Lotrel CAP |
| Miacalcin INJ |
| Miacalcin SPR |
| Parlodel CAP |
| Parlodel TAB |
| Rescula |
| Ritalin TAB |
| Ritalin LA CAP |
| Starlix TAB |
| Tegretol CHW |
| Tegretol SUS |
| Tegretol TAB |
| Tegretol XR TAB |
| Trileptal TAB |
| Vivelle DIS |
| Vivelle-DOT DIS |
| Voltaren Opthalmic |
| Zaditor |
| Zelnorm |
| |
| Floxin TAB |
| Terazol 3 CRE |
| Terazol 3 SUP |
| Terazol 7 CRE |
| Procrit INJ |
| Erycette PAD |
| Grifulvin V SUS |
| Grifulvin V TAB |
| Monistat CRE DERM |
| Renova CRE |
| Retin-A CRE |
| Retin-A GEL |
| Retin-A CRE LIQ |
| Retin-A MICR GEL |
| Spectazole CRE |
| |
| Accupril TAB |
| Accuretic TAB |
| Cardura TAB |
| Celontin CAP |
| Dilantin CAP |
| Dilantin CHW |
| Dilantin-125 SUS |

| Drug Name |
| --- |
| Estrostep FE TAB |
| Femhrt 1/5 TAB |
| Lipitor TAB |
| Lopid TAB |
| Minizide CAP |
| Nardil TAB |
| Neurontin CAP |
| Neurontin SOL |
| Neurontin TAB |
| Nitrostat SUB |
| Renese TAB |
| Rescriptor TAB |
| Viracept POW |
| Viracept TAB |
| Zarontin CAP |
| Zarontin SYP |
| Zithromax |
| Zithromax POW |
| Zithromax SUS |
| Zithromax TAB |
| Zithromax TAB TRI-PAK |
| Zithromax TAB Z-PAK |
| Zoloft CON |
| Zoloft TAB |
| Zyrtec SYP |
| Zyrtec TAB |
| |
| Adriamyc PFS INJ |
| Adriamyc RDF INJ |
| Adrucil INJ |
| Amphocin INJ |
| Amphotercin B |
| Bleomycin Sulfate |
| Celebrex CAP |
| Cleocin-T GEL |
| Cleocin-T LOT |
| Cleocin-T PAD |
| Cleocin-T SOL |
| Cytarabine (Cytosar-U) |
| Depo-Testost INJ |
| Etoposide |
| Neosar INJ |
| Solu-Cortef INJ |
| Solu-Medrol INJ |
| ToposarINJ |
| Vincasar PFS INJ |
| |
| Clarinex TAB |
| Claritin SYP |
| Claritin TAB |
| Claritin TAB REDITABS |
| Claritin-D TAB |

| Drug Name |
| --- |
| Diprolene GEL |
| Diprolene LOT |
| Diprolene OIN |
| Diprolene AF CRE |
| Diprosone AER |
| Diprosone CRE |
| Elocon CRE |
| Elocon LOT |
| Elocon OIN |
| Eulexin CAP |
| Integrilin INJ |
| Intron-A INJ |
| Intron-A INJ PEN |
| Intron-A KIT |
| Lotrisone LOT |
| Nasonex SPR |
| Peg-Intron KIT |
| Proventil AER |
| Proventil NEB |
| Rebetol CAP |
| Temodar CAP |
| Trinalin Rep TAB CR |
| Vanceril |
| |
| Albuterol |
| Clotrimazole |
| Griseofulvin, Ultramicrocry |
| ISMN |
| Oxaprozin |
| Perphenazine |
| Potassium Chloride |
| Sodium Chloride |
| Sucralfate Tablets |
| Theophylline |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Doxorubicin HCL |
| Etoposide |
| Leucovorin Calcium |
| Pentamidine Isethionate |
| Tobramycin Sulfate |
| |
| Prevacid |
| |
| Dexamethasone Acetate |
| Dexamethasone Sodium Phospate |
| Diazepam TAB |
| Diazepam CI-V |
| Estradiol TAB |
| Ferrlecit SOL |
| Fluphenazine HCL |

W:\A - 53360\0064 - 175232 v2

| Drug Name |
| --- |
| Gemfibrozil |
| Gentamicin Sulfate |
| Imipramine HCL |
| Infed |
| Lorazepam TAB |
| Nadolol |
| Perphenazine |
| Propranolol TAB |
| Ranitidine TAB |
| Vancomycin HCL |
| Verapamil HCL |