UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) ) ) ) |

**SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATED DOCUMENTS USED IN SUMMARY JUDGMENT PROCEEDINGS**

Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") respectfully submit this opposition to Plaintiffs' Motion to Unseal All Confidential or Highly Confidential Designated Documents Used in Summary Judgment Proceedings ("Plaintiffs' Motion"). Of the more than 100 exhibits relating to Schering and Warrick that were filed under seal, Schering and Warrick only oppose the unsealing of nine exhibits, comprising just <u>eight documents</u> (one exhibit is a duplicate).[1] These eight documents should remain under seal because they contain the type of competitive business information that the Court sought to protect when it issued the Protective Order in effect in this litigation.

---

[1] Of these nine exhibits (eight documents), Plaintiffs do not contest that the following five exhibits (four documents) should remain under seal: SP. Exs. 18, 28, and 30 to *Declaration of Steve W. Berman In Support of Plaintiffs' Memorandum for Partial Summary Judgment Against All Track 1 Defendants*, and SP Exs. 2 and 28 to *Declaration of Steve W. Berman In Support of Plaintiffs' Memorandum in Opposition to Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Class 2 Claims*. (*See* Letter from Steve Berman to Eric Christofferson, attached hereto as Ex. B; E-mail from Steve Berman to Eric Christofferson, attached hereto as Ex. D).

Plaintiffs filed their motion on May 19, 2006, in which they seek to unseal all documents that were filed in connection with the summary judgment proceedings.  On June 2, 2006, the Track 1 Defendants and Plaintiffs agreed to try to narrow the issues presented by Plaintiffs' Motion by working to identify those specific documents about which the parties disagreed, and the Court granted the parties' motion for a briefing schedule to accommodate that effort. Accordingly, on June 9, 2006, Schering and Warrick sent Plaintiffs a list of 29 exhibits that Schering and Warrick sought to keep under seal.  (*See* Letter from Eric Christofferson to Steve Berman and John Macoretta, attached hereto as Ex. A).  Plaintiffs sent Schering and Warrick a response on June 12, 2006, in which they argued that only one of the documents identified by Schering and Warrick should remain under seal.  (*See* Letter from Steve Berman to Eric Christofferson, attached hereto as Ex. B).  Schering and Warrick then, in good faith, attempted to narrow even further the set of documents to be kept under seal.  On June 20, 2006, Schering and Warrick presented their narrowed list of seven documents to Plaintiffs.  (*See* E-mail from Eric Christofferson to Steve Berman, attached hereto as Ex. C).  Plaintiffs responded on June 21, 2006, agreeing that three of the remaining seven documents should be kept under seal.  (*See* E-mail from Steve Berman to Eric Christofferson, attached hereto as Ex. D).  The four remaining documents that Schering and Warrick seek to keep under seal, in addition to the four documents about which Plaintiffs have already agreed, are the following:

- SP Ex. 36 to *Declaration of Steve W. Berman In Support of Plaintiffs' Memorandum for Partial Summary Judgment Against All Track 1 Defendants*.
- SP Exs. 10A, 12, and 33 to *Declaration of Steve W. Berman In Support of Plaintiffs' Memorandum in Opposition to Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Class 2 Claims.*

These four documents should remain under seal.  In support of their motion, Plaintiffs make sweeping statements that the documents filed under seal in connection with summary judgment "relate to policies and pricing practices no longer at issue . . . ."  Pls.' Mot. at 1.  Yet, as Plaintiffs note, the December 13, 2002 Protective Order (the "Protective Order") protects "(a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information . . . ."  Protective Order ¶ 5.  The four documents identified above contain precisely this kind of information, i.e., past – that reflect current – methods, procedures, and processes relating to the pricing of pharmaceuticals, and past – that reflect current – business planning and financial information.  Specifically, each of the documents contains information about how Schering and Warrick approach the negotiation of pharmaceutical pricing and other contractual issues with their customers, and these methods and processes remain in effect today.  If unsealed, competitors could exploit this information to gain an "unfair advantage" over Schering and Warrick in the marketplace and courts have recognized that such documents should be protected.  *See, e.g.*, *Cohen v. Metro. Life Ins. Co.*, No. 00 Civ. 6112, 2003 U.S. Dist. Lexis 4468, at *1 (S.D.N.Y. Mar. 26, 2003); <u>see also</u> Fed. R. Civ. P. 26(c).

Plaintiffs' arguments are without merit.  First, Plaintiffs' assertions relating to what they deem the "everybody knew defense," are irrelevant.  The information at issue here does not concern prices or the differences between transaction prices and AWP; rather, Schering and Warrick seek to protect business methods and practices that the companies still employ.  Second, Plaintiffs' self-serving statements about protection being unnecessary because defendants state they are "no longer . . . discuss[ing] or marketing the spread" are inapplicable.  Not only does

Plaintiffs' argument rest on the false premise that Schering and Warrick discussed or marketed the spread, these documents nevertheless have nothing to do with discussing or marketing the spread.

Schering and Warrick do not oppose the unsealing of any documents except for the four identified above and the additional four documents (five exhibits) that Plaintiffs agree should remain under seal.  (*See infra* note 1).  Each of these documents contains competitive business information for which the Protective Order, the Federal Rules, and the case law explicitly provide protection.

For all of the foregoing reasons – with respect to the documents identified herein – Plaintiffs' Motion should be DENIED.  Accordingly, Schering and Warrick respectfully request that the Court enter the proposed order, attached hereto as Exhibit E.

By their attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  June 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson