UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH MAY 18, 2006 AMENDED NOTICE OF DEPOSITION OF HARVEY WEINTRAUB FILED BY DEFENDANT WARRICK PHARMACEUTICALS CORPORATION**

**[REDACTED VERSION]**

Plaintiffs move pursuant to Fed. R. Civ. P. 26 and 30(a)(1)(B) to quash the May 18, 2006, Amended Notice of Deposition of Harvey Weintraub served by Defendant Warrick Pharmaceuticals Corporation ("Warrick") in these consolidated actions. Warrick's attempt to re-take this deposition violates the Federal Rules of Civil Procedure and is otherwise an improper maneuver designed to present at trial carefully controlled testimony of an important witness.

A.   **The Amended Notice Violates Rule 30**

Plaintiffs took the deposition of Mr. Weintraub on August 25, 2005. Defense counsel for Warrick represented both Warrick and the witness during the deposition. Warrick now wants to take another deposition of Mr. Weintraub. But Rule 30(a)(1)(B) plainly requires that a "party must obtain leave of court ... if ... the person to be examined already has been deposed in the case." Warrick has not sought leave of Court to take another deposition of this witness, and, for

this reason alone, the deposition notice should be quashed. Warrick should not be permitted to flout the Civil Rules.

## B.     Warrick Seeks an Inappropriate Advantage at Trial

Even if Warrick had filed a motion for leave to re-take the Weintraub deposition, leave should not be granted for the reasons set forth below.

### 1.     Warrick's claim that the witness's health is declining does not support taking another deposition

In other cases, including the State Attorney General actions in Arizona and Connecticut, Warrick has recently sought to take Mr. Weintraub's deposition for purposes of trial, claiming that there is good cause to believe that Mr. Weintraub will be unavailable to testify at trial due to Mr. Weintraub's age and current medical condition. Declaration of Steve W. Berman in Support of Plaintiffs' Motion to Quash May 18, 2006 Amended Notice of Deposition of Harvey Weintraub ("Berman Decl."), ¶ 2. Warrick will likely make the same claim here, although it is unsupported.

Under Fed. R. Civ. P. 32(a)(2)(C) and (E), a deposition can be used by a party when "the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment," or "upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Neither element exists here.

In ostensible support of Warrick's quest, it has submitted to other courts an Affidavit of Harvey J. Weintraub and a letter from his treating physician, Dr. Barry Zitomer. Neither document, both of which are attached as Ex. 1 to the Berman Declaration, establishes that the witness will be unavailable for trial. Warrick has failed to provide the evidentiary materials

ordinarily submitted to support its extraordinary request to shield Mr. Weintraub from appearing at trial, including (i) the witness's medical records, (ii) a meaningful medical opinion that the witness will <u>not</u> be available in the future, and (iii) an offer to subject the witness and his physician to cross-examination on this issue. Indeed, neither the Weintraub Affidavit nor the Zitomer letter state or even suggest that Mr. Weintraub's health is rapidly deteriorating, and that it is consequently necessary for him to sit for a trial deposition in the near future. To the contrary, Dr. Zitomer advises that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Notably, Dr. Zitomer does not state that Mr. Weintraub's condition will prevent him from testifying at trial on this matter or that it is likely that Mr. Weintraub's health will quickly deteriorate. Nor does Dr. Zitomer place any travel or deposition limitations on the witness. Mr. Weintraub similarly does not opine that his illness will prevent him from providing testimony in this impending trial, which is expected to start this year.

Indeed, at least one other court has already ruled that Warrick has not demonstrated good cause to perpetuate the testimony of Mr. Weintraub:

> Defendant argues that the deposition is necessary because Mr. Weintraub "is seventy-seven years old and in declining health." (Doc. 140) There is no evidence, however, that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation. The Court finds that Defendant has not shown "good cause . . . to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference."

*State of Arizona v. Abbott Labs. et al.*, No. 2:06-cv-45-PHX-ROS, Order at 2 (D. Ariz. June 14, 2006) (citation omitted) (attached as Ex. 2 to the Berman Decl.).

Warrick simply cannot demonstrate that this second deposition is necessary for purposes of preserving trial testimony in this matter.

## 2. Warrick cannot demonstrate why the witness's previous deposition testimony in this case is insufficient for purposes of trial

Mr. Weintraub was deposed in this case on August 25, 2005, with counsel for Warrick present. The witness's health constraints, if any, existed at the time of his deposition yet did not impair his ability to attend and testify at the deposition. Warrick had a full and fair opportunity to examine Mr. Weintraub but chose not to. And Warrick made this choice knowing full well at the time that Mr. Weintraub ███████████████. Had Warrick been concerned on August 25, 2005 about the prospect of Mr. Weintraub's health deteriorating, it should have elicited testimony intended to be presented at trial. But Warrick did not. And Warrick cannot now claim that differing circumstances have intervened to frustrate Warrick's expectation that it would call Mr. Weintraub as a trial witness, because neither Mr. Weintraub nor his treating physician opines that he will be unavailable at trial due to ███████████████.

Warrick fails to explain why the deposition taken in this case less than one year ago is inadequate to present the witness's testimony for trial, if necessary. Warrick cannot make the demonstration necessary under Rule 32(a) and should not get another bite at the apple.

## 3. Warrick merely seeks tactical advantage

With all due sensitivity to Mr. Weintraub's condition, Plaintiffs submit that Warrick is simply attempting to win extraordinary advantages: to cultivate a carefully prepared atmosphere in which its lead witness is to testify for trial at Warrick's convenience, at its offices in New Jersey, and on a schedule of it's choosing, outside the scrutiny of Judge and Jury, and well after seeing Plaintiffs' cross-examination. The record does not support such a lop-sided result in Warrick's favor on this unsupported motion.

001534-16 114428 V1

Track 1 discovery has closed. Warrick's campaign to reopen deposition testimony for its own tactical purposes should be rejected.

DATED: June 22, 2006.                    By    /s/ Steve W. Berman
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                         Hagens Berman Sobol Shapiro LLP
                                         One Main Street, 4th Floor
                                         Cambridge, MA  02142
                                         Telephone: (617) 482-3700
                                         Facsimile: (617) 482-3003

                                         **LIAISON COUNSEL**

                                         Steve W. Berman
                                         Sean R. Matt
                                         Hagens Berman Sobol Shapiro LLP
                                         1301 Fifth Avenue, Suite 2900
                                         Seattle, WA  98101
                                         Telephone: (206) 623-7292
                                         Facsimile: (206) 623-0594

                                         Elizabeth Fegan
                                         Hagens Berman Sobol Shapiro LLP
                                         60 W. Randolph Street, Suite 200
                                         Chicago, IL  60601
                                         Telephone: (312) 762-9235
                                         Facsimile: (312) 762-9286

                                         Eugene A. Spector
                                         Jeffrey Kodroff
                                         Spector, Roseman & Kodroff, P.C.
                                         1818 Market Street, Suite 2500
                                         Philadelphia, PA  19103
                                         Telephone: (215) 496-0300
                                         Facsimile: (215) 496-6611

001534-16  114428 V1

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Facsimile: (215) 772-1359
Telephone: (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

001534-16 114428 V1

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 22, 2006, I caused copies of **PLAINTIFFS' PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH MAY 18, 2006 AMENDED NOTICE OF DEPOSITION OF HARVEY WEINTRAUB FILED BY DEFENDANT WARRICK PHARMACEUTICALS CORPORATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman