UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH MAY 18, 2006 AMENDED NOTICE OF DEPOSITION OF HARVEY WEINTRAUB**

I, Steve W. Berman, declare under penalty of perjury under the laws of the United States of America that:

1. I am a partner at Hagens Berman Sobol Shapiro LLP and co-lead counsel in this action.

2. In other AWP cases, including the State Attorney General actions in Arizona and Connecticut, Warrick has recently sought to take Mr. Weintraub's deposition for purposes of trial, claiming that there is good cause to believe that Mr. Weintraub will be unavailable to testify at trial due to Mr. Weintraub's age and current medical condition.

3. Attached as Exhibit 1 hereto is a true and correct copy of the Affidavit of Harvey J. Weintraub and a letter from Dr. Barry Zitomer, both of which were filed by Warrick in the Arizona and Connecticut and Attorney General AWP actions.

-1-

-2-

4.  Attached as Exhibit 2 hereto is a true and correct copy of Judge Silver's June 14, 2006 Order in *State of Arizona v. Abbott Labs. et al.*, No. 2:06-cv-45-PHX-ROS (D. Ariz.).

Dated: June 22, 2006.                                          s/ Steve W. Berman

-3-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 22, 2006, I caused copies of **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH MAY 18, 2006 AMENDED NOTICE OF DEPOSITION OF HARVEY WEINTRAUB** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

　　　　　　　　　　　　　　　　　　　　/s/ Steve W. Berman
　　　　　　　　　　　　　　　　　　　　Steve W. Berman

# Exhibit 1
## [Filed Under Seal]

# Exhibit 2

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THE STATE OF ARIZONA *ex rel.* TERRY GODDARD, | ) ) ) |
| Plaintiff, | ) No. 2:06-cv-45-PHX-ROS ) ) **ORDER** |
| vs. | ) ) |
| ABBOTT LABORATORIES; AMGEN INC.; APOTHECON, INC.; ASTRAZENECA, PLC;ASTRAZENECA PHARMACEUTICALS L.P.; AVENTIS PHARMACEUTICALS, INC.; AVENTIS BEHRING L.L.C.; B. BRAUN MEDICAL, INC.; BAXTER INTERNATIONAL INC.; BAXTER HEALTHCARE CORPORATION; BAYER CORPORATION; BEDFORD LABORATORIES; BEN VENUE LABORATORIES, INC.; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BIOGEN IDEC U.S.; BRISTOL-MYERS SQUIBB CO.; CENTOCOR, INC.; DEY, INC.; FUJISAWA HEALTHCARE, INC.; FUJISAWA USA, INC.; GENSIA INC.; GENSIA SICOR PHARMACEUTICALS, INC.; GLAXOSMITHKLINE, P.L.C.; GLAXOWELLCOME, INC.; HOECHST MARION ROUSSEL, INC.; IMMUNEX CORPORATION; JANSSEN PHARMACEUTICA PRODUCTS, L.P.; JOHNSON & JOHNSON; MCNEIL-PPC, INC.; MERCK & CO., INC.; ONCOLOGY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

- 1 -

| | |
|---|---|
| 1 | THERAPEUTICS NETWORK CORP.; ) |
| | ORTHO BIOTECH; PHARMACIA ) |
| 2 | CORPORATION; PHARMACIA & ) |
| | UPJOHN, INC.; RHONE POULENC ) |
| 3 | RORER, S.A.; ROXANE ) |
| | LABORATORIES, INC.; SCHERING- ) |
| 4 | PLOUGH CORPORATION; SICOR, INC.; ) |
| | SMITHKLINE BEECHAM ) |
| 5 | CORPORATION; TAP ) |
| | PHARMACEUTICAL PRODUCTS, INC.; ) |
| 6 | WARRICK PHARMACEUTICALS ) |
| 7 | CORPORATION; WATSON ) |
| | PHARMACEUTICALS, INC.; ZENECA, ) |
| 8 | INC. and DOES 1 through 100; DOES 101- ) |
| | 125; DOES 126-150 and DOES 151-200, ) |
| 9 | ) |
| | Defendants. ) |
| 10 | ) |

Pending before the Court is Defendant Warrick Pharmaceuticals Corporation's Motion Seeking Leave to Conduct the Deposition of Harvey Weintraub. (Doc. 140) For the following reasons, the motion will be denied.

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This litigation is in its earliest stages and the parties have not yet conferred. Defendant argues that the deposition is necessary because Mr. Weintraub "is seventy-seven years old and in declining health." (Doc. 140) There is no evidence, however, that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation. The Court finds that Defendant has not shown "good cause . . . to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference." Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D.Ariz. 2001).

Accordingly,

**IT IS ORDERED** Defendant Warrick Pharmaceutical Corporation's Motion Seeking Leave to Conduct the Deposition of Harvey Weintraub (Doc. 140) is **DENIED**.

001534-14 112740 V1

1  **IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File Response (Doc. 150) is **DENIED AS MOOT**.

Dated this 6/14/06

*/s/ Roslyn O. Silver*
Roslyn O. Silver
United States District Judge

001534-14 112740 V1