UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ALL CONSOLIDATED PRIVATE CLASS ) ACTIONS ) | JUDGE PATTI B. SARIS |

**OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR RESPONDING TO TRACK 2 DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION**

Plaintiffs now request yet another extension of time to brief issues that could, and should, have been addressed in their initial moving papers.  Plaintiffs, moreover, propose that they be allowed to do so by reducing the time afforded Defendants to digest Plaintiffs' replies from twenty to just two days prior to the class certification hearing.[1]  Plaintiffs do not need 30 days to brief Rule 23 elements.  It would appear that what they really seek is another, 11th hour opportunity to locate a class representative somewhere since it is clear that Plaintiffs' current class representatives lack Article III standing.  Plaintiffs' motion should be denied.

**I.    PLAINTIFFS STIPULATED TO THE BRIEFING TO WHICH THEY NOW COMPLAIN**

Although one might not know it from their motion, Plaintiffs *stipulated* to both the lengths of and the time for filing the consolidated and individual briefs.[2]  Defendants advised

---

[1]  Plaintiffs have requested an extension until July 15 to file their reply memoranda. Because the 15th is a Saturday, however, Plaintiffs would have until the close of business on Monday the 17th to file.

[2]  The agreed-upon page lengths did not add to the overall page limitations imposed by the Court in CMO 24, as the parties merely combined the page limitations provided for in the sur-replies with the pages provided for in the opposition briefs.

Plaintiffs that the parties needed to address the substantial physician-administered-drug record developed since the Court's August 2005 Order and the issues unique to the individual Track Two Defendants. That Plaintiffs chose to ignore the further developed record and the issues unique to the Track Two Defendant in their moving papers is no basis for relief.

## II.     PLAINTIFFS DON'T NEED MORE TIME

Defendants' opposition memoranda focus on the evidentiary record that clarifies the physician-administered-drug issues noted by Dr. Berndt and answers the TPP questions raised in the Court's August 2005 Order – a record with which the Plaintiffs are already familiar. Likewise, the declarations in support of these opposition memoranda address the materials supplied by Plaintiffs and the testimony of their witnesses – again, materials with which Plaintiffs are already familiar. For example, the Expert Declaration of Steven J. Young addresses the named Plaintiffs' alleged drug encounters as to the Track Two Defendants and concludes that the six class representatives proffered by Plaintiffs for Class 1 do not have standing for the claims they purport to raise. The Expert Report of Zachary Dyckman addresses the misinterpretations and misunderstandings of data and facts by Plaintiffs' purported experts regarding reports authored by Dr. Dyckman and prepared on behalf of MedPAC;[3] errors that cause Plaintiffs' assumptions and proffered methodologies for common adjudication to be fundamentally flawed. As the consortium of Plaintiffs' counsel have asserted in support of their contention that they can adequately represent their proposed classes, they are adequately

---

[3]     "MedPAC" refers to the Medicare Payment Advisory Commission.

- 2 -

2021685v1

equipped to analyze these pleadings and declarations and draft their 20-page reply to the joint memorandum and their 3-page replies to the individual memoranda by June 30.

### III. GRANTING PLAINTIFFS' MOTION WILL REQUIRE CONTINUANCE OF THE JULY 20 HEARING

Granting Plaintiffs' request for an extension of time will, by necessity, force the continuance of the July 20 Track Two class certification hearing.  The Court required in CMO 24 that the Track Two class certification briefing conclude on June 30, presumably so that the Court and the parties could read and digest the class briefing well in advance of the July 20 hearing.  After four years of discovery and proceedings in this case, the Track Two Defendants strenuously object to being provided only two business days to digest Plaintiffs' "response."

### CONCLUSION

Plaintiffs' motion should be denied.  In the alternative, if the Court is inclined to grant Plaintiffs yet another extension to file their reply memoranda, Defendants request that the Court continue the July 20 Track Two class certification hearing.

Respectfully submitted,

/s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
   mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
   abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicholas P. Mizell
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

2021685v1

- 4 -

> Attorneys for Aventis Pharmaceuticals Inc. and on behalf of the following Track Two Defendants:
>
> Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation, Dey, Inc., Fujisawa Healthcare Incorporation, Fujisawa USA, Inc., Hoechst Marion Roussel, Inc., Immunex Corporation, Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn, Sicor, Inc. f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., Sicor Pharmaceuticals, Inc., Watson Pharmaceuticals, Inc., and ZLB Behring L.L.C.

Dated June 22, 2006

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 22, 2006 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

> /s/ Aimée E. Bierman
> Aimée E. Bierman