**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | ) MDL No. 1456 |
| _____ ) | ) Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS ) ) ) ) ) ) _____ ) | ) Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF SCHERING-PLOUGH**
**CORPORATION'S MOTION TO STRIKE CERTAIN SUBJECT DRUGS**

Defendant Schering-Plough Corporation ("Schering") respectfully submits this memorandum in support of its Motion to Strike Certain Subject Drugs. Among the drugs at issue with respect to claims by the three classes certified by the Court, Plaintiffs have included several products manufactured by Schering that do not fit the class definitions. Intron-A® carries several indications, most of which are for self-administered use; thus, those self-administered formulations of the drug should be excluded from class claims. Integrilin® is administered exclusively in hospitals, was excluded from Plaintiffs' proposed form of class notice, and should likewise be excluded from all class claims.

The Court issued its Consolidated Order re: Motion for Class Certification on January 30, 2006 ("Final Order"), to which was appended a Table of Subject Drugs that contains the list of drugs – by National Drug Code ("NDC") – that are subjects of the claims of the certified classes. In its Final Order, the Court provided that drugs would be removed from the Table of Subject Drugs upon motion demonstrating that they "were improperly included." Final Order, attached

as Ex. A., n.1.  Integrilin and many of the Intron NDCs were improperly included and should be stricken.

Intron is an immunomodulator that the Food and Drug administration ("FDA") has approved for several indications, including Hepatitis, Leukemia, Melanoma, Follicular Lymphoma, Condyloma, and AIDS-related Karposi's Sarcoma.  (Decl. of Jack Micali ("Micali Decl."), attached as Ex. B, ¶¶ 2-3).  When Intron is used to treat Hepatitis, Leukemia, and Follicular Lymphoma, it is self-administered.  (Micali Decl. ¶ 3).  When Intron is used for maintenance of Melanoma, it is also self-administered.  (Micali Decl. ¶ 4).  Intron is occasionally administered by a physician to treat Melanoma, Condyloma, and AIDS-related Karposi's Sarcoma.  (Micali Decl. ¶¶ 3-4).

Twenty-seven Intron NDCs appear in the Table of Subject Drugs.  Of those 27, 16 are indicated for self-administration exclusively.  (Micali Decl. ¶ 7).  Thus, those 16 should be stricken.  In addition, another 5 NDCs are indicated almost exclusively for self-administration and are administered very rarely – if at all – by a physician.  (Micali Decl. ¶¶ 8).  Thus, these NDCs should also be stricken.  Five of the Intron NDCs are indicated for both self-administered and physician-administered use.  (Micali Decl. ¶ 9).  Although these drugs should not be at issue where they are self-administered, Schering does not seek to strike them at this time but reserves its right to do so in the future.  Finally, the remaining Intron NDC in the Table of Subject Drugs is exclusively a physician-administered drug.  (Micali Decl. ¶ 10).  Accordingly, Schering does not seek to strike that NDC.  The complete list of Intron NDCs that should be stricken are attached hereto as Exhibit C.

Integrilin should be stricken from the Table of Subject drugs entirely.  Integrilin is administered exclusively in hospitals.  Accordingly, Plaintiffs did not include Integrilin as a

subject drug in the proposed notices that they filed with the Court on June 21, 2006, in connection with their Motion to Approve the Form of Class Notice and the Manner of Notice. (*See, e.g.*, Decl. of Steve W. Berman in Support of Plaintiffs' Motion to Approve the Form of Class Notice and the Manner of Notice, the relevant pages of which are attached hereto as Ex. D).  Therefore, all Integrilin NDCs should be stricken from the Table of Subject Drugs.[1]

For all of the foregoing reasons, Schering respectfully requests that its Motion to Strike Certain Subject Drugs be GRANTED and that the Court enter the proposed order attached to the motion.

Respectfully Submitted,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation*

Dated:  June 23, 2006

---

[1] Those NDCs are 00085113601, 00085117701, and 00085117702.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 23, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.


                /s/ Eric P. Christofferson
                Eric P. Christofferson