# EXHIBIT D



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

### DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE THE FORM OF CLASS NOTICE AND THE MANNER OF NOTICE

I, Steve W. Berman, declare under penalty of perjury under the laws of the United States of America that:

1. I am one of the attorneys for plaintiffs and have personal knowledge of the matters set forth therein.

2. Attached as Exhibit 1 is the proposed publication notice to Class 1.

3. Attached as Exhibit 2 is the proposed publication notice to TPPs.

4. Attached as Exhibit 3 is the proposed mailed notice for Class 1.

5. Attached as Exhibit 4 is the proposed mailed notice for TPPs.

6. These notices were developed after consultation with Kinsella/Novak Communication, a nationally known expert in the design of media-based legal notification programs for class actions.

7. I have spoken with Mr. George Henderson, an AUSA in Boston and Mr. Andy Mao of the Department of Justice ("DOJ") regarding the subpoena served on CMS pursuant to

-2-

the Court's Order.  CMS will search its databases and produce names of Class Members.  It may take a minimum of three months to do so.  Data for pre-1998 transactions is archived.  I have asked, if the DOJ searched just 1998 forward, if that would reduce the time involved.  The government is analyzing this.

      8.      Attached as Exhibit 5 is the proposed notice program developed by Kinsella.

Dated:  June 21, 2006.                                          /s/ Steve W. Berman

# Third Party Payor Long Form

United States District Court – District of Massachusetts

# If You Are a Third-Party Payor Based in or With Beneficiaries in Massachusetts And You Made Reimbursements For Any of the Drugs Listed Below,

# A Class Action Lawsuit May Affect Your Rights.

*The District Court has authorized this Notice. It is not a solicitation from a lawyer.*

*You are not being sued.*

A lawsuit claims that certain drug companies (the "Defendants") intentionally reported false and inflated average wholesale prices ("AWP") for some types of outpatient drugs ("Covered Drugs"), and asks the Court to award money damages to Third-Party Payors ("TPP") that made reimbursements for those drugs based on the drug's AWP.

The Court has said that the lawsuit can go forward on behalf of two "Classes" of TPPs. Those Classes include (1) TPPs who made reimbursements for all or part of their insured's 20% co-payment under Medicare Part B for a Covered Drug between January 1, 1991 and January 1, 2005, and (2) TPPs who reimbursed for the drugs listed below outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark between January 1, 1991 and June 1, 2006. In addition, in order to qualify to be a member of one of these Classes, TPPs must have made reimbursements for beneficiaries in Massachusetts, **or** made reimbursements for the Covered Drugs and have its principal place of business in Massachusetts. TPPs may be a member of either or both of the Classes.

| Defendant Drug Company | Covered Drugs |
|---|---|
| AstraZeneca | Zoladex |
| Bristol-Myers Squibb Group | Blenoxane; Cytoxan; Etopophos; Paraplatin: Rubex; Taxol; VePesid |
| Johnson & Johnson Group | Remicade; Procit |
| Schering Plough Group | Albuterol; Intron A; Perphenazine; Proventil; Temodar |

- A series of trials will determine whether the claims in this lawsuit against the Defendants are true. The first trial will begin Month Date, 2006, with AstraZeneca.

*Questions? Call toll free 1-800-000-0000, or visit www.AWPlitigation.net.*