UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>IN RE PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE )<br>LITIGATION )<br>_____) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| )<br>THIS DOCUMENT RELATES TO: )<br>)<br>*The City of New York v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 04-CV-06054) )<br>*County of Suffolk v. Abbott Labs., et al.* )<br>(E.D.N.Y. No. CV-03-229) )<br>*County of Westchester v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 03-CV-6178) )<br>*County of Rockland v. Abbott Labs., et al*. )<br>(S.D.N.Y. No. 03-CV-7055) )<br>*County of Dutchess v. Abbott Labs, et al.* )<br>(S.D.N.Y. No. 05-CV-06458) )<br>*County of Putnam v. Abbott Labs, et al.* )<br>(S.D.N.Y. No. 05-CV-04740) )<br>*County of Washington v. Abbott Labs, et al.* )<br>(N.D.N.Y. No. 05-CV-00408) )<br>*County of Rensselaer v. Abbott Labs, et al.* )<br>(N.D.N.Y. No. 05-CV-00422) )<br>*County of Albany  v. Abbott Labs, et al* )<br>(N.D.N.Y. No. 05-CV-00425) )<br>*County of  Warren v. Abbott Labs, et al.* )<br>(N.D.N.Y. No. 05-CV-00468) )<br>*County of Greene  v. Abbott Labs, et al.* )<br>(N.D.N.Y. No. 05-CV-00474) )  | Judge Patti B. Saris |

[Caption Continues on Next Page]


**DEFENDANTS'[1] JOINT RECOMMENDATION ON CERTIFICATION OF NEW YORK STATE LAW QUESTIONS CONCERNING THEIR MOTION TO DISMISS (1) THE CONSOLIDATED  COMPLAINT OF THE CITY OF NEW YORK AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

---

[1] Each defendant has joined in this document only as to those cases in which the defendant is a party.  Defendants included herein reserve all rights to move to dismiss the Consolidated Complaint and the Nassau County Second Amended Complaint on the basis of improper jurisdiction.

\ \ \ NY - 58559/0059 - 945541 v1

*County of Saratoga v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00478)                                  )
*County of Columbia v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00867)                                  )
*Essex County v. Abbott Labs, et al.*                       )
(N.D.N.Y. No. 05-CV-00878)                                  )
*County of Chenango v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00354)                                  )
*County of Broome v. Abbott Labs, et al.*                   )
(N.D.N.Y. No. 05-CV-00456)                                  )
*County of Onondaga v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00088)                                  )
*County of Tompkins v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00397)                                  )
*County of Cayuga v. Abbott Labs, et al.*                   )
(N.D.N.Y. No. 05-CV-00423)                                  )
*County of Madison v. Abbott Labs, et al.*                  )
(N.D.N.Y. No. 05-CV-00714)                                  )
*County of Cortland v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00881)                                  )
*County of Herkimer v. Abbott Labs, et al.*                 )
(N.D.N.Y. No. 05-CV-00415)                                  )
*County of Oneida v. Abbott Labs, et al.*                   )
(N.D.N.Y. No. 05-CV-00489)                                  )
*County of Fulton v. Abbott Labs, et al.*                   )
(N.D.N.Y. No. 05-CV-00519)                                  )
*County of St. Lawrence v. Abbott Labs, et al.*)
(N.D.N.Y. No. 05-CV-00479)                                  )
*County of Jefferson v. Abbott Labs, et al.*                )
(N.D.N.Y. No. 05-CV-00715)                                  )
*County of Lewis v. Abbott Labs, et al.*                    )
(N.D.N.Y. No. 05-CV-00839)                                  )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204)                                  )
*County of Allegany v. Abbott Labs, et al.*                 )
(W.D.N.Y. No. 05-CV-06231)                                  )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242)                                  )
*County of Genesee v. Abbott Labs, et al.*                  )
(W.D.N.Y. No. 05-CV-06206)                                  )
*County of Wayne v. Abbott Labs, et al.*                    )
(W.D.N.Y. No. 05-CV-06138)                                  )
*County of Monroe v. Abbott Labs, et al.*                   )
(W.D.N.Y. No. 05-CV-06148)                                  )
*County of Yates v. Abbott Labs, et al.*                    )
(W.D.N.Y. No. 05-CV-06172)                                  )

[Caption Continues on Next Page]

| | |
|---|---|
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

Preliminary Statement

On Friday, June 16, 2006, at the oral argument of defendants' motions to dismiss the Consolidated Complaint of the City of New York and other New York counties and the Second Amended Complaint of Nassau County -- (all plaintiffs are collectively referred to as the "Counties") -- the Court inquired of the parties whether it should certify certain questions of New York state law raised by the motions to the New York Court of Appeals or request an *amicus curiae* brief on such questions from the New York Attorney General's office.  6/16/06 Tr. at 7-8.  The Court asked the parties to "think about that, and I'll probably ask for comment on it after you've consulted with your clients . . . ." *Id*. at 8.

Defendants respectfully submit that if this Court would like guidance on questions of New York law, it should follow the certification route and should not request a brief from the New York Attorney General's Office. The Attorney General has a conflict of interest because he is adverse to certain defendants herein on some of the same questions of law in parallel state court proceedings.

Background

The Court identified three "statutory" areas of New York State law on which it might desire guidance from the State's highest court or its Attorney General's office:

(1)     Whether the "on behalf of others" clause in New York Social Services Law § 145-b refers to obtaining public funds or the making of a false statement;

(2)     Whether the Counties lack standing to sue under N.Y. General Business Law § 349 because they can claim only to have been harmed indirectly within the meaning of the New York Court of Appeals' decision in *Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris, USA*  3 N.Y.3d 200, 785 N.Y.S.2d 399 (2004) ("*BCBSNJ*");

(3)     Whether there is any basis to imply rights of actions in favor of the Counties under the statutes and administrative regulations pled in the Consolidated Complaint and the Nassau County Second Amended Complaint.   6/16/06 Tr. at 74

<u>Argument</u>

I.     <u>CERTIFICATION IS MORE APPROPRIATE THAN AN AMICUS BRIEF</u>

As this Court is aware, the first question above, concerning N.Y. Soc. Sec. Law § 145-b, is of equal application to the claims of New York State in its lawsuits against three of the defendants herein that are being prosecuted by the New York Attorney General's Office: *People of the State of New York v. Pharmacia,* Civ. Action No. 05-12496-PBS, *People of the State of New York v. Aventis Pharmaceuticals, Inc.,* Civ. Action No. 05-12497-PBS, and *People of the State of New York v. GlaxoSmithKline, P.L.C. et al.,* Civ. Action No. 05-12498-PBS *remanded to state court in In re Pharma, Indus. Average Wholesale Price Litig.*, March 13, 2006 Memorandum and Order.   Thus, the New York Attorney General's view on the statute is preordained and cannot be objective.   A court should not request a brief *amicus curiae* from someone whose point of view is known and is likely to mimic that of an existing, competently-represented litigant.   *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

On the other hand, the New York Court of Appeals, as the State's highest court, is in the best position to give not only an unbiased, but an authoritative interpretation of the statute to this Court <u>and</u> the New York state courts presently grappling with the same issue.   State trial courts in Albany, Erie, Schenectady and Oswego counties in which "AWP suits" involving New York Medicaid are filed have applied, or will be applying, the same statute and thus judicial efficiency would be greatly enhanced by an early pronouncement on Section 145-b from the Court of Appeals.

Moreover, since the New York Court of Appeals issued the *BCBSNJ* decision, it is in the best position to answer the second question set forth above, which calls for an interpretation of the scope of that decision.

Finally, defendants respectfully submit that the third question must be answered in the negative under existing precedent and that neither certification to the New York Court of Appeals nor an amicus brief from any state official is necessary.  There can be no doubt, however, that the New York Court of Appeals has authority to resolve that question as well.

II.     **Procedure For Certification To The New York Court of Appeals**

Under the New York State Constitution, Article 6, § 3(b)(9) and Section 500.27 of the New York Court of Appeals Rules of Practice, questions certified to the Court of Appeals must come from the U.S. Supreme Court, a federal circuit court of appeals or the highest court of another state.  Thus, where a federal district court wishes to certify a question of New York State Law, the regular practice is for the court to employ Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) to bring the question to the federal appellate court, which in turn performs the certification to the New York Court of Appeals.[2]

Defendants believe that this Court should, therefore, decide the pending motions relating to the Consolidated Complaint and the Nassau SAC – including but not limited to the above questions.  Thereafter, if the entire case has not been dismissed and the Court still would like guidance on any or all of the questions, it may certify any or all of them under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) to the United States Court of Appeals for the First Judicial

---

[2] See Advisory Group to the New York State and Federal Judicial Council, *Practice Handbook on Certification of State Law Questions By the United States Court of Appeals for the Second Circuit to the New York State Court of Appeals* at 6-7 (2nd edition Feb. 1, 2006) (Annexed hereto as Exhibit A).

Circuit, which has the authority, under New York State law, to certify the questions to the New York Court of Appeals.

## Conclusion

For the foregoing reasons, to the extent that this Court seeks guidance on questions of New York law, it should adopt the certification route and should not request a brief from the New York Attorney General's Office.

Dated:  Boston, Massachusetts
        June 28, 2006

Respectfully Submitted,

ON BEHALF OF ALL DEFENDANTS
SERVED IN ACCORDANCE WITH FRCP. 4
OR WHO HAVE WAIVED SERVICE

By:  /s/ Jacob T. Elberg
Thomas E. Dwyer (BBO No. 139660)
Jacob T. Elberg (BBO No. 657469)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jelberg@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3640

Attorneys for Defendant Bristol-Myers Squibb Company

**CERTIFICATE OF SERVICE**

     I, Lyndon M. Tretter, hereby certify that on June 28, 2006, pursuant to Paragraph 11 of Case Management Order No. 2, I have caused to be served on all counsel of record a true and correct copy of the foregoing document by electronic service, by sending a copy of same to Lexis/Nexis File and Serve for posting and notification to all parties.

                                                            /s/ Lyndon M. Tretter
                                                              Lyndon M. Tretter