# PRACTICE HANDBOOK ON CERTIFICATION OF STATE LAW QUESTIONS BY THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT TO THE NEW YORK STATE COURT OF APPEALS

## ADVISORY GROUP TO THE NEW YORK STATE AND FEDERAL JUDICIAL COUNCIL

Second Edition
February 1, 2006

©2006 Advisory Group to the New York State and Federal Judicial Council
All Rights Reserved

## Foreword

Federal courts are sometimes called upon to make decisions on issues that cannot be resolved fully without the determination of questions of state constitutional, common, or statutory law.  This task is straightforward when the rule of decision has been articulated by that state's highest court.  But often there is no authoritative state court decision clearly on point.

In 1986, New York joined a growing number of states that allowed questions of state law arising in cases pending in another jurisdiction to be certified to the state's highest court for resolution.  The New York Court of Appeals is authorized, but not required, to consider and decide questions of New York state law certified by certain other courts.

Twenty years have passed since the certification procedure was adopted, and its results have met with enthusiastic approval.  Some practitioners, however, remain unaware of how the procedure operates and when it may be invoked.  For example, not all practitioners are aware that state law questions in cases reaching the U.S. Supreme Court or federal courts of appeal by way of 28 U.S.C. §1292(b) or Federal Rule of Civil Procedure 54(b) may be certified, so that such questions may be decided by the New York Court of Appeals prior to the time that the entire case has reached the stage of judgment in the district court.  This is a revised edition of the Practice Handbook, which was developed by the Advisory Group to the New York State and Federal Judicial Council and originally published in 2000, to provide readily accessible guidance to attorneys litigating within the United States Court of Appeals for the Second Circuit faced with the possibility that their clients may wish, or other parties may ask, the federal court to refer state law issues to the New York Court of Appeals for determination, or that the Second Circuit may certify state law questions *sua sponte*.

We wish to thank Stuart Cohen, Clerk of the New York Court of Appeals, and his staff, and Roseann B. MacKechnie, Clerk of the Second Circuit Court of Appeals, and her staff, for their kind assistance in the preparation of this Handbook.

We also wish to thank Counsel Press for generously agreeing to print the original Handbook free of charge, and now again printing this Second Edition free of charge, for the benefit of the Courts and practitioners.

i

**ADVISORY GROUP TO THE STATE
AND FEDERAL JUDICIAL COUNCIL
MARTIN GLENN AND
MARILYN C. KUNSTLER, CO-CHAIRS**

Jacob Aschkenasy*
Hon. Evelyn L. Braun
Joseph R. Brennan
Zachary Carter
Michael A. Cooper
Evan A. Davis
Hon. Laura E. Drager
Hon. Dorothy D.T. Eisenberg
Ira M. Feinberg
Daniel L. Feldman
Margaret J. Gillis
James C. Gocker
David M. Gouldin
Henry M. Greenberg
Stephen D. Hoffman
Barry M. Kamins
Hon. Howard A. Levine
Hon. George H. Lowe
Hon. Bernard J. Malone, Jr.
Roslynn R. Mauskopf
Mary Elizabeth McGarry**
Lisa A. Peebles
Sharon M. Porcellio
Anthony L. Ricco
David Schraver
Guy Miller Struve
Stuart A. Summit*
William M. Tendy, Jr.
Hon. Randolph F. Treece
Bradley E. Tyler
G. Robert Witmer, Jr.
Karyn Yaffe

**Chair, Subcommittee on Certification of Questions
*Member, Subcommittee on Certification of Questions

ii

## Background

New York, like the vast majority of states, has adopted a procedure by which courts from outside the state court system may seek from the New York Court of Appeals the answers to New York state law questions at issue in litigation before them. This development was made possible by a 1985 amendment to the New York State Constitution[1] and subsequent adoption of a rule of practice by the Court of Appeals, which became effective on January 1, 1986. That rule was renumbered and slightly revised, effective September 1, 2005.

Under the Constitution and §500.27(a) of the New York Court of Appeals Rules of Practice, the Court of Appeals will consider questions certified by the highest court of another state, a federal circuit court of appeals, or the United States Supreme Court. New York is thus unlike most other jurisdictions that will accept questions certified by United States district courts,[2] and unlike some jurisdictions that will accept questions certified by any federal court.[3]

_____

[1]   New York State Constitution Article 6, §3(b)(9) provides:

> The court of appeals shall adopt and from time to time may amend a rule to permit the court to answer questions of New York law certified to it by the Supreme Court of the United States, a court of appeals of the United States or an appellate court of last resort of another state, which may be determinative of the cause then pending in the certifying court and which in the opinion of the certifying court are not controlled by precedent in the decisions of the courts of New York.

[2]   Forty-eight states, the District of Columbia and Puerto Rico allow certification from the U.S. Supreme Court and any U.S. court of appeals. In 36 of these jurisdictions, any U.S. district court may certify questions, as well. Indeed, as a general matter, outside New York, "more questions are answered from district courts than circuit courts." Jona Goldschmidt, _Certification of Questions of Law: Federalism in Practice_, published by the American Judicature Society (1995), at 34.

[3]   Seventeen jurisdictions permit certifications from any federal court, and thus will accept questions certified by, for example, bankruptcy courts and the U.S. Court of Claims.

2

Between 1986, the first year that certification was possible, and the end of 2005, the Court of Appeals received 71 certifications and issued a prompt response in every instance, accepting 66 of the certifications.[4]  All but two of those, a question certified by the Eleventh Circuit that the Court of Appeals answered in 1999, and a question certified by the Third Circuit that the Court of Appeals answered in 2003, were sent by the Second Circuit.  The number of certifications has ranged from a low of 1 in 1986 to a high of 10 in 1998.  Over the last five years, the Court of Appeals on average has accepted approximately five certifications annually.

---

[4]     A list of the cases in which certifications were sent to the New York Court of Appeals and their subsequent history appears at Appendix A hereto.

## Procedures for Certification in
## the Second Circuit Court of Appeals

Section 0.27 of the Second Circuit's Local Rules Relating to the Organization of the Court provides for the certification by that Court to the highest court of a state unsettled and significant questions of state law that will control the outcome of a federal case.[5]  Questions of state law may be certified either by the Court *sua sponte* or on request of any party.

*Sua Sponte* Certification.  When the certification is made *sua sponte*, it occurs after briefs and appendices have been filed and oral argument has been heard on the merits of the appeal.  After the Court certifies questions, it retains jurisdiction to entertain a motion to amend or withdraw the questions.  A party may file a motion with the Court for such purpose in accordance with FRAP 27(a).  Such motion will be decided by the panel that certified the questions.

Certification on Request By a Party.  The Second Circuit also may certify questions at the request of any party.  A party may either file a motion requesting the Second Circuit to certify questions of state law, or include such a request in its appellate brief.

Motions for Certification.  Motions to certify questions of state law may be filed with the Clerk of the Court any time after the notice of appeal has been filed, pursuant to §0.27 of the Local Rules Relating to the Organization of the Court.  The movant may propose the questions in the moving papers.  When a motion to certify questions of state law is filed *before the briefing* of the appeal, the motion should be filed as any other

---

[5]    Local Rule 0.27 provides:

Where authorized by state law, this Court may certify to the highest court of a state an unsettled and significant question of state law that will control the outcome of a case pending before this Court.  Such certification may be made by this Court *sua sponte* or on motion of a party filed with the clerk of this Court.  Certification will be in accordance with the procedures provided by the state's legislature or highest state court rules, *e.g.*, Conn. Public Act No. 85-111; New York Court of Appeals Rule [500.27].  Certification may stay the proceedings in this Court pending the state court's decision whether to accept the certification and its decision of the certified question.

motion.  It is the practice of the motions panel to refer the motion to the panel that will hear the merits of the appeal, and the motion then will be decided by the latter panel after full briefing and oral argument on the merits.  However, if the party wishes the motion to certify to be decided by the motions panel in advance of briefing and argument on the merits, it may so request (although the motions panel will not necessarily grant the request) and should include in its papers a statement alerting the motions panel to the reasons why the motion to certify should be heard prior to the full briefing of the appeal.  Although oral argument is not required, it is the practice of the Second Circuit to grant oral argument on the motion for certification of questions if requested, and such motion will be heard on a Tuesday together with all other scheduled motions, if the motions panel agrees to hear rather than refer the motion.  When the motion to certify questions of state law is filed *after the briefing* of the appeal, it automatically will be referred to the panel hearing the merits of the appeal and argument thereon will be consolidated with the argument on the merits.  Motions to certify sometimes are made *after oral argument* on the merits of the appeal, in which case they are referred to the panel that heard the argument.  Oral argument on a motion to certify is never allowed if the motion was not made until after argument on the merits.  In all cases, the opposition to a motion to certify must be filed as any other motion and any response will be due within the usual time for any other motion, unless shortened or extended by the Court.  *See* FRAP 27(a)(3).

    Stay Pending Decision on Certification.  When certification of questions is sought prior to the briefing of the appeal, any party may file a separate motion for a stay of the briefing schedule pending the determination of the motion for certification.  When making such a stay motion, the movant should cross-reference the motion for certification and give any other reasons for seeking the stay.  Alternatively, and only if all parties agree, for cases subject to the Civil Appeals Management Plan, *i.e.,* civil cases in which all parties are represented by counsel, in lieu of filing a motion for a stay of the briefing schedule the parties may request an extended briefing schedule from staff counsel at the time of the pre-argument conference,[6] stating that the reason an extended schedule is requested is that a motion for certification has been, or shortly will be filed.

---

[6]    *See* Section 5 of Part C (Civil Appeals Management Plan) of the Second Circuit Appendix to the Federal Rules of Appellate Procedure.

Suggestion for Certification in Appeal Brief. In lieu of filing a separate motion for certification as described above, the party seeking certification may include in its brief on the merits of the appeal the suggestion that questions be certified.

Once Certification is Granted. If certification is granted, the Second Circuit issues an opinion containing the questions it requests the Court of Appeals answer, which opinion the Clerk of the Second Circuit sends to the Clerk of the Court of Appeals. The Second Circuit may use questions as submitted by a party, modify or restate those questions, or draft the questions itself. *See* discussion at pp. 8-9, *infra*, of how questions should be framed to maximize the chance that the Court of Appeals will accept them. The Second Circuit Clerk's office also will copy the entire appellate record, which may include an appendix containing relevant portions of the district court record, and send it to the Clerk of the Court of Appeals.[7] Once the certification opinion is sent to the Court of Appeals, that Court decides whether to accept the questions. *See* Procedures for Responding to Certifications in the New York Court of Appeals, below.

Settlement Prior to Action by the State Court. If a civil case is settled following certification, but before the Court of Appeals decides the questions, the parties should notify the Second Circuit, which will then enter an order dismissing the appeal in the Second Circuit and withdrawing the certification to the Court of Appeals.

Once Questions Are Answered By the State Court. When the Court of Appeals issues its opinion deciding the questions, it sends the opinion to the Second Circuit and the parties. Prior to its final determination of the appeal, the Second Circuit, *sua sponte* or on request of any party, may request additional briefing on the merits in light of the Court of Appeals' answers.

---

[7]  Generally, the entire record is not sent to the Second Circuit, but instead is retained in the district court. In lieu of sending the complete record, the district court clerk will provide an index of the record to the Second Circuit.

## State Law Questions
## Before U.S. District Courts

As noted above, under New York constitutional and state law, the Court of Appeals may not consider certified questions directly from United States district courts.  Federal procedural law, however, specifically 28 U.S.C. §1292(b)[8] and Federal Rule of Civil Procedure 54(b),[9] provide mechanisms whereby state law questions before a district court may, in appropriate circumstances, reach a U.S. federal appeals court including the U.S. Supreme Court, which may, in turn, generate questions certified to the Court of Appeals.

Appeal Pursuant to 28 U.S.C. §1292.  Under §1292(b), a party may seek an interlocutory appeal of a district court order where the movant establishes that the challenged order "(1) involves a controlling question of law, (2) about which there

---

[8]     28 U.S.C. §1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That [sic] application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

[9]     Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

is a substantial ground for difference of opinion, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation." *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 395 (E.D.N.Y. 2003), citing *Nat'l Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999). The district court must find and certify to the circuit court that these prerequisites are met, and the circuit court may then exercise its discretion to review the order subject to the interlocutory appeal. Once the circuit court accepts the interlocutory appeal, questions can be certified in the traditional manner, assuming they meet all other requirements. *See, e.g., Landoil Res. Corp. v. Alexander & Alexander*, 77 N.Y.2d 28 (1990) (answering certified question by the Second Circuit considering a §1292(b) appeal).

Appeal Pursuant to FRCP 54(b). A final judgment adjudicating fewer than all of the claims in an action can also be appealed to the circuit court in specific circumstances. Pursuant to FRCP 54(b), where a district court makes a final judgment in regard to at least one claim or party, the partial final judgment may be appealed to the circuit court while the district court adjudicates the remaining issues. For a judgment to be final under Rule 54(b), "(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Group, Inc.* 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis in original). Given the high standard for entry of judgment under FRCP 54(b), the Rule has somewhat limited use in certifying questions to the Court of Appeals. However, once a partial final judgment is entered pursuant to FRCP 54(b) and appealed, the circuit court may finally certify questions to the Court of Appeals. *See, e.g., Baker v. Health Management Systems, Inc.*, 98 N.Y.2d 80 (2002) (answering certified question by the Second Circuit considering a FRCP 54(b) appeal).

## Procedures for Responding to Certifications
## in the New York Court of Appeals

The state court side of the certification procedure is governed by §500.27 of the Court of Appeals Rules of Practice.[10] Section 500.27(a) explains that certification to the Court of Appeals is appropriate when "determinative questions of New York law are involved . . . for which no controlling precedent of the Court of Appeals exists . . . ." The Court of Appeals' involvement commences when the certification from the certifying court is received by the Clerk of the Court of Appeals.

Certification. The Second Circuit will state the questions to which it seeks answers from the Court of Appeals. The questions should properly be framed to satisfy the criteria of N.Y. Const. Art. 6, §3(b)(9) and Rule of Practice §500.27(a). In the past, the Court of Appeals has declined to answer some or all of the questions certified in a case for the following reasons:

- The question posed "is not likely to be dispositive of the [underlying] matter." *Yesil v. Reno*, 92 N.Y.2d 455, 457 (1998) (per curiam).

- There had already been a "lengthy delay in adjudication of" the claims, especially if the claims require prompt resolution. *See Tunick v. Safir*, 94 N.Y.2d 709, 711 (2000) (per curiam).   In *Tunick*, a civil rights action, the Court of Appeals declined to answer the question certified "in the mutual interest of expeditious resolution of the preliminary injunction/prior restraint issue." *Id.*

- The action "presents a fact pattern that would most likely not arise in any State court proceeding." *Yesil*, 92 N.Y.2d at 457; *see also Grabois v. Jones*, 88 N.Y.2d 254, 255 (1996) (per curiam) ("the likely rarity of any recurrence of this issue" mitigates against acceptance).

- The question has a "theoretical quality," is "[a]bstract" or "overly generalized." *Yesil*, 92 N.Y.2d at 457.

---

[10]   The full text of §500.27 is reproduced at Appendix B hereto. It became effective September 1, 2005, replacing §500.17, with only minor modifications to the prior version of the rule.

- The issue may be "more appropriate for resolution in the first instance by the Federal courts." *Grabois*, 88 N.Y.2d at 255.

- Because the parties, being *pro se* or lacking a real interest in the matter as "mere stakeholders," are not expected by the Court to give much assistance in deciding the issue. *See id.*

- The parties "did not raise, brief or argue [the] State constitutional issue" posed by the circuit court. *Tunick*, 94 N.Y.2d at 711.

- Because the question calls for the "application of existing principles of law to the facts." *Liriano v. Hobart Corp.*, 92 N.Y. 2d 232, 236 (1998) (answering one part of a certified question but declining to answer the second part of it).

- The questions tendered were answered in a recent New York Supreme Court order being reviewed by the Appellate Division and thus "[in] the circumstances, it is unquestionably preferable in the resolution of significant State law issues to secure the benefit afforded by our normal process -- the considered deliberation and writing of our intermediate appellate court in a pending litigation." *Rufino v. United States*, 69 N.Y.2d 310, 312 (1987) (per curiam).

- Both parties agreed, after certification, how the question should be answered. *See Gelb v. Board of Elections*, 96 N.Y.2d 748, 749 (2001).

The Court of Appeals also has reframed questions it agreed to answer.  In *Wildenstein & Co. v. Wallis*, 79 N.Y.2d 641 (1992), the Court declined to answer pure questions of law divorced from the facts of the particular case, *e.g.*, "Does the New York Rule Against Perpetuities apply to preemptive rights and future consignment interests in personal property," *id.* at 644, and gave only case-specific answers, "Wildenstein's preemptive and exclusive consignment interests . . . are not subject to the Rule Against Perpetuities." *Id.* at 651. *See also In re Southeast Banking Corp.*, 93 N.Y.2d 178 (1999) (because the Eleventh Circuit's question as framed did not call for an affirmative or negative response, *i.e.*, "[w]hat, if any, language does New York law require . . .," the Court of Appeals responded by adopting a "general framework" for the resolution of the issue).

<u>Supporting or Objecting to Acceptance of Certification</u>.  In deciding whether to accept certified questions, the Court of Appeals typically relies only upon what it receives from the certifying court.  There is no procedure for making a motion in

the Court of Appeals for acceptance or rejection of a certification. On occasion, however, parties have sent letters to the Court arguing why the Court should or should not agree to answer the certified questions, and the Court will consider these if received before its conference on the certification (*see* below).

Judges' Conference. Once a certification is received, the Office of the Clerk of the Court ("Clerk's Office") will assign the certification to one of the judges of the Court of Appeals as the reporting judge. The reporting judge prepares a memorandum for the other judges, and the certification is then discussed in a conference at which the Court will decide whether to accept or reject it.

Requests for Expedited Resolution. Although the average time from the Court of Appeals' receipt of a request to answer certified questions to its determination of whether to accept is only 38 days, and the average time from the Court's decision to accept certified questions to its issuance of an opinion is only seven months, one of the concerns parties have expressed about the certification procedure is that it adds to the length of time for final resolution of the appeal. While certified questions are calendared as expeditiously as possible, a party seeking a preference should advise the Court as soon as practical of that need by letter to the Clerk of the Court, with proof of service of one copy on each other party. The letter should state why a preference is needed, why alternative remedies, such as submission without argument, are not appropriate, and opposing counsel's position on the request.

Clerk's Notification to Attorney General's Office. Pursuant to §500.27(f) of the Court of Appeals Rules of Practice and Executive Law §71, if a certification involves the "constitutionality of an act of the Legislature of this state" and neither the State nor an agency thereof is a party to the action, the Clerk's Office will notify the Attorney General. Executive Law §71 states that "the attorney-general shall be permitted to appear . . . in support of the constitutionality of such statute."

If Certification Rejected. If the Court of Appeals declines to accept the certification it will so notify the certifying court and the parties. The Court may explain in its order the reasons why it declined to answer the questions. *See, e.g., Tunick v. Safir*, 94 N.Y.2d 709 (2000) (per curiam); *see also Gelb v. Board of Elections*, 96 N.Y.2d 748 (2001) (per curiam) (although the Court initially accepted the question for review, the parties later agreed on the answer to the question and therefore it declined to answer the question for lack of a live controversy).

If Certification Accepted.  If the Court of Appeals agrees to accept the certification it will either answer the questions as drafted by the certifying court or, on occasion, rewrite the questions after it receives the parties' briefs.  *See, e.g., Wildenstein & Co. v. Wallis*, 79 N.Y.2d 641 (1992).  The Court of Appeals prefers that the certification include the following language, frequently used by the Second Circuit, *see, e.g., Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 81-82 (2d Cir. 2000):

> Although we certify to the Court of Appeals the questions as framed above, we also wish to make clear that we have no desire to restrict the Court of Appeals' consideration of any state law issues it might wish to resolve in connection with this appeal.  Therefore, though our immediate request is for answers to the questions as framed, we would welcome any guidance the Court of Appeals may care to provide with respect to any state law issues presented by this appeal.

Once the certification is accepted, the following procedures then are followed:

Notification to Certifying Court and Parties:  The Court of Appeals will instruct the Clerk to notify the certifying court that it has accepted the certification.  The Court also will instruct the Clerk to advise the parties of the schedule for briefing that it has set and to calendar argument on the certified questions on notice to the parties.

Briefing.  The parties will submit opening, opposition and reply briefs on the certified questions according to the schedule set by the Court of Appeals, which will be communicated by the Clerk's Office.  The order of briefing will be set forth in the schedule and will not depend on the parties' status as plaintiff/defendant or appellant/appellee in the federal action. The party who supports an affirmative answer to the question usually will be directed to file the opening and reply briefs and the party who supports a negative answer usually will be directed to file the opposition brief.  The caption on these briefs should be the same as the caption in the certifying court, with the exception that in the Court of Appeals the "appellee" is referred to as the "respondent".  The same procedures and form requirements apply to these papers as apply to appeals from the lower New York courts, with the exception that a §500.9 Preliminary Appeal Statement is not required for certified questions.

Appendix.  While the rules do not require that an appendix be filed with the Court of Appeals, it is the Court's strong preference that the

appellant prepare an appendix for the Court of Appeals, which should include all court orders and any documents from the record that are relevant to the questions of New York law to be answered. The Clerk advises the appellant of this preference. If an appendix for the Court of Appeals is not going to be prepared, the Court requests the submission of a copy of the Second Circuit appendix.

Argument. It is the practice of the Court of Appeals to grant oral argument whenever requested by any party, and this practice applies equally to certified questions. The usual rules for requesting oral argument apply. The Clerk will notify the parties of the date of argument and time allotted each party.

Decision By Court of Appeals. Section 500.27(g) provides that "[w]hen a determination is rendered by the Court with respect to the questions certified, it shall be sent by the clerk of the Court to the certifying court." It is the practice of the Clerk's Office to send copies of the Court of Appeals' decision directly to the parties. The Clerk's Office then will return to the certifying court that court's record. *See* Procedures for Certification in the Second Court of Appeals, *supra*, for discussion of procedure upon receipt of answers. Although a party may seek reconsideration of the Court of Appeals' answer to certified questions as with other decisions of that Court, a party has no right to seek review of the Court of Appeals' decision by the United States Supreme Court.

Appendix A

The cases in which certifications were sent to the New York Court of Appeals from 1986, when the certification procedure became effective, through 2005, and their subsequent history where available, are as follows:

*Kidney v. Kolmar Labs., Inc.*, No. 86-7194 (2d Cir. July 7, 1986); 68 N.Y.2d 343 (1986); 808 F.2d 955 (2d Cir. 1987).

*Rufino v. United States*, No. 86-6175 (2d Cir. Jan. 21, 1987); 69 N.Y.2d 310 (1987) (certification declined); 829 F.2d 354 (2d Cir. 1987).

*Loengard v. Santa Fe Indus., Inc.*, No. 86-7682 (2d Cir. Jan. 28, 1987); 70 N.Y.2d 262 (1987).

*Retail Software Servs., Inc. v. Lashlee*, 838 F.2d 661 (2d Cir. 1988); 71 N.Y.2d 788 (1988) (certification declined); 854 F.2d 18 (2d Cir. 1988).

*Home Ins. Co. v. Am. Home Prods. Corp.*, 873 F.2d 520 (2d Cir. 1989); 75 N.Y.2d 196 (1990); 902 F.2d 1111 (2d Cir. 1990).

*Alexander & Alexander Servs., Inc. v. Lloyd's Syndicate 317*, 902 F.2d 165 (2d Cir. 1990); *sub nom Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28 (1990); *sub nom Alexander & Alexander Servs., Inc. v. Lloyd's Syndicate 317*, 925 F.2d 44 (2d Cir. 1990).

*Banque Worms v. BankAmerica Int'l*, No. 90-7106 (2d Cir. May 30, 1990); 77 N.Y.2d 362 (1991); 928 F.2d 538 (2d Cir. 1991).

*Ass'n of Surrogates & Supreme Court Reporters v. State of New York*, No. 90-9036 (2d Cir. Mar. 21, 1991); 78 N.Y.2d 143 (1991); 940 F.2d 766 (2d Cir. 1991).

*Wildenstein & Co., Inc. v. Wallis*, 949 F.2d 632 (2d Cir. 1991); 79 N.Y.2d 641 (1992); 983 F.2d 1047 (2d Cir. 1992).

*Unigard Sec. Ins. Co., Inc. v. N. River Ins. Co.*, 949 F.2d 630 (2d Cir. 1991); 79 N.Y.2d 576 (1992); 4 F.3d 1049 (2d Cir. 1993).

*Hertz Corp. v. City of N.Y.*, 967 F.2d 54 (2d Cir. 1992); 80 N.Y.2d 565 (1992); 1 F.3d 121 (2d Cir. 1993).

*Gonzales v. Armac Indus., Ltd.*, 970 F.2d 1123 (2d Cir. 1992); 81 N.Y.2d 1 (1993); 990 F.2d 729 (2d Cir. 1993).

*Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47 (2d Cir. 1992); 984 F.2d 69 (2d Cir. 1993) (certification withdrawn before decision by the Court of Appeals).

*Westinghouse Elec. Corp. v. N.Y.C. Transit Auth.*, 990 F.2d 76 (2d Cir. 1993); 82 N.Y.2d 47 (1993); 14 F.3d 818 (2d Cir. 1994).

*Longway v. Jefferson County Bd. of Supervisors*, 995 F.2d 12 (2d Cir. 1993); 83 N.Y.2d 17 (1993); 24 F.3d 397 (2d Cir. 1994).

*Bocre Leasing Corp. v. Gen. Motors Corp.*, 20 F.3d 66 (2d Cir. 1994); 84 N.Y.2d 685 (1995).

2

*Madden v. Creative Servs., Inc.*, 24 F.3d 394 (2d Cir. 1994); 84 N.Y.2d 738 (1995); 51 F.3d 11 (2d Cir. 1995).

*Denny v. Ford Motor Co.*, 42 F.3d 106 (2d Cir. 1994); 87 N.Y.2d 248 (1995); 79 F.3d 12 (2d Cir. 1996).

*Consorti v. Owens-Corning Fiberglas Corp.*, 45 F.3d 48 (2d Cir. 1995); 86 N.Y.2d 449 (1995); *sub nom Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003 (2d Cir. 1995).

*West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*, 49 F.3d 48 (2d Cir. 1995); 87 N.Y.2d 148 (1995); 78 F.3d 61 (2d Cir. 1996).

*Fed. Home Loan Mortgage Corp. v. N.Y. State Div. of Housing Community Renewal*, No. 94-7677 (2d Cir. Apr. 28, 1995); 87 N.Y.2d 325 (1995); 83 F.3d 45 (2d Cir. 1996).

*Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 70 F.3d 720 (2d Cir. 1995); 88 N.Y.2d 347 (1996); 93 F.3d 63 (2d Cir. 1996).

*M.J.F.M. Kools v. Citibank, N.A.*, 73 F.3d 5 (2d Cir. 1995); No. 957209, 1996 WL 450776 (2d Cir. Aug. 5, 1996) (certification withdrawn before decision by the Court of Appeals).

*Grabois v. Jones*, 77 F.3d 574 (2d Cir. 1996); 88 N.Y.2d 254 (1996) (certification declined); 89 F.3d 97 (2d Cir.1996).

*Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 110 F.3d 6 (2d Cir. 1997); 92 N.Y.2d 458 (1998); 163 F.3d 153 (2d Cir. 1998).

*Ins. Co. of N. Am. v. ABB Power Generation Inc.*, 112 F.3d 70 (2d Cir. 1997); 91 N.Y.2d 180 (1997).

*Rooney v. Tyson*, 127 F.3d 295 (2d Cir. 1997); 91 N.Y.2d 685 (1998).

*Liriano v. Hobart Corp.*, 132 F.3d 124 (2d Cir. 1998); 92 N.Y.2d 232 (1998); 170 F.3d 264 (2d Cir. 1999).

*Joblon v. Solow*, 135 F.3d 261 (2d Cir. 1998); 91 N.Y.2d 457 (1998); 152 F.3d 55 (2d Cir. 1998).

*Royal Indem. Co. v. Providence Wash. Ins. Co.*, No. 97-7301 (2d Cir. Mar. 6, 1998); 92 N.Y.2d 653 (1998); 172 F.3d 38 (2d Cir. 1999).

*Great N. Ins. Co. v. Mount Vernon Fire Ins. Co.*, 143 F.3d 659 (2d Cir. 1998); 92 N.Y.2d 682 (1999); 170 F.3d 275 (2d Cir. 1999).

*Engel v. CBS, Inc.*, 145 F.3d 499 (2d Cir. 1998); 93 N.Y.2d 195 (1999); 182 F.3d 124 (2d Cir. 1999).

*Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v. Aegis Group PLC*, 150 F.3d 194 (2d Cir. 1998); 93 N.Y.2d 229 (1999); 186 F.3d 135 (2d Cir. 1999).

*Tanges v. Heidelberg N. Am., Inc.*, No. 97-9312 (2d Cir. July 17, 1998); 93 N.Y.2d 48 (1999); 173 F.3d 846 (2d Cir. 1999).

*Yesil v. Reno*, 172 F.3d 39 (2d Cir. 1998); 92 N.Y.2d 455 (1998) (certification declined); 175 F.3d 287 (2d Cir. 1999).

*Southeast Banking Corp. v. First Trust of N.Y.*, 156 F.3d 1114 (11th Cir. 1998); 93 N.Y.2d 178 (1999); 179 F.3d 1307 (11th Cir. 1999).

*Arg. v. Emery World Wide Delivery Corp.*, 161 F.3d 108 (2d Cir. 1998); 93 N.Y.2d 554 (1999); 188 F.3d 86 (2d Cir. 1999).

*Messenger v. Gruner + Jahr Printing & Publ'g*, 175 F.3d 262 (2d Cir. 1999); 94 N.Y.2d 436 (2000); 208 F.3d 122 (2d Cir. 2000).

*Tunick v. Safir*, 209 F.3d 67 (2d Cir. 2000); 94 N.Y.2d 709 (2000) (certification declined); 228 F.3d 135 (2d Cir. 2000).

*Green v. Montgomery*, 219 F.3d 52 (2d Cir. 2000); 95 N.Y.2d 693 (2001); 245 F.3d 142 (2d Cir. 2001).

*Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63 (2d Cir. 2000); 95 N.Y.2d 702 (2001); 245 F.3d 174 (2d Cir. 2001).

*Rangolan v. County of Nassau*, 217 F.3d 77 (2d Cir. 2000); 96 N.Y.2d 42 (2001).

*Hamilton v. Beretta U.S.A., Corp.*, 222 F.3d 36 (2d Cir. 2000); 96 N.Y.2d 222 (2001); 264 F.3d 21 (2d Cir. 2001).

*Gelb v. Bd. of Elections of City of N.Y.*, 224 F.3d 149 (2d Cir. 2000); 95 N.Y.2d 879 (2000); 96 N.Y.2d 748 (2001) (certification declined); 7 Fed. Appx. 97 (2d Cir. 2001).

*Darby v. Compagnie Nat'l*, 13 Fed. Appx. 37 (2d Cir. 2001); 96 N.Y.2d 343 (2001); 13 Fed. Appx. 37 (2001).

*Friends of Van Cortland Park v. City of N.Y.*, 232 F.3d 324 (2d. Cir. 2000); 95 N.Y.2d 623 (2001).

*Rosner v. Metro. Prop. and Liab. Ins. Co.*, 236 F.3d 96 (2d Cir. 2000); 96 N.Y.2d 475 (2001); 14 Fed. Appx. 123 (2001).

*Shaffer v. Schenectady*, 245 F.3d 41 (2d Cir. 2001); 96 N.Y.2d 271 (2001).

*Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001); 96 N.Y.2d 599 (2001); 274 F.3d 682 (2d Cir. 2001).

*Allstate Ins. Co. v. Serio*, 261 F.3d 143 (2d Cir. 2001); 98 N.Y.2d 198 (2002); 293 F.3d 95 (2d Cir. 2002).

*Baker v. Health Mgmt.*, 264 F.3d 144 (2d Cir. 2001); 98 N.Y.2d 80 (2002); 298 F.3d 146 (2d Cir. 2002).

4

*Murdza v. Zimmerman*, 292 F.3d 328 (2d Cir. 2002); 99 N.Y.2d 375 (2003); 59 Fed. Appx. 416 (2d Cir. 2003).

*Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 295 F.3d 256 (2d Cir. 2002); 99 N.Y.2d 476 (2003); 328 F.3d 703 (2d Cir. 2003).

*Mark A. Varrichio and Assocs. v. Chicago Ins. Co.*, 312 F.3d 544 (2d Cir. 2002); 328 F.3d 50 (2d Cir. 2003) (certification withdrawn); 100 N.Y.2d 527 (2003) (certification withdrawn).

*Golden v. Winjohn Taxi Corp.*, 311 F.3d 513 (2d Cir. 2002); 323 F.3d 185 (2d Cir. 2003) (certification withdrawn); 99 N.Y.2d 636 (2003) (certification withdrawn).

*Prats v. Port Authority*, 315 F.3d 146 (2d Cir. 2003); 100 N.Y.2d 878 (2003); 350 F.3d 58 (2d Cir. 2003).

*Marsh v. Prudential Sec. Inc.*, 1 N.Y.3d 146 (2003) (answering question from the Third Circuit).

*N.Y. Univ. v. First Fin. Ins. Co.*, 322 F.3d 750 (2d Cir. 2003); *sub nom First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64 (2003); *sub nom N.Y. Univ. v. First Fin. Ins. Co.*, 352 F.3d 653 (2d Cir. 2003).

*Carney v. Phillippone*, 332 F.3d 163 (2d Cir. 2003); 1 N.Y.3d 333 (2004); 368 F.3d 164 (2d Cir. 2004).

*Krohn v. N.Y. Police Dep't*, 341 F.3d 177 (2d Cir. 2003); 2 N.Y.3d 329 (2004); 372 F.3d 83 (2d Cir. 2004).

*Blue Cross and Blue Shield of N.J., Inc. v. Phillip Morris USA, Inc.*, 344 F.3d 211 (2d Cir. 2003); 3 N.Y.3d 200 (2004); *sub nom Empire Healthchoice, Inc. v. Philip Morris USA, Inc.*, 393 F.3d 312 (2d Cir. 2004).

*Nicholson v. Scoppetta*, 344 F.3d 154 (2d Cir. 2003); 3 N.Y.3d 357 (2004); 116 Fed. Appx. 313 (2d Cir. 2004).

*Carvel Corp. v. Noonan*, 350 F.3d 6 (2d Cir. 2003); 3 N.Y.3d 182 (2004).

*McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246 (2d Cir. 2004); 3 N.Y.3d 421 (2004); 409 F.3d 513 (2d Cir. 2005).

*U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102 (2d Cir. 2004); 3 N.Y.3d 592 (2004); 395 F.3d 24 (2d Cir. 2005).

*Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471 (2d Cir. 2004); 4 N.Y.3d 540 (2005).

*State Farm Mut. Auto. Ins. Co. v. Mallela*, 372 F.3d 500 (2d Cir. 2004); 4 N.Y.3d 313 (2005).

*Regatos v. North Fork Bank*, 396 F.3d 493 (2d Cir. 2005); 5 N.Y.3d 395 (2005); 431 F.3d 394 (2d Cir. 2005).

*Country Wide Ins. Co. v. Nat'l R.R. Passenger Corp.*, 407 F.3d 84 (2d Cir. 2005); 5 N.Y.3d 728 (2005) (argued on January 4, 2006).

*Stichting v. Schreiber*, 407 F.3d 34 (2d Cir. 2005); 421 F.3d 124 (2d Cir. 2005) (certification withdrawn); 5 N.Y.3d 820 (2005) (certification withdrawn).

*King v. Fox*, 418 F.3d 121 (2d Cir. 2005); 5 N.Y.3d 798 (2005).

Appendix B

# New York State Court of Appeals Rules of Practice

## §500.27 — Discretionary Proceedings to Review Certified Questions from Federal Courts and Other Courts of Last Resort

(a)  Whenever it appears to the Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals.

(b)  The certifying court shall prepare a certificate which shall contain the caption of the case, a statement of facts setting forth the nature of the case and the circumstances out of which the questions of New York law arise, and the questions of New York law, not controlled by precedent, that may be determinative, together with a statement as to why the issue should be addressed in the Court of Appeals at this time.

(c)  The certificate, certified by the clerk of the certifying court under its official seal, together with the original or a copy of all relevant portions of the record and other papers before the certifying court, as it may direct, shall be filed with the clerk of the Court.

(d)  The Court, on its own motion, shall examine the merits presented by the certified question, to determine, first, whether to accept the certification, and second, the review procedure to be followed in determining the merits.

(e)  If the certification is accepted, the clerk of the Court shall request any additional papers the Court requires for its review. The clerk of the Court shall notify the parties of the time periods for filing of briefs, if any, and calendaring of argument, if any, directed by the Court.

(f)  If the constitutionality of an act of the Legislature of this state is involved in a certification to which the State of New York or an agency is not a party, the clerk of the Court shall notify the Attorney General in accordance with the provisions of Executive Law § 71.

(g)  When a determination is rendered by the Court with respect to the questions certified, it shall be sent by the clerk of the Court to the certifying court.