UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE FOR OBFUSCATION OF DOCUMENTS AND DILATORY TACTICS**

I, Elizabeth A. Fegan, declare under penalty of perjury under the laws of the United States of America that:

1. I am one of the attorneys for Plaintiffs and have personal knowledge of the matters set forth therein.

2. Since the inception of this lawsuit, Plaintiffs have served all defendants, including Baxter, with various requests for production, including Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants.

3. Baxter initially produced 20,622 pages of documents previously produced to the government pursuant to CMO No. 5. These documents were bates stamped BAX MDL 0000001-0020622.

-1-

-2-

4. In 2005, Baxter produced an additional 26,634 pages of documents. 11,355 pages of those documents were contract-related documents identified by Plaintiffs' counsel after reviewing certain contract files at Baxter.

5. On November 8, 2005, Plaintiffs filed a Motion to Compel Production by Baxter. In response, Baxter's counsel, Merle DeLancey, contacted me and requested that Plaintiffs withdraw their Motion to Compel. In exchange, Baxter's counsel said that Baxter would agree to the submission of an agreement before the Court that Baxter would complete production by June 1, 2006 and that oral discovery could then be completed by August 30, 2006. I responded that this schedule was only feasible if Baxter produced on a rolling basis and as long as Baxter did not dump all of its production on Plaintiffs at the deadline making it impossible for Plaintiffs to review the documents in time to prepare for depositions. Baxter's counsel agreed and represented that he understood, that production would be made on a rolling basis and that it would not result in a dump of documents on the deadline.

6. Baxter made two productions post-discovery closure. The first was comprised of, *inter alia*, access to a remote Internet site housing 543,000 documents, according to Baxter's counsel Tina Reynolds. I estimate that each document is comprised of an average of four pages and make this estimate on good faith and based on my experience with Baxter's production and the relative size of the documents previously produced. Based on this good faith estimate, the on-line document repository likely contains in excess of 2,000,000 pages. Further, I believe that my estimate results in an underestimation of the total pages on the site. Then, between June 19 and 22, 2006, Baxter produced an additional three hard drives containing 689,155 pages. *See* letters dated June 19, 2006 and June 22, 2006, From Shamir Patel to Elizabeth A. Fegan

-3-

(enclosing three Hard Drives containing documents bates-stamped BAX MDL E 2962308-3386202, and BAX MDL S 0000001-0265261), Exhibit 28.

7. Attached are true and correct copies of the following Exhibits:

| | |
|---|---|
| 1 | Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject to Discovery, dated March 31, 2004. |
| 2 | April 27, 2004 e-mail from Sean Matt to Merle DeLancey. |
| 3 | May 26, 2004 letter from Sean Matt to Merle DeLancey. |
| 4 | Baxter International Inc. and Baxter Healthcare Corporation's Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories. |
| 5 | April 28, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 6 | May 11, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 7 | May 27, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 8 | June 3, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 9 | June 6, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 10 | June 17, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 11 | June 22, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 12 | June 27, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 13 | July 29, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 14 | September 30, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 15 | October 31, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |
| 16 | Plaintiffs' Motion to Compel Production by Baxter dated November 8, 2005. |
| 17 | November 8, 2005 letter from Elizabeth A. Fegan to Merle DeLancey. |

001534-16 115063 V1

| 18 | November 8, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
|---|---|
| 19 | November 15, 2005 letter from Elizabeth A Fegan to Merle DeLancey. |
| 20 | December 16, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 21 | December 23, 2005 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 22 | Letters dated January 19, 27, February 2, 10, 23, March 7, 10, 17, and 23, 2006 from various Baxter counsel at Dickstein Shapiro to Elizabeth A. Fegan. |
| 23 | E-mails dated March 17 and April 7, 2006 from Andrew Jackson to Elizabeth A. Fegan and E-mails dated March 17 and 28, 2006 from Elizabeth A. Fegan to Andrew Jackson. |
| 24 | May 11, 2006 letter from Tina Reynolds to Elizabeth A. Fegan. |
| 25 | May 26, 2006 letter from Merle DeLancey to Elizabeth A. Fegan. |
| 26 | May 30, 2006 letter from Tina Reynolds to Elizabeth A. Fegan. |
| 27 | June 1, 2006 letter from Shamir Patel to Elziabeth A. Fegan. |
| 28 | June 19, 2006 and June 22, 2006 letters from Shamir Patel to Elizabeth A. Fegan. |

8. Pursuant to Local Rule 7.1(a)(2), I have met and conferred on numerous occasions with Baxter's counsel by telephone and in writing in an attempt to narrow or resolve the issues surrounding the scope and content of Baxter's document production. These meet and confers are reflected in the exhibits attached hereto. Moreover, on June 27, 2006, I advised Baxter's counsel of Plaintiffs' intention to seek sanctions for Baxter's dilatory production of documents. Baxter did not consent to the imposition of sanctions as a result thereof. Accordingly, Plaintiffs' request is ripe for review.

Dated: June 28, 2006.                                             /s/ Elizabeth A. Fegan

-5-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Elizabeth A. Fegan, hereby certify that I am one of plaintiffs' attorneys and that, on June 28, 2006, I caused copies of **DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE FOR OBFUSCATION OF DOCUMENTS AND DILATORY TACTICS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      **/s/ Elizabeth A. Fegan**
      Elizabeth A. Fegan