# EXHIBIT 4



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

## BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the District Court for the District of Massachusetts, Case Management Order

("CMO") Nos. 5, 7, 10, and 11, and the Court's November 21, 2003 Bench ruling,

Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively,

"Baxter"), by their undersigned counsel, hereby object and respond to Plaintiffs'

Omnibus Requests for the Production of Documents ("Document Requests") and

Interrogatories, served on March 31, 2004, as follows:

## I.      PRELIMINARY STATEMENT

Preliminarily, Baxter states as follows:

1. By responding to these Document Requests and Interrogatories, Baxter

does not waive or intend to waive:  (a) any objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence, for any purpose, of any documents

or information produced in response to the Document Requests and/or Interrogatories;

1



(b) the right on any ground to the use of the documents or information produced in response to the Document Requests and/or Interrogatories at any hearing, trial, or other point during the litigation; or (c) the right to object on any ground at any time to a demand for further response to the Document Requests and/or Interrogatories.

2. By responding that it will produce documents responsive to a particular Document Request or information responsive to a particular Interrogatory, Baxter does not assert that it has responsive materials or that such materials exist, only that it will conduct a reasonable search and produce responsive, non-objectionable, non-privileged documents or information. No objection made herein, or lack thereof, is an admission by Baxter as to the existence or non-existence of any documents or information.

3. The responses made herein are based on Baxter's investigation to date of those sources within its control where it reasonably believes responsive documents or information may exist. Baxter intends to search employees "active" files and produce non-privileged, responsive documents therefrom. Active files include those hard copy and electronic files that have not been archived or placed in storage. Baxter does not know precise date ranges for active files and such ranges will vary from employee to employee.

4. Baxter is searching diligently for responsive data but is nonetheless in the early stages of its document collection and review process. Baxter will continue to negotiate with Plaintiffs in good faith to reach reasonable limits on the scope of production. Baxter reserves the right to amend or supplement these objections and responses consistent with said negotiations and in accordance with the applicable rules and Court orders.

2



5. The provision of information pursuant to these Document Requests and Interrogatories shall not be construed as a waiver of the confidentiality of any such information.

## II.   GENERAL OBJECTIONS

Baxter expressly incorporates all of the General Objections set forth below into each Response to the Document Requests and Interrogatories.  Any specific objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

### A.   GENERAL OBJECTIONS TO PLAINTIFFS' DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1. Baxter objects to Plaintiffs' "Definitions," "Rules of Construction," and "Instructions" to the extent they expand upon or alter Baxter's obligations under the Federal Rules of Civil Procedure, this Court's local rules, and this Court's prior rulings in this matter.  Baxter will comply with the Federal Rules of Civil Procedure, this Court's local rules, and this Court's prior rulings in this matter in providing its Answers and Objections to Plaintiffs' Requests and Interrogatories.

2. Baxter objects to the definitions of "Document," "All documents," "Defendant," "You," "Your," and "Person" as set forth in Definitions Nos. 1, 3-5, 8-14, and their various subsections, to the extent they seek to impose discovery obligations that are broader than, or inconsistent with, Baxter's obligations under the Federal Rules of Civil Procedure and this Court's local rules.  These definitions are overly broad, unduly burdensome, and vague because they seek the production of documents not in the control or custody of Baxter, require Baxter to search the files of third-parties, and

3



require Baxter to speculate concerning the identities of individuals and business entities included in these definitions.

3. Baxter objects to the definitions of "AWPID," "Covered Drugs," "All Classes," and "All Drugs," as set forth in Definition Nos. 8 and 13, and Part IV(3) of the "Drugs at Issue" definitions, to the extent that they seek information regarding drugs or therapies other than those drugs and therapies that are both manufactured by Baxter and listed in Appendix A of the AMCC. Additionally, Baxter objects to the use of the acronym "AWPID," which is defined in the Amended Master Consolidated Class Action Complaint as "AWP inflated Drugs" as argumentative, without factual foundation, and a legal conclusion. Use of this argumentative term is an attempt by Plaintiffs to circumvent their evidentiary burden: specifically, the question of whether any AWP for any drug at issue in this case has, in fact, been "inflated." Baxter similarly objects to the use of the argumentative acronym "AWPID" to define all NDCs for the relevant drugs, including NDCs not in the AMCC.

4. Baxter objects to the definition of "Government Investigation" as set forth in Definition No. 17 on the grounds that it is overly broad, vague and ambiguous. Baxter also objects to this definition's reference to investigations by the "Department of Health and Home Services" because, to Baxter's knowledge, no such governmental department exists. Baxter further objects to this definition's reference to investigations by the "Federal Trade Commission" as overly broad, unduly burdensome, and vexatious. Finally, Baxter objects to this definition's reference to investigations by "any other federal, state or local governmental entity without regard to time period" as vague, ambiguous, overly broad, unduly burdensome, and vexatious.

4



5.   Baxter objects to the definition of "Publisher" as set forth in Definition No. 32 as vague and ambiguous.  Baxter also objects to this definition as overly broad because it contains no time limitation.

6.   Baxter objects to the definition of "State the Basis" as set forth in Definition No. 34 on the grounds that it is overly broad because it contains no time limitation. Baxter also objects to this definition as unduly burdensome and vexatious to the extent it expands upon or alters Baxter's obligations under the Federal Rules of Civil Procedure and this Court's local rules.  Baxter will comply with the Federal Rules of Civil Procedure and this Court's local rules in providing Answers and Objections to Plaintiffs' Interrogatories.

7.   Baxter objects to Instruction No. 1 and the various subsections thereof, as vague, ambiguous, and unduly burdensome to the extent it requires Baxter to speculate about the existence of responsive information that may or may not exist in the possession of third parties.  Baxter also objects to this Instruction as inconsistent with the Federal Rules of Civil Procedure.

8.   Baxter objects to Instruction Nos. 2 and 5 to the extent they call for documents generated or assembled either prior to January 1, 1997 or after September 6, 2002, the date of the filing of the Master Consolidated Class Action Complaint, on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

9.   Baxter objects to Instruction No. 3 as inconsistent with the Federal Rules of Civil Procedure, this Court's local rules, the Federal Rules of Evidence, and federal case law to the extent it seeks to waive any objection not made in Baxter's Answers and Objections to Plaintiffs' Document Requests and Interrogatories.

1775619 v1; 1222R011.DOC



10. Baxter objects to Instruction No. 6 to the extent it demands that when redacting a document for privilege, Baxter must stamp the word "redacted" on each page of the document on the ground that it is unduly burdensome.

11. Baxter objects to Instruction No. 8 to the extent that it requires production of original documents on the ground that it is inconsistent with the Federal Rules of Civil Procedure.

12. Baxter objects to Instruction No. 9 to the extent that it demands that all documents be produced in the original file folders, envelopes, or other containers in which the documents are kept by Baxter.  Baxter will use reasonable efforts to produce copies of all labels or other identifying marks on such original file folders, envelopes or other containers.

13. Baxter objects to Instruction No. 10 to the extent it imposes duties and obligations on Baxter beyond those imposed by the Federal Rules of Civil Procedure.

14. Baxter objects to Instruction No. 12 on the ground that it is unduly burdensome.  Baxter further objects to Instruction No. 12 to the extent that it is internally inconsistent and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, Baxter's obligations under the Federal Rules of Civil Procedure and CMO No. 10.  Baxter also objects to Instruction No. 12 to the extent that it calls upon Baxter to create narratives of data, translate data, produce documents in a particular form or format, or otherwise compile or evaluate data on the grounds that such efforts are unduly burdensome and can be performed just as easily by Plaintiffs.  Baxter further objects to this Instruction on the grounds that it requires or seeks to require Baxter to convert documents or data into a particular or different file format; to produce data, fields, records, or reports about produced documents or data;

6



to produce documents or data on any particular media; to search for and/or produce any documents or data on back-up tapes; to produce any proprietary software, data, programs; or to violate any licensing agreements or copyright laws.

15. Baxter objects to Instruction No. 13 to the extent it purports to prohibit Baxter from identifying any documents as "confidential."  Subject to this objection and consistent with section II, paragraph 5 of CMO No. 10, Baxter will attempt to not cover the text of any documents with a stamp or watermark.

16. Baxter objects to Instruction No. 14 to the extent it demands that Baxter produce documents that "mention, discuss, refer to, or explain" responsive documents on the ground such demand is vague, ambiguous, unduly burdensome, calls for subjective determination, and seeks documents protected by the attorney-client privilege and/or work-product doctrine.

### B.   GENERAL OBJECTIONS TO "DRUGS AT ISSUE"

Baxter generally objects to Plaintiffs' definitions of "Drugs at Issue" as vague and ambiguous.  Baxter further objects to these definitions to the extent they include any pharmaceutical, drug or product not identified in the AMCC.

### C.   GENERAL OBJECTIONS TO "RELEVANT TIME PERIOD"

Baxter objects to Plaintiffs' "Relevant Time Period" to the extent it calls for documents generated or assembled either prior to January 1, 1997 or after September 6, 2002, the date on which the Master Consolidated Class Action was filed, on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  The production to Plaintiffs by Baxter of any documents that pre-date January 1, 1997 or that post-date

7



September 6, 2002 does not constitute a waiver by Baxter of this objection to Plaintiffs'
"Relevant Time Period."

### D.    GENERAL OBJECTIONS TO REQUESTS AND INTERROGATORIES

Baxter objects generally to Plaintiffs' Requests and Interrogatories as follows:

1. In accordance with CMO No. 10, Baxter objects to the Document Requests
and Interrogatories to the extent that they call for the production of documents and/or
information relating to drugs or therapies other than those drugs manufactured by
Baxter and identified in Appendix A of the Amended Master Consolidated Complaint
("AMCC"). Accordingly, Baxter's responses to the Document Requests and
Interrogatories are limited to documents and/or information relating to Baxter's drugs
and therapies listed in Appendix A of the AMCC.

2. In accordance with CMO Nos. 10 and 11, Baxter objects to the Document
Requests and Interrogatories to the extent that they are not coordinated by and among
the governmental plaintiffs (excluding the county defendants) in MDL No. 1456 on
issues common to all such governmental plaintiffs in MDL No. 1456.

3. Baxter objects to each and every Document Request and Interrogatory as
overly broad, unduly burdensome, vexatious, oppressive, and duplicative to the extent
that they ask Baxter to look for and/or produce documents and information already
produced to the Plaintiffs. Pursuant to the Court's Orders and November 21, 2003
bench ruling, and in coordination with Plaintiffs' counsel, Baxter has already produced
in excess of 20,000 pages to Plaintiffs. That production consisted of documents
previously produced in response to subpoenas or other demands from the United States
Department of Justice, Department of Health and Human Services Office of Inspector
General; the Attorney General for the State of California; the Attorney General for the

8



State of Texas; the Attorney General for the State of Illinois; and the Committee on Commerce of the United States House of Representatives. This production of documents to Plaintiffs included, but was not limited to, documents concerning the pricing, sales, and marketing of certain of Baxter's drugs at issue in this litigation. The collection and production of these documents to these government organizations was extremely burdensome, time-consuming, and costly.

4. Baxter objects to the Document Requests to the extent that they seek the creation of documents created prior to January 1, 1997 on the grounds that such Document Requests are not relevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Baxter further objects to the production of documents created after September 6, 2002, the date of the original filing of the Master Consolidated Class Action Complaint, on the same ground. Baxter intends to conduct reasonably diligent searches in response to the Document Requests and will produce responsive, non-privileged documents for the period from January 1, 1997 through September 6, 2002.

5. Baxter objects to Plaintiffs' Document Requests and Interrogatories to the extent that they ask Baxter to produce no less than eighty-two (82) categories of documents (many with multiple sub-parts) concerning twenty-one (21) drugs – over 200 NDCs. These extraordinarily broad requests are contrary to the Federal Rules of Civil Procedure that prohibit irrelevant, cumulative, duplicative, and vexatious discovery. The breadth and scope of Plaintiffs' Document Requests and Interrogatories (many of which seek information and material that is not relevant to the issues in this litigation and which will not help to resolve these issues), viewed in light of the relatively short

1775819 v1; 1222R011.DOC



deadlines, are oppressive, unduly burdensome, unnecessarily costly, and without a proportionate and corresponding benefit as required by Fed.R.Civ.P. 26(b)(2).

6. Baxter objects to the Document Requests and Interrogatories on the ground that they seek documents and information that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence, are overly broad, unduly burdensome, ambiguous, and vague.

7. Baxter objects to each and every Document Request as unduly burdensome, cumulative, duplicative, and vexatious to the extent that it seeks "all" documents described in the Document Requests without any time limitation.

8. Baxter objects to the Document Requests and Interrogatories to the extent that they call for the production of documents that contain information protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. To the extent that any such protected documents are inadvertently produced in response to the Document Requests, the production of such documents shall not constitute a waiver of Baxter's right to assert the applicability of any privilege or immunity to the documents, and any such documents shall be returned to Baxter's counsel immediately upon discovery thereof.

9. Baxter objects to the Document Requests and Interrogatories to the extent that they seek documents that are not within Baxter's possession, custody, or control or are more appropriately sought from third parties to whom Document Requests and Interrogatories have been or may be directed.

10



10. Baxter objects to each and every Document Request and Interrogatory to the extent that it seeks information not contained in documents that currently exist at Baxter and requires Baxter to create, compile, or develop new documents.

11. Baxter objects to the Document Requests and Interrogatories to the extent that they call for the production of publicly available documents or documents that could be obtained from Plaintiffs' own files or other sources.

12. Baxter objects to collecting and producing a broad range of information Plaintiffs seek prior to producing sales and other information that will demonstrate that many of Plaintiffs' claims do not warrant or justify Plaintiffs' exceedingly broad and burdensome Document Requests and Interrogatories.

13. Baxter objects to the Document Requests and Interrogatories to the extent that they call for the production of proprietary, commercially sensitive, or other confidential information, the probative value of which is outweighed by Baxter's interest in preserving its confidentiality.

14. Baxter objects to the Document Requests and Interrogatories to the extent that they seek to impose discovery obligations that are broader than, or inconsistent with, Baxter's obligations under the Federal Rules of Civil Procedure.

15. Baxter objects to the Document Requests and Interrogatories to the extent that they call upon Baxter to perform mathematical and statistical analyses of certain data on the grounds that such calculations are unduly burdensome and can be performed just as easily by Plaintiffs.

16. Baxter objects to any implications and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Document Requests. Baxter's response that it will produce documents in connection with a particular

11



request, that it has no responsive documents, or that it will respond in whole or in part, is not intended to indicate that Baxter agrees with any implication or any explicit or implicit characterization of facts, events, circumstances, or issues in the Document Requests or that such implications or characterizations are relevant to this action.

17. Baxter objects to each and every Document Request and Interrogatory that uses the terms "spread" and "spreads" because these terms are vague, ambiguous, and undefined. Use of these terms are also argumentative, without factual foundation, and legal conclusions.

### III. SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

Subject to the General Objections, and without waiving and expressly preserving all such objections, which are hereby incorporated into the response to each Document Request, Baxter responds to Plaintiffs' individually numbered Document Requests as follows:

Document Request No. 1:

All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

Response:

Baxter objects to Document Request No. 1 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be sufficient to provide the requested information, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 2:

All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

12



Response:

Baxter objects to Document Request No. 2 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 3:

Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

Response:

Baxter objects to Document Request No. 3 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 4:

Documents sufficient to identify your electronic mail, document management and other automated information systems.

Response:

Baxter objects to Document Request No. 4 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be sufficient to provide the requested information, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

13



**Document Request No. 5:**

Documents sufficient to identify your electronic mail retention policies.

Response:

Baxter objects to Document Request No. 5 to the extent it is duplicative of

Document Request No. 1. Baxter further objects on the grounds that the request is

overly broad, vague, ambiguous, and unduly burdensome. Subject to and without

waiving any of these objections or the General Objections, Baxter will conduct a

reasonable search and will produce non-privileged documents believed to be sufficient

to provide the requested information, if any, on a rolling basis as agreed upon with

Plaintiffs' counsel.

**Document Request No. 6:**

Documents evidencing steps [sic] were taken by you (if any) from January 1,
2001 to the present to insure that discoverable information with respect to average
wholesale price litigation is not destroyed or otherwise made unavailable.

Response:

Baxter objects to Document Request No. 6 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Subject to and without waiving any of

these objections or the General Objections, Baxter will conduct a reasonable search and

will produce non-privileged documents believed to be responsive to this request, if any,

on a rolling basis as agreed upon with Plaintiffs' counsel.

**Document Request No. 7:**

Documents sufficient to identify your policies and procedures concerning the
back-up of data for your financial and your marketing, sales and promotion divisions,
including but not limited to, the frequency of back-ups, all software and hardware used
to perform back-ups, and all media onto which data is backed-up.

14



Response:

Baxter objects to Document Request No. 7 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Baxter further objects on the ground that
the request seeks the production of documents which are irrelevant to the subject
matter of the pending action and are not reasonably calculated to lead to the discovery
of admissible evidence. Subject to and without waiving any of these objections or the
General Objections, Baxter will conduct a reasonable search and will produce non-
privileged documents believed to be sufficient to provide the requested information, if
any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 8:

All documents received from or provided to any trade association (such as the
Pharmaceutical Research and Manufacturers of America), and any of its organizational
subcommittees, including meeting agendas and minutes, concerning (i) Medicare
reimbursement for drugs and/or the use of AWP in the reimbursement process; (ii)
publications identified in Health Care Financing Administration Program
Memorandum AB-99-63, including the *Red Book*, *Blue Book*, and *Medispan*
("pharmaceutical industry publications"); or (iii) a Government Investigation or inquiry
as to the use of AWP in the reimbursement process.

Response:

Baxter objects to Document Request No. 8 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the
grounds that the terms "trade association" and "Governmental Investigation or
inquiry" are vague and ambiguous. Subject to and without waiving any of these
objections or the General Objections, Baxter will conduct a reasonable search and will
produce non-privileged documents believed to be responsive to this request, if any, on
a rolling basis as agreed upon with Plaintiffs' counsel.

15



Document Request No. 9:

All documents produced by you, whether voluntarily or involuntarily, in any governmental investigation or inquiry concerning the use of AWP.

Response:

Baxter objects to Document Request No. 9 on the grounds that it is overbroad and unduly burdensome. Baxter further objects on the grounds that the term "governmental investigation or inquiry" is vague and ambiguous. Baxter also objects on the grounds that the request is duplicative and seeks production of documents and information that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 10:

All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegations relating to AWPs.

Response:

Baxter objects to Document Request No. 10 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Baxter further objects to the extent that the request seeks the production of documents that are protected by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. Baxter also objects on the grounds that the request is duplicative, seeks the production of documents that have been produced to Plaintiffs previously and seeks the production of documents that are publicly available. Subject to and without waiving any of these objections or the

16



General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 11:

All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegations relating to the use of AWP.

Response:

Baxter objects to Document Request No. 11 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the term "other written statements" is vague, ambiguous, and undefined. Baxter further objects to the extent that the request seeks the production of documents that are protected by any privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. Baxter also objects on the grounds that the request is duplicative, seeks the production of documents that have been produced to Plaintiffs previously and seeks the production of documents that are publicly available. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 12:

All documents created by or received from CMS, the United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office concerning prices for prescription drugs.

17



Response:

Baxter objects to Document Request No. 12 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Specifically, Baxter objects on the grounds that the term "prices for prescription drugs" is vague, ambiguous, and undefined. Baxter further objects to the extent that the request seeks the production of documents that are publicly available. Baxter also objects to the extent that the request seeks the production of documents that are protected by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

<u>Document Request No. 13</u>:

All documents provided to CMS, the United States Department of Health and Human Services, and Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning the price of any AWPID.

Response:

Baxter objects to Document Request No. 13 on the grounds that it is overly broad, burdensome, vague and ambiguous. Specifically, Baxter objects on the grounds that the term "price of any AWPID" is overly broad, vague, and ambiguous. Baxter further objects to the extent that the request seeks the production of documents that are publicly available. Baxter also objects to the extent that the request seeks the production of documents that are protected by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. Subject to and without waiving any of these objections or

1775619 v1; 1222R011.DOC



the General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be responsive to this request, if any, on a rolling basis

as agreed upon with Plaintiffs' counsel.

Document Request No. 14:

    All documents concerning any definition or meaning of AWP, including
documents discussing how you or others define AWP.

    Response:

    Baxter objects to Document Request No. 14 on the grounds that it is overly broad

and unduly burdensome. Baxter further objects on the ground that the request seeks

the production of documents that have been produced to Plaintiffs previously. Baxter

also objects to the extent that the request seeks documents that are not within Baxter's

possession, custody, or control or are more appropriately sought from third parties to

whom Document Requests have been or may be directed. Subject to and without

waiving any of these objections or the General Objections, Baxter will conduct a

reasonable search and will produce non-privileged documents believed to be

responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'

counsel.

Document Request No. 15:

    All documents discussing how the AWP has been or is currently determined for
any AWPID.

    Response:

    Baxter objects to Request No. 15 on the grounds that it is overly broad and

unduly burdensome. Baxter further objects on the ground that the request seeks the

production of documents that have been produced to Plaintiffs previously. Subject to

and without waiving any of these objections or the General Objections, Baxter will

19



conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 16:

As to each of your AWPIDs, all documents concerning any actual, proposed, or prospective AWP announcements, changes or price lists, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID.

Response:

Baxter objects to Document Request No. 16 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Baxter further objects on the ground that the request seeks the production of "proposed" and "prospective" documents which are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Baxter also objects on the ground that the request seeks the production of documents that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 17:

As to each of your AWPIDs, all documents concerning any actual, proposed or prospective price announcement, price change or price list, including the methodology and procedures used by you in considering whether to increase or decrease the price for each AWPID.

Response:

Baxter objects to Document Request No. 17 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Baxter further objects on the ground that

20



the request seeks the production of "proposed" and "prospective" documents which
are irrelevant to the subject matter of the pending action and are not reasonably
calculated to lead to the discovery of admissible evidence. Baxter further objects on the
ground that the request seeks the production of documents that have been produced to
Plaintiffs previously. Subject to and without waiving any of these objections or the
General Objections, Baxter will conduct a reasonable search and will produce non-
privileged documents believed to be responsive to this request, if any, on a rolling basis
as agreed upon with Plaintiffs' counsel.

Document Request No. 18

As to Class A drugs only, all sales-level detailing reports where AWPs,
reimbursement based on AWPs, or the prices for AWPIDs was discussed. (Class A
Drugs)

Response:

Baxter objects to Document Request No. 18 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the
grounds that the term "sales-level detailing reports" is vague, ambiguous, and
undefined. Subject to and without waiving any of these objections or the General
Objections, Baxter will conduct a reasonable search and will produce non-privileged
documents believed to be responsive to this request, if any, on a rolling basis as agreed
upon with Plaintiffs' counsel.

Document Request No. 19:

As to Class A drugs only, all sales-level detailing reports where price, discounts,
rebates, price concessions, forgiveness of debt, free samples, educational grants or other
remuneration were discussed with a purchaser or potential purchaser of any of your
AWPIDs.

21



Response:

Baxter objects to Document Request No. 19 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the
grounds that the terms "sales-level detailing reports," "price," "discounts," "rebates,"
"price concessions," "forgiveness of debt," "free samples," "educational grants," and
"other remuneration" are vague, ambiguous, and undefined. Baxter further objects on
the ground that the request seeks the production of documents on "potential
purchasers" which are irrelevant to the subject matter of the pending action and are not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and
without waiving any of these objections or the General Objections, Baxter will conduct a
reasonable search and will produce non-privileged documents believed to be
responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'
counsel.

Document Request No. 20

All documents, including organizational charts, that describe or list the
individuals responsible for determining the price for each AWPID.

Response:

Baxter objects to Document Request No. 20 to the extent it is duplicative of
Document Request No. 2. Baxter further objects to the request on the grounds that it is
vague and ambiguous. Specifically, Baxter objects on the grounds that the term "price"
is vague, ambiguous, and undefined. Baxter also objects on the grounds that the
request is overly broad and unduly burdensome. Subject to and without waiving any
of these objections or the General Objections, Baxter will conduct a reasonable search
and will produce non-privileged documents believed to be responsive to this request, if
any, on a rolling basis as agreed upon with Plaintiffs' counsel.

22



Document Request No. 21

All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.

Response:

Baxter objects to Document Request No. 21 to the extent it is duplicative of

Document Request Nos. 2 and 20. Baxter further objects to this request on the grounds

that it is vague and ambiguous. Specifically, Baxter objects on the grounds that the term

"price" is vague, ambiguous, and undefined. Baxter further objects on the grounds that

the request is overly broad and unduly burdensome. Subject to and without waiving

any of these objections or the General Objections, Baxter will conduct a reasonable

search and will produce non-privileged documents believed to be responsive to this

request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 22

For each of your AWPIDs, all documents concerning the "product market," as defined in the 1992 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, in which each AWPID competes including, but not limited to, all documents that: (a) discuss, address, concern, regard, or reflect products that have a significant cross-elasticity of demand, or that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents and/or (b) discuss, address, concern, regard, or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug than your AWPID has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of your AWPID.

Response:

Baxter objects to Document Request No. 22 on the grounds that it is overly broad,

vague, ambiguous and unduly burdensome. Specifically, Baxter objects on the grounds

that the terms "cross-elasticity of demand," "substitutable," "interchangeable," and

"close therapeutic equivalents" are vague, ambiguous, and undefined. Baxter further

objects on the ground that the request seeks the production of documents that are

23



irrelevant to the subject matter of the pending action and are not reasonably calculated

to lead to the discovery of admissible evidence. Baxter also objects to the extent that the

request seeks the production of documents that are publicly available. Subject to and

without waiving any of these objections or the General Objections, Baxter will conduct a

reasonable search and will produce non-privileged documents believed to be

responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'

counsel.

### Document Request No. 23

For each of your AWPIDs, all documents concerning the "geographic market" or markets in which the AWPID competes including, but not limited to, all documents that (a) discuss, concern, regard, or reflect the geographic area within which the AWPID is marketed, and (b) discuss, concern, regard or reflect the area within which you and your competitors view themselves as competing with respect to the AWPID.

#### Response:

Baxter objects to Document Request No. 23 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the

grounds that the terms "geographic market or markets" and "geographic area" are

vague, ambiguous, and undefined. Baxter further objects on the grounds that the

request seeks the production of documents that are irrelevant to the subject matter of

the pending action and are not reasonably calculated to lead to the discovery of

admissible evidence. Baxter also objects to the extent that the request seeks the

production of documents that are publicly available. Subject to and without waiving

any of these objections or the General Objections, Baxter will conduct a reasonable

search and will produce non-privileged documents believed to be responsive to this

request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

24



Document Request No. 24

For each of your AWPIDs, all documents concerning your strategic and marketing plans including, but not limited to all pricing, reimbursement, brand switching, and consumer segmentation studies and/or surveys.

Response:

Baxter objects to Document Request No. 24 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "brand switching" and "consumer segmentation studies and/or surveys" are vague, ambiguous, and undefined. Baxter further objects to the request to the extent it seeks proprietary or commercially sensitive information. Baxter also objects on the grounds that the request is duplicative and seeks the production of documents produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 25:

For each of your AWPIDs, all documents (in digital, computerized form where available) that identify each customer who purchased the AWPID. For each of these purchasers, all documents that reflect:

a.  Each sale or other transaction involving the AWPID including the date thereof;

b.  The number or units of the AWPID sold by dosage strength and package size for each sale or other transaction;

c.  The invoice amount in dollars for each sale or other transaction concerning the AWPID;

d.  Discounts, rebates, chargebacks, and other price adjustments relating to each sale, transaction, or set of transactions involving or relating to the AWPID;

e.  The net amount in dollars for each sale or transaction concerning the AWPID;

25



f.   Any other price or unit adjustments – whether monthly, quarterly or on any other basis – involving or relating to sales or transaction involving the AWPID;

g.   the full name and address of each entity purchasing the AWPID (and, in addition, the full name and address of the parent company where the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse).

Response:

Baxter objects to Document Request No. 25 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.  Specifically, Baxter objects on the grounds that the terms "invoice amount," "discounts," rebates," "chargebacks," "other price adjustments," "net amount in dollars," and "other price or unit adjustments" are vague, ambiguous, and undefined.  Baxter further objects on the grounds that the request is duplicative and seeks the production of documents produced to Plaintiffs previously.  Subject to and without waiving any of these objections or the General Objections, Baxter will produce a sampling of its contracts with customers, as Plaintiffs agreed to by letter dated May 26, 2004, the terms of said sampling to be agreed upon subsequent to the submission of these Objections and Responses.  See Letter from Sean R. Matt to Merle M. DeLancey, Jr. (May 26, 2004).

Document Request No. 26:

For each of your AWPIDs, all documents that reflect the prices charged to, or terms of conditions of sale for, purchasers of the AWPID including, but not limited, to:

a.   The wholesale acquisition price or other published price of the AWPID or any generic equivalent;

b.   Payment terms;

c.   discounts, rebates, chargebacks or other adjustments offered to any class of purchaser;

d.   Prices and terms of sales for wholesale purchasers;

26



e.  Prices and/or discounts and/or rebates or other adjustments for chain pharmacy purchasers;

f.  Prices and/or discounts and/or rebates or other adjustments for hospital purchasers;

g.  Prices and/or discounts and/or rebates or other adjustments for managed care purchasers;

h.  Prices and/or discounts and/or rebates or other adjustments for pharmacy benefit managers;

i.  Prices and/or discounts and/or rebates or other adjustments for mail order purchasers; and

j.  Prices and/or discounts and/or rebates or other adjustments for internet pharmacies;

k.  Prices and/or discounts and/or rebates or other adjustments for any other purchaser class or subgroup.

Response:

Baxter objects to Document Request No. 26 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "wholesale acquisition price," "discounts," "rebates," "chargebacks," "other adjustments," "wholesale purchasers," and "mail order purchasers" are vague, ambiguous, and undefined. Baxter further objects on the grounds that the request seeks the production of documents that are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Baxter also objects on the grounds that the request is duplicative and seeks the production of documents produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will produce a sampling of its contracts with customers, as Plaintiffs agreed to by letter dated May 26, 2004, the terms of said sampling to be agreed upon subsequent to the

27



submission of these Objections and Responses. <u>See</u> Letter from Sean R. Matt to Merle

M. DeLancey, Jr. (May 26, 2004).

<u>Document Request No. 27</u>:

For each of your AWPIDs, documents sufficient to show, in digital or computerized form, in chronological order:

a.   The date of each sales transaction;

b.   Every discount, rebate, and/or any other adjustment that any customer of D [sic] has received;

c.   The date each discount, rebate, and/or any other adjustment was given;

d.   The time period covered by each discount, rebate, and/or any other adjustment;

e.   Sales in units by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

f.   Sales in dollars by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

g.   Net sales in dollars for each sale;

h.   The name, address, account number, and all other identifying numbers or codes for the person or entity billed, invoices [sic], and/or credited for the transaction; and

i.   The name, address, account number, and all other identifying numbers or codes for the person or entity to whom the product was shipped or from whom product returns were received.

<u>Response</u>:

Baxter objects to Document Request No. 27 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground

that the terms "discount," "rebate," "other adjustment," "customer of D," and "net sales

in dollars" are vague, ambiguous, and undefined. Baxter further objects on the grounds

that the request is duplicative and seeks the production of documents produced to

Plaintiffs previously. As to Baxter drugs and therapies listed in Appendix A to the

28



AMCC that are predominantly administered in the inpatient setting where reimbursement is not based on AWP (the "*de minimis* drugs"), Baxter will produce a sampling of non-privileged information believed to be responsive to the request, as Plaintiffs agreed to by letter dated April 27, 2004, the terms of said sampling to be agreed upon subsequent to the submission of these Objections and Responses. See Letter from Sean R. Matt to Merle M. DeLancey, Jr. (April 27, 2004). As to all other Baxter drugs and therapies listed in Appendix A to the AMCC, and subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 28

For each of your AWPIDs, documents sufficient to identify:

a.   The published AWP;

b.   AMP;

c.   ASP;

d.   EAC;

e.   WAC;

f.   MAC;

g.   Earned margin (difference between AWP and actual product cost);

h.   Documents that indicate whether the AWP, ASP, AMP and Earned Margin
     include all rebates, chargebacks, discounts, allowances, credits,
     administrative fees, price/volume discounts and any other incentives
     provided to third parties.

i.   Documents summarizing all rebates, chargebacks, discounts, allowances,
     credits, administrative fees, price volume discounts or other incentives.

29



Response:

Baxter objects to Request No. 28 on the grounds that it is overly broad, unduly

burdensome, and duplicative. Baxter further objects on the grounds that the terms

"ASP" and "Earned Margin," are vague and ambiguous. As to Baxter's *de minimis*

drugs, Baxter will produce a sampling of non-privileged information believed to be

responsive to the request, as Plaintiffs agreed to by letter dated April 27, 2004, the terms

of said sampling to be agreed upon subsequent to the submission of these Objections

and Responses. See Letter from Sean R. Matt to Merle M. DeLancey, Jr. (April 27, 2004).

As to all other Baxter drugs and therapies listed in Appendix A to the AMCC, and

subject to and without waiving any of these objections or the General Objections, Baxter

will conduct a reasonable search and will produce non-privileged documents believed

to be sufficient to provide the requested information, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 29:

For each of your AWPIDs, all agreements for sale of the AWPID, whether or not
those contracts are with customers who purchased the AWPID directly, including
drafts, correspondence, and supporting detail and data (in computerized from where
available).

Response:

Baxter objects to Document Request No. 29 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Baxter further objects on the grounds that

the request is duplicative and seeks the production of documents produced to Plaintiffs

previously. Subject to and without waiving any of these objections or the General

Objections, Baxter will produce a sampling of its contracts with customers, as Plaintiffs

agreed to by letter dated May 26, 2004, the terms of said sampling to be agreed upon

30



subsequent to the submission of these Objections and Responses. <u>See</u> Letter from Sean

R. Matt to Merle M. DeLancey, Jr. (May 26, 2004).

<u>Document Request No. 30</u>:

All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.

<u>Response</u>:

Baxter objects to Document Request No. 30 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the

grounds that the term "any similar entity providing pharmaceutical database

information" is vague, ambiguous, and undefined. Subject to and without waiving any

of these objections or the General Objections, Baxter will conduct a reasonable search

and will produce non-privileged documents believed to be responsive to this request, if

any, on a rolling basis as agreed upon with Plaintiffs' counsel.

<u>Document Request No. 31</u>:

For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.

<u>Response</u>:

Baxter objects to Document Request No. 31 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be sufficient to provide the requested information, if

any, on a rolling basis as agreed upon with Plaintiffs' counsel.

<u>Document Request No. 32</u>:

For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

31



Response:

Baxter objects to Document Request No. 32 on the grounds that it is overly broad and unduly burdensome. Baxter further objects on the ground that the request seeks the production of documents on "potential" or "expected" revenues and/or profits which are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 33:

All documents concerning or relating to the actual or potential impact of the pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or might be sold.

Response:

Baxter objects to Document Request No. 33 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Specifically, Baxter objects on the grounds that the use of the term "might be sold" is vague, ambiguous, and undefined. Baxter further objects to this request on the ground that the request seeks the production of documents on the "potential" impact of the pricing or reimbursement on any drug which are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 34:

Documents sufficient to show your per-unit average total cost for each of your AWPIDs, and the components that make up that figure, including but not limited to raw materials, manufacturing, marketing, sales and packaging costs.



Response:

Baxter objects to Document Request No. 34 on the grounds that it is overly broad and unduly burdensome. Baxter further objects on the ground that the request seeks the production of documents which are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 35:

All documents concerning or relating to the difference between an AWP and any other price for any AWPID.

Response:

Baxter objects to Document Request No. 35 on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 36:

All documents describing any discount programs (including but not limited to volume discounts), rebates, incentives, or penalties for each AWPID.

Response:

Baxter objects to Document Request No. 36 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "volume discounts," "rebates," "incentives," and "penalties" are vague, ambiguous, and undefined. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

1775619 v1; 1222R01l.DOC



Document Request No. 37

All documents relating to the use or provision of free samples, educational grants, marketing grants, and payments for specific data gathering or other incentives relating to any AWPID.

Response:

Baxter objects to Document Request No. 37 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the

grounds that the terms "free samples," "educational grants," "marketing grants," and

"payments for specific data" are vague, ambiguous, and undefined. Baxter further

objects to any implications or characterization in the request. Subject to and without

waiving any of these objections or the General Objections, Baxter will conduct a

reasonable search and will produce non-privileged documents believed to be

responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'

counsel.

Document Request No. 38

All documents evidencing any "credit memos" or credit extended to hospitals, GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods."

Response:

Baxter objects to Document Request No. 38 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the

grounds that the term "credit memos" is vague, ambiguous, and undefined. Baxter

further objects to this request to the extent that it seeks production of documents and

information that have been produced to Plaintiffs previously. Baxter also objects to this

request on the grounds that it seeks documents which are irrelevant to the subject

34



matter of the pending litigation and are not reasonably calculated to lead to the

discovery of admissible evidence.

<u>Document Request No. 39</u>

All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

<u>Response:</u>

Baxter objects to Document Request No. 39 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Baxter further objects to the extent that

the request seeks production of documents and information that have been produced to

Plaintiffs previously. Baxter also objects to this request on the grounds that it seeks

documents which are irrelevant to the subject matter of the pending actions and are not

reasonably calculated to lead to the discovery of admissible evidence.

<u>Document Request No. 40</u>

All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

<u>Response:</u>

Baxter objects to Document Request No. 40 to the extent that it is duplicative of

Document Request No. 39. Baxter further objects on the grounds that the request is

overly broad, vague, ambiguous, and unduly burdensome. Baxter further objects to

this request to the extent that it seeks the production of documents and information that

have been produced to Plaintiffs previously. Baxter also objects to this request on the

grounds that it seeks documents which are irrelevant to the subject matter of the

pending action and are not reasonably calculated to lead to the discovery of admissible

evidence.

35



Document Request No. 41

All documents relating to or reflecting any payments you gave to providers relating to any AWPID. (Class A Only)

Response:

Baxter objects to Document Request No. 41 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Baxter further objects to this request to the extent it is duplicative of Document Request Nos. 25, 26, and 27. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 42:

All documents evidencing any chargebacks with respect to the sale of an AWPID.

Response:

Baxter objects to Document Request No. 42 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the term "chargebacks" is vague, ambiguous, and undefined. Baxter further objects this request to the extent it is duplicative of Document Request Nos. 25, 26, and 27. Baxter also objects to any implications or characterizations in the request. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

36



## Document Request No. 43

Documents sufficient to determine complete contact information for all personnel with responsibility for marketing and promotional activity of AWPIDs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number. (Class A Drugs)

### Response:

Baxter objects to Document Request No. 43 on the grounds that it is overly broad and unduly burdensome. Baxter further objects to this request to the extent that it seeks contact information other than the last known business address. Baxter also objects to the extent that the request seeks information from individuals represented by counsel. Such personnel should not be contacted by Plaintiffs' counsel or other representatives or agents of Plaintiffs; rather, such personnel should be contacted only through Baxter's counsel of record. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be sufficient to provide the requested information, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

## Document Request No. 44

A list of all national level sales awards available for each AWPID. (Class A Drugs).

### Response:

Baxter objects to Document Request No. 44 on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

37



Document Request No. 45

Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors. (Class A Drugs)

Response:

Baxter objects to Document Request No. 45 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be responsive to this request, if any, on a rolling basis

as agreed upon with Plaintiffs' counsel.

Document Request No. 46:

Any summaries or reports made by a sales representative that evidence a discussion between that sales representative and a provider regarding AWPs for AWPIDs, reimbursements based on AWPs for AWPIDs, and any difference between what the provider is reimbursed for AWPIDs and what the provider pays for the AWPID. (Class A Drugs)

Response:

Baxter objects to Document Request No. 46 on the grounds that it is overly broad

and unduly burdensome. Baxter further objects to this request to the extent it is

duplicative of Document Request Nos. 18 and 19. Subject to and without waiving any

of these objections or the General Objections, Baxter will conduct a reasonable search

and will produce non-privileged documents believed to be responsive to this request, if

any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 47:

For each AWPID, sales representatives' field notes for the top 50 sales representatives for each year. (Class A Drugs)

Response:

Baxter objects to Document Request No. 47 on the grounds that it is overly broad

and unduly burdensome. Baxter further objects to this request to the extent it is



duplicative of Document Request Nos. 18 and 19. Subject to and without waiving any

of these objections or the General Objections, Baxter will conduct a reasonable search

and will produce non-privileged documents believed to be responsive to this request, if

any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 48:

Documents sufficient to describe any computer programs that you employ or have employed to manage your sales force, including but not limited to programs that collect data on the number of provider contacts and summarize the nature of the discussions between your sales representatives and providers. Examples of such programs include programs marketed by Siebel Systems and ImpactRx, as well as any programs developed by you. (Class A Drugs)

Response:

Baxter objects to Document Request No. 48 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be sufficient to provide the requested information, if

any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 49:

All documents relating to discussions between sales managers and sales representatives after field visits where AWPs, reimbursements rates, or the spread was discussed. (Class A Drugs)

Response:

Baxter objects to Document Request No. 49 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be responsive to this request, if any, on a rolling basis

as agreed upon with Plaintiffs' counsel.

39



Document Request No. 50:

All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, on any AWPID was discussed. (Class A Drugs).

Response:

Baxter objects to Document Request No. 50 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Baxter further objects to this request on the grounds that it is duplicative and seeks the production of documents that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 51

All communications between you and any party in the reimbursement cycle or pharmacies relating to reimbursement and AWP. (Class A Drugs)

Response:

Baxter objects to Document Request No. 51 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "pharmacies" and "any party in the reimbursement cycle" are vague, ambiguous, and undefined. Baxter also objects on the grounds that the request is duplicative and seeks the production of documents that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

40



Document Request No. 52:

All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug. (Class A Drugs)

Response:

Baxter objects to Document Request No. 52 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "reimbursement," "pricing," and "payment" are vague, ambiguous, and undefined. Baxter further objects to this request on the grounds that it is duplicative and seeks the production of documents that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 53:

All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID to the extent such documents refer to AWP, the spread, or to discounts of any type.

Response:

Baxter objects to Document Request No. 53 on the grounds overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the terms "spread" and "discounts" are vague, ambiguous, and undefined. Baxter also objects on the ground that the request seeks the production of "proposed" and "prospective" documents and documents that refer to "discounts of any type" which are irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a

41



reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

<u>Document Request No. 54</u>:

All documents relating to any communication with doctors, other health care professionals, or any person or entity providing heath care services to seek Medicare reimbursement or consumer co-payment for free samples of each AWPID you provided to them. (Class A Drugs)

<u>Response</u>:

Baxter objects to Document Request No. 54 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the terms "other health care professionals," "any person or entity providing health care services" and "free samples" are vague, ambiguous, and undefined. Baxter further objects to any implications or characterizations in the request. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

<u>Document Request No. 55</u>:

All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical. (Class A Drugs)

<u>Response</u>:

Baxter objects to Document Request No. 55 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the terms "price," "rebates," "pricing discounts," "incentives," and "penalties" are vague, ambiguous, and undefined. Baxter further objects to this request on the ground

42



that it is duplicative and seeks the production of documents that have been produced to Plaintiffs previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 56:

All documents concerning communications between you and any publisher concerning measures of price for pharmaceuticals, including ASP, AWP, WAC or other measures of price.

Response:

Baxter objects to Document Request No. 56 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the terms "price" and "other measures of price" are vague, ambiguous, and undefined. Baxter further objects to this request to the extent it seeks responsive documents that were produced previously. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 57:

For each of your AWPIDs, separately produce all documents concerning communications between you and a publisher regarding the price(s) for that AWPID.

Response:

Baxter objects to Document Request No. 57 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the term "price" is vague, ambiguous, and undefined. Baxter further objects to this request to the extent it seeks responsive documents that were produced previously.

43



E-SERVED 06/01/04 06:10 PM E AWP-MDL NO

Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 58:

All documents concerning your role in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for your AWPIDs in any publication of a publisher.

Response:

Baxter objects to Document Request No. 58 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the term "other price measure" is vague, ambiguous, and undefined. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 59:

All documents concerning the role of the publisher in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for each of your AWPIDs in a publication of a publisher.

Response:

Baxter objects to Document Request No. 59 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground that the term "other price measure" is vague, ambiguous, and undefined. Baxter further objects on that ground that documents on the "role of the publisher" are more appropriately sought from third parties to whom the request has been or should be

directed. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 60:

All documents relating to the role of some person other than yourself and the
publisher in the publication, appearance and/or advertisement of the AWP, WAC
and/or other price measure for each of your AWPIDs in any publication of a publisher.

Response:

Baxter objects to Document Request No. 60 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground

that the terms "other price measure" and "the role of some person other than yourself"

are vague, ambiguous, and undefined. Subject to and without waiving any of these

objections or the General Objections, Baxter will conduct a reasonable search and will

produce non-privileged documents believed to be responsive to this request, if any, on

a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 61:

All documents relating to your role in the publication, appearance, or
advertisement of the AWP, WAC or other pricing information in any pharmaceutical-
related industry publications, including publications of the publishers.

Response:

Baxter objects to Document Request No. 61 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground

that the term "pharmaceutical-related industry publications" is vague, ambiguous, and

undefined. Baxter further objects to this request to the extent it is duplicative of

Document Request Nos. 56-60. Subject to and without waiving any of these objections



or the General Objections, Baxter will conduct a reasonable search and will produce

non-privileged documents believed to be responsive to this request, if any, on a rolling

basis as agreed upon with Plaintiffs' counsel.

Document Request No. 62:

     All documents concerning the use by any participant in the drug
distribution/sales channels (e.g., wholesalers, retailers, pharmacies, pharmacy benefit
managers, insurers, etc.).

     Response:

     Baxter objects to Document Request No. 62 on the grounds that it is vague and

ambiguous insofar as it does not identify the object of the "use" that is the subject of this

request. Baxter further objects to this request to the extent it seeks the production of

information concerning PBMs because it does not conduct business with PBMs.

Document Request No. 63:

     All documents concerning agreements between you and any publisher.

     Response:

     Baxter objects to Document Request No. 63 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Subject to and without waiving any of

these objections or the General Objections, Baxter will conduct a reasonable search and

will produce non-privileged documents believed to be responsive to this request, if any,

on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 64:

     All documents concerning any payments made by you to a publisher, where
such payments related in any way to drug pricing.

     Response:

     Baxter objects to Document Request No. 64 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the

46



grounds that the term "drug pricing" is vague, ambiguous, and undefined. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 65:

All documents relating to any investments or loans that you have made in or to a publisher.

Response:

Baxter objects to Document Request No. 65 on the grounds that it is overly broad and unduly burdensome. Baxter further objects to any implications or characterization in the request. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 66:

All notes or minutes of any meetings between you and a publisher where drug pricing was discussed.

Response:

Baxter objects to Document Request No. 66 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the grounds that the term "drug pricing" is vague, ambiguous, and undefined. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be

47



responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'
counsel.

Document Request No. 67:

All documents concerning communications between you and a publisher about
litigation involving AWP or drug pricing.

Response:

Baxter objects to Document Request No. 67 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the
grounds that the term "drug pricing" is vague, ambiguous, and undefined. Subject to
and without waiving any of these objections or the General Objections, Baxter will
conduct a reasonable search and will produce non-privileged documents believed to be
responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'
counsel.

Document Request No. 68:

All documents regarding any pricing surveys that publishers have done for
AWPIDs.  (All Drugs)

Response:

Baxter objects to Document Request No. 68 on the grounds that it is overly broad,
vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the
grounds that the term "pricing surveys" is vague, ambiguous, and undefined. Subject
to and without waiving any of these objections or the General Objections, Baxter will
conduct a reasonable search and will produce non-privileged documents believed to be
responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'
counsel.

48



Document Request No. 69:

All documents regarding communications between you and a publisher about drug reimbursement systems, including Medicare, Medicaid and private insurance. (All Drugs)

Response:

Baxter objects to Document Request No. 69 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be responsive to this request, if any, on a rolling basis

as agreed upon with Plaintiffs' counsel.

Document Request No. 70:

All documents concerning your contractual relationships with wholesalers, independent practice associations, pharmacies or providers insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

Response:

Baxter objects to Document Request No. 70 on the grounds that it is overly broad

and unduly burdensome. Subject to and without waiving any of these objections or the

General Objections, Baxter will conduct a reasonable search and will produce non-

privileged documents believed to be responsive to this request, if any, on a rolling basis

as agreed upon with Plaintiffs' counsel.

Document Request No. 71:

Documents sufficient to identify all persons involved in negotiation of contractual relationships with wholesalers, manufacturers, independent practice associations, pharmacies, PBMs or providers insofar as they cover any AWPID.

Response:

Baxter objects to Document Request No. 71 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity



as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 72:

All documents relating or referring to your contractual relationships with PBMs
insofar as they cover AWPIDs, including, without limitation, master agreements,
addenda, schedules, attachments, requests for proposal, responses to requests for
proposal and correspondence.

Response:

Baxter objects to Document Request No. 72 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity

as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 73:

Documents sufficient to identify all persons involved in negotiation of
contractual relationships with PBMs insofar as they cover any AWPID.

Response:

Baxter objects to Document Request No. 73 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity

as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be sufficient to provide the requested information, if any, on a

rolling basis as agreed upon with Plaintiffs' counsel.

50



Document Request No. 74:

All documents relating to marketing materials that you have provided PBMs for any AWPID.
Response:

Baxter objects to Document Request No. 74 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity

as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 75:

All documents relating to any communications between you and PBM regarding AWP, or to any fees or monies paid to or retained by a PBM.

Response:

Baxter objects to Document Request No. 75 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity

as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 76:

All documents relating to any communications between you and any PBM regarding the revenue, profit, spread or other consideration that a PBM would earn based on any difference between your price for any AWPID and the compensation that the PBM receives for the AWPID.

Response:

Baxter objects to Document Request No. 76 because it does not conduct business

with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity

51



as PBMs. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 77:

All documents relating to the pricing of any of your AWPIDs sold to or through any PBM.

Response:

Baxter objects to Document Request No. 77 because it does not conduct business with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity as PBMs. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 78:

All documents relating to any rebates that you have provided PBMs for any AWPID.

Response:

Baxter objects to Document Request No. 78 because it does not conduct business with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity as PBMs. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

1775619 v1; 1Z2R011.DOC



Document Request No. 79 :

Excluding Rebates, all documents referring or relating to your provision of any other consideration to a PBM for AWPIDs, including but not limited to:

a.   Administrative fees for assembling data to verify market share results;

b.   Fees for selling other data;

c.   Fees for encouraging physicians to change prescribing patterns;

d.   Prompt payment discounts;

e.   Free drugs;

f.   Drug samples;

g.   Credit memos or credit extended to any PBM, including but not limited to credit memos or credit issued for the purported reason of "returned goods,"

h.   Other discounts, fees or grants.

Response:

Baxter objects to Document Request No. 79 because it does not conduct business with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity as PBMs. Baxter further objects to this request to the extent the term "consideration" calls for a legal conclusion. Subject to and without waiving any of these objections or the General Objections, Baxter will conduct a reasonable search and will produce non-privileged documents believed to be responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 80:

All documents relating to the placement of any of your AWPIDs on a PBM formulary.

Response:

Baxter objects to Document Request No. 80 because it does not conduct business with PBMs. To the extent Baxter has dealt with PBMs, it has not been in their capacity



as PBMs. Subject to and without waiving any of these objections or the General

Objections, Baxter will conduct a reasonable search and will produce non-privileged

documents believed to be responsive to this request, if any, on a rolling basis as agreed

upon with Plaintiffs' counsel.

Document Request No. 81:

All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

    a.    any actual, proposed or prospective price, price announcements, price changes, or price lists for any AWPID;

    b.    any actual, proposed, or prospective pricing methods, practices, policies or strategies for any AWPID;

    c.    any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any AWPID;

    d.    any actual, proposed, or prospective pricing discounts, rebates, bids, or incentives for any AWPID;

    e.    territories or markets for sales or potential sales for any AWPID;

    f.    Medicare Part B and its policy of reimbursement for any AWPID;

    g.    the AWP of any AWPID;

    h.    pharmaceutical industry publications; and

    i.    market conditions or market shares.

Response:

Baxter objects to Document Request No. 81 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground

that the terms "proposed or prospective pricing," "prospective pricing methods,

practices, policies or strategies," "prospective marketing methods, practices, policies or

strategies," "prospective pricing discounts, rebates, bids, or incentives," and "potential

sales" are vague, ambiguous, and undefined. Subject and without waiving any of these

<div align="center">54</div>



objections or the General Objections, Baxter will conduct a reasonable search and will

produce non-privileged documents believed to be responsive to this request, if any, on

a rolling basis as agreed upon with Plaintiffs' counsel.

Document Request No. 82:

     Any documents relating to the repackaging or relabeling of any AWPID
including but not limited to:  (a) documents indicating that any AWPID with a specific
NDC has been repackaged and is being sold with a different NDC, but is the same drug;
and (b) for any repackaged AWPID, documents evidencing the AWP of the original
AWPID and of the repackaged AWPID, and documents evidencing the bases, methods
and/or reasons for any change in the AWP.

    Response:

     Baxter objects to Document Request No. 82 on the grounds that it overly broad,

vague, ambiguous, and unduly burdensome.  Specifically, Baxter objects on the ground

that the term "repackaging or relabeling" is vague, ambiguous, and undefined.  Subject

and without waiving any of these objections or the General Objections, Baxter will

conduct a reasonable search and will produce non-privileged documents believed to be

responsive to this request, if any, on a rolling basis as agreed upon with Plaintiffs'

counsel.

## IV.   SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

     Subject to and without waiving any of the foregoing General Objections and

Objections to the Definitions and Instructions, which are hereby incorporated into the

responses to each Interrogatory, Baxter responds to Plaintiffs' individually numbered

Interrogatories as follows:

Interrogatory No. 1:

     For the period beginning January 1, 1997, and for each subsequent calendar
quarter, and with respect to each of the AWPIDs, identify the following information:

1775619 v1; 1222R01l.DOC



a.    the total volume of sales, indicating both the number of units and net revenue;

b.    the "average wholesale price" (AWP), as reported in Medical Economics *Red Book, First Data Bank* and/or *MediSpan,* and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

c.    The "average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

d.    The "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book, First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and not revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

e.    the "average sales price" (ASP), *i.e.,* the price after reflecting discounts, rebates, charge backs, to all classes except FSS;

f.    the total volume of the subject drug, in units, distributed as free goods.

Response:

Baxter objects to Interrogatory No. 1 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome.  Specifically, Baxter objects to the

Interrogatory on the ground that the terms "net revenue," "price," "discounts,"

"rebates," and "chargebacks," are vague, ambiguous, and undefined.  Baxter further

objects to the Interrogatory on the grounds that it is unduly burdensome, redundant,

and duplicative insofar as it calls upon Baxter to perform mathematical and statistical

analyses of certain data that Baxter already has provided or will provide to Plaintiffs

56



through discovery in this action, and that Plaintiffs can perform just as easily. Baxter

also objects to the Interrogatory on the ground that the request seeks information that is

publicly available. Baxter further objects to the extent that the Interrogatory seeks

information that is irrelevant to the subject matter of the pending action and not

reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 2:

For the period beginning January 1, 1997, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the difference between the cost to the provider and the amount that the provider receives for reimbursement or sale? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

Response:

Baxter objects to Interrogatory No. 2 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Baxter further objects to the Interrogatory

on the grounds that it is redundant and duplicative to the extent that it seeks

documents and information that Baxter already has provided or will provide in

response to Plaintiffs' Document Requests in this action.

Interrogatory No. 3:

For the period of January 1, 1997, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDs and the following:

a.    the total number of units of the AWPIDs received by that purchaser,

b.    and the total net revenue received for the AWPIDs by your company from that purchaser.

Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.



Response:

Baxter objects to Interrogatory No. 3 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Specifically, Baxter objects on the ground

that the term "total net revenue" is vague, ambiguous, and undefined. Baxter further

objects to the Interrogatory on the grounds that it is redundant and duplicative insofar

as it seeks documents and information that Baxter already has provided or will provide

in response to Plaintiffs' Document Requests in this action. Baxter further objects to the

Interrogatory to the extent it seeks documents and information not relevant to the

subject matter of the pending action and not reasonably calculated to lead to the

discovery of admissible evidence.

Interrogatory No. 4:

For the period of January 1, 1997, to the present, and for each subject drug, please provide a list of all purchasers who received the subject drug at a price exempted from the calculation of the Medicaid "best price," pursuant to the requirements of SSA _ 1927(c)(1)(c)(ii)(III), and, for each such purchaser, indicate the volume of the AWPID received by calendar quarter, in units, and the range of prices at which such purchaser received the subject drug for that quarter.

Response:

Baxter objects to Interrogatory No. 4 on the ground that it seeks information not

relevant to the subject matter of the pending action and not reasonably calculated to

lead to the discovery of admissible evidence. Baxter further objects to the Interrogatory

on the grounds that the term "subject drug" is vague, ambiguous, and undefined.

Baxter also objects to the Interrogatory on the grounds that the Interrogatory is

redundant and duplicative insofar as it seeks documents and information that Baxter

already has provided or will provide in response to Plaintiffs' Document Requests in

this action.

58



### Interrogatory No. 5:

With respect to each AWPID, please describe how you calculate the prices and/or data reported to Medical Economics *Red Book, First Data Bank* or *MediSpan* or any other such entity that gathers and publishes either "average wholesale prices," "list prices," "wholesale acquisition costs." And for each drug identify the persons responsible for doing so. (All Drugs)

### Response:

Baxter objects to Interrogatory No. 5 on the grounds that it is overly broad,

vague, ambiguous, and unduly burdensome. Baxter further objects to the Interrogatory

on the grounds that it is redundant and duplicative insofar as it seeks documents and

information that Baxter already has provided or will provide in response to Plaintiffs'

Document Requests in this action.

### Interrogatory No. 6:

Identify the source of each of the documents produced in response to plaintiffs' requests for the production of documents throughout this litigation by identifying the person(s) who possessed those documents, the job position of any such individuals, and the division and department where such documents were located. If you are unable to determine the individual(s) who possessed the documents, identify the department and division where they were/are located when produced.



Response:

Baxter objects to Interrogatory No. 6 on the grounds that it is redundant and duplicative of Instruction No. 10. Baxter further objects to the Interrogatory to the extent it seeks to impose discovery obligations that are broader than, or inconsistent with, Baxter's obligations under the Federal Rules of Civil Procedure and CMO No. 10.

Dated: June 1, 2004


_____/S/_____
Merle M. DeLancey, Jr.
J. Andrew Jackson
DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Counsel for Defendants
BAXTER HEALTHCARE
CORPORATION and BAXTER
INTERNATIONAL, INC.

_____/S/_____
Peter E. Gelhaar (BBO #188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
33rd Floor
Boston, MA 02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554

1775619 v1; 1222R011.DOC



## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2004, a true and correct copy of Baxter International Inc. And Baxter Healthcare Corporation's Objections And Responses To Plaintiffs' Omnibus Requests For Production And Interrogatories was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

DATED: June 1, 2004

Eden M. Heard

61