# EXHIBIT 15



HAGENS BERMAN
SOBOL SHAPIRO LLP

ELIZABETH A. FEGAN
DIRECT • (312) 762-9235
BETH@HBSSLAW.COM

October 31, 2005

*Via E-Mail*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

Re:   In re AWP Litigation

Dear Merle:

Enclosed please find a Notice of Depositions to Baxter reflecting the names of numerous witnesses that were identified either by Baxter's 30(b)(6) witnesses or in Baxter's limited document production to date. In light of the serious deficiencies in Baxter's document production to date, this notice may not be comprehensive of all witnesses or may be duplicative. However, there is no way for Plaintiffs to be certain without Baxter's fulfillment of its document production obligations. Accordingly, in light of the upcoming discovery deadlines and in order to avoid prejudice to Plaintiffs as a result of Baxter's failures, Plaintiffs were left with no choice but to make a good faith effort to identify the relevant witnesses.

Some of the deficiencies in production include but may not be limited to: (i) Baxter has yet to produce e-mail (other than what may have been included in the Government Investigation document set); (ii) Baxter has yet to produce documents maintained off-site; (iii) Baxter has yet to produce documents maintained in its electronic databases (separate from e-mail); (iv) Baxter has yet to produce documents identified at the 30(b)(6) depositions (again other than what may have been included in the Government Investigation document set); and (v) Baxter has yet to produce or make available all relevant contracts, or an agreed upon sampling thereof (with the limited exception of a discrete subset of BioScience contracts). Nor has Baxter affirmed that documents in these categories do not exist or that they otherwise have been produced in full.

Accordingly, please let me know when you are available to discuss Baxter's document production. Further please provide dates and times that you and each witness

Merle M. DeLancey, Jr.
October 31, 2005
Page 2


are available for deposition. Also, if you will not be voluntarily producing any of the witnesses on the attached notice, please provide their last known address within 10 days so that we may serve Subpoenas on them in a timely fashion.

Finally, please provide dates in November for the 30(b)(6) deposition of Baxter regarding preservation and spoliation.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Beth

Elizabeth A. Fegan

BF:BF
Enclosure
cc:     Steve W. Berman
        Kenneth A. Wexler
        Jennifer Fountain Connolly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) Judge Patti B. Saris |

## NOTICE OF DEPOSITIONS TO BAXTER

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of the following persons on dates and times to be mutually agreed upon by the parties. Such depositions will be recorded by stenographic and/or sound and visual means and will take place at the offices of Hagens Berman Sobol Shapiro LLP, 60 W. Randolph, Suite 200, Chicago, Illinois.

| Deponent |
|---|
| Teresa Atkins |
| Marie Borselle |
| Michael Bradley |
| Kyle Bush |
| Wally Candelario |
| Bernadette Connolly |
| Sara Creviston |
| Joe Darling |
| Susan Davies |
| Mike Downey |
| Ivan Forham |
| Fortunato |
| John Gudry |
| Larry Guiheen |
| Bryant Gunnerson |
| Jim Hauert |
| Michael Heggie |

- 1 -

| |
|---|
| Scott Hippensteel |
| Tim Jones |
| Marie Keeley |
| Pamela Koo |
| Ted Langdon |
| Josephine Li-Leod |
| Rose Lorella |
| Eric Lynch |
| Melissa Macek |
| Pete O'Malley |
| Greg Neier |
| Jeff Nordquist |
| Julie Perry |
| Ron Peters |
| Nick Poulios |
| Craig Prather |
| Michelle Preiefer |
| Cindy Pullano |
| Juliana Reed |
| Mark Reifenkampf |
| Judy Reuter |
| Lou Rofrano |
| Jennifer Rogers |
| Rosalie Satterthwaite |
| Catherine Schrank |
| Craig Seeger |
| Sam Shakespeare |
| John Shannon |
| John Sonnier |
| John Spear |
| Ester Stein |
| Carl Wilt |

You are invited to attend and participate.

DATED:  October 31, 2005

By___ /s/ **Elizabeth A. Fegan**
_____

   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITIONS TO BAXTER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, on October 31, 2005.

By_____ /s/ **Elizabeth A. Fegan**_____
Elizabeth A. Fegan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

- 5 -

# EXHIBIT 16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | CIVIL ACTION:  01-CV-12257-PBS |
| ) | |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ) | |
| CLASS ACTIONS ) | |
| ) | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION BY BAXTER**

Plaintiffs respectfully move the Court for an order a) compelling Baxter to produce

within 30 days all documents and other materials called for by plaintiffs' Omnibus Requests for

Production; b) extending the close of fact discovery as to Baxter to a date six months after Baxter

has complied with its discovery obligations; c) providing that Baxter may not withhold any

further documents responsive to plaintiffs' Omnibus Requests for Production on the basis of any

objections to production, including any objections grounded on the attorney-client privilege,

work-product doctrine, trial-preparation doctrine, or any similar doctrine.

This motion is supported by a memorandum of law filed of even date, together with the

declaration of Elizabeth A. Fegan, with exhibits to both.


DATED:  November 8, 2005

By___ /s/ **Elizabeth A. Fegan**_____
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

1534.16 0320 BSC DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL PRODUCTION BY BAXTER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 8, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Elizabeth A. Fegan**

# EXHIBIT 17



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

November 8, 2005

***Via Electronic Delivery and U.S. Mail***

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

      Re:    <u>In re Pharmaceutical Industry AWP Litigation</u>

Dear Merle:

      I am writing regarding your self-serving letter of today's date which we received after we filed our motion to compel.

      First, while you have tried in the past and continue now to posture your request for Plaintiffs to withdraw certain drugs from this litigation as discovery objections in order to explain why you failed to produce any documents in this litigation for years, it is clear that Plaintiffs could not agree to do so because of Baxter's failure to produce sufficient data to allow Plaintiffs to make sure an informed decision on behalf of the Class. Moreover, it is clear that Baxter used this delay not just with respect to the drugs that you requested be withdrawn but also the drugs that even you admitted from the beginning would be subject to discovery. Thus, even if we were to accept your posturing as true, it is clear that Baxter has delayed production of documents with respect to the drugs that have always been at issue.

      Second, I have requested on numerous occasions for you to explain and provide a schedule for the purported "rolling" production that you have promised. I would hardly call two disks of documents produced in June 2005 and one room of contract files (for a discrete subset of contracts for one division) made available in September 2005 as rolling.

      Third, a quick review of the meet and confer confirmation letters that I sent you demonstrates that there are a number of letters that you promised to provide Plaintiffs to

H:\1000\1534.16\LETTERS\1534.16 0002 LTR DELANCEY RE PRIVILEGE LOG-BOS.DOC

Merle M. DeLancey, Jr.
November 8, 2005
Page 2

give specific dates for production and/or proposed sampling methods. None of these letters has ever arrived.

With respect to depositions, and as my October 31, 2005 letter indicates, there was no way for Plaintiffs to move forward with any depositions until Baxter's purported rolling production was much further along – unless, of course, you would agree to produce these witnesses a second time after production was complete?

With respect to the 30(b)(6) on spoliation, you had agreed in a meet and confer to provide me with the identity of the third party vendor and/or schedule an informal call between this vendor and our technical guru in order to discuss how ongoing preservation would be accomplished. I never heard from you regarding this call. I assume your letter of today means that you have withdrawn this offer. I am available for the 30(b)(6) deposition on November 16, 18, 21, 28-30. Please let me know which date works for you.

With respect to the number of depositions to be taken, Magistrate Judge Bowler has expressly allowed more than the 10 depositions allowed by Local Rule with respect to AstraZeneca, and the Track I Defendants generally have allowed more depositions than the 10 allowed by Local Rule as a matter of practicality. Moreover, Defendants have taken hundreds of depositions of third parties that is, in itself, a violation of the Local Rule. Further, even if we were held to 10 depositions, it would be impossible for Plaintiffs to identify the 10 most relevant witnesses without the full (or majority) production of Baxter's documents. If you intend to hold fast to the 10 deposition limit, please advise by Friday so that I may file a motion with the Court. If you do not advise by Friday, I will assume that you will allow more depositions than the 10 prescribed by Local Rule in light of the number of drugs at issue and the large-scale production which you intimate will be forthcoming.

Finally, in light of your admission that Baxter's document production will not be completed "for some [unspecified] time", I assume that you will agree to an extension of the Track II discovery schedule and that we can advise Magistrate Judge Bowler of the same tomorrow.

Merle M. DeLancey, Jr.
November 8, 2005
Page 3

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc: Kenneth A. Wexler
  Jennifer Fountain Connolly
  Steve W. Berman
  Sean Matt

# EXHIBIT 18

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2282*
*E-Mail Address: DeLanceyM@dsmo.com*

November 8, 2005

**BY FACSIMILE AND U.S. MAIL**

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 West Ranolph Street
Chicago, IL 60601

Re:     Baxter Healthcare Corporation

Dear Beth:

This responds to your October 31, 2005 letter, which raises three issues:  (1) alleged deficiencies in Baxter's document production, (2) your deposition notice for 49 current and former Baxter employees, and (3) your request to conduct a Rule 30(b)(6) deposition of Baxter concerning document preservation.

First, with respect to Baxter's document production, please recall that for nearly a year, plaintiffs made no effort to seek discovery from Baxter.  In July 2004, I wrote to your colleague Sean Matt to negotiate the scope of plaintiffs' document requests.  No one responded for nine months.  I called Matt in April 2005 to ask when Plaintiffs would respond.  Matt stated that he was not sure if he was still the attorney responsible for handling Baxter and indicated that someone would get back to me in two to four weeks.  Rather than renewing the efforts to negotiate the scope, we received two 30(b)(6) notices.  Baxter responded and Baxter witnesses have been deposed. Baxter also has produced over 35,000 pages of documents and made thousands of more pages available for plaintiffs' inspection.  In addition, Baxter has produced millions of lines of transaction data covering its Medication Delivery and BioScience divisions for the time period from 1991 through Q1 2005.

Baxter is in the process of a rolling production of both electronic and hard-copy files.  Baxter has over 45,000 employees with multiple offices throughout the United States.  Hard-copy files are being gathered and reviewed from individual employees and archives at multiple locations in the United States.  Electronic documents, including emails, are being gathered.  The number of drugs (over 100 NDCs)[1] and time period for which plaintiffs have sought documents, coupled with plaintiffs nearly one year delay has caused a corresponding delay in Baxter's ability to produce documents to plaintiffs.  For this reason, Baxter believes that its document

---

[1] This count does not include NDCs for the seven Anesthesia division products you have agreed are no longer being pursued by plaintiffs in the MDL.

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

Elizabeth A. Fegan, Esq.
November 8, 2005
Page 2

production may not be completed for several additional months. Had plaintiffs timely
responded to our July 2004 objections versus doing nothing for 9 or 10 months -- our
efforts might otherwise have been completed.

Second, you have hastily noticed the depositions of 49 current and/or former
Baxter employees. Your notice violates Local Rule 26.1(c) which limits a party to ten
depositions. In addition, the timing of your notice appears to suggest an eleventh hour
attempt to shift blame for plaintiffs' dilatory discovery efforts. For example, in May,
2005, your colleague Rick Meza noticed the depositions of Pam Koo and Candy Pullano.
On June 7, 2005, we informed you that we represent these former Baxter employees and
requested proposed dates for the depositions. To date, plaintiffs' counsel has never
responded.

Based upon the fact that Baxter's document production will not be completed
for some time, it appears premature to conduct these depositions. Nonetheless, if
plaintiffs seek to move forward, Baxter will make ten individuals available at mutually
convenient times and places.

Third, your October 31 letter revives your prior request for a Rule 30(b)(6)
deposition of Baxter concerning document preservation. As you may recall, on August
11, Baxter offered to make a 30(b)(6) witness available to you on any date between
September 19 and 22. It has been nearly 3 months and you have never responded.
Again, we are happy to schedule a mutually convenient time for such a deposition.
Please let me know at your earliest convenience when you would like to conduct this
deposition.

Sincerely,

Merle M. DeLancey Jr.

MMD/mgm

# EXHIBIT 19



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

ELIZABETH A. FEGAN
DIRECT • (312) 762-9235
BETH@HBSSLAW.COM

November 15, 2005

*Via E-Mail & U.S. Mail*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC  20037-1526

Re:    In re AWP Litigation

Dear Merle:

I am writing to confirm the substance of our meet and confer held this morning by telephone.

**Track II Discovery Deadlines**

We generally discussed Baxter's document production to date, and how to resolve the issues raised by Plaintiffs' pending Motion To Compel.  You suggested that the parties agree to an extension of the Track II Discovery Schedule with respect to Baxter and that Plaintiffs withdraw their Motion To Compel.

I agreed to withdraw Plaintiffs' Motion To Compel without prejudice based on our agreement as to the following dates to be proposed to the Court:

- Baxter to produce documents by June 1, 2006

- Oral discovery of fact witnesses to close in September 2006.

I agreed to circulate a proposed Joint Agreed Motion on this topic (and have since sent you a draft for consideration).

**Baxter's Document Production**

We also discussed my concern that the dates set forth above will only work if Baxter's document production is truly conducted on a rolling basis, noting that the dates will not be feasible if Baxter dumps the majority of documents on Plaintiffs on June 1,

Merle M. DeLancey, Jr.
November 15, 2005
Page 2

2006. You agreed, and stated that you intended to produce the documents on a rolling basis.

You stated that Baxter was just about ready to produce 25-27 boxes of documents (in electronic form[1]), and had 25 more boxes in the queue. You stated that part of the delay in the production of documents was the fact that Baxter recently moved its entire warehouse of documents and you just received the list of the boxes in the warehouse. You stated that you were currently deciding whether to produce the warehoused documents in electronic form or make them available for review. You stated that you were likely to make those documents available for review (although you would first conduct a privilege review).

### Deposition Limit

We discussed your recent written position that Baxter intended to strictly hold Plaintiffs to the 10-deposition limit proscribed by Local Rule. We discussed that it was Plaintiffs' position that we did not intend to harass Baxter by taking unnecessary depositions but that it was unreasonable to expect that 10 depositions would be sufficient in light of the number of drugs and divisions at issue. You responded that you intended to be reasonable and would not strictly hold Plaintiffs to the 10-deposition limit. We generally discussed Magistrate Judge Bowler's ruling on this issue with respect to AstraZeneca and the currently pending motion with respect to Aventis. We both agreed to work in good faith to resolve this issue when it becomes ripe as documents are produced.

### Spoliation Issue

We discussed Plaintiffs' request to proceed with the 30(b)(6) deposition on spoliation and preservation in November 2005. You stated that you thought this deposition was unnecessary and/or premature at this time, because Baxter's work on identifying whether documents were preserved has not been completed. I advised you that Plaintiffs did not wish to be in position down the road where Baxter claimed laches or that Plaintiffs had waived their right to seek relief from the Court if documents were in fact spoliated because of any perceived delay in bringing this issue to the Court. I stated that Plaintiffs needed to take the deposition this month *unless* you could provide a written letter of the process that Baxter has undertaken to date to address this issue and the

---

[1] I reiterated our request that these files be produced in the .DII format in order to be Summation ready.

Merle M. DeLancey, Jr.
November 15, 2005
Page 3

further steps that still need to be taken (and your plan therefor) before the issue becomes ripe. You agreed to provide a letter. Accordingly, we will defer this issue for a short time period pending your letter.

### Privilege Logs

Tina indicated that Baxter did not withhold any documents for the CMO 5 production, and thus no log would be forthcoming with respect to those documents. For the remaining productions, I have identified one privilege log. Tina indicated that there are others, which I may have misplaced. You agreed to provide me with copies of any privilege logs that Baxter has produced to date.

If the above does not conform to your understanding of our discussion, please let me know immediately.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Beth

Elizabeth A. Fegan

BF:BF
cc:    Steve W. Berman
       Sean Matt
       Kenneth A. Wexler
       Jennifer Fountain Connolly

1534.16 0003 LTR-IL.DOC

# EXHIBIT 20

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2282
E-Mail Address: DeLanceyM@dsmo.com

December 16, 2005

**BY FACSIMILE AND FEDERAL EXPRESS**

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 West Randolph St.
Chicago, IL 60601

Re:   Baxter's Response to Plaintiffs' Omnibus Requests for Production of
      Documents

Dear Beth:

Enclosed please find one CD-ROM containing Baxter Healthcare
Corporation's ("Baxter") production of documents (BAX MDL 0035870 - BAX MDL
0046862) in response to the above discovery requests. Baxter will provide a privilege
log for this production next week. Baxter's document production efforts will continue
on a rolling basis.

Included in this production are the following:

(i) non-privileged documents from the case files of Akin Gump Strauss Hauer
& Feld LLP related to prior governmental investigations of Baxter's Medication
Delivery division (including, but not limited to, publisher correspondence and bilateral
contracts);

(ii) non-privileged documents from the case files of Dickstein Shapiro Morin
& Oshinsky LLP related to prior governmental investigations of Baxter's BioScience
division (including, but not limited to, documents from Larry Guiheen, Gary Hurata,
and Peter O'Malley and sales training materials) and Baxter's Medication Delivery
division (including, but not limited to, documents from Kathleen Sullivan and Andrew
Thorrens);

(iii) more recently collected documents from or relating to Julianna Reed,
Michael Heggie, and Scott Hippensteel;

(iv) BioScience contract templates and pricing guidelines, provided by Brian
Carter; and

1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880
10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470
www.DicksteinShapiro.com
DSMDB.2018902.1

Elizabeth A. Fegan, Esq.
December 16, 2005
Page 2

(v) certain Medication Delivery Contracts and Group Purchasing Agreements from Julianna Reed's files.

By making this production, Baxter does not waive any jurisdictional, substantive, or procedural defect or any of its objections to Plaintiffs' discovery requests. The documents are also produced subject to, and without waiver of, the attorney-client, work product, and/or any other applicable privileges.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Merle M. DeLancey

Enclosures

MMD/emh

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

# EXHIBIT 21

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2282
E-Mail Address: DeLanceyM@dsmo.com

December 23, 2005

**BY FACSIMILE AND FEDERAL EXPRESS**

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 West Randolph St.
Chicago, IL 60601

Re:     Baxter's Response to Plaintiffs' Omnibus Requests for Production of
        Documents

Dear Beth:

Enclosed please find one CD-ROM containing Baxter Healthcare
Corporation's ("Baxter") production of documents (BAX MDL 0046863 – BAX MDL
0047662) in response to the above discovery requests. No privileged documents were
withheld from today's production. A privilege log for the December 16, 2005
production is also enclosed.

Included in today's production are the following:

     i.     Medication Delivery Reimbursement Support Hotline Binder,
       provided by Leslie Nelson. This binder was described, and
       requested, during Julianna Reed's 30(b)(6) deposition; and

     ii.     Claforan and Aggrastat Manufacturing Agreements.

By making this production, Baxter does not waive any jurisdictional,
substantive, or procedural defect or any of its objections to Plaintiffs' discovery
requests. The documents are also produced subject to, and without waiver of, the
attorney-client, work product, and/or any other applicable privileges. Baxter's
document production efforts will continue on a rolling basis.

1177 Avenue of the Americas •New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com

Elizabeth A. Fegan, Esq.
December 23, 2005
Page 2

Please do not hesitate to contact me should you have any questions.

Sincerely,

Merle M. DeLancey

Enclosures