

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL NO. 1456 |
| | ) | CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

# FUJISAWA HEALTHCARE INC.'S AND FUJISAWA USA, INC.'S INDIVIDUAL OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS

INTRODUCTION

The Court should decline to certify any class as against the Fujisawa defendants (Fujisawa HealthCare, Inc. and Fujisawa USA, Inc., collectively, "Fujisawa") because of Fujisawa's unique position in this litigation. Specifically, Fujisawa ceased manufacturing and selling multi-source generic drugs in May 1998, yet the Plaintiffs' Motion to Certify Claims With Respect To Track 2 Defendants ("Motion") and factual record focus almost exclusively on generic multi-source drug encounters after this date. For the further reasons below, Fujisawa requests that the Court deny Plaintiffs' Motion to certify any class against Fujisawa.

I.   **BACKGROUND**

In the Table of Subject Drugs attached to the Track 2 Proposed Order and submitted in conjunction with the Motion ("Table of Subject Drugs"), Plaintiffs identify thirty-two drugs (including variations in dosages and formats for several named drugs, and corresponding generic names) for which they propose to certify classes against Fujisawa. For the proposed representatives named against Fujisawa, Plaintiffs have provided documents reflecting administration almost exclusively of multi-source generic drugs for which Fujisawa no longer manufactured, sold, or reported prices at the time of the Plaintiffs' drug encounters.

Prior to May 1998, Fujisawa USA, Inc. ("FUSA") manufactured and sold generic drugs. *See* Aff. of Stephen Knowles (attached hereto as Ex. A) ¶ 6. Specifically, FUSA manufactured and sold under their respective generic names the following drugs: vinblastine sulfate, vancomycin hydrocholoride, acyclovir sodium, dexamethasone sodium phosphate, doxorubicin hydrochloride, fluorouracil and gentamicin sulfate. *Id.* ¶ 7.

On May 31, 1998, however, FUSA sold its interest in generic drugs to American Pharmaceutical Products ("APP"). *See* Knowles Aff. ¶¶ 6-7. As of this date, APP assumed all

legal responsibility for manufacturing, selling and setting/reporting prices for these generics, and Fujisawa's rights and responsibilities as to these generic drugs terminated. *See id.* Accordingly, for drug encounters indicating administration of and payment for these generic drugs after May 31, 1998, Plaintiffs were not administered any drug manufactured or sold by Fujisawa, and therefore did not pay Fujisawa's AWP for any of these drugs.

## II.   THE PROPOSED REPRESENTATIVES CANNOT REPRESENT A CLASS AGAINST FUJISAWA.

The representatives proposed by the Motion cannot represent a class against Fujisawa. The Motion specifies six putative representatives against Fujisawa: (1) Joyce and Robert Howe, (2) Larry Young and Estate of Patricia Young, (3) Roger Clark and Estate of David Clark, and (4) Harold Bean, for Class 1; (5) Sheet Metal Workers' National Health Fund ("SMW"), for Class 2; and (6) Pipefitters Local 537 Trust Funds ("Pipefitters"), for Class 3. *See* Motion at 2-3.[1]  For the reasons set forth below, these plaintiffs do not satisfy the proposed class definitions as against Fujisawa.

### A.   Joyce and Robert Howe

Robert Howe did not receive or pay for any drug manufactured by Fujisawa, and therefore cannot represent any class against Fujisawa. The Howes are proffered as representatives against Fujisawa based on purported payment for the drugs ████████ ████████████████████████ *See* Haviland Decl. in Support of Class Cert. Mot. ("Haviland Decl."), ¶ 3; FAMCC ¶ 18. These drugs – the only Fujisawa drugs allegedly

---

[1]   Although the FAMCC also names Susan Aaronson and Harold Carter as proposed representatives against Fujisawa, Plaintiffs no longer proffer these plaintiffs against Fujisawa in the Motion. Plaintiffs have never asserted the remaining proposed Class 1 representative, Hunter Walters, as a representative against Fujisawa.

administered to and paid for by Mr. Howe – are ███████████ See Table of Subject Drugs. ███████████████████████████████████████

███████████████████████████████████████

██████████ Mr. Howe therefore did not receive or pay for any drug manufactured or sold by Fujisawa. *See also* Report of Steven J. Young In Opp'n to Track 2 Class Cert. ("Young Rep."), Ex. 7, ¶ 18.

        B.     <u>Larry Young And The Estate of Patricia Young</u>

Similarly, Plaintiffs fail to support the allegations that Patricia Young was administered or paid for any drug manufactured or sold by Fujisawa. Plaintiffs proffer Ms. Young to represent a class against Fujisawa based on the purported administration of and payment for ██████

████████████████████████████ *See* FAMCC ¶ 21; Haviland Decl. ¶ 13.

First, Plaintiffs have not produced any document indicating that Ms. Young was administered ███████████████████████. Instead, the records produced indicate that Ms. Young was administered ████████████. Plaintiffs do not propose to certify a class against Fujisawa based on administration of ████████████ *See* Table of Subject Drugs (attached to Plaintiffs' [Proposed] Consolidated Order Re: Mot. for Class Cert. Track 2). In any event, Fujisawa did not and does not produce ███████████████ under ████████████████████████. *See* YOUNG 0430 (Ex. E to Haviland Decl.); *see also* Knowles Aff. ¶ 9; Young Rep., Ex. 7, ¶ 32.

---

[2] The Haviland Declaration claims that Ms. Young was administered a drug named ████████████████ Haviland Decl. at ¶ 13. However, the record cited in the Haviland Declaration indicates that the name of the drug administered to Ms. Young was ████████████ *See* YOUNG 0430 (Bates-numbered page included in Ex. E to Haviland Decl.).

Ms. Young similarly is not an adequate representative against Fujisawa on the basis of administration of ▮▮▮. As demonstrated above, ▮▮▮

▮▮▮

C. Roger Clark And The Estate of David Clark

The Clarks are not adequate class representatives and cannot be certified as representatives against Fujisawa. The Clarks are proffered as Class 1 representatives based on the purported administration of and payment for two drugs: ▮▮▮ ▮▮▮ See FAMCC ¶ 17; Haviland Decl. ¶¶ 23-24.

First, Plaintiffs no longer propose to certify a class against Fujisawa based on payment for ▮▮▮ as they have not included this drug in the Table of Subject Drugs upon which they base their claims against Fujisawa. See Table of Subject Drugs. In any event, Plaintiffs have not produced any documents indicating that David Clark was administered any drug known as ▮▮▮.[3]

Second, the Clarks cannot serve as a representative against Fujisawa based on administration of ▮▮▮ because Fujisawa did not manufacture or sell the drug on any of the dates that Mr. Clark received it. The earliest date on which Mr. Clark was administered ▮▮▮ after Fujisawa sold the division of its generic business with responsibility for ▮▮▮

---

[3] Two pages of documents included in the Clark production indicate that Mr. Clark was administered a drug known as ▮▮▮ See CLARK 0019 & 0160 (attached as Ex. B). It is unclear if this is the drug that serves as the basis for the allegations in paragraph 17 of the FAMCC. In any event, Fujisawa did not manufacture or sell this drug at the time Mr. Clark received it. See ▮▮▮

4

▇▇▇▇▇ Since Plaintiffs have failed to offer any evidence that Mr. Clark ever paid for or was administered a Fujisawa drug, the Clarks are not adequate representatives of any class against Fujisawa.

D.  Harold Bean

Defendants have not yet received any discovery or had a chance to perform expert analysis of Mr. Bean's claims, and the Track 2 Defendants maintain that such information is necessary to determine whether Mr. Bean can adequately represent a class. Fujisawa is uniquely situated, however. It is already clear that Mr. Bean cannot adequately represent a class against Fujisawa.[4]

Plaintiffs belatedly offer Mr. Bean as a class representative against Fujisawa based upon the purported administration of and payment for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ See Haviland Decl. ¶¶ 36-37. First, these drugs have not been proposed by Plaintiffs as Subject Drugs against Fujisawa. See Table of Subject Drugs.[5] Second, both drugs proposed as against Fujisawa, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ Fujisawa has neither sold nor manufactured these drugs since 1998, long before Mr. Bean's alleged administration of these drugs▇▇▇▇▇▇ See Knowles Aff. ¶¶ 6-7. Mr. Bean cannot represent any class against Fujisawa because he was not administered and did not make an AWP-based payment for any Fujisawa drug.

---

[4] Fujisawa does not waive, and specifically reserves, its right to submit additional argument concerning Mr. Bean after appropriate discovery.

[5] This Court has already ruled on Plaintiffs' previous attempts to belatedly insert new drugs into this litigation, see Elec. Order (4/13/06) ("I strike the new drugs."), and Plaintiffs should not be rewarded for ignoring that ruling.

5

E.  Sheet Metal Workers

Drug encounters reflected in the Sheet Metal Workers ("SMW") document production are subject to similar deficiencies. The purported Fujisawa Subject Drugs reflected in the SMW production are ████████████████████████████████████████████████████████████████████████████████████████████████████

The ████ Subject Drugs encounters reflected in the SMW documents (*i.e.*, for ████████████████████████████████████████████████████████████████████████ ██████████) all reflect dates of administration and payment after the sale of Fujisawa's generic drug business. Thus, these drug administrations do not reflect the administration or payment for any Fujisawa drugs, and cannot serve as the basis for certification of a class against Fujisawa. Additionally, these ██████████████████████ for which Plaintiffs have not provided any evidence to suggest or prove they were manufactured by any defendant, as distinguished from a non-defendant source. *See* Young Rep. ¶ 36.

In addition, the heightened complexity of cross-walking between J-codes and manufacturer-specific NDCs for multi-source drugs makes it infeasible to determine the actual manufacturer of a Subject Drug. *See* Young Rep. ¶¶ 12, 35. Subject Drugs like ██████████ ██████████ are referenced in SMW's claims only by J-codes or generic names. The J-code or generic name indicates that the drug could have been sold by one of as many as 15 separate manufacturers. *See, e.g.* ████████████████████████████████████████████ Yet, Fujisawa is one of the only ████████████████ manufacturers named as a defendant in this litigation. Plaintiffs provide no support for singling out Fujisawa. Being able to link the listed Subject Drug to specific manufacturers is particularly significant to ensure that generic drug encounters for ██████████████████ are not erroneously attributed to Fujisawa. The

6

minimal information available (*i.e.*, only J-code or generic description) precludes effective class treatment because of the complex and individual issues involved in cross-walking between generic description and specific manufacturer. *See* Young Rep. ¶¶ 12, 35; *see also* Decl. of Zachary Dyckman at 13.

The link between J-code, manufacturer, and AWP is even more attenuated in the circumstances of a drug like ▇▇▇▇ where a re-packager lists a separate AWP than the manufacturer or even other re-packagers. *See, e.g.*, ▇▇▇▇. In such cases, the complex and infeasible cross-walking process and individual issues would predominate and preclude straightforward identification of drug encounters for which reimbursement was based upon Fujisawa's AWP.

Finally, the SMW claim forms for Fujisawa's ▇▇▇▇ do not satisfy the Proposed Class 2 definition. The proposed definition is limited to TPPs that made reimbursements for drugs "purchased in Massachusetts."[6] Each of the SMW claims involving ▇▇▇▇ reveals, however, that ▇▇▇▇ Massachusetts. *See, e.g.,* SMWMASS 000353 (attached to Randle Decl., Ex. 3(h) ▇▇▇▇ *see also* Young Rep. ¶ 87. ▇▇▇▇, these encounters do not satisfy the class definition, and thus cannot serve as the basis to certify a class against Fujisawa.

---

6  SMW does not satisfy the alternative definition of having a principal place of business in Massachusetts. *See* FAMCC ¶ 30 (Fund office located in Goodlettsville, TN).

F.     Pipefitters Local 537 Trust Fund

Finally, Plaintiffs have offered documents reflecting only one drug encounter, for a single drug, to support certification of a proposed Class 3 against Fujisawa.  *See* Hannaford Decl. Ex 1.[7] The one drug encounter involves administration of ▮▮▮▮ ▮▮▮▮ Since this drug is ▮▮▮ that was no longer manufactured or sold by Fujisawa on the date of service, Plaintiffs have not identified any drug encounter involving a Fujisawa drug.  Thus, Pipefitters is not an adequate representative for any class against Fujisawa.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Track 1 and Track 2 Joint and individual briefs, Fujisawa respectfully requests the Court deny Plaintiffs Motion to certify any class against Fujisawa.

Respectfully Submitted,

BINGHAM MCCUTCHEN LLP

S. Elaine McChesney
150 Federal Street
Boston MA  02110
(617) 951-8501
(617) 951-8736 (fax)

---

[7]  The Pipefitters documents also reflect administrations of ▮▮▮▮▮▮ However, this is not proposed as a Subject Drug for Class 3 against Fujisawa.  *See* Hannaford Decl. Ex 1.  In any event, all encounters reflected in Pipefitters documents indicate dates of service in or after ▮▮▮ after Fujisawa's sale of its generics business.

8

REED SMITH LLP

By: /s/ Andrew L. Hurst

Andrew L. Hurst
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)

Michael T. Scott
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100
(215) 851-1420 (fax)

Attorneys for Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.

Dated: June 15, 2006

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Fujisawa Healthcare, Inc.'s and Fujisawa USA, Inc.'s Individual Opposition To Plaintiffs' Motion To Certify Claims With Respect To Track 2 Defendant was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on June 15, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.



    /s/ Andrew L. Hurst
    Andrew L. Hurst