UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>[FILED UNDER SEAL]<br>[REDACTED VERSION] |

**DEFENDANT IMMUNEX CORPORATION'S INDIVIDUAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS**

Defendant Immunex Corporation joins the Track Two Defendants' Memorandum in Opposition to Class Certification ("Joint Opposition"). Immunex submits this memorandum to address the inadequate class representatives proposed as to Immunex.

### I.   BACKGROUND REGARDING IMMUNEX CORPORATION

Immunex is a biopharmaceutical company formed in 1981. Decl. of Kathleen M. O'Sullivan in Supp. of Immunex's Individual Mem. in Opp. to Pls.' Mot. to Certify Claims with Respect to Track 2 Defs. ("O'Sullivan Decl.") ¶ 3, Ex. B. In 2002, Immunex was acquired by Amgen Inc. ("Amgen") and is now a wholly-owned subsidiary of Amgen. *Id.* ¶ 2, Ex. A; Decl. of Scott Foraker in Supp. of Immunex's Individual Mem. in Opp. to Pls.'

1

Mot. to Certify Claims with Respect to Track 2 Defs. ("Foraker Decl.") ¶ 2. Plaintiffs have identified Immunex "subject drugs" as Leukine, Novantrone,[1] Thioplex, leucovorin calcium, and methotrexate sodium. Fourth Amended Master Consolidated Complaint ("FAMCC"), Revised App. A at 17-18. Of those products, leucovorin calcium and methotrexate sodium are multi-source products that are available for sale from many pharmaceutical companies, including many companies that are not defendants in this litigation. *See* Expert Declaration of Steven J. Young ("Young Decl."), Ex. 6.

In June 2001, Immunex sold its rights to market and sell leucovorin calcium and methotrexate sodium to Xanodyne Pharmacal, Inc. (not a defendant in the MDL class action). O'Sullivan Decl. ¶ 3, Ex. B. In July 2002, as a condition to obtaining regulatory approval to the Amgen acquisition, Immunex sold the rights to market and sell Leukine to Schering AG Germany (also not a defendant in the MDL class action). *Id.* ¶ 2, Ex. A. In November 2002, Immunex entered into an agreement with Ares Trading S.A., a then wholly-owned subsidiary of Serono S.A. (not defendants in the MDL class action), pursuant to which Immunex licensed to Serono the exclusive right to market and sell Novantrone in the United States. Foraker Decl. ¶ 3. In November 2002, Immunex discontinued marketing and selling Thioplex. Accordingly, since November 2002, Immunex has not priced, sold, or marketed any of the "subject drugs" in this litigation.

## II. ANALYSIS

To meet Rule 23(a)(3)'s requirement for typicality, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as class members."

---

[1] The FAMCC Revised App. A. and other filings by Plaintiffs erroneously refer to Novantrone as "Novatrone."

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citation omitted). This Court has held that to meet the typicality requirement, "[p]laintiffs must establish that there is an individual class representative with standing to sue each defendant," i.e., that there is at least one class representative who paid for a drug sold by the defendant during the class period.[2] *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 80 (D. Mass. 2005). Here, Plaintiffs cannot show that any of the proposed class representatives have standing to sue Immunex, and therefore no class can be certified with respect to Immunex.

### A. Joyce Howe is Not a Typical Representative for Class 1 with Respect to Immunex

Plaintiffs identify only one proposed class representative for Class 1 with respect to Immunex – Joyce Howe, individually and on behalf of the Estate of Robert Howe. *See* Pls.' Mem. in Supp. of Mot. to Certify Claims with Respect to Track 2 Defs. ("Pls.' Mem.") at 2; [Proposed] Consolidated Order Re: Mot. for Class Certification Track 2 ("Proposed Order") ¶ 3. Plaintiffs state that "[t]he Haviland declaration establishes that each [Class 1] representative paid for a subject drug manufactured by the Track 2 Defendants." *Id.* With respect to Immunex drugs, the Haviland declaration merely states that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" *See* Haviland Decl. ¶ 5.

Joyce Howe does not have typical claims against Immunex for two reasons. First, she is not even a member of the class she purports to represent. The proposed class period is from January 1, 1995, to January 1, 2005. *See* Proposed Order at 5. However, as

---

[2] Immunex preserves its argument that a plaintiff who purchased a drug from a given defendant lacks standing to represent others who purchased a different drug from the same company where, as with Immunex, the pricing and sales practices differ from drug to drug.

3

[06735-0051 06735-0051/SL061570.235]

Mr. Haviland's declaration concedes, Mr. Howe was not administered ███ until ███ – after the end of the class period. This is supported by the only document produced by Plaintiffs in support of Mr. Howe's claims against Immunex. *Compare* Haviland Decl. ¶ 5 & Ex. A (HOWE 0245) *with* Proposed Order at 5. If Ms. Howe is not a member of the class, her claims are not typical of the class.[3] *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class.").

Second, the ███ that was administered to Mr. Howe in ███ could not have been sold to Mr. Howe's provider by Immunex. As of ███, Immunex had not been marketing or selling ███ for over three years. Foraker Decl. ¶ 3; *see also* Young Decl. Ex. 3-d. Accordingly, Ms. Howe has no claim against Immunex, and therefore cannot represent a class with respect to Immunex.

## B. Sheet Metal is Not a Typical Representative for Class 2

Plaintiffs propose Sheet Metal as a Class 2 representative with respect to Immunex as to three drugs – leucovorin calcium, methotrexate sodium, and Novantrone. *See* Affidavit of

---

[3] Additionally, Plaintiffs have not established that Mr. Howe's provider was reimbursed based on AWP, even if this transaction had occurred during the class period. Plaintiffs acknowledge that in 2005 CMS began reimbursing Medicare Part B drugs based on "Average Sales Price" ("ASP") but state that "███ Haviland Decl. ¶ 6. They conclude that the reimbursement ███ *Id.* But the document Plaintiffs use to support Mr. Haviland's statement (dated ███, even though it purports to reflect services received in ███) does not even reflect any payment. *See id.*, Ex. A (HOWE 0230). It is more likely that this ███ was reimbursed under Medicare Part A, as it was administered at ███ *Id.* (HOWE 0245). Medicare Part A reimburses hospital inpatient expenses, and is not based on AWP. *See* Young Decl. ¶¶ 47-48.

4

Glenn Randle ("Randle Aff."), Ex. 2. Exhibit 3(j) to the Randle Affidavit allegedly contains records of Sheet Metal's payments for Immunex drugs.

With respect to Novantrone, these documents indicate that Sheet Metal made payments from December 16, 2004, to January 27, 2005. *Id.*, Ex. 3(j) (SMWMASS000008, 000023, 000027, and 000039). Plaintiffs submitted no evidence that Sheet Metal made any payments for Novantrone prior to the time when Immunex ceased marketing that product in November 2002. *Id.* Thus, Sheet Metal is an inadequate proposed class representative as to Immunex because any payments were made after Immunex ceased sales and marketing of Novantrone. *Compare id. with* Foraker Decl. ¶ 3.

Other than Novantrone, Sheet Metal's claims against Immunex are limited to multi-source drugs – leucovorin calcium and methotrexate sodium – which means that Plaintiffs have no evidence that Sheet Metal paid for a drug sold by Immunex, as opposed to the identical drugs sold by a number of pharmaceutical companies, many of which are not even defendants in this litigation. Multi-source products are manufactured and distributed by a variety of companies, many of which are not parties to this lawsuit. Joint Opp. at 16; Young Decl. ¶ 36, Ex 6. There is no evidence that the products paid for by Sheet Metal were manufactured or distributed by Immunex. Young Decl. Ex. 4-B. In addition, no class can be certified with respect to generic drugs because reimbursement is rarely based on the AWP for a particular defendant's own drug, and identifying instances in which reimbursement for a particular defendant's generic drug was based on the AWP would require analysis on a transaction-by-transaction basis. *See* Joint Opp. at 16.

Sheet Metal cannot establish any claims against Immunex based on the claimed reimbursements of Novantrone, leucovorin calcium, and methotrexate sodium, and therefore

5

Sheet Metal has no claims against any of Immunex's subject drugs. Accordingly, Plaintiffs cannot show that Sheet Metal's claims are typical with respect to Immunex.

### C. Pipefitters Local 537 Trust Funds ("Pipefitters") is Not a Typical Representative for Class 3

Plaintiffs propose Pipefitters as the Class 3 representative. Pls.' Mem. at 3. They allege, only by means of a conclusory chart, that Pipefitters made an AWP-based payment for one Immunex drug – methotrexate sodium. Decl. of Charles Hannaford ("Hannaford Decl."), Ex. 1. The data produced by Plaintiffs, even if accurate,[4] indicates that Pipefitters made only one payment for methotrexate sodium, in August 2005. This was over four years after Immunex ceased marketing this product in June 2001. *See* O'Sullivan Decl. ¶ 3, Ex. B. Thus, Pipefitters could not possibly have paid for Immunex's methotrexate sodium. Additionally, because methotrexate sodium is a multi-source product, Plaintiffs have no evidence that Pipefitters paid for a drug sold by Immunex – even if it was purchased during a period when Immunex sold the product. *See supra*, p. 5; Joint Opp. at 16. Because there is no evidence that Pipefitters purchased an Immunex product, Pipefitters does not have any claims typical of those of Class 3 with respect to Immunex.

### III. CONCLUSION

For the forgoing reasons, as well as the reasons set forth in the Joint Opposition, Immunex respectfully requests that the Court deny Plaintiffs' motion for class certification with respect to Immunex.

---

[4] Pipefitters has not provided any of the underlying documentation necessary to substantiate the summary chart provided, and therefore it has not adequately supported any of its claims.

DATED: June 15, 2006.

*Kathleen M. O'Sullivan /MK*
_____
David J. Burman
Kathleen M. O'Sullivan
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Thomas J. Sartory
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112

Attorneys for Defendant Immunex Corporation

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I caused a true and correct copy of the Defendant Immunex Corporation's Individual Memorandum in Opposition to Plaintiffs' Motion to Certify Claims with Respect to Track 2 Defendants to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

By /s/ Kathleen M. O'Sullivan
Kathleen M. O'Sullivan