### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | JUDGE PATTI B. SARIS |

**AVENTIS PHARMACEUTICALS INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT V AND
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, OR IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO COUNT VII
BASED UPON PLAINTIFFS' FAILURE TO PROVIDE M.G.L. CH. 93A DEMAND**

Pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, Defendant Aventis Pharmaceuticals Inc. ("Aventis") is entitled to partial judgment in its favor with respect to the Massachusetts consumer protection claims alleged in Counts V and VII of Plaintiffs' Fourth Amended Master Consolidated Class Action Complaint ("FAMCC").[1]  While Plaintiffs alleged in the FAMCC that they made a prior written demand upon Aventis with respect to the consumer protection claims alleged in Count V, no such demand ever took place.  Because a prior written demand is a prerequisite to bringing suit, Count V must be dismissed with respect to Plaintiffs' claims against Aventis under Section 9 of Massachusetts General Laws chapter 93A.  With respect to the Massachusetts private consumer claims asserted in Count VII,

---

[1] A district court may rule on the merits of a summary judgment motion before deciding the class certification issue under Rule 23 of the Federal Rules of Civil Procedure.  Santana v. Deluxe Corp., 12 F. Supp. 2d 162, 179 (D. Mass. 1998) (Freedman J.).  See also Managing Class Action Litigation: A Pocket Guide for Judges at 6 (stating that it may be advantageous to rule on a motion for summary judgment before addressing class certification because it saves the court from having to "waste time dealing with increasingly complicated class certification issues in meritless cases.").

Plaintiffs have not even alleged that a prior demand was made on any defendant and Aventis is therefore entitled to judgment on the pleadings or, in the alternative, partial summary judgment in its favor as to these claims, to the extent that that Count VII is brought pursuant to Section 9 of Massachusetts General Laws chapter 93A

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In Count V of the FAMCC, Plaintiffs assert a claim under Section 9 of Massachusetts General Laws Chapter 93A and the consumer protection laws of other states on behalf of "a nationwide class of [consumers] who made a co-payment for a [Medicare] Part B covered drug manufactured by any defendant."  (FAMCC ¶¶ 588, 592-93)

2. With respect to Count V, Plaintiffs assert that "where demand on a defendant is required, such demand was made on or about October 6, 2005."  (FAMCC ¶ 595)

3. In Count VII of the FAMCC, Plaintiffs assert a claim under Section 9 of Massachusetts General Laws Chapter 93A on behalf of consumers who purchased physician-administered drugs outside the context of Medicare.  (FAMCC ¶¶ 604-13)

4. With respect to Count VII, Plaintiffs make no assertions as to whether they presented demands upon any of the Defendants.  (FAMCC ¶¶ 604-13)

5. Aventis has never received a Chapter 93A demand notice from Plaintiffs for any claim asserted in the FAMCC.  (Aventis Pharmaceuticals Inc.'s Answer to Plaintiffs' Fourth Amended Master Consolidated Class Action Complaint ¶ 595)

6. The Plaintiffs first raised the allegations referenced above in their Third Amended Master Consolidated Class Action Complaint, which was filed with this Court on October 17, 2005.  (Docket Entry No. 1781)

7. At all relevant times, Aventis maintained a place of business or held assets within the Commonwealth of Massachusetts.  (Declaration of Aimée E. Bierman ¶ 1)

**ARGUMENT**

Aventis is entitled to partial summary judgment on Count V of the FAMCC. As to Count VII of the FAMCC, Aventis is entitled to partial judgment on the pleadings or, in the alternative, partial summary judgment.

**I.    THE APPLICABLE LEGAL STANDARDS**

**A.    Motion for Judgment on the Pleadings**

Fed. R. Civ. P. 12(c) provides that, after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. A court's inquiry under Fed. R. Civ. P. 12(c) is "a limited one, focusing not on whether the plaintiff will ultimately prevail but on whether the plaintiff should be entitled to offer evidence to support a claim." Moghaddam v. Dunkin' Donuts, Inc., No. Civ. A. 02-11794-PBS, 2003 WL 22519474, *3 (D. Mass. Nov. 7, 2003); Canty v. Old Rochester Regional Sch. Dist., 54 F. Supp. 2d 66, 68 (D. Mass. 1999).

**B.    Motion for Summary Judgment**

Summary judgment should enter if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When a motion for summary judgment is made, the opposing party "may not rest upon mere allegations or denials," but instead must set forth "specific facts," supported by competent evidence, "showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## C. The Prior Written Demand Requirement.

To prosecute a claim under Section 9 of Massachusetts General Laws Chapter 93A, a consumer plaintiff must first send a "written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon."[2]  Rodi v. Southern New England School of Law, 389 F. 3d 5, 19 (1st Cir. 2004) (citing M.G.L. ch. 93A sec. 9(3)). A consumer plaintiff must send the Chapter 93A demand no less than thirty days prior to filing suit.[3]  See Rodi, 389 F. 3d at 19.  As the First Circuit has noted, the Chapter 93A demand "is not merely a procedural nicety, but rather 'a prerequisite to suit.'"  Rodi, 389 F. 3d at 19 (citing Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812 (1975)).  Indeed, this Court ordered the Plaintiffs to provide evidence that they satisfied this notice requirement.  In re Pharmaceutical Industry Average Wholesale Price Litigation, 230 F.R.D. 61, 84-85 (D. Mass. 2005) ("Plaintiffs have not alleged that they have complied with any notice provisions.  While most states allow a plaintiff to give notice subsequent to the case being filed, others require dismissal of the complaint.  Unless plaintiffs give evidence of compliance with the notice provisions, these states will be excluded.").

Accordingly, when a plaintiff does not fulfill the burden of proving that the Chapter 93A demand was timely sent or, alternatively, if the demand is deemed insufficient, courts routinely dismiss such claims either on summary judgment or on a motion for judgment on the pleadings.[4]

---

[2] As this Court has noted "[t]he states of Kansas, Missouri, New Jersey, Oregon, Washington, Alabama, Alaska, California, Georgia, Indiana, Maine, Massachusetts, Mississippi, Texas, and Wyoming possess special notice provisions for bringing consumer protection claims."  In re Pharmaceutical Industry Average Wholesale Price Litigation, 230 F.R.D. 61, 84 (D. Mass. 2005).

[3] The demand requirement only applies to defendants who maintain a place of business or keep assets within the Commonwealth.  See M.G.L. ch. 93A sec. 9(3).

[4] Courts also routinely grant motions to dismiss M.G.L. 93A sec. 9 claims.  See McMahon v. Digital Equip. Corp., 944 F. Supp. 70, 76 (D. Mass. 1996).

-4-

See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 543-44 (1st Cir. 1993) (affirming the District Court's grant of summary judgment on an M.G.L. ch. 93A sec. 9 claim where the plaintiff's demand letter did not sufficiently describe the alleged harm sustained nor the damages requested); Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995) (affirming summary judgment entered in defendant's favor when the plaintiff did not assert compliance with the Chapter 93A demand requirements and failed to satisfy his burden of alleging and proving the timely sending of a demand); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285 (1985) (affirming the grant of a motion for judgment notwithstanding the verdict when the plaintiff neither alleged nor produced sufficient evidence that a 93A demand had been sent).

## II.    AVENTIS IS ENTITLED TO PARTIAL SUMMARY JUDGMENT AS TO COUNT V

In Count V, Plaintiffs assert a claim under Section 9 of Massachusetts General Laws Chapter 93A and the consumer protection laws of other states on behalf of "a nationwide class of [consumers] who made a co-payment for a [Medicare] Part B covered drug manufactured by any defendant." (Statement of Undisputed Facts ¶ 1)  These allegations were first raised in Plaintiffs' Third Amended Master Consolidated Class Action Complaint ("TAMCC"), which was filed with this Court on October 17, 2005. (Statement of Undisputed Facts ¶ 6)  While Plaintiffs assert that "where demand on a defendant is required, such demand was made on or about October 6, 2005," Aventis is not aware of the Plaintiffs sending such a demand letter to Aventis at any time. (Statement of Undisputed Facts ¶¶ 2, 5)  In as much as Aventis, at all relevant times, maintained a place of business or held assets within the Commonwealth of Massachusetts, the demand requirements of Section 9 apply to Aventis.  (Statement of Undisputed Facts ¶ 7)

Plaintiffs' failure to send Aventis a Chapter 93A demand warrants dismissal of their claims.  See Linton v. New York Life Ins. and Annuity Corp., 392 F. Supp. 2d 39, 42 (D. Mass.

2005); Thorpe, 984 F.2d at 543-44; McMahon, 944 F. Supp. at 76.  Moreover, to the extent that such a demand, even if made, was not timely, Plaintiffs' claims under Section 9 of Massachusetts General Laws Chapter 93A are barred.  See Wall v. Altenhof, No. 99-P-1542, 2003 WL 18757630, at *3 (Mass. App. Ct. Apr. 10, 2003) (affirming defendant's motion for summary judgment on the basis that the record established that the 93A demand was not timely sent).

**III.  AVENTIS IS ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNT VII, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

In Count VII of the FAMCC, Plaintiffs assert a claim under Section 9 of Massachusetts General Laws Chapter 93A on behalf of consumers who purchased physician-administered drugs outside the context of Medicare.  (Statement of Undisputed Facts ¶ 3).  These allegations were first raised in the TAMCC, which was filed with this Court on October 17, 2005.  (Statement of Undisputed Facts ¶ 6)  With respect to these claims, Plaintiffs do not even allege that they presented Aventis with a demand.  (Statement of Undisputed Facts ¶ 4).  This pleading deficiency alone is fatal to their 93A claims.  See Linton, 392 F. Supp. 2d at 42 (noting that the failure to include an assertion regarding compliance with the Chapter 93A demand requirement dictates dismissal of the M.G.L. ch. 93A sec. 9 claim for failure to state a cognizable claim for relief); Rodi, 389 F.3d at 19.  Aventis is therefore entitled to judgment on the pleadings as to Count VII.

Moreover, Aventis never received a Chapter 93A demand for the claims asserted in Count VII of the FAMCC.  (Statement of Undisputed Facts ¶ 5).  As to Count VII, Aventis is therefore entitled to partial summary judgment for the claims brought under Section 9 of Massachusetts General Laws Chapter 93A.  See Linton, 392 F. Supp. 2d at 42; Thorpe, 984 F.2d at 543-44; McMahon, 944 F. Supp. at 76.

**CONCLUSION**

WHEREFORE, Aventis respectfully requests that this Court enter an order granting Aventis' Motion for Summary Judgment as to Count V of the FAMCC and Motion for Judgment on the Pleadings, or in the Alternative, Partial Summary Judgment as to Count VII of the FAMCC, with respect to the M.G.L. ch. 93A Section 9 claims set forth therein.  Aventis also requests that the Court grant such other and further relief as the Court deems appropriate.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1, Aventis hereby respectfully requests that the Court schedule oral argument on the foregoing motion**.**

Dated:  June 30, 2006

/s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
 mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
 abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicolas P. Mizell
Elizabeth S. Rowe
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550
Attorneys for Aventis Pharmaceuticals Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Aimée E. Bierman
Aimée E. Bierman

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on June 30, 2006, counsel for Aventis Pharmaceuticals Inc. conferred with counsel for plaintiffs on this motion. Plaintiffs indicated that they will not assent to this Motion

/s/ Aimée E. Bierman
Aimée E. Bierman