

JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

May 9, 2006

**Via Electronic Mail**

Mr. Christopher R. Dillon
Ropes & Gray
One International Place
Boston, MA  02110-2624

Re: Nevada AWP Actions

Dear Christopher:

This letter is a partial reply to your letter dated April 28, 2006 ("April 28, 2006 Letter"). The State of Nevada disagrees with many of the characterizations and positions taken in your letter. This will not be the State's only response on topics raised.

*Outstanding Document Requests*

Numerous documents have been produced since the April 28 Letter. We will not recount those productions here.

**Category 1:** Lack of cooperation and full disclosure among drug defendants is a defense problem. The State has met its discovery obligations by producing responsive defendant-specific documents located for that defendant to the specific defendant and asking the defendant to share the information with other defendants as it deems appropriate. The State has no obligation to provide a list of the documents produced by drug manufacturer name. Further, the State has no obligation to produce similar documents for drug manufacturers not in the case. In most cases, documents in this category contain information defendants deem confidential and proprietary. Defendants other than your clients have written to thank us for treating their documents in this way. Your own clients have withdrawn copies of this type of communications introduced as exhibits at depositions because of their sensitivity. The State will not bear the responsibility of divulging this information. Defendants should obtain this information from one another.

ATTORNEYS AT LAW                                   SEATTLE    LOS ANGELES    CAMBRIDGE    PHOENIX    CHICAGO
T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE    SUITE 2900    SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001534-13 107470 V1

Mr. Christopher R. Dillon
May 8, 2006
Page 2

We have produced responsive correspondence for Warrick and Schering-Plough. As a practical matter, if you have produced these to your co-defendants, it would seem that you are in a good position to broker a "show me yours; show you mine" exchange. Leave the State out of it.

**Category 2:** Responsive documents will be produced in accordance with the procedure detailed under Category 1 above.

**Category 6:** The State has not located responsive documents. The State disagrees that just because the information might be available to First Health, the State necessarily has access to this information. Furthermore, defendants have not demonstrated that the historical information is in First Health's possession. Moreover, the same information is the subject of defendants' December 2, 2005 subpoena to First Health. The State has not been provided with copies of documents that First Health provided defendants in response to this subpoena. Defendant (sic) First Health Group Corporation's Response to Subpoena to Produce Documents dated March 17, 2006 indicated that First Health would provide a sampling of responsive MAC documents would be provided to defendants. Document produced by First Health may include the information you seek.

**Category 7:** The State Medicaid library has been checked. There are no responsive OIG or CMS reports to produce.

As for the HCFA-64 reports, the State has produced sample HCFA 64 reports. This is what led GSK on behalf to request access to the complete set of available reports. The State has already made them available as kept in the ordinary course of business. Because of their volume, defendants must review them before they are copied. I believe sample reports have been used as exhibits at certain depositions. You should check with Covington and Burling about these reports.

**Rebate Data:** The State is inclined to agree to a stipulation. However, before we do so we request defendants to provide us with copies of the rebate data to review and a draft of the stipulation language.

*30(b)(6) Notice*

**Topics 1-6:** As an initial matter, defendants are *not* entitled to discovery with respect to Topics 2, 3 and 5 and therefore, contrary to your suggestion in the April 28, 2006 Letter, we will not produce witnesses with knowledge on those topics. Magistrate

Bowler did *not* order the State to provide discovery on all the non-Medicaid agencies from which the defendants sought discovery. Defendants were limited to three entities of their choosing. Defendants chose the Division of Mental Health and Developmental Services, Senior Rx, and the Public Employee Benefits Fund. We will provide witnesses as described in previous correspondence.

These witnesses will not be Fed. Rule 30(b)(6) witnesses. Your April 28 letter is the first suggestion by defendants that they would like to treat the upcoming non-Medicaid witnesses as Fed. R. Civ. P. 30(b)(6) witnesses. This was not our understanding of the purpose and scope of these depositions as ordered by Magistrate Bowler. Defendants' motion to compel non-Medicaid discovery was filed in January 31, 2006, the same data as Defendants' Second 30(b)(6) notice. Obviously, the target of the motion to compel could not have been the deposition notice. Defendants could not have moved to compel a deposition notice that had not yet become due. Consistent with that point, the prospect of treating the witnesses as 30(b)(6) witnesses was not raised in defendants' briefing on the motion to compel nor, to my understanding, at the oral argument. Furthermore, the 30(b)(6) notice as it relates to non-Medicaid entities is broader than the discovery expectations outlined in Katie O'Sullivan's March 30, 2006 letter. For a month before your letter, have been operating off the March 30, 2006 O'Sullivan Letter as we selected witnesses whose files would be searched and would be produced for deposition.[1]

The witnesses will testify about their knowledge only. Because drug acquisition and reimbursement for these entities is often handled by outside vendors, you will likely find that the state employees have little knowledge of the topics in which defendants are interested. The State is having difficulty even locating documents that detail drug acquisitions and reimbursement rates. The documents we have produced to date reflect these difficulties as will the witness testimony.

**Topics 7-14 and 17:** The State objected to the notice in its entirety shortly after it was received. April 10, 2006 was a follow up. Please consult with your co-defendants regarding earlier communications regarding the State's objections.

---

[1] Ms. O'Sullivan's letter related to the Montana and Nevada AWP cases. In the Montana case, there has been no expectation communicated that either the State would provide six witnesses or that the witnesses would be deemed to be Fed. R. Civ. P. 30(b)(6) witnesses.

Mr. Christopher R. Dillon
May 8, 2006
Page 4

In addition to objections to the subject matters, the State objects to the burden created by this notice. Defendants have taken an excessive number of depositions in this case. Additional depositions are unnecessary.

As for defendants suggestion that the State "adopt" the testimony of "some of the State witnesses . . . on these topics" in lieu of producing 30(b)(6) witnesses, this proposal is vague. Before evaluating this offer, the State would need to know what topics, what witnesses and what portions of their testimony defendants propose the State should "adopt."

We are willing to discuss this further. The State is prepared to move for a protective order if necessary.

### *Claims Data*

First Health has agreed to produce certain claims data. Jason Litow and Ron Dove had negotiated extensively with First Health since August, 2005 for the claims data from 2003 to the present, including physician administered drugs. First Health presented them with a proposal, with costs, for producing the data. The proposal was dated March 28, 2006 and was addressed to Jason Litow. To my knowledge, no defendant has followed up the pending proposal.

The April 28, 2006 letter is the first time defendants have requested claims data for "any reimbursement of the Medicare co-pay"; or "any parens patriae claims." instance. The data that has been produced by the State today is the product of extensive negotiations with defendants. Defendants dictated the data fields they wanted provided. These areas will be covered by the State's expert reports at the appropriate time. The parens patriae claims will be supported by defendants' own data.

### *Electronic Discovery*

We disagree with your statement that as it relates to electronic discovery it is "the State's burden to search the files of *all individuals* that have relevant documents." April 28, 2006 Letter at 5. Magistrate Judge Bowler ordered the State to search the files of witnesses who have been or will be deposed. As explained to you last week, the State followed the list provided by Covington and Burling in the December 14, 2005 letter. We e-mailed you before the State launched the electronic searches asking you to confirm that this is the list we should use. When we did not hear back from you, we

Mr. Christopher R. Dillon
May 8, 2006
Page 5

assumed it was the appropriate list. We will add the additional witnesses to the list, if time permits.

The April 28, 2006 Letter asked us to explain "why the data is not available" for "Ms. Wright, Mr. Thomson (sic), and Ms. Squartsoff." We disagree that we have any additional obligation to provide the explanations you request regarding available electronic information. Defendants have already taken the depositions of two IT staff people in this case: Mel Rosenberg and Ron Swenson. Nevertheless, Mr. Rosenberg informs me that the tenures and email accounts of these former Medicaid employees predated the current system.

### Depositions

As previously communicated, we are working to schedule the remaining Nevada witnesses for the week of May 22, 2006. Any information you can provide on the expected duration of the depositions for each witness would be helpful.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Jeniphr A.E. Breckenridge

cc:  L. Timothy Terry