UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs., Inc., et al.*, Case No. CV-2-00260 (Nevada I),<br><br>*State of Nevada v. American Home Products, et al.*, CA NO. 02-CV-12086-PBS (Nevada II), and<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.) | |

**DECLARATION OF BRIAN FEDOTIN IN SUPPORT OF MEMORANDUM OF LAW IN OPPOSITION TO MONTANA'S AND NEVADA'S MOTION FOR A PROTECTIVE ORDER RELATING TO DEFENDANTS' SECOND SUBPOENA TO BLUE CROSS BLUE SHIELD OF MONTANA AND DEPOSITION NOTICE TO MMCAP**

I, Brian G. Fedotin, declare:

1. I am an associate at Shook, Hardy & Bacon, LLP and I am one of the attorneys representing defendant Aventis Pharmaceuticals in these cases. I make this declaration in support of defendants' memorandum of law in opposition to the States' motion for protective order relating to the defendants' subpoena to non–parties Blue Cross Blue Shield of Montana ("BCBSMT") and the deposition notice to the Minnesota Multi-State Contracting Alliance for Pharmacy ("MMCAP").

2. This declaration sets forth certain facts in support of defendants memorandum in opposition to the States' motion for protective order.

1

3.     On behalf of defendants, I served a subpoena on MMCAP on January 31, 2006, which included a notice of deposition for February 21, 2006.

4.     On or about February 14, 2006, after conferring with Greg Huwe, I narrowed the scope of the subpoena and agreed to accept document production in early May. (See Ex. 1).

5.     After MMCAP agreed to produce data concerning drug pricing and sales to Montana and Nevada based participants of MMCAP, I agreed to indefinitely postpone the February 21, 2006 deposition.

6.     On or about March 13, 2006, MMCAP produced a DVD consisting of more than 650 files in 6 folders.

7.     On or about March 24, 2006, I emailed Mr. Huwe to request additional codes to interpret the data. (Ex. 1)  The additional definitions, provided on or about March 27, 2006, were not sufficient to interpret the data.  As a result, I continued to communicate with Mr. Huwe to attempt to arrange a deposition.

8.     On or about May 31, 2006, I sent a fax to Mr. Huwe reminding him that I was still seeking deposition dates and names of potential MMCAP witnesses. (Ex. 2)  I sent him a follow up letter on or about June 9, 2006.

9.     It was not until June 15, 2006, that MMCAP confirmed that Ms. Svitak was the most knowledgeable witness and that she would be available for deposition on June 23, 2006.

10.    On June 15, 2006, I served a notice for the deposition of Ms. Svitak of MMCAP.

11.     On June 15, 2006, I placed a courtesy call to Ms. Jeniphr Breckenridge, counsel to the States, advising her that I would be serving a deposition notice for June 23.  During the call, Ms. Breckenridge stated her intention to file a protective order.  I acknowledged her objection, agreed to a meet and confer, and served the notice.

12.     During this meet and confer, I advised Ms. Breckenridge that the deposition would be brief and would address three major areas: (1) pricing information available to the States; (2) field codes and missing definitions necessary to analyze the data produced back in March; and (3) authentication of the data for use at trial.  During the meet and confer, the States were unwilling to negotiate the terms of an MMCAP deposition.

I swear under penalty of perjury under the laws of Missouri and the United States of America that the foregoing is true and correct.

**SHOOK, HARDY & BACON L.L.P.**

By: _s/ Brian G. Fedotin_____
    Brian G. Fedotin
    Admitted *pro hac vice*

2555 Grand Blvd.
Kansas City, MO 64108
T: 816- 474-6550
F: 816-421-5547

July 5, 2006
Kansas City, Missouri