# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **FILED UNDER SEAL** |

## DEY'S INDIVIDUAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS

**[REDACTED VERSION]**

**KELLEY DRYE & WARREN LLP**
**101 Park Avenue**
**New York, New York  10178**
**Telephone:  (212) 808-7800**
**Facsimile:  (212) 808-7897**

**Attorneys for Dey, Inc.**

**Of Counsel:**

**William A. Escobar**
**Christopher C. Palermo**
**Philip D. Robben**

Defendant Dey, Inc. ("Dey") respectfully submits this memorandum in opposition to Plaintiffs' Motion to Certify Claims with respect to Dey. For the reasons set forth in the Track Two Defendants' Memorandum In Opposition To Class Certification, the motion for certification should be denied. In addition, since Plaintiffs fail to propose a single class representative with standing to sue Dey, Plaintiffs' motion should be denied as to Dey for this independent reason as well.[1]

I. **SUMMARY OF ARGUMENT**

As to Class 1, Plaintiffs propose two individuals – Hunter G. Walters and Harold Bean – as representatives.[2] None of the evidence proffered by Plaintiffs demonstrates a single payment by Mr. Walters for Dey's drugs, based on average wholesale price ("AWP") or otherwise. Not only is there no evidence Mr. Walters paid on the basis of Dey's AWP, the evidence in the record discloses that Mr. Walters was the beneficiary of a program, provided by his mail order pharmacy ▓▓▓▓▓▓▓▓▓▓▓▓, which he applied for at the start of his relationship with the pharmacy. Under the terms of this program, Mr. Walters was only obligated to make flat co-payments for his medication. He was not obligated to make the 20% Medicare co-insurance payment. As the proposed Class 1 definition excludes persons who made flat co-payments, Mr. Walters may not serve as a Class 1 representative for this reason alone.

Plaintiffs ask the Court to put aside the evidence which shows that ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and assume that Mr. Walters made a single AWP-based payment for Dey's products because he ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] Documents cited herein as "Walters ____" are annexed, in Bates number order, as Ex. A to the accompanying Declaration of Philip D. Robben, dated June 15, 2006 ("Robben Decl."). Transcript pages cited herein as "Walters Tr. ____" are annexed as Ex. B to the Robben Decl.

[2] On June 8, 2006, the Court allowed Plaintiffs to add Mr. Bean as a proposed class representative. No discovery has been taken of Mr. Bean. Plaintiffs have not met their burden of establishing that Mr. Bean paid for a Dey drug based on AWP. However, Dey will serve its opposition to Mr. Bean serving as a Class 1 representative at an appropriate time after discovery as to Mr. Bean is complete.

██████████████████████████████████████████████ However, there is simply no evidence which demonstrates what the ███████ was for or what the basis for it was (AWP-based or otherwise). Plaintiffs' other arguments similarly require the Court to make assumptions and draw conclusions not supported by the evidence. Since Plaintiffs cannot prove that Mr. Walters made payments for Dey's drugs on the basis of Dey's AWP, Plaintiffs cannot show that Mr. Walters has standing to serve as a class representative with respect to Dey.

Plaintiffs' other proposed class representatives, Sheet Metal Workers National Health Fund ("Sheet Metal") (Class 2) and Pipefitter's Local Union 357 Trust Funds ("Pipefitters") (Class 3), also lack standing at to Dey. At best, Plaintiffs' submission evidences payments by these entities for generic drugs manufactured not only by Dey but also other companies. Nothing in Plaintiffs' proffer shows that the drugs these entities allegedly paid for were, in fact, manufactured by Dey. Thus, these entities lack standing and may not serve as class representatives against Dey.

## II.     ARGUMENT

As this Court previously held, "Plaintiffs must establish that there is an individual class representative *with standing to sue each defendant*." *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 80 (D. Mass. 2005) (emphasis added). In this context, standing requires proof of payments on the basis of AWP: where the "named class representatives made no payments based on AWP," they are "not a member of the class" they seek to represent. *Id.* Thus, Plaintiffs must show that each proposed class representative against Dey paid for a drug supplied by Dey during the class period at a price based on Dey's AWP.

### A.     Mr. Walters Lacks Standing to Serve As A Class Representative Against Dey

Plaintiffs allege that, during the class period, Mr. Walters was charged based on AWP for ████████████████████████ manufactured by Dey. (*See* FAMCC ¶ 24.)

Admittedly lacking any evidence to support their allegations, Plaintiffs have since abandoned their claim that [redacted] (Haviland Decl. at 7 n.3.) However, Plaintiffs continue to press their claim that [redacted] In fact, the evidence shows that Mr. Walters [redacted] not Medicare's 20% co-insurance, under a program [redacted] provided by his pharmacy. This fact alone – [redacted] – excludes Mr. Walters from the class he seeks to represent.

The record evidence establishes that [redacted] (Walters Tr. 57:22-58:11.)[3] [redacted] (Walters Tr. at 80:15-81:17.) [redacted] (Walters 0012.) [redacted] (*Id.*)

[redacted] (Walters 0011.) [redacted]

---

[3] At best, Plaintiffs' evidence shows that [redacted] As Plaintiffs concede, [redacted]. (Haviland Decl. ¶ 16.) Indeed, a document produced by Plaintiffs, dated [redacted] (Walters 0009), indicates that [redacted] (*See also* Walters Tr. 68:17-22.) Mr. Walters testified that [redacted] (Walters Tr. 125:15-127:3.)

███████████████████████████████████████

████████

Mr. Walters testified that ████████████████████████

████████████████████████████████████████

██████████████████████████████

██████████████████████████████
█████████
████████████████████████
███████████████████████████
████████████████████████████████
███████████████████████████████
████████████████████████████
████████████████████████████
███████████████████

(Walters Tr. at 85:9-86:6.) ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████

According to Mr. Walters' testimony, ████████████████

████████████████████████████████████████

(Walters Tr. 87:13-17.)  Indeed, an undated letter ██████████████

████████████████████████ indicates that ████████████████

████████████████████████ (Walters 0112.)  That letter also set

forth ████████████████████████████████████

- 4 -

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.[4]

Later, effective May 1, 2004, ███████████████████████████████

████████████████████████████ (Walters 0015.)  While Mr. Walters testified that

███████████████████████████████████████████████████████████████

████████████████████████████████████████ (Walters Tr. 141:13-143:3.)  What is clear from the record, however, is that ████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████.

Faced with this record, which establishes that █████████████████

██████████████████████████ Plaintiffs resort to a host of unavailing arguments.[5]

First, Plaintiffs try to show that █████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████  Neither document supports Plaintiffs' motion.

Tellingly, Plaintiffs did not produce any invoices or other documents which reflect charges actually billed to, and paid by, Mr. Walters during the class period on account of Dey's ████████████ or ████████████. (Walters Tr. 155:11-21.) ████████

███████████████████████████████████████████████████████████████

---

[4] ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

[5] In addition to the arguments discussed below, Plaintiffs argue that ████████
███████████████████████████████████████████████████████████████
████████████████████ (Haviland Decl., at 8 n.4.)  Plaintiffs argument, based on nothing more than Plaintiffs' counsel's guess about hand-written notes, should be rejected.

███████████████████ (Walters 0001) (emphasis added).  ████████████

████████████████████████████████████████████████████████████

██████████████████████.[6] ████████████████████████████████

This document, █████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████

        Plaintiffs next argue that, ████████████████████████████

███████████████████████████████████████████████ Plaintiffs'

argument is flawed.  There is nothing in the record to indicate that ██████████████

████████████████████████████████████████████████████

        Finally, Plaintiffs try to avoid the fact of Mr. Walters' enrollment in the ██████

████████████████████████████████████████████████████████████

███████████████████████████████ In support of this argument, Plaintiffs

point to ███████████████████████████████████████████████ (Walters

0060.) Plaintiffs' argument stemming from ██████████ is based on nothing but Plaintiffs'

counsel's guesswork.  Neither Plaintiffs nor ██████████ produced an invoice which would

indicate the ████████████████████████. Mr. Walters deposition testimony, on which

---

6  ██████████████████████████████████████████████████████████

    (*See, e.g.*, Walters 0086; Walters 0088.) ████████████████████████████

    ██████████████████████████████████████████

Plaintiffs rely, is silent as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[7] If anything, Mr. Walters' testimony suggests that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Walters Tr. 142:14-143:3, 144:22-147:5.) Certainly, an even amount is more suggestive of a flat co-payment than it is of a fractional 20% co-insurance payment. Plaintiffs do not explain how an even dollar payment purportedly corresponds in any meaningful way with a co-insurance obligation allegedly based on fractional AWPs. Thus, it is impossible on the present record to determine whether the ▮▮▮▮▮▮▮ was made on account of Mr. Walters' ▮▮▮▮▮▮▮▮▮▮▮ or some other charge, and Plaintiffs' speculative argument based on the ▮▮▮▮▮▮▮ should, therefore, be rejected.

### B. Sheet Metal Lacks Standing To Serve As A Class Representative Against Dey

Plaintiffs propose Sheet Metal as the Class 2 representative with respect to Dey. Plaintiffs allege that Sheet Metal made reimbursements for ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ Randle Aff., Exs. 2 and 3(g). However ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ are multiple-source drugs manufactured by a number of pharmaceutical companies. Since Sheet Metal's records only disclose ▮▮▮▮▮ for ▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ ▮▮▮▮▮, it cannot prove that the drugs it allegedly paid for was manufactured by Dey.[8] (Randle Aff., Ex. 3(g).) In addition, the ▮▮▮▮▮▮▮▮▮▮ Plaintiffs point to, (Randle Aff., Ex. 3(g)), allegedly occurred on ▮▮▮▮▮▮▮▮, outside the class period which ends on January 1, 2005.

---

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[8] *See* Young Rept. ¶¶ 35-36. The Randle Aff. candidly concedes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Randle Aff. ¶ 6 (emphasis added).

*See* Proposed Order, § III.1.  Since Sheet Metal cannot establish it paid for Dey's drugs, Plaintiffs cannot show that Sheet Metal has standing with respect to Dey.

### C. Pipefitters Lacks Standing To Serve As A Class Representative Against Dey

Plaintiffs propose Pipefitters as their Class 3 representative.  They allege – in summary fashion, only by means of a conclusory chart – that Pipefitters made AWP-based payments for ▇▇▇▇▇.  (Hannaford Decl., Ex. 1.)  The Pipefitters data Plaintiffs produced, however, suggests, at best, that Pipefitters made ▇▇▇▇ for ▇▇▇▇ during ▇▇ and ▇▇.  Pipefitters' records contain no indication of the source of this ▇▇▇▇.  Rather, all that the Pipefitters data contains is the ▇▇▇.  There is no evidence that the ▇▇▇▇ Pipefitters allegedly paid for was manufactured by Dey.  Since Pipefitters does not have standing with respect to Dey, it cannot serve as a representative of Class 3 against Dey.

### III. CONCLUSION

For the reasons set forth above, Dey respectfully requests that this Court deny the Plaintiffs' Motion to Certify Claims with respect to Dey.

Dated:  June 15, 2006

                Respectfully submitted,

                KELLEY DRYE & WARREN LLP


                By: /s Philip D. Robben
                    William A. Escobar (*Pro Hac Vice*)
                    Christopher C. Palermo (*Pro Hac Vice*)
                    Philip D. Robben (*Pro Hac Vice*)
                101 Park Avenue
                New York, New York  10178
                Telephone:  (212) 808-7800
                Facsimile:  (212) 808-7897

                Attorneys for Dey, Inc.

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following attorneys for the Plaintiffs at the address designated by them for service of papers:

Thomas M. Sobol, Esq.  
Hagens Berman Sobol Shapiro LLP  
One Main Street, 4th Floor  
Cambridge, MA 02142  

Donald E. Haviland, Jr.  
Kline & Specter, P.C.  
1525 Locust Street, 19th Floor  
Philadelphia, PA 19102  

by depositing true and correct copy of the foregoing document enclosed in a prepaid, sealed wrapper, in an official depository under the exclusive care and custody of the United States Post Office, within the State of New York, on June 15, 2006.

      /s Peter Boiko  
**PETER BOIKO**