# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ) ) ) | Civil Action No. 01-12257-PBS |
| CLASS ACTIONS, *State of Montana v. Abbott Labs Inc., et al.,* 02-CV-12084-PBS, *State of Nevada v. American Home Prods. Corp., et al.* 02-CV-12086-PBS, *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS ) ) ) ) ) ) ) | Judge Patti B. Saris

Chief Magistrate Judge Marianne B. Bowler

FILED UNDER SEAL |

**WARRICK PHARMACEUTICALS CORPORATION'S MEMORANDUM IN OPPOSITION TO CERTAIN PLAINTIFFS' MOTION TO QUASH MAY 18, 2006 AMENDED NOTICE OF DEPOSITION OF HARVEY WEINTRAUB AND IN SUPPORT OF CROSS MOTION FOR LEAVE TO TAKE DEPOSITION OF HARVEY WEINTRAUB FOR PURPOSES OF PRESERVATION OF TESTIMONY**

**[REDACTED VERSION]**

Warrick Pharmaceuticals Corporation ("Warrick") respectfully submits this memorandum in opposition to the Motion to Quash May 18, 2006 Amended Notice of Deposition of Harvey Weintraub ("Motion") filed by the plaintiffs represented by Hagens Berman Sobol Shapiro LLP and liaison counsel ("Moving Plaintiffs"[1]), and in support of Warrick's Cross Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Preservation of Testimony.

## PRELIMINARY STATEMENT

Harvey Weintraub, a former employee and former consultant of Warrick, is a key witness who worked for Warrick during the years at issue in this case. He is 77 years old and has serious health-related issues that make his availability to testify at trial uncertain. In order to preserve his testimony for trial in the Montana, Nevada, and class action cases where discovery of Warrick has been completed and where trial dates have not been set, Warrick served an initial notice of deposition, together with a cover letter explaining the circumstances and reasons for the deposition, in April of this year. (Letter from Eric P. Christofferson to Thomas M. Sobol (Apr. 12, 2006) and Notice of Deposition, attached hereto as Ex. A.[2]) This notice was also served for both discovery and preservation purposes on counsel for other plaintiffs in actions pending before this Court and in the numerous AWP-related suits pending in other courts nationwide.

---

[1] Although the instant motion to quash purports to relate to "all actions," it is brought only by counsel representing plaintiffs in the class action, Montana, Nevada, and Arizona cases. These counsel do not have standing to object to the deposition going forward in the other AWP matters before the Court. Indeed, Plaintiffs' counsel in *State of California, et al. v. Abbott Laboratories, Inc., et al.,* Civil Action No. 1:03-CV-11226-PBS, do not seek to quash the deposition; to the contrary, they have agreed to and filed a joint motion with Warrick seeking leave to take the deposition in that action – a motion the Court granted, as noted *infra*. Similarly, Plaintiffs' counsel in the New York counties cases filed an agreed-upon motion seeking leave to take the deposition for purposes of those actions, although the Court has not yet acted on this motion.

[2] All citations to "Ex. __" will refer to exhibits to the Declaration of Eric P. Christofferson Transmitting Documents Relied upon in Warrick Pharmaceuticals Corporation's Memorandum in Opposition to Certain Plaintiffs' Motion to Quash May 18, 2006 Amended Notice of Deposition of Harvey Weintraub and in Support of Cross Motion for Leave to Take Deposition of Harvey Weintraub for Purposes of Preservation of Testimony, filed herewith.

On May 18, 2006, in order to accommodate requests by other plaintiffs for additional time to prepare, Warrick re-noticed the deposition, moving it from June to July 2006.  (Am. Notice of Deposition, attached hereto as Ex. B.)  In response to a further request from various plaintiffs for additional time to prepare for the deposition, and in light of those plaintiffs' agreement not to seek further postponement of that deposition, Warrick agreed in June to reschedule the deposition and is in the process of re-noticing the deposition for September 18-22, 2006 in all cases where it is noticed.  (*See* Letter from J. Steven Baughman to Michael Winget-Hernandez (Jun. 27, 2006), attached hereto as Ex. C.) [3]

The only plaintiffs' counsel in the MDL action – or, for that matter, in any AWP-related action across the country – who have filed an opposition to the Weintraub deposition are counsel for the Moving Plaintiffs.  In fact, they have stated unequivocally their intent to oppose Mr. Weintraub's deposition in each case, no matter what its procedural posture.  (*See* E-mail from Steve W. Berman to J. Steven Baughman (May 3, 2006), attached hereto as Ex. D.)  In Arizona, Moving Plaintiffs opposed the deposition on the grounds that it was too early, as a 26(f) conference had not been held.[4]  (*See* Ex. 2 to Decl. of Steve W. Berman in Supp. of Mot. to Quash (Jun. 22, 2006) (Doc. No. 2757) (order upholding Hagens Berman's opposition prior to transfer to this court).)  In Connecticut, Moving Plaintiffs opposed the deposition on the ground that it was too late, as trial is scheduled this fall.  (*See* Pls.' Objection to Notice of Dep. of

---

[3] While this will, as a formal matter, moot the May 18, 2006 Amended Notice of Deposition that is challenged in the present motion, Warrick expects the Moving Plaintiffs to reassert the same complaints in response to the newly amended notice, and thus submits this opposition to facilitate prompt disposition of the Moving Plaintiffs' erroneous objection.

[4] The Arizona matter has only recently been transferred to the MDL before this Court.  The same counsel for the Moving Plaintiffs opposed the noticing of Mr. Weintraub's deposition for discovery purposes on an earlier date, and Warrick will shortly make a separate submission to the Court concerning noticing the September deposition in Arizona for discovery purposes.  As discussed *infra*, the deposition should also be permitted to go forward in Arizona for preservation purposes.

Harvey Weintraub (Apr. 25, 2006), attached hereto as Ex. E.)  Now, on June 22, 2006, two

months after the initial notice of deposition, Moving Plaintiffs filed the instant motion to quash.

## ARGUMENT

The Weintraub deposition should be allowed to go forward for preservation purposes in

the class action, Montana, Nevada, and Arizona cases.  As established in Part I, *infra*, Moving

Plaintiffs' motion to quash the deposition should be denied because they have failed to

demonstrate good cause, given the clear need to preserve Mr. Weintraub's testimony and the lack

of any apparent burden on Moving Plaintiffs.  In the alternative, as established in Part II, *infra*,

Warrick seeks leave to take the deposition for purposes of preservation of testimony in the class

action, Montana, Nevada, and Arizona cases.

## I.      THE MOVING PLAINTIFFS' MOTION TO QUASH SHOULD BE DENIED BECAUSE OF THEIR FAILURE TO DEMONSTRATE GOOD CAUSE TO VACATE THE AMENDED NOTICE OF THIS PRESERVATION DEPOSITION

As a general matter, a party moving to quash a deposition has the burden of persuasion to

show "good cause" why a deposition should not go forward.  *Sorenson v. H & R Block, Inc.*, 197

F.R.D. 199, 203 (D. Mass. 2000); Fed. R. Civ. P. 26(c).  This burden is not a light one, and

Moving Plaintiffs cannot meet it here.  *See, e.g., Spangler, v. Sears Roebuck & Co.,* 138 F.R.D.

122, 124-26 (S.D. Ind. 1991) (denying motions for protective order to prevent trial depositions).

### A.      Warrick Has Demonstrated the Need to Preserve Mr. Weintraub's Testimony for Trial

A party may notice a deposition in order to preserve testimony of a witness "whose

unavailability for trial is anticipated."  *Spangler*, 138 F.R.D. at 124 n.1 (S.D. Ind. 1991) (noting

that "the practice of treating trial depositions differently than discovery depositions appears to be

a custom which is common in many judicial districts.").  Although the Federal Rules do not

explicitly distinguish between discovery and trial depositions, various "courts have recognized,

as a practical matter that, in fact, differences exist." *Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 354 (D. Colo. 2001); *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 01 Civ. 1290 2005 U.S. Dist. LEXIS 3815, at *18 (S.D.N.Y. Mar. 11, 2005) (while noting that some courts do not recognize such a distinction, stating that "a majority of courts" have adopted "a federal common law distinction between 'discovery depositions' and 'trial depositions'").  Such a preservation deposition is taken "in anticipation of a future need" to allow a party to present its case at trial.  *Manley v. Ambase Corp.,* 337 F.3d 237, 247 n.6 (2nd Cir. 2003) (noting that defendant's former chairman was deposed "once as party of the discovery process and again pursuant to a *de bene esse* proceeding, when it became clear that the 80-year old California resident would not travel to New York for trial).

# REDACTED

In the light of this straightforward record, it is unnecessary, unreasonable, and offensive for Moving Plaintiffs to demand a full-blown pre-deposition inquiry into Mr. Weintraub's medical condition (including, *inter alia*, a separate deposition of Mr. Weintraub's physician) in order to oppose a deposition at which Moving Plaintiffs may inquire into this subject. Warrick is not asserting, as Moving Plaintiffs' citations to Fed. R. Civ. P. 32 imply, that Mr. Weintraub is

unavailable today; rather, Warrick is asserting that Mr. Weintraub's age and progressive illness make his future availability as a trial witness uncertain.[5]  *Cf. Keller v. Orion Ins. Co.*, 285 F. Supp. 906, 907 (D. Minn. 1968) (denying motion to quash notice of preservation deposition and noting that "[t]he showing of the witness' availability at the time [of trial] may be grounds to deny the use of the deposition for trial, but is not grounds for enjoining the taking of the deposition prior to trial.").

Numerous courts have allowed depositions to perpetuate testimony to go forward in similar circumstances.  *See Gracia v. Lee*, 976 F.2d 1344, 1344 (10th Cir. 1992) (recounting that "preservation deposition was taken for reasons of ill-health" and affirming exclusion of testimony from discovery deposition at trial); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3rd Cir. 1967) (issuing writ of mandamus ordering district court to grant leave to allow deposition to perpetuate testimony of witness, and noting that "[t]he circumstance that '[the noticed deponent] is 71 years old' is quite meaningful" and to hold otherwise "would be ignoring the facts of life."); *RLS Assocs., LLC*, 2005 U.S. Dist. LEXIS 3815, at *18 (granting motion for leave to obtain deposition testimony for trial to depose former employees); *Estenfelder,* 199 F.R.D. at 356 (granting defendant leave to take preservation depositions of four former employees); *Spangler*, 138 F.R.D. at 126 (S.D. Ind. 1991) (denying motion for protective order to prevent preservation deposition of, *inter alia*, former employee of defendant).[6]

---

[5] Plaintiffs erroneously claim that trial "is expected to start this year" against Warrick.  (Pls.' Mem. in Supp. of Mot. to Quash at 3.)  However, Schering and Warrick are the last of the Track One Defendants scheduled for trial; the first trial is not even scheduled to begin until September 2006, and there is no determined starting date for the trial against Warrick and Schering.  Case Management Order No. 20 (Jan. 31, 2006) (Doc No. 2108) ¶¶ 12-13 (scheduling second trial for November 2006 but not establishing stating date for the remaining trials).  No trial dates have been set for the Montana or Nevada actions.

[6] Courts have also recognized age and health as factors in allowing depositions to perpetuate testimony prior to commencement of litigation, pursuant to Fed. R. Civ. P. 27(a).  *See Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (reversing denial of motion to perpetuate testimony and noting that "[t]he age of a proposed deponent may be relevant in determining whether there is sufficient reason to perpetuate testimony."); *Kurz-Kasch,*

### B.     Warrick's Amended Notice Complies with the Federal Rules

Moving Plaintiffs claim that the Amended Notice of Mr. Weintraub violates the Federal Rules in two respects.  First, they observe that "Track 1 discovery has closed," and they assert that allowing Mr. Weintraub's deposition would "reopen" discovery.  (Pls.' Mem. in Supp. of Mot. to Quash at 5.)  This ignores, however, the express purpose of the deposition: to preserve testimony for purposes of trial – not to conduct discovery.  Such a distinction is well-recognized. "[C]ourts cannot ignore a party's need to *preserve* testimony for trial, as opposed to the need to *discover* evidence, simply because the period for discovery has expired."  *Estenfelder*, 199 F.R.D. at 355 (emphasis in original)*; see also RLS Assocs., LLC,* 2005 U.S. Dist. LEXIS 3815, at *18 (noting that "the majority of courts considering the issue . . . have held [trial depositions] permissible even after the discovery deadline has passed.").  As the Fifth Circuit Court of Appeals has noted, "[a] party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear [the deponent's] testimony."  *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (finding trial court abused its discretion by refusing to permit trial deposition after discovery closed).  Here, too, the close of the discovery period does not bar the preservation deposition.

Second, Moving Plaintiffs claim that the Amended Notice would constitute an additional deposition of Mr. Weintraub requiring leave or stipulation under Fed. R. Civ. P. 30(a)(2)(B).  Of course, "[t]he fact that a person has already been deposed . . . does not per se entitle a party to a protective order."  *Deines v. Vermeer Mfg. Co.*, 133 F.R.D. 46, 48 (D. Kan. 1990) (granting leave to depose witness a second time); *see also United States v. Atlas Lederer Co.*, 282 F.Supp.2d

---

*Inc. v. United States*, 115 F.R.D. 470,471 (S.D. Ohio 1986) (allowing deposition to perpetuate testimony based on showing that witness had heart condition); *c.f. Petition of Rosario*, 109 F.R.D. 368, 370-71 (D. Mass. 1986) (recognizing that one could seek to preserve testimony of witness whose "health is precarious," while rejecting particular Rule 27 petition based on "conclusory allegations" that staff turnover made loss of testimony imminent).

687, 696 (S.D. Ohio 2001) (on summary judgment, allowing Defendant to rely on second deposition taken without leave of the court, when moving parties failed to show "any articulated prejudice"). Here, Moving Plaintiffs ignore that, while the class action plaintiffs have themselves noticed and conducted a discovery deposition of Mr. Weintraub, he has not previously been the subject of a preservation deposition in the class action, Montana, and Nevada cases – cases where discovery is completed and trial dates have not yet been set.[7] *See, e.g., Manley,* 337 F.3d at 247 (noting that defendants' former chairman was deposed twice: once as part of discovery process and once to preserve testimony for trial). While Warrick does not seek a discovery deposition of Mr. Weintraub in these cases, to the extent the Court finds that Rule 30(a)(2)(B) may apply, Warrick requests, for reasons set forth in Part II, *infra*, leave to take the deposition of Mr. Weintraub for purposes of preserving his testimony.

Plaintiffs' assertion that Warrick has "flout[ed] the Civil Rules" is mistaken. (Pls.' Mem. in Supp. of Mot. to Quash at 2). To the contrary, Warrick and <u>other</u> plaintiffs' counsel in the AWP litigations – here and across the country – have recognized the need to conduct Mr. Weintraub's deposition under the unfortunate circumstances presented by his age and health, and have worked within the Rules to move the deposition forward. In the California and New York counties actions pending before this Court, Warrick and plaintiffs' counsel submitted joint motions requesting leave to take the deposition in those actions, where discovery is stayed. (*See* Stipulated Mot. for Order Permitting Dep. of Harvey Weintraub (Doc. No. 2497) (Apr. 26, 2006); Stipulated Mot. for Order Permitting Dep. of Harvey Weintraub (Doc. No. 2526) (May 8, 2006).) Indeed, Judge Saris granted the motion in the California action, and the agreed-upon

---

[7] Similarly, Mr. Weintraub has not been subject to any form of deposition in the Arizona action, where discovery has not begun and no trial date is set.

motion in the New York counties matter remains pending.  (*See* Tr. of Hr'g May 22, 2006 at 55-56, attached hereto as Ex. H.)

C.      **Moving Plaintiffs Have Failed to Make Any Showing that the Noticed Deposition is Burdensome**

In order to quash a deposition, Moving Plaintiffs must show "good cause" that an order of the Court is required in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Those seeking to quash a deposition cannot rely on "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one," but instead "must make a specific demonstration of facts."  *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992).  Without such a showing, the preservation deposition should go forward.  *See Spangler*, 138 F.R.D. at 125 (denying motion for protective order to stop trial depositions when "[t]his court sees no detriment to either side by permitting the taking of trial depositions").

Warrick has provided ample time to prepare for the deposition.  Moving Plaintiffs have already deposed Mr. Weintraub for discovery purposes in the class action case, and will certainly have an adequate opportunity to question him again at this preservation deposition.  To the extent Moving Plaintiffs wish to ask questions that may be pertinent to some later determination regarding Mr. Weintraub's availability or unavailability for trial, they may ask them.  And, as stated in Warrick's April letter (Ex. A), Warrick will be providing access to the deposition by remote electronic means, at its own expense, to all counsel who desire it.  Thus, Moving Plaintiffs here will be able to participate in this deposition with minimum inconvenience, and no extraordinary circumstances justify quashing the notice of the preservation deposition.

## II.      IF THE MOTION TO QUASH IS NOT DENIED, THE COURT SHOULD GRANT LEAVE TO TAKE THE DEPOSITION FOR PRESERVATION PURPOSES

Should the Court find that the preservation deposition of Mr. Weintraub would constitute a second deposition under Fed. R. Civ. P. 30(a)(2)(b), Warrick hereby requests leave to take a deposition of Mr. Weintraub for preservation of testimony in the class action, Montana, and Nevada cases.  Warrick also requests leave to take the September deposition of Mr. Weintraub for preservation purposes in the recently-transferred Arizona case.[8]  The Federal Rules provide that such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)."  Fed. R. Civ. P. 30(a)(2).  The Court may consider, *inter alia*, whether "the burden or expense of the proposed [deposition] outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2) (recognizing "the needs of the case" and "the parties' resources," *inter alia*, as relevant factors).

As set forth in Parts I.A, *supra*, Warrick has proven that there is a need for a preservation deposition in the class action, Montana, Nevada, and Arizona cases.  In these cases, where a trial date has not been set, it is necessary to preserve Mr. Weintraub's testimony, given his progressive health problems and the uncertainty that he will be available as a witness at trial.

As set forth in Part I.C, *supra*, Plaintiffs cannot show any cognizable burden posed by allowing the preservation deposition to proceed.  *See Atlas Lederer Co.*, 282 F.Supp.2d at 696 (allowing defendant to rely on second deposition taken without leave of court "absent any articulated prejudice" to opposing party); *Christy v. Pa. Turnpike Com'n*, 160 F.R.D. 51, 53 (E.D Pa. 1995) (granting leave to take second deposition of plaintiff when plaintiff failed to present any evidence and "has asserted no particular harm or burden" posed by second deposition).

---

[8] In Arizona, there has not yet been a Rule 26(f) conference, Mr. Weintraub has not previously been deposed in any capacity, and no trial date has been set.  As noted above, *see supra* n.4, Warrick will shortly make a separate submission concerning noticing the September deposition for discovery purposes.

Here, the clear benefit of preserving Mr. Weintraub's testimony for trial clearly outweighs any speculative prejudice to the Moving Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court should deny Moving Plaintiffs' Motion to Quash May 18, 2006 Amended Notice of Deposition of Harvey Weintraub or, in the alternative, grant Warrick's Cross Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Preservation of Testimony.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  July 6, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson  
Eric P. Christofferson