# EXHIBIT H

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


   In re:                          )
   PHARMACEUTICAL INDUSTRY         ) CA No. 01-12257-PBS
   AVERAGE WHOLESALE PRICE         ) MDL No. 1456
   LITIGATION                      )




                        MOTION HEARING

             BEFORE THE HONORABLE PATTI B. SARIS
                 UNITED STATES DISTRICT JUDGE




                         United States District Court
                         1 Courthouse Way, Courtroom 19
                         Boston, Massachusetts
                         May 22, 2006, 3:05 p.m.
```

```
                       LEE A. MARZILLI
                  CERTIFIED REALTIME REPORTER
                  United States District Court
                  1 Courthouse Way, Room 3205
                       Boston, MA  02210
                         (617)345-6787
```

60044051-f548-4255-b385-f7d867729684

1  A P P E A R A N C E S:

2  For the Plaintiffs:

3       NICHOLAS N. PAUL, ESQ. Deputy Attorney General,
   Civil Prosecutions Unit, P.O. Box 85266, 110 West A. Street,
4  #1100, San Diego, California, 92186.

5       SUSAN SCHNEIDER THOMAS, ESQ., Berger & Montague, P.C.,
   1622 Locust Street, Philadelphia, Pennsylvania, 19103-6305.
6
        JAMES J. BREEN, ESQ., The Breen Law Firm, P.A.,
7  3562 Old Milton Parkway, Alpharetta, Georgia, 30005.

8       THOMAS A. TEMMERMAN, ESQ., California Department of
   Justice, Bureau of Medi-Cal Fraud, 1425 River Park Drive,
9  Suite 300, Sacramento, California, 95815.

10      ADAM D. MILLER, ESQ., Engstrom, Lipscom & Lack,
   10100 Santa Monica Boulevard, 16th Floor, Los Angeles,
11 California, 90266.

12      JONATHAN SHAPIRO, ESQ., Stern, Shapiro, Weissberg &
   Garin, Suite 500, 90 Canal Street, Boston, Massachusetts,
13 02114-2022.

14

   For the Defendants:
15
        JOHN P. McDONALD, ESQ., Locke, Liddell & Sapp, LLP,
16 2200 Ross Avenue, Suite 2200, Dallas, Texas, 75201-6776.

17      TARA A. FUMERTON, ESQ. and JAMES R. DALY, ESQ.,
   Jones Day, 77 West Wacker, Chicago, Illinois, 60601-1692.
18

19

20

21

22

23

24

25

Page 53

1  which is --
2          THE COURT:  I thought you quoted it in a footnote,
3  and you went through all the different entities that it would
4  pick up.
5          MR. PAUL:  Page 11 is where you have it.
6          MR. DALY:  Thank you.  If you look at their
7  definition, Judge, "best price" means the negotiated price or
8  the manufacturer's lowest price available to any class or
9  trade organization, entity, including -- and it lists a bunch
10 of categories and then net.  So it's the negotiated price or
11 the pest price, according to their definition.
12         THE COURT:  Okay.  How would you say Mylan has an
13 interplay with the California statute, the Massachusetts
14 situation versus the California?
15         MR. DALY:  I think the Court asked a question about
16 whether you should go look at the materials.  I've done
17 that.  When you look at the materials, you look at the
18 argument, you look at the briefs, you look at the Court's
19 decision, the FCA part of that case was not really pushed.
20 That case had a lot of other claims in it.  It had fraud
21 claims.  It had all the other things.  And that's what the
22 court and the lawyers that were arguing it were focused on.
23 I think, when you see the opinion, the False Claims Act just
24 kind of gets swept in with the rest of it when the court made
25 its ruling.  Certainly the arguments about whether there was

Page 54

1  a false claim under that act, the arguments that we're making
2  today were not made in that case.
3           And I'll tell you that the Massachusetts act is a
4  little bit different.  The Massachusetts act that
5  Massachusetts sued under, the section that they sued under
6  doesn't have false claim.  It doesn't require that the claim
7  itself be false, unlike the language that we're dealing with
8  here.
9           THE COURT:  Well, then that's what I'm going to
10 have to look at.  I hadn't even remembered it being teed up
11 this way really.  It's possible, but I have so many of these
12 cases, I just don't remember.  I will do that.
13          All right, so let me ask about this case.  This is
14 coming up in parallel with the big case.  Have you all
15 started discovery at all, or is this really in the beginning
16 phases of this?  How long ago was this filed?  This was filed
17 in --
18          MR. PAUL:  Your Honor, we filed this on August 25,
19 2005.  The case management order that we worked out together
20 for this briefing for this hearing was part of that,
21 consistent with other case management orders before you.
22 There's no active discovery party-to-party, and third-party
23 discovery is allowed.  We've been -- there are documents out
24 there that the plaintiffs have been going after pursuant to
25 that, documents in the MDL, with varying degrees of success,

1    but there's been no active discovery.
2              THE COURT:  And you're in the process of -- I can't
3    remember what's public, and all these people are sitting out
4    there, but let me just see you at side bar for one minute.
5              (Sealed side-bar conference.)
6              THE COURT:  Okay, so I am at this point going to
7    take this under advisement.  To the extent that you're
8    proceeding with informal discovery, that's good, but I think
9    it makes sense for me to address the legal issues first
10   before we start with the depositions.  If there are
11   depositions that affect you and are going on in the big case
12   and you want to be present, I would let you join in whatever
13   protective order there is.
14             MR. PAUL:  We do have one motion in front of you,
15   your Honor, concerning a deposition of Harvey Weintraub, who
16   is affiliated with Warrick, and we're asking you for
17   permission to participate in that.  I know you've got a lot
18   of motions in front of you.  This one was filed a couple of
19   weeks ago, but it falls in the category of what you just
20   said.
21             THE COURT:  Do you know if there's any opposition?
22             MR. PAUL:  I don't think so, your Honor.  I think
23   they would like us all there.
24             FROM THE FLOOR:  It's a joint motion, your Honor,
25   as far as we know.

Page 56

1   MR. McDONALD: I also represent Warrick, and it is
2   a joint motion, your Honor.
3   THE COURT: Allowed. Now I'll see it, you know,
4   three weeks from now in the course of the hundreds of
5   motions, and I'll write "Denied," and you'll say, "What are
6   you doing?" But if it's a joint motion, then that's allowed,
7   that's fine.
8   Do you know whether any magistrate judge has --
9   you've gone to see anyone here? No. So the judge who's been
10  handling this set of cases has been Judge Bowler. If there
11  are any issues that come up for all case management purposes,
12  they should go to Judge Bowler. The Neurontin cases have
13  been going to Judge Sorokin, so we've sort of had a split
14  there because no one person could handle all of these. So I
15  think you'll all go to Judge Bowler if there should be a
16  question relating to the discovery. And if I'm not getting
17  to it, make sure you call because it just means it's slipped
18  through the cracks. I almost always will get to something.
19  Once it's been joined, I wait the 14 days, and then we get it
20  joined, and then it's presented to me. If we haven't,
21  there's been a mistake, and sometimes it gets caught between
22  the magistrate judge and me. But just make a call, and we'll
23  find it, okay? All right, thank you very much.
24              (Adjourned, 4:20 p.m.)
25

1  C E R T I F I C A T E

2

3

  UNITED STATES DISTRICT COURT )
4 DISTRICT OF MASSACHUSETTS    ) ss.
  CITY OF BOSTON               )
5

6

7

8          I, Lee A. Marzilli, Official Federal Court

9  Reporter, do hereby certify that the foregoing transcript,

10 Pages 1 through 56 inclusive, was recorded by me

11 stenographically at the time and place aforesaid in Civil

12 Action No. 01-12257-PBS, MDL No. 1456, In re:  Pharmaceutical

13 Industry Average Wholesale Price Litigation, and thereafter

14 by me reduced to typewriting and is a true and accurate

15 record of the proceedings.

16         In witness whereof I have hereunto set my hand this

17 15th day of June, 2006.

18

19

20

21

22

23         _____
           LEE A. MARZILLI, CRR
24         OFFICIAL FEDERAL COURT REPORTER

25

60044051-f548-4255-b385-f7d867729684