# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | )<br>)  MDL No. 1456<br>) |
| | )  Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | )<br>)  Judge Patti B. Saris |
| State of Montana v. Abbott Labs., Inc., et al.,<br>(No. 02-09-H-DWM (D. Mont.) | )<br>)<br>)<br>) |

## BLUE CROSS AND BLUE SHIELD OF MONTANA'S CONCURRENCE IN THE STATE OF MONTANA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' SECOND SUBPOENA TO BLUE CROSS AND BLUE SHIELD OF MONTANA

Blue Cross and Blue Shield of Montana ("BCBSMT") respectfully files this concurrence in support of the State of Montana's Motion for Protective Order relating to Defendants' Second Subpoena to Blue Cross and Blue Shield of Montana (Doc. No. 2745).

### Factual Background

In 2004, Defendants served a subpoena on BCBSMT calling for the production of documents and a Rule 30(b)(6) deposition.  Defendants' original document requests sought, among other things, BCBSMT's electronic records (sometimes called "claims data") of every claim for reimbursement that BCBSMT processed from 1991 until the present for the more than 300 drugs. *See, e.g.*, Doc. No. 2746, Exhibit B at 8 (Request No. 10).  Because it would have been unduly burdensome and expensive to produce this claims data, BCBSMT objected to the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B).  BCBSMT also objected to other aspects of the subpoena.  After several rounds of communications between Defendants'

counsel and BCBSMT's counsel, the requests were narrowed and BCBSMT produced more than 11,000 pages of documents and three CDs of electronic files. BCBSMT produced only a very limited set of claims data relating to only one drug. BCBSMT also prepared and produced two Rule 30(b)(6) deposition witness who were deposed by Defendants for nearly one full day. After this production and deposition, Defendants did not file a motion to compel pursuant to Fed. R. Civ. P. 45(c)(2)(B) or otherwise express any dissatisfaction with BCBSMT's response to the subpoena.

In May of 2006, Defendants served BCBSMT with a second subpoena in this action, again seeking the production of documents and a Rule 30(b)(6) deposition. *See* Doc. No. 2746, Exhibit A. As with the earlier subpoena, this one also sought the production of all of BCBSMT's claims data from 1991 until the present. *Id.* at 4 (Request 3). This time the request for claims data was not limited to the more than 300 listed in the first subpoena, but rather covered all retail pharmacy claims. *Id.* BCBSMT served timely objections to the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B) on a number of grounds, including that the request for claims data is unduly burdensome.

## Argument

This Court should grant a protective order with respect to Defendants' subpoena to BCBSMT for two reasons. First, the subpoena is untimely, having been served more than a month after this Court's fact discovery cut-off. Second, the subpoena is unduly burdensome, particularly in light of the facts that BCBSMT is a third party and that it has already spent considerable effort complying with Defendants' prior subpoena covering the same topics.

This Court's February 3, 2006 Case Management Order No. 23 provides that "[t]he

fact discovery cut-off date is March 31, 2006." Doc. No. 2124 at 1.  Although BCBSMT was not aware of that fact when it served its original objections to Defendants' second subpoena, upon learning of the discovery cut-off, BCBSMT promptly advised Defendants' counsel that it also objected to the subpoena as untimely.

As the State of Montana correctly points out, the vast majority of courts to address the issue have held that a court ordered discovery cut-off applies not just to discovery directed at the parties, but also to Rule 45 subpoenas to third parties.  *See, e.g., Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002); *Alper v. United States*, 190 F.R.D. 281, 283-84 (D. Mass. 2000).[1]  Defendants simply ignore this authority and cite only two older cases – *O'Boyle v. Jensen*, 150 F.R.D. 519 (M.D. Pa. 1993) and *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683 (D. Kan. 1995).  Doc. No. 2834 at 4.  These cases, however, have been repeatedly criticized.  *See, e.g., Marvin Lumber*, 177 F.R.D. at 445 n.2; *Rice*, 164 F.R.D. at 557-58.  Perhaps more importantly, BCBSMT is aware of no decisions in the past ten years that follow either *O'Boyle* or *Smith*.  All recent authority holds that Rule 45 subpoenas are subject to court ordered discovery deadlines.  *See* note 1 and accompanying text, *supra*.  These cases also establish that the State of Montana has standing to argue that Defendants' subpoena is untimely.[2]

---

[1] *See also Nicholas v. Wyndham Int'l, Inc.*, 2003 U.S. Dist. LEXIS 24085 (D. Virgin Islands, Oct. 1, 2003), at *3-5; *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122-23 (N.D. Ind. 2001); *Integra Lifesciences I, Ltd. V. Merck KgaA*, 190 F.R.D. 556, 561-62 (S.D. Ca. 1999); *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443 (D. Minn. 1997); *Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995).

[2] In any event, Defendants' argument that the State of Montana has no standing is now mooted by BCBSMT's joining in the request for a protective order.

628003.1

In addition to being untimely, Defendants' second subpoena also seeks to impose undue burdens on BCBSMT.  Most notably, it seeks enormous amounts of claims data from a fifteen year period.  Defendants do not and cannot argue that the production of such data would not be unduly burdensome on BCBSMT.  Further, Defendants have previously subpoenaed that data and were seemingly satisfied with BCBSMT's very limited production of claims data.  If Defendants truly wanted the data, they should have filed a motion to compel against BCBSMT two years ago.  They should not be allowed to avoid the consequences of their failure to do so by now serving another duplicative subpoena after the discovery deadline.

In sum, BCBSMT should not be compelled to again to search its files, prepare its witnesses, and subject them to deposition – all at great expense to BCBSMT – when Defendants have already had ample opportunity to take discovery from BCBSMT.  Defendants' second subpoena is untimely, duplicative of the earlier subpoena, and would impose undue burdens on BCBSMT.

### Conclusion

For the foregoing reasons, the Court should grant the State of Montana's Motion for a Protective Order relating to Defendants' Second Subpoena to Blue Cross and Blue Shield of Montana.

-4-

628003.1

Dated:  July 7, 2006

Respectfully submitted,

/s/      Nicholas J. Nesgos
Nicholas J. Nesgos, BBO No. 553177
nnesgos@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-8004
Telephone:  (617) 973-6100
Fax:  (617) 367-2315

Adam P. Feinberg
afeinberg@milchev.com
Miller & Chevalier Chartered
655 15th St., NW
Suite 900
Washington, DC  20005
Telephone:  (202) 626-6800
Fax:  (202) 628-0858

*Counsel for Blue Cross and Blue Shield of Montana*

628003.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing BLUE CROSS AND BLUE SHIELD OF MONTANA'S CONCURRENCE IN THE STATE OF MONTANA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' SECOND SUBPOENA TO BLUE AND BLUE SHIELD OF MONTANA to be served electronically on the following on this 10th day of July, 2006.

/s/        Nicholas J. Nesgos
Nicholas J. Nesgos