United States District Court

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 6130

Boston, Massachusetts 02210

PATTI B. SARIS
DISTRICT JUDGE
(617) 748-4831
FAX (617) 748-4582

E-Mail Address:
Honorable_Patti_Saris@
mad.uscourts.gov

June 30, 2006

Attorney General Eliot Spitzer
c/o Patrick Lupinetti
Office of the Attorney General
Medicaid Fraud Control Unit
1 Blue Hill Plaza
P.O. Box 1747, 6th Floor
Pearl River, NY 10965-1747

Re:  In Re Pharmaceutical Industry
     Average Wholesale Price Litigation,
     MDL No. 1456,
     Civil Action No. 01-12257-PBS

Dear Mr. Spitzer:

   Forty-three New York counties and the City of New York have sued numerous pharmaceutical companies alleging that the defendant pharmaceutical companies fraudulently inflated the published average wholesale prices ("AWP") of their drugs, causing the plaintiff counties and city to overpay for Medicaid drugs.  These actions were transferred to this Court as a part of the federal multi-district litigation regarding brand and generic drug pricing.

   On Friday, June 16, 2006, I held oral argument on Defendants' motions to dismiss the Consolidated Complaint of the City of New York and New York Counties ("Consolidated Complaint") and the Second Amended Complaint of Nassau County ("Nassau Complaint").  There are three statutory issues of New York State law on which an amicus brief from the Attorney General's Office would be helpful:

   (1)  Whether the statutory language "on behalf of himself or others" allows the plaintiffs to state a claim under N.Y. Soc. Serv. Law § 145-b against the defendant pharmaceutical companies, which did not "obtain payment

from public funds."

(2) Whether the plaintiffs have standing to sue under N.Y. Gen. Bus. Law § 349 in light of the New York Court of Appeals' decision in Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris USA Inc., 818 N.E.2d 1140, 3 N.Y.3d 200, 785 N.Y.S.2d 399 (2004) (holding that "third-party payers cannot recover derivatively").

(3) Whether the plaintiffs may assert causes of action under N.Y. Soc. Serv. Law §§ 366-b, 367-a(7)(d) and N.Y.C.R.R. § 515.2(b)(4)-(5), either as public entities or parties with implied rights of action.

The pleadings and briefs on these issues are accessible online. I would also be interested in a better explanation of the relationship between the State of New York and the social services districts (i.e., New York counties and City of New York) with respect to enforcement of alleged violations of fraud or unfair practices in the Medicaid context; the status of the related litigation in the state courts of New York; and the desirability of certifying any of the issues to the New York Court of Appeals.

Please inform the Court within two weeks if the Attorney General intends to submit an amicus brief and the timetable for doing so. Thank you for your assistance. Please call my courtroom deputy, Robert Alba, at (617) 748-9175 if there are any questions.

Sincerely,

*Patti B Saris*

PATTI B. SARIS
United States District Judge

cc: AWP counsel