UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257 PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878 | |
| Caption Continues on Next Page | |

**PLAINTIFFS' RESPONSE TO ISSUES RAISED DURING JUNE 16, 2006 ORAL ARGUMENT AND TO DEFENDANTS' JOINT RECOMMENDATION ON CERTIFICATION**

*County of Fulton v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0519
*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267
*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474
*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415
*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715
*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839
*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714
*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148
*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 05-CV-05126
*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296
*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489
*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088
*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373
*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371
*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740
*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422
*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055
*County of Saratoga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0478
*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387
*County of Seneca v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6370
*County of Steuben v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6223

| |
|---|
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0479 <br> *County of Suffolk v. Abbott Laboratories, Inc., et al.* <br> E.D.N.Y. Case No. 03-CV-12257 <br> *County of Tompkins v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0397 <br> *County of Ulster v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0123 <br> *County of Warren v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0468 <br> *County of Washington v. Abbott Laboratories, Inc., et al.* <br> N.D.N.Y. Case No. 05-CV-0408 <br> *County of Wayne v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-06138 <br> *County of Westchester v. Abbott Laboratories, Inc., et al.* <br> S.D.N.Y. Case No. 03-CV-6178 <br> *County of Wyoming v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-6379 <br> *County of Yates v. Abbott Laboratories, Inc., et al.* <br> W.D.N.Y. Case No. 05-CV-06172 |

At oral argument on defendants' motion to dismiss on June 16, 2006, the Court raised a number of issues as to which it sought further guidance. This submission addresses those issues and responds to defendants' joint recommendation on certification of New York State Law Questions ("Recommendation").

## I. THIS COURT MUST DECIDE ALL QUESTIONS OF NEW YORK LAW NOW BEFORE IT, AND MAY REQUEST AN *AMICUS* FROM THE ATTORNEY GENERAL

As defendants themselves state in their Recommendation, this Court cannot certify a question directly to the New York Court of Appeals. At most, it can certify a question to the First Circuit. Even if certification to the First Circuit under 28 U.S.C. § 1292(b) were warranted, such certification is premature at this time. Therefore, this Court must decide the questions of New York law presently before it. Plaintiffs submit that these questions are neither novel nor difficult, and do not merit certification. There is ample authority in New York law,

both from the lower courts (the Supreme Court and the Appellate Division of the Supreme Court) and from the New York Court of Appeals, to sustain plaintiffs' causes of action for common law fraud, consumer fraud (GBL § 349), Medicaid fraud (SSL § 145-b), and unjust enrichment. The fact that the New York courts are not unanimous on certain issues is by no means unusual, and does not warrant certification of the question where there is also clear precedent that is more authoritative, more specific, and better reasoned, in support of plaintiffs' positions.

The Court's proposal to request an amicus brief from the New York Attorney General on certain questions is entirely appropriate and unremarkable. It is well settled that the acceptance of amicus briefs is within the sound discretion of the court and that, by the nature of things, an *amicus* is not normally impartial. *See Strasser v. Doorley*, 432 F. 2d 567, 569 (1st Cir. 1970) (cited by defendants at 2 of Recommendation). Indeed, courts generally welcome government amicus participation when confronting complex issues of law. *See, e.g., Doe v. Anrig*, 500 F.Supp. 802 (D. Mass. 1980) (inviting Department of Education input on statutory interpretation question). *See also Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (U.S. 1995), relying in part on amicus briefs from 20 state attorney generals in rendering its opinion.

## II.  SOCIAL SERVICES LAW § 145-b PERMITS RECOVERY HERE

### A.  Social Services Law § 145-b Must Be Construed Liberally

The Court inquired at argument concerning whether SSL §145-b was to be construed liberally. As counsel for Nassau stated, the answer is clearly yes. It is a fundamental canon of New York statutory interpretation that a "remedial statute should be liberally construed." *Rothstein v. Tennessee Gas Pipeline Co.*, 87 N.Y.2d 90, 95 (1995) (citation

2

omitted). "A 'remedial' statute provides a remedy where the common law either provides no remedy or provides an imperfect or ineffective remedy." *Fumarelli v. Marsam Dev., Inc.*, 92 N.Y.2d 298, 306 (1998) (citations omitted). SSL § 145-b does precisely this, as its Legislative history confirms. According to the various memoranda contained in the bill jacket, SSL §145-b was intended to augment existing legal remedies for Medicaid fraud, which had proven to be less than effective:

> According to the Departments of Health and Social Services, existing statutes providing criminal penalties for service provider overclaiming have not been completely effective. This bill would supplement current criminal statutes by providing heavy financial penalties for offenders. The existence of stronger deterrents could reduce the incidence of overclaiming by service providers.

Bill Jacket; Budget Office Memorandum, July 25, 1975, at 2; *see also* Governor's Program Bill Memorandum, at 2 ("To supplement these criminal offenses with a strong financial deterrent in the form of treble damages is a necessary step in regulating abuse in the Medicaid field. . . . Particularly in this matter of great public concern the State should be in the position to create a significant financial, as well as criminal, deterrent.").

Indeed, the courts have referred to SSL § 145-b as a remedial statute. *Kuriansky v. Professional Care, Inc.*, 147 Misc 2d 782, 792 (Sup. Ct. Albany County 1990) ("Social Services Law 145-b is per se reasonable and remedial") (citing *Harvey-Cook v. Steel*, 124 A.D.2d 709, 710 (2d. Dep't 1986), *app. dismissed*, 70 N.Y.2d 746 (1987). Other anti-fraud statutes have similarly been deemed to be remedial. *State of New York v. The Federated Radio Corporation*, 244 N.Y. 33, 38 (1926) (Blue Sky law that provides for securities fraud investigations and actions by the Attorney General is remedial in nature). Accordingly, SSL § 145-b should be interpreted to encompass the fraudulent misstatements by defendants here, in

order to effectuate its purpose of protecting the Medicaid program from fraud, notwithstanding the fact that defendants did not receive direct payments from the Medicaid program.

### B. *Brooklyn Psychosocial Rehabilitation Institute* and Other Caselaw Shows That a Party That Does Not Receive Medicaid Funds Can Still Be Held Liable Under SSL § 145-b

During oral argument, the Court asked the parties to address *People v. Brooklyn Psychosocial Rehabilitation Institute*, 185 A.D. 2d 230 (2d Dep't 1992), a case cited by Justice Benza in *State of New York v. Pharmacia Corp.*, Index No. 904-03. In that case (discussed by plaintiff in the *Suffolk* briefing), the Appellate Division, Second Department rejected the argument of defendant Dr. Easton that he could not be held personally liable under SSL § 145-b because he did not personally obtain any Medicaid funds. Expressly pointing to the phrase "on behalf of himself or others," the Second Department noted that Dr. Easton benefitted from the fraud, because his children owned the buildings that were leased to defendant Brooklyn Psychosocial Rehabilitation Institute, and they received grossly inflated rents from the Institute.

In the briefing on the motion to dismiss in *New York v. Pharmacia* that was requested by this Court (attached hereto as Exhibit B), the State cites *Kuriansky v. Baghai-Kermani*, Index No. 42931/92 (Sup.Ct. N.Y.County 1998) (Exhibit C attached). Baghai-Kermani was convicted for selling prescriptions for a controlled substance. Subsequently, the State sued him under SSL § 145-b for treble damages for the Medicaid money it paid to pharmacies that filled those prescriptions. The court flatly rejected Baghai-Kermani's argument that he could not be held liable because he did not receive Medicaid funds:

> the wording ("on behalf of himself or others") and the purpose of Social Services Law §145-b clearly encompass defendant here. The State loses the same amount of money, and the Medicaid system suffers the same level of abuse, whether the payments are received by the perpetrator of the fraud or by a third party. Defendant's acts place him squarely within the ambit of this

4

provision . . . .

*Id.* at 4.[1]

### C. After Oral Argument, the Legislature Amended SSL § 145-b

After oral argument on defendants' motion to dismiss, on or about June 23, 2006, the New York State Legislature enacted amendments to SSL § 145-b which the Governor is expected to sign into law. The bill, which also creates a new office of the Medicaid Inspector General, is attached in relevant part as Exhibit A. The amendments to SSL § 145-b reaffirm the Legislature's intent that localities be permitted to bring civil suits to recover Medicaid funds, and that, notwithstanding the enactment of the Medicaid cap legislation, the localities continue to receive a share of the proceeds of such suits. These amendments put to rest defendants' contention that SSL § 145-b is no longer good law.

### III. OTHER QUESTIONS RAISED BY THE COURT

The Court raised a number of other questions at argument. With respect to unjust enrichment, plaintiff has consulted the authoritative sources on the subject, including the first treatise, William A. Keener, A Treatise On The Law Of Quasi-Contracts (1893). Neither Keener nor the Restatement of Restitution mention any requirement of privity. Indeed, one leading treatise, Palmer, The Law of Restitution, § 21.4, at 300 (1978), expressly states that there is no requirement of privity. Nor do any of these sources state that unjust enrichment is foreclosed by a relationship close to a contractual relationship.

---

[1] Defendants' argument with respect to SSL § 145-b emerges more clearly from their *Pharmacia* briefs. Their contention is that they are not liable because they themselves allegedly did not "obtain or attempt to obtain public funds." Defs. Pharmacia Rep. at 24; *see also* Defs. Pharmacia Mem. at 59. This is a ludicrous contention. According to the Complaint, the whole point of defendants' scheme of causing fraudulent AWPs to be posted was to obtain public funds which flowed to them as a result of their market shares that were increased by the fraud.

With respect to common law fraud, defendants' fraudulent wholesale prices were published and available to the Counties as to the State and to the public at large, and the Counties, like the State, paid their bills in reliance on that information. Moreover, the remedies available to the Counties against defendants, who technically are not Medicaid providers, are no different or less than those available to the State. Thus the Counties' reliance is no different from that of the State. For both the State and the Counties, their reliance took the form of paying for drugs without acting to stop the ongoing fraud. *Continental Ins. Co. v. Mercadante*, 222 A.D. 181 (1st Dep't 1927) (inaction induced by fraud can sustain recovery). Moreover, under facts indistinguishable from those of *Cement & Concrete Workers v. Lollo*, 148 F.3d 194 (2d Cir. 1998), *i.e.*, where a representation made to a third party caused injury to plaintiffs but plaintiffs did not themselves rely, New York courts have held that injury that is directly caused by the reliance of a third party suffices. *See, e.g., Buxton Mfg. Co. v. Valiant Moving & Storage, Inc.*, 239 A.D.2d 542 (2d Dept. 1997) (defendant certified to government that it had paid all subcontractors, as a result of which government failed to withhold amount sufficient to pay plaintiff subcontractor); *Caramante v. Barton*, 114 A.D.2d 680 (3d Dept. 1985) (plaintiff injured by purchase of property after bank gave plaintiff a mortgage based on defendants' false representation to bank re septic system); *Desser v. Schatz*, 182 A.D.2d 478 (1st Dept. 1992) (fraudulent misrepresentation to bank that mortgage had been paid in full caused bank to issue a satisfaction of mortgage that extinguished plaintiff's interest in the mortgage). Indeed, this is the teaching of the New York Court of Appeals in numerous cases cited in plaintiffs' Opposition, at 29-34. Although that Court has sometimes stated, in dicta, that the plaintiff needs to have relied on the fraudulent statements made to third parties, *see, e.g., SIPC v. BDO Seidman*, 95 N.Y.2d 702 (2001), it has never in any holding disavowed those many rulings, when the question was

squarely before it, holding that reliance by a third party together with direct causation suffices to state a claim for fraud. It goes without saying that the courts of New York State make state law, not the federal courts in New York State.

As to GBL § 349, *Blue Cross* did not overrule *sub silentio* the numerous cases cited in plaintiffs' Surreply, at 9. *See also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (competitors have standing to sue under GBL § 349). The indirectness addressed by the *Blue Cross* court is qualitatively different from the indirectness of this case. In *Blue Cross*, by pretending that the smokers' injury was their injury, the plaintiff insurers sought to bypass having to prove that the personal injury of each of the thousands of individual smokers (which, in turn, caused the insurers' economic injury) was in fact caused by tobacco. Following the holdings of other courts that had considered the question, *e.g.*, *Laborers Local 17 Health and Benefit Fund v. Philip Morris*, 191 F.3d 229, 239 (2d Cir. 1999), *Eastern States Health & Wlefare Fund v. Philip Morris*, 188 Misc. 2d 638 (Sup. Ct. N.Y. County 2000), the Court of Appeals simply held that these claims were too remote. Here, in contrast, plaintiffs do not seek to bypass any necessary steps in the proof of their case. Moreover, here, the indirectness of plaintiffs differs little or not at all from that of the State, which is also an indirect purchaser of pharmaceuticals.

Finally, at oral argument, defendants pressed their argument that the claims as to physician administered drugs ("PADs") should be dismissed because they were reimbursed based on actual acquisition cost, not based on AWP. However, the fact is that when reimbursement for these drugs is "not claimed separately" by a practitioner (*i.e.* when the drug administered in a hospital or clinic setting for example, or when the drug is self-administered) that reimbursement is based on AWP. *See* SSL §367-a; Plaintiffs' Surreply at 16. Indeed,

7

defendants admit that PADs are reimbursed based on AWP. *See for example*, Medimmune Reply at 3. Every physician administered drug listed on Exhibit A to the Consolidated Complaint has been reimbursed based on AWP and, as such, is properly part of this case.

At argument, the Court inquired whether plaintiffs could quantify which of their PAD expenditures were based on AWP as opposed to actual cost. Plaintiffs have conferred with the State and confirmed that such quantification is absolutely possible. Plaintiffs stand ready to supply the Court with these dollar figures should the Court so desire and at any time. [2]

Dated: July 7, 2006

                              Respectfully submitted,

                              KIRBY McINERNEY & SQUIRE, LLP
                              830 Third Avenue
                              New York, New York 10022
                              (212) 371-6600

                              By:       /s/Joanne M. Cicala
                              Joanne M. Cicala (JC 5032)
                              James P. Carroll Jr. (JPC 8348)
                              Aaron D. Hovan (AH 3290)
                              David E. Kovel (DEK 4760)

                              *Attorneys for the City of New York and all captioned*
                              *New York Counties except Nassau.*

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the

---

[2] During oral argument, the Court commented on the number of drugs at issue in plaintiffs' case. Notably, and respectfully, the number of drugs at issue should not in and of itself give pause to the Court. Liability (and damages) will turn in large part on the false AWPs reported for such drugs as compared against what true average wholesale prices should have been. The analysis required in this regard will be performed entirely electronically using defendants' pricing data and by plaintiffs' experts. The results of that analysis can be presented clearly and in organized fashion to the Court. No mini-drug-by-drug-trials or similarly alarming scenarios need reasonably be contemplated.

8

City of New York
John R. Low-Beer (JL 3755)
Ari Biernoff (AB 6357)
Assistant Corporation Counsels
100 Church Street
New York, New York 10007
(212) 788-1007

*Attorneys for the City of New York*

LORNA B. GOODMAN,
Nassau County Attorney
Peter J. Clines
Rachel S. Paster
Deputy County Attorneys

*Attorneys for Nassau County*

MOULTON & GANS, P.C.

_____/s/ Nancy Freeman Gans\_\_\_\_
Nancy Freeman Gans, BBO No.184540
55 Cleveland Road
Wellesley, Massachusetts 02481
Telephone: 781-235-2246
Facsimile: 718-239-0353

MILBERG WEISS BERSHAD
  & SCHULMAN LLP
Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the County of Nassau*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 7th day of July, 2006 he caused a true and correct copy of the Plaintiffs' Response to Issues Raised During June 16, 2006 Oral Argument And To Defendants' Joint Recommendation on Certification to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456. The response was posted to Lexis Nexis File and Serve's Electronic Service System.

/s/James P. Carroll, Jr.
James P. Carroll, Jr., Esq.
Kirby McInerney & Squire
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600

| Firms/Address | Represented Parties |
|---|---|
| Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001 | Abbott Laboratories, Inc. |
| Testa, Hurwitz and Thibeault, LLP<br>125 High Street<br>Boston, MA 02110 | Abbott Laboratories, Inc. |
| Kelly, Libby & Hoopes, P.C.<br>175 Federal Street<br>Boston, MA 02110 | Amgen, Inc. |
| Hogan & Hartson, L.L.P<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004 | Amgen, Inc. |
| Davis Polk and Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | AstraZeneca Pharmaceuticals, L.P. |
| Foley Hoag LLP<br>155 Seaport Blvd.<br>Boston, MA 02210 | AstraZeneca Pharmaceuticals, L.P |
| Hogan & Hartson, L.L.P<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004 | Aventis Behring |
| Kirkpatrick and Lockhart, L.L.P.<br>75 State Street<br>Boston, MA 02109 | Aventis Pharmaceuticals, Inc. |
| Shook, Hardy & Bacon, LLP<br>1200 Main Street<br>Kansas City, MO 64105 | Aventis Pharmaceuticals, Inc. |
| Nixon Peabody LLP<br>101 Federal Street<br>Boston, MA 02110 | Bayer Corp. |
| Sidley Austin Brown & Wood<br>10 S. Dearborn Street<br>Chicago, IL 60603 | Bayer Corp. |
| Gibbons, Del Deo, Dolan, Griffinger &<br>Vecchione, P.C.<br>One Riverfront Plaza<br>Newark, NJ 07102 | Berlex Laboratories, Inc. |
| Dwyer & Collora, LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 | Bristol-Myers Squibb Co. |
| Hogan & Hartson, L.L.P<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004 | Bristol-Myers Squibb Co. |

| | |
|---|---|
| Arent Fox Kintner Plotkin & Kahn PLLC<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036 | Chiron Corporation |
| Chiron Corporation<br>4560 Horton Street<br>MS/R-422<br>Emeryville, CA 94608-291 | Chiron Corporation |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>701 Pennsylvania Avenue, N.W.<br>Suite 900<br>Washington, DC 20004 | Eli Lilly and Company |
| Dornbush Mensch Mandelstam & Schaeffer, LLP<br>747 Third Avenue<br>New York, NY 10017 | Forest Pharmaceuticals, Inc. |
| Bingham McCutcheon, LLP<br>150 Federal Street<br>Boston, MA 02110 | Fujisawa Healthcare, Inc. |
| Reed Smith, LLP<br>1301 K Street, N.W.<br>Suite 1100 East Tower<br>Washington, DC 20005 | Fujisawa Healthcare, Inc. |
| Covington and Burling<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004 | GlaxoSmithKline |
| Dechert Price & Rhoads<br>1717 Arch Street<br>Bell Atlantic Tower<br>Philadelphia, PA 19103-279 | GlaxoSmithKline |
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103 | Immunex Corp. |
| GOULSTON & STORRS<br>400 Atlantic Avenue<br>Boston, MA 02110 | Immunex Corp. |
| PERKINS COIE<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101 | Immunex Corp. |
| Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 | Johnson & Johnson |

| | |
|---|---|
| Williams & Connolly LLP<br>725 12th Street, NW<br>Washington, DC 20005 | MedImmune, Inc. |
| Hughes Hubbard & Reed<br>1775 I Street, N.W.<br>Washington, DC 20006 | Merck & Co., Inc. |
| Laredo & Smith, LLP<br>15 Broad Street<br>Suite 600<br>Boston, MA 02109 | Pharmacia Corporation |
| Morgan Lewis and Bockius<br>1701 Market Street<br>Philadelphia, PA 19103 | Pharmacia Corporation |
| MORGAN LEWIS AND BOCKIUS, LLP<br>300 South Grand Avenue<br>Suite 2200<br>Los Angeles, CA 90071 | Pharmacia Corporation |
| MORRISON & FOERSTER<br>5200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202 | Purdue Pharma L.P. |
| ROPES and GRAY<br>One International Place<br>Boston, MA 02110 | Schering-Plough Corporation |
| ROPES and GRAY<br>One International Place<br>Boston, MA 02110 | Warrick Pharmaceuticals |
| Hale & Dorr<br>60 State Street<br>Boston, MA 02109 | American Home Products (Wyeth) |
| Ober, Kaler, Grimes & Shriver<br>120 E. Baltimore Street<br>Baltimore, MS 21202 | American Home Products (Wyeth) |