# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 30
----------------------------------------X
EDWARD J. KURIANSKY, Special
Prosecutor and Deputy Attorney
General for Medicaid Fraud,

       Plaintiff-Claiming Authority,      Index No. 42931/92

       and

STATE OF NEW YORK,

       Co-Plaintiff,

       - against -      DECISION AND ORDER

ABDOLHOSEIN BAGHAI-KERMANI,

       Defendant.
----------------------------------------X

MARTIN SCHOENFELD, J.:

In this action the State of New York ("the State") asserts two related claims against pro se defendant-psychiatrist Abdolhosein Baghi-Kermani. The first claim, pursuant to CPLR Article 13-A, seeks a forfeiture of the proceeds defendant received for unlawfully selling prescriptions for controlled substances. The second claim, pursuant to Social Services Law § 145-b, seeks to collect treble damages for the money the State paid, pursuant to "Medicaid," to the pharmacies that dispensed the controlled substances. Defendant now moves for dismissal of the case. The State now cross-moves for summary judgment on both claims.

## Background

Defendant was originally convicted at a bench trial "of ten counts of criminal sale of a prescription for a controlled

substance (Penal Law § 220.65) and . . . was sentenced to concurrent indeterminate terms of imprisonment not to exceed five years on each count and fines totalling $100,000." *People v Baghi-Kermani*, 199 AD2d 36, 37 (1st Dept 1993). The trial court vacated the conviction on all counts because of the State's failure to turn over Rosario material (*People v Rosario*, 9 NY2d 286). On appeal, the conviction was reinstated as to eight of the ten counts. *People v Baghi-Kermani*, 199 AD2d 36, 39-40 (1st Dept 1993), and the sentence was affirmed, *People v Baghi-Kermani*, 204 AD2d 216 (1st Dept 1994). There was nothing exculpatory in the overturning of the conviction as to the two counts as to which there was a Rosario violation. Both Appellate Division decisions were affirmed, *People v Baghi-Kermani*, 84 NY2d 525 (1994). Defendant has apparently finished serving his prison sentence.

The State has conclusively demonstrated, and, based on his criminal conviction, defendant is collaterally estopped from contesting, that during the period at issue defendant sold prescriptions for money, without rendering significant medical services. As stated by the State, the prescriptions were dispensed "without regard to need or pretense of diagnosis."

Discussion

Liability - Forfeiture Claim

"(A) forfeiture action under [CPLR Article 13-A] is an ordinary civil suit brought to recover certain property, or a judgment in an equivalent amount, against an individual . . .

2

with criminal responsibility for a felony." Preiser, Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C:1311, at 421). The purpose of allowing such suits is to "take the profit out of crime." Governor's approval mem, 1984 McKinney's Session Laws of NY, at 3628, quoted in Kuriansky v Natural Mold Shoe Corp., 133 Misc 2d 489, 491 (Sup Ct, Westchester County 1986). The state is entitled to "all proceeds . . . obtained as a result of a single continuous scheme." Id. at 495. Although defendant was convicted of only eight sales of prescriptions, the State argues that all sales were part of such a continuous scheme.

Defendant has not presented any viable defense, in fact or in law, to the liability component of the State's request for summary judgment on its forfeiture cause of action.

## Liability - Medicaid Fraud Claim

Social Services Law § 145-b allows the State to recover treble damages, "in addition to any other remedy provided by law," from any person who "knowingly by means of a false statement or representation, or by deliberate concealment of any material fact, or other fraudulent scheme or device, on behalf of himself or others, . . . attempt[s] to obtain or . . . obtain[s] payment from public funds for services or supplies furnished or purportedly furnished pursuant to this chapter."

Defendant argues that he is not liable under Social Service Law § 145-b since he did not receive the Medicaid payments;

3

rather, the pharmacies did. *People v Brooklyn Psychosocial Rehabilitation Institute*, 185 AD2d 230 (2d Dept 1992), cited by the State, is clearly not on point, since in that case the physician (a Dr. Easton) had a financial interest in the actual recipient of the medicaid funds. However, the wording ("on behalf of himself or others") and purpose of Social Service Law § 145-b clearly encompass defendant here. The State loses the same amount of money, and the Medicaid system suffers the same level of abuse, whether the payments are received by the perpetrator of the fraud or by a third party.

Defendant's acts place him squarely within the ambit of this provision, and, once again, he has not presented any viable defense, in fact or in law, to the liability component of the State's request for summary judgment on its Medicaid Fraud (Social Service Law) cause of action.

### Damages

The state claims that during the period covered by the indictments defendant issued 13,300 prescriptions; that the fee per prescription was $80, $90 or $100, and that multiplying the number of prescriptions by the median fee of $90 yields $1.2 million (actually, $1,197,000). The State also claims that between May 1, 1989 and April 30, 1990, defendant "ordered prescriptions for which Medicaid paid $1.1 million," Affidavit of Robert Macklin, 3/23/98, ¶ 5, and that since half of this period "falls within the period covered by this civil case, the State

4

will (i.e., is willing to) compute its damages in the second cause of action using a figure of $0.5 million (less than half the known total for the reported period) paid by Medicaid for Kermani's fraudulently ordered prescriptions", Affirmation of Jacqueline E. Berkowitz, 3/26/98, ¶ 13. The amount of the actual payments is trebled under Social Services Law § 145-b.

However, this Court finds that a hearing is necessary to determine the damages to which the State is entitled under both claims. For instance, as defendant notes in his reply, the State has pointed out that Richard Pearce, a receptionist for defendant, testified at trial that defendant's fees ranged from $15 to $55. Furthermore, it is not clear that _every_ prescription was fraudulent (i.e., not the result of an informed, disinterested medical judgment). There are too many factual variables accurately to determine damages on the instant papers alone.

That a hearing is necessary is also suggested in two recent opinions. In _Kuriansky v Professional Care, Inc._, 158 AD2d 897 (3d Dept 1990), the court held that a defendant that had pled guilty to Medicaid fraud and agreed to pay $1,000,000 restitution was collaterally estopped, in the State's suit for treble damages of $3,000,000 under Social Service Law § 145-b, from contending that the damages were less than that amount. This "obviate[d] the necessity of a hearing to determine the amount of restitution." Id. at 899-900. Similarly, in _State of New York v Marshall Stokols_, 234 AD2d 222, 223 (1st Dept 1996), the court

5

noted that a criminal defendant's concession of "facts necessary to establish the amount of restitution" could obviate "the necessity of a hearing" to determine treble damages under Social Services Law § 145-b. The corollary of these statements is that absent a concession of a liquidated amount of damages, a hearing is necessary.

The state argues that "statistical sampling is an acceptable way to calculate Medicaid overpayments," citing Mercy Hospital of Watertown v New York State Department of Social Services, 79 NY2d 197 (1992). However, in that case the records of an overpaid provider were sampled, pursuant to specific regulatory authority. The provider-hospital was in a different posture to contest the sampling than is defendant here. Also, the instant case involves a modus operandi, but not a mathematically rigorous statistical sample. In any event, Mercy involved a CPLR Article 78 challenge to an administrative determination, not a summary judgment motion, which has a more rigorous standard ("as a matter of law" rather than "arbitrary and capricious action" or an "abuse of discretion.")  Also, Mercy sheds no light on the instant forfeiture claim.

Defendant's pro se motion to dismiss (purportedly submitted initially from the Walsh Medical Center of the Mohawk Correctional Facility) asserts arguments that he is collaterally estopped from making (that the State has no jurisdiction to assert the instant claims because defendant is not a "provider" under the Medicaid laws); that are legally unavailing (that his

conviction was "invalid" because it was "vacated" [only to be reinstated on eight of ten counts on appeal]); that are irrelevant (that he was "serving" a poor community; that the State provided him with the triplicate prescription forms that he used); and/or that have no basis in fact or law (that the case has grown "stale").

## Conclusion

Thus for the reasons set forth herein, defendant's motion to dismiss is denied; the State's cross-motion for summary judgment on both of its causes of action is granted only as to liability; and the issue of damages on both causes of action is hereby referred to a referee to hear and report, with recommendations. The State may obtain an appropriate reference by presenting a copy of this decision, and any other appropriate items, to the Legal Support Office, Room 311.

This opinion constitutes the decision and order of the Court.

Dated: September 29, 1998

J.S.C.

7