UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) ) ) |

## MEMORANDUM IN SUPPORT OF SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO CLASS 3 CLAIMS

Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") respectfully submit this memorandum in support of their motion for summary judgment on Class 3 claims to set forth reasons for granting summary judgment in addition to those already given.[1]

Five Schering and Warrick drugs are ostensibly at issue with respect to Class 3 claims: albuterol, Intron-A, perphenazine, Proventil (branded albuterol), and Temodar.[2] Albuterol, perphenazine, and Proventil, however, are multi-source drugs that are typically reimbursed on the basis of Maximum Allowable Cost ("MAC") and for that reason are excluded from Class 3. *In re Pharm. Indus. Average Wholesale Price. Litig.*, 230 F.R.D. 61, 96 (D. Mass. 2005).

---

[1] Schering and Warrick adopt the arguments set forth in the Track 1 Defendants' joint memorandum regarding summary judgment on Class 3 claims, the joint memoranda relating to summary judgment on Class 1 and Class 2 claims, and their individual memoranda relating to summary judgment on Class 2 claims.

[2] Plaintiffs have already conceded that Integrilin is no longer at issue in this case, including as to Class 2 claims. (*See* Pls.' Mem. in Opp'n to Schering-Plough's Mot. to Strike Certain Subject Drugs (July 7, 2006) (Docket No. 2847) (failing to dispute motion to strike Integrilin NDCs); Decl. of Steve W. Berman in Supp. of Pls.' Mot. to Approve the Form of Class Notice and the Manner of Notice (June 21, 2006) (Docket No. 2751) (omitting Integrilin from list of subject drugs).)

Plaintiffs have excluded all such drugs from their damage calculations.  (Decl. of Raymond S. Hartman in Supp. of Pls.' Claims of Liability and Calculation of Damages (Dec. 15, 2005), filed as Ex. 1 to Decl. of Steve W. Berman in Supp. of Pls.' Mem. in Opp'n to Track 1 Defs.' Joint Mot. for Summ. J. (Apr. 7, 2006) (filed under seal) ("12/15/2005 Hartman Decl."), Attachments J.5.g and J.5.h.)  Therefore, they are not at issue here.  In addition, for the reasons provided in the Memorandum in Support of Schering's Motion to Strike Certain Subject Drugs (June 23, 2006) (Docket No. 2771), many Intron-A NDCs are excluded from Class 3 because they are self-administered drugs.  *See* Consol. Order re: Mot. for Class Certification (Jan. 30, 2006) (Docket No. 2097).

With respect to the two drugs that remain at issue – certain Intron-A NDCs and Temodar – the Court should grant summary judgment.  Plaintiffs assert no damages as to Temodar for Class 3, which alone is a sufficient basis for granting summary judgment.  (12/15/2005 Hartman Decl., Attachments J.5.g and J.5.h.)  Moreover, as explained in Schering's and Warrick's Opposition to Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs conflate provider's cost with manufacturer's price and do not account for the markups of wholesalers or other intermediaries.  Thus, Plaintiffs failed to proffer evidence of an essential element of their claims, namely, that AWPs were inflated in relation to provider cost.  (Schering's and Warrick's Mem. in Opp'n to Pls.' Mot. for Summ. J. (Docket No. 2382) (Apr. 7, 2006) at 2-4.)

Despite arguing for years that Defendants' AWPs should have been more closely related than they were to the actual costs paid by the physicians and pharmacies that administer or dispense the drugs, Plaintiffs admit that they have no record evidence of providers' costs.  *Id.*  Plaintiffs attempted to fill this critical gap in the record by submitting yet another declaration from Dr. Hartman among their reply papers on summary judgment as to Class 2.  Without

citation to any evidence whatsoever, Dr. Hartman baldly asserts that wholesaler markups "are known to be paper thin and *de minimis* for the purposes here." (Decl. of Raymond S. Hartman in Opp'n to Defs.' Mot. for Summ. J. (Apr. 7, 2006) (filed under seal) ("4/7/2006 Hartman Reply Decl.") ¶ 39.) Dr. Hartman's say-so is not a legally sufficient substitute for evidence of facts subject to definite ascertainment. *See General Electric Co. v. Joiner,* 522 U.S. 136, 146 (1997). Lacking all evidence of this indispensable element of their claims, Plaintiffs' claims must fail as a matter of law.

Even accepting Plaintiffs' own calculations of spreads – which rest illicitly on the assumption that manufacturer's price is the same as provider's cost – still it is apparent that payors could not have been deceived by the thus-calculated spreads for Temodar or Intron-A. According to Plaintiffs, 39 of Temodar's 47 spreads (83%) were less than 30%, the percentage that Plaintiffs themselves deem reasonable; 137 of Intron-A's 186 alleged spreads (74%) were less than 30%. (12/15/2005 Hartman Decl., Attachment G.5.c.) No discernable pattern exists among the few NDCs with spreads greater the 30% to distinguish them from the multitude of NDCs with spreads less than 30%. (*Id.*) Some NDCs never exceeded 30% in any of the years they were sold,[3] whereas other NDCs exceeded it only once or twice. Plaintiffs' calculated spread for one NDC of Intron-A is slightly above 30% in 1991, then drops below 30% in the next year, and then <u>declines</u> every year thereafter.[4] Another Intron-A NDC for which Plaintiffs claim significant damages has a calculated spread modestly above 30% for 1991, 1992, and

---

[3] Those NDCs for Temodar are 00085-1259-01, 00085-1252-01, and 00085-1248-01. (12/15/2005 Hartman Decl., Attachment G.5.c.) Those NDCs for Intron are 00085-1184-01, 00085-1191-01, 00085-1179-01, 00085-0647-03, 00085-0120-05, and 00085-0953-01. (*Id.*)

[4] That NDC is 00085-0647-04. (12/15/2005 Hartman Decl., Attachment G.5.c.)

1993, which drops below 30% for every other year until 2002, when the spread again inches over Plaintiffs' 30% "speed limit" to 31.4%.[5]

A haphazard handful of spreads greater than 30% is wholly insufficient to make out a prima facie case that Schering misled or deceived anyone. This is especially true where, as described above, Plaintiffs have no evidence of the prices over which the AWPs were supposedly inflated, i.e., providers' acquisition costs, as opposed to manufacturers' selling prices (ASPs). Moreover, there is no evidence that any small differences above 30% on selected NDCs caused any injury to class members. For example, Plaintiffs can provide no evidence that physicians purchased or administered more of the Intron-A described above in 2002 because the spread was 31.4% instead of 30%. Similarly, Plaintiffs have no evidence whatsoever that Schering gained market share by reporting AWPs in excess of 30%; indeed, no evidence of market share for any drug exists anywhere in the record. Thus, Plaintiffs' claims of liability against Schering and Warrick are wholly without merit.

---

[5] That NDC is 00085-0285-02. (12/15/2005 Hartman Decl., Attachment G.5.c.)

-5-

For the foregoing reasons, Schering and Warrick respectfully request that their Motion for Summary Judgment as to Class 3 Claims be GRANTED.

Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation
By their attorneys,

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: July 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                          /s/ Eric P. Christofferson_____
                                        Eric P. Christofferson