UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO AVENTIS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO PROVIDE MASS. G.L. CHAP. 93(A) DEMAND
AND
<u>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

Plaintiffs hereby respond to Defendant Aventis Pharmaceutical Inc.'s ("Aventis") Motion for Partial Summary Judgment as to Counts V and VII of the Fourth Amended Master Consolidated Complaint, based on Plaintiffs' alleged failure to serve demand letters under Massachusetts General Law Chapter 93A § 9(3).

Aventis' motion must be denied because, as detailed below, the notice requirements have been satisfied in the course of this almost 4-year old complex litigation.  The claims which purportedly triggered the demand letter requirement appear for the first time in Plaintiffs' Third Amended Complaint (filed October 17, 2005), which was actually the sixth version of the Complaint submitted by Plaintiffs.  By that time, this litigation has been ongoing for more than three years, during which Aventis was vigorously defending itself on all of Plaintiffs' claims.  For Aventis to now argue it did not receive formal notice of the claims against it, a quantification of damages, and the opportunity to offer settlement prior to the filing of the Third Amended Corrected Complaint is preposterous and only distorts the purpose of Mass. G.L. 93A § 9(3).

Alternatively, if this Court believes a separate formal notice was required as a matter of procedure, this motion seeks leave to amend and allow the Plaintiffs to file an additional Complaint, after the appropriate 30 day waiting period.

1.     **THE PRIOR COMPLAINTS IN THIS MATTER**

In the four year history of this MDL Litigation there have been seven iterations of the MDL Complaint. Plaintiffs filed the initial complaint, the Master Consolidated Class Action Complaint, on September 6, 2002. The First Amended Complaint was filed on June 18, 2003. The Amended Consolidated Class Action Complaint Modified per the Court's instruction at the November 21, 2003 Hearing was filed on December 5, 2003. Plaintiffs filed a Corrected Amended Master Consolidated Class Action Complaint Modified with Amgen Amendments per the Court's instruction at the November 21, 2003 Hearing on July 16, 2004. The Second Amended Complaint was filed on February 24, 2005. The Third Amended Master Consolidated Class Action Complaint Amended to Comply with the Court's Class Certification Order was filed on October 17, 2005 ("3rd ACC"). And the current version, the Fourth Amended Master Consolidated Complaint ("FAMCC") was filed on March 1, 2006. Of course there were also various Complaints in the matters which were consolidated before this MDL proceeding.

Claims against Aventis on behalf of Massachusetts consumers existed in all versions of the MDL Complaint. The earliest versions of the Complaint, however, did not allege violations of Mass. G.L. 93A, but rather sought a nationwide class of consumers under the consumer fraud laws of the Defendants' home states.

In this Court's Order of August 15, 2005, relating to Class Certification, the Court rejected Plaintiffs' home-state law approach. The Court also instructed Plaintiffs to submit an amended Complaint identifying individual consumer representatives against the various Defendants. *In Re Average Wholesale Price Litig.*, 230 F.R.D 61, 96 (D. Mass 2005). Plaintiffs then submitted the 3rd ACC, which, for the first time identified individuals as class plaintiffs and

asserted claims under Mass. G.L. 93A. Aventis argues that Plaintiffs should have submitted the required demand letter prior to filing the 3rd ACC[1].

## 2. THE DEMAND LETTER REQUIRED IS SATISFIED

Aventis submits that the claims of all Massachusetts' consumers, including Part B beneficiaries, must be removed from this litigation because, prior to filing what was the sixth version of the Complaint, submitted almost four years after the litigation began, Plaintiffs failed to formally advise Aventis of their intention to bring suit, as required under Mass G.L. 93A § 9. Aventis' claim is based on an illogical interpretation of the statute, and a fundamental misunderstanding of the goals and purposes of the demand letter requirement. As such, Aventis' motion must be denied.

It defies logic to interpret Mass.G.L.93A § 9 to require submission of a formal demand letter when the claims appear for the first time in an amendment to a complaint that has been pending for years, in a complex litigation, in which the same underlying conduct and theories of recovery were alleged from the start. Such an interpretation would essentially halt ongoing litigation for 30 days just to make demand on a party that had already been sued, was well aware of Plaintiffs' claims, and was vigorously defending itself. Indeed, Aventis has engaged in months of discovery that included production of thousands of pages of highly confidential documents; multiple depositions of top ranking executives; the disclosure of years of confidential sales data; and the filing of various discovery motions.

Massachusetts courts have recognized that the essential purpose of the demand letter is to advise the defendants of the claims against it and seek settlement. Once that purpose is accomplished there is no reason to require additional, *pro forma* demand letters. The

---

[1] As Aventis implicitly recognizes, only claims made by individual consumers require a demand letter. Claims made by businesses under Mass G.L. 93A do not require a letter. Individual consumer claims are covered Section 9, while claims by businesses are covered by Section 11, which does not have a demand letter requirement.

Massachusetts Supreme Court noted that multiple demands would not serve "any useful purpose" *Baldassari v. Public Finance Trust* 369 Mass 33, 337 N.E.2d 701, 707 (1975) and went on to observe that "the modern Class Action is 'designed to avoid, rather than to encourage, unnecessary filing of repetitious papers and motions [internal citations omitted]'" *Id*.

In order to qualify as a written demand under Mass. G.L. 93A § 9(3), a letter must, in addition to defining the injury suffered and the relief sought, mention at least **one** of the following six factors: (1) any express reference to c. 93A; (2) any express reference to the consumer protection act; (3) any assertion that the rights of the claimants as consumers have been violated; (4) any assertion that the defendant has acted in an unfair or deceptive manner; (5) any reference that the claimants anticipate a settlement offer within thirty days; **or** (6) any assertion that the claimant will pursue multiple damages and legal expenses, should relief be denied. *Cassano v. Gogos*, 480 N.E.2d 649, 651 (Mass. App. Ct. 1985)(emphasis added).

By the time of the August 15, 2005 Class Certification opinion, the requirements listed above had all been satisfied. Aventis was well aware of the nature of Plaintiffs' injury, the theory of Plaintiffs' damages and the relief being sought. Aventis was also well aware of the assertion that its actions violated the Plaintiffs' rights as consumers. Thus, all of the essential elements of the Mass. G.L. 93A demand letter were satisfied. To require an additional demand letter now would serve no logical purpose.

**3.**     **AVENTIS IS NOT PREJUDICED**

Aventis cannot claim any harm or prejudice by Plaintiffs' failure to send the formal demand letter. Since the litigation's inception in 2001, Aventis was aware that it was being sued by consumers, including Massachusetts consumers, for violations of the Commonwealth's laws. Thus, the original Master Consolidated Complaint alleged claims under the consumer protection laws of each of the Defendants' home states, including Aventis' home state of New Jersey.

These claims were alleged on behalf of a nationwide class of consumers, which would of course include Massachusetts consumers.

The purpose of the demand letter requirement in § 9 is to promote settlement and avoid unnecessary litigation.  *Halper v. Demeter*, 34 Mass App. Ct. 299, 301, 610 N.E. 2d 332, 334 (1993)(among the prime goals of the statute is the "promotion of reasonable settlement offers. . . ." citing *Intl. Fid. Ins. Co. v. Wilson*, 387 Mass 841, 857, 443 N.E. 2d 1308 (1983)); and *Fredericks v. Rosenblatt*, 40 Mass App. Ct. 713, 717, 667 N.E. 2d 287, 289 (1996) ("[t]he purpose of a § 9 demand letter is 'to give the defendants an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied and to enable them to make' a reasonable tender of settlement in order to limit the recovery damages'" [internal citations omitted]).

In this case, as Aventis had already been sued by a class of persons including Massachusetts' consumers, there would have been no purpose in serving a formal demand letter on Aventis.  By the time of the 3rd ACC, Aventis had been in the litigation for almost four years, and was well aware that the Court had encouraged settlement discussions, including the appointment of Eric Green as a mediator.[2]  Aventis had ample opportunity to discuss settlement of the claims of the Class, including Massachusetts' consumers, prior to the filing of the 3rd ACC. As such Aventis can claim no prejudice from not having received a formal demand letter in late 2005.

---

[2] Prior to the filing of the 3rd ACC Plaintiffs had settlement discussions with several defendants, and had even agreed to the dismissal of defendant Novartis.

4.   **ALTERNATIVELY, PLAINTIFFS SHOULD BE ALLOWED TO AMEND THEIR COMPLAINT**

In an abundance of caution, Plaintiffs have issued demand letters under Mass. G.L. 93A § 9(3) as of July 10, 2006.[3]  Should this Court believe that a separate formal demand letter is required, Plaintiffs, by this motion, seek leave to further amend their Complaint after the 30 day notice period of Mass. G.L. 93A § 9(3) has been completed.

The proposed amendment would be different in only two paragraphs: a change to paragraph 595 and a new paragraph 614, both of which would more accurately set forth the dates and nature of the demand letters, and attach such letters to the proposed Fifth Amended Complaint.

The First Circuit has dealt with this exact situation and determined that a plaintiff should be allowed to amend the complaint after service of the appropriate demand letter.  *Rodi v. Southern New England School of Law*, 389 F.3d 5 (1st Cir. 2004).  Aventis cites *Rodi* repeatedly to support the argument that a demand letter is necessary, but fails to cite the First Circuit's further holding that a dismissal based on lack of a demand letter "may represent no more than a temporary victory for the defendants." *Id.* at 20.  The Court held that a plaintiff should be allowed to amend the complaint to fix such a deficiency and noted that Massachusetts' courts had regularly allowed plaintiffs to amend to cure similar defects, *Id.*, (citing *Jacobs v. Yamaha Motor Corp.*, 649 N.E. 2d 7 58, 761 (Mass. 1995) and *Parker v. D'Avolio*, 664 N.E. 2d 858, 861 n. 4 (Mass. App. Ct. 1996)).  The *Rodi* court went on cite Fed. R. Civ. P. 15(a)'s provision that leave to amend "shall be freely given when justice so requires." Id.

Also instructive on this issue is *Pierce v. Clark*, No. BACV200100496, 2005 WL 1009533, *11 (Mass. Super. March 18, 2005).  In *Pierce*, plaintiffs' counsel filed a Motion for Leave to Amend the Complaint on May 23, 2002, to add Chapter 93A § 9 claims against several new defendants. *Id.*  Two weeks later, on June 7, 2002, the Court granted plaintiffs' request to

---

[3] See letters attached to Macoretta Declaration as Exhibit "A".

6

amend and the new Complaint was filed that same day. *Id.* It was not until a month later, July 1, 2002, that the plaintiffs sent written demand letters to the new defendants. *Id.* At trial, after the close of all the evidence, the defendants filed Motions to Dismiss the Chapter 93A claims based upon the plaintiffs' alleged failure to properly comply with the requirements of Chapter 93A § 9(3). Id. In response, the plaintiffs moved to amend their amended Complaint to cure the alleged demand letter defect. In permitting plaintiffs to cure, the Court held:

> the purpose of notice under Chapter 93A has been accomplished in this case[.] [sic] There has been no showing of prejudice to the defendants who have had the opportunity to respond to the [plaintiff]s' 30-day demand letter as well as the opportunity to answer and litigate the substance of the [plaintiff]s' Chapter 93A claims during the course of a six-day trial. The court finds no inappropriate conduct on the part of the [plaintiff]s or their counsel concerning the filing of the amended complaint and absent a showing of prejudice to the defendants, [the] Motion to Dismiss the Chapter 93A claims [is denied].

*Id.* Similarly, Defendant Aventis has been on notice of, and indeed, actively litigated this nationwide class action since its inception nearly four years ago. The only purpose of the amendment at this juncture is to reflect that an appropriate formal demand letter has been sent, and the thirty day waiting period honored. Aventis can claim no prejudice, surprise or harm from such an amendment, and the proposed amendment will not delay the litigation. There is no reason the Plaintiffs should not be allowed to amend their Complaint to reflect the service of formal Mass. G.L. 93A § 9(3) demand letters, should the Court believe such letters are necessary.

**CONCLUSION**

For all the reasons discussed above, Aventis' Motion for Summary Judgment or Judgment on the Pleadings must be dismissed, as the demand letter requirement of Mass. G.L. 93A was satisfied in the context of this litigation.

Alternatively, Plaintiffs move the Court for leave to amend the Complaint to reflect the service of a demand letter on the Defendants, including Aventis.

Dated:  July 17, 2006

  /s/ Steve W. Berman
Thomas M. Sobol
David T. Nalven
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02110

Steve W. Berman
Sean R. Matt
Robert Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*LIAISON AND CO-LEAD COUNSEL*

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Jennifer Connelly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter
A Professional corporation
1525 Locust Street
Philadelphia, PA 19102-3712

*CO-LEAD COUNSEL*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2006, I served true and correct copies of the foregoing Plaintiffs' Response To Aventis' Motion For Summary Judgment For Failure To Provide Mass. G.L. Chap. 93(A) Demand Letter And Plaintiffs' Motion For Leave To File An Amended Complaint on all counsel of record via LEXIS NEXIS File and Serve.

                                                   /s/ John A. Macoretta
                                                        John Macoretta

**CERTIFICATION PURSUANT TO LOCAL Rule 7.1**

Pursuant to Local Rule 7.1 (A)(2), the undersigned certifies that on July 17, 2006, counsel for Plaintiffs conferred with counsel for Aventis Pharmaceuticals Inc. on the plaintiffs' motion to amend the Complaint. Plaintiffs indicated that they will not assent to this motion.

                                                   /s/ John A. Macoretta
                                                        John Macoretta