# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )   MDL No. 1456
LITIGATION )
_____ )
)   CIVIL ACTION 01-CV-12257-PBS
THIS DOCUMENT RELATES TO )
ALL ACTIONS )   Judge Patti B. Saris
_____ )

## DECLARATION OF JOHN MACORETTA

1.      I am a partner at the law firm of Spector, Roseman & Kodroff, in Philadelphia,

PA, representing the Plaintiffs.

2.      Attached as Exhibit A are true and correct copies of letters sent by plaintiffs'

counsel to the defendants on or about July 10, 2006.

Dated: July 17, 2006

John A. Macoretta

# EXHIBIT "A"



HAGENS BERMAN
SOBOL SHAPIRO LLP

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

July 10, 2006

*<u>Via Certified Mail / Return Receipt Requested</u>*

Aventis Pharmaceuticals, Inc.
c/o Corporation Service Co.
84 State Street
Boston, MA 02109

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      <u>Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
      Other State Laws</u>

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[6] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

_____

        [6] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Aventis Group | $14,000,000 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

               Sincerely,

               HAGENS BERMAN SOBOL SHAPIRO LLP


               Steve W. Berman

SWB:wp

cc:   Robert J. McCully



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

**_Via Certified Mail / Return Receipt Requested_**

Abbott Laboratories Inc.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,
             MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

              <u>Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
              Other State Laws</u>

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[4] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

    4 Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

ATTORNEYS AT LAW
206.623.7292   206.623.0594

SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
www.hbsslaw.com

001534-16 118493 V1

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the
full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa
Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2
Defendants") have engaged in consumer fraud and deceptive practices in connection
with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws,
Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on
behalf of the above-referenced putative classes as defined in plaintiffs' proposed order
filed in the *AWP Litigation.*

Said classes hereby demand that the Track 2 Defendants correct or otherwise
rectify the damage caused by such unfair trade practices and return all excess monies
paid by putative class members. Otherwise, the classes will continue to seek recovery
of damages, costs and fees through the courts under Massachusetts General Laws
Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection
statutes at issue. For any other state requiring a monetary demand, plaintiffs can
calculate such if requested.

As described above, the purpose of the demand letter requirement is to
encourage negotiation and settlement. In a case as novel and complex as ours and
where both parties are fully aware of all of the facts and figures involved and have been
litigating these issues for four years, the purpose of the demand letter requirement has
long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would
be cured. Damages do not include any adjustment for pre-judgment interest or trebling
and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Abbott | $15,000,000 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount
set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so
the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3


In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP



Steve W. Berman


SWB:wp

cc:   Toni-Ann Citera



HAGENS BERMAN
SOBOL SHAPIRO LLP

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

July 10, 2006

***Via Certified Mail / Return Receipt Requested***

Amgen, Inc.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
       *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

       Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
       Other State Laws

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[5] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

   [5] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the
full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa
Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2
Defendants") have engaged in consumer fraud and deceptive practices in connection
with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws,
Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on
behalf of the above-referenced putative classes as defined in plaintiffs' proposed order
filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise
rectify the damage caused by such unfair trade practices and return all excess monies
paid by putative class members. Otherwise, the classes will continue to seek recovery
of damages, costs and fees through the courts under Massachusetts General Laws
Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection
statutes at issue. For any other state requiring a monetary demand, plaintiffs can
calculate such if requested.

As described above, the purpose of the demand letter requirement is to
encourage negotiation and settlement. In a case as novel and complex as ours and
where both parties are fully aware of all of the facts and figures involved and have been
litigating these issues for four years, the purpose of the demand letter requirement has
long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would
be cured. Damages do not include any adjustment for pre-judgment interest or trebling
and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Amgen | $237,080,493 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount
set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so
the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3


     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                Sincerely,

                HAGENS BERMAN SOBOL SHAPIRO LLP



                Steve W. Berman


SWB:wp

cc:   Joseph Young



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

***Via Certified Mail / Return Receipt Requested***

Baxter Healthcare Corp.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

    Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
            *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

            <u>Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
Other State Laws</u>

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* (*"AWP Litigation"*),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[7] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

      [7] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the
full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa
Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2
Defendants") have engaged in consumer fraud and deceptive practices in connection
with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws,
Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on
behalf of the above-referenced putative classes as defined in plaintiffs' proposed order
filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise
rectify the damage caused by such unfair trade practices and return all excess monies
paid by putative class members. Otherwise, the classes will continue to seek recovery
of damages, costs and fees through the courts under Massachusetts General Laws
Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection
statutes at issue. For any other state requiring a monetary demand, plaintiffs can
calculate such if requested.

As described above, the purpose of the demand letter requirement is to
encourage negotiation and settlement. In a case as novel and complex as ours and
where both parties are fully aware of all of the facts and figures involved and have been
litigating these issues for four years, the purpose of the demand letter requirement has
long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would
be cured. Damages do not include any adjustment for pre-judgment interest or trebling
and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Baxter | $32,531,472 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount
set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so
the same damages numbers would apply to other states based upon their size.

001534-16  118493 V1

July 10, 2006
Page 3

     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                    Sincerely,

                    HAGENS BERMAN SOBOL SHAPIRO LLP

                    Steve W. Berman

SWB:wp

cc:   Merle DeLancey



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

**_Via Certified Mail / Return Receipt Requested_**

Bayer Corp.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
Other State Laws

To Whom It May Concern:

Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[8] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

[8] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

ATTORNEYS AT LAW          SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO

206.623.7292      206.623.0594

www.hbsslaw.com

001534-16 118493 V1

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the
full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa
Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2
Defendants") have engaged in consumer fraud and deceptive practices in connection
with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws,
Ch. 93A, § 9(3), and in violation of other state's law.  This notice is being served on
behalf of the above-referenced putative classes as defined in plaintiffs' proposed order
filed in the *AWP Litigation.*

Said classes hereby demand that the Track 2 Defendants correct or otherwise
rectify the damage caused by such unfair trade practices and return all excess monies
paid by putative class members.  Otherwise, the classes will continue to seek recovery
of damages, costs and fees through the courts under Massachusetts General Laws
Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection
statutes at issue.  For any other state requiring a monetary demand, plaintiffs can
calculate such if requested.

As described above, the purpose of the demand letter requirement is to
encourage negotiation and settlement.  In a case as novel and complex as ours and
where both parties are fully aware of all of the facts and figures involved and have been
litigating these issues for four years, the purpose of the demand letter requirement has
long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would
be cured.  Damages do not include any adjustment for pre-judgment interest or trebling
and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Bayer | $7,000,000 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount
set forth above.  These amounts assume that Massachusetts is 2.43% of total damages, so
the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

            Sincerely,

            HAGENS BERMAN SOBOL SHAPIRO LLP


            Steve W. Berman

SWB:wp

cc:   Richard Raskin



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

*Via Certified Mail / Return Receipt Requested*

Dey, Inc.
2751 Napa Valley Corporate Drive
Napa, CA 94558

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
      Other State Laws

To Whom It May Concern:

Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[1] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those
pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

---

[1] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these circumstances to begin with.

July 10, 2006
Page 2

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Dey | $12,158,226 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you

July 10, 2006
Page 3

continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:wp

cc:    Christopher Palermo

001534-16  118493 V1



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

July 10, 2006

*Via Certified Mail / Return Receipt Requested*

Fujisawa USA, Inc.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
        *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

        Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
        Other State Laws

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[10] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

[10] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Fujisawa Group | $12,028,885 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3


     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                Sincerely,

                HAGENS BERMAN SOBOL SHAPIRO LLP



                Steve W. Berman


SWB:wp

cc:   Andrew Hurst

001534-16 118493 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

July 10, 2006

**_Via Certified Mail / Return Receipt Requested_**

Fujisawa Healthcare Inc.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

    Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
          *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

          Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
          Other State Laws

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[9] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

    9 Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

ATTORNEYS AT LAW          SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292     206.623.0594              www.hbsslaw.com

001534-16 118493 V1

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation.*

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Fujisawa Group | $12,028,885 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:wp

cc:   Andrew Hurst



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

***Via Certified Mail / Return Receipt Requested***

Immunex Corp.
c/o National Registered Agents, Inc.
303 Congress Street, 2nd Floor
Boston, MA 02110

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
       *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

       <u>Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and</u>
       <u>Other State Laws</u>

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[11] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

        [11] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law.  This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members.  Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue.  For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement.  In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured.  Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
| --- | --- |
| Immunex | $16,256,488 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.  These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

      In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

      PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                  Sincerely,

                  HAGENS BERMAN SOBOL SHAPIRO LLP

                  Steve W. Berman

SWB:wp

cc:   Kathleen O'Sullivan



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

***Via Certified Mail / Return Receipt Requested***

Pfizer, Inc.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
      Other State Laws

To Whom It May Concern:

        Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[13] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

[13] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

ATTORNEYS AT LAW                    SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO

206.623.7292      206.623.0594
                                        www.hbsslaw.com

001534-16  118493 V1

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Pfizer | $14,368,307 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:wp

cc:    Scott A. Stempel



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 10, 2006

**_Via Certified Mail / Return Receipt Requested_**

Pharmacia Corp.
c/o CT Corp.
101 Federal Street
Boston, MA 02110

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
      Other State Laws

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[12] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those

---

12 Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

The details of the wrongdoing have been alleged in the *AWP Litigation* and the
full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa
Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2
Defendants") have engaged in consumer fraud and deceptive practices in connection
with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws,
Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on
behalf of the above-referenced putative classes as defined in plaintiffs' proposed order
filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise
rectify the damage caused by such unfair trade practices and return all excess monies
paid by putative class members. Otherwise, the classes will continue to seek recovery
of damages, costs and fees through the courts under Massachusetts General Laws
Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection
statutes at issue. For any other state requiring a monetary demand, plaintiffs can
calculate such if requested.

As described above, the purpose of the demand letter requirement is to
encourage negotiation and settlement. In a case as novel and complex as ours and
where both parties are fully aware of all of the facts and figures involved and have been
litigating these issues for four years, the purpose of the demand letter requirement has
long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would
be cured. Damages do not include any adjustment for pre-judgment interest or trebling
and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Pharmacia Group | $14,232,000 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount
set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so
the same damages numbers would apply to other states based upon their size.

July 10, 2006
Page 3

     In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

     PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                Sincerely,

                HAGENS BERMAN SOBOL SHAPIRO LLP

                Steve W. Berman

SWB:wp

cc:   Scott A. Stempel



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

July 10, 2006

**_Via Certified Mail / Return Receipt Requested_**

Sicor, Inc.
19 Hughes
Irvine, CA 92618

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
      Other State Laws

To Whom It May Concern:

       Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction
based on statutory claims that did not require a pre-suit demand, we believe this notice
is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is
has come to the attention of plaintiffs in the MDL, on behalf of all classes in the
litigation,[2] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc.
("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis
Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp.
("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa
USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"),
Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"),
Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a
scheme commencing in 1991 and continuing to the present to inflate the average
wholesale price (or "AWP") of a large number of prescription pharmaceutical products
thereby causing members of the proposed class, whose payments for those
pharmaceuticals were tied to AWP, to make excess payments for those
pharmaceuticals.

---

   2 Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these
circumstances to begin with.

July 10, 2006
Page 2

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law. This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue. For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured. Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
| --- | --- |
| Sicor | $7,454,125 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above. These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you

July 10, 2006
Page 3


continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman


SWB:wp

cc:   Elizabeth Hack



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

July 10, 2006

_**Via Certified Mail / Return Receipt Requested**_

Watson Pharmaceuticals, Inc.
311 Bonnie Circle
Corona, CA 92880

  Re:  _In re Pharmaceutical Industry Average Wholesale Price Litigation,
     MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)_

     Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3) and
     Other State Laws

To Whom It May Concern:

    Given the history of the _Average Wholesale Price Litigation_ ("_AWP Litigation_"), MDL 1456, and the length of time it has, and the fact the federal court had jurisdiction based on statutory claims that did not require a pre-suit demand, we believe this notice is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is has come to the attention of plaintiffs in the MDL, on behalf of all classes in the litigation,[3] that Track 2 Defendants Abbott Laboratories, Inc. ("Abbott"), Amgen, Inc. ("Amgen"), Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. ("Aventis Group"), Baxter International, Inc. and its subsidiary Baxter Healthcare Corp. ("Baxter"), Bayer Corp. ("Bayer"), Dey, Inc., Fujisawa Healthcare Inc. and Fujisawa USA, Inc. ("Fujisawa Group"), Immunex Corp. ("Immunex"), Pfizer, Inc. ("Pfizer"), Pharmacia Corp. and its subsidiary Pharmacia & Upjohn, Inc. ("the Pharmacia Group"), Sicor, Inc. ("Sicor"), and Watson Pharmaceuticals, Inc. ("Watson"), implemented a scheme commencing in 1991 and continuing to the present to inflate the average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed class, whose payments for those pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

---

  [3] Plaintiffs do not believe that the 93A demand requirement applies to TPP's even if it applied to these circumstances to begin with.

ATTORNEYS AT LAW      SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
206.623.7292  206.623.0594      www.hbsslaw.com

001534-16 118493 V1

July 10, 2006
Page 2

The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identities of the drugs at issue are identified in the complaints.

Accordingly, Abbott, Amgen, Aventis Group, Baxter, Bayer, Dey, Fujisawa Group, Immunex, Pfizer, Pharmacia Group, Sicor and Watson ("the Track 2 Defendants") have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3), and in violation of other state's law.  This notice is being served on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the *AWP Litigation*.

Said classes hereby demand that the Track 2 Defendants correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members.  Otherwise, the classes will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11, as well as the other state's consumer protection statutes at issue.  For any other state requiring a monetary demand, plaintiffs can calculate such if requested.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement.  In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has long since been served.

If defendants pay those amounts, the injuries to the Massachusetts classes would be cured.  Damages do not include any adjustment for pre-judgment interest or trebling and are based on the Massachusetts only damages calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages |
|---|---|
| Watson | $4,000,000 |

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.  These amounts assume that Massachusetts is 2.43% of total damages, so the same damages numbers would apply to other states based upon their size.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you

July 10, 2006
Page 3

continue to decline to cure the violations, we ask that you notify us of your refusal to do so promptly.

PLEASE TAKE FURTHER NOTICE that the Complaint on file and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:wp

cc:    Douglas Farquhar