UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |

**DECLARATION OF JENNIFER FOUNTAIN CONNOLLY IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS**

I, Jennifer Fountain Connolly, declare as follows:

1.  I am a partner at Wexler Toriseva Wallace LLP and am one of plaintiffs' attorneys.  Specifically, my firm represents Sheet Metal Workers National Health Fund ("Sheet Metals"), plaintiffs' proposed representative for Class 2.  I submit the following Declaration in further support of Plaintiffs' Motion to Certify Claims With Respect to Track 2 Defendants.

### Abbott

2.  Abbott's claim that Sheet Metals' reimbursements for vancomycin fall outside the class period is incorrect.  In making this claim Abbott only analyzed the sample data attached to the Affidavit of Glenn Randle, submitted as Exhibit 2 to plaintiffs' motion for class certification.  That sample represented approximately 10% of the claims data Sheet Metals produced.  Had Abbott analyzed Sheet Metals' complete set of claims data, it would have been apparent that Sheet Metals reimbursed for vancomycin in 2004.  Attached as Exhibit 1 to this Declaration is a true and correct copy of SMWMASS 000170-2 showing this reimbursement.

- 1 -

3. Attached as Exhibits 2 and 3 to this Declaration are, respectively, true and correct copies of the deposition transcript of Michael W. Sellers taken in *West Virginia v. Abbott Labs., Inc.* and the deposition transcript of Michael W. Sellers taken in this litigation.

4. A full analysis of Sheet Metals' claims data would also have shown that Sheet Metals reimbursed for heparin sodium in 1998 and 2001. Attached as Exhibits 4 and 5 to this Declaration are true and correct copies of SMWMASS000737-826, at 774 and SMWMASS 01015-25, which reflect these reimbursements.

5. Attached as Exhibit 6 to this Declaration is a true and correct copy of an FDA Monthly Additions/Deletions Drug Product List dated May 2004. This shows the date Abbott transferred the drugs formerly marketed by its Hospital Products Division to Hospira. Attached as Exhibits 4 and 7 to this Declaration are true and correct copies of SMWMASS 000737-826, at 774, showing reimbursement for heparin administered in 1998, long before the transfer, and SMWMASS 000303-305, showing reimbursement for A-Methapred injections in October of that same year (2004).

## Aventis

6. Like Abbott, Aventis failed to analyze the complete set of Sheet Metals' claims data. Had it done so, it would have seen that Sheet Metals made AWP-based reimbursements for Anzemet. Attached as Exhibits 8 and 9 to this Declaration are true and correct copies of SMWMASS 001041-48 and SMWMASS 000347-51, showing reimbursements under Medicare Part B for Anzemet administered in an oncology clinic.

## Baxter

7. Like Abbott and Aventis, Baxter likewise failed to analyze the complete set of Sheet Metals' claims data. Had Baxter done so, it would have discovered that Sheet Metals

reimbursed for Baxter drugs covered by Medicare Part B and administered in an oncology clinic. Attached as Exhibits 4 and 5 to this Declaration is a true and correct copy of SMWMASS 000737-826, at 774 and SMWMASS 001015-25 showing this reimbursement.

### Dey

8.  Dey also did not analyze the complete set of Sheet Metals' claims data. Had it done so, it would have discovered that Sheet Metals reimbursed for albuterol sulfate and ipratropium bromide in 2003. Attached as Exhibit 10 to this Declaration is a true and correct copy of SMWMASS 000109-111 showing these reimbursements.

### Fujisawa

9.  Fujisawa likewise did not do a full analysis of Sheet Metals' claims data. Attached as Exhibit 4 to this Declaration is a true and correct copy of SMWMASS 000737-826, at 771 and 772, showing Sheet Metals' reimbursements for dexamethasone sodium phosphate and fluororacil in July and August of 1998. Attached as Exhibits 11 and 12 to this Declaration are true and correct copies of an APP Product Recall and American Regent Product Index, listing expiration dates for sample lots of these drugs at sixteen months and three years, respectively. Attached as Exhibit 13 to this Declaration is a true and correct copy of SMWMASS 00352-4.

### Immunex

10. Immunex likewise did not do a full analysis of Sheet Metals' claims data.

### Pharmacia

11. Pharmacia also failed to do a complete analysis of Sheet Metals' claims data. Had it done so, it could have determined, by also examining its own sales data, whether Pharmacia sold Adrucil to clinics other than those identified in the samples attached to the Affidavit of Glenn Randle. Attached as Exhibit 4 to this Declaration is a true and correct copy of

- 4 -

SMW 000737-826, at 775, showing reimbursement for Adrucil to a provider other than those Pharmacia searched.

### Sicor

12.   Sicor likewise did not do a full analysis of Sheet Metals' claims data.

### Watson

13.   Watson is the sole Track 2 Defendant who examined Sheet Metals' entire Massachusetts production rather than the sample attached to the Affidavit of Glenn Randle.

14.   Watson claims that Sheet Metals has not submitted any documentation of actual payment or reimbursement.  However, simply because Sheet Metals' EOB was not attached to its claims data does not mean that Watson did not pay for those drugs; it simply means that the EOB was not in the paper file Sheet Metals maintained.

### Pass-Through Payments Made Under OPPS

15.   Defendants' expert Steven Young claims that reimbursement by Sheet Metals for Abbott's drug leucovorin calcium (J0640) in October 2002 was made under the Hospital Outpatient Prospective Payment System and therefore was not based on AWP.  This is not correct because leucovorin calcium was a pass-through drug reimbursed based on AWP. Attached as Exhibits 14 and 15 to this Declaration are true and correct copies of sections of APC/HCPCS Assignment Schedules, issued by CMS and published online by Information Resource Products, Inc. (IRP) which staff working under my direction retrieved at www.irp.com/fedregs/apcas021001.htm and www.irp.com/fedregs/apcas020701.htm.  Those documents show that leucovorin calcium had a status indicator of "G" under the OPPS system in 2002.  Attached as Exhibit 16 to this Declaration, and also found at www.cms.hhs.gov/hospitaloutpatientpps/downloads/cms_1501_fc_addd1.pdf, is a true and

- 5 -

correct copy of a list of status indicators, showing that status indicator "G" was assigned to pass-through drugs and biologicals.  Attached as Exhibit 17 to this Declaration is a true and correct copy of AZ0549778-821, a document authored by the industry organization PhRMA and produced by defendant AstraZeneca in this litigation, which acknowledges at AZ0549811 the existence of a pass-through status for cancer therapies, such as leucovorin calcium, that calls for such drugs to be paid at 95% of AWP.  Attached as Exhibit 18 to this Declaration is a true and correct copy of a CMS Health Care Industry Market Update, dated January 10, 2003, which states at page 47, "Pass-through payments are based on 95% of AWP for the drug less CMS's estimate of hospital acquisition cost for the drug," and at page 48, "AWPs that overstate actual acquisition cost for drugs also result in higher outpatient PPS transitional pass-through payments for many drugs …"

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

| | |
|---|---|
| July 19, 2006 | /s/ Jennifer Fountain Connolly |
| | Jennifer Fountain Connolly |
| | Wexler Toriseva Wallace LLP |
| | One North LaSalle Street, Suite 2000 |
| | Chicago, IL  60602 |
| | Telephone: (312) 346-2222 |
| | Facsimile: (312) 346-0022 |

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **DECLARATION OF JENNIFER FOUNTAIN CONNOLLY IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 19, 2006, a copy to LexisNexis File and Serve for Posting and notification to all parties

      By    /s/ **Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292

001534-16 120032 V1

# Exhibits 1-18

# FILED UNDER SEAL

001534-16 120032 V1