# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) |
| _____ | ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) ) ) ) |

## REPLY MEMORANDUM IN SUPPORT OF SCHERING-PLOUGH CORPORATION'S MOTION TO STRIKE CERTAIN SUBJECT DRUGS

Defendant Schering-Plough Corporation ("Schering") respectfully submits this brief reply memorandum in support of its Motion to Strike Certain Subject Drugs ("the Motion to Strike"). Plaintiffs do not object to the Motion to Strike with respect to Integrilin and, thus, that drug should be stricken from the case entirely. (*See* Class Pls.' Mem. in Opp'n.)

With respect to Intron-A, Plaintiffs make two arguments. First, Plaintiffs argue that the Motion to Strike is "too late." (Class Pls.' Mem. in Opp'n at 2.) Plaintiffs are wrong. They erroneously assert that Rule 12(f) governs the Motion, but the Court explicitly granted Schering leave to file a motion to strike with respect to subject drugs that were improperly included in its order. Consolidated Order re: Motion for Class Certification on January 30, 2006 ("Final Order"), attached as Ex. A to Mem. Supp. Schering's Mot. to Strike, n.1 ("The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order. Defendants recently raised the issue that some drugs were improperly included. After conferring, *the parties may move to strike drugs included in error*.") (emphasis added). The Court did not order that such

motions be filed by any particular date. Thus, the Motion to Strike was properly made pursuant to the Court's Final Order.

The only other argument Plaintiffs make in opposition to the Motion is that "Dr. Hartman has concluded Intron A is Medicare Part B reimburseable." (Class Pls.' Mem. in Opp'n at 2.) But the sole basis for Dr. Hartman's conclusion is that some Intron-A NDCs have been assigned a J-Code by the Centers for Medicaid and Medicare Services ("CMS"). (Decl. of Raymond S. Hartman Opposing the Schering-Plough Mot. to Strike Certain Subject Drugs ("Hartman Decl.") ¶ 3.) Dr. Hartman's conclusion rests on the entirely unsupported assumption that Medicare claims have actually been submitted – and that reimbursement has been paid – for the NDCs at issue. The classes in this case, as defined by the Court, are necessarily defined in relation to submission of a claim for reimbursement. *See* Final Order. The fact that a few NDCs appear on the cited CMS crosswalk, however, does not mean that any claims were actually submitted to Medicare or any Third Party Payor. Dr. Hartman's say-so is not enough, as he is not an expert on the pharmaceutical industry, Medicare reimbursement, or Intron-A presentations.[1] Furthermore, Plaintiffs provide no legal basis to support Dr. Hartman's assumption or conclusion. Without any factual or legal support, Plaintiffs argument fails.

Thus, for all of the foregoing reasons, Plaintiffs' opposition to the Motion to Strike is without merit.

---

[1] Notably, the CMS crosswalk on which Plaintiffs and Dr. Hartman rely contain only 9 Intron-A NDCs, yet they claim that 27 NDCs are at issue here. Dr. Hartman compounds his flawed analysis by extrapolating from his unsupported assumption that the appearance of an NDC on this list necessarily means that claims were submitted and reimbursed, and baldly asserting that "the presentation of these NDCs [not on the CMS crosswalk] was sufficiently similar to the NDCs that do appear in the crosswalk to assume that all Intron NDCs were covered at some point in time under Medicare Part B." (Hartman Decl. ¶ 3.) Again, Dr. Hartman is not qualified to make such assumptions or draw such conclusions.

        Respectfully Submitted,

        /s/ Eric P. Christofferson
        John T. Montgomery (BBO#352220)
        Steven A. Kaufman (BBO#262230)
        Eric P. Christofferson (BBO#654087)
        Ropes & Gray LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

        *Attorneys for Schering-Plough Corporation*

Dated:  July 20, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

      /s/ Eric P. Christofferson
      Eric P. Christofferson