UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS | Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO WARRICK PHARMACEUTICALS CORPORATION'S CROSS MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB <u>FOR PURPOSES OF PRESERVATION TESTIMONY</u>**

Plaintiffs moved pursuant to Fed. R. Civ. P. 26 and 30(a)(1)(B) to quash the May 18, 2006, Amended Notice of Deposition of Harvey Weintraub served by Defendant Warrick Pharmaceuticals Corporation ("Warrick") in these consolidated actions.  Warrick's attempt to re-take this deposition violates the Federal Rules of Civil Procedure and is otherwise an improper maneuver designed to present at trial carefully controlled testimony of an important witness.

Caught in flagrant violation of Rule 30(a)(1)(B)'s requirement that "a party must obtain leave of court … if … the person to be examined already has been deposed in the case[,]" Warrick now cross-moves for such permission.  But Warrick cannot satisfy the standards of Fed. R. Civ. P. 32(a)(2)(C) and (E), which authorize the "trial" deposition that Warrick seeks only when "the witness is unable to attend [trial] or testify because of age, illness, infirmity, or imprisonment," or "upon . . . exceptional circumstances . . . as to make it desirable, in the interest

-1-

of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Because Warrick is attempting to *re-take* this deposition for the sole purpose of perpetuating trial testimony (or, in the cases of Nevada and Montana, to take the deposition after the close of discovery), Plaintiffs need not show "good cause" as Warrick asserts. Warrick Br. at 3. The relevant standard under these circumstances is provided by the requirements of Rule 32.

Warrick has submitted no evidence that meets Rule 32's requirements. It has failed to provide the evidentiary materials necessary to support its extraordinary request to shield Mr. Weintraub from appearing at trial. All it can muster is Mr. Weintraub's equivocal affidavit and the inconclusive letter from his treating physician. Neither document establishes that the witness will be unavailable for trial or even a reasonable risk that he will be unavailable at trial. Period. And at least one Court agrees. *See State of Arizona v. Abbott Labs. et al.*, No. 2:06-cv-45-PHX-ROS, Order at 2 (D. Ariz. June 14, 2006) ("There is *no evidence* . . . that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation.") (emphasis added) (attached as Ex. 2 to the Berman Declaration submitted with Plaintiffs' motion). *Indeed, the proximity to the class trial of Warrick's newly proposed deposition dates – September 18-22 – quite strongly suggests that the witness will be available at trial in November. The fact that Mr. Weintraub can sit for a multi-day deposition in late September demonstrates that he can give trial testimony in November or for a day or two in the following weeks*.

Warrick's cases do not support it here. *Gracia v. Lee*, 976 F.2d 1344 (10th Cir. 1992), did not discuss the circumstances leading up to the preservation deposition and, therefore, is of no consequence. *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967), is inapposite because leave was granted to take the deposition in a case that was stayed and had no trial date, imminent or

otherwise.  *Id.* at 609.[1]  In contrast, the proceedings at issue here are on the very eve of trial.  Nor does *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D. Colo. 2001), help Warrick.  In that case, unlike here, no depositions of the witnesses at issue had been taken, and the party requesting the depositions could not compel the witness's attendance at trial because they lived in Europe.  *Id.* at 356.

*Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D.Minn. 1991), cited in *Estenfelder*, is more analogous to the instant circumstances.  There, the defendant elected not to ask any questions of its witness during plaintiff's discovery deposition even though it knew that the witness was beyond the subpoena power of the court and then, after the close of discovery, sought to take a perpetuation deposition.  The court ruled that the defendant had missed its opportunity:  "A party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk" that a subsequent request for a preservation deposition may be refused by the court.  *Id.* at 557.  Warrick was well aware that there could be some circumstances under which Mr. Weintraub's health could decline in the future, making him unavailable at trial.  Nonetheless, Warrick declined to illicit the testimony it wanted.  But, more importantly, Warrick can ask its questions at trial because ***there is no evidence suggesting that Mr. Weintraub will not be available at trial***.

The testimony of Warrick's key witness should be rendered live at trial so that the Court can assess first hand the credibility (or lack thereof) of this witness.  Warrick has resoundingly

---

[1] Plaintiffs also suggest that the Third Circuit sitting in 2006 – some 39 years removed from the *Borda* decision – is unlikely to find that a witness's deposition should be taken merely because he or she is 71 years of age.

failed to satisfy its burden of demonstrating that it should be accorded the extraordinary advantage of a perpetuation deposition on the eve of trial.

DATED:  July 20, 2006.                        By     /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

-5-

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

-6-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 20, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO WARRICK PHARMACEUTICALS CORPORATION'S CROSS MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB FOR PURPOSES OF PRESERVATION TESTIMONY** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                  **/s/ Steve W. Berman**
                                  Steve W. Berman

001534-16  120387 V1