# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Arizona v. Abbott Labs Inc., et al.*, 06-CV-11069-PBS | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF WARRICK PHARMACEUTICALS CORPORATION'S RENEWED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB FOR PURPOSES OF DISCOVERY OR FOR RECONSIDERATION OF THE DECISION OF THE TRANSFEROR COURT**

Defendant Warrick Pharmaceuticals Corporation ("Warrick") respectfully submits this memorandum in support of its Renewed Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Discovery or, in the alternative, for Reconsideration of the Transferor Court's Decision. For the reasons set forth below, the deposition of Mr. Weintrub should be allowed to go forward for purposes of discovery in *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS.

## PRELIMINARY STATEMENT

One of Warrick's key witnesses, Harvey Weintraub, is 77 years old and has serious health-related issues that call into question his future availability to testify at multiple discovery depositions, much less multiple trials, in more than 20 currently pending AWP-related actions in which Warrick is named as a defendant. (*See* Warrick's Mem. in Opp'n to Certain Pls.' Mot. to Quash May 18, 2006 Am. Notice of Dep. of Harvey Weintraub and in Supp. of Cross Mot. for Leave to Take Dep. of Harvey Weintraub for Purposes of Preservation of Test. (July 6, 2006) (Docket No. 2840) ("Mem. in Supp. of Preservation Dep.") at 3-5, Exs. F-G.) As a result, Warrick scheduled a single deposition of Mr. Weintraub in all of these pending AWP-related cases, and served an initial notice of deposition, together with a cover letter explaining the circumstances and reasons for the deposition, in April of this year. (*Id.* at 1-3.)

The vast majority of plaintiffs' counsel consented. In the actions pending in state courts, Warrick has worked successfully with plaintiffs' counsel where discovery is in its early stages - including in Alabama, Illinois, Kentucky, Massachusetts, Missouri, Pennsylvania, and Wisconsin – and where discovery has not yet commenced – including in New Jersey, Mississippi, and Ohio. In the California and New York actions that have been consolidated before this Court in MDL No. 1456, the parties have also worked together and have filed joint motions for leave to take the deposition. (*See* Stipulated Mot. for Order Permitting Dep. of Harvey Weintraub (Docket No.

2497) (Apr. 26, 2006); Stipulated Mot. for Order Permitting Dep. of Harvey Weintraub (Docket No. 2256) (May 8, 2006).) Judge Saris, in fact, granted the motion in the California action. (*See* Tr. of Hr'g May 22, 2006 at 55-56, attached hereto as Ex. 1.[1]). Warrick has also provided documents to plaintiffs' counsel to assist them in preparing for the deposition, and, in response to requests from various plaintiffs' counsel for additional time to prepare, Warrick recently postponed the deposition to the week of September 14-18, 2006. (*See* Second Am. Notice of Dep. (July 17, 2006), attached hereto as Ex. 2.)

In contrast to these cooperative efforts, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") has pledged to oppose the taking of the deposition regardless of its procedural posture, and have moved in the MDL to quash the deposition. (*See* Mem. in Supp. of Preservation Dep. at 2.) In addition to opposing this motion, Warrick moved for leave to conduct the deposition for purposes of preservation of testimony in the private class action, as well as the Montana, Nevada, and Arizona actions.[2] (*Id.* at 9-10.) At the time the motion was filed, Warrick indicated it would make a separate submission concerning noticing and taking the deposition for purposes of discovery in the Arizona action, since this action had been recently transferred from the District of Arizona to this Court and, given its procedural history, presents separate issues for the Court's consideration. (*Id.* at 2 n.4, 9 n.8.)

---

[1] All citations to "Ex. __" will refer to exhibits to the Declaration of Eric P. Christofferson Transmitting Documents Relied upon in the Memorandum in Support of Warrick Pharmaceuticals Corporation's Renewed Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Discovery or for Reconsideration of the Decision of the Transferor Court, filed herewith.

[2] The instant motion for leave to take the deposition for discovery purposes is distinct from the motion for leave to take the deposition for preservation purposes, based on the difference – recognized in case law – between a discovery deposition and a preservation deposition. (*See* Mem. in Supp. of Preservation Dep. at 3-6.)

## PROCEDURAL HISTORY

On December 6, 2005, the State of Arizona filed a Complaint in Arizona Superior Court. On January 5, 2006, Defendants removed the case to federal court. On January 11, 2006, pursuant to MDL Rule 7.5(e), Defendants filed a Notice of Related Action with the Judicial Panel on Multidistrict Litigation ("JPML"), designating this case as a related tag-along action to those already transferred to this Court as part of the MDL No. 1456. On January 30, 2006, the JPML conditionally transferred this case to the AWP MDL, based on apparent common questions of fact with other AWP actions. (*See* Conditional Transfer Order, CTO-28, *In re Pharmaceutical Wholesale Price Litig.*, MDL No. 1456 (J.P.M.L. Jan. 30, 2006), attached hereto as Ex. 3.) In light of this order, defendants moved to stay proceedings in the District of Arizona pending actual transfer by the JPML.

While this motion to stay was pending, Warrick filed a motion seeking leave to conduct Mr. Weintraub's deposition. (*See* Mot. Seeking Leave to Conduct the Dep. of Harvey Weintraub, *State of Arizona v. Abbott Labs, Inc. et al.,* No. 2:06-cv-45-PHX-ROS (May 1, 2006), attached hereto as Ex. 4.) Plaintiffs, represented by Hagens Berman, opposed the motion. On June 14, 2006, without oral argument, the Court denied the motion on the grounds that the parties had not yet conferred pursuant to Fed. R. Civ. P. 26(f) and that there was "no evidence . . . that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation." (Order, *State of Arizona v. Abbott Labs, Inc. et al.,* No. 2:06-cv-45-PHX-ROS (D. Ariz. June 14, 2006), attached hereto as Ex. 5.)

Two days later, the JPML issued its transfer order. (*See* Transfer Order, *In re Pharmaceutical Wholesale Price Litig.*, MDL No. 1456 (J.P.M.L. June 16, 2006) ("Transfer

3

Order"), attached hereto as Ex. 6).  In this order, the JPML referenced its initial order creating the AWP MDL, which stated:

> Congregating all these actions . . . is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.  As a result, resolution of overlapping issues – relating to discovery concerning these similar practices and class certification – will be streamlined.

*In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002).  The Arizona case transferred into this Court on June 19, 2006, and an order of consolidation was entered on June 20, 2006.  To date, the Arizona action is one of 97 AWP-related actions that have been transferred to this MDL Court.  *See* JPML, DISTRIBUTION OF PENDING MDL DOCKETS 4 (July 10, 2006), *available at* www.jpml.uscourts.gov.

## ARGUMENT

There is good cause for the deposition of Mr. Weintraub to go forward for discovery purposes in the Arizona action.  Good cause is sufficient to justify allowance of the renewed motion for leave to go forward with the deposition (*see I, infra)* and equally for reconsideration of the denial of this motion by the transferor court (*see II, infra)*.

**I.   THE RENEWED MOTION FOR EXPEDITED DISCOVERY SHOULD BE GRANTED BECAUSE WARRICK HAS DEMONSTRATED GOOD CAUSE SUFFICIENT TO OUTWEIGH ANY POSSIBLE PREJUDICE**

The Court may permit discovery prior to a conference between the parties upon a finding of "good cause."  Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 30(a)(2)(C)*; see also* Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FED. PRAC. & PROC. 2d § 2046.1 (noting that leave may be granted for "specified depositions").  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.

4

Ca. 2002) (granting motion for discovery prior to scheduling conference). Such is the case here, where there is a clear need for expedited discovery and no credible showing of prejudice.

The reasonable limitation of Mr. Weintraub's exposure to the burdens of subsequent discovery depositions is necessary and appropriate. The transfer of this action to this Court, where the limitation of his subsequent burden has been accepted by plaintiffs' counsel in cases not involving Arizona's lawyers and, indeed, has been ordered by this Court in the California case, presents an appropriate occasion for renewal of the motion. *See*, *e.g., In re Cabletron Sys.,* 311 F.3d 11, 22 n.2 (1st Cir. 2002) (noting that successor judge could consider a renewed motion to dismiss, as prior judge's decision was interlocutory in nature); *Bethlehem Steel Exp. Corp. v. Redondo Const. Corp.*, 140 F.3d 319, 320 (1st Cir. 1998) (affirming renewed motion for summary judgment, made after case had been reassigned to another judge).

### A.     The Renewed Request for Expedited Discovery is Reasonable under the Circumstances

There is good cause for expedited discovery if expedited discovery is "reasonable under the circumstances." *See, e.g., Keybank, Nat'l Assoc. v Quality Payrom Sys., Inc.*, No. CV 06-3013(JS)(AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006); *see also In re Websecure*, No. 97-10662-GAO, 1997 WL 770414, at *4 (D. Mass. Nov. 26, 1997) (granting request for expedited discovery that was deemed "reasonable").[3]  "Courts have held that expedited discovery is warranted 'when some unusual circumstances or conditions exist that would likely prejudice

---

[3] As noted in *Keybank*, some courts apply a multi-part test articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which requires a party, typically a plaintiff, to show: (1) irreparable injury, (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the party opposing the discovery will suffer if expedited relief is granted. 2006 WL 1720461, at *4 (finding that both standards were met). While courts in this District have not applied a *Notaro* test, Warrick's request meets these standards, as established *infra*.  *See also Dimension Data N. Am., Inc. v. Netstar-1, Inc.* 226 F.R.D. 528, 531 (E.D.N.C. 2005) ("a standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure").

5

the party if they were required to wait the normal time.'" *Physicians Interactive v. Lathian Sys., Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003) (internal citations omitted).  This renewed request for expedited discovery is reasonable because of serious health concerns regarding Mr. Weintraub, the prior ruling of this Court in almost identical circumstances, the orders of the JPML, and the case management orders of this Court.

### 1. Serious Health Concerns

Mr. Weintraub's age and serious health issues make uncertain his availability to testify at future depositions, as detailed more fully in sealed papers already before the Court.  (*See* Mem. in Supp. of Preservation Dep. at 3-5, Exs. F-G.)  In such circumstances, courts have expedited discovery is justified.  In *Winer Family Trust v. Queen*, for example, the court considered whether a potential deponent's diagnosis of brain cancer justified relief from the stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA").  No. Civ.A 03-4318, 2004 WL 350181, at *5 (E.D. Pa. Feb. 6, 2004).  Noting that a terminal illness of an important witness was the "sole reason" offered by Congress for a relief of a stay of discovery imposed by the PSLRA, the court granted leave to conduct discovery of the witness.  *Id.*

Outside the context of the PSLRA, courts have granted leave to plaintiffs seeking expedited discovery because of health concerns.  *See Campos v. Immigration and Naturalization Service*, 70 F. Supp. 2d 1296, 1310-11 (S.D. Fla. 1998) (ordering expedited discovery for class certification "because of plaintiffs' health problems and advanced age"); *cf. Velez-Oliveras v. Asocacion Hospital del Mastrao, Inc.*, 198 F. Supp. 2d 70, 72 (D.P.R. 2002) (denying motion for stay and noting trial judge's observation that "plaintiffs' request for expedited discovery is 'cause for immediate action,' given their fragile health and financial limitations").  The situation for

6

Warrick, a defendant seeking to ensure it can present an adequate defense in the Arizona action, is no different.

Courts have also granted motions for expedited discovery based on concerns about the availability of discovery after the passage of time. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D 645, 651 (D. Minn. 2002) (granting motion for expedited discovery based on finding that computer records might not be preserved and that an individual's military status may change); *Pod-Ners, LLC v. N. Feed & Been of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Col. 2002) (granting motion for leave to take expedited discovery of commodities that may be sold "prior to the time within which discovery normally would be permitted").  Given Mr. Weintraub's progressive health condition and advanced age, concerns regarding his future availability also justify expedited discovery.  Such concerns are especially strong when it is unclear when discovery will begin, although it would most likely be *after* motions to remand and motions dismiss are briefed, argued, and decided by the Court.

### 2. Prior Ruling by this Court

The request for expedited discovery is reasonable under the circumstances because of this Court's prior ruling regarding the deposition of Mr. Weintraub for purposes of *State of California, et al. v. Abbott Labs, Inc., et al.*, Civil Action No. 1:03-CV-112226-PBS.  There, as here, the proceeding was in an early stage where party discovery was prohibited.  There, as here, a motion was made to the Court for leave to take the deposition for discovery purposes.  There, as here, that motion was based on the fact that Mr. Weintraub's age and serious health conditions made his availability at a future deposition uncertain.  At a hearing on May 22, 2006, the Judge Saris granted the motion, as noted *supra*.  To allow the deposition to go forward for discovery purposes in the California action, but not in the Arizona action, would be self-defeating.

### 3. Orders of the JPML

Expedited discovery would further the objective for which this MDL was created, namely to "avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d at 1380.  Indeed, the explicit purpose of transfer from the District of Arizona to the District of Massachusetts was to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  (Transfer Order at 1-2; Ex. 6.)  To make an exception for Arizona – allowing the deposition to go forward for discovery purposes in one action but not in another, even though both are in the same MDL court – would not "avoid duplication of discovery"; it would create it.

Similarly, expedited discovery would promote another one of JPML's objectives in creating this MDL Court: to provide consistent and uniform pretrial rulings.  As noted *supra*, the Court has ordered that the deposition go forward for purposes of the California action, and the New York entities represented by Kirby McInerney & Squire, LLP have joined with Warrick in a motion that the deposition go forward in those actions as well.  Only Plaintiffs represented by Hagens Berman have dissented, and their dissent should not be permitted to cause the disorganization, inconsistencies, and undue burdens on individuals that the AWP MDL is empowered to prevent.

### 4. Case Management Orders of this Court

The request for expedited discovery also serves this Court's stated objectives with respect to coordination with state cases.  Case Management Order No. 9 created a system to coordinate MDL proceedings with those of state cases expressly to "minimize the waste and inconvenience that would result if parallel discovery proceeded unabated in all cases."  (CMO No. 9 (Nov. 24,

2003) (Docket No. 612) at 3.[4])  A stated purpose for coordinating proceedings was "to avoid duplicative depositions of any person or party."  *Id.* at 5 (requiring counsel to apprise parties in state cases of depositions in MDL).  The Court had occasion after issuing CMO No. 9 to clarify its intent, thus: "My goal is to coordinate document productions and depositions on issues common to all actions to the extent feasible."  (CMO No. 11 (Apr. 8, 2004) (Docket No. 772).[5])

This request for expedited discovery fulfills the stated policies of this Court to encourage coordination with state cases.  Warrick has noticed this deposition in actions pending in over 15 state court proceedings across the country, each of which is at a different stage of the discovery process.  In fact, Warrick has cooperated with counsel across these proceedings in order to provide necessary documents and allow additional time for counsel to prepare for the deposition.  Given the number of state proceedings for which the deposition will already be going forward, expedited discovery for purposes of the Arizona action is necessary to avoid "duplicative depositions."

### B.     Plaintiffs Cannot Make Any Credible Showing of Prejudice

Plaintiffs must make some showing of prejudice or undue burden to outweigh the need for expedited discovery.  *See, e.g., Semitool, Inc.,* 208 F.R.D. at 276-77.  Here they cannot.  Hagens Berman will not be burdened by a deposition noticed for September.  They have been litigating in AWP-related matters for almost five years.  As counsel to three other states, they

---

[4]  To the extent CMO No. 9 applies to the Arizona action, the instant motion also requests leave from the restriction that "no party may serve discovery on any other party in any action that is included within MDL 1456 prior to a defendant's filing of an answer to the complaint in the action in which discovery is to be served."  (CMO No. 9 at 2.)

[5]  By its terms, CMO No. 10 "is applicable to all related cases brought by state and county governmental entities," which would presumably include the Arizona action recently transferred to this Court.  To the extent CMO No. 10 applies, Warrick notes that the noticed deposition is consistent with the limit of twenty-one hours for any given witness.  (*See* CMO No. 10 ¶ 8.)  The schedule, for 9:00 a.m. – 1:00 p.m. over five days, is made necessary by a skeletal condition Mr. Weintraub has that makes it painful for him to sit for extended periods.  (*See* Ex. A to Mem. in Supp. of Preservation Dep.)

9

have not only filed complaints similar to the one in Arizona, but have conducted and completed discovery in those actions.  Indeed, in the MDL, they deposed Mr. Weintraub in August 2005.  They have had notice of the instant deposition of Mr. Weintraub since April.  They have been offered along with all other plaintiffs' counsel – but have refused – documents to assist in preparing for this deposition; in fact, most of these documents were produced in connection with the private class cases, for which Hagens Berman is also lead counsel.  The deposition is not scheduled to go forward for several months, after which time a scheduling conference may have occurred.

This situation is more compelling than that which sufficed to justify discovery prior to a scheduling conference in *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. at 276-77.  There, as here, the party opposing expedited discovery was represented by "sophisticated counsel" who were knowledgeable about the issues involved in the case from their work over several prior years.  *Id* at 277.  They, as Hagens Berman, had ample notice of discovery.  *Id.*  They, as Hagens Berman, knew that the discovery was relevant and would be undertaken at some point.  *Id; see also Pod-Ners,* 204 F.R.D. at 676 (granting request for expedited discovery and noting that opposing party had retained counsel).  Therefore, Hagens Berman, as with counsel in *Semitool*, would not be prejudiced by participating in the discovery in advance of a scheduling conference.

**II.    TO THE EXTENT THE COURT FINDS IT NECESSARY, THE TRANSFEROR COURT'S DECISION SHOULD BE RECONSIDERED**

To the extent the Court deems it necessary to reconsider the decision by the transferor court, such reconsideration is appropriate.  "A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment."  *Davis v. Lehane*, 89 F.Supp.2d 142, 147 (D. Mass. 2000) (noting that "a district court must

balance the need for finality against the duty to render just decisions").  Here, factors favoring expedited discovery are present that were not present in Arizona, including the prior ruling by this Court, the orders of the JPML, and the case management orders issued by this Court, as well as the effect of two additional months before the scheduled deposition.

An MDL court has considerable power to revise or reconsider decisions of a transferor court.  As the Fourth Circuit Court of Appeals recently noted, exacting standards applicable generally to a motion for reconsideration are "not always justified in the multidistrict litigation context, where there is a need for consistent treatment of consolidated cases." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (affirming decision of transferee court to reconsider motions to dismiss that had been denied, without prejudice, by transferor court).  MDL courts have a "special freedom" to "consider anew questions previously decided" by a transferor court. *Pettiford v. Lesher*, 89 F.3d 838 (Table), 1996 WL 341218, at *7-8, Nos. 94-2155, 94-3902 (7th Cir. June 17, 1996) (internal citation omitted); *see also Astarte Shipping Co. v. Allied Steel & Exp. Svc.,* 767 F.2d 86, 87 (5th Cir. 1985) (stating that "[t]he transferee court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect.").

### A. The Transfer to the MDL Is a New Factor That Calls for Reconsideration

The transfer of the Arizona action to MDL No. 1456 constitutes a change in circumstance and in law justifying reconsideration of the transferor court's decision.  "[T]ransfer of an action by the JPML can constitute . . . the type of 'significant' and 'fundamental' change warranting reconsideration of the order by the transferee court." *Degulis v. LXR Biotech., Inc.*, 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996) (granting motion to reconsider transferor court's denial of motion to dismiss); *see also In re Long Distance Telecommc'ns Litig*., 612 F. Supp. 892, 903 (E.D. Mich.

11

1985) (noting that the "posture of the [instant] case has now been fundamentally changed by the JPML's decision to transfer the case to this court."), *rev'd, in part, on other grounds*, 831 F.2d 627 (6th Cir. 1987).

Here, reconsideration is appropriate because the motion is now subject to 28 U.S.C. § 1407, the JPML orders, this Court's prior ruling in the California action, and this Court's case management orders. This change in the relevant legal framework mandates reconsideration in order to ensure consistent rulings and enable the Court to manage pretrial discovery. *Cf. Lehane*, 89 F.Supp.2d at 147 (noting that an interlocutory order may be reconsidered based on an "intervening change in controlling law."); *Ellis v. United States*, 313 F.3d 636, 647 (1st Cir. 2002) (noting that "reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative").

        **1.**        **Consistency**

"Reconsideration following transfer by the JPML can ensure consistent pretrial rulings." *Degulis*, 928 F. Supp. at 1308-10 (granting motion to reconsider transferee court's prior decision on motion to dismiss to ensure consistently with transferor court's decisions on motions to dismiss in similar actions). Indeed, one of the purposes of 28 U.S.C. § 1407 is "avoiding the chaos of conflicting decisions." *In re Exterior Siding & Aluminum Coil Antitrust Litig.*, 696 F.2d 613, 616-18 (8th Cir. 1983) (affirming MDL court's reconsideration of class certification decision by transferor judge). As one court has explained,

> One of the basic purposes of the multidistrict process, and of JPML's transfer orders in this case, is to achieve consistent rulings on the common issues among the transferred cases. . . . [W]here, as here, the court has ruled on those very same issues in the other multidistrict case that are before it, the invocation of the doctrine [of the "law of the case"] will not conserve any judicial resources, but will instead simply frustrate the goals of uniformity and fairness that the multidistrict transfers were meant to achieve.

*In re Long Distance Telecommc'ns Litig.*, 612 F. Supp. at 903 (MDL court reconsidering transferor court's denial of motion to dismiss, where MDL court had previously granted motions to dismiss identical complaints brought by same law firm).

Here, consistency requires reconsideration of the transferor court's decision.  As noted *supra*, the Court has already granted the joint motion to allow the deposition of Mr. Weintraub for discovery purposes in the California action.  To forbid the deposition of Mr. Weintraub from proceeding for discovery purposes in the Arizona action would not only be incongruous with this prior decision, it would also create the "inconsistent" pretrial rulings that consolidation is meant to avoid.  *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d at 1380.  Similarly, the future risk for such inconsistent decisions is particularly clear, given the number of motions related to Mr. Weintraub's deposition that are already before the Court.[6]

The need for the MDL court to ensure consistency is well-recognized in this Circuit.  "[T]he law regarding multidistrict litigation would logically provide for a unified concept of pretrial proceedings."  *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32 (D.P.R. 1987) (noting that "[a district judge's] powers as a transferee judge are nothing less than plenary.").  In the interest of such uniformity, transferor courts typically defer to MDL courts on discovery matters.  After all, "proper coordination of complex litigation may be frustrated if other courts do not follow the lead of the transferee court."  *Starer v. Baxter Healthcare Corp.*, No. Civ.A. 96CV10683PBS, 2003 WL 21918885, at *5 (D. Mass. Dec. 5, 2003) (Saris, J.) (citing *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 678 (D.C. Cir. 1981)).

---

[6] As provided in the Second Amended Notice, a number of motions currently before the Court relate to earlier notices of the deposition of Harvey Weintraub served in this action.  (*See* Second Am. Notice at 2; Ex. 2.)  Because these motions apply equally to the Second Amended Notice, they do not need to be re-filed to retain their viability.

### 2.     Efficiency

The JPML transferred the Arizona matter to this MDL Court in order to "promote the just and efficient conduct of this litigation."  (Transfer Order at 1-2.)  In creating the MDL Court, the JPML stated it was necessary to "avoid duplication of discovery . . . repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.  *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d at 1380 (noting that resolution of common issues will be "streamlined").  As noted *supra*, the Court has adopted several orders meant to coordinate discovery both within and outside the AWP MDL.

Such circumstances have led numerous courts to reconsider decisions of the transferor court.  Indeed, "the duties of the transferee judge include the responsibility to harmonize the activities relating to discovery in cases which, though similar in nature, come to it from all parts of the country and in widely variant postures of preparedness."  *Upjohn Co. Antibiotic Cleocin Products Liab. Litig.*, 664 F.2d 114, 119-20 (6th Cir. 1981).  As one court has explained,

> By its nature, complex multidistrict litigation presents the potential for conflicting and duplicative discovery and other pre-trial procedures.  Avoiding conflicts and duplication in an effort to assure the "just and efficient" conduct of such actions is the thrust of the Multidistrict Litigation Act, 28 U.S.C. s 1407. . . . The transfer to a single jurisdiction, for pretrial proceedings of numerous cases pending in various district courts, affords the opportunity for centralized, coordinated and consolidated management thereby avoiding the chaos of conflicting decisions and fostering economy and efficiency in judicial administration.

*In re Exterior Siding and Aluminum Coil Litig.*, 538 F. Supp. 45, 47 (D. Minn. 1982); *see also In re Agent Orange Product Liability Litig.*, 597 F. Supp. 740, 770 (S.D.N.Y. 1984) (noting that the "purpose of the MDL process is to assemble data through discovery that can be used in any related litigation without the need for duplicative efforts."); MANUAL OF COMPLEX LITIGATION §§ 20.1, 11.432 (4th ed. 2004) (stating "[j]udges should encourage techniques that coordinate discovery and avoid duplication," such as cross-filing deposition notices).

**B.        Reconsideration does not Raise "Law of the Case" or Comity Concerns**

Reconsideration does not raise concerns regarding "law of the case" or comity that are present in motions to reconsider prior ruling of the same judge.  First, the "law of the case" does not apply to a denial of a motion for leave to take discovery.   Discovery orders are interlocutory in nature.  *See, e.g., Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo*, 410 F.3d 17, 19 n.10 (1st Cir. 2005) (listing discovery order as example of interlocutory order).  In this Circuit, "[i]nterlocutory orders . . . remain open to trial court reconsideration, and do not constitute the law of the case."  *Perez-Ruiz v. Crespo-Guillen,* 25 F.3d 40, 42 (1st Cir. 1994); *see also Tang v. R.I. Dep't of Elderly Affairs*, 163 F.3d 7, 11 (1st Cir. 1998) (finding that ruling on admissibility of evidence by one judge could be reconsidered by a successor judge, without the law of the case being implicated).

Reconsideration is especially appropriate for requests to reconsider discovery orders in an MDL proceeding.  "Since discovery orders and protective orders both must necessarily be subject to continuing revision upon change of circumstances, this power and the exercise of it is properly transferred to the transferee court during the period for which that court has responsibility for supervising ongoing discovery."  *Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d at 119 (affirming modification of protective order entered by transferor court).  Here, failing to reconsider the transferor court's decision would frustrate the usual goals of the "law of the case" doctrine – consistency and efficiency, *see Ellis*, 313 F.3d at 647[7] – by allowing

---

[7] The holding in *Ellis* is not to the contrary to the instant motion.  *Ellis* involved a collateral attack on a criminal conviction, where a successor judge exceeded the mandate of a limited transfer order and overturned the prior judge's ruling on a constitutional matter.  313 F.3d at 647 (also noting "society's reasonable reliance on the finality of a criminal conviction").  In the MDL context, reconsideration of a pretrial discovery motion, pursuant to 28 U.S.C. § 1407 and JPML order, hardly raises such concerns.  *See Astarte Shipping Co.,* 767 F.2d at 87 (noting that "a transfer under section 1407 transfers the action lock, stock, and barrel.").

15

inconsistency between the rulings of transferor and transferee courts and creating the need for multiple depositions.

Comity concerns are also not present here. This MDL court, unlike the court in the District of Arizona, is bound by the orders of the JPML and the mandate of 28 U.S.C. § 1407. *See Upjohn Co. Antibiotic Cleocin Prods. Liability Litig.*, 664 F.2d at 118 (noting the goal of consistency and stating that "no thoughtful judge will begrudge another's efforts to achieve this object of the [Multi-District Litigation] Act"). For this reason, a sister court in this Circuit has observed that there is not "any likelihood" that enforcement of a subpoena issued by a transferor court "is somehow offensive to the transferor court or breaches notions of comity . . . [b]ecause the law creates an additional power for the transferee judge." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. at 32.

## CONCLUSION

For the foregoing reasons, the Court should grant Warrick's Renewed Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Discovery or, in the alternative, for Reconsideration of the Transferor Court's Decision.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated: July 21, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that on July 21, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                            /s/ Eric P. Christofferson
                                                            Eric P. Christofferson