# EXHIBIT 1

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


In re:                        )
PHARMACEUTICAL INDUSTRY        ) CA No. 01-12257-PBS
AVERAGE WHOLESALE PRICE        ) MDL No. 1456
LITIGATION                     )



MOTION HEARING

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE




United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
May 22, 2006, 3:05 p.m.




LEE A. MARZILLI
CERTIFIED REALTIME REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA  02210
(617)345-6787

1   A P P E A R A N C E S:

2   For the Plaintiffs:

3       NICHOLAS N. PAUL, ESQ. Deputy Attorney General,
    Civil Prosecutions Unit, P.O. Box 85266, 110 West A. Street,
4   #1100, San Diego, California, 92186.

5       SUSAN SCHNEIDER THOMAS, ESQ., Berger & Montague, P.C.,
    1622 Locust Street, Philadelphia, Pennsylvania, 19103-6305.
6
        JAMES J. BREEN, ESQ., The Breen Law Firm, P.A.,
7   3562 Old Milton Parkway, Alpharetta, Georgia, 30005.

8       THOMAS A. TEMMERMAN, ESQ., California Department of
    Justice, Bureau of Medi-Cal Fraud, 1425 River Park Drive,
9   Suite 300, Sacramento, California, 95815.

10      ADAM D. MILLER, ESQ., Engstrom, Lipscom & Lack,
    10100 Santa Monica Boulevard, 16th Floor, Los Angeles,
11  California, 90266.

12      JONATHAN SHAPIRO, ESQ., Stern, Shapiro, Weissberg &
    Garin, Suite 500, 90 Canal Street, Boston, Massachusetts,
13  02114-2022.

14

    For the Defendants:
15
        JOHN P. McDONALD, ESQ., Locke, Liddell & Sapp, LLP,
16  2200 Ross Avenue, Suite 2200, Dallas, Texas, 75201-6776.

17      TARA A. FUMERTON, ESQ. and JAMES R. DALY, ESQ.,
    Jones Day, 77 West Wacker, Chicago, Illinois, 60601-1692.
18

19

20

21

22

23

24

25

1   which is --

2           THE COURT:  I thought you quoted it in a footnote,

3   and you went through all the different entities that it would

4   pick up.

5           MR. PAUL:  Page 11 is where you have it.

6           MR. DALY:  Thank you.  If you look at their

7   definition, Judge, "best price" means the negotiated price or

8   the manufacturer's lowest price available to any class or

9   trade organization, entity, including -- and it lists a bunch

10  of categories and then net.  So it's the negotiated price or

11  the pest price, according to their definition.

12          THE COURT:  Okay.  How would you say Mylan has an

13  interplay with the California statute, the Massachusetts

14  situation versus the California?

15          MR. DALY:  I think the Court asked a question about

16  whether you should go look at the materials.  I've done

17  that.  When you look at the materials, you look at the

18  argument, you look at the briefs, you look at the Court's

19  decision, the FCA part of that case was not really pushed.

20  That case had a lot of other claims in it.  It had fraud

21  claims.  It had all the other things.  And that's what the

22  court and the lawyers that were arguing it were focused on.

23  I think, when you see the opinion, the False Claims Act just

24  kind of gets swept in with the rest of it when the court made

25  its ruling.  Certainly the arguments about whether there was

1    a false claim under that act, the arguments that we're making

2    today were not made in that case.

3            And I'll tell you that the Massachusetts act is a

4    little bit different.  The Massachusetts act that

5    Massachusetts sued under, the section that they sued under

6    doesn't have false claim.  It doesn't require that the claim

7    itself be false, unlike the language that we're dealing with

8    here.

9            THE COURT:  Well, then that's what I'm going to

10   have to look at.  I hadn't even remembered it being teed up

11   this way really.  It's possible, but I have so many of these

12   cases, I just don't remember.  I will do that.

13           All right, so let me ask about this case.  This is

14   coming up in parallel with the big case.  Have you all

15   started discovery at all, or is this really in the beginning

16   phases of this?  How long ago was this filed?  This was filed

17   in --

18           MR. PAUL:  Your Honor, we filed this on August 25,

19   2005.  The case management order that we worked out together

20   for this briefing for this hearing was part of that,

21   consistent with other case management orders before you.

22   There's no active discovery party-to-party, and third-party

23   discovery is allowed.  We've been -- there are documents out

24   there that the plaintiffs have been going after pursuant to

25   that, documents in the MDL, with varying degrees of success,

1    but there's been no active discovery.

2         THE COURT:  And you're in the process of -- I can't

3    remember what's public, and all these people are sitting out

4    there, but let me just see you at side bar for one minute.

5         (Sealed side-bar conference.)

6         THE COURT:  Okay, so I am at this point going to

7    take this under advisement.  To the extent that you're

8    proceeding with informal discovery, that's good, but I think

9    it makes sense for me to address the legal issues first

10   before we start with the depositions.  If there are

11   depositions that affect you and are going on in the big case

12   and you want to be present, I would let you join in whatever

13   protective order there is.

14        MR. PAUL:  We do have one motion in front of you,

15   your Honor, concerning a deposition of Harvey Weintraub, who

16   is affiliated with Warrick, and we're asking you for

17   permission to participate in that.  I know you've got a lot

18   of motions in front of you.  This one was filed a couple of

19   weeks ago, but it falls in the category of what you just

20   said.

21        THE COURT:  Do you know if there's any opposition?

22        MR. PAUL:  I don't think so, your Honor.  I think

23   they would like us all there.

24        FROM THE FLOOR:  It's a joint motion, your Honor,

25   as far as we know.

1        MR. McDONALD:  I also represent Warrick, and it is

2    a joint motion, your Honor.

3        THE COURT:  Allowed.  Now I'll see it, you know,

4    three weeks from now in the course of the hundreds of

5    motions, and I'll write "Denied," and you'll say, "What are

6    you doing?"  But if it's a joint motion, then that's allowed,

7    that's fine.

8        Do you know whether any magistrate judge has --

9    you've gone to see anyone here?  No.  So the judge who's been

10   handling this set of cases has been Judge Bowler.  If there

11   are any issues that come up for all case management purposes,

12   they should go to Judge Bowler.  The Neurontin cases have

13   been going to Judge Sorokin, so we've sort of had a split

14   there because no one person could handle all of these.  So I

15   think you'll all go to Judge Bowler if there should be a

16   question relating to the discovery.  And if I'm not getting

17   to it, make sure you call because it just means it's slipped

18   through the cracks.  I almost always will get to something.

19   Once it's been joined, I wait the 14 days, and then we get it

20   joined, and then it's presented to me.  If we haven't,

21   there's been a mistake, and sometimes it gets caught between

22   the magistrate judge and me.  But just make a call, and we'll

23   find it, okay?  All right, thank you very much.

24        (Adjourned, 4:20 p.m.)

25

1                    C E R T I F I C A T E

2

3

   UNITED STATES DISTRICT COURT )
4  DISTRICT OF MASSACHUSETTS    ) ss.
   CITY OF BOSTON               )
5

6

7

8              I, Lee A. Marzilli, Official Federal Court

9  Reporter, do hereby certify that the foregoing transcript,

10 Pages 1 through 56 inclusive, was recorded by me

11 stenographically at the time and place aforesaid in Civil

12 Action No. 01-12257-PBS, MDL No. 1456, In re:  Pharmaceutical

13 Industry Average Wholesale Price Litigation, and thereafter

14 by me reduced to typewriting and is a true and accurate

15 record of the proceedings.

16             In witness whereof I have hereunto set my hand this

17 15th day of June, 2006.

18

19

20

21

22

23         _____
           LEE A. MARZILLI, CRR
24         OFFICIAL FEDERAL COURT REPORTER

25

# EXHIBIT 2



11820233

Jul 17 2006
8:17PM

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS *except State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS [1] | Magistrate Judge Marianne B. Bowler |

## SECOND AMENDED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Warrick Pharmaceuticals Corporation, by its attorneys, will take the deposition of Harvey Weintraub in the above-captioned case.  This deposition shall take place before a notary public, or any other office authorized to administer oaths, at Schering-Plough Corporation, Summit Offices, Building: Summit 4, 556 Morris Avenue, Summit, New Jersey 07901, on September 18-22, 2006, beginning each day at 9:00am and concluding each day at 1:00pm.  Such deposition will be recorded by stenographic, audio, and/or video means.

This Second Amended Notice responds to requests from various plaintiffs for additional time to prepare for the deposition.  The State of California, represented by the California Department of Justice, and New York City and the New York counties represented by Kirby

---

[1] This notice is not filed or served in connection with *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS. While that action was before the U.S. District Court for the District of Arizona, No. 2:06-cv-45-PHX-ROS, Warrick's motion for leave to notice and conduct the deposition was denied.  Following transfer, Warrick has moved this Court for leave to conduct the deposition for purposes of preservation of testimony in this action, and intends to move for leave to conduct the deposition for purposes of discovery.  Should the Court grant either or both of these motions, Warrick will then notice the deposition in *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS.

McInerney & Squire, LLP, have consented to the above-noticed dates.  The plaintiffs represented by Hagens Berman Sobol Shapiro LLP have not consented to the above-noticed dates.

The following motions, previously filed with the Court, relate to earlier notices of the deposition of Harvey Weintraub served in this action:

- Stipulated Motion for Order Permitting the Deposition of Harvey Weintraub filed by Warrick Pharmaceuticals Corporation, the State of California, and Ven-a-Care of the Florida Keys, Inc. (Docket No. 2497) (Apr. 26, 2006) *granted In re Pharmaceutical Average Wholesale Price Litig.*, MDL No. 1456 (May 22, 2006) (Tr of Hr'g at 55-56);

- Stipulated Motion for Order Permitting the Deposition of Harvey Weintraub filed by Warrick Pharmaceuticals Corporation, New York City, and certain New York counties represented by Kirby McInerney & Squire, LLP (Docket No. 2526) (May 8, 2006);

- Motion to Quash May 18, 2006 Amended Notice of the Deposition of Harvey Weintraub filed by Plaintiffs represented by Hagens Berman Sobol Shapiro (Docket No. 2755) (June 22, 2006);

- Cross Motion to Take the Deposition of Harvey Weintraub for Purposes of Preservation of Testimony filed by Warrick Pharmaceuticals Corporation (Docket No. 2839) (July 6, 2006).

Because the above-referenced motions apply equally to the instant Second Amended Notice of Deposition, they do not need to be re-filed to retain their viability.

The deposition is being taken for use at trial and for such other purposes as are permitted under the Federal Rules of Civil Procedure and court order.

By attorneys,


/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation*

Dated:  July 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson

# EXHIBIT 3



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 0 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1456

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*State of Arizona ex rel. v. Abbott Laboratories, et al.*, D. Arizona, C.A. No. 2:06-45

### CONDITIONAL TRANSFER ORDER (CTO-28)

On April 30, 2002, the Panel transferred 16 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 79 additional actions have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the action on this conditional transfer order involves questions of fact which are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of April 30, 2002, 201 F.Supp.2d 1378 (J.P.M.L. 2002), and, with the consent of that court, assigned to the Honorable Patti B. Saris.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

IMAGED JAN 3 0 2006       OFFICIAL FILE COPY

# EXHIBIT 4

Brien T. O'Connor
J. Steven Baughman
Stacy D. Belf
Daniel J. Maher
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Telephone: 617-951-7000
boconnor@ropesgray.com
steven.baughman@ropesgray.com

Andrew F. Halaby (#017251)
Adam E. Lang (#022545)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
ahalaby@swlaw.com
alang@swlaw.com
Attorneys for Defendants SCHERING-PLOUGH
CORPORATION and WARRICK PHARMACEUTICALS
CORPORATION

Snell & Wilmer
—— L.L.P.——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

The State of Arizona *ex rel.* Terry Goddard,

Plaintiff,

v.

Abbot Laboratories; Amgen Inc.;
Apothecon, Inc.; Astrazeneca, PLC;
Astrazeneca U.S.; Astrazeneca
Pharmaceuticals L.P.; Aventis
Pharmaceuticals, Inc.; Aventis Behring
L.L.C.; B. Braun Medical, Inc.; Baxter
International Inc.; Baxter Healthcare
Corporation; Bayer Corporation; Bedford
Laboratories; Ben Venue Laboratories,
Inc.; Boehringer Ingelheim
Pharmaceuticals, Inc.; Biogen Idec U.S.;
Bristol-Myers Squibb Co.; Centocor, Inc.;
Dey, Inc.; Fujisawa Healthcare, Inc.;
Fujisawa USA, Inc.; Gensia Inc.; Gensia
Sicor Pharmaceuticals, Inc.;
Glaxosmithkline, P.L.C.; Glaxowellcome,
Inc.; Hoechst Marion Roussel, Inc.;

Case No.: 2:06-cv-00045-ROS

**DEFENDANT WARRICK
PHARMACEUTICALS
CORPORATION'S MOTION
SEEKING LEAVE TO CONDUCT
THE DEPOSITION OF HARVEY
WEINTRAUB**

1  Immunex Corporation; Janssen
   Pharmaceutica Products, L.P.; Johnson &
2  Johnson; McNeil-PPC, Inc.; Merck & Co.,
   Inc.; Oncology Therapeutics Network
3  Corp.; Ortho Biotech; Pharmacia
   Corporation; Pharmacia & Upjohn, Inc.;
4  Rhone-Poulenc Rorer S.A.; Roxane
   Laboratories, Inc.; Schering-Plough
5  Corporation; Sicor, Inc.; Smithkline
   Beecham Corporation; TAP
6  Pharmaceutical Products, Inc.; Warrick
   Pharmaceuticals Corporation; Watson
7  Pharmaceuticals, Inc.; Zeneca, Inc. and
   Does 1 through 100; Does 101-125; Does
8  126-150 and Does 151-200,

9            Defendants.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Defendant Warrick Pharmaceuticals Corporation ("Warrick") respectfully moves the Court for leave to take the deposition of Harvey Weintraub in the above-captioned action prior to a Rule 26(f) conference, pursuant to Fed. R. Civ. P. 30(a)(2)(C).  In light of defendants' pending Motion to Stay Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation, the parties have not yet conducted a conference pursuant to Fed. R. Civ. P. 26(f).  On April 27, 2006, Warrick's counsel conferred with counsel for Plaintiff to seek a stipulation under Fed. R. Civ. P. 30(a)(2) that would permit Mr. Weintraub's deposition to go forward under the circumstances outlined herein.  Because Plaintiff declined to enter into such a stipulation, Warrick has been compelled to file this Motion.

Mr. Weintraub was a Vice President for Warrick starting in 1993 and thereafter a consultant for Warrick until 2005.  As such, he has critical knowledge of Warrick's pricing practices as placed in issue by the complaint in this matter.  Mr. Weintraub, however, is seventy-seven years old and in declining health.

Accordingly, so as to perpetuate and preserve Mr. Weintraub's testimony in aid of its defense, Warrick has noticed Mr. Weintraub's deposition in numerous pending average wholesale price ("AWP") litigations against Warrick for June 12-16, 2006.  An example of the cover letter and deposition notice in one such litigation is annexed hereto and

incorporated herein as **Exhibit A**.  However, in view of the proscription of Fed. R. Civ. P. 30(a)(2)(C) on taking a deposition for discovery purposes prior to the Rule 26(f) conference absent a stipulation among the parties or leave of Court, Warrick requests leave of Court for the limited purpose of noticing and taking Mr. Weintraub's deposition as part of discovery in this matter.

As set forth in **Exhibit A** herein, Warrick is making available to all parties in all actions in which Mr. Weintraub's deposition is being noticed documents produced by Warrick in other litigation as well as the transcripts of and exhibits from prior depositions of Mr. Weintraub (who has been deposed nine times before in AWP cases).  Warrick will do so here, as well, subject to an appropriate agreement concerning confidentiality.  Accordingly, no prejudice should result to the Plaintiff or any other parties if the requested relief is granted.  Further, Warrick respectfully submits that the relief requested in this Motion will advance the interests of efficiency and judicial economy.  In contrast, considerable prejudice will accrue to Warrick if the requested relief is not granted and Mr. Weintraub is unavailable to testify at any trial herein, or if, despite Mr. Weintraub's age and declining health, he is subject to additional repeated depositions that would be unnecessary if the requested relief were granted.

For these reasons, Warrick respectfully requests leave of Court pursuant to Fed. R. Civ. P. 30(a)(2)(C) for the limited purpose of noticing and taking Mr. Weintraub's deposition as part of discovery in this matter..

. . .

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

DATED this 1st day of May, 2006.

SNELL & WILMER L.L.P.


By  s/ Adam E. Lang
Andrew F. Halaby
Adam E. Lang
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

Brien T. O'Connor
J. Steven Baughman
Stacy D. Belf
Daniel J. Maher
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624

**Attorneys for Defendants Schering-Plough Corporation and Warrick Pharmaceuticals Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2006, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joseph G Adams      jgadams@swlaw.com, kmosaidis@swlaw.com, docket@swlaw.com

Martin A Aronson      maronson@maazlaw.com, wcleaveland@maazlaw.com

Daniel F Attridge      dattridge@kirkland.com, kewing@kirkland.com, kmarch@kirkland.com

Stacy D Belf      stacy.belf@ropesgray.com

Steve W Berman      steve@hbsslaw.com, heatherw@hbsslaw.com

Donald Wayne Bivens      dwbivens@bivens-nore.com, sstanley@bivens-nore.com

George Ian Brandon, Sr      gbrandon@ssd.com, brios@ssd.com

David J Burman      DBurman@perkinscoie.com, LMRogen@perkinscoie.com

Robert B Carey     rcarey@hbsslaw.com, karenw@hbsslaw.com

Dale Samuel Coffman     sam.coffman@mwmf.com

James A Craft     jcraft@gblaw.com, squicci@gblaw.com; jbenton@gblaw.com

John R Dacey     jdacey@gblaw.com, kjones@gblaw.com

Dawn L Dauphine     ddauphine@omlaw.com, ddunn@omlaw.com; ecfdc@omlaw.com

Merle M DeLancey , Jr     DeLanceyM@dsmo.com, FulkA@dsmo.com, HeardE@dsmo.com

John E DeWulf     dewulf@rdp-law.com, aduarte@rdp-law.com

John C Dodds     jdodds@morganlewis.com, vholmes@morganlewis.com

Adrienne Ehrhardt     aehrhardt@swlaw.com, lshanley@swlaw.com, docket_tux@swlaw.com

J Clayton Everett     jeverett@morganlewis.com, lvaonakis@morganlewis.com, berobinson@morganlewis.com

Douglas B Farquhar     dbf@hpm.com

Karl Angelo Fazio     karl.fazio@phx.bowmanandbrooke.com, gloria.anderson@phx.bowmanandbrooke.com

Kimberly I Friday     KIM.FRIDAY@WILMERHALE.COM

Robert B Funkhouser     funkhous@hugheshubbard.com, deriser@hugheshubbard.com

Stephanie Vithoulkas Hackett     shackett@swlaw.com, DOCKET@swlaw.com, mhastings@swlaw.com

Andrew Foster Halaby     ahalaby@swlaw.com, dprater@swlaw.com, docket@swlaw.com

Barry D Halpern     bhalpern@swlaw.com

Maura T Healey     maura.healey@wilmerhale.com

Andrew L Hurst     AHurst@reedsmith.com, mscott@reedsmith.com Andrew L Hurst AHurst@reedsmith.com, mscott@reedsmith.com

Andrew Martin Jacobs     AJacobs@swlaw.com, NWhitney@swlaw.com,

Docket_TUX@swlaw.com

Lydia Alyce Jones   laj@rogerstheobald.com, kge@rogerstheobald.com

Michael K Kennedy    mkk@gknet.com, rlm@gknet.com

Michael L Koon    mkoon@shb.com, whartman@shb.com

Adam Elliott Lang    alang@swlaw.com, bkinningham@swlaw.com, docket@swlaw.com

William J Maledon    wmaledon@omlaw.com, ddunn@omlaw.com; ecfdc@omlaw.com

Andrea Lynn Marconi    amarconi@ssd.com, ccromer@ssd.com

Sean R Matt    sean@hbsslaw.com, carrie@hbsslaw.com

Joseph G Matye    jmatye@shb.com, cgross@shb.com, waross@shb.com

John P McDonald    jpmcdonald@lockeliddell.com, sjones@lockeliddell.com

Vincent John Montell    vincent.montell@bowmanandbrooke.com,
beverly.michalet@bowmanandbrooke.com

C Michael Moore    mmoore@lockeliddell.com

Kathleen M OSullivan    KOSullivan@perkinscoie.com, LNelson@perkinscoie.com

Rodney Wayne Ott    rwott@BryanCave.com, melinda.erway@BryanCave.com, pxdock
et@bryancave.com

Pamela M Overton    overtonp@gtlaw.com, mowent@gtlaw.com, knothed@gtlaw.com,
hernandezjl@gtlaw.com

Randall Papetti    rpapetti@lrlaw.com, changer@lrlaw.com

Gregory M Petouvis    gmpetouvis@hhlaw.com

Christopher E Prince    cprince@sonnenschein.com

Mary G Pryor    mpryor@cavanaghlaw.com, sroberts@cavanaghlaw.com,
edocket@cavanaghlaw.com

Jonathan T Rees    jtrees@hhlaw.com
Robert P Reznick    reznick@hugheshubbard.com

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Maria Pellegrino Rivera     mrivera@kirkland.com, mlorimer@kirkland.com; jlesniak@Kirkland.com

Andrew D Schau     adschau@pbwt.com, njparekh@pbwt.com; cbelanger@pbwt.com

Aaron Schepler     scheplera@gtlaw.com, aschepler@cox.net; sanchezme@gtlaw.com

Robert W Shely     rwshely@bryancave.com, kathy.oreilly@bryancave.com, pxdocket@bryancave.com

Robert P Simbro     rsimbro@simbrowhiteandbarfield.com, estarks@simbrowhiteandbarfield.com

Paul Lincoln Stoller     plstoller@bivens-nore.com, dmnavarro@bivens-nore.com

Karin B Torgerson     ktorgerson@lockeliddell.com

John M Townsend     townsend@hugheshubbard.com

Ann Thompson Uglietta     ann.uglietta@azag.gov, roseann.hartwell@azag.gov, consumer@azag.gov

Darlene Marie Wauro     wauro@rdp-law.com, aduarte@rdp-law.com

Lasagne A Wilhite     lwilhite@reedsmith.com, dherbst@reedsmith.com, mphelps@reedsmith.com

D Scott Wise     wise@dpw.com

        I hereby certify that on May 1, 2006, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Steven F Barley
Hogan & Hartson LLP
111 S Calvert St
Ste 1600
Baltimore, MD 21202

James C Burling
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

J Steven Baughman
Ropes & Gray LLP
1 Metro Ctr
700 12th St NW
Ste 900
Washington, DC 20005-3948

Michelle L Butler
Hyman Phelps & McNamara PC
700 13th St NW
Ste 1200
Washington, DC 20005

William F Cavanaugh, Jr
Patterson Belknap Webb & Tyler LLP
1133 Ave of the Americas
New York, NY 10036-6710

Toni-Ann Citera
Jones Day
222 E 41st St
New York, NY 10017-6702
James R Daly
Jones Day
77 W Wacker Dr
Chicago, IL 60601-1692

Michael P Doss
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603

Steven Mark Edwards
Hogan & Hartson LLP
875 3rd Ave
New York, NY 10022

Elizabeth I Hack
Sonnenschein Nath & Rosenthal LLP
1301 K St NW
Ste 600 E Twr
Washington, DC 20005

Kimberley D Harris
Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017

Daniel J Maher
Ropes & Gray LLP
1 International Plaza
Boston, MA 02110

J Ryan Mitchell
Jones Day
77 W Wacker Dr
Chicago, IL 60601-1692

John T Montgomery
Ropes & Gray LLP
1 International Pl
Boston, MA 02110-2624

Brien T O'Connor
Ropes & Gray LLP
1 International Pl
Boston, MA 02110-2624

Christopher C Palermo
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178

Carlos M Pelayo
Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017

Richard D Raskin
Sidley Austin LLP
Bank 1 Plaza
10 S Dearborn St
Chicago, IL 60603

Tina Ducharme Reynolds
Dickstein Shapiro Morin & Oshinsky
LLP
2101 L St NW
Washington, DC 20037

Winn L Sammons
Sanders & Parks PC
3030 N 3rd St
Ste 1300
Phoenix, AZ 85012-3099

Michael T Scott
Reed Smith LLP
2500 1 Liberty Pl
1650 Market St
Philadelphia, PA 19103-7301

Scott A Stempel
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004

Lyndon M Tretter
Hogan & Hartson LLP
875 3rd Ave
New York, NY 10022

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Helen E Witt
Kirkland & Ellis LLP
200 E Randolph Dr
Chicago, IL 60601-3363

Joseph H Young
Hogan & Hartson LLP
111 S Calvert St
Ste 1600
Baltimore, MD 21202

/s Adam E. Lang

1827853.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# EXHIBIT 5

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8            DISTRICT OF ARIZONA

9    THE STATE OF ARIZONA *ex rel.* TERRY )
     GODDARD,                            )
10                                       )    No. 2:06-cv-45-PHX-ROS
                               Plaintiff, )
11                                       )    **ORDER**
                                         )
12         vs.                           )
                                         )
13   ABBOTT LABORATORIES; AMGEN          )
     INC.; APOTHECON, INC.;              )
14   ASTRAZENECA, PLC;ASTRAZENECA        )
     PHARMACEUTICALS L.P.; AVENTIS       )
15   PHARMACEUTICALS, INC.; AVENTIS      )
     BEHRING L.L.C.; B. BRAUN MEDICAL,   )
16   INC.; BAXTER INTERNATIONAL INC.;    )
     BAXTER HEALTHCARE                   )
17   CORPORATION; BAYER                  )
     CORPORATION; BEDFORD                )
18   LABORATORIES; BEN VENUE             )
     LABORATORIES, INC.; BOEHRINGER      )
19   INGELHEIM PHARMACEUTICALS,          )
     INC.; BIOGEN IDEC U.S.; BRISTOL-    )
20   MYERS SQUIBB CO.; CENTOCOR, INC.;)
     DEY, INC.; FUJISAWA HEALTHCARE,     )
21   INC.; FUJISAWA USA, INC.; GENSIA    )
     INC.; GENSIA SICOR                  )
22   PHARMACEUTICALS, INC.;              )
     GLAXOSMITHKLINE, P.L.C.;            )
23   GLAXOWELLCOME, INC.; HOECHST        )
     MARION ROUSSEL, INC.; IMMUNEX       )
24   CORPORATION; JANSSEN                )
     PHARMACEUTICA PRODUCTS, L.P.;       )
25   JOHNSON & JOHNSON; MCNEIL-PPC,      )
     INC.; MERCK & CO., INC.; ONCOLOGY   )
26

- 1 -

1  THERAPEUTICS NETWORK CORP.;                 )
   ORTHO BIOTECH; PHARMACIA                     )
2  CORPORATION; PHARMACIA &                    )
   UPJOHN, INC.; RHONE POULENC                  )
3  RORER, S.A.; ROXANE                          )
   LABORATORIES, INC.; SCHERING-               )
4  PLOUGH CORPORATION; SICOR, INC.; )
   SMITHKLINE BEECHAM                           )
5  CORPORATION; TAP                             )
   PHARMACEUTICAL PRODUCTS, INC.; )
6  WARRICK PHARMACEUTICALS                      )
   CORPORATION; WATSON                          )
7  PHARMACEUTICALS, INC.; ZENECA,              )
   INC. and DOES 1 through 100; DOES 101- )
8  125; DOES 126-150 and DOES 151-200,         )
                                                )
9                                               )
                        Defendants.            )
10 _____)

11      Pending before the Court is Defendant Warrick Pharmaceuticals Corporation's

12 Motion Seeking Leave to Conduct the Deposition of Harvey Weintraub. (Doc. 140)  For the

13 following reasons, the motion will be denied.

14      Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery

15 from any source before the parties have conferred as required by Rule 26(f)."  This litigation

16 is in its earliest stages and the parties have not yet conferred.  Defendant argues that the

17 deposition is necessary because Mr. Weintraub "is seventy-seven years old and in declining

18 health." (Doc. 140)  There is no evidence, however, that Mr. Weintraub will be unable to be

19 deposed at a more appropriate time in this litigation.  The Court finds that Defendant has not

20 shown "good cause . . . to warrant the granting of any expedited discovery prior to the Rule

21 26(f) scheduling conference." Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202

22 F.R.D. 612, 614 (D.Ariz. 2001).

23      Accordingly,

24      **IT IS ORDERED** Defendant Warrick Pharmaceutical Corporation's Motion Seeking

25 Leave to Conduct the Deposition of Harvey Weintraub (Doc. 140) is **DENIED**.

26

- 2 -

1    **IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File Response (Doc.

2    150) is **DENIED AS MOOT**.

3    Dated this 6/14/06

4

5    Roslyn O. Silver

6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 3 -

001534-14  112740 V1

# EXHIBIT 6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 6 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1456

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION*

*State of Arizona ex rel. v. Abbott Laboratories, et al.*, D. Arizona, C.A. No. 2:06-45

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL[**]*

### *TRANSFER ORDER*

Presently before the Panel is a motion by plaintiff in this action, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring the action to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants[1] favor inclusion of the action in MDL-1456 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that this action shares questions of fact with actions in this litigation previously transferred to the District of Massachusetts. Transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient

---

[*] Judge Motz took no part in the decision of this matter.

[**] Other Panel members who could have been members of the putative class(es) in this litigation have renounced their participation in these classes and have participated in this decision. Alternatively, to the extent that their disqualifications should be determined for any reason to survive the renunciations, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] Abbott Laboratories; Amgen, Inc.; Apothecon, Inc.; AstraZeneca Pharmaceuticals LP; Aventis Behring LLC (n/k/a ZLB Behring LLC); Aventis Pharmaceuticals Inc.; B. Braun Medical Inc.; Baxter Healthcare Corp.; Baxter International Inc.; Bayer Corp.; Ben Venue Laboratories, Inc.; Boehringer Ingelheim Pharmaceuticals, Inc.; Biogen Idec Inc.; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; Centocor, Inc.; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Gensia Sicor Pharmaceuticals Inc.; Immunex Corp.; Janssen Pharmaceutica LLP; Johnson & Johnson; McNeil PPC; Merck & Co., Inc.; Othro Biotech Products LLP; Pharmacia Corp.; Pharmacia & Upjohn, Inc.; Roxane Laboratories, Inc.; Sicor Inc. f/d/b/a Gensia, Inc.; Schering-Plough Corp.; SmithKlineBeecham Corp. d/b/a GlaxoSmithKline; TAP Pharmaceutical Products, Inc.; Warrick Pharmaceuticals Corp.; Watson Pharmaceuticals, Inc.; and Zeneca Inc.

- 2 -

conduct of this litigation.  The pending motion to remand to state court can be presented to and decided by the transferee judge.  *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket.  In that order, the Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes to unlawfully inflate the average wholesale price of certain prescription drugs.  *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman