# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs., Inc. et al.,* Case No. CV02-00260<br><br>*State of Montana v. Abbott Labs., Inc., et al.* D. Mont. Cause No. CV-02-09-H-DWM | |

## MONTANA'S AND NEVADA'S JOINDER IN PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE FOR OBFUSCATION OF DOCUMENTS AND DILATORY TACTICS

The States of Montana and Nevada (collectively "States") hereby join in the Motion for Sanctions and Default Judgment Against Baxter Healthcare for Obfuscation of Documents and Dilatory Tactics, filed by the Class Plaintiffs on June 28, 2006. The States also adopt and incorporate by reference the arguments made in the Class Plaintiffs' supporting Memorandum of Law.[1]

Sanctions and a default judgment are in order in the State cases for the same reasons set forth in the Class Plaintiffs' Motion and Memorandum of Law. Baxter negotiated the States' cooperation in an extended schedule and deferral of the rolling production of documents under misleading pretenses regarding the volume and timing of that production. Ultimately, Baxter

---

[1] The States join in Part II.A through D of the Memorandum of Law in Support of Plaintiffs' Motion ("Background Facts") only to the extent described in this joinder.

dumped more than 2,000,000 pages on the States in response to long-outstanding document requests *beginning five days before the last day for production of documents and continuing into July.* And there is no end in sight. Baxter clearly made a strategic decision to postpone the production of responsive documents in the State cases until the end of discovery and after, just as it did in the class case. As in the class case, it would be impossible for the States to cull through and digest these documents in time to conduct or complete depositions of Baxter's witnesses prior to the date set for the completion of fact depositions.

In further support of their motion, the States submit the following facts. The State separately served their First Requests for Production of Documents on Baxter and other defendants in August, 2003. Yet Baxter failed to produce one document to the States for almost three years. In the meantime, Baxter successfully negotiated or moved for several extensions to the case schedule exclusive to Baxter. On May 26, 2006, five days before the close of the fact discovery deadline it had already extended multiple times, Baxter prepared to produce its first documents. Baxter advised the States that it anticipated producing over 2,000,000 pages in the next week, *in addition to* other electronic documents to be made available at an on-line repository on June 1, 2006. *See* Declaration of Jeniphr Breckenridge in Support of Montana's and Nevada's Joinder in Plaintiffs' Motion for Sanctions and Default Judgment Against Baxter Healthcare for Obfuscation of Documents and Dilatory Tactics ("Breckenridge Decl."), Ex. 1 (Letter dated May 26, 2006 from Charles V. Mehler to Jeniphr Breckenridge.

On June 1, 2006, Baxter produced two DVDs and three Hard Drives containing documents and hardware responsive to Montana and Nevada's outstanding requests. *See* Breckenridge Decl., Ex. 2 (Letter dated June 1, 2006 from Charles V. Mehler to Jeniphr Breckenridge (enclosing DVDs and hardware containing pages bates-stamped BAX STATE

0000001 – BAX STATE 0109558; BAX STATE E 0000001 – 0284674; BAX STATE E 0284675 – 0445745; and BAX STATE S 0000001 – 0027599)).  Baxter also advised the States that its production included and incorporated the documents produced to plaintiffs in the MDL class-action (approximately 500,000 pages) and directed the States to an on-line repository for additional documents of undisclosed volume.  *Id.*  Five days later, Baxter produced two hard drives.  *See* Breckenridge Decl., Ex. 3 (Letter dated June 6, 2006 from Charles V. Mehler to Jeniphr Breckenridge (enclosing hardware containing pages bates-stamped BAX STATE E 0445746-0687417 and BAX STATE E 0687418 – 0737147)).  The next day, Baxter produced one hard drive.  *See* Breckenridge Decl., Ex. 4 (Letter dated June 7, 2006 from Charles V. Mehler to Jeniphr Breckenridge (enclosing hardware containing pages bates-stamped BAX STATE S 0000001 – 0027599)).  On June 19, 2006, Baxter produced one hard drive and incorporated and included by reference approximately 425,000 additional documents Baxter had produced in the MDL class-action.  *See* Breckenridge Decl., Ex. 5 (Letter dated June 19, 2006 from Charles V. Mehler to Jeniphr Breckenridge (enclosing hardware containing pages bates-stamped BAX STATE E 0737148 – 0738602)).  On June 29, 2006, Baxter produced two hard drives.  *See* Breckenridge Decl., Ex. 6 (Letter dated June 29, 2006 from Charles V. Mehler to Jeniphr Breckenridge (enclosing hardware containing pages bates-stamped BAX STATE E 0738603-0738659 and BAX STATES S 0027600-0037775)).  Two weeks later, Baxter produced one hard drive and incorporated and included by reference approximately 222,000 additional documents Baxter had produced in the MDL class-action.  *See* Breckenridge Decl., Ex. 7 (Letter dated July 11, 2006 from Charles V. Mehler to Jeniphr Breckenridge).  In all, Baxter has produced more than 2, 000,000 pages that it represents to be responsive to the States' discovery with no assurances that the end of the production is anywhere in sight.

For all of these reasons and the reasons set forth more fully in Plaintiffs' Motion for Sanctions and Default Judgment Against Baxter Healthcare for Obfuscation of Documents and Dilatory Tactics and the Memorandum in Support thereof, the States respectfully request that the court enter the relief sought and grant such other and further relief as the Court deems appropriate.

By _____/s/ Jeniphr Breckenridge_____    DATED: July 21, 2006.


Steve W. Berman
Sean R. Matt
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA

George Chanos
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

Mike McGrath
Attorney General of Montana
Ali Bovington
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **MONTANA'S AND NEVADA'S JOINDER IN PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE FOR OBFUSCATION OF DOCUMENTS AND DILATORY TACTICS,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 21, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

                             By      **/s/ Steve W. Berman**
                                    Steve W. Berman
                                    **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                    1301 Fifth Avenue, Suite 2900
                                    Seattle, WA  98101
                                    (206) 623-7292