UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO<br>*State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM<br>(D. Mont.) 02-CV-12086-PBS ) ) ) ) ) ) | Hon. Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |

**DECLARATION OF MARK G. YOUNG IN OPPOSITION TO
BLUE CROSS AND BLUE SHIELD OF MONTANA'S MOTION
FOR A PROTECTIVE ORDER RELATING TO DEFENDANTS'
SECOND SUBPOENA TO BLUE CROSS AND BLUE SHIELD OF MONTANA**

I, Mark G. Young, declare as follows:

1. I am associated with Patterson Belknap Webb & Tyler LLP and represent Johnson & Johnson, Centocor Inc., Janssen L.P., McNeil-PPC Inc., and Ortho Biotech Products L.P. in this litigation. I offer this declaration in opposition to third party Blue Cross and Blue Shield of Montana's motion, which was served and filed on July 10, 2006, for a protective order relating to defendants' second subpoena to Blue Cross and Blue Shield of Montana ("BCBS/MT").

2. I base this on my own personal knowledge and upon review of correspondence relating to conversations between BCBS/MT and my colleagues.

3. Defendants to the consolidated class cases in the MDL litigation subpoenaed BCBS/MT on April 28, 2004, seeking documents and a deposition concerning a variety of subjects.  (A copy of this subpoena is attached as Exhibit 1 to this declaration.)  That discovery was part of the MDL class action defendants' broad third-party discovery effort designed to address issues relating to class certification and the merits of those class claims.  Part of what the

MDL class defendants sought from BCBS/MT was claims data.

4. In a letter dated May 14, 2004, BCBS/MT stated various objections to the subpoena. Over the next few months, my colleagues engaged in discussions with counsel for BCBS/MT in order to resolve its objections to the subpoena and to facilitate production.

5. On July 23, 2004, BCBS/MT made an initial production of documents that it had produced in a related multi-district class-action litigation concerning the drug Lupron, in which it is a plaintiff. Defendants reimbursed BCBS/MT the costs of copying this production. BCBS/MT subsequently produced additional documents. Again defendants reimbursed BCBS/MT the costs of copying this production.

6. In a letter to counsel for defendants dated June 23, 2004, counsel for BCBS/MT recited various logistical impediments to retrieving claims data and estimated that extracting the data would "cost well into the hundreds of thousands of dollars." (A copy of BCBS/MT's letter to defendants dated June 23, 2004 is attached as Exhibit 2 to this declaration.)

7. Despite defendants' best efforts, it proved impossible to resolve the issues concerning the production of claims data in a timely manner that would allow the use of this claims data in the MDL consolidated class case.

8. BCBS/MT's estimate that it would "cost well into the hundreds of thousands of dollars" to produce this claims data is astronomical in comparison with the actual costs of retrieving claims data from all of the many third-party payors from whom defendants have obtained claims data, some of which are small entities and all of which confront problems with obtaining data from legacy systems.

9. On behalf of defendants in *State of Montana v. Abbott Labs., Inc., et al.*, No. CV-02-09-H-DWM (U.S. Dist. Ct. D. Mont.), I issued a subpoena to BCBS/MT on May 19, 2006. I

issued this subpoena shortly after counsel for Montana revealed in a May 9, 2006 letter that it did not intend to produce any discovery supporting its *parens patriae* claims and that defendants would have to obtain all this material from third parties. (A copy of the letter dated May 9, 2006 from counsel for Montana is attached as Exhibit 3 to this declaration.)

10. After it received the subpoena, BCBS/MT's counsel contacted me to discuss the scope of the subpoena, and I have spoken with counsel for BCBS/MT on several occasions regarding the subpoena. In those conversations, I repeatedly emphasized defendants' willingness to work through any unique burden issues with BCBS/MT. Counsel for BCBS/MT also repeatedly communicated to me a willingness to discuss an appropriate scope of a response. For example, I have spoken with counsel for BCBS/MT several times about the availability of claims data, including discussions of the systems on which it is stored and its availability for different time periods. During a telephone conversation on July 7, 2006, counsel for BCBS/MT stated that certain data was easily accessible. During this telephone conversation on July 7, 2006, I reiterated a request that I had previously made for a good-faith estimate of the cost and time to retrieve this data. I also indicated that defendants would reimburse BCBS/MT for the cost of retrieving the data.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Mark G. Young*
Mark G. Young

Executed on this 24st day of July 2006