**EXHIBIT E**





**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

SEAN R. MATT
(206) 224-9327
sean@hbsslaw.com

April 20, 2005

**Via Facsimile**

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

Re:   In re Pharmaceutical Industry AWP Litigation

Dear Merle:

As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your client, Baxter, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Baxter produce financial information date back to June 2003.[1]

Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

(a)   All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (e.g., a sale, a return, etc.), (v) information sufficient to identify the product (e.g., NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer,

---

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).

1534.16 0280 LTR.DOC

Mr. Merle M. DeLancey, Jr.
April 20, 2005
Page 2

    (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)   All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)   All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)   All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)   Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

(f)   Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

    Plaintiffs request that Baxter produce this data in the above-requested format within 30 days. If you will be unable to provide this information within 30 days for all of the Subject Drugs, Plaintiffs ask that Baxter first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.

Mr. Merle M. DeLancey, Jr.
April 20, 2005
Page 3



     We have also enclosed Rule 30(b)(6) deposition notices on this topic so that Plaintiffs can learn about the manner in which Baxter maintains sales data for its Subject Drugs.

Sincerely,

Sean R. Matt