UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO: <br><br> ALL CLASS ACTIONS | |

**SCHERING-PLOUGH CORPORATION'S AND
WARRICK PHARMACEUTICALS CORPORATION'S SUPPLEMENTAL
MOTION TO PRECLUDE THE TESTIMONY OF DR. RAYMOND HARTMAN**

Schering Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") respectfully submit this motion to clarify the extent of exclusion sought by defendants of the testimony of Dr. Raymond Hartman pursuant to the principles of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The scope of exclusion sought, and the grounds therefor, are set forth below.

1. The Track 1 Defendants' joint memoranda regarding the motions to preclude Dr. Hartman's testimony concerning Classes 1, 2, and 3, generally relate to the opinions Hartman offered in his December 15, 2005 Rule 26 Report, which was styled "Declaration in Support of Plaintiffs' Claims of Liability and Calculation of Damages," and his February 3, 2006 Rule 26 Report, which was styled "Supplemental Declaration of Raymond S. Hartman in Support of Plaintiffs' Claims of Liability and Calculation of Damages: Addendum." The opinions in those reports should be excluded on the grounds set forth in the joint memoranda.

2. In their memorandum concerning Class 3, the Track 1 Defendants included some arguments therein that had not been included in the memorandum concerning Classes 1 and 2

that nevertheless relate to all three classes.  Specifically, for example, Defendants argued that Dr. Hartman's opinions simply assume liability and causation.  In particular, Dr. Hartman assumes that any AWP that exceeds his liability threshold causes injury even though reimbursement for multi-source drugs may be based on the median AWP.  Dr. Hartman makes no effort to determine whether any particular defendant is the source of the median AWP.

3.   Dr. Hartman purports to address this issue in several unauthorized declarations filed in support of Plaintiffs' summary judgment submissions.[1]  In those declarations, Dr. Hartman asserts – without any record evidence whatsoever – that manufacturers of generic or multi-source drugs collude with each other to inflate the AWP for that drug (including the median AWP for reimbursement under some programs).  Dr. Hartman asserts that the motive for such collusion is to enable those manufacturers to gain an advantage over unidentified "therapeutic alternatives" to their multi-source drugs.  (*See* Declaration of Raymond S. Hartman in Opposition to Defendants' Motions for Summary Judgment dated April 6, 2006 ¶¶ 19-21, 30; Reply Declaration of Raymond S. Hartman in Support of Plaintiffs' Motion for Summary Judgment ("Hartman 4/27/06 Reply Decl.") dated April 27, 2006 ¶¶ 33-47.)[2]  This is an abrupt change of course from Plaintiffs' arguments at the outset of this case that Defendants had inflated AWPs and "marketed the spread" in order to gain an advantage over each other.

---

[1] Dr. Hartman should not be permitted to testify as to any subject that was not contained in his Rule 26 report.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1).  This is especially true because Defendants have not had the opportunity to take discovery on these subjects.

[2] Schering's and Warrick's  Reply Memorandum in Support of Summary Judgment as to Class 2 claims, and the Supplemental Declaration of Sumanth Addanki dated April 27, 2006, explain in detail why this new theory of "collusion" was entirely unsupported by the record, economic theory, or common sense.  (*See* Reply Mem. Supp. Schering's and Warrick's Mot. for Summ. J. as to Class 2 Claims, at 3-8; Supplemental Declaration of Sumanth Addanki, Ph.D. ¶¶ 27-33.)

4. In a footnote in their Class 3 *Daubert* submission, the Track 1 Defendants noted that their arguments to preclude Dr. Hartman from testifying as to these various subjects apply equally to Classes 1 and 2.[3] Defendants are filing this supplemental motion to provide formal notice of that argument.

5. Thus, to the extent that Plaintiffs intend to proffer opinions of Dr. Hartman as to any issues that were raised for the first time in any of his declarations additional to his Rule 26 Report, the Court should preclude Plaintiffs from doing so, as these opinions are untimely, methodologically unsound and factually unsupported; therefore, they are not admissible. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

WHEREFORE, the Court should preclude expert testimony by Dr. Raymond Hartman on these and the other subjects addressed in his Rule 26 Report and subsequent declarations.

Respectfully submitted,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation*

Dated: July 31, 2006

---

[3] (Track 1 Defs.' Mem. Supp. Mot. to Preclude Testimony of Dr. Raymond Hartman in Connection with Class 3, at 1 n.1.)

## CERTIFICATE OF COMPLIANCE WITH LR. 7.1

I hereby certify that counsel for Schering attempted to confer with counsel for Plaintiffs in a good-faith effort to resolve or narrow the issues set forth herein.

/s/ Eric P. Christofferson
Eric P. Christofferson

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson