UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) ) | JUDGE PATTI B. SARIS |

### AVENTIS PHARMACEUTICALS INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Aventis Pharmaceuticals Inc. ("Aventis") hereby submits its Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint ("Motion for Leave").[1]  Plaintiffs ask this Court to ignore the plain language of M.G.L. ch. 93A sec. 9, overturn more than thirty years of established Massachusetts precedent, and provide Plaintiffs with a one-time free "pass" not recognized by law.  The demand letter requirement of M.G.L. ch. 93A sec. 9 is not a procedural "nicety"— it is a statutorily mandated requirement that permits no exception.  Because Plaintiffs' proposed amendment would be futile as a matter of law, Plaintiffs' Motion for Leave to File an Amended Complaint should be denied.

---

[1] Plaintiffs' Motion for Leave is more specifically styled as Plaintiffs' Response in Opposition to Aventis' Motion for Summary Judgment for Failure to Provide Mass. G.L. Chap. 93(A) Demand and Motion for Leave to File an Amended Complaint (Docket Entry No. 2883).  Aventis Pharmaceuticals Inc. respectfully incorporates by reference the arguments set forth in its previously filed Motion for Partial Summary Judgment as to Count V and Motion for Partial Judgment on the Pleadings, or in the Alternative, Partial Summary Judgment as to Count VII Based Upon Plaintiffs' Failure to Provide M.G.L. Ch. 93A Demand (Docket Entry No. 2806) ("Aventis' Motion for Summary Judgment").

BOS-993138 v1 5544510-0903

## ARGUMENT

The court has the discretion "to deny [a motion to amend] if it believes that, as a matter of law, amendment would be futile."  Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995); Kemper Ins. Cos. v. Federal Express Corp., 115 F. Supp. 2d 116, 127 (D. Mass. 2000).  "A prerequisite to filing suit under [M.G.L. ch. 93A] sec. 9 is the sending of a demand letter thirty days prior to suit…[t]he demand letter requirement under sec. 9 is jurisdictional and failure to comply with the requirement requires dismissal of the suit."  MICHAEL C. GILLERAN, THE LAW OF CHAPTER 93A § 7:6 (1989 & Supp. 2005).  Allowing amendment would be futile and improper here.

Plaintiffs first asserted a claim pursuant to M.G.L. ch. 93A sec. 9 on October 17, 2005, in the context of their Third Amended Master Consolidated Class Action Complaint (the "TAMCC").[2]  In Count V of the TAMCC and the FAMCC, Plaintiffs falsely asserted that "where demand on a defendant is required, such demand <u>was</u> made on or about October 6, 2005."  Aventis' Statement ¶ 2 (emphasis added).  With respect to Count VII, Plaintiffs made no assertions, in either the TAMCC or the FAMCC, as to whether they presented demands upon any

---

[2]  See Aventis' Statement of Material Undisputed Facts, as set forth in Aventis' Motion for Summary Judgment ("Aventis' Statement") ¶ 6; see also Plaintiffs' Motion for Leave at 2 (noting that "[t]he earliest versions of the Complaint…did not allege violations of Mass. G.L. 93A" and acknowledging that the TAMCC, "for the first time identified individuals as class plaintiffs and asserted claims under Mass. G.L. 93A.").

To the extent that Plaintiffs failed to respond to Aventis' Statement, all of the facts asserted therein are deemed admitted.  See  Fed. R. Civ. P. 56; D. Mass. R. 56.1; see also Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 102 (1st Cir. 2003) (holding that where the opposing party does not controvert the movant's statement of undisputed facts, such facts are deemed admitted).

of the Defendants. Now Plaintiffs admit that they did not send the demand letter for either Counts V or VII prior to filing their Ch. 93A claims in the TAMCC.[3]

As set forth more fully in Aventis' Motion for Summary Judgment, the demand letter requirements of M.G.L. ch. 93A sec. 9(3) are explicit and mandatory: "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." M.G.L. ch. 93A sec. 9(3) (emphasis added). When faced with the inevitable result of failing to fulfill this statutory requirement — dismissal of their M.G.L. ch. 93A sec. 9 claims — Plaintiffs sent Aventis a purported demand letter…296 days too late. No amount of amendments to Plaintiffs' complaint can "cure" Plaintiffs' failure to send Aventis the requisite demand letter before Plaintiffs brought their M.G.L. ch. 93A sec. 9 claims. The failure to send a pre-suit demand letter before bringing an M.G.L. ch. 93A sec. 9(3) suit is fatal to such a claim. See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 543-44 (1st Cir. 1993); Linton v. New York Life Ins. and Annuity Corp., 392 F. Supp. 2d 39, 42 (D. Mass. 2005); McMahon v. Digital Equipment Corp., 944 F. Supp. 70, 76 (D. Mass. 1996); City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285 (1985); Wall v. Altenhof, No. 99-P-1542, 2003 WL 18757630, at *3 (Mass. App. Ct. Apr. 10, 2003); Spilios v. Cohen, 38 Mass. App. Ct. 338, 342-43 (1995).

Citing Rodi v. Southern New England School of Law, 389 F.3d 5, 19 (1st Cir. 2004), Plaintiffs disingenuously represent to this Court that "[t]he First Circuit has dealt with this exact

---

[3] See Plaintiffs' Motion for Leave at 4, 6 (explicitly acknowledging "Plaintiffs' failure to send the formal demand letter" and noting that only on July 10, 2006—after having been served with Aventis' Motion for Summary Judgment—did Plaintiffs "in an abundance of caution" send the requisite demand letter); Aventis' Statement ¶ 5.

-3-

situation and determined that a plaintiff should be allowed to amend the complaint after service of the appropriate demand letter." Plaintiffs' Motion for Leave at 6 (emphasis added). In fact, the Rodi court clearly noted that the plaintiff in that case had sent a 93A demand letter before bringing his M.G.L. ch. 93A claim; the plaintiff had simply failed to plead that he had done so. See Rodi, 389 F. 3d at 20 (acknowledging that the plaintiff "did in fact furnish the statutorily required notice" but had failed to allege such compliance in his complaint, the First Circuit noted that "[a] failure to allege compliance with the statutory notice requirement is not necessarily a death knell for a Chapter 93A claim. Massachusetts courts typically have allowed plaintiffs to amend in order to cure this kind of modest pleading defect.") (emphasis added). In short, Rodi is inapplicable because the Plaintiffs here have admitted that they did not send the requisite demand before filing the TAMCC. This failure is fatal to Plaintiffs' M.G.L. ch. 93A sec. 9 claims.

Similarly, Plaintiffs' reliance on Pierce v. Clark, BACV2001-00496, 2005 WL 1009533, at *11 (Mass. Super. Ct. Mar. 18, 2005), an unreported, nonprecedential[4] Barnstable County Superior Court case, is unavailing. In Pierce, the Barnstable County Superior Court denied a defendant's post trial motion to dismiss the plaintiff's M.G.L. ch. 93A claims. The Plaintiff in Pierce filed a Motion to Amend and attached to his motion papers, his proposed, signed amended complaint; he had not yet sent a 93A demand letter to the Plaintiffs. See Pierce, 2005 WL 1009533, at *11. Immediately upon the Court's allowance of the Plaintiff's Motion to Amend, and without the knowledge of any of the parties, the court entered the Plaintiff's proposed amended complaint on the docket. See Pierce, 2005 WL 1009533, at *11. The Pierce court noted that while the plaintiffs did not send their 93A demand letters until 25 days after their

---

[4] See Baena v. KPMG, 389 F. Supp. 112, 121 (D. Mass. 2005) (noting Massachusetts Superior Court cases as "non-precedential"); S.S. Kresge Co. v. United Factory Outlet, Inc., 634 F.2d 1, 5 (1st Cir. 1980) (rejecting an unreported Massachusetts Superior Court case as "too isolated from the main stream of authority to have any precedential value.")

-4-

amended complaint had been entered on the docket, the defendants responded to the demand letters, and only after the close of a six day bench trial did the defendants move to dismiss the M.G.L. ch. 93A claims for, inter alia, plaintiffs' failure to comply with the pre-suit demand letter requirement. See Pierce, 2005 WL 1009533, at *11.

Such circumstances are strikingly different from the facts here. Plaintiffs purposely filed the TAMCC and FAMCC without sending the requisite demand letter first. In its Answer to FAMCC,[5] Aventis denied that it had received the requisite demand letter, raised this issue as an affirmative defense and has, in fact, moved for partial summary judgment and partial judgment on the pleadings on this very issue.[6] Moreover, Plaintiffs' claims as to Aventis have yet to be tried in this matter. Clearly, under these circumstances, the reasoning of the Pierce court is unpersuasive and unavailing.

Plaintiffs further assert, without any persuasive support for their argument, that "generalized notice" of an M.G.L. ch. 93A sec. 9 claim is somehow a sufficient substitute for the demand letter. Plaintiffs yet again misrepresent the significance of the case law they cite. Invoking Baldassari v. Public Finance Trust, 369 Mass. 33 (1975), Plaintiffs assert that once a defendant is generally made aware of the claims against it, there is no need to satisfy the demand letter requirement. See Plaintiffs' Motion for Leave at 3-4. This was not the holding of Baldassari. To the contrary, the Baldassari court acknowledged that "a demand letter listing the specific unfair practices claimed is a prerequisite to suit and as a special element must be alleged and proved." Id. at 41 (emphasis added). Baldassari not only provides no support for Plaintiffs'

---

[5] As noted in this Court's Order of November 4, 2005, the Track Two Defendants, including Aventis, were relieved of their obligation to Answer the TAMCC. (Docket Entry No. 1878).

[6] See Aventis Pharmaceuticals Inc.'s Answer to the FAMCC (Docket Entry No. 2571) at ¶¶ 595, 603 and Twenty Eighth Defense; Aventis Pharmaceuticals Inc.'s Motion for Partial Summary Judgment and Motion for Partial Judgment on the Pleadings (Docket Entry No. 2806).

proposition that "generalized knowledge" is equivalent to a formal pre-suit 93A demand letter, it directly refutes it, and no court has or should accept such a proposition given the particular purposes and procedure that is unique to the 93A demand letter process.

Moreover, Baldassari held that at least one putative class representative must provide a proper, pre-suit demand letter "identifying him as the claimant and reasonably describing the act or practice relied on and the injury suffered by him." Id. at 42.  In the instant matter, however, none of the named consumer plaintiffs have ever provided a pre-suit demand letter under chapter 93A, nor does Plaintiffs' belated demand letter identify "the claimant."  M.G.L. ch. 93A sec. 9(3).  Indeed, there is no named Massachusetts plaintiff for whom such a demand letter could be provided.  For this additional reason, Plaintiffs' requested amendment would be futile.

Under these circumstances—when the Plaintiffs failed to send Aventis the requisite M.G.L. ch. 93A sec. 9 demand letter before filing either the TAMCC or, for that matter, the FAMCC, when no claimant is identified in the letter, and when there is no named Massachusetts plaintiff for whom such a demand letter could be sent, Plaintiffs' Motion for Leave to Amend is futile as a matter of law and must, therefore, be denied.

## CONCLUSION

The time for Plaintiffs to send the required pre-suit demand letter has come and gone. The Plaintiffs failed to comply with the statute and they cannot now invoke its protections and benefits.  Aventis respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend and grant such other and further relief as the Court deems appropriate.

-6-

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Aventis hereby respectfully requests that the Court schedule oral argument on the foregoing motion**.**

Dated:  July 31, 2006

        /s/ Aimée E. Bierman
        Michael DeMarco (BBO #119960)
         mdemarco@klng.com
        Aimée E. Bierman (BBO #640385)
         abierman@klng.com
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111-2950
        (617) 261-3100

        Michael L. Koon
        James P. Muehlberger
        Nicolas P. Mizell
        SHOOK, HARDY & BACON L.L.P.
        2555 Grand Blvd.
        Kansas City, Missouri  64108-2613
        (816) 474-6550

        Attorneys for Aventis Pharmaceuticals Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

        /s/ Aimée E. Bierman
        Aimée E. Bierman