```
                    FOR THE DISTRICT OF MASSACHUSETTS
                      UNITED STATES DISTRICT COURT
```

---------------------------------- x
IN RE PHARMACEUTICAL INDUSTRY    :
AVERAGE WHOLESALE PRICE          :
LITIGATION                       : MDL NO. 1456
                                 :
                                 : CIVIL ACTION: 01-CV-12257-PBS
---------------------------------- x
                                 : Judge Patti B. Saris
THIS DOCUMENT RELATES TO         :
01-CV-12257-PBS                  :
                                 :
---------------------------------- x

# MEMORANDUM OF THE TRACK 1 DEFENDANTS REGARDING A <u>DAUBERT</u> HEARING AND NOVEMBER TRIAL

During the July 6, 2006 hearing, Plaintiffs, the Track 1 Defendants, and the Court discussed devoting time in the early fall to conduct <u>Daubert</u> proceedings and in November to begin a bench trial with respect to the Massachusetts General Laws Chapter 93A ("Chapter 93A") claims of the Third-Party Payors ("TPPs") in Classes 2 and 3. The parties are scheduled to appear before the Court on August 3, 2006 to discuss how to proceed. This memorandum outlines the Track 1 Defendants' views with respect to a <u>Daubert</u> hearing and the November trial.

**<u>Daubert Proceedings</u>**

The Track 1 Defendants have jointly submitted two separate <u>Daubert</u> motions with respect to Plaintiffs' expert, Dr. Raymond Hartman. (<u>See</u> Memorandum of Law in Support of Track 1 Defendants' Motion to Preclude the Expert Testimony of Dr. Raymond Hartman in Connection with Classes 1 and 2 or, In the Alternative, for a <u>Daubert</u> Hearing (June 16, 2006) (Docket No. 2723); Memorandum of Law in Support of Track 1 Defendants' Motion to Preclude the

Expert Testimony of Dr. Raymond Hartman in Connection with Class 3 or, In the Alternative, for a Daubert Hearing (July 14, 2006) (Docket No. 2881).) Defendants Schering and Warrick also have submitted a supplemental Daubert motion addressed specifically to issues affecting generic and other multi-source drugs. (See Schering-Plough Corporation's and Warrick Pharmaceutical Corporation's Supplemental Motion to Preclude the Testimony of Dr. Raymond Hartman (July 31, 2006) (Docket No. 2935).) Plaintiffs have yet to respond to either of the joint motions and Schering/Warrick's recently filed motion. Case Management Order 20 (Jan. 31, 2006) requires Plaintiffs to respond to the second joint motion by August 15, 2006, and provides for replies on September 15, 2006, and sur-replies on September 29, 2006.

Even though Plaintiffs have mooted a portion of the first Daubert motion by stipulating in open court that they will not call Dr. Hartman as a witness on liability at any trial involving Classes 1 and 2, both the first and second joint Daubert motions and the Schering/Warrick motion raise other issues with respect to Dr. Hartman's proposed testimony on issues that are common to all three classes.[1] The Track 1 Defendants believe it would be most efficient for Plaintiffs to respond to all Daubert motions on August 15, 2006; for defendants to reply on August 31, 2006; and for the parties to dispense with any sur-replies in lieu of a

---

[1] These issues include liability, causation and damages. In Case Management Order 17, the Court set deadlines for the filing of expert liability reports. Notwithstanding this limitation, Dr. Hartman's reports address damages as well as liability and causation.

2

Daubert hearing to be conducted at the earliest convenient time for the Court.[2] Defendants suggest that concluding the briefing in advance of the hearing will give the Court an opportunity to consider whether it would like to hear live testimony at the hearing. Defendants believe that live testimony would be helpful and anticipate that Dr. Hartman would testify along with several experts on behalf of Defendants. At the conclusion of the testimony, Plaintiffs and the Track 1 Defendants would have an opportunity to argue to the Court regarding whether or not Dr. Hartman's proffered testimony is admissible under Daubert. The Track 1 Defendants suggest that two or three days should be reserved for the Daubert hearing and argument.

Resolving the Daubert issues would permit the Court to streamline further the proceedings beginning in November. It would also facilitate the efficient structuring of Class 1 and Class 3 consumer trials in the future.

**The November TPP Proceeding**

As the Court recognized at the hearing on July 6, 2006, the proceedings scheduled for November should be structured to create efficiencies while preserving the rights of the parties with respect to the Class 1 trials, which will be jury trials.[3]

---

[2] The Track 1 Defendants note that the experts they intend to call at the hearing are unavailable from September 14 through September 30. The Track 1 Defendants otherwise stand ready to commence a Daubert proceeding at the Court's convenience.

[3] Federal Rule of Civil Procedure 42(b) allows the Court to conduct separate trials "of any separate issue or of any number of claims . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution." Fed. R. Civ. P. 42(b). See generally Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959).

Although the Class 2 and 3 TPP claims against each of the Track 1 Defendants are different in important respects, they share certain legal and factual similarities, as reflected in the summary judgment filings on record with respect to these claims. Some key factual issues that cut across the TPP claims against each Defendant relate to TPP knowledge and conduct – specifically, what the TPPs knew or should have known about AWP and what they did or could have done as a result.

The Track 1 Defendants maintain that they are entitled to summary judgment on Plaintiffs' claims based on the overwhelming, undisputed evidence in the record on these issues. (See Memorandum of Law in Support of Track 1 Defendants' Motion for Summary Judgment (Mar. 15, 2006); Track 1 Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment with Respect to Class 3 (July 14, 2006) (Docket No. 2862).) However, to the extent the Court wishes to hear evidence on these issues prior to, or in conjunction with, ruling on the Track 1 Defendants' summary judgment motions, a trial on these issues will advance the Court's analysis of the TPP claims against all Track 1 Defendants under Chapter 93A, including whether the TPP claims are timely, and whether the TPPs' knowledge of AWP and/or their own conduct foreclose their ability to establish essential elements of their claims, including causation.

Since the TPP class representatives are the same for each Track 1 Defendant, the issue of TPP knowledge about AWP, and TPP conduct related thereto, are susceptible to common proof with respect to both branded and generic

4

products.  Rule 42 of the Federal Rules of Civil Procedure provides the Court with the procedural mechanism to address issues that cut across the claims against all Track 1 Defendants.  See Fed. R. Civ. P. 42; Wilson v. Johns-Manville Sales Corp., 107 F.R.D. 250, 252-53 (S.D. Tex. 1985).

Moreover, structuring the November proceeding to focus on these issues would be consistent with the Court's goals of promoting efficiency, reducing costs to the parties, and defining the proper scope, if any, of Plaintiffs' claims. See generally In re:  Paoli R.R. Yard PCB Litig., 113 F.3d 444, 452 n.5 (3d Cir. 1997); In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982) (citing Eighth Circuit case for proposition that "whether resolution of a single issue would likely be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation"); Richmond v. Weiner, 353 F.2d 41, 44 (9th Cir. 1965) (stating that an issue may be tried separately if "that course would save trial time or effort or make the trial of other issues unnecessary"); McElroy v. Ark. Log Homes, Inc., No. 82-1642-C, 1989 WL 18755, at *1 (D. Kan. Feb. 13, 1989).

If the TPP claims are not resolved through an adjudication of these issues, ultimately the TPP claims against each Track 1 (let alone Track 2) Defendant will require the presentation of individual factual evidence, including evidence as to each Defendant's particular drug(s), the market for that drug or drugs, the competition regarding the drug(s), the launching of the drug(s), whether the drug is branded or generic, and a whole host of unique factual information as to each Defendant regarding the pricing and price reporting for each particular drug. Notwithstanding the potential need to address individual issues at some point,

5

Rule 42 of the Federal Rules of Civil Procedure provides the Court with discretion to address now certain cross-cutting issues in the TPP claims.  <u>See supra</u>.

To the extent that Plaintiffs repeat their suggestion that the November trial should be a trial on all issues relating to the Class 2 and Class 3 TPP claims, it should be rejected.  Such a proceeding would be unduly time-consuming, inefficient and would pose significant manageability issues, as the Court recognized at the last hearing.  The most efficient course is to conduct a proceeding addressed to the issues discussed above because those issues can be presented jointly and efficiently and could reduce or eliminate the need to proceed into the myriad Defendant-specific issues.  <u>See supra</u> (collecting cases).  Finally, as noted above, the November proceeding must be structured to preserve the rights of the parties with respect to the Class 1 jury trials.  <u>See supra</u> note 3.

In sum, the Court's decision to begin a bench trial in November on TPP-related issues is an appropriate exercise of its Rule 42 discretion to conduct efficiently and effectively the trial of certain issues of fact and law in the actions against the Track 1 Defendants.  <u>See</u> <u>In re Bendectin Litig.</u>, 857 F.2d 290, 316 (6th Cir. 1988) ("In reviewing the district court's decisions to trifurcate we . . . note Rule 42 which give[es] the court virtually unlimited freedom to try the issues in whatever way trial convenience requires.") (alteration in original) (internal quotation marks omitted).

6

Respectfully submitted,

THE TRACK 1 DEFENDANTS


By: /s/ Lucy Fowler
Nicholas C. Theodorou (BBO #496730)
Lucy Fowler (BBO #647929)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY  10022

*Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.*

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710

*Attorneys for the Johnson & Johnson Defendants*

John T. Montgomery (BBO #352220)
Steven A. Kaufman (BBO #262230)
Eric P. Christofferson (BBO #654087)
Ropes & Gray LLP
One International Place
Boston, MA 02110

*Attorneys for Schering-Plough Corp. and
Warrick Pharmaceuticals Corp.*

Dated: August 1, 2006

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 1, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler