# EXHIBIT B



E-SERVED
06/02/05
08:29 PM ET
AWP-MDL No. 1456

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION,

THIS DOCUMENT RELATES TO:

*State of Nevada v. Abbott Laboratories, Inc., et al.*, CA No. CV-02-00260-ECR (*Nevada I*)

*State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS (*Nevada II*)

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

### RESPONSE OF THE STATE OF NEVADA TO DEFENDANTS'
### FIRST SET OF INTERROGATORIES AND REQUESTS FOR
### PRODUCTION TO THE STATE OF NEVADA

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, the State of Nevada responds to the following Interrogatories and Requests for Production (the "Discovery Requests").

### PRELIMINARY STATEMENT

1.      These responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such document requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.      Nevada's responses shall not be deemed to constitute admissions:

      a.      That any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or



E-SERVED
06/02/05
08:29 PM ET
AWP-MDL No. 1456

     b.     That any statement or characterization in Defendants' First Set of Interrogatories and Requests for Production to the State of Nevada if accurate or complete.

     3.     Nevada's responses are made based upon reasonable and diligent investigation conducted to date. Discovery and investigation in this matter are ongoing and Nevada reserves the right to amend its responses and to raise any additional objections it may have in the future. These responses are made based upon the typical or usual interpretation of words contained in the discovery requests unless a specific definition or instruction has been provided.

     4.     Nevada's responses may contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

     5.     Nevada's responses are submitted without prejudice to Nevada's right to produce evidence of any subsequently discovered facts. Nevada reserves its right to provide further responses and answers as additional facts are ascertained.

**GENERAL OBJECTIONS**

Nevada objects generally as follows:

     1.     Nevada objects to the "definitions" and to any other preliminary statements to the extent they intend to expand upon or alter the Federal Rules of Civil Procedure or Nevada's obligations under the Court's Local Rules in responding to these requests and interrogatories. Nevada will comply with the Federal Rules of Civil Procedure and Local Rules in providing its responses to Defendants' First Set of Interrogatories and Requests for Production to the State of Nevada.

     2.     Nevada objects to Defendants' definitions of "you," "your," "state," "Plaintiff" because they are vague, ambiguous, overly broad, unduly burdensome, and encompass materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

1534.13 0009 DSC.DOC



3.      Nevada objects to Instruction Nos. 5-11 and its various subsections because it is unduly burdensome, and imposed burdens beyond the requirements of applicable rules of procedure.

4.      Nevada objects to each request and interrogatory to the extent that it calls for the production of documents or information not relevant to the issues in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Nevada objects to the extent that any request or interrogatory seeks documents or information that is protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, by any other applicable privilege or protection.  Nevada agrees to prepare and provide Defendants with a listing or log of documents withheld on the grounds of privilege at the conclusion of its initial production.

6.      Nevada objects to each request and interrogatory to the extent that it calls for production of documents or information not within the possession, custody, or control of Nevada.  The responses given herein are based upon documents and information within Nevada's current possession, custody, or control.

7.      Nevada objects to each request and interrogatory to the extent that it may be construed as calling for the production of confidential information relating to a patient.  Nevada will not produce any such material to the extent it is under any obligation to maintain the patient information in confidence and not to disclose it unless the patient grants permission to do so.

8.      Nevada objects to each request and interrogatory to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Defendants, or is already in the possession of the Defendants.

9.      Nevada incorporates the above General Objections into each specific response to the requests set forth below as if set forth in full therein.  The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.

10.     Nevada objects to the time period to the extent it goes beyond the time frame Defendants have agreed to produce information from.

3



## SPECIFIC OBJECTIONS AND RESPONSES

1.      Identify all Persons currently or formerly employed by or serving as a contractor to You with any knowledge of, responsibility for, involvement in, or influence on:

(a)      Any claim or allegation asserted in the Complaints;

(b)      The methodology the State uses to determine the amount it pays Providers as reimbursement under Medicaid or any other State program for Subject Drugs;

(c)      The negotiating, authoring, executing or otherwise contributing to, any contract, memorandum of understanding or agreement, between You and any Provider relating to AWPs for Subject Drugs or the reimbursement for Subject Drugs;

(d)      The reimbursement for any Subject Drug which exceeded Provider acquisition costs;

(e)      The processing of payments for Providers' claims for reimbursement regarding Subject Drugs;

(f)      The adoption, rejection, amendment to, consideration, or negotiation of any State supplemental rebate program;

(g)      Establishing, considering, determining, calculating, or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of Subject Drugs by You; and

(h)      The AWP, AMP, MAC, WAC, EAC, Best Price, or other prices, costs, reimbursement rates, or other benchmarks for any Subject Drug.

And for each such Person, state the subject of information that Person is likely to have.

**ANSWER:**

(a)      Nevada objects to this interrogatory on the grounds that it is overbroad, but will provide the identity of such persons;

(b)      The methodology used is set forth in various State statutes equally available to the Defendants, therefore, Nevada objects to this request.  Subject to the foregoing, Nevada will provide answers;

4



E-SERVED
06/02/05
08:29 PM ET
AWP-MDL No.1456

(c)     The State reimburses based upon a set statutory formula, therefore, Nevada objects to this request but will produce documents from which this answer can be ascertained;

(d)     Nevada is searching for information responsive to this request;

(e)     Nevada objects on the grounds this request is overbroad and not calculated to lead to discovery of admissible evidence and it is unclear what is meant by processing;

(f)     Nevada objects on the grounds this request is overbroad and not calculated to lead to discovery of admissible evidence;

(g)     Nevada objects on the grounds this request is overbroad and not calculated to lead to discovery of admissible evidence; and

(h)     Nevada objects on the grounds this request is overbroad and not calculated to lead to discovery of admissible evidence, subject to that objection, Nevada will identify persons in the Medicaid department with knowledge of these issues.

2.     Identify all cabinets, departments, agencies, boards, commissions, organizations, consultants, accountants, task forces, or any other entity, including the members of such entities, that have reviewed or analyzed, at any time, Your reimbursement of or expenditures for pharmaceutical products or dispensing fees, including but not limited to any State "medical care advisory committee" (42 C.F.R. § 431. l2(b)).

**ANSWER:**

Nevada objects to this as overbroad and not calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, Nevada will identify those entities who were involved in any discussion of AWP.

3.     Identify the time period and State program in which You have used AWPs recommended by the United States Department of Justice or National Association of Medicaid Fraud Control Units, as noted in the September 2001, HHS-OIG report, entitled "Medicaid's Use of Revised Average Wholesale Prices" (OEI-03-01-00010), and Identify why you have not used such AWPs during any other time period.



**ANSWER:**

Nevada is investigating this interrogatory and will provide an answer to this interrogatory in due course.

    4.     Identify the pharmaceutical product reimbursement methodology employed by any State agencies or departments that have or participate in any way in a pharmaceutical benefit, including but not limited to State Pharmaceutical Assistance Programs, Supplemental Rebate Programs, Medicaid Rebate Programs, prison health programs, employee benefit programs, psychiatric health programs, or Veterans Health Care Act/FSS Contracting.

**ANSWER:**

Nevada objects to this request on the grounds it is overbroad.  Nevada will provide documents from which answers can be derived.

    5.     Identify all Persons currently or formerly employed by or representing You who have testified in any legal, legislative, or administrative forum about Your reimbursement of pharmaceutical products, costs or reimbursement rates for pharmaceutical products, pharmacy dispensing fees, or other fees for the supply or administration of pharmaceutical products, and state the legal or legislative forum and date of testimony.

**ANSWER:**

Nevada objects to this as overbroad; subject to this objection, Nevada is compiling an answer as to any person who testified regarding AWP.

    6.     For each Subject Drug, Identify each instance in which a Defendant "marketed the spread" to one or more Providers as alleged in the Complaints, and for each such instance:

        (a)    Identify the Manufacturer employee who marketed the spread;

        (b)    Identify the Provider to whom the spread was marketed;

        (c)    Identify the drug that was marketed;

        (d)    Identify the place and time of the alleged marketing; and

        (e)    State the manner in which the "spread" was marketed.



**ANSWER:**

Nevada objects to this request on the grounds it is a premature contention interrogatory, that it would require Nevada to parse through discovery from each Defendant much of which has not yet even been produced and notes that Defendants have failed to answer identical requests served on each Defendant.

7.      For each Defendant, Identify every instance in which You allege such Defendant used discounts, rebates, free goods, charge-backs, and other financial incentives to induce providers to purchase or administer its drugs, as alleged the Complaints, and for each such instance:

        (a)      Identify the Defendant employee(s) who engaged in such acts;

        (b)      Identify the Provider to whom the alleged inducements were directed;

        (c)      Identify the drug that was marketed;

        (d)      Identify the discounts, rebates, free goods, charge-backs, or other financial incentives that were offered; and

        (e)      Identify the place and time of the alleged inducement.

**ANSWER:**

Nevada objects to this request on the grounds it is a premature contention interrogatory, that it would require Nevada to parse through discovery from each Defendant much of which has not yet even been produced and notes that Defendants have failed to answer identical requests served on each Defendant.

8.      For each Defendant, Identify every instance in which You allege such Defendant has ever made a representation to You concerning the meaning of the term AWP, and every instance where *you* allege a Defendant has knowingly, willfully, and intentionally concealed its drugs' actual average price from You as alleged in the Complaints, and for each such instance:

        (a)      Identify what the "actual average price" was;

        (b)      Identify the actions of each Defendant that constituted a knowing, willful, and intentional concealment; and



(c)     Identify whether that representation was made directly to You.

**ANSWER:**

Nevada objects to this request on the grounds it is a premature contention interrogatory, that it would require Nevada to parse through discovery from each Defendant much of which has not yet even been produced and notes that Defendants have failed to answer identical requests served on each Defendant.

9.     Separately as to each Subject Drug, Identify each Provider that submitted a claim for reimbursement and indicate whether the Provider is or is not a 340B Provider.

**ANSWER:**

Nevada objects to this request on the grounds it constitutes a premature contention interrogatory, is overbroad and is not calculated to lead to admissible evidence.

10.     State, by State program, by year and by NDC, (a) the number of units and the dollar amount You paid for reimbursement to Providers for each Subject Drug, (b) the amount that You contend You overpaid for such drugs as a result *of* each Defendant's alleged misconduct, and (c) any true-ups that were contemplated, negotiated, initiated, completed, or transacted between You and any Defendant.

**ANSWER:**

Nevada objects to this request on the grounds it constitutes a premature contention interrogatory, that it would require Nevada to page through discovery from each Defendant much of which has not yet even been produced.  When expert reports are due, Nevada will disclose these calculations.

11.     Describe Your understanding of the Federal Supply Schedule and how, if at all, You used it and, if not, why not.

**ANSWER:**

Nevada is compiling an answer to this request.

12.     Identify any State formulary and any State supplemental rebate program, and the scope of such program.

8



**ANSWER:**

Nevada objects to this request on the grounds of relevance.  Nevada will produce documents from which an answer can be derived.

13.     Identify all periodicals, listservs, publications, associations, or other media or group to which You subscribe or belong and that publishes or distributes information concerning health care benefits, prices, costs, and reimbursement or state or federal health care benefit programs.

**ANSWER:**

Nevada objects on the grounds of burdensome, is overbroad and is not calculated to lead to admissible evidence.  If Defendants have specific information they wish to see if various state agencies had access to, Nevada might be able to respond.

14.     Identify, by year, the amount actually paid by beneficiaries to their Providers for each of the Subject Drugs, as co-payment or otherwise, and for each instance:

(a)     Identify the yearly dollar amounts requested as an aggregate figure, by beneficiary (if possible);

(b)     Identify the yearly dollar amounts requested as an aggregate figure, by Defendant (if possible); and

(c)     Identify what portion of the amounts paid by Beneficiaries was impacted by or depended on AWP for each Subject Drug.

**ANSWER:**

Nevada objects on the grounds this will be the subject of expert report and hence it is premature.

15.     Identify the State program and the methods You used to determine reimbursement amounts for each NDC of each Subject Drug and how those methods changed over time. Answer separately as to claims submitted by 340B Providers versus claims submitted by other Providers.



**ANSWER:**

Nevada objects to this request on the grounds of relevance as to 340(b) provider, Nevada will answer the interrogatory as to the State Medicaid Program and is in the process of compiling answers.

16.    Identify any internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by You or on behalf of You (whether or not performed by You) regarding the possible effect various reimbursement amounts or methodologies could potentially have, or were having, on beneficiary access to medicine or medical treatment; and all Persons who were involved in such internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by You or on behalf of You (whether or not performed by You).

**ANSWER:**

Nevada objects to this request on the grounds of relevance and overbreadth.  No such assessment has been done by Nevada.

17.    If reimbursement for any Subject Drug was ever based on a percentage adjustment from a benchmark, explain the policy or other reasons for the percentage adjustment.

**ANSWER:**

Nevada will answer this interrogatory and is compiling an answer.

18.    Identify any "state plan for medical assistance" (42 C.F.R. 430.0 et seq.), and any proposed or adopted amendments thereto.  For each "state plan for medical assistance," or amendment thereto, Identify each Person who participated in the creation, consideration, or adoption of such plan, and proposed or adopted amendment thereto, to the extent the Person's activity concerns AMP, MAC, EAC, FUL, Best Price, or other drug pricing information.

**ANSWER:**

Nevada objects to this request as it is hopelessly overbroad and vague.

19.    State whether, at any time, You made any effort to ascertain or estimate any Provider's acquisition cost for any of the Subject Drugs and, if so, describe those efforts in detail, and Identify each Provider who actually received alleged "inflated amounts" of

10



reimbursement from You at any time on account of any alleged fraud, scheme, misrepresentation, negligence, or other culpable conduct by any Defendant.

**ANSWER:**

Nevada is compiling an answer to this request.

20.     State whether You have, by action, administrative proceeding, or otherwise, sought to recover alleged overpayments from the Providers who allegedly received excessive amounts of reimbursement as a direct or indirect result of alleged inflated AWPs and, if so, Identify each such action, proceeding or other recovery effort; and if not, state the basis for your failure to do so.

**ANSWER:**

Nevada objects to this interrogatory on the grounds it is not calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, Nevada has not undertaken such action.  In lieu of doing so, Nevada has filed this lawsuit.

21.     Identify all requests by You for supplemental or additional rebates from any Manufacturer, including the identity of each Person making such request, whether the request was written or oral, the date on which each such request was made, the identity of each Person to whom each request was made, all drugs that any such request concerned, whether an agreement to provide the requested supplemental or additional rebates was a condition to the continued reimbursement by You of any such drugs, and whether an agreement to provide the requested supplemental or additional rebates was a condition to the continued presence of any of Defendant's products on any formulary or list of approved drugs.

**ANSWER:**

Nevada is compiling an answer and will respond in due course.

22.     Identify each Third Party Administrator, Benefits Consultant, other consultant, or PBM contacted, considered, retained, or hired by You concerning pharmaceutical product prices, costs, reimbursement, utilization, or benefits.

11



**ANSWER:**

Nevada objects to this request on the grounds of relevance.  Nevada will identify consultants who assisted in the administration of the State Medicaid Program.

23.     If You contend that Defendants are liable solely by virtue of the existence of a so-called "spread" between the amount reimbursed by You for a Subject Drug and the price paid by Providers to acquire such Subject Drug then set forth how large You contend the spread must be (as a percentage of Provider acquisition cost) to constitute grounds for liability.  If you do not seek to recover the entire difference between the amount reimbursed by You for a Subject Drug and the price paid by Providers to acquire such Subject Drug, State the basis or bases for such a "spread" that you accept as lawful and what distinguishes such basis from those that you contend are unlawful.

**ANSWER:**

Nevada objects to this request on the grounds it is a premature contention interrogatory, the answers to which will be provided in expert reports.

24.     Identify all communications between You and any other state or federal government, including but not limited to its officials, agents employees, commissions, boards, divisions, departments agencies, instrumentalities, administrators, and other Persons or entities acting on their behalf, concerning usual and customary, AWP, AMP, MAC, WAC, EAC, Best Price, or other prices, costs, reimbursement rates, or other benchmarks.

**ANSWER:**

Nevada objects to this request as it is hopelessly overbroad.

25.     State the basis for and the specific amount of damages that You have suffered with respect to each count against each Defendant as stated in the Complaints.  In answering this Interrogatory,

(a)     Describe the methodology You employed in calculating such damages and all assumptions made when calculating such damages; and



(b)      Identify all Documents supporting such damages and state all factors on which You rely in claiming such damages.

**ANSWER:**

Nevada objects to this request as a premature contention interrogatory.  Subject to this objection, Nevada will respond when expert disclosures are due.

## REQUEST FOR DOCUMENTS TO BE PRODUCED

1.      All Documents referred to or used in responding to the above interrogatories.

**RESPONSE:**  Subject to objections stated above, responsive documents will be produced.

2.      All Documents and data concerning utilization, reimbursement, and rebate information for any of the Subject Drugs.

**OBJECTION:**  Relevance, overbreadth.

3.      All Documents created, maintained, or received by You under, or which relate to your compliance with, 42 U.S.C. 1396a(a)(30), 42 U.S.C. 1396a(a)(54), 42 C.F.R. 447.201 et seq., or 42 C.F.R. 447.333.

**OBJECTION:**  Relevance, overbreadth.

4.      All Documents concerning any evaluations, audits, analyses, or reviews of any aspect of Your Medicaid program by the Federal Agencies or any state department or office, including but not limited to the HHS audit report Number A-07 -03-0402.

**OBJECTION:**  Relevance, overbreadth.

5.      All Documents from January 1985 to the present concerning any internal or external assessments, studies, analyses, reviews, or audits conducted by or on behalf of You or received or reviewed by You concerning pharmacy benefit costs or practices, pharmacy dispensing costs or practices, or utilization, reimbursement, or cost of pharmaceutical products.

**OBJECTION:**  Relevance, overbreadth.

6.      All Documents (including methodologies or protocols for databases, systems, or programs) concerning the calculation, monitoring, processing, or payment of claims for the

13



Subject Drugs, including but not limited to examples of all Provider claim forms used during any period for which you claim damages, and communications with Providers concerning reimbursement.

**RESPONSE:** Nevada objects to the overbreadth of this request. Nevada will provide responsive documents in its possession, but most of those documents are in the possession of First Health.

7.     All Documents reflecting the most reliable data on numbers of Medicare and Medicaid dual-eligibles, pharmaceutical reimbursements for Medicare co-pays, and Medicaid rebates collected by the State with respect to such individuals.

**RESPONSE:** Nevada objects to this request on the grounds of relevance.

8.     All Documents concerning the Nevada Drug Rebate Program, including but not limited to any other Medicaid or State rebate programs including State Medicaid Manuals, State Medicaid Plans, State Medicaid findings concerning the operation of the Drug Rebate Analysis and Management System, and all correspondence between the State and HCFA/CMS concerning reimbursement or rebates of Subject Drugs.

**RESPONSE:** Nevada objects to this request on the grounds of relevance and overbreadth.

9.     All Documents including or concerning Federal Supply Schedule or VA pricing for pharmaceuticals.

**RESPONSE:** Nevada objects to this request on the grounds of relevance and overbreadth.

10.     All Documents from January 1985 to present, concerning usual and customary, AWP, MAC, WAC, AMP, EAC, Best Price, or any other possible price, cost, or reimbursement amount or benchmark or methodology for Subject Drugs, including but not limited to all communications between You and any state or federal institution, agency, department, or office.

**RESPONSE:** Nevada objects to this request on the grounds of frame, scope, relevance. Nevada will produce documents describing its reimbursement methodology.

14



11.     All Documents concerning all analyses or discussions of potential or actual supplemental rebate programs.

**RESPONSE**:  Nevada will produce responsive documents.

12.     All Documents concerning the State's hearing mechanism for rebate disputes.

**RESPONSE**:  No such documents exist.

13.     All Documents concerning Your potential or actual contractual relationships with PBMs, Third Party Administrators, Benefit Consultants, Auditors, Wholesalers, Manufacturers, Insurers, Independent Practice Associations, Retailers, Mail Order Pharmacies, Providers, Trade Associations, or Lobbyists, insofar as they cover reimbursement, purchasing, or expenditures concerning Subject Drugs, including but not limited to, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal, invoices, evidence of payments, performance reports, presentations, rebates, audit reports, drug cost models, annual client reviews, correspondence, and comments submitted in response to public notices or proposed changes in reimbursement methodologies.

**RESPONSE**:  Nevada objects to this request on the grounds of relevance and overbreadth.  Most of the responsive documents would be with the administrators of the Medicaid Program:  Anthem or First Health.

14.     All Documents from January 1985 to the present concerning any requests by You for any information concerning the prices, costs, or reimbursement for Subject Drugs, including but not limited to contracts, memoranda of understanding, agreements, Provider contracts, or communications concerning the calculation, monitoring, tracking, processing, or payment of claims for Subject Drugs.

**RESPONSE**:  Nevada objects to this request on the grounds of relevance and overbreadth.  Most of the responsive documents would be with the administrators of the Medicaid Program:  Anthem or First Health.

15.     All Documents concerning Your decision to rely on, Your reliance on, or Your use of drug pricing information published by any Publisher.

15



**RESPONSE**:  Nevada objects to this request on the grounds of relevance and overbreadth.  Most of the responsive documents would be with the administrators of the Medicaid Program:  Anthem or First Health.

16.     All Documents created by or received from any Publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between You and any Publisher.

**RESPONSE**:  Nevada objects to this request on the grounds of relevance and overbreadth.  Most of the responsive documents would be with the administrators of the Medicaid Program:  Anthem or First Health.

17.     All Documents from January 1985 to present, created by or received from the Federal Agencies (including but not limited to the HHS Offices of the Inspector General, Evaluation, or Audit Services), the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning prices, costs, or reimbursement for pharmaceutical products.

**RESPONSE**:  Nevada will produce documents received from HHS or GAO regarding reimbursement and/or AWP.

18.     All Documents from January 1985 to the present created by or submitted on behalf of the State concerning any Document produced in response to the prior request.

**RESPONSE**:  Responsive documents, if any exist, will be produced.

19.     All Documents between You and any Participants or Beneficiaries insofar as they cover Subject Drugs, including, without limitation, summary plan Documents, detailed plan Documents, adoption agreements and/or all amendments thereto, summaries of material modifications, riders, addenda, co-payment schedules, invoices from Providers, payments to Providers, claims materials, marketing materials, coverage materials, benefit evaluations, benefit decisions, reimbursements, discounts, medigap coverage, or correspondence.

**RESPONSE**:  Nevada objects on the grounds of relevance and overbreadth.

1534.13 0009 DSC.DOC



20.     All Documents from January 1985 to present, concerning Your calculation of reimbursement amounts for the Subject Drugs, including but not limited to guidelines, instructions, manuals and the like.

**RESPONSE**:  Nevada will produce documents showing how reimbursements are calculated.

21.     All data, reports, testimony, analyses, information or audits, from January 1985 to present, that You considered or that formed the basis of any decisions to discount AWP in any part of Your reimbursement formula.

**RESPONSE**:  Responsive documents will be produced.

22.     All Documents from January 1985 to the present concerning any internal or external assessments, studies, analyses, review or audits conducted by or on behalf of You regarding drug pricing or reimbursement amounts or rates, of Subject Drugs, including but not limited to audits of You, vendors, pharmacies, Providers or third party administrators, as well as any Documents related to any consideration of the effect of such reimbursement amounts or rates on beneficiary access.

**RESPONSE**:  For the appropriate time frame, responsive documents will be produced.

23.     All Documents from January 1985 to present, concerning any complaint or inquiry You considered or actually made to any Defendant concerning the pricing of pharmaceutical products.

**RESPONSE**:  For the appropriate time frame, responsive documents will be produced.

24.     All Documents concerning any Defendant's alleged use of free goods, samples, educational grants, off-invoice price inducements, or any other incentives to induce providers to purchase their drugs.

**RESPONSE**:  Nevada objects to this request to the extent it requires a search of Defendants' own documents or could require production of sealed materials.  Subject to these objections, Nevada has no such documents.

1534.13 0009 DSC.DOC



25.     All Documents concerning any action, administrative or otherwise, considered or taken to recover the alleged "overpayments" from Providers who actually received the alleged "overpaid" amounts for drug reimbursement.

**RESPONSE**:  No responsive documents exist.

26.     All Documents concerning any effort or plan considered or undertaken to reduce or otherwise limit Your expenditures for drugs, including but not limited to prior authorization requirements, development of formularies, use of generics, group purchasing efforts, and the like.

**RESPONSE**:  Responsive documents concerning AWP will be produced.  The remaining portion is objected to as overbroad.

27.     All Documents from January 1985 to present, concerning any cooperative efforts with any state considered or implemented to reduce the cost of pharmaceutical products.

**RESPONSE**:  For the appropriate time frame, responsive documents will be produced.

28.     All Documents concerning any application You made for federal funds in connection with Your Medicaid program.

**RESPONSE**:  Objection:  relevancy.

29.     All reports made by You or on Your behalf to any federal or state institution, agency, department, or office, regarding pharmaceutical product utilization, reimbursement, or pricing.

**RESPONSE**:  Objection:  relevancy.

30.     All Documents, from January 1985 to present concerning any proceedings, including but not limited to lawsuits, administrative or legislative proceedings, or criminal or civil investigations, in which Your employees or agents have testified, provided statements, or been interviewed concerning the pricing, reimbursement of pharmaceutical products, or access to care.

**RESPONSE**:  Nevada objects to time frame.  For the appropriate time frame, Nevada will produce documents relating to AWP or reimbursement.

18



31.     All Documents from January 1985 to the present concerning the difference between AWP and acquisition cost for any drug, including but not limited to reports issued by any government entity or agency, publications by Plaintiff or any other State, correspondence sent or addressed to Plaintiffs employees or agents, legislative materials, newspaper and magazine articles, television and radio broadcasts, and transcripts of Congressional testimony.

**RESPONSE**:  Nevada objects to the time frame, scope and relevancy.  For the appropriate time frame, Nevada will search for relevant documents in the state Medicaid office.

32.     All Documents which reflect, discuss, memorialize, or otherwise relate to the setting of reimbursement rates generally or for any Subject Drug.

**RESPONSE**:  Nevada objects on the grounds of scope and overbreadth.  Nevada will produce documents showing how such rates were set.

33.     All Documents reflecting the losses, damages, or alleged overpayments made by You as a result of Defendants' alleged conduct.

**RESPONSE**:  Such documents are not in the possession of Nevada.

34.     All Documents, from January 1985 to present concerning any alleged misrepresentation or omission by any of the Defendants which You claim You relied upon with respect to any Subject Drug.

**RESPONSE**:  The AWPs upon which Nevada made payments are sent by First Data or Red Book to administrators of the Medicaid Plan.  Nevada will produce responsive documents that it has.

35.     All Documents, from January 1985 to present concerning each Defendants' alleged promotion, marketing, or manipulation of the alleged "spread" between the reported AWP and the actual cost of the Subject Drugs.

**RESPONSE**:  Nevada objects to the extent it requires Nevada to parse Defendants' own documents.  Subject to this objection, for the relevant time period, Nevada will produce responsive documents, if any.



36.     Documents sufficient to Identify the name and address of each Provider eligible to submit claims to You concerning the Subject Drugs during the relevant time period.

**RESPONSE**:  Objection:  relevancy and scope.

37.     All Documents concerning any purchase of or payment or reimbursement for any of the Subject Drugs by any 340B Providers.

**RESPONSE**:  Objection:  relevancy.

38.     All Communications, including but not limited to e-mails, between Your employees themselves or with other parties, including but not limited to Providers, Medicaid fiscal agents and contractors, consultants, pharmaceutical companies, pharmacy associations, professional groups, and lobbyists concerning drug pricing, drug reimbursement, or dispensing fees.

**RESPONSE**:  Objection on grounds of relevancy and scope, and duplicative of other requests.

39.     All Documents concerning the consideration or setting of product reimbursement or dispensing fees as required by 42 C.F.R. § 447.331-333, including but not limited to all correspondence, memoranda, analysis, agenda, meeting minutes, e-mails, costs surveys and testimony.

**RESPONSE**:  Objection on grounds of relevancy and scope, and duplicative of other requests.

40.     All Documents concerning any "medical care advisory committee" (42 C.F.R. § 431.12(b)) concerning utilization, reimbursement, or costs of pharmaceutical products, or dispensing fees.

**RESPONSE**:  Responsive documents, if any, will be produced.

41.     All Documents concerning any effort or plan considered or undertaken to reduce or otherwise limit Your expenditures for drugs, including but not limited to prior authorization requirements, development of formularies, use of generics, group purchasing efforts, and the like.

1534.13 0009 DSC.DOC



**RESPONSE**: Responsive documents, if any, will be produced.

42.     All Documents concerning any direct purchasing agreements, collective purchasing arrangements, or other purchasing programs concerning any pharmaceutical products.

**RESPONSE**: Responsive documents, if any, will be produced.

43.     All Documents, from January 1985 to present concerning all Communications by the National Association of Medicaid Fraud Control Units, the National Association of Attorneys General, PAL, or any other Person concerning the prices or costs of pharmaceutical products or the calculation of reimbursement amounts or rates for such products.

**RESPONSE**: Responsive documents, if any, will be produced.

44.     Organizational charts or similar Document(s) that Identify Your employees involved or in any way responsible for the administration or oversight of Your Medicaid program, including but not limited to all directors or similar officials.

**RESPONSE**: Responsive documents, if any, will be produced.

45.     All Documents, from January 1985 to present concerning any actions taken or considered by You in response to or following any federal or state assessment, study, analysis, review, or audit concerning reimbursement of pharmaceutical products, definitions or methods of determining EAC, use of A WP, or dispensing fees.

**RESPONSE**: Objection on grounds of relevancy, time frame and scope, and duplicative of other requests.

46.     All Documents, from January 1985 to present concerning the difference between AWP and acquisition cost for any drug, including but not limited to reports issued by any government entity or agency publications by State or any other state, correspondence sent or addressed to State employees or agents, legislative materials, newspaper and magazine articles, television and radio broadcasts, and transcripts of Congressional testimony.

**RESPONSE**: Objection on grounds of relevancy and scope, and duplicative of other requests.

1534.13 0009 DSC.DOC



47.     All Documents, from January 1985 to present that compare or relate to utilization, cost, or reimbursement of drugs by You to utilization, cost or reimbursement of drugs by any other entity, including but not limited to any other state Medicaid program.

**RESPONSE**:  Objection on grounds of relevancy and scope, and duplicative of other requests.

48.     Documents concerning Document retention, destruction, or public disclosure policies, including any changes to such policies.

**RESPONSE**:  Responsive documents will be produced.

49.     All Documents concerning Medicaid Rebates for the Subject Drugs, including but not limited to:  unit rebate amount; transactional data for all Defendants; all communications between You and the federal government concerning utilization and "per-unit" rebate data; all communications between You and any Defendant; and all memoranda, analyses or other Documents in Your possession concerning Medicaid Rebates for the Subject Drugs.

**RESPONSE**:  Responsive documents are not in the possession of Nevada.

50.     Invoices for Medicaid Rebates sent to Defendant for the Subject Drugs and any Documents concerning such invoices.

**RESPONSE**:  Objection – relevancy.

51.     All Documents, from January 1985 to present concerning the use of AWP as a means of subsidizing other medical services, procedures, costs, or equipment.

**RESPONSE**:  No such documents exist.

52.     All Documents concerning any efforts by You to encourage use of generic pharmaceuticals.

**RESPONSE**:  Objection as to relevancy.

53.     All Documents concerning any negotiations by or on behalf of You with any Manufacturer concerning reimbursement of pharmaceutical products.

**RESPONSE**:  Responsive documents, if any, will be produced.

1534.13 0009 DSC.DOC



54.     All Documents concerning Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care"), including but not limited to Documents concerning Ven-A-Care's presentation to the National Association of Medicaid Fraud Control Units in or about March 1998.

**RESPONSE**:  Nevada objects to this request.  These documents are under seal in a *qui tam* case.

55.     All Documents compiled during the process of determining whether to tile litigation.

**RESPONSE**:  Objection on grounds of work product.

56.     All drug cost models, pricing models, drug utilization reviews, experience and actuarial analyses, assessments, studies, analyses, reviews and reports relating or referring to the Subject Drugs.

**RESPONSE**:  Objections on grounds of scope, relevance, vagueness, duplication.


By_____/s/ Steve W. Berman_____            DATED:        June 2, 2005.
    Steve W. Berman
    Sean R. Matt
    Hagens Berman LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

*Attorneys for the State of Nevada*

1534.13 0009 DSC.DOC



## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **RESPONSE OF THE STATE OF NEVADA TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE STATE OF NEVADA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on June 2, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By_____/s/ Steve W. Berman_____
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

1534.13 0009 DSC.DOC