# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | MDL No. 1456 |
| ) | |
| ) | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Patti B. Saris |
| CLASS ACTIONS, *State of Montana v. Abbott* ) | |
| *Labs Inc., et al.,* 02-CV-12084-PBS, *State of* ) | Chief Magistrate Judge Marianne B. Bowler |
| *Nevada v. American Home Prods. Corp., et al.* ) | |
| 02-CV-12086-PBS, *State of Arizona v. Abbott* ) | |
| *Labs Inc., et al.,* 06-CV-11069-PBS ) | |
| ) | |

### REPLY MEMORANDUM IN SUPPORT OF WARRICK PHARMACEUTICALS CORPORATION'S CROSS MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB FOR PURPOSES OF PRESERVATION OF TESTIMONY

Defendant Warrick Pharmaceuticals Corporation ("Warrick") respectfully submits this brief reply memorandum in support of its Cross Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Preservation of Testimony in the class action, as well as the Montana, Nevada, and Arizona actions ("Cross Motion"). In opposition to this Cross Motion, Plaintiffs make three arguments, each of which should be rejected.

First, Plaintiffs repeatedly assert that the request comes at the "eve of trial." (Pls.' Opp'n at 3, 4.) This is inaccurate and misleading. This Court has not scheduled a trial date for Warrick. The November trial will be limited to certain cross-cutting issues that affect the claims of third party payors generally; it will not be specific to Warrick. CMO No. 26 ¶ 8 (July 7, 2006) (Docket No. 2842). Indeed, the first and only trial date for any individual defendant in the class action – AstraZeneca – is currently scheduled for March 2007. *Id.* ¶ 3. There is no trial date for any individual defendant in the Montana, Nevada, or Arizona actions. It is exactly this kind of

uncertainty – whether a key witness will be available for multiple trials that could be scheduled over the next several years – that justifies taking a preservation deposition now.

Second, Plaintiffs claim that Warrick does not meet the standards of Fed. R. Civ. P. 32. (Pls.' Opp'n at 1-2.)  This argument is also without merit.  Rule 32 applies to the *use* of depositions *at trial*; where, as here, no trial date has been set, applying such a standard would be non-sensical.  "The showing of a witness' availability at the time may be grounds to deny the use of the deposition *at trial*, but is not grounds for enjoining the taking of the deposition *prior to trial*; that is, one desiring to take a deposition under Rule 26 need not show *in advance* that the witness will be unavailable at trial."  *Keller v. Orion Ins. Co.*, 285 F. Supp. 906 (D. Minn. 1968) (under prior version of Federal Rules, denying motion to quash notice of preservation deposition) (emphasis added).  Even if Rule 32 applies, Warrick has adequately demonstrated that Mr. Weintraub may be unavailable for any trial here – much less in multiple trials across the country – because of his age and serious health issues.  (*See* Warrick's Mem. in Opp'n to Certain Pls.' Mot. to Quash May 18, 2006 Am. Notice of Dep. of Harvey Weintraub and in Supp. of Cross Mot. for Leave to Take Dep. of Harvey Weintraub for Purposes of Preservation of Test. (July 6, 2006) (Docket No. 2840) ("Mem. in Supp. of Preservation Dep.") at 3-5.)

Third, Plaintiffs assert that Warrick "missed its opportunity" to ask questions during the discovery deposition of Mr. Weintraub in the class action.  (Pls.' Opp'n at 2-3 (recognizing that Mr. Weintraub has not been deposed in the Nevada or Montana actions).)  Plaintiffs cite one case, *Henkel v. XIM Products, Inc.*, in which the court found that the defendants there "made no showing of any compelling circumstance" to justify noticing a second deposition, for preservation purposes, six weeks before the case was ready for trial.  133 F.R.D. 556, 557-558 (D. Minn. 1991) (allowing that a second deposition might be taken based on a showing of "good

cause"). The differences between *Henkel* and the instant case are numerous. Here, there is no trial date; there are multiple actions in this court and courts across the country in which the witness's testimony may be necessary; and the witness's age and progressive illness make uncertain his availability for one or more of those trials, whenever and wherever they may be scheduled.

Moreover, most courts – unlike the court in *Henkel* – recognize the distinction between a deposition for discovery and a deposition for preservation. (*See* Mem. in Supp. of Preservation Dep. at 3-4.) Indeed, one district court recently stated that the court in *Henkel* was "simply ignoring reality" by "treat[ing] all depositions the same, under the heading of 'discovery depositions,'" when "very real and practical differences . . . exist." *Estenfelder v. Gates Corp.* 199 F.R.D. 351, 355-56 (D. Col. 2001) (noting that the *Henkel* decision relied on a finding that lawyers sought the deposition "for ulterior purposes"). Based on these differences, numerous courts have allowed a preservation deposition in addition to a discovery deposition. (*See* Mem. in Supp. of Preservation Dep. at 6-7) (citing, *inter alia*, *Manley v. Ambase Corp.*, 337 F.3d 237, 247 (2nd Cir. 2003); *Gracia v. Lee*, 976 F.2d 1344, 1344 (10th Cir. 1992).[1])

Thus, for all the foregoing reasons, Plaintiffs' opposition to Warrick's Cross Motion is without merit.

---

[1] Plaintiffs' attempt to distinguish *Gracia v. Lee* is clearly inadequate. Plaintiffs claim that the court in *Gracia* "did not discuss the circumstances leading up to the preservation deposition." (Pls.' Opp'n at 2-3.) However, the court in *Gracia* did explain the circumstances: the deposition was "taken for reasons of ill health." 976 F.2d 1344, 1344 (10th Cir. 1992). Similarly unpersuasive is Plaintiffs' attempt to distinguish *Texaco, Inc. v. Borda* as "a case that was stayed and had no trial date." (Pls.' Opp'n at 2.) There is no trial date for Warrick here, either, and this MDL case involves numerous actions, some of which have discovery stayed. 383 F.2d 607, 609-10 (3rd Cir. 1967) (also rejecting argument that motion could be renewed once the witness became "ill" or "infirm," as "such illness or infirmity might well be of such proportion as to make impossible the taking of his deposition.").

3

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  August 3, 2006

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 3, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                   /s/ Eric P. Christofferson
                                                   Eric P. Christofferson