**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | (Original Central District of California |
| _____) | No. 03-CV-2238) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) | |
| Abbott Laboratories, Inc., *et al.* ) | |
| CASE #: 1:03-cv-11226-PBS ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION
IN RESPONSE TO THE COURT'S REQUEST FOR CLAIMS EXAMPLES**

At the eleventh hour, Plaintiffs attempt to bolster their opposition to Defendants' motion to dismiss with their Motion For Leave To File Supplemental Submission In Response To The Court's Request For Claims Examples ("Supplemental Submission"), filed on July 26, 2006. In their Supplemental Submission, Plaintiffs purport to submit examples of claims for each drug that allegedly was fraudulently billed to California's Medicaid program, Medi-Cal. Plaintiffs' motion for leave to file their Supplemental Submission should be denied for any of three reasons:

- It is not timely because it was filed over two months after this Court heard oral arguments on Defendants' motion to dismiss;

- It is incomplete and misleading because it includes only select information from providers' claims for a subset of the NDCs named in Plaintiffs' complaint; and

- It fails to remedy any defects in Plaintiffs' complaint because it fails to show the existence of any false claims.

*First*, Plaintiffs' Supplemental Submission is not timely. This Court heard oral arguments on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint-In-Intervention ("FAC") on May 22, 2006 – over two months ago. Contrary to Plaintiffs'

statements in their Supplemental Submission, this Court did not "request" that Plaintiffs submit claims examples. Indeed, this Court specifically stated that it had not yet made that decision. (*See* Pls.' Ex. A at 49:17-18.) Instead of being requested by the Court, Plaintiffs' actions appear to be a blatant attempt to remedy defects in the FAC after briefing and oral argument on Defendants' motion to dismiss has been completed, by submitting extrinsic evidence to the Court that is neither part of Plaintiffs' FAC or part of the public record. This case was originally filed in 1998 and Plaintiffs have had ample time since then to amend their complaint to attach provider claims. Plaintiffs, however, chose not to do so. It is completely inappropriate for Plaintiffs to present this information to the Court, in this fashion, now.

*Second*, Plaintiffs' tardy Supplemental Submission is incomplete and misleading. Plaintiffs have hand-picked certain information from providers' electronic claims to include in their Exhibit B. Indeed, Plaintiffs include only 4 of the approximately 30 fields of information in the electronic claim that is submitted to Medi-Cal by providers – the NDC for the drug billed, the provider's identity, the number of units billed, and the provider's billed amount. (*Compare* Pls.' Ex. B *with* Pls.' Ex. D at 2-11.) The remaining columns in Exhibit B, including the amount paid by Medi-Cal, was provided by Plaintiffs or Medi-Cal, and is not part of the claim submitted by providers. Contrary to Plaintiffs' suggestion (*see* Supplemental Submission at 2, fn.1), many of the missing claim fields have information that could be relevant to this case and is not HIPAA protected, such as the Medi-Cal recipient's "Share of Cost," which represents the co-payment collected by the provider. (*See* Pls.' Ex. D at 6.) Moreover, Plaintiffs did not provide an example claim for each NDC named in the FAC. Rather, Plaintiffs provided an example for each Defendant's drugs, which may have several different NDCs. There is no reason why

2

Plaintiffs could not provide an example of a complete claim for each of the NDCs named in the FAC.

*Finally*, Plaintiffs' tardy and incomplete Supplemental Submission is futile, because it does not remedy any defects in the FAC.  To the contrary, the limited claims information that Plaintiffs did provide bolsters Defendants' position that Plaintiffs' FAC fails to allege the submission of a false claim – a defect that is fatal to Plaintiffs' False Claims Act case.  While Plaintiffs' Supplemental Submission attempts to conflate the claims submission process with Medi-Cal's choice about the amount of reimbursement to pay providers, the Exhibits attached to the Supplemental Submission clearly show that Plaintiffs have failed to allege that anything in the claims submitted by providers to Medi-Cal was false.  Plaintiffs' Supplemental Submission confirms that providers' claims - the allegedly "false claims" at issue in this case - do not contain any information relating to AWP or Direct Price.  Indeed, the only drug pricing information contained in a claim is the provider's billed "usual and customary charge" (*see* Pls.' Ex. D at 6 (explaining what the providers are to enter in the "Charge" field)) – an amount that Plaintiffs have never alleged was false or inflated.  As explained in Defendants' motion to dismiss and supporting briefs, Plaintiffs' failure to demonstrate the existence of any false claim warrants dismissal of the FAC.

Accordingly, the Defendants listed below request that the Court deny Plaintiffs' motion for leave to file their Supplemental Submission.

Dated:  August 4, 2006

SUBMITTED ON BEHALF OF ALL LISTED DEFENDANTS BY:

 /s/ Brian J. Murray
James R. Daly
Brian J. Murray
Tara A. Fumerton
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-8376
Facsimile:  (212) 755-7306

**Abbott Laboratories Inc.**
**Armour Pharmaceutical Co.**
**Aventis Pharmaceuticals Inc.**
**B. Braun Medical Inc.**
**Baxter Healthcare Corp.**
**Ben Venue Laboratories, Inc.**
**Boehringer Ingelheim Corp.**
**Boehringer Ingelheim Pharmaceuticals, Inc.**
**Bristol-Myers Squibb Company**
**Dey, Inc.**
**Dey, L.P.**
**Immunex Corp.**
**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**Roxane Laboratories, Inc.**
**Sandoz Inc.**
**Schering-Plough Corp.**
**Warrick Pharmaceuticals Corp.**
**ZLB Behring LLC (f/k/a Aventis Behring LLC)**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 4, 2006, a copy to Lexis-Nexis for posting and notification to all parties.

      /s/ Tara A. Fumerton
      Tara A. Fumerton