UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs, Inc.*, et al., Case No. CV02-00260 ("Nevada I")<br><br>*State of Montana v. Abbott Labs, Inc.*, et al., D. Mont. Cause No. CV-02-09-H-DWM | |

**SECOND DECLARATION OF MERLE M. DELANCEY IN SUPPORT OF BAXTER HEALTHCARE CORPORATION'S OPPOSITION TO MONTANA AND NEVADA'S JOINDER IN THE MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE**

I, Merle M. DeLancey, hereby declare under penalty of perjury under the laws of the United States of America that:

1. I am one of the attorneys for Defendant Baxter Healthcare Corporation and have personal knowledge of the matters set forth herein.

2. This Second Declaration supplements the Declaration I previously submitted in Support of Baxter Healthcare's Opposition to the MDL Plaintiffs' Motion for Sanctions and Default Judgment Against Baxter Healthcare.

3. The States of Montana and Nevada have now joined the Motion for Sanctions and Default Judgment filed by the MDL Plaintiffs against Baxter. Prior to filing their Joinder in this Motion, counsel for Montana and Nevada never conferred with counsel for Baxter, as required by Local Civil Rule 7.1(a)(2).

4. After discovery requests were served by the State of Montana in *State of Montana v. Abbott Labs., Inc.*, et al., 02-CV-12084-PBS, and the State of Nevada in *State of Nevada v. American Home Products Corp.*, et al., 02-CV-12086-PBS ("Nevada II"), the Defendants objected to the requests as premature in an August 14, 2003 letter to counsel for Montana and Nevada, Steve W. Berman. *See* August 14, 2003 Letter, attached hereto as Exhibit A.

5. Baxter is a Defendant in only the "Nevada I" case – *State of Nevada v. Abbott Labs., Inc.*, et al., 02-CV-00260-ECR – not the Nevada II case. The State of Nevada did not serve discovery requests in the Nevada I case until November 13, 2003. After those discovery requests were served, the Defendants asserted that these requests were premature because Nevada procedure allows discovery only after the filing of an early case conference report, which had not yet occurred.[1] *See* December 12, 2003 Letter, attached hereto as Exhibit B.

6. The Document Requests served by Montana and Nevada on Baxter and the other Defendants included 94 requests, most with multiple parts, and many of which were exceedingly broad and sought huge amounts of information and documents. The Montana Requests and the Nevada I Requests are attached hereto as Exhibits C and D.

7. The discovery requests served by Montana and Nevada were followed by the Omnibus Requests for Production of Documents by the MDL class action Plaintiffs, which were served on Baxter and the other Defendants on March 31, 2004.

8. In addition to working with Hagens Berman, the law firm representing the MDL Plaintiffs, in an effort to narrow and limit the Plaintiffs' discovery requests in the MDL, my firm communicated with Hagens Berman in an effort to limit the scope of discovery and drugs at issue in the cases brought by Montana and Nevada.

---

[1] Although Montana and Nevada subsequently filed a Motion to Compel responses to the Montana and Nevada II requests from the named Defendants (which was denied by this Court on September 23, 2003), no motion to compel was ever filed against Baxter in connection with the Nevada I requests.

9. It was not until early 2006 that we finally reached an agreement with counsel for Montana and Nevada that the same drugs removed from the MDL litigation would also be removed from the Montana and Nevada cases for purposes of both discovery and trial.

10. After producing to Hagens Berman millions of lines of Baxter sales transaction data relevant to both the MDL class action and the Montana and Nevada cases, Baxter then turned its focus to gathering information responsive to the remainder of Plaintiffs' Omnibus Requests, as well as all the additional information and documents relevant to the MDL cases brought by various States, including Montana and Nevada.

11. On March 1, 2006, Montana and Nevada each served a new set of Interrogatories, Requests for the Production of Documents, and Requests for Admission on all Defendants, including Baxter. Copies of these requests are attached hereto as Exhibits E and F.

12. These new discovery requests nowhere mention the prior Requests for Production served by Plaintiffs. Nor did Montana and Nevada (or their counsel) say anything at this time or thereafter about the fact that Baxter had not yet produced documents in response to the initial Requests for Production.

13. The broadest of the new document requests served by Montana and Nevada asked for a virtually unlimited number of documents regarding each of the relevant drugs sold by Baxter during the entire time period 1991 through the present.

14. Baxter answered Montana and Nevada's discovery requests on April 3, 2006. In its responses to each of the Requests for Production, Baxter stated that non-privileged documents responsive to the Requests "will be provided to Plaintiff at a mutually agreeable time, place, and location." Copies of Baxter Healthcare's responses and objections to the requests are attached hereto as Exhibits G and H.

15. At no point did Montana, Nevada, or Hagens Berman object to Baxter Healthcare's responses, contact my firm to inquire as to the "time, place, and location" at which the documents would be produced, or raise any questions at all as to when Baxter would be producing its responsive documents. In addition, neither Montana nor Nevada have ever sought to depose any Baxter witnesses in these cases brought by the States.

16. Ultimately, as demonstrated by the charts below, Baxter reviewed nearly five times more documents than it ultimately produced to the MDL Plaintiffs, Montana, and Nevada:

BAXTER REVIEW

| System/type of document | # of documents reviewed by Baxter |
| --- | --- |
| Concordance[2] | 169,502 |
| EED[3] – electronic | 3,337,842 |
| – scanned set | 1,569,128 |
| **TOTAL** | **5,076,472** |

PRODUCTION TO PLAINTIFFS

| System/type of document | # of documents produced to MDL Plaintiffs, Montana and Nevada |
| --- | --- |
| Concordance (CDs) | 101,211 |
| EED (hard drive) | 492,452 |
| Lextranet (repository)[4] | 571,410 |
| **TOTAL** | **1,165,073** |

---

[2] Concordance is one of the electronic discovery tools used by Baxter contract attorneys to review potentially responsive documents.

[3] EED is another electronic discovery tool used by Baxter contract attorneys to review potentially responsive documents. The "electronic" refers to emails and other electronic data received from Baxter; "scanned sets" are hard copy documents that were scanned into the EED tool for review. *Id.* Most of these scanned sets came from archives.

[4] In this on-line repository, counsel for the MDL Plaintiffs, Montana, and Nevada can review electronic documents in their native format, run full text searches, search by custodian, and mark documents for Bates stamping and delivery in TIFF format.

DSMDB-2123039v01

17. Stated differently, Baxter produced to the MDL Plaintiffs, Montana, and Nevada combined only 23% of the potentially responsive documents that Baxter reviewed.

18. Baxter made a total of 29 productions to the MDL Plaintiffs, totaling nearly one million documents, and a total of 6 additional productions to Montana and Nevada alone, producing another 200,000 documents. As of the date of this brief, Baxter has produced the vast majority of its responsive documents to the MDL Plaintiffs, as well as to Montana and Nevada.

19. While it may be the case that a large volume of Baxter's production came near the close of discovery, this is because the production process was mammoth and took longer than anyone anticipated.

20. The motions filed in these cases include a motion to hold Montana and Nevada in contempt for failure to preserve documents, as well as three motions to compel Montana and/or Nevada to comply with their discovery obligations. In granting the latter of these motions to compel, Magistrate Judge Bowler ordered Montana and Nevada to produce the electronic documents responsive to Defendants' discovery requests "as soon as possible." Despite this Order, it has taken months for Montana and Nevada to produce the electronic documents in their possession. In fact, Montana and Nevada recently had to file a motion to extend the schedule in these cases due, in part, to their delays in producing their electronic documents to Defendants.

21. Although Montana and Nevada were aware, as 2006 began, that a significant quantity of responsive documents remained to be produced by Baxter, they never contacted Baxter to obtain a date certain for the production of Baxter's documents. Nor did Montana and Nevada move to compel an earlier production date. To the contrary, the States specifically consented to, or did not oppose, a number of filings by Baxter with this Court seeking extensions

of time for its production of documents in the MDL case, and in the Montana and Nevada actions.[5]

22. As June 2006 approached, Montana and Nevada remained aware that Baxter still had a significant number of responsive documents left to produce. Yet Montana and Nevada did not seek relief from this Court or even inquire from Baxter's counsel as to when exactly production would be occurring because, contrary to their current representations, they were well aware that Baxter would not be producing the vast majority of its documents until at or near June 1, 2006.

23. Prior to filing their Joinder in the Motion for Sanctions and Default Judgment against Baxter Healthcare, counsel for Montana and Nevada never conferred with counsel for Baxter, as required by Local Civil Rule 7.1(a)(2).


Dated: August 4, 2006                                    /s/ Merle M. DeLancey
                                                         Merle M. DeLancey

---

[5] See, e.g., Plaintiffs' and Defendant Baxter's Joint Agreed Motion for Extension to Track II Discovery Schedule with Respect to Baxter (Nov. 22, 2005); Defendants Baxter Healthcare Corporation And Baxter International Inc.'s Memorandum Regarding Track Two Discovery Schedule (Dec. 9, 2005); Defendants Baxter International Inc. and Baxter Healthcare Corporation's Motion for Reconsideration of Order Denying Joint Motion to Amend CMO 15 (Feb. 1, 2006); Defendants Baxter International Inc.'s and Baxter Healthcare Corporation's Response to The Court's Questions of February 7, 2006, and Further Motion for Extension of Track II Discovery Schedule and to Amend CMO No. 23 Only with Respect to Baxter (March 2, 2006).

## CERTIFICATE OF SERVICE BY LEXIS NEXIS FILE AND SERVE

Docket No. MDL 1456

I, Shamir Patel, hereby certify that I am one of the attorneys for Defendant Baxter Healthcare Corporation and that, on August 4, 2006, I caused copies of the SECOND DECLARATION OF MERLE M. DELANCEY IN SUPPORT OF BAXTER HEALTHCARE CORPORATION'S OPPOSITION TO MONTANA AND NEVADA'S JOINDER IN THE MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File and Serve.

                                                                                       /s/ **Shamir Patel**
                                                                                       Shamir Patel

DSMDB-2123039v01