# EXHIBIT A



# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

17-22, AKASAKA 2-CHOME
MINATO-KU, TOKYO 107-005

3A CHATER ROAD
HONG KONG

D. SCOTT WISE
212 450 4464
wise@dpw.com

August 14, 2003

Re:  State of Montana v. Abbott Labs. et al.; State of Nevada v. American Home Products et al.

Steve W. Berman, Esq.
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Dear Steve:

    I am writing in response to your letter dated August 11, 2003, regarding discovery in connection with the Montana and Nevada II actions. Defendants believe that it is premature for plaintiffs in these actions to be propounding discovery requests at this time. None of the prerequisites to discovery under the Federal Rules of Civil Procedure has been satisfied with respect to either action, and some defendants have not even been served. Moreover, these complaints are deficient for many of the same reasons as the MCC and the AMCC, and are subject to additional compelling defenses. Accordingly, discovery specific to these actions should not take place prior to a decision on defendants' motions to dismiss.

    This approach is completely consistent with Judge Saris's management of the same issues at the outset of the private class action cases. Although we can discuss making available to the states discovery that takes place pursuant to CMO7, defendants do not believe the Court contemplates that unrestricted discovery will proceed in these cases prior to the determination of defendants' motions to dismiss.

    We note also that CMO7 applies by its terms to "all actions" in the MDL, and we believe it is intended by Judge Saris to mean what it says. Otherwise, the limitations Judge Saris has carefully established in CMO7 would be effectively meaningless, as demonstrated by the scope of the document requests you have served in the Montana and Nevada II actions.



Steve W. Berman 2 August 14, 2003

      Defendants believe that this and other case management issues relevant to the government entity cases can be addressed at the status conference set for September 18, 2003.

Very truly yours,

D. Scott Wise

cc:    All counsel of Record via Verilaw

<u>By Facsimile</u>