# EXHIBIT C



# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs., Inc., et al.*,<br>D. Mont. Cause No. CV-02-09-H-DWM | |

### STATE OF MONTANA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that you produce the documents requested herein within thirty (30) days.

### I.   DEFINITIONS

1. "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers,



accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.  "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.  The term "Defendant" refers to any of the Defendants named in the Second Amended Complaint dated August 1, 2003 (the "Amended Complaint"), its officers, directors, affiliates, employees, representatives and agents (whether actual, apparent or otherwise).

4.  "You" or "Your" means the Defendant responding to these Requests and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

5.  "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

1534.15 0001 DSC.DOC



6.  "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.  "Meeting" means any discussion between two or more persons either in person or telephonically.

8.  "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.  "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

10. "Identified Drug" means any of the drugs identified in the Second Amended Complaint, including but not limited to those included in Appendix A to the Second Amended Complaint.

11. "Covered Drugs" means pharmaceuticals that are reimbursed under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et. seq.*

12. "PBM" refers to a Pharmacy Benefit Manager.

13. "Medicare," "Medicare Program" or "Medicare Part B" means the government reimbursement system for prescription pharmaceuticals under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et. seq.*

14. "Government Investigation" refers to any ongoing or closed investigation conducted by the United States Congress (including but not limited to the Consumer, Energy and/or Ways and Means Committees), the United States Department of Justice, the United States General Accounting Office, the Federal Trade Commission, the Office of the United States Inspector General, the United States Department of Health and Human Services, or any other



federal, state or local governmental entity without regard to time period, and includes but is not limited to instances in which you have been served by such entities with Civil Investigative Demands, subpoenas, document requests or other requests.

15. "Spread" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

16. "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

17. "Best Price" has the meaning provided in 42 U.S.C. § 1396r-8(c)(1)(C).

18. "AMP" means average manufacturer price, which, in turn, means "the average price paid to the manufacturer for the drug in the United States by wholesalers for drugs distributed to the retail pharmacy class of trade, after deducting customary prompt payment discounts." 42 U.S.C. § 1396r-8(k)(1).

19. "CMS" means the Center for Medicare and Medicare Services, a division of the United States Department of Health and Human Services, and also means CMS's predecessor, the Health Care Financing Administration, and includes its fiscal intermediaries or carriers.

20. "Provider" means any type of pharmacy, physician's office, nursing home, home health care company, hospital or any other entity providing drugs to consumers or purchasing drugs for resale to consumers.

## II.     RULES OF CONSTRUCTION

1. All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

1534.15 0001 DSC.DOC



2. And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. The use of the singular form of any word shall include the plural and vice versa.

4. The masculine gender includes the feminine.

### III.   INSTRUCTIONS

1. A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof. If any otherwise responsive document was, but is no longer, in existence or in your possession, custody or control, or has been lost, discarded or destroyed, said document shall be identified as completely as possible including, but not limited to, the following information:

   (a) the date of disposal or disposition from your possession, custody or control;

   (b) the manner of disposal or disposition from your possession, custody or control;

   (c) the reason for disposal or disposition from your possession, custody or control;

   (d) the person authorizing disposal or disposition from your possession, custody or control;

   (e) the document's current or last known custodian;

   (f) the circumstances surrounding the document's disposition from your possession, custody or control;

   (g) the generic category of the document, *e.g.*, memo, letter, computer print-out, etc.;

   (h) the type(s) of information contained in the document; and

   (i) the identity of all persons having knowledge or who had knowledge of the contents of the document.

1534.15 0001 DSC.DOC



E-SERVED
08/07/03
04:49 PM ET
AWP-MDL No. 1456

2. Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated or received, or those which otherwise came into existence at any time during the Relevant Time Period described herein.

3. (a) Where an objection is made to any document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(b) Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

(i) the attorney asserting the privilege shall in the objection to the document demand, or sub-part thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; and, (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(B) for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; and, (3) the general subject matter of the communication.

4. Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectional subject matter which is relevant and



material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested information is furnished.

5. This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available at an earlier time shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6. Each document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Redactions should be included on the privilege log described in Instruction 3.

7. The fact that a document is produced by one Defendant does not relieve any other Defendant of the obligation to produce his or its copy of the same document, even if the two documents are identical in all respects.

8. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

10. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11. Documents attached to each other should not be separated.

12. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this

1534.15 0001 DSC.DOC



discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV.   RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## V.   REQUESTS FOR PRODUCTION

*Category 1: Investigations, Suits and Complaints*

1.   All documents produced by you, whether voluntarily or involuntary, in any Government Investigation or inquiry related to the use of AWP in Medicare or Medicaid reimbursement and the reporting of Best Price.

2.   All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party, regarding any allegation that you overstated, misstated, or otherwise manipulated the AWP for any Identified Drug for the Relevant Time Period.

3.   All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegation that you overstated, misstated or otherwise manipulated the AWP for any Identified Drug during the Relevant Time Period.

4.   All documents you provided to Ven-A-Care of the Florida Keys, Inc. or its counsel in response to any Civil Investigative Demands, subpoenas, or document requests regarding any drug pricing issues.

5.   All documents referencing or discussing Ven-A-Care of the Florida Keys, Inc.

6.   All documents that identify any claims made, or litigation brought, against you regarding the issue of drug pricing.

1534.15 0001 DSC.DOC



7.   All documents that you received from Montana purchasers regarding the AWP, the Spread on your drugs, or the Medicaid or Medicare reimbursement for your drugs.

8.   All documents referencing or discussing the National Association of Medicaid Fraud Control Units ("NAMFCU") and all communications with NAMFCU.

*Category 2: AWPs*

9.   All documents discussing how your company or any other company defines AWP.

10.  All documents discussing how AWP has been, or is currently, calculated by you.

11.  All documents relating to any actual, proposed, or prospective AWP announcements, changes, or lists issued by you for each Identified Drug, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each Identified Drug during the Relevant Time Period.

12.  All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each Identified Drug with the AWP of any other pharmaceutical during the Relevant Time Period.

13.  All documents relating to your role in the publication, appearance, or advertisement of the AWP of each Identified Drug in Publications during the Relevant Time Period.

14.  All contracts with Publications and all communications with Publications regarding the Identified Drugs.

15.  All documents, including organizational charts that describe or list the individuals responsible for determining the AWP for each Identified Drug during the Relevant Time Period.

16.  All documents that show the sales that you or any other entity made of each Identified Drug at or above the AWPs that you provided for these drugs at the time of such sales.

*Category 3: Spreads and Incentives*

17.  Any computer programs, Powerpoints, DVDs, CDs, printouts, or other documents provided to Providers that discuss using the Spread or the benefits of the Spread.

9



18. Any documents discussing the amount of profit a Provider could achieve due to the Spread on an Identified Drug.

19. Any sales and marketing materials comparing the costs and Spread of an Identified Drug that you manufactured with those of a competitive drug.

20. All training or instructional materials and manuals that you provided to your drug sales representatives referencing or discussing AWP, the Spread, return on investment, return to practice, Medicaid or Medicare reimbursement or incentives, rebates or promotions to purchasers of your Identified Drugs.

21. All documents evidencing the names and addresses of employees with knowledge of:

    (a) the provision of free samples or goods; unrestricted educational grants; rebates, and credit memos to providers, PBMs, wholesalers, distributors, or purchasers of Identified Drugs;

    (b) the amount of profit a health care provider could achieve due to the Spread on an Identified Drug; and

    (c) marketing the Spread of any Identified Drug.

22. All documents concerning any instance in which you provided any of the following to purchasers of your Identified Drugs during the Relevant Time Period:

    (a) free drugs;

    (b) samples;

    (c) discounts;

    (d) price rebates;

    (e) educational grants (restricted or unrestricted);

    (f) marketing grants;

    (g) credit memos or credit extended to hospitals, GPOs or other Providers of Identified Drugs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods;"

1534.15 0001 DSC.DOC



(h)   chargebacks;

(i)   payment for specific data gathering (including but not limited to Phase IV Trials);

(j)   meals, trips or gifts; and

(k)   anything else of value.

23.   All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, for any Identified Drug was discussed.

24.   Full contact information for any parent, sibling or other relative of a hemophilia patient who has received monetary compensation of any kind from defendant.

*Category 4: Pricing-Related*

25.   All documents regarding your analysis of the effects of pricing on the sale of your Identified Drugs, including all documents referencing or discussing how government or private payer reimbursement rates affect marketing practices and strategies.

26.   For each Identified Drug (whether manufactured by you or a competitor), documents sufficient to identify during the Relevant Time Period:

(a)   The published AWP;

(b)   AMP;

(c)   WAC (wholesale acquisition cost)

(d)   ASPs (Actual sales price, *i.e.*, the price after discounts);

(e)   EAC (estimated acquisition cost);

(f)   Earned margin (difference between AWP and actual product cost);

(g)   All documents that relate to discussions of Spreads or reimbursement profiles, using AWP as an incentive; and

(h)   Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, discounts, allowances, credits and any other incentives provided to third parties.



E-SERVED 08/07/03 04:49 PM ET AMP-MDL No. 1456

27.    Documents for the Relevant Time Period evidencing the price any Identified Drug sold to:

    (a)    the VA;

    (b)    your top ten purchasers/retailers of each Identified Drug (*e.g.*, Walgreens, RiteAid, cancer clinics, etc.); and

    (c)    the highest price paid for that Identified Drug.

28.    All data maintained in electronic form relating to the pricing, cost data and sales data, including the AWP, of each Identified Drug in the United States for the Relevant Time Period. Produce such data in electronic form. Produce all documents or instructions necessary to access, process, read and use the electronic data, including but not limited to coding manuals.

29.    All data maintained in electronic form relating to customer invoices for each Identified Drug, including, but not limited to, customer names and addresses, purchase volume, prices, and discounts for the Relevant Time Period. Produce such data in electronic form and include all documents and/or instructions necessary to access, process, read and use the electronic data, including but not limited to coding manuals.

30.    All documents sufficient to identify your distribution policies and procedures in the U.S. pharmaceuticals market for every Identified Drug during the Relevant Time Period.

31.    All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by you for each Identified Drug, including the methodology and procedures used by you in considering whether to increase or decrease prices during the Relevant Time Period.

32.    All contracts with PBMs and all communications with PBMs regarding the Identified Drugs.

33.    All market share studies that you have conducted or someone else has conducted for your, or of which you are aware, regarding the Identified Drugs.

34.    All documents that show your Montana and national market share of your Identified Drugs and the market share of your competitor's drugs.

1534.15 0001 DSC.DOC


35. All documents that show the revenues that you made on the sale of each Identified Drug to Montana purchasers in each year during the Relevant Time Period.

36. All documents that show the profits that you made on the sale of each Identified Drug to Montana purchasers in each year during the Relevant Time Period.

37. All documents that you provided to the Montana Medicaid Program or Medicare regarding your prices for the Identified Drugs.

*Category 5: Sales Personnel And Award Winners*

38. Complete contact information for all personnel with sales responsibility for Identified Drugs. Include Sales Representatives, District Managers, Regional Managers, Trade Relations Managers, and National Sales Managers, and include home address and telephone number.

39. Complete contact information for all personnel with marketing and promotional activity for Identified Drugs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number.

40. A list of all national level sales awards available for each Identified Drug.

41. Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors.

*Category 6: General Distribution and Marketing Practices*

42. All documents relating to any actual, proposed, or prospective pricing methods, practices, policies or strategies for each Identified Drug during the Relevant Time Period.

43. All documents relating to any actual, proposed, or prospective marketing methods, practices, policies, or strategies for each Identified Drug during the Relevant Time Period.

44. All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek reimbursement or consumer co-payment for free goods of each Identified Drug or brand name drug you provided to them during the Relevant Time Period.

1534.15 0001 DSC.DOC



*Category 7: Communications with Competitors and Trade Associations*

45. All communications with and documents related to lobbyists, industry trade groups (including but not limited to the Pharmaceutical Research and Manufacturers of America, the National Pharmaceutical Council, and the Generic Pharmaceutical Industry Association), public relations firms, consultants and accountants regarding drug pricing issues, AWP, and Government Investigations.

46. All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

    (a) any actual, proposed or prospective price announcements, price changes, or price lists for any Identified Drug or brand name drug;

    (b) any actual, proposed, or prospective pricing methods, practices, policies or strategies for any Identified Drug or brand name drug;

    (c) any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any Identified Drug or brand name drug;

    (d) territories or markets for sales or potential sales for any Identified Drug or brand name drug;

    (e) Medicare Part B, Medicaid and their policies of reimbursement for any Identified Drug;

    (f) the AWP of any Identified Drug;

    (g) pharmaceutical industry publications; and

    (h) market conditions or market shares.

47. All documents relating to any understanding or agreement between you and any other pharmaceutical company regarding the AWP, prices, pricing discounts, rebates, bids, incentives, penalties, or volumes for any Identified Drug during the Relevant Time Period.

48. All contracts or other documents evidencing arrangements that you have with other manufacturers regarding the marketing and sale of your Identified Drugs.

*Category 8: Best Price*

1534.15 0001 DSC.DOC



49. For each calendar quarter during the Relevant Time Period, documents (a) showing the Best Price reported to CMS for each Identified Drug, and (b) demonstrating how the Best Price was calculated.

50. For each calendar quarter during the Relevant Time Period, documents showing the Average Manufacturer Price reported to CMS for each Identified Drug, and (b) demonstrating how the Average Manufacturer Price was calculated.

51. All documents identifying each entity that received the Best Price for each Identified Drug and the price amount for each calendar quarter during the Relevant Time Period.

*Category 9: Miscellaneous*

52. All communications with the Montana Medicaid Program.

53. Any documents relating to the repackaging or relabeling of any Identified Drugs including but not limited to:

    (a) documents indentifying repackagers to whom you sell drugs, including actual repackagers and HMOs;

    (b) documents indicating that any Identified Drug with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and

    (c) For any repackaged Identified Drug, documents evidencing the AWP of the original Identified Drug and of the repackaged Identified Drug.

54. All documents to, from or prepared by Dr. E.M. (Mick) Kolassa.

55. Your organization charts for each year during the Relevant Time Period.

56. All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation for each year during the Relevant Time Period.

15

1534.15 0001 DSC.DOC



DATED: August 7, 2003.

By _____
Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON, TOOLE &
DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT 59601-6263
(406) 449-4165

Mike McGrath
ATTORNEY GENERAL OF MONTANA
Kathy Seeley
ASSISTANT ATTORNEY GENERAL
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

1534.15 0001 DSC.DOC