# EXHIBIT F



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br><br>*State of Nevada v. Abbott Labs., Inc. et al.,*<br>    Case No. CV-02-00260 (Nevada I), and<br><br>*State of Nevada v. American Home Products, et al.,*<br>    CA NO. 02-CV-12086-PBS (Nevada II) | |

### THE STATE OF NEVADA'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to the Federal Rules of Civil Procedure, the State of Nevada ("State") requests that Defendants respond to the following Interrogatories, Requests for Production and Requests for Admission (collectively "Requests").

### DEFINITIONS AND GENERAL INSTRUCTIONS

These Requests incorporate the Definitions and General Instructions set forth in Defendants' First Set of Interrogatories and Requests for Production to the State of Nevada as if incorporated fully herein with the following exception:

"You" or "Your" means the Defendant responding to these Requests and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

## INTERROGATORIES

INTERROGATORY NO. 1

For each sale of a Subject Drug made by You to any wholesaler, retailer, pharmacy, provider, PBM or other entity for use by a Nevada resident during the Relevant Time Period, identify the following information:

(a) date of sale;

(b) the quantity of the Subject Drug sold;

(c) to whom the Subject Drug was sold;

(d) whether the entity the Subject Drug was sold to was an individual, a state agency, a distributor, a wholesaler, a PBM, a hospital, a private payor or other entity;

(e) the AWP(s) for the Subject Drug;

(f) the ASP (or equivalent) for the Subject Drug;

(g) the location where the Subject Drug was sold;

(h) the AWP reported for the drug to each Publisher; and

(i) the price the purchaser paid for the Subject Drug.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1

All documents referred to or used in responding to the above interrogatories.

RESPONSE:

001534-13 98101 V1

REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show all sales of Subject Drugs made by You in the State of Nevada during the Relevant Time Period, including the following information for each sale:

(a) date of sale;

(b) the quantity of the Subject Drug sold;

(c) to whom the Subject Drug was sold,

(d) whether the entity the Subject Drug was sold to was an individual, a state agency, a distributor, a wholesaler, a PBM, a hospital, a private payor or other entity;

(e) the AWP(s) for the Subject Drug;

(f) the ASP (or equivalent) for the Subject Drug;

(g) the location where the Subject Drug was sold;

(h) the AWP reported for the drug to each Publisher; and

(i) the price the purchaser paid for the Subject Drug.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3

If You deny Request For Admission No. 1, produce all reports on which You base your denial.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4

If You deny Request For Admission No. 2, produce documents reflecting all instances where You made such a disclosure.

RESPONSE:

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1

Admit that no published report has ever disclosed that the spread between AWP and ASP (or its equivalent) for a physician-administred drug made by Defendants can exceed 30%. If You deny such, identify the disclosure, the date and the drugs involved.

REQUEST FOR ADMISSION NO. 2

Admit that Medicare beneficiaries were not told by You that spreads could exceed 30%. If You deny the same, state the basis for your denial.

REQUEST FOR ADMISSION NO. 3

Admit that in 2001 and 2002, First Data Bank bumped the spread between WAC and AWP without consulting You. Further admit that You made no effort to disclose this bump to consumers and/or the State. If You deny the same, state the basis for your denial.

Dated: March 1, 2006

By____/s/ Steve W. Berman_____
Steve W. Berman
Sean R. Matt
Jeniphr A. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

George J. Chanos
Attorney General of the State of Nevada
L. Timothy Terry
Deputy Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **THE STATE OF NEVADA'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANTS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 1, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

001534-13 98101 V1