# EXHIBIT H

CLARK V. VELLIS, ESQ.
State Bar No. 5533
Jones Vargas
100 Liberty Street, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
(775) 788-2225 (telephone)
(775) 786-1177 (facsimile)

*Attorneys For Defendant*
*Baxter Healthcare Corporation*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| STATE OF NEVADA, | ) |
| | ) Case No. CV 02-00260 |
| Plaintiff, | ) |
| | ) Dept. No. 8 |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES, INC., *et al.*, | ) |
| | ) |

### DEFENDANT BAXTER HEALTHCARE CORPORATION'S RESPONSES AND OBJECTIONS TO THE STATE OF NEVADA'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to the Nevada Rules of Civil Procedure, the rules and Orders of this Court, Case Management Orders 2 and 9 in the ongoing AWP multidistrict litigation pending in the United States District Court for the District of Massachusetts (MDL No. 1456), and the applicable Federal Rules of Civil Procedure, Defendant Baxter Healthcare Corporation ("Baxter Healthcare"), by its undersigned counsel, hereby objects and responds to the Plaintiff State of Nevada's Interrogatories, Requests for the Production of Documents, and Requests for Admission, served on March 1, 2006, as follows:

## PRELIMINARY STATEMENT

Preliminarily, Baxter Healthcare responds to these discovery requests by stating as follows:

1. By responding to these Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively, "Discovery Requests"), Baxter Healthcare does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents or information produced in response to these Discovery Requests; (b) the right on any ground to the use of documents or information produced in response to these Discovery Requests at any hearing, trial, or other point during the litigation; (c) the right to object on any ground at any time to a demand for further response to the Discovery Requests; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the responses to the Discovery Requests contained herein.

2. The information and documents supplied herein are for use in this litigation and for no other purpose.

3. By responding that it will produce documents or information responsive to a particular Interrogatory, Request for Production of Documents or Request for Admission, Baxter Healthcare does not assert that it has responsive documents or information or that such documents or information exist, only that it will conduct a reasonable search and produce responsive, non-objectionable, non-privileged documents or information. No objection made herein, or lack thereof, is an admission by Baxter Healthcare as to the existence or non-existence of any documents or information.

4. The responses made herein are based on Baxter Healthcare's investigation to date of those sources within its control where it reasonably believes responsive documents

or information may exist. Baxter Healthcare reserves the right to amend or supplement these responses in accordance with the applicable rules and Court orders.

5. Baxter Healthcare is searching diligently for responsive data but nonetheless has not yet completed its document collection and review process. Baxter Healthcare will continue to negotiate with Plaintiff in good faith to reach reasonable limits on the scope of production. Baxter Healthcare reserves the right to amend or supplement these objections and responses with additional information or documents that may become available or come to its attention, and to rely upon such information or documents in any hearing, trial, or other proceeding in this litigation consistent with said negotiations and in accordance with the applicable rules and Court orders.

6. The provision of information or documents in response to these Discovery Requests shall not be construed as a waiver of the confidentiality of any such information or documents. Baxter Healthcare's responses and objections to these Discovery Requests contain information subject to the Protective Order entered in this matter on December 13, 2002. Baxter Healthcare's responses and objections are hereby designated as "Highly Confidential" pursuant to that Protective Order, and should be treated accordingly. Baxter Healthcare is producing information and documents subject to the terms of both that Protective Order and/or to any other equivalent Protective Order that has or may be entered in this case.

## GENERAL OBJECTIONS

Baxter Healthcare expressly incorporates all of the General Objections set forth below into the specific objections to each of the Plaintiff's Discovery Requests. Any specific objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver of that or any

other objection.

1. Baxter Healthcare objects to the Discovery Requests on the ground that they are unduly burdensome, duplicative, and oppressive insofar as the Plaintiff seeks the same information and documents that Baxter Healthcare produced or is in the process of producing in the action entitled *In re Pharmaceutical Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-CV-12257-PBS (the "AWP MDL"), pending before Judge Saris of the United States District Court for the District of Massachusetts. The AWP MDL involves many of the same allegations and drugs as are at issue in the present case and, pursuant to Case Management Order No. 9, the information and documents produced in the AWP MDL are available to Plaintiff. Baxter Healthcare believes that the documents it has produced or is in the process of producing in the AWP MDL provide most, if not all, of the information and documents sought in the Discovery Requests in the present case.

2. Baxter Healthcare objects to Plaintiff's definition of "You" or "Your" in the Discovery Requests on the grounds that such definition is overbroad, vague, ambiguous, and infringes upon the attorney-client privilege and/or the work product doctrine.

3. Baxter Healthcare objects to the Discovery Requests to the extent that they seek documents or information outside the knowledge, possession, custody, or control of Baxter Healthcare or its agents or employees, or that are more appropriately sought from third parties to whom requests have been or may be directed.

4. Baxter Healthcare objects to the Discovery Requests to the extent that they seek documents or information that Baxter Healthcare licensed from third parties and cannot disclose without prior approval of the third-parties.

5. Baxter Healthcare objects to the Discovery Requests to the extent that they demand production of any document or information covered by the attorney-client

privilege, work product doctrine, joint defense/prosecution privilege, the consulting expert rule, the common interest doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. To the extent that any such protected documents are inadvertently produced in response to the Discovery Requests, the disclosure of such documents shall not constitute a waiver of Baxter Healthcare's right to assert the applicability of any privilege or immunity to the documents, and any such documents shall be returned to Baxter Healthcare's counsel immediately upon discovery thereof.

6. Baxter Healthcare objects to the Discovery Requests to the extent that they call for the production of documents or information that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence, are overly broad, unduly burdensome, vague, ambiguous, oppressive and/or duplicative. Baxter Healthcare will not make such documents or information available for inspection.

7. Baxter Healthcare objects to the Discovery Requests to the extent that they purport to require production of documents or seek information relating to a period of time outside of any applicable statute of limitations.

8. Baxter Healthcare objects to the Discovery Requests to the extent they seek documents or information relating to Baxter Healthcare's activities other than those which concern the State of Nevada, on the grounds that such documents and information are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Baxter Healthcare objects to the Discovery Requests to the extent that they may be construed as calling for the production of confidential information relating to a patient. Baxter Healthcare will not produce any such material to the extent it is under any

obligation to maintain the patient information in confidence. Baxter Healthcare will not disclose such material unless the patient grants permission to do so.

10. Baxter Healthcare objects to the Discovery Requests to the extent that they seek trade secrets, proprietary or commercially sensitive or other confidential information.

11. Baxter Healthcare objects to the Discovery Requests as overly broad, unduly burdensome, vexatious, oppressive, and duplicative to the extent they ask for information or documents already in the possession, custody, or control of the State of Nevada or its counsel, or that have already been provided or made available to the State of Nevada or its counsel.

12. Baxter Healthcare objects to the Discovery Requests to the extent that Plaintiff seeks information not contained in documents that currently exist at Baxter Healthcare and that would therefore require Baxter Healthcare to create, compile, or develop new documents.

13. Baxter Healthcare objects to the Discovery Requests to the extent that they call for the production of publicly available documents or information or documents or information that could be obtained from Plaintiff's own files or other sources.

14. Baxter Healthcare objects to each of the Plaintiff's Discovery Requests on the grounds that they are vague and confusing to the extent that they seek information or documents regarding "Subject Drugs" as defined in the Defendants' First Set of Interrogatories and Requests for the Production of Documents to the Plaintiff. In the discovery requests propounded by Defendants, "Subject Drugs" are defined as "drugs as to which Plaintiff seeks damages or discovery from Defendants." As the Plaintiff has still not identified each of the specific drugs for which it continues to seek damages or discovery from Defendants, Baxter Healthcare is unable to ascertain which specific drugs

6

Plaintiff's Discovery Requests seek information regarding. In responding to these Discovery Requests, Baxter Healthcare will construe the term "Subject Drugs" as limited to the drugs specifically listed in those sections of the Second Amended Complaint filed by Plaintiff that relate to Baxter Healthcare.

15. Baxter Healthcare objects to any implications and to any explicit or implicit characterization of the facts, events, circumstances, or issues in the Discovery Requests. Any response by Baxter Healthcare to such Discovery Requests is not intended to indicate that Baxter Healthcare agrees with any such implications or characterizations, or that such implications or characterizations are relevant to this litigation.

16. Baxter Healthcare objects to the Discovery Requests to the extent that they purport to impose obligations beyond or inconsistent with those imposed by applicable law. Baxter Healthcare will respond to the Discovery Requests, subject to other objections, as required by applicable law.

17. Baxter Healthcare hereby incorporates by reference as if fully set forth herein any objection or reservation of rights made by any co-Defendant in this action to the extent such objection or reservation of rights is not inconsistent with Baxter Healthcare's position in this litigation.

### SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Subject to the General Objections stated above, and without waiving and expressly preserving all such objections, which are hereby incorporated into the responses to each Interrogatory, Baxter Healthcare responds to Plaintiff's individually numbered Interrogatories as follows:

**Interrogatory No. 1:**

For each sale of a Subject Drug made by You to any wholesaler, retailer, pharmacy, provider, PBM or other entity for use by a Nevada resident during the Relevant Time Period, identify the following information:

  (a) date of sale;

  (b) the quantity of the Subject Drug sold;

  (c) to whom the Subject Drug was sold;

  (d) whether the entity the Subject Drug was sold to was an individual, a state agency, a distributor, a wholesaler, a PBM, a hospital, a private payor or other entity;

  (e) the AWP(s) for the Subject Drug;

  (f) the ASP (or equivalent) for the Subject Drug;

  (g) the location where the Subject Drug was sold;

  (h) the AWP reported for the drug to each Publisher; and

  (i) the price the purchaser paid for the Subject Drug.

**Objection:** In addition to the foregoing General Objections, Baxter Healthcare objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, and seeks certain information that is neither relevant to the matters in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Baxter Healthcare further objects on the grounds that this Interrogatory is unduly burdensome and duplicative to the extent it seeks information and/or documents that Baxter Healthcare has already produced in the AWP MDL or is in the process of producing, as such information and documents are available to Plaintiff pursuant to Case Management Order No. 9. Baxter Healthcare further objects on the grounds that this Interrogatory seeks information that is more properly sought from third parties, including Plaintiff itself and Plaintiff's administrative agents, employees, agents, officials, and attorneys. Baxter Healthcare

8

further objects on the grounds that this Interrogatory is redundant and duplicative to the extent that it seeks documents and information that Baxter Healthcare will provide in response to Plaintiff's Requests for the Production of Documents in this action. Baxter Healthcare further objects on the grounds that this Interrogatory is vague and ambiguous with respect to the terms "for use by," "quantity," "ASP," "retailer," "distributor," "state agency," "private payor," "purchaser," "Nevada resident," and "location."

**Response:** Subject to and without waiving any of the foregoing General and Specific Objections, Baxter Healthcare responds to Interrogatory No. 1 as follows: Non-privileged documents from which information requested in Interrogatory No. 1 can be ascertained will be provided to Plaintiff at a mutually agreeable time, place, and location.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Subject to the General Objections stated above, and without waiving and expressly preserving all such objections, which are hereby incorporated into the responses to each Request for Production, Baxter Healthcare responds to Plaintiff's individually numbered Requests for the Production of Documents as follows:

**Request for Production No. 1:**

All documents referred to or used in responding to the above interrogatories.

**Objection:** In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Production No. 1 on the grounds that it infringes on the attorney-client privilege and/or work product doctrine to the extent it seeks documents "referred to" or "used" by Baxter Healthcare's attorneys in preparing responses to the Plaintiff's interrogatories. Baxter Healthcare further objects to this Request for Production on the grounds that it is overly broad and unduly burdensome. Baxter Healthcare further objects on the grounds that this Request for Production is unduly burdensome and duplicative to

the extent it seeks documents that Baxter Healthcare has already produced in the AWP MDL or is in the process of producing, as such documents are available to Plaintiff pursuant to Case Management Order No. 9. Baxter Healthcare further objects to this Request for Production on the grounds that it is redundant and duplicative to the extent that it seeks documents and information that Baxter Healthcare will provide in response to Plaintiff's other Requests for the Production of Documents in this action. Baxter Healthcare further objects to this Request for Production on the grounds that it is vague and ambiguous with respect to the terms "referred to" and "used."

**Response:** Subject to and without waiving any of the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Production No. 1 as follows: Non-privileged documents responsive to Request for Production No. 1 will be provided to Plaintiff at a mutually agreeable time, place, and location.

**Request for Production No. 2:**

Documents sufficient to show all sales of Subject Drugs made by You for use by a Nevada resident during the Relevant Time Period, including the following information for each sale:

- (a) date of sale;
- (b) the quantity of the Subject Drug sold;
- (c) to whom the Subject Drug was sold;
- (d) whether the entity the Subject Drug was sold to was an individual, a state agency, a distributor, a wholesaler, a PBM, a hospital, a private payor or other entity;
- (e) the AWP(s) for the Subject Drug;
- (f) the ASP (or equivalent) for the Subject Drug;
- (g) the location where the Subject Drug was sold;
- (h) the AWP reported for the drug to each Publisher; and

(i)     the price the purchaser paid for the Subject Drug.

**Objection:**   In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Production No. 2 on the grounds that it is overly broad and unduly burdensome. Baxter Healthcare further objects to this Request for Production on the grounds that it is vague and ambiguous with respect to the terms "for use by," "quantity," "ASP," "retailer," "distributor," "state agency," "private payor," "purchaser," "Nevada resident," and "location." Baxter Healthcare further objects on the grounds that this Request for Production is unduly burdensome and duplicative to the extent it seeks documents that Baxter Healthcare has already produced in the AWP MDL or is in the process of producing, as such documents are available to Plaintiff pursuant to Case Management Order No. 9. Baxter Healthcare further objects on the grounds that this Request for Production seeks documents that are more properly sought from third parties, including Plaintiff itself and Plaintiff's administrative agents, employees, agents, officials, and attorneys. Baxter Healthcare further objects to this Request for Production on the grounds that it seeks certain documents that are neither relevant to the matters in dispute nor reasonably calculated to lead to the discovery of admissible evidence.

**Response:**   Subject to and without waiving the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Production No. 2 as follows: Non-privileged documents responsive to Request for Production No. 2 will be provided to Plaintiff at a mutually agreeable time, place, and location.

**Request for Production No. 3:**

If You deny Request for Admission No. 1, produce all reports on which You base your denial.

**Objection:**   In addition to the foregoing General Objections, Baxter Healthcare objects to this Request for Production on the ground that it seeks documents that are

publicly available and/or already in the possession of Plaintiff or its attorneys. Baxter Healthcare further objects to this Request for Production to the extent it seeks documents that are not in Baxter Healthcare's possession, custody or control. Baxter Healthcare further objects to Request for Production No. 3 on the grounds that it infringes on the attorney-client privilege and/or work product doctrine to the extent it seeks documents referred to by Baxter Healthcare's attorneys in preparing the response to Request for Admission No. 1. Baxter Healthcare further objects to this Request for Production on the grounds that it is overly broad and unduly burdensome. Baxter Healthcare further objects to this Request for Production on the grounds that it is redundant and duplicative to the extent that it seeks documents and information that Baxter Healthcare will provide in response to Plaintiff's other Requests for the Production of Documents in this action. Baxter Healthcare further objects to this Request for Production on the grounds that it is vague and ambiguous with respect to the terms "reports" and "based your denial."

**Response:** Subject to and without waiving the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Production No. 3 as follows: *See* Response to Request for Admission No. 1 below, which is incorporated herein by reference.

### Request for Production No. 4:

If You deny Request for Admission No. 2, produce documents reflecting all instances where You made such a disclosure.

**Objection:** In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Production No. 4 on the grounds that it is overly broad and unduly burdensome. Baxter Healthcare further objects to this Request for Production on the grounds that it is redundant and duplicative to the extent that it seeks documents and information that Baxter Healthcare will provide in response to Plaintiff's other Requests

for the Production of Documents in this action. Baxter Healthcare further objects to this Request for Production on the grounds that it is vague and ambiguous with respect to the terms "reflecting all instances" and "made such a disclosure."

**Response**: Subject to and without waiving the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Production No. 4 as follows: *See* Response to Request for Admission No. 2 below, which is incorporated herein by reference.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Subject to the General Objections stated above, and without waiving and expressly preserving all such objections, which are hereby incorporated into the responses to each Request for Admission, Baxter Healthcare responds to Plaintiff's individually numbered Requests for Admissions as follows:

### Request for Admission No. 1:

Admit that no published report has ever disclosed that the spread between AWP and ASP (or its equivalent) for a physician-administered drug made by Defendants can exceed 30%. If You deny such, identify the disclosure, the date and the drugs involved.

**Objection**: In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Admission No. 1 on the grounds that it is vague and ambiguous with respect to the terms "published report," "ASP," "or its equivalent," "disclosed," "spread," and "disclosure." Baxter Healthcare further objects to this Request for Admission on the grounds that it is overly broad and unduly burdensome. Baxter Healthcare further objects to this Request for Admission to the extent that it seeks admissions or information regarding drugs that are not at issue in this litigation, on the grounds that such admissions and information are neither relevant to the matters in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Baxter

13

Healthcare further objects to this Request for Admission to the extent that it asks Baxter Healthcare to make admissions regarding published reports that were drafted and/or issued by entities other than Baxter Healthcare and/or regarding published reports of which Baxter Healthcare has no knowledge.

**Response:** Subject to and without waiving any of the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Admission No. 1 as follows: Baxter Healthcare denies that "no published reports ever disclosed that the spread between AWP and ASP (or its equivalent) for a physician-administered drugs made by Defendants can exceed 30%." Examples of such published reports are found and/or discussed in the materials submitted to the Court in the AWP MDL in Support of Track 1 Defendants' Motion for Summary Judgment, filed on or about March 15, 2006. *See* Memorandum of Law in Support of Track 1 Defendants' Joint Motion for Summary Judgment, Local Rule 56.1 Statement of Undisputed Facts in Support of Track 1 Defendants' Motion for Summary Judgment, Declaration of Lucy Fowler dated March 15, 2006, Attachment B of the Report of Independent Expert Professor Ernst R. Berndt, submitted to the Court in the AWP MDL on February 9, 2005, and the individual Track 1 Defendants' memoranda in support of summary judgment, filed in the AWP MDL on or about March 15, 2006, all of which are incorporated herein by reference.

**Request for Admission No. 2:**

Admit that Medicare beneficiaries were not told by You that spreads could exceed 30%. If You deny the same, state the basis for your denial.

**Objection:** In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Admission No. 2 on the grounds that it is vague and ambiguous with respect to the terms "beneficiaries," "told," "spreads," and "exceed." Baxter Healthcare further objects to this Request for Admission to the extent that it seeks

14

admissions or information regarding drugs that are not at issue in this litigation, on the grounds that such admissions and information are neither relevant to the matters in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Baxter Healthcare further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the matters in dispute nor reasonably calculated to the lead to the discovery of admissible evidence.

**Response:**   Subject to and without waiving the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Admission No. 2 as follows: Baxter Healthcare admits that it is not currently aware of any instances on which it made representations to Medicare beneficiaries regarding the prices of its drugs, including, but not limited to, representations regarding "spreads." Baxter Healthcare further states that it never had any duty or obligation to disclose this information to Medicare beneficiaries.

**Request for Admission No. 3:**

Admit that in 2001 and 2002, First Data Bank bumped the spread between WAC and AWP without consulting You. Further admit that You made no effort to disclose this bump to consumers and/or the State. If You deny the same, state the basis for your denial.

**Objection:**   In addition to the foregoing General Objections, Baxter Healthcare objects to Request for Admission No. 3 on the grounds that it is vague and ambiguous with respect to the terms "bumped," "bump," "the State," "consulting," "effort," "disclose," "spread," "WAC," and "consumers." Baxter Healthcare further objects to this Request for Admission on the grounds that it asks Baxter Healthcare to make admissions regarding actions purportedly taken by a third party. Baxter Healthcare further objects to this Request for Admission to the extent that it seeks admissions or information regarding drugs that are not at issue in this litigation, on the grounds that such admissions and information are neither relevant to the matters in dispute nor reasonably calculated to lead

to the discovery of admissible evidence. Baxter Healthcare further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the matters in dispute nor reasonably calculated to the lead to the discovery of admissible evidence.

**Response:**   Subject to and without waiving the foregoing General and Specific Objections, Baxter Healthcare responds to Request for Admission No. 3 as follows: Baxter Healthcare can neither admit nor deny the matters set forth in Request for Admission No. 3 because it is unclear what Plaintiff means by the phrase "bumped the spread" in this Request for Admission. Baxter Healthcare further states that it is not currently aware of First Data Bank consulting it before instituting any changes in its methods of calculation and is also not aware of any instances on which Baxter Healthcare made any disclosures to consumers and/or the State of Nevada regarding First Data Bank "bumping" the spread between WAC and AWP, nor has Baxter Healthcare ever had any duty or obligation to make such disclosures.

Dated: April 3, 2006                    /s/ Clark V. Vellis
                                        CLARK V. VELLIS, ESQ.
                                        State Bar No. 5533
                                        Jones Vargas
                                        100 Liberty Street, 12th Floor
                                        P.O. Box 281
                                        Reno, NV  89504-0281
                                        (775) 788-2225 (telephone)
                                        (775) 786-1177 (facsimile)


                                        Merle M. DeLancey, Jr.
                                        J. Andrew Jackson
                                        DICKSTEIN SHAPIRO MORIN & OSHINSKY
                                        LLP
                                        2101 L St. NW
                                        Washington, DC 20037
                                        Telephone:  (202) 785-9700
                                        Facsimile:  (202) 887-0689

                                        *Counsel for Defendant*
                                        BAXTER HEALTHCARE CORPORATION

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Responses and Objections to Interrogatories, Requests for Production of Documents, and Request for Admissions was delivered to all counsel of record by electronic service, pursuant to Case Management Order No. 2 in MDL 1456, by sending a copy to LexisNexis File & Serve for posting and notification to all parties on April 3, 2006, and delivered to counsel for the Plaintiff by both posting on LexisNexis File & Serve and by first-class mail, postage prepaid.

/s/ Clark V. Vellis
Clark V. Vellis