UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| *State of Arizona v. Abbott Labs Inc., et al.*, 06-CV-11069-PBS | Judge Patti B. Saris |
| | Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO WARRICK'S RENEWED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB OR FOR RECONSIDERATION OF THE DECISION OF THE TRANSFEROR COURT**

[REDACTED VERSION]

Plaintiff State of Arizona *ex rel* Terry Goddard respectfully submits this memorandum objecting to Warrick Pharmaceuticals Corporation's motion to reconsider the United States District Court for the District of Arizona's (the "Transferor Court") order denying Warrick's motion to take the deposition of Harvey Weintraub. This case is due to be remanded back to the state court. Until the Court decides that motion to remand, orders of the Transferor Court should be respected. Moreover, good cause does not exist to reverse the Transferor Court's cogent decision.

A.  **There Is No Good Cause To Reconsider The Transferor Court's Cogent Decision Denying Leave To Take This Premature Deposition**

FED. R. CIV. P. 26(d) prohibits the parties from engaging in any discovery until the discovery planning conference has occurred pursuant to Rule 26(f). No such discovery conference has occurred here, and the Court has yet to issue a discovery schedule governing this Attorney General action that was recently transferred to this Court.

Warrick has already sought permission to depose Mr. Weintraub in this action. Based on the same record now presented to this Court, the Transferor Court resoundingly denied leave, explaining:

> Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This litigation is in its earliest stages and the parties have not yet conferred. Defendant argues that the deposition is necessary because Mr. Weintraub "is seventy-seven years old and in declining health." (Doc. 140) There is no evidence, however, that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation. The Court finds that Defendant has not shown "good cause . . . to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001).

-2-

*State of Arizona ex rel. Terry Goddard v. Abbott Labs., et al.*, No. 2:06-cv-45-PHX-ROS, Order at 2 (June 14, 2006) (attached as Exhibit 5 to the Cristofferson Declaration).

Warrick claims that there is a "clear need for expedited discovery" due to Mr. Weintraub's age and current medical condition. Warrick Br. at 5. But the record submitted by Warrick demonstrates otherwise. In ostensible support of Warrick's quest, it has submitted with other motions pending before this Court an Affidavit of Harvey J. Weintraub and a letter from his treating physician, Dr. Barry Zitomer. Neither document establishes that the witness will be unavailable in the future. Warrick has failed to provide the evidentiary materials ordinarily submitted to support its extraordinary request to accelerate Mr. Weintraub's deposition, including (i) the witness's medical records, (ii) a meaningful medical opinion that the witness will *not* be available in the future, and (iii) an offer to subject the witness and his physician to cross-examination on this issue.

***Indeed, neither the Weintraub Affidavit nor the Zitomer letter state or even suggest that Mr. Weintraub's health is rapidly deteriorating, and that it is consequently necessary for him to sit for a trial deposition in the near future.*** To the contrary, Dr. Zitomer advises that

[redacted]

This was the meager record upon which the Transferor Court appropriately denied Warrick's motion to depose Mr. Weintraub before discovery commenced. Although this Court

possesses the discretionary power to modify discovery orders of the Transferor Court, it should nonetheless "accord considerable deference to the judgment of the transferor court." *In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d 114, 120 (6th Cir. 1981). That deference, at least for the time being, should carry even more weight given the pendancy of Plaintiff's motion to remand.

Nothing has changed between today and the date of the Transferor Court's Order that would support reconsideration. Warrick presents no evidence that Mr. Weintraub's condition has deteriorated, let alone any other evidence demonstrating the need to take the deposition in this action before discovery commences. Accordingly, the Court should deny Warrick's instant motion or at least stay the consideration thereof until such time as the Court has considered Plaintiff's pending motion for remand.

**B.     Warrick Seeks An Inappropriate Advantage**

With all due sensitivity to Mr. Weintraub's condition, Plaintiff submits that Warrick is simply attempting to win extraordinary advantages: to cultivate a carefully prepared atmosphere in which its lead witness is to testify at Warrick's convenience, at its offices in New Jersey, and on a schedule of its choosing, outside the scrutiny of Judge and Jury, to smoke out the State's cross-examination, and to create the opportunity for a second chance for its witness to testify in case Warrick does not like the way the "preserved" testimony comes out. The record does not support such a lop-sided result in Warrick's favor on this unsupported motion.

**C.     Judge Saris Has Not Decided This Issue**

Warrick relies heavily upon Judge Saris's grant of a joint motion to take the Weintraub deposition in the California action (Warrick Br. at 7), but that was a stipulated motion. Judge Saris did not consider any arguments contra to the motion, because none were made. She simply

allowed the motion without any analysis solely because it was a joint motion. *See* May 22, 2006 Hearing Tr. at 55-56 (attached as Exhibit 1 to the Cristofferson Declaration). Therefore, Judge Saris's comments from the May 22 hearing in the California action have no binding nor persuasive value here, which presents a completely different context given that Arizona hotly contests the appropriateness of this deposition at this time.

### D.   Warrick's Other Cases Are Inapposite

Warrick cites *Campos v. Immigration and Naturalization Service*, 70 F. Supp. 2d 1296 (S.D. Fla. 1998), yet the circumstances of the two plaintiffs in that case are a far cry from those at issue here. One plaintiff had organic brain syndrome, arterial hypertension causing memory loss, and a general decline in mental functioning that, according to her physician, rendered the plaintiff unable to care for herself. The physician also testified that the plaintiff's condition was growing worse and that constant supervision was necessary. *Id.* at 1301. The other plaintiff suffered from, among other ailments, aggressive cardiac arrhythmia and arterial fibrillation, which inhibited normal blood flow to all parts of the body, including major organs and the brain. Her treating phyisican testied that, due to the restrictions on the plaintiff's brain's blood supply and the daily medications she takes, the plaintiff was afflicted by marked diminution of her cognitive functions, reasoning ability, judgment and memory. *Id.* at 1302. On this record, the court found that plaintiffs may not survive the lengthy administrative appeals process associated with applications for naturalization. *Id.* at 1310-11. Thus, not only was *Campos* not a decision under Rule 26(d), the record of progressing and debilitating illnesses at issue in *Campos* is a far cry from the stable, non-deteriorating prognosis for Mr. Weintraub.

Nor is Mr. Weintraub's condition remotely similar to the terminal brain cancer justifying a partial lift of the stay in *Winer Family Trust v. Queen*, 2004 WL 350181, at *5 (E.D. Pa. Feb. 6,

2004). Also inapposite are Warrick's other cases, which merely stand for the general proposition that discovery can be expedited based on concerns about the availability of discovery after the passage of time. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645 (D. Minn. 2002); *Pod-Ners, LLC v. N. Feed & Been of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Col. 2002). Again, there is no substantiated concern that Mr. Weintraub will be unable to sit for deposition in the Arizona action at a later date.

### D. This Action Is Due To Be Remanded To State Court

As noted above, the Court should "accord considerable deference" to the Transferor Court's order. *In re Upjohn Co.*, 664 F.2d at 120. That deference should be greater where, as here, the case was not properly removed from state court and should, consequently, not even be pending before this Court. No federal district court has retained jurisdiction of a State Attorney General AWP case, with the exception of the cases in Montana and Nevada, which advance additional claims characterized as federal in nature that are *not* at issue here. This case will soon be remanded. The Court should defer to the Arizona state court's right to manage pre-trial discovery under the state's rules.

DATED: August 4, 2006.                By    /s/ Steve W. Berman
                                         Thomas M. Sobol (BBO#471770)
                                         Edward Notargiacomo (BBO#567636)
                                      Hagens Berman Sobol Shapiro LLP
                                      One Main Street, 4th Floor
                                      Cambridge, MA 02142
                                      Telephone: (617) 482-3700
                                      Facsimile: (617) 482-3003

                                      **LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 4, 2006, I caused copies of **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO WARRICK'S RENEWED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB OR FOR RECONSIDERATION OF THE DECISION OF THE TRANSFEROR COURT** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                                               /s/ Steve W. Berman
                                                                               Steve W. Berman