UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> *State of Nevada v. Abbott Labs., Inc. et al.*, <br>     Case No. CV-2-00260 (Nevada I), <br><br> *State of Nevada v. American Home Products, et al.,* <br>     CA NO. 02-CV-12086-PBS (Nevada II) | |

**DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF STATE OF NEVADA'S OPPOSITION TO DEFENDANTS' JOINT MOTION REDRESS FOR SPOLIATION OF EVIDENCE**

I, Jeniphr Breckenridge, declare:

1. I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP and I am one of the lawyers representing the State of Nevada in these cases. I make this declaration in support of the State of Nevada's opposition to defendants' joint motion for redress for spoliation of evidence.

2. In May 2002, the State's Medicaid Fraud Control Unit ("MFCU") through Tim Terry, its senior attorney, wrote to certain drug manufacturers to request information regarding their AWP practices. Mr. Terry is co-counsel representing the State of Nevada in this case. Although I did not represent the State of Nevada at that time and I was not involved, I have discussed the letters with Mr. Terry. Mr. Terry informed me that the sole purpose of the letters was to gather information and did not threaten litigation. At the time, no litigation was contemplated.

- 1 -

3. Defendants accused the State of destroying documents soon after the State began its document production. In November 2002, defendants filed their original spoliation motion. In response to the motion, Nevada Medicaid Administrator Chuck Duarte, with my assistance, drafted and circulated a memorandum reminding Medicaid employees of their obligations to preserve documents for the litigation. The memorandum also asked employees who had questions about the document preservation order or had knowledge that documents had been destroyed to contact counsel. I was one of the contacts on the memorandum as were Tim Terry and Mr. Duarte. No employees came forward to me with information. I have also confirmed with Mr. Terry and Mr. Duarte that no employees came forward to either of them.

4. In addition to the memorandum, I personally contacted and interviewed key Medicaid fileholders regarding the department's document handling and destruction practices. The purpose of the interviews was to determine if document destruction had taken place. Again, no evidence of document destruction was uncovered.

5. The State has recently begun to produce the bulk of the electronic files Magistrate Judge Bowler ordered the State to produce. Ms. Lawrence produced over 160,000 electronic files for attorney review after Magistrate Bowler's March 30, 2006 Order. Among these files were dozens, if not hundreds, of list serve emails among Medicaid staff people in various states. Defendants renewed their motion without reviewing electronic files produced or without waiting to see what will be produced. Certain of the categories of information defendants claim were destroyed will be located within the electronic files, including the OIG reports defendants have asked about and found in the electronic files of Duarte and Lawrence. I base these statements on my own

review and the review of others working at my direction on tens of thousands of electronic files provided to my firm by the State for pre-production screening.

6. One specific document defendants accuse the State of destroying is a study Medicaid Director Keith Macdonald created at least fourteen years before this case was ever filed. This document was created in the 1980's. The State's claims in this case cover the time period 1991 to the present. Discovery of pre-1991 information was the subject of a defense motion to compel. Defendants wanted discovery of pre-1991 documents and the State objected the information was irrelevant. In March 2006, Magistrate Bowler ruled orally that the State did not have to produce documents from that time period. Although I was not present at that hearing, my partner David Nalven was. I confirmed this ruling with Mr. Nalven.

7. At the March 24, 2006 deposition of Mr. MacDonald, defendants did not even ask him about the survey or its contents. I base this statement on my presence at Mr. Macdonald's deposition. I have confirmed this fact by reviewing the transcript from Mr. Macdonald's deposition.

**EXHIBITS**

8. Attached hereto as Exhibit 1 is a true and correct copy of Deposition of Charles Duarte taken in the Nevada case on November 15, 2005 (pertinent pages only).

9. Attached hereto as Exhibit 2 is a true and correct copy of Nevada State Attorney General January 17, 2002, notification of press release concerning lawsuit.

10. Attached hereto as Exhibit 3 is a true and correct copy of Deposition of Vickie Langdon taken in the Nevada case on December 21, 2005 (pertinent pages only).

001534-13 122403 V1

11. Attached hereto as Exhibit 4 is a true and correct copy of Deposition of Carol Tilstra taken in the Nevada case on December 21, 2005 (pertinent pages only).

12. Attached hereto as Exhibit 5 is a true and correct copy of Deposition of Charles Duarte taken in the Nevada case on March 22, 2006 (pertinent pages only).

13. Attached hereto as Exhibit 6 a true and correct copy of November 30, 2005 memorandum regarding Average Wholesale Price litigation.

14. Attached hereto as Exhibit 7 is a true and correct copy of Deposition of Charles Duarte taken in the Nevada case on November 16, 2005 (pertinent pages only).

15. Attached hereto as Exhibit 8 is a true and correct copy of Deposition of Emmanuel Ebo, M.D. taken in the Nevada case on June 28, 2006 (pertinent pages only).

16. Attached hereto as Exhibit 9 is a true and correct copy of Deposition of Donna Kay Lopez taken in the Nevada case on May 25, 2006 (pertinent pages only).

17. Attached hereto as Exhibit 10 are true and correct copies of correspondence regarding documents produced to defendants by the State of Nevada.

18. Attached hereto as Exhibit 11 is a true and correct copy of July 10, 2006 attorney correspondence regarding Bayer discovery requests.

19. Attached hereto as Exhibit 12 is a true and correct copy of Deposition of Coleen Lawrence taken in the Nevada case on March 23, 2006 (pertinent pages only).

20. Attached hereto as Exhibit 13 is a true and correct copy of July 28, 2006 attorney email correspondence regarding electronic file production.

- 5 -

I swear under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

/s/ <b>Jeniphr Breckenridge</b>
Jeniphr Breckenridge (WSBA 21410)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

<u>August 4, 2006, Seattle, Washington</u>
    Date and Place of Execution

- 6 -

## CERTIFICATE OF SERVICE

       I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF STATE OF NEVADA'S OPPOSITION TO DEFENDANTS' JOINT MOTION REDRESS FOR SPOLIATION OF EVIDENCE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 4, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

       By    **/s/ Steve W. Berman**
          Steve W. Berman
          **HAGENS BERMAN SOBOL SHAPIRO LLP**
          1301 Fifth Avenue, Suite 2900
          Seattle, WA  98101
          (206) 623-7292