UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AND FOR ASSESSMENT OF DISCOVERY-RELATED COSTS AGAINST DEFENDANT ABBOTT LABORATORIES**

INTRODUCTION

Abbott Laboratories' ("Abbott") Opposition to Plaintiffs' Motion to Compel and for Assessment of Discovery Related Costs ("Opposition") provides no reason why plaintiffs' Motion to Compel should be denied. Further, while Abbott's Opposition tries mightily to distract the Court by touting its "diligent" and voluminous document production, plaintiffs' opening motion made clear that it was the *quality* of that production that was in question. Abbott cannot simply proclaim the documents it *has* produced when the true focus of plaintiffs' motion is the documents Abbott *has not* produced.

Once the smoke clears from Abbott's puffery, it is clear that 28 U.S.C.S. § 1927 ("§1927" or "Section 1927") sanctions are not only available, but are appropriate. Abbott does not deny having engaged in the core conduct as alleged by plaintiffs in their Motion to Compel. In particular, Abbott does not deny that: it had the obligation to produce the five categories of documents at issue; it made and broke promise after promise; it has produced thousands of pages of irrelevant documents in lieu of those plaintiffs specifically requested; or that plaintiffs have been prejudiced by their actions. In fact, Abbott's conduct appears even more unreasonable and vexatious since it produced several sets of highly relevant and responsive documents right after

plaintiffs' Motion to Compel was filed.[1]  Accordingly, plaintiffs' request for discovery-related costs under Section 1927 should be granted.

## SUMMARY OF DEVELOPMENTS SINCE PLAINTIFFS' MOTION TO COMPEL WAS FILED

Shortly after this Motion to Compel was filed, counsel for plaintiffs and Abbott held two meet and confers on June 15th and 23rd to discuss, yet again, the five categories of documents at issue.  *See* Letter from Jennifer Fountain Connolly to Beth O'Connor, dated June 27, 2006, attached as Exhibit W to Beth O'Connor's June 29, 2006 Declaration filed in support of Abbott's Opposition (memorializing the meet and confers).  Abbott quickly began producing many of the documents that it had been promising to plaintiffs all along:

| Bates Number | Description of Documents | Date |
| --- | --- | --- |
| ABTAWP/MDL 240905 - ABTAWP/MDL 241462 | Calcijex Documents | 6/12/06 |
| ABTAWP/MDL 241463 - ABTAWP/MDL 243270 | Plan and Update Documents | 6/12/06 |
| ABTAWP/MDL 243271 - ABTAWP/MDL 248159 | Calcijex sales related documents | 6/30/06 |

However, **although** Abbott produced long-overdue documents, counsel for Abbott also promised to provide – but has not provided – a list of custodians whose e-mail inboxes were searched as part of its electronic production.[2]  Plaintiffs' counsel summarized the agreement in a June 27, 2006 letter as follows: "For now, you have agreed to supply me with a list of the employees whose e-mail folders were searched.  Please provide this list to me during the week of

---

[1] Plaintiffs do not claim in any way that Abbott's production has been comprehensive; only that, at long last, it has been of relevant documents.

[2] There are other outstanding issues as well.  First, Abbott produced some Plan and Update documents on July 14th but did not represent that this production was complete.  Second, Abbott agreed to re-review its sales and marketing documents to confirm that the productions are complete, but it has not since provided such a confirmation.

2

July 10th along with the outstanding documents, if not sooner. We will revisit the adequacy of Abbott's e-mail production at a later date." Abbott's own Opposition to this motion also acknowledged this promise. Opposition at 10. Now, two months since the filing of plaintiffs' Motion to Compel, over forty-five days since the first meet and confer, and over thirty days since Abbott filed its Opposition, plaintiffs are still waiting for this simple list.

## ARGUMENT

### I. Abbott's Three Reasons Why Plaintiffs' Motion Should Be Denied Do Not Withstand Scrutiny

Abbott provides three half-hearted reasons why sanctions under 28 U.S.C.S. § 1927 are not appropriate: (1) its actions have not been vexatious or unreasonable and they have not multiplied the proceeding; (2) plaintiffs cannot show that they have incurred excess costs; and (3) the parties have reached an agreement with respect to the five categories of documents. Each of these arguments fails.[3]

#### A. Abbott and Its Counsel Have Acted Unreasonably and Vexatiously and Have Multiplied the Proceedings, Warranting Sanctions Under 28 U.S.C. §1927

In its Opposition, Abbott cites several legal standards used by courts to determine whether sanctions under Section 1927 are appropriate. Abbott then summarily concludes that "Plaintiffs' sanctions request is untenable." However, a close review of the correct legal standards used in this Circuit shows that Section 1927 sanctions are indeed available and appropriate.

Contrary to Abbott's argument, in the First Circuit plaintiffs do not have to show that Abbott's counsel was "reckless or deliberately indifferent." Opposition at 3, citing *United States v. Wallace*, 964 F.2d 1214, 1219-20 (D.D.C. 1992) (noting the existence of a circuit split on this

---

[3] Abbott also suggests that §1927 only provides for sanctions against counsel, not litigants. To the extent that the Motion to Compel was unclear, plaintiffs are seeking sanctions against Abbott's counsel.

issue). Instead, the First Circuit has explicitly rejected the subjective "recklessness" test urged by Abbott and instead opts for an objective standard by which Section 1927 sanctions can be imposed when counsel engages in unreasonable and harassing or annoying behavior, regardless of their intent to do so. *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990); *Beh-Hanson v. Arconium Specialty Alloys Co.,* No. 03-263, 2004 U.S. Dist. LEXIS 27732, at **6-7 (D.R.I. June 18, 2004); *Hochen v. Bobst Group, Inc.*, 198 F.R.D. 11, 17 (D. Mass. 2000)("In the First Circuit, the standard by which a court assesses whether § 1927 has been violated is objective in nature and does not require a finding of subjective bad faith."). Section 1927 sanctions can even be awarded when "an attorney acts in disregard of whether his conduct constitutes harassment or vexation." *Id.*

This case is remarkably similar to *Apex Oil Co. v. The Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1012-13 (2d Cir. 1988), a case that Abbott dismissed in a footnote. In *Apex,* the Second Circuit affirmed the district court's award of sanctions under Section 1927 based on the following vexatious and unreasonable conduct by defense counsel:

> Specifically, the district court found that on three separate occasions defense counsel refused to comply with Apex's reasonable requests for admissions, document production and the identification of Belcher's expert. In each instance, prior to making its motion, Apex's counsel attempted to resolve the matter informally.... And, in each case, the district court found, Apex's counsel was "told to make a motion." After each motion was made, defense counsel "mysteriously," in the district court's words, complied with the requests.

*Id.* at 1020. Notably, the court came to this conclusion *even though* the Second Circuit, unlike the First Circuit, follows the more stringent standard requiring a subjective finding of bad faith. *MacDraw, Inc. v. CIT Group Equip. Fin.*, 73 F.3d 1253, 1261 (2d Cir. 1996).

Similarly, in *Izzo v. ING Life Ins. and Annuity Co.*, defendant led plaintiff on a two-year long game of cat and mouse, wherein:

4

> plaintiff's efforts to obtain the requested discovery ... consisted of repeated letters and phone calls, over the course of 2003 and 2004, to get the documents. During this time, defendant's counsel (1) misled plaintiff into believing the documents were forthcoming; (2) turned over non-responsive documents instead of the requested documents; and (3) refused to provide a written response to the request for the ... documents at issue here.

235 F.R.D. 177, 189 (E.D.N.Y. 2005). The court issued sanctions against the defendant under the Second Circuit's stricter interpretation of Section 1927 because these actions thwarted discovery and extended the litigation and its associated costs. *Id.* at 190.

This case bears a striking resemblance to both *Apex* and *Izzo* in several critical ways. First, plaintiffs here provided ample warning to Abbott that they intended to seek Court assistance if Abbott failed to comply with their reasonable requests, but Abbott repeatedly ignored these threats. *See, e.g.*[4] December 12, 2005 e-mail to defense counsel recommending cooperation so as not to "land us before Judge Bowler," Ex. D to June 2, 2006 Connolly Decl.; January 19, 2006 letter informing defense counsel that plaintiffs' counsel were "prepared to educate the Court" concerning Abbott's document deficiencies, Ex. F to Connolly Decl.; March 1, 2006 letter informing defense counsel that plaintiffs were considering their "obligations under Local Rule 37.1" met, Ex. L to Connolly Decl.; May 4, 2006 letter informing defense counsel that "[i]f we do not receive meaningful information from you regarding that production we will have to seek relief from the Court," Ex. N to Connolly Decl.; and April 3, 2006 letter to defense counsel stating "given Abbott's persistent failure to comply with its obligations, we will be left with no choice but to file the appropriate motion with the Court to compel their production....," Ex. U to Connolly Decl. This string of noncompliance is synonymous with telling the *Apex* plaintiffs to "make a motion."

---

[4] The June 6, 2006 Connolly Declaration ("Connolly Decl.") and all exhibits were attached to plaintiffs' Motion to Compel and for Assessment of Discovery-Related Costs Against Defendant Abbott Laboratories.

5

Second, Abbott "mysteriously" began producing the exact documents plaintiffs had been requesting for months immediately after plaintiffs filed this Motion to Compel. The fact that Abbott was able to produce these documents in such short order shows that they had them easily available for production, but unreasonably and vexatiously chose not to.

Third, as in *Izzo*, Abbott consistently misled plaintiffs into believing that the desired documents were coming and instead swamped plaintiffs with mountains of undesired documents (*i.e.,* a "document dump"), causing plaintiffs to incur significant costs wading through the wasteland of price lists and contracting files. *See generally* Section I.A. of Plaintiff's Memorandum in Support of Their Motion to Compel (describing Abbott's document production).

Finally, as in *Apex*, this is the third motion plaintiffs have filed concerning Abbott's unwillingness to engage in good-faith discovery.[5] The filing of any additional and motions necessarily constitutes the multiplication of the proceeds as contemplated by Section 1927. *See e.g., Apex*, 855 F.2d at 1020. This behavior has been deemed to be vexatious and unreasonable under the stricter subjective standard, and should likewise be found to be so under the more lenient objective test used in this Circuit.

### B. Plaintiffs Have Incurred Significant Costs As A Result of Abbott's Unreasonable and Vexatious Behavior

Abbott's Opposition misinterprets the types of costs plaintiffs have incurred and for which they seek reimbursement. Plaintiffs are very familiar with the "American Rule" of

---

[5] First, on May 4, 2004, after weeks of negotiations, plaintiffs filed a Motion to Compel the Production of Documents Created During the Relevant Time Period from Defendants Abbott Laboratories, AstraZeneca, Schering Plough, Sicor and Together Rx Defendants. This motion against Abbott was withdrawn by plaintiffs on May 28, 2004 due to their willingness to produce the documents at issue. Once again, at a time when the then-existing discovery deadlines for Track II defendants were approaching, plaintiffs filed a Motion for Order Exempting Defendant Abbott Laboratories from Any Order Refusing to Extend Deadline for Track Two Discovery on November 9, 2005. Hearing of this motion was suspended due to negotiations between plaintiffs' and Abbott's counsel regarding a mutually-agreeable discovery schedule.

litigation, and are hardly seeking to have Abbott pick up the tab for all of their discovery-related costs. Instead, plaintiffs seek reimbursement for all costs that flow directly from Abbott's abuses as described in the Motion to Compel. Such costs will be provided to the Court when, and if, such costs are awarded.

### C. The Recent Agreements Amongst Counsel Supports Plaintiffs' Motion for Sanctions

Abbott has taken the position that its recent compliance with plaintiffs' discovery requests warrants denial of this motion as moot. On the contrary, Abbott's sudden willingness to cooperate now that the Court is watching makes it clearer that sanctions under Section 1927 are appropriate.

Section 1927 is designed to remedy past wrongs, so whether or not the motion to compel is moot is irrelevant to the determination of sanctions. Further, courts have recognized the deterrent effect of Section 1927, particularly for those litigants who are tempted to engage in vexatious or harassing conduct as Abbott is. *Beh-Hanson,* 2004 U.S. Dist. LEXIS 27732, at *23.

Finally, Abbott emphasizes that it has never refused to produce these documents to plaintiffs and this warrants denial of plaintiffs' motion. In practice, stringing plaintiffs along for months with promises of producing the documents is not only tantamount to an outright rejection, but is actually more prejudicial to plaintiffs. Had Abbott simply refused to comply with plaintiffs' requests, plaintiffs would have been able to bring these issues before the Court and obtain relief long ago. Instead, this motion has been over a year in the making – a year during which plaintiffs could have used to complete other types of discovery that is still outstanding because of Abbott's unreasonable and vexatious conduct.

WHEREFORE, plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel and for Assessment of Discovery-Related Costs Against Defendant Abbott Laboratories, and all other relief that this Court deems just and proper.

DATED: August 7, 2006

/s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on August 7, 2006, I caused copies of *REPLY IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL AND FOR ASSESSSMENT OF DISCOVERY-RELATED COSTS AGAINST DEFENDANT ABBOTT LABORATORIES* to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly