UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE TO TRACK TWO PROPOSAL CONCERNING THE APPOINTMENT OF A NEUTRAL EXPERT TO ADVISE THE COURT ON TRACK TWO CLASS CERTIFICATION**

## I.    INTRODUCTION

Several months ago the Track Two defendants asked for permission to rebrief all of the Class certification issues.  The Court rejected this request and directed these defendants to brief issues of typicality and adequacy.  *See* CMO No. 24.  Nonetheless, the preponderance of the Track Two defendants' main opposition addresses common questions, which were briefed in Track One with abundance and reviewed in the Court's Memorandum, and repeats arguments already extensively briefed regarding the purported need for "individual determinations," even citing to the Young and Bell depositions and declarations before the Court and addressed in the Track One motion.  The brief then moves to a section entitled "common issues and superiority" (*see* p. 20), delving into the very same state law issues already extensively addressed in the Track One process.  It is not until page 32 that the Track Two defendants have a section that addresses typicality.  Thus, in flagrant disregard of the Court's wishes, only eight pages of defendants' 40-page opposition responds to the matters identified in CMO No. 24.

- 1 -

Now, intent on relitigating Class certification as if the Court has done nothing on this issue, these defendants seek the involvement of another neutral expert. They do so under the pretense that their submissions, largely based upon the unscientific findings of Young and new experts, justify another round of expert analysis. As explained below, it does not. Defendants go so far as to suggest this neutral expert would opine on whether the Court should define AWP. Not only have the Plaintiffs and Track One defendants agreed that the Court should define AWP, in addition, the duty of a Court to interpret a statute is not the subject of expert testimony.

## II. THERE IS NO NEED FOR A NEW EXPERT ANALYSIS OF CROSS-WALKING OR WHETHER PADs ARE REIMBURSED BASED ON AWP

Defendants claim that Mr. Young's new analysis justifies having a new expert on the issue of cross walking. As the Court noted in the August 16, 2005 Opinion on Class certification, Mr. Young is not an economist and Plaintiffs submit Young has no expertise in this area, and that it will be perfectly clear that Young has no scientific basis for his opinions. Dr. Hartman demonstrates that cross walking is possible. Declaration of Raymond Hartman In Response to the Track Two defendants' "Expert" Mr. Young at ¶¶ 17-20. Indeed, Dr. Hartman notes, defendants' own expert, Dr. Addanki, performed cross-walks in his own analysis. *Id.* at 20.

Further, Dr. Hartman has addressed defendants' latest claim that multi-source drugs are not reimbursed based on AWP. Dr. Hartman has identified no less than nine key sources of evidentiary material that rebut this assertion:

> 21. In order for my assumptions to be erroneous, Dr. Dyckman must assert and demonstrate the following to be true. First, Medicare does not reimburse upon the basis of AWP (or some percentage of AWP), which is almost always greater than the acquisition cost of the drug. Second, provider charges for the most part are not based upon AWPs. Third, the maximum allowed reimbursements to providers under Medicare and by private TPPs are not consistently based upon AWPs.

22. The evidentiary materials contradicting Dr. Dyckman's assertions and characterizations are voluminous. Specifically:

a. Dr. Dyckman himself admits that reimbursement occurs at AWP.

b. Countless studies undertaken by the OIG and CMS have measured the potential savings Medicare would incur if it changed its AWP-based reimbursement.

c. Dr. Berndt recognizes that reimbursement is based upon AWP.

d. Defendants' expert, Mr. Young, recognizes that reimbursement is based upon AWP.

e. The Court in this litigation has expressly recognized that reimbursement is based upon AWP.

f. Discovery materials confirm that physicians are billing at rates based upon AWP and not their costs, and that manufacturers are marketing and promoting their drugs based on a spread determined by AWP.

g. Previous litigation has confirmed that reimbursement by Medicare occurs at AWP or a percentage of AWP.

h. Studies analyzing actual Medicare claims data have also found that the majority of claims analyzed were paid based on AWP.

i. My analysis of actual claims data for third party payers and Medicare confirms that most reimbursements are based on a percentage of AWP.

*Id.* at 21-22.

Each of these sources are then discussed in detail by Dr. Hartman. *Id.* at 23-43.

Given this overwhelming evidence, that is easy to interpret without the need for another expert, an expert on these issues is unnecessary, particularly given the Court's in-depth understanding of drug reimbursement from Dr. Berndt's analysis.

### III. NO "EXPERT REPORT" IS NEEDED TO DEFINE AWP – THAT IS AN ISSUE OF STATUTORY INTERPRETATION

Lastly, the Track Two defendants urge the Court to hire an expert to assist in the inquiry of whether it is appropriate for the Court to define AWP. Track Two Mem. at 4. The issue of what AWP means in the Part B context is a matter of statutory interpretation. The default rule for construing statutory provisions left undefined by Congress is to apply the plain and ordinary meaning of those words using standard English dictionaries. *United States v. Lachman*, 387 F.3d 42, 50-51 (1st Cir. 2004) (quoting *Textron Inc. v. Comm'r*, 336 F.3d 26, 31 (1st Cir. 2003)). Defendants have no answer to this default rule and provided none at oral argument. No expert can now define the Court's role in this regard. This "Hail Mary" effort to avoid statutory interpretation by the Court should be intercepted.

DATED: August 7, 2006.    By   /s/ **Steve W. Berman**
　　　　　　　　　　　　　　　Thomas M. Sobol (BBO#471770)
　　　　　　　　　　　　　　　Edward Notargiacomo (BBO#567636)
　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　One Main Street, 4th Floor
　　　　　　　　　　　　　Cambridge, MA  02142
　　　　　　　　　　　　　Telephone: (617) 482-3700
　　　　　　　　　　　　　Facsimile: (617) 482-3003

　　　　　　　　　　　　　**LIAISON COUNSEL**

　　　　　　　　　　　　　Steve W. Berman
　　　　　　　　　　　　　Sean R. Matt
　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　1301 Fifth Avenue, Suite 2900
　　　　　　　　　　　　　Seattle, WA  98101
　　　　　　　　　　　　　Telephone: (206) 623-7292
　　　　　　　　　　　　　Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 6 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 7, 2006, I caused copies of **PLAINTIFFS' RESPONSE TO TRACK TWO PROPOSAL CONCERNING THE APPOINTMENT OF A NEUTRAL EXPERT TO ADVISE THE COURT ON TRACK TWO CLASS CERTIFICATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    **/s/ Steve W. Berman**
Steve W. Berman

001821-13 122673 V1