UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Nevada v. Abbott Labs., Inc. et al.*, Case No. CV-2-00260 (Nevada I), and | |
| *State of Nevada v. American Home Products, et al.,* CA NO. 02-CV-12086-PBS (Nevada II) | |

**DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF THE STATE OF NEVADA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' DEPOSITION SUBPOENA TO MGM MIRAGE**

I, Jeniphr Breckenridge, declare:

1. I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP and I am one of the lawyers representing the State of Nevada in these cases. I make this declaration in support of the State of Nevada's ("State") motion for protective order relating to defendant's deposition subpoena to "Mandalay Bay Resort & Casino (owned by MGM Mirage)" (referred to here as "Mandalay Bay")

2. This declaration sets forth certain facts in support of the State's motion for protective order.

**A.    FACTUAL**

3. Defendants served two Fed. R. Civ. P. 45 subpoenas on a non-party entity identified as "Mandalay Bay Resort & Casino (owned by MGM Mirage)" (referred to here as "Mandalay Bay") before the close of discovery. The first subpoena was issued on November 14,

2005 and sought documents.  The second subpoena was issued on January 10, 2006 and sought deposition testimony.

4. Fact discovery in this case ended on March 31, 2006.  To the State's knowledge, defendants made no effort to schedule the deposition of Mandalay Bay or MGM Mirage prior to the fact discovery deadline.

5. Between the issuance of the subpoenas and the close of discovery, defendants did, however, take the depositions of numerous other non-parties pursuant to subpoenas identical or nearly identical to the Mandalay Bay subpoenas. Defendants at no time asked if they could schedule any non-party depositions after the close of discovery.

6. In contrast, after fact discovery closed, in May 2006 defendants were careful to make advance arrangements and to accommodate schedules to take the depositions of certain State fact witnesses.

7. In May 2006 defendants provided the State with documents purportedly produced by MGM Mirage.  No mention was made of a deposition.

8. Three weeks later defendants contacted me and proposed a stipulation to the authenticity of certain unspecified non-party documents. Again, no mention of a deposition was made.

9. On June 29, 2006, defendants identified the documents for which they sought an authenticity stipulation.  Once again, no mention of a deposition was made.  Later, the defendants expanded the proposed stipulation on the documents to include authenticity *and admissibility*.  It was only at this point that defendants indicated that if the State would not agree to stipulate to the authenticity of the documents that the defendants intended to take depositions to do so.

2

10. The State immediately objected, through me, citing that fact discovery had closed and it was too late for depositions.

11. In addition, there was no deposition notice or subpoena pending for a deposition on authenticity and admissibility of documents. The January 10, 2006 subpoena identified very different topics.

12. The parties conferred in good faith and reached an impasse.

13. Defendants' proposed stipulation related to documents produced by Walgreens, the Minnesota Multistate Contracting Alliance for Pharmacy ("MMCAP"), MGM Mirage, Great Falls Clinic and Snyders Drug Stores. Each of these non-parties was served with a subpoena prior to the fact discovery deadline.

14. The State has not received notices of deposition for any entity other than MGM Mirage and MMCAP. The MMCAP notice was served on June 23, 2006, nearly three months after the close of discovery. It is the subject of a pending motion for protective order filed by the State.

15. The State and defendants have not conferred fully regarding any other depositions from this group. The State asked defense counsel if defendants intended to depose any of the other four parties and did not immediately receive a response. On the eve of filing this motion, the State learned that defendants *do* intend to take other non-party depositions pursuant to outstanding non-party subpoenas.

16. On July 25, 2006, defendants issued a letter notice to MGM Mirage and the State that it would take the deposition of MGM Mirage on August 15, 2006 pursuant to the January 10, 2006 "30(b)(6) deposition subpoena." The State immediately reiterated its objections to

3

defendants.  The State also stated its objections to MGM Mirage through its Senior Vice President and Senior Counsel, Phyllis A. James.

17. The letter July 25, 2006 letter does not mention any limitations on the scope of the deposition and the deposition notice referred to in letter is far broader.

18. During discussions between the State and defendants regarding the proposed stipulation and deposition, defense counsel suggested that depositions would be required to establish the authenticity and admissibility of documents.

19. In an August 6, 2006 telephone conference counsel for Novartis stated that the MGM Mirage deposition would be limited to authenticating documents, but this has never been confirmed in writing.

20. This is a completely different deposition than that noted on January 10, 2006 or referred to in the July 25, 2006 letter to MGM Mirage incorporating the subpoena deposition topics.  No notice has been issued for this different deposition.

**B.     EXHIBITS**

21. A true and accurate copy of November 14, 2005 Subpoena to Mandalay Bay is attached hereto as Exhibit 1.

22. A true and accurate copy of January 10, 2006 Subpoena to Mandalay Bay is attached hereto as Exhibit 2.

23. True and accurate copies of May 2006 attorney correspondence regarding document production are attached hereto as Exhibit 3.

24. A true and accurate copy of Proposed Stipulation Regarding Authentication and Admissibility of Certain Non-Party Documents is attached hereto as Exhibit 4.

25. A true and accurate copy of June 29, 2006 correspondence to Jeniphr Breckenridge from Samuel Lonergan is attached hereto as Exhibit 5.

26. A true and accurate copy of August 7, 2006 letter to Jeniphr Breckenridge from Samuel Lonergan is attached hereto as Exhibit 6.

27. A true and accurate copy of July 25, 2006 letter to Phyllis James from Samuel Lonergan is attached hereto as Exhibit 7.

I swear under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

       /s/ Jeniphr Breckenridge
Jeniphr A.E. Breckenridge (WSBA 21410)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

August 8, 2006 at Seattle, Washington
Date and Place of Execution

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF THE STATE OF NEVADA'S MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' DEPOSITION SUBPOENA TO MGM MIRAGE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 8, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

      By    **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292

001534-13 122993 V1