EXHIBIT B-1a

LONG FORM NOTICE TO CONSUMERS, WITH CLAIM FORM AND EXCLUSION FORM

UNITED STATES DISTRICT COURT – DISTRICT OF MASSACHUSETTS

# If You Made or Are Obligated to Make a Percentage Co-Payment or Full Payment for the GSK Drugs:

**Kytril Injectable** (Granisetron HCL)
**Zofran Injectable** (Ondansetron HCL)
**or**

| | |
|---|---|
| Alkeran (Melphanan) | Imitrex (Sumatriptan) |
| Kytril Tablets (Granisetron HCL) | Lanoxin (Digoxin) |
| Myleran (Busulfan) | Navelbine (Vinorelbine Tartrate) |
| Retrovir (Zidovudine) | Ventolin (Albuterol) or |
| Zofran Orals (Ondansetron HCL) | Zovirax (Acyclovir) |

## A Proposed Class Action Settlement May Affect Your Rights.

## Medicare Part B Beneficiaries (or their Heirs) and Privately-Insured Consumers are Included

*The District Court has authorized this Notice. It is not a solicitation from a lawyer. You are not being sued.*

[Insert in Spanish: For More Information On This Lawsuit Visit www.xxxx ]

- There is a Proposed Settlement with GlaxoSmithKline ("GSK"), one of the Defendants in a class action lawsuit pending in the U.S. District Court for the District of Massachusetts. The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456.

- The lawsuit claims that certain drug companies reported false and inflated average wholesale prices ("AWP") for certain types of outpatient drugs. The reported AWPs are used to set prescription drug prices that are paid by Medicare, consumers and insurers. The lawsuit asks the Court to award money damages to some people who paid or made co-payments for the drug.

- SmithKline Beecham Corporation, doing business as GlaxoSmithKline ("GSK") has entered into a Proposed Settlement with the Plaintiffs and has agreed to pay $70 million to settle their claims and other related claims. After payment to certain State Attorneys General of $4.5 million, and after deducting attorneys' fees and costs of administering

the Proposed Settlement, 30% of the net fund will be distributed in cash to consumers who paid for all or part of the cost of the drugs and who submit a valid claim form.

- The GSK Covered Drugs fall into two categories, as follows: The "Category A" Drugs, namely **Kytril Injectables** and **Zofran Injectables**, and the "Category B" Drugs, namely **Alkeran, Imitrex, Kytril (tablets), Lanoxin, Myleran, Navelbine, Retrovir, Ventolin, Zofran (orals) and Zantac**. A complete list of the GSK Covered Drugs, including formulations, is set forth in the response to Question 8 below.

- There are two sub-Classes for individual consumers who paid for the GSK Covered Drugs.

- You are a member of **Medicare Co-Payment Class** if:

     You made or are currently obligated to make a percentage co-payment under Medicare Part B for any of the GSK Covered Drugs listed above (or are an heir to someone who made such a co-payment) from January 1, 1991 to January 1, 2005. You are excluded from this Class if you made flat co-payments, or you were reimbursed or have the right to be reimbursed in full for your co-payments.

- You are a member of the **Private Payor Class** if:

     You paid (or are currently obligated to pay) for any of the GSK Covered Drugs listed above outside of Medicare Part B, from January 1, 1991 to August 10, 2006 and

     Your payment was (a) for the full amount out-of-pocket, or (b) your payment was a percentage co-payment. You're **not** included in the Class if you paid a fixed or flat co-payment.

     **Medicare Part B enrollees may be in both Classes.**

The Court will be asked to decide whether to order final approval of the Settlement in this case.

2

# A Summary of Your Rights and Choices:

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| You May: | | Due Date: |
|---|---|---|
| **Remain in the Classes & File a Claim** | ***Stay in the lawsuit and file a claim*** <br> If you wish to stay in one or both or the Classes and file a claim you must do so in writing by the date listed. Whether or not you file a claim, if you don't exclude yourself you will not be able to sue GSK for the claims in this lawsuit and you will also be bound by the Court's decisions. **See Questions 8 and 9.** | *__Postmarked By Month Date 2007__* |
| **Exclude Yourself** | ***Get out of the Classes.*** <br> You can write and ask to get out either or both of the Classes and keep your right to sue GSK on your own about the claims in the lawsuit. **See Questions 10 and 11.** | *__Postmarked by Month Date 2007__* |
| **Object to the Proposed Settlement** | ***Object or comment on the Proposed Settlement.*** <br> If you don't exclude yourself, you can appear and speak in the lawsuit on your own or through your own lawyer to object or comment on the Settlement. (Class Counsel has been appointed to represent you.) **See Questions 12 and 13.** | *__Postmarked by Month Date 2007__* |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I get this Notice?.................................................................................................
2. What is the lawsuit about?..............................................................................................
3. Why is this a class action?.............................................................................................
4. Why is there a Settlement?............................................................................................
5. How do I know if I am included in the Proposed Settlement?.......................................
6. How do I know if my co-payment was under Medicare Part B ......................................

**BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU GET**

7. What does the Proposed Settlement provide? ................................................................
8. How do I file a claim? ....................................................................................................

**REMAINING IN THE CLASS**

9. What am I giving up if I do nothing and stay in the Class? ...........................................

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

    10. What do I do if I don't want to be in the proposed Proposed Settlement?......................

    11. How do I exclude myself from the Proposed Settlement? ............................................

**COMMENTING ON THE PROPOSED SETTLEMENT**

    12. Can I object to or comment on the Proposed  Settlement?............................................

    13. What is the difference between objecting to the Settlement and excluding myself

        from the Settlement?........................................................................................................

**THE LAWYERS REPRESENTING YOU**

    14. Do I have a Lawyer representing my interests in this case?...........................................

    15. How will the lawyers be compensated? ........................................................................

    16. Should I get my own lawyer?........................................................................................

    17. Payments to Class Representatives ........................................................................ ..

**THE COURT'S FINAL APPROVAL HEARING**

    18. When and where will the Court decide on whether to grant final approval of the

        Settlement ........................................................................................................................

    19. Must I attend the hearing? ............................................................................................

    20. May I speak at the hearing?..........................................................................................

**GETTING MORE INFORMATION**

    21. Where do I obtain more information? ...........................................................................

## BASIC INFORMATION

### 1.  Why did I get this Notice?

You were mailed this because records obtained from the Centers for Medicare and Medicaid Services indicate that you may have made a co-payment for one or more of the GSK Covered Drugs between January 1, 1991 and January 1, 2005.  Or, you may have requested this Notice after seeing the Summary Notice in a publication.

This Notice explains:

- What the lawsuit and Proposed Settlement are about.
- What the lawsuits claim and what GSK says about the claims.
- Who is affected by the Proposed Settlement.
- Who represents the Class in the lawsuit.
- What your legal rights and choices are.
- How to file a claim.
- How and by when you need to act.

4

## 2.  What is the lawsuit about?

Plaintiffs allege that Defendant drug companies either report the average wholesale price ("AWP") of each drug they make to trade publications or provide those publications with information from which the publications calculate an AWP for each of Defendants' drugs. The published AWP of a drug has been used to set the price that consumers who made Medicare Part B co-payments and Medicare paid for the drug. The published AWP is also often used by insurance companies to determine what they will reimburse doctors or pharmacies for these drugs. The lawsuits claim, among other things, that consumers making Medicare Part B co-payments, and consumers who paid in full for drugs or made a percentage co-payment outside of Medicare Part B, paid more than they should have paid for the Covered Drugs because drug companies, including GSK, intentionally reported false and inflated AWPs concerning the drugs at issue.

GSK denies any wrongdoing. The Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. GSK has entered into the Proposed Settlement solely to avoid further expense, inconvenience, and the burden of these litigations and any other present or future litigation arising out of the facts that allegedly gave rise to these litigations. GSK also wishes to avoid the distractions and diversion of their personnel and resources, and thereby to put to rest this controversy and to avoid the risks inherent in uncertain complex litigation.

## 3.  Why is this a class action?

The Court has found that class action treatment is the superior method for the fair and efficient settling of this litigation. In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." A court must determine if it will allow a lawsuit to proceed as a class action. If it does, a trial of the claims then decides the lawsuit for everyone in the class, or the Parties may settle without a trial. The Parties here have agreed to, and the Court has preliminarily approved, a settlement that includes a national class of Medicare Part B beneficiaries who made Medicare Part B co-payments for the GSK Covered Drugs, as well as a national class of individuals who paid in full for, or who made percentage co-payments outside of Medicare Part B for, the GSK Covered Drugs. You could be a member of one or both of these Classes.

### 4. Why is there a Proposed Settlement?

A settlement is the resulting agreement between a plaintiff and defendant following extended negotiation in a case set for trial. Settlements conclude litigation but are not a result of the court ruling in favor of either the plaintiff or defendant. The settlement enables both parties to avoid the cost and risk of a trial, and ultimately establish a just, fair and final resolution that is best for all involved. The class representatives and their attorneys make the determination that the settlement is the best result for all class members. The Court will then review the terms of the proposed settlement and hold a hearing on the fairness and adequacy of the settlement to the class. If the Court approves the settlement, then the defendants are released from any liability based upon the alleged illegal behavior forming the basis of the complaint.

### 5. How do I know if I am included in the Proposed Settlement?

Unless you exclude yourself as described in Question 11 of this notice, you will be included in the Proposed Settlement if you are a member of one or both of the Classes below:

There are two Classes for individual consumers who paid for GSK Covered Drugs.

You are a member of **Medicare Co-Payment Class** if:

You made or are currently obligated to make a percentage co-payment under Medicare Part B for any of the GSK Covered Drugs listed above (or are an heir to someone who made such a co-payment) from January 1, 1991 to January 1, 2005. You are excluded from this Class if you made flat co-payments, or you were reimbursed or have the right to be reimbursed in full for your co-payments.

Stated in more detail, you are a member of Medicare Co-Payment Class if you fulfill the criteria listed in 1, 2, or 3 below.

1. You are in this Class (a) if you were a Medicare Part B beneficiary between January 1, 1991 and January 1, 2005, (b) who received one or more of the GSK Covered Drugs during that time period and (c) you paid your doctor or pharmacist a percentage co-payment for one or more of the drugs, but not if you paid a flat amount (such as $10 or $20 per dose) and not if you were fully reimbursed for your payment by a private insurer.

2. You are in this Class if you are the legal heir of, or the legal successor to, the rights of a Medicare Part B beneficiary who met all three criteria set forth in "1" immediately above but who is now deceased. You need to consult your own lawyer to determine if you are the legal successor to any such rights. Your lawyer will help you determine whether you qualify as a "legal heir" under state laws of intestacy, will, trust, or any other applicable law.

3. You are a member of this Class if (a) you were a Medicare Part B beneficiary between January 1, 1991 and January 1, 2005, (b) who received one or more of the GSK Covered Drugs during that time period and (c) incurred a "legal obligation" to pay your doctor or pharmacist a percentage co-payment for one or more of the drugs but did not do so. You may have incurred a "legal obligation" if (a) your doctor billed either you or

your insurer for one or more of the drugs but neither you nor your insurer paid, or (b) if you did not pay because your doctor or pharmacist did not bill you, and (c) the time period for bringing a legal claim against you to enforce payment for one or more of the drugs has not already expired under the law.

 **IMPORTANT:** *This is not a bill or a collection notice. The Court is not suggesting, requesting or requiring that Medicare Part B beneficiaries who were billed for one or more of the GSK Covered Drugs but did not pay, or were not billed at all should pay their doctor or pharmacist now. Nor is the Court suggesting that they are obligated to do so under the Medicare statute or regulations.*

 You are a member of the **Private Payor Class** if:

> You paid (or are currently obligated to pay) for any GSK Covered Drug outside of Medicare Part B from January 1, 1991 to August 10, 2006 <u>and</u>

> You're included in the Private Payor Class if your payment was (a) for the full amount of the drug out-of-pocket, or (b) your payment was a percentage co-payment through private insurance. You're **not** included in the Class if you paid a fixed or flat co-payment. (Medicare Part B enrollees may be in both Classes.)

You are also **not** part of either or both of the Classes if:

(a) You were fully reimbursed for the co-payment you made (for example, your MediGap or other private insurer reimbursed you the full amount); *or*

(b) Your co-payment was a flat amount instead of a percentage of the total charge (for example, your MediGap or other private insurer paid for all of the co-payment except for a flat amount such as $10 or $20 that you had to pay). If your co-payment is a set dollar amount and does not differ with the price of the drug, your co-payment is a flat co-payment and <u>not</u> a percentage co-payment and you are not a member of one or more of the Classes.

### 6. How do I know if my co-payment was under Medicare Part B?

If you are 65 or older, or are younger than 65 but receive social security benefits because of a disability, you are entitled to Medicare benefits. Medicare Part A is the primary coverage for your health care costs when you are admitted as a patient in a hospital, and enrollment is generally automatic at age 65.

<u>Medicare Part B</u> helps to pay primarily for outpatient services such as care given in your doctor's office, outpatient hospital care, and physical therapy. During the relevant time period, Medicare Part B also had a limited drug benefit. For drugs that have been covered under Part B, Medicare paid 80% of the drug cost, and you were responsible for paying the other 20% (which is your co-payment).

Generally, the drugs covered under Medicare Part B are ones that are administered by your doctor, such as cancer treatment drugs and anti-nausea drugs that are given through

injections or an IV. But Part B also covers some drugs that are self-administered (ones that you take yourself). Those include some oral anti-cancer drugs in pill form, some pills prescribed to help with nausea or anemia in connection with chemotherapy and drugs provided with some durable medical equipment, such as inhalation drugs used with a nebulizer (a compressed air machine).

Like Part A, Medicare Part B coverage was, during the relevant period, also automatic, but you had the option to decline it. You paid a monthly premium for Medicare Part B coverage (which was typically deducted from your social security check). You can tell if you have been enrolled in Medicare Part B by looking at your Medicare insurance card. It will say if you have been enrolled in Part B.

If you took one of the GSK Covered Drugs when you were an inpatient in the hospital, you did not make a co-payment under Medicare Part B. However, if a GSK Covered Drug was prescribed or administered by your doctor as a part of an outpatient treatment at a clinic, and you are enrolled in Medicare Part B, you may have been billed a co-payment of 20% of the drug cost if Medicare is your primary payer.

For the vast majority of people enrolled in Medicare, Medicare is the primary payer. Medicare is your secondary payer only if: (a) you or your spouse have continued to work after age 65 and have accepted the employer's health care insurance, or (b) you are a disabled person under 65 and have large group health plan coverage through your current job or the job of a family member. Unless either of these situations applies to you, your co-payment for a Covered Drug would have been under Medicare Part B.

## BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU GET

### 7.  What does the Proposed Settlement provide?

GSK has entered into a Proposed Settlement with the Plaintiffs and has agreed to pay $70 million to settle these and other related claims. A $4.5 million payment to certain State Attorneys General, as well as attorneys' fees and the costs of administering the Proposed Settlement, will be deducted from the Settlement Fund before distributions to Class Members.

- 30% of the remaining fund will be distributed in cash to consumer Class Members who paid for all or part of the cost of the drugs and submit a valid claim form.

- 70% of the remaining fund will be set aside to pay the claims of insurer Class Members (sometimes referred to as "Third-Party Payor Class Members" or "TPP Class Members") who have submitted a valid claim and a separate and independent group of TPPs (referred to as the "Independent Settling Health Plans" or "ISHPs") who have agreed to settle their claims against GSK for a portion of the Settlement funds.

The Court must approve the distribution of the Settlement Fund.

### 8.  How do I file a claim?

Attached to this notice is a claim form.  You must fill out the claim form and submit it to the Claims Administrator, postmarked by MONTH DAY, YEAR, and addressed to:

_____

_____

As part of your claim you must attest that you are a Class Member entitled to a Settlement payment for the drugs for which you make a claim (or that you are an heir of a Class Member that is authorized to submit the claim on behalf of a Class Member) and must provide the Claims Administrator with the total amount of your out-of-pocket payments for each Covered Drug for which you are making a claim.  In addition, you must provide one proof of payment for each of the Covered Drugs for which you are filing a claim.  Proof of payment may be in the form of:

- a written prescription for the drug;
- a receipt, cancelled check, or credit card statement that shows that you have paid for the drug;
- an EOB (explanation of benefits) that shows you made or are obligated to make a percentage co-payment for the drug;
- a letter from you physician stating that he or she prescribed and that you paid or were obligated to pay a percentage co-payment for the drug at least once and setting forth the amount of the co-payment; or
- a notarized statement signed by you indicating you paid or are obligated to pay a percentage co-payment for the drug between January 1, 1991 through August 10, 2006, including the total of all percentage co-payments for the drug during that time period.

The total amount of your out-of-pocket expenses for each drug will be multiplied by the specific "Recognized Claim Percentage" or "RCP" for each drug  in order to determine the amount of your claim for that particular drug.  The RCP for each GSK Covered Drug may vary.

The RCPs for each drug are listed below:

|  | Drug Name | Dosages | Recognized Claim Percentage |
|---|---|---|---|
| **GSK Category A Drugs** | **Kytril Injection** (granisetron HCL) | Injection: 1mg/ml | **50%** |
|  | **Zofran Injection** (ondansetron HCL) | Injection: 2mg/ml<br>Injection (Pre-mixed): 32mg/50ml; 4mg/50ml | **50%** |
|  |  |  |  |
| **GSK Category B Drugs** | **Alkeran** (melphalan) | Injection: 50mg<br>Tablets: 2mg | **5%** |
|  | **Imitrex** (sumatriptan) | Injection: 12mg/1ml (6mg/0.5ml) | **5%** |
|  | **Kytril Tablets** (granisetron HCL) | Tablets: 1mg | **5%** |
|  | **Lanoxin** (digoxin) | Injection: 0.5mg/2ml; 0.1mg/ml | **5%** |
|  | **Myleran** (busulfan) | Tablets: 2mg | **5%** |
|  | **Navelbine** (vinorelbine tartrate) | Injection: 10mg/ml; 50mg/5ml | **5%** |
|  | **Retrovir** (zidovudine) | IV Infusion: 10mg/ml | **5%** |
|  | **Ventolin** (albuterol) | Inhalation: 0.083% 3ml; 0.5% 5mg/ml | **5%** |
|  | **Zofran Orals** (ondansetron HCL) | Tablets: 4mg; 8mg; 24mg<br>Solution: 4mg/5ml<br>ODT: 4mg; 8mg | **5%** |
|  | **Zovirax** (acyclovir) | Powder for Injection: 500mg; 1000mg | **5%** |
|  | **Zantac** (ranitidine HCL) | Injection: 25 mg/ml<br>Injection (Pre-mixed): 50mg/50ml; 50mg/100ml | **5%** |

## REMAINING IN THE CLASSES

### 9.  What am I giving up If I do nothing and stay in either or both of the Classes?

If you do nothing, you will be included in the either or both Classes.  You will be bound by the terms and conditions of the Proposed Settlement.  You will not be able to pursue any other lawsuit against GSK concerning the claims alleged in this lawsuit.  If the Proposed Settlement is approved, Plaintiffs claims against GSK will be "released."

The Proposed Settlement provides that the claims against GSK as set forth in the lawsuit will be released and members of the Classes will never be able to file a lawsuit for any claim related to this lawsuit.  All Class Members agree that they will not seek to file a claim against any GSK Releasee based, in whole or in part, on any of the claims in the lawsuit.

In addition, once the Settlement Agreement is approved, each Class Member expressly agrees to release any and all provisions, rights and benefits provided by § 1542 of the California Civil Code, which reads:

> Section 1542.  General Release; extent.  A general release does not extend
> to claims which the creditor does not know or suspect to exist in his favor at
> the time of executing the release, which if known by him must have
> materially affected his settlement with the debtor;

Class Members also expressly agree to release any and all provisions, rights and benefits provided by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

Class Members agree to forever release all claims even if they later discover new facts regarding the claims in the lawsuit.  This includes any claims related to the subject matter of the lawsuit whether known or unknown, suspected or unsuspected, contingent or non-contingent.  All claims related to the subject matter of the lawsuit will be released forever whether or not the facts were concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

Each Class Member also expressly agrees to release any and all Released Class Claims it may have against Defendants under § 17200, et seq., of the California Business and Professions Code.  This includes claims relating to any drug price published by any commercial price reporting service, or provided by any GSK Releasee to any such commercial price reporting service  (including, but not limited to, AWP, SLP, WAC, NWP, WPP and Direct Price).  Each Class Member also expressly agrees to forever release any claims regarding any marketing activity relating to any such price, such as any reference to the difference between (1) a price paid and (2) any reported price or reimbursement rate based on such a reported price, arising from the facts alleged in the MDL No. 1456 Complaints concerning the GSK Covered Drugs.

11

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT CLASSES

### 10.  What do I do if I don't want to be in the Proposed Settlement?

If you don't want to be in either or both of the Classes and you want to keep the right to sue GSK about the same claims on your own, you must take steps to get out of the Classes. This is called excluding yourself.  By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against GSK about the claims in this lawsuit.  If you exclude yourself from the Classes, you will not be able to file a claim for money or benefits and you will not be in the Proposed Settlement.

### 11.  How do I exclude myself from the Classes?

To exclude yourself from either or both of the Classes, you can (a) fill out and mail the attached opt-out form or (b) send a letter signed by you that includes all of the following:

- Your name, address, and telephone number;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- A statement that you want to be excluded from either or both (or all) of the Classes, specifying which class you seek to exclude yourself from.

Your exclusion letter must be mailed first class, **postmarked on or before [Month Date,] 2006,** to:

> GSK AWP Litigation Administrator
> P.O. Box xxx
> City, State Zip code

Please remember that you can't exclude yourself by phone or by sending an email.

## COMMENTING ON THE PROPOSED SETTLEMENT

### 12.  Can I object to or comment on the Proposed Settlement?

If you have comments about, or disagree with, any aspect of the Proposed Settlement, including the requested attorneys' fees or the expense reimbursement plan, you may express your views to the Court through a written response to the Proposed Settlement. The written response should include your name, address, telephone number and a brief explanation of your reasons for objection.  The document **must** be signed to ensure the Court's review. The response must be postmarked no later than **Month, Day 2007** and mailed to:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse

1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:

01-CV-12257-PBS, MDL No. 1456

### 13. What is the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement?

An objection to the Proposed Settlement is made when you wish to remain a Class Member and be subject to the Proposed Settlement, but disagree with some aspect of the Proposed Settlement. An objection allows your views to be heard in Court. In contrast, exclusion means that you no longer are a Class Member and ultimately do not want to be subject to the Proposed Settlement's terms and conditions. Once excluded, you lose any right to object to the Proposed Settlement or to the attorneys' fees because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer representing my interests in this case?

Yes. The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
*and*
One Main Street, 4th Floor
Cambridge, MA 02142

Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite 2000
Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of the Settlement Fund. More information about Class Counsel and their experience is available at the Web

sites listed above.

### 15. How will the lawyers be compensated?

Class Counsel will request that the Court award attorneys' fees not to exceed thirty-three and a third percent (33.33%) of the Proposed Settlement Fund, plus reimbursement of expenses. The Court, at its own discretion, may award more or less than these requested amounts without further notice to the Class Members. Again, if you choose to hire your own attorney, you will be responsible for that attorney's fees and expenses.

### 16. Should I get my own lawyer?

You don't need to hire your own lawyer. If you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (*see* Question 20 to find out how to submit a Notice of Appearance). If you hire a lawyer to appear for you in the lawsuit, you will have to make your own arrangement for that lawyer's compensation.

### 17. Payments to Class Representatives

The Court may award payments to the individuals and entities who served as Class Representatives in this case, and any such payments will come out of the Settlement Fund. The lawyers for the Class will request the Court to award a total of $25,000 as payments to Consumer Class representatives in this case and $100,000 as payments to TPP Class representatives in this case.

## THE COURT'S FINAL APPROVAL HEARING

### 18. When and where will the Court decide on whether to grant final approval of the Proposed Settlement?

The Court will hold a Final Approval Hearing on _____ at _____ to consider whether the Proposed Settlement is fair, reasonable, and adequate. At the Hearing, the Court will decide whether to approve the Proposed Settlement and the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time.

Note: The hearings may be postponed to a different date without additional notice. Updated information will be posted on the GSK AWP Proposed Settlement website at _____.

### 19. Must I attend the Final Approval Hearing?

Attendance is not required, even if you properly mailed a written response. Class Counsel is prepared to answer the Court's questions on your behalf. If you or your personal attorney still want to attend the hearing, you are more than welcome at your expense. However, it is not necessary that either of you attend. As long as the objection was postmarked before the deadline the Court will consider it.

## 20.  May I speak at the Final Approval Hearing?

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" **must** be postmarked no later than **Month Day 2007**. You cannot speak at Hearing if you asked to be excluded from the Proposed Settlement Class.

The Notice of Appearance must be filed with the Court at the following address:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:

01-CV-12257-PBS, MDL No. 1456

## GETTING MORE INFORMATION

## 21.  Where do I obtain more information?

More details are in the Complaint filed by Class Counsel, and the other legal documents that have been filed with the Court in this lawsuit. You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. www.xxxxxxx.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the GSK AWP Proposed Settlement website at www.xxxx
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy)
- Write to: GSK AWP Litigation Administrator, PO Box xxxx, City, State Zip

**[date]**

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Docket No. 01-CV-1225747-PBS, MDL No. 1456 – GSK Settlement

# CONSUMER CLAIM FORM

## I'd Like a Payment from the GSK Settlement Fund.

If you would like to submit a claim for part of the Settlement Fund, complete this form and mail it to the address below, along with one proof of payment for each drug (see Section D below). You may be asked for more information at a later time.

### *Your claim must be postmarked by Month 00, 0000.*

*It should be mailed to:*          GSK AWP Settlement Administrator
                                   P.O. Box 000000
                                   City, ST 000000

### Section A – Claimant Identification

Please indicate whether you are claiming on your own behalf as a Class Member or on behalf of someone else who is a Class Member:

\_\_\_\_          I am a Class Member

\_\_\_\_          I am an heir of a Class Member and am filing on behalf of the Class
              Member

If you are filing on behalf of a Class Member, please indicate your relationship to the Class Member in the space provided below:

_____

_____

### Section B – Contact Information

_____
*Class Member's Name*

_____

16

*Claimant's Street Address*                                    *Apartment*

---

*City*                                    *State*                                    *Zip Code*

## Section C – Purchase Information

**In the chart below, please provide the amount paid by the Class Member, or the amount the Class Member is obligated to pay, for each of the GSK Covered Drugs listed below, during the Class Period listed at the top of the column. Please place the amount of the payment under the column that corresponds to the Class to which the Class Member belongs. A Class Member may have payments in just one of the Classes or both. For the difference between the two Classes, please consult the Notice.**

**Do not include flat co-payments.**

| | Drug Name | Medicare Part B Class<br><br>January 1, 1991 -<br>January 1, 2005 | Private Payor Class<br><br>January 1, 1991 –<br>August 10, 2006 |
|---|---|---|---|
| **GSK Category A Drugs** | **Kytril Injection (granisetron HCL)** | $ | $ |
| | **Zofran Injection (ondansetron HCL)** | $ | $ |
| | | | |
| **GSK Category B Drugs** | **Alkeran (melphalan)** | $ | $ |
| | **Imitrex (sumatriptan)** | $ | $ |
| | **Kytril Tablets (granisetron HCL)** | $ | $ |

17

| | | | |
|---|---|---|---|
| | | | |
| | Lanoxin (digoxin) | $ | $ |
| | Myleran (busulfan) | $ | $ |
| | Navelbine (vinorelbine) | $ | $ |
| | Retrovir (zidovudine) | $ | $ |
| | Ventolin (albuterol) | $ | $ |
| | Zofran Orals (ondansetron HCL) | $ | $ |
| | Zovirax (acyclovir) | $ | $ |
| | Zantac (rantidine HCL) | $ | $ |

## Section D – Proof of Payment

**For each of the drugs for which you have provided a purchase amount in the table in Section C above, you must provide one (1) proof of payment.**

Proof of payment may be in the form of any of the following:

(1) a written prescription for the drug;

(2) a receipt, cancelled check, or credit card statement that shows you or the Class Member have paid for the drug;

(3) an EOB (explanation of benefits) that shows that you or the Class Member made or are obligated to make a percentage co-payment for the drug;

(4) a letter from your or the Class Member's physician stating that he or she prescribed and that the Class Member paid or is obligated to pay a percentage co-

18

payment for the drug at least once and setting forth the amount of the co-payment; or

(5) a written declaration by the Class Member attesting that they paid or are obligated to pay a percentage co-payment for the drug between January 1, 1991 through August 10, 2006, including the total of all percentage co-payments for the drug during that time period.

## Section E – Claimant Signature

I declare that the information provided here is correct.  If not submitting this for myself, I declare that I am authorized to submit this form on behalf of the Class Member identified above.

_____          _____
*Signature*                                              ***Date***

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Docket No. 01-CV-1225747-PBS, MDL No. 1456 – GSK Settlement

## CONSUMER EXCLUSION FORM

## Only Complete this Form if You **DO NOT** Want to be Included in Either or Both of the GSK Settlement Classes

*By Completing This Form You Are Excluding Yourself From Either or Both of The GSK Settlement Classes and You Will Not Be Included in the Proposed Settlement with GSK and You Will Not Be Able to File a Claim For Part of the Settlement Fund.*

Please check the box(es) indicating which of the Classes you wish to exclude yourself from:

☐ *Both Classes: (Medicare Co-Payment Class and Private Payor Class)*

☐ *Medicare Co-Payment Class only*

☐ *Private Payor Class only*

I would like to be excluded from the Class(es) indicated above. I understand that by doing so I am excluding myself from either or both of the Classes and that as a result I will not be included in the Proposed Settlement as a member of the Class(es) from which I am excluding myself. I understand that I will not be able to file a claim for a part of the Settlement Fund as a member of the Class(es) from which I am excluding myself.

_____

Name

_____

Street

_____

City, State, Zip code

_____

Signature                              Date

**Mail By [_____] To:**
GSK AWP Litigation Administrator
P.O. Box XXX
City, State Zip Code

20