# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| *State of Arizona v. Abbott Labs Inc., et al.*, 06-CV-11069-PBS | Judge Patti B. Saris |

## PLAINTIFF STATE OF ARIZONA'S MEMORANDUM IN
## SUPPORT OF MOTION FOR REMAND

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................................1

II.   STATEMENT OF FACTS ...........................................................................................2

III.  LEGAL ARGUMENT....................................................................................................4

   A.    Applicable Law............................................................................................................4

   B.    Defendants Have a Heavy Burden of Demonstrating That Removal
         Jurisdiction Obtains ..............................................................................................5

   C.    No Federal Question Jurisdiction Exists.................................................................5

         1.    The State has not engaged in artful pleading..................................................7

         2.    This case does not arise under federal law based on general
               "arising under" principles ...........................................................................7

         3.    Courts in Attorney General AWP litigation have routinely
               granted remand motions...........................................................................10

   D.    The Court Should Award Attorneys' Fees and Costs to the State.........................14

IV.   CONCLUSION.............................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Alabama v. Abbott Labs.*,
No. 2:05cv647-T (M.D. Ala. Aug. 11, 2005) ...................................................................12

*In re American Honda Motor Co. Dealerships Realtors Litig.*,
941 F. Supp. 528 (D. Md. 1996) .........................................................................................4

*American Well Works Co. v. Layne & Bowler Co.*,
241 U.S. 257 (1916)............................................................................................................7

*BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*,
132 F.3d 824 (1st Cir. 1997).....................................................................................1, 5, 7

*Berg v. Leason*,
32 F.3d 422 (9th Cir. 1994) ...............................................................................................9

*Brawn v. Coleman*,
167 F. Supp. 2d 145 (D. Mass. 2001) .................................................................2, 5, 6, 7

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)............................................................................................................6

*Chicago, R.I. & P.R. Co. v. Stude*,
346 U.S. 574 (1954)............................................................................................................4

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)............................................................................................................7

*Commonwealth of Pennsylvania v. Tap Pharm. Prods.*,
2005 U.S. Dist. Lexis 19967 (E.D. Pa. Sept. 9, 2005)................................................12, 13

*Connecticut v. GlaxoSmithKline PLC*,
No. 01-12257-PBS (D. Mass. Sept. 30, 2003)................................................................11

*Danca v. Private Health Care Sys.*,
185 F.3d 1 (1st Cir. 1999)...............................................................................................5, 6

*Erie R.R. v. Tompkins*,
304 U.S. 64 (1938)..............................................................................................................4

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*,
1996 U.S. Dist. Lexis 6769 (E.D. La. May 15, 1996) .......................................................4

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ...........................................................................................5

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308, 125 S. Ct. 2363, 163 L. Ed. 2d 257 (2005)........................................ *passim*

*Hunter v. United Van Lines*,
  746 F.2d 635 (9th Cir. 1984) ................................................................................. *passim*

*IBEW, Local Union 640 v. Dueck*,
  148 F. Supp. 2d 955 (D. Ariz. 2000) ...........................................................................5, 14

*In re Korean Air Lines Disaster*,
  829 F.2d 1171 (D.C. Cir. 1987), *aff'd sub nom. on other grounds*,
  *Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989) .......................................................4

*La Chemise Lacoste v. Alligator Co.*,
  506 F.2d 339 (3d Cir. 1974)............................................................................................6

*Libhart v. Santa Monica Dairy Co.*,
  592 F.2d 1062 (9th Cir. 1979) ........................................................................................5

*Merrell Dow Pharms., Inc. v. Thompson*,
  478 U.S. at 814...........................................................................................................10

*Minnesota v. Pharmacia Corp.*,
  2005 U.S. Dist. Lexis  27638 (D. Minn. Oct. 22, 2005)....................................................12

*Montana v. Abbott Labs.*,
  266 F. Supp. 2d 250 (D. Mass. 2003) ................................................................10, 11, 14

*In re Norplant Contraceptive Prods. Liab. Litig.*,
  878 F. Supp. 972 (E.D. Tex. 1995)..................................................................................4

*Patrickson v. Dole Food Co.*,
  251 F.3d 795 (9th Cir. 2001) .........................................................................................8

*In re Pharm. Indus. Average Wholesale Price Litig.*,
  431 F. Supp. 2d 98 (D. Mass. 2006) ..............................................................................11

*Postal Instant Press v. Clark*,
  741 F.2d 256 (9th Cir. 1984) .........................................................................................9

*Redwood Theatres, Inc. v. Festival Enters., Inc.*,
  908 F.2d 477 (9th Cir. 1990) .........................................................................................5

*Righetti v. Shell Oil Co.*,
   711 F. Supp. 531 (N.D. Cal. 1989) .......................................................................5

*Sullivan v. First Affiliated Sec., Inc.*,
   813 F.2d 1368 (9th Cir. 1987) ...............................................................................5

*T. B. Harms Co. v. Eliscu*,
   339 F.2d 823 (2d Cir. 1964).....................................................................................9

*In re TMJ Implants Prods. Liab. Litig.*,
   872 F. Supp. 1019 (D. Minn. 1995), *aff'd*,
   97 F.3d 1050 (8th Cir. 1996) ...................................................................................4

*Tempelman v. Colsia*,
   2002 U.S. Dist. Lexis 19037 (D.N.H. Sept. 26, 2002) ..........................................8

*Texas v. Abbott Labs.*,
   No. A-05-CA-897-LY (W.D. Tex. Dec. 5, 2005)...................................................12

*The Fair v. Kohler Die & Specialty Co.*,
   228 U.S. 22 (1913).................................................................................................6

*Wisconsin v. Abbott Labs.*,
   No. 05-C-408-C (W.D. Wis. Sept. 29, 2005) .................................................13, 14

## STATUTES

28 U.S.C. § 1331................................................................................................................5

28 U.S.C. § 1447(c) ........................................................................................................14

A.R.S. § 13-2301 ..........................................................................................................1, 3

A.R.S. § 44-1522(A)......................................................................................................1, 3

# I.    INTRODUCTION

Plaintiff the State of Arizona, through Attorney General Terry Goddard, brought this law enforcement action in state court to remedy abuses that Defendants have inflicted upon Arizona's citizens as a result of Defendants' scheme to artificially inflate the Average Wholesale Prices ("AWPs") of their drugs upon which private insurance and Medicare reimbursements are based.  The State's claims are based solely on state law:  claims for violations of the Arizona Consumer Fraud Act, A.R.S. § 44-1522(A), and racketeering under Arizona's Racketeering Act, A.R.S. § 13-2301, *et seq.*  Nonetheless, Defendants have improvidently removed this action to federal court, and the case should be remanded.

*Every court to consider a motion for remand filed by a State Attorney General in AWP litigation has rejected federal jurisdiction in cases involving solely state-law AWP claims.*  See *infra* Part III.C.2, citing decisions from AWP cases brought by the Attorneys General of Alabama, Connecticut, Minnesota, New York, Pennsylvania, Texas, and Wisconsin.  Under the "well-pleaded complaint" rule, a plaintiff can choose to rely on state law, and federal jurisdiction will not obtain unless (i) the plaintiff has engaged in "artful pleading," and (ii) federal law creates the cause of action such that it generally arises under federal law.  *See*, *e.g.*, *Hunter v. United Van Lines*, 746 F.2d 635, 640, 644 (9th Cir. 1984).  Neither of these two exceptions to the well-pleaded complaint rule applies here.

Federal jurisdiction is not available under the so-called "artful pleading" doctrine.  A close reading of the State's complaint demonstrates that the State's claims do not arise under federal law.  The State pleads only state-law causes of action, and no federal law serves to preempt these claims.  Thus, Defendants cannot establish federal jurisdiction under the "artful pleading" doctrine.  *See infra* Part III.C.1; *BIW Deceived v. Local S6, Indus. Union of Marine &*

- 1 -

*Shipbuilding Workers*, 132 F.3d 824, 832 (1st Cir. 1997); *Brawn v. Coleman*, 167 F. Supp. 2d 145, 149 (D. Mass. 2001) (quoting *BIW*); *Hunter*, 746 F.2d at 640.

Nor can Defendants establish federal jurisdiction under general "arising under" principles. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 2368, 163 L. Ed. 2d 257 (2005). Arizona is ***not*** required to prove a violation of ***federal*** law in order to prove that Defendants violated any of the state laws identified in the State's counts. Although federal law plays a preliminary threshold role in only part of the case (to wit, the mere fact that Medicare Part B reimbursements used to be based on AWP), Defendants' conduct is made unlawful by ***Arizona*** law: By artificially inflating AWPs, Defendants have engaged in deceptive acts or practices, fraud, false pretenses, false promises, misrepresentations, concealments, suppressions or omissions of material fact in violation of the Consumer Fraud Act, and have committed prohibited racketeering. Because a substantial proposition of federal law does not form a "direct and essential element" of the State's causes of action – let alone ***any*** element, the State's claims do not arise under federal law based on general "arising under" principles. *Hunter*, 746 F.2d at 644. Nor do the State's claims raise a federal issue, "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368. *See infra* Part III.C.2.

The Court does not have jurisdiction over this litigation. Accordingly, Arizona respectfully requests an expedited remand and an award of attorneys' fees and costs.

## II.     STATEMENT OF FACTS

On December 6, 2005, the State of Arizona, through Attorney General Terry Goddard, brought this law enforcement action in the Maricopa County Superior Court. Arizona alleges

that Defendants have undertaken a massive, coordinated scheme to inflate the Average

Wholesale Price, or "AWP" for certain drugs manufactured by Defendants.

It is a standard practice in the pharmaceutical industry for Third-Party Payors (primarily

private insurers and health and welfare plans), certain patients and, formerly, the federal

Medicare Part B program, to reimburse physicians and pharmacies for certain drugs based upon

the AWP.  Thus, when Defendants intentionally inflate the AWP, these payors provide a

reimbursement amount for drugs in excess of what the provider actually paid for the drug.  This

"spread" between the reimbursement amount and the actual cost, which is created by

Defendants' intentional scheme, provides an incentive for the provider to prescribe Defendants'

medications; this is why Defendants inflate the AWP.  ¶¶ 1-13.[1]

Thus, in a perversion of the type of competitive behavior expected in a market not subject

to illegal manipulation, Defendants often promote their drugs not based on lower prices, but by

the use of reimbursement rates based on fictitious and inflated AWPs that allow participants in

the distribution chain to make inflated profits and Defendants to increase their market share.

This is done at the expense of Arizona residents, many of whom make payments based on AWP

for their prescription drugs.  Unfortunately, some of the most vulnerable in our state are often the

hardest hit by this practice, particularly the elderly undergoing chemotherapy.  ¶¶ 14-19.

In order to remedy this wrongful conduct, Arizona has asserted two causes of action

brought solely under Arizona law:  (i) a claim for violation of Arizona Consumer Fraud Act,

A.R.S. § 44-1522(A) (¶¶ 569-78); and (ii) racketeering under Arizona's Racketeering Act,

A.R.S. § 13-2301, *et seq.* (¶¶ 579-85).  In this law enforcement suit, the State seeks to return to

its residents the increased medication costs caused by Defendants' wrongful conduct, to disgorge

---

1 "¶" references paragraphs in the State's December 6, 2005, Complaint for Violation of the Consumer Fraud Act and Racketeering.

- 3 -

Defendants' excessive profits from the artificially inflated AWP scheme, and to enjoin further violations of Arizona law.  ¶ 21.

On January 5, 2006, Defendants filed a Notice of Removal in the United States District Court for the District of Arizona, asserting federal question jurisdiction under 28 U.S.C. § 1331. All Defendants have joined in the removal.  On January 24, 2006, Arizona moved for remand. Before the Arizona District Court decided that motion, the Judicial Panel on Multi-District Litigation transferred the case to this Court.

### III.    LEGAL ARGUMENT

**A.    Applicable Law**

Remand and removal are rights that are governed by federal law.  *See*, *e.g.*, *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 579-80 (1954); *In re Norplant Contraceptive Prods. Liab. Litig.*, 878 F. Supp. 972, 975 (E.D. Tex. 1995). Because federal law is presumed to be unitary, courts apply the law of all circuits, giving "close consideration" to decisions from the transferor court's circuit.  *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1173-76 (D.C. Cir. 1987), *aff'd sub nom. on other grounds*, *Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989); *In re American Honda Motor Co. Dealerships Realtors Litig.*, 941 F. Supp. 528, 536-37 (D. Md. 1996).  If a conflict exists among the circuits, the court applies the law of the circuit in which it sits.  *Korean Air Lines*, 829 F.2d at 1175-76; *American Honda*, 941 F. Supp. at 536; *see also In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1996 U.S. Dist. Lexis 6769, at *4 (E.D. La. May 15, 1996); *In re TMJ Implants Prods. Liab. Litig.*, 872 F. Supp. 1019, 1024 (D. Minn. 1995) ("In analyzing questions of federal law, the transferee court should give 'close consideration' to the law of the transferor court, but should apply the law as it has been interpreted by the transferee circuit court.") (quoting *Korean Air Lines*), *aff'd*, 97 F.3d 1050 (8th Cir. 1996).

**B.      Defendants Have a Heavy Burden of Demonstrating That Removal Jurisdiction Obtains**

In determining whether they have subject-matter jurisdiction, courts strictly construe the removal and jurisdictional statutes against finding jurisdiction and in favor of remand. *Danca v. Private Health Care Sys.*, 185 F.3d 1, 4 (1st Cir. 1999); *Brawn v. Coleman*, 167 F. Supp. 2d at 148; *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Every doubt concerning whether removal was proper should therefore be resolved in favor of remand. *Brawn*, 167 F. Supp. 2d at 148; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart*, 592 F.2d at 1064); *IBEW, Local Union 640 v. Dueck*, 148 F. Supp. 2d 955, 958 (D. Ariz. 2000).

Once the plaintiff files a motion to remand, the defendant, as the party invoking federal jurisdiction and seeking removal, has the burden of proving that removal was proper and that the district court has subject-matter jurisdiction. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d at 831; *Brawn,* 167 F. Supp. 2d at 148; *Redwood Theatres, Inc. v. Festival Enters., Inc*., 908 F.2d 477, 479 (9th Cir. 1990); *Hunter*, 746 F.2d at 639; *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 n.3 (N.D. Cal. 1989) (it is not "fundamentally unfair" for the court to curb defendant's "expectancy" of removal). This "strong presumption" or "strict construction" against removal jurisdiction, *Gaus*, 980 F.2d at 566; *Dueck*, 148 F. Supp. 2d at 958, means that the burden is a heavy one. As demonstrated below, Defendants cannot sustain it.

**C.      No Federal Question Jurisdiction Exists**

Defendants' Notice of Removal asserts that the State's claims fall within the jurisdiction conferred by 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.").  Notice of Removal at 5.  Close scrutiny of those claims, however, proves otherwise.

In deciding whether a suit "arises under" federal law for purposes of removal jurisdiction, the Court employs the "well-pleaded complaint rule."  *Danca,* 185 F.3d at 4; *Brawn*, 167 F. Supp. 2d at 148; *Hunter*, 746 F.2d at 640.  Under this rule, plaintiff "is generally considered the master of his own complaint and can avoid federal question jurisdiction by relying solely on state-law causes of action."  *Brawn*, 167 F. Supp. 2d at 148-49 (citing *Danca*, 185 F.3d at 4; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state-law claim and defeat removal.  *Hunter*, 746 F.2d at 639; *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir. 1974) (a plaintiff alleging facts that would support both a federal and a state law claim is free to confine his claim to one based on state law and proceed in state court).  As the Supreme Court has explained:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar*, 482 U.S. at 392 (*quoted with approval in Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993)).  "Thus, a 'case may ***not*** be removed to federal court on the basis of a federal defense . . . .'"  *Brawn*, 167 F. Supp. 2d at 149 (emphasis in original) (quoting *Caterpillar*, 482 U.S. at 393).

There are exceptions to the well-pleaded complaint rule.  This Court has already discussed two of them:  (i) the "artful pleading" exception; and (ii) the complete preemption

doctrine.  *Id*.  A third is where federal law creates the cause of action, or where the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law such that the claim generally arises under federal law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988); *Hunter*, 746 F.2d at 644.  None of these exceptions apply here.[2] Accordingly, Arizona's claims do not arise under federal law, and the Court has no jurisdiction over this case.

### 1.     The State has not engaged in artful pleading

Jurisdiction under the artful pleading doctrine is found only "when a review of the complaint, taken in context, reveals a colorable federal question within a field in which state law is completely preempted."  *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d at 832; *Brawn*, 167 F. Supp. 2d at 149 (quoting *BIW*).  The artful pleading doctrine thus operates to permit courts to re-characterize a plaintiff's state-law claim as a federal claim.  *Id*.

Here, Arizona's complaint pleads only state-law causes of action.  There has been no "artful pleading," as no federal law serves to preempt these claims.  Indeed, Defendants have not raised preemption as a reason supporting removal.[3]

### 2.     This case does not arise under federal law based on general "arising under" principles

"A suit arises under the law that creates the cause of action."  *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).  "'[A] suit arises under an act of Congress . . . if it . . . "hinges on" the act's interpretation.'"  *Hunter*, 746 F.2d at 644 (quoting *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1366 (9th Cir. 1981)).  This does not mean

---

[2] Defendants have not invoked complete preemption, which will not be discussed any further below.

[3] Furthermore, under the Ninth Circuit test, Defendants have not cited a federal law that supplants state law and then also provides Arizona with a cause of action to remedy Defendants' pervasive wrongdoing.  *See Hunter*, 746 F.2d at 642-43.

that a suit arises under federal law when plaintiff's success depends in any way on the

application of federal law. *Id*. at 645; *see also Tempelman v. Colsia*, 2002 U.S. Dist. Lexis

19037, at *3 (D.N.H. Sept. 26, 2002) ("The mere presence of a federal issue in a state cause of

action does not automatically confer federal-question jurisdiction.") (quoting *Merrell Dow*

*Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).  Rather, a suit arises under federal law

when a "substantial proposition of federal law must form a direct and essential element of the

plaintiff's cause of action."  *Hunter*, 746 F.2d at 644 (internal quotations omitted); *Patrickson v.*

*Dole Food Co.*, 251 F.3d 795, 799 (9th Cir. 2001).  As the Supreme Court recently posited, "the

question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and

substantial, which a federal forum may entertain without disturbing any congressionally

approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods.,*

*Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. at 2368.  Factors to consider include "the combination of

no federal cause of action and no preemption of state remedies," which serve as "important

clue[s] to Congress's conception of the scope of jurisdiction to be exercised under § 1331."  *Id.*

at 2370.

In *Hunter*, defendants argued that federal law formed a "direct and essential element" of

each of plaintiffs' state causes of action because plaintiffs could only prevail on their claims if

they established that their federal Carmack Amendment claim was meritorious.  The court

acknowledged that federal law was an ***ingredient*** in plaintiffs' state-law claims, especially

plaintiffs' claim that defendants acted in bad faith by allegedly harassing and intimidating

plaintiffs in order to cause them to abandon their Carmack Amendment claims.  746 F.2d at 644-

45.  However, the court explained that

> The gist of plaintiffs' bad faith claim is that defendants engaged in
> conduct regarding the handling of the underlying claim that is

> made unlawful by California; the federal element merely
> determines as a preliminary matter, whether the duty imposed by
> the state is applicable in the case of a particular transaction. The
> fact that federal law plays a preliminary threshold role in the case
> of state claims such as this one does not, by itself, transform such
> state claims into federal ones.

*Id.* at 646; *see also Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984) (denying "arising

under" jurisdiction in trademark case even though the trademark rights were in the first instance

were created by federal law) (cited by *Hunter*); *T. B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.

1964) (federal "arising under" jurisdiction denied even though copyright was created by federal

law) (cited by *Hunter*).[4]

Here, Arizona is ***not*** required to prove a violation of ***federal*** law in order to prove that

Defendants violated the state laws identified in the State's counts. Federal law is barely even

relevant, let alone a "direct and essential element of the plaintiff's cause of action." *Hunter*, 746

F.2d at 644. Although the federal Medicare scheme formerly based drug reimbursements on

AWP under Part B, that is hardly enough to find federal jurisdiction over this action. First, the

Medicare reimbursement scheme is irrelevant to claims brought on behalf of private residents

and TPPs making reimbursements ***outside*** of the Medicare Part B program. Second, no federal

law or regulation even defines AWP, demonstrating an absence of an "actually disputed and

---

[4] The Ninth Circuit later endorsed the *Hunter* analysis and holding in *Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994). *Berg* was a malicious prosecution action brought under California law stemming from an earlier-filed action against Berg for violations of federal securities laws and federal RICO. In evaluating removal of the case to federal court where preemption was not at issue (like here), the court rejected defendants' contention that because the state-law cause of action required a threshold analysis of the former federal securities and RICO claims, the case raised substantial questions of federal law such that § 1331 jurisdiction existed. *Id.* at 425. The court reviewed *Hunter* and applied it to the facts before it, beginning with an analysis of plaintiff's state-law cause of action. To prove malicious prosecution in California, the plaintiff must demonstrate, among other things, that the prior action was brought without probable cause. *Id.* at 424. This necessarily requires an analysis of those federal statutes and their elements, yet this was not enough to find "arising under" jurisdiction. The court found that "the degree of strength required to put the underlying federal claim over the probable cause threshold" was determined by reference to other elements of the state law cause of action (*e.g.*, malice) that did not turn at all on the application of federal law. *Id.* at 425. Thus, the court held that "the task of deciding whether an underlying federal claim was legally tenable d[id] not raise a substantial question of federal law." *Id.*

- 9 -

substantial" federal issue.  *Grable*, 125 S. Ct. at 2368.  Third, even for claims brought on behalf of Medicare beneficiaries, like the claims in *Hunter, Berg, Clark* and *Eliscu*, federal law plays at best only a preliminary threshold role in the case by virtue of the simple fact that AWP's were initially established as part of the federal Medicare program.[5]  But even if federal law played an essential role (and it does not), the absence of both a federal cause of action and federal preemption of state remedies weighs heavily toward finding that federal jurisdiction does not obtain.  *Grable*, 125 S. Ct. at 2368; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 814; *Montana v. Abbott Labs.*, 266 F. Supp. 2d 250, 256 (D. Mass. 2003).

Defendants cannot come close to demonstrating federal "arising under" jurisdiction in this case.  Defendants' conduct is made unlawful by ***Arizona*** law:  By artificially inflating AWPs, Defendants have engaged in deceptive and fraudulent acts or practices prohibited by the Arizona Consumer Fraud Act and have engaged in racketeering prohibited by the Arizona Racketeering Act.  Accordingly, Arizona's claims do not arise under federal law based on general "arising under" principles.

### 3.    Courts in Attorney General AWP litigation have routinely granted remand motions

This Court has uniformly remanded state Attorney General AWP actions, like the instant case, where no "best price" claims were brought.  In *Montana v. Abbott Labs.*, 266 F. Supp. 2d 250 (D. Mass. 2003), the Court granted the State of Minnesota's motion for remand, soundly rejecting Defendants' argument that Minnesota's claims arose under federal law because an essential element of the claims had broad implications for the Medicare program.  Citing *Merrell Dow*, the Court explained that even if a violation of the Medicare statute was seen as a necessary

---

[5] Even this reference to federal law is far more tangential than the federal laws implicated in *Hunter* and *Berg*, yet found insufficient to support federal jurisdiction in those cases.

element of Minnesota's Medicare-beneficiary claims, *the federal issue was not substantial enough to create federal jurisdiction*. *Id*. at 256-57. Relying on its *Montana* decision, the Court then granted motions to remand filed by the States of Connecticut and New York. *See Connecticut v. GlaxoSmithKline PLC*, No. 01-12257-PBS, slip. op. at 2 (D. Mass. Sept. 30, 2003) (attached to the Declaration of Steve W. Berman In Support of Plaintiff State of Arizona's Motion for Remand ("Berman Decl."), Ex. A)).

The Court also granted motions for remand filed by Florida, Illinois, Kentucky, and New York (the latter on removal for a second time after a previous remand), although on the basis that the removals were untimely. *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 98, 2006 U.S. Dist. Lexis 11753 (D. Mass. Mar. 13, 2006). In that decision, the Court in dicta stated that "it is a close question whether federal jurisdiction exists under the *Grable* three-part test" announced by the Supreme Court after the Court's *Montana* decision. *Id*. at *28. But *Grable* does not alter this Court's proper analysis in *Montana*. The Court's finding in *Montana* that the federal issue was "not substantial enough to create federal jurisdiction," *Montana*, 266 F. Supp. 2d at 257, is in harmony with *Grable*'s command that, before general "arising under" jurisdiction can be found, the state-law claim must necessarily raise an "actually disputed and substantial" federal issue. 125 S. Ct. at 2368.

Furthermore, the Court's reliance in *Montana* on *Merrell Dow* remains sound in light of the *Grable* court's express approval of the *Merrell Dow* court's treatment of "the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." 125 S. Ct. at 2370. Using words particularly applicable to the instant case, the court further expounded on the significance of that absence:

- 11 -

The absence of any federal cause of action affected *Merrell Dow*'s result two ways.  The Court saw the fact as worth some consideration in the assessment of substantiality.  But its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331.  The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.  ***For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases***.

*Id*. (emphasis added).

Thus, although the absence of a federal cause of action does not automatically end the inquiry, *Grable* holds that such an absence continues to be an "***important clue***" as to whether federal "arising under" jurisdiction exists in any case.  Under *Grable*, that "important clue" carries great significance and continues to weigh heavily in favor of remand.

Indeed, recent decisions by other federal district courts in AWP-related Attorney General litigation have applied *Grable* and remanded the actions back to state court where they belong. *Alabama v. Abbott Labs.*, No. 2:05cv647-T, slip op. at 1 (M.D. Ala. Aug. 11, 2005) (Berman Decl. Ex. B) ("After careful consideration of the state-law claims presented in this case, the court does not believe that the claims 'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'") (quoting *Grable*); *Texas v. Abbott Labs.*, No. A-05-CA-897-LY, slip op. at 6 (W.D. Tex. Dec. 5, 2005) (Berman Decl. Ex. C) (rejecting jurisdiction under *Grable*); *Commonwealth of Pennsylvania v. Tap Pharm. Prods.*, 2005 U.S. Dist. Lexis 19967, at *22-23 (E.D. Pa. Sept. 9, 2005) (Berman Decl. Ex. D)

- 12 -

(rejecting jurisdiction under *Grable*); *Minnesota v. Pharmacia Corp.*, 2005 U.S. Dist. Lexis

27638, at *10-11 (D. Minn. Oct. 22, 2005) (Berman Decl. Ex. E) (rejecting jurisdiction under

*Merrell Dow* and *Grable*); *Wisconsin v. Abbott Labs.*, No. 05-C-408-C, slip op. at 17-18 (W.D.

Wis. Sept. 29, 2005) (Berman Decl. Ex. F) (rejecting jurisdiction under *Grable*).  Defendants fail

to cite ***any*** of these on-point decisions in their Notice of Removal.

   The *Pennsylvania* court found that the Commonwealth's state-law based complaint

contained "no suggestion anywhere in the pleading [that] the Commonwealth is suing to

vindicate a federal right or seek redress for a violation of federal law."  2005 U.S. Dist. Lexis

19967, at *22.  Applying *Grable*, the court also found that

> the term "average wholesale price" is not "actually disputed"
> because the Commonwealth does not premise its . . . claim on the
> construction of these words as they appear in the applicable
> Medicare statute and regulations.  Neither Congress nor Medicare
> ever defined "average wholesale price," and there were no
> regulations in place to approve AWP or verify the accuracy of the
> reported figures.  Faithful adherence to the plain language of these
> words does not reveal an aspect of federal law that is "actually
> disputed."
>
>       [Moreover,] the administration of Medicare would be
> unaffected by a state-court adjudication of this matter for two
> reasons.  First, AWP is no longer the standard for reimbursement
> under Medicare.  Secondly, even if it were, a court would not need
> to construe the term "average wholesale price" beyond its plain
> meaning.  Simply put, the method for reimbursement would be
> unaltered. . . .  Therefore, the Commonwealth's . . . claim to
> recover Medicare co-payments does not present a substantial issue
> of federal law.  [*Id.*, at *23-26.]

   Defendants cite this Court's denial of remand motions in the Montana and Nevada

Attorney General cases, yet those decisions are distinguishable.  In both, the states brought

claims based on Defendants' violations of "best price" reporting obligations under the federal

Medicaid law, in addition to AWP fraud claims.  The Court ruled that the "best price" claims

were based on contracts signed with the federal government for which federal common law

would apply.  Consequently, those claims arose under federal law for purposes of finding federal jurisdiction.  *Montana*, 266 F. Supp. 2d at 258-59.[6]  No such claims are brought, or remotely implicated by, Arizona's action here.  Furthermore, the Court did not find "arising under" jurisdiction over Montana's AWP claims – consistent with the Court's decisions in the Minnesota and New York matters – and asserted jurisdiction over those claims only as a matter of "supplemental jurisdiction."  *Id.* at 260, 263.

**D.     The Court Should Award Attorneys' Fees and Costs to the State**

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The standard set forth by the Ninth Circuit in determining whether fees and costs should be awarded upon remand is whether removal of the action was 'fairly supportable.'"  *IBEW, Local Union 640 v. Dueck*, 148 F. Supp. 2d at 964 (quoting *Schmitt v. Insurance Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988)).  As demonstrated above, Defendants' removal here was not even close to "fairly supportable," particularly given that District Courts have been unanimous in their remand of similar Attorney General AWP claims.  Therefore, an award of attorneys' fees and costs to Arizona is in order.  *See also Wisconsin v. Abbott Labs.*, No. 05-C-408-C, slip op. at 17-18 (W.D. Wis. Sept. 29, 2005) (awarding fees and costs for remand) (Berman Decl. Ex. F).

## IV.     CONCLUSION

For the foregoing reasons, the Court should exercise its sound discretion to remand this case that invokes important state interests under state law.

---

[6] The court distinguished *Hunter* on the basis that *Hunter* did not involve a contract with the federal government.  *Id.* at 259.

DATED:  August 11, 2006.

Terry Goddard
Attorney General
Firm State Bar No. 14000


By      s/ Steve W. Berman                
    Ann Thompson Uglietta
Assistant Attorney General
State Bar No. 013696
Consumer Protection and Advocacy Section
1275 West Washington
Phoenix, AZ  85007-2997
Telephone:  (602) 542-8830
Facsimile:  (602) 542-4377
Consumer@azag.gov

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292

Robert B. Carey (011186)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 E. Camelback, Suite 650
Phoenix, AZ  85016
Telephone:  (602) 840-5900

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone:  (617) 482-3700

Grant Woods
Grant Woods PC
1726 N. Seventh Street
Phoenix, AZ  85006
Telephone:  (602) 258-2599

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 11, 2006, I caused copies of **PLAINTIFF STATE OF ARIZONA'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

 /s/ Steve W. Berman
Steve W. Berman