# EXHIBIT B

Case 1:01-cv-12257-PBS    Document 2976-3    Filed 08/11/06    Page 2 of 3

Case 2:05-cv-00647-MHT-VPM    Document 162    Filed 08/11/2005    Page 1 of 2
Case 1:01-cv-12257-PBS    Document 1981    Filed 12/23/2005    Page 9 of 40

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, in its ) <br> capacity as sovereign and ) <br> on behalf of the Alabama ) <br> Medicaid Agency, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> ABBOTT LABORATORIES, ) <br> INC., et al., ) <br>   ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:05cv647-T |

ORDER

After careful consideration of the state-law claims presented in this case, the court does not believe that the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g. & Mfr., 545 U.S. ___, ___, 125 S. Ct. 2363, 2368 (2005); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987);

Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841 (1983); Gully v. First National Bank of Meridian, 299 U.S. 109, 57 S.Ct. 96 (1936).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 69) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that plaintiff's and defendants' motions to stay (Doc. nos. 71 & 109) and plaintiff's motion for expedited ruling (Doc. no. 73) are denied.

It is further ORDERED that all other substantive motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 11th day of August, 2005.

                                    /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE