# EXHIBIT E

LEXSEE 2005 U.S. DIST. LEXIS 27638

State of Minnesota, by its Attorney General, Mike Hatch, Plaintiff, v. Pharmacia Corporation, Defendant.

Civil No. 05-1394 (PAM/JSM)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

2005 U.S. Dist. LEXIS 27638

October 22, 2005, Decided
October 24, 2005, Filed

**PRIOR HISTORY:** Montana v. Abbot Labs., 266 F. Supp. 2d 250, 2003 U.S. Dist. LEXIS 9890 (D. Mass., 2003)

**COUNSEL:** [*1] For State of Minnesota, by it Attorney General, Mike Hatch, Plaintiff: Ann M Bildtsen, Minnesota Attorney General, Luverne, MN; Charles N Nauen, Robert K Shelquist, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; Michael J Vanselow, Minnesota Attorney General, St Paul, MN.

For Pharmacia Corporation, Defendant: James Lloyd Volling, Jesseca RF Grassley, Faegre & Benson LLP – Mpls, Mpls, MN; Jason E Baranski, John C Dodds, Kimberly K Heuer, Morgan Lewis & Bockius LLP, Philadelphia, PA; Scott-NA A. Stempel.

**JUDGES:** Paul A. Magnuson, United States District Court Judge.

**OPINIONBY:** Paul A. Magnuson

**OPINION:**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand and Defendant's Motion to Stay Consideration of the Motion to Remand. For the reasons that follow, Defendant's Motion is denied and Plaintiff's Motion is granted.

### BACKGROUND

The underlying action has been ongoing since 2002. Plaintiff, the State of Minnesota, filed this action on behalf of Medicare beneficiaries claiming that Defendant Pharmacia Corporation inflated the average wholesale price ("AWP") on prescription drugs, causing Medicare beneficiaries to make inflated Medicare Part B co-payments. [*2] The Complaint only alleges state law claims, including violations of the Minnesota Consumer Fraud Act, the False Statement in Advertising Act, the Fraud on Senior Citizens and Handicapped Persons Act, and the Medicaid Fraud Act. It also contains common law claims for fraud and unjust enrichment.

The Complaint was initially filed in Minnesota state court on June 18, 2002, and subsequently removed to federal court on July 18, 2002. In particular, Defendant contended that because Plaintiff's claims require a determination of whether the AWPs used by Defendant complied with the meaning of AWP under the Medicare statute, federal jurisdiction existed. Before the Court disposed of the motion to remand, the case was transferred by the Multi-District Litigation ("MDL") Panel to In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456 ("MDL Litigation"). Following transfer to the MDL Litigation, the MDL court remanded the action to Minnesota state court. Montana v. Abbot Labs., 266 F. Supp. 2d 250, 255 (D. Mass. 2003).

On June 13, 2005, the United States Supreme Court determined that the relevant question for federal jurisdiction is whether the "state-law [*3] claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005). This decision clarified the rule in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), by eliminating any requirement that a private federal cause of action exist in order for federal jurisdiction to lie.

On July 13, 2005, Defendant removed this action to this Court. The basis for removal is premised on the Supreme Court's decision in Grable. On July 14, 2005, Defendant filed a Notice of Related Action in the MDL Litigation, designating the case as a tag-along to those like

cases already transferred. On August 9, 2005, the MDL Panel issued an order conditionally transferring this action to the MDL Litigation. No final transfer order has been issued.

Defendant first requests that the Court stay a ruling on the Motion to Remand pending a final order of transfer to the MDL Litigation, so that the MDL court may decide the [*4] remand issue in conjunction with other similarly situated state-filed cases. Plaintiff argues that a stay is not warranted and claims that remand is appropriate because Defendant's removal is procedurally defective.

## DISCUSSION

In this case, the Court is faced with two Motions: a Motion to Remand and a Motion to Stay the Motion to Remand. Defendant argues that a stay is appropriate to allow for a final order of transfer to the MDL Litigation so that the Motion to Remand will be addressed in conjunction with other cases presenting the same legal and factual issues. However, Plaintiff insists that, before the Court may address Defendant's Motion to Stay, the Court must address the threshold issue of subject matter jurisdiction. Indeed, the absence of subject matter jurisdiction renders the Court powerless. Thus, the Court agrees with Plaintiff. See Pennsylvania v. Tap Pharm. Prods. Inc., 2005 U.S. Dist. LEXIS 19967, No. 05-3604, 2005 WL 2242913 (E.D. Pa. Sept. 9, 2005) (in factually and legally identical scenario, the district court found that "granting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject [*5] matter jurisdiction, would run counter to established case law, congressional intent, and [Judicial Panel on Multi-District Litigation] Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns"). In reviewing a motion to remand, the Court must strictly construe the removal statute against the party seeking removal and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. See In re Potash Antitrust Litig., 866 F. Supp. 406, 410 (D. Minn. 1994) (Kyle, J.).

### A. Timeliness

First and foremost, Plaintiff argues that Defendant's Second Notice of Removal is untimely. In relevant part, 28 U.S.C. § 1446 (b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

Indeed, this Second Notice of Removal comes three years after the initial filing of [*6] the underlying Complaint. Defendant contends that the Supreme Court's decision in Grable constitutes "other paper," which allows Defendant thirty days from the issuance of the Grable decision to file this Second notice of Removal. However, the law in Minnesota is clear that "other paper" refers "solely to documents generated within the state court litigation itself." Johansen v. Employee Ben. Claims, Inc., 668 F. Supp. 1294, 1296 (D. Minn. 1989) (McLaughlin, J.). Thus, under the precedent in this district, and indeed the majority view, the issuance of the Supreme Court decision is irrelevant when determining the timeliness of Defendant's Second Notice of Removal. Accordingly, Defendant's removal is improper and remand is appropriate. Id.; see Holiday v. Travelers Ins. Co., 666 F. Supp. 1286, 1289 (W.D. Ark. 1987) ("the court does not 'buy' the proposition that the decision of a court-even the Supreme Court-constitutes 'other papers'" within the meaning of the removal statute); see also Tap Pharm. Prods. Inc., 2005 U.S. Dist. LEXIS 19967, 2005 WL 2242913, at * 8 (concluding that "other paper" does not include opinions from unrelated litigation, and [*7] noting that majority of jurisdictions follow this conclusion); Wisconsin v. Abbott Labs., 390 F. Supp. 2d 815, 2005 WL 2407669, at **8-9 (W.D. Wis. Sept. 29, 2005) ("other paper" does not include the recent Grable decision).

Defendant argues that Johansen is not good law and that the Court should disregard its mandate. Although neither the Eighth Circuit nor any other Minnesota District Court has addressed the issue, Johansen has not been overruled. Moreover, it is the majority view. See Tap Pharm. Prods. Inc., 2005 U.S. Dist. LEXIS 19967, 2005 WL 2242913, at *8 n.10. Finally, Defendant's reliance on Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 266-68 (5th Cir. 2001) and Doe v. American Red Cross, 14 F.3d 196, 203 (3d Cir. 1993), is misplaced, as both of these cases narrowly hold that a decision in an unrelated case, but involving the same defendant and concerning a similar factual situation and an express grant of removal qualifies as an "order" under § 1446(b), to allow removal. See Green, 274 F.3d at 266-68; Am. Red Cross, 14 F.3d at 203. Indeed, none of these facts are evident here, and accordingly, [*8] Defendant's Second Notice of Removal is untimely. Because removal in this instance is procedurally defective, remand is appropriate. See 28 U.S.C. § 1446; see also Mousel v. Knutson Mortg. Corp., 823 F. Supp. 658, 662 (D. Minn. 1993) (MacLaughlin, J.).

### B. Federal Question

Case 1:01-cv-12257-PBS  Document 1981  Filed 12/23/2005  Page 21 of 46

Even if Defendant's Second Notice of Removal was timely, the Court finds that it nevertheless lacks jurisdiction over Plaintiff's claims. An action may be removed from state court to federal court only if it presents an issue of federal question or if diversity jurisdiction exists. 28 U.S.C. § 1441. Defendant premises removal on federal question jurisdiction.

In Montana v. Abbott Laboratories, the MDL court determined that although Plaintiff's claims presented a federal question, the First Circuit's interpretation of Merrell Dow required remand. Because the Medicare statute does not provide a private cause of action for AWP misreporting, the court concluded that "the federal issue is not substantial enough to create federal jurisdiction." 266 F. Supp. 2d at 257. According to Defendant, because Grable expressly [*9] clarified that federal question jurisdiction does not require the existence of a private cause of action, the MDL court's narrow basis for remand no longer exists.

However, Defendant fails to acknowledge that the MDL court further held that Merrell Dow compelled remand. The MDL court specifically rejected Defendant's contention that the prospect of multiple judicial determinations on the meaning of AWP warranted removal. Id. at 257-58 (the lack of a federal cause of action and no preemption of state remedies demonstrate Congress's intent to limit federal question jurisdiction). Indeed, as the Grable court noted, "the combination of no federal cause of action and no preemption of state remedies . . . [is] an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331." 125 S. Ct. at 2370. Thus, the MDL court's holding is not as narrow as Defendant contends and further suggests that Plaintiff's claims do not present a substantial federal question, even under Grable.

Even assuming that Plaintiff's claim raises a disputed and substantial federal issue, removal is nevertheless inappropriate under Grable. [*10] Grable requires that each case must be examined to determine whether the exercise of federal jurisdiction preserves any congressionally approved balance of federal and state judicial responsibilities. Id. at 2368.

The Court is persuaded by the thorough and reasoned analysis of the Western District of Wisconsin, which addressed the same legal and factual dispute:

> There is no strong federal interest in the present case comparable to the federal interest in tax collection implicated in Grable. The federal question raised in Grable was of critical importance to the IRS's efforts to satisfy tax liabilities from the property of delinquent taxpayers. Although a federal agency administers the Medicare program, states play the primary role in apportioning Medicaid benefits within the broad parameters set by federal law. States and the federal government have an interest in securing an interpretation of the Medicare statute and regulations. At best, the federal and state interests are equivalent. Moreover, the fact that Congress has not preempted the states' use of consumer protection statutes to police medical billing practices indicates the absence of a [*11] dominant federal interest.
>
> Second, in Grable, the Court was willing to extend federal jurisdiction because quiet title actions under state law rarely raise issues of federal law. By contrast, the present case is one of many that have been filed by states across the country concerning pharmaceutical companies' alleged fraud in price-setting. Shifting all of the cases [] into federal court would work a significant disruption in the division of labor between federal and state courts. [] Finally, the nature of the present case is more analagous to Merrell Dow than Grable. Plaintiff has asserted statutory and common law tort claims that, like the negligence claims in Merrell Dow, rest on alleged violations of federal law. Because this case does not implicate an overriding federal interest and because removal would disturb the balance of judicial responsibilities between state and federal courts, a removal of this action was improper.

Abbott Labs., 390 F. Supp. 2d 815, 2005 WL 2407669, at *8.

## CONCLUSION

The Court finds that Defendant's Second Notice of Removal was untimely, and accordingly, remand is appropriate. Based on all the [*12] files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (Clerk Doc. No. 5) is **GRANTED**;

2. Defendant's Motion to Stay Consideration of the Motion to Remand (Clerk Doc. No. 11) is **DENIED**;

3. This case is **REMANDED** to Hennepin County District Court.

Page 4

2005 U.S. Dist. LEXIS 27638, *12

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 22, 2005

s/ Paul A. Magnuson

Paul A. Magnuson

United States District Court Judge