NEW YORK SUPREME COURT
COUNTY OF ALBANY
-----------------------------------------------x
People of the State of New York        :
                                       :
         Plaintiff                     :
                                       :
    v.                                 :        Index No. 904-03
                                       :        RJI No.: 01-03-075848
Pharmacia Corp.                        :
                                       :
         Defendant                     :
-----------------------------------------------x        **NOTICE OF ENTRY**
People of the State of New York        :        Hon. William E. McCarthy, J.S.C.
                                       :        Commercial Division
         Plaintiff                     :
                                       :
    v.                                 :        Index No. 905-03
                                       :        RJI No.: 01-03-076342
SmithKline Beecham Corporation,        :
d/b/a GlaxoSmithKline                  :
                                       :
         Defendants                    :
-----------------------------------------------x
People of the State of New York        :
                                       :
         Plaintiff                     :
                                       :
    v.                                 :        Index No. 1150-03
                                       :        RJI No.: 01-03-076343
Aventis Pharmaceuticals, Inc.          :
                                       :
         Defendant                     :
-----------------------------------------------x

**PLEASE TAKE NOTICE** that the attached is a true copy of the Decision and Order issued by the Hon. William E. McCarthy on the 19th day of July, 2006 and entered and filed in the office of the Clerk of the Court on the 24th day of July, 2006.

Dated: Albany, New York
July 25, 2006

                ELIOT SPITZER
                Attorney General of the
                State of New York
                By:

                */s/ Matthew J. Barbaro*
                MATTHEW J. BARBARO
                Assistant Attorney General
                Bureau of Consumer Frauds and
                Protection
                The Capitol
                Albany, New York 12224
                (518) 486-9630
                Attorney for Petitioners

To:    John C. Dodds, Esq.
        Morgan, Lewis & Bockius, LLP
        1701 Market Street
        Philadelphia, PA 19103

        Frederick G. Herold, Esq.
        Dechert LLP
        1117 California Avenue
        Palo Alto, CA  94304-1106

        Joseph G. Matye, Esq.
        Shook, Hardy & Bacon
        2555 Grand Boulevard
        Kansas City, Missouri 64108-2613

STATE OF NEW YORK
SUPREME COURT                    COUNTY OF ALBANY

PEOPLE OF THE STATE OF NEW YORK,

        Plaintiff,

-against-

        Index No. 904-03
        RJI No.: 01-03-075848

PHARMACIA CORPORATION,

        Defendant.

Albany County Clerk
Document Number 9760854
Rcvd 07/24/2006 9:08:37 AM

PEOPLE OF THE STATE OF NEW YORK,

        Plaintiff,

-against-

**DECISION and ORDER**

Index No. 905-03
RJI No.: 01-03-076342

SMITHKLINE BEECHAM, CORP., d/b/a
GLAXOSMITHKLINE,

        Defendant.

PEOPLE OF THE STATE OF NEW YORK,

        Plaintiff,

-against-

        Index No. 1150-03
        RJI No.: 01-03-076343

AVENTIS PHARMACEUTICALS, INC.,

        Defendant.

(Supreme Court, Albany County, All Purpose Term)

APPEARANCES:

        Hon. Eliot Spitzer
        Attorney General of the State of New York
        Attorney for Plaintiff

(Matthew J. Barbaro, Rose E. Firestein, Carol Beyers, Carol Hunt,
Galen Kirkland, Patrick Lupinetti, Shirley Stark and Henry
Weintraub, Esqs., of Counsel)
The Capitol
Albany, New York   12224-0341

Nixon Peabody LLP
Co-Attorneys for Defendant Pharmacia Corp.
(Andrew C. Rose, Esq., of Counsel)
Omni Plaza, Suite 900
30 South Pearl Street
Albany, New York, 12207

Morgan, Lewis & Bockius LLP
Co-Attorneys for Defendant Pharmacia Corp.
(John C. Dodds, Jennifer B. Jordan and
Jason E. Baranski, Esqs., of Counsel)
1701 Market Street
Philadelphia, Pennsylvania 19103

Whiteman Osterman & Hanna LLP
Attorneys for Defendant SmithKline Beecham Corp.
(Neil L. Levine, Esq., of Counsel)
One Commerce Plaza
Albany, New York 12260

Greenberg Traurig, LLP
Co-Attorneys for Aventis Pharmaceuticals, Inc.
(Alan Mansfield and Stephen L. Saxl, Esqs., of Counsel)
200 Park Avenue
New York, New York 10166

Shook Hardy & Bacon, L.L.P.
Co-Attorneys for Aventis Pharmaceuticals, Inc.
(Michael L. Koon, Joseph G. Matye and
Nicola R. Heskett, Esqs., of Counsel)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613

McCarthy, J.:

The above-captioned actions have been consolidated for pre-trial purposes.  Plaintiff has moved for an order compelling defendant Pharmacia Corp. to comply with discovery demands

relating to all prescription drugs sold by said defendant notwithstanding the fact that the complaint only specifically identified a small number of drugs. Defendant Pharmacia Corp. has moved for an order compelling the plaintiff to conduct a full and complete search for documents responsive to said defendant's demands in the possession of numerous different state agencies and the Legislature, compelling production of documents claimed to be privileged and documents covering the period from 1985 to the present. Defendant Aventis Pharmaceuticals has moved for similar relief.

The instant actions are brought pursuant to General Business Law § 349 and Executive Law § 63 (12) seeking to enjoin allegedly fraudulent and deceptive business practices, to obtain restitution to aggrieved consumers and state agencies which have allegedly overpaid for prescription drugs and to direct the payment of certain fines and penalties. As a means of background, pursuant to statute, a number of state agencies reimburse medical and prescription drug providers for some drugs dispensed to medicaid and medicare recipients, as well as certain elderly consumers covered by EPIC, a state sponsored prescription drug insurance plan, based upon the "average wholesale price" of the drugs as reported by a prescription drug price reporting service (*see* Social Services Law § 367-a [9] [b]; Elder Law § 250 [1] [a] and [b]). The statutes do not impose any restrictions or mandates with respect to how drug manufacturers are to report their "average wholesale prices" to the reporting service. Apparently, a longstanding industry practice has been to report some form of "list" price, rather than the actual discounted prices paid by providers to wholesalers and distributors. Indeed, the statutes on their face appear to indicate that the reported "average wholesale price" is not the actual price paid by providers. Both statutes provide that reimbursement shall be the lesser of the usual and customary charge to the general public or a significantly discounted "average wholesale price."

The State contends that, in recent years, a number of manufacturers, including defendants, have allegedly inflated their reported "average wholesale prices" well above the actual average prices paid for their drugs. This inflation, in turn, has the effect of increasing the reimbursements, and hence the profits, to providers who dispense such manufacturers' drugs. The differential is known as the "spread." A greater "spread" creates a significant incentive for providers to prescribe or dispense such drugs, thereby increasing the sales of such drugs. Indeed, the State alleges that Pharmacia Corp. actively marketed its drugs by promoting this "spread" and the consequent profits available to providers. The State contends that such increased prices have the effect of increasing the co-payments for consumers as well as increasing the costs to the State.

With respect to the instant motion practice, all three motions to compel discovery are entirely generic in that they fail to address any specific discovery demands. Indeed, defendant Pharmacia failed to submit a copy of the demand with which it seeks to compel compliance. The Court will follow this course charted by the parties.

Plaintiff seeks to compel production of information with respect to all drugs sold by defendant Pharmacia. Plaintiff contends that, because a prior motion to dismiss for failure to provide sufficient specificity in the complaint was denied, it is now the law of the case that all drugs sold by Pharmacia are covered by the litigation. Pharmacia contends that discovery should be limited to the drugs specifically identified in the complaint. The prior decision of Justice Benza, dated June 1, 2004 did not mention the issue of identifying specific drugs in upholding the complaint and, as such, has no impact on the outcome of the instant motion. Moreover, the complaint appears to list the specific drugs as examples with no intention to limit the claims to such drugs. Therefore, the scope of the instant action is not limited to the drugs specifically identified in the complaint.

4

However, plaintiff, as the party seeking to compel discovery, has the burden of establishing that the requested discovery seeks evidence which is material and relevant to the causes of action asserted in the complaint (*see Vyas v Campbell*, 4 AD3d 417, 418 [2d Dept 2004]; *Carp v Marcus*, 116 AD2d 854, 855 [3d Dept 1986]). The complaint on its face, as well as the relevant statutes, indicate that not all drugs are reimbursed based upon the reported "average wholesale price." Many drugs are subject to a "federal upper limit" and others may have lower retail prices. As such, plaintiff has failed to show that discovery with respect to all drugs sold by defendant Pharmacia is relevant. Accordingly, plaintiff's motion to compel production of information with respect to all such drugs shall be denied without prejudice to renew following service of a demand which properly narrows the scope of discovery in the event defendant Pharmacia fails to comply.

Defendants Pharmacia and Aventis seek to compel plaintiff to search numerous state agencies, as well as the Legislature, for information concerning how much such state bodies knew about the nature of the reported "average wholesale price" and when they acquired such knowledge. Plaintiff objects to the demands on the grounds that the information sought is irrelevant, that the state agencies and Legislature are not parties to this action and further that much of the information is privileged.

As indicated above, the defendants have the burden of showing that the requested evidence is material and relevant (*see Vyas*, 4 AD3d at 418; *Carp*, 116 AD2d at 855). Defendants contend that plaintiff alleges that the agencies and programs were defrauded into believing that the published "average wholesale prices" represented the actual prices paid by physicians and pharmacies for the various drugs. They also contend that the complaint alleges that the agencies were defrauded

5

because they tied reimbursement to the reported "average wholesale prices" based upon the understanding that these were the actual prices paid. The complaint against Pharmacia does not expressly contain any such allegations and Aventis has not submitted the complaint in the action against it.

Further, defendants also contend that, if they can prove that the state agencies knew that the reported "average wholesale prices" were not the actual prices paid, plaintiff's claims must fail. This argument fails. Reimbursement is based solely upon statutory formulae over which the agencies have no discretion or control. The agencies' understanding of what "average wholesale price" constituted is thus irrelevant.

Plaintiff contends that the "action turns on what the Legislature meant by "average wholesale price": Is it an estimate of actual acquisition cost, as plaintiff contends, or is it a 'sticker' or 'list' price that the manufacturer can set without reference to purchaser's actual acquisition cost, as defendant argue." (Plaintiff's memorandum of law at 4). However, plaintiff objects to providing discovery of evidence sought by defendants on the ground that it is not probative with respect to legislative intent.

Evidence with respect to an individual legislator's knowledge or interpretations of statutes, (*see Knight-Ridder Broadcasting, Inc. v Greenberg*, 70 NY2d 151, 158 [1987]), letters of individual legislators (*see Willett v Dugan*, 161 AD2d 900, 901-902 [3d Dept 1990]) and reports which are not referred to in the bill jacket (*see Matter of Orens v Novello*, 99 NY2d 180, 188 [2002]) are not probative of the legislative intent. Rather, defendants must rely upon the public record in establishing legislative intent (*see e.g. Matter of Gropper v Tax Appeals Tribunal of State of New*

*York*, 9 AD3d 796, 798 [3d Dept 2004]). As such, the great bulk of the evidence sought by defendants is not relevant to the issue of legislative intent. In any event, plaintiff could recover upon a showing that defendants improperly manipulated the prior practice of reporting mildly inflated prices as "list" prices by substantially increasing the "spread" to increase sales even if the Legislature was aware of and accepted the mildly inflated pricing when it established the reimbursement formulae. Therefore, evidence that the Legislature and state agencies knew that the reported "average wholesale prices" were inaccurate and when they knew it is not relevant herein. This includes evidence related to such issue going back to 1985, as sought by defendants.

Plaintiff also contends that neither the Legislature nor the agencies are parties to the instant action and, as such, defendants must follow the procedures applicable to obtaining discovery from non-party witnesses. CPLR 3102 (f) provides "[i]n an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person." Thus, it has been held that a defendant in an action brought by the Attorney General pursuant to the General Business Law and the Executive Law to prevent fraudulent conduct is entitled to full discovery from the state (*see People v Katz*, 84 AD2d 381, 383 [1st Dept 1982]; *see also People v Bestline Prods.*, 41 NY2d 887, 888 [1977]). Therefore, discovery of evidence within the possession, custody or control of the Attorney General is discoverable. This certainly includes evidence relating to payments for the various drugs for which plaintiff seeks restitution which is in the possession of the affected agencies. However, as indicated above, it is unclear what drugs are actually the subject of this action. It would therefore be premature and wasteful to compel production of evidence with respect to drugs which may not be involved herein.

With respect to the motion to compel production of allegedly privileged documents, the privilege log served by plaintiff fails to provide sufficient information with respect to the documents to allow the Court to determine whether any privilege applies. An *in camera* inspection would therefore be required (*see Geary v Hunton & Williams*, 245 AD2d 936 [3d Dept 1997]). However, given the generic nature of the motions, the fact that many of the documents concerning which plaintiff has asserted various privileges are not relevant, and the fact that the scope of the action has not been defined, an *in camera* inspection would be premature at this time. Rather, the parties are directed to appear for a preliminary conference to establish a discovery schedule, which should include, among other things, a time frame to serve a bill of particulars to define the affected drugs and the amount of restitution claimed. The Court will schedule such conference by separate letter.

Accordingly, it is

**ORDERED** that the motions to compel discovery are hereby denied.

This memorandum shall constitute both the decision and the order of the Court. All papers, including this decision and order, are being returned to former counsel for plaintiff. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.

IT IS SO ORDERED!

Dated: JULY 19, 2006
Albany, New York

William E. McCarthy, J.S.C.

Albany County Clerk
Document Number 9760854
Rcvd 07/24/2006 9:08:37 AM

Papers Considered:

1. Notice of Motion dated June 29, 2005;
2. Affirmation of Carol Beyers, Esq. affirmed June 29, 2005, with Exhibits 1-12 annexed;
3. Exhibits 1-6 submitted by defendant Pharmacia;
4. Notice of Motion dated June 30, 2005;
5. Affidavit of Jason E. Baranski, Esq. sworn to June 29, 2005, with Exhibits A-L annexed;
6. Notice of Motion dated June 30, 2005;
7. Affirmation of Steven L. Saxl, Esq. affirmed June 30, 2005, with Exhibit A annexed;
8. Affirmation of Matthew Barbaro, Esq. affirmed May 12, 2006, with Exhibits A-E and G annexed;
9. Affidavit of Gregor N. MacMillan, Esq. sworn to July 13, 2005.

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ALBANY

PEOPLE OF THE STATE OF NEW YORK

        Plaintiff,

  -against-

PHARMACIA CORPORATION,

        Defendant.

PEOPLE OF THE STATE OF NEW YORK,

        Plaintiff,

  -against-

SMITHKLINE BEECHAM, CORP., d/b/a GLAXOSMITHKLINE,

        Defendant.

PEOPLE OF THE STATE OF NEW YORK,

        Plaintiff,

  -against-

AVENTIS PHARMACEUTICALS, INC.,

        Defendant.

**DECISION and ORDER**
Index No. 905-03
RJI No.: 01-03-076342

ELIOT SPITZER
Attorney General

---

Sir/Madam:

Take notice that the within is a copy of the _____ duly filed and entered in the office of the Clerk of _____ County, on the _____ day _____, 2006.

Yours, etc.,

ELIOT SPITZER,
Attorney General
Attorney for the Plaintiff
The Capitol
Albany, NY 12224