UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**TRACK 1 DEFENDANTS' REPLY MEMORANDUM
REGARDING THE OVERLAP IN THE PROOF CONCERNING CLASSES 2 AND 3**

The Track 1 Defendants respectfully submit this brief reply to Plaintiffs' Responsive Memorandum on the Question of Whether the November Trial Should Expand Beyond Class 2 ("Plaintiffs' Brief").  Plaintiffs seek to have their cake and eat it too by arguing that Class 3 should be tried separately from Class 2 but Defendants should be bound nonetheless by the outcome of the Class 2 trial, if it is favorable to Plaintiffs.  (Pls.' Br. at 2-3.)  Plaintiffs should be bound as well, which is why it makes sense to try Class 2 and Class 3 together.  For example:

- Plaintiffs state that "findings that one or more Defendants engaged in unfair or deceptive acts or practices [in a Class 2 trial] would be accorded collateral estoppel effect in the Class 3 trial."  (Pls.' Br. at 2.)  Whether AWPs were deceptive or unfair within the meaning of c. 93A, however, depends on what Plaintiffs knew about AWPs: Deception requires ignorance of the truth, *see, e.g.*, *Pump, Inc. v. Collins Mgmt., Inc*., 746 F. Supp. 1149, 1173 (D. Mass. 1990), and unfairness must be assessed by reference to what the parties knew and understood about the subject of their transactions.  *See, e.g.*, *Davis v. Dawson, Inc*., 15 F. Supp. 2d 64, 146 (D. Mass. 1998).  All evidence of knowledge, including what Plaintiffs expected, is relevant to Classes 2 and 3, including whether Plaintiffs' claims are barred by the statute of limitations.

- Plaintiffs' characterization of Class 2 claims as "statutory claims" in order to differentiate them from Class 3 claims is an obvious fiction.  The members of Class 2 do ***not*** have "statutory claims" in the sense of claims arising under the Medicare statute: The Medicare statute itself does not provide a private right of action, *see* 42 U.S.C. 1395j *et seq*., as

counsel for the Plaintiffs acknowledged recently when they thought it was in their interests to do so.[1]  (Pl. State of Arizona's Mem. in Support of Mot. for Remand at 10 (arguing that "the absence of . . . a federal cause of action" under the Medicare statute weighs in favor of remanding Arizona's AWP action back to state court).)

- Although Plaintiffs assert that "almost none" of the *Daubert* issues are relevant to Class 2 (Pls.' Br. at 4), that assertion is belied by the facts set forth in the Defendants' *Daubert* motions addressed specifically to the Medicare classes.  Defendants have raised serious challenges to Dr. Hartman's opinions on causation that are common to Classes 2 and 3.  Furthermore, Plaintiffs' liability case against Warrick on Class 2 rests almost entirely on Dr. Hartman's theory that generic manufacturers have conspired to inflate AWPs.  That is the subject of a *Daubert* challenge.  Plaintiffs' implication that, with respect to Class 2, Dr. Hartman will only testify "on the difference between published AWP and a real average" (Pls.' Br. at 3) is simply not true.   Moreover, this statement is particularly ironic given that Dr. Hartman has not attempted to calculate a "real average," and he has filed two reports calculating his supposed "real average" in inconsistent ways – issues that are also a subject of Defendants' *Daubert* challenge.

- Damages, which are asserted to differentiate Class 2 from Class 3, cannot be at issue in the upcoming trial of Class 2 or Class 3, whether the trials occur simultaneously or sequentially.  Under CMO No. 17 (Nov. 10, 2005) (Docket No. 1898), the damages phase of expert proof and discovery has not yet begun.

Respectfully submitted,

THE TRACK 1 DEFENDANTS

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  August 16, 2006

---

[1] Plaintiffs also acknowledged in the same submission to this Court that "no federal law or regulation even defines AWP . . . ."  (Pl. State of Arizona's Mem. in Support of Mot. for Remand at 10.)

2

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                /s/ Eric P. Christofferson_____
                                                Eric P. Christofferson