UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | 
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc.* CIVIL ACTION NO. 06-11337-PBS | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' AND RELATOR'S MOTION TO CONTINUE THE CMO 9 STAY UNTIL ENTRY OF A COMPREHENSIVE CASE MANAGEMENT ORDER**

The United States of America and Relator, Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs"), by and through the undersigned counsel in the case captioned *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., and Hospira, Inc.*, hereby file this Motion to Continue the Case Management Order 9 ("CMO 9") Stay Until Entry of a Comprehensive Case Management Order. Abbott Laboratories, Inc. ("Abbott") has issued five hundred and one (501) pending discovery requests to various federal entities requesting large amounts of documents and information unrelated to the claims in the United States' Complaint. Plaintiffs believe that a CMO should be issued addressing four areas: (1) the allowable scope of discovery; (2) the length of time for discovery; (3) scheduling of discovery; and (4) numerical limitations on interrogatories, requests for admission, document requests and deposition hours. Plaintiffs request that this Court (1) continue the CMO 9 discovery stay pending the entry of such a comprehensive Case Management Order and (2) permit the Plaintiffs to file a brief by September 15, 2006 that (a) sets forth their views on the proper scope and

timing of discovery to be addressed in the CMO and (b) addresses their objections to Abbott's 501 pending discovery requests.

> A. **THE STAY PURSUANT TO CMO 9 SHOULD REMAIN IN PLACE UNTIL THE COURT ENTERS A COMPREHENSIVE CASE MANAGEMENT ORDER**

The United States served its Complaint on Abbott on or about May 26, 2006 in the Southern District of Florida.  The Parties proceeded in this matter under the Southern District of Florida Local Rule 16.1, and Judge Gold's June 19, 2006 "Order Requiring Compliance With Local Rule 16.1 of the United States District Court for the Southern District of Florida." However, no scheduling order or modification to the Southern District of Florida Local Rules was ever entered.  Nonetheless, the parties engaged in a Fed. R. Civ. Proc. 26(f) Conference of Counsel, served discovery requests prior to the transfer of this case to this District, and later exchanged initial disclosures in accordance with Fed. R. Civ. Proc. 26(a).

Upon entry into this MDL, Plaintiffs came to understand the applicability of CMO 9, which precludes all intra-party discovery "prior to a defendant's filing of an answer to the complaint in which discovery is to be served."  CMO 9, ¶2.  Since Abbott has moved to dismiss the Complaint, and has not filed an answer, CMO 9 imposes a stay of discovery.  Plaintiffs want to proceed with discovery as soon as practicable and discussed with Abbott a joint filing to have a comprehensive CMO issued and to have discovery commence in this matter once the parties resolved their dispute about the scope of Abbott's discovery requests.[1]

---

[1] Abbott's recently filed Motion for a Case Management Order references the subpoenas issued to it by the United States during its investigation, but does not reference its repeated failure to produce documents in its possession that are relevant to this case.

Abbott seeks to conduct discovery notwithstanding the stay in place pursuant to CMO 9. Abbott filed a Motion for a Case Management Order on Friday, August 17. Plaintiffs will file a response to that motion in due course, but Plaintiffs must address one point in that motion at the outset as it relates to this Motion. Abbott has represented to this Court that it is the United States' position that discovery should not begin until the entry of a ruling on their motion to dismiss and Abbott's files an answer.

That is not correct. Plaintiffs have repeatedly told Defendants that discovery should commence as soon as practicable upon the issuance of a comprehensive Case Management Order that addresses a number of important scope and timing issues. However, Abbott's 501 pending discovery requests ask for large quantities of documents and information that have no bearing on Abbott's potential liability under the False Claims Act or the other common law claims in the United States' Complaint. Abbott has thus far declined to negotiate reasonable limits to the discovery it seeks from the government. It appears that Plaintiffs will need relief from this Court.[2]

Plaintiffs believe that clear discovery parameters regarding Abbott's pending discovery requests should be established at the outset to focus the parties' efforts on exchanging relevant evidence and to minimize any unnecessary burden on the parties. In the interim, since all discovery is stayed under CMO 9, ¶2, the Plaintiffs will not proceed with affirmative or defensive discovery until the Court enters a comprehensive Case Management Order, or otherwise so orders.

---

[2] Due to the rapid transfer of this action to this MDL proceeding, neither the parties nor the transferor court had the opportunity to address the discovery issues raised here under the mechanisms of the transferor court.

B.   **THE BREADTH OF THE DISCOVERY SOUGHT BY ABBOTT**

Abbott has already issued 298 Requests for Admissions ("RFAs"), 186 Requests For Production ("RFP") and 17 interrogatories.[3] Plaintiffs' case involves Abbott's conduct with respect to its pricing and marketing of Abbott's drugs. Yet, Abbott's discovery requests essentially ask the government to produce documents relating to reimbursement for all drugs for all pharmaceutical companies for all time periods since 1965. Moreover, Abbott seeks such discovery not only from the Centers for Medicare and Medicaid Services (CMS), the agency responsible for the drug reimbursement at issue in this case, but also against numerous other federal entities, including:

- Congress, which Abbott broadly defines as "Congress and any congressional committees or subcommittees, including but not limited to the Congressional Budget Office, Senate Finance Committee, the House Committee on Ways and Means, the House Committee on Energy and Commerce, the Subcommittee on Oversight and Investigations of the House Committee on Energy and Commerce"
- General Accounting Office
- Medicare Payment Advisory Commission (MedPac)
- Office of Management and Budget
- U.S. Department of Commerce
- U.S. Department of Defense
- U.S. Department of Justice
- U.S. Department of Health and Human Services, including but not limited to the Office of Inspector General and the Pharmacy Affairs Branch
- Department of Veterans Affairs
- Government contractors including but not limited to Pharmacy Services Support Center, and approximately 18 Medicare carriers

---

[3] Abbott's discovery requests exceed that allowable under the Local Rules. Absent a court order, the Local Rule 26.1.C. limits discovery to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and two (2) separate sets of requests for production. While Plaintiffs are not opposed to a reasonable modification of the standard discovery limits of the Local Rules, the parties have not been able to reach agreement on the number and scope of its requests.

As noted, the parties have had several discussions to narrow this request but no agreement has been reached. Accordingly, this Court's intervention appears necessary.[4]

## C.     THE COMPREHENSIVE CASE MANAGEMENT ORDER SHOULD ADDRESSES THE SCOPE, NUMERICAL LIMITATIONS, TIMING AND SCHEDULING OF DISCOVERY BEFORE ALLOWING DISCOVERY TO PROCEED FURTHER

Plaintiffs, in the interests of judicial economy, seek to continue the stay of discovery under CMO 9 pending the issuance of a comprehensive Case Management Order that addresses the scope, numerical limitations, timing and scheduling of discovery of the case between the Plaintiffs and Abbott. Plaintiffs believe that the comprehensive Case Management Order should address its objections to the scope and volume of the discovery sought by Abbott.

Plaintiffs request that the Court allow them until September 15, 2006 to file a brief setting forth their proposed CMO and addressing the appropriate scope, numerical limitations, timing and scheduling of Abbott's discovery requests. These requests raise several complex issues about the scope of discovery, particularly as it relates to Abbott's "government knowledge" arguments. The Plaintiffs' brief will address the legal framework of the case and the relationship between the discovery sought by Abbott and the claims and defenses being asserted in this case.

On September 15, 2006, the United States will also be filing an amicus brief, as requested by the Court, regarding the meaning of AWP in the Track 1 class case. In addition, Plaintiffs are

---

[4] By contrast, prior to this case being transferred to this Court, Plaintiffs served upon Abbott one set of 18 Requests for the Production of Documents and Tangible Things (RFPs). Plaintiffs have served no further discovery requests because of the stay imposed by CMO 9. Those requests are pending, and Plaintiffs will not require production on those requests until a CMO is put in place governing this case.

currently scheduled to file an opposition to Abbott's Motion to Dismiss on September 1. Plaintiffs will be seeking an enlargement of time to file their Opposition on September 15, the same day as the United States's amicus brief is due to be filed. The legal issues in those filings directly relate to the scope of discovery in this case. Plaintiffs believe that it would be appropriate for the Court to address these discovery issues and the legal arguments implicated in those briefs at the same time.

In addition, Plaintiffs have also agreed to negotiate a Protective Order governing confidential information that should be in place prior to commencing discovery. However, because the United States has certain unique law enforcement and other interests, including ensuring that legal proceedings are open to the public to the greatest extent possible, Plaintiffs are pursuing with Abbott amendments to the MDL Protective Order that will govern this litigation. If an agreement cannot be reached, Plaintiffs request that any outstanding issues arising from an amended MDL Protective Order be briefed and decided prior to the continuation of discovery.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court grant its motion.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| /s/ George B. Henderson, II<br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3398<br>(617) 748-3272 | /s/ Gejaa T. Gobena<br>Michael F. Hertz<br>Joyce R. Branda<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station |
| For the relator, Ven-A-Care of the Florida Keys, Inc., | Washington, D.C.  20044<br>Phone:  (202) 307-1088 |

 /s/ James J. Breen
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com

Dated: August 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above MEMORANDUM IN SUPPORT OF UNITED STATES' AND RELATOR'S MOTION TO

STAY DISCOVERY PENDING ENTRY OF A CASE MANAGEMENT ORDER" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

|  |  |
|---|---|
| Dated: August 22, 2006 | /s/ George B. Henderson, II<br>George B. Henderson, II |