# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: <br> ALL CLASS ACTIONS | Judge Patti B. Saris |

## TRACK 1 DEFENDANTS' MOTION FOR CLARIFICATION

The Track 1 Defendants respectfully ask this Court to clarify certain issues presented by its Pretrial Order, issued August 11, 2006 (the "Order"), namely:

1. At the hearing on August 3, 2006, the Court asked the parties to submit briefs addressing the question of whether the November trial should address Class 2 claims alone, or Class 2 and Class 3 together.  8/3/2006 Hr'g Tr. at 27-28.  The parties have submitted briefs on this issue.  (*See* Docket Nos. 2973, 2977, and 2988.)  The Order's caption is limited to "Class Two of Track One."  Does the limitation of the caption signify that the November trial will involve Class 2 claims only, or does the Court intend to issue a separate order in due course to resolve the question?

2. At the August 3rd hearing, the Court stated an intent to consider the *Daubert* challenges relating to all classes during the November trial.  8/3/2006 Hr'g Tr. at 12-13.  The Order does not address the pending *Daubert* challenges.  In addition, the Local Rules require Plaintiffs to file their opposition to Defendants' *Daubert* motion relating to Classes 1 and 2 on June 30, 2006, and to file their opposition to Schering's and Warrick's supplemental *Daubert* motion on August 14, 2006.  CMO #20 requires Plaintiffs to file their opposition to Defendants'

Class 3 *Daubert* motion by August 15, 2006.  Plaintiffs have not filed any opposition to any of Defendants' *Daubert* motions.  How does the Court intend to address the pending *Daubert* challenges during the November trial and the lack of any response to those challenges?

3. The Court previously set forth a schedule for the exchange of expert reports in a series of CMOs, culminating in CMO #17, which required reports to be exchanged months ago.  The parties have exchanged expert reports.  The Order states that "the parties shall make all expert disclosures as required by Fed. R. Civ. P. 26(a)(2)" by September 1, 2006.  Does the Court intend the September 1st disclosure to be of the names of experts who will testify at trial, or, instead, does the Court intend to permit disclosure of additional expert reports from the parties – on any subject – until September 1, 2006?

4. At the August 3rd hearing, the Court stated that it did not want any "pretrial memo."  8/3/2006 Hr'g Tr. at 23.  The Order states that "the parties shall serve and file trial briefs" by October 27, 2006, in addition to proposed findings of fact and conclusions of law.  Are the parties to file trial briefs (and of what length) on October 27, 2006?

5. At the hearing on June 14, 2006, the Court suggested that the trial would address liability only.  6/5/2006 Hr'g Tr. at 14.  Moreover, the Court previously scheduled expert reports on liability only, not damages.  *See* CMO #17.  The Order specifies that the November trial will address Class 2, without limitation to liability.  Does the Court intend the November trial to address liability only, or, instead, is it to address liability and damages?

WHEREFORE, the Track 1 Defendants respectfully request that their motion for clarification be GRANTED.[1]

---

[1] Plaintiffs' counsel has indicated that Plaintiffs will oppose this motion.

                          THE TRACK 1 DEFENDANTS

                          /s/ Eric P. Christofferson
                          John T. Montgomery (BBO#352220)
                          Steven A. Kaufman (BBO#262230)
                          Eric P. Christofferson (BBO#654087)
                          Ropes & Gray LLP
                          One International Place
                          Boston, Massachusetts 02110-2624
                          (617) 951-7000

                          *Attorneys for Schering-Plough Corporation and*
                          *Warrick Pharmaceuticals Corporation*

Dated:  August 22, 2006

## CERTIFICATE OF COMPLIANCE WITH LR. 7.1

      I hereby certify that counsel for Schering attempted to confer with counsel for Plaintiffs in a good-faith effort to resolve or narrow the issues set forth herein.

                                    /s/ Eric P. Christofferson
                                    Eric P. Christofferson

## CERTIFICATE OF SERVICE

      I hereby certify that on August 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                    /s/ Eric P. Christofferson
                                    Eric P. Christofferson