UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE TO THE TRACK ONE
DEFENDANTS' MOTION FOR CLARIFICATION**

Plaintiffs' respond to the Track One Defendants' Motion for Clarification as follows in the order raised by Defendants[1]:

1.       As to item 1 in the Track One Defendants' Motion, Plaintiffs are preparing for a Class 2 trial which is what the Court ordered at the August 6, 2006 status conference and in the August 11, 2006 Pretrial Order.  There is nothing ambiguous about the Order.

2.       The issue of Daubert motions was discussed at the August 6, 2006 status conference.  Plaintiffs' counsel suggested and the Court agreed that challenges to Daubert could be handled while the witness was on the stand.  This is particularly true in the context of a Class 2 trial.  Over 90 percent of the Defendants' multiple Daubert motions are aimed at issues only relevant to Class 3.  Thus, in a Class 2 trial the Daubert motions can be easily handled at trial.  Further, at this point there is no reason for a written response that delves into the Class 3

---

[1] Counsel from Ropes & Gray asked for Plaintiffs' consent to the motion which we declined and asked counsel to indicate in their Rule 7.1 statement that Plaintiffs would file a response within 24 hours.  Counsel failed to do so. As we approach trial professionalism and trust among counsel needs to increase and such conduct cannot be allowed to continue.

issues, the parties have more than enough work to do at the moment preparing for trial and dealing with the Track Two Defendants' issues.

3.      The time for filing "additional expert reports" has long since passed by Court deadline.  Plaintiffs intend to file final reports under Rule 26(a) (2) as required that focus on Class 2 issues.

4.      The Court directed that the parties file findings of fact and conclusions of law. Plaintiffs do not believe that a trial brief is required.

5.      The Defendant's position that the Court directed the trial be on liability issues is a flat out distortion based on citation to hearings that predate the August 6, 2006 status conference. Indeed Defendants act as if this conference had never occurred.  At that conference Defendants were vainly clinging to the notion that the trial would be solely on class member's knowledge. Instead the Court made it clear that it intended to "jump start" the litigation.  The Court then inquired of both Plaintiffs and Defendants as to how long it would take to set a trial on both liability and damages.  The Court further indicated that it wanted a trial on the "whole thing." August 6, 2006 Hearing Transcript at 12-14.  The whole thing obviously includes damages. Defendants however seek delay of a trial that would cleanly decide all Class 2 issues and would not be a trial of the "whole thing."  Without the pressure of a damage trial the chance of settlement diminishes.  And, without a damage trial the parties will have unfinished business. The most sensible course is to finish what we start, and then move to Class 1 and 3.

- 2 -

DATED:  August 23, 2006.          By     /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 4 -

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 23, 2006, I caused copies of **PLAINTIFFS' RESPONSE TO THE TRACK ONE DEFENDANTS' MOTION FOR CLARIFICATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      **/s/ Steve W. Berman**
      Steve W. Berman