UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) IN RE PHARMACEUTICAL INDUSTRY ) AVERAGE WHOLESALE PRICE ) LITIGATION ) _____) ) THIS DOCUMENT RELATES TO THE ) AMENDED MASTER CONSOLIDATED ) CLASS ACTION ) _____) | MDL NO. 1456 Civil Action No. 01-12257-PBS Hon. Patti B. Saris Chief Mag. Judge Marianne B. Bowler |

**TRACK TWO DEFENDANTS' EMERGENCY MOTION FOR HEARING AND THIRD MOTION TO RENEW THEIR MOTION TO COMPEL (DOCKET ENTRY NO. 2162) DIRECTED TO NATIONAL HERITAGE INSURANCE COMPANY IN ITS CAPACITY AS THE <u>MEDICARE PART B CARRIER FOR MASSACHUSETTS</u>**

Defendant Aventis Pharmaceuticals Inc. on behalf of itself and all other Track Two Defendants, hereby moves for a hearing (on an emergency basis) and reasserts and renews, for a <u>third</u> time, the Track Two Defendants' Motion to Compel (Docket Entry No. 2162) to the extent that it was and is directed to National Heritage Insurance Company ("NHIC") and to the extent that the Defendants have requested an offsite review of certain documents that NHIC has stored, on information and belief, at Iron Mountain. As this Court is aware, this Motion is just the latest salvo in the ongoing discovery dispute that began almost ten months ago. Time is of the essence—the Track Two Defendants are currently preparing for the Track Two class certification hearing, which is scheduled for September 12, 2006, and it is anticipated that the information contained in these documents is relevant to, among other things, the Court's class certification determination.

-2-

As part of its discovery, the Defendants sought, and received, an index of the boxes NHIC has stored at Iron Mountain (the "Offsite Index").  Unfortunately, the Offsite Index is essentially useless, as it is substantially comprised of indecipherable codes and descriptions; NHIC has indicated that a more intelligible version of the Offsite Index simply does not exist. The Offsite Index reflects the more than 73,000 boxes that NHIC has stored at Iron Mountain; NHIC has represented that these boxes include NHIC documents as well as Blue Cross & Blue Shield of Massachusetts ("BCBSMA") legacy files, which NHIC inherited from BCBSMA (the "NHIC Offsite Boxes").  These categories of documents are directly responsive to the subpoenas the Track Two Defendants issued on October 21, 2005 and October 27, 2005.  See Declaration of Michael DeMarco in Support of the Track Two Defendants' Motion to Compel dated February 28, 2006, Exhibits 1 & 3 (Docket Entry No. 2164).

Over the past few days, the Defendants conducted a cursory review of approximately 100 of the NHIC Offsite Boxes at Iron Mountain's Northborough, Massachusetts facility ("Iron Mountain Northborough").  Based upon this review and in conjunction with the Defendants' review and analysis of the Offsite Index, the Defendants have determined that they will want to review approximately 10,000 of the NHIC Offsite Boxes.  Such a comprehensive review is, unfortunately, necessary because it is simply impossible to make a more precise cut of the potentially relevant boxes based upon the Offsite Index.  The Defendants envision that a team of approximately 50 attorneys will need to review these boxes over the next several weeks.  To the extent that the Iron Mountain Northborough facility cannot accommodate a review of this scale, is geographically inconvenient and simply does not offer adequate support services, the

Defendants have asked NHIC to permit the Defendants to take custody of certain NHIC Offsite Boxes and transport them to an appropriate, secure, offsite facility, solely at the Defendants' own expense (the "Proposed Offsite Review").  The Defendants have indicated that they will take all reasonable efforts to safeguard the NHIC Offsite Boxes while such boxes are in the Defendants' custody and control (including during transportation to and from any offsite copy service providers, as necessary) and return them expeditiously in the form in which they were received.  The Defendants are amenable to having a representative of NHIC present during the Proposed Offsite Review and the Defendants are willing to bear the reasonable costs of same.  The Defendants are willing to require that all attorneys and contractors participating in the Proposed Offsite Review sign an appropriate confidentiality agreement vis-à-vis any confidential medical information reviewed during the Proposed Offsite Review.  Additionally, the Defendants are willing to bates label and copy, again at the Defendants' sole expense, copies of any document selected by the Defendants during the Proposed Offsite Review, which they will provide to NHIC.  Finally, the Defendants have indicated that they agree that their review of any privileged information during the Proposed Offsite review will not constitute a waiver of NHIC's or HHS' attorney-client privilege.  Despite these generous assurances, NHIC, through its counsel, has indicated that it is not willing to assent to the terms of the Proposed Offsite Review.

The Track Two Defendants respectfully request that the Court grant the instant Motion, compel NHIC to permit the Defendants to conduct the Proposed Offsite Review under the terms set forth above and award such other and further relief as this Court deems just and appropriate.

/s/ Michael DeMarco
Michael DeMarco (BBO #119960)
   mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
   abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicolas P. Mizell
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550

*Attorneys for Defendant*
*Aventis Pharmaceuticals Inc. on behalf of*
*the Track Two Defendants*

Dated:  August 23, 2006

## LOCAL RULE 7.1(A)(2) AND 37.1 CERTIFICATION

Pursuant to Local Rules 7.1(a)(2) and 37.1, the undersigned counsel hereby certifies that Gary Starr and Andy J. Mao, Esq. on behalf of NHIC and Michael DeMarco on behalf of the Track Two Defendants, have unsuccessfully conferred by telephone and email regarding the discovery sought by this Motion, but no agreement has been reached regarding same.

/s/ Michael DeMarco
Michael DeMarco

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456 and upon Andy J. Mao, Esq. (U.S. Department of Justice) by electronic service.

/s/ Michael DeMarco

Michael DeMarco