UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs submit this Reply Memorandum in support of their Motion to Amend the Complaint to reflect appropriate service of a Mass G.L. ch. 93A §9 demand letter on the Defendants on July 10, 2006. This Reply is prompted by Defendant Aventis' August 9, 2006, letter in response to Plaintiffs' July 10, 2006, demand letter.

Aventis' three-page, posturing, self-promotional response to Plaintiffs' demand letter underscores Plaintiffs' claims that Aventis was not harmed; was well aware of Plaintiffs' claims prior to service of the demand letter; and that service of the demand letter at an earlier time would have been completely futile.[1]

In the Aug. 9 letter, Aventis claims that Plaintiffs' demand letter is untimely and deficient. Aventis then takes over two pages to explain how the evidence produced indicates that Plaintiffs' claims lack merit.[2] By taking a gratuitous cheap shot at Plaintiffs' theories and not

---

[1] A copy of Aventis' August 9, 2006, reply letter is attached hereto as Exhibit "A". (the "Aug. 9 letter")

[2] Not surprisingly, Aventis' version of the facts is self serving and one-sided. Plaintiffs will respond with the voluminous evidence of Aventis' fraudulent conduct at the appropriate time, but not in the context of their current motion to amend.

raising any discussion of settlement or resolution, Aventis' response reveals that an earlier demand letter would have been a meaningless exercise. Aventis' continued insistence that an earlier demand letter was required, which would lead to the dismissal of Plaintiffs' claims, is nothing more than a game of procedural "gotcha" which this Court should not tolerate.

Aventis also claims that Plaintiffs' demand letter is faulty because it fails to identify an individual Massachusetts consumer. As discussed previously, Mass G.L. ch. 93A §9 requires a demand letter for claims made by consumers, however, a similar demand letter is not required for claims made by businesses. *See* Mass G.L. ch. 93A §11.

Aventis cannot have it both ways. Aventis originally claimed that Plaintiffs should have sent a demand letter prior to October 17, 2005, (when the TAMCC was filed). The TAMCC was the first Complaint to allege a class that included Mass G.L. ch. 93A claims on behalf of Massachusetts consumers (Class 3). However, Plaintiffs' proposed representatives for Class 3 never included an individual consumer. Thus, there was no individual who could have been identified in the demand letter.

Aventis argues that the TAMCC claims on behalf of Massachusetts consumers triggered the demand letter requirement. But once Plaintiffs sent a demand letter, Aventis objected to it because it did not identify a Massachusetts consumer (although the class representative was a business and not a consumer). Aventis' argument is completely circular: Plaintiffs needed to send a letter because they asserted claims on behalf of a class that included Massachusetts consumers; but because Plaintiffs' letter did not specifically identify by name a Massachusetts consumer (even though the class representative is a business), the letter is deficient. This is another variation on Aventis' continuing game of procedural "gotcha."

As detailed in Plaintiffs' Motion to Amend, this Court should allow the Plaintiffs to file an Amended Complaint reflecting appropriate service of a Mass G.L. ch. 93A §9 demand letter.

Dated: August 24, 2006

Respectfully submitted,

By /s/ John A. Macoretta
Jeffrey L Kodroff
John A. Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Facsimile: (215) 772-1359
Telephone: (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I, John A. Macoretta, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** to be delivered to all counsel of record by electronic service by sending on August 24, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By    /s/ *John A. Macoretta*
      John A. Macoretta