## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY | : |
| AVERAGE WHOLESALE PRICE | :    MDL NO. 1456 |
| LITIGATION | : |
| | :    Civil Action No. 01-12257-PBS |
| | : |
| | :    Judge Patti B. Saris |
| | :    ( |
| THIS DOCUMENT RELATES TO THE | : |
| CONSOLIDATED CLASS ACTIONS | : |

## ORDER

With respect to the Track Two Defendants' Emergency Motion for Hearing and Third

Motion to Renew Their Motion to Compel (Docket Entry. No. 2162) Directed to National

Heritage Insurance Company in its Capacity as the Medicare Part B Carrier for Massachusetts

[Docket Entry No. 3006], National Heritage Insurance Company ("NHIC"), Center for Medicare

Services ("CMS") and the Track Two Defendants ("Defendants") agree to the following

conditions on the production of documents as set forth herein. . Based on the presentations by

counsel for the parties to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED as

follows:

1.     NHIC shall cause its agent, Iron Mountain, to produce to Defendants up to 10,000

boxes of documents based on Defendants' selection from an index of the Iron Mountain storage

facility that NHIC previously provided to counsel for Defendants.. All such documents are

deemed Confidential Health Information – Subject to the Protective Order that was issued by the

court on June 8, 2004.

2.     Defendants will bear all of the costs associated with this document production,

including, but not limited to, the expense of retrieving, moving, transporting, reshelving the

boxes, and the expense of photocopying, and bates labeling documents selected for copying from the boxes.

3.      Defendants will assume the hourly expense for up to three NHIC representatives, employees, or agents to supervise the activity of Defendants during this document production up to a combined total of $100/hr.

4.      As to the document production conducted in April 2006 at NHIC's headquarters in Hingham, Massachusetts, Defendants will reimburse NHIC for: (1) reasonable and documented Iron Mountain charges and (2) reasonable and documented costs not to exceed $5000 for the services of Shipman & Goodwin's paralegal, who oversaw the document production and assisted counsel for Defendants during the production.

5.      As to the document production conducted in August 2006 at NHIC's headquarters in Hingham, Massachusetts, Defendants will reimburse NHIC for: (1) reasonable and documented Iron Mountain charges and (2) reasonable and documented costs not to exceed $1,200 for the services of NHIC's representative, who oversaw the document production.

6.      All aspects of this document production, review, and copying shall be subject to the terms set forth in the Stipulated Protective Order Governing Confidential Health Information. Without limitation of the foregoing, Defendants, and their agents, employees, and representatives, as well as all other persons having access to the information in the boxes, including but not limited to temporary workers and outside copying vendors will sign the appropriate certifications required by that Order.

7.      All security arrangements applicable to the site of the document production and the shipment of boxes to and from the site are subject to NHIC's inspection and approval.  NHIC has inspected the intended site of 75 State Street in Boston and approves that particular site.

2

Defendants will agree to any requests by NHIC which are reasonably necessary to ensure that HIPAA and other legal requirements for adequate security for Confidential Patient Information are satisfied.

8.     Defendants will assume all expenses associated with the site of the document production, including, but not limited to, rent, utilities, and security.

9.     Defendants, and their agents, employees, and representatives, as well as all other persons having access to the information in the boxes, including but not limited to temporary workers and outside copying vendors, will not remove any documents from the site, other than for the purpose for transporting the boxes to and from the copying vendor and to and from Iron Mountain facilities, unless otherwise approved by NHIC.   Defendants will hold harmless and indemnify NHIC against claims that such persons improperly removed or disclosed the documents and/or Confidential Health Information.

10.    Any disclosure of privileged information does not constitute a waiver of NHIC's or CMS's attorney-client privilege, work-product protection or any other Governmental document privilege (e.g., deliberative process privilege). Defendants and their agents, employees, or representatives will notify one of the NHIC representatives who will be overseeing the document production of any documents that appear to be privileged. All parties will take steps necessary to facilitate in camera review of allegedly privileged documents by the Court.

11.    In the event Defendants, and their agents, employees, and representatives, as well as all other persons having access to the information in the boxes, including but not limited to temporary workers and outside copying vendors, scan any document or change the paper format to an electronic format, they will comply with all federal and state regulations, including but not limited to HIPAA, regarding the Confidential Health Information and the privacy of health care

3

and other personal data. Defendants agree to keep a separate log of any documents to be copied or scanned that relate to psychiatric or AIDS/HIV care and will obtain permission of NHIC and/or the Court before doing such copying or scanning.

12.     To the extent Defendants make photocopies or electronic scans of any documents, they shall make separate copies of all such documents or electronic files for NHIC and CMS.

13.     Defendants will immediately notify NHIC and the court of any violations of HIPAA or any other legal requirements for adequate security for Confidential Patient Information.

14.     NHIC and CMS agree that the Defendants' willingness to provide them with copies of the documents selected from the production does not constitute a waiver of the work product privilege by the Defendants.

Marianne B. Bowler, USMJ
United States Magistrate Judge

August 25, 2006

4