**HIGHLY CONFIDENTIAL**



104.    The characteristics and extent of the interrelationship of drugs and services in the overall fee schedule and cross-subsidization that a TPP elects to employ will vary from TPP to TPP.

### 4.    Health And Welfare Funds Obtain The Benefit Of The TPP's Network Contracts And The Related Fee Schedule Structures

105.    As described by [REDACTED] Pipefitters is just one of the numerous smaller TPPs that contracts with [REDACTED] Most all employer or self-insured plans utilize the provider networks and negotiated reimbursement rates of larger TPPs.

106.    In deposition [REDACTED] helped describe the relationship between health and welfare funds and [REDACTED]

**HIGHLY CONFIDENTIAL**



107.   Deposition testimony from ████████████ ████████████████ shows that multiple fee schedules were negotiated by TPPs for reimbursement of physician-administered drugs based on the type of insurance product or other considerations.



108.   As shown above, TPPs can use varying reimbursement structures.  Some of these approaches may use an AWP reference point and others may not.  This variability creates the need to assess each fee structure methodology employed by a TPP in determining whether the related reimbursements fall within the proposed class definition.  These reimbursement structures can also change over time. More specifically, ████████ and discovery demonstrate that ████████ has performed studies of reimbursement methodologies including ASP and elected not to change its reimbursement methodology.[65]  In other cases, health plans have evaluated whether it was more advantageous to change from a reimbursement methodology that does not reference AWP to a methodology that does use an AWP based limitation.



**HIGHLY CONFIDENTIAL**

109.    For example,  current efforts to consider switching its outpatient departments to an AWP limitation from a charges based methodology:

HIGHLY CONFIDENTIAL

### 5.    Summary Of TPP–By-TPP Issues

110.   The discussion above establishes that many variables are in play for each TPP that must be assessed when evaluating the allegations of the Complaint, including but not limited to:

- Knowledge of the TPP
- Negotiating leverage of the TPP
- Cross-subsidization of physician administered drugs and services on the negotiated fee schedules
- Variability of reimbursement levels and approaches for different fee schedules within a TPP
- For self insured TPP (e.g. union funds and employer groups), does the self insured TPP contract with a large sophisticated TPA to administer its Medical benefits as was the case with Pipefitters relationship with ▮▮▮▮▮▮▮

111.   These variables on an individual basis and a cumulative basis establish that the allegations of the Complaint must be evaluated on TPP-by-TPP basis and it is infeasible to evaluate the allegations on a class-wide basis.

### C.    Individual Issues That Must Be Assessed Within Each TPP

112.   In addition to the TPP-by-TPP assessment described above, a detailed review of the individual drug encounters is necessary to determine whether each encounter falls within the class based upon the issues identified in my analyses of Class 1 and Class 2.  Examples of such issues that require individual analyses include:

- Hospital inpatient stays do not meet the class definition because they are not based on AWP
- Hospital outpatient treatments are historically not reimbursed based on AWP
- Some TPPs adopted the ASP reimbursement model in 2005

**HIGHLY CONFIDENTIAL**

- Various provider contract and coverage issues affect whether TPP or individual reimbursement for a drug are based on AWP, and

- Each of the previously discussed multi-source issues, particularly determining the source of the drug billed to the TPP and determining how the reimbursement for each multi-source J-code is reimbursed considering the various sources of the drug and the widely varying AWPs associated with those different sources.

113.    The discovery provided by Pipefitters was inadequate to perform the requisite transaction level analysis to determine if the transactions submitted were even based on the AWP of the Subject Drug.  Therefore, the plaintiff has not substantiated its claims against the cited Track 2 Defendants.

114.    Pipefitters identified 161 claims that include drug charges over the nearly 15-year time span of the proposed class period.  26 of these claims (16%) involved situations when the Pipefitters' records confirm that it paid the provider nothing for the claim.  An additional 83 claims (52%) were situations where Pipefitters paid 100% of billed charges, which normally indicates that the reimbursement is not based on AWP.

115.    Similarly, for all multi-source drugs, Pipefitters has provided no evidence that (a) the drug was purchased from a Track 2 Defendant versus a non-defendant source or (b) that the reimbursement was based on the AWP of a Track 2 Defendant versus a non-defendant source or some other non-AWP based methodology.  52 of the remaining transactions  (32%) involve multi-source drugs.

116.    Each of these individual issues must also be addressed related to the proposed Class 3 drug encounters for Track 2 Defendants to determine which reimbursements, if any, meet the proposed class definition.  It is not feasible to perform this assessment on a class-wide basis for Class 3.

### D.    Conclusion Regarding The Proposed Class 3

117.    Pipefitters' relationship with ████████████████ combined with the established knowledge and competitive leverage of ████████████████ in the state of Massachusetts demonstrates why the allegations of the Complaint must be assessed on a TPP by TPP basis.  In addition, the limited transactional information provided by the Pipefitters demonstrates some of the unique individual issues that will arise within

**HIGHLY CONFIDENTIAL**

the transactions of each individual TPP.  Based on the need to perform a TPP by TPP assessment, combined with the extensive transactional analysis required within each TPP to isolate transactions that meet the class definition (as established in the assessment of the proposed Class 1 and Class 2), it is not feasible to assess the allegations of the Complaint on a class-wide basis for the proposed Class 3 as it relates to Track 2 Defendant drugs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 15, 2006.

Steven J. Young

**Exhibit Listing– Expert Declaration of Steven J. Young In Support of Track 2 Defendants' Opposition to Class Certification**

| Exhibit | Title |
|---|---|
| Exhibit 1 | Summary of Information Relied Upon |
| Exhibit 1a | Recent Testimony of Steven J. Young at Deposition, Hearing or Trial |
| Exhibit 2 | Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2a | Identification Of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2b | Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2c | Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2d | : Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2e | Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 2f | Identification of Drug Encounters Outside of Class Definition for Proposed Class 1 |
| Exhibit 3a | Named Plaintiff Drug Encounter Summary- |
| Exhibit 3b | Named Plaintiff Drug Encounter Summary- |
| Exhibit 3c | Named Plaintiff Drug Encounter Summary- |
| Exhibit 3d | Named Plaintiff Drug Encounter Summary- |
| Exhibit 3e | Named Plaintiff Drug Encounter Summary- |
| Exhibit 3f | Named Plaintiff Drug Encounter Summary- |
| Exhibit 4a | Identification Of Drug Encounters Outside Of The Proposed Class 2 Definition From Randle Affidavit |
| Exhibit 4b | J-Code Analysis Detail - Randle Affidavit - Sheet Metal Workers |
| Exhibit 5a | |
| Exhibit 5b | |
| Exhibit 6 | Plaintiff Multi-Source Drugs - Snapshot at Date of Initial Single Drug Pricer (SDP) Background File |
| Exhibit 7 | Analysis of Class 1 Named Plaintiff Drug Encounters Put Forth By Plaintiffs' Counsel To Establish Standing Against Cited Defendants |
| Exhibit 7 - Attachment A | Name Plaintiff: |
| Exhibit 7 - Attachment B | Name Plaintiff: |
| Exhibit 7 - Attachment C | Name Plaintiff: |
| Exhibit 7 - Attachment D | Name Plaintiff: |

## Exhibit 1 - Summary of Information Relied Upon

| Subject Number | Exhibit Description | Beginning Bates Range | Ending Bates Range | Binder Reference |
|---|---|---|---|---|
| FN_001 | [Proposed] Consolidated Order RE: Motion For Class Certification Track 2 (dated: N/A) | N/A | N/A | Binder 1 |
| FN_002 | Table of Subject Drugs - Track 2 Drugs | N/A | N/A | Binder 1 |
| FN_003 | | N/A | N/A | Binder 1 |
| FN_003 | | | | Binder 1 |
| FN_003 | | N/A | N/A | Binder 1 |
| FN_003 | | N/A | N/A | Binder 1 |
| FN_004 | | N/A | N/A | Binder 2 |
| FN_004 | | N/A | N/A | Binder 2 |
| FN_007 | | N/A | N/A | Binder 2 |
| FN_008 | Declaration of Charles Hannaford (dated: March 8, 2006) | N/A | N/A | Binder 2 |
| FN_013 | Office of Inspector General Report 03-00-00310 (dated: January 2001) | N/A | N/A | Binder 2 |
| FN_014 | Office of Inspector General Report OEI-03-97-00290 (dated: December 1997) | N/A | N/A | Binder 2 |
| FN_014 | Office of Inspector General Report A-02-91-01049 (dated: November 1992) | N/A | N/A | Binder 2 |
| FN_016 | Section 4556 of The Balanced Budget Act of 1997 | N/A | N/A | Binder 2 |
| FN_017 | Program Memorandum AB-02-174 (dated December 3, 2002) | N/A | N/A | Binder 2 |
| FN_021 | Thomson Micromedix CD dated May 2006 | N/A | N/A | Binder 2 |
| FN_024 | Declaration of Donald Haviland - MDL 1456: Civil Action 01-CU-12257-PBS (dated: May 8, 2006) | N/A | N/A | Binder 2 |
| FN_027 | GAO-05-142R Report Entitled: "Medicare Chemotherapy Payments: New Drug and Administration Fees Are Closer to Providers' Costs" (dated: December 1, 2004) | N/A | N/A | Binder 3 |
| FN_029 | April 2005 CMS NDC-HCPCS Crosswalk | N/A | N/A | Binder 3 |
| FN_030 | | N/A | N/A | Binder 3 |
| FN_032 | Medicare Modernization Act of 2003 (MMA) | N/A | N/A | Binder 3 |
| FN_035 | Federal Register Part 419.2 (dated April 7, 2000) | N/A | N/A | Binder 3 |
| FN_037 | Federal Register Part 419 (dated January 6, 2004) | N/A | N/A | Binder 3 |
| FN_041 | Local Medical Review Policy (LMRP): 1165 | N/A | N/A | Binder 3 |
| FN_044 | Federal Register Vol.68 No.161 (dated: August 20, 2003) | N/A | N/A | Binder 3 |
| FN_051 | | N/A | N/A | Binder 3 |
| FN_058 | | | | Binder 3 |
| FN_058 | | | | Binder 3 |
| FN_058 | | | | Binder 3 |
| FN_058 | | | | Binder 3 |
| FN_060 | | N/A | N/A | Binder 3 |
| FN_061 | | N/A | N/A | Binder 3 |
| FN_062 | | N/A | N/A | Binder 3 |
| FN_063 | | N/A | N/A | Binder 3 |
| FN_064 | | N/A | N/A | Binder 3 |

Contains Highly
Confidential Material Subject to Protective Order

**Exhibit 1**

# Exhibit 1 - Summary of Information Relied Upon

| Support Number | Entity/Description | Beginning Bates Range | Ending Bates Range | Binder Reference |
|---|---|---|---|---|
| FN_066 | | A | N/A | Binder 3 |
| Ex_3a_001 | | | | Binder 4 |
| Ex_3a_002 | | | | Binder 4 |
| Ex_3a_003 | | | | Binder 4 |
| Ex_3a_004 | | | | Binder 4 |
| Ex_3a_005 | | | | Binder 4 |
| Ex_3a_006 | | | | Binder 4 |
| Ex_3a_007 | | | | Binder 4 |
| Ex_3a_008 | | | | Binder 4 |
| Ex_3a_009 | | | | Binder 4 |
| Ex_3a_010 | | | | Binder 4 |
| Ex_3a_011 | | | | Binder 4 |
| Ex_3a_012 | | | | Binder 4 |
| Ex_3a_013 | | | | Binder 4 |
| Ex_3a_014 | | | | Binder 4 |
| Ex_3a_015 | | | | Binder 4 |
| Ex_3a_016 | | | | Binder 4 |
| Ex_3a_017 | | | | Binder 4 |
| Ex_3a_018 | | | | Binder 4 |
| Ex_3a_019 | | | | Binder 4 |
| Ex_3a_020 | | | | Binder 4 |
| Ex_3a_021 | | | | Binder 4 |
| Ex_3a_022 | | | | Binder 4 |
| Ex_3a_023 | | | | Binder 4 |
| Ex_3a_024 | | | | Binder 4 |
| Ex_3a_025 | | | | Binder 4 |
| Ex_3a_026 | | | | Binder 4 |
| Ex_3a_027 | | | | Binder 4 |
| Ex_3a_028 | | | | Binder 4 |
| Ex_3a_029 | | | | Binder 4 |
| Ex_3a_030 | Presbyterian Hospital | PRESBY0001 | PRESBY0003 | Binder 4 |
| Ex_3a_031 | Presbyterian Hospital | PRESBY0004 | PRESBY0005 | Binder 4 |
| Ex_3a_032 | Presbyterian Hospital | PRESBY0006 | PRESBY0007 | Binder 4 |
| Ex_3a_033 | Presbyterian Hospital | PRESBY0008 | PRESBY0010 | Binder 4 |
| Ex_3a_034 | Presbyterian Hospital | PRESBY0017 | PRESBY0019 | Binder 4 |
| Ex_3a_035 | Presbyterian Hospital | PRESBY0040 | PRESBY0040 | Binder 4 |
| Ex_3a_036 | Presbyterian Hospital | PRESBY0041 | PRESBY0042 | Binder 4 |
| Ex_3a_037 | Presbyterian Hospital | PRESBY0043 | PRESBY0045 | Binder 4 |
| Ex_3a_038 | Presbyterian Hospital | PRESBY0046 | PRESBY0046 | Binder 4 |
| Ex_3b_001 | | | | Binder 4 |
| Ex_3b_002 | | | | Binder 4 |
| Ex_3b_003 | | | | Binder 4 |
| Ex_3b_004 | | | | Binder 4 |
| Ex_3b_005 | | | | Binder 4 |
| Ex_3b_006 | | | | Binder 4 |
| Ex_3b_007 | | | | Binder 4 |
| Ex_3b_008 | | | | Binder 4 |
| Ex_3b_009 | | | | Binder 4 |
| Ex_3b_010 | | | | Binder 4 |
| Ex_3b_011 | | | | Binder 4 |
| Ex_3b_012 | | | | Binder 4 |
| Ex_3b_013 | | | | Binder 4 |
| Ex_3b_014 | | | | Binder 4 |
| Ex_3b_015 | | | | Binder 4 |
| Ex_3b_016 | | | | Binder 4 |
| Ex_3b_017 | | | | Binder 4 |
| Ex_3b_018 | | | | Binder 4 |
| Ex_3b_019 | | | | Binder 4 |
| Ex_3b_020 | | | | Binder 4 |
| Ex_3b_021 | | | | Binder 4 |
| Ex_3b_022 | | | | Binder 4 |
| Ex_3b_023 | | | | Binder 4 |
| Ex_3b_024 | | | | Binder 4 |
| Ex_3b_025 | | | | Binder 4 |

Contains Highly
Confidential Material Subject to Protective Order

Exhibit 1

# Exhibit 1 - Summary of Information Relied Upon

| Support Number | Entity/Description | Beginning Bates Range | Ending Bates Range | Binder Reference |
|---|---|---|---|---|
| Ex_3b_026 | | | | Binder 4 |
| Ex_3b_027 | | | | Binder 4 |
| Ex_3b_028 | | | | Binder 4 |
| Ex_3b_029 | | | | Binder 4 |
| Ex_3b_030 | | | | Binder 4 |
| Ex_3b_031 | | | | Binder 4 |
| Ex_3b_032 | | | | Binder 4 |
| Ex_3b_033 | | | | Binder 4 |
| Ex_3b_034 | | | | Binder 4 |
| Ex_3b_035 | | | | Binder 4 |
| Ex_3b_036 | | | | Binder 4 |
| Ex_3b_037 | | | | Binder 4 |
| Ex_3b_038 | | | | Binder 4 |
| Ex_3b_039 | | | | Binder 4 |
| Ex_3b_040 | | | | Binder 4 |
| Ex_3b_041 | | | | Binder 4 |
| Ex_3b_042 | | | | Binder 4 |
| Ex_3b_043 | | | | Binder 4 |
| Ex_3b_044 | | | | Binder 4 |
| Ex_3b_045 | | | | Binder 4 |
| Ex_3c_001 | | | | Binder 4 |
| Ex_3c_002 | | | | Binder 4 |
| Ex_3c_003 | | | | Binder 4 |
| Ex_3c_004 | | | | Binder 4 |
| Ex_3c_005 | | | | Binder 4 |
| Ex_3c_006 | | | | Binder 4 |
| Ex_3c_007 | | | | Binder 4 |
| Ex_3c_008 | | | | Binder 4 |
| Ex_3c_009 | | | | Binder 4 |
| Ex_3c_010 | | | | Binder 4 |
| Ex_3c_011 | | ABPA001-151 | ABPA001-151 | Binder 4 |
| Ex_3c_012 | | ABPA001-154 | ABPA001-154 | Binder 4 |
| Ex_3c_013 | | ABPA001-155 | ABPA001-155 | Binder 4 |
| Ex_3c_014 | | ABPA001-157 | ABPA001-157 | Binder 4 |
| Ex_3c_015 | | ABPA001-167 | ABPA001-167 | Binder 4 |
| Ex_3d_001 | | | | Binder 5 |
| Ex_3d_002 | | | | Binder 5 |
| Ex_3d_003 | | | | Binder 5 |
| Ex_3d_004 | | | | Binder 5 |
| Ex_3d_005 | | | | Binder 5 |
| Ex_3d_006 | | | | Binder 5 |
| Ex_3d_007 | | | | Binder 5 |
| Ex_3d_008 | | | | Binder 5 |
| Ex_3e_001 | | | | Binder 5 |
| Ex_3e_002 | | | | Binder 5 |
| Ex_3e_003 | | | | Binder 5 |
| Ex_3e_004 | | | | Binder 5 |
| Ex_3e_005 | | | | Binder 5 |
| Ex_3e_006 | | | | Binder 5 |
| Ex_3e_007 | | | | Binder 5 |
| Ex_3e_008 | | | | Binder 5 |
| Ex_3e_009 | | | | Binder 5 |
| Ex_3e_010 | | | | Binder 5 |
| Ex_3f_001 | | | | Binder 5 |
| Ex_3f_002 | | | | Binder 5 |
| Ex_3f_003 | | | | Binder 5 |
| Ex_3f_004 | | | | Binder 5 |
| Ex_3f_005 | | | | Binder 5 |
| Ex_3f_006 | | | | Binder 5 |
| Ex_3f_007 | | | | Binder 5 |
| Ex_3f_008 | | | | Binder 5 |
| Ex_3f_009 | | | | Binder 5 |
| Ex_3f_010 | | | | Binder 5 |
| Ex_3f_011 | | | | Binder 5 |
| Ex_3f_012 | | | | Binder 5 |

Contains Highly
Confidential Material Subject to Protective Order

Exhibit  1

# Exhibit 1 - Summary of Information Relied Upon

| Support Number | Entity/Description | Beginning Bates Range | Ending Bates Range | Binder Reference |
|---|---|---|---|---|
| Ex_3f_013 | | | | Binder 5 |
| Ex_3f_014 | | | | Binder 5 |
| Ex_3f_015 | | | | Binder 5 |
| Ex_3f_016 | | | | Binder 5 |
| Ex_3f_017 | | | | Binder 5 |
| Ex_3f_018 | | | | Binder 5 |
| Ex_3f_019 | | | | Binder 5 |
| Ex_3f_020 | | | | Binder 5 |
| Ex_3f_021 | | | | Binder 5 |
| Ex_3f_022 | | | | Binder 5 |
| Ex_3f_023 | | | | Binder 5 |
| Ex_3f_024 | | | | Binder 5 |
| Ex_3f_025 | | | | Binder 5 |
| Ex_3f_026 | | | | Binder 5 |
| Ex_3f_027 | | | | Binder 5 |
| Ex_3f_028 | | | | Binder 5 |
| Ex_3f_029 | | | | Binder 5 |
| Ex_3f_030 | | | | Binder 5 |
| Ex_3f_031 | | | | Binder 5 |
| Ex_3f_032 | | | | Binder 5 |
| Ex_3f_033 | | | | Binder 5 |
| Ex_3f_034 | | | | Binder 5 |
| Ex_3f_035 | | | | Binder 5 |
| Ex_3f_036 | | | | Binder 5 |
| Ex_3f_037 | | | | Binder 5 |
| Ex_3f_038 | | | | Binder 5 |
| Ex_3f_039 | | | | Binder 5 |
| Ex_3f_040 | | | | Binder 5 |
| Ex_3f_041 | | | | Binder 5 |
| Ex_3f_042 | | | | Binder 5 |
| Ex_3f_043 | | | | Binder 5 |
| Ex_3f_044 | | | | Binder 5 |
| Ex_3f_045 | | | | Binder 5 |
| Ex_3f_046 | | | | Binder 5 |
| Ex_3f_047 | | | | Binder 5 |
| Ex_4b_001 | | | | Binder 6 |
| Ex_4b_002 | | | | Binder 6 |
| Ex_4b_003 | | | | Binder 6 |
| Ex_4b_004 | | | | Binder 6 |
| Ex_4b_005 | | | | Binder 6 |
| Ex_4b_006 | | | | Binder 6 |
| Ex_4b_007 | | | | Binder 6 |
| Ex_4b_008 | | | | Binder 6 |
| Ex_4b_009 | | | | Binder 6 |
| Ex_4b_010 | | | | Binder 6 |
| Ex_4b_011 | | | | Binder 6 |
| Ex_4b_012 | | | | Binder 6 |
| Ex_4b_013 | | | | Binder 6 |
| Ex_4b_014 | | | | Binder 6 |
| Ex_4b_015 | | | | Binder 6 |
| Ex_4b_016 | | | | Binder 6 |
| Ex_4b_017 | | | | Binder 6 |
| Ex_4b_018 | | | | Binder 6 |
| Ex_4b_019 | | | | Binder 6 |
| Ex_4b_020 | | | | Binder 6 |
| Ex_4b_021 | | | | Binder 6 |
| Ex_4b_022 | | | | Binder 6 |
| Ex_4b_023 | | | | Binder 6 |
| Ex_4b_024 | | | | Binder 6 |
| Ex_4b_025 | | | | Binder 6 |
| Ex_4b_026 | | | | Binder 6 |
| Ex_4b_027 | | | | Binder 6 |
| Ex_4b_028 | | | | Binder 6 |
| Ex_4b_029 | | | | Binder 6 |
| Ex_4b_030 | | | | Binder 6 |

Contains Highly
Confidential Material Subject to Protective Order

Exhibit 1

# Exhibit 1 - Summary of Information Relied Upon

| Support Number | Entity/Description | Beginning Bates Range | Ending Bates Range | Binder Reference |
|---|---|---|---|---|
| Ex_5a_001 | Abbott | ABT AWP/MDL104841 | ABT AWP/MDL104862 | Binder 6 |
| Ex_5b_001 | Dey Laboratories | DLB0104738 | DLB0104739 | Binder 6 |
| Ex_7_001 | Declaration of Donald E. Haviland, Jr (dated:May 8, 2006) | N/A | N/A | Binder 6 |
| Ex_7_002 | | N/A | N/A | Binder 6 |
| Ex_7_004 | | N/A | N/A | Binder 6 |
| Ex_7_006 | Table of Subject Drugs - Track 2 Drugs | N/A | N/A | Binder 6 |
| Ex_7A_001 | | | | Binder 6 |
| Ex_7B_001 | | STER AWP000277 | STER AWP000277 | Binder 6 |
| Ex_7D_001 | | | | Binder 6 |
| Ex_6_001 | April 2005 CMS NDC-HCPCS Crosswalk | N/A | N/A | CD |
| Ex_6_002 | 2003 HCPCS Drug Pricing Background File | N/A | N/A | CD |
| N/A | Pipefitters 1995 though 2003 data.xls | N/A | N/A | CD |
| N/A | Pipefitters_Trk2_PBC_ClaimsData_031506.xls | N/A | N/A | CD |
| N/A | Thomson Micromedix CD dated May 2006 | N/A | N/A | N/A |
| N/A | Medispan Pricing Compendia | N/A | N/A | N/A |
| N/A | new awp data 329-06.mdb | N/A | N/A | N/A |

Contains Highly Confidential Material Subject to Protective Order
Exhibit  1

Exhibit 1a

## RECENT TESTIMONY OF STEVEN J. YOUNG AT DEPOSITION, HEARING OR TRIAL

HARRY E. STETSER, DALE E.NELSON, and MICHAEL de MONTBRUN, individually and on behalf of themselves and all others similarly situated, Plaintiffs, v. TAP PHARMACEUTICAL PRODUCTS, INC.; ABBOTT LABORATORIES; TAKEDA CHEMICAL INDUSTRIES, LTD.; JOHNSON & JOHNSON; ETHICON ENDO-SURGERY, INC.; INDIGO LASER CORPORATION; DAVID JETT; CHRISTOPHER COLEMAN; SCOTT HIDALGO; and EDDY JAMES HACK, Defendants; STATE OF NORTH CAROLINA, NEW HANOVER COUNTY, SUPERIOR COURT DIVISION FILE NO. 1-CV-5268; Deposition taken on June 1 and 2, 2004.

IN RE: LUPRON MARKETING AND SALES PRACTICES LITIGATION (MDL 1430), U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, MASTER FILE NO. 01-CV-10861, Deposition taken on July 13, 2004.

BERNARD WALKER, individually and on behalf of those similarly situated, Plaintiffs, v. TAP PHARMACEUTICAL PRODUCTS, INC., et. al., Defendants, STATE OF NEW JERSEY, CAPE MAY COUNTY, SUPERIOR COURT DIVISION FILE NO. CPM-L-682-01, Deposition taken on August 13, 2004.

IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, U.S. DISTRICT COURT DISTRICT OF MASSACHUSETTS, MDL NO. 1456, CIVIL ACTION NO.01-12257, Testimony taken November 18 & 19, 2004.

BERNARD WALKER, individually and on behalf of those similarly situated, Plaintiffs, v. TAP PHARMACEUTICAL PRODUCTS, INC., et. al., Defendants, STATE OF NEW JERSEY, CAPE MAY COUNTY, SUPERIOR COURT DIVISION FILE NO. CPM-L-682-01, Hearing Testimony on April 20, 2005.

ADVANCEPCS HEALTH L.P., Claimant, v. TAKEDA PHARMACEUTICALS AMERICA, INC., Respondent, AMERICAN ARBITRATION ASSOCIATION, COMMERCIAL ARBITRATION TRIBUNAL, CASE NO. 76 193 00202 04 JMLE, Deposition taken on August 26, 2005.

PENTECH PHARMACEUTICALS, INC., Plaintiff, vs. PAR PHARMACEUTICALS, INC., Defendant; IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION CASE NO. 04C3149; Deposition taken on December 9, 2005.

Subject to Protective Order

HIGHLY CONFIDENTIAL

Exhibit 2



Identification of Drug Encounters Outside of Class Definition for Proposed Class 1

A: Part A/ Inpatient 8%

B: 2005 ASP 27%

C: Hospital OPPS Not AWP Based 12%

D: No Responsibility/ Flat Co-Pay 25%

E: Multi-Source 22%

F: Missing/Contradictory Evidence 6%

- A: Part A/ Inpatient
- B: 2005 ASP
- C: Hospital OPPS Not AWP Based
- D: No Responsibility/ Flat Co-Pay
- E: Multi-Source
- F: Missing/Contradictory Evidence

Subject To Protective Order

HIGHLY CONFIDENTIAL

Exhibit 2-a

Identification Of Drug Encounters Outside of Class Definition for Proposed Class 1



Subject To Protective Order

1 of 1

HIGHLY CONFIDENTIAL

Exhibit 2-b



: Identification of Drug Encounters Outside of Class
Definition for Proposed Class 1

A - Part A/ Inpatient
B - 2005 ASP
C - Hospital OPPS Not AWP Based
D - No Responsibility/ Flat Co-Pay
E - Multi-Source
F - Missing/Contradictory Evidence

0% A

63% B

C, D, E

0%
0%
0%

37% F

Subject To Protective Order

HIGHLY CONFIDENTIAL

Exhibit 2-c

## Identification of Drug Encounters Outside of Class Definition for Proposed Class 1



A - Part A/ Inpatient
B - 2005 ASP
C - Hospital OPPS Not AWP Based
D - No Responsibility/ Flat Co-Pay
E - Multi-Source
F - Missing/Contradictory Evidence

F 0%
A 13%
B 16%
C 9%
D 9%
E 53%

Subject To Protective Order

1 of 1

HIGHLY CONFIDENTIAL

Exhibit 2-d

: Identification of Drug Encounters Outside of Class
Definition for Proposed Class 1



0%  A, F
0%

50%
B

0% C,D

50%
E

- A - Part A/ Inpatient
- B - 2005 ASP
- C - Hospital OPPS Not AWP Based
- D - No Responsibility/ Flat Co-Pay
- E - Multi-Source
- F - Missing/Contradictory Evidence

Subject To Protective Order