# EXHIBIT 11

Westlaw.

The Florida Bar
October 2004

Florida Standard Jury Instructions in Civil Cases
Chapter 3

III ISSUES

Copyright © 1967, 1970, 1974, 1975, 1976, 1977, 1978, 1979, 1980, 1981, 1982,
1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1993, 1994, 1995, 1997,
1998, 2000, 2001, 2002, 2003, 2004 by the Florida Bar

WESTLAW LAWPRAC INDEX

GPR -- General Practice Approaches, Articles & Issues

 Reprinted April 2001 with all supplements including March 2001 Supplemented July 2001, June 2002, September 2002, June 2003, February/April 2004, October 2004

**3.1 Preemptive charges: issues arising on claim**

**3.2 Issues as to claimant's status or defendant's duty**

**3.3 Issues as to vicarious liability**

**3.4 Greater weight (preponderance) of evidence and burden of proof on** preliminary issues

**3.5 Negligence issues**

**3.6 Issues as to legal (proximate) cause and damage**

**3.7 Greater weight (preponderance) of evidence and burden of proof**

**3.8 Defense issues**

**3.9 Greater weight (preponderance) of evidence defined**

**3.1 PREEMPTIVE CHARGES: ISSUES ARISING ON CLAIM**

  **The court has determined and now instructs you, as a matter of law, that**

a. duty to use reasonable care:

  **the circumstances at the time and place of the incident complained of were** such that **(name)** had a duty to use reasonable care for **(claimant's)** safety.

(skip to charge 3.5 on negligence issues)

Note on use of 3.1a

 This preemptive charge is not for use routinely, but only when reasonable care standard was contested before the jury, as by a 3.2 issue now to be withdrawn as a matter of law. In that event 3.1a properly emphasizes reasonable

care as embodied in 3.5 or 3.8 and 4.1. Otherwise it is argumentative. See General Note on Use, p. xvi, notes on use of 3.1, 3.8.

b. vicarious liability:

 (defendant) **is responsible for any negligence of** (name) **in** (describe alleged negligence).

(skip to charge 3.5 on negligence issues)

c. negligence:

 (name) **was negligent. The issue for your determination [on the claim of** (name)**] is:**

(skip to charge 3.6 on causation and damage issues)

d. directed verdict on liability:

  (defendant) **was negligent and that such negligence was a legal cause of**  [loss] [injury] [or] [damage] to **(claimant). (Claimant)** is therefore entitled to recover from **(defendant)** for such [loss] [injury] [or] [damage] as is shown by the greater weight of the evidence to have thus been caused.

(skip to charge 3.9, defining greater weight of evidence)

Note on use of 3.1d

This charge should be given only when the sole issue to be determined by the jury is the matter of damages.

NOTE ON USE OF 3.1

 1. This charge covers only preemptive charges on issues arising on claims. Preemptive charges on defense issues are covered in 3.8 and should be given at that stage of the charge.

 2. It may be necessary or desirable in some cases for the court to introduce this charge by calling attention to the evidence or arguments of counsel in which the issue now to be withdrawn was raised or discussed.

**3.2 ISSUES AS TO CLAIMANT'S STATUS OR DEFENDANT'S DUTY**

 **The first issue for your determination on the claim of** (claimant) **against**  (defendant) **is:**

a. Invitee or invited licensee:

  **whether, at the time and place of the incident complained of** (claimant) **was**  invited on premises owned by or in the possession of **(defendant)**. A person is invited on land or premises of another when he enters or remains there at the invitation of the owner or possessor. Such an invitation may be either express or reasonably implied from the circumstances. [Such a person remains invited as long as he uses the premises in the customary manner or in a manner which the owner or possessor of the premises might reasonably have expected and at a place where the visitor was invited or where he was permitted to be or where he might reasonably have been expected by the owner or possessor.]

Comment on 3.2a

See Wood v. Camp, 284 So. 2d 691 (Fla. 1973).

b. Passenger of common carrier:

  **whether, at the time and place of the incident complained of,** (claimant) **occupied the legal status of a**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**passenger of** (defendant), **a common carrier. A**  person is a passenger of a common carrier when

Passenger before boarding:

  **[, intending to take passage, he enters and occupies a station, waiting**  room or other place provided by the carrier for the reception of passengers at a time when such place is open for reception of persons intending to take passage on the carrier's vehicle or conveyance.] **or**

Passenger boarding or in transit:

  **[he enters or occupies the carrier's vehicle or conveyance for the purpose**  of transportation with the carrier's express or implied consent.] **or**

Passenger temporarily leaving conveyance:

  **[he enters or occupies the carrier's vehicle or conveyance for the purpose**  of transportation with the carrier's express or implied consent. Such a person does not cease to be a passenger by leaving the carrier's vehicle or conveyance temporarily for a reasonable purpose and without intending to abandon the carrier's transportation.] **or**

Passenger departing at destination:

  **[he enters or occupies the carrier's vehicle or conveyance for the purpose**  of transportation with the carrier's express or implied consent. Such a person does not cease to be a passenger at his destination until he has safely alighted from the carrier's vehicle or conveyance [or, if he is discharged at the station or premises of the carrier, until he has had a reasonable opportunity to leave the premises].]

Comment on 3.2b

  Florida Southern Ry. Co. v. Hirst, 30 Fla. 1, 11 So. 506 (1892);  Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133 (1938); Henderson v. Tarver, 123 So. 2d 369 (2d D.C.A. Fla. 1960); Pividal v. City of Miami, 105 So. 2d 502 (3d D.C.A. Fla. 1958).

c. Discovered trespasser [or licensee (uninvited) whose presence is foreseeable]:

  *Use the bracketed language indicated with an asterisk (next page) if claimant was a licensee (uninvited) but not if claimant was a trespasser.

  **whether, at the time and place of the incident complained of,** (defendant) **had**  a duty to use reasonable care for the safety of (**claimant**). A person who owns or has possession of land or premises who knows of a condition on the premises which involves an unreasonable risk of harm to another person on the premises has a duty to use reasonable care to warn such other person of the condition and the risk involved, if the presence of such other person is known *[or reasonably foreseeable] by the owner or possessor and if the other neither knew nor should have known of such condition and risk by the use of reasonable care.

Note on use of 3.2c

  In the case of a person having an express or implied invitation, use 3.2a instead of 3.2c. As a result of Wood v. Camp, 284 So. 2d 691 (Fla. 1973), the former licensee category now consists only of "uninvited licensees."

Comment on 3.2c

  Crutchfield v. Adams, 152 So. 2d 808 (1st D.C.A. Fla. 1963), cert. den.  155 So. 2d 693; Byers v. Gunn, 81 So. 2d 723 (Fla. 1955); Seaboard Air Line R.R. Co. v. Branham, 99 So. 2d 621 (3d D.C.A. Fla. 1958), cert. disch. 104 So. 2d 356. Amended 12/10/74 to express the "duty to warn" as a "duty to use reasonable care to warn."

d. Attractive nuisance:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*HThe first clause, bracketed and indicated with an asterisk, and the last clause, bracketed and indicated with a dagger, should be used only if there are jury issues on those matters.

*[whether (**defendant**) [owned] [possessed] [or] [controlled] the land or premises in question]; whether the (**identify structure or other artificial**  condition) **was located at a place on the land or premises in question where**  (defendant) **knew or had reason to know children were likely to be [as**  trespassers or otherwise]; whether the (**identify structure or other artificial**  condition) **involved an unreasonable risk of death or serious harm to children**   who, because of their age, were not likely to discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it; [and] whether (**defendant**) knew or had reason to know of the risk to such children; **[and whether** (claimant child)**, because of his age, did**   not discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it].

Comment on 3.2d

Derived from Restatement of Torts 2d § 339; Cockerhan v. Vaughan, Inc., 82 So. 2d 890 (Fla. 1955); Fouraker v. Mullis, 120 So. 2d 808 (1st D.C.A. Fla. 1960), cert. den. 123 So. 2d 674; Banks v. Mason, 132 So. 2d 219 (2d D.C.A. Fla. 1961), cert. den. 136 So. 2d 348. Considered together, charges 3.2d and 3.5h cover all elements of the attractive nuisance doctrine. Since plaintiff must, in effect, negate contributory negligence in order to prevail on this doctrine, contributory negligence is not a defense. Larnel Builders, Inc. v. Martin, 110 So. 2d 649 (Fla. 1959).

e. Automobile passenger (not a guest):

Comment on 3.2e

By revision effective January 21, 1974, the preliminary charge on the guest statute was deleted. The guest statute, § 320.59 F.S. 1971, was repealed by Chapter 72-1, Florida Laws 1972.

NOTE ON USE OF 3.2

1. 3.2 should be used when the jury could reasonably decide either for claimant or for defendant on the issue of whether defendant owed claimant the degree of care that is an essential part of the claim made by claimant, e.g., as when claimant contends he was an invitee on the defendant's premises and defendant contends that plaintiff was a trespasser.

2. 3.2 is intended to frame the issues determining claimant's status or defendant's duty. It is not intended as a statement of the degree of care owed. The matter of degree of care is covered in the charges on negligence issues (3.5), negligence (4.1) negligence of a child (4.4) and negligence of a common carrier (passenger case) (4.5).

3. The variations of 3.2 state affirmatively the circumstances that must be shown in order for claimant to prevail on this particular issue. If these circumstances are not shown by the greater weight of the evidence, claimant cannot prevail on a claim that depends on such a showing (3.4).

## 3.3 ISSUES AS TO VICARIOUS LIABILITY

**The [first] [next] issue for your determination on the claim of** (claimant) **against** (defendant) **on account of the alleged negligence of** (name) **is:**

EXAMPLES:

a. Owner, lessee, or bailee of vehicle driven by another:

**whether** (defendant) **was the [owner] [lessee] [or] [bailee] of the vehicle**  driven by (**driver**) and whether (**driver**) was operating the vehicle with the express or implied consent of (**defendant**). A person who [owns] [is the lessee of] [or] [is the bailee of] a vehicle and who expressly or impliedly consents to another's use of it is responsible for its operation.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[An owner of a vehicle is one who has legal title to the vehicle and who** has the right of control and authority over its use.]

**[A lessee of a vehicle is one who has leased or rented the vehicle from its** owner.]

**[A bailee of a vehicle is one to whom the vehicle has been furnished or** delivered by [its owner] [a person with authority over its use] for a particular purpose, with the understanding that it will be returned.]

Note on use of 3.3a

The general rules stated above will be appropriate in most cases in which there is an issue concerning the status of a defendant under Florida's "dangerous instrumentality" doctrine. See generally Aurbach v. Gallina, 753 So.2d 60 (Fla. 2000). They are subject to a number of exceptions, however. For example, the owner of a vehicle who has delivered possession of it to another under a conditional sales contract, and who has complied with all the requirements of § 319.22, Fla. Stat., is not liable for its negligent operation. See Aurbach v. Gallina, supra; Palmer v. R. S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla. 1955). The owner of a vehicle who has leased it to another under a lease for one year or longer, and who has complied with all the requirements of § 324.021(9)(b)1, Fla. Stat., is not liable for its negligent operation. See Ady v. American Honda Finance Corp., 675 So.2d 577 (Fla. 1996). Additional limitations upon vicarious liability are set forth in § § 324.021(9)(b) and 324.021(9)(c). Fla. Stat. An owner or lessee who has delivered a vehicle to a repair shop for maintenance is ordinarily not liable for its negligent operation during servicing, service-related testing, or transport of the vehicle by the bailee. See Michalek v. Shumate, 524 So.2d 426 (Fla. 1988); Castillo v. Bickley, 363 So.2d 792 (Fla. 1978). Although an owner is liable for a personal injury or wrongful death negligently inflicted by a bailee upon a third party, an owner is not liable for a personal injury or wrongful death negligently inflicted by a bailee upon a co-bailee. See Toombs v. Alamo Rent-A-Car, Inc., 833 So.2d 109 (Fla. 2002); Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla. 1965); May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla. 1955). And proof of express or implied consent is not required where an unattended vehicle has been stolen because the owner left the keys in the ignition. See Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977).

Other exceptions may exist for which special instructions may be required. See generally 4A Fla.Jur.2d, Automobiles and Other Vehicles, § § 667-91. The instruction may also have to be tailored to fit the particular factual circumstances of the case.

Comment on 3.3a

Dangerous instrumentality. The committee recommends that the court not charge the jury that an automobile is a "dangerous instrumentality," such a charge being unnecessary and essentially argumentative.

b(1). Agency, master and servant (independent contractor distinguished):

**whether** (name) **was an agent of** (defendant) **and was acting within the scope** of [his] [her] employment at the time and place of the incident complained of. [An agent is a person who is employed to act for another, and whose actions are controlled by his or her employer or are subject to his or her employer's right of control.] An employer is responsible for the negligence of [his] [her] [its] agent if such negligence occurs while the agent is performing services which he or she was employed to perform or while the agent is acting at least in part because of a desire to serve his or her employer and is doing something that is reasonably incidental to his or her employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.

**[But a person is not responsible for the negligence of an** independent contractor or of the agents or employees of an independent contractor. An independent contractor is a person who is engaged by another to perform specific work according to his or her own methods and whose methods of performing the work are not controlled by the person engaging him or her and are not subject to that person's right of control.]

Comment on 3.3b(1)

For purposes of defining liability for negligence, there is no reason to distinguish between the relationship of principal and agent and the relationship of master and servant. See Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

b(2). Apparent agency:

**whether** (name) **was an apparent agent of** (defendant) **and was acting within** the scope of [his] [her] apparent authority at the time and place of the incident complained of. [An agent is a person who is employed to act for another, and whose actions are controlled by his or her employer or are subject to his or her employer's right of control.] **(Name)** was an apparent agent if **(defendant)** by [his] [her] words or conduct caused or allowed (claimant) **to believe that** (name) **was an agent of and had authority to act** for **(defendant)** and if **(claimant)** justifiably relied upon that belief in dealing with **(name)** as the agent of **(defendant)**. A person is responsible for the negligence of his or her apparent agent occurring while the apparent agent is acting within the scope of his or her apparent authority.

Note on use of 3.3b(1) and (2)

If the court determines that issues on both actual agency and apparent agency should be submitted to the jury, give both 3.3b(1) and (2), omitting the bracketed language in b(2). When 3.3b(2) is used alone, give the bracketed language.

c. Ultrahazardous work (exception to nonliability for negligence of independent contractor):

**whether** (defendant) **[authorized or permitted another to carry on] [or]** [knowingly assisted or participated in carrying on], upon premises owned or possessed by [him] [her], an activity which **(defendant)** knew or should have known was ultrahazardous. The performance of work is ultrahazardous if there is a real and substantial danger inherent in the work itself and if the work is of such a nature that, in the ordinary course of events, performance of the work will probably cause injury if proper precautions are not taken. A person who [authorizes or permits another to carry on] [or] [knowingly assists or participates in carrying on] ultrahazardous work on premises owned or possessed by the employer is responsible for negligence in the performance of the work by the other or by his or her agents and employees.

Comment on 3.3c

Price v. Florida Power & Light Co.. 159 So. 2d 654 (2d D.C.A. Fla. 1964), rev'd., 170 So. 2d 293. If the activity in question is ultrahazardous as a matter of law, this charge should be omitted and charge 3.1b, the preemptive charge on vicarious liability, should be given.

d. Partnership:

**whether** (name) **was a partner of** (defendant) **and was acting in behalf of** the partnership and within the scope of its business at the time and place of the incident complained of. A partnership exists when two or more persons join together or agree to join together in a business or venture for their common benefit, each contributing property or money or services and each having an interest in any profits. Each member of a partnership is responsible for the negligence of any partner if such negligence occurs while the partner is acting in behalf of the partnership and within the scope of the partnership's business.

e. Joint venture:

**whether at the time and place of the incident complained of,** (name) **was** engaged in a joint venture with **(defendant)** and was acting in behalf of the joint venture and within the scope of its business at the time and place of the incident complained of. A joint venture exists when two or more persons combine their resources or efforts and agree to undertake some particular business transaction in which they have common interests in the purposes to be accomplished, joint control or right of control of the venture, joint ownership interest in the subject matter of the venture and a common right and duty to share in profits and losses. Each member of a joint venture is responsible for the negligence of another member if such other member's negligence occurs while he or she is acting in behalf of the joint venture and within the scope of its business.

Comment on 3.3e

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Kislak v. Kreedian, 95 So. 2d 510 (Fla. 1957).

f. Joint enterprise (automobile):

**whether** (driver) **was operating the automobile at the time and place of the**   [collision] [incident complained of] to further the purposes of a joint enterprise in which [he] [she] was engaged with (**defendant passenger**). A joint enterprise exists when two or more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the purposes to be accomplished and equal rights to control and manage the operation of an automobile in pursuance of the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if such negligence occurs while he or she is acting under the agreement and to further the purposes of the joint enterprise.

Comment on 3.3f

Yokum v. Rodriguez, 41 So. 2d 446 (Fla. 1949); Roberts v. Braynon, 90 So. 2d 623 (Fla. 1956).

## 3.4  GREATER WEIGHT (PREPONDERANCE) OF EVIDENCE AND BURDEN OF PROOF ON PRELIMINARY ISSUES

**If the greater weight of the evidence does not support the claim of**  (claimant) **on [this issue] [these issues], then your verdict on the claim of** (claimant) *****[on account of the alleged negligence of** (name)] **should be for** (defendant).

NOTE ON USE

1. *There is no need to give that portion of the charge contained within brackets unless the claimant makes an alternative claim not predicated on simple negligence. In such a case it is necessary to distinguish the claim of negligence from the other claim.

2. "Preponderance of evidence" and "burden of proof." The committee recommends that no charge be given using these terms, which are considered not helpful to a jury and not necessary in a charge that otherwise defines "greater weight of the evidence" (3.9) and instructs the jury on the consequences of its determining that the greater weight of the evidence supports or does not support the claim or defense of a party.

## 3.5 NEGLIGENCE ISSUES

NOTE ON USE

The committee recommends that the integrated charge on negligence issues  (3.5, page 1a), rather than the conventional charges (3.5, page 1c, 3.6, 3.7 and 3.8), be given in comparative negligence cases in which both a claim and a counterclaim have been made. In other cases, the conventional charges should be given instead. Charge 3.9 remains necessary in all cases.

Before Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973), the committee recommended, for cases involving a counterclaim, that the court concentrate on each claim separately, instructing the jury on claimant's claim in the terms of the conventional charges (3.5, page 1c, 3.6, 3.7 and 3.8) and then repeating the same charges as applicable to defendant's counterclaim (see General Note on Use, p. xvii). In comparative negligence cases involving both a claim and a counterclaim, the issues are more readily stated in the single integrated charge. When assumption of the risk is a defense issue, the conventional charges on negligence issues, not the integrated charge, should be given.

See the comment at 3.8, page 4, for the committee's explanation of the substance of its recommended charge on comparative negligence.

INTEGRATED CHARGE ON CLAIM AND COUNTERCLAIM IN COMPARATIVE NEGLIGENCE CASES

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Use the following introductory paragraph if 3.5 (integrated charge) is preceded by charges on preliminary issues (3.2-3.4):

**If, however, the greater weight of the evidence does support the claim of** (claimant) **on [this issue] [these issues], then you shall consider the other** issues on the [negligence] claim of **(claimant)**, which are: **(State the issues** set out below.)

Use the following introductory paragraph in all other circumstances requiring an integrated charge on claim and counterclaim in comparative negligence cases:

**The issues for your determination on the [negligence] claim of** (claimant) **against** (defendant) **are:** (State the issues set out below.)

### ISSUES ON CLAIM AND COUNTERCLAIM

**Whether** (defendant) **was negligent in** (describe negligence) **and, if so,** whether such negligence was a legal cause of [loss] [injury] [or] [damage] sustained by **(claimant)**. If the greater weight of the evidence does not support the claim of **(claimant)**, then your verdict on that claim should be for (defendant).

**Similarly, the issues for your determination on the claim of** (counterclaimant) **against** (counterdefendant) **are** **whether** (counterdefendant) **was** negligent in **(describe negligence)** and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] sustained by **(counterclaimant)**. If the greater weight of the evidence does not support the claim of (counterclaimant)**, then your verdict on that claim should be for** (counterdefendant).

**If the greater weight of the evidence supports the claim of** (claimant) **and shows that the negligence of** (defendant) **was a legal cause of [loss]** [injury] [or] [damage] sustained by **(claimant)** but does not support the claim of **(defendant/counterclaimant)**, your verdict should be for **(claimant)** in the total amount of his damages.

**Similarly, if the greater weight of the evidence supports the claim of** (counterclaimant) **and shows that the negligence of** (counterdefendant) **was a** legal cause of [loss] [injury] [or] [damage] sustained by **(counterclaimant)**, but does not support the claim of **(claimant/counterdefendant)**, your verdict should be for **(counterclaimant)** in the total amount of his damages.

**If, however, the greater weight of the evidence shows that both** (claimant/counterdefendant) **and** (defendant/counterclaimant) **were negligent and** that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by each, you should determine what percentage of the total negligence of both parties to this action is chargeable to each.

(skip to 3.9 defining "greater weight of the evidence.")

### CONVENTIONAL CHARGES ON CLAIM OR COUNTERCLAIM

Use the following introductory paragraph if 3.5 is preceded by charges on preliminary issues (3.2-3.4):

**If, however, the greater weight of the evidence does support the claim of** (claimant) **on [this issue] [these issues], then you shall consider the other** issues on that claim, which are: **(State the issues. See examples below.)**
Use the following introductory paragraph in all other circumstances:

**The issues for your determination on the claim of** (claimant) **against** (defendant) **are:** (State the issues. See examples below.)

### EXAMPLES OF NEGLIGENCE ISSUES:

a. Negligence, generally:

**whether** (defendant) **was negligent in** (describe negligence)**; and, if so,**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

b. Driver's negligence:

**whether** (defendant) **was negligent in the operation of the vehicle he was** driving; and, if so,

c. Two drivers' negligence:

**whether** (defendant) **or** (defendant) **was negligent or whether both were** negligent in the operation of the vehicles they were driving; and, if so,

d. Driver's gross negligence (guest statute):

Comment on 3.5d

By revision effective January 21, 1974, the charge on the guest statute was deleted. The guest statute, § 320.59 F.S. 1971, was repealed by Chapter 72-1, Florida Laws 1972.

e. Railroad, airline or bus line negligence:

**whether** (defendant) **was negligent in the operation of its [train]** [airplane] [bus]; and, if so,

f. Landowner or possessor's negligence (toward invitee and invited licensee):

**whether** (defendant) **[negligently failed to maintain his premises in a** reasonably safe condition], [or] [negligently failed to correct a dangerous condition of which (**defendant**) either knew or should have known by the use of reasonable care,] [or]. *[negligently failed to warn (**claimant**) of a dangerous condition concerning which (**defendant**) had, or should have had, knowledge greater than that of (**claimant**)].

Notes on use of 3.5f

1. If there is an issue of whether claimant had status as an invitee or invited licensee, give charges 3.2a and 3.4 as preliminary charges before giving 3.5f. The final segment of 3.5f, marked with an asterisk*, is inapplicable when plaintiff does not proceed on a theory of defendant's failure to warn.

2. The phrase "... of which (defendant) either knew or should have known by use of reasonable care..." may be inappropriate in cases involving "transitory foreign objects." Fla. Stat., § 768.0710; Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla. 2002); Owens v. Publix, 802 So.2d 315 (Fla. 2001); Melkonian v. Broward Co. Bd. of Co. Comm'rs, 844 So.2d 785 (Fla. 4th DCA 2003).

Comment on 3.5f

Hickory House v. Brown, 77 So.2d 249 (Fla. 1955); Hall v. Holland, 47 So.2d 889 (Fla. 1950); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).

g. Land owner or possessor's negligence (toward discovered trespasser or foreseeable licensee):

**whether** (defendant) **negligently failed to warn** (claimant) **of a dangerous** condition and risk which were known to (**defendant**) and of which (**claimant**) **neither knew nor should have known, by the use of reasonable care; and, if so,**

Note on use of 3.5g

Give preliminary charges 3.2c and 3.4 before giving 3.5g if there is a jury question of whether defendant owned or had possession of the land or premises, or whether he knew of the dangerous condition, or whether he knew of claimant's presence (if claimant was a trespasser) or should have foreseen claimant's presence (if claimant was a licensee).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

h. Attractive nuisance:

**whether** (defendant) **was negligent in maintaining or in failing to protect** (claimant child) **from the** (describe structure or other artificial condition) **on the land or premises in question; and, if so,**

## Comment on 3.5h

This charge and charge 3.2d, taken together, state all elements of the attractive nuisance doctrine. The committee considers subsections (d) and (e) of Restatement of Torts 2d § 339 to be unnecessary to the charge because negligence is otherwise defined by charge 4.1.

i. Landlord's negligence (toward tenant):

when leased premises are not residential:
**whether** (defendant landlord) **negligently failed to disclose to** (claimant tenant) **a dangerous condition on the leased premises which was known to** (defendant)**, which was not known to** (claimant) **or discoverable by him by the** use of reasonable care, and which (**defendant**) had reason to believe (claimant) **could not discover; and, if so,**

when leased premises are residential (not common areas):
**whether [, before allowing** (claimant tenant) **to take possession of the** dwelling, (**defendant landlord**) negligently failed to repair a defect that was discoverable by a reasonable inspection] **[or] [, after** (**claimant tenant**) took possession of the dwelling, (**defendant landlord**) negligently failed to repair a dangerous or defective condition on the premises of which he had actual notice]**; and, if so,**

## Comment on 3.5i

1. Revision 7/29/82, reflecting a greater duty by landlord to tenant on leased residential premises, was derived from Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981), overruling to that extent Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946). See also § 83.51, Fla. Stat. (1981), which may impose on the landlord greater duties, in respect to conditions arising after tenant's possession, than were addressed in Mansur. If other or greater duties are imposed by the statute, charge 3.5i should be modified to express those duties in the terms of the case. Charge 3.5i pertains to the landlord's duties, not the tenant's, but the committee calls attention to statutes in chapter 83 imposing certain duties on the tenant, which may affect the landlord's duties as expressed in this charge.

2. Common areas. In respect to common areas the landlord's duty to the tenant is stated in 3.5f. The landlord's duty to others in common areas is the same as owed by any landowner or possessor of land, e.g., 3.5f, 3.5g.

3. Persons invited on leased residential premises by tenant. The landlord's duty to persons invited on leased residential premises by the tenant is the same as the landlord's duty to the tenant. Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981).

4. Waiver. The committee expresses no opinion about whether a tenant may waive duties owed him by the landlord. Compare Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981), with § § 83.51(1)(b), 83.51(4), and 83.47, Fla. Stat. (1981).

j. Municipality's negligence in maintenance of sidewalks and streets:

**whether the city negligently failed to maintain its [sidewalk] [or]** [street] in a reasonably safe condition or failed to correct or warn (claimant) **of a dangerous condition of which the city either knew or should** have known, by the use of reasonable care; and, if so,

## Comment on 3.5j

City of Tampa v. Johnson, 114 So. 2d 807 (2d D.C.A. Fla. 1959); Schutzer v. City of Miami, 105 So. 2d 492 (3d D.C.A. Fla. 1958).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

k. Negligence of parent (damage caused by child):

**whether** (defendant parent) **negligently [[entrusted to] [left in the**  possession of] [or] [left accessible to] his child, **(name)**, an instrumentality which, because of the child's age or lack of judgment or experience, constituted an unreasonable risk of harm to others] [or] [failed to restrain or control his child, **(name)**,] [or] [directed or encouraged his child, **(name)**, to do something involving an unreasonable risk of harm to others]; and, if so,

Comment on 3.5k

Gissen v. Goodwill, 80 So. 2d 701 (Fla. 1955).

l. Negligence of physician or hospital, generally:
**whether** (defendant physician or hospital) **was negligent in** (describe conduct in question)**; and, if so,**

Note on use of 3.5l ·
.

Use in conjunction with 4.2a defining negligence on the part of a physician or hospital.

m. Negligence of physician, osteopath, chiropractor, podiatrist or dentist in treatment without informed consent (ch. 75-9, § 11, Fla. Laws):

**whether Doctor** (name) **negligently failed to obtain the informed**  consent of **(claimant or person whose consent would be effective)** to the medical treatment or procedure complained of; and, if so,

Note on use of 3.5m

The committee recognizes that, depending on circumstances, the tort of injury by treatment without informed consent may be pleaded, proved and presented to the jury as an assault or battery, rather than in terms of negligence. Chambers v. Nottebaum, 96 So. 2d 716 (3d D.C.A. Fla. 1957); Brown v. Wood, 202 So. 2d 125 (2d D.C.A. Fla. 1967). When the issues on such a claim are to be presented in terms of negligence, 3.5m is to be used in conjunction with 4.2b, defining negligence in these circumstances, and 5.3, defining legal cause in terms appropriate to these cases. Together these three charges contain all of the elements of the tort as specified in ch. 75-9, § 11, Fla. Laws, creating § 768.132, F.S. 1975. When it is appropriate to charge the jury instead in terms of assault or battery, appropriate instructions may be derived from the same source.

## 3.6 ISSUES AS TO LEGAL (PROXIMATE) CAUSE AND DAMAGE

**whether such negligence was a legal cause of**

a. Survival cases:

**[loss] [injury] [or] [damage] sustained by the decedent,** (name).

b. Death cases:

**the death of the decedent,** (name).

c. Other cases:

**[loss] [injury] [or] [damage] sustained by** (claimant or person for whose injury claim is made).

COMMENT

1. 3.6 is not intended as a definition of "legal cause." That definition is contained in 5.1 and should not be given until all of the issues are framed by appropriate charges from Part III and negligence has been defined by charges

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

from Part IV.

   2. The committee recommends that the term "proximate cause" not be used in the charge. See comment, 5.1.

## 3.7 GREATER WEIGHT (PREPONDERANCE) OF EVIDENCE AND BURDEN OF PROOF

  **If the greater weight of the evidence does not support the claim of** (claimant), **then your verdict should be for** (defendant)(s).

  **[However, if the greater weight of the evidence does support the claim of** (claimant), **then your verdict should be for** (claimant) **and against** (defendant)**.]**

  **[However, if the greater weight of the evidence does support the claim of** (claimant) **against one or [both] [more] of the defendants, then you should** determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants is chargeable to each].

### NOTE ON USE

  1. Use the first paragraph in all cases. If there is an affirmative defense to the claim that is the subject of the charge, do not use either of the bracketed paragraphs; instead, turn to 3.8. If there is no affirmative defense, use the first or the second bracketed paragraph depending on whether there is one defendant or more than one; then turn to 3.9.

  2. "Preponderance of evidence" and "burden of proof." The committee recommends that no charge be given using these terms, which are considered not helpful to a jury and not necessary in a charge that otherwise defines "greater weight of the evidence" (3.9) and instructs the jury on the consequences of its determining that the greater weight of the evidence supports or does not support the claim or defense of a party.

## 3.8 DEFENSE ISSUES

  **If, however, the greater weight of the evidence does support the claim of** (claimant), **then you shall consider the defense[s] raised by** (defendant).

  **On the [first]\* defense, the issues for your determination are:**
  \*The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.

### EXAMPLES OF COMPARATIVE NEGLIGENCE ISSUES:

a. Comparative negligence generally:

  **whether** (claimant or person for whose injury or death claim is made) **was** [himself] [herself] negligent and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.

b. Driver's comparative negligence (when owner sues third party):

  \*The phrase within brackets should be used only if there is an issue as to the owner's knowledge and consent.

  **whether** (driver)**, while operating a vehicle owned by** (claimant) \***[with [his]** [her] consent, express or implied,] was [himself] [herself] negligent in the operation of the vehicle and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.

c. Joint enterprise (driver's negligence):

  **whether** (driver) **was operating the automobile at the time and place of the** [collision] [incident complained of] to further the purposes of a joint enterprise in which [he] [she] was engaged with **(claimant passenger)**; if so, whether **(driver)** was negligent in the operation of the automobile; and, if so, whether such negligence was a contributing legal cause of the [loss] [injury] [or] [damage] complained of. A joint enterprise exists when two or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the purposes to be accomplished and equal rights to control and manage the operation of an automobile in pursuance of the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if such negligence occurs while [he] [she] is acting under the agreement and to further the purposes of the joint enterprise.

d. Comparative negligence of father predicated on mother's negligence (claim for death of child):

   **whether** (mother) **was negligent in caring for and supervising the child,** (name)**; if so, whether such negligence was a contributing legal cause of the** death of (**child**); and, if so, whether (**father**), in the exercise of reasonable care, should have anticipated such negligence on the part of (**mother**).

e. Comparative negligence of custodian of child other than mother:

   **whether, before the incident complained of,** (claimant) **placed** (child) **in the care and custody of** (custodian)**; if so, whether** (custodian) **was negligent in caring for and supervising the child,** (name)**; and, if so,** whether such negligence was a contributing legal cause of the [injury] [and] [death] of (**child**).

Comment on 3.8e

Wynne v. Adside, 163 So.2d 760 (1st D.C.A. Fla. 1964). See also Winner v. Sharp, 43 So.2d 634 (Fla. 1950).

f. Apportionment of fault:

   **whether** (identify additional person(s) or entit(y) (ies)) **[was] [were]** also [negligent] [(**specify other type of conduct**)]; and, if so, whether such [negligence] [fault] [responsibility] was a contributing legal cause of the [loss] [injury] [or] [damage] complained of.

Comment on 3.8f

1. See § 768.81, Florida Statutes (1993); Fabre v. Marin, 623 So.2d 1182 (Fla. 1993).

2. In most cases, use of the term "negligence" will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly. In strict liability cases, the term "responsibility" may be the most appropriate descriptive term.

g. Statute of limitations medical malpractice:

   **whether** (claimant)* **knew, or by the use of reasonable care should have** known, before (**date**) that [he] [she] [(**person for whose injury the claim is** made)] **had been injured or damaged and that there was a reasonable** possibility that the injury or damage was caused by medical negligence.
   *In some cases, it may be necessary to insert the name of a person other than the claimant. The Committee expresses no opinion as to whose knowledge may trigger the Statute of Limitations. See, e.g., Stone v. Rosenthal, 665 So.2d 276 (Fla. 4th DCA 1995); Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2nd DCA 1992).

   **If the greater weight of the evidence supports the defense of** (defendant) **on** this issue, the plaintiff's claim is time barred and your verdict is for the defendant. If, however, the greater weight of the evidence does not support the defense of (**defendant**) on this issue [you shall consider the following additional defenses] [your verdict should be for (**claimant**) in the full amount of [his] [her] damages.]

Note on Use on 3.8g

1. When the statute of limitations is asserted as a defense, it should ordinarily be the first defense.

2. The date inserted in the instruction will ordinarily be two years before the date on which either the notice of intent was served or the petition to extend the statute of limitations was filed. Fla. Stat. § 95.11(4)(b); Fla. Stat. §

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

766.106; Fla. Stat. § 766.104(2).

Comment on 3.8g

This instruction is intended for use only in medical negligence cases. See Tanner v. Hartog, 618 So.2d 177 (Fla. 1993); Fla. Stat. § 95.11(4)(b).

HASSUMPTION OF RISK ISSUES:

**On the [second] defense, the issues for your determination are** whether **(claimant)** knew of the existence of the danger complained of; realized and appreciated the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed [himself] [herself] to the danger complained of.

GREATER WEIGHT OF EVIDENCE AND BURDEN OF PROOF ON DEFENSE ISSUES:

**If the greater weight of the evidence does not support the defense[s] of** (defendant)(s) **and the greater weight of the evidence does support the claim** of **(claimant)**, then [your verdict should be for **(claimant)** in the total amount of [his] [her] damages] *[you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants is chargeable to each].
*Use second bracketed alternative above when there is more than one defendant.

**If, however, the greater weight of the evidence shows that both** (claimant) **and [defendant] [one or more of the defendants] were negligent and that the** negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by **(claimant)**, you should determine and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action is chargeable to each.

NOTE ON USE

1. Preemptive charges on defense issues. If a preemptive charge for claimant is appropriate on a defense issue, as when comparative negligence or assumption of risk has been brought to the jury's attention on voir dire or by opening statements or argument and is now to be withdrawn, a charge in the form suggested in 3.1 should be given immediately following 3.7. If a preemptive charge for defendant is required on some aspect of a defense, as when the court holds that any comparative negligence of the driver (3.8b) will reduce claimant's recovery, a preemptive charge announcing the ruling should be given immediately after framing the defense issues (3.8b).

COMMENT

H 1. Assumption of risk. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977) abolishes the defense of assumption of risk except in cases identified by the opinion.

2. Special verdicts and special interrogatories. Special verdicts are required in all jury trials involving comparative negligence. Lawrence v. Florida East Coast Railway Company, 346 So.2d 1012 (Fla. 1977). Special care should be taken to ensure that there are no conflicts between the instructions given and the special verdicts submitted to the jury.

3. While failure of the user to discover a product defect or to guard against the possibility of its existence is not a defense to a strict products liability action, West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976), such conduct may constitute a defense in a negligence action.

**3.9 GREATER WEIGHT (PREPONDERANCE) OF EVIDENCE DEFINED**

**"Greater weight of the evidence" means the more persuasive and** convincing force and effect of the entire evidence in the case.

NOTE ON USE

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

   1. This charge should be given in every case in order to define the term  "greater weight of the evidence," which appears throughout Part III.

   2. Greater or lesser number of witnesses. The committee recommends that no charge be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.

### COMMENT

   Circumstantial evidence. The committee recommends that no charge generally be given distinguishing circumstantial from direct evidence. See <u>Nielsen v. City of Sarasota, 117 So. 2d 731 (Fla. 1960)</u>.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.