# EXHIBIT 12

Westlaw.

IL-IPICIV 21.00 INTRO
Ill. Pattern Jury Instr.-Civ. 21.00 Intro. (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

Introduction

This series of instructions deals with burden of proof. IPI 21.01 defines burden of proof in terms of what is more probably true than not true. This is considered preferable to a statement requiring proof by a "preponderance" or "greater weight" of evidence.

IPI 21.02 and B21.02 enumerates the elements which a plaintiff must prove in a personal injury case.

Expressions such as "evenly balanced," "if you are in doubt and unable to say," and "not required to prove any fact beyond a reasonable doubt" were abandoned because they distort rather than clarify the true meaning of the principle involved, as explained in the Comment under IPI 21.06.

© 2004 West, a Thomson business

(2005)

IL-IPICIV 21.00 INTRO
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

21.01 Meaning of Burden of Proof

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

**Notes on Use**

This instruction should be given with any instruction involving burden of proof.

**Comment**

This instruction embodies the standard definition of "burden of proof." *Reivitz v. Chicago Rapid Transit Co.,* 327 Ill. 207, 158 N.E. 380 (1927); *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164, 166 N.E. 530 (1929); *Pierson v. Lyon & Healy,* 243 Ill. 370, 90 N.E. 693 (1909); *Sharp v. Brown,* 349 Ill.App. 269, 110 N.E.2d 541 (3d Dist.1953); *Slovinski v. Beasley,* 316 Ill.App. 273, 45 N.E.2d 42 (4th Dist.1942). While the admonition that "proof beyond a reasonable doubt is *not* required" has often been given in the past, that admonition relates to an effort to differentiate between the burdens of proof in criminal and civil cases. It has no place in civil actions.

*See Rikard v. Dover Elevator Co.,* 126 Ill.App.3d 438, 467 N.E.2d 386, 81 Ill.Dec. 686 (5th Dist.1984) (reversible error to refuse this instruction).

© 2004 West, a Thomson business

(2005)

IL-IPICIV 21.01
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

IL-IPICIV 21.02                                                                                          Page 1
Ill. Pattern Jury Instr.-Civ. 21.02 (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

21.02 Burden of Proof on the Issues--Negligence--One Plaintiff and One Defendant--No Contributory Negligence

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the damage to the plaintiff's property].

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant.

**Notes on Use**

This instruction should be given with IPI 21.01, which defines the phrase "burden of proof" when there is no issue of comparative negligence.

If the case involves an affirmative defense (other than contributory negligence), a counterclaim, or third-party complaint, use either IPI 21.03 or 21.04 instead of this instruction. If the case involves not only an affirmative defense, but also a counterclaim, these basic instructions will have to be modified to fit the particular case.

In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

**Comment**

*See* Comment to IPI 20.01.

© 2004 West, a Thomson business

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV 21.02                                                                                     Page 2
Ill. Pattern Jury Instr.-Civ. 21.02 (2005 ed.)
(JURY INSTRUCTIONS)


(2005)


IL-IPICIV 21.02
END OF DOCUMENT

Westlaw.

IL-IPICIV B21.02                                                    Page 1
Ill. Pattern Jury Instr.-Civ. B21.02 (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.02 Burden of Proof on the Issues--Negligence--One Plaintiff and One Defendant--Contributory Negligence an
Issue

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these
instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the
damage to the plaintiff's property].

If you find from your consideration of all the evidence that any of these propositions has not been proved, then
your verdict should be for the defendant. On the other hand, if you find from your consideration of all the evidence
that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiff was
contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these
instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of [his injury] [and]  [the damage to his property].

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required
of the plaintiff and that the defendant has not proved both of the propositions required of the defendant, then your
verdict should be for the plaintiff and you will not reduce plaintiff's damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions
required of the defendant, and if you find that the plaintiff's contributory negligence was more than 50% of the total
proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required
of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find
that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for
which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in
the manner stated to you in these instructions.

**Notes on Use**

This instruction is appropriate for negligence cases only.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.02                                                                                         Page 2
Ill. Pattern Jury Instr.-Civ. B21.02 (2005 ed.)
(JURY INSTRUCTIONS)


    This instruction must be given with <u>IPI 21.01</u>, which defines the phrase  "burden of proof."  IPI B21.07 has been combined with this instruction, and therefore B21.07 should *not* be given when this instruction is used.

    If the case involves an affirmative defense (other than contributory negligence), a counterclaim, or third-party complaint, use <u>IPI B21.03</u>, <u>B21.04</u>, or B21.05 instead of this instruction. If the case involves not only an affirmative defense, but also a counterclaim, these basic instructions will have to be modified to fit the particular case.

    In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

**Comment**

    *See* Comment to <u>IPI 20.01</u>.


© 2004 West, a Thomson business


(2005)

IL-IPICIV B21.02
END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

IL-IPICIV B21.02.01
Ill. Pattern Jury Instr.-Civ. B21.02.01 (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.02.01 Burden of Proof on the Issues--Negligence--One Plaintiff and Two or More Defendants

The plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the damage to the plaintiff's property].

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to [any one] [or more] [or all] of the defendant[s], then your verdict should be for [that] [those] defendant[s]. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to [any one] [or more] [or all] of the defendant[s], then you must consider [that] [those] defendant['s][s'] claim[s] that the plaintiff was contributorily negligent.

As to [that] [those] claim[s], [that] [those] defendant[s] [has] [have] the burden of proving each of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant[s] as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That plaintiff's negligence was a proximate cause of [his injury] [and] [the damage to his property].

If you find from your consideration of all the evidence that plaintiff has proved all the propositions required of the plaintiff and that [the] [those] defendant[s] [has] [have] not proved both of the propositions required of the defendant[s], then your verdict should be for the plaintiff as to [that] [those] defendant[s] and you will not reduce plaintiff's damages.

If you find from your consideration of all the evidence that [the] [those] defendant[s] [has] [have] proved both of the propositions required of [the] [those] defendant[s], and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for [that] [those] defendant[s].

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that [the] [those] defendant[s] [has] [have] proved both of the propositions required of [the] [those] defendant[s], and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff as

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.02.01                                                                              Page 2
Ill. Pattern Jury Instr.-Civ. B21.02.01 (2005 ed.)
(JURY INSTRUCTIONS)

to [that] [those] defendant[s] and you will reduce the plaintiff's damages in the manner stated to you in these
instructions.

**Notes on Use**

This instruction is appropriate for negligence cases only.

This instruction must be given with <u>IPI 21.01</u>, which defines the phrase "burden of proof." IPI B21.07 has
been combined with this instruction, and therefore B21.07 should *not* be given when this instruction is used.

If the case involves an affirmative defense (other than contributory negligence), a counterclaim, or third-party
complaint, use <u>IPI B21.03</u>, <u>B21.04</u>, or B21.05 instead of this instruction. If the case involves not only an affirmative
defense, but also a counterclaim, these basic instructions will have to be modified to fit the particular case.

**Comment**

*See* Comment to <u>IPI 20.01</u>.

© 2004 West, a Thomson business

(2005)

IL-IPICIV B21.02.01
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

IL-IPICIV B21.02.02                                                                                    Page 1
Ill. Pattern Jury Instr.-Civ. B21.02.02 (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.02.02 Burden of Proof on the Issues--One Plaintiff and One Defendant-- Negligence and Willful and Wanton
Counts

   [1] The plaintiff has the burden of proving each of the following propositions in Count I of his complaint:

   [2] First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in
these instructions and that in so acting, or failing to act, the defendant was negligent;

   [3] Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

   [4] Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the
damage to the plaintiff's property].

   [5] In order to recover in this action on Count I, the plaintiff must prove all of the above propositions. If you
find from your consideration of all the evidence that all of the propositions (First, Second, and Third) in Count I
have been proved, then you must next consider the defendant's claim that the plaintiff was contributorily negligent
as to Count I.

   [6] As to that claim, the defendant has the burden of proving each of the following propositions:

   [7] A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in
these instructions and that in so acting, or failing to act, the plaintiff was negligent;

   [8] B: That the plaintiff's negligence was a proximate cause of [his injury]  [and] [the damage to his property].

   [9] If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions
required of the plaintiff (First, Second, and Third) in Count I, and if you find from your consideration of all the
evidence that either of the propositions required of the defendant (A or B) has not been proved, then your verdict
should be for the plaintiff and you will not reduce the plaintiff's damages.

   [10] If you find from your consideration of all the evidence that one or more of the above propositions required
of the plaintiff (First, Second, or Third) has not been proved, then your verdict should be for the defendant.

   [11] If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions
required of the plaintiff (First, Second, and Third) in Count I, and if you further find from your consideration of all
the evidence that the defendant has proved both of the propositions required of the defendant (A and B) and that the
plaintiff's negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery
is sought, then your verdict should be for the defendant.

   [12] If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions
required of the plaintiff (First, Second, and Third) in Count I, and if you further find from your consideration of all

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.02.02                                                                                        Page 2
Ill. Pattern Jury Instr.-Civ. B21.02.02 (2005 ed.)
(JURY INSTRUCTIONS)

the evidence that the defendant has proved both of the propositions required of the defendant (A and B) and that the plaintiff's negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce plaintiff's damages in the manner stated to you in these instructions.

[13] The plaintiff has the burden of proving each of the following propositions in Count II of his complaint:

[14] First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was willful and wanton;

[15] Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

[16] Third, that the willful and wanton conduct of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the damage to the plaintiff's property].

[17] If you find from your consideration of all the evidence that any of these propositions (First, Second, and Third) has not been proved, then your verdict should be for the defendant as to Count II. But if, on the other hand, you find from your consideration of all the evidence that all the propositions (First, Second, and Third) in Count II have been proved, then you must next consider the defendant's claim that the plaintiff was contributorily willful and wanton as to Count II.

[18] As to that claim, defendant has the burden of proving each of the following propositions:

[19] A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was willful and wanton;

[20] B: That the plaintiff's willful and wanton conduct was a proximate cause of [his injury] [and] [the damage to his property].

[21] If you find from your consideration of all the evidence that plaintiff has proved all of the propositions required of the plaintiff (First, Second, and Third) in Count II, and if you find from your consideration of all the evidence that either of the propositions required of the defendant (A or B) has not been proved, then your verdict should be for the plaintiff [and you will not reduce the plaintiff's damages].

### [Alternative A]

[22] [If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of the plaintiff (First, Second, and Third) in Count II, and if you further find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant (A and B) and that the plaintiff's willful and wanton conduct was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict must be for the defendant.]

[23] [If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of the plaintiff (First, Second, and Third) in Count II, and if you further find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant (A and B) and that the plaintiff's willful and wanton conduct was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce plaintiff's damages in the manner stated to you in these instructions.]

### [Alternative B]

[24] [If you find from your consideration of all the evidence that the defendant has proved both of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.02.02
Ill. Pattern Jury Instr.-Civ. B21.02.02 (2005 ed.)
(JURY INSTRUCTIONS)

Page 3

propositions required of the defendant (A and B), then your verdict should be for the defendant on Count II.]

### Notes on Use

This instruction must be given with IPI 21.01, which defines the phrase "burden of proof." IPI B21.07 has been combined with this instruction, and therefore B21.07 should not be given when this instruction is used.

_Poole v. City of Rolling Meadows_, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (1995), held that a plaintiff's contributory negligence is a damage-reducing factor if the defendant's willful and wanton conduct was "reckless," but not if it was "intentional." Therefore, if plaintiff's only claim is that defendant's conduct was the intentional form of willful and wanton, this instruction should not be used. If plaintiff claims intentional willful and wanton conduct in addition to other claims, this instruction should be modified accordingly.

Since the adoption of comparative fault, no Illinois case has yet decided the effect of a plaintiff's contributory willful and wanton conduct. If the trial court rules that the plaintiff's contributory willful and wanton conduct may be a damage reducing factor, then use Alternative A (paragraphs [22] and [23]). If the trial court determines that the plaintiff's contributory willful and wanton conduct may be a complete bar to the plaintiff's recovery, then use Alternative B (paragraph [24]).

If the case involves an affirmative defense (other than contributory negligence), a counterclaim, or third-party complaint, use IPI B21.03, B21.04, or B21.05 instead of this instruction. If the case involves not only an affirmative defense, but also a counterclaim, these basic instructions will have to be modified to fit the particular case.

In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

© 2004 West, a Thomson business

(2005)

IL-IPICIV B21.02.02
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.03 Burden of Proof on the Issues--Affirmative Defenses

The plaintiff has the burden of proving each of the following propositions:                                          .

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the damage to the plaintiff's property].

In this case defendant has asserted [the affirmative defense that] [certain affirmative defenses that]:
[*Concisely state affirmative defenses.*]

The defendant has the burden of proving [this] [these] defense[s].

If you find from your consideration of all the evidence, that any one of the propositions the plaintiff is required to prove has not been proved, [or that (any one of) the defendant's affirmative defense(s) has been proved,] then your verdict should be for the defendant. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved and that [none of] the defendant's affirmative defense[s] has [not] been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

As to that claim, defendant has the burden of proving each of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of [his injury] [and] [the damage to his property].

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has not proved both of the propositions required of him, then your verdict should be for the plaintiff and you will not reduce the plaintiff's damages.

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.03

Ill. Pattern Jury Instr.-Civ. B21.03 (2005 ed.)
(JURY INSTRUCTIONS)

contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in the manner stated to you in these instructions.

### Notes on Use

*See* Notes on Use to <u>IPI B21.02</u>.

This instruction must be given with <u>IPI 21.01</u>, which defines the phrase  "burden of proof."  IPI B21.07 has been combined with this instruction, and therefore B21.07 should *not* be given when this instruction is used.

In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

### Comment

*See* Comment to <u>IPI 20.01</u>.

© 2004 West, a Thomson business

(2005)

IL-IPICIV B21.03
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Ill. Pattern Jury Instr.-Civ. B21.04 (2005 ed.)
(JURY INSTRUCTIONS)

### Illinois Pattern Jury Instructions-Civil
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

### Issues-Burden Of Proof
### 21.00. Burden Of Proof

B21.04 Burden of Proof--Counterclaim--Negligence Only--One Plaintiff and One Defendant

[1] In this suit, there is not only the complaint of the plaintiff but also a counterclaim by the defendant.

[2] Because there is a counterclaim in this case you may reach one of four results.

[3] First, you may find for the plaintiff on his complaint and against the defendant on his counterclaim.

[4] Second, you may find for the defendant on his counterclaim and against the plaintiff on his complaint.

[5] Third, you may find against both, the plaintiff on his complaint and the defendant on his counterclaim.

[6] Fourth, you may find for both, the plaintiff on his complaint and the defendant on his counterclaim.

[7] In order for the plaintiff to recover, he has the burden of proving each of the following propositions:
   [*Insert here points "First" through "Third" of IPI B21.02.*]

[8] If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant as to plaintiff's complaint. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved, then you must consider defendant's claim that plaintiff was contributorily negligent.

[9] As to that claim, defendant has the burden of proving each of the following propositions:

[10] A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was contributorily negligent;

[11] B: That plaintiff's contributory negligence was a proximate cause of [his injury] [and] [the damage to his property].

[12] If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that defendant has not proved both of the propositions required of the defendant, then your verdict should be for the plaintiff and you will not reduce the plaintiff's damages.

[13] If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant.

[14] Finally, if you find from your consideration of all the evidence that plaintiff has proved all the propositions required of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find that plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.04                                                                                                              Page 2
Ill. Pattern Jury Instr.-Civ. B21.04 (2005 ed.)
(JURY INSTRUCTIONS)

in the manner stated to you in these instructions.

[15] In order for the defendant to recover on his counterclaim, the defendant has the burden of proving each of the following propositions:

[*Here adapt points "First" through "Third" of IPI B21.02 to the allegations in the defendant's counterclaim.*]

[16] If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the plaintiff as to the defendant's counterclaim. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved, then you must consider the plaintiff's claim that the defendant was contributorily negligent.

[17] As to that claim, the plaintiff has the burden of proving each of the following propositions:

[18] A: That the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was contributorily negligent;

[19] B: That defendant's contributory negligence was a proximate cause of [his injury] [and] [the damage to his property].

[20] If you find from your consideration of all the evidence that the defendant has proved all the propositions required of the defendant and that the plaintiff has not proved both of the propositions required of the plaintiff, then your verdict should be for the defendant on the counterclaim and you will not reduce the defendant's damages.

[21] If you find from your consideration of all the evidence that the defendant has proved all the propositions required of the defendant and that the plaintiff has proved both of the propositions required of the plaintiff, and if you find that the defendant's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff on the defendant's counterclaim.

[22] Finally, if you find from your consideration of all the evidence that the defendant has proved all the propositions required of the defendant and that the plaintiff has proved both of the propositions required of the plaintiff, and if you find that the defendant's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant on the counterclaim and you will reduce the defendant's damages in the manner stated to you in these instructions.

### Notes on Use

This instruction applies only to a negligence complaint. It does not apply if there is any willful and wanton allegation. If there is a willful and wanton claim, the instruction must be modified along the lines of B21.02.02.

This instruction must be given with IPI 21.01, which defines the phrase  "burden of proof."  IPI B21.07 has been combined with this instruction, and therefore B21.07 should not be given when this instruction is used.

If the complaint is no longer in the case and only the counterclaim is submitted to the jury, then the instruction should not be used and IPI B21.02 should be given with appropriate modifications, accompanied by IPI 21.01 defining "burden of proof."

With the adoption of comparative negligence, it is now possible that both the plaintiff and the defendant may recover.

Consideration should be given to using the parties' names or other description instead of the terms "plaintiff" and "defendant."  *See* Introduction.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.04
Ill. Pattern Jury Instr.-Civ. B21.04 (2005 ed.)
(JURY INSTRUCTIONS)

Page 3

If the case involves not only a counterclaim but also an affirmative defense other than contributory negligence, this basic instruction will have to be modified.

In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

**Comment**

A plaintiff's burden of proving the issues raised by the complaint cannot be distinguished from a defendant's burden of proving the issues made by the counterclaim. The two pleadings are of equal dignity in that they embody separate causes of action and must be resolved by verdicts. It is necessary, therefore, to instruct separately as to the complaint and the counterclaim. The form of this instruction has frequently been approved. *North Chicago St. R.R. v. Boyd*, 156 Ill. 416, 419, 40 N.E. 955, 956 (1895); *Paulissen v. Jonas*, 311 Ill.App. 346, 348, 35 N.E.2d 958, 959 (2d Dist.1941).

*See* Comment to IPI 20.01.

© 2004 West, a Thomson business

(2005)

IL-IPICIV B21.04
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.05 Burden of Proof--Third-Party Complaint--Negligence Only

[1]  In  this  suit  there  is  not  only  the  complaint  of  _____  but  also  the  complaint  of
_____.

   plaintiff's name name of third-party plaintiff

[2] In order for _____ to recover, he has the bur-

         plaintiff's name

den of proving each of the following propositions:
   [*Insert here points "First" through "Third" of IPI B21.02.*]

[3] If you find from your consideration of all the evidence that any of these propositions has not been proved,
then your verdict should be for _____ as to _____'s com-

   defendant's name        plaintiff's name

plaint. On the other hand, if you find from your consideration of all the evidence that all of these propositions
have been proved, then you must consider _____'s claim that

   defendant's name

_____ was contributorily negligent.

 plaintiff's name

[4] As to that claim, _____ has the burden of

                              defendant's name

proving both of the following propositions:

[5] A: That _____ acted or failed to act in one or

         plaintiff's name

more of the ways claimed by _____ as stated to you

   defendant's name

in these instructions, and that in so acting, or failing to act, _____ was contributorily negligent;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ill. Pattern Jury Instr.-Civ. B21.05 (2005 ed.)
(JURY INSTRUCTIONS)


plaintiff's name


[6] B: That _____'s contributory negligence was

plaintiff's name

a proximate cause of [his injury] [and] [the damage to his property].

[7] If you find from your consideration of all the evidence that _____ has proved all the propositions required of

plaintiff's name

him and that _____ has not proved both of the propo-

defendant's name

sitions required of him, then your verdict should be for _____ and you will not reduce _____'s dam-

plaintiff's name                    plaintiff's name

ages.

[8] If you find from your consideration of all the evidence that _____ has proved all the propositions required of

plaintiff's name

him and that _____ has proved both of the proposi-

defendant's name

tions required of him, and if you find that _____'s con-

plaintiff's name

tributory negligence was greater than 50% of the total proxi-mate cause of the injury or damage for which recovery is sought, then your verdict should be for _____ as to

defendant's name

_____'s complaint.

plaintiff's name

[9] If you find from your consideration of all the evidence that _____ has proved all the propositions required of

plaintiff's name

him and that _____ has proved both of the proposi-

IL-IPICIV B21.05                                                                Page 3
Ill. Pattern Jury Instr.-Civ. B21.05 (2005 ed.)
(JURY INSTRUCTIONS)


                      defendant's name

tions required of him, and if you find that _____'s con-

        plaintiff's name

tributory negligence was 50% or less of the total proxi-mate cause of the injury or damage for which recovery is
sought, then your verdict should be for _____ as to

        plaintiff's name

_____'s complaint, and you will reduce _____'s

 plaintiff's name              plaintiff's name

damages in the manner stated to you in these instructions.

[10] In order for _____ to recover on his


                          third party plaintiff's name

complaint, he has the burden of proving each of the following propositions:
        [*Here adapt points "First" through "Third" of IPI B21.02.*]

    [11] If you find from your consideration of all the evi-dence that any of these propositions has not been proved,
then your verdict should be for _____ as to _____

        third party defendant's name           third

_____'s complaint. On the other hand, if you find

 party plaintiff's name

from your consideration of all the evidence that all of these propositions have been proved, then you must
consider _____

        third

_____'s claim that _____ was con-

 party defendant's name                          third party plaintiff's name

tributorily negligent.

[12] As to that claim, _____ has the

   third party defendant's name

burden of proving both of the following propositions:


[13] A: That _____ acted or failed to act

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.05
Ill. Pattern Jury Instr.-Civ. B21.05 (2005 ed.)
(JURY INSTRUCTIONS)

Page 4

third party plaintiff's name

in one of the ways claimed by _____ as stated

third party defendant's name

to you in these instructions and that in so acting, or failing to act, _____ was contributorily
negligent;

third party plaintiff's name

[14] B: That _____'s contributory negli-

third party plaintiff's name

gence was a proximate cause of [his injury] [and] [the damages to his property].

[15] If you find from your consideration of all the evi-dence that _____ has proved all of the
proposi-

third party plaintiff's name

tions required of him and that _____ has not

third party defendant's name

proved both of the propositions required of him, then your verdict should be for _____ and
you will not

third party plaintiff's name

reduce _____'s damages.

third party plaintiff's name

[16] If you find from your consideration of all the evi-dence that _____ has proved all the
proposi-

third party plaintiff's name

tions required of him and that _____ has

third party defendant's name

proved both of propositions required of him, and if you find that _____'s contributory
negligence was

third party plaintiff's name

greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your
verdict should be for _____ as to _____'s

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.05                                                           Page 5
Ill. Pattern Jury Instr.-Civ. B21.05 (2005 ed.)
(JURY INSTRUCTIONS)


       third party defendant's name      third party plaintiff's name

complaint.

    [17] If you find from your consideration of all the evi-dence that _____ has proved all the proposi-

        third party plaintiff's name

tions required of him and that _____ has

     third party defendant's name

proved both of the propositions required of him, and if you find that _____'s contributory negligence was

      third party plaintiff's name

    50% or less of the total proximate cause of the injury or dam-age for which recovery is sought, then your verdict should be for _____ as to _____'s com-

    third party plaintiff's name      third party plaintiff's name

plaint, and you will reduce _____'s damages in

    third party plaintiff's name

the manner stated to you in these instructions.

### Notes on Use

    This instruction applies only to a negligence complaint. It does not apply if there is any willful and wanton allegation. If there is a willful and wanton claim, this instruction must be modified. *See* IPI B21.02.02.

    This instruction must be given with IPI 21.01, which defines the phrase  "burden of proof."  IPI B21.07 has been combined with this instruction, and therefore B21.07 should not be given when this instruction is used.

    If the case involves not only a complaint and third party complaint, but also affirmative defenses or a counterclaim, this basic instruction must be modified.

    In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.


© 2004 West, a Thomson business

IL-IPICIV B21.05
Ill. Pattern Jury Instr.-Civ. B21.05 (2005 ed.)
(JURY INSTRUCTIONS)


(2005)

IL-IPICIV B21.05
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

IL-IPICIV 21.06
Ill. Pattern Jury Instr.-Civ. 21.06 (2005 ed.)
(JURY INSTRUCTIONS)

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

21.06 Evenly Balanced Evidence

The committee recommends that no "evenly balanced evidence" instruction be given.

**Comment**

An instruction which discusses preponderance of the evidence with the jury in terms of "if the evidence is evenly balanced then the jury shall find for the defendant," illustrates the type of instruction this work seeks to avoid. This is the typical slanted instruction, i.e., an instruction which, while acknowledging a principle of law, seeks to minimize or maximize its effects to the advantage of one side of the litigation.

The history of this instruction is an account of the development in this State of the practice of giving a slanted instruction on each side of a proposition and of its final abandonment by the courts. At one time the courts approved an instruction on behalf of the plaintiff that if the evidence preponderated in his favor "although but slightly," he was entitled to recover. _Hancheft v. Haas_, 219 Ill. 546, 548, 76 N.E. 845, 846 (1906); _Chicago City Ry. Co. v. Bundy_, 210 Ill. 39, 48, 71 N.E. 28, 31 (1904). To counteract the thrust of this statement, there was the approved "evenly balanced" instruction. _Chicago Union Traction Co. v. Mee_, 218 Ill. 9, 14, 75 N.E. 800, 801 (1905) ; _Koshinski v. Illinois Steel Co._, 231 Ill. 198, 203, 83 N.E. 149, 150-51 (1907).

Eventually, the courts began to recognize that instructions of this kind are argumentative and misleading, and therefore tend to confuse the jury, who look to the court for disinterested guidance. First, the "although but slightly" instruction was condemned. _Wolczek v. Public Serv. Co._, 342 Ill. 482, 496, 174 N.E. 577, 583 (1930); _Molloy v. Chicago Rapid Transit Co._, 335 Ill. 164, 166 N.E. 530 (1929). Then _Hughes v. Medendorp_, 294 Ill.App. 424, 431, 13 N.E.2d 1015, 1018 (3d Dist.1938), applied the censure against the "slight preponderance" instruction to the "evenly balanced" instruction. _See also Goertz v. Chicago & N.W. Ry. Co._, 19 Ill.App.2d 261, 153 N.E.2d 486 (1st Dist.1958) (instruction properly refused).

While it is true the plaintiff should recover if there is the slightest preponderance of the evidence in his favor, and that he should fail to recover if there is the slightest lack of preponderance, still the answer to the question which a trial judge must continually ask himself, "Will stating the law in these terms aid the jury?" is an emphatic "No!" What the Illinois Supreme Court said in _Teter v. Spooner_, 305 Ill. 198, 211, 137 N.E. 129, 135 (1922), states the case against all slanted instructions. "If there is a slight preponderance of the evidence, it is sufficient but it would not be proper for the court to give an instruction to the jury that a perceptible preponderance of the evidence was sufficient any more than that a clear preponderance of the evidence was required. The effect of the adjectives is merely to confuse the jury and invite them to minimize or maximize the weight of the evidence on one side or the other. Such instructions ought not to be given."

Moreover, the history of the "evenly balanced" instruction teaches us that this type of error dies hard, as witness the defense of the "evenly balanced" instruction in _Alexander v. Sullivan_, 334 Ill.App. 42, 48, 78 N.E.2d 333, 336 (3d Dist.1948).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV 21.06                                                                                    Page 2
Ill. Pattern Jury Instr.-Civ. 21.06 (2005 ed.)
(JURY INSTRUCTIONS)


© 2004 West, a Thomson business


(2005)

IL-IPICIV 21.06
END OF DOCUMENT

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

**Illinois Pattern Jury Instructions-Civil**
Illinois Supreme Court Committee On Pattern Jury Instructions In Civil
Cases

**Issues-Burden Of Proof**
**21.00. Burden Of Proof**

B21.07 Burden of Proof on the Issue of Contributory Negligence

If you find in favor of the plaintiff and against [the defendant] [one or more defendants], you must then consider defendant's claim that the plaintiff was contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of [his injury] [and] [the damage to his property].

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has not proved both of the propositions required of him, then your verdict should be for the plaintiff and you will not reduce the plaintiff's damages.

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in the manner stated to you in these instructions.

**Notes on Use**

This instruction applies only to a negligence complaint. It does not apply if there is any willful and wanton allegation. In that case, use IPI B21.02.02.

This instruction has been carried forward from the previous edition and modified as required by P.A. 84-1431 effective for causes of action accruing on and after November 25, 1986. *See* 735 ILCS 5/2-1107.1 (1994). However, this instruction will rarely be necessary, since it has been incorporated into the other burden of proof instructions above. It is included here for two reasons. First, it supersedes IPI 21.07, which is no longer accurate for cases based on causes of action accruing on and after November 25, 1986. In such cases IPI 21.07 should not be used. Second, it may be used in conjunction with a burden of proof instruction other than those suggested in this chapter in cases where such an instruction is proper. However, in those cases this instruction ordinarily should be incorporated into the burden of proof instruction to which it relates.

This language is appropriate in cases in which defendant, in his answer or other appropriate pleading (735 ILCS

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV B21.07                                                                          Page 2
Ill. Pattern Jury Instr.-Civ. B21.07 (2005 ed.)
(JURY INSTRUCTIONS)


5/2-610(d) (1994)), has raised the issue of the plaintiff's contributory negligence and where there is sufficient evidence of the plaintiff's contributory negligence to make a submissible issue for the jury. *Casey v. Baseden*, 111 Ill.2d 341, 344, 490 N.E.2d 4, 5, 95 Ill.Dec. 531, 532 (1986) (in a comparative negligence action, an instruction requiring defendant to prove plaintiff's negligence is proper).

   In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.


© 2004 West, a Thomson business                                    .


(2005)

 IL-IPICIV B21.07
 END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.