UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

## DECLARATION OF MICHAEL T. MULREY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3

I, Michael T. Mulrey, under the penalty of perjury, hereby declare as follows:

1. I submit this Declaration in support Plaintiffs' Opposition to Track 1 Defendants' Motion for Summary Judgment with Respect to Class 3.

2. I have personal knowledge of the facts stated below, would so testify in court if called upon to do so, and am competent to provide testimony.

3. Since approximately October 2000, I have been the Manager of the Professional Provider Reimbursement area within Actuarial Services at Blue Cross Blue Shield of Massachusetts ("BCBSMA"). My department maintains and updates various fee schedules used as the basis for reimbursement to physicians in the BCBSMA network for all services, including physician administered drugs.

4. BCBSMA has historically had several types of contractual arrangements with physicians and physician groups, including fee-for-service arrangements, capitated arrangements and risk arrangements. To my knowledge, fee-for-service arrangements have always been the predominate contractual arrangement between physicians and

1

physician groups and BCBSMA. This is especially true from the late 1990's to today as BCBSMA entered into fewer and fewer risk-sharing arrangements such as capitated contracts with physicians and physician groups.

5. Overwhelmingly, the majority of reimbursements BCBSMA has made since the mid-1990's have been made on the basis of a fee-for-service arrangement based on fee schedules developed and maintained by BCBSMA.

6. There currently exist four main fee schedules that govern reimbursement to physicians. These four fee schedules are: (1) an HMO fee schedule, (2) a PPO fee schedule, (3) an indemnity fee schedule, and (4) a Medicare HMO fee schedule. Currently, every drug code/fee listed on these four fee schedules are set at the same fee. That is, reimbursement to physicians is identical for every physician administered drug listed on each of the different fee schedules.

7. Under my direction and supervision, my staff is responsible for establishing and maintaining these fee schedules. From 1991 until 1995, the reimbursement amounts in these fee schedules was established based on the Usual and Customary ("U&C") charge for the particular drug.

8. In 1995, BCBSMA began using AWP as a basis for reimbursement to physicians for physician administered drugs. From 1995 to 1998, BCBSMA used 100% of AWP as the basis for establishing the reimbursement amounts in its fee schedules for physician administered drugs. In 1998 BCBSMA moved to 95% of AWP as the basis for the reimbursement amounts set forth in these fee schedules.

9.  Until 2005, BCBSMA obtained the AWP it used for these fee schedules from Medicare. Fee updates would be retrieved from Medicare/NHIC websites or the Medicare B Resource guide.

10. The fee schedules maintained by BCBSMA, including the four fee schedules related to reimbursement for physician administered drugs, are referenced in contracts with physicians or physician groups.

11. BCBSMA maintains electronic claims data in its TPS claim system  This system records a multitude of variables related to each claim paid by BCBSMA, including claims for payment for physician administered drugs administered to BCBSMA members and participants in plans for which BCBSMA is the fund administrator. It is possible, using the information recorded in the claims data to determine which claims were paid based upon the fee schedules referenced above and which may have been paid under a different arrangement, such as a capitated arrangement, with the physician or physician group. On the TPS claim segment HM screen the Claim Payment element would show a value of "05", which indicates the claim was a capitated claim.

12. In February 2004, sometime after CMS announced that Medicare would no longer rely on AWP as a basis for reimbursement of physician administered drugs and would rely instead on ASP, I conducted an analysis of the impact on Medicare's new fee schedules using historic utilization data from BCBSMA.

13. That analysis was presented to and discussed at the Provider Financial Strategy Work Group, the working group within BCBSMA that makes policy decisions related to, among other things, BCBSMA policy as it relates to reimbursement to physicians and physician groups.

3

14. Until I began looking at materials published by Medicare in preparation for the analysis I conducted in February 2004 concerning the impact of a move from the use of AWP to ASP, I believed that the AWPs that BCBSMA had been using as a basis for reimbursement was the price at which, on average, physicians were paying to purchase physician administered drugs.

15. I was not aware that the AWPs which BCBSMA used to establish its fee schedules for physician administered drugs may have been inflated and may not have borne a reasonable or predictable relationship to the actual prices being paid by physicians for these drugs.

I make the foregoing statements under penalty of perjury on the date written next to my name below.

Date: August 30, 2006

Michael Mulrey

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF MICHAEL T. MULREY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 30, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By  /s/ Steve W. Berman
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292