UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL CLASS ACTIONS | Judge Patti B. Saris |

**DECLARATION OF MELISSA D. SHANNON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3**

I, Melissa D. Shannon, under the penalty of perjury, hereby declare as follows:

1. I submit this Declaration in support Plaintiffs' Opposition to Track 1 Defendants' Motion for Summary Judgment with Respect to Class 3.

2. I have personal knowledge of the facts stated below, would so testify in court if called upon to do so, and am competent to provide testimony.

3. Since January 17, 2005 I have been the staff member at Health Care For All ("HCFA") responsible for overseeing our prescription drug advocacy work.  I began at HCFA as the Consumer Health Policy Coordinator and was recently promoted to Director of Government Affairs.  HCFA is a membership advocacy organization located at 30 Winter Street, Boston, Massachusetts.

4. Since its inception in 1985, HCFA has been concerned with advocating for reform in the health care system to increase health care access and quality for all Massachusetts residents, but

particularly the more vulnerable sectors of society such as the poor, the young and the elderly.

As part of this mission, HCFA is concerned with affordable access to prescription drugs.

5.     By way of example, I list below a number of the programs and advocacy initiatives in which HCFA has been involved in the last 15 years that involve attempts to ensure more affordable health care, including access to affordable pharmaceuticals:

- Establishing the Children's Medical Security Plan (CMSP) in 1991, an early experiment in providing affordable coverage for uninsured children;

- Linking financing of health access expansion and increased tobacco taxes. This 1996 policy led to expanded health coverage to over 380,000 lower-income individuals and ensured near universal coverage for children in Massachusetts;

- Working successfully to develop and establish a Massachusetts patient bill of rights for HMO enrollees in 2000;

- Helping to create the Massachusetts Senior Pharmacy Program in 1996, the pre-cursor to the Prescription Advantage Program, which provides access to all seniors and low income disabled Massachusetts residents who have no other means of prescription drug coverage;

- Creating a state safety net for Medicare Part D recipients facing a decrease or lapse in coverage when they were switched from state prescription drug coverage to Medicare Part D.  In the early months of the program, over 250 people a day were relying on this safety net to get their prescribed medications;

- Serving as a catalyst and significant influence in the development of Massachusetts' 2006 comprehensive health reform legislation, including:

    - Expansion of Massachusetts Medicaid benefits, including dental coverage for all beneficiaries and access for children up to 300% of the federal poverty level.

    - The creation of new, subsidized insurance offerings for low-income residents;

6.     HCFA has a history of initiating and managing coalitions to protect and improve health access.  These include: the MassHealth Defense Group, the Children's Health Access Coalition, the Oral Health Advocacy Task Force, the Private Market Consumer Protection Network, and

001534-16 126300 V1

the Affordable Care Today coalition. HCFA's outreach and enrollment activities span the state to reach families needing affordable health coverage and services.

7.      HCFA has had a long-standing interest in issues related to drug pricing, including the issues related to the inflation of AWP raised in this lawsuit.  Although HCFA was added to the Fourth Amended Complaint in this case in March of 2006, HCFA had previously been involved in this litigation and was a named plaintiff in the very first complaint filed with this Court on December 19, 2001 [Docket No. 1].  Although I was not an employee of HCFA at the time, I have been informed that HCFA was not named in the subsequent consolidated complaints in this matter – that is until it agreed to participate in the case again in March of 2006.

8.      Through communications with the Prescription Access Litigation Project ("PAL") who monitors the progress of various lawsuits related to these issues, HCFA has attempted to stay informed about the progress of this litigation as we believe it involves issues that are paramount concern to HCFA and its membership.

9.      In the fall of 2005 HCFA, at the request of the PAL Project, HCFA undertook an extensive outreach program to try to identify individuals who would qualify and might be interested in participating in this litigation as a named representative of Class 1.  As part of that effort HCFA applied to and was awarded a grant of $10,000 by Plaintiffs' counsel to help defray the considerable expenses associated with such an outreach program.  That grant was independent of any decision to participate in this lawsuit and was not offered nor accepted in exchange for our participation in this lawsuit.  I made this clear in my deposition in this matter on May 23, 2006.  HCFAs independent interest in the issues related to this suit are clearly evidenced by its previous participation in the original AWP complaint filed with this Court back in 2001.

001534-16  126300 V1

10. HCFAs membership consists of approximately 260 organizational members and approximately 900 individual members. Each member pays yearly dues to become a member. Individual dues are $35 annually. This money is used, in part, to finance the work of HCFA.

11. Although HCFA does not maintain records of the prescriptions administered to its members our interaction with our members leads us to believe that the majority of them are driven to join Health Care For All because they have experienced significant health care needs and are directly affected by the high cost of health care, including pharmaceuticals.

12. HCFA believes that given the makeup of its individual members and the size of its membership that its members are directly affected by the AWP inflation scheme set forth in the complaint in this case.

I make the foregoing statements under penalty of perjury on the date written next to my name below.

Date: August 30, 2006

Melissa D. Shannon

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF MELISSA D. SHANNON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 30, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

      By    **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA 98101
      (206) 623-7292