UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**RESPONSE TO RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3**

1. Admitted. However, the vast majority of BCBS over 95% receive treatment through other products. Schau Decl., Ex. 1 (Smith Dep. at. 41-42).

2. Denied. The pages cited for authority for this proposition say no such thing. The deposition of Maureen Coneys is on another topic. The exhibit cited is for a discount on the drug Tagamet, not a PAD. This assertion of fact as stated is thus misleading and sanctionable.

3. Denied. To the extent discounts were received, BCBS did not expect defendants to be publishing phony AWPs and then marketing the difference.

4. Denied, there is a relationship between AWP and purchase price.

5. Admitted.

6. Denied. *See*, *e.g.*, Hartman Rebuttal Declaration in Support of Class Certification at D.2.c.

7. Denied as stated. All Dr. Hartman stated was that staff model HMOs were excluded from the damage model for self-administered drugs. Schau Decl., Ex. 6 (Hartman Dep.

at 1010-13).  Further, as Dr. Hartman testified as to the difficulties in assimilation of knowledge within an institution.  *Id.* at 1018-19.

      8.a.    Denied.  His testimony was that AWP was a price in which the manufacturers had a large role in setting.  Schau Decl., Ex. 7 (Killion Dep. at 118:15-22).  He further stated that AWP was an artificial price but a "price the industry used for establishing reimbursement."  This was in the context of his testimony that their concern was on getting doctors to use generics.  *Id.* at 120-21.

      9.    Mr. Killian's testimony lacks foundation, but it is also miscited.  What he testified to was there is a common understanding that generic drugs were discounted off the price to brand name drugs.  *Id.* at 121.

      10.    Denied.  The cited testimony in Ex. 8 does not support the citation, there is a difference between a decrease in price and an increase in spreads.

      11.    The transcript quotations are correct but put in misleadingly.  In portions omitted the witness testified he had no understanding of what the relationship was between AWP and a physician's price.  "No I did not."  Schau Decl., Ex. 7 (Killion Dep. at 137:18-22).

      12.    That is a correct citation.

      13.    Denied.

      14.    Admitted.

      15.    Admitted.

      16.    Denied and plaintiffs dispute the admissibility of the testimony, Ms. Cook said she assumed such: "I wouldn't tell you that was my understanding, because nobody ever exactly said that to me, . . . *my assumption*" was this was happening.  Schau Decl., Ex. 12 (Cook Dep. at 208) (emphasis added).  Assumptions are not admissible.

17. Object to the admissibility of this excerpt. There is nothing in Ms. Cook's job description that would give her a foundation to have any knowledge on this subject.

18. Object to the admissibility of this excerpt. This submission is made for the purpose of attempting to defeat Hartman's expectations theory. However, there is a lack of foundation as to this witness's involvement in this subject such that her answer is not probative or meaningful.

19. This statement as submitted is sanctionable for the context it is cited in. What the witness testified to is he had such knowledge for "maybe a year." Schau Decl., Ex. 14 (Plourde Dep. at 116:3-14). In fact, the witness made it clear he had no such knowledge prior to that time. "I don't have any specific knowledge." *Id.* at 115.

20. Plaintiffs object to the admissibility of this testimony. It is clear his job duties did not expose him to this aspect of reimbursement, hence he had no expectation one way or another.

21. Disputed. Not a single witness was asked the relevant question: Did you understand that manufacturers were publishing AWPs that were phony in that behind the scenes discounts, rebates were being provided for the purpose of marketing the spread or incentivizing usage based on spread and, as such, the AWPs could exceed ASP 30% or more. Further, BCBS is not the only TPP in the class.

22. Denied. Mr. Fox testified that he expected there to be a reasonable relation between cost and AWP. Schau Decl., Ex. 11 (Fox Dep. at 146:16-17).

23. Objection to admission of the excerpt. There is no foundation for the witness to have a basis to opine on a reasonable relationship.

24. In fact, at page 300 he testified that he is not qualified to decide what is reasonable. *Id.* at 300:1-11.

25. Objection to the testimony on grounds of relevancy.

26. Denied.

27. Denied.

28. Exhibit 16 is dated February 7, 2004. Plaintiffs also counterstate as undisputed that "Patients who pay a coinsurance are adversely affected by the inflated AWP."

29. Admitted.

30. Admitted that in 2003/2004 Ms. DeVaux had this understanding. However, there is no evidence she understood which drugs or of the magnitude of the spread or of defendants' spread marketing.

31. Admitted.

32. Plaintiffs dispute the relevancy of this purported fact and state that it is overbroad.

33. Denied based on the fact that testimony cited does not support the assertions.

34. Admitted.

35. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

36. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

37. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

38. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

39. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

- 5 -

40. Denied and disputed as to relevancy. Payors such as BCBS have to pay based on AWP under the Medicare system. This has resulted in AWP becoming a benchmark for all classes of drugs. It is difficult to break from the efficiency of the system.

41. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

42. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

43. Admitted. At the same time each manufacturer continued to publish AWPs that were false, further, the conference and the conference materials did not identify any particular drug that was available at those prices.

44. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

45. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

46. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

47. Denied. The witness could not recall the savings. *See* Schau Decl., Ex. 2 (Coneys Dep. at 127:5) (recalls potential savings but not number). *See also id.* at 128:10.

48. Admitted.

49. Admitted.

50. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

51. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

52. Admitted.

53. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

54. Admitted.

55. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006. Also, out of context. The witness stated it varied. Schau Decl., Ex. 24 (Cizauskas Dep. at 136-37); *see also id.* 140:14-19.

56. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

57. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

58. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

59. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

60. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

61. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006.

62. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006. It is also undisputed that the move was made because AQP was an accepted benchmark. Schau Decl., Ex. 24 (Cizauskas Dep. at 178:10-14).

63. Plaintiffs dispute the relevancy of this fact to a 93A claim. *See State of New York v. Pharmacia*, decision of July 25, 2006. In addition, the statement is overbroad as to time and "drugs."

64. Denied, these staff model HMOs do not cover 70% of the covered lives.

65. Denied and overbroad. On occasion these discounts were obtained, on other occasions they were not. In addition, the figures in the Gaier declaration demonstrate the falsity of the published AWPs. Further, it is true HMOs received some discounts; those discounts were not received by the traditional side of the business. Declaration of Raymond S. Hartman in Opposition to Defendants' Motion for Summary Judgment, filed on April 6, 2006, Section D, p. 12 of Attachment B.

66. Admitted that this is a correct excerpt from the deposition. Denied as to the intended meaning; the witness did not testify that if AWP had been truthfully disclosed that would not have changed payments by Harvard.

67. Defendants have had adequate discovery in this class action.

68. Admitted.

69. Admit that this is the testimony but counter state as fact that Humana expected AWP to be accurate and to either be an average or to be reasonably based upon acquisition cost.

70. Admit that this is the testimony but counterstate as undisputed that Humana expected AWP to be accurate and to either be an average or to be reasonably based upon acquisition cost.

- 8 -

71. Admit that this is the testimony but counterstate as undisputed that Humana expected AWP to be accurate and to either be an average or to be reasonably based upon acquisition cost.

72. Admit that this is the testimony but counterstate as undisputed that Humana expected AWP to be accurate and to either be an average or to be reasonably based upon acquisition cost.

73. Admit that this is the testimony but counterstate as undisputed that Humana expected AWP to be accurate and to either be an average or to be reasonably based upon acquisition cost.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. Denied. HCFA was an original plaintiff.

81. Denied.

82. Admitted.

83. Denied.

84. Denied. HCFA was an original plaintiff.

85. Denied.

86. Denied. HCFA was an original class representative. The grant was used to defray costs of finding specific plaintiffs.

- 8 -

87. The contracts refer to fee schedules, which by practice are based on AWP.

88. Admitted.

89. Denied as to PAD drugs.

90. Admitted.

91. Admitted.

92. Denied. All fee schedules by policy are based on AWP, with the exception of capitated schedules which are not for PADs.

93. Mr. Fox's testimony is correctly cited, but the facts are denied. *See* Declaration in Opposition to Motion for Summary Judgment.

DATED: August 30, 2006.                    By    /s/ Steve W. Berman
                                              Thomas M. Sobol (BBO#471770)
                                              Edward Notargiacomo (BBO#567636)
                                           Hagens Berman Sobol Shapiro LLP
                                           One Main Street, 4th Floor
                                           Cambridge, MA  02142
                                           Telephone: (617) 482-3700
                                           Facsimile: (617) 482-3003

                                           **LIAISON COUNSEL**

                                           Steve W. Berman
                                           Sean R. Matt
                                           Robert F. Lopez
                                           Hagens Berman Sobol Shapiro LLP
                                           1301 Fifth Avenue, Suite 2900
                                           Seattle, WA  98101
                                           Telephone: (206) 623-7292
                                           Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 11 -

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 30, 2006, I caused copies of **RESPONSE TO RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRACK 1 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CLASS 3** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                        /s/ Steve W. Berman
                                                        Steve W. Berman