UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS, and<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.), | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**THE STATES OF MONTANA AND NEVADA'S SECOND MOTION TO AMEND CASE MANAGEMENT ORDER ("CMO") NO. 25**

The States of Montana and Nevada (the "States") move to amend Case Management Order ("CMO") No. 25, as amended by the Court's July 31, 2006 Order, by adopting the dates set forth in the accompanying [Proposed] Order.  The principal purpose of the revised schedule is to defer the submission of summary judgment motions until after the Class 2 trial, until January 2007.  The revised schedule also defers the submission of the defendants' expert reports until that time.  The State submits that by revising the schedule and maintaining the same schedule for the two cases, the Court and the parties will achieve certain economies of resources not otherwise available.

The States and the Defendants have conferred in good faith regarding the State's proposal.  Defendants agree to the States' proposal to defer summary judgment motions in the Nevada case and would also like to defer the submission of their expert reports in the Nevada

- 1 -

case.[1] Defendants have not agreed to revise the summary judgment motion schedule with respect to the Montana case and the parties are at an impasse on this point.

The States submit that there are numerous reasons to defer the summary judgment motions until January *and* to conduct the summary judgment briefing and defense expert discovery in the two cases simultaneously. Summary judgment motions and defense expert reports on liability are currently scheduled to be filed on September 21, 2006, with oppositions to the motions due on November 1, 2006; replies due on November 15, 2006; surreplies due on November 22, 2006 and a hearing set for December 12, 2006. The Class 2 trial in the Class case is set to begin on November 6, 2006 for approximately six weeks, coinciding with the summary judgment briefing and defense expert discovery in the State cases. During this time, the Court and the parties will be occupied with trial briefs, motions *in limine* and other substantive motions related to the Class case. At the same time, the Court will be considering class certification issues for Track 2 and the summary judgment hearing on Class 3, which was recently reset for October 26, 2006. In short, there are numerous significant events scheduled in the related cases between now and the end of the year. The Court will necessarily be ruling on open issues that will touch on all of the AWP cases consolidated before the Court. The States expect that many of the Court's rulings will provide guidance on issues at the core of the State cases. Although not strictly controlling on the resolution of the same issues in the State cases, such decisions will provide guidance that will likely shape the summary judgment motions filed by both sides. Allowing dispositive motions to be submitted – and potentially even argued – in the State cases before the issues are resolved in the Class case will waste the resources of the parties and the Court and may lead to inconsistent rulings. The summary judgment process in the State cases

---

[1] Defendants agree to defer the summary judgment schedule in Nevada, but have not agreed to the proposed schedule presented here.

001534-13 126510 V1

can be handled much more efficiently after the parties have the benefit of the Court's rulings in the Class case.

Similarly, allowing the summary judgment motions and defense expert discovery to proceed in Montana while deferring both in Nevada, as suggested by the Defendants, will waste the resources of the Court and the parties and may result in piecemeal decision-making. There are many economies of scale in litigating the two State cases together. Although Defendants may highlight the different facts developed in the respective cases and the different laws, which the differences are comparatively small. The consumer protection laws are similar and the States' basic claims are identical: the defendant drug manufacturers have violated the consumer protection statutes in the two states by falsely inflating the Average Wholesale Prices they reported which were then used as the basis for prescription drug reimbursement for various entities. The Defendants' conduct, which *should be* the focus of the motions, was national and not state specific. There should be no need to brief this conduct more than once in connection with the State motions. Any state-specific facts can be dealt with efficiently without destroying the economies of joint briefing. There are economies for the Court in considering dispositive motions in the State together too and this will avoid the danger of inconsistent rulings.

Joint defense expert discovery will also benefit the parties and the Court. In the case of the States' expert, the defendants took one deposition of Dr. Hartman covering the two cases. Dr. Hartman's methodology was the same for both cases and it is expected that this will be true for the defense experts also and that the States will be able to consolidate its depositions of these experts.

## CONCLUSION

The States of Montana and Nevada respectfully request that he Court modify CMO No. 25 consistent with this proposal. The revised schedule proposed by the States will promote the

- 4 -

most efficient and resourceful approach to summary judgment on behalf of the Court and all parties.


By      /s/ Steve W. Berman           DATED:  August 31, 2006
    Steve W. Berman
    Sean R. Matt
    Jeniphr A.E. Breckinridge
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Thomas M. Sobol
    Edward Notargiacomo
    HAGENS BERMAN SOBOL SHAPIRO LLP
    One Main Street, 4th Floor
    Boston, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

    COUNSEL FOR PLAINTIFFS
    STATE OF MONTANA AND
    STATE OF NEVADA

    George J. Chanos
    Attorney General of the State of Nevada
    L. Timothy Terry
    Deputy Attorney General
    100 N. Carson Street
    Carson City,  NV 89701-4714

    COUNSEL FOR PLAINTIFF
    STATE OF NEVADA

    Mike McGrath
    Attorney General of Montana
    Ali Bovingdon
    Assistant Attorney General
    Justice Building
    215 North Sanders
    P.O. Box 201401
    Helena, MT  56920-1402
    (406) 444-2026

    COUNSEL FOR PLAINTIFF
    STATE OF MONTANA

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **THE STATES OF MONTANA AND NEVADA'S SECOND MOTION TO AMEND CASE MANAGEMENT ORDER ("CMO") NO. 25** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 31, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

      By **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292