# UNITED STATES DISTRICT COURT
## THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL NO. 1456

THIS DOCUMENT RELATES TO:

Civil Action No. 01-CV-12257-PBS

*State of Nevada v. American Home Products, et al.,* CA No. 02-CV-12086-PBS

Judge Patti B. Saris

*State of Montana v. Abbott Laboratories Inc., et al.,* CA No. 02-CV-12084-PBS

## <u>DEFENDANTS' OPPOSITION TO THE SECOND MOTION OF THE STATES OF MONTANA AND NEVADA TO AMEND CASE MANAGEMENT ORDER NO. 25</u>

Plaintiffs' Second Motion to Amend CMO 25 ("Motion") is their third request in five months to postpone the Court's deadlines for summary judgment motions in cases filed four years ago by the States of Montana and Nevada.  The Court originally ordered a deadline for filing summary judgment motions of May 5, 2006 (with a hearing on the motions set for July 17).  *See* CMO 23.  On April 13, the Court granted the States' Motion to Amend CMO 23 and extended the deadline for filing summary judgment motions to July 14, 2006 (with a hearing set for October 23).  *See* CMO 25.  Unsatisfied with an additional ten weeks to prepare, on July 31, only a month before the filing of the motion at issue, the States again sought an extension of the deadline for filing summary judgment motions to September 21, 2006 (with a hearing set for December 12), a request the Court granted.  *See* Electronic Order entered granting [2916] Motion to Amend CMO No. 25.

Although Defendants agree that there is some reason to delay the deadline for filing summary judgment motions and Defendants' expert reports in Nevada – where Defendants' third

motion to compel and a spoliation motion are pending – there is no reason to delay the deadline for briefing summary judgment motions and Defendants' expert reports in Montana, where the Nevada discovery motions are not pending.

> **1.      There is No Reason to Delay Summary Judgment Briefing in the Montana Case Where Discovery is Largely Complete**

The reasons supporting a delay in filing summary judgment motions and expert reports in the Nevada case are unrelated to the Montana case, which stands ready for disposition on summary judgment.  In the Montana case, no motion to compel against the State is pending, nor is any spoliation motion pending.  In sum, there is no reason to delay summary judgment briefing (or the filing of Defendants' expert reports) in the Montana case.  The current CMO should remain in force for the Montana action and the case should proceed as scheduled.

Even if the Court were to extend the deadline for summary judgment in the Montana case (i.e. the last possible date to file a motion, not the sole date on which motions may be filed), for any motions that are filed by September 21 the Court should enforce the existing schedule for oppositions, replies and the December 12 hearing date.  Defendants are prepared to file a joint motion for summary judgment on Montana's claims on September 21 under the Court's most recent order, and are opposed to any new order that would permit Plaintiffs to delay in filing a response to that motion until March 8, 2007, the deadline for filing oppositions contemplated in Plaintiffs' [Proposed] Order.[1]

> **2.      The Incomplete Discovery Record in Nevada – Due to the State's Conduct – Provides a Reason for Some Delay in the Nevada Case Schedule, But Not the Delay Proposed by Plaintiffs**

Though not mentioned in Plaintiffs' Motion, in the Nevada case, two critical motions are pending that were not filed in the Montana case:  Defendant's Joint Motion for Redress for Spoliation of Evidence (filed July 21, 2006, docket no. 2899) and Defendants' Third Motion to Compel Discovery from Plaintiff the State of Nevada (filed August 3, 2006, docket no. 2948).

_____

[1] The deadlines in Plaintiffs' [Proposed] Order are 2006 dates.  Defendants assume that Plaintiffs intended these to be dates in 2007.

These motions are fully briefed and pending before Chief Magistrate Judge Bowler, though no hearing date has been set for the motions.  In particular, the spoliation motion involves the State of Nevada's failure to instruct State employees to save relevant documents until November 30, 2005, even though Nevada filed suit in January 2002.  Also, the State of Nevada recently produced over 100,000 electronic documents in an on-going production of documents that Judge Bowler ordered, in March 2006, to be produced in response to Defendants' second motion to compel.  The electronic production is on-going and part of the relief sought in Defendants' third motion to compel is the opportunity to take five additional half-day depositions of Nevada officials regarding the documents produced by Nevada after the close of discovery.  Thus, if the spoliation motion and motion to compel are granted, even in part, these rulings will impact the record presented to the Court on summary judgment.

Accordingly, Defendants request that the Court vacate the existing case schedule as to the deadline for filing summary judgment and Defendants' expert reports in the Nevada case, until after Judge Bowler has ruled on these motions.

### 3.   Plaintiffs' Stated Reasons for Delaying Both Cases Are Unsupported

Plaintiffs proffer four reasons why the Court should postpone the schedule for summary judgment briefing in these cases:  (1) the lawyers are busy, (2) the Court is busy, (3) the Court's rulings in the class case "will provide guidance" on issues in the States' cases, and (4) there are "economies of scale" in keeping the two states' cases linked for purposes of summary judgment. None of these arguments has merit.

First, Plaintiffs note that during the current schedule for briefing summary judgment motions in the States' cases (from September 21 to November 22), "the parties will be occupied" with briefing and motions in the class case.  Motion at 2.  The States filed these lawsuits over four years ago and have long known of the upcoming summary judgment motion deadlines. Indeed, they have already twice successfully petitioned the Court to extend the deadlines.  In the interim, the record in Montana – including the testimony of State witnesses who confirmed that Montana consciously chose to retain AWP as one of its reimbursement benchmarks in order to

effectuate State policy – is complete, undisputed, and ripe for summary judgment now.  The Court should not grant another extension.

Second, Plaintiffs observe that the Court will be busy this fall considering class certification issues for Track 2, summary judgment on Class 3, and a bench trial on Class 2. Plaintiffs proceed from the faulty premise that extending the schedule for filing summary judgment motions to January in the States' cases would relieve the burden on the Court.  It will not.  Under Plaintiffs' proposed CMO, summary judgment motions in the States' cases would not be fully briefed until March 2007 – when the Court will be presiding over a jury trial against AstraZeneca in the Class 1 case (depending on the outcome of summary judgment).  *See* CMO 26:  Class Notice and Trial Schedule (dated July 7, 2006).  Jury trials against the other Track One defendants in the Class 1 case would then follow one at a time, *see* CMO 20:  Post-Class Certification Proceedings for Track 1 Defendants (dated January 31, 2006), and – depending on the Court's rulings on class certification and summary judgment – trials against the Track Two defendants might follow.  Due to the massive nature of the class case, this Court will continue to be "occupied" for much of 2007, regardless of when summary judgment motions are briefed in the States' cases.

Third, Plaintiffs argue that the Court's rulings in the class case "will provide guidance" on issues in the States' cases.  Motion at 2.  But even Plaintiffs admit that any decision in the class case will "not strictly control[]" the issues in the States' cases.  *Id.*  That is because the States' cases primarily involve the States' Medicaid programs.  No federal statute or regulation requires the use of "AWP" as a reimbursement benchmark by a state Medicaid program.  Rather, each state has the discretion to set its own methodology of payment for prescription drugs.  42 C.F.R. § 447.333(a).  Different states – including Montana and Nevada – have exercised that discretion in different ways over time.

Finally, Plaintiffs argue that there are "economies of scale" in keeping the States' cases linked for the purposes of summary judgment.  In making this argument, Plaintiffs ignore the reason for any delay in summary judgment briefing in Nevada – the State of Nevada's refusal to

produce relevant documents and the State's spoliation of other relevant documents.  The fact that discovery is incomplete in Nevada due to the State's action is no reason to delay briefing and a decision on summary judgment in the Montana case, where no motions to compel are outstanding and Defendants have not filed a spoliation motion.

Moreover, the two cases are distinct.  The only claims in Nevada's Complaint are Nevada state law claims.  The only claims in Montana's Complaint are Montana state law claims.  Although Plaintiffs suggest that the Defendants' conduct should be "the focus of the [summary judgment] motions," the state law claims at issue require particularized and distinct proof by each State.  Contrary to the States' unsupported assertion, the Montana Unfair Trade Practices Act and the Nevada Deceptive Trade Practices Act do not implicitly or explicitly require a locus of analysis on "defendants' conduct."  Rather, those statutes require the States to marshal evidence to support the claim they were deceived.  In Montana, the record is clear that the State cannot do so and its claims are ripe for dismissal.  In Nevada, although the record is equally compelling, that record nonetheless remains incomplete because of the State's destruction of evidence and outstanding discovery and a different schedule is required.  Thus, although decisions by Montana and Nevada Medicaid officials regarding the use of AWP will be dispositive in each State – it will be so on wholly independent records.  This evidence is unique to each state and, due to the State of Nevada's conduct the discovery record in that case is not yet complete.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion, leave in place the existing case schedule as to the Montana case, and adopt a new CMO applicable to the Nevada case following rulings on Defendants' third motion to compel discovery from the State of Nevada and Defendants' motion regarding spoliation by the State of Nevada.

DATED this 5th day of September, 2006.

**PERKINS COIE LLP**
**ON BEHALF OF ALL DEFENDANTS**

By: /s/ Kathleen M. O'Sullivan
    David J. Burman
    Kathleen M. O'Sullivan
    Charles C. Sipos
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
Email:  DBurman@perkinscoie.com
E-mail:  KOSullivan@perkinscoie.com
E-mail:  CSipos@perkisncoie.com

Thomas J. Sartory
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112

Attorneys for Defendant Immunex Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2006, a true and accurate copy of the Defendants' Opposition to the Second Motion of the States of Montana and Nevada to Amend Case Management Order No. 25 was served via the Lexis-Nexis Filing System:

DATED:  September 5, 2006.


        /s/ Charles C. Sipos