UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

BAXTER HEALTHCARE CORPORATION'S
MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS
AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE

Pursuant to Local Rule 7.1(b)(3), Baxter Healthcare Corporation ("Baxter") respectfully requests leave to file a Sur-Reply in opposition to the Plaintiffs' Reply in Support of their August 14, 2006 Motion for Sanctions and Default Judgment Against Baxter.[1]  Counsel for plaintiffs does not consent to Baxter filing this Motion for Leave or the attached Sur-Reply.

Baxter seeks to file a concise Sur-Reply in order to address fundamental factual inaccuracies as to Baxter's document production, as well as legal arguments and claims raised for the first time in Plaintiffs' Reply.  First, plaintiffs attempt to back-date Baxter's discovery obligations.  Second, after we demonstrated that plaintiffs' reliance on Fed. R. Civ. P. 37(b) was wrong, plaintiffs now turn to Fed. R. Civ. P. 37(c) as an alternate source of authority.  Third, plaintiffs originally sought to sanction Baxter under 28 U.S.C. § 1927.  Now realizing that this

---

[1]  Baxter requests that the Court also consider this as a Motion for Leave to File  Baxter's Sur-Reply to the Plaintiffs' Motion for Sanctions in the Montana/Nevada actions.

will not work, plaintiffs seek to sanction Baxter's counsel, instead of Baxter, under this same provision.  An allegation that Baxter's counsel have somehow violated their duty as officers of the Court, and that the alleged conduct is sanctionable under Section 1927, is a serious – albeit unfounded – charge that demands an opportunity to respond.  This is especially so since the factual underpinnings of plaintiffs' argument are flatly wrong.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Baxter hereby requests oral argument on this Motion.

Dated:  September 6, 2006                                                     Respectfully submitted,


                                                                  /s/ Peter E. Gelhaar
                                                                 Peter E. Gelhaar (BBO #188310)
Of counsel:                                                      DONNELLY, CONROY & GELHAAR, LLP
                                                                 One Beacon Street, 33rd Floor
Merle M. DeLancey                                                Boston, MA  02108
J. Andrew Jackson                                                Telephone:  (617) 720-2880
DICKSTEIN SHAPIRO LLP                                            Facsimile:  (617) 720-3554
1825 Eye St., N.W.
Washington, DC 20037                                             Counsel for Defendants
Telephone:  (202) 420-2200                                       BAXTER INTERNATIONAL INC. and
Facsimile:  (202) 420-2201                                       BAXTER HEALTHCARE CORPORATION

## CERTIFICATE OF SERVICE BY LEXIS NEXIS FILE AND SERVE

Docket No. MDL 1456

    I, Shamir Patel, hereby certify that I am one of the attorneys for Defendant Baxter Healthcare Corporation and that, on September 6, 2006, I caused copies of Baxter Healthcare Corporation's Motion to Leave to File a Sur-Reply in Opposition to Plaintiffs' Reply in Support of Their Motion for Sanctions and Default Judgment Against Baxter Healthcare to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File and Serve.

                                          **/s/ Shamir Patel**
                                          Shamir Patel