## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## BAXTER HEALTHCARE CORPORATION'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT AGAINST BAXTER HEALTHCARE

Plaintiffs' Reply in Support of Their Motion for Sanctions and Default Judgment Against Baxter is shrill advocacy: it presents a fundamentally false factual picture of a complex discovery process, and improperly advances for the first time in Reply wrong new arguments and claims.[1]

I.    **ARGUMENT**

1.    **Discovery Against Baxter Began In March 2004, Not In 2001**

The key proposition that Baxter's document production obligations somehow commenced shortly after Plaintiffs filed their original Complaint in 2001 is patently false. Plaintiffs concede in their *original motion* that the operative discovery requests for purposes of this Motion are the Omnibus Requests filed in *March 2004*.  See Plaintiffs' Memorandum in of Law in Support at 2; Declaration of Elizabeth Fegan in Support of Motion (1st Fegan Decl.) at 3

---

[1]  Baxter requests that the Court also consider this as Baxter's Sur-Reply to the Plaintiffs' Motion for Sanctions in the Montana/Nevada actions.

and Ex. 1.  Presuming that Baxter could not file further briefs on the matter, plaintiffs now begin

calculating Baxter's discovery obligations as commencing concurrent with the litigation, even

before discovery had been served.  See, e.g., Reply at 1 (Baxter did not begin review of

documents until "45 months after the AWP litigation against Baxter was commenced").  In truth,

immediately after the operative requests were served in 2004, Baxter initiated discussions with

plaintiffs and attempted to negotiate inapplicable drugs out of the case.  See Declaration of Merle

DeLancey ("DeLancey Decl.") at 3-6 and Ex. A (July 14, 2004 letter to Sean Matt).  Plaintiffs'

Reply conveniently neglects to explain why they failed to respond for nearly a year to Baxter's

questions and objections concerning these pivotal discovery issues.[2]  In any event, plaintiffs'

attempt to back-date Baxter's discovery obligation is wrong and misleading.

### 2.    Plaintiffs' New Claim Under Fed. R. Civ. P. 37(C) Is Wrong

Plaintiffs originally argued for sanctions and default judgment under Fed. R.

Civ. P. 37(b)(2).  Baxter's Opposition proved that Rule 37(b)(2) was insufficient authority since

the Court had not granted a motion to compel under Rule 37(a)(2)(B).  Plaintiffs' Reply changes

tack and now urges that Fed. R. Civ. P. 37(c) justifies sanctions and default.

Independent of plaintiffs' failure to raise Rule 37(c) in their original motion, the Court

must reject this new argument because Rule 37(c) *only* applies to Rule 26(a) disclosures, the duty

---

[2]  This is an urgency of their own making. This "45-month" refrain, even when coupled with
various calculations and percentages, does not change the fundamental fact that plaintiffs do not
claim Baxter has failed to produce the documents plaintiffs requested nor does it substitute for a
real showing of substantial prejudice.  Plaintiffs say that it is more costly to review the
documents now than if they had been produced some months ago.  But the argument makes no
sense.  The volume of documents is the same.  It should take the same amount of time and
money to review them now.  Nonetheless, Baxter remains willing to consent to an extension of
the deposition deadline so that plaintiffs can have the additional time they say they need to
prepare for depositions.  We note that *no trial date has been set.*  Indeed, given the current
Track 1 scheduling, a Baxter trial may be more than a year away.

to supplement Rule 26(a) disclosures, and *the obligation to supplement, not respond to*, discovery requests:

> Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The dichotomy between disclosures and discovery is embraced by the title of Rule 37, "Failure to Make Disclosure or Cooperate in Discovery; Sanctions." The use of the disjunctive demonstrates that disclosure obligations are independent from the duty to cooperate in discovery. The distinction is also apparent in the different provisions for motions to compel. Rule 37(a)(2)(A) governs failures to "make a disclosure required by Rule 26(a)." In contrast, Rule 37(a)(2)(B) governs motions to compel discovery "response[s] to a request . . . submitted under Rule 34."

Plaintiffs' selective case quotations mislead the Court as to the scope of Fed. R. Civ. P 37(c). All of the cases Plaintiffs cite concern the failure to disclose either (1) expert testimony or (2) evidence that a party intended to introduce at trial.[3] *None* of Plaintiffs' cases address a party's obligation to respond to a request under Rule 34 similar to the situation faced by Baxter. Because the time has not yet arrived for Baxter to make any pretrial, expert, or other disclosures, Rule 37(c) is simply not applicable.

---

[3] Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191(1st Cir. 2006) (affirming exclusion of expert testimony from trial); Primus v. United States, 389 F.3d 231, 234-35 (1st Cir. 2004) (affirming exclusion of expert testimony from trial); Klonoski v. Mahlab, 156 F.3d 255, 268-69 (1st Cir. 1998) (reversing trial court's admission of evidence not disclosed before trial); Wilson v. Bradlees of New Eng., 250 F.3d 10 (1st Cir. 2001) (affirming exclusion of expert testimony from trial); Williams v. Monarch Machine Tool, 26 F.3d 228, 229-30 (1st Cir 1994) (affirming *inclusion* of expert testimony despite late disclosure.)

3.      **There Is No Basis For The Claim, Raised For The First
        Time In Reply, Against Baxter's Counsel**

The Reply alleges, for the first time, that Baxter's attorneys violated their oaths as officers of the court during discovery. There is no evidentiary basis for so concluding, and we have not even been presented with a motion against counsel. If such a motion were made, we would have a full opportunity to respond. For present purposes it suffices to note that there would be no legal basis for sanctions in any event. Plaintiffs misinterpret section 1927 as a punishment applicable to any alleged discovery failure, no matter the severity or circumstances. In reality, courts have imposed section 1927 sanctions *only* after finding a pattern of egregious, vexatious, and unreasonable conduct on the part of counsel. See Cruz v. Savage, 896 F.2d 626 (1st Cir. 1990); Apex Oil Co. v. Belcher Co., 855 F.2d 1009 (2d Cir. 1988); Metro. Opera Ass'n v. Local 100, Hotel Emples. and Rest. Emples. Int'l Union, No. 00 Civ. 3613, 2004 U.S. Dist. Lexis 17093 (S.D.N.Y. Aug. 27, 2004); Pro Spice, Inc. v. Omin Trade Group, Inc., No. 01-1661, 2003 U.S. Dist Lexis 23831 (E.D. Pa. Dec 16, 2003).

Plaintiffs offer Cruz v. Savage in support of sanctions. A comparison of the unfounded allegations against Baxter's counsel to the documented transgressions of Cruz's attorney demonstrates just how frivolous Plaintiffs' present motion is. In Cruz, the court affirmed sanctions against counsel who had openly attacked the integrity of the court, lied to the court, continually failed to follow the court's instructions, repeatedly presented multiple frivolous legal claims, withheld vital physical evidence before trial, and obscured the issues. Cruz, 896 F.2d. at 632-35. The court cautioned that "mere[] unintended, inadvertent, and negligent actions will not support an imposition of sanctions," rather counsel's conduct must amount to a "serious and studied disregard for the orderly process of justice." Id. at 631-32 (internal quotations omitted).

Metropolitan Opera Association is similar. From the beginning of that case, counsel for Local 100 abdicated their responsibility as officers of the court. Counsel failed to adopt a

document retention policy, allowed electronic and paper documents to be destroyed, conducted a haphazard and insufficient search for relevant documents, placed a non-attorney in charge of document production, failed to produce many documents, lied to opposing counsel about the status of discovery, permitted representatives of the client to lie in depositions, violated valid court orders, and lied to the court. Metro. Opera Ass'n., 2004 U.S. Dist. Lexis 17093 at * 12-13. See also Metro. Opera Ass'n v. Local 100, Hotel Emples. and Rest. Emples. Int'l Union, 212 F.R.D. 178, 181-82, 224-25 (S.D.N.Y. 2003). In sanctioning counsel, the court found this behavior went beyond the "usual clashes between adversaries, sharp elbows, spitballs and even Rambo litigation tactics. This case was qualitatively different. It presented . . . lawyers who completely abdicated their responsibilities under the discovery rules and as officers of the court" Id. at 181.

Here, Baxter expended millions of dollars and forty-three years of attorney time to meet Baxter's discovery obligations and the agreed production deadline. When Baxter's counsel negotiated an extended production deadline, they did not intend to "unreasonably and vexatiously" multiply the proceedings in this case. Instead, they sought to limit the amount of time this court needed to devote to discovery disputes, and to provide discovery to opposing counsel in an orderly fashion. The claim that Baxter's counsel "unreasonably and vexatiously" multiplied the proceedings is farcical when compared to plaintiffs counsels' previous failure, for nearly one year, to respond to Baxter's good faith objections and request to narrow the scope of discovery.

Baxter had every intention of engaging in a rolling production and, did so. However, as the sheer volume of documents responsive to plaintiffs' more than 80-plus document requests grew, Baxter was left with only one option – produce all of its responsive documents in the most efficient and expeditious manner that it could. That is what Baxter did. Plaintiffs cannot

seriously ask this court to sanction counsel's good faith intention.

      **4.**    **Baxter's Good Faith Efforts Make The Use Of The Court's**
               **Inherent Sanctioning Power Inappropriate**

      A court's use of its inherent sanctioning power is appropriate to punish bad faith conduct when the party subjectively intends to commit fraud upon the court and defile the "temple of justice." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). See also Aoude v. Mobil Oil, 892 F.2d 1115, 1118, 19 (1st Cir. 1989); Pension Admin. Comm. of the Sheraton Corp. Ret. Plan for Salaried Emplees. v. Carroll, No. 93-1585, 1993 WL 538906 at *5 (1st Cir. Dec. 30, 1993). According to the Supreme Court, district courts should "exercise caution in invoking its inherent power." Chambers, 501 U.S. at 50. The evidence to support sanctions must be clear and convincing. Aoude, 892 F.2d at 1118.

      The foundation of plaintiffs' motion for sanctions is the fallacy that document review began forty-five months ago. As previously demonstrated, document review began on March 31, 2004, and was delayed while Plaintiffs responded to Baxter's reasonable request to narrow the scope of discovery and clarify important questions.

      Plaintiffs concede that Baxter produced a significant number of documents before the June 1st deadline. See Plaintiffs' Memorandum of Law in Support at 7. The balance of Baxter's documents were produced relatively soon thereafter. Given the volume of documents produced before June 1, plaintiffs cannot honestly claim they were poised to review more Baxter documents. Moreover, in May and June, plaintiffs were preoccupied with class certification issues and could not have devoted a significant amount of time to reviewing Baxter's documents. Finally, Baxter's documents were produced in electronic format and are searchable. Recent correspondence demonstrates that plaintiffs' counsel has accessed a Baxter document database only twice – on June 23 and again on August 23 – since it was first made available on June 1.

As of today, the database contains over 50% (over 500,000 documents), of the documents available to plaintiffs in fully searchable format.  See Third Declaration of Merle M. DeLancey.

**II.      CONCLUSION**

For all of the foregoing reasons, Plaintiffs Motion for Sanctions and Default Judgment should be denied and Baxter should be awarded reasonable attorneys' fees for responding.

**III.      REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1, Baxter hereby requests oral argument on this Motion.

Dated:  September 6, 2006                          Respectfully submitted,


                                                              **/s/ Peter E. Gelhaar**
                                                              Peter E. Gelhaar (BBO #188310)
Of counsel:                                                  DONNELLY, CONROY & GELHAAR, LLP
                                                              One Beacon Street, 33rd Floor
Merle M. DeLancey                                            Boston, MA  02108
J. Andrew Jackson                                            Telephone:  (617) 720-2880
DICKSTEIN SHAPIRO LLP                                        Facsimile:  (617) 720-3554
1825 Eye St., N.W.
Washington, DC 20037                                         Counsel for Defendants
Telephone:  (202) 420-2200                                   BAXTER INTERNATIONAL INC. and
Facsimile:  (202) 420-2201                                   BAXTER HEALTHCARE CORPORATION

**CERTIFICATE OF SERVICE BY LEXIS NEXIS FILE AND SERVE**

Docket No. MDL 1456

I, Shamir Patel, hereby certify that I am one of the attorneys for Defendant Baxter Healthcare Corporation and that, on September 6, 2006, I caused copies of Baxter Healthcare Corporation's Sur-Reply in  Opposition to Plaintiffs' Motion for Sanctions and Default Judgment Against Baxter Healthcare to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File and Serve.


__/s/ Shamir Patel_____
Shamir Patel