UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) ) | |

### DEFENDANT PHARMACIA'S UNOPPOSED MOTION TO AMEND ITS INDIVIDUAL MEMORANDUM IN OPPOSITION TO CLASS CERTIFICATION TO ATTACH INADVERTENTLY OMITTED EXHIBITS CITED IN ITS BRIEF

Pharmacia, by and through undersigned counsel, hereby files this Motion to Amend Its Individual Memorandum In Opposition to Class Certification to Attach Inadvertently Omitted Exhibits Cited in Its Brief. In preparing for oral argument, counsel for Pharmacia noticed that documents cited in Pharmacia's Individual Memorandum in Opposition to Class Certification [Docket # 2797] ("Individual Opposition") had not been attached to any of the briefs filed in support of or in opposition to class certification. Those documents are attached to the enclosed Declaration of J. Clayton Everett, Jr. In Support of Pharmacia's Individual Memorandum in Opposition to Class Certification, and Pharmacia respectfully requests that it be permitted to amend its Individual Opposition to incorporate that declaration and its exhibits.

Counsel for Plaintiffs have indicated that they do not oppose the requested amendment.

### DISCUSSION

In preparing for oral argument, Pharmacia's counsel realized that several documents cited in Pharmacia's Individual Opposition were not attached as exhibits to that brief. Those previously documents are important to assessing the adequacy and typicality of the class representatives proposed by plaintiffs, and plaintiffs would suffer no prejudice an amendment to

attach those documents as exhibits to Pharmacia's Individual Opposition. Consequently, Pharmacia respectfully requests that the Court grant this unopposed Motion to Amend.

Pharmacia cited two invoices in footnote 4 to its Individual Opposition as evidence that the Oklahoma Arthritis Center (1) made a return of 11% on one transaction and (2) actually suffered a loss on a second transaction that Plaintiffs rely upon to establish the standing of Patricia Young to pursue claims against Pharmacia. Individual Opposition at 4 & n. 4. Pharmacia believes that these documents support a unique defense that renders Mrs. Young an atypical class representative for claims against Pharmacia. *Id.*

Though identified by bates number, the invoices cited in footnote 4 were not attached to Pharmacia's Individual Opposition. Nor were those invoices attached as exhibits to any other brief filed in support of or in opposition to class certification. The relevant documents are attached to the enclosed Declaration of J. Clayton Everett, Jr. In Support of Pharmacia's Individual Memorandum in Opposition to Class Certification ("Everett Declaration") as Exhibits A and B.

In addition, Pharmacia argued in its Individual Opposition that the transactions relied upon by Pipefitters, the proposed Class 3 representative, to establish standing to sue Pharmacia were not based on Pharmacia's AWPs. Individual Opposition at 6. That discussion made reference to particular Pipefitters reimbursements that were disclosed in claims data produced by Pipefitters in discovery. Exhibit C to the Everett Declaration is an extract of the Pipefitters claims data showing all reimbursements for J codes relating to Pharmacia products at issue in the case.

Plaintiffs will suffer no prejudice from the proposed amendment. The relevant documents were cited in Pharmacia's Individual Opposition, so Plaintiffs cannot claim surprise.

Moreover, all are documents that were originally produced by the Plaintiffs, so Plaintiffs have had the ability to access the documents since Pharmacia's Individual Opposition was filed.

## CONCLUSION

For all the foregoing reasons, Pharmacia respectfully requests the Court to grant its motion to amend its Individual Memorandum in Opposition to Class Certification.

Dated   September 7, 2006

Respectfully Submitted,

/s/ Mark D. Smith
Mark Smith (BBO #542676)
Laredo & Smith
15 Broad Street, Suite 600
Boston, MA 02109
617.367.7984 (Tel.)
617.367.6475 (Fax)

John C. Dodds
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000 (Tel.)
215.963.5001 (Fax)

Scott A. Stempel
J. Clayton Everett, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
202.739.3000 (Tel.)
202.739.3001 (Fax)

## CERTIFICATE OF SERVICE

I, Mark D. Smith, hereby certify that on September 7, 2006, I caused a true and correct copy of the foregoing Defendant Pharmacia's Unopposed Motion To Amend Its Individual Memorandum In Opposition To Class Certification To Attach Inadvertently Omitted Exhibits Cited In Its Brief to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  September 7, 2006                              /s/ Mark D. Smith
                                                       Mark D. Smith, Esq.