**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No.1456 ) ) Civil Action No. 01-CV-12257-PBS ) ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) Chief Magistrate Judge Marianne B. Bowler ) |

**TRACK 2 DEFENDANTS' NOTICE OF SUPPLEMENTAL**
**AUTHORITY RELEVANT TO CLASS CERTIFICATION**

Defendant Aventis Pharmaceuticals Inc. on behalf of itself and all other Track Two Defendants, hereby files the following Notice of Supplemental Authority Relevant to Class Certification. The Track Two Defendants respectfully submit Wachtel v. Guardian Life Ins. Co., 453 F.3d 179 (3rd Cir. 2006) (attached hereto as Exhibit A) and Beck v. Maximus, 457 F.3d 291 (3rd Cir. 2006) (attached hereto as Exhibit B), two recently decided, relevant cases from the United States Court of Appeals for the Third Circuit.

As noted in the Track Two Defendant's Joint Memorandum in Opposition to Class Certification, Plaintiffs' proposed class certification order falls short of the requirements of Rule 23(c)(1)(B) and due process and is offered without the support of a trial plan for Plaintiffs' state-law claims. See Track Two Joint Memorandum at 10 n. 48 and 39 n. 225. As the Wachtel court held, a class certification order must include a "complete list of the claims, issues and defenses to be treated on a class basis." Wachtel, 453 F.3d at 187-88. The court further opined that a detailed trial plan will "aid courts and parties in meeting this 'critical' need by necessitating the full and clear articulation of the litigation's contours at the time of class certification." Id. at 187.

Additionally, as noted in the Track Two Defendants' Joint Memorandum at 34, because Pipefitters is subject to unique defenses, Pipefitters does not satisfy the typicality and adequacy requirements of Rule 23(a).  See Track Two Defendants' Joint Memorandum at 34.  In <u>Beck v. Maximus</u>, the Third Circuit noted that the presence of such unique defenses bears on both the adequacy and typicality of a proposed class representative.  See <u>Beck v. Maximus</u>, 457 F.3d 29, 296-97 (3rd Cir. 2006)

Dated:  September 11, 2006

Respectfully submitted,

s/ Michael DeMarco
Michael DeMarco (BBO #119960)
 mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
 abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicholas Mizell
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

Attorneys for Aventis Pharmaceuticals Inc. and on behalf of the following Track 2 Defendants: Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc.,  Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation,  Dey, Inc., Fujisawa Healthcare Incorporation, Fujisawa USA, Inc., Hoechst Marion Roussel, Inc., Immunex Corporation,  Pfizer Inc., Pharmacia Corp., Pharmacia & Upjohn,  Sicor Inc. f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc.,  Sicor Pharmaceuticals, Inc.,  Watson Pharmaceuticals, Inc., and ZLB Behring LLC.

## **CERTIFICATE OF SERVICE**

      I, Michael DeMarco, hereby certify that on September 11, 2006, I caused a true and correct copy of the foregoing Track 2 Defendants' Notice of Supplemental Authority Relevant to Class Certification to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  September 11, 2006            /s/ Michael DeMarco
                                                              Michael DeMarco