EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS
 2

 3
     In re:                              )
 4   PHARMACEUTICAL INDUSTRY              ) CA No. 01-12257-PBS
     AVERAGE WHOLESALE PRICE              ) MDL No. 1456
 5   LITIGATION                           )

 6

 7

 8                         MOTION HEARING

 9            BEFORE THE HONORABLE PATTI B. SARIS
                  UNITED STATES DISTRICT JUDGE
10

11

12

13
                                   United States District Court
14                                 1 Courthouse Way, Courtroom 19
                                   Boston, Massachusetts
15                                 May 22, 2006, 3:05 p.m.

16

17

18

19

20

21

22
                            LEE A. MARZILLI
23                    CERTIFIED REALTIME REPORTER
                      United States District Court
24                    1 Courthouse Way, Room 3205
                         Boston, MA  02210
25                         (617)345-6787
```

```
 1   APPEARANCES:

 2   For the Plaintiffs:

 3        NICHOLAS N. PAUL, ESQ. Deputy Attorney General,
     Civil Prosecutions Unit, P.O. Box 85266, 110 West A. Street,
 4   #1100, San Diego, California, 92186.

 5        SUSAN SCHNEIDER THOMAS, ESQ., Berger & Montague, P.C.,
     1622 Locust Street, Philadelphia, Pennsylvania, 19103-6305.
 6
          JAMES J. BREEN, ESQ., The Breen Law Firm, P.A.,
 7   3562 Old Milton Parkway, Alpharetta, Georgia, 30005.

 8        THOMAS A. TEMMERMAN, ESQ., California Department of
     Justice, Bureau of Medi-Cal Fraud, 1425 River Park Drive,
 9   Suite 300, Sacramento, California, 95815.

10        ADAM D. MILLER, ESQ., Engstrom, Lipscom & Lack,
     10100 Santa Monica Boulevard, 16th Floor, Los Angeles,
11   California, 90266.

12        JONATHAN SHAPIRO, ESQ., Stern, Shapiro, Weissberg &
     Garin, Suite 500, 90 Canal Street, Boston, Massachusetts,
13   02114-2022.

14
     For the Defendants:
15
          JOHN P. McDONALD, ESQ., Locke, Liddell & Sapp, LLP,
16   2200 Ross Avenue, Suite 2200, Dallas, Texas, 75201-6776.

17        TARA A. FUMERTON, ESQ. and JAMES R. DALY, ESQ.,
     Jones Day, 77 West Wacker, Chicago, Illinois, 60601-1692.
18

19

20

21

22

23

24

25
```

```
 1              P R O C E E D I N G S
 2          THE CLERK:  In re:  Pharmaceutical Industry Average
 3  Wholesale Price Litigation, Civil Action No. 01-12257, will
 4  now be heard before this Court.  Will counsel please identify
 5  themselves for the record.
 6          MR. PAUL:  Nicholas Paul, Deputy Attorney General
 7  for the state of California.
 8          MS. THOMAS:  Susan Thomas, private counsel for the
 9  relator Ven-A-Care.
10          MR. BREEN:  James Breen, counsel for the relator
11  Ven-A-Care.
12          MR. MILLER:  Adam Miller for the relator
13  Ven-A-Care.
14          MR. TEMMERMAN:  Thomas Temmerman, Senior Assistant
15  Attorney General, California.
16          MR. SHAPIRO:  Jonathan Shapiro for Ven-A-Care.
17          MR. DALY:  Good morning, your Honor.  Jim Daly on
18  behalf of Abbott.
19          MS. FUMERTON:  Tara Fumerton on behalf of Abbott.
20          MR. McDONALD:  John McDonald on behalf of B. Braun
21  of America.
22          THE COURT:  All right, so you're essentially the
23  moving parties.
24          MR. DALY:  Yes, your Honor.
25          MR. PAUL:  Excuse me, your Honor.  There's one
```

1   is also a false claim, and it is entirely consistent with our
2   first theory.
3           I would respectfully submit, your Honor, that we
4   have pled this -- as far as the particularity of the conduct,
5   we've attached hundreds of pages. I don't know that your
6   Honor has received a pleading in this case yet with as much
7   detail about the false price representations that the
8   manufacturers made, and the actual backup evidence of why
9   it's false, and how the state knows it's false for each NDC
10  number, for each period of time, for each company.
11          THE COURT: Well, I think what they're saying is
12  that you should give me at least one claim. So you're the
13  state. Give me one false claim for each category. Is that
14  what you're saying?
15          MR. BREEN: Your Honor, if we were to attach -- I
16  understand what they're saying.
17          THE COURT: I haven't actually gone that route
18  but --
19          MR. BREEN: But if we're going to do that, I mean,
20  if one claim or all the claims, all the claims we tried to
21  figure it out, it would be five stories high at a minimum.
22          THE COURT: That's right, so I'm not going to
23  require it. But let me just ask you this: Would you have an
24  example of at least one for each kind of pricing fraud?
25          MR. PAUL: Your Honor, we can certainly provide

1   that if the Court determines that that would help the system.
2          THE COURT: I wouldn't want them all, and I
3   wouldn't demand them all. The question is, I will ask them
4   that question, so -- because unlike some of the other cases I
5   have where they're the consumer class actions and they're the
6   sick old people, you're actually the state of California, so
7   I'm assuming you can come up with one example of each drug
8   that was allegedly fraudulently billed. Is that right?
9          MR. PAUL: I appreciate your confidence, your
10  Honor. We can.
11         THE COURT: Okay, is there anything else? We can
12  do quick rebuttals, and then we can move on.
13         MR. BREEN: Your Honor, unless you have any other
14  questions on ambiguity, we've briefed that thoroughly.
15         THE COURT: Ambiguity in the term?
16         MR. BREEN: Well, they're arguing that this was
17  ambiguous or it was uncertain, or therefore they couldn't
18  have made a false representation. And the case law was clear
19  on this, your Honor. We put it in our brief. If the
20  defendant is going to take the position that it was somehow
21  misled or didn't know what was going on or things were too
22  ambiguous, therefore it couldn't have made a false statement,
23  that's a question of fact for the trier of fact. The
24  defendants --
25         THE COURT: Well, all right, I understand what you

1                      C E R T I F I C A T E

2

3

   UNITED STATES DISTRICT COURT  )
4  DISTRICT OF MASSACHUSETTS     ) ss.
   CITY OF BOSTON                )
5

6

7

8             I, Lee A. Marzilli, Official Federal Court

9   Reporter, do hereby certify that the foregoing transcript,

10  Pages 1 through 56 inclusive, was recorded by me

11  stenographically at the time and place aforesaid in Civil

12  Action No. 01-12257-PBS, MDL No. 1456, In re:  Pharmaceutical

13  Industry Average Wholesale Price Litigation, and thereafter

14  by me reduced to typewriting and is a true and accurate

15  record of the proceedings.

16            In witness whereof I have hereunto set my hand this

17  15th day of June, 2006.

18

19

20

21

22

23       _____
         LEE A. MARZILLI, CRR
24       OFFICIAL FEDERAL COURT REPORTER

25