# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc.* CIVIL ACTION NO. 06-11337-PBS ) ) ) ) | |

**PROPOSED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered as follows:

1.      Scope. This Protective Order ("Order") shall apply to *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc*., Civil Action No. 06-11337-PBS, and any other case that is transferred to *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, for coordinated or consolidated pretrial proceedings, in which the United States is a party ("DOJ AWP Litigation"). This Order governs the use and dissemination of all information by any party or third party, including all DOCUMENTS designated as CONFIDENTIAL, as those terms are defined herein. This Protective Order is not intended to govern the use of CONFIDENTIAL DOCUMENTS at any trial of this action.  Questions of the protection of information from public disclosure during trial will be presented to the Court prior to or during trial as each party deems appropriate.

2.      Confidential Information Produced In Other Actions.  DOCUMENTS that a party has produced in another investigation or action that are required to be produced in this action need

not be re-produced if the DOCUMENTS have already been provided to the opposing parties in this case, and if the parties so agree that a re-production is not necessary.  DOCUMENTS that fall into this category shall be deemed to be produced under the terms of this Order and shall not be governed by a Protective Order entered in any other action.  DOCUMENTS that do not fall into this category shall be reproduced in this case with the unique legend described in this Order and shall be governed only by the terms of this Order.

3.  <u>Documents Defined</u>.  The term "DOCUMENT" or "DOCUMENTS," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure, and shall include all written, recorded, or graphic material whatsoever, such as initial disclosures, responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, pleadings, memoranda, affidavits, exhibits, deposition transcripts, and all other information produced by any third party in response to subpoenas.

4.  <u>Confidential Information Defined</u>.  The designation "CONFIDENTIAL" shall be limited to "trade secrets or other confidential research, development, or commercial information" entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  The term "Trade Secret," as used in this Order, means information as defined under the Uniform Trade Secrets Act:  Information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

5.     Designating Party Defined.  The "designating party", as that term is used in this Order, refers to the party or third party that is designating the information as CONFIDENTIAL.

6.     United States' Confidential Information.  CONFIDENTIAL information of the United States includes information deemed confidential pursuant to any and all applicable federal statutes or regulations.

7.     Publicly Available Information.  Information that is publicly available is not entitled to treatment as CONFIDENTIAL under this Order.  "Publicly available information" includes but is not limited to any information that a defendant produced in any other action that it did not designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the other action(s).  Prior to designating any information as CONFIDENTIAL subject to this Order, the Party so designating shall make a good faith determination that the information is not publicly available.  The Party shall not designate information as CONFIDENTIAL if it learns that the information is publicly available as that term is defined herein.

8.     Legend To Be Used.  Any party involved in this DOJ AWP Litigation, or counsel for such party, may designate as CONFIDENTIAL any DOCUMENT that it produces through discovery in this case which meets the definition set forth in this Order by stamping the following legend unique to this case, "CONFIDENTIAL [Case name abbreviated and docket number]," or as amended by stipulation of the parties, on the face of the DOCUMENT that a party in good faith believes to meet the definition set forth in this Order, and upon each line or page so designated, as appropriate.  Any legend shall not obliterate text or handwritten marginalia on the DOCUMENT stamped CONFIDENTIAL.

9.     Storage of Confidential Information.  The recipient of any CONFIDENTIAL information

shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such CONFIDENTIAL information as is exercised by the recipient with respect to his or her own CONFIDENTIAL information.

10.   <u>Deposition Testimony</u>.  A party may designate those portions of deposition testimony and deposition exhibits that are CONFIDENTIAL by advising the court reporter and all parties of such fact by the close of the deposition.  The designating party shall instruct the court reporter to use the same agreed-upon unique legend as described herein (para. 8).  If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend, identified herein (para. 8), identifying those portions of the videotape that are CONFIDENTIAL.

Unless a shortened time period is requested as set forth below, within twenty-one (21) days of receipt of the transcript, the deponent, his/her counsel, or any other party may re-designate any portion of the transcript CONFIDENTIAL.  Prior to the lapse of the twenty-one (21) day period, the parties shall treat the transcript as if it were CONFIDENTIAL provided that it is designated CONFIDENTIAL by a party before the close of deposition.  The designating party shall make a good faith determination that there is a reasonable likelihood that the transcript contains CONFIDENTIAL information.  If no designation is made at the deposition or within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL information.

A party may request a reasonable shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of

4

conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

To the extent that the designating party makes a request to the court reporter to re-issue a transcript to reflect a CONFIDENTIAL designation, the designating party shall bear the burden of the cost of the re-issued transcript for all parties.

11. <u>Filing Confidential Information with the Court</u>. It is further ordered that all pleadings, memoranda or other DOCUMENTS filed in court shall be treated as public regardless of the terms of this Order unless the counsel for the party seeking protection certifies and explains why the material is CONFIDENTIAL. Any party or third party filing DOCUMENTS with the Court that contain CONFIDENTIAL information, shall file them under seal in an envelope marked "CONFIDENTIAL — Filed Under Seal Pursuant to Court Order" and bear the caption of the DOJ AWP Litigation and DOCUMENT title and such other description as will allow the Court to readily identify the DOCUMENT or portions thereof so designated. To the extent that a brief or other document contains some CONFIDENTIAL information, it may be redacted in a public version which shall be filed contemporaneously.

12. <u>Withdrawal</u>. Any party may withdraw a designation of confidentiality at any time for any reason and shall notify counsel for all parties in writing, identifying with specificity the

information to which this Order shall no longer apply.

13. <u>Who May Have Access</u>. CONFIDENTIAL information that is covered by this Order may be disclosed to the following individuals:

   (a) a named Plaintiff or an employee of a named Plaintiff, including an employee of any federal agency involved in the DOJ AWP Litigation, who has executed a Certification attached hereto as Exhibit A;

   (b) counsel of record representing a named party in the DOJ AWP Litigation, including their superiors, all paralegal assistants, and stenographic, and clerical employees working under the supervision of such counsel;

   (c) private counsel representing a named party who is not a counsel of record and his or her employees, provided they (1) are assisting counsel of record in the preparation and trial of this action; and (2) have executed on behalf of that counsel's firm a Certification attached hereto as Exhibit A;

   (d) contractors, consultants, investigators, and experts retained by any party or counsel described in paragraphs (b) and (c) above (provided they are not a current employee of a competitor to a party) to assist (whether designated as trial witnesses or not) in the preparation and trial of this action, and who execute a Certification attached hereto as Exhibit A;

   (e) court reporters, paralegals, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel described in paragraphs (b) and (c) above, provided these individuals or an appropriate company official with authority to do so on behalf of the company

executes a Certification attached hereto as Exhibit A;

(f) a person who prepared, received, or reviewed the CONFIDENTIAL information prior to its production in the DOJ AWP Litigation, and who executes a Certification attached hereto as Exhibit A;

(g) a potential witness, including a witness who is deposed or is being prepared for a deposition, who is (1) a current employee of the designating party; (2) a former employee of the designating party, provided that he/she is requested to execute a Certification attached hereto as Exhibit A and is not permitted to retain a copy of any CONFIDENTIAL information; or (3) someone whom the counsel questioning or preparing the witness has a good faith basis to question about the document, provided that the person is asked to execute a Certification attached hereto as Exhibit A and is not permitted to retain a copy of any CONFIDENTIAL information;

(h) any private mediator used in the DOJ AWP Litigation who executes a Certification attached hereto as Exhibit A;

(i) the Court, Court personnel and any Magistrate and/or Mediators appointed by the Court, provided that any Mediator appointed by the Court executes a Certification attached hereto as Exhibit A;

(j) Law enforcement personnel including: (1) State Attorneys General, and any private counsel retained by such State Attorneys General, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states that have active investigations of issues similar to those in this action, provided

7

they have executed a Certification attached hereto as Exhibit A on behalf of their office or firm; and (2) United States Department of Justice attorneys and United States Attorneys, their authorized subordinates, investigators, auditors, client agency personnel, agents, contractors, or others who are assisting with investigations or litigation of issues similar to this action;

(k) any other person or entity to whom counsel for the party designating the CONFIDENTIAL information agree in writing, or whom the Court directs to have access to such information.

14. <u>Conditions of Access</u>.  Counsel shall inform each person to whom they disclose or give access to CONFIDENTIAL information the terms of this Order and provide each person with a copy of this Order.  Persons receiving CONFIDENTIAL information are prohibited from disclosing it to any person except in conformance with this Order.  Counsel who provides CONFIDENTIAL information to a person identified in paragraph 13 above, shall keep and maintain as an officer of the Court in a secure place the originals of all such executed consent forms found at Exhibit A.  At any request of the Court, copies of any signed certification shall be made available to the Court as may be required for the enforcement of this Order.

15. <u>Objection to Designation</u>.  Nothing in this Order shall be construed in any way as a finding that information designated CONFIDENTIAL actually is CONFIDENTIAL information. Any party may at any time object in writing to another party's or third party's designation of CONFIDENTIAL information.  No party shall be obligated to challenge the propriety of any designation at the time made and failure to do so shall not preclude a subsequent challenge on the propriety of such designation.  In the event that a party challenges another party's or third party's

designation, the party or third party designating the CONFIDENTIAL information shall have the burden to file a motion for a protective order with the Court in accordance with Federal Rule of Civil Procedure 26(c)(7) and the local rules demonstrating that good cause exists to treat the challenged information as protected subject to this Order.  Once written notice is given by the challenging party of the challenged designations, the parties to the dispute shall try to informally resolve the dispute in good faith within five (5) days.  If the parties cannot resolve the dispute within five (5) days of service of a written objection, the designating party shall have the opportunity to file a motion for a protective order within an additional ten (10) days; if no such motion is filed within this time period, the CONFIDENTIAL information is deemed no longer covered by this Order and may be used for any purpose by any party.  If the designating party files a motion within the ten (10) day time period, the parties shall continue to treat the materials as CONFIDENTIAL pending a ruling by the Court on such a motion.

16. <u>Disclosures To United States' Agencies</u>.  Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, CONFIDENTIAL information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such CONFIDENTIAL information by a federal agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of CONFIDENTIAL information consistent with the terms of this Order.

17. <u>Disclosures to Congress</u>.  Nothing contained in this Order shall prevent or in any way

limit or impair the right of the United States to provide any DOCUMENT or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the CONFIDENTIAL information that it has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the CONFIDENTIAL information, use reasonable efforts to notify the party of the Congressional entity's request and the United States' response thereto.

18.     Disclosures to Third Parties.  In the event of a request by a third party (excluding Congress or an agency of the United States) for disclosure of CONFIDENTIAL information, the United States will protect the CONFIDENTIAL information from disclosure to the fullest extent permitted by law.  The United States will take reasonable steps to provide notice to the designating party whose CONFIDENTIAL information is requested, as is allowable under the law, prior to the disclosure of CONFIDENTIAL information to a third party who requests disclosure under any provision of law.

19.     Protection to Third Parties.  A person or entity that produces information as a third party to an action governed by this Order shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record, and shall be subject to the terms of this Order.

20.     Advice to Clients.  Nothing in this Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to the DOJ AWP Litigation and in the course thereof, referring to or relying upon the attorney's examination of CONFIDENTIAL information so long as the attorney does not disclose CONFIDENTIAL information.

21.     No Admission of Relevance or Admissibility.  Nothing herein shall be construed to be an

admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the DOJ AWP Litigation.  This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

22.     <u>Attendance at Hearings and Depositions</u>.  At the request of a party, the Court may limit or restrict person(s) not permitted access to CONFIDENTIAL information from attending any hearing or deposition at which such information is revealed.

23.     <u>Inadvertent Disclosure of Confidential Information by a Party</u>.  The inadvertent or mistaken disclosure by a party (or third party) of CONFIDENTIAL information shall not constitute a waiver of any claim of confidentiality except where: (a) the designating party notifies the receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within twenty (20) days of such notice, the designating party fails to provide re-designated CONFIDENTIAL DOCUMENTS to the receiving party.  During the twenty (20) day period after notice, the non-designated materials in the possession of the receiving party, shall be treated as CONFIDENTIAL, and the designating party's notice shall so state.  Within thirty (30) days of receipt of properly re-designated CONFIDENTIAL DOCUMENTS, the receiving party shall return the non-designated DOCUMENTS, and any copies of the same, to the designating party, or shall inform the designating party that it has properly destroyed the non-designated DOCUMENTS, at the election of the receiving party.  The receiving party shall thereafter treat CONFIDENTIAL information contained in the re-designated DOCUMENTS, and any summaries or notes thereof, as CONFIDENTIAL, subject to any objection pursuant to paragraph 15.

24.     <u>Inadvertent Disclosure by a Receiving Party</u>.  Should any CONFIDENTIAL information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such CONFIDENTIAL information; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the designating party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A.  The executed Certification shall be provided to counsel for the designating party within thirty (30) business days of execution by the party to whom the CONFIDENTIAL information was inadvertently disclosed.  Nothing in this Paragraph is intended to limit the remedies that the designating party may pursue for breach of this Order.

25.     <u>Inadvertent Disclosure of Privileged Information</u>.  If a party believes that it has inadvertently or mistakenly produced information subject to a claim of attorney-client privilege or work product immunity ("producing party"), the producing party shall direct a written request to the receiving party for the return of such information within twenty (20) days of discovery. Such inadvertent or mistaken production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  Within thirty (30) days of such a request, the receiving party shall return the DOCUMENTS, or properly destroy the DOCUMENTS, at the election of the receiving party, unless the receiving party intends to challenge the producing party's assertion of inadvertent or mistaken production, or the assertion of privilege or immunity.  If a receiving party objects to the return of such information within the thirty (30) day period described above, the producing party may move the Court for an order compelling the return of the information.  Pending the Court's

ruling, the receiving party may retain the DOCUMENTS in a sealed envelope and shall not make any use of such information.

26.     Relief From Court.  Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or for a modification of this Order.

27.     Destruction.  Within a reasonable period of time after the conclusion of this litigation, including all appeals, the parties shall undertake reasonable and prudent efforts to return all CONFIDENTIAL information to the designating party, or to destroy properly all such CONFIDENTIAL information, and notes and summaries of the same, at the election of the receiving party; EXCEPT THAT the attorneys for each party may maintain copies of any CONFIDENTIAL information in their master file for this action, including notes or summaries containing attorney work product, or other materials produced in this action that they are required to maintain pursuant to statute or regulation, and provided that any copies of any CONFIDENTIAL information or notes or summaries containing such CONFIDENTIAL information are clearly labeled as subject to this Order.

28.     Impounded and Confidential Materials.  Provided a party or third party has followed the procedures set forth herein, the Court deems that the party or third party has complied with the requirements of Local Rule 7.2, Impounded and Confidential Materials.

29.     Survival of Order.  This Order shall survive the termination of the DOJ AWP Litigation and any transferred actions and shall continue in full force and effect thereafter, except as it may be amended by the Court.

**CERTIFICATION - EXHIBIT A**

I hereby certify that I have read the attached Protective Order in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 200 __, and I agree that I will not reveal CONFIDENTIAL information to, or discuss such with any person who is not entitled to receive CONFIDENTIAL information in accordance with the Order. I will use CONFIDENTIAL information only in accordance with the express terms of this Protective Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will agree to be bound by the terms of the Protective Order.

Dated: _____     _____

_____
[Print Name]

_____
[Company]

[Address]