# EXHIBIT 2

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

THE STATE OF FLORIDA

ex rel.

      VEN-A-CARE OF THE FLORIDA
      KEYS, INC., a Florida Corporation, by
      and through its principal officers and
      directors, ZACHARY T. BENTLEY
      and T. MARK JONES,

          Plaintiffs,

                                    Case No. 98-3032A
v.                                     Judge: Smith

BOEHRINGER INGELHEIM
CORPORATION; DEY, INC.; DEY, L.P.;
EMD PHARMACEUTICALS, INC.; LIPHA,
S.A.; MERCK, KGaA; MERCK-LIPHA, S.A.;
SCHERING CORPORATION; SCHERING-
PLOUGH CORPORATION; ROXANE
LABORATORIES, INC.; and WARRICK
PHARMACEUTICALS CORPORATION,

          Defendants.

_____/

## PROTECTIVE ORDER

This cause came to be heard on the Motions for Protective Order filed by the State of

Florida (hereinafter "the State") and the Defendants Dey, Inc., Dey, L.P., EMD Pharmaceuticals,

Inc., Warrick Pharmaceuticals Corporation, Schering Corporation, and Schering-Plough

Corporation hereinafter "the Defendants". The parties to this action shall be collectively referred

to as "the Parties." From the submissions thus filed, the Court finds:

## I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  In their First Requests for Production of Documents directed to the Defendants, the State and the Relator requested various documents.  The Defendants objected to production of many documents on multiple grounds, including the grounds that they are "confidential," "proprietary," and/or constitute "trade secrets."

B.  In their First Requests for Production of Documents directed to the State, the Defendants requested various documents.  The State objected to production of many documents on multiple grounds, including documents made confidential pursuant to Fla. Stat. § 409.91196(1), and 42 U.S.C. § 1396r-8.

C.  The Defendants have an interest in protecting confidential and trade secret information which are legitimately trade secrets pursuant to Fla. Stat. § 812.081 and § 815.045, and *SePro Corp. v. Fla. Dep't of Environ. Protection,* 839 So. 2d 781 (Fla. 1st DCA 2003).

D.  The State has an interest in protecting the confidentiality of Medicaid Rebate and other related data pursuant to Fla. Stat. § 409.91196(1) and 42 U.S.C. § 1396r-8.  The State also has an interest in maintaining the confidentiality of patient identifying information pursuant to the Health Insurance Portability and Accountability Act (HIPAA) rules at 45 CFR §§ 160 and 164.

E.  The State and the Defendants have an interest in protecting documents the Defendants have produced in other litigation proceedings, including, but not limited to, those certain proceedings styled *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.,* Case No. GV002327, Travis County, Texas (hereinafter "the Texas Litigation").  The State

-2-

received certain documents through the Texas Litigation which were designated by the Defendants as "confidential" and/or as "Attorney's Eyes Only" and produced to the State pursuant to Protective Orders entered in the Texas Litigation, including the Second Amended Protective Order entered in the Texas litigation on April 19, 2004. By designating information in the Texas Litigation as being either "Confidential" and/or "Attorney's Eyes Only," the Court finds that the Defendants have taken reasonable precautions to ensure the complete confidentiality of their trade secrets and other confidential information. Subject to Paragraph 14 and the other terms of this Order, the Court finds that any documents:

a.      Produced by the Defendants in this action which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "ATTORNEY'S EYES ONLY; or

b.      Produced by the Defendants in any other similar action and been designated either as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY,"

are Trade Secrets as contemplated by Florida Statutes 812.081, are confidential, and are exempt from disclosure to any third party pursuant to Chapter 119, Florida Statutes.

F.      The terms and conditions of this Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Florida Rules of Civil Procedure, responses to public records requests seeking documents from this action or the Texas litigation and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas. Notwithstanding the foregoing, materials and information ordered to be

-3-

produced in this action obtained from non-parties by the investigative subpoena process shall
retain its confidential status as provided in Fla. Stat. §409.920 and 31 U.S.C. §3733 (where
applicable), subject to specific terms and conditions contained in any Court order dealing with
such materials.  Such materials shall be excluded from this Protective Order until the Court
enters an Order specifically directed to such materials and information.

      G.     For purposes of this Order, the term "documents" includes electronically produced
information.

      H.     The State has further objected to the Requests for Production and Interrogatories
served by the Defendants, in part based upon the Defendants' assertion that the Attorney
General's representation of the State of Florida, as a party to this action pursuant to Florida
Statutes Section 68.083, extends in this action to all agencies, departments, instrumentalities,
branches or sub-divisions of the State of Florida. The Court finds that the Attorney General's
representation of the State of Florida in this action is based upon allegations that the Defendants
have violated the provisions of the Florida False Claims Act in connection with claims paid by
the Florida Agency for Health Care Administration.

      I.     This Protective Order is entered pursuant to Rule 1.280 (c), Florida Rules of Civil
Procedure.

      Therefore it is ORDERED as followed:

      **II.**    **ORDER**

      1.     In producing documents in response to any discovery request the Parties may
designate such documents as being "CONFIDENTIAL". The designation "CONFIDENTIAL"
shall be limited to information that any Party, in good faith, believes to contain information that

-4-

should otherwise be subject to confidential treatment under Rule 1.280 of the Florida Rules of Civil Procedure, or any Florida or federal statute or Court Order.

2.     With the exception of government disclosures as specified at paragraph 8, information designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     a named plaintiff or its designated representative who has executed a Certification attached hereto as Exhibit A. Designation of a party representative shall be in writing and disseminated to all counsel of record before disclosure of any "CONFIDENTIAL" information to that representative.

(b)     in-house counsel of a named party who has executed a Certification attached hereto as Exhibit A;

(c)     outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)     an expert or consultant who (i) is retained by any attorney described in Paragraphs 2(b) and (c) to assist with the Litigation, (ii) is not a current employee of a party or

-5-

subsidiary or affiliate of a party, and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

   (f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Litigation;

   (g) during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

   (h) any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

   (i) the Court, and any Special Masters and/or Mediators appointed by the Court; and

   (j) third party witnesses and potential witnesses who have executed a Certificate attached hereto as Exhibit A.  Such third party witnesses and potential witnesses shall not make notes of nor retain any copies of any documents designated as "CONFIDENTIAL".

  3. When producing documents in response to any discovery request, the Parties may also designate documents as being either (a) "HIGHLY CONFIDENTIAL", "ATTORNEY'S

EYES ONLY", or as being (b) "TRADE SECRET–EXEMPT FROM DISCLOSURE UNDER PUBLIC RECORDS ACT" (collectively referred to herein as "HIGHLY CONFIDENTIAL"). Subject to Paragraph 14 and the other terms of this Order, the Court finds that any documents:

      a.    Produced by any of the Defendants in this action which has been designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "ATTORNEY'S EYES ONLY", or as "TRADE SECRET-EXEMPT FROM DISCLOSURE UNDER PUBLIC RECORDS ACT" or

      b.    Produced by the Defendants in any other similar action and been designated either as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY",

are Trade Secrets as contemplated by Florida Statutes 812.081, are confidential, and are exempt from disclosure to any third party pursuant to Chapter 119, Florida Statutes.

      4.   The designation "HIGHLY CONFIDENTIAL" as described in paragraph 3, above, shall be limited to information that any Party, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) past or current company personnel or employee information; and (e) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.

      5.    With the exception of government disclosures as specified at paragraph 8,

information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)     a named plaintiff or its designated representative who has executed a Certification attached hereto as Exhibit A.  Designation of a party representative shall be in writing and disseminated to all counsel of record before disclosure of any "HIGHLY CONFIDENTIAL" information to that representative.

(b)     (i) in-house counsel of a named party who have executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

(c)     outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)     an expert or consultant who (i) is retained by any attorney described in Paragraphs 2(b) and (c) to assist with of the Litigation, (ii) is not a current employee of a party or

-8-

subsidiary or affiliate of a party; and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(f)     a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the Litigation;

(g)     during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)     any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

(i)     the Court, and any Special Masters and/or Mediators appointed by the Court; and

(j)     during the deposition of any witness provided such witness executes a Certification attached hereto as Exhibit A and the party wishing to show or examine such witness regarding a document designated "HIGHLY CONFIDENTIAL" obtains the prior consent of all parties.  If such prior consent is not given, then the witness shall not be shown nor examined regarding the "HIGHLY CONFIDENTIAL" document without further Court Order.

6.      All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order, which comes into the possession of a Party to the Litigation, shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order. Notwithstanding the foregoing, the State of Florida can utilize such information for setting Medicaid reimbursement rates.

7.      With the exception of government disclosures as specified at paragraph 8, any person or Party receiving information designated as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL", who receives a request or subpoena for production or disclosure of that information, shall promptly give notice by facsimile to counsel for the producing party identifying the information sought and enclosing a copy of the subpoena or request. With the exception of government disclosures as specified at paragraph 8, the person or Party receiving that Subpoena or Request shall not produce or disclose the requested information without the consent or re-designation of the producing party, or further Order of this Court. Counsel for the Party receiving a request for any of the designated information shall also inform any person who requests the disclosure of that information, of the terms of this Order, as well as its obligation to comply with the terms of this Order. The Court finds that a party who has produced CONFIDENTIAL or HIGHLY CONFIDENTIAL documents is without an adequate remedy at law, and the Court reserves and retains sole jurisdiction to enforce the terms and conditions of this Order, upon motion, and without the necessity of a bond.

-10-

8.      Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be disclosed to the following law enforcement personnel in the event that a party receives a subpoena or request for such information from such law enforcement personnel, provided that the requesting individual executes a Certification attached hereto as Exhibit "C."

        a.      Attorneys General; Deputy and Assistant Attorneys General; Prosecutors and their duly supervised employees of this or any other state.

        b.      The Attorney General of the United States, the Deputy Attorneys General, Assistant Attorneys General, United States Attorneys, and their authorized employees.

        c.      Licensed law enforcement agents and officers in the direct employment of a state described in section (a) above, or the federal government, including the Federal Bureau of Investigation Special Agents, the Department of Health and Human Services' Office of the Inspector General Special Agents, and Medicaid Fraud Control Unit agents.

        d.      The directly supervised employees of the persons identified in sections (a)-(c) above.

The party complying with the request or subpoena of any such law enforcement personnel need not notify the party or other person who produced the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

9.      The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or

-11-

proprietary information. Documents produced in this action may be designated by any party as

"Confidential" or "Highly Confidential" by marking each page of the designated documents with

a stamp stating "Confidential" or "Highly Confidential" and/or by segregating those documents

into binders or other containers containing the legend: "Highly Confidential: Exempt From

Disclosure Under Public Records Act, Pursuant to Court Order".

   10. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include

or be included in any document, physical object, tangible thing, transcript or oral testimony or

recorded statement of counsel, such as by way of example and not limitation, transcripts, answers

to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes,

abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks,

compositions, devices, test reports, programs, code, commands, electronic media, databases, and

any other records and reports which comprise, embody or summarize information a bout the

producing party's business, products, practices and procedures.

   11. In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"

the producing or testifying party or person, including third parties, will make such designation

only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading

disclosed, produced, or filed by any party or person in the Litigation may be designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or

person by marking the appropriate legend on the face of the document and each page so

designated. With respect to tangible items, the appropriate legend shall be marked on the face of

the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to

-12-

the party to which disclosure is made, written notice that such tangible item is

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

12.     The Parties may designate the deposition testimony and exhibits (or portions

thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

at the time of the deposition by advising the reporter and all Parties of such fact during the

deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph,

the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate

legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of

receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or

portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent,

his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages

of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

information and serve the same on opposing counsel. Pending such designation, the entire

deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL"

information. If no designation is made within thirty (30) days after receipt of the transcript, the

transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" information.  A party may reasonably request a shortening of the time period

within which a confidentiality designation for a deposition transcript must be made for the

purpose of conducting effective discovery, and consent to such a request shall not be

unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the

parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute

cannot be resolved within five (5) business days, the party requesting the shortened time period

-13-

may request appropriate relief from the Court. The parties agree, subject to Court approval, that such request for relief can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

13.     Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

14.     Upon proper motion, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

15.     Notwithstanding anything to the contrary contained in this Order, any Party to this Litigation may object, in writing, to the designation by another Party, by specifying the information in issue and its grounds for questioning the designation. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion for appropriate relief within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or

-14-

materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

16.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

17.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

18.     The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information

-15-

contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

19.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall:

(a)     use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Order;

(b)     within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and

(c)     request such person or party to sign the Certification attached hereto as Exhibit A or B. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed.

Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

20.     A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such

producing person or entity has produced or provided in the action.

21.   This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

22.   If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.  No disclosure of evidence, documents, testimony or other information that might otherwise qualify as privileged shall be deemed to constitute a general waiver of any privilege and shall not constitute a waiver beyond the information disclosed.

23.   The Attorney General shall not be required to produce, as counsel for a Plaintiff in

-17-

this action, documents or other evidence that may be in the possession, custody or control of agencies, departments, instrumentalities, branches or sub-divisions of the State of Florida other than the Agency for Health Care Administration and the Office of the Attorney General. The parties may conduct third party discovery of such other agencies, departments, instrumentalities, branches or sub-divisions of the State of Florida in accordance with the applicable statutes and rules.

24.     Nothing in this Order shall prevent any party or other affected person from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or for a modification of this Order.


Dated: August 19, 2004


L. Ralph Smith Jr.
_____
L. Ralph Smith, Jr.
Second Circuit Judge

-18-

CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in The State of Florida

ex rel. Ven-A-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corporation, et al., Case

No. 98-3032A, dated _____, 2004 (the "Order"), and I agree that I will not

reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such

with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution

or defense of the action and not for any business or other purpose. I will otherwise keep all

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance

with this Order.

I agree that the Circuit Court of the Second Judicial Circuit in and for Leon County,

Florida has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that

Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2004

_____

[Print Name]

_____

[Company]

_____

[Address]

IN-HOUSE COUNSEL CERTIFICATION – EXHIBIT B

I hereby certify that I have read the attached Protective Order in The State of Florida ex rel. Ven-A-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corporation, et al., Case No. 98-3032A, dated _____, 2004 (the "Order"), and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of outside counsel or other location designated by outside counsel. I will not remove such information from outside counsel's office or other location designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL" information at the offices at which I work.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel. Although I may attend meetings where others discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed under the Order. Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about

pricing, marketing or advertising strategies, product research and development, product design or competitive structuring and compositions of bids, offers, or proposals, with respect to which the use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage. I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their position(s) and responsibilities.

I further agree that the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2004

_____

[Print Name]

_____

[Company]

_____

[Address]

.CERTIFICATION – EXHIBIT C

I hereby certify that I have read the attached Protective Order in The State of Florida

ex rel. Ven-A-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corporation, et al., Case

No. 98-3032A, dated _____, 2004 (the "Order"), and I agree that I will not

reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such

with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" information in accordance with the Order.  I will otherwise keep all

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance

with this Order.

I agree that the Circuit Court of the Second Judicial Circuit in and for Leon County,

Florida has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that

Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.

Dated: _____, 2004

_____

[Print Name]

_____

[Employer]

_____

[Address]