# EXHIBIT 5

No. GV002327



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
|    VEN-A-CARE OF THE | § | |
|    FLORIDA KEYS, INC. | § | |
| | § | |
|           *Plaintiffs,* | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| DEY, INC., | § | |
| ROXANE LABORATORIES, INC., | § | |
| WARRICK PHARMACEUTICALS | § | |
| CORPORATION, SCHERING-PLOUGH | § | |
| CORPORATION, and SCHERING | § | |
| CORPORATION, | § | |
| | § | |
|           *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## SECOND AMENDED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order it is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used for the purpose of preparation and trial of this litigation and as allowed in Paragraph 3 (f), subject to constraints and safeguards to confidentiality set forth herein. It is the primary intention of the Court by entering this First Amended Protective Order to provide for the protection and confidentiality of confidential proprietary materials that reflect or confer competitive advantages on one or more of the parties. Additionally, this Order seeks to recognize and preserve protections provided by Federal law, Texas law and the law of other states for documents, including those under seal or subject to confidential status by statute.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to information that it in good faith believes to be confidential and subject to protection under: (1) Texas Rule of Evidence 507, (2) pursuant to existing state or federal statute(s) or court order (including any

2004 APR 21 AM 11: 48

Page 1

state or federal court imposed seal or sealing order), or (3) eligible for protection from disclosure and publication by virtue of some other existing and recognized legal privilege. Information or material which is available to the public in that format, including catalogues, advertising materials, and the like shall not be classified. Information and materials which already exist in the possession of, or which may hereafter come into the possession of any branch or agency of the federal government (including but not limited to the U.S. Department of Justice and the Office of Inspector General) independent of this lawsuit, and which are, in that context, free of any legal status as being privileged or confidential shall not be accorded any greater or additional protected confidential status by any designation made in this lawsuit.

3. "Qualified Persons," as used herein means:

(a) Attorneys for the parties and employees of such attorneys to whom it is necessary that the material be shown for purposes of this or any other litigation.

(b) Actual or potential independent technical experts engaged in this litigation, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such person, and who have signed a document agreeing to abide by the terms of this Protective Order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

(c) Actual or potential consulting experts in this litigation who have executed a written agreement to abide by the terms of this protective order;

(d) The party or party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document so stating (such signed document to be filed with the Clerk of this Court by the party designating such person);

(e) Third party witnesses in this litigation who have executed a written agreement to abide by the terms of this Protective Order;

(f) Law Enforcement Personnel Outside Texas: this category of Qualified Persons is limited to the following:

(i) Attorneys General, Deputy and Assistant Attorneys General and their directly supervised staff employees in those 41 states that previously filed claims in the settlement between the United States and Bayer, A.G. concerning Bayer's drug pricing information, and who have active, authorized investigations of issues similar to those in this case and have requested information which would

     include Classified information.

  (ii) The Attorney General for the United States of America, Deputy Attorney General, Assistant Attorney General, United States Attorneys, and their authorized subordinates employed by the United States Department of Justice.

  (iii) Licensed Law Enforcement Agents and Officers in the direct employment of a state referred to in subsection (i) above, or the federal government including Federal Bureau of Investigation Special Agents, Office of Inspector General Agents and Medicaid Fraud control Agents.

  (iv) The directly supervised employees of the persons listed in (f) (i) through (iii).

Provided that disclosure of classified documents and information to the category of persons set forth in 3 (f) is done in compliance with Paragraph 6 (d) below.

(g) Employees of National Heritage Insurance Corporation (a contractor that handles certain types of Medicaid payments for the Texas Medicaid Program) to whom it is necessary that the material be shown for purposes of this litigation; and

(h) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys'

Page 3

Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript. To the extent not already designated, the parties shall have an additional thirty (30) days from the date of the entry of this amended order to designate information disclosed at depositions as classified and the parties are mindful of their duty to limit such designations to information which is truly worthy of legally protected status.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a), (b) and (f) above, subject to Paragraph 6 (c) and (d) below.

(b) Copies of Classified Information provided to a receiving party shall be maintained with appropriate security safeguards to assure against dissemination or disclosure in violation of the provisions of this Amended Protective Order. Persons entitled to custody of Classified Materials may reproduce same using bona fide commercial printing/copying services.

(c) Materials and information ordered to be produced in this suit which was obtained from third party non-litigants in this suit by the C.I.D. process shall otherwise retain its confidential status as provided in the Texas Medicaid Fraud Prevention statute: Chap. 36 Human Resources Code § 36.054, and 31 U.S.C. § 3733 (where applicable), subject to specific terms and conditions as may be set forth in any Court Order dealing with such materials.

(d) Before any Classified Information is delivered to Qualified Persons identified in Paragraph 3(f), the party delivering such Classified Information shall (i) obtain from an

Page 4

authorized representative of the recipient(s) a signed written agreement to abide by the terms of this Protective Order, and to submit to the jurisdiction of the Travis County District Court, and the Texas Courts of Appeal and Supreme Court with respect to the enforcement of this Protective Order, in the form of the Agreement and Consent attached hereto as **Exhibit "A"**, and (ii) provide to opposing parties in the litigation the name of such recipient and an indentification (by Bates number, where applicable) of the Classified Information transmitted. The delivering party shall keep and maintain as an officer of the Court, in a secure place, the originals of all such executed consent forms. At any request of the Court, all of these forms or some of them as designated shall be made available to the Court as may be required for the enforcement of this Order.

(e) Documents to be inspected, that have not yet been stamped "Confidential" or "Attorneys Eyes Only" may be designated as such by letter until the copy service can apply the appropriate legends.

7. Documents previously produced by any party (including copies) may be retroactively designated as Classified by notice in writing to counsel for all parties identifying such documents by Bates number and designating the classification within forty-five (45) days from the date such party receives previously produced documents. Documents inadvertently produced by a party without a Classified designation may be retroactively designated and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be informally resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). If

2004 APR 21  AM 11: 48

Page 5

the designating party refuses to reclassify or declassify such document or information, the objecting party may move the Court for an order removing the Classified status of such document or information, and until the Court rules on such motion, the Classified status shall remain the same.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Amended Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that:

> (a) is in the public domain at the time of disclosure, as evidenced by a written document (for purposes of this protective order, documents produced by the defendants pursuant to a civil investigative demand are not considered to be in the public domain; however, the fact that a document was at some point in time produced in response to a C.I.D. by a party that is now a named party in this lawsuit, does not in and of itself confer upon that document any confidential or privileged status for purposes of this or any other lawsuit, except as may be provided by law);

> (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

> (c) the receiving party can show by written documentation that the information was already in its rightful and lawful possession at the time of disclosure without duty of confidentiality as to such materials;

> (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure or duty of confidentiality, provided such third party has the legal right to make the disclosure to the receiving party; or

> (e) has been produced by a party legally in possession of such document or information in a non-confidential or non-classified form in litigation in some other jurisdiction.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or

other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court. The procedures for filing and utilizing such sealed documents are as stated herein, and supersede any contrary language in the Texas Rules of Civil Procedure.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, provided that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client or other "Qualified Person" his or her evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, (a) the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, if disclosure would be contrary to the terms of this Protective Order, and (b) this provision shall not be used to circumvent the requirements of Paragraph 6 above.

16. Any party transmitting Classified Information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and may be held responsible upon breach of such duty.

17. This Protective Order does not limit the State of Texas' duty to comply with all applicable provisions of the Texas Public Information Act.

APR 26 2004  5:35 PM FR LOCKE LIDDELL   214 740 8800 TO #68215124990712  P.10

SIGNED AND ENTERED this __19__ day of __April__, 2004.

/S/ Suzanne Covington
_____
SUZANNE COVINGTON
JUDGE PRESIDING

APR 26 2004 17:45                    214 740 8800        PAGE.10

# EXHIBIT "A"

## AGREEMENT AND CONSENT TO COMPLY WITH PROTECTIVE ORDER

Name of Requestor: _____

Business Address: _____

State: _____ ZIP: _____

Business Phone: ( ) _____

Employer: _____

Title: _____

I, _____, have requested to be allowed to possess and use documents, materials and information which are subject to an Amended Protective Order signed by Judge Suzanne Covington in the 201st Judicial District Court of Travis County, Texas on the ___ day of _____, 2004. I have read and I understand the terms, requirements and prohibitions of that Amended Protective Order. I agree that I will abide by the terms and conditions of that Order. For that purpose, I submit to the authority and jurisdiction of the 201st Judicial District Court of Travis County, Texas, the Texas Court of Appeals and the Texas Supreme Court. I further agree not to disseminate these classified materials in a manner prohibited by the Amended Protective Order and that I will be personally responsible for securing the obedience to this Protective Order of any other "Qualified Persons" with whom I may share such information.

Signature: _____

Date: _____