**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) Civil Action No. 01-12257-PBS ) |
| **THIS DOCUMENT RELATES TO:** | ) Hon. Patti Saris ) |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) |

**[PROPOSED] CASE MANAGEMENT ORDER NO. _____**

1. This order shall apply to the parties to the case captioned above and to any other parties in lawsuits that are consolidated with this Multidistrict Litigation ("MDL") proceeding in which the United States is a Party.

2. In the event claims are subsequently brought by the United States against a new defendant and consolidated with this MDL proceeding, the United States will notify the new defendant of this Case Management Order ("CMO"). The new defendant shall, within twenty (20) days of the notice, file any objection it may have to the terms of this CMO with the reasons therefor. Plaintiff may respond to any objection within ten (10) days from a defendant's filing of an objection.

3. When the term "each side" is used in this order, it shall mean the United States and Relator on the one side, and all Defendants to whom this order is applicable on the other side.

**SCOPE OF DISCOVERY**

4. All discovery served prior to the effective date of this CMO is hereby deemed withdrawn. Future discovery requests shall conform to the terms of this Order.

5.      Defendants shall not re-serve any Requests for the Production of Documents for materials previously produced by the United States in *In re Lupron Marketing and Sales Practices Litig.* ("*Lupron*"), District of Massachusetts, MDL No. 1430, 01-CV-10861-RGS.  Defendants shall bear the burden of making the determination of what was previously produced by the United States.  Any Defendant, to whom this Order is applicable, who has not received a copy of the materials produced by the United States in the *Lupron* proceeding shall be entitled to receive them.

6.      All of Defendants' discovery directed at the "United States" shall pertain specifically to the U.S. Department of Health and Human Services ("HHS"), including the Centers for Medicare and Medicaid Services ("CMS"), the victim agency, and its agents, concerning Defendants' drugs and the conduct set forth in the Complaint.

7.      All discovery shall relate to the allegations in the Complaint and any specific defenses thereto.  All discovery related to any "government knowledge" argument asserted by Abbott, or any other defendant, shall be deferred until the Court rules on Abbott's Motion to Dismiss.

**LENGTH OF TIME FOR DISCOVERY**

8.      Discovery shall commence upon entry of this CMO.  The parties shall complete all fact discovery within eighteen (18) months in accordance with the schedule set forth herein.

**SCHEDULE FOR DISCOVERY**

9.      Upon entry of this CMO the following deadlines shall apply.  All deadlines run from the date of entry of the CMO:

| **DEADLINE** | **ACTION** |
|---|---|
| 547 days | All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42 motions) shall be filed. |
| 517 days | Plaintiffs shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| 547 days | Defendants shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| 547 days | All fact discovery shall be completed. |
| 560 days | The parties shall exchange Expert Reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| 590 days | The parties shall exchange Rebuttal Expert Reports. |
| 640 days | All expert discovery shall be completed. |
| 670 days | All dispositive pretrial motions and memoranda of law must be filed. |
| 700 days | Pretrial Stipulations, *Daubert* motions, and *Motions in Limine* are due. |
| 710 days | Proposed pretrial conference date |
| 730 days | Proposed trial date |

**NUMERICAL PARAMETERS FOR DISCOVERY**

10.   Document Requests, Interrogatories and Requests for Admission shall be subject to the following parameters:

   A.   Each side shall be permitted to propound 75 interrogatories including all discrete subparts, and otherwise consistent with Fed. R. Civ. P. 33.

    B.    Each side shall be permitted to serve a reasonable amount of requests for the production of documents not to exceed seven (7) sets of such requests, and otherwise consistent with Fed. R. Civ. P. 34.

    C.    Each side shall be permitted to propound 50 requests for admission including all discrete subparts, and otherwise consistent with Fed. R. Civ. P. 33.

11.    Deposition Discovery shall be subject to the following parameters:

    A.    Each side shall be permitted to take no more than 250 hours of fact depositions pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6), including depositions of party and non-party deponents, to be allotted at each side's discretion. Each side may seek additional deposition hours by motion to the Court for good cause shown. Abbott shall share and coordinate deposition hours with other defendants including any defendants to future lawsuits filed by the United States that join this MDL proceeding.

    B.    Only the time consumed during the actual questioning of a witness shall count towards the individual time limits set forth in Fed. R. Civ. P. 30 and the total time limits for each side set by this Order.

    C.    Unless otherwise authorized by the Court or stipulated by the parties, a Rule 30(b)(1) deposition is limited to one day of seven hours; and a Rule 30(b)(6) deposition is limited to two days of fourteen hours.

    D.    The parties shall identify any witnesses they are designating as a Fed. R. Civ. P. 30(b)(6) witness on three (3) business days prior to the deposition.

    E.    Unless otherwise authorized by the Court or stipulated by the parties all fact depositions shall be conducted in accordance with Fed. R. Civ. P. 30.

    F.    Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered into evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out. The camera shall remain focused on the witness and shall not videotape any other person at the deposition.

    G.    Depositions of expert witnesses may exceed one day of seven hours. If a party anticipates that a deposition of an expert is likely to exceed one day of seven hours, the deposition notice shall so state the number of hours and days. Thereafter, where necessary, the parties shall meet and confer to discuss the length of expert depositions.

**OTHER PROVISIONS**

12.    In accordance with CMO No. 5, and within ten (10) days from the date of entry of this CMO, unless otherwise agreed to by the parties to avoid duplicative production, Defendants shall produce or represent to the United States that it has produced the following categories of documents, including depositions, as follows: (A) a copy of the set or sets of documents, if any, previously produced by Defendants to any federal or state executive or legislative agency or entity in connection with any average wholesale price ("AWP") or wholesale acquisition costs ("WAC") investigation; and (B) a copy of the set or sets of documents, if any, previously produced by Defendants in connection with any other legal proceeding in which that Defendant

is or was alleged to have overstated the AWP or WAC, including state court AWP or WAC price reporting actions.

13. Nothing in this Order precludes any party from filing in the future an appropriate motion for protective order, pursuant to Fed. R. Civ. P. 26(c).

14. All documents that Defendants produce shall include the Bates numbers from all previous AWP cases in which the same documents were produced.


Dated:_____, 200__


_____
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE