# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE  LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Nevada v. Abbott Labs., Inc. et al.*, CA No. 02-CV-00260-ECR (Nevada I), and | |
| *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS (Nevada II) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF NEVADA'S MOTION FOR A PROTECTIVE ORDER RELATING TO DEFENDANTS' DEPOSITION SUBPOENA TO MGM MIRAGE

In a September 14, 2006 Order, the Court (Marianne B. Bowler, M.J.), granted the State of Nevada's ("Plaintiff") Motion For a Protective Order Relating To Defendants' Deposition Subpoena To MGM Mirage (*i.e.*, Motion No. 2966) on the ground that there was no opposition to the motion. (Daly Decl., ¶ 5, Ex. 3).  Because Defendants' opposition was timely served on all counsel of record in the above matters (including Plaintiff's Counsel), but inadvertently not filed with the Court, Defendants respectfully request that the Court reconsider its ruling, taking into consideration the arguments set forth in Defendants' previously served opposition papers, which are attached as Exhibits 1 and 2 to the Declaration of Thomas Daly filed with, and in support of, this motion.

**STATEMENT OF FACTS**

In opposition to Plaintiff's motion, on August 10, 2006, Defendants timely[1] served the following documents on all counsel of record, via LexisNexis File & Serve: (i) Memorandum of Law in Opposition to Nevada's Motion For A Protective Order Relating To Defendants' Deposition Subpoena To MGM Mirage, and (ii) Declaration of Samuel Lonergan In Opposition To Nevada's Motion For A Protective Order Relating To Defendants' Deposition Subpoena To MGM Mirage. (Daly Decl., ¶ 3, Ex. 1, 2). At the time, the person who served the papers did not realize that filing the papers on LexisNexis would only effect service on counsel, and that they also needed to be filed with the United States District Court For the District of Massachusetts' Electronic Case Filing System in order to be placed in the Court record. (Daly Decl. ¶ 4.). Thus, the Court did not receive Defendants' opposition papers and the record was incomplete when the Motion was decided.

**ARGUMENT**

**RECONSIDERATION IS APPROPRIATE WHERE, AS HERE THE RECORD WAS INCOMPLETE AS A RESULT OF A MISTAKE**

Reconsideration of an Order is appropriate where there is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also United States For Electric Machinery Enters. v. Fraya, S.E.*, 145 F.3d 1, 4-5 (1st Cir. 1998) (granting motion for reconsideration where party inadvertently missed filing deadline because rules were ambiguous as to deadlines for filing); *United States v. Roberts,* 978 F.2d 17, 24-25 (1st Cir. 1992) (holding that in criminal proceedings, reconsideration was appropriate where, among other things, there was plausible reason for error, an

---

[1] Consistent with the requirements of CMO No. 10, Defendants' opposition was timely served within two (2) days of Plaintiff's Motion for a Protective Order.

expeditious effort to cure mistake, "no history of recalcitrance, sloppiness, or sharp practice," and no suggestion of prejudice).  In *Pioneer Invest. Servs. Co. v. Bunswick Assocs.*, the Supreme Court determined the existence of excusable neglect by weighing the following four factors:  danger of prejudice, length of delay and potential impact upon proceedings, reason for delay and whether it was within movant's reasonable control, and whether movant acted in good faith.  507 U.S. 380, 395 (1993) (holding that inadvertent failure of party's attorney to file proofs of claim by court's deadline was excusable neglect, justifying reconsideration).

Reconsideration of Plaintiff's motion is appropriate here because Defendants' failure to file a timely opposition was inadvertent and not the product of bad faith, as evidenced by the fact that all counsel of record (including Plaintiff's counsel) were timely served.  Furthermore, reconsideration poses no danger of prejudice to Plaintiff, as Plaintiff's counsel was timely served and therefore received timely notice of Defendants' opposition to its motion.  Finally, given that Defendants are moving for reconsideration within days of the Court's ruling, reconsideration would cause very little delay and therefore should have no impact upon the deadlines for summary judgment.

## **CONCLUSION**

Defendants regret and apologize for the inconvenience that this causes the Court. Defendants respectfully request, in light of the facts included in the Declaration of Thomas Daly and the arguments set forth in Defendants' previously-served opposition papers, that the Court reconsider its September 14, 2006 Order.

Dated: New York, New York
September 19, 2006

                                              Respectfully submitted,

                                              /s/ Saul P. Morgenstern
                                              Jane W. Parver (admitted *pro hac vice*)
                                              Saul P. Morgenstern (admitted *pro hac vice*)
                                              Samuel Lonergan (admitted *pro hac vice*)
                                              KAYE SCHOLER LLP
                                              425 Park Avenue
                                              New York, New York 10022
                                              (212) 836-8000

                                              Karen F. Green (BBO # 209050)
                                              WILMER CUTLER PICKERING
                                                  HALE AND DORR LLP
                                              60 State Street
                                              Boston, Massachusetts 02109
                                              (617) 526-6000
                                              karen.green@wilmerhale.com

                                              *Attorneys for Defendant*
                                              *Novartis Pharmaceuticals Corporation*
                                              *on behalf of All Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2006, I caused a true and correct copy of the foregoing, Defendants' Memorandum Of Law In Support Of Their Motion For Reconsideration Of Nevada's Motion For A Protective Order Relating To Defendants' Deposition Subpoena To MGM Mirage, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/ Samuel Lonergan
Samuel Lonergan
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000