# EXHIBIT 2



12048920

Aug 10 2006
10:12PM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE  LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action: 01-CV-12257-PBS |
| *State of Nevada v. Abbott Labs., Inc. et al.*,          CA No. 02-CV-00260-ECR (Nevada I), and | Judge Patti B. Saris |
| *State of Nevada v. American Home Products, et al.,*          CA No. 02-CV-12086-PBS (Nevada II) | |

## DECLARATION OF SAMUEL LONERGAN IN OPPOSITION TO NEVADA'S MOTION FOR A PROTECTIVE ORDER RELATING TO DEFENDANTS' DEPOSITION SUBPOENA TO MGM MIRAGE

I, Samuel Lonergan, declare as follows:

1.    I am associated with the law firm of Kaye Scholer LLP and I am one of the lawyers representing Novartis Pharmaceuticals Corporation in the above-captioned cases.  I make this declaration in opposition to Plaintiff the State of Nevada's ("Plaintiff") Motion For A Protective Order Relating To Defendants' Deposition Subpoena To MGM Mirage, filed with this Court on August 8, 2006.

2.    This declaration sets forth certain facts in opposition to Plaintiff's motion for a protective order.

## A.    FACTUAL

3.    On November 14, 2005, Defendants served subpoenas pursuant to Fed. R. Civ. P. 45 for the production of documents on Mandalay Bay Resort & Casino; MGM Grand Hotel and Casino; and The Mirage Casino and Hotel, and on January 10, 2006, Defendants served subpoenas pursuant to Fed. R. Civ. P. 45 and 30(b)(6) noticing

depositions on these companies. All six subpoenas were served and noticed before fact discovery ended on March 31, 2006.

4. Through April 11, 2006, MGM Mirage, the corporate parent of Mandalay Bay Resort & Casino; MGM Grand Hotel and Casino; and The Mirage Casino and Hotel, produced documents and electronic data in response to these subpoenas.

5. On May 3, 2006, Defendants provided Plaintiff with copies of documents produced by MGM Mirage pursuant to the above-referenced subpoenas.

6. On May 12, 2006, Defendants attempted to begin discussions with Plaintiff regarding a stipulation as to the authenticity of the documents produced by MGM Mirage and other non-parties to these litigations.

7. On June 29, 2006, Defendants provided Plaintiff with a Proposed Stipulation Regarding Authentication and Admissibility of Certain Non-Party Documents, which specifically identified each of the documents and/or data produced by the non-parties that were the subject of the proposed stipulation.

8. On July 21, 2006, Plaintiff rejected Defendants' proposed stipulation, and with respect to the MGM Mirage documents that were the subject of the proposed stipulation, Plaintiff raised concerns regarding one document (*i.e.,* MGMM000476 - MGMM000508).

9. On July 25, 2006, Defendants informed Plaintiff that the deposition of an MGM Mirage designee had been scheduled for August 15, 2006.

10.     During an August 8, 2006 meet and confer, Defendants offered to amend the proposed stipulation and to exclude from the set of MGM documents identified in the June 29, 2006 proposed stipulation the one MGM Mirage document for which Plaintiff had identified concerns (*i.e.,* MGMM000476 - MGMM000508).  Plaintiff rejected this proposal, offered no counterproposal, and advised that it would seek a protective order.

11.     With respect to Defendants' August 8, 2006, proposal to exclude the MGM Mirage document from the proposed stipulation, in an August 9, 2006, e-mail, Plaintiff's counsel stated that Defendants "had not asked to reopen that issue" during the August 8 meet and confer, and she was "not prepared to do [sic] discuss [the stipulation] as it had been many weeks since [she] had looked at the documents."

**B.     EXHIBITS**

12.     True and accurate copies of the November 14, 2005, and January 10, 2006, subpoenas served on Mandalay Bay Resort & Casino; MGM Grand Hotel and Casino; and The Mirage Casino and Hotel are attached hereto as Exhibit 1.

13.     A true and accurate copy of April 11, 2006 Phyllis James e-mail to Samuel Lonergan is attached hereto as Exhibit 2.

14.     A true and accurate copy of May 3, 2006 Samuel Lonergan letter to Jeniphr Breckenridge is attached hereto as Exhibit 3.

15.     A true and accurate copy of May 12, 2006 Samuel Lonergan letter to Jeniphr Breckenridge is attached hereto as Exhibit 4.

16.     A true and accurate copy of June 29, 2006 Samuel Lonergan letter to Jeniphr Breckenridge and attached Proposed Stipulation Regarding Authentication and Admissibility of Certain Non-Party Documents is attached hereto as Exhibit 5.

17.     A true and accurate copy of July 21, 2006 Jeniphr Breckenridge letter to Samuel Lonergan is attached hereto as Exhibit 6.

18.     A true and accurate copy of July 25, 2006 Samuel Lonergan letter to Phyllis James is attached hereto as Exhibit 7.

19.     A true and accurate copy of July 25, 2006 Samuel Lonergan letter to Jeniphr Breckenridge is attached hereto as Exhibit 8.

20.     A true and accurate copy of August 8, 2006 Samuel Lonergan letter to Jeniphr Breckenridge is attached hereto as Exhibit 9.

21.     A true and accurate copy of August 9, 2006 Jeniphr Breckenridge e-mail to Samuel Lonergan is attached hereto as Exhibit 10.

I swear under the penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct.

Dated:         New York, New York
               August 10, 2006


                              By:   /s/ Samuel Lonergan
                              Samuel Lonergan
                              Kaye Scholer LLP
                              425 Park Avenue
                              New York, New York 10022
                              (212) 836-8000

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2006, I caused a true and correct copy of the foregoing, Declaration of Samuel Lonergan In Opposition to Nevada's Motion for a Protective Order Relating to Defendants' Deposition Subpoena to MGM Mirage, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.


       /s/ Samuel Lonergam

Samuel Lonergan
Kaye Scholer LLP
425 Park Avenue
New York, NY 10034

# EXHIBIT 1



7429753

Nov 14 2005
6:47PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| STATE OF NEVADA v. ABBOTT LABORATORIES, ET AL., CA No. 02-CV-00260-ECR (Nevada I), and | |
| STATE OF NEVADA v. AMERICAN HOME PRODUCTS, ET AL., CA No. 02-CV-12086-PBS (Nevada II) | |

## NOTICE OF SUBPOENAS

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Novartis Pharmaceuticals Company, by its attorneys, on behalf of themselves and all defendants in the above captioned case, has served the attached subpoenas upon (i) Southwest Airlines; (ii) SBC Communications; (iii) Mandalay Bay Resort & Casino; (iv) MGM Grand Hotel and Casino; and (v) The Mirage Casino and Hotel for production of the documents described in Schedule A to the subpoenas on December 12, 2005.

Dated: New York, New York
      November 14, 2005

                         KAYE SCHOLER, LLP

                         By: *Mark D. Godler*

                              Mark D. Godler
                              Samuel N. Lonergan
                   425 Park Avenue
                   New York, New York 10022
                   (212) 836-8000
                   *Attorneys for Defendant*
                   *Novartis Pharmaceuticals Company*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

**UNITED STATES DISTRICT COURT**

_____ **DISTRICT OF NEVADA**_____

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

**SUBPOENA IN A CIVIL CASE**

THIS DOCUMENT RELATES TO:

MDL No. 1456

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

Civil Action No. 01-CV-12257-PBS
Judge Patti B. Saris
(Case Pending in United States District Court, District of
Massachusetts)

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

TO:  Mandalay Bay Resort & Casino
    (owned by MGM Mirage)
    Agent:  Corporation Trust Company of
    Nevada
    6100 Neil Road, Suite 500
    Reno, Nevada  89511

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above(list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Molezzo Reporters | December 12, 2005 |
| 9460 Double R Blvd., #103 | 1:00 p.m. |
| Reno, Nevada | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sara Elaine Fox_ | NOV 14, 2005 |

Kelly A. Evans, Esq., 3800 Howard Hughes Parkway, Suite 1000 Las Vegas, Nevada 89109 Attorney for Novartis Pharmaceuticals

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

By its counsel, Novartis Pharmaceuticals Corporation, requests, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that **Mandalay Bay Resort & Casino** produce the documents responsive to the requests listed below:

## DEFINITIONS

1.      "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

2.      "ASP" means average sales price.

3.      "AWP" or "Average Wholesale Price" means the benchmark price for drugs as periodically published by one or more pharmaceuticals industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

4.      "Auditor" means any independent entity that provides an independent, third-party audit review of any aspect of medical coverage or services provided by any health plan or health and welfare fund to any of its participants or beneficiaries.

5.      "Benefit Consultant" means any person or entity that provides information, counsel, or advice to any health plan or health and welfare fund regarding any medical benefit or service provided by any health plan or health and welfare fund to any participant or beneficiary.

6.      "Best Price" shall have the meaning ascribed to that term pursuant to 42 U.S.C. § 1396r-8(c)(1)(C).

7.    "Communication" means any form of information transmittal, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings and other similar forms of communication or correspondence.

8.    "Concern" and "concerning" mean directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing, or evaluating.

9.    "Copy" or "copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

10.    "Defendants" means the Defendants identified in the Amended Complaint filed by the State on August 1, 2003 in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL NO. 1456, Civil Action No. 01-CV-12257-PBS, relating to *State of Nevada v. Am. Home Prods., Inc. et al.*, CA NO. 02-CV-12086-PBS (Nevada II), in the United States District Court for the District of Massachusetts, and the Amended Complaint filed by the State on October 31, 2003 in *State of Nevada v. Abbott Laboratories, Inc. et al.*, CA NO. CV-02-00260-ECR (Nevada I), in the Washoe County District Court.  See Exhibit A for a complete list of Defendants.

11.    "Document" shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not

limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter in Your possession, custody or control, including, all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as originally typed, written, or otherwise prepared.

12.     "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

13.     The terms "Health Care Financing Administration" ("HCFA") and "Centers for Medicare and Medicaid Services" ("CMS") shall mean and refer to the division for the United States Health and Human Services directly responsible for the administration of the Medicare and Medicaid programs.

14.     "Identify" means, with respect to a natural person, to state all of the following information:

        (a)     His or her full name, any nickname or alias; and

        (b)     His or her present residence and business address, and if not known, his or her last known addresses and the last known dates thereof.

15.     "Independent Practice Association" means any organized group of providers whose members provide health care to any participant and/or beneficiary.

16.     "MAC" means Maximum Allowable Cost and includes the meaning ascribed to that term pursuant to 42 C.F.R. § 442.332.

17.     "Mail order pharmacy" means an entity that resells drugs exclusively by mail to any participant and/or beneficiary.

18.     "Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, the subject drugs (as defined below).

19.     "PBM" or "pharmacy benefit manager" means any organization that provide administrative services in analyzing and processing prescription claims for pharmacy benefit and coverage programs, and that may establish payment levels for providers and negotiate rebates for the manufacturer.

20.     The terms "participant" and "beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

21.     "Person" means any natural person or any business, legal, or governmental entity or association.

22.     "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

23.     "Provider" means any non-government entity or program that reimburses any participant or beneficiary for drugs or health care services, including, but not limited to pharmacies, specialty pharmacies, physicians, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, union, and welfare and benefit funds; or any person to whom You or any other entity provides reimbursement for drugs dispensed to a participant or beneficiary.

24.     "Publisher" means any pharmaceutical data publishing service, including but not limited to the Drug Topics Red Book ("Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First Data Bank"), Essential Directory of Pharmaceuticals ("Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

25.     "State" refers collectively to the State of Nevada, any state office, agency, or body, including but not limited to the Office of the Attorney General, Medicaid Fraud Control Unit, the Office of the Inspector General, the Department of Public Health and Human Services, the Medicaid Program, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

26.     "Subject drug" or "subject drugs" means one or more of drugs listed on Exhibit B hereto.

27.     "Third party administrator" means any entity that provides administrative services to any health plan, health and welfare fund, or self-insured employers concerning any medical benefit provided to any participant or beneficiary.

28.     "WAC" means wholesale acquisition cost or the list prices for sales by manufacturers to wholesalers.

29.     "Wholesaler" means any entity that purchases subject drugs from a manufacturer and resells such drugs to any other entity.

30.     "You" or "Your" means **Mandalay Bay Resort & Casino** and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys,

employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

## **INSTRUCTIONS**

1.     Unless otherwise specifically stated, the requests below refer to the time period from January 1, 1991 to the present.

2.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope; and the terms "each," "any" and "all" mean "each and every."

4.     Each request for production of documents extends to all documents in the possession, custody, or control of You or anyone acting on Your behalf.  A document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.

5.     If production is requested of a document that is no longer in Your possession, custody, or control, Your response should state when the document was most recently in Your possession, custody, or control, how the document was disposed of, and the

identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

      6.     Provide the following information for each document withheld on the grounds of privilege:

      (a)     its date;

      (b)     its title;

      (c)     its author;

      (d)     its addressee(s);

      (e)     the specific privilege under which it is withheld;

      (f)     its general subject matter; and

      (g)     a description of it that You contend is adequate to support Your contention that it is privileged.

      7.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

      8.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the request number to which the documents are responsive.

      9.     To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which You object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications with the State, including counsel for the State, concerning reimbursement, payment or prices of any subject drug.

2.      All documents concerning or reflecting any definition or meaning of AWP.

3.      All documents concerning or reflecting any definition or meaning of WAC.

4.      All documents that reflect, discuss, memorialize, or otherwise concern Your setting of reimbursement or payment rates in the State for any subject drug.

5.      All documents and data that You or someone acting on Your behalf relied upon in setting reimbursement or payment rates in the State for any subject drug.

6.      All minutes from meetings where reimbursement or payment for subject drugs in the State was discussed, including meetings where the setting of reimbursement or payment rates was discussed.

7.      All documents concerning or reflecting the costs to providers of any subject drug in the State.

8.      All documents concerning or reflecting the amounts You reimburse providers for any subject drug in the State.

9.      All documents concerning or reflecting any difference between the costs to providers of any subject drug and the amounts You reimburse providers for such subject drug in the State.

10.     All documents concerning or reflecting Your awareness that the costs to providers of subject drugs are different from the amounts You reimburse providers for subject drugs in the State.

11.     All transaction records maintained in a database or other electronic format concerning amounts reimbursed or paid by You for subject drugs in the State.

12.     All transaction records maintained in a database or other electronic format concerning rebates or discounts received by You for subject drugs in the State.

13.     All documents concerning Your claims processing policies and procedures.

14.     All documents reflecting any payments made by You that were based in whole or in part on the AWP of any subject drug in the State.

15.     All documents reflecting any payments made by You that were based in whole or in part on a reimbursement benchmark other than AWP for any subject drug in the State.

16.     All documents concerning any communications between You and providers concerning reimbursement, payment or prices of any subject drug in the State.

17.     All documents concerning any requests by You for any information concerning the prices, costs, or reimbursement for subject drugs in the State, including but not limited to contracts, memoranda of understanding, agreements, provider contracts, or communications concerning the calculation, monitoring, tracking, processing, or payment of claims for subject drugs in the State.

18.     All documents concerning Your decision to rely on, reliance on, or use of drug pricing information published by any publisher for any subject drug in the State.

19.     All documents created by or received from any publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between You and any publisher regarding any subject drug in the State.

20.     All documents concerning or referring to any difference between an AWP, or any other reimbursement benchmark, and an actual payment by You or anyone else for any subject drug in the State.

21.     To the extent not otherwise produced, all documents concerning AWP, AMP, WAC, MAC (including, but not limited to, all MAC lists), EAC, Best Price or any other drug pricing, payment or reimbursement information for any subject drug.

22.     All documents concerning Your potential or actual contractual relationships with PBMs, third party administrators, benefit consultants, auditors, wholesalers, manufacturers, insurers, independent practice associations, retailers, mail order pharmacies, providers, trade associations, or lobbyists, insofar as they cover reimbursement, purchasing, or expenditures of subject drugs in the State, including but not limited to, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal, invoices, evidence of payments, performance reports, presentations, rebates, audit reports, drug cost models, annual client reviews and correspondence.

23.     Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs, third party administrators, benefit consultants, auditors, wholesalers, manufacturers, independent practice associations or providers insofar as they cover any subject drug in the State.

24.     All documents concerning any profit or loss or expenditure analysis You have performed or received concerning Your reimbursement or payment for any subject drug in the State.

25.     All documents concerning any internal or external, formal or informal, investigations, studies, research, comparisons, assessments, analyses, reviews or audits regarding

drug pricing or reimbursement or payment amounts or rates for any subject drug in the State, including but not limited to audits of You, vendors, providers or third party administrators, as well as any documents concerning any actions taken or considered by You in response to or following such investigations, etc., and documents concerning any consideration of the effect of such reimbursement amounts or rates on beneficiary access.

26.    All documents concerning any communications with any state or federal government entity made by You or on Your behalf that refer to or concern AWP.

27.    All documents created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal or state institution, agency, department, or office concerning prices, costs, or reimbursement for pharmaceutical products.

28.    All documents provided to CMS, United States Department of Health and Human Services, the Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal or state institution, agency, department, or office regarding the pricing of any subject drug in the State.

29.    All documents produced by You in any litigation, government investigation or inquiry concerning the use of AWP in Medicare, Medicaid or private reimbursement.

30.    All documents concerning any communications with PBMs, third party administrators, benefits consultants, auditors, wholesalers, manufacturers, independent practice associations, mail order pharmacies or providers concerning AWP, or the limiting, containing or controlling costs of prescription drugs or the reimbursement for subject drugs in the State.

31.    All documents concerning any communications with any trade group, trade association or trade organization, including but not limited to, the Human Resources Policy

Association, the Self-Insurance Institute of America, Inc., or the International Foundation of Employee Benefit Plans, concerning AWP, the limiting, containing or controlling costs of prescription drugs or the reimbursement for subject drugs in the State.

32.     All documents concerning any communications with any other person or entity concerning AWP, the limiting, containing or controlling the cost of prescription drugs or the reimbursement for subject drugs in the State.

33.     All documents, including correspondence, that report, discuss, or evaluate the existence and magnitude of undisclosed discounts or rebates from manufacturers.

34.     All documents concerning the profitability of a person in the pharmaceutical distribution chain, including, but not limited to, manufacturers, wholesalers, distributors, PBMs, insurers, third party administrators, independent practice associations, and providers.

35.     All documents concerning Your use of pharmacy benefit consultants.

36.     All documents concerning Your use of pharmacy benefit managers.

37.     All documents consisting of, referring or concerning requests for proposal and responses to requests for proposal requested from or submitted by any PBM or third party administrator for any subject drug in the State.

38.     All documents that analyze, predict, or compare the financial consequences of self-insuring versus insuring through a third party.

39.     All rebate reports received from any PBM or third party administrator for any subject drug in the State.

40.     All utilization reports received from any PBM or third party administrator for any subject drug in the State .

41.     All documents concerning any legislative or administrative efforts to alter or change pharmaceutical reimbursement.

42.     All current and historical organizational charts or similar document(s) that identify Your employees involved or in any way responsible for the administration or oversight of Your prescription drug reimbursement program in the State, including but not limited to all directors or similar officials.

## EXHIBIT A

Abbott Laboratories Inc.

Amgen Inc.

Apothecon, Inc.

Astrazeneca Pharmaceuticals L.P.

Astrazeneca US

Aventis Behring L.L.C.

Aventis Pharmaceuticals Inc.

Baxter Healthcare Corporation

Baxter International Inc.

Bayer Corp.

Bedford Laboratories

Ben Venue Laboratories Inc.

Boehringer Ingelheim Corp.

Bristol-Myers Squibb Company

B. Braun of America, Inc.

Centocor, Inc.

Dey, Inc.

Fujisawa Healthcare, Inc.

Fujisawa USA, Inc.

Gensia, Inc.

Gensia Sicor Pharmaceuticals, Inc.

GlaxoWellcome, Inc.

GlaxoSmithKline, P.L.C.

Hoechst Marion Roussel, Inc.

Immunex Corp.

Janssen Pharmaceutica Products, L.P.

Johnson & Johnson

McNeil-PPC, Inc.

Novartis Pharmaceuticals Corp.

Oncology Therapeutics Network Corp.

Ortho Biotech

Pfizer, Inc.

Pharmacia Corp.

Pharmacia & Upjohn, Inc.

Schering-Plough Corp.

Sicor, Inc.

SmithKline Beecham Corp.

TAP Pharmaceutical Products, Inc.

Warrick Pharmaceuticals Corp.

Watson Pharmaceuticals, Inc.

Zeneca, Inc..

## EXHIBIT B

## ALL DRUGS LISTED BELOW ARE SUBJECT TO THESE DISCOVERY REQUESTS

| Drug Name |
| --- |
| Acetylcyst |
| Acyclovir |
| A-Methapred |
| Amikacin |
| Amikacin Sul |
| Aminosyn |
| Biaxin |
| Calcijex |
| Cimetidine |
| Clindamycin |
| Depakote |
| Depakote SPR |
| Dextrose |
| Dextrose w/ Sodium Chloride |
| Diazepam |
| Ery-Tab |
| Erythromycin Cap |
| Erythromycin Tab BS |
| Fentanyl CIT |
| Furosemide |
| Gentamicin |
| Heparin Lock |
| Leucovor CA |
| Lorazepam |
| Prevacid CAP |
| Prevacid GRA |
| Sod Chloride |
| Sodium Chloride SOL |
| Tobra/Nacl |
| Tobramycin |
| Vancomycin |
| |
| Beconase AQ SPR |
| Flonase SPR |
| Serevent AER |
| Serevent AER INS |
| Serevent AER RF |
| Serevent DIS MIS |
| |
| Aranesp |

| Drug Name |
| --- |
| Enbrel |
| Epogen |
| Kineret |
| Neulasta |
| Neupogen |
| |
| Accolate |
| Arimidex |
| Casodex |
| Diprivan |
| Nolvadex |
| Seroquel |
| Zestril |
| Zoladex |
| Zomig |
| Zomig ZMT |
| Atacand |
| Atacand HCT |
| Entocort EC |
| Nexium |
| Prilosec |
| Pulmicort INH |
| Pulmicort SUS |
| Rhinocort AER |
| Rhinocort SUS |
| Toprol XL |
| |
| Allegra |
| Allegra-D |
| Amaryl |
| Anzemet |
| Arava |
| Azmacourt |
| Calcimar |
| Carafate |
| Cardizem CAP |
| Cardizem INJ |
| Cardizem TAB |
| Gammar PIV |
| Gammar-P IV |
| Intal |
| Intal INH |
| Nasacort |
| Nasacort AQ |

| Drug Name |
| --- |
| Taxotere |
| Trental |
| |
| Dextrose |
| Dextrose FL CONT |
| Dextrose NACL |
| Dextrose SOL LR |
| Heparin SOD/D5W |
| Heparin SOD/NACL |
| Sodium Chloride |
| Sodium Chloride SOL IRR |
| |
| Aggrastat |
| Ativan |
| Bebulin VH |
| Brevibloc |
| Brevibloc SOL |
| Buminate |
| Cisplatin |
| Claforan/D5W |
| Dextrose |
| Dextrose PGBK |
| Doxorubicin |
| Gammagard SD |
| Gentam/NACL |
| Gentran 40 |
| Gentran 75 |
| Gentran/Trav |
| Heparin Lock |
| Iveegam |
| Iveegam EN |
| Osmitrol |
| Osmitrol VFX |
| Recombinate |
| Sod Chloride |
| Sodium Chlor Sol |
| Travasol |
| Travasol w/Dextrose |
| Vancocin HCL |
| Vancocin/DEX |
| |
| Cipro |
| Cipro Cystit Tab |
| Cipro I.V. |

| Drug Name |
| --- |
| Cipro XR |
| DTIC-DOME |
| Gamimune N |
| Koate-HP |
| Kogenate |
| Kogenate FS SOL |
| Mithracin |
|  |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Etoposide |
| Leucovorin Calcium |
|  |
| Paraplatin |
| Blenoxane |
| Cytoxan |
| Etopophos |
| Rubex |
| Taxol |
| Vepesid |
| Videx EC |
| Avapro |
| Buspar |
| Cefzil |
| Glucophage |
| Clucovance |
| Monopril |
| Plavix |
| Serzone |
| Tequin |
| Coumadin |
|  |
| Amikacin Sulfate |
| Amphotercin B |
|  |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Doxorubicin HCL |
| Etoposide |
| Leucovor CA |
| Leucovor CA TAB |
| Lecovorin Calcium 50 MG |

| Drug Name |
|---|
| Methotrexate |
| Methotrexate Sodium |
| Mitomycin |
| Vinblastine Sulfate |
|  |
| Amerge |
| Imitrex |
| Imitrex KIT |
| Imitrex SPR |
| Imitrex TAB |
| Zofran SOL |
| Zofran TAB |
| Zofran ODT |
|  |
| Acetylcysteine |
| Albuterol AER |
| Albuterol NEB |
| Cromolyn SOD NEB |
| Ipratropium SOL INHAL |
| Metaproteren NEB |
|  |
| Aristocort |
| Aristocort TAB |
| Aristocort A CRE |
| Aristocort A OIN |
| Aristospan |
| Cefizox |
| Cefizox/D5W |
| Cyclocort CRE |
| Cyclocort LOT |
| Cyclocort OIN |
| Lyphosin |
| Nebupent or Pentam 300 |
| Prograf CAP |
| Prograf |
| Vinblastine Sulfate |
| Acyclovir Sodium |
| Dexamethasone Sodium Phosphate |
| Doxorubicin Hydrochloride |
| Fluorouracil |
| Gentamicin Sulfate |
|  |
| Amikacin Sulfate |
| Amphotercin B |

WBA - SR360/0066 - 175881 v1

372482 -

| Drug Name |
| --- |
| Etoposide |
| Leucovorin Calcium |
| |
| Advair Disku MIS |
| Agenerase CAP |
| Agenerase SOL |
| Alkeran |
| Alkeran TAB |
| Ceftin SUS |
| Ceftin TAB |
| Combivir TAB |
| Daraprim TAB |
| Epivir SOL |
| Epivir TAB |
| Epivir HBV SOL |
| Epivir HBV TAB |
| Flovent AER |
| Flovent ROTA AER |
| Imitrex |
| Kytril |
| Kytril TAB |
| Lamictal CHW |
| Lamictal TAB |
| Lanoxin TAB |
| Lanoxin PED ELX |
| Leukeran TAB |
| Mepron SUS |
| Myleran TAB |
| Navelbine INJ |
| Paxil SUS |
| Paxil TAB |
| Paxil CR TAB |
| Purinethol TAB |
| Relenza MIS DISKHALE |
| Retrovir CAP |
| Retrovir |
| Retrovir SYP |
| Retrovir TAB |
| Thioguanine TAB |
| Trizivir TAB |
| Valtrex TAB |
| Ventolin HFA AER |
| Wellbutrin TAB |
| Zantac TAB |

| Drug Name |
| --- |
| Ziagen SOL |
| Ziagen TAB |
| Zofran TAB |
| Zovirax CAP |
| Zovirax |
| Zovirax SUS |
| Zovirax TAB |
| Zyban TAB |
| |
| Leucovorin CA |
| Leucovorin CA TAB |
| Leukine |
| Methotrexate |
| Novatrone |
| Thioplex |
| |
| Remicade |
| Aciphex TAB |
| Duragesic DIS |
| Reminyl SOL |
| Reminyl TAB |
| Risperdal SOL |
| Risperdal TAB |
| Sporanox CAP |
| Sporanox CAP PULSEPAK |
| Bicitra SOL |
| Elmiron CAP |
| Haldol |
| Haldol Decan |
| Levaquin TAB |
| Mycelex TRO |
| Pancrease CAP |
| Pancrease MT CAP |
| Parafon Fort TAB DSC |
| Polycitra SYP |
| Polycitra-K POW CRYSTALS |
| Polycitra-K SOL |
| Polycitra-LC SOL |
| Regranex GEL |
| Testoderm DIS |
| Tolectin TAB |
| Tolectin DS CAP |
| Topamax CAP |
| Topamax TAB |

| Drug Name |
|---|
| Tylenol/Cod TAB |
| Tylox CAP |
| Ultracet TAB |
| Ultram TAM |
| Urispas TAB |
| Vascor TAB |
| Flexeril TAB |
| |
| Clozaril TAB |
| Combipatch DIS |
| Comtan TAB |
| Diovan |
| Diovan HCT |
| Elidel |
| Estraderm DIS |
| Exelon CAP |
| Exelon SOL |
| Famvir |
| Femara TAB |
| Focalin |
| Lamisil SPR |
| Lamisil TAB |
| Lamprene CAP |
| Lescol CAP |
| Lescol XL TAB |
| Lotensin TAB |
| Lotensin HCT TAB |
| Lotrel CAP |
| Miacalcin INJ |
| Miacalcin SPR |
| Parlodel CAP |
| Parlodel TAB |
| Rescula |
| Ritalin TAB |
| Ritalin LA CAP |
| Starlix TAB |
| Tegretol CHW |
| Tegretol SUS |
| Tegretol TAB |
| Tegretol XR TAB |
| Trileptal TAB |
| Vivelle DIS |
| Vivelle-DOT DIS |
| Voltaren Opthalmic |

| Drug Name |
|---|
| Zaditor |
| Zelnorm |
| |
| Floxin TAB |
| Terazol 3 CRE |
| Terazol 3 SUP |
| Terazol 7 CRE |
| Procrit INJ |
| Erycette PAD |
| Grifulvin V SUS |
| Grifulvin V TAB |
| Monistat CRE DERM |
| Renova CRE |
| Retin-A CRE |
| Retin-A GEL |
| Retin-A CRE LIQ |
| Retin-A MICR GEL |
| Spectazole CRE |
| |
| Accupril TAB |
| Accuretic TAB |
| Cardura TAB |
| Celontin CAP |
| Dilantin CAP |
| Dilantin CHW |
| Dilantin-125 SUS |
| Estrostep FE TAB |
| Femhrt 1/5 TAB |
| Lipitor TAB |
| Lopid TAB |
| Minizide CAP |
| Nardil TAB |
| Neurontin CAP |
| Neurontin SOL |
| Neurontin TAB |
| Nitrostat SUB |
| Renese TAB |
| Rescriptor TAB |
| Viracept POW |
| Viracept TAB |
| Zarontin CAP |
| Zarontin SYP |
| Zithromax |
| Zithromax POW |

| Drug Name |
|---|
| Zithromax SUS |
| Zithromax TAB |
| Zithromax TAB TRI-PAK |
| Zithromax TAB Z-PAK |
| Zoloft CON |
| Zoloft TAB |
| Zyrtec SYP |
| Zyrtec TAB |
| |
| Adriamyc PFS INJ |
| Adriamyc RDF INJ |
| Adrucil INJ |
| Amphocin INJ |
| Amphotercin B |
| Bleomycin Sulfate |
| Celebrex CAP |
| Cleocin-T GEL |
| Cleocin-T LOT |
| Cleocin-T PAD |
| Cleocin-T SOL |
| Cytarabine (Cytosar-U) |
| Depo-Testost INJ |
| Etoposide |
| Neosar INJ |
| Solu-Cortef INJ |
| Solu-Medrol INJ |
| ToposarINJ |
| Vincasar PFS INJ |
| |
| Cellcept CAP |
| Cellcept SUS |
| Cellcept TAB |
| Cellcept IV INJ |
| Kytril INJ |
| Kytril SOL |
| Kytril TAB |
| |
| Clarinex TAB |
| Claritin SYP |
| Claritin TAB |
| Claritin TAB REDITABS |
| Claritin-D TAB |
| Diprolene GEL |
| Diprolene LOT |

| Drug Name |
| --- |
| Diprolene OIN |
| Diprolene AF CRE |
| Diprosone AER |
| Diprosone CRE |
| Elocon CRE |
| Elocon LOT |
| Elocon OIN |
| Eulexin CAP |
| Integrilin INJ |
| Intron-A INJ |
| Intron-A INJ PEN |
| Intron-A KIT |
| Lotrisone LOT |
| Nasonex SPR |
| Peg-Intron KIT |
| Proventil AER |
| Proventil NEB |
| Rebetol CAP |
| Temodar CAP |
| Trinalin Rep TAB CR |
| Vanceril |
| |
| Albuterol |
| Clotrimazole |
| Griseofulvin, Ultramicrocry |
| ISMN |
| Oxaprozin |
| Perphenazine |
| Potassium Chloride |
| Sodium Chloride |
| Sulcrafate Tablets |
| Theophylline |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Doxorubicin HCL |
| Etoposide |
| Leucovorin Calcium |
| Pentamidine Isethionate |
| Tobramycin Sulfate |
| |
| Prevacid |
| |
| Dexamethasone Acetate |

| Drug Name |
|---|
| Dexamethasone Sodium Phospate |
| Diazepam TAB |
| Diazepam CI-V |
| Estradiol TAB |
| Ferrlecit SOL |
| Fluphenazine HCL |
| Gemfibrozil |
| Gentamicin Sulfate |
| Imipramine HCL |
| Infed |
| Lorazepam TAB |
| Nadolol |
| Perphenazine |
| Propranolol TAB |
| Ranitidine TAB |
| Vancomycin HCL |
| Verapamil HCL |

## CERTIFICATE OF SERVICE

I, Mark D. Godler, hereby certify that on November 14, 2005, I have caused a true

and correct copy of the foregoing subpoena to SBC Communications; Southwest Airlines;

Mandalay Bay Resort & Casino; MGM Grand Hotel and Casino; and The Mirage Casino and

Hotel to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of the

Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification to

all parties.

Date:   New York, New York
        November 14, 2005

*Mark D. Godler*

Mark D. Godler

31177000.DOC



LEXISNEXIS® FILE & SERVE
7429753
E-SERVICE
Nov 14 2005
6:47PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE  LITIGATION

MDL No. 1456

Civil Action: 01-CV-12257-PBS

THIS DOCUMENT RELATES TO:

Judge Patti B. Saris

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

## NOTICE OF SUBPOENAS

TO:  ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Novartis Pharmaceuticals Company, by its attorneys, on behalf of

themselves and all defendants in the above captioned case, has served the attached subpoenas

upon (i) Southwest Airlines; (ii) SBC Communications; (iii) Mandalay Bay Resort & Casino;

(iv) MGM Grand Hotel and Casino; and (v) The Mirage Casino and Hotel for production of the

documents described in Schedule A to the subpoenas on December 12, 2005.

Dated: New York, New York
November 14, 2005

KAYE SCHOLER, LLP

By: *Mark D. Godler*
      Mark D. Godler
      Samuel N. Lonergan
425 Park Avenue
New York, New York 10022
(212) 836-8000
*Attorneys for Defendant*
*Novartis Pharmaceuticals Company*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_____ DISTRICT OF NEVADA _____

In re:  PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE  LITIGATION

THIS DOCUMENT RELATES TO:

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

**SUBPOENA IN A CIVIL CASE**

MDL No. 1456

Civil Action No. 01-CV-12257-PBS
Judge Patti B. Saris
(Case Pending in United States District Court, District of
Massachusetts)

TO:  MGM Grand Hotel and Casino
(owned by MGM Mirage)
Agent:  Corporation Trust Company of
Nevada
6100 Neil Road, Suite 500
Reno, Nevada  89511

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above(list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Molezzo Reporters 9460 Double R Blvd., #103 Reno, Nevada | December 12, 2005 11:00 a.m. |

☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_ POR: | NOV 14, 2005 |

Kelly A. Evans, Esq., 3800 Howard Hughes Parkway, Suite 1000 Las Vegas, Nevada 89109 Attorney for Novartis Pharmaceuticals

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

By its counsel, Novartis Pharmaceuticals Corporation, requests, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that **MGM Grand Hotel and Casino** produce the documents responsive to the requests listed below:

## DEFINITIONS

1.     "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

2.     "ASP" means average sales price.

3.     "AWP" or "Average Wholesale Price" means the benchmark price for drugs as periodically published by one or more pharmaceuticals industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

4.     "Auditor" means any independent entity that provides an independent, third-party audit review of any aspect of medical coverage or services provided by any health plan or health and welfare fund to any of its participants or beneficiaries.

5.     "Benefit Consultant" means any person or entity that provides information, counsel, or advice to any health plan or health and welfare fund regarding any medical benefit or service provided by any health plan or health and welfare fund to any participant or beneficiary.

6.     "Best Price" shall have the meaning ascribed to that term pursuant to 42 U.S.C. § 1396r-8(c)(1)(C).

7.      "Communication" means any form of information transmittal, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings and other similar forms of communication or correspondence.

8.      "Concern" and "concerning" mean directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing, or evaluating.

9.      "Copy" or "copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

10.      "Defendants" means the Defendants identified in the Amended Complaint filed by the State on August 1, 2003 in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL NO. 1456, Civil Action No. 01-CV-12257-PBS, relating to *State of Nevada v. Am. Home Prods., Inc. et al.*, CA NO. 02-CV-12086-PBS (Nevada II), in the United States District Court for the District of Massachusetts, and the Amended Complaint filed by the State on October 31, 2003 in *State of Nevada v. Abbott Laboratories, Inc. et al.*, CA NO. CV-02-00260-ECR (Nevada I), in the Washoe County District Court.  See Exhibit A for a complete list of Defendants.

11.      "Document" shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not

limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter in Your possession, custody or control, including, all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as originally typed, written, or otherwise prepared.

12.   "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

13.   The terms "Health Care Financing Administration" ("HCFA") and "Centers for Medicare and Medicaid Services" ("CMS") shall mean and refer to the division for the United States Health and Human Services directly responsible for the administration of the Medicare and Medicaid programs.

14.   "Identify" means, with respect to a natural person, to state all of the following information:

   (a)   His or her full name, any nickname or alias; and

   (b)   His or her present residence and business address, and if not known, his or her last known addresses and the last known dates thereof.

15.   "Independent Practice Association" means any organized group of providers whose members provide health care to any participant and/or beneficiary.

16.    "MAC" means Maximum Allowable Cost and includes the meaning ascribed to that term pursuant to 42 C.F.R. § 442.332.

17.    "Mail order pharmacy" means an entity that resells drugs exclusively by mail to any participant and/or beneficiary.

18.    "Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, the subject drugs (as defined below).

19.    "PBM" or "pharmacy benefit manager" means any organization that provide administrative services in analyzing and processing prescription claims for pharmacy benefit and coverage programs, and that may establish payment levels for providers and negotiate rebates for the manufacturer.

20.    The terms "participant" and "beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

21.    "Person" means any natural person or any business, legal, or governmental entity or association.

22.    "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

23.    "Provider" means any non-government entity or program that reimburses any participant or beneficiary for drugs or health care services, including, but not limited to pharmacies, specialty pharmacies, physicians, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, union, and welfare and benefit funds; or any person to whom You or any other entity provides reimbursement for drugs dispensed to a participant or beneficiary.

24.     "Publisher" means any pharmaceutical data publishing service, including but not limited to the Drug Topics Red Book ("Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First Data Bank"), Essential Directory of Pharmaceuticals ("Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

25.     "State" refers collectively to the State of Nevada, any state office, agency, or body, including but not limited to the Office of the Attorney General, Medicaid Fraud Control Unit, the Office of the Inspector General, the Department of Public Health and Human Services, the Medicaid Program, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

26.     "Subject drug" or "subject drugs" means one or more of drugs listed on Exhibit B hereto.

27.     "Third party administrator" means any entity that provides administrative services to any health plan, health and welfare fund, or self-insured employers concerning any medical benefit provided to any participant or beneficiary.

28.     "WAC" means wholesale acquisition cost or the list prices for sales by manufacturers to wholesalers.

29.     "Wholesaler" means any entity that purchases subject drugs from a manufacturer and resells such drugs to any other entity.

30.     "You" or "Your" means **MGM Grand Hotel and Casino** and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys,

employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

## INSTRUCTIONS

1.      Unless otherwise specifically stated, the requests below refer to the time period from January 1, 1991 to the present.

2.      The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope; and the terms "each," "any" and "all" mean "each and every."

4.      Each request for production of documents extends to all documents in the possession, custody, or control of You or anyone acting on Your behalf. A document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.

5.      If production is requested of a document that is no longer in Your possession, custody, or control, Your response should state when the document was most recently in Your possession, custody, or control, how the document was disposed of, and the

identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

6.      Provide the following information for each document withheld on the grounds of privilege:

      (a)      its date;

      (b)      its title;

      (c)      its author;

      (d)      its addressee(s);

      (e)      the specific privilege under which it is withheld;

      (f)      its general subject matter; and

      (g)      a description of it that You contend is adequate to support Your contention that it is privileged.

7.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

8.      The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the request number to which the documents are responsive.

9.      To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which You object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications with the State, including counsel for the State, concerning reimbursement, payment or prices of any subject drug.

2.      All documents concerning or reflecting any definition or meaning of AWP.

3.      All documents concerning or reflecting any definition or meaning of WAC.

4.      All documents that reflect, discuss, memorialize, or otherwise concern Your setting of reimbursement or payment rates in the State for any subject drug.

5.      All documents and data that You or someone acting on Your behalf relied upon in setting reimbursement or payment rates in the State for any subject drug.

6.      All minutes from meetings where reimbursement or payment for subject drugs in the State was discussed, including meetings where the setting of reimbursement or payment rates was discussed.

7.      All documents concerning or reflecting the costs to providers of any subject drug in the State.

8.      All documents concerning or reflecting the amounts You reimburse providers for any subject drug in the State.

9.      All documents concerning or reflecting any difference between the costs to providers of any subject drug and the amounts You reimburse providers for such subject drug in the State.

10.     All documents concerning or reflecting Your awareness that the costs to providers of subject drugs are different from the amounts You reimburse providers for subject drugs in the State.

11.    All transaction records maintained in a database or other electronic format concerning amounts reimbursed or paid by You for subject drugs in the State.

12.    All transaction records maintained in a database or other electronic format concerning rebates or discounts received by You for subject drugs in the State.

13.    All documents concerning Your claims processing policies and procedures.

14.    All documents reflecting any payments made by You that were based in whole or in part on the AWP of any subject drug in the State.

15.    All documents reflecting any payments made by You that were based in whole or in part on a reimbursement benchmark other than AWP for any subject drug in the State.

16.    All documents concerning any communications between You and providers concerning reimbursement, payment or prices of any subject drug in the State.

17.    All documents concerning any requests by You for any information concerning the prices, costs, or reimbursement for subject drugs in the State, including but not limited to contracts, memoranda of understanding, agreements, provider contracts, or communications concerning the calculation, monitoring, tracking, processing, or payment of claims for subject drugs in the State.

18.    All documents concerning Your decision to rely on, reliance on, or use of drug pricing information published by any publisher for any subject drug in the State.

19.    All documents created by or received from any publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between You and any publisher regarding any subject drug in the State.

20.     All documents concerning or referring to any difference between an AWP, or any other reimbursement benchmark, and an actual payment by You or anyone else for any subject drug in the State.

21.     To the extent not otherwise produced, all documents concerning AWP, AMP, WAC, MAC (including, but not limited to, all MAC lists), EAC, Best Price or any other drug pricing, payment or reimbursement information for any subject drug.

22.     All documents concerning Your potential or actual contractual relationships with PBMs, third party administrators, benefit consultants, auditors, wholesalers, manufacturers, insurers, independent practice associations, retailers, mail order pharmacies, providers, trade associations, or lobbyists, insofar as they cover reimbursement, purchasing, or expenditures of subject drugs in the State, including but not limited to, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal, invoices, evidence of payments, performance reports, presentations, rebates, audit reports, drug cost models, annual client reviews and correspondence.

23.     Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs, third party administrators, benefit consultants, auditors, wholesalers, manufacturers, independent practice associations or providers insofar as they cover any subject drug in the State.

24.     All documents concerning any profit or loss or expenditure analysis You have performed or received concerning Your reimbursement or payment for any subject drug in the State.

25.     All documents concerning any internal or external, formal or informal, investigations, studies, research, comparisons, assessments, analyses, reviews or audits regarding

drug pricing or reimbursement or payment amounts or rates for any subject drug in the State, including but not limited to audits of You, vendors, providers or third party administrators, as well as any documents concerning any actions taken or considered by You in response to or following such investigations, etc., and documents concerning any consideration of the effect of such reimbursement amounts or rates on beneficiary access.

26.    All documents concerning any communications with any state or federal government entity made by You or on Your behalf that refer to or concern AWP.

27.    All documents created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal or state institution, agency, department, or office concerning prices, costs, or reimbursement for pharmaceutical products.

28.    All documents provided to CMS, United States Department of Health and Human Services, the Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal or state institution, agency, department, or office regarding the pricing of any subject drug in the State.

29.    All documents produced by You in any litigation, government investigation or inquiry concerning the use of AWP in Medicare, Medicaid or private reimbursement.

30.    All documents concerning any communications with PBMs, third party administrators, benefits consultants, auditors, wholesalers, manufacturers, independent practice associations, mail order pharmacies or providers concerning AWP, or the limiting, containing or controlling costs of prescription drugs or the reimbursement for subject drugs in the State.

31.    All documents concerning any communications with any trade group, trade association or trade organization, including but not limited to, the Human Resources Policy

Association, the Self-Insurance Institute of America, Inc., or the International Foundation of Employee Benefit Plans, concerning AWP, the limiting, containing or controlling costs of prescription drugs or the reimbursement for subject drugs in the State.

32.    All documents concerning any communications with any other person or entity concerning AWP, the limiting, containing or controlling the cost of prescription drugs or the reimbursement for subject drugs in the State.

33.    All documents, including correspondence, that report, discuss, or evaluate the existence and magnitude of undisclosed discounts or rebates from manufacturers.

34.    All documents concerning the profitability of a person in the pharmaceutical distribution chain, including, but not limited to, manufacturers, wholesalers, distributors, PBMs, insurers, third party administrators, independent practice associations, and providers.

35.    All documents concerning Your use of pharmacy benefit consultants.

36.    All documents concerning Your use of pharmacy benefit managers.

37.    All documents consisting of, referring or concerning requests for proposal and responses to requests for proposal requested from or submitted by any PBM or third party administrator for any subject drug in the State.

38.    All documents that analyze, predict, or compare the financial consequences of self-insuring versus insuring through a third party.

39.    All rebate reports received from any PBM or third party administrator for any subject drug in the State.

40.    All utilization reports received from any PBM or third party administrator for any subject drug in the State .

41.     All documents concerning any legislative or administrative efforts to alter or change pharmaceutical reimbursement.

42.     All current and historical organizational charts or similar document(s) that identify Your employees involved or in any way responsible for the administration or oversight of Your prescription drug reimbursement program in the State, including but not limited to all directors or similar officials.

## EXHIBIT A

Abbott Laboratories Inc.

Amgen Inc.

Apothecon, Inc.

Astrazeneca Pharmaceuticals L.P.

Astrazeneca US

Aventis Behring L.L.C.

Aventis Pharmaceuticals Inc.

Baxter Healthcare Corporation

Baxter International Inc.

Bayer Corp.

Bedford Laboratories

Ben Venue Laboratories Inc.

Boehringer Ingelheim Corp.

Bristol-Myers Squibb Company

B. Braun of America, Inc.

Centocor, Inc.

Dey, Inc.

Fujisawa Healthcare, Inc.

Fujisawa USA, Inc.

Gensia, Inc.

Gensia Sicor Pharmaceuticals, Inc.

GlaxoWellcome, Inc.

GlaxoSmithKline, P.L.C.

Hoechst Marion Roussel, Inc.

Immunex Corp.

Janssen Pharmaceutica Products, L.P.

Johnson & Johnson

McNeil-PPC, Inc.

Novartis Pharmaceuticals Corp.

Oncology Therapeutics Network Corp.

Ortho Biotech

Pfizer, Inc.

Pharmacia Corp.

Pharmacia & Upjohn, Inc.

Schering-Plough Corp.

Sicor, Inc.

SmithKline Beecham Corp.

TAP Pharmaceutical Products, Inc.

Warrick Pharmaceuticals Corp.

Watson Pharmaceuticals, Inc.

Zeneca, Inc..

# EXHIBIT B

## ALL DRUGS LISTED BELOW ARE SUBJECT TO THESE DISCOVERY REQUESTS

| Drug Name |
| --- |
| Acetylcyst |
| Acyclovir |
| A-Methapred |
| Amikacin |
| Amikacin Sul |
| Aminosyn |
| Biaxin |
| Calcijex |
| Cimetidine |
| Clindamycin |
| Depakote |
| Depakote SPR |
| Dextrose |
| Dextrose w/ Sodium Chloride |
| Diazepam |
| Ery-Tab |
| Erythromycin Cap |
| Erythromycin Tab BS |
| Fentanyl CIT |
| Furosemide |
| Gentamicin |
| Heparin Lock |
| Leucovor CA |
| Lorazepam |
| Prevacid CAP |
| Prevacid GRA |
| Sod Chloride |
| Sodium Chloride SOL |
| Tobra/Nacl |
| Tobramycin |
| Vancomycin |
| |
| Beconase AQ SPR |
| Flonase SPR |
| Serevent AER |
| Serevent AER INS |
| Serevent AER RF |
| Serevent DIS MIS |
| |
| Aranesp |

| Drug Name |
|---|
| Enbrel |
| Epogen |
| Kineret |
| Neulasta |
| Neupogen |
| |
| Accolate |
| Arimidex |
| Casodex |
| Diprivan |
| Nolvadex |
| Seroquel |
| Zestril |
| Zoladex |
| Zomig |
| Zomig ZMT |
| Atacand |
| Atacand HCT |
| Entocort EC |
| Nexium |
| Prilosec |
| Pulmicort INH |
| Pulmicort SUS |
| Rhinocort AER |
| Rhinocort SUS |
| Toprol XL |
| |
| Allegra |
| Allegra-D |
| Amaryl |
| Anzemet |
| Arava |
| Azmacourt |
| Calcimar |
| Carafate |
| Cardizem CAP |
| Cardizem INJ |
| Cardizem TAB |
| Gammar PIV |
| Gammar-P IV |
| Intal |
| Intal INH |
| Nasacort |
| Nasacort AQ |

WBA - 58360/0066 - 175881 v1

| Drug Name |
|---|
| Taxotere |
| Trental |
|  |
| Dextrose |
| Dextrose FL CONT |
| Dextrose NACL |
| Dextrose SOL LR |
| Heparin SOD/D5W |
| Heparin SOD/NACL |
| Sodium Chloride |
| Sodium Chloride SOL IRR |
|  |
| Aggrastat |
| Ativan |
| Bebulin VH |
| Brevibloc |
| Brevibloc SOL |
| Buminate |
| Cisplatin |
| Claforan/D5W |
| Dextrose |
| Dextrose PGBK |
| Doxorubicin |
| Gammagard SD |
| Gentam/NACL |
| Gentran 40 |
| Gentran 75 |
| Gentran/Trav |
| Heparin Lock |
| Iveegam |
| Iveegam EN |
| Osmitrol |
| Osmitrol VFX |
| Recombinate |
| Sod Chloride |
| Sodium Chlor Sol |
| Travasol |
| Travasol w/Dextrose |
| Vancocin HCL |
| Vancocin/DEX |
|  |
| Cipro |
| Cipro Cystit Tab |
| Cipro I.V. |

| Drug Name |
|---|
| Cipro XR |
| DTIC-DOME |
| Gamimune N |
| Koate-HP |
| Kogenate |
| Kogenate FS SOL |
| Mithracin |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Etoposide |
| Leucovorin Calcium |
| |
| Paraplatin |
| Blenoxane |
| Cytoxan |
| Etopophos |
| Rubex |
| Taxol |
| Vepesid |
| Videx EC |
| Avapro |
| Buspar |
| Cefzil |
| Glucophage |
| Clucovance |
| Monopril |
| Plavix |
| Serzone |
| Tequin |
| Coumadin |
| |
| Amikacin Sulfate |
| Amphotercin B |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Doxorubicin HCL |
| Etoposide |
| Leucovor CA |
| Leucovor CA TAB |
| Lecovorin Calcium 50 MG |

| Drug Name |
| --- |
| Methotrexate |
| Methotrexate Sodium |
| Mitomycin |
| Vinblastine Sulfate |
| |
| Amerge |
| Imitrex |
| Imitrex KIT |
| Imitrex SPR |
| Imitrex TAB |
| Zofran SOL |
| Zofran TAB |
| Zofran ODT |
| |
| Acetylcysteine |
| Albuterol AER |
| Albuterol NEB |
| Cromolyn SOD NEB |
| Ipratropium SOL INHAL |
| Metaproteren NEB |
| |
| Aristocort |
| Aristocort TAB |
| Aristocort A CRE |
| Aristocort A OIN |
| Aristospan |
| Cefizox |
| Cefizox/D5W |
| Cyclocort CRE |
| Cyclocort LOT |
| Cyclocort OIN |
| Lyphosin |
| Nebupent or Pentam 300 |
| Prograf CAP |
| Prograf |
| Vinblastine Sulfate |
| Acyclovir Sodium |
| Dexamethasone Sodium Phosphate |
| Doxorubicin Hydrochloride |
| Fluorouracil |
| Gentamicin Sulfate |
| |
| Amikacin Sulfate |
| Amphotercin B |

\\BA - 58360/0066 - 175881 v1

372482 ~

| Drug Name |
|---|
| Etoposide |
| Leucovorin Calcium |
| |
| Advair Disku MIS |
| Agenerase CAP |
| Agenerase SOL |
| Alkeran |
| Alkeran TAB |
| Ceftin SUS |
| Ceftin TAB |
| Combivir TAB |
| Daraprim TAB |
| Epivir SOL |
| Epivir TAB |
| Epivir HBV SOL |
| Epivir HBV TAB |
| Flovent AER |
| Flovent ROTA AER |
| Imitrex |
| Kytril |
| Kytril TAB |
| Lamictal CHW |
| Lamictal TAB |
| Lanoxin TAB |
| Lanoxin PED ELX |
| Leukeran TAB |
| Mepron SUS |
| Myleran TAB |
| Navelbine INJ |
| Paxil SUS |
| Paxil TAB |
| Paxil CR TAB |
| Purinethol TAB |
| Relenza MIS DISKHALE |
| Retrovir CAP |
| Retrovir |
| Retrovir SYP |
| Retrovir TAB |
| Thioguanine TAB |
| Trizivir TAB |
| Valtrex TAB |
| Ventolin HFA AER |
| Wellbutrin TAB |
| Zantac TAB |

| Drug Name |
|---|
| Ziagen SOL |
| Ziagen TAB |
| Zofran TAB |
| Zovirax CAP |
| Zovirax |
| Zovirax SUS |
| Zovirax TAB |
| Zyban TAB |
|  |
| Leucovorin CA |
| Leucovorin CA TAB |
| Leukine |
| Methotrexate |
| Novatrone |
| Thioplex |
|  |
| Remicade |
| Aciphex TAB |
| Duragesic DIS |
| Reminyl SOL |
| Reminyl TAB |
| Risperdal SOL |
| Risperdal TAB |
| Sporanox CAP |
| Sporanox CAP PULSEPAK |
| Bicitra SOL |
| Elmiron CAP |
| Haldol |
| Haldol Decan |
| Levaquin TAB |
| Mycelex TRO |
| Pancrease CAP |
| Pancrease MT CAP |
| Parafon Fort TAB DSC |
| Polycitra SYP |
| Polycitra-K POW CRYSTALS |
| Polycitra-K SOL |
| Polycitra-LC SOL |
| Regranex GEL |
| Testoderm DIS |
| Tolectin TAB |
| Tolectin DS CAP |
| Topamax CAP |
| Topamax TAB |

| Drug Name |
| --- |
| Tylenol/Cod TAB |
| Tylox CAP |
| Ultracet TAB |
| Ultram TAM |
| Urispas TAB |
| Vascor TAB |
| Flexeril TAB |
|  |
| Clozaril TAB |
| Combipatch DIS |
| Comtan TAB |
| Diovan |
| Diovan HCT |
| Elidel |
| Estraderm DIS |
| Exelon CAP |
| Exelon SOL |
| Famvir |
| Femara TAB |
| Focalin |
| Lamisil SPR |
| Lamisil TAB |
| Lamprene CAP |
| Lescol CAP |
| Lescol XL TAB |
| Lotensin TAB |
| Lotensin HCT TAB |
| Lotrel CAP |
| Miacalcin INJ |
| Miacalcin SPR |
| Parlodel CAP |
| Parlodel TAB |
| Rescula |
| Ritalin TAB |
| Ritalin LA CAP |
| Starlix TAB |
| Tegretol CHW |
| Tegretol SUS |
| Tegretol TAB |
| Tegretol XR TAB |
| Trileptal TAB |
| Vivelle DIS |
| Vivelle-DOT DIS |
| Voltaren Opthalmic |

| Drug Name |
| --- |
| Zaditor |
| Zelnorm |
| |
| Floxin TAB |
| Terazol 3 CRE |
| Terazol 3 SUP |
| Terazol 7 CRE |
| Procrit INJ |
| Erycette PAD |
| Grifulvin V SUS |
| Grifulvin V TAB |
| Monistat CRE DERM |
| Renova CRE |
| Retin-A CRE |
| Retin-A GEL |
| Retin-A CRE LIQ |
| Retin-A MICR GEL |
| Spectazole CRE |
| |
| Accupril TAB |
| Accuretic TAB |
| Cardura TAB |
| Celontin CAP |
| Dilantin CAP |
| Dilantin CHW |
| Dilantin-125 SUS |
| Estrostep FE TAB |
| Femhrt 1/5 TAB |
| Lipitor TAB |
| Lopid TAB |
| Minizide CAP |
| Nardil TAB |
| Neurontin CAP |
| Neurontin SOL |
| Neurontin TAB |
| Nitrostat SUB |
| Renese TAB |
| Rescriptor TAB |
| Viracept POW |
| Viracept TAB |
| Zarontin CAP |
| Zarontin SYP |
| Zithromax |
| Zithromax POW |

GBA - 58360/0066 - 175881 v1

372482 -

| Drug Name |
| --- |
| Zithromax SUS |
| Zithromax TAB |
| Zithromax TAB TRI-PAK |
| Zithromax TAB Z-PAK |
| Zoloft CON |
| Zoloft TAB |
| Zyrtec SYP |
| Zyrtec TAB |
| |
| Adriamyc PFS INJ |
| Adriamyc RDF INJ |
| Adrucil INJ |
| Amphocin INJ |
| Amphotercin B |
| Bleomycin Sulfate |
| Celebrex CAP |
| Cleocin-T GEL |
| Cleocin-T LOT |
| Cleocin-T PAD |
| Cleocin-T SOL |
| Cytarabine (Cytosar-U) |
| Depo-Testost INJ |
| Etoposide |
| Neosar INJ |
| Solu-Cortef INJ |
| Solu-Medrol INJ |
| ToposarINJ |
| Vincasar PFS INJ |
| |
| Cellcept CAP |
| Cellcept SUS |
| Cellcept TAB |
| Cellcept IV INJ |
| Kytril INJ |
| Kytril SOL |
| Kytril TAB |
| |
| Clarinex TAB |
| Claritin SYP |
| Claritin TAB |
| Claritin TAB REDITABS |
| Claritin-D TAB |
| Diprolene GEL |
| Diprolene LOT |

W\BA – 58360/0066 – 175881 v1

372482 –

| Drug Name |
| --- |
| Diprolene OIN |
| Diprolene AF CRE |
| Diprosone AER |
| Diprosone CRE |
| Elocon CRE |
| Elocon LOT |
| Elocon OIN |
| Eulexin CAP |
| Integrilin INJ |
| Intron-A INJ |
| Intron-A INJ PEN |
| Intron-A KIT |
| Lotrisone LOT |
| Nasonex SPR |
| Peg-Intron KIT |
| Proventil AER |
| Proventil NEB |
| Rebetol CAP |
| Temodar CAP |
| Trinalin Rep TAB CR |
| Vanceril |
| |
| Albuterol |
| Clotrimazole |
| Griseofulvin, Ultramicrocry |
| ISMN |
| Oxaprozin |
| Perphenazine |
| Potassium Chloride |
| Sodium Chloride |
| Sulcrafate Tablets |
| Theophylline |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Doxorubicin HCL |
| Etoposide |
| Leucovorin Calcium |
| Pentamidine Isethionate |
| Tobramycin Sulfate |
| |
| Prevacid |
| |
| Dexamethasone Acetate |

| Drug Name |
| --- |
| Dexamethasone Sodium Phospate |
| Diazepam TAB |
| Diazepam CI-V |
| Estradiol TAB |
| Ferrlecit SOL |
| Fluphenazine HCL |
| Gemfibrozil |
| Gentamicin Sulfate |
| Imipramine HCL |
| Infed |
| Lorazepam TAB |
| Nadolol |
| Perphenazine |
| Propranolol TAB |
| Ranitidine TAB |
| Vancomycin HCL |
| Verapamil HCL |

WBA - 58360/0066 - 175881 v1

372482 -



7429753

Nov 14 2005
6:47PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE  LITIGATION

MDL No. 1456

Civil Action: 01-CV-12257-PBS

THIS DOCUMENT RELATES TO:

Judge Patti B. Saris

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

## NOTICE OF SUBPOENAS

TO:  ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Novartis Pharmaceuticals Company, by its attorneys, on behalf of

themselves and all defendants in the above captioned case, has served the attached subpoenas

upon (i) Southwest Airlines; (ii) SBC Communications; (iii) Mandalay Bay Resort & Casino;

(iv) MGM Grand Hotel and Casino; and (v) The Mirage Casino and Hotel for production of the

documents described in Schedule A to the subpoenas on December 12, 2005.

Dated: New York, New York
       November 14, 2005

KAYE SCHOLER, LLP

By: *Mark D. Godler*

Mark D. Godler
Samuel N. Lonergan
425 Park Avenue
New York, New York 10022
(212) 836-8000
*Attorneys for Defendant*
*Novartis Pharmaceuticals Company*

31177000.DOC

## Issued by the
## UNITED STATES DISTRICT COURT

_____ **DISTRICT OF NEVADA** _____

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

**SUBPOENA IN A CIVIL CASE**

THIS DOCUMENT RELATES TO:

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

MDL No. 1456

Civil Action No. 01-CV-12257-PBS
Judge Patti B. Saris
(Case Pending in United States District Court, District of
Massachusetts)

TO:  The Mirage Casino and Hotel
(owned by MGM Mirage)
Agent: Corporation Trust Company of
Nevada
6100 Neil Road, Suite 500
Reno, Nevada  89511

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified above(list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Molezzo Reporters<br>9460 Double R Blvd., #103<br>Reno, Nevada | December 12, 2005<br>9:00 a.m. |

☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing
agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.
Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Susan Evans* ForN | *Nov 14, 2005* |

Kelly A. Evans, Esq., 3800 Howard Hughes Parkway, Suite 1000 Las Vegas, Nevada 89109 Attorney for Novartis Pharmaceuticals

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)