| Drug Name |
| --- |
| Flexeril TAB |
| |
| Clozaril TAB |
| Combipatch DIS |
| Comtan TAB |
| Diovan |
| Diovan HCT |
| Elidel |
| Estraderm DIS |
| Exelon CAP |
| Exelon SOL |
| Famvir |
| Femara TAB |
| Focalin |
| Lamisil SPR |
| Lamisil TAB |
| Lamprene CAP |
| Lescol CAP |
| Lescol XL TAB |
| Lotensin TAB |
| Lotensin HCT TAB |
| Lotrel CAP |
| Miacalcin INJ |
| Miacalcin SPR |
| Parlodel CAP |
| Parlodel TAB |
| Rescula |
| Ritalin TAB |
| Ritalin LA CAP |
| Starlix TAB |
| Tegretol CHW |
| Tegretol SUS |
| Tegretol TAB |
| Tegretol XR TAB |
| Trileptal TAB |
| Vivelle DIS |
| Vivelle-DOT DIS |
| Voltaren Opthalmic |
| Zaditor |
| Zelnorm |
| |
| Floxin TAB |
| Terazol 3 CRE |

| Drug Name |
| --- |
| Terazol 3 SUP |
| Terazol 7 CRE |
| Procrit INJ |
| Erycette PAD |
| Grifulvin V SUS |
| Grifulvin V TAB |
| Monistat CRE DERM |
| Renova CRE |
| Retin-A CRE |
| Retin-A GEL |
| Retin-A CRE LIQ |
| Retin-A MICR GEL |
| Spectazole CRE |
|  |
| Accupril TAB |
| Accuretic TAB |
| Cardura TAB |
| Celontin CAP |
| Dilantin CAP |
| Dilantin CHW |
| Dilantin-125 SUS |
| Estrostep FE TAB |
| Femhrt 1/5 TAB |
| Lipitor TAB |
| Lopid TAB |
| Minizide CAP |
| Nardil TAB |
| Neurontin CAP |
| Neurontin SOL |
| Neurontin TAB |
| Nitrostat SUB |
| Renese TAB |
| Rescriptor TAB |
| Viracept POW |
| Viracept TAB |
| Zarontin CAP |
| Zarontin SYP |
| Zithromax |
| Zithromax POW |
| Zithromax SUS |
| Zithromax TAB |
| Zithromax TAB TRI-PAK |
| Zithromax TAB Z-PAK |

| Drug Name |
|---|
| Zoloft CON |
| Zoloft TAB |
| Zyrtec SYP |
| Zyrtec TAB |
| |
| Adriamyc PFS INJ |
| Adriamyc RDF INJ |
| Adrucil INJ |
| Amphocin INJ |
| Amphotercin B |
| Bleomycin Sulfate |
| Celebrex CAP |
| Cleocin-T GEL |
| Cleocin-T LOT |
| Cleocin-T PAD |
| Cleocin-T SOL |
| Cytarabine (Cytosar-U) |
| Depo-Testost INJ |
| Etoposide |
| Neosar INJ |
| Solu-Cortef INJ |
| Solu-Medrol INJ |
| ToposarINJ |
| Vincasar PFS INJ |
| |
| Clarinex TAB |
| Claritin SYP |
| Claritin TAB |
| Claritin TAB REDITABS |
| Claritin-D TAB |
| Diprolene GEL |
| Diprolene LOT |
| Diprolene OIN |
| Diprolene AF CRE |
| Diprosone AER |
| Diprosone CRE |
| Elocon CRE |
| Elocon LOT |
| Elocon OIN |
| Eulexin CAP |
| Integrilin INJ |
| Intron-A INJ |
| Intron-A INJ PEN |

| Drug Name |
| --- |
| Intron-A KIT |
| Lotrisone LOT |
| Nasonex SPR |
| Peg-Intron KIT |
| Proventil AER |
| Proventil NEB |
| Rebetol CAP |
| Temodar CAP |
| Trinalin Rep TAB CR |
| Vanceril |
|  |
| Albuterol |
| Clotrimazole |
| Griseofulvin, Ultramicrocry |
| ISMN |
| Oxaprozin |
| Perphenazine |
| Potassium Chloride |
| Sodium Chloride |
| Sulcrafate Tablets |
| Theophylline |
|  |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Doxorubicin HCL |
| Etoposide |
| Leucovorin Calcium |
| Pentamidine Isethionate |
| Tobramycin Sulfate |
|  |
| Prevacid |
|  |
| Dexamethasone Acetate |
| Dexamethasone Sodium Phospate |
| Diazepam TAB |
| Diazepam CI-V |
| Estradiol TAB |
| Ferrlecit SOL |
| Fluphenazine HCL |
| Gemfibrozil |
| Gentamicin Sulfate |
| Imipramine HCL |
| Infed |

| Drug Name |
| --- |
| Lorazepam TAB |
| Nadolol |
| Perphenazine |
| Propranolol TAB |
| Ranitidine TAB |
| Vancomycin HCL |
| Verapamil HCL |

101564



LEXISNEXIS® FILE & SERVE
10225861
E-SERVICE
Jan 10 2006
7:18PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE  LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| STATE OF NEVADA v. ABBOTT LABORATORIES, ET AL., CA No. 02-CV-00260-ECR (Nevada I), and | |
| STATE OF NEVADA v. AMERICAN HOME PRODUCTS, ET AL., CA No. 02-CV-12086-PBS (Nevada II) | |

## <u>NOTICE OF SUBPOENAS AND VIDEOTAPED 30(B)(6) DEPOSITIONS</u>

TO:  ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rules 45 and 30(b)(6) of the Federal

Rules of Civil Procedure, Defendant Novartis Pharmaceuticals Corporation, by its attorneys, on

behalf of themselves and all defendants in the above captioned case, will take the oral videotaped

depositions of SBC Communications Inc.; Southwest Airlines Co.; Mandalay Bay Resort and

Casino; MGM Grand Hotel and Casino; and The Mirage Casino and Hotel before a notary

public, or any other officer authorized to administer oaths.  SBC Communications Inc.,

Southwest Airlines Co.; Mandalay Bay Resort and Casino; MGM Grand Hotel and Casino; and

The Mirage Casino and Hotel shall each designate one or more officers, agents, or other persons

who can testify on behalf of each with respect to the matters set forth in Schedule C to the

attached Subpoenas.  The depositions are being taken for the purposes of discovery, for use at

trial, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Such depositions will be recorded by videotape and stenographic means, and will

take place as follows:

SBC Communications Inc. will take place at 10 am on January 31, 2006, and will be held at the law firm of Hartline, Dacus, Barger, Dreyer & Kern, LLP, 6688 N. Central Expressway, Suite 1000, Dallas, Texas 75206.

Southwest Airlines Co. will take place at 10 am on January 31, 2006, and will be held at the law firm of Hartline, Dacus, Barger, Dreyer & Kern, LLP, 6688 N. Central Expressway, Suite 1000, Dallas, Texas 75206.

Mandalay Bay Resort and Casino will take place at 10 am on January 31, 2006, and will be held at Molezzo Reporters, 9460 Double R Blvd., #103, Reno, Nevada.

MGM Grand Hotel and Casino will take place at 10 am on January 31, 2006, and will be held at Molezzo Reporters, 9460 Double R Blvd., #103, Reno, Nevada.

The Mirage Casino and Hotel will take place at 10 am on January 31, 2006, and will be held at Molezzo Reporters, 9460 Double R Blvd., #103, Reno, Nevada.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, on January 31, 2006, SBC Communications Inc. and Southwest Airlines Co. have been requested to produce for inspection and copying the documents described in Schedule B annexed to the attached Subpoenas at the law firm of Hartline, Dacus, Barger, Dreyer & Kern, LLP, 6688 N. Central Expressway, Suite 1000, Dallas, Texas 75206.

Dated: New York, New York
      January 10, 2006

                                        KAYE SCHOLER, LLP

                                        By: _____
                                          Mark D. Godler
                                        Samuel N. Lonergan
                                        425 Park Avenue
                                        New York, New York 10022
                                        (212) 836-8000
                                        *Attorneys for Defendant*
                                        *Novartis Pharmaceuticals Company*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

_____ DISTRICT OF NEVADA _____

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

THIS DOCUMENT RELATES TO:

STATE OF NEVADA v. ABBOTT
LABORATORIES, ET AL.,
CA No. 02-CV-00260-ECR (Nevada I), and

STATE OF NEVADA v. AMERICAN HOME
PRODUCTS, ET AL.,
CA No. 02-CV-12086-PBS (Nevada II)

**SUBPOENA IN A CIVIL CASE**

MDL No. 1456

Civil Action No. 01-CV-12257-PBS
Judge Patti B. Saris
(Case Pending in United States District Court, District of Massachusetts

TO:  The Mirage Casino and Hotel
(owned by MGM Mirage)
Agent: Corporation Trust Company of Nevada
6100 Neil Road, Suite 500
Reno, Nevada  89511

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.  Said deposition will be regarding the details specified in Schedule A, attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Molezzo Reporters; 9460 Double R Blvd., #103; Reno, Nevada | January 31, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above(list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 1/10/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kelly A. Evans, Snell & Wilmer, 3800 Howard Hughes Pkwy., Suite 1000, Las Vegas, NV  89109; (702) 784-5200,
Attorneys for Defendant Novartis Pharmaceuticals

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)   If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

By its counsel, Novartis Pharmaceuticals Corporation, requests, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, that The Mirage Casino and Hotel produce for deposition, on January 31, 2006, at the offices of Molezzo Reporters; 9460 Double R Blvd., #103; Reno, Nevada, one or more officers, directors, managing agents of, or other persons who consent to testify on behalf of The Mirage Casino and Hotel, is most knowledgeable with respect to the matters described below.

## DEFINITIONS

1.      "AWP" or "Average Wholesale Price" means the benchmark price for drugs as periodically published by one or more pharmaceuticals industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

2.      "Auditor" means any independent entity that provides an independent, third-party audit review of any aspect of medical coverage or services provided by any health plan or health and welfare fund to any of its participants or beneficiaries.

3.      "Benefit Consultant" means any person or entity that provides information, counsel, or advice to any health plan or health and welfare fund regarding any medical benefit or service provided by any health plan or health and welfare fund to any participant or beneficiary.

4.      "Communication" means any form of information transmittal, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone

conversations, face-to-face meetings and other similar forms of communication or correspondence.

5.   "Concern" and "concerning" mean directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing, or evaluating.

6.   "Defendants" means the Defendants identified in the Amended Complaint filed by the State on August 1, 2003 in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL NO. 1456, Civil Action No. 01-CV-12257-PBS, relating to *State of Nevada v. Am. Home Prods., Inc. et al.*, CA NO. 02-CV-12086-PBS (Nevada II), in the United States District Court for the District of Massachusetts, and the Amended Complaint filed by the State on October 31, 2003 in *State of Nevada v. Abbott Laboratories, Inc. et al.*, CA NO. CV-02-00260-ECR (Nevada I), in the Washoe County District Court.  See Exhibit A for a complete list of Defendants.

7.   The terms "Health Care Financing Administration" ("HCFA") and "Centers for Medicare and Medicaid Services" ("CMS") shall mean and refer to the division for the United States Health and Human Services directly responsible for the administration of the Medicare and Medicaid programs.

8.   "Mail order pharmacy" means an entity that resells drugs exclusively by mail to any participant and/or beneficiary.

9.   "Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, the subject drugs (as defined below).

10.   "PBM" or "pharmacy benefit manager" means any organization that provide administrative services in analyzing and processing prescription claims for pharmacy benefit and

coverage programs, that may establish payment levels for providers and negotiate rebates for the manufacturer, and often are the means by which employers obtain prescription pharmaceuticals for their employees, Participants, and Beneficiaries from pharmacies.

11.     The terms "Participant" and "Beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

12.     "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

13.     "Provider" means any person that provides health care to any Participant or Beneficiary, or any person to whom You provide reimbursement for drugs dispensed to a Participant or Beneficiary, including, but not limited to, pharmacies, specialty pharmacies, physicians, or Mail Order Pharmacies.

14.     "State" refers collectively to the State of Nevada, any state office, agency, or body, including but not limited to the Office of the Attorney General, Medicaid Fraud Control Unit, the Office of the Inspector General, the Department of Public Health and Human Services, the Medicaid Program, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

15.     "Subject Drug" or "Subject Drugs" means one or more of drugs listed on Exhibit B hereto.

16.    "Third party administrator" means any entity that provides administrative services to any health plan, health and welfare fund, or self-insured employers concerning any medical benefit provided to any participant or beneficiary.

17.    "WAC" means wholesale acquisition cost or the list prices for sales by manufacturers to wholesalers.

18.    "You" or "Your" means The Mirage Casino and Hotel and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

## DEPOSITION TOPICS

Unless otherwise specifically stated, each of these Deposition Topics encompasses the years 1991 through the present and is limited to all aspects of your prescription drug benefits program concerning Your employees, Participants, or Beneficiaries, or the employees, Participants, or Beneficiaries of any of Your subsidiary or affiliated companies, resident in the State of Nevada.

1.      Your organizational structure.

2.      Your relationship with PBMs, Third Party Administrators, Benefits Consultants, Auditors, Wholesalers, Manufacturers, Independent Practice Associations or Providers.

3.      Your understanding of AWPs and WACs, and the difference, if any, between AWPs and other prices paid by You or anyone else for prescriptions drugs generally, or more specifically any of the Subject Drugs.

4.      How Your prescription drug formularies are created.

5.      Your relationships with Participants and Beneficiaries, including Your plans, Your coverage for prescription drugs, and co-payments by Participants and Beneficiaries.

6.      Your evaluation of, consideration of, negotiation with, decision to contract with, or decision not to contract with any PBM, Benefits Consultant, or Third Party Administrators.

7.      Your investigation, audit, survey, evaluation, consideration, or awareness of the acquisition cost of any Providers within the State of Nevada (including retailers, physicians, pharmacies, or specialty pharmacies)for prescription pharmaceuticals generally, or more specifically any of the Subject Drugs.

8.      Any communications between You and the State, CMS, DOJ, Congress, HCFA, Trade Groups, Trade Associations, or Trade Organizations concerning AWP; the cost of pharmaceuticals (to you or any provider); or limiting your own costs associated with the purchase of prescription pharmaceuticals generally, or more specifically any of the Subject Drugs.

9.      Any claims made to You by Providers for payment for Subject Drugs; payments made by You to Providers for Subject Drugs, any payments made by You to any Provider for any prescription pharmaceuticals generally, or more specifically any of the Subject Drugs; and any rebates (negotiated, requested, or actually received) by you from any Defendant, PBM, or Third Party Administrator relating to Your reimbursement for any prescription pharmaceuticals generally, or more specifically any of the Subject Drugs.

## EXHIBIT A

Abbott Laboratories Inc.

Amgen Inc.

Apothecon, Inc.

Astrazeneca Pharmaceuticals L.P.

Astrazeneca US

Aventis Behring L.L.C.

Aventis Pharmaceuticals Inc.

Baxter Healthcare Corporation

Baxter International Inc.

Bayer Corp.

Bedford Laboratories

Ben Venue Laboratories Inc.

Boehringer Ingelheim Corp.

Bristol-Myers Squibb Company

B. Braun of America, Inc.

Centocor, Inc.

Dey, Inc.

Fujisawa Healthcare, Inc.

Fujisawa USA, Inc.

Gensia, Inc.

Gensia Sicor Pharmaceuticals, Inc.

GlaxoWellcome, Inc.

GlaxoSmithKline, P.L.C.

Hoechst Marion Roussel, Inc.

Immunex Corp.

Janssen Pharmaceutica Products, L.P.

Johnson & Johnson

McNeil-PPC, Inc.

Novartis Pharmaceuticals Corp.

Oncology Therapeutics Network Corp.

Ortho Biotech

Pfizer, Inc.

Pharmacia Corp.

Pharmacia & Upjohn, Inc.

Schering-Plough Corp.

Sicor, Inc.

SmithKline Beecham Corp.

TAP Pharmaceutical Products, Inc.

Warrick Pharmaceuticals Corp.

Watson Pharmaceuticals, Inc.

Zeneca, Inc..

## EXHIBIT B

**ALL DRUGS LISTED BELOW ARE SUBJECT TO THESE DISCOVERY REQUESTS**

| Drug Name |
|---|
| Acetylcyst |
| Acyclovir |
| A-Methapred |
| Amikacin |
| Amikacin Sul |
| Aminosyn |
| Biaxin |
| Calcijex |
| Cimetidine |
| Clindamycin |
| Depakote |
| Depakote SPR |
| Dextrose |
| Dextrose w/ Sodium Chloride |
| Diazepam |
| Ery-Tab |
| Erythromycin Cap |
| Erythromycin Tab BS |
| Fentanyl CIT |
| Furosemide |
| Gentamicin |
| Heparin Lock |
| Leucovor CA |
| Lorazepam |
| Prevacid CAP |
| Prevacid GRA |
| Sod Chloride |
| Sodium Chloride SOL |
| Tobra/Nacl |
| Tobramycin |
| Vancomycin |
| |
| Beconase AQ SPR |
| Flonase SPR |
| Serevent AER |
| Serevent AER INS |
| Serevent AER RF |
| Serevent DIS MIS |
| |

| Drug Name |
| --- |
| Aranesp |
| Enbrel |
| Epogen |
| Kineret |
| Neulasta |
| Neupogen |
| |
| Accolate |
| Arimidex |
| Casodex |
| Diprivan |
| Nolvadex |
| Seroquel |
| Zestril |
| Zoladex |
| Zomig |
| Zomig ZMT |
| Atacand |
| Atacand HCT |
| Entocort EC |
| Nexium |
| Prilosec |
| Pulmicort INH |
| Pulmicort SUS |
| Rhinocort AER |
| Rhinocort SUS |
| Toprol XL |
| |
| Allegra |
| Allegra-D |
| Amaryl |
| Anzemet |
| Arava |
| Azmacourt |
| Calcimar |
| Carafate |
| Cardizem CAP |
| Cardizem INJ |
| Cardizem TAB |
| Gammar PIV |
| Gammar-P IV |
| Intal |
| Intal INH |
| Nasacort |

| Drug Name |
|---|
| Nasacort AQ |
| Taxotere |
| Trental |
| |
| Dextrose |
| Dextrose FL CONT |
| Dextrose NACL |
| Dextrose SOL LR |
| Heparin SOD/D5W |
| Heparin SOD/NACL |
| Sodium Chloride |
| Sodium Chloride SOL IRR |
| |
| Aggrastat |
| Ativan |
| Bebulin VH |
| Brevibloc |
| Brevibloc SOL |
| Buminate |
| Cisplatin |
| Claforan/D5W |
| Dextrose |
| Dextrose PGBK |
| Doxorubicin |
| Gammagard SD |
| Gentam/NACL |
| Gentran 40 |
| Gentran 75 |
| Gentran/Trav |
| Heparin Lock |
| Iveegam |
| Iveegam EN |
| Osmitrol |
| Osmitrol VFX |
| Recombinate |
| Sod Chloride |
| Sodium Chlor Sol |
| Travasol |
| Travasol w/Dextrose |
| Vancocin HCL |
| Vancocin/DEX |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |

| Drug Name |
| --- |
| Cytarabine |
| Etoposide |
| Leucovorin Calcium |
| |
| Paraplatin |
| Blenoxane |
| Cytoxan |
| Etopophos |
| Rubex |
| Taxol |
| Vepesid |
| Videx EC |
| Avapro |
| Buspar |
| Cefzil |
| Glucophage |
| Clucovance |
| Monopril |
| Plavix |
| Serzone |
| Tequin |
| Coumadin |
| |
| Amikacin Sulfate |
| Amphotercin B |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Cytarabine |
| Doxorubicin HCL |
| Etoposide |
| Leucovor CA |
| Leucovor CA TAB |
| Lecovorin Calcium 50 MG |
| Methotrexate |
| Methotrexate Sodium |
| Mitomycin |
| Vinblastine Sulfate |
| |
| Amerge |
| Imitrex |
| Imitrex KIT |
| Imitrex SPR |
| Imitrex TAB |

| Drug Name |
| --- |
| Zofran SOL |
| Zofran TAB |
| Zofran ODT |
| |
| Acetylcysteine |
| Albuterol AER |
| Albuterol NEB |
| Cromolyn SOD NEB |
| Ipratropium SOL INHAL |
| Metaproteren NEB |
| |
| Aristocort |
| Aristocort TAB |
| Aristocort A CRE |
| Aristocort A OIN |
| Aristospan |
| Cefizox |
| Cefizox/D5W |
| Cyclocort CRE |
| Cyclocort LOT |
| Cyclocort OIN |
| Lyphosin |
| Nebupent or Pentam 300 |
| Prograf CAP |
| Prograf |
| Vinblastine Sulfate |
| Acyclovir Sodium |
| Dexamethasone Sodium Phosphate |
| Doxorubicin Hydrochloride |
| Fluorouracil |
| Gentamicin Sulfate |
| |
| Amikacin Sulfate |
| Amphotercin B |
| Etoposide |
| Leucovorin Calcium |
| |
| Advair Disku MIS |
| Agenerase CAP |
| Agenerase SOL |
| Alkeran |
| Alkeran TAB |
| Ceftin SUS |
| Ceftin TAB |

| Drug Name |
|---|
| Combivir TAB |
| Daraprim TAB |
| Epivir SOL |
| Epivir TAB |
| Epivir HBV SOL |
| Epivir HBV TAB |
| Flovent AER |
| Flovent ROTA AER |
| Imitrex |
| Kytril |
| Lamictal CHW |
| Lamictal TAB |
| Lanoxin TAB |
| Lanoxin PED ELX |
| Leukeran TAB |
| Mepron SUS |
| Myleran TAB |
| Navelbine INJ |
| Paxil SUS |
| Paxil TAB |
| Paxil CR TAB |
| Purinethol TAB |
| Relenza MIS DISKHALE |
| Retrovir CAP |
| Retrovir |
| Retrovir SYP |
| Retrovir TAB |
| Thioguanine TAB |
| Trizivir TAB |
| Valtrex TAB |
| Ventolin HFA AER |
| Wellbutrin TAB |
| Zantac TAB |
| Ziagen SOL |
| Ziagen TAB |
| Zofran TAB |
| Zovirax CAP |
| Zovirax |
| Zovirax SUS |
| Zovirax TAB |
| Zyban TAB |
|  |
| Leucovorin CA |
| Leucovorin CA TAB |

| Drug Name |
|---|
| Leukine |
| Methotrexate |
| Novatrone |
| Thioplex |
|  |
| Remicade |
| Aciphex TAB |
| Duragesic DIS |
| Reminyl SOL |
| Reminyl TAB |
| Risperdal SOL |
| Risperdal TAB |
| Sporanox CAP |
| Sporanox CAP PULSEPAK |
| Bicitra SOL |
| Elmiron CAP |
| Haldol |
| Haldol Decan |
| Levaquin TAB |
| Mycelex TRO |
| Pancrease CAP |
| Pancrease MT CAP |
| Parafon Fort TAB DSC |
| Polycitra SYP |
| Polycitra-K POW CRYSTALS |
| Polycitra-K SOL |
| Polycitra-LC SOL |
| Regranex GEL |
| Testoderm DIS |
| Tolectin TAB |
| Tolectin DS CAP |
| Topamax CAP |
| Topamax TAB |
| Tylenol/Cod TAB |
| Tylox CAP |
| Ultracet TAB |
| Ultram TAM |
| Urispas TAB |
| Vascor TAB |
| Flexeril TAB |
|  |
| Clozaril TAB |
| Combipatch DIS |
| Comtan TAB |

| Drug Name |
|---|
| Diovan |
| Diovan HCT |
| Elidel |
| Estraderm DIS |
| Exelon CAP |
| Exelon SOL |
| Famvir |
| Femara TAB |
| Focalin |
| Lamisil SPR |
| Lamisil TAB |
| Lamprene CAP |
| Lescol CAP |
| Lescol XL TAB |
| Lotensin TAB |
| Lotensin HCT TAB |
| Lotrel CAP |
| Miacalcin INJ |
| Miacalcin SPR |
| Parlodel CAP |
| Parlodel TAB |
| Rescula |
| Ritalin TAB |
| Ritalin LA CAP |
| Starlix TAB |
| Tegretol CHW |
| Tegretol SUS |
| Tegretol TAB |
| Tegretol XR TAB |
| Trileptal TAB |
| Vivelle DIS |
| Vivelle-DOT DIS |
| Voltaren Opthalmic |
| Zaditor |
| Zelnorm |
|  |
| Floxin TAB |
| Terazol 3 CRE |
| Terazol 3 SUP |
| Terazol 7 CRE |
| Procrit INJ |
| Erycette PAD |
| Grifulvin V SUS |
| Grifulvin V TAB |

| Drug Name |
|---|
| Monistat CRE DERM |
| Renova CRE |
| Retin-A CRE |
| Retin-A GEL |
| Retin-A CRE LIQ |
| Retin-A MICR GEL |
| Spectazole CRE |
| |
| Accupril TAB |
| Accuretic TAB |
| Cardura TAB |
| Celontin CAP |
| Dilantin CAP |
| Dilantin CHW |
| Dilantin-125 SUS |
| Estrostep FE TAB |
| Femhrt 1/5 TAB |
| Lipitor TAB |
| Lopid TAB |
| Minizide CAP |
| Nardil TAB |
| Neurontin CAP |
| Neurontin SOL |
| Neurontin TAB |
| Nitrostat SUB |
| Renese TAB |
| Rescriptor TAB |
| Viracept POW |
| Viracept TAB |
| Zarontin CAP |
| Zarontin SYP |
| Zithromax |
| Zithromax POW |
| Zithromax SUS |
| Zithromax TAB |
| Zithromax TAB TRI-PAK |
| Zithromax TAB Z-PAK |
| Zoloft CON |
| Zoloft TAB |
| Zyrtec SYP |
| Zyrtec TAB |
| |
| Adriamyc PFS INJ |
| Adriamyc RDF INJ |

| Drug Name |
|---|
| Adrucil INJ |
| Amphocin INJ |
| Amphotercin B |
| Bleomycin Sulfate |
| Celebrex CAP |
| Cleocin-T GEL |
| Cleocin-T LOT |
| Cleocin-T PAD |
| Cleocin-T SOL |
| Cytarabine (Cytosar-U) |
| Depo-Testost INJ |
| Etoposide |
| Neosar INJ |
| Solu-Cortef INJ |
| Solu-Medrol INJ |
| ToposarINJ |
| Vincasar PFS INJ |
|  |
| Clarinex TAB |
| Claritin SYP |
| Claritin TAB |
| Claritin TAB REDITABS |
| Claritin-D TAB |
| Diprolene GEL |
| Diprolene LOT |
| Diprolene OIN |
| Diprolene AF CRE |
| Diprosone AER |
| Diprosone CRE |
| Elocon CRE |
| Elocon LOT |
| Elocon OIN |
| Eulexin CAP |
| Integrilin INJ |
| Intron-A INJ |
| Intron-A INJ PEN |
| Intron-A KIT |
| Lotrisone LOT |
| Nasonex SPR |
| Peg-Intron KIT |
| Proventil AER |
| Proventil NEB |
| Rebetol CAP |
| Temodar CAP |

| Drug Name |
| --- |
| Trinalin Rep TAB CR |
| Vanceril |
| |
| Albuterol |
| Clotrimazole |
| Griseofulvin, Ultramicrocry |
| ISMN |
| Oxaprozin |
| Perphenazine |
| Potassium Chloride |
| Sodium Chloride |
| Sulcrafate Tablets |
| Theophylline |
| |
| Acyclovir Sodium |
| Amikacin Sulfate |
| Doxorubicin HCL |
| Etoposide |
| Leucovorin Calcium |
| Pentamidine Isethionate |
| Tobramycin Sulfate |
| |
| Prevacid |
| |
| Dexamethasone Acetate |
| Dexamethasone Sodium Phospate |
| Diazepam TAB |
| Diazepam CI-V |
| Estradiol TAB |
| Ferrlecit SOL |
| Fluphenazine HCL |
| Gemfibrozil |
| Gentamicin Sulfate |
| Imipramine HCL |
| Infed |
| Lorazepam TAB |
| Nadolol |
| Perphenazine |
| Propranolol TAB |
| Ranitidine TAB |
| Vancomycin HCL |
| Verapamil HCL |

101564

## CERTIFICATE OF SERVICE

I, Mark D. Godler, hereby certify that on January 10, 2006, I have caused a true

and correct copy of the foregoing subpoenas to SBC Communications Inc.; Southwest Airlines

Co.; Mandalay Bay Resort and Casino; MGM Grand Hotel and Casino; and The Mirage Casino

and Hotel to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of

the Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification

to all parties.

Date:   New York, New York
        January 10, 2006

                                        Mark D. Godler

31204392.DOC

# EXHIBIT 2



| | |
|---|---|
| "James, Phyllis" <phyllis_james@mgmmirage.com> | To SLonergan@kayescholer.com |
| | cc |
| | bcc |
| 04/11/2006 09:52 PM | Subject Novartis Subpoena - MGM MIRAGE Transactional Data |

| History: | This message has been forwarded. |
|---|---|

Enclosed please find the transactional data provided by Catalyst using the NDC codes you provided. This information is designated "Highly Confidential" pursuant to the protective order in this AWP pharmaceutical litigation.

<<Catalyst Rx for NOVARTIS Subpoena Drug List-Nevada (2006 2 3).xls>>

Phyllis A. James
MGM MIRAGE
Senior Vice President & Senior Counsel
Executive Office
3600 Las Vegas Boulevard South
Las Vegas, NV 89109
Office:  (702) 693-7590
Fax:  (702) 693-7591



E-mail: phyllis_james@mgmmirage.com   Catalyst Rx for NOVARTIS Subpoena Drug List-Nevada (2006 2 3).xls

# EXHIBIT 3

# KAYE SCHOLER LLP

Samuel Lonergan
212 836-7591
Fax 212 836- 6406
slonergan@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

May 3, 2006

*VIA FEDERAL EXPRESS*

Jeniphr A. E. Breckenridge, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Re:    *State of Nevada v. Abbott Laboratories, et al.*, CA No. 02-CV-00260-ECR
("Nevada I"), and *State of Nevada v. American Home Products, et al.*, CA
No. 02-cv-12086-PBS ("Nevada II")

Dear Jeniphr:

Enclosed please find a set of documents bates-stamped MGMM000001 to
MGM000508. These documents and data were produced by MGM Mirage in response to
subpoenas that were served on behalf of all defendants on MGM Grand, The Mirage, and
Mandalay Bay in connection with the above-referenced AWP litigation. Please note that
documents bates-stamped MGMM000476 to MGMM000508 contain drug utilization data that
MGM Mirage produced in Excel file format; the enclosed disk contains a copy of the data in
Excel file format.

Please contact me if you have any questions.

Sincerely,

Samuel Lonergan

Enclosures

31262050.DOC

# EXHIBIT 4

# KAYE SCHOLER LLP

Samuel Lonergan
212 836-7591
Fax 212 836-6406
slonergan@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

May 12, 2006

*VIA ELECTRONIC MAIL & REGULAR U.S. MAIL*

Jeniphr A. E. Breckenridge, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Re:  *State of Nevada v. American Home Products, et al.*, CA No. 02-
CV-12086-PBS ; *State of Montana v. Abbott Labs.*, Inc., et al.,
Case No. CV-02-09-H-DWM (D. Mont.)

Dear Jeniphr,

Thank you for responding to my message and for agreeing to speak to me on Monday, May 15, 2006. On Monday's call, I intend to discuss the following issues, all of which relate to the above-referenced Average Wholesale Price litigations: (i) Novartis Pharmaceuticals Corporation's ("Novartis") production of information; (ii) the 30(b)(6) deposition notices that were served upon Novartis; and (iii) authentication of documents produced by third-parties. I plan to contact you at 206-224-9325, at 2 pm EST on Monday, May 15. Please let me know if this time does not work for you, or if I should contact you at a different telephone number.

Sincerely,

Samuel Lonergan

# EXHIBIT 5

# KAYE SCHOLER LLP

Samuel Lonergan
212 836–7591
Fax 212 836–6406
slonergan@kayescholer.com

425 Park Avenue
New York, New York 10022–3598
212 836–8000
Fax 212 836–8689
www.kayescholer.com

June 29, 2006

*VIA ELECTRONIC MAIL*

Jeniphr A. E. Breckenridge, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

> Re:   *State of Nevada v. American Home Products, et al.*, CA No. 02-
> CV-12086-PBS; *State of Montana v. Abbott Labs., Inc., et al.*,
> Case No. CV-02-09-H-DWM (D. Mont.)

Dear Jeniphr,

This letter is in response to your e-mail, dated May 23, 2006, wherein you (i) indicated that plaintiffs in the above-referenced matters are considering the defendants' proposal to stipulate to the authenticity of documents that were produced by certain non-parties to the above-referenced litigations, and (ii) questioned whether defendants are willing to stipulate to the authenticity of the documents that each defendant individually produced. Because the decision to stipulate to the authentication of a document must be made by each defendant individually, on a document-by-document basis, the defendants are unable to agree to a blanket stipulation as to the authenticity of the documents that each defendant individually produced. However, if you seek authentication of any specific document(s), please contact the individual defendant that produced the document in order to discuss the possibility of such a stipulation.

In an effort to coordinate with plaintiffs and reduce the amount of discovery required by the above-referenced litigations, defendants have proposed a stipulation as to the authenticity and admissibility of documents and data produced, pursuant to timely subpoenas of which the parties have received notice, by certain non-parties to the above-referenced litigations. To that end, attached hereto is a proposed stipulation regarding the authenticity and admissibility of certain documents and data identified by bates number range in proposed stipulation, which have been produced by the following non-parties:  (i) Walgreens, (ii) MMCAP, (iii) MGM Mirage, (iv) Great Falls Clinic, and (v) Snyders Drug Stores.

Please contact me at your earliest possible convenience so that we can discuss this matter further. If plaintiffs are not willing to stipulate to the authenticity of the documents

KAYE SCHOLER LLP

2

identified in the attached proposed stipulation, defendants intend to go forward with the depositions of these entities in order to authenticate the identified documents and data.

Sincerely,

Samuel Lonergan

*DRAFT*

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | NO. 1456 |
| ) | Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Patti B. Saris |
| State of Nevada v. American Home ) | |
| Products, et al., CA No. 02-CV-12086-PBS; ) | |
| ) | |
| State of Montana v. Abbott Labs., Inc., et al., ) | |
| Case No. CV-02-09-H-DWM ) | |

### Proposed Stipulation Regarding Authentication
### and Admissibility of Certain Non-Party Documents

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties that:

1.      The documents and data, identified by bates number range in Schedule A, attached hereto, which were produced by non-parties in the above-referenced litigations, pursuant to timely subpoenas of which the parties have received notice, are genuine and authentic within the meaning of Fed. R. Evid. 901.

2.      Any document identified in Schedule A, attached hereto, which was authored or executed by the non-party producing the document, is a true and correct copy of a business record and is admissible as such under Fed. R. Evid. 803(6).

*DRAFT*

Schedule A

1.  Walgreens

      WAL000002 -- 007
      WAL000025 -- 026
      WAL000028 -- 030
      WAL000032 -- 037
      WAL000039 -- 061
      WAL000407 -- 408
      WAL001908
      13 DVDs of transactional data (no bates range)

2.  MGM Mirage

      MGMM 000079-96
      MGMM 000097-118
      MGMM 000125-137
      MGMM 000196-218
      MGMM 000246-299
      MGMM 000300-309
      MGMM 000396-413
      MGMM 000414-426
      MGMM 000427-470
      MGMM 000471-475
      MGMM 000476-508

3.  Great Falls Clinic

      GFC 0000149-151
      GFC 0000040-76
      GFC 0000077-80
      GFC 0000026

4.  Snyders Drug Stores

      SNYDER 0000001-563
      SNYDER 0000574-587
      SNYDER 0001380

5.  MMCAP

Data produced via CD on March 13, 2006 (no bates range).  A copy of the CD was produced to Plaintiff on March 22, 2006.

# EXHIBIT 6



JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

July 21, 2006

*Via E-Mail*

Mr. Samuel Lonergan
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

      Re:   *AWP Litigation: Montana and Nevada*

Dear Sam:

     We write to respond to your June 29, 2006 letter regarding stipulating to the authenticity and admissibility of certain non-party documents pursuant to Fed. R. Evid. 901 and 803(6). The States cannot stipulate to the authenticity and admissibility of these documents. The States will also object to any efforts on the part of defendants to take deposition of these entities in order to authenticate the documents and data. Discovery has closed. Defendants should have pursued this discovery during the discovery period. In the case of Walgreens, defendants have already taken a deposition of Walgreens and did not pursue authentication of the documents. Additionally, defendants' untimely efforts to take the deposition of MMCAP are the subject of a pending motion for protective order.

     Finally, we bring to your attention inconsistencies in the documents purportedly produced by MGM Mirage. Document MGMM 000476 – 508, "All NDCs listed in Appendixes A of Nevada I and II Complaints - HIGHLY CONFIDENTIAL" is marked "Privileged and Confidential Attorney Work Product DRAFT." The same information was also produced in a more amplified form and not designated privileged on a CD marked "Catalyst Rx for NOVARTIS Subpoena Drug List - Nevada (2006 2 3).xls." Because the information was produced by a non-party, we assume it is not privileged. The information raises numerous questions about why MGM Mirage was preparing and producing tables related to Appendix A of each of these complaints and whether and why defendants asked them to do so.

              Sincerely yours,

              HAGENS BERMAN SOBOL SHAPIRO LLP

              *[sent via electronic delivery]*

              Jeniphr A.E. Breckenridge

ATTORNEYS AT LAW           SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292  F 206.623.0594
www.hagensberman.com

001534-13 120191 V1

# EXHIBIT 7

# KAYE SCHOLER LLP

Samuel Lonergan
212 836-7591
Fax 212 836-6406
slonergan@kayescholer.com



Jul 25 2006
5.26PM

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

July 25, 2006

*VIA FIRST CLASS MAIL, R.R.R.*

Phyllis A. James
Senior Vice President and Senior Counsel
MGM Mirage
Bellagio Executive Offices
3600 Las Vegas Boulevard South
Las Vegas, NV 89109

> Re:  *State of Nevada v. Abbott Laboratories, et al.*, CA No. 02-
> CV-00260-ECR ("Nevada I"), and *State of Nevada v.*
> *American Home Products, et al.*, CA No. 02-cv-12086-PBS
> ("Nevada II")

Dear Ms. James:

This letter serves to confirm our agreement that the deposition of Christopher Campbell, former executive director, corporate benefits, MGM Mirage ("MGM") and currently a consultant to MGM, is scheduled to go forward at MGM Mirage's offices, located at 3600 Las Vegas Boulevard South; Las Vegas, Nevada 89109, on August 15, 2006, at 10 am PDT. This deposition is being taken pursuant to the Fed. R. Civ. P. 30(b)(6) deposition subpoena served upon MGM Mirage's corporate subsidiaries, Mandalay Bay Resort and Casino, MGM Grand Hotel and Casino, and The Mirage Casino and Hotel in connection with the above-referenced litigations on January 10, 2006.

Please contact me at (212) 836-7591 to discuss any questions or concerns you might have.

Sincerely,

*Sam Lonergan*

Samuel N. Lonergan

Copy: L. Timothy Terry, Esq. (*via e-mail and LexisNexis File & Serve*)
Jeniphr A.E. Breckenridge, Esq. (*via e-mail and LexisNexis File & Serve*)

31384256.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

# EXHIBIT 8

# KAYE SCHOLER LLP

Samuel Lonergan
212 836-7591
Fax 212 836-6406
slonergan@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

July 25, 2006

*VIA ELECTRONIC MAIL*

Jeniphr A. E. Breckenridge, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Re:   *State of Nevada v. Abbott Laboratories, et al.*, CA No. 02-
CV-00260-ECR ("Nevada I"), and *State of Nevada v.
American Home Products, et al.*, CA No. 02-cv-12086-PBS
("Nevada II")

Dear Jeniphr,

This letter is in response to your July 21, 2006 letter.  With respect to the
documents bearing the bates stamp range MGMM000476 - MGMM000508, as indicated in my
May 3, 2006 transmittal letter, MGM Mirage produced data in Excel file format in response to
subpoenas that were served on behalf of all defendants on Mandalay Bay Resort and Casino,
MGM Grand Hotel and Casino, and The Mirage Casino and Hotel.  That data was produced to
you on a disk in Excel file format; additionally, the data was also printed out, bates stamped (*i.e.*,
MGMM000476-MGMM000508), and produced to you in hard copy format.  As indicated by both
the stamp on disk containing the Excel file and the printed hard copy of the Excel file (*i.e.*,
MGMM000476-MGMM000508), MGM Mirage designated this information "Highly
Confidential," and it should be treated as such in accordance with the Protective Order signed by
Judge Saris on December 13, 2002.

Additionally, with respect to the states' objection to defendants' efforts to take
30(b)(6) depositions of non-parties in order to authenticate documents and data that have
previously been produced, as you know, the deposition of MGM Mirage was noticed before the
close of discovery (*i.e.*, January 10, 2006), and we have made every effort to work with you to
avoid taking this deposition by entering into a stipulation of authenticity and admissibility.
Given the states' refusal to resolve this issue by stipulation, we are left with no choice but to go
forward with the previously noticed depositions.  Accordingly, the 30(b)(6) deposition of MGM
Mirage has been scheduled for August 15, 2006, at 10am PDT, at MGM Mirage's offices,

31305609.DOC

KAYE SCHOLER LLP

2

located at 3600 Las Vegas Boulevard South; Las Vegas, Nevada 89109.  You are invited to attend and cross-examine the witness pursuant to the Federal Rules of Civil Procedure.

Sincerely,

Samuel Lonergan

# EXHIBIT 9

# KAYE SCHOLER LLP

Samuel Lonergan
212 836-7591
Fax 212 836-6406
slonergan@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

August 8, 2006

*VIA ELECTRONIC MAIL*

Jeniphr A. E. Breckenridge, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

<blockquote>
Re:  *State of Nevada v. Abbott Laboratories, et al.*, CA No. 02-CV-00260-ECR ("Nevada I"), and *State of Nevada v. American Home Products, et al.*, CA No. 02-cv-12086-PBS ("Nevada II")
</blockquote>

Dear Jeniphr,

I am writing to memorialize our telephone conversation of earlier today with respect to the authenticity and admissibility of the MGM Mirage ("MGM") documents identified in the proposed stipulation of authenticity and admissibility that I sent to you on June 29, 2006. During the call, in an attempt to reach a mutually acceptable stipulation regarding the MGM documents and to avoid the necessity of a deposition, I offered to exclude from the set of MGM documents that were the subject of my June 29 proposed stipulation, the one MGM document that you expressed concern over in your July 21, 2006 letter (*i.e.*, MGMM000476 - MGMM000508).   You indicated that you would not stipulate to the authenticity and admissibility of the remaining MGM documents and advised me that you intended to file a motion for a protective order instead.

If my summary is in any way inconsistent with your understanding, please contact me at (212) 836-7591 to further discuss the issue.

Sincerely,

Samuel Lonergan

31312810 DOC

# EXHIBIT 10



"Jeniphr Breckenridge"
<Jeniphr@hbsslaw.com>

08/09/2006 05:15 PM

To &lt;SLonergan@kayescholer.com&gt;

cc "Carrie Flexer" <Carrie@hbsslaw.com>

bcc

Subject RE: AWP Litigation: motion for protective order : MGM Mirage Deposition

Sam:

Your letter August 8, 2006 letter requests that we respond if it is inconsistent with our conference yesterday. It is inaccurate as it only summarizes one aspect of the call and does not summarize that aspect accurately. I requested the call to discuss open questions regarding the MGM Mirage deposition, its scope and defendants' intentions with respect to additional non-party depositions. You raised the issue of the MGM Mirage document marked privileged yesterday and wanted to re-open the issue of stipulation to *authenticity* of certain documents. I listened very carefully and you never raised the issue of admissibility. I reminded you that we had already held a meet and confer regarding such a stipulation and advised you that you had not asked to reopen that issue and that I was not prepared to do discuss it as it had been many weeks since I had looked at the documents. Your approach made it extremely difficult to cover the issues I had convened the call to discuss.

Defendants have now been served with our motion for protective order. The State's position has been consistent all along: we believe that defendants do not have the right to take additional depositions, particularly a deposition that we have now learned is *not* related to the January 10, 2006 subpoena but is intended to cover material not covered by that subpoena - namely the authenticity and admissibility of documents.

**Jeniphr Breckenridge**
**Partner**
**Hagens Berman Sobol Shapiro LLP**
**1301 Fifth Avenue; Suite 2900**
**Seattle, WA  98101**
**206.623.7292**
**206.623.0594 (fax)**


**From:** SLonergan@kayescholer.com [mailto:SLonergan@kayescholer.com]
**Sent:** Tuesday, August 08, 2006 1:13 PM
**To:** Jeniphr Breckenridge
**Subject:** AWP Litigation: motion for protective order : MGM Mirage Deposition


Jeniphr -- Please see the attached correspondence. Thank you. --Sam

*(See attached file: August 8, 2006 Ltr. to Breckenridge.pdf)*

Sam Lonergan
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Phone: 212-836-7591
Fax: 212-836-6406

\*      \*      \*      \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.