UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO THE AMENDED MASTER CONSOLIDATED CLASS ACTION |

## TRACK 1 DEFENDANTS' MOTION TO AMEND PRETRIAL ORDER

Amending The Order As To Exchange Of Direct Testimony Affidavits

The Court's August 21, 2006 Amended Pretrial Order provides that, "By 10/27/2006, the parties shall serve and file trial briefs (not required), proposed findings of fact and conclusions of law, and *any witness affidavits that will be used in lieu of direct testimony*." The Track 1 Defendants hereby propose that the Court amend this order to provide that plaintiffs' witness affidavits shall be served and filed on 10/27/2006, but that defendants' witness affidavits shall be served and filed at least one week prior to the anticipated start of defendants' case-in-chief.

In the ordinary course of trial, a plaintiff puts on its case-in-chief before a defendant presents its defense. This is a corollary of the fact that the plaintiff bears the burden of proof on its claims, and that a defendant can only defend itself fully against plaintiff's claims after knowing and considering the full extent of plaintiff's case-in-chief.

In this case, of course, plaintiffs bear the burden of proof on their Chapter 93A claims. *Datatrend, Inc. v. Jabil Circuit, Inc.,* 3 F.Supp.2d 66, 77 (D. Mass. 1998) (Providing that "In order to sustain an award of damages under Chapter 93A, § 11, the plaintiff must prove that (1) unfair or deceptive acts or practices occurred; (2) those acts or practices occurred 'primarily and

substantially' in Massachusetts; and (3) the plaintiff suffered a loss of money or property as a result of defendant's unfair or deceptive acts"); *Brown Daltas and Associates Inc., v. General Accident Insurance Co. of America*, 844 F.Supp. 58, 67 (D. Mass. 1994) (Stating that "to prevail in an action under chapter 93A §§ 2 and 11, a plaintiff must prove that a person who is engaged in trade or business committed an unfair or deceptive act, and that the plaintiff suffered a loss of money or property as a result").

The use of direct testimony affidavits in lieu of direct examination at trial does not alter plaintiffs' burden of proof.  Requiring defendants to submit their direct testimony affidavits simultaneously with plaintiffs places an undue burden on defendants and prejudices them as a result.  In order to assure that the plaintiffs actually bear the burden of proof on their claims, and that defendants are not prejudiced, it is only fitting that the plaintiffs should serve and file their direct testimony affidavits and relevant demonstrative exhibits, essentially constituting their case-in-chief, ahead of the defendants.

Moreover, such a modification will serve the interests of judicial efficiency by allowing Track 1 defendants to prepare and present a defense based on what plaintiffs' case-in-chief actually is, and not what defendants predict it might be.  This will avoid wasted efforts by the defendants and result in efficiency for both the parties and the court.  For example, defendants expect that plaintiffs, through their trial witnesses, will take positions on such central issues as the nature of the alleged unfairness or deceptiveness of defendants' conduct; the level of knowledge that individual Third Party Payors, and/or the Third Party Payors as a group, did or did not have; and what precisely the plaintiff Third Party Payors would have done differently had the defendants not engaged in the alleged unfair or deceptive process.  If forced to exchange witness direct statements simultaneously with plaintiffs, defendants will be compelled to cover

all possible bases.  The Court would then have to read through testimony that may ultimately be rendered superfluous, and would have to sift through what may end up being a cluttered record, to determine what the relevant facts are.  If the current proposal is accepted, however, defendants can streamline their affidavits, focus their efforts, and burden the Court with less paper.

Similarly, if plaintiffs press an issue that they have not particularly focused on previously, it would become necessary under the pre-trial order as it currently stands for defendants to supplement their direct testimony affidavits to make sure they put on the best defense possible against all of plaintiffs' claims.  This will waste both the parties' and Court's time and result in inefficiency.

The requested deadline of one week before the anticipated start of defendants' case would give plaintiffs' counsel more than adequate time to read and digest the testimony and prepare cross-examinations.  If the Court has concerns regarding this issue, however, defendants are amenable to such earlier disclosure date as the Court deems appropriate.

Other courts using the method of written direct testimony have staged the parties' filing dates for the above reasons.  In *U.S. v. Microsoft Corp.*, Civ. No. 98-1232, 98-1233 (D.D.C. 1998), the Court entered a Pretrial Order No. 1, requiring both parties to file direct testimony declarations on September 3, 1998.  However, "[u]pon consideration of the proposals of the parties for a further pretrial order to supplement Pretrial Order No. 1," the Court entered Pretrial Order No. 2, which required plaintiffs to file their direct testimony declarations on September 3, 1998 and defendant to file its direct testimony declarations "on or before five (5) days prior to the date on which the Court and counsel anticipate plaintiffs' case-in-chief will be completed."  *See* Exhibit A hereto.  *See also Jones v. Frank*, 142 F.R.D. 1, 2-3 (D.D.C. 1992) (ordering plaintiff's counsel to serve written direct testimony upon defendant's counsel on August 4, 1992,

and ordering defendant's counsel to serve written direct testimony upon plaintiff's counsel on August 10, 1992) (Exhibit B hereto); *Federal Trade Commission v. Verity Int'l, Ltd.*, 2002 WL 1446627 (S.D.N.Y. 2002) (ordering plaintiff to serve direct testimony affidavits on defendants on July 22, 2002 and ordering defendants to serve direct testimony affidavits on plaintiff on August 2, 2002) (Exhibit C hereto).

Structuring the pretrial order in this fashion will enable Track 1 defendants to put on the best defense possible based on plaintiff's case-in-chief and will result in efficiencies for both the parties and the Court.

Plaintiffs have not assented to this proposal.

### Brief Direct Examinations of Witnesses

In addition, defendants request that the Court allow defendants to conduct direct examinations of no more than fifteen (15) minutes of each defense witness before plaintiffs cross-examine a witness. This brief direct examination will highlight relevant testimony in the affidavits of defense witnesses and provide some context for the cross-examination of the witnesses, thereby assisting the Court in evaluating evidence. For the same reason, defendants do not oppose plaintiffs conducting direct examinations of each plaintiffs' witness before defendants cross-examine the witness.

Plaintiffs have agreed that both parties should have the opportunity to conduct brief direct examinations before the cross-examination of witnesses begin.

### Direct Testimony of One Expert Witness

The Track 1 defendants also respectfully request that each side be allowed to present the direct testimony of one expert in the form of a live tutorial to supplement the experts' written submissions. The Court has commented that the tutorials presented in connection with the Track

1 class certification motions greatly aided the Court in gaining an understanding of the industry workings and the salient issues. The presentation of introductory tutorials at trial on the merits would serve the same end. The tutorials would provide context for the parties' extensive citation to government reports, public literature and other materials pertaining to the evolution of the private and public reimbursement regimens and the meaning of AWP. The tutorials also would afford the Court with the opportunity to question the experts on issues that otherwise would fall outside a narrow-tailored cross-examination. Without expanding the scope of the proceeding, this even-handed proposal allows for a more complete record and thereby furthers the fair adjudication of the dispute.

Plaintiffs have not assented to this proposal.

## CONCLUSION

For all the reasons set forth above, the Court should (1) modify the August 21, 2006 Amended Pretrial Order to require that defendants' witness affidavits shall be served and filed at least one week prior to the anticipated start of defendants' case-in-chief (2) allow the parties to conduct brief direct examinations (no more than fifteen minutes) of witnesses before the witnesses are cross-examined; and (3) allow the parties to present the testimony of one expert in the form of a tutorial.

Dated:   Boston, Massachusetts
         September 22, 2006

Respectfully Submitted,

By:   /s/ Katherine B. Schmeckpeper
      Nicholas C. Theodorou (BBO # 496730)
      Lucy Fowler (BBO #647929)
      Katherine B. Schmeckpeper (BBO #668200)
      FOLEY HOAG LLP
      155 Seaport Blvd.
      Boston, Massachusetts 02210
      Tel: (617) 832-1000

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexingon Avenue
New York, New Your 10017
Tel: (212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP


Steven M. Edwards
Lyndon M. Tretter
HOGAN & HARTSON, LLP
875 Third Avenue, Suite 2600
New York, NY  10022
Tel: (212) 918-3000

Attorneys for the Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.


William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
Tel: (212) 336-2000

Attorneys for the Johnson & Johnson Defendants


John T. Montgomery (BBO #352220)
Brien T. O'Connor
Steven A. Kaufman (BBO #262230)
Darcy W. Shearer
Eric P. Christofferson (BBO #654087)
ROPES & GRAY LLP
One International Place
Boston, MA  02110
Tel:  (617) 951-7000

Attorneys for Schering-Plough Corp. and
Warrick Pharmaceuticals Corp.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiffs on this motion and plaintiffs' counsel assented in part and objected in part to the motion.

                                          /s/ Nicholas C. Theodorou
                                          Nicholas C. Theodorou

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on September 22, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                          /s/ Katherine B. Schmeckpeper
                                          Katherine B. Schmeckpeper