

Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 1446627 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
FEDERAL TRADE COMMISSION, Plaintiff,
v.
VERITY INTERNATIONAL, LTD., et al.,
Defendants.
**No. 00 Civ. 7422(LAK).**

July 3, 2002.

ORDER

KAPLAN, J.

**\*1** 1. The defendants' motions for summary judgment dismissing the complaint all are denied.

2. This case is set for trial on August 19, 2002 at 10 a.m. The parties' attention is invited to the individual procedures of the undersigned that relate to the manner in which bench trials are conducted.

3. In the absence of an agreement among the parties providing for a trial on a stipulated record, the conclusion of which is encouraged by the Court in the interests of judicial economy and the efficient and low cost handling of the matter for the parties, the following schedule shall govern the service and filing of trial materials:

a. Plaintiff shall serve affidavits or declarations containing the direct testimony of all of its witnesses, deposition designations, and copies of all their premarked exhibits not previously furnished on defendants on or before July 22, 2002.

b. Defendants shall serve statements identifying each of plaintiff's witnesses whom they wish to cross-examine at trial, affidavits or declarations containing the direct testimony of all of their witnesses, deposition designations and cross-designations, and copies of all their premarked exhibits not previously furnished on plaintiff on or before August 2, 2002.

c. Plaintiff shall serve statements identifying each of defendants' witnesses whom they wish to cross-examine at trial, rebuttal deposition designations and cross-designations and affidavits or declarations containing the direct rebuttal testimony of all of their witnesses on or before August 9, 2002.

d. Defendants shall serve statements identifying each of plaintiff's rebuttal witnesses whom they wish to cross examine at trial on or before August 12, 2002.

4. All affidavits and declarations submitted pursuant hereto shall be marked as exhibits by the party tendering them and the originals thereof filed with the Clerk.

5. Following the completion of the exchange of deposition designations, the parties shall prepare for submission to the Court a single volume of the deposition testimony of each witness for whom testimony is designated containing only pages containing designated testimony, with the pages marked in different colors to indicate the identity of the parties designating particular portions of the testimony and any testimony to which an objection is pressed. These volumes shall be marked "EBT" followed by a number specific to each witness and shall be submitted to Chambers. The parties shall not designate testimony that is cumulative of anything contained in affidavits or declarations of the witness which are submitted pursuant hereto.

6. Two copies of all affidavits, declarations, deposition excerpts, and exhibits relied upon by any party shall be submitted to Chambers no later than August 12, 2002. In the event any party intends to rely upon any legal argument or authority not previously brought to the Court's attention in the motions for summary judgment, it shall serve and file, a provide to Chambers, a trial brief setting forth such additional matters.

**\*2** 7. Irrespective of whether the trial proceeds pursuant to paragraphs 3 through 6 or upon a stipulated record, all evidentiary material and briefs relied upon by any party shall be submitted to Chambers no later than August 12, 2002.

8. Absent a showing of cause, the Court will hear live testimony only to permit cross and redirect examination of witnesses for whom affidavits or declarations containing direct testimony are submitted and to hear the testimony of witnesses who are not within the parties' control and from whom the parties are unable to obtain affidavits or declarations.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2002 WL 1446627 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

9. In accordance with the parties' estimate of the time required for trial, the Court has set aside three days for the trial of this case although it anticipates that the trial will be concluded in a shorter time. The parties should have all witnesses available in Court or on short notice, as the Court reserves the right to terminate any party's presentation of evidence if it runs out of evidence to present prior to the close of the Court day.

SO ORDERED.

S.D.N.Y.,2002.
Federal Trade Com'n v. Verity Intern., Ltd.
Not Reported in F.Supp.2d, 2002 WL 1446627 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:00cv07422 (Docket) (Oct. 02, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.