# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## REPLY MEMORANDUM IN SUPPORT OF SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO CLASS 3 CLAIMS

Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") respectfully submit this memorandum in reply to Plaintiffs' Response to Schering-Plough's Individual Motion for Summary Judgment as to Class 3 ("Plaintiffs' Opposition"). Most of Plaintiffs' Opposition addresses issues and facts that were subjects of previous filings and to which Schering and Warrick have already responded. Specifically, Schering and Warrick have previously responded to the following:

- Plaintiffs' mischaracterization of an innocuous email written by Brian Longstreet. (*See* Schering's and Warrick's Mem. in Opp'n to Pls.' Mot. for Partial Summ. J. Against All Track 1 Defs. ("Schering's and Warrick's Opp'n") at 8; Reply Mem. in Supp. of Schering's and Warrick's Mot. for Summ. J. as to Class 2 Claims ("Schering's and Warrick's Reply re: Class 2") at 8.)

- Plaintiffs' mischaracterization of HHS OIG Guidelines. (*See* Track 1 Defs.' Joint Mem. in Opp'n to Pls.' Mot. for Partial Summ. J. Against All Track 1 Defs. at 9-11; Reply Mem. of Law in Further Support of Track 1 Defs.' Mot. for Summ. J. at 5-6.)

- Plaintiffs' mischaracterization of a handful of documents discussing drug prices and related subjects. (*See* Schering's and Warrick's Opp'n at 9-11; Schering's and Warrick's Reply re: Class 2 at 8-9.)

The only issue in Plaintiffs' Opposition not already addressed in prior filings is their mischaracterization and misuse of a settlement agreement between Schering and the United States announced on August 29, 2006 (the "Settlement Agreement"), attached as Exhibit A. Plaintiffs make factually erroneous assertions about the substance and scope of the Settlement Agreement, and they draw fallacious inferences concerning its legal and evidentiary effect in this proceeding.[1]

Plaintiffs assert that summary judgment as to their AWP claims relating to Intron-A® is inappropriate because Schering "has pled guilty to paying substantial kickbacks to doctors on this very drug." (Pls.' Opp'n at 10.) That assertion is false. Schering Sales Corporation agreed to plead guilty to a single charge of conspiracy to violate 18 U.S.C. § 1001 (making false statements) regarding certain alleged promotional activities unrelated to AWP, and to Best Price reporting on a drug not involved in this case. The plea did not relate to kickbacks on any drug, and it certainly did not involve AWP. Moreover, since nothing in the Settlement Agreement relating to the civil settlement was admitted or proved, the civil settlement has no legal or evidentiary effect on any other matter. (*See id.* ¶ II.J.)

The doctrine of claim preclusion – which "bars relitigating claims that were raised or could have been raised in [a prior] action" – does not apply. *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 429 (1st Cir. 2005) (citing *Breneman v. United States ex rel. F.A.A.*, 381 F.3d 33, 38

---

[1] In addition to their opposition, Plaintiffs also filed a declaration pursuant to Fed. R. Civ. P. 56(f) requesting documents related to the Settlement Agreement. (*See* Decl. of Steve W. Berman Pursuant to Rule 56(f) with Respect to Schering's Mot. for Summ. J. as to Class 3.) Plaintiffs' document request is inappropriate because the Settlement Agreement does not address issues in this matter and because all of the requested materials were previously produced. (*See* Letter from Adam Wright to Steve W. Berman (Sept. 8, 2006), attached as Ex. B.)

(1st Cir. 2004)).  Its elements include "(1) a final judgment on the merits in an earlier

proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and

later suits, and (3) sufficient identicality between the parties in the two actions."  *Id.*  Obviously,

none of these three requirements exists here.

The doctrine of issue preclusion is likewise inapplicable.  That doctrine "bars relitigation

of any factual or legal issue that was actually decided in previous litigation between the parties,

whether on the same or a different claim." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30

(1st Cir. 1994) (internal citation omitted); *see also Gonzalez-Pina*, 407 F.3d at 429-31.  Its

elements require that "(1) the issue sought to be precluded must be the same as that involved in

the prior action; (2) the issue must have been actually litigated; (3) the issue must have been

determined by a valid and binding final judgment; and (4) the determination of the issue must

have been essential to the judgment." *Id.*  Here, not only were there no AWP-related issues

addressed in the Settlement Agreement, none of the issues addressed in the Agreement was

"actually litigated."

The Settlement Agreement creates no evidentiary effect: it is not an admission, it contains

no admission, and it contains no statement of a party-opponent.  It is simply hearsay relating to

irrelevant issues and is wholly irrelevant.  *See* Fed. R. Evid. 408.

### CONCLUSION

For all of the foregoing reasons, and those contained in their and the Track 1 original

memoranda, Schering and Warrick respectfully request that their motion for summary judgment

as to Class 3 claims be GRANTED.

Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation
By their attorneys,


/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  September 22, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.


/s/ Eric P. Christofferson
Eric P. Christofferson