UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS'
MOTION TO AMEND PRETRIAL ORDER**

As set forth below, Plaintiffs oppose two aspects of the Track 1 Defendants' Motion to Amend Pretrial Order.  Plaintiffs do not oppose and indeed join in Defendants' request that both sides have the opportunity to conduct brief, 15-minute direct examinations before the cross-examination of a witness begins.

**A.    The Court Should Not Amend The Order As To The Exchange Of Direct Testimony
         Affidavits**

Plaintiffs oppose Defendants' quest to postpone the date for Defendants' submission of witness affidavits.  Claiming that it would be unfair to require them to submit direct testimony affidavits simultaneously with Plaintiffs on October 27, 2006, Defendants seek leave to file witness affidavits at a date uncertain but "at least one week prior to the anticipated start of defendants' case-in-chief."  Defs. Br. at 1.

Defendants' position is unsupported.  Defendants know what witnesses they wish to call and should be required to submit that testimony on October 27th just like Plaintiffs, as the Amended Pretrial Order presently and cogently provides.  Contrary to the defense argument, postponing Defendants' witness submissions will not provide greater trial efficiency but will

- 1 -

- 2 -

likely result in inefficiencies, as Plaintiffs and the Court will be unable to begin reviewing Defendants' testimony until later in the trial.  It also increases the likelihood that Plaintiffs will have to recall witnesses for purposes of rebuttal testimony.

Defendants' proposal also prejudices Plaintiffs – who, as Defendants remind us, have the burden of proof – by permitting Defendants to have an advance pre-trial review of the totality of Plaintiffs' witness testimony while simultaneously blindfolding Plaintiffs and making them have to respond "on the fly" to Defendants' later designations.  This bench trial is not proceeding on the more traditional path where live witnesses are called and testimony rendered witness-by-witness after trial begins.  Rather, the Court has called for the submission of written direct testimony before trial commences.  Notably, in discussing the presentation of direct testimony through written statements prepared and submitted in advance of trial, the *Manual for Complex Litigation* does ***not*** differentiate between plaintiffs and defendants and does not call for a staggered disclosure of the type Defendants want here.  *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, §12.51 at 164 (2004).  Defendants – seeking unfair advantage as they so often do – overlook fundamental notions of equity:  under a trial procedure in which testimony is submitted *ex ante* and in bulk before trial, those submissions need to be a "two-way" street in order to ensure fairness to both sides.  The Court should reject Defendants' attempt to gain unfair advantage.[1]

The authorities that Defendants cite do not help them.  The Final Pretrial Order in *U.S. v. Microsoft Corp.*, Civ. No. 98-1232, 98-1233 (D.D.C. 1998), called for the submission of written witness testimony witness-by-witness and not in bulk before trial starts, as Defendants would have Plaintiffs – but not Defendants – do here.  And Defendants' two other case citations do not

---

[1] In the event that Defendants later believe that witness affidavits are necessary to rebut Plaintiffs' testimony (where the need for such rebuttal was reasonably unforeseeable), the Court can consider any such requests on a case-by-case basis.  And, if done, in fairness the opportunity should also be available to Plaintiffs.

support what they now seek given that the courts in both decisions (i) required ***both*** plaintiffs and defendants to submit written direct testimony ***before*** the commencement of trial, and (ii) required the defendants to submit their direct testimony just a week after the plaintiffs did (and not several weeks later at the close of plaintiffs' case-in-chief).  *See Jones v. Frank*, 142 F.R.D. 1, 2-3 (D.D.C. 1992); *Federal Trade Commission v. Verity Int'l, Ltd.*, 2002 WL 1446627 (S.D.N.Y. 2002).

**B.       The Direct Testimony Or "Tutorial" From One Expert Witness Is Unnecessary**

Plaintiffs oppose Defendants' request "to present the direct testimony of one expert in the form of a live tutorial to supplement the experts' written submissions."  Defs. Br. at 4. Defendants promise that such a tutorial will somehow enhance the Court's understanding of "private and public reimbursement regimens and the meaning of AWP."  Defs. Br. at 5. However, the Court needs no further assistance in discerning the meaning of AWP, especially in the context of the Medicare program.  As the Court has already recognized, that exercise is a matter of statutory construction properly left to the Court.  It is certainly not the proper subject of expert testimony, which would predictably devolve into pure advocacy by Defendants' so-called experts.[2]  Moreover, the Court has before it reams of briefing on this topic from the Track 1 Defendants, the Track 2 Defendants, Plaintiffs and now the United States Government, which recently submitted an amicus brief correctly urging the Court to adopt the plain meaning of AWP.

Further still, there is simply no need for additional "tutorials" on "industry workings." The Court already considered such tutorials at the Track 1 class certification stage, has reviewed the parties' extensive expert submissions, and Defendants' own documents illustrating how the

---

[2] One bristles at the prospect of Accountant Young providing an unsupported lecture to the Court on what Congress and CMS intended AWP to mean within the context of Medicare Part B.

- 3 -

industry works. Moreover, the Court has the benefit of the Berndt report. The Court is already well-prepared as a result of prior proceedings. Consequently, an additional tutorial on "industry workings" would result in a waste of valuable trial time.

Defendants' quest to submit an "expert" tutorial on these topics constitutes nothing more than yet another ploy to distract the Court from issuing summary judgment in Plaintiffs' favor on the meaning of AWP. The Court should reject Defendants' entreaties.

DATED: September 25, 2006

By  /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 5 -

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
The Haviland Law Firm
740 S. Third Street, 3rd Floor
Philadelphia, PA  19147
Facsimile:  (215) 392-4400
Telephone:  (215) 609-4661

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION TO AMEND PRETRIAL ORDER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 25, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292