# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Judge Patti B. Saris |

### DECLARATION OF ERIC P. CHRISTOFFERSON IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM SHEET METAL WORKERS NATIONAL HEALTH FUND

I, ERIC P. CHRISTOFFERSON, declare as follows:

1. I am an associate of the firm of Ropes & Gray LLP, attorneys for Defendants Schering-Plough Corporation and Warrick Pharmaceuticals Corporation in the above-referenced actions, and I have been admitted to practice before this court. I submit this declaration of my own personal knowledge in support of Defendants' Motion to Compel the Production of Documents from Sheet Metal Workers National Health Fund. Attached hereto are the following exhibits:

   a. Exhibit A is a true and correct copy of this court's Case Management Order No. 13 issued on March 10, 2005.

   b. Exhibit B is a true and correct excerpt from Plaintiffs Third Amended Master Consolidated Complaint ("TAMCC"), filed on October 17, 2005.

c. Exhibit C is a true and correct copy of an October 24, 2005 letter from Jennifer Fountain Connolly to D. Scott Wise.

d. Exhibit D is a true and correct copy of an October 31, 2005 letter from Jennifer Fountain Connolly to D. Scott Wise and Eric P. Christofferson.

e. Exhibit E is a true and correct copy of a November 24, 2005 letter from Jennifer Fountain Connolly to Eric P. Christofferson.

f. Exhibit F is a true and correct copy of Defendants' First Request for Production of Documents to Sheet Metal Workers National Health Fund ("SMW"), dated and served on December 13, 2005.

g. Exhibit G is a true and correct copy of this court's Case Management Order No. 19, issued December 29, 2005.

h. Exhibit H is a true and correct copy of this court's Consolidated Order Re: Motion for Class Certification, issued on January 30, 2006.

i. Exhibit I is a true and correct copy of a March 29, 2006 letter from Kenneth A. Wexler to Eric P. Christofferson.

j. Exhibit J is a true and correct copy of a September 14, 2006 letter from Eric P. Christofferson to Kenneth A. Wexler.

k. Exhibit K is a true and correct copy of a September 18, 2006 letter from Jennifer Fountain Connolly to Eric P. Christofferson.

l. Exhibit L is a true and correct excerpt of a SMW document entitled Sheet Metal Workers' National Health Fund: Consultant's Annual Experience and Statistical Report Year Ended December 31, 2004.

-3-

    m.  Exhibit M is a true and correct copy of an excerpt of a hearing held before this Court on May 23, 2006.

    n.  Exhibit N is a true and correct copy of an excerpt of a hearing held before this Court on June 26, 2006.

2.    On October 24, 2005 and October 31, 2005, Plaintiffs produced materials from SMW in order to comply with Judge Saris's order of August 16, 2005 requiring them to produce documents to support the addition of any newly proposed class representatives.

3.    On November 17, 2005, Defendants deposed SMW's first 30(b)(6) witness, Glenn Randle.

4.    On November 24, 2005, Plaintiffs produced additional material on behalf of SMW which included a Third Party Administrator Agreement with Southern Benefit Administrators and a 2004 Annual Report.

5.    On December 13, 2005, Defendants served upon Plaintiffs the First Request for Production of Documents to Sheet Metal Workers National Health Fund seeking additional information relevant to the case. (*See* Ex. G.) In response to this request, Plaintiffs began producing claims data from SMW at the end of December 2005 and throughout January 2006.

6.    Thereafter, I had a telephonic meet and confer with Plaintiffs' counsel to discuss remaining issues relating to SMW's response to the December 13 request. Plaintiffs asserted they were continuing to look for responsive material. Though I did not focus on the documents that are the subject of the instant motion to compel during that conversation, I also did not waive any right to insist on the production of such documents at a later time.

7. On March 29, 2006, I received a letter from Mr. Wexler confirming that SMW did not have additional documents relating to the issues discussed in our meet and confer earlier that month. (*See* Ex. J.)

8. After Judge Saris ordered a trial would go forward with respect to Class 2 claims against track one defendants in November 2006, I served upon Plaintiffs counsel, on September 14, 2006, a letter requesting production of additional documents, all of which are responsive to the December 13 document request and which are needed to prepare for that upcoming trial.

9. On September 15, 2006, I had a conversation with Plaintiffs' attorney Connolly about the September 14 request.

10. On September 18, 2006, I received a letter from Ms. Connolly, on behalf of SMW, indicating that SMW would not produce additional documents in response to my letter of September 14, 2006. (*See* Ex. K).

I declare under penalty of perjury that the foregoing is true.

/s/ Eric P. Christofferson
Eric P. Christofferson

Dated: September 26, 2006

-4-

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson_____
Eric P. Christofferson