**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL CLASS ACTIONS ) ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**SCHERING-PLOUGH CORPORATION'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL IT TO PRODUCE DOCUMENTS AND DATA UNDERLYING CRIMINAL PLEA AND SETTLEMENT AGREEMENT**

Schering-Plough Corporation ("Schering") respectfully submits this memorandum in opposition to Plaintiffs' Emergency Motion to Compel Schering Plough to Produce Documents and Data Underlying Criminal Plea and Settlement Agreement ("Plaintiffs' Motion").

**PRELIMINARY STATEMENT**

Plaintiffs' Motion contains factually erroneous assertions and draws fallacious inferences concerning a settlement agreement between Schering and the United States announced on August 29, 2006 in an entirely separate case (the "Settlement Agreement", attached as Exhibit A to Declaration of Steve W. Berman in Support of Plaintiffs' Motion ("Berman Decl.")). As this Court stated when the Plaintiffs sought to be heard on this very issue in connection with the Rule 11 allocution in the unrelated criminal matter, "AWP is not a part of [that case]." (*See* 9/20/2006 Hr'g Tr. in *United States v. Schering Sales Corp.*, 06-10250-PBS ("Rule 11 Hr'g Tr."), excerpts attached hereto as Ex. A, at 43.) Plaintiffs' assertion that the conduct described in the Settlement Agreement is "relevant to the AWP MDL plaintiffs' claims and admissible in the impending

10208187_2

trial" (Pls.' Mot. at 8) is wrong on both counts.  For these reasons, among others, Plaintiffs' Motion must fail.

## ARGUMENT

### I. PLAINTIFFS MAKE FACTUALLY ERRONEOUS AND MISLEADING ASSERTIONS ABOUT THE SETTLEMENT AGREEMENT

Plaintiffs make several errors in describing the Settlement Agreement, which errors are apparent from the words of the document itself.

First, Plaintiffs conflate the criminal plea with the civil settlement, asserting that the "Agreement *and* criminal plea encompass" conduct that in fact is only recited as part of the civil settlement.  (Pls.' Mot. at 2-3).  Schering Sales Corporation agreed to plead guilty to a single charge of conspiracy to violate 18 U.S.C. § 1001 regarding certain alleged promotional activities unrelated to AWP, and to Best Price reporting on a drug not involved in this case.  (Settlement Agreement ¶ B.)  The conduct described on pages two and three of Plaintiffs' Motion appears only in the Settlement Agreement as part of the civil settlement.  Of course, the distinction between the criminal plea agreement and the civil settlement are critical because nothing in the civil settlement was admitted, proved, or litigated.  (*See id.* ¶ II.J.)

Second, Plaintiffs err in describing the conduct alleged as part of the civil settlement. Contrary to Plaintiffs' assertion, the Government did not allege that Schering was "paying $500.00 per patient to induce doctors to prescribe Peg Intron."  (Berman Decl. ¶ 3.)  As Schering has already explained in correspondence to Plaintiffs, the allegedly improper $500.00 payments were made through the "ReCAP program," which is the Rebetron Combination Therapy Compliance Assessment Program; that program involved not PEG-Intron, but Rebetron, which is

10208187_2                              -2-

not – and has never been – a subject drug in this case.[1]  (9/8/2006 Ltr. from John T. Montgomery to Steve W. Berman, attached to Berman Decl. as Ex. E.)

## II. PLAINTIFFS DRAW FAULTY CONCLUSIONS ABOUT THE EFFECT OF THE SETTLEMENT AGREEMENT ON THIS CASE

The criminal plea has no collateral effect because, as the Court has already said, it does not involve AWP.  The civil settlement has no collateral effect because no issue was admitted, proved, or litigated.

The doctrine of claim preclusion – which "bars relitigating claims that were raised or could have been raised in [a prior] action" – does not apply.  *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 429 (1st Cir. 2005) (citing *Breneman v. United States ex rel. F.A.A.*, 381 F.3d 33, 38 (1st Cir. 2004)).  Its elements include "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions."  *Id*.  Obviously, none of these three requirements exists here.

The doctrine of issue preclusion is likewise inapplicable.  That doctrine "bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) (internal citation omitted); *see also Gonzalez-Pina*, 407 F.3d at 429-31.  Its elements require that "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must

---

[1] Thus, to the extent Plaintiffs complain that their "review of the MDL discovery does not reveal such payment records [for PEG-Intron] were produced," (Berman Decl. ¶ 3), their failure to locate them is due to the fact that they do not exist.

10208187_2          -3-

have been essential to the judgment." *Id*.  Here, not only were there no AWP-related issues addressed in the Settlement Agreement, none of the issues addressed was "actually litigated."

Thus, the Settlement Agreement has neither legal nor evidentiary effect in the MDL: it is not an admission, it contains no admission, and it contains no statement of a party-opponent.  It is simply hearsay relating to unrelated issues and is wholly irrelevant.  *See* Fed. R. Evid. 408.

### III. SCHERING HAS FULFILLED ITS DISCOVERY OBLIGATIONS IN THIS CASE

Schering has met its discovery obligations to Plaintiffs in this matter.  Schering produced 14 witnesses for deposition and – as Plaintiffs concede – millions of pages of documents in response to Plaintiffs' breathtakingly broad discovery requests.  Plaintiffs' complaint that they "cannot find evidence of inducements paid to doctors to use Temodar or Intron-A, as described in the Settlement Agreement"[2]  (Berman Decl. ¶ 4) is not surprising; it is, and has been throughout, Schering's position that there were no payments of the kind and no documents reflecting non-existent payments.  The allegations of such payments appear in the Settlement Agreement as the Government's allegations, which were neither proved nor admitted.  Schering is well aware of its obligations to supplement its responses to discovery requests under Rule 26, and it is unaware of any non-privileged material not already produced that is responsive to Plaintiffs' document requests.

To the extent that Plaintiffs seek new discovery, such as an additional witness for deposition, their request should be denied because discovery has been closed for more than a year, pursuant to CMO No. 13.  Any suggestion by Plaintiffs that discovery should be reopened because responsive documents "may have been willfully suppressed" by Schering is entirely

---

[2] Plaintiffs imply that Schering intentionally "dumped" millions of pages of documents on Plaintiffs in an attempt to hide a needle in a haystack.  (Pls.' Mot. at 6).  This implication is entirely without merit.  First, if Plaintiffs did not want to receive millions of pages of documents, they should have tailored their requests more narrowly.  Second, it is Schering's position that there is no "needle".

10208187_2                                    -4-

-5-

unfounded.  Plaintiffs' allegation is based on factual and legal misinterpretations of the Settlement Agreement.  Discovery neither should be, nor needs to be, reopened.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs Motion should be DENIED.

Respectfully Submitted,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation*

Dated:  September 26, 2006

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                    /s/ Eric P. Christofferson_____
                                                    Eric P. Christofferson