# Exhibit B



**ROPES & GRAY LLP**
ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

RECEIVED
SEP 1 1 2006
HAGENS BERMAN LLP

September 8, 2006

Adam Wright
(617) 951-7956
awright@ropesgray.com

**BY FEDERAL EXPRESS**

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456

Dear Steve:

I write on behalf of Schering-Plough Corporation in response to your letter to John T. Montgomery dated August 30, 2006, your letter to all defense counsel dated August 31, 2006, and Plaintiffs' Notice of Rule 30(b)(6) Deposition to Schering-Plough and to Schering Sales served on August 30, 2006.

These several items address the Settlement Agreement and Release ("Settlement") between Schering and the federal government that was announced on August 29, 2006. The Settlement did not involve AWP issues, but you suggest that the Settlement calls into question whether Schering has produced in this action documents that should have been produced relating to Intron A and Temodar. Please be assured that all documents that should have been produced have been produced.

We are – and always have been – mindful of our obligations under Fed. R. Civ. P. 26(e)(2), as well as our general obligations under the discovery rules and the orders of this Court. In the past, whenever we have had reason to believe that discovery responses should be supplemented, we have supplemented them, and the same would be true if a need for supplementation were to arise in the future. Prior to receiving your correspondence, we did not have reason to believe that a need for supplementation existed in this action, nor had Plaintiffs suggested that one existed. Nevertheless, we have conducted a review of our document production in light of your recently expressed concerns regarding Intron A and Temodar.

Based on this review, we have found no reason to supplement our discovery responses. For example, your expressed concern that Intron A was part of the ReCAP program is misplaced. The ReCAP Program, which is the Rebetron Combination Therapy Compliance Assessment Program, involved Rebetron, which is not – and has never been – a subject drug in this case.

10194048_1

Steve W. Berman -2- September 8, 2006

Nowhere in the section describing ReCAP in the Settlement Agreement – page 6, paragraph (v) – is Intron A mentioned. In light of this apparent misunderstanding, we have attached, for your review, the publicly released version of the Settlement Agreement.

As for Plaintiffs' Notice of Rule 30(b)(6) Deposition, we respectfully remind you that discovery has been closed by order of the Court for more than a year. Trial is scheduled to begin in two months. Schering and Warrick, during a discovery period that lasted almost three years, produced numerous deponents, including deponents pursuant to Fed. R. Civ. P. 30(b)(6), in response to numerous requests from Plaintiffs. Under such circumstances, additional discovery is both inappropriate and unnecessary.

Should you wish to conduct such further discovery, we suggest that you file a motion with the Court requesting leave to do so. Should you wish to discuss any of the foregoing, we would be pleased to speak with you at your earliest convenience.

Very truly yours,

Adam Wright

Enclosure

cc: John T. Montgomery, Esq.
    All Counsel of Record via Lexis File & Serve