**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS PLAINTIFFS' RESPONSE TO THE COURT'S REQUEST**
**CONCERNING THE FEASIBILITY OF NOTICE TO CONSUMERS**
**IN CLASS 3 PRIOR TO NOVEMBER 6, 2006 TRIAL**

I.      Introduction

In CMO Number 28 the Court informed the parties that it intended to include claims by members of Class 3 (class members making payments based on AWP outside of the Medicare context) in the trial scheduled to begin on November 6, 2006.  The Court also instructed the parties to address the feasibility of giving notice to consumers in Class 3 prior to the start of trial.

Plaintiffs have investigated the possibility of providing notice to consumers in Class 3 prior to November 6, 2003, and continue to do so through the date of this filing.  While it is possible to provide publication notice to consumers in Class 3 prior to November 6, 2006 and still provide a sufficient amount of time for consumers to exercise their option to opt-out, from the information currently available to Plaintiffs it appears that direct mail notice to Class 3 consumers is not possible prior November 6, 2006.  Plaintiffs report their finding to date for the Court's consideration.

II.     Form of Notice

Attached hereto as Exhibits A and B are a proposed publication form of notice to consumers in Class 3 and the actual long-form notice, respectively.  These notices follow closely the forms of notice that were approved previously by the Court for both Consumers in Class 1 and TPPs in Classes 2 and 3.  Plaintiffs have conferred with Defense counsel on the content of these notice forms and there is no objection by Defendants concerning these forms of notice.

It should be noted by the Court that in order to effectuate a publication plan as outlined in Section III below and in the attached Notice Plan, Plaintiffs and the notice experts would need approval by the Court by October 4, 2006 in order to make arrangements to place the publication notice with the proposed publications in time to meet the proposed publication schedule prior to the November 6, 2006 trial.

III.    Feasibility of Publication Notice

Attached hereto as Exhibit C is a Notice Plan developed by Kinsella/Novak Communications that is designed to reach consumers in Class 3 primarily through publication notice in 24 state and regional newspapers.  Attached as Exhibit D hereto is a schedule reflecting the proposed publications and proposed publication dates.  If approved by the Court and implemented, the final publication would occur on October 27, 2006.

The notice program is designed to reach a target audience consisting of 1) adults 35 years of age and older in Massachusetts who use branded or generic prescription drugs during the past 12 months, 2) adults 18 years of age and older in Massachusetts who used branded or generic prescription drugs during the past 12 months, and 3) Adults 35 years of age and older in Massachusetts, which is likely to include a majority of heirs.

001534-16  130545 V1

Beginning on October 8, 2006 and running through October 27, 2006 the publication notice would achieve the following reach and frequency among these target audiences:

| TARGET | % OF TARGET REACHED | AVERAGE FREQUENCY |
|---|---|---|
| Drug Consumers Adults 35+ | 81.0% | 4.6 |
| All Drug Consumers | 76.8% | 4.5 |
| Adults 35+ | 82.0% | 4.5 |

Because most of the publications occur prior to October 22, 2006, the proposed schedule would allow for most of the exposure to the ads and the vast majority of the reach and frequency to accumulate by October 22, 2006, allowing most members of the class two or more weeks to opt-out of the class by post-marking an opt-out form on or before November 6, 2006.

IV.    Feasibility of Direct Mail Notice to Class 3 Consumers

Since the Court has in the past expressed interest in the feasibility of notice to consumers in Class 3 through the use of contact information and data procured through their insurers, Plaintiffs have undertaken an effort to identify the amount of effort and the time needed in order to accomplish direct notice to consumers in Class 3.

Unlike direct notice to Class 1 where the CMS database could be used, there is no one depository that can be utilized to identify all consumer members of Class 3.  However, the five largest insurers in the state of Massachusetts[1] cover approximately 87% of the "covered lives" in Massachusetts[2].  Accordingly, Plaintiffs have attempted, through contact with some of those insurers, to estimate the time and effort involved in obtaining the names and addresses of

---

[1] The insurers are Blue Cross Blue Shield of Massachusetts, Harvard Pilgrim Health Care, Tufts Health Plan, Fallon Community Health Plan, and Cigna Health Care of Massachusetts.

[2] AIS Database, 2004.

- 3 -

insureds who were responsible for payment of co-insurance for the drugs at issue for Track I

Defendants.  To date Plaintiffs have received feedback from two of the five largest insurers in

Massachusetts, Blue Cross Blue Shied of Massachusetts ("BCBSMA") and Tufts Health Plan

("THP").  Plaintiffs will continue to attempt to obtain information from the remaining three

plans.

The information obtained to date from BCBSMA and THP indicate that it is not possible

to obtain the information in a usable format such that it will be available to provide direct mail

notice to potential members of Class 3 prior to a trial in early November of 2006.

BCBSMA, who represent almost 50% of the covered lives in Massachusetts, estimates

that, from the inception of such a project it will take their personnel most familiar with the

databases at issue a minimum of 100 hours of work to identify the insureds who incurred co-

insurance obligations, match the random unique number associated with each insured to a second

database containing the name and address information and to update that contact information

such that it reflects the most recent information available.  Given current work schedules they

have indicated this would take a minimum of four weeks from inception to completed project.

The Court has previously heard testimony that Complete Claims Solutions requires

approximately two weeks from the date of receipt of a file containing names and addresses to

print and mail direct notices making a complete turn around time with respect to BCBSMA

insureds a minimum of six weeks.

Information from THP obtained to date is not as specific as to the process involved in

collection of THP data but their counsel has indicated they would need at least as much time as

BCBSMA from inception to completed project.  They have also indicated that as a matter of

policy, they would likely resist any subpoena of these records for use in providing notice to

- 4 -

insureds.  The potential motion practice involved in enforcing any such subpoena would also likely add to the time required to obtain these addresses.

It is currently not clear exactly how much time it would take in order to obtain insureds' contact information from these insurers.  However, Plaintiffs' informed estimate is that, with the cooperation of the Court in expeditiously scheduling and resolving any issues with regard to enforcement of subpoenas for this information, the information might be obtained and mailed notice sent within 10 weeks.  If the Court were to order such a notice program as early as the week of October 2, 2006, such notice may be accomplished by the week of December 4, 2006.  Plaintiffs stress that this is only an informed estimate and continue to attempt to obtain more specific information on an informal basis from the remaining health plans.

Plaintiffs also note for the Court's consideration the fact that in their most recent report to the Court on the progress in obtaining the names and addresses of members of Class 1 (Docket No. 3099), CMS indicated it would be able to generate the contact information for Class 1 members with respect to Track I Defendants in the Month of October 2006 rather than January 2007 as originally estimated.  Should the Court require direct mailed notice to members of Class 3, it may be possible to finalize notice to all members of all Classes for Track I sometime in early December of 2006.

V.    <u>Conclusion</u>

Plaintiffs have provided the Court with a publication notice plan that could accomplish publication notice to Consumers in Class 3 in time for the November 6, 2003 trial date.  In order to accomplish publication notice to Consumers in Class 3, Plaintiffs would need Court approval of the forms of notice attached hereto by October 4, 2006.  If the Court requires direct mail notice to consumers in Class 3, the information obtained by Plaintiffs to date indicates no such notice can be reasonably accomplished in time to provide direct mailed notice prior to the

- 5 -

November 6, 2006 trial date.  However, Plaintiffs believe that it may be possible to accomplish

direct mail notice to Class 3 within 10 weeks.


DATED:  September 28, 2006

By____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 6 -

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, 3rd Floor
Philadelphia, PA  19147
Telephone:  (215) 609-4661
Facsimile:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

001534-16  130545 V1

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of Plaintiffs' attorneys and that, on September 28, 2006, I caused copies of CLASS PLAINTIFFS' RESPONSE TO THE COURT'S REQUEST CONCERNING THE FEASIBILITY OF NOTICE TO CONSUMERS IN CLASS 3 PRIOR TO NOVEMBER 6, 2006 TRIAL to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 **/s/ Steve W. Berman**
Steve W. Berman

001534-16  130545 V1