## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY BY NON-MASSACHUSETTS THIRD-PARTY PAYORS, OR, IN THE ALTERNATIVE, TO PERMIT ALL PARTIES TO INTRODUCE TESTIMONY FROM NON-MASSACHUSETTS THIRD-PARTY PAYORS**

Defendants have taken approximately sixty (60) or more depositions of third-party payor ("TPP") class members.  Plaintiffs therefore anticipate that Defendants may attempt to call some of those TPP class members (Class 2 or Class 3) at trial.  Because many of the TPPs whose depositions were taken were not Massachusetts TPPs, and this Court has for the time being only certified classes of Massachusetts TPPs, Plaintiffs respectfully ask this Court to enter an order either (1) precluding Defendants from calling non-Massachusetts TPPs at trial or (2) allowing *both* Plaintiffs and Defendants to call a limited number of non-Massachusetts TPPs at trial.

For Class 2 and Class 3, this Court has certified Massachusetts-only classes under Mass. Gen. Laws Chapter 93A.[1]  Any purported knowledge acquired by TPPs not within the Court's definitions for those Classes is completely irrelevant to the knowledge possessed by Massachusetts TPPs.  As a matter of fairness, it would be improper to allow Defendants to

---

[1]  Class 2 is defined as "[a]ll Third-Party Payors who made reimbursements for drugs purchased in Massachusetts, or who made reimbursements for drugs and have their principal place of business in Massachusetts, based on AWP for a Medicare Part B covered Subject Drug that was manufactured by [Track 1 Defendants]."  *In re Pharm. Indus. Average Wholesale Price Litig.*, 233 F.R.D. 229, 231 (D. Mass. 2006).  Class 3 is, with regard to TPPs, defined as "all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases in Massachusetts, and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard and have their principal place of business in Massachusetts, for a physician-administered Subject Drug that was manufactured by [Track 1 Defendants]."  *Id.*

1

impute the collective knowledge of all TPPs onto Massachusetts TPPs collectively or to any individual Massachusetts TPP.  *See Adams v. Bernard*, No. 00-1248, 2001 Mass. Super. Lexis 470, at *8 (Mass. Super. Ct. Sept. 5, 2001) ("A duty exists under G.L.c. 93A to disclose material facts known to a party at the time of the transaction. There is no liability for failing to disclose what a person does not know.") (citations omitted) (holding real estate agent's general knowledge of industry was not sufficient to impute knowledge regarding specific real estate transaction where agent had no such knowledge).  Therefore, Defendants should be precluded from calling witnesses who represent non-Massachusetts TPPs.[2]

On the other hand, should this Court permit Defendants to introduce this testimony, Rule 16(c) provides the Court with broad discretion to formulate strategies to "facilitate the just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16(c)(16).  It would clearly be unjust to, on one hand, permit Defendants to, for example, call non-Massachusetts TPPs to testify regarding their purported knowledge of AWP/ASP spreads but not, on the other hand, permit Plaintiffs to call non-Massachusetts TPPs (such as some of the original proposed class representatives in this case) to testify that they lacked such knowledge.  And the Court should limit the amount of such testimony.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order either (1) excluding testimony from non-Massachusetts TPPs at trial or (2) allowing both Plaintiffs and Defendants to call a limited number of non-Massachusetts TPPs at trial.

---

[2]   As set forth in Plaintiffs' Memorandum In Support of Their Motion in Limine to Exclude Testimony Regarding the "Expectations" of Members of Class 2, any attempt by Defendants to introduce evidence regarding the purported knowledge of members of Class 2 should be likewise excluded for the reasons set forth in that Motion.

DATED:  October 3, 2006                         By_____/s/ **Steve W. Berman**_____
                                                 Thomas M. Sobol (BBO#471770)
                                                 Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 3, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY BY NON-MASSACHUSETTS THIRD-PARTY PAYORS, OR, IN THE ALTERNATIVE, TO PERMIT ALL PARTIES TO INTRODUCE TESTIMONY FROM NON-MASSACHUSETTS THIRD-PARTY PAYORS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 /s/ Steve W. Berman _____
Steve W. Berman