## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE "EXPECTATIONS" OF MEMBERS OF CLASS 2

Defendants have made clear that at trial they intend to introduce evidence regarding the spread expectations of members of Class 2, MediGap payors.  For example, even though Class 2 representative Sheet Metal Workers National Health Fund ("Sheet Metals") only seeks recovery on behalf of its Supplemental Medicare Wraparound Plus ("SMW+") Plan, which pays 20% of Medicare's allowable amount for Sheet Metals' retirees (as opposed to its active members), Track 1 Defendants recently filed an "emergency" motion to compel Sheet Metals to produce documents relating to plans for its active members.  *See* Emergency Motion to Compel the Production of Documents from Sheet Metal Workers National Health Fund [Dkt. No. 3137].  In that Emergency Motion, Defendants claimed that they needed these documents to show the purported "knowledge" of Sheet Metals of AWP/ASP spreads.  For the same reasons set forth in Plaintiffs' Opposition to that Motion [Dkt. No. 3142], which Plaintiffs hereby incorporate by reference, Defendants should be precluded from introducing evidence regarding the purported "knowledge" of Sheet Metals or any other member of Class 2 at trial.

I.    **This Court Has Repeatedly Held That A Third-Party Payors' ("TPP's") "Expectation" Of The AWP/ASP Spread Is Marginally Relevant To Members of Class 2**

Consistent with numerous expert opinions submitted in connection with Plaintiffs' motion for class certification of Track 1,[1] this Court, too, found in its Memorandum and Order Re:  Motion for Class Certification [Doc No. 1648] that:  "AWP was the basis for drug reimbursement under Medicare Part B for most of the proposed class period." *In re Pharm. Indus. Average Wholesale Pricing Litig.*, 230 F.R.D. 61, 70 (D. Mass. 2005).  This Court likewise found that:  "Medicare pays 80% of the allowed amount of a covered drug, and the beneficiary is responsible for paying the other 20%.  42 U.S.C. § 13951(a)(1)(S).  Many beneficiaries have purchased private 'MediGap' (or 'wrap around') insurance, which pays all or some of this 20% payment." *Id.* at 71.  Therefore, MediGap payors were, by statute, making payments based on AWP.  Thus, although this Court noted that "[s]ome TPPS [who are MediGap payors] may have greater sophistication with respect to the existence of spreads because they purchase self-administered drugs . . . [that knowledge was irrelevant because] the reimbursement rate is set by statute, not negotiation." *Id.* at 86.

Since issuing its order on class certification, this Court has not wavered from its view that TPP knowledge of AWP/ASP spreads is only marginally relevant to Class 2.  Indeed, in connection with hearing Plaintiffs' motion for class certification regarding the Track 2

---

[1] In his Declaration in Support of Plaintiffs' Motion for [Track 1] Certification (Sept. 3, 2004), Dr. Hartman explained that expectations were not an issue in the Medicare Part B context because reimbursement rates for Medicare Part B are not negotiated and instead are "set by regulation below the but-for AWP and at ASP." *Id.* at 24 n.52.  He further explained in his Rebuttal Declaration (Dec. 16, 2004) that "[g]iven Medicare's reliance upon AWP, Class member reimbursement for claims related to Medicare Part B coinsurance has been explicitly related to AWP." *Id.* ¶ 21(b), at 22.  During the December 6, 2004 evidentiary tutorial, Dr. Rosenthal explained that "[t]he third-party payors in this instance [MediGap] really take the reimbursement as set by Medicare and merely fill in that 20 percent.  So, they're not really in a position to negotiate." Trans. of Day One Tutorial – Evidentiary Hearing, at 18:10-13.  Dr. Berndt likewise concluded that, with regard to Part B reimbursement, AWP was the "*de facto*" benchmark by virtue of the statutory scheme in place.  Report of Independent Expert Professor Ernst R. Berndt To Judge Patti B. Saris [Dkt. No. 1384] ¶ 63.

2

Defendants, this Court recently reiterated this belief.  *See* Trans. of Track 2 class certification hearing (Sept. 12, 2006), at 49 ("By definition, they do pay based on AWP because that's what the statute says . . .") and at 74 ("That having been said, I've got a statute.  So, I mean, I'm vested in the statute.").

II.     **This Court May Exclude Irrelevant Evidence and May Exclude Relevant Evidence Unfairly Prejudicial to Plaintiffs**

Especially given the Court's previously holdings in this case, it is entirely appropriate to exclude evidence regarding the spread expectations of members of Class 2.  The Federal Rules of Evidence are plain that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.

Should this Court determine that Class 2 "knowledge" evidence is relevant to Defendants' statute of limitations defenses, it should limit the grounds upon which such "knowledge" evidence is admitted.  Otherwise Plaintiffs will be unfairly prejudiced if the "knowledge" evidence admitted with regard to Class 3, where such evidence *may* be relevant, is applied to Class 2, where it is not.

WHEREFORE Plaintiffs respectfully request that this Court enter an order excluding any testimony regarding the "expectations" of members of Class 2, or limiting the purposes for which such evidence may be introduced, and all other relief that this Court deems just and proper.

DATED:  October 3, 2006

By\_\_\_\_/s/ **Steve W. Berman**_____
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 3, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE "EXPECTATIONS" OF MEMBERS OF CLASS 2** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

 /s/ Steve W. Berman
Steve W. Berman