UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE
EXPERT TESTIMONY REGARDING THE MEANING OF AWP**

Plaintiffs, by their undersigned counsel, respectfully request that this Court enter an order precluding Defendants from introducing expert testimony regarding the meaning of AWP.  As grounds for the forgoing, Plaintiffs state as follows:

1.   In the Motion to Amend Pretrial Order [Dkt. No. 3125], Track 1 Defendants have proposed to present the live testimony of an expert in order to purportedly educate the Court regarding the "private and public reimbursement regiments and the meaning of AWP." *Id*. at 5.  This proposed testimony is improper.

2.   As this Court has recognized, during the class period reimbursement under Medicare Part B has, by statute, been based on AWP.  Under the plain meaning rule, "if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written."  *United States v. Lachman*, 387 F.3d 42, 50 (1st Cir. 2004) (quoting *Textron, Inc. v. Comm'r*, 336 F.3d 26, 31 (1st Cir. 2003)).

3.   Under Rule 702 of the Federal Rules of Evidence this Court may exclude expert testimony that does not assist the trier of fact.  Further, under Rule 16 of the Federal Rule of Civil Procedure this Court may exclude unnecessary evidence.

- 1 -

4.       Therefore, because it is this Court's function to determine plain meaning, this Court should exclude expert testimony regarding the meaning of AWP.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the use of expert testimony regarding the meaning of AWP, and all other relief that this Court deems just and proper.

| | |
|---|---|
| DATED:  October 3, 2006 | By      /s/ **Steve W. Berman**<br>     Thomas M. Sobol (BBO#471770)<br>     Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

001534-16 131812 V1

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 4 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 3, 2006, I caused copies of **PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY REGARDING THE MEANING OF AWP** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    /s/ Steve W. Berman_____
Steve W. Berman

001534-16  131812 V1