### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY REGARDING THE MEANING OF AWP**

In the Motion to Amend Pretrial Order [Doc. No. 3125], Track 1 Defendants have proposed to present the live testimony of an expert in order to purportedly educate the Court regarding the "private and public reimbursement regiments and the meaning of AWP." *Id.* at 5. While this Court has already permitted Defendants to present expert testimony in the form of a tutorial, it does not need expert testimony regarding the "meaning of AWP." Not only does the Court ***not*** require such education, as it has already reviewed volumes of expert reports (including that of its own expert) and has held a two-day expert tutorial, but more importantly, such proposed testimony is likewise improper because ***the meaning of AWP is a matter of statutory interpretation properly left to the Court***. In addition, the Court has already received substantial briefing on the meaning of AWP not only from the Track 1 Defendants, Track 2 Defendants and Plaintiffs, but also most recently from the United States Government. Finally, this Court has been extremely well-educated regarding the pharmaceutical industry, the parties' positions regarding the issues in this case, and specifically regarding the meaning of AWP. There is simply no need to have testimony on this topic, especially where such improper testimony could needlessly lengthen the trial.

**I.      It is This Court's Role to Determine The Plain Meaning of AWP**

As the Court has recognized, from 1992 to 1997 Medicare Part B reimbursement was based on the lesser of EAC or AWP, with Medicare carriers choosing to rely on AWP. *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 70 (D. Mass. 2005) (citing 42 C.F.R. § 405.517, amended Nov. 2, 1998, Jan. 7, 2004 and Nov. 15, 2004.)  On January 1, 1998, reimbursement for single-source drugs was changed to the lesser of (i) the billed charge on the Medicare claim form, or (ii) 95% of AWP. *Id.* (citing 42 U.S.C. § 1395u(o), amended Dec. 8, 2003; 42 C.F.R. § 405.517).  On January 1, 2004, Congress again modified the reimbursement level, this time adopting 85% of AWP. *Id.* (citing 42 U.S.C. § 1395u(o); 42 C.F.R. § 414.07).

When Congress leaves terms undefined, "Congress intended the words to have their natural, ordinary and familiar meaning." *United States v. 525 Co.*, 342 F.2d 759, 761 (5th Cir. 1965) (citing *First Nat'l Bank of Cincinnati v. Flershem*, 290 U.S. 504 (1934)); *see also FDIC v. Meyer*, 510 U.S. 471, 476 (1994).  In articulating the "plain meaning rule," the Supreme Court "has repeatedly emphasized [its] importance," holding that "if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written." *United States v. Lachman*, 387 F.3d 42, 50 (1st Cir. 2004) (quoting *Textron, Inc. v. Comm'r*, 336 F.3d 26, 31 (1st Cir. 2003)).  "[W]hen a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992).[1]

This is not one of those extraordinary circumstances.  Applying the plain meaning rule does not require expert testimony and it especially does not require expert testimony from

---

[1] For further discussion of this principle, Plaintiffs respectfully refer the Court to their Reply Memorandum in Support of Motion for Partial Summary Judgment Against All Track 1 Defendants [Dkt. No. 2292] and to the Brief of the United States as Amicus Curiae [Dkt. No. 3104-1].

Defendants' stable of accountants and economists, who have nothing to offer the Court regarding the plain meaning of AWP other than serving as mouthpieces of Defendants' positions, with which the Court is already intimately familiar.

## II.     This Court May Exclude Improper Expert Testimony

Rule 702 of the Federal Rules of Evidence provides that "*[i]f* scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," an expert witness may testify if certain conditions are met. Expert testimony regarding the plain meaning of AWP cannot and will not assist the Court, the trier of fact. Therefore, any such testimony should be precluded before trial.

Further, Rule 16(c) of the Federal Rules of Civil Procedure provides the Court with broad discretion to formulate strategies to "facilitate the just, speedy, and inexpensive disposition of the action," Fed. R. Civ. P. 16(c)(16), including but not limited to employing orders to avoid unnecessary proof and cumulative evidence and establishing reasonable limits on the time allowed for presenting evidence. Fed. R. Civ. P. 16(c)(4) and (15). Having the proposed tutorial on the plain meaning of AWP would unnecessary lengthen the trial. For this reason as well, this Court need not permit expert testimony on this subject.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order precluding the use of expert testimony regarding the meaning of AWP, and all other relief that this Court deems just and proper.

| | |
|---|---|
| DATED: October 3, 2006 | By   /s/ **Steve W. Berman**    <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

5

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 3, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY REGARDING THE MEANING OF AWP** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      /s/ Steve W. Berman_____
      Steve W. Berman