UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DUPLICATIVE EXPERT TESTIMONY**

Throughout this litigation, this Court has reviewed volumes of expert reports submitted with many more boxes of appendices to those reports.  With regard to Plaintiffs' case against the Track 1 Defendants alone, this Court reviewed expert reports from Plaintiffs and Defendants in connection with Plaintiffs' motion for class certification, in addition to a 126-page report submitted by Dr. Berndt, as well as a three-page supplement he later submitted pursuant to the Court's request regarding crosswalking issues.  Those reports collectively totaled hundreds of pages and contained hundreds more of exhibits.  Plaintiffs' and Defendants' experts likewise submitted rebuttal class certification reports.  In connection with deciding that motion this Court also held a tutorial during which it received testimony from Plaintiffs' and Defendants' experts.  Then again, in connection with the parties' motions for summary judgment, this Court received two expert reports from Plaintiffs (Dr. Hartman and Dr. Rosenthal) and eleven expert reports from Defendants (Bell, Gaier, Haegele, McFadden and Morton (on behalf of all Track 1 Defendants); Dukes and Ordover (on behalf of J&J); Roach and Gould (on behalf of AstraZeneca); Kolassa, and Addanki (Schering-Plough).  Those reports totaled hundreds of pages and contained hundreds more exhibits.  Both parties submitted rebuttal expert reports as well.

In short, this Court has been thoroughly educated about the industry in general as well as the positions of the parties and their experts opining on the exact same subject. Especially given that this is a bench trial in front of a Court with such knowledge and experience, there must be limits to proposed expert testimony. Based on their scorched-earth approach to this litigation, Defendants will likely seek to introduce repetitive expert testimony from multiple experts opining on the exact same subject which could waste days of the Court's time. Therefore, Plaintiffs ask this Court to enter an order prohibiting the introduction of duplicative expert testimony. Plaintiffs request that, to the extent Defendants seek to introduce expert opinions on a subject, they only be permitted to do so once.

## I.   Defendants' Expert Reports Contain Substantially Identical Opinions

Although Plaintiffs cannot predict precisely which experts Defendants will call at trial for which propositions, the expert reports they submitted in connection with the motions for summary judgment contain, as reflected in the chart below, considerable duplication.[1]

| Subject Matter | Defendants' Summary Judgment Experts Who Addressed |
|---|---|
| Attacks on Dr. Hartman's "expectations" theory and/or damages methodology | Bell (9-29)<br>Ordover (13-18)<br>Gould (23-38)<br>Dukes (3-10)<br>Addanki (8-11)<br>McFadden (18-69)<br>Morton (24-43) |
| Purported government knowledge | Bell (30-47)<br>Kolassa (*passim*)<br>Ordover (Rpt. at 7-13)<br>Gould (10-26)<br>Morton (45-48) |
| Theories on purported negotiations between TPPs and physicians | Bell (48-66)<br>Ordover (13-18) |

---

[1] For the Court's convenience, the relevant pages referenced in the chart are attached to this Motion.

| Subject Matter | Defendants' Summary Judgment Experts Who Addressed |
|---|---|
| Alleged subsidization of physicians by inflated AWPs | Haegele (Rpt. at 12-28) Kolassa (*passim*) Morton (59-61) |
| TPPs' alleged spread knowledge acquired by virtue of purchases of self-administered drugs | Gaier (Class 1 and 2 Rpt., 2-29;Class 3 Rpt., 2-27) Gould (11) Morton (48-50) |

Defendants should not, for example, be permitted to call Bell, Kolassa, Ordover, Gould and Morton to testify regarding the government's purported knowledge regarding Defendants' manipulation of AWP, or to call Bell, Ordover, Gould, Dukes, Addanki, McFadden and Morton to attack Dr. Hartman's proposed damages methodology.  Rather, Defendants should, collectively, be permitted to have only one expert who will do so.

## II.    This Court May Exclude Duplicative Evidence, Including Expert Testimony

Under Rule 403 of the Federal Rules of Evidence, this Court may exclude even otherwise-relevant evidence due to considerations of "undue delay, waste of time, or needless presentation of cumulative evidence."  Likewise, Rule 16(c) of the Federal Rules of Civil Procedure provides the Court with broad discretion to formulate strategies to "facilitate the just, speedy, and inexpensive disposition of the action," Fed. R. Civ. P. 16(c)(16), including but not limited to employing orders to avoid unnecessary proof and cumulative evidence and establishing reasonable limits on the time allowed for presenting evidence.  Fed. R. Civ. P. 16(c)(4) and (15).  The Court is also encouraged to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."  Fed. R. Civ. P. 16(c)(12).  As the First Circuit has instructed:

> The trial judge must meet situations as they arise and to do this must have broad power to cope with complexities and contingencies inherent in the adversary process. To this end, [s]he may determine generally the order in which parties will adduce proof; [her]determination will be reviewed only for abuse of discretion. Within limits, the judge may control the scope of rebuttal testimony, may refuse to allow cumulative, repetitive or irrelevant testimony, and may control the scope of examination of witnesses. If truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings.

*Secretary of Labor v. DeSisto*, 929 F.2d 789, 794 (1st Cir. 1991) (citing *Geders v. United States*, 425 U.S. 80, 86-87 (1976)).

Part of this discretion includes the ability to exclude expert testimony where that testimony would be duplicative. *See Laplace-Bayard v. Battle*, 295 F.3d 157, 164 (1st Cir. 2002) (in medical malpractice action affirming district court's exclusion of second physician expert where, *inter alia*, proposed testimony would have been duplicative of other testimony). Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," an expert witness may testify if certain conditions are met. Duplicative expert testimony may be excluded because it will not assist the Court, the trier of fact.

Even in cases involving multiple defendants, each with separate experts, courts have held that one defendant cannot offer expert testimony that duplicates the expert testimony offered by another defendant. *See, e.g., Sunstar, Inc. v. Alberto-Culver Co.*, Case No. 01 C 0736, 2004 U.S. Dist. Lexis 16855, at *73-75 (N.D. Ill. Aug. 20, 2004) (in international trademark dispute court permitted only one expert witness on Japanese law per subject area). For example, in *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 169 F.R.D. 632, 641-42 (N.D. Ill. 1996), blood-factor litigation involving over 192 cases, the court pared defendants' identification of 137 common-issue experts to 35 for purposes of pre-trial discovery, reasoning that an expert providing testimony favorable to one defendant on an issue common to all defendants would

benefit all defendants.  The *Factor* Court so held even though the trials in those cases were scheduled to be remanded back to the transferor courts.  Likewise, Defendants should be limited to one expert witness on any given issue.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order requiring Defendants collectively to submit one expert per opinion rendered, and all other relief that this Court deems just and proper.

DATED:  October 3, 2006

By   /s/ **Steve W. Berman**
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 3, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DUPLICATIVE EXPERT TESTIMONY** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    /s/ Steve W. Berman
Steve W. Berman