# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

# [PROPOSED] CASE MANAGEMENT ORDER NO. 1

1. ***Applicability.***  This Order shall apply only in the above-captioned case.  When the term "per side" is used in this Order, it shall mean the United States and Relator on one side, and Defendant Abbott on the other side.

2. ***Commencement of Discovery.***  All discovery may commence immediately.

3. ***Outstanding Discovery.***  Plaintiffs shall respond to each discovery request contained in the following within 14 days from the date of this Order.

   - Defendant Abbott Laboratories Inc.'s First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America;

   - Defendant Abbott Laboratories Inc.'s First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc.;

   - Defendant Abbott Laboratories Inc.'s First Set of Requests for Admission to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc.; and

   - Defendant Abbott Laboratories Inc.'s First Set of Interrogatories to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc.

   Defendant shall respond to each request contained in the United States' First Request for Production of Defendants Abbott and Hospira within 14 days from the date of this Order.

4.      ***Discovery Propounded to the "United States."***  All of Defendant's discovery directed at the "United States" by shall pertain specifically to Medicare carriers and the following federal agencies:  a) Department of Health and Human Services, including the Centers for Medicare and Medicaid Services and the Office of Inspector General; b) Department of Commerce; c) Department of Defense; d) Department of Justice; e) Medicare Payment Advisory Commission; f) Office of Management and Budget; g) Pharmacy Affairs Branch; h) Pharmacy Services Support Center; and i) Department of Veterans Affairs.

5.      ***Discovery Schedule.***  Upon entry of this CMO the following deadlines shall apply. All deadlines run from the date of entry of the CMO:

| DEADLINE | ACTION |
| --- | --- |
| 275 days | All fact discovery shall be completed. |
| 275 days | All non-dispositive motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42) shall be filed. |
| 290 days | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| 320 days | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| 335 days | Plaintiffs shall file any expert rebuttal reports. |
| 365 days | Close of expert discovery. |
| 410 days | Motions for Summary Judgment, which shall be limited to 30 pages, shall be filed. |
| 440 days | Response to Motions for Summary Judgment, which shall be limited to 30 pages, shall be filed. |
| 455 days | Replies to Motions for Summary Judgment, which shall be limited to 15 pages, shall be filed. |
| 470 days | Sur-Replies to Motions for Summary Judgment, which shall be limited to 15 pages, shall be filed. |

6. ***Discovery Limitations.***  Fact discovery shall be subject to the following limits:

- Interrogatories:  75 per side

- Requests for production:  No party will be required to respond to more than 7 sets of requests for production

- Depositions:  500 total hours per side.  Each side may seek additional deposition hours by motion for good cause shown.

- Requests for admission:  No limitations

7. **Document Productions**

a) All documents available in an electronic format shall be provided in an electronic format that is acceptable to both parties.  If issues regarding the compatibility of computer systems and software arise, the producing party shall confer to resolve the matters.

b) With the exception of outstanding discovery (*see* ¶ 3), a responding party to a document request shall complete production of all documents within 60 days of service of such a request.  Even if there is a dispute over a document request, the undisputed documents shall be produced within 30 days.

c) Privilege logs shall be provided 14 days after a production is completed, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.

8. **Depositions**

a) Without agreement between the parties or court order, no deposition of any party, a third-party witness, or a witness designated pursuant to Rule 30(b)(6) shall last longer than 14 hours of questioning for the noticing party and seven hours for all non-noticing parties, inclusive of any re-direct or re-cross examination.

   b)  Subject to the hour limitations established above, there is no limit on the number of 30(b)(6) witness that can noticed and taken of the United States, Relator, and Abbott.  The parties shall identify any witnesses they are designating as a Fed. R. Civ. P. 30(b)(6) witness at least ten business days prior to the deposition.

   c)  A party shall provide a "three week deposition notice" under which such party provides at least 21 days for a proposed deposition.  A responding party may suggest an alternative date no later than seven more working days from the original notice.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the schedule deposition; any response shall be filed within two working days.

   d)  Only the time consumed during the actual questioning of a witness shall count towards the time limits set forth in this Order.

   e)  Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3).  The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered in evidence.  The camera shall remain stationary at all times during the deposition and shall not zoom in or out.  The camera shall remain focused on the witness and shall not videotape any other person at the deposition.

SO ORDERED THIS ___ DAY of _____, 2006:

                    _____
                    United States District Judge
                    Patti B. Saris