# EXHIBIT 5

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

March 31, 2006

<u>Sent Via E-Mail and Federal Express</u>
Ph. (312) 782-3939

Tina M. Tabachi, Esq.
Jones Day
77 Wacker Drive
Suite 3500
Chicago, IL 60601

Re:     <u>In re: Pharmaceutical Industry Average Wholesale price Litigation, MDL No. 1456</u>

Dear Ms. Tabachi:

This letter responds to the subpoena for testimony and records that you served on the Pinnacle Business Solutions, Inc., on March 15, 2006 on behalf of Abbott Laboratories and the other Track 2 defendants in the above captioned civil action. As a preliminary matter, Pinnacle Business Solutions, Inc., is a Medicare contractor. To the extent testimony sought concerns information gathered for the purpose of processing Medicare Part B claims, an employee of Pinnacle is afforded the same protections as if the person requested to testify was an employee speaking on behalf of the Department of Health and Human Services (DHHS). The agency's *Touhy* regulations set forth at 45 C.F.R. Part 2 outline the appropriate procedures that must be followed when testimony and documents are requested from the agency. These regulations provide that no agency employee may provide testimony or produce documents concerning information obtained during the performance of his or her official duties unless authorized by the agency head. 45 C.F.R. § 2.3. These regulations further provide that all requests for testimony must be made in writing and "must state the nature of the requested testimony, why the information sought in unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government." 45 C.F.R. § 2.4. In evaluating such a request, the agency head will also consider factors such as whether the testimony could be structured to minimize disruption of official duties. 45 C.F.R. § 2.1. As you have not yet made such a request to the agency, DHHS is under no present obligation to respond or object to the subpoena.

Out of an abundance of caution, however, and to provide you with our position should you attempt to cure these defects, we write to provide you with a brief statement of our objections to your subpoena. Because our review of the subpoena continues, we reserve the right to supplement these objections in the future. We also specifically reserve and do not waive other objections that may be applicable in discovery or at trial.

First, we object to the subpoena because most relevant information was provided in response

March 29, 2006
Tabachi Letter
Page -2-

to third-party subpoenas served on the agency in October 2003 in <u>In re Lupron Marketing and Sales Practices Litigation</u>, MDL Docket No. 1430/Civil Action No. 01-CV-10861 (D. Mass.) and <u>In re Average Wholesale Price Litigation</u>, MDL Docket No. 1456/Civil Action No. 01-CV-12257 (D. Mass.).

Second, we object because the defendants have not offered to pay for any costs the agency would incur to respond to the subpoena. Fed. R. Civ. P. 45(c)(2)(B) provides that a district court "shall protect" a non-party from "significant expense resulting from the inspection and copying commanded." Where the requesting entity refuses to pay for such discovery, such discovery cannot be compelled. <u>See also</u> <u>Linder v. Calero-Portocarrero</u>, 251 F.3d 178, 182 (D.D.C. 2001) (affirming that non-party federal agencies need not comply with the subpoena when requesting entity refuses to pay for any costs). Indeed, the United States has already incurred over $140,000 in document collection and production costs in the <u>Lupron</u> and <u>Average Wholesale Price</u> litigation, none of which has yet been reimbursed by the defendants.[1]

Third, we object to the scope of each and every request as overly broad and unduly burdensome in that each seeks information and documents concerning communications or actions taken, actions considered but not taken, and the interpretation and application of policies and procedure.

Fourth, we object to each document request to the extent that it seeks information or documents protected from disclosure by privilege or doctrine, including attorney-client privilege, the investigative file privilege, the work product doctrine, the deliberative process privilege, the law enforcement privilege or any other applicable basis for invoking privilege.

Fifth, we object to each document request to the extent that it requires the United States to draw legal conclusions or otherwise seek to impose upon the United States any requirements beyond those established by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Columbia.

Sixth, we object to the subpoena and document request to the extent they seek confidential information on individual Medicaid beneficiaries that is protected from disclosure by Federal law, specifically section 1106 of the Social Security Act, 42 U.S.C. § 1306, and the Privacy Act of 1974. 5 U.S.C. § 552a. <u>See also</u> 42 C.F.R. § 401.105; 45 C.F.R. §§ 5b.9 and 164.512(e).

Seventh, HHS objects to the subpoena and document request as they fail to allow a

---

[1] In June 2004, Kathleen H. McGuan, then with Reed Smith, and Mark D. Polston, on behalf of DHHS, reached an agreement under which the defendants would pay the United States $140,000 to cover costs incurred up to that time for documents produced by the Medicare carriers. It is my understanding that the defendants have not made this payment to date. Subsequently, the United States tried to bill the defendants for additional costs incurred to produce documents on behalf of DHHS and the Medicare carriers. To date, the defendants have not responded to or paid these invoices.

March 29, 2006
Tabachi Letter
Page -3-

reasonable time for compliance.

Please contact me directly if you would like to discuss this matter further.  My direct number is (410) 786-9655.

Sincerely,


Leslie M. Stafford
Staff Attorney


cc:   Carol J. Bennett
      Deputy Associate General Counsel for Program Integrity
      OGC, CMS Division

      Andy Mao,
      USDOJ, Patrick Henry Building,
      601 D. Street, NW, Rm. 9548,
      Washington, DC 20004

      Janie Fenton, Chief Legal Officer
      Pinnacle Business Solutions, Inc.
      515 West Pershing Boulevard
      North Little Rock, AR 72114