# EXHIBIT 7



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care
Financing Administration

Refer to:   MCD-I-IRM

Region IX
75 Hawthorne Street
San Francisco, CA 94105

JUL 19 1989

Mr. John Rodriguez
Deputy Director
Medical Care Services
Department of Health Services
714 P Street, Room 1253
Sacramento, California  95234-7320

Dear Mr. Rodriguez:

As you know, since 1976 Federal regulations at 42 CFR 447.300-334 have required that State Medicaid agencies utilize "Estimated Acquisition Cost" (EAC) for payment of drug products.  In addition, the preamble to these regulations stated that the Average Wholesale Price (AWP) was not an acceptable proxy for EAC because AWP was frequently inflated.

Until 1987, EAC was used in establishing an upper limit on payment for individual drug products covered under State Medicaid programs.  Since the effective date of the 1987 regulations, EAC serves to determine the upper payment limit standard that States must apply on an aggregate basis to their expenditures for single-source and certain multiple-source drugs.

The State of California applies a number of strategies to arrive at the payment limits for covered drugs including the Federal upper limits for certain drugs listed per 42 CFR 447.332(a), the Average Wholesale Price (AWP), the State's Maximum Allowable Ingredient Cost (MAIC) which is the price limit set by Medi-Cal for a particular generic drug based on the AWP for that drug from a selected manufacturer, the direct price paid by the pharmacist to one of twelve specified manufacturers, and the AWP for the bulk rate volume for specified drug items.

Under this rate setting scheme, some drug items are limited by only the AWP.  While we can understand that the term "average wholesale price" connotes what pharmacies pay for drug products, in the pharmaceutical industry it is commonly understood to be higher than actual costs.  There have been a number of studies which indicate that the published AWP overstates actual prices paid by as much as 10-20 percent because of discounts, premiums, special offers or incentives.  This is what HCFA Region IX found in its earlier survey in California.

HHC016-0747

Based on this information and on the regulations in effect since 1976, HCFA has concluded that the published AWP does not meet the regulatory requirement for establishing the EAC. These published AWP price lists do not reflect accurately the prices generally and currently paid.

42 CFR 447.301 defines the Estimated Acquisition Cost to mean "the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of drug most frequently purchased by providers".

In light of the pertinent Federal regulations and the information from studies in this area, we request that the State of California explain why it continues to rely on the AWP in setting upper limits for payments for covered drug items. If the State argues that, despite reliance on the AWP, "in the aggregate" it meets the requirements of the regulations, then please provide detailed analysis and evidence to support this contention. Please respond to this request within 30 days of your receipt of this letter.

If your staff have any questions regarding the matters addressed in this letter, please have them contact Ian McLean at (415) 995-6235.

                Sincerely yours,


                Lawrence L. McDonough
                Associate Regional Administrator
                Division of Medicaid