# EXHIBIT 1



filed in Op'n Court on 6/20/03

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASTRAZENECA PHARMACEUTICALS LP,

    Defendant.

Criminal Action No. 03- 55 (JJF)

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Richard G. Andrews, Acting United States Attorney for the District of Delaware, and the defendant, AstraZeneca Pharmaceuticals LP (hereinafter referred to as "AstraZeneca"), by and through its attorney, John C. Dodds, Esq., the following agreement is hereby entered into by the respective parties:

    1. The defendant, AstraZeneca, agrees to waive indictment and plead guilty to a one count information charging it with conspiring to violate the Prescription Drug Marketing Act, 21 U.S.C. §§ 353(c), 331(t) and 333(b)(a)(B), by causing the sale of drug samples, all in violation of Title 18, United States Code, Section 371.

    2. The United States and AstraZeneca agree that the following provisions of the United States Sentencing Guidelines apply to the sentencing of AstraZeneca with respect to the Information:

        a. pursuant to USSG §8C2.4 and 18 U.S.C. § 3571(d), the loss to the United States from this offense for criminal sentencing purposes is $39,920,098;

        b. pursuant to USSG §8C2.5, the culpability score is 8, calculated as follows:

            (1) a base score of 5 pursuant to USSG §8C2.5(a);

            (2) 5 points are added pursuant to USSG §8C2.5(b)(1)(A)(i); and

(3) 2 points are deducted pursuant to USSG §8C2.5(g)(2) because AstraZeneca fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

    c. pursuant to USSG §8C2.6, the applicable range for the multiplier is 1.6 to 3.2, and the appropriate multiplier to be applied to AstraZeneca is 1.6.

    d. the parties agree that there is no basis for either an upward or a downward departure under the Sentencing Guidelines.

3. The United States and AstraZeneca hereby agree and stipulate pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the following sentence is the appropriate disposition of the Information:

    a. a criminal fine in the amount of $63,872,156 will be paid by AstraZeneca at sentencing; and

    b. pursuant to 18 U.S.C. § 3013, a mandatory special assessment of $400 will be paid by AstraZeneca at sentencing;

    c. in light of the Civil Settlement Agreement between AstraZeneca and the United States which is attached hereto, the parties agree that the complication and prolongation of the sentencing process that would result from an attempt to fashion a proper restitution order outweighs the need to provide restitution to the victims in this case, where, as here, the loss suffered by each of the federal health care programs will be recompensed fully from amounts that will be paid as part of the Civil Settlement Agreement. *See* 18 U.S.C. § 3663(a)(1)(B)(ii). Therefore, the United States agrees that it will not seek a separate restitution order as part of the resolution of the Information, and the parties agree that the appropriate disposition of this case does not include a restitution order.

2

4. The United States hereby agrees that, other than the charge contained in the Information, it will not further prosecute AstraZeneca or any of its parents, subsidiaries, partners or affiliates, as follows:

>a. for conduct which falls within the scope of the conspiracy which is charged in the Information;
>
>b. for conduct falling within the scope of the grand jury investigation conducted by the United States Attorney's Office for the District of Delaware with respect to the following: (1) the marketing, sale, and pricing of Zoladex in all its dose forms for the treatment of prostate cancer; (2) the resale by physicians and others of Zoladex to the Medicare, TriCare, Railroad Retirement Board, state Medicaid programs, and any other payor; (3) any contractual obligations to the state Medicaid programs regarding reporting of "best price"; (4) provision of remuneration in cash or in kind to induce the purchase or prescription of, or the recommendation to anyone that they purchase or prescribe Zoladex for the treatment of prostate cancer; and (5) violation of any provision of the Prescription Drug Marketing Act in the marketing and sale of Zoladex in all its dose forms.
>
>c. for conduct not otherwise described in this paragraph which was known to the United States Attorney's Offices for the Districts of Delaware and Massachusetts prior to the entry and acceptance of AstraZeneca's guilty plea and which concerned the sale and marketing of Zoladex in all its dose forms.

5. The agreement contained in paragraph 4 is contingent upon the following: (a) the guilty plea of AstraZeneca being accepted by the Court and not withdrawn; and (b) upon AstraZeneca's performance of all of its obligations as set forth in this Memorandum of Plea Agreement and the attached Civil Settlement Agreement. A breach of the Corporate Integrity Agreement, incorporated by reference in the Civil Settlement Agreement, does not constitute a breach of this Memorandum of Plea Agreement, and any disputes arising under the Corporate

3

Integrity Agreement shall be resolved exclusively through the dispute resolution provisions of the Corporate Integrity Agreement. If AstraZeneca's guilty plea is not accepted by the Court or is, after acceptance, withdrawn for any reason, or if AstraZeneca should fail to perform an obligation under either of these agreements, the declination of prosecution contained in paragraph 4 above shall be null and void. AstraZeneca expressly understands and agrees that it may not withdraw its plea of guilty unless the Court rejects this Memorandum of Plea Agreement under Fed.R.Crim.P. 11(c)(5).

6. AstraZeneca agrees to pay the $400 special assessment to the Clerk of the Court at sentencing.

7. AstraZeneca agrees to cooperate completely and truthfully with the U.S. Attorney's Office for the District of Delaware's on-going investigation and prosecution of third parties for alleged violations of federal criminal law arising out of its investigation. AstraZeneca understands and agrees that such cooperation shall include the following:

    a. prompt production of any non-privileged document or record in the possession, custody or control of AstraZeneca relating to the subject matter of the investigation;

    b. taking all reasonable measures available to AstraZeneca to ensure that present and former officers, directors, agents and employees of AstraZeneca cooperate truthfully and completely in connection with the on-going investigation and prosecutions; and

    c. taking all reasonable measures available to AstraZeneca to make all present and former employees of AstraZeneca available for interviews by law enforcement personnel, upon reasonable notice.

Provided, however, notwithstanding any provision of this Memorandum of Plea Agreement, that AstraZeneca is not required to request of its present or former employees or agents that they forego seeking the advice of an attorney nor that they act contrary to that advice, and that

4

AstraZeneca is not and will not be required to waive the attorney-client privilege, the protection of the work product doctrine, or any other privilege or protection from disclosure.

8. The parties understand that AstraZeneca will request that it be sentenced immediately following entry and acceptance of its guilty plea. The United States does not object to an immediate sentencing. Astra Zeneca understands and agrees that the decision whether to sentence it immediately following entry and acceptance of the guilty plea is within the exclusive discretion of the Court, and the Court's decision not to sentence AstraZeneca immediately will not provide a basis for AstraZeneca to attempt to withdraw its guilty plea.

9. AstraZeneca hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act and agrees that the time relevant to any defense it might have under any statute of limitations is tolled beginning with the filing of the Information in this case.

10. AstraZeneca's civil liability to the United States in connection with the matters under investigation by the United States, as set forth in paragraphs 4(a)-(c) of this Memorandum, is resolved as set forth in the attached Civil Settlement Agreement, according to the terms set forth in that agreement.

11. If the United States determines that AstraZeneca has failed to comply with any material provision of this Memorandum of Plea Agreement, the United States may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying AstraZeneca, through counsel, in writing. The United States may also pursue all remedies available to it under the law, irrespective of whether it elects to be released from its commitments under this Agreement. AstraZeneca recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea.

12. AstraZeneca hereby understands and agrees that this 11(c)(1)(C) plea agreement and its agreed upon criminal disposition:

    a. are wholly dependent upon AstraZeneca's timely compliance with the

provisions of the attached Civil Settlement Agreement, including the requirement in that agreement that AstraZeneca pay to the United States and to the various state Medicaid programs the amount of $291,027,844; and that

b. failure by AstraZeneca to comply fully with the terms of either this Memorandum of Plea Agreement and/or the attached Civil Settlement Agreement will constitute a breach of this Memorandum of Plea Agreement.

13. Contemporaneous with the execution of this Memorandum of Plea Agreement, AstraZeneca shall enter into a Corporate Integrity Agreement with the Office of Inspector General for the United States Department of Health and Human Services.

14. AstraZeneca shall provide to the United States and to the Court a copy of a Corporate Acknowledgment of Plea Agreement affirming that the Board of Directors of AstraZeneca PLC has given the signatory authority to enter into the Memorandum of Plea Agreement on behalf of AstraZeneca PLC and has done the following: (a) consulted with legal counsel in connection with this matter; (b) voted to authorize AstraZeneca to plead guilty to the charge specified in the Memorandum of Plea Agreement; and (c) voted to authorize Glenn Engelmann to execute the Memorandum of Plea Agreement and any and all other documents necessary to carry out the provisions of the Memorandum of Plea Agreement. AstraZeneca further agrees that a duly authorized corporate officer will appear on behalf of AstraZeneca and will enter the guilty plea and will also appear for the imposition of sentencing.

15. This Memorandum of Plea Agreement is binding upon the Attorney General of the United States, the U.S. Department of Justice, and all United States Attorneys on the matters set forth in paragraph 4, but cannot and does not bind the Tax Division of the U.S. Department of Justice or the Internal Revenue Service of the U.S. Department of the Treasury. AstraZeneca also understands that this Memorandum of Plea Agreement does not bind any state or local prosecutive authorities.

16. It is further agreed by the undersigned parties that this Memorandum supersedes all

prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

<div style="display: flex; justify-content: space-between;">

_____
Glenn Engelmann, Esq.
Vice President, General Counsel and
Compliance Officer
AstraZeneca Pharmaceuticals LP

RICHARD G. ANDREWS
Acting United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

</div>

_____
John C. Dodds, Esq.
Attorney for Defendant

_____
Kathleen Jennings-Hostetter, Esq.
Attorney for Defendant

Dated: June 4, 2003

AND NOW this 20 day of June, 2003, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

7

## Corporate Acknowledgment of Plea Agreement

The Board of Directors of AstraZeneca PLC has authorized me to execute this Memorandum of Plea Agreement and the attached Civil Settlement Agreement on behalf of AstraZeneca Pharmaceuticals LP. The Board has been well informed regarding these documents in their entirety and has discussed them fully with AstraZeneca PLC's attorney. The Board acknowledges that these documents fully set forth AstraZeneca Pharmaceuticals LP's agreements with the United States.

Dated: June 4, 2003

Glenn Engelmann
Vice President, General Counsel and Compliance Officer
AstraZeneca Pharmaceuticals LP

Dated: June 4, 2003

John C. Dodds
Morgan, Lewis & Bockius
Attorney for Defendant

Filed in open court on 6/20/03

③

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,         :

    Plaintiff,         :

v.         :   Criminal Action No. 03- 55 (JJF)

ASTRAZENECA PHARMACEUTICALS LP,   :

    Defendant.         :

### MOTION AND ORDER TO UNSEAL

The United States of America, by and through its attorneys, Richard G. Andrews, Acting United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, hereby moves this Honorable Court to unseal the Information in the above-captioned case.

                                        RICHARD G. ANDREWS
                                        Acting United States Attorney

BY: _____
       Beth Moskow-Schnoll
       Assistant United States Attorney

Dated: June 20, 2003

IT IS SO ORDERED this ___20___ day of ___June___, 2003.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge