**EXHIBIT 3**

Filed in open court 1/16/03


STATE'S EXHIBIT #5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  :
    Plaintiff,  :
    v.  :  Criminal Action No. 03-45-JJF
ROBERT A. BERKMAN,  :
    Defendant.  :

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Richard G. Andrews, Acting United States Attorney for the District of Delaware, and the defendant, Robert A. Berkman, M.D., by and through his attorney, Terry Sherman, Esq., the following agreement is hereby entered into by the respective parties:

1. The defendant, Robert A. Berkman, agrees to waive indictment and plead guilty to a one count information charging him with conspiring to violate the Prescription Drug Marketing Act, 21 U.S.C. §§ 331(t) and 333(c), all in violation of Title 18, United States Code, Section 371. The violation carries a maximum penalty of imprisonment for not more than 5 years, a $250,000.00 fine, 3 years of supervised release, and a $100.00 special assessment.

2. The defendant agrees to pay the $100.00 special assessment at the time of sentencing.

3. At the time of sentencing, the United States agrees not to oppose a two level reduction in the offense level for defendant's affirmative acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

4. The parties hereby agree and stipulate that the defendant received more than $84,448.06 from billing for the free or sample doses of Zoladex. The defendant agrees to pay restitution at the time of sentencing.

CERTIFIED: 11/17/03
AS A TRUE COPY!
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

5. The parties agree that, for sentencing purposes, the violation to which the defendant is pleading guilty is covered under USSG §2N2.1 (1995 edition). Pursuant to that section, the base offense level is 6. USSG §2N2.1(b)(1) directs that USSG §2F1.1 be applied. Thus, 6 levels are added under USSG §2F1.1(b)(1)(G) for the amount of loss, and an additional 2 levels are added under USSG §2F1.1(b)(2), resulting in a total offense level of 14. If 2 points are deducted under USSG §3E1.1 for the defendant's acceptance of responsibility, the defendant's offense level is 12 and his guideline sentencing range is 10-16 months imprisonment. The defendant understands that his sentence may be lowered if the Government, in its sole discretion, determines that the defendant has made a good faith effort to provide substantial assistance and then files a motion for downward departure. *See* paragraphs 11-13, *infra*. The defendant further understands and agrees that only the Court can determine the defendant's sentence, and the Court's rejection of any or all of the agreements and/or sentencing guideline calculations contained in this Memorandum will not provide a basis for the defendant to withdraw his guilty plea.

NOV 1 2003

6. The defendant agrees to pay a fine of $20,000 at the time of sentencing.

7. The defendant has knowingly and voluntarily agreed to waive any statute of limitations defense he might have regarding the charged matters.

8. The defendant agrees to a period of physician community service as may be ordered by the Court.

9. The defendant has entered into a Settlement Agreement with the Office of Inspector General of the United States Department of Health and Human Services. Pursuant to that agreement, a copy of which is attached hereto, the Office of Inspector General agrees to waive its permissive exclusion authority provided the defendant complies with the conditions imposed upon him by the Settlement Agreement.

10. The defendant agrees to cooperate fully and truthfully with the Government as follows:

2

a.  Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury. The defendant understands that if his prior statements to the Government are untruthful in any material way this agreement is violated and becomes void.

b.  Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment and/or Information of which he has knowledge.

c.  Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d.  Defendant agrees to testify as a witness before any Grand Jury, hearing, or trial when called upon to do so by the Government.

e.  Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

f.  Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g.  Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

h.  To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

i.  Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

j.  Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, other than violations or traffic offenses, between the date of this agreement and his sentencing, or has

3

otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

12. If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a. Make the nature and extent of the defendant's cooperation known to the Court.

    b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, 28 U.S.C. §994(n), and 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that his debriefing and cooperation have not yet been completed and that a debriefing does not amount to substantial assistance.

    c. Make whatever sentencing recommendation the Government deems appropriate.

13. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

14. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have

4

no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

RICHARD G. ANDREWS
Acting United States Attorney

_____
Terry Sherman, Esq.
Attorney for Defendant

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Robert A. Berkman
Defendant

Dated: 5/16/03

AND NOW this ___ day of _____, 2003, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

5