# EXHIBIT 6

(17)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :
                                   :
      v.                           :          Criminal Action No. 02-13-JJF
                                   :
SAAD ANTOUN, M.D.,                 :
                                   :
            Defendant.             :

## INFORMATION

The Acting United States Attorney for the District of Delaware charges that:

### Preliminary Allegations

At all times material hereto, unless otherwise alleged:

### The Defendant

1. The defendant, Saad Antoun, M.D., is and was a physician licensed to practice medicine in the state of New Jersey, with a practice located in Holmdel, New Jersey.

2. Antoun has a specialty in urology.  It was a part of Antoun's practice of medicine that he from time to time diagnosed and treated patients suffering from prostate cancer.  As a part of the treatment of some of his patients suffering from prostate cancer, Antoun prescribed for those patients either Lupron or Zoladex.  Antoun obtained the drug Lupron from a company which will be referred to in this Information as "Company X."  Antoun obtained the drug Zoladex from a competing company which will be referred to in this Information as "Company Y."

## Company Y

3. Company Y, located in Wilmington, Delaware, has marketed the drug Zoladex as a treatment for prostate cancer throughout the 1990's.  In the marketing of that drug, Company Y has employed and maintained extensive marketing and sales departments.  Since at least the early 1990's, Company Y has sold and provided the drug Zoladex to urologists across the country, including to urologists practicing medicine in the State of Delaware, and since at least the end of 1995, to the defendant, Antoun, practicing medicine in the State of New Jersey.

4. Zoladex was administered in pellet form by injection, typically with local anesthetic, into the skin of the patient's abdomen, by a physician or a nurse under the supervision of a physician.  At various times in the 1990's and continuing until the present, Zoladex was available in one month and three month doses.  It was typical that a patient whose prostate cancer was being treated with Zoladex would receive regular injections of that drug for the remainder of his life.

5. At all times material to this Information, Company Y sold Zoladex to physicians, among other purchasers.  At all times material to this Information, an industry reference known as the Red Book published a price, known as the Average Wholesale Price or "AWP," for Zoladex based upon information supplied to the Red Book's publishers by Company Y.

6. At all times material to this Information, it was a crime, in violation of 21 U.S.C. §§ 331(t) and 333(c) for an employee of a company engaged in the lawful distribution of drugs to provide a drug dose or sample free of charge to a physician with the intention and expectation that the physician would use that dose or sample in the treatment of a patient and thereafter bill either the patient or the patient's insurance company for that drug dose or sample which had been provided to the physician free of charge.

2

7.  Beginning in or around the fourth quarter of 1995 and continuing into at least July 1996, the defendant, Antoun, received from Company Y, free of charge, approximately 195 one month doses of Zoladex which were labeled "not for retail sale". Throughout that time period, the defendant, Antoun, prescribed and administered those free doses to patients and submitted claims to the patients and to the patients' insurers and was paid for the prescription of these free dosages.

## COUNT ONE

8.  Paragraphs 1 through 7 of this Information are herein realleged and incorporated by reference.

9.  From in or around the Fall of 1995, through in or around at least July 1996, in the District of Delaware, the District of New Jersey, and elsewhere throughout the United States, the defendant, Saad Antoun, together with Company Y and employees of Company Y, and with others known and unknown to the Acting United States Attorney, did knowingly and willfully combine, conspire and agree to violate 21 U.S.C. §§ 331(t) and 333(c) by submitting, and by causing to be submitted, claims for payment to patients and to those patients' insurance companies for the prescription of Zoladex which had been provided free of charge to the defendant, Saad Antoun.

### Objective of the Conspiracy

10.  The objectives of this conspiracy varied depending upon the participant. The core objective of this conspiracy for all participants was to obtain money from the patient's health care insurers through the prescription of Zoladex. It was an objective of Company Y in this conspiracy to provide free doses or samples of Zoladex, as well as other things of value, including money, to physicians as an inducement to those physicians to order Zoladex. It was an

3

objective of the defendant, Saad Antoun, to bill for the free doses or samples labeled "not for retail sale" in order to increase his income.

11.  By virtue of this conspiracy, the defendant, Saad Antoun, would and did obtain from Company Y in the time period late 1995 through at least July 1996, 195 doses of Zoladex for free, which he billed to patients and to their insurance companies.

Overt Acts

12.  In furtherance of the conspiracy, the defendant Saad Antoun and other conspirators known and unknown to the Acting United States Attorney committed among other acts the following overt acts in the District of Delaware and elsewhere:

a.  On various dates beginning in late 1995, and continuing until at least July 1996, employees of Company Y provided to the defendant, Saad Antoun, free doses or samples of Zoladex labeled "not for retail sale"; and

b.  On various dates beginning in late 1995, and continuing until at least July 1996, the defendant, Saad Antoun, submitted bills to patients and to their insurance companies for doses of Zoladex labeled "not for retail sale" which he had received free from Company Y.

All in violation of Title 18, United States Code, Section 371.

RICHARD G. ANDREWS
Acting United States Attorney

BY: _____

Beth Moskow-Schnoll
Assistant United States Attorney

Dated: September 18, 2002