**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY <br> AVERAGE WHOLESALE PRICE LITIGATION <br> <br> THIS DOCUMENT RELATES TO <br> 01-CV-12257-PBS AND 01-CV-339 | ) <br> ) MDL No. 1456 <br> ) <br> ) Civil Action No. 01-CV-12257 PBS <br> ) <br> ) Judge Patti B. Saris <br> ) Chief Magistrate Judge Marianne B. Bowler |

**THE TRACK 1 DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION IN LIMINE
TO EXCLUDE PLAINTIFFS' EXHIBITS
RELATING TO THE CONDUCT OF
NON-TRACK 1 DEFENDANT PHARMACEUTICAL COMPANIES**

Track 1 Defendants respectfully submit this memorandum of law in support of their Motion in limine pursuant to Rule 103 of the Federal Rules of Evidence to exclude Plaintiffs' exhibits relating to the conduct of non-Track 1 defendant pharmaceutical companies. These exhibits should be excluded on the grounds that this evidence is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence and is inadmissible hearsay as to the Track 1 defendants. In addition, the minimal probative value of this evidence is demonstrably outweighed by its unfair prejudice to Track 1 defendants and its tendency to delay and complicate the trial. Accordingly, the evidence should also be excluded under Rule 403 of the Federal Rules of Evidence.

Preliminary Statement

In their exhibit list, plaintiffs have designated documents from the files of GSK (Plaintiffs' exhibits 905-908), Immunex (Exhs. 964-965), and Baxter (Exh. 975), as well as a complaint filed by Dey (Exh. 963). GSK has settled this action, and none of the other companies are Track 1 defendants. Their conduct, therefore, is not at issue in the trial of the remaining Track 1 defendants. This is not a conspiracy case. There is no theory on which the actions of these other companies can be binding on or relevant to the liability of the Track 1 defendants.

In addition, each of these documents, if offered for the truth, is inadmissible hearsay as to the Track 1 defendants.

In addition, under Fed. R. Evid. 403, the Court can exclude even relevant evidence (which these exhibits are not), "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Many of these considerations apply to these plaintiffs' exhibits. Because the time of each party to present evidence has been limited by the Court, Track 1 Defendants would be unfairly prejudiced by

1

having to address these irrelevant exhibits, and addressing them would also waste the Court's and the parties' time and possibly delay the trial.

For all these reasons, the Court should exclude these exhibits.

### The Plaintiffs' Exhibits

The documents at issue[1] on this motion include four documents produced by GSK (Exhs. 905-908), which consist of communications between Glaxo and SmithKline Beecham prior to the merger of these two companies, regarding sales and marketing activities relating to Zofran and Kytril. GSK is not a defendant in the trial scheduled in November, and Zofran and Kytril are not at issue in that trial. Plaintiffs have also listed a Baxter document relating to reimbursement for Gammergard S/D (Exh. 975), an Immunex document (Exh. 964) relating to reimbursement for certain Immunex drugs, and an Immunex document (Exh. 965) relating to what happens when Immunex raises prices. The conduct of Baxter and Immunex and their drugs are not at issue in this trial. None of these documents contains any reference to the conduct of any of the remaining Track 1 defendants. The Dey complaint (Exh. 963) was filed in California State Court in April 2003 against First DataBank, Inc. and Wolters Kluwer Health, Inc., the owner of Medispan. Dey was the sole plaintiff. The Complaint contains no reference to any of the Track 1 defendants and does not involve any of their conduct.

---

[1] The plaintiffs' exhibits are attached as Exhibits A-D to the Declaration of Thomas J. Sweeney, III, dated October 10, 2006.

Argument

I.

**THE PLAINTIFFS' EXHIBITS RELATING TO NON-TRACK 1 COMPANIES' ACTIONS HAVE NO BEARING ON THE ISSUES PROPERLY BEFORE THE COURT AND MUST BE EXCLUDED AS IRRELEVANT**

Only relevant evidence is admissible at trial; evidence that is irrelevant is inadmissible and must be excluded by the court. Fed. R. Evid. 401, 402. Evidence is relevant if it tends to prove or disprove a material issue of fact in the case. Fed. R. Evid. 401; Jack B. Weinstein & Margaret Berger, Weinstein's Federal Evidence, § 401.02[1] (Joseph M. McLaughlin ed. 2006); see Achille Bayart & Cie v. Crowe, 238 F.3d 44, 49 (1st Cir. 2001) ("Evidence is relevant only if it tends to make the existence of a fact that is of consequence more or less probable."). These exhibits, which relate only to the actions of companies and drugs not now before the Court, have no relevance to the issues to be tried. See, e.g., United States v. Vallejo, 237 F.3d 1008, 1015-16 (9th Cir. 2001) (evidence regarding drug trafficking organizations not relevant to defendants' conduct should have been excluded at trial).

II.

**THE PLAINTIFFS' EXHIBITS ARE ALL INADMISSIBLE HEARSAY**

Each of the exhibits at issue is an out of Court of statement of persons employed by companies other than the Track 1 defendants, apparently offered by plaintiffs to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The exhibits, which cannot be deemed admissions of the Track 1 defendants, are inadmissible hearsay. This is not a conspiracy case and, therefore, the documents do not fall under Fed. R. Evid. 801(d)(2) as statements of co-conspirators. The Dey complaint also is clearly inadmissible hearsay. Century '21' Shows v.

Owens, 400 F.2d 603, 609-610 (8th Cir. 1968); Stevenson v. Hearst Consol. Publ'ns, 214 F.2d 902, 907 (2d Cir. 1954).

Accordingly, all the exhibits should be excluded.[2]

### III.

### THE EXHIBITS SHOULD BE EXCLUDED BASED ON UNFAIR PREJUDICE TO DEFENDANTS AND THEIR BURDEN ON THE COURT

Even if these documents could be viewed as marginally relevant in this case, they are still inadmissible because their probative value is vastly outweighed by the mischief that admission of the evidence may cause.  Fed. R. Evid. 403.  As a threshold matter, the Court, in addressing relevance issues must strike a sensible balance between probative force and potential prejudice.  Staniewicz v. Beecham, Inc., 687 F.2d 526, 530 (1st Cir. 1982); Silva v. Showcase Cinemas Concessions of Dedham, Inc., 736 F.2d 810, 813 (1st Cir. 1984).  Specifically, Rule 403 requires the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the factfinder, or by considerations of undue delay, waste of time or presentation of cumulative evidence.  Fed. R. Evid. 403.

Rule 403 is not simply a vehicle for sifting out evidence that a jury should not hear.  Rule 403 is also a tool for the court to limit evidence in protracted cases.  See United States v. IBM Corp., 87 F.R.D. 411, 415-16 (S.D.N.Y. 1980); see Manual For Complex Litigation, Fourth, § 11.644.  The need for the court to police evidence is especially appropriate

---

[2] Although plaintiffs may contend the exhibits are business records of GSK and the other companies, no evidence to support such an offer has been identified by plaintiffs.  Nor have plaintiffs given any indication of what evidence they will offer to authenticate these exhibits.  No such evidence is identified in their pre-trial disclosures.

4

in cases such as this where the court has imposed strict time limitations on the parties. As the court in <u>SCM Corp. v. Xerox Corp.</u>, 77 F.R.D. 10, 14 (D. Conn. 1977) stated:

> It has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited by his own judgment and whim. [Citations omitted.]

The <u>SCM</u> court made a further observation that is equally applicable in the context of this massive case: "An antitrust suit remains a piece of litigation; it is not a life's work." <u>Id.</u>

In view of the tight time constraints for presentation of proof that the court has imposed on the parties, admitting these other company documents into evidence would redound significantly and unfairly to the detriment of Track 1 defendants. If admitted, defendants would be forced to rebut the evidence by introducing other exhibits or witnesses, which would both add unnecessarily to defendant's defense and improperly curtail the time that defendants have to address the real issues in this case. Evidence that is tangential to the issues at trial can be excluded as a waste of the court's time. <u>See</u> <u>Stathos v. Bowden</u>, 728 F.2d 15, 18-19 (1st Cir. 1984) (in gender based discrimination action, studies of salary comparisons between men and women involving employees at another site was so tangential as to waste the court's time and was excluded); <u>United States v. Beauchamp</u>, 986 F.2d 1, 3-4 (1st Cir. 1993) (evidence that government witness had lied about his home address properly excluded; cost of presenting testimony outweighed its marginal value); <u>Northside Mercury Sales & Serv., Inc. v. Ford Motor Co.</u>, 871 F.2d 758, 760 (8th Cir. 1989) (in suit involving dealership termination, exclusion of financial statements from other area dealers upheld; possibility of delay outweighed probative value); <u>Poling v. Morgan</u>, 829 F.2d 882, 887-88 (9th Cir. 1987) (in action by mobile home owner whose homes had been repossessed by defendants, the court properly excluded evidence of other

5

schemes in which defendants defrauded mobile home buyers because admitting the evidence would have caused undue delay).

Exclusion under Rule 403 is especially appropriate where, as here, the proffered evidence relates to conduct involving factual circumstances that differ from those before the court. Cameron v. Otto Bock Orthopedic Indus., Inc., 43 F.3d 14, 17 (1st Cir. 1994) (lack of similarity in circumstances of failure of artificial limbs "reinforces any decision to exclude under Rule 403"); see generally United States Fid. & Guar. Co. v. Baker Material Handling Corp., 62 F.3d 24, 26-28 (1st Cir. 1995) (affirming exclusion of evidence showing installation of safety posts in a dissimilar subsequently designed forklift as unduly prejudicial in a wrongful death case on behalf of a worker killed while operating earlier designed forklift without safety posts); see also Haskell v. Kaman Corp., 743 F.2d 113, 121-22 (2d Cir. 1984) (in an age discrimination action, testimony by six former employees, not parties to the suit, as to the circumstances of their departure from defendant company excluded as unfairly prejudicial).

In sum, these exhibits would introduce into this litigation evidence whose minimal probative value (if any) is outweighed by its tendency to cause unfair prejudice and waste the court and the parties' time and, therefore, must be excluded. Staniewicz v. Beecham, 687 F.2d 526, 530 (1st Cir. 1982); Stathos v. Bowden, 728 F.2d 15, 18-19 (1st Cir. 1984).

## Conclusion

Accordingly, for the reasons discussed herein, the Track 1 Defendants respectfully submit that the Court should exclude from evidence Plaintiffs' Exhibits 905-908, 963-965 and 975.

Dated: October 10, 2006

Respectfully submitted,

THE TRACK 1 DEFENDANTS

By: /s/ Thomas E. Dwyer (BBO No. 139660)
    Thomas E. Dwyer (BBO No. 139660)
    Jacob T. Elberg (BBO No. 657469)
    **DWYER & COLLORA, LLP**
    600 Atlantic Avenue
    Boston, MA 02210
    Tel: (617) 371-1000
    Fax: (617) 371-1037
    tdwyer@dwyercollora.com
    jelberg@dwyercollora.com

    Steven M. Edwards (SE 2773)
    Lyndon M. Tretter ((LT 4031)
    Admitted *pro hac vice*
    **HOGAN & HARTSON LLP**
    875 Third Avenue
    New York, NY 10022
    Tel: (212) 918- 3640

Attorneys for Defendant Bristol-Myers Squibb Company


    Nicholas C. Theodorou (BBO #496730)
    Lucy Fowler, Esq. (BBO #647929)
    **FOLEY HOAG LLP**
    155 Seaport Boulevard
    Boston, MA 02210

    D. Scott Wise
    Michael Flynn
    Kimberley Harris
    **DAVIS POLK & WARDWELL**
    450 Lexington Avenue
    New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

        William F. Cavanaugh, Jr.
        Andrew D. Schau
        Erik Haas
        **PATTERSON, BELKNAP, WEBB**
        ** & TYLER LLP**
        1133 Avenue of the Americas
        New York, NY 10036-6710

Attorneys for Johnson & Johnson


        John T. Montgomery (BBO #352220)
        Steven A. Kaufman (BBO # 262230)
        Eric P. Christofferson (BBO #654087)
        **ROPES & GRAY LLP**
        One International Place
        Boston, MA 02100

Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.

## CERTIFICATE OF SERVICE

I certify that on October 10, 2006, true and correct copies of the forgoing Track 1 Defendants' Memorandum of Law in Support of Their Motion in Limine to Exclude Plaintiffs' Exhibits Relating to the Conduct of Non-Track 1 Defendant Pharmaceutical Companies and Declaration of Thomas J. Sweeney, III, dated October 10, 2006, were served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending copies of the same to LexisNexis File & Serve for posting and notification to all parties.

                _____/s/ Lyndon M. Tretter_____
                    Lyndon M. Tretter