**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |

---

THE STATE OF ARIZONA *ex rel.* TERRY GODDARD,

      **Plaintiff,**

      **v.**

ABBOTT LABORATORIES, INC.; AMGEN INC.; APOTHECON, INC.; ASTRAZENECA, PLC; ASTRAZENECA U.S.; ASTRAZENECA PHARMACEUTICALS L.P.; AVENTIS PHARMACEUTICALS, INC.; AVENTIS BEHRING L.L.C.; B. BRAUN MEDICAL, INC.; BAXTER INTERNATIONAL, INC.; BAXTER HEALTHCARE CORP.; BAYER CORPORATION; BEDFORD LABORATORIES; BEN VENUE LABORATORIES, INC.; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BIOGEN IDEC U.S.; BRISTOL-MYERS SQUIBB CO.; CENTOCOR, INC.; DEY, INC.; FUJISAWA HEALTHCARE, INC.; FUJISAWA USA, INC.; GENSIA INC.; GENSIA SICOR PHARMACEUTICALS, INC.; GLAXOSMITHKLINE P.L.C.; GLAXOWELLCOME, INC.; HOECHST MARION ROUSSEL, INC.; IMMUNEX CORPORATION; JANSSEN PHARMACEUTICAL PRODUCTS, L.P.; JOHNSON & JOHNSON; MCNEIL-PPC, INC.; MERCK & CO., INC.; ONCOLOGY THERAPEUTICS NETWORK CORP.; ORTHO BIOTECH; PHARMACIA CORPORATION; PHARMACIA & UPJOHN, INC.; RHONE-POULENC RORER, S.A.; ROXANE LABORATORIES, INC.;

Judge Patti B. Saris

**DEFENDANT DEY, INC.'S SUPPLEMENTAL NOTICE OF REMOVAL**

---

**SCHERING-PLOUGH CORPORATION;
SICOR, INC.; SMITHKLINEBEECHAM
CORPORATION; TAP PHARMACEUTICAL
PRODUCTS, INC.; WARRICK
PHARMACEUTICALS CORPORATION;
WATSON PHARMACEUTICALS, INC.;
ZENECA, INC. AND DOES 1 through 100;
DOES 101-125; DOES 126-150 and DOES 151-
200.**

                **Defendants.**

---

## DEFENDANT DEY, INC.'S SUPPLEMENTAL NOTICE OF REMOVAL

        Pursuant to 28 U.S.C. § 1441 *et seq*., Defendant Dey, Inc. ("Dey") hereby

supplements the original Notice of Removal, filed on January 5, 2006 (the "January 5

Notice"), which notices the removal of this civil action from the Superior Court of the

State of Arizona in and for the County of Maricopa, to the United States District Court

for the District of Arizona.  (The January 5 Notice is annexed hereto as Exhibit A.)  This

Court has removal jurisdiction because this is a civil action "of which the district courts

have original jurisdiction" and an action "founded on a claim or right arising under. . . the

laws of the United States."  28 U.S.C. §§ 1441(a) - (b); see 28 U.S.C. § 1331.  Federal

question jurisdiction exists in this action because the State of Arizona's claim to recover

Medicare Part B co-payments raises a substantial federal question in that it requires the

resolution of issues of federal law relating to the federal Medicare program. *See Grable

& Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125

S. Ct. 2363 (June 13, 2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

U.S. 1, 9, 28 (1983); *cf. State of Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250, 255-

56 (D. Mass. 2003).

Alternatively, Dey hereby notices removal of this action pursuant to 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. §§ 1331, 1367(a), and 31 U.S.C. § 3732(b).[1]  These new grounds arose subsequent to the filing of the January 5 Notice while the case was pending in this Court.  Dey hereby supplements the January 5 Notice to add these "newly-arisen" grounds herein.  *See Davis v. Life Investors Ins. Co. of America, Inc.*,  214 F. Supp.2d 691, 694 (S.D. Miss. 2002) (granting the defendant's motion to add "newly-arisen" grounds for removal which arose due to occurrences subsequent to the original notice of removal and beyond the original thirty-day time period).

In further support of this Supplemental Notice, Dey alleges:

1.      On or about December 6, 2005, the State of Arizona ("Arizona") filed the civil action captioned *The State of Arizona ex rel. Terry Goddard v. Abbott Laboratories, et al.* CV200S-018711, ("Arizona Action") in the Superior Court of the State of Arizona in and for the County of Maricopa.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the state court action were filed with the Court with the January 5 Notice, which Dey incorporates into the Supplemental Notice of Removal by reference.  Therefore, the Court has all process, pleadings, and orders from the state court action.

---

[1]      Notices of removal or supplemental notices of removal on these "newly-arisen" grounds are being filed contemporaneously in similar actions pending in the following jurisdictions in addition to Arizona:  Alabama, Florida, Hawaii, Illinois, Kentucky, Mississippi, Nevada, Ohio, Pennsylvania, South Carolina, Wisconsin, and in three actions brought in the courts of the State of New York by the counties of Erie, Oswego and Schenectady.  Dey intends to notify the *Judicial Panel on Multidistrict Litigation* ("JPML") that this action is closely related to several actions pending before the United States District Court for the District of Massachusetts, which has been designated by the JPML to oversee the federal pricing litigation and where the Department of Justice has two pending actions relating to Average Wholesale Price.

3.      Pursuant to 28 U.S.C. § 1446(d), Dey shall file a copy of this Supplemental Notice of Removal with the Clerk of the Superior Court of the State of Arizona in and for the County of Maricopa, and will serve all counsel of record in this action with this Supplemental Notice of Removal promptly after its filing.

## I.      PRIOR PROCEEDINGS IN THE ARIZONA ACTION

4.      On January 5, 2006, Defendants removed this action to United States District Court for the District of Arizona and simultaneously moved to stay the proceedings. On January 24, 2006, Arizona moved to remand the Arizona Action. Defendants filed opposition to the remand motion on February 10, 2006.  On February 24, 2006, Arizona filed an opposition to Defendants' motion to stay the proceedings.  The Court has not yet reached a decision on either motion.

5.      On June 20, 2006, before this Court decided Plaintiff's motion to remand, the JPML issued an order transferring this action to the United States District Court for the District of Massachusetts.

6.      On August 11, 2006, Arizona again moved to remand the Arizona Action to the Superior Court of the State of Arizona in and for the County of Maricopa, by filing a motion to remand with the United States District Court for the District of Massachusetts.  Defendants filed a joint opposition to the remand motion on August 25, 2006.  The District Court of Massachusetts has not reached a decision on Plaintiff's remand motion.

## II.      THE STATE OF ARIZONA ACTION

7.      This action is virtually identical to other cases against Dey that have been transferred from district courts and consolidated in the multidistrict litigation

- 4 -

proceeding *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (the "AWP MDL"), which is currently pending before this Court.

8.      Like this case, other cases now pending in the AWP MDL were originally filed in the state courts before removal to federal court and transfer to the AWP MDL. The AWP MDL currently includes similar actions brought by the States of Montana, Nevada and California.

9.      The two-count Arizona Complaint alleges claims against dozens of pharmaceutical manufacturers. It alleges, in part, that each Defendant pharmaceutical manufacturer caused persons and entities in the State of Arizona, including private individuals, third-party payors and the Arizona Health Care Cost Containment System (the "Arizona Medicaid Program"), to overpay for Defendants pharmaceutical products as a result of the Defendants' reporting allegedly "inflated" average wholesale price ("AWP") and other pricing information, and which prices allegedly serve as a basis for payments by such persons and entities and reimbursement rates by the Arizona Medicaid Program for prescription pharmaceuticals.  Arizona Complaint at ¶¶ 1-16.

## III.    REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

10.     Although the State of Arizona is the named plaintiff in this action, Arizona specifically purports to prosecute this action on behalf of its citizens and Arizona entities who allegedly have paid "inflated" prices for prescription pharmaceuticals covered by Medicare.  Arizona Complaint at ¶¶ 9-13. Arizona alleges that by reporting allegedly "inflated" AWP pricing information, Defendants have caused Medicare Part B beneficiaries in Arizona to overpay for Defendants' prescription pharmaceuticals, because, until recently, Medicare co-payments for prescription pharmaceuticals covered under Part B were based upon published AWPs.  Arizona Complaint ¶¶ 9-10, 133-155; *see also* 42

- 5 -

U.S.C. §1395l(a), 1395u(o).  Arizona also alleges that by reporting allegedly "inflated" AWP pricing information, Defendants have caused overpayment for physician-administered pharmaceuticals outside of the Medicare Part B context as well as self-administered pharmaceuticals for which AWP is used as a benchmark.  Arizona Complaint ¶¶ 11-13, 156-174. Arizona seeks to recover the amounts allegedly overpaid for increased pharmaceutical costs, including Medicare Part B co-payments.  Arizona Complaint ¶¶ 18-21.

11.    The Arizona Complaint purports to allege claims under the Unlawful Practices Section of the Arizona Consumer Fraud Act and provisions of the Arizona Racketeering Statute. Arizona seeks various legal and equitable remedies.

12.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States. Specifically, federal question jurisdiction exists because Arizona's claim to recover Medicare Part B co-payments on behalf of Arizona Medicare Part B beneficiaries raises a substantial federal question in that it requires the resolution of issues of federal law relating to the federal Medicare program, namely the meaning of AWP in the federal Medicare statute and regulations. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 125 S. Ct. 2363 (June 13, 2005) (removal jurisdiction exists where the meaning of a federal statute is an essential element of a state law claim); *Franchise Tax Bd.. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 28 (1983); *cf. State of Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250, 255-56 (D. Mass. 2003).

13.    The state law claims asserted by Arizona relating to Medicare Part B co-payments necessarily depend on an interpretation of the federal statute and

regulations governing Medicare Part B reimbursement, which until recently pegged such reimbursement (and the corresponding 20% co-payment) to a pharmaceutical's AWP. Indeed, as Judge Saris has already ruled, a plaintiff in an AWP action cannot recover on its state law claims relating to Medicare Part B co-payments unless it proves its fundamental assertion that the AWP was "inflated" as the term AWP has been understood under the federal Medicare reimbursement statute and regulations. *See State of Montana v. Abbott Laboratories, Inc.,* 266 F. Supp. 2d 250, 255-56 (D. Mass. 2003) (holding that an essential element of the State of Minnesota's claims relating to Medicare Part B co-payments "is proof of a discrepancy between the AWPs reported by [defendant] and the meaning of AWP under the Medicare statute.").

14. This Court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367.

## IV. ALTERNATIVELY, THIS COURT HAS ORIGINAL JURISDICTION OF THIS ACTION PURSUANT TO 31 U.S.C. § 3732(b) AND 28 U.S.C. § 1331

15. In the event that the Court determines that the foregoing grounds do not make this action removable, then this action is removable on the following newly-arisen alternative grounds (the "Alternative Grounds"). Dey is permitted to supplement the January 5 Notice beyond the original thirty-day time period in 28 U.S.C. § 1446(b) because the grounds arose subsequent to this period. *See Davis v. Life Investors Ins. Co. of America, Inc.*, 214 F. Supp.2d 691, 694 (S.D. Miss. 2002).

16. On September 11, 2006, the United States delivered to Dey's counsel the unsealed complaint in an action captioned *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc. et al.*, Civil Action No. 05-11084-MEL (D. Mass.), (the "Federal *Qui Tam* Action"). The unsealed Complaint alleges that the

"United States brings this action to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33..."   Federal *Qui Tam* Complaint at ¶ 1. (A copy of the unsealed complaint in the Federal *Qui Tam* Action against Dey is annexed hereto as Exhibit B.)

17.     One of the FCA provisions, under which the United States is suing Dey, provides:

> The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government *if the action arises from the same transaction or occurrence as an action brought under section 3730 [of Title 31].*

31 U.S.C. § 3732(b) (emphasis added).

18.     The Unites States brought the Federal *Qui Tam* Action against Dey pursuant to an order by this Court dated September 9, 2006, (the "September 9 Order") granting, *inter alia*, the motion of the Unites States to lift the seal and serve the unsealed complaint in the Federal *Qui Tam* action on Dey.  (A copy of the September 9 Order is annexed hereto as Exhibit C.)

19.     The Federal *Qui Tam* Action arises from the same alleged transactions and occurrences that form the basis for the Arizona Action against Dey.

20.     The Arizona Action, which seeks recovery of funds paid by Arizona and its citizens, has become removable under 28 U.S.C. §§ 1441 and 1446 because the district courts of the United States have original jurisdiction over the Arizona Action pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331.  Dey is filing this Supplemental Notice within thirty (30) days of its receipt of the September 9 Order and the unsealed Federal *Qui Tam* Complaint against it, and therefore, the Supplemental Notice is timely.  Any claims in this action over which the Court does not have original

jurisdiction under 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331 are within the Court's

supplemental jurisdiction under 28 U.S.C. § 1367(a).

> **A.**     **Both the Federal *Qui Tam* Action and Arizona Action Arise From the Same Transactions and Occurrences**

21.     Both the Arizona Action and the Federal *Qui Tam* Action allege

that Dey fraudulently manipulated its published drug prices as part of an unlawful

scheme to increase sales by guaranteeing excessive reimbursement payments to providers

selling Dey products to Medicaid and Medicare Part B beneficiaries. *Compare* Federal

*Qui Tam* Complaint at ¶ 3 *with* Arizona Complaint at ¶¶ 1-8, 361.

22.     Like the Arizona Complaint, the Federal *Qui Tam* Complaint

alleges that the State Medicaid programs and the Medicare Part B program rely, in part,

on prices set by Dey and other manufacturers to reimburse pharmacies and other drug

providers for drugs consumed by Medicaid and Medicare Part B beneficiaries. *Compare*

Federal *Qui Tam* Complaint at ¶¶ 42, 50 *with* Arizona Complaint ¶¶ 5, 11-13.

23.     The central allegations underlying both the Arizona Action and the

Federal *Qui Tam* Action are that Dey intentionally reported "inflated" AWP prices to

these pharmaceutical pricing publishers, causing providers to receive allegedly excessive

reimbursements and co-payments. *Compare* Arizona Complaint at ¶¶ 1-9 *with* Federal

*Qui Tam* Complaint at ¶¶ 50-61.

24.     In the Federal *Qui Tam* Action, the United States seeks to recover

from Dey alleged overpayments made as a result of the allegedly inflated AWPs. Federal

*Qui Tam* Complaint at ¶¶ 64, 67, 71, 75.   In the Arizona Action, Arizona seeks to

recover excessive payments for prescription drugs made by Arizona residents and other

entities, including the Arizona Medicaid Program, as a result of the allegedly inflated AWPs.  Arizona Complaint  at ¶¶ 1, 2, 21, 579-585.

**B.      Removal Will Permit This Action To Be Litigated Along With The Federal *Qui Tam* And Other Similar Pricing Actions Consolidated In The AWP MDL**

25.      State law actions arising in connection with a *qui tam* action should be litigated in a single forum.  *See United States ex rel. LaCorte v. Merck & Co.*, 99-3807, 2004 U.S. Dist. LEXIS 4860, *25 (E.D. La. Mar. 24, 2004) (granting state's motion to intervene in a false claims act suit concerning alleged excess Medicaid expenditures for a drug because, among other things, "it would serve judicial economy to finalize the matter . . . in one action as opposed to requiring the State to file a separate action . . . based on the same facts.").  31 U.S.C. § 3732(b) creates federal subject matter jurisdiction for related state actions.

26.      31 U.S.C. § 3730(c) provides that the United States Government shall have "primary responsibility" for prosecuting the Federal *Qui Tam* Action, which encompasses the claims asserted by Plaintiff in this action.

27.      In addition, though sealed, the Federal *Qui Tam* Action preceded this action.  Accordingly, this action must yield to the federal action in the event of any conflict.  31 U.S.C. § 3730(b)(5) provides "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action [*i.e.*, a federal *qui tam* action]."

28.     As stated above at ¶ 7, *supra*, this action is also virtually identical to other cases against Dey that have been transferred from district courts and consolidated in the AWP MDL.[2]

29.     The United States recently filed a Notice of Related Action in the Federal *Qui Tam* Action for the purpose of transferring that action to Judge Saris.

## V.     CONSENT TO REMOVAL

30.     All Defendants who have been served in the Arizona Action consent to this Supplemental Notice of Removal.  (Annexed hereto as Exhibit D are each served Defendant's written consent to this Supplemental Notice.)

31.     No Defendant waives any defense to the Arizona Complaint, including but not limited to lack of service, improper service or lack of personal jurisdiction.

## VI.    THE JANUARY 5 NOTICE AND THE SUPPLEMENTAL NOTICE OF REMOVAL ARE TIMELY

32.     Removal of this case was timely.  The Complaint was not served on any Defendant before December 8, 2005.  The January 5 Notice was filed on January 5, 2006, within thirty (30) days of December 8, 2005.  *See* 1446(b).

33.     Dey's Supplemental Notice to add the newly-arisen Alternative Grounds is also timely.

34.     On September 11, 2006, Dey's counsel first received a copy of the unsealed United States' Complaint against it in the Federal *Qui Tam A*ction.[3]  The

---

[2]     As in the Federal *Qui Tam* Action, Ven-A-Care is the relator in *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc. et al.*, California's action against Dey (and other defendants), brought under the California False Claims Act, which is pending in the AWP MDL.

Federal *Qui Tam* Action is "an action brought under section 3730" of Title 31 in that it asserts claims on behalf of the relator, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care"), and the United States for alleged violations of 31 U.S.C. § 3729.  *See* 31 U.S.C. § 3730(b)(1); *see also* Federal *Qui Tam* Complaint at ¶¶ 62-64, 65-67.

35.     If the Arizona Action is found not to have been removable previously, the Arizona Action became removable on September 11, 2006 under 28 U.S.C. §§ 1441 and 1446(b), on the Alternative Grounds that an action under 31 U.S.C. § 3730 had been brought against Dey and a federal question was created under U.S.C. § 1331.

36.     Prior to September 11, 2006, Dey had not received any other paper advising it that the Federal *Qui Tam* Action was unsealed as against Dey.

37.     This Supplemental Notice of Removal is timely because it has been filed within thirty (30) days of Dey's first receipt of the pleading, order, and other paper from which Dey was first able to ascertain that the Arizona Action had become removable on the Alternative Grounds stated herein (if the Arizona Action had still been in state court), pursuant to 28 U.S.C. § 1446(b), and removal is not based on 28 U.S.C. § 1332.  While the citizenship of Defendants is not relevant to a removal based on federal question jurisdiction, we note that no Defendant in the Arizona Action is a citizen of Arizona.  Moreover, the Arizona Action is currently in federal court, and thus, Dey could have removed this action on the Alternative Grounds if this action had been remanded back to state court.

---

3       Dey did not receive a copy of the September 9 Order until after September 11, 2006.

NY01/CYRB/1139463.2

**WHEREFORE**, Dey serves this supplemental notice of removal of this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. §§ 1331, and 31 U.S.C. § 3732(b).

Dated this 11th day of October, 2006.

**FOLEY HOAG LLP**

By:   /s/ Justin Saif
          Martin F. Murphy, BBO # 363250
          mmurphy@foleyhoag.com
          Justin Saif, BBO # 660679
          jsaif@foleyhoag.com
          Seaport World Trade Center West
          155 Seaport Boulevard
          Boston, Massachusetts 02210-2600
          Telephone: (617) 832-1000
          Facsimile: (617) 832-7000

**OF COUNSEL:**
**KELLEY DRYE & WARREN LLP**
Paul F. Doyle, BBO # 133460
William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher Palermo (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Counsel for Dey, Inc.

NY01/CYRB/1139463.2