UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 <br> ) <br> ) CIVIL ACTION: 01-CV-12257-PBS <br> ) |
| THIS DOCUMENT RELATES TO | ) Judge Patti B. Saris <br> ) |
| *STATE OF ARIZONA V. ABBOTT LABS INC.*, et al., 06-CV-11069-PBS | ) <br> ) <br> ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEY, INC.'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL NOTICE OF REMOVAL

Defendant Dey, Inc. ("Dey"), by and through its counsel, Foley Hoag LLP and Kelley Drye & Warren LLP, respectfully submits this memorandum of law and the accompanying Declaration of Neil Merkl ("Merkl Decl.") in support of its motion for leave to file a supplemental notice of removal (the "Supplemental Notice") pursuant to 28 U.S.C. § 1441, *et seq.*, and Rule 15 of the Federal Rules of Civil Procedure.

### INTRODUCTION

On January 5, 2006, Defendants timely filed a Notice of Removal, which removed this civil action (the "Arizona Action") from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona (the "January 5 Notice of Removal"). (The January 5 Notice of Removal is annexed to Dey's Supplemental Notice of Removal as Exhibit A, which is annexed to Dey's Motion as Exhibit A.) In the January 5 Notice of Removal, Defendants removed this action on the grounds that the State of Arizona's claim to recover Medicare Part B co-payments raises a substantial federal question in that it requires the resolution of issues of federal law relating to the federal Medicare program. January 5 Notice of Removal at ¶ 9.

On September 11, 2006, new grounds for removal, pursuant to 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. §§ 1331, 1367(a), and 31 U.S.C. § 3732(b), arose when the United States delivered a complaint to Dey's counsel that had been unsealed on September 9, 2006 in an action captioned *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc. et al.*, Civil Action No. 05-11084-MEL (D. Mass.) (the "Federal *Qui Tam* Action"). The unsealed complaint in the Federal *Qui Tam* Action (the "Federal *Qui Tam* Complaint") contains, *inter alia*, a claim under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* Since the Arizona Action "arises from the same transaction[s] or occurrence[s]" as the Federal *Qui Tam* Action, the United States District Courts have original jurisdiction over the Arizona Action by virtue of the FCA claim in the Federal *Qui Tam* Action. *See* 31 U.S.C. § 3732(b). Dey hereby requests leave to supplement the January 5 Notice of Removal to add the newly-arisen, alternative grounds springing from Dey's counsel's receipt of the Federal *Qui Tam* Complaint (the "Alternative Grounds").

## BACKGROUND

**A.     The Arizona Complaint**

On or about December 6, 2005, the State of Arizona ("Arizona") filed the civil action captioned *The State of Arizona ex rel. Terry Goddard v. Abbott Laboratories, et al.* CV200S-O1 8711, in the Superior Court of the State of Arizona in and for the County of Maricopa. In the complaint in the Arizona Action ("Arizona Complaint"), Arizona seeks the recovery of alleged overpayments made by Arizona Medicare Part B beneficiaries and various third-party Payors, including the Arizona Health Care Cost Containment System ("Arizona Medicaid Program"), which Defendants allegedly caused by reporting allegedly "inflated" prices to certain pharmaceutical industry publishers. Arizona Complaint at ¶¶ 1-16.

NY01/CYRB/1139479.1

B.   **The January 5 Notice of Removal**

In the January 5 Notice of Removal, removal is based upon federal question jurisdiction. January 5 Notice of Removal at ¶¶ 9-10. Federal question jurisdiction exists in this action because Arizona's claim to recover Medicare Part B co-payments raises a substantial federal question in that it requires the resolution of issues of federal law under the Medicare statute and regulations. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 28 (1983); *cf. State of Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250, 255-56 (D. Mass 2003). Additionally, this Court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367.

The January 5 Notice of Removal was timely because the Arizona Complaint was not served on any Defendant before December 8, 2005, and thus, it was filed within thirty (30) days. *See* 28 U.S.C. § 1446(b). Moreover, all Defendants, including those who had not been served, consented to and joined in the January 5 Notice of Removal.

C.   **The Federal *Qui Tam* Action**

Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") commenced a Federal *qui tam* action under seal against Dey. Merkl Dec. at ¶ 3. Pursuant to an order dated September 9, 2006, the United States District Court for the District of Massachusetts granted a motion of the United States to lift the seal and serve the unsealed complaint in the Federal *Qui Tam* Action against Dey. Merkl Decl. at ¶ 4 & Ex. A. Dey did not receive a copy of the September 9, 2006 Order until after September 11, 2006. Merkl Decl. at ¶ 4. On September 11, 2006, the United States delivered to Dey's counsel the unsealed complaint in the Federal *Qui Tam* Action. Merkl Decl. at ¶ 6 & Ex. B.

3

NY01/CYRB/1139479.1

The Federal *Qui Tam* Complaint alleges that the "United States brings this action to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33...." Merkl Decl., Ex. B. at ¶ 1. One of the FCA provisions, under which the United States is suing Dey, provides:

> The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government *if the action arises from the same transaction or occurrence as an action brought under section 3730 [of Title 31]*.

31 U.S.C. § 3732(b) (emphasis added).

The Arizona Action arises from the "same transaction[s] or occurrence[s]" as the Federal *Qui Tam* Action. The central allegations underlying both the Arizona Action and the Federal *Qui Tam* Action are that Defendants intentionally reported "inflated" prices, particularly AWP, to certain pharmaceutical pricing publishers, and that these allegedly "inflated" prices caused Medicare Part B beneficiaries and various third-party payors, including the Arizona Medicaid Program and the federal Medicare Part B program, to pay excessive reimbursement to providers for drugs dispensed to beneficiaries of the programs. *Compare* Arizona Complaint at ¶¶ 1-16, 21 *with* Federal Qui Tam Complaint at ¶¶ 50-61.

The Arizona Action, which seeks recovery of funds paid by the Arizona and its citizens, has become removable for the newly-arisen Alternative Grounds, under 28 U.S.C. §§ 1441 and 1446, because the district courts of the United States have original jurisdiction over the Arizona Action pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331.

**D.     The Supplemental Notice of Removal**

The Arizona Action could not be removed by Dey to the United States District Courts on the grounds created by the delivery of the Federal *Qui Tam* Complaint to Dey's counsel until September 11, 2006 because the Federal *Qui Tam* Action remained under seal, the

4

United States had not intervened, and the complaint had not been served on Dey or delivered to Dey's counsel. By virtue of the delivery of the Federal *Qui Tam* Complaint to Dey's counsel on September 11, 2006, the Arizona Action had become removable under 28 U.S.C. §§ 1441 and 1446(b), on the additional grounds that an action under 31 U.S.C. § 3730 had been brought against Dey. Any claims in this action over which the Court does not have original jurisdiction pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331 are within the Court's jurisdiction under 28 U.S.C. § 1367(a).

The Supplemental Notice of Removal is timely because it has been filed within thirty (30) days of Dey's first receipt of the pleading, order, and other paper from which Dey was first able to ascertain that the Arizona Action had become removable on the Alternative Grounds stated herein (if the Arizona Action had still been in state court). Moreover, the Arizona Action is currently in federal court, and thus, Dey and the other Defendants could remove this action on the Alternative Grounds if this action is remanded back to state court.

All Defendants have consented to and joined in the Supplemental Notice of Removal.

## ARGUMENT

### I.   THE COURT SHOULD GRANT DEY LEAVE TO SUPPLEMENT THE JANUARY 5 NOTICE OF REMOVAL

Dey seeks to supplement the January 5 Notice of Removal by adding a "newly-arisen basis for removal/federal jurisdiction" which "first arose while the case was pending in federal court after expiration of the thirty-day time limit for removal". *Davis v. Life Investors Ins. Co. of America, Inc.*, 214 F. Supp.2d 691, 694 (S.D. Miss. 2002). Where, as here, a new ground for removal arises during the pendency of a remand motion, the notice of removal may be supplemented to set forth the "newly-arisen" grounds, even if they arise after the original

thirty-day time period. *Id.* at 694.

The court in *Davis* addressed the uncommon situation present here where the new ground for removal did not exist during the original thirty-day time period for removal. *Id.* The defendants originally removed the case on October 12, 2001 based upon diversity jurisdiction. *Id.* at 692. The plaintiff moved to remand the action. *Id.* On December 7, 2001, while the remand motion was pending, one of the defendants filed for Chapter 11 bankruptcy. *Id.* A different defendant then made a motion to amend its notice of removal to add a basis for jurisdiction based upon the bankruptcy petition, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b). *Id.* at 692. On February 8, 2002, the Court granted the defendant's motion and gave the parties additional time to brief the new removal issues raised by the amended petition. *Id.* at 694-95. The court held that 28 U.S.C. § 1653 and the line of cases that prohibited amendments to correct "substantive" defects in a removal petition were inapplicable:

> None of these cases addressed a situation such as is presented here, where there was no defect of any sort in the removal notice. Here, in contrast to each of the referenced cases, at the time the removal petition was filed and within the thirty days thereafter, defendant could not have asserted removal jurisdiction premised on a relationship between this case and [the defendant's] bankruptcy because at that time, the defendant had not yet filed for bankruptcy protection. Rather, this ground for removal/federal jurisdiction first arose while the case was pending in federal court after expiration of the thirty-day time limit for removal. In the court's opinion, in this circumstance, amendment of the notice of removal is permissible. In fact, it would be senseless to deny [the moving defendant] the opportunity to assert this newly-arisen basis for removal/federal jurisdiction merely because of the fortuity that the basis arose while the case was pending in federal court, particularly given that if the case were remanded on the sole ground asserted in the removal petition, [the moving defendant] would then be allowed to remove the case a second time on the new basis.

*Id. Cf. Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (holding that a party may "file a supplemental petition specifying the new basis" for diversity jurisdiction within 30 days

of learning of the facts which support this new basis).

Similarly, in this action, Defendants did not have the Alternative Grounds for removal based upon the FCA until September 11, 2006 when the United States unsealed the Federal *Qui Tam* Complaint against Dey and delivered a copy of this Complaint to Dey's counsel. Like the bankruptcy grounds in *Davis*, the FCA grounds are newly-arisen grounds that did not exist at the time of January 5 Notice of Removal or during the original thirty-day time period to remove. Therefore, the Court should allow Dey to supplement the January 5 Notice of Removal.

## II.   THE COURT SHOULD FREELY GRANT LEAVE TO SUPPLEMENT THE NOTICE OF REMOVAL

Courts freely grant parties leave to supplement pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"). *See* Fed. R. Civ. P. 15(d) ("the court may … permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented"); *Sanchez v. City of Santa Ana*, 915 F.2d 424, 431-32 (9th Cir. 1990), *cert denied*, 502 U.S. 815 (1991) (holding that a defendant may supplement defenses in its answer via Rule 15(d) based upon events that occur after the answer is filed); *Structural Systems, Inc. v. Sulfaro*, 692 F. Supp. 34, 35-36 (D. Mass. 1988) (allowing supplementation pursuant to Rule 15(d) where acts occurred after the last pleading was filed); *Strahan v. Linnon*, 967 F. Supp. 581, 590 (D. Mass. 1997) (treating pleading as supplemented with respect to certain claims); *San Luis & Delta-Mendota Water Auth. v. United States Dep't of the Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (granting motion for leave to supplement pursuant to Rule 15(d)) (*citing Foman v. Davis*, 371 U.S. 178 (1962)); *cf.* Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires").

Courts have treated removal petitions like pleadings, and therefore, have considered motions to amend a notice of removal under the standards applied to Rule 15. *See, e.g., Kingman v. Sears, Roebuck & Co.*, 526 F. Supp. 1182, 1185 (D. Me. 1981) (applying Rule 15(a) and granting motion to amend a removal petition); *Grow Group, Inc. v. Jandernoa*, No. 94 Civ. 5679 (RPP),1995 WL 60025, at *3 (S.D.N.Y. Feb. 10, 1995) (holding that Rule 15(a) is applicable to removal actions by Fed. R. Civ. P. 81(c) and granting motion for leave to file amended notice of removal); *Handy v. Uniroyal, Inc.*, 298 F.Supp. 301, 305 (D. Del. 1969) (finding that removal petitions are treated like pleadings under Rule 15; and granting leave to amend removal petition) (*citing Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 151-152, (1914)). Moreover, "the same principles that support the liberal amendment of pleadings also apply to supplemental pleadings." 3 James Wm. Moore, *et al.*, Moore's Federal Practice § 15.30, at 15-109 (3d ed. 2006).

"Rule 15(d) is intended to give the district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *cf. LeNeave v. North American Life Assurance Co.*, 632 F. Supp. 1453, 1455 (D. Minn. 1986) ("Amendments to removal petitions should be subject to the same liberal rules employed in testing the sufficiency of other pleadings."); *Kentucky Solar Energy Controls, Inc. v. American Borate Co.*, 497 F. Supp. 555, 556 (D. Ky. 1980) (leave to amend removal petitions "shall be freely given when justice so requires"; granting motion for leave to amend).

Courts should grant leave to supplement a notice of removal when the following factors are absent: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies; (4) undue prejudice to the opposing party; and (5)

8

futility. *See San Luis & Delta-Mendota*, 236 F.R.D. at 496 (applying *Foman* factors to motions pursuant to Rule 15(d)). These factors are absent here.

Courts also consider the interests of judicial economy. *See Structural Systems*, 692 F. Supp. at 36 (a motion to supplement a pleading should be granted "when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action.").

### A. No Undue Delay, Bad Faith, or Dilatory Motive Exists and the Supplemental Notice of Removal Is Not Futile

Dey has not delayed in filing the Supplemental Notice of Removal. Indeed, Dey first learned of the new Alternative Grounds for removal on September 11, 2006 when it first received a copy of the unsealed *Qui Tam* Complaint. Dey subsequently filed this motion in less than thirty (30) days. For the reasons set forth in the Supplemental Notice of Removal, Dey has a good faith basis that the Alternative Grounds form the basis for original jurisdiction by this court, and thus, the Supplemental Notice is not futile.

### B. There Has Not Been Repeated Failures to Cure Deficiencies

The Supplemental Notice of Removal is the first time a Defendant has sought to supplement the January 5 Notice of Removal. The Supplemental Notice of Removal does not seek to cure any deficiencies, but rather to add newly-arisen grounds for removal. Therefore, this factor is absent.

### C. Arizona Will Not Be Unduly Prejudiced And Allowing Supplementation Will Serve the Interests of Judicial Economy

Arizona will not suffer any prejudice from the supplementation to the January 5 Notice of Removal. Even if the court remanded this action based upon the January 5 Notice of Removal, Dey would have the right to remove based upon the Alternative Grounds. *See Davis*,

214 F. Supp.2d at 694-95; *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1088, 1100 (C.D. Cal. 2005) (holding that successive removals are not barred); *Padilla-Morales v. Shell Co. (Puerto Rico) Ltd.*, No. 04-2276 (DRD), 2005 WL 4655134, *4 (D. Puerto Rico Jun. 29, 2005) (same); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996) (recognizing defendant's right to seek subsequent removal after remand if based on different events that made the case removable). Indeed, if Dey is forced to bring a separate notice of removal, this case will likely be subject to additional delay that would not otherwise result if the Court grants Dey's motion. Moreover, the interests of judicial economy are served through the Court's consideration of the January 5 Notice and the Supplemental Notice at the same time.

## CONCLUSION

For the foregoing reasons, the Court should grant Dey's Motion For Leave to File a Supplemental Notice of Removal in its entirety, and grant Dey such other, further, and different relief as the Court deems to be just and proper.

Dated: October 11, 2006
       Boston, Massachusetts

                               **FOLEY HOAG LLP**

By:   /s/ Justin Saif
       Martin F. Murphy, BBO # 363250
       mmurphy@foleyhoag.com
       Justin Saif, BBO # 660679
       jsaif@foleyhoag.com
       Seaport World Trade Center West
       155 Seaport Boulevard
       Boston, Massachusetts 02210-2600
       Telephone: (617) 832-1000
       Facsimile: (617) 832-7000

**OF COUNSEL:**
**KELLEY DRYE & WARREN LLP**
Paul F. Doyle, BBO # 133460

William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher Palermo (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

**Attorneys for Defendant Dey, Inc.**