**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| _____ ) | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ALL CLASS ACTIONS ) | **ORAL ARGUMENT REQUESTED** |

**SCHERING-PLOUGH CORPORATION'S OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION TO COMPEL COMPLIANCE AND
REQUEST THAT SCHERING BE HELD IN CONTEMPT**

Schering-Plough Corporation ("Schering") respectfully submits this opposition to Plaintiffs' Emergency Motion to Compel Compliance with the Court's Order and Request that Schering be Held in Contempt and for Further Relief ("Pls.' Motion"), and further requests an oral argument in order to resolve Plaintiffs' outrageous motion in an expeditious manner.

Just hours after Schering produced documents pursuant to the Court's Order, Plaintiffs filed a motion seeking to hold Schering in contempt. They claim that Schering "continues to hide probative evidence" and "plays . . . games in contempt of the Court's order." (Pls.' Motion at 2-3.) Plaintiffs' assertions are entirely unfounded, and their request to hold Schering in contempt is outrageous. As explained in detail in its submission yesterday, Schering made a good-faith attempt to comply with the Court's order, and Plaintiffs' attempt to further distract this Court – and Schering – should be rejected. *See, e.g., Langston v. Johnston*, 928 F.2d 1206, 1220 (1st Cir. 1991) (explaining that civil contempt is not justified when a party has made a diligent, good-faith effort to comply with a Court's order).

Plaintiffs' Motion contains a glaring omission: it fails to acknowledge that Schering did, in fact, produce documents in response to the Court's order.  These documents, amounting to over a hundred pages, were hand-delivered to Plaintiffs' counsel yesterday afternoon, several days before the deadline issued by the Court.[1]  These documents, as explained in Schering's Response to Order on Motion to Compel Schering Plough to Produce Documents and Data Underlying Criminal Plea and Settlement Agreement, filed yesterday (Docket No. 3196) ¶¶ 5-6 ("Schering Response"), were produced as the result of a concerted effort to locate documents that had been specifically identified by the Government, during the course of numerous meetings over several years, as relating to the allegations in the Covered Conduct section of the Settlement Agreement regarding Intron A and Temodar.  Every document specifically identified by the Government was produced to Plaintiffs yesterday.  The fact that the Government did not specifically identify additional documents, or that the Government's allegations may have been based on testimony or other evidence obtained in secret grand-jury proceedings of which Schering was not a part, is no fault of Schering's, nor is it a reason to hold Schering in contempt of Court.

Plaintiffs' Motion is also grossly misleading in that it continues to distort the nature of the Civil Settlement Agreement.  Most striking is Plaintiffs' reference to "Schering's admission of guilt" (Pls.' Mot. at 1), which ignores a fact of which the Court informed the Plaintiffs at the plea hearing: the *criminal plea* has nothing to do with AWP or with the issues involved in this case.

---

[1] Despite this fact, Plaintiffs apparently filed their motion before reviewing the produced documents.  It was not until earlier today that Plaintiffs filed an "addendum" acknowledging that they had actually reviewed the documents.  (Pls.' Add'l Material Regarding Suggestion that Schering be Held in Contempt and for Further Relief Relating to the Temodar and Intron Inducements (Oct. 12, 2006) (Docket No. 3208).)  The fact that Plaintiffs would file a motion to hold Schering in contempt based on its purported failure to comply with a Court's order – without reading the documents produced pursuant to that Court's order – underscores the ridiculousness of Plaintiffs' Motion.

The allegations concerning which the Court directed Schering to produce the underlying documents appear in the Covered Conduct section of the *Civil* Settlement Agreement, a section that amounts to mere allegations made by the Government and which Schering never admitted. (Schering Response ¶ 3.) These are not the only errors in a motion that was as hastily filed as it is substantively lacking.[2]

At best, Plaintiffs' Motion displays a complete lack of understanding about the process by which government investigations are conducted and resolved; at worst, it attempts to mislead the Court. Schering has in good-faith produced documents in compliance with the Court's Order. Plaintiffs' Motion should be seen for what it is: an unfounded accusation of bad faith against Schering and its counsel, and a frivolous attempt to distract this Court and to distract Schering from preparing for the upcoming trial. Perhaps Plaintiffs are growing desperate as the time for actually proving the merits of their claims draws near. Whatever the motivation, Plaintiffs' Motion is a waste of this Court's – and Schering's – time.

WHEREFORE, Schering respectfully requests that Plaintiffs' Emergency Motion to Compel Compliance with the Court's Order and Request that Schering be Held in Contempt and for Further Relief be DENIED.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.1, Schering respectfully requests that oral argument be held on this motion.

---

[2] For example, the first two paragraphs of the motion are copied and pasted, verbatim, from their motion of several weeks ago, resulting in the absurd claim that Schering pled guilty "[t]wo days ago." (*Compare* Pls.' Mot. at 1-2 with Emergency Mot. to Compel Schering-Plough to Produce Documents and Data Underlying Criminal Plea and Settlement Agreement (Sep. 22, 2006) (Docket No. 3132).)

-4-

Respectfully Submitted,

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation*

Dated:  October 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson