UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Chief Mag. Judge Marianne B. Bowler |

**MEMORANDUM OF LAW IN SUPPORT OF THE TRACK 1 DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFF BLUE CROSS BLUE SHIELD OF MASSACHUSETTS TO PRODUCE SUSAN PIERCE FOR DEPOSITION**

Track 1 Defendants to the Amended Master Consolidated Class Action Complaint respectfully bring this emergency motion to compel named plaintiff Blue Cross Blue Shield of Massachusetts ("BCBSMA") to produce **Susan Pierce** for deposition.

### PRELIMINARY STATEMENT

BCBSMA has continued to produce documents and witnesses on a rolling basis throughout the summer and fall. This ongoing discovery has pertained to a number of different topics encompassed by defendants' subpoena dated December 9, 2005. BCBSMA did not produce a Rule 30(b)(6) witness to testify in relation to its Medigap plans and premium setting until **October 4, 2006**. On that date, BCBSMA produced Kenneth Arruda to testify about these topics as a corporate representative.

Mr. Arruda's testimony, however, left many questions unanswered. Though BCBSMA produced Mr. Arruda as a Rule 30(b)(6) witness, he testified that another BCBSMA employee, Susan Pierce, was more knowledgeable on a number of key areas relating to Medigap and premiums than he was; and that he had done nothing to prepare himself to testify on those topics. As a result, defendants were unable to explore critical areas relating to the veracity of BCBSMA's Medigap claims. To provide just one example, the record suggests that there may be serious impediments to BCBSMA establishing causation in that it purposefully foregoes the rate increases it needs to avoid political scrutiny. But Mr. Arruda referred questions relating to the details of premium setting to Ms. Pierce.

Defendants wrote to BCBSMA after Mr. Arruda's deposition seeking Ms. Pierce's deposition. Defendants' letter listed for BCBSMA the specific questions Mr. Arruda was unable to answer and which he referred to Ms. Pierce and also detailed his account of how Ms. Pierce – whose name first emerged at Mr. Arruda's October 4, 2006 deposition – is the

2

1316373v1

individual with principal responsibility for Medigap premium setting. BCBSMA, however, has refused to produce Ms. Pierce for deposition. BCBSMA has taken this position even though other discovery on the Medigap topics at issue is ongoing. Indeed, BCBSMA produced relevant documents in the week prior to Mr. Arruda's deposition and has committed to producing additional documents in the week of October 16.

Defendants seek Ms. Pierce's immediate deposition through this emergency motion so she can be examined on areas where Mr. Arruda indicated she is more knowledgeable than he is and with the benefit of the documents BCBSMA has committed to producing in the coming week

### ARGUMENT

**I.     BCBSMA Was Unable to Meet CMO 19 Deadlines And Has Continued To Produce Documents and Witnesses On A Rolling Basis**

Case Management Order 19 ("CMO 19") provided that BCBSMA was to substantially complete its document production by March 1, 2006 and complete its production of witnesses for deposition by April 15, 2006. *See* Declaration of Adeel Mangi dated October 16, 2006 ("Mangi Decl.") Ex. 1.

BCBSMA was unable to complete discovery by those deadlines and continued making productions and producing witnesses well after those they passed.[1] For example, even leaving aside documents and witnesses relevant to this motion, BCBSMA made document productions on June 30, and August 18 and October 2; and produced witnesses for deposition on

---

[1] As part of the discovery effort, defendants filed a motion to compel BCBSMA to produce documents on March 21, 2006. One part of the motion that was granted in part and denied in part on May 9, 2006 related to actuarial documents showing how BCBSMA determines premiums. See December 9, 2005 Subpoena at Request 27 ("Documents reflecting analysis performed by you in setting premiums...."). BCBSMA argued against production on the grounds that compliance would be burdensome, and the Court ordered the production of only a limited subset of responsive documents. *See* Mangi Decl. Exs. 2-3.

3

June 9 (deposition of James Fanale) and October 5 (Rule 30(b)(6) deposition of Michael Mulrey). *See* Mangi Decl. ¶¶ 5-6, Ex. 4.

## II. BCBSMA Recently Produced Documents And Testimony Relating To Medigap Premium Setting For The First Time

BCBSMA's production of discovery relating to the Medigap issues that are the focus of this motion was similarly well beyond the CMO 19 deadlines. BCBSMA produced Kenneth Arruda for deposition on October 4, 2006. *See* Mangi Decl. ¶ 7. Mr. Arruda was the first witness produced by BCBSMA who was designated to testify with regard to its Medigap products. *See* Mangi Decl ¶ 8. The specific and narrowed topics Mr. Arruda was produced to testify with regard to were detailed in correspondence, including a letter dated August 22, 2006. *See* Mangi Dec. Ex. 5.

In the run-up to Mr. Arruda's deposition, BCBSMA produced documents relevant to Medigap and premium setting on September 29, 2006 and October 3, 2006. *See* Mangi Decl. ¶ 9, Exs. 6-7. At Mr. Arruda's deposition it emerged that he had reviewed memoranda relating to premium rate setting in advance of the deposition that had not been produced. Defendants demanded on the record the production of those documents – authored by BCBSMA employee Lucinda Lewis – and they were produced in the course of the deposition (the "Lewis Memoranda"). *See* Mangi Decl. ¶ 10.

In the course of the deposition, it became clear that Mr. Arruda, even though he had been produced as a Rule 30(b)(6) witness, was not the most knowledgeable witness regarding numerous specific issues within the scope of the deposition. Nor had he been prepared to testify as to those topics. Rather, Mr. Arruda stated that another BCBSMA employee, Susan Pierce, was the most knowledgeable person regarding the questions posed and would be able to answer defendants' questions.

4

1316373v1

Immediately after the deposition, on October 7, defendants wrote counsel for BCBSMA a letter seeking Ms. Pierce's deposition:

> "In these circumstances, we call for the immediate deposition of Ms. Pierce. For your reference, below are some of the questions Mr. Arruda was unable to answer and which he said Ms. Pierce would be able to answer. Also listed are some of the areas central to the Rule 30(b)(6) deposition as to which Ms. Arruda identified Ms. Pierce as the person with principal responsibility:
>
> - Mr. Arruda did not know whether premiums received for MediGap plans were greater than the costs incurred in relation to those plans, but said Ms. Pierce would know the answer. (Tr. 45-46).
> - Mr. Arruda did not know whether BCBSMA does any variance analysis to determine the extent to which its cost estimates used in premium setting were accurate, but said Ms. Pierce would know the answer. (Tr. 123-124)
> - Mr. Arruda did not have an understanding as to why specific operating gains and losses in relation to MediGap plans occurred, but said Ms. Pierce would know the answer. (Tr. 149)
> - Mr. Arruda did not know whether premiums in relation to BC 65 were designed to cover only the cost of providing enhanced services over those available through traditional Medicare or whether they were designed to generate an amount in addition to cost, but said Ms. Pierce would know the answer. (Tr. 160-161)
> - Mr. Arruda said Ms. Pierce was the person with responsibility for determining premiums on MediGap products (Tr. 41)
> - Mr. Arruda said Ms. Pierce was the person with responsibility for measuring the performance of MediGap plans (Tr. 42-43).
> - Mr. Arruda identified Ms. Pierce as the custodian of key actuarial documents. (Tr. 139)."

See Mangi Decl. Ex. 8.

That letter also identified for production additional actuarial documents Mr. Arruda testified were available in BCBSMA's files, but only a limited subset of which had been produced in advance of his deposition. *Id.*

Counsel for BCBSMA responded on October 12, 2006 refusing to produce Ms. Pierce for deposition but agreeing to produce some of the documents identified by Mr. Arruda within the next few days. *See* Mangi Decl. Ex. 9.

### III. Ms. Pierce's Deposition Is Required To Ensure A Trial-Ready Record Relating To Plaintiffs' Class 2 Claims

In the course of Mr. Arruda's deposition and in conjunction with the documents produced in September and October, it became clear that BCBSMA makes very specific strategic choices when setting its premiums on Medigap products. For example, BCBSMA is aware that if it seeks a premium rate increase of over 10%, that will trigger a rate hearing. Rate hearing are highly politicized processes. As detailed in the Lewis Memoranda, the dangers to BCBSMA attendant with such hearings include:

> The public rate hearing process provides a "window" into the operations of BCBSMA. Information sought is not strictly limited to the regulated rate. The forum provides an opportunity for AG, DOI, newspapers etc. to find out anything they ever wanted to know about BCBSMA, e.g., executive salaries, hospital and PBM negotiations, level of charitable contributions, etc. The problem of having a small portion of the business provide a "superhighway" into everything going on at BCBSMA was and remains a risk.

*See* Mangi Decl. Ex. 10 at pg. 3.

The import of such considerations on premium setting may have a significant impact of BCBSMA's ability to establish causation, as may numerous other details of factors considered in premium calculation. To fully ascertain the potential impact of these facts and develop a clear record for trial on how BCBSMA sets its Medigap premiums, it is essential that defendants be permitted an opportunity to depose Ms. Pierce with the benefit of the documents BCBSMA has stated it plans to produce shortly. Mr. Arruda's testimony establishes that she is the person with core responsibility for premium rate setting and will be able to fully explain the

actuarial details of the process upon which plaintiffs' Medigap claims will depend. This deposition will therefore enable defendants to fill the numerous gaps in Mr. Arruda's testimony and present the Court with a complete recitation record at trial.

## CONCLUSION

For the above-stated reasons, Defendants respectfully request that this Court enter an order compelling BCBSMA to produce Susan Pierce for deposition within seven days.

Dated:   New York, New York
         October 16, 2006

                                        Respectfully submitted,

                                        /s/ Erik Haas
                                        Andrew D. Schau (admitted *pro hac vice*)
                                        Erik Haas (admitted *pro hac vice*)
                                        Adeel A. Mangi (admitted *pro hac vice*)
                                        PATTERSON, BELKNAP, WEBB & TYLER LLP
                                        1133 Avenue of the Americas
                                        New York, NY  10036-6710
                                        (212) 336-2000

                                        *Attorneys for defendants Johnson & Johnson,
                                        Centocor Inc. and Ortho Biotech Products L.P. on
                                        behalf of all Track 1 Defendants to the Amended
                                        Master Consolidated Class Action Complaint*

1316373v1

## CERTIFICATE OF SERVICE

I certify that on October 16, 2006 a true and correct copy of the forgoing MEMORANDUM OF LAW IN SUPPORT OF THE TRACK 1 DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFF BLUE CROSS BLUE SHIELD OF MASSACHUSETTS TO PRODUCE SUSAN PIERCE FOR DEPOSITION was served on counsel for all parties by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Adeel Mangi<br>
Adeel Mangi

1316373v1