# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | Hon. Patti Saris |
| | ) | |
| *United States of America, ex rel. Ven-a-Care* | ) | |
| *of the Florida Keys, Inc., v. Abbott* | ) | |
| *Laboratories, Inc., and Hospira, Inc.* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |

**[PROPOSED] UNITED STATES' AND RELATOR'S REPLY TO
ABBOTT LABORATORIES, INC.'S OPPOSITION TO UNITED STATES' AND
RELATOR'S MOTION FOR A PROTECTIVE ORDER**

The United States and Relator file this Reply to Abbott Laboratories, Inc.'s ("Abbott's")

Opposition to United States' and Relator's Motion for a Protective Order filed September 29,

2006 ("Opp."). Dkt. No. 3153. Briefly, the United States addresses certain arguments and

concerns raised by Abbott in its Opposition.

1.      The facts in favor of an amended Protective Order are straightforward. The United States

was not a party at the time the current Protective Order ("AWP MDL Protective Order") was

negotiated and entered on December 13, 2002. Dkt. No. 276. Relying upon the AWP MDL

Protective Order, Abbott has designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL/ATTORNEYS' EYES ONLY" virtually every page of the approximately

260,000 pages of initial disclosures it has produced to the United States so far in this case. Ex. 7

at 1-2 to United States' and Relator's Motion for a Protective Order ("MPO"). Dkt. No. 3105.

Abbott has produced hundreds of thousands of pages of materials to the AWP MDL plaintiffs,

every one of which it has designated "HIGHLY CONFIDENTIAL" under the terms of the

Protective Order entered in this case.  Ex. 2 (Decl. of Jennifer Fountain Connolly, Counsel for

Plaintiffs).  The same is true of the few depositions of Abbott employees taken thus far.  *Id.*  In

addition, Abbott produced 73 CDs containing hundreds of thousands of pages of materials,

pursuant to this Court's CMO No. 18 in *State of California, ex rel. Ven-A-Care v. Abbott*

*Laboratories, et al.*  Abbott designated every document as "HIGHLY CONFIDENTIAL"

pursuant to this Court's Protective Order.  Ex. 3 (Decl. of John P. Fisher, Deputy Attorney

General for the State of California).  Abbott also produced twelve deposition transcripts and

exhibits and designated all of them "HIGHLY CONFIDENTIAL."[1]  *Id.*  Such blanket

designation of all materials in this manner prevents the United States and Relator from preparing

the case as discussed below.

2.      Abbott agrees that certain provisions of the current Protective Order should be amended

to reflect the addition of the United States as a party.  Opp. at 2, 11-12; Opp. Ex. A.  We

respectfully request that the Court adopt the United States' and Relator's proposed provisions

where Abbott's language differs.[2]  *See* Ex. 1, ¶¶1, 11, 13(g), 13(j), 16, 17 (chart comparing all of

Plaintiffs' proposed Protective Order provisions, and Abbott's agreed changes, with the AWP

MDL Protective Order provisions).

---

[1]Abbott has made similar wholesale designations of confidentiality of its documents in a
related AWP case under the State of Texas' Protective Order in which the United States is not a
party.  Ex. 4 (Decl. of Raymond C. Winter, Assistant Attorney General for the State of Texas).

[2]The United States and Relator also respectfully request that it be permitted to amend its
proposed Protective Order to *add* ¶29 of the current Order which the Plaintiffs inadvertently
omitted (Dkt. 276); it could simply be added as ¶30 of the Plaintiffs' proposed Protective Order.
MPO Ex. 1 ¶30.

3.      The United States' and Relator's additional concerns with the current AWP MDL

Protective Order can be addressed by the Court's adoption of the proposed Protective Order.  A

few examples will suffice.

•The current Order does not allow Relator Plaintiff *in this case* access to materials Abbott

wholesale designates as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL".[3]  *See* Ex. 1, ¶13

(comparing ¶13(a) of Plaintiffs' proposed Protective Order with ¶4(a) of the current Order).  Nor

does it allow the United States to discuss with Relator Plaintiff any such designated information.

Our proposed order does.  MPO Ex. 1, ¶13(a); Dkt. No. 3105.

•The current Order does not allow us to share any information Abbott designates as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with attorneys in the State of Texas, for

example, who are currently in discovery with Abbott in a related AWP case.  *See* Ex. 1, ¶13

(comparing ¶13(j) of Plaintiffs' proposed Protective Order with ¶4 of the current Order).  Our

proposed order does.  MPO Ex. 1, ¶13(j); Dkt. No. 3105.

•The current Order does not allow us to discuss any information Abbott designates as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with potential witnesses in this case even

with safeguards.  *See* Ex. 1, ¶13 (comparing ¶13(g) of Plaintiffs' proposed Protective Order with

¶4(g) and ¶6(f) of the current Order).  Our proposed order does.  MPO Ex. 1, ¶13(g); Dkt. No.

3105.

•The current Order shifts the burden imposed by Federal Rule of Civil Procedure ("Rule")

26(c)(7) from a defendant to the plaintiff by requiring the United States or Relator to (1) specify

in writing "its grounds" for questioning each designation; and (2) file a motion to compel.  *See*

_____

[3]We hope this is merely an oversight by Abbott.

3

Ex. 1, ¶15 (comparing ¶15 of Plaintiffs' proposed Protective Order with ¶17 of the current

Order).  As shown by its conduct, Abbott ostensibly believes all of its materials and depositions

transcripts produced in AWP litigation are subject to the protections of Rule 26(c)(7).  This

imposes the enormous burden on the United States and Relator to review hundreds of thousands

(and eventually millions) of pages of Abbott's designated materials to determine which in fact

warrant Rule 26(c)(7) protection – knowledge the United States and Relator cannot possibly

possess about another party's commercial information.  Our proposed order properly places the

burden on a defendant.  MPO Ex. 1, ¶15; Dkt. No. 3105.

    •The current Order broadly defines "CONFIDENTIAL" AND "HIGHLY

CONFIDENTIAL" information, a definition which Abbott has relied upon to designate virtually

every page it has produced in this case, including, for example, its own pricing data transmitted

for publication (MPO Ex. 7 at 1-2), and a document that appears to be a blank version (with

instructions) of an obsolete form circulated by a wholesaler organization (Ex. 6).[4]  Our proposed

order eliminates the broad description of what constitutes protected material and simply requires

a defendant to comply with Rule 26(c)(7);[5] it also provides a workable definition of what

---

[4]Of course, blank forms with instructions designated by Abbott as highly confidential are
not useful to any party in this case, but they do demonstrate Abbott's interpretation of the current
Order as permitting it to automatically designate all materials it produces in this case as subject
to the Protective Order regardless of their content.

[5]Abbott claims that it is not bound by the express terms of Rule 26(c)(7) of the Federal
Rules of Civil Procedure, and that the definitions of "Confidential" and "Highly Confidential"
material contained in the AWP MDL Protective Order are legally mandated by case law.  Opp. 5-
7.  Abbott is bound by Rule 26(c)(7) and any binding case law interpreting that rule.  None of the
cases cited by Abbott require that a court adopt particular language on what constitutes Rule
26(c)(7) material.  The vast majority of protective orders and language defining what constitutes
legitimately protected material are negotiated between parties without motions practice.  In this
case, it appears that Abbott believes paragraphs 3 ("Confidential" Information) and 5 ("Highly

4

constitutes a Trade Secret.[6]  MPO Ex.1, ¶4; Dkt. No. 3105.  In addition, it eliminates the

unnecessary, current two-tiered system which only prevents "individual patient plaintiffs" and

certain in-house counsel for "third party payors" and "non-profit associations" access to

"HIGHLY CONFIDENTIAL" materials, entities not parties to this case.  *See* Ex. 1, ¶4

(comparing ¶4 of Plaintiffs' proposed Protective Order with ¶3 & ¶5 of the current Order).

4.      Contrary to Abbott's claims (Opp. 2, 10-12), there is no prejudice to Abbott if the Court

enters the United States' and Relator's Proposed Protective Order – an order drafted to protect a

defendant's legitimate interests in preventing the unauthorized disclosure of certain materials to

competitors and others, while addressing the United States' legitimate interests.  These interests

include accessing and using the discovery to prepare and try Plaintiffs' case efficiently and fairly,

protecting cooperative state and federal law enforcement activities, and ensuring that the public

is given access to these proceedings.[7]

---

Confidential" Information) of this Court's Order (Dkt. No. 276) permit it to make blanket
designations, surely not what was contemplated by the Rule.  Fed. R. Civ. P. 26(c)(7).  That is
what the United States is attempting to remedy by its motion.

[6]In deciding whether to protect proprietary business information under Rule 26(c)(7),
courts have looked to various definitions similar to that in Plaintiffs' proposal.  *See, e.g. John
Doe I-VI v. Yogi*, 110 F.R.D. 629, 632 (D.C. Cir. 1983)("A trade secret may consist of any
formula, pattern, device, or compilation of information used in one's business, and which give
him an opportunity to obtain an advantage over competitors, who do not know or use it.).  Abbott
has not proposed this definition or any other.

[7]Abbott claims that the United States attempts to avoid the MDL AWP procedures for
challenging confidentiality designations and impose one-sided provisions that make it harder for
Abbott to try its case.  Opp. at 2.  There is not a single provision in the Plaintiffs' proposed
Protective Order that in any way prevents Abbott from protecting its trade secrets or subjects any
other commercial information to unnecessary disclosure, nor does Abbott point to any.  To the
contrary, as the United States and Relator have shown, the current AWP MDL Protective Order
contains one-sided provisions that prejudice Plaintiffs' case unnecessarily.  *See, e.g.*, Ex. ¶15

5.      Abbott claims chaos will ensue from having two protective orders applicable in this MDL proceeding.  Opp. at 2, 8-9.  That is not true.  Abbott is involved in at least one other AWP case outside of this MDL proceeding in which a different protective order governs.  *See, e.g.*, MPO Ex. 4 (Protective Order in *State of Texas ex rel. Ven-A-Care v. Abbott et al.*).  Abbott must comply with each and every protective order, notwithstanding the fact that different orders with different provisions and different definitions of what constitutes protected information may govern, even with respect to some of the very same Abbott materials.

6.      Abbott claims there is nothing wrong with the current AWP Protective Order that necessitates change.  Opp. at 3, 7-8.  However, there is something inherently wrong with a Protective Order that allows a party blanket protection of all materials produced in a case, and which places the burden on the non-designating party to determine whether the designating party would suffer harm if its information was released to a competitor – knowledge that can only be possessed by the designating party.  *San Jose Mercury News v. U.S. District Court – Northern District (San Jose)*, 187 F.3d 1096, 1102-1103 (9th Cir. 1999) ("blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document [citations omitted].").  Whether or not that was the original intent of the Protective Order, it has certainly been the effect.

7.      Abbott claims that the United States has reversed course and unilaterally cast aside negotiating a Protective Order.  Opp. at 1-2, 12.  Abbott cites only two pieces of correspondence between the parties in support.  Opp. Exs. B and C.  This is simply not a presentation of the

_____

(comparing ¶15 of Plaintiffs' proposed Protective Order with ¶17 of the current Order).

complete picture of what transpired, is not relevant to any determination this Court must make,

and does not advance any of Abbott's arguments.  There is additional correspondence, back and

forth proposed protective order provisions, and hours of undocumented telephone conversations

between the parties from June 20 until August 24, 2006, when Abbott ended any further

negotiations.  See Ex. 5 generally, and Ex. 5-79.  From the beginning, the United States diligently

and persistently negotiated a reasonable Protective Order, all the while expressing its concerns

with Abbott's over-designation of materials in this and other cases, and the impact it would have

on this case.  *See, e.g.*, Ex. 5-56, 5-58, 5-61.  In fact, throughout these negotiations, Abbott

agreed to many of the same exact provisions which it now disputes.  A reading of the

correspondence between the parties at Exhibit 5 will demonstrate this.[8]

8.      Abbott claims that the United States misrepresents the law concerning public access to

pre-trial judicial materials.  Opp. at 2, 3-5.  Abbott is wrong.  There has been no attempt by the

United States to misstate this area of the law.  Plaintiffs are not seeking public access to Abbott's

legitimately protected trade secrets or confidential commercial information.  The United States

and Relator are arguing *in favor of* a protective order – one that protects legitimate commercial

information and trade secrets and contains reasonable terms that allow the parties equal access to

materials in order to prepare their case.  What the United States objects to, however, are the

---

[8]For example, even after the Conditional Transfer Order (Dkt. No. 1456) was issued on July 11, 2006, Abbott agreed to a proposal that did not include a two-tiered system for designating "Confidential" and "Highly Confidential" information as that provided by the current Order.  Ex. 5-13 (Abbott re-draft) and Ex. 5-26 to 5-27 (Abbott re-draft as black-lined).  *See* Opp. 3, 7-8 (now complaining that omitting the two-tier system would lead to inefficiencies and cause confusion).  Abbott also agreed to our proposal that properly placed the burden on Abbott to file a motion for protective order if there were any challenged designations.  Ex. 5-18 (Abbott re-draft) and Ex. 5-34 (Abbott re-draft as black-lined).  *See* Opp. 2 (now complaining that Plaintiffs try to "end-run the procedures [] to challenge confidentiality designations.").

terms of the current Protective Order, and Abbott's implementation of it, that effectively ensure that the public will never gain access to any materials Abbott produces.

9.      Abbott even objects to allowing limited law enforcement personnel in states that have active investigations of issues similar to those in this action access to Abbott's "private documents" produced in this case.  Opp. 9-10.  *See* Ex. 1, ¶ 13(j) (comparing ¶13(j) of Plaintiffs' proposed Protective Order with ¶4 of the current Order).  First, Abbott has been sued by various state and private entities for essentially the same alleged fraudulent conduct.  Abbott has no blanket right to protect "private documents" from these state law enforcement entities.  Second, as Abbott recognizes (Opp. at 9), once a Protective Order applicable to this case is in place, states with related actions can seek leave of this Court to obtain designated information if they agreed to be bound by the terms of the Protective Order.  However, rather than address this issue up-front when entering a Protective Order, Abbott essentially asks that this Court later entertain intervention motions on a state by state basis in order for each state with an active related-AWP investigation to gain access to materials subject to this Protective Order.[9]  This Court has the

_____

[9]Requiring states to intervene later on a state by state basis would likely lead to the Court's amending its Protective Order to include state "law enforcement personnel...[]...in states that have active investigations of issues similar to those in this action."  MPO, Ex. 1, ¶13(j)(1). *Wilk, et al. v. Am. Medical Assoc., et al.*, 635 F.2d 1295, 1299 (7th Cir. 1980) provides support:

> Federal Rule of Civil Procedure 26(c) permits protective orders to be issued 'for good cause shown' to protect litigants from burdensome or oppressive discovery.  Yet, '(a)s a general proposition, pre-trial discovery must take place in the (sic ) public unless compelling reasons exist for denying the public access to the proceedings.' [citations omitted].  This presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process.  Particularly in litigation of this magnitude, we, like the Multidistrict Panel, are impressed with the

discretion to reject that inefficient (wait-and-see) approach in favor of entering a Protective Order

that "secures the just, speedy, and inexpensive determination of this action." Fed. R. Civ. P. 1.

Third, Abbott recognizes that in other cases it and other defendants *agreed to* allowing state law

enforcement personnel access to such materials.  Opp. at 9.  The parties and the Court need not

be burdened in this case with litigating the same issue over and over again.[10]  Thus, there is no

question that the related state and federal proceedings require sharing of information for the sake

of judicial economy.

10.     Finally, Abbott claims that ¶2 of our proposed Protective Order (MPO, Ex. 1, ¶2) would

"nullify" various state-court protective orders.  Opp. 11.  Abbott misunderstands this provision.

Its purpose is one of pure efficiency (and reduction of paper) and requires the agreement of the

parties to effectuate.  Rather than require Abbott to re-produce relevant documents in this case

with a new legend unique to this case, it would allow Abbott the option (upon agreement of the

parties) to produce to Plaintiffs in this case the same exact documents that have, for example, a

confidentiality legend that was required by a state case instead of re-stamping the materials.

Regardless of the adoption of this provision, Abbott is required to produce all relevant, non-

---

wastefulness of requiring the State of New York to duplicate discovery already
made. [citations omitted].  Rule 1 of the Federal Rules requires the Rules to be
construed 'to secure the just, speedy, and inexpensive determination of every
action'.  We therefore agree with the result reached by every other appellate court
which has considered the issue, and hold that where an appropriate modification
of a protective order can place private litigants in a position they would otherwise
reach only after repetition of another's discovery, such modification can be denied
only where it would tangibly prejudice substantial rights of the party opposing
modification. [citations omitted].

[10]Indeed, this Court has previously recognized the need for Abbott to provide parties to
this MDL proceeding with information it has produced to the states. CMO 5, ¶ 2.  Dkt. No. 161.

privileged materials in this case to Plaintiffs under the terms of this Court's Protective Order (and not some other court's protective order).  Abbott agreed to a slightly modified provision in earlier negotiations.  Ex. 5-13, ¶2 (Abbott re-draft) and Ex. 5-26, ¶2 (Abbott re-draft as black-lined).

## CONCLUSION

For the reasons stated in the United States' and Relator's original motion and in this reply, we ask the Court to enter our proposed Protective Order, and order that it be applicable to future cases to this AWP MDL where the United States is a party.

Respectfully submitted,

For the United States of America,

MICHAEL J. SULLIVAN                    PETER D. KEISLER
UNITED STATES ATTORNEY                 ASSISTANT ATTORNEY GENERAL

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse    /s/ Renée Brooker
Suite 9200, 1 Courthouse Way           Michael F. Hertz
Boston, MA 02210                       Joyce R. Branda
Phone: (617) 748-3272                  Renée Brooker
Fax: (617) 748-3971                    Justin Draycott
                                       Gejaa T. Gobena
R. ALEXANDER ACOSTA                    Civil Division
UNITED STATES ATTORNEY                 Commercial Litigation Branch
SOUTHERN DISTRICT OF FLORIDA           P. O. Box 261
                                       Ben Franklin Station
/s/ Mark A. Lavine                     Washington, D.C.  20044
Mark A. Lavine                         Phone:  (202) 307-1088
Ana Maria Martinez                     Fax: (202) 307-3852
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

For the relator, Ven-A-Care of the Florida
Keys, Inc.,

/s/ James J. Breen
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com

Dated: October 18, 2006

11

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' AND RELATOR'S REPLY TO ABBOTT LABORATORIES, INC.'S OPPOSITION TO THEIR MOTION FOR A PROTECTIVE ORDER** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


/s/ Renée Brooker
Dated: October 18, 2006                                   Renée Brooker

# Exhibit 1

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)**
**Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| *U.S. and Relator's Proposed Protective Order* | *MDL AWP Protective Order, Dec. 13, 2002* |
|---|---|
| ¶1.  Scope.  Protective Order made applicable to any case transferred to MDL No. 1456 in which the United States is a party<br><br>**Abbott has agreed to amend this provision to make an amended Protective Order applicable to the United States' and Relator's case against Abbott.**<br><br>•Limits the scope of the Order to pre-trial discovery | ¶1: Protective Order made applicable to "all future actions that are transferred to MDL No. 1456..."<br><br><br><br>•No comparable provision |
| ¶2.  Confidential Information Produced in Other Actions. DOCUMENTS that a party has produced in another investigation or action that are required to be produced in this action need not be re-produced if the DOCUMENTS have already been provided to the opposing parties in this case, and if the parties so agree that a re-production is not necessary.  DOCUMENTS that fall into this category shall be deemed to be produced under the terms of this Order and shall not be governed by a Protective Order entered in any other action. DOCUMENTS that do not fall into this category shall be reproduced in this case with the unique legend described in this Order and shall be governed only by the terms of this Order. ¶2. | •No comparable provision/silent on this issue |
| ¶3.  Documents Defined. | ¶2, ¶12. Intended to Replace |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)**
**Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶4.  Confidential Information Defined.  Materials covered by this Protective Order are expressly limited to that protected under Rule 26(c)(7) of the Federal Rules of Civil Procedure (and by implication any applicable case law defining such parameters) | ¶3, ¶5.  Provides for a two-tiered system of confidentiality in which materials designated as "Confidential", or "Highly Confidential/Attorney's Eyes only" are broadly defined, resulting in Abbott's designation of nearly ALL materials as subject to the Protective Order.  *See* MPO Ex. 7, Reply Exs. 2-4. |
| •Provides a workable definition of what constitutes a "Trade Secret", using the definition under the Uniform Trade Secrets Act. | •No comparable provision/silent on this issue |
| ¶5.  Designating Party Defined.  The "designating party", as that term is used in this Order, refers to the party or third party that is designating the information as CONFIDENTIAL. | •Appears to use comparable terms throughout, such as "producing or testifying party" but does not expressly define these terms.  E.g., ¶13. |
| ¶6.  United States' Confidential Information.  CONFIDENTIAL information of the United States includes information deemed confidential pursuant to any and all applicable federal statutes or regulations. | •No comparable provision |
| ¶7.  Publicly Available Information.  Information that is publicly available is not entitled to treatment as CONFIDENTIAL under this Order.  "Publicly available information" includes but is not limited to any information that a defendant produced in any other action that it did not designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the other action(s).  Prior to designating any information as CONFIDENTIAL subject to this Order, the Party so designating shall make a good faith determination that the information is not publicly available.  The Party shall not designate information as CONFIDENTIAL if it learns that the information is publicly available as that term is defined herein. | •No comparable provision/silent on this issue |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)**
**Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶8. <u>Legend To Be Used</u>.  Any party involved in this DOJ AWP Litigation, or counsel for such party, may designate as CONFIDENTIAL any DOCUMENT that it produces through discovery in this case which meets the definition set forth in this Order by stamping the following legend unique to this case, "CONFIDENTIAL [Case name abbreviated and docket number]," or as amended by stipulation of the parties, on the face of the DOCUMENT that a party in good faith believes to meet the definition set forth in this Order, and upon each line or page so designated, as appropriate.  Any legend shall not obliterate text or handwritten marginalia on the DOCUMENT stamped CONFIDENTIAL. | ¶13.  Intended to Replace |
| ¶9. <u>Storage of Confidential Information</u>. | ¶11.  Same provision |
| ¶10. <u>Deposition Testimony</u>.  This provision is intended to be the same as ¶ 14 in the MDL with two exceptions:<br><br>(1) the AWP MDL Protective Order requires a plaintiff to treat an entire transcript and exhibits as confidential or highly confidential for 30 days after the conclusion of a deposition to allow a defendant the opportunity to make additional designations.  We propose to shorten the time to 21 days.<br><br>(2) we propose this addition:  To the extent that the designating party makes a request to the court reporter to re-issue a transcript to reflect a CONFIDENTIAL designation, the designating party shall bear the burden of the cost of the re-issued transcript for all parties.<br><br>(3) The United States' and Relator's proposal inadvertently omitted the following sentence from ¶10, which appears in ¶ 14 of the AWP MDL Protective Order: "The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing [confidential information] and serve the same on opposing counsel." | ¶14.  Intended to Replace.  <u>See</u> column to the left. |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)**
**Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶11.  <u>Filing Confidential Information with the Court</u>.<br><br>**Abbott has agreed in part to amend this provision to include some language proposed by the United States.**  *See* Opp., Ex. A ¶17. | ¶15.  Comparable provision<br>¶29.  **Ps' proposal inadvertently overlooks this AWP MDL provision which also addresses under seal filings and should be included in any Amended Protective Order** |
| ¶12.  <u>Withdrawal</u>. | |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)
Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶13.  <u>Who May Have Access</u>.   This provision has been necessarily updated to address persons not addressed in the AWP MDL Protective Order as follows (and otherwise has adopted the current provisions): | |
| ¶13(a) a named Plaintiff or an employee of a named Plaintiff, including an employee of any federal agency involved in the DOJ AWP Litigation, who has executed a Certification attached hereto as Exhibit A; | ¶4(a) This provision does not currently allow Relator Plaintiff or its employees access to these materials.  Given that Abbott has designated virtually all materials as subject to this Protective Order, that means that Plaintiff Relator under the terms of this Order cannot review any materials produced by Abbott in this case. |
| ¶13(b), (c), (d) & (e) have been slightly modified from the AWP MDL Protective Order provisions to make it applicable to the Plaintiffs in this case. | ¶4 (b), (c), (d) & (e).  Intended to replace these. |
| ¶13(g) to permit disclosure to a potential witness including a deposition witness, with certain conditions set forth.  **Abbott has agreed in part to amend this provision except that it does not extend the amendment to "potential witnesses" who may not be deposed.**  *See* Opp., Ex. A ¶4(f). | ¶4(g) & ¶6(f) These provisions omit a "potential witness" to be shown designated materials, and therefore unnecessarily impedes or prevents Plaintiffs from developing their case. |
| ¶13(j) to permit disclosure to certain federal and state law enforcement personnel.  **Abbott has agreed to amend this provision to include certain federal law enforcement personnel.**  *See* Opp., Ex. A ¶4(i). | ¶4 does not allow the United States to share information with states investigating or litigating AWP issues. |
| | **Abbott has agreed to certain additional minor amendments.**  *See* Opp., Ex. A, ¶4 (a) is omitted; ¶6(a) is amended. |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)
Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶14.  <u>Conditions of Access</u>.  Counsel shall inform each person to whom they disclose or give access to CONFIDENTIAL information the terms of this Order and provide each person with a copy of this Order.  Persons receiving CONFIDENTIAL information are prohibited from disclosing it to any person except in conformance with this Order.  Counsel who provides CONFIDENTIAL information to a person identified in paragraph 13 above, shall keep and maintain as an officer of the Court in a secure place the originals of all such executed consent forms found at Exhibit A.  At any request of the Court, copies of any signed certification shall be made available to the Court as may be required for the enforcement of this Order. | ¶8, ¶10.  Intended to replace |
| ¶15.  <u>Objection to Designation</u>.  This provision properly places the burden on defendant (and not on plaintiff) of demonstrating that material is entitled to protection under Rule 26(c)(7). | ¶17.  This current provision unnecessarily impedes or prevents Plaintiffs from developing their case by requiring a plaintiff:<br>(1) in writing to specify "information in issue and its grounds for questioning the designation."  Abbott has used this provision to shift the burden required by Rule 26(c) to Plaintiffs by designating ALL materials as subject to this Protective Order and requiring Plaintiffs to determine which of the materials are actually entitled to protection<br>(2) to file a motion to compel, instead of requiring a defendant to file a motion for protective order<br>(3) to treat an entire transcript and exhibits as confidential or highly confidential to allow for a 21 day meet and confer period followed by an additional 21 day period to file a motion to compel.  We propose a shortened period of time (5 days to meet and confer, 15 additional days to file a MPO). |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)
Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶16.  <u>Disclosures To United States' Agencies</u>.  The United States proposes language that is standard to other protective agreements in which the United States is a party.  **Abbott has agreed to amend this provision but its amendment is unacceptable.**  *Opp.*, Ex. A, ¶ 10. | No comparable provision/silent on this issue |
| ¶17.  <u>Disclosures to Congress</u>.  The United States proposes language that is standard to other protective agreements in which the United States is a party.  **Abbott has agreed to amend this provision but its amendment is unacceptable.**  *Opp.*, Ex. A, ¶ 11. | No comparable provision/silent on this issue |
| ¶18.  <u>Disclosures to Third Parties</u>.  The United States proposes language that is standard to other protective agreements in which the United States is a party. | No comparable provision but intended to replace ¶9 as it applies to the United States. |
| ¶19.  <u>Protection to Third Parties</u>. | ¶22.  Comparable.  Intended to Replace |
| ¶20.  <u>Advice to Clients</u>.  This provision was adopted from the AWP MDL Protective Order | ¶19.  Same provision |
| ¶21.  <u>No Admission of Relevance or Admissibility</u>.  This provision was adopted from the AWP MDL Protective Order | ¶18.  Same provision |
| ¶22.  <u>Attendance at Hearings and Depositions</u>.  This provision was adopted from the AWP MDL Protective Order. | ¶16.  Same provision |
| ¶23.  <u>Inadvertent Disclosure of Confidential Information by a Party</u>.  This provision was adopted from the AWP MDL Protective Order with slight modifications as follows: (1) the time is shortened for the provision of properly re-designated materials from 30 days to 20 days; (2) the party receiving inadvertently disclosed materials has the option of destroying or returning the materials; (3) the time is lengthened from 5 days to 30 days to return documents or provide notification of their return. | ¶20.  Intended to Replace |

**United States' and Relator's Proposed Protective Order (Ex. 1 to MPO, Dkt. No. 3105)
Compared to the Current Protective Order (Dkt. No. 276) and Agreed Upon Amendments by Abbott**

| | |
|---|---|
| ¶24.  Inadvertent Disclosure by a Receiving Party.  This provision was adopted from the AWP MDL Protective Order with only the modification that it allow a receiving party 30 days (instead of 10 days) to provide the executed certification. | ¶21. Intended to replace |
| ¶25.  Inadvertent Disclosure of Privileged Information.  This provision was adopted from the AWP MDL Protective Order with slight modifications. | ¶26.  Intended to Replace |
| ¶26.  Relief From Court. | ¶28.  Same provision |
| ¶27.  Destruction.  This provision was adopted from the AWP MDL Protective Order with some modifications to account for the United States' document retention obligations. | ¶24.  Intended to Replace |
| ¶28.  Impounded and Confidential Materials.  This provision was adopted from the AWP MDL Protective Order. | ¶27.  Same provision |
| ¶29.  Survival of Order.  This provision was adopted from the AWP MDL Protective Order with a slight modification. | ¶23.  Intended to Replace |

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

## DECLARATION OF JENNIFER FOUNTAIN CONNOLLY

I, Jennifer Fountain Connolly, declare as follows:

1.     I am a partner at Wexler Toriseva Wallace LLP and am one of plaintiffs' attorneys.  Specifically, I am the primary person who, on behalf of the MDL plaintiffs, has negotiated with Defendant Abbott Laboratories, Inc. ("Abbott") regarding its MDL document production.  I submit this Declaration pursuant to the request of the United States.

2.     Pursuant to its obligations under Case Management Order Nos. 5 and 10, and then purportedly in response to Plaintiffs' March 31, 2004 Omnibus Requests for Production and Interrogatories, Abbott has produced approximately 62,000 documents, resulting in approximately 413,000 pages.  Many of these documents are duplicates.  In Plaintiffs' view, Abbott's document production is not yet complete.

3.     Every one of the documents Abbott has produced, without regard to the nature of the document, has been designated HIGHLY CONFIDENTIAL under this Court's December 13, 2002 protective order.

4.     Because we have not yet received a complete document production from Abbott, Plaintiffs have not taken many depositions of Abbott employees in the MDL proceeding.  The three depositions that have been taken, of Michael Sellers, Peter Karas and Mark Sebree, were all designated by Abbott as HIGHLY CONFIDENTIAL.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  October 5, 2006

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

## **CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on September 27, 2006, I caused copies of ***Declaration of Jennifer Fountain Connolly*** to be served on all counsel of record by causing same to be posted electronically via LexisNexis File & Serve.

/s/  Jennifer Fountain Connolly
Jennifer Fountain Connolly

3

# EXHIBIT 3

## DECLARATION OF JOHN P. FISHER

I, John P. Fisher, declares as follows:

1. I am a Deputy Attorney General for the State of California. I was responsible for acquiring documents from Abbott Laboratories, Inc. ["Abbott"] pursuant to the Case Management Order ["CMO"] No. 18 which was filed in the case known as State of California, *ex rel.* Ven-A-Care v. Abbot Laboratories, *et al* . I submit this Declaration pursuant to the request of the United States Department of Justice.

2. Pursuant to the CMO 18 request, Abbott produced seventy-three [73] CD's. All of the labels affixed to each of the CDs identified the material contained as "Highly Confidential." Likewise, it appears that all the "tif" images contained on those CD's are also individually marked as "Highly Confidential." The exact amount of pages that comprise the 73 CDs cannot be determined at this time since there were some inherent problems with the Bates numbering system not matching what was actually produced; duplicative documents among the CDs, etc. I am in the process of now trying to straighten these problems out with Abbott's counsel. Nevertheless, it is safe to say that these 73 CDs comprise hundreds of thousands of pages of documents.

3. In addition, Abbott also produced three boxes of paper documents consisting mostly twelve [12] deposition transcripts and exhibits. These depositions and exhibits are identified as "Highly Confidential."

1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 10-12-06

John P. Fisher

# EXHIBIT 4

DECLARATION OF RAYMOND C. WINTER

I, Raymond Winter declare as follows:

1.      I am an Assistant Attorney General for the State of Texas.  I am one of the

primary persons who, on behalf of the State of Texas, has negotiated with Defendant

Abbott Laboratories, Inc. ("Abbott") regarding its document production in *State of Texas*

*ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et. al.*, Cause

No. D-1-GV-04-001286, in the 201st District Court of Travis County, Texas.  I submit this

Declaration pursuant to the request of the United States Department of Justice.

2.      Pursuant to its obligations in response to Requests for Production and

Interrogatories, Abbott has produced approximately 287,280 pages and 62 CD ROMS

containing electronic data.

3.      The overwhelming majority of the documents Abbott has produced, without

regard to the nature of the document, have been classified as CONFIDENTIAL or

HIGHLY CONFIDENTIAL under the First Amended Protective Order entered by the

trial court on April 27, 2005.

4.      In addition, Plaintiffs have taken three depositions of current Abbott

employees, and four depositions of former Abbott employees.  For four of the

aforementioned seven depositions, Abbott designated all pages of the transcript as

HIGHLY CONFIDENTIAL.  For one of the seven depositions, Abbott has designated

substantial portions of the transcript as CONFIDENTIAL and HIGHLY

CONFIDENTIAL.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge, information and belief.

Raymond C. Winter
Assistant Attorney General

Dated:  October 5, 2006

-2-