# EXHIBIT 5

 **U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*99 N.E. 4 Street*
*Miami, FL 33132*
*305-961-9003*

June 20, 2006

Daniel E. Reidy, Esq.
James R. Daly, Esq.
JONES DAY
77 West Wacker
Chicago, IL 60601-1692

RE:    United States of America, ex rel., Ven-A-Care of the Florida Keys, Inc., v. Abbott
       Laboratories, Inc., and Hospira, Inc., United States District Court, Southern District
       of Florida, Case No. 06-CV-21203-Gold/Turnoff

Dear Messrs. Reidy and Daly:

    This will confirm the teleconference between counsel for the parties yesterday
afternoon. The Government and the relator are prepared to have our conference of counsel
with Abbott's counsel on any date in between July 10, 2006 and July 17, 2006. Please let
us know which date is best for you and your client. As we discussed, in anticipation of the
parties' conference and initial disclosure obligations, we will forward a draft protective
order to you.

    We look forward to hearing from your concerning your dates of availability during
the week of July 10, 2006. Thank you.

                              Very truly yours,

                              R. ALEXANDER ACOSTA
                              UNITED STATES ATTORNEY

                        By: _____
                              Mark A. Lavine
                              Assistant United States Attorney

cc:    Gejaa Gobena
       James Breen

                                                              **Exh 5-1**



**U.S. Department of Justice**

Civil Division, Civil Fraud Section

---

*601 D Street, NW*
*Suite 9918*
*Washington, D.C. 20004*

*Telephone: (202) 616-3797*
*Telecopier: (202) 514-7361*

June 22, 2006

**By Facsimile**

Daniel E. Reidy, Esq.
James R. Daly, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601-1692

RE:   *United States of Amercia, ex rel., Ven-A-Care of the Florida Keys, Inc., v. Abbott*
      *Laboratories, Inc., and Hospira, Inc., United States District Court, Southern District of*
      *Florida, Case No. 06-CV-21203-Gold/Turnoff*

Dear Messrs. Reidy and Daly:

     In anticipation of our Fed. R. Civ. Proc. 26(f) conference on July 10, enclosed please find the United States' draft protective order for this case. We provide this to you well in advance of the meeting in an effort to resolve before July 10 any issues with regard to the provisions in the enclosed draft. As you are well aware, the parties should expect to exchange initial disclosures within 14 days of July 10, or not later than July 24, pursuant to Rule 26(a)(1). To the extent that a protective order is necessary for the exchange of certain initial disclosures under Rule 26(a)(1)(B), we anticipate that defendants are agreeable to having an order entered as soon as practicable in order to ensure the timely exchange by both parties of all required disclosures. We would appreciate a response to this letter by June 30.

     Very Truly Yours,

By: *Renée Brooker*
    Renée Brooker
    Assistant Director

cc: Gejaa Gobena, Esq.
   Mark Lavine, Esq.
   James Breen, Esq.

Enclosure (draft protective order)

**Exh. 5-2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-CV-21203-GOLD

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. | ) ) ) |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. a Florida Corporation, by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES, | ) ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ABBOTT LABORATORIES, INC., and HOSPIRA, INC., | ) ) ) ) |

Defendants.

## STIPULATION AND PROPOSED PROTECTIVE ORDER

1.     Scope. This Stipulation and Protective Order ("Protective Order" or "Order") governs the use and dissemination of all information that is designated as "Protected Information" and that is produced within this action.  This Protective Order is not intended to govern the use of Protected Information, defined herein, at any trial of this action.  Questions of the protection of information from public disclosure during trial will be presented to the Court prior to or during trial as each party deems appropriate.

2.     Protected Information Produced In Other Actions.  Documents required to be produced by any party pursuant to discovery requests in this action that the party has produced in another investigation or action shall be reproduced under the terms of this Protective Order and shall not

**Exh. 5-3**

be governed by a Protective Order entered in any other action.

3.     <u>Document Defined</u>.  The term "document" or "documents," as used in this Protective

Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure,

and shall include all written, recorded, or graphic material whatsoever, such as responses to

requests for production of documents or things, documents or things produced herein,

interrogatory answers, requests for admission and responses thereto, briefs, memoranda,

affidavits, exhibits, and deposition transcripts.

4.     <u>Protected Information Defined</u>.  "Protected Information" of a private party to this

litigation includes Trade Secrets or other confidential research, development, or commercial

information otherwise entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil

Procedure.

5.     <u>Trade Secret Defined</u>.  The term "Trade Secret," as used in this Protective Order, means

information as defined under the Uniform Trade Secrets Act:  Information, including a formula,

pattern, compilation, program, device, method, technique, or process, that: (a) derives

independent economic value, actual or potential, from not being generally known to, and not

being readily ascertainable by proper means by, other persons who can obtain economic value

from its disclosure or use, and (b) is the subject of efforts that are reasonable under the

circumstances to maintain its secrecy.

6.     <u>United States' Protected Information</u>.  Protected Information of the United States

includes information pursuant to any and all applicable federal statutes or regulations.

7.     <u>Publicly Available Information</u>.  Information that is publicly available is not entitled to

treatment as Protected Information under this Order.  "Publicly available information" includes

**Exh 5-4**

but is not limited to any information that Defendants produced in any other action that they did

not designate as confidential or protected information in the other action(s).  Prior to designating

any information as Protected Information subject to this Order, the Party so designating shall

make a good faith determination that the information is not publicly available.  The Party shall

not designate information as Protected Information if it learns that the information is publicly

available.

8.      Legend To Be Used.  Any party involved in this litigation, or counsel for such party, may

designate as Protected Information any Document that it produces through discovery in this case

which meets the definition set forth in this Order by stamping the legend "[INITIALS OF

DESIGNATING PARTY]- PROTECTED INFORMATION SUBJECT TO P.O. IN U.S. EX.

REL VEN-A-CARE V. ABBOTT, ET AL, 06-CV-21203-GOLD]" on the face of the

information that a party in good faith believes to meet the definition set forth in this Order, and

upon each line or page so designated.

9.      Deposition Testimony.  A party may designate specific lines and pages of deposition

testimony as Protected Information by advising the court reporter to include the following

designation on each line and page of the transcript where confidential information has been

disclosed:  [INITIALS OF DESIGNATING PARTY]- PROTECTED INFORMATION

SUBJECT TO P.O. IN U.S. EX. REL VEN-A-CARE V. ABBOTT, ET AL, 06-CV-21203-

GOLD].

10.     Withdrawal.  Any party may withdraw a designation of confidentiality at any time for

any reason and shall notify counsel for all parties in writing, identifying with specificity the

information to which this Order shall no longer apply.

11.     Use of Protected Information.  Information designated as Protected Information by a party may be used by any party for any purpose related to this case; but shall not be used for any other purpose except as permitted under this Order.

12.     Who May Have Access.  Protected Information that is covered by this Order may be disclosed to the following individuals:

   (a)     The Court and its personnel including any appeal herein;

   (b)     Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

   (c)     Employees of a party who are assisting counsel in the preparation and trial of this action;

   (d)     Contractors, consultants, investigators, and experts retained by the parties or counsel to assist (whether designated as trial witnesses or not) in the preparation and trial of this action;

   (e)     Deponents in connection with preparation for or during the course of a deposition;

   (f)     Court reporters engaged for depositions, and employees or contractors of such court reporters reasonably necessary for the transcription of depositions;

   (g)     Law enforcement personnel including the following persons: (I) Attorneys General, Deputy and Assistant Attorneys General, and/or any private counsel retained by such Attorneys General, and their directly supervised staff employees in those states that have active, authorized investigations of issues similar to those in this action and have requested information that would include Protected

**Exh. 5-6**

Information; and (ii) United States Attorneys, their authorized subordinates employed by the United States Department of Justice, and contractors engaged for the purposes of assisting the same with investigations or litigation of issues similar to this action;

(h)     any other person or entity to whom counsel for the party producing the Protected Information agree in writing, or whom the Court directs to have access to such information.

13.     Conditions of Access. Individuals who may have access to Protected Information shall sign the Certification at Attachment A to this Order. Information designated as Protected Information and provided by a party to another individual covered by this Order, shall be used by that other individual solely for the purposes of investigation or litigation involving similar issues to this action, and not for any other purpose. Before any Protected Information is provided to individuals covered by this Order, the party that provided such information shall obtain from an authorized representative of the recipient(s) the signed written Certification at Attachment A to this Order. The providing party shall keep and maintain as an officer of the Court, in a secure place, the originals of all such executed consent forms. At any request of the Court, copies of any signed certification shall be made available to the Court as may be required for the enforcement of this Order.

14.     Objection to Designation. Any party may at any time object to another party's designation of Protected Information. No party shall be obligated to challenge the propriety of any designation and failure to do so shall not preclude a subsequent challenge on the propriety of such designation. In the event that a party challenges another party's designation, the party

**Exh. 5-7**

designating the Protected Information shall have the burden to file a motion for a protective

order with the Court in accordance with Federal Rule of Civil Procedure 26(c)(7) and the local

rules demonstrating that good cause exists to treat the challenged information as protected

subject to this Protective Order.  Once written notice is given by the challenging party of the

challenged designations, the designating party has ten (10) days to file an appropriate motion for

a Protective Order; if no such motion is filed within this time period, the Protected Information is

deemed no longer covered by this Order and may be used for any purpose by any party.  If the

designating party files a motion within the ten (10) day period, the parties shall continue to treat

the materials as Protected Information pending a ruling by the Court on such a motion.

15.    Disclosures To United States' Agencies.  Nothing contained in this Order shall prevent or

in any way limit or impair the right of the United States to disclose to any agency or department

of the United States, or any division of any such agency or department, Protected Information

relating to any potential violation of law or regulation, or relating to any matter within that

agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or

impair the use of any such Protected Information by an agency in any proceeding relating to any

potential violation of law or regulation, or relating to any matter within that agency's jurisdiction;

provided, however, that the agency shall maintain the confidentiality of Protected Information

consistent with the terms of this Order.

16.    Disclosures to Congress.  Nothing contained in this Order shall prevent or in any way

limit or impair the right of the United States to provide any document or information to the

Congress pursuant to a Congressional request; provided, however, that the United States shall

notify the Congressional entity requesting the documents that the Protected Information has been

**Exh 5-8**

produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the party of the Congressional entity's request and the United States' response thereto.

17.     <u>Disclosures to Third Parties</u>.  In the event of a request by a third party (excluding Congress or an agency of the United States) for disclosure of Protected Information, the United States will protect the documents from disclosure to the fullest extent permitted by law.  The party will be given as much notice as is practicable prior to the disclosure of Protected Information to a third party who requests disclosure under any provision of law.

18.     <u>Destruction</u>.  Within ninety (90) days after the conclusion of this litigation, including all appeals, the parties shall undertake reasonable and prudent efforts to return all Protected Information to the producing party or to destroy all Protected Information, at the election of the party retaining the information, and to destroy all notes or summaries containing such Protected Information; EXCEPT THAT the attorneys for each party may maintain copies of any Protected Information in their master file for this action, and may maintain copies of any notes or summaries containing such Protected Information in their master file for this action, and provided that any copies of any Protected Information or notes or summaries containing such Protected Information are clearly labeled as subject to this Protective Order.

**Exh. 5-9**

DEPARTMENT OF JUSTICE

QUI PRO DOMINA JUSTITIA SEQUITUR

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

| | | | |
|---|---|---|---|
| **FROM:** | U.S. Department of Justice<br>Civil Division, Fraud Section | | |
| **DATE:** | June 22, 2006 | | |
| **SENT BY:** | Renée Brooker<br>Assistant Director | **PHONE:**<br>**FAX:** | 202-616-3797<br>202-514-7361 |
| **TO:** | Daniel E. Reidy, Esq.<br>James R. Daly, Esq. | **FAX:** | **312-782-8585** |

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** *9*

**SPECIAL INSTRUCTIONS:**

Re: Draft Protective Order in *United States of Amercia, ex rel., Ven-A-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc., United States District Court, Southern District of Florida, Case No. 06-CV-21203-Gold/Turnoff*

****************-COMM. JOURNAL- ******************* DATE JUN-22-2006 ***** TIME 18:21 ********

MODE = MEMORY TRANSMISSION START=JUN-22 18:17 END=JUN-22 18:21

FILE NO.=359

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | 8 | 913127828585 | 009/009 | 00:03:38 |

-DOJ/CIV -

************************************ -DOJ/CIV - ***** - 202 514 7361- *********

**Exh. 5-10**

-----Original Message-----
From: jrdaly@JonesDay.com [mailto:jrdaly@JonesDay.com]
Sent: Wednesday, July 12, 2006 3:05 PM
To: Brooker, Renee (CIV)
Subject: Fw: Draft Protective Order


Renee:

Attached is the corrected blackline that reflects what  has been
inserted (blue), deleted (red) and moved (green).  A clean copy is also
attached.
The draft is still being reviewed by our clients and we may have
further comments.  Please let us know if you have any additional
questions.

Jim

James R. Daly
JONES DAY
77 W. Wacker Dr.
Suite 3500
Chicago, Illinois 60601
Phone: 312-269-4141
Fax: 312-782-8585


(See attached file: DOJ Protective Order Blackline.DOC)


(See attached file: DOJ Stipulation and Proposed Order.DOC)


**Exh 5-11**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 06-CV-21203-GOLD

UNITED STATES OF AMERICA <u>ex rel.</u>   )
         )
   VEN-A-CARE OF THE FLORIDA   )
   KEYS, INC. a Florida Corporation, by   )
   and through its principal officers and   )
   directors, ZACHARY T. BENTLEY   )
   and T. MARK JONES,   )
         )
               Plaintiff,   )
         )
vs.                    )
         )
   ABBOTT LABORATORIES, INC.,   )
   and HOSPIRA, INC.   )
         )
           Defendants,   )

### STIPULATION AND PROPOSED PROTECTIVE ORDER

1.   <u>Scope</u>.  This Stipulation and Protective Order ("Protective Order" or "Order") is entered into by and between the United States Department of Justice, Ven-A-Care of the Florida Keys, Inc., Zachary T. Bentley, T. Mark Jones (collectively the "Plaintiffs") and Abbott Laboratories, Inc. and Hospira, Inc. (collectively referred to as "Defendants").  This Protective Order governs the use and dissemination of all information that is designated as "CONFIDENTIAL" that is produced within this action (the "DOJ AWP Litigation").

The terms and conditions of this Protective Order shall govern the production and handling of documents, answers or responses to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

**Exh. 5-12**

This Protective Order is not intended to govern the use of "CONFIDENTIAL" information, defined herein, at any trial of this action.  Questions of the protection of information from public disclosure during trial will be presented to the Court prior to or during trial as each party deems appropriate.

2.      Confidential Information Produced In Other Actions.  Documents produced in this action that have been produced in another action that have been marked "Highly Confidential," shall be treated as though they have been marked "CONFIDENTIAL" in this DOJ AWP Litigation.

3.      Document Defined.  The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure, and shall include all written, recorded, or graphic material whatsoever, such as responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, and deposition transcripts.

4.      Confidential Information Defined.  The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) financial information; or (c) information that should otherwise be subject to confidential treatment under **Fed. R. Civ. P. 26(c)(7)**.  The designation "CONFIDENTIAL" does not include information or materials available to the public.

5.      Disclosure of Confidential Information.  Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     an employee of the Plaintiff who has executed a Certification attached hereto as Exhibit A;

(b)     in-house counsel of a named party who has executed a Certification attached hereto as Exhibit A;

(c)     outside counsel of record representing a named party in the DOJ AWP Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)     actual or potential experts or consultants who are retained by any attorney described in Paragraphs 5(b) and (c) to assist with the DOJ AWP Litigation, are not a current employee of a competitor to a party, and who execute a Certification attached hereto as Exhibit A;

(f)     a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the DOJ AWP Litigation, and who executes a Certification attached hereto as Exhibit A;

(g)     during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the

specific events, transactions or discussions reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)     any private mediators used in the DOJ AWP Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(i)     the Court, Court personnel and any Magistrate and/or Mediators appointed by the Court, provided that any Mediator appointed by the Court executes a Certification attached hereto as Exhibit A.

6.     <u>Publicly Available Information</u>.  Information that is publicly available is not entitled to treatment as "CONFIDENTIAL" information under this Order.  The Party shall not designate information as "CONFIDENTIAL" if it learns that the information is publicly available.

7.     <u>Use of "CONFIDENTIAL" Information</u>.  All information designated "CONFIDENTIAL" in accordance with the terms of this Protective Order and produced or exchanged in the course of the DOJ AWP Litigation shall be used or disclosed solely for the purpose of the DOJ AWP Litigation and in accordance with the provisions of this Protective Order.  Such "CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or proceeding, or for any other purpose, except by Court Order or otherwise required by law.  The foregoing notwithstanding, this Protective Order has no effect on, and its scope shall not extend to any party's use of its own "CONFIDENTIAL" information.

8.     <u>Third-Party Requests for Confidential Information</u>.  Any person or party receiving documents designated as "CONFIDENTIAL" that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or

request.  Provided that the producing party makes a motion or other application for relief from the subpoena or other request in the appropriate forum within fourteen days of receiving the subpoena or request, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without the consent of the producing party or until ordered by a court of competent jurisdiction.

9.   <u>Withdrawal</u>.  Any party may withdraw a designation of confidentiality at any time for any reason and shall notify counsel for all parties in writing, identifying with specificity the information to which this Order shall no longer apply.

10.   <u>Storage of Confidential Information</u>.  The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

11.   <u>Designating Information as "CONFIDENTIAL"</u>  All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the DOJ AWP Litigation may be designated "CONFIDENTIAL" information by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivery at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL."

12.   <u>Deposition Testimony</u>.  The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the DOJ AWP Litigation as "CONFIDENTIAL"

at the time of the deposition by advising the court reporter and all parties of such fact during the deposition.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of the transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL."  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information.  If no designation is made at the deposition or within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.  A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducing effective discovery, and consent to such a request shall not be unreasonably withheld.  In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

13.    <u>Filing Confidential Information with the Court</u>.  Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL — Filed Under Seal Pursuant to Court Order" and bear the caption of the DOJ AWP Litigation and pleading or document title and such other description

as will allow the Court to readily identify the documents or information or portions thereof so designated.

14.     Restrictions at Hearings, Depositions and Other Proceedings.  At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" information from attending any hearing, deposition or other proceeding at which such information is revealed.

15.     Objection to Designation.  Nothing in this Order shall be construed in any way as a finding that information designated as "CONFIDENTIAL" actually is "CONFIDENTIAL." Any party may at any time object, in writing, to another party's designation of "CONFIDENTIAL" information.  No party shall be obligated to challenge the propriety of any designation at the time made, and failure to do so shall not preclude a subsequent challenge on the propriety of such designation.  In the event that a party challenges another party's designation, the party designating the "CONFIDENTIAL" information shall have the burden to file a motion for a protective order with the Court in accordance with Federal Rule of Civil Procedure 26(c)(7) and the local rules demonstrating that good cause exists to treat the challenged information as protected subject to this Protective Order.  Once written notice is given by the challenging party of the challenged designations, the parties shall try first to resolve said dispute in good faith on an informal basis.  If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party that designated the information may file a motion for a protective order within twenty-one (21) days after the parties' informal attempts at resolution have concluded.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.  If no such

motion is filed within this time period, the "CONFIDENTIAL" information is deemed no longer covered by this Order.

16.     No Admission of Relevance or Admissibility.  Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the DOJ AWP Litigation.  This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

17.     Disclosures to United States' Agencies.  Subject to the provisions of Paragraph 8 of this Order, nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, "CONFIDENTIAL" information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such "CONFIDENTIAL" information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of "CONFIDENTIAL" information consistent with the terms of this Order.

18.     Disclosures to Congress.  Subject to the provisions of Paragraph 8 of this Order, nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the "CONFIDENTIAL" information has been produced pursuant to this Order.

**Exh. 5-19**

19.     Advice to Clients.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to the DOJ AWP Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" information.

20.     Inadvertent Disclosure.  The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where:  (i) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure, and (ii) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice.  Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

21.     Procedure for Dealing with Inadvertent Disclosures.  Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Protective Order, then the receiving party shall:

(a)     use its best efforts to obtain the return of any such "CONFIDENTIAL" information and to bind such person or party to the terms of this Protective Order;

(b)     within seven (7) business days of the discovery of such disclosure, inform such

person of all provisions of this Protective Order and identify such person or party

to the producing party; and

(c)     request such person or party to sign the Certification attached hereto as Exhibit A.

The executed Certification shall be served upon counsel for the producing party

within ten (10) business days of its execution by the party to whom the

"CONFIDENTIAL" information was inadvertently disclosed.  Nothing in this

Paragraph is intended to limit the remedies that the producing party may pursue

for breach of this Protective Order.

22.     <u>Protection to Third Parties</u>.  A producing person or entity who is not a party in the

DOJ AWP Litigation shall be entitled to the protections afforded herein by signing a copy of this

Protective Order and serving same on all counsel of record.  Thereafter, a producing person or

entity may designate as "CONFIDENTIAL" information only testimony, information,

documents or things that such producing person or entity has produced or provided in the DOJ

AWP Litigation.

23.     <u>Survival of Order</u>.  This Protective Order shall survive the termination of the DOJ

AWP Litigation and any transferred actions and shall continue in full force and effect thereafter.

24.     <u>Destruction</u>.  Within ninety (90) days after the conclusion of this litigation,

including all appeals, the parties shall undertake reasonable and prudent efforts to return all

"CONFIDENTIAL" information to the producing party or to destroy all "CONFIDENTIAL"

information, at the election of the party retaining the information, and to destroy all notes or

summaries containing such "CONFIDENTIAL" information; EXCEPT THAT the attorneys for

each party may maintain copies of any "CONFIDENTIAL" information in their master file for

**Exh 5-21**

this action, and may maintain copies of any notes or summaries containing such

"CONFIDENTIAL" information in their master file for this action, and provided that any copies

of any "CONFIDENTIAL" information or notes or summaries containing such

"CONFIDENTIAL" information are clearly labeled as subject to this Protective Order.

     25.    <u>Inadvertent Disclosure of Privileged Information</u>.  If information subject to a

claim of attorney-client privilege or work product privilege is inadvertently or mistakenly

produced, such production shall in no way prejudice or otherwise constitute a waiver of, or

estoppel as to, any claims of privilege for such information.  If a party has inadvertently or

mistakenly produced information subject to a claim of privilege, upon written request made by

the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken

production, the information for which a claim of inadvertent production is made, including all

copies, shall be returned within seven (7) business days of such request unless the receiving party

intends to challenge the producing party's assertion of privilege.  All copies of inadvertently or

mistakenly produced documents shall be destroyed, and any document or material information

reflecting the contents of the inadvertently produced information shall be expunged.  If a

receiving party objects to the return of such information within the seven (7) business day period

described above, the producing party may move the Court for an order compelling the return of

such information.  Pending the Court's ruling, a receiving party may retain the inadvertently or

mistakenly produced documents in a sealed envelope and shall not make any use of such

information.

     26.    <u>Relief From Court</u>.  Nothing in this Protective Order shall prevent any party from

applying to the Court for relief there from, or from applying to the Court for further or additional

protective orders or for a modification of this Protective Order.

Dated this _____ July, 2006.


BY THE COURT:


_____

**Exh. 5-23**

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order entered by the *United States District Court for the Southern District of Florida, Case No. 06-CV-21203*, on

_____ (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the DOJ AWP Litigation and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order.

I agree that the United States District Court for the Southern District of Florida has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2006

_____
[Signature]

_____
[Print Name]

_____
[Employer]

_____

_____
[Address]

**Exh 5-24**