```
-----Original Message-----
From: Brooker, Renee (CIV)
Sent: Thursday, July 20, 2006 9:25 PM
To: 'jrdaly@JonesDay.com'
Cc: jbreen@breenlaw.com; dereidy@jonesday.com; tmtabacchi@JonesDay.com;
Gobena, Gejaa (CIV); Draycott, Justin (CIV); Lavine, Mark (USAFLS);
Martinez, Ana Maria (USAFLS); St.Peter-Griffith, Ann (USAFLS)
Subject: Meeting & Draft P.O.
```

Jim, we plan to circulate the next round draft Protective Order to you very early next week. We want to move forward with finalizing it expeditiously. We are just doing a final vetting of it here.

Also, after today's telephonic conference with the Court we think it's a good idea for the parties to schedule another telephone meeting. We need time internally to discuss the Court's order today, and I will be out of the office tomorrow (Friday) through the weekend on a family emergency.

I will get back to you next week to see if we can find an agreeable time on Tuesday for the parties to discuss how best to proceed with discovery.  --Renée

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 514-7361

From: Brooker, Renee (CIV)
Sent: Tuesday, July 25, 2006 1:55 PM
To: dereidy@jonesday.com; jrdaly@jonesday.com; christophercook@jonesday.com; tmtabacchi@jonesday.com; dstorborg@jonesday.com; bjmurray@jonesday.com; schnappm@gtlaw.com
Cc: jbreen@breenlaw.com; alisonsimon@breenlaw.com; jarrett@anderson-llc.com; Draycott, Justin (CIV); Gobena, Gejaa (CIV); Martinez, Ana Maria (USAFLS); Lavine, Mark (USAFLS); St.Peter-Griffith, Ann (USAFLS)

Subject: Draft Protective Order

Jim,

I tried to capture all comments, changes, amendments that the parties discussed. If I missed anything for either side we can discuss further when you've had an opportunity to review.

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC 20004
ph: (202) 616-3797
fax: (202) 514-7361

Exh. 5-42

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*               *07/25/06 DOJ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-CV-21203-GOLD

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br><br>VEN-A-CARE OF THE<br>FLORIDA KEYS, INC.<br>a Florida Corporation,<br>by and through its principal<br>officers and directors,<br>ZACHARY T. BENTLEY and<br>T. MARK JONES,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC.,<br>and HOSPIRA, INC.,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

1.      Scope. This Stipulation and Protective Order ("Protective Order" or "Order") is entered into by and between the United States Department of Justice, Ven-A-Care of the Florida Keys, Inc., Zachary T. Bentley, T. Mark Jones (collectively the "Plaintiffs") and Abbott Laboratories, Inc. and Hospira, Inc. (collectively referred to as "Defendants"). This Protective Order governs the use and dissemination of all information that is designated as CONFIDENTIAL and that is produced within this action (the "DOJ AWP Litigation"), including all DOCUMENTS, as defined herein. This Protective Order is not intended to govern the use of CONFIDENTIAL DOCUMENTS at any trial of this action. Questions of the protection of information from public

**Exh. 5-43**

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*           *07/25/06 DOJ*

disclosure during trial will be presented to the Court prior to or during trial as each party deems appropriate.

2.     <u>Confidential Information Produced In Other Actions</u>. DOCUMENTS required to be produced by any party pursuant to discovery requests in this action that the party has produced in another investigation or action shall be reproduced under the terms of this Protective Order and with the unique legend described herein (below) and shall not be governed by a Protective Order entered in any other action.

3.     <u>Documents Defined</u>. The term "DOCUMENT" or "DOCUMENTS," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure, and shall include all written, recorded, or graphic material whatsoever, such as responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, pleadings, memoranda, affidavits, exhibits, deposition transcripts, and all other information produced by any third party in response to subpoenas.

4.     <u>Confidential Information Defined</u>. The designation "CONFIDENTIAL" shall be limited to "trade secrets or other confidential research, development, or commercial information" entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5.     <u>United States' Confidential Information</u>. CONFIDENTIAL information of the United States includes information pursuant to any and all applicable federal statutes or regulations.

6.     <u>Publicly Available Information</u>. Information that is publicly available is not entitled to treatment as CONFIDENTIAL under this Order. "Publicly available information" includes but is

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*          *07/25/06 DOJ*

not limited to any information that Defendants produced in any other action that they did not designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the other action(s). Prior to designating any information as CONFIDENTIAL subject to this Order, the Party so designating shall make a good faith determination that the information is not publicly available. The Party shall not designate information as CONFIDENTIAL if it learns that the information is publicly available.

7.  <u>Legend To Be Used</u>. Any party involved in this DOJ AWP Litigation, or counsel for such party, may designate as CONFIDENTIAL any DOCUMENT that it produces through discovery in this case which meets the definition set forth in this Order by stamping the following legend unique to this case, CONFIDENTIAL Subject To P.O. U.S. v. Abbott S.D. Fl. 06-CV-21203, or as amended by the parties, on the face of the DOCUMENT that a party in good faith believes to meet the definition set forth in this Order, and upon each line or page so designated, as appropriate.

8.  <u>Storage of Confidential Information</u>. The recipient of any CONFIDENTIAL information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such CONFIDENTIAL information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

9.  <u>Deposition Testimony</u>. A party may designate those portions of deposition testimony and exhibits that are CONFIDENTIAL by advising the court reporter and all parties of such fact by the close of the deposition. The designating party shall instruct the court reporter to use the same

Exh. 5-45

DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL            07/25/06 DOJ

agreed-upon unique legend as described herein (above). If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend, identified herein (above), identifying those portions of the videotape that are CONFIDENTIAL.

Unless a shortened time period is requested as set forth below, within twenty-one (21) days of receipt of the transcript, the deponent, his/her counsel, or any other party may re-designate any portion of the transcript CONFIDENTIAL. Prior to the lapse of the twenty-one (21) day period, the parties shall treat the transcript as if it were CONFIDENTIAL provided that it is designated CONFIDENTIAL by a party before the close of deposition. The designating party shall make a good faith determination that there is a reasonable likelihood that the transcript contains CONFIDENTIAL information. If no designation is made at the deposition or within thirty (21) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

Exh. 5-46

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*            *07/25/06 DOJ*

To the extent that the designating party makes a request to the court reporter to re-issue a transcript to reflect a CONFIDENTIAL designation, the designating party shall bear the burden of the cost of the re-issued transcript for all parties.

10. <u>Filing Confidential Information with the Court</u>.  Any party or third party filing DOCUMENTS with the Court that contain CONFIDENTIAL information, shall file them under seal in an envelope marked "CONFIDENTIAL — Filed Under Seal Pursuant to Court Order" and bear the caption of the DOJ AWP Litigation and DOCUMENT title and such other description as will allow the Court to readily identify the DOCUMENT or portions thereof so designated.

Any party or third party filing DOCUMENTS with the Court that contain CONFIDENTIAL information shall also contemporaneously file a public, redacted version of the same DOCUMENT that is not under seal.

11. <u>Withdrawal</u>.  Any party may withdraw a designation of confidentiality at any time for any reason and shall notify counsel for all parties in writing, identifying with specificity the information to which this Order shall no longer apply.

12. <u>Who May Have Access</u>.  CONFIDENTIAL information that is covered by this Order may be disclosed to the following individuals:

    (a)     a named Plaintiff or an employee of a named Plaintiff who has executed a Certification attached hereto as Exhibit A;

    (b)     counsel of record representing a named party in the DOJ AWP Litigation, including all paralegal assistants, and stenographic, and clerical employees

Exh. 5-47

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*          *07/25/06 DOJ*

        working under the supervision of such counsel;

(c)     private counsel representing a named party who is not a counsel of record and his or her employees, provided they (1) are assisting counsel of record in the preparation and trial of this action; and (2) have executed on behalf of that counsel's firm a Certification attached hereto as Exhibit A;

(d)     contractors, consultants, investigators, and experts retained by any party or counsel described in paragraphs (b) and (c) above (provided they are not a current employee of a competitor to a party) to assist (whether designated as trial witnesses or not) in the preparation and trial of this action, and who execute a Certification attached hereto as Exhibit A;

(e)     court reporters, paralegals, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel described in paragraphs (b) and (c) above, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(f)     a person who prepared, received, or reviewed the CONFIDENTIAL information prior to its production in the DOJ AWP Litigation, and who executes a Certification attached hereto as Exhibit A;

(g)     during depositions and preparation for depositions, a deposition witness who is (1) a current employee of the designating party; (2) a former employee of the designating party who is asked to execute a Certification attached hereto as

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*     *07/25/06 DOJ*

Exhibit A; or (3) someone whom the counsel questioning the witness or preparing the witness has a good faith basis to question about the document, and who is asked to execute a Certification attached hereto as Exhibit A, provided that the witness is not permitted to retain a copy of any CONFIDENTIAL information;

(h) any private mediator used in the DOJ AWP Litigation who executes a Certification attached hereto as Exhibit A;

(i) the Court, Court personnel and any Magistrate and/or Mediators appointed by the Court, provided that any Mediator appointed by the Court executes a Certification attached hereto as Exhibit A;

(j) Law enforcement personnel including: (1) State Attorneys General, and/or any private counsel retained by such State Attorneys General, and their directly supervised staff employees in those states that have active, authorized investigations of issues similar to those in this action and have requested information that would include CONFIDENTIAL information, provided they have executed a Certification attached hereto as Exhibit A; and (2) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with investigations or litigation of issues similar to this action;

(k) any other person or entity to whom counsel for the party designating the CONFIDENTIAL information agree in writing, or whom the Court directs to have access to such information.

Exh. 5-49

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*          *07/25/06 DOJ*

13.  <u>Conditions of Access</u>.  Information designated as CONFIDENTIAL and provided by a party to another individual covered by this Order, shall be used by that other individual solely for the purposes of this case or for investigation or litigation involving similar issues to this action, and not for any other purpose.  The providing party shall keep and maintain as an officer of the Court in a secure place the originals of all such executed consent forms.  At any request of the Court, copies of any signed certification shall be made available to the Court as may be required for the enforcement of this Order.

14.  <u>Objection to Designation</u>.  Any party may at any time object in writing to another party's designation of CONFIDENTIAL information.  No party shall be obligated to challenge the propriety of any designation at the time made and failure to do so shall not preclude a subsequent challenge on the propriety of such designation.  In the event that a party challenges another party's designation, the party designating the CONFIDENTIAL information shall have the burden to file a motion for a protective order with the Court in accordance with Federal Rule of Civil Procedure 26(c)(7) and the local rules demonstrating that good cause exists to treat the challenged information as protected subject to this Protective Order.  Once written notice is given by the challenging party of the challenged designations, the parties shall try to informally resolve the dispute in good faith within ten (10) days.  If the parties cannot resolve the dispute within ten (10) days of service of a written objection, the designating party shall have the opportunity to file a motion for a Protective Order within fourteen (14) days; if no such motion is filed within this time period, the CONFIDENTIAL information is deemed no longer covered by this Order and may be used for any purpose by any party.  If the designating party files a motion within the

Page 8 of 11

**Exh. 5-50**

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*          *07/25/06 DOJ*

fourteen (14) day time period, the parties shall continue to treat the materials as CONFIDENTIAL pending a ruling by the Court on such a motion.

15.     <u>Disclosures To United States' Agencies</u>.  Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, CONFIDENTIAL information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such CONFIDENTIAL information by a federal agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of CONFIDENTIAL information consistent with the terms of this Order.

16.     <u>Disclosures to Congress</u>.  Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any DOCUMENT or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the CONFIDENTIAL information that it has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the CONFIDENTIAL information, use reasonable efforts to notify the party of the Congressional entity's request and the United States' response thereto.

17.     <u>Disclosures to Third Parties</u>.  In the event of a request by a third party (excluding Congress or an agency of the United States) for disclosure of CONFIDENTIAL information, the United States will protect the CONFIDENTIAL information from disclosure to the fullest extent

**Exh 5-51**

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*          *07/25/06 DOJ*

permitted by law. The party will be given as much notice as is allowable under the law prior to the disclosure of CONFIDENTIAL information to a third party who requests disclosure under any provision of law.

18.     Protection to Third Parties. A producing person or entity who is not a party in the DOJ AWP Litigation shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record. Thereafter, a producing third party may designate as CONFIDENTIAL information only DOCUMENTS that such producing third party has produced or provided in the DOJ AWP Litigation.

19.     Advice to Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to the DOJ AWP Litigation and in the course thereof, referring to or relying upon the attorney's examination of CONFIDENTIAL information so long as the attorney does not disclose CONFIDENTIAL information.

20.     No Admission of Relevance or Admissibility. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the DOJ AWP Litigation. This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

21.     Relief From Court. Nothing in this Protective Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or for a modification of this Protective Order.

22.     Destruction. Within ninety (90) days after the conclusion of this litigation, including all

Exh. 5-52

*DRAFT PROPOSED PROTECTIVE ORDER: NOT FINAL*      *07/25/06 DOJ*

appeals, the parties shall undertake reasonable and prudent efforts to return all CONFIDENTIAL information to the producing party or to destroy all CONFIDENTIAL information, at the election of the party retaining the information, and to destroy all notes or summaries containing such CONFIDENTIAL information; EXCEPT THAT the attorneys for each party may maintain copies of any CONFIDENTIAL information in their master file for this action, and may maintain copies of any notes or summaries containing such CONFIDENTIAL information in their master file for this action, and provided that any copies of any CONFIDENTIAL information or notes or summaries containing such CONFIDENTIAL information are clearly labeled as subject to this Protective Order.

23.   <u>Survival of Order</u>.   This Protective Order shall survive the termination of the DOJ AWP Litigation and any transferred actions and shall continue in full force and effect thereafter, except as it may be amended by the Court.

Exh. 5-53