**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*99 N.E. 4 Street*

*Miami, FL 33132*
*305-961-9003*

July 28, 2006

VIA ELECTRONIC MAIL AND U.S. MAIL

James R. Daly, Esq.
JONES DAY
77 West Wacker
Chicago, IL 60601-1692

RE:   U.S., ex rel., Ven-A-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc., U.S. District Court, District of Massachusetts, MDL Docket No. 1456, In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Jim:

In furtherance of our most recent telephonic conference Wednesday, we are writing to advise you of the United States' position on various discovery issues. The Relator joins in the positions expressed in this letter. First, this case will proceed before the Multidistrict Litigation ("MDL") as desired by Abbott and since we agreed not to oppose defendants' request for transfer, which led to the July 11, 2006 Conditional Transfer Order-30 ("CTO-30") of the Judicial Panel on Multidistrict Litigation ("JPML"). As expressly stated in CTO-30, the order transferring this case "does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts." As the transmittal of the order was stayed 15 days from the date of entry, or until Wednesday, the order may have already been transmitted.

While the parties have in good faith engaged in several discussions about the timing and extent of discovery, and an agreed-upon protective order, those discussions took place in the context of Judge Gold's June 19, 2005 Order Requiring Compliance With Local Rule 16.1 of the United States District Court for the Southern District of Florida. Although the parties agree to move expeditiously through the discovery process, we are faced with a new federal district court judge, a different set of applicable local rules, and an enormous MDL proceeding with multiple parties and numerous case management orders in which the United States is a party for the first time. An important purpose of an MDL proceeding is to coordinate discovery and we trust that the existing MDL parties have worked cooperatively in this regard as required by the applicable rules. You will recall that we raised the issue of coordination of discovery, in the context of the Manual on Complex

**Exh 5-54**

James R. Daly, Esq.
JONES DAY
July 28, 2006
Page 2 of 4

Litigation, at the outset of our discovery discussions on July 10. The United States has not yet had the opportunity to seek appropriate case management orders guiding the discovery process in the MDL proceedings and is entitled to do so at the outset of its participation as an MDL party.

As we expressed in our call, we believe that it is appropriate for the parties to withdraw the few outstanding discovery requests that have been served in this case until such time as a controlling Case Management Order ("CMO") is issued by Judge Saris. Given the very recent transfer to the MDL proceeding, discovery is now premature. Under the District of Massachusetts' Local Rule 26.2(A), a party cannot proceed with discovery until after making its initial disclosures. Local Rule 26.2(D) further provides that initial disclosures are due at the earliest 20 days after the transfer of this case to Judge Saris, an event that has not yet occurred.

In addition, Wednesday, we raised a specific problem with Abbott's pending requests for admissions. On July 12, 2006 Abbott served upon the Plaintiff and Relator 298 Requests for Admission. We informed you that the District of Massachusetts' Local Rule 26.1 (c) limits the number of requests for admission that a party may serve in a case to 25 in total. We are unaware of any current CMO issued by Judge Saris, or other Local Rule or 16.1 order that allows Abbott to serve more than 25 requests or that obligates the United States to respond. Abbott cited none.

Unless and until those Local Rules are modified by Court order or agreement of the parties, we do not agree that discovery may continue or that the parties are obligated to respond to discovery. Even if the parties disregard the local rules, there are likely other parties in the MDL not yet aware that the United States is a party to the MDL, which will want to be heard on coordinating discovery. The withdrawal of discovery will serve the parties' interests by avoiding unnecessary duplication of effort. Further, there is a host of coordination issues relating to multi-party discovery that need to be discussed and resolved. Any CMOs entered in this case will need to apply to other parties who Judge Saris may find to have the right to some discovery. Wednesday we asked defendants whether they are aware of any CMOs that may apply to this case; however, you were not certain of the specifics of any that may.

Since discovery was only recently served and no responsive deadlines have lapsed, there is no prejudice to either party by a withdrawal. There is particularly no prejudice to defendants in this case as a result of the substantial discovery the United States has already produced by way of third party subpoenas in the MDL proceeding, which we discuss further below.

As we discussed Wednesday, complicating the earliest possible exchange of

**Exh. 5-55**

James R. Daly, Esq.
JONES DAY
July 28, 2006
Page 3 of 4

discovery is the absence of an agreed-upon Protective Order.  We agree that, by its terms, Judge Saris's MDL Protective Order applies to all transferred cases.  However, the United States, not having previously been a party to the MDL did not have the opportunity to negotiate or raise objections prior to the entry of the Protective Order.  Even though the parties were aware that eventual transfer to the MDL was a possibility, we still engaged in good faith negotiations over an agreed-upon Protective Order, and in fact, after several rounds of discussions and the circulation of drafts, were pretty close to a final version.  We ask again that you reconsider finalizing the Protective Order we have discussed and provide us comments on the draft we circulated on July 25.  As you stated Wednesday on the telephone, and we agree, Judge Saris will likely be amenable to adopt something that is agreed to by the parties.  You have informed us that you would at least consider certain amendments to the MDL Protective Order.  We would be disappointed if the parties cannot finalize the process that is underway, and attempt to present the Court with our own agreed-upon Protective Order.  In response to your question, at the very least we would want to replace similar provisions in the MDL Protective Order with ¶¶ 4, 7, 9, 10, 12(g), and add ¶¶ 12(b), 12(j), 14-17 from our current draft.  In addition, the parties may need eventually to negotiate a separate Protective Order governing the disclosure of protected health information of individuals; however we do not anticipate that will delay the discovery process.

In consideration of our initial proposal made when we were appearing before Judge Gold, and defendants' counter-proposal, we propose the following discovery plan, which at this time seems fair and reasonable and will allow the parties to efficiently and expeditiously proceed with discovery:

A)   The parties conduct discovery over a two year discovery period;

B)   Each party may take no more than 250 hours of deposition time, including F.R.C.P. 30(b)(1) and (6) depositions;

C)   Each party may serve no more than 65 interrogatories in total under Fed. R. Civ. P. 33;

D)   Each party may serve no more than 35 requests for admission in total under Fed. R. Civ. P. 36; and,

E)   Each party may serve no more than seven sets of document requests, under Fed. R. Civ. P. 34.

We note that the parties need to consider additional matters as well.  First, now that

**Exh. 5-56**

James R. Daly, Esq.
JONES DAY
July 28, 2006
Page 4 of 4

this matter will shortly be transferred, any discovery plan should take into consideration the existing discovery that has already taken place in the MDL proceeding of which the United States is not fully apprised. Notably, the United States has already provided the defendants with extensive document production incident to third party subpoenas from Abbott in connection with MDL-1456 and the Lupron MDL directed at the United States' agencies. As you are no doubt well aware, the process of responding to those subpoenas and working through privilege and protection issues required considerable time and resources. In light of what the United States has already produced to date, the United States' document production in this case should proceed relatively without incident as Abbott already has a significant portion of the documents it is requesting in its Requests for Production served on July 12, 2006. Second, we are not aware of the nature of the limitations imposed by Judge Saris in the MDL proceeding. Third, there is uncertainty as to the extent of discovery, including deposition discovery, that may be sought by other parties to the MDL. Fourth, as we have previously expressed, the United States believes that defendants' discovery sought in this case is excessively broad and irrelevant to any party's claims or defenses, and will move for protection against unnecessary discovery. This is an issue that we plan to ask the Court to address before commencing discovery.

We hope to make this transition to the MDL as wrinkle-free as possible for Judge Saris and the parties. To that end, we are very open to proposals that will advance the parties' ability to work out agreements on these matters contained in this letter and to minimize the number of disputed issues we bring to Judge Saris. We all desire to be on a fast, but prudent discovery track that is both reasonable and efficient.

Please advise immediately whether the defendants agree to withdraw the few outstanding discovery requests. If not, the United States and Relator will need to seek immediate relief from the Court, a move that we hope to avoid.

Sincerely,


s/ Mark Lavine

Mark Lavine


s/ Renée Brooker

Renée Brooker

cc:    James J. Breen, Esq.

**Exh. 5-57**

"Renee.Brooker@usdoj.gov" <Renee.Brooker@usdoj.gov>
"Mark.Lavine@usdoj.gov" <Mark.Lavine@usdoj.gov>(Receipt
Notification Requested) (IPM Return
07/31/2006 10:44 AM Requested), "jrdaly@JonesDay.com"
<jrdaly@JonesDay.com>(Receipt Notification Requested) (IPM Return
Requested) "Justin.Draycott@usdoj.gov"<Justin.Draycott@usdoj.gov>(Receipt Notification
Requested) (IPM Retur Requested),  "Gejaa.Gobena@usdoj.gov"
Gejaa.Gobena@usdoj.gov>(Receipt Notification Requested) (IPM Return Requested),
"alisonsimon@breenlaw.com" <alisonsimon@breenlaw.com>(Receipt  Notification Requested)
(IPM Return Requested)
"Ana.Maria.Martinez@usdoj.gov"<Ana.Maria.Martinez@usdoj.gov>(Rece ipt Notification
Requested) (IPM Return Requested), "Ann.St.Peter-Griffith@usdoj.gov"
<Ann.St.Peter-Griffith@usdoj.gov>( Receipt Notification Requested) (IP Return Requested),
"dereidy@jonesday.com"<dereidy@jonesday.com>(Receipt Notification Requested) (IPM
Return Requested), "Irene.Prager@usdoj.gov" <Irene.Prager@usdoj.gov>(Receipt  Notification
Requested) (IPM Return Requested), "jbreen@breenlaw.com"<jbreen@breenlaw.com>(Receipt
Notification Requested) (IPM Return Requested), "schnappm@gtlaw.com"
<schnappm@gtlaw.com>(Receipt Notification Requested) (IPM Return Requested)
"tmtabacchi@JonesDay.com" <tmtabacchi@JonesDay.com>(Receipt   Notification Requested)
(IPM Return Requested)

Subject  RE: Attached Letter

Jim, please allow me to immediately correct you again as to one inaccuracy in your email below
that you continue to repeat.  As we have repeatedly told you, we never agreed to treat any
materials as "attorneys-eyes only"
except for the Hospira papers you provided to us, which are related to Hospira's motion to
dismiss.  In addition, your email is misleading in at least one other respect.  The MDL court had
no jurisdiction over this case on July 24 and there was no other protective order in place at that
time.
In fact, all the way up until at least as late as July 26 you had us believe that we were negotiating
in good faith for a protective order when you suddenly pulled the plug on those negotiations.  We
told you that we needed to address certain concerns we had with the MDL protective order before
commencing production.  We still have not heard back from Abbott on the latest draft protective
order we circulated.  If Abbott truly desires to move forward with discovery, that would go a long
way toward that goal.
We also now understand that Abbott intends to produce its entire set of initial disclosures to the
United States with a stamp of confidentiality.
That is an unacceptable proposal that the United States cannot accept.
Indeed, it evidences the very concerns we have repeatedly raised with you about Abbott's
apparent conduct in other litigation in overdesignating materials as confidential.

As for a last minute meeting today, that may not be possible.  I am not certain anyone from
Miami is available.  We will get back to you when possible.

**Exh 5-58**

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 514-7361

**Exh. 5-59**

-----Original Message-----
From: jrdaly@JonesDay.com [**mailto:jrdaly@JonesDay.com**]
Sent: Monday, July 31, 2006 11:21 AM
To: Lavine, Mark (USAFLS)
Cc: Brooker, Renee (CIV); Draycott, Justin (CIV); Gobena, Gejaa (CIV);
alisonsimon@breenlaw.com; Martinez, Ana Maria (USAFLS); St.Peter-Griffith, Ann
(USAFLS); dereidy@jonesday.com; Prager, Irene (USAFLS); jbreen@breenlaw.com;
schnappm@gtlaw.com; tmtabacchi@JonesDay.com
Subject: Attached Letter

Mark - - We received your July 28 letter and agree with virtually nothing in it.  I will not respond
at this juncture to all of your points because I want to focus on our discovery disputes and
attempt to move forward.

- - You previously agreed to make your 26(a)(1) disclosures on July 24 and then on July 31; we
do not understand why you are seeking to delay the disclosures.  There is already a protective
order in place as you admit in your letter.  We can discuss modifications to paragraphs 15-17 but
those modifications (and any others you may propose) provide no excuse to avoid discovery or
delay the 26(a)(1) disclosures.  We also have an attorneys eyes only agreement for production of
documents, as if the protective order were not enough.  We think the parties should make their
disclosures as previously agreed.
- - We do not believe discovery is premature and we will not withdraw it.
We do not agree to points A-D on page 3 of your letter.  As to those, our position remains the
same:  1 year for fact and expert discovery; 500 hours for depositions; 75 interrogatories;
unlimited requests to admit.  We agree with your point E.
- - Except for the issue of the number of requests to admit, none of these disputes provides any
basis to delay commencement of discovery.
As to the rfas, we would be happy to discuss a reasonable extension of time for plaintiffs to
respond and will seek guidance from the court on Thursday.

As Jim Breen and I discussed briefly on Friday, I think we should set up a call this afternoon to
discuss our areas of disagreement and see if we can make any progress toward agreement or
narrowing of the dispute, barring which we can inform the court of our differences on Thursday.
I suggest 2:00 or 3:00 CST for a call today.  Please let me know what time will work for you and
your team.

Jim

James R. Daly
JONES DAY
77 W. Wacker Dr.
Suite 3500
Chicago, Illinois 60601
Phone: 312-269-4141
Fax: 312-782-8585

**Exh. 5-60**

-----Original Message-----
From: Renee.Brooker@usdoj.gov [**mailto:Renee.Brooker@usdoj.gov**]
Sent: Monday, July 31, 2006 2:25 PM
To: jrdaly@JonesDay.com (Receipt Notification Requested) (IPM Return Requested);
Mark.Lavine@usdoj.gov (Receipt Notification Requested) (IPM Return Requested)
Cc: Justin.Draycott@usdoj.gov (Receipt Notification Requested) (IPM Return Requested);
Gejaa.Gobena@usdoj.gov (Receipt Notification
Requested) (IPM Return Requested); Ana.Maria.Martinez@usdoj.gov (Receipt Notification
Requested) (IPM Return Requested); Ann.St.Peter-Griffith@usdoj.gov (Receipt Notification
Requested) (IPM Return Requested); Irene.Prager@usdoj.gov (Receipt Notification
Requested) (IPM Return Requested); tmtabacchi@JonesDay.com (Receipt Notification
Requested) (IPM Return Requested); dereidy@jonesday.com (Receipt Notification Requested)
(IPM Return Requested); schnappm@gtlaw.com (Receipt Notification Requested) (IPM Return
Requested); jbreen@breenlaw.com (Receipt Notification Requested) (IPM Return Requested);
alisonsimon@breenlaw.com (Receipt Notification
Requested) (IPM Return Requested)
Subject: RE: Attached Letter

Jim, we can speak with you tomorrow at 10:00am EST.  Either Alison or I will try to circulate a
call-in number.


Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 514-7361

**Exh. 5-61**

From: jrdaly@JonesDay.com
Sent: Monday, July 31, 2006 3:32 PM
To: Brooker, Renee (CIV)
Cc: Draycott, Justin (CIV); Gobena, Gejaa (CIV);
alisonsimon@breenlaw.com; Martinez, Ana Maria (USAFLS);
St.Peter-Griffith, Ann (USAFLS); dereidy@jonesday.com; Prager, Irene
(USAFLS); jbreen@breenlaw.com; Lavine, Mark (USAFLS);
schnappm@gtlaw.com; tmtabacchi@JonesDay.com
Subject: RE: Attached Letter

Please allow me to correct your repeatedly incorrect correction.  That's not what happened and
that's not what we agreed to.  But it doesn't matter at this point, Renee.  The question still
remains:  will you or will you not agree to make your initial 26(a)(1) disclosures and produce
documents in response to Abbott's requests for production, either under the MDL protective
order or an attorneys eyes only agreement or both?  Yes or no?
If yes, then when?

Simple questions.  Would it be possible to get answers instead of invective?

I have already responded to Mark's letter on the protective order points -
- your thoughts on that issue are contrary to the facts.

Nor do I understand the import of the last three sentences of the first paragraph of your email.  If
a party does not like the other party's confidentiality designations then the disliking party can
challenge them.
Whatever it is you are expressing in that portion of your email does not appear to relate to the
issues at hand.

I got your subsequent email re a call tomorrow at 10 est.  That will work for us although I would
have preferred to confer today as requested.

James R. Daly
JONES DAY
77 W. Wacker Dr.
Suite 3500
Chicago, Illinois 60601
Phone: 312-269-4141
Fax: 312-782-8585

**Exh 5-62**

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-4141
jrdaly@jonesday.com

JP441562:vb
080024-024348

August 16, 2006

**VIA E-MAIL**

Mark Lavine
United States Attorney
Southern District of Florida
99 N.E. 4 Street
Miami, FL 33132

      Re:    *U.S. ex rel. Ven-A-Care v. Abbott Laboratories et al,*
              <u>Case No. 06-CV-21303-ASG</u>

Dear Mark:

    I write in response to your protective order proposals made in your letter of July 28, 2006. There, you suggested that you would want to "replace similar provisions in the MDL Protective Order with paragraphs 4, 7, 9, 10, 12(g)," and "add paragraphs 12(b), 12(j), 14-17" from your proposed form of order. As you know, we believe Judge Saris's current Protective Order (the "MDL Order") adequately provides for any confidentiality concerns this case might implicate and prefer to operate, to the extent possible, under a single protective order applicable to all MDL actions. In the spirit of cooperation, however, we offer these counter-proposals to the paragraphs you have identified; the explanations set forth below are incorporated into the attached blackline of the MDL Order.

- **Paragraph 4:** We believe that the MDL Order adequately specifies what constitutes both CONFIDENTIAL and HIGHLY CONFIDENTIAL information in its paragraphs 3 and 5 respectively; we see no need to replace this careful two-tiered approach, which has been implemented throughout the MDL, with the definition of CONFIDENTIAL in your paragraph 4.

- **Paragraph 7:** We believe that the MDL Order's paragraph 13 adequately addresses your proposed paragraph 7, though we are willing to amend the MDL Order to make clear what should be marked on the documents or pages designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, as reflected in the blackline.

- **Paragraph 9:** Paragraph 17 of the MDL Order addresses your point in paragraph 9. While it has been our experience that much of the designation can happen at the time of the deposition, we will agree to shorten the period for designation of a deposition as confidential to 21 days instead of 30 days, as reflected in the attached blackline.

CHI-1546856v2

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK
PARIS · PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

**Exh. 5-63**

JONES DAY

Mark Lavine
August 16, 2006
Page 2

- **Paragraph 10:**  Paragraph 15 of the MDL Order addresses the point in your paragraph 10.  However, your paragraph 10 adds the further step of filing a redacted version of documents filed under seal.  This accords with Judge Saris's practice in the MDL, and we are willing to amend the MDL Order's paragraph 15 accordingly.

- **Paragraph 12(g):**  This point is addressed in paragraphs 4(g) and 6(f) of the MDL Order.  We can agree to amending those paragraphs of the MDL Order by substituting the language you propose.

- **Paragraph 12(b):**  This point touches on points addressed in paragraphs 4(b) and (c) and 6(c) of the MDL Order.  We can agree to amending these paragraphs of the MDL Order in the spirit of the language you propose, as reflected in the attached blackline.  We have also edited these paragraphs of the MDL Order to remove the provision which requires in-house counsel to review HIGHLY CONFIDENTIAL only outside of their offices, as well as Exhibit B which provided for that.  Those provisions made sense in an industry-wide case, but seem superfluous here.

- **Paragraph 12(j):**  Subpart (2) of this paragraph is acceptable, so long as the last line is edited to read "investigation or litigation of this action."  It has been added as new paragraphs 4(i) and 6(i) in the MDL Order blackline.  As we have discussed, we cannot agree to your proposed subpart (1).

- **Paragraph 14:**  This paragraph is addressed in MDL Order paragraph 17.  However, we are willing to amend the MDL Order to provide for times of 10 and 14 days, tracking your proposed language, as reflected in the blackline.

- **Paragraph 15:**  We are willing to add this paragraph, with some amendments, and a provision for notice in the case of disclosure, as reflected in the blackline.  It appears as new paragraph 10.

- **Paragraph 16:**  We are also willing to add this paragraph, again with some amendments, as reflected in the blackline.  It appears as new paragraph 11.

- **Paragraph 17:**  This paragraph is covered by paragraph 9 in the MDL Order; we believe that the MDL Order appropriately addresses the point, and see no need to replace it.

CHI-1546856v2

**Exh. 5-64**

JONES DAY

Mark Lavine
August 16, 2006
Page 3

In addition, we have edited the MDL Order stylistically throughout to make clear that it applies to this case only.

Please let us know whether you agree with the changes reflected in the blackline as soon as possible.

Sincerely,

James R. Daly /ꞷꞵ

James R. Daly

cc:  Tina M. Tabacchi

CHI-1546856v2

Exh. 5-65

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL | ) | MDL NO. 1456 |
| INDUSTRY AVERAGE WHOLESALE | ) | |
| PRICE LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida* | ) | |
| *Keys, Inc. v. Abbott Laboratories, Inc.,* | ) | |
| No. 06-CV-11337-PBS | ) | |

### PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1.      This Protective Order shall apply to *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* No. 06-CV-11337-PBS (the "Litigation"), which has~~the actions that have~~ been consolidated for pretrial proceedings with~~as~~ *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456, Civil Action No. 01-12257-PBS.~~-and all future actions that are transferred to MDL No. 1456 for coordinated or consolidated pretrial proceedings (collectively referred to herein as "the AWP Litigation").~~

2.      The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

3.      The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) personal financial information; or (c) information that

**Exh 5-66**

should otherwise be subject to confidential treatment under Rule 26(c) (7) of the Federal Rules of Civil Procedure.

4.      Information designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) a named "Individual Patient Plaintiff" (e.g., persons identified in Paragraphs 13 through 21 of the September 6, 2002, Master Consolidated Class Action Complaint in the AWP Litigation ("Complaint")) who have executed a Certification attached hereto as Exhibit A;

(b)(a)   in-house counsel of a named party or, for a "Third-Party Payor" or "Non-Profit Association," as those terms are used in the Complaint, that does not have in-house counsel, one officer or employee of that party who is responsible for the AWP Litigation for that party and who has executed a Certification attached hereto as Exhibit A;

(c)(b)   outside counsel of record representing a named party in the AWP Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)(c)   court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)(d)   an expert or consultant who (i) is retained by any attorney described in Paragraphs 4(ba) and (eb) to assist with the AWP LitigationLitigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party, and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(f)(e)   a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the AWP Litigation;

(g)(f)   during depositions and preparation for depositions, a deposition witness who is (1) a current employee of the producing party; (2) a former employee of the producing party who is asked to execute a Certification attached hereto as Exhibit A; or (3) someone whom the counsel questioning the witness or preparing the witness has a good faith basis to question about the document. and who is asked to execute a Certification attached hereto as Exhibit A, provided that the witness is not permitted to retain a copy of any "CONFIDENTIAL" informationa current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)(g)   any private mediators utilized in the ~~AWP~~ Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(i)(h)   the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

(i)   Law enforcement personnel including United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with investigation or litigation of the Litigation;

5.   The designation "HIGHLY CONFIDENTIAL" ~~or "ATTORNEY EYES ONLY"~~ ~~(collectively referred to herein as "HIGHLY CONFIDENTIAL")~~ shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.

6.   Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)   ~~(i)~~ in-house counsel of a named party who ~~have~~ has executed a Certification attached hereto as Exhibit A~~B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel~~;

(b)   outside counsel of record representing a named party in the ~~AWP~~ Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)   court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)   an expert or consultant who (i) is retained by any attorney described in Paragraphs 6(a) and (b) to assist with of the ~~AWP~~ Litigation, (ii) is not a current employee of

**Exh 5-68**

a party or subsidiary or affiliate of a party; and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(e)    a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the ~~AWP~~ Litigation;

(f)    during depositions and preparation for depositions, a deposition witness who is <u>(1) a current employee of the producing party; (2) a former employee of the producing party who is asked to execute a Certification attached hereto as Exhibit A; or (3) someone whom the counsel questioning the witness or preparing the witness has a good faith basis to question about the document, and who is asked to execute a Certification attached hereto as Exhibit A, provided that the witness is not permitted to retain a copy of any "HIGHLY CONFIDENTIAL" information</u>~~a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;~~

(g)    any private mediators utilized in the ~~AWP~~ Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(h)    the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

<u>(i)    Law enforcement personnel including United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with investigation or litigation of the Litigation;</u>

7.    This Order does not apply to any information or documents:

(a)    already in the possession of a receiving party and not subject to any obligation of confidentiality; and

(b)    acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

8.    All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the ~~AWP~~ Litigation shall be used or disclosed solely for the purpose of the ~~AWP~~ Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any other

**Exh. 5-69**

litigation or other proceeding, or for any other purpose, except by Court Order or otherwise required by law.

9.     Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

10.     Nothing contained in this Order shall abrogate any legal obligation of any party to disclose upon appropriate request to any agency or department of the United States, or any division of any such agency or department, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order abrogate any legal right to use any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by a federal agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that (1) the agency shall maintain the confidentiality of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information consistent with the terms of this Order, and (2) the disclosing party shall notify the producing party of the disclosure.

11.     Nothing contained in this Order shall abrogate any legal obligation of any party to disclose any document or information to the Congress pursuant to a Congressional request; provided, however, that the disclosing party shall notify the producing party of the disclosure.

~~10.~~12.  Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except

**Exh. 5-70**

in conformance with this Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief. Counsel agrees to maintain a file of all Certifications (Exhibits A and B) required by this Order.

11.13. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

12.14. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices and procedures.

13.15. In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the AWP Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

**Exh. 5-71**

With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

14.16. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the AWP Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(a)     a party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute;

**Exh. 5-72**

15.17.  Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the AWP Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

Any party or third party filing a document or pleading that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall also contemporaneously file a public, redacted version of the same document or pleading that is not under seal.

16.18.  At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

17.19.  Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation.  A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.  In the event that any party to the AWP Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the parties' cannot resolve the dispute within twenty-one (21 10) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21 14) days after the parties' informal attempts at resolution have concluded.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.  The party that designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

18.20.  Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the AWP

~~Litigation~~Litigation.  This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

~~19.~~21.  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the ~~AWP Litigation~~Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

~~20.~~22.  The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days.  The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

~~21.~~23.  Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A ~~or B~~. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to

**Exh 5-74**

whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

22.24. A producing person or entity who is not a party in the ~~AWP Litigation~~Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

23.25. This Order shall survive the termination of this litigation and the transferred actions and shall continue in full force and effect thereafter.

24.26. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the ~~AWP Litigation~~Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

25.27. Pursuant to Local Rule 7.2, within thirty (30) days after final termination of the ~~AWP Litigation~~Litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information that it filed with the Court during the ~~AWP Litigation~~Litigation and return or dispose of such information in accordance with Paragraph 24.

**Exh. 5-75**

26.28.  If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

27.29.  Provided a party has followed the procedures set forth herein, the Court deems that the party has complied with the requirements of Local Rule 7.2, Impounded and Confidential Materials.

28.30.  Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

29.31.  It is further ordered that all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for the party seeking protection certifies and explains why the material is confidential.  To the extent that a brief or other document contains some confidential information, it shall be redacted in a public version.

**Exh. 5-76**

Dated: _____, 2006

                                     _____

                                     Patti B. Saris
                                     United States District Judge

**Exh. 5-77**

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS~~In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action No. 0112257-PBS~~, dated _____, ~~2002~~ 2006 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2006

_____

_____
[Print Name]

_____
[Print Name]

[Address]

CHI-1548332v2

From: Brooker, Renee (CIV)
Sent: Friday, September 01, 2006 9:32 AM
To: 'Brian Murray'; 'Chris Cook'; 'Dan Reidy'; 'David Torborg'; 'Jim Daly'; 'Mark Schnapp'; 'Tina Tabacchi'
Cc: 'Jbreen@breenlaw.com'; 'alisonsimon@breenlaw.com'; Gobena, Gejaa (CIV); Lavine, Mark (USAFLS); Martinez, Ana Maria (USAFLS); St.Peter-Griffith, Ann (USAFLS)
Subject: RE: U.S. ex rel. Ven-A-Care v. Abbott

Jim, can someone from your end please respond to my email below before the holiday weekend?  Would appreciate it.  The parties need to determine fairly soon whether there are protective order provisions that need to be litigated before Judge Saris. I am still optimistic that we can reach agreement on most provisions.

Thank you in advance.  Hope you have a terrific (and dry) holiday weekend.  --Renée


Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 514-7361

-----Original Message-----
From: Brooker, Renee (CIV)
Sent: Thursday, August 24, 2006 6:31 PM
To: 'Brian Murray'; 'Chris Cook'; 'Dan Reidy'; 'David Torborg'; 'Jim Daly'; 'Mark Schnapp'; 'Tina Tabacchi'
Cc: 'Jbreen@breenlaw.com'; 'alisonsimon@breenlaw.com'; Gobena, Gejaa (CIV); Lavine, Mark (USAFLS); Martinez, Ana Maria (USAFLS); St.Peter-Griffith, Ann (USAFLS)
Subject: U.S. ex rel. Ven-A-Care v. Abbott

Jim:

    I appreciate your August 16, 2006 response on our continuing discussions relating to an amended MDL protective order as it applies to this case.  I think we are getting much closer to reaching agreement on many provisions.  I have a few follow-up questions to clarify before I can respond more completely to your proposal.  For ease, my questions correspond to the paragraph numbers in bold in your Aug. 16 letter.

Paragraph 7:  Can we include the language of the specific legend to be stamped on all documents, as offered by Tina in an earlier email of July 24, 2006?

Paragraph 9:  Para. 17 of the MDL does not address our point in para. 9 as you have indicated.  Did you mean to refer to Para. 14 of the MDL?  If so, can you please take a look at our proposed language in para. 9 once again.  I believe we had already agreed to that para. (covering deposition designations) and did not think we were going to revisit it.

Paragraph 14:  Will you agree to adopt the entirety of our proposed language and not just the time frame for motions practice?  I thought we had already reached agreement on this one as well.

Paragraphs 15 and 16:  You have made clear Abbott's position for requesting the additional language regarding notice.  However, why do you propose the changes to the earlier parts of the paragraphs?  It seems only a matter of semantics.  If true, I reiterate that the language of this paragraph is standard for our office, and we would not likely get authority to change it due to the precedent it would set.

Can you please send your "final" draft without the redline for the next round.  It

**Exh. 5-79**

will be helpful to review what you ultimately propose as the "final" version.

Thank you in advance.  --Renée

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 514-7361

**Exh. 5-80**