IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | MDL NO. 1456 |
| | Civil Action No. 01-12257-PBS |
| | Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | Chief Magistrate Judge Marianne B. Bowler |
| *State of Montana v. Abbott Labs., Inc., et al.,* CA No. 02-CV-12084-PBS | REQUEST FOR ORAL ARGUMENT |
| | LEAVE TO FILE GRANTED 9/14/2006 |

### DEFENDANT BAYER CORPORATION'S NOTICE OF SUPPLEMENTAL FACTS IN SUPPORT OF ITS FIRST MOTION TO COMPEL PLAINTIFF THE STATE OF MONTANA TO PRODUCE A RULE 30(B)(6))WITNESS

Defendant Bayer Corporation ("Bayer") hereby brings to the Court's attention documents that the State of Montana ("Montana") produced to Bayer on June 8, 2006 which further support Bayer's First Motion to Compel Plaintiff the State of Montana to Produce a Rule 30(b)(6) Witness (the "Motion"), and contradict claims made by Montana in opposing the Motion.

Bayer's Motion seeks to compel Montana to designate a witness to testify concerning Montana's use of the Average Sales Price ("ASP") data provided by Bayer since 2001 "in evaluating, revising, or setting payments" under Montana's Medicaid Program. Montana refused to designate a Rule 30(b)(6) witness, asserting in its response to the Motion (on April 18, 2006) that a Rule 30(b)(6) deposition was unnecessary because the State had already provided Bayer the "sum total" of its knowledge on the subject in an interrogatory response — a one-paragraph statement denying any use of the Bayer ASP information. (Resp. at 4-5 (Doc. 2464).) Montana stated it "had no further information to provide, could not locate additional documents1 and, in fact, could locate no current employees who could testify to the topic." (*Id.* at 4.)

On June 8, 2006, however, Montana produced for the first time ASP-related documents located in its files that belie the State's assertions in its April 18 Response and confirm the need for a Rule 30(b)(6) witness on Montana's use of Bayer ASP information. (*See* Affidavit of Michael Doss in Support of Motion for Leave to File a Notice of Supplemental Facts ("Doss Aff.") ¶ 3.) For example, Montana produced a handwritten comparison of Bayer ASP information to published Average Wholesale Prices ("AWPs") for every drug Bayer marketed in the second quarter of 2001. (*See id.* at ¶ 4, and Ex. B (MT 038330-331) attached thereto.) Similarly, Montana produced an email from 2001 reflecting its communications with providers of state Medicaid management services concerning the use of Bayer ASP information. (*See* Doss Aff. ¶ 5, and Ex. C (MT 038141) attached thereto.) These documents reflect active evaluation and consideration of Bayer's ASP information by Montana Medicaid, and yet neither was mentioned or discussed in Montana's one-paragraph response to Bayer's interrogatory in which it denied any use of Bayer's ASP data. (*See* Doss Aff. ¶ 6.)

These documents thus further support Bayer's Motion to require that Montana designate a Rule 30(b)(6) witness to testify on Montana's receipt and use of Bayer's ASP information over the past five years. As discussed in Bayer's Motion, Montana has declined to produce *any* witness on this subject.

Montana's recent production also belies its claim in its Response that no current employee can be identified to testify as a Rule 30(b)(6) witness on the topics Bayer identified. For example, Jeff Buska, Montana's current Senior Medicaid Policy Analyst, is reflected in email communications concerning use of Bayer ASP information. (*See* Doss Aff. Ex. C (MT 038141).) Alternatively, the (unidentified) author of the handwritten notations on MT 038330-

331 (*see* Doss Aff. Ex. B) also clearly has knowledge of the matters raised by Bayer's Rule 30(b)(6) notice.[7]

For the foregoing reasons and those previously stated in the Motion and Bayer's Proposed Reply Memorandum, Bayer requests that the Court grant its Motion, and compel the State of Montana to produce a Rule 30(b)(6) witness on the topics identified in Bayer's Notice within 14 days of the Court's Order.

### Certification Pursuant to Local Rules 7.1 and 37.1

Pursuant to Local Rules 7.1(a)(2) and 37.1 of this Court, the undersigned counsel certifies that counsel for Bayer has conferred unsuccessfully with Montana's counsel in an effort to reach a resolution on the Rule 30(b)(6) discovery request on which the parties have reached impasse.

October 17, 2006

/s/ Jamie L.M. Jones
Richard D. Raskin
Michael Doss
Jamie L.M. Jones
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
312-853-7000 (tel.)
312-853-7036 (facsimile)

---

[7] Of course, that personal knowledge is not a prerequisite for identifying a Rule 30(b)(6) witness.

CH1 3636154v.4