**IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of South Carolina and Henry D. McMaster v. Abbott Laboratories, Inc.,* 06-CV-11883-PBS | Chief Magistrate Judge Marianne B. Bowler |

_____

**DEFENDANT ABBOTT LABORATORIES, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE STATE OF SOUTH CAROLINA'S COMPLAINT**
_____

Defendant Abbott Laboratories, Inc. ("Abbott") hereby files its Answer and Affirmative Defenses to Plaintiff State of South Carolina's Complaint ("Complaint").

## **PREFACE**

The Complaint fails to plead with requisite particularity allegations against Abbott. Intentionally ambiguous pleading is improper and insufficient to apprise Abbott in any meaningful sense of the allegations asserted against it. Abbott nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the circumstances. In answering the Complaint, Abbott responds for itself only, even when Plaintiff's allegations refer to alleged conduct by Abbott and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

The Complaint also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings, and is therefore ambiguous.

Abbott specifically denies the existence of, or its participation in, any scheme, deceptive or unfair practice or any other wrongdoing.  Abbott further denies each and every allegation contained in the Complaint, except as specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Abbott specifically denies any allegations contained in headings or unnumbered paragraphs in the Complaint.  Abbott also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## ANSWER

Subject to the statements and limitations above, Abbott responds to the Plaintiff's allegations as follows.

1.      In response to paragraph 1 of the Complaint, Abbott admits that the Plaintiff, State of South Carolina, purports to bring this action, but denies that the Plaintiff is entitled to maintain this action.  Abbott further admits that the Plaintiff purports to seek legal and equitable redress for Abbott's alleged conduct, but denies that the Plaintiff is entitled to any damages or

other form of relief from Abbott.  The remaining allegations are legal arguments or conclusions of law to which no response is required.  To the extent that any response is required, Abbott denies the remaining allegations of this paragraph, specifically the existence of or participation in an "unlawful scheme" or any "deceptive practices."  By way of further answer, Abbott denies that its practices are fairly characterized in paragraph 1, and on that basis denies the allegations of paragraph 1 of the Complaint.

2.      In response to paragraph 2 of the Complaint, Abbott admits that the State of South Carolina purports to bring this action in its sovereign and proprietary capacity, but denies that there is any basis upon which to do so.  The remaining allegations are legal arguments or conclusions of law to which no response is required.  To the extent that any response is required, Abbott denies the remaining allegations of this paragraph.

3.      In response to paragraph 3 of the Complaint, Abbott admits that the State of South Carolina purports to bring this action against Abbott and all of its predecessor entities and all of their past and present components, subsidiaries and affiliate entities, but denies that there is any basis in fact or in law to maintain this action against Abbott, much less as against its "past and present components, subsidiaries and affiliate entities."  Abbott denies any remaining allegations contained in Paragraph 3 of the Complaint.

4.      In response to paragraph 4 of the Complaint, Abbott denies each and every allegation contained in this paragraph.

5.      In response to paragraph 5 of the Complaint, Abbott admits that it sells certain pharmaceuticals and that it is a Delaware Corporation with its principal place of business in Abbott Park, IL.  Abbott denies all remaining allegations of paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Abbott admits that the Plaintiff purports to bring this action as alleged in paragraph 6 of the Complaint, but denies that Plaintiff has any basis in fact or law to maintain this action against Abbott.  Furthermore, the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies the remaining allegations of this paragraph.   By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak for themselves and thus no response is required and any characterizations thereof are denied.   Abbott denies any remaining allegations contained in Paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Abbott admits that the Plaintiff purports to bring this action as alleged in paragraph 7 of the Complaint, but denies that Plaintiff has any basis in fact or law to maintain this action against Abbott.  Furthermore, the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies the remaining allegations of this paragraph.   By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak for themselves and thus no response is required and any characterizations thereof are denied.   Abbott denies any remaining allegations contained in Paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Abbott denies each and every allegation contained in paragraph 8 of the Complaint.  Furthermore, the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Abbott denies these allegations.  By way of further answer, to

the extent the allegations reference statutes or regulations, those sources speak for themselves and thus no response is required and any characterizations thereof are denied.

9.      In response to paragraph 9 of the Complaint, Abbott admits that it sells certain drugs to hospitals and pharmacies, among other customers.  By way of further answer, Abbott admits that the market for pharmaceuticals is complex, but denies that the market is fairly characterized in paragraph 9.  By way of further answer, Abbott admits that certain patients have private or public health insurance, but denies that these insurance markets are fairly characterized in paragraph 9.   On that basis, Abbott denies the remaining allegations of paragraph 9. Furthermore, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

10.     In response to paragraph 10 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.  These allegations are, therefore, denied.

11.     In response to paragraph 11 of the Complaint, Abbott denies that the market for pharmaceuticals is fairly characterized in paragraph 11, and on that basis denies the allegations of paragraph 11 of the Complaint.  By way of further answer, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.  These allegations are, therefore, denied.

12.     In response to paragraph 12 of the Complaint, Abbott admits that certain patients have private or public health insurance, but denies that the market for pharmaceuticals is fairly characterized in paragraph 12, and on that basis, except as specifically admitted, Abbott denies

the allegations of paragraph 12 of the Complaint.  By way of further answer, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.  These allegations are, therefore, denied.

13.     In response to paragraph 13 of the Complaint, Abbott denies each and every allegation contained in paragraph 13 of the Complaint, including the existence of an "unlawful scheme."  By way of further answer, Abbott denies that the market for pharmaceuticals is fairly characterized in paragraph 13, and on that basis denies the allegations of paragraph 13 of the Complaint.  Further, to the extent that the remaining allegations are legal arguments, hypotheticals or conclusions of law, no response is required.  To the extent any response is required, Abbott denies these remaining allegations.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

14.     In response to paragraph 14 of the Complaint, Abbott admits only that the South Carolina Medicaid Program provides certain medical assistance for certain South Carolina citizens.  To the extent that the allegations in paragraph 14 of the Complaint purport to recite laws or regulations, those laws and regulations speak for themselves and thus no response is required.  To the extent a response is required, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.  The remaining allegations are, therefore, denied.

15.     In response to paragraph 15 of the Complaint, Abbott admits only that it sells certain drugs to hospitals and pharmacies, among other customers, and that some of these

customers, but not Abbott, may receive reimbursement from the South Carolina Medicaid program. To the extent that the allegations in paragraph 15 of the Complaint purport to recite laws or regulations, those laws and regulations speak for themselves and thus no response is required and any characterizations of them are denied. To the extent a response is required, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint. The remaining allegations are, therefore, denied.

16.     In response to paragraph 16 of the Complaint, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required and any characterizations of them are denied. Abbott denies each and every remaining allegation in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Abbott admits only that the pharmaceutical industry compendia, including First Databank and the Redbook, periodically publish certain pricing information, among other information, for prescription medicines sold in this country. Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect. By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Abbott denies all remaining allegations contained in paragraph 17 of the complaint.

7

18.     In response to paragraph 18 of the Complaint, Abbott is without information or knowledge sufficient to form a belief as to whether the Plaintiff has chosen First DataBank as its "primary cost source."   This allegation is, therefore, denied.   Abbott denies each and every remaining allegation contained in paragraph 18 of the Complaint.   Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.   By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.

19.     In response to paragraph 19 of the Complaint, Abbott denies each and every allegation contained in paragraph 19 of the Complaint.   Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.   By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

20.     In response to paragraph 20 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.

21.     In response to paragraph 21 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

22.     In response to paragraph 22 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

23.     In response to paragraph 23 of the Complaint, Abbott denies each and every allegation in paragraph 23 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

24.     In response to paragraph 24 of the Complaint, Abbott denies each and every allegation in paragraph 24 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

25.     In response to paragraph 25 of the Complaint, Abbott denies each and every allegation in paragraph 25 of the Complaint, including that it inflated average wholesale prices. Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect. By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

26.     In response to paragraph 26 of the Complaint, the allegations are directed to individuals/entities other than Abbott, and therefore, Abbott is not required to respond to this allegation and is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent that the allegations contained in paragraph 26 are directed at Abbott, Abbott denies these allegations.

27.     In response to paragraph 27 of the Complaint, the allegations are directed to individuals/entities other than Abbott, and therefore, Abbott is not required to respond to this allegation and is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent that the allegations contained in paragraph 27 are directed at Abbott, Abbott denies these allegations.

28.     In response to paragraph 28 of the Complaint, Abbott denies each and every allegation in paragraph 28 of the Complaint.  By way of further answer, Abbott denies that the Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott.  Moreover, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Abbott denies all remaining allegations contained in paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Abbott denies that it "inflated" AWPs and created "incredible" spreads and therefore denies the allegations of paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Abbott admits that the State purports to attach Exhibit B to the complaint, but denies that Abbott "published false and inflated wholesale prices."   Abbott denies all remaining allegations contained in paragraph 30 of the complaint.

31.     In response to paragraph 31 of the Complaint, Abbott denies each and every allegation in paragraph 31 of the Complaint, including the existence of a "drug pricing scheme,"

11

or of "purposely concealing" such "scheme" from the Plaintiff.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Abbott denies all remaining allegations contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Abbott admits that the prices of certain pharmaceutical products with NDC numbers are subject to change.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.  These allegations are, therefore, denied.

33.     In response to paragraph 33 of the Complaint, Abbott denies each and every allegation in paragraph 33 of the Complaint, including the existence of, or engagement in, "marketing schemes which conceal the true price" of drugs.  Abbott denies all remaining allegations contained in paragraph 33 of the Complaint.

34.     In response to paragraph 34 of the Complaint, Abbott admits only that at times it offers certain discounts and rebates to certain customers on certain products.  Abbott denies each and every remaining allegation in paragraph 34 of the Complaint, including the Plaintiff's characterization of Abbott's discount and rebate process and the existence of, or engagement in, any "scheme," intended to "create the impression that the 'wholesale price' of the drug is higher than it really is."

35.     In response to paragraph 35 of the Complaint, Abbott denies each and every allegation in paragraph 35 of the Complaint.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is

12

without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

36.     In response to paragraph 36 of the Complaint, Abbott admits that at times it offers certain discounts and rebates for certain customers on certain products.  Abbott denies each and every remaining allegation in paragraph 36 of the Complaint, including that it "obscure[s] the[] true prices for [its] drugs."

37.     In response to paragraph 37 of the Complaint, Abbott denies each and every allegation in paragraph 37 of the Complaint, including the existence of an "inflated AWP," a "false and misleading price spread," or that it "intentionally manipulate[ed] the nation's drug reimbursement system."

38.     In response to paragraph 38 of the Complaint, Abbott admits that at times it offers certain discounts and rebates for certain customers on certain products, and that it may require (as would be expected) its customers to keep competitively sensitive pricing information confidential.  Abbott denies the remaining allegations in paragraph 38 of the Complaint, including the existence of, or participation in, any "scheme" of profiting off an "inflated spread." By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

39.     In response to paragraph 39 of the Complaint, Abbott denies each and every allegation of paragraph 39 of the Complaint, including that it has "continuously concealed the true price of [its] drugs and continued to publish AWPs and WACs as if they were real, representative prices."   Abbott avers that it has been common knowledge and universally

understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.

40.    In response to paragraph 40 of the Complaint, Abbott denies each and every allegation in paragraph 40 of the Complaint, including that it has ever engaged in an "unlawful scheme" or an "insidious and deceptive scheme" that is causing South Carolina and its citizens to pay more money per year than they should for prescription drugs.  Moreover, to the extent that the Plaintiff alleges that "South Carolina and its citizens [] pa[id] millions of dollars a year more than they should for their prescription drugs," it fails to account for those rebates Abbott has paid to the Plaintiff.  By way of further answer, to the extent that the allegations in paragraph 40 of the Complaint purport to recite laws or regulations, those laws speak for themselves and thus no response is required.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

41.    In response to paragraph 41 of the Complaint, Abbott denies Plaintiff's characterization of the referenced proceedings and therefore denies each and every allegation in paragraph 41 of the Complaint.  By way of further answer, Abbott is without knowledge or information sufficient to form a belief as to the truth of certain of these allegations.  These allegations are, therefore, denied.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information

sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

42.     In response to paragraph 42 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

43.     In response to paragraph 43 of the Complaint, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional hearing, finding, opinion, statement or reports, states that such sources speak for themselves and denies any allegations of paragraph 43 inconsistent therewith.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

44.     In response to paragraph 44 of the Complaint, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional hearing, finding, opinion, statement or reports, states that such sources speak for themselves and denies any allegations of paragraph 44 inconsistent therewith.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

45.     In response to paragraph 45 of the Complaint, Abbott states that the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies the remaining allegations of this paragraph.  Further, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional and/or governmental hearing, finding, opinion, statement or conclusion, or that such are applicable to Abbott.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

46.     In response to paragraph 46 of the Complaint, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional hearing, finding, opinion, statement or reports, states that such sources speak for themselves and denies any allegations of paragraph 46 inconsistent therewith.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

47.     In response to paragraph 47 of the Complaint, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional hearing, finding, opinion, statement or reports, states that such sources speak for themselves and denies any allegations of paragraph 47 inconsistent therewith.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

48.     In response to paragraph 48 of the Complaint, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional hearing, finding, opinion, statement or reports, states that such sources speak for themselves and denies any allegations of paragraph 48 inconsistent therewith.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

49.     In response to paragraph 49 of the Complaint, Abbott denies that the Plaintiff has accurately characterized the results of any alleged government investigation, states that such sources speak for themselves and denies any allegations of paragraph 49 inconsistent therewith. Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

50.     In response to paragraph 50 of the Complaint, Abbott admits that many states claim to have investigated and have in fact filed suit against many pharmaceutical manufacturers in connection with alleged drug pricing practices similar to those alleged by the Plaintiff herein, states that such investigations and lawsuits speak for themselves and denies any allegations of paragraph 50 inconsistent therewith.  Abbott denies the remaining allegations of paragraph 50.

51.     In response to paragraph 51 of the Complaint, Abbott admits only that the South Carolina Medicaid program is a joint state and federal program whose benefits cover certain prescription drugs.  To the extent that the allegations in paragraph 51 of the Complaint implicitly reference statutes or regulations, those sources speak for themselves and thus no response is required.  To the extent a response is required, Abbott is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint. The remaining allegations are, therefore, denied.

52.     In response to paragraph 52 of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. By way of further answer, to the extent that the allegations in paragraph 52 of the Complaint implicitly reference statutes or regulations, those sources speak for themselves and thus no response is required. Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

53.     In response to paragraph 53 of the Complaint, to the extent that the allegations in paragraph 53 of the Complaint implicitly reference statutes or regulations, those sources speak for themselves and thus no response is required. To the extent a response is required, Abbott admits only that for certain years, the South Carolina Medicaid Program claims to have reimbursed pharmacists and physicians for certain drugs at AWP minus a percentage, plus a dispensing fee. Abbott is without knowledge or information sufficient to form a belief as to whether the South Carolina Medicaid Program has always reimbursed providers at AWP minus a percentage. These allegations are, therefore, denied.

54.     In response to paragraph 54 of the Complaint, Abbott admits that certain drugs are reimbursed by the South Carolina Medicare Program based upon the Federal Upper Limit, State Maximum Allowable Cost and/or other reimbursement mechanisms that are not based upon AWP. By way of further answer, to the extent the allegations in this paragraph implicitly or

explicitly reference statutes and regulations, those sources speak for themselves, and thus no response is required and any characterizations of them are denied.  By way of further answer, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.  These allegations are, therefore, denied.

55.      In response to paragraph 55 of the Complaint, Abbott denies each and every allegation contained in paragraph 55 of the Complaint.

56.      In response to paragraph 56 of the Complaint, Abbott denies each and every allegation contained in paragraph 56 of the Complaint, including that Abbott "publish[es] false and inflated wholesale prices" or that it in any way "interfered with South Carolina's ability to set reasonable reimbursement rates for these drugs."  By way of further answer, Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  Moreover, Abbott avers that the Plaintiff had the obligation, as a matter of federal law, to determine an appropriate Medicaid reimbursement rate based on, among other things, the providers' actual acquisition costs, and the Plaintiff had the opportunity and means to do so by requesting this information from pharmacists and other recipients of Medicaid reimbursement.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

57.     In response to paragraph 57 of the Complaint, Abbott denies each and every allegation in paragraph 57 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  By way of further answer, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

58.     In response to paragraph 58 of the Complaint, Abbott admits that Medicare is a health insurance program created by the federal government and that it provides certain health benefits to certain individuals.  By way of further answer, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Furthermore, to the extent that the allegations in paragraph 58 state legal conclusions, no response is required.  Abbott refers to the relevant statutes governing Medicare, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the complaint.  These allegations are, therefore, denied.  Abbott denies all remaining allegations contained in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Furthermore, to the extent that the allegations in paragraph 59 state legal conclusions, no response is required.  Abbott refers to the relevant statutes governing Medicare, and otherwise is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 59 of the complaint.  These allegations are, therefore, denied.  Abbott denies all remaining allegations contained in paragraph 59 of the Complaint.

60.     In response to paragraph 60 of the Complaint, to the extent the allegations in this paragraph implicitly reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Furthermore, to the extent that the allegations in paragraph 60 state legal conclusions, no response is required.  Abbott refers to the relevant statutes governing Medicare, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the complaint.  These allegations are, therefore, denied.  Abbott denies all remaining allegations contained in paragraph 60 of the Complaint.

61.     In response to paragraph 61 of the Complaint, to the extent that the allegations reference Medicare statutes or regulations, those sources speak for themselves, and thus no response is required.  Furthermore, Abbott states that paragraph 61 of the Complaint consists of conclusions of law as to which no answer is required.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  Those allegations are, therefore, denied.  Further, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the complaint.  Abbott denies all remaining allegations contained in paragraph 61 of the Complaint.

62.     In response to paragraph 62 of the Complaint, to the extent that the allegations implicitly reference Medicare statutes or regulations, those sources speak for themselves, and thus no response is required.  Furthermore, Abbott states that paragraph 62 of the Complaint

consists of conclusions of law as to which no answer is required.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. Further, Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the complaint.  Abbott denies all remaining allegations contained in paragraph 62 of the Complaint.

63.      In response to paragraph 63 of the Complaint, Abbott denies each and every allegation on paragraph 63 of the Complaint.  By way of further answer, Abbott states that this paragraph consists of conclusions of law to which no answer is required.  To the extent any answer is required, these allegations are denied.

64.      In response to paragraph 64 of the Complaint, to the extent that the allegations reference federal cases or other sources of law, those sources speak for themselves and any characterizations thereof are denied.  Further, Abbott states that paragraph 64 of the Complaint consists of conclusions of law to which no answer is required.  To the extent any answer is required, these allegations are denied.

65.      In response to paragraph 65 of the Complaint, Abbott denies each and every allegation in paragraph 65 of the Complaint, including that it "caus[ed] untrue AWPs to be published."  By way of further answer, Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the AWP pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  Further, Abbott denies that the Plaintiff has

accurately characterized any alleged Congressional hearing, finding, opinion, statement or conclusion, or that such are applicable to Abbott.  Further, to the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.

66.     In response to paragraph 66 of the Complaint, Abbott denies each and every allegation in paragraph 66 of the Complaint.  By way of further answer, Abbott denies that the Plaintiff has accurately characterized any alleged Congressional and/or governmental hearing, finding, opinion, statement or conclusion, or that such are applicable to Abbott.  Further, Abbott states that paragraph 66 of the Complaint consists of conclusions of law to which no answer is required.  To the extent any answer is required, these allegations are denied.

67.     In response to paragraph 67 of the Complaint, Abbott denies each and every allegation in paragraph 67 of the Complaint, including that it engaged in any "willful" violations of South Carolina law.  By way of further answer, Abbott states that paragraph 67 of the Complaint consists of conclusions of law to which no answer is required.  To the extent any response is required, Abbott denies these allegations.

68.     In response to paragraph 68 of the Complaint, Abbott denies each and every allegation in paragraph 68 of the Complaint, including that it engaged in any "unlawful activities" that "significantly and adversely impacted South Carolina and its citizens."  By way of further answer, Abbott states that paragraph 68 of the Complaint consists of conclusions of law to which no answer is required.  To the extent any response is required, Abbott denies these allegations.

69.     In response to paragraph 69 of the Complaint, Abbott realleges and incorporates by reference its responses to paragraphs 1-68 of the Complaint.

70.     In response to paragraph 70 of the Complaint, Abbott denies each and every allegation contained in paragraph 70 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the average wholesale price ("AWP") pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  Furthermore, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 70 contain legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies these allegations.

71.     In response to paragraph 71 of the Complaint, Abbott denies each and every allegation contained in paragraph 71 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the average wholesale price ("AWP") pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  Furthermore, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 71 contain legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies these allegations.

72.     In response to paragraph 72 of the Complaint, Abbott denies each and every allegation contained in paragraph 72 of the Complaint.  Abbott avers that it has been common knowledge and universally understood for years, including by the Plaintiff and/or its agents, that the average wholesale price ("AWP") pricing figure published by various pricing compendia (who are unaffiliated with Abbott) does not equal an actual average of wholesale prices, and indeed, the federal government has repeatedly instructed the Plaintiff to this effect.  Furthermore, the allegations in paragraph 72 contain legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies these allegations.

73.     In response to paragraph 73 of the Complaint, Abbott denies each and every allegation contained in paragraph 73 of the Complaint.  By way of further answer, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 73 contain legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies these allegations.  Further, Abbott denies that the Plaintiff is entitled to a judgment or any other relief requested in paragraph 73 of the Complaint.  Abbott respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, and that Abbott be awarded its costs and fees in defending this action, and any other relief the Court deems appropriate and just.

74.     In response to paragraph 74 of the Complaint, Abbott realleges and incorporates by reference its responses to paragraphs 1-73 of the Complaint.

75.     In response to paragraph 75 of the Complaint, Abbott denies each and every allegation of paragraph 75 of the complaint.  By way of further answer, the allegations of

paragraph 75 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations.

76.    In response to paragraph 76 of the Complaint, Abbott denies each and every allegation of paragraph 76 of the complaint.  By way of further answer, the allegations of paragraph 76 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations.

77.    In response to paragraph 77 of the Complaint, Abbott denies each and every allegation of paragraph 77 of the complaint.  By way of further answer, the allegations of paragraph 77 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations.

78.    In response to paragraph 78 of the Complaint, Abbott denies each and every allegation of paragraph 78 of the complaint.  By way of further answer, the allegations of paragraph 78 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations.  Further, Abbott denies Plaintiff is entitled to a judgment or any other relief requested in paragraph 78 of the Complaint. Abbott respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, and that Abbott be awarded its costs and fees in defending this action, and any other relief the Court deems appropriate and just.

79.    In response to paragraph 79 of the Complaint, Abbott realleges and incorporates by reference its responses to paragraphs 1-78 of the Complaint.

80.     In response to paragraph 80 of the Complaint, Abbott denies each and every allegation of paragraph 80 of the complaint.  By way of further answer, Abbott denies that there is any basis in fact or in law to maintain this action.  Further, the allegations of paragraph 80 contain legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Abbott denies these allegations.  Further, Abbott denies Plaintiff is entitled to a judgment or any other relief requested in paragraph 80 of the Complaint.  Abbott respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, and that Abbott be awarded its costs and fees in defending this action, and any other relief the Court deems appropriate and just.

In response to the Plaintiff's unnumbered "Demand for Jury," Abbott denies that the Plaintiff has asserted any viable claims that would necessitate a trial by jury.

In response to the Plaintiff's unnumbered "Prayer for Relief," Abbott denies Plaintiff is entitled to a judgment or any other relief requested in its Prayer for Relief following paragraph 80 of the Complaint.  Abbott respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, and that Abbott be awarded its costs and fees in defending this action, and any other relief the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

By asserting the defenses set forth below and herein, Abbott does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses or that Plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled.  As for its affirmative defenses, Abbott reasserts and reincorporates as if fully set forth herein its responses to Paragraphs 1 through 80 above.

27

## FIRST DEFENSE

The Complaint fails to state a claim against Abbott upon which relief may be granted.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over all or some of the claims asserted by the Plaintiff.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action brought by the State is within the exclusive or, in the alternative, primary jurisdiction of the South Carolina Division of Medicaid.

## FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrine.

## FIFTH DEFENSE

Abbott denies that venue is proper in Richland County.

## SIXTH DEFENSE

The Plaintiff has failed to join one or more indispensable parties as set forth in Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

The Plaintiff's claims are barred because it lacks standing to assert all or some of its claims in this lawsuit, including the asserted claims against Abbott under S.C. Code Ann. §§ 39-5-10 through 39-5-160.

## EIGHTH DEFENSE

The Plaintiff and/or its agents knew and were aware that AWP did not represent an actual average of wholesale prices or the actual acquisition cost of drugs. Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clause of the U.S. Constitution and Article I, Section 3 of the South Carolina Constitution preclude the Plaintiff from bringing claims and seeking damages as alleged in the Complaint.

## NINTH DEFENSE

Some or all of the Plaintiff's claims against Abbott arise from the Plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates. To the extent that the Plaintiff established Medicaid reimbursement rates by reference to AWP, the Plaintiff violated federal law in failing to establish Medicaid reimbursement rates as prescribed by federal law. The Plaintiff is precluded by federal law from seeking damages, especially by reference to a different, lower AWP, as alleged.

## TENTH DEFENSE

The Plaintiff was required by federal law to conduct surveys and have statistics and data justifying, and to represent and warrant to the federal government that, its Medicaid

29

reimbursement rates for single source drugs were necessary and appropriate as a condition of obtaining federal funds.  This action, with respect to single-source drugs, is inconsistent with and precluded by the Plaintiff's actions, representations and promises, and assumes that, with respect to single source drugs, the Plaintiff made false claims to the federal government to obtain federal funds.

## ELEVENTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the Plaintiff's own negligence or gross negligence.  Among other things, the claims disregard the Plaintiff's obligations under federal law, and they ignore the Plaintiff's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the Plaintiff's citizens and taxpayers, the Plaintiff's failings referred to herein, as well as other inappropriate conduct by the Plaintiff.

## TWELFTH DEFENSE

The Plaintiff's reimbursement rates for drugs for Medicaid were filed with, reviewed, and approved by a federal regulatory agency with authority to do so under the Medicaid Act. Actions in a state court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court directed, precluded by the Supremacy Clause.  This action is barred by the Supremacy Clause of the United States Constitution.

## THIRTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Abbott in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## FOURTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred because the Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

## SIXTEENTH DEFENSE

To the extent the Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel and the prohibition on double recovery for the same injury.

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

31

## EIGHTEENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## NINETEENTH DEFENSE

The Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## TWENTIETH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because they conflict with federal statutes and regulations that comprise a comprehensive regulatory regime governing the amounts paid to providers for Medicare Part B-covered drugs.

## TWENTY-FIRST DEFENSE

The Plaintiff's claims against Abbott for injunctive relief were mooted by the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003.

## TWENTY-SECOND DEFENSE

The Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWENTY-THIRD DEFENSE

The Plaintiff's claims are preempted by the Commerce Clause of the United States Constitution.

## TWENTY-FOURTH DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott has complied with all applicable regulations of the federal and state governments.

## TWENTY-FIFTH DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations (S.C. Code Ann. §§ 15-3-530(1) & (2), 39-5-150) and repose, and by the doctrines of laches, estoppel and waiver.

## TWENTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of South Carolina, insofar as the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss to the Plaintiff.

## TWENTY-EIGHTH DEFENSE

The Complaint fails to meet the requirements of FED. R. CIV. P. 9(b) as to Abbott and therefore fails to state a claim upon which relief can be granted.

## TWENTY-NINTH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required under  FED. R. CIV. P. 9(g) as to Abbott.

## THIRTIETH DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, because the Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid or Medicare expenditures or to seek injunctive relief.

## THIRTY-FIRST DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott did not make any false statements to the Plaintiff or any of the agencies, departments, or citizens for whom the Plaintiff is seeking relief.  As to any statement asserted against Abbott that the Plaintiff alleges to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## THIRTY-SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff did not rely on the allegedly fraudulent statements or conduct of Abbott.

34

### THIRTY-THIRD DEFENSE

The Plaintiff's claims against Abbott are barred because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

### THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Abbott's conduct was neither "deceptive," "misleading," "unlawful," "deceptive," nor "illegal."

### THIRTY-FIFTH DEFENSE

Abbott denies that the Plaintiff has a valid claim against Abbott under S.C. Code Ann. §§ 39-5-10 through 39-5-160.  However, if any such claims are found to exist, Abbott pleads all available defenses under these Statutes.

### THIRTY-SIXTH DEFENSE

The Plaintiff's SCUTPA's claims are barred because Abbott's conduct has not adversely affected the public interest as required under S.C. Code Ann. §§  39-5-10 through 39-5-160.

### THIRTY-SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, under S.C. Code § 39-5-40 because Abbott's actions were permitted under Medicaid and Medicare regulations as administered by the South Carolina Department of Health and Human Services and the United States federal government.

## THIRTY-EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, to the extent that S.C. Code Ann. §§ 39-5-10 through 39-5-160 does not allow (or did not allow at the time of the conduct alleged herein) for recovery by indirect purchasers; and does not permit redress for extraterritorial conduct giving rise to claims outside the State of South Carolina.

## THIRTY-NINTH DEFENSE

To the extent Plaintiff is asserting claims for unjust enrichment, they are barred, in whole or in part, because Plaintiff has failed to allege that it conferred any benefit to Abbott as required under South Carolina law.

## FORTIETH DEFENSE

The Plaintiff is barred from recovery because the representations and actions alleged by the Plaintiff were not, and are not, material, in that they were not, and are not, likely to affect the decisions or conduct of the Plaintiff, or to have caused consumers or Third Party Payors to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers and Third Party Payors, and in that the alleged representations and actions were not likely to mislead consumers or Third Party Payors acting reasonably under the circumstance.

## FORTY-FIRST DEFENSE

To the extent that the Plaintiff seeks equitable relief against Abbott, the Plaintiff is not entitled to such relief because there is an adequate remedy at law.

## FORTY-SECOND DEFENSE

Some or all of the Plaintiff's claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

## FORTY-THIRD DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, because the Plaintiff failed to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## FORTY-FOURTH DEFENSE

The Plaintiff's claims against Abbott are barred, in whole or in part, because the Plaintiff suffered no damages as a result of the matters alleged in the Complaint.

## FORTY-FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because any injuries sustained by the Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.  Any and all of the injuries or damages suffered by the Plaintiff resulted solely from conduct and/or conditions for which Abbott is not responsible and for which it cannot be held liable.  Alternatively, any injuries or damages suffered by the Plaintiff were not caused or contributed by any act or omission of Abbott, but were caused solely by the acts of others for which Abbott may not be held liable.

## FORTY-SIXTH DEFENSE

The Plaintiff's claims against Abbott for damages are barred, in whole or in part:  (1) because the Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) because the Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Abbott after the filing of the Plaintiff's original complaint; and (4) because the Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## FORTY-SEVENTH DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the Plaintiff, with respect to the same alleged injuries.

## FORTY-EIGHTH DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by the Plaintiff from Abbott.

## FORTY-NINTH DEFENSE

The Plaintiff fails to allege facts or a cause of action against Abbott sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## FIFTIETH DEFENSE

Abbott denies that it has engaged in any conduct that entitles the Plaintiff to recover penalty assessments and avers that the Plaintiff's Complaint fails to state a claim upon which penalty assessments may be awarded to the Plaintiff.

## FIFTY-FIRST DEFENSE

The Plaintiff's penalty assessment claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for penalty assessments against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of penalty assessments fail to give Abbott prior notice of the conduct for which penalty assessments may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of South Carolina; (4) cannot be sustained because any award of penalty assessments exceeding the limits authorized by the laws or other comparable laws would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of South Carolina; (5) cannot be sustained because an award of penalty assessments in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for penalty assessments arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Abbott's due process and equal protection rights guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of South Carolina; (6) cannot be sustained because any award of penalty assessments without the apportionment of the award separately and severally between or among possible joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of South Carolina; and (7) cannot be sustained because any award of penalty assessments, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the imposition of excessive fines would violate Abbott's rights guaranteed by the Fourth, Fifth, Sixth, and Eighth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of South Carolina.

## FIFTY-SECOND DEFENSE

The Plaintiff's claim for penalty assessments against Abbott cannot be sustained because an award of penalty assessments by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a penalty assessments award; (2) is not adequately instructed on the limits of penalty assessments imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding penalty assessments, or determining the amount of an award of penalty assessments, in whole or in part, on the basis of invidiously discriminatory

characteristics, including without limitation, the residence, wealth, and corporate status of Abbott; (4) is permitted to award penalty assessments under a standard for determining liability for penalty assessments that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes penalty assessments permissible; (5) is not properly instructed regarding the Plaintiff's burden of proof with respect to each and every element of a claim for penalty assessments; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of South Carolina.

## FIFTY-THIRD DEFENSE

The Plaintiff's claim for penalty assessments against Abbott cannot be sustained because an award of penalty assessments that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of penalty assessments that may be imposed, would:  (1) violate Abbott's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Abbott's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of South Carolina.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred or limited by the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution; by Article I, Section 3 of the South Carolina Constitution; by the laws of the State of South Carolina;

41

by the common law of the State of South Carolina; and by the public policies of the State of South Carolina.

## FIFTY-FIFTH DEFENSE

The recovery of penalty assessments by the Plaintiff in this action would violate the South Carolina Constitution, including Article I, Sections 3 and 15 on the following grounds: (a) it is impermissible to impose penalty assessments, which are penal in nature, upon a civil defendant when the Plaintiff satisfies a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases; (b) the procedures pursuant to which any penalty assessments would be awarded fail to provide a reasonable limit on the amount of the award against Abbott; (c) the procedures pursuant to which any penalty assessments would be awarded are unconstitutionally vague; (d) the procedures pursuant to which any penalty assessments would be awarded fail to provide specific standards for the amount of the award of penalty assessments; (e) the award of penalty assessments in this case would constitute a deprivation of property without due process; and (f) the procedures pursuant to which any penalty assessments would be awarded permit the imposition of an excessive fine.

## FIFTY-SIXTH DEFENSE

The procedures pursuant to which any penalty assessments would be awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the South Carolina Constitution.

## FIFTY-SEVENTH DEFENSE

The Plaintiff fails to allege facts or a cause of action against Abbott sufficient to support a claim for prejudgment interest or any other relief.

## FIFTY-EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed in whole or in part by a person and/or entity that purchased the medicine directly, and/or an intermediate purchaser, and was not passed through to the Plaintiff.

## FIFTY-NINTH DEFENSE

To the extent Plaintiff is asserting claims for unjust enrichment, they are barred, in whole or in part, because Plaintiff has no authority to bring such claims on behalf of itself or the citizens of South Carolina.

## SIXTIETH DEFENSE

To the extent Plaintiff is asserting claims for unjust enrichment, they are barred, in whole or in part, by contracts to which the Plaintiff and Abbott are parties.

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because the Plaintiff's own actions or failures to act helped to bring about any injuries sustained.

## SIXTY-SECOND DEFENSE

Abbott breached no legal duty to the Plaintiff, and the Complaint filed herein should be dismissed with all costs taxed to the Plaintiff.

## SIXTY-THIRD DEFENSE

Some or all of the Plaintiff's claims are barred by the Statute of Frauds.

## SIXTY-FOURTH DEFENSE

Plaintiff may not sue *parens patriae* when there is no express state statutory or common law authority to do so, and would unconstitutionally deprive Abbott of its vested right in the application of the statutes of limitations to the otherwise time-barred putative claims of private citizens.

## SIXTY-FIFTH DEFENSE

Plaintiff lacks the authority to assert the putative *parens patriae* claims on behalf of the citizens of South Carolina.

## SIXTY-SIXTH DEFENSE

The State's SCUTPA claim is barred under S.C. Code Ann. § 39-5-40(a) because AWP-based Medicaid and Medicare reimbursement is permitted under laws administered by the South Carolina Department of Health and Human Services, which is acting under the authority of South Carolina and federal law.

## SIXTY-SEVENTH DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its Answer to assert such defense.

WHEREFORE, Abbott prays that this Court: (1) dismiss the State of South Carolina's Complaint with prejudice and enter judgment in favor of Abbott against the Plaintiff; (2) award Abbott its costs and expenses; and (3) award such other further relief as the Court may deem just and proper.

Dated:  October 18, 2006          Respectfully submitted,


/s/ James R. Daly_____
James R. Daly
Lee Ann Russo
Jeremy P. Cole
Gabriel Scannapieco
JONES DAY
77 West Wacker Dr.
Suite 3500
Chicago, IL 60601
Phone: (312) 782-3939
Fax: (312) 782-8585

Robert Y. Knowlton, D.S.C. #2380
  bknowlton@hsblawfirm.com
Sarah P. Spruill, D.S.C. #8054
  sspruill@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, PA
Capitol Center, Suite 2200
1201 Main Street
Columbia, SC 29201
Phone: (803) 779-3080

***Attorneys for Defendant***
**Abbott Laboratories, Inc.**

## <u>Certificate of Service</u>

I, Lee Ann Russo, hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE STATE OF SOUTH CAROLINA'S COMPLAINT** to be served via First Class Mail, postage prepaid, in an envelope addressed to:

Henry D. McMaster
John W. McIntosh
C. Havird Jones, Jr.
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE
Post Office Box 11549
Columbia, SC 29211

T. English McCutchen
William E. Hopkins, Jr.
Charles J. Bridgmon
McCUTCHEN BLANTON JOHNSON &
BARNETTE, LLP
Post Office Box 11209
Columbia, SC 29211

J. Preston Strom, Jr.
Mario A. Pacella
STROM LAW FIRM, LLC
2110 Beltline Blvd., Suite A
Columbia, SC 29204

D. Michael Kelley
MIKE KELLEY LAW GROUP, LLC
Post Office Box 8113
Columbia, SC  29202

Joseph Stephen Schmutz
SCHMUTZ & SCHMUTZ
24 Broad Street
Charleston, SC  29401

Charles Barnhill
MINER, BARNHILL & GALLAND PC
44 East Mifflin Street
Suite 803
Madison, WI 53703

P. Jeffrey Archibald
1914 Monroe Street
Madison, WI  53711

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, PC
Post Office Box 4160
Montgomery, AL 36103-4160

Dated: October 18, 2006

/s/ Lee Ann Russo_____

47