**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | MDL No. 1456 |
| _____ | ) | |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| | ) | |
| ALL CLASS ACTIONS | ) | |
| | ) | |
| _____ | ) | |

**TRACK ONE DEFENDANTS' MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION TO DECLARE THE *TOUHY* REGULATION INAPPLICABLE AND
FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF
CERTAIN FORMER GOVERNMENT EMPLOYEES**

The Track One Defendants ("Defendants") respectfully submit this memorandum in

support of their emergency motion for the Court to declare that the *Touhy* regulation does not

require the Government's consent for Defendants to request the testimony of certain former

government employees, and, if that declaration should issue and one or more of those former

government employees should decline to testify voluntarily, for leave to depose those who

decline.

**PRELIMINARY STATEMENT**

Despite Defendants' best efforts, the Government has decided to try to prevent the

testimony of former government employees in this matter.  Defendants have corresponded with

the Government over several months in an effort to gain consent to the testimony of certain

former government employees on issues central to this action, including the Government's

knowledge of the relationship of AWP to provider acquisition costs when the Government

promulgated a regulation in 1991 and later enacted a statute in 1997 employing average

wholesale price as a basis for drug reimbursement under Medicare Part B.  The Government now

contends that the *Touhy* regulation empowers it to prevent these former employees from

testifying, and it now purports to exercise that power to prevent their testimony.

The Government is mistaken.  The *Touhy* regulation does not apply where, as here, the

Government has become a party to the proceedings before the Court.  *See* 45 C.F.R. § 2.1(d)(1);

*Alexander v. F.B.I.*, 186 F. R. D. 66, 70 (D.D.C. 1998).  Thus, the Government does not have the

power to prevent former employees from testifying in this action.  Given this clear precedent,

and the need to make progress in preparing for trial, Defendants seek an immediate order of the

Court that Nancy-Ann Min DeParle, Thomas A. Scully, Stanley Weintraub, and Christopher

Jennings are not subject to the *Touhy* regulations and that Defendants may request their

testimony.  If one or more of these individuals declines to testify voluntarily in this action, the

Court should permit Defendants to compel their testimony at trial depositions pursuant to Fed. R.

Civ. P. 45.

**PROCEDURAL HISTORY**

At the hearing in this action on August 3, 2006, the Court commented that it would be

"worthwhile" to hear from government witnesses about the Government's understanding of

relevant aspects of the AWP reimbursement system.  *See* Hr'g Tr. at 19-20 (Aug. 3, 2000)

(attached hereto as Ex. A to Wright Decl.[1]).  The Court suggested that the parties and the

Government "work together" to assess the applicability of the *Touhy* regulation and to facilitate

the testimony of suitable witnesses.  *Id.*  During the same hearing, the Court noted that it would

consider any amicus brief from the Government in the class action case "with that weight that

they're now in it."  *Id.* at 29.

---

[1] Hereinafter, all references to "Ex. __" are references to exhibits to the Declaration of Adam Wright Transmitting
Documents Referenced in the Memorandum in Support of Track One Defendants' Emergency Motion to Declare the
*Touhy* Regulation Inapplicable and For Leave to Take Trial Depositions, filed herewith.

As requested by the Court, Defendants informed the Government of their intent to call as witnesses at trial one or more current or former employees of the Center for Medicare & Medicaid Services ("CMS").  *See* Letter From John T. Montgomery to Gejaa T. Gobena and George B. Henderson, II (Aug. 31, 2006) (attached hereto as Ex. B).  Defendants also informed the Government of their position that the *Touhy* regulation is inapplicable in MDL No. 1456 because the Government has become a party to the proceedings through transfer into the MDL of an action in which the Government has intervened and through the Government's other, extensive involvement in MDL No. 1456.

On September 12, 2006, the Government responded that it was not a party to the MDL because the transfer of the action in which it had intervened was for "pretrial purposes only." *See* Letter from George B. Henderson, II to John T. Montgomery (Sept. 12, 2006) (attached hereto as Ex. C).  The Government further insisted that Defendants address a request to the CMS Administrator stating "the nature of the requested testimony, why the information sought is unavailable by any other means, and why the testimony would be in the interest of the DHHS or the federal government."  *Id.* (citing 45 C.F.R. § 2).

In an effort to fulfill the Court's directive to "work together," but without waiving their position that the *Touhy* regulation is inapplicable, Defendants addressed a letter to the CMS Administrator regarding the testimony of former CMS Administrators Nancy-Ann Min DeParle and Thomas A. Scully, and former senior CMS Policy Advisor Stanley Weintraub.  More recently, Defendants submitted a separate request to the Office of Administration regarding the testimony of Christopher Jennings, former Deputy Assistant to the President for Health Policy Development.[2]  The requests stated that these former government employees would testify as to

---

[2] The *Touhy* regulation relevant to former employees of the Office of Administration, such as Mr. Jennings, is 5 CFR 2502.31.  Although the regulation also applies to former employees, federal common law is clear, as noted

"their knowledge or understanding of the use of AWP for reimbursement, the relationship between AWP and provider acquisition costs, the extent to which reimbursement for drug ingredients operated as a cross-subsidy for the inadequate reimbursement of the costs of service and administration, the reasons for maintaining AWP as part of Medicare reimbursement, and the general operation of the reimbursement system." *See* Letter from John T. Montgomery to Mark B. McClellan and Daniel Meron (Sept. 26, 2006) at 2 (attached hereto as Ex. D). The requests also explained that the testimony was unavailable through other means and that allowing such testimony was in the Government's interest. *Id.* at 3-4. Defendants requested that the Government make its position clear no later than October 15, 2006. *Id.* at 5; *see also* Letter from John T. Montgomery to Gejaa T. Gobena and George B. Henderson, II (Sept. 26, 2006) (attached hereto as Ex. E).

On October 16, 2006, in an unrelated filing, the Government stated that "the CMS has not made a final decision" on Defendants' request and that a recommendation was currently before the Acting CMS Administrator. *See* Fifth Status Report of United States Department of Health and Human Services Concerning Subpoenas for Medicare Beneficiary Data (Docket No. 3219) at 4. In a letter dated October 18, 2006 and received October 19, 2006, the Government denied Defendants' request. *See* Letter from Leslie V. Norwalk to John T. Montgomery (Oct. 18, 2006) (attached hereto as Ex. F).

## ARGUMENT

The *Touhy* regulation does not authorize the Government to prevent former employees from testifying in this action because the Government is a party to these proceedings, and the *Touhy* regulation does not apply to a proceeding in which the Government is a party. 5 C.F.R. §

---

*infra*, that a *Touhy* regulation is inapplicable when the United States is a party to a proceeding. As such, all arguments herein are also applicable to the request for the testimony of Mr. Jennings.

2.1(d)(1).  The Court should therefore allow Defendants to request the testimony of certain former government employees and, should those individuals refuse to testify voluntarily, allow Defendants to take their trial depositions pursuant to Fed. R. Civ. P. 45.

## I.   THE *TOUHY* REGULATION DOES NOT APPLY IN THIS PROCEEDING

The so-called *Touhy* regulation derives its name from *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which affirmed the authority of federal agencies to regulate the use and disclosure of their records and information.[3]   This regulation is authorized by a federal "housekeeping statute" designed to permit an agency to "prescribe regulations for the government of its department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers, and property."  5 U.S.C. § 301.  The statute also provides that it "does not authorize withholding information from the public or limiting the availability of records to the public."  *Id*.

The Department of Health and Human Services ("DHHS") promulgated its *Touhy* regulation – 45 C.F.R. § 2 *et. seq.* – in 1987 to address the "increasing frequency [in which DHHS] employees are requested or subpoenaed to give testimony . . . *in which the United States is not a party*."  52 Fed. Reg. 37146 (Oct. 5, 1987) (emphasis added).  The standard upon which the Agency head determines whether to grant a *Touhy* request is whether "compliance with the request would promote the objectives of the Department."  45 C.F.R. § 2.3.  These objectives are "[1] to maintain strict impartiality with respect to private litigants and [2] to minimize the disruption of official duties." 45 C.F.R. § 2.1(b) (stating that these Departmental policies govern

---

[3] *Touhy* was a habeas action by a state inmate who subpoenaed an FBI agent to produce certain governmental records. *Touhy*, 340 U.S. at 463-65.  The agent refused under authority of a regulation promulgated by the Attorney General and was subsequently held in contempt.  *Id*. at 465.   The Supreme Court found it unnecessary to consider "the ultimate reach of the authority of the Attorney General to refuse to produce at a court's order the government papers in his possession" because it determined that the Attorney General had the authority to withdraw from  his subordinates the ability to produce the documents at issue. *Id*. at 467-68.

"[t]he availability of Department employees to testify in litigation *not involving federal parties*"[4])

(emphasis added).

The *Touhy* regulation does not apply when the government is a party, as is the case here.

Moreover, the concern underlying the *Touhy* regulation – the conservation of agency resources –

is clearly absent here, where *former* employees would testify as to highly relevant but narrow

and discrete matters.

> **A.      The *Touhy* Regulation Does Not Apply Because the Government is a**
> **Party to MDL No. 1456**

The DHHS *Touhy* regulation does not apply in "[a]ny civil or criminal proceedings where

the United States, the Department of Health and Human Services, and any agency thereof, or any

other Federal agency is a party." 45 C.F.R. § 2.1(d)(1).  This exception is well established as a

necessary limitation on the scope of authority granted by the housekeeping statute, 5 U.S.C. §

301.  "In cases originating in federal court in which the federal government is a party to the

underlying litigation, the *Touhy* problem simply does not arise."  *Alexander*, 186 F.R.D. at 70;

*see also State of Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992); *Boron Oil Co. v.*

*Downie,* 873 F.2d 67, 70 (4th Cir. 1989).  This is because "where the United States is a party to

litigation, 'judicial control over the evidence in a case cannot be abdicated to the caprice of

executive officers.'"  *Alexander*, 186 F.R.D. at 70 (citing *United States v. Reynolds*, 345 U.S. 1,

9-10 (1953)).

---

[4] In its letter, *see* Ex. F, CMS did not – and could not – cite these factors, as the Government is hardly "neutral" and the testimony of former employees clearly bears no risk of the "disruption of official duties." 45 C.F.R. §2.1(b). Instead, CMS claimed it "does not believe that the views of former employees regarding the meaning of statutory or regulatory terms are proper subjects for testimony." *Id.* at 3.  This distorts Defendants' request for testimony, which did not relate to the statutory meaning of AWP, but to these former employees' understanding of the policy decision to continue using AWP as a basis for Medicare reimbursement, the extent to which reimbursement for drug ingredients operated as a cross-subsidy, and the relationship between AWP and provider acquisition costs.  These issues are essential to a determination of deceptiveness, unfairness, and causation under Chapter 93A.

The Government can become a *de facto* party through its extensive involvement in a proceeding, even without being named a party and without formally intervening.  18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4451 at 427 (2006).  Numerous courts have found that a "nonparty may participate in such a way as to become a de facto party, tacitly if not formally treated as such by all parties." *Id*. (collecting cases).  By actively "participating in the proceedings, [the Government] bec[omes] a party . . . regardless of whether [it] was ever formally named as such." *Southmark Properties v. Charles House Corp*., 742 F.2d 862, 869-70 (5th Cir. 1984).  In fact, a state government that participated in a case has been held to be a "party in fact, although not technically in name, to the litigation" for preclusion purposes. *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 459 F.Supp. 507 (D. Fla. 1978), *affirmed on other grounds*, 621 F.2d 1340, 1344 n.17 (5th Cir. 1980), *affirmed in part and reversed in part*, *Florida Dept. of State v. Treasure Salvors, Inc*., 458 U.S. 670 (1982).  Simply put, "if the Government's participation has been the equivalent of a party's, [courts] should treat the Government as having been a party in the initial action."  Arthur F. Greenbaum, *Government Participation in Private Litigation*, 21 Ariz. St. L.J. 853, 1004 n.601 (1989).

Here, the United States has become a *de facto* party through its appearances as both an interested amicus and a consolidated plaintiff on the docket. *See* Mot. of United States to be Added as Interested Party (Docket No. 2909) (July 21, 2006).  The United States has filed an amicus brief in the MDL class action on the meaning of AWP – hardly the "strict impartiality with respect to private litigants" that underlies the DHHS *Touhy* regulation.  45 C.F.R. § 2.1(b).  Moreover, the United States has intervened as a party plaintiff in *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs., et al.*, a matter that has been transferred into MDL

No. 1456 with the consent of the United States.  *See* United States' and Relators' Notice of Transfer to MDL No. 1456 (Doc. No. 2494) (July 28, 2006).

The class action and the *Ven-A-Care* action are in the same courthouse, part of the same MDL proceeding, and before the same judge.  The Government's interest in the class action is strong and direct enough to warrant the Government's filing of an amicus brief – on an issue that is central to this action – and in an action in which the Government has nominally, as well as actually, intervened.  There can therefore be no doubt that the Government has taken sides in both actions on this central issue.  The Government cannot have it both ways, acting like a party to pursue its interests in the MDL, while asserting it is not a party to prevent Defendants from presenting a full record to the Court.  *See*, *e.g., CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176 (D. Del. 2003) ("It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively . . . . Hence the truism that a privilege cannot be used as both a shield and a sword . . . . The non-legal equivalent of that truism is equally to the point: 'You can't have it both ways.'").[5]

Moreover, to allow the Government to prevent the testimony of former employees in the class action, when it is clear that the Government could not prevent that same testimony on the same issues in the *Ven-A-Care* action, would contravene one of the purposes of the multi-district litigation statute: "convenience [for] parties and witnesses"  28 U.S.C. § 1407(a).  In fact, the MDL No. 1456 proceeding was created in order to "conserve the resources of the parties, their

---

[5] Indeed, one of the concerns CMS raised in its response was that some of the potential testimony might be covered by "the attorney-client and deliberative process privilege."  *See* Ex. F.  Defendants do not seek testimony disclosing internal pre-decisional deliberations, but testimony explaining public statements made about final decisions of policy, to which the "discretionary" and "qualified" deliberative process privilege does not apply.  *See Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884-85 (1st Cir. 1995) (stating that "factual statements or post-decisional documents explaining or justifying a decision already made are not shielded" by the privilege).

counsel and the judiciary." *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp.

2d 1378, 1380 (J.P.M.L. 2002).

### B.   The Concerns Underlying the *Touhy* Regulation Do Not Apply to Former Employees

The primary justification for the *Touhy* regulation is the conservation of agency resources

– a concern that does not apply when the testimony of former employees is at issue.  *See*, *e.g.*,

*Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197-98 (11th Cir. 1991) (requiring

*current* DHHS doctors to testify would interfere with the agency's "interest in maximizing the

use of its limited resources in dealing with a national health crisis").  When first promulgated,

DHHS's *Touhy* regulation applied only to current employees – not to former employees.[6]  The

original limitation to current employees recognized that if active government "employees were

routinely permitted to testify in private civil suits [in response to *Touhy* requests], significant loss

of manpower hours would predictably result."  *Reynolds Metals Co. v. Crowther*, 572 F. Supp.

288, 290 (D. Mass. 1982).

Here, Ms. DeParle, Mr. Scully, Mr. Weintraub, and Mr. Jennings are not current

employees of the Government.  Thus, there can be no concern implicating "loss of manpower

hours," *id.*, or the "disruption of official duties," 45 C.F.R. § 2.1(b).  These former government

employees have relevant information that will address pressing issues before the Court –

information that is not available by any other means.[7]  They should be allowed to testify.

---

[6] In 2003, DHHS amended its *Touhy* regulation for the express purpose of "limit[ing] the applicability of the FOIA to situations in which the issuing tribunal has no jurisdiction over the Department."  68 Fed. Reg. 25838 (May 14, 2003).  In so doing, DHHS, without explanation, added the language regarding former employees.  *Id.* (noting that the amendment was promulgated without notice and comment, as a rule of "agency organization, procedure, or practice").

[7] In its response, CMS asserts that the information sought by Defendants is available through published sources.  *See* Ex. F.  As Defendants have explained, *see* Ex. E, and as the Court is well aware, the published testimony of these individuals, such as Mr. Scully, has been the subject of considerable dispute between the parties.  It is only through testimony before this Court – and examination by both parties – that these questions can be answered.

## II.     THE COURT SHOULD GRANT LEAVE FOR DEFENDANTS TO TAKE TRIAL DEPOSITIONS OF FORMER GOVERNMENT EMPLOYEES WHO DO NOT CONSENT TO TESTIFY

In the event that any of the former government employees decline to testify voluntarily, the Court should grant leave for Defendants to take trial depositions pursuant to Fed. R. Civ. P. 45.[8]  The Court's authority to authorize trial subpoenas addressed to those who decline to testify voluntarily follows from the general rule that an "agency regulation may [not] curb the power of the Court to compel discovery under the Federal Rules of Civil Procedure."  *U.S. ex rel. Roby v. Boeing Co*., 189 F.R.D. 512, 516 (S.D. Ohio 1999).  "[T]he Federal Rules of Civil Procedure have been held to have the force and effect of a statute." *Id*. at 517 (citing *Sibbach v. Wilson & Co*., 312 U.S. 1, 13 (1941); 28 U.S.C. §  2072(b) (1999).  Indeed, the "housekeeping" statute that authorizes the *Touhy* regulation "does not authorize withholding information from the public or limiting the availability of records to the public."  5 U.S.C. § 301.

Moreover, § 301 does not provide "substantive" rules.  *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 776 (9th Cir. 1994).  As such, it does not have the "force and effect of law."  *Chrysler Corp.*, 441 U.S. at 301.  "[T]o allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure, and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found here."  *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995).

---

[8] To the extent there is any concern regarding the court from which the subpoena would issue, it is clear that the MDL statute, 28 U.S.C. 1407(b), empowers this Court to "exercise the powers of a district judge in *any* district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP,* 255 F.Supp.2d 1 (D.D.C. 2003) (explaining that an MDL court in New Hampshire had "all the powers of a federal district judge in the District of Columbia, including the power to quash"); *see also In re Automotive Refinishing Paint*, 229 F.R.D. 482, 485-86 (E.D. Pa. 2005) (explaining that an MDL court can adjudicate motions to compel subpoenas issued by another district); *In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 880-81 (D.C. Cir.1981) ("[T]he multidistrict judge is granted the same powers as a judge of those courts where the depositions are being taken.").

Finally, the "Government, as a litigant, is bound by the rules of discovery to the same extent as any other litigant."  *Roby*, 189 F.R.D. at 517 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)).   Accordingly, the *Touhy* regulation cannot prevent the taking of trial depositions in an action in which the Government is a nominal as well as a *de facto* party. *Id*. (citing *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 384 (10th Cir. 1964) (explaining that federal agencies are bound by discovery rules in the same manner as any other litigant)).

## CONCLUSION

For all of the foregoing reasons, Defendants' Emergency Motion to Declare the *Touhy* Regulation Inapplicable and for Leave to Take Trial Depositions of Former Government Employees should be GRANTED.

Respectfully Submitted,

TRACK ONE DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  October 20, 2006

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.


/s/ Adam Wright_____
Adam Wright