# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE GLAXOSMITHKLINE SETTLEMENT, CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to a *Joint Motion for Preliminary Approval of Proposed Settlement, Certification of Class for Purposes of Settlement, and Approval of Form and Manner of Notice* (the "Motion")*; and*

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on _____, 2006 and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

### I.    Preliminary Approval of Settlement Agreement and Certification of Settlement Classes

1.    The terms of the Settlement Agreement and Release of the GlaxoSmithKline Defendants dated August 10, 2006, including all Exhibits thereto (as amended), (the

"Agreement") attached to the Motion, are hereby preliminarily approved, subject to further

consideration thereof at the Fairness Hearing provided for below.  This Order incorporates

herein, and makes a part hereof, the Agreement, including the Exhibits thereto.  Unless otherwise

provided herein, the terms defined in the Agreement shall have the same meanings herein.  The

Agreement between the Plaintiffs and Defendant SmithKline Beecham Corporation, d/b/a

GlaxoSmithKline ("GSK"), which is, along with GlaxoSmithKline, plc and Glaxo Wellcome,

Inc., a named defendant in the above-captioned matter (collectively the "GSK Defendants"), was

entered into at arm's-length by experienced counsel for the parties to the Agreement and only

after extensive arm's-length negotiation with counsel for the Attorneys General of the States of

New York, Connecticut, Nevada, Montana, and Arizona (the "Participating State Plaintiffs"), as

well as with counsel representing certain large health insurance companies and health plans

identified in the Agreement as the "Independent Settling Health Plans," or "ISHPs."  The Court

finds that the settlement embodied in the Agreement (the "Settlement") is sufficiently within the

range of reasonableness so that notice of the Settlement should be given as provided in

paragraphs 9 and 10 of this Order.  In making this determination, the Court has considered the

current posture of this litigation and the risks and benefits to the parties involved in both

settlement of these claims and continuation of the litigation.

2.      The Court has considered the voluminous submissions of the parties with

regard to class certification, the Court's August 16, 2005 and January 30, 2006 *Orders Re:*

*Motion for Class Certification*, and has analyzed the proposed AWP Payor Classes defined in the

Agreement pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  The

Court preliminarily finds that the proposed nationwide AWP Payor Classes meet all the

applicable requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

85435-3                                         2

hereby conditionally certifies the following nationwide Classes for settlement purposes only:

    A.    <u>Medicare Part B Co-Payment Class ("Medicare Co-Payment Class")</u>

    All natural persons in the United States who made, or who incurred a currently enforceable obligation to make, a co-payment based on AWP for a Medicare Part B covered drug manufactured by GSK set forth on <u>Exhibit A</u> hereto.  Excluded from the class are persons who made flat co-payments, who were reimbursed in full for any co-payments, or who have the right to be fully reimbursed for any co-payments.

    B.    <u>Third-Party Payor MediGap Supplemental Insurance ("MediGap TPP Class")</u>

    All Third-Party Payors in the United States who made reimbursements for a Medicare Part B covered drug manufactured by GSK and set forth on <u>Exhibit A</u> hereto, based on AWP, during the Class Period.

    C.    <u>Consumer and Third-Party Payor Class for Payments Made for Medicare Part B Drugs Outside the Medicare Context ("Private Payor Class")</u>

    All natural persons in the United States who made, or who incurred a currently enforceable obligation to make, a payment for, and all Third Party Payors in the United States who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases of, a physician administered drug manufactured by GSK set forth on <u>Exhibit A</u> hereto, during the Class Period.  Excluded from the class are natural persons who made flat co-payments, who were reimbursed in full for any payments or co-payments, or who have the right to be fully reimbursed for any payments or co-payments.

    The Class Period for the Medicare Co-Payment Class and the MediGap TPP Class is January 1, 1991 through January 1, 2005.  The Class Period for the Private Payor Class is January 1, 1991 through the date of the Agreement.  Excluded from each of the AWP Payor Classes are Defendants and their officers, directors, management, employees, subsidiaries, and affiliates.  Excluded from the MediGap TPP Class and the Private Payor Class are: (1) the United States government and its agencies and departments, and all other governmental entities that

made payments pursuant to any state's Medicaid program; (2) the Independent Settling Health

Plans (ISHPs), as defined in Paragraph 2(w) of the Agreement; and (3) all federal, state or local

governmental entities, *except for* the following, which are *not* excluded from the Medigap TPP

or Private Payor Classes:  (a) non-Medicaid state or local government entities that made AWP-

based prescription drug payments as part of a health benefit plan for their employees, but only

with respect to such payments, and (b) other non-Medicaid state government agencies or

programs of the Participating States and of the Additional Participating States, if any, *except that*

such agencies and programs in New York and Connecticut *are* excluded.

      3.      With respect to the AWP Payor Classes, the Court hereby incorporates the

findings of its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification*

and further preliminarily finds that:

      a.      *Numerosity*.  The AWP Payor Classes, consisting of hundreds of

thousands of members located throughout the United States, satisfy the numerosity requirement

of Fed. R. Civ. P. 23(a).  Joinder of these widely-dispersed, numerous Class Members into one

suit would be impracticable;

      b.      *Commonality*.  Common questions of law and fact with regard to the

alleged activities of GSK exist for each of the members of the AWP Payor Classes in this case.

These issues are central to this case and are sufficient to establish commonality;

      c.      *Typicality*.  Plaintiffs have claimed during this litigation that GSK violated

various state consumer protection statutes, RICO and other state and federal laws, by unlawfully

manipulating Average Wholesale Prices ("AWPs") reported by various industry publications for

the GSK drugs that are subject to this Settlement ("GSK Covered Drugs").  As a result, Class

Members allegedly paid more for GSK Covered Drugs than they would have in the absence of

the alleged unlawful conduct.  These claims are typical of every member of the AWP Payor

Classes' claims.  Therefore, the element of typicality is satisfied;

       d.     *Adequate Representation*.  Plaintiffs' interests do not conflict with absent members of the AWP Payor Classes, and Plaintiffs' interests are co-extensive with absent Class Members.  Additionally, this Court recognizes the experience of Lead Class Counsel and finds that the requirement of adequate representation of the Classes has been fully met;

       e.     *Predominance of Common Issues*.  Plaintiffs commonly assert that GSK's actions caused the AWPs for GSK Covered Drugs to be inflated, in turn causing all Class Members to pay more for GSK Covered Drugs.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment; and

       f.     *Superiority of the Class Action Mechanism*.  The class action mechanism is ideally suited for treatment of the settlement of this matter.  Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. The GSK Covered Drugs that are the subject of this proposed settlement are those set forth on <u>Exhibit A</u> to the Agreement.

## II.    <u>Class Representatives</u>

       4.     Plaintiffs David and Susan Ruth Aaronson are designated representatives of the Medicare Co-Payment Class.  Plaintiffs Blue Cross/Blue Shield of Massachusetts and Sheet Metal Workers National Health Fund are designated representatives of the MediGap TPP Class. Plaintiffs  Blue Shield/Blue Cross of Massachusetts ("BCBS MA"), Cynthia Byrski, Cheryl Barreca, Anna Choice, Donna Kendall, Constance Nelson, Andrea Palencia, Scott Tell, Joseph Miller, UFCW, Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund ("CMHV"), Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("THWF"), Philadelphia Federation of Teachers Health and Welfare Fund ("PFTHW"), Manu-U

85435-3                     5

Service Contract Trust Fund ("Man-U"), Twin Cities Bakery Workers Health and Welfare Fund ("TCBW"), and Pipefitters Local 537 Trust Funds ("Pipefitters Local") are designated AWP Private Payor Class Representatives.

5.    If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the nationwide AWP Payor Classes shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Agreement.

### III.    Class and Appointment of Class Counsel

6.    The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the nationwide AWP Payor Classes and hereby appoints them as Co-Lead Settlement Class Counsel pursuant to Rule 23(g):

> Hagens Berman Sobol Shapiro LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> Spector, Roseman & Kodroff, P.C.,
> 1818 Market Street, Suite 2500
> Philadelphia, PA  19103
>
> Wexler Toriseva Wallace LLP
> One North LaSalle Street, Suite 2000
> Chicago, IL  60602
>
> Edelson & Associates, LLC,
> 45 West Court Street
> Doylestown, PA  18901
>
> Kline & Specter, P.C.
> 1525 Locust Street, 19th Floor
> Philadelphia, PA 19102

### IV.    Class Settlement Fund

7.    The Court finds that the Class Escrow Account is a "qualified settlement

fund" as defined in section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a.    The Class Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

    b.    The Class Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    c.    The assets of the Class Escrow Account are segregated from other assets of GSK, the transferor of payments to the Settlement fund.

8.    Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

    a.    The Class Escrow Account met the requirements of paragraph (8)(b) and (8)(c) of this Order prior to the date of this Order approving the establishment of the Class Escrow Account subject to the continued jurisdiction of this Court; and

    b.    GSK and the Claims Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph (7)(b) and (7)(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph (7) of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Class Escrow Account on that date.

## V.    Notice to Class Members

9.      The Court has considered the Notice Plan attached as Exhibit B to Plaintiffs'

Memorandum In Support of Motion for Preliminary Approval of Settlement Agreement and

Release of the GlaxoSmithKline Defendants, including the proposed forms of notice, summary

notice, information releases and claim forms, and finds that the forms and manner of notice

proposed by Plaintiffs and approved herein meet the requirements of due process and Fed. R.

Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient

notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The

Court approves the Notice Plan in all respects (including the proposed forms of notice, summary

notice, information releases and claim forms) and Orders that notice be given in substantial

conformity therewith.  The Notice Program described in the Notice Plan shall commence on or

about _____, 2006.  The costs of preparing, printing, publishing, mailing and otherwise

disseminating the notice shall be paid from the class Settlement Fund in accordance with the

Plan of Distribution and the applicable provisions of the Agreement.

10.     The Court appoints Complete Claim Solutions, Inc. as the Claims

Administrator.  Responsibilities of the Claims Administrator shall include the following: (a)

establishing a post office box and toll-free phone number (to be included in the Long Form

Notices and the Summary Notices (together, the "Notices" to the Class)) for purposes of

communicating with nationwide AWP Payor Class members; (b) establish and maintain a

website for purposes of posting the Notices, the Agreement and related documents; (c) accepting

and maintaining documents sent from nationwide AWP Payor Class members, including claim

forms, exclusion requests and other documents relating to claims administration; and (d)

administering claims for the allocation of the settlement funds among nationwide AWP Payor

Class Members.

85435-3                                             8

## VI.    Request for Exclusion from the AWP Payor Classes

11.    Any member of the nationwide AWP Payor Classes who wishes to be excluded from any AWP Payor Class shall mail a written notice of exclusion to the Claims Administrator, so that it is received  no later than _____, and shall clearly state the following: the name, address, taxpayer identification number, telephone number and fax number (if any) of the individual or entity that wishes to be excluded from a nationwide AWP Payor Class as well as the time period during which the class member made purchases of a Covered Drug and which of the three AWP Payor Classes the person or entity intends to exclude themselves from.  For Third Party Payors, the notice of exclusion must also include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this notice of exclusion on behalf of the above-named class member. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, *et seq.*, or other laws governing their obligations to any class member.  The undersigned understands that by submitting this notice of exclusion, the class member identified above will not be entitled to receive any proceeds of the class Settlement Fund.  By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

12.    In addition, for purposes of implementing the Agreement, including calculation of the amount of the GSK Refund (as described in Paragraph 17 of the Agreement), each TPP Class Member requesting exclusion shall be requested to set forth in the Exclusion Form the amounts paid for each GSK Drug during the Class Period, and whether such payments were made pursuant to the drug's AWP.

13.    Valid Class Opt-Outs shall not be bound by the Agreement, the Settlement, or the Final Order and Judgment.  Upon receipt, the Claims Administrator shall

85435-3                               9

promptly provide copies of each notice of exclusion to Lead Class Counsel and GSK's Counsel.

14.     Any member of a nationwide AWP Payor Class that does not properly and timely mail a notice of exclusion as set forth in paragraph 11 above shall be automatically included in the nationwide AWP Payor Classes and shall be bound by all the terms and provisions of the Agreement and the Settlement and the Final Order and Judgment, whether or not such member of the nationwide AWP Payor Classes shall have objected to the Settlement and whether or not such member of the nationwide AWP Payor Class makes a claim upon or participates in the Class Settlement Fund.

## VII.     Proofs of Claim

15.     To effectuate the Settlement and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and proofs of claim. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, proofs of claim, and any and all other written communications from members of the nationwide AWP Payor Classes in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from members of the AWP Payor Classes relating to the Agreement shall be available at all reasonable times for inspection and copying by Lead Class Counsel and GSK's Counsel, until payments are mailed to each Class Member.

16.     In order to be entitled to participate in the Settlement if it is effected in accordance with all of the terms and conditions set forth in the Agreement, each member of the nationwide AWP Payor Classes shall take the following actions and be subject to the following requirements:

(a)     An AWP Payor Class Member who wishes to receive a distribution from

the Class Settlement Fund must mail a properly executed proof of claim (either a TPP proof of

claim or a consumer proof of claim, whichever is appropriate (collectively, a "Proof of Claim"))

to the Claims Administrator at the address indicated in the notice, to be postmarked on or before

_____.  If such Proof of Claim is transmitted in any manner other than the United

States Postal Service, it shall be deemed to have been submitted when actually received by the

Claims Administrator and must be received by the Claims Administrator no later than

_____.

        (b)     Each Proof of Claim must satisfy the following conditions: (i) the Proof

of Claim must be properly completed in accordance with the instructions thereon and submitted

in a timely manner in accordance with subparagraph (a) of this paragraph; (ii) the Proof of Claim

must be signed and certified under penalty of perjury, (iii) the claimant must certify that he, she

or it is a Class Member, or, if the person executing the Proof of Claim is acting in a

representative capacity, must attest that he, she or it is acting on behalf of a class member and

that the claimant has authority to act on behalf of the Class Member, and (iv) the Proof of Claim

must be complete and contain no material deletions or modifications of any of the printed matter

contained therein;

        (c)     Each Consumer Proof of Claim shall be accompanied by evidence of

payment for a GSK Covered Drug as called for in the Consumer Proof of Claim attached as an

exhibit to the Notice Plan.  Consumer Class Members shall be required to certify 1) the identity

(and dose if such information is available) of the GSK Covered Drug or Drugs for which the

claimant made a payment, 2) the fact that such payment was either a co-payment under Medicare

Part B or a graduated co-payment pursuant to some other private or public insurance or benefit

program, 3) the time period over which they, or the Consumer Class Member on whose behalf

85435-3

they are submitting a Proof of Claim, took or were administered a GSK Covered Drug (s) and 4) the total out-of-pocket payments for each of the GSK Covered Drug(s) (including any co-pay or cash payments therefore) net of any reimbursements from insurers or any other source during the Class Period.  In addition, Consumer Class Members shall be required to provide ONE of the following as evidence of payment for each of the GSK Covered Drug(s) for which the Consumer Class Member seeks payment during the Class Period:

(i) a copy of a single written prescription for the GSK Covered Drug during the Class Period;

(ii) a copy of a single receipt evidencing payment of a graduated co-pay or cash payment for the GSK Covered Drug during the Class Period;

(iii) a single EOB (explanation of benefits) form from the claimant's Medicare Carrier, an insurer or other health plan, evidencing a co-pay or cash payment for a GSK Covered Drug during the Class Period

(iv) a single cancelled check evidencing payment of a co-pay or cash payment for the GSK Covered Drug during the Class Period;

(v) a letter from the Consumer Class Member's physician or other health care provider stating that the consumer was administered a GSK Covered Drug and paid a co-pay or cash payment therefore and stating the amount paid during the Class Period for each of the GSK Covered Drug; or

(vi) a written declaration by the Consumer Class Member attesting that they paid a co-payment for the GSK Covered Drug during the Class Period and setting forth the total out-of-pocket payments for the GSK Covered Drug during the Class Period.

(d)     Each TPP Proof of Claim shall be accompanied by evidence of payment as

85435-3

called for in the TPP Proof of Claim attached as an exhibit to the Notice Plan.  Each TPP Class

Member shall be required to certify the total expenditures for each GSK Covered Drug during

the period January 1, 1999 through December 31, 2003 (the "TPP Proxy Period") net of any co-

pays, eductibles and co-insurance.  Each TPP Class Member or representative shall be required

to certify that they have not included claims on behalf of any TPP Class Member that are readily

identifiable as having been based on a reimbursement standard other than AWP.  Any TPP Proof

of Claim which claims a total net expenditure for GSK Covered Drugs of $300,000.00 or more

during the Class Period shall also be accompanied by electronic evidence of payment in the form

attached to the TPP Proof of Claim or such other evidence as is acceptable to the Claims

Administrator.  Any TPP Proof of Claim that claims a total net expenditure for GSK Covered

Drugs of less than $300,000.00 shall not need to be accompanied by electronic evidence of

payment to be considered by the Claims Administrator (although such information may be

requested by the Claims Administrator);

       (e)    Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, who shall make a recommendation to Lead Class Counsel about which claims

should be allowed in whole or in part;

       (f)    The Claims Administrator will notify each member of the nationwide

AWP Payor Class that filed a Proof of Claim of any recommendation of disallowance, in whole

or in part, of the Proof of Claim submitted by such nationwide AWP Payor Class Member and

will set forth the reasons for any such disallowance.  AWP Payor Class Members shall be

permitted a reasonable period of time to cure once any deficiency with respect to their respective

Proofs of Claim is identified.  A copy of such notification shall also be sent by the Claims

Administrator to Lead Class Counsel;

85435-3

(g)      All members of the nationwide AWP Payor Classes that do not submit timely Proofs of Claim, or submit Proofs of Claim that are disallowed and not cured, shall be barred from participating in the Class Settlement Fund (except to the extent that a Proof of Claim may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

(h)      Each member of an AWP Payor Class that submits a Proof of Claim shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Settlement) be bound by all the terms and provisions of the Agreement.

## VIII.   Claims Process

17.      The total expenditure for each GSK Covered Drug during the Class Period claimed by each Consumer Class Member on the Consumer Proof of Claim as verified and accepted by the Claims Administrator shall be multiplied by a "Recognized Claim Percentage" for that drug as set forth in Exhibit G to the Settlement Agreement in order to calculate the Consumer's "Recognized Claim." This calculation results in the payment of an amount for each Recognized Claim for each GSK Covered Drug that was negotiated between the parties and is consistent with Plaintiffs' assessment of liability and damages for each such Drug.

18.      A minimum payment to Consumer Class Members shall be recommended to the Court by Lead Class Counsel at the final Fairness Hearing based upon the number and magnitude of the claims filed by Consumer Class Members. Any Consumer Class Member whose total Recognized Claims amount falls below the minimum payment as set by the Court at the Fairness Hearing will receive the minimum payment in lieu of his/her recognized claim, subject to Paragraph 19 below. The Court recognizes the importance of having a minimum

payment in order to encourage Consumer Class Members to file Proofs of Claim and hereby

authorizes  Lead Class Counsel to represent in the Notices that based on an analysis of the

potential claims by Consumer Class Members, a minimum payment of $100.00 or more is

anticipated.

19.     If the total of all payments to all Consumer Class Members (the total of all

Recognized Claims plus minimum payments where applicable) is less than the Net Consumer

Settlement Pool, all Consumer Class Members will be paid up to 100% of their Recognized

Claim or the minimum payment as set by the Court at the Fairness Hearing, whichever is larger.

Any remaining funds in the Net Consumer Settlement Pool, after distribution to Consumer Class

Members in accordance with the Agreement, shall be subject to mediation as provided for in

Paragraph 22(b)(vii)(b) of the Agreement.  If the total of all payments to Consumer Class

Members (the total of all Recognized Claims plus minimum payments where applicable) would

equal or exceed the Net Consumer Settlement Pool, all consumers shall share *pro rata* in the Net

Consumer Settlement Pool in proportion to the size of their Recognized Claim.

20.     The total expenditure for a GSK Covered Drug during the TPP Proxy

Period claimed by each TPP Class Member on the TPP Proof of Claim and accompanying

documentation as verified and accepted by the Claims Administrator shall be multiplied by a

"Recognized Claim Percentage" as set forth in Exhibit G to the Settlement Agreement in order to

calculate the TPP's "Recognized Claim."  This calculation results in the payment of an amount

for each Recognized Claim for each GSK Covered Drug that was negotiated between the parties

and is consistent with Plaintiffs' assessment of liability and damages for each such Drug.

21.     Each TPP Class Member shall share pro rata in the Net TPP Settlement Pool

(which is net of payment of the GSK Refund as set forth in the Agreement) in proportion to the

size of their Recognized Claim.

## IX.     <u>Confidentiality</u>

22.     Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular member of the nationwide AWP Payor Classes, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Lead Class Counsel, Defendants' Counsel, and the Court, or as otherwise provided in the Agreement.

## X.     Fairness Hearing

23.     A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, at _____ before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following:  (a) whether the nationwide AWP Payor Classes should be finally certified; (b) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the MDL Class Action as to the GSK Defendants, and the entry of final judgment as to the GSK Defendants; (c) whether Class Counsel's  application for attorneys' fees, expenses and incentive awards for the Class Representatives and any other appropriate parties or the application for fees and expenses of any other counsel involved in any AWP Class Litigation ("the Fee Petition") should be granted; and (d) whether to approve the proposed plan of allocation and distribution.

24.     On or before _____, Class Settlement Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any Fee Petition.

85435-3

25.     Any member of the nationwide AWP Payor Class that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the AWP Class Action as to the GSK Defendants, the entry of final judgment as to the GSK Defendants, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served upon Counsel for the parties on or before _____.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before _____, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all Counsel to the parties on or before _____.  Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

26.     Counsel for the parties who must be served with all  documentation described above in Paragraph 25  are as follows:


Counsel for nationwide AWP Payor Classes


85435-3

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Counsel for Defendant GlaxoSmithKline

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304

27.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the members of the Class other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

28.     All discovery and other pretrial proceedings in the MDL Class Action with respect to the GSK Defendants are stayed and suspended, pending the Final Approval of the Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Settlement, or this Order.

29.     Any AWP Payor Class member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 26 above by _____, and file it with the Court on or before _____.

30.     Pending Final Approval, no nationwide  AWP Payor Class Member, either directly, representatively, or in any other capacity (other than an AWP Payor Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any or all of the GSK Releasees any action or proceeding in any court or tribunal

85435-3

asserting any of the matters, claims or causes of action that are to be released upon Final

Approval pursuant to the Agreement, and are hereby enjoined from so proceeding.  Upon Final

Approval, all AWP Payor Class Members that do not file a timely notice of exclusion shall be

forever enjoined and barred from asserting any of the matters, claims or causes of action released

pursuant to the Agreement, and any such AWP Payor Class Member shall be deemed to have

forever released any and all such matters, claims and causes of action as provided for in the

Agreement.

## XI.    <u>Other Provisions</u>

31.     Upon Final Approval, each and every term and provision of the Agreement

(except as may be modified by the Final Approval Order) shall be deemed incorporated into the

Final Order and Judgment  as if expressly set forth and shall have the full force and effect of an

Order of the Court.

32.     In the event the Settlement is terminated in accordance with the provisions of

the Agreement, the Settlement and all proceedings had in connection therewith shall be null and

void, except insofar as expressly provided in the Agreement, and without prejudice to the *status*

*quo ante* rights of Plaintiffs and the GSK Defendants.

33.     Neither this Order nor the Agreement shall constitute any evidence or

admission of liability by any Defendant, nor shall they be offered in evidence in this or any other

proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any

Releasee in connection with any action asserting Released Claims.


Date:_____             _____
                                       Patti B. Saris
                                       United States District Judge


85435-3