UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PARTIES' JOINT SUBMISSION REGARDING CERTAIN ITEMS FOR DISCUSSION AT THE FINAL PRE-TRIAL CONFERENCE**

In an effort to assist the Court in streamlining the issues for discussion at the final pre-trial conference on October 31, 2006, the parties met and conferred on the following issues that the parties would like to address with the Court.  Although there may be additional substantive or procedural issues that the parties would like to raise with the Court at the final pre-trial conference that are not listed below, the parties believe that providing the Court with advance notice of their discussions on the following issues should assist in making the conference more efficient.

**AGREED ISSUES SUBJECT TO COURT APPROVAL**

1. <u>Opening Statements</u>.  The parties request the opportunity to give brief opening statements, which the parties believe will aid the Court by framing the evidence to be presented at trial.  The parties suggest that both plaintiffs and defendants be given two hours per side to present their opening statements.

2. <u>Trial Clock</u>.  The Court's pre-trial orders provide that plaintiffs and each defendant shall have a certain number of trial days to present their case.  Both parties understand

- 2 -

the Court's ruling to provide that any time used by a party – whether by direct and re-direct examination of offering witnesses or cross-examination of adverse witnesses – shall be subtracted from the time allocated to that party.  The parties wish to confirm that their understanding is consistent with the Court's intent.  The parties also respectfully request that Mr. Alba keep track of the time used by each party.

3. Disclosure of Witnesses.  The parties have agreed to provide opposing counsel seven days advance notice of the witnesses expected to testify each day of the following week, subject to adjustment as necessary given the progression of the trial, in anticipated order of their appearance.  For example, on November 6, Plaintiffs shall notify Defendants of the witnesses expected to testify each day of the week of November 13, in anticipated order of appearance.

4. Sequestration of Fact Witnesses.  The parties agree that fact witnesses should be excluded from the courtroom until called to testify.

5. Objections to Exhibits and Deposition Testimony.  The parties agree, and respectfully suggest to the Court, that objections to exhibits and deposition designations be addressed by the Court at the end of the trial.  The only exception to this procedure would be exhibits that a party has used in connection with the direct affidavit of a witness.  In this instance the parties suggest that they meet and confer in advance of the witness's testimony to determine whether any objections to the documents can be resolved.  If objections remain, then the parties will bring the issue to the attention of the Court for a ruling directly in advance of the witness's testimony.  The parties submit that this procedure will reduce the time needed to address such objections.

6. Presentation of Exhibits During Trial.  The parties wish to discuss whether the Court has a preference as to the manner and form in which exhibits are presented to the Court.

- 2 -

001534-16 137190 V1

The parties respectfully suggest that it may be most efficient for each side to provide the Court with a binder of relevant documents for each witness when the witness takes the stand. Of course, the parties are willing to address this issue in any manner preferred by the Court.

7. <u>Thanksgiving Week</u>. Travel during this week for witnesses and counsel is difficult because of the high-volume of holiday travel. Plaintiffs suggest concluding on November 21, 2006 (Tuesday) and restarting November 28, 2006 (Tuesday). This avoids Sunday travel, which is a difficult day. Defendants have no objection to Plaintiffs' proposal.

## POSSIBLE SUBJECTS OF DISAGREEMENT

1. <u>Production of Adverse Witnesses</u>. Plaintiffs have informed Defendants that they may seek to call during Plaintiffs' case-in-chief defense witnesses listed as "will" or "may" calls. Plaintiffs seek confirmation that Defendants will produce such witnesses. Defendants cannot guarantee that "may" call witnesses who are not in the Defendant's control and are outside the jurisdiction of the Court can be produced. In any event, to the extent any defense witnesses testify during Plaintiffs' case-in-chief, Defendants respectfully request that the sponsoring Defendant have the opportunity to conduct a "cross" examination that is not limited by the scope of Plaintiffs' adverse "direct" examination. This procedure will ensure that such witnesses do not have to suffer the inconvenience of being called to testify twice.

2. <u>Document Day</u>. Plaintiffs do not control the witnesses with most of the evidence, *i.e.*, Defendants' employees. Plaintiffs wish to have a day to highlight and introduce documents bearing on liability. Defendants object to Plaintiffs' request, which is effectively a request to allow a day of testimony by counsel.

## OUTSTANDING EVIDENTIARY MOTIONS

1. <u>In Limine Motions</u>. Three motions *in limine* are *sub judice*: 1) AstraZeneca's Motion *In Limine* to Exclude Evidence Relating to Guilty Pleas and Sampling Activity [Docket

- 3 -

No. 3181]; 2) BMS's Motion *In Limine* to Exclude Evidence Relating to Apothecon Products [Docket No. 3188]; and 3) The Track 1 Defendants' Joint Motion *In Limine* to Exclude Evidence Relating to Other Defendants [Docket No. 3184]. In addition, Schering's Motion to Strike Certain Subject Drugs [Docket No. 2770] is fully briefed and pending before the Court.

2. <u>Daubert Motions</u>. Defendants would like to discuss how the Court would like to handle the presentation of evidence and argument relating to Defendants' Daubert motions [Docket Nos. 2722 and 2873] during the trial.

3. <u>Touhy Motion</u>. Defendants' motion relating to the Touhy regulations [Docket No. 3239] remains outstanding.

DATED: October 30, 2006.                Respectfully submitted,

By   /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

  I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 30, 2006, I caused copies of **PARTIES' JOINT SUBMISSION REGARDING ITEMS FOR DISCUSSION AT THE FINAL PRE-TRIAL CONFERENCE** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File.

            **/s/ Steve W. Berman**
            Steve W. Berman