UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456 |
| ) | Civil Action No. |
| THIS DOCUMENT RELATES TO: ) | 01-12257-PBS |
| ) | |
| State of Florida v. Mylan Laboratories Inc., et al. ) ) | |
| ) | |
| Civ. Action No. 06:CV-10690-PBS ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

This lawsuit, filed by the State of Florida ("Plaintiff" or "State") is one of dozens of pharmaceutical Average Wholesale Price ("AWP") actions that have been pending since 2001. Plaintiff originally filed a Motion for Remand in the U.S. District Court for the Northern District of Florida on January 11, 2006. The motion was fully briefed by both parties, but, after the matter was transferred conditionally to the AWP Multidistrict Litigation in the District of Massachusetts by order of the Judicial Panel on Multidistrict Litigation on April 12, 2006, Defendants Teva Pharmaceuticals USA, Inc., Mylan Laboratories Inc., Mylan Pharmaceuticals Inc. and Watson Pharmaceuticals, Inc. ("Defendants") submit this Memorandum of Law in Opposition to the Plaintiff's Motion. Defendants hereby adopt the arguments for removal asserted by the defendants in *State of Florida ex. rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Alpharma, Inc, et al. ("Alpharma")* and after having conducted a review of Florida state legislative and administrative history, assert that, should the Court order this matter remanded to state court, subsequent discovery of the deliberative process of key Florida state officials may justify later removal of this matter. The State's Motion for Remand should be denied or, alternatively, Defendants will agree to a remand while preserving the option to remove should

subsequent discovery provide documents or testimony under the control of Plaintiff that would support federal question jurisdiction.

## I.  THE INSTANT LITIGATION

On or about November 18, 2005, Plaintiff filed its First Amended Complaint ("Amended Complaint") styled *State of Florida ex. rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Mylan Laboratories, Inc., et al.,* in the Florida Circuit Court for the Second Judicial Circuit, Leon County, Florida.  Similar to the other AWP cases filed around the country, the Amended Complaint alleges that the Defendants misrepresented their respective Average Wholesale Prices ("AWP") and Wholesale Acquisition Costs ("WAC") in connection with the reporting of their product pricing information to First DataBank, Inc. ("First DataBank"), a consolidator and publisher of prescription drug pricing information.  (Compl. ¶¶ 26-33.)  According to the Amended Complaint, Defendants' alleged misrepresentations defrauded the Florida Medicaid Program, causing it to pay provider claims substantially greater than the prices generally and currently available in the marketplace.  *Id*. ¶ 32.

On or about December 16, 2005, Defendants removed the case to the U.S. District Court for the Northern District of Florida on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  On December 20, 2005, Defendants filed a notice of related action with the Judicial Panel on Multidistrict Litigation ("JPML").  On January 11, 2006, the JPML entered an order conditionally transferring this case to the District of Massachusetts for inclusion in the AWP multi-district litigation ("MDL").

Plaintiff filed a Motion to Vacate the Conditional Transfer Order ("CTO").  After a hearing and review of the pleadings,  the JPML denied Plaintiff's Motion to Vacate and ordered the case to be transferred to the AWP MDL.  *See* Ex. A, JPML Order, dated April 12, 2006,

Transferring *State of Florida et al. v. Mylan Laboratories, Inc., et al.*, N.D. Florida, C.A. No. 4:05-490.

On September 6, 2006, the Court granted Plaintiff's Motion for Remand in the related *Alpharma* matter.  *See*, Ex. B, *In Re Pharm. Indus. Average Wholesale Price Litig.*, 2006 U.S. Dist. LEXIS 63655 (D. Mass. 2006).  On September 11, 2006, this Court granted Plaintiff's Motion for Leave to submit revised briefs on its original Motion for Remand.

Plaintiff has asserted claims for alleged overcharges for Medicaid covered drugs under the Florida False Claims Act and common law.  *See* Fla. Stat. §§ 68.081-68.092.  Plaintiff's reliance on the importance of AWP's role is most clearly shown by its assertion that the Defendants intentionally reported AWP's to First DataBank that are deliberately false and fictitious to cause Plaintiff to overpay for drugs.  (Compl. ¶ 28.)

## II.  ARGUMENT

### A.   Defendants Meet the Legal Standards for Removal Due to Plaintiff's Inclusion of "AWP" Claims in Its First Amended Complaint

Removal to federal court is an important statutory right that Congress has expressly granted to defendants in specified classes of cases.  A defendant may remove a case to federal court if it presents a federal question.  28 U.S.C. § 1441(b); *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir. 1999) ("Defendants may remove any action from state court… to the appropriate federal district court, provided that the defendants show some basis for federal jurisdiction."); *see also Kingsley v. Lania*, 221 F. Supp. 2d 93, 95 (D. Mass. 2002). Nevertheless, Defendants readily acknowledge that, as movants, they have the burden of demonstrating federal jurisdiction.  Such jurisdiction can be based on the four corners of plaintiff's complaint or looking beneath the complaint to divine the underlying nature of a claim. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (U.S. 1981) ("[C]ourts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum . . . [and]

- 3 -

occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.'") (citing 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, pp. 564-566 (1976) (citing cases) (footnote omitted)).

Despite Plaintiff's preference to litigate in its own courts (Pls.' Mem. at 13), the removal statute, courts and commentators alike have recognized that "if the requirements of the removal statute are met, the right to remove is absolute." 16 James W. Moore, et al., *Moore's Federal Practice and Procedure* § 107.05 at 107-25 (3d ed. 2000). State law claims "arise under" federal laws where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citation omitted); *see also Municipality of San Juan v. Corporacion Para El Fomento Economico de la Ciudad Capital,* 415 F.3d 145 n.6 (1st Cir. 2005). The fact that only "a subset" of the state law claims creates federal question jurisdiction is sufficient to confer federal jurisdiction over the entire action. *See Montana v. Abbott Labs*., 266 F. Supp. 2d 250, 254 (D. Mass. 2003) ("A state court suit that includes at least one claim 'arising under the Constitution, laws, or treaties of the United States' can be removed to federal court.") (*quoting* 28 U.S.C. § 1441) (emphasis added).

In its *Alpharma* decision granting the State's motion for remand, this Court noted that neither the State nor the defendants had addressed the legislative and regulatory origins of the State's use of AWP to establish whether a federal component is implicated by the State's usage of AWP in its Medicaid pharmacy reimbursement program. *See generally* Ex. B, *Alpharma*.

      **B.**    **Plaintiff's Claims Present a Federal Question Under Grable, Therefore, the Motion for Remand Should be Denied.**

Plaintiff argue that there is no federal question present. However, just last year, the Supreme Court refined the law on removal in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfr.*, 125 S. Ct. 2363 (2005), holding held that federal question jurisdiction "will lie over

state-law claims that implicate significant federal issues" as a federal court should be able to hear claims "recognized under state law" when those state law claims "nonetheless turn on substantial questions of federal law . . . ." *Id*. at 2367.  Federal jurisdiction is thus proper in those circumstances unless maintaining the case in federal court would disturb a "congressionally approved balance of federal and state responsibilities." *Id*. at 2368.   No such concerns exist here.

Once a federal question is established  under the *Grable*  test, removal is proper. *Id*.  In a virtually identical case filed by Plaintiff, this Court remanded because of the failure of defendants to support the finding of a federal question pertaining to the understanding of AWP as used by the State.  *See generally* Ex. B, *Alpharma*.  Discovery will be necessary to flesh out the question of the origins of Florida's AWP in the context of how State officials used the concept of AWP and its origins as adopted by the State.

### 1. Plaintiff's AWP Claims Raise a Federal Question

To succeed in sustaining their removal of this action, Defendants must show that, as required by *Grable*, the a "federal issue" resides within Plaintiff's state law claim.  *Grable* at 2638.  As stated, *infra*, state law and regulation are silent on the issue of what Florida Medicaid officials understood AWP to mean.  In other contexts involving its Medicaid program, the Florida Legislature has adopted sections from the federal Medicaid laws for the State's Medicaid system.  *See* Ex. C, H.R. Comm. on Finance, Taxation and Claims and Health and Rehabilitative Serv. and Sen. Malchon, Kirkpatrick and Forman, *Final Bill Analysis and Economic Impact Statement Bill #: CS/CS/SB 1000*, at 4 (Fla. May 21, 1991)("Regulations regarding program eligibility and services are not found in their entirety in the Florida statutes, but they are found in the Social Security Act, the Code of Federal Regulations and in the State Plan that is required by the federal government.  In recent years, the Florida Medicaid program has spent considerable

time and effort in litigation defending its authority to implement policies, procedures, and payment rates without a solid basis in Florida Statutes.").

The State has not defined AWP under either its statutes or regulations.  *See generally* Fla. Stat. § 409.908.  Since initial enactment, the State has variously adjusted the methodology of how its state Medicaid program pays state pharmacies for dispensing Defendants' products, but none of these important administrative changes have been accompanied by statutory interpretation or legislative history.  *See generally* 2000 Fla. Laws ch. 367 (amending Fla. Stat. § 409.912, including the phrase AWP in its reimbursement formula); *see also* Fla. Admin. Code Ann. R. 59G-6.050 (2006) (outlining payment methodology for medical non-institutional providers).  Discovery will be needed to establish upon what the relevant Florida state officials relied in setting up the State's Medicaid pharmacy program.

### 2. Florida Medicaid Officials' Understanding of AWP Is A Substantial Question As It Is At The Core Of the Dispute Between The Parties

The second tenet of *Grable* requires that the claim presented be actually disputed and substantial.  *See Grable* at 2368.  The parties clearly do not agree on what the understanding of AWP was for purposes of reimbursement under Florida Medicaid.. .

### 3. Retaining the Case in the MDL Would Not Upset The Balance Between the State and Federal Courts

Last, contrary to the Plaintiff' assertion, the exercise of federal question jurisdiction would not upset the congressionally-approved balance between federal and state judicial responsibilities.  *Grable*, 125 S. Ct. at 2368.  As this Court noted in *Alpharma*, "[s]urely the federal government has a strong interest in a uniform interpretation of the Medicaid laws and the efficient administration of the program." *Alpharma* at *3.  The long-running existence of the AWP Multidistrict Litigation is evidence that removal this matter to federal court would cause little, if any, friction between the federal and state balance of judicial responsibilities.  "[T]here is

a strong efficiency benefit to retaining jurisdiction over these cases …[because they] involve a substantial federal question with nationwide ramifications. *Id*. The Court acknowledged that "if [Plaintiff'] claims turn on the meaning of particular provisions of the federal Medicaid statute, then accepting jurisdiction over such a case would not unreasonably expand the province of the federal courts." *Id*.

Although it may be more convenient, "indisputably easier and more cost effective for a state Attorney General to prosecute in its local state court…," (Pls. Memo at p.13), the right to removal is in the hands of the defendants and it is absolute if the case meets statutory requirements. Relying solely on its convenience argument, Plaintiff does not present any additional basis supporting an assertion that litigation of this matter before this Court would upset the balance between the federal and state courts. To the contrary, litigation of this case before this Court would contribute to judicial efficiencies and benefit the parties.

### B. Plaintiff Are Not Entitled to Costs or Fees Because This Claim Presents a Federal Question And Its Removal Was Reasonable

Plaintiff has also moved for attorney's fees and costs associated with bringing its Motion to Remand. (Pls. Mem. at 14.). An award of fees and costs is wholly inappropriate here. In *Alpharma*, the Court previously pointed out that an award of costs is only appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 126 S.Ct. 704, 711 (2005). Contrary to Plaintiff's assertions, Defendants assert that there is a genuine federal issue that will have to be addressed in order to resolve this case. This Court, moreover, in the *Alpharma* order (issued after this case was initially removed) set forth circumstances under which federal question jurisdiction could be established in the instant matter.

- 8 -

In light of the Court's *Alpharma* opinion, Defendants were entitled to, and did, research available state regulatory and legislative history to determine if evidence could be obtained establishing the state origins of Florida's usage of AWP in its Medicaid program.  Plaintiff's own inability to cite to state law or regulation interpreting AWP bespeaks the vagaries of the term and Defendants' good faith disagreement with Plaintiff's position on the existence of a federal question.  The understanding of AWP in the administration of the Florida Medicaid program is a complex legal issue that will require consideration of evidence generated from a variety of sources, including the documents and deposition testimony of State officials.  Defendants' arguments are meritorious, reasonable and meet the standard for removal.  Therefore, costs and fees should be denied.

## III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's Motions both to Remand and for Costs be denied and that this case be retained in the AWP MDL in the United States District Court for the District of Massachusetts for further pre-trial proceedings.

Respectfully submitted this 30th day of October 2006.

        Respectfully Submitted,

        By  */s/* T. Reed Stephens
        T. Reed Stephens
        Elizabeth I. Hack
        SONNENSCHEIN NATH & ROSENTHAL LLP
        1301 K Street, N.W.
        Suite 600, East Tower
        Washington, D.C.  20005

        *Attorneys for Defendants Novapharm, Ltd., Teva Pharmaceutical Industries, Ltd., and Teva Pharmaceuticals USA*

        Respectfully Submitted,

        By  */s/* William A. Escobar
        William A. Escobar
        Neil Merkl
        Christopher C. Palermo
        KELLEY DRYE & WARREN LLP
        101 Park Avenue
        New York, New York  10178
        (212) 808-7800
        (212) 808-7897 – facsimile

         - and -

        Gary R. Greenberg
        Louis J. Scerra, Jr.
        Jonathan Cohen
        James Vant
        GREENBERG TRAURIG, LLP
        One International Plaza, 20th Floor
        Boston, MA  02110


*Attorneys for Defendants Mylan Laboratories and Mylan Pharmaceuticals, Inc.*

Respectfully Submitted,
By  */s/* Douglas B. Farquhar
 Douglas B. Farquhar
Michelle L. Butler
Christine P. Bump
HYMAN PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W.
Suite 1200


Washington, D.C.  20005

*Attorneys for Defendants Watson Pharmaceuticals, Inc. and Schein Pharmaceuticals (n/k/a Watson Pharma, Inc.)*

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Elan D. Thompson, caused a true and correct copy of the foregoing Defendants' Opposition to the Plaintiff's Motion for Remand to be served on all counsel of record electronically via LexisNexis File & Serve system on October 30, 2006

                */s/ Elan D. Thompson*
                Elan D. Thompson