# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

      v.    :    CRIMINAL NO. 04-443

SCHERING SALES CORPORATION    :
(A SUBSIDIARY OF SCHERING-
PLOUGH CORPORATION)    :

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the United States Department of Justice and the United States Attorney for the Eastern District of Pennsylvania (hereafter, "the government" or "the United States"), the defendant, Schering Sales Corporation (hereafter, "the defendant") and the defendant's counsel enter into the following guilty plea agreement.

1.    The defendant agrees to waive Indictment and to plead guilty to a one count Information, charging the company with offering and paying a kickback, in violation of Title 42, United States Code, Section 1320a-7b, arising from the company's payment of a data fee in connection with an effort to maintain formulary status for Claritin at an HMO customer.

2.    The defendant agrees to pay a criminal fine of $52,500,000. In a separate civil settlement agreement the defendant's parent company, Schering-Plough Corporation, will pay $292,969.482.00. (A copy of that civil settlement agreement is attached.) The defendant waives any and all defenses and objections in this matter or in that civil proceeding which might be available under the Double Jeopardy clause of the Fifth Amendment and Excessive Fines clause of the Eighth Amendment.

3. The parties agree that this plea agreement is made pursuant to Fed.R.Crim.P. 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case:

    a. Criminal Fine: $52,500,000, payable within one week of the date of imposition of sentence;

    b. Special Victim/Witness assessment: $400 payable on the date of sentencing;

    c. Restitution: The complication and prolongation of the sentencing process that would result from an attempt to fashion a proper restitution order outweighs the need to provide restitution to the victims in this case, where the loss suffered by each of the health care programs as a result of the defendant's conduct set forth in the Information will be recompensed from amounts that will be paid pursuant to the attached Civil Settlement Agreement between Schering-Plough Corporation and the United States. For this reason the appropriate resolution of this case does not include a separate restitution order.

    d. Probation: The imposition of a term of probation is not required because of the entry by Schering-Plough Corporation into a Corporate Integrity Agreement with the United States that is incorporated in the attached Civil Settlement Agreement.

It is also agreed that there is no basis for, and the parties will not seek, either an upward or a downward departure under the Sentencing Guidelines. In the event that the Court rejects this plea agreement, the defendant may withdraw its guilty plea pursuant to Rule 11(d)(2)(A).

4. The parties will jointly request the Court to impose the agreed-upon sentence immediately upon the entry of the defendant's guilty plea. It is understood that the Court may

reject this request to sentence the defendant immediately and that the defendant may not withdraw its plea solely upon this ground.

5. Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorneys' fees and other litigation expenses arising out of the investigation or prosecution of this matter.

6. The defendant understands, agrees and has had explained to the company by counsel that the Court may impose the following statutory maximum sentence: 5 years of probation, a fine equal to twice the gross gain to the defendant or twice the gross loss to the government, and a $400 special assessment.

7. At the time of sentencing, the government will:

   a. Make the joint sentencing recommendation in paragraphs 3 and 4 above.

   b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the sentencing record; and may rebut any statement of facts made by or on behalf of the defendant at sentencing.

   c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

8. The defendant may comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing; address the Court regarding the nature

3

and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the sentencing record; and rebut any statement of facts made by or on behalf of the government at sentencing.

9. No one has promised or guaranteed to the defendant that the Court will accept and impose the agreed upon sentence that is set forth in this Agreement.

10. The United States agrees that, other than the charge contained in the Information, it will not bring any other criminal charges against the defendant for any conduct falling within the scope of the criminal investigation conducted by the United States Attorney' Office for the Eastern District of Pennsylvania, which covered:

(1) any actual or potential transfers of value by the defendant to any managed care organization;

(2) the offer, provision or funding of health or disease management by the defendant to any managed care organization; and

(3) contractual obligations of the defendant to the state Medicaid programs and to the United States regarding the reporting of "best price" and the payment of Medicaid rebates for the Claritin family of drugs.

The United States will not bring any other criminal charges against the defendant for any conduct not otherwise described in this agreement that was known to the United States Attorney's Office for the Eastern District of Pennsylvania, as of the date on which that office signs this plea agreement and which concerned the sale, pricing or marketing of the Claritin family of drugs.

4

11. Nothing in this agreement shall bar the government from prosecuting criminal charges for any activities or crimes that are not previously resolved in this agreement and that come to the attention of the United States government after the date on which the United States Attorney's Office for the Eastern District of Pennsylvania signs this plea agreement.

_____Any conduct of the defendant beyond that specifically described in Paragraph 10 is specifically excluded from this resolution.

In addition, the following investigation is specifically excluded from this resolution:

a. Matters related to the conduct of the defendant currently under investigation by the United States Attorney's Office for the District of Massachusetts;

12. The agreement not to prosecute is contingent upon the guilty plea being entered and accepted by the Court and upon the defendant's performance of all its obligations set forth in this agreement. If the defendant fails to enter the guilty plea, or if the Court refuses to accept the guilty plea or if the defendant moves to withdraw the guilty plea or if the defendant fails to perform any obligation under this agreement, the government may elect to file whatever criminal charges it believes are appropriate and shall not be limited by anything set forth in this agreement.

13. In consideration of all the terms of this agreement, the defendant will cooperate fully with the government's investigation of any individuals or entities that may have been involved in the conduct that is within the scope of the grand jury investigation. In the event the government files criminal charges against defendant pursuant to Paragraph 12 of this Agreement, defendant agrees that it will not move to disqualify either the United States Attorney for the

5

Eastern District of Pennsylvania or any attorney in that office, because of anything learned as a result of this cooperation.

14. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of its sentence.

15. The defendant is satisfied with the legal representation provided by its lawyers; the defendant and these lawyers have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because it admits that it is guilty of the offense charged in the Information.

16. Defendant will acknowledge acceptance of this plea agreement by the signature of its counsel and a responsible corporate officer. Defendant shall provide to the government for attachment to this plea agreement a certificate of the secretary of the corporation attesting to the fact that the Board of Directors has authorized the corporate officer to sign a plea agreement for the defendant and authorizing the entry of a guilty plea.

17. This agreement is binding upon the United States Department of Justice, including all United States Attorneys, but cannot and does not bind the Internal Revenue Service of the United States Department of the Treasury, the Tax Division of the United States Department of

Justice, or any state or local prosecuting authority. Attached hereto is a letter from the Assistant Attorney General in charge of the Criminal Division of the United States Department of Justice to the United States Attorney for the Eastern District of Pennsylvania authorizing this plea agreement.

18. In consideration of all the other terms of this and the related agreements entered into by the parties and to insure that the intention of the parties is carried out, the defendant waives its rights to indictment and trial by jury on any issues under the United States Sentencing Guidelines and agrees to permit any factual issues under those guidelines to be resolved by the sentencing judge. In making any fact finding rulings, the defendant agrees the judge needs to make such findings only by a preponderance of the evidence.

19. There are no additional promises, agreements or understandings other than those set forth in this plea agreement, the separate agreement between the United States and Schering Plough Corporation, the Civil Settlement Agreement, and the Corporate Integrity Agreement

incorporated therein, and no additional promises, agreements or understandings will be entered into unless in writing and signed by the parties.

_____
SCHERING SALES CORPORATION

PATRICK L. MEEHAN
United States Attorney

_____
LAWRENCE B. PEDOWITZ, ESQ.
Counsel for Schering Sales Corporation

_____
H. GEOFFREY MOULTON, JR.
First Assistant United States Attorney

_____
RICHARD L. SCHEFF, ESQ.
Counsel for Schering Sales Corporation

_____
MICHAEL L. LEVY
Assistant United States Attorney

_____
MARILYN S. MAY
Assistant United States Attorney

Date:

8