UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE             )   MDL NO. 1456
LITIGATION                                          )   Civil Action No. 01-12257-PBS
_____)
                                                        )   Hon. Patti B. Saris
THIS DOCUMENT RELATES TO        )
ALL ACTIONS REGARDING              )
CLASSES ONE AND TWO OF TRACK 1  )
_____)

**THE TRACK 1 DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FACT WITNESSES' TRIAL DECLARATIONS**

The Track 1 Defendants to the Amended Master Consolidated Class Action Complaint respectfully submit herewith objections to the trial declarations filed by plaintiffs on behalf of their fact witnesses. Per the Court's directions, defendants have attached at Appendix A copies of the declarations at issue with highlighting and marginalia designating defendants' specific objections.

**DISCUSSION**

The trial declarations filed by plaintiffs on behalf of their fact witnesses can be divided into three categories: (1) declarations from individual consumers; (2) declarations from payors, including employees of the named class representatives; (3) declarations from former employees of a Schering-Plough Corporation ("Schering-Plough") subsidiary who were relators in a *qui tam suit*.

**1. INDIVIDUAL CONSUMER DECLARATIONS**

Plaintiffs have submitted trial declarations on behalf of four individual consumers: Cheryl Barecca, Anna Choice, Tracy Garcia, and Rebecca Hopkins. At the pre-trial

conference, defendants objected to the testimony of these witnesses because they are not class members.  None of them are from Massachusetts and none of them claim to have paid for drugs in Massachusetts.  The Court directed the parties to file a stipulation obviating the need for these individuals to travel to Massachusetts and testify, but the parties were unable to reach agreement.  Defendants have filed with the Court the stipulation offered to plaintiffs, which was rejected.

Subject to these overarching objections, these consumer declarations are subject to numerous specific evidentiary objections.   For example, Ms. Barecca testifies about defendants' marketing practices and documents regarding which she obviously has no personal knowledge:

> I understand that the manufacturers of those drugs are alleged to have published prices and then secretly offered their drugs at a lower price, providing a profit for the doctor.  I understand these payments were based on the higher published price.

*See* Barecca Trial Dec. ¶ 22.

These individual consumers also testify about payment contracts determining the payment amounts they were responsible for that have not been produced in this litigation and are not appended to their declarations.  *See e.g.*, Barecca Trial Dec. ¶¶ 7-9.  Defendants have also objected to other sections of these individuals' testimony on grounds including lack of relevance and foundation and lay opinion.

**2.   PAYOR DECLARATIONS**

Plaintiffs have submitted trial declaration of behalf of the following payor-related witnesses:

- Blue Cross Blue Shield of Massachusetts employees Deborah Devaux, Kenneth Arruda, Maureen Coneys and Michael Mulrey;
- Gina Alongi (Administrator of the International Union of Operating Engineers Local 4 Fringe Benefit Funds);

- Glenn Randle (Chairman of the Board for Sheet Metal Workers National Health Fund) and Sharon Falkner (Vice President of Southern Benefits Administrators, the Third Party Administrator for Sheet Metal Workers National Health Fund);
- Charles Hannaford (Fund Administrator for Pipefitters Local 537 Trust Funds);
- Dan Ryan (Fund Administrator for the United Food Commercial Workers Unions and Employers Midwest Health Fund).

Defendants object to sections of these declarations for reasons including hearsay and lack of personal knowledge. For example, BCBSMA witness Michael Mulrey purports to describe claims data evidencing Blue Cross Blue Shield of Massachusetts' claims "based on a discussion that I had with [another BCBSMA employee] Denise Demaina" and without appending the underlying data. *See* Mulrey Trial Dec. ¶ 22. These declarations also include other speculative statements that are not based on the witnesses' personal knowledge. *See e.g.*, Coneys Trial Dec. ¶ 16 ("Any contracting for the acquisition of physician administered drugs to be used in Medical West Inc. health centers *would have been done* on a centralized basis by Medical West Inc. employees.") (emphasis added).

Defendants have also objected to other sections of these payor employee declarations for reasons including lack of relevance and foundation.

3. **SCHERING-PLOUGH RELATOR DECLARATIONS**

Plaintiffs have submitted trial declarations on behalf of Beatrice Manning, Charles Alcorn, and G. Raymond Pironti, three individuals who acted as relators in *qui tam* litigation, now settled, that was entirely unrelated to AWP. Given the irrelevant and inadmissible nature of their testimony, Schering-Plough filed a Motion in Limine to exclude their testimony (Nov. 2, 2006) (Docket No. 3300). Highlighted declarations reflecting Schering-Plough's objections were included as exhibits supporting that motion, see Exhibits E-G to the Declaration of Adam Wright (Docket No. 3302), and are appended here again. An explanation

3

of the basis for the objections to these declarations, as well as an explanation of why these declarations should be excluded in their entirety, can be found in the Memorandum in Support of the Motion in Limine to Exclude Testimony (Docket No. 3301).

## CONCLUSION

The Track 1 Defendants respectfully request that the Court exclude the testimony objected to herein.

Dated:  November 3, 2006

Respectfully submitted,

/s/ Andrew D. Schau
Andrew D. Schau (admitted *pro hac vice*)
Erik Haas (admitted *pro hac vice*)
Adeel A. Mangi (admitted *pro hac vice*)
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

*Attorneys for Defendants Johnson & Johnson, Centocor Inc. and Ortho Biotech Products L.P., on behalf of all Track 1 defendants*

## CERTIFICATE OF SERVICE

       I certify that on November 3, 2006 a true and correct copy of the forgoing THE TRACK 1 DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FACT WITNESSES' TRIAL DECLARATIONS was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                      /s/ Andrew D. Schau
                                      Andrew D. Schau

1321505v1

# Appendix A

1321505v1