UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1456 Master File No. 01-CV-12257-PBS |

### MOTION TO QUASH WITNESS SUBPOENA ISSUED TO EUGENIA K. GLESSNER

Pursuant to Fed. R. Civ. P. 45(3)(A), Eugenia K. Glessner ("Ms. Glessner"), by and through her attorneys Bernstein, Shur, Sawyer & Nelson, move to quash the witness subpoena served upon her in the above-referenced action. The basis for the motion is set forth below in the incorporated memorandum of law.

### FACTUAL BACKGROUND

Counsel for Plaintiffs in the above-referenced matter, Attorney Steve W. Berman, of Seattle, Washington, caused a witness subpoena dated October 19, 2006 to be served upon Ms. Glessner on the evening of November 1, 2006. A copy of the witness subpoena is attached as *Exhibit A*. The subpoena commands Ms. Glessner to appear to testify at the U.S. District Court for the District of Massachusetts located in Boston, Massachusetts at 9:00 a.m. on Monday, November 6, 2006.

Ms. Glessner is the former employee of AstraZeneca Pharmaceuticals LP. It is not clear from the witness subpoena the subject matter for which Ms. Glessner has been subpoenaed to testify. Attempts to discuss the matter with Attorney Berman have not been successful to date.

### ARGUMENT

Ms. Glessner objects to the October 19, 2006 subpoena and respectfully requests that this Court quash the subpoena because it: (1) was not properly served; (2) fails to allow a reasonable

time for compliance, (3) requires Ms. Glessner to travel more than 100 miles to the Courthouse; and (4) subjects Ms. Glessner to an undue burden.

First, the witness subpoena issued to Ms. Glessner violates the service requirements set forth in Fed. R. Civ. P. 45(b) because Ms. Glessner received the subpoena by Federal Express (no signature for receipt required) at her residence in Yarmouth, Maine, which is outside of Massachusetts and outside of the 100 mile radius of the courthouse where Ms. Glessner has been commanded to testify.

Second, the witness subpoena issued by Attorney Berman for the Plaintiffs fails to allow Ms. Glessner a reasonable time for compliance. Ms. Glessner received the subpoena via Federal Express on the evening of November 1, 2006 at approximately 5:30 p.m., less than five days (3 business days) prior to the date of the hearing or trial. Fed. R. Civ. P. 45(c)(3)(A)(i) provides that the court by which a subpoena is issued *shall* quash or modify a subpoena if it fails to allow a reasonable time for compliance. Despite the fact that Attorney Berman issued and dated the subpoena on October 19, 2006, thirteen days before Ms. Glessner received the subpoena, no representative of the Plaintiffs contacted Ms. Glessner to put her on notice her testimony would be required until she actually received the subpoena on November 1. Accordingly, Ms. Glessner has not been allowed a reasonable time to comply with the subpoena and respectfully requests that this Court quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i).

Third, the subpoena violates Fed. R. Civ. P. 45(c)(3)(A)(ii) because it requires Ms. Glessner to travel more than 100 miles to testify. Ms. Glessner resides at 15 Clipper Circle, Yarmouth, Maine which is outside of the 100 mile radius from the U.S. District Court courthouse in Boston, Massachusetts. Ms. Glessner is not a party to the above-referenced action, nor is she an officer of a party to the action. Furthermore, Ms. Glessner is not employed, nor does she regularly transact business in person within the 100 mile radius of the courthouse. Accordingly,

2

Ms. Glessner respectfully requests that this Court quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii).

Finally, Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that the court by which a subpoena is issued *shall* quash or modify a subpoena if it subjects a person to an undue burden.  Because the witness subpoena fails to allow Ms. Glessner a reasonable time to comply and because it requires her to travel more than 100 miles on short-notice to testify before the Court, the witness subpoena subjects Ms. Glessner to an undue burden.

WHEREFORE, for the reasons set forth above, Ms. Glessner respectfully requests that the Court grant the Motion to Quash the witness subpoena.

Dated: November 3, 2006         /s/ Kate S. Debevoise_____
                                /s/ Sarah Tracy      _____

                                Kate S. Debevoise, BBO No. 551290
                                Sarah Tracy, BBO No. 655542

                                BERNSTEIN SHUR
                                100 Middle Street
                                PO Box 9729
                                Portland, ME  04104-5029
                                207-774-1200

                                Attorneys for Eugenia K. Glessner

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 3, 2006.

                                /s/ Kate S. Debevoise_____
                                Kate S. Debevoise, BBO # 551290