UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' RESPONSE TO MOTION TO
EXCLUDE CONSUMERS FROM TESTIFYING**

**A.     The Proposed Stipulation is Not Adequate**

Defendants offer to stipulate that the consumer witnesses "knew nothing of AWP," and that therefore their testimony is not relevant.

The stipulation is inadequate.

At issue in this case is whether defendants' practices are unfair.  An unfair act or practice is not amenable to a bounded definition because, as courts have recognized, "[i]t is impossible to frame definitions which embrace all unfair practices.  There is no limit to human inventiveness in this field." *Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 503, 396 N.E.2d 149, 153 (1979) (quoting H. R. Conf. Rep. No. 1142, 63d Cong., 2d Sess. (1914)).  Nonetheless, Massachusetts courts, following federal jurisprudence under the Federal Trade Commission Act, have employed the following factors in evaluating whether conduct is unfair:  (i) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (ii) whether it is immoral, unethical, oppressive or unscrupulous; and (iii) whether it causes substantial injury to consumers, competitors or other business people.

- 1 -

*PMP Assocs., Inc. v. Globe Newspaper Co*, 366 Mass. 593, 596, 312 N.E.2d 915 (1975) (citing *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972)).

"Whether a given practice runs afoul of these touchstones must be determined from the circumstances of each case." *Levings*, 8 Mass. App. Ct. at 504.  In doing so, courts evaluate the "equities between the parties," and "[w]hat a defendant knew or should have known may be relevant" in making that determination.  *Swanson v. Bankers Life Co.*, 389 Mass. 345, 349, 450 N.E.2d 577, 580 (1983).

Given this inquiry, the Court should hear from the consumer victims to put in context the unfairness of defendants' conduct.  The issues here go beyond what they knew of AWP.

Further, this testimony is relevant to the "commercial reasonableness" defense asserted by AstraZeneca.  Putting aside the fact this defense is not relevant to Class 3, whether their conduct was commercially reasonable has to be considered in the context of its impact on the consumer victims.

Defendants' stipulation is also misleading.  If the consumer victims are left with a stipulation that "they knew nothing of AWP" as proposed, defendants' next argument will be: consumers could not have been deceived if they knew nothing.  Again, the stipulation is simply a trick and ignores the context of the claims.

**B.     Defendants' Rejected a Meaningful Stipulation**

At a minimum given the legal standards, any stipulation that might eliminate such testimony would need to include the following (all of which was rejected by defendants):

1.     The Class 3 consumer plaintiffs, whose testimony has been filed, is typical of any similarly situated class member in any state.

2.     There are no facts evidencing any knowledge by any Class 3 consumer of the defendants' practices as alleged in this action and as set forth in their testimony.

- 2 -

3. Each of the witnesses paid in part for a Class 3 drug.

4. These witnesses – like all co-insurer consumers – suffered health problems requiring the administration of Subject Drugs.

5. If AWPs are found to be inflated, they suffered injury by virtue of excess payments.

6. Each believe that if the defendants manipulated AWPs and inflated them, and that such inflation increased their co-pays, such a practice was unfair.

Defendants rejected the above, but the testimony is relevant and needed.

DATED: November 3, 2006

By  /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

- 4 -

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 392-4400
Phone:  (215) 609-4661

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **CLASS PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE CONSUMERS FROM TESTIFYING** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 3, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

      By **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA 98101
      (206) 623-7292