-1-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' OBJECTIONS TO THE OCTOBER 23, 2006 ORDER BY CHIEF MAGISTRATE BOWLER RE:  AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE REGARDING SALES AND MARKETING**

**A.    INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(a), plaintiffs respectfully submit the following objections to the order of Chief Magistrate Judge Bowler issued in open court on October 23, 2006, via which Judge Bowler granted Amgen Inc's ("Amgen") motion for protective order relating to plaintiffs' rule 30(b)(6) deposition notice regarding Amgen's sales and marketing practices. Plaintiffs incorporate the facts and evidence originally filed in opposition to Amgen's motion, and in addition, they state the following.

**B.    FACTS**

On October 23, 2006, Chief Magistrate Judge Bowler heard Amgen's motion for a protective order relating to plaintiffs' rule 30(b)(6) deposition notice regarding sales and marketing.[1]  (Lopez Decl., ¶ 2.)

---

[1] A true and correct copy of plaintiffs' Rule 30(b)(6) deposition notice to Amgen Inc. regarding sales and marketing is attached as Exhibit A to the Declaration of Robert F. Lopez in Support of Plaintiffs' Objections to the

-1-

After the hearing, during which Amgen's counsel had advised Magistrate Judge Bowler that he and counsel for plaintiffs had talked over the weekend prior to the hearing, and that they had discussed ways in which the parties might reach a voluntary resolution of Amgen's pending motion, Magistrate Judge Bowler granted Amgen's motion. (*Id.*, ¶ 3.) At one point during the hearing, Judge Bowler invited the parties to step into the hallway to see if they could resolve the matter between themselves. (*Id.*)  Because plaintiffs were not yet in a position to guarantee Amgen that they would seek no more 30(b)(6) depositions beyond that noted in the April 19, 2006 notice here at issue – a guaranty that Amgen previously had sought from the plaintiffs – there was, unfortunately, no way to resolve the matter by agreement at the October 23, 2006 hearing. (*Id.*)

As explained in plaintiffs' original responding papers,[2] Amgen's motion for protective order was as strange as it was (and is) uncalled for. It is strange because, on April 28, 2006, counsel for Amgen wrote to counsel for plaintiffs, stating: ***"Finally, with regard to plaintiffs' noticed Rule 30(b)(6) deposition, served on April 19, 2006, rather than unilaterally suggest alternative dates, I would like to discuss with you mutually convenient dates later in the month, pursuant to CMO 10."*** (Lopez Decl., ¶ 4 and Ex. C at Ex. A thereto, p. 3 (emphasis added).) Yet on May 3, 2006, Amgen filed its motion for protective order – and not because the parties could not agree on mutually convenient dates for the deposition.[3] (Lopez Decl., ¶ 4.) Rather, Amgen took the position in its May 3, 2006 motion that, notwithstanding its prior

---

October 23, 2006 Order by Chief Magistrate Judge Bowler Re: Amgen Inc.'s Motion for Protective Order ("Lopez Decl.").

[2] Lopez Decl. Exs. B and C.

[3] Though plaintiffs refer to "deposition" in the singular, the number of depositions that plaintiffs ultimately would take pursuant to their April 19, 2006 notice will be a function of how many witnesses Amgen would designate pursuant to Fed. R. Civ. P. 30(b)(6) in response to plaintiffs' notice.

-2-

agreement to the 30(b)(6) deposition, it no longer wished to permit the deposition to go forward. (*Id.*)

The motion for protective order was also uncalled for because this was not a mere case of delay on the part of the plaintiffs in noting the deposition. (*Id.*, ¶ 5.) Rather, as explained in plaintiffs' opposition papers, Amgen did not produce a single document (as distinct from data) until ***November 1, 2005***. (*Id.*) On that date, Amgen began a slow-rolling production, with fits and starts of various sorts, that was not complete (at least Amgen now deems it complete) until ***September 28, 2006***,[4] some five to six weeks ago, with the production of ***383,676 pages*** of additional documents, for a total production of approximately ***one and three quarter million pages***. (*Id.*) Plaintiffs believe that in light of the timing and sheer size of Amgen's production, it is simply unreasonable for Amgen to take the position that plaintiffs should have noted all their 30(b)(6) depositions long ago. (*Id.*) Plaintiffs believe that without knowing what was in Amgen's production, where the gaps would be, and what the evidence would suggest, they could not be expected to know precisely what sort of 30(b)(6) testimony would be needed. (*Id.*)

As counsel for plaintiffs explained to counsel for Amgen in a call on November 6, 2006, plaintiffs still are not in a position to be able to say with certainty that the 30(b)(6) deposition requested by way of their April 19, 2006 deposition notice will absolutely be the last 30(b)(6) deposition they request. (*Id.*, ¶ 6.) And yet Amgen would like that sort of assurance before re-agreeing to permit plaintiffs to go forward with the 30(b)(6) deposition they already have noted. (*Id.*)

Nonetheless, as plaintiffs have assured Amgen, plaintiffs have no desire to take any more depositions than necessary, and even now they continue to review the production that Amgen has

---

[4] Additional, newly de-privileged documents have trickled in since that date.

made – including the 380,000-plus pages recently served (and right in the middle of preparations for the Track One trial presently in progress) – so that they can begin working with Amgen to note depositions (plaintiffs already have noted certain fact depositions, but the parties are holding those in abeyance pending plaintiffs' review of Amgen's document production), including any additional 30(b)(6) depositions that may suggest themselves.  (*Id.*, ¶ 7.)

What is more, as plaintiffs pointed out in their initial opposition papers, Amgen has identified, and can identify, no prejudice that would accrue to it if the parties went forward with the deposition that plaintiffs noted on April 19, 2006.  (*Id.*, ¶ 8.)

It is plaintiffs' hope, following their counsel's conference with Amgen's counsel on November 6, 2006, and the conference between counsel that preceded the October 23, 2006 hearing before Judge Bowler, that the parties in fact will be able to agree voluntarily on all depositions that plaintiffs will require.  (*Id.*, ¶ 9.)  But plaintiffs are filing their objections to Magistrate Judge Bowler's decision out of an abundance of caution, as part of their respectful request that the Court settle the instant matter by ordering that the 30(b)(6) deposition noted on April 19, 2006 can go forward.  (*Id.*)

## C.     OBJECTIONS AND ARGUMENT

Plaintiffs respectfully object to Judge Bowler's decision granting Amgen's motion for protective order because it apparently did not take into account the fact that Amgen had agreed to permit the 30(b)(6) deposition at issue, as shown in the letter from its counsel dated April 28, 2006. (Lopez Decl., Ex. C at Ex. A thereto, p. 3.)  Amgen should not be allowed to renege on its agreement for no good reason.

Next, while plaintiffs understand Judge Bowler's desire to keep the case moving and to hold the parties to the Court's orders regarding discovery,[5] plaintiffs respectfully object to Judge Bowler's order granting Amgen's motion because it does not take into account the exigencies caused by Amgen's behavior.  Amgen's production has gone well beyond what it deems to be hard-and-fast deadlines, and yet, while it did not observe those deadlines, it demands that plaintiffs now be denied the opportunity to take reasonable 30(b)(6) depositions even though its own behavior caused the parties to be in the position of working on discovery matters at this stage in the proceedings.  It appears that Judge Bowler's decision did not take Amgen's behavior adequately into account, and for that reason, it should be reversed.

In addition, plaintiffs respectfully object to Judge Bowler's decision because apparently it did not take into account the fact that Amgen has not shown, and cannot show, any prejudice that would accrue to it if plaintiffs went forward with the 30(b)(6) deposition they have noted.  Given Amgen's own extremely dilatory behavior in regard to its discovery obligations, and given the lack of prejudice, plaintiffs should be allowed to go forward with their 30(b)(6) deposition as noted.

**D.    CONCLUSION**

For all of the foregoing reasons, plaintiffs respectfully ask that the Court overrule Chief Magistrate Judge Bowler's order of October 23, 2006, granting Amgen's motion for protective order, such that the deposition noted by plaintiffs on April 19, 2006 can go forward.

---

[5] In this regard, there remains pending plaintiffs' request for a continuance of the discovery schedule.  Order Re: Plaintiffs' Motion for Clarification of Case Management Order #16; *see also* CMO No. 16.

DATED:  November 6, 2006.   By    /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

-6-

-7-

        Marc H. Edelson
        Allan Hoffman
        Edelson & Associates LLC
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        Shanin Specter
        Donald E. Haviland, Jr.
        Kline & Specter, P.C.
        1525 Locust Street, 19th Floor
        Philadelphia, PA  19102
        Facsimile:  (215) 772-1359
        Telephone:  (215) 772-1000

        **CO-LEAD COUNSEL FOR PLAINTIFFS**

-8-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

     I, Robert F. Lopez, hereby certify that I am one of plaintiffs' attorneys and that, on November 6, 2006, I caused copies of **PLAINTIFFS' OBJECTIONS TO THE OCTOBER 23, 2006 ORDER BY CHIEF MAGISTRATE BOWLER RE: AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE REGARDING SALES AND MARKETING** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                         **/s/ Robert F. Lopez**
                                         Robert F. Lopez

001534-16 108096 V1