UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) | MDL No. 1456 CIVIL ACTION:  01-CV-12257-PBS Judge Patti B. Saris |

**DECLARATION OF ROBERT F. LOPEZ IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO THE OCTOBER 23, 2006 ORDER BY CHIEF MAGISTRATE JUDGE BOWLER RE:  AMGEN INC.'S MOTION FOR PROTECTIVE ORDER**

I, Robert F. Lopez, duly declare as follows:

1. I am one of the lawyers for the plaintiffs in the above-captioned matter.  I submit this declaration in support of plaintiffs' objections to the order of Chief Magistrate Judge Bowler Re:  Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6) Deposition Notice Regarding Sales and Marketing.

2. On October 23, 2006, a hearing was held on Amgen Inc.'s ("Amgen") motion for a protective order relating to plaintiffs' rule 30(b)(6) deposition notice regarding sales and marketing.[1]

3. After the hearing, during which Amgen's counsel Joseph H. Young had advised Magistrate Judge Bowler that he and I had talked over the weekend prior to the hearing, and that we had discussed ways in which the parties might reach a voluntary resolution of Amgen's pending motion, Magistrate Judge Bowler granted Amgen's motion.  Though I was not present at

---

[1] A true and correct copy of plaintiffs' Rule 30(b)(6) deposition notice to Amgen Inc. regarding sales and marketing is attached hereto as Exhibit A.

- 1 -

the hearing, it is my understanding that at one point, Judge Bowler invited the parties to step into the hallway to see if they could resolve the matter between themselves.  Because plaintiffs were not yet in a position to guarantee Mr. Young and his client that they would seek no more 30(b)(6) depositions beyond that noted in the April 19, 2006 notice here at issue – a guaranty that Mr. Young and his client had previously sought from the plaintiffs – there was no way to resolve the matter by agreement at the October 23, 2006 hearing.

4.     As explained in plaintiffs' original responding papers,[2] including my declaration and its exhibits,[3] Amgen's motion for protective order was as strange as it was (and is) uncalled for.  It is strange because, on April 28, 2006, Mr. Young wrote to me on behalf of his client, stating:  ***"Finally, with regard to plaintiffs' noticed Rule 30(b)(6) deposition, served on April 19, 2006, rather than unilaterally suggest alternative dates, I would like to discuss with you mutually convenient dates later in the month, pursuant to CMO 10."***  (Ex. C at Ex. A thereto, p. 3 (emphasis added).)  Yet on May 3, 2006, Amgen filed its motion for protective order – and not because the parties could not agree on mutually convenient dates for the deposition.[4]  Rather, Amgen took the position in its May 3, 2006 motion that, notwithstanding its prior agreement to the 30(b)(6) deposition, it no longer wished to permit the deposition to go forward.

5.     The motion for protective order was also uncalled for because this was not a mere case of delay on the part of the plaintiffs in noting the deposition.  Rather, as explained in plaintiffs' opposition papers, ***Amgen did not produce a single document (as distinct from data)***

---

[2] A true and correct copy of Plaintiffs' Memorandum in Opposition to Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6) Deposition Notice Regarding Sales and Marketing is attached hereto as Exhibit B.

[3] A true and correct copy of the Declaration of Robert F. Lopez in Opposition to Amgen Inc.'s Motion for Protective Order, together with its exhibits, is attached hereto as Exhibit C.

[4] Though I refer to "deposition" in the singular, the number of depositions that plaintiffs ultimately would take pursuant to their April 19, 2006 notice will be a function of how many witnesses Amgen would designate pursuant to Fed. R. Civ. P. 30(b)(6) in response to plaintiffs' notice.

*until November 1, 2005*.  On that date, Amgen began a slow-rolling production, with fits and starts of various sorts, that was not complete (at least Amgen deems it complete) until *September 28, 2006*,[5] some five to six weeks ago, with the production of *383,676 pages* of additional documents, for a total production of approximately *one and three quarter million pages*.  In light of the timing and sheer size of Amgen's production, it is simply unreasonable for Amgen to take the position that plaintiffs should have noted all their 30(b)(6) depositions long ago.  Without knowing what was in Amgen's production and where the gaps would be and what the evidence would suggest, plaintiffs could not be expected to know precisely what sort of 30(b)(6) testimony would be needed.

6. Indeed, as I explained to Mr. Young when I called him to confer today, plaintiffs are still not in a position to be able to say with certainty that the 30(b)(6) deposition requested by way of their April 19, 2006 deposition notice will absolutely be the last 30(b)(6) deposition they request.  And yet Mr. Young and his client would like that sort of assurance before re-agreeing to permit plaintiffs to go forward with the 30(b)(6) deposition they already have noted.

7. Nonetheless, as I have assured Mr. Young, plaintiffs have no desire to take any more depositions than necessary, and even now they continue to review the production that Amgen has made – including the 380,000-plus pages recently served (and right in the middle of preparations for the Track One trial presently in progress) – so that they can begin working with Mr. Young and his client to note depositions (plaintiffs already have noted certain fact depositions, but the parties are holding those in abeyance pending plaintiffs' review of Amgen's document production), including any additional 30(b)(6) depositions that may suggest themselves.

---

[5] Additional, newly de-privileged documents have trickled in since that date.

8. What is more, as plaintiffs pointed out in their initial opposition papers, Amgen has identified, and can identify, no prejudice that would accrue to it if the parties went forward with the deposition that plaintiffs noted on April 19, 2006.

9. It is plaintiffs' hope, following my conversation with Mr. Young today, and following my conversation with Mr. Young that preceded the October 23, 2006 hearing before Judge Bowler, that the parties in fact will be able to agree voluntarily on all depositions that plaintiffs will require, but plaintiffs are filing their objections to Magistrate Judge Bowler's decision out of an abundance of caution, as part of their respectful request that the Court settle the instant matter by ordering that the 30(b)(6) deposition noted on April 19, 2006 can go forward.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of November, 2006.

                   **/s/ Robert F. Lopez**
                   Robert F. Lopez

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert F. Lopez, an attorney, caused a true and correct copy of the foregoing **DECLARATION OF ROBERT F. LOPEZ IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO THE OCTOBER 23, 2006 ORDER BY CHIEF MAGISTRATE JUDGE BOWLER RE: AMGEN INC.'S MOTION FOR PROTECTIVE ORDER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 6, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By  **/s/ Robert F. Lopez**
Robert F. Lopez
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

# EXHIBIT A