# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE REGARDING SALES AND MARKETING**

Plaintiffs file this memorandum in opposition to Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6) Deposition Regarding Sales and Marketing ("Amgen's Motion for Protective Order"). For the following reasons, Amgen Inc.'s ("Amgen") motion should be denied.

**A.   Facts**

On May 3, 2006, without conferring with attorneys for plaintiffs beforehand, Amgen filed a motion for protective order with regard to a 30(b)(6) deposition notice that plaintiffs served under the "All Class Actions" caption on April 19, 2006. By way of the 30(b)(6) notice that Amgen seeks to ignore, plaintiffs asked Amgen to produce a witness or witnesses who could testify as to Amgen's organization of sales and marketing teams, the way its marketing plans are created and implemented, and the manner in which sales directives, policies, and other sales-related information are created and implemented. (Amgen's Motion for Protective Order Ex. 1 (Plaintiffs' Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing

001534-16 108096 v1

("deposition notice")).) As a placeholder until specific arrangements could be reached with Amgen, plaintiffs gave a date and time for the deposition(s) of May 10, 2006 at 9:30 a.m. (Declaration of Robert F. Lopez in Opposition to Amgen Inc.'s Motion for Protective Order ("Lopez Decl."), ¶ 2.)

Following service of plaintiffs' deposition notice on Amgen, counsel for plaintiffs asked counsel for Amgen to suggest possible dates for the 30(b)(6) deposition(s). On April 28, 2006, counsel for Amgen responded by way of a letter discussing outstanding discovery issues, stating: "Finally, with regard to plaintiffs' noticed Rule 30(b)(6) deposition, served on April 19, 2006, rather than unilaterally suggest alternative dates, I would like to discuss with you mutually convenient dates later in the month, pursuant to CMO 10." (Lopez Decl. Ex. A at p. 3.)

Counsel for Amgen has certified in connection with Amgen's motion for protective order that he "attempted to confer with counsel for plaintiffs in a good faith effort to resolve or narrow the areas of disagreement set forth in [Amgen's] motion but was unable to reach counsel prior to the filing deadline." (Amgen's Motion for Protective Order at p. 4.) That statement is notable for at least two reasons. First, until Amgen electronically served its Motion for Protective Order on May 3, 2006, plaintiffs were unaware that there were "areas of disagreement" with respect to their 30(b)(6) notice that needed "resolv[ing] or narrow[ing]." (Lopez Decl., ¶ 3.) Second, while it is true that counsel for Amgen tried calling counsel for plaintiffs mid-afternoon on May 3, 2006, apparently the motion was a foregone conclusion.

Caller ID indicates that Amgen's lawyer attempted unsuccessfully after 3:00 p.m. Pacific time on May 3, 2006 to reach the lawyer who signed plaintiffs' 30(b)(6) notice. Amgen's lawyer tried unsuccessfully to reach plaintiffs' lawyer more times between his first call and 4:00 p.m. on May 3, 2006, but it was not until his last attempt that day, at 4:00 p.m., that Amgen's counsel left

a message. That message simply indicated that Amgen's counsel needed to speak with plaintiffs' counsel that day, and it left a cell phone number at which Amgen's counsel could be reached. After plaintiffs' counsel retrieved Amgen's counsel's message, he attempted at 4:13 p.m. to reach Amgen's counsel at Amgen's counsel cell phone number. No one picked up, so he left a message. When Amgen's counsel had not called by 5:52 p.m. Pacific time on May 3, 2006, plaintiffs' counsel sent an e-mail message to Amgen's counsel, hoping to reach him on his mobile e-mail device. As plaintiffs' counsel indicated in his e-mail, he was reluctant to call Amgen's counsel at nearly 9:00 p.m. Pacific time, not wanting to disturb Amgen's counsel's time with his family. (Lopez Decl. Ex. B (e-mail string between counsel for plaintiffs and counsel for Amgen).) Amgen's counsel did not respond that evening.

Meanwhile, at 7:24 p.m. Eastern time, *i.e.*, 4:24 p.m. Pacific time, counsel for Amgen electronically filed and served Amgen's Motion for Protective Order. (Lopez Decl. Ex. C (notice of filing and service).) The Lexis/Nexis system transmitted the motion to plaintiffs at 4:26 p.m. (*Id.*) So it would appear that Amgen's attempts to reach plaintiffs' counsel for a substantive meet-and-confer were mere pretense.

Plaintiffs are forced to file this response memorandum because plaintiffs are unsure whether Amgen intends formally to withdraw its motion or to ask the Court to hold Amgen's motion in abeyance pending discussions between the parties on the objections that Amgen apparently came to espouse following its counsel's April 28, 2006 letter to plaintiffs. (Lopez Decl., ¶ 4.) Plaintiffs' uncertainty as to the need for this response was heightened when they received an e-mail from Amgen's counsel on May 4, 2006, indicating a willingness to discuss the matter of plaintiffs' 30(b)(6) deposition notice along with other discovery issues that remain

to be resolved. (Lopez Ex. B.) But out of an abundance of caution, in light of Amgen's contradictory actions, plaintiffs file this memorandum.

**B.    Argument**

According to Amgen, the Court should permit it to avoid plaintiffs' 30(b)(6) request because plaintiffs served it after the discovery cutoff. Amgen argues that "[t]he areas of inquiry set out in the April 19 notice are in no way dependent upon plaintiffs' ongoing review of Amgen's documents," and that instead, "the areas included in the notice are broad and general, and could just as easily have been noticed and pursued at any time prior to the close of discovery." (Amgen's Motion for Protective Order at p. 2.) Amgen is wrong.

Amgen's bland reference to "plaintiffs' ongoing review of Amgen's documents" does not begin to suggest the context surrounding plaintiffs' service on April 19, 2006 of the 30(b)(6) notice in question. As plaintiffs have advised the Court, Amgen did not produce a single document (as distinct from data) until *November 1, 2006*. On that date, only a short time before the discovery cutoff, Amgen began a slow-rolling production that it would proclaim to be "substantially complete" on January 30, 2006 with the production of less than 44,000 pages of documents. (Lopez Decl., ¶ 5.) (The unreal notion that Amgen's production was anywhere near "substantially complete" at the end of January 2006 is belied by recent events, wherein Amgen has produced almost a half-million more pages of salesperson documents, with the promise that hundreds of thousands of additional pages of salesperson documents are on the way—and these are only one category of documents: salesperson documents. (Lopez Decl., ¶ 6.))

In fact, due to Amgen's dragging of its feet and its transparent strategy to run out the clock on discovery, discovery as to Amgen is, unfortunately, ongoing. Amgen's continued resistance to production in response to various categories in plaintiffs' Omnibus Requests for

Case 1:01-cv-12257-PBS   Document 2527   Filed 05/08/2006   Page 5 of 8

Production, coupled with plaintiffs' review of Amgen's documents to-date, suggested the need for discovery as to Amgen's sales and marketing practices relative to its drugs here at issue. (Lopez Decl., ¶ 7.) By April 19, 2006, it had become apparent that plaintiffs needed the discovery sought by way of their 30(b)(6) notice, and Amgen, with its indications that it would cooperate, did not before filing its Motion for Protective Order disagree that it was right under the circumstances that plaintiffs should go forward. To the contrary, on April 28, 2006, Amgen indicated its willingness and plans to discuss scheduling of the deposition(s), and this was a scant few days before it filed its instant motion.

Moreover, Amgen has identified no undue burden in producing the requested witness or witnesses, nor has it indicated a belief that plaintiffs' deposition notice is overbroad or far afield in some way. Rather, this is simply more of the same from Amgen: it simply does not want to comply with reasonable discovery requests in this case. The Court, however, should not countenance Amgen's behavior in this regard.

**C.   Conclusion**

For all of the foregoing reasons, Amgen's Motion for Protective Order should be denied.

DATED: May 8, 2006.    By___/s/ **Steve W. Berman**___
                       Thomas M. Sobol (BBO#471770)
                       Edward Notargiacomo (BBO#567636)
                       Hagens Berman Sobol Shapiro LLP
                       One Main Street, 4th Floor
                       Cambridge, MA 02142
                       Telephone: (617) 482-3700
                       Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Facsimile: (215) 772-1359
Telephone: (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 8, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE REGARDING SALES AND MARKETING** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      /s/ Steve W. Berman
      Steve W. Berman