UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | 
| | MDL No. 1456 |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | |

**TRIAL OF CLASS 2 AND 3 CLAIMS**

**MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S QUESTION REGARDING THE TRANSACTION REQUIREMENT IN § 11 OF CH. 93A**

At this morning's trial proceedings, the Court inquired about the "transaction" requirement under § 11 of Chapter 93A. In response to the Court's inquiry, Track 1 Defendants submit this brief memorandum discussing the authorities with respect to this issue.[1]

**I.   Ch. 93A § 11 Requires that the Alleged Deceptive or Unfair Act Must Have Occurred During A Transaction Between Plaintiffs and Defendants**

Chapter 93A has been construed in the § 11 context as requiring more than conduct that a party can loosely describe as "unfair" or "deceptive." See, e.g., Swenson v. Yellow Transp. Co., 317 F. Supp. 2d 51, 57 (D. Mass. 2004). As discussed below, one way in which courts have consistently limited the scope of § 11 is through the enforcement of the requirement that the alleged deceptive or unfair acts must occur during a transaction with a defendant. See Szalla v. Locke, 421 Mass. 448, 452 (Mass. 1995).

---

[1] Some of the authorities discussed herein are cited in the summary judgment papers on file with the Court, as well as in Defendants' proposed findings of fact and conclusions of law. Nonetheless, Defendants thought it would be useful to discuss in more detail in one place the authorities on this issue, in view of the Court's questions this morning.

In 1991, plaintiffs in Cash Energy, Inc. v. Weiner pressed "a bold and novel claim" that § 11 does not require a transaction between the parties. Cash Energy, 768 F. Supp. 892, 893 (1991). The Cash Energy Court noted that although this question had not yet been addressed by the Massachusetts state courts, the entire line of § 11 cases to that point "take as an assumed premise that there was some transaction" from which the alleged loss arose. Id. at 894 (citing Nei v. Burley, 388 Mass. 307, 446 N.E.2d 674, 680 (1983) and Begelfer v. Najarian, 381 Mass. 177, 409 N.E.2d 167, 176 (1980)). In addition, the Court noted that "the statutory phrase 'unfair or deceptive act' suggests a relationship as parties to a transaction." Id. at 894. Finally, the Cash Energy Court evaluated the history and development of § 11 and noted that "the assumed premise that . . . section 11 applies only between parties having some transactional business relationship is consistent with the development of Chapter 93A . . . . The common thread is protection against unfair acts and practices in transactions." Id.

Following Cash Energy, Massachusetts state and federal courts have repeatedly held that the alleged deceptive or unfair conduct must have occurred during a transaction between the parties for liability to attach under § 11.[2]

---

[2] See, e.g., States Resources Corp. v. The Architectural Team, Inc., 433 F.3d 73, 84 (1st Cir. 2005) (noting that § 11 does not apply unless the claim arose during a commercial transaction between the parties); McAdams v. Massachusetts Mutual Life Ins. Co., 391 F.3d 287, 303 (1st Cir. 2004) ("A dispute must involve a commercial transaction to fall into the reach of the statute.") (internal quotation omitted); Swenson v. Yellow Transp., Inc., 317 F. Supp. 2d 51, 56 (D. Mass. 2004) (finding that plaintiff's 93A claim fails because "the conduct complained of was not undertaken in a business context or as part of a business transaction between [defendant] and the plaintiffs."); L.B. Corp. v. Schweitzer-Mauduit International, Inc., 121 F. Supp. 2d 147, 152 (D. Mass. 2000) (rejecting plaintiffs 93A claim because the offensive conduct did not occur during a business transaction between the parties); Cash Energy, Inc. v. Weiner, 768 F. Supp. 892, 893-94 (D. Mass. 1991) (dismissing plaintiff's claims because the allegedly deceptive or unfair conduct did not occur in the context of a business transaction between the parties.); Szalla v. Locke, 421 Mass. 448, 452 (Mass. 1995) ("There has been no commercial transaction on these facts in the sense required by c. 93A.. . . . There was never an exchange of goods or services

(…continued)

The business transaction requirement—referred to as the "common thread" of § 11 cases—is necessary for important public policy reasons: § 11 is "intended to protect against unfair and deceptive practices in trade, not unfair practices in general." L.B. Corp., 121 F. Supp. 2d at 152; see also Swenson v. Yellow Transp., Inc., 317 F. Supp. 2d 51, 57 (D. Mass. 2004). The mere fact that a business entity engages in deceptive or unfair conduct that results in a negative impact on another business entity is not enough to bring the conduct within the auspices of 93A. In fact, courts have recognized that any attempt to extend liability to situations in which the allegedly deceptive or unfair conduct did not occur during a transaction between the parties "tests the limits of common sense," Cash Energy, 768 F. Supp. at 894, and "would run the danger of converting any tort claim against a business into a Chapter 93A claim, because all torts encompass 'acts or practices' that could arguably be considered 'unfair.'" L.B. Corp., 121 F. Supp. 2d at 152.

Furthermore, the fact that the parties have engaged in commercial transactions *outside* of the specific transaction involving allegedly unfair or deceptive conduct is not sufficient under § 11. See L.B. Corp., 121 F. Supp. 2d 147. For instance, in L.B. Corp. v. Schweitzer-Mauduit International Inc., plaintiff brought a 93A § 11 claim alleging that defendant's act of improperly pumping water from a well was an unfair or deceptive act that caused plaintiff's land to subside.

---

(continued…)

between the parties, either actual or contemplated."); Nei v. Boston Survey Consultants, Inc., 446 N.E.2d 681, 684 (Mass. 1983) (finding that buyer did not have cause of action against surveyor, hired by seller, even though surveyor's report, though containing accurate test results, did not explain the significance of the test results); Mitzvan v. Medview Servs., Inc., No. 98-01211, 1999 Mass. Super. LEXIS 279 at *26 (Mass. Super. Ct. June 16, 1999) ("Thus, numerous courts have held that there must be some transactional relationship between the parties in order to sustain a claim under Chapter 93A."); cf., Reisman v. KPMG Peat Marwick LLP, 965 F. Supp. 165, 175 (D. Mass. 1997) (holding that § 9 does not require privity between the parties).

Plaintiff argued that § 11 did not require a transaction between the parties and that, if it did, the fact that the parties had engaged in transactions in the past satisfied the requirement.  The Federal District Court of Massachusetts rejected the plaintiff's argument and held that the alleged unfair or deceptive act at issue must have occurred during a transaction between the parties.  Id. (granting summary judgment for defendant and noting that "[p]laintiff is complaining of excessive pumping from a well, not of unfair acts or practices in a commercial context.").

Respectfully submitted,

THE FOLLOWING TRACK 1 DEFENDANTS

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

Attorneys for the Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.

        William F. Cavanaugh, Jr.
        Andrew D. Schau
        Erik Haas
        Patterson, Belknap, Webb & Tyler LLP
        1133 Avenue of the Americas
        New York, NY 10036-6710

        Attorneys for the Johnson & Johnson Defendants

        John T. Montgomery (BBO #352220)
        Steven A. Kaufman (BBO #262230)
        Eric P. Christofferson (BBO #654087)
        Ropes & Gray LLP
        One International Place
        Boston, MA 02110

        Attorneys for Schering-Plough Corp. and
        Warrick Pharmaceuticals Corp.

Dated: November 6, 2006

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on November 6, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                         By: /s/ Katherine B. Schmeckpeper
                                Katherine B. Schmeckpeper