UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 ) ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) ) Judge Patti B. Saris ) ) ) ) |

**TRACK 1 DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES CONCERNING GOVERNMENT WITNESS TESTIMONY**

The Track 1 Defendants submit this short memorandum to notify the Court of the baseless impediments now being offered by the Government in an effort to preclude the appearance of Mr. Stanley Weintraub ("Weintraub") and Mr. Christopher Jennings ("Jennings"). Mr. Weintraub served as Branch Chief and later a Senior Policy Advisor at the Health Care Financing Administration ("HCFA") (now the Centers for Medicare and Medicaid Services ("CMS")) from 1984 to 1998 and is being called to testify regarding various factual matters surrounding HCFA's 1991 decision to implement an AWP-based reimbursement system. Mr. Jennings served as Senior Health Policy Advisor to the President from 1994 to 2001, first serving as Special Assistant to the President for Health Policy in 1994, and in 1997, as Deputy Assistant to the President for Health Policy Development in the White House Domestic Policy Council.

The Track 1 Defendants learned late last week that, rather than appearing before this Court to pursue their blanket objection to the testimony of these two witnesses and the application of the claimed "deliberative process" privilege, the Government contacted each witness directly, telling them that there was no subject on which they should testify. In a letter to

Mr. Weintraub, the Government indicated that the deliberative process privilege precludes him from testifying at all concerning Part B drug reimbursements.  (S*ee* 11/8/2006 CMS letter, attached hereto as Ex. A. ("Thus the agency asserts that there is no purely factual information concerning Part B drug reimbursement on which Mr. Weintraub may testify.").)  As for Mr. Jennings, the Executive Office of the President, Office of Administration, has informed Defendants that its *Touhy* regulation, 5 C.F.R. § 2502.30, fails to apply to Jennings.  (*See* 10/25/2006 Office of Administration letter, attached hereto as Ex. B).  The government has, however, subsequently indicated that it is hesitant to allow his testimony.[1]

Not only is direct contact with this witnesses for the purpose of impeding their appearance worrisome, the asserted basis for the contact –*i.e.*, the deliberative process privilege – is not nearly as sweeping or preclusive as the Government asserts.  Indeed, as is discussed below, it has little application at all in this circumstance.  To the extent its invocation is even permissible, it is for this Court to make such a determination on a question-by-question basis, not for the Government to invoke the privilege in an *in terrorem* manner to prevent the witnesses' appearance altogether.

## ARGUMENT

The Government's reliance on the deliberative process privilege is misplaced.  The limited privilege cannot be invoked to prevent a witness from appearing in the first instance.  Moreover, because the privilege (1) only applies to pre-decisional, deliberative, intra-

---

[1] The Government has raised concerns that CMS's *Touhy* regulation applies to Jennings's short tenure at HCFA from 1993 until 1994, while he was concurrently working with the First Lady on Health Care reform.  (*see* Opp'n of United States to Track One Defendants' Emergency Motion to Declare the Touhy Regulation Inapplicable and for Leave to Take Trial Depositions of Certain Government Employees, Oct. 31, 2006).  As previously stated, however, Defendants maintain that the *Touhy* regulations do not apply because the Government is a party to this litigation.

governmental communications; (2) is not absolute; and (3) can be waived, it does not present an obstacle to the proposed testimony here.

The Government contends that the deliberative process privilege disqualifies Mr. Weintraub as a witness because it completely precludes him from testifying about any matter concerning Part B drug reimbursement. This claim grossly overstates the scope of the deliberative process privilege and cannot serve as basis for preventing Mr. Weintraub's appearance.

As an initial matter, the Government's concern that the proposed testimony may implicate privileged matters is not a ground for forbidding Mr. Weintraub or Mr. Jennings from appearing for questioning altogether. At most, it may limit the scope of the questioning *once he appears*. *See, e.g.*, *United States v. Cunningham*, 672 F.2d 1064, 1073 n.8 (2d Cir. 1982) (finding that potential attorney-client privilege claim did not preclude witness from providing testimony regarding factual matters); *cf. Better Gov't Bureau v. McGraw (In re Allen)*, 106 F.3d 582, 603 (4th Cir. 1997) (finding that possible privilege claim only limited scope of discovery and did not preclude interviews and depositions to obtain facts). At that point, it is up to the Court to determine, on a question-by-question basis, whether the testimony implicates the asserted privilege. *See Cunningham*, 672 F.2d at 1073 & n.8; *see also In re Grand Jury Subpoena*, 826 F.2d 1166, 1168 (2d Cir. 1987).

Not only does the privilege not preclude Mr. Weintraub or Mr. Jennings from appearing, it also does not limit the scope of any testimony to the extent the Government contends. The deliberative process privilege only protects against disclosure of confidential, intra-governmental exchanges that are both (1) pre-decisional and (2) deliberative. *See Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995); *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir.

1987).[2] In other words, it only covers communications "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001). It does not protect underlying factual material, outside communications, or statements explaining or justifying a decision that has already been made. *See Texaco P.R.*, 60 F.3d at 885; *see also In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). When determining whether testimony is covered, courts are called to construe the bounds of the deliberative process privilege "as narrowly as is 'consistent with efficient Government operation.'" *Providence Journal Co. v. U.S. Dep't of the Army*, 981 F.2d 552, 557 (1st Cir. 1992) (quoting *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 89 (1972)); *see also Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 853-54 (3d Cir. 1995).

Even if the testimony satisfies the two-part test, the deliberative process privilege is not absolute. *See Texaco P.R.*, 60 F.3d at 885. Courts have broad discretion to decline to enforce a valid deliberative process claim if the need for the evidence outweighs the justifications underlying the privilege.[3] *See id.; see also Redland Soccer Club*, 55 F.3d at 853. In addition, the Government may waive its claim that certain testimony is protected if the agency has voluntarily disclosed the subject information of the otherwise privileged testimony to outside parties. *See*

---

[2] The limited scope of the deliberative process privilege ensures that it is only invoked to further the privilege's underlying purpose of improving government decision-making by encouraging agency employees to openly debate alternative policy approaches without fear of public scrutiny. *See Providence Journal Co. v. U.S. Dep't of the Army*, 981 F.2d at 552, 557 (1st Cir. 1992).

[3] There is no precise formula for balancing these concerns. Instead, courts are called to engage in an "ad hoc" analysis and consider factors such as (1) the relevance of the evidence; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the unique interests of the litigants; (5) the accuracy and integrity of fact-finding; (6) the government's role in the litigation; (7) the possibility of future timidity by government employees; and (8) the public's interest in an effective government. *See In re Sealed Case*, 121 F.3d at 738; *Texaco P.R.*, 60 F.3d at 85; *Redland Soccer Club*, 55 F.3d at 854.

*Fla. House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 946 (11th Cir. 1992); *see also In re Sealed Case*, 121 F.3d at 741; *Texaco P.R.*, 60 F.3d at 885 n.8.

Here, the Government itself put at issue the deliberative process surrounding HCFA's 1991 decision to use AWPs as a reimbursement benchmark.  In its recent *amicus* brief, the Government asserted that the final rule reflected "the Secretary's intention to limit Part B drug payments to an amount related to supplier acquisition costs" and "the Secretary's continued belief, as of 1991, that [the] Red Book . . . represented a comprehensive source and indicia of market prices."  Amicus Curiae United States Br. 13, 15.  Having put the decision-making process at issue, the Government has waived its right to invoke the deliberative process privilege to protect against the disclosure of competing facts.  At a minimum, the Government's claims should be considered if the Court is called to balance the need for the testimony against the justifications for the privilege.  *See Texaco. P.R.*, 60 F.3d at 885 (suggesting that the privilege may be disregarded if the testimony sheds light on relevant government conduct); *Redbook Soccer Club*, 55 F.3d at 854 (noting that courts should consider 'the role of the government in the litigation").  Moreover, the fact that CMS has already produced thousands of pages of documents in discovery relating to some of the very same subjects strongly suggests that the privilege should not apply here.

## **CONCLUSION**

For the foregoing reasons, the Government should not be allowed to prevent Mr. Weintraub or Mr. Jennings from testifying.

Respectfully submitted,

THE TRACK 1 DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BB)#352220)
Steven A. Kaufman (BB)#262230)
Eric P. Christofferson (BB)#654087
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  November 13, 2006

*Attorneys for Schering-Plough Corporation
and Warrick Pharmaceuticals Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson_____
Eric P. Christofferson