## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | |

### PLAINTIFFS' OPPOSITION TO ABBOTT LABORATORIES' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS

Despite the fact that Track 2 discovery has *not* yet ended, and in spite of the lengthy record before the Court documenting Abbott's deficient document production, Abbott now moves the Court to quash the narrowly tailored subpoenas Plaintiffs timely issued to third parties seeking relevant documents and to enter a protective order to prevent their enforcement. While there are numerous reasons why the Court should deny Abbott's Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas ("Motion for Protective Order" or "Motion"), the primary reason is Abbott's incorrect assumption that Track 2 Defendants' discovery has closed when it has not. Moreover, Abbott ignores that Plaintiffs were forced to subpoena these entities primarily because of the severe problems plaguing its own document production. Accordingly, for the reasons set forth in detail below, Abbott's Motion should be denied.

### ARGUMENT

This Court should deny Abbott's Motion for Protective Order for three primary reasons: (1) Track 2 Defendants' discovery has not yet closed; (2) Abbott has no standing to seek the relief requested in its Motion; and (3) Abbott has not shown good cause or undue burden or expense.

**I.     ABBOTT'S MOTION SHOULD BE DENIED BECAUSE TRACK II DISCOVERY HAS NOT CLOSED AND ABBOTT HAS NO STANDING**

Abbott first claims that Plaintiffs' subpoenas are untimely because Track II discovery deadlines that have never been re-set by the Court have somehow "expired." Abbott is wrong.

**A.     Track II Discovery Has Not Closed**

On December 9, 2005, Plaintiffs and Defendants each submitted respective Track II Discovery Schedules their own proposed schedules. (Docket Nos. 1950-1 and 1955). However, since that time, the Court not adopted either of the parties' proposed schedules, has not set a new discovery deadline, a dispositive motion cutoff date, nor a trial date for the Track Two Defendants. Unlike every other major deadline entered by the Court in this action, there has been no Case Management Order or an Order of any kind entered by the Court setting the revised date upon which Track II discovery will close, which only means that discovery is still ongoing.[1]

**B.     Abbott Has Not Demonstrated That It has Standing To Seek or Obtain the Entry of a Protective Order or Order Quashing the Subpoenas**

Under the Rules of Civil Procedure, Abbott must establish that it has standing to seek a protective order or to quash the subpoenas. *See In re Stone & Webster, Inc. Secs. Litig.,* 00-10874-RWZ, No. 2006 U.S. Dist. LEXIS 71288, at *9 (D. Mass. Sept. 29, 2006)(without a claim of privilege a party typically does not have standing to move to quash a third-party subpoena under Rule 45); *Tummino v. Eschenbach*, No. 05-366, 2006 U.S. Dist. LEXIS 81286, 12-13 (E.

---

[1] Abbott's argument that Plaintiffs did not contradict Mr. Dodds' statement about Track 2 discovery being closed at the September 23, 2006 Track 2 Class Certification argument is absurd. Mr. Dodds' statement was made during the class certification hearing during which raising a dispute about the status of discovery would have been inappropriate. Moreover, Abbott's argument is explicitly contradicted by Plaintiffs' Status Report for the August 3 Conference and Proposal Regarding the Track 1 Trial, which states in pertinent part: "Furthermore, there are numerous motions to compel pending in Track 2, and the Court will have to evaluate and establish a schedule governing the close of Track 2 discovery and follow-on motions for summary judgment here." (Dkt. No. 2946, at 8).

D.N.Y. Nov. 6, 2006) (A party moving for a protective order under Rule 26(c) "must be seeking to protect its own interests in precluding the discovery, not the interests of the third party."). Because Abbott has failed to identify any interest of its own that it seeks to protect (other than the purported existence of a Track 2 discovery deadline), it lacks standing to obtain an order on its Motion.

Similarly, a motion to quash under Rule 45 can *only* be brought by the party from whom documents are sought and only for those enumerated reasons set forth within the Rule: insufficient time to respond; excessive travel required; disclosure of privileged or protected matter; or undue burden. *See Comm-Tract Corp. v. Northern Telecom*, 168 F.R.D. 4, 7 (D. Mass. 1996) (discussing Rule 45's limited grounds upon which a subpoena can be quashed or modified:); *New Park Entertainment v. Electric Factory Concerts, Inc.*, No. 98-775, 2000 U.S. Dist. LEXIS 531, *12 (E.D. Pa. Jan. 13, 2000).   The sole exception is when the moving party can show that they are asserting a personal right or privilege with respect to the materials subpoenaed. *In re: Stone & Webster, Inc. Securities Ltg.*, No. 00-1-874-RWZ, 2006 U.S. Dist. LEXIS 71288, at *9 (D. Mass. Sept. 29, 2006) (denying motion for protective order because information sought was relevant to litigation); *Maxwell v. Health Center of Lake City*, No. 3:05-cv-1056, 2006 U.S. Dist. LEXIS 36774, at *4 (M.D. Fla. June 6, 2006).   Abbott has not identified such a right.

## II.   ABBOTT LIKEWISE HAS NOT SHOWN GOOD CAUSE OR UNDUE BURDEN OR EXPENSE IN SUPPORT OF ITS MOTION

Even if Abbott had standing – which it does not – Rule 26 requires a party seeking a protective order to demonstrate good cause, specifically "annoyance, embarrassment, oppression, or undue burden or expense…." *Rodriguez v. Boehringer Ingelheim Pharm., Inc.*, 425 F.3d 67, 73 (1st Cir. 2005).  This requires "'an individualized balancing of the many interests that may be

present in a particular case.'" *Id.* (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999)). Abbott bears the burden of showing that good cause exists for a protective order based on specific factual findings; conclusory statements will not suffice. *In re Stone & Webster, Inc. Secs. Litig.*, 2006 U.S. Dist. LEXIS 71288 at * 9 (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)).

Abbott has failed to establish good cause to quash Plaintiffs' subpoenas. First, at no point were Plaintiffs "sitting idly by as the clock ... ticked down to zero." (Motion for Protective Order at 5). In reality, Plaintiffs have been forced to seek assistance from the Court on *three* separate occasions regarding Abbott's inadequate document production.[2] Plaintiffs have been prodding, urging, and negotiating with Abbott since the Spring of 2005 to obtain that which they are entitled: a thorough and complete document production. *See generally* Plaintiffs' Motion to Compel and For Assessment of Discovery-Related Costs Against Defendant Abbott Laboratories, filed on June 2, 2006. [Docket Nos. 2630 and 2632]. Abbott's ongoing delays and document deficiencies are the primary reason Plaintiffs have been forced to issue these subpoenas. Moreover, as outlined above, even if these requests are "delayed" or "duplicative," these are not grounds upon which Abbott has standing to object.

---

[2] First, on May 3, 2004, after weeks of negotiations, plaintiffs filed a Motion to Compel the Production of Documents Created During the Relevant Time Period from Defendants Abbott Laboratories, AstraZeneca, Schering Plough, Sicor and Together Rx Defendants. [Docket Nos. 826 and 827]. This motion against Abbott was withdrawn by plaintiffs on May 28, 2004 due to their willingness to produce the documents at issue. Once again, at a time when the then-existing discovery deadlines for Track II defendants were approaching, plaintiffs filed a Motion for Order Exempting Defendant Abbott Laboratories from Any Order Refusing to Extend Deadline for Track Two Discovery on November 9, 2005. [Docket No. 1875]. Hearing of this motion was suspended due to negotiations between plaintiffs' and Abbott's counsel regarding a mutually-agreeable discovery schedule. Most recently, Plaintiffs filed a Motion to Compel and for Assessment of Discovery Related Costs on June 2, 2006. [Docket Nos. 2630 and 2632]. At the hearing on October 24, 2006, Magistrate Bowler denied the motion without prejudice, to refile within 45 days if Abbott still has not complied with its obligations. *See* Electronic Order dated November 1, 2006.

Second, even if the document requests are duplicative of those propounded on Abbott, this does not imply that the documents Plaintiffs will receive in response to the subpoenas will necessarily be duplicative of those already produced by Abbott.  By means of example, Plaintiffs subpoenaed Redbook, a drug pricing publication service, and received various communications between Redbook and Abbott.  Abbott should have – in theory – likewise produced its side of the exchange.  However, Plaintiffs identified several communications that Redbook produced but that Abbott had not.  Therefore, but for Plaintiffs' subpoena to Redbook, Plaintiffs would not now have certain highly relevant communications between Redbook and Abbott.  Similarly, Plaintiffs have a small number of documents relating to most of the eleven subpoenaed entities;[3] however, even given Plaintiffs' preliminary negotiations with some of these third parties, these do not reflect the entire universe of relevant documents.  Therefore, the third party subpoenas will help ensure that *all* relevant documents and communications have been produced, a benefit that clearly outweighs any minimal burden these productions will have on Abbott.

Third, Abbott's conclusory suggestion that it will incur some sort of burden because it will have to "monitor" the third party documents does not meet its burden of showing, with factual specificity, how this constitutes good cause.  *In re Stone & Webster, Inc. Secs. Litig.*, 2006 U.S. Dist. LEXIS 71288 at * 9 (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)).  In a case where Abbott has admittedly already produced "over a quarter of a million pages of [largely unresponsive] discovery to Plaintiffs," the burden of reviewing a few more documents cannot outweigh Plaintiffs' interests of receiving the full document production to which Plaintiffs are entitled.

---

[3] Abbott has produced varying amounts of documents relating to each of these third parties.  For instance, Plaintiffs have zero documents relating to Health Trust Purchasing Group; a very small handful of documents relating to majority of the third parties; and a few hundred – mostly internal Abbott documents not reflecting communications - relating to Gerimed and Novation.

Fourth, the subpoenas are narrowly tailored to obtain only relevant documents and, to the extent they impose any burden on the third parties, Plaintiffs have already informed them of our willingness to negotiate to alleviate any undue hardships. Moreover, based on Plaintiffs' limited contact with the subpoenaed parties, a majority of them are willing to either produce all documents or negotiate the scope of the subpoena with Plaintiffs. Indeed, most of these entities have already been subpoenaed by various Attorneys General as part of the AWP litigation and Abbott has likely already reviewed many of their documents for relevance and privilege, minimizing the burden all around.[4]

WHEREFORE Plaintiffs respectfully request that this Court deny Abbott's Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas, and all other relief that it deems just and proper.

DATED: November 13, 2006

By: /s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

---

[4] Even if the Court finds that the Track II Discovery deadline has expired, Abbott's motion should still be denied because there will be no prejudice to any party or third-party. Plaintiffs' position is bolstered by the reasons underlying the court's decision in *Alper v. United States*, 190 F.R.D. 281 (D. Mass. 2000), a case on which Abbott heavily relies. There, the court denied third party discovery after a court deadline terminating discovery in the case had passed because this discovery would divert attention from preparing for the imminent trial. *Id.* at 284. Because there have been no similar dates set for Track II, the concerns from *Alper* do not apply here.

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003

***LIAISON COUNSEL***

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone:  (312) 762-9235
Facsimile:  (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 W. Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:  (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

***CO-LEAD COUNSEL FOR
PLAINTIFFS***

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

Docket No. MDL 1456

       I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on November 13, 2006, I caused copies of ***Plaintiffs' Opposition To Abbott Laboratories' Motion For Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


                                           /s/  Jennifer Fountain Connolly
                                           Jennifer Fountain Connolly