# EXHIBIT B



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LIGITATION

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

)
)
)
)
)
)
)
)
)
)
)
)

MDL No. 1456
Civil Action No. 01-12257-PBS
Judge Patti B. Saris

## RESPONSE OF SCHERING-PLOUGH CORPORATION AND WARRICK PHARMACEUTICALS CORPORATION TO PLAINTIFFS' REQUEST FOR PRODUCTION REGARDING HHS ASPs

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Massachusetts, Defendants, Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively "Schering") by their undersigned counsel, hereby respond to Plaintiffs' Request for Production Regarding HHS ASPs (the "ASP Requests"; the "Requests") as follows:

### PRELIMINARY STATEMENT

1.      By responding to the Requests, Schering does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (b) the right to object on any ground to the use of the documents or information produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time to a demand for further responses to the Requests; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.



3.      Schering objects to the Requests on the ground that they are the fourth separate set of document requests served upon Schering in this action.  Plaintiffs previously served upon Schering three separate sets of requests for production:  1) Plaintiffs' Request for Production of Documents to Aventis, Abbott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex, and Schering-Plough and Interrogatories as to All Defendants Subject to Discovery, served on December 3, 2003; 2) Plaintiffs' Second Request for Production of Documents to Aventis, Abbott, Amgen, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough, served on December 19, 2003; and 3) the Omnibus Requests, served on March 31, 2004. As the fourth separate set of document requests served upon Schering, the ASP Requests are in violation of the limit set forth in Local Rule 26.1(C), and are therefore impermissible.

4.      Schering objects to the Requests on the ground that they are oppressive, unduly burdensome, unnecessarily costly, and without a proportionate and corresponding benefit as required by Fed. R. Civ. P. 26(b)(2).

5.      Schering expressly incorporates these General Objections into each specific response to the Requests set forth below as if set forth in full therein.  The response to a Request shall not operate as a waiver of any applicable specific or general objection to a Request.

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

Request No. 1.      All documents showing ASPs or ASP information you have provided for any AWPID pursuant to the Interim Medicare Regulations.

Response to Request No. 1:

In addition to the General Objections set forth above, Schering objects to Request No. 1 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome.  Schering further objects to Request No. 1 on the ground that it calls for documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. Specifically, Schering objects to the request to the extent it calls for documents "provided . . . pursuant to the Interim Medicare Regulations."  Schering further objects on the ground that the



terms "ASP" and "ASP information" and the phrase "you have provided for any AWPID" are vague and ambiguous.

Request No. 2.    All documents, including internal memoranda and meeting notes, concerning the Interim Medicare Regulations.

Response to Request No. 2:

In addition to the General Objections set forth above, Schering objects to Request No. 2 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome. Schering further objects to Request No. 2 on the ground that it calls for documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. Specifically, Schering objects to the request to the extent it calls for documents "concerning the Interim Medicare Regulations."

Request No. 3.    All documents passing between you and Federal Health Care Regulators concerning the Interim Medicare Regulations.

Response to Request No. 3:

In addition to the General Objections set forth above, Schering objects to Request No. 3 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome. Schering further objects to Request No. 3 on the ground that it calls for documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. Specifically, Schering objects to the request to the extent it calls for documents "concerning the Interim Medicare Regulations." Schering further objects on the ground that the phrase "documents passing between you and Federal Health Care Regulators" is vague and ambiguous.



SCHERING-PLOUGH CORP. and
WARRICK PHARMACEUTICALS CORP.
By their attorneys,

John T. Montgomery (BBO#352220)
Brien T. O'Connor (BBO#546767)
Crystal D. Talley (BBO#633759)
John R. Therien (BBO#651185)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: June 28, 2004



## CERTIFICATE OF SERVICE

I, Shaun K. DeSantis, certify that, on this 28th day of June, 2004, I served a copy of the foregoing document on all counsel of record by electronic service pursuant to Case Management Order No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Shaun K. DeSantis