UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> 01-CV-12257-PBS ) <br> ) | MDL NO. 1457 <br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |

### AMGEN INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO CHIEF MAGISTRATE JUDGE BOWLER'S OCTOBER 23, 2006 ORDER GRANTING AMGEN INC.'S MOTION FOR PROTECTIVE ORDER

Amgen Inc. ("Amgen") respectfully submits this memorandum in response to plaintiffs' objections to Chief Magistrate Judge Bowler's October 23, 2006 order, granting Amgen's motion for protective order. (A copy of Amgen's motion is attached hereto as Exhibit A). For the reasons set forth herein, plaintiffs' notice of Rule 30(b)(6) depositions regarding Amgen's sales and marketing was plainly untimely, and plaintiffs have come forward with no basis for rejecting or modifying the magistrate court's decision.

On April 19, 2006, nearly four months after the formal close of discovery, plaintiffs filed a notice of deposition pursuant to Rule 30(b)(6), requesting the deposition of one or more corporate designees on a host of general issues relating to Amgen's sales and marketing programs. Although Amgen had previously agreed, as had a number of other defendants, to permit certain limited

discovery to go forward after the December 2005 cutoff – specifically, depositions of a limited number of *fact* witnesses that could not be noted prior to plaintiffs' completion of their review of defendants' documents – it made clear that it would not agree to plaintiffs taking depositions or undertaking other discovery that was not properly noted prior to the December 3, 2005 deadline. Plaintiffs have never disputed this plain and simple fact, nor provided any explanation for their delay in noting additional Rule 30(b)(6) depositions at this late stage.

Plaintiffs' objections are, in a word, unfounded. First, the magistrate court's ruling was not made in the factual vacuum that plaintiffs suggest. To the contrary, Chief Magistrate Judge Bowler made her decision against the backdrop of two prior – if largely unavailing – discovery motions filed against Amgen and argued last spring. As a result, Chief Magistrate Judge Bowler was keenly aware of the progress of discovery in this case, and the impact, or more precisely, the lack of any impact, that it had on the timing of plaintiffs' notice.[1]

Second, plaintiffs' repeated reference to the timing of Amgen's production (largely a product of plaintiffs' own failure to meaningfully engage in the meet-and-confer process in 2005) is pure smokescreen in any event. Plaintiffs' ability to timely request Rule 30(b)(6) depositions of corporate designees is hardly

---

[1]   Plaintiffs filed a motion to compel production and for sanctions against Amgen in October 2005, which was denied after hearing on February 2, 2006. Plaintiffs' second motion, filed February 27, 2006, was heard on March 27, 2006, at which time Magistrate Judge Bowler extended the relevant time frame (through December 31, 2004) but otherwise denied the motion.

dependent upon plaintiffs' review of Amgen's production in this case. To the contrary, plaintiffs' notice relates to a broad array of topics that plaintiffs not only could have, but *did* request months if not years early of other defendants in this litigation.[2] It is simply not credible for plaintiffs to suggest that they needed to complete their review of Amgen's document production before they could decide whether they would need Rule 30(b)(6) depositions of Amgen witnesses on a litany of general topics that they have raised or considered in one way or another with virtually every other defendant.

Third, plaintiffs' claim that Amgen somehow "agreed" to the noticed deposition by virtue of its April 28, 2006 letter regarding the dates of any such deposition simply makes no sense. As the Court is aware, CMO 10 establishes specific deadlines both with respect to objections regarding *scheduling* (within 10 days of receipt of the notice) and with respect to the filing of any *motions for protective orders* (within five days of the scheduled date of a deposition). CMO 10, ¶ 7. Amgen strictly adhered to each of these deadlines, and any confusion that may have resulted from Amgen's letter was surely laid to rest by the filing of Amgen's motion only three business days later.

---

[2] Plaintiffs' notice to Amgen is literally a verbatim copy of notices filed more than a year earlier against other defendants. *Compare* Notice of Rule 30(B)(6) Deposition to BMS Regarding Sale and Marketing (filed 1/26/05) (attached hereto as Exhibit "B") *and* Notice of Rule 30(B)(6) Deposition to Amgen Inc. Regarding Sales and Marketing (filed 4/19/06) (attached as Exhibit "A" to plaintiff's objections herein).

Finally, plaintiffs mischaracterize what transpired during the October 23, 2006 hearing before Chief Magistrate Judge Bowler. Plaintiffs' inability to respond to the Court's questions at the hearing had nothing to do with plaintiffs' continuing review of Amgen documents, as they now suggest. Instead, the attorney present for the hearing indicated simply that he was not prepared to discuss issues relating to scope because he was not the attorney principally responsible for Amgen-specific discovery. In no small measure frustrated by plaintiffs' response, or lack of one, and on the strength of the record before her, Magistrate Judge Bowler rightly granted Amgen's motion.

As plaintiffs themselves argued in seeking their own protective order in the Montana/Nevada litigation, borrowing nearly word-for-word from Amgen's papers below, "[a]t some point, discovery in this case must end. That point, subject to the limited exception identified above, was [December 3, 2005]. Defendants can offer no justification for their delay in serving the non-party discovery before the Court or for their additional delay in notifying the States of their intention to pursue such discovery." Montana's and Nevada's Motion for Protective Order Relating to Defendants' Second Subpoena to Blue Cross Blue Shield (Document 2745) at 2.[3] As the Court has observed on multiple occasions, "what is sauce for the goose is sauce for the gander." Plaintiffs have failed to come forward with any

---

[3]   Plaintiffs' motion for protective order was also granted by Chief Magistrate Judge Bowler at the October 23, 2006 hearing, on the same basis that Amgen's motion had been granted: that the notices had not been timely filed.

justification for their own delay in noting additional depositions of Amgen designees, and Chief Magistrate Judge Bowler's decision should be allowed to stand.

Respectfully submitted,

/s/ Frank A. Libby, Jr.
Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, MA 02110
Tel: (617) 338-9300
Fax: (617) 338-9911

Joseph H. Young
Steven F. Barley
Hogan & Hartson LLP
111 South Calvert Street, Suite 1600
Baltimore, MD 21202
Tel: (410) 659-2775
Fax: (410) 539-6981

Attorneys for Defendant Amgen Inc.

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amgen Inc.'s Response to Plaintiffs' Objections to Chief Magistrate Judge Bowler's October 23, 2006 Order Granting Amgen Inc.'s Motion for Protective Order was, this 14th day of November, 2006, served electronically via Lexis/Nexis on all counsel of record in this matter.

/s/ Joseph H. Young
Joseph H. Young
