# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL NO. 1456
LITIGATION ) Civil Action No. 01-12257-PBS
)
) Judge Patti B. Saris
THIS DOCUMENT RELATES TO )
01-CV-12257-PBS )
)

### AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(B)(6) DEPOSITION REGARDING SALES AND MARKETING

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and CMO No. 10, Defendant Amgen Inc. ("Amgen") hereby moves for a protective order precluding plaintiffs from requesting additional witnesses pursuant to the Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing, served on April 19, 2006 (the "April 19 notice").

Plaintiffs' April 19 notice, filed more than four months after the formal close of fact discovery, is untimely. Fact discovery in the Track 2 case formally ended on December 3, 2005. Although Amgen agreed to permit certain limited discovery to go forward after the December 2005 cutoff – specifically, depositions of a limited number of *fact* witnesses that could not be noted prior to plaintiffs' completion of their review of defendants' documents – it made clear that it would not permit plaintiffs to undertake depositions or other discovery that was not properly noted prior to the December 3, 2005 deadline.[1]

---

[1] Plaintiffs in fact served four Rule 30(b)(6) deposition notices prior to the discovery cutoff. *See* Amended Notice of Rule 30(b)(6) Deposition (4/2/04) (pricing, information systems and

Nevertheless, plaintiffs are now seeking a fifth Rule 30(b)(6) depostion relating, broadly speaking, to Amgen's sales and marketing practices. *See* Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing (4/19/06)(attached hereto as Exhibit 1). The Notice includes:

- **Sales and Marketing**, including staff organization, document generation and the identification of supervisory personnel.
- **Marketing Plans**, including how marketing plans are created, how they are distributed, how they are stored and maintained, and the use of consultants in marketing plan preparation.
- **Sales**, including types of information generated, how sales documents are created, how they are distributed, how they are stored and maintained, the use of consultants, information about the sales campaigns undertaken in 1991, and the scope of sales representative files Amgen maintains in its normal course of business.

The areas of inquiry set out in the April 19 notice are in no way dependent upon plaintiffs' ongoing review of Amgen's documents. Instead, the areas included in the notice are broad and general, and could just as easily have been noticed and pursued at any time prior to the close of discovery. More concerning, the notice appears designed to identify *additional* custodians and *additional* documents at a time when, as the Court is keenly aware, the parties are working toward completing outstanding fact discovery, consistent with the Court's direction at the last hearing to work to wrap things up.[2] While Amgen has agreed

---

retention); Notice of Rule 30(b)(6) Deposition (4/20/05) (pricing/documents); Notice of Rule 30(b)(6) Deposition to Amgen Regarding Sales Related Financial Data (4/20/05); and Notice of Rule 30(b)(6) Deposition (7/12/05) (other litigation). Plaintiffs took three depositions pursuant to their initial request over the course of two days on May 26-27, 2004, but agreed to postpone or cancel the other depositions.

[2] As the Court may recall, Amgen and plaintiffs were before the Court on March 29, 2006, on a motion to compel production. At that time, the Court granted limited relief by enlarging

to permit plaintiffs to note a limited number of fact witnesses for deposition after the completion of any outstanding productions, it is unwilling to extend to them an open-ended invitation to conduct whatever additional discovery they may please for as long as they may please.

At some point, discovery in this case must end. That point, with limited exceptions, came and went in December 2005. Plaintiffs can offer no justification for their delay in noticing the deposition. The April 19 notice is thus untimely, and the deposition should not be permitted to go forward. *See* Fed.R.Civ.P. 26(c) (a party from whom discovery is sought may move the court, upon "good cause shown," for a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had").

Respectfully submitted,

*Frank A. Libby* /s/

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

---

the relevant time frame for plaintiffs' production, but ordered the parties back to the table in an effort to narrow the scope of plaintiffs' Omnibus requests. At that time, the Court indicated its hope that discovery could be narrowed – not broadened – and that any supplemental production could be completed in May. Amgen respectfully submits that plaintiffs' most recent notice is inconsistent with that direction.

3

Joseph H. Young
Steven F. Barley
Hogan & Hartson, L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: May 3, 2006

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing was, this 3rd day of May, 2006, served electronically via Lexis/Nexis on all counsel of record in this matter.

_____
Joseph H. Young

### LOCAL RULES 7.1(A)(2) AND 37.1 (B) CERTIFICATION

I hereby certify that I have attempted to comply with Local Rules 7.1(A)(2) and 37.1(B) by attempting to confer with counsel for the plaintiffs, in a good faith effort to resolve or narrow the areas of disagreement set forth in the attached motion but was unable to reach counsel prior to the filing deadline. I will continue to attempt to reach counsel and will file, as necessary, an amended certification.

_____
Joseph H. Young

4

# **EXHIBIT 1**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) | Judge Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

### NOTICE OF RULE 30(B)(6) DEPOSITION TO AMGEN INC. REGARDING SALES AND MARKETING

TO:   ALL COUNSEL VIA LEXIS/NEXIS

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), the undersigned counsel will take the deposition of the representatives of Amgen Inc. who are knowledgeable regarding the matters set forth in Exhibit A attached hereto. Such depositions will be recorded by stenographic and/or sound and visual means and will take place beginning at 9:30 a.m. on May 10, 2006, at the offices of Hagens Berman Sobol Shapiro LLP in Seattle, Washington.

You are invited to attend and participate.

DATED: April 19, 2006.

By   /s/ **Robert F. Lopez**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

- 1 -

001534-16 104548 V1

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
Shanin Specter
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Facsimile: (215) 772-1359
Telephone: (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 3 -

001534-16 104548 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert F. Lopez, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF RULE 30(B)(6) DEPOSITION TO AMGEN INC. REGARDING SALES AND MARKETING** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 19, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By_____/s/ Robert F. Lopez_____
Robert F. Lopez
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

- 4 -

## EXHIBIT A

## AREAS OF INQUIRY

1.  *Organization of Sales and Marketing.* The manner in which the sales and marketing teams are organized and structured at Amgen Inc. This area of inquiry includes, but is not limited to, the following:

    a.  How product teams are organized and structured.

    b.  The types and nature of documents generated or utilized by sales and marketing personnel.

    c.  The names of former and current managers at all levels of the sales and marketing organizations.

    d.  The names of persons in the sales and marketing organizations who have been involved in the identification of documents responsive to plaintiffs' discovery requests in this litigation.

2.  *Marketing Plans.* The manner in which marketing plans are created and implemented at Amgen Inc. This area of inquiry includes, but is not limited to, the following:

    a.  The medium in which marketing plans are created (*e.g.,* Powerpoint, word processing software, other) and the names of persons currently and historically responsible for creating them.

    b.  The method by which marketing plans are communicated throughout Amgen Inc., including by whom and to whom.

001534-16 104548 V1

  c. The manner in which marketing plans are stored and maintained, including where and for how long, and the names of persons currently and historically responsible for maintaining them.

  d. The use of any outside consultants to assist in the preparation of marketing plans or with marketing issues in general, including the identity of such consultants and the specific marketing-related projects for which outside consultants were retained.

  e. The effort undertaken to search for and produce marketing plans in this litigation.

3. *Sales.* The manner in which sales directives, policies, and other sales-related information are created and implemented at Amgen Inc. This area of inquiry includes, but is not limited to, the following:

  a. The nature and types of information created and used by the sales organization.

  b. The medium in which sales-related information is created (*e.g.*, Powerpoint, word processing software, other) and the names of persons currently and historically responsible for creating them.

  c. The method by which sales-related information is communicated throughout Amgen Inc., including by whom and to whom.

  d. The manner in which sales-related information is stored and maintained, including where and for how long, and the names of persons currently and historically responsible for maintaining them.

001534-16 104548 V1

e. The use of any outside consultants to assist in the preparation of sales-related information in general, including the identity of such consultants and the specific sales-related projects for which outside consultants were retained.

f. The identity and nature of any sales campaigns undertaken since 1991.

g. The nature, identity, and storage of documents created or used by sales representatives in the field, including documents and computer presentations shown to, or left with, providers or other customers or potential customers.

h. The nature and contents of files that Amgen Inc. maintains on each sales representative.

k. The effort undertaken to search for and produce sales-related information in this litigation.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert F. Lopez, an attorney, caused a true and correct copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION TO AMGEN INC. REGARDING SALES AND MARKETING** to be served on all counsel of record electronically on April 19, 2006, pursuant to Section D of Case Management Order No. 2.

By_____/s/ Robert F. Lopez_____
Robert F. Lopez, Esq.
**HAGENS BERMAN LLP**
1301 Fifth Ave., Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

- 8 -

001534-16 104548 V1