**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) ALL CLASS ACTIONS ) ) ) | Judge Patti B. Saris |

**SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF THE TRIAL AFFIDAVIT OF G. RAYMOND PIRONTI, JR.**

Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") respectfully submit this memorandum in support of their Motion to Strike Portions of the Trial Affidavit of G. Raymond Pironti, Jr. Paragraphs 5, 6, 13, and 14 are not based on personal knowledge or are not relevant to this action. For the Court's convenience, we have attached, as Exhibit A, a copy of Mr. Pironti's trial affidavit with the objectionable portions highlighted.

**PRELIMINARY STATEMENT**

Schering and Warrick previously moved to exclude the proffered testimony of three Relators from a *qui tam* action settled in the United States District Court for the Eastern District of Pennsylvania in 2004. (Schering's and Warrick's Mot. in Limine to Exclude the Test. of Charles M. Alcorn, Beatrice E. Manning, and G. Raymond Pironti, Jr. (Nov. 2, 2006) (Docket No. 3300) ("Motion to Exclude").) Schering and Warrick argued that the proffered testimony of these Relators, including Mr. Pironti, was irrelevant and inadmissible because it related to

Claritin and Medicaid, not AWP, Medicare, or Massachusetts TPPs.  (*See* Mem. in Supp. of Mot. to Exclude (Nov. 2, 2006) (Docket No. 3301).)

Plaintiffs did not call two of the Relators, Ms. Manning and Mr. Alcorn, and their written declarations were stricken in their entirety.  (Trial Tr. (Nov. 8, 2006) at 170:22-171:4 (striking affidavit of Ms. Manning), Trial Tr. (Nov. 16, 2006) at 145:24-146:3 (striking affidavit of Mr. Alcorn).)  Mr. Pironti, the sole Relator to appear to testify, was permitted over objection to describe his experience at Schering, including its health management division, Integrated Therapeutics Group, from 1990 to 1998.  (*Id.* at 100:6-101:12.)

At the conclusion of Mr. Pironti's testimony, counsel for Schering and Warrick noted that the Motion to Exclude would be renewed as to specific portions of the written direct about which the witness did not testify.  (*Id.* at 143:22-144:17.)

## ARGUMENT

The First Circuit Court of Appeals has urged a "selective approach" to witness affidavits, with the guidance that "personal knowledge is the touchstone."  *Perez v. Volvo Car Corp.*, 347 F.3d 303, 315-316 (1st Cir. 2001) (under Fed. R. Civ. P. 56(e)); *see also Trigano v. Bain & Co., Inc.*, 380 F.3d 22, 33 (1st Cir. 2004).  Paragraphs 13 and 14 of the Pironti Affidavit address documents that were created after Mr. Pironti departed Schering and, thus, do not rest on personal knowledge and should be stricken.  Mr. Pironti testified that he left the company in 1998.  (Trial Tr. (Nov. 16, 2006) at 100:6-10, 141:23-25; *see also* Pironti Aff. ¶ 3.)  Paragraphs 13 and 14 relate to documents created years later.  (*See* Pironti Aff. ¶ 13 (describing Exhibit 505, covering periods between 1998 and 2003), ¶ 14 (describing Exhibit 497, an e-mail from 2002, four years after Mr. Pironti left the company, which Mr. Pironti neither sent nor received).)  Mr.

Pironti did not testify at trial regarding the subjects of these paragraphs, and he obviously had no personal knowledge on which to do so.

Paragraphs 5 and 6 of the Pironti Affidavit describe the terms of the settlement of the *qui tam* action in which Mr. Pironti was a Relator. Again, the settlement was not a subject of Mr. Pironti's trial testimony, and it is not relevant to this action. Paragraph 5, for example, describes meetings with an Assistant United States Attorney for the Eastern District of Pennsylvania and provisions of the settlement that resolved the *qui tam* complaint filed in that District. None of this is relevant here; the settlement involved drugs, entities, and issues not involved in this case. (*See* Mem. in Supp. of Mot. to Exclude at 4-5.) For these reasons, the Court stated that it did not want to hear about the Philadelphia settlement. (Trial Tr. (Nov. 7, 2006) at 314:2-3.) Apparently aware of this admonition, Mr. Pironti made only a glancing reference to "another case" in which he was involved. (Trial Tr. (Nov. 16, 2006) at 127:24-128:6.) Since Mr. Pironti did not testify about the settlement, nor could he have proffered testimony regarding the settlement that would have been relevant to the issues in this case, the references to the settlement in his affidavit should be stricken.[1]

---

[1] There is also substantial overlap with the settlement in other portions of Mr. Pironti's testimony. In his affidavit and live testimony, for example, Mr. Pironti spent considerable time discussing "nominal pricing" and "implied bundling," as they related to the calculation of Best Price for Claritin under the Medicaid program. (*See*, *e.g.,* Pironti Aff. ¶¶ 9-12; Trial Tr. (Nov. 16, 2006) at 103:22-104:21, 114:13-115:5, 120:9-122:3.) This testimony is similar to allegations Mr. Pironti and the two other Relators made in their *qui tam* complaint, which was settled in the Eastern District of Pennsylvania in 2004. *See* First Am. Comp., *Charles E. Alcorn, Beatrice Manning, and G. Raymond Pironti, Jr. ex rel. United States v. Schering-Plough Corp* ¶ 14 (discussing "free or nominally priced drugs – as a subsidy for premium priced Claritin"), attached hereto as Ex. B; *see also* Exs. A-D to Decl. of Adam Wright Transmitting Documents in Support of Mot. to Exclude (Nov. 2, 2006) (Docket No. 3302). Of course, Claritin, Best Price, and Medicaid are not at issue in this case, and testimony about such matters is irrelevant. (*See* Mem. in Supp. of Mot. to Exclude at 4-5.)

## **CONCLUSION**

For the foregoing reasons, Schering's and Warrick's Motion to Strike Portions of the Trial Affidavit of G. Raymond Pironti, Jr. should be GRANTED. Accordingly, the Court should strike paragraphs 5, 6, 13, and 14 of Mr. Pironti's trial affidavit.

Respectfully submitted,

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  November 21, 2006

5

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                  /s/ Adam Wright  
                                                  Adam Wright