UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: <br><br> ALL CLASS ACTIONS | Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF THE TRACK ONE DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE TRIAL AFFIDAVIT OF GLENN RANDLE**

The Track One Defendants respectfully submit this memorandum in support of their Motion to Strike Portions of the Trial Affidavit of Glenn Randle that are not based on personal knowledge. For the Court's convenience, we have attached, as Attachment A, a copy of the witness's trial affidavit highlighting the objectionable portions.

**DISCUSSION**

Trial testimony not based upon personal knowledge is not admissible. Fed. R. Evid. 602. *See Posadas de Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401 (1st Cir. 1988). This Court noted:

> . . . you should . . . review [witness affidavits], and if it wasn't something the witness knew but was something that you told them, you have an obligation to flag that for us, because it was quite clear that those [plaintiffs' witnesses] didn't know the things that were in the affidavit on their own.

(Trial Tr. (Nov. 7, 2006) at 2-198:21-25). Much of the testimony of Glenn Randle, Chairman of the Board of Trustees of Sheet Metal Workers National Health Fund ("SMW"), likewise was not based on his personal knowledge, as he confirmed on the witness stand. For that reason the affected parts of his testimony should be stricken from the record.

In his written affidavit of direct testimony, Mr. Randle testified as follows:

> 6.   Based on our investigation, I know that the Fund reimbursed for Defendants' drugs at issue in this case and specifically that the Fund reimbursed Massachusetts residents for Defendants' drugs.  In order to avoid overburdening the Court with paper, I have only attached the claims data for one drug from each defendant.  *See* Ex. A hereto: Sheet Metals' payment records for Paraplatin, SMWMASS 001240-47; for Cytoxan and Rubex, SMWMASS 000605; for Procrit; SMWMASS 000092-96; for Zoladex, SMWMASS 001174-76; and for Albuterol, SMWMASS 000576-80.

(Trial Aff. of Glenn Randle ("Randle Aff.") at ¶ 6.)   That testimony is clearly contradicted by testimony given by Mr. Randle while on the stand that he has no personal knowledge that SMW reimbursed for subject drugs manufactured by the defendants:

> Q.  Now, Mr. Randle, you testified in your affidavit, didn't you, that you have knowledge that the fund reimbursed for drugs that are manufactured by the defendants in this case, isn't that right?
> A.  Well, any drugs that are Medicare approved.  I don't know manufacturers and drugs itself.

(Trial Tr. (Nov. 6, 2006) at 209:8-13.)

> Q.  But I take it that you yourself have no personal knowledge whether your fund through Southern Benefit ever provided reimbursement with respect to any of the particular drugs that are issue in this case, isn't that right?
> A.  Not specific cases where payment was made for certain drugs.  I don't look at that detail.

(*Id.* a 209:20-25.)  Mr. Randle specifically testified that he had no personal knowledge that SMW reimbursed for albuterol manufactured by Schering or Warrick:

> Q.  Mr. Randle, my client is Warrick Pharmaceuticals and we manufacture Albuterol.  You don't have any information, do you, whether Southern Benefit Administrators on your behalf has ever reimbursed one of your members for Albuterol manufactured by my client, isn't that right?
> A.  I don't have knowledge of that directly.

2

(*Id.* at 210:21-211:1.)  Thus, the Court should strike paragraph 6 of the Randle Affidavit.

In addition, Mr. Randle's written testimony makes clear that he "never knew what Medicare's allowed amount was based on" and that "[a]side from what [he has] learned during this case, [he does] not know what 'WAC' or 'AWP' mean."  (Randle Aff. at ¶¶ 5, 9.) His trial testimony confirmed this lack of personal knowledge and that the sole basis of his testimony is "information from our lawyers:"

> Q.  With respect to the specific documents that you referenced in your affidavit, you have no knowledge whether any such drugs were reimbursed by Southern Benefit Administrators on the basis of the so-called average wholesale price, do you?
> A.  Well, from information from our lawyers involved in it, I've been told that that happened and it's logical.

(Trial Tr. (Nov. 6, 2006) at 210:1-210:7.)  It is clear that substantial portions of Mr. Randle's affidavit, in which he "testifies" to various aspects of the AWP system and Defendants' alleged conduct, consist solely of information provided by Plaintiffs' counsel and are entirely devoid of any basis in personal knowledge.  Thus Mr. Randle's affidavit is couched in terms such as "I am aware that the complaint alleges," "I have been informed that," and "I have also been supplied." (*See* Randle Aff. at ¶¶ 10-18.)  Indeed, the fact that the majority of Mr. Randle's affidavit -- paragraphs 10 through 18 -- is identical to the Trial Affidavit of Sharon Faulkner ("Faulkner Aff.") confirms that such paragraphs are merely argument by Plaintiffs' counsel.  (*Compare* Randle Aff. ¶ 10, *with* Faulkner Aff. at ¶ 7; Randle Aff. ¶ 11, *with* Faulkner Aff. ¶ 8; Randle Aff. ¶ 12, *with* Faulkner Aff. ¶ 11; Randle Aff. ¶ 13, *with* Faulkner Aff. ¶ 12; Randle Aff. ¶ 14, *with* Faulkner Aff. ¶ 9; Randle Aff. ¶ 15, *with* Faulkner Aff. ¶ 13; Randle Aff. ¶ 16, *with* Faulkner Aff. ¶ 14; Randle Aff. ¶ 17, *with* Faulkner Aff. ¶ 10; Randle Aff. ¶ 18, *with* Faulkner Aff. ¶ 15.) As demonstrated above, Mr. Randle clearly lacks the personal knowledge to provide such

testimony.  Such knowledge could not have originated with Ms. Faulkner either, as she testified at trial that she too lacked personal knowledge about how Medicare determined its allowed amount or whether SMW reimbursed based on AWP.  (Trial Tr. (Nov. 7, 2006) at 2-9:19-10:2, 2-10:19-11:3.)  The Court should therefore strike paragraphs 10 through 18 from the Trial Affidavit of Glenn Randle.

## CONCLUSION

For the foregoing reasons, the Track One Defendants' Motion to Strike Portions of the Trial Affidavit of Glenn Randle should be GRANTED.  Accordingly, the Court should strike paragraphs 6, 10-18 from the Trial Affidavit of Glenn Randle.

Respectfully Submitted,

TRACK ONE DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  November 22 2006

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                          /s/ Adam Wright
                                          Adam Wright