UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) ALL CLASS ACTIONS ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF THE TRACK ONE DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE TRIAL AFFIDAVIT SHARON FAULKNER**

The Track One Defendants respectfully submit this memorandum in support of their Motion to Strike Portions of the Trial Affidavit of Sharon Faulkner that are not based on personal knowledge. For the Court's convenience, we have attached, as Attachment A, a copy of the witness's trial affidavit highlighting the objectionable portions.

**DISCUSSION**

Trial testimony not based upon personal knowledge is not admissible. Fed. R. Evid. 602. *See Posadas de Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401 (1st Cir. 1988). This Court noted:

> . . . you should . . . review [witness affidavits],
> and if it wasn't something the witness knew but was something
> that you told them, you have an obligation to flag that for
> us, because it was quite clear that those [plaintiffs' witnesses] didn't
> know the things that were in the affidavit on their own.

(Trial Tr. (Nov. 7, 2006) at 2-198:21-25). Much of the testimony of Sharon Faulkner, Vice President of Southern Benefits Administrators, which serves as the Third Party Administrator and Consultant for Sheet Metal Workers' National Health Fund ("SMW"), likewise was not

based on her personal knowledge, as she confirmed on the witness stand.  For that reason the affected parts of her testimony should be stricken from the record.

In her written affidavit of direct testimony, Ms. Faulkner testified as follows:

> 5.   I have been informed that Medicare's allowable amount is based on AWP.  Based on that information and because the Health Fund's co-payment is, in all cases, a percentage payment of Medicare's allowable amount, the Fund's co-payment is likewise based on AWP.

(Trial Aff. of Sharon Faulkner ("Faulkner Aff.") at ¶ 5.)  Ms. Faulkner's testimony at trial, however, repeatedly revealed that she lacks the personal knowledge to testify as to how Medicare determines the allowed amount or whether the fund reimburses based on AWP:

> Q.  Now, with respect to Medicare-eligible members of your plan, Sheet Metal Workers, you testified in your affidavit that you are, quote, "informed that Medicare's allowable amount is based on AWP," close quote.  Do you recall saying that?
> A.  Yes.
> Q.  Do you have any personal knowledge whether Medicare pays on the basis of AWP?
> A.  Only what I've been told.

(Trial Tr. (Nov. 7, 2006) at 2-9:19-10:2.)

> Q.  Now, you also said in your affidavit that you have been informed as well that because your copayment for retired workers is a percentage of Medicare's payment, that the fund's payment is based on AWP.  Do you recall saying that?
> A.  Yes, I recall that.
> Q.  Now, do you know whether there are any instances in which the fund makes payments on behalf of retired workers where the copayment is not based on AWP?
> A.  I don't know.  We rely on Medicare's payment to determine our payment.

(*Id.* at 2-10:19-11:3.)

> Q.  And do you have any knowledge whether claims come in in which the amount charged by the provider is actually less than the Medicare allowed amount?

> A.  I don't have any knowledge of that, no.
> Q.  But you'd agree with me that if the provider charge is less than the allowed amount, then Medicare would not be paying its 80 percent on the basis of AWP, and you would not be paying your 20 percent on the basis of AWP?
>     MS. CONNELLY:  Objection, your Honor.  She's testified that she's not familiar at all with how Medicare reimburses.
>     THE COURT:  Overruled.  Do you know anything about this?
>     THE WITNESS:  No.

 (*Id.* at 2-11:17-12:5.)   The Court should therefore strike paragraph 5 from the Trial Affidavit of Sharon Faulkner.

Given Ms. Faulkner's clear testimony that she has no knowledge that SMW paid claims based on AWP and Plaintiffs' counsel's confirmation of that fact, the Court should also strike all other paragraphs in her affidavit addressing these issues.  The assertions contained in Paragraphs 6 through 15 require a level of personal knowledge as to issues relating AWP and Medicare reimbursement that the witness expressly disclaimed having.  (Faulkner Aff. ¶¶ 6-15.)  Furthermore, that paragraphs 7 through 15 appear practically verbatim in the Trial Affidavit of Glenn Randle ("Randle Aff.") confirms that such paragraphs are merely argument by Plaintiffs' counsel and not testimony based on the personal knowledge of the witness.  (*Compare* Faulkner Aff. at ¶ 7, *with* Randle Aff. ¶ 10; Faulkner Aff. at ¶ 8, *with* Randle Aff. ¶ 11; Faulkner Aff. at ¶ 11, *with* Randle Aff. ¶ 12; Faulkner Aff. at ¶ 12, *with* Randle Aff. ¶ 13; Faulkner Aff. at ¶ 9, *with* Randle Aff. ¶ 14; Faulkner Aff. at ¶ 13, *with* Randle Aff. ¶ 15; Faulkner Aff. at ¶ 14, *with* Randle Aff. ¶ 16; Faulkner Aff. at ¶ 10, *with* Randle Aff. ¶ 17; Faulkner Aff. at ¶ 15, *with* Randle Aff. ¶ 18.)  The Court should therefore strike paragraphs 6 through 15 from the Trial Affidavit of Sharon Faulkner.

## **CONCLUSION**

For the foregoing reasons, the Track One Defendants' Motion to Strike Portions of the Trial Affidavit of Sharon Faulkner should be GRANTED. Accordingly, the Court should strike paragraphs 5 through 15 from the Trial Affidavit of Sharon Faulkner .

    Respectfully Submitted,

    TRACK ONE DEFENDANTS

    /s/ John T. Montgomery
    John T. Montgomery (BBO#352220)
    Steven A. Kaufman (BBO#262230)
    Eric P. Christofferson (BBO#654087)
    Ropes & Gray LLP
    One International Place
    Boston, Massachusetts 02110-2624
    (617) 951-7000

    *Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  November 22, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                        /s/ Adam Wright
                                                         Adam Wright