**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION |
| THIS DOCUMENT RELATES TO: |
| ALL CLASS ACTIONS |

MDL No. 1456

Civil Action No. 01-CV-12257-PBS

Judge Patti B. Saris

**PLAINTIFFS' COMBINED OPPOSITION TO THE TRACK ONE DEFENDANTS'**
**MOTIONS TO STRIKE PORTIONS OF THE TRIAL AFFIDAVITS OF**
**GLENN RANDLE AND SHARON FAULKNER**

Defendants have moved to strike portions of the trial affidavits of Glenn Randle and Sharon Faulkner on the basis that portions of those affidavits are purportedly not based on personal knowledge. While contemporaneously with the filing of this Opposition Plaintiffs have filed revised trial affidavits for Mr. Randle and Ms. Faulkner addressing the concerns raised by the Court on the second day of trial (and redlined versions of those affidavits are attached hereto collectively as Exhibit A), Plaintiffs submit this brief opposition with regard to the paragraphs of Mr. Randle's and Ms. Faulkner's affidavits that, Plaintiffs submit, should not be stricken.

Defendants object to Paragraphs 10-18 of the Randle Affidavit and Paragraphs 5-15 of the Faulkner Affidavit because they claim those paragraphs are not based on personal knowledge. In those paragraphs Mr. Randle and Ms. Faulkner are testifying regarding two things. First, Ms. Faulkner is testifying that, assuming that Sheet Metals' payments were based on AWP, the payments of the SMW+ plan were based on AWP because all the SMW+ Plan's payments were percentage-based. *See* Faulkner Trial Aff. ¶ 5. Because Ms. Faulkner clearly has personal knowledge regarding the basis on which the SMW+ Plan made payments, that paragraph should not be stricken. Second, both Mr. Randle and Ms. Faulkner are testifying that

they reviewed the complaint and that Plaintiffs' attorneys supplied them with documents produced by Track 1 Defendants and that they did not know of the conduct described within either the complaint or those documents.  Defendants claim Mr. Randle and Ms. Faulkner lack personal knowledge, but that argument is circular:  they lack personal knowledge because Defendants' conduct was concealed from them as well as other members of Class 2.  That is the very point of Mr. Randle's and Ms. Faulkner's testimony:  they *did not know* about Defendants' conduct as it has been proven at trial.  Therefore, their lack of knowledge is not grounds to strike those paragraphs of the Randle and Faulkner affidavits.  *See* Trial. Tr. (Nov. 6, 2006), at 173:14-19 (MR. TRETTER: "Well, but, your Honor, a lot of it is, you know:  'I didn't know about this AstraZeneca document.  Nobody every showed you the AstraZeneca document." THE COURT: "But so what?  He says, 'I didn't know about it.'  So ask him questions, cross.'").

Finally, Defendants act as if Mr. Randle's and Ms. Faulkner's trial affidavits are somehow misleading because they contain phrases such as "I have been informed that" and "I have been supplied."  However, both Mr. Randle and Ms. Faulkner made clear at trial that they had been supplied Defendants' documents by Plaintiffs' attorneys.  *See, e.g.,* Trial Tr. (Nov. 6, 2006) at 210:6-7 and 215:17-20.  How else would they have obtained them?  But to the extent those paragraphs were misleading, the amended trial exhibits specifically provide that those documents were supplied to Mr. Randle and Ms. Faulkner by Plaintiffs' attorneys.

WHEREFORE Plaintiffs respectfully request that, except where Plaintiffs have cured issues raised by this Court at trial, this Court deny Defendants' motions to strike, and all other relief that this Court deems just and proper.

2

DATED:  November 27, 2006

By: /s/ **Jennifer Fountain Connolly**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496b-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

3

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

***Co-Lead Counsel For Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I, Jennifer Fountain Connolly, an attorney, caused a true and correct copy of the foregoing *Plaintiffs' Combined Opposition To The Track One Defendants' Motions To Strike Portions Of The Trial Affidavits Of Glenn Randle And Sharon Faulkner* to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 27, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By: /s/ **Jennifer Fountain Connolly**

Jennifer Fountain Connolly
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222

5