# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312.269.4141
jrdaly@jonesday.com

July 13, 2006

VIA E-MAIL & U.S. MAIL

Mark A. Lavine, Esq.
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Re:  *U.S. ex rel. Ven-A-Care v. Abbott Laboratories and Hospira, Inc.*,
Case No. 06-CV-21303-ASG

Dear Mark:

During our conversations this week you asked that we clarify our request that the Government agree, with the Court's permission, to provide us with those documents that remain under seal with the Court. We believe that all documents relating in any way to claims asserted against Abbott (though not limited to Abbott-specific pleadings) still under seal in this litigation should be immediately unsealed and provided to us. While we appreciate that the case remains sealed as to other defendants and have advised you that Abbott would not object to redaction of information that would identify other defendants.

The False Claims Act does not authorize the Government to keep the record under seal in this case forever. See 31 U.S.C.A. § 3730(b)(2)-(3); *U.S. ex rel. McCoy v. California Medical Review, Inc.*, 715 F. Supp. 967, 968 (N.D. Cal. 1989) ("neither [§3730(b)(2)] nor any other [section] in the FCA provides authority for retaining the civil action under seal once the Government has elected to intervene"); *United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230-31 (N.D. Ala. 2000) (noting that the act "makes no mention of the government's right to keep *in camera* information under seal indefinitely" and finding "no authority under the [FCA] or elsewhere to hold information relating to this cause under seal") (citation omitted); *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1189-90 (N.D. Cal. 1997) (legislative history "makes it abundantly clear" that Congress did not intend to allow the Government to "prolong the period in which the file is sealed indefinitely"); *U.S. v. SmithKline Beecham Clinical Laboratories, Inc.*, 1998 WL 840012, at 1 (E.D. La. 1998).

Federal common law also recognizes a presumption that judicial records should be open to the public. See *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 597 (1978) ("courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985) (denying access to records of judicial proceedings must be "necessitated by a

**JONES DAY**

Mark A. Lavine, Esq.
July 12, 2006
Page 2

compelling governmental interest, and . . . narrowly tailored to that interest") (citation omitted); *U.S. ex rel. Alcohol Foundation, Inc. v. Kalmanovitz Charitable Foundation, Inc.*, 186 F. Supp. 2d 458, 465 (S.D.N.Y. 2002) ("The weight of the presumption . . . is at its strongest when the document . . . has been submitted as a basis for judicial decision making.") (citation omitted). This presumption may be overcome only if unsealing the documents would expose "confidential investigative techniques," "information which could jeopardize an ongoing investigation," or "matters which could injure non-parties." *See United States v. CACI Int'l, Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). We are aware of no such danger here. In its Notice of Election to Intervene, the only argument the Government put forth to justify maintaining the seal was that the information had been provided to the court "for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." Notice of Election to Intervene, at 4 (March 17, 2006). This reason alone does not outweigh the long-standing judicial preference for openness with respect to court records. *See U.S. ex rel. Mikes v. Straus,* 846 F. Supp. 21, 23 (S.D. N.Y. 1994) (Government's status report did not disclose "specific techniques" of investigation). In any event, it is difficult to see how the argument retains any relevance whatsoever now that the Government has chosen to intervene.

Abbott is clearly entitled to the sealed materials in the defense of this case. For almost eleven years while the complaint was sealed, the United States has been able to participate in various *ex parte* proceedings and engage in fact discovery unbeknownst to Abbott. Gaining access to this information at last will help Abbott develop a discovery plan, locate witnesses and documents, determine whether any of the Government's claims are time barred, and clarify exactly what the Government knew—and when—about the allegedly actionable behavior at issue here. *See U.S. ex rel. Costa,* 955 F. Supp. at 1189 ("Defendants have a legitimate interest in building their defense while the evidence is still fresh.").

In addition, the Local Rules for the Southern District of Florida prohibit keeping a case under seal forever. These rules provide that "[a]bsent extraordinary circumstances, no matter sealed pursuant to this rule may remain sealed for longer than five (5) years from the date of filing." S.D. FLA. RULE 5.4(A)(2). This five year deadline expired long ago, and the Government has articulated no additional "extraordinary circumstances."

**JONES DAY**

Mark A. Lavine, Esq.
July 12, 2006
Page 3

  For these reasons, we ask that you agree to an order lifting the seal and provide us with copies of all relevant documents still under seal, including but not limited to, all motion practice and orders in connection with extending the seal in this matter. If you believe you have some good faith basis for maintaining the seal with respect to an individual document or filing, please inform us of that specific reason so that we may evaluate whether to raise this issue with the Court. We appreciate your prompt attention to this matter, and look forward to hearing from you.

Sincerely,

James R. Daly /JB