# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

October 13, 2006

VIA EMAIL

Mark A. Lavine, Esq.
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

  Re: *U.S. ex rel. Ven-A-Care v. Abbott Laboratories and Hospira, Inc.*,
     Case No. 06-CV-21303-ASG

Dear Mark:

  I write to follow up on the various discovery issues we discussed last Wednesday, October 3, 2006, and to summarize my understanding of where the parties stand on those issues.

### Plaintiffs' Production

  ***PSPS Data.*** You have reviewed the PSPS data on the CDs in your possession and believe, with the exception of J-Code 7051, that your CDs have the relevant PSPS information for J-Codes named in the Complaint for the years 1991 through 2004. For each year, the relevant information is contained in a file named "ALPHAB." Our disks for the years 1994 through 2004 do not contain an file titled "ALPHAB." You believe this was likely the result of a copying error. You have agreed to send us corrected CDs for the years 1994 through 2004, as well as information for J-Code 7051.

  *Status:* We received today CDs from you in response to our request for corrected data. We will review the data and, if we still cannot access it, contact you further.

  ***Documents Redacted or Removed for Relevancy.*** You agreed to review those documents from the Government's initial disclosure production that have been redacted with the notation "removed for relevancy." We previously identified the pages immediately preceding and following the six-page document numbered HHC001-0614 through HHC001-0619 as an example of such redactions. Unless these documents are privileged, or the government can articulate some other legally sufficient reason not to produce them, we have asked that you produce unredacted copies of these documents.

  *Status*: You indicated that you could get us an answer to this question in approximately one week.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mark A. Lavine, Esq.
October 13, 2006
Page 2

*First DataBank Documents.* You indicated that you would image and send all of the documents produced by First DataBank that related to Abbott, but that it would take some time to separate out the documents that do not relate to Abbott. We advised you that we are requesting the production of all documents produced by First Databank — including documents that do not relate specifically to Abbott products — and that you need not go through the effort of separating the documents. You agreed to take my request under advisement.

*Status*: You stated that we could expect to receive a CD of the First DataBank documents, at least those relating to Abbott, within two weeks.

*Wholesaler and Other Third Party Documents.* You noted that documents produced to you by wholesalers (which comprise approximately 100,000 pages from 15 to 20 companies) were produced in response to subpoenas from HHS, and that there may be confidentiality issues to consider before producing them. You are contacting these companies to determine whether they want to assert a confidentiality objection before producing these documents to us.

*Status*: You were unable to commit to a specific date to produce these documents. We are interested in expediting this process in order to gain access to all documents, data or information the government has in its possession or control as a result of its ten-year investigation. At the earliest possible time, we would like to determine whether that material is relevant to our case and, if it is, to decide how we can most efficiently review or copy the material. To speed that process, we respectfully ask that you provide us a description, including the source and volume, of all such documents, data and other information that the government gathered in the course of its investigation.

*File Source Index.* You did not know whether the Government would be able to provide a File Source Index for the Government's initial document production.

*Status*: You indicated you could determine whether the Government could provide a File Source Index for the documents produced fairly quickly, in any event within two weeks. We also will determine the extent to which Abbott can provide similar information for its productions to date.

*Production of Electronic Documents.* In order to facilitate the exchange of electronic documents in electronic format, you will forward a document that sets forth the guidelines the DOJ typically uses when requesting production in electronic format. We will share that document with our technical personnel when we get it.

*Status*: I received an email from you with DOJ electronic production guidelines, and I have forwarded that to the appropriate people here at Jones Day. I hope to have someone contact you shortly to negotiate a mutually agreeable format for electronic document exchanges.

JONES DAY

Mark A. Lavine, Esq.
October 13, 2006
Page 3

***Carriers and Fiscal Intermediaries.*** We have again asked whether the Government, as Plaintiff in this action, will consider documents in the possession of Medicare carriers or Medicaid fiscal intermediaries to be in the possession of the "United States," such that document requests directed to the "United States" are sufficient to request production of responsive materials in the possession of such entities. If your position is that we must serve subpoenas on these carriers and intermediaries, we have asked you whether DOJ represents these entities and will accept service of these subpoenas. You did not yet know the answer to these questions.

*Status*: You stated you would have an answer for us on this issue within one to two weeks.

***Under-seal File.*** We again asked you to produce all documents in any way related to Abbott that were filed under seal in the Southern District of Florida or elsewhere in connection with Ven-A-Care's *qui tam* lawsuit. This request has been outstanding for months, and we again ask you to provide a copy of the Abbott-related pleadings filed under seal in this lawsuit against our client. *See* Letter from J. Daly to M. Lavine dated July 13, 2006. Once the seal was lifted as to the allegations against Abbott, Abbott was entitled to receive those materials immediately. The current stay of *discovery* between the parties is irrelevant to Abbott's entitlement to view *pleadings* for which there is no longer any legitimate basis to be filed under seal. *See, e.g., U.S. ex rel. McCoy v. California Medical Review, Inc.*, 715 F. Supp. 967, 968 (N.D. Cal. 1989) ("neither [§3730(b)(2)] nor any other [section] in the FCA provides authority for retaining the civil action under seal once the Government has elected to intervene"); *United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230-31 (N.D. Ala. 2000) (noting that the act "makes no mention of the government's right to keep *in camera* information under seal indefinitely" and finding "no authority under the [FCA] or elsewhere to hold information relating to this cause under seal") (citation omitted). *See also Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 597 (1978) ("courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents").

*Status*: You stated that you would let us know your position on this issue within a week. Please advise us immediately on this issue, so that we can determine whether to seek relief from the Court.

***Relator Statement.*** We asked for production of the statement submitted to the government by Ven-A-Care pursuant to 31 U.S.C. § 3730(b)(2).

*Status*: You stated that you would let us know your position on this issue within a week.

***Privilege Logs.*** We discussed whether we could agree on a time period in which to exchange privilege logs. Abbott proposes that the parties exchange privilege logs within 30 days after a document production is complete.

**JONES DAY**

Mark A. Lavine, Esq.
October 13, 2006
Page 4

*Status:* You are going to determine whether the Government can agree to the production of a privilege log within 30 days from the date that a document production is completed. We plan to discuss the matter further within the next week.

**Damage Disclosures.** We expressed our belief that Abbott was entitled to more information relating to Plaintiffs' alternative damage theory, as discussed in my letters of August 29, 2006 and September 15, 2006. We continue to believe that the question of what the Medicare and Medicaid clients *would have paid* absent Abbott's alleged wrongdoing is not a question that relies upon expert testimony, but is a question that can be answered by your clients. My letter of September 15, 2006 sets forth the additional information that we believe Plaintiffs should provide.

*Status:* You stated that you would advise us in the coming week whether the Government will supplement its disclosure.

### Abbott's Production

**OCR Files.** You have asked for OCR load files for all documents produced by Abbott. We expressed our position that neither party is obligated to produce OCR load files for non-electronic documents that have been copied or scanned for production. The process of creating such OCR data from non-electronic documents is as much work product as bibliographical coding or other analysis. Also, as noted in previous correspondence, the OCR data previously produced by the Government is not compatible with the document database that we use in this case. In short, we do not believe that sharing of OCR load files is required or advisable in this litigation; each side should create OCR data at is own expense as it sees fit.

*Status:* Further discussion of this issue does not appear to be useful unless you provide additional information that Abbott is required to provide OCR data to you or you convince us that it is advisable to share the cost of such work.

**Bates Numbers.** You have asked about documents bearing multiple "Bates" numbers in Abbott's production. Documents produced by Abbott contain multiple "Bates" numbers to the extent that an earlier production was done with physical numbers. Documents that have been produced specifically for the Texas AG case or MDL 1456 contain the computer-generated Bates numbers from those productions. To the extent that prior productions in cases other than Texas or MDL 1456 contained computer-generated control numbers, the documents produced to you do not contain numbers from the prior productions. The absence of multiple numbers in this regard is not the result of Abbott removing earlier Bates numbers. You stated that the absence of prior production control numbers impedes your ability to compare Abbott's production in this case to the production of documents by Abbott to plaintiffs in other AWP-related actions. Accordingly, you asked whether we would provide a cross-walk between the control numbers from these other document productions.

JONES DAY

Mark A. Lavine, Esq.
October 13, 2006
Page 5

*Status:* We have considered your request and respectfully decline to create the cross-walk you have requested. Such a cross-walk does not currently exist and we are aware of no obligation for Abbott to expend the money and labor needed to create such a cross-walk, nor have you identified such an obligation.

**Redactions.** I believe this is no longer an outstanding issue.

**Confidentiality Designations.** You have asked Abbott to reconsider all of its confidentiality designations. As I stated on the phone and in my earlier letter, all of Abbott's confidentiality designations have been made in good faith, including the specific example cited in your letter. I have invited you to share your specific concerns with Beth O'Connor in our Chicago office at 312-269-1529, who is closer to that process and can address your specific concerns.

*Status:* We decline your invitation to revisit all of Abbott's confidentiality designations. Beth O'Connor remains available to discuss individual designations.

Sincerely,

R. Christopher Cook

cc: Gejaa Gobena
James J. Breen
Renee Brooker
Ann St. Peter-Griffith

JONES DAY

Mark A. Lavine, Esq.
October 13, 2006
Page 6

bcc:   James R. Daly
        Tina M. Tabacchi
        David S. Torborg
        Laura A. Dahl
        Tara Fumerton
        Charma Dudley