# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

October 30, 2006

VIA EMAIL

Mark A. Lavine, Esq.
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

      Re:    *U.S. ex rel. Ven-A-Care v. Abbott Laboratories and Hospira, Inc.*,
              Case No. 06-CV-21303-ASG

Dear Mark:

      I write to follow-up on several open discovery issues.

      **PSPS Data.** Thank you for your letter of October 13, 2006 enclosing new CDs with the government's PSPS data.

      **Unsealed Pleadings.** As we have asked on numerous occasions before, will the DOJ provide Abbott with all documents that in any way relate to Abbott that were filed under seal in the Southern District of Florida or elsewhere in connection with Ven-A-Care's *qui tam* lawsuit? We first requested these documents in July, and have repeatedly provided case law and reasons why Abbott is entitled to this information. You have not explained why you believe Abbott is not entitled to see all of the government's *ex parte* communications with the Court. During our call of October 4, 2006, you stated you would provide us with DOJ's position within a week. We have not heard a response from you. Please advise us of your position on this matter.

      **File Source Index.** I am anxious to learn whether the DOJ will provide a File Source Index for the documents produced in Plaintiffs' initial disclosures. You stated during our October 4th call that you would provide your response on that issue within two weeks.

      **First DataBank Documents.** We are still awaiting your production of the First DataBank documents identified in your initial disclosures over two months ago. I believe you indicated during our October 4th call that we could expect to receive these documents within two weeks. When can Abbott expect to receive copies of these documents?

      **Wholesaler and Other Third Party Documents.** I understand that there are confidentiality issues relating to the wholesaler and other third-party documents identified in

JONES DAY

Mark A. Lavine, Esq.
October 30, 2006
Page 2


your initial disclosures.  In my letter of October 13, 2006, I requested that you provide us a description, including the source and volume, of these documents.  I respectfully repeat that request here.  We believe we are entitled to those documents, and we remain interested in receiving them as soon as possible.

    **Documents "Removed for Relevancy."**  We have requested production of all documents within the Bates ranges of the United States' initial production that were "removed for relevancy."  We cited the documents preceding and following HHC001-0614 through HHC001-0619 as an example.  In addition to HHC001-0613 and HHC001-0620, other examples (but not an exhaustive list) can be found at HHC001-0707, HHC002-0158, HHC002-0493 – 96, HHC003-0581, HHC004-0055 – 58, HHC004-0267-70, HHC009-0022, HHC009-1367-68, HHC010-0786, HHC013-0510, HHC015-0170 – 72, and HHC015-0176 – 77.

    You stated in your October 13, 2006 letter that you reviewed "those documents [referring to HHC001-0613 and HHC001-0620, I believe] and have confirmed that they were removed for relevancy."  I presume this "relevancy" decision was made in the context of responding to the Defendant's 2004 subpoena to HHS, and that any documents from the United States' initial production that have been "removed for relevancy" will not be produced in this case, either as part of your initial production or in response to any discovery request from Abbott.  Please advise me if I am wrong in that assumption.

    **Medicare Carriers.**   On the issue of whether the DOJ will coordinate the production of materials from Medicare Part B Carriers, you stated in your October 13, 2006 letter that you will coordinate the search for and production of relevant Carrier documents "to the extent that these documents are within the United States' possession, custody and control pursuant to the government's rights under its contracts with Carriers."  Could you please provide us with a sample of such a contract so that we may evaluate "the extent that these documents are within the United States' possession, custody and control pursuant to the government's rights under its contracts with Carriers?"  As to Abbott's outstanding discovery requests, please also identify any that should be redirected to Carriers so that we may issues subpoenas promptly.

    **Damages Disclosures.**  Finally, on the subject of Plaintiffs' damage disclosures, you have refused to provide more detail on your alternative damages theory.  You claim that "the United States' damages calculations and theories are data driven and we have very little data from Abbott or other third parties."  As stated in my previous letters, we are asking you to describe in narrative form what the Medicare and Medicaid programs would have paid for the Subject Drugs absent Abbott's alleged fraud.  You do not need additional data to answer that question.  In any event, you have had extensive sales data from Abbott for some time, including transaction-level sales to all U.S. customers for all NDCs identified in the United States' complaint.  You have not described the additional data you believe Plaintiffs need from Abbott to prepare reasonable damage disclosures.

JONES DAY

Mark A. Lavine, Esq.
October 30, 2006
Page 3


      Furthermore, I do not understand why you cannot provide information on your alternative damages calculation now when you were able to share "overpayment" calculations (using Abbott's transactional data) for some 20 of the NDCs identified in the DOJ's complaint with us earlier this year in Washington, DC. Under Rule 26(a), a "party must make its initial disclosures based on the information then reasonably available to it and is not excused from making the disclosures because it has not fully completed its investigation of the case . . . ." Fed. R. Civ. P. 26(a)(1)(E); *see Dixon v. Bankhead*, No. 4:00CV344, 2000 WL 33175440, *1 (N.D. Fla. Dec. 20, 2000) ("If estimates are made which might be subject to revision with expert opinion, that is entirely permissible, but the requirements of Fed. R. Civ. P. 26(a)(1)(C) cannot be avoided if the opposing party insists on compliance.").

                                              Sincerely,

                                              /s/ R. Christopher Cook

                                              R. Christopher Cook

cc:    Gejaa Gobena
        James J. Breen
        Renee Brooker
        Ann St. Peter-Griffith