# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: 202-879-3734
christophercook@jonesday.com

November 3, 2006

<u>VIA EMAIL</u>

Gejaa Gobena
Patrick Henry Building
601 D Street, NW
Room 9028
Washington, DC 20004

James J. Breen
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, Florida  33029-7470

   Re: *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Counsel:

   I write to summarize my understanding of where the parties stand on the discovery issues discussed at this Wednesday's meet-and-confer in our offices in Washington, D.C.  The meet-and-confer was held on November 1, 2006, six days after Judge Saris officially kicked off discovery on October 26, 2006.

   **Discovery Limits.**  The parties reached agreement on discovery limits for Interrogatories and Requests for Production:  Each side in the above-referenced case is limited to 75 Interrogatories and seven (7) sets of Requests for Production.  The parties were not able to reach agreement on the allowed number of Requests for Admission and believe Court intervention will eventually be necessary.  As I understand, the parties agreed to hold in abeyance the RFAs Abbott served on July 12, 2006, pending the Court's resolution of this issue.  If the Court limits the number of RFAs the parties may issue, Abbott will withdraw these RFAs and re-serve RFAs within the Court's limit.

   Consistent with the practice in other cases consolidated in MDL 1456, we agreed that it was unnecessary at this point to set limits on the total number of depositions or deposition hours, or the allowed number of deposition hours per witness.

   As you suggested, we will prepare a proposed CMO to submit to the Court on the number of Interrogatories and Requests for Production of Documents.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Gejaa Gobena
James J. Breen
November 3, 2006
Page 2

**Outstanding Discovery and the Scope of Discovery.**  Putting aside Abbott's RFAs, Abbott expects that Plaintiffs will abide by Federal Rules 33 and 34 and provide written responses to the Requests for Production and Interrogatories that Abbott served on July 12, 2006 and August 4, 2006, respectively.  Abbott previously provided Plaintiffs an extension to August 23, 2006 to answer the Requests for Production.  The day before that deadline passed, Plaintiffs filed a motion to stay discovery.  The Court granted that motion but officially opened discovery at the October 26, 2006 hearing.  Accordingly, by our count, Plaintiffs' written responses to Abbott's Requests for Production of Documents were due on October 27, 2006.  Plaintiffs' written responses to Abbott's Interrogatories are due no later than  November 6, 2006, inasmuch as eleven days were left in Plaintiffs' time to respond when you filed your motion for a stay.

At the meet-and-confer, Abbott offered to allow Plaintiffs 14 additional days to provide written responses to this outstanding discovery.  In making this offer, we stressed that such an extension would be contingent on Plaintiffs agreeing to provide written responses at the end of 14 days and committing to produce documents – particularly those documents that are indisputably responsive – in the very near future.  We have no interest in giving Plaintiffs an extension on the time to respond only to receive instead yet another motion designed to delay discovery.

You did not offer a date when Plaintiffs would provide the written responses required under Rules 33 and 34.  Instead, you reiterated your previously stated objections to the scope of Abbott's discovery and indicated Plaintiffs may seek a protective order in lieu of providing written responses.

As we stated in our meeting, Abbott is willing to discuss and negotiate about the scope of particular discovery requests.  Notwithstanding our willingness to talk, Abbott is entitled to receive timely written responses under Rules 33 and 34.  The exchange of such written responses is the only feasible way of moving forward with an effective and meaningful meet-and-confer about particular discovery requests.  This is the process established by the Rules, and it should be followed here.

A motion for protective order is premature at this point.  Plaintiffs cannot certify that they have met and conferred on Abbott's discovery, as required by Rule 26(c), before providing written responses to that discovery.   In any event, Plaintiffs do not dispute that Abbott is entitled to many of the documents and answers sought in its discovery; and the filing of a protective order would have no impact on Plaintiffs' obligation to provide those documents and answers in the time provided by the rules.

**File Source Index.**  We have repeatedly asked for an index that identifies the source of the documents produced as part of your initial document disclosures (which are in large part the same documents produced by HHS in 2004 in response to the Lupron MDL subpoena).  We have

**JONES DAY**

Gejaa Gobena
James J. Breen
November 3, 2006
Page 3

asked that the index identify specific individuals from whom documents were collected, and we have indicated that we could provide such an index for the majority of Abbott's documents. During an October 4, 2006 call, more than a month after we originally requested a file source index, Mr. Lavine indicated he would provide a response in two weeks. We never received a response.

You indicated on November 1, 2006 that the individual attorney responsible for the original production was on paternity leave, but that you would provide a response by Friday, November 10, 2006 regarding our request for a file source index. You indicated that any "reverse engineering" that may be required to produce such an index for HHS' documents could be completed in a relatively short period of time.

We have asked that the Plaintiffs keep track in the future of the individuals from whom all documents are gathered to facilitate the provision of an acceptable file source index.

**Sealed Documents.** Since at least July we have asked you to provide all documents that in any way relate to the Ven-A-Care *qui tam* against Abbott that were filed under seal in the Southern District of Florida. Mr. Lavine indicated during the October 4, 2006 call that he would provide us with the DOJ's position within a week. We did not receive a response. At the meet-and-confer on November 1, you stated that Abbott was not automatically entitled to any of the documents filed under seal and that you would need another 30 days to decide what, if anything, you would agree should be provided to Abbott.

**First DataBank Documents.** Abbott is still waiting for you to produce those documents from First DataBank that were identified in your initial disclosures nearly three months ago. To avoid the need to segregate documents relating to other manufacturers, you asked whether we could receive clearance from other manufacturers to produce those documents to us. November 1, 2006 was the first time that we were ever advised of any confidentiality issues relating to these documents. Thus, we asked that you provide us a list of the other manufacturers and a description of the documents for which such clearance is needed.

This dispute over First DataBank documents has gone on for too long. We ask that you immediately produce to us all such documents that relate to Abbott, as well as a log of all documents you are withholding based on perceived confidentiality restrictions. If you will not agree to such a production, please advise us promptly.

**Wholesaler and Other Third Party Documents.** We repeated our request for a description, including the source and volume, of these documents. Here also, you are withholding documents on a claim of confidentiality. As with the First DataBank documents, we demand that you produce immediately all documents as to which you have no confidentiality concerns and a log of those withheld.

**JONES DAY**

Gejaa Gobena
James J. Breen
November 3, 2006
Page 4


**Documents "Removed for Relevancy."**  We reiterated our request that you produce the relatively small number of documents identified in my letter of October 30, 2006 that were "removed for relevancy" from your initial disclosures.  Again, those Bates ranges are HHC001-0613, HHC001-0620, HHC001-0707, HHC002-0158, HHC002-0493 – 96, HHC003-0581, HHC004-0055 – 58, HHC004-0267-70, HHC009-0022, HHC009-1367-68, HHC010-0786, HHC013-0510, HHC015-0170 – 72, and HHC015-0176 – 77.  Unless these documents are privileged or you can articulate some legally sufficient reason not to produce them (*e.g.*, the documents are personal in nature), we ask that you simply produce them.  If you will not produce these documents, please provide a log of all documents withheld.

**Documents Previously Withheld Under the Deliberative Process Privilege.**  Abbott asked if the United States will continue to assert the deliberative process privilege on those documents withheld by HHS when it responded to the Lupron MDL subpoena.  For the reasons discussed at the meeting, Abbott believes it has a very strong argument to overcome any deliberative process privilege that might apply to these documents.  As you requested, we will follow up with a letter formally asking you to reconsider your position on these documents.

**Sharing and Bates Numbering Issues.**  As Abbott has consistently stated in briefs and correspondence, Abbott believes its confidentiality designations are consistent with Judge Saris' prior CMOs, and that governmental plaintiffs are not automatically entitled to share all documents Abbott has produced in various cases.  At the meet-and-confer, you stressed that differing Bates numbers across productions made it difficult for you to use the same database for documents produced in this case and the Texas litigation.  It is my understanding that Abbott did take steps to produce documents to the DOJ that maintained the Bates numbers used in the Texas litigation.  Jim Breen indicated that this was not the case in all instances.  Jim agreed to send a computer file that may allow us to determine whether Abbott is able to provide a cross-walk for all documents produced in Texas and the DOJ case.  Once we receive that file, I will undertake to get you the information we have regarding Bates numbers in other cases.  I am confident that we can work this issue out to Jim's satisfaction.

**Damage Disclosures.**  Regarding your alternative damages theory (the only theory we believe is legally valid), we have previously asked Plaintiffs to explain in narrative form what the Medicare and Medicaid programs would have paid for the Subject Drugs absent Abbott's alleged wrongdoing.  We stressed that we are not requesting detailed numbers calculations.  You refuse to supplement your initial damage disclosures, claiming the need for additional sales information from Abbott.  You did not articulate what additional sales information you claim to need, however, beyond the direct and indirect sales data Abbott already has given the government.

**JONES DAY**

Gejaa Gobena
James J. Breen
November 3, 2006
Page 5


 I hope that we can work together to resolve each party's discovery needs, and I look forward to hearing your response to these issues on Monday.


        Sincerely,

        R. Christopher Cook

cc: Renee Brooker
  Justin Draycott
  Mark A. Lavine
  Ana Maria Martinez
  Ann St. Peter-Griffith