ORIGINAL FILED

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE STATE OF CALIFORNIA ex rel. VEN-A-CARE OF THE FLORIDA KEYS, INC. a Florida Corporation, by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES, <br><br> Plaintiffs, <br><br> ABBOTT LABORATORIES, INC., WYETH, INC., and WYETH PHARMACEUTICALS, INC., and DOES 1-200, <br><br> Defendants. | CASE NO. BC 287198 <br> CASE NO. BC 287198 A <br><br> Assigned for all purposes to Honorable Peter D. Lichtman, Dept. 322, Central Civil West <br><br> [PROPOSED] PROTECTIVE ORDER AND PARTIAL UNSEALING ORDER TO PROVIDE DEFENDANTS WITH DOCUMENTS IN THE COURT FILE AND STIPULATION TO ENTRY THEREOF <br><br> ORIGINALLY FILED UNDER SEAL ON JULY 28, 1998 <br><br> Complaint Filed: January 7, 2003 <br> Originally Filed Under Seal on: July 28, 1998 <br> Trial Date: None Set |

WHEREAS, defendant Abbott Laboratories, Inc. ("Abbott") and defendants Wyeth Inc. and Wyeth Pharmaceuticals Inc. (collectively, "Wyeth"), have filed motions to modify the February 4, 2003 order of this Court addressing the partial lifting of the seal as to documents in the Court's file;

WHEREAS, the Court conducted a status conference on March 3, 2003 during which (a) the parties agreed to meet and confer concerning a procedure to provide defendants with redacted and/or unredacted copies of documents in the Court's files, and (b) the Court continued the hearing of the motion to lift the seal to May 1, 2003; and

WHEREAS, the parties now have met and conferred and request entry of the following order:

IT IS HEREBY ORDERED as follows:

1.   The Court file in Case No. BC 287198 and BC 287198 A shall be partially unsealed

[Proposed] Stipulation/Protective Order And Partial Unsealing Order to Provide Defendants With Documents In The Court File And Stipulation to Entry Thereof

1  as specified herein.

2  2. As a service to the Court, counsel for plaintiffs shall review the Court file in Case No. BC 287198 and Case No. BC 287198A and identify those documents to be disclosed either in redacted form or without any redactions. The State of California reserves the right to object to the disclosure of any document under seal which it deems to be confidential, privileged, or not subject to disclosure by operation of law. As to any documents under seal which are objected to by the State of California, the State will identify the document by Bate Stamp number and general description and will provide written notice of same upon completion of the review as set forth in Paragraph 3.

Subject to the State's reservation to object to disclosure of documents, Plaintiffs shall review and redact those portions of documents that reflect (a) allegations against other defendants that remain under seal and the names and number of other defendants who are or have been the subject of investigation by the Attorney General for the State of California; (b) the identities of other jurisdictions, governmental entities, and persons conducting non-public investigations, the type of investigation being so conducted, and the content(s) of such investigation; (c) the names of other individuals or entities who are the subject of non-public investigations; (d) the strategy and resources of the California Attorney General's office or other government agencies in pursuing their investigations against all defendants; (e) the existence and contents of any related litigation in other jurisdictions that remains under seal; and (f) the existence and contents of any related settlement or settlement documents with any defendant. Any redactions not evident from the context of the document shall be clarified on request. Upon completing review of the Court file, Plaintiffs will provide written notice to the Court and defendants of any new categories or documents deemed necessary to protect the confidentiality of matters in the court file.

3. Subject to the State's reservation and objections to disclosure as set forth above, Plaintiffs shall provide a complete set of the court file with redactions to counsel for Abbott and Wyeth. The court file shall be provided to counsel for Abbott and Wyeth in installments as redactions are completed and the full file shall be delivered by no later than the morning of March

[Proposed] Stipulation/Protective Order And Partial Unsealing Order to Provide Defendants With Documents In The Court File And Stipulation to Entry Thereof

1  20, 2003. Counsel for Plaintiffs shall provide defendants Abbott and Wyeth with a log describing
2  any withheld documents or identifying pages with redactions. The log shall also state the basis for
3  each redaction or withholding of documents (i.e., (a) through (f) in Paragraph 2 or other basis, if
4  applicable). The log shall be provided in installments and the final installment shall be delivered by
5  March 31, 2003.

6   4. The Court file or portions thereof, provided to defendants pursuant to the Court's
7  order shall be deemed confidential and shall not be disclosed by defendants except as follows: (a)
8  to counsel for defendants Abbott and Wyeth in this case and such employees of their law firms as
9  are acting under the supervision of counsel for defendants; and (b) up to three "in-house" counsel
10 for each of Abbott and Wyeth who are responsible for assisting in the preparation of the defense of
11 this action, provided that counsel for Abbott and Wyeth obtained written assurance that such "in-
12 house" counsel will not disseminate copies of the documents to any other person in their
13 organization.

14   5. To the extent any document subject to the disclosure restrictions in Paragraph 4 is
15 attached to any papers filed with the Court, it shall be submitted in a sealed envelope indicating
16 that it is being filed pursuant to a confidentiality order. This Court's prior order sealing the record
17 satisfies the requirements of Rules 243.1 to 243.2 to the extent applicable to a file sealed pursuant
18 to section 126582(c) of the Government Code and no further showing shall be required in
19 connection with the filing under seal of any documents subject to this order.

20   6. Defendants Abbott and Wyeth reserve their rights to challenge the seal and the
21 manner in which any document is treated pursuant to this order. Defendants Abbott and Wyeth
22 may file motions with the Court challenging the appropriateness of redactions and the need for
23 disclosure restrictions as to any documents that are subject to this order.

24 SO ORDERED:

25                                  PETER D. LICHTMAN
26 DATE: MAR 2 1 2003
                                    _____
                                    PETER D. LICHTMAN
27                                  JUDGE OF THE SUPERIOR COURT

28 [Proposed] Stipulation/Protective Order And Partial Unsealing Order to Provide
   Defendants With Documents In The Court File And Stipulation to Entry Thereof

TOTAL P.05

1      By and through their counsel of record the parties HEREBY STIPULATE TO
2  ENTRY OF THE ABOVE ORDER.
3
4  Dated: March 7, 2003                        BILL LOCKYER, Attorney General
                                                   of the State of California
5                                        THOMAS A. TEMMERMAN, Senior
                                       Assistant Attorney General
6                                        ELISEO SISNEROS
                                       Supervision Deputy Attorney General
7                                        WILLIAM S. SCHNEIDER
                                       Deputy Attorney General
8
9                                        By: _____
                                                     WILLIAM S. SCHNEIDER
10                                        Deputy Attorney General
                                       On behalf of the State of California
11
12 Dated: March ___, 2003                    ENGSTROM, LIPSCOMB & LACK
                                       GIRARDI & KEESE
13                                        COTCHETT, PITRE, SIMON &
                                       McCARTHY
14                                        THE BREEN LAW FIRM
15
16                                        By:_____
                                                      FRANK D. PITRE
17                                        On behalf of Qui Tam Plaintiff
                                       Ven-A-Care
18
19 Dated: March 19, 2003                     JONES DAY
20
21                                        By:_____
22                                                      DANIEL D. McMILLAN
                                       Attorneys for Defendant Abbott
23
24 Dated: March 19, 2003                     ARNOLD AND PORTER
                                       OBER, KALER, GRIMES & SHIVER
25
26                                        By: S. Craig Holden by DDM    S. Craig Holden
                                       LAWRENCE A. COX
                                       Attorneys for Defendant Wyeth
27
28 [Proposed] Stipulation/Protective Order And Partial Unsealing Order to Provide
   Defendants With Documents In The Court File And Stipulation to Entry Thereof

1  By and through their counsel of record the parties HEREBY STIPULATE TO
2  ENTRY OF THE ABOVE ORDER.
3
4  Dated: March 7, 2003

BILL LOCKYER, Attorney General
of the State of California
THOMAS A. TEMMERMAN, Senior
Assistant Attorney General
ELISEO SISNEROS
Supervision Deputy Attorney General
WILLIAM S. SCHNEIDER
Deputy Attorney General

By: _____
WILLIAM S. SCHNEIDER
Deputy Attorney General
On behalf of the State of California

12  Dated: March 19, 2003

ENGSTROM, LIPSCOMB & LACK
GIRARDI & KEESE
COTCHETT, PITRE, SIMON &
McCARTHY
THE BREEN LAW FIRM

By: _____
FRANK D. PITRE
On behalf of Qui Tam Plaintiff
Ven-A-Care

19  Dated: March ___, 2003

JONES DAY

By: _____
DANIEL D. McMILLAN
Attorneys for Defendant Abbott

24  Dated: March ___, 2003

ARNOLD AND PORTER

By: _____
LAWRENCE A. COX
Attorneys for Defendant Wyeth

28  [Proposed] Stipulation/Protective Order And Partial Unsealing Order to Provide Defendants With Documents In The Court File And Stipulation to Entry Thereof

## PROOF OF SERVICE BY MAIL
State of California ex rel Ven-A-Care v. Abbott Laboratories, Inc., Wyeth, Inc., Wyeth Pharmaceuticals
(LASC Case No. BC 287198A)

STATE OF CALIFORNIA ) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, declare that I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 555 West Fifth Street, Suite 4600, Los Angeles, California 90013. On March 20, 2003, I served the foregoing document described as, **[PROPOSED] PROTECTIVE ORDER AND PARTIAL UNSEALING ORDER TO PROVIDE DEFENDANTS IN THE COURT FILE AND STIPULATION TO ENTRY THEREOF,** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**William S. Schneider, Esq.**
Deputy Attorney General
110 West "A" Street, Suite 1100
P.O. Box 85266
San Diego, CA 92186-5266

**Lawrence A. Cox**
Arnold & Porter
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017-2513

**S. Craig Holden, Esq.**
Ober Kaler
120 East Baltimore Street
Baltimore, MD 21202

**Frank M. Pitre, Esq.**
Cotchett, Pitre & Simon
840 Malcolm Road, Suite 200
Burlingame, CA 94010-1413

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2003, at Los Angeles, California.

_____
Tricia Grundl