UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**ABBOTT LABORATORIES' REPLY IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER AND
MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS**

Plaintiffs served subpoenas on eleven Abbott customers months after Track 2 discovery closed (the "Subpoenas"). Plaintiffs' continued efforts to enforce these untimely Subpoenas are baseless. Essentially, Plaintiffs implore the Court to overlook their late service by reprising the same "bad Abbott" arguments that this Court found insufficient in the context of Plaintiffs' motion to compel against Abbott: Abbott *may* not have produced some documents that these customers *might* have, so we should get to subpoena the customers, the argument appears to go.

The problem for Plaintiffs is that they had everything they needed to decide whether to serve these Subpoenas long before the discovery cutoff came and went – even under the interpretation of that date most favorable to Plaintiffs. Nothing about Plaintiffs' baseless motion to compel (or anything else for that matter) told Plaintiffs something that they didn't know back then. Had Plaintiffs wanted to pursue their belt-and-suspenders approach (ask Abbott for documents, then ask Abbott's customers for the same documents), they should have done that months ago. They chose not to do so, and it is too late in the day for them now. The Subpoenas should be quashed, or a protective order should issue to prevent their enforcement, or both.

## ARGUMENT

Plaintiffs' five-and-a-half-page defense of their Subpoenas is as short on merit as it is on length. Its principal points are easily dispatched:

1. Plaintiffs' Opposition utterly fails to rebut *the central point* of Abbott's motion: the discovery deadline has expired, even under the *Plaintiffs' own proposal*. At a minimum, Plaintiffs should be made to honor *their own proposed deadline* of June 30, 2006. Remarkably, Plaintiffs now contend that because the Court has not ruled on the two competing proposals filed months ago (Dkt. Nos. 1950-1 and 1955), the deadline is extended until the date of the ruling, no matter how the Court ultimately rules. In essence, Plaintiffs seek to parlay an overburdened docket into a windfall for unjustifiably late discovery. That is wrong.

2. Abbott clearly has standing under Rule 26 to contest and prevent discovery served outside of any conceivable deadline. *See Marvin Lumber & Cedar Co. v. PPG Indus. Inc.*, 177 F.R.D. 443, 445 n.2 (D. Minn. 1997) ("There *can be no question* as to the standing of [a party] to seek protection from discovery gone away.") (emphasis added). Plaintiffs' only response is to attempt to confuse the issue by blurring Rule 26 standing with Rule 45 standing, and arguing that the latter is lacking. (Opposition at 2-3.) Plaintiffs are wrong on the Rule 45 point (as set out below), but regardless, under Rule 26, the expiration of the discovery deadline provides ample cause to support Abbott's motion. *See id.* at 445; *Williams v. Weems Cmty. Mental Health Ctr.*, 2006 WL 905955, *1 (S.D. Miss. Apr. 7, 2006) ("Plaintiff seeks to compel the Defendants to adhere to the discovery deadline previously imposed by the court. There being no standing problem in such a motion, the court will consider it as such."). Indeed, Plaintiffs essentially admit as much when they argue in their Opposition, that "Abbott has failed to identify any interest of its own that it seeks to protect (*other than the purported existence of a Track 2 discovery deadline*) . . . ." (Opposition at 3 (emphasis added).) The expiration of a discovery

deadline, by itself, justifies a Rule 26 protective order here; Plaintiffs should not be permitted to "obtain through one means, Rule 45, what [they have] been precluded from obtaining through another, the expired discovery schedule." *Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000).

3.  Abbott also has standing to seek to quash these Subpoenas under Rule 45 because they present an unnecessary burden to Abbott. "The obligation of a party to monitor an opponent's discovery . . . is no less burdensome or expensive than that demanded by the other methods of formal discovery and, in fact, can be considerably more burdensome and expensive than those forms of discovery which are unquestionably regulated by Rule 16." *Marvin Lumber*, 177 F.R.D. at 445; *see Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("To the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden for Defendants, Defendants have standing to quash on those grounds.").

4.  The burdensomeness of these eleven Subpoenas, which simply ask Abbott's customers to produce the same documents Abbott has already produced, is self-evident. While Plaintiffs boldly (and self-servingly) predict that their duplicative document requests *may* produce documents in addition those Abbott has already produced – and in any event, will not (in Plaintiffs' view) be burdensome to *anyone* – that does not help them.

5.  First, the *mere possibility* that a few new documents may be produced cannot justify the burden imposed by Plaintiffs' overly broad and duplicative Subpoenas.[1] It cannot be

---

[1] Plaintiffs' gratuitous shot, that Abbott's production of a quarter million "largely unresponsive" documents somehow justifies review of "a few more" documents, is ridiculous. Even in their ill-fated motion to compel, Plaintiffs never alleged that Abbott's production was unresponsive to Plaintiffs' requests. Nor could Plaintiffs so allege, consistent with their Rule 11 obligations. Rather, Plaintiffs are apparently still disappointed that, when Abbott produced documents in response to Plaintiffs' overly broad document requests, it did not yield for Plaintiffs the proverbial smoking gun that they expected to find. That is not a remediable discovery problem, as this Court's

seriously argued that Plaintiffs' broad Subpoenas, directed at no less than eleven Abbott customers and seeking documents spanning a decade and a half, will produce *only* the "additional" documents whose existence Plaintiffs postulate.  Rather, the Subpoenas will adduce an avalanche of duplicative paper, and Abbott will be forced to review all of it.

6.   Second, Plaintiffs' unsupported assertions that they have conducted some sort of "informal survey" that has revealed that some of Abbott's customers may cooperate and produce documents is as irrelevant as it is unsubstantiated.  Plaintiffs' failure to support such assertions by way of even their own affidavit – let alone statements from the Subpoena recipients about how they are ready and willing to produce documents – speaks volumes.

7.   Third, Plaintiffs' contention that even if Track 2 discovery has expired, there is no prejudice to anyone in letting them continue discovery with these Subpoenas, is absurd.  Dealing with these Subpoenas will require a significant expenditure of time by Abbott's customers and Abbott.  More to the point, prejudice results almost anytime one party is forced to observe deadlines while the other party ignores them.

8.   Finally, as a red herring, Plaintiffs suggest that the impetus for issuing the post-discovery third-party Subpoenas somehow are the result of Plaintiffs' wholly unrelated discovery disputes with Abbott.  Plaintiffs are well aware that they have never conferred with Abbott regarding these particular entities or expressed a concern that the documents requested in Plaintiffs' Subpoenas are missing from Abbott's production.  Moreover, Plaintiffs leave unanswered the basic question as to why they could not have issued timely subpoenas to Abbott's customers.  Plaintiffs have long known these customers' identities, and Plaintiffs could

---

(continued…)

denial of Plaintiffs' motion to compel confirms.  It is a problem with Plaintiffs' case against Abbott – but resolution of that is not presently before the Court.

have sought discovery from these entities at any time prior to the close of discovery.  Plaintiffs' attempt to shift the blame to Abbott for Plaintiffs having chosen not to issue timely third-party subpoenas is as transparent as it is meritless.

## CONCLUSION

The Court should enter a protective order barring Plaintiffs from enforcing, prosecuting, or executing the Subpoenas.  In addition, or in the alternative, the Court should quash Plaintiffs' Subpoenas.

Dated:  December 5, 2006                                            Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile:   (212) 755-7306

*Counsel for Defendant Abbott Laboratories*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ABBOTT LABORATORIES REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS was served on all counsel of record electronically by causing same to be posted via LexisNexis this 5th day of December, 2006.

In addition, ABBOTT LABORATORIES REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS was served, via FedEx, upon the following:

Amerinet, Inc.
c/o CT Corporation System
120 South Central Avenue
Clayton, MO

Apria Healthcare Group, Inc.
c/o National Registered Agents, Inc.
2030 Main Street, Suite 1030
Irvine, CA 92614

Gerimed, Inc.
c/o H. Joseph Schutte
9505 Williamsburg Plaza
Louisville, KY 40222

Healthtrust Purchasing Group, LP
c/o CT Corporation System
800 S. Gay St., Suite 2021
Knoxville, TX 37929

Managed Healthcare Associates, Inc.
c/o Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

Medassets, Inc.
c/o CT Corporation System
1201 Peachtree St. N.E.
Atlanta, GA 30361

Novation LLC
c/o CT Corporation System
350 N. St. Paul St.
Dallas, TX 75201

Omnicare, Inc.
c/o CSC-Lawyers Incorporating Service
421 West Main Street
Frankfort, KY 40601

Pharmaceutical Buyers, Inc.
c/o The Prentice Hall Corporation System, Inc.
1560 Broadway
Denver, CO 80802

Pharmacy Factors of Florida
c/o CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

Premier, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This 5th day of December, 2006.

    /s/ Brian J. Murray