UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 |
| ) | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) | Judge Patti B. Saris |
| ALL CLASS ACTIONS ) ) ) | |

**TRACK ONE DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE AMENDED TRIAL AFFIDAVITS OF GLENN RANDLE AND SHARON FAULKNER**

The Track One Defendants respectfully submit the following opposition to Plaintiffs' Motion for Leave to File Amended Trial Affidavits of Glenn Randle and Sharon Faulkner ("Pls.' Mot. for Leave").  The motion should be denied because (1) this new testimony is untimely; and (2) the new testimony merely makes explicit the previously implicit fact that the original testimony was improperly not based on personal knowledge.

This Court has previously expressed concern with affidavits of written testimony that were not based on personal knowledge.  On the second day of trial, in response to the suggestion "that Plaintiffs should be required to resubmit these written directs, taking out those statements that are really the testimony of counsel," (Trial Tr. (Nov. 7, 2006) at 198:15-17), the Court replied:

> Yes.  I found some of that disturbing this morning.  Those poor women didn't have the foggiest what things were and it was in the affidavit.  I mean, to the extent -- you should with the next few witnesses review them, and if it wasn't something the witness knew but was something that you told them, you have an obligation to flag that for us, because it was quite clear that those [plaintiffs'

>       witnesses] didn't know the things that were in the affidavit on their
>       own.

(*Id.* at 198:18-25.)

In response to Track One Defendants' motions to strike portions of the witnesses' trial affidavits not based on personal knowledge, Plaintiffs have effectively conceded that portions of the affidavits are not based on personal knowledge.  However, Plaintiffs' proposed remedy – to explicitly acknowledge that the testimony in the amended affidavits is simply repetition of attorney testimony – does not address the problem.  The testimony remains inadmissible hearsay, not personal knowledge.  Moreover in the case of Sharon Faulkner, Plaintiffs make matters worse by adding testimony that was not in her original affidavit.  Plaintiffs may not, as they propose to do, amend and supplement the written direct testimony now that the witnesses have left the stand and are no longer subject to cross-examination.  Thus, the Court should not permit Plaintiffs to file amended affidavits and should strike those portions of the direct testimony not based on personal knowledge.

## PROPOSED AMENDED TRIAL AFFIDAVIT OF GLENN RANDLE

Plaintiffs' attempt to "cure" defects in the written testimony of Glenn Randle by explicitly acknowledging instances in which information or documents were provided by counsel is both improper and insufficient.  (Pls.' Combined Opp. to the Track One Defs.' Mots. To Strike Portions of the Trial Affs. of Glenn Randle and Sharon Faulkner at 2.)   For example, in the Motion to Strike, Track One Defendants objected to a paragraph that began "[b]ased on our investigation, I know that the Fund reimbursed for Defendants' drugs at issue in this case and specifically that the Fund reimbursed Massachusetts residents for Defendants' drugs," (Trial Aff. of Glenn Randle at ¶ 6), because trial testimony revealed that the witness had no personal knowledge of the drugs for which Sheet Metal Workers ("SMW") reimbursed.  Plaintiffs

2

proposed to remedy the problem by amending the affidavit to read, "*I have been told by the Fund's attorneys* that the Fund reimbursed for Defendants' drugs at issue in this case and specifically that the Fund reimbursed Massachusetts residents for Defendants' drugs." (Amended Trial Affidavit of Glenn Randle ("Amended Randle Aff.")  ¶ 6 (emphasis added.))   The Amended Randle Affidavit is littered with similar examples of Plaintiffs making explicit what had previously been implicit, *i.e.*, that the testimony in question came from counsel and not the personal knowledge of the witness.  (Amended Randle Aff. at ¶¶11 ("I was provided ... by the Fund's attorneys"), 12 ("I have been informed by the Fund's attorneys"), 13 ("I also understand from speaking with the Fund's attorneys"), 14 ("I have been supplied by the Fund's attorneys."))  Inserting the explicit acknowledgement that the information amounts to testimony of Plaintiffs' counsel does nothing to cure the problem that the witness is not testifying to his own personal knowledge.

## PROPOSED AMENDED TRIAL AFFIDAVIT OF SHARON FAULKNER

*A.      Counsel's Testimony is not the Proper Subject of Fact Witness Affidavits*

Similarly, with respect to the Amended Affidavit of Sharon Faulkner ("Amended Faulkner Aff."), Plaintiffs have only moved from implicit reliance on counsel's testimony to explicit reliance.   For example, Paragraph 5 reads "I have been informed by the Health Fund's attorneys that Medicare's allowable amount is based on AWP.  Based on that information and because the Health Fund's co-payment is, in all cases, a percentage payment of Medicare's allowable amount, the Fund's co-payment is likewise based on AWP."  (Amended Faulkner Aff. at ¶ 5.)[1]  These are allegations that require proof from knowledgeable witnesses and not bald

---

[1] Like the Amended Randle Affidavit, the Amended Faulkner Affidavit is replete with explicit references to the Health Fund's attorneys acting as the source of testimony.  (*Id.* at  ¶¶ 8 ("I was provided ... by the Health Fund's attorneys"), 9  ("I have been supplied by the Health Fund's attorneys"), 11 ("I have been informed by the Health

assertions made by counsel.  In fact, counsel's bald assertion is directly contrary to Ms. Faulkner's live testimony in which, *as described by her own counsel*, "[s]he's testified that she's not familiar at all with how Medicare reimburses." (Trial Tr. (Nov. 7, 2006) at 9:4-10:2.)  In fact, Ms. Faulkner specifically testified that she "can't tell us whether this particular prescription of albuterol was either billed on the basis of AWP, allowed on the basis of AWP by Medicare, or co-insured by you on the basis of AWP."  (*Id.* at 23:5-8.)  Thus, it is impossible for Ms. Faulkner to provide any factual basis for counsel's testimony.

      B.    *New Testimony Offered for the First Time Should be Stricken*

As part of the "revisions" to her affidavit, Plaintiffs propose to add an entirely new section to the written testimony of Ms. Faulkner to authenticate SMW claims data.  Plaintiffs had multiple opportunities to provide written or live testimony from a witness who could authenticate these documents, and they failed to do so.  Plaintiffs may not correct the inadequacies in their case by filing amended affidavits on behalf of witnesses who have left the stand and who Defendants do not have the ability to cross-examine.  Furthermore, the proposed testimony is contrary to Ms. Faulkner's live testimony.  For example, when asked if she had ever "personally looked at" a subset of the documents she purports to authenticate – "claims forms that have come into your organization involving albuterol" – Ms. Faulkner responded "No, I have not." (*Id.* at 14:12-17.)  Because of that lack of familiarity, Defendants were not able to cross-examine the witness on whether the Sheet Metals claims data does or does not show reimbursement based on AWP.  In any event, the proposed new testimony comes too late and should not be admitted.

---

Fund's attorneys"), 12 ("I also understand from speaking with the Health Fund's attorneys"), 14 ("I have been supplied by the Fund's attorneys."))

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Trial Affidavits of Glenn Randle and Sharon Faulkner should be denied, and Defendants' Motions to Strike Portions of the Trial Affidavits of Glenn Randle and Sharon Faulkner should be granted.

Respectfully Submitted,

TRACK ONE DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  December 5, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 5, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                 /s/ Adam Wright
                                                 Adam Wright