**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) ) ) |  |

**TRACK 1 DEFENDANTS' MOTION FOR A FAIR ALLOCATION
OF TIME TO RESPOND TO PLAINTIFFS' REBUTTAL EVIDENCE**

Plaintiffs and defendants should have an equal opportunity to present and respond to the plaintiffs' rebuttal evidence.  Over the past two days, it has become apparent that plaintiffs intend to present their rebuttal evidence in a way that denies the defendants a fair opportunity to respond.  Accordingly, defendants hereby move for a fair allocation of time so that they may adequately address plaintiffs' rebuttal evidence.  Defendants are not asking the Court to extend the trial schedule, merely to allocate the remaining time fairly.

## Argument

Plaintiffs will present their rebuttal case on the morning of Monday, December 18, 2006.  They intend to submit written rebuttal testimony, live rebuttal testimony, and exhibits.

Dr. Rosenthal's written testimony is 9 pages long and includes 311 pages of exhibits.  Dr. Hartman's written testimony, which was not submitted to defendants until the early hours of December 15, is 21 pages long and includes 109 pages of exhibits.  Plaintiffs have warned defendants that their written rebuttal testimony is not complete. Dr. Rosenthal states that her written testimony merely identifies the "general topics of my rebuttal testimony, which may be amplified in court during my live testimony."

Currently, one-half of the morning on December 18 is allocated to plaintiffs to present live testimony, and the other half to defendants for cross-examination.  This allocation of time does not give defendants sufficient opportunity to respond to the entirety of plaintiffs' rebuttal evidence, which consists of both written and live testimony and exhibits.

Fortunately, the problem is not difficult to remedy.  Plaintiffs should be required either to forego the presentation of written testimony, and rely solely on live testimony, or to

forego live testimony, and rely solely on written testimony. Without such an adjustment defendants will not have adequate time for cross-examination.

Accordingly, defendants move for a fair allocation time to respond to plaintiffs' rebuttal evidence.

Respectfully submitted,

THE FOLLOWING TRACK 1 DEFENDANTS

By:  /s/ Andrew D. Schau

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Attorneys for the Johnson & Johnson Defendants


Nicholas C. Theodorou (BBO # 496730)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP


Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP

1332121_1.DOC

2

        875 Third Avenue, Suite 2600
        New York, NY 10022

        Attorneys for the Bristol-Myers Squibb Co.
          and Oncology Therapeutics Network Corp.


        John T. Montgomery (BBO #352220)
        Steven A. Kaufman (BBO #262230)
        Eric P. Christofferson (BBO #654087)
        Ropes & Gray LLP
        One International Place
        Boston, MA 02110

        Attorneys for Schering-Plough Corp. and
          Warrick Pharmaceuticals Corp.

Dated: December 15, 2006

## Certificate of Service

I certify that a true and correct copy of the foregoing was delivered on December 15, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

/s/ Adeel Mangi
Adeel Mangi

1332121v1