# EXHIBIT A



 

**HOME | NEWS | CURRENT ISSUE | BUYER'S GUIDE | ARCHIVES | RESOURCES**

May 2002

# RESPIRATORY'S NEW CODING HEADACHE

**Article Tools**
» E-Mail This Article
» Reprint This Article
» Write the Editor
» Print This Article

 Search

» Advance
📖 Resou
» Media Ki
» Editorial
» Advertis

*KP/KQ modifiers might KO nebulizer drug suppliers.*

**Lisa K. Smith, JD**

 If you find rereading and trying to figure out the nebulizer medical policies of the four Durable Medical Equipment Regional Carriers (DMERCs) more challenging than deciphering tax codes written in Latin, you are not alone. Providers of nebulizers and the common nebulizer medication combination albuterol/ipratropium often struggle with these provisions, particularly with the section on how to use the KP and KQ modifiers when two or more drugs (such as albuterol and ipratropium) are combined.



Unfortunately, what you do not know can hurt you. Last fall, CIGNA, the Region D DMERC, figured out that respiratory medication suppliers who billed the unit dose with the KP modifier on the albuterol and the KQ modifier on the ipratropium were being reimbursed as much as 31% more than the suppliers who billed with the KP modifier on the ipratropium and the KQ modifier on the albuterol.

CIGNA reacted by sending overpayment letters to pharmacy suppliers who billed the unit dose with the KP modifier on the albuterol and the KQ modifier on the ipratropium. In addition, AdminaStar Federal, the Region B DMERC, followed suit and sent letters to similarly situated pharmacy suppliers stating that AdminaStar had identified them as billing this combination incorrectly and would review the pharmacy suppliers' albuterol/ipratropium claims from September 1, 1997, through June 30, 2001. Palmetto GBA, the Region C DMERC, is reportedly currently reviewing the issue, and it is safe to assume that Region A has also noticed the coding problem.

At the heart of the issue is whether the pharmacy suppliers knew, or should have known, how to determine the "correct" way to code the KP and KQ modifiers. The nebulizer medical policies of all four DMERCs contain the following provision:

> When there is a single drug in a unit dose container, the KO modifier is added to the unit dose form code. When two or more drugs are combined by a pharmacist and dispensed to the patient in the same unit dose container, all of the drugs are billed using the unit dose form code. However, the KP modifier is added to only one of the unit dose form codes and the KQ modifier is added to the other unit dose code (s). *When two or more drugs are combined, the use of the KP and KQ modifiers should result in a combination that yields the lower cost to the beneficiary.* (Emphasis added.)

The KP modifier is defined as "First drug of a multiple drug unit dose formulation," and KQ is defined as "Second or subsequent drug of a multiple drug unit dose formulation." But in the case of albuterol/ipratropium

combinations, which comes first? Put albuterol first in the most common albuterol/ipratropium combination and the reimbursement computations look as follows:

```
Albuterol         J7619KP              2.5 x $0.47 = $1.18
Ipratropium       J7644KQ              0.5 x $2.93 = $1.47
                                              $2.65 per unit dose
```

Put ipratropium first in the exact same drug combination and reimbursement computations look as follows:

```
Ipratropium       J7644KP              0.5 x $3.34 = $1.67
Albuterol         J7619KQ              2.5 x $0.14 = $0.35
                                              $2.02 per unit dose
```

Some pharmacy suppliers have interpreted the sentence at issue as a mandatory billing instruction and have selected the drug for the KP modifier based solely on which KP/KQ combination results in the lowest cost. Other pharmacy suppliers have interpreted the sentence at issue as simply commentary as to why the KP/KQ modifier system was implemented, and have sought guidance to determine which drug receives the KP modifier.

As of April of last year, various DMERC personnel gave the following contradictory verbal responses when questioned about the issue:

- "The less expensive drug of the combination should have the KP modifier and the more expensive drug should have the KQ modifier." (In the albuterol/ipratropium combination, there are usually 2.5 mg of albuterol and 0.5 mg of ipratropium. The cost of albuterol with the KP modifier is 2.5 times $0.47 or $1.175. The cost of ipratropium with a KP modifier is .5 times $3.34, or $1.67. Thus, guidance that the KP modifier should go on the less expensive drug would indicate that the KP modifier should go on the albuterol.)
- "Compare the reimbursement of the unit dose form of each of the drugs in the compound, and whichever one is cheaper is the drug that should receive the KP modifier."
- "Ipratropium should be billed with the KP modifier because it only comes in unit dose form, and albuterol should be billed with the KQ modifier because it comes in a concentrate form and will be paid at a lesser rate."
- "It does not matter which modifier is assigned to which drug as long as the KP modifier is assigned to only one drug in the compound and KQ to all others."
- "The pharmacist should determine which drug is the first drug in the compound."

Studying the example contained in each of the DMERCs' Supplier Manuals also fails to clarify the issue. In the example, there is a combination unit dose comprised of 20 mg of cromolyn sodium and 2.5 mg of albuterol. The cromolyn is assigned the KP modifier and the albuterol is assigned the KQ modifier. However, the example fails to state why cromolyn is selected for the KP modifier. In the example, the 20 mg of cromolyn in the combination is greater than the 2.5 mg of albuterol (which could support the argument that the KP modifier goes on the drug considered by the pharmacist to be the "primary drug"), but using the KP modifier on cromolyn also results in a lower cost (which could support the "lower cost" argument).

**Lack of Clarification/Notification**
Unlike medical necessity issues that require the DMERC to review additional information to determine whether the claim is appropriate, the correct or incorrect use of the KP/KQ modifiers is determinable from looking solely at the claim. Despite the fact that pharmacy suppliers have been submitting albuterol/ipratropium combination unit dose claims since 1997 (some with the KP modifier on albuterol and others with the KP modifier on ipratropium), we are unaware of any pharmacy supplier submitting albuterol/ ipratropium claims with the KP modifier on albuterol that has previously been informed that doing so was improper. In fact, pharmacy suppliers have had such claims be the subject of prepayment reviews, postpayment audits, and reviews of denied claims when the usage was in excess of utilization guidelines and the claims were either approved, or denied or adjusted, for reasons other than incorrect usage of the KP/KQ modifiers. If the "correct" use of the

KP/KQ modifiers was so clear, why didn't the DMERC personnel reviewing these claims identify this as an issue at the time?

**Is it a Flawed Methodology?**
The DMERCs' methodology of requiring that the supplier compute all of the KP/KQ permutations for the drugs being dispensed and select the one that results in the lowest cost can result in a situation where a pharmacy supplier will get reimbursed less for dispensing three drugs in a single unit dose than it would if it dispensed only two of the three drugs. For example, assume that a pharmacy is asked to dispense unit doses containing 2.5 mg albuterol, .5 mg ipratropium, and .4 mg triamcinolone. Under the fee schedule for first quarter 2002, the calculations would be as follows:

```
Albuterol        J7619KP        2.5 x $0.47 = $1.18
Ipratropium      J7644KQ        0.5 x $2.98 = $1.49
Triamcinolone    J7684KQ        0.4 x $0.04 = $0.02
                                $2.69 per unit dose

Ipratropium      J7644KP        0.5 x $3.34 = $1.67
Triamcinolone    J7684KQ        0.4 x $0.04 = $0.02
Albuterol        J7619KQ        2.5 x $0.14 = $0.35
                                $2.04 per unit dose

Triamcinolone    J7684KP        0.4 x $0.13 = $0.05
Ipratropium      J7644KQ        0.5 x $2.98 = $1.49
Albuterol        J7619KQ        2.5 x $0.14 = $0.35
                                $1.89 per unit dose

Compared To
Ipratropium      J7644KP        0.5 x $3.34 = $1.67
Albuterol        J7619KQ        2.5 x $0.14 = $0.35
                                $2.02 per unit dose
```

To combat overpayments charges, review your files to locate documentation of DMERC guidance on the use of KP/KQ modifiers and claims where the DMERC did not identify the "incorrect" use of KP/KQ modifiers.

*Lisa K. Smith, JD, is an attorney with the Health Care Group of Brown & Fortunato PC of Amarillo, Tex.*

**ARCHIVES** | **TABLE OF CONTENTS** | **TOP OF PAGE**



**News** | **Current Issue** | **Buyer's Guide** | **Archives** | **Resources** | **Reprints**
**About HHC** | **Contact Us** | **Subscribe** | **eNewsletter Sign Up** | **Media Kit** | **Editorial Advisory Board** | **Advertiser**

**Allied Healthcare**
Chiropractic Products | Clinical Lab Products | The Hearing Review | Hearing Products Report (HPR) | Home Health Care Pr
Imaging Economics | Medical Imaging | Orthodontic Products | Orthopedic Technology Review | Physical Therapy Produ
Plastic Surgery Products | Rehabilitation Management | RT, The Journal for Respiratory Care | Sleep Review | 24x7

**Healthcare**
The American Journal of Managed Care | Cardiology Review | Family Practice Recertification | Internal Medicine World R
Pharmacy Times | Physician's Money Digest | Resident & Staff | Surgical Rounds

**Dental**
Compendium | Contemporary Dental Assisting | Contemporary Esthetics | Contemporary Oral Hygiene

http://www.hhcdealer.com/article.php?p=4&s=HHC/2002/05                    12/16/2006

Copyright © 2006 Ascend Media LLC | HOME HEALTH CARE DEALER PROVIDER | All Rights Reserved. Privacy Policy | Terms of Service

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |

**DECLARATION OF DIRECT TESTIMONY BY EUGENE M. ("MICK") KOLASSA**

I, EUGENE M. KOLASSA, hereby declare:

1.  My name is Eugene M. ("Mick") Kolassa, Ph.D. I am over the age of twenty-one (21) years, of sound mind, and capable of making this affidavit. I submitted written direct testimony earlier in this case, and also testified before the Court on December 12, 2006. I have having reviewed Plaintiffs' Statement Regarding the "Kolassa Mistake" ("Plaintiffs' Statement").

2.  As I testified, the basic premise of the plaintiff's case is that all claims are paid based on the AWP of the product dispensed or administered, and this is patently not true.

3.  Plaintiffs' Statement confirms that HCFA, CMS, and / or Durable Medical Equipment Regional Carriers ("DMERCs") acted in such a way that .083 % solution of albuterol (J7619) is often reimbursed at an amount that is substantially less than and unrelated to the median AWP for the generic products in that J-code (i.e. other .083 % unit dose solutions).

4.  Plaintiffs describe a methodology used by DMERCs to attain a maximum allowable amount for .083% unit dose albuterol (J7619) when it is dispensed in conjunction with another inhalation therapy, such as ipratropium bromide.

- 1 -

5. Ipratropium bromide is another inhalation therapy used to treat asthma and administered through a nebulizer. Albuterol and ipratropium bromide treat respiratory symptoms through different mechanisms. Because the drugs are viewed as complementary, they are often prescribed to be administered by the patient in combination with one another. Thus, in the SMW claims data I reviewed, almost all claims for albuterol showed the unit dose product being dispensed in conjunction with ipratropium bromide.

6. When a physician prescribes albuterol solution and ipratropium bromide to be administered by the patient in combination, the pharmacist does not generally premix the albuterol and ipatropium. Rather, as Plaintiffs describe, the pharmacist dispenses "a unit dose of albuterol [J7619] and a unit dose of ipratropium bromide," (Pls. Statement at 8), along with instructions to the patient as to how to pour the solutions into the nebulizer machine. As I testified, the pharmacist dispenses the .083% unit dose albuterol (J7619) precisely because it is already in a form that is convenient for the patient to administer by themselves in the home. The market data establishes that Warrick's sales of its .083% unit dose albuterol (J7619) are exponentially higher than sales of the 0.5 % concentrated form (J7618).

7. Therefore, the effect of the coding and reimbursement process Plaintiffs describe is, as I testified, that when the bottle of .083% unit dose albuterol (J7619) is dispensed to a patient along with ipratropium, the pharmacy is <u>not</u> reimbursed based on the generic median AWP for the .083% unit dose albuterol (J7619). Plaintiffs' Statement confirms my testimony that Medicare often reimburses for the .083% unit dose albuterol (J7619) at only $0.14 per mg when the AWP based reimbursement (95 % of the generic median AWP) for J7619 would be $0.47 per mg.

8. Plaintiffs emphasize the fact that the $0.14 used to reimburse for .083% unit dose albuterol (J7619) when dispensed with ipratropium bromide is based on 95 % of the generic median of the 0.5% concentrated form of albuterol (J7618). This merely confirms that reimbursement of the product dispensed, the .083% unit dose albuterol (J7619), is often completely divorced from the generic median AWP of that product. That reimbursement is based on the generic median AWP of *a different product*, the 0.5% concentrated form (J7618), is consistent with my testimony.

9. The fact remains, as Plaintiffs' submission verifies, DMERCs instituted a policy to save money by reimbursing .083% unit dose albuterol (J7619), in certain circumstances, at $0.14 instead of at 95 % of the generic median for the unit dose form of albuterol ($0.47). Reimbursement of Warrick's .083% unit dose albuterol (J7619) at an amount unrelated to the AWP of that or any other .083% unit dose albuterol is inconsistent with the theories of deception and / or unfairness alleged by Plaintiffs in this case.

10. Several members of my staff who are registered pharmacists and who have dispensed albuterol to Medicare beneficiaries and sought reimbursement from Medicare confirm that every time they filled a prescription for albuterol in combination with ipratropium, they dispensed to the patient the requisite number of bottles of .083% unit dose albuterol (J7619) with the appropriate number of bottles of ipratropium. When they submitted Medicare claims forms, they assigned the KP and KQ modifiers to the drugs, as instructed by the DMERC and described by Plaintiffs, and were reimbursed for the .083% unit dose albuterol (J7619) at a rate that was far less than and had no relationship to the median AWP of the .083% unit dose albuterol (J7619).

11. Plaintiffs claim that the description of how Medicare pays $0.14 for a product for which the statutory AWP based reimbursement would be $0.47 disproves my testimony that

regional carriers are establishing there own version of a MAC. I disagree. The carriers have, in order to save money in reimbursement, instituted a policy to cap reimbursement of .083% unit dose albuterol (J7619), in many instances, at a fraction of the otherwise applicable statutory AWP based reimbursement. In my mind, such a policy is indistinguishable from a MAC or LCA (Least Costly Alternative). That the policy chose to select the maximum cost for which they would reimburse the product by looking to the median generic AWP of a different, cheaper product, does nothing to change that conclusion.

12. Nor do I agree that the policy of reimbursing for one product based on the generic median AWP of a different product disproves my testimony that the limit set by the DMERCs was based on what was going on in the market. I did not mean to suggest that the limit was based on the result of surveys of acquisitions costs. My testimony reflects the fact that DMERCs would not have been able to reimburse $0.14 for a product if that product were not being sold in the marketplace at less than $0.14. Therefore, that $0.14, however it might have been calculated, is a reflection of the price of the .083% unit dose albuterol (J7619) in the market. I stand by my testimony that regional carriers instituted a policy to lower reimbursement for unit dose albuterol based on what was going on in the market.

13. I have also reviewed the SMW claims referred to on Exhibit 10 to Plaintiffs' Statement. First, none of the SMW claims referenced on that chart relate to providers located in Massachusetts. Second, as explained in the chart I have attached as Exhibit 1 to this Declaration, all complete SMW claims that were adjudicated properly according to the policy developed by the DMERC and described in Plaintiffs' Statement, were reimbursed at the lower amount of $0.14 per mg.[1]

---

[1] Ex. 10 to Plaintiffs' Statement references a handful of claims that I did not include on my summary chart discussed during my testimony, Trial Ex. 2966. Some of these claims I did not include on my chart because the Explanation

I declare under penalty of perjury that the foregoing is true.

_____
Eugene M. Kolassa, Ph.D.

EXECUTED this 16 day of December, 2006.

---

of Medicare Benefits does not match the Medicare claim.  Others were not included because of confusion as to whether they were in fact Medicare claims or claims under the Federal Employees' Compensation Act or Black Lung program.

# EXHIBIT 1

# Sheet Metal Workers Claims for Albuterol
**(No SMW claims show reimbursement to MA providers)\*\***

| Bates Number | Date | J-code | Modifier | Billable Amount | Units | Other Drug Billed | Allowed Amount | Co-insurance | FBU AWP* .95 from Palmetto Fee Schedules; 2004 from 2004 MMA Drug Payment Limits | FBU AWP* .95 from Palmetto Fee Schedules; 2004 from 2004 MMA Drug Payment Limits Method | Calculated Allowed Amount per DMERC | Difference between Calculated Allowed Amount and Allowed Amount | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | J-7619 KO; J-7619 KP | J-7618; J-7619 KQ | | | |
| 001039-40 | 2/3/2000 | J7619 | KO | $29.33 | 312 | N/A | $146.64 | $29.33 | $0.47 | $0.14 | $146.64 | $ - | Form 1500 seems to be billing just for copay which is 20% of the allowed amount as indicated on the Medicare Remittance Notice |
| 001663-64 | 3/23/2001 | J7619 | KP | $150.00 | 300 | J7644KO | $141.00 | $28.20 | $0.47 | $0.14 | $43.68 | | 1) EOMB does not match claim form; 2) EOMB adjudication not consistent with DMERC methodologyand should have been subject to subsequent audit and adjustment |
| 001660-61 | 3/23/2001 | J7619 | KP | $150.00 | 300 | J7644KQ | $141.00 | $28.20 | $0.47 | $0.14 | $141.00 | $ - | Exact match |
| | | | | | | | | | | | $42.00 | | EOMB adjudication not consistent with DMERC methodologyand should have been subject to subsequent audit and adjustment |
| 001666-67 | 3/23/2001 | J7619 | KP | $150.00 | 300 | J7644KQ | $141.00 | $28.20 | $0.47 | $0.14 | $141.00 | $ - | Exact match |
| | | | | | | | | | | | $42.00 | | EOMB adjudication not consistent with DMERC methodologyand should have been subject to subsequent audit and adjustment |
| 001270-71 | 7/27/2001 | J7619 | KP | $150.00 | 300 | J7644KQ | $141.00 | $28.20 | $0.47 | $0.14 | $141.00 | $ - | Exact match |
| | | | | | | | | | | | $42.00 | | EOMB adjudication not consistent with DMERC methodologyand should have been subject to subsequent audit and adjustment |
| 001084-85 | 7/2/2001 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001257-58 | 8/15/2001 | J7619 | KP | $150.00 | 360 | J7644KQ | $150.00 | $30.00 | $0.47 | $0.14 | $169.20 | $19.20 | Lesser of the billed v. the allowed amount |
| | | | | | | | | | | | $50.40 | | EOMB adjudication not consistent with DMERC methodologyand should have been subject to subsequent audit and adjustment |

**\*\* Schering-Plough / Warrick Comments in Red**

# Sheet Metal Workers Claims for Albuterol
**(No SMW claims show reimbursement to MA providers)\*\***

| Bates Number | Date | J-code | Modifier | Billable Amount | Units | Other Drug Billed | Allowed Amount | Co-insurance | FBU AWP*.95 from Palmetto Fee Schedules; 2004 Drug Payment Limits | FBU AWP*.95 from Palmetto Fee Schedules; 2004 MMA Drug Payment Limits | Calculated Allowed Amount per DMERC Method | Difference between Calculated Allowed Amount and Allowed Amount | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | J-7619 KO; KP | J-7619 | J-7618; J-7619 KQ | | |
| 001080-81 | 9/13/2001 | J7619 | KP | $150.00 | 300 | J7644KQ | $141.00 | $28.20 | $0.47 | $0.14 | $141.00 | $ - | Exact match |
| 001082-83 | 11/20/2001 | J7619 | KQ | $150.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001563-64 | 1/17/2002 | J7619 | KQ | $150.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 000992-93 | 5/31/2002 | J7619 | KQ | $150.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001158-59 | 7/29/2002 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001511-12 | 10/1/2002 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001543-44 | 11/27/2002 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001761-62 | 1/27/2003 | J7619 | * | $141.60 | 300 | J7644 | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match; * Carrier assigned KQ code to albuterol |
| 000679-80 | 3/6/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001573-75 | 4/4/2003 | J7619 | * | $141.60 | 300 | J7644 | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match; * Carrier assigned KQ code to albuterol |
| 001574-75 | 4/4/2003 | J7619 | * | $141.60 | 300 | J7644 | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match; * Carrier assigned KQ code to albuterol |
| 001610-11 | 5/27/2003 | J7619 | * | $141.60 | 300 | J7644 | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match; * Carrier assigned KQ code to albuterol |
| 001353-54 | 7/9/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match; another j-7619 is also on 1500 for different date but do not have carrier remittance notice |
| 001514-15 | 15 6/26/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $42.00 | $8.40 | $0.47 | $0.14 | $42.00 | $ - | Exact match |
| 001106-07 | 8/4/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $45.00 | $9.00 | $0.47 | $0.14 | $42.00 | $ | ( 3.00) Off by $3; implication reimb at 15 cents instead of 14 cents which is not applying the 95% |

EOMB adjudication not consistent with DMERC methodology and should have been subject to subsequent audit and adjustment

**\*\* Schering-Plough / Warrick Comments in Red**

# Sheet Metal Workers Claims for Albuterol
**(No SMW claims show reimbursement to MA providers)\*\***

| Bates Number | Date | J-code | Modifier | Billable Amount | Units | Other Drug Billed | Allowed Amount | Co-insurance | FBU AWP*.95 from Palmetto Fee Schedules; 2004 Drug Payment Limits | FBU AWP*.95 from Palmetto Fee Schedules; 2004 MMA Drug Payment Limits | Calculated Allowed Amount per DMERC Method | Difference between Calculated Allowed Amount and Allowed Amount | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | J-7619 KO; J-7619 KP | J-7618; J-7619 KQ | | | |
| 000588-89 | 9/8/2003 | J7619 | * | $141.60 | 300 | J7644 | $45.00 | $9.00 | $0.47 | $0.14 | $42.00 | $ - | ( 3.00) Exact match; * Carrier assigned KQ code to albuterol |
| 001436-37 | 9/11/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $45.00 | $9.00 | $0.47 | $0.14 | $42.00 | $ - | ( 3.00) Off by $3; implication reimb at 15 cents instead of 14 cents which is not applying the 95% |
| 000109-10 | 10/9/2003 | J7619 | * | $141.60 | 300 | J7644 | $45.00 | $9.00 | $0.47 | $0.14 | $42.00 | ($3.00) | Exact match; * Carrier assigned KQ code to albuterol |
| 000895-96 | 10/21/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $45.00 | $9.00 | $0.47 | $0.14 | $42.00 | $ - | ( 3.00) Off by $3; implication reimb at 15 cents instead of 14 cents which is not applying the 95% |
| 001613-14 | 12/29/2003 | J7619 | KQ | $90.00 | 300 | J7644KP | $45.00 | 0.47 | 0.47 | $0.14 | $42.00 | $ - | ( 3.00) Off by $3; implication reimb at 15 cents instead of 14 cents which is not applying the 95% |
| 000498-99 | 12/31/2003 | J7619 | KO | $186.00 | 150 | N/A | $70.50 | $14.10 | $0.47 | $0.14 | $70.50 | $ - | Exact match |
| 001616-17 | 3/12/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | EMOB does not match claims form |
| 001337-38 | 5/13/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000502-03 | 5/7/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000136-37 | 8/24/2006 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000046-47 | 9/21/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000485-86 | 10/15/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000507-08 | 11/17/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000505-06 | 11/16/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |
| 000207-08 | 12/20/2004 | J7619 | KQ | $93.00 | 300 | J7644KP | $36.00 | $7.20 | $0.39 | $0.12 | $36.00 | $ - | Exact match |

**\*\* Schering-Plough / Warrick Comments in Red**