**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No.  1456 ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Civil Action No. 01-12257-PBS ) ) Judge Patti B. Saris ) ) ) |

**THE BMS DEFENDANTS' STATEMENT WITH REGARD**
**TO PLAINTIFFS EXHIBIT 4012**

PX 4012 is a summary chart that purports to show the years in which class

representatives Blue Cross/Blue Shield of Massachusetts ("BCBSMA"), Sheet Metal Workers

and Pipefitters made reimbursements to physicians based on AWP.  Plaintiffs first provided

defendants with a copy of PX 4012 (along with numerous other exhibits) on November 20, 2006,

minutes before Dr. Hartman took the stand.  Since plaintiffs had not provided any back-up for

the chart, defendants objected.  (11/20/06 Tr. 4-7.)

Thereafter, defendants requested the back-up several times.  (See Exhibit A.)  On

December 11, 2006, the Court directed plaintiffs to "show the particular data that supports this"

and added that defendants could attempt to rebut the exhibit with further proof from their experts

when the back-up was made available.  (12/11/06 Tr. 61.)  When plaintiffs did not respond, the

Court -- in an off-the-record discussion at the conclusion of proceedings on December 13, 2006 -

- directed plaintiffs to identify at least one transaction to support each "X" on the chart.

When plaintiffs finally responded on December 14, 2006, the back-up they provided was limited to Sheet Metal Workers; it did not identify any transactions for BCBSMA or Pipefitters.  (Exhibit B.)  For Sheet Metal, four of the five transactions identified for BMS relate to multi-source products, where the manufacturer is not identified and the only record is the J-code; and two of those J-codes relate to products that BMS did not manufacture in 2004. The only transaction that can be tied to BMS is Paraplatin in 2001.  (Exhibit C.)

Argument

Rule 1006, Fed. R. Evid., states that voluminous materials may be presented in the form of a chart, summary or calculation.  It further provides, however, that the back-up must be made available "at a reasonable time and place."  Plaintiffs have not only failed to comply with that rule, they have ignored five written requests and two directives from the Court to do so.

PX 4012 is an important document.  Under Mass G.L. ch. 93A, plaintiffs must demonstrate that they purchased (or in this case made a reimbursement for) defendants' products in order to have a claim.  Roberts v. Enterprise Rent-A-Car Co., 840 N.E.2d 541, 543 (Mass. 2006).  None of plaintiffs' witnesses were able to establish that plaintiffs made reimbursements based on AWP for many of the drugs at issue in the case.

The Court should strike those portions of PX 4012 that relate to BCBSMA and Pipefitters.  Plaintiffs have now had numerous opportunities to provide the back-up and have failed to do so.  The response that the basis for the "Xs" in the chart are somewhere among the millions of claims that have been produced by plaintiffs is insufficient.  Defendants are entitled to know the basis for the chart so they can determine whether it is correct.  The Court has now directed plaintiffs to provide that basis at least twice, and they have failed to comply with those orders.  They should not be given another chance.

With respect to Sheet Metal Workers, the Sheet Metal claim is for 2004 and BMS stopped manufacturing one of the drugs -- Rubex -- in 2002.  (Bell Direct Testimony ¶ 19.)  With respect to another drug -- Cytoxan -- the J-code is for the 100mg dosage, which BMS did not manufacture after 1995.  (Hartman Direct Testimony Attach. G.2.b.)  With respect to Taxol, the drug was multi-source in 2001 and 2004, and the claims data do not identify the manufacturer. (Exhibit C.)

Dated:     December 18, 2006

Respectfully Submitted,


By:     /s/ Jacob T. Elberg
        Thomas E. Dwyer (BBO No. 139660)
        Jacob T. Elberg (BBO No. 657469)
        **DWYER & COLLORA, LLP**
        600 Atlantic Avenue
        Boston, MA  02210
        Tel: (617) 371-1000
        Fax: (617) 371-1037
        jelberg@dwyercollora.com
        tdwyer@dwyercollora.com


        Steven M. Edwards (SE 2773)
        Lyndon M. Tretter ((LT 4031)
        Admitted *pro hac vice*
        **HOGAN & HARTSON LLP**
        875 Third Avenue
        New York, NY  10022
        Tel: (212) 918- 3000

        *Attorneys for Defendants Bristol-Myers Squibb*
        *Company and Oncology Therapeutics Network*
        *Corporation*

## <u>CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE</u>

      I, Lyndon M. Tretter, hereby certify that I am one of Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.'s attorneys and that, on December 18, 2006, I caused a copy of **THE BMS DEFENDANTS' STATEMENT WITH REGARD TO PLAINTIFFS EXHIBIT 4012** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

     /s/ Lyndon M. Tretter
_____
Lyndon M. Tretter
