**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) ) ) Judge Patti B. Saris ) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | ) ) ) ) |

**TRIAL OF CLASS 2 AND 3 CLAIMS**

**MEMORANDUM OF LAW IN SUPPORT OF TRACK 1 DEFENDANTS'
MOTION FOR JUDGMENT ON PARTIAL FINDINGS**

Track 1 Defendants respectfully submit this memorandum of law in support of their motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. Defendants are entitled to judgment on Class 2 and 3 because Plaintiffs have failed to prove the required elements of their 93A claims.[1]

First, Plaintiffs have failed to prove "but for" and proximate causation, which is necessary to sustain a claim under Chapter 93A. Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 791, 840 N.E.2d 526, 528 (2006) ("[P]roving a causal connection between a deceptive act and a loss . . . is an essential predicate for recovery" on a Ch. 93A claim); Markarian v. Conn. Mut. Life Ins. Co., 202 F.R.D. 60, 68 (D. Mass. 2001). Plaintiffs cannot establish "but for" causation because Plaintiffs' Class Representative, Blue Cross Blue Shield of Massachusetts ("BCBS/MA"), continued to use an AWP-based reimbursement system and has expanded its use of this system during and after the class period. In addition, Plaintiffs

---

[1] Defendants incorporate by reference Track 1 Defendants' Memorandum of Law In Response to the Court's Questions Concerning the Implication of Evidence With Respect to Class 3 Named Representatives for the Remainder of the Class, filed Friday, December 15, 2006, Docket No. 3479.

cannot demonstrate that Defendants' alleged conduct caused them any loss because Plaintiffs had access to various sources of information that AWP did not equal ASP, both through their staff model purchases of the subject drugs and also information available in the public domain, throughout the class period. See Mass. Farm Bureau Fed'n v. Blue Cross of Mass., 532 N.E.2d 660, 664-65, 403 Mass. 722, 730-31 (Mass. 1989).

Second, Plaintiffs have failed to prove that they suffered a loss of "money or property" as a result of Defendants' conduct, which is a required element under § 11 of Ch. 93A. See Frullo v. Landenberger, 61 Mass. App. Ct. 814, 823, 814 N.E.2d 1105, 1113 (2004) ("[T]he unfair or deceptive act or practice must be shown to have caused the loss of money or property that § 11 makes actionable."). The evidence in the record demonstrates that, at worst, Plaintiff Class 2 Representative BCBS/MA's premium-setting process functioned to recoup any alleged losses based on drug costs and, at best, higher drug costs actually resulted in increased profits, as BCBS/MA calculates a "contribution to reserves" – its margin above costs – as a percentage of benefits costs and then provides for recovering that amount though its premium calculations. Finally, even if Plaintiffs could show loss – and they cannot – they could not connect that loss with any specific manufacturer in relation to multi-source or generic drugs.

Third, judgment should be granted for Defendants because Plaintiffs cannot establish the existence of a business transaction between the parties, which is a necessary predicate for liability under 93A. See Track 1 Defendants' Memorandum of Law in Response to the Court's Question Regarding the Transaction Requirement in 11 of Ch. 93A (filed November 6, 2006), Docket No. 3326; Defendants' Memorandum of Law in Reply to Plaintiffs' Response Memorandum Regarding the Transaction Requirement Under Massachusetts General Laws Ch. 93A, § 11 (filed December 1, 2006), Docket No. 3435.

Finally, Plaintiffs have not proven that Defendants' engaged in "unfair or deceptive acts or practices." MASS. LAWS ANN. Ch. 93A, § 2(a); Kerlinsky v. Fidelity & Deposit Co., 690 F. Supp. 1112, 1119 (D. Mass. 1987), aff'd, 843 F.2d 1383 (1st Cir. 1988). A statement cannot be deceptive where the person for whom it is intended knows the truth. Tagliente v. Himmer, 949 F.2d 1, 3, 8 (1 Cir. 1997). The evidence demonstrates that, contrary to Plaintiffs' claim that Defendants' "secretly" inflated the spreads between AWPs and acquisition costs, both third-party payors and Medicare understood that there was no predictable relationship between AWPs and acquisition costs and Defendants acted in accordance with industry norms that were well-known to industry participants, including Plaintiffs.

For the above stated reasons, Defendants respectfully seek a judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure dismissing Plaintiffs' Class 2 and 3 claims.

Respectfully submitted,

THE FOLLOWING TRACK 1 DEFENDANTS

By: /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

Attorneys for the Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Attorneys for the Johnson & Johnson Defendants

John T. Montgomery (BBO #352220)
Steven A. Kaufman (BBO #262230)
Eric P. Christofferson (BBO #654087)
Ropes & Gray LLP
One International Place
Boston, MA 02110

Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.

Dated: December 18, 2006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on December 18, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Catherine N. Karuga
Catherine N. Karuga