# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
IN RE PHARMACEUTICAL INDUSTRY ) MDL No. 1456
AVERAGE WHOLESALE PRICE )
LITIGATION )
)
_____ ) Judge Patti B. Saris
)
THIS DOCUMENT RELATES TO )
01-CV-12257-PBS and 01-CV-339 )
_____ )

**TRIAL OF CLASS 2 AND 3 CLAIMS**

## MEMORANDUM OF LAW IN SUPPORT OF
## ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR
## JUDGMENT ON PARTIAL FINDINGS

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum

of law in support of its motion for judgment on partial findings pursuant to Rule 52(c) of the

Federal Rules of Civil Procedure.[1]  Class 2 and Class 3 Plaintiffs have failed to satisfy their

burden to establish the necessary elements of a violation of MASS. GEN. LAWS. ANN. 93A (West

2006).

Plaintiffs have failed to establish that AstraZeneca engaged in conduct that was "unfair"

or "deceptive" under 93A.  As the First Circuit has explained, "[t]o trigger liability under 93A,

courts have said that the conduct in question 'must attain a level of rascality that would raise an

eyebrow of someone inured to the rough and tumble of the world of commerce.'"  See

Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd., 217 F.3d 33, 40 (1st Cir. 2000)

(quoting Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1513 (1st Cir. 1989)).

---

[1] AstraZeneca also adopts and incorporates the additional arguments set forth in the joint submission of the Track 1 Defendants being filed simultaneously herewith.

Far from being unfair, the evidence demonstrates that AstraZeneca's pricing of Zoladex was consistent with industry practice and saved both patients and the healthcare system millions of dollars by remaining the substantially lower cost alternative to Lupron, the market leader.  Nor have Plaintiffs established that AstraZeneca engaged in conduct that was "deceptive".  There is no evidence in the record that AstraZeneca deceived anyone regarding the discounts it offered on Zoladex.

Class 3 Plaintiffs have also failed to establish causation because they continue to base reimbursement for Zoladex on AWP even after initiating this litigation.  See Palochko v. Reis, 852 N.E.2d 127, 131 (Mass. App. 2006) (rejecting 93A claim, finding that even if the alleged unfair and deceptive conduct had been fully disclosed, plaintiff would not have acted differently).  Finally, Plaintiffs have not demonstrated that AstraZeneca's conduct caused them any loss.  See Frullo v. Landenberger, 61 Mass. App. Ct. 814, 823, 814 N.E.2d 1105, 1113 (2004) ("[T]he unfair or deceptive act or practice must be shown to have caused the loss of money or property that § 11 makes actionable.").  There is no evidence in the record that Plaintiffs would have reimbursed physicians less for treating their patients with Zoladex if AstraZeneca had reported an AWP that was an actual average of wholesale prices.

## CONCLUSION

For the above stated reasons, AstraZeneca respectfully seeks a judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure dismissing the claims of Classes 2 and 3.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: December 18, 2006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on December 18, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Catherine N. Karuga

Catherine N. Karuga