UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Civil Action No. 01-cv-12257-PBS<br><br>Judge Patti B. Saris |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE TRACK ONE DEFENDANTS' PROFFER REGARDING TESTIMONY FROM CERTAIN FORMER GOVERNMENT EMPLOYEES**

Defendants' proffer based on their "good-faith belief" regarding what four government witnesses *would have testified* to had Defendants sought and obtained such testimony on a timely basis should be denied. Had Defendants submitted affidavits from these four individuals without giving Plaintiffs the opportunity to cross-examine them, there is no question that this Court would have stricken that proposed testimony. Defendants' proffer is even worse: it consists of nothing more than the testimony of counsel. Neither the Federal Rules nor any court of law has ever permitted such a "proffer" in lieu of actual evidence.

Even though Defendants have known about these witnesses for years, they only began the process of seeking their testimony at trial less than a month before trial began and simply because Defendants have filed multiple briefs seeking essentially the same relief does not make their efforts any more diligent. As this Court properly found, Defendants' efforts were not timely. The proper result was to refuse to permit the testimony.

Finally, although Defendants' proffer contains a procedural history that not-so-subtly suggests that this Court has prejudiced Defendants by not allowing this testimony

001534.16 145324v1

at this trial, there is no such prejudice. Indeed, Defendants spent most of their trial time attempting to establish the purported knowledge of both the government as well as the third-party payor members of Class 2 and Class 3. For all of these reasons, the Court should strike Defendants' proffer.

### I. Testimony of Counsel is Not Proper Evidence At Trial

Defendants' proffer should be stricken first and foremost because it constitutes testimony of their attorneys. Defendants do not even attempt to cite to any sources in their proffer.[1] Instead, their proffer consists of bald-faced unsupported argument. This is a blatant and complete disregard of Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). For this reason alone, Defendants' proffer should be rejected.

### II. Defendants' Attempts To Obtain The Trial Testimony of These Witnesses Were Untimely And Therefore Properly Barred

As apparent from Defendants' proffer itself (*see id.* at 1-2), Defendants were not diligent in attempting to obtain this purportedly "relevant" testimony. They waited until October 20, a little over two weeks before trial, before filing an "emergency" motion with

---

[1] Defendants' attachment of the summary judgment opinion in *United States ex rel. Englund v. Los Angeles County*, No. Civ. S-04-282 LKK/JFM (E.D. Cal.), should not be mistaken as the submission of such evidence. First, Mr. Scully's testimony in *Englund* has no relevance here. Second, Mr. Scully was ***not***, as Defendants claim, permitted to testify regarding the meaning of the Medicaid statute. Rather, he testified that a practice challenged by the relator in that case under the False Claims Act was widely known by the Medicaid program. *See id.* at 30. Indeed, that Court specifically concluded that "[t]here are several reasons the court ***need not engage in statutory interpretation*** at this time." *Id.* at 23 (emphasis added). And, without cross examination this proffer is unconstitutional. Mr. Scully has made statements, admitted at trial, that are contrary to the proffer. To allow these as evidence, with no opportunity to cross examine, who violate due process.

the Court.  Thereafter, Defendants simply filed basically the same motion, simply providing different titles on the motions.

Based on Defendants' delay, the Court properly refused to issue trial subpoenas for these witnesses.  *See also United States v. Nivica*, 887 F.2d 1110, 1118 (1st Cir. 1989) (refusing to issue trial subpoena when, among other things, defendant waited until government was about to rest its case to request issuance of subpoena and holding that defendant "gave no reason why the subpoenas could not have been sought earlier in the proceedings, or during the months before trial.  We agree entirely with the Ninth Circuit that '[a] trial court need not order a subpoena of a witness where there is inexcusable delay in the request for the order.'") (citation omitted); *United States v. Carmen Ramirez*, 823 F.2d 1, 4 (1st Cir. 1987) (refusing defendant's request to issue trial subpoena for fingerprint expert two days into trial when defendant had fingerprint analysis 51 days before trial); *Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000) (quashing trial subpoena to defendant's medical expert because it improperly sought discovery beyond the discovery deadline and holding that "Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery . . . .  To allow a party to continue with formal discovery – that is, discovery which invokes the authority of the Court – whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.") (citations omitted).

### III. Defendants Will Not Be Unfairly Prejudiced By Striking Their Proffer

Defendants will not be unfairly prejudiced by the striking of their proffer. Defendants introduced voluminous documentary evidence regarding the government's purported knowledge of Defendants' conduct. Every one of Defendants' experts attempted to opine on this issue. Moreover, Defendants introduced multiple sources of evidence relating to purported TPP knowledge of Defendants' conduct. Defendants should not be permitted to supplement this record in a matter completely contrary to the Federal Rules of Evidence simply because they failed to obtain this evidence properly in the first instance.[2]

DATED:  December 19, 2006             By: /s/ Steve W. Berman
                                          Thomas M. Sobol (BBO#471770)
                                          Edward Notargiacomo (BBO#567636)
                                          Hagens Berman Sobol Shapiro LLP
                                          One Main Street, 4th Floor
                                          Cambridge, MA  02142
                                          Telephone: (617) 482-3700
                                          Facsimile: (617) 482-3003

                                          *Liaison Counsel*

                                          Steve W. Berman
                                          Sean R. Matt
                                          Robert F. Lopez
                                          Hagens Berman Sobol Shapiro LLP
                                          1301 Fifth Avenue, Suite 2900
                                          Seattle, WA  98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594

---

[2] If this Court denies Plaintiffs' Motion to Strike, Plaintiffs respectfully request leave to submit a counter-proffer for these four witnesses.

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496b-6611

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

***Co-Lead Counsel For Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing ***Memorandum of Law in Support of Plaintiffs' Motion to Strike Track One Defendants' Proffer Regarding Testimony From Certain Former Government Employees*** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 19, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By: /s/ Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292