UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |  MDL No. 1456<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | |

**TRIAL OF CLASS 2 AND 3 CLAIMS**

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY OPPOSITION REGARDING THE TRANSACTION REQUIREMENT UNDER MASSACHUSETTS GENERAL LAWS CH. 93A, § 11

Plaintiffs seek leave to file a 7 page Sur-reply to Defendants' Reply Memorandum Regarding the Transaction Requirement Under Massachusetts General Laws Ch. 93A, § 11.[1]

Defendants oppose Plaintiffs' request.

First, Plaintiffs do not advance any argument or cite any case law that was not either already briefed or available to Plaintiffs prior to the filing of their Opposition.

Second, Plaintiffs still cannot cite one case decided after Szalla v. Locke, 421 Mass. 448, 657 N.E.2d 1267 (1995) (or the many later cases that adopt its reasoning), that purports to impose ch. 93A § 11 liability in the absence of a transaction between the plaintiff and defendant. Finding § 11 liability in a case like this, where the conduct complained of occurred entirely

---

[1] Plaintiffs also attach a 37 page decision from the Federal District Court for the Eastern District of Michigan, which is three years old and which they already cited in Plaintiffs' Memorandum Regarding the Transaction Requirement in Gen. Laws Chapter 93A § 11.

outside of any commercial transaction or interaction between the parties, would be contrary to Massachusetts law.

Third, Plaintiffs' reliance on BCBS/MA's non-profit status has no legal significance whatsoever. The Massachusetts Supreme Judicial Court has found that nominally non-profit entities bringing claims regarding health insurance policies lack standing under 93A § 9 where those entities are engaged in trade or commerce. Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574-575, 506 N.E.2d 106, 109-110 (1987). While a defendant may use its non-profit status as a shield to avoid liability when sued under Ch. 93A, an entity bringing suit as a plaintiff may not use its nonprofit status as a sword to avoid the special requirements which attach to business-to-business transactions. See Frullo v. Landenberger, 61 Mass. App. Ct. 814, 821, 814 N.E.2d 1105, 1112 (2004) ("Whereas a defendant must be engaged in trade or commerce, i.e., acting in a business context, to be liable under either § 9 or § 11, a plaintiff who acts in a business context has a cause of action exclusively under § 11.").

WHEREFORE Defendants respectfully request that this Court deny Plaintiffs' motion for leave to a sur-reply.

Respectfully submitted,

THE FOLLOWING TRACK 1 DEFENDANTS

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson LLP
875 Third Avenue, Suite 2600
New York, NY 10022

Attorneys for the Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Attorneys for the Johnson & Johnson Defendants

John T. Montgomery (BBO #352220)
Steven A. Kaufman (BBO #262230)
Eric P. Christofferson (BBO #654087)
Ropes & Gray LLP
One International Place
Boston, MA 02110

Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.

Dated: December 21, 2006

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on December 21, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                         By: /s/ Catherine N. Karuga
                                                 Catherine N. Karuga