## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| THE TRACK 2 CLASS ACTIONS | ) | |

**TRACK TWO DEFENDANTS' MOTION TO STRIKE THE "GENERICS CHART" AND PROPOSED TRACK TWO CLASS CERTIFICATION ORDER SUBMITTED BY <u>PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION</u>**

At the Track 2 class certification hearing, the Court requested that Plaintiffs amend their Exhibit purporting to identify the drug transactions at issue for the Track 2 Defendants to include all of the sources for the various multi-source drug transactions on which Plaintiffs are basing their request for class certification. What Plaintiffs submitted – a chart and accompanying proposed order – is not that. (*See* Dkt. No. 3223, at Ex. B (the "generics chart" or "chart"); Dkt. No 3222 (the "proposed order").[1] The submission should be stricken, for each of two reasons:

- The chart and proposed order improperly contain drug transactions which do not appear anywhere in Plaintiffs' class certification papers – and thus, which Defendants have not been able to challenge, brief, or even discover. These new transactions, which are not properly before the Court, should be disregarded.

- As to the task the Court actually assigned Plaintiffs – setting forth all the sources for the various multi-source drugs in the chart – Plaintiffs' chart is inaccurate and unsubstantiated. That is not surprising. Plaintiffs' own lawyers have conceded that (1) identifying these sources, especially because they vary over time, would be difficult, and (2) Plaintiffs can only say with certainty that one or two of the Track 2 Defendants *actually had their multi-source drugs* administered to any proposed Class 1 representative. (9/12/2006 Hr'g Tr. at 92-96.)

---

[1] Plaintiffs actually submitted two charts. (Dkt. No. 3223.) These include: (a) Exhibit A, which identifies numerous Subject drugs and previously stricken drugs, many of which cannot even be linked to a particular Plaintiff, and (b) Exhibit B, which focuses on the drug transactions upon which Plaintiffs seek to certify a class. Plaintiffs' revised class certification order (Dkt. 3222) was submitted to reflect the source additions made in Exhibit B. Because Exhibit B and the accompanying class proposal are what matter for present class certification purposes, Defendants will not address Exhibit A in this motion, but reserve their objections to it.

To be clear: the Track 2 Defendants dispute that *any* of the drug transactions put forth in Plaintiffs' class certification briefing and affidavits can support class certification – as set out in Defendants' opposition briefing and argument. This Motion, however, simply seeks to present the Court with the proper set of issues to be decided in the context of Plaintiffs' class certification motion, so that the Court may rule on what is actually before it – not what Plaintiffs have attempted to lob in at the last minute by way of unsupported lawyer testimony. To that end, the Track 2 Defendants submit that Plaintiffs' generics chart and revised Track 2 Class Certification Proposal should be stricken entirely and replaced with Exhibits 1 and 2 to Exhibit A this Motion (Exhibit A is supporting Declaration of Defense Expert Steven Young).[2] Defendants' Exhibits 1 (chart) and 2 (class certification order) remedy in Plaintiffs' submission the two errors described above:

- Both of Defendants' Exhibits amend Plaintiffs' chart and order, in redline and explanatory form, to include only those drug transactions set out in Plantiffs' class certification papers – and thus, on which Defendants have had an opportunity for discovery, briefing, and oral argument. These are the only drug transactions properly before the Court.

- Exhibit 1 identifies and corrects the inaccurate and incomplete source information found in Plaintiffs' chart. In stark contrast to Plaintiffs' submissions, Defendants' Exhibits are supported by the Declaration of an expert witness – Steven Young. Expert testimony, not lawyer argument, is the way to establish the number of sources for multi-source drugs – especially where Plaintiffs' lawyers themselves have professed skepticism as to their ability to do the work.

---

[2] Again, Defendants do not agree that Plaintiffs' proposed class certification order could properly support a grant of class certification for all of the reasons stated in our opposition to class certification, nor could the edited version submitted herewith. *E.g.*, *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 184 (3d Cir. 2006) ("Rule 23(c)(1)(B) requires district courts to include in class certification orders a clear and complete summary of those claims, issues, or defenses subject to class treatment."). The point is simply that Plaintiffs' proposed order is inaccurate on its face as to what is actually before the Court.

## BACKGROUND

**A.     This Court Properly Rejected Plaintiffs' Prior Attempt To Slip In New Drug Transactions Unnoticed.**

Change has been the only constant in Plaintiffs' Track 2 submissions.  This Court decided nearly four years ago that the universe of drugs at issue in this case was closed.  (*See* 1/13/2003 Hr'g Tr. at 103) (responding to Plaintiffs' suggestion that they merely re-plead to add additional drugs, the Court stated:  "I gave [Plaintiffs] the chance for this megacomplaint … we've got to move this forward if it's going to get past this hurdle.").  Yet, in their Fourth Amended Master Consolidated Complaint, Plaintiffs sought to add a host of new drugs to this case – including both drugs never before named, and drugs not named before for a given Defendant.  They did so without leave of Court, and indeed, without even being forthright about what they were doing, instead simply sprinkling new drugs throughout their new proposed class representative allegations.  This Court (correctly) would have none of it.  On the Track 2 Defendants' motion, the Court summarily struck all of these "new" drugs – whether entirely new to the case, or never before alleged against a specific Track 2 Defendant – in a one-line order. (*See* 4/13/2006 Order.)

**B.     This Court Also Properly Recognized, When Plaintiffs Slipped In A Last-Minute New Class Representative, That Adding New Drug Transactions In Support Of Class Certification Requires New Discovery And New Briefing.**

After entry of that Order, Plaintiffs proceeded forward with class certification – offering (once ordered to do so) a motion for class certification, supported by affidavits, setting out the specific drug transactions on which they based their bid for certification.  That is, Plaintiffs' motion set out, as is required, with respect to each Defendant:  (1) the named plaintiff or plaintiffs seeking to represent a class against that Defendant; and (2) the Defendant's specific drugs allegedly received by each proposed class representative.

-3-

In their Track 2 class certification motion, Plaintiffs also attempted to add – again without prior leave of court – a brand new class representative, Harold Bean.  The Track 2 Defendants again moved to strike, asking that Mr. Bean not be permitted to join at that late juncture.  (Dkt. No. 2581.)  In an extraordinary display of patience, this Court permitted Plaintiffs this one last addition.  The Court was aware, however, as Defendants had pointed out in their briefing, that the addition of Mr. Bean would require new discovery – including both written and oral discovery of Mr. Bean, each of his medical providers, and any supplemental insurers associated with each receipt of a drug taken by Mr. Bean.  Accordingly, as a condition of permitting Mr. Bean's addition, the Court granted such discovery (*see* 6/6/2006 Order), and also granted an entirely separate set of class certification briefing devoted to Mr. Bean in light of that discovery.  (Dkt. Nos. 3018, 3091.)

### C. Plaintiffs, With Their Generics Chart and Proposed Class Certification Order, Are Trying Once Again To Slip In Untested "Evidence," Including New Drug Transactions And An Unsupported Lawyer-Generated List Of "Sources" For The Multi-Source Drugs At Issue.

After Track 2 class certification briefing was closed and oral argument was held, Plaintiffs submitted their so-called revised "generics chart" (Dkt. No. 3223, at Ex. B) along with an accompanying revised (proposed) class certification order.  (Dkt. No. 3222.)   The chart and order purport to set out the class representatives and drug transactions at issue for purposes of Track 2 class certification, for each of the Track 2 Defendants, as well as to list all sources for the multi-source drugs at issue.  But they do not actually do so.

*First*, these submissions improperly attempt to inject various new drug transactions into the closed class certification briefing.  The ploy is as transparent as it is improper:  Plaintiffs took this Court's invitation to clarify the sources for multi-source drugs; used it to submit a new chart adding both their take on sources *and* new drug transactions; and then amended their proposed

certification order to reflect the newly-added transactions. Specifically, Plaintiffs added new drug transactions for class representatives who were not identified for a given Track 2 Defendant in Plaintiffs' class certification papers. (*Compare* Dkt. No. 2522-2, *with* Dkt. No. 3223, at Ex. B (adding Aaronson, Young, and Clark for Abbott, Pipefitters Local 537 for Bayer; Carter and Aaronson for Fujisawa; Aaronson and Young for Baxter; Clark, Howe, and Young for Amgen; Howe for Sicor; and Aaronson for Dey).) These newly-raised drug transactions were never broached in Plaintiffs' class certification briefing or affidavits. Accordingly, Defendants have had no opportunity to brief, argue, or even discover them.

*Second*, the source information offered in Plaintiffs' chart is both inaccurate and unreliable. Among other mistakes, Plaintiffs' chart incorrectly designates some drugs single-source when they are in fact multi-source, and designates certain J-Codes for Defendants who do not manufacture or distribute that particular drug. Moreover, the source information offered in Plaintiffs' chart is incomplete and supported by nothing other than lawyer say-so. No expert affidavits are appended, no back-up materials provided, no citations offered to any source of information.

## ARGUMENT

Plaintiffs' generics chart and accompanying class certification order contain new drug transactions that were not included in their class certification briefing and affidavits, and have yet to be briefed, argued, or even discovered by the Track 2 Defendants. The chart is additionally flawed in that it contains inaccurate and incomplete source information for which Plaintiffs have, not surprisingly, offered no support other than their own lawyer say-so. This Court should strike Plaintiffs' generics chart and proposed order as shown in Exhibits 1 and 2 attached to this Motion.

### I. PLAINTIFFS' ELEVENTH-HOUR ADDITION OF DRUG TRANSACTIONS NOT SET OUT IN THEIR CLASS CERTIFICATION BRIEFING OR AFFIDAVITS IS IMPROPER.

Plaintiffs' generics chart and proposed certification order are a transparent attempt to throw one by the Court – hoping the Court will simply certify classes based on drug transactions on which Defendants have had no discovery, no briefing, and no opportunity to be heard.[3] Plaintiffs' desperation is perhaps understandable: having cherry-picked drug transactions for their class certification papers, yet come up short, they must now realize that when their facts are actually tested they lose. Apparently, Plaintiffs' only hope is to get this Court to act without testing their asserted facts. But that is contrary to law. As the First Circuit has held, "[i]t is sometimes taken for granted that the complaint's allegations are necessarily controlling; but class action machinery is expensive and in our view a court has the power to test disputed premises early on if and when the class action would be proper on one premise but not another." *Tardiff v. Knox County*, 365 F.3d 1, 4-5 (1st Cir. 2004); *see also In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 5 (1st Cir. 2005) (district court should "make whatever legal and factual inquiries are necessary to an informed determination of the certification issues."); *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 77 (D. Mass. 2005) (citing *Tardiff*, 365 F.3d at 4-5) (Saris, J.).

The Court should reject Plaintiffs' invitation to err. Indeed, if the Plaintiffs are permitted to continually move the target by adding and subtracting new drug transactions, class certification will never be resolved. Accordingly, Defendants ask this Court to strike Plaintiffs'

---

[3] To avoid the need for this Motion, counsel for the Track 2 Defendants provided the Plaintiffs with a redline copy of the generics chart showing which drug allegations were not included in Plaintiffs' class certification briefing or affidavits. (*See* Ex. B, a 10/5/2006 Email from Tina Tabacchi to Tom Sobol & Ed Notargiacomo.) That Plaintiffs refused to agree to the most basic modifications lays bare their real motive here – adding new material in the hope of getting classes certified based on these unsupported and untested drug transactions. Footnote 1 to Plaintiffs' Exhibit B (Dkt. No. 3223) essentially admits as much.

generics chart and revised class certification order, and instead, replace them with Exhibits 1 and 2, which include only those allegations Plaintiffs put forth in their class certification briefing and affidavits.  In the alternative, Defendants must be allowed to conduct discovery, prepare briefing, and submit oral argument regarding the suitability of Plaintiffs' newly-added allegations – which surely no one, least of all this Court, wants.

## II. PLAINTIFFS' GENERICS CHART IS ADDITIONALLY FLAWED BECAUSE IT CONTAINS INACCURATE AND INCOMPLETE DRUG SOURCE INFORMATION FOR WHICH PLAINTIFFS HAVE OFFERED NO SUPPORT.

This Court should strike Plaintiffs' generics chart for the additional reason that, put simply, it is incorrect.  Plaintiffs submitted the chart because this Court asked them to identify the manufacturer-sources for the multi-source drug transactions listed in a previous court demonstrative.  However, the information offered in Plaintiffs' chart is inaccurate or incomplete. Among other mistakes, Plaintiffs' chart incorrectly designates some drugs single-source when they are in fact multi-source, and designates certain J-Codes for Defendants who do not manufacture or distribute that particular drug (such as J3370 (Lyphocin) and J1580 (Gentamicin) for Fujisawa, and J7637 and J7638 (Dexamethasone Sodium) for Watson).  Moreover, the sources Plaintiffs have listed in their chart are incorrect or incomplete with respect to all of the alleged drug transactions.[4]

Plaintiffs' errors are not surprising in light of the fact that no support has been offered – via report, affidavit, or otherwise – to verify the information provided in their chart.  As even the Plaintiffs have conceded, identifying manufacturer-sources for multi-source drug transactions is an extremely difficult task.  (*See* 9/12/2006 Hr'g Tr. at 92-96.)  For some drugs, there are numerous sources – even as many as 58.  And, these change over time.  Yet, rather than enlist an

---

[4] These errors and others are highlighted and have been corrected in Exhibit 1 attached to this Motion.

expert to undertake this task, Plaintiffs chose instead to simply lob sources into their chart with absolutely no validation other than their own say-so.  Reliance on such idle lawyer-testimony is not only imprudent, it is contrary to law.  *See*, *e.g.*, *Hoyt Constr. Co. v. Alside Inc.*, No. 4-75 Civ. 257, 1980 WL 1807, at *2-3 (D. Minn. Jan. 21, 1980) (denying plaintiffs' renewed motion for class certification where plaintiffs modified their class definition to comply with the court's prior order, but failed to present additional evidence, by way of affidavit or otherwise, to satisfy Rule 23).

This Court should strike Plaintiffs' generics chart and adopt attached Exhibit 1 instead because it is a more accurate representation of what the Court asked for regarding sources.  In contrast to the Plaintiffs' chart, Exhibit 1 is supported by Defendants' expert witness Steven Young, who, as the attached declaration makes clear, thoroughly analyzed available source data to identify a more complete universe of possible sources for the drug transactions Plaintiff has alleged.  (*See* Declaration of Steven Young in Support of Defendants' Exhibit A, at 1).  Such expert testimony is evidence properly considered in ruling on class certification; Plaintiffs' offering, their lawyers' unsworn testimony, is not.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' generics chart and proposed class certification order should be stricken in their entirety and replaced with Exhibits 1 and 2 to this Motion.  In the alternative, Defendants should be allowed to conduct discovery, prepare briefing, and submit oral argument regarding the suitability the newly-added, unsubstantiated drug transactions contained in Plaintiffs' submissions.  Regardless, Plaintiffs' list of "sources" should be ignored.

Dated: December 21, 2006             Respectfully submitted,

                                                            /s/ Brian J. Murray
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

Counsel for Defendant Abbott Laboratories, Inc.,
On behalf of the Track 2 Defendants

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that the moving parties have communicated with opposing counsel in an effort to resolve the dispute referred to in this motion, and that opposing counsel indicated they would not consent to this motion.

    /s/ Brian J. Murray
    Brian J. Murray


**CERTIFICATE OF SERVICE**

I, Brian J. Murray, hereby certify that I am one of Abbott Laboratories' attorneys, and that I caused a true and correct copy of the foregoing TRACK TWO DEFENDANTS' MOTION TO STRIKE THE NEW DRUGS FROM THE "GENERICS CHART" SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 21st day of December, 2006.

    /s/ Brian J. Murray
    Brian J. Murray