**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: <br><br> CLASS 2 AND CLASS 3 TRIAL  ) ) ) ) ) | Judge Patti B. Saris |

**TRACK ONE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE PROFFER OF TESTIMONY OF FORMER GOVERNMENT EMPLOYEES**

The Track One Defendants ("Defendants") oppose the Plaintiffs' Motion to Strike Track One Defendants' Proffer Regarding Testimony from Certain Former Government Employees ("Pls.' Mot. to Strike") on the grounds set forth below.

**PRELIMINARY STATEMENT**

Plaintiffs' motion to strike defendants' evidentiary proffer relating to the Government's knowledge of drug pricing and AWP misapprehends the nature and purpose of a proffer. A proffer is not "evidence" and, as such, cannot be "stricken." Rather, a proffer identifies the "content of the proposed evidence" as is required for the purpose of preserving appellate review of a trial court's evidentiary ruling. *Williams v. Drake*, 146 F.3d 44, 49 (1st Cir. 1998). Proffers are typically, and quite properly, drafted by counsel. Moreover, as discussed below, defendants' proffer was timely.

**ARGUMENT**

The Federal Rules of Evidence expressly provide that the exclusion of evidence is not reviewable on appeal unless "the substance of the evidence was made known to the court by offer or was apparent from the context in which questions were asked." Fed. R. Evid. 103(a)(2).

The First Circuit Court of Appeals has explained that "[i]t is a bedrock rule of trial practice" that, to permit review of the exclusion of evidence, "the aggrieved party must ensure that the record sufficiently reflects the content of the proposed evidence." *Drake*, 146 F.3d at 49. *See also Fusco v. General Motors Corp.*, 11 F.3d 259, 263 n.3 (1st Cir. 1993); *Curreri v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers, Local 251*, 722 F.2d 6, 13 (1st Cir. 1983).

## I. THE CONTENT AND FORM OF DEFENDANTS' PROFFER WERE PROPER

Defendants' proffer contains a description of the substance of the testimony that would have been given by Nancy-Ann Min DeParle, Christopher C. Jennings, Thomas A. Scully, and Stanley Weintraub. The substance of the proffer came from the public record as well as from statements made by these individuals to counsel for the defendants. (Defs.' Proffer Regarding Testimony of Certain Former Government Employees (Docket No. 3442) ("Defs.' Proffer") at 4-7.) The proffer was made in response to the Court's inquiries about what the witnesses would say, if permitted to testify, and to preserve the issue for appeal. (*Id.* at 3.) It thus fulfilled the purpose of a proffer: "to notify the Court of the significance of the evidence such that the record was developed adequately for appeal." *United States v. Davis*, 261 F.3d 1, 40-41 (1st Cir. 2001).

Plaintiffs' argument that the proffer "constitutes testimony of . . . attorneys," which "is not proper evidence at trial" (Pls.' Mem. in Supp. of Mot. to Strike (Dec. 19, 2006) (Docket No. 3491) ("Pls.' Mem.") at 2), is not a ground for striking it. Most proffers are made by counsel; they are not themselves supposed to be evidence; instead, they exist "so that the trial and appellate courts know what evidence is at issue." *Fusco*, 11 F.3d at 263 n.3. The First Circuit, in reviewing counsel's oral proffer, found that "Federal Rule of Evidence 103(a)(2) does not require that an offer of proof appear in any particular form." *Tiller v. Baghdady*, 244 F.3d 9, 13 n.3 (1st Cir. 2001). *See also United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

2

## II.     PLAINTIFFS' COLLATERAL ARGUMENTS ARE UNAVAILING

Plaintiffs assert that the proffered testimony was cumulative of other evidence; therefore, its exclusion was not prejudicial. (Pls.' Mem. at 4.) This is clearly not the case, as the Court repeatedly indicated that such live testimony would be highly probative to issues of unfairness, deceptiveness, and causation. (*See* Defs.' Proffer at 2-3.) In any event, however, the issue raised by the defendants' proffer is not the propriety of the Court's exclusion of the testimony in question; instead, it is the completeness of the record on which the Court's exclusion will be reviewed on appeal, as to which there is no doubt that the proffer was not only proper, but necessary, for the reasons given above.

Plaintiffs assert that the exclusion of the testimony was justified by defendants' delay in seeking the testimony and requesting trial subpoenas. (*See* Pls.' Mem. at 2-3.) This assertion is both incorrect and irrelevant. Defendants did not "wait[] until October 20" before seeking Government testimony. (*Id.* at 2) Rather, defendants sought the testimony shortly after the United States became a party to the MDL and months before trial began.[1] Regardless, plaintiffs' contention relating to timeliness goes to the merits of the Court's decision to exclude the testimony, not to the propriety of the proffer itself.

---

[1] Defendants began the process of obtaining testimony from knowledgeable former government employees in August 2006. (*See* Defs.' Mem. in Supp. of Emergency Mot. to Declare the *Touhy* Regulation Inapplicable and For Leave to Take Trial Deps. of Certain Former Government Employees (Oct. 20, 2006) (Docket No. 3240) at 2-4.) This process started almost immediately after the United States became a party to the MDL proceedings – a fact which, in defendants' estimation, made the *Touhy* regulations inapplicable – and after the Court noted that such testimony would be "worthwhile." (*See* United States' and Relators' Notice of Transfer to MDL No. 1456 (Docket No. 2393) (July 28, 2006); Hr'g Tr. (Aug. 3, 2000) at 19:27-20:7 (also suggesting that the parties "work together" to facilitate testimony).) For almost two months, defendants corresponded with counsel for the Government regarding the nature of the testimony sought from Ms. DeParle, Mr. Jennings, Mr. Scully, and Mr. Weintraub, at the conclusion of which the Government refused to permit any of the testimony. The day after receiving this refusal, defendants moved to declare the *Touhy* regulations inapplicable and, later, moved to authorize trial subpoenas.

Finally, plaintiffs' alternative proposal that they be permitted to submit a "counter-proffer" (Pls.' Mem. at 4 n.2) comes too late, and out of nowhere. Plaintiffs did not seek to offer any Government testimony, so they have nothing to proffer in that regard. Plaintiffs have rested, and the evidence is now closed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Track One Defendants' Proffer Regarding Testimony from Certain Former Government Employees should be DENIED.

Respectfully submitted,

THE TRACK ONE DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

December 22, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                              /s/ Adam Wright
                                              Adam Wright