UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | Hon. Patti B. Saris |

## DEY DEFENDANTS' MOTION TO DISMISS THE U.S. COMPLAINT

Defendants Dey, Inc., Dey, L.P., Inc., and Dey L.P (collectively "Dey"), by their attorneys Kelley Drye & Warren LLP and Foley Hoag LLP, move to dismiss the complaint of Plaintiff United States of America ("United States") (the "U.S. Complaint") and the pleading of Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), entitled "Plaintiff Ven-A-Care's Complaint Adopting United States' Complaint In Intervention Against Dey, Inc., Dey L.P., Inc., and Dey L.P. and Requesting Additional Relief" (the "Ven-A-Care Complaint"). In further support of its motion, Dey states as follows:

1. The causes of action set forth in the U.S. Complaint are barred by the applicable statutes of limitations set forth in 31 U.S.C. § 3731(b) and 28 U.S.C. §§ 2415(a) and (b).

2. The unjust enrichment and fraud-based claims are barred by the existence of a written Rebate Agreement between the United States and Dey, pursuant to which Dey reported to the United States the average discounted unit price for each Dey product at issue in this action.

- 2 -

3.    The U.S. Complaint fails to set forth the details of the allegedly false and fraudulent claims at issue, as required by Fed. R. Civ. P. 9(b).

4.    None of the claims in the U.S. Complaint state a claim upon which this Court can grant relief.

5.    The Ven-A-Care Complaint simply adopts the allegations contained in the U.S. Complaint and fails to set forth any additional allegations that would support the relief it seeks against Dey.

### ORAL ARGUMENT REQUESTED

6.    In light of the range of complex legal issues presented by this motion, Dey respectfully requests that the Court schedule oral argument on this motion.

WHEREFORE, Dey respectfully requests that this Court dismiss the U.S. Complaint and the Ven-A-Care Complaint for the above reasons, as more fully set forth in the attached memorandum of law, and grant such other and further relief as this Court deems just and necessary.

Dated: December 22, 2006

Respectfully submitted,

/s/ Philip D. Robben
Paul F. Doyle (BBO # 133460)
Sarah L. Reid (*pro hac vice* pending)
William Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
Philip D. Robben (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

-and-

/s/ Martin F. Murphy
Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

Attorneys for Defendants
*Dey, Inc., Dey L.P., Inc. and Dey L.P.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Philip D. Robben, hereby certify that counsel for Dey has consulted in good faith with Assistant United States Attorney George B. Henderson, II, counsel for the United States, concerning this action in an effort to resolve or narrow the issues on this motion. I further certify that Mr. Henderson declined to consent to dismissing the U.S. Complaint or the Ven-A-Care Complaint and that several discussions between counsel did not otherwise lead to a resolution or narrowing of the issues.

/s/ Philip D. Robben
Philip D. Robben

## CERTIFICATE OF SERVICE

I, Philip D. Robben, hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on December 22, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Philip D. Robben
Philip D. Robben