# EXHIBIT 2

# United States District Court

_____ DISTRICT OF _____ MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION

SUBPOENA IN A CIVIL CASE

MDL No.: 1456

CASE NUMBER: Civil Action No. 01-CV-12257 PBS
(Pending in the United States District Court for the District of Massachusetts)

TO: Custodian of Records
BCBS of North Dakota (a.k.a. Noridian Mutual Insurance Co.)
Medicare Part B
Noridian Mutual Insurance Co.
4305 13th Avenue, SW
Fargo, North Dakota 58103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule A

| PLACE | DATE AND TIME |
| --- | --- |
| HOLLAND & KNIGHT, LLP, 10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116 (617) 854-1419 | JANUARY 15, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>On behalf of all Defendants     *Geoff Hobart* /AA | DATE<br><br>December 18, 2003 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
GEOFFREY E. HOBART, HOLLAND & KNIGHT, LLP, 10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116
(617) 854-1419

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS, C & D ON REVERSE)

E-SERVED 12/19/03 04:58 PM ET AMP-MDL No. 1456

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party of an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(b) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified of compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a

AO 88 (Rev. 11/91) Subpoena in a Civil Suit

place more than 100 miles from the place where that person resides, is employed or regularly transacts business in except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# SCHEDULE A

### Definitions

1.  The term "Relevant Entities" shall mean and refer to the following entities: (1) Amgen; (2) AstraZeneca; (3) Aventis, Pharma, Hoechst, Behring (collectively the "Aventis Group"); (4) Bristol-Meyer Squibb; (5) Glaxo SmithKline, SmithKline Beecham, Glaxo Welcome (collectively the "GSK Group"); (6) Hoffman-La-Roche; (7) Immunex; (8) Johnson & Johnson; and (9) Schering-Plough.

2.  The term "Carrier" shall mean and refer to the entity to whom this Subpoena is directed, that is acting as a Medicare Carrier pursuant to a contract or other agreement with HCFA or CMS for the processing of claims submitted by any health care provider under Medicare Part B.

3.  The term "Subject Drugs" shall mean and refer to the following drugs, grouped by manufacturer: (1) **Amgen** – Aranesp, Neulasta, Neupogen; (2) **AstraZeneca** –Zoladex; (3) **Aventis Group** – Anzemet; (4) **BMS Group** – Blenoxane, Carboplatin, Cytoxan, Etopophos, Taxol, Vepesid, Videx EC, Amikacin sulfate, Amphotercin b; (5) **GSK Group** – Kytril, Retrovir, Zofran, Zofran ODT; (6) **Hoffman-La Roche** – Kytril; (7) **Immunex** – Novantrone, Thioplex; (8) **Johnson & Johnson** – Procrit, Remicade; (9) **Schering-Plough** -- Intron-A, Temodar.

4.  The term "Medicare" shall mean and refer to the Federal program enacted in 1965 under Title XVIII of the Social Security Act to pay for the costs of certain medical services and care.

5.  The term "Medicaid" shall mean and refer to the jointly-funded Federal-State health insurance program enacted in 1965 as an amendment to the Social Security Act to pay for the costs of certain medical services and care.

6.  The term "Health Care Financing Administration" ("HCFA") and "Centers for Medicare and Medicaid Services" ("CMS") shall mean and refer to the division of the United States Department of Health and Human Services directly responsible for the administration of the Medicare program.



7.  The term "Medicare Carrier" shall mean and refer to any and all insurance companies or other entities that have ever contracted with HCFA or CMS, at any time from January 1, 1985 to the present, to process claims submitted under Part B of the Medicare program by any health care provider.

8.  The term "Medicare-reimbursed-drugs" shall mean and refer to any and all drugs that have been Medicare-reimbursed since January 1, 1985, at any point in time, including those drugs that no longer exist or are no longer Medicare-reimbursed.

9.  The term "health care provider" shall mean and refer to any and all persons or entities that render health care services, including but not limited to physicians, nurses, nurse practitioners, physicians' assistants, nursing home personnel, laboratory technicians, x-ray and other medical equipment technicians, and other hospital or physician-office personnel.

10. The term "communication" shall mean any oral or written exchange of words, thoughts or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by telex or by any other process, electric, electronic or otherwise.  All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, whether in hardcopy, electronic mail or stored electronically on a computer disk or otherwise, contracts, correspondence, diaries, drafts (initial and all subsequent), forecasts, invoices, logbooks, memoranda, minutes, notes, reports, statements, studies, surveys and any and all non-identical copies thereof.

11. The term "documents" shall mean all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stored data, conferences or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegrams, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above.  A draft or non-identical copy is a separate document within the meaning of this term.



12. The term "between," when used in regard to the transmittal of information, shall mean any communication by, to, from, among, and for any individual(s) or entity(ies) specified in a particular request.

13. The words "relate to" or "relating to" shall mean refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this Schedule any documents that might be deemed outside their scope by another construction.

14. The terms "and" and "or" shall mean "and/or."

15. Any word written in the singular shall include the plural and vice versa.

16. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," and "every," the intended meaning is inclusive rather than exclusive.

17. The terms "you" and "your" shall mean and refer to the Carrier, its employees, agents, attorneys and affiliates.

## Instructions

1. In responding to each document request, you should conduct a diligent search for, and produce all documents in your possession, custody or control that were created on or after January 1, 1985.

2. If any document was, but is no longer, in your possession, custody, or control, or was known to you, but is no longer in existence, state, as to each document, its date, author(s), recipient(s) and what disposition was made of it or what became of it.

3. When an objection is made to any request or any subpart thereof, state with specificity the part or subpart of the document request considered to be objectionable and all grounds for the objection.

4. If you find the meaning of any term in this Schedule to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

