# EXHIBIT 6



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-3085*

November 28, 2006

---

*Via Electronic Transmission*

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:     *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No.
        1456/Civil Action No. 01-12257-PBS

Dear Chris:

        We have your letter of November 19, 2006, in which you request that the United States produce documents that have been withheld based on the deliberative process privilege from prior productions responsive to defense subpoenas served on the Department of Health and Human Services in the AWP MDL and Lupron MDL.  The bulk of your letter is devoted to whether the deliberative process privilege has been properly asserted by the United States with respect to the materials in question.  Your letter does not address the more fundamental question of how these documents are relevant or reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Judge Saris's recent ruling in the MDL proceeding.  See November 2, 2006 Memorandum and Order on the meaning of AWP ("the AWP Order").

        The AWP Order states that the "Court construes the statutory term [AWP] according to its plain meaning and holds that AWP means the average price at which wholesalers sell drugs to their customers, including physicians and pharmacies."  Order at 1.  There is support in the First Circuit for Judge Saris's decision.  United States v. Lachman, 387 F.3d 42 (1st Cir. 2004).  In Lachman, the First Circuit found that in determining the meaning of a regulation, agency interpretations are only relevant if they are reflected in public documents as opposed to non-public or informal understandings of agency officials.  Id. at 54.

        According to your letter at page 3, "Abbott is entitled to seek discovery into why the Medicare and Medicaid programs continued to use published AWPs despite the fact that government officials and agents knew published AWPs did not represent average prices paid by providers and pharmacies to acquire drugs, particularly generic drugs."  However, in reaching her determination regarding the plain meaning of "AWP," Judge Saris found that "the legislative and regulatory history does show that at some point, knowledgeable persons in the industry and government came to understand that the 'average wholesale price' as published in industry

-2-

compendia overstated the average acquisition cost paid by a provider." <u>AWP Order</u> at 17. Given that Judge Saris went on to construe the term "AWP" pursuant to its plain language, it appears that any factual issue regarding the government's knowledge regarding the accuracy of reported AWPs was deemed irrelevant to the meaning of AWP. Moreover, because defendant's scienter cannot be determined from agency deliberations, and the AWP Order obviates the need for defendant to obtain non-public information concerning the agency's deliberations on the meaning of AWP, we do not fully understand the basis for your request.

We look forward to hearing your thoughts on the foregoing in the hopes that we may attempt to resolve this matter without the need for motions practice. Given that the relevancy issue discussed above is fundamental to your request for access to the documents in question, it makes sense to us to consider that issue before we address the arguments you have advanced concerning the propriety of the Government's privilege assertions.

Thank you for your attention.

Very Truly Yours,


/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc:   George Henderson
      Laurie Oberembt
      John Neal
      U.S. Dept. of Justice

      Martin F. Murphy
      Foley Hoag LLP
      mmurphy@foleyhoag.com
      Neil Merkl
      Kelley Drye & Warren, LLP
      nmerkl@kelleydrye.com
      *Counsel for Dey Pharmaceuticals, Inc.*