# EXHIBIT 7

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

November 29, 2006

VIA EMAIL

M. Justin Draycott
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*,
      MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Justin:

I am disappointed with your letter of yesterday regarding documents from the Department of Health and Human Services and Medicare Carriers that have been withheld by the Department of Justice under a claim of deliberative process privilege. At the parties' November 1, 2006 meet-and-confer, we inquired whether the United States would continue to assert the deliberative process privilege for the withheld documents. You asked that we prepare a formal letter outlining our request and stated you would forward that request to appropriate agency officials. I did exactly that in my letter of November 19, 2006, and further asked that the United States provide the requisite showing to invoke the deliberative process privilege for each of the documents that have been withheld – something the United States should have done long ago.

Your letter indicates the Department of Justice has, once again, not followed through with its promises. You have not forwarded our letter to the appropriate agency official(s), the United States has given no serious consideration to Abbott's request, and we are no closer now than we were a month ago to resolving this issue. Instead, your letter asks that we explain how documents we have never seen – but which contain descriptions like "Re Proposed Methodology for Determining Average Wholesale Price (AWP)" – are relevant to a case that purports to be about the reimbursement of drugs based upon AWP.

Abbott has already explained its position on why government knowledge is relevant to this case. In response to a question from you at the meet-and-confer, I explained our position on why this information is relevant regardless of what Judge Saris might rule about the statutory meaning of AWP. *See also* Abbott's Memorandum in Opposition to United States' and Relator's Motion for a Comprehensive Case Management Order (10/6/06), at 9-20. You seem to forget that "relevancy is broadly construed at the discovery stage of litigation and a request for

Gejaa Gobena
M. Justin Draycott
November 29, 2006
Page 2

discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984). "It is not the function of . . . counsel to rule with finality on the relevancy or irrelevancy of documents in their exclusive possession and thereby deprive both Court and opposing counsel of an opportunity to evaluate their contentions." *Radio Corp. of America v. Rauland Corp.*, 18 F.R.D. 440, 444 (N.D. Ill. 1955).[1]

      Your response ignores comments from Judge Saris that indicate she does not agree with the United States' position that evidence regarding "government knowledge" is irrelevant and need not be produced in discovery. For example, during an exchange with the DOJ on November 21, 2006 relating to testimony from CMS employees, Judge Saris made it clear that such evidence is relevant. Among other things, she noted "there's a very strong case to be made for having the [federal] government testify," that "it's going to happen," "it's important to hear what they have to say" and, regarding whether defendants' conduct was unfair and deceptive, "it depends what they heard, what they didn't hear, what they knew, what they didn't know." Nov. 21, 2006 Hrg. Tr. at 5-11.

      In light of these comments, I do not understand how the United States can continue to maintain, in good faith, its absurd position on the discoverability of "government knowledge." I can only assume that the United States' reluctance to produce the withheld documents is motivated by the fact that these documents are relevant in a way that is unfavorable to the United States.

      As requested in my letter of November 19, 2006, please provide advise me by Friday, December 1, 2006 whether the United States will produce the documents previously withheld under the deliberative process privilege. For each document the United States is unwilling to produce, please provide an affidavit from the appropriate agency official that contains the showing required by law to assert the privilege, as described in my letter of November 19, 2006. If I do not receive an adequate response, Abbott will have no choice but to file a motion to compel. A continued failure by the United States to articulate in an affidavit its basis for asserting the privilege – including "what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be" (*Grossman v.*

---

[1] Your focus on what impact Judge Saris' ruling on the "meaning of AWP" has on the relevance of "government knowledge regarding the accuracy of reported AWPs" suggests that at least some of the documents being withheld do, in fact, relate to the "meaning of AWP" in statutes and regulations, as intended or understood by relevant Government officials. It is very disturbing that the United States may have submitted an *amicus* brief on the meaning of AWP – wherein it made statements about, among other things, what CMS believed about published AWPs and/or what CMS intended or believed was meant by the term "AWP" in statutes and regulations – while at the same time withholding documents from defendants and the Court bearing on that very issue.

JONES DAY

Gejaa Gobena
M. Justin Draycott
November 29, 2006
Page 3


*Schawrz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989) – will itself vitiate the Government's claim of privilege. *See Kelly*, 114 F.R.D. at 669-70 ("Another reason to require a situation specific affidavit is to provide the [party seeking discovery] with a fair opportunity to challenge the bases for the assertion of the privilege. Providing that opportunity is important to the court as well because in our adversary system the court looks to opposing parties to help it probe and measure the strength of submissions such as these.").

Very truly yours,

R. Christopher Cook


Attachments

cc:   Renee Brooker
      Mark A. Lavine
      Ana Maria Martinez
      Ann St. Peter-Griffith