# EXHIBIT 8





13059220

Nov 30 2006
5:20PM

**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone:  (202) 305-9300*
*Ninth Floor*  *Telecopier:  (202) 616-3085*
*Washington, D.C. 20004*

November 30, 2006

<u>Via Electronic Transmission</u>

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113


Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Chris:

     We received your November 28 letter regarding the issue of deliberative process.  The issues you raise are addressed below:

- **Your letter was not forwarded to the appropriate agency officials**. We never made any such representation. Your letter has been forwarded to the appropriate agency officials.

- **Generalized discussions of AWP are "relevant to a case that purports to be about the reimbursement of drugs based on AWP."**  That summary of the case is not correct. The case is about Abbott's reporting of false prices to price reporting agencies to manipulate third party reimbursement for the drugs identified in the complaint.  It is not about AWP-based reimbursement generally.  You have not sufficiently explained how a privileged document titled "Re Proposed Methodology for Determining Average Wholesale Price (AWP)" relates to your client's decision to report false prices for its drugs.

- **Government knowledge is "relevant to this case."**  These kinds of statements reflect a fundamental misunderstanding of False Claims Act (FCA) law. The case is about Abbott's conduct, not AWP reimbursement in general.  We have already briefed the role of government knowledge in FCA cases in the motion to dismiss pleading practice.  *See* United States' Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss at 23-27.  The issue of government knowledge only goes to a defendant's scienter, and only where there is a meeting of the minds between the government and the defendant on the conduct at issue and government approval.  The government never agreed to or approved Abbott's

-2-

false price reporting for the drugs identified in the complaint; it sued Abbott for that conduct. You have not explained sufficiently why the deliberative process privilege should be waived when the information sought has no bearing on Abbott's culpability for its conduct as set forth in the government's complaint.

- **Judge Saris does not agree with the United States' position that government knowledge is irrelevant and need not be produced in discovery**. As you note, Judge Saris said that it is important to hear what the government knew or did not know about the Abbott-specific fraud set forth in the United States' complaint. The issue therefore is (1) what information Abbott provided about its price reporting and spread marketing conduct – incidentally, no evidence has presented to us thus far showing that Abbott made any such disclosure – and (2) whether the government made a fully informed decision to allow Abbott's false price reporting. Please indicate to us the documents on which you seek waiver of the deliberative process privilege that reflect that type of dialogue.

- **Advise by December 1, 2006 whether the United States will produce documents protected by the deliberative process privilege**. Your letter is being reviewed. We will not be producing any privileged documents on the arbitrary date in your letter, but look forward to working with you to address the questions and issues raised in our respective letters in the near term.

Very Truly Yours,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc: George Henderson
Laurie Oberembt
John Neal
U.S. Dept. of Justice

Martin F. Murphy
Foley Hoag LLP
mmurphy@foleyhoag.com
Neil Merkl
Kelley Drye & Warren, LLP
nmerkl@kelleydrye.com
*Counsel for Dey Pharmaceuticals, Inc.*