# EXHIBIT 12



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone: (202) 305-9300*
*Ninth Floor*  *Telecopier: (202) 616-3085*
*Washington, D.C. 20004*

December 8, 2006

<u>Via Electronic Transmission</u>

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

Neil Merkl, Esq.
Paul F. Doyle, Esq.
William A. Escobar, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

Re:  *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No. 1456/No. 01-12257-PBS;  *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Dey, Inc.,* MDL No. 1456/Civil Action No. 01-12257-PBS.

Dear Counsel:

   This letter concerns Abbott's notice of deposition for the HHS employee(s) "principally responsible for drafting the regulation that implemented transitional pass-through payments for certain classes of drugs, biologicals and devices..." The notice further references pertinent Final Rules published in the Federal Register. It appears that Abbott intends to take a deposition regarding information that is (a) wholly protected from disclosure by the deliberative process privilege and (b) completely irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

   The underlying purpose of the deliberative process privilege is to protect governmental decision-making by maintaining the confidentiality of advisory opinions, recommendations, and deliberations that comprise part of the process by which government formulates law or policy. Accordingly, it seems reasonably clear that any questions put to the author of a government regulation regarding the selection of the final language of such regulation and the policies

-2-

implemented therein are certain to be met with the invocation of the privilege. If you intend to inquire about other issues in the deposition, please respond by identifying the subjects you would pursue were the deposition to go forward.

Moreover, we cannot discern any relevance for the testimony that Abbott is seeking in the context of this, or probably any, case. As noted in a previous letter to Mr. Cook, the First Circuit has expressly held that in determining the meaning of a regulation, agency interpretations are only relevant if they are reflected in public documents as opposed to non-public or informal understandings of agency officials. United States v. Lachman, 387 F.3d 42 (1st Cir. 2004). If you are aware of any precedent to the contrary, please provide us with citation to same.

In light of the foregoing, we question whether there is any point to conferring with you at this juncture concerning an alternative date for such a deposition and, rather, suggest that the matter of scheduling be deferred while we attempt to resolve the privilege and relevancy issues. We believe the AWP MDL proceeding contemplates that Dey participate in these depositions or waive its right to re-notice them. Accordingly, we would appreciate hearing Dey's views on the above issues in addition to those of Abbott.

Thank you for your attention. I look forward to hearing from both Abbott and Dey.

Very Truly Yours,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc:   James Breen
      The Breen Law Firm
      *Counsel for Relator*