# EXHIBIT 13



**U.S. Department of Justice**

Civil Division, Fraud Section

---

601 D Street, NW
Ninth Floor
Washington, D.C. 20004

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-3085*

DEC 1 2 2006

*Via Electronic Transmission*

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

Neil Merkl, Esq.
Paul F. Doyle, Esq.
William A. Escobar, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

    Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Counsel:

    We are writing to address Abbott's notice of deposition of "one of more employees of the Department of Health and Human Services ("HHS") who reviewed, approved, and/or were consulted regarding the Brief of the United States as Amicus Curiae submitted by the Department of Justice on behalf of the Secretary of HHS."

    The United States will invoke the work product doctrine in response to questions put to HHS counsel or HHS employees working at the direction of counsel about its Amicus Curiae brief. Attempts "to secure ... personal recollections prepared or formed by opposing counsel in the course of his legal duties .... fall[] outside the arena of discovery and contravene[] the public policy underlying the orderly prosecution and defense of legal claims." *Hickman v. Taylor*, 329 U.S. 495, 509 (1947). Because the requested deposition seems to be designed to elicit *nothing but* information protected by the work product doctrine or otherwise subject to the attorney-client and deliberative-process privileges, we request that you withdraw the deposition notice.

    Depositions of opposing counsel are highly disfavored. *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66-67 (1st Cir. 2003); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987); *Stavola v. Northeast Utilities, et al.*, 2006 WL 2850414, *2 (D. Conn.) (Oct. 4, 2006) (granting protective order and awarding fees to party that sought it). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers

-2-

the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections." *Shelton*, 805 F.2d at 1327. Indeed, "the mere request to depose an opposing counsel constitutes 'good cause' for obtaining a protective order, 'unless the party seeking the deposition can show both the propriety and need for the deposition.'" *Dunkin' Donuts, Inc. v. Mandorico, Inc.*, 181 F.R.D. 208, 210 (D.P.R. 1998) (collecting cases). Appropriate factors to consider are whether: "(i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian*, 323 F.3d at 66.

We think it unlikely that Abbott can meet this standard. The conduct of the United States in preparing and submitting a brief specifically requested by the court is not at issue in this litigation; therefore, we do not understand how the information sought by this deposition is reasonably calculated to lead to the discovery of admissible evidence, let alone "crucial" to the case. Moreover, to the extent that Abbott seeks relevant, nonprivileged/nonprotected facts or information concerning issues remaining in dispute in the case, there obviously are alternative means available to Abbott for obtaining such information. Indeed, it appears that the notice serves no purpose but to annoy, embarrass, oppress, and/or to create undue burden or expense to HHS and the Department of Justice.

We would appreciate it if you would advise us by tomorrow whether Abbott intends to withdraw the deposition notice so that we may determine whether it will be necessary for us to seek relief under Rule 26(c).[1]

Very Truly Yours,

Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc: AUSA George B. Henderson III
    Laurie A. Oberembt
    John K. Neal

---

[1] We believe the AWP MDL proceeding contemplates that Dey participate in these depositions or waive its right to re-notice them. Accordingly, to the extent that Dey considered issuing a similarly objectionable deposition notice, we would appreciate hearing Dey's views on the issues set forth in this letter.