# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.,* | ) | |
| No. 06-CV-11337-PBS | ) | |

## ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL EVIDENCE
## WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE

Defendant Abbott Laboratories, Inc. ("Abbott") respectfully seeks an Order compelling

Plaintiff the United States of America ("United States" or "Government") to produce to Abbott

all documents that have previously been withheld under the "deliberative process privilege."

This request includes over 500 responsive documents the Government did not produce in

response to subpoenas issued to the United States Department of Health and Human Services

("HHS") and various Medicare carriers in MDL 1456, documents which bear Government-

provided descriptions like "Options for AWP."  The Government's assertion of fraud-based

claims against Abbott and other manufacturers negates any qualified deliberative process

privilege that might have applied to these documents.  Moreover, the Government has failed to

assert the privilege properly, and it has provided no explanation of what harm would result if

documents relating to now-discarded payment methodologies were disclosed in this case.

In addition, this Court should prohibit the Government from continuing to withhold

evidence and otherwise obstructing ongoing discovery through assertion of the deliberative

process privilege.  The Government's responses to Abbott's written discovery requests and

notices of deposition indicate that the Government continues, under the guise of the deliberative

process privilege, to prevent discovery of information vitally important to Abbott's defenses.

The arguments and authority supporting these requests are set out in the accompanying memorandum.  A proposed order is attached.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Abbott hereby requests oral argument on this Motion.

Dated:  December 27, 2006                              Respectfully submitted,

                                                       /s/ R. Christopher Cook
                                                       James R. Daly
                                                       Tina M. Tabacchi
                                                       Brian J. Murray
                                                       JONES DAY
                                                       77 West Wacker Drive, Suite 3500
                                                       Chicago, Illinois  60601
                                                       Telephone:  (312) 782-3939
                                                       Facsimile:  (312) 782-8585

                                                       R. Christopher Cook
                                                       David S. Torborg
                                                       JONES DAY
                                                       51 Louisiana Avenue, N.W.
                                                       Washington, D.C.  20001-2113
                                                       Telephone:  (202) 879-3939
                                                       Facsimile:  (202) 626-1700

                                                       *Counsel for Defendant Abbott Laboratories, Inc.*

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1</u>

I certify that the moving party communicated with counsel for Plaintiffs in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ R. Christopher Cook
R. Christopher Cook