UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| This Document Relates to: | The Honorable Patti B. Saris |
| *The People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, No. 1:06-5528 (N.D.Ill.) | |
| *State of Florida, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, No. 4:06cv476 (N.D.Fla.) | |
| *State of Mississippi v. Abbott Laboratories, Inc., et al.*, No. 3:06-566 (S.D.Miss.) | |

MEMORANDUM IN SUPPORT OF JOINT MOTION OF THE
ATTORNEYS GENERAL OF FLORIDA, ILLINOIS, AND MISSISSIPPI
FOR A HEARING REGARDING THEIR MOTIONS TO REMAND

The Attorneys General of Florida, Illinois, and Mississippi (hereinafter "the States") respectfully request that this Court schedule a hearing to consider their fully-briefed and pending motions to remand which were filed in their respective federal district courts prior to the above-captioned cases being transferred to this Court by the Judicial Panel on Multidistrict Litigation.

The States filed these drug-pricing actions in their respective state courts on February 7, 2005 (Illinois), July 9, 2003 (Florida), and October 20, 2005 (Mississippi). The cases were not removed within 30 days of service upon the defendants. Nevertheless, on or about October 11, 2006, defendant Dey, Inc. ("Dey"), with the consent of the other defendants, removed each of these cases on the same basis, *i.e.*, that the federal government's *qui tam* complaint against Dey, and the September 9, 2006 order unsealing it, constituted an "order or other paper" from which Dey first ascertained that the States' cases had become removable within the meaning of 28 U.S.C. §1446(b). The legal issues presented in the States' remand motions are identical:

(1) whether the removals were timely pursuant to Fed.R.Civ.P. 1446(b) and, if so, (2) whether the federal district courts have original jurisdiction over the States' actions as required by 28 U.S.C. §1441(a).  This Court is familiar with the first issue, as it construed the "order or other paper" language of 28 U.S.C. §1446(b) in rejecting an earlier removal of the Illinois action (as well as similar actions brought by the states of Kentucky and New York) as being untimely.  *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F.Supp.2d 98, 109 (D.Mass. 2006).

The States understand the very busy docket of this Court.  However the removals and jurisdictional disputes have caused delay and interfered with the right of these sovereign States to prosecute and enforce their laws in their own state courts and have seriously disrupted the orderly progression of these law-enforcement actions.  In order to avoid further delay and prejudice, the States respectfully request that this Court schedule a hearing to decide the fully-briefed remand motions.[1]

Dated: January 3, 2007                                    Respectfully submitted,

                                                          LISA MADIGAN
                                                          Attorney General of the State of Illinois


                                                  By:     /s/ Robert S. Libman
                                                          ROBERT S. LIBMAN
                                                          Special Assistant Attorney General
                                                          for the State of Illinois
                                                          Miner, Barnhill & Galland
                                                          14 W. Erie St.
                                                          Chicago, IL 60610
                                                          (312) 751-1170
                                                          (312) 751-0438 (telefax)
                                                          e-mail:  rlibman@lawmbg.com

---

[1] Also fully briefed and pending at the time of transfer to this Court were:  (1) the Florida plaintiffs' motion for leave to file a reply memorandum in support of remand; (2) Florida's motion to strike an exhibit attached to a declaration submitted by Dey accompanying its brief in opposition to Florida's remand motion; and (3) defendants' motion for leave to file a supplemental notice of removal in the Illinois action.  Florida requests that its motion for leave to file a reply be considered prior to the hearing. Florida and Illinois request that the remaining motions be considered at the hearing along with the pending motions to remand.

        JIM HOOD
        Attorney General of the State of Mississippi
        Harold E. Pizetta III (MBN 99867)
        Special Assistant Attorney General Chief
        Civil Litigation Division
        OFFICE OF THE ATTORNEY GENERAL
        Carroll Gartin Justice Center
        450 High St., 5th Fl.
        Jackson, MS 39201


By:    /s/ Joseph Leray McNamara
        COPELAND, COOK, TAYLOR & BUSH, P.A.
        Charles G. Copeland (MBN 6516)
        Joseph Leray McNamara (MBN 2784)
        Ronnie Musgrove (MBN 3868)
        Frank Kolb (MBN 101092)
        P.O. Box 6020
        Ridgeland, MS 39158
        (601) 856-7200
        (601) 856-7626 (telefax)

        BILL MCCOLLUM
        Attorney General of the State of Florida


By:    /s/ Mark S. Thomas
        MARK S. THOMAS (FL Bar No. 0001716)
        MARY S. MILLER (FL Bar No. 0780420)
        Assistant Attorneys General
        OFFICE OF THE ATTORNEY GENERAL
        MEDICAID FRAUD CONTROL UNIT
        PL-01, The Capitol
        Tallahassee, FL 32399-1050
        (850) 414-3600
        (850) 487-9475 (telefax)

        ATTORNEYS FOR THE STATE OF FLORIDA

        James J. Breen
        Alison W. Simon
        THE BREEN LAW FIRM, P.A.
        P.O. Box 297470
        Pembroke Pines, FL 33029-7470

        Gary L. Azorsky
        Roslyn G. Pollack
        Joy P. Clairmont
        BERGER & MONTAGUE, P.C.
        1622 Locust St.
        Philadelphia, PA 19103
        (215) 875-5711
        (215) 875-4604 (telefax)

        ATTORNEYS FOR RELATOR VEN-A-CARE OF
        THE FLORIDA KEYS

CERTIFICATE OF SERVICE

      Lisa Mecca Davis certifies that she caused a copy of the foregoing Memorandum to be served upon all counsel of record, by this Court's electronic-filing system, this third day of January, 2007.

                                        /s/ Lisa Mecca Davis
                                        Lisa Mecca Davis