UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |

**TRIAL OF CLASS 2 AND 3 CLAIMS**

## PLAINTIFFS' REQUEST FOR ADMISSION OF TRIAL EXHIBITS

Plaintiffs respectfully move for the admission of 15 additional exhibits, as follows:

First, Plaintiffs move for admission of exhibits cited in Dr. Rosenthal's rebuttal testimony.  In order to save time, and given the compressed schedule for rebuttal witnesses, most of those exhibits were not reviewed with the Court during Dr. Rosenthal's live testimony on the last day of trial.  Nonetheless, because Dr. Rosenthal relied on these exhibits in forming her rebuttal opinions, Plaintiffs move for admission of the exhibits set forth below (which were not previously moved into evidence).  Each exhibit is the type of evidence that experts reasonably rely upon in forming opinions or inferences as contemplated by Fed. R. Evid. 703.  The majority of these exhibits also constitute public records under Fed. R. Evid. 803(8) (Exs. 1099, 1303, 4040, 4058, 4063-65, 4073, 4074, 4091).

Plaintiffs also move for the admission of newly marked exhibit 4108, which is a BMS News Release announcing an agreement in principle with the U.S. Department of Justice (the "DOJ") to settle a long-standing federal investigation that "began several years ago" into BMS pricing, sales and marketing practices.  The settlement, if finalized, will require BMS to pay just

under half a billion dollars and to enter into a corporate integrity agreement with the OIG.  This agreement in principle confirms that the DOJ has been investigating BMS for at least "several years" and serves as additional evidence to rebut the notion, advanced by BMS and its experts at trial, that the federal government somehow condoned BMS's unlawful conduct.[1]

Wherefore, Plaintiffs move for the admission of the following exhibits (the first two of which were marked by Defendants but not previously moved into evidence):

| Exhibit No. |
| --- |
| 1099 |
| 1303 |
| 4040 |
| 4053 |
| 4054 |
| 4057 |
| 4058 |
| 4062 |
| 4063 |
| 4064 |
| 4065 |
| 4073 |
| 4074 |
| 4091 |

---

[1] As the Court may recall, Dr. Bell testified that, contrary to the OIG Guidelines, he believed that it would be proper for manufacturers to disassociate ASPs from AWPs and market the spread.  Day 15 Transcript at 76-80.

147065

4108

| | |
|---|---|
| DATED:  January 4, 2007 | By: /s/ Steve W. Berman<br>Thomas M. Sobol (BBO#471770)<br>Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br><br>*Liaison Counsel*<br><br>Steve W. Berman<br>Sean R. Matt<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>Wexler Toriseva Wallace LLP<br>One North LaSalle Street, Suite 2000<br>Chicago, IL  60602<br>Telephone: (312) 346-2222<br>Facsimile: (312) 346-0022<br><br>Elizabeth Fegan<br>Hagens Berman Sobol Shapiro LLP<br>60 W. Randolph Street, Suite 200<br>Chicago, IL  60601<br>Telephone: (312) 762-9235<br>Facsimile: (312) 762-9286<br><br>Jeffrey Kodroff<br>John Macoretta<br>Spector, Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496b-6611 |

- 3 -

147065

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

*Co-Lead Counsel For Plaintiffs*

- 4 -

147065

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' REQUEST FOR ADMISSION OF TRIAL EXHIBITS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 4, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

                              By: /s/  Steve W. Berman
                                     Hagens Berman Sobol Shapiro LLP
                                     1301 Fifth Avenue, Suite 2900
                                     Seattle, WA  98101
                                     Telephone: (206) 623-7292

147065