UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>) |
| | ) MDL No. 1456 |
| | ) Civil Action No. 01-12257-PBS |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) Hon. Patti B. Saris |
| | ) |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* | ) Chief Magistrate Judge Marianne B.<br>) Bowler<br>) |
| CIVIL ACTION NO. 06–CV-11337-PBS | ) |

**UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL ABBOTT
TO PRODUCE ALL DISCOVERY REQUIRED BY CMOs 5 and 10**

The United States of America, through its undersigned counsel, respectfully files this

Motion to Compel Abbott to Produce All Discovery Required by CMOs 5 and 10.[1]

I.     **PRELIMINARY STATEMENT**

This case is brought by the United States and Ven-A-Care against Abbott Laboratories,

Inc. ("Abbott") under the civil False Claims Act ("FCA") and the common law for its alleged

fraudulent conduct at the expense of the Medicare and Medicaid programs that provide for the

health care needs of the poor, the elderly and the disabled.  In this case, the United States alleges

that from at least on or before January 1, 1991, and continuing through January 2001, Abbott

engaged in a fraudulent scheme that caused the Medicare and Medicaid programs to pay

excessive reimbursement to Abbott's customers.  In furtherance of this scheme, Abbott reported

false, fraudulent and inflated drug prices for certain drugs (dextrose solutions, sodium chloride

---

[1]Relator consents to and joins in the filing of this Motion.

solutions, sterile water, and Vancomycin products) to several price reporting compendia that the Medicare and Medicaid programs relied upon to set reimbursement rates for Abbott's customers. Abbott knew that the Medicare and Medicaid programs relied on Abbott's reported prices to those compendia to set reimbursement rates for claims submitted for Abbott's drugs.  In order to boost its sales and profits, Abbott sold the drugs for far lower prices, and marketed to its existing and potential customers the "spread"– the difference between the inflated reimbursement amounts and the actual acquisition costs of the drugs.  This spread, which benefitted Abbott, was funded by the Medicare and Medicaid programs.  Under the False Claims Act, if it is established that Abbott has submitted or caused others to submit false or fraudulent claims to the United States, the United States can recover treble damages and $5,500 to $11,000 for each false or fraudulent claim filed.  31 U.S.C. §§ 3729-33.

The case was first initiated by Relator, Ven-A-Care ("Plaintiff Ven-A-Care").  The United States intervened by filing a Complaint in March 2006 in the Southern District of Florida. The case was transferred to this MDL proceeding pursuant to Conditional Transfer Order 30, dated July 11, 2006.  The United States filed, and this Court granted, a stay of discovery on August 25, 2006.  Dkt. No. 3031.  Abbott filed a Motion to Dismiss on July 7, 2006 in the Southern District of Florida.  The Motion was eventually transferred to this Court for consideration.  At the first hearing before Judge Saris in this proceeding on Abbott's Motion to Dismiss on October 26, 2006, the Court lifted the stay and ordered that discovery proceed.  Ex. 3. Abbott's Motion to Dismiss is still pending and Abbott has not yet filed an Answer to the Complaint.  As a result, the United States does not know what defenses Abbott will assert.

The Court has ordered that discovery in this case be completed by December 31, 2007. <u>See</u> Docket Sheet entry dated October 26, 2006, modifying discovery deadlines set in court.  Yet, on the sole basis of a relevance objection, Abbott has refused to produce to the United States all of the relevant and discoverable documents that Abbott previously produced in other average wholesale price ("AWP") cases, or to allow Plaintiff Ven-A-Care to share with the United States documents Abbott produced in other cases in which Relator is a plaintiff.  In addition, Abbott will not allow the United States to obtain documents Abbott previously produced to plaintiffs in this MDL proceeding ("MDL Plaintiffs") or other plaintiffs in related AWP proceedings, such as plaintiffs in state cases ("non-MDL Plaintiffs").  In short, Abbott has selectively withheld certain documents from earlier productions in related AWP proceedings from production in this case, and refused to allow any sharing of documents among the United States, Plaintiff Ven-A-Care, or MDL and non-MDL Plaintiffs.  Indeed, Abbott has threatened to seek sanctions if the United States or Relator shares documents.  Ex. 12.

Abbott's withholding of relevant evidence, and its threat of sanctions, undermines the United States' ability to prepare its case for trial, particularly given the relatively short period of time for discovery.  A fair reading of this Court's various case management orders ("CMOs"), and the standards set forth in the Manual for Complex Litigation, support the United States' efforts to maximize efficiencies through the unencumbered sharing of the discovery described above, particularly where, as here, there is little to no burden upon the party from whom the discovery is sought.

For these reasons, the United States respectfully requests the Court to overrule Abbott's relevance objection and require Abbott to produce the materials outlined in CMOs 5 and 10 and

the United States' First Request for Production of Documents number two.  The United States

further requests that the Court clarify that the United States and all MDL and non-MDL Plaintiffs

may share discovery produced by Abbott, subject to the terms of the Protective Order entered in

this case.

## II.    STATEMENT OF FACTS

The Court has ordered that the parties shall complete discovery by December 31, 2007.

The United States has a need to obtain the discovery sought by this motion expeditiously.  The

United States served its First Request for Production of Documents on July 12, 2006, while the

case was pending in the Southern District of Florida.  Ex. 1.  This request asked for a narrowly

tailored set of documents.  The United States hoped to obtain and review materials previously

produced by Abbott to avoid serving future duplicative discovery requests.  Request number two

specifically called for essentially the same set of materials Abbott and other defendants were

required to produce under CMO 5, ¶ 2, and CMO 10, ¶II. 1., namely, all documents Abbott

produced in response to a subpoena or other document request of any state, or in any litigation

commenced against Abbott, in which Abbott's creation or dissemination of any prices of its

products in order to influence the reimbursement amounts paid by third party payors (such as

Medicare, Medicaid or any insurance company) is at issue.[2]  Abbott selectively provided some,

---

[2]Abbott produced materials to plaintiffs in at least the following AWP related
proceedings of which the United States is aware: (1) *State of West Virginia v. Warrick
Pharmaceuticals Corp., et al.*, Case No. 01 -C-3011, Circuit Court of Kanawha County, WV; (2)
*Peralta v. Abbott Laboratories Inc.*, Case No. BC 259587, Superior Court for the State of
California, Los Angeles County; (3) *State of Nevada v. Abbott Laboratories Inc., et al.*, Case No.
CV-N-02-0080-ECR-RAM, Second Judicial District Court, Washoe County, NV; (4)
*Commonwealth of Kentucky v. Abbott Laboratories Inc.*, Civil Action No. 03-CI-1134, Franklin
Circuit Court, KY; (5) Commonwealth of Pennsylvania, filed in March 2004 in the
Commonwealth Court of Pennsylvania; (6) *State of Texas ex rel. Ven-A-Care of the Florida*

but not all, of these materials along with its initial disclosures.  The United States is in no position to match the selected materials Abbott did produce in this case with those Abbott produced to MDL and non-MDL Plaintiffs.  Ex. 17 at 2-3.

Beginning at least in early October 2006, the United States again asked Abbott to share documents it already produced in discovery to MDL Plaintiffs under the terms of the MDL Protective Order.  Exs. 4-8.  In discussions with Abbott, the United States explained that Abbott's refusal to allow the United States the same access to documents that MDL and non-MDL Plaintiffs enjoy has hindered the progress of discovery.  Exs. 8, 10, 11, 13, 15-17.  The United States cannot take meaningful deposition discovery, for example, without first obtaining these relevant documents.

Only after making repeated inquiries, Abbott responded that the United States and Relator would be limited to the documents Abbott produced as part of its initial disclosures, which only "related to the drugs and time periods at issue in the [instant] case."  Ex. 7.  Abbott would not produce materials beyond those it produced in its initial disclosures.  Ignoring CMOs 5 and 10, but citing CMO 9, Abbott claimed that, while MDL Plaintiffs are entitled to receive all documents that Abbott produced in the MDL proceeding, MDL Plaintiffs that are government entities may not have access to all of Abbott's prior productions.  On this basis, Abbott stated that it "does not consent to the wholesale 'sharing' of documents produced to other parties in

---

*Keys, Inc. v. Abbott Laboratories Inc., et al.*, Case No. GV401286, District Court, Travis County, TX ; (7)  *State of Wisconsin v. Abbott Laboratories Inc., et al.*, Case No. 04 CV 1709 Unclassified- Civil: 30703, Circuit Court of Dane County, WI; (8) *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.*, No. 21 2 MD 2004, Commonwealth Court of Pennsylvania; and, (9) *In re Pharmaceutical Industry Average Wholesale Price Litigation (MDL 1456)* Civil Action No. 01-CV-12257 PBS, D. Mass, including actions transferred to MDL 1456.  Ex. 17, at 2, fn. 2.

MDL 1456 with the United States." Ex. 7 at 2. Abbott directed the United States to "seek those documents through discovery". Ex. 7 at 2. The United States has done just that, but to no avail.

This Court temporarily stayed discovery in this case on August 25, 2006. Dkt. No. 3031. The parties appeared before Judge Saris on October 26, 2006. Ex. 3. At that time, Judge Saris lifted the August 25 stay of discovery. Tr. 43:3-5. The United States' Discovery Requests were effectively reinstated at that time. Abbott served its responses to this formal discovery request on December 11, 2006. Ex. 2. Abbott stated that it would produce virtually no additional materials in response to Document Request number two beyond its initial disclosures. Ex. 2 at 8; Ex. 15 at 1-5.

In addition to being deprived of relevant evidence in this case, Abbott's refusal to produce the materials has also posed a practical problem for United States. Relator in this case is also the Relator in *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc., et al.*, Case No. GV401286, District Court, Travis County, TX (the "Texas case"), and *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc., et al.*., Case No. 1:03-CV-11226, pending in this MDL proceeding (the "California case"). The United States would like to avoid duplication of discovery taken by Relator. In order to do that the United States and Plaintiff Ven-A-Care need to share information (documents and depositions testimony) unencumbered. The United States has received an unknown subset of the materials Abbott produced to Relator in the Texas case with different Bates ranges. Because of Abbott's selective production of documents to the United States, the

United States must cross-reference documents produced in both cases.[3]  That process is time consuming, onerous, and inefficient.  It is also causing the United States and Plaintiff Ven-A-Care to incur unnecessary and easily avoidable litigation costs.

The United States informed Abbott of its position that this MDL proceeding by its very nature and by its various CMOs, requires Abbott not to interfere with coordination and sharing of evidence between the United States, Plaintiff Ven-A-Care and MDL and non-MDL Plaintiffs. Exs. 8, 10, 11, 13,15-17.  In fact, CMOs 5 and 10 require defendants to produce all previously produced documents, and the Court said at the first court hearing of the parties on October 26, 2006, that she was going to "open up everything that happened in MDL."  Tr. 43:7-11.  When the United States notified Abbott that it had planned to ask MDL Plaintiffs to provide the United States a set of the CMO 5 and 10 materials, Abbott threatened to argue that United States was "in contempt" of this and other Court's Protective Orders.  Thus, Abbott gave the United States no choice but to file this motion to compel.

## III.    ARGUMENT

The discovery sought is relevant to this case, has been produced by Abbott to MDL and non-MDL Plaintiffs in proceedings in which the same conduct is at issue, and is relatively easy for Abbott to produce in this case.

### A.    Abbott's Sole Objection to Production – Relevance – Should Be Overruled

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information need not be admissible at the trial if the

---

[3]In this instance, the United States cannot have access to all of the Texas documents in the absence of entering the state court's protective order which the United States is not required to enter, especially when the discovery is relevant and required to be produced in this case.

discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R.

Civ. Proc. 26(b)(1).  *Mack v. Great Atlantic & Pacific Tea Co. Inc.*, 871 F.2d 179 (1st Cir. 1989).

Under this broad standard, the discovery the United States seeks is relevant, or reasonably

calculated to lead to the discovery of admissible evidence.  The United States has requested that

Abbott produce the CMO 5 and CMO 10 materials, that is, all discovery that it previously

produced in this and other AWP related proceedings. Exs. 4-17.  The discovery would

necessarily include, but not be limited to, the set of hard copies (or electronic copies) of materials

that Abbott produced (or will produce) to MDL and non-MDL Plaintiffs, and copies of

transcripts of Abbott corporate designees, employees, former employees, and agents in

depositions or trials in all AWP proceedings.  And, as set forth further below, the production

should not be limited by the time period or drugs identified in the Complaint in this case.

Abbott's sole objection to the production of this evidence is relevance.  Ex. 2 at 8; Ex. 17

at 1-3.  Abbott has selectively produced materials to the United States from among some of its

earlier productions, limiting its selections by time period[4] and to certain drugs.  Abbott has stated

that it will not produce documents that relate exclusively to drugs that are not the "Subject

Drugs",[5] with a limited exception of Hospital Products Division ("HPD") drugs that relate to

marketing the spread or manipulating AWP.  <u>See</u> Abbott Response to U.S. First RFPs, Gen'l

---

[4]Abbott objects to the time period beyond that alleged in the Complaint on the basis that
it "extends beyond the period for which the United States seek damages."  Ex. 2 at 3, Abbott's
Responses to U.S.'s First RFP, Objection #10.  This objection should be overruled for the
reasons stated in this Motion.

[5]Abbott refers to drugs specifically identified in Exhibit A to the Complaint (dextrose
solutions, sodium chloride solutions, sterile water, and Vancomycin products) as the "Subject
Drugs", and those not named in the Complaint as the "Non-Subject Drugs."  Ex. 17 at 1, fn. 1.
The United States adopts those terms for ease without waiving any objections.

Obj. # 9.  Abbott further limited its selections to "responsive documents to the extent they exist

from "1991 through January 31, 2001.[6]  The discovery sought is that which Abbott has produced

(or will produce) in other cases where Abbott has been investigated or sued for essentially the

same conduct in other proceedings, under various causes of action.  The likelihood is high that

materials relevant to other proceedings may lead to information relevant to this case.

While there are time periods (1991 to 2001) and "Subject Drugs" specifically alleged in

the Complaint, the evidence that may be relevant to proving this case, or that may reasonably

lead to the discovery of admissible evidence, is not limited to those time periods or the "Subject-

Drugs".   Several examples follow.

First, Abbott's marketing and sale of "Non-Subject Drugs" during any time period, on

which there is spread or AWP manipulation is directly relevant to the allegations in the

Complaint as it may tend to show a pattern or practice of pricing misconduct that bears on the

United States' allegations.  Evidence may show, for example, that it was Abbott's routine

practice to engage in spread manipulation in certain defined situations, but not others.  Fed. R.

Evid. 406.  Second, Abbott claims in this litigation that it does not report, advertise, publish, or

cause to be published, directly or indirectly, the average wholesale price for *any* of its drugs.

See, e.g., Ex. 2, Abbott Response to U.S. First RFP, Objs. to Defin. #3 & #7.  The United States

is entitled to explore that claim in discovery with respect to "Non-Subject Drugs".   There is also

no rationale for limiting such discovery by time period.  Third, Abbott claims in this case that it

---

[6]The United States' Complaint alleges that "from at least on or before January 1, 1991,
and continuing through January 2001, Abbott defrauded the United States by knowingly causing
the Medicare and Medicaid programs to pay false or fraudulent claims for dextrose solutions,
sodium chloride solutions, sterile water, and Vancomycin."

has "no role [in the] 'creation or existence' of any so-called spread".  See e.g., Ex. 2, Abbott

Response to U.S. First RFP #4.  That statement is contradicted by the evidence.  Moreover, the

United States knows from even the evidence seen to date on at least one "Non-Subject Drug" that

this assertion is untrue.  Ex. 17 at 2.  The United States is entitled to continue to explore this

contention in discovery.  To do so, the United States is entitled to any documents relating to

"Non-Subject Drugs" that may show, among other things, Abbott's knowledge of spreads and the

interests of spreads to its customers.

Fourth, Abbott markets some of the "Subject Drugs" (e.g., dextrose) broadly without

regard to a marketing plan for a specific drug.  Ex. 17 at 4-5.  Therefore, limiting production of

marketing materials to only the "Subject Drugs" will not yield all of the relevant evidence.  Fifth,

the drug, Vancomycin, which is a "Subject-Drug", entered the market around August 1988.  Ex.

17 at 4.  Any marketing-related documents concerning Vancomycin that predate 1991 would

certainly be relevant to the conduct alleged in the Complaint.  Finally, under the schedule set by

the Court, the parties have less than a year remaining to discovery.  The United States still does

not have the benefit of Abbott's answer to the Complaint.  Therefore, it is even more important

that discovery not be unreasonably limited at this time, particularly in this instance, where the

United States does not know what Abbott's defenses will be.

For at least these reasons, the United States asks the Court to overrule Abbott's relevance

objection, and order Abbott to produce all CMO 5 and CMO 10 discovery called for by

Document Request number two, namely discovery that Abbott has produced (and will produce)

to MDL and non-MDL Plaintiffs, without limitation to the 1991-2001 time period or the

"Subject-Drugs" identified in the Complaint.

**B.      The Relevant Evidence Can Be Produced Without Burden to Abbott.**

The United States' request is not unduly burdensome.  Ex. 17 at 3.  The withheld

evidence sought is electronically copied, and production would require that Abbott simply make

another set of copies of CD-Roms.  Moreover, Abbott has already determined the relevance of

the discovery to this and other AWP proceedings, and produced it to MDL Plaintiffs.  Instead of

providing the United States a complete set of electronic copies of CMO 5 and 10 materials,

Abbott selectively produced documents to the United States from among its prior productions to

MDL and non-MDL Plaintiffs.  Ex. 17.  This process no doubt was more, not less, burdensome

to Abbott than producing identical sets of copies to the United States and Plaintiff Ven-A-Care in

this case.  The United States' request is non-controversial, non-objectionable and required by the

Court under CMO No. 5, ¶¶2(a) & (b), and 10, ¶II. 1.

**C.      CMO 9 Does Not Bar The Relief Sought.**

Abbott claims that CMO 9 bars the production of all of its previously produced

documents to the United States in this case, and prevents Plaintiff Ven-A-Care from sharing with

the United States discovery that Abbott produced to Plaintiff Ven-A-Care in the California case

pending in this MDL proceeding.  Ex. 7 and 13 at 2.  The United States disagrees.  The United

States does not believe that this Court's prior orders were intended to prevent any Plaintiffs in

these MDL proceedings, who are subject to the existing confidentiality orders, from sharing

discovery already produced by Abbott or other defendants in other AWP cases that are

consolidated in this MDL proceeding or pending in state courts.

A fair reading of Judge Saris's CMO 9 does not restrict the United States' access to

relevant documents Abbott previously produced to MDL and non-MDL Plaintiffs.  First, the

11

motion that led to CMO 9 was a motion by two states, Montana and Nevada, to permit discovery while motions to dismiss were pending and a stay was in place.  Dkt. No. 495.  In opposition, Abbott and other defendants argued, in part, that CMOs 5 and 7 disallowed discovery by states until the Court resolved the motions to dismiss.  Dkt. No. 529.  They claimed that two states should not be permitted to take discovery while operating under the stay pending a decision on the motions to dismiss.  Here, the situation is reversed.  The Court has mandated that discovery proceed in this case while motions to dismiss are pending, and even though the United States does not have the benefit of an answer from Abbott.  Second, it appears that CMO 9 was entered at the request of defendants in part to avoid duplicative discovery.  Dkt. No. 529. Read in context, CMO 9 relieved the defendants from replicating prior discovery responses except to the extent pertinent to the drugs alleged by a particular government plaintiff.

In short, the Court's CMO 5 and CMO 10, the Manual for Complex Litigation, the general purposes of coordination and efficiency inherent in a multi-district proceeding, and the nature of the dispute leading to CMO 9, militate against a finding that CMO 9 bars the relief sought.

### D.    Abbott's Proposal to Avoid this Motion is Late and Insufficient

Abbott recently offered to provide the United States a list that compares the Bates numbers of documents it produced to Plaintiff Ven-A-Care in the Texas case to the Bates numbers of documents that it provided the United States in this case (i.e., a cross-walk).  Ex. 17 at 3-4.  While the United States accepted Abbott's offer, which is made after many months into these discussions, Abbott's solution alone is insufficient.  First, at the time of the filing of this motion, Abbott has not yet produced such a list.  Second, the cross-walk only relates to the

documents Abbott produced in the Texas case, and none of the other AWP proceedings.  Third, Abbott still insists that it may refuse to permit the United States and Plaintiff Ven-A-Care to share all information provided by Abbott to Plaintiff Ven-A-Care in the Texas case.  Fourth, Abbott's proposal does not permit the United States, Ven-A-Care, and other MDL Plaintiffs to verify they are viewing the same versions of the documents produced since each production bears different Bates numbers.[7]

The discovery clock is ticking.  Abbott's offer to provide the United States anything less than copies of the full set of materials it has previously produced in this MDL proceeding and related AWP proceedings is inefficient, contrary to the CMOs in this case and the very nature of the MDL proceeding, and is impeding the United States' discovery efforts.  Abbott should make available all of its pre-existing discovery, pursuant to CMOs 5 and 10, and this Court's Protective Order.  In addition, those materials should remain intact with their original Bates numbers from all prior productions.

## CONCLUSION

Whereas, the relevance of the discovery has been established and the burden of production is minimal, the United States requests that the Court overrule Abbott's relevance objections, and order Abbott to produce within five (5) days of entry of an Order all discovery that is called for by CMOs 5 and 10, and Document Request number two of the United States' First Request for Production of Documents, including but not limited to: (1) copies of all documents produced by Abbott in all AWP related proceedings, and a cross walk to match the

---

[7]Accordingly, because of Abbott's threat of sanctions, to assist three government co-plaintiffs involved in separate actions, Plaintiff Ven-A-Care has also had to incur additional costs to create and maintain three separate and distinct databases.

various Bates numbers used by Abbott for the same documents produced in the different proceedings; and (2) copies of transcripts of Abbott corporate designees, employees, former employees, and agents in depositions or trials in all AWP proceedings.

The United States further requests that this Court clarify or order that the United States, Ven-A-Care, and MDL Plaintiffs may share discovery that Abbott produces in any AWP related proceeding, as defined by CMO 5, including transcripts described in paragraph (2) above,.

Respectfully submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley
U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF
FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney
General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

For the Relator, Ven-A-Care of the
Florida Keys, Inc.,

/s/ James J. Breen
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com


PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL


 /s/ Renée Brooker
Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852


Dated: January 9, 2007

**CERTIFICATION**

The undersigned counsel certifies pursuant to LR 7.1(a)(2) that she and the Relator's counsel, James J. Breen, have conferred with counsel for the Defendant Abbott Laboratories, Inc. on the issues raised in this motion and have not been able to reach agreement.

                                          /s/ Renée Brooker
Dated: January 9, 2007                    Renée Brooker


**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above **United States' Motion to Compel Abbott to Produce All Discovery Required by CMOs 5 and 10** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                          /s/ Renée Brooker
Dated: January 9, 2007                    Renée Brooker