# EXHIBIT 7

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

October 19, 2006

VIA EMAIL
Mark.Lavine@usdoj.gov

Mark A. Lavine, Esq.
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Re: *U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories*,
MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Mark:

I am responding to your letter of October 13, 2006 in which you ask us to state "Abbott's position on whether documents produced in discovery by Abbott to other parties in the MDL may be shared by those parties with the United States." Although you continue to refuse to provide any of the specifics that I requested in my last response on this subject, I will attempt to state Abbott's position as best I can.

Abbott expects parties to whom it produces documents to comply with all applicable CMOs and protective orders entered by Judge Saris in MDL 1456.

CMO 9 provides that, upon request, defendants who produced documents to plaintiffs pursuant to CMO 5 and/or CMO 7 "shall make those documents available to any government plaintiff in any action included within MDL 1456, *except that no plaintiff shall be entitled to have access to*: a) documents produced by a defendant that is not named as a defendant in the operative complaint filed by such plaintiff, b) documents relating to drugs that are not identified in the operative complaint filed by such plaintiff; and c) documents produced by a defendant that are not otherwise relevant to claims asserted against that defendant in the operative complaint filed by such plaintiff." CMO 9, § I.3.

Abbott already has provided to you all documents previously produced to plaintiffs in MDL 1456 to the extent that they relate to the drugs and time periods at issue in the case brought by Ven-A-Care and the United States against Abbott. We are not aware of any CMO or protective order entered by Judge Saris in MDL 1456 that authorizes the "sharing" of documents by governmental plaintiffs beyond that described above. Indeed, CMO 9 provides just the opposite: Government plaintiffs are not automatically entitled to receive, among other things,

**JONES DAY**

Mark A. Lavine, Esq.
October 19, 2006
Page 2

"documents relating to drugs that are not identified in the operative complaint filed by such plaintiff." CMO 9, § I.3. In short, allowing governmental plaintiffs to "share" all documents produced in MDL 1456 is inconsistent with purpose of Section I.3 of CMO 9.

Consistent with CMO 9, and for the reasons stated in Abbott Laboratories, Inc.'s to United States' and Relators' Motion for a Protective Order, Abbott does not consent to the wholesale "sharing" of documents produced to other parties in MDL 1456 with the United States. If the United States believes there are documents not already produced to the United States that are relevant to its case against Abbott, it may seek those documents through discovery.

Very truly yours,

R. Christopher Cook