# EXHIBIT 8



U.S. Department of Justice

Civil Division, Fraud Section

---

601 D Street, NW
Ninth Floor
Washington, D.C. 20004

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-73085*

November 6, 2006

<u>VIA FACSIMILE TRANSMISSION</u>

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Chris:

Herewith, a summary of points covered during our meeting on Wednesday, November 1.

\* The United States and the Relator disagree with Abbott's position that discovery responses are due immediately. The Court explicitly confirmed that discovery in this matter had been stayed under Case Management Order number 9. At this time, we propose that the parties serve Objections to pending Requests for Production of Documents ("RFPs") by December 15, 2006. We also anticipate that by that date we will have additional information regarding a time frame for a rolling production of documents. We propose that the United States and Relator respond to Abbott's Interrogatories by Jan 19, 2007.

\* Abbott proposed that discussions about its July 12, 2006 Requests for Admissions ("RFAs") be tabled for now. By this request, we understand that Abbott will not take the position that responses to its RFAs are due.

\* Abbott stated that the entry of a new CMO should not be a pre-requisite to the parties' proceeding with depositions, RFPs and Interrogatories, subject to the right of any party to object to any discovery on the basis of the Federal Rules of Civil Procedure ("Rules"), the Local Rules and, to the extent applicable, CMOs.

\* Abbott states that Relator is prohibited from sharing documents produced by Abbott in the Texas state court case with the United States or from sharing with the Texas Office of the Attorney General documents produced in this action. The Relator will provide Abbott a copy of any document production data files previously produced by Abbott which indicates that a "cross-walk" may exist between the Bates numbers of the Abbott Texas production and the Abbott

production in the present action, and Abbott will decide whether it will produce such document data "cross walk" files for its production in this action. Abbott has not yet taken a position on whether the Relator may share Abbott documents designated "confidential" produced in the California action in this AWP MDL with the United States or vice-versa. The Relator intends to seek appropriate relief from the Court enabling it to share documents produced by Abbott in this case, the California case and the Texas case with its state and federal co-plaintiffs in all cases. We expect Abbott to inform Plaintiffs of its final position on this matter by next week so we may move expeditiously to resolve this matter with the Court, if necessary.

* Abbott's position is that Relator and the United States are only entitled to receive Abbott documents already produced in the pending MDL to the extent that Abbott unilaterally determines that such production is material to the allegations in this action. Abbott takes the position that Plaintiffs in this action may not obtain Abbott material from other AWP MDL plaintiffs. Abbott's position is memorialized in its letter of October 19, 2006 and it will not change its position. The United States and the Relator disagree and will seek appropriate relief from the Court.

* Abbott requests that the United States produce a "file location index" for past disclosures made pursuant to Rule 26(a)(1), and for future productions. The United States has fully complied with Rule 34 by producing materials "as they are kept in the usual course of business," but will further consider whether such an index is feasible.

* The US and the Relator have requested information on the employees and offices from which Abbott obtained documents produced to date. You indicated that such a document exists and that Abbott has produced it in the AWP MDL. We request that Abbott produce the document location index described during our meeting.

* This meeting was set up, in part, as a result of counsel for Abbott proposing immediately after the October 26 hearing before Judge Saris that the parties meet so that Abbott could narrow the scope of its document requests, which was expressly addressed by counsel for the Government at the hearing. The United States and the Relator requested at the November 1 meeting that Abbott confer about Plaintiffs' objections to the scope of all of Abbott's pending discovery demands as they relate to information in the possession of all facets of the United States Government's pharmaceutical related activities for the past 40 years, and Abbott declined to engage in any discussions at this juncture.

* Counsel devoted approximately three hours to this meet and confer session in the Washington, DC offices of Abbott counsel.

-3-

We will address the points in your letter of November 3, 2006 via separate correspondence. Thank you for your attention.

Very Truly Yours,

Justin Draycott
Trial Attorney
Commercial Litigation Branch