# EXHIBIT 9

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

November 8, 2006

<u>VIA EMAIL</u>

Gejaa Gobena
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

M. Justin Draycott
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

James J. Breen
The Breen Law Firm
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

Re: <u>*United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*, MDL No. 1456/Civil Action No. 001-12257-PBS</u>

Counsel:

    I write in response to Justin Draycott's letter of November 6, 2006. To the extent that Mr. Draycott's letter addresses the same issues discussed in my letter of November 3, 2006, I refer you to that correspondence for Abbott's position. There are, however, a few issues raised in Mr. Draycott's letter to which I would like to respond directly:

    **Timing of Discovery Responses.** As set forth in my letter dated November 3, 2006, Abbott believes that Plaintiffs' responses to pending discovery requests are due immediately. Abbott has offered to allow Plaintiffs 14 additional days to provide written responses to outstanding discovery.

    By contrast, Plaintiffs have offered to "serve Objections to [Abbott's] pending Requests for Production of Documents" by December 15, 2006. Plaintiffs have offered to "respond to Abbott's [pending] Interrogatories" by January 19, 2007.

    It thus appears that Plaintiffs and Abbott have very different opinions regarding the timing of discovery. Abbott's disagreement with Plaintiffs' position arises from our desire to advance this case expeditiously after years of government delay. As you know, Abbott's Requests for Production of Documents and Interrogatories to Plaintiffs have been outstanding since July 12, 2006 and August 4, 2006, respectively. Plaintiffs, therefore, propose to respond to these written discovery requests more than *five months* after each was properly served.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Gejaa Gobena
M. Justin Draycott
James J. Breen
November 8, 2006
Page 2

      In short, Abbott cannot agree to the timeline you proposed. Abbott does not wish to wait until December or January to learn what evidence the government will and will not share. Such a delay could in turn push back the point at which Abbott could bring before the Court such important matters as the government's assertion of the deliberative process privilege and other positions with which we take exception.

      In an effort to reach a reasonable compromise between our positions, we therefore propose that all parties exchange written responses to all outstanding discovery on Monday, November 27, 2006. We further propose that all parties begin a rolling production of documents immediately thereafter. November 27 is the date on which discovery would be due under the Rules if the 30-day time to respond began to run when Judge Saris opened discovery on October 26, 2006. While we do not agree that this is the proper analysis of the Plaintiffs' obligations, we believe that such an approach constitutes an appropriate middle ground in this discovery dispute.

      We understand that a complete response to some Interrogatories may require Plaintiffs to undertake a time-consuming collection of evidence or data. Therefore, to the extent that Plaintiffs require additional time to respond to specific Interrogatories, we are available to discuss reasonable, targeted accommodations. We do not believe it is appropriate, however, for Plaintiffs to take more than 75 days after the opening of discovery and five months after the receipt of Abbott's Interrogatories to begin to respond to *all* of those discovery requests.

      **Document Sharing.** Mr. Draycott's letter of November 6, 2006 does not accurately describe Abbott's position with respect to the sharing of documents with litigants in other cases. Abbott has not taken a position that the Relator "is prohibited from sharing documents" in all circumstances. Rather, Abbott consistently has advised Plaintiffs that all parties are expected to abide by all provisions of all applicable protective orders in this and other cases. As before, we refer you to CMO 9 in MDL 1456, Section I.3 of which sets forth the basis on which government plaintiffs are entitled to receive access to documents produced in other cases consolidated within MDL 1456.

      **File Source Index.** I find it odd, to say the least, that the United States has refused to produce a file source index for documents it has produced while at the same time demanding that Abbott produce such an index for documents Abbott has produced. As we have stated in the past, Abbott is not interested in continuing to engage in one-sided discovery with the government. Accordingly, we ask that you propose a date by which you would be in a position to *exchange* file source indices for documents produced by both parties. If you do not wish to exchange such an index, we will have no choice but to waste time and effort deposing additional document custodians in an attempt to ascertain the location from which the government gathered documents.


**JONES DAY**

Gejaa Gobena
M. Justin Draycott
James J. Breen
November 8, 2006
Page 3

**Negotiations Regarding Scope of Discovery.** Mr. Draycott's letter incorrectly states that "Abbott declined to engage in any discussions at this juncture" regarding the scope of its document requests. That statement is not accurate. The parties spent the better part of three hours discussing each others' positions and concerns on the appropriate scope of discovery. Regardless, as we have repeatedly stated, the Federal Rules of Civil Procedure place the burden on Plaintiffs to provide a written response to the written discovery properly propounded by Abbott. If there are specific discovery requests that you would like to discuss, please feel free to call me. As I recall, you were not interested in engaging in such a discussion when Mr. Torborg attempted to turn to specific requests during our meeting on November 1, 2006. Please note, however, that any discussions we have regarding the scope of discovery does not delay or satisfy Plaintiffs' obligation to provide timely written responses to discovery requests as required by the Rules. As I note above, we believe the parties should compromise and exchange such responses on November 27, 2006.

Very truly yours,

R. Christopher Cook

cc:  Renee Brooker
     Mark A. Lavine
     Ana Maria Martinez
     Ann St. Peter-Griffith