# EXHIBIT 10

# THE BREEN LAW FIRM, P.A.

Attorneys and Counselors at Law

## James Joseph Breen

Member of Florida & Georgia Bars

5755 North Point Parkway, Suite 39, Alpharetta, Georgia 30022
Tel. No. 770-740-0008        jbreen@breenlaw.com        Fax: 770-740-9109

November 9, 2006

**VIA EMAIL**
Jones Day
Christopher Cook
51 Louisana Avenue N.W.
Washington, DC 20001-2113

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories,*  **MDL No. 1456/Civil Action No. 01-12257-PBS**

Dear Chris:

As we discussed during our recent conference call, it is Ven-A-Care's position that the applicable rules of discovery, case management orders and protective orders should permit Ven-A-Care to:

a.) Share documents and data produced by Abbott and depositions taken in any of the three actions pending between Ven-A-Care and Abbott with each of Ven-A-Care's three government co-plaintiffs. Specifically, we do not believe that we should be precluded from allowing the Texas Attorney General's Office, the California Attorney General's Office and the United States Department of Justice to access and utilize for appropriate litigation purposes documents produced by Abbott or depositions taken in any of the Ven-A-Care actions.

b.) Receive from other Plaintiffs in the MDL copies of all documents produced by Abbott to date as well as any depositions taken to date. Specifically we do not believe that Abbott should be permitted to regulate or interfere with Ven-A-Care's access to information produced in the MDL to date.

We understand that it is Abbott's position that Ven-A-Care is not permitted to share information specified in a.) above or have unfettered access to information specified in b.) above. Accordingly, I believe it prudent to formally place Abbott on notice that Ven-A-Care disagrees with Abbott's position and fully intends to exercise its rights, and perform its obligations, to share information with its

Letter to Christopher Cook
November 9, 2006
Page 2 of 2

government co-plaintiffs and access information produced in discovery in the MDL thus far. The standards set forth in the Manual for Complex Litigation and the purpose of mandated multi-district litigation in federal courts clearly support Ven-A-Care's intent and desire to maximize efficiencies through the sharing of discovery information described above.

Ven-A-Care does not believe it should be hamstrung by Abbott's objections to its sharing of and access to discovery information. Judge Saris informed the parties during the hearing on Abbott's Motion to Dismiss that such fundamental discovery disputes should be presented through appropriate motions for protective orders. Accordingly, if Abbott desires to preclude Ven-A-Care from proceeding as specified under sub-paragraphs a.) and b.) above it should file and serve a motion for protective order within the next week.

Thank you for your attention to this matter.

Sincerely,

/s/ James J. Breen

James J. Breen