# EXHIBIT 13



U.S. Department of Justice

Civil Division, Commercial Litigation
Branch, Fraud Section

*601 D Street, NW*
*Suite 9918*
*Washington, D.C. 20004*

*Telephone: (202) 616-3797*
*Telecopier: (202) 514-7361*

November 14, 2006

VIA ELECTRONIC MAIL

R. Christopher Cook, Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001

      Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories,* Civil
              Action No. 06-11337, MDL No. 1456/No. 01-12257-PBS

Dear Chris:

      This letter responds to your letter of yesterday wherein you take the position that sharing of materials produced by Abbott in this litigation and related litigation is a "direct contempt of court orders." We ask that you seriously reconsider your position. To reiterate, we are very troubled by the consistent theme we see emerging in Abbott's positions on discovery, namely the avoidance of coordination and economies of judicial and party resources. Abbott's insistence that the United States and Relator cannot obtain access to the very materials that Abbott has produced to other plaintiffs in this MDL proceeding is contrary to Judge Saris's orders directing all MDL parties to coordinate discovery. Case Management Orders nos. 5 and 10 require defendants to produce all previously produced documents, and Judge Saris said at the last hearing that she was going to "open up everything that happened in MDL." Tr. 43:7-11.

      In addition, we have served document requests for these very same materials, to which Abbott has agreed to provide responses by December 6, 2006. See United States' First Request for Production to Defendants Abbott and Hospira, no. 2. This discovery is relevant to prove our claims on Abbott's drugs, yet Abbott is unnecessarily making it impossible for us to obtain these materials from other Plaintiffs. Since obtaining materials from other Plaintiffs is most efficient and economical for Abbott, we are concerned that Abbott wants to withhold relevant evidence from the United States and Relator. Abbott's plan to unilaterally decide for itself what materials it previously produced in related AWP litigation or this MDL proceeding are relevant to the Plaintiffs' case is unacceptable.

-2-

Each time we discuss the sharing of information in this MDL proceeding, Abbott raises new arguments in an effort to prevent sharing and coordination. For example, this is the first time Abbott claims that the Protective Order (Dkt. No. 276) governing the parties in this litigation prevents sharing of information on Abbott's drugs among Plaintiffs. See November 13, 2006 letter from Christopher Cook to Plaintiffs' counsel. The Protective Order under which we all currently operate in no way precludes Plaintiffs who are subject to the Protective Order from sharing information.

In our Reply in support of our Motion for Protective Order, we explained our position that Abbott is necessarily required to re-produce all materials previously produced in other related state court litigation in this case under the terms of this Court's Protective Order in its current or amended form. See Reply at para. 10. Our position is entirely consistent with the position we are taking on sharing. We do not read any of Judge Saris's orders in this case to make onerous the sharing of materials; in fact, the orders are properly read to require coordination and sharing.

Finally, Abbott took the position for the *first* time in a sur-reply to our Motion for a Case Management Order that CMO 9 allows Abbott to refuse to share or to allow other Plaintiffs to share with the United States and Relator materials produced by Abbott in this MDL proceeding. We do not believe that a fair reading of Judge Saris's CMO 9 restricts the United States and Relator's access to Abbott's previously-produced documents. It appears that CMO 9 was filed as a motion for entry of a case management order by defendants in part to "avoid duplicative discovery". Dkt. No. 1456. Read fairly and in context, CMO 9 relieved the defendants from replicating prior discovery responses except to the extent pertinent to the drugs alleged by a particular plaintiff. We will decide what materials produced by Abbott in this MDL proceeding and related AWP litigation are relevant to prove our case; we will not leave that decision to Abbott. We are disappointed that Abbott's citation of this provision appears to be an after-thought aimed at withholding evidence and preventing Plaintiffs from move efficiently through the discovery process.

We understand from your letter of yesterday that Abbott, although strongly opposed to coordination of discovery efforts, does not intend to file a motion for protective order to prevent the sharing of materials among Plaintiffs. We will therefore proceed in accordance with this Court's orders on sharing, coordination and streamlining of discovery, as we have previously informed you.

                                                                Very Truly Yours,

/s/ James Breen                     /s/ Renée Brooker

James Breen                           Renée Brooker