# EXHIBIT 14

From: christophercook@JonesDay.com
Sent: Wednesday, November 15, 2006 8:30 PM
To: Brooker, Renee (CIV); jbreen@breenlaw.com
Subject: Discovery from Abbott

Dear Renee and Jim:

I received your letter dated November 14, 2006. I propose that we recognize a fundamental disagreement between the parties. We obviously have a very different view about the extent to which existing orders constrain the Plaintiffs from "sharing" documents absent Judge Bowler granting the relief you requested in your September 15, 2006 motion. You believe you can; we believe you cannot. At this time, I ask only that you provide me notice when you "share" documents so that we can take appropriate action. For example, I would like to know if and when Ven-A-Care actually provides to the DOJ documents that are governed by the Texas protective order without first executing a copy of that protective order. I would prefer to avoid raising with the Court the mere possibility that its order has been breached.

That being said, I am concerned that we are getting ahead of ourselves in these arguments about "sharing." It is not at all obvious to me that the DOJ is seeking documents from Ven-A-Care that it will not receive (or has not already received) from Abbott in the regular course of discovery. I assume that DOJ seeks to gain access to Abbott documents, information or testimony relating to drugs and time periods beyond those described in the Complaint. I further assume that you believe Abbott will refuse to provide those documents. I don't believe, however, that we have stated our positions on that issue in a manner that either side can know where we have disagreements. Thus, it would be very useful and constructive if you could articulate for us the extent to which Plaintiffs are seeking discovery relating to non-Subject Drugs or relating to events before or after the relevant time period. I would also be very interested in learning the rationale for any such request. Once you have provided that rationale, we will know the extent to which you are seeking discovery that we are not willing to provide. It may be that our differences are not as great as we now suspect. Regardless, we can open a dialogue on whether we can come to a reasonable compromise on the proper scope of discovery against Abbott in this case.

Please feel free to call me if you believe that would be a better way to initiate this discussion.

Chris

---

R. Christopher Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3734
(202) 626-1700 (fax)

---

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========