UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

**ABBOTT LABORATORIES, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS**

**BACKGROUND**

On December 1, 2006, Abbott Laboratories, Inc. ("Abbott") filed in this Court a Motion to Compel Production of *Ex Parte* Filings. Abbott's pending motion seeks an order compelling Plaintiff the United States of America ("United States" or "Government") to produce to Abbott all documents, filings, and other *ex parte* communications in the above-captioned matter. Abbott's motion specifically seeks production of all motions, orders, and affidavits that were filed under seal in the United States District Court for the Southern District of Florida (Judge Alan S. Gold) during the eleven (11) years from the filing of the underlying *qui tam* in 1995 and the United States' decision to intervene and sever its claims as to Abbott in 2006.

Abbott's motion assumed that, consistent with Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML Rule 1.6"), this Court had received copies of the documents sought by Abbott—that is, all motions, orders, and other pleadings that had been made under seal since the inception of this *qui tam* action that related to the Government's claims against Abbott. *See* Abbott's Mem. in Support of its Mot. to Compel Production of *Ex Parte* Filings ("Abbott Br.") at 1 n.1. This Court should have these materials not to confer

jurisdiction over the materials (as the United States suggests), but to allow the Court to review *in camera* the nature of the *ex parte* communications that the United States has had with Judge Gold over the last decade.

On December 15, 2006, the United States filed its Memorandum in Opposition to Abbott Laboratories, Inc.'s Motion to Compel Production of *Ex Parte* Filings ("U.S. Br."). The Government's brief states that Abbott "mistakenly assumes that the sealed filings that it seeks have been sent to this Court." U.S. Br. at 1. Then, grossly misstating and mischaracterizing the law and previous Abbott motions, the Government asserts that the "sealed filings sought by Abbott are outside the Court's jurisdiction." *Id*. at 1.

The Government's contentions are wrong on all counts. ***First***, under JPML Rule 1.6, this Court should have at least a copy of ***all*** materials in the case file that relate to claims against Abbott—including all materials filed under seal before the claims against Abbott were severed and transferred to this Court. ***Second***, under Rule 37(a)(1) of the Federal Rules of Civil Procedure, Abbott's request is appropriately directed to this Court. Under 28 U.S.C. § 1407(b), this Court has the jurisdiction and responsibility to carry out all pretrial proceedings relating to the Government's claims against Abbott, including the issuance of an order granting Abbott access to pleadings previously made under seal. Nothing in the False Claims Act or prior orders from Judge Gold in any way prevents this Court from issuing the relief sought by Abbott. Indeed, regardless of whether this Court has physical possession of the court files from the Southern District of Florida, the Court unquestionably has the authority to order the United States to reveal to Abbott all of its *ex parte* communications prior to the unsealing of this case.

# ARGUMENT

**I.   THIS COURT MUST BE PROVIDED COPIES OF ALL FILINGS THAT HAVE BEEN MADE SINCE THE FILING OF VEN-A-CARE'S *QUI TAM* COMPLAINT IN 1995.**

JPML Rule 1.6, titled "Transfer of Files," is straight-forward:

> (a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, ***the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file*** and a certified copy of the docket sheet for each transferred action.

J.P.M.L. Rule 1.6(a) (emphasis added). *See also In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 204 F.R.D. 6, 12 (D. Mass. 2001) ("transferor courts in actions transferred to this [transferee] court by the Panel on Multidistrict Litigation must send the complete original file or a certified copy thereof to this court").[1]

The Government's brief states that "Abbott's motion mistakenly assumes that the sealed filings that it seeks have been sent to this Court." U.S. Br. at 1. But the Government offers no credible response as to *why* the "complete file" from the Southern District of Florida has *not* been sent to this Court, as required by JPML Rule 1.6. Instead, the Government claims "the case against Abbott is now a separate case from the original matter pending in the Southern District of Florida" and that "Abbott is seeking files pertaining to an action still pending in the Southern District of Florida." U.S. Br. at 3. In short, the Government appears to contend that none of the under seal filings Abbott seeks since Ven-a-Care filed its *qui tam* in 1995 relate or are a part of Case No. 06-CV-11337-PBS, the Government's claims against Abbott. The Government's argument is specious.

---

[1] Because Ven-a-Care's *qui tam* alleges claims against other defendants that have not yet been severed from the claims still under seal in the Southern District of Florida, Abbott suggests that "the complete original file" should remain in that court and that this Court should receive a certified copy of all materials in the file that relate in any way to claims against Abbott, including all filings made prior to the severance of the claims against Abbott.

Abbott doubts very much that it is the Government's position that none of the motions or pleadings filed under seal in the Southern District of Florida "relate" to this case.  Indeed, if that were the case, all claims stemming from alleged misconduct more than six years prior to the Government's filing of its Complaint-in-Intervention on March 17, 2006 (all or nearly all of Plaintiffs' claims) must be dismissed under the False Claims Act's six-year statute of limitations. *See* 31 U.S.C. § 3731(b).  If the under seal filings made from 1995 to 2006 (including the Government's motions for extension) are not considered part the record of *this* case, there is no colorable basis for the Government's Complaint-in-Intervention to "relate back" to the filing of Ven-a-Care's 1995 *qui tam* complaint.[2]

The Government cannot have it both ways.  It cannot utilize the filing of the Ven-a-Care *qui tam* complaint in 1995 and the repeated motions for extension it apparently filed over eleven years in the Southern District of Florida to support its claim to toll the statute of limitations, but then for the purpose of this motion contend there is no connection between the underlying *qui tam* file in Florida and the claims against Abbott.  The Government contends "[t]he case against Abbott is *now* a separate case from the original matter pending in the Southern District of Florida." U.S. Br. at 3 (emphasis added).  The key word in that sentence is "now."  The claims against Abbott have only *recently* been severed from the underlying *qui tam*.  Prior to the severance of claims against Abbott, the under seal filings that Abbott seeks *did* relate to Abbott and *were* a part of this case.

---

[2] For the reasons set forth in *United States v. The Baylor Univ. Med. Ctr.*, No. 05-2951-cv, 2006 WL 3317695, Slip Op. at 6-9, 11-17 (2d. Cir. Nov. 16, 2006) (copy attached as Ex. I to Abbott Br.), Abbott does not agree that the Government's Complaint-in-Intervention should "relate back" to Ven-a-Care's *qui tam* complaint.  *See* Abbott Br. at 11 n.4.  That is clearly not the Government's position, however, and its attempt to characterize the Florida case as a separate matter is inconsistent with its claims for relation back to Ven-a-Care's 1995 filing date.

4

Accordingly, there can be no legitimate dispute that, under the Government's own statute-of-limitations theory, those under seal filings *are* a part of this case and therefore *must* be provided to this Court pursuant to JPML Rule 1.6.

## II. ABBOTT'S MOTION TO COMPEL *EX PARTE* FILINGS IS APPROPRIATELY FILED IN THIS COURT.

The Government argues that this Court cannot provide the relief Abbott seeks "because the filings are not contained in this Court's file and are outside the Court's jurisdiction." U.S. Br. at 1. For the reasons discussed in Abbott's initial brief and in this memorandum, the Government's argument is wrong and, frankly, misleading.

*First*, because the Government's claims against Abbott are pending in this Court, Rule 37 of the Federal Rules of Civil Procedure explicitly provides that Abbott's motion to compel is appropriate here. Rule 37 states:

> **(a) Motion For Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties affected thereby, may apply for an order compelling disclosure or discovery as follows:
>
> **(1) Appropriate Court.** An application for an order to a party shall be made *to the court in which the action is pending*. . . .

Fed. R. Civ. P. 37 (emphasis added).

Because Abbott's motion requests that a *party* (the Government) be compelled to produce documents, it is appropriately directed to this Court under Rule 37 as a motion to compel. Abbott is *not* requesting that the seal on the *qui tam* file in Florida (which exists because the United States still has not decided whether to intervene as to other defendants) be lifted, a motion that might be better directed to the Florida court. That, and the plain language of Rule 37, is why Abbott directed its request to this Court.

Even if this motion sought to lift the seal, there is no longer any statutory reason or basis requiring that the seal be maintained as to Abbott over the filings made in the underlying *qui tam*

action.  *See United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230-31 (N.D. Ala. 2000) (noting the False Claims Act "'makes no mention of the [United States'] right to keep in camera information under seal indefinitely'" following intervention and finding "no authority under the [False Claims Act] or elsewhere to hold information relating to this cause under seal") (citation omitted); *United States ex rel. McCoy v. California Med. Review, Inc.*, 715 F. Supp. at 967, 969 (N.D. Cal. 1989) ("neither [ §3730(b)(2)] nor any other [section] in the FCA provides authority for retaining the civil action under seal once the Government has elected to intervene").  Put simply, there is no reason why this Court cannot compel the Government to produce the documents Abbott seeks.

Despite the Government's objections, this Court clearly has jurisdiction to compel the United States to produce the documents Abbott seeks.  On July 27, 2006, the Joint Panel of Multidistrict Litigation transferred the Government's claims against Abbott to this Court for all "coordinated or consolidated pretrial proceedings."  Letter from S. Jones (Clerk, D. Mass.) to C. Maddox (Clerk, S.D. Fla.) (8/2/06) (Ex. 1) (attaching conditional and final transfer orders from JPML).  Abbott's motion to compel production of *ex parte* filings is such a pre-trial proceeding.  Courts have construed 28 U.S.C. 1407(b) broadly to confer jurisdiction to the MDL transferee court the power to manage all pre-trial activity, as contemplated by the JPML's July 27, 2006 order in this case.  *See In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.12 (3d Cir. 2002) ("The relevant statute [28 U.S.C. § 1407(b)] provides that consolidated proceedings 'shall be conducted by a judge or judges to who such actions are assigned by the judicial panel.'").

The Sixth Circuit's opinion in *In re The Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 664 F. 2d 114 (6th Cir. 1981), is instructive here.  There, the court held that the transferee court properly vacated a protective order issued by the transferor court prior to the transfer of the case

by the JPML.  The court addressed—and refuted—the same "jurisdictional" argument the Government raises here:

> We understand from a reading of Upjohn's briefs and from its oral argument that it does not contend that Judge Kennedy was without jurisdiction, in the sense of raw judicial power, to enter or vacate the protective orders involved here, in the normal course of her duties as judge of the transferee court.  ***Indeed, it would be difficult to make out such a case, given the nature of the statute*** [28 U.S.C. § 1407] ***and the powers to oversee discovery conferred upon the district court generally***.

*Id*. at 117.  The Sixth Circuit further observed that "it would seem that the power of the Panel on Multidistrict Litigation under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority, at least in matters pertaining to discovery." *Id*. at 118.  The Sixth Circuit also noted that the transferee court's exercise of power is not "somehow offensive to the transferor court" and did not breach "notions of comity." *Id*.  The same is true here:  An order from this Court requiring the Government to produce the requested documents previously filed under seal in Florida would not overturn decisions of Judge Gold or breach notions of comity.  The requested documents were originally filed under seal because they had to be under the False Claims Act; Judge Gold made no independent decision to do so.  Those same documents should be produced to Abbott, and this Court's decision to order such production is not inconsistent with any prior ruling by Judge Gold.

   The Government's claim that Judge Gold "has already rejected an earlier attempt by Abbott to obtain at least one sealed filing" (U.S. Br. At 1) is very misleading.  The prior filing referenced to by the Government has absolutely nothing in common with the relief sought in this motion.  As the Government well knows, Abbott's prior filing sought access to a sealed filing made by the Government to the JPML at the request of Judge Gold.  Abbott did not know whether this filing related to Abbott in any way.  Judge Gold denied Abbott's motion because

7

"the issues raised in the written statement do not affect Defendant Abbott." Order Denying Abbott Laboratories, Inc.'s Motion to Compel at 3 (9/6/06) (Ex. 2).³ Unlike the instant motion, Abbott's earlier request sought production of a filing made under seal *after* the claims against Abbott had been severed. Judge Gold assured Abbott that the filing had nothing to do with Abbott. By contrast, Abbott's pending motion seeks access to filings made under seal *before* the severance of the claims against Abbott and that undoubtedly *do* relate to the claims against Abbott.

The Government's citation to *United States ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170 (D. Mass. 2004) is equally misleading. *See* U.S. Br. at 2-3. The court in *Hallmark* ordered that documents filed under seal in a *qui tam* case be unsealed once the Government intervened. In so doing, the court rejected the very same arguments the Government makes in Section II of its brief about the need to retain the seal over the documents filed in Abbott's case. The Government cites the case as though that court made a *decision* not to unseal filings that remained in the original district court where a sealed *qui tam* was still pending. That was simply not the case, as the issue was never raised and the defendants did not request that relief from the Court. In any event, Abbott is not requesting this Court to unseal filings in the Florida court. Instead, Abbott seeks access to documents in the Government's possession, subject to the terms of an appropriate protective order.

---

3 In its brief opposing Abbott's prior filing, the Government stated:

> The "other matters" referenced in this Court's July 24, 2006 order are other matters under seal with this Court, matters unrelated to this action, which has now been transferred to In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civ. No. 01-12257-PBS (D. Mass.). The claims against Abbott in this action involve AWP pricing fraud and are separate from the other matters. This action is now its own stand-alone action in Massachusetts. The sealed statement does not seek clarification about the claims the United States now has against Abbott in the Massachusetts MDL case.

United States' Opposition to Abbott's Motion to Compel Production of the United States' Sealed Filing with the Joint Panel on Multidistrict Litigation at 2 (8/25/06) (Ex. 3).

8

### III. THERE IS NO BASIS OR NEED TO CONTINUE WITHHOLDING ITS *EX PARTE* COMMUNICATIONS FROM ABBOTT.

The Government's brief fails to articulate any legitimate basis not to produce to Abbott the Plaintiffs' *ex parte* communications with the Court.  First, the Government's focus on the seal requirements of the False Claims Act and the purported need to protect the "investigatory stage of a government fraud case" (U.S. Br. at 5) is, at least as to Abbott, now irrelevant.  The Government's investigation—which constituted nothing more than patently unfair and prolonged one-sided civil discovery in the first place—is now complete.  The Government has now made its decision to sue Abbott.  The Government can no longer hide behind its investigative cloak.  Nor should the Court allow the Government to profit from its continued delay in deciding whether to intervene as to other defendants; that continued delay is the only reason the documents sought by Abbott remain under a statutory seal.

The Government's remaining arguments regarding how "[t]he FCA Seal Serves Important Purposes Both Before and After Intervention" (U.S. Br. at 7-11) are nothing more than the generalized contentions about the alleged sanctity of the investigation process and "investigatory techniques" rejected by nearly all federal and state courts, including at least one considering an AWP case.  *See* Abbott Br. at 7-8.  The Government contends that "information filed under seal may reveal investigatory techniques that apply in hundreds of similar cases," and that "Defendants may obtain the benefit of the government's research and reasoning."  U.S. Br. at 9-10.  Almost *verbatim*, this argument tracks contentions recently rejected by the Northern District of California.  *See United States ex rel. Lee v. Horizon West, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, *2 (N.D. Cal. Feb. 8, 2006) ("Here, the government's bare assertion that the disclosure of its extension requests would '***reveal*** pieces of the government's ***investigatory techniques***, decision-making processes, ***research***, and ***reasoning that apply in hundreds of***

9

*similar cases*' is not sufficient to meet the relevant standard.") (emphasis showing similarity in argument added). Whether the Government is using a form brief or just coincidentally makes the same argument in every FCA case, this Court should provide the same response as did Judge Armstrong in the Northern District of California and order the Government to reveal its *ex parte* communications.

## CONCLUSION

For the foregoing reasons, the Court should order the Clerk to obtain a copy of "the complete original file" in accordance with JPML Rule 1.6 and grant the relief requested in Abbott's pending Motion to Compel Production of *Ex Parte* Filings.

Dated:  January 9, 2007

Respectfully submitted,

/s/ R. Christopher Cook
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

  I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'s MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF, and memorandum and materials in support, be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 9th day of January, 2007.

            /s/ David S. Torborg
            David S. Torborg