FILED by CW D.C.
ELECTRONIC

Aug 25 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21303-CIV-GOLD/TURNOFF

UNITED STATES OF AMERICA )
*ex rel.* )
   VEN-A-CARE OF THE )
   FLORIDA KEYS, INC., *et al.* )
)
)
                 Plaintiffs, )
v. )
)
ABBOTT LABORATORIES, *et al.* )
)
                 Defendants. )
)
)

**UNITED STATES' OPPOSITION TO ABBOTT'S MOTION TO COMPEL
PRODUCTION OF THE UNITED STATES' SEALED FILING WITH
<u>JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION</u>**

On July 24, 2006, this Court ordered the United States to "file a written statement, under seal, with the [Judicial Panel on Multidistrict Litigation ("JPML")] explaining the issue raised by the Conditional Transfer Order on other matters still pending before this Court and asking for clarification on this issue." On August 10, 2006, the United States complied with the Court's order.

Abbott Laboratories, Inc. ("Abbott") moves this Court in an administratively closed case[1] to compel the Plaintiffs – both the United States and the Relator, Ven-A-Care of the Florida Keys – to produce that sealed statement. It was the United States that was ordered to file the sealed

---

[1] On July 31, this Court closed this matter as it was transferred to the District of Massachusetts.

statement, and it was the United States that filed that sealed statement with the JPML. Therefore, the Relator cannot be compelled to produce a document it did not file.

The "other matters" referenced in this Court's July 24, 2006 order are other matters under seal with this Court, matters unrelated to this action, which has now been transferred to *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civ. No. 01-12257-PBS (D. Mass.). The claims against Abbott in this action involve AWP pricing fraud and are separate from the other matters. This action is now its own stand-alone action in Massachusetts.[2] The sealed statement does not seek clarification about the claims the United States now has against Abbott in the Massachusetts MDL case.

Abbott has not and cannot explain how a written statement about other sealed matters relates to or affects this severed and unsealed action against Abbott. Abbott's motion references some "grave" concerns it has about the written statement. Yet, Abbott never really identifies those concerns or how Abbott is affected by the content of the sealed statement. Abbott only offers that there is a possibility that some unidentified "interests" that "could be" affected by what is in the written statement. Abbott claims it is "wholly improper" and a "cause for concern" to deny it access to a pleading about other sealed matters. The position is without merit.

First, the Court ordered the United States to file the written statement and the JPML's response under seal. July 24, 2006 Order at 1-2. The United States has complied with that order and will comply further with that order when the JPML provides a response.

Second, the other matters addressed in the statement are under seal by operation of law.

---

[2] Abbott is incorrect in ¶ 1 of its motion when it states that the case was unsealed first then severed. The case was severed prior to unsealing. *See* Docket No. 1.

The False Claims Act ("FCA") requires that matters remain under seal pending a decision by the United States as to whether or not to intervene in the matter and join in the litigation. 31 U.S.C. § 3730(b)(2). The seal period may be extended by Court order. *Id.* at § 3730(b)(3). There is no basis here for violating the statutory seal.[3]

The FCA cases cited by Abbott do not support unsealing the written statement. *Under Seal v. Under Seal*, 326 F.3d 479 (4th Cir. 2003) involved an effort by *defendants* to keep a complaint under seal after the United States had already intervened. The United States actually supported the unsealing of the intervened matter. The matters at issue here do not relate to any matters in which the United States has intervened, and therefore the statutory seal applies. Abbott also cites a footnote from *In re Cardiac Devices Qui Tam Litigation*, 254 F.Supp.2d. 1370, 1371 n.2 (J.P.M.L. 2003) in support of its motion. That footnote simply lays out the sealing provisions of the FCA generally and in no way speaks to whether Abbott can get access to sealed materials in other matters.

The JPML accepted the filing of the United States' statement under seal. Abbott is under the misapprehension the United States filed a motion of some sort with the JPML requiring compliance with JPML R. 5.2(a). First, as per the Court's July 24, 2006 order, the United States filed a statement seeking clarification of those matters not related to this action, not a motion

---

[3] The statutory basis of the FCA seal renders the cases cited by Abbott in ¶ 4 of its motion inapposite. The cases *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), and *Logosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d. Cir. 2006), concern news media efforts to invoke the common law right to have access to certain sealed judicial records. *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2006) is even less relevant as it relates to the qualified First Amendment right to access to criminal records, not civil matters sealed by operation of statute. As the Court in *Nixon* noted, "this right to inspect and copy judicial records is not absolute," 435 U.S. at 598, and that right is trumped here by the FCA's statutory seal provisions.

directing any action in the above-captioned case (again, which is now a part of MDL No. 1456). Moreover, if the statement is unrelated to this action, Abbott has no legitimate claim to being a recipient of service of the sealed statement. The above-captioned action is not affected by the clarification sought in the sealed statement.

The United States complied with the Court's order and the FCA's sealing provisions. The JPML accepted the filing. Abbott has not identified any legitimate interest in obtaining the sealed statement relating to other matters. Providing Abbott a version with any names redacted would still be inappropriate because both names and substance of the sealed statement are meant to be protected by the FCA statutory seal. Accordingly, the United States respectfully asks this Court to deny Abbott's motion to compel.

Dated: _____, 2006       Respectfully submitted,
      Miami, Florida

                                            PETER D. KEISLER
                                            ASSISTANT ATTORNEY GENERAL

                                            R. ALEXANDER ACOSTA
                                            UNITED STATES ATTORNEY

                            By:    s/ Mark Lavine
                                            MARK A. LAVINE
                                            Fla. Bar No. 648876
                                            mark.lavine@usdoj.gov
                                            ANA MARIA MARTINEZ
                                            Fla. Bar No. 735167
                                            ana.maria.martinez@usdoj.gov
                                            ANN ST. PETER-GRIFFITH
                                            Fla. Bar No. 0033154
                                            ann.st.peter-griffith@usdoj.gov
                                            Assistant U.S. Attorneys
                                            99 N.E. 4th Street, 3rd Floor
                                            Miami, FL  33132
                                            Phone:  (305) 961-9003
                                            Fax: (305) 536-4101
                                            Attorneys for United States of America

Dated: _____, 2006      By: _____
      Washington, D.C.

MICHAEL F. HERTZ
michael.hertz@usdoj.gov
JOYCE R. BRANDA
joyce.branda@usdoj.gov
RENÉE BROOKER
renee.brooker@usdoj.gov
JUSTIN DRAYCOTT
justin.draycott@usdoj.gov
GEJAA T. GOBENA
gejaa.gobena@usdoj.gov
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Attorneys for the United States of America

-5-

## CERTIFICATE OF SERVICE

  IT IS HEREBY certified that a true and correct copy of the foregoing Response to Order to Show Cause was served via __U.S. Mail_____ to those individuals identified on the attached Service List this __25th _ day of August, 2006:

            ___s/ Mark Lavine_____
            Mark A. Lavine
            Assistant United States Attorney

            Or

            _____
            Gejaa T. Gobena
            Trial Attorney
            United States Department of Justice

## SERVICE LIST

United States of America, ex rel Ven-A-Care of the Florida Keys, Inc.,
v.
Abbott Laboratories, et al.

Case No. 06-21303-Civ-GOLD/Turnoff

James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com
*Counsel for Relator*

Mark P. Schnapp, Esquire
Sabrina R. Ferris, Esquire
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Tel: (305) 579-0541
Fax:(305) 579-0717
Email: SchnappM@gtlaw.com
Email: FerrisS@gtlaw.com

Daniel Reidy, Esq.
James Daly, Esq.
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com
*Counsel for Defendant*s

Gejaa T. Gobena
Civil Division
Ben Franklin Station
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9028
Washington, DC 20004
Tel: (202) 307-1088
Fax: (202) 307-3852
Email: gejaa.gobena@usdoj.gov
*Counsel for Plaintiff*

Mark A. Lavine
Assistant U.S. Attorney
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9003
Fax: (305) 536-4101
E-mail: mark.lavine@usdoj.gov
*Counsel for Plaintiff*