## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

### ABBOTT LABORATORIES, INC.'S MOTION FOR COMPLIANCE
### WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF

Defendant Abbott Laboratories, Inc. ("Abbott") respectfully submits this motion and accompanying memorandum for two related purposes.  First, Abbott requests that this Court order that, in accordance with Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML Rule 1.6"), the clerk obtain a copy of "the complete original file" related to this case.  This file includes *all* material, including motions for extensions, that were filed under seal while the Relator's *qui tam* complaint was pending in the United States District Court for the Southern District of Florida.  The recently filed United States' Memorandum in Opposition to Abbott Laboratories, Inc.'s Motion to Compel Production of *Ex Parte* Filings ("U.S. Opp. Br.") states that this Court has not been provided copies of nearly eleven years of filings made under seal that relate to this case.  JPML Rule 1.6 clearly mandates that this Court be provided copies of these filings, without which the Court cannot rule on the motion before it.

Abbott's attached memorandum also addresses certain inaccurate and misleading contentions made in the United States' opposition to Abbott's Motion to Compel Production of *Ex Parte* Filings.  Abbott respectfully requests that this Court consider these arguments in ruling on Abbott's Motion to Compel Production of *Ex Parte* Filings, filed December 1, 2006.  In particular, Abbott's attached memorandum addresses the United States' unsupported contention

that this Court does not have "jurisdiction" to order the relief requested by Abbott—namely, that

the United States be ordered to provide a copy of all documents filed under seal since Ven-a-

Care's *qui tam* complaint was filed in 1995 until the Government's claims against Abbott were

severed in 2006.

Dated:  January 9, 2007                    Respectfully submitted,

                                           /s/ R. Christopher Cook
                                           James R. Daly
                                           Tina M. Tabacchi
                                           Brian J. Murray
                                           JONES DAY
                                           77 West Wacker Drive, Suite 3500
                                           Chicago, Illinois  60601
                                           Telephone:  (312) 782-3939
                                           Facsimile:  (312) 782-8585

                                           R. Christopher Cook
                                           David S. Torborg
                                           JONES DAY
                                           51 Louisiana Avenue, N.W.
                                           Washington, D.C.  20001-2113
                                           Telephone:  (202) 879-3939
                                           Facsimile:  (202) 626-1700

                                           *Counsel for Defendant Abbott Laboratories, Inc.*