UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) Civil Action No. 01-12257-PBS ) |
| **THIS DOCUMENT RELATES TO:** | ) Hon. Patti Saris ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) |

**UNITED STATES' OPPOSITION TO DEFENDANT ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL EVIDENCE WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE**

Abbott Laboratories, Inc.'s (Abbott's) Motion to Compel Evidence Withheld Under the Deliberative Process Privilege is not ripe for adjudication, and should be denied by the Court on this basis. Abbott's failure to file its Motion in a procedurally appropriate context provides this Court with ample grounds to reject the Motion at this time, without prejudice to refiling at an appropriate juncture.

Abbott's Motion to Compel raises two arguments, neither of which is ripe for this Court's review. One of those arguments attacks the United States' alleged invocation of the deliberative process privilege through a claim that the Government "has not adequately supported its assertion of the [privilege]." See Memorandum of Def. at 4. Abbott's claim is completely premature. The United States has not made a final decision to "withhold" any particular document in this litigation pursuant to the deliberative process privilege. Indeed, relevant officials from the Center for Medicare and Medicaid Services (CMS) are engaged in the process

of reviewing the documents the United States withheld on deliberative process grounds from its production pursuant to previous MDL subpoenas, and are presently determining whether to continue to invoke that privilege in the instant case.[1] The United States has represented that an updated privilege log and/or a production of documents previously withheld will be produced to Abbott by the end of the week of February 5, 2007, and has asked Abbott to withdraw its Motion until after such a production. Abbott has declined to do so. As the United States has yet to assert the deliberative process privilege with respect to any specific document that Abbott requests, there has obviously been no conference between the parties with respect to any specific claims of privilege, as is required by Local Rule 7.1. Local Rule 7.1 directs the parties to confer prior to the submission of motions in an attempt to "resolve or narrow the issue." See Rule 7.1(2), D. Mass Local Rules. Given that there have been no specific invocations of the privilege as to these documents by the United States at this time, it is impossible to "resolve" or "narrow" the issues raised with respect to any particular assertion of the privilege. Abbott's Motion seeks to compel the United States to produce documents allegedly withheld under a privilege the United

---

[1] In 2003, Abbott and other defendants served HHS and the carriers who contract with HHS several subpoenas in In re Lupron Marketing & Sales Practice Litig. (Lupron MDL) (D. Mass), MDL No. 1430, 01-CV-10861-RGS, and earlier in this same MDL proceeding. Abbott and the other defendants obtained thousands of documents from the United States. The subpoenas directed to the carriers resulted in the production by CMS of approximately 92,000 pages. HHS produced an additional 22,000 pages and 3,808 electronic files. Pursuant to this production, the United States produced to Abbott and the other Defendants privilege logs containing, after further refinement, approximately 500 documents withheld as privileged. It is these privilege logs that Abbott is challenging at the present time. The dialogue on this issue with respect to the instant case consists of the correspondence Abbott attached to its Motion which, on its face, left open for further discussion the United States' final determination of any privilege assertions.

States has yet to assert.  For that reason, Abbott's argument is premature and its request for relief should be denied by this Court.

Abbott's Motion raises the additional argument that the United States' claims against Abbott "negate any deliberative process privilege that might have applied to shield documents and other evidence from discovery."  See Memorandum of Def. at 8.  The United States opposes and will properly brief at the appropriate time Abbott's contention that the United States' intervention in the instant case eviscerates its "ancient privilege [that] is predicated on the recognition that the quality of administrative decision making would be undermined if agencies were forced to operate in a fishbowl."  Dow Jones & Co., Inc. v. Department of Justice, 917 F.2d 571, 573 (D.C. Cir. 1990) (internal quotation marks and citation omitted).  However, any argument on this matter is hypothetical until the United States actually asserts the deliberative process privilege.  The rationale underlying the venerable "ripeness" doctrine in the federal courts has been articulated as "prohibit[ing] the Courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  Pharmaceutical Research and Manufacturers of America v. Nicholas, 353 F.Supp.2d 231, 240 (D. R.I. 2005) *quoting* Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967), *overruled on other grounds*, Califano v. Sanders, 430 U.S. 99, 105 (1977).  In the instant case, an agency decision to assert the deliberative process privilege with respect to any specific Abbott document request has yet to be formalized.  Abbott has suffered no harm from any invocation of the privilege, as the United States has yet to assert the privilege, and thus has no concrete injury of which to complain.

Under the well-established principles of the ripeness doctrine, Abbott's Motion is premature, and should be denied on this basis.

For the foregoing reasons, Abbott's Motion to Compel Evidence Withheld Under the Deliberative Process privilege should be denied without prejudice to refiling at the appropriate time.

                                                          Respectfully submitted,

| | |
|---|---|
| For the United States of America, | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | |
| | /s/ John K. Neal<br>Michael F. Hertz |
| /s/ George B. Henderson, II<br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3398<br>(617) 748-3272 | Joyce R. Branda<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>John K. Neal<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | Washington, D.C.  20044<br>Phone:  (202) 307-1088 |
| /s/ Mark A. Lavine<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL  33132<br>Phone:  (305) 961-9003<br>Fax: (305) 536-4101 | |

Dated: January 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the UNITED STATES' OPPOSITION TO DEFENDANT ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL EVIDENCE WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: January 10, 2007

/s/ John K. Neal
John K. Neal