UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | 
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | |

**UNITED STATES' RESPONSE TO
ABBOTT LABORATORIES, INC.'S MOTION FOR COMPLIANCE
WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF**

Abbott Laboratories, Inc. ("Abbott") did not meet and confer as required by Local Rule 7.1(a)(2) before filing its Motion to Compel Compliance with JPML Rule 1.6 and Reply Memorandum In Support of Its Motion to Compel Production of *Ex Parte* Filings ("Motion"). The Motion should be stricken on that basis alone. Regardless, as discussed below, the Motion is substantively without merit.

**I.     The Judicial Panel on Multidistrict Litigation Rules Do Not Require The Transfer Of Sealed Filings From Non-Transferred Cases**.

Abbott obscures or confuses in its Motion what was transferred to this Court and what was not. The filings Abbott seeks are in the court file of a non-transferred, sealed case. Had Abbott conferred with the United States as required by Local Rule 7.1(a)(2), the United States would have been able to clarify for Abbott that all of the pleadings in the case actually transferred to this Court have been transmitted, and that the filings Abbott seeks are in the court file of a non-transferred, sealed case.

The United States intervened in a drug pricing fraud suit against Abbott Laboratories, Inc. ("Abbott") on March 17, 2006. That suit was pending in the Southern District of Florida and unsealed on May 16, 2006. The intervened claims against Abbott were severed from another *qui tam* that is still pending in the Southern District of Florida. The intervened lawsuit against Abbott, *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.), was transferred to this Court on July 27, 2006. That was the only matter that was transferred to the Court. *See* July 27, 2006 JPML Transfer Order (specifically transferring *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.)) (Attached hereto as Ex. 1.)

Abbott has or has access to the entire content of the court file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.). To the extent that the entire file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.) was not transferred to this Court, the United States agrees that the file for that case should be transferred to this Court. It is the United States' understanding that the entire file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.) has already been transferred to this Court, and Abbott has stated nothing to contradict that belief. *See* September 11, 2006 Letter from Clarence Maddox, Southern District of Florida Clerk of Court to Clerk of Court for the District of Massachusetts (transmitting certified copy of docket sheet and instructions on how to electronically retrieve court file) (Attached hereto as Ex. 2.)

Rather, Abbott is moving this Court to compel the production of filings in another, still pending sealed case in the Southern District of Florida that has not been transferred to this Court. In a December 15, 2006 filing, the United States clarified this fact for the Court. Opposition to

Abbott Laboratories, Inc.'s Motion to Compel Production of *Ex Parte* Filings ("Opposition to Motion to Compel" ) (Docket # 3436) at 2-3.  That action is not pending in this Court.  That fact renders inapposite all of the arguments on pages 5 - 8 of Abbott's Memorandum in Support of this Motion.  The only action that is subject to the jurisdiction of this MDL is *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.).

Abbott could have filed its motion seeking the unsealing of the filings in the other case with the federal district court in Florida.  Instead, Abbott asks this Court to (1) invoke Judicial Panel on Multidistrict Litigation ("JPML") Rule 1.6  to compel another district court judge to transfer a court file in a non-transferred case or (2) compel the United States to produce sealed documents in violation of the Florida court's orders and the False Claims Act's seal provisions.  The United States respectfully submits that the Court should refrain from doing so.  Abbott's effort to engage in forum shopping[1] to obtain sealed investigatory documents should be rejected.

**II.     The Sealed Filings In The Non-Transferred Case Are Irrelevant To Any Statute Of Limitations/Relation Back Issues.**

Abbott contends that the severance of the claims against it from another FCA *qui tam* suit has some sort of bearing on any statute of limitations or relation back issues.  Memorandum in Support of Motion at 3-4.  It does not.  Claims in amended complaints relate back to the original complaint if "(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim . . . arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." Fed R. Civ. P. 15

---

[1] As noted in the United States' Opposition to Motion to Compel, the district court in Florida has already rejected one attempt by Abbott to obtain sealed files in the other, non-transferred matter.  Opposition to Motion to Compel (Docket # 3436) at 3-4.

(c). Claims do not stop arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the relator's original complaint when claims are technically severed from a larger action. Thus, the issue of severance is irrelevant to the issue of relation back.

Similarly, Abbott has failed to explain how the sealed filings bear on whether the FCA permits relation back or whether the United States' Complaint arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth" in the relator's original complaint. Abbott has redacted copies all of the complaints filed in this matter; it has all the information necessary to raise any statute of limitations/relation back arguments it might chose to make.

**III.   There Is No Basis For Violating The Seal On The Filings In The Florida Case**.

The United States has already set out fully its arguments on the propriety of unsealing the United States' pre-intervention filings on pages 4-13 of its Opposition to Motion to Compel. *See* Docket Entry # 3436. Abbott has not provided any case law supporting the unsealing of pre-intervention filings by the United States in a pending, sealed FCA *qui tam* case; the cases cited by Abbott all involved the unsealing of pre-intervention filings after the United States made its election to intervene or decline.[2] The cases cited by Abbott do not support the unsealing of filings in FCA *qui tam* cases before final intervention decisions are made.

---

[2] Abbott proposes that only certified copies of filings that "related to claims against Abbott" be transmitted to this Court from the court in the Southern District of Florida. Memorandum in Support of Motion at 3, n.1. This is not a meaningful proposal. Abbott does not explain what filings in a case where it was a named defendant would not "relate to claims against Abbott." Thus, it unclear how this proposal does not essentially ask for a certified copy of the entire sealed file in the non-transferred case.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny Abbott's Motion to Compel Compliance with JPML Rule 1.6 and Reply Memorandum In Support of Its Motion to Compel Production of *Ex Parte* Filings.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| /s/ George B. Henderson, II<br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Gejaa T. Gobena<br>Michael F. Hertz<br>Joyce R. Branda<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: 202-307-3852 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101


Dated: January 12, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' RESPONSE TO ABBOTT LABORATORIES, INC.'S MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: January 12, 2007

                                                /s/ Gejaa T. Gobena
                                                Gejaa T. Gobena