# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS ) ) ) ) | Chief Mag. Marianne Bowler |

## UNITED STATES' MOTION FOR PROTECTIVE ORDER RELATING TO DEPOSITION OF GOVERNMENT COUNSEL

The United States moves the Court to issue an order prohibiting the defendants in this case from interrogating Government counsel about the content of a legal brief.  The notice at issue requests testimony from "one of more employees of the Department of Health and Human Services ("HHS") who reviewed, approved, and/or were consulted regarding the Brief of the United States as *Amicus Curiae* submitted by the Department of Justice on behalf of the Secretary of HHS."  The brief at issue pertains to the cross motions for summary judgment filed in the multi-district litigation on the meaning of the term "Average Wholesale Price."  The persons fitting the description in the deposition notice are attorneys with the Department of Health and Human Services.  The notice, on its face, is plainly directed at obtaining information protected from disclosure by both the attorney-client privilege and attorney work-product doctrine.

Federal Rule of Civil Procedure 26 gives the Court authority to  prohibit or limit discovery and particularly provides that the Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or

expense, including . . . that discovery not be had." Fed. R. Civ. Proc. 26 (b) and (c).  Case law in this district holds that depositions directed at obtaining privileged information from a party's attorney should not be permitted to go forward.  That is the situation with respect to the deposition notice which is the subject of this motion.  Accordingly, the United States respectfully requests that the Court order that the deposition shall not occur.

For the United States,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Justin Draycott<br>Michael F. Hertz<br>Joyce R. Branda<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Phone:  (202) 307-1088<br>Fax: (202) 307-3852 |
| /s/ Mark A. Lavine<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for<br> the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL  33132<br>Phone:  (305) 961-9003<br>Fax: (305) 536-4101 | |

Dated: January 12, 2007

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that I have communicated with counsel for defendant Abbott Laboratories in an effort to resolve the disputes referred to in this motion, and that the parties have not been able to narrow or resolve the issues raised therein.

/s/_____
Justin Draycott

**CERTIFICATE OF SERVICE**

     I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' MOTION FOR PROTECTIVE ORDER RELATING TO DEPOSITION OF GOVERNMENT COUNSEL to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Date: January 12, 2007

                                                              /s/ _____
                                                              Justin Draycott