IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>         Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES and DEY, INC.,<br><br>         Defendants. | Case No. 3:06-cv-0267-RRB<br><br>**ORDER GRANTING**<br>**MOTION TO REMAND** |

### I. MOTIONS PRESENTED

At Docket 14, Plaintiff State of Alaska ("State") has moved for an order remanding this case to the Alaska Superior Court. At Docket 27, Defendant Dey, Inc. ("Dey") filed its opposition to the motion, to which the State replied at Docket 35.

At Docket 25, the State moved for expedited consideration of its remand motion at Docket 14. At Docket 34, Dey filed its opposition to the motion. No timely reply was filed.

At Docket 28, Dey moved to stay consideration of the State's motion to remand at Docket 14. At Docket 36, the State filed its opposition to motion for a stay. No timely reply was filed.

EXHIBIT

Blumberg No. 5208

At Docket 37, Dey timely requested oral argument on the motion to remand at Docket 14, and at Docket 38 the motion to stay reconsideration of the remand motion.

The Court, having reviewed the moving and opposing papers, has determined that oral argument would not assist in deciding the pending motions. The requests for oral argument at Dockets 37 and 38 are DENIED and the motions will be decided on the moving and opposing papers.[1]

## II. BACKGROUND

This case ("Alaska Action") was initiated in the Alaska Superior Court, Third Judicial District at Anchorage, Case No. 3AN-06-12296 CI, and timely removed to this Court by Dey under 28 U.S.C. § 1446(a), alleging that this Court has original jurisdiction under 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331.[2] Co-defendant Abbott Laboratories consented to removal.[3] The State's two-count complaint seeks recovery under the Alaska Unfair Trade Practices and Consumer Protection Act, AS §§ 45.50.471, *et seq* (Count I), under a common-law unjust enrichment theory (Count II).[4]

Dey is also the Defendant in a pending *qui tam* action brought by the United States in the United States District Court for the District of Massachusetts, *In re Pharmaceutical Industry*

---

[1] D.AK. LR 7.2(a)(3)[B].

[2] Docket 1.

[3] Docket 4.

[4] Notice of Removal, Exhibit A "Complaint" (Dockets 1-2 thru 1-5)

*Average Wholesale Price Litigation*, MDL No. 1456 ("AWP MDL"). The AWP MDL is an action by the federal government to recover treble damages and civil penalties under the federal False Claims Act, 31 U.S.C. §§ 3729 - 3733.[5/] Abbott Laboratories is not a party to the AWP MDL.

A comparison of the two actions reveals that the AWP MDL and the Alaska Action are essentially based upon the same transactions or occurrences. Both the Alaska Action and the AWP MDL concern the Medicaid program, a joint federal and state program, and claims stemming from an alleged fraud perpetrated by Dey in connection with that program.[6/] The Medicaid program is funded in part by the State and in part by the federal government.

The Medicaid program in Alaska provides coverage for prescription pharmaceutical products, including drugs sold by Dey. The Alaska Action and AWP MDL allege that Dey fraudulently manipulated its published drug prices as part of an unlawful scheme to increase sales by guaranteeing excessive Medicaid reimbursement to providers selling Dey products. Dey denies all of these allegations. Local drug providers, including pharmacies, doctors or clinics, dispense prescription drugs to Medicaid beneficiaries and then submit claims for reimbursement to the Medicaid program. Under federal supervision and within limits set by the federal

---

[5/] Notice of Removal, Exhibit B "United States Complaint" (Docket 1-6 *SEALED*).

[6/] The AWP MDL also includes parallel allegations regarding the Medicare program that are not part of the Alaska Action.

ORDER GRANTING REMAND - 3
3:06-CV-0267-RRB

Medicaid regulations, reimbursement for prescription drugs dispensed to Medicaid beneficiaries is set by the states in accordance with formulas adopted by that state and approved at the federal level by the Secretary of the Department of Health and Human Services. Alaska alleges that it calculates the reimbursement for pharmaceuticals dispensed to Alaska Medicaid beneficiaries in compliance with the federal regulations.

Alaska also alleges that the Medicaid reimbursement formula relied, in part, on prices reported by Dey and other manufacturers to reimburse Alaska pharmacies and other Alaska drug providers. The AWP MDL makes similar allegations on a national level. The AWP MDL and the Alaska Action both allege that Dey reports to certain publishers AWP prices for its products. Alaska alleges that its Medicaid program relies on the AWPs published by one of the publishers, First Data Bank.

Central to both the Alaska Action and the AWP MDL is that Dey intentionally reported inflated AWP prices to these pharmaceutical pricing publishers, including First Data Bank, and that these allegedly inflated prices either caused the Medicaid program to pay excessive reimbursement to providers for drugs dispensed to beneficiaries of the program, or concealed the true price of Dey's drugs. Both Alaska, in this action, and the United States, in the AWP MDL, seek to recover from Dey alleged overpayments made by the Medicaid program for every Medicaid pharmaceutical claim in Alaska of a Dey product. Dey appears to contend that because these

alleged overpayments in Alaska, if any, have been paid in part by both Alaska and the federal government, the Alaska Action is seeking recovery of monies, the recovery of which is also the subject of the AWP MDL. In this, Dey is incorrect. The Alaska Action seeks to recover only that portion of the overpayments made that were paid out of the State treasury, while the AWP MDL seeks to recover the overpayments made by the United States. Nothing in the AWP MDL complaint can be construed as seeking recovery for the portion paid by any state, including Alaska. There is, simply stated, no overlapping recovery or potential for double recovery between the Alaska Action and the AWP MDL.

## III. DISCUSSION

The basis of the State's remand motion is that this court lacks subject matter jurisdiction. It is axiomatic that a federal court should give priority to jurisdictional issues, because if there is no jurisdiction, the court has no authority to sit in judgment on anything else.[7] Removal of actions from state courts to federal courts is dependent upon the federal court having original jurisdiction over the case.[8] If the federal court to

---

[7] *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778-79 (2000).

[8] 28 U.S.C. § 1441(a)
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the
(continued...)

which the action is removed lacks subject matter jurisdiction, it must remand the case to the state court.[9] Consequently, Defendant Dey, Inc.'s Motion To Stay Consideration of Plaintiff's Motion to Remand Pending Transfer to the AWP MDL at Docket 28 will be denied. If the Court lacks subject matter jurisdiction, there is no action to be transferred. But if, on the other hand, the Court has subject matter jurisdiction, deferring ruling on the issue serves no useful purpose.

As the State correctly argues, federal courts disfavor depriving a litigant of its choice of forum within which to litigate purely state-law claims. In determining whether subject matter jurisdiction exists, this Court construes the removal and jurisdiction statutes against finding jurisdiction and in favor of remand.[10] On a motion for remand, the party seeking removal has the burden of establishing that the district court has jurisdiction.[11] However, as Dey correctly argues, once the removing party establishes removal is proper, the burden shifts to the party

---

[8]/(...continued)
  citizenship of defendants sued under fictitious names shall be disregarded.

[9]  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[10]  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

[11]  *Redwood Theatres, Inc. v. Festival Enter., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990); *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990).

opposing removal to find an express exception.[12] Unfortunately for Dey, this is of no assistance unless removal was proper, *i.e.*, this court had original jurisdiction over the case. Supplemental or ancillary jurisdiction is not a basis for removal.[13]

Dey, in its opposition, asserts that 31 U.S.C. § 3732(b)[14] creates original federal question jurisdiction and, therefore, this court has subject matter jurisdiction under 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). For the reasons that follow, the Court disagrees with Dey.

First, it cannot be disputed that the AWP MDL is an action brought under 31 U.S.C. § 3730 and that the district court in which it is pending, Massachusetts, would have jurisdiction over state law claims brought by the State in connection with the pending AWP MDL. This does not, however, create "stand alone" original jurisdiction. As discussed further below, it is actually supplemental jurisdiction similar to that conferred by 28 U.S.C.

---

[12] *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003).

[13] *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S 28, 34 (2002); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

[14] 31 U.S.C. § 3732(b) provides:
(b) Claims Under State Law.— The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

§ 1367.[15]/ Original subject matter jurisdiction in the Massachusetts district court is founded on one or both of two bases: (1) the federal False Claims Act, clearly a civil action arising under the laws of the United States, and/or (2) the United States as the plaintiff.[16]/ It is only because of that jurisdictional base that the State could *intervene in that action* and bring its own claims under 31 U.S.C. § 3732(b).[17]/

It is also instructive to review the provisions of the False Claims Act itself. First, the Act is limited to false claims made to the United States, and the damages awarded thereunder are limited to, or with respect to, the civil penalty and treble damages, determined by the damages suffered by the United States government.[18]/ The action may only be brought by the Attorney

---

[15]/ The Court agrees with Dey that omission of the word "original" in § 3732(b) is not fatal to conferring original jurisdiction. *See American Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992).

[16]/ 28 U.S.C. § 1345 ("[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress").

[17]/ Intervention by a state under § 3732(b) falls within the parameters of FED. R. CIV. P. 24.

[18]/ 31 U.S.C. § 3729(a) provides:
(a) Liability for Certain Acts.— Any person who—
    (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
    (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
    (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

(continued...)

General of the United States[19] or by a private person in the name of the United States,[20] subject, at the discretion of the Attorney

---

[18](...continued)
>   (4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
>   (5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
>   (6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or
>   (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that—
>>   (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;
>>   (B) such person fully cooperated with any Government investigation of such violation; and
>>   (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation;
> the court may assess not less than 2 times the amount of damages which the Government sustains because of the act of the person. A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.

[19]   31 U.S.C. § 3730(a).

[20]   31 U.S.C. § 3730(b).

General, to the control of the Attorney General.[21/] The AWP MDL is clearly a federal action brought by the Attorney General. 31 U.S.C. § 3732(b) authorizes permissive intervention by states in the federal case for the recovery of state funds.[22/] Nothing in § 3732(b) confers subject matter jurisdiction on a United States district court *independent of* the federal False Claims Act. Like 28 U.S.C. § 1367 with respect to actions in which original jurisdiction is conferred by another provision, e.g., 28 U.S.C. § 1331 (federal question) or § 1332 (diversity), § 3732(b) creates supplemental jurisdiction dependent upon the existence of original jurisdiction under 28 U.S.C. § 1345 if brought by the Attorney General or 28 U.S.C. § 1331 if brought by a private person. The Court rejects as a distinction without a difference Dey's argument that, because 31 U.S.C. § 3732(b) uses the word "action" and 28

---

[21/] 31 U.S.C. § 3730(c).

[22/] See *United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3rd 870, 880 (D.C. Cir. 1999); *United States ex rel. Stevens v. State of Vt. Agency of Natural Res.*, 162 F.3d 195, 204-05 (2d Cir. 1998) *rev'd on other grounds*, *Vermont Agency of Natural Res. v. United States ex rel. Stevens, supra*. Dey's reliance on *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd*, 110 F.3d 861 (2d Cir. 1997) is misplaced. *Thistlethwaite*, in construing 31 U.S.C. § 3732(a) as concerning venue, not jurisdiction, merely discussed § 3732(b) in the context of comparing it to § 3732(a). The issue of the nature of subject matter jurisdiction under § 3732(b) was neither before the court nor decided by the *Thistlethwaite*. Moreover, that § 3732(b) confers subject matter jurisdiction is not at issue. The precise question before this court is whether § 3732(b) confers *original* or *supplemental* jurisdiction. Neither *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142 (C.D. Cal. 2005) nor *United States ex rel. Anthony v. Burke Eng'g Co.*, 356 F. Supp. 2d 1119 (C.D. Cal. 2005) are helpful to Dey. In both cases the state law claims were joined in the same complaint by the plaintiff and the court unremarkably held that under § 3732(b) it had subject matter jurisdiction.

U.S.C. § 1331 uses the word "claim," § 3732(b) is broader in scope. As the United States Supreme Court recently noted, this is boilerplate language appearing in numerous statutes that is not particularly significant and certainly not controlling.[23] As noted above, an action under the False Claims Act may only be brought by or on behalf of the United States. A claim by a state is an action having an entirely separate basis from that of the False Claims Act action. That they may be joined in a single lawsuit,[24] thereby obviating the necessity for consolidation, does not necessarily destroy their characterization as separate actions.[25] In holding that 31 U.S.C. § 3732(b) does not create original jurisdiction joins the decisions of those district courts that have declined to exercise such jurisdiction,[26] albeit on perhaps somewhat different reasoning. Dey has cited no authority, controlling or otherwise, to the contrary.

---

[23] See Jones v. Bock, 549 U.S. ___, ___, 2007 WL 135890 (Slip Op. at 20) (January 22, 2007).

[24] Joinder of the separate actions in a single lawsuit is permissible under FED. R. CIV. P. 18 (joinder of claims) and 20 (joinder of parties).

[25] The Court also rejects as inapposite Dey's attempt to equate the removal of actions to the federal court in bankruptcy cases to removal using 31 U.S.C. § 3732(b). Suffice it to say, the jurisdiction of a federal district court (or, by referral, the bankruptcy court) in bankruptcy cases stands on a much different andbroader base than does the jurisdiction of a federal court under the False Claims Act.

[26] E.g., State of Wisconsin v. Amgen, Inc., ___F.Supp.2d ___, 2007 WL 92622 (W.D. Wis. 2007); Hawaii v. Abbott Laboratories, Inc., ___ F. Supp. 2d ___, 2006 WL 3457617 (D. Hawaii 2006); Alabama v. Abbott Laboratories, Inc., 2006 WL 3170553 (M.D. Ala. 2006);

Nor does this Court have original federal question jurisdiction based on the allegations of the complaint in the Alaska Action. As a rule, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint.[27] It is also well established that a plaintiff is the master of his or her complaint and if the plaintiff can maintain the claims on both state and federal grounds, the plaintiff may disregard the federal-law and proceed entirely on the state-law grounds.[28] Although the Alaska Action is similar to the AWP MDL and relies on many, if not most, of the same facts, the Alaska Action does not rely, directly or indirectly, on or invoke federal *law*, *i.e.*, the interpretation, construction, and application of the state-law claim does not necessarily turn upon resolution of federal law.[29]

Stated simply and unequivocally, 31 U.S.C. § 3732(b) does not create original jurisdiction in a federal district court and the Alaska Action does not involve a claim arising under federal law that would support the exercise of jurisdiction by this Court under 28 U.S.C. § 1331. Accordingly, removal under 28 U.S.C. § 1441 was improper and the matter must be remanded to the state court.

---

[27] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

[28] Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

[29] See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164 (1997).

**IV. CONCLUSION AND ORDER**

Based on the foregoing, the Motion to Remand filed by the State of Alaska at **Docket 14** is **GRANTED**; the Motion for Expedited Ruling on Remand Motion filed by the State of Alaska at **Docket 25** is **DENIED**, as moot; and Defendant Dey, Inc.'s Motion To Stay Consideration of Plaintiff's Motion to Remand Pending Transfer to the AWP MDL at **Docket 28** is **DENIED.**

IT IS ORDERED THAT this matter is remanded to the Alaska Superior Court, Third Judicial District at Anchorage, for such further proceedings as that court may deem appropriate or necessary.

The Clerk of the Court to enter judgment accordingly and transmit a certified copy thereof to the Clerk of the Alaska Superior Court, Third Judicial District at Anchorage.

ENTERED this 22nd day of January, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE