UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### PLAINTIFFS' OPPOSITION TO TRACK I DEFENDANTS' AND SCHERING'S MOTION FOR LEAVE TO FILE EXCESS PAGES

Plaintiffs file this opposition to Track 1 Defendants' Motion for Leave to File Excess Pages (Dkt. No. 3557) and Schering's and Warrick's Motion for Leave to File Excess Pages (Dkt. No. 3558).

On the last day of trial, the Court set clear limits on post-trial findings of fact and trial briefs: "100 pages of briefing a side and 100 pages of fact-finding a side." Trial Tr. Day 20 at 156. The Court had previously indicated that the parties were permitted to submit 20 pages of briefing per side on common issues; 20 pages of fact-finding a side on common issues; 20 pages of fact-finding specific to each Defendant; and 20 pages of briefing specific to each Defendant.

Plaintiffs worked hard to, and did, comply with the Court's order. Defendants did not. Instead, Defendants submitted (i) proposed findings of fact on common issues that exceed the 20-page limit by *14 pages* (for a total of *34 pages*); and (ii) a trial brief on common issues that exceed the 20-page limit by four pages. Not only was Defendants' common trial brief 14 pages over-length, it raised entirely new issues not even discussed at trial (*e.g.*, conduct allegedly not occurring substantially in Massachusetts). Furthermore, Defendant Schering-Plough submitted

proposed findings of fact on purported individual issues that exceeded the 20-page limit by four pages.

Plaintiffs oppose Defendants request to submit over-length briefing and cross-move for an order mandating that Defendants re-submit the above briefs and findings to comply with Court-ordered page limitations -- limitations that Plaintiffs complied with through expending great effort. Any other result will serve to reward Defendants for flouting the Court's order and will prejudice Plaintiffs, who were forced to make a myriad of decisions to excise proposed findings and legal arguments that would have increased the length of Plaintiffs' pleadings to beyond that authorized by the Court.

DATED: January 23, 2007

By /s/ Steve W. Berman
Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

- 3 -

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

- 3 -

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO TRACK I DEFENDANTS' AND SCHERING'S MOTION FOR LEAVE TO FILE EXCESS PAGES** to be delivered to all counsel of record by electronic service pursuant to paragraph 11 of the Case Management Order No. 2, by sending on January 23, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman