UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*,<br>No. 06-CV-11337-PBS | ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES, INC.'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL EVIDENCE
WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE**

For six months Abbott has diligently sought production of documents that the Government has withheld under an assertion of the deliberative process privilege.  Abbott has identified precisely the documents it seeks from Government privilege logs and conferred at length with Government attorneys, both in person and in writing, in an attempt to obtain these documents and resolve the legal disputes presented in Abbott's Motion to Compel.  Despite these efforts, the Government continues to assert the deliberative process privilege to block access to the documents requested, as well as to avoid other discovery obligations.  Incredibly, the Government now claims that Abbott's motion to compel is premature.

The Court should not acquiesce in this attempt to delay further the production and/or *in camera* review of evidence that is central to a full consideration of the issues in this case.  The Court has already recognized that "there's a very strong case to be made for having the [federal] government testify" and that "it's important to hear" what federal government witnesses "have to say."  Nov. 21, 2006 Trial Tr. at 5-6.  As detailed in Abbott's opening brief, numerous decisions have expressed these same sentiments in holding that the qualified deliberative process privilege does not shield discovery when the Government has put its own knowledge and deliberations at

issue. That rule is especially appropriate here, where government lawyers have withheld evidence under the privilege for years with no affidavits from appropriate officials, no attempt at showing harm, and no indication that the privilege even applies to many documents.

I.     **ABBOTT'S MOTION IS NOT PREMATURE**

The Government does not address the substance of Abbott's motion to compel, resting instead on the notion that this discovery dispute is not ripe for adjudication. To support this opposition, the Government asserts a circular and self-perpetuating argument: The Government contends that Abbott's motion is premature because, ten months after intervening in this case, *the Government* has not made a "final decision to 'withhold' any particular document" on a claim of deliberative process privilege. U.S.' Opp. to Def. Abbott Laboratories, Inc.'s Mot. to Compel Evidence Withheld Under the Deliberative Process Privilege ("Gov't Mem.") at 1-2. Amazingly, the Government raised this issue only after Abbott filed this motion to compel, notwithstanding the fact that Abbott has specifically requested production of these documents for six months.

To support its absurd ripeness argument, the Government contends that it "has yet to assert the deliberative process privilege" and is "presently determining whether to continue to invoke that privilege in the instant case." Gov't Mem. at 2. That representation is not accurate. The Government has repeatedly asserted the deliberative process privilege as the reason why it has not answered discovery in this case.

Abbott served its first set of document requests to the Government on July 12, 2006. Abbott requested, among other things, "[a]ll Documents in the possession of agencies or agents of the U.S. Government previously withheld on privilege grounds that were responsive to Defendants' subpoenas or requests for documents in MDL 1456 and MDL 1430." Response by the U.S. to Abbott's First Set of Req. for Prod. of Documents and Tangible Things to the U.S. at

- 2 -

80 (attached as Ex. 9 to Abbott's Mem.). At a November 1, 2006 meeting to discuss these requests, among other discovery matters, Abbott explained its position that the Government no longer had any legitimate basis to withhold documents under the deliberative process privilege given the nature of the claims asserted against Abbott. At this meeting and on numerous other occasions, Abbott requested that the Government produce the requested documents. Abbott repeated this request and outlined relevant authority in a November 19, 2006 letter to Government counsel. *See* Letter from C. Cook to G. Gobena and J. Draycott (11/19/06) (attached as Ex. 5 to Abbott's Mem.). Abbott specifically asked that the documents be produced on or before December 1, 2006. *See id*. The Government refused Abbott's request, stating: "*[w]e will not be producing any privileged documents* on the arbitrary date in your letter." Letter from J. Draycott to C. Cook (11/30/06) (attached as Ex. 8 to Abbott's Mem.) (emphasis added).

The Government's assertion of the privilege was likewise made clear in its Rule 34 written responses to Abbott's document requests, served on November 29, 2006. The Government objected to Abbott's requests "to the extent that they seek information protected from disclosure by" the "deliberative process privilege." Response by the U.S. to Abbott's First Set of Req. for Prod. of Documents and Tangible Things to the U.S. at 3-4 (Gen. Obj. 9) (attached as Ex. 9 to Abbott's Mem.). The Government further asserted the deliberative process privilege in specific objections to 33 of Abbott's 126 document requests. *See id*.

The Government's obligation to *actually produce documents* in response to Abbott's discovery requests is overdue. Even under a generous reading of the case management orders currently in effect in MDL 1456, the Government owed Abbott documents on or around December 29, 2006—60 days after this Court lifted the stay of discovery in this case. *See* CMO

- 3 -

10, ¶ II.4 ("A responding party to an initial document request shall complete production of all documents within sixth (60) days of service of such request."). The requested documents are already collected and Abbott has specifically (and repeatedly) communicated its desire to receive these documents immediately. Obviously, Abbott does not now have these documents precisely because the Government *has asserted* the deliberative process privilege.

The Government's refusal to produce documents is only one manifestation of its reliance on the deliberative process privilege to block discovery in this case. The Government also has asserted the privilege in refusing to answer all or part of 15 interrogatories (out of a total of 17 propounded by Abbott). *See* U.S.' Objections and Responses to Def. Abbott's First Set of Interrogatories (attached as Ex. 10 to Abbott's Mem.). For example, in Interrogatory 14, Abbott inquired about the Government's decision to select, implement, and maintain a reimbursement scheme tied to published AWPs. The Government objected without answering and specifically asserted the deliberative process privilege:

> Objection, the process of developing policies, rules and regulations *is an inherently pre-decisional and policy-based process* that includes requests for legal advice frequently made in anticipation of litigation; the identities of all individuals who were involved or consulted in that process is therefore protected from the discovery by the *deliberative process privilege* and, in some cases the attorney-client privilege and/or the work product doctrine.

*Id*. at 52 (emphasis added).[1]

In short, the Government has asserted the deliberative process privilege and has relied on that privilege to withhold documents and evidence from Abbott. Although Abbott believes that

---

[1] Had the Government not asserted the deliberative process privilege here, it would have waived the right to do so. *See Day v. Boston Edison Co.*, 150 F.R.D. 16, 21 (D. Mass. 1993) (citing *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("Of course, the usual rule is that failing to serve objections to requests for documents within the time period prescribed by Rule 34(b), Fed. R. Civ. P., operates as a waiver of the objections to production."); Fed. R. Civ. P. 33(b)(4) ("All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.").

the Government's assertion has been procedurally flawed (*see* Abbott's Mem. at 14-20), the Government undoubtedly has claimed the privilege. Abbott's motion is, therefore, ripe and should be decided immediately.[2]

## II. THE GOVERNMENT HAS FORFEITED ITS RIGHT TO RESPOND ON THE MERITS TO ABBOTT'S MOTION TO COMPEL

The Government has declined to respond on the merits to Abbott's motion, stating instead that it "will properly brief at the appropriate time Abbott's contention that the United States' intervention in the instant case eviscerates its 'ancient privilege.'" Gov't Mem. at 3. The Government fails to recognize, however, that the appropriate time to address Abbott's arguments already has passed. In failing to respond to arguments asserted in Abbott's motion, the Government has lost its right to oppose those aspects of the motion. Specifically, the Government has forfeited the right to challenge Abbott's argument that the claims in this case are inconsistent with any assertion of the deliberative process privilege that might otherwise have applied to decisions placed at issue by the Government's Complaint. *See Wolotka v. School Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005) (striking argument raised for first time in reply brief, noting that an "elementary briefing rule" requires parties to "raise or to support adequately an argument in briefing [in] any motion filed at the trial or appellate level"). *See also Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 142-44 (Fed. Cl. 2006)

---

[2] The Government has already indicated that it will assert the deliberative process privilege at depositions also. For example, in response to an Abbott notice of deposition seeking testimony from the author of certain regulations, the Government stated:

> The underlying purpose of the deliberative process privilege is to protect governmental decision-making by maintaining the confidentiality of advisory opinions, recommendations, and deliberations that comprise part of the process by which government formulates law or policy. *Accordingly, it seems reasonably clear that any questions put to the author of a government regulation regarding the selection of the final language of such regulation and the policies implemented therein are certain to be met with the invocation of the privilege*.

Letter from J. Draycott to C. Cook, et al. (12/8/06) (attached as Ex. 12 to Abbott's Mem.). The Government even "suggest[ed] that the matter of scheduling be deferred while we attempt to resolve the privilege and relevancy issues." *Id.* That, of course, is what Abbott's motion to compel attempts to accomplish.

(finding affidavits filed after motion to compel to be "too late" and unpersuasive as support for assertion of the deliberative process privilege).

The Government's failure to address the merits of Abbott's motion is particularly inexcusable here. In the letters leading up to this motion, Abbott specifically asked the Government to take the appropriate steps necessary to justify its assertion of the privilege—that is, to assert the privilege formally. *See, e.g.*, Letter from C. Cook to G. Gobena and J. Draycott (11/19/06) (attached as Ex. 5 to Abbott's Mem.). Abbott noted that a "Governmental privilege must ordinarily be invoked by a department head or other responsible agency official, after a personal review of the documents, in an affidavit stating a factual basis for the claim of injury to legitimate government interests flowing from disclosure." *Id*. (quoting *Grossman v. Schawrz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989)). The Government chose not to take those steps and further elected to ignore these same issues when responding to Abbott's motion to compel. It has now been *years* since the Government first asserted the deliberative process privilege to shield documents from discovery in AWP-related litigation. Yet the Government still claims that it has not decided to assert the privilege. Having sat on those rights, the Government has lost them.

## CONCLUSION

For the foregoing reasons, the Court should grant Abbott's Motion to Compel Production of Evidence Withheld Under the Deliberative Process Privilege.

Dated: January 25, 2007

Respectfully submitted,

/s/ R. Christopher Cook
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL EVIDENCE WITHHELD UNDER THE DELIBERATIVE PROCESS to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 25th day of January, 2007.

/s/ David S. Torborg
David S. Torborg