# EXHIBIT 3

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

December 13, 2006

VIA EMAIL

| | |
|---|---|
| M. Justin Draycott, Esq.<br>Patrick Henry Building<br>601 D Street, N.W.<br>Washington, D.C. 20004 | Ana Maria Martinez, Esq.<br>Assistant United States Attorney<br>Southern District of Florida<br>99 N.E. 4th Street<br>Miami, FL 33132 |

John K. Neal, Esq.
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Counsel:

This letter responds to your recent correspondence regarding Abbott's five pending notices of deposition. We have conferred with counsel for Dey, who agree with the positions set forth below.

**30(b)(1) Deposition of HHS Regarding Information Technology.** Mr. Neal has previously offered the date of Tuesday, January 16, 2006 to conduct this deposition. Abbott and Dey accept that date and, if it is agreeable to you, would like to conduct the deposition at the Jones Day office in Washington.

**30(b)(6) Deposition Regarding Document Production and Preservation Issues.** You have agreed to produce a witness or witnesses relating to document production and preservation issues, but Ms. Martinez's letter indicates that you need additional time to identify and prepare witnesses for each of the five topics listed in Abbott's notice. Please identify a date or dates during the weeks of January 8 or January 15, 2006 (other than Wednesday, January 10, 2006 and Tuesday, January 16, 2006, the date set for the 30(b)(1) described above) when the United States is able to produce a witness or witnesses to address the topics in Abbott's deposition notice.

**30(b)(1) Deposition of HHS Employee(s) Regarding Pass-Through Payment Regulations.** Mr. Draycott's letter of December 8, 2006 objects to the 30(b)(1) notice relating to pass-through payment regulations under the deliberative process privilege and on relevancy grounds, and suggests deferring the scheduling of this deposition until the parties attempt to resolve privilege and relevancy issues. We believe the United States' attempt to assert the

JONES DAY

M. Justin Draycott
John K. Neal
Ana Maria Martinez
December 13, 2006
Page 2


deliberative process privilege here is procedurally and substantively invalid, and that depositions should not be obstructed or interrupted solely on relevancy grounds.  Nonetheless, we take your correspondence as a refusal to produce a witness through assertion of the deliberative process privilege.

**Nancy Molyneaux.**  Although Mr. Neal's letter of December 7, 2006 indicates that the United States is concerned that "much of Ms. Molyneaux's prospective testimony will be covered by the deliberative process privilege," the United States is prepared to move forward with that deposition and has requested that it be scheduled during the week of January 8, 2007.  Abbott and Dey propose that the deposition take place on Thursday or Friday, January 11-12, 2007.  Please let us know if either of those dates is acceptable.  Abbott does not believe that it has an obligation or that it is necessary to provide a list of the topics that counsel intends to cover with Ms. Molyneaux.

**30(b)(1) Deposition of HHS Employee Regarding United States' Amicus Brief.**  Mr. Draycott's letter of December 12, 2006 objects to this deposition as seeking information protected by the work product, attorney client and deliberative process privileges, and asserts that the deposition is not reasonably calculated to lead to the discovery of admissible evidence.  You cite precedent for the proposition that depositions of counsel are highly disfavored, and have asked Abbott to withdraw the notice of deposition.

As an initial matter, a clarification may be in order.  Abbott's notice was not intended to seek the deposition of HHS counsel or the DOJ, and it did not seek to reveal the opinions or mental impressions of lawyers for the United States.  That is, Abbott does not at this time seek to obtain that which may be protected under *Hickman v. Taylor*, 329 U.S. 495, 509 (1947).  Nor is Abbott at this time seeking discovery into any privileged communications between HHS counsel or the DOJ and current or former employees of HHS.  Abbott's notice instead seeks discovery into the *factual basis* for assertions made in the United States' amicus brief, such as "the Secretary's continued belief, as of 1991, that the wholesale price data published in Red Book and other national drug listings generally represented a comprehensive source and indicia of market prices."  U.S. Amicus Br. at 15.  Factual assertions such as these are obviously relevant to this case, as demonstrated by the fact that the DOJ saw fit to make them in this context.  Abbott is entitled to seek discovery into the bases for these assertions.  The fact that HHS employees may have had communications regarding their recollections of facts with HHS counsel or the DOJ obviously does not render those facts confidential or privileged.

This deposition is reasonably calculated to lead to the discovery of admissible evidence and is appropriate under the Federal Rules.  Accordingly, Abbott will not withdraw its notice of deposition.  Please identify a date or dates during the weeks of December 25, 2006 or January 1,

JONES DAY

M. Justin Draycott
John K. Neal
Ana Maria Martinez
December 13, 2006
Page 3

2007 when the United States can produce a witness or witnesses responsive to this notice.  If the United States intends to move for an order quashing the deposition, please do so by Tuesday, December 26, 2006.  Given the date of Abbott's deposition notice and the rules regarding deposition scheduling in existing CMOs, Abbott believes that this is a reasonable request.  Please advise me if you disagree.

       Thank you for your attention to these matters.

                        Sincerely,

                        David S. Torborg

cc:    Renée Brooker
       Gejaa Gobena
       Mark A. Lavine
       Ann St. Peter-Griffith
       James J. Breen
       Neil Merkl
       Sarah L. Reid