UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs., Inc. et al.*,<br>    Case no. CV-2-00260 (Nevada I),<br><br>*State of Nevada v. American Home Products, et al.*,<br>    CA No. 02-CV-12086-PBS (Nevada II), and<br><br>*State of Montana v. Abbott Labs., Inc., et al.*,<br>    Cause No. CV-02-09-H-DWM (D. Mont.) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER RELATING TO
DEFENDANTS'  ATTEMPT TO TAKE DEPOSITIONS OF NON-PARTIES**

The States of Montana and Nevada bring this emergency motion to seek Court protection from additional non-party depositions, including two currently scheduled.  Defendants are attempting to take the depositions of the Great Falls Clinic – Clinic Cancer Care ("Great Falls Clinic") and Snyders Drugstores, Inc. ("Snyders") nearly one year after the fact discovery cut-off and without proper notice to the States.  Defendants made absolutely no effort to take these depositions during fact discovery or even within a reasonable interval after its close.  Instead, Defendants waited until the eve of summary-judgment filings to ambush the States with the notices.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Case Management

Order ("CMO") Nos. 10 (Dkt. No. 756) and 23, the States move for a protective order precluding Defendants from taking these non-party depositions or any others.

## I.     FACTUAL BACKGROUND

Defendants first served Fed. R. Civ. P. 45 subpoena on the Great Falls Clinic in connection with the Montana AWP Litigation on October 25, 2005. Declaration of Jeniphr Breckenridge in Support of States' Emergency Motion for Protective Order Relating to Defendants' Attempt to Take Depositions of Non-Parties ("Breckenridge Decl."), Ex. 1. Defendants first served a Fed. R. Civ. P. 45 subpoena on Snyders in connection with the Montana and Nevada AWP cases on November 9, 2005. Breckenridge Decl., Ex. 2.

These subpoenas are just two of literally dozens of non-party subpoenas Defendants issued in the State AWP cases. Defendants took *timely* depositions of a number of the non-party targets. Fact discovery in this case ended on March 31, 2006. CMO No. 23. It is now January 2007. Eleven days ago Defendants scheduled the two depositions for this week. Breckenridge Decl., ¶ 19. Defendants made no effort to schedule the depositions of either non-party prior to the discovery deadline, immediately after the deadline, or any other time before this month. *Id.*, *in passim*. Defendants did not do so despite the fact that they had received documents from Snyders Drugstores, Inc. by January 2006 and from the Great Falls Clinic no later than May 2006. Breckenridge Decl. ¶¶ 9-10. Defendants, of course, were well aware of the deadlines they are breaching. Between the issuance of the dozens of subpoenas and the close of discovery, Defendants did, however, take the depositions of numerous other non-parties pursuant to nearly identical to the Great Falls Clinic and Snyders Subpoenas. Breckenridge Decl., ¶ 7. Shortly after discovery closed, Defendants also noticed the depositions of other non-parties pursuant to identical or nearly-identical subpoenas. At least three of these depositions were the subject of

- 2 -

motions for protective order heard by this Court.[1]  The State challenged the subpoenas on timeliness and other grounds.  The motions were briefed and submitted to the Court no later than August 2006.[2]

On October 23, 2006, Magistrate Judge Bowler heard argument on the State's motions. Breckenridge Decl., ¶¶ 11-12.  Magistrate Bowler disallowed one of the depositions and allowed two of the depositions.  Magistrate Bowler expressly limited her order to the depositions then scheduled.  October 23, 2006 Tr. at 89 (Breckenridge Decl., Ex. 3).  The MGM Mirage and MMCAP facts do not include the same gross delays from which the States seek relief here. With MGM Mirage and MMCAP, Defendants made efforts to take the depositions within months of the close of discovery and thus enabled any issues to be raised and resolved promptly with the Court, well in advance of summary-judgment deadlines.

Defendants took the MMCAP deposition and the parties resolved by agreement the evidentiary issues underlying the MGM Mirage depositions.  Throughout this period, Defendants never mentioned additional depositions.  Instead, Defendants delayed further, waiting over one year after issuing the original subpoenas and nearly one year after the close of discovery to pursue the depositions on the eve of the filing of motions for summary judgment in the State cases (currently due February 8, 2007).  Defendants first raised the issue in December by asking the States to stipulate to the authenticity *and* admissibility of certain documents produced by the two non-parties or agree to the untimely depositions.  Breckenridge Decl., ¶ 14.  The States considered the evidence and advised Defendants in writing that they could not reasonably agree to the authenticity of much of the evidence and certainly could not agree to its admissibility.

---

[1] These were Blue Cross Blue Shield of Montana, MGM Mirage, and the Minnesota Multi-State Contracting Alliance for Pharmacy ("MMCAP").

001534-13 150928 V1

Breckenridge Decl., ¶ 15.  The evidence principally consisted of data with no verifiable source given.  *Id*.  The States also advised Defendants that any attempt to take the depositions would be untimely because the fact discovery cut-off had passed nearly a year before and the States would object on this basis.  Breckenridge Decl., ¶ 16.

As a collateral issue, Defendants did not even given the States the "three week deposition notice" CMO No. 10 requires.  These depositions were arranged by Defendants at some point prior to January 19, 2007.  Defendants advised the States by copies of letters dated January 19, 2007 that the depositions would take place on January 30 and 31, 2007.[3]  Pursuant to the governing CMO, the earliest the depositions could have taken place is February 9, 2007, the day after summary judgment motions are due.

The States' counsel has advised the proposed non-party witnesses that the States are moving for protective order and the depositions will not go forward as scheduled by Defendants.  Breckenridge Decl., ¶¶ 22-23.  A copy of this motion will be served on each.  *Id*.  The timing of this motion results in no prejudice to Defendants, despite the fact that the depositions were scheduled to occur this week, because the depositions are telephonic and no irreversible arrangements have been made.  Breckenridge Decl., ¶ 19.  Even if prejudice did accrue, Defendants untimely noticing of the depositions in violation of CMO No. 10, ¶ 7 would be the source.  Breckenridge Decl., ¶ 19.

## II.   ARGUMENT

The parties have previously briefed the legal bases for a party seeking protection from a Fed. R. Civ. P. 45 subpoena to a third party.  *See* The State of Nevada's Motion for Protective Order Relating to Defendants Deposition Subpoena to MGM Mirage (Dkt. No. 2966); Motion

---

[3] The January 30, 2007 deposition was deferred because Defendants could not locate a court reporter.  Subsequently, the States advised Defendants and Snyders and the Great Falls Clinic that they would move for protective order.

for Protective Order Relating to Defendants' Second Subpoena to Blue Cross Blue Shield of Montana and Deposition Notice to MMCAP (Dkt. No. 2745) and related pleadings.  Rule 45 subpoenas constitute discovery.  *See*, *e.g.*, *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).  As with other types of discovery, a party may seek the Court's protection from any unreasonable discovery burden – including schedule abuse.  The Court derives its power to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense" from Fed. R. Civ. P. 26(c).  The motion before the Court is a petition to those powers.  Defendants' timing is oppressive and imposes an undue burden on the parties.  The depositions are just plain too late.

In correspondence between counsel related to the Snyders and Great Falls Clinic depositions, Defendants have taken two positions they claim support the scheduling of the depositions *now*:  (i) the Court's order with respect to the MGM Mirage deposition covers these depositions; and (ii) since the subpoenas were timely, any depositions pursuant to those subpoenas are necessarily timely.  Breckenridge Decl., ¶ 17. Neither position is defensible.

First, as noted above, Magistrate Bowler's ruling was expressly limited to the MGM Mirage deposition.  October 23, 2006 Tr. at 89 (Breckenridge Decl., Ex. 3).  Unlike the MGM Mirage and MMCAP facts in which Defendants acted to depose certain non-parties within months discovery closed and worked to resolve the issues promptly through the Court, Defendants here inexcusably delayed even mentioning the deposition or the related evidentiary deadlines until summary-judgment deadlines loomed..

Second, the fact that the original subpoenas were timely *in 2005* does not render depositions timely *in 2007*.  The practical effect of allowing these two untimely depositions *now* is greater than just two depositions.  There is nothing to distinguish these subpoenas from other

- 5 -

aging subpoenas from late 2005 or 2006. If these depositions are allowed, it opens the door to depositions pursuant to all outstanding non-party subpoenas – potentially dozens of depositions during the summary judgment phase of the case.

As the States have written before: discovery must end some time and, in this case, it did – on March 31, 2006. This is not an instance where Defendants have delayed a few weeks or even a few months beyond fact discovery to pursue evidence. In the unlikely event that the Defendants truly had a legitimate basis to take these depositions after that cut-off, they could have been pursued within a reasonable period of time like the other belated non-party deposition – *not* ten months later just before the filing of the parties' summary-judgment motions. There is no plausible basis for allowing the Defendants to continue with discovery so far past the March 31, 2006 cut-off. If Defendants find themselves in an evidentiary predicament – once again, it is one of their own making. Defendants should not be allowed to take the Snyders Drugstores or Great Falls Clinic depositions – or any others.

Finally, Defendants chose to schedule the depositions at a particularly inopportune time. Notice was sent via letter as the parties were engaged in intense post-trial briefing – on a Friday just ten days before the depositions were to commence, ten days short of the 21 days required by CMO No. 10.

For all of these reasons, Defendants have foregone any right to take these depositions or any additional depositions.

### III.   CONCLUSION

For the foregoing reasons, the States of Montana and Nevada respectfully request that the Court grant the motion for protective order and that Defendants' proposed depositions of the Great Falls Clinic and Snyders Drugstores not go forward and that no additional non-party depositions will be taken in this case.

001534-13 150928 V1

By  /s/ Steve W. Berman              DATED: January 30, 2006
   Steve W. Berman
   Sean R. Matt
   Jeniphr A.E. Breckinridge
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA 98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Thomas M. Sobol
   Edward Notargiacomo
   HAGENS BERMAN SOBOL SHAPIRO LLP
   One Main Street, 4th Floor
   Boston, MA 02142
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

   COUNSEL FOR PLAINTIFFS
   STATE OF MONTANA AND
   STATE OF NEVADA

   Catherine Cortez Masto
   Attorney General of the State of Nevada
   L. Timothy Terry
   Deputy Attorney General
   100 N. Carson Street
   Carson City, NV 89701-4714

   COUNSEL FOR PLAINTIFF
   STATE OF NEVADA

   Mike McGrath
   Attorney General of Montana
   Ali Bovingdon
   Assistant Attorney General
   Justice Building
   215 North Sanders
   P.O. Box 201401
   Helena, MT 56920-1402
   (406) 444-2026

   COUNSEL FOR PLAINTIFF
   STATE OF MONTANA

- 7 -

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' ATTEMPT TO TAKE DEPOSITIONS OF NON-PARTIES** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 30, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

                          By      **/s/ Steve W. Berman**
                              Steve W. Berman
                              **HAGENS BERMAN SOBOL SHAPIRO LLP**
                              1301 Fifth Avenue, Suite 2900
                              Seattle, WA  98101
                              (206) 623-7292