UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs., Inc. et al.*,<br>     Case no. CV-2-00260 (Nevada I),<br><br>*State of Nevada v. American Home Products, et al.*,<br>     CA No. 02-CV-12086-PBS (Nevada II), and<br><br>*State of Montana v. Abbott Labs., Inc., et al.*,<br>     Cause No. CV-02-09-H-DWM (D. Mont.) | |

**DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF THE STATES'
EMERGENCY MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS'
<u>ATTEMPTS TO TAKE DEPOSITIONS OF NON-PARTIES</u>**

I, Jeniphr Breckenridge, declare:

1. I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP and I am one of the lawyers representing the states of Montana and Nevada ("States") in these cases. I make this declaration in support of the States' motion for protective order relating to Defendants' attempts to take the depositions of the Great Falls Clinic – Clinic Cancer Care ("Great Falls Clinic") in the Montana AWP case and Snyders Drugstores, Inc. ("Snyders") in the Montana and Nevada AWP cases.

2. This declaration sets forth certain facts in support of the States' motion for protective order.

1

3. Defendants first served Fed. R. Civ. P. 45 subpoena on the Great Falls Clinic in connection with the Montana AWP Litigation on October 25, 2005. A true and correct copy is attached to this Declaration as Ex. 1.

4. Defendants first served a Fed. Civ. P. 45 subpoena on Snyders in connection with the Montana and Nevada AWP cases on November 9, 2005. A true and correct copy is attached to this Declaration as Ex. 2.

5. These two subpoenas were two of approximately 56 non-party subpoenas issued by Defendants between October 25, 2005 and January 31, 2006.

6. Fact discovery in this case ended on March 31, 2006. To the States' knowledge, Defendants made no effort to schedule the depositions of the Great Falls Clinic or Snyders prior to the fact discovery deadline.

7. Between the issuance of the subpoenas and the close of discovery, Defendants did, however, take the depositions of numerous other non-parties pursuant to subpoenas identical or nearly identical to the Great Falls Clinic and Snyders subpoenas.

8. Defendants at no time asked if they could schedule any non-party depositions after the close of discovery. In contrast, after fact discovery closed, in May 2006, Defendants were careful to make advance arrangements and to accommodate schedules to take the depositions of certain State fact witnesses.

9. In January 2006, Defendants provided the States with documents purportedly produced by Snyders. No mention was made of a deposition at the time of the production. Additional Snyders productions were forwarded to the States by Defendants in April 2006. No mention was made of a deposition. One document was produced by Defendants purportedly on behalf of Snyders on June 29, 2006. Again, no mention was made of a deposition.

10. Similarly, in May 2006 Defendants provided the States with documents purportedly produced by the Great Falls Clinic. No mention was made of a deposition at the time of the production.

11. During this same time period, after the close of discovery, Defendants noticed the depositions in the Montana and/or Nevada cases of three non-parties: the MGM Mirage, Blue Cross Blue Shield of Montana and the Minnesota Multi-State Contracting Alliance for Pharmacy ("MMCAP"). The State took the position that the depositions were untimely; Defendants disagreed. The issue was submitted to Magistrate Bowler on the States' motions. The issues were fully briefed by the parties. On October 23, 2006, Magistrate Bowler decided that the Blue Cross Blue Shielf of Montana deposition would not go forward, but the MGM Mirage and MMCAP depositions should take place. A true and correct copy of relevant excerpts of the transcript of the hearing before Magistrate Bowler, including her rulings, is attached to this Declaration as Ex. 3.

12. After Defendants asked, Magistrate Bowler limited her ruling on the MGM Mirage deposition to the MGM Mirage deposition. October 23, 2006 Tr. at 89 (Ex. 3) ("I think this is pretty specific to MGM. I'll take it only as to MGM."). Magistrate Bowler specifically excluded Snyders and the Great Falls Clinic. *Id.* at 88-89.

13. Defendants did not raise the issue of the Great Falls Clinic or Snyders depositions either after the briefing on the motions for protective order or Magistrate Bowler's October 23, 2006 hearing despite the facts that by the hearing date, discovery had been closed for *seven months* and Defendants had all Great Falls Clinic and Snyders documents in their possession for *nine, six, or five months*.

3

14.     On December 14, 2006, *for the very first time*, nearly seven months after the close of discovery and *more than one year* after the subpoenas had been issued, Defendants approached the States asking the States to agree to stipulate to authenticate documents from the Great Falls Clinic and Snyders files or for the States to agree to deposition dates.  Counsel compared the situation to the MGM Mirage facts ruled on by Magistrate Bowler.  The request came in the form of an email from AstraZeneca lawyer Reid Skibell to Jeniphr Breckenridge.  A true and correct copy of the email is attached as Ex. 4.

15.     On behalf of the States, I distinguished the MGM Mirage facts.  On behalf of the States, I did agree to consider the documents on which Defendants' sought a stipulation.  Defendants provided a list of the documents.  From the contents of the documents, it was immediately apparent that we could not agree to a stipulation.  In particular, the Snyders documents were almost exclusively data from unidentified sources that could not be verified.  There were similar issues with the Great Falls Clinic documents.

16.     On January 9, 2007, the States confirmed via email that they could not agree to a stipulation.  A true and correct copy of the email is attached to this Declaration as Ex. 5.  The same email distinguished the other non-party depositions and raised the States' objections to any depositions as unreasonable given the length of time that had elapsed since the close of discovery.

17.     In correspondence between counsel related to the Snyders and Great Falls Clinic depositions, Defendants have taken two positions they claim support the scheduling of the depositions *now*:  (i) the Court's order with respect to the MGM Mirage deposition covers these depositions; and (ii) since the subpoenas were timely, any depositions pursuant to those subpoenas are necessarily timely.  Neither position is defensible.

4

18.     In addition, what Defendants sought was depositions regarding authenticity and admissibility but there had never been deposition notices or subpoenas pending for a deposition on authenticity and admissibility of documents.  The earlier subpoenas had identified very different topics.

19.     Nevertheless, on January 19, 2007, Defendants scheduled the depositions of the Great Falls Clinic and Snyders for January 30 and 31, 2007 respectively.  At the time, counsel for the States and all other parties were intensely involved in preparing post-trial findings of fact, trial briefs and other memoranda and were preparing for closing arguments in the Class case, which were just held on January 26, 2007.  Nothwithstanding these facts, Defendants gave the States just ten or eleven days notice of the depositions via a copy of a letter.  This notice was in clear violation of Case Management Order No. 10 which requires a "'three week deposition notice' under which such party provides at least 21 days notice for a proposed deposition."  CMO No. 10, ¶ 7.  Even if discovery had not closed, at the earliest, the depositions could have been scheduled for Friday, February 9, 2007 – the day *after* summary-judgment motions are due.

20.     The letters confirming the depositions indicated that Defendants would participate via telephone.

21.     On January 29, 2007, the States repeated their objections to the depositions in an email to AstraZeneca counsel Reid Skibell.  On January 30, 2007, the States sent an email reiterating their objections and their intent to file a motion for protective order. This was confirmed via letter to Mr. Skibell and his colleague, James Duffy.  A true and correct copy of this letter is attached to the Declaration as Ex. 6.

22.     On January 30, 2007, I also contacted Jodi Robinson of Snyders Drugstores, the Snyders witness, and advised her in two voicemails that the States objected to the deposition and

5

would file a motion for protective order and that the depositions would not go forward as scheduled. I then spoke to her directly. She advised me that she understood from Defendants that her deposition would not go forward this week. I told her that I would provide her with a copy of the States' motion when filed.

23. On January 30, 2007, I also contacted Tyler Moss, outside counsel for the Great Falls Clinic. I spoke to Mr. Moss directly and advised him that the State of Montana objected to the Great Falls Clinic deposition and would file a motion for protective order and that the depositions would not go forward as scheduled. I told Mr. Moss that I would both email and U.S. Mail him a copy of the States' motion when filed.

I swear under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

      /s/ Jeniphr Breckenridge
Jeniphr A.E. Breckenridge (WSBA 21410)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

<u>January 30, 2007 at Seattle, Washington</u>
Date and Place of Execution

## CERTIFICATE OF SERVICE

  I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF JENIPHR BRECKENRIDGE IN SUPPORT OF THE STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER RELATING TO DEFENDANTS' ATTEMPTS TO TAKE DEPOSITIONS OF NON-PARTIES** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 30, 2007 a copy to LexisNexis File & Serve for Posting and notification to all parties.

            By   **/s/ Steve W. Berman**
              Steve W. Berman
              **HAGENS BERMAN SOBOL SHAPIRO LLP**
              1301 Fifth Avenue, Suite 2900
              Seattle, WA 98101
              (206) 623-7292

001534-13 151083 V1