UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> **THIS DOCUMENT RELATES TO:** <br><br> *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v.  Dey, Inc., et al.,* CIVIL ACTION NO. 05-11084-PBS | ) ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 1456 <br> Civil Action No. 01-12257-PBS <br><br> Hon. Patti B. Saris |

**RELATOR'S OPPOSITION TO DEY DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTORY STATEMENT**

Relator, Ven-a-Care of the Florida Keys, Inc. (hereafter "VAC") joins in the Memorandum of the United States in Opposition to the Dey Defendants' Motion to Dismiss.  VAC files this separate brief to explain why Dey's statute of limitations arguments do not permit or require dismissal of VAC's complaint.

This action was commenced in 1995 by the filing of a *qui tam* complaint in the Southern District of Florida by a relator, Ven-a-Care of the Florida Keys, Inc.  That complaint alleged violations of the False Claims Act by a number of drug manufacturers based on their reporting of inflated price information to various drug pricing compendia for use by Medicaid and Medicare.  An amended complaint was filed by VAC in August 1997, which added claims against the Dey Defendants.  Dey was also named as a

defendant in a complaint filed by VAC in the District of Massachusetts in April 2000, identifying additional drugs and naming additional defendants.  As the United States explained in its Memorandum in Opposition to the Dey Defendants' Motion to Dismiss, the claims asserted by the relator against Dey were transferred to and consolidated in the District of Massachusetts, and the United States has intervened in that action.  Concurrent with the United States' intervention against Dey in August 2006, VAC sought and received permission to file, and did file, an amended complaint against the Dey Defendants in October 2006, incorporating the United States' complaint and seeking additional relief.

The Dey Defendants' memorandum seeks dismissal of the relator's complaint on statute of limitations grounds despite setting forth no argument whatsoever as to why the relator's initial Dey complaint filed in 1997 is time-barred.  All of Dey's arguments about timeliness focus on the government's date of filing its intervention complaint.  Nothing at all is set forth to suggest that VAC's 1997 filing was untimely in any respect.   Since the operative complaint alleges that Dey's conduct dates back to December 1992, and that the complaint relates back to the earlier relator complaints, it is obvious on the face of the complaint that there is no statute of limitations issue.[1]

---

[1] Relator fully joins in the United States' arguments as to why the government's complaint was timely and should not be dismissed.  The positions set forth herein are in the alternative, if the Court decides to dismiss the government's complaint.

## **VEN-A-CARE'S COMPLAINT WAS TIMELY FILED**

Federal Rule of Civil Procedure 3 provides that an action is commenced by the filing of a complaint. Fed. R. Civ. P. 3. Accordingly, this action - filed on behalf of both VAC and the United States - was commenced in 1997. Rule 4 addresses service of a complaint, but it is trumped by the specific provision in the False Claims Act regarding service: "The complaint shall be filed in camera, shall remain under seal for at least 60 days, and *shall not be served on the defendant until the court so orders.*" 31 USCS § 3730 (b)(2) (emphasis added). *See, e.g., United States ex rel. Downy v. Corning, Inc.,* 118 F. Supp.2d 1160, 1163 (D.N.M. 2000) (complaint may not be served until court so orders); *State of California ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Labs., Inc,* Case No. BC287198A (Ca. Super. Ct. Mar. 25, 2003), slip op. at 2-3 (state procedural rule requiring dismissal of complaint if not served within three years not applicable to sealed complaints under false claims act) (copy attached as Exhibit A).

In the instant litigation, Relator's complaint was timely filed in August, 1997 against the Dey defendants, and it was filed under seal and not served on defendants consistent with the False Claims Act until the government's intervention in 2006. During that interval, the government at all times applied for and received extensions of the seal from the court. Also during that time period, VAC amended its sealed complaint several times to incorporate ongoing conduct. *See United States ex rel. Vosika v. Starkey Labs., Inc.*, 2004 U.S. Dist. LEXIS 18349 at *7 (D.Minn. 2004)(relator's amended complaint under FCA related back to its initial complaint where based on the same conduct, transaction or occurrence). Here, Dey raises no argument that the claims in the current complaint do not mirror -- or do not involve the same "conduct, transaction[s] or

3

occurrence[s]", in Rule 15 parlance -- those in the initial relator complaint. There is no basis, therefore, and defendants do not articulate one, for the dismissal of VAC's complaint.

There should be no concern, in the context of the False Claims Act, about this case proceeding on the government's behalf without the government (if this Court – erroneously, in Relator's opinion -- determines to dismiss the government's complaint). Unlike some jurisdictions where relators' cases cannot proceed without the sovereign[2], the federal False Claims Act expressly permits actions to proceed following a government decision to decline intervention. Section 3730 provides that the government shall either proceed with the action, or "notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action."  31 USCS § 3730 (b)(4)(B). *See also* 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action.")  *See generally United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005) (United States may decline to proceed for any number of reasons, including cost-benefit analysis; relator permitted to proceed on government's behalf). Accordingly, standing is expressly granted to a relator to proceed without the government in an action that is designed to recover funds for the government. The Supreme Court has expressly determined that *qui tam* actions are "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.... When combined with the theoretical justification for

---

[2]   *E.g.*, Tex. Hum. Res. Code § 36.104( b) ("If the state declines to take over the action, the court shall dismiss the action.")

relator standing discussed earlier, it leaves no room for doubt that a *qui tam* relator under the FCA has Article III standing." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 777-778 (U.S. 2000) (citation omitted). *See also Cook County v. United States ex rel. Chandler*, 538 U.S. 119 (2003) (noting private relator's ability to proceed without the government and discussing differing relator shares depending on extent of each party's involvement in or contribution to litigation). Accordingly, VAC should be permitted to proceed with this action even if the United States' complaint is dismissed.

Tellingly, the Second Circuit in its renegade opinion dismissing the government's complaint in *United States ex rel. Cosens v. Baylor Univ. Med. Ctr., et al.*, 469 F.3d 263 (2nd Cir. 2006), failed completely to elucidate an explanation for dismissal of the relator's timely filed complaint in that action. Not only should any protracted governmental investigation not be laid at a relator's feet, *see, e.g.*, *United States ex rel. Sarmont v. Target Corp.*, 2003 U.S. Dist. LEXIS 18729 (N.D. Ill. 2003) (in evaluating delay in prosecution of False Claims Act suit, "court must evaluate [relator's] role in isolation from that of the government"), but there is no explanation even attempted for how any actions taken, or not taken, by the government after the filing of a *qui tam* complaint can retroactively render a timely complaint untimely.

Simply put, Dey's request that the Court dismiss Ven-A-Care's complaint is not supported by any statute, Rule of Procedure or judicial opinion. Even the *Cosens* panel relied on deficiencies in the relator's complaint in that case. 469 F.3d at 266 (noting that relator's complaint broadly alleged misconduct against scores of hospitals without identifying specific acts of any hospital, and without alleging any sort of conspiracy;

further noting complete lack of basis for venue in one district against hospitals located throughout the country).  Moreover, the *Cosens* court did not have the benefit of the subsequent decision of the United States Supreme Court in *BP Am. Prod. Co. v. Burton*, 549 U.S. ___ , 2006 U.S. LEXIS 9586 (2006*),* which plainly held that consideration of general goals of statutes of limitations cannot be utilized to apply such limitations broadly against the United States.  *Id*. at *31.  The court in *Cosens*, and defendants here, run afoul of the Supreme Court's explicit admonition in *Burton* in that they countenance an unprecedented and expansive application of the FCA's statute of limitations against the United States based on the perceived delay in prosecution and some generalized sense of the type of harm that underlies statutes of limitation.

The wholesale inability to justify dismissal of the relator's timely filed action points to two separate, but related, conclusions - first, as discussed above,  there is no basis for dismissal of the relator's complaint; and second, the *Cosens* panel improperly analyzed the statute of limitations issues regarding the United States in the unique context of *qui tam* suits.

### REFUSAL TO PERMIT A GOVERNMENT INTERVENTION COMPLAINT TO RELATE BACK TO AN INITIAL QUI TAM COMPLAINT VIOLATES THE PROCEDURAL REQUIREMENTS  AND INTENT OF THE FALSE CLAIMS ACT

Courts that have addressed the issue of the relation back of a government complaint to the initial *qui tam* complaint have determined that relation back is appropriate if the claims asserted in the government's pleading "arose out of the conduct, transaction or occurrence" set forth in the *qui tam* complaint, as required by Rule 15.  E.g., *United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69 , 76 (D.D.C. 2003);

*United States ex rel. Campbell v. Lockheed Martin Corp.*, 282 F. Supp. 2d 1324, 1336 (M.D. Fla. 2003)("Counts II through V of the Government's Complaint are based upon the same conduct, transaction, and occurrences regarding the SGB contract as alleged in the Relator's Complaint, and therefore under Federal Rule of Civil Procedure 15(c)(2) the Government's Complaint relates back to the Relator's Complaint and the Government's claims are timely."). Even in *United States ex rel. Health Outcomes Techs. v. Hallmark Health System, Inc.*, 409 F. Supp. 2d 43 (D. Mass. 2006), the court only declined to allow relation back of a government complaint to a relator complaint where the court determined that the underlying relator complaint had flagrantly improper venue as initially filed.  The court nonetheless held that the government complaint did relate back three years, to the date when the still-sealed relator complaint was transferred to the proper district. *Id*. at 52.  The net result of that holding is that a government complaint under the False Claims Act relates back to a properly filed relator's complaint. *Id*. Dey has raised no argument whatsoever that VAC's 1997 complaint was not properly filed or that the federal intervention complaint and VAC's companion complaint do not involve the same "conduct, transaction[s] or occurrence[s]" that were alleged in VAC's 1997 relator complaint.

The law is well settled that, if Congress determines to impose a statute of limitations against the sovereign, that statute will be construed narrowly and in favor of the sovereign. E.g., *BP Am. Prod. Co. v. Burton*, 549 U.S. ___ , 2006 U.S. LEXIS 9586 at *30  (2006). The statute that imposes the statute of limitations defendants invoke to dismiss the complaint is the FCA, and the entire statute must be examined and applied to give it the full effect intended by Congress. *Id*. at *31.  The FCA's provisions for sealing

the complaint and deferring service and prosecution of a case put the relation back provision of Rule 15(c)(1) clearly in play. Dey's unsupported contention that the Relator's and government's complaints should be dismissed on statute of limitations grounds would necessitate a wholesale judicial redrafting of the FCA - the statute which includes the statute of limitation at issue.

Rather than construe the statute narrowly and in favor of the United States, as required by *Burton* and an exhaustive line of cases preceding *Burton*, Dey asks that the court erroneously construe the FCA to impose a new and after-the-fact provision that would limit the time in which the government may investigate ongoing fraud and erase the FCA's express prohibition against the relator proceeding until permitted to do so by the court. Dey's position in this regard is clearly wrong. Moreover, in the context of this case, where Dey had considerable knowledge of the claims against it, actively participated in the pre-intervention process to put off, and if possible avoid the day the court would permit Ven-A-Care to proceed, and continued its fraudulent conduct at the expense of the Medicare and Medicaid programs, there is plainly no merit to defendants' request for this Court to reach out to fashion some protective remedy against the government prosecution.

Analysis of the relator's position in *qui tam* cases further demonstrates the erroneous nature of the *Cosens* court's conclusions regarding the *qui tam* statute. Because of the unique procedural provisions and dual-plaintiff nature of the *qui tam* statute, the refusal to permit relation back to a *qui tam* complaint leads to illogical or unanswered questions. For example, as noted above, how can the length of the government's investigation subsequent to a timely filing by relator serve to make the

8

relator's filing untimely?  Or what if the government investigation pushed the time limit out of compliance with the statute of limitations, but then the government decided to decline intervention?  There would be absolutely no basis on which to dismiss the relator's complaint on statute of limitations grounds.  Yet it is not rational to conclude that the same government time lag can create a statute of limitations issue for relator if the government intervenes, but not if it declines.[3]  The concept of not permitting a government intervention complaint to relate back to a timely relator's complaint also creates a conflict if the relator's complaint is filed just before expiration of the statute of limitations.  The FCA expressly provides the government with a 60 day seal period, with extensions, yet the *Cosens* rule could have the statute of limitations pretermit the action even before the statutory seal period expired.  The procedural morass that would be created by application of the *Cosens* rule plainly evidences that the rule does not reflect Congressional intent in fashioning the False Claims Act procedures.

## CONCLUSION

Relator, Ven-a-Care, strongly urges this Court to determine that the complaint filed by the United States is timely, for the reasons set forth in the United States' Memorandum in Opposition to Dey Defendants' Motion to Dismiss.  However, if this

---

[3]  Although one might suggest that in either circumstance, the relator could have opposed the government's requests for extensions of the seal, it would be pure speculation whether such opposition would have been justified or successful.  There is also no basis on which to impute any type of fault to a relator whose "lengthy cooperation merely reflects his all-too-rational desire to have the government on board in prosecuting his claim." *Sarmont*, supra, 2003 U.S. Dist. LEXIS 18729 at *14.  Further, as a matter of public policy, effective and efficient prosecution of False Claims Act suits will best be served by a concerted effort by relators and the government and the Court should be loathe to embrace a rule that would force relators to take positions adverse to the government.

Court decides that the government's complaint is untimely, there is no basis on which to dismiss VAC's timely filed complaint against the Dey Defendants. While Dey attempted to sidetrack the government's intervention, which also kept the stay on the relator in place, VAC continued to do its job as a relator - investigate Dey's ongoing fraud and file appropriate amendments to its complaint. The stay precluding VAC from proceeding has now been lifted and VAC should be permitted to proceed with its timely filed complaints.

Respectfully submitted,

By: /s/ Susan Schneider Thomas
Susan Schneider Thomas
PA Bar I.D. No. 32799
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000
sthomas@bm.net

James J. Breen
Florida Bar No: 0297178
Alison W. Simon
Florida Bar No. 0109568
THE BREEN LAW FIRM, P.A.
P. O. Box 297470
Pembroke Pines, FL 33029-7470
Telephone: 954-874-1635
Facsimile: 954-874-1705
jbreen@breenlaw.com
alisonsimon@breenlaw.com

Attorneys for the Relator
VEN-A-CARE OF THE FLORIDA KEYS, INC.