ORIGINAL FILED

MAR 2 5 2003

LOS ANGELES
SUPERIOR COURT

**Superior Court of the State of California**

**For the County of Los Angeles**

| | |
|---|---|
| The State of California ex rel. Ven-A-Care of the Florida Keys, Inc, <br><br> Plaintiff, <br><br> vs. <br><br> Abbott Laboratories, Inc. et al., <br><br> Defendants | **Case No.: BC287198 A** <br><br> **Assigned: Hon. Peter D. Lichtman** <br><br> **Court's Ruling re: Defendants' Motions to Dismiss For Failure To Serve Defendants Within Three Years of Commencement of the Action** <br><br> **Hearing Held: March 25, 2003** <br><br> **Submitted: March 25, 2003** |

On March 25, 2003, this Court heard the arguments of counsel with respect to Defendants Abbott Laboratories, Inc.'s; Wyeth Inc. 's and Wyeth Pharmaceuticals Inc.'s Motions to Dismiss For Failure To Serve Defendants Within Three Years of Commencement of the Action. Having read and considered all moving and opposing points and authorities (inclusive of the replies), this Court now proceeds with its ruling.

**Court's Ruling And Analysis**

By way of this motion the defendants seek dismissal of the instant qui tam action on the grounds that **CCP § 583.210 (a)** mandates dismissal where service of the action has not occurred within the three year time period set forth in the statute.

1    While seemingly simplistic, this Court does not share defendants' view that the
2    analysis involved is quite so facile.

4        The defendants' approach to the instant request for dismissal is as follows:

6        **The original complaint was filed against defendants on July 28, 1998. The**
7    **defendants were not served until January 2003, four and ½ years later.**

9        Accordingly, the defendants argue, *"If service is not made within the time*
10   *prescribed in this article . . . .the action shall be dismissed by the court on its*
11   *own motion or on motion of any person interested in the action . . .."*   CCP §
12   *583.250(a)(2).   Moreover, "the action shall not be further prosecuted and no*
13   *further proceedings shall be held in the action." CCP § 583.250(a)(1).*

15       This Court respectfully disagrees with not only the analytical approach taken by
16   the defendants but also the conclusion reached. To adopt the analysis proffered by
17   the defendants would be to ignore the intent of the statutory scheme behind the
18   prosecution of a qui tam action. The delay attributed to the State in this action is the
19   direct result of strict adherence to the safeguards afforded under the very statute the
20   defendants now assert mandates dismissal. To rule as defendants have requested
21   would require this Court to reach an illogical and unsupported conclusion.

23       Where a qui tam plaintiff initiates the lawsuit, the complaint remains under seal
24   while the Attorney General conducts an investigation to determine whether to
25   intervene. *Govt. Code § 12652(c)(2).*  That section provides for the action to remain
26   under seal for up to 60 days in order to permit intervention by the Attorney General.
27   Govt. Code § 12652 (c)(4).  This initial 60-day period *may be extended through*
28   *court approval based on a showing of good cause for the extension.   Govt.*

1  *Code § 12652 (c)(5)*. The time required will depend on the complexity of the matters
2  presented and in some instances the cooperation and conduct of the defendants
3  during the investigative phase.  *The qui tam complaint remains under seal during*
4  *the period of any court approved extensions, (Govt. Code § 12652(c)(5)) and is*
5  *not permitted to be served on defendants while it is under seal.  Govt. Code §*
6  *12652(c)(2).*
7
8      Here, defendants want the benefit of the statutorily mandated seal by not having
9  their name connected to a false claims action through the vehicle of a public record. In
10  fact, the statutory scheme set up for the prosecution of such actions is designed to
11  protect the named party from economic harm through bad or inappropriate publicity
12  based on mere allegations contained in a complaint. The Attorney General's office is
13  tasked with the responsibility of investigating and scrutinizing allegations of such a
14  volatile nature before deciding to intervene. During this time period the defendants'
15  identity is kept under seal and the action is not to be served. These statutory
16  safeguards are designed to protect the identity of the named defendants and at the
17  same time not embroil the named defendants in an action that would require the
18  expenditure of time and money until intervention, based on an appropriate
19  investigation, has occurred.
20
21      The moving defendants are not complaining about the safeguards of the
22  statutory scheme rather they are complaining that the investigation took too long and
23  thereby runs afoul of the three-year mandate upon which service is to be
24  consummated. Relying on *Govt. Code § 12652(c)(9)*, defendants argue that the false
25  claims act requires that the defendants be served within 3 years of the filing of the
26  complaint under seal.  Subdivision (c)(9) provides: *"the defendant shall not be*
27  *required to respond to any complaint filed under this section until 30 days after*
28  *the complaint is unsealed and served upon the defendant pursuant to section*

1  **583.210 of the Code of Civil Procedure."** The key portion of the statute is **"after the**
2  **complaint is unsealed".** This Court believes that the complaint must be unsealed
3  before the provisions of §583.210 are triggered.

4

5  Defendants' argument pits two portions of the same statute against one another
6  without reason.   For example, the defendants conclude that *Govt. Code §*
7  *12652(c)(9)* should be interpreted to require the complaint to be served during a
8  period expressly prohibited by another provision of the same statute*, Govt. Code §*
9  *12652(a)(2)* or alternatively, according to defendants, <u>section (c)(9) overrides section</u>
10 <u>(c)(5)</u>, which allows extensions of the seal for good cause. Fundamental statutory
11 construction does not permit such an interpretation or conclusion.

12

13  "Words must be construed in context, and statutes must be harmonized, both
14 internally and with each other, to the extent possible. Interpretations that lead to
15 absurd results or render words surplusage are to be avoided."  *Woods v. Young*
16 (1991) 53 Cal. 3d 315, 323.  The only way to harmonize section *CCP § 583.210* with
17 **Govt. Code § 12652(c)(9)** is to conclude that unsealing the complaint is a prerequisite
18 to commencement of the three-year service requirement.

19

20  To reiterate that which has been stated above, the purpose behind the sealing
21 portion of the false claims act is to allow the Attorney General to decide, in confidence,
22 whether to conduct an investigation and if so, to allow that investigation to proceed in
23 confidence.  Important reasons for the confidentiality of the seal include allowing the
24 prosecuting government authority an opportunity to (a) evaluate the lawsuit and the
25 facts underlying the suit; (b) determine whether the case is related to an ongoing
26 criminal investigation; and (c) evaluate the effects of intervening in the suit.  *U.S. ex*
27 *rel. Downy v. Corning, Inc.* (DNM 2000) 118 F. Supp. 2d 1160.  *U.S. ex rel. Mikes*
28 *v. Straus* (SDNY 1996) 931 F. Supp. 248 (the seal enables government entities to

Court's Ruling re: Defendants' Motions to Dismiss

1    investigate claims and decide **in secret** whether to take over prosecution of the
2    action).

4    Assuming arguendo that *CCP § 583.210 (a)* is applicable to the situation at bar,
5    the defendants have still failed to establish that a dismissal is warranted.  *CCP §*
6    *583.240* provides for the tolling of the three-year period under a number of
7    circumstances including: (a) the defendant was not amenable to the process of the
8    court; (b) the prosecution of the action was stayed and the stay affected service; or (c)
9    service for any other reason was impossible, impracticable, or futile due to causes
10   beyond the plaintiff's control.

12   The phase "amenable to the process of the court" within *CCP § 583.240(a)*
13   "refers to whether a party is subject to being served under the applicable constitutional
14   and statutory provisions, and not to a defendant's reasonable availability, as a
15   practical matter for service of process." *Watts v. Crawford* (1995) 10 Cal.4th 743.

17   Here, given court extensions of the seal throughout the period following the
18   filing of the qui tam complaint, service upon the defendants was statutorily prohibited.
19   *Govt. 12652(c)(2)*.  While the qui tam complaint was under seal, defendants thus
20   were not "amenable to the process of the Court" as defined by the California Supreme
21   Court in *Watts*.  Accordingly, time for service was tolled under *CCP § 583.240(a)*.

23   *CCP § 583.240(b)* excuses service while a stay is in effect and the stay affected
24   service. The prior court's extensions of the seal and concurrent prohibition of service
25   under *Govt. Code § 12652(c)(2) and (c)(5)* had the operative effect of a stay of the
26   proceedings.

27

28

1    Moreover, **CCP § 583.240(d)** excuses service where it is impossible, impractical

2 or futile to prosecute the action. The statutory scheme of the California False Claims

3 Act which encompasses the obligation of the Attorney General to conduct a thorough

4 investigation before deciding whether to intervene and prosecute the claims asserted

5 in the qui tam complaint, made it impossible or impracticable for plaintiffs to effect

6 service.

7

8                                    **Conclusion**

9

10    No matter which of this Court's analysis is pursued the conclusion is the same.

11 The defendants' motion to dismiss is denied.

12

13

14

15          MAR 2 5 2003

16 Dated: _____, 2003

17                                          PETER D. LICHTMAN
                                      _____
18                                          Peter D. Lichtman
                                          Judge of Superior Court
19

20

21

22

23

24

25

26

27

28