# ATTACHMENT 10

ENT
NO
JS6

FILED
CLERK, U.S. DISTRICT COURT
AUG - 5 2002
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

ENTERED
CLERK, U. S. DISTRICT COURT
AUG - 6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, DANIEL JORDAN,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION,<br><br>Defendant. | CASE NO.: CV 95-2985 ABC (Ex)<br><br>ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT No. 19 |

After reviewing the materials submitted by the parties and the case file, the Court DENIES Defendant's Motion for Summary Judgment No. 19.

The Court found the matter appropriate for submission without further oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the originally scheduled hearing date of March 25, 2002 was VACATED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The background of this case is well known to the parties and to the Court and need not be recited at length here.

The instant lawsuit began on May 4, 1995, when Daniel Jordan, the Relator, filed an original complaint under seal against Northrop Grumman Corporation ("Northrop" or "Defendant") pursuant

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3

639

to the qui tam provision of the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"). See Defendant's Statement of Uncontroverted Facts ¶ 2. The Relator filed a First Amended Complaint on May 22, 1996. See Government's Statement of Genuine Issues ¶ 3. The United States filed a notice of partial intervention on November 24, 1997. Id. On January 8, 1998, the Government filed a Second Amended Complaint. Id.; Defendant's Statement of Uncontroverted Facts ¶ 3. The Second Amended Complaint added for the first time the common law counts payment by mistake, unjust enrichment, breach of contract and fraud. See Defendant's Statement of Uncontroverted Facts ¶ 4. The Relator filed a Third Amended Complaint on March 2, 1998. The United States filed its Fourth Amended Complaint on June 18, 1998, id. at No. 120, and its Fifth Amended Complaint, the last complaint filed in this matter, on October 4, 1999. Id. at No. 225; Def's Exh. A.

The Government has sought damages and penalties as to some one hundred and seventy seven targets listed in Attachment A to the Fifth Amended Complaint that allegedly failed in operation, and for twenty-three of those targets, the DD Form 250 is admitted to have a date earlier than May 4, 1989. See Defendant's Statement of Uncontroverted Facts ¶ 6.

## II. STANDARD ON A MOTION FOR SUMMARY JUDGMENT

The Court may grant summary adjudication on a particular claim or defense under the same standards used to consider a summary judgment motion. See Fed. R. Civ. P. 56(a), (b); Pacific Fruit Express Co. v. Akron, Canton & Youngstown R.R. Co., 524 F.2d 1025, 1029-30 (9th Cir. 1975).

The party moving for summary judgment has the initial burden of establishing that there is "no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); see British Airways Bd. v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978); Fremont Indemnity Co. v. California Nat'l Physician's Insurance Co., 954 F. Supp. 1399, 1402 (C.D. Cal. 1997).

If the moving party has the burden of proof at trial (e.g., a plaintiff on a claim for relief, or a defendant on an affirmative defense), the moving party must make a "showing sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)). Thus, if the moving party has the burden of proof at trial, that party "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); see Calderone, 799 F.2d at 259.

If, as here, the opponent has the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party does not have the burden to produce **any** evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, . . . the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's

3

case."  Id. (citations omitted).

Once the moving party satisfies this initial burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings . . . [T]he adverse party's response . . . **must set forth specific facts** showing that there is a genuine issue for trial."  Fed. R. Civ. Pro. 56(e) (emphasis added).  A "genuine issue" of material fact exists only when the nonmoving party makes a sufficient showing to establish the essential elements to that party's case, and on which that party would bear the burden of proof at trial.  Celotex, 477 U.S. at 322-23.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in favor of the nonmovant.  Id. at 248.  However, the Court must view the evidence presented "through the prism of the substantive evidentiary burden."  Id. at 252.

### III.  DISCUSSION

Defendant's instant motion for partial summary judgment, based on the applicable statutes of limitation, seeks the following adjudication: (1) that the Government cannot seek damages or penalties based on the FCA for any alleged claims dated prior to May 4, 1989; (2) that the Government cannot seek damages or remedies, pursuant to the payment by mistake, unjust enrichment, and breach of contract claims for relief, for targets delivered by invoices for which the Government made payment prior to January 8,

4

1992 (six years before the Government's complaint-in-intervention); and that the Government cannot seek damages pursuant to the fraud claim for relief for targets delivered by invoices for which the Government made payment prior to January 8, 1995 (three years before the Government's complaint-in-intervention). Defendant contends that the Government cannot rely on tolling provisions in the applicable statutes of limitations in order to forestall operation of the time-bar to the Government's claims. See Motion at 2, citing 31 U.S.C. § 3731(b)(2)(tolling period based on Government lack of knowledge of material facts after reasonable diligence); 28 U.S.C. § 2416 (tolling rule for common counts). Defendant argues that Government knowledge of certain material facts on which the Government bases its case precludes tolling. See Motion at 2.

The Government argues that Defendant's motion should be denied because (1) the United States is entitled to the statutory tolling provisions under the FCA and common law and (2) all of the United States' claims relate back to the filing date of the relator's qui tam complaint.

**A. False Claims Act**

Defendant argues that under the application of the FCA's six-year statute of limitations period, it is entitled to a partial summary judgment that the Government may not obtain damages or penalties based on claims for payment presented to the Government prior to May 4, 1989. Defendant also asserts that the Government is not entitled to the alternative limitations period for those actions in which the Government's reasonable lack of knowledge tolls the limitations period.

5

The FCA statute of limitations provides:

> (b) A civil action under section 3730 may not be brought -
>
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3731(b).

Accordingly, the statute of limitation for a FCA is six years after the date on which the violation is committed. Under the tolling provision, a FCA action is barred if not brought within 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances.

The parties differ as to the relevant date of the violation and as to who is considered the "official of the United States charged with responsibility to act in the circumstances." See 31 U.S.C. § 3731(b)(2). Defendant, noting the split in the courts, contends that the majority rule is that the date of the claim rather than the date of accrual constitutes the relevant date. See Motion at n.4. The Government, on the other hand, contends that the relevant date is the date of payment of the claim. See Opp'n. at 4. The Court need not resolve this dispute as it cannot find, as a matter of law, that the Government is barred from invoking the statutory tolling provision as discussed below.

Defendant contends that the Government cannot rely on the tolling provision of the FCA to preclude application of the six-

year limitations period for two reasons. First, the "responsible officials" for purposes of Section 3731 of the FCA, and Section 2416, include the Administrative Contract Officers ("ACOs") for the Targets contracts and the Quality Assurance Representatives ("QARs") to whom the ACOs delegated certain quality assurance functions. See Motion at 8. Second, the ACOs and QARs for the targets program knew of or should have known of the "facts material to the right of action" at the very time the alleged claims against Northrop accrued. Id.

### 1. Responsible Officials

Defendant contends that the "responsible officials" for purposes of the FCA, include the ACOs for the Targets contracts and the Quality Assurance Representatives ("QARs") to whom the ACOs delegated certain quality assurance functions. See Motion at 8. Defendant cites an unpublished case as support for this proposition. The Government disagrees and argues that in FCA cases, the "responsible official" is an official within the Department of Justice. See Opp'n. at 6. The Government cites to a number of published cases, as well as legislative history as support. See Opp'n. at 6, citing United States v. Macomb Contracting Co., 763 F.Supp. 272, 274 (M.D. Tenn. 1990)("[T]he 'official of the United States charged with responsibility' could only have been the appropriate official of the Civil Division of the Department of Justice, which alone has the authority to initiate litigation under the Act."); S. Rep. No. 345, 99th Cong., 2d Sess. 30 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5295 ("[T]he statute of limitations does not begin to run until the material facts are known by an official within the Department of

Justice with the authority to act in the circumstances.")  The Government further contends that the relevant official of the United States did not know, nor reasonably should have known, of any of the "facts material to the right of action" until April 1995 at the earliest.  See Opp'n. at 9.  Special Agent Nancy Rich explains that the Naval Criminal Investigative Service ("NCIS") first learned of some of the material facts on March 30, 1995, when it interviewed a knowledgeable witness.  See Opp'n. at 9, citing Rich Decl. ¶ 3.  Special Agent Rich brought the allegations to the attention of the United States Attorneys' Office, Criminal Division, in April 1995.  Id. ¶ 5.  Dennis C. Egan, a Department of Justice Trial Attorney, was the first attorney assigned to the case when the Relator filed his complaint on May 4, 1995.  See Egan Decl. ¶¶ 1-2.  In his declaration, Egan confirms that the Department of Justice, Civil Division, was not aware of the conduct alleged in Relator's complaint until it was filed.  Id. at ¶¶ 3-5.

Based upon the legislative history, the Court finds that the relevant official is one withing the Department of Justice. However, even if the ACO and QAR were the "relevant officials," as posited by Northrop, Northrop has failed to show that the ACO or QAR knew or should have known that Northrop was knowingly submitting false claims.  Accordingly, the Government is entitled to seek to invoke the alternative limitations period for those actions in which the Government's reasonable lack of knowledge tolls the limitations period.

  2.  **Knowledge of Facts Material to the Right of Action**

Defendant contends that the ACOs and QARs for the Targets program knew or should have known of the matters on which this FCA

8

is based. Northrop contends that the ACOs' and QARs' knowledge is apparent because (1) Northrop approved and reviewed each of Northrop's quality assurance plans, (2) the ACO and QAR continually investigated and evaluated Northrop's quality procedures, (3) the QAR and ACO approved the level of "flow-down" to suppliers, (4) the ACO and QAR knew the targets were not meeting their reliable operating life of twenty flights and (5) the QAR and ACO knew that Northrop employees were improperly conducting inspections. The Court has addressed and rejected these arguments relating to the Government's knowledge in its August 5, 2002 Order Denying Defendant's Motions Nos. 2, 3 and 8, issued concurrently with the instant order. Accordingly, the Court will not address these arguments again, except to note that the Government has shown that genuine issues of fact exist regarding whether the ACOs or QARs knew or should have known of the matters on which the FCA claims are based.

**B.  Common Law Claims**

Defendant contends that certain of the Government's claims are barred by the applicable statute of limitations. Defendant argues that the Government is not entitled to damages for payment by mistake, unjust enrichment and breach of contract for claims for which the Government paid before January 8, 1992 (six years before the United States filed it Second Amended Complaint). See Motion at 1-2. Defendant argues that damages for common law fraud are precluded for claims for which the Government paid before January 8, 1995 (three years before the Government's Second Amended Complaint). Id.

The Government contends that Defendant's arguments must fail

9

because they are based on two erroneous applications of the law. First, the United States is entitled to the statutory tolling provision set forth in 28 U.S.C. § 2416(c). The Government asserts that it can show the existence of a factual dispute regarding when the United States knew or reasonably should have known of the material facts. Second, the United States' common law claims relate back to the filing date of the Relator's complaint. The Government asserts that the common law claims arise out of the same "conduct, transaction, or occurrence" as the Relator's complaint. Thus, the Government asserts that its claims for damages for payment by mistake, unjust enrichment and breach of contract for claims for which the Government paid before January 8, 1992 cannot be barred as a matter of law.

### 1. Statute of Limitations

The Government has alleged common law claims of payment by mistake, unjust enrichment, breach of contract and fraud. The statute of limitations for the Government's common law claims is set forth in 28 U.S.C. § 2415.

Under § 2415, every action for money damages founded on a contract or on money erroneously paid must be filed within six years after the right of action accrues. See 28 U.S.C. § 2415(a). The government's claims of payment by mistake, unjust enrichment and breach of contract are governed by this provision. According to 28 U.S.C. § 2415(b), claims founded on a tort must be filed within three years after the right of action first accrues. See 28 U.S.C. § 2415(b). Therefore, the Government's claim of common law fraud is subject to a three year statute of limitations.

Section 2416(c) sets forth a statutory tolling provision for

purposes of computing the statutes of limitations set forth in § 2415. Section 2416 provides for the exclusion of all periods during which "facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances." 28 U.S.C. § 2416(c). The period of time set forth in § 2415 does not begin to run, then, until the facts material to the right of action were known (or reasonably could have been known) by the relevant official.

**2.  Genuine Issues of Fact Exist Precluding a Judgment that the Government is Not Entitled to Tolling**

Generally, a limitation defense is an affirmative defense and the burden of proof is on the party asserting it. See e.g. Goldsmith v. Learjet, Inc., 90 F.3d 1490 (10th Cir. 1996)(applying state law); Bradford-White Corp. v. Whinney, 872 F.2d 1153, 1161 (3d Cir.), cert. denied, 493 U.S. 993 (1989)("[T]he statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant."). If the statute is applicable, the burden then shifts to the plaintiff to show a basis for tolling the period. See Van Buskirk v. Carey Canadian Mines Ltd., 760 F.2d 481 (3d Cir. 1985).

The Government contends that Northrop has the burden of proving its statute of limitations defense and argues that "Northrop has failed to meet its burden of showing that the United States did not exercise due diligence in uncovering the alleged wrongs or that it knew of the wrongs." See Opposition at 19. The Government cites to two unpublished district court cases as support for its position. Neither of these cases persuade the Court to

impose the burden posited by the Government on Defendant. The first case cited by the Government, United States ex rel. Colunga v. Hercules, Inc., No. 89-CV-954, 1998 WL 310481 (D. Utah 1998), essentially contradicts the Government's position as it noted that "Generally, a limitation defense is an affirmative defense and the burden of proof is on the party asserting it. If the statute is applicable, the burden then shifts to the plaintiff to show a basis for tolling the period." Id. at *1, citing Van Buskirk v. Carey Canadian Mines Ltd., 760 F.2d 481 (3d Cir. 1985). While the second case cited by the Government, United States v. Kensington Hospital, No. CV-90-5430, 1993 WL 21446 (E.D. Penn. 1993), supports the Government's argument, the Court declines to follow its holding. The Kensington court concluded that "the burden is on the defendant asserting a statute of limitations defense against the Government to show that section 2415 and 2416(c) together bar the Government's asserted cause of action." Id. at *5. While the Court is cognizant of the legislative history of 28 U.S.C. §§ 2415 and 2416, the Court is not convinced that the legislative history, which reveals that the general purpose of these sections is to equalize the rights of private litigants and the Government in civil actions, supports a blanket rule that the defendant always bears the burden of showing that the tolling provision in § 2416(c) is barred.

Defendant concedes that it has the burden to show that the applicable statute of limitations periods apply, but argues that the Government has the burden of proof as to tolling. See Reply at 4. The Defendant contends that "the Government should have carried its burden of proof to show tolling by submitting evidence in the

form of declaration or otherwise that relevant "responsible officials' did not know, and could not have known, of these allegations during the times the government contends the statutes were tolled." See Reply at 13.

The Court has rejected the Government's argument that Defendant has the burden of proof as to tolling. However, the Court is similarly unpersuaded by Defendant's argument that the Government should have carried its burden as to tolling by submitting declarations. The instant motion is Defendant's motion for summary adjudication that any of the Government's claims for payment by mistake, unjust enrichment, and breach of contract for which the Government made payment prior to January 8, 1992 are barred and that the Government's claims for fraud for which the Government made payment prior to January 8, 1995 are barred. Implicit in Defendant's motion is a request for adjudication that the §2416(c) tolling provision does not apply to the Government's claims. While at trial, the Government will have the burden to show that the tolling provision applies, at this stage the Government's burden is only to show that genuine issues of fact exist precluding an adjudication that the tolling provision does not apply. The Court finds that the Government has satisfied that burden and shown that genuine issues of fact exist concerning whether an official of the Government knew or reasonably could have known facts material to the right of action. See August 5, 2002 Order Re: Motions Nos. 2, 3 and 8.

**C. Relation Back**

It is undisputed that the Government's FCA claims relate back to the date when the Relator filed his complaint. See Opp'n. at

13

20. However, with respect to the common law claims, Defendant argues that those claims do not relate back to the date of Relator's complaint. The Government disagrees and argues that all of the Government's claims relate back to May 4, 1995.

The Court need not reach the relation back issue as it has found that the Government has raised a genuine issue as to whether the statutes of limitations on the common law claims were tolled.[1]

---

[1] The Court notes that if it were to reach the relation back issue, it would find, based on the evidence presently before the Court, that the Government's common law counts "relate back" to an earlier claim filed by the Relator. Both the policy behind the FCA and the decisions of other district courts persuade the Court that the Government's common law counts should "relate back."

First, the Court notes that it would be inequitable to find that the common law claims do not relate back to the date of the Relator's original complaint while the United States, pursuant to provisions of the FCA, is investigating the case when it is under seal. Second, the Court finds that an unworkable situation could arise if the Government were forced to bring common law claims before it had fully investigated the Relator's FCA complaint and made an intervention decision. For example, if the Government brought a suit under common law, then intervened in a separate FCA case, it would have two cases at once against the same defendant for the same conduct. Therefore, the practicalities of FCA litigation and the policy behind the FCA warrant that the common law claims relate back to the filing date of Relator's complaint.

In addition, other district courts have permitted common law claims to "relate back" to a relator's earlier complaint in similar cases. For example, in United States ex rel. v. Flanagan v. Baptist Health Sys., Inc., No. CV-97-B-3070-S, slip op. at 29-33 (N.D. Ala. March 20, 2001), the court permitted the Government's common law claims to relate back to the date of the relator's complaint because it arose out of the same alleged conduct as the claims in the relator's complaint. See Government's Request for Judicial Notice, Exh. F. The court characterized the state law misrepresentation claim as an amendment to the complaint originally filed by the relator. Id. at 32. The court also noted that if the Government's claims for unjust enrichment and payment by mistake had been outside the statute of limitations, they would also relate
(continued...)

¹(...continued)
back. Id. at 32 n.15. The Court rejects Defendant's objection to this case on the ground that it applies "relation back" tests for new plaintiffs that are different from the applicable Ninth Circuit test. First, Defendant has failed to set forth any Ninth Circuit test which covers the facts of the instant case. Second, the Ninth Circuit case on which Defendant relies, In re Syntex Corp. Securities Litigation v. Syntex Corp., 95 F.3d 922 (9th Cir. 1996), involved a securities class action suit, not a FCA case.

The case cited by Defendant to support its argument that common law claims do not "relate back" to an earlier complaint, United States v. Reagan, No. CIV 97-169, 1999 U.S. Dist. LEXIS 22287 (D. Ariz. April 19, 1999), is unpersuasive. In Reagan, the relator filed a FCA complaint on April 22, 1994, and the Government declined to intervene on June 1, 1995. The relator proceeded to litigate the case, and the district court dismissed the relator's case on grounds that the relator was not a proper relator. Id. at *4. The relator appealed to the Ninth Circuit. At that time, the Government sought to leave to intervene, which was granted. Id. at *5. The Government filed an amended complaint on January 30, 1998, alleging FCA violations and adding a common law claim for unjust enrichment. Id. at *6. The defendants argued that the Government's amended complaint did not relate back to the realtor's complaint. The court held that the FCA claims do relate back, but that the unjust enrichment claim did not. Id. at *13-15. In its holding that the common law claim did not relate back, the court relied on the fact that the Government had once declined to intervene. Reagan is distinguishable from the instant case. In Reagan, the Government first declined to intervene, then filed an amended complaint two-and-a-half years after its declination. Here, the Government asserted its common law claims promptly after intervention. The defendants in Reagan litigated for years against the FCA claims before the unjust enrichment claim was asserted, and might have been prejudiced if it had to begin a new defense at that stage. Here, by contrast, any prejudice to Defendant was minimized because the Government asserted its common law claims promptly after its intervention.

## IV. CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant's Motion for Summary Judgment Based on Applicable Statutes of Limitation.

DATED: _Aug 5, 2005_

_____
**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**

16