**ATTACHMENT 12**



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
AND STATE OF FLORIDA,
ex rel.
LOUIS H. MUELLER,

     Plaintiffs,

v.                                                    **Case No. 95-2030-CIV-T-17C**

ECKERD CORPORATION,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS AND TO STRIKE

     This cause comes before the Court on Defendant, Eckerd Corporation's (hereinafter "Eckerd"), motion to dismiss (Docket No. 52), and Plaintiffs United States of America and the State of Florida's (hereinafter, collectively, the "Government"), response thereto (Docket No. 58).

     The complaint in this action against Eckerd contained the following causes of action: 1) recovery under the federal False Claims Act; 2) recovery under the Florida False Claims Act; 3) payment by mistake of fact; 4) unjust enrichment; and 5) breach of contract.

     The Defendant's motion to dismiss asserts that Counts I and II fail to

1

CASE NO. 95-2030-CIV-T-17C

state a claim.  A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

Defendant's motion asserts that Counts I and II are impermissibly overbroad.  In Count I, the United States seeks recovery under the federal False Claims Act, 31 U.S.C. § 3729(a)(1) , and in Count II, the State of Florida seeks recovery under the Florida False Claims Act,  Fla. Stat. § 68.082(2)(a). The Florida False Claims Act, is modeled after, and tracks the language of, the federal False Claims Act.  The federal False Claims Act authorizes the United States to file suit against any person who "knowingly presents, or causes to be presented ...a  false or fraudulent claim for payment or approval...[or] knowingly makes, uses, or causes to be made or used, a false record or sta*t*ment to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. §3729(a)(1)-(2).  "A false statement made with the purpose and effect of inducing the Government to immediately part with money" and "all fraudulent attempts to cause the government to pay out sums of money" may be deemed false claims. *United States v. Neifert-White,* 390

2

CASE NO. 95-2030-CIV-T-17C

U.S. 228, 230-33 (1968). The Government need only allege that the claim is fraudulent or false, not that there was an intent to deceive under the false claims act. *United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991).

In its Complaint, the Government alleges Eckerd pharmacists were required by the Eckerd Corporation, in its official operating procedures, to bill government health insurance programs for the full quantity of medication prescribed when a prescription was only partially filled. Whenever there was insufficient stock of a prescription, Eckerd presented a false or fraudulent claim to the Government for quantities of the medication that exceeded the amount that was actually given to the customer. The claims arose when the pharmacist filed an electronic request for payment for a prescription. In reviewing a motion to dismiss, the court is required to accept all allegations of the claim as true. *Scheuer*, 416 U.S. at 236. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*

Defendant contends that Counts I and II of the complaint lack the particularity required by Fed.R.Civ.P. 9(b). The rule imposes a heightened pleading burden whenever fraud is alleged in order to provide defendants with fair notice of the claims. *Bernstein v. Crazy Eddie, Inc.*, 702 F.Supp. 962

3

CASE NO. 95-2030-CIV-T-17C

(E.D.N.Y. 1988)(vacated on other grounds)(*In Re Crazy Eddie Securities Litigation*, 714 F.Supp. 1285 (E.D.N.Y. 1989)). Fed.R.Civ.P. 9 must be read in harmony with Fed.R.Civ.P. 8, which simply requires the Plaintiff to make a short and plain statement of the claim entitling him to relief. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).

The object of Fed.R.Civ.P. 9 is to ensure that a plaintiff provide a description of the claim sufficient to permit the defendant to intelligently answer the complaint. Courts have dismissed cases where the complaint failed to identify the individuals who made the alleged fraudulent representations or where the complaint failed to identify specific instances of the time and place of each act of fraud. *See United States ex rel. DeCarlo v. Kiewit/AFC Enters, Inc.*, 937 F.Supp. 1039 (S.D.N.Y. 1996); *United States ex rel. Alexander v. Dyncorp., Inc.*, 924 F.Supp. 292 (D.D.C. 1996). However, the case at hand requires the application of a more relaxed standard of the rule. A less stringent application of the rule should be applied where strict application would result in unfairness to plaintiffs who could not be expected to have detailed knowledge of all circumstances surrounding the fraud. *NCR Credit Corp. v. Reptron Electronics, Inc.* 155 F.R.D. 690, 692 (M.D. Fla. 1994). In the instance case, the relevant facts lie within the knowledge and control of the opposing party. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th

4

CASE NO. 95-2030-CIV-T-17C

Cir. 1990).

This Court also recognizes that if the alleged fraud occurred over an extended period of time and the acts were numerous, the specificity requirements of Rule 9(b) are less stringently applied. *In re Sunrise Securities Litigation,* 793 F.Supp. 1306, 1312 (E.D. Pa. 1992); *Onesti v. Thomson McKinnon Sec., Inc., 619 F.Supp. 1262, 1265* (N.D. Ill. 1985). Indeed, requiring the Government to plead each one of the thousands of prescriptions that Eckerd allegedly partially filled but billed to government insurance companies as if full prescriptions, over the course of more than ten years, would be unduly burdensome.

Defendant contends that *State of California ex rel. Mueller v. Walgreen Corporation,* -- F.R.D. -- 1997 WL 697250 (N.D. Cal. 1997), involving a similar false claim suit under California law is directly on point. This Court disagrees. The relator in that case claimed that Walgreens submitted false claims to the California Medicaid program (Medi-Cal) for the full cost of prescriptions and failed to reimburse the state for those portions which were returned to stock. *Id.* The case was dismissed for failing to meet the pleading requirement of 9(b) because the complaint failed to identify any specific false billing to Medi-Cal for any specific prescription at any specific store. *Id.* The allegations relied on the relator's assertion of the fraud. The case before this Court differs

5

CASE NO. 95-2030-CIV-T-17C

because the Government has shown specific prescriptions that were partially
filled and marked on as such by Eckerd pharmacists.   (See Exhibits G1 and
G2). Additionally, Eckerd's own store policies indicate that third party
prescriptions that are partially filled should be entered as the full and original
amount into the pharmacy terminal. (Exhibit F).   Furthermore, Eckerd
requires that the pharmacist maintain medication in stock a minimum of 85 %
of the time for all prescriptions to third party beneficiaries. (See Exhibit D).
Eckerd's own corporate policy acknowledges the practice of partially-filling
prescriptions.  The specific instances where pharmacists short-filled
prescriptions occurring at Eckerd pharmacies should be left to the discovery
process.  The Government, in the case before this Court, has specified the
who, when, and where to the extent necessary to plead Counts I and II with
particularity.

Defendant contends Count III (Payment by Mistake of Fact) and Count
IV (Unjust Enrichment) should be dismissed because the economic loss
doctrine is applicable.  Indeed, there must be damages distinct from the
damages resulting from the alleged breach of contract in order not to be barred
by the economic loss doctrine. *Serina v. Albertson's Inc.*, 744 F.Supp. 1113
(M.D. Fla. 1990). As this court has stated previously in *Anthony Distributors,
Inc. v. Miller Brewing Co.*, 904 F.Supp. 1363, 1366 (M.D. Fla. 1995), the

6

CASE NO. 95-2030-CIV-T-17C

economic loss doctrine bars the Plaintiffs' claim for both breach of contract and
unjust enrichment because the action arises from the same purported
agreement, same breach, and result in the same economic damages. This
Court finds that the economic loss doctrine applies to claims for breach of
contract and payment by mistake on the same principle.  Therefore, Eckerd's
Motion to Dismiss Counts III and IV is granted on the grounds that the cause
of action alleged for payment by mistake and unjust enrichment are barred by
the economic loss doctrine.  Consequently, Eckerd's motion to strike damage
claims in Counts III and IV is rendered moot.

Because Counts III and IV are barred by the economic loss doctrine, it
is unnecessary for this Court to address Eckerd's additional grounds for
dismissal for failure to plead with particularity and for alleging quasi-contractual
claims where an express contract exists.

Motion to Strike

Defendant Eckerd has moved to strike the damages claim for Count V,
asserting a five year Florida state statute of limitations applics. The
Government's claim for breach of contract is governed by a six year statute of
limitations under 28 U.S.C. §2415(a) because it constitutes an action for
money damages brought by the United States for breach of any contract
express or implied in law or fact.  State statute of limitation periods should only

7

CASE NO. 95-2030-CIV-T-17C

be applied where there is no controlling federal limitations period. *County of Oneida, N.Y. v. Oneida Indian Nation of New York State,* 470 U.S. 226, 240-41 (1985).   Additionally, Relator Louis H. Mueller filed this *qui tam* action within the statute of limitations period.  The Government's complaint filed on February 3, 1998, "relates back" to the date of the relator's complaint pursuant to Rule 15(c), Fed.R.Civ.P.  *United States ex rel. Bayarsky v. Brooks,* 210 F.2d. 257, 259 (3d Cir. 1954).  Accordingly, it is

ORDERED that the motion to dismiss (Docket No. 52) Counts III and IV of the complaint be **granted**, the motion to dismiss Counts I, II, and V be **denied**; motion to strike (Docket No. 52) Count V **denied**; motion to strike Counts III and IV **denied** as moot.  The Defendant shall have ten (10) days from this date in which to answer the complaint.

DONE and ORDERED in Chambers, in Tampa, Florida, this ___ day of September, 1998.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

8

# ATTACHMENT 13

**Captions of Dey Cases**

<u>Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc. et al.</u>,
No. 06-CV-4514, (E.D.PA. 2006)

<u>State of Hawaii v. Abbott Laboratories, Inc., et al.</u>,
Circuit Court of the First Circuit, State of Hawaii, Civil No. 06-1-0720-04

<u>State of Alaska v. Abbott Laboratories, Inc. and Dey, Inc.</u>,
Alaska Superior Court, Third Judicial District at Anchorage, Case No. 3AN-06-12296 CI

<u>The City of New York v. Abbott Laboratories, Inc., et al.</u>,
No. 1:04-cv-12264-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>The People of the State of Illinois v. Abbott Laboratories, Inc., et al.</u>,
No. 1:05-cv-12492-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.</u>,
No. 1:05-cv-12495-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>The State of Arizona v. Abbott Laboratories, et al.</u>,
No. 1:06-cv-11069-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>State of Connecticut v. GlaxoSmithKline PLC, et al.</u>,
No. 1:03-cv-11348-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>County of Essex v. Abbott Laboratories, Inc., et al.</u>,
No. 1:05-cv-12393-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>County of Niagara v. Abbott Laboratories, Inc., et al.</u>,
No. 1:05-cv-11578-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>County of Albany v. Abbott Laboratories, Inc., et al.</u>,
No. 1:05-cv-11182-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>State of Florida et al. v. Boehringer Ingelheim Corp., et al.</u>,
No 1:06-cv-12160-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>State of Nevada v. Abbott Laboratories, et al.</u>,
No. 1:02-cv-12085-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)

<u>State of Montana v. Abbott Laboratories, et al.</u>,
No. 1:02-cv-12084-PBS (1:01-cv-12257-PBS J.P.M.L. D. Mass. 2006)