# EXHIBIT 1

## Skibell, Reid

**From:** Skibell, Reid
**Sent:** Tuesday, January 30, 2007 11:50 AM
**To:** 'Jeniphr Breckenridge'
**Cc:** Duffy, James J.
**Subject:** RE: Great Falls Clinic Deposition

Jeniphr,

I am happy to discuss the matter, but the nature of your complaint is not entirely clear to me. I have consistently explained that we would be compelled to take these depositions if you could not agree to stipulate to the authenticity of a limited number of documents produced by Snyders Drugstores and the Great Falls Clinic, such as signed provider agreements, as business records. Moreover, you were notified by File & Serve as to the date of these depositions, but never objected. Is the problem now that you have conflict with a particular deposition date? If so, we can try to find something that is mutually agreeable and works for the deponent.

Regards,

Reid

Reid Skibell
Davis Polk & Wardwell
450 Lexington Ave.
NY, NY 10017
(212)450-4634

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

# EXHIBIT 2

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) State of Nevada v. American Home ) Products, et al., CA No. 02-CV-12086-PBS; ) | NO. 1456 Civil Action No. 01-CV-12257-PBS Judge Patti B. Saris |

## STIPULATION REGARDING AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY NON-PARTY MGM MIRAGE

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties that:

1. MGM Mirage, a non-party in the above-referenced litigation, produced, pursuant to timely subpoenas of which the parties have received notice, the following six documents: Contract between Mandalay Resort Group and Catalyst Rx, effective March 1, 2003, Bates No. MGMM 000079-96; Contract between MGM Grand Hotel and Catalyst Rx, dated December 20, 1999, Bates No. MGMM 000097-118; Contract between MGM Mirage and Catalyst Rx, dated July 7, 2004, Bates No. MGMM 000196-214; MGM Mirage Request for Proposal, dated August 28, 2003, Bates No. MGMM 000300-309; Contract between New York-New York Hotel & Casino and Catalyst Rx, dated July 20, 2000, Bates No. MGMM 000397-413; and Contract between Mirage Resorts Incorporated and Catalyst Rx, effective February 1, 1998, Bates No. MGMM 000414-426. ("MGM Contracts and RFP")

2. The MGM Contracts and RFP are genuine and authentic within the meaning of Fed. R. Evid. 901 and true and correct copies of MGM Mirage's business records, and are admissible as such under Fed. R. Evid. 803(6).

3. MGM Mirage has also produced the following two documents, pursuant to timely subpoenas of which the parties have received notice: Health Claim Auditors Audit Report of Catalyst Rx, dated July 2003, Bates No. MGMM 000246-299 ("HCA Audit Report"); and Letter to Chris Campbell from Michael Jacobs, Buck Consultants, dated September 29, 2005, Bates No. MGMM 000471-475 ("Buck Letter").

4. The HCA Audit Report is genuine and authentic within the meaning of Fed. R. Evid. 901 and admissible for the purpose of establishing that in or about June 2003 an audit of Catalyst Rx was performed by Health Claim Auditors on MGM Mirage's behalf. The parties reserve their respective rights to seek admission of the HCA Audit Report for any purpose other than that identified in this paragraph 4, or to challenge such admission in the event that the HCA Audit Report is offered into evidence for any other purpose.

5. The Buck Letter is genuine and authentic within the meaning of Fed. R. Evid. 901 and admissible for the purpose of establishing that in or about September 2005, a third party consultant began providing assistance to MGM Mirage with the analysis and negotiation of PBM contracts. The parties reserve their respective rights to seek admission of the Buck Letter for purposes other than that identified in this paragraph 5, or to challenge such admission in the

event the Buck Letter is offered into evidence for any other purpose.

Dated December 7, 2006

Jeniphr A. E. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 224-9325

*Counsel for Plaintiff*

Dated December 4, 2006

Samuel N. Lonergan
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-7591

*Counsel for Defendant*
 *Novartis Pharmaceuticals Corporation*

# EXHIBIT 3

## Skibell, Reid

**From:** Skibell, Reid
**Sent:** Thursday, December 14, 2006 4:34 PM
**To:** 'Jeniphr Breckenridge'
**Cc:** Tim Terry; Duffy, James J.
**Subject:** RE: Document Authentication

Jeniphr,

While these two entities were not explicitly part of the Mirage motion, depositions for them were previously noticed. The documents we would like to authenticate are fairly discrete, so hopefully a stipulation will be possible. Attached are the Bates numbers, and I look forward to hearing back from you about them.

From the Great Falls Clinic:

1. GFC0000149-151

2. GFC0000040-76

3. GFC0000077-80

4. GFC0000026

From Snyder's Drug Stores:

1. SNYDER0000001-563

2. SNYDER0000574-587

3. SNYDER0001380

Reid Skibell
Davis Polk & Wardwell
450 Lexington Ave.
NY, NY 10017
(212)450-4634

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

# EXHIBIT 4

## Skibell, Reid

**From:** Skibell, Reid
**Sent:** Thursday, June 29, 2006 10:05 AM
**To:** 'Jeniphr Breckenridge'
**Subject:** RE: Snyder's Production

Dear Jeniphr,

From my understanding, the document is from 2004 and covers all of their pharmacies, not just Nevada. Feel free to give me a call, but that is all I know about the document. I hope that answers your questions.

Reid


Reid Skibell
Davis Polk & Wardwell
450 Lexington Ave.
NY, NY 10017
(212)450-4634

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

# EXHIBIT 5

## Skibell, Reid

**From:** Jeniphr Breckenridge [Jeniphr@hbsslaw.com]
**Sent:** Thursday, January 18, 2007 7:42 PM
**To:** Skibell, Reid
**Cc:** Tim Terry; Duffy, James J.; Carrie Flexer; Bovingdon, Ali
**Subject:** RE: Great Falls Clinic and Snyders Drug Store, Inc. Document Authentication

Reid.

We cannot agree with defendants' position. Defendants issued dozens of non-party subpoenas for documents and depositions more than one year ago.
Under the rationale you give, this means that the defendants have the right to take dozens of additional non-party depositions pursuant to the aging subpoenas.
In addition, we cannot determine the authenticity of many of the pages defendants seek to admit and they do not appear admissible.

Jeniphr

Jeniphr Breckenridge
Partner | Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Seattle, Washington 98101
206.224.9325 (direct)
206.623.7292 (firm)
206.623.0594 (fax)
www.hagens-berman.com

# EXHIBIT 6

## DAVIS POLK & WARDWELL

1300 I STREET, N.W
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4634

MESSETURM,
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

January 19, 2007

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation**

Tyler Moss
Jardine, Stephenson, Blewett & Weaver, P.C.
300 Central Ave
P.O. Box 2269
Great Falls, MT 59403-2269

Dear Tyler:

    Following up on our prior discussions, I am writing to confirm that Defendants in the above-referenced litigation will depose a representative of the Great Falls Clinic on January 30, 2007 for the purpose of authenticating certain documents produced by the Clinic. The deposition is scheduled to begin at 1 p.m. Mountain Time. The deposition can be taken at your offices or, in the alternative, at another location that is convenient for the deponent. Defendants will be participating by telephone. Please let me know where you would prefer the deposition to occur, and I will make the necessary arrangements with the court reporting service.

                                                  Kind regards,

                                                  L. Reid Skibell

cc:   All Counsel of Record via LexisNexis File & Serve

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4634

MESSETUR:
60306 FRANKFURT AM Jan 19 2007
 8:01PM

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

January 19, 2007

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation**

Jodi Robinson
Snyders Drugstores
14525 Highway 7
Minnetonka, MN 55345

Dear Jodi:

  Following up on our prior discussions, I am writing to confirm that Defendants in the above-referenced litigation will take your deposition on January 31, 2007 for the purpose of authenticating certain documents produced by Snyders Drugstores. The deposition will begin at 1 p.m. Central Time and will take place at your offices. Defendants will be participating by telephone. Please let me know if you have any questions.

            Kind regards,

            L. Reid Skibell

cc:   All Counsel of Record via LexisNexis File & Serve

# EXHIBIT 7

**Skibell, Reid**

| | |
|---|---|
| **From:** | Jeniphr Breckenridge [Jeniphr@hbsslaw.com] |
| **Sent:** | Monday, January 29, 2007 9:14 PM |
| **To:** | Skibell, Reid |
| **Subject:** | Re: Great Falls Clinic Deposition |

We do not have notice of these depositions and we object.   You had notice of our objections. We will pursue this further with you tomorrow.

1

# EXHIBIT 8

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT<br>212 450 4803 | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | | 3A CHATER ROAD<br>HONG KONG |

January 31, 2007

Re: **State of Montana v. Abbott Labs, Inc.,** *et al.* **(CV-02-12084-PBS);
State of Nevada v. American Home Products, Corp.,** *et al.* **(CV-02-12086-PBS)**

<u>By Electronic Mail and LexisNexis File & Serve</u>
Jeniphr A. E. Breckenridge
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Dear Jeniphr:

I am writing to respond to your letter dated January 30, 2007 (the "January 30 Letter"), in which you object to Defendants deposing representatives of the Great Falls Clinic and Snyders Drugstores in the above-referenced litigations. Simply put, your objections are without merit.

We do not agree with your assertion that these depositions "were not timely noticed pursuant to CMO No. 10." January 30 Letter at 1. The Great Falls Clinic and Snyders Drugstores depositions were scheduled to take place on January 30 and 31, 2007, respectively. On January 19, 2007, we sent to all counsel of record via LexisNexis File & Serve—including counsel for Plaintiff—letters conveying the dates and times for these depositions (attached as Exhibits 1 and 2). Instead of responding that such dates and times were not convenient for Plaintiff, you chose to file an emergency motion for a protective order the day before the first of these depositions was scheduled to occur. Moreover, such a motion is untimely pursuant to Case Management Order ("CMO") No. 10, which states that "[a]ny motion for a protective order shall be filed at least five working days before the scheduled deposition." CMO No. 10 ¶ II.7.

In your letter, you also object to Defendants deposing Great Falls Clinic and Snyders Drugstores "on the basis that discovery in these cases closed nearly one year ago." January 30 Letter at 1. As you know, both of these depositions were noticed well before the discovery deadline in the above-referenced litigations. As you also know, Defendants intend to depose representatives of the Great Falls Clinic and Snyders Drugstores solely for the purpose of authenticating a limited number of documents that were produced by these entities. We have

Jeniphr A. E. Breckenridge         2         January 31, 2007

held off deposing these third parties, in part, because we have been attempting to negotiate a stipulation with you concerning the authenticity of these documents, similar to the stipulation that you previously agreed to regarding the authenticity of certain documents produced by MGM Mirage. Because you would not agree to such a stipulation, it was necessary for Defendants to proceed with these depositions.

Finally, Defendants are not aware of any rule—local or otherwise—or Case Management Order in the above-referenced litigations that would automatically suspend the Great Falls Clinic and Snyders Drugstores depositions. However, out of deference to the Court while the States of Montana's and Nevada's emergency motion for a protective order is pending, we have voluntarily postponed these depositions. We will respond to your objections in greater detail in Defendants' response to the States' emergency motion for a protective order.

Sincerely,

James J. Duffy

cc:    All counsel of record via LexisNexis
       File & Serve