UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| | ) |
| IN RE PHARMACEUTICAL INDUSTRY | ) MDL No. 1456 |
| AVERAGE WHOLESALE PRICE | ) |
| LITIGATION | ) Civil Action No. 01-CV-12257-PBS |
| | ) |
| THIS DOCUMENT RELATES TO | ) |
| | ) Judge Patti B. Saris |
| *State of Nevada v. American Home Prods.* | ) |
| *Corp., et al.,* | ) |
| D. Nev. Cause No. CV-N-02-0202-ECR | ) |
| | ) |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants hereby move this Court for leave to file the Supplemental Declaration of

John H. Ray III, for Documents Filed Under Seal in Support of Defendants' Joint Motion for

Summary Judgment in the Nevada Action under seal.  As grounds for this Motion, Defendants

state:

1.      Defendants are on this date filing a Joint Memorandum of Law in Support of their

Motion for Summary Judgment as to the Nevada action along with the statement of undisputed

material facts called for by Local Rule 56.1.

2.      Defendants' Statement of Undisputed Material Facts references the Supplemental

Declaration of John H. Ray, III for Documents Filed Under Seal in Support of Defendants' Joint

Motion for Summary Judgment in the Nevada Action (the " Supplemental Ray Declaration").

The Supplemental Ray Declaration attaches various exhibits.

3.      Pursuant to the Protective Order entered by this Court on December 13, 2002 (the

"Protective Order") both the parties in the above-captioned case and non-party witnesses have

designated many documents and other information produced in this litigation as either

-1-

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Pursuant to paragraph 15 of the

Protective Order, any document or pleading containing materials designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be filed under seal.

    4.    Because the exhibits to the Supplemental Ray Declaration have been designated

as CONFIDENTIAL or HIGHLY CONFIDENTIAL, Defendants have filed the Supplemental

Ray Declaration under seal.  Specifically, the exhibits referenced below include references to

pricing data and/or other information that Defendants and non-party witnesses deem highly

proprietary in nature.  The Supplemental Ray Declaration contains the following documents

which Defendants submit under seal:

    a.    attached at Tab 85 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of Emmanuel Ebo.

    b.    attached at Tab 86 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of Laurie Olson.

    c.    attached at Tab 87 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of Rose Jacobs Svitak.

    d.    attached at Tab 88 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of William E. Groth.

    e.    attached at Tab 89 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of Raymond S. Hartman, Volume 1.

    f.    attached at Tab 90 to the Supplemental Ray Declaration is a true and

correct copy of excerpts from the Deposition of Raymond S. Hartman, Volume II.

g.     attached at Tab 91 to the Supplemental Ray Declaration is a true and correct copy of the Declaration of Raymond S. Hartman, Calculation of Damages and Penalties for the State of Nevada.

h.     attached at Tab 92 to the Supplemental Ray Declaration is a true and correct copy of the Declaration of Raymond S. Hartman in Support of Plaintiff's Motion for Class Certification.

i.     attached at Tab 93 to the Supplemental Ray Declaration is a true and correct copy of the Declaration of Raymond S. Hartman in Opposition to Defendants' Motions for Summary Judgment.

j.     attached at Tab 94 to the Supplemental Ray Declaration is a true and correct copy of Exhibit 2 from the Deposition of Michael Willden, Volume 1.

k.     attached at Tab 95 to the Supplemental Ray Declaration is a true and correct copy of Exhibit 8 from the Deposition of Michael Ginder.

l.     attached at Tab 96 to the Supplemental Ray Declaration is a true and correct copy of a Letter from C. Rice to T. Terry, dated Jun. 13, 2000.

m.     attached at Tab 97 to the Supplemental Ray Declaration is a true and correct copy of a Letter from J. Hoffman to T. Terry, dated Jun. 21, 2000.

WHEREFORE, Defendants respectfully request that the motion for leave to file the aforementioned submission under seal be GRANTED.

*Respectfully submitted on behalf of the Nevada II Defendants,*

   /s/   Christopher R. Dillon
Brien T. O'Connor (BBO# 546767)
Christopher R. Dillon (BBO# 640896)
Carisa A. Klemeyer (BBO# 655045)
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  February 8, 2007

- 5 -

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation conferred with counsel for Plaintiff State of Nevada on February 6, 2007, in a good faith effort to resolve or narrow the issues set forth herein, and counsel to the State of Nevada indicated that the State of Nevada does not assent to this motion.

/s/   Christopher R. Dillon

## CERTIFICATE OF SERVICE

I, Christopher R. Dillon, hereby certify that a true copy of the foregoing document was served upon all counsel of record electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this 8th day of February, 2007, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

/s/   Christopher R. Dillon