# EXHIBIT 21



EXHIBIT
16
7/22/06 Poulse

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO. 0938-0193

## TRANSMITTAL AND NOTICE OF APPROVAL OF STATE PLAN MATERIAL
### FOR: HEALTH CARE FINANCING ADMINISTRATION

| 1. TRANSMITTAL NUMBER: | 2. STATE: |
|---|---|
| 0 - 0 - 0 - 0 - 3 | MONTANA |

3. PROGRAM IDENTIFICATION: TITLE XIX OF THE SOCIAL SECURITY ACT (MEDICAID)

TO: REGIONAL ADMINISTRATOR
HEALTH CARE FINANCING ADMINISTRATION
DEPARTMENT OF HEALTH AND HUMAN SERVICES

4. PROPOSED EFFECTIVE DATE

10/1/2000

5. TYPE OF PLAN MATERIAL (Check One):

☐ NEW STATE PLAN   ☐ AMENDMENT TO BE CONSIDERED AS NEW PLAN   ☒ AMENDMENT

COMPLETE BLOCKS 6 THRU 10 IF THIS IS AN AMENDMENT (Separate Transmittal for each amendment)

| 6. FEDERAL STATUTE/REGULATION CITATION: | 7. FEDERAL BUDGET IMPACT: |
|---|---|
| 42 CFR 447. 325-334 | a. FFY _____ $ 0 <br> b. FFY _____ $ 0 |

| 8. PAGE NUMBER OF THE PLAN SECTION OR ATTACHMENT: | 9. PAGE NUMBER OF THE SUPERSEDED PLAN SECTION OR ATTACHMENT (If Applicable): |
|---|---|
| Attachment 4.19B  Service 12a <br> Outpatient Drug Services | Attachment 4.19B  Service 12a <br> Outpatient Drug Services |

10. SUBJECT OF AMENDMENT:

Outpatient Drug Services

11. GOVERNOR'S REVIEW (Check One):

☐ GOVERNOR'S OFFICE REPORTED NO COMMENT
☐ COMMENTS OF GOVERNOR'S OFFICE ENCLOSED
☐ NO REPLY RECEIVED WITHIN 45 DAYS OF SUBMITTAL

☒ OTHER, AS SPECIFIED:
Single State Agency Director

| 12. SIGNATURE OF STATE AGENCY OFFICIAL: | 16. RETURN TO: |
|---|---|
| *[signature]* | Department of Public Health & Human Services <br> Laurie Ekanger, Director <br> Attn: Jean Robertson <br> PO Box 202951 <br> Helena, MT 59620-2 |
| 13. TYPED NAME: <br> Laurie Ekanger | |
| 14. TITLE: <br> Director | |
| 15. DATE SUBMITTED: | |

FOR REGIONAL OFFICE USE ONLY

| 17. DATE RECEIVED: <br> 10-2-00 | 18. DATE APPROVED <br> |
| PLAN APPROVED - ONE COPY ATTACHED |
| 19. EFFECTIVE DATE OF APPROVED MATERIAL: <br> 10-1-00 | 20. SIGNATURE OF REGIONAL OFFICIAL: |
| 21. TYPED NAME: <br> Dave Selleck | 22. TITLE: |

23. REMARKS:

FORM HCFA-179 (07-92)                    *Instructions on Back*

EXHIBIT
Busha 023
CKK 12-14-05

Page 1 of 1
Attachment 4.19B
Methods and Standards
For Establishing
Payment rates,
Service 12 a.,
Outpatient Drug Services

## MONTANA

Reimbursement for drugs shall not exceed the lowest of:

1. The Estimated Acquisition Cost (EAC) of the drug plus a dispensing fee, or;
2. The Federal Upper Limit (FUL), Maximum Allowable Cost (MAC) of the drug, in the case of mutli-source (generic), plus a dispensing fee, or;
3. The provider's usual and customary charge of the drug to the general public.

Exception: The FUL or MAC limitation shall not apply in a case where a physician certifies in his/her own handwriting the specific brand is medically necessary for a particular recipient. An example of an acceptable certification is the handwritten notation "Brand Necessary" or "Brand Required." A check off box on a form or rubber stamp is not acceptable.

Exception: For outpatient drugs provided to medicaid recipients in state institutions, reimbursement will conform to the state contract for pharmacy services; or for institutions not participating in the state contract for pharmacy services, reimbursement will be the actual cost of the drug and dispensing fee. In either case, reimbursement will not exceed, in the aggregate, the EAC or the MAC plus the dispensing fee.

The EAC is established by the state agency using the Federal definition of EAC as a guideline; that is, "Estimated Acquisition Cost" means the state agency's best estimate of what price providers generally pay for a particular drug.

The EAC, which includes single source, brand necessary and drugs other than multi-source, is established using the following methodology:

- The Direct Price (DP), the price charged by manufacturers to retailers, will be paid unless the DP is not available to providers in the state. If no DP is available, drugs paid by their Average Wholesale Price (AWP) will be paid at AWP less 10%. If the state agency determines that acquisition cost is lower than either the available DP or AWP less 10%, then the state agency may set an allowable acquisition cost based on data provided by the drug pricing file contractor.

The MAC for multiple source drugs will not exceed the total of the dispensing fee established by the Department and an amount that is equal to 150 percent of the price established under the methodology set forth in 42 CFR 447.331 and 447.332 for the least costly therapeutic equivalent.

A variable dispensing fee will be established by the state agency, by using the results of a cost survey of pharmacy's operational costs. A pharmacy may be assigned an enhanced dispensing fee to cover the additional costs associated with packaging "unit dose" prescriptions.

Provider dispensing fee(s) are available on-line in the Medicaid Management Information system (MMIS) provider file and in the Medicaid Prescription Drug Card System (PDCS) provider plan file.

TN 00-008                    Approved  12/19/00              Effective  10/1/00
Supersedes TN #95-01

# EXHIBIT 22

STATE PLAN
REVIEWER SIGN-OFF SHEET
(Rev. 3/93)

| TRANSMITTAL #: | EFFECTIVE DATE: | RESPONSIBLE PERSON: |
|---|---|---|
| OO-OO8 | 10/1/00 | Dorothy Paulsen |

STATE PLAN CHANGE DUE TO:

] HCFA Program Memorandum # _____

] Annual Update Due _____
(date)

] ARM # _____ Change Effective _____

] Other _____

| MEDICAID STATE PLANS | IV-A & IV-F STATE PLANS |
|---|---|
| ☑ Cover letter to ~~Gary Wike~~ HCFA (optional) | ☐ Cover letter to Frank Fajardo with cc to Governor's OBPP |
| ☐ HCFA 179 & 3 copies of attachment(s) | ☐ FSA-4596-54 & Attachment(s) |

Medicaid Division:  For plan submittals involving a 3.1A section change or addition indicate with a Y (for yes) or an N (or no) whether the following are needed:

3.1B _____    4.19A/4.19B _____

SIGN OFFS:

MEDICAID DIVISION:

| | 9/29 | | 9/29/00 | | 9/29/00 | | 9/29/00 | | |
|---|---|---|---|---|---|---|---|---|---|
| Program | Date | Supervisor | Date | Chief | Date | Administrator | Date | Other | Date |

FAMILY ASSISTANCE DIVISION:

| | | | | | |
|---|---|---|---|---|---|
| Program | Date | Team Leader | Date | Administrator | Date |

COMMENTS: _____

_____

_____

_____

_____

**MT 014542**

# DEPARTMENT OF
## PUBLIC HEALTH AND HUMAN SERVICES



MARC RACICOT
GOVERNOR

LAURIE EKANGER
DIRECTOR

## STATE OF MONTANA

September 29, 2000

Mr. Spencer Ericson
Associate Regional Administrator
HCFA, Region VIII
The Colorado State Bank Building
1600 Broadway, Suite 700
Denver, CO 80202

Dear Mr. Ericsn:

This letter accompanies the Title XIX State Plan Amendment, Transmittal No 00-008, pertaining to the Outpatient Drug Services.

The purpose of this amendment is to add an exception regarding pricing for outpatient drugs provided to recipients in state institutions and to allow the state agency to set an allowable acquisition cost based on data provided by the drug pricing file contractor.

There is no fiscal impact to this amendment.

Please contact Dorothy Poulsen at 406-444-2738 for additional information.

Sincerely,

Laurie Ekanger
Director

c:      Dorothy Poulsen

**MT 014543**

Page 1 of 1
Attachment 4.19B
Methods and Standards
For Establishing
Payment rates,
Service 12 a.,
Outpatient Drug Services

## MONTANA

Reimbursement for drugs shall not exceed the lowest of:

1. The Estimated Acquisition Cost (EAC) of the drug plus a dispensing fee, or;
2. The Federal Upper Limit (FUL), Maximum Allowable Cost (MAC) of the drug, in the case of mutli-source (generic), plus a dispensing fee, or;
3. The provider's usual and customary charge of the drug to the general public.

Exception:    The FUL or MAC limitation shall not apply in a case where a physician certifies in his/her own handwriting the specific brand is medically necessary for a particular recipient. An example of an acceptable certification is the handwritten notation "Brand Necessary" or "Brand Required." A check off box on a form or rubber stamp is not acceptable.

Exception:    For outpatient drugs provided to medicaid recipients in state institutions, reimbursement will conform to the state contract for pharmacy services; or for institutions not participating in the state contract for pharmacy services, reimbursement will be the actual cost of the drug and dispensing fee. In either case, reimbursement will not exceed, in the aggregate, the EAC or the MAC plus the dispensing fee.

The EAC is established by the state agency using the Federal definition of EAC as a guideline: that is, "Estimated Acquisition Cost" means the state agency's best estimate of what price providers generally pay for a particular drug.

The EAC, which includes single source, brand necessary and drugs other than multi-source, is established using the following methodology:

The Direct Price (DP), the price charged by manufacturers to retailers, will be paid unless the DP is not available to providers in the state. If no DP is available, drugs paid by their Average Wholesale Price (AWP) will be paid at AWP less 10%. If the state agency determines that acquisition cost is lower than either the available DP or AWP less 10%, then the state agency may set an allowable acquisition cost based on data provided by the drug pricing file contractor.

The MAC for multiple source drugs will not exceed the total of the dispensing fee established by the Department and an amount that is equal to 150 percent of the price established under the methodology set forth in 42 CFR 447.331 and 447.332 for the least costly therapeutic equivalent.

A variable dispensing fee will be established by the state agency, by using the results of a cost survey of pharmacy's operational costs. A pharmacy may be assigned an enhanced dispensing fee to cover the additional costs associated with packaging "unit dose" prescriptions.

Provider dispensing fee(s) are available on-line in the Medicaid Management Information system (MMIS) provider file and in the Medicaid Prescription Drug Card System (PDCS) provider plan file.

TN 00-008
Supersedes TN #95-01

Approved _____

Effective _10/1,00_

**MT 014544**

# EXHIBIT 23

-1-

BEFORE THE DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES OF THE
STATE OF MONTANA

| | | |
|---|---|---|
| In the matter of the | ) | NOTICE OF PUBLIC HEARING |
| amendment of ARM 37.86.1101 | ) | ON PROPOSED AMENDMENT |
| and 37.86.1105 pertaining to | ) | |
| medicaid outpatient drug | ) | |
| reimbursement | ) | |

TO:  All Interested Persons

1.   On May 16, 2002, at 1:30 p.m., a public hearing will
be held in Room 107 of the Department of Public Health and Human
Services Building, 111 N. Sanders, Helena, Montana to consider
the proposed amendment of the above-stated rules.

The Department of Public Health and Human Services will
make reasonable accommodations for persons with disabilities who
need an alternative accessible format of this notice or provide
reasonable accommodations at the public hearing site.  If you
need to request an accommodation, contact the department no
later than 5:00 p.m. on May 10, 2002, to advise us of the nature
of the accommodation that you need.  Please contact Dawn Sliva,
Office of Legal Affairs, Department of Public Health and Human
Services, P.O. Box 4210, Helena, MT 59604-4210; telephone
(406)444-5622; FAX (406)444-1970; Email dphhslegal@state.mt.us.

2.   The rules as proposed to be amended provide as
follows.  Matter to be added is underlined.  Matter to be
deleted is interlined.

37.86.1101 OUTPATIENT DRUGS, DEFINITIONS  (1) "Estimated
acquisition cost (EAC)" means the cost of drugs for which no
maximum allowable cost (MAC) price has been determined.  The EAC
is the department's best estimate of what price providers are
generally paying in the state for a drug in the package size
providers buy most frequently.  The EAC for a drug is:
     (a)   the direct price (DP) charged by manufacturers to
retailers;
     (b)   if there is no available DP for a drug or the
department determines that the DP is not available to providers
in the state, the EAC is the average wholesale price (AWP) less
10% 15%; or
     (c) through (4) remain the same.

AUTH:  Sec. 53-2-201 and 53-6-113, MCA
IMP:   Sec. 53-2-201, 53-6-101, 53-6-111 and 53-6-113, MCA

37.86.1105 OUTPATIENT DRUGS, REIMBURSEMENT  (1) remains
the same.

MAR Notice No. 37-233

MT 00025

(2)  The dispensing fee for filling prescriptions shall be determined for each pharmacy provider annually.
(a)  remains the same.
(b)  The dispensing fees assigned shall range between a minimum of $2.00 and a maximum of $4.20 $4.35.
(c) and (d) remain the same.
(3)  In-state pharmacy providers that are new to the Montana medicaid program will be assigned an interim $3.50 dispensing fee until a dispensing fee questionnaire, as provided in (2) above, can be completed for 6 months of operation.  At that time, a new dispensing fee will be assigned which will be the lower of the dispensing fee calculated in accordance with (2) for the pharmacy or the $4.20 $4.35 dispensing fee.  Failure to comply with the 6 months dispensing fee questionnaire requirement will result in assignment of a dispensing fee of $2.00.
(4) through (5)(b) remain the same.

AUTH:  Sec. 53-2-201 and 53-6-113, MCA
IMP:   Sec. 53-6-101, 53-6-113 and 53-6-141, MCA

3.   The Montana Medicaid Program pays medical expenses for eligible low income and medically needy individuals.  Medical providers enrolled in the Montana Medicaid Program are reimbursed for services provided to Medicaid recipients as set forth in the rules governing the Medicaid Program.

ARM 37.86.1101 through 37.86.1105 address issues relating to outpatient drugs, that is, drugs furnished outside of a hospital.  ARM 37.86.1101 defines terms used in the outpatient drug rules, and ARM 37.86.1105 regulates reimbursement for outpatient drugs.

The amendment of ARM 37.86.1101 and 37.86.1105 is now necessary to implement changes in the amount the Department will pay for outpatient drugs in certain circumstances.  ARM 37.86.1105 provides that the Department pays for drugs on the basis of either the estimated acquisition cost (EAC) or the maximum allowable cost (MAC) of the drug plus a dispensing fee, or the provider's usual and customary charge for the drug, whichever is lowest.

Subsection (1)(b) of ARM 37.86.1101 currently states that the EAC is the direct price charged by manufacturers to retailers but further provides that when there is no direct cost for a drug, the EAC will be the average wholesale price less 10%.  The Department proposes to amend subsection (1)(b) of ARM 37.86.1101 to state that in the latter case the EAC of a drug will be the average wholesale price reduced by 15% rather than 10%.  ARM 37.86.1105(2)(b) currently provides that the dispensing fee which comprises part of the reimbursement for outpatient drugs shall be a minimum of $2.00 and a maximum of $4.20.  The Department proposes to amend subsection (2)(b) to increase the maximum dispensing fee from $4.20 to $4.35.  Subsection (3) of

MAR Notice No. 37-233

MT 00026

-3-.

this rule also refers to the $4.20 maximum dispensing fee so it is also being amended to reflect the increase to $4.35.

These changes are being implemented for budgetary reasons. Prescription drugs are among the most costly Medicaid services and expenditures for drugs continue to rise. Costs to the pharmacy program increased 17% last year, which results in a projected budget of $78 million for state fiscal year 2002. If costs continue to increase at that rate, the pharmacy budget is expected to be over $94 million in state fiscal year 2003 and over $136 million by the end of the next biennium, state fiscal year 2005. One of the ways the Department may be able to control costs would be to develop reimbursement methodologies that were more in line with actual drug costs.

The Estimated Acquisition Cost (EAC) for Montana is calculated by using the Average Wholesale Price (AWP) for a drug less a percentage discount (AWP less 10%). The AWP is the price assigned to the drug by its manufacturer and is compiled for Montana Medicaid by First DataBank.

The current EAC (AWP less 10%) methodology has been in place since 1988. Since that time, the Office of Inspector General (OIG) has conducted two studies to determine the actual acquisition cost of brand name and generic drugs. In 1997, the OIG issued a report that showed average discounts of 18.30% below AWP and 42.45% below AWP, respectively. Again in 2000, the OIG conducted another study which showed that nationally, pharmacy actual acquisition cost was an average of 21.84% below AWP. As a result of these studies, the OIG recommended that the Centers for Medicare and Medicaid Services (CMS) require the States to bring pharmacy reimbursement for brand name drugs more in line with the actual acquisition cost which they identified as being 21.84% below AWP.

Additionally, the OIG studied actual acquisition cost in Montana and found that the overall estimate of the discount below AWP on invoice prices was 19.71% for brand name drugs and 65.37% for generic drugs. Again, the OIG recommended that the State Agency consider the results of this review as a factor in determining any future changes to pharmacy reimbursement for Medicaid drugs.

It is important to note that while the OIG claims the discount below AWP is 19.71% and 65.37%, the Department does not wish to reduce reimbursement to those exact levels. The Department believes that the study failed to account for the cost of professional services and the cost of dispensing which includes supplies and staff. Therefore, the Department bases its recommendations in part on the OIG study as well as analysis of the implications to the overall pharmacy budget.

Because Medicaid programs in nearly all states are experiencing escalating costs, the Department has also analyzed reimbursement formulas among the other states. Many states are heeding the

MAR Notice No. 37-233

**MT 00027**

-4-.

recommendations of the OIG study and are changing their reimbursement rates, including: Arkansas, Colorado, Connecticut, Florida, Idaho, Illinois, Maryland, Mississippi, Nebraska, North Carolina, Oklahoma, Oregon, Texas, Virginia, Washington, West Virginia, and Wyoming.

The Department feels that in order to make the reduction to providers most palatable, the dispensing fee should increase to bring it in line with the average dispensing fee among other states in the country. Currently, the average dispensing fee is $4.35 (based on a survey conducted by Indiana Medicaid in September, 2001). In states surrounding Montana, the dispensing fee ranges from $3.80 in Oregon to $5.00 in Wyoming. Idaho's dispensing fee is $4.94; Washington's dispensing fee is $5.02; North Dakota's dispensing fee is $4.60 and South Dakota's dispensing fee is $4.75.

The alternative is to not implement this change to the reimbursement methodology. The Department is employing as many strategies as are realistic for cost containment, including prior authorization, mandatory generic substitution, and drug utilization review. However, because drug expenditures continue to rise, the alternative to changing the reimbursement methodology is to continue to make across the board cuts (as was employed January 1, 2002 through June 30, 2002). Across the board cuts prove to be more punitive to pharmacy providers because in some cases, the cuts result in pharmacies being reimbursed below their actual cost when providers bill using their acquisition cost as their usual and customary charge. By taking into account the actual acquisition cost, as is demonstrated in the OIG reports, the Department can more accurately reimburse providers for their services.

This decrease in reimbursement and increase in dispensing fees will result in approximately savings of $2.6 million (based on FY 2001). However, the Department can expect the savings to change as the figures are projected forward. The change to the percentage below AWP would affect all Medicaid pharmacy providers (nearly 450 pharmacy providers).

    4.   Interested persons may submit their data, views or arguments either orally or in writing at the hearing. Written data, views or arguments may also be submitted to Dawn Sliva, Office of Legal Affairs, Department of Public Health and Human Services, P.O. Box 4210, Helena, MT 59604-4210, no later than 5:00 p.m. on May 23, 2002. Data, views or arguments may also be submitted by facsimile (406) 444-1970 or by electronic mail via the Internet to dphhslegal@state.mt.us. The Department also maintains lists of persons interested in receiving notice of administrative rule changes. These lists are compiled according to subjects or programs of interest. For placement on the mailing list, please write the person at the address above.

MAR Notice No. 37-233

**MT 00028**

-5-

    5.   The Office of Legal Affairs, Department of Public
Health and Human Services has been designated to preside over
and conduct the hearing.


    Dawn Sliva
Rule Reviewer                        Director, Public Health and
                                     Human Services

Certified to the Secretary of State April 15, 2002.

MAR Notice No. 37-233

**MT 00029**

# EXHIBIT 24

*Duane*

# DEPARTMENT OF
# PUBLIC HEALTH AND HUMAN SERVICES
### HEALTH POLICY & SERVICES DIVISION



JUDY MARTZ
GOVERNOR

GAIL GRAY, Ed.D.
DIRECTOR

## STATE OF MONTANA

COGSWELL BLDG., 1400 BROADWAY
PO BOX 202951
HELENA, MONTANA 59620-2951

April 1, 2002

TO:      Gail Gray, Ed.D. Director
          DPHHS

FROM:   *Maggie Bullock*
          Maggie Bullock, Administrator
          Health Policy & Services Division

RE:      Proposed rule related to Medicaid pharmacy reimbursement

### Description of proposed rule
Health Policy & Services Division is working to implement a rule change related to reimbursement for Medicaid pharmacy providers. Specifically, the rule will change the pricing methodology and the dispensing fee for pharmacists and is intended to begin July 1, 2002.

The rule change will encompass updating ARM 37.86.1101 (1) (b) to allow reimbursement of AWP (Average Wholesale Price) less 15%, rather than AWP less 10%, as it currently exists. Additionally, we propose to change ARM 37.86.1105 (2) (b) to allow the maximum dispensing fee for pharmacists to be $4.35, rather than the current rate of $4.20.

### Rationale for proposed rule
Prescription drugs are among the most costly Medicaid services and expenditures for drugs continue to rise. Costs to the pharmacy program increased 17% last year, which results in a projected budget of $78 million for State Fiscal Year 2002. If costs continue to increase at that rate, the pharmacy budget is expected to be over $94 million in State Fiscal Year 2003 and over $136 million by the end of the next biennium (State Fiscal Year 2005). One of the ways the Division may be able to control costs would be to develop reimbursement methodologies that are more in line with actual drug costs.

Medicaid regulations provide for the reimbursement of drugs using the lower of: 1) the pharmacist's usual and customary charge to the general public; 2) an upper limit amount (established by the Centers for Medicare & Medicaid Services (CMS)) plus a reasonable dispensing fee; or 3) the estimated acquisition cost (EAC) plus a reasonable dispensing fee. The State agencies are responsible for determining the EAC and the dispensing fee. The EAC for Montana is calculated by using AWP for a drug less a percentage discount. The AWP is the price assigned to the drug by its manufacturer and is compiled for Montana Medicaid by First DataBank.

The current EAC (AWP less 10%) methodology has been in place since 1988. Since that time, the Office of Inspector General (OIG) has conducted two studies to determine the actual acquisition cost of brand name and generic drugs. In 1997, the OIG issued a report that showed average discounts of 18.30 percent below AWP and 42.45 percent below AWP, respectively. Again in 2000, the OIG conducted another study, which showed that nationally, pharmacy actual acquisition cost was an average of 21.84 percent below AWP. Additionally, the OIG studied actual acquisition cost in

**MT 005658**

Montana and found that the overall estimate of the discount below AWP on invoice prices was 19.71 percent for brand name drugs and 65.37 percent for generic drugs.

It is important to note that while the OIG claims the discount below AWP is 19.71 and 65.37, the Division does not wish to reduce reimbursement to those exact levels. We believe that the study failed to account for the cost of professional services and the cost of dispensing which includes supplies and staff. Therefore, the Division bases it's recommendations in part on the OIG study as well as analysis of the implications to the overall pharmacy budget.

Because Medicaid programs in nearly all states are experiencing escalating costs, we have also analyzed reimbursement formulas among the other states. Many states are heeding the recommendations of the OIG study and are changing their reimbursement rates, including: Washington, Arkansas Florida, West Virginia, Texas, Indiana and Wisconsin.

The Division feels it is also important to bring the dispensing fee in-line with the average dispensing fee among other states in the country. Currently, Montana's maximum dispensing fee is $4.20 but the national average dispensing fee is $4.35 (based on a survey conducted by Indiana Medicaid in September 2001). In states surrounding Montana, the dispensing fee ranges from $3.80 in Oregon to $5.00 in Wyoming. (Idaho's dispensing fee is $4.94; Washington's dispensing fee is $5.02; North Dakota's dispensing fee is $4.60 and South Dakota's dispensing fee is $4.75).

Other alternatives considered
The alternative is to not implement this change to the reimbursement methodology. The Division is employing as many strategies as are realistic for cost containment, including prior authorization, mandatory generic substitution, and drug utilization review. However, because drug expenditures continue to rise, the alternative to changing the reimbursement methodology is to continue to make across the board cuts (as was employed January 1, 2002-June 30, 2002). Across the board cuts prove to be more punitive to pharmacy providers because in some cases, the cuts result in pharmacies being reimbursed below their actual cost when providers bill using their acquisition cost as their usual and customary charge. By taking into account the actual acquisition cost, as is demonstrated in the OIG reports, the Division can more accurately reimburse providers for their services.

Groups affected by rule change and financial impact
This decrease in reimbursement and increase in dispensing fees will result in savings of $2,658,191 (based on SFY 2001) and by SFY 2003, the projected savings will be $3,576,862 ($965,753 General Fund). The change to both rules would affect all Medicaid pharmacy providers (nearly 450 pharmacy providers).

Expected controversy regarding rule
In light of recent changes for pharmacists, including the change to cost sharing, the Division expects opposition to the proposed rule. In fact, the Division expects the Montana Pharmacy Association (MPA) to undertake another acquisition cost study that could possible refute the findings of the OIG study. However, we are working diligently with the MPA and community pharmacists to discuss the proposed changes and other possible cost-saving solutions.

If you have questions regarding these rule changes, please contact Shannon Marr, Pharmacy Program Officer at 444-2738 or smarr@state.mt.us

**MT 005659**

# EXHIBIT 25

RXMX3300-0001
AS OF 06/30/98

STATE OF MONTANA MEDICAID PRESCRIPTION DRUG PROGRAM
CONSULTEC PRESCRIPTION DRUG CARD SERVICES

PAGE 1
RUN DATE 07/09/98

M O N T H L Y   P A Y M E N T   S U M M A R Y

CLAIMS FROM 04/01/98 - 06/30/98

GROUP: 9040    DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES

| CLAIM CATEGORY | MAIL ORDER CLAIMS | AVG AMT PER CLM | POINT OF SALE CLAIMS | AVG AMT PER CLM | TAPE CLAIMS | AVG AMT PER CLM | PAPER CLAIMS | AVG AMT PER CLM | TOTAL CLAIMS | AVG AMT PER CLM |
|---|---|---|---|---|---|---|---|---|---|---|
| SUBMITTED CLAIMS | 1 | | 313,365 | | 10,773 | | 16,588 | | 340,727 | |
| DENIED CLAIMS | 1 | | 48,610 | | 1,297 | | 3,145 | | 53,053 | |
| PAYABLE CLAIMS | 0 | | 264,755 | | 9,476 | | 13,443 | | 287,674 | |
| SUBMITTED INGR COST | 0.00 | 0.00 | 10,890,875.06 | 41.14 | 296,702.57 | 31.31 | 986,495.46 | 73.38 | 12,174,073.09 | 42.32 |
| PAID AT AWP - GENERIC | 0.00 | 0.00 | 795,230.66 | 19.07 | 23,454.51 | 12.14 | 39,888.64 | 21.69 | 858,573.81 | 18.89 |
| PAID AT AWP - BRAND | 0.00 | 0.00 | 5,935,729.86 | 59.67 | 150,418.57 | 33.02 | 383,221.98 | 71.85 | 6,459,593.11 | 58.47 |
| PAID AT MAC | 0.00 | 0.00 | 470,638.47 | 5.72 | 12,486.60 | 5.14 | 20,828.35 | 5.08 | 503,953.42 | 5.67 |
| PAID AT SUBMITTED | 0.00 | 0.00 | 572,547.70 | 30.14 | 8,793.23 | 49.40 | 189,439.86 | 198.99 | 770,780.09 | 38.29 |
| SPECIAL PROCESSING | 0.00 | 0.00 | 902,370.70 | 43.34 | 25,426.99 | 25.48 | 65,083.99 | 47.75 | 992,881.68 | 43.36 |
| PAID INGREDIENT COST | 0.00 | 0.00 | 8,680,584.69 | 32.79 | 200,180.30 | 21.12 | 698,462.82 | 51.96 | 9,579,227.81 | 33.30 |
| DISPENSING FEES | 0.00 | 0.00 | 1,098,964.41 | 4.15 | 44,966.17 | 4.75 | 51,675.55 | 3.84 | 1,195,606.13 | 4.16 |
| SALES TAX | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOT PRESCRIPTION COST | 0.00 | 0.00 | 9,779,549.10 | 36.94 | 245,146.47 | 25.87 | 750,138.37 | 55.80 | 10,774,833.94 | 37.46 |
| LESS COPAYMENTS PAID | 0.00 | 0.00 | 190,779.04 | 0.72 | 136.00 | 0.01 | 3,176.52 | 0.24 | 194,091.56 | 0.67 |
| LESS DEDUCTIBLE PAID | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LESS AMT OVER MAX PAID | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL COST SHARING | 0.00 | 0.00 | 190,779.04 | 0.72 | 136.00 | 0.01 | 3,176.52 | 0.24 | 194,091.56 | 0.67 |
| TOTAL AMT CLIENT PAID | 0.00 | 0.00 | 9,588,770.06 | 36.22 | 245,010.47 | 25.86 | 746,961.85 | 55.57 | 10,580,742.38 | 36.78 |

MT 011557

```
1
REPT:  PDMM3300-RR001                          STATE OF MONTANA MEDICAID PRESCRIPTION DRUG PROGRAM              PROCESSING DATE:  03/02/2006
                                                     ACS PRESCRIPTION BENEFIT MANAGEMENT                        PROCESSING TIME:  23:19:44
                                                                                                                         PAGE:         1
                                                  M O N T H L Y   P A Y M E N T   S U M M A R Y
                                                FOR THE PERIOD BEGINNING 02/01/2006 THRU 02/28/2006

GROUP:  9040      DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES
```

| CLAIM CATEGORY | POINT OF SALE CLAIMS | AVG AMT PER CLM | TAPE CLAIMS | AVG AMT PER CLM | PAPER CLAIMS | AVG AMT PER CLM | TOTAL CLAIMS | AVG AMT PER CLM |
|---|---|---|---|---|---|---|---|---|
| SUBMITTED CLAIMS | 105,088 | | 0 | | 1,084 | | 106,172 | |
| DENIED CLAIMS | 36,644 | | 0 | | 419 | | 37,063 | |
| PAYABLE CLAIMS | 68,444 | | 0 | | 665 | | 69,109 | |
| SUBMITTED INGR COST | 6,744,582.12 | 98.54 | 0 | 0.00 | 223,737.96 | 336.45 | 6,968,320.08 | 100.83 |
| PAID AT AWP - GENERIC | 383,387.31 | 36.13 | 0.00 | 0.00 | 2,053.89 | 26.00 | 385,441.20 | 36.06 |
| PAID AT AWP - BRAND | 3,126,979.45 | 133.86 | 0.00 | 0.00 | 76,983.68 | 557.85 | 3,203,963.13 | 136.35 |
| PAID AT NAC | 221,432.65 | 11.01 | 0.00 | 0.00 | 1,750.41 | 13.57 | 223,183.06 | 11.03 |
| PAID AT SUBMITTED | 480,366.56 | 33.44 | 0.00 | 0.00 | 13,938.08 | 52.40 | 494,304.64 | 33.79 |
| PAID AT SMAC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| PAID AT MAWP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SPECIAL PROCESSING | 8.22 | 8.22 | 0.00 | 0.00 | 5,926.75 | 111.83 | 5,934.97 | 109.91 |
| PAID INGREDIENT COST | 4,212,174.19 | 61.54 | 0.00 | 0.00 | 100,652.81 | 151.36 | 4,312,827.00 | 62.41 |
| DISPENSING FEES | 309,594.70 | 4.52 | 0.00 | 0.00 | 3,183.85 | 4.79 | 312,778.55 | 4.53 |
| SALES TAX | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOT PRESCRIPTION COST | 4,521,768.89 | 66.07 | 0.00 | 0.00 | 103,836.66 | 156.15 | 4,625,605.55 | 66.93 |
| LESS COPAYMENTS PAID | 79,504.20 | 1.16 | 0.00 | 0.00 | 160.65 | 0.24 | 79,664.85 | 1.15 |
| LESS DEDUCTIBLE PAID | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LESS AMT OVER MAX PD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL COST SHARING | 79,504.20 | 1.16 | 0.00 | 0.00 | 160.65 | 0.24 | 0.00 | 1.15 |
| TOTAL AMT PARTICIPANT PD | 4,442,264.69 | 64.90 | 0.00 | 0.00 | 103,676.01 | 155.90 | 0.00 | 65.78 |

```
                                               *** END OF REPORT ***
                                               *** END OF REPORT ***
                                               *** END OF REPORT ***
```

MT 034222

# EXHIBIT 26

Medicaid Services Bureau – Pharmacy Program
(406) 444-2738 (Phone)
(406) 444-1861 (Fax)
dpoulsen@state.mt.us (e-mail)

**Montana Department of Public Health and Human Services**

# Fax

| To: | Jeanne Davies | From: | Dorothy Poulsen, Program Officer |
|---|---|---|---|
| **Fax:** | (406) 444-7913 | **Pages:** | 3 |
| **Phone:** | (406) 444-3875 | **Date:** | 06/10/99 |
| **Re:** | Survey response | **CC:** | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

Jeanne,

Here's the survey response for you.  Let me know if you have any questions.

Dorothy

MT 008430

1. The State of Montana does not calculate or determine what the pharmacy's usual and customary charge. Pharmacies are directed to bill their usual and customary. Attached is our policy on usual and customary.

2. We do not recognize the term "shelf price." If "shelf price" refers to the prices displayed on products that customers would see when they were shopping in the store, then that would fit our definition of usual and customary. However, to my knowledge, prescription drugs are never displayed openly on shelves.

3. The Medicaid program has directed pharmacies always to bill their usual and customary charge regardless of what Medicaid pays.

4. The pharmacy should always bill their usual and customary charge regardless of what Medicaid pays. Montana Medicaid adjudicates claims and calculates an allowed reimbursement according to the prices present on the Medicaid drug file. If the drug is subject to the federal upper limit, then the drug will be priced accordingly. Medicaid will pay the lower of the provider's usual and customary or the Medicaid-calculated allowed amount. The pharmacy does not bill what Medicaid pays.

MT 008431