UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs Inc., et al.,* 02-CV-12084-PBS<br><br>*State of Nevada v. American Home Prods. Corp., et al.,* D. Nev. Cause No. CV-N-02-0202-ECR | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF DEFENDANT IMMUNEX CORPORATION'S
INDIVIDUAL MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Immunex Corporation submits this statement of the material facts of record as to which there is no genuine issue to be tried in support of its motion for summary judgment. Deposition transcripts and documents cited herein are attached to the following declarations, which are being filed with the Court with the filing of this 56.1 Statement:

Declaration of Charles C. Sipos in Support of Defendant Immunex Corporation's Individual Motion for Summary Judgment ("Sipos Declaration"). Exhibits

are attached to that declaration with numbers that correspond to the Exhibit numbers identified in this 56.1 Statement of Undisputed Material Facts.

1. Immunex is a biopharmaceutical company formed in 1981. Sipos Declaration Exhibit B.

2. In 2002, Immunex was acquired by Amgen Inc. ("Amgen") and is now a wholly-owned subsidiary of Amgen. Sipos Declaration Exhibit A.

3. Of the Immunex products identified by Plaintiffs as "subject drugs," leucovorin calcium and methotrexate sodium are multi-source products that were available for sale from many pharmaceutical companies throughout the period of the States' claims; Thioplex (thiotepa) became subject to generic competition during this time as well. Sipos Declaration Exhibit G.

4. Many of the other companies who also sold these drugs are not defendants in this litigation. *See* Sipos Declaration Exhibit G.

5. In June 2001, Immunex sold its rights to market and sell leucovorin calcium and methotrexate sodium to Xanodyne Pharmacal, Inc. (not a defendant in the Montana or Nevada action). Sipos Declaration Exhibit B.

6. In July 2002, as a condition to obtaining regulatory approval to the Amgen acquisition, Immunex sold the rights to market and sell Leukine to Schering AG Germany (also not a defendant in either State action). Sipos Declaration Exhibit A.

7. In November 2002, Immunex entered into an agreement with Ares Trading S.A., a then wholly-owned subsidiary of Serono S.A. (not a defendant in either Montana or Nevada), pursuant to which Immunex licensed to Serono the exclusive right to market and sell Novantrone in the United States. Sipos Declaration Exhibit C.

-3-

8. As of mid-1995, Immunex completely ceased any reporting of suggested AWPs to publishers; what Immunex communicated to the publications was a "list price." Sipos Declaration Exhibit D.

9. In 1994 and 1995, in addition to reporting AWPs to third-party publishers such as First Data Bank, Immunex *also* reported its drugs' Direct Price ("DP"). Sipos Declaration Exhibits G.

10. DP is not the same as AWP. Gaier Decl. ¶ 45.

11. The States' expert's calculations of damages for all five of Immunex's drugs are literally zero. Sipos Declaration Exhibits E, F.

12. In Nevada, when applying a "sensitivity analysis" to determine the proper number of claims where penalties might have applied, Dr. Hartman calculates the low end of those penalties at $0 for Immunex because Dr. Hartman's analysis found zero false claims for Immunex. Sipos Declaration Exhibit F ("Total Statute Penalties" total $0 for Immunex).

13. According to Dr. Hartman, in Nevada Immunex's alleged penalties amount to, at most, no more than $52,500 on 7 claims, an amount that constitutes .000032% of the State's total calculation of penalties against all Defendants. Sipos Declaration Exhibit F.

14. In Montana Dr. Hartman's calculation of penalties attributable to Immunex are between $33,000 and $48,000 on 11 claims, an amount that is .000031% of the total calculation of penalties against all Defendants. Sipos Declaration Exhibit E.

15. Immunex is not a Medicaid "provider" in either Nevada or Montana.

-4-

DATED:  February 8, 2007.

    s/ *Kathleen M. O'Sullivan*
David J. Burman
Kathleen M. O'Sullivan
Charles C. Sipos
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

Thomas J. Sartory
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112

Attorneys for Defendant Immunex Corporation

-5-

## CERTIFICATE OF SERVICE

  I hereby certify that on February 8, 2007, I caused a true and correct copy of the Statement of Undisputed Material Facts in Support of Defendant Immunex Corporation's Individual Motion for Summary Judgment to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

              By s/ *Kathleen M. O'Sullivan*
                 Kathleen M. O'Sullivan