## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.,* Civil Action No. 02-12086-PBS | Judge Patti B. Saris |

### DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF
### ITS MOTION FOR SUMMARY JUDGMENT

Defendants Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc.

(collectively, "Sicor") join the Joint Motion For Summary Judgment filed by the Joint Defense

Group. In addition to the grounds set forth in the defendants' joint memorandum, Sicor submits

this Memorandum in support of its individual Motion for Summary Judgment.

**I.      INTRODUCTION**

The State of Nevada brought this suit in early 2002. After four years of litigation, the

State submitted the expert report of Raymond S. Hartman in support of its alleged claims.

**REDACTED**

[1]

In its Amended Complaint ("AC"), the State alleges that 26 pharmaceutical company

defendants, including Sicor, fraudulently inflated the average wholesale price ("AWP") of drugs

---

[1] Based on this Court's ruling on the Motion to Dismiss the Amended Complaint, the only causes of action remaining involve the Nevada Deceptive Trade Practices Act.

in order to create a "spread" between the AWP published in various pharmaceutical industry publications and the actual cost of the drugs.  Because the State bases its reimbursements to pharmacies and providers for Medicaid on the AWP in these publications, the State alleges that this "scheme" caused the State, and its citizens who made co-payments based on the AWP, to "substantially overpay" for prescription drugs.

**REDACTED**

It is, therefore, undisputed that Sicor did not violate the Act, and Sicor is entitled to summary judgment on each of plaintiff's claims against it.

## II.   UNDISPUTED FACTS

The State identifies the following eight Sicor drugs in the AC: (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs").  (Defendant Sicor Inc.'s Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ["SUF"], No. 1.)

The State produced its expert report dated June 12, 2006 entitled:  "Calculation of Damages and Penalties for the State of Nevada - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Nevada Report").  (SUF No. 2.)  The State also produced a supplementary expert report dated June 20, 2006 entitled:  "Calculation of Damages and

Penalties for the State of Nevada - Supplementary Declaration of Raymond S. Hartman"

(hereinafter the "Supplementary Hartman Nevada Report").  (SUF No. 3.)

2

**REDACTED**

---

[2] Sicor does not argue that the content and conclusions of the Hartman Nevada Reports are undisputed facts, but rather contends that the fact that the State has admitted and is relying upon the Hartman Nevada Reports and their conclusions is undisputed.

**REDACTED**

00150062.DOC /

**REDACTED**

00150062.DOC /

## III.   ARGUMENT

### A.   Standard for Motion for Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. R. 56(c); *L.B. Corp. v. Schweitzer-Manduit Int'l, Inc.*, 121 F. Supp. 2d 147, 150-151 (D. Mass. 2000). There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). Where the non-moving party has failed to carry its burden of proof on an essential element of the claim, summary judgment must be granted. *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001); *Foster v. Arcata Associates, Inc.,* 772 F.2d 1453, 1459 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986). A fact is not "material" unless it is relevant to an element of a claim or defense and its existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts do not bar summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.   Sicor Is Entitled To Summary Judgment Because Sicor Did Not Engage In Any Unfair or Deceptive Trade Practices.

### REDACTED

The defendant must commit a deceptive trade practice in order to violate the Act. *See Scaffidi v. United Nissan*, No. CV-S-04-1366, 2005 WL 3737892 (D. Nev. Dec. 30, 2005) (finding defendant had not violated Nevada's Deceptive Trade Practices Act where there was no evidence that the defendant made a false representation, or intentionally made a false representation).

## IV.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Joint Motion for

Summary Judgment, defendant Sicor respectfully requests that the Court grant the motion for

summary judgment and dismiss all of the claims against Sicor with prejudice.


Dated:  February 8, 2007                          SICOR INC.
                                                  By its attorneys,

                                                  /s/ Christopher E. Prince
                                                  Christopher E. Prince (Admitted *Pro Hac Vice*)
                                                  SONNENSCHEIN NATH & ROSENTHAL LLP
                                                  601 South Figueroa Street, Suite 1500
                                                  Los Angeles, California 90017

                                                        -- *and*--

                                                  Robert J. Muldoon, Jr. (BBO # 359480)
                                                  James W. Matthews (BBO # 560560)
                                                  Pamela Zorn Adams (BBO # 640800)
                                                  SHERIN AND LODGEN LLP
                                                  101 Federal Street
                                                  Boston, Massachusetts 02110


### CERTIFICATE OF SERVICE

I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, in redacted form, to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 8, 2007, pursuant to Section D of Case Management Order No. 2.

                                        /s/ Pamela Zorn Adams
                                        Pamela Zorn Adams

00150062.DOC /