**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO. 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br><br>*State of Nevada v. American Home Products, et al.*, Civ. Act. No. 02-12086-PBS, and<br><br>*State of Montana v. Abbott Laboratories, Inc., et al.*, Civ. Act. No. 12084-PBS | |

**DEFENDANTS' MOTION THAT COURT SUGGEST TRANSFER OF THE MONTANA AND NEVADA CASES TO THEIR FEDERAL COURTS OF ORIGIN**

The States of Montana and Nevada (the "States") filed these cases five years ago. The Judicial Panel on Multidistrict Litigation ("JPML") transferred the cases to this Court for pretrial proceedings. Following years of motion practice and discovery managed by this Court, pretrial proceedings are essentially complete. To most expeditiously resolve these cases – either on summary judgment or, if necessary, at trials – now is the time to transfer the cases back to their federal courts of origin.

1

## I. FACTUAL BACKGROUND

In early 2002, the States filed their initial complaints in state court.[1] Defendants removed the States' cases to federal court, the JPML transferred them to this Court, and the States moved to remand the cases. The Court denied the motions to remand the Montana and Nevada II cases, but remanded Nevada I. *Montana v. Abbott Labs*, 266 F. Supp. 2d 250 (D. Mass. 2003). In 2003, the States filed amended complaints in this Court. Defendants moved to dismiss, which motion the Court granted in part and denied in part. *In re Pharm. Indus. Average Wholesale Price Litig.*, 321 F. Supp. 2d 187 (D. Mass. 2004).

Under this Court's CMO No. 15, discovery in the States' cases (including Nevada I)[2] was originally set to close on January 31, 2006. At the States' and Defendants' joint request, the Court extended the discovery cut-off to March 31, 2006, and the summary judgment deadline to May 5, 2006, in CMO No. 23. The States then sought a series of further extensions. Dkt. Nos. 2350 at 2 ("the coincidence of the MDL expert report and summary-judgment schedules render the States' experts literally unavailable for deposition in the month of April."); 2916 at 1-2 ("more time is required to complete the expert reports and the summary-judgment motions due to the extensive class certification briefing conducted simultaneously in the Class Action and the pending Daubert motion challenging the Class

---

[1] The State of Nevada filed two initial complaints, each against a different set of defendants. *Nevada v. Abbott Laboratories* was filed first ("Nevada I"), and *Nevada v. American Home Products* was filed second ("Nevada II").

[2] Discovery in the Nevada I case pending in state court was coordinated with discovery in Nevada II in the MDL. However, in light of a July 19, 2006, Order by the Nevada state court and the parties' joint Stipulation and Proposed Order, Dkt. No. 3620, and the Court's Order of February 7, 2007, the Court's deadlines in Nevada II do not apply to Nevada I. Also, in 2006, defendant Dey, Inc. removed the Nevada I case on the basis of the United States' unsealing of a federal *qui tam* action against Dey. The State of Nevada filed a remand motion, and pursuant to a transfer by the JPML on November 8, 2006, that motion is currently pending before this Court.

Plaintiffs' principal expert, who is also the principal expert for the States in these cases. Dr. Hartman and plaintiffs' counsel are fully occupied with these matters."); 3054 at 1 ("The principal purpose of the revised schedule is to defer the submission of summary judgment motions until after the Class 2 trial, until January 2007."). The Court set a deadline of February 8, 2007, for filing summary judgment motions and Defendants' expert reports for all parties except Baxter.[3]

Most discovery in the States' cases was completed prior to the March 31, 2006, cut-off, though some discovery – mainly the subject of motions to compel or for protective orders – was completed after March 31. O'Sullivan Decl. ¶ 2. Discovery is done except for (a) discovery relating to Baxter and (b) two third-party depositions noted before March 31, 2006, and which are the subject of a motion by Montana (Dkt. No. 3598) set for hearing before Chief U.S. Magistrate Judge Bowler on February 12. Id. ¶ 3.

Today, Defendants filed a joint motion for summary judgment in the Montana case on the common issues relating to Montana's claims, and a joint motion for summary judgment in the Nevada II case on the common issues relating to Nevada's claims. Id. ¶ 4. Many of the over 20 defendants remaining in the cases filed motions for summary judgment on their individual company issues (in addition to whatever filings the States may make). Id. ¶ 5. These motions are added to the Court's existing docket, which in the AWP MDL alone, includes:

---

[3] Baxter agreed with the States to be on a separate (and further extended) schedule for the cases against Baxter. The transfer requested in this motion would apply to Baxter, subject to that schedule.

06735-0051/LEGAL12957652.1

- Motions relating to the Track One trial, which require a decision on two separate classes, four individual Defendant companies, the *Daubert* motions, and many other "cross-cutting" issues.

- Plaintiffs' motion to certify claims with respect to the 12 Track Two defendants, Defendants' joint and individual oppositions to class certification, and various other filings related to Track Two class certification.

- Defendants' joint motion to dismiss the New York Counties' Consolidated Complaint, and over twenty individual company motions to dismiss.

- Defendants' joint motion to dismiss the State of California's First Amended Complaint-In-Intervention, and multiple individual company motions to dismiss.

- Abbott's and Dey's motions to dismiss the suits unsealed by the United States.

- Motions to remand cases filed by the States of Florida, Illinois, Kentucky, Mississippi, and Pennsylvania.

The burden of these motions is great; some have been pending for over a year, as is reflected in the monthly status reports filed by the parties.

## II.   ARGUMENT

**A.   The States' Cases Meet the Flexible Standard for Transfer to Their Courts of Origin.**

The federal MDL process is a pretrial coordination process, recognizing the discovery efficiencies to be gained in allowing a single court to manage discovery where some parties and evidence overlap. David F. Herr, *Annotated Manual for Complex Litigation* § 20.13 (4th ed. 2006). Over the past several years, the States and Defendants

gained the benefits of those efficiencies as this Court (together with Chief U.S. Magistrate Judge Bowler) managed coordinated pretrial proceedings in the MDL.

Under the statute governing the MDL actions, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). The general rule regarding the proper time for remand from an MDL (transferee) court to the home (or transferor) court is "when remand will best serve the expeditious disposition of the litigation." *Manual for Complex Litigation* § 20.13. For "the panel" (the JPML) to remand a case, the MDL court typically first "suggests" that the panel remand the action under R.P.J.P.M.L. 7.6(c)(ii). As a result of that suggestion, the panel will typically issue a conditional remand order, and will provide any party opposing the remand the opportunity to file a notice of opposition with the panel within 15 days. R.P.J.P.M.L. 7.6(f)(i). Generally, "the Panel gives great deference to a transferee judge's suggestion that an action pending before [her] for Section 1407 treatment is ripe for remand." *In re Franklin Nat'l Bank Sec. Litig.*, 407 F. Supp. 248, 248 (J.P.M.L. 1976).

Discovery in these cases is essentially complete, though it is not a requirement that discovery be completed before the transferee judge may suggest remand. In *In re Franklin Nat'l Bank Sec. Litig.*, two of the defendants opposed remand arguing that "remand is inappropriate until they complete all discovery which is essential to their defense preparations for a trial in this action." *Id.* The JPML rejected that argument and ordered the case remanded. *Id.* It is also not necessary for the MDL to complete all pretrial proceedings before recommending remand. *See In re Multidistrict Civil Actions Involving Air Crash Disaster Near Dayton*, 386 F. Supp. 908, 909 (J.P.M.L. 1975) (per curiam) ("It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial

5

proceedings in all actions transferred and assigned to [her] by the Panel, but rather that the transferee judge in [her] discretion will conduct the common pretrial proceedings with respect to the various actions and any additional pretrial proceedings as [s]he deems otherwise appropriate.").

Any trial in either State's case must be held before the Montana and Nevada federal courts, not this Court.  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (Section 1407 "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course.").  Thus, it is not a question of if, but when, remand will most expeditiously lead to the disposition of the Montana and Nevada II cases.

**B.     The Most Efficient and Practical Course Is to Suggest Transfer Now.**

The staggering docket load of this Court is reason alone for remand to occur now.  As explained above, there have already been significant delays in a resolution of the States' cases.  For efficiency reasons, remand at this time will best serve the expeditious disposition of the litigation.  If remand does not occur at this juncture, the Court will need to decide the numerous motions for summary judgment filed today in addition to the dozens of other substantive motions pending before the Court in other cases in the AWP MDL.

As a practical matter, because the Montana and Nevada federal courts will preside over any trial in these cases, it makes sense to transfer the cases now.  Before proceeding with a trial, the transferor courts will necessarily need to get "up to speed" and become familiar with the claims and theories.  Reviewing the summary judgment papers will provide the Montana and Nevada courts with the opportunity to do so, and to decide for themselves whether any trials are necessary and, if so, on which of the States' claims and as to which Defendants and which drugs.  This sorting process will necessarily accelerate a resolution of

the States' cases, as the Montana and Nevada courts will ultimately conduct any trial of any Defendant (or a series of such trials), following a decision on the joint and individual summary judgment motions. As this Court observed during the Track One trial, not all drug companies are the same and each company's story is quite different. (Dec. 8, 2006 Tr. 76.) Remanding the cases now will allow the federal courts in Montana and Nevada to become familiar with these stories now, necessarily expediting any trials that go forward.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court suggest to the JPML that the Montana and Nevada II cases be remanded for decision on the pending summary judgment motions and, if necessary, trials.[4]

---

[4] Defendants conferred with counsel for the States prior to the filing of this motion as required under Local Rules 7.1(a)(2) and 37.1 of this Court, but were not able to resolve the matter by agreement.

7

DATED: February 8, 2007.

Respectfully submitted on behalf of Defendants[5]


/s/ Kathleen M. O'Sullivan
David J. Burman
Kathleen M. O'Sullivan
Charles C. Sipos
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Thomas J. Sartory
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112

Attorneys for Defendant Immunex Corporation

---

[5] This motion is joined in by the following Defendants: Abbott Laboratories, AstraZeneca Pharmaceuticals LP, Aventis Pharmaceuticals Inc., Aventis Behring LLC, n/k/a ZLB Behring LLC, Bayer Corporation, Baxter Healthcare Corporation, Baxter International Inc., Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., Immunex Corporation, Johnson & Johnson, Centocor, Inc., Janssen Pharmaceutica Products, LP, McNeil-PPC, Inc., Ortho Biotech Products, LP, Novartis Pharmaceuticals Corporation, Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn, Inc., Sicor Inc., Genesia Inc., Genesia Sicor Pharmaceuticals, Inc., and TAP Pharmaceutical Products Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 8, 2007, I caused a true and correct copy of Defendants' Motion that Court Suggest Transfer of the Montana and Nevada Cases to Their Federal Courts of Origin to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

                                                   By    /s/ Kathleen M. O'Sullivan
                                                         Kathleen M. O'Sullivan