UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *State of Montana v. Abbott Laboratories, Inc., et al.*, Civil Action No. 02-12084-PBS | |

**DEFENDANT SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT[1]**

Pursuant to Local Rule 56.1, defendant Sicor Inc.[2] ("Sicor") hereby submits its Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. The State of Montana ("State") identifies the following eight Sicor drugs in the Second Amended Complaint ("SAC"): (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs"). SAC, ¶ 550.

2. The State produced its expert report dated June 13, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Montana Report"). Declaration of Sekret T. Sneed in Support of Sicor Inc.'s Motion for Summary Judgment ["Sneed Decl."], ¶ 2, Ex. A.

---

[1] Defendant Sicor Inc. ("Sicor") also joins the Joint Motion For Summary Judgment filed by the Joint Defense Group ("Joint Motion").

[2] The State names Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc. (collectively, "Sicor Group") as defendants in the Amended Complaint. All three entities, however, are various versions of Sicor Inc. Genesia, Inc. became Genesia Sicor Pharmaceuticals, Inc., which became Sicor Inc. in 2003. As a result, only Sicor Inc. is an active entity, and this Statement will only refer to it.

3. The State also produced a supplementary expert report dated June 20, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Supplementary Declaration of Raymond S. Hartman" (hereinafter the "Supplementary Hartman Montana Report"). Sneed Decl., ¶ 3, Ex. B.

³

**REDACTED**

---

[3] Sicor does not present the content and conclusions of the Hartman Montana Report as undisputed facts, but rather presents the fact that the State has admitted and is relying upon the Hartman Montana Report and its conclusions as an undisputed fact.

2

REDACTED

00150057.DOC /

**REDACTED**

Dated: February 8, 2007

SICOR INC.
By its attorneys,

/s/ Christopher E. Prince
Christopher E. Prince (Admitted *Pro Hac Vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 1500
Los Angeles, California 90017

-- *and*--

Robert J. Muldoon, Jr. (BBO # 359480)
James W. Matthews (BBO # 560560)
Pamela Zorn Adams (BBO # 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110

### CERTIFICATE OF SERVICE

I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANT SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, in redacted form, to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 8, 2007, pursuant to Section D of Case Management Order No. 2.

/s/ Pamela Zorn Adams
Pamela Zorn Adams

00150057.DOC /