# Exhibit L




**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.) | |

**OBJECTIONS AND RESPONSES TO DEFENDANT BAYER CORP.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE STATE OF MONTANA**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, the State of Montana, submits these objections and responses to Defendant Bayer's First Set of Interrogatories and Requests for Production to the State of Montana.

**PRELIMINARY STATEMENT**

1. These responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such document requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial. Any response to an interrogatory shall not be deemed a waiver of any general or specific objection.

2. Montana's responses shall not be deemed to constitute admissions:

a. that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

b. that any statement or characterization in Defendants' First Set of Interrogatories is accurate or complete.

3. Montana's responses are made based upon reasonable and diligent investigation conducted to date. Discovery and investigation in this matter are ongoing and Montana reserves the right to amend its responses and to raise any additional objections it may have in the future. These responses are made based upon the typical or usual interpretation of words contained in the discovery requests unless a specific definition or instruction has been provided.

4. Montana's responses may contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

5. Montana's responses are submitted without prejudice to Montana's right to produce evidence of any subsequently discovered facts. Montana reserves its right to provide further responses and answers as additional facts are ascertained.

**GENERAL OBJECTIONS**

Montana objects generally as follows:

1. Montana objects to the "definitions" and to the "general instructions" to the extent they intend to expand upon or alter the Federal Rules of Civil Procedure or Montana's obligations under the Court's Local Rules in responding to these requests and interrogatories. Montana will comply with the Federal Rules of Civil Procedure and Local Rules in providing its responses to Defendant Bayer's First Set of Interrogatories and Requests for Production to the State of Montana.

2. Montana objects to Defendants' definitions of "you," "your," "state," and "Plaintiff" because they are vague, ambiguous, overly broad, unduly burdensome, and encompass materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Montana objects to general Instruction Nos. 5-10 and their various subsections because they are unduly burdensome, and impose burdens beyond the requirements of applicable rules of procedure.

4. Montana objects to each interrogatory or request for production to the extent that it calls for the production of documents or information not relevant to the issues in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

5. Montana objects to the extent that any interrogatory or request for production seeks documents or information that is protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, or by any other applicable privilege or protection. Montana agrees to prepare and provide Defendants with a listing or log of any documents withheld on the grounds of privilege, if applicable.

6. Montana objects to each interrogatory or request for production to the extent that it calls for production of documents or information not within the possession, custody, or control of Montana. The responses given herein are based upon documents and information within Montana's current possession, custody, or control.

7. Montana objects to each interrogatory or request for production to the extent that it may be construed as calling for the production of confidential information relating to a patient. Montana will not produce any such material to the extent it is under any obligation to maintain the patient information as confidential and not to disclose it unless the patient grants permission to do so.

8. Montana objects to each interrogatory or request for production to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Defendants, or is already in the possession of the Defendants.

9. Montana incorporates the above General Objections into each specific response to the requests set forth below as if set forth in full therein. The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.

10. Montana objects to the time period to the extent it goes beyond the time frame for which Defendants have agreed to produce information.

**REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

All Documents referred to or used in responding to the interrogatories posted below.

RESPONSE:

Without waiving any objections, Montana will produce any non-privileged documents.

REQUEST FOR PRODUCTION NO. 2:

All Documents related to the Bayer 2001 Settlement, including internal correspondence and memoranda that reference, discuss, or evaluate the Bayer 2001 Settlement or any investigation or inquiry that preceded it.

RESPONSE:

Montana objects to this request to the extent it seeks information protected by the attorney client privilege or information protected by the work product doctrine. Montana further objects to this request to the extent that it seeks information otherwise within the possession of Defendant Bayer as a party to the Bayer 2001 Settlement. Without waiving any objection, Montana states that it has searched and has been unable to locate any responsive documents.

REQUEST FOR PRODUCTION NO. 3:

All Documents related to the Bayer 2003 Settlement, including internal correspondence and memoranda that reference, discuss, or evaluate the Bayer 2003 Settlement or any investigation or inquiry that preceded it.

RESPONSE:

See response to Request for Production No. 2.

REQUEST FOR PRODUCTION NO. 4:

All Documents related to Bayer ASP Information, including Documents discussing, referencing, evaluating, or reporting Bayer ASP Information.

RESPONSE:

Montana objects to this request to the extent that it seeks information otherwise within the possession of Defendant Bayer without waiving any objection, Montana states that it has searched and the only responsive information it located is ASP data provided by Defendant Bayer to the State.

REQUEST FOR PRODUCTION NO. 5:

All Documents related to communications with the National Association of Medicaid Fraud Control Units ("NAMFCU") concerning the Bayer 2001 Settlement or concerning the Bayer 2003 Settlement (or any investigation or inquiry that preceded those Settlements), including internal analysis, memoranda, reports, and reviews related to communications with NAMFCU, any member of NAMFCU, or any representative of any State.

RESPONSE:

Montana objects to this request to the extent it seeks information protected by the attorney client privilege or information protected by the work product doctrine. Montana further objects to this request to the extent that it seeks information otherwise within the possession of Defendant Bayer as a party to the Bayer 2001 and 2003 Settlements. Without waiving any objection, Montana states that it has searched and has been unable to locate any responsive documents.

**INTERROGATORIES**

INTERROGATORY NO. 1:

Describe what use has been made by You of Bayer ASP Information, including how or if such Bayer ASP Information has been used, relied upon, referenced, or considered in evaluating, revising, or settling payments to Providers under Your Medicaid Program.

ANSWER:

The State of Montana receives Bayer ASP Information. The Bayer ASP Information is not used as a benchmark in evaluating, revising or settling payments to Providers under the Montana Medicaid program. The pricing logarithm for Montana Medicaid is delivered through First Data Bank. Incorporating the Bayer ASP information into the logarithm would require a manual process. Because Montana Medicaid is a relatively small program with limited resources, it is not able to incorporate the Bayer ASP Information into its system.

INTERROGATORY NO. 2:

State the basis for any claim in the Amended Complaint that You purport to pursue against Bayer for any time period after Bayer began reporting ASP Information to Your Medicaid Program pursuant to the Bayer 2001 Settlement.

ANSWER:

Montana makes no such claim.

By /s/ Steve W. Berman DATED: March 2, 2006.

Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
HAGENS BERMAN LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS STATE OF MONTANA

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT 59601-6263
(406) 449-4165

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OBJECTIONS AND RESPONSES TO DEFENDANT BAYER CORP'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE STATE OF MONTANA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 2, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By /s/ Steve W. Berman

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292