# EXHIBIT 8

# Table of Contents

Nevada Deceptive Trade Practices Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . pp. 1-22

Nevada Medicaid Fraud Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .pp. 23-27

# NEVADA REVISED STATUTES

## CHAPTER 41 - ACTIONS AND PROCEEDINGS IN PARTICULAR CASES CONCERNING PERSONS

NRS 41.600  Actions by victims of fraud.
1.  An action may be brought by any person who is a victim of consumer fraud.
2.  As used in this section, "consumer fraud" means:
(a)  An unlawful act as defined in NRS 119.330;
(b)  An unlawful act as defined in NRS 205.2747;
(c)  An act prohibited by NRS 482.36655 to 482.36667, inclusive;
(d)  An act prohibited by NRS 482.351; or
(e)  A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
3.  If the claimant is the prevailing party, the court shall award him:
(a)  Any damages that he has sustained; and
(b)  His costs in the action and reasonable attorney's fees.
4.  Any action brought pursuant to this section is not an action upon any contract underlying the original transaction.

## CHAPTER 598 - DECEPTIVE TRADE PRACTICES

### GENERAL PROVISIONS

NRS 598.0903  Definitions.  As used in NRS 598.0903 to 598.0999, inclusive, unless the context otherwise requires, the words and terms defined in NRS 598.0905 to 598.0947, inclusive, have the meanings ascribed to them in those sections.

NRS 598.0905  "Advertisement" defined.  "Advertisement" means the attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation to lease or to acquire any title or interest in any property.

NRS 598.0907  "Certification mark" defined.  "Certification mark" means a mark used in connection with the goods or services of a person other than the certifier to indicate geographic origin, material, mode of manufacture, quality, accuracy or other characteristics of the goods or services or to indicate that the work or labor on the goods or services was performed by members of a union or other organization.

NRS 598.091  "Collective mark" defined.  "Collective mark" means a mark used by members of a cooperative, association or other collective group or organization to identify goods or services and distinguish them from those of others, or to indicate membership in the collective group or organization.

NRS 598.0913  "Commissioner" defined.  "Commissioner" means the Commissioner of Consumer Affairs.

1

NRS 598.0915 "Deceptive trade practice" defined. A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he:

1. Knowingly passes off goods or services for sale or lease as those of another person.

2. Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease.

3. Knowingly makes a false representation as to affiliation, connection, association with or certification by another person.

4. Uses deceptive representations or designations of geographic origin in connection with goods or services for sale or lease.

5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.

6. Represents that goods for sale or lease are original or new if he knows or should know that they are deteriorated, altered, reconditioned, reclaimed, used or secondhand.

7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model.

8. Disparages the goods, services or business of another person by false or misleading representation of fact.

9. Advertises goods or services with intent not to sell or lease them as advertised.

10. Advertises goods or services for sale or lease with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

11. Advertises goods or services as being available free of charge with intent to require payment of undisclosed costs as a condition of receiving the goods or services.

12. Advertises under the guise of obtaining sales personnel when the purpose is to first sell or lease goods or services to the sales personnel applicant.

13. Makes false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions.

14. Fraudulently alters any contract, written estimate of repair, written statement of charges or other document in connection with the sale or lease of goods or services.

15. Knowingly makes any other false representation in a transaction.

16. Knowingly falsifies an application for credit relating to a retail installment transaction, as defined in NRS 97.115.

NRS 598.0916 "Deceptive trade practice" defined. A person engages in a "deceptive trade practice" when, in the course of his business or occupation, he disseminates an unsolicited prerecorded message to solicit a person to purchase goods or services by telephone and he does not have a preexisting business relationship with the person being called unless a recorded or unrecorded natural voice:

1. Informs the person who answers the telephone call of the nature of the call; and

2. Provides to the person who answers the telephone call the name, address and telephone number of the business or organization, if any, represented by the caller.

NRS 598.0917 "Deceptive trade practice" defined. A person engages in a "deceptive trade practice" when in the course of his business or occupation he employs "bait and switch" advertising, which consists of an offer to sell or lease goods or services which the seller or lessor in truth may not intend or desire to sell or lease, accompanied by one or more of the following practices:

1. Refusal to show the goods advertised.

2. Disparagement in any material respect of the advertised goods or services or the terms of sale or lease.

3. Requiring other sales or other undisclosed conditions to be met before selling or leasing the advertised goods or services.

4. Refusal to take orders for the sale or lease of goods or services advertised for delivery within a reasonable time.

5. Showing or demonstrating defective goods for sale or lease which are unusable or impractical for the purposes set forth in the advertisement.

6. Accepting a deposit for the goods or services for sale or lease and subsequently switching the purchase order or lease to higher priced goods or services.

7. Tendering a lease of goods advertised for sale or a sale of goods advertised for lease or tendering terms of sale or lease less favorable than the terms advertised.

NRS 598.0918 "Deceptive trade practice" defined. A person engages in a "deceptive trade practice" if, during a solicitation by telephone or sales presentation, he:

1. Uses threatening, intimidating, profane or obscene language;

3

2. Repeatedly or continuously conducts the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive or harassing;

3. Solicits a person by telephone at his residence between 8 p.m. and 9 a.m.;

4. Blocks or otherwise intentionally circumvents any service used to identify the caller when placing an unsolicited telephone call; or

5. Places an unsolicited telephone call that does not allow a service to identify the caller by the telephone number or name of the business, unless such identification is not technically feasible.

NRS 598.092  "Deceptive trade practice" defined.  A person engages in a "deceptive trade practice" when in the course of his business or occupation he:

1. Knowingly fails to identify goods for sale or lease as being damaged by water.

2. Solicits by telephone or door to door as a lessor or seller, unless the lessor or seller identifies himself, whom he represents and the purpose of his call within 30 seconds after beginning the conversation.

3. Knowingly states that services, replacement parts or repairs are needed when no such services, replacement parts or repairs are actually needed.

4. Fails to make delivery of goods or services for sale or lease within a reasonable time or to make a refund for the goods or services, if he allows refunds.

5. Advertises or offers an opportunity for investment and:

   (a) Represents that the investment is guaranteed, secured or protected in a manner which he knows or has reason to know is false or misleading;

   (b) Represents that the investment will earn a rate of return which he knows or has reason to know is false or misleading;

   (c) Makes any untrue statement of a material fact or omits to state a material fact which is necessary to make another statement, considering the circumstances under which it is made, not misleading;

   (d) Fails to maintain adequate records so that an investor may determine how his money is invested;

   (e) Fails to provide information to an investor after a reasonable request for information concerning his investment;

   (f) Fails to comply with any law or regulation for the marketing of securities or other investments; or

4

(g) Represents that he is licensed by an agency of the State to sell or offer for sale investments or services for investments if he is not so licensed.

6. Charges a fee for advice with respect to investment of money and fails to disclose:

   (a) That he is selling or offering to lease goods or services and, if he is, their identity; or

   (b) That he is licensed by an agency of any state or of the United States to sell or to offer for sale investments or services for investments, or holds any other license related to the service he is providing.

7. Notifies any person, by any means, as a part of an advertising plan or scheme, that he has won a prize and that as a condition of receiving the prize he must purchase or lease goods or services.

8. Knowingly misrepresents the legal rights, obligations or remedies of a party to a transaction.

9. Fails, in a consumer transaction that is rescinded, cancelled or otherwise terminated in accordance with the terms of an agreement, advertisement, representation or provision of law, to promptly restore to a person entitled to it a deposit, down payment or other payment or, in the case of property traded in but not available, the agreed value of the property, or fails to cancel within a specified time or an otherwise reasonable time an acquired security interest. This subsection does not apply to a person who is holding a deposit, down payment or other payment on behalf of another if all parties to the transaction have not agreed to the release of the deposit, down payment or other payment.

10. Fails to inform customers, if he does not allow refunds or exchanges, that he does not allow refunds or exchanges by:

    (a) Printing a statement on the face of the lease or sales receipt;

    (b) Printing a statement on the face of the price tag; or

    (c) Posting in an open and conspicuous place a sign at least 8 by 10 inches in size with boldface letters,

       i. specifying that no refunds or exchanges are allowed.

NRS 598.0921  "Deceptive trade practice" defined.

1. A person engages in a "deceptive trade practice" if, in the course of his business or occupation:

   (a) He issues a gift certificate that expires on a certain date, unless either of the following is printed plainly and conspicuously on the front or back of the gift certificate in at least

5

10-point font and in such a manner that the print is readily visible to the buyer of the gift certificate before the buyer purchases the gift certificate:

    (1) The expiration date of the gift certificate; or

    (2) A toll-free telephone number accompanied by a statement setting forth that the buyer or holder of the gift certificate may call the telephone number to obtain the balance of the gift certificate and the expiration date of the gift certificate;

(b) He imposes upon the buyer or holder of a gift certificate a service fee, unless each of the following is printed plainly and conspicuously on the front or back of the gift certificate in at least 10-point font and in such a manner that the print is readily visible to the buyer of the gift certificate before the buyer purchases the gift certificate:

    (1) The amount of the service fee;

    (2) The event or events that will cause the service fee to be imposed;

    (3) The frequency with which the service fee will be imposed; and

    (4) If the service fee will be imposed on the basis of inactivity, the duration of inactivity that will cause the service fee to be imposed; or

(c) Regardless of the notice provided, he imposes upon the buyer or holder of a gift certificate:

    (1) A service fee or a combination of service fees that exceed a total of $1 per month; or

    (2) A service fee that commences or is imposed within the first 12 months after the issuance of the gift certificate.

2.  The provisions of this section do not apply to:

(a) A gift certificate that is issued as part of an award, loyalty, promotional, rebate, incentive or reward program and for which issuance the issuer does not receive money or any other thing of value;

(b) A gift certificate that is sold at a reduced price to an employer or nonprofit or charitable organization, if the expiration date of the gift certificate is not more than 30 days after the date of sale; and

(c) A gift certificate that is issued by an establishment licensed pursuant to the provisions of chapter 463 of NRS.

3.  As used in this section:

    (a) "Gift certificate" means an instrument or a record evidencing a promise by the seller or issuer of the instrument or record to provide goods or services to the holder of the gift certificate for the value shown in, upon or ascribed to the instrument or record and for which the value shown in, upon or ascribed to the instrument or record is decreased in an amount equal to the value of goods or services provided by the issuer or seller to the holder. The term includes, without limitation, a gift card, certificate or similar instrument. The term does not include:

        (1) An instrument or record for prepaid telecommunications or technology services, including, without limitation, a card for prepaid telephone services, a card for prepaid technical support services and an instrument for prepaid Internet service purchased or otherwise distributed to a consumer of such services, including, without limitation, as part of an award, loyalty, promotional or reward program; or

        (2) An instrument or record, by whatever name called, that may be used to obtain goods or services from more than one person or business entity, if the expiration date is printed plainly and conspicuously on the front or back of the instrument or record.

    (b) "Issue" means to sell or otherwise provide a gift certificate to any person and includes, without limitation, adding value to an existing gift certificate.

    (c) "Record" means information which is inscribed on a tangible medium or which is stored in an electronic or other medium, including, without limitation, information stored on a microprocessor chip or magnetic strip, and is retrievable in perceivable form.

    (d) "Service fee" means any charge or fee other than the charge or fee imposed for the issuance of the gift certificate, including, without limitation, a service fee imposed on the basis of inactivity or any other type of charge or fee imposed after the sale of the gift certificate.

NRS  598.0923   "Deceptive trade practice" defined.   A person engages in a "deceptive trade practice" when in the course of his business or occupation he knowingly:

1.  Conducts the business or occupation without all required state, county or city licenses.

2.  Fails to disclose a material fact in connection with the sale or lease of goods or services.

3.  Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

4.  Uses coercion, duress or intimidation in a transaction.

NRS 598.0925 "Deceptive trade practice" defined.

1. Except as otherwise provided in this section, a person engages in a "deceptive trade practice" when, in the course of his business or occupation, he:

   (a) Makes an assertion of scientific, clinical or quantifiable fact in an advertisement which would cause a reasonable person to believe that the assertion is true, unless, at the time the assertion is made, the person making it has possession of factually objective scientific, clinical or quantifiable evidence which substantiates the assertion; or

   (b) Fails upon request of the Commissioner or Attorney General to produce within 6 working days the substantiating evidence in his possession at the time the assertion of scientific, clinical or quantifiable fact was made.

2. This section does not apply to general assertions of opinion as to quality, value or condition made without the intent to mislead another person.

NRS 598.0927 "Director" defined. "Director" means the Director of the Department of Business and Industry.

NRS 598.093 "Disabled person" defined. "Disabled person" means a person who:

1. Has a physical or mental impairment that substantially limits one or more of the major life activities of the person;

2. Has a record of such an impairment; or

3. Is regarded as having such an impairment.

NRS 598.0933 "Elderly person" defined. "Elderly person" means a person who is 60 years of age or older.

NRS 598.0934 "Goods" defined. "Goods" includes, without limitation, a mobile or manufactured home which:

1. Is not affixed to land; or

2. Is affixed to land and sold, leased or offered for sale or lease separately from the land to which it is affixed.

NRS 598.0935 "Mark" defined. "Mark" means a word, name, symbol, device or any combination of the foregoing in any form or arrangement.

NRS 598.0937 "Property" defined. "Property" means any real or personal property, or both real and personal property, intangible property or services.

8

NRS 598.094 "Sale" defined. "Sale" includes any sale, offer for sale or attempt to sell any property for any consideration.

NRS 598.0943 "Service mark" defined. "Service mark" means a mark used by a person to identify services and to distinguish them from the services of others.

NRS 598.0945 "Trademark" defined. "Trademark" means a mark used by a person to identify goods and to distinguish them from the goods of others.

NRS 598.0947 "Trade name" defined. "Trade name" means a word, name, symbol, device or any combination of the foregoing in any form or arrangement used by a person to identify his business or occupation, and to distinguish it from the business or occupation of others.

NRS 598.0953 Engaging in deceptive trade practice prima facie evidence of intent to injure competitor; other rights of action not limited.

1. Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition.

2. The deceptive trade practices listed in NRS 598.0915 to 598.0925, inclusive, are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes of this state.

NRS 598.0955 Applicability of NRS 598.0903 to 598.0999, inclusive.

1. The provisions of NRS 598.0903 to 598.0999, inclusive, do not apply to:

   (a) Conduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency.

   (b) Publishers, including outdoor advertising media, advertising agencies, broadcasters or printers engaged in the dissemination of information or reproduction of printed or pictorial matter who publish, broadcast or reproduce material without knowledge of its deceptive character.

   (c) Actions or appeals pending on July 1, 1973.

2. The provisions of NRS 598.0903 to 598.0999, inclusive, do not apply to the use by a person of any service mark, trademark, certification mark, collective mark, trade name or other trade identification which was used and not abandoned prior to July 1, 1973, if the use was in good faith and is otherwise lawful except for the provisions of NRS 598.0903 to 598.0999, inclusive.

NRS 598.0957 Director may delegate powers and duties. The Director may, in one or more particular cases, delegate his powers and duties under the provisions of NRS 598.0903 to 598.0999, inclusive, to any person under his direct supervision and direction.

9

NRS_598.0959_Advisory committees: Creation and appointment; membership; compensation._The Commissioner and Director may, independently, create and appoint advisory committees whenever necessary to advise them in the performance of their powers and duties pursuant to NRS 598.0903 to 598.0999, inclusive. Any such committee must be created by a regulation adopted in accordance with the provisions of chapter 233B of NRS. The regulation must specify:

1.  The membership of the committee;

2.  The duties of the committee and the purpose for which it is created;

3.  The period of existence of the committee; and

4.  The rules for the governance of the committee.

The membership of the committee must include a member who is a representative of any business or industry which may be affected by any advice provided by the committee. The members of an advisory committee created pursuant to this section serve without compensation unless an appropriation or other money for that purpose is provided by the Legislature.

NRS_598.096_Powers of Director, Commissioner and Attorney General._When the Commissioner, Director or Attorney General has cause to believe that any person has engaged or is engaging in any deceptive trade practice, he may:

1.  Request the person to file a statement or report in writing under oath or otherwise, on such forms as may be prescribed by the Commissioner, Director or Attorney General, as to all facts and circumstances concerning the sale or advertisement of property by the person, and such other data and information as the Commissioner, Director or Attorney General may deem necessary.

2.  Examine under oath any person in connection with the sale or advertisement of any property.

3.  Examine any property or sample thereof, record, book, document, account or paper as he may deem necessary.

4.  Make true copies, at the expense of the Consumer Affairs Division of the Department of Business and

1.  Industry, of any record, book, document, account or paper examined pursuant to subsection 3, which copies may be offered into evidence in lieu of the originals thereof in actions brought pursuant to NRS 598.097 and 598.0979.

5.  Pursuant to an order of any district court, impound any sample of property which is material to the deceptive trade practice and retain the property in his possession until completion of all proceedings as provided in NRS 598.0903 to 598.0999, inclusive. An order may not be issued pursuant to this subsection unless:

(a) The Commissioner, Director or Attorney General, and the court give the accused full opportunity to be heard; and

(b) The Commissioner, Director or Attorney General proves by clear and convincing evidence that the business activities of the accused will not be impaired thereby.

NRS 598.0963  Additional powers of Attorney General.

1. Whenever the Attorney General is requested in writing by the Commissioner or the Director to represent him in instituting a legal proceeding against a person who has engaged or is engaging in a deceptive trade practice, the Attorney General may bring an action in the name of the State of Nevada against that person on behalf of the Commissioner or Director.

2. The Attorney General may institute criminal proceedings to enforce the provisions of NRS 598.0903 to 598.0999, inclusive. The Attorney General is not required to obtain leave of the court before instituting criminal proceedings pursuant to this subsection.

3. If the Attorney General has reason to believe that a person has engaged or is engaging in a deceptive trade practice, the Attorney General may bring an action in the name of the State of Nevada against that person to obtain a temporary restraining order, a preliminary or permanent injunction, or other appropriate relief.

4. If the Attorney General has cause to believe that a person has engaged or is engaging in a deceptive trade practice, the Attorney General may issue a subpoena to require the testimony of any person or the production of any documents, and may administer an oath or affirmation to any person providing such testimony. The subpoena must be served upon the person in the manner required for service of process in this state or by certified mail with return receipt requested. An employee of the Attorney General may personally serve the subpoena.

NRS 598.0965  Commissioner or Director to provide investigative assistance to Attorney General; legal advice and guidance by Attorney General.

1. Within the limits of legislative appropriation and the availability of personnel, the Commissioner or Director shall provide investigative assistance, including the identification and use of relevant evidence in his possession, necessary for litigation referred to the Attorney General pursuant to NRS 598.0963 or 598.0979. The Attorney General shall provide legal advice and guidance to the Commissioner or Director in carrying out his powers and duties pursuant to NRS 598.0903 to 598.0999, inclusive, including the investigation of any alleged violation of those sections and the preparation for litigation.

2. Upon written request by the Attorney General, the Commissioner or Director may provide any investigative assistance, including evidence and information in his possession, for use in any action brought by the Attorney General pursuant to subsection 3 of NRS 598.0963. No request for assistance may be unreasonably denied.

NRS _598.0966__Revolving Account for Consumer Affairs Division: Creation; use; deposits; withdrawals; reimbursement; duties of Commissioner.

1. There is hereby created a Revolving Account for the Consumer Affairs Division of the Department of Business and Industry in the sum of $7,500, which must be used for the payment of expenses related to conducting an undercover investigation of a person who is allegedly engaging in a deceptive trade practice.

2. The Commissioner shall deposit the money in the Revolving Account in a bank or credit union qualified to receive deposits of public money as provided by law, and the deposit must be secured by a depository bond satisfactory to the State Board of Examiners.

3. The Commissioner or his designee may:

   (a) Sign all checks drawn upon the Revolving Account; and

   (b) Make withdrawals of cash from the Revolving Account.

4. Payments made from the Revolving Account must be promptly reimbursed from the legislative appropriation, if any, to the Consumer Affairs Division for the expenses related to conducting an undercover investigation of a person who is allegedly engaging in a deceptive trade practice. The claim for reimbursement must be processed and paid as other claims against the State are paid.

5. The Commissioner shall:

   (a) Approve any disbursement from the Revolving Account; and

   (b) Maintain records of any such disbursement.

NRS _598.0967_Commissioner and Director: Subpoenas; hearings; regulations.

1. The Commissioner and the Director, in addition to other powers conferred upon them by NRS 598.0903 to 598.0999, inclusive, may issue subpoenas to require the attendance of witnesses or the production of documents, conduct hearings in aid of any investigation or inquiry and prescribe such forms and adopt such regulations as may be necessary to administer the provisions of NRS 598.0903 to 598.0999, inclusive. Such regulations may include, without limitation, provisions concerning the applicability of the provisions of NRS 598.0903 to 598.0999, inclusive, to particular persons or circumstances.

2. Service of any notice or subpoena must be made as provided in N.R.C.P. 45(c).

NRS 598.097_Commissioner, Director and Attorney General: Equitable relief._If any person fails to cooperate with any investigation, as provided in NRS 598.096, or if any person fails to obey a subpoena issued by the Commissioner, Director or Attorney General pursuant to NRS 598.0963 or 598.0967, the Commissioner, Director or Attorney General may apply to any district court for

equitable relief. The application must state reasonable grounds showing that the relief is necessary to terminate or prevent a deceptive trade practice. If the court is satisfied of the reasonable grounds, the court may:

1. Grant injunctive relief restraining the sale or advertisement of any property by the person.

2. Require the attendance of or the production of documents by the person, or both.

3. Grant other relief necessary to compel compliance by the person.

NRS 598.0971 Orders for enforcement: Authority of Commissioner; judicial review and enforcement; civil penalty and equitable relief.

1. If, after an investigation, the Commissioner has reasonable cause to believe that any person has been engaged or is engaging in any deceptive trade practice in violation of NRS 598.0903 to 598.0999, inclusive, the Commissioner may issue an order directed to the person to show cause why the Commissioner should not order the person to cease and desist from engaging in the practice. The order must contain a statement of the charges and a notice of a hearing to be held thereon. The order must be served upon the person directly or by certified or registered mail, return receipt requested.

2. If, after conducting a hearing pursuant to the provisions of subsection 1, the Commissioner determines that the person has violated any of the provisions of NRS 598.0903 to 598.0999, inclusive, or if the person fails to appear for the hearing after being properly served with the statement of charges and notice of hearing, the Commissioner may make a written report of his findings of fact concerning the violation and cause to be served a copy thereof upon the person and any intervener at the hearing. If the Commissioner determines in the report that such a violation has occurred, he may order the violator to:

   (a) Cease and desist from engaging in the practice or other activity constituting the violation;

   (b) Pay the costs of conducting the investigation, costs of conducting the hearing, costs of reporting services, fees for experts and other witnesses, charges for the rental of a hearing room if such a room is not available to the Commissioner free of charge, charges for providing an independent hearing officer, if any, and charges incurred for any service of process, if the violator is adjudicated to have committed a violation of NRS 598.0903 to 598.0999, inclusive; and

   (c) Provide restitution for any money or property improperly received or obtained as a result of the violation.

      i. The order must be served upon the person directly or by certified or registered mail, return receipt requested. The order becomes effective upon service in the manner provided in this subsection.

13

2. Any person whose pecuniary interests are directly and immediately affected by an order issued pursuant to subsection 2 or who is aggrieved by the order may petition for judicial review in the manner provided in chapter 233B of NRS. Such a petition must be filed within 30 days after the service of the order. The order becomes final upon the filing of the petition.

3. If a person fails to comply with any provision of an order issued pursuant to subsection 2, the Commissioner may, through the Attorney General, at any time after 30 days after the service of the order, cause an action to be instituted in the district court of the county wherein the person resides or has his principal place of business requesting the court to enforce the provisions of the order or to provide any other appropriate injunctive relief.

4. If the court finds that:

   (a) The violation complained of is a deceptive trade practice;

   (b) The proceedings by the Commissioner concerning the written report and any order issued pursuant to subsection 2 are in the interest of the public; and

   (c) The findings of the Commissioner are supported by the weight of the evidence,

      ii. the court shall issue an order enforcing the provisions of the order of the Commissioner.

5. Except as otherwise provided in NRS 598.0974, an order issued pursuant to subsection 5 may include:

   (a) A provision requiring the payment to the Commissioner of a penalty of not more than $5,000 for each act amounting to a failure to comply with the Commissioner's order; or

   (b) Such injunctive or other equitable or extraordinary relief as is determined appropriate by the court.

6. Any aggrieved party may appeal from the final judgment, order or decree of the court in a like manner as provided for appeals in civil cases.

7. Upon the violation of any judgment, order or decree issued pursuant to subsection 5 or 6, the Commissioner, after a hearing thereon, may proceed in accordance with the provisions of NRS 598.0999.

NRS 598.0973 Civil penalty for engaging in deceptive trade practice directed toward an elderly or disabled person.
   1. Except as otherwise provided in NRS 598.0974, in any action brought pursuant to NRS 598.0979 to 598.099, inclusive, if the court finds that a person has engaged in a deceptive trade practice directed toward an elderly or disabled person, the court may, in addition to

any other civil or criminal penalty, impose a civil penalty of not more than $12,500 for each violation.

2.  In determining whether to impose a civil penalty pursuant to subsection 1, the court shall consider whether:

    (a) The conduct of the person was in disregard of the rights of the elderly or disabled person;

    (b) The person knew or should have known that his conduct was directed toward an elderly or disabled person;

    (c) The elderly or disabled person was more vulnerable to the conduct of the person because of the age, health, infirmity, impaired understanding, restricted mobility or disability of the elderly or disabled person;

    (d) The conduct of the person caused the elderly or disabled person to suffer actual and substantial physical, emotional or economic damage;

    (e) The conduct of the person caused the elderly or disabled person to suffer:

        (1) Mental or emotional anguish;

        (2) The loss of the primary residence of the elderly or disabled person;

        (3) The loss of the principal employment or source of income of the elderly or disabled person;

        (4) The loss of money received from a pension, retirement plan or governmental program;

        (5) The loss of property that had been set aside for retirement or for personal or family care and maintenance;

        (6) Te loss of assets which are essential to the health and welfare of the elderly or disabled person; or

        (7) Any other interference with the economic well-being of the elderly or disabled person, including the encumbrance of his primary residence or principal source of income; or

        (e) Any other factors that the court deems to be appropriate.

NRS 598.0974 Civil penalty prohibited under certain circumstances. A civil penalty must not be imposed against any person who engages in a deceptive trade practice pursuant to NRS 598.0903 to 598.0999, inclusive, in a civil proceeding brought by the Commissioner, Director or Attorney General

if a fine has previously been imposed against that person by the Department of Motor Vehicles pursuant to NRS 482.554, for the same act.

NRS 598.0975 Deposit and use of money collected pursuant to NRS 598.0903 to 598.0999, inclusive.

1.  Except as otherwise provided in subsection 1 of NRS 598.0999 and subsection 3, all fees, civil penalties and any other money collected pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive:

    (a) In an action brought by the Attorney General, Commissioner or Director, must be deposited in the State General Fund and may only be used to offset the costs of administering and enforcing the provisions of NRS 598.0903 to 598.0999, inclusive.

    (b) In an action brought by the district attorney of a county, must be deposited with the county treasurer of that county and accounted for separately in the county general fund.

2.  Money in the account created pursuant to paragraph (b) of subsection 1 must be used by the district attorney of the county for:

    (a) The investigation and prosecution of deceptive trade practices against elderly or disabled persons; and

    (b) Programs for the education of consumers which are directed toward elderly or disabled persons, law enforcement officers, members of the judicial system, persons who provide social services and the general public.

3.  The provisions of this section do not apply to:

    (a) Criminal fines imposed pursuant to NRS 598.0903 to 598.0999, inclusive; or

    (b) Restitution ordered pursuant to NRS 598.0903 to 598.0999, inclusive, in an action brought by the Attorney General. Money collected for restitution ordered in such an action must be deposited by the Attorney General and credited to the appropriate account of the Consumer Affairs Division of the Department of Business and Industry or the Attorney General for distribution to the person for whom the restitution was ordered.

NRS 598.0977 Civil action by elderly or disabled person against person who engaged in deceptive trade practice; remedies. If an elderly or disabled person suffers damage or injury as a result of a deceptive trade practice, he or his legal representative, if any, may commence a civil action against any person who engaged in the practice to recover the actual damages suffered by the elderly or disabled person, punitive damages, if appropriate, and reasonable attorney's fees. The collection of any restitution awarded pursuant to this section has a priority over the collection of any civil penalty imposed pursuant to NRS 598.0973.

NRS 598.0979 Restraining orders; injunctions; assurances of discontinuance.

1.  Notwithstanding the requirement of knowledge as an element of a deceptive trade practice, when the Commissioner or Director has cause to believe that a person has engaged or is engaging in any deceptive trade practice, knowingly or otherwise, he may request in writing that the Attorney General represent him in instituting an appropriate legal proceeding, including, without limitation, an application for an injunction or temporary restraining order prohibiting the person from continuing the practices. The court may make orders or judgments necessary to prevent the use by the person of any such deceptive trade practice or to restore to any other person any money or property which may have been acquired by the deceptive trade practice.

2.  Where the Commissioner or Director has the authority to institute a civil action or other proceeding, in lieu thereof or as a part thereof, he may accept an assurance of discontinuance of any deceptive trade practice. This assurance may include a stipulation for the payment by the alleged violator of:

    (a) The costs of investigation and the costs of instituting the action or proceeding;

    (b) Any amount of money which he may be required to pay pursuant to the provisions of NRS 598.0971 in lieu of any administrative fine; and

    (c) The restitution of any money or property acquired by any deceptive trade practice.

        i.  Except as otherwise provided in this subsection, any assurance of discontinuance accepted by the Commissioner or Director and any stipulation filed with the court is confidential to the parties to the action or proceeding and to the court and its employees. Upon final judgment by the court that an injunction or a temporary restraining order, issued as provided in subsection 1 of this section, has been violated, an assurance of discontinuance has been violated or a person has engaged in the same deceptive trade practice as had previously been enjoined, the assurance of discontinuance or stipulation becomes a public record. Proof by a preponderance of the evidence of a violation of an assurance constitutes prima facie evidence of a deceptive trade practice for the purpose of any civil action or proceeding brought thereafter by the Commissioner or Director, whether a new action or a subsequent motion or petition in any pending action or proceeding.

NRS 598.098 Disclosure of information by Commissioner or Director; regulations.

1.  NRS 598.0903 to 598.0999, inclusive, do not prohibit the Commissioner or Director from disclosing to the Attorney General, any district attorney or any law enforcement officer the fact that a crime has been committed by any person, if this fact has become known as a result of any investigation conducted pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive.

2. Subject to the provisions of subsection 2 of NRS 598.0979 and except as otherwise provided in this section, the Commissioner or Director may not make public the name of any person alleged to have committed a deceptive trade practice. This subsection does not:

   (a) Prevent the Commissioner or Director from issuing public statements describing or warning of any course of conduct which constitutes a deceptive trade practice.

   (b) Apply to a person who is subject to an order issued pursuant to subsection 5 of NRS 598.0971.

3. Upon request, the Commissioner may:

   (a) Disclose the number of written complaints received by the Commissioner during the current and immediately preceding 3 fiscal years. A disclosure made pursuant to this paragraph must include the disposition of the complaint disclosed.

   (b) Make public any order to cease and desist issued pursuant to subsection 5 of NRS 598.0971.

      i. This subsection does not authorize the Commissioner to disclose or make public the contents of any complaint described in paragraph (a) or the record of or any other information concerning a hearing conducted in relation to the issuance of an order to cease and desist described in paragraph (b).

4. The Commissioner may adopt regulations authorizing the disclosure of information concerning any complaint or number of complaints received by the Commissioner or Director relating to a person who has been convicted of violating a provision of NRS 598.0903 to 598.0999, inclusive.

NRS 598.0983 Actions by district attorney: Prerequisites.

1. Before instituting any action pursuant to NRS 598.0985 to 598.0997, inclusive, the district attorney shall ascertain whether or not the action in question is subject to the regulatory authority of any state agency, board, official or other authority established by virtue of the Nevada Revised Statutes except the regulatory or administrative authority provided to the Commissioner, Director or Attorney General by NRS 598.0903 to 598.0999, inclusive.

2. If the action is subject to such regulatory authority or any regulation adopted or any statutes administered by any state regulatory agency, board, official or other authority as provided in subsection 1, the district attorney shall not institute any proceeding under NRS 598.0985 to 598.0997, inclusive, until the state agency, board, official or other state regulatory authority has had reasonable time to investigate or take any appropriate action with respect to the alleged facts.

18

3.  For the purposes of this section, a reasonable time has elapsed if no final action or other disposition is made of any matter otherwise falling within the provisions of NRS 598.0903 to 598.0999, inclusive, within 30 days after the matter is referred to or brought to the attention of any state agency, board, official or other regulatory authority except the Commissioner, Director or Attorney General.

4.  This section does not prohibit the district attorney of any county from filing an action pursuant to the provisions of NRS 598.0985 to 598.099, inclusive, if the referral of any matters subject to the provisions of NRS 598.0903 to 598.0999, inclusive, to any state agency, board, official or other regulatory authority would cause immediate harm to the public of this state or endanger the public health, safety or welfare, and such facts are shown by affidavit or by verified complaint.

NRS 598.0985 Actions by district attorney: Injunctive relief. Notwithstanding the requirement of knowledge as an element of a deceptive trade practice, and notwithstanding the enforcement powers granted to the Commissioner or Director pursuant to NRS 598.0903 to 598.0999, inclusive, whenever the district attorney of any county has reason to believe that any person is using, has used or is about to use any deceptive trade practice, knowingly or otherwise, he may bring an action in the name of the State of Nevada against that person to obtain a temporary or permanent injunction against the deceptive trade practice.

NRS 598.0987 Actions by district attorney: Preliminary notice required before filing; exception. Except as otherwise provided in NRS 598.099, appropriate notice must be given by the district attorney to any person against whom an action is brought pursuant to NRS 598.0985. Such notice must state generally the relief sought and be served in accordance with NRS 598.0997 at least 10 days prior to the filing of the action.

NRS 598.0989 Actions by district attorney: Venue; powers of court. Any action brought pursuant to NRS 598.0963 or 598.0977 to 598.099, inclusive, may be brought:

1.  In a district court in the county in which the defendant resides or has his principal place of business;

2.  In the district court in Carson City if the parties consent thereto; or

3.  In the district court in any county where a deceptive trade practice has occurred.  Any court in which an action is brought pursuant to those sections may issue any temporary or permanent injunction in accordance with the Nevada Rules of Civil Procedure to restrain and prevent any violation of any provisions of NRS 598.0903 to 598.0999, inclusive, and such injunctions must be issued without bond.

NRS 598.099 Injunctions without prior notice. Whenever the district attorney or the Attorney General has reason to believe that the delay caused by complying with the notice requirement of NRS 598.0987 or the requirements of subsection 3 of NRS 598.0963 would cause immediate harm to the public of this state or endanger the public welfare, he may immediately institute an action for

injunctive relief, including a request for a temporary restraining order, upon proof of specific facts shown by affidavit or by verified complaint or otherwise that such immediate harm will be or is likely to be caused by the delay. The Attorney General shall give written notice of the filing by him of such an action to the Commissioner or Director. The Nevada Rules of Civil Procedure pertaining to the issuance of temporary restraining orders govern all actions instituted pursuant to this section.

NRS 598.0993 Relief for injured persons. The court in which an action is brought pursuant to NRS 598.0979 and 598.0985 to 598.099, inclusive, may make such additional orders or judgments as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any deceptive trade practice which violates any of the provisions of NRS 598.0903 to 598.0999, inclusive, but such additional orders or judgments may be entered only after a final determination has been made that a deceptive trade practice has occurred.

NRS 598.0995 Assurances of discontinuance.

1. In proceeding pursuant to subsection 3 of NRS 598.0963 or NRS 598.0987 to 598.0995, inclusive, the district attorney or Attorney General may accept an assurance of discontinuance with respect to any method, act or practice deemed to be a deceptive trade practice from any person who is engaged or is about to engage in the method, act or practice by following the procedures set forth in subsection 2 of NRS 598.0979.
2. Any assurance made pursuant to subsection 1 must be in writing and must be filed with and subject to the approval of the district court in the county in which the alleged violator resides or has his principal place of business, or the district court in any county where any deceptive trade practice has occurred or is about to occur or the district court agreed to by the parties.
3. An assurance of discontinuance made pursuant to subsections 1 and 2 is not an admission of violation for any purpose, but is subject to the terms, limitations and conditions of NRS 598.0979.

NRS 598.0997 Service of notices. Service of any notice under NRS 598.0985 to 598.0995, inclusive, shall be made by personal service within the State of Nevada, but if such service cannot be obtained, substituted service therefore may be made in any of the following ways:

1. Personal service thereof outside the State of Nevada;

2. The mailing thereof by registered or certified mail to the last known place of business, residence or both, whether inside or outside the State of Nevada, of such person for whom the notice is intended, in which event such service shall be deemed complete upon the third day following the mailing of any notice required under this section;

3. As to any person other than a natural person, service shall be in the manner provided in the Nevada Rules of Civil Procedure for completing service of process on such a person, corporation, association or organization; or

4. Such service as any district court may direct in lieu of personal service within the State of Nevada.

NRS 598.0999  Civil and criminal penalties for violations.

1. Except as otherwise provided in NRS 598.0974, a person who violates a court order or injunction issued pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive, upon a complaint brought by the Commissioner, the Director, the district attorney of any county of this State or the Attorney General shall forfeit and pay to the State General Fund a civil penalty of not more than $10,000 for each violation. For the purpose of this section, the court issuing the order or injunction retains jurisdiction over the action or proceeding. Such civil penalties are in addition to any other penalty or remedy available for the enforcement of the provisions of NRS 598.0903 to 598.0999, inclusive.

2. Except as otherwise provided in NRS 598.0974, in any action brought pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive, if the court finds that a person has willfully engaged in a deceptive trade practice, the Commissioner, the Director, the district attorney of any county in this State or the Attorney General bringing the action may recover a civil penalty not to exceed $5,000 for each violation. The court in any such action may, in addition to any other relief or reimbursement, award reasonable attorney's fees and costs.

3. A natural person, firm, or any officer or managing agent of any corporation or association who knowingly and willfully engages in a deceptive trade practice:

    (a) For the first offense, is guilty of a misdemeanor.

    (b) For the second offense, is guilty of a gross misdemeanor.

    (c) For the third and all subsequent offenses, is guilty of a category D felony and shall be punished as provided in NRS 193.130.

        i. The court may require the natural person, firm, or officer or managing agent of the corporation or association to pay to the aggrieved party damages on all profits derived from the knowing and willful engagement in a deceptive trade practice and treble damages on all damages suffered by reason of the deceptive trade practice.

5. Any offense which occurred within 10 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of subsection 3 when evidenced by a conviction, without regard to the sequence of the offenses and convictions.

6. If a person violates any provision of NRS 598.0903 to 598.0999, inclusive, 598.100 to 598.2801, inclusive, 598.305 to 598.395, inclusive, 598.405 to 598.525, inclusive, 598.741 to 598.787, inclusive, or 598.840 to 598.966, inclusive, fails to comply with a judgment or order of any court in this State concerning a violation of such a provision, or fails to comply with an assurance of discontinuance or other agreement concerning an

21

alleged violation of such a provision, the Commissioner or the district attorney of any county may bring an action in the name of the State of Nevada seeking:

    (a) The suspension of the person's privilege to conduct business within this State; or

    (b) If the defendant is a corporation, dissolution of the corporation.

      i.  The court may grant or deny the relief sought or may order other appropriate relief.

7.  If a person violates any provision of NRS 228.500 to 228.640, inclusive, fails to comply with a judgment or order of any court in this State concerning a violation of such a provision, or fails to comply with an assurance of discontinuance or other agreement concerning an alleged violation of such a provision, the Attorney General may bring an action in the name of the State of Nevada seeking:

    (a) The suspension of the person's privilege to conduct business within this State; or

    (b) If the defendant is a corporation, dissolution of the corporation.

      i.  The court may grant or deny the relief sought or may order other appropriate relief.

Title 38 - PUBLIC WELFARE

CHAPTER 422 - HEALTH CARE FINANCING AND POLICY

STATE PLAN FOR MEDICAID

**NRS 422.450  Definitions.**  As used in NRS 422.450 to 422.590, inclusive, unless the context otherwise requires, the words and terms defined in NRS 422.460 to 422.525, inclusive, have the meanings ascribed to them in those sections.

**NRS 422.460  "Benefit" defined.**  "Benefit" means a benefit authorized by the Plan.

**NRS 422.470  "Claim" defined.**  "Claim" means a communication, whether oral, written, electronic or magnetic, which is used to identify specific goods, items or services as reimbursable pursuant to the Plan, or which states income or expense and is or may be used to determine a rate of payment pursuant to the Plan.

**NRS 422.480  "Plan" defined.**  "Plan" means the State Plan for Medicaid established pursuant to NRS 422.271.

**NRS 422.490  "Provider" defined.**  "Provider" means a:

1. Person who has applied to participate or who participates in the Plan as the provider of goods or services; or

2. Private insurance carrier, health care cooperative or alliance, health maintenance organization, insurer, organization, entity, association, affiliation or person, who contracts to provide or provides goods or services that are reimbursed by or are a required benefit of the Plan.

**NRS 422.500  "Recipient" defined.**  "Recipient" means a natural person who receives benefits pursuant to the Plan.

**NRS 422.510  "Records" defined.**  "Records" means medical, professional or business records relating to the treatment or care of a recipient, or to a good or a service provided to a recipient, or to rates paid for such a good or a service, and records required to be kept by the Plan.

**NRS 422.520  "Sign" defined.**  "Sign" means to affix a signature directly or indirectly by means of handwriting, typewriter, stamp, computer impulse or other means.

**NRS 422.525  "Statement or representation" defined.**  "Statement or representation" includes, without limitation, a report, claim, certification, acknowledgment or ratification of:

1. Financial information;

2. An enrollment claim;

3. Demographic statistics;

4. Encounter data;

5. Health services available or rendered;

6. The qualifications of the persons rendering the health care or ancillary services; or

7. Any combination of subsections 1 to 6, inclusive.

**NRS 422.530  Responsibility for false claim, statement or representation.**  For the purposes of NRS 422.540 and 422.550:

1. A person shall be deemed to have known that a claim, statement or representation was false if he knew, or by virtue of his position, authority or responsibility had reason to know, of the falsity of the claim, statement or representation.

2. A person shall be deemed to have made or caused to be made a claim, statement or representation if he:

   a. Had the authority or responsibility to:

      i. Make the claim, statement or representation;

      ii. Supervise another who made the claim, statement or representation; or

      iii. Authorize the making of the claim, statement or representation,
   whether by operation of law, business or professional practice, or office procedure; and

   b. Exercised that authority or responsibility or failed to exercise that authority or responsibility and, as a direct or indirect result, the false claim, statement or representation was made.

**NRS 422.540  Offenses regarding false claims, statements or representations; penalties.**

1. A person, with the intent to defraud, commits an offense if with respect to the Plan he:

   (a) Makes a claim or causes it to be made, knowing the claim to be false, in whole or in part, by commission or omission;

   (b) Makes or causes to be made a statement or representation for use in obtaining or seeking to obtain authorization to provide specific goods or services, knowing the statement or representation to be false, in whole or in part, by commission or omission;

(c) Makes or causes to be made a statement or representation for use by another in obtaining goods or services pursuant to the Plan, knowing the statement or representation to be false, in whole or in part, by commission or omission; or

(d) Makes or causes to be made a statement or representation for use in qualifying as a provider, knowing the statement or representation to be false, in whole or in part, by commission or omission.

2.   A person who commits an offense described in subsection 1 shall be punished for a:

(a) Category D felony, as provided in NRS 193.130, if the amount of the claim or the value of the goods or services obtained or sought to be obtained was greater than or equal to $250.

(b) Misdemeanor if the amount of the claim or the value of the goods or services obtained or sought to be obtained was less than $250.

Amounts involved in separate violations of this section committed pursuant to a scheme or continuing course of conduct may be aggregated in determining the punishment.

3.   In addition to any other penalty for a violation of the commission of an offense described in subsection 1, the court shall order the person to pay restitution.

**NRS 422.550  Statement regarding truth and accuracy of applications, reports and invoices; perjury; presumption concerning person who signs statement on behalf of provider.**

1.   Each application or report submitted to participate as a provider, each report stating income or expense upon which rates of payment are or may be based, and each invoice for payment for goods or services provided to a recipient must contain a statement that all matters stated therein are true and accurate, signed by a natural person who is the provider or is authorized to act for the provider, under the pains and penalties of perjury.

2.   A person is guilty of perjury which is a category D felony and shall be punished as provided in NRS 193.130 if he signs or submits, or causes to be signed or submitted, such a statement, knowing that the application, report or invoice contains information which is false, in whole or in part, by commission or by omission.

3.       For the purposes of this section, a person who signs on behalf of a provider is presumed to have the authorization of the provider and to be acting at his direction.

**NRS 422.560  Offenses regarding sale, purchase or lease of goods, services, materials or supplies; penalty.**

1.   Except as otherwise provided in subsection 2, a person shall not:

(a) While acting on behalf of a provider, purchase or lease goods, services, materials or supplies for which payment may be made, in whole or in part, pursuant to the Plan, and

solicit or accept anything of additional value in return for or in connection with the purchase or lease;

(b) Sell or lease to or for the use of a provider goods, services, materials or supplies for which payment may be made, in whole or in part, pursuant to the Plan, and offer, transfer or pay anything of additional value in connection with or in return for the sale or lease; or

(c) Refer a person to a provider for goods or services for which payment may be made, in whole or in part, pursuant to the Plan, and solicit or accept anything of value in connection with the referral.

2. Paragraphs (a) and (b) of subsection 1 do not apply if the additional value transferred is:

(a) A refund or discount made in the ordinary course of business;

(b) Reflected by the books and records of the person transferring or receiving it; and

(c) Reflected in the billings submitted to the Plan.

3. A person shall not, while acting on behalf of a provider providing goods or services to a recipient pursuant to the Plan, charge, solicit, accept or receive anything of additional value in addition to the amount legally payable pursuant to the Plan in connection with the provision of the goods or services.

4. A person who violates this section, if the value of the thing or any combination of things unlawfully solicited, accepted, offered, transferred, paid, charged or received :

(a) Is less than $250, is guilty of a gross misdemeanor.

(b) Is $250 or more, is guilty of a category D felony and shall be punished as provided in NRS 193.130.

**NRS 422.570 Intentional failure to maintain adequate records; intentional destruction of records; penalties.**

1. A person is guilty of a gross misdemeanor if, upon submitting a claim for or upon receiving payment for goods or services pursuant to the Plan, he intentionally fails to maintain such records as are necessary to disclose fully the nature of the goods or services for which a claim was submitted or payment was received, or such records as are necessary to disclose fully all income and expenditures upon which rates of payment were based, for at least 5 years after the date on which payment was received.

2. A person who intentionally destroys such records within 5 years after the date payment was received is guilty of a category D felony and shall be punished as provided in NRS 193.130.

**NRS 422.580  Civil penalties for certain violations; liability of provider for excess amount unknowingly accepted; enforcement; use of money collected as penalty or repayment.**

1.  A provider who receives payment to which he is not entitled by reason of a violation of <u>NRS 422.540</u>, <u>422.550</u>, <u>422.560</u> or <u>422.570</u> is liable for:

    (a)  An amount equal to three times the amount unlawfully obtained;

    (b)  Not less than $5,000 for each false claim, statement or representation;

    (c)  An amount equal to three times the total of the reasonable expenses incurred by the State in enforcing this section; and

    (d)  Payment of interest on the amount of the excess payment at the rate fixed pursuant to <u>NRS 99.040</u> for the period from the date upon which payment was made to the date upon which repayment is made pursuant to the Plan.

2.  A criminal action need not be brought against the provider before civil liability attaches under this section.

3.  A provider who unknowingly accepts a payment in excess of the amount to which he is entitled is liable for the repayment of the excess amount. It is a defense to any action brought pursuant to this subsection that the provider returned or attempted to return the amount which was in excess of that to which he was entitled within a reasonable time after receiving it.

4.  The Attorney General shall cause appropriate legal action to be taken on behalf of the State to enforce the provisions of this section.

5.  Any penalty or repayment of money collected pursuant to this section is hereby appropriated to provide medical aid to the indigent through programs administered by the Department.

**NRS 422.590  Limitation and accrual of actions.**  An action brought pursuant to <u>NRS 422.540</u> to 422.580, inclusive, must be commenced within 4 years, but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting a violation of NRS 422.540 to 422.580, inclusive.