# EXHIBIT 7

# Table of Contents

Montana Unfair Trade Practices Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . pp. 1-6

Montana Medicaid Fraud Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .pp. 7-8

Montana False Claims Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .p. 9

MONTANA CODE ANNOTATED 2003

TITLE 30. TRADE AND COMMERCE
CHAPTER 14. UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION

Part 1. Consumer Protection Act

**30-14-101. Short title.** This part shall be cited as the "Montana Unfair Trade Practices and Consumer Protection Act of 1973".

**30-14-102. Definitions.** As used in this part, the following definitions apply:

1. "Consumer" means a person who purchases or leases goods, services, real property, or information primarily for personal, family, or household purposes.

2. "Department" means the department of administration created in 2-15-1001.

3. "Documentary material" means the original or a copy of any book, record, report, memorandum, paper, communication, tabulation, map, chart, photograph, mechanical transcription, or other tangible document or recording.

4. "Examination" of documentary material includes the inspection, study, or copying of documentary material and the taking of testimony under oath or acknowledgment in respect to any documentary material or copy of documentary material.

5. "Person" means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity.

6. "Trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services, any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value, wherever located, and includes any trade or commerce directly or indirectly affecting the people of this state.

**30-14-103. Unlawful practices.** Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

**30-14-104. Federal interpretation -- rules determining unfair competition and deception.**

1. It is the intent of the legislature that in construing 30-14-103 due consideration and weight shall be given to the interpretations of the federal trade commission and the federal courts relating to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C., 45(a)(1)), as amended.

2. The department may make rules interpreting the provisions of 30-14-103. Such rules shall not be inconsistent with the rules, regulations, and decisions of the federal trade commission and the federal courts in interpreting the provisions of section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C., 45(a)(1)), as amended.

### 30-14-105. Exemptions. This part does not apply to:

1. actions or transactions permitted under laws administered by the Montana public service commission or the state auditor; or

2. acts of a retail merchant, publisher, owner, agent, or employee of a newspaper, periodical, or radio or television station or advertising agency in the publication or dissemination of an advertisement when the merchant, publisher, owner, agent, or employee did not have knowledge of the false, misleading, or deceptive character of the advertisement.

### 30-14-106 through 30-14-110 reserved.

### 30-14-111. Department to restrain unlawful acts.

1. Whenever the department has reason to believe that a person is using, has used, or is about to knowingly use any method, act, or practice declared by 30-14-103 to be unlawful and that proceeding would be in the public interest, the department may bring an action in the name of the state against the person to restrain by temporary or permanent injunction or temporary restraining order the use of the unlawful method, act, or practice upon giving appropriate notice to that person.

2. The notice must state generally the relief sought and be served in accordance with 30-14-115 at least 20 days before the hearing of the action in which the relief sought is a temporary or permanent injunction. The notice for a temporary restraining order is governed by 27-19-315.

3. An action under this section may be brought in the district court in the county in which a person resides or has the person's principal place of business or in the district court of Lewis and Clark County.

4. A district court is authorized to issue temporary or permanent injunctions or temporary restraining orders to restrain and prevent violations of this part, and an injunction must be issued without bond.

### 30-14-112. Assurance of compliance.
In the administration of this part, the department may accept an assurance of voluntary compliance with respect to any method, act, or practice considered to be violative of this part from any person who has engaged or was about to engage in any such method, act, or practice. Any such assurance shall be in writing and be filed with and subject to the approval of the district court of the county in which the alleged violator resides or has his principal place of business or the district court of Lewis and Clark County. Assurance of voluntary compliance is not an admission of violation for any purpose. Matters thus closed may at any time be reopened by the department for further proceedings in the public interest, pursuant to 30-14-111.

**30-14-113. Investigative demand.**

1. When it appears to the department that the person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by this part or when the department believes it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by this part, the department may execute in writing and cause to be served upon any person who is believed to have information, documentary material, or physical evidence relevant to the alleged or suspected violation an investigative demand requiring such person to furnish, under oath or otherwise, a report in writing setting forth the relevant facts and circumstances of which he has knowledge or to appear and testify or produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, concerning the advertisement, sale, or offering for sale of any goods or services or the conduct of any trade or commerce that is the subject matter of the investigation.
2. At any time before the return date specified in an investigative demand or within 20 days after the demand has been served, whichever period is shorter, a petition to extend the return date or to modify or set aside the demand, stating good cause, may be filed in the district court of the county in which the person served with the demand resides or has his principal place of business or in the district court of Lewis and Clark County.

**30-14-114. Department authority.** To accomplish the objectives and to carry out the duties prescribed by this part, the department, in addition to other powers conferred upon it by this part, may issue subpoenas to any person, administer an oath or affirmation to any person, conduct hearings in aid of any investigation or inquiry, prescribe forms, and promulgate rules as may be necessary, which rules shall have the force of law; provided that none of the powers conferred by this part may be used for the purpose of compelling any natural person to furnish testimony or evidence which might tend to incriminate him or subject him to a penalty or forfeiture. Information obtained pursuant to the powers conferred by this part shall not be made public or disclosed by the department or its employees beyond the extent necessary for law enforcement purposes in the public interest.

**30-14-115. Service of process -- how made.** Service of any notice, demand, or subpoena under this part shall be made personally within this state, but if such cannot be obtained, substitute service may be made in the manner provided in the Montana Rules of Civil Procedure.

**30-14-116 through 30-14-120 reserved.**

**30-14-121. Duties of county attorney and attorney general.** It is the duty of the county attorney to lend to the department such assistance as the department may request in the commencement and prosecution of actions pursuant to this part. The county attorney or the attorney general, on request of the department or a county attorney, may initiate all procedures and prosecute actions in the same manner as provided for the department. If an action is prosecuted by the county attorney alone or the attorney general on request of the county attorney, the person prosecuting shall notify the department as to the nature of the action and the parties to the action within 30 days of the filing of the action. The county attorney or attorney general shall make a report thereon to the department within 30 days of the final disposition of the matter.

**30-14-122. Employment of investigator by county attorney.** The county attorney in first- and second-class counties may designate an employee to act as a full-time investigator.

**30-14-123 through 30-14-130 reserved.**

**30-14-131. Restoration -- court orders.**

1. The court may enter orders or judgments necessary to restore to a person any money or property, real or personal, that may have been acquired by means of any practice in this part declared to be unlawful, including the appointment of a receiver or the revocation of a license or certificate authorizing that person to engage in business in this state, or both.

2. The court may enter any other order or judgment required by equity to carry out the provisions of this part.

**30-14-132. Powers of receiver -- proof of damages -- jurisdiction.**

1. When a receiver is appointed by the court pursuant to this part, he has the power to sue for, collect, receive, and take into his possession all goods and chattels, rights and credits, moneys and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes, and property of every description derived by means of any practice declared to be illegal and prohibited by this part, including property with which such property has been mingled if it cannot be identified in kind because of such commingling, and to sell, convey, and assign the same and hold and dispose of the proceeds thereof under the direction of the court.

2. Any person who has suffered damages as a result of the use or employment of any unlawful practice and submits proof to the satisfaction of the court that he has in fact been damaged may participate with general creditors in the distribution of the assets to the extent he has sustained out-of-pocket losses.

3. In the case of a partnership or business entity, the receiver shall settle the estate and distribute the assets under the direction of the court.

4. The court has jurisdiction of all questions arising in the proceedings and may make orders and judgments as may be required.

**30-14-133. Damages -- notice to public agencies -- attorney fees -- prior judgment as evidence.**

1. A consumer who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an individual but not a class action under the rules of civil procedure in the district court of the county in which the seller, lessor, or service provider resides or has its principal place of business or is doing business to recover actual damages or $500, whichever is greater. An individual claim may be brought in justice's court. The court may, in its discretion, award up to three times the actual damages sustained and may provide any other equitable relief that it considers necessary or proper.

4

2. Upon commencement of any action brought under subsection (1), the clerk of court shall mail a copy of the complaint or initial pleading to the department and the appropriate county attorney and, upon entry of any judgment or decree in the action, shall mail a copy of the judgment or decree to the department and the appropriate county attorney.

3. In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action. A person who brings an action on the person's own behalf without an attorney may receive attorney fees at the judge's discretion.

4. Any permanent injunction, judgment, or order of the court made under 30-14-111 is prima facie evidence in an action brought under this section that the respondent used or employed a method, act, or practice declared unlawful by 30-14-103.

**30-14-134. Enforcement of department orders -- contempt.** If any person fails or refuses to file any statement or report or obey any subpoena or investigative demand issued by the department, the department may, after notice, apply to the district court and, after hearing thereon, request an order:

1. granting injunctive relief to restrain the person from engaging in the advertising or sale of any merchandise or the conduct of any trade or commerce that is involved in the alleged or suspected violation;

2. vacating, annulling, or suspending the corporate charter of a corporation created by or under the laws of this state; revoking or suspending the certificate of authority to do business in this state of a foreign corporation; or revoking or suspending any other licenses, permits, or certificates issued pursuant to law to such person which are used to further the allegedly unlawful practice; and

3. granting such other relief as may be required until the person files the statement or report or obeys the subpoena or investigative demand. Any disobedience of any final order entered under this section by any court shall be punished as a contempt thereof.

**30-14-135 through 30-14-140 reserved.**

**30-14-141. Dissolution or forfeiture of corporate franchise.** Upon petition by the department, the district court may, in its discretion, order the dissolution, suspension, or forfeiture of franchise of any corporation which violates the terms of any injunction issued under 30-14-111.

**30-14-142. Penalties.**

1. In addition to any fine that a person might be subject to under subsection (2), a person who violates the terms of an injunction or temporary restraining order issued under 30-14-111 shall forfeit and pay to the state a civil fine of not more than $10,000 for each violation. For the purposes of this section, the district court issuing an injunction or temporary restraining order retains jurisdiction and the cause must be continued, and in those cases, the department, acting in the name of the state, may petition for recovery of civil penalties.

5

2. In an action brought under 30-14-111, if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by 30-14-103, the department, upon petition to the court, may recover on behalf of the state a civil fine of not more than $10,000 for each violation. The fine provided for in this subsection is in addition to any liability that a person might be subject to under subsection (1).

3. A person who engages in a fraudulent course of conduct declared unlawful by 30-14-103 shall upon conviction be fined an amount not more than $5,000, imprisoned for not more than 1 year, or both, in the discretion of the court. This subsection does not limit any other provision of this part.

4. For purposes of this section, a willful violation occurs when the party committing the violation knew or should have known that the conduct was a violation of 30-14-103.

**30-14-143. Disposition of civil fines, costs, and fees.**

1. All civil fines, costs, and fees received or recovered by the department pursuant to this part must be deposited into a state special revenue account to the credit of the department and must be used to defray the expenses of the department in discharging its administrative and regulatory powers and duties in relation to this part. Any excess civil fines, costs, or fees must be transferred to the general fund.

2. All civil fines, costs, and fees received or recovered by the attorney general pursuant to this part must be deposited into a state special revenue account to the credit of the attorney general and must be used to defray the expenses of the office of the attorney general in discharging its regulatory powers and duties in relation to this part. Any excess civil fines, costs, or fees must be transferred to the general fund.

3. All civil fines, costs, and fees received or recovered by a county attorney pursuant to this part must be paid to the general fund of the county where the action was commenced.

MONTANA CODE ANNOTATED 2003

TITLE 53. SOCIAL SERVICES AND INSTITUTIONS
CHAPTER 6. HEALTH CARE SERVICES

Part 1. Medical Assistance -- Medicaid

**53-6-160. Truthfulness, completeness, and accuracy of submissions to Medicaid agencies.**

1. (1) A person who submits to a Medicaid agency an application, claim, report, document, or other information that is or may be used to determine eligibility for Medicaid benefits, eligibility to participate as a provider, or the right to or the amount of payment under the Medicaid program is considered to represent to the department, to the best of the person's knowledge and belief, that the item is genuine and that its contents, including all statements, claims, and representations contained in the document, are true, complete, accurate, and not misleading.

2. 
    a. A provider has a duty to exercise reasonable care to ensure the truthfulness, completeness, and accuracy of all applications, claims, reports, documents, and other information and of all statements and representations made or submitted, or authorized by the provider to be made or submitted, to the department for purposes related to the Medicaid program. The duty applies whether the applications, claims, reports, documents, other information, statements, or representations were made or submitted, or authorized by the provider to be made or submitted, on behalf of the provider or on behalf of an applicant or recipient being served by the provider.

    b. A provider has a duty to exercise reasonable care to ensure that a claim made or submitted to the department or its agents or employees for payment or reimbursement under the Medicaid program is one for which the provider is entitled to receive payment and that the service or item is provided and billed according to all applicable Medicaid requirements, including but not limited to identification of the appropriate procedure code or level of service and provision of the service by a person, facility, or other provider entitled to receive Medicaid payment for the particular service.

3. A person is considered to have known that a claim, statement, or representation related to the Medicaid program was false if the person knew, or by virtue of the person's position, authority, or responsibility should have known, of the falsity of the claim, statement, or representation.

4. A person is considered to have made or to have authorized to be made a claim, statement, or representation if the person:
    a. had the authority or responsibility to:
        i. make the claim, statement, or representation;

7

      ii. supervise another who made the claim, statement, or representation; or

      iii. authorize the making of the claim, statement, or representation, whether by operation of law, business or professional practice, or office policy or procedure; and

  b. exercised or failed to exercise that authority or responsibility and, as a direct or indirect result, the false statement was made, resulting in a claim for a service or item when the person knew or had reason to know that the person was not entitled under applicable statutes, regulations, rules, or policies to Medicaid payment or benefits for the service or item or for the amount of payment requested or claimed.

5.
  a. There is an inference that a person who signs or submits a document to a Medicaid agency on behalf of or in the name of a provider is authorized by the provider to do so and is acting under the provider's direction.

  b. For purposes of this section, the term "signs" includes but is not limited to the use of facsimile, computer-generated and typed, or block-letter signatures.

6. The department shall directly or by contract provide a program of instruction and assistance to persons submitting applications, claims, reports, documents, and other information to the department concerning the completion and submission of the application, claim, report, document, or other information in a manner determined necessary by the department. The program must include:

  a. clear directions for the completion of applications, claims, reports, documents, and other information;

  b. examples of properly completed applications, claims, reports, documents, and other information;

  c. a method by which persons submitting applications, claims, reports, documents, and other information may, on a case-by-case basis, receive accurate, complete, specific, and timely advice and directions from the department before the completed applications, claims, reports, documents, and other information must be submitted to the department; and

  d. a method by which persons submitting applications, claims, reports, documents, and other information may challenge the department's interpretation or application of the manner in which the applications, claims, reports, documents, and other information must be completed.

7. This section applies only for the purpose of civil liability under Title 53 and does not apply in a criminal proceeding.

# MONTANA CODE ANNOTATED 2003

## TITLE 17. STATE FINANCE
## CHAPTER 8. DISBURSEMENT AND EXPENDITURE

### Part 2. Claims

**17-8-231. Liability for false claims.**

1. A person who knowingly presents or causes to be presented a false, fictitious, or fraudulent claim for allowance or payment to any state agency or its contractors forfeits the claim, including any portion that may be legitimate, and in addition is subject to a penalty of not to exceed $2,000 plus double the damages sustained by the state as a result of the false claim, including all legal costs.

2. The forfeiture and the penalty may be sued for in the same suit.