IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *State of Montana v. Abbott Labs., Inc., et al.*, CA No. 02-CV-12084-PBS | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br> Judge Patti B. Saris <br><br><br><br><br> REQUEST FOR ORAL ARGUMENT |

## BAYER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Bayer Corporation ("Bayer") respectfully moves this Court to enter summary judgment against the State of Montana on all counts of its Second Amended Complaint as it relates to Bayer. In support of this motion, Bayer submits the accompanying Memorandum in Support of Bayer's Motion for Summary Judgment and Bayer's Local Rule 56.1 Statement of Undisputed Facts in Support of Motion for Summary Judgment and the materials cited therein.[1] The further grounds for this Motion are as follows:

1.  The State brings both "AWP fraud" and "best price fraud" claims against Bayer. Both sets of claims are substantially barred by Bayer's 2001 and 2003 Settlement Agreements with the State of Montana.

---

[1] Additional grounds in support of Bayer's Motion are set forth in the Memorandum of Law in Support of Joint Defendants' Motion for Summary Judgment and the Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment and the materials cited therein.

2. In its June 10, 2004 Memorandum Opinion and Order, this Court dismissed the State's claims as to all drugs covered by those Agreements. *In re Pharm. Indus. Average Wholesale Price Litig.*, 321 F. Supp 2d 187, 208 (D. Mass. 2004).

3. Pursuant to the terms of the 2001 Settlement Agreement, Bayer has reported the average sales prices ("ASPs") for *every one of its drugs* to the State of Montana on a quarterly basis since 2001. Recognizing that Bayer's ASP reporting undercuts its claims, the State has expressly abandoned any AWP fraud claim relating to any Bayer drug for the post-settlement time period.

4. The State has no evidence of any best price violation by Bayer. Its only allegations relate to claims that were expressly settled and released under the 2003 Agreement.

5. Thus, Bayer stands in a unique posture in this litigation. Nearly all of the State's claims have been released in settlement agreements, dismissed by the Court, or abandoned by the State. What remains suffers from a complete failure of proof sufficient to create any genuine issue of material fact. Bayer's specific arguments as to each Bayer drug at issue in the case are summarized below.

6. **Gamimune, Koate, and Kogenate.** The State's AWP fraud claims as to Gamimune, Koate, and Kogenate fail because:

- The 2001 Settlement bars any claims as to these products arising prior to the settlement;
- Montana has abandoned any post-settlement claims.

These claims also fail because Gamimune, Koate, and Kogenate are physician-administered multi-source drugs, and such drugs are generally not reimbursed based upon AWP and otherwise do not fit the State's theory of fraud.

7. **Cipro.**  The State's AWP fraud claims as to Bayer's Cipro products fail because:

- The State has conceded that it has no claims for Cipro arising after the 2001 Settlement;
- The 2001 Settlement did not include Cipro for a reason — Cipro's AWPs always maintained a precise, lockstep relationship with the list price at which Bayer made the vast majority of its sales — making it impossible for the State to prove AWP manipulation or marketing of the spread.

In addition, the State cannot prove causation for Cipro because the State has admitted (and its post-settlement conduct reflects) that the provision of actual ASPs to the State pre-settlement would have made no difference in the amount of the State's payments for Cipro.

8. **Mithracin and DTIC-Dome.**  The State's claims as to Mithracin and DTIC-Dome fail because:

- The State has abandoned any claims arising after the 2001 Settlement;
- Both Mithracin and DTIC-Dome are outmoded therapies that Bayer has not marketed or promoted in over twenty years;
- The State admits that it made no purchases of Mithracin in the relevant time period; and
- The State made no purchases of DTIC-Dome within the two-year statute of limitations under MONT. CODE ANN. § 27-2-211(1)(c).

3

The State's claims as to DTIC-Dome also fail because DTIC-Dome is a physician-administered multi-source drug, and such drugs are not reimbursed based upon AWP and otherwise do not fit the State's theory of fraud.

9. **Best Price Claims (Cipro and Adalat).**  Montana's best price claims are precluded by Bayer's 2003 Settlement Agreement with the State of Montana. Recognizing the settlement's preclusive effect, the Court in its June 10, 2004 ruling dismissed "all fraud claims concerning drugs covered by the . . . 2003 settlement[] between Montana and Bayer." *In re Pharm. Indus. AWP Litig.*, 321 F. Supp 2d at 208. While the door remained open for the State to attempt to prove best price claims outside the scope of the agreement, Montana has failed to adduce any such evidence.

WHEREFORE, for the reasons stated above, as well as those stated in the accompanying supporting Memorandum and the Defendants' Joint Memorandum in Support of Their Motion for Summary Judgment, Bayer respectfully requests that the Court grant its Motion and enter summary judgment against Montana on all counts of the State's Complaint.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d) the undersigned counsel hereby request oral argument on the issues set forth in this motion and the accompanying memorandum of law and declarations.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certify that counsel for defendants conferred with counsel for plaintiffs regarding the issues addressed in this motion, but were unable to resolve or further narrow the issues.

Respectfully submitted,

Dated:  February 8, 2007         _____/s/ Richard D. Raskin_____
                                 Richard D. Raskin
                                 Michael Doss
                                 Ben Keith
                                 SIDLEY AUSTIN LLP
                                 One South Dearborn Street
                                 Chicago, Illinois  60603
                                 312-853-7000 (tel.)
                                 312-853-7036 (facsimile)

## CERTIFICATE OF SERVICE

       I hereby certify that on February 8, 2007, I caused a true and correct copy of Defendant Bayer Corporation's Motion for Summary Judgment to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                                 /s/ Michael Doss