UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRIES AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-cv-12257 |
| **THIS DOCUMENT RELATES TO:**<br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**MDL PLAINTIFFS' JOINDER TO THE UNITED STATES' MOTION TO COMPEL ABBOTT TO PRODUCE ALL DISCOVERY REQUIRED BY CMOs 5 AND 10**

MDL Plaintiffs, by their undersigned counsel, hereby join the United States' Motion to Compel Abbott to Produce All Discovery Required By CMOs 5 and 10 [Doc. No. 3529].

Specifically, as the United States has sought documents produced by Abbott in the MDL proceeding, MDL Plaintiffs have likewise sought documents produced in government AWP-related proceedings. While Abbott has produced deposition transcripts from the West Virginia AWP proceeding and some CID deposition transcripts from the Texas AWP proceeding, and while Abbott agreed in October 2006 *but never actually did produce* some post-CID transcripts from the Texas AWP proceeding, ultimately the issue of sharing documents with government plaintiffs has never been resolved with Abbott. *See* Declaration of Jennifer Fountain Connolly ("Connolly Decl.") ¶ 2, Ex. 1. Instead, as it has with the United States, Abbott has taken the position that it may pick and choose the documents that are relevant to Plaintiffs' claims.[1] In its Opposition [Document No. 3583], for example, Abbott says that it will make documents

---

[1] With regard to MDL Plaintiffs only, Abbott has likewise taken the position that Track 2 discovery has concluded. That issue has been briefed by the parties elsewhere and will not be addressed here.

available only if they are related to the drugs on which each plaintiff sued. *See id.* at 3. This cuts the federal rules' definition of "relevance" too thin, however. For example, many of the Abbott drugs at issue in the MDL proceeding are multi-source drugs. There are not entire sales forces and marketing departments dedicated to each drug. It simply makes no sense to say that marketing the spread of one drug is not relevant to whether the spread was marketed for another drug advertised and sold by the same individuals.

On their part, MDL Plaintiffs are ready, willing and able to make all documents produced by Abbott in the MDL proceeding available to the United States or any other government plaintiffs in this proceeding. However, Abbott has taken the position that MDL Plaintiffs cannot make these documents available to the United States or any other government plaintiff, and that MDL Plaintiffs cannot have copies of documents Abbott has produced to the United States or any other government plaintiff. Specifically, on November 14, 2006, in the midst of the Track 1 Class 2/Class 3 trial, Abbott's counsel contacted Plaintiffs' counsel to ensure that no such sharing was occurring. *See* Connolly Decl. ¶ 3. While MDL Plaintiffs have assured Abbott that there is no such sharing going on pending a resolution of this issue by the Court, Plaintiffs of course believe the most sensible solution is to allow sharing to occur.

Although Abbott has characterized it this way, this is not an issue of wholesale "sharing" of documents. Allowing, for example, the United States to have access to and use documents produced by Abbott to MDL Plaintiffs will facilitate jointly noticed depositions. Otherwise, each time the deposition of an Abbott deponent is noticed, that deponent will have to be made available on sequential days for each plaintiff or sets of plaintiffs who have claims against Abbott in the MDL. For example, recently one of Co-Lead Counsel for Plaintiffs, Don Haviland, notified Abbott of his intention to appear on behalf of MDL Plaintiffs at the

depositions of two Abbott employees which had been noticed by the Texas OAG and cross-noticed by the United States. While coordinating with these other plaintiffs' counsel about the depositions, it became clear that Abbott had withheld substantial documents from the Texas OAG, and vice-versa. *See* Connolly Decl. ¶ 4 (attaching January 22, 2007 letter from Raymond Winter). Even though the parties (including counsel for the Relator, the United States, and the State of Texas) convened a conference call to resolve these issues, on that call Abbott's counsel merely reiterated its position that there should be no sharing between any plaintiffs. Such an obstructionist position has left the various plaintiff parties at a loss as to how to conduct coordinated discovery in a meaningful way.

Abbott's arbitrary line-drawing is contrary to the purpose of having an MDL proceeding in the first instance. It serves the interests of the parties and this Court to permit the coordination proposed by the United States in its Motion. That Motion should be granted.

DATED: February 8, 2007

By: /s/ Jennifer Fountain Connolly
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496b-6611

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

***Co-Lead Counsel For Plaintiffs***

## CERTIFICATE OF SERVICE

     I hereby certify that I, Jennifer Fountain Connolly, an attorney, caused a true and correct copy of the foregoing ***MDL Plaintiffs' Joinder to the United States' Memorandum in Support of Its Motion to Compel Abbott to Produce All Discovery Required By CMOs 5 and 10*** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 9, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.


     By: /s/ Jennifer Fountain Connolly
     Jennifer Fountain Connolly
     Wexler Toriseva Wallace LLP
     One North LaSalle St., Suite 2000
     Chicago, IL  60602
     Telephone:  (312) 346-2222