**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | NO. 1456 <br><br> Civil Action No. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> *State of Nevada v. American Home Prods. Corp., et al.,* <br> D. Nev. Cause No. CV-N-02-0202-ECR | |

**MEMORANDUM IN SUPPORT PFIZER'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pfizer Inc. ("Pfizer") submits this Memorandum regarding the state's Best Price fraud claim in further support of its motion for partial summary judgment.[1]

## I.  INTRODUCTION

The State of Nevada claims that Pfizer committed "Best Price" fraud with respect to the Pfizer drug Lipitor.[2] However, the discovery record developed in this case does not contain any documents or information suggesting, let alone supporting, any Lipitor "Best Price" fraud. Because Nevada lacks any support for its "Best Price" allegations, summary judgment should be entered in favor of Pfizer on the "Best Price" fraud claims.

---

[1] Pfizer also fully joins in the Defendants' Joint Motion for Summary Judgment, and makes this Motion for Partial Summary Judgment as to Count V of Nevada's Amended Complaint.

[2] Nevada's "Best Price" claims against Pfizer were dismissed as to all drugs but Lipitor in the Court's June 10, 2004 Memorandum and Order. *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 321 F. Supp. 2d 187, 208 (D. Mass. 2004).

**II.     ARGUMENT**

The allegations in the Nevada Complaint solely address a federal government and state settlement involving Lipitor.  (Nevada Complaint ¶¶ 383 - 403; *see also* Local Rule 56.1 Statement of Pfizer Inc. in Support of Motion for Partial Summary Judgment ("Pfizer 56.1 Stmt.") ¶ 1), (Smith-Klocek Decl. Exh. 1 at ¶ II(C)).  The settlement involved Warner-Lambert's unrestricted educational grants to the Ochsner Health Plan in New Orleans, Louisiana in 1999, allegedly in exchange for unrestricted formulary status for Lipitor and a market-share contract.[3]  Pfizer 56.1 Stmt. ¶ 2.  The federal government and the states alleged that with respect to the 1999 grants "Warner-Lambert misreported and underpaid its Medicaid rebates to states participating in the Medicaid Rebate Program by calculating its Best Price for Lipitor without factoring in the value of all unrestricted educational grants and rebates that were, in fact, discounts off the purchase price of Lipitor paid to Ochsner . . . [and] were not disclosed to the states or the federal government."  Smith-Klocek Decl. Exh. 1 at ¶ II(C).

Warner-Lambert denied the contentions and denied any liability relating to the contentions and allegations.  Smith-Klocek Decl. Exh. 1 at ¶ II(F).  To "avoid the delay, uncertainty, inconvenience and expense of protracted litigation on the claims," the parties reached a full and final settlement on the claims.  Smith-Klocek Decl. Exh. 1 at ¶ II(G).  However, the settlement was reached after the parties agreed, and incorporated into the agreement, that the "Settlement Agreement [did] not constitute an admission by Warner-Lambert of any liability or wrongful conduct."  Pfizer 56.1 Stmt. ¶ 3, Smith-Klocek Decl. Exh. 1 at

---

[3]     The educational grants were made by the Parke Davis Division of Warner-Lambert.  The allegations and "Covered Conduct" in the Settlement Agreement occurred prior to the June 2000 merger of Warner-Lambert into Pfizer Inc.  Smith-Klocek Decl. Exh. 1 at ¶ I(F).

2

¶ II(F).  Unlike the majority of states, Nevada chose not to participate in the Settlement Agreement.

The fact that the federal government and most states participated in the Lipitor settlement and received a share of the settlement proceeds is not evidence of wrongdoing on Pfizer's part, and does not support the "Best Price" fraud allegations in paragraphs 383 to 403 of Nevada's Complaint.  Furthermore, after years of discovery, Nevada does not have a single piece of evidence supporting (or even relating to) its "Best Price" fraud claim; rather, it has only the allegations in the Complaint relating to the Settlement Agreement.  Thus, Pfizer is entitled to summary judgment on Count V of Nevada's Amended Complaint regarding "Best Price" fraud.

### III. CONCLUSION

For the reasons set forth above, summary judgment should be granted in favor of Pfizer on Count V of Nevada's Amended Complaint.

Respectfully submitted,

Dated: February 8, 2007

   /s/ Mark D. Smith_____
Mark D. Smith
LAREDO & SMITH, LLP
15 Broad Street, Suite 600
Boston, MA 02109
Tel: (617) 367-7984
Fax: (617) 367-6475

John C. Dodds
Erica Smith-Klocek
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001

Scott A. Stempel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 739-3000
Fax: (202) 739-3001

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2007, a true and accurate copy of the Memorandum in Support of Pfizer's Motion for Partial Summary Judgment was served upon all counsel of record via the Lexis-Nexis Filing System:

DATED:  February 8, 2007.

      /s/ Mark D. Smith