UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | Judge Patti B. Saris |
| *State of Nevada v. American Home Products, et al.*,<br>CA No. CV-12086-PBS<br>D. Nev. Cause No. CV-N-02-0202-ECR | |

### FUJISAWA USA, INC. AND FUJISAWA HEALTHCARE, INC.'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc. (hereinafter referred to collectively as "Fujisawa") submit this statement of material facts as to which there is no genuine issue of dispute in support of Defendants' Joint Motion for Summary Judgment and Fujisawa's Individual Memorandum in Support of Defendants' Motion for Summary Judgment. Fujisawa's Rule 56.1 Statement both supplements and incorporates by reference Defendants' Joint Local Rule 56.1 Statement of Undisputed Material Facts.

Fujisawa has filed the Declaration of Lasagne A. Wilhite in support of this Rule 56.1 Statement and Fujisawa's Individual Memorandum in Support of Defendants' Motion for Summary Judgment. The exhibits attached to the Wilhite Declaration are referenced herein with numbers that correspond to the exhibit numbers identified in this Rule 56.1 Statement.

## I. THE FUJISAWA DEFENDANTS' PHARMACEUTICAL BUSINESS IS UNIQUE.

1. Fujisawa USA, Inc. and Fujisawa Healthcare Inc. are named as defendants in Plaintiff's complaint. *See* NV Am. Compl. ¶¶ 48-51.

2.  Fujisawa USA, Inc. ("FUSA") was a Delaware corporation headquartered in Deerfield, Illinois. It was dissolved in December, 1998. Prior to its dissolution, it manufactured and sold branded and generic drugs. *See* Affidavit of Steven Knowles, dated 2/6/07, ¶ 3 (hereinafter "Knowles Aff.") (Ex. A).

3.  Fujisawa Healthcare, Inc. ("FHI") was a Delaware corporation headquartered in Deerfield, Illinois. It was dissolved in March, 2005. It manufactured and sold only branded drugs. *See* Knowles Aff. ¶ 4

4.  Both FUSA and FHI were formerly wholly owned subsidiaries of Fujisawa Pharmaceutical Co., Ltd., a company organized under the laws of Japan and publicly traded in Japan. *See* Knowles Aff. ¶ 4

5.  On April 1, 2005, FHI was merged into a Delaware corporation now known as Astellas U.S. Holding, Inc. Its parent is a Japanese corporation, Astellas Pharma Inc. Astellas is the successor company to FUSA and FHI. *See* Knowles Aff. ¶ 5.

6.  On May 31, 1998, FUSA sold its generic drug business to American Pharmaceutical Partners ("APP"). APP is a company incorporated in the state of Delaware, and is completely separate and distinct from FUSA, FHI and Astellas. APP has not been named as a defendant in this litigation. *See* NV Am. Compl. at 5-12.

7.  The sale of FUSA's generic business to APP was an "arms length" transaction. It included the transfer of all equipment, personnel and records involved in the manufacture and sale of every generic drug manufactured by FUSA. The generic drugs included the following drugs: acyclovir sodium; dexamethasone sodium phosphate; doxorubicin hydrochloride; fluorouracil; gentamicin sulfate; vinblastine sulfate; and vancomycin hydrochloride. *See* Knowles Aff. ¶ 7.

2

8. None of the generic drugs listed in the previous paragraph have been manufactured or sold by FUSA, FHI or Astellas since May 31, 1998. After May 31, 1998, Fujisawa did not retain any authority or legal responsibility for transactions involving the drugs listed above. Fujisawa has not made any representation as to the price of the drugs listed in the previous paragraph since May 31, 1998, except to the extent such representations were necessary in connection with sales made prior to May 31, 1998. *See* Knowles Aff. ¶ 8.

9. Among the drugs that Fujisawa has manufactured, many are "multi-source" drugs. This means that Fujisawa is not the only manufacturer and/or distributor of the drugs. The drugs have multiple manufacturers or packagers, and no longer have trademark or patent protection by Fujisawa. *See* Knowles Aff. ¶ 9.

10. Fujisawa's multi-source drugs include the following drugs: acyclovir sodium; Aristocort® (triamcinilone, triamcinilone diacetate or triamcinilone acetonide); Aristospan® (triamcinilone hexacetonide); Cefizox® (ceftizomine sodium or ceftizoxime in d5w), Cyclocort® (amcinonide); dexamethasone sodium phosphate; doxorubicin hydrochloride; flourouracil; gentamicin sulfate; vancomycin hydrochloride; NebuPent® (pentamidine isethionate); Pentam 300® (pentamidine isethionate); and vinblastine sulfate. *See* Knowles Aff. ¶ 9; Expert Rep. of Steven Young in Support of Track 2 Defs' Opp'n to Class Certification, Ex. 3-c at 1, 3 & n.3, Ex. 3-d at 1 & n.3, Ex. 4-B at 1-4, and Ex. 6 (June 15, 2006) (excerpts) ("Young Rep.") (Ex. B) (presenting analyses identifying drugs as "multi-source" and/or reflecting data presenting drugs for multiple manufacturers); 2002 Redbook (excerpts) (Ex. C) (listing multiple manufacturers and/or packagers for Fujisawa drugs); 1995 Redbook (excerpts) (Ex. D) (same); 1991 Redbook (excerpts) (Ex. E) (same); Sec. Am. Compl. Appendix A (naming generics under various manufacturers).

3

11. Another category of drugs that Fujisawa has manufactured is physician-administered drugs. These drugs must be administered by a physician or another certified caregiver (*e.g.*, by injection). The physician-administered drugs include acyclovir sodium; Aristospan® (triamcinilone hexacetonide); Cefizox® (ceftizomine sodium or ceftizoxime in d5w); dexamethasone sodium phosphate; doxorubicin hydrochloride; flourouracil; gentamicin sulfate; vancomycin hydrochloride; NebuPent® (pentamidine isethionate); Pentam 300® (pentamidine isethionate); and vinblastine sulfate. *See* Knowles Aff. ¶ 10.

12. Most of Fujisawa's physician-administered drugs have been multi-source since as late as 1995. *See* 1995 Redbook (excerpts).

13. Where drug claim forms list multi-source drugs by the Healthcare Common Procedure Coding System "J Codes," it is difficult to identify which pharmaceutical manufacturer sold – and submitted price information for – a particular multi-source drug that is listed for reimbursement. National Drug Codes ("NDCs") are associated with a particular manufacturer's drug at a particular strength, dosage and packaging. Multiple NDCs are associated with a single J Code. *See* Decl. of Raymond S. Hartman, Calculation of Damages & Penalties for the State of Nevada ¶ 23(c) (June 13, 2006) (excerpts) (Ex. F; *see also* Ex. 91 to Defs' Joint Local Rule 56.1 Statement of Undisputed Material Facts in Support of Their Joint Motion for Summary Judgment (for which the entire Declaration of Raymond Hartman has been filed under seal)); Decl. of Eric M. Gaier, Ph.D. in Support of Defendants' Joint Motions for Summary Judgment in Montana and Nevada ¶ 46 (Feb. 8, 2007) ("Gaier Decl.").

14. Plaintiff's damages expert, Raymond Hartman, refused to analyze liability for multi-source physician-administered drugs because of the difficulty in matching a particular manufacturer to a particular claim that identified drugs by J Codes. *See* Decl. of Raymond S. Hartman, Calculation of Damages & Penalties for the State of Nevada ¶ 23(c) (June 13, 2006).

4

15.  Fujisawa has also manufactured self-administered drugs. These drugs come in a form that does not have to be administered by a physician, but can be self-administered by patients (*e.g.*, by taking a pill or applying a cream). Fujisawa's self-administered drugs include Aristocort® (triamcinilone, triamcinilone diacetate or triamcinilone acetonide); Cyclocort® (amcinonide); and Prograf® (tacrolimus). *See* Knowles Aff. ¶ 11.

16.  Fujisawa does not decide which self-administered drugs are prescribed to patients. *See* Knowles Aff. ¶ 13.

17.  A patient's doctor decides which self-administered drug to prescribe. The pharmacist pays for the drugs from manufacturers or wholesalers, and Medicaid then reimburses the pharmacist. Therefore, the person making the prescription decision does not obtain any profit from the difference between drug acquisition cost and AWP. *See* Decl. of Gregory K. Bell, Ph.D. Submitted in Support of Defendants' Motions for Summary Judgment ¶ 7 & n. 9 ("Decl. of Gregory Bell").

18.  Another small class of drugs is those that only Fujisawa manufactures, and that do not have a therapeutic equivalent. These drugs include Prograf® (tacrolimus). Prograf® is an immunosuppressant used to treat transplant patients. It has fewer side effects and is not as nephrotoxic as any drug alternative. Fujisawa is the only manufacturer or distributor of Prograf®. *See* Knowles Aff. ¶ 12.

19.  For therapeutically unique single-source drugs like Prograf®, providers must pay the price set by the manufacturer because there is no competitor for the drug. Also, pharmacies generally purchase the drugs at prices close to acquisition cost or provider list price because they cannot carry an alternative drug. *See* Decl. of Gregory Bell ¶¶ 10-11 & n. 8, 9.

20.  As a pharmaceutical manufacturer, Fujisawa has no role in deciding which drugs should be prescribed to particular patients. Nor does Fujisawa provide or dispense drugs directly

5

to patients. Therefore, Fujisawa does not receive any reimbursement on the cost of drugs from States, the federal government, government programs or any other third-party payor. *See* Knowles Aff. ¶ 13.

## II. FUJISAWA HAS BEEN RECOGNIZED AS AN ATYPICAL DEFENDANT IN THE AWP LITIGATION.

21. Fujisawa has been sued in only a handful of AWP cases. Fujisawa has not been named in cases originating in Pennsylvania, Kentucky, Hawaii, Idaho, Mississippi, Nevada state court, Alaska, Minnesota, Illinois, California, Florida, West Virginia, Wisconsin, Vermont, South Carolina, Connecticut, Missouri and Ohio. *See generally* Complaints.

22. Several plaintiffs have dismissed or dropped Fujisawa from their suits or investigations after inquiry revealed the nature of Fujisawa's drugs and its pharmaceutical business. *See, e.g., State of California, ex rel. Ven-A-Care of the Florida Keys, Inc., a Florida Corp. v. Abbott Labs., Inc. et al.*, MDL 1456, No. 01-12257-PBS (D. Mass.); *State of Mississippi v. Abbott Labs., Inc., et al.,* Civil Action 3:06-CV-00566-HTW-LRA (Dist. Court for the Southern Dist. of Miss. Jackson Division); *State of Wisconsin v. Abbott Labs., Inc., et al.,* Case No. 04-CV 1709 (Circuit Court, Dane County).

23. Neither Fujisawa nor any of its employees have ever been deposed in the AWP cases.

6

Respectfully submitted,

REED SMITH LLP

By:   /s/ Andrew L. Hurst
     Douglas K. Spaulding
     Andrew L. Hurst
     1301 K Street NW
     Suite 1100 – East Tower
     Washington, DC 20005
     (202) 414-9200
     (202) 414-9299 (fax)

*Attorneys for Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.*

Dated: February 8, 2007

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.'s Supplemental Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on February 8, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                           /s/ Andrew L. Hurst
                                                                            Andrew L. Hurst