UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456<br><br>MASTER FILE NO. 01-CV-12257-PBS |
| _____ | ) ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) ) | Chief Mag. Judge Marianne B. Bowler |
| *State of Montana v. Abbott Labs. Inc., et al.*, 02-CV-12084-PBS | ) ) ) ) ) ) | |
| _____ | ) | |

**DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
MOTION FOR PARTIAL RECONSIDERATION FOR
LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Defendant TAP Pharmaceutical Products Inc. ("TAP"), by its counsel, hereby respectfully moves the Court to reconsider partially its February 13, 2007 Order denying it leave to file its Local Rule 56.1 Statement and its Memorandum In Support Of Its Motion For Summary Judgment under seal. Specifically, TAP seeks reconsideration of that part of the Court's Order denying it leave to file its Average Sales Price ("ASP") submissions to the State of Montana, which are highly confidential, under seal. In support of its Motion, TAP states as follows:

1. Defendant TAP Pharmaceutical Products Inc.'s Quarterly Average Sales Price Reports (Exhibit B to Exhibit 7 to Defendant TAP Pharmaceutical Products Inc.'s Local Rule 56.1 Statement of Undisputed Material Facts In Support of Its Motion for Summary Judgment) contain "HIGHLY CONFIDENTIAL" information pursuant to the terms of the December 13, 2002 Protective Order. Specifically, the foregoing reports reference pricing information that is

considered "confidential commercial information and proprietary trade secrets" under Section D(2)(d) of the Corporate Integrity Agreement ("CIA") between the Office of Inspector General of the Department of Health and Human Services ("OIG-HHS") and TAP.  (Attached as Ex. A)  Under the CIA, OIG-HHS acknowledges that public disclosure of such pricing information "may cause substantial injury to the competitive position of TAP" and agrees to afford the pricing information the "maximum degree of confidentiality permitted by law."  (CIA, § D(2)(d)).

  2. Likewise, the State of Montana, the Plaintiff in the instant action, also recognizes that TAP's pricing information "is to be considered confidential commercial information and proprietary trade secrets that if disclosed may cause substantial injury to the competitive position of TAP."  (December 3, 2001 State Settlement Agreement and Release between TAP and the State of Montana (the "Montana Settlement Agreement") ¶ 18(a) (excerpts attached as Ex. B)).  Accordingly, Montana agreed "to abide by all confidentiality provisions and restrictions contained in the CIA and to afford information the maximum degree of confidentiality permitted by law."  (Montana Settlement Agreement ¶¶ 16, 18(a)).

  3. Paragraph 15 of the Protective Order mandates that any document or pleading containing material such as that referenced above be filed under seal.  TAP hereby seeks to comply with the terms of the Protective Order.

  WHEREFORE, TAP respectfully requests that this Court reconsider partially its previous Order and grant TAP leave to file the ASP reports contained in Exhibit 7 to its Rule 56.1 Statement under seal.

Dated: February 13, 2007

Respectfully submitted,

/s/ Toni-Ann Citera
James R. Daly
Lee Ann Russo
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Chicago IL 60601
Telephone: (312) 782-3939
Facsimile: (312) 7828585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

**Counsel for Defendant
TAP Pharmaceutical Products Inc.**

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that counsel for TAP Pharmaceutical Products Inc. attempted to confer with counsel for Plaintiff State of Montana on February 13, 2007, in a good faith effort to resolve or narrow the issues set forth herein, and did not receive any response from counsel to the State of Montana indicating that the State of Montana would assent to this motion.

                                                                                 /s/   Toni-Ann Citera

## CERTIFICATE OF SERVICE

I hereby certify that on February 13 2007, I caused a true and correct copy of the foregoing **DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION FOR PARTIAL RECONSIDERATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 in MDL No. 1456, a copy to LexisNexis File and Serve for Posting and notification to all parties.

      /s/   Toni-Ann Citera