UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.,* Civil Action No. 02-12086-PBS | Judge Patti B. Saris |

### DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc. (collectively, "Sicor") join the Joint Motion For Summary Judgment filed by the Joint Defense Group. In addition to the grounds set forth in the defendants' joint memorandum, Sicor submits this Memorandum in support of its individual Motion for Summary Judgment.

### I.   INTRODUCTION

The State of Nevada brought this suit in early 2002. After four years of litigation, the State submitted the expert report of Raymond S. Hartman in support of its alleged claims. As to Sicor, however, Dr. Hartman's report might well have been submitted by the defense: according to every single one of Dr. Hartman's measures and methodologies, Sicor has not committed a single violation of Nevada law and is not liable for a single dollar in damages. Thus, by submitting the Hartman report, the State has essentially conceded that Sicor is not liable for any violation of the Nevada Deceptive Trade Practices Act ("Act") (Sections 598.0915(13), 598.0915(15) & 598.0923(2)-(3)).[1]

In its Amended Complaint ("AC"), the State alleges that 26 pharmaceutical company defendants, including Sicor, fraudulently inflated the average wholesale price ("AWP") of drugs

---

[1] Based on this Court's ruling on the Motion to Dismiss the Amended Complaint, the only causes of action remaining involve the Nevada Deceptive Trade Practices Act.

in order to create a "spread" between the AWP published in various pharmaceutical industry publications and the actual cost of the drugs. Because the State bases its reimbursements to pharmacies and providers for Medicaid on the AWP in these publications, the State alleges that this "scheme" caused the State, and its citizens who made co-payments based on the AWP, to "substantially overpay" for prescription drugs.

Dr. Hartman concludes that the sum of all the damages caused by the other defendants is over $10 billion. At the same time, however, as to Sicor, Dr. Hartman finds that "the damages to the State and its consumers if the alleged fraudulent pricing practices are proved and the penalties to the Defendants arising from those fraudulent practices" are "$0". (See Calculation of Damages and Penalties for the State of Nevada - Declaration of Raymond S. Hartman, p. 1 and Tables 1-5). Accordingly, Dr. Hartman's report and supplementary report are admissions by the State that Sicor is not liable for any penalties under the Act. It is, therefore, undisputed that Sicor did not violate the Act, and Sicor is entitled to summary judgment on each of plaintiff's claims against it.

## II.     UNDISPUTED FACTS

The State identifies the following eight Sicor drugs in the AC: (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs"). (Defendant Sicor Inc.'s Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ["SUF"], No. 1.)

The State produced its expert report dated June 12, 2006 entitled: "Calculation of Damages and Penalties for the State of Nevada - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Nevada Report"). (SUF No. 2.) The State also produced a supplementary expert report dated June 20, 2006 entitled: "Calculation of Damages and

Penalties for the State of Nevada - Supplementary Declaration of Raymond S. Hartman" (hereinafter the "Supplementary Hartman Nevada Report"). (SUF No. 3.)

The Hartman Nevada Report "describes the formulaic methodologies [he] would use to calculate both the damages to the State and its consumers if the alleged fraudulent pricing practices are proved and the penalties to the Defendants arising from those fraudulent practices."[2] (SUF No. 4.) In the three substantive sections of the Hartman Nevada Report, Dr. Hartman sets forth his analysis and conclusions as follows:

> Section II: Dr. Hartman describes his "analysis to develop the formulaic methodologies that can be used for calculating the damages and penalties induced by Defendants' conduct."
>
> Section III: Dr. Hartman "discuss[es] the measurement of specific components of selected formulaic methodologies and the implementation of those methodologies for those groups for which damages and penalties can be calculated."
>
> Section IV: Dr. Hartman "implement[s] [his] formulaic methodologies for those drugs, Defendants, and damage/penalty measures for which data are available."

(SUF No. 5.) Section IV of the Hartman Nevada Report references four tables in which Dr. Hartman sets forth his calculations of overcharge damages and the measures of recovery for false claims and deceptive practices. (SUF No. No. 6.) In each of these four tables Dr. Hartman sets forth his conclusion that the State cannot identify a single false or deceptive claim by Sicor. (SUF No. 7.)

In the Supplementary Hartman Nevada Report, Dr. Hartman alters his calculations and conclusions based upon information Dr. Hartman learned regarding the dispensing fee. (SUF No. 8.) However, Dr. Hartman's conclusion that the State is unable to identify a single false or deceptive claim by Sicor remains the same. Dr. Hartman sets forth his conclusions regarding

---

[2] Sicor does not argue that the content and conclusions of the Hartman Nevada Reports are undisputed facts, but rather contends that the fact that the State has admitted and is relying upon the Hartman Nevada Reports and their conclusions is undisputed.

- 3 -

00150062.DOC / 2

Sicor in five tables which he incorporates into his Supplementary Declaration. These conclusions are summarized as follows:

| TABLE | Dr. Hartman's Conclusion for Sicor Group |
|---|---|
| Table 1: Calculation of Overcharge Damages for Selected Drugs reimbursed Based on NDCs | No Sicor drug identified. |
| Table 2: Deceptive Trade and False Claims Penalties - Single-Source Drugs | (1) Total # of Claims: 0<br>(2) # of Claims Used in ASP Analysis: 0<br>(3) # of Fraudulent Claims: 0<br>(4) # of Claims Used in AWP Threshold Analysis: 0<br>(5) # of Fraudulent Claims Based on (AWP-66.6%): 0<br>(6) # of Fraudulent Claims Based on (AWP-20.0%): 0<br>(7) Deceptive Trade ($2500/claim)(AWP-20.0%): $0<br>(8) False Claim ($5000/claim)(AWP-20.0%): $0<br>(9) Total Penalties (AWP-20.0%): $0<br>(10) Deceptive Trade ($2500/claim)(AWP-66.6%): $0<br>(11) False Claim ($5000/claim)(AWP-66.6%): $0<br>(12) Total Penalties (AWP-66.6%): $0 |
| Table 3: Deceptive Trade and False Claims Penalties - Multi-Source Drugs | (1) Total # of Claims 0<br>(2) # of Claims Used in ASP Analysis 0<br>(3) # of Claims Used in AWP Threshold Analysis 0<br>(4) # of Fraudulent Claims Based on (AWP-20.0%) 0<br>(5) # of Fraudulent Claims Based on (AWP-66.0%) 0<br>(6) Deceptive Trade ($2500/claim)(AWP-20.0%) $0<br>(7) False Claim ($5,000/claim)(AWP-20.0%) $0<br>(8) Total Penalties (AWP-20.0%) $0<br>(9) Deceptive Trade ($2500/claim)(AWP-66.0%) $0<br>(10) False Claim ($5000/claim)(AWP-66.0%) $0<br>(11) Total Penalties (AWP-66.0%) $0 |
| Table 4: Summary of Overcharge Damages and Penalties by Defendant and Total | (1) All Overcharges $0<br>(2) Penalties - Lower Bound $0<br>(3) Penalties - Upper Bound $0 |
| Table 5a: Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Statute Change) | (1) Total # of Claims 0<br>(2) # of Claims Used in ASP Analysis 0<br>(3) # of Fraudulent Claims (Innovator) 0<br>(4) # of Fraudulent Claims (Multi-Source) 0<br>(5) # of Claims Used in AWP Threshold Analysis 0<br>(6) # of Innovator Fraudulent Claims Based on Statute (10%-15%) 0<br>(7) # of Multi-Source Fraudulent Claims Based on Statute (10%-15%) 0<br>(8) Deceptive Trade ($2500/claim)(Innovator Penalties (ASP and Statute Change in August 2002) $0 |

| TABLE | Dr. Hartman's Conclusion for Sicor Group |
|---|---|
| | (9) False Claim ($5000/claim)(Innovator Penalties (ASP and Statute Change in August 2002))   $0<br>(10) Total Penalties (Innovator Penalties (ASP and Statute Change in August 2002))   $0<br>(11) Deceptive Trade ($2500/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(12) False Claim ($5,000/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(13) Total Penalties (Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(14) Total Statute Penalties   $0 |
| Table 5a: Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Adjusting for Rounding and Data Issue - Assume Statute Allows AWP - 9% and AWP - 14%) | (1) Total # of Claims   0<br>(2) # of Claims Used in ASP Analysis   0<br>(3) # of Fraudulent Claims (Innovator)   0<br>(4) # of Fraudulent Claims (Multi-Source)   0<br>(5) # of Claims Used in AWP Threshold Analysis   0<br>(6) # of Innovator Fraudulent Claims Based on Statute (9%-14%)   0<br>(7) # of Multi-Source Fraudulent Claims Based on Statute (9%-14%)   0<br>(8) Deceptive Trade ($2500/claim)(Innovator Penalties (ASP and Statute Change in August 2002)   $0<br>(9) False Claim ($5000/claim)(Innovator Penalties (ASP and Statute Change in August 2002))   $0<br>(10) Total Penalties (Innovator Penalties (ASP and Statute Change in August 2002))   $0<br>(11) Deceptive Trade ($2500/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(12) False Claim ($5,000/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(13) Total Penalties (Multi-Source Penalties (ASP and Statute Change in August 2002))   $0<br>(14) Total Statute Penalties   $0 |

(SUF No. 9.)

As demonstrated by the above, Dr. Hartman's Supplementary Report concludes that the State can claim no damages against Sicor. (SUF No. 10.)

III. **ARGUMENT**

    A. **Standard for Motion for Summary Judgment**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. R. 56(c); *L.B. Corp. v. Schweitzer-Manduit Int'l, Inc.*, 121 F. Supp. 2d 147, 150-151 (D. Mass. 2000). There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). Where the non-moving party has failed to carry its burden of proof on an essential element of the claim, summary judgment must be granted. *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001); *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986). A fact is not "material" unless it is relevant to an element of a claim or defense and its existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts do not bar summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

    B. **Sicor Is Entitled To Summary Judgment Because Sicor Did Not Engage In Any Unfair or Deceptive Trade Practices.**

According to the analysis of the State's own expert, Sicor did not commit any acts for which it is liable under the Nevada Deceptive Trade Practices Act ("Act"). (SUF No. 9.) The defendant must commit a deceptive trade practice in order to violate the Act. *See Scaffidi v. United Nissan*, No. CV-S-04-1366, 2005 WL 3737892 (D. Nev. Dec. 30, 2005) (finding defendant had not violated Nevada's Deceptive Trade Practices Act where there was no evidence that the defendant made a false representation, or intentionally made a false representation). Based upon the State's expert's own findings, Sicor committed no actionable deceptive trade

practice. (SUF No. 9.) It is therefore indisputable that Sicor did not violate the Act, and Sicor is entitled to summary judgment on the State's remaining claims.

Moreover, the State's admission that Sicor did not commit any deceptive trade practice or false claim strips the State of the right to pursue this action. The Attorney General has no authority to sue, absent specific legislation conferring such right. *See, e.g., Stockmeier v. Nevada Dept. of Corrections Psychological Review Panel*, 135 P.3d 220 (Nev. 2006). The Act authorizes the Attorney General to bring an action if he or she "has reason to believe that a person has engaged or is engaging in a deceptive trade practice . . . ." *Nev. Rev. Stat. Ann. § 598.0963(3)*. Since it is undisputed that Sicor did not commit a fraudulent or false claim, and that Sicor is not liable for any civil penalties under the Act, the Attorney General has no "reason to believe" that Sicor has engaged in a deceptive trade practice. Put simply, the State has no authority to pursue this action against Sicor. As a result, the Court should grant this motion for summary judgment.

### C. The State Cannot Pursue Claims Against Sicor Because It Cannot Establish Damages.

Even if the State could somehow produce evidence that Sicor made a "false or misleading" representation covered under the Act, the State's claims must be dismissed because the State admits that it suffered no damages at hands of Sicor. To maintain its action against Sicor, the State must prove that it suffered damages as a result of Sicor's alleged acts. *Bulbman Inc. v. Nevada Bell*, 825 P. 2d 588, 592 (Nev. 1992)(damages are an essential element of fraud claim under Nevada law); *Lubbe v. Barba*, 540 P. 2d 115, 117 (Nev. 1975)(damages are an element of claim for intentional misrepresentation). Here, the State's own expert admits that Sicor caused the State $0 in damages. The State cannot proceed with its claims against Sicor in light of its admission that Sicor caused no damages. Accordingly, Sicor is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Joint Motion for Summary Judgment, defendant Sicor respectfully requests that the Court grant the motion for summary judgment and dismiss all of the claims against Sicor with prejudice.

Dated: February 14, 2007

SICOR INC.
By its attorneys,

/s/ Christopher E. Prince
Christopher E. Prince (Admitted *Pro Hac Vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 1500
Los Angeles, California 90017

-- *and*--

Robert J. Muldoon, Jr. (BBO # 359480)
James W. Matthews (BBO # 560560)
Pamela Zorn Adams (BBO # 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110

## CERTIFICATE OF SERVICE

I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 14, 2007, pursuant to Section D of Case Management Order No. 2.

/s/ Pamela Zorn Adams
Pamela Zorn Adams