## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.,* Civil Action No. 02-12086-PBS | Judge Patti B. Saris |

### DEFENDANT SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT[1]

Pursuant to Local Rule 56.1, defendant Sicor Inc.[2] ("Sicor") hereby submits its Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1.      The State of Nevada ("State") identifies the following eight Sicor drugs in the Amended Complaint ("AC"): (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs").  AC, ¶ 351.

2.      The State produced its expert report dated June 12, 2006 entitled: "Calculation of Damages and Penalties for the State of Nevada - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Nevada Report").  Declaration of Sekret T. Sneed in Support of Sicor Inc.'s Motion for Summary Judgment ("Sneed Decl."), ¶ 2, Ex. A.

---

[1] Defendant Sicor Inc. ("Sicor") also joins the Joint Motion For Summary Judgment filed by the Joint Defense Group ("Joint Motion").

[2] The State names Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc. (collectively, "Sicor Group") as defendants in the Amended Complaint.  All three entities, however, are various versions of Sicor Inc.  Genesia, Inc. became Genesia Sicor Pharmaceuticals, Inc., which became Sicor Inc. in 2003. As a result, only Sicor Inc. is an active entity, and this Statement will only refer to it.

3.      The State also produced a supplementary expert report dated June 20, 2006 entitled:  "Calculation of Damages and Penalties for the State of Nevada - Supplementary Declaration of Raymond S. Hartman" (hereinafter the "Supplementary Hartman Nevada Report").  Sneed Decl., ¶ 3, Ex. B.

4.      The Hartman Nevada Report "describes the formulaic methodologies [he] would use to calculate both the damages to the State and its consumers if the alleged fraudulent pricing practices are proved and the penalties to the Defendants arising from those fraudulent practices."[3] Sneed Decl., ¶ 2, Ex. A, at p. 1.

5.      In the three substantive sections of the Hartman Nevada Report, Dr. Hartman sets forth his analysis and conclusions as follows:

> Section II:  Dr. Hartman describes his "analysis to develop the formulaic methodologies that can be used for calculating the damages and penalties induced by Defendants' conduct."
>
> Section III:  Dr. Hartman "discuss[es] the measurement of specific components of selected formulaic methodologies and the implementation of those methodologies for those groups for which damages and penalties can be calculated."
>
> Section IV:  Dr. Hartman "implement[s] [his] formulaic methodologies for those drugs, Defendants, and damage/penalty measures for which data are available."

*Id.* at p. 3.

6.      Section IV of the Hartman Nevada Report references four tables in which Dr. Hartman sets forth his calculations of overcharge damages and the measures of recovery for false claims and deceptive practices.  *Id.*, at p. 15.

---

[3] Sicor does not present the content and conclusions of the Hartman Nevada Report as undisputed facts, but rather argues that the fact that the State has admitted and is relying upon the Hartman Nevada Report and its conclusions is undisputed.

00150055.DOC / 2

7.      In each of these four tables Dr. Hartman sets forth his conclusion that the State cannot identify a single false or deceptive claim by Sicor.  *Id.*, at Tables 1-4.

8.      In the Supplementary Hartman Nevada Report, Dr. Hartman alters his calculations and conclusions based upon information Dr. Hartman learned regarding the dispensing fee.  Sneed Decl., ¶ 3, Ex. B, at p. 1.

9.      However, Dr. Hartman's conclusion that the State is unable to identify a single false or deceptive claim by Sicor remains the same.  Dr. Hartman sets forth his conclusions regarding Sicor in five tables which he incorporates into his Supplementary Declaration.  These conclusions are summarized as follows:

| TABLE | Dr. Hartman's Conclusion for Sicor Group | |
|---|---|---|
| Table 1:  Calculation of Overcharge Damages for Selected Drugs reimbursed Based on NDCs | No Sicor drug identified. | |
| Table 2:  Deceptive Trade and False Claims Penalties - Single-Source Drugs | (1)  Total # of Claims: | 0 |
| | (2)  # of Claims Used in ASP Analysis: | 0 |
| | (3)   # of Fraudulent Claims: | 0 |
| | (4)   # of Claims Used in AWP Threshold Analysis: | 0 |
| | (5)   # of Fraudulent Claims Based on (AWP-66.6%): | 0 |
| | (6)   # of Fraudulent Claims Based on (AWP-20.0%): | 0 |
| | (7)   Deceptive Trade ($2500/claim)(AWP-20.0%): | $0 |
| | (8)   False Claim ($5000/claim)(AWP-20.0%): | $0 |
| | (9)   Total Penalties (AWP-20.0%): | $0 |
| | (10)  Deceptive Trade ($2500/claim)(AWP-66.6%): | $0 |
| | (11)  False Claim ($5000/claim)(AWP-66.6%): | $0 |
| | (12)  Total Penalties (AWP-66.6%): | $0 |
| Table 3:  Deceptive Trade and False Claims Penalties - Multi-Source Drugs | (1)  Total # of Claims | 0 |
| | (2)  # of Claims Used in ASP Analysis | 0 |
| | (3)  # of Claims Used in AWP Threshold Analysis | 0 |
| | (4)  # of Fraudulent Claims Based on (AWP-20.0%) | 0 |
| | (5)  # of Fraudulent Claims Based on (AWP-66.0%) | 0 |
| | (6)  Deceptive Trade ($2500/claim)(AWP-20.0%) | $0 |
| | (7)  False Claim ($5,000/claim)(AWP-20.0%) | $0 |
| | (8)  Total Penalties (AWP-20.0%) | $0 |
| | (9)  Deceptive Trade ($2500/claim)(AWP-66.0%) | $0 |

3

| TABLE | Dr. Hartman's Conclusion for Sicor Group |
|---|---|
| | (10) False Claim ($5000/claim)(AWP-66.0%)    $0 |
| | (11) Total Penalties (AWP-66.0%)    $0 |
| Table 4:  Summary of Overcharge Damages and Penalties by Defendant and Total | (1)  All Overcharges    $0 |
| | (2)  Penalties - Lower Bound    $0 |
| | (3)  Penalties - Upper Bound    $0 |
| Table 5a:  Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Statute Change) | (1)  Total # of Claims    0 |
| | (2)  # of Claims Used in ASP Analysis    0 |
| | (3)  # of Fraudulent Claims (Innovator)    0 |
| | (4)  # of Fraudulent Claims (Multi-Source)    0 |
| | (5)  # of Claims Used in AWP Threshold Analysis    0 |
| | (6)  # of Innovator Fraudulent Claims Based on Statute (10%-15%)    0 |
| | (7)  # of Multi-Source Fraudulent Claims Based on Statute (10%-15%)    0 |
| | (8)  Deceptive Trade ($2500/claim)(Innovator Penalties (ASP and Statute Change in August 2002)    $0 |
| | (9)  False Claim ($5000/claim)(Innovator Penalties (ASP and Statute Change in August 2002))    $0 |
| | (10)  Total Penalties (Innovator Penalties (ASP and Statute Change in August 2002)    $0 |
| | (11) Deceptive Trade ($2500/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))    $0 |
| | (12)  False Claim ($5,000/claim)(Multi-Source Penalties (ASP and Statute Change in August 2002))    $0 |
| | (13)  Total Penalties (Multi-Source Penalties (ASP and Statute Change in August 2002))    $0 |
| | (14)  Total Statute Penalties    $0 |
| Table 5a:  Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Adjusting for Rounding and Data Issue - Assume Statute Allows AWP - 9% and AWP - 14%) | (1)  Total # of Claims    0 |
| | (2)  # of Claims Used in ASP Analysis    0 |
| | (3)  # of Fraudulent Claims (Innovator)    0 |
| | (4)  # of Fraudulent Claims (Multi-Source)    0 |
| | (5)  # of Claims Used in AWP Threshold Analysis    0 |
| | (6)  # of Innovator Fraudulent Claims Based on Statute (9%-14%)    0 |
| | (7)  # of Multi-Source Fraudulent Claims Based on Statute (9%-14%)    0 |
| | (8)  Deceptive Trade ($2500/claim)(Innovator Penalties (ASP and Statute Change in August 2002)    $0 |
| | (9)  False Claim ($5000/claim)(Innovator Penalties (ASP and Statute Change in August 2002))    $0 |
| | (10)  Total Penalties (Innovator Penalties (ASP and Statute Change in August 2002))    $0 |
| | (11) Deceptive Trade ($2500/claim)(Multi-Source Penalties |

4

| TABLE | Dr. Hartman's Conclusion for Sicor Group |
|---|---|
| | (ASP and Statute Change in August 2002)) $0 <br> (12)  False Claim ($5,000/claim)(Multi-Source Penalties <br> (ASP and Statute Change in August 2002)) $0 <br> (13)  Total Penalties (Multi-Source Penalties (ASP and <br> Statute Change in August 2002)) $0 <br> (14)  Total Statute Penalties $0 |

*Id.*, at Tables 1-5b.

10.     Dr. Hartman's Supplementary Report concludes that the State can claim no

penalties against Sicor.  Sneed Decl., ¶ 3, Ex. B.

Dated:  February 14, 2007              SICOR INC.
                                       By its attorneys,

                                       /s/ Christopher E. Prince
                                       Christopher E. Prince (Admitted *Pro Hac Vice*)
                                       SONNENSCHEIN NATH & ROSENTHAL LLP
                                       601 South Figueroa Street, Suite 1500
                                       Los Angeles, California 90017

                                              *-- and--*

                                       Robert J. Muldoon, Jr. (BBO # 359480)
                                       James W. Matthews (BBO # 560560)
                                       Pamela Zorn Adams (BBO # 640800)
                                       SHERIN AND LODGEN LLP
                                       101 Federal Street
                                       Boston, Massachusetts 02110

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANTS SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 14, 2007, pursuant to Section D of Case Management Order No. 2.


/s/ Pamela Zorn Adams
Pamela Zorn Adams

00150055.DOC / 2