UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO *State of Montana v. Abbott Laboratories, Inc., et al.*, Civil Action No. 02-12084-PBS | CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |

**DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendants Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc. (collectively, "Sicor") join the Joint Motion For Summary Judgment filed by the Joint Defense Group. In addition to the grounds set forth in the defendants' joint memorandum, Sicor submits this Memorandum in support of its Motion for Summary Judgment.

**I.   INTRODUCTION**

The State of Montana brought this suit in early 2002. After four years of litigation, the State submitted the expert report of Raymond S. Hartman in support of its alleged claims. As to Sicor, however, Dr. Hartman's report might well have been submitted by the defense: according to every single one of Dr. Hartman's measures and methodologies, Sicor has not committed a single violation of Montana law and is not liable for a single dollar in damages. Thus, by submitting the Hartman report, the State has essentially conceded that Sicor is not liable for any violation of the Montana Unfair Trade Practices Act ("MUTPA") (Mont. Ann. Code Sections §§

30-14-101-1414), the Montana False Claims Act ("MFCA")(Mont. Ann. Code § 17-8-231)[1], or Montana Medicaid Fraud Statute ("Medicaid Fraud Statute")(Mont. Ann. Code § 53-6-160).[2]

In its Second Amended Complaint ("AC"), the State alleges that 39 pharmaceutical company defendants, including Sicor, fraudulently inflated the average wholesale price ("AWP") of drugs in order to create a "spread" between the AWP published in various pharmaceutical industry publications and the actual cost of the drugs. Because the State bases its reimbursements to pharmacies and providers for Medicaid on the AWP in these publications, the State alleges that this "scheme" caused the State, and its citizens who made co-payments based on the AWP, to "substantially overpay" for prescription drugs.

Dr. Hartman concludes that the sum of all the damages caused by the other defendants is over $1.5 billion. At the same time, however, as to Sicor, Dr. Hartman finds that "Total Statue Penalties" with respect to Sicor are "$0". (Calculation of Damages and Penalties for the State of Montana - Supplementary Declaration of Raymond S. Hartman, Tables 7 & 7a.) Accordingly, Dr. Hartman's reports are admissions by the State that Sicor is not liable for any penalties under MUTPA or the Medicaid Fraud provisions. It is, therefore, undisputed that Sicor is not liable under these statutes. Sicor is entitled to summary judgment on each of plaintiff's remaining claims against it.

---

[1] In 2005 the Montana Legislature amended the MFCA to more closely track the language of the Federal False Claims Act. *See* 2005 Montana Laws Ch. 312 (H.B. 40), *recodified at* Mont Ann. Code § 17-8-402. As Defendants' alleged conduct took place under the pre-amended MFCA, Mont. Ann. Code § 17-8-231, this brief refers to the pre-amended statute

[2] Based on this Court's ruling on the Motion to Dismiss the Amended Complaint, the only causes of action remaining with respect to Sicor are brought under MUTPA, the MFCA and the Montana Medicaid Fraud Statute.

## II. UNDISPUTED FACTS

The State identifies the following eight Sicor drugs in the AC: (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs"). (Defendant Sicor Inc.'s Concise Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment, ["SUF"], No 1.)

The State produced its expert report dated June 13, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Montana Report"). (SUF No. 2.) The State also produced a supplementary expert report dated June 20, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Supplementary Declaration of Raymond S. Hartman" (hereinafter the "Supplementary Hartman Montana Report"). (SUF No. 3.)

The Hartman Montana Report "describes the formulaic methodologies [he] would use to calculate both the damages to the State and its consumers if the alleged fraudulent pricing practices are proved and the penalties to the Defendants arising from those fraudulent practices."[3] (SUF No. 4.) In the three substantive sections of the Hartman Montana Report, Dr. Hartman sets forth his analysis and conclusions as follows:

> Section II: Dr. Hartman describes his "analysis to develop the formulaic methodologies that can be used for calculating the damages and penalties induced by Defendants' conduct."
>
> Section III: Dr. Hartman "discuss[es] the measurement of specific components of selected formulaic methodologies and the

---

[3] Sicor does not argue that the content and conclusions of the Hartman Montana Reports are undisputed facts, but rather contends that the fact that the State has admitted and is relying upon the Hartman Montana Reports and their conclusions is undisputed.

3

> implementation of those methodologies for those groups for which damages and penalties can be calculated."
>
> Section IV: Dr. Hartman "implement[s] [his] formulaic methodologies for those drugs, Defendants, and damage/penalty measures for which data are available."

(SUF No. 5.) Section IV of the Hartman Montana Report references six tables in which Dr. Hartman sets forth his calculations of overcharge damages and the measures of recovery for false claims and deceptive practices. (SUF No. 6.) In Table 4, Dr. Hartman sets forth his conclusion that the State can only identify 5 potentially false claims by Sicor amounting to total penalties of $15,000. (SUF No. 7.)

In the Supplementary Hartman Montana Report, Dr. Hartman alters his calculations and conclusions based upon the possible effects of data rounding and certain data imprecision. (SUF No. 8.) Here, Dr. Hartman concludes that Sicor is liable for $0 in "Total Statute Penalties." (SUF No. 9.)

Dr. Hartman sets forth this conclusions regarding Sicor in two tables which he incorporates into his Supplementary Declaration. Dr. Hartman's conclusions with Sicor are summarized as follows:

| TABLE | Dr. Hartman's Conclusion for Sicor Group |
|---|---|
| Table 7: Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Statute Change) | (1) Total # of Claims: 5<br>(2) # of Claims Used in ASP Analysis: 0<br>(3) # of Fraudulent Claims (Innovator): 0<br>(4) # of Fraudulent Claims (Multi-Source): 0<br>(5) # of Claims Used in AWP Statute Analysis 5<br>(6) # of Innovator Fraudulent Claims Based on Statute: 0<br>(7) # of Multi-Source Fraudulent Claims Based on Statute: 0<br>(8) Innovator - Deceptive Trade ($1000/claim): $0<br>(9) Innovator - False Claim ($2000/claim): $0<br>(10) Innovator - Total Penalties: $0<br>(11) Multi-Source - Deceptive Trade ($1000/claim) $0 |

4

| TABLE | Dr. Hartman's Conclusion for Sicor Group | |
|---|---|---|
| | (12) Multi-Source - False Claim ($2000/claim) | $0 |
| | (13) Multi-Source - Total Penalties | $0 |
| | (14) Total Statute Penalties | $0 |
| Table 7 a: Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Adjusting for Rounding and Data Issues - Assume Statute Allows AWP - 9% and AWP -14%) | (1) Total # of Claims: | 5 |
| | (2) # of Claims Used in ASP Analysis: | 0 |
| | (3) # of Fraudulent Claims (Innovator): | 0 |
| | (4) # of Fraudulent Claims (Multi-Source): | 0 |
| | (5) # of Claims Used in AWP Statute Analysis | 5 |
| | (6) # of Innovator Fraudulent Claims Based on Statute: | 0 |
| | (7) # of Multi-Source Fraudulent Claims Based on Statute: | 0 |
| | (8) Innovator - Deceptive Trade ($1000/claim): | $0 |
| | (9) Innovator - False Claim ($2000/claim): | $0 |
| | (10) Innovator - Total Penalties: | $0 |
| | (11) Multi-Source - Deceptive Trade ($1000/claim) | $0 |
| | (12) Multi-Source - False Claim ($2000/claim) | $0 |
| | (13) Multi-Source - Total Penalties | $0 |
| | (14) Total Statute Penalties | $0 |

(SUF No. 10.)

As demonstrated by the above, Dr. Hartman's Supplementary Report concludes that the State can claim no damages against Sicor. (SUF No. 11.)

### III.  ARGUMENT

#### A.  Standard for Motion for Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. R. 56(c); *L.B. Corp. v. Schweitzer-Manduit Int'l, Inc.*, 121 F. Supp. 2d 147, 150-151 (D. Mass. 2000). There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). Where the non-moving party has failed to carry its burden of proof on an essential element of the claim, summary judgment must be granted. *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001); *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986). A fact is not "material" unless it is relevant to an element of a claim or defense and its existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts do not bar summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.  Sicor Is Entitled To Summary Judgment Because The State Has No Claim For Damages Against Sicor.**

According to the analysis of the State's own expert, the State has no claim against Sicor under MUTPA, MFCA or the Montana Medicaid Fraud Statute. (SUF No. 10.) For the State to maintain its MUTPA claims against Sicor, it must demonstrate that it "suffer[ed] an ascertainable loss of money or property" as a result of Sicor's actions. *Mont. Ann. Code § 30-14.133(1)*. Likewise, the Medicaid Fraud Statute, which sounds in fraud, requires the State to prove "consequent and proximate injury or damages caused by [its] reliance on the representation." *In re Estate of Kindsfather*, 326 Mont. 192, 196-97 (2005); *Denny v. Brissonneaud*, 161 Mont. 468, 472 (1973) ("Proof of damages is an essential element of an action for fraud"). And, the MFCA requires that the State prove that Sicor's presented a false claim *and* "is subject to a penalty of not to exceed $2,000 . . . ." Mont. Ann. Code § 17-8-231(1). Here, by admission of the State's own expert, the State's "Total Statute Penalties" caused by Sicor were "$0." (SUF Nos. 9-10.) The State cannot proceed with its claims against Sicor in light of its admission that Sicor caused no damages. Accordingly, Sicor is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Joint Motion for Summary Judgment, defendant Sicor respectfully requests that the Court grant the motion for summary judgment and dismiss all of the claims against Sicor with prejudice.

Dated: February 14, 2007

SICOR INC.
By its attorneys,

/s/ Christopher E. Prince
Christopher E. Prince (Admitted *Pro Hac Vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 1500
Los Angeles, California 90017

-- *and*--

Robert J. Muldoon, Jr. (BBO # 359480)
James W. Matthews (BBO # 560560)
Pamela Zorn Adams (BBO # 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110

## CERTIFICATE OF SERVICE

      I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANT SICOR INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 14, 2007, pursuant to Section D of Case Management Order No. 2.

                                              /s/ Pamela Zorn Adams
                                              Pamela Zorn Adams