# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO *State of Montana v. Abbott Laboratories, Inc., et al.,* Civil Action No. 02-12084-PBS | CIVIL ACTION: 01-CV-12257-PBS  Judge Patti B. Saris |

## DEFENDANT SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT[1]

Pursuant to Local Rule 56.1, defendant Sicor Inc.[2] ("Sicor") hereby submits its Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1.      The State of Montana ("State") identifies the following eight Sicor drugs in the Second Amended Complaint ("SAC"): (1) acyclovir sodium; (2) amikacin sulfate; (3) amphotercin B; (4) doxorubicin hydrochloride; (5) etoposide; (6) leucoverin calcium; (7) pentamidine isethionate; and (8) tobramycin sulfate (collectively, "AC drugs"). SAC, ¶ 550.

2.      The State produced its expert report dated June 13, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Declaration of Raymond S. Hartman" (hereinafter the "Hartman Montana Report"). Declaration of Sekret T. Sneed in Support of Sicor Inc.'s Motion for Summary Judgment ["Sneed Decl."], ¶ 2, Ex. A.

3.      The State also produced a supplementary expert report dated June 20, 2006 entitled: "Calculation of Damages and Penalties for the State of Montana - Supplementary

---

[1] Defendant Sicor Inc. ("Sicor") also joins the Joint Motion For Summary Judgment filed by the Joint Defense Group ("Joint Motion").

[2] The State names Sicor Inc., Genesia Sicor Pharmaceuticals Inc. and Genesia, Inc. (collectively, "Sicor Group") as defendants in the Amended Complaint. All three entities, however, are various versions of Sicor Inc. Genesia, Inc. became Genesia Sicor Pharmaceuticals, Inc., which became Sicor Inc. in 2003. As a result, only Sicor Inc. is an active entity, and this Statement will only refer to it.

Declaration of Raymond S. Hartman" (hereinafter the "Supplementary Hartman Montana Report"). Sneed Decl., ¶ 3, Ex. B.

4.       The Hartman Montana Report "describes the formulaic methodologies [he] would use to calculate both the damages to the State and its consumers if the alleged fraudulent pricing practices are proved and the penalties to the Defendants arising from those fraudulent practices."[3] Sneed Decl., ¶ 2, Ex. A, at p. 1.

5.       In the three substantive sections of the Hartman Montana Report, Dr. Hartman sets forth his analysis and conclusions as follows:

> Section II:  Dr. Hartman describes his "analysis to develop the formulaic methodologies that can be used for calculating the damages and penalties induced by Defendants' conduct."
>
> Section III:  Dr. Hartman "discuss[es] the measurement of specific components of selected formulaic methodologies and the implementation of those methodologies for those groups for which damages and penalties can be calculated."
>
> Section IV:  Dr. Hartman "implement[s] [his] formulaic methodologies for those drugs, Defendants, and damage/penalty measures for which data are available."

*Id.* at p. 3.

6.       Section IV of the Hartman Montana Report references six tables in which Dr. Hartman sets forth his calculations of overcharge damages and the measures of recovery for false claims and deceptive practices. *Id.*, at pp. 15-17.

7.       In Table 4, Dr. Hartman sets forth his conclusion that the State can only identify 5 potentially false claims by Sicor amounting to total penalties of $15,000. *Id.*, at Table 4.

---

[3] Sicor does not present the content and conclusions of the Hartman Montana Report as undisputed facts, but rather presents the fact that the State has admitted and is relying upon the Hartman Montana Report and its conclusions as an undisputed fact.

- 2 -

8.      In the Supplementary Hartman Montana Report, Dr. Hartman alters his

calculations and conclusions based upon the possible effects of data rounding and certain date

imprecision.  Sneed Decl., ¶ 3, Ex. B, at p. 1.

9.      Here, Dr. Hartman concludes that Sicor is liable for $0 in "Total Statute

Penalties."  *Id.*, ¶ 3, Ex. B.

10.     Dr. Hartman sets forth his conclusions regarding Sicor in two tables which he

incorporates into his Supplementary Declaration.  These conclusions are summarized as follows:

| TABLE | Dr. Hartman's Conclusion for Sicor Group | |
|---|---|---|
| Table 7:  Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Statute Change) | (1)  Total # of Claims: | 5 |
| | (2)  # of Claims Used in ASP Analysis: | 0 |
| | (3)  # of Fraudulent Claims (Innovator): | 0 |
| | (4)  # of Fraudulent Claims (Multi-Source): | 0 |
| | (5)  # of Claims Used in AWP Statute Analysis | 5 |
| | (6)  # of Innovator Fraudulent Claims Based on Statute: | 0 |
| | (7)  # of Multi-Source Fraudulent Claims Based on Statute: | 0 |
| | (8)  Innovator - Deceptive Trade ($1000/claim): | $0 |
| | (9)  Innovator - False Claim ($2000/claim): | $0 |
| | (10) Innovator - Total Penalties: | $0 |
| | (11) Multi-Source - Deceptive Trade ($1000/claim) | $0 |
| | (12) Multi-Source - False Claim ($2000/claim) | $0 |
| | (13) Multi-Source - Total Penalties | $0 |
| | (14) Total Statute Penalties | $0 |
| Table 7 a:  Deceptive Trade and False Claims Penalties - Innovator and Multi-Source Drugs (Adjusting for Rounding and Data Issues - Assume Statute Allows AWP - 9% and AWP -14%) | (1)  Total # of Claims: | 5 |
| | (2)  # of Claims Used in ASP Analysis: | 0 |
| | (3)  # of Fraudulent Claims (Innovator): | 0 |
| | (4)  # of Fraudulent Claims (Multi-Source): | 0 |
| | (5)  # of Claims Used in AWP Statute Analysis | 5 |
| | (6)  # of Innovator Fraudulent Claims Based on Statute: | 0 |
| | (7)  # of Multi-Source Fraudulent Claims Based on Statute: | 0 |
| | (8)  Innovator - Deceptive Trade ($1000/claim): | $0 |
| | (9)  Innovator - False Claim ($2000/claim): | $0 |
| | (10) Innovator - Total Penalties: | $0 |
| | (11) Multi-Source - Deceptive Trade ($1000/claim) | $0 |
| | (12) Multi-Source - False Claim ($2000/claim) | $0 |
| | (13) Multi-Source - Total Penalties | $0 |
| | (14) Total Statute Penalties | $0 |

*Id.,* at Tables 7-7a.

11.    Dr. Hartman's Supplementary Montana Report concludes that the State suffered

no damages caused by Sicor.  Sneed Decl., ¶ 3, Ex. B.

Dated:  February 14, 2007                          SICOR INC.
                                                   By its attorneys,


                                                   /s/ Christopher E. Prince
                                                   Christopher E. Prince (Admitted *Pro Hac Vice*)
                                                   SONNENSCHEIN NATH & ROSENTHAL LLP
                                                   601 South Figueroa Street, Suite 1500
                                                   Los Angeles, California 90017

                                                   -- *and*--

                                                   Robert J. Muldoon, Jr. (BBO # 359480)
                                                   James W. Matthews (BBO # 560560)
                                                   Pamela Zorn Adams (BBO # 640800)
                                                   SHERIN AND LODGEN LLP
                                                   101 Federal Street
                                                   Boston, Massachusetts 02110


## CERTIFICATE OF SERVICE

I hereby certify that I, Pamela Zorn Adams, an attorney, caused a true and correct copy of the foregoing DEFENDANT SICOR INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served on all counsel of record electronically via Lexis/Nexis Technologies on February 14, 2007, pursuant to Section D of Case Management Order No. 2.

                                                   /s/ Pamela Zorn Adams
                                                   Pamela Zorn Adams

00150057.DOC / 2