# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

## PLAINTIFFS' MEMORANDUM CONCERNING THE START OF THE ASTRAZENECA JURY TRIAL

At the end of closing arguments on the final day of the Class 2 and 3 trial, the Court asked Plaintiffs and AstraZeneca to consider whether it may be procedurally advantageous to delay the commencement of the Class 1 trial against AstraZeneca pending the Court's decisions on issues raised during the recently-concluded Class 2 and Class 3 trial.  Trial Tr. Day 21 at 210-12.  Plaintiffs advised the Court that they were opposed to a delay.

Plaintiffs have been diligently preparing for the trial against AstraZeneca.  In the course of that preparation, Plaintiffs are, *inter alia*, considering the number and scope of pre-trial motions *in limine* to file, the scope of expert testimony to be presented to the jury, and the substance of proposed jury instructions.  It has become clear in this process that many of Plaintiffs' decisions will be impacted by the Court's rulings on certain issues presented in the Class 2 and 3 trial.  Just a few examples are:

- The manner in which the Court applies the plain meaning rule to Class 2 may also govern how it applies to Class 1.  This ruling may become the law of the case and may impact the scope of expert testimony required to be presented to the jury relating to both liability and damages (*e.g.*, whether an expectations analysis is even necessary).  For example, if the Court finds for Class 2 that AWP was intended to be an average wholesale price and Defendants' publication of an AWP that was not an average was unfair, the same rule would apply to Class 1.

- If the Court finds that Defendants' acts or practices were unfair or deceptive, that ruling may become the law of the case *vis-à-vis* other state consumer protection statutes that do not provide the right to a jury trial.  Similarly, if the Court finds that Defendants' conduct was willful, that ruling could likewise become law of the case for States with similar statutes.  If the Court issued these rulings in advance of trial, it would not, in certain circumstances, have to reconsider these issues in the Class 1 trial.

- Similarly, the Court's rulings on statute of limitations and mitigation issues may be the law of the case *vis-à-vis* similar state consumer protection statutes.  For example, if the Court finds the statute of limitations is not an issue as to Class 2 and 3 in Massachusetts then this may be law of the case where there is no jury trial.

- Other rulings on legal issues will likely become law of the case, including the application of the OIG Guidelines, the application of Federal Trade Commission pricing guidelines, and whether Ch. 93A has a privity requirement (it does not).

- The Court's rulings on various "knowledge" defenses may also impact whether Defendants committed unfair acts or practices against Class 1.  For instance, if the Court **rejects** Defendants' assertion that varying levels of knowledge relating to pricing in the marketplace precludes a finding that Defendants' acts were unfair or had the capacity to deceive, *a fortiori* that defense should be rejected for Class 1.  Plaintiffs' claim of fraudulent concealment would also be affected.

- Now having the benefit of a full evidentiary record, the Court may decide that there is no issue of material fact to be submitted to the jury on various technical issues, including whether AstraZeneca controlled its AWPs and ever submitted truthful AWPs for publication; and whether Congress intended to "cross-subsidize" administration fees with over-payments for drugs.  Accordingly, the Court may wish to issue summary judgment against AstraZeneca on these issues *vis-à-vis* Class 1, which will further narrow the number of issues to be tried.

Rulings on all of these issues may impact the number and scope of pre-trial motions *in limine* filed by the parties, the scope of expert testimony that both sides will present to the jury, and the substance of proposed jury instructions.

In light of the foregoing, Plaintiffs are seeking the Court's guidance. While a short delay in the start of the Class 1 trial might provide the Court with an opportunity to issue its Class 2 and 3 rulings, which would provide valuable guidance to the parties in framing the issues

- 2 -

presented in the next trial,[1] Plaintiffs are reluctant to agree to a trial date starting beyond June 4, 2007, given that the Class 1 trials against the three other Track 1 Defendants will need to be scheduled, as well as trials of the claims against the Track 2 Defendants.  Given these circumstances, Plaintiffs respectfully submit that any further delay would unnecessarily prolong these long-pending proceedings.  At the same time, a limited delay of 30 days may be warranted to limit the issues for the Class 1 trial.


DATED:  February 14, 2007                    By    /s/ Steve W. Berman
                                                     Thomas M. Sobol (BBO#471770)
                                                     Edward Notargiacomo (BBO#567636)
                                             Hagens Berman Sobol Shapiro LLP
                                             One Main Street, 4th Floor
                                             Cambridge, MA  02142
                                             Telephone: (617) 482-3700
                                             Facsimile: (617) 482-3003
                                             **LIAISON COUNSEL**

                                             Steve W. Berman
                                             Sean R. Matt
                                             Robert F. Lopez
                                             Hagens Berman Sobol Shapiro LLP
                                             1301 Fifth Avenue, Suite 2900
                                             Seattle, WA  98101
                                             Telephone: (206) 623-7292
                                             Facsimile: (206) 623-0594

---

[1] Plaintiffs respect the Court's burden in handling this case.  Accordingly, Plaintiffs use the word "if" in order not to be presumptuous about when the Court may issue its rulings.  Nor do Plaintiffs seek to suggest such a deadline.  The point is that, if the Court intends to issue its orders prior to June, a modest delay in starting the AstraZeneca trial will benefit all parties.  However, Plaintiffs believe that the benefit to be gained by awaiting the Court's rulings substantially deteriorates after June due to the remaining trials that are lined up.  Thus, if the Court does not believe that it can issue Class 2 and 3 trial rulings prior to June, Plaintiffs believe that there is greater utility in simply moving forward so that the jury can evaluate issues that we know for certain that the jury will be weighing regardless of the Court's Class 2 and 3 judgment.

001534-16  153545 V1

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
The Haviland Law Firm
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

001534-16  153545 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM CONCERNING THE START OF THE ASTRAZENECA JURY TRIAL** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 14, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

By: /s/  Steve W. Berman
       Hagens Berman Sobol Shapiro LLP
       1301 Fifth Avenue, Suite 2900
       Seattle, WA  98101
       Telephone: (206) 623-7292

001534-16  153545 V1