IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | MDL No. 1456<br>Civil Action No. 01-CV-12257-PBS<br>Judge Patti B. Saris |

**PLAINTIFFS' OBJECTIONS TO FEBRUARY 12, 2007 ORDER BY MAGISTRATE JUDGE BOWLER GRANTING DEFENDANT ABBOTT LABORATORIES' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS**

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs, by their undersigned counsel, respectfully submit the following objections to Magistrate Judge Bowler's Order issued on February 13, 2007 ("the Order"), granting Abbott Laboratories' ("Abbott") Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas ("Motion for Protective Order" or "Motion") [Dkt No. 3190] for the reasons stated in open court.[1]

## I.  INTRODUCTION

In September 2006, Plaintiffs served narrowly-tailored subpoenas to eleven third party customers of Abbott seeking documents relating to Abbott's marketing of the spread to those customers. Plaintiffs issued these subpoenas because, despite filing multiple motions to compel and despite their attempts to negotiate over a period of two years with Abbott regarding its document production, Abbott failed to produce documents requested by Plaintiffs. Instead, Abbott has dumped thousands of pages of documents on Plaintiffs that they never requested.

---

[1] Plaintiffs have not yet obtained the transcript of that hearing but will provide it to the Court when they receive it.

Abbott moved to quash those subpoenas. The primary grounds for Abbott's motion, and the apparent grounds for Magistrate Bowler's ruling granting that motion, was that discovery with regard to Abbott was over and therefore the subpoenas were "untimely."[2] Judge Bowler's Order granting Abbott's Motion was clearly erroneous for two primary reasons. First, holding that discovery with regard to Abbott is over would unjustly reward Abbott's discovery conduct that motivated Plaintiffs' need to seek the third party discovery sought in their subpoenas in the first place. Second, this Court has issued no ruling terminating discovery with regard to Abbott.[3]

## II. ABBOTT'S FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS REQUIRED PLAINTIFFS TO SEEK DOCUMENTS FROM OTHER SOURCES

One of the primary reasons Plaintiffs issued these subpoenas to Abbott customers was to try to seek from third parties documents that were not in Abbott's own document production. In its Motion and its Reply in support of its Motion for Protective Order (Dkt. Nos. 3190, 3441) Abbott claimed that Plaintiffs should have sought this discovery at the time Plaintiffs were attempting to negotiate with Abbott regarding its document production. Not only would this make a mockery of the meet-and-confer process, it would have required Plaintiffs to *assume* that Abbott's production would be inadequate.

For almost two years, Plaintiffs have worked in good faith with Abbott to obtain relevant and responsive documents, but Abbott has purposefully and in bad faith thwarted these efforts at every turn. *See generally* Motion to Compel and for Assessment of Discovery Related Costs and Memorandum in support thereof and Reply in support of same [Dkt. Nos. 2630, 2632, 2963] (setting forth in detail the major disputes among parties and attaching exhibits reflecting the

---

[2] Although in connection with Abbott's Motion the parties likewise briefed the issue of Abbott's standing to quash the subpoenas and the alleged overbreadth of the subpoenas, because Magistrate Judge Bowler did not reach those issues Plaintiffs do not address them here.

[3] While there are similar issues with regard to whether discovery has concluded for other Track 2 Defendants, Abbott's Motion and therefore these Objections, deal with Abbott alone.

same). Indeed, Abbott's conduct has forced Plaintiffs to come to the Court on three separate occasions to seek relief. First, on May 3, 2004, after weeks of negotiations, Plaintiffs filed a Motion to Compel the Production of Documents Created During the Relevant Time Period from Defendants Abbott Laboratories, AstraZeneca, Schering Plough, Sicor and Together Rx Defendants. [Dkt. Nos. 826 and 827]. On May 28, 2004, Plaintiffs withdrew that motion due to Abbott's willingness to produce the documents at issue. [*See* Dkt. No. 857]. Once again, at a time when the then-existing discovery deadline for Track Two Defendants was approaching, Plaintiffs filed a Motion for Order Exempting Defendant Abbott Laboratories from Any Order Refusing to Extend Deadline for Track Two Discovery on November 9, 2005. [Dkt. No. 1875]. The basis of that motion was Abbott's failures to produce relevant documents resulting in Plaintiffs being unable to take previously-noticed depositions. The parties asked the Court to suspend hearing that motion pending negotiations between Plaintiffs and Abbott regarding a mutually-agreeable discovery schedule pursuant to which Plaintiffs received additional assurances from Abbott that a meaningful document production would be forthcoming. *See* December 1, 2005 letter from Jennifer Fountain Connolly to Magistrate Judge Bowler, attached as Ex. A to Declaration of Jennifer Fountain Connolly. Most recently, on June 2, 2006, Plaintiffs filed a Motion to Compel and for Assessment of Discovery Related Costs. [Dkt. Nos. 2630 and 2632]. At the hearing on October 23, 2006, Magistrate Bowler denied the motion without prejudice, but gave Plaintiff leave to refile within 45 days if Abbott still had not produced e-mails originally requested by Plaintiffs in May 2005. *See* Electronic Order dated November 1, 2006 and Transcript of October 23, 2006 Hearing, attached collectively as Ex. B to Connolly Decl. On December 19, 2006, Plaintiffs renewed their Motion to Compel in a letter to Magistrate Bowler because Abbott was nowhere close to producing the e-mail production it

owed Plaintiffs, and in fact had not even started restoring the necessary storage tapes. *See* December 19, 2006 letter from Jennifer Fountain Connolly to Magistrate Judge Bowler, attached as Ex. C to Connolly Decl. Thereafter, the parties agreed to a stipulation that withdrew the renewed Motion to Compel without prejudice for Abbott to produce all e-mails on a rolling basis on or before May 4, 2007. [Dkt. No. 3589]. Pursuant to that stipulation, Abbott now has until May 4 to complete its e-mail production alone. *See* Dkt. No. 3589.

As of the date of these Objections, Abbott's document production is vastly incomplete. Abbott's e-mail production is not due to be completed until May. Because of these failures in document production (which necessitated the third party subpoenas Judge Bowler quashed), Plaintiffs have only taken three depositions of Abbott witnesses. Abbott's dilatory conduct should not be rewarded by terminating discovery.

### III. THERE IS NO ORDER TERMINATING DISCOVERY RELATED TO ABBOTT

Moreover, Magistrate Judge Bowler had no basis to hold that Track 2 discovery had terminated with regard to Abbott. On March 25, 2004 this Court entered CMO 10, which, among other things, established two separate "tracks" for discovery. (Dkt. No. 756) Under that Order, Abbott is a Track 2 defendant. *Id.* Initially, Track Two discovery was set to close on October 3, 2005. (Dkt. No. 746). On March 28, 2005, in CMO 14, this Court extended the close of Track 2 fact discovery to December 3, 2005. (Dkt. No. 1457). On September 28, 2005, Plaintiffs moved for a "stay of Track [2] discovery" asking that the Court "tie the discovery more closely to class certification proceedings." (Dkt. No. 1741). In the alternative, Plaintiffs requested "that the Court provide 90 additional days beyond December 3rd in order to complete Track 2 discovery...." (*Id.*) On November 21, 2005, in CMO 16, the Court denied Plaintiffs' request for a stay and ordered the parties to submit "a stipulation on discovery relating to any non-physician-administered drugs by December 2, 2005." (Dkt. No. 1897). A later order

amended CMO 16 and directed the parties to "confer on a discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005." (Dkt. No. 1925)

Ultimately, the parties submitted two competing proposals because they were unable to reach an agreement on a scheduling order. Plaintiffs' proposal asked that the deadline for Track Two discovery be extended to June 30, 2006. (Dkt. No. 1955) Defendants argued that Plaintiffs should be held to their original position as stated in their motion for stay of Track 2 discovery – that is, an additional 90 days beyond the December 3, 2005, deadline. (Dkt. No. 1950-1) The Court did not adopt either proposal.

Abbott contends that the fact that this Court did not adopt either proposal means either that discovery with regard to Abbott terminated on December 3, 2005 or, in the alternative, that it terminated on Plaintiffs' proposed date of June 30, 2006. However, Abbott's argument ignores that the likely reason neither proposal was entered: the parties and the Court were instead focused on the voluminous Track 1 summary judgment filings and eventual trial against the Track 1 Defendants. To infer that this Court's silence automatically meant that Track 2 discovery had ended would turn this Court's establishment of two tracks of discovery in the first instance on its head. This Court meant to streamline the course of this litigation, not to require the parties to simultaneously litigate cases against both tracks of defendants.

## IV.   MAGISTRATE JUDGE BOWLER'S ORDER WAS CLEARLY ERRONEOUS

Magistrate Judge Bowler's Order granting Abbott's Motion for Protective Order, a nondispositive motion, can be partially or completely modified or set aside by this Court if it is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Local Magistrate's Rule 2(b). In essence, a ruling is "clearly erroneous" when, "although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake." *Harvard Pilgrim Health Care of New Eng. v.*

*Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, Judge Bowler's Order is clearly erroneous for two reasons. First, it assumed – without the existence of an order – that Track 2 discovery had concluded. This assumption was particularly inappropriate given all the events on the Track 1 side (in which undersigned counsel were actively involved) that were occurring in early 2006. In short, this Court has simply not yet addressed the conclusion of Track 2 discovery by amended CMO 16 or otherwise. Indeed, it would be inconsistent with this Court's careful management of this case to conclude that discovery somehow ended at some unspecified date without notice to the parties.

Second, Magistrate Bowler's Order ignores the lengthy record of discovery abuses committed by Abbott over the past several years that required Plaintiffs to go elsewhere to obtain responsive documents that Abbott had not produced despite its obligation to do so. Those abuses are detailed in the pleadings cited above.

Finally, Magistrate Judge Bowler erred by failing to weigh the prejudice that would inure to Plaintiffs by granting Abbott's Motion. Rule 26 requires a party seeking a protective order to demonstrate good cause, specifically "annoyance, embarrassment, oppression, or undue burden or expense." *Rodriguez v. Boehringer Ingelheim Pharm., Inc.*, 425 F.3d 67, 73 (1st Cir. 2005). Abbott made no such showing, as there are no dispositive motion deadlines or trial dates anywhere on the horizon for Track Two defendants. *See Alper v. United States*, 190 F.R.D. 281 (D. Mass. 2000) (a case upon which Abbott relied in its Motion for Protective Order, and which held that discovery could not be conducted after the discovery deadline because it would divert attention from the imminent trial). Indeed, the United States and many state attorneys general

6

are in the process of seeking discovery from Abbott. It makes sense for MDL Plaintiffs to, for example, participate in the depositions noticed by those plaintiffs.

WHEREFORE Plaintiffs respectfully request that this Court reverse Magistrate Judge Bowler's Order granting Abbott's Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas, and all other relief that it deems just and proper.[4]

DATED: February 22, 2007

By: /s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

***Liaison Counsel***

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

---

[4] Abbott, as well as many Track 2 defendants, manufacture and sell multi-source generic drugs. As this Court is aware, the validity of claims seeking recovery for purchases of multi-source drugs will be addressed when this Court makes its findings and conclusions for the Track 1, Class 2 and Class 3 trial. *See* Plaintiffs' Post-Trial Omnibus Brief, Dkt No. 3555, at pp. 52-64. Regardless of how the Court rules on these Objections, Plaintiffs likewise contend that Track 2 discovery should be stayed pending those rulings.

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone:  (312) 762-9235
Facsimile:  (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Marc H. Edelson
Edelson & Associates LLC
45 W. Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:  (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

***Co-Lead Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on February 22, 2007, I caused copies of ***Plaintiffs' Objections to February 12, 2007 Order by Chief Magistrate Judge Bowler Regarding Abbott Laboratories' Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas,*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly