# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS, and | Judge Patti B. Saris |
| *State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.), | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION SUGGESTING TRANSFER OF CASES TO FEDERAL COURTS OF ORIGIN

### INTRODUCTION

The states of Montana and Nevada (the "States") oppose defendants' motion asking the Court to suggest transfer of the above-referenced cases to their federal courts of origin.  Not long ago the defendants were avidly suggesting transfer of these cases to this Court for disposition of pre-trial issues.  Yet now, while the most critical type of pre-trial proceedings – motions for summary judgment – are pending, defendants suddenly are eager to wrest these cases from this Court's docket.  No doubt there is more to defendants' motion to transfer than they state:  the timing of their motion suggests unhappiness with some of the Court's rulings to-date and a calculation that things might go better for them if they can find different judges to hear their cases.  But the fact is that these cases, having been transferred to this Court, should have their pre-trial proceedings completed here.  Given the steep learning curve that attends these cases, keeping them here through the conclusion of all pre-trial proceedings is the best way to achieve the efficiencies and consistency that the MDL referral was meant to promote.

**ARGUMENT**

The States' cases, having been transferred here at defendants' request, can and should stay here through the conclusion of all pre-trial proceedings.  As defendants advise in their own papers, discovery is not altogether complete, and the parties have filed motions for summary judgment that are now pending.  (Defs. Br. at 2-3.)  While the States acknowledge the burdens placed upon the Court by these cases, they respectfully urge that now is not the time to suggest transfer of these complicated cases to courts that have not had the benefit of working on these matters.  As this Court has stated on several occasions, including at the recent trial in a related case, the facts and law attendant to the AWP litigation as a whole are not easy to grasp.  To transfer these cases now would be to lose the benefit of the Court's hard-won familiarity with the facts, law, and nuances attendant to the States' claims and the manufacturers' defenses.

Nowhere do defendants argue – and they would be demonstrably wrong if they did – that it is incumbent upon this Court to suggest transfer of these cases while discovery and motions for summary judgment are pending.  To the contrary:  discovery and motions for summary judgment fall within the realm of pre-trial proceedings for which these cases were transferred to this Court in the first place.  *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."); *In re: Joan Patenaude*, 210 F.3d 135, 144-45 (3d Cir. 2000) (transferee court such as this one has control over all proceedings prior to trial, including discovery and motions for summary judgment) (citations omitted); *In Re: Asbestos Litig.*, 7 F. Supp. 2d 93, 95 (D. Mass. 1998) (acknowledging that motions for summary judgment are among the pre-trial proceedings properly conducted by a transferee court such as this one) (citations omitted).

- 2 -

And, while defendants argue with apparent straight faces that it would actually be ***more*** efficient to transfer these cases from a Court with hard-won familiarity to courts that have practically no familiarity with them, their suggestion that these cases might be resolved more quickly if this Court were to be divested of them is unavailing.  As the court in *Patenaude* put it, "the standard for remand is that coordinated pretrial proceedings be concluded, not that they provide the quickest resolution of particular cases."  210 F.3d at 142 n.4.  Moreover, the premise for defendants' argument is flawed on its face:  there is nothing more practical or efficient about returning these cases to courts that do not know them at all.  To send these cases away now would be to invite the inefficiencies and inconsistencies that the MDL referral was meant to diminish.

As for defendants' argument that the Montana and Nevada courts will have to learn the cases in order to conduct trials, that supposed rationale is based on a future state of affairs that is wholly unknowable at this time.  No party can say with certainty that there will be trials in these cases.  Not only are dispositive motions pending, but there is always the possibility of settlement.

What the parties do know, however, is that their cases are now pending before the district court that knows these and related cases better than any other court in the nation.  Now is not the time to begin educating other courts about these very complex matters.  Rather, the Court should decline defendants' request to suggest transfers of these cases at this important juncture.  That will go a long way toward ensuring that these cases stay where they currently belong.  JPML Rule 7.6(d) ("the Panel is reluctant to order remand absent a suggestion of remand from the transferee district court"); *cf. Patenaude*, 210 F.3d at 141 (JPML has consistently given "'great weight'" to transferee judge's determination that remand is appropriate) (citation omitted).

- 3 -

**CONCLUSION**

For all of the foregoing reasons, defendants' motion should be denied.


By_____/s/ Steve W. Berman_____         DATED:  February 22, 2007
    Steve W. Berman
    Jeniphr A.E. Breckenridge
    Robert F. Lopez
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Thomas M. Sobol
    Edward Notargiacomo
    HAGENS BERMAN SOBOL SHAPIRO LLP
    One Main Street, 4th Floor
    Boston, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

    COUNSEL FOR PLAINTIFFS
    STATE OF MONTANA AND
    STATE OF NEVADA

    Catherine Cortez Masto
    Attorney General of the State of Nevada
    L. Timothy Terry
    Deputy Attorney General
    100 N. Carson Street
    Carson City,  NV 89701-4714

    COUNSEL FOR PLAINTIFF
    STATE OF NEVADA

    Mike McGrath
    Attorney General of Montana
    Ali Bovingdon
    Assistant Attorney General
    Justice Building
    215 North Sanders
    P.O. Box 201401
    Helena, MT  56920-1402
    (406) 444-2026

    COUNSEL FOR PLAINTIFF
    STATE OF MONTANA

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION SUGGESTING TRANSFER OF CASES TO FEDERAL COURTS OF ORIGIN** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 22, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

By        **/s/ Steve W. Berman**
     Steve W. Berman
     **HAGENS BERMAN SOBOL SHAPIRO LLP**
     1301 Fifth Avenue, Suite 2900
     Seattle, WA  98101
     (206) 623-7292

001534-16  154942 V1