UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS, | Judge Patti B. Saris MDL No. 1456 |
| *State of Nevada v. Abbott Labs, Inc., et al.*, CA No. 3:06-CV-0539 ("*Nevada I*"), and | Civil Action No. 01-12257-PBS |
| *State of Montana v. Abbott Labs., Inc., et al.*, CA No. 02-CV 12084-PBS[1] | |

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION TO STAY, WITH BAXTER'S CONSENT AND WITH RESPECT TO DEFENDANT BAXTER HEALTHCARE CORPORATION AND BAXTER INTERNATIONAL INC. ONLY, THE CLASS CASE AND <u>MONTANA AND NEVADA CASES</u>**

I, Elizabeth A. Fegan, declare as follows:

1.  I am one of the Plaintiffs attorneys in this matter and have been involved in the prosecution of this litigation against Baxter Healthcare Corporation and Baxter International, Inc. ("Baxter").

2.  On November 2, 2006, this Court entered an Electronic Order adopting Magistrate Judge Bowler's Report and Recommendations denying the Motion for Sanctions filed against Baxter by Plaintiffs and the Motion for Joinder filed by the States of Nevada and Montana.  However, the Court directed the Plaintiffs to "propose an alternative discovery schedule to alleviate the burden and expense of Baxter's late production of so many documents."

---

[1] Baxter is not a defendant in *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS ("*Nevada II*").

2

3.      Since that time, I have conferred on multiple occasions with counsel for Baxter, Andrew Jackson. While we discussed several different alternative schedules that may be appropriate in light of the discovery to be completed, we also discussed the possibility of a 120-day stay in light of the stage of the proceedings. On February 22, 2007, Baxter consented to the stay.

4.      We further discussed and agreed that we will confer in good faith prior to the end of the 120-day stay period, and will proffer to the Court either (i) a request for an extension of the stay based on the current landscape of the MDL litigation; or (ii) a revised scheduling order that provides for the close of the remaining fact discovery, expert reports, and summary judgment.

DATED:  February 23, 2007

           _____/s/Elizabeth A. Fegan_____
           Elizabeth A. Fegan

HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, IL 60301
(708)776-5600
(708) 776-5601 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION TO STAY, WITH BAXTER'S CONSENT AND WITH RESPECT TO DEFENDANT BAXTER HEALTHCARE CORPORATION AND BAXTER INTERNATIONAL INC. ONLY, THE CLASS CASE AND MONTANA AND NEVADA CASES**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 23, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

      By  **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292