# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456 |
| | | CIVIL ACTION:  01-CV-12257-PBS |
| | | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**[PROPOSED] CASE MANAGEMENT ORDER NO. __**

1.  This Order shall apply only to the parties in the case of *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS.  To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the parties agree that they are bound by this CMO.

**DISCOVERY LIMITATIONS**

2.  Fact discovery shall be subject to the following limits:

    a)  *Interrogatories*:  The United States and Relator may collectively serve as many as 75 interrogatories to Abbott.  Abbott may serve as many as 75 interrogatories to the United States and Relator, collectively.

    b)  *Requests for Production*.  Neither the United States, Relator, nor Abbott shall be required to respond to more than 7 sets of requests for production issued in the case of *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS.

    c)  *Requests for Admission*.  There shall be no limit on requests for admission that seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the

1

statement was made.  The requesting party shall provide copies of all documents or recordings that are the subject of such requests for admission.  These requests for admission shall be contained under a separate heading in the party's requests for admission.  Each side may serve as many as 150 requests for admission that do not seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the statement was made.

        d)    *Depositions*.  The Local Rules governing the number and length of depositions shall not apply.

## DOCUMENT PRODUCTION

3.    All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties.  If issues regarding the compatibility of computer systems and software arise, the parties shall confer to resolve the matter.

4.    A party upon whom a document request is served shall serve a written response within 30 days after the service of such request in accordance with Rule 34 of the Federal Rules of Civil Procedure.

5.    Except as provided herein or otherwise agreed to by all parties, a responding party to a document request shall complete production of all undisputed documents within 60 days of service of such request, subject to any objections.  The parties shall confer in good faith, and agree upon a reasonable rolling production, when the nature of certain document requests renders the 60-day time period impracticable.  The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

6.    Privilege logs shall be provided 30 days after a production and shall be provided on a rolling basis as documents are produced.  The privilege logs shall provide reasons for each

document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege. No stamps of "confidential" or the like shall obscure the text of the document.

### DEPOSITION PROTOCOLS

7. These deposition protocols apply to all non-expert deponents. The parties shall meet and confer separately on expert witness deposition protocols.

8. Abbott shall coordinate deposition discovery of current and former employees of the United States government with defendants Dey, Inc., Dey L.P., Inc., and Dey L.P (collectively, "Dey").

9. Without agreement between the parties or court order, no deposition of any party, witness, or a witness designated pursuant to Rule 30(b)(6) shall last longer than 21 hours. The noticing party shall have 14 hours for questioning, and the non-noticing party shall have 7 hours for questioning. These limitations only apply to parties in this case.

10. The parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition. When a 30(b)(1) notice of deposition does not identify the specific individual to be deposed, the parties shall identify the witness testifying in response to the notice as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition.

11. Subject to the hour limitations established above, there is no limit on the number of 30(b)(6) depositions that can be noticed and taken of parties. However, absent leave of Court for good cause shown, a party shall be required to produce only one witness per specific area of inquiry.

12. *30(b)(1) Depositions of Current or Former Employees of the Parties.* Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter that identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. As soon as practicable but no later than 10 business days from receiving the writing (except as agreed by the parties), the responding party shall contact the requesting party with a proposed date or dates for the taking of the deposition, unless the party intends to move for a protective order regarding the deposition. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 30 calendar days from the date of the requesting party's initial request. Any motion for protective order shall be filed no later than 15 business days from receiving the requesting party's initial request; any response shall be filed within 18 business days of the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

13. *30(b)(6) Depositions.* Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a party under Rule 30(b)(6) shall send a letter to the responding party that describes with reasonable particularity the matters on which examination is requested. As soon as practicable but no later than 15 business days from receiving the writing (except as agreed by the parties), the responding party shall contact the requesting party with a proposed date or dates for the taking of the deposition, along with the party's objections to the topics, if any, unless the party intends to move for a protective order regarding the deposition.

The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition.  Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 45 calendar days from the date of the requesting party's initial request.  Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial request; any response shall be filed within 25 business days of the requesting party's initial request.  When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

14. *Third-Party Depositions*.  A deposition of a third-party witness shall be initiated through service of subpoena under Rule 45.  A copy of the subpoena shall be provided to opposing counsel contemporaneously.  The subpoena shall provide at least a two-week deposition notice.  The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition.  When the deposition is scheduled, the party serving the subpoena shall post the subpoena on LexisNexis File & Serve.

15. *Cross-Noticed Depositions*.  A party in this case seeking to cross-notice a deposition in another Average Wholesale Price (AWP) case (*e.g.*, state AWP litigation) shall inform opposing counsel in writing as soon as practicable, preferably within two weeks from the date of the scheduled deposition.  When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

16. Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3).  The swearing or affirming of the witness shall be on camera.  The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered in evidence.  The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

17. Nothing in this Order is intended to preclude any party from filing an appropriate motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## PRE-TRIAL SCHEDULE

18. The following pre-trial schedule was established by Judge Saris at the October 26, 2006 hearing and shall apply:

| DEADLINE | ACTION |
| --- | --- |
| December 31, 2007 | All fact discovery shall be completed. |
| January 31, 2008 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| February 28, 2008 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| April 30, 2008 | Close of expert discovery. |
| June 15, 2008 | Motions for Summary Judgment shall be filed. |
| July 15, 2008 | Response to Motions for Summary Judgment shall be filed. |
| August 1, 2008 | Replies to Motions for Summary Judgment shall be filed. |
| August 15, 2008 | Surreplies to Motions for Summary Judgment shall be filed. |

SO ORDERED THIS _____ DAY OF 2007:

                                                United States District Judge Patti B. Saris