# EXHIBIT C

*Draft U.S. proposal, circulated to all counsel 12/18/06*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS; *United States of America, ex rel. Ven-A-Care of the Florida Keys, Inc., v. Dey, Inc.,* CIVIL ACTION NO. 05-11084-PBS ) ) ) ) ) ) | |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 1

1. This order shall apply to the parties to the cases captioned above.  To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the parties agree that they are bound by this CMO.

### DISCOVERY LIMITATIONS

2. Fact discovery shall be subject to the following limits:

    (a) Interrogatories.  The United States, Relator, Abbott and Dey, each may serve as many as _____ interrogatories.

    (b) Requests for Production.  The United States, Relator, Abbott and Dey, each may serve as many as _____ sets of requests for production.

*Draft U.S. proposal, circulated to all counsel 12/18/06*

    (c)    Depositions.  The United States, Relator, Abbott, and Dey) each may take up to _____ hours of testimony of party, third party, and Rule 30(b)(1) and (6) deponents.

    (d)    Requests for Admission.  The United States, Relator, Abbott and Dey, each may serve as many as _____ requests for admission.

3.    Abbott and Dey shall coordinate on all discovery served on the United States.  Discovery served by Abbott or Dey, or a deposition taken by Abbott or Dey, against the United States or Relator, shall not be duplicated.

4.    The United States and the Relator shall coordinate on all discovery served on each defendant.  Discovery served by either United States or Relator, or deposition taken by either United States or Relator, against Abbott or Dey, shall not be duplicated.

5.    Each side may seek additional discovery for good cause shown.

## DOCUMENT PRODUCTION

6.    All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties.  If issues regarding the compatibility of computer systems and software arise, the parties shall confer to resolve the matter.

## PRIVILEGE LOGS

7.    <u>Content of Privilege Logs</u>.  When a party withholds information otherwise discoverable

*Draft U.S. proposal, circulated to all counsel 12/18/06*

under the Federal Rules of Civil Procedure by claiming that it is privileged and/or otherwise subject to protection, the party shall make the claim expressly, providing the following information on a privilege log to the extent known:

    (a)    Identification of the claim or claims of privilege and/or protection applicable to the withholding;

    (b)    A description of the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties, the Court and the Magistrate to evaluate the applicability of the privilege or protection;

    (c)    Document date or estimated document date where the exact date does not appear on the face of the document;

    (d)    A description of the author(s) and recipient(s) in a manner that, without revealing information itself privileged or protected, will enable other parties, the Court and the Magistrate to evaluate the applicability of the privilege or protection (e.g., "DOJ counsel" or "in-house counsel" or "Jones Day counsel").

    (e)    Assigned document number.

8.    The privilege log shall also identify all documents containing redactions by reason of the assertion of a privilege or other protections.  There shall be no redaction of documents by any party on any basis other than a legitimate claim of a recognized lawful privilege or protection. No stamps of "confidential" or the like shall be on the text of a document.

*Draft U.S. proposal, circulated to all counsel 12/18/06*

9. The parties agree not to be bound by the fourteen (14) day deadline for the production of privilege logs contained in CMO-10. The parties shall confer in good faith on the timing of the provision of privilege logs, and shall take into consideration the volume and extent of each production in determining the appropriate length of time for the provision of privilege logs.

## INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

10. If a party believes that it has inadvertently or mistakenly produced information subject to a claim of privilege or other protection, the producing party shall direct a written request to the receiving party for the return of such information within twenty (20) days of the discovery that such material was inadvertently produced. Such inadvertent or mistaken production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information. Within thirty (30) days of such a request, the receiving party shall return the documents, or properly destroy the documents, at the election of the receiving party, unless the receiving party intends to challenge the producing party's assertion of inadvertent or mistaken production, or the assertion of privilege or protection. If a receiving party objects to the return of such information within the thirty (30) day period described above, the producing party may move the Court for an order compelling the return of the information. Pending the Court's ruling, the receiving party may retain the documents in a sealed envelope and shall not make any use of such information.

## DEPOSITION PROTOCOLS

11. These deposition protocols apply to party, third party, and Rule 30(b)(1) and (6) deponents. The parties shall agree to meet and confer separately on expert witness protocols.

*Draft U.S. proposal, circulated to all counsel 12/18/06*

12.     Subject to the hour limitations established above, there is no limit on the <u>number</u> of 30(b)(6) depositions that can be noticed and taken of parties. The parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than (5) five business days prior to the deposition.

13.     Counsel shall cooperate in the allocation of time so that deponents and counsel are not inconvenienced unnecessarily.

14.     Absent extraordinary circumstances, at least thirty (30) days in advance of a proposed deposition under Rule 30(b)(1) of the Federal Rules of Civil Procedure, and at least forty-five (45) days in advance of a proposed deposition under Rule 30(b)(6), an attorney wishing to take a deposition shall initiate the consultation process with the person for the party involved and, in the case of a non-party deponent, with counsel for the non-party deponent and counsel for the other parties. The consultation process shall be for the purpose of scheduling the deposition at a mutually convenient time and place and of discussing the estimated length of the deposition. The parties shall confer in good faith.

15.     Once the parties agree on the date(s) and location for the deposition, a notice of deposition shall be served on all affected parties. If a party anticipates that a deposition is likely to exceed one day of seven hours, the deposition notice shall so state the anticipated number of hours and days on which the deposition is to be held. The notice of the party cross-noticing the deposition shall contain the same information.

16.     If the notice is directed at a government witness, all appropriate counsel for defendants shall be served.

*Draft U.S. proposal, circulated to all counsel 12/18/06*

17.     If the parties are unable to resolve <u>scheduling details</u> by the end of the thirty (30) or forty-five (45) day period referenced above, the noticing party may issue a deposition notice for the deposition to be held no sooner than ten (10) business days after the appropriate time period has lapsed.  No party shall use these deposition protocols to delay, avoid, or otherwise impede the scheduling of a deposition.

18.     If the parties are unable to resolve <u>issues other than scheduling details</u> by the end of the thirty (30) or forty-five (45) day period referenced above, the party defending the deposition shall file an appropriate motion for protective order within five (5) business days, unless agreement is otherwise reached between the parties.  The filing of a motion for protective order automatically stays the deposition, pending resolution of the motion.  Thereafter, the parties, depending upon the outcome of such motion, shall confer on a new date for the deposition.

19.     Only the time consumed by the party during the actual questioning of a witness on the record (i.e., excluding breaks and lengthy discussions of counsel on the record) shall count toward the time limits against that party set forth in this Order.  All parties shall agree on the time allocation on the record before the close of the deposition.  All disputes shall be resolved at the time of the deposition.

20.     Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered in evidence.  The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

*Draft U.S. proposal, circulated to all counsel 12/18/06*

The camera shall remain focused on the witness and shall not videotape any other person at the deposition.

21.     A cross-noticed deposition in another Average Wholesale Price (AWP) case (e.g., state AWP litigation) may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case.

22.     Nothing in this Order is intended to preclude any party from filing an appropriate motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

     SO ORDERED THIS _____ DAY OF _____ 200____:

                                                _____
                                                United States District Judge
                                                Patti B. Saris