UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *State of Florida, et al. v. Boehringer Ingelheim Corp., et al.,* No. 4:06-476 (N.D. Fla.) | |
| *The People of the State of Illinois v. Abbott Laboratories, et al.*, No. 1:06-5528 (N.D. Ill.) | |
| *State of Mississippi v. Abbott Laboratories, Inc., et al.,* No. 3:06-566 (S.D. Miss.) | |
| *The County of Erie v. Abbott Laboratories, Inc., et al.,* No. 6:06-6505 (W.D.N.Y.) | |
| *County of Oswego v. Abbott Laboratories, Inc., et al.,* No. 5:06-1240 (N.D.N.Y.) | |
| *County of Schenectady v. Abbott Laboratories, Inc., et al.,* No. 1:06-1239 (N.D.N.Y.) | |
| *State of Ohio v. Dey, Inc., et al.,* No. 1:06-676 (S.D. Ohio) | |
| *Commonwealth of Pennsylvania, etc. v. Tap Pharmaceutical Products, Inc., et al.,* No. 2:06-4514 (E.D. Penn.) | |

**JOINDER IN DEY, INC.'S NOTICES OF REMOVAL BY
DEFENDANTS BOEHRINGER INGELHEIM CORP., BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM ROXANE, INC., AND
<u>ROXANE LABORATORIES, INC.</u>**

Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals,

Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc. (collectively,

"Boehringer"), pursuant to 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. §§ 1331 and 1367(a), and 31 U.S.C. § 3732(b), hereby file their Joinder in Defendant Dey, Inc.'s Notices of Removal for all actions captioned above.  In support of its Joinder, Boehringer states as follows:

1. On October, 11, 2006, Defendant Dey, Inc. ("Dey") filed the following Notices of Removal:

- Notice of Removal, *State of Florida, et al. v. Boehringer Ingelheim Corp., et al.*, Northern District of Florida (Case No. 4:06-476);[1]

- Notice of Removal, *The People of the State of Illinois v. Abbott Laboratories, et al.,* Northern District of Illinois (Case No. 1:06-5528);[2]

- Notice of Removal, *State of Mississippi v. Abbott Laboratories, Inc., et al.,* Southern District of Mississippi (Case No. 3:06-566);[3]

- Notice of Removal, *The County of Erie v. Abbott Laboratories, Inc., et al.,* Western District of New York (Case No. 6:06-6505);[4]

- Notice of Removal, *County of Oswego v. Abbott Laboratories, Inc., et al.,* Northern District of New York (Case No. 5:06-1240);[5]

- Notice of Removal, *County of Schenectady v. Abbott Laboratories, Inc., et al.,* Northern District of New York (Case No. 1:06-1239);[6]

---

[1] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on November 28, 2006.

[2] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on December 14, 2006.

[3] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on November 28, 2006.

[4] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on February 7, 2007.

[5] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on February 7, 2007.

[6] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on February 7, 2007.

- Notice of Removal, *State of Ohio v. Dey, Inc., et al.,* Southern District of Ohio (Case No. 1:06-676);[7] and

- Notice of Removal, *Commonwealth of Pennsylvania, etc. v. Tap Pharmaceutical Products, Inc., et al.*, Eastern District of Pennsylvania (Case No. 2:06-4514).[8]

All properly-served defendants in the aforementioned removed actions consented to Dey's removal, including Boehringer.[9]

2. Dey's Notices were based upon the unsealing of a federal *qui tam* complaint by the Department of Justice against Dey that provided new, additional bases for federal jurisdiction. As set forth by Dey in its Notices, 31 U.S.C. § 3732(b) grants federal district courts jurisdiction under 28 U.S.C. § 1331 over any state action arising from the "same transaction or occurrence as an action brought under section 3730 [of Title 31]." 31 U.S.C. § 3732(b). The aforementioned state cases thus became removable when Dey received notice that the federal *qui tam* complaint had been unsealed because it was filed pursuant to 31 U.S.C. § 3730 and each state case is based upon the same alleged transactions and occurrences.

3. On February 5, 2007, the United States provided Boehringer's counsel with a courtesy copy of the unsealed complaint in *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation*, et al., Civil Action No. 07-10248-MEL (D. Mass.) (the "U.S. *Qui Tam* Action"). Boehringer's counsel received formal service of the complaint on February 20, 2007. Like the federal complaint filed against Dey, the complaint against Boehringer alleges violations of the False Claims Act and additionally alleges

---

[7] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on February 7, 2007.

[8] By order of the Judicial Panel on Multidistrict Litigation, this case was transferred to the United States District Court for the District of Massachusetts (MDL No. 1456) on January 24, 2007.

[9] Boehringer hereby incorporates by reference the procedural history of each state case as presented by Dey in its Notices of Removal. *See, e.g.,* Notice of Removal ¶¶ 17-26 in *State of Florida, et al. v. Boehringer Ingelheim Corp., et al.,* Northern District of Florida (Case No. 4:06-476).

claims of unjust enrichment and common-law fraud. These claims all stem from allegations that Boehringer reported "inflated" drug prices to third-party publishers, which caused the United States to pay excessive reimbursement to Medicare and Medicaid providers. (A copy of the unsealed complaint in the U.S. *Qui Tam* Action is annexed hereto as Exhibit A.)

    4.  The State Attorneys General in the above-captioned cases seek recovery based upon the same alleged transactions and occurrences as the U.S. *Qui Tam* Action.  As articulated more-fully in Dey's Notices of Removal, the district courts of the United States now have original jurisdiction over these state suits pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331.

    5.  Boehringer first received notice that the above-captioned cases became independently removable by Boehringer when its counsel received a courtesy copy of the unsealed complaint on February 5, 2007. Boehringer's Joinder is timely because it has been filed within 30 days after its receipt of "an amended pleading, motion, order or *other paper*" from which it first ascertained the additional bases for removal of the claims asserted against Boehringer in the above-captioned state cases.  28 U.S.C. § 1446(b) (emphasis added).

    6.  To avoid unnecessary repetition of legal argument and authority already relied on by Dey in its Notices of Removal, Boehringer hereby incorporates by reference the arguments and authority contained in Dey's Notices of Removal, as well as those arguments articulated by Dey's counsel during oral argument before this Court on February 1, 2007, pertaining to the pending remand motions.  As the issues presented in this Joinder are identical to those set forth in Dey's Notices of Removal, and briefing related thereto, Boehringer does not anticipate the need for additional briefing in connection with this filing.

**WHEREFORE,** Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc. hereby join in Dey's Notices of Removal in the above-captioned cases to the appropriate United States District Court for each pursuant to 28 U.S.C. § 1441 and 31 U.S.C. § 3732(b).

Respectfully submitted,

  */s/ Brian P. Kavanaugh*
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*On behalf of Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2007, I caused a true and correct copy of the Joinder in Dey, Inc.'s Notices of Removal by Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc. to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

By:  */s/ Brian P. Kavanaugh*