## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| THE CLASS ACTION | ) | |

### ABBOTT LABORATORIES' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FEBRUARY 12, 2007 ORDER BY MAGISTRATE JUDGE BOWLER GRANTING ABBOTT LABORATORIES' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS

Magistrate Judge Bowler issued a protective order preventing Plaintiffs from enforcing 13 third-party subpoenas served by Plaintiffs on Abbott customers on September 26, 2006. Essentially, Magistrate Judge Bowler ruled that discovery served after Plaintiffs' requested Track Two discovery cutoff, June, 30, 2006, is untimely, unless there is some valid reason the discovery could not have been served before that time.  Plaintiffs were offered every chance to come up with such a reason.  They could not do so, and even now, have not done so.  Plaintiffs' objections to Magistrate Judge Bowler's ruling are not well-taken; there was no clear error in her order.  The objections should be overruled.

### STANDARD OF REVIEW

To succeed in undoing Magistrate Judge Bowler's order, Plaintiffs must show that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); Local Magistrate's Rule 2(b). Plaintiffs have not even argued that the ruling was contrary to law.  And the "clear error" standard is an "extremely deferential" one.  *Reko v. Creative Promotions Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); *see Princiotta v. New England Tel. & Tel. Co., Inc.*, 532 F. Supp. 1009, 1110 (D. Mass. 1982) ("Although reasonable minds may differ … I do not find that the decision of the magistrate was clearly erroneous or contrary to law.").

## ARGUMENT

It is black-letter law that the expiration of discovery rules and deadlines presents "good cause" for a protective order under Fed. R. Civ. P. 26.  *See Marvin Lumber & Cedar Co. v. PPG Indus. Inc.*, 177 F.R.D. 443, 445 n.2 (D. Minn. 1997) (stating "[t]here *can be no question* as to the standing of [a party] to seek protection from discovery gone away" and affirming magistrate's protective order limiting enforceability of subpoenas to those sought within discovery deadline); *Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000) (same); *Williams v. Weems Cmty. Mental Health Ctr.*, 2006 WL 905955, *1-*2 (S.D. Miss. Apr. 7, 2006).  That dooms the subpoenas at issue here, and Magistrate Judge Bowler did not commit clear error in so concluding.

The facts are undisputed:

- Pursuant to an amendment to CMO 16, the parties were directed by this Court to "confer on a discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005."  (Dkt. No. 1925)

- Plaintiffs proposed that Track Two discovery be extended to June 30, 2006.  (Dkt. No. 1955)  Abbott proposed a much briefer schedule – ninety days from December 3, 2005.  (Dkt. No. 1950-1)

- Thus, Plaintiffs presented the most generous proposal for discovery – and under that best-case scenario for Plaintiffs, discovery closed for Track Two on June 30, 2006.

Magistrate Judge Bowler correctly ruled that Plaintiffs should be held to their own proposal. (2/12/2007 Hrg. Tr., attached as Ex. A, at 5-6.)  Plaintiffs' third-party subpoenas were thus untimely, having been served on September 26, 2006, three months *after* Plaintiffs' self-selected fact discovery deadline.

Even so, Magistrate Judge Bowler clearly indicated that discovery served after June 30, 2006 in Track Two would still be considered timely if there was a good reason for its tardiness. (Ex. A at 5-6.)  Magistrate Judge Bowler offered Plaintiffs every opportunity to provide such a

reason.  Yet, when asked the question point-blank, Plaintiffs' counsel could muster only the same complaints about *Abbott's* alleged "inadequate discovery responses" with which Plaintiffs have filled their instant objections.   (Plaintiffs' Objections ("Obj."), Dkt. No. 3802 at 5-6, 8.) Magistrate Judge Bowler correctly found that to be a non-starter.  To begin with, the only discovery inadequacy Plaintiffs complain of involves e-mails covering two years of the decade-plus timespan for which Plaintiffs are seeking documents.  This is a tiny fraction of the one quarter of a million pages Abbott has already produced under what Magistrate Judge Bowler has correctly called "overly broad" requests.  (Dkt. No. 3177 at 3.)  And it is being dealt with on its own terms.[1]

More to the point, though, the alleged insufficiency by *Abbott* says nothing about why Plaintiffs did not serve *Abbott's customers* with subpoenas in a timely fashion.  (Ex. A at 7-8.) Plaintiffs argued to Magistrate Judge Bowler that they should be allowed to "triangulate" by seeking the same discovery from both Abbott and its customers.  But that begs the question – why could they not have done so before their own proposed discovery cutoff?  Plaintiffs put forth no answer, nor could they.  They have been well aware, for quite some time, that the subpoenaed third parties had documents potentially relevant to this litigation; the third-party customer plaintiffs subpoenaed were in the national sales data Abbott produced to plaintiffs as far back as July 2005.  Plaintiffs could and should have issued the subpoenas before June 30, 2006.  They failed to do so, without justification.  Accordingly, Magistrate Judge Bowler ruled they were untimely.  (Ex. A at 8.)  There was no clear error in that ruling.

Plaintiffs' objections to these rulings are three-fold; each is baseless, and each was fully considered and rejected by Magistrate Judge Bowler.  *First*, Plaintiffs contend that because this

---

[1] By stipulation between the parties, this minor issue will be fully resolved when Abbott completes its email production on or before May 4, 2007.  (Dkt. No. 3589.)

Court never ruled as between their proposed discovery cutoff and Abbott's, that discovery for Track Two never closed. (Obj. at 6.) Not so. This is a transparent attempt to parlay this Court's overburdened docket, and its not having had the chance to pick between the two deadlines, into never-ending discovery. Plaintiffs should be held to the three month extension they requested, absent some showing they could not have issued the subpoenas during that time.

*Second*, Plaintiffs wrongly contend that Magistrate Judge Bowler "ignored the [alleged] lengthy record of discovery abuses committed by Abbott over the past years." (Obj. at 6.) As set out above, that is incorrect. Plaintiffs were heard on that argument, but Magistrate Judge Bowler correctly found it irrelevant to the question of why Plaintiffs had failed to issues these subpoenas to Abbott customers in a timely fashion. There was no clear error here.

*Finally*, Plaintiffs argue that Magistrate Judge Bowler "erred by failing to weigh the prejudice that would inure to Plaintiffs by granting Abbott's motion." (Obj. at 6.) That is wrong. As set out above, Magistrate Judge Bowler specifically asked Plaintiffs why they could not have timely served these subpoenas. One searches the transcript in vain for a responsive answer. (Ex. A.) Again, there was no clear error here.

<u>CONCLUSION</u>

Magistrate Judge Bowler was correct to grant Abbott a protective order preventing enforcement of Plaintiffs' 13 subpoenas directed at third parties; in any event, she did not clearly err in doing so. Her ruling should be affirmed, and Plaintiffs' objections thereto should be overruled.

Dated:  March 8, 2007                                 Respectfully submitted,

                                                      /s/ Brian J. Murray
                                                      James R. Daly
                                                      Tina M. Tabacchi
                                                      Brian J. Murray
                                                      JONES DAY
                                                      77 West Wacker Drive, Suite 3500
                                                      Chicago, Illinois  60601
                                                      Telephone:  (312) 782-3939
                                                      Facsimile:   (312) 782-8585

                                                      Toni-Ann Citera
                                                      JONES DAY
                                                      222 East 41st Street
                                                      New York, New York  10017
                                                      Telephone:  (212) 326-3939
                                                      Facsimile:   (212) 755-7306

                                                      *Counsel for Defendant Abbott Laboratories*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned attorney hereby certifies that a true and correct copy of the foregoing ABBOTT LABORATORIES' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FEBRUARY 12, 2007 ORDER BY MAGISTRATE JUDGE BOWLER GRANTING ABBOTT LABORATORIES' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS was served on all counsel of record electronically by causing same to be posted via LexisNexis this 8 day of March, 2007.


                                          /s/ Brian J. Murray