# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Case No. 01-cv-12257<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS. | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR OBJECTIONS TO FEBRUARY 12, 2007 ORDER BY MAGISTRATE JUDGE BOWLER GRANTING ABBOTT LABORATORIES' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS**

Abbott contends that Magistrate Judge Bowler's February 12, 2007 ruling was not clearly erroneous or contrary to law because Plaintiffs purportedly failed to offer any reason why they did not serve discovery on Abbott's customers prior to September 26, 2006, when the subpoenas were served. Those reasons are fully set forth in Plaintiffs' Objections and will not be reiterated here. However, Plaintiffs submit this Reply because Abbott's Response [Document No. 3837] falsely suggests that those reasons, which in short involve Abbott's recalcitrance in producing documents, have not prejudiced MDL Plaintiffs.

First, and most importantly, Abbott substantially understates the prejudice that would inure to Plaintiffs should Magistrate Judge Bowler's ruling be permitted to stand. As Abbott admits, its e-mail production is still not complete. While Abbott is correct that the parties are working through these issues, Abbott's failure to produce these e-mails to date is not, as Abbott contends, "minor." *See id.* at 3 n.1. In 2001, in response to government scrutiny regarding its pricing practices, Abbott lowered its WACs for one of its Subject Drugs, vancomycin. This action angered several of Abbott's customers (who wanted to be reimbursed based on Abbott's originally higher AWPs), which led Abbott to attempt to convince First DataBank to use

Abbott's still-inflated Direct Prices to calculate Abbott's vancomycin AWPs. The response of Abbott's customers to these actions as well as Abbott's internal analyses regarding them should be contained in Abbott's 2001-2004 e-mails.

Moreover, Abbott acts as if once those e-mails are produced discovery will be complete. But this ignores that Abbott's failure to produce these e-mails when they were initially requested (May 2005) caused Plaintiffs to have to postpone previously-noticed depositions and possibly be deprived of additional discovery that may be necessary by virtue of what is contained in those e-mails. Abbott's failure to produce these documents cannot, therefore, be viewed in the isolation it asks this Court to view them.

Second, MDL Plaintiffs are currently participating in depositions of Abbott personnel noticed by government plaintiffs such as the United States, the State of Texas and the Commonwealth of Pennsylvania. This Court has in numerous contexts commented that coordinated discovery amongst the plaintiffs in this MDL is the most sensible approach. It would be contrary to the purpose of an MDL proceeding in the first instance to allow these depositions to proceed for all plaintiffs except MDL Plaintiffs, especially because MDL Plaintiffs have been to date participating in these depositions without significant difficulty.

Further, by virtue of their participation in these depositions it has become clear to MDL Plaintiffs that documents that were produced to the State of Texas that would have been responsive to Plaintiffs' Omnibus Requests were not produced in the MDL. It would be grossly unfair to allow Abbott to benefit from its gamesmanship of producing some documents in certain proceedings but not producing, where relevant, those same documents in other proceedings. MDL Plaintiffs should be permitted to follow up and obtain those documents in this case.

2

It may very well be that MDL Plaintiffs and Abbott can work out these issues with Abbott's document production. But one thing is for sure: they will not be worked out if Magistrate Judge Bowler's ruling that discovery with regard to Abbott is over is allowed to stand. For this reason, Plaintiffs respectfully request that her February 12, 2007 ruling be overturned.

DATED: March 14, 2007

By: /s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone:  (708) 776-5600
Facsimile:  (708) 776-5600

3

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Marc H. Edelson
Edelson & Associates LLC
45 W. Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:  (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

*Co-Lead Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on March 14, 2007, I caused copies of ***Plaintiffs' Reply Brief in Support of Their Objections to February 12, 2007 Order by Magistrate Judge Bowler Granting Abbott Laboratories' Motion for Protective Order and Motion to Quash Plaintiffs' Third Party Subpoenas,*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly