# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANT ABBOTT LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC.**

Defendant Abbott Laboratories, Inc. ("Abbott"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the following Interrogatories upon Plaintiff the United States of America and Relator Ven-A-Care of the Florida Keys, Inc. to be answered under oath within 30 days after service. These Interrogatories are continuing and therefore may require supplemental responses pursuant to the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

The Definitions and Instructions contained in Defendant Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America and Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc. are hereby incorporated by reference. In addition, these Interrogatories are subject to the following definitions and instructions.

1. ***Time Frame.*** Unless otherwise specified, these Interrogatories seek information that relates to the Relevant Claim Period *or* that correspond to the events, reports, laws, determinations, or documents referred to in particular Interrogatories.

**INTERROGATORY NO. 7:** During the Relevant Claim Period, state the basis for Your contention in paragraph 42 of the Complaint that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient." Separately identify:

(a) which Providers or class of Providers are included in Your use of the term "retail Customer" in paragraph 42 of the Complaint;

(b) which Providers or class of Providers included in Your use of the term "retail Customer" submitted claims to Medicare Part B or Medicaid that You allege were false;

(c) all Persons who at any time believed the term AWP or "Average Wholesale Price" was used to refer a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer, and how such Persons came to that understanding;

(d) all Persons who at any time used the term AWP or "Average Wholesale Price" to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer;

(e) the specific basis of any Person's belief that AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient;

(f) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to a retail Customer who then administers it to a patient; and

(g) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to any Provider or class of Providers who submitted claims to Medicare Part B or Medicaid that You allege were false.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify all actions taken by the U.S. Government and Ven-A-Care to insure the preservation of evidence, witness testimony, data, or other information relevant to or discoverable in this litigation, including, without limitation:

(a)  the date on which the action was taken;

(b)  the Persons who took the action;

(c)  the specific direction to preserve evidence that was communicated, including the Persons to whom the direction were directed; and

(d)  the parties to any Communication relating to the preservation of evidence.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify each Person consulted or relied upon, or who provided documents or who otherwise constituted a source of factual information, in connection with the preparation of the Complaint or Your responses to these Interrogatories or Defendant Abbott's First Set of Requests for Admission to Plaintiffs United States of America and Ven-A-Care of the Florida Keys, Inc.  For each such person, Identify the subject matter and/or the particular interrogatories and/or requests for admission that such person was consulted upon or otherwise constituted a source of factual information.

**RESPONSE:**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:**<br>*United States of America ex rel.*<br>*Ven-a-Care of the Florida Keys, Inc., v.*<br>*Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**UNITED STATES' OBJECTIONS AND RESPONSES
TO DEFENDANT ABBOTT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States provides these objections and responses to Defendant Abbott Laboratories, Inc.'s ("Abbott") First Set of Interrogatories ("Interrogatories") Directed To Plaintiff United States of America And Relator Ven-A-Care Of The Florida Keys, Inc. ("Relator").

**Introductory Statement and General Objections**

1.      These Interrogatories are unclear, vague, and ambiguous to the extent they are directed jointly at the United States and the Relator. The United States further objects to the extent that it is unclear as to whether Abbott seeks responses to particular Interrogatories from either the United States or the Relator, or both. The United States objects to each Interrogatory that is directed, in whole or part, to Relator. The United States is not obligated to respond to all or part of any Interrogatory that is, or should be, directed at the Relator. Thus, the United States

1

(d) all Persons who at any time used the term AWP or "Average Wholesale Price" to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer;

(e) the specific basis of any Person's belief that AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient;

(f) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to a retail Customer who then administers it to a patient; and

(g) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to any Provider or class of Providers who submitted claims to Medicare Part B or Medicaid that You allege were false. Identify all Documents relating to the information provided in response to this Interrogatory.

Response: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, to the extent this interrogatory contains multiple subparts that are not logically part of the basic interrogatory. Objection, the terms "belief," "believe," and "action," are vague and ambiguous as used in this interrogatory. Objection, to the extent that this interrogatory seeks information about the "beliefs" and actions of an indefinite and undefined category of persons, this interrogatory seeks information that is not relevant to a claim or defense of any party to this action and the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that this interrogatory changes and characterizes the allegations in the

33

United States' Complaint. Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery, before Abbott has responded to all the United States' factual discovery requests, before all depositions have been taken, and before third-party discovery has commenced. Objection, serving such a contention interrogatory at the outset of discovery in an attempt to mandate supplementation as "additional information becomes available," or as otherwise required by the Federal Rules of Civil Procedure, imposes an undue burden on the United States by (a) requiring the United States to respond multiple times over the course of this complex case, (b) disrupting the effective administration of the United States' case, and (c) improperly infringing on attorney work product by requiring what would amount to frequent or periodic reports on counsels' ongoing review and analysis of the evidence. Objection, to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege, the common interest privilege, the consulting expert privilege, the law enforcement investigative files privilege, and the deliberative process privilege. Objection, to the extent that this interrogatory is a premature request for information that may be contained in the plaintiffs' testifying experts' reports that will be disclosed in accordance with Fed. R. Civ. P. 26 and any applicable scheduling orders. Objection, this interrogatory is overly broad to the extent that it requests the identification of "all" Documents "relating to" the information sought by the interrogatory. Objection, to the extent the interrogatory purports to require the United States to draw pure conclusions of law.

Subject to and without waiving the United States' general and specific objections, and its objections to Abbott's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response.

The general concept that the AWP refers to the price at which a pharmaceutical firm or a wholesaler sells a drug to its customers is commonly understood in the industry.

(a) Retail customers are all customers that purchased Abbot drugs, whether through a wholesaler or directly from Abbott.

(b) To the extent those providers were reimbursed by Medicaid or Medicare, they were among the retail customers referred to in the Complaint. Abbott has or should have access to the names, addresses and other contact information of its purchasing customers. As claims data is produced in this matter, additional information regarding the retail customers who billed Medicaid and Medicare will be provided to Abbott.

(c) - (e) The Court has ruled in this MDL proceeding that the term "average wholesale price" should be interpreted according to its plain meaning. The United States objects to these interrogatories as being unduly burdensome, vague and not relevant. The United States need not identify all "Persons'" understanding of AWP whether it be the same or otherwise.

(f) - (g) Abbott reported prices it called "direct price," "list price," "wholesale acquisition cost," and "average wholesale price" to the Price Publications. To the United States' knowledge, Abbott never submitted any statement or qualifier that the prices it reported using these terms were false and not in keeping with the plain meaning of the pricing terms Abbott was reporting. Abbott gave no warning or indicator that it was reporting false prices when using these pricing terms to refer to the prices it reported to the Price Publications.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) | Hon. Patti Saris |
| United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc. and Hospira, Inc., CIVIL ACTION NO. 06-11337-PBS ) ) ) ) ) ) | |

## ANSWER AND OBJECTIONS OF RELATOR/PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC. TO DEFENDANT ABBOTT LABORATORIES, INC.'S <u>FIRST SET OF INTERROGATORIES PROPOUNDED JOINTLY TO THE PLAINTIFFS</u>

VEN-A-CARE OF THE FLORIDA KEYS, INC. ("Plaintiff", "Relator" or "Ven-A-Care"), pursuant to Federal Rules of Civil Procedure 26 and 33, by and through its undersigned counsel, serves this Answer and Objections of Relator/Plaintiff Ven-A-Care of the Florida Keys, Inc. To Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Propounded Jointly to the Plaintiffs and states:

### <u>GENERAL OBJECTIONS</u>

1. Abbott's First Set of Interrogatories was served, as a single document, on both the United States and the Relator. Abbott also served its singular first Requests for Admission on the United States and the Relator. Ven-A-Care initiated the qui tam action

1

Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION:** All general objections and objections to Definitions and Instructions are incorporated herein by reference. All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory. This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

**INTERROGATORY NO. 8**: Describe the damages You seek from Abbott. Your response to this Interrogatory should provide all information necessary for Abbott to quantify the damages You seek and should, at a minimum:

(a) Identify by name each state as to which you seek damages in this action relating to claims for reimbursement from the Medicaid program.
(b) Identify by name any programs beyond Medicare and Medicaid for which You seek damages.