IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | |
| *State of Montana v. Abbott Labs., Inc., et al.,*<br>CA No. 02-CV-12084-PBS | REQUEST FOR ORAL ARGUMENT |

**MEMORANDUM IN OPPOSITION
TO THE STATE OF MONTANA'S MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT AGAINST CERTAIN DEFENDANTS</u>**

The State of Montana's Motion for Partial Summary Judgment against Certain Defendants (the "Motion") further underscores why Bayer Corporation ("Bayer") does not belong in the State's industry-wide AWP suit. By lumping Bayer together with other defendants, Montana seeks to obscure unique facts as to Bayer that not only undermine the State's case for summary judgment but compel the grant of summary judgment in Bayer's favor.

The only evidence the State cites in its Motion that relates specifically to Bayer is a memorandum dated August 1997 concerning the published AWP for Bayer's drug Kogenate. (*See* Pls.' Mem. in Supp. Mot. Part. Summ. J. at 5 n.8; MSUF ¶ 3 n.6; MAPP Ex. 17).[1]  As explained below, however, any claim based on the drug or time period addressed in this document falls squarely within the release contained in Bayer's 2001 Settlement with the State.

      1.      <u>The State Settled Many of These Claims in 2001.</u>  The State's Motion fails to mention that the State has already settled many of the claims on which it now seeks summary judgment against Bayer.  In 2001, Montana settled and released any claims it might have had against Bayer "under any source of law" for alleged AWP fraud relating to Bayer's drugs Gamimune, Koate, and Kogenate. (BSUF ¶¶ 11-13, 29-30). Recognizing the agreement's preclusive effect, the Court in its June 10, 2004 Order "dismisse[d] all fraud claims concerning drugs covered by the 2001 . . . settlement[]."  *In*

---

[1] Citations to "BSUF," "MSUF," and "MAPP" refer to Bayer's Local Rule 56.1 Statement of Undisputed Facts in Support of Motion for Summary Judgment ("BSUF"); the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants ("MSUF"); and the Declaration of Jeniphr Breckenridge in Support of the State of Montana's Motion for Partial Summary Judgment against Certain Defendants and associated exhibits ("MAPP").

*re Pharm. Average Wholesale Price Litig.*, 321 F. Supp. 2d 187, 208 (D. Mass. 2004).  In its effort to paint all defendants with the same brush, Montana never addresses the 2001 Settlement or this Court's Order.

      2.    <u>Bayer Reported Its ASPs Since 2001.</u>  The State's Motion also ignores the fact that, pursuant to the 2001 Settlement, Bayer has reported to the Montana Medicaid program the average sale price ("ASP") for *every one* of Bayer's drugs ever since the Settlement.  (BSUF ¶¶ 21-22, 39, 41, 102).  Accordingly, plaintiffs' blanket allegation that none of the defendants made their actual price information available to the State (Pls.' Mem. in Supp. Mot. Part. Summ. J. at 5) plainly does not apply to Bayer.  Rather, from Bayer's ASP reports, Montana Medicaid officials *actually knew* Bayer's pricing information and even compared Bayer's ASPs to their published AWPs.  (BSUF ¶¶ 106-10).

      3.    <u>The State Has Abandoned Post-2001 Claims.</u>  Plaintiffs' one-size-fits-all approach causes it to overlook even its own admissions.  Montana's brief fails to disclose that it has expressly abandoned any claims for the period after Bayer began reporting ASP information in 2001.  (BSUF ¶ 68-69).  While plaintiffs have acknowledged Bayer's unique posture in this litigation, their brief overlooks this undisputed fact and fails to distinguish Bayer from other defendants that did not report ASPs.

      4.    <u>The State Cites No Evidence that Creates Any Genuine Issue of Material Fact.</u>  The State's brief fails to cite a shred of evidence that supports summary judgment against Bayer.  The State's only evidence that specifically relates to Bayer — a

- 3 -

1997 memorandum related to the drug Kogenate — concerns a drug and time period covered by the release in the 2001 Settlement. (BSUF ¶ 29). As such, any claim based on this document is barred by the doctrine of *res judicata* and has been dismissed by the Court's June 10, 2004 Order.

For the reasons stated above, Bayer respectfully requests that the Court deny the State's Motion for Partial Summary Judgment against Certain Defendants as to Bayer.

March 22, 2007

      /s/ Richard D. Raskin
Richard D. Raskin
Michael Doss
Ben J. Keith
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
312-853-7000 (tel.)
312-853-7036 (facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2007, I caused a true and correct copy of the Memorandum in Support of Bayer's Opposition to the State of Montana's Motion for Partial Summary Judgment against Certain Defendants to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                      /s/ Michael Doss