UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE LITIGATION ) | MDL No. 1456 |
| ) | |
| ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ) | |
| *State of Montana v. Abbott Labs Inc., et al.* ) | Judge Patti B. Saris |
| 02-CV-12084-PBS ) | |

**DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S INDIVIDUAL OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff State of Montana's Motion for Summary Judgment against Defendant TAP Pharmaceutical Products Inc. ("TAP") on the State's claim under Montana's Medicaid fraud statute fails on its "proof" as to TAP and the single TAP drug at issue in this case, the branded, self-administered drug, Prevacid®. The State simply cannot prove fraud by TAP over Prevacid® pricing. Therefore, in addition to the arguments made in the Memorandum in Support of Defendants' Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants ("Joint Opposition") in which TAP joins, TAP submits this brief individual Opposition because:

- Montana offers no supporting evidence whatsoever related to TAP; and
- in fact, far from misleading Montana regarding the prices at which Prevacid® could be acquired, TAP has provided Montana its ASP's for Prevacid® since 4th quarter of 2001, which the State has deliberately ignored.

Montana's Motion for Partial Summary Judgment should be denied as to TAP.

**A.   Montana Has Offered No Evidence That TAP Published or reported False Prices.**

Relying solely on TAP's answer to a single irrelevant allegation of the State's Complaint as "evidence", Montana asks this Court to enter partial summary judgment in its favor against TAP. Rule 56, of course, requires far more.

CHI-1579245v1

Montana makes only one reference to TAP in either its brief or Rule 56.1 statement, which fails to support in any way its summary judgment request. In footnote 8 of its brief, repeated at paragraph 2 of its Rule 56.1 Statement, Montana directs the Court to TAP's Answer to paragraph 5 of the State's Second Amended Complaint. That answer provides in relevant part:

> TAP admits that Congress mandated that Medicare part B reimbursement be based, in part, in certain circumstances, on AWP and that certain Medicaid programs and private insurance companies reimburse drugs based, in part, in certain circumstances, on AWP.

TAP Answer to Second Amended Complaint, filed July 19, 2004, at ¶ 5. Without explanation as to the support this allegation supposedly provides for its motion, the State asks this Court to enter partial judgment against TAP. This so called "evidence", without much much more, cannot support entry of summary judgment. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events"). For this reason alone, the State's Motion must be denied as to TAP.

**B.   The State Ignored the Pricing Information TAP Did Provide.**

It is not surprising that Montana has no more support for its Motion than an irrelevant reference to TAP's answer given TAP's supply of Prevacid®'s Average Sales Price ("ASP") information to Montana quarterly since fourth quarter 2001. As TAP demonstrated in its own Summary Judgment Motion, the State deliberately chose not to change its reimbursement for Prevacid®, despite receipt of TAP's ASP information. *See* Defendant TAP Pharmaceutical Products Inc.'s Memorandum In Support of its Motion for Summary Judgment. ("TAP Motion") at pp. 3-4; Defendant TAP Pharmaceutical Products Inc.'s Local Rule 56.1 Statement of Undisputed Facts in Support of its Motion for Summary Judgment ("TAP Rule 56.1 Statement")

at ¶¶ 17-19.  The State did so for two reasons.  First, its chosen reimbursement methodology ensured access by Medicaid participants to needed healthcare by ensuring adequate compensation to providers.  *See generally* Joint Opposition.  Second, Montana's regulations did not require it to use the ASP information, and using it would have required the State to trouble to manually enter the information into its pricing logarithms.  TAP Rule 56.1 Statement at ¶¶ 17-19.  Rather than change its system, Montana chose to sue TAP for fraud.

Montana cannot hope to establish liability under its Medicaid fraud statute in the face of its knowledge of Prevacid®'s ASP.  Indeed, the State's knowledge of Prevacid®'s ASP wholly negates this claim.  *In re Estate of Kindsfather*, 326 Mont. 192, 196-97 (2005) (to succeed on a fraud claim under Montana law, Plaintiff must prove ignorance of the falsity of a Defendant's representation).  There was no Medicaid fraud by TAP.

The State has not proven Medicaid fraud by TAP.  Its Motion for Partial Summary Judgment should be denied.

-4-

Dated:  March 22, 2007

Respectfully submitted,

/s/ Toni A. Citera
Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

James R. Daly
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

**Counsel for Defendant
Abbott Laboratories**

.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2007, I caused a true and correct copy of the foregoing **Defendant TAP Pharmaceutical Products Inc.'s Individual Opposition to Plaintiff's Motion for Partial Summary Judgment** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 in MDL No. 1456, a copy to LexisNexis File and Serve for Posting and notification to all parties..

                                              /s/ Toni A. Citera_____
                                              Toni A. Citera