# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL NO. 1456

Civil Action No. 01-CV-12257-PBS

THIS DOCUMENT RELATES TO:

Judge Patti B. Saris

*State of Montana v. Abbott Labs Inc., et al.,*
D. Mont. Cause No. CV-02-09-H-DWM

## DEFENDANTS ABBOTT LABORATORIES, PFIZER INC., AND PHARMACIA CORPORATION'S OPPOSITION TO PLAINTIFF STATE OF MONTANA'S MOTION FOR SUMMARY JUDGMENT

Dated:  March 22, 2007

| | |
|---|---|
| James R. Daly | John C. Dodds |
| Tina M. Tabacchi | Erica Smith-Klocek |
| JONES DAY | MORGAN, LEWIS & BOCKIUS LLP |
| 77 West Wacker Drive | 1701 Market Street |
| Chicago, Illinois 60601 | Philadelphia, PA 19103 |
| Telephone:  (312) 782-3939 | Tel:  (215) 963-5000 |
| Facsimile:  (312) 782-8585 | Fax: (215) 963-5001 |
| | |
| Toni-Ann Citera | Mark D. Smith |
| JONES DAY | LAREDO & SMITH, LLP |
| 222 East 41st Street | 15 Broad Street, Suite 600 |
| New York, New York 10017 | Boston, MA 02109 |
| Telephone:  (212) 326-3939 | Tel:  (617) 367-7984 |
| Facsimile:  (212) 755-7306 | Fax: (617) 367-6475 |
| | |
| **Counsel for Defendant** | **Counsel for Pfizer Inc. and** |
| **Abbott Laboratories** | **Pharmacia Corporation** |

Montana's Motion for Summary Judgment should be denied. The deficiencies in the Motion are numerous; they are addressed in the Joint Opposition Brief, which Abbott, Pfizer, and Pharmacia join in full. As to these defendants, Montana's Motion is especially meritless for the following additional reasons.

## I.    MONTANA'S CLAIM THAT IT REIMBURSED BASED ON AWP IS FALSE FOR ABBOTT'S, PFIZER'S AND PHARMACIA'S DRUGS.

Montana's Motion hangs on an unsupported allegation that "The Montana Medicaid Drug Reimbursement Plan Is Based On AWP." (Br. at 3.) Montana emphasizes this allegedly "undisputed" fact by claiming that the use of AWP is "mandated by administrative rules," (Br. at 3) and for that reason "Montana Medicaid bases reimbursement for prescription drugs on AWP." (*Id.*) If Montana's position were not clear enough, Montana then goes on to declare that "There Is No Genuine Issue Of Material Fact That . . . AWP Was The Reimbursement Basis For The Subject Drugs" in Section Heading II/C. (Br. at 4.) These pronouncements, though forceful in their delivery, are anything but "undisputed." In fact, as to Abbott, Pfizer, and Pharmacia, the premise that reimbursements were based on AWP is indisputably *false*.

The truth, as the record evidence shows, is that in nearly all instances prior to July, 2001, Montana Medicaid *did not* base reimbursement on AWP for the Subject Drugs of Abbott, Pfizer and Pharmacia.[1] Indeed, prior to July, 2001, for each of Abbott's pharmaceutical Subject Drugs, over 99% of reimbursements were effected at something other than AWP. (Local Rule 56.1 Statement of Undisputed Facts in Support of Abbott's Motion for Summary Judgment ("ASOF")

---

[1] As discussed later in this section, July, 2001 is the relevant date because in July, 2002, providers were allowed to retroactively reverse and resubmit those claims reimbursed at direct price over the previous twelve months. (ASOF at ¶¶ 28, 32.)

1

at ¶ 23.) Similarly, prior to July, 2001, for Abbott's hospital Subject Drugs, reimbursement was effected at something other than AWP in about 97% of cases.[2] (*Id.*) Additionally, nearly all of Pfizer's drugs and many of Pharmacia's drugs were not reimbursed on the basis of AWP. (Local Rule 56.1 Statement of Undisputed Facts in Support of Pfizer's and Pharmacia's Motion for Summary Judgment ("P&P SOF") ¶¶ 6-14.) In fact, Montana only began reimbursing Abbott, Pfizer, and Pharmacia Subject Drugs based on AWP in July, 2002, months *after* this lawsuit was filed and only after admitting (in the face of numerous complaints) that it had long been reimbursing pharmacists *below their cost for Abbott and Pfizer products*. (ASOF at ¶ 30; P&P SOF at ¶ 30.) Montana was so concerned about these acknowledged under-reimbursements for Abbott's and Pfizer's products that, despite having already filed this litigation, it actually went so far as to allow providers to reverse and resubmit claims that were paid based on direct price over *the prior twelve months*. (ASOF at ¶ 32; P&P SOF at ¶ 31.) That is fatal to Montana's Motion and fatal to its entire case against these defendants.

Moreover, in 2002, when Montana made the conscious decision to begin using AWP as a reimbursement mechanism for Abbott's and Pfizer's Subject Drugs, it did so in contravention of its own rules.[3] As Montana's own brief admits, AWP may be used under Montana's reimbursement scheme *only* if direct price is not available. (Br. at 3 – 4.) Thus, it is direct price reimbursement that is "mandated" by the administrative rules, and not AWP. Montana brushes

---

[2]   As described fully in Abbott's Memorandum in Support of its Motion for Summary Judgment ("AMSJ"), three of the Abbott Subject Drugs identified in Montana's complaint are pills from Abbott's pharmaceutical products division.  The rest of the identified Abbott Subject Drugs are injectibles and solutions from Abbott's former hospital products division. (AMSJ at 2 – 3.)

[3]   Montana chose to stop reimbursing for Upjohn drugs at direct price in 1999, and Parke-Davis drugs in 1992. (P&P SOF ¶¶ 8-9.)

this glaring defect aside in a footnote by simply claiming that direct price was "an illusory basis for reimbursement," as it was "seldom available." (Br. at 4, fn 5.) For Abbott's Subject Drugs, however, a direct price was published and available at all relevant times. (ASOF ¶¶ 10, 17.) Direct price was available for Pfizer's and Pharmacia's drugs as well, as evidenced by Montana's own reimbursement history. (P&P SOF ¶¶ 6-9.) Thus, in 2002, when Montana made a conscious decision to reimburse for these defendants' Subject Drugs based on AWP, it flew in the face of the "mandate" of its own administrative rules.

Montana did not reimburse Abbott's, Pfizer's, nor Pharmacia's Subject Drugs based on AWP. When it did, it did so in the face of its administrative rules, which "mandated" the use of direct price – and not AWP – for the reimbursement of these defendants' Subject Drugs. For these reasons, Montana's Motion should be denied as to these defendants.[4]

## II.    MONTANA PROVIDES ZERO EVIDENCE THAT ABBOTT OR PFIZER PUBLISHED OR REPORTED FALSE PRICES

Montana's Motion also claims that each Defendant published or caused to be published "false" AWPs. (Br. at 1.) However, as to Abbott and Pfizer that baseline assumption is wholly without factual support.[5] Montana provides no *evidence*, cites to no Abbott or Pfizer *documents*, cites to no Abbott or Pfizer *depositions*, or otherwise supports this cornerstone assumption with *any* facts. Montana would have this Court simply takes it at its word that the AWPs reported by third parties for Abbott's and Pfizer's Subject Drugs were "false." That is insufficient at

---

[4]    In fact, these very same reasons lend further support to Defendants' motion for summary judgment against Montana.

[5]    A single Pharmacia document, PH 025785-025794, is cited by the state for the proposition that Pharmacia understood AWP was commonly used for third-party reimbursement. (Br. at 7, fn. 21.) The state also urges that the document demonstrates Pharmacia reported AWPs to the publishers. Even assuming this is true, these facts alone are insufficient to establish the elements of the state's claims.

summary judgment. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

Indeed, the only Abbott or Pfizer specific document cited in the entirety of Montana's brief and 56.1 Statement against either Abbott or Pfizer is its Answer. (Br. at 7, fn 20.) Montana cites these Answers as support for Montana's allegation that Abbott and Pfizer "underst[ood] that [Montana] based their drug reimbursement on reported AWPs." (Br. at 7.) As described in section I, *supra*, in point of fact, Montana did *not* base its reimbursements for Abbott or Pfizer Subject Drugs based on AWP. Moreover, neither Abbott's Answer – which simply admits that "*certain* Medicaid programs . . . reimburse drugs based *in part*, *in certain circumstances*, on AWP" (Abbott Answer at ¶ 5) (emphasis added) – nor Pfizer's Answer – which states "*some* public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia" (Pfizer Answer at ¶ 5) (emphasis added) – provide any support for the premise for which Montana cites them. Montana's Motion is completely devoid of evidentiary-based facts, let alone undisputed ones, as to Abbott or Pfizer.[6] The Motion should be denied as to Abbott and Pfizer for this reason as well.

## CONCLUSION

For the reasons set forth above, as well as those set forth in the Joint Memorandum, the Court should deny Montana's Motion for Summary Judgment as to Abbott, Pfizer and Pharmacia.

---

[6]   Montana's repeated citation to the Track 1 trial is not evidence against Abbott, Pfizer, or Pharmacia, none of whom were defendants in that trial.

| | |
|---|---|
| Dated: March 22, 2007 | Respectfully submitted, |

| | |
|---|---|
| /s/ Toni-Ann Citera | /s/ Erica Smith-Klocek |
| Toni-Ann Citera | John C. Dodds |
| JONES DAY | Erica Smith-Klocek |
| 222 East 41st Street | MORGAN, LEWIS & BOCKIUS LLP |
| New York, New York 10017 | 1701 Market Street |
| Telephone: (212) 326-3939 | Philadelphia, PA 19103 |
| Facsimile: (212) 755-7306 | Tel: (215) 963-5000 |
| | Fax: (215) 963-5001 |
| James R. Daly | |
| Tina M. Tabacchi | Mark D. Smith |
| JONES DAY | LAREDO & SMITH, LLP |
| 77 West Wacker Drive | 15 Broad Street, Suite 600 |
| Chicago, Illinois 60601 | Boston, MA 02109 |
| Telephone: (312) 782-3939 | Tel: (617) 367-7984 |
| Facsimile: (312) 782-8585 | Fax: (617) 367-6475 |
| | |
| **Counsel for Defendant** | **Counsel for Pfizer Inc. and** |
| **Abbott Laboratories** | **Pharmacia Corporation** |

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007, I caused a true and correct copy of the foregoing **Defendant Abbott Laboratories, Inc.'s Opposition to Plaintiff's Motion for Summary Judgment** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 in MDL No. 1456, a copy to LexisNexis File and Serve for Posting and notification to all parties..

　　　　　　　　　　　　　　　　　　　__/s/ Toni A. Citera_
　　　　　　　　　　　　　　　　　　　Toni A. Citera