UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | Judge Patti B. Saris |
| *State of Montana v. Abbott Labs. Inc., et al.,*<br>No. 02-CV-12084-PBS<br>D. Mont. Cause No. CV-02-09-H-DWM |  |

### FUJISAWA HEALTHCARE INC. AND FUJISAWA USA, INC.'S INDIVIDUAL OPPOSITION TO MONTANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT[1]

As detailed in Fujisawa Healthcare Inc.'s and Fujisawa USA, Inc.'s Individual Memorandum in Support of Defendants' Motion for Summary Judgment ("Fujisawa's Mem.") (Docket No. 3748), the Fujisawa entities are poorly cast as defendants in the Average Wholesale Price ("AWP") litigation. During the period identified in the Second Amended Complaint ("Complaint"), Fujisawa USA, Inc. and Fujisawa Healthcare, Inc. (collectively "Fujisawa") had a pricing and distribution history that differed from most other drug manufacturers. Fujisawa lacked any commercial incentive to inflate the "spread" between the AWPs and provider acquisition costs for Fujisawa's drugs. *See generally* Fujisawa's Mem. Several states have opted to withdraw AWP-

---

[1] Fujisawa joins in the Memorandum in Support of Defendants' Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants ("Defendants' Joint Opposition"), and the Defendants' opposition Rule 56.1 statement of facts in support thereof, also filed this day. Fujisawa supplements the Defendants' Joint Opposition with the arguments set forth herein. In addition, Fujisawa incorporates herein its arguments and undisputed facts in Fujisawa Healthcare Inc.'s and Fujisawa USA, Inc.'s Individual Memorandum in Support of Defendants' Motion for Summary Judgment (Docket No. 3748) and Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.'s Supplemental Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment (Docket No. 3748, Attach. 1).

related allegations against Fujisawa after learning the nature of Fujisawa's drugs and its pharmaceutical business.[2] *See id.* at 1 & n.2.

Instead of establishing that Fujisawa is an appropriate target for liability in this litigation, Plaintiff's summary judgment motion further confirms the lack of support for Plaintiff's allegations that Fujisawa participated in a "scheme" to inflate published AWPs. The only supposed evidence that Plaintiff (also "the State") cites to establish Fujisawa's role actually establishes that Fujisawa *did not* "control[] what the AWP would be." *Contra* State of Montana's Mem. in Support of Mot. for Partial Summ. J. Against Certain Defs. at 5 (hereinafter "State's Mem.") (Docket No. 3732). Because the undisputed facts demonstrate the State's complete inability to support its allegations against Fujisawa, the Court should deny the State's motion for summary judgment on the State's Medicaid Fraud Act claims.

**I. ARGUMENT**

The State cannot adduce any facts to support its allegations that Fujisawa participated in a scheme to inflate AWPs and "made false statements by reporting inflated AWPs." *Contra* State's Mem. at 14 (citing Mont. Code Ann. §§ 53-6-160, 53-6-143(4); Mont. Sec. Am. Compl. ¶ 676). The State cites three documents to support its allegations against Fujisawa, but the documents do not give credence to the State's allegations. Where documented facts do not support Plaintiff's allegations, the Court should not accept Plaintiff's conclusory assertions or draw implausible inferences. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991) ("We need not, however, give credence to 'mere allegations,' or draw inferences where they are implausible or not supported by 'specific facts.... [W]e cannot accept, in lieu of documented facts, conclusory assertions....").

---

[2] *See, e.g., State of California, ex rel. Ven-A-Care of the Florida Keys, Inc., a Florida Corp. v. Abbott Labs., Inc. et al.*, MDL 1456, No. 01-12257-PBS (D. Mass.); *State of Mississippi v. Abbott Labs., Inc., et al.*, Civil Action 3:06-CV-00566-HTW-LRA (Dist. Court for the Southern Dist. of Miss. Jackson Division); *State of Wisconsin v. Abbott Labs., Inc., et al.*, Case No. 04-CV 1709 (Circuit Court, Dane County).

The State cites Fujisawa's Answer to the Complaint as supposed evidence that Fujisawa controlled the AWP that would be published for its drugs. *See* State's Mem. at 4-5 & n.8 (citing Fujisawa Answer ¶¶ 6, 412). Paragraphs 6 and 412 of Fujisawa's Answer state only that, historically, various compendia published AWPs for Fujisawa products upon consideration of pricing data provided by Fujisawa. *See* Fujisawa Answer ¶¶ 6, 412 (State's Mem. Ex. 39). Fujisawa's Answer does not demonstrate that Fujisawa had any control over the AWP figure that the drug compendia ultimately published for Fujisawa's drugs. *See* Defs.' Joint Opp'n at 5-6.

Plaintiff also cites documents FJ-MDL 8346 and FJ-MDL 015152-59 to support its allegations against Fujisawa. *See* State's Mem. at 5 n.8 (citing State's Exs. 12, 13). The State asserts that these documents show that "[t]he Fujisawa Group controlled and set the AWPs for all of its drugs through direct communications with industry compendia." *Id.* The undisputed factual evidence undermines Plaintiff's allegations rather than supports them. The cited documents demonstrate that drug pricing compendia, and not Fujisawa, controlled the figures published as AWPs.

As detailed in Defendants' Joint Opposition, it is undisputed that where reimbursements were based on AWP, Montana Medicaid based its reimbursements on the AWPs published by First DataBank. *See* Defs.' Joint Opp'n at 5-6. First DataBank witnesses have testified that First DataBank, not the pharmaceutical companies, set First DataBank's AWPs. *See id.* (citing Dep. of Kay Morgan at 26:11-27:6, 36:3-19). First DataBank controlled the published AWPs by controlling the "markup" from Wholesale Acquisition Cost ("WAC"). *See id.* at 6. Document No. FJ-MDL 8346 confirms that drug pricing databases used Fujisawa's figures only as "suggested" AWPs. The document's author questioned what could be done to affect the "mark-up used *by those databases*." *See* State's Mem. Ex. 12 (emphasis added). Document No. FJ-MDL 015152-59 demonstrates that First DataBank, Inc. had multiple price figures upon which to calculate the AWP for each drug. *See*

3

FJ-MDL 015152-59 (cited as State's Ex. 13). Therefore, First DataBank was not constrained by any AWP figure provided by Fujisawa.

Thus, the undisputed facts show that Fujisawa did not control the AWP figures upon which the State based reimbursements. Consequently, the State has not – and cannot – present any evidence that Fujisawa was responsible for "ma[king] false statements by reporting inflated AWPs" or otherwise "submi[tting] untrue, incomplete, inaccurate and misleading information used to determine the amount of payment under the Medicaid Program." *Contra* State's Mem. at 14. The State's complete failure of proof requires rejection of the State's prayer for summary judgment on its Medicaid Fraud Statute claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II. CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' Joint Opposition and Fujisawa Healthcare Inc.'s and Fujisawa USA, Inc.'s Individual Memorandum in Support of Defendants' Motion for Summary Judgment, Fujisawa respectfully requests that the Court deny the State of Montana's motion for partial summary judgment.

                         Respectfully submitted,

                         REED SMITH LLP

                         By:   /s/ Andrew L. Hurst

                             Douglas K. Spaulding
                             Andrew L. Hurst
                             1301 K Street NW
                             Suite 1100 – East Tower
                             Washington, DC 20005
                             (202) 414-9200
                             (202) 414-9299 (fax)

                         *Attorneys for Defendants Fujisawa*
                         *USA, Inc. and Fujisawa Healthcare, Inc.*

Dated: March 22, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Fujisawa Healthcare, Inc.'s and Fujisawa USA, Inc.'s Individual Opposition to Montana's Motion for Partial Summary Judgment was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on March 22, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                /s/ Andrew L. Hurst
                                                 Andrew L. Hurst