UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | ) |
| | ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ) ) | ) Civil Action No. 01-12257-PBS |
| *State of Montana* v. *Abbott Labs., Inc., et al.*, D. Mont. Case No. CV-02-09-H-DWM ) ) | ) Judge Patti B. Saris |
| AND ) ) | |
| *State of Nevada* v. *American Home Prods. Corp., et al.*, D. Nev. Case No. CV-N-02-0202-ECR ) ) ) | |

**SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S RESPONSE TO THE STATE OF MONTANA'S L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DEFENDANTS**

Pursuant to Local Rule 56.1, Defendants Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") submit this Response and Counterstatement of Facts to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants ("the State's 56.1 Statement"). As set forth in the Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Opposition to Plaintiff State of Montana's Motion for Summary Judgment (the " Schering/Warrick Opposition"), the State's 56.1 Statement does not comply with Local Rule 56.1.  To the extent a response to the State's 56.1 Statement is required, Schering and Warrick respond as follows.

1.      Average Wholesale Price ("AWP") was the reimbursement benchmark for the Montana Medicaid pharmacy program.

**RESPONSE:** Disputed.  AWP was not *the* reimbursement benchmark for the Montana Medicaid Program, but rather one of many.  *See, e.g.,* Mont. Admin. R. 37.86.1105.  For example, where Federal Upper Limits ("FULs") are in place, Montana reimburses a "maximum allowable cost" based on FULs.  *See* Statement of Undisputed Material Facts in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions (the "Schering/Warrick 56.1 Statement") at ¶¶ 22-23 (Docket No. 3665); Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 5 (Peterson Dep. Tr.) at 100-01 (Docket No. 3669).

2.   Each Defendant knew that the State and other payors based their drug reimbursement on AWPs.  This is reflected in Defendants' Answers to the State of Montana's Second Amended Complaint ("SAC"), testimony, and internal documents of the Defendants.

**RESPONSE:** Disputed.  The State does not attach or reference Schering's and Warrick's answer to the Second Amended Complaint.  The evidence cited by the State indicates only that Schering and Warrick personnel knew that AWP might be used for reimbursement for some payors.  *See* State's 56.1 Statement at Exs. 31-33   There is no evidence that Warrick and Schering personnel knew the basis for reimbursement used by the State of Montana.  In fact, Warrick was unable to track (let alone market based upon) the myriad reimbursement systems used in various places around the United States.  *See* Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 1 at ¶ 40 (Docket No. 3669).

3. Each Defendant caused AWPs to be published for each of their Subject Drugs. Company insiders have testified to these practices at trial and at depositions and internal industry documents reflect the same. Evidence shows that the reporting practices of other Defendants were similar.

**RESPONSE:** Disputed. Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts and materials cited therein.

4. Each Defendant knew that Montana Medicaid would use those AWPs as a basis to reimburse providers.

**RESPONSE:** Disputed. The State has adduced no evidence that Schering or Warrick personnel knew the basis upon which Montana reimbursed under its Medicaid program. The only record evidence is to the contrary. *See* Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 1 at ¶ 40 (Docket No. 3669).

5. The term "AWP," as used in governing regulations, means the average wholesale price at which wholesalers sell drugs.

**RESPONSE:** Paragraph 5 sets forth a legal conclusion which, in addition to being wrong, is not a proper "material fact of record." To the extent a response is required, Schering and Warrick dispute this allegedly undisputed fact. If anything, the record shows that the State and Montana Medicaid personnel long knew that AWP did not represent the average wholesale price at

which wholesalers sell drugs. *See* Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment at ¶¶ 21-40 (Docket No. 3648); Decl. of Kathleen M. O'Sullivan in Support of Defendants' Joint Motion for Summary Judgment Exs. 3, 5, 8, 10, 11, 14-15, 27, 33-39, 77-78 (Docket No. 3649).

6.   The AWPs each Defendant caused to be published for each of their subject drugs were neither averages nor a price at which wholesalers sell drugs.

**RESPONSE:** Disputed.  Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts and materials cited therein.  Schering and Warrick dispute the premise that AWP was intended to be either an average price or the price at which wholesalers sell drugs.  Indeed, the State of Montana has known for years that reported AWP is not the same as an average price or the price at which wholesalers sell drugs.  *See* Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment at ¶¶ 21-40 (Docket No. 3648); Decl. of Kathleen M. O'Sullivan in Support of Defendants' Joint Motion for Summary Judgment Exs. 3, 5, 8, 10, 11, 14-15, 27, 33-39, 77-78 (Docket No. 3649).

7.   Defendants knew that the AWPs they caused to be published were neither averages nor a price at which wholesalers sell drugs, but allowed them to be published anyway.

**RESPONSE:** Disputed.  Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts and materials cited therein.  As discussed above,

Schering and Warrick dispute that they caused AWPs to be published and further dispute the premise that AWP was intended to be either an average price or the price at which wholesalers sell drugs.  Schering and Warrick further state that it is an undisputed fact that Montana has received regular pricing letters from Schering and Warrick alerting the State to the difference between actual sales prices and AWP.  *See* Supp. Diederich Decl. Ex. 7 at 139-48 (Docket No. 3673).

Statement of Additional Relevant Facts

In further support of the Schering/Warrick Opposition, Schering and Warrick hereby incorporate by reference the Statement of Undisputed Material Facts in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions (the "Schering/Warrick 56.1 Statement"), filed February 8, 2007 (Docket No. 3665).

                                        Schering-Plough Corporation and
                                        Warrick Pharmaceuticals Corporation
                                        By their attorneys,

                                          /s/   Bryan R. Diederich
                                        Brien T. O'Connor (BBO# 546767)
                                        Christopher R. Dillon (BBO# 640896)
                                        Bryan R. Diederich (BBO # 647632)
                                        ROPES & GRAY LLP
                                        One International Place
                                        Boston, Massachusetts  02110
                                        (617) 951-7000

Dated:  March 22, 2007

## **CERTIFICATE OF SERVICE**

I, Christopher R. Dillon, hereby certify that a true copy of the forgoing document was served upon all counsel of record electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this 22nd Day of March, 2007, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

   /s/  Christopher R. Dillon