UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs Inc., et al.,*<br>*02-CV-12084-PBS* | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT IMMUNEX CORPORATION'S INDIVIDUAL OPPOSITION TO THE STATE OF MONTANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DEFENDANTS**

Defendant Immunex Corporation ("Immunex") submits this individual opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants ("Motion") in order to correct the State's assertions about Immunex's knowledge or participation in Montana Medicaid's drug reimbursement program.[1]  Immunex files this brief to clarify two points:  (1) Immunex did not control the AWPs published by First DataBank; (2) the State of Montana has submitted no proof that Immunex had knowledge of, much less control over, Montana Medicaid's reimbursement methodology or claims submitted for reimbursement.

---

[1] Immunex also joins in full Defendants' Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants, and the Defendants' Opposition 56.1 Statement of Facts in support thereof.

[06735-0059/13088276_1.DOC]                          -1-

A.    **Immunex Did Not Control the Publication of AWPs by First DataBank.**

In support of its Motion, the State contends as an undisputed fact that Immunex "caused AWPs to be published for each of their Subject Drugs." State of Montana's L.R. 56.1 Statement of Undisputed Material Facts In Support of Motion for Partial Summary Judgment Against Certain Defendants ("State 56.1 Stmt.") ¶ 3, Exs. 14-15. In support of this statement, the State submits an Immunex pricing guide that refers to "Red Book" AWPs, and correspondence between Immunex and Red Book and ACCC. The State admits, however, that First DataBank, not Red Book or ACCC, is the source of any AWPs used by Montana Medicaid for drug reimbursement. Motion at 4. Hence, the State's evidence draws no connection between Immunex and First DataBank.

The evidence regarding Immunex and First DataBank – which is not submitted by the State – disproves the assertion that Immunex controlled First DataBank's pricing. An exhibit introduced during the deposition of Patricia Kay Morgan, Manager of Product Knowledge-Based Services with First DataBank, indicates that First DataBank applied its own mark-up to List Prices that Immunex communicated to it. Immunex's Supplemental Rule 56.1 Statement of Facts ¶ 1, Ex. 1. That exhibit, a January 1, 2001 letter from Immunex to Morgan, contains Immunex List Prices (not AWPs) along with a handwritten notation stating "[change] mark up to 1.25." *Id.* The content of this document, indicating that First DataBank decided the mark up to any list prices it received from manufacturers, is corroborated by Morgan's testimony. She testified that First DataBank controlled its AWPs by deciding what mark up it would apply to drug prices to arrive at First DataBank AWPs, and that it independently changed that mark up from 1.20 to 1.25. Defs. 56. 1 Stmt. ¶ 3, Ex. 2.

B.    **The State Failed to Show That Immunex Had Either Knowledge of or Control Over Montana Medicaid's Reimbursement Methodology.**

The State further asserts as undisputed facts that Immunex "knew that the State and other payors based their drug reimbursements on AWP," and "[Immunex] knew that

-3-

Montana Medicaid would use [its] AWPs as a basis to reimburse providers." State 56.1 Stmt. ¶ 2, 4, Ex. 46.  Again, the State's evidence does not support these claims.  The only Immunex-specific documents tendered in support of these statements are two pieces of correspondence between Immunex and Red Book (again, *not* First DataBank).  *Id.* Ex. 46.  The State neglects to mention that one of these letters from Immunex conveys List Prices, not AWPs, and states: "Please note that Immunex Corporation is not responsible for setting the Average Wholesale Price (AWP).  Therefore, we do not set or approve AWP information for any Immunex products."  In sum, this evidence does not even remotely show that Immunex had any knowledge of, or participation in, Montana Medicaid's reimbursement policies or practices.

DATED:  March 22, 2007.

s/ *Kathleen M. O'Sullivan*
David J. Burman
Kathleen M. O'Sullivan
Charles C. Sipos
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

Thomas J. Sartory
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112

Attorneys for Defendant Immunex Corporation

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007, I caused a true and correct copy of the Defendant Immunex Corporation's Individual Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

By  s/ *Rebecca Gregory*
    Rebecca Gregory