UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE PHARMACEUTICAL INDUSTRY               )   MDL No. 1456
AVERAGE WHOLESALE PRICE                     )
LITIGATION                                  )   Civil Action No.
_____)        01-CV-12257-PBS
THIS DOCUMENT RELATES TO                    )
                                            )
*State of Montana v. Abbott Labs., Inc., et al.*,  )   Judge Patti B. Saris
02-CV-12084-PBS                             )
                                            )
_____)

**INDIVIDUAL OPPOSITION OF DEFENDANT AVENTIS BEHRING L.L.C., N/K/A ZLB BEHRING LLC, TO THE STATE OF MONTANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DEFENDANTS**

Montana's Motion for Partial Summary Judgment should be denied as to defendant Aventis Behring LLC, n/k/a ZLB Behring LLC ("Behring"). As explained in the Joint Opposition Brief, which Behring joins, Montana's Motion suffers from numerous glaring deficiencies. Montana's Motion is especially unjustified as to Behring for at least three reasons, one of which may be unique to Behring.

**I.  MONTANA'S MOTION ESSENTIALLY ADMITS THAT IT CANNOT ESTABLISH LIABILITY AS TO BEHRING**

Montana's Motion rests on a premise that fatally undermines Montana's claims against Behring (and that warrants the entry of summary judgment in Behring's favor). Specifically, Montana's Motion repeatedly contends that liability attaches only with respect to those claims identified in Table 7 of Dr. Raymond S. Hartman's original Report and Table 7A of his Supplemental Report. No claims relating to Behring drugs are identified on those Tables, however, and the State therefore has effectively admitted that it cannot establish liability as to Behring.

1

>According to Montana:
>
>>Liability attaches because the AWPs were not as specified by Regulation. Dr. Hartman has calculated for each defendant how many claims were paid where the AWP was not as defined by Regulation. That analysis is contained in Tab 7 in his original Report and Tab 7A in his Supplemental Report.

Motion for Summary Judgment Against Certain Defendants ("Motion"), at 8. *See also id*. at 13-14, 17 (reiterating Montana's assertion that Tables 7 and 7A of Dr. Hartman's Reports reflect all claims that Dr. Hartman found "false and subject to deceptive trade practices"); *id*. at Exs. 49 & 53 (Dr. Hartman's Original Report and Supplemental Report).

Although Dr. Hartman's opinions are hopelessly flawed and certainly cannot support summary judgment on Montana's Medicaid fraud claim against any defendant (*see generally, e.g.*, Memorandum in Support of Defendants' Joint Opposition to the Motion), Montana's contention that Tables 7 and 7A of Dr. Hartman's Reports identify those claims with respect to which "[l]iability attaches" is fatal to Montana's claims against Behring. The only Behring drug at issue in this litigation is Gammar PIV. *See* Schedule A to Montana's Second Amended Complaint. Dr. Hartman has classified Gammar PIV as a multi-source drug, and Tables 7 and 7A of Dr. Hartman's Reports identify no allegedly fraudulent claims – and no claimed penalties – relating to multi-source drugs of the "Aventis Group," which Montana defines to include Behring. *See* Motion at Ex. 49 (Table 7) & Ex. 53 (Table 7A); Declaration of Dr. Eric Gaier ("Gaier Decl.") at ¶¶ 5, 7 (confirming that Dr. Hartman classified Gammar PIV as a multi-source drug and included it in his calculations for the Aventis Group) (attached as Exhibit 1 hereto).[1] Because no claims relating to Gammar PIV appear on Table 7 or Table 7A of Dr. Hartman's

---

1  In fact, Gammar PIV is a biologic, not a multi-source drug. *See* Declaration of Mary Ann Tomasso ("Tomasso Decl.") at ¶ 4 (attached as Exhibit 2 hereto). This fact is not material to this Opposition; rather, the point is that no claims relating to Gammar PIV appear on Table 7 or Table 7A of Dr. Hartman's Reports.

2

Reports, no liability can attach as to Behring under Montana's theory.  The State's Motion therefore should be denied as to Behring, and summary judgment should be entered for Behring.[2]

## II. BEHRING DID NOT CONTROL THE PUBLICATION OF AWPs BY FIRST DATABANK

Montana contends in support of its Motion that Behring "caused AWPs to be published" for its one Subject Drug, Gammar PIV.  State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants ("Montana's 56.1 Stmt.") ¶ 3, Exs. 18-20.  The three documents on which Montana relies in support of this assertion are legally irrelevant in light of Montana's admission that no liability attaches as to Behring.  In any event, the documents provide no support for Montana's assertion.

In support of its statement that Behring "caused AWPs to be published" for Gammar PIV, Montana first submits a communication to First DataBank (*see* Montana's 56.1 Stmt. ¶ 3, Ex. 18) that does not list Gammar PIV, and, indeed, was sent *before* the date on which Gammar PIV entered the market.  Tomasso Decl. at ¶ 4.  This exhibit has no probative value as a result.  Montana then submits a 1996 pricing update that was sent to Red Book.  *See* Montana's 56.1 Stmt. ¶ 3, Ex. 19.  Montana admits, however, that First DataBank, not Red Book, is the source of any AWPs used by Montana Medicaid for drug reimbursement.  Motion at 4.  This exhibit thus draws no connection between Behring and First DataBank.

Perhaps worst of all, Montana relies on a communication by Behring's predecessor (Centeon) that establishes conclusively that Behring did *not* "cause AWPs to be published" for Gammar PIV.  *See* Montana's 56.1 Stmt. ¶ 3, Ex. 20.  Specifically, although this document

---

2   Although Montana's Motion lumps Behring together with co-defendant Aventis Pharmaceuticals Inc. and refers to them collectively as "Aventis," Motion at 1 n.1, it is indisputable that Behring was simply a subsidiary of Aventis Pharmaceuticals Inc. during part of the period at issue, and that the two companies manufactured and sold different drugs, placed their own sales, and made separate and independent pricing decisions.  *See* Tomasso Decl. at ¶ 2.

3

reflects a suggested AWP of $80 per gram for Gammar PIV, indisputable evidence demonstrates that, despite this suggestion, First DataBank published an AWP of $65 per gram.  *See* Gaier Decl. at ¶¶ 6-7.  Thus, not only does Exhibit 20 fail to support Montana's Motion, it actually refutes Montana's contention that Behring "caused AWPs to be published" for Gammar PIV.

### III.  MONTANA HAS NOT SHOWN THAT BEHRING EITHER HAD KNOWLEDGE OF OR CONTROL OVER MONTANA MEDICAID'S REIMBURSEMENT METHODOLOGY

Montana also asserts as "undisputed" facts that "[Behring] knew that the State and other payors based their drug reimbursements on AWP," and that "[Behring] knew that Montana Medicaid would use [its] AWPs as a basis to reimburse providers."  Montana's 56.1 Stmt.  Montana's evidence does not support these assertions.  Indeed, the only Behring-specific evidence offered in support of these assertions is Behring's Answer to Montana's Second Amended Complaint.  Montana's 56.1 Stmt. ¶ 2, Ex. 37.  Behring's Answer simply states that "some private and public drug reimbursement systems use AWP as published and reported by various compendia in developing their reimbursement methodologies for physicians and pharmacies."  *Id*.  This statement provides absolutely no support for the premise for which Montana cites it, and Montana's Motion thus is completely devoid of evidentiary-based facts as to Behring.  The Motion should be denied for this reason as well, and summary judgment should be granted as to Behring now that Montana has admitted that that it cannot establish liability as to Behring.

4

        Respectfully submitted,

        /s/  Aimée E. Bierman
        Michael DeMarco (BBO #119960)
         michael.demarco@klgates.com
        Aimée E. Bierman (BBO #640385)
         aimee.bierman@klgates.com
        KIRKPATRICK & LOCKHART PRESTON
        GATES ELLIS LLP
        One Lincoln Street
        Boston, MA 02111
        (617) 261-3100
        FAX: (617) 261-3175

        Jonathan T. Rees
        HOGAN & HARTSON L.L.P.
        555 13th Street, NW
        Washington D.C. 20004
        (202) 637-5600
        FAX:  (202) 637-5910

        ATTORNEYS FOR DEFENDANT AVENTIS
        BEHRING LLC, N/K/A ZLB BEHRING LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

       /s/ Aimée E. Bierman  
       Aimée E. Bierman

\\\DC - 065744/000004 - 2473648 v3