**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br>  ) <br>  ) <br> THIS DOCUMENT RELATES TO ) <br>  ) <br> *State of Montana v. Abbott Labs., Inc., et al.*, ) <br> D. Mont. Cause No. CV-02-09-H-DWM ) <br>  ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**DECLARATION OF ERIC M. GAIER, PH.D.,
CONCERNING DR. HARTMAN'S "STATUTE CHANGE" PENALTIES FOR
AVENTIS-BEHRING'S GAMMAR-P I.V.**

**March 22, 2007**

Declaration of Eric M. Gaier, Ph.D.

## I. Summary of qualifications

(1)  I am a Partner and founding Member of Bates White, LLC ("Bates White"), a professional services firm that performs economic and statistical analysis in a variety of industries and forums. Since I describe my qualifications to this Court in my Merits Report and Declaration Relating to Montana and Nevada, I will not repeat them here.[1]

## II. Scope of charge

(2)  I have been retained by counsel for Aventis Behring L.L.C. to determine whether Dr. Hartman assessed "statute change" penalties to the drug Gammar-P I.V. (NDC 00053748605) in Montana, either in Table 7 of his original Montana declaration or in Table 7a of his supplementary Montana declaration.[2] I have also been asked to determine the AWP per gram of Gammar-P I.V. that was published in the First DataBank pricing compendium over the time period from February 1998 to November 2002.

## III. Materials considered

(3)  In performing these analyses, I have considered the Hartman Montana Declaration, the Supplementary Hartman Montana Declaration, the supporting data and programs produced by Dr. Hartman, and the First DataBank pricing data produced by the State of Montana.

## IV. "Statute change" penalties for Gammar-P I.V.

(4)  In Table 7 of his Montana Declaration, Dr. Hartman assesses penalties when the allowed amount "exceeds that amount allowed under the Montana Medicaid statute; i.e., AA > AWP – 10% and AA > AWP – 15% for the relevant periods of time."[3] In Table 7a of the Supplementary Declaration, Dr.

---

[1] *Merits Report and Declaration of Eric M. Gaier, Ph.D. Relating to Montana and Nevada,* U. S. District Court for the District of Massachusetts, MDL No. 1456, Civil Action: 01-CV-12257-PBS, February 8, 2007, pp. 6-8.

[2] *Declaration of Raymond S. Hartman: Calculation of Damages and Penalties for the State of Montana,* U. S. District Court for the District of Massachusetts, MDL No. 1456, Civil Action: 01-CV-12257-PBS, June 13, 2006 ("Hartman Montana Declaration"). Also see *Supplementary Declaration of Raymond S. Hartman: Calculation of Damages and Penalties for the State of Montana,* U. S. District Court for the District of Massachusetts, MDL No. 1456, Civil Action: 01-CV-12257-PBS, June 20, 2006 ("Supplementary Hartman Montana Declaration").

[3] Hartman Montana Declaration, p. 17.

Declaration of Eric M. Gaier, Ph.D.

Hartman adjusts his analysis to account for "slight imprecision" due to rounding issues. Specifically, he assesses penalties when the "allowed amount AA is > AWP – 9% and AA > AWP – 14% for the relevant periods of time."[4] In both Tables 7 and 7a, for drugs for which ASP information was available, Dr. Hartman assesses penalties when the allowed amount exceeds the ASP.[5] Dr. Hartman reports penalties separately for innovator and multi-source drugs.

(5)  In Table 1 below, I list selected fields for the only two Gammar-P I.V. claims analyzed by Dr. Hartman. The values of "0" in the *flag_awp_1* field indicate that the Gammar-P I.V. claims are not subject to the "statute change" penalties reported in Tables 7 and 7a. In addition, Tables 7 and 7a in Dr. Hartman's Declarations reflect "0" penalties for "Aventis Group" multi-source drugs. As shown in Table 1 below, a *final _name* of "Aventis Group" indicates that Gammar-P I.V. is included in Dr. Hartman's "Aventis Group" results. A value of "0" in the *innov* field indicates that Dr. Hartman is classifying Gammar-P I.V. as a multi-source drug. Accordingly, Dr. Hartman's data corroborates that Gammar-P I.V., which Dr. Hartman has bucketed as an Aventis Group multi-source drug, is captured in the "0" penalties entry in Tables 7 or 7a. This is further corroboration that Gammar-P I.V. claims are not subject to penalties reported in Tables 7 and 7a.

**Table 1: Tables 7 and 7a data fields for Gammar-P I.V. claims**

| ndc | svc_date | awp | net_reimb | ln | innov | final_name | flag_awp_1 |
|---|---|---|---|---|---|---|---|
| 00053748605 | 23dec2003 | 625 | 531.25 | GAMMAR-P I.V. 5 GM VIAL | 0 | Aventis Group | 0 |
| 00053748605 | 25feb2004 | 625 | 531.25 | GAMMAR-P I.V. 5 GM VIAL | 0 | Aventis Group | 0 |

## V. First DataBank AWP per gram—February 1998 to November 2002

(6)  First DataBank's AWP data was produced in electronic format by ACS, Montana Medicaid's fiscal agent, in a file named "Drug_Rate.txt." For NDC 00053748605 ("GAMMAR-P I.V. 5 GM VIAL"), these data list an AWP of $325.00 effective from February 15, 1998 through November 6, 2002. Expressed on a per-gram basis, the First DataBank AWP for this drug is $65.00.

---

[4] Supplementary Hartman Montana Declaration, p. 2.
[5] I note that ASP information was not available for Gammar-P I.V.

Declaration of Eric M. Gaier, Ph.D.

## VI. Conclusion

(7)  In light of my review of Dr. Hartman's supporting data and programs and the results listed in Tables 7 and 7a, I find that Dr. Hartman has not assessed "statute change" penalties to Aventis Behring's Gammar-P I.V. I have also determined that First DataBank published a Gammar-P I.V. AWP effective from February 15, 1998 through November 6, 2002 that, when expressed on a per-gram basis, equals $65.00.

Declaration of Eric M. Gaier, Ph.D.

I declare under penalty of perjury that this declaration is true and correct.

| | |
|---|---|
| /s/ Eric M. Gaier | March 22, 2007 |
| Eric M. Gaier, Ph.D. | Date |

Declaration of Eric M. Gaier, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

    /s/ Aimée E. Bierman
Aimée E. Bierman