UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) Master File No. 01-CV-12257-PBS ) |
| *State of Montana v. Abbott Labs Inc., et al.,* Cause No. CV-02-09-H-DWM (D. Mont.) | ) Judge Patti B. Saris ) ) ) |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
COUNTER STATEMENT OF DISPUTED FACTS IN RESPONSE TO
THE STATE OF MONTANA'S L.R. 56.1 STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DEFENDANTS**

Pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District

Court for the District of Massachusetts, Defendant AstraZeneca Pharmaceuticals LP

("AstraZeneca") hereby submits this Counter Statement of Disputed Facts in Response to

the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of

Motion for Partial Summary Judgment Against Certain Defendants.  Deposition

transcripts cited herein are attached as exhibits to the Confidential Declaration of James J.

Duffy in Support of Defendant AstraZeneca Pharmaceuticals LP's Counter Statement of

Disputed Facts in Response to the State of Montana's L.R. 56.1 Statement of Undisputed

Material Facts in Support of Motion for Partial Summary Judgment Against Certain

Defendants (the "Confidential Duffy Decl.").  AstraZeneca incorporates by reference the

Defendants' Joint Response to the State of Montana's Statement of Undisputed Material

Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants

and Supplemental Statement of Undisputed Facts (the "Joint Response 56.1 Stmt."), filed jointly on behalf of all Defendants.

1.      Average Wholesale Price ("AWP") was the reimbursement benchmark for the Montana Medicaid pharmacy program.

**RESPONSE:** *See* Response No. 1, Joint Response 56.1 Stmt. at 1-2.

2.      Each Defendant knew that the State and other payors based their drug reimbursement on AWPs.  This is reflected in Defendants' Answers to the State of Montana's Second Amended Complaint ("SAC"), testimony, and internal documents of the Defendants.

**RESPONSE:** *See* Response No. 2, Joint Response 56.1 Stmt. at 2.

3.      Each Defendant caused AWPs to be published for each of their Subject Drugs.  Company insiders have testified to these practices at trial and at depositions and internal industry documents reflect the same.  Evidence shows that the reporting practices of other Defendants were similar.

**RESPONSE:** *See* Response No. 3, Joint Response 56.1 Stmt. at 2-3.

In addition, AstraZeneca disputes that it caused AWPs for its drugs to be published by First DataBank.  The deposition testimony of AstraZeneca employee Steve Buckanavage, upon which the State of Montana relies, deals with AstraZeneca's reporting of suggested AWPs to Red Book, not First DataBank.  (Deposition of Steve Buckanavage, dated June 8, 2005, at 147, Confidential Duffy Decl. ¶ 2, Ex. 1.)

Patricia Kay Morgan, the Manager of Product Knowledge-Based Services at First DataBank, testified that the AWPs published by First DataBank were not set by the pharmaceutical manufacturers, but instead by First DataBank itself based on wholesaler

2

surveys.  (Deposition of Patricia Kay Morgan, dated January 11, 2005 ("Morgan II

Dep."), at 26-27, 36, Confidential Duffy Decl. ¶ 4, Ex. 3; Deposition of Patricia Kay

Morgan, dated January 28, 2002 ("Morgan I Dep."), at 68-69, Confidential Duffy Decl.

¶ 3, Ex. 2.)

Ms. Morgan also testified that, even when pharmaceutical manufacturers

submitted "suggested AWPs," they were disregarded by First DataBank when

determining what AWP percentage mark-up to employ.  (Morgan I Dep. at 71,

Confidential Duffy Decl. ¶ 3, Ex. 2.)

Ms. Morgan further testified that while AstraZeneca had submitted "suggested"

AWPs for its drugs, these were often disregarded in setting the published AWPs.

(Morgan II Dep. at 111-12, Confidential Duffy Decl. ¶ 4, Ex. 3.)

4.      Each Defendant knew that Montana Medicaid would use those AWPs as a

basis to reimburse providers.

**RESPONSE:**  *See* Response No. 4, Joint Response 56.1 Stmt. at 3.

5.      The term "AWP," as used in governing regulations, means the average

price at which wholesalers sell drugs.

**RESPONSE:**  *See* Response No. 5, Joint Response 56.1 Stmt. at 3.

6.      The AWPs each Defendant caused to be published for each of their subject

drugs were neither averages nor a price at which wholesalers sell drugs.

**RESPONSE:**  *See* Response No. 6, Joint Response 56.1 Stmt. at 3; Response

No. 3, *supra* at 2-3.

3

7.      Defendants knew that the AWPs they caused to be published were neither averages nor a price at which wholesalers sell drugs, but allowed them to be published anyway.

**RESPONSE:**  *See* Response No. 7, Joint Response 56.1 Stmt. at 4; Response No. 6, *supra* at 3.

Dated:   Boston, Massachusetts
        March 22, 2007

By:   /s/ Katherine B. Schmeckpeper

        Nicholas C. Theodorou (BBO # 496730)
        Katherine B. Schmeckpeper (BBO #663200)
        FOLEY HOAG LLP
        155 Seaport Blvd.
        Boston, Massachusetts  02210
        Telephone:  (617) 832-1000

        D. Scott Wise (admitted *pro hac vice*)
        Michael S. Flynn (admitted *pro hac vice*)
        James J. Duffy (admitted *pro hac vice*)
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, New York  10017
        Telephone:  (212) 450-4000

        *Attorneys for Defendant AstraZeneca*
        *Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007, a true and correct copy of the foregoing, Defendant AstraZeneca Pharmaceutical LP's Counter Statement of Disputed Facts in Response to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants, was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper