UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | ) ) ) ) | |

**TRIAL OF CLASS 1 CLAIMS**

**DEFENDANT ASTRAZENECA'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DECERTIFY CLASS 1**

On March 1, 2007, in response to Plaintiffs' filing concerning the start of the Class 1 trial, AstraZeneca alerted the Court and Plaintiffs to its specific concerns regarding the feasibility of the Class 1 trial and explicitly requested that Plaintiffs provide a fair and manageable trial plan. (See Def. AstraZeneca's Resp. to Pls.' Mem. Concerning the Start of the Class 1 Jury Trial and Request for Plaintiffs to Present a Fair and Manageable Trial Plan) [hereinafter "Def.'s Mem. Requesting Trial Plan"]. Plaintiffs did not respond. On March 12, 2007, AstraZeneca's counsel contacted Plaintiffs' counsel and reiterated this request. Again, no response was forthcoming. Accordingly, AstraZeneca submits this motion to decertify Class 1.[1] This is not a motion for

---

[1] Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23, the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case" and "must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts"); Lamphere v. Brown Univ., 553 F.2d 714, 719 (1st Cir. 1977) (noting that court has continuing duty under Rule 23(c)(1) to "reconsider[ ] the [class certification] decision as the case progresses"); Duffy v. Massinari, 202 F.R.D. 437, 439 (E.D. Pa. 2001) (noting that court has continuing duty under Rule 23(c)(1) to reconsider class certification decision as case progresses).

adjournment of the trial date, which can proceed on behalf of Mr. Howe and Mr. Townsend on April 30. The reasons are summarized below.[2]

## BACKGROUND

In the August 16, 2005 Memorandum and Order, this Court deferred certification of a nationwide class of Medicare Part B beneficiaries pending class counsels' ability to identify individual class representatives. In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 96 (D. Mass. 2005) [hereinafter "AWP"]. At that time, the Court determined that class members were entitled to have their claims adjudicated under the consumer protection statutes of their individual states. Id. at 83. The Court also, sua sponte, created subclasses of consumers by manufacturer group, including an AstraZeneca subclass. Id. at 85. There was, however, no class representative; rather, the Court granted counsel time to find one. At the January 19, 2006 hearing regarding certification, this Court, in response to Plaintiffs' counsel, expanded Class 1 to include not only persons who made payments, but also those who incurred an obligation to make a co-payment on the basis of AWP. (Jan. 19, 2006 Tr. at 63-66). Thereafter, by order dated January 30, 2006, this Court certified Mr. Howe and Mr. Townsend as adequate and typical representatives of a subclass of Medicare Part B beneficiaries who made co-payments for Zoladex on the basis of AWP under the consumer protection laws of 42 states, without further elaboration of their adequacy to represent absent class members. AWP, 233 F.R.D. 229 (D. Mass. 2006).

It is now March 22, 2007, more than one year from the final certification order and approximately one month before trial, and Defendant AstraZeneca still does not know how

---

[2] AstraZeneca's Response to Plaintiffs' Memorandum Concerning the Start of the Class 1 Jury Trial and Request for Plaintiffs to Present a Fair and Manageable Trial Plan is incorporated by reference.

Plaintiffs plan to try this case under the disparate state laws of 42 different States.  Nor does this Court.

## ARGUMENT

In Defendant's Memorandum Requesting a Trial Plan, AstraZeneca specified some of the salient variations in state consumer protection law that must be applied in this 42 state class action.  (Def.'s Mem. Requesting Trial Plan at 8-13).  AstraZeneca also expressed concern that Mssrs. Howe and Townsend could not adequately represent the diverse array of absent class members whose claims arose under state consumer protection laws which contain elements and defenses differing from those in Florida or Oregon.  (Id. at 13-16).  None of these concerns have been addressed.

**I.    CLASS 1 MUST BE DECERTIFIED**

    **A.    This Court, the Class Members, and AstraZeneca are Entitled to a Trial Plan**

At the risk of stating the obvious, the Advisory Committee notes to Rule 23 state: "A critical need is to determine how the case will be tried."  FED. R. CIV. P. 23(c)(1)(A) advisory committee's note.  Although the need for a trial plan is described as "critical" for all class actions, the imperative is exacerbated here, where Plaintiffs ask this Court to do what courts have held cannot be done and what no other court has done before—try a nationwide class action under the laws of 42 different states.  Nonetheless, Plaintiffs have failed to fulfill their obligation to present this Court and AstraZeneca with a trial plan which includes a "a complete list of the claims, issues, or defenses to be treated on a class basis."  Wachtell v. Guardian Life Ins. Co. of Amer., 453 F.3d 179, 185 (3d Cir. 2006); see FED. R. CIV. P. 23(c)(1)(B) ("An order certifying a class action must define the class and the class claims, issues, or defenses. . ."); FED. R. CIV. P. 23(c)(1)(A) advisory committee's note ("An increasing number of courts require a party

3

requesting class certification to present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible to class-wide proof."); (Def.'s Mem. Requesting Trial Plan at 4-7).  This Court has previously recognized Plaintiffs' burden in this regard, AWP, 230 F.R.D. at 84 ("[T]he burden is on plaintiffs to demonstrate 'through an extensive analysis' that grouping is feasible."), but Plaintiffs have not yet been forced to comply. See Sweet v. Pfizer, 232 F.R.D. 360, 370-71 (C.D. Cal. 2005) (decrying Plaintiffs' counsel's "trial plan" which was "insufficient to the point of risibility" and provides "absolutely no guidance regarding an orderly manner in which to apply all the varying states' laws in the 'class action component' of their plan); Barreras Ruiz v. American Tobacco Co., 180 F.R.D. 194, 197 (D.P.R. 1998) (denying class certification where "[t]he failure of plaintiffs' counsel to provide a specific plan to manage these claims suggests a nearly cavalier attitude towards the complexity of the class they propose").

**B. Plaintiffs Cannot Ignore Differences in State Law by Manufacturing A Composite National Consumer Protection Act**

A trial plan is crucial given the numerous individuals across the nation whose rights will be finally determined at the Class 1 trial.  This Court found that each class member is entitled to have his or her claim adjudicated under his or her state consumer protection statute.  AWP, 230 F.R.D. at 83.  Under the Rules Enabling Act, 28 U.S.C. § 2072, Erie R.R. v. Tompkins, 304 U.S. 64 (1938), and constitutional principles, this Court must respect the differences in state law when adjudicating the claims of each class member under their respective state CPL.  See In re Bridgestone/ Firestone, Inc., 288 F.3d 1012, 1020 (7th Cir. 2002) ("Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court."); see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).  For example, a Pennsylvania resident is entitled

4

to have his or her claims tested in accordance with the elements required under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2.  Concomitantly, AstraZeneca is entitled to pursue any applicable defenses available under Pennsylvania law.  As such, Plaintiffs cannot manufacture—and this Court cannot apply—a composite, amalgamated "national consumer protection act" for the purposes of this litigation.  See In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1300-01 (7th Cir. 1995) (issuing writ of mandamus against district court for adopting "Esperanto" instructions that purported to merge the laws of various states into a single legal standard); see also Amchem Prods. Co. v. Windsor, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right.'"); Cimino v. Raymark Indus., Inc., 151 F.3d 297, 312 (5th Cir. 1998) ("[U]se of Rule 23(b)(3) . . . does not alter the required elements which must be found to impose liability and fix damages (or the burden of proof thereon) or the identity of the substantive law . . . which determines such elements."); In re Amer. Med. Sys. Inc., 75 F.3d 1069, 1085 (6th Cir. 1996) (characterizing task of instructing jury as "impossible" where state laws differ); In re Stucco Litig., 175 F.R.D. 210, 217 (E.D.N.C. 1997) (noting that where the law of more than one jurisdiction applies, a federal district court "must give effect to the variations in state law, however minor they may be."); see also Harding v. Tambrands Inc., 165 F.R.D. 623, 629-30 (D. Kan. 1996) ("Under Erie . . ., the court must consider how the law of negligence differs from jurisdiction to jurisdiction.").

In the August 2005 decision, this Court noted that "grouping" of the state consumer protection statutes may be permissible if Plaintiffs were able to show "through an 'extensive analysis' that grouping is feasible."  AWP, 230 F.R.D. at 84.  The courts which state that

"grouping" may be possible do so in dicta.  AstraZeneca is not aware of any case in which a court has approved such a grouping of consumer protection statutes.  Plaintiffs have not even tried, but many others have failed.  See, e.g., In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1018 (7th Cir. 2002) (vacating district court order certifying consumer protection claims under the laws of 50 states); Castano v. Am. Tobacco Co., 84 F.3d 734, 742 (5th Cir. 1996) (vacating district court order certifying consumer protection claims under the laws of 50 states); Lyons v. Caterpillar, Inc., 194 F.R.D. 206, 219 (E.D. Pa. 2000) (variations in consumer protection laws of 41 states rendered class action unmanageable); In re Ford Motor Co. Ignition Switch Prods. Liability Litig., 194 F.R.D. 484, 490 (D.N.J. 2000) (noting that application of the law of each state with respect to "deceptive practices" would "demand significant attention from this Court"); Carpenter v. BMW of N. Am., Inc., No. 99-CV-214, 1999 U.S. Dist. LEXIS 9272, at *10-11 (D. Pa. June 21, 1999) ("Plaintiff concludes, based on her division into the above groups, that the consumer fraud laws 'can easily be divided into subclasses and charged to the jury.'  Such a proffer, however, is 'overly simplistic.'"); Tylka v. Gerber Prods. Co., 178 F.R.D. 493, 498 (N.D. Ill. 1998) ("Plaintiffs fail to meet their burden and demonstrate that the nuances of 50 consumer fraud statutes and 50 common laws are manageable").

AstraZeneca is not aware of any instance in which a nationwide class has been tried under 42 state laws.  The provision of a trial plan describing the claims, issues, and defenses to be treated on a class basis, is an absolute prerequisite to the thoughtful evaluation necessary to ensure that this experiment is conducted in accordance with constitutional principles, Rule 23,

and the rights of the thousands of absent class members.[3]  Neither AstraZeneca nor this Court has not had an opportunity to perform such an evaluation.  Class 1 must be decertified.

### C. The April 30 Trial Should be of Howe and Townsend Only

AstraZeneca is not asking for an adjournment of the trial date.  Rather, upon decertification, Mr. Howe and Mr. Townsend can proceed to trial on April 30.

### CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that this Court decertify Class 1.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: March 22, 2007

---

[3] Given the imminence of trial, this is necessary not only to protect AstraZeneca's rights, but also the rights of the absent class members, who have not been provided with any assurance that their legal interests are being protected, let alone any plan with which to evaluate whether they are protected.  Plaintiffs must explain how Mr. Howe or Mr. Townsend will protect the interests of absent class members in over forty states, which state consumer protection laws contain elements and defenses that neither Mr. Howe nor Mr. Townsend has a legal interest or personal stake in litigating.  See Amchem, 521 U.S. at 629 (affirming court of appeals refusal to approve class action settlement where legal interests of class representatives were not adequately aligned with absent class members).

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on March 22, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

          By:    /s/ Katherine B. Schmeckpeper
                  Katherine B. Schmeckpeper