UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *State of Montana* v. *Abbott Labs., Inc.*, *et al.*, D. Mont. Case No. CV-02-09-H-DWM | ) ) ) |
| AND | ) ) |
| *State of Nevada* v. *American Home Prods. Corp.*, *et al.*, D. Nev. Case No. CV-N-02-0202-ECR | ) ) ) ) ) |

MDL No. 1456

Civil Action No. 01-12257-PBS

Judge Patti B. Saris

**SCHERING-PLOUGH CORPORATION'S AND WARRICK
PHARMACEUTICALS CORPORATION'S RESPONSE TO THE STATE OF
MONTANA'S L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DEFENDANTS**

Pursuant to Local Rule 56.1, Defendants Schering-Plough Corporation ("Schering") and

Warrick Pharmaceuticals Corporation ("Warrick") submit this Response and Counterstatement of

Facts to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of

Motion for Partial Summary Judgment Against Certain Defendants ("the State's 56.1 Statement").

As set forth in the Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's

Opposition to Plaintiff State of Montana's Motion for Summary Judgment (the " Schering/Warrick

Opposition"), the State's 56.1 Statement does not comply with Local Rule 56.1.  To the extent a

response to the State's 56.1 Statement is required, Schering and Warrick respond as follows.

1.      Average Wholesale Price ("AWP") was the reimbursement benchmark for the Montana

Medicaid pharmacy program.

**RESPONSE:** Disputed.  AWP was not *the* reimbursement benchmark for the Montana Medicaid Program, but rather one of many.  *See, e.g.,* Mont. Admin. R. 37.86.1105.  For example, where Federal Upper Limits ("FULs") are in place, Montana reimburses a "maximum allowable cost" based on FULs.  *See* Statement of Undisputed Material Facts in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions (the "Schering/Warrick 56.1 Statement") at ¶¶ 22-23 (Docket No. 3665); Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 5 (Peterson Dep. Tr.) at 100-01 (Docket No. 3669).

2.       Each Defendant knew that the State and other payors based their drug reimbursement on AWPs.  This is reflected in Defendants' Answers to the State of Montana's Second Amended Complaint ("SAC"), testimony, and internal documents of the Defendants.

**RESPONSE:** Disputed.  The State does not attach or reference Schering's and Warrick's answer to the Second Amended Complaint.  The evidence cited by the State indicates only that Schering and Warrick personnel knew that AWP might be used for reimbursement for some payors.  *See* State's 56.1 Statement at Exs. 31-33   There is no evidence that Warrick and Schering personnel knew the basis for reimbursement used by the State of Montana.  In fact, Warrick was unable to track (let alone market based upon) the myriad reimbursement systems used in various places around the United States.  *See* Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 1 at ¶ 40 (Docket No. 3669).

3.      Each Defendant caused AWPs to be published for each of their Subject Drugs.
Company insiders have testified to these practices at trial and at depositions and internal industry
documents reflect the same.  Evidence shows that the reporting practices of other Defendants were
similar.

**RESPONSE:**  Disputed.  Schering and Warrick incorporate by reference the Defendants'
Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its
Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of
Undisputed Facts and materials cited therein.

4.      Each Defendant knew that Montana Medicaid would use those AWPs as a basis to
reimburse providers.

**RESPONSE:**  Disputed.  The State has adduced no evidence that Schering or Warrick
personnel knew the basis upon which Montana reimbursed under its Medicaid program.  The only
record evidence is to the contrary.  *See* Declaration of Bryan R. Diederich in Support of Schering-
Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment
as to Nevada and Montana Actions Ex. 1 at ¶ 40 (Docket No. 3669).

5.      The term "AWP," as used in governing regulations, means the average wholesale
price at which wholesalers sell drugs.

**RESPONSE:**  Paragraph 5 sets forth a legal conclusion which, in addition to being wrong,
is not a proper "material fact of record."  To the extent a response is required, Schering and
Warrick dispute this allegedly undisputed fact.  If anything, the record shows that the State and
Montana Medicaid personnel long knew that AWP did not represent the average wholesale price at

which wholesalers sell drugs. *See* Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment at ¶¶ 21-40 (Docket No. 3648); Decl. of Kathleen M. O'Sullivan in Support of Defendants' Joint Motion for Summary Judgment Exs. 3, 5, 8, 10, 11, 14-15, 27, 33-39, 77-78 (Docket No. 3649).

6.      The AWPs each Defendant caused to be published for each of their subject drugs were neither averages nor a price at which wholesalers sell drugs.

**RESPONSE:** Disputed. Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts and materials cited therein. Schering and Warrick dispute the premise that AWP was intended to be either an average price or the price at which wholesalers sell drugs. Indeed, the State of Montana has known for years that reported AWP is not the same as an average price or the price at which wholesalers sell drugs. *See* Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment at ¶¶ 21-40 (Docket No. 3648); Decl. of Kathleen M. O'Sullivan in Support of Defendants' Joint Motion for Summary Judgment Exs. 3, 5, 8, 10, 11, 14-15, 27, 33-39, 77-78 (Docket No. 3649).

7.      Defendants knew that the AWPs they caused to be published were neither averages nor a price at which wholesalers sell drugs, but allowed them to be published anyway.

**RESPONSE:** Disputed. Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts and materials cited therein. As discussed above,

Schering and Warrick dispute that they caused AWPs to be published and further dispute the premise that AWP was intended to be either an average price or the price at which wholesalers sell drugs.  Schering and Warrick further state that it is an undisputed fact that Montana has received regular pricing letters from Schering and Warrick alerting the State to the difference between actual sales prices and AWP.  *See* Supp. Diederich Decl. Ex. 7 at 139-48 (Docket No. 3673).

<u>Statement of Additional Relevant Facts</u>

In further support of the Schering/Warrick Opposition, Schering and Warrick hereby incorporate by reference the Statement of Undisputed Material Facts in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions (the "Schering/Warrick 56.1 Statement"), filed February 8, 2007 (Docket No. 3665).

<div style="margin-left: 40%;">

Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation
By their attorneys,


    /s/   Bryan R. Diederich
Brien T. O'Connor (BBO# 546767)
Christopher R. Dillon (BBO# 640896)
Bryan R. Diederich (BBO # 647632)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts  02110
(617) 951-7000

</div>

Dated:  March 22, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher R. Dillon, hereby certify that a true copy of the forgoing document was served upon all counsel of record electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this 22nd Day of March, 2007, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

   /s/  Christopher R. Dillon

10426534_1