UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO PRECLUDE ASTRAZENECA FROM
CALLING STANLEY WEINTRAUB AT TRIAL**

During the Class 2 and Class 3 trial, the primary defense used by the Track 1 Defendants, including AstraZeneca, was that the government "knew" or should have known of the conduct challenged in this litigation. In this same vein, AstraZeneca has identified Stanley Weintraub as a *will call* witness. *See* Doc. No. 3852. Mr. Weintraub is a former senior policy advisor for HCFA but, since that time, has become a regular paid expert for defendants in AWP-related litigation. For example, Mr. Weintraub has submitted at least two "expert" affidavits on behalf of TAP Pharmaceuticals, in *Clark v. TAP Pharm. Prods, Inc.*, No. 01-L-132 (Williamson County, Illinois) and *Stetser v. TAP Pharm. Prods., Inc.* No. 1 CV 5268, Sup. Ct. North Carolina (New Hanover County). And during the Class 2 and Class 3 trial counsel for the United States informed the Court that it had learned during its consultations with Mr. Weintraub that Defendants had offered Mr. Weintraub $350/hour to testify. Trial colloquy (Nov. 13, 2006), at 17:10-12, 21-22.

For the reasons set forth in Plaintiffs' Motion in Limine to preclude the introduction of "government knowledge" evidence, nothing to which Mr. Weintraub might testify could be

- 1 -

imputed to Medicare beneficiaries. But more importantly, Mr. Weintraub should not be permitted to testify at trial because it would give the jury the false impression that Mr. Weintraub speaks for "The Government." But not only does Mr. Weintraub lack the authority to speak for the government as a whole (no one does), he likewise lacks the authority to speak on behalf of HCFA. It would be grossly misleading to cloak Mr. Weintraub in the apparent neutrality of a government cape when, in reality, he is an expert handsomely paid by defendants in AWP-related litigation, most notably AstraZeneca's primary competitor in the LHRH agonist market, TAP Pharmaceutical Products. For all of these reasons, Mr. Weintraub should not be permitted to testify at trial.

## I. MR. WEINTRAUB'S "GOVERNMENT KNOWLEDGE" IS NOT RELEVANT TO THIS TRIAL

Mr. Weintraub's purported "government knowledge" is not relevant to this trial. As a matter of law he cannot "interpret" HCFA's actions, which must speak for themselves. As the Second Circuit recently explained:

> Generally speaking, after-the-fact rationalization for agency action is disfavored. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."); *Citizens to Preserve Overton Park*, 401 U.S. at 419 (internal citations omitted) (criticizing lower court's reliance on "post hoc" litigation affidavits in reviewing agency action); *see also Forest Watch v. United States Forest Serv.*, 410 F.3d 115, 119 (2d Cir. 2005); *Envtl. Def. Fund, Inc. v. Costle*, 211 U.S. App. D.C. 313, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made. . . . not some new record completed initially in the reviewing court.").

*Yale-New Haven Hosp. v. Leavitt*, 470 F.3d 71, 81-82 (2d Cir. 2000). *See also South Carolina Educ. Ass'n v.* Campbell, 883 F.2d 1251, 1260 (4th Cir. 1989) ("It is a settled principle in the interpretation of statutes that even where there is some ambiguity or uncertainty in the language

used, resort cannot be had to the opinions of legislators or of others concerned in the enactment of the law for the purpose of ascertaining the intent of the Legislature. To resort to the views of individuals, even of legislators, after the legislation has been enacted, would involve the interpretation of the law in endless confusion and uncertainty.").

In addition, unless Mr. Weintraub will testify that he gave AstraZeneca permission to fraudulently inflate its AWP and market the spread, a "permission" he would not even be qualified to give, whatever he has to say is not relevant to the issues in this trial.

## II.     TESTIMONY FROM MR. WEINTRAUB WOULD BE GROSSLY MISLEADING

Testimony from Mr. Weintraub also has the potential to be grossly misleading to the jury. It would be deceptive to call only Mr. Weintraub at trial as a purported "example" of what the entire government believed. Even if Mr. Weintraub could speak for HCFA (which, as set forth above, he cannot), he certainly cannot speak on behalf of the entire federal government. As a general rule, the knowledge of one government agency may not, as a matter of law, be imputed to another. *United States v. Harms*, 442 F.3d 367, 377 (5th Cir. 2006) (citation omitted); *United States, Small Bus. Admin. v. Bridges*, 894 F.2d 108, 112 (5th Cir. 1990) (citing *In re H. & C. Table Co.,* 457 F. Supp. 858, 860 (W.D. Tenn. 1978) ("The United States is a 'monstrous government' and one agency will not always know what another agency is doing ….")). While AstraZeneca may argue that this false impression could be cured by jury instructions, that is not the case. And having the jury assume that a single witness speaks on behalf of "the government" is particularly dangerous with regard to Mr. Weintraub, who is intricately tied to the pharmaceutical industry.

- 4 -

## III. THIS COURT MAY REJECT IRRELEVANT AND MISLEADING EVIDENCE

The Federal Rules of Evidence are plain that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402.  Because there is no evidence that Mr. Weintraub knew about AstraZeneca's spread marketing activities, and because any testimony he would give about what HCFA thought or meant is improper as a matter of law, his testimony should be excluded at trial.

Furthermore, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  Particularly with this trial, there is a danger that the jury might be confused by the introduction of evidence of government "knowledge," especially from Mr. Weintraub.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of testimony from Stanley Weintraub at trial, and all other relief that this Court deems just and proper.

DATED:  March 23, 2007

By  /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

      I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE ASTRAZENECA FROM CALLING STANLEY WEINTRAUB AT TRIAL** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      /s/ Steve W. Berman
      Steve W. Berman

001534-16  160814 V1