UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE REGARDING
ASTRAZENECA'S MEETING COMPETITION DEFENSE**

During the Class 2 and Class 3 bench trial, AstraZeneca introduced evidence, mostly through the testimony of former and current AstraZeneca executives, that, in order to compete with TAP's drug Lupron®, AstraZeneca had "no choice" but to inflate its AWP and market the spread for Zoladex®. AstraZeneca's "we were forced to engage in fraud" defense is not and should not be recognized. Moreover, such evidence may confuse the jury into believing that AstraZeneca's defense is valid as a matter of law. Therefore, it should be excluded at trial.

**I.     ASTRAZENECA'S TESTIMONY REGARDING MEETING TAP'S COMPETITION**

During the Class 2 and Class 3 trial, AstraZeneca's witnesses testified that AstraZeneca chose to market the spread and inflate the AWP for Zoladex® in order to be able to compete with TAP's Lupron.® *See* Buckanavage Trial Testimony (Nov. 14, 2006), at 9:18-23, 25:1-10; Milbauer Trial Testimony (Nov. 28, 2006), at 16:13 – 17:19; Direct Testimony Decl. of Robert C. Black ¶¶ 17-24. Indeed, in its post-trial briefing, AstraZeneca argued that it should be let off the hook as a matter of law because it engaged in an industry practice. *See* Memorandum

of Law in Support of AstraZeneca Pharmaceuticals LP's Post-Trial Motion for Judgment [Doc. No. 3567], at 8-10.

## II. ASTRAZENECA'S DEFENSE SHOULD NOT BE RECOGNIZED BY THIS COURT

While meeting competition or industry practice defenses are common in breach of contract actions, they are not defenses in fraud actions. Otherwise, entire industries would be immunized from wrongdoing merely on the grounds that other participants were engaged in the same wrongdoing, eviscerating the remedial purpose of consumer protection laws in the first instance. *See SEC v. U.S. Funding Corp.*, Civ. No. 02-2089 (WJM), 2006 U.S. Dist. Lexis 24789, at *28 (D.N.J. Apr. 11, 2006) (in securities fraud action striking affirmative defense that "Defendants [sic] acted consistent with the standards and customs as well as the rules and regulations pertaining to customary industry practice" because "[t]he Court is not aware, however, of any industry 'standards and customs' that trump our nation's federal securities laws. The purpose of the securities laws, in fact, was to accomplish the exact opposite.") (citation omitted).

Moreover, if AstraZeneca is permitted to introduce evidence that it engaged in marketing the spread only as a competitive response to TAP's actions, the jury may wrongfully infer that meeting competition is a legitimate defense to fraud. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. For this additional reason, evidence supporting AstraZeneca's "defense" should not be permitted at trial.

001534-16  160461 V1

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of evidence regarding AstraZeneca's "meeting competition" defense, and all other relief that this Court deems just and proper.

DATED:  March 23, 2007

By   /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

001534-16  160461 V1

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ASTRAZENECA'S MEETING COMPETITION DEFENSE** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

       /s/ Steve W. Berman_____
      Steve W. Berman

- 5 -