UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE REGARDING THE EFFICACY OF ZOLADEX**

It is clear from AstraZeneca's pretrial disclosures that AstraZeneca seeks to introduce evidence at trial regarding the efficacy and/or clinical attributes of Zoladex®. Namely, AstraZeneca's witness list states that AstraZeneca intends to call: a urologist, a physician expert witness, and the inventor of Zoladex® at trial. AstraZeneca's exhibit list likewise contains numerous entries for articles from medical journals. But whether Zoladex® is an effective drug is irrelevant to this trial. Plaintiffs allege that AstraZeneca published a fraudulent and deceptive AWP for Zoladex®; they do not have a single allegation relating to the clinical attributes of Zoladex®. AstraZeneca's attempts to distract the jury with superfluous information should not be permitted. Indeed, AstraZeneca's proposed evidence regarding the efficacy of Zoladex® threatens to turn this trial into an evaluation of prostate cancer treatments rather than a challenge to AstraZeneca's pricing practices.

I.   **THE EFFICACY OF ZOLADEX IS NOT RELEVANT TO THIS TRIAL**

AstraZeneca's Witness List [Doc. No. 3852] states that it may call Mack Roach, a professor or Radiology Oncology and Urology who, at the time the parties were briefing

- 1 -

summary judgment, submitted an expert report entitled "The Role of Zoladex in the Management of Prostate Cancer." Paragraph 2 of that Report specifically provided that "I have been retained by AstraZeneca to provide my opinion on the role of Zoladex in the management of prostate cancer including how Zoladex works, how it is administered, and its efficacy in treating prostate cancer as evidenced by several clinical studies." In addition, AstraZeneca has indicated that it may call Barrington Furr, the former Chief Scientist and Head of Project Evaluation for AstraZeneca plc and the inventor of Zoladex®. AstraZeneca's witness list states that it may call Dr. Richard McArdle, a urologist in Brockton, Massachusetts. None of these witnesses can offer any evidence relevant to this case. They should not be permitted to appear at trial.

Similarly, AstraZeneca's Exhibit List [Doc. No. 3854] contains patient education information (Entry No. 1239), a document entitled *A Case Report in Prostate Cancer* (Entry No. 1240), Zoladex® brochures (Entry Nos. 1241-43), an article entitled *Use of Nonsteroidal Anti-androgen Casodex in Advanced Prostatic Carcinoma* (Entry No. 1270), and numerous journal articles grouped together with Dr. Roach's expert report (Entry Nos. 1280-1294). None of these documents have anything to do with the issues here; AstraZeneca should not be permitted to introduce them.

## II. THIS COURT MAY EXCLUDE IRRELEVANT AND CONFUSING EVIDENCE

The Federal Rules of Evidence are plain that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402. Evidence regarding the clinical aspects of Zoladex® is not relevant. *See United States v. Cooper*, 286 F. Supp. 2d 1283, 1297-1296 (D. Kan. 2003) (granting defendants' motion to preclude government in Medicaid fraud case from offering evidence that its customers suffered medical consequences from the same equipment because proposed evidence was irrelevant and likely would be inflammatory).

- 3 -

Furthermore, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  Because the jury might be confused by evidence regarding the efficacy of Zoladex®, it should be excluded at trial.  *See Santos v. Sunrise Med., Inc.*, 351 F.3d 587, 592 (1st Cir. 2003) (finding no error where district court presiding over nursing home liability action excluded letter by plaintiffs' counsel to OSHA because introduction of that evidence would have led jury to inquire regarding OSHA's investigations and findings). That AstraZeneca may have brought a good drug to market does not negate the fact that, for over ten years, its conduct caused thousands of Medicare beneficiaries to overpay for that drug.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of evidence regarding the efficacy of Zoladex®, and all other relief that this Court deems just and proper.

DATED:  March 23, 2007

By     /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 5 -

                Donald E. Haviland, Jr.
                The Haviland Law Firm, LLC
                740 S. Third Street
                Third Floor
                Philadelphia, PA  19147
                Facsimile:  (215) 609-4661
                Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 6 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING THE EFFICACY OF ZOLADEX** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

   /s/ Steve W. Berman
Steve W. Berman