**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO
PRECLUDE INTRODUCTION OF EVIDENCE REGARDING
ASTRAZENECA'S PATIENT ASSISTANCE PROGRAM ("PAP")**

During the Class 2 and Class 3 bench trial, AstraZeneca introduced evidence regarding its

Patient Assistance Program ("PAP").  Specifically, AstraZeneca witnesses testified that

AstraZeneca had given away free Zoladex® through its PAP.  Because this evidence is irrelevant

to any claim or defense to the upcoming Class 1 jury trial, and because it would be unfairly

prejudicial to Plaintiffs to allow this evidence to be admitted, as well as potentially confusing to

the jury, Plaintiffs respectfully request that it be excluded.

**I.      AstraZeneca's PAP Is Not Relevant To Any Claim or Defense in the Class 1 Trial**

At trial, Alan Milbauer, an attorney who worked in AstraZeneca's public affairs

department for the majority of the Class Period, testified, under the guise of explaining

AstraZeneca's pricing policies, that AstraZeneca was a "leader" in setting up patient assistance

programs in the late 1970s and that, in the 1990s, Zoladex® was a part of AstraZeneca's

program.  Milbauer trial testimony (Nov. 28, 2006), at 9:22 – 10:14.

This evidence, or any like evidence, is not relevant to any claim or defense for the Class 1

jury trial.  Specifically, it does not add anything to whether AstraZeneca's conduct challenged in

- 1 -

this litigation was unfair or deceptive.  Rather, more importantly, it is a thinly-veiled attempt to divert the jury's attention from AstraZeneca's egregious conduct by showing, in a completely-unrelated arena, that AstraZeneca was a "good corporate citizen."  AstraZeneca's sideshow should not be permitted at trial.

## II.      This Court May Exclude Irrelevant or Unfairly Prejudicial Evidence

The Federal Rules of Evidence are plain that "[e]vidence which is not relevant is not admissible."  FED. R. EVID. 402.  As set forth above, evidence regarding AstraZeneca's PAP is not relevant to any claim or defense.  For example, courts have held, in an antitrust context, that evidence regarding the social value of otherwise anti-competitive conduct is not relevant.  *See Mardirosian v. American Institute of Architects*, 474 F. Supp. 628, 648 (D.D.C. 1979).  Moreover, in most States, evidence of a defendant's good faith is not a defense to engaging in an unfair or deceptive practice.  *See Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981) ("Good faith is equally irrelevant.  What is relevant is the effect of the actor's conduct on the consuming public.  Consequently, good faith is not a defense to an alleged violation.").

Furthermore, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.  Particularly with a jury trial, there is a danger that the jury might conclude that, for example, it cannot hold that AstraZeneca engaged in willful conduct under certain State statutes if AstraZeneca was otherwise a "good company."  Especially because such evidence has no probative value, the danger of unfair prejudice to Plaintiffs and confusion of the issues justifies excluding it a trial.

- 2 -

Nor should evidence regarding AstraZeneca's PAP program be permitted at trial under a theory that AstraZeneca's purported good deeds somehow undid the effects of its bad ones.  For example, courts have routinely precluded defendants from introducing evidence of their offers of money-back guarantees as a defense to claims of deceptive advertising.  *See FTC v. Pantron I Corp.*, 33 F.3d 1088, 1103 (9th Cir. 1994) (relying on line of cases beginning with *Montgomery Ward & Co. v. FTC*, 379 F.2d 666 (7th Cir. 1967)).  The rationale of these cases, which applies equally here, is that allowing such a defense would render consumer fraud statutes a nullity.  *Id.* If AstraZeneca could claim that the harm of its spread marketing could be remedied by giving away Zoladex® to needy customers, the consumer protection statutes under which Class 1 members bring their claims would likewise be nullified.

For analogous reasons, courts have also held that trial courts properly excluded evidence regarding purportedly "satisfied" but still duped consumers.  *See United States v. Ciccone*, 219 F.3d 1078, 1082-83 (9th Cir. 2000) (holding in a criminal case that where evidence of purportedly satisfied yet ignorant consumers did not relate to the nature of the scheme or defendant's intent in executing the scheme it was properly excluded ) (citing cases).  Because such evidence, like AstraZeneca's PAP evidence here, does not relate to the nature of the conduct at issue in this case or AstraZeneca's intent in engaging in it, AstraZeneca should not be permitted to introduce other, unrelated "good acts" at trial.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of evidence regarding AstraZeneca's Patient Assistance Program ("PAP"), and all other relief that this Court deems just and proper.

001534-16  160192 V1

DATED:  March 23, 2007

By_____/s/ Steve W. Berman_____
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 4 -

- 5 -

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

001534-16  160192 V1

- 6 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456


I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING ASTRAZENECA'S PATIENT ASSISTANCE PROGRAM ("PAP")** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


　　　　　　　　　　　　　　　　 /s/ Steve W. Berman
　　　　　　　　　　　　　　　　Steve W. Berman

001534-16  160192 V1