UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE PHARMACEUTICAL INDUSTRY              )   MDL No. 1456
AVERAGE WHOLESALE PRICE                    )
LITIGATION                                 )   Civil Action No. 01-CV-12257-PBS
_____)
THIS DOCUMENT RELATES TO                   )
                                            )
*State of Montana v. Abbott Labs., Inc., et al.*,  )   Judge Patti B. Saris
02-CV-12084-PBS                            )
                                            )
_____)

**AVENTIS PHARMACEUTICALS INC.'S RESPONSE TO THE STATE OF MONTANA'S L. R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Aventis Pharmaceuticals Inc. ("Aventis") submits the following Response to the State of Montana's Statement of Undisputed Material Facts:

1.  Average Wholesale Price ("AWP") was the reimbursement benchmark for the Montana Medicaid pharmacy program.

**RESPONSE:** A discounted AWP is one of many benchmarks used for reimbursement by the Montana Medicaid pharmacy program. *See, e.g.*, MT ADC 37.86.1101, 1105. The present AWP-based reimbursement under Montana Medicaid's regulation is AWP-15%; prior to 2002, it was AWP-10%. *Id.* AWP-based reimbursed is only used if that reimbursement amount is the lowest among the various reimbursement benchmarks utilized, which include "usual and customary charge," "Direct Price," an "allowable acquisition cost for specified drugs or drug categories," or "maximum allowable cost," (for which Montana used the "Federal Upper Limit" for multi-source drugs). *Id. See* Defendants' Statement of Undisputed

2375607v2

Material Facts In Support of Defendants' Motion for Summary Judgment (docket no. 3648), ¶¶ 2-4.

2.   Each Defendant knew that the State and other payors based their drug reimbursement on AWPs. This is reflected in Defendants' Answers to the State of Montana's Second Amended Complaint ("SAC"), testimony, and internal documents of the Defendants.

**RESPONSE:** Disputed. The documents that Montana attributes to Aventis do not support Montana's allegation that Aventis knew that the State and other payors based their drug reimbursement on AWPs. Aventis's Answer to Montana's Second Amended Complaint simply states "the reimbursement methodology for outpatient prescription drugs covered by the Montana Medicaid Program is set forth at Mont. Admin. R. 37.86.1101 *et seq*" and that "certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States". (*See* Exh. 36 to Montana's 56.1 Statement). Exhibit 45 to Montana's 56.1 statement, titled "Anzemet Coverage Introduction Program Reimbursement Information by State" does not even reference the State of Montana. (*See* Exh. 45 to Montana's 56.1 Statement).

3.   Each Defendant caused AWPs to be published for each of their Subject Drugs. Company insiders have testified to these practices at trial and at depositions and internal industry documents reflect the same. Evidence shows that the reporting practices of other Defendants were similar.

**RESPONSE:** Disputed. Montana offers no support for its allegation that Aventis caused AWPs to be published for each of its Subject Drugs. The only Aventis document that Montana cites as evidence in support of this statement is Aventis's Answer to Montana's Amended Complaint at Paragraph 6. However, the language in Paragraph 6 does not support

this allegation.  Rather, Paragraph 6 states only that, "at one time it [Aventis] reported pricing information to various compendia, which may have considered that information when publishing AWP."

4. Each Defendant knew that Montana Medicaid would use those AWPs as a basis to reimburse providers.

**RESPONSE:** Disputed.  The documents that Montana attributes to Aventis do not support Montana's allegation that Aventis knew that Montana Medicaid would use those AWPs as a basis to reimburse providers.  Aventis's Answer to Montana's Second Amended Complaint simply states "the reimbursement methodology for outpatient prescription drugs covered by the Montana Medicaid Program is set forth at Mont. Admin. R. 37.86.1101 *et seq*" and that "certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States".  (*See* Exh. 36 to Montana's 56.1 Statement).  Exhibit 45 to Montana's 56.1 Statement, titled "Anzemet Coverage Introduction Program Reimbursement Information by State" does not even reference the State of Montana.  (*See* Exh. 45 to Montana's 56.1 Statement).

5. The term "AWP," as used in governing regulations, means the average wholesale price at which wholesalers sell drugs.

**RESPONSE:** The State cites no evidence in support of Paragraph 5 of its 56.1 Statement.  It is simply a legal conclusion, not a fact, and therefore is not properly included as a "material fact of record."

6. The AWPs each Defendant caused to be published for each of their subject drugs were neither averages nor a price at which wholesalers sell drugs.

**RESPONSE:** Disputed.  Aventis did not cause AWPs to be published.  First DataBank controlled and published the AWPs used by Montana Medicaid.  *See* Defendants' Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment, ¶85, Ex. 4 to Defendants' Joint Response to Montana's 56.1 Statement (Buska 30(b)(6) Dep. Tr. 180:9-181:21); Confidential Declaration of Kathleen M. O'Sullivan in Support of Defendants' Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants, ¶¶1-2, Exs. 1-2 to Defendants' Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment (Morgan Dep. 26:11-27:6; 36:3-19; 111:4-8); (Feb. 11, 202 email exchange between Morgan and S. Lowery, McNeil Consumer and Specialty Pharmaceuticals).  In addition, the State inappropriately cites Proposed Findings of Fact from different plaintiffs against different defendants in another case.  *See* the State's 56.1 Statement at 4 n.7.  Those Plaintiffs' Proposed Findings of Fact are not "material facts of record" in this litigation.   The only support offered by the State for its allegation that the "AWPs [that Aventis] caused to be published for each of [its] subject drugs were neither averages nor a price at which wholesalers sell drugs" is the supplemental report submitted by its expert Dr. Raymond Hartman, which does not establish that Aventis caused AWPs to be published or that AWPs for Aventis drugs were neither averages nor prices at which wholesalers sell drugs.

7.      Defendants knew that the AWPs they caused to be published were neither averages nor a price at which wholesalers sell drugs, but allowed them to be published anyway.

**RESPONSE:** Disputed.  The State does not cite any evidence to support the assertion in Paragraph 7 of its 56.1 Statement beyond that cited in support of its assertion in Paragraph 6 of its 56.1 Statement.  The evidence cited does not support the assertion that Aventis "knew that the AWPs [it] caused to be published were neither averages nor a price at which

wholesalers sell drugs, but allowed them to be published anyway." *See supra*, response to Paragraph 6 of the State's 56.1 Statement.

The State's allegations against Aventis in its 56.1 Statement are not supported by any of the evidence submitted in its summary judgment papers. Accordingly, Montana's motion for partial summary judgment against Aventis should be denied.

Dated: March 22, 2007

                    AVENTIS PHARMACEUTICALS INC.

                    By its attorneys:

                    /s/ Joseph G. Matye
Michael L. Koon, Esq.
Joseph G. Matye, Esq.
Brian G. Fedotin
Admitted *pro hac vice*
SHOOK HARDY & BACON L.L.P
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547

Michael DeMarco (BBO# 119960)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
Telephone: 617-261-3100

ATTORNEYS FOR DEFENDANT AVENTIS PHARMACEUTICALS INC.

2375607v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007, copies of the foregoing Response to Montana's L. R. 56.1 Statement of Undisputed Material Facts were served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/ Joseph G. Matye

2375607v2