UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO CLASS 1 JURY TRIAL | | |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PERTAINING TO CLAIMS OF CLASS REPRESENTATIVES MR. HOWE AND MR. TOWNSEND**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum of law in support of its motion in limine, pursuant to Federal Rules of Evidence 402 and 403 and Federal Rule of Civil Procedure 23, for an Order excluding from evidence at the Class 1 trial documents and testimony not pertaining to the two class representatives and any comment or argument by counsel relating thereto.[1]

## I. EVIDENCE PERTAINING TO ABSENT CLASS MEMBERS SHOULD BE EXCLUDED

This Court certified Plaintiffs' proposed class representatives, Mr. Howe and Mr. Townsend, as class representatives for the Class 1 trial and found that Mr. Howe and Mr. Townsend were adequate and typical representatives of absent class members. In re Pharm.

---

[1] Plaintiffs' recently filed pretrial disclosures include several witnesses, exhibits, and deposition designations relating to absent class members, such as James F. Estes, James Shepley, and his wife, Therese Shepley, all of which should be excluded. It should also be noted that on March 20, 2007, Plaintiffs sent Defendant documents related to James Estes, over a year and a half after discovery in this case had closed.

Indus. Average Wholesale Price Litig., 233 F.R.D. 229, 230 (D. Mass. 2006). In so holding, this Court found that Mr. Howe and Mr. Townsend are members of the class and "possess the same interest and suffer[ed] the same injury" as the absent class members so that proof of their claims serves to prove the claims of those whom they represent. East Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)). Accordingly, Plaintiffs must prove their class claims by proving the claims of Mr. Howe and Mr. Townsend.

Plaintiffs' pretrial disclosures demonstrate, however, that they may rely on James F. Estes, James Shepley, and his wife, Therese Shepley to prove their claim. Plaintiffs should not be permitted to introduce evidence pertaining to these or any other absent class members. Such evidence would be unfairly prejudicial because AstraZeneca has not had an opportunity to conduct discovery with respect to such absent class members because it would defeat the purpose of class action litigation under Rule 23. Absent class members have the right to opt out and pursue their claims on their own. If they do not, they have exercised their right to rely on their class representative to present the representative's claims. This is precisely why class representatives must be found to be adequate and typical and why class representatives who are subject to unique defenses cannot serve in a representative capacity. Mr. Estes and Mr. Shepley are already represented in this action and—as this Court determined and as they agreed by not exercising their rights to opt out—their claims rise and fall with those of Mr. Howe and Mr. Townsend.

### A.      Class Claims Rise and Fall with Those of the Class Representative

The central premise of a class action is that litigation by representative parties adjudicates the rights of all class members. Califano v. Yamasaki, 442 U.S. 682, 700 (1979) (noting that the

class action device is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."). Rigorous application of the Federal Rule of Civil Procedure 23 requirements is designed to ensure that the claims of absent class members are fairly encompassed by the named plaintiffs' claims. General Tel. Co. v. Falcon, 457 U.S. 147, 158 n.13 (1982) (stating that both the commonality and typicality requirements ensure that the "plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence"); In re American Med. Sys., 75 F.3d 1069, 1082 (6th Cir. 1996); 1 Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 3-13, at 325 (4th ed. 2002) (noting that Rule 23 requirements ensure alignment between class representative and absent members so that, in pursuing his own claims, the named plaintiff will also advance the interests of the class members). Once the Rule 23 requirements are satisfied, proof of the class representatives' claims suffices to prove the claims of the absent class members. Simply put: "as goes the claim of the named plaintiff, so go the claims of the class."[2] Broussard v. Meineke Disc. Muffler Shops, 155 F.3d 331, 340 (4th Cir. 1998); see also Cooper v. S. Co. Servs., Inc., 205 F.R.D. 596, 608-09 (N.D.Ga. 2001) ("The Court's responsibility is to make sure that the common bond between the class representatives' claims and those of the class is strong enough so that it is fair for the fortunes of the class members to rise or fall with the fortunes of the class representatives."). Therefore, Plaintiffs must prove their claims through their class representatives.

---

[2] In fact, if there is a need to admit testimony from absent class members, class certification was likely improper. Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998) ("This district court took testimony from more than three hundred class members in an effort to obtain a purportedly representative sample. . . . . That it was necessary to do so strongly suggests to us that class-wide relief was improper.")

**B.     Plaintiffs Cannot Rely Upon Evidence Pertaining to Absent Class Members**

Once having chosen to proceed in a class action format, evidence pertaining to absent class members is irrelevant and a waste of time and should be excluded under Rules 402 and 403. Plaintiffs are not permitted to cherry-pick evidence from absent class members in order to litigate a composite case that is stronger than any individual action would be. In Broussard v. Meineke Disc. Muffler Shops, the circuit court reversed class judgment because plaintiffs utilized evidence of absent class members to piece together a "perfect plaintiff," leaving the defendant to "to defend against a fictional composite without the benefit of deposing or cross-examining the disparate individuals behind the composite creation." 155 F.3d at 344-45.  The court found that the district court had "lost sight of the fact that a class action is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'" and may not be used to expand the substance of class members' individual claims. Id. at 345 (quoting Califano, 442 U.S. at 700-01); see also Hamilton v. O'Connor Chevrolet, Inc., No. 02C1897, 2006 U.S. Dist. LEXIS 44149, at *49 n.10 (N.D. Ill. June 12, 2006) (citing Broussard and noting that Plaintiffs could not utilize "relaxed reliance standards" to overcome the need for individualized determinations); Lott v. Westinghouse Savannah River Co., Inc., 200 F.R.D. 539, 549 (D.S.C. 2000) (noting that "plaintiffs may not have the practical advantage of being able to litigate not on behalf of themselves but on behalf of a 'perfect plaintiff' pieced together for litigation.") (internal quotation omitted); Allan Erbsen, From "Predominance" to "Resolvability": A New Approach to Regulating Class Actions, 58 VAND. L. REV. 995, 1009 (2005) (noting that "cherry-picking" in which plaintiffs' counsel "hand-pick[s] the most persuasive individual

examples of a defendant's alleged wrongdoing to stand as representatives for the alleged classwide problem" can "skew the jury's assessment of the merits").[3]

If Plaintiffs were permitted to rely on evidence pertaining to absent class members, "a class action would be very lopsided" because "Plaintiffs would be entitled to a verdict for the whole class, but the Defendants would have to fight against each individual Plaintiff." In re Telectronics Pacing Sys., 168 F.R.D. 203, 214-15 (D. Ohio 1996) ("If Plaintiffs Bechert and Owens are to represent all Plaintiffs. . . the Plaintiffs must accept the good with the bad on the common claims."). Such a scenario would be a perversion of the class action mechanism, which is predicated on adjudication through certified class representatives.

All of the above follows from the well-established notion that "absent class members are not 'parties' for the purposes of discovery and, therefore, discovery of absent class members is generally discouraged." Aspinall v. Philip Morris Cos., Inc., 20 Mass. L. Rep. 303, No. 98-6002-H, 2005 Mass. Super. LEXIS 642 at *1 (Super. Ct. Nov. 22, 2005). The premise underlying this general principle, however, is that an absent class member "may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection" because the class representative has been certified as an adequate and typical representative of his or her claims. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985).

---

[3] Cf. Aspinall v. Philip Morris Cos., Inc., 20 Mass. L. Rep. 303, No. 98-6002-H, 2005 Mass. Super. LEXIS 642 at *5-6 (Super. Ct. Nov. 22, 2005) (finding no "composite" plaintiff problem because 93A claim focuses on conduct of objectively reasonable consumer). In contrast to Aspinall, the Class 1 trial involves several consumer protection statutes that do require proof of individual class member conduct.

**II.    CONCLUSION**

Defendant AstraZeneca respectfully requests that all evidence not pertaining to the class representatives Mr. Howe and Mr. Townsend be excluded from the Class 1 trial pursuant to Federal Rules of Evidence 402, 403, and Federal Rule of Civil Procedure 23.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO# 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: March 23, 2007

**CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing was delivered on March 23, 2006 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                        By: /s/ Katherine B. Schmeckpeper
                              Katherine B. Schmeckpeper