## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ————————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | CIVIL ACTION NO. 01-CV-12257-PBS |
| ————————————————— ) | |
| ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO ) | |
| CLASS 1 JURY TRIAL ) | |
| ————————————————— ) | |

## DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PROFITS OR REVENUE OF ASTRAZENECA PHARMACEUTICALS LP FROM THE LIABILITY TRIAL

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully moves this

Court to exclude evidence regarding AstraZeneca's revenue and profits from the Class 1 liability

trial.[1]  Such evidence is properly excluded pursuant to Rules 402 and 403 of the Federal Rules of

Evidence during all portions of the trial, except, if necessary, with respect to punitive damages

which may be sought under certain state consumer laws (albeit under varying standards).[2]

### INTRODUCTION

The claims at issue in this case involve the pricing of AstraZeneca's product Zoladex,

which Plaintiffs allege violates the various consumer protection statutes of 42 states.   Plaintiffs

contend that AstraZeneca intentionally deceived them by setting the Average Wholesale Price

("AWP") of Zoladex artificially high, causing Plaintiffs to make an inflated copayment.  *In re*

---

[1] AstraZeneca has filed a separate motion in limine to exclude evidence and testimony seeking to establish an aggregate compensatory damage award.  As set forth in that motion, there is no basis on which to award an aggregate award in view of the elements of proof that will remain unsatisfied as to individual class members.  In addition, this proceeding appropriately has not been structured as a damage proceeding, but only as one on liability.

[2] Only AstraZeneca Pharmaceuticals LP is a party to this litigation.  As such, any evidence of the profits or revenue of other AstraZeneca entities is not relevant and therefore inadmissible as those entities are not parties to the litigation.  Evidence of the profits or revenue of such entities is also inadmissible for the reasons discussed herein.

*Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 65 (D. Mass. 2005).  Evidence of profits earned by AstraZeneca from the sale of its pharmaceutical products, including Zoladex, or the relative wealth of AstraZeneca is not even marginally relevant to the elements Plaintiffs will have to prove in order to establish liability under the 42 state consumer protection laws at issue.[3]  Any such evidence would unfairly prejudice AstraZeneca and distract the jury from the issues to be decided.  Thus, all evidence related to AstraZeneca's profits or revenue should be excluded pursuant to Federal Rules of Evidence 402 and 403 when the jury considers questions of liability.

Because Class 1 is certified under the laws of 42 different states, some plaintiffs in some states  may be entitled to seek additional punitive damages against AstraZeneca if there is a finding of liability.  This is the sole portion of the trial during which AstraZeneca's profits or revenue may be considered by the jury.

## ARGUMENT

I.    **Evidence of AstraZeneca's Profits or Revenue is Irrelevant to Plaintiffs' Claims of Intentional Misrepresentation Under Various Consumer Protection Statutes and Therefore Should be Excluded from the Jury's Determination of Liability.**

Evidence of profits earned by AstraZeneca or the revenue of the company is completely irrelevant to Plaintiffs' claims that AstraZeneca intentionally deceived them about the AWP of Zoladex, thereby causing them to make a higher copayment.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the

---

[3] Nor is it relevant to Plaintiffs' claims for compensatory or enhanced damages.  Plaintiffs' potential compensatory damages are based on the copayments the individual plaintiffs actually made, if the jury finds those copayments to have been made as a result of a AstraZeneca's alleged intentional misrepresentation.  Any enhanced damages to which Plaintiffs may be entitled, on the other hand, would be determined based on proof of additional factors under the various state consumer protection laws at issue.  The profits or revenue of AstraZeneca have no relevance to either of these inquiries.

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.

As a general rule, evidence of a party's economic status is inadmissible unless directly relevant to the claims or defenses.  *See* Wright & Miller, 22 Fed. Prac. & Proc. Evid. § 5179, n.4 (2006), and authorities cited therein; *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (generally "no reference should be made to the wealth or poverty of a party"); *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (evidence of defendant's financial status generally inadmissible).  Evidence of the profits AstraZeneca earned from sales of Zoladex is entirely unnecessary for Plaintiffs' case, as those profits do not relate in any way to their claims that AstraZeneca intentionally deceived them as to the AWP of Zoladex or that this caused them to pay a higher copayment. [4]  Plaintiffs may argue that evidence of profits AstraZeneca earned from Zoladex are relevant to AstraZeneca's motive for its conduct and as evidence of the success of its marketing policies.  However, Plaintiffs can similarly establish these facts through evidence of AstraZeneca's percentage market share in the LHRh marketplace.  This issue is particularly pressing here because the jury will hear claims under 42 different consumer protection statutes, many of which do not permit enhanced or punitive damage awards at all. [5] Evidence of AstraZeneca's profits is not admissible for any purpose under these statutes.

---

[4] In particular, Plaintiffs have no basis to seek to admit evidence of profits AstraZeneca has made from drugs other than Zoladex, as there are no other AstraZeneca drugs at issue in this case.  Additionally, AstraZeneca's overall revenue has no relevance to the pricing or marketing of Zoladex and is therefore inadmissible under Rule 402.

[5] *See, e.g.,* Colorado, Colo. Rev. Stat. § 6-1-113(2)(a); Florida, Fla. Stat. Ann. § 501.211(2); *Schauer v. GMAC*, 819 So. 2d 809, 813 (Fla. Dist. Ct. App. 2002); Kansas, Kan. Stat. Ann. § 50-634, 50-636; Maine, Me. Rev. Stat. Ann. tit. 5 § 213(1); Maryland, Md. Code Ann., Comm. Law § 13-408(a); *Golt v. Phillips*, 517 A.2d 328, 333 (Md. 1986); Michigan, Mich. Comp. Laws Ann. § 445.911(2), (3);  Minnesota, Minn. Stat. § 8.31(3a); Ohio, Ohio Rev. Code Ann. § 1345.09(A); Oklahoma, Okla. Stat. Ann. tit. 15 § 761.1(A); South Dakota, S.D. Codified Laws § 37-24-31; *Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 107 (S.D. 1998); West Virginia, W. Va. Code § 46A-6-106(1); Wisconsin, Wis. Stat. § 100.18(b)(2); Wyoming, Wyo. Stat. Ann. § 40-12-108(b).

Similarly, numerous other states do not permit punitive damages, but do permit trebling or otherwise enhancing damages in certain situations.[6]  Whether or not to enhance damages depends on different factors which vary among particular jurisdictions.[7]

## II.    Evidence of Profits or Revenue Also Should Be Excluded Under Rule 403.

Under Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Many of the dangers against which Rule 403 guards would be present if the Court admits evidence of AstraZeneca's profits or revenue during the non-punitive damages phase of the trial, particularly unfair prejudice to AstraZeneca, confusion and misleading of the jury, and waste of time.

The First Circuit has held that marginally relevant evidence of profits is inadmissible under Rule 403 when such evidence will cause substantial prejudice.  *La Plante v. American Honda Motor. Co., Inc.*. 27 F.3d 731, 740 (1st Cir. 1994) (holding that evidence of profits from ATV sales was, "at best, marginally relevant and of scant probative value" while "the risk that the jury would be prejudiced by this reference to the enormous profitability of Honda's ATVs was almost inescapable").  *See also Reetz v. Kinsman Marine Transit Co.*, 330 N.W.2d 638, 646 (Mich. 1982) (reversible error to portray defendant as wealthy and powerful corporation).  It

---

[6] *See, e.g.,* Alabama, Ala. Code § 8-19-10(a)(1) & (2); Hawaii, Haw. Rev. Stat. § 480-13(b); Indiana, Ind. Code Ann. § 24-5-0.5-4(i); Massachusetts, Mass. Gen. Laws Ch. 93A § 9(3)(A); Nebraska, Neb. Rev. Stat. Ann. § 59-1609; New Hampshire, N.H. Rev. Stat. Ann. § 358-A:10a; New Jersey, N.J. Stat. Ann. § 56:8-19; New Mexico, N.M. Stat. Ann. § 57-12-10(B); New York, N.Y. Gen. Bus. Law § 349(h); North Carolina, N.C. Gen. Stat. § 75-16; North Dakota, § 51-15-09; South Carolina, S.C. Code Ann. § 39-5-140(a); Tennessee, Tenn. Code Ann. § 47-18-109(a)(3), (4); Texas, Tex. Bus. & Com. Code Ann. § 17.50(b); Vermont, Vt. Stat. Ann. tit. 9 § 2461(b); Virginia, Va. Code § 59.1-204; Washington, Wash. Rev. Code Ann. § 19.86.090.

[7] *See, e.g.*, Mass. Gen. Laws, Ch. 93A § 9(3)(A) (double to treble damages for willful or knowing violations); Vt. Stat. Ann. tit. 9 § 2461(b) (up to treble damages on showing of actual malice); Ala. Code § 8-19-10(a)(1) and (2) (treble damages based on frequency of practice, number of people affected, and extent to which conduct was intentional).

would be unfairly prejudicial to AstraZeneca to permit the Plaintiffs to make such a showing when the evidence has little, if any, relevance to the Plaintiffs' case.  Furthermore,  "[t]he prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence."  Wright & Miller, 22 Fed. Prac. & Proc. Evid. § 5214; *see also Gross v. Black & Decker, Inc.*, 695 F.2d  858, 863 (5th Cir. 1983) (in performing R. 403 balancing test, courts must examine necessity of the evidence).  It is thus unfairly prejudicial to present the jury with evidence of the revenue AstraZeneca earned from Zoladex sales when market share evidence can accomplish the same goal without an unfairly prejudicial effect.

In addition, this case requires the jury to grasp complex principles related to the pricing and sales of pharmaceutical products.  Substantial trial time will need to be devoted to educating the jurors on the structure of the reimbursement system, the various parties who operate therein, and the necessary terminology, among other things.  It would be highly distracting and confusing to the jury to permit Plaintiffs to divert attention to the profits or revenue of AstraZeneca, which have little, if any, relevance to AstraZeneca's allegedly intentionally deceptive conduct.

III.   **Evidence of AstraZeneca's Profits or Revenue May Only be Considered by a Jury for the Purpose of Determining Punitive Damage Awards for those Jurisdictions which Permit Punitive Damages.**

The sole area in which evidence of AstraZeneca's profits or revenue is potentially relevant is the issue of punitive damages.  Many courts provide that evidence of the defendant's profits or revenue is only admissible as to punitive damages.  *See Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) (evidence of defendant's revenue is generally inadmissible except in cases for punitive damages); *CSX Transportation, Inc. v. Palank*, 743 So. 2d 566, 560 (Fla. App. 1999)  (evidence of profits corporation earned admissible as to punitive damages).  It is important that the jury not hear evidence of AstraZeneca's revenues or profits

when making determinations other than punitive damages.  *See, e.g., W.R. Grace & Co. v. Waters*, 638 So.2d 502, 506 (Fla. 1994) (defendant prejudiced by procedure permitting evidence of defendant's net worth to be introduced when liability not yet determined); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994) ("evidence of a defendant's net worth, which is generally only relevant to the *amount* of punitive damages, by highlighting the relative worth of a defendant, has a very real potential for prejudicing the jury's determination of other disputed issues …") (emphasis in original).  Thus, even though evidence of revenue or financial status may be relevant under the punitive damages provisions of a certain subset of states, the jury's consideration of liability should not be unfairly prejudiced by such evidence.  Such evidence could be presented later, if necessary, during any punitive damages phase that would be required by the law of certain states.

## CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or comments related to AstraZeneca's profits or revenues during the liability trial.

Respectfully submitted,

By:  /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO# 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: March 23, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on March 23, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
     Katherine B. Schmeckpeper