UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: CLASS 1 JURY TRIAL (ASTRAZENECA) | | |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY AND EVIDENCE CONCERNING AGGREGATE DAMAGES**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully moves this Court, pursuant to Federal Rules of Evidence 402 and 403 and Federal Rules of Civil Procedure 16, 23, and 37, for an Order excluding from evidence at trial documents and testimony relating to Plaintiffs' calculation of aggregate class-wide damages.

As grounds for the foregoing, AstraZeneca states as follows:

1. Plaintiffs' pre-trial disclosures demonstrate that the Plaintiffs intend to proffer as evidence at trial documents and testimony relating to their calculation of aggregate damages allegedly sustained by Class 1.

2. Because many of the 42 different state consumer protection laws at issue in this case require individual consumers to demonstrate injury and damages as a prerequisite to recovery, a class-wide determination of damages, divorced from such individualized proof of unreimbursed (i.e., not reduced or otherwise covered by insurance or other means) payments made on the basis of AWP (as opposed to billed charges or some other means), would be highly inappropriate and would impermissibly subject

AstraZeneca to greater liability than is permitted under the underlying state statutes and alter its substantive rights in violation of due process.

3.     Plaintiffs' proposed method for calculating class-wide damages inappropriately inflates the aggregate damages number because it fails to take into account the myriad individualized issues of proof and defenses that may preclude class members from recovering.

4.     Permitting Plaintiffs to adduce testimony on aggregate class-wide damages would be unfairly prejudicial to AstraZeneca and would result in confusion of the issues for the jury.

5.     Aggregate damages have never been contemplated as part of the Class 1 trial.

WHEREFORE AstraZeneca respectfully requests that this Court enter an Order excluding documents and testimony relating to Plaintiffs' calculation of aggregate class-wide damages, and grant all other relief that this Court deems just and appropriate.

Dated:  Boston, Massachusetts
         March 23, 2007

                        Respectfully Submitted,

                        By:   /s/ Katherine B. Schmeckpeper
                              Nicholas C. Theodorou (BBO # 496730)
                              Michael P. Boudett (BBO # 558757)
                              Katherine B. Schmeckpeper (BBO #663200)
                              FOLEY HOAG LLP
                              155 Seaport Blvd.
                              Boston, Massachusetts  02210
                              Tel:  (617) 832-1000

                              D. Scott Wise
                              Michael S. Flynn
                              Kimberley Harris
                              DAVIS POLK & WARDWELL
                              450 Lexington Avenue
                              New York, New York  10017
                              Tel:  (212) 450-4000

                              Attorneys for AstraZeneca Pharmaceuticals LP

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for AstraZeneca Pharmacuticals LP conferred with counsel for Platiniffs pursuant to L.R. 7.1 prior to filing this motion and Plaintiffs did not consent to the motion.

/s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on March 23, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

/s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper