UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                               )
IN RE PHARMACEUTICAL INDUSTRY  )   MDL NO. 1456
AVERAGE WHOLESALE PRICE            )
LITIGATION                                    )   CIVIL ACTION NO. 01-CV-12257-PBS
_____)
                                               )   Hon. Patti B. Saris
THIS DOCUMENT RELATES TO:    )
CLASS 1 JURY TRIAL (ASTRAZENECA) )
_____)

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE ADMISSION OF DOCUMENTS AND TESTIMONY OF OTHER PHARMACEUTICAL COMPANIES**

AstraZeneca respectfully submits this memorandum of law in support of its motion in limine pursuant to Rule 403 of the Federal Rules of Evidence to exclude documents and testimony from TAP Pharmaceutical Products, Inc. ("TAP"), and other pharmaceutical companies. Documents and testimony of other pharmaceutical companies are irrelevant in this jury trial. See FED. R. EVID. 401, 402. They are also inadmissible hearsay. See FED. R. EVID. 801, 802. Lastly, the unfair prejudice of such documents and testimony substantially outweighs any arguable probative value they have. See FED. R. EVID. 403.

In their pre-trial disclosures, plaintiffs have listed documents of other pharmaceutical companies as exhibits. The listed exhibits appear[1] to include documents of TAP, Abbott

---

[1] As of the filing of this motion, plaintiffs have not provided all of the documents and proposed deposition testimony listed in their pre-trial disclosures, and those which they have provided were only made available on March 22, 2007, the day before the filing of this motion. Representations set forth in this memorandum as to the contents of plaintiffs' proposed exhibits and deposition testimony are made on the basis of AstraZeneca's current understanding. AstraZeneca reserves the right to supplement this motion to add additional grounds for exclusion of this evidence once it has had an adequate opportunity to review plaintiffs' proposed exhibits and deposition testimony.

Laboratories ("Abbott"), Bristol-Myers Squibb Co. ("Bristol-Myers"), and Johnson & Johnson.[2]

These documents of other pharmaceutical companies should be excluded in this jury trial against AstraZeneca. The pharmaceutical industry as a whole is not on trial. TAP, Abbott, Bristol-Myers, and Johnson & Johnson are not parties to this case. Their conduct and state of mind are not at issue. Rather, the conduct and state of mind of plaintiffs and of AstraZeneca are at issue. Documents of other pharmaceutical companies have no bearing on these issues.

Each of these documents is also inadmissible hearsay. The documents are not plausibly offered for any purpose other than to show the truth of the statements they contain, and do not meet the criteria for any exception to the rule against hearsay.

Moreover, the unfair prejudice and confusion that admitting the documents of other pharmaceutical companies would cause in a jury trial in which AstraZeneca is the only defendant is plain, and substantially exceeds any arguable, minimal probative value they offer. Admitting the documents would risk, among other things, causing the jury to make findings about other companies, which are irrelevant to this trial, and to attribute or transfer those findings to AstraZeneca. Worse, as the documents of other companies were neither created by nor within the province of AstraZeneca, it is without sufficient means to explain or refute the statements they contain.

Documents of TAP are particularly inadmissible on this ground. The risk of prejudice caused by admitting the documents of other pharmaceutical companies is even greater for TAP documents, because TAP manufactured Lupron, which competed with AstraZeneca's Zoladex. Because of the similar market for Lupron and Zoladex, jurors presented with TAP documents

---

[2] See, e.g., Pls.' Exhs. 58-59, 84, 197, 239-43, 248-53, 288-377; Pl. Dep. Desig. III.A. (D. Durand), B. (K. Greisman), C. (D. Sundberg).

may mistakenly make conclusions about TAP's conduct or intent and apply those conclusions to AstraZeneca, the only defendant in this case. This unfair prejudice substantially outweighs any arguable, minimal probative value of TAP documents.

In their pre-trial disclosures, plaintiffs have also designated deposition testimony of three "witnesses" which was taken in actions to which AstraZeneca was not a party. On information and belief,[3] these deponents[4] testified in litigation solely concerning TAP's product, Lupron. AstraZeneca was not a party to the litigation, did not attend the depositions at which the designated testimony was taken, and had neither the opportunity nor the incentive to cross-examine the TAP employees.

Accordingly, this testimony should be excluded. The testimony is inadmissible for the same reasons the documents are inadmissible: it is irrelevant, inadmissible hearsay, and its unfair prejudice substantially outweighs its arguable probity. As with TAP documents, testimony of current and former TAP employees is particularly prone to misleading the jury, as Lupron was in direct competition with Zoladex throughout the class period. Moreover, the testimony, taken in actions to which AstraZeneca was not a party, is not excepted from the rule against hearsay as former testimony of unavailable witnesses, because AstraZeneca had neither the opportunity nor the similar motive to develop the testimony by cross-examination, as required under Rule 804(b)(1).

---

[3] Plaintiffs have not provided any testimony of these designated "witnesses by deposition testimony," including the testimony they propose to offer against AstraZeneca at trial. For this reason, AstraZeneca's only available basis for responding to the attempted designations is information and belief. To the extent additional reasons to exclude the proposed designated testimony become apparent once it is produced, AstraZeneca reserves the right to alert the Court to these reasons for exclusion in the future.

[4] The designated "witnesses" are Douglas N. Durand, Kenneth Greisman, and Dean Sunberg.

**ARGUMENT**

**I.    DOCUMENTS OF OTHER PHARMACEUTICAL COMPANIES SHOULD BE EXCLUDED**

    **A.    DOCUMENTS OF OTHER COMPANIES HAVE NO BEARING ON THE ISSUES AT TRIAL**

Proposed evidence lacking "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is irrelevant, FED. R. EVID. 401, and therefore inadmissible. See FED. R. EVID. 402; Achille Bayart & Cie v. Crowe, 238 F.3d 44, 49 (1st Cir. 2001) (affirming exclusion of irrelevant evidences). The documents of other pharmaceutical companies plaintiffs list as exhibits are inadmissible on this ground. These documents relate only to the actions and states of mind of companies not party to this trial, to drugs not at issue. The documents do not tend to make any fact of consequence to the claims against AstraZeneca more or less probable, and are irrelevant.

    **B.    DOCUMENTS OF OTHER PHARMACEUTICAL COMPANIES ARE INADMISSIBLE HEARSAY**

No exemption, exception, or unsupported assertion by plaintiffs as to the purpose of admission rescues the documents of other pharmaceutical companies from the rule against hearsay. See FED. R. EVID. 801, 802, 803. Documents of other pharmaceutical companies are not party admissions. See FED. R. EVID. 801(d)(2). None of the exceptions set forth in Rule 803 of the Federal Rules of Evidence applies to any of the documents. Moreover, none of the documents are plausibly offered for a nonhearsay purpose. See generally 4 Christopher B. Mueller & Laird C. Kirkpatrick, FEDERAL EVIDENCE §§ 381-90 (2d ed. 1994). They are not, for example, plausibly offered as verbal acts or to prove their effect on the reader. Id. §§ 385, 387. Rather, the documents are offered to prove the truth of the statements they contain – to show that

4

other companies with no association to AstraZeneca engaged in allegedly wrongful conduct – and as such are not only irrelevant but inadmissible hearsay.

### C. THE DANGER OF UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY SUBSTANTIALLY OUTWEIGHS ANY ASSERTED PROBATIVE VALUE OF DOCUMENTS OF OTHER PHARMACEUTICAL COMPANIES

Documents of other pharmaceutical companies are unfairly prejudicial, will confuse the issues, and will mislead the jury, each to such an extent that even the minimal probative value plaintiffs seek to attribute to the documents is insufficient to justify their admission in evidence. See FED. R. EVID. 403; deVries v. St. Paul Fire & Marine Ins. Co., 716 F.2d 939, 945 (1st Cir. 1983) (upholding exclusion under Rule 403 because of danger that jury would mistakenly consider evidence probative on an issue to which it was irrelevant). As plaintiffs are aware, the dangers of unfairly prejudicial proposed evidence are even greater in a jury trial than a bench trial. See Plaintiffs' Opposition to the Track 1 Defendants' Motion In Limine to Exclude Plaintiffs' Exhibits Relating to the Conduct of Non-Track 1 Defendant Pharmaceutical Companies, at 5 n.3 (filed Oct. 16, 2006) (emphasizing the concern of potential unfair prejudice to the jury). "District courts have the right – indeed the obligation – to guard against juror confusion" when there is a "legitimate risk that the jury might [be] confused about the import of the proffered documents." Torres-Arroyo v. Rullan, 436 F.3d 1, 8 (1st Cir. 2006).

The unfair prejudice attendant to the documents begins with the clear danger that admitting them will confuse and mislead the jury, prompting it to make findings as to AstraZeneca's conduct and state of mind based on evidence that tends to show only the conduct or state of mind of other companies. Admitting the documents may cause the jury to conflate pharmaceutical companies, or drugs, and to attribute the statements or conduct of wholly unrelated companies to AstraZeneca as a result. See, e.g., Parker v. Nashua, No. CIV. 91-407-

SD., 1994 WL 260608, at *1 (D.N.H. Jan. 14, 1994) (excluding under Rule 403 the driving record of plaintiff's husband because plaintiff operated the vehicle at the time of the incident).

Moreover, because the documents are entirely unrelated to AstraZeneca, it is unable to explain or refute the statements they contain. Whether and why another company made a particular statement or had a particular intention is wholly unknown to AstraZeneca. Admitting the documents, therefore, would unduly prejudice AstraZeneca by requiring it to explain the statements of other companies when it otherwise need not, and cannot do so.[5]

Documents of TAP, which manufactured Lupron, the competitor drug to Zoladex, pose an even greater risk of unfair prejudice than that posed by documents of non-competitor pharmaceutical companies. Because TAP and AstraZeneca manufactured competing products, jurors confronted with TAP documents may mistakenly make conclusions about TAP and Lupron and apply them to AstraZeneca and Zoladex. See, e.g., Torres-Arroyo, 436 F.3d at 7-8 (upholding exclusion of documents from a separate case on Rule 403 grounds, because the documents might have led the jury to make an inference against defendants even though they did not support the inference). Despite the likelihood that jurors will be misled by TAP documents, or perhaps because of it,[6] plaintiffs' proposed exhibit list includes at least 96 TAP documents, giving every impression plaintiffs intend to make a case against TAP in a trial against AstraZeneca. These documents have little or no probative value, and pose a serious risk of

---

[5] Because this jury trial is against AstraZeneca and involves AstraZeneca's conduct and state of mind, with respect to admissibility it is inconsequential whether the document of another pharmaceutical company was sent to AstraZeneca. Out-of-court statements of other pharmaceutical companies, even those made to AstraZeneca, do not tend to show that AstraZeneca deceived plaintiffs with respect to Zoladex, or that it did so intentionally. Documents including such statements show only what another company said or thought. These statements are as irrelevant, unfairly prejudicial, and unreliable as any other statements of other pharmaceutical companies.

[6] Plaintiffs did not designate the large majority of these TAP documents at the bench trial.

n/a

misleading the jury and unfairly prejudicing AstraZeneca. The Court should exclude these documents.

## II.     TESTIMONY TAKEN IN ACTIONS TO WHICH ASTRAZENECA WAS NOT A PARTY SHOULD BE EXCLUDED

Plaintiffs' proposed designated deposition testimony of current and former TAP employees Douglas N. Durand, Kenneth Greisman, and Dean Sunberg should also be excluded, for all of the reasons set forth above. In a jury trial on whether AstraZeneca unlawfully deceived the class representatives with respect to the average wholesale price of Zoladex, testimony of TAP employees, taken in association with litigation against TAP about Lupron, is wholly irrelevant. Further, such testimony is hearsay, and, like the documents of other companies, cannot constitute party admissions, as TAP employees do not speak for AstraZeneca. Irrespective of its contents, the testimony also should be excluded under Rule 403.[7] Any arguable, minimal, inference-laden probity of the testimony is far outweighed by the obvious danger that jurors will be confused and misled by admission of testimony of TAP employees about Lupron in a trial against AstraZeneca about Zoladex.

Furthermore, the proposed deposition testimony – taken in litigation about a drug AstraZeneca did not manufacture, to which AstraZeneca was not a party – is not admissible in this trial against AstraZeneca as former testimony of unavailable declarants. See FED. R. EVID. 804(b)(1). Rule 804(b)(1) excepts former testimony of unavailable witnesses[8] from the rule

---

[7] Of course, since AstraZeneca has not even seen the testimony yet, AstraZeneca also reserves the right to move for exclusion on additional grounds at a later point.

[8] Because plaintiffs have not produced the testimony they propose to admit, or any other identifying information for their proposed witnesses, AstraZeneca is unable to determine at the time of the filing of this motion whether the proposed witnesses by deposition testimony at issue are unavailable for the purposes of Rule 804(b)(1). AstraZeneca reserves the right to object or move for exclusion on the ground that the identified TAP employees are not "unavailable."

against admitting hearsay, but only "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."[9] Id.; see United States v. Bartelho, 129 F.3d 663, 671-72 (1st Cir. 1997). The determination whether the opponent of the evidence had an "opportunity" to develop the former testimony includes consideration of whether the opponent was a party in the previous action and was able to develop cross-examination. See FED. R. EVID. 804(b)(1); FED. R. CIV. P. 32(a)(4); United States v. Barrett, 766 F.2d 609, 619 (1st Cir. 1985). The determination whether the opponent of the evidence had a "similar motive" to develop the former testimony "requires scrutiny of the factual and procedural context of each proceeding to determine both the issue in dispute and the intensity of interest in developing the particular issue by the party against whom the disputed testimony is offered." Bartelho, 129 F.3d at 672 (citing and applying the test for similar motive in the Second Circuit).

Here, AstraZeneca did not have sufficient opportunity to cross-examine the current and former TAP employees to justify admitting their hearsay statements. The deponents testified in actions against TAP about Lupron. AstraZeneca was not a party to the actions. Under these circumstances, the un-cross-examined hearsay statements of deponents testifying in an action to which AstraZeneca was not a party about a drug that AstraZeneca did not manufacture should not be excepted from the rule against hearsay.[10]

## Conclusion

---

[9] While the Rule permits admitting the hearsay testimony against a party when a predecessor in interest had an opportunity and motive to develop the testimony through cross-examination, TAP is not a predecessor in interest to AstraZeneca. See In re Screws Antitrust Litigation, 526 F. Supp. 1316, 1318-19 (D. Mass. 1981).

[10] Moreover, while these depositions may have been cross-noticed in other actions to which AstraZeneca was a party, at the time, this Court had ordered a stay of discovery in the action involving AstraZeneca that would have prevented AstraZeneca from inquiring at any such deposition. Thus, even if AstraZeneca had known of these depositions in other actions, it lacked the opportunity to cross-examine the deponents.

For the foregoing reasons, AstraZeneca respectfully requests that this Court enter an order excluding all documents and testimony of other pharmaceutical companies, each of which are irrelevant, hearsay, and/or unfairly prejudicial.

Dated: Boston, Massachusetts
March 23, 2007

Respectfully Submitted,

By: /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 557858)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel: (617) 832-1000

D. Scott Wise
Michael S. Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on March 23, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                             /s/ Katherine B. Schmeckpeper
                                                Katherine B. Schmeckpeper