UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO CLASS 1 JURY TRIAL | ) ) ) | |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO GUILTY PLEAS, CIVIL SETTLEMENT AND SAMPLING ACTIVITY**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its undersigned counsel, moves this Court pursuant to Rules 402 and 403 of the Federal Rules of Evidence for an Order excluding from evidence at trial all documents, testimony, or any reference by counsel to the guilty pleas of AstraZeneca, TAP Pharmaceutical Products, Inc. ("TAP"), and Drs. Saad Antoun, Stanley C. Hopkins, and Robert A. Berkman. AstraZeneca also moves, pursuant to Rules 402, 403 and 408, for exclusion of AstraZeneca's related civil settlement agreement and the Corporate Integrity Agreement ("CIA") incorporated therein.

1. Plaintiffs' pre-trial disclosures demonstrate that the Plaintiffs intend to proffer as evidence at trial documents, witnesses, and deposition designations relating to the guilty pleas and civil settlement described above and sampling activity generally.

2. AstraZeneca's plea is not relevant to the Class 1 claims set for trial because: (1) the plea concerns a statute not at issue in this litigation; (2) the conduct underlying the plea bears no factual relation to Plaintiffs' consumer protection claims; and (3) there is no connection between the conduct described in the plea and the Class 1 representatives.

3. The guilty pleas of Dr. Saad Antoun, Dr. Stanley C. Hopkins, Dr. Robert A. Berkman and TAP are not relevant for the same reasons and because TAP is not a defendant in this trial.

4. Evidence concerning these guilty pleas and sampling activity generally should also be excluded because it would unfairly prejudice AstraZeneca.

5. AstraZeneca's civil settlement, the CIA incorporated therein, and any evidence related thereto should be excluded because it is irrelevant, unfairly prejudicial, and inadmissible under Federal Rule of Evidence 408.

WHEREFORE Defendant AstraZeneca respectfully requests that this Court enter an Order excluding the documents and testimony listed on Exhibit A, as well as any other related documents and testimony, and grant all other relief that this Court deems just and appropriate.

Dated:  Boston, Massachusetts
        March 23, 2007

                        Respectfully Submitted,

                        By:   /s/ Katherine B. Schmeckpeper
                              Nicholas C. Theodorou (BBO # 496730)
                              Michael P. Boudett (BBO # 558757)
                              Katherine B. Schmeckpeper (BBO #663200)
                              FOLEY HOAG LLP
                              155 Seaport Blvd.
                              Boston, Massachusetts 02210
                              Tel: (617) 832-1000

D. Scott Wise
Michael S. Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for AstraZeneca Pharmacuticals LP conferred with counsel for Platiniffs pursuant to L.R. 7.1 prior to filing this motion and Plaintiffs did not consent to the motion.

 /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on March 23, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper