UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 MAR 22  P 1: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| IN REGARD TO PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | CIVIL ACTION: 01-CV-12257-PB<br><br>Judge Patti B. Saris |

**Declaration OF G. RAYMOND PIRONTI, JR. Regarding time expended Preparing Direct testimony via declaration and traveling from Tampa, Florida to Boston pursuant to subpoena to appear for trial testimony AND REQUEST FOR REIMBURSEMENT**

1. My name is G. Raymond Pironti, Jr. I reside at 19010 Cour Estates, Lutz, Florida.

2. I am self-employed as a Partner/Owner in the following Florida companies: DSRP Consulting, LLC; JJ Ellis, LLC; and Mainsail Business Solutions, LLC. A brief description of these companies is included in the attached resume that outlines my background qualifications, professional experience, education and achievements.

3. I was subpoenaed by Plaintiffs' counsel to appear and testify in this matter which commenced on November 6, 2006. In addition, pursuant to the procedure ordered by this Court, I expended time away from my businesses to prepare and execute a declaration to be used by this Court in lieu of direct testimony. Residing and working in Florida, I traveled a distance greater than 100 miles from my domicile to the courthouse where the trial was held in this matter. I submit that compliance with the subpoena was extremely burdensome regarding the distance of travel and time away from my businesses. As a matter of fundamental fairness, I am asking the court for reasonable compensation for the loss of income or business opportunity in complying with the subpoena to be taxed as costs against the loosing parties. It is my understanding that Federal Rules of Procedure, Rule 45 contemplates that a person in my situation may receive reasonable compensation for loss of income or business opportunity. It is also my understanding that another former Schering-Plough employee, Harvey Weintraub, who appeared as a factual witness, was in fact paid as a "consultant" to the Schering-Plough legal department and was paid expenses and $1,500 per day for his time. It seems only fair that the time taken away

from my livelihood be likewise reimbursed.

4. In discussing this matter with Plaintiffs' counsel, I understood that they were limited in their ability to make reimbursement only for the travel and lodging expenses associated with compliance with the subpoena. However, it was suggested that I prepare a declaration to the Court of what would be a reasonable amount to reimburse me on an hourly basis for the time incurred in complying with the subpoena and preparing and executing my direct testimony declaration for the Court's consideration and request that the Court order reimbursement that would be fair, equitable and in accordance with the provisions of Rule 45.

5. Accordingly, to the best of my ability and belief, considering the value of my time in consultancy and executive management in my three businesses, I submit that Three hundred Dollars ($300) per hour is a fair and reasonable reimbursement amount for the expenditure of time spent in complying with and traveling greatly in excess of 100 miles from Tampa, Florida to the courthouse in Boston. As shown by the attached time sheet and receipts, the total time and un-reimbursed expenses incurred by me in this matter total $8,367.55. Accordingly, I hereby request that this Honorable Court order reimbursement for me in the total amount of $8,367.55.

I declare under penalty of perjury that the foregoing is true and correct.

G. Raymond Pironti, Jr.

Dated: 3-19-07