# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## MOTION FOR AMENDMENT OF
## CASE MANAGEMENT ORDER NO 1 AND
## CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION

In view of the many changes in lawyers and law firms that have transpired since this case first began, Plaintiffs, by and through their undersigned counsel, hereby move for the entry of an amended Case Management Order No. 1 [respecting the appointment of counsel for Plaintiffs and the Class] and an amended Consolidated Order Re: Motion for Class Certification [respecting this Court's January 30, 2006 decision on Track 1 class certification]. In support of this Motion, Plaintiffs aver as follows:

1. On June 14, 2002, this Court entered Case Management Order No. 1 ("CMO 1") establishing, among other things, an "Organization of Plaintiffs' Counsel" at Section IV.

2. Since the entry of CMO 1, there have been several changes in the composition of counsel for Plaintiffs, with several of the law firms originally designated by the Court to act on behalf of all Plaintiffs withdrawing as counsel and/or ceasing to actively participate on behalf of Plaintiffs, and others changing their firm structure. One new law firm - the undersigned counsel for Plaintiffs - has entered its appearance and hereby seeks essentially to update this Court's operative Orders governing the representation of Plaintiffs and the certified Classes.

3.	In light of these many changes, and in order to ensure that adequacy of representation of the Plaintiffs and certified Classes is maintained, the undersigned respectfully submits that certain changes to the original CMO 1 are required.

4.	First, since the entry of CMO 1, four (4) law firms originally designated by the Court to act on behalf of all Plaintiffs, with responsibilities therein described, have either withdrawn as counsel for Plaintiffs in the case or have ceased to actively participate on behalf of Plaintiffs and to fulfill the responsibilities for which the Court appointed them.  These firms include two (2) firms originally designated as "Chairs of Lead Counsel Committee" under Section IV(1)(b) – Lieff, Cabraser, Heimann & Bernstein, LLP, and Heins, Mills & Olson, P.C, – and two (2) firms originally designated as part of the "Lead Counsel Committee" under Section IV(1)(c) – Milberg Weiss Bershad Hynes & Lerach, LLP, and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

5.	These four (4) firms should be deleted from CMO 1.

6.	Since the entry of CMO 1, one (1) new law firm has joined the Co-Lead Counsel, The Haviland Law Firm LLC, and has assumed the responsibilities of Lead Counsel on behalf of several of it clients whom the Court has appointed as named representative plaintiffs on behalf of the four (4) Subclasses of Class 1, as part of the Court's Consolidated Order Re: Motion for Class Certification, dated January 30, 2006 ("Class Certification Order").  These clients include: David and Susan Ruth Aaronsen (representatives of the GlaxoSmithKline and the BMS Group Subclasses), Joyce Howe, individually and on behalf the Estate of Robert Howe (representative of the AstraZeneca Subclass), James and Teresa Shepley (representatives of the Johnson & Johnson Group Subclass); and Larry Young, individually and on behalf of the Estate of Patricia Young (representative of the Johnson & Johnson Group Subclass).

7. In light of its direct representation f the named representative plaintiffs for the certified Subclasses of Class 1 and its demonstrated record of protecting the rights of consumer plaintiffs in the Court,[1] the Haviland Law Firm LLC should be substituted as Co-Chair of Lead Counsel (filling one of the two vacancies created by the removal of Lieff, Cabraser and Heins Mills & Olson, P.C.) in order to allow the firm to continue to protect the rights of its consumer clients and the certified Classes of Class 1.

8. Since the entry of CMO 1, two (2) of the remaining law firms originally designated by the Court to act on behalf of all Plaintiffs have changed their firm structures. These firms and changes are as follows: "Hagens Berman, LLP" has changed to "Hagens Berman Sobol Shapiro LLP"; and "Kenneth A. Wexler & Associates" has changed to "Wexler Toriseva Wallace LLP".

9. The names of these two (2) firms should be changed to reflect the current firm charged with responsibility for representing Plaintiffs and the Classes in this case.

10. Since the entry of CMO 1, one attorney, Thomas M. Sobol, originally designated as both "Liason Counsel" and "Chair of Lead Counsel" as part of Lieff, Cabraser, Heimann & Bernstein, LLP, switched firms and joined "Hagens Berman Sobol Shapiro LLP."

11. Mr. Sobol's change in firm affiliation should be reflected in an Amended CMO 1 since his prior firm, Lieff, Cabraser, Heimann & Bernstein, LLP, is no longer in the case.

---

[1] While Rule 23(g) technically calls for the submission of an application for appointment as Class Counsel, given the undersigned's record of zealous advocacy for consumer plaintiffs in this Court, the undersigned respectfully submits that the Court has a sufficient record by which to make the appointment especially in view of the fact that the instant application is unlikely to be opposed. However, should the Court require such a submission, one will be made.

12. On January 30, 2006, this Court entered its Class Certification Order designating, under Section III 3 and pursuant to Fed.R.Civ.Proc. 23(g), five (5) law firms to act as "Co-Lead Counsel" on behalf of the five (5) certified Subclasses of Class 1. One firm so designated, "Kline & Specter, P.C.," has since sought to withdraw as counsel for Plaintiffs and the certified Subclasses[2] and has ceased to actively participate in case or to fulfill the responsibilities for which the Court appointed the firm.

13. On September 11, 2006, The Haviland Law Firm, LLC entered its appearance in the place of Kline & Specter as Co-Lead Counsel on behalf of Plaintiffs and the Class and, since that time, has fulfilled the responsibilities to the Plaintiffs and the certified Subclasses for which the Court appointed Co-Lead Counsel under Rule 23(g).

14. Because this Court's Class Certification Order lists Kline & Specter as Co-Lead Counsel for the certified Subclasses of Class 1, and, indeed, the Class 1 notice so listed Kline & Specter, the Class Certification Order should be amended to substitute The Haviland Law Firm LLC for Kline & Specter.

15. Lastly, on January 21, 2007, James Shepley, certified class representative of the Johnson & Johnson Group Subclass, passed away. While, the Court originally certified both Mr. and Mrs. Shepley as representative plaintiffs for Johnson & Johnson, unfortunately, as with two other clients of the Haviland Law Firm, LLC that have died in the service of this case, the time has come to substitute Mrs. Shepley for the Estate of her husband, James. The Court should amend its January

---

[2] Although Kline & Specter filed a document entitled "Notice of Withdrawal of Appearance" in this Court, no Motion for Leave to Withdraw was filed.

2006 Class Certification Order to substitute Mr. Shepley's wife, Teresa Shepley, as the lone named representative plaintiff of the Johnson & Johnson Group Subclass for the couple.

WHEREFORE, for all of the above reasons, Plaintiffs respectfully submit that this Court's Case Management Order No. 1 and Class Certification Order both should be amended as set forth in the proposed Order attached hereto.

Respectfully,

Dated:  March 26, 2007

/s/ Donald E. Haviland
Donald E. Haviland, Jr., Esquire
**THE HAVILAND LAW FIRM LLC**
740 S. Third Street
Third Floor
Philadelphia, PA 19147
(215) 609-4661 - telephone
(215) 392-4400 - facsimile
Counsel for Plaintiffs and the Class