**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE           )   MDL NO. 1456
LITIGATION                                      )   Civil Action No. 01-12257-PBS
_____)
                                                    )   Hon. Patti B. Saris
THIS DOCUMENT RELATES TO ALL  )   Chief Mag. Judge Marianne B. Bowler
ACTIONS                                         )
_____)

**CENTOCOR'S OPPOSITION TO PLAINTIFFS' MOTION
TO SUPPLEMENT THE RECORD OR FOR LEAVE TO
TAKE DISCOVERY OF THE "KA-CHING" DOCUMENT**

Desperate times apparently have inspired desperate measures. Having failed to prove its case against defendant Centocor, plaintiffs now seek to reopen the record and pursue unilateral discovery based on recent and vague allegations made by terminated Centocor employees concerning a document that Centocor did not create or maintain in its files, and that the ex-employees have to date refused to produce. Plaintiffs' motion should be denied.

At the trial in this matter, plaintiffs' case against Centocor entirely collapsed as their lead expert Dr. Raymond Hartman conceded that the "spread" on Centocor's drug at issue (i.e., Remicade) was within the 30% range known and "expected" by payors of physician-administered drugs. Contrary to the assertion in its motion, plaintiffs did not prove that Centocor "changed the historical WAC to AWP ratio" on Remicade to provide an incentive for physicians to prescribe Remicade. Rather, the undisputed evidence demonstrated that the public spread on Centocor remained fixed during the entire class period. In short, plaintiffs' allegations that Centocor "concealed" and "manipulated" its pricing fell flat.[1]

---

[1] See The Johnson & Johnson Defendants' Proposed Findings Of Fact Relating To Procrit® And Remicade® at ¶¶ 44-51.

Plaintiffs' instant motion to supplement the record or to reopen discovery is premised on a passing reference made in an employment discrimination complaint filed February 9, 2007 in Minnesota State Court and appended to plaintiffs' moving papers (the "Complaint"). That action is brought by two former Centocor sales representatives who were terminated for engaging in practices that contravene company policy.  Specifically, as they concede in their Complaint, the representatives were terminated for bringing their client to a "Gentleman's Club." (Complaint ¶ 14).  The two representatives (who are women) assert their termination was discriminatory because male sales representatives purportedly were not disciplined similarly for such conduct.  (Id. ¶ 19.)  The representatives also assert that their termination was retaliatory, primarily because they purportedly raised concerns regarding the "off label" use of Remicade.  (¶ 23.)  Suffice it to say that gravamen of the representatives' Complaint does not pertain to the manipulation or marketing of the "spread"; indeed, the terms "AWP" or "average wholesale price" were not mentioned at all.

Without providing this context, plaintiffs cite to a passing reference in the Complaint concerning a presentation that purportedly "contains an audible 'Ka Ching' sound" when describing profit physicians could earn on Remicade." (Complaint ¶12.)  The carefully-worded Complaint does not allege the presentation was created or maintained by Centocor.  And in fact, a diligent search of Centocor's files – conducted in response to plaintiffs' demands in this case – did not yield a copy of the presentation referenced in the Complaint.  Moreover, counsel for the former sales representatives have to date refused to turn over a copy of the presentation so that Centocor may ascertain its author.

This passing reference in the terminated employees' Complaint is insufficient to allow the unauthenticated and hearsay presentation to be added to the record over Centocor's

2

objection, which it hereby formally asserts. The presentation's admission would be particularly inappropriate insofar as plaintiffs admit that the sole reason for seeking to add the document to the record is to secure the prejudicial effect derived from "the sound of a 'Ka-Ching' reverberating throughout the courtroom." (Plaintiffs' Notice at page 1.) Moreover, the extensive discovery required to ascertain the facts and circumstance pertaining to the presentation's creation clearly is inappropriate at this stage of the litigation. Defendants already have been deprived of additional discovery due to the stringent discovery cut-offs in this case.[2] Plaintiffs are not entitled to unilateral, one-sided expansion of discovery to pursue such a speculative inquiry. *See, e.g.*, *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 65 n.7 (1st Cir. 2003) (denying plaintiff's attempt for further discovery where plaintiff had been accorded ample opportunity to conduct discovery and additional discovery sought was purely speculative); *Superchi v. Town of Athol*, 170 F.R.D. 3, 3 (D. Mass. 1996) (denying plaintiff's untimely motions for a new trial and additional discovery where discovery sought would be inadmissible); *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) ("The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial.")

---

[2] *See, e.g.*, 10/02/06 Electronic Order denying Motion to Compel the Production of Documents from Sheet Metal Workers National Health Fund ("Denied as the motion is untimely. The trial is one month away, and defendants have known since March that production was incomplete from their point of view."); 10/16/06 Electronic Order denying Motion to Compel Plaintiff Blue Cross Blue Shield of Massachusetts to Produce Susan Pierce for Deposition ("Denied on the grounds that the motion is untimely. Trial is three weeks away.").

## Conclusion

We respectfully submit that the Court should deny plaintiffs' motion to add the "Ka-Ching" presentation into evidence or for further discovery regarding presentation.

Respectfully submitted,

**ON BEHALF OF THE TRACK 1 DEFENDANT CENTOCOR INC.**

/s/ Erik Haas
William F. Cavanaugh, Jr. (admitted *pro hac vice*)
Andrew D. Schau (admitted *pro hac vice*)
Erik Haas (admitted *pro hac vice*)
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel:  (212) 336-2000
Fax:  (212) 336-2222
Attorneys for the Johnson & Johnson Group

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was served on all counsel of record via Lexisnexis File & Serve on March 26, 2007.

/s/ Erik Haas
Erik Haas

5