UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Civil Action:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| | **[Leave to File Granted on 3/26/07]** |

**PLAINTIFFS' ONE-PAGE SUPPLEMENT TO THEIR SUR-REPLY IN OPPOSITION TO ASTRAZENECA'S MOTION FOR SUMMARY JUDGMENT <u>DISCUSSING TWO DISCRETE ISSUES REQUESTED BY THE COURT</u>**

Neither *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 773 (Fla. 2003) ("*PNR*") nor *Millennium Communs. & Fulfillment, Inc. v. Office of the Attorney General*, 761 So. 2d 1256 (Fla. Dist. Ct. App. 2000) ("*Millennium*") hold that the Florida Deceptive Uniform Trade Practices Act ("FDUTPA") contains a requirement that a representation be "likely to affect a consumer's choice." That language likewise does not appear in the FDUTPA or any other Florida case interpreting the statute.

The requirement that a representation be "likely to affect a consumer's choice" is an Federal Trade Commission standard stemming from *In re Cliffdale Assocs., Inc.*, 103 F.T.C. 110 (F.T.C. 1984), an opinion in which the Commission defines materiality in a number of ways, including, among many others, a misrepresentation or practice that is "likely to affect a consumer's choice." *Id.*, at *187. ***No Florida court interpreting the FDUTPA has <u>ever</u> adopted this language.***

It would also not make sense to use the language in *Cliffdale* to interpret the FDUTPA. Because the FTC is acting in a law enforcement capacity and is not suing on behalf of a Class of

individuals or entities, the Commission has to "raise a presumption of reliance" by showing: (1) the defendant made material misrepresentations likely to deceive consumers, (2) those misrepresentations were widely disseminated, and (3) consumers purchased the entity's products. *FTC v. Freecom Communs., Inc.*, 401 F.3d 1192, 1206 (10th Cir. 2005).  By virtue of having this requirement, the FTC has been particularly strict in defining what representations are "material." However, as plaintiffs showed in their Sur-Reply, Florida law has *neither a* reliance nor a materiality requirement; therefore, the question of affecting consumer choice has no relevance in interpreting Florida law in a case, like the one here, brought by private plaintiffs.

WHEREFORE plaintiffs respectfully request that this Court DENY AstraZeneca's Motion for Summary Judgment.

| | |
|---|---|
| DATED:  June 5, 2006 | By     /s/ **Steve W. Berman**<br>Thomas M. Sobol (BBO#471770)<br>Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br><br>**LIAISON COUNSEL**<br><br>Steve W. Berman<br>Sean R. Matt<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>Elizabeth Fegan<br>Hagens Berman Sobol Shapiro LLP<br>60 W. Randolph Street, Suite 200<br>Chicago, IL  60601<br>Telephone: (312) 762-9235<br>Facsimile: (312) 762-9286 |

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 5, 2006, I caused copies of **PLAINTIFFS' ONE-PAGE SUPPLEMENT TO THEIR SUR-REPLY IN OPPOSITION TO ASTRAZENECA'S MOTION FOR SUMMARY JUDGMENT DISCUSSING TWO DISCRETE ISSUES REQUESTED BY THE COURT** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

  **/s/ Steve W. Berman**
Steve W. Berman