# EXHIBIT 2

```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

CITIZENS FOR CONSUME, et al      .   CIVIL ACTION NO. 01-12257-PBS
    Plaintiffs                   .
                                .
      V.                       .   BOSTON, MASSACHUSETTS
                                .   JANUARY 30, 2007
ABBOTT LABORATORIES, et al       .
    Defendants                   .

. . . . . . . . . . . . . .

```
              TRANSCRIPT OF MOTIONS HEARING
         BEFORE THE HONORABLE MARIANNE B. BOWLER
              UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For Abbott Laboratories:   James Daly, Esquire
                         Jones Day Reavis & Pogue
                         77 West Wacker Drive
                         Chicago, IL   60601-1692
                         312-782-3939

For the United States:    Renee Brooker, Esquire
                         Commercial Litigation Branch
                         P.O. Box 261
                         Ben Franklin
                         Washington , DC   20044
                         (202) 307-1088

                         John Neil, Esquire
                         U.S. Department of Justice/Bureau of
                         Medical Fraud
                         1455 Frazee Road, Suite 315
                         San Diego, CA   92108
                         619-688-6099

For Ven-a-Care:           James J. Breen, Esquire
                         The Breen Law Firm, P.A.
                         3562 Old Milton Parkway
                         Alpharetta, GA 30005
                         770-740-0008

Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

---

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

1   would determine how to respond to it.

2          THE COURT: All right. I'll take it under
3   advisement.

4          MR. NEIL: Thank you, Your Honor.

5          THE COURT: Okay. 3512, motion to compel evidence
6   withheld under the deliberative process privilege.

7          Mr. Daly?

8          MR. DALY: Your Honor, we filed a motion to compel.
9   The government filed a response that simply said, well, you
10  know, it's not ripe yet. We've told you that we're going to
11  withhold. We've objected to all of your discovery, but you
12  know what, we haven't actually withheld the document from you
13  yet, so it's not ripe and we're not going to bother to respond.
14  That's the procedure posture. We think that in our opening
15  brief we laid out the law concerning the kinds of allegations
16  we have here, allegations of fraud, allegations of lack of
17  knowledge of the spread, allegations that say we wouldn't have
18  reimbursed Abbott drugs had we known, common law fraud where
19  they allege that they reasonably rely that what the United
20  States has done is they have put the decisions that were made,
21  vis-à-vis reimbursement, what kind of system to follow, whether
22  to do it by, the very allegations of their complaint, they've
23  put that at issue and, therefore, as the cases that we've cited
24  for Your Honor, I think particularly the *Arthur Anderson* and
25  the *Ghana Supply* cases, one of which I think is a District of

1  Massachusetts case, very clearly to us this, the assertion
2  of a deliberative privilege in this case is untenable.  So I'm
3  not sure what the government's position is.  They've tried to
4  say it's not ripe.  Your Honor, we've attached all of the
5  correspondence, we have, meet and confers, all fall.  They've
6  asserted the deliberative privilege in response to 33 out of a
7  hundred or so document requests.  They've asserted it for 15 of
8  our 17 interrogatories.  They've refused in correspondence to
9  withdraw the deliberative privilege.  We think it's much more
10 than ripe.  We've asked them to withdraw.  They have refused
11 and, you know, they're supposed to be producing documents to us
12 tomorrow for the first time, and surely they know whether
13 they're going to be withholding documents under deliberative
14 privilege tomorrow.
15          THE COURT:  Is there going to be a production
16 tomorrow, Mr. Neil?
17          MR. NEIL:  Yes, Your Honor.  My understanding is
18 there is going to be a production tomorrow.
19          THE COURT:  And is much going to be withheld, if
20 anything?
21          MR. NEIL:  I am not familiar with the specifics of
22 the production.
23          MS. BROOKER:  Your Honor, I'm sorry.  There are two
24 separate issues here.  Mr. Neil will address the motion but
25 we--

1           THE COURT: One person per motion is usually the
2  way we do it.
3           MS. BROOKER: I'm sorry, it's just what - I'm sorry.
4           THE COURT: There's a record here.
5           MS. BROOKER: Yes, I'm sorry. This is Renee Brooker
6  for the record. What Mr. Daly is referring to about a
7  production is different than the production of documents by the
8  government relative to the materials on the privilege log that
9  is at issue in this motion. So there is going to be a
10 production of documents tomorrow. There's going to be a letter
11 on future productions. That goes out tomorrow, but that is
12 unrelated to the 500 document privilege log that is at issue in
13 the motion. So Mr. Neil just doesn't know anything about
14 tomorrow's production. I've been working on that, but he
15 doesn't know about the document production that is not coming
16 tomorrow, but I think Mr. Neil could explain further.
17          THE COURT: All right.
18          MS. BROOKER: Thank you.
19          MR. NEIL: Certainly, Your Honor. Abbott did to
20 their motion to compel attach a number of documents that
21 reflected correspondence back and forth between the government
22 and Abbott. The problem with that correspondence is not a
23 single one of those instances are examples of the government's
24 actually asserting the deliberative process privilege to
25 withhold documents. The government has not asserted the

I-25

1   deliberative process privilege to withhold a single document
2   or piece of evidence in this litigation--
3           THE COURT: It's a good thing there's not a court
4   reporter here.
5           MR. NEIL: --as of right now.
6           THE COURT: So slow down.
7           MR. NEIL: I apologize, Your Honor. Terrible habit.
8           Abbott's underlying motion as we see it makes two
9   fundamental arguments, neither of which is ripe for
10  adjudication at this time. Let me take the more specific of
11  Abbott's complaints first and go through it.
12          Abbott's specific argument is that the United States
13  has asserted the deliberative process privilege to withhold
14  documents, evidence, et cetera in the instant case. That is
15  not correct. The first area where Abbott makes this argument
16  is with respect to approximately 500 documents that the
17  government has withheld from production when the government
18  responded to third party subpoenas in 2004. Abbott filed a
19  request for production in this case with respect to those
20  documents and said you withheld those documents from the
21  subpoena production. I want you to produce them now. The
22  United States is currently undergoing a review of those e-
23  documents in determining whether or not to assert the
24  deliberative process privilege with respect to any of those
25  documents in this litigation. That review will be completed by

I-26

1    the end of next week, February 9th. At that time, if the
2    United States elects to assert the privilege over any of those
3    documents, we will produce an updated privilege log to Abbott.
4    Abbott can then, if it chooses, meet and confer with the
5    government. We can discuss the basis of our disagreement,
6    discuss whether there's any possible resolution of those
7    disagreements, and assuming there's not, then it will be
8    appropriate for Abbott to file a motion making the kinds of
9    arguments that, you know, are made in this motion.
10              THE COURT: Well, should I hold off at this time on
11   this motion, Mr. Daly? Is it a bit premature?
12              MR. DALY: I don't think so, Judge, in the sense that
13   we have been asking them on a weekly basis if not twice a week
14   are you going to withdraw this deliberative privilege, and
15   finally they told us no, we had no choice but to go forward.
16   We still have written responses to all our discovery that say
17   we're going to withhold on the basis of the deliberative
18   privilege and, you know, we've tried to meet and confer about
19   it and they haven't backed off.
20              MR. NEIL: Your Honor, I don't think that's correct.
21   With respect to the 500 documents that were withheld when the
22   United States was a third party under the deliberative process
23   privilege, we have represented to Abbott that we will be making
24   a final decision on those documents by February 9th, and at that
25   time, we'll either produce a log or produce the documents.

I-27

1  With respect to certain other discovery that was
2  referenced in both Abbott's reply brief and in its, you know,
3  it's original motion, that is also premature. Abbott alleges
4  that we've, you know, we've objected to interrogatories in part
5  based on the deliberative process privilege. We are still in
6  the process of meeting and conferring over interrogatory
7  responses. Abbott has not moved to compel with respect to any
8  interrogatory responses.
9  THE COURT: All right. This one is denied without
10 prejudice to be renewed in 14 days.
11 MR. NEIL: Thank you, Your Honor.
12 MR. DALY: 14 days, Your Honor?
13 THE COURT: Yeah.
14 MR. DALY: Thank you, Judge
15 THE COURT: All right. I'm going to take a break now
16 and do at least the criminal status conferences because I have
17 counsel waiting. So you're welcome to leave your materials on
18 the desk. Do not go far and, Mr. Duffy, if you can call at
19 least the first two criminal cases, I can move along a little
20 bit and not keep everyone waiting.
21 THE CLERK: Yes, Your Honor.
22 THE COURT: My best - Mr. Duffy, call the case.
23 THE CLERK: Yes, Your Honor.
24    (Criminal cases called)
25 THE COURT: This is Abbott's motion to be heard today