# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:                          )
PHARMACEUTICAL INDUSTRY          ) CA No. 01-12257-PBS
AVERAGE WHOLESALE PRICE          ) MDL No. 1456
LITIGATION                       ) Pages 9-1 - 9-144


BENCH TRIAL - DAY NINE

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE




United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
November 21, 2006, 9:10 a.m.




LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA  02210
(617)345-6787

## Page 2

APPEARANCES:
For the Plaintiffs:
    STEVE W. BERMAN, ESQ. and SEAN R. MATT, ESQ.,
Hagens Berman Sobol Shapiro LLP, 1301 5th Avenue, Suite 2900,
Seattle, Washington, 98101-1090.
    THOMAS M. SOBOL, ESQ. and EDWARD NOTARGIACOMO, ESQ.,
Hagens Berman Sobol Shapiro LLP, One Main Street, Cambridge,
Massachusetts, 02142.
    JENNIFER FOUNTAIN CONNOLLY, ESQ., Wexler Toriseva
Wallace, One North LaSalle Street, Suite 2000, Chicago,
Illinois, 60602.
    DONALD E. HAVILAND, ESQ., The Haviland Law Firm, LLC,
740 S. Third Street, Third Floor, Philadelphia, Pennsylvania,
19102.
For the Defendants:
    JOHN T. MONTGOMERY, ESQ. and STEVEN A. KAUFMAN, ESQ.,
Ropes & Gray, LLP, One International Place, Boston,
Massachusetts, 02110, appearing for Schering and Warrick.
    D. SCOTT WISE, ESQ. and KIMBERLEY D. HARRIS, ESQ., and
MICHAEL S. FLYNN, ESQ., Davis, Polk & Wardwell, 450 Lexington
Avenue, New York, New York, 10017, appearing for AstraZeneca.
    NICHOLAS C. THEODOROU, ESQ., Foley Hoag, LLP,
155 Seaport Boulevard, Seaport World Trade Center West,
Boston, Massachusetts, 02210, for AstraZeneca.
    WILLIAM F. CAVANAUGH, JR., ESQ. and ADEEL A. MANGI,
ESQ., Patterson, Belknap, Webb & Tyler, LLP, 1133 Avenue of
the Americas, New York, New York, 10036-6710, appearing for
Johnson & Johnson.

    STEVEN J. EDWARDS, ESQ., LYNDON M. TRETTER, ESQ.,
HOA HOUNG, ESQ., SANDHYA KAWATRA, ESQ., and
THOMAS J. SWEENEY, III, ESQ., Hogan & Hartson,
875 Third Avenue, New York, New York, 10022, appearing for
Bristol-Myers Squibb.

## Page 3

INDEX

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Raymond S. Hartman | 9-11 | | | |
| | 9-76 | | | |
| | 9-119 | | | |

| EXHIBITS | PAGE |
|---|---|
| 1881 | 9-20 |
| 2158 | 9-105 |
| 2176 | 9-105 |

## Page 4

PROCEEDINGS

THE COURT: Good morning.

MR. EDWARDS: May I proceed?

THE COURT: Yes. A couple of preliminary decisions. I understand the government is here, Mr. Henderson? All right. And, first, finish today. We're not going to meet tomorrow. Tomorrow is Thanksgiving. There's just too much going on in the world. And I know you're all gluttons for punishment, but we're not going to go tomorrow, so leave. If we need to do a quick cleanup or something, we'll do it, but primarily finish today.

The second thing is, I make the following rulings with respect to the government issue, which is, one, the Touhy rules do apply. It's a former employee. I've reread all the briefs. It does involve agency knowledge gathered while at the agency in the course of agency duties, or whatever the verbiage under the Touhy regulations is. And, three, the government, while it's a gray area, is on balance, as we've looked at the law of consolidation, is not a party on the margins right now.

The concern I have is, then once I get into Touhy, I'm not sure it's correct that you need to file a separate APA action, an Administrative Procedure Act action. I think you can do a subpoena. As you say, I have the authority to do that. However, I'm not going to issue deposition

## Page 5

subpoenas. I've ruled on that already. If someone wants to come up and testify, I will then do the balancing.

However, going to you, I have another trial coming up in March, and probably other trials beyond that maybe in Track Two, and the government has its case in Ven-A-Care. I think my big concern is that if they do subpoena under Rule 45 for the other trials, which they may, there's a very strong case to be made for having the government testify. It's been five years. I'm not going to start depositions now midway through the trial. But I've got great concerns about taking sort of a, no, the deliberative process may cover some of it, so we're not going to let them testify at all.

We've got a trial coming up in March, right? So I suggest we litigate that full issue about how much they can say if you want to subpoena them for that trial in March. I think it's still going in March, right? I understand that there might be some slippage because some people have their kids' vacation week somewhere in there. I was hearing words to that effect.

All right, now, is the government's position "never, never" or -- because we may have to litigate it, and you may have to have the right to appeal?

MR. HENDERSON: I can't give you an absolute answer, your Honor. We'd have to see as we weigh evidence.

THE COURT: Yes, but it's going to happen, I mean,

Page 6

1  right? It's just too late now. I've already ruled no
2  depositions, and if people aren't willing to come, I'm not
3  doing that. I'm not doing video. I've ruled on the
4  depositions thing. But that doesn't mean that's going to be
5  true for March, and it's important to hear what they have to
6  say.
7       MR. HENDERSON: In the government's view, your
8  Honor, it's one thing if a government witness told the
9  defendants or the regulated community that "It's okay to
10 manipulate the spread and use the Medicare and Medicaid
11 programs as a pot of money to dole out to customers." If
12 that were said and if there were communications like that --
13      THE COURT: No, excuse me. Stop this. If they
14 didn't say it, that's important to me. If they didn't say
15 that, that's important to me.
16      MR. HENDERSON: Okay.
17      THE COURT: Because then it adds to the case about
18 whether it's unfair and deceptive. It depends what they
19 heard, what they didn't hear, what they knew, what they
20 didn't know. If they gave a blank check to them, "Go ahead
21 and do it," that helps them. If they just heard snippets of
22 information here, there, and the other place and were sort of
23 trying to figure out what to do with it, that helps your
24 case. It's just that they were important to the unfair and
25 deceptive piece of it.

Page 7

1       MR. HENDERSON: I think, to the extent that the
2  defendants knew or heard things, that's fine. But to the
3  extent that government people thought things, the government
4  is a big entity, your Honor. It includes Congress, the
5  Executive Branch --
6       THE COURT: I understand. I'm just talking about
7  the people who ran the Medicare program. That's what I'm
8  interested in, the people who ran it. So I'm assuming I will
9  see requests for Rule 45 trial subpoenas for March. You'll
10 have to let me know if someone's willing to voluntarily
11 appear. It seems as if the ethical rule will permit
12 reasonable compensation, but that doesn't mean paying someone
13 like an expert. The cases tend to be informants in drug
14 cases. They don't tend to be $300 an hour, which is what you
15 pay an expert in a case or something. So I will allow
16 reasonable compensation but no guarantee of the 300 bucks an
17 hour.
18      So you're just going to have to let me know if this
19 guy is willing to testify, and also I don't know very much
20 about him and how relevant he is. I mean, I don't know, but
21 he isn't the key periods of time, right? He's early on?
22      MR. MONTGOMERY: His employment with HCFA runs
23 through 1998.
24      MR. EDWARDS: '84 to '98, your Honor.
25      THE COURT: Oh.

Page 8

1       MR. MONTGOMERY: And, you know, I just might --
2       THE COURT: Then if he comes up, I'm likely to let
3  him testify. And you can object to deliberative process
4  privilege all you want because I know that privilege. I used
5  to litigate that privilege myself. I know the balancing, I
6  know the privilege, and we'll just do it question by
7  question. But I'm not --
8       MR. HENDERSON: You're talking next week?
9       THE COURT: I don't know when that will be.
10      MR. MONTGOMERY: Well, we'll let you know. I would
11 like to add, because it's not in the record yet, your Honor,
12 that there is a case just decided two weeks ago in the
13 Eastern District of California, U.S. V. Los Angeles County, a
14 qui tam case, in which the government permitted Mr. Scully to
15 testify with respect to the meaning of the Medicaid statute.
16 And I think we've got an instance here in which the
17 government is trying to preclude the testimony of witnesses
18 when it suits their purpose but permit those very same
19 witnesses to testify in similar issues.
20      THE COURT: Well, I haven't seen that. You can
21 pass it up.
22      MR. MONTGOMERY: I am going to pass it up.
23      THE COURT: For me, the big thing me is, we've had
24 five years of discovery. I ruled before. We're not starting
25 with depositions. So to the extent that that's what we're

Page 9

1  talking about, we're not doing it. However, I have another
2  trial coming up, and I've got Track Two coming up. I've
3  got -- there he is, all right, sitting here in the wings,
4  literally. So I think it's important, and it's going to come
5  out. It's just a question of time in the Ven-A-Care case,
6  right? Then you are a party. We've got two Ven-A-Care,
7  California and Florida. So I don't want to hear about it a
8  year from now and then think I've done an injustice. That's
9  my thing. So that's how I'm balancing it out. We are not
10 sitting tomorrow. We are going to enjoy, and we are going to
11 try and finish Dr. Hartman today. Yes?
12      MR. SOBOL: If I may, your Honor, I'm not sure then
13 how the Court's rulings leave the situation regarding this
14 Mr. Weintraub.
15      THE COURT: If they can get him to come in, I will
16 allow him to testify. It's heartland information, from my
17 point of view, subject to the deliberative process privilege.
18 We will let the government come in and let the government
19 object, and I'll have to just do it microscript by
20 microscript as we go. But I'm not guaranteeing you 300 bucks
21 an hour.
22      MR. MONTGOMERY: And, your Honor, we will let you
23 know next week what arrangements, if any, we propose as to
24 Mr. Weintraub. We, of course, do object to your Honor's
25 unwillingness to issue trial subpoenas to these witnesses.