# EXHIBIT 8

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

March 22, 2007

VIA EMAIL

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin:

After our meet-and-confer yesterday, I write to summarize my understanding of a few points concerning those documents withheld from the working files of certain OIG reports under the deliberative process privilege. These are documents described on a privilege log that you sent on March 20, 2007. As you know, the Government's position is important to the arguments we may make in a motion to compel.

First, while the DOJ does not know who in particular made decisions regarding what documents to withhold under the deliberative process privilege, the OIG Office of General Counsel was involved in the process.

Second, I asked why the Government was withholding documents concerning the "entrance" and "exit" conferences relating to OIG reports, and indicated that such documents would appear to contain information particularly relevant to the case. I understand the Government's position to be that these documents contain the deliberations around OIG's findings and recommendations and, therefore, would be covered by the deliberative process privilege.

Third, OIG has asserted the deliberative process privilege in this case to withhold documents in a way that is no different than any FOIA request. Therefore, the agency was focused on whether the withheld documents fell within the protections of the deliberative process privilege (*i.e.*, whether they are pre-decisional and deliberative), and did not assess what relevance the withheld documents might have to Abbott's defenses in this case or what specific harm would result if the particular documents were provided to Abbott.

Fourth, consistent with the Government's position relating to CMS documents, OIG will not provide, prior to Abbott filing a timely motion to compel, an affidavit from an appropriate official setting forth, among other things, the "factual basis for the claim of injury to legitimate

JONES DAY

M. Justin Draycott
March 22, 2007
Page 2

government interests flowing from disclosure" of the documents being withheld under the deliberative process privilege.  *Grossman v. Schawrz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989).

      Finally, the Government has agreed to review HHD900-1513 (described as an email from Alec Vachon, Staffer on Senate Finance Committee), HHD900-2159 (described as an email regarding "Dr. Zone's comments on design of OEI report 03-94-00390"), and HHD900-2340 – 41 (described as a memo from Nancy-Ann Min DeParle providing comments to OIG report 03-97-00293) to determine if they satisfy the initial requirements of the deliberative process privilege.

      Thank you for your attention to this matter.

                                  Sincerely,

                                  /s/ David S. Torborg

                                  David S. Torborg

cc:    Renée Brooker
        Gejaa Gobena
        Justin Draycott
        Mark A. Lavine
        Ana Maria Martinez
        Ann St. Peter-Griffith
        James J. Breen
        Neil Merkl
        Sarah L. Reid
        Helen Witt
        Eric T. Gortner