UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MOTION FOR APPROVAL OF FURTHER COMMUNICATION WITH CLASS 1 CONSUMERS WHO FILED REQUESTS FOR EXCLUSION**

Plaintiffs hereby move the Court for approval of further communication with the approximately 22,750 individual Class 1 consumers who have filed a request for exclusion with Complete Claims Solutions, Inc. ("CCS") in this matter.

## I. BACKGROUND

Contemporaneously herewith Plaintiffs have filed the Declaration of Charlene Young, Notice and Administration Manager, Complete Claim Solutions, LLC ("*Young Decl.*") and the Affidavit of Katherine Kinsella ("*Kinsella Decl.*"), along with supporting exhibits. These declarations outline for the Court the steps undertaken by CCS and Kinsella/Novak to effectuate the notice plan approved by the Court in Case Management Order No. 26 dated July 7, 2006 (Docket #2842).

Kinsella/Novak designed and implemented the publication notice to both Consumers and TPPs approved by the Court. In her declaration, Ms. Kinsella reports to the Court the dates of each notice publication (*Kinsella Decl.* ¶¶ 14-16) and provides a copy for the Court's reference of each of the published notices as they appeared in the various publications. *Kinsella Decl.* Ex. C. Kinsella also provides an estimate of the measured reach and frequency of the publication

notice among consumer class members, without account for the direct mail notice effectuated by CCS.  *Kinsella Decl.* ¶ 18.

CCS effectuated the mailed notice to TPPs in Class 2 and 3 using a database of TPPs created and maintained by CCS for that purpose.  *Young Decl.* ¶¶ 12-13.  CCS effectuated direct mail notice to Class 1 Consumers using the names and contact information provided by the Centers for Medicare and Medicaid Services ("CMS").  *Young Decl.* ¶¶ 3-4, 7-11.  CCS established and maintained a toll-free number and phone bank for questions by class members about the litigation.  *Young Decl.* ¶ 21.  Additionally, CCS created and maintained the litigation website for further dissemination of the notice and other information about the pendency of the litigation to class members.  *Young Decl.* ¶ 22.  Finally, CCS has acted as the repository for inquires and communications from potential class members, including all requests for exclusion.  *Young Decl.* ¶ 21.

Requests for exclusion from the class were required to be postmarked by February 19, 2007.  CCS has now received and processed all such requests both from TPPs and Consumers.  CCS has received a total of 14 requests from exclusion by TPPs.  *Young Decl.* ¶ 23, Ex. 3.  CCS has received a total of 22,750 requests for exclusion from Consumers, which includes 221 exclusion forms received after the February 19, 2007 deadline.[1]  *Young Decl.* ¶ 24, Ex. 4.

## II.  ARGUMENT

Based on extensive previous experience with notice in numerous class cases, many of which have involved claims related to pharmaceuticals, CCS is of the opinion that 22,750 exclusions is an unusually high number.  *Young Decl.* ¶ 25.  Based on their direct experience with consumers who called the toll-free number in this case, CCS believes that many of the

---

[1] The list of consumers requesting exclusion has not been filed publicly, but is the subject of a separate Motion to File Under Seal, filed herewith.

consumers returning the exclusion form were confused by the presence of the exclusion form, and believed that by signing and returning the form they were either filing a claim for money, affirming their interest in participating as a class member, or retuned the form under the mistaken belief that if they did not, they would be required to actively participate in the litigation in the form of testimony or deposition.  *Id*.

CCS has recommended a follow up letter to each of the 22,750 consumers who filed requests for exclusion explaining the consequences of excluding themselves and, in the event they mistakenly excluded themselves, giving them an opportunity to rescind their exclusion by executing and returning the letter to CCS.  *Young Decl.* ¶ 26, Ex. 5.  Those individuals who intended to actually exclude themselves would not be required to take any additional action.  CCS has provided the Court with the text of a letter they propose to send to these 22,750 consumers for the Court's review and approval.  *Young Decl.* Ex. 5.  CCS has informed Plaintiffs that they stand ready to mail the notice to these consumers within days of the Court's approval.

Class Plaintiffs hereby respectfully request that the Court approve the text of the letter as recommended by CCS and authorize CCS to further communicate with these potential class members in the manner suggested by CCS in order to ensure that the rights of any consumers who were confused are not adversely affected.  The fact that so few TPPs have chosen to file exclusions is a further indication that many consumers misconstrued the purpose of the exclusion form.  There is no other explanation for the disparity in the opt-out rates between consumers and TPPs.

Plaintiffs ask that consumers be provided 25 days to respond to the letter.  This will provide CCS sufficient time to finalize a list of consumer opt-outs prior to any ruling in issues presented in the upcoming trial of AstraZeneca.

Respectfully Submitted,

DATED: March 29, 2007

By   /s/ **Steve W. Berman**
  Thomas M. Sobol (BBO#471770)
  Edward Notargiacomo (BBO#567636)
  Hagens Berman Sobol Shapiro LLP
  One Main Street, 4th Floor
  Cambridge, MA  02142
  Telephone: (617) 482-3700
  Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

        Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 29, 2007, I caused copies of **PLAINTIFFS' MOTION FOR APPROVAL OF FURTHER COMMUNICATION WITH CLASS 1 CONSUMERS WHO FILED REQUESTS FOR EXCLUSION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman