# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) AVERAGE WHOLESALE PRICE ) LITIGATION ) ———————————————————— ) ) THIS DOCUMENT RELATES TO: ) ) ALL CLASS ACTIONS ) ———————————————————— ) | MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |

## DECLARATION OF CHARLENE YOUNG, NOTICE AND ADMINISTRATION MANAGER, COMPLETE CLAIM SOLUTIONS, LLC, REGARDING MAILING AND PUBLICATION OF NOTICE TO CLASS MEMBERS

The undersigned, Charlene Young, being duly sworn, deposes and states that:

1.      I submit this Declaration in order to provide the Court and the parties to the above captioned litigation with information regarding the mailing and publication of Notice to Consumer Class Members in Class 1 ("Consumer Class Members") and Third-Party Payor ("TPP") Class Members in Classes 2 and 3 ("TPP Class Members").  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently hereto.

2.      I am the Notice and Administration Manager of Complete Claim Solutions, LLC ("CCS").  CCS was appointed as the Litigation Administrator by the Court to assist in the process of providing notice of the pendency of the litigation to the potential Class Members in this Action.  Specifically, CCS was retained to cause the Consumer Notice and Exclusion Form ("Consumer Notice Packet") and the TPP Notice ("TPP Notice Packet") to be printed and mailed to potential Class Members.  A copy of the Consumer Notice Packet and TPP Notice are attached hereto as Exhibits 1A and 1B, respectively.

## A.      <u>Consumer Mailing and Publication</u>

3.      On or about December 12, 2006, CCS received 948,206 records containing names and addresses of potential Consumer Class Members from the United States Department of Health and Human Services.  This data included contact information for consumers who may have paid or incurred an obligation to pay some portion of the 20% co-payment under Medicare Part B for drugs at issue in this case manufactured and sold by Defendants AstraZeneca, Bristol-Myers Squibb and Johnson & Johnson.  CCS uploaded the data into a segregated database (the "AWPC database") to be used for mailing Notice Packets to Class Members.  CCS electronically scrubbed the data and confirmed that there were 948,206 distinct names and addresses.  CCS submitted all names and addresses to the United States Postal Service ("USPS") National Change of Address ("NCOA") service to ensure proper address formatting and to obtain any updated addresses and postal discounts.  NCOA was able to update 31,827 addresses.

4.      CCS caused the Notice Packets to be printed and between December 26, 2006 and December 28, 2006, CCS mailed Notice Packets, by standard First-Class U.S. mail, postage prepaid, to 948,206 Consumer Class Members in the AWPC database as described in ¶3, above pursuant to Case Management Order No. 26: Class Notice and Trial Schedule dated July 7, 2006 (the "Order").

5.      As the Court is aware, Plaintiffs' Counsel retained the services of Kinsella/Novak Communications, Ltd. ("Kinsella/Novak"), a full-service marketing and advertising consulting firm which provides marketing research and analysis services, creative development, advertising and marketing planning, to provide notice to potential Class Members.

6.      Kinsella/Novak developed a media plan which targeted Consumer and TPP Class Members by publishing the Summary Notice over a period of approximately 2 months in selected publications throughout the country.  The Affidavit of Kathrine Kinsella certifying that the publications of the Summary Notice were effectuated in accordance with the Order of the Court is being filed contemporaneously herewith.

7.      As of March 20, 2007, additional Consumer Notice Packets were mailed by standard first-class mail, postage prepaid, to 468 additional consumers, at their request.

8.      As of March 20, 2007, the United States Postal Service ("USPS") returned 771 Consumer Notice Packets as undeliverable with a forwarding address.  Through March 15, 2007, CCS subsequently re-mailed Consumer Notice Packets to the addresses provided by the USPS.

9.      As of March 20, 2007, the USPS returned 20,930 Consumer Notice Packets as undeliverable without forwarding addresses.

10.     On two (2) occasions, CCS utilized the services of Accurint, an address database service to which CCS subscribes, seeking updated addresses for Class Members to which Consumer Notice Packets were returned as undeliverable, referred to in ¶9, above.  As a result, CCS received 7,134 updated addresses from Accurint and CCS subsequently re-mailed Consumer Notice Packets to the updated addresses on January 30, 2007 and March 7, 2007.

11.     As of March 20, 2007, of the 7,134 Consumer Notice Packets mailed referred to in ¶10 above, the USPS returned 1,525 of them as undeliverable without a forwarding address.

## B.      **TPP Mailing and Publication**

12.     CCS maintains a mailing database of approximately 43,501 potential TPP Class Members ("CCS TPP Mailing Database"), which consists of membership listings and existing databases from the following sources:

      a)      Pharmacy Benefit Management Institute;

      b)      Health Insurance Association of America;

      c)      Benefits Sourcebook;

      d)      Managed Care Information Centers;

      e)      Judy Diamond Associates;

      f)      A.M. Best Company;

g)      Association of Managed Care Providers;

h)      Society of Professional Benefit Administrators;

i)      American Association of Health Plans;

j)      Self Insurers Institute of America;

k)      National Association of Insurance Commissioners; and

l)      Society of Professional Benefit Administrators.


13.     CCS developed the CCS TPP Mailing Database in March 2001 as a proprietary mailing database.  The database is maintained and regularly updated by CCS to be used in notifying TPP Class Members of the pendency and/or settlement of large pharmaceutical litigations, including: *In re Lorazepam and Clorazepate Antitrust Litigation* (MDL No. 98-1232); *In re Cardizem CD Antitrust Litigation* (MDL No. 1278); *Vista Healthplan, Inc. and Ramona Sakiestewa v. Bristol-Myers Squibb Co. and American BioScience, Inc.*(Civil Action No. 1:10CV01295 (EGS)(AK)); *In re: Lupron® Marketing and Sales Practices Litigation* (MDL No. 1430); *In re: Terazosin Hydrochloride Antitrust Litigation* (MDL Docket No. 1317); *In re Warfarin Sodium Antitrust Litigation* (MDL No. 98-1232 (SLR)); *Elizabeth Blevins v. Wyeth-Ayerst Laboratories, Inc. and American Home Products Corp.*, (Sup. Ct. of CA San Francisco County Case No. 324380); *Cipro Cases I and II* (Sup. Ct. of CA, County of San Diego Nos. 4154 and 4220) and *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation* (Docket No. 2:02cv442).  CCS continues to update the CCS TPP Mailing Database with changes of addresses and additional TPP Class Members and record keepers as they are identified in subsequent settlements.


14.     Pursuant to the Order, CCS caused the TPP Notice Packet in this matter to be printed and on August 1, 2006, CCS mailed Notices, by standard First Class U.S. mail, postage prepaid, to 43,501 TPPs in the CCS TPP Mailing Database as described in ¶12.

15.     Kinsella/Novak, as described in ¶5, above, caused the Summary Notice to be published in *HR* Magazine and *National Underwriter* pursuant to the Order.   See Affidavit of Kathrine Kinsella filed herewith.

16.     As of March 20, 2007, additional TTP Notice Packets were mailed by standard First Class mail, postage prepaid, to 221 additional TPP entities, at their request.

17.     As of March 20, 2007, the United States Postal Service ("USPS") returned six (6) TPP Notice Packets as undeliverable with a forwarding address.   Through November 2, 2006, CCS subsequently re-mailed these six (6) TPP Notice Packets (with an initial mailing date of August 1, 2006) to the addresses provided by the USPS.

18.     As of March 20, 2007, the USPS returned 1,524 TPP Notice Packets as undeliverable without forwarding addresses.

19.     On these occasions, CCS utilized the services of Accurint, an address database service to which CCS subscribes, seeking updated addresses for Class Members to which TPP Notice Packets were returned as undeliverable, referred to in ¶18 above. As a result, CCS received 140 updated addresses and CCS subsequently re-mailed 140 TPP Notice Packets to the updated addresses received from Accurint on September 25th, September 28th and November 9, 2006.

20.     As of March 20, 2007, of the 140 TPP Notice Packets mailed referred to in ¶19 above, the USPS returned 49 Notices as undeliverable without a forwarding address.

### C.     Communications from Potential Class Members

21.     CCS has acted as a repository for inquiries and communications from potential class members (consumers and TPPs).  To this extent, CCS established a Post Office Box and a toll-free telephone number (800-419-5391) for potential Class Members seeking information about the Notice, advising of a change of address, and/or requesting additional Notice Packets to be mailed.  A caller to the toll-free telephone number is able to listen to a pre-recorded message, attached as Exhibit 2, which answers many frequently asked questions and is then prompted to

press a telephone keypad number to contact a live "telephone representative" to answer additional questions.  As of March 20, 2007, 2,290 Consumer callers had listened to the pre-recorded message and approximately 1,343 requested to speak with a telephone representative; and 1,827 TPP callers listened to the pre-recorded message and approximately 370 requested to speak with a telephone representative.

22.     CCS developed and maintains an informational website with an address of www.AWPLitigation.net.   The website includes links to the Consumer Notice, Consumer Request for Exclusion, the TPP Notice, List of Drugs' National Drug Codes ("NDC"), Court Documents, Frequently Asked Questions, Contact Information and a link to register to receive e-mail updates.   This website went "live" on August 1, 2006.   The informational website has received 3,543 visitors.  As of March 20, 2007, 832 visitors have registered to receive e-mail updates.

### D.     <u>Requests for Exclusion</u>

23.     Pursuant to the Order and the Notice, a TPP Request for Exclusion needed to be received by CCS by October 1, 2006.  CCS has received timely Requests for Exclusion from fourteen (14) TPPs.  No TPP Requests for Exclusion were received after the deadline.  Pursuant to the Notice, any entity wishing to exclude itself from the action could exclude themselves from one of two Classes or both.  The two Classes are the MediGap TPP Class (Class 2) and Private Payor TPP Class (Class 3).  Of the fourteen (14) Requests for Exclusion, one (1) TPP excluded itself from the Private Payor TPP Class only, twelve (12) requested exclusion from both classes, and one (1) entity requested exclusion but did not specify which class it wished to be excluded from.  A complete list of the TPPs who requested exclusion is attached as Exhibit 3.

24.     Pursuant to the Order and the Notice, a Consumer Exclusion Form needed to be received by CCS postmarked by February 19, 2007.  To date, CCS has received timely Exclusion Forms from 22,529 Consumer Class Members and an additional 221 Exclusion Forms postmarked after the February 19, 2007 deadline, for a total of 22,750. Data from all Exclusions was entered into a segregated database (the "AWPC Exclusion database").   A list of all Consumer Exclusions

(including the "late" Exclusions) is attached hereto as Exhibit 4 (filed under seal). CCS recommends that those exclusions marked "late" be accepted by the Court.

### E.     CCS Recommends Further Communication with Consumers Filing Requests for Exclusion

25.     CCS has a great deal of experience with notice in consumer class pendency and claims administration, particularly in the area of pharmaceutical litigation. Although it represents only a small fraction of the number of mailed notices sent out, in CCS's experience, 22,750 is an unusually – and unreasonably – high number of requests for exclusion to have received. Based both on previous experience by CCS in similar matters, as well as from the nature of the calls received from consumers to the toll-free number to ask questions about the Notice, CCS believes that many of the Consumer Class Members who filed requests for exclusion were confused and may believe that they were either filing a claim for settlement benefits, believed they were signing up to participate in the litigation, or believed not filing an exclusion would require their active participation in the form of trial testimony or deposition.   In CCS's experience, this confusion has been known to occur when a request for exclusion form is included in a mailed notice packet despite the clear indication on the top of that form, as is the case in the exclusion form used in this litigation, that clearly indicates the form is a request to be excluded from the litigation.

26.     Because of the high number of exclusion request forms received, CCS recommends that a follow up letter be mailed to each Consumer Class Member in the AWPC Exclusion database to explain to them in plain language the legal ramifications of having excluded themselves from the Class and to ask them to respond to CCS to either confirm or rescind their request for exclusion. The text of a proposed letter for this purpose is attached hereto as Exhibit 5 for the Court's consideration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Charlene Young

Dated: March 27, 2007

# EXHIBIT 1A

## If You Are a Medicare Part B Beneficiary
## or Heir of a Beneficiary Who Made, or is Obligated to Make,
## a Co-Payment Through Medicare Part B For the Drugs:

**Blenoxane** (*bleomycin sulfate*)

**Cytoxan** (*cyclophosphamide*)

**Etopophos** (*etoposide phosphate*)

**Paraplatin** (*carboplatin*)

**Procrit** (*epoetin alfa*)

**Remicade** (*infliximab*)

**Rubex** (*doxorubicin hcl*)

**Taxol** (*paclitaxel*)

**VePesid** (*etoposide*)

**Zoladex** (*goserelin acetate*)

### Class Action Lawsuits May Affect Your Rights

*The District Court has authorized this Notice.  It is not a solicitation from a lawyer. You are not being sued.*

Para más Información Sobre Este Pleito, Visite A www.AWPLitigation.net.

- Lawsuits claim that certain drug companies reported false and inflated average wholesale prices ("AWP") for certain types of outpatient drugs.  AWPs are used to set prescription drug prices that are paid by Medicare and consumers making Medicare Part B co-payments.  The lawsuit asks the Court to award money damages to people who made Medicare Part B co-payments for the drugs.  Defendants deny the claims asserted in the lawsuits.

- The Court has said that the lawsuits can go forward as class action lawsuits and has certified separate classes of people that made Medicare Part B co-payments for certain drugs made by each Defendant.

- The Classes consists of people who made co-payments for certain drugs ("Covered Drugs") manufactured and marketed by Defendants AstraZeneca, Bristol-Myers Squibb Group and Johnson & Johnson Group.   Certain dosages of the following Covered Drugs are included in the Classes: **Blenoxane (**bleomycin sulfate**), Cytoxan (**cyclophosphamide**), Etopophos (**etoposide phosphate**), Paraplatin (**carboplatin**), Procrit (**epoetin alfa**), Remicade (**infliximab**), Rubex (**doxorubicin hcl**), Taxol (**paclitaxel**), VePesid (**etoposide**) and Zoladex (**goserelin acetate**).**

- The Court has said that the lawsuits can proceed on behalf of people who made Medicare Part B co-payments for Covered Drugs between January 1, 1991 and January 1, 2005.   See Questions 8 and 9 to see if you are a member of one or more of the Classes.

- A series of trials will determine whether the claims in this lawsuit against each Defendant listed above are true.  There will be a separate trial for each Defendant.  An initial trial will begin on April 30, 2007.

- <u>These lawsuits are not about the safety and effectiveness of these drugs</u>.

This Notice explains what your rights and choices are as a member of the Classes.   ***You must make a choice now regarding your rights.  Please read all of this Notice carefully***.

### A Summary of Your Rights and Choices:

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

| You May: | | Due Date |
|---|---|---|
| **Remain in Lawsuit** | ***Stay in the lawsuit and wait for the result.***<br>By doing nothing, you stay in the lawsuit and may share in any recovery, if there is one, but you give up the right to sue the Defendants yourself about the claims in the lawsuit.  You will also be bound by the outcome of any trial. | ***Do Nothing*** |
| **Exclude Yourself** | ***Get out of the Classes.***<br>You can write and ask to get out of the lawsuit.  If any money or benefits are awarded later in a trial or settlement, you will not get these benefits, but you keep the right to sue the drug companies on your own about the claims in the lawsuit. **See Questions 10, 11 and 12.** | ***Postmarked by***<br>**February 19, 2007** |
| **Appear In The Lawsuit** | ***Participate in the lawsuit on your own or through a lawyer.***<br>If you don't exclude yourself, you can appear and speak in the lawsuit on your own or through your own lawyer.  (Class Counsel has been appointed to represent you.) **See Questions 13 and 14.** | |

## WHAT THIS NOTICE CONTAINS

**Basic Information**                                                                                  **PAGE**
    1.    Why did I get this Notice?                                        3
    2.    What is this lawsuit about?                                       3
    3.    Why is this a class action?                                       3

**The Claims In The Lawsuit**
    4.    What do the Plaintiffs claim?                                     4
    5.    What do the Defendants say about the claims?                      4
    6.    Has the Court decided who is right in the lawsuit?                4

**What are the Classes and Who are Class Members?**
    7.    Am I a Member of one or more of the Classes?                      4
    8.    How do I know if my co-payment was under Medicare Part B?         6

**What are the Covered Drugs**
    9.    How can I tell if the drug I took is included as a Covered Drug?  6

**Your Rights – Getting Out of the Class Action**
    10.   Can I get out of the lawsuit and the Classes?                    8
    11.   How do I exclude myself from the Classes?                        8
    12.   What happens if I exclude myself from the lawsuit?               8

**Your Rights – Appearing In The Lawsuit**
    13.   Can I appear or speak in this lawsuit?                           8
    14.   How do I appear in this lawsuit?                                 9

**If You Do Nothing**
    15.   What happens if I don't do anything at all?                      9

**The Lawyers Representing You**
    16.   Do I have a lawyer in this lawsuit?                              9
    17.   Can you elaborate on who pays the lawyers and how much they will be paid?  10
    18.   Should I get my own lawyer?                                      10

**Getting More Information**
    19.   Are more details and information available?                      10
    20.   How will I be notified about the outcome of the trials?          10

## BASIC INFORMATION

**1.     Why did I get this Notice?**

Lawsuits have been filed against a number of drug companies on behalf of people who paid for one or more of the drugs – called "Covered Drugs" – see Question 9.  You received this Notice because records obtained from the Centers for Medicare and Medicaid Services indicate that you may have made a co-payment for a Covered Drug between January 1, 1991 and January 1, 2005 or because you requested a copy of this Notice.  If so, the lawsuit may affect you.

You have legal rights and choices to make before a series of trials will decide whether the claims being made against the Defendant drug companies on your behalf are true.  There will be a separate trial against each Defendant.  The first of the trials will begin on April 30, 2007.  **You must make your choice whether to remain in the Classes or exclude yourself before February 19, 2007.**

This Notice explains:

- What the lawsuits are about, and why they are class action lawsuits.
- What the lawsuits claim and what the drug companies say about the claims.
- Who is affected by the lawsuits.
- Who represents the class in the lawsuits.
- What your legal rights and choices are.
- How and by when you need to act.

**2.     What are these lawsuits about?**

Plaintiffs allege Defendant drug companies either report the average wholesale price ("AWP") of each drug they make to trade publications or provide those publications with information from which the publications calculate an AWP for each of Defendants' drugs.  The published AWP of a drug is used to set the price that consumers making Medicare Part B co-payments and Medicare will pay for the drug.  The lawsuits claim that Medicare and consumers making Medicare Part B co-payments paid more than they should have paid for the Covered Drugs because drug companies intentionally reported false and inflated AWPs concerning these drugs.

The Court in charge of the lawsuits is the United States District Court for the District of Massachusetts.  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS.  The people who sued are called the Plaintiffs.  The drug companies they sued are called the Defendants.

The lawsuits include 42 Defendants.  At this time, the Court has certified separate Classes of people who made a Medicare Part B co-payments for Covered Drugs manufactured by the Defendants listed below.  The trials for each Defendant will also take place in the order listed below:

- <u>AstraZeneca</u> (which includes AstraZeneca Pharmaceuticals L.P.),
- The <u>Bristol-Myers Squibb</u> Group (which includes: Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; and Apothecon, Inc.), and
- The <u>Johnson & Johnson</u> Group (which includes: Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.).

Whenever you see the word "Defendants" in this Notice, it includes only the companies listed above: AstraZeneca, Bristol-Myers Squibb Group, and the Johnson & Johnson Group.

**3.     Why are these class actions?**

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims.  The people together are a "class" or "class members."  The court must determine if it will

allow the lawsuit to proceed as a class action.  If it does, a trial of the claims then decides the lawsuit for everyone in the class.  The Court in this lawsuit certified a separate class of people who made Medicare Part B co-payments for drugs manufactured by each Defendant.

## THE CLAIMS IN THE LAWSUITS

**4.      What do the Plaintiffs claim?**

The Plaintiffs claim that the Defendants violated various state consumer protection laws because they intentionally provided false and inflated AWPs on certain types of outpatient drugs, including the Covered Drugs.  The lawsuit also claims that the Defendants intentionally reported inflated AWPs with the knowledge that Medicare Part B relies on reported AWPs to determine the prices they will reimburse doctors for those drugs.  The lawsuit says that as a result of the inflated AWPs, people who made co-payments under Medicare Part B paid more than they should have.  The lawsuit asks the Court to award money damages to those people.

**5.      What do the Defendants say about the claims?**

The Defendants deny the factual allegations being made; contend that the lawsuits and damages are precluded under the law; contend that the alleged conduct, if proved, does not violate the 44 consumer protection laws, and that many Class Members will not be able to establish elements required by the consumer protection laws, or prove they paid a doctor for the subject drugs.

In addition, Bristol-Myers Squibb points out that it does not report AWPs; it reports list prices at which a substantial percentage of its sales are made.  The Johnson & Johnson Group says that Plaintiffs did not calculate Johnson & Johnson's drug prices correctly and, when these errors are corrected, it is obvious that the published prices for Johnson & Johnson drugs were not inflated.  The Johnson & Johnson Group points out that it did not give doctors discounts on the drug Remicade, and the small discounts it gave to doctors on the drug Procrit were disclosed.  The Johnson & Johnson Group says its drugs are less expensive than competing therapies, so Class Members who received Johnson & Johnson's products saved money.

**6.      Has the Court decided who is right in the lawsuit?**

No.  The Court hasn't decided who is right in the lawsuit yet.  Much more must occur before the Court holds a trial, including notifying Class Members.  By deciding now that the lawsuit can continue as a class action, the Court isn't saying who will win.

## WHAT ARE THE CLASSES AND WHO ARE CLASS MEMBERS?

*To know if you're affected by this lawsuit, you first should determine if you're a member of one or more of the Classes.*

**7.      Am I a Member of one or more of the Classes?**

You're a member of one or more of the Classes and part of this lawsuit if you are a resident of any state in the U.S. (except the states listed below), **and** between January 1, 1991 and January 1, 2005, you paid (or are currently obligated to pay) a <u>co-payment under Medicare Part B</u> for any of the Covered Drugs (listed in Question 9) that were manufactured and marketed by the Defendants.  The Classes and the drugs involved in each class are as follows:

| Defendant Classes | | Subject Drug(s) |
|---|---|---|
| AstraZeneca Class | | Zoladex (goserelin acetate) |
| Bristol-Myers Squibb Class | | Blenoxane (bleomycin sulfate)<br>Cytoxan (cyclophosphamide)<br>Etopophos (etoposide phosphate) |

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

| | | |
|---|---|---|
| Bristol-Myers Squibb Class | | Paraplatin (carboplatin)<br>Rubex (doxorubicin hcl)<br>Taxol (paclitaxel)<br>VePesid (etoposide) |
| Johnson & Johnson Class | | Remicade (infliximab)<br>Procrit (epoetin alfa) |

You are **not** a member of any of the Classes if you resided in Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, or Virginia at the time you made the Medicare Part B co-payment. The Court excluded persons residing in these states from the Classes because the consumer protection laws of those states don't allow class actions.

Stated in more detail, you are a member of one or more of the Classes if you fulfill the criteria listed in either 1, 2, or 3 below:

1.   You are in one or more of the Classes: (a) if you were a Medicare Part B beneficiary between January 1, 1991 and January 1, 2005; (b) who received one or more of the Covered Drugs during that time period in any state EXCEPT Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, or Virginia; and (c) you paid your doctor for one or more of the drugs, but not if you paid a flat amount such as $10 or $20 per dose and not if you were fully reimbursed for your payment by a private insurer.

2.   You are in one or more of the Classes if you are the legal heir of, or the legal successor to, the rights of a Medicare Part B beneficiary who met all three criteria set forth in "1" immediately above but who is now deceased.   You need to consult your own lawyer to determine if you are the legal successor to any such rights.   Your lawyer will help you determine whether you qualify as a "legal heir" under state laws of intestacy, will, trust, or any other applicable law.

3.   You are a member of one or more of the Classes if: (a) you were a Medicare Part B beneficiary between January 1, 1991 and January 1, 2005; (b) who received one or more of the Covered Drugs during that time period in a state other than Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, or Virginia; and (c) incurred a "legal obligation" to pay your doctor a co-payment for one or more of the drugs but did not do so.   You may have incurred a "legal obligation" if: (a) your doctor billed either you or your insurer for one or more of the drugs but neither you nor your insurer paid; or (b) if you did not pay because your doctor did not bill you; and (c) the time period for bringing a legal claim against you to enforce payment for one or more of the drugs has not already expired under the law.

**IMPORTANT:**   This is not a bill or a collection notice.   The Court is not suggesting, requesting or requiring that Medicare Part B beneficiaries who were billed for one or more of the aforementioned drugs but did not pay, or were not billed at all should pay their doctors now or that they are obligated to do so under the Medicare statute or regulations.

You are also **not** part of one or more of the Classes if:

(a)   You were fully reimbursed for the co-payment you made (for example, your MediGap or other private insurer reimbursed you the full amount); *or*

(b)   Your co-payment was a flat amount instead of a percentage of the total charge (for example, your MediGap or other private insurer paid for all of the co-payment except for a flat amount such as $10 or $20 that you had to pay). If your co-payment is a set dollar amount and does not differ with the price of the drug, your co-payment is a flat co-payment and not a percentage co-payment and you are not a member of one or more of the Classes.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

-5-

**8.    How do I know if my co-payment was under Medicare Part B?**

If you are 65 or older, or are younger than 65 but receive social security benefits because of a disability, you are entitled to Medicare benefits. Medicare Part A is the primary coverage for your health care costs when you are admitted as a patient in a hospital, and enrollment is generally automatic at age 65.

Medicare Part B helps to pay primarily for outpatient services such as care given in your doctor's office, outpatient hospital care, and physical therapy. Medicare Part B also has a limited drug benefit. For drugs that are covered under Part B, Medicare pays 80% of the drug cost, and you are responsible for paying the other 20% (which is your co-payment).

Generally, the drugs covered under Medicare Part B are ones that are administered by your doctor, such as cancer treatment drugs that are given through injections or an IV, but Part B also covers some drugs that are self-administered (ones that you take yourself). Those include some oral anti-cancer drugs in pill form, some pills prescribed to help with nausea or anemia in connection with chemotherapy and drugs provided with some durable medical equipment, such as inhalation drugs used with a nebulizer (a compressed air machine).

Like Part A, Medicare Part B coverage is also automatic, but you have the option to decline it. You pay a monthly premium for Medicare Part B coverage (which is typically deducted from your social security check). You can tell if you're enrolled in Medicare Part B by looking at your Medicare insurance card. It will say if you are enrolled in Part B.

If you took one of the Covered Drugs when you were an inpatient in the hospital, you did not make a co-payment under Medicare Part B. However, if a Covered Drug was prescribed or administered by your doctor as a part of an outpatient treatment at a clinic, and you are enrolled in Medicare Part B, you may have been billed a co-payment of 20% of the drug cost if Medicare is your primary payer.

For the vast majority of people enrolled in Medicare, Medicare is the primary payer. Medicare is your secondary payer only if: (a) you or your spouse have continued to work after age 65 and have accepted the employer's health care insurance, or (b) you are a disabled person under 65 and have large group health plan coverage through your current job or the job of a family member. Unless either of these situations applies to you, your co-payment for a Covered Drug would have been under Medicare Part B.

## WHAT ARE THE COVERED DRUGS?

**9.    How can I tell if the drug I took is included as a Covered Drug?**

Most, but not all, of the Covered Drugs are ones that a doctor administers to you in the form of an injection – either through a shot, an IV, or an implant beneath the skin. A few are drugs that you take yourself, such as the pill forms of Cytoxan and VePesid – cancer therapy drugs. Most of the Covered Drugs are used for the treatment of various types of leukemia and cancers of the breast, ovaries, cervix, prostate, testes, lung, brain, and bone marrow. Other Covered Drugs are used to treat nausea or anemia resulting from cancer therapy, asthma, migraines, heart problems, leukemia, herpes, psychoses, or rheumatoid arthritis.

The Covered Drugs, by Defendant, are listed below:

### AstraZeneca
*AstraZeneca, AstraZeneca Pharmaceuticals and AstraZeneca U.S.*

| Drug Name | Treatment | Dosages |
|---|---|---|
| **Zoladex (goserelin acetate)** | Prostate and breast cancer; Endometriosis | Implant: 3.6mg<br>Injection (3 month): 10.8mg<br>Kit for injection: 10.8mg syringe; 3.6mg syringe |

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

-6-

## Bristol-Myers Squibb Group
*Bristol-Myers Squibb, Oncology Therapeutics Network and Apothecon*

| Drug Name | Treatment | Dosages |
|---|---|---|
| **Blenoxane** (**bleomycin sulfate**) | Cancer of cervix and uterus, head and neck, or testicle and penile cancer; Hodgkin's disease | <u>Powder for Injection</u>: 15 Unit Vial; 30 Unit Vial |
| **Cytoxan** (**cyclophosphamide**) | Cancer (primarily breast, ovarian); Leukemia; Nephrotic syndrome (kidney disease) | <u>Injection</u>: 100mg; 200 mg; 500mg; 1gm; 1x2gm; <u>Lyophilized Injection</u>: 100mg; 200mg; 500mg <u>Powder for Injection</u>: 500mg; 1gm; 2gm <u>Tablets</u>: 25mg; 50 mg |
| **Etopophos** (**etoposide phosphate**) | Lung and testicular cancer; Cancer of the lymph glands; Leukemia | <u>Powder for Injection</u>: 100mg |
| **Paraplatin** (**carboplatin**) | Ovarian cancer | <u>Powder for Injection</u>: 50mg; 150mg; 450mg |
| **Rubex** (**doxorubicin hcl**) | Ovarian and breast cancer; Cancers of the bone, stomach, lung, bladder and thyroid; Leukemia | <u>Powder for Injection</u>: 10mg; 50mg; 100mg <u>Powder for Injection (Under Immunex label)</u>: 10mg; 50mg; 100mg |
| **Taxol** (**paclitaxel**) | Ovarian and breast cancer; Lung cancer; Kaposi's sarcoma | <u>Injection</u>: 30mg; 30mg/5ml; 300mg/50ml <u>Injection Solution</u>: 100mg; 100mg/16.7ml |
| **VePesid** (**etoposide**) | Testicular cancer; Small cell lung cancer | <u>Injection Solution</u>: 100mg; 150mg; 500mg; 1gm <u>Capsules</u>: 500mg |

## Johnson & Johnson Group
*Johnson & Johnson, Centocor, Ortho Biotech, McNeil-PPC and Janssen Pharmaceutica Products*

| Drug Name | Treatment | Dosages |
|---|---|---|
| **Remicade** (**infliximab**) | Rheumatoid arthritis; Crohn's disease; Ulcerative colitis | <u>Intravenous Injection</u>: 100 mg vial |
| **Procit** (**epoetin alfa**) | Anemia (especially anemia due to chemotherapy or HIV) | <u>Solution for Injection</u>: 2,000 Unit/ml; 3,000 Unit/ml; 4,000 Unit/ml; 10,000 Unit/ml; 20,000 Unit/ml; 40,000 Unit/ml |

Please carefully review the list of Covered Drugs. If your doctor gave you or prescribed one or more of these drugs in the listed forms and dosages during the time periods listed in Question 7, you might be a member of one or more of the Classes. To determine if you are a member of one or more of the Classes, please read Questions 7 and 8.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

-7-

# YOUR RIGHTS – GETTING OUT OF THE CLASS ACTION

**10.    Can I get out of the lawsuit and the Classes?**

If you don't want to be in one or more of the Classes and you want to keep the right to sue the Defendants about the same claims on your own, you must take steps to get out of the Classes.  This is called excluding yourself.  By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against the Defendants about the claims in this lawsuit.  You may exclude yourself from the litigation against one or more Defendants and remain in the litigation against the other Defendants.  If you exclude yourself from the Classes, you will not be bound by the results of any of the trials against Defendants.

**11.    How do I exclude myself from the Classes?**

To exclude yourself from one or more of the Classes, you can: (a) fill out and mail the attached opt-out form; or (b) send a letter signed by you that includes all of the following:

- Your name, address, and telephone number;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- A statement that you want to be excluded from one or more (or all) of the Classes, specifying whether you wish to exclude yourself from the litigation against all Defendants or just some of the Defendants.  If you wish to exclude yourself from the litigation against less than all Defendants, you must specify which Defendants by name.

Your exclusion letter must be mailed first class, **postmarked on or before February 19, 2007,** to:

AWP Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24654
West Palm Beach, FL 33416

Please remember that you can't exclude yourself by phone or by sending an email.

**12.    What happens if I exclude myself from the lawsuit?**

If you exclude yourself from one or more of the Classes, you will not get money or benefits from the Classes if any are obtained from a settlement or trial of the lawsuit involving the remaining Defendants.  If you exclude yourself, you're no longer part of the Classes, and nothing that happens in the lawsuit affects you, but you can sue or be part of a different lawsuit against the Defendants about the claims in this case.

If you do not exclude yourself, you will be bound by the results in the lawsuit.  Thus, if Defendants win, your claim will be extinguished.  Defendants claim that the persons and entities representing your interests do not have a valid claim, and if that is correct, your claim will be extinguished unless you exclude yourself.

# YOUR RIGHTS – APPEARING IN THE LAWSUIT

**13.    Can I appear or speak in this lawsuit?**

As long as you don't exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit through your own lawyer.  This is called making an appearance.  Remember that you may have to pay for the lawyer yourself.  If you appear in the lawsuit, you are still a member of the Classes and can share in any benefits the Classes might receive as a result of settlement or a trial.

**14.     How do I appear in this lawsuit?**

If you want your own lawyer instead of Class Counsel to participate or speak for you in this lawsuit, your lawyer must give the Court a paper that is called a Notice of Appearance. The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance in the lawsuit.

The Notice of Appearance must be filed with the Court at the following address:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:

01-CV-12257-PBS

Your Notice of Appearance should be filed with the Court before the beginning of the series of trials of each Defendant in this lawsuit. An initial trial will begin on April 30, 2007.

## IF YOU DO NOTHING

**15.     What happens if I don't do anything at all?**

If you do nothing, you stay in one or more of the Classes. As a member of one or more Class, you will be bound by the results of one or more trials, whether those results are favorable or unfavorable to the Class, and you will not be able to sue any Defendant(s) on your own. Depending on the outcome of the Class trial or trials or other rulings by the Court, in the future Class Members may be asked to provide information regarding the drugs they paid for in order to claim a portion of any class recovery. You will receive further instructions at that time explaining what information you are required to furnish and where and when to send it if there is a recovery or settlement. There is no recovery or settlement at this time.

## THE LAWYERS REPRESENTING YOU

**16.     Do I have a lawyer in this lawsuit?**

Yes. The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
                *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite 2000
Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel.  You won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of any recovery.  More information about Class Counsel and their experience is available at the Websites listed above.

**17.     Can you elaborate on who pays the lawyers and how much will they be paid?**

If Class Counsel obtains money or benefits for the Class through a settlement or a successful trial, they will ask the Court for payment of attorneys' fees and expenses out of the total amount of money and benefits obtained.  The Court must approve the amount of attorneys' fees and expenses.  If Class Counsel doesn't obtain any money or benefits for the Class, they won't receive or ask to receive any attorneys' fees or reimbursement of expenses.

**18.     Should I get my own lawyer?**

You don't need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (*see* Question 14 to find out how to submit a Notice of Appearance).  If you hire a lawyer to appear for you in the lawsuit, you will have to make your own arrangement for that lawyer's compensation.

## GETTING MORE INFORMATION

**19.     Are more details and information available?**

This Notice is just a summary of the lawsuit. More details are in the Complaint filed by Class Counsel, and the other legal documents that have been filed with the Court in this lawsuit.   You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.  Copies of some of the important documents, like the Complaint, are also available on-line at www.AWPLitigation.net.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the AWP Litigation Website at www.AWPlitigation.net
- Call toll free 1-800-419-5391 (hearing impaired - call 1-561-253-7732)
- Write to:  AWP Litigation Administrator
             c/o Complete Claim Solutions, LLC
             P.O. Box 24654
             West Palm Beach, FL 33416.

**20.     How will I be notified about the outcome of the trials?**

Information about the trials will be posted on the Website as appropriate.  You may also register on the Website or by mail to get notification of the outcome of the litigation and other significant occurrences associated with this case.  To register by mail, send a letter to the AWP Litigation Administrator at the address above.  To register on the Website, go to the site and access the "Registration" link on the Website menu.

DATED: November 21, 2006                    By Order of the United States District Court
                                            District of Massachusetts
                                            /s/ The Honorable Judge Patti B. Saris

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

-10-

| | |
|---|---|
| **Must be Postmarked by February 19, 2007** | For Official Use Only |

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Docket No. 01-CV-12257-PBS

## EXCLUSION FORM

# Only Complete this Form if You Do <u>NOT</u> Want to be Included in One or More of the Classes

***By Completing This Form You Are Excluding Yourself From One or More of The Classes and Nothing That Happens in the Class(es) You Check Below Will Affect You. That Means You Will Not Be Able To Participate in Any Benefits Obtained By The Class(es), and It Also Means You Will Not Be Bound By The Outcome Of Any Trials.***

Please check the box(es) indicating whether you are a:

☐ *Medicare Part B beneficiary*          ☐ *Legal Heir to Medicare Part B beneficiary*

Please check the box(es) indicating which of the Classes you wish to exclude yourself from:

☐ *All Classes: (All Drugs)*

☐ *AstraZeneca Class: Zoladex (goserelin acetate)*

☐ *Bristol-Myers Squibb Class: Blenoxane (bleomycin sulfate), Cytoxan (cyclophosphamide), Etopophos (etoposide phosphate), Paraplatin (carboplatin), Rubex (doxorubicin hcl), Taxol (paclitaxel), VePesid (etoposide)*

☐ *Johnson & Johnson Class: Remicade (infliximab), Procrit (epoetin alfa)*

I would like to be excluded from the Class(es) indicated above. I understand that by doing so I am excluding myself from one or more of the Classes and nothing that happens in the Classes will affect me. I understand that I will not be able to participate in any benefits obtained by the Classes and that I will not be bound by the outcome of any trials.

_____          _____          _____
Signature                                        Print Name                                       Date

_____
Street Address

_____          _____          _____
City                                                State                                              Zip code

**Mail To:**
AWP Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24654
West Palm Beach, FL  33416
Toll-Free (800) 419-5391

***MUST BE POSTMARKED BY FEBRUARY 19, 2007***

# EXHIBIT 1B

United States District Court – District of Massachusetts

# If You Are a Third-Party Payor Based In Or With Beneficiaries In Massachusetts
# And You Made Reimbursements For Any of the Drugs Listed Below,

## Class Action Lawsuits May Affect Your Rights.

*The District Court has authorized this Notice.  It is not a solicitation from a lawyer.*

*You are not being sued.*

Lawsuits claim that certain drug companies (the "Defendants") intentionally reported false and inflated average wholesale prices ("AWP") for some types of outpatient drugs ("Covered Drugs"), and asks the Court to award money damages to Third-Party Payors ("TPP") that made reimbursements for those drugs based on the drug's AWP.  Defendants deny the claims asserted in the lawsuits.

The Court has said that the lawsuits can go forward on behalf of two "Classes" of TPPs.  Those Classes include: (1) TPPs who made reimbursements for all or part of their insured's 20% co-payment under Medicare Part B for a Covered Drug between January 1, 1991 and January 1, 2005, and (2) TPPs who reimbursed for the drugs listed below outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark between January 1, 1991 and January 1, 2006.  In addition, in order to qualify to be a member of one of these Classes, TPPs must have made reimbursements for beneficiaries in Massachusetts _or_ made reimbursements for the Covered Drugs and have its principal place of business in Massachusetts.  TPPs may be a member of either or both of the Classes.

| Defendant Drug Company | Covered Drugs |
|---|---|
| AstraZeneca | Zoladex |
| Bristol-Myers Squibb Group | Blenoxane; Cytoxan; Etopophos; Paraplatin; Rubex; Taxol; VePesid |
| Johnson & Johnson Group | Remicade; Procrit |
| Schering Plough Group | Albuterol Sulfate; Intron A; Perphenazine; Proventil; Temodar |

- A series of trials and hearings will determine the claims in this lawsuit.  An initial trial involving all Defendants will begin in November 2006.

- The charts below summarize your legal rights and choices. *You must make choices now regarding your rights.  Please read all of this Notice carefully*.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

## SUMMARY OF YOUR RIGHTS AND CHOICES:

| You May: | | Due Date |
|---|---|---|
| **Remain in the Classes** | ***Stay in the lawsuit and wait for the result.***<br>By doing nothing, you stay in the Classes and may share in any recovery, if there is one, but you give up the right to sue these Defendants yourself about the claims in the lawsuit.  You will also be bound by the outcome of any trial.  **See Question 19.** | ***Do Nothing*** |
| **Exclude Yourself** | ***Get out of the Classes.***<br>You can write and ask to get out of either or both of the Classes.  If any money is awarded later in a trial or settlement with any of the four Defendants in the Classes, you will not get any payment, but you keep the right to sue those Defendants on your own about the claims in the lawsuit.  **See Questions 14 and 15.** | ***Received by*** **October 1, 2006** |
| **Appear In the Lawsuit** | ***Participate in the lawsuit on your own or through a lawyer.***<br>If you don't exclude yourself, you can appear and speak in the lawsuit on your own or through your own lawyer.  (Class Counsel has been appointed to represent you.)  **See Question 17.** | |

## WHAT THIS NOTICE CONTAINS

**Basic Information**                                                                 Page
   1.   Why did I get this Notice?                                          3
   2.   What is this lawsuit about?                                         3
   3.   Why are these class actions?                                        4
   4.   Who qualifies as a Third-Party Payor?                               4
**The Claims In The Lawsuit**
   5.   What do the Plaintiffs claim?                                       4
   6.   What do the Defendants say about the claims?                        4
   7.   Has the Court decided who is right in the lawsuits?                 4
   8.   Are there any benefits or money available now?                      5
**The Classes**
   9.   How many Classes are there?                                         5
  10.   Who is in the Classes?                                              5
  11.   What are the Covered Drugs?                                         5
  12.   What does it mean if I'm a member of either or both of the Classes?  5
**Your Rights As A Member of the Classes**
  13.   How do I remain in either or both of the Classes?                   5
  14.   Can I get out of the lawsuit and the Classes?                       6
  15.   How does a TPP exclude itself from either or both of the Classes?   6
  16.   What happens if a TPP excludes itself, can it get any money or benefits from the lawsuit?  6
**Your Rights As A Member Of Either Classes**
  17.   Can a TPP Class Member appear or speak in this lawsuit?             6
  18.   How does a TPP Class Member appear in this lawsuit?                 6
**If You Do Nothing**
  19.   What happens if a TPP Class Member doesn't do anything at all?      7
**The Lawyers Representing TPP Class Members**
  20.   Do TPP Class Members have a lawyer in this lawsuit?                 7
  21.   Can you elaborate on who pays Class Counsel and how much will they be paid?  8
  22.   Should a TPP Class Member get its own lawyer?                       8
**Getting More Information**
  23.   Are more details and information available?                         8
  24.   How will I be notified about the outcome of the trials?             8
**Appendix I – Covered Drugs**                                                        9

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

## BASIC INFORMATION

**1.    Why did I get this Notice?**

Lawsuits have been filed against several drug companies.  The Court has said that the lawsuits can go forward as class actions on behalf of consumers and TPPs who paid or reimbursed for one or more of the Covered Drugs, which are listed in Appendix I at the end of this Notice.

You received this Notice because you are a TPP that may have made reimbursements for Covered Drugs between January 1, 1991 and January 1, 2005 or between January 1, 1991 and January 1, 2006.  If so, the lawsuit may affect you.  Each TPP Class Member has legal rights and choices to make before the Court holds a trial to decide whether the claims being made with respect to the drug companies are true.  A series of trials and hearings will determine the claims in this lawsuit.  An initial trial involving all Defendants will begin in November 2006.  **Each TPP Class Member must make a choice whether to remain in the Classes before October 1, 2006.**

This Notice explains:

- What the lawsuits are about, and why they are class action lawsuits.
- What the lawsuits claim and what the drug companies say about the claims.
- Who is affected by the lawsuits.
- What TPPs' legal rights and choices are.
- Who represents TPP Class Members in the lawsuits.
- How and by when each TPP Class Member needs to act.

**2.    What is this lawsuit about?**

Plaintiffs allege Defendant drug companies either report the average wholesale price ("AWP") of each drug they make to trade publications or provide those publications with information from which the publications calculate an AWP for each of Defendants' drugs.  The published AWP of a drug may be used to set the price that consumers making co-payments, Medicare and insurance companies will pay for the drug.  The lawsuits claim that Medicare, private insurers, and consumers paid more than they should have paid for the Covered Drugs because drug companies intentionally reported false and inflated AWPs on these drugs.

The Court in charge of the lawsuits is the United States District Court for the District of Massachusetts.  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS.  The people who sued are called the Plaintiffs.  The drug companies they sued are called the Defendants.

The lawsuits include 42 Defendants.  At this time, the Court has certified that a series of trials and hearings will determine the claims in this lawsuit.  An initial trial involving all of the below listed Defendants will begin in November 2006:

- <u>AstraZeneca</u> (AstraZeneca Pharmaceuticals L.P.);
- The <u>Bristol-Myers Squibb</u> Group (which includes: Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; and Apothecon, Inc.);
- The <u>Johnson & Johnson</u> Group (which includes: Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.); and
- The <u>Schering Plough</u> Group (which includes Schering-Plough Corp. and Warrick Pharmaceuticals Corp.).

Whenever you see the word "Defendants" in this Notice, it includes only the companies listed above: AstraZeneca, Bristol-Myers Squibb Group, Johnson & Johnson Group and the Schering Plough Group.

*Questions? Call toll free 1-800-419-5391, or visit <u>www.AWPlitigation.net</u>.*

– 3 –

**3.      Why are these class actions?**

In a class action lawsuit, one or more people or entities called "class representatives" sue on behalf of others who have similar claims.  The people and entities together are a "class" or "class members."  The Court must determine if it will allow the lawsuit to proceed as a class action.  If it does, a trial of the claims then decides the lawsuit for everyone in the class.  The Court in these lawsuits decided they could be class actions.

**4.      Who qualifies as a Third-Party Payor?**

A TPP is an entity that is:

(a)   A party to a contract, issuer of a policy, or sponsor of a plan, *and*

(b)   At risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered natural persons.

TPPs include insurance companies, union health and welfare benefit plans and self-insured employers. Entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits can qualify as TPPs.  Third-party claim administrators may also file a claim on behalf of a self-funded plan if the third-party claim administrator has legal authority and authorization from the self-funded plan to do so.

# THE CLAIMS IN THE LAWSUIT

**5.      What do the Plaintiffs claim?**

The Plaintiffs claim that the Defendants violated various state consumer protection laws because they intentionally provided false and inflated AWPs on certain types of outpatient drugs, including the Covered Drugs.  The lawsuits also claim that the Defendants intentionally reported inflated AWPs with the knowledge that Medicare Part B and private insurers rely on reported AWPs to determine the prices they will reimburse doctors for those drugs.  The lawsuits say that as a result of the inflated AWPs, TPPs who reimburse part or all of their insured's co-payment under Medicare Part B or who used AWP as a pricing standard for reimbursement for those drugs outside of Medicare Part B, reimbursed more than they should have.  The lawsuits ask the Court to award money damages to those TPPs.

**6.      What do the Defendants say about the claims?**

The Defendants deny the factual allegations being made; contend that the lawsuits and damages are precluded under the law; contend that the alleged conduct, if proved, does not violate the consumer protection laws, and that many Class Members will not be able to establish elements of those laws, or prove they paid payments for the subject drugs.

In addition, Bristol-Myers Squibb points out that it does not report AWPs; it reports list prices at which a substantial percentage of its sales are made.  The Johnson & Johnson Group says that Plaintiffs did not calculate Johnson & Johnson's drug prices correctly and, when these errors are corrected, it is obvious that the published prices for Johnson & Johnson drugs were not inflated.  The Johnson & Johnson Group points out that it did not give doctors discounts on the drug Remicade, and the small discounts it gave to doctors on the drug Procrit were disclosed.  The Johnson & Johnson Group says its drugs are less expensive than competing therapies, so Class Members who reimbursed for Johnson & Johnson's products saved money.  The Schering Plough Group notes that the prices they report comport with standard industry practice.

**7.      Has the Court decided who is right in the lawsuits?**

No.  The Court hasn't decided who is right in the lawsuit yet.  Much more must occur before the Court holds a trial, including notifying Class Members.  By deciding now that the lawsuit can continue as a class action, the Court isn't saying who will win.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

– 4 –

**8.     Are there any benefits or money available now?**

No money or benefits are available now because the Court hasn't decided whether the Defendants did anything wrong.  There could be money or benefits in the future if one or more Defendants settle before a trial, or if the Court decides in favor of the Classes after a trial.  There's no guarantee that any money for Class Members will ever be obtained from the Defendants.

# THE CLASSES

**9.     How many Classes are there?**

The Court has ruled that there are two different Classes for TPPs who reimbursed for Covered Drugs: a MediGap TPP Class, and a Private Payor TPP Class.  A TPP could be a member of one or both Classes.

**10.    Who is in the Classes?**

A TPP is a member of the MediGap TPP Class if it made reimbursements for all or part of its insured's 20% co-payment under Medicare Part B for Covered Drugs anytime between January 1, 1991 and January 1, 2005 **or**

A TPP is a member of the Private Payor TPP Class if it reimbursed for Covered Drugs outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark anytime between January 1, 1991 and January 1, 2006.

In order to be a member of either the MediGap TPP Class or the Private Payor TPP Class, the reimbursements must have been for a beneficiary in Massachusetts or the Third-Party Payor must have its principal place of business in Massachusetts.

**11.    What are the Covered Drugs?**

The Covered Drugs are: **Albuterol Sulfate, Blenoxane (bleomycin sulfate), Cytoxan (cyclophosphamide), Etopophos (etoposide phosphate), Intron A (interferon alfa-2b), Paraplatin (carboplatin), Perphenazine, Procrit (epoetin alfa), Proventil (albuterol sulfate), Remicade (infliximab), Rubex (doxorubicin hcl), Taxol (paclitaxel), Temodar (temozolomide), VePesid (etoposide) and Zoladex (goserelin acetate)**.

**You can find a complete list of the Covered Drugs, by Defendant drug manufacturer, drug name, and NDC code, in Appendix I to this Notice.**

**12.    What does it mean if I'm a member of either or both of the Classes?**

If a TPP is a member of either of the Classes listed above and does not exclude itself, it won't be able to sue the Defendants again for the claims in this lawsuit if the Court, after a trial, decides Defendants did nothing wrong; but if there is an award of money after a trial or a settlement with any of the remaining Defendants, a TPP that does not exclude itself will be able to make a claim for a share of that money.

# YOUR RIGHTS AS A MEMBER OF THE CLASSES

**13.    How do I remain in either or both of the Classes?**

A TPP is automatically a member of either or both of the Classes if it fits the Class Definitions as outlined in Question 10.  At this time, a TPP does not have to do anything to remain in either or both of the Classes. Each TPP will be notified if there is a settlement with any of the Defendants or if the Court determines that any of the Defendants are liable for damages as a result of the trials.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

- 5 -

**14.   Can I get out of the lawsuit and the Classes?**

If a TPP is a member of either or both of the Classes, and it wants to keep the right to sue Defendants AstraZeneca, Bristol-Myers Squibb Group, Johnson & Johnson Group, or Schering Plough Group about the same claims on its own (and at its own expense), it must take steps to get out of either or both of the Classes. This is called excluding yourself.

**15.   How does a TPP exclude itself from either or both of the Classes?**

To exclude itself from either or both of the Classes, a TPP must send a letter signed by an authorized representative that includes all of the following:

- The company name, address, and telephone number, and the name of its authorized representative;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS;
- If a TPP has hired its own lawyer, the name, address, and telephone number of that lawyer;
- A statement that the TPP elects to be excluded from either the MediGap TPP Class or the Private Payor TPP Class, or both Classes; and
- A statement explaining from which Defendant Class or Classes the TPP wishes to be excluded.

All exclusion letters must be mailed first class, **received by October 1, 2006,** to:

AWP Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24654
West Palm Beach, FL  33416

Please remember that a Class Member can't exclude itself by phone or by sending an email.

**16.   What happens if a TPP excludes itself, can it get any money or benefits from the lawsuit?**

If a TPP excludes itself from either or both of the Classes, it will not get money or benefits from the Class(es) if any are obtained from a settlement or trial of the lawsuits involving the Defendants.  If a TPP excludes itself, it is no longer part of the Classes, and nothing that happens in the lawsuits affects it; but a TPP that properly excludes itself can sue or be part of a different lawsuit against the Defendants about the claims in this case.

If you do not exclude yourself, you are bound by the result in the lawsuits.  Thus, if Defendants win, your claim will be extinguished, Defendants claim that the persons and entities representing your interests do not have a valid claim and if that is correct, your claim will be extinguished unless you exclude yourself.

**17.   Can a TPP Class Member appear or speak in this lawsuit?**

As long as it doesn't exclude itself, a TPP Class Member can (but does not have to) participate and speak for itself in these lawsuits through its own lawyer.  This is called making an appearance.  Remember that the TPP Class Member may have to pay for the lawyer itself.  If a TPP Class Member appears in these lawsuits, it is still a Class Member and can share in any benefits the Classes might receive as a result of settlements or trials.

**18.   How does a TPP Class Member appear in this lawsuit?**

If a TPP Class Member wants its own lawyer instead of Class Counsel to participate or speak for it in these lawsuits, its lawyer must give the Court a paper that is called a Notice of Appearance.  The Notice of Appearance should include the name and number of the lawsuit, the civil action number and state that it wishes to enter an appearance in the lawsuit.

The Notice of Appearance must be filed with the Court at the following address:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:

01-CV-12257-PBS

A Notice of Appearance should be filed with the Court before the trial of Defendants in these lawsuits begin. A series of trials and hearings will determine the claims in this lawsuit. An initial trial involving all Defendants will begin in November 2006.

## IF YOU DO NOTHING

**19. What happens if a TPP Class Member doesn't do anything at all?**

If a TPP does nothing, it stays in one or more of the Classes. As a member of one or more Classes, it will be bound by the results of one or more trials, whether those results are favorable or unfavorable to the Class, and the TPP will not be able to sue any Defendant(s) on its own. Depending on the outcome of the Class trial or trials or other rulings by the Court, in the future Class Members may be asked to provide information regarding the drugs they paid for in order to claim a portion of any class recovery. You will receive further instructions at that time explaining what information you are required to furnish and where and when to send it if there is a recovery or settlement. There is no recovery or settlement at this time.

## THE LAWYERS REPRESENTING TPP CLASS MEMBERS

**20. Do TPP Class Members have a lawyer in this lawsuit?**

Yes. The Court has appointed the following law firms to represent TPP Class Members:

Hagens Berman Sobol Shapiro LLP
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
                    *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Mark H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle Street, Suite 2000
Chicago, IL 60602

Kline & Specter, PC
www.klinespecter.com
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

These lawyers are called Class Counsel. Class Members won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of any recovery. More information about Class Counsel and their experience is available at the Websites listed above.

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

**21.   Can you elaborate on who pays Class Counsel and how much will they be paid?**

If Class Counsel obtains money or benefits for the Classes through a settlement or a successful trial, they will ask the Court for payment of attorneys' fees and costs out of the total amount of money and benefits obtained.  The Court must approve the amount of attorneys' fees and costs.  If Class Counsel doesn't obtain any money or benefits for the Classes, they won't receive or ask to receive any attorneys' fees or reimbursement of expenses.

**22.   Should a TPP Class Member get its own lawyer?**

A TPP Class Member doesn't need to hire its own lawyer, but, if a TPP wants its own lawyer to speak for it or appear in Court, it must file a Notice of Appearance (*see* Question 18 to find out how to submit a Notice of Appearance).  If a Class Member hires a lawyer to appear for it in the lawsuits, it will have to make its own arrangement for that lawyer's compensation.

## GETTING MORE INFORMATION

**23.   Are more details and information available?**

This Notice is just a summary of the lawsuits.  More details are in the Complaint filed by Class Counsel and the other legal documents that have been filed with the Court in this lawsuit.  Anyone can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.  Copies of some of the important documents, like the Complaint, are also available online at www.AWPLitigation.net.

In addition, if you have any questions about the lawsuits or this Notice, you may:

- Visit the AWP Litigation Website at www.AWPlitigation.net
- Call toll free 1-800-419-5391 (hearing impaired call 1-561-253-7732)
- Write to:   AWP Litigation Administrator
             c/o Complete Claim Solutions, LLC
             P.O. Box 24654
             West Palm Beach, FL  33416.

**24.   How will I be notified about the outcome of the trials?**

Information about the trials will be posted on the Website as appropriate.  You may also register on the Website or by mail to get notification of the outcome of the litigation and other significant occurrences associated with these cases.  To register by mail, send a letter to the AWP Litigation Administrator at the address above.  To register on the Website, go to the site and access the "Registration" link on the Website menu.

*By Order of the United States District Court, District of Massachusetts.*

Date: July 7, 2006                                    /s/  The Honorable Judge Patti B. Saris

*Questions? Call toll free 1-800-419-5391, or visit www.AWPlitigation.net.*

- 8 -

## APPENDIX I

| Company | | NDC | | Description |
|---|---|---|---|---|
| | | | | |
| AstraZeneca | | 00310096036 | | Zoladex 3.6mg 1x1EA Depot |
| AstraZeneca | | 00310096130 | | Zoladex 10.8mg 1x1EA Depot |
| AstraZeneca | | 00310095130 | | Zoladex 10.8mg 1x1EA Depot |
| AstraZeneca | | 00310095036 | | Zoladex 3.6mg 1x1EA Depot |
| | | | | |
| BMS Group | | 00015301026 | | Blenoxane INJ 15 UNIT VHA |
| BMS Group | | 00015301020 | | Blenoxane INJ 15 UNIT VL |
| BMS Group | | 00015306326 | | Blenoxane INJ 30 UNIT VHA |
| BMS Group | | 00015306301 | | Blenoxane INJ 30 UNIT VL |
| BMS Group | | 00015053910 | | Cytoxan 100mg LYOPH W/CYT |
| BMS Group | | 00015054812 | | Cytoxan 1g 6x50ml VHA+ |
| BMS Group | | 00015054810 | | Cytoxan 1gm LYOPH W/CYT0G |
| BMS Group | | 00015054610 | | Cytoxan 200mg LYOPH W/CYT |
| BMS Group | | 00015054912 | | Cytoxan 2g 6x100ml VHA+ |
| BMS Group | | 00015054910 | | Cytoxan 2gm LYOPH W/CYTOG |
| BMS Group | | 00015054710 | | Cytoxan 500mg LYOPH W/CYT |
| BMS Group | | 00015050001 | | Cytoxan for INJ 100mg |
| BMS Group | | 00015050041 | | Cytoxan INJ 100mg |
| BMS Group | | 00015050641 | | Cytoxan INJ 1x2gm VIAL |
| BMS Group | | 00015050241 | | Cytoxan INJ 1x500mg VIAL |
| BMS Group | | 00015050141 | | Cytoxan INJ 200mg |
| BMS Group | | 00015054712 | | Cytoxan LYO 500mg VL VHA |
| BMS Group | | 00015054741 | | Cytoxan LYOPH 500mg |
| BMS Group | | 00015053941 | | Cytoxan Lyophilized 100mg |
| BMS Group | | 00015054841 | | Cytoxan Lyophilized 1gm |
| BMS Group | | 00015054641 | | Cytoxan Lyophilized 200mg |
| BMS Group | | 00015054941 | | Cytoxan Lyophilized 2gm |
| BMS Group | | 00015050541 | | Cytoxan PINJ 1x1g VIAL |
| BMS Group | | 00015050303 | | Cytoxan Tablets 50mg |
| BMS Group | | 00015050302 | | Cytoxan Tablets 50mg |
| BMS Group | | 00015050401 | | Cytoxan Tabs 25mg |
| BMS Group | | 00015050301 | | Cytoxan Tabs 50mg |
| BMS Group | | 00015050348 | | Cytoxan Tabs 50mg |
| BMS Group | | 00015340420 | | Etopophos 100mg VIAL |
| BMS Group | | 00015321529 | | Paraplatin 10x15ml VHA+ |
| BMS Group | | 00015321529 | | Paraplatin 10x45ml VHA+ |
| BMS Group | | 00015321329 | | Paraplatin 10x5ml VHA+ |
| BMS Group | | 00015321410 | | Paraplatin 150mg LYOPH CY |
| BMS Group | | 00015321430 | | Paraplatin 1x150mg LYO VL |
| BMS Group | | 00015321530 | | Paraplatin 1x450mg LYO VL |
| BMS Group | | 00015321510 | | Paraplatin 450mg VL W/CYT |
| BMS Group | | 00015321330 | | Paraplatin 50mg LYOPHILIZ |
| BMS Group | | 00015321310 | | Paraplatin 50mg W/CYTO |
| BMS Group | | 00015335322 | | Rubex 100mg LYOPHILIZED |
| BMS Group | | 00015335324 | | Rubex 100mg IMMUNEX LABEL |
| BMS Group | | 00015335124 | | Rubex 10mg IMMUNEX LABEL |
| BMS Group | | 00015335122 | | Rubex 10mg LYOPHILIZED |
| BMS Group | | 00015335224 | | Rubex 50mg IMMUNEX LABEL |
| BMS Group | | 00015335222 | | Rubex 50mg LYOPHILIZED |

## APPENDIX I

| Company | | NDC | | Description |
|---|---|---|---|---|
| | | | | |
| BMS Group | | 00015347630 | | Taxol 100mg INJ MULTIDOSE |
| BMS Group | | 00015347627 | | Taxol 100mg SEM-SYN VIAL |
| BMS Group | | 00015347620 | | Taxol 100mg/16.7ml VHA+ L |
| BMS Group | | 00015347911 | | Taxol 300mg/50ml VIAL |
| BMS Group | | 00015345620 | | Taxol 30mg CONC FOR INJ |
| BMS Group | | 00015347530 | | Taxol 30mg INJ MULTIDOSE |
| BMS Group | | 00015347527 | | Taxol 30mg SEM-SYN VIAL |
| BMS Group | | 00015347520 | | Taxol 30mg/5ml VHA+ LABEL |
| BMS Group | | 00015309510 | | VePesid 100mg VIAL W/CYTO |
| BMS Group | | 00015309530 | | VePesid 100mg VL W/O CYTO |
| BMS Group | | 00015306224 | | VePesid 1g 50ml VIAL VHA+ |
| BMS Group | | 00015306220 | | VePesid 1gm/50ml |
| BMS Group | | 00015306120 | | VePesid 500mg |
| BMS Group | | 00015306124 | | VePesid 500mg 25ml VL VHA |
| BMS Group | | 00015309145 | | VePesid 50mg CAPSULES |
| BMS Group | | 00015309520 | | VePesid INJ 100mg/5ml |
| BMS Group | | 00015308420 | | VePesid INJ 150mg/7.5ml |
| | | | | |
| Johnson & Johnson Group | | 57894003001 | | C168J Remicade 1PCK |
| Johnson & Johnson Group | | 59676031201 | | Procrit 10,000 U/ml |
| Johnson & Johnson Group | | 59676031002 | | Procrit 10,000 U |
| Johnson & Johnson Group | | 59676031001 | | Procrit 10,000 U/ml |
| Johnson & Johnson Group | | 00062740103 | | Procrit 10,000 U/ml AMG |
| Johnson & Johnson Group | | 59676032001 | | Procrit 20,000 U/ml |
| Johnson & Johnson Group | | 59676030202 | | Procrit 2,000 U/ |
| Johnson & Johnson Group | | 59676030201 | | Procrit 2,000 U/ml 6 |
| Johnson & Johnson Group | | 00062740201 | | Procrit 2,000 U/ml AMG |
| Johnson & Johnson Group | | 59676030302 | | Procrit 3,000 U/ |
| Johnson & Johnson Group | | 59676030301 | | Procrit 3,000 U/ml 6 |
| Johnson & Johnson Group | | 00062740503 | | Procrit 3,000 U/ml INST |
| Johnson & Johnson Group | | 00062740501 | | Procrit 3,000 U/ml AMG |
| Johnson & Johnson Group | | 59676030402 | | Procrit 4,000 U/ |
| Johnson & Johnson Group | | 59676030401 | | Procrit 4,000 U/ml 6 |
| Johnson & Johnson Group | | 00062740004 | | Procrit 4,000 U/ml INST |
| Johnson & Johnson Group | | 59676034001 | | Procrit 40,000 U/ml |
| Johnson & Johnson Group | | 00062740003 | | Procrit 4,000 U/ml AMG |
| | | | | |
| Schering Plough Group | | 59930151504 | | Albuterol Inhalation Solution |
| Schering Plough Group | | 59930164702 | | Albuterol Inhalation Solution |
| Schering Plough Group | | 59930150006 | | Albuterol Sulfate Inhal. Sol. |
| Schering Plough Group | | 59930150008 | | Albuterol Sulfate Inhal. Sol. |
| Schering Plough Group | | 59930151701 | | Albuterol Sulfate Solution |
| Schering Plough Group | | 59930151702 | | Albuterol Sulfate Solution |
| Schering Plough Group | | 59930155020 | | Albuterol Sulfate Solution |
| Schering Plough Group | | 00085123501 | | Intron A FOR INJ MULTIDOSE PEN |
| Schering Plough Group | | 00085124201 | | Intron A FOR INJ MULTIDOSE PEN |
| Schering Plough Group | | 00085125401 | | Intron A FOR INJ MULTIDOSE PEN |
| Schering Plough Group | | 00085116801 | | Intron A INJ 18MIU HSA FREE |
| Schering Plough Group | | 00085113301 | | Intron A INJ 25MIU HSA FREE |

## APPENDIX I

| Company | | NDC | | Description |
|---|---|---|---|---|
| | | | | |
| Schering Plough Group | | 00085118401 | | Intron A INJ 3MIU HSA FREE |
| Schering Plough Group | | 00085118402 | | Intron A INJ 3MIU HSA FREE |
| Schering Plough Group | | 00085119101 | | Intron A INJ 5MIU HSA FREE |
| Schering Plough Group | | 00085119102 | | Intron A INJ 5MIU HSA FREE |
| Schering Plough Group | | 00085117901 | | Intron A INJ PAK10MIU HSA FREE |
| Schering Plough Group | | 00085117902 | | Intron A INJ PAK10MIU HSA FREE |
| Schering Plough Group | | 00085057102 | | Intron A INJECTABLE 10MILLN IU |
| Schering Plough Group | | 00085057106 | | Intron A INJECTABLE 10MILLN IU |
| Schering Plough Group | | 00085111001 | | Intron A INJECTABLE 18MILLN IU |
| Schering Plough Group | | 00085028502 | | Intron A INJECTABLE 25MILLN IU |
| Schering Plough Group | | 00085064703 | | Intron A INJECTABLE 3MILLN IU |
| Schering Plough Group | | 00085064704 | | Intron A INJECTABLE 3MILLN IU |
| Schering Plough Group | | 00085064705 | | Intron A INJECTABLE 3MILLN IU |
| Schering Plough Group | | 00085012002 | | Intron A INJECTABLE 5 MILLN IU |
| Schering Plough Group | | 00085012003 | | Intron A INJECTABLE 5 MILLN IU |
| Schering Plough Group | | 00085012004 | | Intron A INJECTABLE 5 MILLN IU |
| Schering Plough Group | | 00085012005 | | Intron A INJECTABLE 5 MILLN IU |
| Schering Plough Group | | 00085053901 | | Intron A INJECTABLE 50MILLN IU |
| Schering Plough Group | | 00085068901 | | Intron A INJECTION 18 MIU |
| Schering Plough Group | | 00085092301 | | Intron A SOL FOR INJ 10 MILLI |
| Schering Plough Group | | 00085076901 | | Intron A SOL. FOR INJ. 25MILLN |
| Schering Plough Group | | 00085095301 | | Intron A SOLUTION 18MIU 3ml |
| Schering Plough Group | | 59930160001 | | Perphenazine |
| Schering Plough Group | | 59930160002 | | Perphenazine |
| Schering Plough Group | | 59930161001 | | Perphenazine 16mg |
| Schering Plough Group | | 59930160501 | | Perphenazine 8mg |
| Schering Plough Group | | 59930160502 | | Perphenazine 8mg |
| Schering Plough Group | | 59930160301 | | Perphenazine TABLETS |
| Schering Plough Group | | 59930160302 | | Perphenazine TABLETS |
| Schering Plough Group | | 00085133601 | | Proventil INHALATION SOLUTION |
| Schering Plough Group | | 00085020901 | | Proventil SOLUTION .083mg/ml |
| Schering Plough Group | | 00085180601 | | Proventil SOLUTION .083mg/ml |
| Schering Plough Group | | 00085020802 | | Proventil SOLUTION 5mg/ml |
| Schering Plough Group | | 00085020852 | | Proventil SOLUTION 5mg/ml |
| Schering Plough Group | | 00085125901 | | Temodar 100mg |
| Schering Plough Group | | 00085125902 | | Temodar 100mg |
| Schering Plough Group | | 00085124401 | | Temodar 20mg |
| Schering Plough Group | | 00085124402 | | Temodar 20mg |
| Schering Plough Group | | 00085125201 | | Temodar 250mg |
| Schering Plough Group | | 00085125202 | | Temodar 250mg |
| Schering Plough Group | | 00085124801 | | Temodar 5mg |
| Schering Plough Group | | 00085124802 | | Temodar 5mg |

AWP Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24654
West Palm Beach, FL 33416

# **Legal Notice to Insurers, Employee Welfare Benefit Plans, and other entities**

# EXHIBIT 2

## AWP Notice of Pendency pre-recorded message

## Opening message for TPP or Consumer wishing to reach a live representative
**(Included in the Long Form Notice for TPP and Consumer and published in the TPP Summary Notice)**

**1-800-419-5391**

You have reached the hotline for the AWP Class Action.  Oprima el numero uno para continuar en español  *("Press 1 to continue in Spanish."  Pressing one will send the caller to the same message in Spanish. Caller will have the same options as provided by the English version).*

You may visit the Court approved website www.AWPlitigation.net *(the full name of the website will be spoken then spelled out)* for more information or you may choose one of the options below.

Please press 2 now if you are a Medicare Part B Beneficiary or an heir to a Medicare Part B Beneficiary and have already received a copy of the full Notice and wish to speak to a live representative.

Please press 3 now if you are a Third-Party Payor and have any questions and would like to discuss them with a representative or would like to have a full Notice mailed to you.

Please make your selection now.

## After Pressing "2" Consumer Can Request
## to Speak to a Customer Service Representative

Please have paper and pen available to write down important information.

The AWP Lawsuit asks the Court to award money damages to people who made Medicare Part B co-payments or have an obligation to make such a co-payment for any of the 10 Covered Drugs during the period from January 1, 1991 to January 1, 2005.  The Covered Drugs are outlined in the detailed Notice and the notice that appeared in various publications.

Please note that if you were a resident of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana or Virginia at the time you made the Medicare Part B co-payment, you are **NOT** a member of these Classes.  You are also excluded from the Classes if you made flat co-payments meaning that your co-payment amount did not change depending on the drug.

The Court has not yet decided who is right in this litigation and will conduct a separate trial of the claims against each Defendant.  The first trial is scheduled for March 5, 2007 at 9:00 a.m. with AstraZeneca.

You have two options as a Class member.

You may stay in one or more of the Classes in which case you do not need to do anything at this time.  If you remain a Class member, you will be entitled to participate in any monetary recovery for the Class, if there is one.  If you remain a Class Member you will also be bound by the outcome of any trials of the claims against Defendants.

If you do not want to remain in the Classes, you must mail a request to be excluded or fill out the opt-out form included with the full Notice and mail it to the AWP Litigation Administrator by February 19, 2007.   You may also exclude yourself from the litigation against one Defendant and stay in the litigation against the other Defendants. The full Notice provides you more details on how to opt-out if you wish to do so.

Press X now to speak with a representative.

Otherwise, please hang up.  Goodbye.

## After Pressing "3" a Third-Party Payor May
## Request to Speak with a Live Representative

You have reached the hotline for the AWP Class Action.

You may visit the Court-approved website www.AWPlitigation.net *(the full name of the website will be spoken then spelled out)* for more information.

The AWP Lawsuit asks the Court to award money damages to Third-Party Payors who made reimbursements for certain Covered Drugs manufactured by AstraZeneca, Bristol-Myers Squibb Group, Johnson & Johnson Group, and Schering Plough Group. A complete list of the 15 Covered Drugs, a description of the claims made in the lawsuit, what Defendants say about those claims and a TPP's right as a potential member of the classes are described in more detail in the full Notice which is available on the website.

The Court has certified two different TPP Classes.

The MediGap TPP Class includes any TPP who made reimbursements for all or part of its insured's 20% co-payment under Medicare Part B for the 15 Covered Drugs anytime between January 1, 1991 and January 1, 2005.

The Private Payor TPP Class includes any TPP who reimbursed for the 15 Covered Drugs outside of Medicare Part B based on a contract that uses AWP as a reimbursement benchmark anytime between January 1, 1991 and January 30, 2006.

Please note that both Classes only include TPPs who made reimbursements for these drugs for a beneficiary in Massachusetts or who have a principal place of business in Massachusetts.  A TPP could be a member of one or both Classes.

The Court has not yet decided who is right in this litigation ad will conduct a separate trial of the claims against each Defendant.  The first trial is scheduled for March 5, 2007 at 9:00 a.m with Defendant AstraZeneca.

A TPP has two options as a member of one or more of these Classes.

A TPP may stay in the Classes in which case it does not need to do anything at this time.  If a TPP remains a Class Member, it will be entitled to participate in any monetary recovery for the Class, if there is one.  It will also be bound by the outcome of any trial.

If a TPP does not want to be a member of one or more of the Classes, it must mail a personally signed, written request to be excluded to AWP Litigation Administrator, P.O. Box 24654, West Palm Beach, FL, 33416 and follow the instructions included in the Notice.  A TPP Class Member may also request to be excluded from the lawsuit against one or more Defendants and remain in the litigation against the other Defendants.  The request must be postmarked by February 19, 2007.

If you have any questions and would like to discuss them with a representative or would like to have a full Notice mailed to you, please press 3 now.  (*Representative would then say AWP hotline, may I help you?*)

Otherwise, please hang up.  Goodbye.

# EXHIBIT 3

AWP TPP Exclusions

| Exclusion No. | Name | Address1 | Address 2 | City | State | ZIP | Excluded from: |
|---|---|---|---|---|---|---|---|
| 1 | Jeff Davis Bank & Trust Co. | 507 N Main St. | | Jennings | LA | 70546 | Did not state which class(es) |
| 2 | Hitchcock Industries | 8701 Harriet Ave. So. | | Minneapolis | MN | 55420 | MediGap & Private Payor |
| 3 | Wallace E. Boldt, Gen. Contractor, Inc. | 17205 Jones Maltsberger Rd. | | San Antonio | TX | 78247 | MediGap & Private Payor |
| 4 | Wood Co. & Wood Co. Flexible Bfts Plan | 6081 Hamilton Blvd. | | Allentown | PA | 18106 | Private Payor only |
| 5 | United Group Service Centers, Inc. | 3801 William D. Tate Ave., Ste. 800 | | Grapevine | TX | 76051 | MediGap & Private Payor |
| 6 | Haljohn San Antonio, Inc. | POB 790666 | | San Antonio | TX | 78279 | MediGap & Private Payor |
| 7 | State of SC Employee Ins. Program | Civil Div., Office of Atty General | POB 11549 | Columbia | SC | 29201 | MediGap & Private Payor |
| 8 | Transamerica Life Ins. Co. | POB 93005 | | Hurst | TX | 76053 | MediGap & Private Payor |
| 9 | Costco Wholesale | 999 Lake Dr. | | Issaquah | WA | 98027 | Did not state which class(es) |
| 10 | Group Dynamic Inc. | 411 US Rte 1 | | Falmouth | ME | 04105 | MediGap & Private Payor |
| 11 | Partners RX Management LLC | 1717 W Northern Ave. | Ste 200 | Phoenix | AZ | 85021 | MediGap & Private Payor |
| 12 | Clark Security Products Inc. | 4775 Viewridge Ave. | | San Diego | CA | 92123 | MediGap & Private Payor |
| 13 | Bayer Corp Group Welfare Plan for Employees | 100 Bayer Rd. | | Pittsburgh | PA | 15205 | MediGap & Private Payor |
| 14 | STWB Inc Sterling Winthrop Inc Group Welfare Plan | 100 Bayer Rd. | | Pittsburgh | PA | 15205 | MediGap & Private Payor |

Complete Claim Solutions, LLC

# EXHIBIT 4
# (FILED UNDER SEAL)

# EXHIBIT 5

March _____, 2007

***IF YOU FAIL TO RESPOND TO THIS LETTER,
YOU WILL LOSE ANY RIGHT TO RECOVER MONEY IN THE AWP LITIGATION.***

**RESPONSE DUE DATE: POSTMARKED BY _____, 2007**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF DISPOSITION *** Exclusion No. «excl_no»**

Dear Class Member:

We have received and processed the Exclusion Form that you filed in the AWP Litigation.

We are writing because we believe there may have been some people who filled a Request for Exclusion in this matter who 1) though they were filing a claim for money; 2) believe that if they did not file a Request for Exclusion they would be forced to take an active part in the trial or other aspects of the litigation; or 3) believed that by returning the form to Complete Claim Solution ("CCS") they were affirming their intention to remain a class member in the litigation.

By previously filing a request for exclusion, you indicated an intention to exclude yourself from this litigation. That means that you do not wish to be a member of the class in this litigation. By filing a Request for Exclusion you preserve the right to sue Defendants in this matter on your own at a later time.  It also means that nothing that happens in Court in this case will affect your rights.  It also means that you will not be entitled to receive any money from a recovery, if there is one, at trial in this matter or if there is a settlement of the claims in the future.

If you do not exclude yourself and remain a member of the class you will not be required to take an active part in the trial of this matter or in any other aspect of this litigation.  You may be asked in the future, but not required, to file a claim for a portion of any monetary judgment of settlement, if there is one.

If by previously returning the Request for Exclusion to CCS your intention was to exclude yourself from the litigation, you may disregard this letter.  Your exclusion will be effective by order of the Court and no further action by you is required.

If however you sent the Request for Exclusion form to CCS thinking that you were filing a claim for money or because you were afraid you would be required to take an active part in the trial or because you thought it was necessary in order to share in any future judgment or recovery,

*(continued on next page)*

further action on your part is required.  If this is the case you should sign this letter in the space provided below and return it to CCS at the address listed at the bottom of this page.  This will effectively rescind your Request for Exclusion and you will remain a member of the class.  Your letter should be postmarked by _____.

If you have any questions, please call us toll-free at 1-800-419-5391.

Thank you.

                                                            Sincerely yours,

                                                            Litigation Administrator

**Please sign and date below to withdraw
your exclusion in the AWP Litigation:**

_____
Signature                                              Date


                               **Mail to:**

                    **AWP Litigation Administrator
                    c/o Complete Claims Solutions, LLC
                           P.O Box 24654
                       West Palm Beach, FL 33416
                    Toll Free Number 1-800-419-5391**

                    ***MUST BE POSTMARKED BY _____, 2007.***