UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | : : : : : : : : | MDL No. 1456 <br><br> Civil Action Nos.: <br><br> 07 cv 10271-PBS <br> 01 cv 12257-PBS |
| This filing relates to: <u>State of Ohio v. Dey, Inc., et al.</u>, Case No. 07-cv-10271 | : : : | Judge Patti B. Saris |

**NOTICE OF PENDING MOTION TO REMAND CASE TO STATE COURT**

This case, which was brought by the State of Ohio, was transferred to this Court by the Judicial Panel on Multidistrict Litigation on February 7, 2007. A motion filed by the State of Ohio in November 2006 to remand the case to state court for lack of federal jurisdiction was pending at the time the case was transferred to this Court and therefore remains pending. The motion to remand is fully briefed. The State files this notice to bring the pending motion to the Court's attention and requests that its motion be granted. A copy of the memorandum in support of the motion is attached hereto as Exhibit A for the Court's convenience.

In brief, the State of Ohio originally filed this case in state court in Ohio in March 2004. The case asserted only state-law causes of action. No claims based on federal law were ever added. In July 2006, the State settled with one of the defendants, Dey, Inc. The settlement was announced to the state court judge, Judge Beth Myers, at that time by counsel for the State and Dey. Drafts of the settlement agreement were circulated in September and October 2006; the settlement was completed in November 2006. The settlement agreement extinguished the AWP-

based claims brought by the State against Dey, and substituted in their place rights to enforce the terms of the settlement. See Davis v. McCourt, 226 F.3d 506, 510 n.3 (6th Cir. 2000).

Despite having entered the settlement in July, in October Dey removed the case to federal court. Dey asserted that the filing of an AWP-based case against it by the federal government in another jurisdiction somehow created federal jurisdiction in the Ohio case. This was obviously incorrect, however, because at the time of removal there were no claims remaining against Dey in the Ohio case that bore any resemblance to the claims asserted by the federal government. Instead, the only remaining claim against Dey was to enforce the settlement agreement under Ohio's common law regarding contracts. Moreover, Dey's removal to federal court was groundless for a number of other reasons, described in the State's motion to remand. In fact, Dey's removal lacked any colorable basis and was entirely frivolous. It was a transparent attempt by Dey to assist the other Defendants, Abbott, Schering, Warrick, Pharmacia and Roxane in their grand, misguided strategy to transfer state-law claims to this Court.

The State moved to remand the case to state court. Apparently recognizing its position was untenable, *Dey filed no opposition*. However, Abbott Laboratories presumed to oppose remand, despite not having been the party that removed the case. Abbott also moved for leave "to file a supplemental notice of removal," asserting an equally spurious argument for federal jurisdiction (discussed below). Abbott's motion was never granted, and in any event its attempt to amend Dey's defective removal notice is improper, because Abbott seeks to add an entirely different basis for removal. See Barrientos v. UT-Battelle, LLC, 284 F. Supp.2d 908, 912 (S.D. Ohio 2003)(notice of removal cannot be amended or supplemented to assert entirely new bases for removal).

Moreover, Abbott's attempt to remove is untimely, because it comes two and a half years after the complaint was filed and no new basis for jurisdiction arose in the interim. This Court's October 11, 2006 decision in the Arizona case, relied on by Abbott, did not "create" a new basis for federal jurisdiction; it found that jurisdiction existed at the time the Arizona case was removed in January 2006. But the fact that jurisdiction was found to have existed in January 2006 when the Arizona case was removed in demonstrates that Abbott's removal motion in November 2006 in this case is untimely as being beyond the 30 days permitted under 28 U.S.C. § 1446(b).

The State of Ohio believes that many of the grounds in its pending remand motion have been asserted in motions filed by other States. Ohio has the additional argument, apparently not available to other States, that there was no AWP-based claim pending against Dey when Dey removed the case, because the claim had been settled. Therefore, Dey's reliance on 31 U.S.C. § 3732(b), which requires the existence of a claim based on the same transaction or occurrence as a claim brought by the federal government, is entirely misplaced. The State respectfully requests that the Court consider its pending motion to remand to state court in light of the motions brought by other States and the hearing that was held on those motions in February 2007.

The Defendants attempted to pull a fast one – removing the case from state court with no colorable basis, and then rushing to obtain a transfer by the MDL Panel to this Court before the motion to remand to state court could be heard. The effect of their abuse of judicial processes has been six months of delay and this Court being needlessly subjected to additional cases, parties and proceedings. The State of Ohio respectfully requests that its case be remanded to state court as expeditiously as possible.

Respectfully submitted,

MARC DANN,
ATTORNEY GENERAL OF OHIO

s/Robert Heuck
Stanley M. Chesley (0000852)
*Lead Counsel and Trial Attorney*
Robert Heuck II (0051283)
WAITE, SCHNEIDER, BAYLESS
   & CHESLEY CO., L.P.A.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Phone:    (513) 621-0267
Facsimile:    (513) 381-2385
Email:    heuck@wsbclaw.com

Thomas W. Breidenstein (0064299)
BARRET & WEBER, L.P.A.
500 Fourth and Walnut Centre
105 East Fourth Street
Cincinnati, OH 45202
Phone:    (513) 721-2120
Facsimile:    (513) 721-2139
Email:    TWBreidenstein@BarrettWeber.com

James E. Swaim (007362)
*Trial Attorney*
Richard Hempfling (0029986)
FLANAGAN, LIEBERMAN, HOFFMAN
   & SWAIM
318 West Fourth Street
Dayton, OH 45402
Phone:    (937) 223-5200
Facsimile:    (937) 3335
Email:    Rhempfling@flhslaw.com

Of Counsel:
C. David Ewing (0028989)
EWING, MCMILLAN & WILLIS
429 W. Muhammad Ali Blvd., Suite 1100
Louisville, KY 40202-2347
Phone:    (502) 585-5800
Facsimile:    (502) 585-5858
Email:    geslaw@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served this 29th day of March 2007 via the Court's Electric Case Filing system.

s/Robert Heuck  
Robert Heuck II