# UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO,** | : | **Case No. 1:06CV676** |
| **Plaintiff,** | : | **Judge Sandra S. Beckwith** |
| | | **Magistrate Judge Timothy S. Black** |
| **v.** | : | |
| **DEY, INC., et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

This case was very clearly not removable for a number of reasons. First, removal jurisdiction must be determined solely based on the allegations in the complaint. Plaintiff's complaint asserts only state-law causes of action. A case may be removed only if it is within this Court's original jurisdiction, 28 U.S.C. § 1441(a), meaning either that it alleges claims arising under federal law or involves diversity of citizenship. The complaint here contains no allegations supporting original jurisdiction in this Court. Therefore, the case should be remanded.

Second, the statute relied on by Dey, 31 U.S.C. § 3732(b), at most would create supplemental jurisdiction. However, a claim over which there is only supplemental jurisdiction may not be removed.  In addition, supplemental jurisdiction under Section 3732(b) over Plaintiff's state law claims could only exist if the claims were asserted in the same case in which the federal government asserts similar claims under the False Claims Act. In the absence of claims in this case by the federal government, the Court lacks jurisdiction over purely state law claims where there is no diversity of citizenship.

Third, Plaintiff and Dey reached a full settlement in July 2006 of all claims asserted by the State in this case against Dey. The fact of the settlement and its terms were announced by

counsel for Dey and Plaintiff to Judge Myers, the presiding judge in the Court of Common Pleas. There is no dispute that a settlement agreement has been reached, and counsel are in the process of obtaining signatures from the parties to finalize the written agreement. The effect of the settlement, which is already enforceable under Ohio law, is to merge the claims in this case against Dey into the settlement agreement, substituting claims for enforcement of the settlement for the underlying claims pleaded in the complaint. Therefore, the remaining claims against Dey arise solely under state law, and do not arise from the same transactions or occurrences as the claims for publication of false drug prices brought in another jurisdiction by the federal government.  As a result, the provision of the False Claims Act relied on by Dey, 31 U.S.C. § 3732(b), which purports to create supplemental jurisdiction if a state's claims arise from the same factual basis as claims brought by the federal government, has no application.

Dey's arguments for removal were recently rejected by the court in State of Alabama v. Abbott Laboratories, Inc., No. 2:06cv920-MHT (M.D. Ala. November 2, 2006)(attached hereto as Exhibit B). That case originally was filed in state court by the State of Alabama and asserts similar claims against Dey as this Ohio case; Dey concedes the Alabama case is a "similar action." (Notice of Removal p. 1, n.1). United States District Judge Myron H. Thompson, in an order issued on November 2, granted the State of Alabama's motion for remand, rejecting the very same arguments that Dey asserts as a basis for removal in this case. The Alabama court held that Section 3732(b) provides only supplemental jurisdiction and no basis for removal.

Defendant Dey's removal of this action has no colorable basis and is contrary to clear statutory provisions and case law.  The case should be remanded expeditiously to avoid further delay.

## BACKGROUND

The State of Ohio filed this action in March 2004 against Dey and several other drug manufacturers asserting only state-law claims based on allegations that Plaintiff set reimbursement rates for generic prescription drugs under the Medicaid program using false and misleading Average Wholesale Prices ("AWP") issued by Defendants.   The prices were fraudulent, because Defendants' actual wholesale prices were a small fraction of their published AWPs.   The Defendants thus created enormous spreads between published and true wholesale prices which resulted in large profit margins for their customers; Defendants used the artificially-inflated profit margins as a marketing tool to increase sales. A copy of the Consolidated Second Amended Complaint is filed contemporaneously with this motion under seal as Exhibit A ("Complaint").[1]

Nowhere in the Complaint is there any claim that arises under federal law.  Nor is there any basis for diversity jurisdiction.  Indeed, although the case has been pending for nearly three years, until last month no attempt was made to remove, a concession that as drafted the Complaint does not support federal jurisdiction.

There are essentially five principal defendants in this case: drug manufacturers Dey, Roxane, Abbott, Pharmacia and Warrick/Schering.   In July 2006, a settlement was reached between Plaintiff and Dey that provides for payment by Dey of $2.9 million in cash plus provision of $1.1 million worth of Dey's drug DuoNeb for Ohio's public hospitals and clinics. (See Affidavit of Robert Heuck II, attached hereto as Exhibit C).  Counsel for Dey and Plaintiff informed Judge Myers, who presided over the action in the state court, of the settlement in July.

---

[1] On October 3, 2006, Defendant Dey filed a motion to file the Consolidated Second Amended Complaint under seal (Docket Entry No. 3). Although the motion was granted on October 13, 2006 (Docket Entry No. 5), and although Dey filed numerous documents in this Court that were filed in the state court, there is no indication that Dey ever filed the Complaint with the Court.

(Id.)  Judge Myers ordered the settlement to be completed by September 1, 2006. (Id.) However, in August Dey's counsel requested an extension because a Dey attorney had been involved in an automobile accident. Plaintiff agreed to extend the time for finishing the settlement and reporting back to Judge Myers for entry of dismissal of Dey until early November 2006.  (Id.)  In September, drafts of the settlement agreement were exchanged with no major areas of disagreement, were completed earlier this week and agreed to; Plaintiff has executed the agreement and forwarded it to Dey for signature.  (Id., Exh. 1).  Thus, the claims against Dey have been resolved and will be dismissed shortly upon payment of the settlement proceeds as part of completion of the settlement.

Nevertheless, on October 11, 2006, Dey removed the case from state court, asserting federal jurisdiction over the settled state-law claim based on a case brought against Dey in another jurisdiction by the United States under the False Claims Act.  As discussed below, the federal government's case does not somehow transform Plaintiff's settled state-law claim against Dey into a claim arising under federal law.  Therefore, there was no basis for removal by Dey. The other Defendants have asserted no independent basis for removal, and cannot, because the time for them to do so has long since passed under section 1446(b). Therefore, the case should be remanded.

## ARGUMENT

### I.  The Case Should Be Remanded Because The Court Lacks Jurisdiction

Under 28 U.S.C. § 1441(a), a case may not be removed from state court unless it is within the district court's original jurisdiction. See  Everett v. Verizon Wireless, Inc., 460 F.3d 818, 821 (6th Cir. 2006).  As this Court stated just last year in its opinion in Davis v. CNG Financial Corp., No. 1:05-CV-143, April 14, 2005 Opinion at 4-5 (S.D. Ohio, Beckwith, J.)

(attached hereto as Exh. D), federal district courts have original jurisdiction <u>only</u> over cases that arise under federal law, in which there is diversity of citizenship or where federal law has preempted state law.    <u>See</u> <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct 2425, 2429 (1987)(case may be removed only if there is federal-question or diversity jurisdiction); <u>Everett</u>, 460 F.3d at 821.[2]

Dey has not asserted diversity jurisdiction or preemption, but instead argues that the case presents a federal question, based on another case filed in another court by the federal government against Dey under the False Claims Act.  (Notice of Removal, pp. 3, 7).  The only authority offered by Dey for this argument is 31 U.S.C. § 3732(b), which provides federal courts with jurisdiction over actions brought by states under state law that are based on the same "transaction or occurrence" as an action brought under the False Claims Act. This argument is seriously flawed and is in conflict with constitutional and statutory limitations on the Court's jurisdiction. Contrary to Dey's argument, Section 3732(b) does not provide original jurisdiction that would support removal.

## A.    The Complaint Establishes That There is No Subject Matter Jurisdiction

As the Court noted in its <u>Davis</u> opinion, the determination of whether federal question jurisdiction exists must be based solely on the allegations in the Complaint.  Under the long-recognized well-pleaded complaint rule, the Court has said it will not go outside the allegations of the Complaint to determine whether there is federal jurisdiction. The Court in <u>Davis</u>, quoting from the Sixth Circuit <u>Roddy</u> decision, stated:

> In determining whether a complaint arises under federal law we apply the "well-pleaded complaint" rule.  <u>Loftis v. United Parcel Serv., Inc.</u>, 342 F.3d 509, 514 (6th Cir. 2003).  Under this rule "we examine the 'well pleaded' allegations of the complaint and ignore

---

[2] For purposes of removal jurisdiction, only the Labor Management Relations Act, 29, U.S.C. § 185, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, and the National Bank Act, 12 U.S.C. §§ 85-86, completely preempt state law.  <u>Davis</u>, at p. 5, citing <u>Roddy v. Grand Trunk Western R. Inc.</u>, 395 F.3d 318, 322-23 (6th Cir. 2005). Dey has not asserted that any of these statutes is pertinent to this case.

potential defenses." <u>Beneficial Nat. Bank</u>, 539 U.S. at 6, 123 S. Ct. 2058.   "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar</u>, 482 U.S. at 392, 107 S. Ct. 2425.   The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. <u>Loftis</u>, 342 F.3d at 515.   Accordingly, if the plaintiff chooses to bring a state law claim, that claim cannot generally be "recharacterized" as a federal claim for the purpose of removal.

<u>Davis</u> at 4 (Exh. C); <u>quoting</u> <u>Roddy</u>, 395 F.3d at 322 (emphasis added); <u>see</u> <u>Husvar v. Rapoport</u>, 430 F.3d 777, 781 (6th Cir. 2005)("the 'plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court'").   Thus, in <u>Eastman v. Marine Mechanical Corp.</u> 438 F.3d 544, 550 (6th Cir. 2006), the court stated: "A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" The burden is on Dey to demonstrate that the Court has original jurisdiction.   <u>See</u> <u>id.</u> at 549. Moreover, "the removal statute should be strictly construed and all doubts resolved in favor of remand." <u>Id.</u> at 550.

Dey has failed to meet its burden of demonstrating federal question jurisdiction.   The Complaint very clearly shows that it contains no claim that arises under federal law.   None of the causes of action in the Complaint was created by federal law.   Instead, all causes of action arise under state law:  (1) common law fraud; (2) violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02 and 1345.03; (3) violation of the Ohio Deceptive Trade Practices Act, R.C. 4165; and (4) common law unjust enrichment.   In addition, none of the Plaintiff's claims necessarily depends on the resolution of a substantial question of federal law.   <u>See</u> <u>Eastman</u>, 438 F.3d at 552 ("'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation").   This case does not involve interpretation of any federal statute;

6

indeed, the Complaint cites to no any federal statute.  Thus, based on review of the Complaint, there clearly is no federal question that could conceivably provide a basis for removal.[3]

## B.      31 U.S.C. § 3732(b) Does Not Provide a Basis For Removal

The sole basis asserted by Dey for removal is its contention that the September 2006 unsealing of a False Claims Act complaint filed by the federal government against Dey in another jurisdiction somehow creates federal question jurisdiction in this case.  Dey offers no explanation as to how a case filed by another party in another court could possibly convert the instant state-law claims into claims arising under federal law. Indeed, the well-pleaded complaint rule restricts the jurisdictional inquiry to the contents of the Complaint in this case and precludes Dey's argument based on allegations in another case.

Moreover, Dey's argument defeats itself due to an internal conflict. First, the unsealing of the federal government's complaint in another court, the event that Dey asserts created removal jurisdiction, did not somehow magically transform the state-law claims in this case into causes of action arising under federal law.  The claims in this case still are based solely on Ohio common law and Ohio statutes.  Indeed, the statute relied on by Dey states that it only applies to actions "brought under the laws of any State."  31 U.S.C. § 3732(b).  Thus, by invoking Section 3732, Dey admits that Plaintiff's claims arise under state law.  This concession alone defeats its attempt to find federal question jurisdiction under 28 U.S.C. § 1331, which only covers claims that arise "under the Constitution, laws, or treaties of the United States."  A claim cannot be both "brought under the laws of any State" (Section 3732) and "aris[e] under the Constitution, law or treaties of the United States" (Section 1331).  Therefore, Dey's reliance on both 31 U.S.C. § 3732(b) and

---

[3] Further, any argument that the claims in the Complaint arise under federal law was waived by the Defendants' failure to remove within 30 days of service of the original complaint in 2004.

28 U.S.C. § 1331 for removal jurisdiction (Dey Notice of Removal pp. 1-3, 7) is internally inconsistent and self-defeating.

Second, at most the federal government's complaint against Dey under the False Claims Act gives rise to supplemental jurisdiction that permits the State to assert its state-law claims in federal court under § 3732(b) in the same case in which the federal government's claims are pending.  See United States v. SCS Business & Tech. Inst., Inc., 173 F.3d 870, 880 (D.C. Cir. 1999) ("obvious reading of § 3732(b) . . . is that it authorizes permissive intervention by states for recovery of state funds"); United States v. Sequel Contractors, Inc., 402 F. Supp.2d 1142, 1148 (C.D. Cal. 2005)) (district court had original jurisdiction over federal government's False Claims Act claim and had discretion to exercise supplemental jurisdiction over state law claims under Section 3732(b)).

Indeed, apparently recognizing that Section 3732(b) cannot give rise to federal question jurisdiction, Dey asserts supplemental jurisdiction under Section 3732(b) as a basis for removal (Notice of Removal pp. 1 and 3). However, the supplemental jurisdiction potentially available under Section 3732(b) cannot provide a basis for removal of Plaintiff's claims in this case because of the absence of claims of the federal government in this case. Section 3732(b) does not provide a stand-alone basis for federal jurisdiction, because it cannot under Article III, Section 2 of the Constitution, which limits federal jurisdiction primarily to federal question and diversity claims. Supplemental jurisdiction only allows claims over which federal jurisdiction is lacking to be appended to claims in the same action over which there is a basis for jurisdiction. 28 U.S.C. § 1367(a). Because the federal government's claims are not pending in this case, there is no basis for supplemental jurisdiction to attach to Plaintiff's state law claims.

Moreover, even if the Court could exercise supplemental jurisdiction over the State's claims, removal was improper. The Sixth Circuit has clearly stated that supplemental jurisdiction alone <u>cannot</u> provide a basis for removal.  In <u>Ahearn v. Charter Township of Bloomfield,</u> 1998 WL 384558 at *3 (6th Cir. Nov. 12, 1998), the court stated:

> The plain language of the removal statute expressly requires that a court exercising removal jurisdiction have "original jurisdiction" over the civil action . . . That "supplemental" jurisdiction is not "original" jurisdiction is virtually axiomatic.  Further, it is clear from the language of the supplemental jurisdiction statute that the statute is not a source of original subject matter jurisdiction. . . <u>[I]t is crystal clear that supplemental jurisdiction alone will not support removal.</u>

(Emphasis added).  In fact, in <u>Ahearn</u> the court held that it was so obvious that a case could not be removed based on supplemental jurisdiction that it reversed a denial of an award of attorneys fees incurred by the party who moved for remand to state court, observing:  "Here, <u>the plain language of the statute should have made it clear to Defendant at the outset that removal was improper.</u>"  <u>Id.</u> (emphasis added).  This Court followed <u>Ahearn</u> in <u>Litchfield v. United Parcel Serv., Inc.,</u> 2001 WL 345454 at *2 (S.D. Ohio Mar. 30, 2001). Therefore, Dey's assertion of supplemental jurisdiction under 28 U.S.C. § 1367 as a basis for removal is meritless under both <u>Ahearn</u> and <u>Litchfield.</u>

Further, Dey is making the same misguided arguments for removal in numerous other cases that were filed by other States based on Dey's fraudulent drug pricing. The other states, like Ohio, have moved for remand to state court due to the clear lack of federal jurisdiction. In the first ruling on the States' motions for remand, the District Court for the Middle District of Alabama recently rejected Dey's arguments for removal in <u>State of Alabama v. Abbott Laboratories, Inc.,</u> No. 2:06CV920-MHT (M.D. Ala. November 2, 2006)(Opinion attached hereto as Exhibit B). Dey concedes the Alabama case is a "similar action." (Notice of Removal

p. 1, n.1). In the Alabama case, United States District Judge Myron H. Thompson in an order issued on November 2, granted the State of Alabama's motion for remand, rejecting the same arguments asserted by Dey in this case. The court specifically held that Section 3732(b) provides only supplemental jurisdiction and <u>no basis for removal</u> from state court.

**C.      The Case Was Not Removable Because Plaintiff Took No Voluntary Action To Create Federal Jurisdiction**

Dey's removal based on the unsealing of the federal government's False Claims Act case in another court runs afoul of the rule that a case that is not removable can <u>only</u> be made removable by a voluntary act of the plaintiff.  This rule was recognized by the Sixth Circuit in <u>Davis v. McCourt</u>, 226 F.3d 506, 510 n. 3 (6th Cir. 2000), in which the court stated that removability is conditioned "on voluntary actions of a plaintiff, rather than factors beyond a plaintiff's control."  This rule has long been recognized by the federal courts. <u>See</u> <u>Great Northern Ry. v. Alexander</u>, 246 U.S. 276, 282 (1918)("this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends . . . solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses . . . ."), <u>California v. Keating</u>, 986 F.2d 346, 348 (9th Cir. 1993). Here, Plaintiff did not voluntarily do anything to make the case removable.  The event that Dey asserts as a basis for jurisdiction, the unsealing of a complaint in another case, is not an act chargeable to the Plaintiff and, therefore, does not render the case removable.[4]

---

[4] Moreover, the filing of a pleading in another case is not an "order or other paper" that will allow a party to seek removal more than 30 days after the filing of the complaint under 28 U.S.C. § 1446(b). <u>See</u> <u>Morsani v. Major League Baseball</u>, 79 F. Supp.2d 1331, 1334 (M.D. Fla. 1999); <u>Kocaj v. Chrysler Corp.</u>, 794 F. Supp. 234, 236-37 (E.D. Mich. 1992); <u>Growth Realty Cos. Burnac Mortgage Inv., Ltd.</u>, 474 F. Supp. 991, 996 (D.P.R. 1979).

**D.      The Case Was Not Removable Because The Settlement With Dey Removed Any
            Similarity Between Plaintiff's Claims and the Federal Government's Claims**

Finally, the case was not removable, because Plaintiff entered a binding settlement agreement with Dey. (See Heuck Aff.) The settlement was jointly communicated by counsel for Plaintiff and Dey to Judge Myers in July, and all that remains to complete it is exchanging signed copies, payment of the money, provision of the free drug product and dismissal of the claims against Dey. (Id.) The settlement had the affect of extinguishing or merging the State's original claim against Dey and substituting obligations and rights under the settlement agreement. See Folley v. Henderson, 175 F. Supp.2d 1007, 1012 n.9 (S.D. Ohio 2001)("a settlement agreement 'extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claim the new rights and obligations agreed to'")(emphasis added); Board of Commissioners of Columbiana County v. Samuelson, 24 Ohio St. 3d 62, 63, 493 N.E.2d 245 (1986).  Therefore, the State's claims against Dey are no longer based on fraudulent drug prices, and no longer based on the same transactions or occurrences as the federal government's False Claims Act claims.  Instead, the State's claims against Dey are for enforcement of the settlement agreement.  As a result, Dey's reliance on 31 U.S.C. § 3732(b), which requires the existence of a claim based on the same transaction or occurrence as in a claim of the federal government, is entirely misplaced.[5]

## CONCLUSION

For the foregoing reasons, Plaintiff the State of Ohio respectfully requests that the case be remanded to the state court from which it was improperly removed.

---

[5] See Ohio v. Doe, 433 F.3d 502, 507 (6th Cir. 2006) (When all that remains in enforcement of judgment, removal is not authorized).

Respectfully submitted,
JIM PETRO, ATTORNEY GENERAL OF OHIO

s/ Stanley M. Chesley
Stanley M. Chesley (0000852)
*Lead Counsel and Trial Attorney*
W. B. Markovits (0018514)
Robert Heuck II (0051283)
WAITE, SCHNEIDER, BAYLESS
      & CHESLEY CO., L.P.A.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Phone:      (513) 621-0267
Facsimile:    (513) 381-2385
Email:       heuck@wsbclaw.com

*Trial Attorney*
Thomas W. Breidenstein (0064299)
BARRET & WEBER, L.P.A.
500 Fourth and Walnut Centre
105 East Fourth Street
Cincinnati, OH 45202
Phone:      (513) 721-2120
Facsimile:    (513) 721-2139

James E. Swaim (007362)
*Trial Attorney*
Richard Hempfling (0029986)
FLANAGAN, LIEBERMAN, HOFFMAN
      & SWAIM
318 West Fourth Street
Dayton, OH 45402
Phone:      (937) 223-5200
Facsimile:    (937) 3335
Email:       Rhempfling@flhslaw.com

Of Counsel:
C. David Ewing (0028989)
GARDNER, EWING AND SOUZA
429 W. Muhammad Ali Blvd., Suite 1100
Louisville, KY 40202-2347
Phone:      (502) 585-5800
Facsimile:    (502) 585-5858
Email:       geslaw@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, I electronically filed the foregoing Memorandum of Law in Support of Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record for the Defendants.

s/ Robert Heuck II