UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
IN RE PHARMACEUTICAL INDUSTRY    )    MDL NO. 1456
AVERAGE WHOLESALE PRICE           )
LITIGATION                                 )    CIVIL ACTION NO. 01-CV-12257-PBS
_____)
                                              )    Hon. Patti B. Saris
                                              )
THIS DOCUMENT RELATES TO:          )
CLASS 1 JURY TRIAL (ASTRAZENECA) )
_____)

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF FURTHER COMMUNICATION WITH <u>CLASS 1 CONSUMERS WHO FILED REQUESTS FOR EXCLUSION</u>**

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum of law in opposition to Plaintiffs' motion for approval of further communication with Class 1 consumers who filed requests for exclusion. In their motion, Plaintiffs seek the Court's permission to contact for a second time individuals who have chosen not to be a party to Plaintiffs' suit to prompt them to reconsider their decision. Attempting to support this extraordinary request, Plaintiffs argue that the Class Notice[1] they sent to absent Class Members must have been confusing because more recipients opted-out of their lawsuit than Plaintiffs expected would do so.

Plaintiffs' motion should be denied. The Class Notice was clear and readily understandable. Re-contacting individuals who received the Class Notice and affirmatively opted-out of the class action to re-inquire into their intentions is not permitted. Plaintiffs cite no

---

[1] The notice Plaintiffs sent to absent Class Members is referred to in this brief as the "Class Notice." The form of the Class Notice is attached as Exhibit 1A to the Declaration of Charlene Young (filed Mar. 29, 2007) (hereinafter "Young Decl."), submitted with Plaintiffs' motion.

authority or precedent for doing so, and re-contacting those who opted-out contravenes the notice procedures set forth in Rule 23(c)(2). The notification process for Class 1 has been litigated by the parties, ruled on by the Court, and completed by direct mailing and publication. The Class Notice sent to absent Class Members was agreed upon by Plaintiffs and submitted to the Court for approval. The Court approved the Class Notice, finding it concise and clear and compliant with the Federal Rules of Civil Procedure. In approving the Class Notice, the Court rejected Plaintiffs' argument for excluding an opt-out form. There is no justification for reopening this process or revisiting the Court's decisions.

According to Plaintiffs, 22,750 individuals[2] – from among 932,582 individuals Plaintiffs claim to have sufficiently contacted via direct mail, plus an unspecified number of individuals Plaintiffs claim to have sufficiently contacted via publication – have affirmatively opted-out of Plaintiffs' lawsuit. Plaintiffs' motion is simply a request for an opportunity to persuade these individuals to change their mind. The request lacks any legal or factual support and should be denied.

## BACKGROUND

As the Court is aware, on May 25, 2006, Plaintiffs belatedly sought Court approval to notify Class Members of Plaintiffs' suit as required by Rule 23(c)(2) of the Federal Rules of Civil Procedure. The parties submitted briefing on Plaintiffs' proposed notice, and the Court held hearings on the issue. (See June 5, 2006 Motion Hearing Transcript; June 26, 2006 Motion Hearing Transcript.) During the second hearing, Plaintiffs argued, among other things, for excluding an opt-out form from the Class Notice to be mailed to absent Class 1 Members. (See

---

[2] This and other figures cited in this brief are based on the Declaration of Charlene Young, submitted by Plaintiffs. Defendants have had no discovery with respect to the issue and are unable to verify the accuracy of Ms. Young's representations. To the extent the Court is not inclined to reject Plaintiffs' motion in short order (which it should), AstraZeneca is entitled to discovery as to the claimed factual basis of the motion.

6/26/06 Tr. at 35-37.)  The Court rejected this argument.  (See 6/26/06 Tr. at 36 ("We should have an opt-out form.").)  Plaintiffs thereafter submitted a proposed form Class Notice, reporting to the Court that all parties agreed as to its propriety.  (See Class Plaintiffs Renewed Motion for Approval of the Form of Class Notice and the Manner of Notice and Report on Status of Individual Notice to Part B Class Members, at 2 (filed June 30, 2006).)  The Court, which is charged with protecting the interests of absent class members in receiving actual, individualized notice, accepted the proposed form Class Notice submitted by Plaintiffs.[3]  (See Case Management Order No. 26:  Class Notice and Trial Schedule (July 7, 2006).)  The Court stated, "The plaintiffs and the Track 1 defendants have conferred and agreed to the notices, and the Court finds that the form and content of the notices 'concisely and clearly state in plain, easily understood language' the required elements of Fed. R. Civ. P. 23(c)(2)(B)."  (See id. at 1.)

The Class Notice explains, among other things,

> If you don't want to be in one or more of the Classes and you want to keep the right to sue the Defendants about the same claims on your own, you must take steps to get out of the Classes.  This is called excluding yourself. . . . If you exclude yourself from one or more of the Classes, you will not get money or benefits from the Classes if any are obtained from a settlement or trial of the lawsuit . . . .  As long as you don't exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit through your own lawyer. . . . If you do nothing,  you stay in one or more of the Classes.

(See Class Notice, at 8-9 (attached as Exhibit 1A to the Declaration of Charlene Young, filed Mar. 29, 2007).)  The Class Notice also explains these choices in a simple chart.  (See id. at 2.) The Class Notice includes an "Exclusion Form," which begins,

**Only Complete this Form if You Do NOT Want to be Included
in One or More of the Classes**

---

[3] In accepting the Class Notice, the Court also ordered Plaintiffs to send out individualized notice to Class 3 consumers by obtaining their names and addresses from Massachussetts TPPs and sending them direct mailed notice as required by Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 173 (1974).  (See 7/7/06 CMO 26 ¶ 8.)  As of the filing of this brief, nine months after the Court's order, Plaintiffs have not done so.

> ***By Completing This Form You Are Excluding Yourself From One or More of The Classes and Nothing That Happens in the Class(es) You Check Below Will Affect You.  That Means You Will Not Be Able to Participate in Any Benefits Obtained By The Class(es), and It Also Means You Will Not Be Bound By The Outcome Of Any Trials.***

(See id., at "Exclusion Form" (emphasis in original).)  The Class Notice directs recipients to a website and toll-free phone hotline for more information.  (See id.)

Plaintiffs sent the Class Notice to 932,582 absent Class Members.[4]  (See Young Decl. ¶¶ 3-10.)  As of the filing of Plaintiffs' motion, 22,750 absent Class Members had mailed the Exclusion Form to Plaintiffs, affirmatively opting-out of Plaintiffs' action.  (See id. ¶ 24.)

## ARGUMENT

Plaintiffs' motion to re-contact individuals to suggest that they reconsider their decision to opt-out should be denied for any and all of several reasons.

First, the Class Notice is not confusing.  The Class Notice explains in understandable terms the action and the steps required of individuals to remain in the action or opt-out, and the consequences of each decision.  It is written in plain English, includes charts and bolded text, and is easy to understand.  The Exclusion Form states unambiguously and emphatically, "**Only Complete this Form if You Do NOT Want to be Included in One or More of the Classes**." (See Young Decl., Exh. 1A "Exclusion Form.")  Moreover, a website and hotline were established to provide further explanation, including for those confused by the Class Notice.  Plaintiffs offer no reason to conclude that these sources of information did not fulfill their

---

[4] This figure includes only those absent Class Members to whom Plaintiffs were able to mail the Class Notice, and excludes those absent Class Members to whom Plaintiffs were unable to mail the Class Notice and those for whom Plaintiffs lacked a mailing address.  It also does not include those absent Class Members who received notice of the suit via publication.

purposes. On the contrary, according to Ms. Young, 2,290 individuals have called the hotline, and the website has received 3,543 visitors. (See Young Decl. ¶ 22.)

Second, Rule 23(c) of the Federal Rules of Civil Procedure, which governs notice, does not permit re-contacting absent Class Members, and certainly not doing so for the purpose of testing their earlier affirmative decision to opt-out of the class action. See Fed. R. Civ. P. 23(c)(2). Rather, Rule 23(c) requires that the (initial and only) notice to absent Class Members "concisely and clearly state in plain, easily understood language . . . [among other things,] that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. P. 23(c)(2). Permitting Plaintiffs to re-contact individuals who chose to opt-out would defeat the purpose of Rule 23, allowing Plaintiffs to achieve their desired result through successive class notices, rather than notifying individuals clearly and concisely in one communication. It also would require Plaintiffs' counsel to expend additional funds, which they ultimately would seek to recover from the class. Plaintiffs cite no authority or precedent for contravening Rule 23 in the manner they propose.

Third, the Court approved the Class Notice that Plaintiffs now claim is confusing. In briefing and at hearings the parties litigated the scope and text of the Class Notice, and the Court decided that the final product "'concisely and clearly state[s] in plain, easily understood language' the required elements of Fed. R. Civ. P. 23(c)(2)(B)." Cf., e.g., Vaughter v. Eastern Airlines, Inc., 817 F.2d 685, 690 (11th Cir. 1987) (describing the use of an exclusion form: "The court also ordered that the notice contain an exclusion form to be used by those electing to opt out of the class. Of the 1,759 potential class members, approximately 140 availed themselves of the exclusion option.") Plaintiffs' motion is simply an attempt to relitigate an issue on which the Court has already ruled.

5

Fourth, even were the Court to revisit the issue of Class Notice, Plaintiffs offer no basis for their contention that the Class Notice, which is clear and readily understandable on its face and which the Court found satisfactory to protect absent class members, was confusing. Rather, Plaintiffs simply offer the opinion of an employee of the Litigation Administrator retained to effectuate the Class Notice that "22,750 is an unusually – and unreasonably – high number of requests for exclusion."[5] (Young Decl. ¶ 25.) Upon this opinion[6] (the basis for which is unexplained[7]), Plaintiffs argue that those recipients who opted-out (and only those recipients) must have been confused. This reasoning has no method. It relies solely on the circular logic that the decision to opt-out demonstrates confusion about the choice. Plaintiffs offer no evidence to show that individuals who opted-out were actually confused, or that confusion is the only explanation for opting-out of their lawsuit. While it may be difficult for Plaintiffs to accept, individuals may have opted-out because they agree that Plaintiffs' suit is misdirected, without merit, and contrary to their interests. (See, e.g., Exhibit 1 to Exclusion Form by Moukhtar Samman, Docket No. 3546). Moreover, Plaintiffs' position is inherently illogical: although they

---

[5] Katherine Kinsella, who Plaintiffs have previously offered as an expert in the area of notification and who submits an affidavit in association with Plaintiffs' current motion, does not opine that the Class Notice was confusing, and says nothing to support Plaintiffs' position. (See Affidavit of Katherine Kinsella (filed Mar. 29, 2007).).

[6] Ms. Young and Plaintiffs suggest that her conclusion that individuals who opted-out were confused is also based on "the nature of the calls received from consumers to the toll-free number to ask questions about the Notice." (Young Decl. ¶ 25.) The "nature of the calls," however, is not described or supported anywhere in Ms. Young's statement or otherwise by Plaintiffs. This assertion, without any accompanying information, provides no support for authorizing the extraordinary step of re-contacting individuals who have chosen to opt-out of this lawsuit.

[7] Ms. Young suggests that the opinion is based on "previous experience by [the Litigation Administrator] in similar matters." (Young Decl. ¶ 25.) Plaintiffs attempt to show that the number of opt-outs is "unusually and unreasonably high" by comparing the number of opt-outs of Class 1 individuals to those of TPPs. (Plaintiffs' Br., at 3; see Young Decl. ¶¶ 16-20.) Neither provides any basis for the conclusion that the number of individuals who chose to opt-out of Plaintiffs' suit is "unusual" or "unreasonable." First, the experience of Ms. Young's company is not on the record, and, in any event, Plaintiffs do not even suggest why the number of opt-outs in this case must be similar to those of other cases to be "reasonable." Second, the comparison to opt-outs of TPPs to those of individuals is not apt; individuals may have reasons for not taking part in a class action that TPPs do not. Plaintiffs do not suggest or offer evidence of why these groups are comparable for these purposes, nor, of course, have they proposed offering TPPs a second opportunity to opt-out on the basis that unusually few have thus far done so.

suggest only contacting individuals who opted-out, Plaintiffs have not articulated any reason why the recipients who did not opt-out were not also confused, and should not also be contacted. AstraZeneca, of course, does not suggest that those who chose not to opt-out were confused, and should be prompted again to do so.  In the absence of a reasoned, supported argument to the contrary, there is no basis for assuming that recipients of the Class Notice were confused.

Fifth, Plaintiffs' suggestion that including the Exclusion Form caused confusion is betrayed by the second communication they now propose to make, which, like the Exclusion Form, includes documentation the recipient may complete and return.  (See Young Decl., Exh. 5 ("If however you sent the Request for Exclusion form to CCS thinking that you were filing a claim for money or because you were afraid you would be required to take an active part in the trial or because you thought it was necessary in order to share in any future judgment or recovery, . . . you should sign this letter in the space provided below and return it to CCS at the address listed at the bottom of this page.").)

Plaintiffs' motion represents a dissatisfied response to the number of individuals who have chosen to opt-out of their lawsuit.  On the basis of nothing more than baseless, circular reasoning, they seek simply an opportunity to prompt these individuals to rescind their opt-outs. The Court should reject Plaintiffs' attempt to contravene the Rule 23 procedures and deny their motion.

Dated: Boston, Massachusetts
April 2, 2007

          Respectfully Submitted,

          By:   /s/ Katherine B. Schmeckpeper
              Nicholas C. Theodorou (BBO # 496730)
              Michael P. Boudett (BBO # 557858)
              Katherine B. Schmeckpeper (BBO #663200)
              FOLEY HOAG LLP
              155 Seaport Blvd.
              Boston, Massachusetts 02210
              Tel: (617) 832-1000

              D. Scott Wise
              Michael S. Flynn
              Kimberley Harris
              DAVIS POLK & WARDWELL
              450 Lexington Avenue
              New York, New York 10017
              Tel: (212) 450-4000

              Attorneys for AstraZeneca Pharmaceuticals LP

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on April 2, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                      /s/ Katherine B. Schmeckpeper
                                      Katherine B. Schmeckpeper