UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
In Re: Pharmaceutical Industry Average      )
Wholesale Price Litigation                  )       MDL No. 1456
_____)       C.A. No. 01-12257
                                            )
This Document Relates To:                   )       Hon. Patti B. Saris
                                            )
*The County of Erie v. Abbott Laboratories, Inc., et al.,*  )
No.  1:07-cv-10282-PBS                      )
                                            )
*The County of Oswego v. Abbott Laboratories, Inc., et al.,*  )
No.  1:07-cv-10271-PBS                      )
                                            )
*The County of Schenectady v. Abbott Laboratories, Inc.,*  )
*et al.,*                                   )
No. 1:07-cv-10273-PBS                       )
_____)

_____

**RESPONSE OF PLAINTIFFS COUNTY OF ERIE, COUNTY OF
OSWEGO, AND COUNTY OF SCHENECTADY TO BOEHRINGER INGELHEIM
DEFENDANTS' JOINDER IN DEY, INC.'S REMOVAL NOTICES**
_____

Plaintiffs County of Erie, County of Oswego, and County of Schenectady [hereinafter collectively the "Counties"] respectfully submit this response to the joinder by Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc. [hereinafter collectively the "Boehringer defendants"] in the removal notices filed by Dey, Inc. on October 11, 2006 in the above-captioned actions.

Remand motions on behalf of the Counties have been fully briefed, and on March 20, 2007 the Counties filed a motion before this Court requesting a hearing with respect to the pending

motions.

The Boehringer defendants now assert, as a new basis for removal, the unsealing and filing of a *qui tam* action against them.[1] As Dey, Inc. argued in its notices of removal, the Boehringer defendants assert that the federal district courts have original jurisdiction over the Counties' actions pursuant to 31 U.S.C. §3732(b) and 28 U.S.C. §1331.

The Boehringer defendants advance identical arguments to those set forth by Dey, Inc. – specifically, that joinder is timely because they first received notice that the captioned cases became independently removable by them when their counsel received a copy of the unsealed *qui tam* complaint on February 5, 2007. Just as Dey asserted, the Boehringer defendants assert that the unsealed complaint constitutes "an amended pleading, motion, or other paper" within the definition of 28 U.S.C. §1446(b), from which they first ascertained the cases became removable by them. The Boehringer defendants assert that their purported joinder, filed within 30 days of notice of the unsealing of the *qui tam* complaint, was timely.

In light of the fact that these issues have been fully briefed and are already before the Court, the Counties concur with the Boehringer defendants that additional briefing is unnecessary. The Counties hereby incorporate by reference their briefs filed in connection with their remand motions addressing Dey, Inc.'s removal of the Counties' cases.

It is submitted that for the reasons set forth in the remand briefings on behalf of plaintiffs County of Erie, County of Oswego, and County of Schenectady, the Boehringer defendants' "joinder" is untimely and that federal jurisdiction is lacking over the Counties' cases.

---

[1] *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, No. 07-10248-MEL (D. Mass 2007)

It is, therefore, respectfully requested that the court grant the Counties' pending remand motions in their entirety.

Dated: New York, New York
April 4, 2007

                                              Respectfully submitted,

                                          By:   /s/ Paul J. Pennock
                                                Paul J. Pennock
                                                WEITZ & LUXENBERG, P.C.
                                                180 Maiden Lane
                                                New York, NY 10038
                                                Phone: (212) 558-5500
                                                Fax: (212) 344-5461