# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL No. 1456 |
| LITIGATION ) | |
| ———————————————————— ) | Civil Action No. 01-CV-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ) | |
| *State of Montana v. Abbott Labs., Inc., et al.,* ) | |
| D. Mont. Cause No. CV-02-09-H-DWM ) | |
| ) | |
| ———————————————————— ) | |

## DEFENDANTS' JOINT RESPONSE TO THE STATE OF MONTANA'S ADDITONAL FACTS RELIED UPON BY MONTANA IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendants submit this joint response to the State of

Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for

Summary Judgment ("State's Additional Facts") (Docket No. 3903). The principal allegations of

the State and material cited in support thereof are found at the State's Additional Facts ¶¶ 137 to

138 and ¶¶ 140 to 143. The allegations in these paragraphs of the State's Additional Facts

correspond to facts already alleged and materials already submitted by the State in its L.R. 56.1

Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment

Against Certain Defendants ("State 56.1 Stmt.") (Docket No. 3737). For the Court's

convenience, the following chart identifies the corresponding statements and materials in those

respective submissions.

| STATE'S ADDITIONAL FACTS (DOCKET NO. 3903) | STATE'S 56.1 STMT. (DOCKET NO. 3737) |
|---|---|
| ¶ 137 | ¶ 3, footnote 5 |
| ¶ 138 | ¶ 3, footnote 6 |
| ¶ 140 | ¶ 4, footnote 3 |
| ¶ 141 | ¶ 4, footnote 2 |
| ¶ 142 | ¶ 4, footnote 4 |
| ¶ 143 | ¶ 6, footnote 7 |

These alleged facts have already been addressed in Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts (Docket No. 3886). To the extent any of these alleged facts or the materials submitted in support of such alleged facts required further response, they were addressed in pleadings submitted by individual Defendants in response to the State's Motion for Summary Judgment.[1]

_____

[1] *See* Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Astrazeneca Pharmaceuticals LP (Docket No. 3891); Counter Statement of Material Facts L.R. 56.1 re: Motion for Partial Summary Judgement Against Certain Defendants Filed by Astrazeneca Pharmaceuticals LP (Docket No. 3893); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Aventis Behring, LLC (Docket No. 3890); Statement of Material Facts L.R. 56.1 re: Motion for Partial Summary Judgment Against Certain Defendants [Response to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts] filed by Aventis Behring LLC (Docket No. 3892); Memorandum in Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Bayer Corporation (Docket No. 3869); Response by Bayer Corporation to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3870); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Fujisawa Healthcare, Inc. (Docket No. 3879); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Immunex Corp. (Docket No. 3889); Supplemental Statement of Undisputed Material Facts in Support of Response by Immunex Corp. to Opposition to Motion (Docket No. 3894); Memorandum in Opposition re: Motion for Partial Summary Judgment Against Certain Defendants [The Johnson & Johnson Defendants' Individual Memorandum in Opposition to the State of Montana's Motion for Partial Summary Judgment] filed by Johnson & Johnson (Docket No. 3882); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Novartis Pharmaceuticals Corporation (Docket No. 3895); Counter Statement of Material Facts L.R. 56.1 re: Motion for Partial Summary Judgment Against Certain Defendants Filed by Novartis Pharmaceuticals Corporation (Docket No. 3898); Counter Statement of Material Facts

Defendants incorporate by reference their Joint Response to the State of Montana's Statement of Undisputed Material facts, and the responses of individual Defendants.

The only additional "facts" not previously responded to are found at ¶ 139 and ¶ 144 of the State's Additional Facts.  Defendants respond to those "additional facts" as follows:

139.    Through this system, each Defendant directly controlled what AWP would be.

**RESPONSE:** Denied.  The State cites no evidence in support of ¶ 139.  This is a legal conclusion drawn by the State.  To the extent any response is required, Defendants refer to their Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3884) at  4-5 and evidence cited therein (describing the role First DataBank played in establishing AWPs).

144.    Montana Medicaid had no knowledge of the magnitude of the spreads between acquisition cost and AWP until after this lawsuit was filed. Buska Decl. ¶¶ 19-29.

**RESPONSE:**  Denied.  Montana has long been aware of the significant spread between acquisition cost and AWP, including spreads far in excess of the 10% and 15% discount from AWP that it used in its reimbursement regulations.  *See* Memorandum in Support of Defendants' Joint Motion for Summary Judgment (Docket No. 3647) at 12-17; Joint 56.1 Statement in Support of Defendants Motion for Summary Judgment (Docket No. 3648) ¶¶ 21-25; Exs. 11, 33-36. For example, based on a 1996 Montana specific OIG study, Montana Medicaid was informed

---

L.R. 56.1 re Motion for Partial Summary Judgment Against Certain Defendants Filed by Abbot Laboratories, Pharmacia Corporation, Pfizer, Inc. (Docket No. 3874); Memorandum in Opposition re: Motion for Partial Summary Judgment Against Certain Defendants Filed by Abbot Laboratories, Pharmacia Corporation, Pfizer, Inc. (Docket No. 3878); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Schering Plough Corporation, Warrick Pharmaceuticals Corporation (Docket No. 3883); Statement of Material Facts L.R. 56.1 re: Motion for Partial Summary Judgment Against Certain Defendants filed by Schering Plough Corporation, Warrick Pharmaceuticals Corporation (Docket No. 3914); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by Sicor, Inc. (Docket. No. 3868); Statement of Material Facts L.R. 56.1 re: Motion for Partial Summary Judgment Against Certain Defendants filed by TAP Pharmaceutical Products, Inc. (Docket No. 3871); Opposition re: Motion for Partial Summary Judgment Against Certain Defendants filed by TAP Pharmaceutical Products, Inc. (Docket No. 3872).

of, for certain providers, *average* spreads (based on the method used by the State's expert to calculate spreads) of up to 38% for branded drugs and 212% for generic drugs. Joint 56.1 Stmt. ¶ 26, Ex. 33.

DATED this 5th day of April, 2007.

**PERKINS COIE LLP**
**ON BEHALF OF ALL DEFENDANTS**

By: /s/ *Kathleen M. O'Sullivan*
David J. Burman, WSBA # 10611
Kathleen M. O'Sullivan, WSBA # 27850
Charles C. Sipos, WSBA # 32825
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
Email:  DBurman@perkinscoie.com
E-mail:  KOSullivan@perkinscoie.com
E-mail:  CSipos@perkinscoie.com

Thomas J. Sartory, BBO #442500
**GOULSTON & STORRS, P.C.**
400 Atlantic Avenue
Boston, MA  02110-3333
Telephone: (617) 482-1776
Email: tsartory@goulstonstorrs.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2007, a true and accurate copy of Defendants' Joint Response to the State of Montana's Additional Facts was mailed, postage prepaid, and served via the Lexis-Nexis Filing System:

DATED:  April 5, 2007.


        *Kathleen M. O'Sullivan*