UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS | Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF WARRICK PHARMACEUTICALS CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER RELATING TO THE RENEWED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF HARVEY WEINTRAUB FOR PURPOSES OF DISCOVERY**

Defendant Warrick Pharmaceuticals Corporation ("Warrick") respectfully submits this memorandum in support of its Motion for Reconsideration of the Court's March 26, 2007 Electronic Order ("Order") denying Warrick's Renewed Motion for Leave to Take the Deposition of Harvey Weintraub for Purposes of Discovery ("Motion") in *State of Arizona v. Abbott Labs Inc., et al.,* 06-CV-11069-PBS ("the Arizona action"). For the reasons set forth below, reconsideration of this Order is appropriate in light of the prior decision of this Court, related motions still pending before this Court, and events that occurred after the Motion was briefed.

**PRELIMINARY STATEMENT**

Warrick's Motion, and the Court's Order, are part of a larger process that began more than a year ago. At that time, Warrick faced a dilemma: the health-related issues of a key Warrick witness, Harvey Weintraub, called into question his ability to testify in the more than 20 pending AWP-related actions in which Warrick was named as a defendant. In order to allow plaintiffs' counsel in each of these cases to question Mr. Weintraub – while also addressing the burdens

imposed by his progressive health condition and the demands of multiple proceedings at various stages across the country – counsel for Warrick worked with counsel for numerous plaintiffs in order to schedule a single deposition of Mr. Weintraub that could be used for purposes of all the pending AWP-related actions.

The vast majority of plaintiffs' counsel consented to this approach, including counsel in actions in which discovery had not yet begun. On April 28, 2006, for example, Warrick, the State of California, and Relator Ven-a-Care of the Florida Keys, Inc. filed a joint motion for leave to take the deposition of Mr. Weintraub. (Docket No. 2497.) The Court granted this motion during a hearing on a motion to dismiss in the California matter. (*See* Mem. in Supp. of Renewed Motion for Leave to Take the Dep. of Harvey Weintraub for Purposes of Discovery or for Reconsideration of the Transferor Court's Decision (July 21, 2006) (Docket No. 2905) ("Mem. in Supp. of Discovery Dep.") at 7.) Similarly, on May 8, 2006, Warrick, the City of New York, and certain New York Counties filed a stipulated motion for leave to take the deposition (Docket No. 2526), although the Court did not render a decision on this motion. Warrick and opposing counsel also worked cooperatively in other actions pending in state courts across the country – including several actions, such as Illinois, Kentucky, Ohio, and South Carolina, that were subsequently removed to the MDL Court.

The only exception to this cooperative effort were plaintiffs represented by Hagens Berman Sobol Shapiro LLP ("Hagens Berman"). Hagens Berman stated unequivocally their intent to oppose Mr. Weintraub's deposition in every case, no matter what the procedural posture. (*See* Warrick's Mem. in Opp'n to Certain Pls.' Mot. to Quash May 18, 2006 Am. Notice of Dep. of Harvey Weintraub and in Supp. of Cross Mot. for Leave to Take Dep. of Harvey Weintraub for Purposes of Preservation of Test. (July 6, 2006) (Docket No. 2840) ("Mem. in Supp. of

Preservation Dep.") at 2.) They opposed it in Arizona, on the basis that it was too early. They opposed it in Connecticut, Montana, Nevada, and the class action, on the basis that it was too late. In fact, a state court in Connecticut considered – and rejected – Hagens Berman's objections to the deposition of Mr. Weintraub. *See* Order, *State of Connecticut vs. Dey, Inc. et al,* TTD-cv-03-0083296S (Conn. Super. Ct. Aug. 11, 2006), attached hereto as Ex. A (allowing deposition to go forward in Connecticut action).

Hagens Berman's solitary opposition also resulted in three motions filed with this Court. On June 22, 2006, plaintiffs represented by Hagens Berman moved to quash the notice of the deposition of Mr. Weintraub. (Docket No. 2755) On July 6, 2006, Warrick opposed this motion and cross-moved for leave to take the deposition for purposes of the preservation of testimony in the class action, as well as in the Arizona, Montana, and Nevada actions. (Docket No. 2839.) On July 21, 2006, Warrick filed a renewed motion for leave to take the deposition of Mr. Weintraub for purposes of discovery in the Arizona action or, in the alternative, for reconsideration of the decision of the transferor court.[1] (Docket No. 2904.) Only the last of these motions was decided by the Court, which denied the motion in an Electronic Order entered on the docket on March 26, 2007.

In the meantime, the deposition of Mr. Weintraub proceeded on September 18-22, 2006, for purposes of a variety of actions in which Warrick was named as a defendant. In fact, Hagens Berman attended the deposition on behalf of the State of Connecticut and the MDL Massachusetts plaintiffs, and they engaged in extensive questioning of Mr. Weintraub. (*See* Tr.

---

[1] Two days before the JPML issued its transfer order, a judge in the U.S. District Court of the District of Arizona, without oral argument, denied Warrick's motion for leave to take the deposition of Mr. Weintraub on the grounds that the parties had not yet conferred pursuant to Fed. R. Civ. P. 26(f) and that there was "no evidence . . . that Mr. Weintraub will be unable to be deposed at a more appropriate time in this litigation." (*See* Mem. in Supp. of Discovery Dep. at 3-4.) For reasons set forth elsewhere, this decision constitutes neither binding nor persuasive authority on this MDL Court. (*See id.* at 10-16.)

-3-

of Dep. of Harvey Weintraub (Sept. 22, 2006) at 871:9-962:9 (questioning by Mr. McNeely), attached hereto as Ex. B.)  Hagens Berman, among others, maintained that they were not waiving any objections by participating in the deposition.

## ARGUMENT

This MDL was created, in part, to "avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002).  Reconsideration of the Order achieves these objectives in three ways.  First, it allows the Court to resolve the inconsistency between its prior decision, which *granted* permission for the deposition to be used in the California action, and the Order, which *denies* permission for the deposition to be used in the Arizona action.  Second, it allows the Court to consider three overlapping, but undecided, motions relating to the deposition.  Third, it allows the Court to evaluate developments in the eight months since the Motion was filed and briefed – developments that erase any possibility of prejudice to Arizona plaintiffs and demonstrate the prudence of allowing the deposition to be used for purposes of discovery in the Arizona action.

**I.   THE ORDER SHOULD BE RECONSIDERED BECAUSE IT IS INCONSISTENT WITH A PRIOR DECISION OF THIS COURT**

The Order, which denied permission to take the deposition of Mr. Weintraub for purposes of the Arizona action, is inconsistent with the Court's prior decision, which granted permission to take the deposition of Mr. Weintraub for purposes of *State of California, et al. v. Abbott Labs, Inc., et al.,* Civil Action No. 1:03-CV-112226-PBS.  As noted *supra*, Warrick and opposing counsel in California filed a joint motion seeking leave to take the deposition of Mr. Weintraub for purposes of the California action action.  On May 22, 2006, the Court granted that motion. (Mem. in Supp. of Discovery Dep. at 7.)

-4-

Reconsideration is necessary to prevent this inconsistency. The request was the same in both actions: for leave to take the deposition of Mr. Weintraub, eventually scheduled for September 14-18, 2006. The procedural posture was the same in both actions: party discovery was stayed because litigation was in its early stages. The rationale for the request was the same in both actions: Mr. Weintraub's age and serious health conditions made his availability at a future deposition – much less a future trial – uncertain. The only difference between the two actions was the position of counsel for the relevant plaintiffs. The State of California joined Warrick's motion for leave; the State of Arizona, represented by Hagens Berman, opposed it. This difference, however, does not obviate the need for consistency in the Court's rulings.

## II.     THE ORDER SHOULD BE RECONSIDERED IN THE CONTEXT OF THREE RELATED, BUT UNDECIDED, MOTIONS

The MDL Court's interest in consistency and efficiency also counsels for the reconsideration of the Order. The proper management of overlapping proceedings is a goal of the JPML as well as of this Court, which has stated its intent to "avoid duplicative depositions of any person or party." (*See* Mem. in Supp. of Discovery Dep. at 8-9 (quoting CMO No. 9).) Reconsideration advances this goal, especially in light of three undecided motions that relate to the deposition of Mr. Weintraub: (1) the joint motion for leave to take the deposition in the New York county actions (Docket No. 2526); (2) Hagens Berman Plaintiffs' motion to quash the deposition in all actions (Docket No. 2755); and (3) Warrick's motion for leave to take the deposition for preservation purposes in the Arizona, Montana, Nevada, and class actions. (Docket No. 2839.) These motions are fully briefed and relate to the exact same event: the deposition of Mr. Weintraub.

Indeed, the Order creates a particular ambiguity with respect to the status of this deposition in the Arizona action. While the Court denied the motion for leave to take the

deposition for *discovery* purposes in the Arizona action, it did not address the separate motion to take the deposition for *preservation* purposes in the Arizona action. (*See* Mem. in Supp. of Preservation Dep. at 3-7) (explaining difference between discovery and trial depositions).) In short, the Order addresses only one of the two Warrick motions, both of which involve the use of the deposition of Mr. Weintraub in the Arizona action.

Given these undecided but overlapping motions, the Order creates uncertainty about the effect of this deposition in a single case, when the deposition was successfully organized to include counsel in many other related cases. In other words, the Order frustrates the objective of coordination that this MDL was created to achieve.

## III.  THE ORDER SHOULD BE RECONSIDERED BASED ON DEVELOPMENTS THAT HAVE OCCURRED SINCE THE MOTION WAS FILED

Eight months have passed since the Motion was filed in July 2006. The need for expedited discovery is still clear, as discovery has not yet begun in the case. Indeed, Plaintiffs filed an amended complaint only a few weeks ago. Moreover, three developments have erased any claim that the Arizona plaintiffs may have had regarding prejudice, a key factor in any decision to allow expedited discovery. (*See* Mem. in Supp. of Discovery Dep. at 9-10.) The first development is the most obvious one: the deposition has already occurred, and Hagens Berman participated in it. In fact, Hagens Berman had already deposed Mr. Weintraub once before in the MDL – in August 2005 – and they had more than four months advance notice for the September 2006 deposition. Although they did not waive any objection by participating in the deposition, Hagens Berman had the opportunity to ask numerous questions of Mr. Weintraub. *See* Ex. B.

The second development is that Hagens Berman, counsel for Arizona, was lead counsel in a trial against Warrick and other defendants. As part of the pre-trial process, Hagens Berman designated extensive portions from Mr. Weintraub's prior depositions, including from *every* day

of the deposition of Mr. Weintraub in September 2006 – the deposition at issue in the Motion and the Order.  (*See* Pls.' Supplemental Dep. Designations (Nov. 22, 2006) (Docket No. 3415) at 3-9.)  They also selected as potential exhibits more than sixty documents that had been labeled at Mr. Weintraub's deposition, including a number of exhibits that Hagens Berman counsel marked while they participated in the deposition.  (*See* Pls.' Disclosures Pursuant to the Court's Am. Pretrial Order of Aug. 21, 2006 (Oct. 3, 2006) (Docket No. 3169) at 94-103 (listing exhibits 746-816).)  During the trial, Hagens Berman had yet another opportunity, this time in open court, to question Mr. Weintraub regarding his experiences at Warrick.  (*See* Trial Tr. (Dec. 12, 2006) at 29:9-54:13) (cross examination by Mr. Berman).)  This information is plainly relevant to whatever case Hagens Berman seeks to bring on behalf of Arizona.[2]  Thus, in addition to having had the opportunity to question Mr. Weintraub at the very deposition at issue in the Motion and the Order, counsel for Arizona also had the opportunity to question Mr. Weintraub at trial.

      The final relevant development is the Court's decision to retain jurisdiction over the Arizona action.  In their opposition, Arizona offered as one rationale to deny the request that "[t]his case will soon be remanded.  The Court should defer to the Arizona state court's right to manage pre-trial discovery under the state's rules."  (Pls.' Mem. in Opp'n to Warrick's Renewed Motion for Leave to Take the Deposition of Harvey Weintraub or for Reconsideration of the Decision of the Transferor Court (Aug. 4, 2006) (Docket No. 2960) at 5.)  Of course, the Court declined to remand the case.  Mem. and Order, *In re Pharm. Indus. Average Wholesale Price Litig.,* No. 01-12257-PBS (Oct. 24, 2006) (Docket No. 3265).  By Plaintiffs' logic, then, the

---

[2] Any claim to the contrary is belied by the record.  Tellingly, Hagens Berman repeatedly cited to Mr. Weintraub's trial testimony for purposes of their summary judgment motion in another state action, currently pending before this Court.  (*See* State of Montana's Mem. in Support of Partial Summ. J. Against Certain Defs. (Feb. 8, 2007) (Docket No. 3732) at 7 n.18, n.19; State of Montana's L.R. 56.1 Statement in Supp. of Partial Summ J. Against Certain Defs. (Docket No. 3737) (Feb. 8, 2007) at 2 n.3, 3 n.5.)

Court's retention of jurisdiction over the case strengthens the MDL Court's interest in managing pre-trial discovery in a consistent and efficient manner.  Reconsideration of the Order presents such an opportunity, in light of these subsequent developments as well as the Court's prior decision and other pending, but related, motions.

## CONCLUSION

For the foregoing reasons, the Court should grant Warrick's Motion for Reconsideration of the Court's Order Relating to the Motion for Leave to Take the Deposition of Harvey Weintraub For Purposes of Discovery in the Arizona action.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  April 5, 2007

-9-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                    /s/ Adam Wright
                                                    Adam Wright