UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | |
| ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ) ) | Civil Action No. 01-12257-PBS |
| *State of Montana* v. *Abbott Labs., Inc. et al.*, D. ) Mont. Cause No. CV-02-09-H-DWM ) | Judge Patti B. Saris |
| ) ) ) ) ) ) | |

### SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S RESPONSE TO THE STATE OF MONTANA'S L.R. 56.1 STATEMENT OF ADDITIONAL FACTS RELIED UPON IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendants Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") submit this Response to the State of Montana's statement of additional purported facts upon which it relies in opposition to the Defendants' Joint Motion for Summary Judgment.[1]  Schering and Warrick incorporate by reference the Defendants' Joint Response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment.  Schering and Warrick also join in the Motion to Strike the Declaration of Dorothy Poulson.  To the extent a reply to the purported additional facts in the Montana Response in required, Schering and Warrick state the following on their own behalf.

---

[1] These additional purported facts are found at paragraphs 137 through 144 of the State of Montana's Response to Statement of Undisputed Material Facts in Support of Defendants' Joint Motion for Summary Judgment [Docket No. 3903] (hereinafter the "Montana Response").

137. Schering and Warrick acknowledge only that they provided AWPs to First DataBank.  First DataBank and other publishers determined what AWP was actually published.  *See* Decl. of John H. Ray III (April 5, 2007) Ex. 1 at 26-27, 36, 11.

138. Schering and Warrick respond to the statement in paragraph 138 by incorporating the response provided in Defendants' Joint Response to the State of Montana's Additional Facts Relied Upon by Montana in Response to the Defendants' Motion for Summary Judgment.

139. Schering and Warrick deny that they "controlled what AWP would be" to the extent that this statement constitutes at a legal conclusion and is unsupported by any factual citation to either the record or affidavits as required by Local Rule 56.1.

140. Schering and Warrick deny that they "were aware of Montana's and other states['] use of AWP for reimbursement purposes."  The evidence cited by the State indicates only that Schering and Warrick personnel knew that AWP was used for reimbursement for some payors.  *See* MT Summ J. Exs. 31, 33.  There is no evidence that Schering or Warrick knew that Montana in particular relied on AWP or that it relied upon a specific relationship between AWP and any other measure of drug price.  Warrick was unable to track (let alone market based upon) the myriad reimbursement systems used in various places around the United States.  *See* Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 1 at ¶ 40 (Docket No. 3669).  The record also shows that many drug reimbursements were based on non-AWP formulae.  *See, e.g.,* Mont. Admin. R. 37.86.1105.  For example, where Federal Upper Limits ("FULs") are in place, Montana reimburses a "maximum allowable cost" based on FULs.  *See* Statement of Undisputed Material Facts in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions

10483338_1

2

(the "Schering/Warrick 56.1 Statement") at ¶¶ 22-23 (Docket No. 3665); Declaration of Bryan R. Diederich in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Nevada and Montana Actions Ex. 5 (Peterson Dep. Tr.) at 100-01 (Docket No. 3669). Schering and Warrick dispute the statement in paragraph 140 to the extent that it implies that all drug reimbursements in Montana were based on AWP.

141. Schering and Warrick deny that "[a]ll defendants shared the same understanding that States and other payors based the drug reimbursements on reported AWP[s]." There is no evidence cited in support of this proposition pertaining to either Schering or Warrick. To the extent that the State of Montana relies upon the statement in Paragraph 141 as support for its opposition to summary judgment, it cannot rely upon it with respect to Schering or Warrick. Schering and Warrick incorporate by reference their response to Paragraph 140 and the materials cited therein.

142. Schering and Warrick deny that "this understanding is also reflected in internal defense documents." Schering and Warrick are unsure what the State of Montana means by the term "defense documents" but they are certain that there are no Schering or Warrick documents cited in support of paragraph 142. To the extent that the State of Montana relies upon the statement in Paragraph 142 as support for its opposition to summary judgment, it cannot rely upon it with respect to Schering or Warrick.

143. Schering and Warrick deny the purported facts set forth in Paragraph 143. As stated in the Defendants' Joint Response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment, the record demonstrates that Montana was well aware of the difference between AWP and acquisition cost.

144. Schering and Warrick deny that "Montana Medicaid had no knowledge of the magnitude of spreads between acquisition cost and AWP until after this lawsuit was filed." The

only evidence cited pertaining to Schering and Warrick is contained in Paragraph 26 of the Buska Declaration.  The Buska Declaration indicates that Buska was unaware of the "spreads" calculated by Dr. Hartman for the Schering and Warrick drugs subject to the MDL litigation.  The fact that one person within the Montana Medicaid program was allegedly unaware of the magnitude of spreads is immaterial to the question whether the State of Montana was aware of such information.

Further, the attached document from Dr. Hartman's MDL report referred to in the Buska Declaration contains no information material to the State of Montana's action.  Many of the Schering and Warrick drugs listed in the attached exhibit are physician-administered drugs.  *See, e.g.*, Direct Testimony of Raymond S. Hartman, Nov. 1, 2006 at ¶ 189 and n. 221 (noting that six of the 27 listed Intron NDCs are physician-administered drugs) (Docket No. 3296).[2]  The "spreads" identified in the attachment were incorrectly calculated as they did not properly account for the provision of free goods, as admitted by Dr. Hartmann during the MDL trial.  *See* Rebuttal Testimony of Dr. Raymond H. Hartman, Dec. 15, 2006 at ¶ 8 (Docket No. 3477).  The State of Montana has provided no evidence as to whether Buska was aware of the magnitude of the recalculated spreads.  To the extent that the State of Montana relies upon the statement in Paragraph 144 to avoid summary judgment, it cannot do so with respect to Schering or Warrick.

---

[2] The State of Montana's case is limited to Medicaid reimbursement.  Medicaid reimbursement is for self-administered drugs.

                              Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation
By their attorneys,

  /s/   Bryan R. Diederich
Brien T. O'Connor (BBO# 546767)
Christopher R. Dillon (BBO# 640896)
Bryan R. Diederich (BBO # 647632)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts  02110
(617) 951-7000

Dated:  April 5, 2007

## **CERTIFICATE OF SERVICE**

    I, Christopher R. Dillon, hereby certify that a true copy of the forgoing document was served upon all counsel of record electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this 5th day of April, 2007, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

                                                  /s/ Christopher R. Dillon