# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) |
| *State of Montana v. Abbott Labs., Inc., et al.,* No. 02-CV-12084-PBS<br>D. Mont. Cause No. CV-02-09-H-DWM | )<br>)<br>)<br>) |

MDL No. 1456

Civil Action No. 01-CV-12257-PBS

Judge Patti B. Saris

## FUJISAWA HEALTHCARE, INC. AND FUJISAWA USA, INC.'S RESPONSE TO THE STATE OF MONTANA'S ADDITIONAL FACTS RELIED UPON BY MONTANA IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. (collectively "Fujisawa") submit this response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment ("State's Additional Facts") (Docket No. 3903). Fujisawa joins in the Defendants' Joint Response to the State of Montana's Additional Facts Relied Upon By Montana in Response to Defendants' Motion For Summary Judgment ("Joint Response"), also filed this day. Fujisawa files this supplemental response to address the State of Montana's allegations and materials specifically pertaining to Fujisawa.

The principal allegations of the State, and material cited in support thereof, are found at the State's Additional Facts ¶¶ 137 to 144. The allegations in these paragraphs that pertain to Fujisawa correspond to facts already alleged and materials already submitted by the State in its Memorandum in Support of Motion for Partial Summary Judgment Against Certain Defendants ("State's Mem.") (Docket No. 3732). Fujisawa and Defendants already addressed these alleged facts in Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.'s Individual Opposition to Montana's Motion for Partial Summary Judgment ("Fujisawa Opposition") (Docket No. 3879); the Memorandum in Support of

Defendants' Joint Opposition to the State of Montana's Motion for Partial Summary Judgment Against Certain Defendants ("Defendants' Joint Opposition") (Docket No. 3884); and the Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts ("Defendants' Response to the State's 56.1 Statement.") (Docket No. 3886). Fujisawa incorporates by reference the Fujisawa Opposition and the Defendants' joint submissions, and supplements those submissions herein.

Fujisawa responds to the "additional facts" as follows:

137.    Denied. This alleged fact has already been addressed in Defendants' Response to the State's 56.1 Statement. Furthermore, Plaintiff has failed to support this alleged fact with any document or testimony that names, relates to, or originates from Fujisawa.

138.    Denied. The only Fujisawa materials the State cites in support of its allegation that Fujisawa controlled and set the AWPs for its subject drugs are Documents FJ-MDL 8346 and FJ-MDL 015152-59. These documents demonstrate that drug pricing compendia, and not Fujisawa, controlled the figures published as AWPs. First DataBank witnesses have testified that First DataBank, not the pharmaceutical companies, set First DataBank's AWPs. *See* Fujisawa Opp'n at 3-4 (citations omitted). First DataBank controlled the published AWPs by controlling the "markup" from Wholesale Acquisition Cost ("WAC"). *See id.* Document No. FJ-MDL 8346 confirms that drug pricing databases used Fujisawa's figures only as "suggested" AWPs. *See id.*; Document No. FJ-MDL 8346 (State's Mem. Ex. 12). Document No. FJ-MDL 015152-59 demonstrates that First DataBank, Inc. had multiple price figures upon which to calculate the AWP for each drug, and, therefore, was not constrained by any AWP figure provided by Fujisawa. *See* Fujisawa Opp'n at 3-4; Document No. FJ-MDL 015152-59 (cited as State's Mem. Ex. 13).

139.    Denied. Fujisawa incorporates by reference the response to ¶ 139 in the Joint Response to the State's Additional Facts.

140.    Denied.  This alleged fact has already been addressed in Defendants' Response to the State's 56.1 Statement.

141.    Denied.  The only Fujisawa materials the State cites in support of its allegation that Fujisawa shared an understanding that States and other payors based drug reimbursements on reported AWPs is Fujisawa's Answer to Montana's Second Amended Complaint.  Paragraphs 5 and 162 of Fujisawa's Answer state only that some private and some public reimbursement systems reimburse upon consideration of published AWPs.  *See* Fujisawa Answer ¶ 5 (State's Mem. Ex. 39). Fujisawa's Answer does not demonstrate that it understood that Montana based all drug reimbursements on AWP as reported.  *See id.*  Nor does it demonstrate that Fujisawa had any control over the AWP figure that the drug compendia ultimately published for Fujisawa's drugs.

142.    Denied.  This alleged fact has already been addressed in Defendants' Response to the State's 56.1 Statement.  Furthermore, Plaintiff has failed to support this alleged fact with any document or testimony that names, relates to, or originates from Fujisawa.

143.    Denied.  This alleged fact has already been addressed in Defendants' Response to the State's 56.1 Statement.

144.    Denied.  Fujisawa incorporates by reference the response to ¶ 144 in the Joint Response to the State's Additional Facts.  Furthermore, Plaintiff has failed to support this allegation with any evidence that names, refers to, or originates with Fujisawa.  For instance, none of the alleged "spreads" referenced in, and attached to, the Buska Declaration, which the State cites in support of ¶ 144, reference Fujisawa drugs.  *See* Buska Decl. ¶¶ 19-29 & Exs. (Docket No. 3906).

Respectfully submitted,

REED SMITH LLP

By:   /s/  *Andrew L. Hurst*

Douglas K. Spaulding
Andrew L. Hurst
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)

*Attorneys for Defendants Fujisawa*
*USA, Inc. and Fujisawa Healthcare, Inc.*

Dated:  April 5, 2007

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.'s Response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on April 5, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

_/s/ Andrew L. Hurst_
Andrew L. Hurst