UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) ) | Judge Patti B. Saris |
| *State of Nevada v. American Home Products, et al.,* ) CA No. CV-12086-PBS (Nevada II) ) D. Nev. Cause No. CV-N-02-0202-ECR ) ) |  |

### FUJISAWA HEALTHCARE, INC. AND FUJISAWA USA, INC.'S RESPONSE TO THE STATE OF NEVADA'S ADDITIONAL FACTS RELIED UPON BY NEVADA IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. (collectively "Fujisawa") submit this response to the State of Nevada's Additional Facts Relied Upon by Nevada in Response to Defendants' Joint Motion for Summary Judgment ("State's Additional Facts") (Docket No. 3909). Fujisawa joins in the Defendants' Joint 56.1 Reply to Additional Facts Relied Upon By Nevada in Response to Defendants' Motion For Summary Judgment ("Joint Response"), also filed this day. Fujisawa files this supplemental response to address the State of Nevada's allegations and materials specifically pertaining to Fujisawa.

The principal allegations of the State, and material cited in support thereof, are found at the State's Additional Facts ¶¶ 137 to 144. Defendants have largely addressed the allegations in these paragraphs in Defendants' Joint Memorandum of Law in Support of Their Motion for Summary Judgment ("Defendants' Joint Memorandum") (Docket No. 3631). Fujisawa incorporates by reference the Defendants' Joint Memorandum, and supplements that submission herein.

Fujisawa further responds to the State's Additional Facts as follows:

137.  Denied.  Fujisawa incorporates by reference the response to ¶ 137 in the Joint Response to the State's Additional Facts.  Furthermore, Plaintiff has failed to support this alleged fact with any document or testimony that names, relates to, or originates from Fujisawa.

138.  Denied.  Fujisawa incorporates by reference the response to ¶ 138 in the Joint Response to the State's Additional Facts.  Furthermore, the State's allegations are not supported by the three Fujisawa materials that the State cites in support of its assertion that Fujisawa controlled and set the AWPs for its subject drugs: (1) Paragraphs 6 and 412 of Fujisawa's Answer to the Amended Complaint, (2) Document No. FJ-MDL 8346, and (3) Document No. FJ-MDL 015152-59.  Paragraphs 6 and 412 of Fujisawa's Answer state only that, historically, various compendia published AWPs for Fujisawa products upon consideration of pricing data provided by Fujisawa.  *See* Fujisawa Answer ¶¶ 6, 412.  Fujisawa's Answer does not demonstrate that Fujisawa had any control over the AWP figure that the drug compendia ultimately published for Fujisawa's drugs.  Documents FJ-MDL 8346 and FJ-MDL 015152-59 demonstrate that drug pricing compendia, and not Fujisawa, controlled the figures published as AWPs.  First DataBank witnesses have testified that First DataBank, not the pharmaceutical companies, set First DataBank's AWPs.  *See* Dep. of Kay Morgan at 26:11-27:6, 36:3-19.  First DataBank controlled the published AWPs by controlling the "markup" from Wholesale Acquisition Cost ("WAC").  Document No. FJ-MDL 8346 confirms that drug pricing databases used Fujisawa's figures only as "suggested" AWPs.  *See* Doc. No. FJ-MDL 8346 (State's Mem. Ex. 12).  The document's author questioned what could be done to affect the "mark-up used *by those databases*." *Id.*  Document No. FJ-MDL 015152-59 demonstrates that First DataBank, Inc. had multiple price figures upon which to calculate the AWP for each drug, and, therefore, was not constrained by any AWP figure provided by Fujisawa.  *See* Doc. No. FJ-MDL 015152-59.

139.  Denied.  Fujisawa incorporates by reference the response to ¶ 139 in the Joint Response to the State's Additional Facts.

140.  Denied. Fujisawa incorporates by reference the response to ¶ 140 in the Joint Response to the State's Additional Facts. Furthermore, Plaintiff has failed to support this alleged fact with any document or testimony that names, relates to, or originates from Fujisawa.

141.  Denied. Fujisawa incorporates by reference the response to ¶ 141 in the Joint Response to the State's Additional Facts. Furthermore, the State's allegations are unsupported by the only Fujisawa materials the State cites in support of its contention that Fujisawa shared an understanding that States and other payors based drug reimbursements on reported AWPs: Fujisawa's Answer to Nevada's Amended Complaint. Paragraphs 5 and 162 of Fujisawa's Answer indicate only that some private and some public reimbursement systems reimburse upon consideration of published AWPs. *See* Fujisawa Answer ¶¶ 5, 162. Fujisawa's Answer does not demonstrate that it understood that Nevada based all drug reimbursements on AWP as reported. *See id.* Nor does it demonstrate that Fujisawa had any control over the AWP figure that the drug compendia ultimately published for Fujisawa's drugs.

142.  Denied. Fujisawa incorporates by reference the response to ¶ 142 in the Joint Response to the State's Additional Facts. Furthermore, Plaintiff has failed to support this alleged fact with any document or testimony that names, relates to, or originates from Fujisawa.

143.  Denied. Fujisawa incorporates by reference the response to ¶ 143 in the Joint Response to the State's Additional Facts..

144.  Denied. Fujisawa incorporates by reference the response to ¶ 144 in the Joint Response to the State's Additional Facts. Furthermore, Plaintiff has failed to support this allegation with any evidence that names, refers to, or originates with Fujisawa. Namely, the State cites the declarations of Charles Duarte and Coleen Lawrence in support of ¶ 144. None of the alleged "spreads" referenced in the Duarte and Lawrence declarations – and attached to the Duarte declaration – reference Fujisawa drugs. *See* Duarte Decl. ¶¶ 30-44 & Exs. (Docket No. 3912); Lawrence Decl. ¶¶ 36-39 (Docket No. 3913).

3

        Respectfully submitted,

        REED SMITH LLP

        By:   /s/ *Andrew L. Hurst*

            Douglas K. Spaulding
            Andrew L. Hurst
            1301 K Street NW
            Suite 1100 – East Tower
            Washington, DC 20005
            (202) 414-9200
            (202) 414-9299 (fax)

*Attorneys for Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.*

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.'s Response to the State of Nevada's Additional Facts Relied Upon By Nevada in Response to Defendants' Motion for Summary Judgment was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on April 5, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

　　　　　　　　　　　　　　　　　　　　　/s/ *Andrew L. Hurst*
　　　　　　　　　　　　　　　　　　　　　Andrew L. Hurst