UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) ) Master File No. 01-CV-12257-PBS |
| *State of Nevada v. American Home Prods. Corp., et al.,* D. Nev. Cause No. CV-N-02-0202-ECR | ) ) Judge Patti B. Saris ) ) |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
INDIVIDUAL RULE 56.1 RESPONSE TO THE ADDITIONAL FACTS
RELIED UPON BY THE STATE OF NEVADA IN RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Court for the District of Massachusetts, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby submits this response to the State of Nevada's Additional Facts Relied Upon by Nevada in Response to Defendants' Motion for Summary Judgment ("Nevada's Additional Facts") (Docket No. 3909). Deposition transcripts cited herein are attached as exhibits to the Confidential Declaration of James J. Duffy in Support of Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Nevada in Response to Defendants' Motion for Summary Judgment (the "Confidential Nevada Duffy Decl."), and trial transcripts cited herein are attached as exhibits to the Declaration of James J. Duffy in Support of Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Nevada in Response to Defendants' Motion for Summary Judgment (the "Nevada Duffy Decl."). AstraZeneca

incorporates by reference the Defendants' Joint 56.1 Reply to Additional Facts Relied Upon by Nevada in Response to Defendants' Motion for Summary Judgment (the "Joint Nevada Reply 56.1 Stmt."), filed jointly on behalf of all Defendants.

The purported additional facts, and materials cited in support thereof, are found at ¶¶ 137 to 144 of Nevada's Additional Facts. [1] AstraZeneca responds to these purported additional facts as follows.

**137 and 139.** *See* Responses No. 137 and No. 139, Joint Nevada Reply 56.1 Stmt. at 1-2.

In addition, AstraZeneca disputes that it caused AWPs for its drugs to be published by First DataBank. The deposition testimony of AstraZeneca employee Steve Buckanavage, upon which the State of Nevada relies, deals with AstraZeneca's reporting of suggested AWPs to Red Book, not First DataBank. (Deposition of Steve Buckanavage, dated June 8, 2005, at 147, Confidential Nevada Duffy Decl. ¶ 2, Ex. 1.)

Patricia Kay Morgan, the Manager of Product Knowledge-Based Services at First DataBank, testified that the AWPs published by First DataBank were not set by the pharmaceutical manufacturers, but instead by First DataBank itself based on wholesaler surveys. (Deposition of Patricia Kay Morgan, dated January 11, 2005 ("Morgan II Dep."), at 26-27, 36, Confidential Nevada Duffy Decl. ¶ 4, Ex. 3; Deposition of Patricia Kay Morgan, dated January 28, 2002 ("Morgan I Dep."), at 68-69, Confidential Nevada Duffy Decl. ¶ 3, Ex. 2.)

---

[1] The purported facts found at ¶¶ 137 to 144 of Nevada's Additional Facts correspond to facts already alleged and materials already submitted by the State of Montana in its L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3737). These purported facts have already been addressed in Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts (Docket No. 3886) and AstraZeneca's Counter Statement of Disputed Facts in Response to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3893), which are also incorporated by reference herein.

Ms. Morgan also testified that, even when pharmaceutical manufacturers submitted "suggested AWPs," they were disregarded by First DataBank when determining what AWP percentage mark-up to employ. (Morgan I Dep. at 71, Confidential Nevada Duffy Decl. ¶ 3, Ex. 2.)

Ms. Morgan further testified that while AstraZeneca had submitted "suggested" AWPs for its drugs, these were often disregarded in setting the published AWPs. (Morgan II Dep. at 111-12, Confidential Nevada Duffy Decl. ¶ 4, Ex. 3.)

**144.** *See* Response No. 144, Joint Nevada Reply 56.1 Stmt. at 4.

As support for this "additional fact," Nevada cites to Paragraphs 30-44 of the Declaration of Charles Duarte in Support of State of Nevada's Opposition to Defendants' Joint Motion for Summary Judgment ("Duarte Declaration" or "Duarte Decl.").[2]  Attached as Exhibit B to the Duarte Declaration is a table that was prepared by the State's expert, Raymond S. Hartman, which lists the alleged annual spreads for the AstraZeneca drug Zoladex. *See* Duarte Decl. ¶ 38, Ex. B. This table was "provided as an exhibit to [the] direct testimony of [Dr. Hartman] in the MDL trial." *Id.*  Relying upon this table, Mr. Duarte states in his Declaration that: "I had *never* been aware that spreads of this magnitude existed. There was nothing in my experience as a Nevada Medicaid employee or in anything I had ever read that put me on notice of spreads of this level." *Id.*[3]

---

[2] Nevada also cites to Paragraphs 36-39 of the Declaration of Colleen Lawrence in Support of State of Nevada's Opposition to Defendants' Joint Motion for Summary Judgment.

[3] Mr. Duarte also states that the "spreads varied from a low of 250.89% to a high of 169.31%." Duarte Decl. ¶ 38. This statement is not correct. The spreads in Dr. Hartman's table vary from a low of *20.89%* to a high of 169.31%. *See id.*, Ex. B.

3

The spreads contained in Dr. Hartman's table, however, are inflated and based upon a faulty methodology and, therefore, should be stricken by the Court.  In calculating these spreads, Dr. Hartman calculated the average sales price ("ASP") for Zoladex by incorporating 50% of the units of all Zoladex samples distributed by AstraZeneca in the relevant time period.  (Trial transcript from day nine of the bench trial in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, dated November 21, 2006, at 76-84, Declaration of James J. Duffy in Support of Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Nevada in Response to Defendants' Motion for Summary Judgment, ¶ 2, Ex. 1.)  When asked how he derived this 50% assumption, Dr. Hartman responded it was the product of "a coin toss."  *Id.* at 82.  Based on this unsupported assumption and faulty methodology, the Court struck the spreads calculated by Dr. Hartman for Zoladex, *id.* at 83-84, which the State now submits and relies upon as part of its additional facts.

Dated:   Boston, Massachusetts
         April 5, 2007

                                        By:   /s/ Katherine B. Schmeckpeper

                                              Nicholas C. Theodorou (BBO # 496730)
                                              Katherine B. Schmeckpeper (BBO #663200)
                                              FOLEY HOAG LLP
                                              155 Seaport Blvd.
                                              Boston, Massachusetts  02210
                                              Telephone:  (617) 832-1000

        D. Scott Wise (admitted *pro hac vice*)
        Michael S. Flynn (admitted *pro hac vice*)
        James J. Duffy (admitted *pro hac vice*)
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, New York  10017
        Telephone:  (212) 450-4000

        *Attorneys for Defendant AstraZeneca*
        *Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 5, 2007, a true and correct copy of the foregoing, Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Nevada in Response to Defendants' Motion for Summary Judgment, was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                              /s/ Katherine B. Schmeckpeper
                                              Katherine B. Schmeckpeper