UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) Civil Action No. ) 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | ) ) Judge Patti B. Saris |
| *State of Nevada v. American Home Prods. Corp., et al.,* D. Nev. Cause No. CV-N-02-0202-ECR | ) ) ) ) |

**DEFENDANTS' JOINT 56.1 REPLY TO ADDITIONAL FACTS RELIED UPON BY NEVADA IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendants submit this joint response to the State of Nevada's Additional Facts Relied Upon by Montana [sic] in Response to Defendants' Motion for Summary Judgment ("State's Additional Facts") (Docket No. 3909). The State's additional facts are found in Paragraphs 137 through 144; and the Defendants jointly respond as follows:[1]

137.  Denied.  Nevada's allegations that "Defendants caused AWPs to be published" are legal conclusions, and are not supported by the alleged facts.  In addition, Nevada has not cited evidence as to "each Defendant," and the cited evidence does not support the proposition that Defendants caused AWPs to be published.  Defendants state that First DataBank and other publishers determined what they reported and had no obligation to follow any suggestion by

---

[1] In many instances, the State has cited to evidence that it has submitted in response to the Defendants' Montana summary judgment motion.  Accordingly, where applicable, Defendants hereby incorporate their responses to the Montana statement of additional facts.  In addition, the State has not yet responded to the Defendants individual memoranda in support of their motions for summary judgment. The Defendants reserve their rights to supplement the record regarding the State's individual allegations at the time they reply to the State's individual oppositions.

1

Defendants.  Declaration of Carisa A. Klemeyer, dated April 5, 2007, Tab 102 (Morgan Dep. at 26-27, 36, 111)[2].

138.   Denied.  Nevada's allegations are not supported by the alleged facts.  In addition, Nevada has not cited evidence as to "each Defendant," and the cited evidence does not support the proposition that Defendants caused AWPs to be published.   Defendants state that First DataBank and other publishers determined what they reported and had no obligation to follow any suggestion by the Defendants.  Tab 102 (Morgan Dep. at 26-27, 36, 111).

139.   Denied.  Nevada's allegations of "control" are legal conclusions.  Nevada has not alleged any facts in support of this statement.  In addition, Defendants state that First DataBank and other publishers determined what they reported and had no obligation to follow any suggestion by any Defendant.  Tab 102 (Morgan Dep. at 26-27, 36, 111).

140.   Denied.  Nevada's allegations are not supported by the alleged facts, and Nevada lacks evidence against each Defendant.  Furthermore, the evidence cited by Nevada does not demonstrate that Defendants shared the understanding of the term AWP that Nevada advances in this litigation.  In addition, Defendants state that Nevada based its drug reimbursement on several different factors at different times, including AWP-5%, AWP-10%, AWP-15%, DOJ AWP, FUL, state MAC, usual and customary charge and billed charge.  NSOF at ¶¶ 8-12.[3]  Nevada has not provided evidence regarding the basis of its reimbursement for the Defendants' drugs.  NSOF ¶¶ 128-33.

141.   Denied.  Defendants incorporate their Response to Paragraph Number 140 and supporting facts.   Nevada has not cited evidence as to each Defendant, and the cited evidence

---

[2] Citations to "(Tab __) "refer to the exhibits attached to the Declaration of Carisa A. Klemeyer dated April 5, 2007.

[3] All citations to Defendants Joint 56.1 Statement and particular paragraphs therein, include and incorporate all supporting evidence associated with each paragraph.

does not support the proposition that Defendants caused AWPs to be published.  Moreover, none of the evidence cited by Nevada supports a "shared understanding."

142.   Denied.  Defendants incorporate their Response to Paragraph Number 140 and supporting facts.  Nevada has not cited evidence as to each Defendant, and the cited evidence does not support the proposition that Defendants caused AWPs to be published.  Moreover, none of the evidence cited by Nevada supports a "shared understanding."

143.   Denied.  Nevada's allegations are not supported by the alleged facts and Nevada was aware of the difference between AWP and acquisition cost.  *First*, since 1969, the federal government has sent Nevada over 30 reports documenting that AWP exceeds actual acquisition costs by great and varied amounts.  NSOF at ¶¶ 23-39; (*see also* Attachment C to *Defendants' Joint Motion To Strike The Declarations Of Charles Duarte And Coleen Lawrence Submitted In Support Of State Of Nevada's Opposition To Defendants' Joint Motion For Summary Judgment* (listing and summarizing OIG reports since May 2000)).  *Second*, Nevada commissioned its own pharmacy acquisition study in 2002, which showed that in Nevada AWP exceeded acquisition cost by 19.3% for brand drugs, by 35.1% for generic drugs without a FUL, and by 83.1% for generic drugs with a FUL.  NSOF ¶ 81.  *Third*, several Defendants reported their prices directly to Nevada Medicaid beginning in 2002.  NSOF ¶ 109.  *Fourth*, over thirty Nevada facilities purchase drugs directly through the Minnesota Multistate Contracting Alliance for Pharmacy (MMCAP), a multistate purchasing consortium, which provided its members access to actual drug prices.  NSOF ¶¶ 62-66.  Nevada facilities began purchasing drugs through MMCAP and had direct access to drug prices as early as May 1992.  NSOF ¶ 63.  Nevada State Hospitals submit claims directly to Nevada Medicaid for the drugs they purchase directly.  NSOF ¶ 68.  *Fifth*, Nevada had information that at least three other Nevada pharmacy programs, the

Department of Mental Health, Public Employee Benefits, and Senior Rx, acquired and/or reimbursed drugs at amounts substantially below Nevada Medicaid.  NSOF ¶¶ 92-102.  *Sixth*, to address the State's spoliation of evidence, the Court has entered certain fact admissions that contradict the State's allegations.  Rep. and Recs. re: Defs.' Joint M. for Redress for Spoliation of Evidence at 27 (Mar. 14, 2007) (Docket No. 3843, adopted by the Court on March 29, 2007).

  144. Denied.  Defendants incorporate their Response to Paragraph Number 143 and supporting facts.  In addition, Defendants state that Mr. Michael Willden, the Director of Nevada's Department of Health and Human Services, had knowledge of reimbursement spreads as large as AWP-20.5% for branded drugs and AWP-45% for generics through other state programs for which he was responsible.  NSOF at ¶¶ 92-97.  Mr. Keith MacDonald and Ms. Laurie Squartsoff, the Medicaid officials responsible for reimbursement rates between 1981 and 2000 had knowledge of the magnitude of spreads between acquisition cost and AWP.  NSOF at ¶¶ 42-53, 103-04.  In 1986, Mr. McDonald reviewed a federal report disclosing that in Nevada the difference between AWP and actual acquisition costs was 18.85%.  *Id.* at ¶ 46.  In 1995, Ms. Squartsoff reported that Nevada's workers' compensation program reimbursed generic drugs at AWP-40%.  *Id.* at ¶ 104.  Furthermore, Defendants have moved to strike the testimony cited by the State in Paragraph 144 as it is inconsistent with Mr. Duarte's and Ms. Lawrence's prior deposition testimony and contradicted by the fact admissions entered by the Court.  Defendants hereby incorporate the facts cited in *Defendants' Joint Motion To Strike The Declarations Of Charles Duarte And Coleen Lawrence Submitted In Support Of State Of Nevada's Opposition To Defendants' Joint Motion For Summary Judgment.*

*Respectfully submitted on behalf of the Nevada II Defendants,*

/s/ Christopher R. Dillon
Steven A. Kaufman (BBO # 262230)
Brien T. O'Connor (BBO# 546767)
Christopher R. Dillon (BBO# 640896)
John H. Ray, III, (BBO# 664184)
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  April 5, 2007

## CERTIFICATE OF SERVICE

I, Christopher R. Dillon, hereby certify that a true copy of the foregoing document was served upon all counsel of record electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this 5th day of April, 2007, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

/s/   Christopher R. Dillon