UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF THOMAS R. GLENN
## REGARDING MAILING AND PUBLICATION OF THE NOTICE TO
## CONSUMER CLASS MEMBERS AND THIRD-PARTY PAYOR

The undersigned, THOMAS R. GLENN, being duly sworn, deposes and states that:

1.  I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing and publication of Notice to Consumer Class Members in Class "1" ("Consumer Class Members") and Third-Party Payor ("TPP") Class Members in Classes "2" and "3" ("TPP Class Members") ("AWP Litigation"). I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2.  I am the Senior Vice President and Chief Operating Officer of Complete Claim Solutions, LLC ("CCS").

3.  CCS has been a Notice and/or Claims Administrator for over eight (8) pharmaceutical settlements, such as: Hytrin[1], Augmentin[2], Lupron[3], Paxil[4], Relafen[5], Remeron[6], Warfarin[7], and GSK-AWP[8] which included consumer classes.

---

[1] In re Terazosin Hydrochloride Antitrust Litigation (S.D.Fl. MDL No. 1317)
[2] Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation (E.D.Va 2:02cv442)
[3] In Re Lupron® Marketing And Sales Practices Litigation (D.Ma. M.D.L. 1430)
[4] Nichols, et al., v. Smithkline Beecham Corporation (E.D.Pa. 00-CV-6222)
[5] *In Re Relafen Antitrust Litigation (D.Ma. 01-CV-12239-WGY)*
[6] In Re: Remeron End Payor Antitrust Litigation (D.N.J. 02-2007 (FSH))
[7] In re Warfarin Sodium Antitrust Litigation (D.De. MDL No. 98-1232)
[8] In Re Pharmaceutical Industry Average Wholesale Price Litigation (D.Ma. Mdl. No. 1456)

4.      CCS was appointed as the Litigation Administrator by the Court to assist in the process of providing notice of the pendency of the litigation to the potential Class Members in this Action. Specifically, CCS was retained to cause the Consumer Notice and Exclusion Form ("Consumer Notice Packet") and the TPP Notice ("TPP Notice Packet") to be printed and mailed to potential Class Members.

5.      As stated in the Declaration of Charlene Young dated March 27, 2006, previously filed with this Court, CCS mailed over 948,000 Consumer Notice Packets in the initial mailing between December 26, 2006 and December 28, 2006.

6.      As of April 4, 2007, CCS has received 22,840 opt-out forms.

7.      Based upon CCS's experience, the number of opt-out requests in AWP appear to be extraordinarily high. In order to give the Court some context, attached hereto as Exhibit "A" is a chart which illustrates the number of claims filed by Consumers and TPPs as well as the number of opt-out requests filed by Consumers and TPPs in seven other cases involving pharmacuticals.

8.      It should be noted that in the GSK-AWP Settlement there also appears to be an extraordinarily high amount of opt-out requests. The claims process in the GSK-AWP Settlement is ongoing, however the following outlines the statistics for the GSK-AWP Settlement.

9.      CCS received 2,448,893 records from The Department of Health and Human Services which were uploaded into a segregated database. CCS scrubbed the data for duplicative records, resulting in 2,447,079 records for mailing (the "GSK-AWP database").

10.     CCS caused the Consumer Notice Packets to be printed and commencing on January 25, 2007, CCS mailed Consumer Notice Packets by standard First-Class U.S. mail, postage prepaid, to 2,447,079 Consumer Class Members in the GSK-AWP database as described in ¶ 9, above.

11.     As of April 4, 2007, an additional 1,743 Consumer Notice Packets have been requested.

12. As of April 4, 2007, the United States Postal Service ("USPS") returned 2,196 Consumer Notice Packets as undeliverable with a forwarding address. Through April 4, 2007, CCS subsequently re-mailed Consumer Notice Packets to the addresses provided by the USPS.

13. As of April 4, 2007, the USPS returned 59,496 Consumer Notice Packets as undeliverable without forwarding addresses.

14. CCS utilized the services of Accurint, an address database service to which CCS subscribes, seeking updated addresses for Class Members to which Consumer Notice Packets were returned as undeliverable, referred to in ¶9, above. As a result, CCS received 13,958 updated addresses from Accurint and CCS subsequently re-mailed Consumer Notice Packets to the updated addresses through April 4, 2007.

15. Through April 4, 2007, CCS has received 7,822 Consumer claims and 18,882 Consumer Exclusion Forms. Through April 4, 2007, CCS has also received 62 TPP claims and 6 TPP Exclusion Forms. The claim filing deadline is My 28, 2007 and the deadline to request exclusion is May 27, 2007.

16. CCS, in the process of reviewing approximately 950 Consumer claim forms received, discovered that approximately 60 claimants had completed and returned both the Consumer Exclusion Form and the Consumer Claim Form.

17. Ryan Walter, CCS's Project Manager for GSK-AWP, personally called 20 of the approximate 60 claimants referred to in ¶12, above, in an attempt to ascertain the intention of each of these Consumer claimants.

18. Mr. Walter was able to speak with 11 Consumer claimants, which resulted in the following:
    a. Three (3) were not Class Members and returned both forms even though they had not taken the drugs at issue;
    b. Two (2) meant to make a claim in the case and did not understand that they were excluding themselves by returning the exclusion form;
    c. Five (5) indicated that they wished to opt-out of the case; and

15. Based upon CCS's experience, the chart referred to in ¶ 7 above, and the statistics in the GSK-AWP Settlement, the opt-out requests in both the AWP Litigation and the GSK-AWP Settlement appear to be extraordinarily high.

16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Thomas R. Glenn

Sworn to before me on this the

5th day of April, 2007

_____
Notary Public

Notary Public State of Florida
E A Nelson-Cook
My Commission DD441211
Expires 06/25/2009

# EXHIBIT A

# EXHIBIT A

In Re Pharmaceutical Industry AWP Litigation

| Settlement | # Of Consumer Claims | # Of Consumer Opt Outs | # Of TPP Claims | # Of TPP Opt Outs |
|---|---|---|---|---|
| Augmentin | 2,190 | 2 | 2,707 | 54 |
| Hytrin | 3,247 | 2 | 1,829 | 31 |
| Lupron | 14,028 | 188 | 1,681 | 16 |
| Paxil | 65,088 | 10 | 5,154 | 23 |
| Relafen | 3,707 | 107 | 2,075 | 40 |
| Remeron | 75,833 | 72 | 2,835 | 15 |
| Warfarin | 48,696 | 127 | 1,073 | 19 |