UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs Inc., et al.,*<br>Cause No. CV-02-09-H-DWM | )<br>) MDL No. 1456<br>)<br>) Master File No. 01-CV-12257-PBS<br>)<br>) Judge Patti B. Saris<br>) |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
INDIVIDUAL RULE 56.1 RESPONSE TO THE ADDITIONAL FACTS
RELIED UPON BY THE STATE OF MONTANA
<u>IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Court for the District of Massachusetts, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby submits this response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment ("Montana's Additional Facts") (Docket No. 3903). Documents and trial transcripts cited herein are attached as exhibits to the Declaration of James J. Duffy in Support of Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Montana in Response to Defendants' Motion for Summary Judgment (the "Montana Duffy Decl."). AstraZeneca incorporates by reference the Defendants' Joint Response to the State of Montana's Additional Facts Relied Upon by Montana in Response to Defendants' Motion for Summary Judgment (the "Joint Montana Reply 56.1 Stmt."), filed jointly on behalf of all Defendants.

The purported additional facts, and material cited in support thereof, are found at ¶¶ 137 to 144 of Montana's Additional Facts. The allegations in these paragraphs correspond to facts

already alleged and materials already submitted by the State in its L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3737).  These alleged facts have already been addressed in Defendants' Joint Response to the State of Montana's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment Against Certain Defendants and Supplemental Statement of Undisputed Facts (Docket No. 3886) and AstraZeneca's Counter Statement of Disputed Facts in Response to the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Certain Defendants (Docket No. 3893), which are also incorporated by reference herein.

AstraZeneca responds to Montana's Additional Facts as follows.

**144.** As support for this "additional fact," Montana cites to Paragraphs 19-29 of the Declaration of Jeff Buska in Support of State of Montana's Opposition to Defendants' Joint Motion for Summary Judgment ("Buska Declaration" or "Buska Decl.").  Attached as Exhibit B to the Buska Declaration is a table that was prepared by the State's expert, Raymond S. Hartman, which lists the alleged annual spreads for the AstraZeneca drug Zoladex.  *See* Buska Decl. ¶ 23, Ex. B.  This table was "provided as an exhibit to [the] direct testimony of [Dr. Hartman] in the MDL trial."  *Id.*  Relying upon this table, Mr. Buska states in his Declaration that:  "I had *never* been aware that spreads of this magnitude existed.  There was nothing in my experience as a Montana Medicaid employee or in anything I had ever read that put me on notice of spreads of this level."  *Id.*

As an initial matter, spreads regarding Zoladex are not relevant to the issues in this litigation because any Medicaid-related claims relating to Zoladex are barred by the 2003 settlement between the State of Montana and AstraZeneca.  (Settlement Agreement and Release

2

by and among AstraZeneca Pharmaceuticals LP, Zeneca, Inc., and the Office of the Attorney General of the State of Montana (Medicaid Fraud Control Unit), effective date September 4, 2003 (MT 037926-46), at 7 ¶ III.2, Montana Duffy Decl. ¶ 2, Ex. 1.)

Further, the spreads contained in Dr. Hartman's table are inflated and based upon a faulty methodology and, therefore, should be stricken by the Court.  In calculating these spreads, Dr. Hartman calculated the average sales price ("ASP") for Zoladex by incorporating 50% of the units of all Zoladex samples distributed by AstraZeneca in the relevant time period.  (Trial transcript from day nine of the bench trial in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, dated November 21, 2006, at 76-84, Montana Duffy Decl. ¶ 3, Ex. 2.)  When asked how he derived this 50% assumption, Dr. Hartman responded it was the product of "a coin toss."  *Id.* at 82.  Based on this unsupported assumption and faulty methodology, the Court struck the spreads calculated by Dr. Hartman for Zoladex, *id.* at 83-84, which the State now submits and relies upon as part of its additional facts.

Dated:   Boston, Massachusetts
            April 5, 2007

By:   /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts  02210
Telephone:  (617) 832-1000

D. Scott Wise (admitted *pro hac vice*)
Michael S. Flynn (admitted *pro hac vice*)
James J. Duffy (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York  10017
Telephone:  (212) 450-4000

*Attorneys for Defendant AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2007, a true and correct copy of the foregoing, Defendant AstraZeneca Pharmaceuticals LP's Individual Rule 56.1 Response to the Additional Facts Relied Upon by the State of Montana in Response to Defendants' Motion for Summary Judgment, was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper