**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANT ASTRAZENECA'S MOTION TO DECERTIFY CLASS 1**

The Class 2 and 3 trial made the facts crystal clear.  AstraZeneca published phony

AWP's and increased the spread between a doctor's cost and reimbursement in order to increase

its market share.  It actually increased the spread while the government was trying to understand

the truth during the period 1997-2002.  AstraZeneca cannot produce a scintilla of evidence in the

consumer trial that any consumer was aware that their co-payment was based on a phony price or

that any consumer was aware that his or her doctor was picking a drug based on which company

promised the most profit at the expense of the consumer and Medicare.  AstraZeneca also cannot

dispute that if it had published a real AWP, the price for Zoladex and consumer's co-payments

would have been lower.  In a trial involving deception and unfair conduct for Class 1

AstraZeneca has no defense.  Indeed, Class Plaintiffs believe that the Court should enter

judgment as to liability and that the only triable issues are the amount of damages.

Realizing this, AstraZeneca's only defense is to again try to fight off class certification.

And AstraZeneca attempts to do so by moving to decertify and by way of a separate motion

claiming that rather than award aggregate damages each consumer must prove damages on a one

by one basis.

- 1 -

If the Court were to grant either motion, this litigation, at least for Class 1, would come to an end and AstraZeneca would escape paying the victims[1] once again as no cancer survivor is going to individually litigate.  And of course if it's over for AstraZeneca, it's over for all of Class 1.  Every injured consumer in the states would have no day in court.

However, this is precisely the type of case Rule 23 was enacted for – relatively small claims too costly for an individual to pursue.  Thus, Rule 23 allows the aggrieved individuals to pursue their case on a class basis.  The Court should not lose sight of the purpose of the Rule and AstraZeneca's motivation in bringing this motion.

Given the liability verdict it surely faces, AstraZeneca now asks this Court to decertify the 41-state[2] Consumer Class because Class Plaintiffs did not produce an updated trial plan in March, as AstraZeneca unilaterally demanded.  This Court, on the other hand, instructed Class Plaintiffs to explain on April 6, 2007, how they intend to proceed with a class trial.  As requested, Class Plaintiffs are filing on that date materials that do just that.  Class Plaintiffs will be proposing jury instructions that demonstrate how the jury can evaluate AstraZeneca's culpability under the 41 states' respective consumer protection acts ("CPAs").  Such an assessment will be manageable.

To support its motion, AstraZeneca asserts the Court agreed that Class Plaintiffs must submit a new trial plan, but it cites only the Court's instruction that it is Plaintiffs' burden to show that grouping state laws for manageability purposes is feasible.  AstraZeneca Br. at 4 (quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 84 (D. Mass. 2005)).  Class Plaintiffs' April 6 filings will meet this burden.

---

[1] The government charged AstraZeneca with unlawful activity that included publishing phony AWP and marketing the spread.  Though the plea was for free goods, the settlement was based on the government's total damages.  The government did not seek restitution for the class.

[2] Plus the District of Columbia.

001534-16  162304 V1

Raising a straw man, AstraZeneca next argues that Class Plaintiffs cannot meet their burden by submitting jury instructions that amalgamate the consumer protection laws of the 41 states (plus the District of Columbia) into a single "National Consumer Protection Act" that does not reflect their respective idiosyncrasies.  But as the Court and AstraZeneca will find on April 6, Class Plaintiffs will not propose instructions derived from any such amalgamated or consolidated national CPA.  AstraZeneca's argument thus merits no attention.

AstraZeneca's motion should be denied.[3]

Respectfully Submitted,

DATED:  April 5, 2007

By     /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

---

[3] Any argument over the proposed jury instructions should be in briefing separate from AstraZeneca's present motion.  If AstraZeneca files a reply to this motion to assert new argument based on Class Plaintiffs' proposed jury instructions, Class Plaintiffs will request leave to respond.

001534-16 162304 V1

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

001534-16  162304 V1

- 5 -

## <u>CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE</u>

Docket No. MDL 1456


I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 5, 2007, I caused copies of **CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ASTRAZENECA'S MOTION TO DECERTIFY CLASS 1** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


<u>/s/ Steve W. Berman</u>
Steve W. Berman

001534-16  162304 V1