IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. Abbott Labs., Inc., et al.,* C.A. No. 02-00260-ECR (Nevada I)<br><br>*State of Nevada v. American Home Products, et al.,* C.A. No. 02-12086-PBS (Nevada II) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |

## BAYER'S MOTION FOR CLARIFICATION

Bayer Corporation ("Bayer") respectfully requests the Court to clarify one aspect of its Order of March 26, 2007, granting Defendants' Joint Motion for Redress for Spoliation of Evidence (the "Spoliation Motion"). Specifically, the Court stated that "sanction #5 [was] overbroad" and "limited [it] to the four drug manufacturers (Bayer, TAP, Warrick, and Schering), who provided information at the earliest 2002." As to Defendant Bayer, however, this statement is incorrect, because there is no dispute that Bayer's Average Sales Price ("ASP") reports were first sent to Nevada Medicaid on August 15, 2001 and continued every quarter after that for a period of five years. Bayer therefore requests that the March 26, 2007 Order be clarified to state: "I reject sanction #5 as overbroad; it shall be limited to the four drug manufacturers (Bayer, TAP,

Warrick, and Schering), who provided actual sales price information." In further support of this Motion, Bayer states as follows:

1.  In its March 26, 2007 Order, the Court adopted the Report and Recommendation of Magistrate Judge Bowler regarding the Spoliation Motion (the "Report") (Docket No. 3843).  Among other things, the Report concluded that the State of Nevada was at the very least negligent in failing to preserve documents reflecting "communications between Nevada and defendants in which defendants reported their sales prices to Nevada, dating from both before litigation and after the filing of the claim."  Report at 5.  As a sanction for Nevada's spoliation, Magistrate Judge Bowler recommended that the Court deem as established for purposes of the litigation a numbered list of facts, including:

> 5.  From 2001 to the present, Nevada received from defendants communications stating the actual sales price information from the manufacturers and that this sales price was different from AWP.

Report at 27 (hereafter "Sanction No. 5").  In its March 26 Order, the Court found that "sanction #5 [was] overbroad" and "limited [it] to the four drug manufacturers (Bayer, TAP, Warrick, and Schering), who provided information at the earliest 2002."

2.  As the Court's Order reflects, Bayer was indeed one of the defendants that for years communicated its average sales prices to Nevada.  However, Bayer began doing so before 2002.  Under the terms of a 2001 settlement agreement with Nevada, Bayer reported the average sales prices ("ASPs") for every one of its medicines to the State on a quarterly basis for five years beginning on August 15, 2001.  *See*

Declaration of Michael Doss ¶ 3, attached hereto as Exhibit A.  Certified mail receipts demonstrate that Nevada received each of these reports.  *See id.* ¶ 2.  Although Nevada was unable to produce these 2001 ASP reports from its files, there is no dispute that Nevada Medicaid received them.  *See id.* ¶ 4.

3. Thus, as to Bayer, the language in the Court's Order stating that the company provided ASPs "at the earliest 2002" is incorrect.  The Court's March 26 Order can be clarified to make it consistent with the facts by simply deleting the last clause, that is, to state as follows:  "I reject sanction #5 as overbroad; it shall be limited to the four drug manufacturers (Bayer, TAP, Warrick, and Schering), who provided actual sales price information."

WHEREFORE, Bayer respectfully requests that its Motion for Clarification be GRANTED and that the Court modify its order in accordance with paragraph 3 above.

Respectfully submitted,

Dated:  April 6, 2007            \_\_\_\_\_/s/ Richard D. Raskin_____
Richard D. Raskin
Michael Doss
Ben Keith
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
312-853-7000 (tel.)
312-853-7036 (facsimile)

3

## CERTIFICATE OF SERVICE

       I hereby certify that on April 6, 2007, I caused a true and correct copy of Defendant Bayer Corporation's Motion for Clarification to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                            /s/ Michael Doss