**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| CLASS 1 JURY TRIAL (ASTRAZENECA) | Judge Patti B. Saris |

**CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE RELATING TO REVENUES OR PROFITS
FROM THE "LIABILITY TRIAL"**

As the Track 1 Defendants did in the Class 2 and 3 trial, they again try to limit the current trial to "liability." The Court has never limited the trial to liability. However, the scope of the trial does not affect the issue of evidence as to AstraZeneca's revenues or profits.

First, AstraZeneca does not focus its motion on any specific document or testimony. It instead seeks a blanket prohibition on any evidence of profits or revenues. But Plaintiffs do not seek to introduce evidence of AstraZeneca's overall profitability as a company, so AstraZeneca's motion is overbroad.

Second, Plaintiffs *do* seek to introduce evidence of AstraZeneca's revenues and profits from the sales of Zoladex. Such evidence is plainly relevant. The theme of Plaintiffs' case is that AstraZeneca marketed the spread to gain market share. Market share in part is reflected in revenues. The jury should see and understand the revenues realized from the scheme. And while AstraZeneca claims it "had to" compete based on "Return to Practice," it increased the spread and its revenues in the process. Revenue and profit information on Zoladex will place the

"we were helping consumers" defense in perspective.  Indeed, it would be prejudicial to Plaintiffs to allow AstraZeneca to parade its "we were a lower cost alternative" to Lupron defense, without showing how AstraZeneca benefited from its unlawful conduct through increased revenues of Zoladex.

| | |
|---|---|
| DATED:  April 6, 2007 | By     /s/ **Steve W. Berman**         <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 3 -

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 4 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

      I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 6, 2007, I caused copies of **CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO REVENUES OR PROFITS FROM THE "LIABILITY TRIAL"** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

        /s/ Steve W. Berman
      Steve W. Berman

- 4 -