## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

———————————————————————

THIS DOCUMENT RELATES TO
01-CV-12257-PBS and 01-CV-339

———————————————————————

)
)
)
)
)
)
)
)
)
)
)

MDL No. 1456

Judge Patti B. Saris

TRIAL OF CLASS 1 CLAIMS

### DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW: (A) REGARDING CLASS 1 JURY INSTRUCTIONS AND (B) IN RESPONSE TO THE COURT'S REQUEST TO IDENTIFY STATES THAT SHOULD BE EXCLUDED FROM THE CLASS 1 TRIAL

In accordance with the Court's March 7, 2007 Amended Pretrial Order, AstraZeneca

Pharmaceuticals LP ("AstraZeneca") submits herewith proposed jury instructions for 39 states[1]

and, pursuant to the Court's directive at the March 26 status conference, identifies those states

that should be excluded from any Class 1 trial against AstraZeneca.[2]  AstraZeneca acknowledges

the Court's reluctance to charge the jury on state-specific issues, (Tr. 16: 24 (Mar. 26, 2007)),

but in light of governing law and in the absence of a Trial Plan from Plaintiffs, AstraZeneca

———————————————————————

[1] AstraZeneca has not included jury instructions for South Carolina and Tennessee because class actions are impermissible under these states' consumer protection laws as discussed in Section II.A. below.  Furthermore, Maine was excluded from the Court's class certification order.  See In re Pharmaceutical Indus. Average Wholesale Price Litig,, 233 F.R.D. 229, 230-31 (D. Mass. 2006).

[2] Contemporaneously herewith and pursuant to the Court's directive, AstraZeneca is submitting a motion to exclude from any Class 1 proceeding consumers in Arizona, Arkansas, Colorado, Connecticut, Delaware, Hawaii, Illinois, Indiana, Kansas, Maryland, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia, in addition to one of the two California statutes under which the class was certified.  AstraZeneca still awaits the presentation by Plaintiffs of their trial plan, as well as the Court's rulings with respect to how the jury will be instructed, and will address any remaining issues under Rule 23, the Rules Enabling Act and the U.S. Constitution once it has had an opportunity to review the trial plan.

believes the law requires it to submit the attached state-specific jury instructions.[3]  AstraZeneca's proposed instructions are attached hereto as Exhibit 1 (General Instructions) and Exhibit 2 (Substantive Instructions).

## PRELIMINARY STATEMENT

At the March 26 status conference, responding to the position that variations in the applicable state consumer protections laws ("CPLs") must be respected, the Court expressed concern that "state-specific" instructions would "overwhelm a jury" and suggested the need for "common issues" to make Plaintiffs' claims subject to class-wide adjudication.  (Tr. 16: 24 (Mar. 26, 2007)).

As noted in AstraZeneca's prior submissions, however, it is impermissible for a federal court to manufacture a "national consumer protection statute" in order to deliver a "composite" instruction to the jury.[4]  Because the class and AstraZeneca are entitled to have this case adjudicated based on the unique elements and defenses each sovereign state has chosen in enacting consumer protection legislation, the jury must be instructed on these variations. Accordingly, AstraZeneca has submitted state-specific instructions with this memorandum. These instructions make undeniable the Court's own observation that a jury would be overwhelmed by an action tried under all of these diverse consumer protection standards.[5]

---

[3] AstraZeneca reserves the right to supplement or revise its proposed charges prior to their delivery to the jury in response to this Court's rulings and/or the evidence presented at trial.

[4] AstraZeneca's Request for Plaintiffs to Present a Fair and Manageable Trial Plan (Docket No. 3816) and Motion to Decertify Class 1 (Docket No. 3896) are incorporated herein.   As explained below, AstraZeneca's proposed jury instructions and motion to exclude certain states from the class are without prejudice to either of these filings.

[5] The Court made clear in its class certification decision that the Class 1 trial could only proceed on an intentional misrepresentation theory.  In re Pharmaceutical Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 85 (D. Mass. 2005).  The Court reiterated this ruling at the March 26 status conference. (Tr. 15:14-19 (Mar. 26, 2007)). AstraZeneca's proposed charges and the analysis of the variations of the consumer protections contained in this memorandum are limited solely to the deception prong of the consumer protection laws and not to any unfairness (…continued)

Accordingly, AstraZeneca continues to maintain (and reiterates its position) that Class 1, as currently configured, does not satisfy the requirements of Federal Rule of Civil Procedure 23 and should be decertified pursuant to the Court's power and obligation under Rule 23(c)(4).  See AstraZeneca's Motion to Decertify Class 1 (Docket No. 3896).

Plaintiffs now bear the burden to demonstrate to this Court that a trial in this multi-state class action can proceed in accordance with Rule 23, notwithstanding this Court's prior certification ruling.  Plaintiffs, if they can, must present the Court with a trial plan and jury instructions that account for the variations in state law.  Plaintiffs are required to show that the case can be litigated without violating Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), the Rules Enabling Act, the Seventh Amendment and the Due Process Clause.  Unless Plaintiffs' trial plan and jury instructions satisfy their burden without impermissibly "aggregating" state law variations as suggested by Plaintiffs' counsel (Tr. 9:15 (Mar. 26, 2007)), the class must be decertified.[6]

---

(continued…)

prong, which would implicate numerous additional variations for which AstraZeneca's proposed instructions have not accounted.

[6] AstraZeneca respectfully disagrees with the Court's certification of the class in the first instance without a trial plan, see, e.g., Wachtell v. Guardian Life Ins. Co. of Amer., 453 F.3d 179, 185 (3d Cir. 2006) (holding that plaintiffs must provide to the Court  "a complete list of the claims, issues, or defenses to be treated on a class basis"). In any event, the Court is obligated, before trial, to determine whether Plaintiffs' trial plan and jury instructions warrant decertification on AstraZeneca's pending motion.  See, e.g., Lamphere v. Brown Univ., 553 F.2d 714, 719 (1st Cir. 1977) ("underscor[ing] the need for the district court to follow closely the developing evidence as to class-wide decision making and to take seriously its power under rule 23(c)(1) to alter or amend its certification order"); accord George Lussier Enterprises, Inc. v. Subaru of New England, Inc., 286 F. Supp. 2d 86, 102-03 (D.N.H. 2003) (noting that Lamphere required the court to entertain decertification when developments in the case raised doubts about whether claim satisfied the requirements of Rule 23).  In an analogous multi-state class action, the district court deferred ruling on plaintiffs' motion for class certification until plaintiffs submitted their jury instructions for adjudication of claims under the consumer protection laws of 42 states.  See Lyon v. Caterpillar, Inc., 194 F.R.D. 206 (E.D. Pa. 2000).  After plaintiffs submitted their instructions, defendant filed a supplemental brief in opposition to plaintiffs' motion for class certification.  In light of plaintiffs' inadequate jury instructions and defendant's arguments, the court denied class certification.  Id. at 220 (rejecting plaintiffs' instructions as superficial and for failing to define the relevant terms under the various state laws).  Although Plaintiffs here were able to avoid denial of certification without presenting a trial plan and jury instructions, now that we are a few weeks from the trial date, the Court can no longer defer ruling on the adequacy of their plan and instructions.  In accordance with the mandate (…continued)

## ARGUMENT

## I. IT IS LEGALLY IMPERMISSIBLE TO SUBMIT A COMPOSITE JURY CHARGE WHICH AMALGAMATES STATE LAWS

The discussion held at the March 26, 2007 status conference compels AstraZeneca to repeat the fundamental point that this Court may not amalgamate the various state CPLs into a fictional "composite." See Docket Nos. 3816 & 3896.  Notwithstanding the Court's reluctance to instruct the jury on "state-specific questions" and its apparent intention to artificially limit the case to "primarily the intent to deceive, reliance, and causation issues" (Tr. at 15: 23-25; 16: 24 (Mar. 26, 2007)), Rule 23 is not an invitation for the Court to conduct a trial by "aggregation" under a fictitious "national consumer protection act."  See In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1300-01 (7th Cir. 1995) (issuing writ of mandamus against district court for adopting "Esperanto" instructions that purported to merge the laws of various states into a single legal standard).  It is impermissible for this Court to invent a "composite" charge purportedly evincing a "national consumer protection act" that does not exist anywhere.  To do so would be tantamount to trying this case before a single jury instructed in accordance with no actual law of any jurisdiction.  Id. at 1300 (decrying district judge's proposal to "merg[e] the negligence standards of the 50 states" and instruct a single jury "in accordance with no actual law of any jurisdiction").

Where, as here, choice-of-law requires the application of 40-plus different state laws, the Rules Enabling Act, 28 U.S.C. § 2072, Erie R. Co. v. Tompkins, and basic principles of fairness

_____

(continued…)

of Lamphere and the logic of Lyon, the Court must consider whether Plaintiffs' trial plan and jury instructions are sufficient to avoid decertification.

4

prevent manipulation of those states' laws' elements and defenses to facilitate litigation in a single forum.  See In re Bridgestone/ Firestone, Inc., 288 F.3d 1012, 1020 (7th Cir. 2002) ("Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court."); Cimino v. Raymark Indus., Inc., 151 F.3d 297, 312 (5th Cir. 1998) ("[U]se of Rule 23(b)(3) . . . does not alter the required elements which must be found to impose liability and fix damages (or the burden of proof thereon) or the identity of the substantive law . . . which determines such elements."); see also Amchem Prods. Co. v. Windsor, 521 U.S. 591, 612-13 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right'").  Absent class members are entitled to have their claims adjudicated under the law of their respective states and AstraZeneca is entitled to raise defenses available in each of those jurisdictions.[7]  In re Stucco Litig., 175 F.R.D. 210 (E.D.N.C. 1997) (citing Erie) (noting that where the law of more than one jurisdiction applies, a federal district court "must give effect to the variations in state law, however minor they may be"); see also In re Fibreboard Corp., 893 F.2d 706, 711 (5th Cir. 1990) (vacating proposed trial plan which would have violated the Rules Enabling Act and noting that even variations in the "mode of proof" may

---

[7] AstraZeneca's affirmative defenses must be considered in the manageability calculus on the pending motion for decertification.  See, e.g., Waste Management Holdings, Inc. v. Mowbray, 208 F.3d 288, 296 (1st Cir. 2000) ("we regard the law as settled that affirmative defenses," such as statute of limitations, "should be considered in making class certification decisions") (citing Castano v. Amer. Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)); accord Mulford v. Altria Group, Inc., No. 05-cv-659-MV-RHS, slip op. at 25, n.9 (D.N.M. Mar. 22, 2007) (refusing to certify class against cigarette manufacturer and its parent company because in addition to individualized questions of causation and loss, the affirmative defenses of statute of limitations and comparative fault, when considered in the certification "calculus," would have "overwhelmed the common issues raised by Defendants' conduct") (applying Mowbray and Castano).

be substantive in nature); Windham v. Am. Brands, Inc., 565 F.2d 59, 66 (4th Cir. 1977) (noting the relation between the Rules Enabling Act and manageability of class actions).

Furthermore, the reality that varying elements and defenses of the state CPLs would "overwhelm" a jury cannot justify disregarding their variations.  Rather, Rule 23, as well as controlling principles of law, mandates decertification unless Plaintiffs' trial plan and jury instructions solve the dilemma.  Indeed, decertification, rather than turning a blind eye to state law variations, is the path that every other court confronted with this issue has ultimately acknowledged is the required course.[8]

Plaintiffs' concession that they must prove "intentional misrepresentation" does not eliminate the numerous variations in the requirements of these CPLs.  AstraZeneca has never suggested otherwise.  More than 18 months have passed since the Court directed Plaintiffs to

---

[8] See, e.g., In re Paxil Litig., 212 F.R.D. 539, 546 (C.D. Cal. 2003) ("The completed picture will no doubt be too vast and too complicated for even the most diligent jury to grasp'); Insolia v. Philip Morris, Inc., 186 F.R.D. 547, 551 (W.D. Wis. 1999); Smith v. Brown & Williamson Tobacco Corp., 174 F.R.D. 90, 98 (W.D. Mo. 1997) ("[N]either party can seriously expect a jury's full attention in consideration for the length of such proceedings, nor can they expect even-handed, consistent treatment from beginning to end"); Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 221 (E.D. Pa. 2000) ("If I find plaintiff's jury instructions confusing, how can I expect a lay jury to wade through these questions?"); Cunningham v. PFL Life Ins. Co., 1999 WL 33656879, at *6 (N.D. Iowa, Aug. 25, 1999) ("The Court believes that trying a case with such disparate legal questions is inefficient, impractical, and will most likely confuse the jurors"); In re Masonite Corp. Hardboard Siding Prods. Liab. Litig., 170 F.R.D. 417, 423-24 (E.D. La. 1997) ("[P]laintiffs have not shown the Court that it is possible to give one negligence instruction which would account for all the varying nuances that state lawgivers command"); In re Ford Motor Co. Ignition Switch, 174 F.R.D. 332, 350 (D. N.J. 1997) (Plaintiffs unable to show that class action under the laws of 51 jurisdictions would be possible without "overwhelming jurors with hundreds of interrogatories and a verdict form as large as an almanac."); Harding v. Tambrands Inc., 165 F.R.D. 623, 632 (D. Kan. 1996) ("The jury instructions and verdict form used to submit the matter to the jury would be extremely complicated given these numerous differences in the law applicable to the various claims."); Chin v. Chrysler Corp., 182 F.R.D. 448, 461 (D.N.J. 1998) ("Plaintiffs have . . . offered no jury instructions or verdict forms to overcome the manageability difficulties posed by this action"); Poe v. Sears, Roebuck and Co., Civ. A. No. 1:96-CV-358, 1998 WL 113561, *4 (N.D. Ga. Feb. 13, 1998) ("Any kind of matrix which tried to take into consideration all the varying elements (and standards of proof) would itself be so complex as to make the case unmanageable."); Carpenter v. BMW of North America, Inc., Civ. A. No. 99-CV-214, 1999 WL 415390, at *6 (E.D. Pa. June 21, 1999) (Plaintiffs presented "no plan as to how the jury could meaningfully be instructed on the laws of each jurisdiction with respect to plaintiff's multiple claims, each of which contains numerous elements, multiplied by thousands of class members"); In re Jackson Nat. Life Ins. Co. Premium Litig., 183 F.R.D. 217, 223 (W.D. Mich. 1998) (despite the confident "assurances" of counsel, Plaintiffs failed to prove variations in state law were manageable "through use of tailored jury instructions, interrogatories to the jury and special verdict forms").

perform an "extensive analysis" of the 40-plus state laws in order to present the Court and AstraZeneca with a proposal of how—and if—these differences could be handled in a Class 1 trial. In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 84 (D. Mass. 2005) ("[T]he burden is on plaintiffs to demonstrate 'through an extensive analysis' that grouping is feasible") (internal citations omitted) (hereinafter "AWP"). Plaintiffs did not even acknowledge their burden—much less attempt to meet it—until, after several requests by AstraZeneca, the Court finally directed Plaintiffs to explain how the laws of the various states may be presented to a jury.[9] (Tr. 16: 18-22; 17:14-15 (Mar. 26, 2007)). Plaintiffs' trial plan and proposed jury instructions are due on the same date as this filing. AstraZeneca eagerly awaits Plaintiffs' proposal and will evaluate whether Plaintiffs have successfully achieved what, as far as AstraZeneca is aware, no other plaintiffs have been able to do—propose an acceptable plan to try a case under disparate state laws while meeting the Rule 23 requirements of adequacy, typicality,

---

[9] Plaintiffs, not the Defendant or the Court, have the burden to set forth a fair and manageable trial plan, including proper jury instructions. See, e.g., Makuc v. Amer. Honda Motor Co., Inc., 835 F.2d 389, 394 (1st Cir. 1987); see also Swack v. Credit Suisse First Boston, 230 F.R.D. 250, 257 (D. Mass. 2005). In the multi-state class action context, in particular, courts impose this burden on plaintiffs as a precondition to class certification and a fortiori to avoid decertification before trial. See, e.g., Hosfeld v. Weyerhaeuser Mortgage Co., No. 99-C-1966, 2003 WL 22229255, at *1 (N.D. Ill. Sept. 26, 2003) ("It is plaintiffs' burden to demonstrate that the law of all 50 states does not significantly alter the liability question"); In re Baycol Prods. Litig., 218 F.R.D. 197, 214 (D. Minn. 2003) ("Plaintiffs have not provided the Court sufficient information for it to conclude that the laws . . . are not significantly or materially different"); In re Paxil Litig., 212 F.R.D. 539, 544 (C.D. Cal. 2003) ("Plaintiffs here fail to carry their burden of showing, prior to class certification, that the differences in state laws within each of their groupings are nonmaterial."); Hosfeld v. Weyerhaeuser Mortgage Co., No. 99 C 1966, 2003 WL 22229255, at *1 (N.D. Ill. Sept. 26, 2003) ("It is plaintiffs' burden to demonstrate that the law of all 50 states does not significantly alter the liability question and they have not satisfied this burden."); Hammett v. American Bankers Ins. Co., 203 F.R.D. 690, 701 (S.D. Fla. 2001) (Plaintiff failed to "prove through extensive analysis that there are not material variations among the law of the states") (internal citation omitted); Oxford v. Williams Companies, Inc., 137 F. Supp. 2d 756, 764 (E.D. Tex. 2001) ("[I]t is plaintiffs' burden to provide an adequately detailed and reasonable plan showing how this case can be managed given . . . the varying effects of local law in the fifty-one jurisdictions on each such claim."); Adams v. Kansas City Life Ins. Co., 192 F.R.D. 274, 278 (W.D. Mo. 2000) ("plaintiff has not sufficiently demonstrated that state law variations are manageable"); Chilton Water Authority v. Shell Oil Co., Civ. A. No. 98-T-1452-N, 1999 WL 1628000, at *8 (M.D. Ala. May 21, 1999) ("The court does not have a duty to survey each state's law to determine whether the negligence, or other relevant, law of the 50 states is of sufficient commonality for plaintiffs' class claim to pass muster under Rule 23(b)(3). That burden falls on plaintiffs"); Peoples v. American Fidelity Life Ins. Co., 176 F.R.D. 637, 643 (N.D. Fla. 1998) ("Appellees see the 'which law' matter as academic. They say no variations in state warranty laws relevant to this case exist. A court cannot accept such an assertion on faith. Appellees, as class action proponents, must show that it is accurate.")

predominance and manageability and without violating the Rules Enabling Act and Due Process.[10]

## II.    THE STATE LAWS PRESENTED TO THE JURY MUST BE REDUCED FOR A VARIETY OF REASONS IN ANY EVENT

Now that the Court has directed Plaintiffs to submit a trial plan, the ultimate evaluation of whether or not the rights of AstraZeneca and the class can be respected without overwhelming the jury must await the review of the trial plan (and proposed jury instructions).  Nonetheless, it is apparent at this time that claims under a number of the currently certified states should not be presented to the jury at the Class 1 trial in any event.  There are three categories of states that must be excluded from Class 1: (A) state CPLs that do not permit class action litigation or only permit class litigation if certain prerequisites are met (and which have not been met in this case); (B) state CPLs which require Plaintiffs to present affirmative proof of reliance, proximate causation and/or a transaction with the Defendant; (C) state CPLs with exclusive definitions of "deceptive conduct" which are inapplicable to the conduct at issue in this case.  While additional research may reveal more states subject to exclusion, AstraZeneca has identified (and discusses below) at least 31 jurisdictions (and 32 statutes[11]) that should be excluded on these grounds.[12]  Attached as Exhibit 3 hereto is a summary list of the states that should be excluded for one or more reasons.

---

[10] See AstraZeneca's Mot. to Decertify Class 1 at 6 (collecting cases in which courts decertified classes under the consumer protection laws of multiple states).

[11] As previously noted in fn.2, two California statutes were certified.

[12] In addition, assessing any damages for the class on an aggregate basis would be improper for the reasons set forth in AstraZeneca's separate pending in limine motion.  (See Docket No. 3934).  That is why this trial, if it proceeds at all on a class-wide basis, can only do so as to liability and not damages.  Individual issues of damage and injury must be addressed on a claimant-by-claimant basis.

**A.     State Consumer Protection Statutes that Do Not Permit Class Actions or Only Permit Class Actions if Certain Preconditions Are Met (and Which Have Not Been Met in This Case) Must Be Excluded**

This Court previously "excluded out of hand" states not providing for class actions under their CPLs.  See <u>AWP</u>, 230 F.R.D. at 84 (citing provisions in Alaska, Georgia, Kentucky, Louisiana, Mississippi, and Montana).  South Carolina and Tennessee should be excluded for the same reason.  See S.C. Code Ann. § 39-5-140(a) ("Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action <u>individually</u>, <u>but not in a representative capacity</u>, to recover actual damages") (emphasis added); <u>Tucker v. Sierra Builders</u>, 180 S.W.3d 109, 116 n.9 (Tenn. Ct. App. 2005) ("The Act limits private actions to 'individual' claims. Accordingly, class actions cannot be maintained under the TCPA.") (citing Tenn. Code Ann. § 47-17-109(a)(1)).

In addition, Utah and Ohio should be excluded because these states' CPLs set forth certain preconditions to class actions, none of which have been fulfilled by Plaintiffs.  Under the Utah Act, a consumer may bring a class action only if the conduct at issue has already been declared to be in violation of the Utah CPL: (1) by an enforcing authority in a specific rule, promulgated prior to the transaction at issue; (2) by a final judgment of an appropriate court, which was published or generally available 10 days prior to the transaction at issue; or (3) by a consent judgment specifically agreed to by the defendant prior to the transaction.  See Utah Code Ann. § 13-11-19(4)(a).  None of these prerequisites have been fulfilled; therefore claims arising under the Utah statute must be excluded.  Similarly, the Ohio CPL allows class actions only where the State Attorney General has promulgated a regulation or an Ohio Court has made a prior determination that the conduct at issue is deceptive or unconscionable and such a regulation

9

or decision, if any, has been made available for public inspection by the Attorney General. Ohio Rev. Stat. §§ 1345.09(B); 1345.05(A)(3).  In order to provide the defendant with "meaningful notice that his specific acts or practices violate the [CPL]," the alleged conduct at issue cannot merely resemble the conduct declared deceptive or unconscionable in prior decisions, but must be "substantially similar."  Marrone v. Philip Morris USA, Inc., 850 N.E.2d 31, 33 (Oh. 2006) (decertifying class action based on alleged deceptive conduct in connection with sale of lights cigarettes because marketing not "substantially similar" to that previously determined to be unlawful); Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998) (finding class certification would not be proper where the two prior decisions relied on by the plaintiff involved behavior far more egregious than that committed by the defendant).  Although AstraZeneca cited these requirements in its request for Plaintiffs to present a fair and manageable trial plan, Plaintiffs have yet to identify any relevant Attorney General regulation or court decision that would allow them to proceed under the CPLs of either Ohio or Utah.  Accordingly, claims under the Ohio and Utah CPLs must be excluded.

### B.    State Laws that Require the Plaintiff to Prove Reliance, Proximate Causation, or a Transaction With the Defendant Must Be Excluded

Several of the state CPLs require Plaintiffs to prove affirmative conduct on the part of class members, i.e., that the Plaintiff relied on AstraZeneca's statement concerning the average wholesale price of Zoladex or that AstraZeneca's alleged misrepresentation was communicated directly to Plaintiff.  Statutes requiring such elements are not amenable to class-wide adjudication and, given the factual record in this case, could not be proven in any event.

### 1.    State CPLs that Require Plaintiff to Prove Reliance and Proximate Causation

At the March 26 status conference, the Court asked the parties whether "reliance states" were excludable.  (Tr. 11:6-10 (Mar. 26, 2007) ("there may be a good legal question about

whether a consumer is actually relying.  That's a fair legal question") (emphasis added)).

Plaintiffs' counsel agreed with the Court's perspective.  (Id. 11:17-18).  Nor could he have

disagreed.  As set forth below, reliance states must be excluded for three independent and

alternative reasons:  (a) individualized questions of reliance are not susceptible to class wide

resolution; (b) neither Mr. Howe nor Mr. Townsend has the incentive to litigate reliance, which

renders them atypical and inadequate of absent class members in states other than Oregon and

Florida; and (c) there is legally insufficient evidence that any plaintiffs, including Mr. Howe and

Mr. Townsend, relied on the average wholesale price of Zoladex.

      a.   Individualized questions of reliance preclude class-wide resolution

      Several states require reliance under their CPLs.  These states include Arizona, Colorado,

Oregon, Indiana, Kansas, Maine, Maryland, Minnesota, Pennsylvania, Ohio, South Dakota,

Texas, Wisconsin, Washington, and the District of Columbia.[13]  A number of additional states,

---

[13] Kuehn v. Stanley, 91 P.3d 346, 351 (Ariz. App. Div. 2 2004) ("Reliance is a required element under Arizona's consumer fraud statute"); Cocca v. Philip Morris Inc., No. Civ. 1999-008532, 2001 WL 34090200, at *3 (Ariz. Super. Ct. July 24, 2001) (individual issues relating to reliance and other issues under the Arizona CPL precluded class certification); Martinez v. Lewis, 969 P.2d 213, 220-21 (Colo. 1998) (dismissing CCPA claim because plaintiff failed to allege reliance on deceptive statement); Finstad v. Washburn Univ., 845 P.2d 685, 688-89 (Kan. 1993) ("a causal connection" such as inducement or reliance required to recover under the KCPA ); accord Benedict v. Altria Group, Inc . --- F.Supp.2d ----, 2007 WL 960049, at *10 (D.Kan. Mar. 30, 2007) (clarifying that Finstad requires an individualized showing of reliance under the KCPA); Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 13 (Minn. 2001) ("where, as here, the plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct in violation of the misrepresentation in sales laws, as a practical matter it is not possible that the damages could be caused by a violation without reliance on the statements or conduct alleged to violate the statutes"); State v. Weinschenk, 868 A.2d 200, 206 (Me. 2005) (indirect purchasers of homes were not capable of showing "ascertainable loss" because there is no evidence that they "relied" on the misrepresentations of original seller); GxG Management, LLC v. Young Bros. and Co., Inc., 457 F. Supp. 2d 47, 50 (D. Me. 2006) (finding UPTA claim deficient for insufficient evidence of reliance); Amato v. General Motors Corp., 463 N.E.2d 625, 629 (Ohio Ct. App. 1982) (discussing evidentiary standards for proving reliance in under the OCSPA); Sanders v. Francis, 561 P.2d 1003, 1006 (Or. 1977) (reliance required in consumer protection cases alleging affirmative misrepresentation); accord Pearson v. Philip Morris, Inc., No. 0211-11819, 2005 WL 2840670, at *5 (Or. Cir. Ct. 2005) (under Sanders an individualized showing of reliance precluded class certification); Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005) ("The Supreme Court of Pennsylvania has held that a plaintiff bringing an action under the UTPCPL must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL") (citing Weinberg v. Sun Co., Inc., 777 A.2d 442 (Pa. 2001)); Ind. Code Ann. § 24-5-0.5-4 ("A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive (…continued)

including Connecticut, Delaware, Illinois, New Jersey, North Carolina, and South Carolina,

construe their CPLs to include the element of "proximate causation" which cannot be satisfied

here unless Mr. Howe or Mr. Townsend prove that their purchasing decisions were actually

influenced by the average wholesale price of Zoladex.[14]

_____

(continued…)

act . . . .") (emphasis added); Schmidt Enterprises, Inc. v. State, 354 N.E.2d 247, 253 (Ind. App. 1976) ("This statute codifies the elements of common law fraud."); Hoffman v. Stamper, 843 A.2d 153, 191 (Md. Ct. Spec. App. 2004) ("Upon a showing of reasonable reliance, the plaintiff may recover any actual losses"); Philip Morris Inc. v. Angeletti, 752 A.2d 200, 235 (Md. 2000) ("Reliance by consumers would also seem to be a necessary precondition to awarding restitution or damages pursuant to the statutory consumer protection provisions"); Brookings Municipal Utilities, Inc. v. Amoco Chemicals Co., 103 F. Supp. 2d 1169, 1178 (D.S.D. 2000) (deceptive trade practices claim "require[s] proof of an intentional misrepresentation or concealment of fact on which plaintiffs relied"); Daugherty v. Jacobs, 187 S.W. 3d 607, 614 (Tex. App. 2006) ("Any false, misleading, or deceptive act must also be relied upon by the consumer") (citing Tex. Bus. & Com. Code Ann. §17.50(a)(1)(B)); K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc., 720 N.W.2d 507, 521 (Wis. App. 2006)("Although the representation need not be the sole or only motivation for [plaintiff's] decision to buy the press, it must have been a material inducement" which queries "[w]hether plaintiff would have acted in its absence") (internal citation omitted), petition for review granted, 724 N.W. 202 (Wis. 2006); Wy. Stat. § 40-12-108 (a) ("A person relying upon an uncured unlawful deceptive trade practice may bring an action under this act for the damages he has actually suffered as a consumer as a result of such unlawful deceptive trade practice."); Smith v. Brown & Williamson Tobacco Corp., 108 F. Supp. 2d 12, 19 (D.D.C. 2000) (while not conclusively resolving parameters of causation, holding that plaintiff "must show that defendants' allegedly deceptive trade practices caused her injuries, whether by virtue of her reliance on those practices or by virtue of some other reason.").

[14] Agrella v. Ford Motor Co., No. 01-CV-0201847125, 2006 WL 1493823, at *6 (Conn. Super. Mar. 18, 2006) (although reliance is not a requirement under the CUTPA, "[t]he causal connection necessarily requires a showing that the advertising reached each class member"); Stephenson v. Capano Dev. Inc., 462 A.2d 1069, 1077-78 (Del. 1983) ("the plaintiff is entitled to recover all damages which are a direct and proximate result of the false advertising"), Oliveira v. Amoco Oil Co., 776 N.E. 2d 151, 153 (Ill. 2002) ("a plaintiff asserting a claim of deceptive advertising under the Act must prove that he was deceived by that advertising in order to establish proximate causation"); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303 (M.D.N.C. 1988) ("To prove actual [proximate] causation, a plaintiff must prove that he or she detrimentally relied on the defendant's deceptive statement or misrepresentation"); Knapp v. Potamkin, 602 A.2d 302 (N.J. Law Div. 1991) (stating that the NJCFA requires proof that the prohibited act must in fact have misled, deceived, induced or persuaded the plaintiff to purchase defendant's product or service); Charleston Lumber Co., Inc. v. Miller Housing Corp., 458 S.E.2d 431, 438 (S.C. App. 1995) (noting that plaintiff failed to prove "proximate cause" between the deception and his injury under the SCUTPA); Consol. Dairy Prods. Co. v. Bar-T Ranch Dairy, 97 Wash. 2d 167, 180 (1982) (showing of direct and proximate cause required under Washington CPL); Huntsberry v. R.J. Reynolds Tobacco Co., No. 79700-5, at *3 (Wash. Sup. Ct. Mar. 1, 2007) (individualized showing of reliance is required and precluded class certification). Additionally, Plaintiffs cannot recover damages under the Michigan CPL absent proof of reliance on the average whole sale price of Zoladex. While the Michigan Supreme Court has suggested an objective standard for reliance may be appropriate in a particular case at the class certification stage, Dix v. American Bankers Life Assurance Co. of Florida, 415 N.W.2d 206 (Mich. 1987) ("It is sufficient if the class can establish that a reasonable person would have relied upon the representations"), without proof of actual reliance and, in particular, with a concession of non-reliance in the case of Mr. Howe, Plaintiffs cannot recover damages at trial, Vandermale v. Harvey Auto, Inc., No. 253100, 2005 Mich. App. LEXIS 1493 (Mich. Ct. App. June 21, 2005) (affirming dismissal of MCPA claim because plaintiff failed to establish reliance on deceptive statement).

In order to recover under these CPLs, Plaintiffs must prove that individual class members relied on AstraZeneca's representation regarding the average wholesale price of Zoladex.  Even assuming <u>arguendo</u> the existence of a triable issue on whether some absent class members relied on the average wholesale price of Zoladex, these states must be excluded because individualized questions of reliance render the action unsuitable for class treatment.  <u>See, e.g.</u>, <u>In re PolyMedical Corp. Sec. Litig.</u>, 432 F.3d 1, 7 (1st Cir. 2005) (noting that absent the "efficient market" exception applicable in certain securities fraud cases "individual questions of reliance would inevitably overwhelm the common ones under Rule 23(b)(3)"); <u>In re Xcelera.com Sec. Litig.</u>, 430 F.3d 503, 507 (1st Cir. 2005) ("Individual issues of reliance would necessarily overwhelm the common ones.").  As the Second Circuit noted, "establishing reliance individually by members of the class would defeat the requirement of Rule 23 that common questions of law or fact predominate over questions affecting only individual members."  <u>In re Initial Public Offering Sec. Litig.</u>, 471 F.3d 24, 42 (2d Cir. 2006); <u>see also</u> <u>Castano</u>, 84 F.3d at 745 ("a fraud class action cannot be certified when individual reliance will be an issue."); Fed. R. Civ. P. 23 Advisory Committee's Note ("a fraud case may be unsuited for treatment as a class action if there was material variation . . . <u>in the kinds or degrees of reliance</u>") (emphasis added).[15] Thus, even if Plaintiffs had introduced evidence that some class members relied—which they have not—individualized questions of reliance would preclude class wide resolution of their claims.

      b.   Neither Mr. Howe nor Mr. Townsend has the incentive to litigate reliance, which renders them atypical and inadequate of absent class members in states other than Oregon and Florida

---

[15] Individualized questions of reliance have been equally preclusive of class actions under the state law analogues to Fed. R. Civ. P. 23.  (<u>See</u> cases cited in nn. 13 & 14 <u>supra</u>.)

Neither Mr. Howe or Mr. Townsend are typical and adequate class representatives.  With respect to reliance, neither has the interest to litigate reliance.  This is because Mr. Howe, although from a reliance state (Oregon) conceded that he did not rely on any misrepresentation by AstraZeneca,[16] and Mr. Townsend, residing in a non-reliance state (Florida), has no reason to prove reliance, even if he could do so, on behalf of absent class members from other states.  Assuming there were evidence of reliance, and that individualized questions surrounding it were capable of class-wide resolution, Rule 23(a)(4) and the Due Process Clause require both that Howe and Townsend be declared inadequate representatives for absent class members in reliance states.[17]

>c.   The evidence is insufficient to support a finding of reliance

Finally, Plaintiffs have failed to identify any factual evidence suggesting that Mr. Howe or Mr. Townsend, or any absent class member, relied on the average whole price of Zoladex.  As a consequence, states requiring reliance under their CPLs must be excluded as a matter of law.

>2.   State CPLs with Transaction Requirement

At least 15 States must be excluded because their respective CPLs apply only if the defendant made the alleged misrepresentation directly to the consumer plaintiff or if the misrepresentation occurred during a transaction between the defendant and the consumer plaintiff.

---

[16] See Howe Dep. at pp. 86-90 124, 125, 137.  Moreover, Plaintiffs maintain that reliance is not a required element under the Oregon UTPA.  See Pl.'s Opp. to AstraZeneca's Mot. for Summ. J. at 6-8.  Plaintiffs' erroneous contention, combined with the record evidence belying any reliance on the part of Mr. Howe renders Mr. Howe unable to sufficiently represent absent class members whose claims require a showing of reliance in order to prevail.  See also AstraZeneca's Mot. for Summ. J. at 7-9.

[17] As discussed in AstraZeneca's Request that Plaintiffs Present a Fair and Manageable Trial Plan, at 15-16, the interests of Mr. Howe and Mr. Townsend, on the one hand, and absent class members on the other, are similarly misaligned with respect to AstraZeneca's statute of limitations defense.

The CPLs of Ohio, Kansas, and Indiana limit potential exposure to "suppliers" and have been construed by courts in their respective states to require varying degrees of "direct" contact with the consumer. <u>Compare</u>, <u>e.g.</u>, <u>Eisenberg v. Anheuser-Busch, Inc.</u>, No. 1:04-cv-1081, 2006 WL 290308, at *9 (N.D. Ohio Feb. 2, 2006) ("a manufacturer whose only 'contact' with retail consumers is through mass advertising and mass marketing is not a 'supplier' for purposes of the [CPL]," as opposed to one who advertises directly to the public at the point of sale); <u>with</u> <u>Ellibee v. Aramark Correctional Servs., Inc.</u>, --- P.3d ---, 2007 WL 776800, at *3 (Kan. App. Ct. Mar. 16, 2007) (standing to bring an action under the KCPA could not be extended to a third-party beneficiary of supplier's product where, <u>inter alia</u>, there was no evidence on the record that supplier made any direct representations to the third party); <u>CIT Group/Sales Financing, Inc. v. E-Z Pay Used Cars, Inc.</u>, 32 P.3d 1197, 1204 (Kan. 2001) ("The KCPA's protection is limited to individuals and sole proprietors who directly contract with suppliers for goods or services"); <u>and</u> Ind. Code Ann. § 24-5-0.5-2(a)(3)(A), -2(a)(1) (employing similar statutory definition of "supplier"). As there is no allegation that AstraZeneca communicated the average wholesale price of Zoladex directly to Mr. Howe or Mr. Townsend, these states must be excluded.

The consumer protection statutes of Michigan, Pennsylvania, Nevada, Oklahoma, Arkansas, California and Wyoming require the alleged deceptive statement to have occurred during a "transaction" between the plaintiff and the defendant. The Michigan provision at issue here only applies to misrepresentations that are communicated during the actual sale of the good or service at issue. <u>Zine v. Chrysler Corp.</u>, 600 N.W.2d 384, 397 (Mich. Ct. App. 1999) (subsection (cc)'s definition of "deceptive conduct" explicitly refers to a "transaction," which is "the business conducted between the parties" and thus "only applies to events which occurred during the sale of the subject vehicle, not to anything that occurred before or after"). Similarly,

the Pennsylvania CPL applies only to misrepresentations which occurred in the context of

"commercial dealings" between plaintiff and defendant. Katz v. Aetna Casualty & Surety Co.,

972 F.2d 53, 57 (3d Cir. 1992) (affirming summary judgment because "there is no indication that

the court would have extended the private cause of action to a plaintiff lacking any commercial

dealings with the defendant").[18]  The courts in Nevada, Oklahoma, Arkansas, California, and

Wyoming have similarly interpreted their state CPLs.  See Scaffidi v. United Nissan,  No. CV-S-

04-1366-PMP (LRL), 2005 U.S. Dist. LEXIS 41644, at *19-21 (D. Nev. Dec. 28, 2005)

(dismissing plaintiff's claim where defendant had "no contact whatsoever" with plaintiff and

there was "no evidence that at any time [defendant] made a false representation to, or for that

matter communicated with, [plaintiff] in the course of its business"); Melvin v. Nationwide Debt

Recovery, Inc., CIV-00-212, 2000 U.S. Dist. LEXIS 22087 (W.D. Okla. Aug. 24, 2000)

(dismissing plaintiffs' claims where plaintiffs were not customers of defendant and where

defendant did not advertise, offer to sell or purchase, or distribute services or property directly to

plaintiffs); Melvin v. Credit Collections, Inc., No. CIV-00-211, 2001 U.S. Dist. LEXIS 24402, at

*8 (W.D. Okla. Apr. 5, 2001) (refusing to apply act where plaintiffs "did not engage in a

consumer transaction with [defendant, and] the only transaction in which they engaged involved

the services provided by [another party]"); Little Rock Elec. Contractors, Inc. v. Entergy Corp.,

87 S.W.3d 842, 846 (Ark. Ct. App. 2002) (finding no deceptive trade practice where defendant

was not a party to the contract and never made any communications, representations or

---

[18] See also Christopher v. First Mut. Corp., Civ. A. No. 05-01149, 2006 U.S. Dist. LEXIS 2255, 8-12 (D. Pa. Jan. 20, 2006) (holding that statute does not apply because there were no representations and no contact between plaintiff and defendant); Edkin v. The Travelers Cos., 3 Pa. D. & C. 4th 557, 559 (Common Pleas Ct. 1988) (Pennsylvania statute did not apply because "[t]here has been no allegation of a seller/consumer relationship between plaintiff and defendant, especially as plaintiff did not purchase an insurance policy from defendant Travelers"); Lauer v. McKean Corp., 2 Pa. D. & C. 4th 394, 397 (Common Pleas Ct. 1989) ("[I]t is apparent that section 201-9.2 permits a private action only by a person who purchased or leased goods from the merchant to engaged in fraudulent or deceptive trade practices.").

guarantees, oral or written, to the plaintiff); Cal. Civ. Code § 1770(a) ("The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a <u>transaction</u> intended to result in or which results in the sale or lease of goods or services to any consumer are unlawful.") (emphasis added); Cal. Civ. Code § 1761(e) (defining "transaction" as "an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement"); <u>Nordberg v. Trilegiant Corp.</u>, 445 F. Supp. 2d 1082, 1096 (D. Cal. 2006); Wy. Stat. Ann. § 40-12-102(a)(ii) (defining "consumer transaction").  Plaintiffs do not allege, nor could they, that AstraZeneca engaged in any transaction with Mr. Howe or Mr. Townsend. Accordingly, these states must also be excluded.

Additional states which prohibit deceptive practices that are made "in connection with" the sale, advertisement or purchase of goods, such as Texas, have interpreted the phrase "in connection with" as equivalent to a transaction requirement.  <u>See</u> <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 649 (Tex. 1996) ("[W]e are not persuaded that the Legislature intended to DTPA to reach upstream manufacturers and suppliers when their misrepresentations are not communicated to the consumer").  Delaware, Hawaii, New Mexico and West Virginia also require conduct "in connection with" the sale or advertisement and should also be excluded. <u>Thomas v. Harford Mut. Ins. Co.</u>, C.A. No. 01C-01-046-HDR, 2003 Del. Super. LEXIS 36, at *11-12 (Del. Super. Ct. Jan. 31, 2003) (because deceptive acts must have occurred "in connection with the sale or advertisement" of merchandise, representations are only actionable if they occurred during transaction with plaintiff); <u>Hough v. Pacific Ins. Co.</u>, 927 P.2d 858, 871-872 (Haw. 1996); NMSA § 57-12-2(D); <u>Ashlock v. Sunwest Bank</u>, 753 P.2d 346, 347 (N.M. 1988) (overruled on other grounds); W. Va. Code § 46A-6-102(1).

**C.      Seven Additional State CPLs Must be Excluded**

AstraZeneca is entitled to judgment under eight additional state CPLs because the conduct alleged does not fall within the ambit of the Acts' respective definitions of "deceptive acts or practices" or because AstraZeneca's conduct is exempted.

1.      <u>States with Exclusive and Inapplicable Definitions of Deceptive Acts or Practices Must Be Excluded</u>

Every CPL at issue requires Plaintiffs to prove that AstraZeneca's conduct constitutes a deceptive act or practice as defined by that particular state's statute.  Although some state statutes broadly prohibit "deceptive acts or practices," leaving only state decisional law to explicate the practices covered by the Acts, several states explicitly set forth <u>exclusive</u> lists of the acts or practices the statute prohibits.  Such lists may include upward of 56 enumerated acts or practices. [19]

Seven laws under which this class was certified provide exclusive lists of actionable acts or practices. [20] AstraZeneca submits that its alleged conduct is not covered by any of them.  Significantly, the claims arising under Oregon law, including the claims of Mr. Howe, a class representative, must also be excluded from the class on this basis.  As AstraZeneca explained in its Motion for Summary Judgment, AstraZeneca's conduct is not prohibited by any of the

---

[19]  Utah, for example, enumerates 22 acts or practices which are deceptive if committed knowingly or intentionally.  Utah Code Ann. § 13-11-4(2).  Claims brought as a class action must proceed under a specifically enumerated provision of the Act.  Utah Code Ann. § 13-19-4(a).  Examples of enumerated acts or practices declared deceptive are when a supplier: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it does not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style or model, if it is not.  Although some of the subsections refer to pricing practices, these practices are all in the context of advertisements made directly to consumers in order to influence their behavior.  None of the conduct even remotely resembles Plaintiffs' claims against AstraZeneca.

[20]  <u>See</u> Cal. Civ. Code. § 1770(a) (listing 23 deceptive acts);  Col. Rev. Stat. Ann. § 6-1-106 (listing 48 deceptive acts); Ind. Code Ann. § 24-5-0.5-3 (listing 19 deceptive acts); N.H. Rev. Stat. Ann. § 358-A:2 (listing 15 deceptive acts); Or. Rev. Stat. § 646.608 (listing 56 deceptive acts); Tex. Bus. & Com. Code § 17.46(b) (listing 27 deceptive acts); Utah Code Ann. § 13-11-4-2(a)-(u) (listing 22 deceptive acts).

enumerated provisions of the Oregon UTPA.  <u>See</u> Mot. for Summ. J. at 6-7.  Although the UTPA includes a catch-all provision, the statute only allows a claim to proceed under that provision where the Oregon Attorney General has promulgated a rule or regulation declaring the conduct at issue to be deceptive.  <u>See</u> Or. Rev. Stat. § 646.608(1)(u).  The Oregon Attorney General has promulgated no rule that sweeps AstraZeneca's alleged conduct into the purview of the UTPA. Accordingly, neither Mr. Howe, nor any absent class members whose claims arise in Oregon, can proceed in this class action.

       2.     <u>States Exempting the Alleged Conduct Must Be Excluded</u>

Plaintiffs' claims under the Michigan Consumer Protection Act ("MCPA") must be excluded because AstraZeneca's conduct falls within the statute's exemption provision, as interpreted by the Michigan state courts.  <u>See</u>, <u>e.g.</u>, <u>Flanagan v. Altria Group, Inc.</u>, 2005 WL 2769010, at *2 (E.D. Mich. 2005).  The MCPA exempts transactions and conduct "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  MCLS § 445.904(1)(a).  In <u>Flanagan</u>, the Eastern District of Michigan Court was initially under the misimpression that "specifically authorize" must mean the specific conduct in the litigation is regulated.  After reviewing the Michigan courts' construction of the provision, however, the Court ruled otherwise:

> Contrary to the 'common-sense reading' of this provision by the [Michigan] Court of Appeals, we conclude that the relevant inquiry is not whether the specific misconduct alleged by the plaintiffs is "specifically authorized."  Rather, it is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited.

Id. (citing Smith v. Globe Life Ins. Co., 597 N.W.2d 28 (Mich. 1999)).[21] Accordingly, the state court's extremely broad construction of the exemption provision under the Michigan CPL — which must be respected by this Court under Erie and the REA — requires the exclusion of Michigan.  AstraZeneca reserves the right to raise this defense at trial where applicable under other state CPLs.

---

[21] See also Burton v. William Beaumont Hosp., 373 F. Supp. 2d 707, 720-721 (D. Mich. 2005) (holding MCPA inapplicable to conduct concerning medical billing because the "health care industry is highly regulated by state and federal law."); Duronio v. Merck & Co., Inc., No. 267003, 2006 Mich. App. LEXIS 1841 (Mich. Ct. App. June 13, 2006) (holding MCPA inapplicable to conduct involving marketing of drug "[b]ecause the general marketing and advertising activities underlying plaintiff's MCPA claim" are authorized and regulated under federal law); see generally, Gary M. Victor, The Michigan Consumer Protection Act: What's Left after Smith v. Globe?, 82 Mich. B. J. 22, 23-25 (2003) (noting that the Michigan CPW was formerly "one of the broadest and most powerful consumer protection acts in the country" but that "[a]s a result of [Smith], the MCPA has entered a new era. Indeed, there may be little left of the power to protect consumers that the legislature had in mind when it passed the act.")

## III.   CONCLUSION

For the reasons stated above, the Court should exclude consumers from certain states from Class 1 and repudiate any generic instruction that disregards variations under the CPLs of the remaining states.  To the extent that Plaintiffs here, as those before them, have failed to satisfy their burden to proffer a trial plan and instructions that comport with controlling principles of law, the class must be decertified.

Respectfully submitted,

By:   /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: April 6, 2007

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered on April 6, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.


By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper