# EXHIBIT 1

# (PART 1)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) )   MDL No. 1456 |
| | ) )   Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | ) ) ) ) ) |

**TRIAL OF CLASS 1 CLAIMS**

### DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S PROPOSED GENERAL JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51 and this Court's Amended Pre-trial Order of March 7, 2007, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits the "Defendant's Proposed General Jury Instructions" and requests that the Court instruct the jury in this case in accordance with the attached requested instructions. AstraZeneca reserves the right to supplement, modify or withdraw these requests for instructions should the need to do so arise in this case.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: April 6, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on April 6, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper

Katherine B. Schmeckpeper

# TABLE OF CONTENTS

**PAGE**

**Section I – Charges Prior to the Presentation of Evidence (Pre-Trial)**

Pretrial Request No. 1
Introduction to Jury................................................................1

Pretrial Request No. 2
Opening...................................................................... 2

Pretrial Request No. 3
Evidence Generally and What Constitutes Evidence .................3

Pretrial Request No. 4
Summation ....................................................................5

Pretrial Request No. 5
Function of the Court .......................................................6

Pretrial Request No. 6
Function of the Jury ........................................................7

Pretrial Request No. 7
Sympathy ...................................................................... 8

Pretrial Request No. 8
Corporate Defendants .......................................................9

Pretrial Request No. 9
Conduct During Recess.....................................................10

Pretrial Request No. 10
No Discussion With Others ............................................... 11

Pretrial Request No. 11
No Discussion By Others ...................................................12

Pretrial Request No. 12
No Conversation with Parties or Attorneys............................. 13

Pretrial Request No. 13
Bias / Interest in Outcome.................................................14

**PAGE**

Pretrial Request No. 14
Conclusion.................................................................15

**Section II– Charges After the Presentation of Evidence (Post-Trial)**

Post-trial Request No. 1
Introduction/Juror Attentiveness...........................................16

Post-trial Request No. 2
Juror Oath...............................................................17

Post-trial Request No. 3
Burden Of Proof Generally.................................................18

Post-trial Request No. 4
Burden Of Proof – Preponderance of the Evidence.....................19

Post-trial Request No. 5
Burden of Proof – Clear and Convincing Evidence.....................20

Post-trial Request No. 6
What Is and What Is Not Evidence.........................................21

Post-trial Request No. 7
Direct and Circumstantial Evidence......................................22

Post-trial Request No. 8
Stipulation of Facts.......................................................23

Post-trial Request No. 9
Summary and Charts Admitted as Evidence............................24

Post-trial Request No. 10
Summary and Charts Not Admitted as Evidence.......................25

Post-trial Request No. 11
Weighing Evidence........................................................26

Post-trial Request No. 12
Depositions...............................................................27

Post-trial Request No. 13
Inference Defined.........................................................28

**PAGE**

Post-trial Request No. 14
      Witness Credibility.................................................. 29

Post-trial Request No. 15
      Discrepancies in Testimony....................................30

Post-trial Request No. 16
      Uncalled Witnesses Equally Available...............................31

Post-trial Request No. 17
      Expert Witness Generally.................................................. 32

Post-trial Request No. 18
      Conflicting Expert Testimony...............................33

Post-trial Request No. 19
      Duty to Deliberate/Unanimous Verdict................................ 34

Post-trial Request No. 20
      Special Verdict.................................................. 35

Post-trial Request No. 21
      Selection of Foreperson.................................................. 36

Post-trial Request No. 22
      Communications with the Court........................................ 37

Post-trial Request No. 23
      Substantive Instructions.................................................38

## I.  CHARGES PRIOR TO THE PRESENTATION OF EVIDENCE (PRE-TRIAL)

### DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 1:
### INTRODUCTION TO JURY

Ladies and gentleman of the jury, we are about to start the trial of this case, about which you have heard some details during jury selection.  Before the trial begins, however, there are certain instructions you should have in order to understand what you will hear and see and how you should conduct yourself during trial.[1]

**Authority:**
1A New York Pattern Jury Instructions – Civil (3d ed., 2007) (hereinafter "PJI") 1:1, 1:2.

---

[1] This is a preliminary proposed instruction.  AstraZeneca reserves the right to supplement this and other charges based on developments prior to and during the trial in this case.

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 2:**
**OPENING**

When I have completed these opening instructions, the attorneys will make opening statements in which each attorney will outline for you what he or she expects to prove. The purpose of such opening statements is to tell you about each party's claims so that you will have a better understanding of the evidence as it is introduced. What is said in such opening statements is not evidence.

**Authority:**
PJI 1:3.

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 3:**
**EVIDENCE GENERALLY AND WHAT CONSTITUTES EVIDENCE**

The Plaintiffs will introduce evidence in support of their claim. At the conclusion of the Plaintiffs' case, Defendant may introduce evidence. If Defendant introduces evidence the Plaintiffs may then introduce rebuttal evidence.

There are two types of evidence which you may properly use in reaching your verdict. You may consider both direct and circumstantial evidence. Direct evidence is proof of facts from someone who has seen something or heard something or touched something, someone who used one of his or her five senses and is telling you about their experience. It is then your job to decide if you agree with the person or not. Is the person remembering correctly? Is the person perceiving correctly? Is the person telling you the truth?

Circumstantial evidence is different. Circumstantial evidence is proof of facts from which you may reasonably infer or conclude that other facts exist. Take for example a letter carrier delivering the mail. A person who sees the letter carrier, that is direct evidence. But the mail simply coming through the mail slot, that's circumstantial evidence that the letter carrier has been there. We use the term circumstantial evidence to refer to evidence of some facts, including events and circumstances, from which you, as a jury, using common sense and common experience, may infer the existence or nonexistence of another fact. Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based upon a preponderance of all the evidence presented.

What exactly can be considered evidence? The evidence in this case will consist of the sworn testimony of witnesses. It also consists of all exhibits received into evidence and any facts that may have been admitted or agreed to.

My instructions of law are not evidence. If at any point I say something different from the way you find the facts, your view of the facts controls. At times you will hear the lawyers objecting to questions. You should never hold it against a lawyer for making those objections. That's their job. They're well trained in the rules of evidence and we together, collectively, do the best we can to make sure that all the evidence that comes to you is reliable and relevant. During the time that objections to evidence are made, anything that is said during those objections is not evidence, and you should put it out of your mind. If I strike the evidence, you should not consider it. Arguments by lawyers are not evidence, because the lawyers are not witnesses.

Similarly, the question of a lawyer is not to be considered by you as evidence. It is the witness's answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true. If the witness denied the truth of a statement, and if there is no direct

evidence in the record proving the assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Anything you may have heard outside the courtroom is not evidence and you must disregard it entirely. Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions that I will give. Finally, statements that I have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al., Tr. 8-1 to 8-104 (Civ. Action No. 94-12177-PBS) (May 6, 1998); 1 L. Sand et al., Modern Federal Jury Instructions, 74-1, 74-2 (2004); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, (4th ed. 1987), Civil, § 70.02.

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 4:**
**SUMMATION**

Following the presentation of evidence, the parties will have the opportunity to make closing arguments. The closing arguments you will hear are not evidence. Closing arguments are the opportunity of the attorneys to sum up evidence and urge you to make findings in their client's favor. But simply because they remember the evidence one way does not prevent you from remembering it another way. It's your memory of the evidence that controls, not their memory, and your view as to the credibility of the witnesses, not their view as to the credibility of witnesses. The closing arguments are not evidence.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.

## DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 5:
## FUNCTION OF THE COURT

Once you have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties, my duty will be to instruct you as to the law applicable to the case and then you will retire for your deliberations. When the time comes to instruct you on the law, I will do so in three parts: First, general instructions intended to guide you through deliberations; second, instructions about the claims and defenses in this case and the questions you are to answer and about the law that you must apply in considering this case; and third, some additional instructions about what procedures to follow during your deliberations.

On the legal matters you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must follow these instructions whether you agree with them or not. You should not unduly emphasize one portion or minimize another portion. Sometimes I will read a section twice, if I see a quizzical look in one of your eyes or if I think something is complicated and I want you to get it down, I will repeat it twice. But that does not mean that section is more important than any other section. You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I gave you.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et al., Modern Federal Jury Instructions,71-2 (2004).

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 6:**
**FUNCTION OF THE JURY**

My job is an easy one because you are the ones who truly are the judges here. You're the ones who have to decide the facts. You're the ones who will resolve all conflicts in the evidence. You're the ones who assess the credibility of the witnesses so that when you render a verdict, which in Latin means "to speak the truth," you're the ones who have decided what the truth is in this case. It is your duty to accept those instructions of law and apply them to the facts as you determine them, just as it is my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

An important part of your job as jurors will be deciding whether you believe what each person has to say and how important that testimony was. In making that decision, I suggest you ask yourself a few questions: Did the person appear honest? Did he or she have some reason not to tell the truth? Did he or she have an interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and was the witness able to observe accurately the things he or she testified about? Did he or she understand the questions and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Was the witness's testimony on cross-examination different from the testimony given on direct examination? These are some, but not all of the kinds of things that will help you to decide how much weight to give to what each witness said. And by "each witness" I also include the expert witnesses. You still use all these same common sense factors in deciding the credibility of expert witnesses.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or whatever your verdict will be. The rulings I will make during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiffs have proven their case. I also ask you to draw no inference from the fact that upon occasion I may ask questions of certain witnesses. These questions are intended only for clarification or to expedite matters and are not intended to suggest any opinion on my part as to what the verdict you render should be, or whether any of the witnesses are more credible than any other witnesses.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 71-3 (2004).

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 7:**
**SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 71-10 (2006).

## DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 8:
## CORPORATE DEFENDANTS

The mere fact that one of the parties is a corporation does not mean that it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you will give any other party.

Your verdict must be based solely upon the evidence developed at this trial, or lack of evidence.  It would be improper for you to consider any personal feelings you may have about the parties' race, religion, national origin, gender or age.  It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendant to influence you in any way.  The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 71-9, 72-1 (2006).

## DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 9:
## CONDUCT DURING RECESS

The purpose of the rules I have outlined for you is to make sure that a just result is reached when you decide the case. For the same purpose, you should keep in mind several rules governing your own conduct during any recess of the Court.

**Authority:**
PJI 1:9.

10

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 10:**
**NO DISCUSSION WITH OTHERS**

Please do not discuss the case either among yourselves or with anyone else during the course of the trial.  In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

**Authority:**
PJI 1:11.

11

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 11:**
**NO DISCUSSION BY OTHERS**

Please do not permit any person who is a juror to discuss this case in your presence, and if anyone does despite your telling the person not to, report that to me as soon as you are able.  You should not, however, discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to my attention.

**Authority:**
PJI 1:12.

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 12:**
**NO CONVERSATION WITH PARTIES OR ATTORNEYS**

Although it is a natural human tendency to talk to people with whom one comes into contact, please do not, during the time you serve on this jury, talk, whether in or out of the courtroom, with any of the parties, or their attorneys, or with any witness. By this I mean not only do not talk about the case, but do not speak to them at all, even to pass the time of day.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

**Authority:**
PJI 1:13.

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 13:**
**BIAS/INTEREST IN OUTCOME**

      In your fact-finding, you are not to be swayed by any biases or prejudices, by any sympathies or antagonisms.  It is your function to find the facts fairly and impartially on the basis of the evidence at this trial.  You findings should never be based upon speculation or conjecture.  You may also consider any demonstrated biases or prejudices or hostility of a witness in deciding what weight to give to the testimony of the witness.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et al., Modern Federal Jury Instructions, 76-2; 76-3 (2006).

14

**DEFENDANT'S PROPOSED PRE-TRIAL INSTRUCTION NO. 14:**
**CONCLUSION**

The description of trial procedure, the rules governing your conduct and the legal principles I have discussed with you will, I believe, make it easier for you to understand the trial as it goes on and to reach a just result at its conclusion.

**Authority:**
PJI 1:14.

15

## II.  CHARGES AFTER THE PRESENTATION OF EVIDENCE (POST-TRIAL)

### DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 1:
### INTRODUCTION/JUROR ATTENTIVENESS

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Authority:**
1 L. Sand et al., <u>Modern Jury Instructions</u>, 72-1 (2004).

**DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 2:
JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 71-4 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 3:
## BURDEN OF PROOF GENERALLY

Let me talk to you a minute about the burden of proof.  You may remember that this is a civil case, not a criminal case.  The issues here must be proven in some instances by a fair preponderance of the evidence and in other instances by clear and convincing evidence. Put the issue of proof beyond a reasonable doubt out of your mind.  Proof beyond a reasonable doubt is not the burden in a civil case.  It is the burden in a criminal case.  Preponderance of the evidence means the greater weight of the evidence.  Clear and convincing evidence means proof that leaves no substantial doubt in your mind.  As I explain to you the elements of Plaintiffs' claims I will tell you which standard of proof applies.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et al., Modern Federal Jury Instructions, 73-1 (2004).

18

**DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 4:**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

The standard for some of the claims in this case is that Plaintiffs must prove – and when I say "Plaintiffs" I'm referring to the plaintiff class – that their claims are more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider all of the testimony of all of the witnesses, regardless of whether that witness was called by the Plaintiffs or by the Defendant, and all of the relevant exhibits, no matter who introduced those exhibits.

If you find that the credible evidence on a given issue is evenly divided between the parties, by which I mean that it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof, here, the Plaintiffs. This is because the Plaintiffs, who have the burden of proof, must prove more than simple equality of the evidence. They must prove each element at issue by a preponderance of the evidence.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; *see* 1 L. Sand et al., Modern Federal Jury Instructions, 73-2 (2004).

**DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 5:
BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

The standard for other claims in this case is that Plaintiffs have the burden of proving all of the elements to you by clear and convincing evidence. If you conclude that the Plaintiffs have failed to establish their claims by clear and convincing evidence, you must decide against them on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>,73-3 (2004).

20

**DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 6:**
**WHAT IS AND IS NOT EVIDENCE**

What exactly can be considered evidence?  The evidence in this case consists of the sworn testimony of witnesses.  It also consists of all exhibits received into evidence and any facts that may have been admitted or agreed to.

My instructions of law are not evidence.  If at any point I say something different from the way you find the facts, your view of the facts controls.  At times you heard the lawyers objecting to questions.  You should never hold it against a lawyer for making those objections.  That's their job.  They're well trained in the rules of evidence and we together, collectively, do the best we can to make sure that all the evidence that comes to you is reliable and relevant.  During the time that objections to evidence are made, anything that is said during those objections is not evidence, and you should put it out of your mind. If I struck the evidence, you should not consider it.  Arguments by lawyers are not evidence, because the lawyers are not witnesses.

Similarly, the question of a lawyer is not to be considered by you as evidence.  It is the witness's answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into questions a statement which assumed certain facts to be true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving the assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Anything you may have heard outside the courtroom is not evidence and you must disregard it entirely.  Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions that I gave.  Finally, statements that I have made concerning the quality of the evidence do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-1 (2006).

**DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 7:
DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.  You may consider both direct and circumstantial evidence.  Direct evidence is proof of facts from someone who has seen something or heard something or touched something, someone who used one of his or her five senses and is telling you about their experience.  It is then your job to decide if you agree with the person or not.  Is the person remembering correctly? Is the person perceiving correctly?  Is the person telling you the truth?

Circumstantial evidence is different.  Circumstantial evidence is proof of facts from which you may reasonably infer or conclude that other facts exist.  As I mentioned at the beginning of the case, an example of this is a letter carrier delivering the mail.  A person who sees the letter carrier, that is direct evidence.  But the mail simply coming through the mail slot, that's circumstantial evidence that the letter carrier has been there.  We use the term circumstantial evidence to refer to evidence of some facts, including events and circumstances, from which you, as a jury, using common sense and common experience, may infer the existence or nonexistence of another fact.  Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based upon a preponderance of all the evidence presented.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-2 (2006).