# EXHIBIT 1

# (PART 2)

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 8: STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-4 (2006).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 9: SUMMARY AND CHARTS ADMITTED AS EVIDENCE

The Plaintiffs (or Defendant) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-11 (2006).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 10:
## SUMMARY AND CHARTS NOT ADMITTED AS EVIDENCE

Charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-12 (2006).

### DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 11: WEIGHING EVIDENCE

The number of witnesses or number of exhibits or length of testimony is not what we mean when we speak of "the weight of the evidence." Also, number and length are not what we mean by evidence sufficient to meet the burden of proof. You determine the weight of the evidence and whether the burden of proof is met by using your judgment about the credibility and importance of the evidence.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 12:
## DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 74-14 (2006).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 13:
### INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

From the facts that have been proven, you may draw reasonable inferences about additional facts. An inference is a deduction or conclusion. An inference is an additional finding that from your collective experience, reason and common sense, leads you to draw from facts that you find are proved by the evidence.

You may use your common sense and common experience in deciding whether proof of certain facts provides a sufficient basis from which you may reasonably infer other facts. You may credit or discredit, as you see fit, direct evidence of a fact. Also, you may draw an inference or not as you see fit from the circumstantial evidence.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et al., Modern Federal Jury Instructions, 73-1 (2004).

28

### DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 14:
### WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-- that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 76-2; 76-1 (2006).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 15:
## DISCREPANCIES IN TESTIMONY

Now, you may consider inconsistencies or differences as you weigh the evidence. But you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollections, like failure of recollection, is a common experience.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et al., Modern Federal Jury Instructions, 76-4 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 16: UNCALLED WITNESSES EQUALLY AVAILABLE

If you find that a witness was either equally available or unavailable to both sides, you may infer that the testimony of the uncalled witness might have been unfavorable to the Plaintiffs or to the Defendant or to both. Alternatively, if the witness was unavailable to both the Defendant and the Plaintiffs, you may simply disregard his or her possible testimony as a factor in this case.

You should, however, remember that there's no duty on either side to call a witness whose testimony would merely repeat or duplicate other evidence. Again, your decision to draw or not to draw any inference should be based on all the facts and circumstances in the case.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; see 1 L. Sand et al., Modern Federal Jury Instructions, 75-4 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 17: EXPERT WITNESSES GENERALLY[2]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You still use all the same common sense factors in deciding the credibility of expert witnesses. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 76-9 (2004).

---

[2] These proposed instructions are submitted without prejudice to AstraZeneca's pending Class 1 <u>Daubert</u> challenge to Dr. Hartman's testimony, as well as AstraZeneca's pending motions in limine.

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 18: CONFLICTING EXPERT TESTIMONY

You have heard testimony of witnesses who have been called by both sides to give their expert opinion about issues in this case.

The witnesses who testified in this case did so in order to assist you in reaching a decision on these issues.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 76-10 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 19:
## DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now return to decide the case. In order to prevail, the Plaintiffs must sustain their burden of proof as I have explained to you with respect to each element of the complaint, and Defendant must fail to meet its burden of proof with respect to affirmative defenses. If you find that the Plaintiffs have succeeded, you should return a verdict in their favor on that claim. If you find that the Plaintiffs failed to sustain the burden on any element of the claim, you should return a verdict against the Plaintiffs.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 78-3 (2006).

### DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 20:
### SPECIAL VERDICT

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question (except where the verdict form indicates otherwise).

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 78-9 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 21:
## SELECTION OF FOREPERSON

Now, let me talk to you a bit about getting this case to you to deliberate. Your first job is to choose a foreperson. I used to think I could do this better than you. I used to look at all of you over the course of a trial and figure out who would be the best foreperson. After a few abysmal failures – it's best for you to decide. You now know each other, you can decide who would be the best person to lead the discussions. But the foreperson is not more equal than the rest. The foreperson is just one of you, but somebody who has certain administrative responsibilities to the court. So let me describe what those are.

The foreperson fills in the verdict form by checking or crossing out the various points on the form and signing and dating it at the end. So the first task is making sure it's unanimous and filling in the verdict form. The second task is during the course of your deliberations, if a question comes up, you have the right to ask me that question. Sometimes, I've gone through a lot of legal information, and there might be a legal question that would help break a log jam. The final thing that the foreperson does is stand up and announce the verdict in court. And that person is not standing alone, but standing with all the other members of the jury. So you will see the clerk say, "So say you Madam Foreperson, so say you Mr. Foreperson, so say you all members of the jury?" And it will be an unanimous verdict.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; *see* 1 L. Sand et al., Modern Federal Jury Instructions, 78-5 (2004).

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 22: COMMUNICATIONS WITH THE COURT

When you want to communicate with me, what you should do is send me a note. The foreperson should sign it and date it. At that point, I get all the attorneys. We all huddle, which you've seen we do so well. We try to figure out what the right answer is. Sometimes I'll simply write back a little note to you with the answer. Sometimes it's simply yes, no, or a brief sentence. If it's more complicated than that, what I will do is I will bring you back down here to instruct you again.

As I mentioned, this has got to be a unanimous verdict, and it will be from all of you. I never want a running tally, you know, "we're at three here, two here." I never want to know that. I need unanimous. So the foreperson must take the vote and make sure it's all of you who agree on the verdict.

Now, there are certain things you cannot ask me, or at least I would encourage you not to ask me. Don't ask me what my memory is. "What did this guy say on this date?" I've been taking notes. Some of you have been taking notes. I can't guarantee my notes are any better than yours.

Now, if there's something like what is the law on a given point, that is something, that is appropriate to ask me about. Similarly, if you think you should have received an exhibit and you don't have it, or you think there's something up there that you shouldn't have, let us know. You should never ask any of my court staff, who are trying to make sure that you're comfortable and happy and well treated, what they think the outcome of this case should be. They cannot talk to you about the appropriate outcome of this case.

**Authority:**
Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.

37

## DEFENDANT'S PROPOSED POST-TRIAL INSTRUCTION NO. 23: SUBSTANTIVE INSTRUCTIONS

I will now instruct you on the substantive law of Plaintiffs' claims.[3]

---

[3] See Exhibit 2, Defendant's Proposed Substantive Jury Instructions. AstraZeneca reserves the right to supplement and/or modify its proposed substantive instructions in response to developments before and during trial in this action.