# EXHIBIT 2

# (PART 1)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456 |
| | ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | ) ) ) ) |

**TRIAL OF CLASS 1 CLAIMS**

### DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S PROPOSED
### SUBSTANTIVE JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51 and this Court's Amended Pre-trial Order of March 7, 2007, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits the "Defendant's Proposed Substantive Jury Instructions and requests that the Court instruct the jury in this case in accordance with the attached requested instructions. AstraZeneca reserves the right to supplement, modify or withdraw these requests for instructions should the need to do so arise in this case.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: April 6, 2007

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on April 6, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.


By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper

# TABLE OF CONTENTS

**SUBSTANTIVE CHARGE**

| **STATUTE**[1] | **PAGE** |
|---|---|
| Ariz. Rev. Stat. § 44-1522, *et seq.* | 1 |
| Ark. Code § 4-88-101, *et seq.* | 14 |
| Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 1770 | 27 |
| Colo. Rev. Stat. § 6-1-105, *et seq.* | 52 |
| Conn. Gen. Stat. § 42-110b, *et seq.* | 63 |
| 6 Del. Code § 2511, *et seq.* | 75 |
| D.C. Code § 28-3901, *et seq.* | 88 |
| Fla. Stat. § 501.201, *et seq.* | 101 |
| Haw. Rev. Stat. § 480, *et seq.*; | 113 |
| Idaho Code § 48-601, *et seq.* | 125 |
| 815 ILCS § 505/1, *et seq.* | 136 |
| Ind. Code Ann. § 24-5-0.5.1, *et seq.* | 149 |
| Kan. Stat. § 50-623, *et seq.* | 162 |
| Md. Com. Law Code § 13-101, *et seq.* | 174 |
| Mass. Gen. L. Ch. 93A, *et seq.* | 185 |
| Mich. Stat. § 445.901, *et seq.* | 196 |
| Minn. Stat. § 325F.67, *et seq.* | 212 |
| Mo. Rev. Stat. § 407.010, *et seq.* | 226 |
| Neb. Rev. Stat. § 59-1601, *et seq.* | 238 |
| Nev. Rev. Stat. § 598.0903, *et seq.* | 248 |
| N.H. Rev. Stat. § 358-A:1, *et seq.* | 259 |
| N.J. Stat. Ann. § 56:8-1, *et seq.* | 270 |
| N.M. Stat. Ann. § 57-12-1, *et seq.* | 281 |

---

[1] As cited in In re Pharm. Indus. Average Wholesale Price Litig., 233 F.R.D. 229, 230 (D. Mass. 2006).

N.Y. Gen. Bus. Law § 349, *et seq.* .................................................................................. 293

N.C. Gen. Stat. § 75-1.1, *et seq.* .................................................................................... 305

N.D. Cent.Code § 51-15-01, *et seq.* ............................................................................... 318

Ohio Rev. Stat. § 1345.01, *et seq.* ................................................................................. 328

Okla. Stat. tit. 15 § 751, *et seq.* ..................................................................................... 338

Or.Rev.Stat. § 646.605, *et seq.* ...................................................................................... 350

73 Pa. Stat. § 201-1, *et seq.* ........................................................................................... 361

R.I. Gen. Laws. § 6-13.1-1, *et seq.* ................................................................................. 380

S.D. Code Laws § 37-24-1, *et seq.* .................................................................................. 393

Tex. Bus. & Com. Code § 17.41, *et seq.* ......................................................................... 405

Utah Code Ann. § 13-1 1-1, *et seq.* ................................................................................. 420

Vt. Stat. Ann. tit. 9, § 245 1, *et seq.* ............................................................................... 433

Wash. Rev. Code § 19.86.010, *et seq.* ............................................................................ 444

W. Va. Code § 46A-6-101, *et seq.* ................................................................................... 455

Wis. Stat. § 100.18, *et seq.* ............................................................................................. 468

Wyo. Stat. § 40-12-100, *et seq.* ...................................................................................... 480

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO ARIZONA CONSUMER FRAUD STATUTE
ARIZ. REV. STAT. § 44-1522, *et seq.***

Zoladex patients from Arizona are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Arizona law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Arizona Consumer Fraud Statute (hereinafter "the Arizona CFS").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

The Arizona statute applies to persons who reside in Arizona as well as individuals who obtained goods in Arizona.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Arizona.[1]

**Authority:**
State ex rel. Corbin v. Goodrich, 726 P.2d 215 (Ariz. Ct. App. 1986) (noting that this Act applies to acts committed within Arizona in violation of the Act's provisions and that victims need not be Arizona residents in order for the state to enforce its statutes against a person or persons conducting business within the state).

---

[1] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
DEFINITIONS**

The Arizona CFS provides "[t]he act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, . . . of any material fact . . ., in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice."

Before I instruct you on the elements of Mssrs. Howe and Townsend's claims on behalf of consumers within the State of Arizona, I will define certain terms that are implied or explicit in Section 44-1522(A) of the CFA.

The Arizona CFS defines merchandise as "any objects, wares, goods, commodities, intangibles, real estate, or services."

The Arizona CFS defines sale as "any sale, offer for sale, or attempt to sell any merchandise for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale."

The Arizona CFS defines advertisement as "including the attempt by publication, dissemination, solicitation or circulation, oral or written, to induce directly or indirectly any person to enter into any obligation or acquire any title or interest in any merchandise."

**Authority:**
A.R.S. § 44-1522 (A); A.R.S. § 44-1521 (1), (5), (7).

This is a case involving an alleged intentional misrepresentation to which the CFS applies provided that the intentional misrepresentation was of a material fact made in connection with the sale or advertisement of Zoladex in Arizona. Plaintiffs must prove that AstraZeneca sold – that is sold, offered to sell, or attempted to sell – Zoladex to Mssrs. Howe or Townsend in Arizona. It is not sufficient to determine that AstraZeneca manufactured Zoladex. Rather, Plaintiffs must prove AstraZeneca sold Zoladex to Plaintiffs. If Plaintiffs fail to prove that AstraZeneca was the seller in a sales transaction with a consumer, you must find for AstraZeneca.

Plaintiffs may also recover if they prove by a preponderance of the evidence that the alleged intentional misrepresentation of a material fact was made in connection with the advertisement by AstraZeneca of Zoladex in Arizona. Plaintiffs must prove by a preponderance of the evidence that AstraZeneca published – that is "attempt[ed] by publication, . . . or circulation . . . to induce [Plaintiffs] to . . . [purchase Zoladex]." Plaintiffs must prove AstraZeneca made an intentional misrepresentation in an advertisement directed at consumers in Arizona. Put another way, Plaintiffs must prove that AstraZeneca advertised Zoladex to consumers in Arizona and in doing so, intentionally misstated the average wholesale price of Zoladex.

**Authority:**
A.R.S. § 44-1522(A) (requiring Plaintiffs prove that any deceptive act occur in connection with the sale or advertisement of merchandise).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**LEARNED INTERMEDIARY DOCTRINE**


The Arizona courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about average cost of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Davis v. Cessna Aircraft Corp., 893 P.2d 26, 38 (Ariz. 1994); accord Shell Oil Co. v. Gutierrez, 581 P.2d 271, 277-78 (Ariz. 1978) (noting that under the learned intermediary doctrine "the manufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Arizona law, a drug manufacture has no legal obligation to convey information about a drug to patients.  Under Arizona law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their respective doctor(s) to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Davis v. Cessna Aircraft Corp., 893 P.2d 26, 38 (Ariz. 1994); accord Shell Oil Co. v. Gutierrez, 581 P.2d 271, 277-78 (Ariz. 1978) (noting that under the learned intermediary doctrine "the manufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive" includes representations that have a "tendency and capacity" to convey misleading impressions to consumers even though interpretations that would not be misleading also are possible. To be "deceptive" or to mislead, that is, to cause to go astray, a statement must be read or heard by the consumer before the consumer acts. Plaintiffs must prove they heard or read AstraZeneca's alleged intentional misrepresentations about the average wholesale price of Zoladex before they were injected.

**Authority:**
A.R.S. § 44-1521; Seimer v. Assoc. First Capital Corp., 2001 U.S. Dist. LEXIS 12810, at *14 (D. Ariz. Mar. 30, 2001) (noting the necessity of a "hearer" of the deceptive act); Haskell v. Holeman, 803 F.Supp. 237, 241 (D. Ariz. 1992) (citing Correa v. Pecos Valley Dev. Corp., 617 P.2d 767, 771 (Ariz. Ct. App. 1980)).

The misstated facts must also be material. That is, important to the consumer's decision. Plaintiffs must also prove by a preponderance of the evidence that knowing the average wholesale price of Zoladex was important to their decision about Zoladex.

**Authority:**
A.R.S. § 44-1521; Kuehn v. Stanley, 91 P.3d 346, 351 (Ariz. Ct. App. 2 2004); Haskell v. Holeman, 803 F. Supp. 237, 242 (D. Ariz. 1992).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
### MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, the Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the Zoladex average wholesale price.  In order to find an intentional misrepresentation under Arizona law, you must find that AstraZeneca made (1) a false representation (2) of a fact (3) that is material and (4) made with knowledge of its falsity.  Here Mr. Howe and Mr. Townsend must prove that AstraZeneca made a representation to Arizona consumers about the average wholesale price of Zoladex knowing that it was false.

**Authority:**
W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 106, at 738 (5th ed. 1984).

8

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## RELIANCE

Mr. Howe and Mr. Townsend must also prove by a preponderance of the evidence that they relied on AstraZeneca's representation about the average wholesale price of Zoladex. "Reliance" means a person acted as he did in entering into the transaction because he considered the statement to be true.

Specifically, you must find by a preponderance of the evidence that Mr. Howe and Mr. Townsend heard AstraZeneca's intentional misstatements about Zoladex, and took Zoladex only because they relied on AstraZeneca's statements.

**Authority:**
Holeman v. Neils, 803 F. Supp. 237 (D. Ariz. 1992) (finding damage or injury occurs when a consumer relies upon a misrepresentation even if that reliance is not reasonable); Peery v. Hansen, 585 P.2d 574, 577 (Ct. App. 1978) ("It is clear that before a private party may exert a claim under the statute, he must have been damaged by the prohibited practice. A prerequisite to such damages is reliance on the unlawful acts."); Kuehn v. Stanley, 91 P.3d 346, 351 (Ariz. App. 2004) ("Reliance is a required element under Arizona's consumer fraud statute."). In evaluating reliance, "the Court need not evaluate the reasonableness of the Plaintiffs' reliance because under the statute, reliance does not have to be reasonable." Siemer v. Associates First Capital Corp., 2001 U.S. Dist. LEXIS 12810, at *15 (D. Ariz. Mar. 30, 2001.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**CAUSATION**

You must also find by a preponderance of the evidence that Mr. Townsend and Mr. Howe suffered a loss of money or property that was caused by their reliance on AstraZeneca's intentional misrepresentation, which was material, or important, to their decisions about Zoladex – that is, they would have made a different decision regarding Zoladex if they had been told the actual average wholesale price of Zoladex.

**Authority:**
See Correa v. Pecos Valley Dev. Corp., 617 P.2d 767, 771 (Ariz. Ct. App. 1980); Dunlap 666 P.2d at 87; Holeman, 803 F.Supp. 237 (D. Ariz. 1992); Kuehn v. Stanley, 91 P.3d 346, 351 (Ariz. App. 2004) ("a plaintiff must show a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise.").

## DEFENDANT'S PROPOSED  INSTRUCTION NO. 9:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [2]

Under Arizona law, Plaintiffs are entitled to punitive damages in civil cases, including this CFS action, only if Plaintiffs have shown by clear and convincing evidence that "[AstraZeneca's] conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others." In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

**Authority:**
Haskell v. Holeman, 803 F. Supp. 237, 242-43 (D. Ariz. 1992); accord Cearley v. Wieser, 727 P.2d 346 (Ariz. App. 1986) (same); Schmidt v. American Leasco, 679 P.2d 532, 535 (Ariz. App. 1983).

---

[2] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.  However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

11

**DEFENDANT'S PROPOSED  INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for an Arizona CFS claim is one year, which may not be extended.

**Authority:**
Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. App. 1995) ("As a liability created by statute, a consumer fraud action must be initiated within one year after the cause of action accrues.") (citing A.R.S. § 12-541).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## DISCOVERY RULE

The Arizona Court of Appeals has held that the "discovery rule" of common law fraud determines when the Statute of Limitations accrues in a statutory consumer fraud action. The one-year statute of limitations for a section 44-1522 claim begins to run when the defrauded party discovers or, with reasonable diligence, should have discovered the fraud. Under the "discovery rule," the statute of limitations generally accrues when "the plaintiff knows or with reasonable diligence should know the facts underlying the cause."

**Authority:**
Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. App. 1995); Farnam Co. v. Stabar Enter., No. CV 05-1520-PHX-NVW, 2005 U.S. Dist. LEXIS 32514, at *24 (D. Ariz. Dec. 8, 2005) (citing Doe v. Roe, 266 Ariz. Adv. Rep. 19, 955 P.2d 951, 960 (Ariz. 1998)).

In this case, suit was filed in December, 2001.

It is the Plaintiff's duty to use reasonable diligence to properly inform himself of the facts and circumstances of the injury. Reasonable diligence is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him? A person's actions must be evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others. Each Plaintiff must prove to you the jury when precisely the Plaintiff's injury and its cause were discovered or should have reasonably been discovered by Plaintiff. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Doe v. Roe, 955 P.2d 951, 962 (Ariz. 1998) ("When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury…[P]laintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury").

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE ARKANSAS DECEPTIVE TRADE PRACTICES
ACT ("ADTPA"), ARK. CODE §4-88-101, *et seq.***

    Zoladex patients from Arkansas are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Arkansas law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Arkansas Deceptive Trade Practices Act ("ADTPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
EXTRATERRITORIAL APPLICATION**

The Arkansas statute only covers persons who reside in Arkansas or who were injured in Arkansas.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Arkansas. [3]

---

[3] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive trade practices" means one or more of 13 kinds of activities specified in the statute. I instruct you that 12 of those activities are not involved in this case.

The provision that applies in this case is "Engaging in any other deceptive act or practice in business, commerce, or trade." In order to find against AstraZeneca, you must find that, providing average wholesale price information to medical publishers is a deceptive act or practice in business, commerce, or trade.

**Authority:**
Ark. Code Ann. § 4-88-107.

**Authority:**
Little Rock Elec. Contractors, Inc. v. Entergy Corp., 87 S.W.3d 842, 845 (Ark. Ct. App. 2002) (finding that subsidiary's use of parent company's logo and company name in connection with a contract was not a deceptive trade practice where subsidiary did not lead Plaintiff to believe in any way that it had the financial backing of parent company, and parent company was not a party to the contract and never made any communications, representations or guarantees, oral or written, to the Plaintiff regarding the contract).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

Mr. Howe and Mr. Townsend claim damages from AstraZeneca and have the burden of proving each of three essential propositions:

First, that they have sustained damages; Second, that AstraZeneca engaged in a deceptive act or practice in business, commerce, or trade; and Third, that AstraZeneca's conduct was a proximate cause of Mr. Howe and Mr. Townsend's damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for Mr. Howe and Mr. Townsend; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for AstraZeneca.

**Authority:**
Ark. Code Ann. § 4-88-107; Trott's Wood Products, Inc. v. American Cabinet Doors & More, Inc., 2007 WL 625920, at *4 (W.D.Ark. 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**CAUSATION**

The third element that Mr. Howe and Mr. Townsend have to prove is that AstraZeneca's alleged conduct was a proximate cause of their damages.

The law frequently uses the expression "proximate cause," with which you may not be familiar. When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

**Authority:**
Ark. Code Ann. § 4-88-107; § 4-88-108.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## TRANSACTION REQUIREMENT

Under the ADTPA, Mr. Howe and Mr. Townsend must show that AstraZeneca made communications, representations or guarantees to them regarding the average wholesale price of Zoladex.  If you find that AstraZeneca did not make any such communications, representations or guarantees to Mr. Howe and Mr. Townsend, then you must find for AstraZeneca.

**Authority:**

Little Rock Elec. Contractors, Inc. v. Entergy Corp., 87 S.W.3d 842, 846 (Ark. Ct. App. 2002) (finding that the use of Entergy's logo and company name alone by a subsidiary of Entergy in connection with a contract was not a deceptive trade practice where Entergy was not a party to the contract and never made any communications, representations or guarantees, oral or written, to the Plaintiff regarding the contract).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Arkansas courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives his prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average cost of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given that information to Mr. Howe and Mr. Townsend, and you should find for AstraZeneca.

**<u>Authority:</u>**
<u>West v. Searle & Co.</u>, 806 S.W.2d 608 (Ark. 1991) (finding that the learned intermediary doctrine applied in an action against a drug manufacturer where a physician exercised his medical judgment in determining the best drug to give and was fully aware of the risks associated with the drug).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
West v. Searle & Co., 806 S.W.2d 608 (Ark. 1991) (finding that the learned intermediary doctrine applied in an action against a drug manufacturer where a physician exercised his medical judgment in determining the best drug to give and was fully aware of the risks associated with the drug).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, the Plaintiffs' lawyers promised the Court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Mr. Howe and Mr. Townsend claim damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex.  Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew or believed that the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation.

**Authority**

Nicholson v. Simmons First Nat'l Corp., 849 S.W.2d 483, 486 (Ark. 1993) (stating that, to prove fraud or the tort of deceit, one is required to show by clear and convincing evidence: (1) a false representation of a material fact, (2) knowledge or belief on the part of the person making the representation that the representation is false, (3) an intent to induce the other party to act or refrain from acting in reliance on the misrepresentation, (4) a justifiable reliance on the misrepresentation, and (5) resulting damage.); see also Fleming v. Cox Law Firm, 210 S.W.3d 866, 868 (Ark. 2005); Clark v. Ridgeway, 914 S.W.2d 745, 749 (Ark. 1996); Evans Indus. Coatings, Inc. v. Chancery Court of Union County, Third Div., 870 S.W.2d 701, 703 (Ark. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**INTENTION TO INDUCE RELIANCE**

In order to find AstraZeneca liable, you must also find by clear and convincing evidence that AstraZeneca intended Mr. Howe and Mr. Townsend, the patients being given the drug, to take action regarding Zoladex based on AstraZeneca's alleged intentional misrepresentation.

**Authority:**
Nicholson v. Simmons First Nat'l Corp., 849 S.W.2d 483, 486 (Ark. 1993) (stating that, to prove fraud or the tort of deceit, one is required to show by clear and convincing evidence: (1) a false representation of a material fact, (2) knowledge or belief on the part of the person making the representation that the representation is false, (3) an intent to induce the other party to act or refrain from acting in reliance on the misrepresentation, (4) a justifiable reliance on the misrepresentation, and (5) resulting damage).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The Statute of Limitations for an ADTPA claim is five years.

In Arkansas the five year limitations period commences on the date of the occurrence of the violation or the date upon which the cause of action arises.  For Plaintiffs from the state of Arkansas, you must find that their action was filed within five years from when AstraZeneca last made an alleged misrepresentation relevant to this case.  For any such misrepresentations made five years or longer before this action was filed, Plaintiffs from Arkansas may not hold AstraZeneca liable.

**<u>Authority:</u>**
Ark. Code Ann. § 4-88-115.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## DOCTRINE OF FRAUDULENT CONCEALMENT

The claims of Mr. Howe and Mr. Townsend that accrued before December 1996 are barred by the statute of limitations unless Mr. Howe and Mr. Townsend prove that their claims were fraudulently concealed by AstraZeneca. To suspend the running of the statute of limitations, Mr. Howe and Mr. Townsend have the burden of proving three essential propositions:

First, that AstraZeneca committed a positive act of concealment that was distinct from the conduct that is the basis for the claim and that was so secretly planned and executed as to keep the claim hidden; or that the conduct that is the basis for the claim was perpetrated in a way that it conceals itself;

Second, that Mr. Howe and Mr. Townsend exercised reasonable diligence to discover the facts of their claims; and

Third, that Mr. Howe and Mr. Townsend did not know or have reason to know of the basis for their claims before December 1996.

This burden is not met by proof of mere ignorance on the part of the Mr. Howe and Mr. Townsend or by proof of silence by one who is under no obligation to speak or disclose information.

If you find from the evidence in this case that each of these propositions has been proved, then you should consider the other instructions pertaining to Mr. Howe and Mr. Townsend's claims; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for AstraZeneca with respect to Plaintiffs from Arkansas whose claims accrued before December, 1996.

**Authority:**
Adams v. Arthur, 969 S.W.2d 598, 603 (Ark. 1998) (setting forth requirements for fraudulent concealment); Martin v. Arthur, 3 S.W.3d 684, 687 (Ark. 1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [4]**

Under Arkansas law, only Plaintiffs who are sixty (60) years of age or older can recover punitive damages in an ADTPA action.  In order to recover punitive damages from AstraZeneca, Mr. Howe and Mr. Townsend must prove by clear and convincing evidence that the Arkansas Zoladex patients are sixty years of age or older.

**Authority:**
Ark. Code Ann. § 4-88-201(a).

---

[4] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.  However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.