# EXHIBIT 2

## (PART 2)

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
("CLRA"), CALIFORNIA CIV. CODE § 1770**

Zoladex patients from California are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of California law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the California Consumers Legal Remedies Act ("CLRA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

Unless Plaintiffs prove that AstraZeneca is a California corporation and AstraZeneca's conduct with respect to computing, checking, and sending pricing information to third party publishers occurred in California, then the California statute does not apply.

**Authority:**
Wershba v. Apple Computer, Inc., 110 Cal. Rptr. 2d 145, 160 (Cal. Ct. App. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The CLRA enumerates deceptive acts or practices which, when violated, allow a consumer to bring a cause of action against the violator for money damages.

**Authority:**
Cal. Civ. Code § 1780 (a)(1)-(5); Cal. Civ. Code § 1770.

In order to recover under the CLRA, Plaintiffs must prove that they were "consumers" as defined by the statute. "Consumer" is defined as an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes.

"Goods" are defined to mean tangible chattels bought or leased for use primarily for personal, family, or household purposes. "Services" means work, labor or services for other than commercial or business use, including services furnished in connection with the sale or repair of goods.

"Transaction" means an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.

"Person" means an individual, partnership, corporation, limited liability company, association, or other group however organized.

**Authority:**
Cal. Civ. Code § 1761(a)-(e).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## TRANSACTION REQUIREMENT

The CLRA only protects consumers where misrepresentations which are enumerated in the California statute are made during a transaction. The consumer transaction at issue is the administration of Zoladex. The alleged misrepresentation at issue is AstraZeneca's statement concerning the average wholesale price of Zoladex. Plaintiffs therefore must prove that AstraZeneca's statement concerning the average wholesale price of Zoladex occurred during a transaction with Mr. Howe and Mr. Townsend and resulted in Mr. Howe and Mr. Townsend's payments for Zoladex administrations.

**Authority:**
Cal. Civ. Code § 1770(a) ("The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person *in a transaction* intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."); Berry v. American Express Publishing, Inc., 147 Cal. App. 4th 224, 2007 Cal. App. LEXIS 118 (Cal. Ct. App. 2007) (issuance of credit card to consumer was not a transaction intended to result or which results in the sale or lease of goods or services to a consumer); Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1096 (N.D. Cal. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the California courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives his prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. If the manufacturer properly conveys information to the physician, then a patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average cost of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have communicated anything directly to the consumer, and you should find for AstraZeneca.

**Authority:**
Motus v. Pfizer, Inc., 196 F. Supp. 2d 984, 990 (N.D. Cal. 2001) ("California follows the learned intermediary doctrine, which states that in the case of prescription drugs, the duty to warn 'runs to the physician, not to the patient'").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## DECEPTIVE ACT OR PRACTICE

"Deceptive acts or practices" under the CLRA means one or more of 23 activities specified in the statute, such as "using deceptive representations or designations of geographic origin in connection with goods or services" or "representing that goods are original or new if they have deteriorated unreasonably, or are altered, reconditioned, reclaimed, used, or secondhand." In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 23 exclusive provisions.[5]

**Authority:**
Cal Civ. Code § 1770(a).

---

[5] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the CLRA. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 23 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove each of the following elements by a preponderance of the evidence: (1) AstraZenaca made an intentional misrepresentation about the average wholesale price of Zoladex; (2) Mr. Howe and Mr. Townsend were consumers of AstraZeneca's goods or services; (3) AstraZenaca's intentional misrepresentation occurred during a transaction between the consumer and another (4) such acts were the producing cause of actual damages to the plaintiff.

**Authority:**
Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082 (N.D. Cal. 2006); Chamberlan v. Ford Motor Co., 369 F. Supp. 2d 1138, 1145 (N.D. Cal. 2005); Cal. Civ. Code § 1784.

A preponderance of the evidence means such evidence that when weighed with that opposed to it has more convincing force, and from which it results that the greater probability is with the party upon whom the burden rests (here the Plaintiffs).

**Authority:**
Scarborough v. Urgo, 216 P. 584, 588 (Cal. 1923).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**MENTAL STATE REQUIREMENTS/SCIENTER**


In order to find an intentional misrepresentation under California law, you must find by a preponderance of the evidence that: (1) Defendant made a statement of fact, which was false; (2) and made the statement with knowledge of the falsity; (3) and with the intent to induce the Plaintiffs' reliance on that statement.

This means that Plaintiffs must show that, AstraZeneca made a statement, knew that the information in that statement was false, and provided that information with the specific intent of inducing Mr. Howe and Mr. Townsend to rely on that information.

**Authority:**
Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (Cal. 1995).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELIANCE

Mr. Howe and Mr. Townsend must also prove by the preponderance of the evidence that they read and then relied on AstraZeneca's misrepresentation about the average wholesale price of Zoladex to their detriment.  "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true.

**Authority:**
Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005); Mass. Mut. Life Ins. Co. v. Superior Court, 119 Cal. Rptr. 2d 190, 197-98 (Cal. Ct. App. 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION**

Plaintiffs must also show by a preponderance of the evidence that AstraZeneca's deceptive acts were the producing cause of Mr. Townsend and Mr. Howes' injuries. This means that Plaintiffs must show not only that AstraZeneca's conduct is one of the deceptive practices enumerated in the CLRA, but also that AstraZeneca's conduct caused Mr. Howe and Mr. Townsend harm.

**Authority:**
Cal. Civ. Code § 1780(a); Chamberlan v. Ford Motor Co., 369 F. Supp. 2d 1138, 1145 (N.D. Cal. 2005); Mass. Mut. Life Ins. Co. v. Superior Court, 119 Cal. Rptr. 2d 190, 197-98 (Cal. Ct. App. 2002).

**DEFENDANT'S PROPOSED QUESTIONS OF LAW
RELATING TO THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
("CLRA"), CALIFORNIA CIV. CODE § 1770**

**QUESTION OF LAW NO. 10:
PUBLIC INTEREST REQUIREMENT**

"To state a cause of action under consumer protection statutes designed to protect the public from fraudulent or deceptive representations, the plaintiff must demonstrate that 'members of the public are likely to be deceived.'"

**Authority:**
Aron v. U-Haul Co. of California, 49 Cal. Rptr. 3d 555, 562 (Cal. Ct. App. 2006).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
### HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [6]

Under California law, Plaintiffs are entitled to punitive damages in civil cases, including this CLRA action, only when they have shown by clear and convincing evidence that the acts of AstraZeneca evidence malice, oppression or fraud. In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

**Authority:**
Ca. Civ. Code § 1780(a)(4); <u>Faigman v. Cingular Wireless, LLC</u>, 2007 U.S. Dist. LEXIS 14908 (D. Cal. 2007).

---

[6] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.  However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a CLRA claim is three years, which may not be extended.

In California, the three year limitations period begins to run upon the happening of the last event necessary to complete the cause of action.  Once a statute has begun to run, the plaintiff must file his or her claim before the limitations period expires or the claim will be barred.

**Authority:**
Cal. Civ. Code § 1783; McCready v. Am. Honda Motor Co., No. C-05-5247 SBA, 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

For Plaintiffs from the state of California, you must find that their action was filed within three years from when AstraZeneca last made a misrepresentation relevant to this case.  For any such misrepresentations made two years or longer before this action was filed, Plaintiffs from California, bringing suit under the CLRA, may not hold AstraZeneca liable.

**Authority:**
Cal. Civ. Code § 1783; McCready v. Am. Honda Motor Co., No. C-05-5247 SBA 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13:**
**DISCOVERY RULE**

One exception to the rule that a claim accrues at the moment a misrepresentation is made is the discovery rule. Under the CLRA the three year Statute of Limitations will not begin to run until a Plaintiff suspects or should have suspected that the representations at issue were false or deceptive. Plaintiff does not have to actually discover the relevant facts for the Statute of Limitations to start to run. Rather, the Statute of Limitations will begin to run as soon as Plaintiffs had notice or information of circumstances that would have put a reasonable person on inquiry, or had the opportunity to obtain knowledge from sources open to their investigation.

**Authority:**
McCready v. Am. Honda Motor Co., No. C-05-5247 SBA, 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

To invoke the discovery rule, Plaintiffs must prove (1) lack of knowledge; (2) lack of means of obtaining knowledge; and (3) how and when the fraud or mistake was actually discovered.

**Authority:**
McCready v. Am. Honda Motor Co., No. C-05-5247 SBA 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14:
## DOCTRINE OF FRAUDULENT CONCEALMENT

Under the CLRA, if Plaintiffs prove that Defendants have fraudulently concealed a cause of action from Plaintiffs, the Statute of Limitations can be tolled for the period during which the cause of action is undiscovered by Plaintiffs or until Plaintiffs, with the exercise of due diligence, should have discovered the cause of action. The doctrine of fraudulent concealment can only be applied if Plaintiffs prove that AstraZenaca intentionally prevented the Plaintiffs from instituting a lawsuit.

**Authority:**
Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (Cal. 1994).

41

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL"),**
**CAL. BUS & PROF. CODE § 17200,** *et seq.*

Zoladex patients from California are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of California law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the California Unfair Competition Law ("UCL").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15:**
**EXTRATERRITORIAL APPLICATION**

The California UCL only covers persons who reside in California or who obtained goods in California.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they obtained Zoladex in California.[7]

**Authority**

Norwest Mortgage, Inc. v. Superior Court, 85 Cal. Rptr. 2d 18, 23-24 (Cal. Ct. App. 1999) (stating that the UCL contains "no express declaration that it was designed to regulate claims of non-residents arising from conduct occurring entirely outside of California... the only relevant authority from other jurisdictions of which we are aware concluded that a state consumer protection statute analogous to the UCL does not apply to claims arising solely from extraterritorial conduct").

---

[7] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16:**
**DEFINITIONS**

The UCL declares that any person who engages in unfair competition as defined by the statute may be liable under the UCL.

"Person" is defined as natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

**<u>Authority:</u>**
Cal. Bus. & Prof. Code § 17200, 17201.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17:
## LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the California courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives his prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  If the manufacturer properly conveys information to the physician, then a patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average cost of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have communicated anything directly to the consumer, and you should find for AstraZeneca.

**Authority:**
Motus v. Pfizer, Inc., 196 F. Supp. 2d 984, 990 (C.D. Cal. 2001) ("California follows the learned intermediary doctrine, which states that in the case of prescription drugs, the duty to warn 'runs to the physician, not to the patient.'").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18:
DECEPTIVE ACT OR PRACTICE**

The California UCL states that "unfair competition" which is prohibited by the Act "shall include any... fraudulent business act or practice and... deceptive, untrue or misleading advertising." The UCL also declares that it is unlawful for any person, firm or corporation with the intent to directly or indirectly "dispose of" property or perform services... to make or disseminate from California any statements which are untrue or misleading and which are known, or should be known, to be untrue and misleading.

**<u>Authority:</u>**
Cal Bus. & Prof. Code §§ 17200, 17500.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19:
## ELEMENTS

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex. Under California law, Plaintiffs must prove each of the following elements by a preponderance of the evidence.

A preponderance of the evidence means such evidence that when weighed with that opposed to it has more convincing force, and from which it results that the greater probability is with the party upon whom the burden rests (here the Plaintiffs).

**Authority:**
Scarborough v. Urgo, 216 P. 584, 588 (Cal. 1923).

To prove this claim under the UCL, Mr. Howe and Mr. Townsend must each prove "fraudulent business practices" under the statute. To do so Plaintiffs must show that given Defendant's behavior, the public is likely to be deceived. To make such a showing Plaintiffs must prove that consumers have an expectation regarding the information they claim Defendants misrepresented. This means that Plaintiffs have to show that reasonable consumers expected the average wholesale prices for Zoladex communicated by AstraZeneca to third party publishers to be an actual average of wholesale prices.

**Authority:**
People ex rel. Bill Lockyer v. Fremont Life Ins. Co., 128 Cal. Rptr. 2d 463, 47-71 (Cal. Ct. App. 2002) (stating that the test for a fraudulent business practice under the UCL is "whether the public is likely to be deceived"); McKell v. Washington Mutual, Inc., 49 Cal. Rptr. 3d 227, 239 (Cal. Ct. App. 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20:
## MENTAL STATE REQUIREMENTS/SCIENTER

In order to find an intentional misrepresentation under California law, you must find by a preponderance of the evidence that: (1) Defendant made a statement of fact, which was false; (2) and made the statement with knowledge of the falsity; (3) and with the intent to induce the Plaintiffs' reliance on that misrepresentation.

This means that Plaintiffs must show that AstraZeneca made a false statement, AstraZeneca knew that statement was false and provided that information with the specific intent of inducing Mr. Howe and Mr. Townsend to rely on that information.

**Authority:**
Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (Cal. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21:**
**CAUSATION**

Plaintiffs must also show by a preponderance of the evidence that AstraZeneca's deceptive acts caused or were likely to cause the injuries alleged by Mr. Townsend and Mr. Howe.  This means that Plaintiffs must prove that there is a connection between AstraZeneca's conduct and the alleged harm to the public.

**<u>Authority:</u>**
<u>In re Firearm Cases</u>, 24 Cal. Rptr. 3d 659, 671-72 (Cal. Ct. App. 2005).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22:
### STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a UCL claim is four years, which may not be extended.

In California, the four year limitations period begins to run upon the happening of the last event necessary to complete the cause of action. Once a statute has begun to run, the plaintiff must file his or her claim before the limitations period expires or the claim will be barred.

**Authority:**
Cal. Bus. & Prof. Code § 17208; In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig, Nos. C-05-04726 RMW, C-06-00537 RMW, 2007 U.S. Dist. LEXIS 12786 (N.D. Cal. Feb. 12, 2007).

For Plaintiffs from the state of California, you must find that their action was filed within four years from when AstraZeneca last made a misrepresentation relevant to this case. For any such misrepresentations made four years or longer before this action was filed, Plaintiffs from California, bringing suit under the UCL, may not hold AstraZeneca liable.

**Authority:**
Cal. Bus. & Prof. Code § 17208; In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig, Nos. C-05-04726 RMW, C-06-00537 RMW, 2007 U.S. Dist. LEXIS 12786 (N.D. Cal. Feb. 12, 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**

Under California law, if Plaintiffs prove that Defendants have fraudulently concealed a cause of action from Plaintiffs' discovery, the statute of limitations can be tolled for the period during which the cause of action is undiscovered by Plaintiffs or until a Plaintiff, with the exercise of due diligence, should have discovered the cause of action.  The doctrine of fraudulent concealment can only be applied if Plaintiffs prove that Defendants intentionally prevented the Plaintiffs from instituting a lawsuit.

**Authority:**
Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (Cal. 1994); In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig, Nos. C-05-04726 RMW, C-06-00537 RMW, 2007 U.S. Dist. LEXIS 12786 (N.D. Cal. Feb. 12, 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE COLORADO CONSUMER PROTECTION ACT ("CCPA"),
COLO. REV. STAT. 6-1-105, *et seq.***

      Zoladex patients from Colorado are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Colorado law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Colorado Consumer Protection Act (hereinafter the "CCPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Colorado statute only covers persons who reside in Colorado or who were injured in Colorado. In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Colorado.[8]

**Authority:**
Colo. Rev. Stat. § 6-1-107(2).

---

[8] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

Under the CCPA, "sale" is defined as "any sale, offer for sale, or attempt to sell any real or personal property for any consideration."

"Person" is defined as "an individual, corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity."

"Advertisement" is defined as "the attempt by publication, dissemination, solicitation, or circulation, visual, oral, or written, to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any property."

**Authority:**
Colo. Rev. Stat. § 6-1-102.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the Colorado courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives his prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average cost of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given them such information, and you should find for AstraZeneca.

**Authority:**
Crowe v. Tull, 126 P.3d 196, 203 (Colo. 2006), Caveny v. Ciba-Geigy Corp., 818 F. Supp. 1404, 1406 (D. Colo. 1992) ("It is the responsibility of the physician as a learned intermediary to assess the risks and benefits of a particular course treatment.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Colorado law, a drug manufacturer has no legal obligation to convey information about a drug to patients. Under Colorado law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Crowe v. Tull, 126 P.3d 196, 203 (Colo. 2006), Caveny v. Ciba-Geigy Corp., 818 F. Supp. 1404, 1406 (D. Colo. 1992) ("It is the responsibility of the physician as a learned intermediary to assess the risks and benefits of a particular course treatment.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**DECEPTIVE TRADE PRACTICE**

"Deceptive trade practices" in Colorado means one or more of 41 kinds of activities specified in the statute, such as using "deceptive representations or designations of geographic origin in connection with goods or services" or employing "bait and switch advertising." In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 41 exclusive provisions.[9]

**<u>Authority:</u>**
Colo. Rev. Stat. § 6-1-105(L).

---

[9] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the Colordao Act. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 41 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
ELEMENTS**

To establish a claim under the CCPA, Mr. Howe and Mr. Townsend must prove each of the following elements: (1) conduct by AstraZeneca constituting a deceptive trade practice; (2) the deceptive trade practice occurred in the course of AstraZeneca's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of AstraZeneca's goods, services, or property; (4) Mr. Howe and Mr. Townsend suffered an injury in fact to a legally protected interest; and (5) AstraZeneca's actions in violation of the CCPA caused Mr. Howe and Mr. Townsend's injury.

**Authority:**
Hall v. Walter, 969 P.2d 224, 234-235 (Colo. 1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, the Plaintiffs' lawyers promised the Court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Mr. Howe and Mr. Townsend claim damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex.  Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew or believed that the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation.  You cannot find that AstraZeneca engaged in intentional misrepresentation if you find that AstraZeneca honestly believed at the time that the representations it made were true, even if such belief was negligent or unreasonable.

**Authority:**
Crowe v. Tull, 126 P.3d 196, 204 (Colo. 2006); Rhino Linings USA, Inc. v. Rocky Mountain Rhion Lining, Inc., 62 P. 3d 142, 147 (Colo. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**CAUSATION**

Under the CCPA, when money damages are sought, the plaintiffs must show a causal connection between the alleged violation and the injury they seek to recover damages for. To satisfy this requirement, Mr. Howe and Mr. Townsend must show that they suffered injuries because of AstraZeneca's representations regarding average wholesale price. If the Plaintiffs' actions would not have changed had they known the average wholesale price of Zoladex, you must find for AstraZeneca.

**Authority:**
Hall v. Walter, 969 P.2d 224, 235 (Colo. 1998); Walter v. Hall, 940 P.2d 991, 998 (Colo. App. Ct. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
SIGNIFICANT PUBLIC EFFECT**

To be actionable under the CCPA, the deceptive trade practice must significantly affect the public.  In determining whether AstraZeneca's conduct significantly affected the public, you must consider: (1) the number of consumers directly affected by AstraZeneca's conduct; (2) the relative sophistication and bargaining power of the consumers directly affected; and (3) evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future.

**Authority:**
Martinez v. Lewis, 969 P.2d 213, 222 (Colo. 1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The Statute of Limitations for claims under the CCPA is three years.

**Authority:**
Colo. Rev. Stat. § 6-1-115.

For Plaintiffs from the state of Colorado, you must find that their action was filed within three years of the date on which AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex. Alternatively, you must find that the action was filed within three years of the date on which the Plaintiff discovered or should have discovered the intentional misrepresentation about the average wholesale price of Zoladex. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Colorado, must show that their complaint against AstraZeneca was filed within three years of when Zoladex patients in Colorado discovered or should have discovered AstraZeneca's statements regarding the average wholesale price of Zoladex.

**Authority:**
Colo. Rev. Stat. § 6-1-115; see Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274, 281 (Colo. App. 1993).

The Statute of Limitations may be extended from three to four years for Plaintiffs from the state of Colorado if you find that their action was not timely filed because AstraZeneca engaged in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the action. If you do not find that AstraZeneca engaged in such conduct, you may not extend the Statute of Limitations.

**Authority:**
Colo. Rev. Stat. § 6-1-115.