**EXHIBIT 2**


**(PART 4)**

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE DISTRICT OF COLUMBIA CONSUMER PROTECTION
PROCEDURES ACT ("DCCPPA"), D.C. CODE § 28-3901, *et seq.***

Zoladex patients from the District of Columbia ("D.C.") are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of D.C. law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the DCCPPA.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

The D.C. statute only covers transactions which occur or originate in the District of Columbia.  In order to recover, Plaintiffs must prove that there was a transaction and that the transaction occurred or originated in the District of Columbia.[14]

**Authority:**
Nelson v. Nationwide Mortgage Corp., 659 F. Supp. 611 (1987).

---

[14] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members who engaged in transactions in this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The DCCPPA provides that any person may bring an action seeking relief for the use by any person of a trade practice in violation of the DCCPPA.

**Authority:**
D.C. Code § 28-3905(K)(1).

"Consumer" means a person who does or would purchase, lease (from), or receive consumer goods or services, including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice; as an adjective, "consumer" describes anything, without exception, which is primarily for personal, household, or family use.

**Authority:**
D.C. Code § 28-3901(a)(2); <u>Adam A. Weschler & Son, Inc. v. Klank</u>, 561 A.2d 1003 (D.C. 1989).

"Person" means any individual, firm, corporation, partnership, cooperative, association, or any other organization, legal entity, or group of individuals however organized.

"Merchant" means a person who does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who does or would supply the goods or services which are or would be the subject matter of a trade or practice.

"Trade practice" means any act which does or would create, alter, repair… provide information about, or directly, or indirectly, solicit or offer for or effectuate, a sale, lease or transfer of consumer goods or services.

"Goods and services" means any and all part of the economic output of society, at any stage or related or necessary point in the economic process, and includes… consumer services of all types.

**Authority:**
D.C. Code § 28-3901 (1), (3), (6), (7).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## TRANSACTION REQUIREMENT

The DCCPPA requires a showing of a merchant-consumer relationship between the Defendant and the Plaintiff. The Act was designed to police trade practices arising only out of consumer-merchant relationships and "does not apply to commercial dealings outside the consumer sphere." This means that the seller must be connected to the supply-side of the consumer transaction, and the Plaintiffs' cause of action must originate out of a consumer transaction. To find that AstraZeneca's conduct is sufficiently connected to Mr. Howe and Mr. Townsend's purchase and use of Zoladex, Plaintiffs must prove that Mr. Howe and Mr. Townsend saw or heard information about the average wholesale price of Zoladex which originated with AstraZeneca.

**Authority:**
Adler v. Vision Lab Telcoms., Inc., 393 F. Supp. 2d 35, 39 (D.D.C. 2005); Ford v. Chartone, Inc., 908 A.2d 72, 79 (D.C. Ct. App. 2006); Immaculata/Dunblane, Inc. v. Immaculata Prep. Sch., 514 A.2d 1152, 1159 (D.C. 1986) (stating that a merchant need not be the actual seller of the goods or services complained of, but must be connected with the supply side of the consumer transaction).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the D.C. courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives his prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
MacPherson v. Searle & Co., 775 F. Supp. 417, 422 (D.D.C. 1991); Conafay v. Wyeth Laboratories, 1985 U.S. Dist. LEXIS 21618, at *8-9 (D.D.C. 1985).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under D.C. law a drug manufacture has no legal obligation to convey information about a drug to patients.  Under D.C. law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
MacPherson v. Searle & Co., 775 F. Supp. 417, 422 (D.D.C. 1991); Conafay v. Wyeth Laboratories, Civ. No. 83-0637, 1985 U.S. Dist. LEXIS 21618, at *8-9 (D.D.C. June 17, 1986).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## DECEPTIVE ACT OR PRACTICE

"Deceptive acts or practices" in D.C. means one or more of 32 kinds of activities specified in the statute, such as "deceptive representations or designations of geographic origin in connection with goods or services" or "represent[ations] that goods are original or new if they in fact are deteriorated, altered, reconditioned, reclaimed, or second hand, or have been used." I instruct you that 31 of these activities are not involved in this case.

One section states that it is a violation of the DCCPPA to "misrepresent as to a material fact which has a tendency to mislead." In order to find against AstraZeneca, you must find that AstraZeneca's conduct of providing pricing information about Zoladex to medical publishers was a fact which was important to Mr. Howe and Mr. Townsend and was likely to mislead them with respect to their decision concerning Zoladex injections administered by their physicians.

**Authority:**
D.C. Code § 28-3904(a)-(ee); D.C. Code § 28-3904(e).

To find that the average wholesale price of Zoladex was a fact which was material to Mr. Howe and Mr. Townsend, Plaintiffs must prove that knowing the actual average wholesale price was an important aspect of their decision to use Zoladex, and they would have acted differently if the representation they heard or saw with respect to the average wholesale price of Zoladex had been different.

Moreover, Plaintiffs must prove that AstraZeneca's representations of average wholesale prices made to third party publishers had the tendency to mislead reasonable D.C. consumers.

**Authority:**
Alicke v. MCI Communs. Corp., 111 F.3d 909 (D.C. Cir. 1997).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
### ELEMENTS

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.  Under D.C. law, Plaintiffs must prove each of the following elements by clear and convincing evidence.

Clear and convincing evidence is "evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."

**Authority:**
In re Cater, 887 A.2d 1, 24 (D.C. 2005); Osbourne v. Capital City Mortg. Corp., 727 A.2d 322, 326 (D.C. 1999).

To prove their claim under D.C. law, Mr. Townsend and Mr. Howe must prove the following elements:  (1) AstraZeneca is a "merchant" under the D.C. statute; (2) Plaintiffs are "consumers" under the D.C. statute; (3) AstraZeneca made an intentional misstatement of fact regarding the average wholesale price of Zoladex; (4) AstraZeneca's violation of the statute caused Plaintiffs to suffer a specific injury in fact.

**Authority:**
Anthridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1176 (D.C. Cir. 2003); Save Immaculata/Dunblane, Inc. v. Immaculata Preparatory School., Inc., 514 A.2d 1152, 1159 (D.C. Ct. App. 1986); Williams v. Purdue Pharm. Co., 297 F.Supp. 2d 171 (D.D.C. 2003).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MENTAL STATE REQUIREMENTS/SCIENTER

In order to find an intentional misrepresentation under D.C. law, you must find by clear and convincing evidence that: (1) AstraZenaca made a false representation or willful omission of a material fact; (2) with knowledge of the falsity; (3) that AstraZenaca intended to induce reliance; and (4) that Mr. Howe and Mr. Townsend took action in reliance on the representation.

An act is "intentional" if "the actor either acts with the desire to cause it, or acts believing that there is a substantial certainty that the result would follow from his conduct."

Therefore, in order to find AstraZeneca liable, you must conclude that AstraZeneca had a reason to expect that Mr. Townsend or Mr. Howe would reasonably rely on the alleged misrepresentation when making their decision concerning Zoladex.

**Authority:**
Save Immaculata/Dunblane, Inc. v. Immaculata Preparatory School, Inc., 514 A.2d 1152, 1158 (D.C. 1986); Restatement of Torts 2d, Section 531, comment c.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## CAUSATION

You must also find by clear and convincing evidence that Mr. Townsend and Mr. Howe suffered a loss of money or property that was caused by AstraZeneca's misrepresentation of the average wholesale price of Zoladex.  You may make such a finding if Plaintiffs prove that Mr. Howe and Mr. Townsend would have acted differently had they been told the actual average wholesale price of Zoladex.  One way Plaintiffs may prove causation is by showing that Mr. Howe and Mr. Townsend saw and relied upon AstraZeneca's statements about the average wholesale prices of Zoladex.

**Authority:**
Smith v. Brown & Williamson Tobacco Corp., 108 F. Supp. 2d 12, 19 (D.D.C. 2000) (stating that plaintiff must show that defendant's "allegedly deceptive trade practices caused her injuries, whether by virtue of her reliance on those practices or by virtue of some other reason"); Osbourne v. Capital City mortgage Corp., 667 A.2d 1321 (D.C. Ct. App. 1995); Williams v. Purdue Pharm. Co., 297 F. Supp. 2d 171 (D.D.C. 2003).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES[15]

Under D.C. law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown by clear and convincing evidence as defined in general instructions, that the acts of AstraZeneca show evil motive, actual malice, or willful disregard for the rights of the Plaintiffs, and only in cases of outrageous or egregious wrongdoing. In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

In determining whether a defendant has acted with actual malice or willful disregard for the rights of plaintiffs you should consider the amount of actual damages awarded, the frequency, persistency, and degree of intention of the defendant's unlawful trade practice, and the number of consumers adversely affected by those practices. You should also consider whether the defendant had a legitimate business goal with respect to its practices, which would suggest that its conduct is not malicious or done with an evil motive.

**Authority:**
Dist. Cablevision Ltd. Partnership v. Bassin, 828 A.2d 714, 725-26 (D.D.C. 2003); Rowan Heating Air Conditioning Sheet Metal, Inc. v. Williams, No. 89-419, 1990 D.C. App. LEXIS 155, at *8 (D.C. Ct. App. July 3, 1990).

---

[15] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The Statute of Limitations for a DCCPPA claim is three years, which may not be extended.

In D.C., the three year limitations period begins to run as soon as a plaintiff has either actual or inquiry notice of his cause of action.

'Actual notice' is that notice which a plaintiff actually possesses; 'inquiry notice' is that notice which a plaintiff would have possessed after due investigation."

For Mr. Howe and Mr. Townsend, you must find that their action was filed within three years from when Mr. Howe or Mr. Townsend did know, or should have known, that average wholesale price was not an actual average of wholesale prices. For any such misrepresentations made three years or longer before this action was filed, Plaintiffs from D.C. may not hold AstraZeneca liable.

**Authority:**
Smith v. Brown & Williamson Tobacco Corp., 108 F. Supp. 2d 12, 15 (D.D.C. 2000) ("For purposes of the statute of limitations, a cause of action accrues when the plaintiff has either actual or inquiry notice of her cause of action.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**

An exception to the Statute of Limitations is called the doctrine of fraudulent concealment. The Plaintiff has the burden of proving fraudulent concealment by clear, precise and convincing evidence. To find that the doctrine of fraudulent concealment applies, you must find that AstraZeneca, through fraud or concealment, caused Plaintiffs to relax their vigilance or deviate from his right of inquiry into the facts.

**Authority:**
Conafay v. Wyeth Laboratories, 1985 U.S. Dist. LEXIS 21618, 8-9 (D.D.C. 1985).

## DEFENDANT'S PROPOSED JURY INSTRUCTION
## RELATING TO THE FLORIDA DECEPTIVE AND UNFAIR
## TRADE PRACTICES ACT ("FDUTPA"),
## FLA. STAT. § 501.201, *et seq.*

Zoladex patients from Florida are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Florida law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 (hereinafter "FDUTPA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

The Florida statute only covers persons who reside in Florida or were injured in Florida. In order to recover, Mr. Townsend must prove by a preponderance of the evidence that he resides or was injured in Florida.[16]

**Authority:**
Coastal Physician Servs. of Broward County, Inc. v. Ortiz,, 764 So.2d 7 (Fla. 4th Dist. Ct. App. 1999) ("[W]e conclude that these acts are for the protection of in-state consumers from either in-state or out-of-state collectors."); see also Millennium Commc'ns & Fulfillment, Inc. v. State of Florida, 761 So.2d 1256, 1262 (Fla. 3rd Dist. Ct. App. 2000) (holding that FDUTPA is "applicable to offending conduct occurring inside Florida to non-Florida residents); Id. at 1261 ("As we read FDUTPA, it seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired within the territorial boundaries of this state without limitations.")

---

[16] Absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**PURPOSE OF THE ACT**

Under the Florida law, "deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

**Authority:**
Fla. Stat. § 501.204(1).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**DEFINITIONS**

Before I instruct you on the elements of Mr. Howe and Mr. Townsend's claim on behalf of Florida residents, I will define certain terms.

The Florida law protects consumers. "Consumer" means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination.

The person being sued must be involved in trade or commerce. "Trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. In this case, Plaintiffs must prove that AstraZeneca was advertising or selling Zoladex to them in Florida.

**<u>Authority:</u>**
Fla. Stat. § 501.203(7), (8).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## ELEMENTS

      To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in the course of advertising or selling to consumers in Florida, that Plaintiffs were aggrieved by not being told the actual average wholesale price of Zoladex, and that Mr. Howe and Mr. Townsend suffered actual damages.

**Authority:**
Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc., No. 04-60861, 2005 WL 975773, at *8 (S.D. Fla. Mar. 4, 2005) ("To state a cause of action under FDUTPA, a consumer must allege sufficient facts to show he was actually aggrieved by an unfair or deceptive act committed by the seller in the course of trade or commerce.")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
### DECEPTIVE ACT OR PRACTICE

In Florida, "deception" is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

**Authority:**
Rothstein v. DaimlerChrysler Corp., No.8:05CV1126T30MSS, 2005 WL 3093573 at *2 (M.D. Fla. Nov. 18, 2005) ("The Florida Supreme Court has held that 'deception' occurs if there is a 'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.") (citing PNR, Inc. v. Beacon Prop. Mgmt. Inc., 842 So.2d 773, 777 (Fla. 2003)); Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc., No. 04-60861, 2005 WL 975773, at *8 (S.D. Fla. 2005).

In order to show that a statement is "likely to mislead," Mr. Howe and Mr. Townsend must prove probable, not possible, deception.  A statement that is "likely to mislead" is a statement that a consumer thinks is important or material and is likely to lead a consumer into a wrong decision or into mistaken action.

Mr. Howe and Mr. Townsend must also prove that the statement about the average wholesale price of Zoladex will likely mislead not just any consumer, but a Florida consumer who is acting reasonably under the circumstances.

As applied to this case, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca's statement concerning the average wholesale price of Zoladex was likely to mislead a Florida consumer about Zoladex where that consumer was acting reasonably under the circumstances.

**Authority:**
Millennium Commn'cs & Fulfillment, Inc. v. State of Florida, 761 So.2d 1256, 1262 (Fla. 3rd Dist. Ct. App. 2000) (citing SW. Sunsites, Inc. v. FTC, 785 F.2d 1431 (9th Cir. 1986)); MERRIAM WEBSTER, available at: http://www.m-w.com/dictionary/mislead (defining "mislead").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## MENTAL STATE REQUIREMENTS/SCIENTER

In order to find an intentional misrepresentation under Florida law, you must find that AstraZeneca made the representation to Florida consumers about the average wholesale price of Zoladex knowing that it was false.  In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca knew that the statements AstraZeneca made to Florida consumers were false.

**Authority:**
Warren v. Ajax Navigation Corp., No. 91-0230, 1995 WL 688421, at *7 (S.D. Fla. Feb. 3, 1995) (holding that "[a] claim for intentional misrepresentation requires that the defendant made a misrepresentation with knowledge of its falsity.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**CAUSATION/LOSS**

You must also find by a preponderance of evidence that Mr. Townsend and Mr. Howe suffered a loss of money or property that was proximately caused by AstraZeneca's intentional misrepresentation.

**Authority:**
Fla Stat. § 501.211(2) ("In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages..."); Green v. McNeil Nutritionals, LLC, No. 2004-0379, 2005 WL 3388158 at *4 (Fla. 4th Dist. Ct. App. 2005) ("Courts have interpreted this language to require that the alleged deceptive conduct proximately caused actual damages."); Philip Morris USA, Inc. v. Hines, 883 So.2d 292 (Fla. 4th Dist. Ct. App. 2004) (denying class certification because issue of whether plaintiffs suffered damages was unique to each potential class member); Gen. Motors Acceptance Corp. v. Laesser, 718 So. 2d 276, 277 (Fla. 4th Dist. Ct. App. 1998) ("To be actionable an unfair or deceptive trade practice must be the *cause of loss* or damage to a consumer"); Maroone Chevrolet v. Nordstrom, 587 So.2d. 514, 518-19 (Fla. 4th Dist. Ct. App. 1991) (finding that plaintiff, whose car was stolen, suffered no loss when, after it was stolen, she found out that it was a 1978 Corvette instead of a 1981 Corvette); Himes v. Brown & Co. Sec. Corp., 518 So.2d 937, 938 n.1 (Fla. 3d Dist. Ct. App. 1987) (legislature left enforcement of FDUTPA "in the hands of state agencies in cases where the victims have not suffered actual damages").

In order to show proximate cause, Mr. Howe and Mr. Townsend must prove that AstraZeneca's statements to Florida consumers about the average wholesale cost of Zoladex directly produced or contributed substantially to producing loss. If Plaintiffs' actions would not have changed if they had known the actual wholesale cost of Zoladex, then there is no proximate cause and you must find for AstraZeneca.

**Authority:**
Pope v. Pinkerton-Hays Lumber Co., 120 So. 2d 227 (Fla. Ct. App. 1960).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## ACTUAL KNOWLEDGE

If you find that Mr. Howe or Mr. Townsend knew that the Zoladex average wholesale price was not the actual average wholesale price of Zoladex when he paid, then you cannot find that AstraZeneca's alleged misrepresentation caused Mr. Howe or Mr. Townsend's loss. A person who has actual knowledge of the truth cannot claim that a misrepresentation caused him any harm. If you find that Mr. Howe or Mr. Townsend knew that the Zoladex average wholesale price was not the actual average wholesale price of Zoladex, then you have to find for AstraZeneca.

**Authority:**
Hutson v. Rexall Sundown, Inc., 837 So.2d 1090, 1092 (Fla. 4th Dist. Ct. App. 2003) ("Based on the facts of this case, a person who had actual knowledge of the number of softgels needed to be taken per serving would not have suffered any damages as a result of the alleged deceptive trade practice and, therefore, would have no cause of action."); Chicken Unlimited, Inc. v. Bockover, 374 So.2d 96, 97 (Fla. 2d Dist. Ct. App. 1979) (reversing court's judgment in favor of plaintiff because there was sufficient evidence that the plaintiff knew of the possible falsity of defendant's statements).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the Florida courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives their prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Barrow v. Bristol-Myers Squibb, No. 96-689-CIV-ORL-19B , 1998 WL 812318, at *30 (M.D. Fla. Oct. 29, 1998) (in duty to warn case, "[T]he link between a patient's injury and the alleged failure to warn is broken when the prescribing physician had 'substantially the same' knowledge as an adequate warning from the manufacturer should have communicated to him."); Labzda v. Purdue Pharma, 292 F.Supp.2d 1346, 1354 (S.D. Fla. 2003) ("It is [the physician's] duty to inform himself of the qualities and characteristics of those products which he prescribes for or administers to or uses on his patients, and to exercise an independent judgment, taking into account his knowledge of the patient as well as the product. The patient is expected to, and, it can be presumed, does place primary reliance on that judgment.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Florida law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Florida law, a doctor is required to provide his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Labzda v. Purdue Pharma, 292 F.Supp.2d 1346, 1354 (S.D. Fla. 2003) ("It is [the physician's] duty to inform himself of the products which he prescribes or administers to his patients, and to exercise an independent judgment, taking into account his knowledge of the patient as well as the product.  The patient is expected to, and, it can be presumed, does place primary reliance on that judgment.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a FDUTPA claim is four years and may not be extended.

In Florida, the four-year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises.

**Authority:**
Fla. Stat. § 95.11(3)(f).