# EXHIBIT 2

# (PART 5)

## DEFENDANT'S PROPOSED JURY INSTRUCTION
## RELATING TO THE HAWAII CONSUMER PROTECTION ACT
### HAW. REV. STAT. § 480, *et seq.*

Zoladex patients from Hawaii are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Hawaii law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Hawaii Revised Statutes § 480 *et seq.* (hereinafter "the Consumer Protection Law" or "CPL").

Hawaii state law is designed to protect individual consumers. To institute a lawsuit based upon the Hawaii CPL, the plaintiff need only be a consumer injured on the basis of unfair and/or deceptive acts or practices.

**Authority:**
Hunt v. First Ins. Co., 922 P.2d 976 (Haw. Ct. App. 1996), cert. dismissed, 925 P.2d 374 (Haw. 1996) (finding that sections 480-2 and 480-13 limit private causes of action, based upon unfair and deceptive acts or promises, to "consumers"); Hough v. Pac. Ins. Co., 927 P.2d 858 (Haw. 1996) (where plaintiff was only a third-party beneficiary of the contract of worker's compensation insurance purchased by his employers, he could not bring an action based upon the CPL because he was not a consumer within the meaning of the statute).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Hawaii statute covers Hawaii consumers.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they were a consumer in Hawaii.[17]

---

[17] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The Hawaii CPL § 480-2(a) prohibits "deceptive acts or practices in the conduct of any trade or commerce… ."

**Authority:**
H.R.S. § 480-2(a)

Certain terms are defined in the statute.

"Commodity" includes, but is not restricted to, goods, merchandise, produce, choses in action, and any other article of commerce.  It also includes trade or business in service trades, transportation, insurance, banking, lending advertising, bonding, and any other business.

"Consumer" means a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment.

"Person(s)" includes individuals, corporations, firms, trusts, partnerships, limited partnerships, limited liability partnerships, limited liability limited partnerships, limited liability companies, and incorporated or unincorporated associations, existing under or authorized by the laws of this State, or any other state, or any foreign country.

"Purchase" or "buy" includes "contract to buy", "lease", "contract to lease", "acquire a license", and "contract to acquire a license."

"Purchaser" includes the equivalent terms of "purchase" and "buy."

"Sale" or "sell" includes "contract to sell", "lease", "contract to lease", "license", and "contract to license."

"Seller" includes the equivalent terms of "sale" and "sell."

**Authority:**
H.R.S. § 480-1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To maintain a cause of action under § 480-13 for a violation of § 480-2, a private plaintiff must demonstrate that:  (1) a "deceptive" act has occurred, (2) an injury to plaintiff's business or property has resulted, (3) damages exist, (4) the defendant is a merchant, and (5) the act occurred in a business context.  Here, Plaintiffs must prove by a preponderance of the evidence that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in the course of trade or commerce relating to Zoladex and this misrepresentation was a deceptive act.  Plaintiffs must further prove by a preponderance of the evidence that they were aggrieved by not being told the actual average wholesale price of Zoladex, and that Mr. Howe and Mr. Townsend suffered actual damages.  I will provided detailed instructions on these elements below.

**Authority:**
H.R.S. § 480-2(a); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 636 (9th Cir. 1987) (listing elements of a section 480-2 violation).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE ACT**

Deception is "an act causing, as a natural and probable result, a person to do that which he (or she) would not otherwise do."  Actual deception need not be shown; the capacity to deceive is sufficient.

**Authority:**
Bockenstette v. FTC, 134 F.2d 369 (10th Cir. 1943); Balthazar v. Verizon Haw. Inc., 123 P.3d 194, 202 (Haw. 2005); State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 313 (Haw. 1996); Goodman v. FTC, 244 F.2d 584 (9th Cir. 1957); E. Star, Inc. v. Union Bldg. Materials Corp., 712 P.2d 1148 (Haw. Ct. App. 1985).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove AstraZeneca made an "intentional misrepresentation," concerning the Zoladex average wholesale price. In order to find an intentional misrepresentation under Hawaii law, Mr. Howe and Mr. Townsend must prove that AstraZeneca knew that the statements AstraZeneca made to Plaintiffs were false and Plaintiffs relied upon that misrepresentation to their detriment, suffering damages as a result thereof.

**Authority:**
See Rosa v. CWJ Contractors, 664 P.2d 745 (Haw. Ct. App. 1983).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## CAUSATION

You must also find by a preponderance of evidence that Mr. Townsend or Mr. Howe suffered a loss of money or property that was proximately caused by AstraZeneca's intentional misrepresentation.  In order to show proximate cause, Plaintiffs must prove that AstraZeneca's statements to Plaintiffs about the average wholesale cost of Zoladex directly produced or contributed substantially to producing the loss.  If Plaintiffs did not hear or read misstatements allegedly made by AstraZeneca, there is no cause of action.  Similarly, if Plaintiffs' actions would not have changed if they had known the actual wholesale cost of Zoladex, then there is no proximate cause and you must find for AstraZeneca.

**Authority:**
Bockenstette v. FTC, 134 F.2d 369 (10th Cir. 1943);  Balthazar v. Verizon Haw., Inc., 123 P.3d 194, 202 (2005); State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 313 (Haw. 1996); Goodman v. FTC, 244 F.2d 584 (9th Cir. 1957); E. Star, Inc. v. Union Bldg. Materials Corp., 712 P.2d 1148 (Haw. 1985); H.R.S. § 480-13(a) ("any person who is injured . . . by reason of anything forbidden or declared unlawful by this chapter" may recover); H.R.S. § 480-13(b) (providing that any "consumer who is injured by any unfair or deceptive act or practice forbidden . . . by section 480-2" is permitted to recover).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 7:
## BUSINESS CONTEXT

Under the CPA, Plaintiffs must prove that any deceptive statements made by AstraZeneca occurred "in the course of trade or commerce" and that Plaintiffs were consumers of a product purchased from AstraZeneca.

**Authority:**
Haw. Per. Stat § 480-2(a)-(b) (providing that deceptive acts or practices in the conduct of any trade or commerce (as defined above) are unlawful," and establishing a private cause of action allowing individual consumers to sue based on violations of the statute).

I instruct you that Plaintiffs must prove that they are "consumer[s]" in the context of the instant dispute. Section 480-1 defines the term "consumer"to mean "a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." An individual is not a consumer, and therefore cannot recover under Section 480-2, when that person has not purchased, attempted to purchase, or been solicited to purchase goods or services from the defendant.

**Authority:**
Haw. Rev. Stat. § 480-1; see, e.g., Hough v. Pac.Ins. Co., 927 P.2d 858, 871-872 (Haw. 1996); Hunt v. First Ins. Co. of Haw. Ltd., 922 P.2d 976, 986 (Haw. App. 1996).

"[C]onduct of any trade or commerce" has been interpreted in the Hawaii decisional law to mean that the statute only appl[ies] to acts or practices in a 'business context.'"

**Authority:**
Dalesandro v. Longs Drugs Stores Ca. Inc, 383 F. Supp. 2d 1244, 1245 (D. Haw. 2005)

Whether the transaction took place in the business context can be determined from examination of a few factors: (1) the nature of the transaction; (2) the character of the parties involved; (3) the activities engaged in by the parties; (4) whether similar transactions had been undertaken in the past; (5) whether the transaction was motivated by business or for personal reasons . . . ; and (6) whether the participant played an active part in the transaction."

**Authority:**
Dalesandro v. Longs Drugs Stores California, Inc, 383 F. Supp. 2d 1244, 1245 (D. Haw. 2005) (quoting Cieri v. Leticia Query Realty, 905 P.2d 29, 38 (Haw. 1995)) (emphasis added).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Hawaii courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives their prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have provided that information, and you should find for AstraZeneca.

<u>**Authority:**</u>
<u>Craft v. Peebles</u>, 893 P.2d 138 (Haw. 1995) ("The learned intermediary rule assumes that it is reasonable for a manufacturer to rely on the prescribing physician to forward to the patient, who is the ultimate user of the drug products, any warnings. Because the manufacturer has little or no contact with the ultimate consumer and the treating physician makes the purchasing decisions and judgments concerning medical products, the warnings are better conveyed to the physician user.")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Hawaii law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Hawaii law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor injected into them, you may consider, as between AstraZeneca and their doctors which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Craft v. Peebles, 893 P.2d 138 (Haw. 1995) ("The learned intermediary rule assumes that it is reasonable for a manufacturer to rely on the prescribing physician to forward to the patient, who is the ultimate user of the drug products, any warnings.  Because the manufacturer has little or no contact with the ultimate consumer and the treating physician makes the purchasing decisions and judgments concerning medical products, the warnings are better conveyed to the physician user.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a claim based on the Hawaii CPA is four years after the cause of action accrues.

**<u>Authority:</u>**
Haw. Rev. Stat. § 480-24.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS REGARDING A CONTINUOUS VIOLATION**

      If the cause of action is deemed a continuing violation, then the action accrues at any time during the period of the continuous violation.

**Authority:**
Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc., 491 F. Supp. 1199, 1229 (D. Haw. 1980); Anzai v. Chevron Corp., 168 F. Supp. 2d 1180, 1187 ("If read literally, the statute allows the limitation period for all acts to begin running from the date of the last act, if the violation is a continuing one.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE IDAHO CONSUMER PROTECTION ACT ("ICPA"),
IDAHO CODE § 48-601, *et seq.***

Zoladex patients from Idaho are included in this lawsuit.  Their ability to establish
liability and to recover damages depends on your application of Idaho law to the evidence
introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Idaho
Consumer Protection Act ("ICPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Idaho statute only covers transactions occurring within the state of Idaho.  The state does not cover conduct occurring entirely outside of the state of Idaho.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that the alleged conduct occurred within the state of Idaho. [18]

**Authority:**
State v. Master Distribs., Inc., 615 P.2d 116 (Idaho 1980); Craigmont Air Serv. v. Mills, 1982 U.S. Dist. LEXIS 10140 (D. Idaho 1982).

---

[18] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The ICPA provides that "any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property... as a result of the use or employment by another person of a method, act or practice declared unlawful by this act" may bring a suit for money under the Act.

**Authority:**
Idaho Code § 48-608(1).

"Person" means natural persons, corporations both foreign and domestic, trusts, partnerships . . . companies . . . business entities and any other legal entity, or any other group associated in fact although not a legal entity or any agent, assignee, heir, employee, representative or servant thereof.

**Authority:**
Idaho Code §48-602(1).

"Trade and commerce" mean the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations with the state of Idaho, or directly or indirectly affecting the people of this state.

**Authority:**
Idaho Code § 48-602(2).

"Services" mean work, labor or any other act or practice provided or performed by a seller to or on behalf of a consumer.

**Authority:**
Idaho Code § 48-602(7).

"Goods" mean any tangible or intangible personal property or "thing of value."

**Authority:**
Idaho Code § 48-602(6); Wiggins v. Peachtree Settlement Funding (In re Wiggins), 273 B.R. 839, 855 (Bankr. D. Idaho 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Idaho courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives their prescription drugs from a physician, and the manufacturer's reliance on the physician to communicate information is reasonable. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, and it would be reasonable to expect the doctors to provide information to their patients, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

<u>**Authority:**</u>
<u>Sliman v. Aluminum Co. of Am.</u>, 731 P.2d 1267, 1272 (Idaho 1986) ("Clearly, the better rule, as well-established in post-1965 case law, is to absolve suppliers to intermediaries of their duty to warn only where their reliance on the intermediaries is reasonable.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in Idaho means one or more of 19 kinds of activities specified in the statute, such as "using deceptive representations or designations of geographic origin in connection with goods or services" or "representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand." In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 19 exclusive provisions.

The seventeenth enumerated act or practice covers "[e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." In order to find against AstraZeneca, you must find that AstraZeneca's conduct misled or deceived Mr. Howe and Mr. Townsend with respect to Zoladex.

**Authority:**
Idaho Code § 48-603(1)-(19); <u>DBSI Signature Place, LLC v. BL Greensboro, L.P.</u>, 2006 U.S. Dist. LEXIS 30387 (D. Idaho 2006) ("'There is nothing in the wording of Idaho Code § 48-603 indicating that the list of conduct is merely illustrative.' Thus, the conduct at issue must be contained in the list for Plaintiff to make a claim for a violation of the ICPA.") (citing <u>State ex rel. Wasden v. Daicel Chem. Indus., Ltd.</u>, 106 P.3d 428, 433-34 (Idaho 2005)).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex. Under Idaho law, Plaintiffs must prove each of the following elements by a preponderance of the evidence.

A preponderance of the evidence means that in weighing all of the evidence in the record, the evidence on which the finder of fact relies is more probably true than not.

To prove an intentional misrepresentation under Idaho law, Mr. Howe and Mr. Townsend must prove: (1) AstraZeneca violated one of the enumerated subsections of the ICPA; and (2) AstraZeneca's violation of the ICPA caused Mr. Howe and Mr. Townsend to suffer an ascertainable loss.

**Authority:**
Oxley v. Med. Rock Specialties, Inc., 80 P.3d 1077, 1082 (Idaho 2003); Wiggins v. Peachtree Settlement Funding, 273 B.R. 839, 856 (Bankr. D. Idaho 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

In order to find an intentional misrepresentation under Idaho law, Plaintiffs must prove (1) a representation or statement of fact; (2) its falsity; (3) its materiality; (4) the Defendant's knowledge of its falsity or ignorance of its truth; (5) the Defendant's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) and the hearer's ignorance of its falsity.

**Authority:**
DBSI Signature Place, LLC v. BL Greensboro, L.P., 2006 U.S. Dist. LEXIS 30387, at * 47-48 (D. Idaho 2006) (citing Aspiazu v. Mortimer, 82 P.3d 830, 832 (Idaho 2003)).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**CAUSATION**

Plaintiffs must prove by a preponderance evidence that Mr. Townsend or Mr. Howe suffered a loss of money or property that was caused by their reliance on AstraZeneca's intentional misrepresentation – that is, he would have done something different if he had been told the actual average wholesale price of Zoladex.

**Authority:**
Idaho Code § 48-608(1); <u>Wiggins v. Peachtree Settlement Funding</u>, 273 B.R. 839, 856 (Bankr. D. Idaho 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
## HARM/LOSS/INJURY

Under Idaho law Plaintiffs must prove that they suffered an ascertainable loss.  This means that even if you find that AstraZeneca committed a deceptive act or practice under the ICPA, if Mr. Howe and Mr. Townsend did not suffer an ascertainably loss the Plaintiffs can have no recovery under the Act.

**Authority:**
In re Edwards, 233 B.R. 461, 470 (Bankr. D. Idaho 1999); Yellowpine Water User's Assoc'n v. Imel, 105 Idaho 349, 352 (1983); Shurtliff v. Northwest Pools, Inc., 815 P.2d 461, 464 (Idaho Ct. App. 1991).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES** [19]

Under Idaho law, Plaintiffs are entitled to punitive damages in civil cases, including this ICPA action, only when they have shown by clear and convincing evidence, that the acts of AstraZeneca were repeated and flagrant. In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'" Thus, in order to be eligible for punitive damages, Plaintiffs must prove by clear and convincing evidence that AstraZeneca's conduct was repeated and flagrant, and that therefore AstraZeneca should pay Plaintiffs more than the actual damages Plaintiffs suffered.

**Authority:**
Idaho Code § 48-608; Mac Tools, Inc. v. Griffen, 879 P.2d 1126 (Idaho 1994).

---

[19] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a ICPA claim is two years, which may not be extended.

In Idaho, the two-year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted.

**Authority:**
Idaho Code § 48-605.

For Plaintiffs from the state of Idaho to recover, you must find that their action was filed within two years from the time AstraZeneca last made a misrepresentation relevant to this case. Plaintiffs from Idaho may not hold AstraZeneca liable for any such misrepresentation made two years or longer before this action was filed.

**Authority:**
Kimbrough v. Reed, 943 P.2d 1232, 1236 (Idaho 1997) ("the time when a cause of action accrues may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist. Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. On the other hand, where there is conflicting evidence as to when the cause of action accrued, the issue is one of fact for the trier of fact.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION RELATING TO THE
ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
("ICFA"), 815 ILCS § 505/1, *et seq.***

Zoladex patients from Illinois are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Illinois law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The ICFA only covers persons who reside in Illinois or who were injured in Illinois.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Illinois.[20]

**Authority:**
Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 852-53 (Ill. 2005).

---

[20] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The ICFA provides that "deceptive acts or practices . . . in the conduct of any trade or commerce are hereby declared unlawful."

**Authority:**
815 Ill. Comp. Stat. § 505/2.

The ICFA defines "person" as "any natural person or his representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof."

**Authority:**
815 Ill. Comp. Stat. § 505/1(c).

The ICFA defines "trade" and "commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, [and] any trade or commerce directly or indirectly affecting the people of this State."

**Authority:**
815 Ill. Comp. Stat. § 505/1(f).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To prove a claim under the ICFA, Mr. Howe and Mr. Townsend must prove (1) that AstraZeneca used a deceptive act or practice; (2) the deceptive act or practice occurred during trade or commerce; (3) that AstraZeneca intended that Mr. Howe and Mr. Townsend rely on the deceptive act or practice; (4) that Mr. Howe and Mr. Townsend suffered an injury; and (5) that Mr. Howe and Mr. Townsend's injuries were proximately caused by AstraZeneca's deception. Mr. Howe and Mr. Townsend must prove all of five elements for you to find in their favor.

**Authority:**
815 Ill. Comp. Stat. § 505/10A(a); <u>Avery v. State Farm Mut. Auto. Ins. Co.</u>, 835 N.E.2d 801, 849-50 (Ill. 2005); <u>Zekman v. Direct Am. Marketers</u>, 695 N.E.2d 853, 861 (Ill. 1998); <u>Martin v. Heinold Commodities</u>, 643 N.E.2d 734, 744 (Ill. 1994); <u>Oliveira v. Amoco Oil Co.</u>, 201 Ill. 2d 134, 149 (Ill. 2002); <u>Smith, Allen, Mendenhall, Emons & Selby v. Thomson Corp.</u>, 2006 Ill. App. LEXIS 938 at *5 (Ill. App. Ct. 2006); <u>Robinson v. Toyota Motor Credit Corp.</u>, 775 N.E.2d 951, 960 (Ill. 2002); <u>Cripe v. Leiter</u>, 703 N.E.2d 100, 103 (Ill. 1998); <u>Connick v. Suzuki Motor Co.</u>, 675 N.E.2d 584, 594 (Ill. 1996); <u>Saunders v. Michigan Ave. Nat. Bank</u>, 662 N.E.2d 602, 607 (Ill. App. Ct. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Illinois courts have recognized the learned intermediary doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given such information, and you should find for AstraZeneca.

**Authority:**
Smith v. Merck & Co., 2007 U.S. Dist. LEXIS 2658, at *5-6 (S.D. Ill. Jan. 12, 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under Illinois law, a drug manufactures has no legal obligation to convey information about a drug to patients.  Under Illinois law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

For reasons that need not concern you, the Plaintiffs' lawyers promised the court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Mr. Howe and Mr. Townsend claim damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex. Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew or believed that the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation. You cannot find that AstraZeneca engaged in intentional misrepresentation if you find that AstraZeneca honestly believed at the time that the representations it made were true. Mr. Howe and Mr. Townsend also must show that they took some action in reliance on AstraZeneca's representation of average wholesale price because Mr. Howe and Mr. Townsend thought it was the average wholesale price of Zoladex.

An act is "intentional" if "the actor either acts with the desire to cause it, or acts believing that there is a substantial certainty that the result would follow from his conduct."

**Authority:**
Europlast, Ltd. v. Oak Switch Sys., 10 F.3d 1266, 1272 (7th Cir. 1993); Restatement of Torts 2d, Section 531, comment c.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in Illinois are enumerated in a number of sections prohibiting activities such as "utilizing a post office box [for business purposes and failing] to disclose the legal name under which business is conducted," "offering free prizes, gifts, or gratuities to any consumer [without disclosing] all material terms and conditions," and "drafting, execution, and funding of a living trust document by a corporation or a nonlawyer."

I instruct you that, in this case, the only section applicable prohibits deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation.

Whether an act or practice is deceptive for purposes of the ICFA cannot be defined precisely and must be determined on a case-by-case basis.  Therefore, you must decide, after careful evaluation of the specific evidence presented, whether AstraZeneca's representation of average wholesale price for Zoladex was deceptive.  To establish that an act or practice is deceptive, Mr. Howe and Mr. Townsend must show that AstraZeneca's acts "were likely to mislead consumers acting reasonably under the circumstances."  As such, in order to find that AstraZeneca's representation of average wholesale price for Zoladex was deceptive, you must find that AstraZeneca's practice of providing average wholesale price information to medical publishers was likely to cause Illinois residents, acting reasonably, to make different decisions about Zoladex than they would have had AstraZeneca provided actual average wholesale price information to medical publishers.

**Authority:**
815 Ill. Comp. Stat. 505/2; In re Cliffdale Assocs., Inc., 103 FTC 110 (1984).

143

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MATERIALITY

Mr. Howe and Mr. Townsend must prove that AstraZeneca's alleged misrepresentation of average wholesale price was "material" in order for it to be found deceptive under Illinois law. A misrepresentation is "material" if a reasonable person "would have acted differently had he been aware of the falsity of the statement." Therefore, to satisfy the requirement of "materiality," for residents of Illinois, Mr. Howe and Mr. Townsend must prove that, had they known the actual average wholesale price of Zoladex, their decisions concerning Zoladex would have been different.

**Authority:**
Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp., 247 F. Supp. 2d 987, 1000 (N.D. Ill. 2002); Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc., 673 N.E.2d 369, 375 (Ill. App. Ct. 1996); Cirone-Shadow v. Union Nissan of Waukegan, 955 F. Supp. 938, 944 (N.D. Ill. 1997).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION**

Mr. Howe and Mr. Townsend must prove that they suffered a loss of money or property that was caused by AstraZeneca's alleged misrepresentation of the average wholesale price of Zoladex. This causal connection must be proximate and direct. In other words, you must find that Mr. Howe or Mr. Townsend lost money or property because of AstraZeneca's representations regarding the average wholesale price of Zoladex. If Mr. Howe and Mr. Townsend did not see or hear AstraZeneca's alleged misrepresentation or if they would not have acted differently had they seen or heard it, you must find for AstraZeneca.

**Authority:**
Connick v. Suzuki Motor Co., 675 N.E.2d 584, 593 (Ill. 1996).

145

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## INTENTION TO INDUCE RELIANCE

Mr. Howe and Mr. Townsend must prove that AstraZeneca intended that Mr. Howe and Mr. Townsend, the patients being given Zoladex, would agree to take Zoladex because of AstraZeneca's representation of the average wholesale price of Zoladex.

**Authority:**
Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 849-50 (Ill. 2005);  People ex rel. Hartigan v. E&E Hauling, Inc., 607 N.E.2d 165, 178 (Ill. 1992).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES** [21]

      Under Illinois law, Mr. Howe and Mr. Townsend are entitled to punitive damages only if they can show that AstraZeneca's alleged deceptive trade practices or acts are "outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others."

**Authority:**
815 Ill. Comp. Stat. 505/10a.  See also  Smith v. Prime Cable of Chicago, 658 N.E.2d 1325, 1336-37 (Ill. App. Ct. 1995); Malooley v. Alice, 621 N.E.2d 265 (Ill. App. Ct. 1993); Martin v. Heinold Commodities, 643 N.E.2d 734 (Ill. 1994).

---

[21] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.  However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The Statute of Limitations for an ICFA claim is three years from the date the injury was inflicted. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Illinois, must show that their complaint against AstraZeneca was filed within three years of when Zoladex patients in Illinois allegedly heard AstraZeneca's statements regarding the average wholesale price of Zoladex.

If you find that the Complaint in this case was not filed within three years from when Zoladex patients in Illinois were injured by AstraZeneca, you must next determine whether the Statute of Limitations should be extended. In order to extend the Statute of Limitations under Illinois law, Mr. Howe and Mr. Townsend must establish that Zoladex patients in Illinois did not have the opportunity to "reasonably discover the elements" giving them the right to institute and maintain a lawsuit until after the date the injury was inflicted. This means that Mr. Howe and Mr. Townsend must establish that this suit was filed within three years of the date from which Zoladex patients in Illinois should have reasonably discovered the alleged misrepresentation of AstraZeneca regarding the average wholesale price of Zoladex.

**Authority:**
815 Ill. Comp. Stat. 505/10a(e); Hermitage Corp. v. Contractors Adjustment Co., 166 Ill. 2d 72, 85-86, 61 N.E.2d 1132, 1138-1140 (Ill. 1995).