**EXHIBIT 2**


**(PART 6)**

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE INDIANA DECEPTIVE CONSUMER SALES ACT ("IDCSA")**
**IND. CODE ANN. §24-5-05.1, *et seq.***

Zoladex patients from Indiana are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Indiana law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Indiana Deceptive Consumer Sales Act ("IDCSA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The IDCSA only covers persons who reside in Indiana or who obtained goods in Indiana. In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Indiana.[22]

---

[22] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The IDCSA provides, "A person relying upon an . . . incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act."

**Authority:**
IN ST § 24-5-0.5-4

Before I instruct you on the elements of the Indiana statute, I will define certain terms you will need to consider. Later, I will explain their relevance to various elements of Mr. Howe's and Mr. Townsend's claims.

"'Incurable deceptive act' means a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." The statute then defines "deceptive acts," as I will tell you in a moment.

**Authority:**
IN ST § 24-5-0.5-2(a)(8).

A "supplier" is "[a] seller, lessor, assignor, or other person who regularly engages in or solicits consumer transactions . . . . The term includes a manufacturer, wholesaler, or retailer, whether or not the person deals directly with the consumer."

**Authority:**
IN ST § 24-5-0.5-2(a)(3)(A).

A "consumer transaction" is "a sale, lease, assignment, award by chance or other disposition of an item of personal property, . . . to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things."

**Authority:**
IN ST § 24-5-0.5-2(a)(1).

151

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To meet their burden of proof, Mr. Howe and Mr. Townsend each must prove by a preponderance of the evidence each and every of the following elements.

First, Plaintiffs must prove that AstraZeneca is a supplier that regularly engages in consumer transactions.

Second, Plaintiffs must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex. If Plaintiffs do prove that, you must then decide if that was an incurable deceptive act or representation as to the subject matter of a consumer transaction.

Third, AstraZeneca made the incurable deceptive act or representation with intent to defraud or mislead, as part of a scheme, artifice, or device.

Fourth, Mr. Howe and Mr. Townsend relied on the incurable deceptive act, that is, AstraZeneca's statement about the average wholesale price of Zoladex.

Fifth, Mr. Howe and Mr. Townsend were actually damaged as a result of the incurable deceptive act.

I will now explain each of these elements in greater detail.

**Authority:**
IN ST §§ 24-5-0.5-3, 24-5-0.5-4; Lehman v. Shroyer, 721 N.E.2d 365, 367-68 (Ind. Ct. App. 1999); McKinney v. State, 693 N.E.2d 65, 68 (Ind. 1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## TRANSACTION REQUIREMENT

Under IDCSA, a defendant must be a "supplier" that engages in "consumer transactions" in Indiana in the subject matter of the claim to be held liable for a deceptive act.

In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca is a supplier. They must show that AstraZeneca regularly engaged in or solicited sales or other dispositions of Zoladex to persons in Indiana for primarily personal, familial or household purposes. The fact that AstraZeneca sold other products in Indiana must be ignored. If you find that Plaintiffs did not prove that AstraZeneca regularly engaged in or solicited consumer transactions for Zoladex in Indiana, you must find AstraZeneca not liable.

To show that AstraZeneca regularly solicited sales under the IDCSA, Plaintiffs must prove that AstraZeneca tried to sell Zoladex to consumers in Indiana. If you find that AstraZeneca did not regularly sell Zoladex to consumers in Indiana, you must find AstraZeneca not liable.

**Authority:**
IN ST §§ 24-5-0.5-2(a)(3)(A), -2(a)(1); <u>Perry v. Gulf Stream Coach, Inc.</u>, 814 N.E.2d 634 (Ind. Ct. App. 2004); <u>A.J.'s Auto. Sales, Inc. v. Freet</u>, 725 N.E.2d 955, 963-64 (Ind. Ct. App. 2000); <u>Bremer v. Cmty. Hosps. of Indianapolis, Inc.</u>, 583 N.E.2d 780, 782 (Ind. Ct. App. 1991); <u>Captain & Co., Inc. v. Stenberg</u>, 505 N.E.2d 88, 94 (Ind. Ct. App. 1987); <u>see also</u> <u>Hill v. Priority Fin. Servs.</u>, NO.IP98-1319-CB/S, 2001 WL 1155152, at *5 (S.D. Ind. Sept. 28, 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**INCURABLE DECEPTIVE ACT**

Plaintiffs must prove by a preponderance of the evidence that AstraZeneca made an incurable deceptive act or representation as to the subject matter of a consumer transaction. The IDCSA lists the types of acts that are "deceptive acts" under the law. Unless you find by a preponderance of the evidence that AstraZeneca committed a deceptive act listed in the IDCSA, you must find AstraZeneca not liable for violation of the IDCSA. I instruct you that Plaintiffs' contentions concerning AstraZeneca's intentional misrepresentations about the average wholesale price of Zoladex do not constitute a deceptive act under Indiana law.

**Authority:**
IN ST §§ 24-5-0.5-3, 24-5-0.5-10.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
MENTAL STATE REQUIREMENT**

Plaintiffs must prove by a preponderance of the evidence that AstraZeneca intended to defraud or mislead, that is, to guide wrongly Mr. Howe and Mr. Townsend in their decisions about Zoladex, as part of a scheme, artifice, or device.  Intent to defraud or mislead requires a showing that a defendant made a misrepresentation with knowledge of its falsity or with reckless disregard for whether the representation is true.

In this case, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca intended to defraud or mislead consumers in Indiana about the average wholesale cost of Zoladex as part of a scheme, artifice, or device.

**Authority:**
IN ST §§ 24-5-0.5-2(7); McKinney v. State, 693 N.E.2d 65, 68 (Ind. 1998); Perry v. Gulf Stream Coach, Inc., 814 N.E.2d 634, 647 (Ind. Ct. App. 2004); McCormick Piano & Organ Co. v. Geiger, 412 N.E.2d 842, 849 (Ind. Ct. App. 1980); 14 Indiana Law Encyclopedia ("I.L.E.") § 10 (Fraud).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELIANCE**

Plaintiffs must prove by a preponderance of the evidence that Mr. Howe and Mr. Townsend heard or read AstraZeneca's statements about the average wholesale price of Zoladex, and that they relied on these statements before entering the commercial transactions.

**Authority:**
IN ST §§ 24-5-0.5-4(a); <u>Schmidt Enters., v. State</u>, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); <u>Baxter v. I.S.T.A. Ins. Trust</u>, 749 N.E.2d 47, 54 (Ind. App. Ct. 2001).

To prove reliance, Mr. Howe and Mr. Townsend must demonstrate direct contact or written communication between themselves and AstraZeneca. Without this showing, you must find AstraZeneca not liable under IDCSA.

**Authority:**
IN ST §§ 24-5-0.5-4(a); <u>Schmidt Enters., Inc. v. State</u>, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); <u>Lycan v. Walters</u>, 904 F. Supp. 884, 897 (S.D. Ind. 1995).

Plaintiffs must also prove their reliance was both detrimental and reasonable. In other words, Plaintiffs must prove by a preponderance of the evidence that they relied on AstraZeneca's representation about the average wholesale price of Zoladex, and that relying on AstraZeneca's representation was reasonable.

**Authority:**
IN ST §§ 24-5-0.5-4(a); <u>Schmidt Enters., Inc. v. State</u>, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); <u>Baxter v. I.S.T.A. Ins. Trust</u>, 749 N.E.2d 47, 52 (Ind. App. Ct. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MATERIALITY REQUIREMENT

Plaintiffs must also prove that the deceptive act or misrepresentation was material, that is, knowing accurate information about the average wholesale price of Zoladex was significant to Plaintiffs before they engaged in the consumer transaction.  If they do not prove this you must find AstraZeneca not liable.

**Authority:**
Schmidt Enterprises, Inc. v. State, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); Lycan v. Walters, 904 F. Supp. 884, 897 (S.D. Ind. 1995); Tutwiler v. Snodgrass, 428 N.E.2d 1291, 1295 (Ind. App. Ct. 1981), abrogated on other grounds, Bud Wolf Chevrolet, Inc. v. Robertson, 508 N.E.2d 567 (Ind. Ct. App. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION**

Plaintiffs must prove by a preponderance of the evidence that they actually suffered damages <u>as a result of</u> a deceptive act.  The alleged deceptive act must have been the proximate cause of plaintiff's alleged damages.  If Plaintiffs knowing the actual wholesale price of Zoladex would not have altered the outcome, their claimed damages were not proximately caused by AstraZeneca.

**Authority:**
IN ST §§ 24-5-0.5-4(a); <u>Mullis v. Brennan,</u> 716 N.E.2d 58, 65 (Ind. Ct. App. 1999); <u>Schmidt Enters., Inc. v. State</u>, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); <u>Baxter v. I.S.T.A. Ins. Trust,</u> 749 N.E.2d 47, 54 (Ind. App. Ct. 2001); <u>Sample v. Kinser Ins. Agency, Inc.,</u> 700 N.E.2d 802, 805 (Ind. Ct. App. 1998); 14 I.L.E. § 11 (Fraud); 6 Ind. Prac., Trial Handbook for Indiana Lawyers § 6.12.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**LEARNED INTERMEDIARY DOCTRINE**

A prescription drug manufacturer's duty is to provide information about its drugs only to the doctor, not the doctor's patient; it is the doctor's duty to provide information about a drug to the ultimate customer, the patient.  The doctor is responsible for providing the patient with information about the drug.

In this case, if you find that Plaintiffs' doctors knew the information about their average costs of the Zoladex they bought, then Plaintiffs have failed to show that AstraZeneca had a duty to inform them about average costs of Zoladex, and you must find AstraZeneca not liable.

**Authority:**
Alberry v. Parkmor Drug, Inc., 834 N.E.2d 199, 202-03 (Ind. Ct. App. 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
DAMAGES**

Plaintiffs must prove by a preponderance of the evidence that they actually suffered damages as a result of an incurable deceptive act.

<u>**Authority:**</u>
IN ST §§ 24-5-0.5-4(a); <u>Schmidt Enters., Inc. v. State</u>, 354 N.E.2d 247, 253 (Ind. App. Ct. 1976); <u>Baxter v. I.S.T.A. Insurance Trust</u>, 749 N.E.2d 47, 54 (Ind. App. Ct. 2001); <u>Rhoda v. N, Ind. Pub. Serv. Co.</u>, 357 N.E.2d 287, 289 (Ind. Ct. App. 1976); 14 I.L.E. § 11.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**STATUTE OF LIMITATIONS**

The Statutes of Limitations is an Affirmative Defense to untimely claims.  Under IDCSA, the statute of limitations is two (2) years from the date the action accrues.  The limitations period starts to run either on the date a plaintiff discovers the fraud or on the date that plaintiff could have, in the exercise of reasonable diligence, discovered the fraud.

**Authority:**
IN ST §§ 24-5-0.5-5; State v. Classic Pool & Patio, Inc., 777 N.E.2d 1162, 1166 (Ind. Ct. App. 2002); A.J.'s Auto. Sales, Inc. v. Freet, 725 N.E.2d 955, 964 (Ind. Ct. App. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE KANSAS**
**CONSUMER PROTECTION ACT (KCPA),**
**KAN. STAT. AM. § 50-623,** *et seq.*

Zoladex patients from Kansas are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Kansas law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the KCPA.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
DEFINITIONS**

The KCPA prohibits a "supplier" from engaging in "deceptive act[s] or practice[s] in connection with a consumer transaction, including the willful use, in any oral or written representation, of falsehood as to a material fact."

**Authority:**
Kan. Stat. Ann. § 50-626.

Before I instruct you on the elements of Mr. Howe's and Mr. Townsend's claims under Kansas law, I will define certain terms which are implied or explicit in Section 50-626. Later, I will explain their relevance to various elements of Mr. Howe's and Mr. Townsend's claims.

Kansas law authorizes "a consumer" aggrieved by a violation of the KCPA by to sue for damages.

**Authority:**
Kan. Stat. Ann. § 50-634(b).

The KCPA defines "consumer" as "an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes."

**Authority:**
Kan. Stat. Ann. § 50-624.

The KCPA defines "consumer transaction" as "a sale, lease, assignment or other disposition for value of property or services within [Kansas] (except insurance contracts regulated under state law) to a consumer, or a solicitation by a supplier with respect to any of these dispositions."

**Authority:**
Kan. Stat. Ann. § 50-624.

The KCPA defines "supplier" as "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."

**Authority:**
Kan. Stat. Ann. § 50-624.

163

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
EXTRATERRITORIAL APPLICATION**

In order to find for Plaintiffs, Mssrs. Howe and Townsend must show that AstraZeneca, a foreign corporation, engaged in "deceptive act[s] or practice[s] in connection with a consumer transaction" in Kansas.[23]

**Authority:**
Kan. Stat. Ann. §§ 50-626, 50-638.

---

[23] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
ELEMENTS**

For purposes of the KCPA, Mr. Howe and Mr. Townsend must prove that:
(1) AstraZeneca was a "supplier" of Zoladex; (2) that AstraZeneca was engaged in deceptive acts
or practices in connection with a consumer transaction; (3) AstraZeneca willfully engaged in
such deceptive acts and practices; and (4) Mr. Howe and Mr. Townsend were aggrieved by the
deceptive acts or practices.

**Authority:**
Kan. Stat. Ann. § 50-626; York v. InTrust Bank, N.A., 962 P.2d 405, 420-21 (Kan. 1998);
Porras v. Bell, 857 P.2d 676, 678 (Kan. Ct. App. 1993); Heller v. Martin, 782 P.2d 1241, 1244
(Kan. Ct. App. 1989); Finstad v. Washburn Univ. of Topeka, 845 P.2d 685, 690-92 (Kan. 1993).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**"SUPPLIER"**

Mr. Howe and Mr. Townsend must prove that AstraZeneca was a "supplier" of Zoladex in Kansas.  Recalling the Kansas definitions I gave you, Plaintiffs must prove that AstraZeneca, in the ordinary course of business, solicited – including advertising directly to consumers – or sold Zoladex to individuals in Kansas for their personal use.  The fact that AstraZeneca manufactured Zoladex or that Kansas residents were injected with Zoladex is not sufficient to prove AstraZeneca was a "supplier."

**Authority:**
Kan. Stat. Ann. § 50-624.

166

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex. In order to find an intentional misrepresentation under Kansas law, you must find by clear and convincing evidence that AstraZeneca, with the intent to deceive, made a false statement about Zoladex.

**Authority:**
Alires v. McGehee, 85 P.3d 1191, 1195 (Kan. 2004); McLellan v. Raines, 140 P.3d 1034, 1040 (Kan. Ct. App. 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## DECEPTIVE ACT OR PRACTICE

"Deceptive acts or practices" in Kansas means one or more of 18 kinds of activities specified in the statute, such as "falsely stating, knowingly or with reason to know, that services, replacements or repairs are needed," or "offering property or services without intent to sell them." I instruct you that the relevant section prohibits "the willful use, in any oral or written representation, of falsehood as to a material fact."

An intentional misrepresentation would, if proved, be a such a falsehood. Plaintiffs must therefore prove that AstraZeneca's statement about Zoladex was false, was made with the intent to deceive, and was heard or read by Mr. Howe and Mr. Townsend.

**Authority:**
Kan. Stat. Ann. §§ 50-626, 50-630, 50-634.

168

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## TRANSACTION REQUIREMENT

Under the KCPA, Mr. Howe and Mr. Townsend must show that the deceptive act or practice was "in connection with a consumer transaction." To satisfy this requirement, they must show a direct connection between the alleged deceptive acts or practices regarding average wholesale price and the sale of Zoladex in Kansas. If Plaintiffs cannot show that AstraZeneca negotiated directly with or made misrepresentations directly to Mr. Howe and Mr. Townsend, you must find in favor of AstraZeneca.

**Authority:**
Kan. Stat. Ann. §§ 50-624, 50-626;  CIT Group/Sales Fin., Inc. v. E-Z Pay Used Cars, Inc., 32 P.3d 1197, 1204 (Kan. Ct. App. 2001) ("The KCPA's protection is limited to individuals and sole proprietors who directly contract with suppliers for goods or services, and is not extended to individuals who promise performance of a corporation contracting with a supplier."); Alexander v. Certified Master Builders Corp., 1 P.3d 899, 909 (Kan. 2000) (defendant was a "supplier" under the KCPA where defendant actively solicited business for its member contractors through promotional materials and newspaper advertisements, thus creating a nexus between plaintiff consumer and defendant); Ellibee v. Aramark Corr. Servs., Inc., No. 96,809, 2007 WL 776800 (Kan. App. Ct. Mar. 16, 2007) (Standing to bring an action under the KCPA could not be extended to a third-party beneficiary where, inter alia, there was no evidence on the record that supplier made any direct representations to the third party).

**DEFENDANT'S PROPOSED JURY INSTRUCTION []:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, Kansas courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives the prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.  Under the Kansas learned intermediary doctrine, a manufacturer's duty to warn consumers of dangerous side effects and risks of drugs is satisfied when the prescribing doctor is informed of drug's inherent risks.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Humes v. Clinton, 792 P.2d 1032, 1039-41 (Kan. 1990).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELIANCE/CAUSATION

In order to recover damages, Plaintiffs must show reliance. Where, as here, the Plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct, damages could not be caused by a violation without reliance on the statements or conduct alleged to violate the statute. Therefore, here, Plaintiffs must prove that they heard and then relied on AstraZeneca's statement about average wholesale price of Zoladex in making their decisions about Zoladex.

**Authority:**
Kan. Stat. Ann. § 50-626.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## MATERIALITY

In order to recover damages, Plaintiffs must demonstrate that AstraZeneca made an intentional misrepresentation as to a material fact.  In this case, a material fact is one to which Mr. Howe and Mr. Townsend would attach importance in making their decisions about Zoladex.

**Authority:**
Kan. Stat. Ann. § 50-626; <u>York v. InTrust Bank, N.A.</u>, 962 P.2d 405, 420 (Kan. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a KCPA claim is three years, which may not be extended. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Kansas, must show that their complaint against AstraZeneca was filed within three years of when Zoladex patients in Kansas allegedly learned about AstraZeneca's statements regarding average wholesale price.

**Authority:**
Alexander v. Certified Master Builders Corp., 1 P.3d 899, 908 (Kan. 2000); Roy v. Young, 93 P.3d 712, 715 (Kan. 2004).