# EXHIBIT 2

# (PART 7)

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE MARYLAND CONSUMER PROTECTION ACT**
**Md. CODE ANN.., Com. Law § 13-301, *et seq.***

Zoladex patients from Maryland are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Maryland law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Maryland Consumer Protection Act (hereinafter "the Maryland CPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
EXTRATERRITORIAL APPLICATION**

The Maryland statute covers Maryland consumers.  Plaintiffs must prove by a preponderance of the evidence that they either reside in Maryland or were in Maryland when they took or paid for Zoladex.[24]

**Authority:**
Lloyd v. Gen.l Motors Corp., et al., 2007 Md. LEXIS 78, *45 (Ct. App. Md. Feb. 8, 2007) (reach of statute is consumers within the State of Maryland).

---

[24] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The Maryland CPA prohibits 15 categories of what it terms deceptive trade practices. I instruct you that only one is potentially applicable. This section prohibits "[d]eception, fraud, false pretense, false premise, misrepresentation . . . of any material fact with the intent that a consumer rely on the same in connection with . . . the promotion or sale of any consumer goods. . . ."

**Authority:**
Md. Code Ann. § 13-301(9)(i).

Certain terms are defined in the statute.

"Advertisement" means the publication, dissemination, or circulation of any oral or written matter, including labeling, which directly or indirectly tends to induce a person to enter into an obligation, sign a contract, or acquire title or interest in any merchandise, real property, intangibles, or service.

"Advertisement" includes every device to disguise any form of business solicitation by using:

(i) A word such as "renewal", "invoice", "bill", "statement", or "reminder" to create an impression of an existing obligation if there is none; or

(ii) Other language to mislead a person in relation to a proposed commercial transaction.

A "consumer" within the meaning of Md. Code Ann. § 13-301 means an actual or prospective purchaser, or recipient of consumer goods, . . . .

"Merchandise" within the meaning of Md. Code Ann. § 13-301 means any commodity, object, wares, or goods.

"Person" within the meaning of Md. Code Ann. § 13-301 includes an individual, corporation, business trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity.

"Sale" within the meaning of Md. Code Ann. § 13-301 includes any:

(1) Sale of or offer or attempt to sell merchandise, . . . for cash or credit; or

(2) Service or offer for service which relates to any person, . . . .

**Authority:**
Md. Code Ann. § 13-101 (b), (c), (f), (h), (i).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## ELEMENTS

To prove a claim under this statute, Plaintiffs must prove by a preponderance of the evidence that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in the course of promoting or advertising to consumers or selling to consumers in Maryland, that Plaintiffs were aggrieved by not being told the actual average wholesale price of Zoladex, and that Mr. Howe and Mr. Townsend suffered actual damages. I will provide detailed instructions on these elements below.

**Authority:**
Md. Code Ann. § 13-101; Legg v. Castruccio, 642 A.2d 906 (Md. Ct. Spec. App. 1994) (Even though defendant landlord violated the Consumer Protection Act, plaintiff's action could only be maintained if the landlord's prohibited acts caused tenant's damages); Md. Code Ann. § 13-408 (Private right of action for damages requires injury or loss "as a result" of unlawful practice); It is manifest from the language employed in § 13-408 (permitting private plaintiffs to recover actual damages); Citaramanis v. Hallowell, 613 A.2d 964 (Md. 1992) (The General Assembly intended that a plaintiff pursuing a private action under the Maryland Consumer Protection Act prove actual injury or loss sustained); Gunney v. NV Homes, LP, 202 F.3d 258 (4th Cir. 2000) (Because private actions under the Consumer Protection Act, like actions for fraud and deceit, require proof of actual injury or loss, summary judgment was appropriate where there was no indication in the record that the drainage system and manhole egress in the backyard damaged the plaintiffs to any extent greater than the existence of the known easement, which was disclosed prior to purchase).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
### DECEPTIVE ACT OR PRACTICE

An act or practice is deceptive if there is a representation that is likely to mislead consumers acting reasonably under the circumstances, and the representation is material.

**Authority:**
Luskin's v. Consumer Prot., 726 A.2d 702, 718 (Md. 1999).

In order to show that a statement is "likely to mislead," Plaintiffs must prove probable, not possible, deception. A statement that is "likely to mislead" is a statement that a consumer thinks is important or material and is likely to lead a consumer into a wrong decision or into mistaken action. As applied to this case, Plaintiffs must prove by a preponderance of the evidence that: (1) they read or hear AstraZeneca's statement before they made their decisions concerning Zoladex; and then Plaintiffs must prove by a preponderance of the evidence that (2) AstraZeneca's statement concerning the average wholesale price of Zoladex was likely to mislead a Maryland consumer about Zoladex who was acting reasonably under the circumstances.

**Authority:**
Hoffman v. Stamper, 843 A.2d 153, 191 (Md. Ct. Spec. App. 2004) ("When the unfair and deceptive trade practice is a representation or omission of fact, it must be material."); State v. Cottman Transmissions Sys., 587 A.2d 1190, cert. denied, 324 Md. 121, 596 A.2d 627 (Md. 1991); Golt v. Phillips, 517 A.2d 328 (Md. 1986); Luskin's, Inc. v. Consumer Prot. Div., 726 A.2d 702 (Md. 1999) (for the purposes of the Consumer Protection Act "a material misrepresentation involves information that is important to consumers, and, hence, likely to affect their choice of a product").

Plaintiffs must prove the deception allegedly committed by AstraZeneca occurred in an advertisement or other promotional context, or in a sales context upon which Plaintiffs made their decisions about Zoladex. While it is your duty to determine if Plaintiffs carried their burden of proving that the deception they heard was in an advertisement, promotional, or sales context, I remind you of the definitions I provided to you earlier.

**Authority:**
Md. Code Ann. § 13-101(b), (i).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove AstraZeneca made an "intentional misrepresentation," concerning the Zoladex average wholesale price.  In order to find an intentional misrepresentation under Maryland law, Mr. Howe and Mr. Townsend must prove that AstraZeneca knew that the statements it made to Maryland consumers about the average wholesale price of Zoladex were false and intended, that is, meant to, cause a Maryland consumer to rely upon that misrepresentation.

**Authority:**
Hoffman v. Stamper, 843 A.2d 153, 191 (Md. Ct. Spec. App. 2004) ("The plaintiff also must prove that the defendant knew of the falsity of the statement or omission and intended to induce reliance by the plaintiff.  Upon a showing of reasonable reliance, the plaintiff may recover any actual losses").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
MATERIALITY**

Plaintiffs must prove that AstraZeneca's alleged intentional misrepresentation about the average wholesale price Zoladex was material. A fact is "material" if that fact is important to consumers and therefore would likely affect their choice of action in the transaction in question. In addition, Plaintiffs must prove that the material fact is important to, and likely to affect, the decisions of a significant number of unsophisticated consumers in Maryland.

**Authority:**
Hoffman v. Stamper, 843 A.2d 153, 191 (Md. Ct. Spec. App. 2004) ("When the unfair and deceptive trade practice is a representation or omission of fact, it must be material."); Golt v. Phillips, 517 A.2d 328 (Md. 1986); Luskin's, Inc. v. Consumer Prot. Div., 726 A.2d 702 (Md. 1999) (for the purposes of the Consumer Protection Act "a material misrepresentation involves information that is important to consumers, and, hence, likely to affect their choice of a product"); Hayes v. Hambruch, 841 F. Supp. 706 (D. Md. 1994), aff'd, 64 F.3d 657 (4th Cir. 1995) (jurors must consider whether a significant number of unsophisticated consumers in Maryland would attach importance to the information in determining a choice of action).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO 7:
## RELIANCE

Plaintiffs must prove by a preponderance of the evidence that they read or heard, and then relied upon AstraZeneca's alleged intentional misrepresentation regarding the average wholesale price of Zoladex in making their decisions about Zoladex and their reliance was reasonable.  If Plaintiffs fail to prove reasonable reliance upon a material fact by a preponderance of the evidence, you must find for AstraZeneca.

**Authority:**
Hoffman v. Stamper, 843 A.2d 153, 191 (Md. Ct. Spec. App. 2004); Philip Morris Inc. v. Angeletti, 752 A.2d 200, 235 (Md. 2000) (finding plaintiff's establishment of reliance a necessary precondition to recovering damages).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## CAUSATION/LOSS

Plaintiffs must also prove by a preponderance of evidence that Mr. Townsend or Mr. Howe suffered a loss of money or property that was proximately caused by AstraZeneca's intentional misrepresentation. In order to show proximate cause, Plaintiffs must prove that AstraZeneca's statements to Maryland consumers about the average wholesale cost of Zoladex directly produced or contributed substantially to producing the loss. If Plaintiffs' actions would not have changed had they known the actual wholesale cost of Zoladex, then there is no proximate cause and you must find for AstraZeneca.

**Authority:**
Legg v. Castruccio, 642 A.2d 906 (Md. Ct. Spec. App. 1994) (Even though defendant landlord violated the Consumer Protection Act, plaintiff's action could only be maintained if the landlord's prohibited acts <u>caused</u> tenant's damages).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Maryland law, the statute does not apply in the doctor-patient context. In addition, under Maryland law, a drug manufacturer has no legal obligation to convey information about a drug to patients. Under Maryland law, a doctor is required to provide his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Md. Code Ann. § 13-104(1); <u>Rite Aid Corp. v. Levy-Gray</u>, 894 A.2d 563 (Ct. App. Md. March 13, 2006) (Under the "learned intermediary" rule, the duty to relay information to a patient devolves on the health-care provider so that the patient can made an informed choice as to therapy).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a claim based on the Maryland CPA is three years.

In Maryland, the three-year limitations period begins to run when the plaintiff has actually knowledge of his cause of action or has knowledge that ought to put a person of ordinary prudence on inquiry.

**Authority:**
Md. Code Cts. & Jud. Proc. § 5-101; see Greene Tree Home Owners Assoc., Inc. v. Greene Tree Assoc., 749 A.2d 806 (Md. 2000); Maryland v. Dickson, 717 F. Supp. 1090, 1103 (D. Md. 1989) (limitations begins to run "only when the plaintiff has actual knowledge of his cause of action or has knowledge that is implied from circumstances which ought to put a person of ordinary prudence on inquiry, thus charging him with notice of all facts that such an investigation would in all probability have disclosed if it had been properly pursued").

**DEFENDANT'S PROPOSED JURY INSTRUCTION RELATING TO THE
MASSACHUSETTS REGULATION OF BUSINESS PRACTICE AND
CONSUMER PROTECTION ACT ("CHAPTER 93A"),** *et seq.*

Zoladex patients from Massachusetts are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Massachusetts law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Massachusetts Regulation of Business Practice and Consumer Protection Act (hereinafter "Chapter  93A").[25]

---

[25] Massachusetts differentiates between consumer transactions (governed by § 9) and business transactions (governed by § 11).  These instructions are based on the requirements of § 9.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

In order to recover, Plaintiffs must show that AstraZeneca, a foreign corporation, engaged in trade or commerce that directly or indirectly affected the people of the state of Masssachusetts.[26]

**Authority:**
Mass. Gen. Laws ch. 93A, § 9(1); Mass. Gen. Laws ch. 93A, § 1(b); Mass. Gen. Laws ch. 93A, § 2(a).

---

[26] In contrast, Ch. 93A's provisions applicable to *business* transactions are limited to situations where the deceptive trade practices "occurred primarily and substantially within the commonwealth [of Massachusetts]." Mass. Gen. Laws ch. 93A, § 11. Regardless, as Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

Chapter 93A provides that "deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful" and that persons who have been injured by such a deceptive trade practice "may bring an action" "for damages."

**Authority:**
Mass. Gen. Laws ch. 93A, § 2(a); Mass. Gen. Laws ch. 93A, § 9(1).

Chapter 93A defines "persons" as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity."

**Authority:**
Mass. Gen. Laws ch. 93A, § 1(a).

Chapter 93A defines "trade" and "commerce" as "the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any [security] and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, [and] any trade or commerce directly or indirectly affecting the people of this commonwealth."

**Authority:**
Mass. Gen. Laws ch. 93A, § 1(b).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## ELEMENTS

To prove a claim under Chapter 93A, Mr. Howe and Mr. Townsend must prove (1) that AstraZeneca used a deceptive act or practice; (2) the deceptive act or practice occurred in trade or commerce; (3) Mr. Howe and Mr. Townsend suffered a loss of money, loss of property, or personal injury; and (4) Mr. Howe and Mr. Townsend's injuries were caused by AstraZeneca's statements regarding the average wholesale price of Zoladex.  If Mr. Howe and Mr. Townsend do not prove all of these elements, you must find for AstraZeneca.

**Authority:**
Mass. Gen. Laws ch. 93A, § 2(a); Mass. Gen. Laws ch. 93A, § 9(1); Hershenow v. Enterprise Rent-A-Car Co. of Boston, 840 N.E.2d 526, 533 (Mass. 2006); Aspinall v. Philip Morris Cos., Inc., 813 N.E.2d 476, 491-92 (Mass. 2004); Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Massachusetts courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given such information, and you should find for AstraZeneca.

**Authority:**
Lareau v. Page, 840 F. Supp. 920, 931-32 (D. Mass. 1993); Linnen v. A.H. Robbins Co., 11 Mass. L. Rep. 231 (Mass. Super. 1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Massachusetts law, a drug manufacture has no legal obligation to convey information about a drug to patients.  Under Massachusetts law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

For reasons that need not concern you, the Plaintiffs' lawyers promised the court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Mr. Howe and Mr. Townsend claim damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex. Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew or believed that the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation. You cannot find that AstraZeneca engaged in intentional misrepresentation if you find that AstraZeneca honestly believed that the representations were made at the time they were made.

**Authority:**
Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 16 (1st Cir. 2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**DECEPTIVE ACT OR PRACTICE**

Whether an act or practice is deceptive for purposes of Chapter 93A cannot be defined precisely and must be determined on a case-by-case basis.  Therefore, you must decide, after careful evaluation of the specific evidence presented, whether AstraZeneca's representation of average wholesale price was deceptive.  To establish that an act or practice is deceptive, Mr. Howe and Mr. Townsend must show that AstraZeneca's acts "were likely to mislead consumers acting reasonably under the circumstances."  As such, in order to find that AstraZeneca's representation of average wholesale price was deceptive, you must find that AstraZeneca's practice of providing average wholesale price information to medical publishers was likely to cause Massachusetts residents, acting reasonably, to make different decisions about Zoladex than they would have made had AstraZeneca provided actual average wholesale price information to medical publishers.

**Authority:**
Commonwealth v. AmCan Enters., 712 N.E.2d 1205, 1209 (Mass. App. Ct. 1999); York v. Sullivan, 338 N.E.2d 341, 345-46 (Mass. 1975).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MATERIALITY

Mr. Howe and Mr. Townsend must prove that AstraZeneca's alleged misrepresentation of average wholesale price was "material" in order for it to be found deceptive under Massachusetts law.  For a representation to be "material" it must "involve information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product."  Therefore, to satisfy the requirement of "materiality," for residents of Massachusetts, Mr. Howe and Mr. Townsend must prove that the representations AstraZeneca made to medical publishers regarding the average wholesale price of Zoladex were likely to affect Massachusetts patients' decisions about Zoladex.

**Authority:**
Commonwealth v. AmCan Enters., 712 N.E.2d 1205, 1209 (Mass. App. Ct. 1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION**

Mr. Howe and Mr. Townsend must prove that they suffered a loss of money or property, or a personal injury, that was caused by AstraZeneca's alleged misrepresentation of the average wholesale price of Zoladex.  This casual connection must be proximate and direct.  In other words, you must find that Mr. Howe or Mr. Townsend lost money or property, or suffered a personal injury, because of AstraZeneca's representations regarding the average wholesale price of Zoladex.

**Authority:**
Intl. Fidelity Ins. Co. v. Wilson, 443 N.E.2d 1308, 1313-14 (Mass. 1982).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a Chapter 93A claim is four years from the date the injury was inflicted. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Massachusetts, must show that their Complaint against AstraZeneca was filed within four years of when Zoladex patients in Massachusetts allegedly heard AstraZeneca's statements regarding the average wholesale price of Zoladex.

If you find that the Complaint in this case was not filed within four years from when Zoladex patients in Massachusetts were injured by AstraZeneca, you must next determine whether the statute of limitations should be extended. In order to extend the statute of limitations under Chapter 93A, Mr. Howe and Mr. Townsend must establish that Zoladex patients in Massachusetts did not have the opportunity to "reasonably discover the elements" giving them the right to institute and maintain a lawsuit until after the date the injury was inflicted. This means that Mr. Howe and Mr. Townsend must establish that this suit was filed within four years of the date from which Zoladex patients in Massachusetts should have reasonably discovered the alleged misrepresentation of AstraZeneca regarding the average wholesale price of Zoladex.

**Authority:**
Mass. Gen. Laws ch. 93A, § 5A; Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006).