# EXHIBIT 2

# (PART 8)

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE MICHIGAN CONSUMER PROTECTION ACT,
MICH. COMP. LAWS § 445.901, *et seq.***

Zoladex patients from Michigan are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Michigan law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Michigan Consumer Protection Act.

**Authority:**
Mich. Comp. Laws § 445.901.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Michigan statute covers only persons who reside in Michigan or who were injured in Michigan.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Michigan.[27]

**Authority:**
MCLS § 445.911(3) ("A person who suffers loss as a result of a violation of this act may bring a class action on behalf of <u>persons residing or injured in this state</u> for the actual damages caused by any of the following. . .").

---

[27] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**ELEMENTS**

Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.  Plaintiffs must prove each of the following elements by a preponderance of the evidence: (1) AstraZeneca made a false statement to Mr. Howe and Mr. Townsend; (2) the false statement was intentional; (3) Mr. Howe and Mr. Townsend relied upon the false statement about the average wholesale price of Zoladex in deciding to take Zoladex; (4) Mr. Howe and Mr. Townsend's reliance on the misrepresentation caused them injury; and (5) Mr. Howe and Mr. Townsend have actual damages.

**Authority:**
Dix v. American Bankers Life Assurance Co. of Florida, 415 N.W.2d 206 (Mich. 1987); Vandermale v. Harvey Auto, Inc., No. 253100, 2005 Mich. App. LEXIS 1493 (Mich. Ct. App. June 21, 2005); Baker v. Arbor Drugs, Inc., 544 N.W.2d 727 (Mich. Ct. App. 1996); Karam v. Sagemark Consulting, Inc., 383 F.3d 421 (6th Cir. 2004); Rodriguez v. Berrybrook Farms, Inc., No. K86-161-CA8, 1990 U.S. Dist. LEXIS 7678, 39-40 (W.D. Mich. June 20, 1990).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in Michigan means one or more of 36 kinds of activities specified in the statute, such as "offering a consumer a prize if in order to claim the prize the consumer is required to submit to a sales presentation, unless a written disclosure is given" or "causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." I instruct you that 35 of these activities are not involved in this case.

One provision of Michigan consumer protection law that may be applicable is as follows: in Michigan, it is unlawful to mak[e] a statement of fact that is material to the transaction such that a person who heard or read the statement reasonably believed that their doctor's average cost for Zoladex was different from what AstraZeneca said it was.

In order to find against AstraZeneca, you must find that, by providing average wholesale price information to medical publishers, AstraZeneca made a representation of fact that was material to a patient's decision to take Zoladex and which led the patient to believe that the price of Zoladex was different from what it truly was.

**Authority:**
MCLS § 445.903 (bb).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**MATERIALITY**

Mr. Howe and Mr. Townsend must prove that AstraZeneca's alleged misrepresentation affected their decision to take Zoladex. In this case, that means that Mr. Howe and Mr. Townsend must prove that they read or heard AstraZeneca's statement about the average wholesale price of Zoladex and that the statement impacted, or was important to, their decision to take Zoladex. If you decide that Mr. Howe or Mr. Townsend would have taken Zoladex regardless, without knowing the average wholesale cost for Zoladex, then the Plaintiffs have failed to establish that AstraZeneca's statement was material and you must find in favor of AstraZeneca.

**Authority:**
Zine v. Chrysler Corp, 600 N.W.2d 384, 398 (Mich. Ct. App. 1999) ("[A] material fact for purposes of the MCPA would likewise be one that is important to the transaction or affects the consumer's decision to enter into the transaction."); see also Vandermale v. Harvey Auto, Inc., No. 253100, 2005 Mich. App. LEXIS 1493, 4-5 (Mich. Ct. App. June 21, 2005) (same).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. [ ]:
## "TRADE OR COMMERCE" REQUIREMENT

You must also find that AstraZeneca's act of providing average wholesale price information to medical publishers was an act "in the conduct of trade or commerce".

"Acts constituting 'trade or commerce' include "the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property."

In order to find AstraZeneca liable, you must find that AstraZeneca's provision of average wholesale price information to medical publishers was in the conduct of trade or commerce, or, in other words, "part of an effort to further the sale of goods to consumers."

**Authority**
MCLS § 445.902(g); DirectTV, Inc. v. Personette, No. 5:03-CV-66, 2003 U.S. Dist. LEXIS 19695 at *9 (W.D. Mich. Oct. 20, 2003) (holding that defendants act of purchasing or stealing "smart cards" designed to steal DirectTV's satellite television transmissions did not occur "in the conduct of trade or commerce.")

Michigan law also requires that you must find that the alleged misrepresentation occurred during the transaction at issue, in this case, Mr. Howe and Mr. Townsend's decision to use Zoladex. If you find that the misrepresentation occurred before or after Mr. Howe and Mr. Townsend's decision to take Zoladex, you must find for AstraZeneca.

**Authority:**
Zine v. Chrysler Corp, 600 N.W.2d 384, 397 (Mich. Ct. App. 1999) (finding that the deceptive practice provision at issue explicitly concerns a "transaction", which is "the business conducted between the parties," i.e. "it only applied to events which occurred during the sale of the subject vehicle, not to anything that occurred before or after").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
PHYSICIAN/PATIENT TRANSACTION**

The Michigan Consumer Protection Act does not cover transactions or matters involving doctors and their patients.

**Authority**
Nelson v. Ho, 564 N.W.2d 482 (Mich. Ct. App. 1997) (holding that professional practice activities of physicians are not included in the meaning of trade or commerce and physicians can only be sued under the MCPA for their entrepreneurial activities).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Michigan courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician.  The physician is an independent source of information"between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Mowery v. Crittenton Hosp., 400 N.W.2d 633, 637 (Mich. Ct. App. 1986).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Michigan law, a drug manufacture has no legal obligation to convey information about a drug to patients. Under Michigan law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Mowery v. Crittenton Hosp., 400 N.W.2d 633, 637 (Mich. Ct. App. 1986) ("The [learned intermediary doctrine] has also been justified by an assertion that direct manufacturer-consumer communication is difficult if not virtually impossible.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

In order to find an intentional misrepresentation under Michigan law, you must find that AstraZeneca knew the representation was false at the time it was made or that AstraZeneca made the representation recklessly, without knowledge of or caring about its truth, as a positive assertion.

**Authority:**
Stoops v. Farm Bureau Ins. Co., Civ. No. 260454, 261917, 2006 WL 751404, at *14 (Mich. App. Ct. Mar. 23, 2006); George v. Humpert, Civ. No. 253344, 2005 WL 1846362, at *1 (Mich. App. Ct. Aug. 04, 2005); Kitterman v. Michigan Educational Employees Mut. Ins. Co., Civ. No. 247428, 2004 WL 1459523, at *3 (Mich. App. Ct. June 29, 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
### RELIANCE

Mr. Howe and Mr. Townsend must also prove by a preponderance of the evidence that a reasonable person would have relied upon AstraZeneca's statement about average wholesale price. "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true. In this case, that means that you must find that a reasonable person would not have chosen to be injected with Zoladex unless he believed the average wholesale price to be the actual average wholesale price.

**Authority:**
Dix v. Amer. Bankers Life Assurance Co. of Florida, 415 N.W.2d 206, 209 (Mich. 1987) (class must "establish that a reasonable person would have relied on the representations"); Vandermale v. Harvey Auto, Inc., No. 253100, 2005 Mich. App. LEXIS 1493 at *4 (2005) ("Reliance on the seller's representations is an implicit element of the MCPA."); Baker v. Arbor Drugs, Inc., 544 N.W.2d 727, 732 (Mich. Ct. App. 1996); Mayhall v. A.H. Pond Co., Inc., 341 N.W.2d 268, 270 (Mich. Ct. App. 1983).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
"BUT FOR" CAUSATION**

Mr. Howe and Mr. Townsend must prove that they suffered injury "as a result" of AstraZeneca's deception. To satisfy this requirement, Mr. Howe and Mr. Townsend must prove that if they had known the actual average wholesale cost of Zoladex, they would not have paid their doctor as much.

**Authority:**
MCLS § 445.911(3); Karam v. Sagemark Consulting, Inc., 383 F.3d 421, 429 (6th Cir. 2004) (noting that "[t]he central question posited by the court is one of but for cause-- if [Defendant] had disclosed its true motivation for creating the financial plan, would it have changed Plaintiff's decision not to alter the equalization clause in the trust agreement.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**DUTY OF DISCLOSURE**

As I instructed before, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.

AstraZeneca is not under a duty to advise a purchaser of any fact about which the purchaser has not asked. You cannot find a seller liable if the seller was silent or failed to apprise the purchaser of facts that may have been important for him to know, unless the purchaser asked for those facts. In this case, you cannot find AstraZeneca liable if you find that AstraZeneca did not make any representations to Mr. Howe or Mr. Townsend or that neither Mr. Howe nor Mr. Townsend asked AstraZeneca about the price of Zoladex.

**Authority:**
Hendricks v. DSW Shoe Warehouse Inc., 444 F. Supp. 2d 775, 781-782 (D. Mich. 2006) (holding that the MCPA provisions that concern "failing to reveal a material fact" should be analyzed under Michigan's law of "silent fraud," which "requires a plaintiff to show 'that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure'"); Hord v. Environmental Research Institute of Michigan, 617 N.W.2d 543, 550 (Mich. 2000) (holding that for nondisclosure of information to constitute "silent fraud," there must be circumstances that establish a legal duty to make a disclosure); M&D, Inc. v. W.B. McConkey, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998) ("Michigan courts have recognized that silence cannot constitute actionable fraud unless it occurred under circumstances where there was a legal duty of disclosure. [In] the absence of misleading partial statements, half-truths, or other misleading factors, a vendor is generally under no duty to advise a prospective purchaser of any fact about which the purchaser has not made inquiry.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**HARM/LOSS/INJURY**

Mr. Howe and Mr. Townsend must prove that they suffered a loss as a result of AstraZeneca's allegedly deceptive conduct. A potential future loss is not sufficient.

**Authority:**
Hendricks v. DSW Shoe Warehouse Inc., 444 F. Supp. 2d 775, 781-82 (D. Mich. 2006) (holding that statute requires plaintiff to have sustained a loss as a condition for bringing an action and that plaintiff failed to do so because he alleged only the potential of future losses as a result of the security of her credit card being compromised).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for this claim is six years after the occurrence of the deceptive act, or one year after the last payment in a transaction involving the deceptive act, whichever period of time ends at a later date. This means that Mr. Howe and Mr. Townsend must show that they brought their claim against AstraZeneca within six years from the time AstraZeneca provided average wholesale price information to medical publishers, or within one year after Plaintiffs last copayment, whichever is later.

**Authority:**
MCLS § 445.911(7).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14:**
**DISCOVERY RULE**

An exception to the six year statute of limitation applies if you find that AstraZeneca committed affirmative acts or misrepresentations that were designed to prevent Mr. Howe and Mr. Townsend from discovering that they had a claim. Mere silence on the part of AstraZeneca is not sufficient.

In order for the exception to the statute of limitations to apply, you must find that AstraZeneca made an affirmative representation that fraudulently concealed the existence of the claim. If you find that this occurred, then the Mr. Howe and Mr. Townsend must have brought their lawsuit within two years after they discovered, or reasonably should have discovered, the claim.

**Authority:**
Steel v. Ivanhoe Huntley-Oakhurst Builders, L.L.C., Civ. No. 271494, 2007 WL 288213, at *1 (Mich. App. Ct. Feb. 1, 2007); MCL § 600.5855.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE
MINNESOTA FALSE STATEMENT IN ADVERTISING ACT ("MFSAA"),
MINN. STAT. § 325F.67, *et seq.***

Zoladex patients from Minnesota are included in this lawsuit.  Their ability to establish
liability and to recover damages depends on your application of Minnesota law to the evidence
introduced at trial.  Therefore, I will now instruct you on the specific requirements of the
Minnesota False Statement in Advertising Act (hereinafter the "MFSAA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
PURPOSE OF THE ACT**

The MFSAA was designed to protect Minnesota citizens from sharp commercial practices, in this case false advertising.

**Authority**:
State by Humphrey v. Philip Morris Inc., 551 N.W.2d 490, 496-497 (Minn. 1996).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The MFSAA prohibits "any person," including a corporation, from disseminating any "advertisement" that "contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading . . . in connection with the sale of merchandise or services."

**Authority**:
Minn. Stat. § 325F.67.

Through a private attorney general provision, Minnesota law authorizes "any person" injured by a violation of the MFSAA by "any person" to sue for damages.

**Authority**:
Minn. Stat. § 8.31, subdivision 3a; Bykov v. Radisson Hotels Intern., Inc., 2006 WL 752942, at *4 (D. Minn. 2006).

"Person" means "any natural person or legal representative, partnership, corporation (domestic and foreign), company, trust, business entity, or association, and any agent, employee, salesperson, partner, officer, director, member, stockholder, associate, trustee, or *cestui que* trust thereof."

"Sale" includes an "attempt to sell any merchandise for any consideration."

**Authority**:
Minn. Stat. § 325F.68, subd. 3.

214

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**EXTRATERRITORIAL APPLICATION**

In order to recover, Plaintiffs must prove that any "advertisement" by AstraZeneca of average wholesale price was "made, published, disseminated, circulated, or placed before the public in [Minnesota]." In addition, if you determine that Plaintiffs were not injured as a result of advertisements disseminated in Minnesota, you must find for AstraZeneca. [28]

**Authority**:
Parkhill v. Minnesota Mutual Life Ins. Co., 995 F. Supp. 983, 997 (D. Minn. 1998) ("While plaintiff attempts to broaden the scope of the Advertising Act to encompass defendant's statements, the plain language of the statute requires that any statements be made in Minnesota"), Force v. ITT Hartford Life & Annuity Ins. Co., 4 F. Supp.2d 843 (D. Minn. 1998).

---

[28] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**ELEMENTS**

For purposes of the MFSAA, Mr. Howe and Mr. Townshend must prove: (1) that AstraZeneca intended to mislead them; (2) AstraZeneca published a false or misleading advertisement; and (3) that Mr. Howe and Mr. Townsend were injured by these false or misleading advertisements.

**Authority**:
Kronebusch v. MVBA Harvestore System, 488 N.W.2d 490, 494-95 (Minn. Ct. App.1992), pet. for review denied, (Minn. Oct. 20, 1992); LensCrafters, Inc. v. Vision World, Inc., 943 F. Supp. 1481, 1491 (D. Minn. 1996); Ott v. Target Corp., 153 F.Supp.2d 1055, 1069 n.10 (D. Minn. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**FALSE ADVERTISING**

For Mr. Howe and Mr. Townsend to win their case as to Minnesota Zoladex patients under the MFSAA, you must find that AstraZeneca "advertised." In order to find that AstraZeneca's statements regarding average wholesale price were "advertisements," Mr. Howe and Mr. Townsend must show that these statements are similar to a "book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter" designed to induce them to purchase Zoladex and that these statements were made in the state of Minnesota.

If you find that AstraZeneca advertised, you must also find that AstraZeneca advertised "merchandise" which includes "any objects, wares, goods, commodities, intangibles, real estate, loans, or services." The term "merchandise" includes the sale of prescription drugs. However, in order to find the MFSAA to support a claim for relief to Mr. Howe and Mr. Townsend, you must first determine whether the administration of the drug Zoladex was, merchandise or a service performed by a doctor. If you find that the administration of the drug was essentially a service, the MFSAA does not apply to Plaintiffs' claims.

**Authority:**
Kociemba v. G.D. Searle & Co., 680 F. Supp. 1293, 1304 (D. Minn. 1988).

Assuming you find that AstraZeneca's statements regarding the average wholesale price of Zoladex were advertisements of merchandise, you may then turn to the question of whether such advertisement of merchandise was deceptive.

In order to find that it was deceptive, Mr. Howe and Mr. Townsend must prove the following: 1. They saw or heard the statements concerning the average wholesale price of Zoladex before receiving injections; 2. AstraZeneca made false statements of fact about the price of Zoladex; 3. a substantial number of people, like Mr. Howe and Mr. Townsend, who were in Minnesota, saw the advertising and were actually deceived or tended to be deceived by it; 4. the deception is material because knowing the average wholesale price of Zoladex it is likely to influence the decisions of Minnesota residents to buy Zoladex; 5. AstraZeneca caused falsely advertised goods to enter interstate commerce; and 6. Mr. Howe and Mr. Townsend were injured or likely to be injured as a result.

Whether an advertisement is literally false presents an issue of fact for you to decide based upon the evidence presented in this trial. When, in this case, average wholesale price is alleged to be literally true yet misleading, Mr. Howe and Mr. Townsend bear the burden of proving *actual deception* by a preponderance of the evidence. They cannot win by showing only how consumers *could* react; they must show how consumers actually *do* react.

**Authority**:
Ott v. Target Corp., 153 F. Supp.2d 1055 (D. Minn. 2001); LensCrafters, Inc. v. Vision World, Inc., 943 F. Supp. 1481, 1489 (D. Minn. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**MENTAL STATE REQUIREMENTS**

In order to find in favor of Mr. Townsend and Mr. Howe on their MFSAA claim, they must show, by a preponderance of the evidence at trial, that AstraZeneca knew that its statements regarding average wholesale price were false or indicated that its false statements were based on personal knowledge and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act on these false statements regarding average wholesale price in deciding to receive their Zoladex injections.

**Authority**:
Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 747-48 (Minn. 2000); Gorokhova v. Kirshbaum, 2006 WL 3490799, at *5 (Minn. App. 2006).

218

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
TRANSACTION REQUIREMENT**

Under the MFSAA, Mr. Howe and Mr. Townsend must show that any deceptive statement made by AstraZeneca occurred "in connection with the sale of merchandise or services." In other words, they must show a "connection" between the advertisement and their agreement to purchase Zoladex.

**Authority**:
Minn. Stat. § 325F.67: cf. Cooperman v. R.G. Barry Corp., 775 F. Supp. 1211 (D. Minn. 1991); State ex rel. Hatch v. JBC Legal Group, P.C., 2006 WL 1388453, at *12 (Minn. Dist. Ct. 2006) (debt collection activities not "in connection with a sale" of merchandise and debt collectors not "sellers"); Cooperman v. R.G. Barry Corp., 775 F. Supp. 1211 (D. Minn. 1991) ("While the transaction between the seller and its representative is part of a sequence of events leading to a sale of merchandise, it is not itself a sale of merchandise.") (MCFA cases interpreting similar transaction language).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Minnesota courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority**:
Gray v. Badger Min. Corp., 676 N.W.2d 268, 276 (Minn. 2004) ("manufacturer of bricks had no duty to instruct on the appropriate precautions to follow when installing them because 'the evidence was overwhelming that the architects employed by [the plaintiff] should have known' of the necessary precautions"); Kociemba v. G.D. Searle & Co., 680 F. Supp. 1293, 1305 (D. Minn. 1988).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under Minnesota law a drug manufacture has no legal obligation to convey information about a drug to patients.  Under Minnesota law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than the doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority**:
Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1305 (D. Minn. 1988).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## RELIANCE/CAUSATION

In order to recover damages, Mr. Howe and Mr. Townsend must show actual reliance, which is a component of causation. Where, as here, Mr. Howe and Mr. Townsend allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct, as a practical matter it is not possible that the damages could be caused by a violation without reliance on the statements or conduct alleged to violate the statute. Therefore, in a case such as this, it will be necessary for Mr. Howe and Mr. Townsend to prove reliance on those statements or conduct to satisfy the causation requirement. Reliance means that they must have read or saw AstraZeneca's statements regarding the average wholesale price of Zoladex, and that caused them to purchase Zoladex.

**Authority**:
Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 12-13 (Minn. 2001); Higgins v. Harold-Chevrolet-Geo, Inc., 2004 WL 2660923 (Minn. App. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 11:
## RELIANCE OF PHYSICIANS

In order to satisfy the transaction requirement under the MFSAA, Mr. Howe and Mr. Townsend must prove that AstraZeneca's statements concerning the average wholesale price of Zoladex deceived consumers *and their doctors* regarding the price of Zoladex.

**Authority**:
Yarrington v. Solvay Pharmaceuticals, Inc., 2006 WL 2729463 (Minn. App. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**HARM/LOSS/INJURY**

Proof of "injury" in the form of "actual damages" is an essential element of Mr. Howe and Mr. Townsend claims against AstraZeneca.  If they cannot establish actual damages, they may not recover under the MFSAA even if you find that they otherwise proved their case.

**Authority**:
Wilson v. Polaris Industries, Inc., 1998 WL 779033, at *1 (Minn. App. 1998); LensCrafters, Inc. v. Vision World, Inc., 943 F. Supp. 1481, 1489 (D. Minn. 1996).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a MFSAA claim is six years, which may not be extended.  For Mr. Howe and Mr. Townsend to prevail in this lawsuit for Zoladex users from the state of Minnesota, you must find that the Complaint in this case was filed within six years from when AstraZeneca last made a misrepresentation regarding average wholesale price.  For any such misrepresentations made six years or longer before this action was filed, Plaintiffs from Minnesota may not prevail against AstraZeneca

**Authority**:
Minn. Stat. § 541.05, subd. 1(2); Tuttle v. Lorillard Tobacco Co., 377 F.3d 917, 926 (8th Cir. 2004).