# EXHIBIT 2

# (PART 9)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE
MISSOURI MERCHANDISING PRACTICES ACT ("MMPA"), MO. REV. STAT.
§407.010, *et seq.***

Zoladex patients from Missouri are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Missouri law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Missouri Merchandising Practice Act (hereinafter "the MMPA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## DEFINITIONS

Under the MMPA, "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice."

**Authority**:
V.A.M.S. § 407.020(1).

The MMPA does not contain an exact definition of deceptive practices.  Rather, the determination of whether AstraZeneca engaged in deception will turn on your assessment of the unique facts and circumstances of this case based on the evidence introduced at trial.  To a certain extent, however, a finding of deception requires consideration of other elements of Mr. Howe and Mr. Townsend's claim, including the element of causation.

**Authority**:
Clement v. St. Charles Nissan, Inc., 103 S.W.3d 898, 900 (Mo. App. 2003).

Other terms in the statute are defined.

The MMPA defines "person" as "any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or *cestui que* trust thereof;"

The MMPA defines "merchandise" as "any objects, wares, goods, commodities, intangibles, real estate or services;"

The MMPA defines "sale" as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit;"

The MMPA defines "trade" or "commerce" as "the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated."

**Authority**:
V.A.M.S. 407.010.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**EXTRATERRITORIAL APPLICATION**

The terms "trade" and "commerce" in the MMPA "include any trade or commerce directly or indirectly affecting the people of this state."  The MUTPA only covers persons who reside in Missouri or who obtained goods in Missouri.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in Missouri.[29]

**Authority**:
V.A.M.S. 407.010(7).

---

[29] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

For purposes of the MMPA, Mr. Howe and Mr. Townsend must show that: (1) Astra Zeneca engaged in a deceptive act or practice by misrepresenting the price of Zoladex; (2) Mr. Howe and Mr. Townsend purchased Zoladex; (3) their purchase was primarily for personal, family or household purposes; (4) they suffered an ascertainable loss of money or property; and (5) their loss was due to AstraZeneca's misrepresentation of the average wholesale price of Zoladex.

**Authority**:
V.A.M.S. §§ 407.020(1) 407.025.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTION**

To prove deception, Plaintiffs must prove by a preponderance of evidence a "capacity to deceive," which in Missouri means "actual deception." In this case, therefore, Mr. Howe and Mr. Townsend's claims under Missouri law require them to prove that they were *actually* deceived by AstraZeneca's alleged misrepresentations of the average wholesale price of Zoladex. The requirement of actual deception relates to the requirement of causation under the MMPA.

**Authority**:
State ex rel. Nixon v. Telco Directory Pub., 863 S.W.2d 596 (Mo. 1993).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
MENTAL STATE REQUIREMENT**

In order to find in favor of Mr. Townsend and Mr. Howe on their MMPA claim, clear and convincing evidence at trial must show that AstraZeneca knew that their statements regarding the average wholesale price of Zoladex were false or that AstraZeneca was ignorant of their truth and that AstraZeneca intended for Mr. Howe and Mr. Townsend to act on these false statements regarding the average wholesale price of Zoladex in deciding to receive Zoladex.

**Authority**:

Taryen Development, Inc. v. Phillips 66 Co., 31 S.W.3d 95, 102 (Mo. App. E.D. 2000); Mallek v. First Banc Insurors Agency, --- S.W.3d ---, 2007 WL 328578, at *8 (Mo. App. E.D. 2007); Next Day Motor Freight, Inc. v. Hirst, 950 S.W.2d 676, 679 (Mo. App. E.D. 1997).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## TRANSACTION REQUIREMENT

Under the MMPA, Mr. Howe and Mr. Townsend must show that any deceptive statement made by AstraZeneca occurred "in connection with" the "sale of merchandise." To satisfy this requirement, they must show that AstraZeneca was sufficiently involved in the transaction between Mr. Howe and Mr. Townsend and their doctors. The fact that AstraZeneca manufactured Zoladex is not, itself, sufficient involvement. If Plaintiffs did or did not see or read AstraZeneca's alleged intentional misrepresentation is a consideration.

**Authority**:
Bracht v. Grushewsky, 448 F.Supp.2d 1103 (E.D.Mo. 2006) (Attorney for seller not a "seller" under MMPA); Gibbons v. J. Nuckolls, Inc., 2006 WL 2008372 (Mo. App. E.D. 2006) (suggesting that MMPA requires a degree of "privity").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Missouri courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority**:

Doe v. Alpha Therapeutic Corp, 3 S.W.3d 404, 419 (Mo. App. E.D. 1999) ("Missouri courts adhere to the learned intermediary doctrine"); Ehlis v. Shire Richwood, Inc., 367 F.3d 1013, 1016 (8 Cir.2004) ("Thus, a warning to the [physician] is deemed a warning to the patient; the manufacturer need not communicate directly with all ultimate users of prescription drugs.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Missouri law a drug manufacture has no legal obligation to convey information about a drug to patients. Under Missouri law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctor's injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority**:
Doe v. Alpha Therapeutic Corp, 3 S.W.3d 404, 420 (Mo. App. E.D. 1999) ("the causal link between a patient's injury and the alleged failure to warn is broken when the prescribing physician had substantially the same knowledge as an adequate warning from the manufacturer that should have been communicated to him"); Ehlis v. Shire Richwood, Inc., 367 F.3d 1013, 1016 (8th Cir. 2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**RELIANCE/CAUSATION**

In order to recover damages, Mr. Howe and Mr. Townsend must show that their losses, if any, were caused by, or in the words of the MMPA, "the result of" AstraZeneca's alleged misrepresentation of the average wholesale price.  Where, as here, Mr. Howe and Mr. Townsend allege that their losses were caused by deception, they must introduce evidence sufficient to show a "causal nexus" between their decisions to purchase Zoladex from their doctors and AstraZeneca's statements about the average wholesale price of Zoladex.  As a practical matter, this means that each must show that he was influenced by AstraZeneca's statements in receiving their Zoladex injections.  In order to have been influenced by AstraZeneca's statements,  Mr. Howe and Mr. Townsend must introduce evidence showing that they had awareness of AstraZeneca's statements about average wholesale price of Zoladex.

**Authority**:
Ports Petroleum Co. v. Nixon, 37 S.W.3d 237 (Mo. en banc 2001); Lachance v. American Home Products Corp., 2006 WL 89850 (W.D. Mo. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**HARM/LOSS/INJURY**

Even if Mr. Howe and Mr. Townsend otherwise prove their case, they cannot recover unless they prove they suffered an "ascertainable loss of money or property, real or personal" as a result of AstraZeneca's misrepresentation of the average wholesale price of Zoladex.

**Authority**:
V.A.M.S. § 407.025.1.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a MSFAA claim is five years and the five year period starts to run from when a consumer first ascertains or learns that he was harmed by defendant's misrepresentation.  Therefore, in order for Mr. Howe and Mr. Townsend to prevail in this lawsuit for Zoladex users from the state of Missouri, you must find that the Complaint in this case was filed within five years from when Mr. Howe and Mr. Townsend were first capable of knowing that they were harmed, assuming they were harmed, by a misrepresentation made by AstraZeneca regarding average wholesale price.

<u>**Authority**</u>:
V.A.M.S. 516.120; <u>Schuchmann v. Air Services Heating & Air Conditioning, Inc.</u>, 199 S.W.3d 228 (Mo. App. S.D. 2006).

237

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE
NEBRASKA CONSUMER PROTECTION ACT ("NCPA"), NEB. REV. STAT. § 59-1601,
*et seq.***

     Zoladex patients from Nebraska are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Nebraska law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the NCPA.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**ELEMENTS**

Under the NCPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."

**Authority:**
Ne. Stat. § 59-1602.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DECEPTIVE ACT OR PRACTICE**

For Mr. Howe and Mr. Townsend to win their case as to Nebraska Zoladex patients under the NCPA, they must prove that AstraZeneca's alleged statement(s) regarding average wholesale price were deceptive.  In order for Mr. Howe and Mr. Townsend to prove that AstraZeneca's statements regarding average wholesale price were deceptive, you must find that these statements "possessed the tendency or capacity to mislead, or created the likelihood of deception. Fraud, misrepresentation, and similar conduct are examples of what is prohibited."

**Authority:**
Raad v. Wal-Mart Stores, Inc, 13 F. Supp. 2d 1003 (D. Neb. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**MENTAL STATE REQUIREMENTS**

In order to find in favor of Mr. Townsend and Mr. Howe on their NCPA claim, they must show by a preponderance of the evidence that: (1) AstraZeneca, when it made a statement regarding average wholesale price, knew that the statement was false or made the statement recklessly without knowledge of its truth and as a positive assertion; and (2) AstraZeneca made this statement with the intention that it should be relied upon by Mr. Howe and Mr. Townsend in making decisions concerning Zoladex injections.

**Authority:**
Eicher v. Mid America Fin. Invest. Corp., 702 N.W.2d 792, 803 (Neb. 2005); Precision Enterprises, Inc. v. Duffack Enterprises, Inc., 710 N.W.2d 348, 355 (Neb. App. 2006); State Bank of Trenton v. Lutz, 719 N.W.2d 731, 736 (Neb. App. 2006).

241

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**TRANSACTION REQUIREMENT**

In order to proceed against AstraZeneca in this case, Mr. Howe and Mr. Townsend must have "dealt directly or indirectly with" AstraZeneca in receiving injections of Zoladex from their physicians.

**Authority:**
Ne. Stat. § 59-1602.

242

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Nebraska courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given that information directly to consumers, and you should find for AstraZeneca.

**Authority:**
Freeman v. Hoffman-La Roche, Inc., 618 N.W.2d 827, 845-46 (Neb. 2000).

243

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Nebraska law a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Nebraska law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than Plaintiffs' respective doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Freeman v. Hoffman-La Roche, Inc., 618 N.W.2d 827, 845-46 (Neb. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELIANCE/CAUSATION**

Causation is an element of a claim under the NCPA. In order to recover under the NCPA, a plaintiff must show he was "injured *by*" a violation. In this case, Mr. Howe and Mr. Townsend must show that they were injured by a deceptive statement, if any, made by AstraZeneca regarding average wholesale price. If Mr. Howe or Mr. Townsend cannot introduce sufficient evidence to show that they were actually influenced to receive Zoladex injections from their doctors by AstraZeneca's statements regarding the average wholesale price of Zoladex, then you must decide the case in favor of AstraZeneca.

**Authority:**
Ne. Stat. § 59-1609 (emphasis added).

245

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**HARM/LOSS/INJURY**

In this case, Mr. Howe and Mr. Townsend must show that they were injured in their "business or property" by a deceptive statement, if any, made by AstraZeneca regarding average wholesale price.

**<u>Authority</u>:**
Ne. Stat. § 59-1602.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a NCPA claim is four years, which may not be extended. For Mr. Howe and Mr. Townsend to prevail in this lawsuit for Zoladex users from the state of Nebraska, you must find that the Complaint in this case was filed within four years from when AstraZeneca last made a misrepresentation regarding average wholesale price. For any such misrepresentations made six years or longer before this action was filed, Plaintiffs from Nebraska may not prevail against AstraZeneca.

**<u>Authority</u>:**
Ne. Stat. § 59-1612.

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE NEVADA DECEPTIVE TRADE PRACTICES ACT ("DTPA"),
NEV. REV. STAT. § 598.0903, *et seq.***

Zoladex patients from Nevada are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Nevada law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Nevada Deceptive Trade Practices Act (hereinafter the "DTPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
EXTRATERRITORIAL APPLICATION**

The Nevada statute only covers persons who reside in Nevada or who were injured in Nevada.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in Nevada.[30]

---

[30] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

Under the Nevada DTPA, "sale" is defined as "any sale, offer for sale or attempt to sell any property for any consideration."

"Advertisement" is defined as "the attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation to lease or to acquire any title or interest in any property."

**Authority:**
Nev. Rev. Stat. § § 598.0905, 598.094.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Nevada courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given them such information, and you should find for AstraZeneca.

**Authority:**
Moses v. Danek Med., Inc., 1998 U.S. Dist. LEXIS 21110 at *13 (D. Nev. Nov. 23, 1998) (holding that, under the learned intermediary doctrine, defendant medical device manufacturer was not liable to patient where doctor knew of risk).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE TRADE PRACTICE**

"Deceptive trade practices" in Nevada means one or more of 59 kinds of activities specified in the statute, such as "solicit[ing] a person by telephone at his residence between 8 p.m. and 9 a.m.," "impos[ing] upon the buyer or holder of a gift certificate a service fee . . .," and "conduct[ing] a business or occupation without all required state, county or city licenses." I instruct you that 58 of these activities are not involved in this case.

One section is, however. That section states: "knowingly makes any other false representation in a transaction." In order to find against AstraZeneca, you must find that AstraZeneca knowingly made false or misleading statements concerning the price of Zoladex in a transaction with Mr. Howe and Mr. Townsend.

**Authority:**
Nev. Rev. Stat. §598.0915(15).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

To establish a claim under the Nevada DTPA, Mr. Howe and Mr. Townsend must prove that: (1) AstraZeneca made a mistatement of fact about the average wholesale price of Zoladex in a transaction with the Plaintiffs; (2) AstraZeneca's statement was intentionally false; (3) Mr. Howe and Mr. Townsend were victims of an identifiable injury; and (4) AstraZeneca's statement about the average wholesale price of Zoladex was important in Mr. Howe and Mr. Townsend's decision to take Zoladex, causing Mr. Howe and Mr. Townsend's injuries.

**Authority:**
Nev. Rev. Stat. § 598.0915; Scaffidi v. United Nissan, 2005 U.S. Dist. LEXIS 41644 at *19-21 (D. Nev. Dec. 28, 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

For reasons that need not concern you, Plaintiffs' lawyers agreed to prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Mr. Howe and Mr. Townsend claim damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex. Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew or believed that the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation. You cannot find that AstraZeneca engaged in intentional misrepresentation if you find that AstraZeneca honestly believed at the time that the representations it made were true, even if such belief was negligent or unreasonable.

To prove fraud of this nature, Mr. Howe and Mr. Townsend must also prove that AstaZeneca's alleged misrepresentations were "material" in nature. To satisfy the requirement of materiality, Mr. Howe and Mr. Townsend must prove that at least one of AstraZeneca's statements regarding average wholesale price was a material misrepresentation that misled Nevada residents in making decisions about Zoladex. As applied to this case, for AstraZeneca's alleged misrepresentation of the average wholesale price of Zoladex to be material, you must find that it induced Mr. Howe and Mr. Townsend to make decisions about Zoladex injections that they otherwise would not have made.

**Authority:**
Nev. Rev. Stat. § 42.001(2).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**CAUSATION**

Under the Nevada DTPA, when money damages are sought, plaintiffs must show a causal connection between the alleged violation and the injury they seek to recover damages for. To satisfy this requirement, Mr. Howe and Mr. Townsend must show that they suffered injuries because of AstraZeneca's representations regarding the average wholesale price of Zoladex.

**Authority:**
Nev. Rev. Stat. § 598.0977.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES** [31]

Under Nevada law, Mr. Howe and Mr. Townsend may recover punitive damages if they can prove by clear and convincing evidence that, in their representation of the average wholesale price of Zoladex, AstraZeneca was guilty of oppression, fraud or malice, express or implied. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person. "Malice, express or implied" means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others. "Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person.

**Authority:**
Nev. Rev. Stat. § 42.001.

---

[31] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for claims on grounds of fraud is four years.

For Plaintiffs from the state of Nevada, you must find that their action was filed within four years of the date on which AstraZeneca made an intentional misrepresentation about the average wholesale price for Zoladex. Alternatively, you must find that the action was filed within four years of the date on which the Plaintiffs discovered or should have discovered the intentional misrepresentation about the average wholesale price for Zoladex. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Nevada, must show that their complaint against AstraZeneca was filed within four years of when Zoladex patients in Nevada discovered or should have discovered AstraZeneca's statements regarding the average wholesale price for Zoladex.

**<u>Authority:</u>**
Nev. Rev. Stat. § 11.190(2)(d).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## THE DISCOVERY RULE

     The Nevada Code orders a four year statute of limitations for "an action against a person alleged to have committed a deceptive trade practice in violation of [Nev. Rev. Stat. 598.0903 *et seq.*], but the cause of action shall be deemed to accrue when the aggrieved party discovers, or by the exercise of due diligence should have discovered, the facts constituting the deceptive trade practice."

**Authority:**
Nev. Rev. Stat. § 11.190(2)(d).