# EXHIBIT 2


# (PART 10)

**DEFENDANT'S PROPOSED JURY INSTRUCTION RELATING TO THE NEW HAMPSHIRE REGULATION OF BUSINESS PRACTICE AND CONSUMER PROTECT ACT ("NHRBPCPA"), N.H. REV. STAT. § 358-A:1, *et seq.***

Zoladex patients from New Hampshire are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of New Hampshire law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the New Hampshire Regulations of Business Practice and Consumer Protection Act (hereinafter "NHRBPCPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
DEFINITIONS**

The NHRBPCPA prohibits any "deceptive act or practice in the conduct of any trade or commerce within this state."

**<u>Authority</u>:**
N.H. Rev. Stat. Ann. § 358-A:2.

Before I instruct you on the elements of Mr. Howe and Mr. Townsend's claim on behalf of New Hampshire residents, I will define certain terms as they are used in the NHRBPCPA.

A Plaintiff may be "[a]ny person injured by another's use of any method, act or practice declared unlawful" by the statute.

**<u>Authority</u>:**
N.H. Rev. Stat. Ann. § 358-A:10; <u>Remsburg v. Docusearch, Inc.</u>, 816 A.2d 1001 (N.H. 2003).

The NHRBPCPA defines a "person" to "include, where applicable, natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity."

The NHRBPCPA defines "trade" and "commerce" to "include the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state."

**<u>Authority</u>:**
N.H. Rev. Stat. Ann. § 358-A1.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**EXTRATERRITORIAL APPLICATION**

The New Hampshire statute applies only to "offending conduct" that occurred in the state of New Hampshire and "trade or commerce" that occurs in New Hampshire. In other words, Plaintiffs must prove by a preponderance of the evidence that: (1) AstraZeneca's alleged misrepresentations about the average wholesale price of Zoladex occurred in New Hampshire; and (2) they received their Zoladex injections while in New Hampshire. As I instructed you earlier, "trade" and "commerce" is defined under the NHRBPCPA to "include the advertising, offering for sale, sale, or distribution of any services and any property." In other words, to have engaged in trade or commerce under the Act, AstraZeneca must have advertised, offered for sale, sold or distributed Zoladex in New Hampshire. If you do not find that AstraZeneca's statements that Plaintiffs heard or read were made in New Hampshire and that Plaintiffs received their Zoladex injections in New Hampshire, then you must find in favor of AstraZeneca.[32]

**Authority:**
N.H. Rev. Stat. Ann. § 358-A:2; Environamics Corp. v. Ferguson Enters, 2001 U.S. Dist. LEXIS 25481 (D.N.H. 2001) (term to "conduct of any trade or commerce within this state" has been interpreted to mean that the statute only applies to offending conduct that took place within New Hampshire); Mueller Co. v. U.S. Pipe & Foundry Co., 2003 WL 22272135 (D.N.H. 2003) ("Although the phrase "'trade' and 'commerce'" is defined to include "any trade or commerce directly or indirectly affecting the people of this state," that definition is limited by section 358:A-2 itself, which reaches only "trade or commerce *within this state*." Thus, commercial conduct which affects the people of New Hampshire is actionable under section 358-A:2 only if it occurs within New Hampshire") (emphasis added).

---

[32] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## ELEMENTS

To obtain relief under the NHRBPCPA, Mr. Howe and Mr. Townsend must prove that:
(1) AstraZeneca is a person under the statute; (2) AstraZeneca used a deceptive act or practice;
(3) Mr. Howe and Mr. Townsend were injured as a result of the deceptive act or practice; and
(4) the deceptive act or practice occurred in trade or commerce.

**Authority:**
Milford Lumber Co. v. RCB Realty, Inc., 780 A.2d 1259, 1263 (N.H. 2001); Mulligan v. Choice
Mortgage Corp. USA, 1998 U.S. Dist. LEXIS 13248, at *35 (D.N.H. Aug. 11, 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE ACT OR PRACTICE**

The NHRBPCPA defines the acts or practices that the New Hampshire legislature considers deceptive. In order to find in favor of Mr. Howe and Mr. Townsend on their New Hampshire claims, Mr. Howe and Mr. Townsend must prove that AstraZeneca's statements regarding the average wholesale price of Zoladex were deceptive as defined in the NHRBPCPA.

The NHRBPCPA specifies 14 activities which are deceptive, such as when a person passes off goods or services as those of another, or when a person uses deceptive representations or designations of geographic origin in connection with goods or services.

In order for Mr. Howe or Mr. Townsend to prevail, you must find that AstraZeneca's statements regarding the average wholesale price of Zoladex is the type of act that would fall into one of the above categories. In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 14 exclusive provisions.[33]

**Authority:**
N.H. Rev. Stat. Ann. § 358-A:1; Roberts v. General Motors Corp., 643 A.2d 956 (N.H. 1994); L&R Prebuilt Homes, Inc. v. New England AllBank for Savings and FDIC as Receiver, 783 F. Supp. 11, 14 (D.N.H. 1992).

Assuming that AstraZeneca's conduct was of the type enumerated in the above categories, in order for Mr. Howe and Mr. Townsend to prevail against AstraZeneca you must further find that AstraZeneca's statements regarding the average wholesale price of Zoladex reach "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." In deciding whether AstraZeneca's statements reach this standard, you may consider whether it would be "harmful for commerce in New Hampshire to condone such unethical and unscrupulous activity."

**Authority:**
State v. Moran, 861 A.2d 763,766-67 (N.H. 2004); Milford Lumber Co. v. RCB Realty, Inc., 780 A.2d 1259, 1262 (N.H. 2001); Barows v. Boles, 687 A.2d 979, 986 (N.H. 1996).

---

[33] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the New Hampshire Act. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 14 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**MENTAL STATE REQUIREMENTS**

In order to find in favor of Mr. Townsend and Mr. Howe on their claim, clear and convincing evidence at trial must show that AstraZeneca intentionally made material false statements to Mr. Howe and Mr. Townsend regarding the average wholesale price of Zoladex, which AstraZeneca knew to be false or which AstraZeneca had no knowledge or belief were true for the purpose of causing Mr. Howe and Mr. Townsend to rely to their detriment.

**Authority:**
Caledonia, Inc. v. Trainor, 459 A.2d 613, 617-18 (N.H. 1983).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the New Hampshire courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Nelson v. Dalkon Shield Claimants Trust, 1994 WL 255392, at *4 (D.N.H. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under New Hampshire law a drug manufacturer has no legal obligation to convey information about a drug to patients. Under New Hampshire law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Nelson v. Dalkon Shield Claimants Trust, 1994 WL 255392, at *4 (D.N.H. 1994).

266

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**CAUSATION**

Under NHRBPCPA, a consumer must show that his or her injury, if any, was caused by the defendant's alleged deception. To satisfy this requirement, for residents of New Hampshire, Mr. Howe and Mr. Townsend must introduce sufficient evidence of a "causal link" between AstraZeneca's statements regarding the average wholesale price of Zoladex and Mr. Howe and Mr. Townsend's injuries resulting from their respective decisions to use Zoladex.

**Authority:**
Mulligan v. Choice Mortgage Corp. USA, 1998 U.S. Dist. LEXIS 13248, at *35 (D.N.H. Aug. 11, 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**HARM/LOSS/INJURY**

In order to recover any damages, Mr. Howe and Mr. Townsend must prove that they were injured by AstraZeneca's statements regarding average wholesale price.  Such injury may include economic losses.

**Authority:**
N.H. Rev. Stat. § 358-A:10; Anheuser-Busch, Inc. v. Caught-on-Bleu, Inc., — F. Supp. 2d —, 2003 U.S. Dist. LEXIS 12733 (D.N.H. July 22, 2003) ("Any person injured by another's acts or practices, which are unlawful under the Act, may seek redress.") (citing RSA § 358-A:10).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations under NHRBPCPA is three years from the time Mr. Howe and Mr. Townsend knew, or reasonably should have known, that AstraZeneca made alleged misrepresentations regarding the average wholesale price of Zoladex.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS
RELATING TO THE NEW JERSEY CONSUMER FRAUD ACT ("NJCFA"), N.J. STAT.
ANN. § 56:8-1, *et seq.***

Zoladex patients from New Jersey are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of New Jersey law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the New Jersey Consumer Fraud Act (hereinafter the "NJCFA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The NJCFA only covers persons who reside in New Jersey or who obtained goods in New Jersey.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in New Jersey.[34]

**Authority:**
Pratt v. Panasonic Consumer Prods. Co., 2006 WL 1933660, at *13 (N.J. Super. July 12, 2006).

---

[34] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

Under the NJCFA, "The act, use or employment by any person of any . . . deception, fraud, false pretense, false promise, [or] misrepresentation, . . . in connection with the sale or advertisement of any merchandise . . ., is declared to be an unlawful practice . . . ."

**Authority:**
NJCFA § 56:8-2.

The term "merchandise" includes any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale.

The term "person" includes any natural person or his legal representative, and corporations.

The term "sale" includes any sale, distribution, offer for sale, or attempt directly or indirectly to sell or distribute.

**Authority:**
NJCFA § 56:8-1(c), (d), and (e).

The term "advertisement" means any attempt by an advertiser to directly or indirectly induce the purchase of merchandise at retail, appearing in any newspaper, magazine, periodical, circular, in-store or out-of-store sign or other written matter placed before the consuming public, or in any radio broadcast, television broadcast, electronic medium or delivered to or through any computer.

The term "advertiser" means any "person" who in the ordinary course of business is engaged in the sale or rental of merchandise at retail and who placed, either directly or through an advertising agency, an advertisement before the public.

**Authority:**
NJAC § 13:45A-9.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**DOCTOR/PATIENT TRANSACTION**

The NJCFA does not apply to transactions between a doctor and patient. Learned professionals, such as doctors, are beyond the NJCFA so long as they are operating in their professional capacities. In this case, if you find that Plaintiffs' Complaint relates to Zoladex they received from their doctors, and information their doctors gave, or did not give, about Zoladex, then you must find for AstraZeneca.

**Authority:**
Macedo v. Dello Russo M.D., 840 A.2d 238, 242 (N.J. 2004); Hampton Hospital v. Bresan, 672 A.2d 725, 728-31 (N.J. Super. 1996).

273

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the New Jersey courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patients.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
New Jersey Schering Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 177-78 (N.J. Super. App. Div. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

Under the NJCFA, Plaintiffs must prove each and every of the following elements by a preponderance of the evidence:

First, Mr. Howe and Mr. Townsend must prove that AstraZeneca affirmatively employed deception or fraud, that is, it made an intentional misrepresentation about the average wholesale price of Zoladex;

Second, Mr. Howe and Mr. Townsend must prove that AstraZeneca made the intentional misrepresentation in connection with either (1) a sale of Zoladex to Plaintiffs, or (2) an advertisement of Zoladex to Plaintiffs;

Third, Mr. Howe and Mr. Townsend must prove that they suffered an ascertainable loss; and

Fourth, Mr. Howe and Mr. Townsend must prove a causal relationship between AstraZeneca's intentional misstatement and their ascertainable loss.

I will now instruct you in more detail on each of these elements.

**Authority:**
Cox v. Sears Roebuck & Co., 647 A.2d 457, 462 (N.J. 1994); Flower Corp. v. Myung Soon Park, P&B, No. 03-4868, 2005 U.S. Dist. LEXIS, at *14 (D.N.J. Nov. 22, 2005); New Jersey Citizen Action v. Schering Plough Corp., 842 A.2d 174 (N.J. Super. App. Div. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**INTENTIONAL MISSTATEMENT**

Plaintiffs have to prove AstraZeneca made an intentional affirmative misrepresentation about the average wholesale price of Zoladex.  An intentional affirmative misrepresentation is one which is material to the transaction and is a statement of fact, found to be false, made to induce the buyer to make the purchase.

**Authority:**
NJSA § 56:8-2; <u>Cox v. Sears Roebuck & Co.</u>, 647 A.2d 457, 462 (N.J. 1994); <u>Mango v. Pierce-Coombs</u>, 851 A.2d 62, 69 (N.J. Super. App. Div. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## "IN CONNECTION WITH" REQUIREMENT

Plaintiffs have to prove AstraZeneca made an intentional affirmative misrepresentation in connection with the sale or advertisement of Zoladex to plaintiffs. AstraZeneca must have either sold or advertised Zoladex to plaintiffs.

With respect to the sale of Zoladex by AstraZeneca to Plaintiffs, it is irrelevant that AstraZeneca manufactured Zoladex if AstraZeneca did not "sell" Zoladex to Plaintiffs. With respect to the advertisement of Zoladex by AstraZeneca by Plaintiffs, Plaintiffs must prove that they read the advertisement before they took Zoladex. Plaintiffs must then prove that the intentional misrepresentation was in the advertisement they read.

**Authority**:
NJSA § 56:8-2; NJAC § 13:45A-9.1, -9.2; see Mango v. Pierce-Coombs, 851 A.2d 62, 69 (N.J. Super. App. Div. 2004); Ji v. Palmer, 755 A.2d 1221, 1228 (N.J. Super. App. Div. 2000); Fink v. Ricoh Corp., 839 A.2d 942 (N.J. Super. 2003); Gross v. Johnson & Johnson—Merck Consumer Pharmaceuticals Co., 696 A.2d 793, 797 (N.J. Super. 1997); see, e.g., Gennari v. Weichert Co. Realtors, 691 A.2d 350 (N.J. 1997); Leon v. Rite Aid Corp., 774 A.2d 674 (N.J. Super. App. Div. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**MATERIALITY**

Under the NJCFA, Plaintiffs must prove by a preponderance of the evidence that the alleged misrepresentation made by Defendant was material, that is, important. The Defendant's misrepresentation must have been one which was material to the transaction and which was a statement of fact, found to be false, made to induce the buyer to make the purchase.

In this case, Plaintiffs must prove that AstraZeneca's statements about the average wholesale price of Zoladex were material, or important to their decision about Zoladex.

**Authority:**
Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997); Adamson v. Ortho-McNeil Pharm., Inc., No. 06-866, 2006 U.S. Dist. LEXIS, at *13 (D.N.J. Nov. 16, 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## CAUSATION

Under the NJCFA, Plaintiffs must prove that they suffered an ascertainable loss of money or property as a result of the use or employment by another person of deception, or fraud. Plaintiffs must show that Defendant's unlawful conduct caused them an ascertainable loss, that is, that the Defendant's prohibited act in fact misled, deceived, induced or persuaded the Plaintiffs in their decision about Zoladex.  In order to meet this test of proximate cause, Plaintiffs must prove a direct relation between the unlawful conduct and the injury asserted.  Plaintiffs also must prove that Defendant's conduct was a substantial factor in causing their claimed injury.

In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca's statements about the average wholesale price of Zoladex proximately caused them to suffer ascertainable loss in purchasing Zoladex.  They must prove a direct relation between AstraZeneca's conduct and their claimed injuries.  They must also prove that AstraZeneca's statements about the average wholesale price of Zoladex were a substantial factor in their decision about Zoladex.

**Authority:**
NJSA § 56:8-19; Fink v. Ricoh Corp., 839 A.2d 942, 976-77 (N.J. Super. 2003); Cox v. Sears Roebuck & Co., 647 A.2d 457, 462 (N.J. 1994); New Jersey Schering Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 178-79 (N.J. Super. App. Div. 2003); Flower Corp. v. Myung Soon Park, P&B, No. 03-4868, 2005 U.S. Dist. LEXIS, at *17-18 (D.N.J. Nov. 22, 2005); Union Ink Co. v. AT&T Corp., 801 A.2d 361, 379 (N.J. Super. App. Div. 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense to claims that a plaintiff failed to file within a specified period of time.  Under the NJCFA, the statute of limitations is six (6) years after the cause of injury accrues.  A cause of action accrues under the NJCFA when the plaintiff discovers or through the exercise of reasonable diligence should have discovered the injury.

**Authority:**
NJSA § 2A:14-1; Mirra v. Holland Am. Line, 751 A.2d 138, 140 (N.J. App. Div. 2000);
Sangemino v. Money Mailer, Inc., No. 96-3845, 1997 WL 452208, at *4 (D.N.J. July 25, 1997).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**RELATING TO THE NEW MEXICO UNFAIR PRACTICES ACT ("NMUPA"), N.M.**
**STAT. ANN. § 57-12-1, *et seq.***

Zoladex patients from New Mexico are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of New Mexico law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the New Mexico Unfair Practices Act (hereinafter the "NMUPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The NMUPA only covers persons who reside in New Mexico or who obtained goods in New Mexico.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in New Mexico.[35]

**Authority:**
NMSA § 57-12-2(C).

---

[35] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

Under the NMUPA, deceptive trade practices in the conduct of any trade or commerce are unlawful.

**Authority:**
NMSA § 57-12-3.

"Deceptive trade practice" means either (a) "an act specifically declared unlawful pursuant to the [NMUPA]," or (b) "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale . . . of goods or services . . . by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person."

"Person" is defined to include natural persons and corporations.

" '[T]rade' or 'commerce' includes the advertising, offering for sale or distribution of any services and any property and any other article, commodity or thing of value, including any trade or commerce directly or indirectly affecting the people of [New Mexico]."

**Authority:**
NMSA § 57-12-2(A), (C), and (D).

283

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## ELEMENTS

Under the NMUPA, plaintiffs must prove each of the following five elements by a preponderance of the evidence.

First, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex;

Second, Mr. Howe and Mr. Townsend must prove that AstraZeneca made such a representation in the sale of Zoladex to plaintiffs;

Third, Mr. Howe and Mr. Townsend must prove that the representation occurred in the regular course of AstraZeneca's trade or commerce;

Fourth, Mr. Howe and Mr. Townsend must prove that the representation tended to mislead, that is, it was material to their decisions with respect to Zoladex; and

Fifth, Mr. Howe and Mr. Townsend must prove that the representation made by AstraZeneca caused them actual damages.

**Authority:**
NMSA §§ 57-12-2(D), 57-12-10(B); Ashlock v. Sunwest Bank, 753 P.2d 346, 347 (N.M. 1988) (overruled on other grounds); Smoot v. Physicians Life Ins. Co., 87 P.3d 545, 550 (N.M. App. 2003); Chavarria v. Fleetwood Retail Corp., 115 P.3d 799, 809-10 (N.M. App. 2005) (reversed in part on other grounds).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## DECEPTIVE TRADE PRACTICE

Under the NMUPA, Plaintiffs must prove by a preponderance of the evidence that either (a) Defendants committed one of the seventeen listed deceptive practices in the NMUPA, or (b) Defendants made an intentional misrepresentation to Plaintiffs in connection with the sale of goods. I instruct you that none of the seventeen listed practices applies in this case. Therefore, plaintiffs in this case must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in connection with a sale of Zoladex to Plaintiffs. In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an oral or written statement in connection with the sale of Zoladex to them that was false or misleading. It is not enough that AstraZeneca manufactured Zoladex. Plaintiffs must prove AstraZeneca made an intentional misrepresentation when AstraZeneca sold Zoladex to Plaintiffs. If you find that AstraZeneca did not make such a representation, you must find AstraZeneca not liable.

**Authority:**
NMSA § 57-12-2(D); <u>Ashlock v. Sunwest Bank</u>, 753 P.2d 346, 347 (N.M. 1988) (overruled on other grounds); <u>Diversey Corp. v. Chem-Source Corp.</u>, 965 P.2d 332, 337 (N.M. App. 1998).

A plaintiff's subjective belief that a defendant's representation was false or misleading is not a fact from which the inference may be drawn that the representation was in fact misleading. I instruct you that whether Mr. Howe or Mr. Townsend believe that AstraZeneca made a misrepresentation is not relevant, and you must not consider it here.

**Authority:**
<u>Page & Wirtz Constr. v. Solomon</u>, 794 P.2d 349, 352-53 (N.M. 1990); <u>Hernandez v. Wells Fargo Bank</u>, 128 P.3d 496, 498 (N.M. App. 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**INTENTIONAL MISREPRESENTATION**

Plaintiffs in this case have agreed for reasons you need not consider that they must prove that AstraZeneca *intentionally* committed a deceptive trade practice. An intentional misrepresentation is a false assertion that is intended to mislead. Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca intended to deceive or mislead them by allegedly making a false, misleading statement to them.

**<u>Authority:</u>**
Cisneros v. Citadel Broadcasting Co., 142 P.3d 34, 40 (N.M. App. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**REGULAR COURSE OF TRADE OR COMMERCE**

Under the NMUPA, Plaintiffs must prove that Defendant made the deceptive representation in the connection with the sale of goods or services *in the regular course of Defendant's trade or commerce.*

**Authority:**
NMSA § 57-12-2(C), (D).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**REPRESENTATION MISLEADS OR DECEIVES**

Under the NMUPA, Plaintiffs must prove that AstraZeneca's statements about average wholesale price tended to or did deceive or mislead them.  Misleads means that it caused Plaintiffs to make a decision about Zoladex that they would not have made if AstraZeneca had not made the statements.  If you find Plaintiffs have not proved that, you must find AstraZeneca not liable.

**Authority:**
NMSA § 57-12-2(D); Smoot v. Physicians Life Ins. Co., 87 P.3d 545, 550 (N.M. App. 2003).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
### MATERIALITY

Under the NMUPA, a plaintiff must prove by a preponderance of the evidence that the alleged misrepresentation made by a defendant was material. A misrepresentation is material if the plaintiff would have acted differently had he or she been aware of it, or if it concerned the type of information upon which he or she could be expected to rely when making his or her decision to act.

In this case, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca made a misrepresentation that was material. They must show that had they been aware that representations made by AstraZeneca were false, they would have acted differently, or that the information about average wholesale price allegedly misrepresented by AstraZeneca was the type of information on which they would reasonably rely when making their decisions with respect to Zoladex. Unless you find that Mr. Howe and Mr. Townsend would have acted differently in their decisions if they had known the actual wholesale price of Zoladex, you must find AstraZeneca not liable.

**Authority:**
Salmeron v. Highlands Ford Sales, Inc., 271 F. Supp. 2d 1314, 1317-19 (D.N.M. 2003); Woodworker's Supply, Inc. v. Principal Mut. Life, 170 F.3d 985, 994 (10th Cir. 2002); Brooks v. Norwest Corp., 103 P.3d 39, 51-52 (N.M. App. 2004); Smoot v. Physicians Life Ins. Co., 87 P.3d 545, 550 (N.M. App. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION AND ACTUAL DAMAGES**

The NMUPA requires a plaintiff to prove a causal link between a defendant's conduct and plaintiff's loss.  Unless the conduct is the proximate cause of the loss, plaintiff is unable to prove this element.  Plaintiffs must show that AstraZeneca's statements about average wholesale price caused them loss, that is, they must prove that their loss resulted from AstraZeneca's statements, and would not have happened otherwise.

**Authority:**
Smoot v. Physicians Life Ins. Co., 87 P.3d 545, 550 (N.M. App. 2003); Chavarria v. Fleetwood Retail Corp., 115 P.3d 799, 809-10 (N.M. App. 2005) (reversed in part on other grounds).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## STATUTE OF LIMITATIONS

The Statute of limitations is an Affirmative Defense to claims that a plaintiff failed to file within a specified period of time.  Under the NMUPA, the statute of limitations is four (4) years from the date when the action accrued.  An action accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause.

**Authority:**
Nance v. L.J. Dolloff Assocs., 126 P.3d 1215, 1220 (N.M. App. 2005); Campos v. Brooksbank, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000); Jones v. Ford Motor, 599 F.2d 394, 399 (10th Cir. 1979); Maestas v. Zager, 152 P.3d 141, 147 (N.M. 2007).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under New Mexico law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under New Mexico law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their respective doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Hines v. St. Joseph's Hospital, 527 P.2d 1075, 1077 (N.M. App. 1974).