# EXHIBIT 2

# (PART 11)

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE NEW YORK CONSUMER PROTECTION ACT,**
**N.Y. GEN BUS. LAW § 349, *et seq.***

Zoladex patients from New York are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of New York law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the New York Consumer Protection Act.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The New York statute only covers transactions which occur in the state of New York. Plaintiffs must prove by a preponderance of the evidence that they were in New York when they took or paid for Zoladex.  If you determine that Plaintiffs did not have, or pay for, Zoladex injections in the State of New York, you must render a verdict for AstraZeneca.[36]

**Authority:**
Goshen v. Mut. Life Ins. Co., 98 N.Y.2d 314, 324-25, 774 N.E.2d 1190, 1195-96 (N.Y. 2002) (stating that a deceptive act or practice under the statute is "the actual misrepresentation or omission to a consumer… Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York.")

---

[36] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The New York Consumer Protection Act provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful," and allows "any person who has been injured by reason of any violation" of the statute to bring an action for money.

**<u>Authority:</u>**
N.Y. Gen Bus. Law. § 349(a),(h).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the New York courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Spensieri v. Lasky, 723 N.E.2d 544, 548-49 (N.Y. 1999); Banker v. Hoehn, 278 A.D.2d 720, 721 (N.Y. App. Div. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**INTERVENING CAUSES**

Under New York law, where Defendant has no contact with Plaintiff and only transacts directly with sophisticated business entities, then the consumer may not be protected by the statute. If you find that AstraZeneca's communications were with sophisticated business entities who acted as intermediaries with respect to the representation of the average wholesale prices of Zoladex, then you must find that there was no deception.

**Authority:**
St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, 264 A.D.2d 652 (N.Y. App. Div. 1999); In re Rezulin Products Liability Litig., 390 F. Supp. 2d 319 (S.D.N.Y. 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in New York are defined as representations which are material and are "likely to mislead a reasonable consumer acting reasonably under the circumstances."

**Authority:**
St. Patrick's Home for the Aged and Infirm v. Laticrete International, Inc., 264 A.D.2d 652, 655 (N.Y.App. Div. 1999) (citing Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995)); Goshen v. Mut. Life Ins. Co., 774 N.E.2d 1190, 1195 (N.Y. 2002).

To prove that the representations at issue are likely to mislead a reasonable consumer acting reasonably under the circumstances, Plaintiffs must prove that AstraZeneca's representations to third party publishers about the average wholesale price of Zoladex would mislead a reasonable New York consumer positioned similarly to Mr. Howe and Mr. Townsend, with respect to their payments for Zoladex. In other words, to find that AstraZeneca acted in a deceptive manner, you must find that Mr. Howe and Mr. Townsend saw or heard AstraZeneca's representations regarding Zoladex average wholesale prices, and were actually misled.

**Authority:**
Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741, 744 (N.Y. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must show that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex. Under New York law, Plaintiffs must prove each of the following elements by a preponderance of the evidence. A preponderance of the evidence means the greater part of the believable and reliable evidence that is of such a convincing quality as to outweigh any evidence to the contrary.

**Authority:**
Matter of M. F., 2006 NY Slip Op 52385U, 11 (N.Y. Fam. Ct. 2006).

To prove an intentional misrepresentation under the New York Consumer Protection Act, Mr. Howe and Mr. Townsend must prove that: (1) AstraZeneca's conduct was consumer-oriented; (2) AstraZeneca's conduct was deceptive or misleading (3) the deceptive act or practice was misleading in a material way; and (4) AstraZeneca's conduct caused Plaintiffs an injury.

**Authority:**
St. Patrick's Home for the Aged and Infirm v. Laticrete International, Inc., 264 A.D 652, 655, 696 N.Y.S. 2d 117, 121 (N.Y.App. Div. 1999); Goshen v. Mut. Life Ins. Co., 774 N.E.2d 1190, 1995-96 (N.Y. 2002).

To prove that the deceptive act or practice at issue is misleading in a material way Plaintiffs must prove that the information which is misrepresented is important to the consumer. In other words, Plaintiffs must prove that Mr. Howe and Mr. Townsend saw or heard information about Zoladex, and knowing the average wholesale price of Zoladex was important to Mr. Howe and Mr. Townsend in their decision to use and pay for Zoladex injections.

**Authority:**
Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744-45 (N.Y. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**CONSUMER ORIENTED CONDUCT**

Under the New York statute Plaintiffs must show that AstraZeneca's provision of average wholesale price information to third party publishers was "consumer oriented." This means that Plaintiffs must show that AstraZeneca engaged in a practice which impacted consumers at large, as opposed to a private dispute unique to the parties before you. To prove that a transaction was consumer oriented, Plaintiffs must show that AstraZeneca's conduct, its provision of average wholesale price information to third party publishers, was "directed" at consumers. If you determine that AstraZeneca's provision of average wholesale price information was not directed at the consumers of Zoladex, then you must find in favor of AstraZeneca.

**Authority:**
Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995); Karlin v. IVF A, Inc., 712 N.E.2d 662, 667-68 (N.Y. 1999); Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MENTAL STATE REQUIREMENTS/SCIENTER

In order to find an intentional misrepresentation under New York law you must find by a preponderance of the evidence that AstraZeneca willfully made a material misrepresentation of an existing fact with the intent to deceive.

**Authority:**
New York Jurisprudence, Second Ed., 60A NY Jur Fraud and Deceit § 118.

An act is "intentional" if "the actor either acts with the desire to cause it, or acts believing that there is a substantial certainty that the result would follow from his conduct."

**Authority:**
Restatement (Second) of Torts sec. 531, cmt. c.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## CAUSATION

You must also find by a preponderance of the evidence that Mr. Howe and Mr. Townsend suffered an injury as a result of AstraZeneca's conduct. In other words, there must be a connection between the deceptive acts or practices and the harm suffered. If you find that the "harm" Mr. Howe and Mr. Townsend allege to have suffered is not connected to AstraZeneca's conduct, but to something else, then there is no causation and you must find for AstraZeneca.

**Authority:**
Stutman v. Chem. Bank, 731 N.E.2d 608, 611-13 (N.Y. 2000); Small v. Lorillard Tobacco Co., 720 N.E.2d 892, 897-98 (N.Y. 1999); Gale v. IBM, 9 A.D.3d 446, 447 (N.Y. App. Div. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a New York Consumer Protection Act claim is three years, which may not be extended.

In New York, the three year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted.

**Authority:**
N.Y. C.P.L.R, § 214(2); Gaidon v. Guardian Life Ins. Co. of America, 750 N.E.2d 1078, 1082 (N.Y. 2001).

For Plaintiffs from New York, you must find that their action was filed within three years from when AstraZeneca last made a misrepresentation relevant to this case.  For any such misrepresentations made three years or longer before this action was filed, Plaintiffs from New York may not hold AstraZeneca liable.

**Authority:**
Gaidon v. Guardian Life Ins. Co. of America, 750 N.E.2d 1078, 1082 (N.Y. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
### DOCTRINE OF FRAUDULENT CONCEALMENT

An exception to the statute of limitations is called the doctrine of fraudulent concealment. The Plaintiff has the burden of proving fraudulent concealment by clear, precise and convincing evidence. To find that the doctrine of fraudulent concealment applies, you must find that AstraZeneca intended to prevent Plaintiffs' acquisition of information disclosing their cause of action. The Statute of Limitations begins to run when Plaintiffs discover, or should have discovered, information informing them of their cause of action.

**Authority:**
New York Jurisprudence, Second ed., 75 NY Jur. Limitations and Laches § 46 (West 2006); Herkimer v. American Surety Co., 18 A.D.2d 94, 98-99 (N.Y. App. Div. 1963) (concurrence).

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE NORTH CAROLINA MONOPOLIES, TRUSTS AND
CONSUMER PROTECTION LAW, N.C. GEN. STAT. § 75-1.1, *et seq.***

    Zoladex patients from North Carolina are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of North Carolina law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the North Carolina Monopolies, Trusts and Consumer Protection Law.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

Plaintiffs must prove by a preponderance of the evidence both that they were injured in North Carolina and that AstraZeneca's conduct had a substantial injurious effect in the state of North Carolina.[37]

**Authority:**
Broussard v. Meineke Disct. Muffler Shops, Inc., 945 F. Supp. 901, 917 (W.D.N.C. 1996) (plaintiff must allege a "substantial injurious effect on plaintiff's business operations in North Carolina); Merck & Co. v. Lyon, 941 F. Supp. 1443 (M.D.N.C. 1996) (finding that North Carolina law did not apply because "[t]o state a claim for an unfair or deceptive trade practice in or affecting commerce which would fall within the reach of this section, plaintiff must allege a substantial effect on in-state business operations."); The 'In' Porters v. Hanes Printables, Inc., 663 F. Supp. 494 (M.D.N.C. 1987) (requires an in-state injury to plaintiff).

---

[37] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## ELEMENTS

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.

To do that, Plaintiffs must prove each of the following elements by a preponderance of the evidence: (1) Mr. Howe and Mr. Townsend heard or read a statement by AstraZeneca about the average wholesale price of Zoladex; (2) the AstraZeneca statement that Mr. Howe and Townsend read or heard was false; (3) AstraZeneca made the statement knowing it was false; (4) AstraZeneca's misrepresentation proximately caused them injury, which in North Carolina requires plaintiffs to prove reliance; and (5) Mr. Howe and Mr. Townsend have actual damages.

I will now instruct you on each of these elements.

**Authority:**
Boyd v. Drum, 501 S.E.2d 91 (N.C. Ct. App. 1998), aff'd, 511 S.E.2d 304 (N.C. 1999); see also Pleasant Valley Promenade v. Lechmere, Inc., 120 N.C. App. 650, 464 S.E.2d 47 (1995); Peterson v. Bozzano, 183 Bankr. 735 (Bankr. M.D.N.C. 1995); Pearce v. Amer. Defender Life Insurance Co., 343 S.E.2d 174, 180 (N.C. 1986) ("It must be shown that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation."); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988) ("To prove actual causation, a plaintiff must prove that he or she detrimentally relied on the defendant's deceptive statement or misrepresentation. Stated differently, the deceptive act or practice must have actually mislead or deceived the plaintiff.")

307

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**DECEPTIVE ACT OR PRACTICE**

The North Carolina Monopolies, Trusts and Consumer Protection Law provides that "deceptive acts or practices in or affecting commerce, are declared unlawful."

**Authority:**
N.C. Gen. Stat. § 75-1.1.

A "deceptive act or practice" in North Carolina means an act that has "a tendency or capacity to mislead" or an act that creates a "likelihood of deception."

A statement can "mislead" someone if it leads a person into a wrong decision or into mistaken action.

In evaluating the facts under North Carolina law, you must do so based upon the perspective of an average consumer in North Carolina, not just any consumer.

Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca's statement about average wholesale price of Zoladex had a tendency or capacity to mislead, or creates a likelihood of deception for, an average consumer in North Carolina.

**Authority:**
Boyd v. Drum, 501 S.E.2d 91 (N.C. Ct. App. 1998), aff'd, 511 S.E.2d 304 (N.C. 1999) (Plaintiff must demonstrate that the act possessed the tendency or capacity to mislead, or that it created the likelihood of deception.); Pearce v. Amer. Defender Life Insurance Co., 343 S.E.2d 174, 180 (N.C. 1986); Pinehurst, Inc. v. O'Leary Bros. Realty, 338 S.E.2d 918, cert. denied, 342 S.E.2d 896 (N.C. 1986); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303 (M.D.N.C. 1988); see also Chastain v. Wall, 337 S.E.2d 150, 153-54 (N.C. Ct. App. 1985); Overstreet v. Brookland, Inc., 279 S.E.2d 1, 7 (N.C. Ct. App. 1981)); Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530 (4th Cir. 1989); Pearce v. Amer. Defender Life Insurance Co., 343 S.E.2d 174, 180 (N.C. 1986) ("In determining whether a representation is deceptive, its effect on the average consumer is considered."); Merriam Webster online (definition of "mislead").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. [ ]:
## "TRADE OR COMMERCE" REQUIREMENT

Plaintiffs must prove that AstraZeneca's deceptive act of providing the average wholesale price of Zoladex to medical publishing compendia was an act "in or affecting commerce" in North Carolina.  The fact that a defendant happens to sell consumer goods or services is not, by itself, sufficient to meet the "commerce" requirement.  The deceptive act must be related to the sale of goods to consumers in North Carolina.

**Authority:**
J.M. Westall & Co. v. Windswept View of Asheville, Inc., 387 S.E.2d 67, cert. denied, 394 S.E.2d 175 (N.C. 1990) ("Accordingly, the proper inquiry is not whether a contractual relationship existed between the parties, but rather whether the defendants' allegedly deceptive acts affected commerce. . . . 'Commerce' in its broadest sense comprehends intercourse for the purpose of trade in any form."); Cameron v. New Hanover Mem. Hosp., 293 S.E.2d 901, cert. denied and appeal dismissed, 297 S.E.2d 399 (N.C. 1982) (noting that deception must be connected to a sale of goods); Stearns v. Genrad, Inc., 752 F.2d 942 (4th Cir. 1984) (noting that the statute did not apply because the deceptive act was unrelated to a sale of goods); State Ex Rel Edmisten v. J.C. Penney Co., 233 S.E.2d 895, 898 (N.C. 1977) (holding that debt collection activities of a major retailer were not within the statute because insufficiently related to sale of goods.).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## PHYSICIAN/PATIENT TRANSACTION

The North Carolina Consumer Protection law does not cover transactions or matters involving doctors and their patients.  Under North Carolina law, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a doctor.  I instruct you that if you determine that Mr. Howe and Mr. Townsend's dispute or complaint is about the amount a patient should pay to his or her doctor, you should find for AstraZeneca.

**Authority:**
N.C. Gen. Stat. § 75-1.1.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
### LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the North Carolina courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information"between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
N.C. Gen. Stat. § 75-1.1(b) ("For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.'); United Dominion Indus., Inc. v. Overhead Door Corp., 762 F. Supp. 126 (W.D.N.C. 1991); Cohn v. Wilkes Gen. Hosp., 767 F. Supp. 111 (W.D.N.C. 1991), aff'd, 953 F.2d 154 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (U.S. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under North Carolina law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under North Carolina law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
N.C. Gen. Stat. § 75-1.1(b) ("For purposes of this section, 'commerce' includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.); United Dominion Indus., Inc. v. Overhead Door Corp., 762 F. Supp. 126 (W.D.N.C. 1991); Cohn v. Wilkes Gen. Hosp., 767 F. Supp. 111 (W.D.N.C. 1991), aff'd, 953 F.2d 154 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (U.S. 1992).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**MENTAL STATE REQUIREMENTS/SCIENTER**


In order to find an intentional misrepresentation under North Carolina law, you must find that AstraZeneca knew the representation was false at the time it was made or that AstraZeneca made the statement with conscious disregard of whether the statement was true.


**Authority:**
Sandberg v. Virginia Bankshares, Inc., 979 F.2d 332, 346 (4th Cir. 1992); Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 374 S.E.2d 385, 391 (N.C. 1988).

313

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**CAUSATION**

Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that they suffered injury that was proximately caused by AstraZeneca's intentional misrepresentation. If you find that Mr. Howe and Mr. Townsend's actions would not have been different if they had known the actual average wholesale cost of Zoladex, then there is no causation and you have to find for AstraZeneca.

In North Carolina, in order to prove causation, Mr. Howe and Mr. Townsend must also prove by a preponderance of the evidence that they relied on AstraZeneca's misrepresentation about the average wholesale price of Zoladex.

"Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true. Specifically, you must find that Mr. Howe and Mr. Townsend read or heard AstraZeneca's statements about the average wholesale price of Zoladex, and made a decision because they relied on AstraZeneca's statements about the average wholesale price of Zoladex. In this case, that means Plaintiffs must prove that Mr. Howe and Mr. Townsend would have made a different decision had they known the actual average wholesale price of Zoladex.

**Authority:**
Pearce v. Amer. Defender Life Insurance Co., 343 S.E.2d 174, 180 (N.C. 1986) ("It must be shown that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation."); Id. ("But the second requisite to making out a claim under this statute is similar to the detrimental reliance requirement under a fraud claim. It must be shown that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation."); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988) ("To prove actual causation, a plaintiff must prove that he or she detrimentally relied on the defendant's deceptive statement or misrepresentation. Stated differently, the deceptive act or practice must have actually mislead or deceived the plaintiff."); Id. at 303 ("It is equally clear that . . . a private plaintiff cannot recover in an action for a deceptive trade practice if the plaintiff is unable to prove that the deceptive practice worked."); Id. at 309 ("In the present case, plaintiff presented no evidence to indicate that defendant's allegedly deceptive practice caused her injury. There was no evidence that plaintiff detrimentally relied on the statements defendant allegedly made. In other words, even if the court assumes that defendant's acts had a tendency to deceive, this plaintiff was simply not fooled or mislead."); Forbes v. Par Ten Group, Inc., 394 S.E.2d 643 (N.C. Ct. App. 1990), cert. denied, 402 S.E.2d 824 (N.C. 1991); Howerton v. Arai Helmet, Ltd., 581 S.E.2d 816, 830 (N.C. Ct. App. 2003); Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470-71 (N.C. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## HARM/LOSS/INJURY

Mr. Howe and Mr. Townsend must prove that they suffered a loss as a result of AstraZeneca's allegedly deceptive conduct.

**Authority:**
Ellis v. Smith-Broadhurst, Inc., 268 S.E.2d 271 (N.C. Ct. App. 1980); Owens v. Pepsi Cola Bottling Co., 381 S.E.2d 819 (N.C. Ct. App. 1989), modified on other grounds, 412 S.E.2d 636 (N.C. 1992).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
### STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for this claim is four years after the occurrence of the deceptive act, or if you find that the deceptive acts were continuous, four years after the last deceptive act.

**Authority**

N.C. Gen. Stat. § 75-16.2 ("Any civil action brought under this Chapter to enforce the provisions thereof shall be barred unless commenced within four years after the cause of action accrues."); N.C. Gen. Stat. § 75-8 ("Where the things prohibited in this Chapter are continuous, then in such event, after the first violation of any of the provisions hereof, each week that the violation of such provision shall continue shall be a separate offense."); Shepard v. Ocwen Fed. Bank, FSB, 638 S.E.2d 197 (N.C. 2006) Hinson v. United Financial Services, Inc., 473 S.E.2d 382, 387 (N.C. Ct. App. 1996) Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 553 (D.N.C. 2003) ("A claim under the UDTPA accrues when the alleged violation occurs.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**DISCOVERY RULE**

As I stated, the beginning of the limitations period in North Carolina is the time that the alleged violation occurs.  However, if you find that the Plaintiffs did not know about the violation and could not have found out about the violation even if they had exercised reasonable diligence, then the limitations period does not begin to run until the Plaintiffs could have discovered the violation.

If you find that this occurred, then you should calculate the limitations period from the point at which you find that Plaintiffs should have discovered that AstraZeneca made an intentional misrepresentation about the price of Zoladex.

**Authority:**
Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 553 (D.N.C. 2003) ("[W]hen the claim for unfair and deceptive trade practices is based upon fraudulent conduct, as here, the cause of action arises at the time that the fraudulent conduct is discovered or should have been discovered with the exercise of due diligence."); Liner v. DiCresce, 905 F. Supp. 280, 289 (M.D.N.C. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO
THE NORTH DAKOTA CONSUMER FRAUD ACT (NDCFA),
N.D. CENT. CODE §51-15-01, *et seq.***

Zoladex patients from North Dakota are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of North Dakota law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the North Dakota Consumer Fraud Act (hereinafter "the NDCFA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## DEFINITIONS

The NDCFA prohibits "the act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise."

**Authority**:
N.D. Cent. Code § 51-15-02.

Before I instruct you on the elements of Mr. Howe's and Mr. Townsend's claims under North Dakota law, I will define certain terms, and later I will explain their relevance to various elements of Mr. Howe's and Mr. Townsend's claims.

The NDCFA defines "advertisement" as "the attempt by publication, dissemination, solicitation, or circulation, oral or written, to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise."

The NDCFA defines "merchandise" as "any objects, wares, goods, commodities, intangibles, real estate, charitable contributions, or services."

The NDCFA defines "sale" as "any charitable solicitation, or any sale, offer for sale, or attempt to sell any merchandise for any consideration."

The NDCFA defines "person" as "any natural person or the person's legal representative, partnership, corporation, limited liability company, company, trust, business entity, or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee, or cestui que trust thereof."

**Authority**:
N.D. Cent. Code § 51-15-01; Jorgenson v. Agway, Inc., 2001 N.D. 104, 627 N.W.2d 391, 394 (N.D. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## EXTRATERRITORIAL APPLICATION

The North Dakota statute only covers persons who reside in North Dakota or who were injured in North Dakota.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or were injured in North Dakota.[38]

---

[38] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

For purposes of the NDCFA, Mr. Howe and Mr. Townsend must prove, by a preponderance of the evidence, that:  (1) AstraZeneca engaged in a deceptive act or practice, fraud, false pretense, false promise, or misrepresentation; (2) the deceptive act or practice was in connection with either AstraZeneca's advertising or AstraZeneca's sale of Zoladex; (3) AstraZeneca intended that Mr. Howe and Mr. Townsend rely on such deceptive act or practice; (4) Mr. Howe and Mr. Townsend heard or read AstraZeneca's statement about the average wholesale price of Zoladex; (5) AstraZeneca acquired "moneys or property" by means of the deceptive act or practice; and (6) damages to Mr. Howe and Mr. Townsend were caused by the deceptive acts or practices upon which they relied.

**Authority**:
N.D. Cent. Code §§ 51-15-01, 51-15-09; State ex rel. Spaeth v. Eddy Furniture Co., 386 N.W.2d 901, 903 (N.D. 1986); Ziegelmann v. DaimlerChrysler Corp., 2002 N.D. 134, 649 N.W.2d 556, 561 (2002).

321

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

In order to find an intentional misrepresentation under North Dakota law, you must find by a preponderance of the evidence that AstraZeneca intentionally made a statement regarding the average wholesale price of Zoladex that AstraZeneca knew was false, and that AstraZeneca intended that Plaintiffs rely on this misrepresentation.

**Authority**:
N.D. Cent. Code § 51-15-02; In re Estate of Richmond, 701 N.W.2d 897, 900 (N.D. 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**INTENTION TO INDUCE RELIANCE**

Under the plain terms of the NDCFA Mr. Howe and Mr. Townsend must demonstrate that AstraZeneca's alleged misrepresentation regarding average wholesale price was made with the intent that others rely on it.  Therefore, if you first determine that AstraZeneca made an intentional misrepresentation, you must then address the question of whether AstraZeneca also intended Mr. Howe and Mr. Townsend to rely upon that representation.

**Authority:**
N.D. Cent. Code § 51-15-02.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
### LEARNED INTERMEDIARY DOCTRINE

The "learned intermediary" doctrine is a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Ehlis v. Shire Richwood, Inc., 233 F. Supp. 2d 1189, 1195-96 (D.N.D. 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELIANCE/CAUSATION**

In order to recover Mr. Howe and Mr. Townsend must prove, by a preponderance of the evidence, that AstraZeneca's alleged misrepresentation regarding the average wholesale price of Zoladex caused them to suffer damages. In order to prove this, Mr. Howe and Mr. Townsend must show that they heard and then relied on AstraZeneca's alleged misrepresentation in making their decisions about Zoladex.

**Authority:**
N.D. Cent. Code § 51-15-02; 51-15-09.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a NDCFA claim is six years. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of North Dakota, must show that their complaint against AstraZeneca was filed within six years of when AstraZeneca made statements regarding the average wholesale price of Zoladex.

The sole exception to this is if you find that plaintiffs from North Dakota could not have, with reasonable diligence, discovered AstraZeneca's misrepresentations until a later date. In that case, Mr. Howe and Mr. Townsend must show that their complaint against AstraZeneca was filed within six years of when Zoladex patients in North Dakota allegedly learned about AstraZeneca's statements regarding average wholesale price.

**Authority:**
Tarnavsky v. McKenzie County Grazing Ass'n, 665 N.W.2d 18, 22 (N.D. 2003); BASF Corp. v. Symington, 512 N.W.2d 692, 695 (N.D. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**THE DISCOVERY RULE**

An action does not accrue until the claimant – here Messrs. Howe and Townsend — knew, or with "reasonable diligence" should have known, that a potential claim existed.

**<u>Authority</u>:**
<u>BASF Corp. v. Symington</u>, 512 N.W. 2d 692, 695 (N.D. 1994).