# EXHIBIT 2

# (PART 12)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO
TO THE OHIO CONSUMER SALES PRACTICES ACT ("OCSPA"),
OR. REV. STAT.  § 1345.01,  *et seq***

Zoladex patients from Ohio are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Ohio law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Ohio Consumer Sales Practices Act (hereinafter "OCSPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
DEFINITIONS**

Under the OCSPA, "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.  Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

**Authority**:
Oh. R.C. § 1345.02.

Under the OCSPA, a "Consumer" means "a person who engages in a consumer transaction with a supplier."

Under the OCSPA, "Consumer transaction" means "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

**Authority**:
Oh. R.C. § 1345.01(A), (D).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**ELEMENTS**

For purposes of the OCSPA, Mr. Howe and Mr. Townsend must prove that (1) AstraZeneca is a "supplier" (as defined earlier); (2) AstraZeneca made a material misrepresentation of fact relating to the average wholesale price of Zoladex; (3) Mr. Howe and Mr. Townsend engaged in a transaction with AstraZeneca; and (3) the misrepresentation was the proximate cause of Mr. Howe and Mr. Townsend's damages.

**Authority:**
Oh. R.C. § 1345.02; Mathias v. America Online, Inc., 2002 WL 377159, at *5 (Ohio App. 8 Dist. Feb. 28, 2002); Williams v. Schroyer, 2000 WL 1824931 (Ohio App. 9 Dist. 2000)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**DECEPTIVE ACT OR PRACTICE**

For Mr. Howe and Mr. Townsend to win their case as to Ohio Zoladex patients under the OSCPA, they must first show that AstraZeneca's alleged statement(s) regarding AWP were "deceptive." Under Ohio law, Mr. Howe and Mr. Townsend must show that AstraZeneca's statements regarding the average wholesale price of Zoladex have "the likelihood of inducing a state of mind in the consumer that is not in accord with the facts."

**Authority:**
Chesnut v. Progressive Cas. Ins. Co., 850 N.E.2d 751, 758 (Ohio App. 8 Dist. 2006) (analyzing deception from the "consumer's standpoint").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## MENTAL STATE REQUIREMENTS

Mr. Howe and Mr. Townsend must show that a deceptive statement regarding the average wholesale price of Zoladex, if any, was "made . . . with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false" and with "the intent of misleading" them "into relying upon" the statement regarding average wholesale price of Zoladex.

**Authority:**
Cohen v. Lamko, Inc., 462 N.E.2d 407, 409 (Ohio 1984).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
RELIANCE/CAUSATION**

As I instructed you earlier, in order to proceed in this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca's statements regarding the average wholesale price of Zoladex were "likely to induce a misperception in the consuming public" and that AstraZeneca intentionally misrepresented the average wholesale price of Zoladex. Even if you find both of those things, to recover damages in this case, Mr. Howe and Mr. Townsend must still prove that their losses were "proximately caused" by AstraZeneca's alleged misrepresentation. This means that they must introduce sufficient evidence that they relied on AstraZeneca's statements in their decisions to receive Zoladex injections from their doctors or that they were in some way influenced by AstraZeneca's statements.

**Authority:**
Amato v. General Motors Corp., 463 N.E.2d 625, 629 (Ohio. Ct. App. 1982) (discussing evidentiary standards for proving reliance for class certification purposes under the OCSPA); Keiber v. Spicer Const. Co., 1999 WL 335140, at *9 (Ohio App. 2 Dist. 1999) ("A consumer's actual damages are those damages proximately resulting from the supplier's violation of CSPA"); Pep Boys v. Vaughn, 2006 WL 350288, at *5 (Ohio App. 10 Dist. 2006) (affirming CSPA verdict for plaintiff where evidence supported finding that violation "proximately caused" by mechanics conduct); Williams v. Schroyer, 2000 WL 1824931 (Ohio App. 9 Dist. 2000) ("Assuming that Williams did violate the CSPA by failing to register the fictitious name, Gail failed to assert either at trial or on appeal how this caused her any damages.")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## TRANSACTION REQUIREMENT

In order to recover under the OCSPA, Mr. Howe and Mr. Townsend must show that they engaged in a "consumer transaction" with a "supplier" as these terms were defined earlier. In other words, they must prove that AstraZeneca "solicited" their purchase of Zoladex either directly or through their agents at or near the point of sale. If you do not find that AstraZeneca did this, you must decide that Ohio consumers may not recover in this lawsuit.

**<u>Authority:</u>**
<u>Eisenberg v. Anheuser-Busch, Inc.</u>, 2006 WL 290308, at *9 (N.D. Ohio 2006) ("a manufacturer whose only 'contact' with retail consumers is through the mass advertising and mass marketing is not a supplier for purposes of the CSPA.' in contrast to, any "manufacturers who advertise or market their products personally to the consumer at the actual point of sale, such as telephone solicitation (if the sale can be closed over the phone), home solicitation (when orders are completed in the home), or directly through retail agents (where materials provided by the manufacturer are distributed directly to an individual consumer at the point of sale).").

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
### LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the Ohio courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about their average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority**:
Perotti v. Johnson & Johnson Vision Products, Inc., 2004 WL 3016092, at *4 (Ohio App. 8 Dist. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Ohio law a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Ohio law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority**:
Perotti v. Johnson & Johnson Vision Products, Inc., 2004 WL 3016092, at *4 (Ohio App. 8 Dist. 2004)

336

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The Statute of Limitations for a OCSPA claim is two years, which may not be extended. For Mr. Howe and Mr. Townsend to prevail in this lawsuit for Zoladex users from the state of Ohio, you must find that the Complaint in this case was filed within two years from when AstraZeneca last made a misrepresentation regarding the average wholesale price of Zoladex that Mr. Howe and Mr. Towsend allege caused them to receive injections of Zoladex from their doctors. For any such misrepresentations made two years or longer before this action was filed, Plaintiffs from Minnesota may not prevail against AstraZeneca.

**Authority:**
Oh. R.C. § 1345.10(C) ("No more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."); Weaver v. Armando's, Inc., 2003 WL 22071470, at *6 (Ohio App. 7 Dist. 2003) (noting that this is a statute of repose to which tolling is inapplicable).

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE OKLAHOMA CONSUMER PROTECTION ACT ("CPA"),
OKLA. STAT. ANN. TIT. 15 § 751, *et. seq.***

Zoladex patients from Oklahoma are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Oklahoma law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Oklahoma Consumer Protection Act (hereinafter "the CPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Oklahoma statute only covers persons who reside in Oklahoma or who obtained goods in Oklahoma.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in Oklahoma.[39]

---

[39] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The Oklahoma CPA prohibits the commission of unfair or deceptive trade practices. "A person engages in a practice which is declared unlawful under the [CPA] . . . when, in the course of the person's business, the person engages in" one of thirty activities prohibited by section 753. I instruct you that only one provision may be applicable here – the catchall provision. That provision states, "it is unlawful when in the course of . . . business the person 'commits an unfair act or deceptive trade practice . . .'". A "deceptive trade practice" means "a misrepresentation . . . or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."

**Authority:**
Okla. Stat. Ann. Tit. 15 § 753(20); § 752(13).

Aggrieved consumers injured in connection with a consumer transaction, as defined by the statute, may bring suit under the Consumer Protection Act.

**Authority:**
§§ 752(2); 761.1(A).

" 'Consumer transaction' means the advertising, offering for sale or purchase, sale, purchase or distribution of any services or any property, tangible or intangible, real, personal or mixed, or any other article, commodity or thing of value wherever located, for purposes that are personal, household, or business oriented";

" 'Advertisement' means any advertisement or announcement published in the news media including but not limited to the radio, television, newspapers, handbills, and mailers"; and

" 'Deceptive trade practice' means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral".

**Authority:**
Okla. Stat. Ann. Tit. 15 § 752 (1), (2), (9), (13) and (14).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To prove a claim under this statute, Plaintiffs must prove by a preponderance of the evidence that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in the course of promoting or advertising to consumers or selling to consumers in Oklahoma and that Plaintiffs, as consumers, suffered an injury in fact because they were not told the actual average wholesale price of Zoladex. I will provided detailed instructions on these elements below.

More specifically, in order to avail themselves of the civil private remedy in the CPA, Plaintiffs must show that:  1) they are a consumer and a consumer transaction is involved; 2) AstraZeneca engaged in some specific practice or act declared unlawful under Section 753; 3) Plaintiffs were aggrieved by the commission of the act; and 4) the actual damages sustained by Plaintiffs were a result of the commission of the condemned act or practice.

**Authority:**
Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000); Brannon v. Munn, 68 P.3d 224, 227 (Okla. Civ. App. 2002); Murray v. D&J Motor Co., 958 P.2d 823, 832 (Okla. Civ. App. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE ACT OR PRACTICE**

A deceptive trade practice, as relevant here, includes a "misrepresentation . . . that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.  Such a practice may occur before, during or after a <u>consumer transaction</u> is entered."

**Authority:**
Okla. Stat. Ann. Tit. 15 § 752(13) (emphasis added).

In order to show that a statement "could reasonably be expected to deceive," Plaintiffs must prove probable, not possible, deception.  A statement that "could reasonably be expected to deceive," is a statement that a consumer thinks is important or material and is likely to lead a consumer into a wrong decision or into mistaken action.  As applied to this case, Plaintiffs must prove by a preponderance of the evidence that: (1) they read or heard AstraZeneca's statement concerning Zoladex; and then Plaintiffs must prove by a preponderance of the evidence that (2) AstraZeneca's statement concerning the average wholesale price of Zoladex was likely to mislead a consumer about Zoladex who was acting reasonably under the circumstances.

**Authority:**
Donald M. Zupanec, Annotation, <u>Practices Forbidden by State Deceptive Trade Practices and Consumer Protection Acts</u>, 89 A.L.R. 3d 449 (1979 & Supp. 2000).

Plaintiffs must prove the deception allegedly committed by AstraZeneca occurred in an advertisement or other promotional context, or in a sales context upon which Plaintiffs made their decisions about Zoladex.  While it is your duty to determine if Plaintiffs carried their burden of proving that the deception they heard was in an advertisement, promotional or sales context, I remind you of the definitions I provided you with earlier.

**Authority:**
Okla. Stat. Ann. Tit. 15 § 752 (1)(2); <u>see</u> <u>also</u> <u>Melvin v. Nationwide Debt Recovery, Inc.</u>, 2000 U.S. Dist. LEXIS 22087, *9 (W.D. Okla. Aug. 24, 2000); Okla. Stat. Ann. Tit. § 15 761.1(A).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove AstraZeneca made an "intentional misrepresentation," concerning the Zoladex average wholesale price. In order to find an intentional misrepresentation under Oklahoma law, Mr. Howe and Mr. Townsend must prove that AstraZeneca 1) made a misrepresentation to consumers about the average wholesale price of Zoladex during the course of advertising or selling Zoladex; 2) the statement was false; 3) AstraZeneca made the statement with knowledge of the statement's falsity; 4) with intent that it be relied upon.

**Authority:**
Bras v. First Bank & Trust Co., 735 P.2d 329 (Okla. 1985) (listing the elements for an actionable fraud claim); D & H Co., Inc. v. Shultz, 579 P.2d 821, 824, (Okla. 1978); § 752(2); § 761.1(A) (noting that aggrieved consumers injured in connection with a consumer transaction may bring suit under the Consumer Protection Act).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 6:
## MATERIALITY

Plaintiffs must prove that AstraZeneca's alleged intentional misrepresentation about the average wholesale price of Zoladex had the capacity to deceive consumers and was thus material. A fact has the capacity to mislead if it is a fact that would likely affect a consumer's choice of action.

**Authority:**
Patterson v. Beall, 19 P.3d 839, 847 n.12 (Okla. 2000) (The Oklahoma Supreme Court held that "the alleged deceptive actions [must] have the capacity to deceive the consumer").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## CAUSATION/LOSS

Plaintiffs must also prove by a preponderance of the evidence that Mr. Townsend or Mr. Howe suffered a loss of money or property that was proximately caused by AstraZeneca's intentional misrepresentation. In order to show proximate cause, Plaintiffs must prove that AstraZeneca's statements to consumers about the average wholesale price of Zoladex directly produced or contributed substantially to producing the loss. If Plaintiffs' actions would not have changed had they known the actual wholesale price of Zoladex, then there is no proximate cause and you must then find for AstraZeneca.

**Authority:**
Okla. Stat. Ann. Tit. § 761.1(A) (providing private right of action to "aggrieved consumers"); Patterson v. Beall, 19 P.3d 839, 846-47 (Okla. 2000) ([§ 761.1(A)] "requires plaintiff to prove that his or her damages were caused by the defendant's unlawful practice"); Walls v. American Tobacco Co., 11 P.3d 626, 630 (Okla. 2000) ("[T]o have a private right of action under [the Consumer Protection Act,] a consumer must suffer some detriment or loss as a result of a violation of the [Act]. Accordingly, a person may not bring an action as an aggrieved consumer under [the Act] solely as a result of his or her payment of the purchase price of that product."); Harrison v. Leviton Mfg. Co., 2006 U.S. Dist. LEXIS 76334 (N.D. Okla. Oct. 19, 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**TRANSACTION REQUIREMENT**

Under the CPA, Plaintiffs must show that any deceptive statements made by AstraZeneca occurred "in the course of [AstraZeneca's] business" and Plaintiffs were injured "in connection with a consumer transaction." I instruct you that if Plaintiffs failed to prove that AstraZeneca was the seller in a sales transaction with a consumer, you must find for AstraZeneca. Similarly, if Plaintiffs failed to prove that AstraZeneca advertised Zoladex to consumers in Delaware and in doing so, intentionally misstated the average wholesale price of Zoladex, you must also find for AstraZeneca.

This is a case involving an alleged intentional misrepresentation to which the statute applies provided that the intentional misrepresentation about the wholesale price of Zoladex was made in the course of AstraZeneca's business or during the advertisement of Zoladex to consumers. As discussed earlier, advertisement is defined by the statute and means "any advertisement or announcement published in the news media including but not limited to the radio, television, newspapers, handbills, and mailers."

Plaintiffs must prove by a preponderance of the evidence that AstraZeneca during the course of its business sold Zoladex to Plaintiffs. It is not sufficient to determine that AstraZeneca manufactured Zoladex and sold it to a doctor. Rather, Plaintiffs must prove AstraZeneca in fact sold Zoladex to Plaintiffs. If Plaintiffs failed to prove that AstraZeneca was the seller in a sales transaction with them, you must find for AstraZeneca.

Plaintiffs may also recover if they prove by a preponderance of the evidence that the alleged intentional misrepresentation was made in connection with the advertisement of Zoladex. Again, advertisement is defined to mean "any advertisement or announcement published in the news media including but not limited to the radio, television, newspapers, handbills, and mailers." Plaintiffs must prove AstraZeneca made an intentional misrepresentation in an advertisement about Zoladex directed at consumers. Put another way, Plaintiffs must prove that AstraZeneca advertised Zoladex to consumers in the course of business and in doing so, intentionally misstated the average wholesale price of Zoladex.

**Authority:**
Okla. Stat. Ann. Tit. 15 § 753(20); §§ 752(2); 761.1(A); Melvin v. Nationwide Debt Recovery, Inc., 2000 U.S. Dist. LEXIS 22087 (W.D. Okla. Aug. 24, 2000); see also Melvin v. Credit Collections, Inc., 2001 U.S. Dist. LEXIS 24402, at *8 (W.D. Okla. Apr. 5, 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**LEARNED INTERMEDIARY RULE**

In Oklahoma a consumer of prescription drugs cannot have a claim against a pharmaceutical manufacturer, such as AstraZeneca, concerning information about the drug when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, Plaintiffs assert that information about the average wholesale price of Zoladex was important. If you determine that Plaintiffs wanted that information and Plaintiffs' doctors knew the relevant information about their average costs of the Zoladex they bought from AstraZeneca, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
McKee v. Moore, 648 P.2d 21, 24 (Okla. 1982) ("[T]he duty of a manufacturer is satisfied if an adequate warning is given to the prescribing physician. The manufacturer's duty is to warn the physician, who acts as a learned intermediary between the manufacturer and the consumer, because he is in the best position to evaluate the patient's needs, assess the benefits and risks of a particular therapy, and to supervise its use").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under Oklahoma law, the statute does not apply in the doctor-patient context. In addition, under Oklahoma law a drug manufacturer has no legal obligation to convey information about a drug to patients. Under Oklahoma law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
McKee v. Moore, 648 P.2d 21, 24 (Okla. 1982).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a claim based on the Oklahoma CPA is three years.

**Authority:**
Fuller v. Sight 'N Sound Appliance Centers, Inc., 982 P.2d 528 (Okla. Civ. App. 1999);
Brashears v. Sight 'N Sound Appliance Centers, Inc., 981 P.2d 1270 (Okla. Civ. App. 1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE OREGON UNFAIR TRADE PRACTICES ACT ("UTPA"),
OR. REV. STAT. § 646.605, *et seq.***

Zoladex patients from Oregon are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Oregon law to the evidence at trial.  I will now instruct you on the specific requirements of the Oregon Unfair Trade Practices Act ("UTPA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO 1:
## EXTRATERRITORIAL APPLICATION

The Oregon statute only covers unlawful trade practices which took place in Oregon. Plaintiffs must prove that their allegations are connected to Oregon.  Therefore, Mr. Howe must prove that he had or paid for Zoladex injections in Oregon.  If you determine that Mr. Howe did not have or pay for Zoladex injections in Oregon, you must find for AstraZeneca.[40]

**Authority:**
Julian-Ocampo v. Air Ambulance Network, Inc., Civ. No. 00-1262-KI, 2001 U.S. Dist. LEXIS 10986, at *17 (D. Or. July 27, 2001).

---

[40] Absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. [ ]:**
**DEFINITIONS**

The UTPA sets forth 56 acts or practice which are deemed unlawful if committed in the course of a person's business, vocation or occupation.

**Authority:**
Or. Rev. Stat. § 646.608(1)(A).

The UTPA defines a "person" as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity except bodies or officers acting under statutory authority of this state or the United States."

The UTPA defines "trade" and "commerce" to mean advertising, offering or distributing, whether by sale, rental or otherwise, any real estate, goods or services, and includes any trade or commerce directly or indirectly affecting the people of Oregon.

The UTPA defines a "willful violation" as one which occurs when the person committing the violation knew or should have known that the conduct of the person was a violation.

**Authority:**
Or. Rev. Stat. § 646.605(4), (8), (10).

**DEFENDANT'S PROPOSED JURY INSTRUCTION 2:**
**DOCTOR/PATIENT TRANSACTIONS AND RELATIVE INVOLVEMENT OF**
**MANUFACTURER AND DOCTOR**

Oregon has adopted the "learned intermediary" doctrine. Under Oregon law a drug manufacturer has no legal obligation to convey information about a drug to patients. Rather, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors; which of the two knew the doctor's average cost of Zoladex; which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Allen v. G.D. Searle & Co., 708 F. Supp. 1142, 1148 (D. Or. 1989).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## DECEPTIVE ACT OR PRACTICE

"Deceptive acts or practices" in Oregon means one or more of the 56 activities specified in the Statute, such as when a person "represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another."

The final section is: "Engages in any other unfair or deceptive sales conduct in trade or commerce" but only if the State Attorney General has first established a rule declaring the conduct at issue to be deceptive in trade or commerce. Thus, in order to find against AstraZeneca, you must find that the State Attorney General of Oregon has promulgated a rule establishing that the provision of average wholesale prices to medical publishers is a deceptive practice.

Oregon also permits the State Attorney General to adopt rules further defining deceptive acts or practices. The Oregon Attorney General has adopted such rules, covering practices related to price representations, and which only apply to advertisements printed, distributed or broadcast and offers for sales made. In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 56 exclusive provisions."[41]

**Authority:**
Or. Rev. Stat. § 646.608(1)(a)-(eee); Or. Rev. Stat. § 646.608(1)(u) ("Engages in any other unfair of deceptive conduct."); Or. Rev. Stat. § 646.608(4) ("An action or suit may not be brought under subsection (1)(u) of this section unless the Attorney General has first established a rule in accordance with the provisions of ORS Chapter 183 declaring the conduct to be unfair or deceptive in trade or commerce.").

---

[41] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the Oregon Act. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 56 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove each of the following elements by a preponderance of the evidence.

**Authority:**
State ex rel. Redden v. Discount Fabrics, Inc., 615 P.2d 1034 (Or. 1980).

A preponderance of the evidence means that you believe the facts asserted "are more probably true than false."

**Authority:**
State v. Johnson, 832 P.2d 443, 438 (Or. 1992).

Mr. Howe and Mr. Townsend must prove the following elements by a preponderance of the evidence: (1) AstraZeneca has violated one of the specifically enumerated deceptive practices laid out in the Oregon statute; (2) AstraZeneca's violation of the Oregon statute has a direct causal link to Plaintiff's loss; and (3) Mr. Howe and Mr. Townsend suffered an ascertainable loss.

**Authority:**
Feitler v. The Animation Celection, Inc., 13 P.3d 1044, 1047 (Or. Ct. App. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, the Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex.

Furthermore, Plaintiffs must show that AstraZeneca, if it violated one of the enumerated elements of the statute, violated the statute "willfully." In other words, Plaintiffs must show that AstraZeneca knew or should have known that its conduct with respect to average wholesale price was in violation of the Oregon statute.

**Authority:**
Or. Rev. Stat. § 646.609(10) ("A willful violation occurs when the person committing the violation knew or should have known that the conduct of the person was a violation."); Denson v. Ron Tonkin Gran Turismo, Inc., 566 P.2d 1177, 1179 (Or. 1977); Rathgeber v. James Hemenway, Inc., 69 P.3d 710, 715 (Or. 2003) ("A private party who seeks to recover damages for a UTPA violation must plead and prove a 'willful' violation of the statute by a defendant.")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## CAUSATION

You must also find by a preponderance of the evidence that Mr. Townsend or Mr. Howe suffered an ascertainable loss that was caused by their reliance on AstraZeneca's intentional misrepresentation, which as I explained, you must find is enumerated in the Oregon statute – that is, Mr. Howe and Mr. Townsend heard or read AstraZeneca's alleged intentional misrepresentation about the average wholesale price of Zoladex, they relied on the misrepresented average wholesale price and they would have done something different if they had been told the actual average wholesale price of Zoladex.

In Oregon, in order to find that a loss was caused by a defendant's violation of the statute, Plaintiff must prove, in claims such as this one, that they relied upon a Defendant's misrepresentation of average wholesale price, if such misrepresentation is enumerated in the Oregon statute, in making the decision to use Zoladex.

**Authority:**
Feitler v. The Animation Celection, Inc., 13 P.3d 1044, 1047 (Or. Ct. App. 2000); Wright v. Kia Motors Am. Inc., Civ. No. 06-6212-AA, 2007 U.S. Dist. LEXIS 7431, at *9 (D. Or. Jan. 29, 2007) (stating that reliance-in-fact is required for affirmative misrepresentation cases).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## HARM/LOSS/INJURY

Plaintiff must show that an "ascertainable loss" occurred as a result of AstraZeneca's violation of the statute.  An ascertainable loss is one that is "capable of being discovered, observed, or established."  Therefore, Plaintiffs must prove that they suffered a loss which you believe can be discovered, observed or established, as a result of their reliance upon Defendant's conduct.

**Authority:**
Or. Rev. Stat § 646.638(3); Denson v. Ron Tonkin Gran Turismo, Inc., 566 P.2d 1177, 1180 (Or. 1977) (citing Scott v. Western Int'l Surplus Sales, Inc., 517 P.2d 661 (Or. 1973)); Lamphere Enters., Inc. v. Jiffy Lube Int'l Inc., CV 01-1168-BR, 2003 U.S. Dist. LEXIS 16205, at*11 (D. Or. July 9, 2003).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES[42]

Under Oregon law, Plaintiffs are entitled to punitive damages in civil cases, including this UTPA action, only when they have shown by clear and convincing evidence that deterrence is called for and AstraZeneca's conduct was particularly aggravated. In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

A defendant's conduct is considered particularly aggravated when that conduct is willful, wanton or malicious. Relevant factors to consider include: the seriousness of the hazard to the public, the attitude and conduct of the wrongdoer upon learning of the hazard, the number and position of employees involved in causing or covering up the misconduct, the duration of the misconduct and/or its cover-up, the financial condition of the wrongdoer, and prior and potential punishment from similarly situated plaintiffs or other sources.

**Authority**:
Or. Rev. Stat. § 646.638(1); Crooks v. Payless Drug Stores, 592 P.2d 196 (Or. 1979); Honeywell v. Sterling Furniture Co., 797 P.2d 1019, 1021 (Or. 1990).

---

[42] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## STATUTE OF LIMITATIONS

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature. The statute of limitations for a UTPA claim is one year, which may not be extended.

In Oregon the one year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted.

**Authority:**
Or. Rev. Stat. § 646.638(6) ("Actions brought under this section shall be commenced within one year from the discovery of the unlawful method, act or practice.")

For Plaintiffs from the state of Oregon, you must find that their action was filed within one year from when a plaintiff discovered or should have discovered that their reliance on representations of average wholesale price for Zoladex was misplaced. For any such misrepresentations which were, or should have been, discovered one year or longer before this action was filed, Plaintiffs from Oregon may not hold AstraZeneca liable.

In order to determine when Plaintiffs from Oregon knew or should have known about the representations with respect to average wholesale price you should consider whether Plaintiffs had any reason to be put on notice, or received information that would "excite attention and put a party upon his guard or call for an inquiry." If so, then it must also appear that a "reasonably diligent inquiry" would disclose that there was a misrepresentation made by defendant.

**Authority:**
Bodin v. B. & L. Furniture Co., 734, 601 P.2d 848 (Or. 1979) (stating that the period of limitations begins to run when the plaintiff knows or should have known of the alleged misrepresentation.); McCulloch v. Price Waterhouse LLP, 971 P.2d 414, 419-20 (Or. Ct. App. 1998) (citing Mathies v. Hoeck, 588 P.2d 1 (Or. 1978) (citing cases)).