**EXHIBIT 2**

**(PART 13)**

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE PENNSYLVANIA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW ("UTPCPA"),
PA. STAT. § 201-1, *et seq.***

Zoladex patients from Pennsylvania are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Pennsylvania law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

The Pennsylvania statute only covers persons who reside in Pennsylvania or who obtained goods in Pennsylvania.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in Pennsylvania.[43]

**Authority:**
Dibbern v. Adelphia Communications Corp., 33 B.R. 93 (S.D.N.Y. 2005) (UTPCPL does not protect persons (here, consumers in Massachusetts) who neither reside nor obtain goods and services in Pennsylvania); Penn. Stat. Ann. Tit. 73, § 201.2(3).

---

[43] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**PURPOSE OF THE ACT**

The purpose of the UTPCPA is to "place on more equal terms seller and consumer," to change "the unequal bargaining power of opposing forces in the market place," to "ensure the fairness of market transactions," and "to equalize the market position and the strength of the consumer vis-à-vis the seller."

In other words, the statute is designed to put the seller of a product and the buyer on a more equal playing field.

**Authority:**
Commonwealth v. Monumental Properties, Inc., 329 A.2d 812, 816 (Pa. 1974); Katz v Aetna Casualty & Surety Co., 972 F.2d 53, 56 (3d Cir. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
### DEFINITIONS

The Pennsylvania UTPCPA provides that an individual "who purchases . . . goods . . . primarily for personal, family or household purposes" and who "thereby suffers any ascertainable loss of money . . . as a result of the use or employment by any person of a method, act or practice declared unlawful may recover actual damages . . ." may sue to recover that money.

**Authority:**
Penn. Stat. Ann., Tit. 73, § 201-9.2(a).

The person being sued must be involved in trade or commerce. Trade and commerce are defined as "the advertising, offering for sale, sale or distribution of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people" of Pennsylvania.

**Authority:**
Penn. Stat. Ann., Tit. 73, § 201-2(3).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## TRANSACTION REQUIREMENT

The Pennsylvania UTPCPA only protects purchasers. Based on the evidence of how Mr. Howe and Mr. Townsend received Zoladex, you must find by a preponderance of the evidence that they purchased Zoladex from AstraZeneca or that there was commercial bargaining and exchange over Zoladex between Mr. Howe and Mr. Townsend, on the one hand, and AstraZeneca, on the other. It is not enough that AstraZeneca manufactured Zoladex. If Mr. Howe and Mr. Townsend bought Zoladex from someone other than AstraZeneca, and there was no bargaining between them and AstraZeneca, you must find for AstraZeneca.

**Authority:**
Christopher v. First Mutual Corp., 2006 U.S. Dist. LEXIS 2255, 8-12 (E.D. Pa. 2006) ("There were no representations and no contact between Christopher and Associates. Therefore, the overcharging also cannot constitute deception."); Katz v. Aetna Casualty & Surety Co., 972 F.2d 53, 57 (3d Cir. 1992) (finding that Katz was not a "purchaser" under terms of CPL because he was not engaged in commercial dealing with defendant); Brownell v. State Farm Mut. Ins. Co., 757 F. Supp. 526, 533 (E.D. Pa. 1991) (dismissing CPL claim because plaintiff "alleges no privity at all and no commercial relationship between plaintiff and [defendant]"); Lauer v. McKean Corp., 2 Pa. D. & C. 4th 394, 397 (Common Pleas Ct. June 12, 1989) ("[I]t is apparent that section 201-9.2 permits a private action only by a person who purchased or leased goods from the merchant who engaged in fraudulent or deceptive trade practices."); Edkin v. The Travelers Cos., 3 Pa. D. & C. 4th 557, 559 (Common Pleas Ct. July 7, 1988) (holding that CPL did not apply because "[t]here has been no allegation of a seller/consumer relationship between plaintiff and defendant, especially as plaintiff did not purchase an insurance policy from defendant Travelers."); Bonacci v. Save Our Unborn Lives, Inc., 11 Pa. D. & C. 3d 259, 261 (Common Pleas Ct. July 9, 1979) (finding that plaintiff had no claim under CPL because it requires "that plaintiff purchased or leased goods or services from defendants.")

## DEFENDANT'S PROPOSED JURY INSTRUCTION 5:
### DOCTOR/PATIENT TRANSACTIONS

The Pennsylvania UPTA does not cover transactions or matters involving doctors and their patients.

**Authority:**
Heindel v. Pfizer Inc., 381 F. Supp. 2d 364, 384 (D.N.J. 2004) (dismissing claim under Pennsylvania UTPCPL); Gatten v. Merzi, 579 A.2d 974, 975-76 (Pa. Super. Ct. 1990) (legislature did not intend UTPCPL to apply to physician-patient context).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the Pennsylvania courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe's and Mr. Townsend's respective doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have given it, and you should find for AstraZeneca.

**Authority:**
Albertson v. Wyeth, 63 Pa. D. & C. 4th 514 (Pa. Comm. Pl. July 8, 2003) (learned intermediary doctrine barred consumer fraud claims under the Pennsylvania CPA relating to prescription hormone replacement therapy medications); Luke v. American Home Products Corp., No. 1998-C-01977, 1998 WL 1781624, * 1 (Pa. Comm. Pl. Nov. 18, 1998) (learned intermediary doctrine barred consumer fraud claims under the Pennsylvania CPA relating to a prescription weight loss treatment).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under Pennsylvania law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Pennsylvania law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Heindel v. Pfizer Inc., 381 F. Supp. 2d 364, 384 (D.N.J. 2004) (dismissing claim under Pennsylvania UTPCPL).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in Pennsylvania means one or more of 21 kinds of activities specified in the statute, such as "using deceptive representations or designations of geographic origin in connection with goods or services" or "representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand." I instruct you that 20 of these activities are not involved in this case.

The last section covers "[e]ngaging in any other fraudulent or deceptive sales conduct which creates a likelihood of confusion or of misunderstanding" in the mind of a consumer. In order to find against AstraZeneca, you must find that AstraZeneca's conduct of providing pricing information about Zoladex to medical publishers confused Mr. Howe and Mr. Townsend or made them misunderstand the doctor's average cost of Zoladex.

Pennsylvania also permits the State Attorney General to adopt rules further defining deceptive acts or practices. The Pennsylvania Attorney General has adopted such rules, covering practices related to, for instance, Loan Broker Trade Practices and Dog Purchaser Protection. I instruct you that none of these rules applies to this case.

**Authority:**
Penn. Stat. Ann., Tit. 73, § 201-3.1 ("The Attorney General may adopt, after public hearing, such rules and regulations as may be necessary for the enforcement and administration of this act. Such rules and regulations when promulgated pursuant to the act of July 31, 1968 (P.L. 769, No. 240), known as the "Commonwealth Documents Law," shall have the force and effect of law."); 37 Pa. Code §§ 301-309; cf. State v. Daicel Chem. Indus., Ltd., 106 P.3d 428, 435 (Idaho 2005) (catch-all provision must be construed "as referring to things of a like class to those particularly described").

369

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.  To prove an intentional misrepresentation under Pennsylvania law, Mr. Howe and Mr. Townsend must prove by clear and convincing evidence that: (1) AstraZeneca made a statement; (2) the statement was intentionally wrong; (3) AstraZeneca intended that Mr. Howe and Mr. Townsend would hear or read the statement and rely on it in making a decision; (4) Mr. Howe and Mr. Townsend did hear or read the statement and relied upon it, and were reasonable in doing so; and (5) Mr. Howe and Mr. Townsend's reliance on the misrepresentation caused damages to the Plaintiff which were foreseeable.

**Authority:**
Dawson v. Dovenmuehle Mortg., Inc., 214 F.R.D. 196, 200 (D. Pa. 2003); Fisher v. Aetna Life Ins. & Annuity Co., 39 F. Supp. 2d 508, 511 (D. Pa. 1998); Weisblatt v. Minnesota Mut. Life Ins. Co., 4 F. Supp. 2d 371, 377 (D. Pa. 1998) (citing cases); Piper v. Am. Nat'l Life Ins. Co., 228 F.Supp2d 553, 561 (D. Pa. 2002); 1 Pennsylvania Law Encyclopedia [P.L.E.] FRAUD § 2.

Clear and convincing evidence is evidence "so clear, direct, weighty, and convincing as to enable [you] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."

**Authority:**
In re Cicchetti, 743 A.2d 431, 443 (Pa. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

In order to find an intentional misrepresentation under Pennsylvania law, you must find by clear and convincing evidence that AstraZeneca made a representation regarding average wholesale price with knowledge that the representation was false or that AstraZeneca made the representation with reckless ignorance as to whether it was true or false.

**Authority:**
1 P.L.E. FRAUD § 4 (citing Seaboard Surety Co. v. Permacrete Const. Corp., 221 F.2d 366 (3d Cir. Pa. 1955); In re Complaint of Bankers Trust Co., 752 F.2d 874, 883 (3d Cir. 1984); Piper v. Am. Nat'l Life Ins. Co., 228 F. Supp. 2d 553, 561 (D. Pa. 2002).

A person acts with "reckless ignorance" if he makes a statement without caring whether it is true or false.

You cannot find that AstraZeneca engaged in an intentional misrepresentation if you find that AstraZeneca honestly believed the representations to be true at the time that the representations were made, even if you find that the grounds of such belief were unreasonable.

**Authority:**
1 P.L.E. FRAUD § 7.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## INTENTION TO INDUCE RELIANCE

In order to find AstraZeneca liable, you must also find by clear and convincing evidence that AstraZeneca intended that Mr. Howe and Mr. Townsend, the patients being given the drug, would hear or read the misrepresentation and agree to take Zoladex because of AstraZeneca's intentional misrepresentation.

**Authority:**
1 P.L.E. FRAUD § 8 ("Fraudulent intent is a necessary element in every actionable fraud."); Piper v. Am. Nat'l Life Ins. Co., 228 F. Supp. 2d 553, 560 (D. Pa. 2002) (noting that in order to recover under § 201-2(4)(xxi), "the elements of common law fraud must be proven", including "intention by the declarant to induce action"); McClellan v. HMO, 604 A.2d 1053, 1160 (Pa. Super. Ct. 1992) (noting that plaintiff must prove "an intention by the maker that the recipient will act").

An act is "intentional" if "the actor either acts with the desire to cause it, or acts believing that there is a substantial certainty that the result would follow from his conduct."

**Authority:**
Restatement of Torts 2d, Section 531, comment c.

Under Pennsylvania law, a person does not have a "right to rely on representations not made directly to or intended to be communicated to him or her." "However, . . . a party may be held liable for its fraudulent misrepresentations to a person not . . . specifically intended to rely on the misrepresentations when the reliance was nonetheless specially foreseeable," i.e., if the defendant had a "reason to expect" that this person may reasonably rely on the misrepresentation.

**Authority:**
1 P.L.E. FRAUD § 9; Woodward v. Dietrich, 548 A.2d 301, 308 (Pa. Super. Ct. 1988).

"One has reason to expect a result if he has information from which a reasonable man would conclude that the result will follow or would govern his conduct upon the assumption that it will do so. . . . [I]t is not enough that he recognizes, or as a reasonable man should recognize, the risk that it may be communicated to them and they may act upon it. Virtually any misrepresentation is capable of being transmitted or repeated to third persons, and if sufficiently convincing may create an obvious risk that they may act in reliance upon it. The maker of the misrepresentation must have information that would lead a reasonable man to conclude that there is an especial likelihood that it will reach those persons and will influence their conduct. There must be something in the situation known to the maker that would lead a reasonable man to govern his conduct on the assumption that this will occur."

**Authority:**
Woodward v. Dietrich, 548 A.2d 301, 308 (Pa. Super. Ct. 1988) (citing Restatement of Torts 2d Section 531, Comment d.)

Therefore, in order to find AstraZeneca liable, you must conclude that AstraZeneca had a reason to expect that Mr. Townsend or Mr. Howe would reasonably rely on the alleged misrepresentation when making the decision to take Zoladex.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:**
**RELIANCE**

Mr. Howe and Mr. Townsend must also prove by clear and convincing evidence that they relied on AstraZeneca's misrepresentation about the average wholesale price of Zoladex. "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true.

Specifically, you must find by clear and convincing evidence that Mr. Howe and Mr. Townsend read or heard AstraZeneca's statements about the average wholesale price of Zoladex, and made a decision because they relied on AstraZeneca's statements.

**Authority:**
1 P.L.E. FRAUD § 9; Santana Products, Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005) ("The Supreme Court of Pennsylvania has held that a plaintiff bringing an action under the UTPCPL must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL") (citing Weinberg v. Sun Co., Inc., 565 Pa. 612, 777 A.2d 442 (Pa. 2001)); Huu Nam Tran v. Metro. Life Ins. Co., 408 F.3d 130, 140-41 (3d Cir. 2005) (plaintiff must prove justifiable reliance); Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004); Silverstein v. Percudani, 2005 U.S. Dist. LEXIS 10005 (D. Pa. 2005) ("Therefore, to bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation"); Drelles v. Mfrs. Life Ins. Co., 881 A.2d 822, 840 (Pa. Super. Ct. 2005) (plaintiff must show justifiable reliance" – The recipient of a fraudulent transaction can recover against its maker if, but only if, (a) he relies on the misrepresentation in acting or refraining from action, and (b) his reliance is justifiable."); Heindel v. Pfizer Inc., 381 F. Supp. 2d 364, 384 (D.N.J. 2004) ("reliance is, of course, a necessary element of a UTPCPL claim").

But, it is not enough that Mr. Howe and Mr. Townsend relied on AstraZeneca's intentional misrepresentations. If you find that there was reliance, you must also find that the reliance was justified or reasonable. Whether reliance on an alleged misrepresentation is reasonable depends on whether the recipient knew or should have known that the information supplied was false. Reliance is not justifiable if the party claiming reliance had an adequate opportunity to verify the allegedly fraudulent statements. Furthermore, reliance is not justifiable if common prudence and diligence would have allowed the person to ascertain the truth.

**Authority:**
1 P.L.E. FRAUD § 9; In re Complaint of Bankers Trust Co., 752 F.2d 874, 883 (3d Cir. 1984) ("Reliance which must be justifiable so that common prudence or diligence could not have ascertained the truth."); Porreco v. Porreco, 811 A.2d 566, 570-71 (Pa. 2002) ("Whether reliance on an alleged misrepresentation is justified depends on whether the recipient knew or should have known that the information supplied was false.") (citing Scaife Co. v. Rockwell-Standard Corp., 285 A.2d 451 (Pa. 1971) (citing Emery v. Third National Bank, 162 A. 281 (Pa. 1932))).

## DEFENDANTS'S PROPOSED JURY INSTRUCTION NO. 13:
## CAUSATION

You must also find by clear and convincing evidence that Mr. Townsend or Mr. Howe suffered a loss of money or property that was caused by their reliance on AstraZeneca's intentional misrepresentation – that is, they would have done something different if they had been told the actual average wholesale price of Zoladex.

**Authority:**
Jones v. Aames Funding Corp., No. 04-CV-4799, 2006 U.S. Dist. LEXIS 11119 at *32 (D. Pa. Mar. 7, 2006) (finding plaintiff's claim failed because, inter alia, they failed to show causation, i.e. "that the non-disclosure of the alleged pre-payment penalty impacted plaintiffs' decision to enter into the mortgage transaction."); Lester v. Percudani, 217 F.R.D. 345, 350 (D. Pa. 2003) ("All members of the proposed class must present evidence that defendants' allegedly deceptive acts caused harm in the form of overpriced valuations and increased mortgage payments.") (citing Penn. Stat. Ann. tit. 73, § 201-9.2(a) (which provides a civil remedy for any person injured "as a result of" a violation of the Pennsylvania UTPCPL) and Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001) (interpreting provision as establishing causation requirement)); Piper v. Am. Nat'l Life Ins. Co., 228 F. Supp. 2d 553, 560 (D. Pa. 2002) (noting that in order to recover under § 201-2(4)(xxi), plaintiff must show, inter alia, "damages to the party defrauded as a proximate result.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [44]

If you have determined that Plaintiffs proved their case by clear and convincing evidence, you may consider the issue of punitive damages. You do not have to award punitive damages. Under Pennsylvania law, you may award punitive damages in this action only if Plaintiffs have proven by clear and convincing evidence, as defined in the general instructions, that the acts of AstraZeneca were malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others.

**Authority:**
Johnson v. Hyundai Motor America, 698 A.2d 631, 638 (Pa. Super. Ct. 1997).

---

[44] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a UTPCPA claim is six years, which may not be extended.

In Pennsylvania, the six year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted.

**Authority:**
Drelles v. Mfrs. Life Ins. Co., 881 A.2d 822 (Pa. Super. Ct. 2005).

For Plaintiffs from the state of Pennsylvania, you must find that their action was filed within six years from when AstraZeneca last made a misrepresentation relevant to this case.  For any such misrepresentations made six years or longer before this action was filed, Plaintiffs from Pennsylvania may not hold AstraZeneca liable.

**Authority:**
Keller v. Volkswagen of Am., Inc., 733 A.2d 642, 646 n.9 (Pa. Super. Ct. 1999); Gabriel v. O'Hara, 534 A.2d 488, 495 (Pa. Super. Ct. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16:**
**DISCOVERY RULE**

An exception to the six year statute of limitations applies if you find that the Plaintiffs' suits were filed within six years of the date from which the Plaintiffs could have first reasonably discovered their injuries and that it was caused by the conduct of another person.

In this case, suit was filed in December 2001.

Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute.

It is the Plaintiff's duty to use reasonable diligence to properly inform himself of the facts and circumstances of the injury.

"'Reasonable diligence' is 'what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised.' Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?"

A person's actions must be evaluated to determine "whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others."

You as the jury must determine when the Plaintiff's injury and its cause were discovered or should have reasonably been discovered by Plaintiff. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Drelles v. Mfrs. Life Ins. Co., 881 A.2d 822, 830-33 (Pa. Super. Ct. 2005) ("Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17:
DOCTRINE OF FRAUDULENT CONCEALMENT**

The other exception to the Statute of Limitations is called the doctrine of fraudulent concealment. The Plaintiff has the burden of proving fraudulent concealment by clear, precise and convincing evidence. To find that the doctrine of fraudulent concealment applies, you must find that AstraZeneca, through fraud or concealment, caused the Plaintiff to relax his vigilance or deviate from his right of inquiry into the facts.

**Authority:**
Fine v. Checcio, 870 A.2d 850, 860 (Pa. 2005) ("The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence.") (citing Molineux v. Reed, 532 A.2d 792, 794 (Pa. 1987)).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS
RELATING TO THE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT
("RIDTPA"), R.I. GEN. LAWS. § 6-13-1.1, *et seq.***

      Zoladex patients from Rhode Island are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Rhode Island law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Rhode Island Deceptive Trade Practices Act ("RIDTPA").

380

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The RIDTPA only covers persons who reside in Rhode Island or who obtained goods in Rhode Island.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they obtained goods in Rhode Island or resided in Rhode Island at the time of the transaction.[45]

**Authority:**
R.I. Gen. Laws § 6-13.1-1(5).

---

[45] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

381

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The RIDTPA provides that deceptive acts or practices in the conduct of any trade or commerce are unlawful.

**Authority:**
R.I. Gen. Laws § 6-13.1-2.

To be found in violation of the RIDTPA, the defendant must be involved in trade or commerce. "Trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island.

**Authority:**
R.I. Gen. Laws § 6-13.1-1.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To meet their burden of proof, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence each of the following elements:

First, Plaintiffs must prove they were consumers of Zoladex. Second, Plaintiffs must prove that AstraZeneca engaged in an intentionally deceptive act which decieved Plaintiffs. Third, Plaintiffs must prove that AstraZeneca engaged in the deceptive act in the course of trade or commerce with Plaintiffs. Fourth, Plaintiffs must prove that the deceptive act caused them to suffer an ascertainable loss.

I will now explain each of these elements in greater detail.

**Authority:**
R.I. Gen. Laws § 6-13.1-5.2; Kelley v. Cowesett Hills Assocs., 768 A.2d 425, 431 (R.I. 2001); Park v. Ford Motor Co., 844 A.2d 687, 692-93 (R.I. 2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**CONSUMER**

Under RIDTPA, Plaintiff must prove that he was a consumer. RIDTPA was adopted to benefit ordinary unwary customers. Zoladex users who, for example, were doctors or who had worked for health-related institutions may not be ordinary unwary consumers. If you do not find that Mr. Howe and Mr. Townsend were ordinary unwary consumers of Zoladex, you must find AstraZeneca not liable.

**Authority:**
Kelley v. Cowesett Hills Assocs., 768 A.2d 425, 431 (R.I. 2001); Arruda v. Pawtucket Auto Auction Inc., No. 85-0301, 1985 WL 670598, at *4 (D.R.I. Oct. 11, 1985); D'Antuono v. CCH Computax Systems, Inc., 570 F. Supp. 708, 713 (D.R.I. 1983); Magnum Defense, Inc. v. Harbour Group Ltd., 248 F. Supp. 2d 64, 71 (D.R.I. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
CONSUMER/VENDOR RELATIONSHIP**

Under the RIDTPA, Plaintiffs must show by a preponderance of the evidence that they and Defendant had a consumer/vendor relationship, that is, that they entered into a contractual relationship. In this case, Mr. Howe and Mr. Townsend must prove that they and AstraZeneca had a consumer/vendor relationship. To do so, they must prove that they entered into a contractual relationship with respect to the sale of Zoladex.

**Authority:**
Kelley v. Cowesett Hills Assocs., 768 A.2d 425, 431 (R.I. 2001).

385

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**DECEPTIVE TRADE PRACTICE**

Under RIDTPA, a plaintiff must prove by a preponderance of the evidence that the defendant committed one of twenty-one enumerated deceptive practices. I instruct you that twenty of the listed deceptive practices do not apply to this case. Therefore, Plaintiffs must prove that AstraZeneca intentionally engaged in an act or practice that was deceptive to the consumer. In other words, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex knowing that this representation was false and deceptive to Mr. Howe and Mr. Townsend with respect to their decisions about Zoladex.

**Authority:**
R.I. Gen. Laws. § 6-13.1-1(xiii).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## MENTAL STATE REQUIREMENT

Under RIDTPA, Plaintiffs must prove by a preponderance of the evidence that Defendant intended to deceive them. It is insufficient under Rhode Island law for Plaintiffs to show only that they relied on a publication that included an unintentional error. In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.

**Authority:**
Gale v. Value Line, Inc., 640 F. Supp. 967, 972 (D.R.I. 1986).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**CONDUCT OF TRADE OR COMMERCE**

Plaintiffs must prove by a preponderance of the evidence that Defendant's alleged deceptive act occurred in the course of trade or commerce with the Plaintiffs.  As I described earlier, "trade" and "commerce" are defined by the statute as an advertisement or sale.  It is not enough that AstraZeneca manufactured Zoladex.  In this case, Mr. Howe and Mr. Townsend must prove that AstraZeneca engaged in a deceptive act in the course of selling or advertising Zoladex to them.  If you find that AstraZeneca did not sell or advertise Zoladex to Plaintiffs, you must find for AstraZeneca.

**Authority:**
R.I. Gen. Laws § 6-13.1-1(5), -2; Kelley v. Cowesett Hills Assocs., 768 A.2d 425, 430 (R.I. 2001); McElheny v. Trans Nat'l Travel, Inc., 165 F. Supp. 2d 190, 206-07 (D.R.I. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## CAUSATION

Under the RIDTPA, Plaintiffs must prove by a preponderance of the evidence that they suffered an ascertainable loss as a result of the employment by AstraZeneca of a deceptive trade practice. The deceptive act must be the direct and proximate cause of Plaintiffs' loss for Plaintiffs to recover. In this case, Mr. Howe and Mr. Townsend must prove that they suffered an ascertainable loss as a direct and proximate result of an intentional misrepresentation by AstraZeneca about the average wholesale price of Zoladex.

**Authority:**
R.I. Gen. Laws § 6-13.1-5.2(a); <u>Kennedy v. Acura</u>, No. 01-4063, 2002 WL 31331373, at *5 (R.I. Super. Ct. Aug. 28, 2002).

389

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**KNOWN IN THE MARKETPLACE**

With respect to causation, I instruct you that Plaintiffs fail to prove this element of their claim if the information they allege Defendant misrepresented was known in the marketplace at the time they made their decision. In this case, unless Mr. Howe and Mr. Townsend prove that the nature and meaning of average wholesale pricing was not known in the Rhode Island marketplace at the time they made their decisions about Zoladex, you must find for AstraZeneca.

**Authority:**
R.I. Gen. Laws § 6-13.1-5.2(a); Kennedy v. Acura, No. 01-4063, 2002 WL 31331373, at *5 (R.I. Super. Aug. 28, 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under Rhode Island law, a drug manufacturer has no legal obligation to convey information about a drug to patients. Under Rhode Island law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense to claims that a plaintiff failed to file within a specified period of time.  Under RIDTPA, the statute of limitations is ten (10) years from the date the action accrues.  The action accrues either on the date a plaintiff discovers the fraud or on the date that plaintiff could have, in the exercise of reasonable diligence, discovered the fraud.

**<u>Authority:</u>**
<u>Kennedy v. Acura</u>, No. 01-4063, 2002 WL 31331373, at *6 (R.I. Super. Aug. 28, 2002) (citing <u>Paul v. City of Woonsocket</u>, 745 A.2d 169 (R.I. 2000)); R.I. Gen. Laws § 9-1-13; <u>Carney v. Kardinal Land</u>, 813 A.2d 50, 53 (R.I. 2003).