# EXHIBIT 2

# (PART 14)

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND
CONSUMER PROTECTION ACT,
S.D. CODIFIED LAWS § 37-24-1, *et seq.***

Zoladex patients from South Dakota are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of South Dakota law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the South Dakota Deceptive Trade Practices and Consumer Protection Act.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The South Dakota statute only covers persons who reside in South Dakota or were injured in South Dakota.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they obtained goods in South Dakota or resided there at the time of the transaction.[46]

---

[46] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The South Dakota Deceptive Trade Practices and Consumer Protection Act provides that an individual who has "been adversely affected by any act or practice declared to be unlawful by [this Act]" can bring an action to recover "actual damages suffered as a result of such act or practice."

The South Dakota law defines "advertisement" as "the attempt by publication, dissemination, solicitation, or circulation, whether oral, visual, written, or otherwise, and whether in person, by telephone, or by any other means, to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any merchandise;"

The South Dakota law defines "merchandise" as "any object, wares, goods, commodity, intangible, instruction, or service;"

The South Dakota law defines "person" as "a natural person or his legal representative, a partnership, a limited liability company (domestic or foreign), a corporation (domestic or foreign), a trust, an incorporated or unincorporated association, and any other legal entity;"

The South Dakota law defines "trade" and "commerce" as "the advertising, offering for sale, attempting to sell, selling, or distributing of any services, or any property, tangible or intangible, personal, or mixed, or of any other article, commodity, or thing of value wherever situate, for cash, exchange of goods or services, or on credit, and shall include any trade or commerce directly or indirectly affecting the people of this state."

**Authority:**
S.D. Codified Laws §§ 37-24-31, § 37-24-1.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
### ELEMENTS

Mr. Howe and Mr. Townsend must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex.

To do that, Plaintiffs must prove each of the following elements by a preponderance of the evidence:  (1) AstraZeneca made a false statement directly to Mr. Howe and Mr. Townsend or that was repeated by someone else to Mr. Howe and Townsend; (2) AstraZeneca knew that the statement was false; (3) AstraZeneca intended that the false statement would be communicated to Mr. Howe and Mr. Townsend; (4) AstraZeneca intended that Mr. Howe and Mr. Townsend would rely upon the false statement; (5) Mr. Howe and Mr. Townsend did in fact rely upon the false statement; (5) Mr. Howe and Mr. Townsend's reliance on the misrepresentation caused them injury.

**Authority:**
Brookings Municipal Utilities, Inc. v. Amoco Chemicals Co., 103 F. Supp. 2d 1169 (D.S.D. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE ACT OR PRACTICE**

"Deceptive acts or practices" in South Dakota means one or more of 13 kinds of activities specified in the statute, such as representing that a sale is offered because the seller is going out of business when in fact the seller is not going out of business or refusing to provide a refund for a hotel deposit if the reservation is cancelled more than thirty days in advance. I instruct you that 12 of these activities are not involved in this case.

One provision of South Dakota consumer protection law that may be applicable is as follows: in South Dakota, it is unlawful to "[k]nowingly and intentionally act, use or employ any deceptive act or practice, fraud, false pretense, false promises or misrepresentation . . . in connection with the sale or advertisement of any merchandise."

**Authority:**
S.D. Codified Laws § 37-24-6(1).

Plaintiffs must prove that AstraZeneca knowingly and intentionally made a representation to South Dakota consumers about the average wholesale price of Zoladex, knowing it to be false, which led Mr. Howe and Mr. Townsend to believe that the average wholesale price of Zoladex was different from what AstraZeneca said it was.

**Authority:**
S.D. Codified Laws § 37-24-6; see Brookings Municipal Utilities, Inc. v. Amoco Chemicals Co., 103 F. Supp. 2d 1169 (D.S.D. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**"TRANSACTION" REQUIREMENT**

You must also find that AstraZeneca either made the alleged intentional misrepresentation concerning the average wholesale price of Zoladex directly to Mr. Howe and Mr. Townsend or that AstraZeneca made the intentional misrepresentation to a third party and AstraZeneca intended or had reason to expect that the third party would communicate the misrepresentation about the average wholesale price of Zoladex to Mr. Howe and Mr. Townsend.

If you find that AstraZeneca did not make a direct statement to Mr. Howe or Mr. Townsend about the average wholesale price of Zoladex and that AstraZeneca did not make a statement about the average wholesale price of Zoladex to a third party with the intent that the third party would communicate the average wholesale price to Mr. Howe and Mr. Townsend, then you must find for AstraZeneca.

**Authority:**
See Brookings Mun. Utils., Inc. v. Amoco Chem. Co., 103 F. Supp. 2d 1169, 1178-79 (D.S.D. 2000) (holding that "the maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction or type of transaction involved.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**RELIANCE**

Mr. Howe and Mr. Townsend must also prove by a preponderance of evidence that they relied on AstraZeneca's misrepresentation about the average wholesale price of Zoladex. "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true.

Specifically, you must find by a preponderance of the evidence that Mr. Howe and Mr. Townsend made a decision because they relied on AstraZeneca's statements.

If you find that Mr. Howe and Mr. Townsend would have acted the same way they did whether or not they knew the actual average wholesale price of Zoladex, then you must find for AstraZeneca.

**Authority:**
See Brookings Municipal Utilities, Inc. v. Amoco Chemicals Co., 103 F. Supp. 2d 1169, 1178 (D.S.D. 2000) (stating that plaintiffs' claim for deceptive trade practices "require[s] proof of an intentional misrepresentation or concealment of fact on which plaintiffs relied and which caused an injury to them.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**LEARNED INTERMEDIARY DOCTRINE**

Under certain circumstances, the South Dakota courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have provided this information, and you should find for AstraZeneca.

**Authority:**
McElhaney v. Eli Lilly & Co., 575 F.Supp. 228, 231 (D.S.D. 1983).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR

Under South Dakota law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under South Dakota law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their respective doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected, and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctor's average cost for Zoladex, and that AstraZeneca was in a better position than their doctors to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
McElhaney v. Eli Lilly & Co., 575 F.Supp. 228, 231 (D.S.D. 1983).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

In order to find an intentional misrepresentation under South Dakota law, you must find that AstraZeneca knew the representation was false at the time it was made.

**Authority:**
Littau v. Midwest Commodities, Inc., 316 N.W.2d 639, 643 (S.D. 1982); Ducheneaux v. Miller, 488 N.W.2d 902 (S.D. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## CAUSATION

Mr. Howe and Mr. Townsend must prove that AstraZeneca's intentional misrepresentation caused them injury.  To satisfy this requirement, Mr. Howe and Mr. Townsend must prove that if they had known the actual average wholesale cost of Zoladex, they would not have paid their doctor as much.  Mr. Howe and Mr. Townsend must also prove that the harm they suffered was a foreseeable consequence of AstraZeneca's actions.

**Authority:**
Brookings Mun. Utils., Inc. v. Amoco Chem. Co., 103 F. Supp. 2d 1169, 1179-1180 (D.S.D. 2000) ("Under South Dakota law, a legal cause is a cause without which the alleged harm would not have occurred.  In addition, for a legal cause to exist, the harm suffered must have been a foreseeable consequence of the act of which the plaintiff complains."); Musch v. H-D Coop., Inc., 487 N.W.2d 623, 624, 626 (S.D. 1992) (approving a jury instruction that contained both of these requirements).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for this claim is two years after the occurrence or discovery of the deceptive act.  This means that Mr. Howe and Mr. Townsend must show that they brought their claim against AstraZeneca within two years from the time AstraZeneca made the alleged intentional misrepresentation or from the time Mr. Howe and Mr. Townsend discovered the intentional misrepresentation, whichever is later.

**Authority:**
S.D. Codified Laws § 37-24-33 ("No action under this chapter may be brought more than two years after the occurrence or discovery of the conduct which is the subject of the action.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"),**
**TEX. BUS. COM. CODE § 17.41 *et seq.***

Zoladex patients from Texas are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Texas law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Texas Deceptive Trade Practices Act (hereinafter "DTPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
EXTRATERRITORIAL APPLICATION**

      The Texas statute only covers persons who reside in Texas or who obtained goods in Texas.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they reside or obtained goods in Texas.[47]

**Authority:**
Tex. Bus. & Com. Code § 17.45(6) (defining "trade" and "commerce" to refer to "any trade or commerce directly or indirectly affecting the people of this state").

---

[47] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The Texas DTPA declares that "a consumer may maintain an action" where a defendant has employed "a false, misleading or deceptive act or practice that is specifically enumerated [in the DTPA] and relied upon by a consumer to the consumer's detriment." That consumer may seek monetary damages. The enumerated practice must occur in "trade or commerce."

**Authority:**
Tex. Bus. & Com. Code § 17.50(a)(1)(A)-(B); Burroughs v. APS Int'l, Ltd., 93 S.W.3d 155, 163 (Tex. App. 2002).

In order to recover under the DTPA, Plaintiffs must prove that they were "consumers" in an appropriate transaction, as defined by the statute. The DTPA defines a consumer as one "who seeks or acquires by purchase or lease, any goods or services." In determining whether a plaintiff is a consumer, the focus should be on the plaintiff's relationship to the transaction at issue.

**Authority:**
Tex. Bus. & Com. Code § 17.45(4); Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 815 (Tex. 1997).

"Goods" are defined to mean tangible chattels or real property purchased or leased for use. "Services" means work, labor or service purchased or leased for use, including services furnished in connection with the sale or repair of goods. "Trade" and "commerce" mean "the advertising, offering for sale, sale, lease, or distribution of any good or service. . . and any other article, commodity, or thing of value, wherever situated."

**Authority:**
Tex. Bus. & Com. Code § 17.45(1)-(2), (6).

407

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**LEARNED INTERMEDIARY DOCTRINE**

Texas has recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have communicated anything directly to the consumer, and you should find for AstraZeneca.

**Authority:**
Wyeth-Ayerst Lab. Co. v. Medrano, 28 S.W.3d 87, 91 (Tex. App. 2000).

408

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
### DECEPTIVE ACT OR PRACTICE

"Deceptive acts or practices" in Texas means one or more of the 27 enumerated activities specified in the statute, such as "using deceptive representations or designations of geographic origin in connection with goods or services" or "representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand." In order to prove a claim under this Act, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 27 exclusive provisions.[48]

**Authority:**
Tex. Bus. & Com. Code § 17.46(b); Id. § 17.50(a) ("[A] person may maintain an action where any of the following constitute a producing cause for economic damages or damages for mental anguish: (1) the use or employment by any person of a false, misleading or deceptive act or practice that is: (A) specifically enumerated in a subdivision of subsection (b) of section 17.46 of this subchapter; and (B) relied on by a consumer to a consumer's detriment."); Pennington v. Singleton, 606 S.W.2d 682, 686 n.2 (Tex. 1980) (noting that section 17.50(a)(1) of the statute was amended in 1979); Amstadt v. U.S. Brass Corp., 919 S.W. 2d 644, 649 (Tex. 1996) ("A consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act and that the violation was a producing cause of the claimant's injury.").

---

[48] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the Texas Act. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 27 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

To prove a claim under this statute, Plaintiffs must prove by a preponderance of the evidence that (1) they are "consumers" under the DTPA; (2) AstraZeneca engaged in a false, misleading or deceptive practice that is specifically enumerated by the DTPA; (3) AstaZeneca's conduct was the producing cause of (4) damages suffered by the Plaintiffs.

**Authority:**
Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466 (5th Cir. 2002); Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co., 313 F.3d 899, 907 (5th Cir. 2002), Dawson v. Dovenmuehie Mortg., Inc., 214 F.R.D. 196, 200 (E.D. Pa. 2003).

A preponderance of the evidence means by the greater weight and degree of credible evidence.

**Authority:**
Harvard v. Carter-Kelley Lumber Co., 181 S.W. 756, 58 (Tex. App. 1915).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## MENTAL STATE REQUIREMENTS/SCIENTER

In order to find an intentional misrepresentation under Texas law, you must find by a preponderance of the evidence that AstraZeneca intended or had reason to expect Plaintiffs to act, or refrain from acting in reliance upon the misrepresentation.  To prove an intentional misrepresentation under Texas law, Mr. Howe and Mr. Townsend must each prove that:  (1) AstraZeneca made a material misrepresentation that was false; (2) AstraZeneca knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) AstraZeneca intended to induce Plaintiffs to act upon the representation; and (4) Plaintiffs actually and justifiably relied upon the representation and thereby suffered injury.

This means that Plaintiffs must show that, with respect to its statements about the average wholesale price of Zoladex, AstraZeneca intended, or had reason to expect, that Mr. Howe's and Mr. Towsend's conduct would have been influenced by their reasonable reliance on AstraZeneca's statements.

**Authority:**
Tex. Bus. & Com. Code § 17.45; Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001) ("One who makes a fraudulent misrepresentation is subject to liability to the persons. . . whom he intends or *has reason to expect* to act or to refrain from action in reliance upon the misrepresentation, for pecuniary loss suffered by them through their justifiable reliance in the type of transaction in which he intends or has reason to expect their conduct to be influenced."); Rencare, Ltd. v. United Med. Res., Inc., 180 S.W.3d 160, 166 (Tex. App. 2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELIANCE**

Mr. Howe and Mr. Townsend must also prove by a preponderance of the evidence that before they took Zoladex they heard or saw AstraZeneca's statements about the average wholesale price of Zoladex and that they relied on those statements in making their decisions. "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true.

Specifically, you must find by a preponderance of the evidence that Mr. Howe and Mr. Townsend read or heard AstraZeneca's statements about the average wholesale price of Zoladex, and made a decision because they relied on AstraZeneca's statements.

**Authority:**
Daugherty v. Jacobs, 187 S.W.3d 607, 616 (Tex. App. 2006); Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 (Tex. 2002).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## CONSUMER TRANSACTION REQUIREMENT

The Texas DTPA only protects consumers where misrepresentations which are enumerated in the Texas statute are made in connection with a "consumer transaction." In order to find a consumer transaction sufficient to maintain Plaintiffs' claim under the DTPA, Plaintiffs must prove either: (1) they heard or saw a representation made by Defendant and as a result made a purchase from Defendant; or (2) they heard or saw a representation made by Defendant and then purchased Defendant's product from a third party, but only if Defendant directly benefited from the sale made by the third party.

Thus, Plaintiffs must prove that Mr. Howe and Mr. Townsend saw or heard information with respect to the average wholesale price of Zoladex or that AstraZeneca benefited from the transaction between the consumer and the third party. Under the latter criteria, if you find that AstraZeneca did not receive any additional payment from the physicians' administration of Zoladex, then there was no direct benefit to AstraZeneca to sufficiently connect AstraZeneca to the consumer transaction.

**Authority:**
Burroughs v. APS Int'l, Ltd., 93 S.W.3d 155, 163-64 (Tex. App. 2002); Amstadt v. U.S. Brass Corp., 919 S.W.2d 644 (Tex. 1996); Marshall v. Kusch, 84 S.W.3d 781, 786 (Tex. App. 2002) (citing Luker v. Arnold, 843 S.W.2d 108, 114 (Tex. App. 1992)).

413

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**CAUSATION**

Plaintiffs must also show by a preponderance of the evidence that AstraZeneca's false, misleading, or deceptive acts were the producing cause of Mr. Townsend's and Mr. Howe's injuries.  Plaintiffs must show two things for you to make such a finding.  First, Plaintiffs must prove that AstraZeneca's conduct was a "substantial factor" in causing Plaintiffs' losses.  Second, Plaintiffs must prove that Defendant's conduct was the "cause in fact" of Plaintiffs' losses.  This means that you must find that the causal link between AstraZeneca's statements and Mr. Howe's and Mr. Townsend's loss is unbroken.  This means that if AstraZeneca demonstrates an independent basis for Mr. Howe's and Mr. Townsend's losses, for example that the actions of another entity such as their physician, insurers or even Medicare brought about the level of payment for Zoladex treatments, then you must find in favor of AstraZeneca.

**Authority:**
Tex. Bus. & Com. Code § 17.50(a); <u>Daugherty v. Jacobs</u>, 187 S.W.3d 607, 615 (Tex. App. 2006) ("When analyzing producing cause, the plaintiff must have shown some unbroken causal connection between the allegedly deceptive act and the actual damages suffered.  Texas courts require consideration of intervening and superceding causes."); <u>Main Place Custom Homes, Inc.</u> <u>v. Honaker</u> 192 S.W.3d 604 (Tex. App. 2006) (stating that a plaintiff must prove that the defendant's misrepresentations were the "producing cause" of the plaintiff's injuries which requires a showing that the acts were a cause in fact and a substantial factor in causing the injuries).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the Texas legislature. The Statute of Limitations for a DTPA claim is two years, which may not be extended.

In Texas, the two year limitations period begins to run when facts come into existence that authorize one to seek a judicial remedy. The fact that a consumer has not yet determined the extent of the damages he has incurred does not extend or alter the limitations period.

**Authority:**
Tex. Bus. Com. Code § 17.565; In re Alford Chevrolet-Geo, 997 S.W.2d 173, 179 (Tex. 1999); Cal Fed Mortgage Co. v. Street, 824 S.W.2d 622, 625 (Tex. App. 1991).

For Plaintiffs from the state of Texas, you must find that their action was filed within two years from when AstraZeneca last made a misrepresentation relevant to this case. For any such misrepresentations made two years or longer before this action was filed, Plaintiffs from Texas may not hold AstraZeneca liable.

**Authority:**
Tex. Bus. Com. Code § 17.565; Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
### DISCOVERY RULE

One exception to the rule that a claim accrues at the moment the misrepresentation is made is the discovery rule. Under the Texas DTPA the two year statute of limitations will not begin to run until a plaintiff knew or should have known that the representations at issue were false or deceptive. As soon as the consumer discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the false, misleading, or deceptive act or practice, the statute of limitations will begin to run.

**Authority:**
Tex. Bus. Com. Code § 17.565; In re Alford Chevrolet-Geo, 997 S.W.2d 173, 179 (Tex. 1999).

In Texas, knowledge acquired by a Plaintiff's attorney during the course of that attorney's employment is imputed to the Plaintiff for statute of limitations purposes. Thus, if you find that Mr. Howe and Mr. Townsends' attorneys, in the course of their employment, had knowledge of the nature of average wholesale price, then the statute of limitations began to run when the attorneys first knew this information.

**Authority:**
Stewart Title Guar. Co. v. Becker, 930 S.W.2d 748, 756-758 (Tex. App. 1996); rev'd on other grounds, Brown v. De La Cruz, 156 S.W.3d 560, 567 (Tex. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
## DOCTRINE OF FRAUDULENT CONCEALMENT

The Texas DTPA allows the statute of limitations to be extended by up to 180 days beyond the two years allowed by the statute if a defendant has concealed from the plaintiff the facts necessary to know that he has a claim against the defendant. The effect of the fraudulent concealment doctrine ends as soon as the plaintiff has or should have knowledge of facts or conditions that would cause a reasonable person to make an inquiry which, if pursued, would lead to discovery of the concealed action.

Under the DTPA, the limitations period may be extended for up to 180 days if Mr. Howe or Mr. Townsend proves that AstraZeneca: (1) had actual knowledge that Mr. Howe and Mr. Townsend's reliance and resulting injury based on the provision of average wholesale price information was a violation of the DTPA, (2) AstraZeneca had a legal duty to inform Mr. Howe and Mr. Townsend of the actual average of wholesale price of Zoladex, and (3) AstraZeneca had a fixed purpose in concealing the violation of the DTPA from Mr. Howe and Mr. Townsend.

**Authority:**
Tex. Bus. Com. Code § 17.565; Winn v. Martin Homebuilders, Inc., 153 S.W.3d 553, 558 (Tex. App. 2004); Okonkwo v. Wash. Mut. Bank, FA, No. 14-05-00925-CV, 2007 WL 763821, at *7 (Tex. App. Mar. 15, 2007).

**QUESTION OF LAW NO. 13:**
**SURVIVORSHIP**

A consumer's cause of action under the DTPA may be extinguished upon the consumer's death.

**Authority:**
Lukasik v. San Antonio Blue Haven Pools, Inc., 21 S.W.3d 394 (Tex. App. 2000) ("A representative of an estate is not a "consumer" under the DTPA because a DTPA cause of action does not survive the death of the original consumer."); First Nat'l Bank of Kerrville v. Hackworth, 673 S.W.2d 218 (Tex. App. 1984); 13 TXJUR 3d Consumer and Borrower Protection § 215 (2006).

**QUESTION OF LAW NO. 14:**

## DUTY TO MITIGATE

The Texas Supreme Court has recognized that a DTPA plaintiff's recovery of damages is limited not only by the evidence, but also by "the defendant's evidence of the plaintiff's failure to reasonably mitigate losses or evidence of intervening causes."

**Authority:**
Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 817 (Tex. 1997) (recognizing duty to mitigate in dicta).