# EXHIBIT 2

# (PART 15)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE UTAH CONSUMER SALES PRACTICES ACT ("UCSPA"), UTAH CODE ANN. § 13-11-1, *et seq.***

Zoladex patients from Utah are included in this lawsuit. Their ability to establish liability and to recover damages depends on your application of Utah law to the evidence introduced at trial. Therefore, I will now instruct you on the specific requirements of the Utah Consumer Sales Practices Act (hereafter "UCSPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Utah statute only covers persons who reside in Utah or who obtained goods in Utah.[49]  Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence that they reside in Utah, or were in Utah when they took or paid for Zoladex.  If you determine that Mr. Howe and Mr. Townsend were neither administered nor paid for Zoladex injections in Utah, you must render a verdict for AstraZeneca.

---

[49] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**PURPOSE OF THE ACT**

The purpose of the UCSPA is to simplify, clarify, and modernize the law governing consumer sales practices; to protect consumers from suppliers who commit deceptive and unconsionable sales practices; to encourage the development of fair consumer sales practices and to recognize and protect suppliers who in good faith comply with the provisions of this Act.

**Authority:**
Utah Code Ann. § 13-11-2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
## DEFINITIONS

A deceptive act or practice by a supplier in connection with a consumer transaction violates the UCSPA.

**Authority**:
Utah Code Ann. § 13-11-4.

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that AstraZeneca is a "supplier" as defined by the UCSPA. A supplier is defined as a seller, lessor, assignor, offeror, broker or other person who regularly solicits, engages in, or enforces consumer transactions, whether or not he deals directly with the consumer.

**Authority**:
Utah Code Ann. § 13-11-3(6); Holmes v. Am. States Ins. Co., 1 P.3d 552, 557 (Utah Ct. App. 2000).

Moreover, you must find that Mr. Howe or Mr. Townsend were harmed in the context of a consumer transaction. The statute defines "consumer transaction" as a "sale, lease, assignment, award by chance, or other written or oral transfer or disposition of goods, services, or other property, both tangible and intangible (except securities and insurance) to, or apparently to, a person for primarily personal, family or household purposes."

**Authority**:
Utah Code Ann. § 13-11-3.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the Utah courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician. The physician is an independent source of information "between" the manufacturer and the patient. A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have provided this information, and you should find for AstraZeneca.

**Authority:**
Schaerrer v. Stewart's Plaza Pharm., Inc., 79 P.2d 922, 928 (Utah 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**DECEPTIVE ACT OR PRACTICE**

The UCSPA specifically enumerates 22 acts or practices that constitute deception if committed knowingly or intentionally. Examples of such enumerated acts or practices are "indicat[ing] that the subject of a consumer transaction is of a particular standard, quality, grade, style or model, if it not" or "indicat[ing] that the subject of a consumer transaction is new or unused, if it is not, or has been used to the extent that it is materially different form the fact." In order to prove a claim under the UCSPA, Mr. Howe and Mr. Townsend must prove that AstraZeneca's conduct falls within one of the 22 exclusive provisions.[50]

**Authority:**
Utah Code Ann. § 13-11-4(2)(a)-(u); Id. § 13-11-19(4)(a); Workman v. Nagle Constr., Inc., 802 P.2d 749, 755 (Utah Ct. App. 1990) (concurrence).

---

[50] As noted in the accompanying memorandum, it is AstraZeneca's position that the conduct at issue does not fall within any of the exclusive provisions required under the Utah Act. To the extent this Court disagrees, AstraZeneca will supplement this instruction to include the 22 categories this jury will have to consider.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**CAUSATION**

Under the UCSPA, Mr. Howe and Mr. Townsend must show that they suffered a loss that was causally connected to the deceptive act that violates this statute. Stated differently, even if you find that AstraZeneca violated a statutory provision, Mr. Howe and Mr. Townsend must also prove the specific conduct that violated the statute caused them damages because of their purchases of Zoladex.

**Authority:**
Utah Code Ann. § 13-11-10; <u>Andreason v. Felsted</u>, 137 P.3d 1, 8 (Utah Ct. App. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**HARM/LOSS/INJURY**

The plain language of the statute does not allow Mr. Howe and Mr. Townsend recovery if they do not demonstrate injury flowing from the specific deceptive practice that violates the statute. Therefore, assuming Mr. Howe and Mr. Townsend prove all of the elements of their claims on which I have already instructed you, they must show that they suffered a loss as a result of that violation.

**Authority:**
Andreason v. Felsted, 137 P.3d 1, 8 (Utah Ct. App. 2006).

427

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES[51]**

Under Utah law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown by clear and convincing evidence, as defined in the general instructions, that AstraZeneca's conduct was the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

**Authority:**
Utah Code Ann. § 78-18-1.

---

[51] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**MENTAL STATE REQUIREMENTS/SCIENTER**

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the Zoladex average wholesale price.  In Utah an "intentional misrepresentation" is an affirmative assertion made by a representor when that person has exercised reasonable diligence in determining the veracity of the statement.  The UCSPA requires Plaintiffs to show that the deceptive conduct was committed intentionally by AstraZeneca.  This means that in order to find that AstraZeneca violated the statute, you must determine that AstraZeneca acted with the "intent to deceive."

**Authority:**
Jardine v. Brunswick Corp., 423 P.2d 659, 661-62 (Utah 1967); State by Division of Consumer Protection v. GAF Corp., 760 P.2d 310, 313-14 (Utah 1988).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations under the UCSPA is two years.

In Utah, the statute of limitations begins to run upon the occurrence of the last event necessary to complete the cause of action.  Once a statute has begun to run, a plaintiff must file his or her claim before the limitations period expires or the claim will be barred.

**Authority:**
Utah Code Ann. § 13-11-19(8); Russell Packard Dev. v. Carson, 108 P.3d 741, 746 (Utah 2005) ("Once the triggering event identified by the statutory discovery rule occurs--i.e., when a plaintiff first has actual or constructive knowledge of the relevant facts forming the basis of the cause of action--the statutory limitations period begins to run.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**DISCOVERY RULE**

An exception for the two year statute of limitations applies if you find that the Plaintiffs' suit was filed within two years of the date that Plaintiffs, with the exercise of reasonable discretion. should have discovered the fraud. The Plaintiffs have the burden of showing that even with a reasonable exercise of diligence, because of Defendant's conduct, Plaintiffs could not have discovered the conduct within the statutory period. This means that even if Plaintiffs did not actually know about the claims underlying the lawsuit, if Plaintiffs should have known about those claims or had constructive knowledge of those claims, the statute of limitations cannot be extended. In order to allow Plaintiffs to extend the two year statute of limitations you must determine that, given Defendant's actions, a reasonable plaintiff would not have known to bring this suit within the two year period required by the UCSPA. The burden is on Plaintiffs to show that a reasonable person would not have known to file the lawsuit within the required time period.

This means that you must determine the appropriate time for Plaintiffs to bring their claims taking into consideration when they should have discovered the existence of their claims regarding average wholesale price, if they were acting reasonably. Because the first Complaint in this case was filed in 2001, any claims that arose more than two years prior to the filing of that Complaint should be deemed barred by the statute of limitations, and any Plaintiffs who had knowledge of average wholesale price prior to 1999 must similarly be barred.

**Authority:**
Utah by Wilkinson v. B & H Auto, 701 F. Supp. 201, 203 (D. Utah 1988) (discussing statute of limitations in the context of the Motor Vehicle Information Cost Savings Act, a Utah statute focusing on consumer fraud); Russell Packard Dev. v. Carson, 108 P.3d 741, 746 (Utah 2005); Hill v. Allred, 28 P.3d 1271, 1275 (Utah 2001).

# QUESTIONS OF LAW RELATING TO THE UTAH CONSUMER SALES PRACTICES ACT ("UCSPA")

## QUESTION OF LAW NO. 12:
## PRIOR DETERMINATION REQUIREMENT

In Utah, a UCSPA claim can only proceed as a class action if it falls into one of three categories. A consumer can only bring a class action if the consumer suffers actual damages and:

(1) the damages were caused by an act or practice which a rule adopted by the enforcing authority identified in Utah Code Ann. § 13-11-8(2) specifies as a violation of the UCSPA. That rule must have been adopted prior to the consumer transactions upon which the consumer's action is based; or

(2) the deceptive act or practive which caused the consumer damage has been declared to violate Section 13-11-4 or 13-11-5 by a final judgment of the appropriate court or courts of general jurisdiction and appellate courts of Utah, and that final judgment was either officially reported or made available for public dissemination by the enforcing authority ten days before the consumer transactions on which the action is based; or

(3) a supplier agreed to a consent judgment which specifically prohibitted the conduct at issue, and the terms of the consent judgment became final before the consumer transactions on which the action is based.

If Mr. Howe and Mr. Towsend's claims do not arise from a deceptive act or practice that fits into one of these three categories, then, as a matter of law, claims arising under the Utah statute cannot proceed.

**Authority:**
Utah Code Ann. § 13-11-19(4)(a) ("A consumer who suffers loss as a result of a violation of this chapter may bring a class action for the actual damages caused by an act or practice specified as violating this chapter by a rule adopted by the enforcing authority under Subsection 13-11-8(2) before the consumer transactions on which the action is based, or declared to violate Section 13-11-4 or 13-11-5 by a final judgment of the appropriate court or courts of general jurisdiction and appellate courts of this state that was either officially reported or made available for public dissemination under Subsection 13-11-7(1)(c) by the enforcing authority ten days before the consumer transactions on which the action is based, or with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment which became final before the consumer transactions on which the action is based.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE VERMONT CONSUMER FRAUD ACT ("VCFA"),**
**VT. STAT. ANN. TIT. 9, § 245 1, *et seq.***

Zoladex patients from Vermont are included in this lawsuit.  Their ability to establish
liability and to recover damages depends on your application of Vermont law to the evidence
introduced at trial.  Therefore, I will now instruct you on the specific requirements of the
Vermont Consumer Fraud Act ("VCFA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Vermont statute only covers persons who reside in Vermont or who obtained goods in Vermont.  In order to recover, Plaintiffs must prove by a preponderance of the evidence that they obtained goods in Vermont or resided there at the time of their injury.[52]

---

[52] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The VCFA provides that a "consumer" "who contracts for. . . goods or services in reliance on fraudulent or deceptive practices prohibited by [the VCFA]. . . may sue and recover from the seller, solicitor or violator. . . ."

**Authority:**
9 V.S.A. § 2461(b).

The person who is suing must be a "consumer" as defined by the VCFA. The VCFA defines a consumer as "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services . . . for his or her use or benefit or the use or benefit of a member of his or her household . . . ."

**Authority:**
9 V.S.A. § 2451a(a).

The VCFA defines a "seller" as one who is "regularly and principally engaged in a business of selling goods or services to consumer" in Vermont. "Solicitor" means those persons who ask consumers to purchase goods or services and who have an economic interest in having the consumer purchase goods and services. "Violator" means a person who has already been found to have violated this Vermont statute.

**Authority:**
9 V.S.A. § 2451a(c); Carter v. Gugliuzzi, 716 A.2d 17, 21 (Vt. 1998); Sawyer v. Robson, 915 A.2d 1298, 1303 (Vt. 2006) ("It is true that, while the CFA defines the term 'seller,' it does not define the terms 'solicitor' or 'other violator.' The significance of this omission, however, is simply that we afford those undefined terms their plain meaning.") (citations omitted).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## DECEPTIVE ACT OR PRACTICE

The VCFA provides that deceptive acts or practices in commerce are unlawful. Under the VCFA, a "deceptive act or practice" is a material misrepresentation of an important statement of fact. As I will instruct, Plaintiffs must prove that AstraZeneca intentionally made a misrepresentation that was material and likely to mislead a reasonable consumer. You must find by a preponderance of the evidence that AstraZeneca committed a deceptive practice as defined by the act, which you believe is likely to mislead a consumer.

**Authority:**
9 V.S.A. § 2453(a); Hughes v. Holt, 435 A.2d 687, 689 (Vt. 1981) (stating that evidence of consumer fraud under Vermont law requires a showing of liability by a preponderance of the evidence); Bisson v. Ward, 628 A.2d 1256, 1261 (Vt. 1993) (defining deceptive act or practice).

Under the statute, an individual may bring a lawsuit if he is a consumer, defined in the statute, as one who has suffered damages or injury as a result of any false or fraudulent representations or practices that are prohibited by the statute.

**Authority:**
9 V.S.A. § 2453(b); Elkins v. Microsoft Corp., 817 A.2d 9, 12 (Vt. 2002).

You must also find that AstraZeneca's acts were committed "in commerce."

**Authority:**
Jordan v. Nissan N. Am., Inc., 853 A.2d 40, 43 (Vt. 2004); Repucci v. Lake Champagne Campground, Inc., 251 F.Supp. 2d 1235, 1240 (D. Vt. 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**LEARNED INTERMEDIARY DOCTRINE**

Under Vermont law, a drug manufacturer has no legal obligation to convey information about a drug to patients.  Under Vermont law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected into them, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctor's average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected with Zoladex, and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

Under the VCFA the essential elements of a deceptive act or practice are:
(1) there must be a representation likely to mislead the consumer; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be material, that is, likely to affect the consumer's conduct or decision with regard to a product.

**Authority:**
Peabody v. P.J.'s Auto Village, Inc., 569 A.2d 460, 462 (Vt. 1989); Poulin v. Ford Motor Co., 513 A.2d 1168 (Vt. 1986) (the VCFA requires Vermont courts construing the statute to be guided by the construction of similar terms in the FTCA).

For the first element, Plaintiffs must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex that was likely to mislead Vermont consumers, as defined earlier.

For the second element, you must first find that the consumer interpreted AstraZeneca's statements about the average wholesale price of Zoladex, and you must also determine that such interpretation was reasonable under the circumstances. This means that you must find that Mr. Howe and Mr. Townsend saw or heard the intentional misrepresentations made by AstraZeneca with respect to the average wholesale price of Zoladex, and that they interpreted those representations about the Zoladex average wholesale price in a reasonable way, given their particular circumstances.

Finally, you must also find that the misleading effects of the message that Mr. Howe and Mr. Townsend interpreted would affect a reasonable Vermont consumer's conduct. Under the VCFA this means you should consider what a reasonable person would regard as important in making a decision. Thus, you must determine that a reasonable person faced with the same message regarding the average wholesale price for Zoladex that Mr. Howe and Mr. Townsend interpreted would find that that message about average wholesale price would affect that person's subsequent purchasing decision.

**Authority:**
Carter v. Gugliuzzi, 716 A.2d 17, 23 (Vt. 1998); 9 V.S.A. § 2461(b); Moffitt v. Icynene, Inc., 407 F. Supp. 2d 591, 600 (D. Vt. 2005) ("[Plaintiffs] do not dispute that they had no communication with [defendant] prior to the installation of the insulation and therefore did not rely on any representations by [defendant] .... Accordingly, they have withdrawn the consumer fraud claim against [defendant]"); Bisson v. Ward, 628 A.2d 1256, 1260 (Vt. 1993) ("The Act allows any consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by [the VCFA] to bring suit against the violator."); Repucci v. Lake Champagne Campground, Inc., 251 F. Supp. 2d 1235, 1240 (D. Vt. 2002).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the Zoladex average wholesale price.

In order to find an intentional misrepresentation under Vermont law, as defined earlier, you must find by a preponderance of the evidence that AstraZeneca: (1) misprepresented an existing fact, affecting the essence of the transaction; (2) the misrepresentation was false when made' (3) the misrepresentation was known to be false by AstraZeneca; (4) the misrepresentation was not open to the defrauded party's knowledge; and (5) the misrepresentation was relied upon by the defrauded party to his detriment.

**Authority:**
Union Bank v. Jones, 411 A.2d 1338, 1342-43 (Vt. 1980).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## CAUSATION

Plaintiffs must prove by a preponderance of the evidence that Mr. Townsend and Mr. Howe suffered a loss that was caused by their reliance on AstraZeneca's intentional misrepresentation – that is, they would have done something different if they had been told the actual average wholesale price of Zoladex.

**Authority:**
9 V.S.A. § 2453(b); <u>Elkins v. Microsoft Corp.</u>, 817 A.2d 9, 12 (Vt. 2002).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES[53]

Under Vermont law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown by clear and convincing evidence, as defined in general instructions, that AstraZeneca's conduct was committed willfully and with actual malice.  In general, courts have defined clear and convincing evidence as "more than a preponderance of the evidence but less than proof beyond a reasonable doubt; in other words, the truth of the facts asserted is 'highly probable.'"

A defendant has acted with malice if the defendant manifested ill will or the conduct was carried out under circumstances evidencing insult or oppression, or a wanton disregard of Plaintiffs' rights.

**Authority:**
Q.V.S.A. § 2461(b); Meadowbrook Condo. Ass'n v. S. Burlington Realty Corp., 565 A.2d 238, 245 (Vt. 1989).

---

[53] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.  However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:**
**STATUTE OF LIMITATIONS**

As noted in the general instructions, the Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the Vermont legislature. The statute of limitations for a VCFA claim is six years, which may not be extended.

In Vermont, the six year period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted.

For Plaintiffs from the state of Vermont, you must find that their action was filed within six years from the date AstraZeneca last made a misrepresentation relevant to this case. For any such misrepresentations made six years or longer before this action was filed, Plaintiffs from Vermont may not hold AstraZeneca liable.

**Authority:**
12 V.S.A. § 511.

442

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## DISCOVERY RULE

An exception to the six year statute of limitations applies if you find that the Plaintiffs' suit was filed within six years of the date from which Plaintiffs could have first reasonably discovered their injuries and that it was caused by the conduct of another person.

In this case, the lawsuit was filed in December 2001.

Mistake, misunderstanding, or lack of knowledge, without more, do not toll the running of the statute.

A "cause of action is generally said to accrue upon the 'discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery." Thus, it is the Plaintiffs' duty to use reasonable diligence to properly inform themselves of the facts and circumstances of the injury.

"Thus, the statute of limitations begins to run when the plaintiff has notice of information that would put a reasonable person on inquiry, and the plaintiff is ultimately chargeable with notice of all the facts that could have been obtained by the exercise of reasonable diligence in prosecuting [the] inquiry."

You as the jury must determine when the Plaintiffs' injury and the cause of that injury were discovered or should have reasonably been discovered by Plaintiffs. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Galfetti v. Berg, Carmolli & Kent Real Estate Corp., 756 A.2d 1229, 1231 (Vt. 2000) (citing Vt. Agency of Natural Resources v. Towns, 724 A.2d 1022 (Vt. 1998)).

**DEFENDANT'S PROPOSED JURY INSTRUCTION
RELATING TO THE WASHINGTON CONSUMER PROTECTION ACT ("WCPA"),
WASH. REV. CODE § 19.86.010, *et seq.***

Zoladex patients from Washington are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Washington law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Washington Consumer Protection Act ("WCPA").

444

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**DEFINITIONS**

The WCPA provides that "[a]ny person who is injured in his or her business or property by a violation of" the prohibition against "deceptive acts or practices in the conduct of any trade or commerce . . . may bring a civil suit in the superior court . . . ."

**Authority:**
Wash. Rev. Code §§ 19.86.090, 19.86.020.

The WCPA defines "person" as "natural person, corporations, trusts, unincorporated associations and partnerships."

The WCPA defines "trade" and "commerce" as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington."

The WCPA defines "assets" as "any property, tangible or intangible, real, personal, or mixed, and wherever situate, and any other thing of value."

**Authority:**
Wash. Rev. Code § 19.86.010 (1)-(3).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove that: (1) AstraZeneca used a deceptive act or practice; (2) the deceptive act or practice occurred in trade or commerce; (3) the deceptive act or practice affected the public interest; (4) an injury to Mr. Howe and Mr. Townsend's business or property occurred; and (5) a causal link exists between the deceptive act or practice and the injury suffered. Mr. Howe and Mr. Townsend must prove all five of these elements or you must find for AstraZeneca.

**Authority:**
Hangman Ridge Training Stables v. Safeco Title Ins. Co., 719 P.2d 531, 535 (Wash. 1986).

446

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## LEARNED INTERMEDIARY DOCTRINE

Under certain circumstances, the Washington courts have recognized the "learned intermediary" doctrine as a defense to claims by a consumer of prescription drugs against a pharmaceutical manufacturer, such as AstraZeneca here, when the consumer receives prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, if you find that Mr. Howe and Mr. Townsend's doctors knew the relevant information about the average costs of the Zoladex they bought, then Plaintiffs cannot claim that AstraZeneca should have provided such information, and you should find for AstraZeneca.

**Authority:**
State Farm Fire & Cas. Co. v. Huynh, 962 P.2d 854, 857 (1998); Wash. State. Physicians Ins. Exch. & Ass'n v. Fisons Corp., 858 P.2d 1054, 1061-62 (1993).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the Zoladex average wholesale price.

Mr. Howe and Mr. Townsend seek to recover damages from AstraZeneca for intentional misrepresentation with regard to the average wholesale price of Zoladex.  Mr. Howe and Mr. Townsend must show by clear and convincing evidence that AstraZeneca knew the representations were false and that AstraZeneca intended to induce Mr. Howe and Mr. Townsend to act in reliance upon the misrepresentation.  You cannot find that AstraZeneca engaged in intentional misrepresentation if you find that AstraZeneca believed the representations were true at the same time they were allegedly made.

**Authority:**
Warn/Williams & Assoc. v. Quick Check, Inc., No. 46923-1-I 2002 Wash. App. LEXIS 2975, at *8-11 (Wash. Ct. App. Dec. 2, 2002).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
### DECEPTIVE ACT OR PRACTICE

Whether an act or practice is deceptive for purposes of the WCPA cannot be defined precisely and must be determined on a case-by-case basis. Therefore, you must decide, after careful evaluation of the specific evidence presented, whether AstraZeneca's representation of the average wholesale price was deceptive. To establish that an act or practice is deceptive, Mr. Howe and Mr. Townsend must show that AstraZeneca's acts "had the capacity to deceive a substantial portion of the public." As such, in order to find that AstraZeneca's representation of the average wholesale price of Zoladex was deceptive, you must find that providing average wholesale price information to medical publishers had the capacity to mislead a substantial number of Washington residents making decisions about Zoladex injections. If you find that AstraZeneca's representation was made "in good faith under an arguable interpretation of existing law," however, then you must find for AstraZeneca.

**Authority:**
State v. Reader's Digest Ass'n, 501 P.2d 290, 300 (Wash. 1972). Hangman Ridge Training Stables v. Safeco Title Ins. Co., 719 P.2d 531, 535 (Wash. 1986); Perry v. Island Sav. & Loan Ass'n, 684 P.2d 1281, 1289 (Wash. 1984).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**RELIANCE/CAUSATION**

Mr. Howe and Mr. Townsend must prove that they relied on AstraZeneca's representation about the average wholesale price of Zoladex to their detriment. Specifically, you must find by clear and convincing evidence that Mr. Howe and Mr. Townsend heard AstraZeneca's alleged intentional misstatements about Zoladex and made decisions about Zoladex only because they relied on AstraZeneca's statements.

You must also find that Mr. Howe or Mr. Townsend suffered a loss of money or property that was caused by their reliance on AstraZeneca's alleged intentional misrepresentation. This casual connection must be proximate and direct. In other words, you must find that Mr. Howe or Mr. Townsend lost money or property because he depended upon AstraZeneca's representations regarding the average wholesale price of Zoladex.

**Authority:**
Davis v. Homecomings Fin., No. C05-1466RSL, 2006 U.S. Dist. LEXIS 77381 at *24 (W.D. Wash. Oct. 10, 2006); Robinson v. Avis Rent a Car Sys., 22 P.3d 818, 823 (Wash. App. Ct. 2001); Pickett v. Holland Am. Line-Westours, Inc., 35 P.3d 351, 360 (Wash. App. Ct. 2001); Smith v. Olympic Bank, 693 P.2d 92, 96 (Wash. App. Ct. 1985).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**MATERIALITY**

Mr. Howe and Mr. Townsend must also establish that AstraZeneca's alleged misrepresentation of the average wholesale price of Zoladex was "material" in order to be found deceptive under Washington law.  To satisfy the requirement of "materiality" for residents of Washington, Mr. Howe and Mr. Townsend must prove that at least one of AstraZeneca's statements regarding the average wholesale price was a material misrepresentation that misled them in making their decisions to pay for Zoladex injections.

**Authority:**
Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., 135 P.3d 499, 507 (Wash. App. Ct. 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## PUBLIC INTEREST SHOWING

In order to state a claim for damages under the WCPA, Mr. Howe and Mr. Townsend must also establish that the deceptive act affected the public interest. Whether the public has an interest in this action is to be determined from several factors, including (1) if the alleged acts were committed in the course of AstraZeneca's business; (2) if AstraZeneca advertised to the public in general; (3) if AstraZeneca actively solicited Mr. Howe and Mr. Townsend, indicating potential solicitation of others; and (4) if Plaintiffs and AstraZeneca occupied unequal bargaining positions.

**Authority:**
Hangman Ridge Training Stables v. Safeco Title Ins. Co., 719 P.2d 531, 538 (Wash. 1986).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## STATUTE OF LIMITATIONS

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the state legislature. The statute of limitations for a WCPA claim is four years from the date that the right to institute and maintain a lawsuit arises, which is when the injury was inflicted. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Washington, must show that their complaint against AstraZeneca was filed within four years of when Mr. Howe and Mr. Townsend allegedly heard AstraZeneca's statements regarding the average wholesale price.

If you find that the Complaint in this case was not filed within four years from when Zoladex patients in Washington were injured by AstraZeneca, you must next determine whether the statute of limitations should be extended. In order to extend the statute of limitations under the WCPA, Mr. Howe and Mr. Townsend must establish that they did not have the opportunity to "reasonably discover the elements" giving them the right to bring a lawsuit until after the date the injury was inflicted. This means that Mr. Howe and Mr. Townsend must establish that this suit was filed within four years of the date from which they should have reasonably discovered the elements giving them the right to maintain a lawsuit.

**Authority:**
Wash. Rev. Code § 19.86.120; <u>Pickett v. Holland Am. Line-Westours, Inc.</u>, 6 P.3d 63, 69 (Wash. App. Ct. 2000).

**DEFENDANT'S QUESTIONS OF LAW
RELATING TO THE WASHINGTON CONSUMER PROTECTION ACT ("WCPA"),
WASH. REV. CODE § 19.86.010, *et seq.***

**QUESTION OF LAW NO. 1
REASONABLENESS DEFENSE**

The WCPA shall not be construed to prohibit acts or practices that are reasonable in relation to the development and preservation of business.

**Authority:**
Wash. Rev. Code § 19.86.920; <u>Travis v. Wash. Horse Breeders Ass'n</u>, 759 P.2d 418, 424 (Wash. 1988)