# EXHIBIT 2

# (PART 16)

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE WEST VIRGINIA CONSUMER CREDIT**
**& PROTECTION ACT,**
**W. VA. CODE § 46A-6-101, *et seq.***

 Zoladex patients from West Virginia are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of West Virginia law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the West Virginia Consumer Credit & Protection Act (hereinafter "CCPA").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The West Virginia statute covers West Virginia consumers.  Plaintiffs must prove by a preponderance of the evidence that they either were in West Virginia when they took or paid for Zoladex or resided in West Virginia at the time of the transaction.[54]

**<u>Authority:</u>**
W. Va. Code § 46A-6-102(6) (defines commerce under the statute as that which directly or indirectly affects the people of the state of West Virginia).

---

[54] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## DEFINITIONS

The CCPA states that "deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

**Authority:**
W. Va. Code § 46A-6-104.

The CCPA goes on to prohibit 16 categories of what it deems deceptive acts or practices or unfair competition.  I instruct you that only one section may be applicable.  This section prohibits "[t]he act use or employment by any person of any deception, fraud, false pretense, false premise, misrepresentation. . . in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been mislead, deceived or damaged thereby."

**Authority:**
W. Va. Code § 46A-6-102(7)(M).

Certain terms are defined in the statute as follows:

"Advertisement" means the publication, dissemination, or circulation of any matter, oral or written matter, including labeling, which tends to induce, directly or indirectly, any person to enter into any obligation, sign any contract, or acquire any title or interest in any goods or services and includes every word device to disguise any form of business solicitation by using such terms as "renewal," "invoice," "bill," "statement," or "reminder" to create an impression of an existing obligation when there is none or other language to mislead a person in relation to any sought-after commercial transaction.

A "consumer" means a natural person to whom a sale or lease is made in a consumer transaction and a "consumer transaction" means a sale or lease to a natural person or persons for personal, family, household, or agricultural purposes.

"Sale" includes any sale, offer for sale, or attempt to sell any goods for cash or credit or any services or offer of services for cash or credit.

"Trade" or "commerce" means the advertising, offering for sale, sale or distribution of any goods or services and shall include any trade or commerce, directly or indirectly, affecting the people of West Virginia.

**Authority:**
W. Va. Code § 46A-6-102(1), (2), (5), (6).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**
**ELEMENTS**

To prove a claim under this statute, Plaintiffs must prove by clear and convincing evidence that AstraZeneca (1) engaged in an act that was fraudulent; (2) the act was material and false; (3) Plaintiffs relied upon the act and were justified under the circumstances in relying upon it; and (4) Plaintiffs were damaged because they relied upon it. Actual fraud is intentional, and consists of intentional deception to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. Therefore, Plaintiffs must prove that AstraZeneca made an intentional misrepresentation about the average wholesale price of Zoladex in the course of promoting or advertising to consumers or selling to consumers in West Virginia, that Plaintiffs were aggrieved by not having been told the actual average wholesale price of Zoladex, and that Mr. Howe and Mr. Townsend suffered actual damages. I will provided detailed instructions on these elements below.

**Authority:**
Lengyel v. Lint, 280 S.E.2d 66 (W. Va. 1981) (in the context of common law fraud.); Miller v. Liberty Mut. Fire Ins. Co., 393 F. Supp. 2d 399 (S.D. W. Va. 2004) (same); Bowling v. Ansted Chrysler-Plymouth-Dodge, 425 S.E. 2d 144 (1992) (same); W. Va. Code § 46A-6-102(1), (2), (6).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:
### DECEPTIVE ACT OR PRACTICE

An act or practice is deceptive if there is a representation that is likely to mislead the average West Virginia consumer, and the representation is material.

In order to show that a statement is "likely to mislead," Plaintiffs must prove probable, not possible, deception. A statement that is "likely to mislead" is a statement that a consumer thinks is important or material and is likely to lead an average West Virginia consumer into making a wrong decision or into mistaken action. As applied to this case, Plaintiffs must prove by a preponderance of the evidence that: (1) they read or heard AstraZeneca's statement before they made their decisions concerning Zoladex; and then Plaintiffs must prove by a preponderance of the evidence that (2) AstraZeneca's statement concerning the average wholesale price of Zoladex was likely to mislead an average consumer about Zoladex.

Plaintiffs must further prove that the deception allegedly committed by AstraZeneca occurred in an advertisement or other promotional context, or in a sales context upon which Plaintiffs made their decisions about Zoladex. While it is your duty to determine if Plaintiffs carried their burden of proving that the deception they heard was in an advertisement, promotional or sales context, I remind you of the definitions I provided you with earlier.

**Authority:**
W. Va. Code § 46A-6-102(2), (7)(M); <u>Bowling v. Ansted Chrysler-Plymouth-Dodge</u>, 425 S.E. 2d 144 (W. Va. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove AstraZeneca made an "intentional misrepresentation," concerning the Zoladex average wholesale price. In order to find an intentional misrepresentation under West Virginia law, Mr. Howe and Mr. Townsend must prove that AstraZeneca made a representation to West Virginia conusmers about the average wholesale price of Zoladex, knowing it was false. In other words, they knew that the statements AstraZeneca made to consumers about the average wholesale price of Zoladex were false and intended, that is meant to, cause consumers to rely upon that misrepresentation.

**Authority:**
See Lengyel v. Lint, 280 S.E.2d 66 (W. Va. 1981); Horton v. Tyree, 139 SE 739, 741 (W. Va. 1927) ("A false representation may be made with scienter, so as to afford a right of action in damages, in contemplation of law, in any of the following ways: (1) with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or (3) under circumstances in which the person making it ought to have known if he did not know of its falsity. A representation in respect to a matter, with the intent to influence the conduct of another, implies necessarily the belief of the party making it that the statement is true.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## TRANSACTION REQUIREMENT

Under the CCPA, Plaintiffs must show that any deceptive statements made by AstraZeneca occurred "in the conduct of" trade or commerce, as defined above and were made "in connection with the sale or advertisement" of goods.  I instruct you that if Plaintiff failed to prove that AstraZeneca was the seller in a sales transaction with a consumer, you must find for AstraZeneca.  Similarly, if Plaintiffs fail to prove that AstraZeneca advertised Zoladex to consumers in West Virginia and in doing so, intentionally misstated the average wholesale price of Zoladex, you must also find for AstraZeneca.

Plaintiffs must prove by a preponderance of the evidence that AstraZeneca sold Zoladex to Plaintiffs.  It is not sufficient to determine that AstraZeneca manufactured Zoladex and sold it to a doctor.  Rather, Plaintiffs must prove AstraZeneca in fact sold Zoladex to Plaintiffs.  If Plaintiffs failed to prove that AstraZeneca was the seller in a sales transaction with them, you must find for AstraZeneca.

Plaintiffs may also recover if they prove by a preponderance of the evidence that the alleged intentional misrepresentation was made in connection with the advertisement of Zoladex. Plaintiffs must prove AstraZeneca made an intentional misrepresentation in an advertisement about Zoladex directed at consumers in West Virginia.  Put another way, Plaintiffs must prove that AstraZeneca advertised Zoladex to consumers in West Virginia and in doing so, intentionally misstated the average wholesale price of Zoladex.

**Authority:**
W. Va. Code § 46A-6-102(1), (6).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 7:
## MATERIALITY

Plaintiffs must prove that AstraZeneca's alleged intentional misrepresentation about the average wholesale price of Zoladex was material.  A fact is "material" if it is important to consumers and therefore would likely affect their course of action in the transaction in question. In addition, Plaintiffs must prove that the material fact is important to, and likely to affect, the decisions of consumers in West Virginia.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## CAUSATION

Plaintiffs must prove by a preponderance of evidence that Mr. Townsend and Mr. Howe suffered a loss of money or property that was proximately caused by AstraZeneca's intentional misrepresentation. In order to show proximate cause, Plaintiffs must prove that AstraZeneca's statements to consumers about the average wholesale cost of Zoladex produced or contributed substantially to producing the loss. If Plaintiffs' actions would not have changed had they known the actual wholesale cost of Zoladex, then there is no proximate cause and you must find for AstraZeneca.

**Authority:**
W. Va. Code § 46A-6-106 (a) ("Any person who purchases or leases goods or services and thereby suffers any ascertainable loss . . . as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article may bring an action . . . to recover actual damages or two hundred dollars, whichever is greater . . . .") (emphasis added); see also W. Va. ex rel. Miller v. Sec'y of Educ. of the United States, No, 2: 90-0590, 1993 U.S. Dist. LEXIS 21394, at *46 (D. W. Va. Sept. 30, 1993).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## LEARNED INTERMEDIARY DOCTRINE

In West Virginia, a consumer of prescription drugs cannot have a claim against a pharmaceutical manufacturer, such as AstraZeneca, concerning information about the drug when the consumer receives prescription drugs from a physician.  The physician is an independent source of information "between" the manufacturer and the patient.  A patient does not have a claim against the manufacturer of a drug for failure to provide information to him or her about a drug.

In this case, Plaintiffs assert that information about the average wholesale price of Zoladex was important.  If you determine that Plaintiffs wanted that information and Plaintiffs' doctors knew the relevant information about the average costs of the Zoladex they bought from AstraZeneca, then Plaintiffs cannot claim that AstraZeneca should have provided that informtaion to them, and you should find for AstraZeneca.

**Authority:**
Ashworth v. Albers Med., Inc., 395 F. Supp. 2d 395 (S.D. W.Va. 2005); Pumphrey v. C.R. Bard, Inc., 906 F. Supp. 334 (N.D. W. Va. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**RELATIVE INVOLVEMENT OF MANUFACTURER AND DOCTOR**

Under West Virginia law, the statute does not apply in the doctor-patient context. In addition, under West Virginia law, a drug manufacturer has no legal obligation to convey information about a drug to patients. Under West Virginia law, a doctor is required to tell his or her patient information about a drug.

There is some information concerning a drug that a doctor knows. If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctors' average cost of Zoladex which of the two knew that Mr. Howe and Mr. Townsend were being injected; and which of the two were in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**Authority:**
Ashworth v. Albers Med., Inc., 395 F. Supp. 2d 395, 407 (S.D. W. Va. 2005) ("The [learned intermediary] doctrine holds that the duty of the manufacturer to warn is owed to the prescribing physician not the ultimate consumer—the patient. This doctrine arises from the recognition of the primary role of the patient's physician and from the reluctance to place a duty on a manufacturer that may interfere with the physician-patient relationship.") (citation omited); Pumphrey v. C.R. Bard, Inc., 906 F. Supp. 334 (N.D.W. Va. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the legislature.  The statute of limitations for a claim based on the CCPA is two years.

**Authority:**
W. Va. Code § 55-2-12.

466

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
## DISCOVERY RULE

A right of action does not accrue until the Plaintiffs knew or should have known by the exercise of reasonable diligence of the nature of their claims. To benefit from the tolling grace of the rule, a plaintiff must make a strong showing of fraudulent concealment, inability to comprehend the injury, or other extreme hardship. Where a cause of action is based on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury.

**Authority:**
Knapp v. American Gen. Fin. Inc., 111 F. Supp. 2d 758 (S.D. W. Va. 2000); Meriill v. W. Va. Dep't of Health & Human Resources, 632 S.E.2d 307, 312 (W. Va. 2006) ("The 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application.") (citations omitted).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RELATING TO THE
WISCONSIN DECEPTIVE TRADE PRACTICES ACT, ("DTPA"),
WIS. STAT. §100.18, *et seq.***

This lawsuit includes Zoladex patients bringing claims under Wisconsin law.  Their ability to establish liability and to recover damages depends on your application of Wisconsin law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:
## EXTRATERRITORIAL APPLICATION

Although nonresidents of Wisconsin may pursue a claim under the Wisconsin DTPA, the Wisconsin DTPA applies only to assertions, representations, and statements of fact made within Wisconsin. Plaintiffs therefore must prove that AstraZeneca's assertion, representation, or statement of fact regarding the average wholesale price of Zoladex was made in Wisconsin, they read or heard the statement made in Wisconsin, and the statement in Wisconsin caused their loss.[55]

**Authority:**
Demitropoulos v. Bank One Milwaukee, N.A., 915 F. Supp. 1399, 1415 (N.D. Ill. 1996); Wis. Stat. § 100.18(1) (prohibiting publication, dissemination, circulation, or placement before the public "in this state" of untrue, deceptive, or misleading advertisement, announcement, statement, or representation) (emphasis added).

---

[55] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:
## PURPOSE OF THE ACT

The Wisconsin DTPA aims to protect the public from untrue, deceptive or misleading assertions, representations, and statements of fact made in sales promotions.

**Authority:**
State v. Automatic Merchandisers of Am., Inc., 221 N.W.2d 683 (Wis. 1974).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## DEFINITIONS

The Wisconsin DTPA prohibits untrue assertions, representations, and statements of fact. An assertion, representation, or statement of fact is untrue if it is "false, erroneous, or does not state or represent things as they are." The Wisconsin DTPA also prohibits deceptive and misleading assertions, representations, and statements of fact. An assertion, representation, or statement of fact is deceptive or misleading not only if it is a false affirmation, but also if it fails to disclose the whole truth or omits important facts, thus giving misleading impressions.

**Authority:**
Tietsworth v. Harley-Davidson, Inc., 677 N.W.2d 233 (Wis. 2004). Compare id., with Uebelacker v. Paula Allen Holdings, Inc., 464 F. Supp. 2d 791, 804 (W.D. Wis. 2006) ("A statement is deceptive or misleading if it causes a reader or listener to believe something other that what is in fact true or leads to a wrong belief.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**DECEPTIVE ACT OR PRACTICE**

The Wisconsin DTPA applies to assertions, representations, and statements of fact made in an "advertisement, announcement, statement or representation . . . to the public . . . ."

**Authority:**
Tietsworth v. Harley-Davidson, Inc., 270 Wis. 2d 146, 169, 677 N.W.2d 233 (2004) (citing Wis. Stat. § 100.18(1) & Wis. JI–Civil 2418).

This application includes "any untrue, deceptive or misleading representation[] made to promote the sale of a product. It is not limited to media advertising," and may include oral assertions, representations, or statements of fact.

**Authority:**
State v. Automatic Merchandisers of Am., Inc., 221 N.W.2d 683 (Wis. 1974) (emphasis added).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**
**ELEMENTS**

To prevail under the Wisconsin DTPA, Mr. Howe and Mr. Townsend must prove by a preponderance of the evidence each of the following elements:  (1) that with the specified intent; (2) AstraZeneca made an "advertisement, announcement, statement or representation . . . to the public"; (3) which contained an "assertion, representation or statement of fact" that is "untrue, deceptive or misleading"; and (4) Mr. Howe and Mr. Townsend sustained a pecuniary loss; (5) as a result of AstraZeneca's assertion, representation, or statement of fact.

**Authority:**
Tietsworth v. Harley-Davidson, Inc., 677 N.W.2d 233 (Wis. 2004) (citing Wis. Stat. § 100.18(1) & Wis. JI–Civil 2418).

473

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## MENTAL STATE REQUIREMENTS/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court they would prove that AstraZeneca made an "intentional misrepresentation" concerning the average wholesale price of Zoladex. In order to prove an intentional misrepresentation under Wisconsin law, Mr. Howe and Mr. Townsend must prove that AstraZeneca made a representation to Wisconsin consumers about the average wholesale price of Zoladex, knowing it was false, and did so to induce Mr. Howe and Mr. Townsend to make decisions about Zoladex.

**Authority:**
Wis. Stat. § 100.18(1); Kailin v. Armstrong, 643 N.W.2d 132 (Wis. Ct. App. 2002).

Nondisclosure or silence does not satisfy the requirement that the defendant make an assertion, representation, or statement of fact. Therefore, if you find that AstraZeneca did nothing more than remain silent regarding the average wholesale price of Zoladex, you must also find that Mr. Howe and Mr. Townsend's claims under the Wisconsin DTPA fails.

**Authority:**
Tietsworth v. Harley-Davidson, Inc., 677 N.W.2d 233 (2004) ("The DTPA does not purport to impose a duty to disclose, but, rather, prohibits only affirmative assertions, representations, or statements of fact that are false, deceptive, or misleading.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**CAUSATION**

The Wisconsin DTPA requires a defendant's assertion, representation, or statement of fact to cause the plaintiff's pecuniary loss. An assertion, representation, or statement of fact causes a pecuniary loss where the plaintiff would not have acted to incur the pecuniary loss in the absence of the assertion, representation, or statement of fact.

The assertion, representation, or statement of fact must be a material inducement—or "significant factor"—in the plaintiff's decision to act. In other words, Mr. Howe and Mr. Townsend must prove that knowing the actual wholesale price of Zoladex was a significant factor to them. Accordingly, to establish causation, Mr. Howe and Mr. Townsend must prove that AstraZeneca's assertion, representation, or statement of fact regarding the average wholesale price of Zoladex was a material inducement or significant factor in their decisions to purchase Zoladex, and thereby caused them to incur pecuniary loss. That is, Mr. Howe and Mr. Townsend must prove that they would not have purchased Zoladex in the absence of AstraZeneca's assertion, representation, or statement of fact regarding the average wholesale price of Zoladex.

**Authority:**
Valente v. Sofamor, S.N.C., 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999) (applying § 100.18(1)); accord Tim Torres Enters., Inc. v. Linscott, 416 N.W.2d 670, 673-74 n.3 (Wis. Ct. App. 1987) (applying § 100.18(11)(b)2), review denied 419 N.W.2d 562 (1987); K&S Tool & Die Corp. v. Perfection Machinery Sales, Inc., 720 N.W.2d 507 (Wis. Ct. App. 2006), petition for review granted, 724 N.W. 202 (Wis. 2006); MADCAP I, LLC v. McNamee, 702 N.W.2d 16 (Wis. Ct. App. 2005) (citing Wis. JI-Civil 2418).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELIANCE

Under the Wisconsin DTPA, in order for a plaintiff to prove causation, the plaintiff must prove that he or she relied on defendant's assertion, representation, or statement of fact.

**Authority:**
"Reliance" on an assertion, representation, or statement of fact means a person would not have acted as he or she did unless he or she considered the assertion, representation, or statement of fact to be true. If a plaintiff did not see/hear or believe the defendant's assertion, representation, or statement of fact, then the plaintiff's claim under the Wisconsin DTPA fails.

Although a plaintiff's reliance on the defendant's assertion, representation, or statement of fact need not be reasonable, the <u>unreasonableness</u> of a plaintiff's reliance on an assertion, representation, or statement of fact may be relevant to whether the assertion, representation, or statement of fact caused his or her pecuniary loss. "That is, evidence that reliance would be unreasonable may lead [to a]. . . conclu[sion] that the [plaintiff] did not in fact rely on the representation but would have [acted] without it."

Mr. Howe and Mr. Townsend therefore must prove that they saw or heard AstraZeneca's assertion, representation, or statement of fact regarding the average wholesale price of Zoladex, believed it, and relied on it in making decisions about Zoladex.

**Authority:**
<u>K&S Tool & Die Corp. v. Perfection Machinery Sales, Inc.</u>, 720 N.W.2d 507 (Wis. Ct. App. 2006); <u>Valenti v. Hewlett-Packard Co.</u>, 685 N.W.2d 172 (Wis. Ct. App. 2004) (unreported); <u>K&S Tool & Die Corp. v. Perfection Machinery Sales, Inc.</u>, 720 N.W.2d 507 (Wis. Ct. App. 2006), <u>petition for review granted</u>, 724 N.W. 202 (Wis. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**
**HARM/LOSS/INJURY**

    The Wisconsin DTPA requires a plaintiff to have suffered a pecuniary loss.  To establish this element of the Wisconsin DTPA, Mr. Howe and Mr. Townsend must prove that they suffered a pecuniary loss.

**Authority:**
Tietsworth v. Harley-Davidson, Inc., 677 N.W.2d 233, 245 (Wis. 2004).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:
## HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [56]

Under Wisconsin law, Plaintiffs are entitled to punitive damages in civil cases, including those brought under the Wisconsin DTPA, only "where there is proof of malice or willful, wanton, reckless disregard of plaintiff's rights . . . ."

**Authority:**
Tim Torres Enters., Inc. v. Linscott, 416 N.W.2d 670 (Wis. Ct. App. 1987) (affirming jury's award of punitive damages for violation of Wisconsin DTPA).

A defendant acts with malice when he or she acts with "an evil intent deserving of punishment or [with] something in the nature of special ill-will or wanton disregard of duty or gross or outrageous conduct."

**Authority:**
Anderson v. Continental Ins. Co., 271 N.W.2d 368 (Wis. 1978); Wangen v. Ford Motor Co., 294 N.W.2d 437 (1980).

A defendant acts with "reckless disregard" where he or she exhibits reckless indifference to the rights of others and consciously acts in deliberate disregard of them.

**Authority:**
Fahrenberg v. Tengel, 291 N.W.2d 516 (1980).

To award punitive damages under the Wisconsin DTPA, you therefore must find that AstraZeneca made its assertions, representations, or statements of fact regarding the average wholesale price of Zoladex with evil intent toward the rights of Mr. Howe and Mr. Townsend, special ill-will toward the rights of Mr. Howe and Mr. Townsend, wanton disregard of duty with respect to the rights of Mr. Howe and Mr. Townsend, deliberate disregard of the rights of Mr. Howe and Mr. Townsend, or otherwise acted in a manner amounting to gross or outrageous conduct.

---

[56] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case. However, if the Court decides to instruct on punitive damages, the addition of punitive damages instructions presents further state law variations in both necessary factual findings and standards of proof that will have to be considered by the jury.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:
## STATUTE OF LIMITATIONS

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the Wisconsin legislature.  The limitations period for a claim under the Wisconsin DTPA is three years.

You therefore must find that the Mr. Howe's and Mr. Townsend's action under the Wisconsin DTPA was filed within three years of the occurrence of AstraZeneca's accused assertion, representation, or statement of fact regarding the average wholesale price of Zoladex that is the subject of the Mr. Howe's and Mr. Townsend's action.

Mr. Howe and Mr. Townsend cannot hold AstraZeneca liable for any assertion, representation, or statement of fact regarding the average wholesale price of Zoladex made more than three years before the action under the Wisconsin DTPA was filed.

**Authority:**
Wis. Stat. § 100.18(11)(b)3; Kain v. Bluemound E. Indus. Park, Inc., 635 N.W.2d 640 (Wis. Ct. App. 2001); Skrupky v. Elbert, 526 N.W.2d 264 (Wis. Ct. App. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**RELATING TO THE WYOMING CONSUMER PROTECTION ACT,**
**WYO. STAT. § 40-12-100, *et seq.***

Zoladex patients from Wyoming are included in this lawsuit.  Their ability to establish liability and to recover damages depends on your application of Wyoming law to the evidence introduced at trial.  Therefore, I will now instruct you on the specific requirements of the Wyoming Consumer Protection Act.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**EXTRATERRITORIAL APPLICATION**

The Wyoming statute only covers persons who reside in Wyoming or who were injured in Wyoming.  Therefore, in order to recover, Plaintiffs must prove by a preponderance of the evidence that they obtained goods in Wyoming or resided there at the time the transaction occured.[57]

---

[57] As Mr. Howe and Mr. Townsend cannot satisfy this requirement for class members from this state, absent class members will have to satisfy this requirement in the individual damages phase of this proceeding.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**DEFINITIONS**

The Wyoming Consumer Protection Act provides that a person who relies on an uncured unlawful deceptive trade practice may sue to recover "damages he has actually suffered as a customer as a result of such unlawful deceptive trade practice."

**Authority:**
Wy. Stat. Ann. § 40-12-108(a).

The Wyoming Consumer Protection Act regulates consumer transactions, which are "the advertising, offering for sale, sale or distribution of any merchandise to an individual for purposes that are primarily personal, family, or household."

**Authority**
Wy. Stat. Ann. § 40-12-102(a)(ii).

The Wyoming Consumer Protection Act defines advertisement as "the attempt by publication, dissemination, solicitation or circulation, whether oral, visual, written or otherwise, and whether in person, by telephone or by any other means to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any merchandise."

**Authority:**
Wy. Stat. Ann. § 40-12-102(a)(v).

Merchandise means "any service or any property, tangible or intangible, real, personal or mixed, or any other object, ware, good, commodity, or article of value wherever situated."

**Authority:**
Wy. Stat. Ann. § 40-12-102(a)(vi).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## UNLAWFUL PRACTICES

"Unlawful practices" in Wyoming means one or more of 15 kinds of activities specified in the statute, such as representing "that replacement or repair is needed, if it is not." I instruct you that only one of these activities may be involved in this case.

The relevant section prohibits "[e]ngag[ing] in unfair or deceptive acts or practices." Therefore, in order to find against AstraZeneca, you must find that providing average wholesale price information to medical publishers is sales conduct that is deceptive.

**Authority:**
Wy. Stat. Ann. § 40-12-105(a)(xv); cf. State v. Daicel Chem. Indus., Ltd., 106 P.3d 428, 435 (Idaho 2005) (catch-all provision must be construed "as referring to things of a like class to those particularly described").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**
**ELEMENTS**

To prove a claim under this statute, Mr. Howe and Mr. Townsend must prove each of the following elements by clear and convincing evidence.

Clear and convincing evidence is "the kind of proof which would persuade a trier of fact that the truth of the contention is highly probable." Put another way, clear and convincing evidence is evidence of such a nature that "the mind readily reaches a satisfactory conclusion as to the existence or nonexistence of a disputed fact."

**Authority:**
Alexander v. Meduna, 47 P.3d 206, 216 (Wyo. 2002); MacGuire v. Harriscope Broadcasting Co., 612 P.2d 830, 839 (Wyo. 1980).

Mr. Howe and Mr. Townsend must prove the following elements by clear and convincing evidence: (1) AstraZeneca knowingly made a misrepresentation to Mr. Howe and Mr. Townsend; (2) the misrepresentation was made in the course of AstraZeneca's business; (3) the misrepresentation was made in connection with a consumer transaction between AstraZeneca and Mr. Howe and Mr. Townsend; (4) Mr. Howe and Mr. Townsend relied on the misrepresentation; (5) and Mr. Howe and Mr. Townsend's reliance on the misrepresentation caused them actual damage.

**Authority:**
Wy. Stat. Ann. § 40-12-108(a); Id. § 40-12-105(a).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
## CONSUMER TRANSACTION REQUIREMENT

In order for a practice to be unlawful under the Wyoming Consumer Protection Act, it must occur in connection with a consumer transaction between the parties.  In order to find against AstraZeneca, you must find that there was a consumer transaction between AstraZeneca and Mr. Townsend and Mr. Howe.  I instruct you that if you do not find that AstraZeneca advertised, offered for sale, sold, or distributed Zoladex directly to Mr. Townsend or Mr. Howe then you must find for AstraZeneca.

**Authority:**
Wy. Stat. Ann. § 40-12-105(a); Id. § 40-12-102(a)(ii).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**
**DOCTOR/PATIENT TRANSACTIONS**

There is some information concerning a drug that a doctor knows.  If you determine that Mr. Howe and Mr. Townsend, in fact, wanted to know the average cost of Zoladex that their doctors injected, you may consider, as between AstraZeneca and their doctors, which of the two knew the doctors average cost of Zoladex, which of the two knew that Mr. Howe and Mr. Townsend were being injected with Zoladex, and which of the two was in a better position to convey that information quickly and accurately to Mr. Howe and Mr. Townsend.

Unless you determine that AstraZeneca both knew Mr. Howe and Mr. Townsend were going to be injected with Zoladex and knew their doctors' average cost for Zoladex, and that AstraZeneca was in a better position than their doctor to tell Mr. Howe and Mr. Townsend that information, you should find for AstraZeneca.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**
**RELIANCE**

Mr. Howe and Mr. Townsend must also prove by clear and convincing evidence that they relied on AstraZeneca's representation about the average wholesale price. "Reliance" means a person would not have acted as he did unless he considered the misrepresentation to be true.

Specifically, you must find by clear and convincing evidence that Mr. Howe and Mr. Townsend heard AstraZeneca's intentional misstatements about Zoladex and paid for Zoladex only because they relied on AstraZeneca's statements.

**Authority:**
Wy. Stat. Ann. § 40-12-108(a).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## MENTAL STATE REQUIREMENT/SCIENTER

For reasons that need not concern you, Plaintiffs' lawyers promised the Court that they would prove that AstraZeneca made an "intentional misrepresentation" concerning the Zoladex average wholesale price.

In order to find an intentional misrepresentation under Wyoming law, Plaintiffs must prove by clear and convincing evidence that:  (1) AstraZeneca made a representation to Wyoming consumers about the average wholesale price of Zoladex, knowing it was false, and did so intending to induce action by Mr. Howe and Mr. Townsend; (2) Mr. Howe and Mr. Townsend reasonably believed that representation to be true; and (3) Mr. Howe and Mr. Townsend relied on the false representation and suffered damages.

**Authority:**
Dewey v. Wentland, 38 P.3d 402, 409-410 (Wyo. 2002); Alexander v. Meduna, 47 P.3d 206, 211 (Wyo. 2002); Sundown, Inc. v. Pearson Real Estate Co., 8 P.3d 324, 330 (Wyo. 2000); Big-O Tires, Inc. v. Santini, 838 P.2d 1169, 1177 (Wyo. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9:
## INTENTION TO INDUCE ACTION

In order to find AstraZeneca liable, you must find by clear and convincing evidence that AstraZeneca intended that Mr. Howe and Mr. Townsend act based upon the misrepresentation. If you do not find that AstraZeneca intended Mr. Howe and Mr. Townsend to purchase Zoladex <u>because of</u> AstraZeneca's statements regarding the average wholesale price, you must find for AstraZeneca.

**<u>Authority:</u>**
<u>Dewey v. Wentland</u>, 38 P.3d 402, 409-10 (Wyo. 2002); <u>Alexander v. Meduna</u>, 47 P.3d 206, 211 (Wyo. 2002); <u>Sundown, Inc. v. Pearson Real Estate Co.</u>, 8 P.3d 324, 330 (Wyo. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**
**CAUSATION**

You must also find by clear and convincing evidence that Mr. Howe or Mr. Townsend suffered a loss of money or property that was caused by their reliance on AstraZeneca's intentional misrepresentation.  In other words, you must find that Mr. Howe or Mr. Townsend lost money or property because they depended upon AstraZeneca's representations regarding the average wholesale price of Zoladex.

**<u>Authority:</u>**
Wy. Stat. Ann. § 40-12-108(a).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11:**
**STATUTE OF LIMITATIONS**

The Statute of Limitations is an Affirmative Defense that protects a defendant from liability for claims that are filed after a period of time set by the Wyoming legislature. For Plaintiffs from the state of Wyoming, you must find that they brought their claims within one year of giving notice to AstraZeneca. Plaintiffs may not hold AstraZeneca liable for misrepresentations if they did not file suit within one year of notifying AstraZeneca of its unlawful deceptive trade practice. This means that Mr. Howe and Mr. Townsend, to the extent they seek to prove claims for residents of Wyoming, must show that their complaint against AstraZeneca was filed within one year of when Zoladex patients in Wyoming gave AstraZeneca notice about its statements regarding average wholesale price.

**Authority:**
Wy. Stat. Ann. § 40-12-109.

Only uncured unlawful deceptive trade practices are actionable by individual consumers. An uncured unlawful deceptive trade practice is an unlawful deceptive trade practice about which the consumer has given notice to the alleged violator. Notice must be given within one year after the initial discovery of the unlawful deceptive trade practice or within two years of the consumer transaction, whichever comes first. I instruct you that if you find that Mr. Howe or Mr. Townsend did not give AstraZeneca notice of its misstatements about Zoladex and the harm they claim those misstatements caused them then you must find for AstraZeneca. I instruct you that if you find that Mr. Howe or Mr. Townsend did not give AstraZeneca notice of its misstatements about Zoladex within the first of one year of discovering the misstatements or within two years of puchasing Zoladex you must find for AstraZeneca. If Mr. Howe or Mr. Townsend gave notice to AstraZeneca and AstraZeneca cured the practice within a reasonable time, you must find for AstraZeneca.

**Authority:**
Wy. Stat. Ann. § 40-12-108(a); Id. § 40-12-102(ix); Id. § 40-12-109; City of Gillette v. TCI Cablevision of Wyoming, Inc., No. 90-cv-1046, 1991 WL 329587, at *10 (D. Wyo. Nov. 15, 1991) (noting that actions for violations of Wy. Stat. Ann. § 40-12-101, et seq. may only be brought by the Wyoming attorney general or a consumer injured by the practices).