UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>CLASS 1 JURY TRIAL (ASTRAZENECA) | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT PERTAINING TO CLAIMS OF CLASS REPRESENTATIVES MR. HOWE AND MR. TOWNSEND**

Both James Shepley and James Estes were administered Zoladex® and, because they are Medicare beneficiaries, paid for Zoladex® based on AWP. Both Mr. Shepley and Mr. Estes suffered the same injury as every other member of Class 1: by virtue of AstraZeneca's deceptive and fraudulent conduct, they overpaid for Zoladex®. Despite sharing these characteristics common to all members of Class 1, AstraZeneca asks this Court to exclude their testimony (and the testimony of Mr. Shepley's wife, Theresa Shepley) at trial. AstraZeneca's request should be denied.

To support its claim that the jury should not hear from these witnesses, AstraZeneca has cobbled together a series of cases that say that a class representative represents the interests of the class as a whole with another string of cases that, in evaluating motions for class certification, hold that Plaintiffs cannot cobble together an "ideal plaintiff." AstraZeneca then asks this Court to conclude that those two lines of cases combined somehow mean that absent class members cannot testify at trial. However, contrary to AstraZeneca's smoke-and-mirrors brief, no Court

001534-16 163157 V1

has ever held that absent class members cannot testify at trial and, indeed, the leading commentator on class actions has made clear that absent class members may, as the Shepleys and Mr. Estes seek to do here, voluntarily provide discovery in support of a class action. Moreover, by presenting the testimony of the Shepleys and Mr. Estes, Plaintiffs are not, as AstraZeneca contends, seeking to create a composite plaintiff; they are simply seeking to present testimony from *additional* members of Class 1. And AstraZeneca has not claimed, because it cannot, that either the Shepleys or Mr. Estes are not members of that class. For these reasons, their testimony should be permitted at trial and AstraZeneca's motion *in limine* should be denied.

## I.     BACKGROUND

James Shepley is an eighty-seven year old Medicare beneficiary who suffers from prostate cancer. *See* Declaration of Donald E. Haviland, Jr., Esquire in Support of Plaintiffs' Memorandum in Support of Proposed Consolidated Class Certification Order, ¶ 31. Mr. Shepley has significant hearing problems; therefore, Plaintiffs' counsel's primary contact with Mr. Shepley has been through his wife, Theresa Shepley. *Id*. at ¶ 33. As Mr. Shepley testified at his deposition, Mrs. Shepley processes medical bills and makes medical payments for the family. *Id*. at ¶ 34.

Mr. Shepley was first listed as a proposed class representative for Defendants AstraZeneca and Johnson & Johnson in Plaintiffs' Third Amended Class Action complaint ("TAC") filed on October 17, 2005. *See* TAC, ¶ 18. In addition, Mr. Shepley was listed as a proposed class representative against AstraZeneca and J&J in connection with Plaintiffs' Motion for Class Certification. Class Cert. Mtn. at 4 n.8. Although Mr. Shepley was designated as a Class 1 representative for J&J, this Court never ruled on Mr. Shepley's adequacy with regard to AstraZeneca.

Prior to submitting him as a proposed class representative, Plaintiffs produced documents on behalf of Mr. Shepley reflecting that he was administered Zoladex® and, because he was a Medicare Part B beneficiary, paid for Zoladex® based on AWP.  In addition, on November 11, 2005, Defendants, led by AstraZeneca's lead law firm, Davis Polk & Wardwell, took Mr. Shepley's deposition.

James Estes is a Medicare beneficiary who was administered and paid for Zoladex®.  Mr. Estes contacted Plaintiffs' counsel after learning of this litigation when he received notice of Plaintiffs' settlement with GlaxoSmithKline ("GSK").  Nearly immediately after learning of his interest in this litigation, Plaintiffs produced all documents relevant to Mr. Estes' administration of and payment for Zoladex®.  AstraZeneca does not dispute that these documents were produced.  *See* AZ Mem. at 1 n.1.  AstraZeneca has never requested to take the deposition of Mr. Estes.

## II.   ARGUMENT

### A.   AstraZeneca Has Not Provided Any Law That Would Prohibit Absent Class Members From Testifying at Trial

AstraZeneca has not provided this Court with any authority, and certainly not a case from the First Circuit, that says that absent class members should not be permitted to testify at trial.  Rather, it has instead only cited to cases that stand for the unremarkable proposition that class representatives advance the interests of the remainder of the Class.  While AstraZeneca concludes that this means that "[t]herefore, Plaintiffs must prove their claims through their class representatives" (AZ Mem. at 3.), no Court has ever held that this is the result of the hornbook

law AstraZeneca cites.[1]  In fact, because both Mr. Shepley and Mr. Estes are members of the same class as Mr. Howe and Mr. Townsend, no Court could make such an inference.

AstraZeneca claims that the authority it cites follows from the purportedly "well-established notion" that discovery of absent class members is generally discouraged.  But that notion is meant to protect absent class members from discovery sought by defendants (usually in a pre-certification context); it is not meant to preclude absent class members from voluntarily providing evidence in support of the class representative's claims.  *See*, *e.g.*, *Aspinall v. Philip Morris Cos.*, 2005 Mass. Super. Lexis 642, at *2 (Mass. Super. Ct. Nov. 22, 2005) (citing cases).  As set forth by the leading commentator on class actions:  "[a]bsent class members may voluntarily provide or respond to requests for information made by their class representative or, in order to assist the named plaintiff in the lawsuit."  Alba Conte and Herbert Newberg, 5 NEWBERG ON CLASS ACTIONS § 16:2, at 122 (4th ed.2002).

## B.  Plaintiffs Are Not Seeking to Create "The Perfect Plaintiff"

Contrary to AstraZeneca's claim, Plaintiffs are not seeking to create "the perfect plaintiff."  In support of this claim, AstraZeneca relies primarily on the Fourth Circuit's decision in *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331 (4th Cir. 1998).[2]  In *Broussard*, the plaintiffs claimed that the defendant's handling of franchise advertising breached

---

[1] AstraZeneca's claim that "if there is a need to admit testimony from absent class members, class certification was likely improper" (AZ Mem. at 3 n.2) is similarly absurd.  Unlike the case AstraZeneca relies on, *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998), where the district court took testimony from **three hundred witnesses** in an ERISA class action that the Sixth Circuit thought might actually include at least five different classes of individuals, here not even AstraZeneca contends that either the Shepleys or Mr. Estes are not members of Class 1.

[2] Although it cited to the "perfect plaintiff" language in *Broussard*, *Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539 (D.S.C. 2000), also relied on by AstraZeneca, did not involve a "perfect plaintiff" issue, and instead held that there were conflicts within the class that precluded certification.  Therefore, the "perfect plaintiff" language was dicta in that case.  AstraZeneca's citation to *Hamilton v. O'Connor Chevrolet, Inc.*, Case No. 02 C 1897, 2006 U.S. Dist. Lexis 44149 (N.D. Ill. June 12, 2006) is similarly mysterious, for that case only stands for the proposition that a class representative is not entitled to have its claims evaluated on a relaxed legal standard not otherwise applicable to the class as a whole.  *Id*. at *49 n.10.  AstraZeneca has made no claim that Plaintiffs are seeking to do so here.

individual franchise agreements with each franchisee.  The Fourth Circuit reversed a $390 million judgment against the defendant on the grounds that, among others, the district court had improperly certified the class by "amalgamat[ing] multiple contract actions into one."  *Id*. at 340.  Specifically, the Court held that the district court had wrongfully allowed plaintiffs to present the most egregious misrepresentations made to certain class members without showing that those misrepresentations reached every class member.  *Id*. at 344.

*Broussard* does not apply here.  Importantly, unlike the individual franchisee plaintiffs in *Broussard*, every member of Class 1, including Mr. Shepley and Mr. Estes, have been injured by the same conduct and have suffered the same injury.  Indeed, unlike the *Broussard* Court which carefully enumerated scores of differences between the plaintiffs that the district court had ignored, AstraZeneca has not described ***any*** individual differences Plaintiffs are purportedly seeking to wash away by virtue of having absent class members testify at trial.  *See Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 259 (D. Mass. 2005) (noting that Rule 23 does not require that "all of the putative class members share identical claims; rather, these prerequisites mandate only that complainants' claims be common, and not in conflict").

Although AstraZeneca dismisses it in a footnote, the Court's decision in *Aspinall* makes clear that *Broussard* is limited to its facts.  In *Aspinall*, the defendant cigarette manufacturers sought leave to take the depositions of 156 to 624 absent class members.  To support their request, defendants relied on the Fourth Circuit's decision in *Broussard* and alleged that, as in that case, the plaintiffs in *Aspinall* were likewise attempting to create a "composite plaintiff."  The *Aspinall* Court made clear that *Broussard* did not apply because, unlike *Broussard* where ten franchisee plaintiffs were alleging that the defendant breached the franchise agreement, the *Aspinall* plaintiffs were challenging defendants' "single course of conduct" under Mass. ch. 93A.

The Court therefore held that "defendants are not being forced to defend against a 'fictional composite,' because all of the plaintiffs did suffer the same economic injury." 2005 Mass. Super. Lexis 642, at *6.  Similarly, in rejecting the defendants' argument that absent class discovery was necessary to determine whether the terms "light" and "lowered tar and nicotine" were material to consumers, the Court held that "[a]lthough extrinsic evidence is required to determine reasonable consumer interpretation of implied claims by defendants, it is unnecessary when the implied claims are self-evident or the claims are explicit." *Id*. at *10 (citations omitted).  Here, as this Court has previously acknowledged, where members of Class 1 are required by statute to pay for Zoladex® based on AWP, there would be no individual issues of reliance created by allowing the testimony of the Shepleys or Mr. Estes.  *See In re Pharm. Indus. Average Wholesale Pricing Litig.*, 230 F.R.D. 61, 47 and 56 (D. Mass. 2005) ("[C]ommon factual issues predominate since a typical consumer by statute simply pays a percentage of AWP as a co-pay.  ***There is therefore no separate factual issue regarding the knowledge and reliance of each class member***. . . .  States do have different definitions of reliance and proximate cause. . . .  However, in this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is no indication that different definitions of reliance and causation will matter or cannot be resolved as a matter of law prior to trial.  Thus, the common legal and factual issues predominate over the individual ones.") (citations omitted and emphasis added).

      The entire line of cases cited by AstraZeneca for this proposition were decided in the context of whether class certification was appropriate.  AstraZeneca's attempts to relitigate this Court's class certification decision in the guise of seeking to prohibit the jury from hearing testimony from its victims should be rejected.

001534-16 163157 V1

### C.     Testimony of Absent Class Members Would Not Unfairly Prejudice AstraZeneca

Finally, AstraZeneca would not be unfairly prejudiced by the testimony of the Shepleys or Mr. Estes. Mr. Shepley submitted himself to full discovery, including producing documents and sitting for a full deposition, and, with regard to Mr. Estes, immediately upon learning of Mr. Estes' interest in participating in this case, Plaintiffs provided Mr. Estes' documents to AstraZeneca. AstraZeneca has never requested his deposition, therefore, they cannot claim "unfair prejudice" for discovery they never requested.

WHEREFORE Plaintiffs respectfully request that this Court DENY AstraZeneca's Motion *in Limine* to Exclude Evidence Not Pertaining to Claims of Class Representatives Mr. Howe and Mr. Townsend, and all other relief that this Court deems just and proper.

DATED:  April 6, 2007

By     /s/ **Steve W. Berman**
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 9 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

      I, Steve W. Berman, hereby certify that I am one of Plaintiffs' attorneys and that, on April 6, 2007, I caused copies of **PLAINTIFFS' OPPOSITION TO DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PERTAINING TO CLAIMS OF CLASS REPRESENTATIVES MR. HOWE AND MR. TOWNSEND** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                           /s/ Steve W. Berman_____
                                                           Steve W. Berman