# EXHIBIT D

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

Donald.Haviland@klinespecter.com

November 5, 2003

**VIA FACSIMILE**

D. Scott Wise, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

  Re: *Swanston v. TAP Pharmaceutical Products, Inc., et al.*; C.A. No.: CV2002-004988
    Our File No.: 200204

Dear Mr. Wise:

  I am writing to respond to your letter dated October 14, 2003 purporting to object to the deposition of Mark J. Haberberger going forward in the above litigation "on behalf of all non-Lupron® defendants." I note for the record that your fax was not received by my office until after the close of business on October 14, 2003 and long after I had left for Chicago for the Haberberger deposition. Your delay in responding to Ms. Benedetto's letter dated October 10, 2003 is inexplicable and was at your peril with respect to your waiver the right to timely object to the subject deposition.

  More importantly, your position purportedly "on behalf of all non-Lupron® defendants" is at odds with the position of your co-defendants in the above litigation, who not only consented to the Haberberger deposition going forward, but insisted that it be taken in the above matter. Indeed, your co-defendants have consistently taken position that counsel for any party who refuse to attend a duly noticed deposition do so at their peril and will be deemed to have waived the right to take a future deposition of any witness whose deposition such counsel refused to attend. Your position that the discovery in the *Swanston* case must be coordinated with Plaintiffs' Lead Counsel Committee for MDL 1456 is also without merit because, it is my understanding that counsel for your co-defendants invited counsel for all plaintiffs and defendants to attend the Haberberger deposition and, by their non-appearance at the same, have clearly indicated that they did not desire to attend the deposition.

  In short, your objection taking discovery in the *Swanston* matter is groundless because: (1) you received proper notice of the deposition, (2) your co-defendants consented to the deposition going forward in the *Swanston* case, and insisted that it be coordinated with all other matters, (3)

D. Scott Wise, Esquire
**DAVIS POLK & WARDWELL**
March 20, 2007
Page 2

---

your co-defendants invited all counsel to attend, (4) many counsel, though not all, chose not to attend, (5) you waited until the eleventh hour to pose a purported "objection," and (6) you have failed to raise your objection appropriately before the Court in MDL 1456. In view of the fact that your position that the coordinated discovery in *Swanston* should not be binding on you and your purported "non-Lupron® defendants" is contrary to the express purposes of the case management orders entered in MDL 1456, your position is untenable and will continue to be untenable as further depositions are conducted in this case. In this regard, I note for the record that the depositions have been duly noticed and are scheduled to go forward this Friday, November 7, 2003 (of a former TAP employee, Karen Howard) and next Tuesday, November 11, 2003 (of a current TAP employee, Dean Sundberg). I disagree with your position that Judge Saris has somehow ruled that plaintiffs in the *Swanston* case are not entitled to pursue discovery until the plaintiffs pending remand motion has been decided, and your failure to cite any evidence in support thereof is indicative of the lack of merit of your position.

In short, should you and your co-defendants continue to stand on the sidelines and take the position that the discovery going forward in this case is improper, your failure to act to protect your purported "rights" will be at your peril and will be deemed by both the undersigned and counsel for certain of your co-defendants as a waiver of such rights. I suggest you and your co-defendants make appropriate arrangements to attend the scheduled depositions and start participating in the discovery process which may impact on the liability of your respective clients.

Yours sincerely,


**DONALD E. HAVILAND, JR.**

DEH:ks
cc:   All counsel of record (via facsimile)

\\192.168.1.100\havilandlawdata\CLOSED FILES\LUPRON MASTER - (200200)\Lupron - AZ - (200204)\Letters\Wise 001 (haberberger obj).wpd

Direct Fax: 215-735-0957  
Respond to: Philadelphia Office

Donald.Haviland@klinospecter.com

December 2, 2003

<u>Via Facsimile</u>

D. Scott Wise, Esquire  
**Davis Polk & Wardwell**  
450 Lexington Avenue  
New York, NY 10017

   Re: *Swanston v. TAP Pharmaceutical Products, Inc., et al.*; C.A. No.: CV2002-004988  
     Our File No.: 200204

Dear Mr. Wise:

  I did not want my lack of response to your letter dated November 10, 2003 to be construed as my assent to the position stated in your letter. To the contrary, my position was clearly set forth in my previous letter to you dated November 5, 2003 and need not be repeated here.

  However, you may be interested in knowing the most recent round of depositions (which were consented to by your co-defendants) uncovered some interesting facts concerning your client, AstraZeneca. Since you were duly notified about these depositions, and will continue to be notified of future depositions and discovery, your decision to not attend the same has been, and will continue to be, at your peril, and the peril of your co-defendants that you classify the "non-Lupron® defendants." When this case comes up for trial, you and your band of "non-Lupron® defendants" will be hard pressed to argue that the evidence discovered in this case through discovery of your co-defendants who have consented to the same may not be used at trial against you under the circumstances by which you have chosen to proceed in this matter.

                Yours sincerely,

                **Donald E. Haviland, Jr.**

DEH:ks  
cc: All counsel of record (via facsimile)  
\\192.168.1.100\havilandlawdata\CLOSED FILES\LUPRON MASTER - (200200)\Lupron - AZ - (200204)\Letters\Wise 002 (resp).wpd

Direct Fax: 215-735-0957　　　　　　　　　　　　　　　　　　　　　　　Donald.Haviland@klinespecter.com
Respond to: Philadelphia Office

March 2, 2004

**VIA FACSIMILE**

D. Scott Wise, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

    Re:    *Swanston v. TAP Pharmaceutical Products, Inc., et al.*; C.A. No.: CV2002-004988
            Our File No.: 200204

Dear Mr. Wise:

    I read with great interest your letter dated February 27, 2004 purporting to set forth the rules for the admissibility of evidence obtained during the discovery previously taken in the *Swanston* case. Although you continue to maintain that such prior discovery cannot be used in *Swanston*, your position is belied by the contrary position taken by your co-defendants and the interests of judicial economy and efficiency that were advanced by agreeing to coordinate the *Swanston* case with both *Walker* and *Stetser*. Nevertheless, you will make your case during the final pre-trial conference before the trial of this case and we will do the same; however, I am confident that the evidence will come in at least against your co-defendants based on their prior agreements.

    I disagree with your position about the third-party subpoenas issued in *Stetser*. If you have an objection, and believe that your clients' interests are adversely effected, you have a duty to act on behalf of your clients to protect their interests. Your failure to do so is considered by plaintiffs' counsel to be a waiver of such claim and confirmation of the fact that your claimed objections were unfounded.

    Lastly, we have, and have continued to comply with all orders issued in the *Swanston* case.

                                        Yours sincerely,

                                        **DONALD E. HAVILAND, JR.**

DEH/jn
cc:    All counsel of record (via facsimile)

\\192.168.1.100\havilandlawdata\CLOSED FILES\LUPRON MASTER - (200200)\Lupron - AZ - (200204)\Letters\Wise 003 (admissibility).wpd