# APPENDIX A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS FOR ASTRAZENECA TRIAL

Plaintiffs respectively submit the following set of Proposed Jury Instructions for the AstraZeneca trial.

The instructions are organized as follows:

**Part I:    Preliminary Instructions**.  These are general preliminary instructions.

**Part II:   General Instructions**.  These are the final general instructions.

**Part III:  Elements of Claims**.  This Part explains that the jury is being asked to make findings under consumer protection statutes in 37 states; introduces the concept of the Jury Verdict Form; and then sets forth the three over-riding elements that Plaintiffs must prove, namely, (1) Defendant engaged in an act or practice prohibited by state statute; (2) the Plaintiffs suffered damage; and (3) the challenged act or practice caused that damage.

**Part IV:   Prohibited Business Activities**.  This Part lays out the different ways that Defendant may have engaged in an act or practice prohibited by all of the relevant state statutes (corresponding to the first over-riding element noted in Part III) and directs the jury to make findings.  As is evident, a separate set of instructions are not given for each of statutes at issue.

- 1 -

There is substantial overlap among the statutes, thereby making the use of a "composite" set logical and efficient.

   **Part V:   Causation**.  This Part provides the test for proximate causation.  This corresponds to the second over-riding element noted in Part III.

   **Part VI:   Damages**.  Corresponding to the third, and final over-riding element referenced in Part III, this Part explains the meaning of general damages; asks the jury to make reliance findings where relevant; and charges the jury with finding enhanced and punitive damages where relevant.

   **Part VII:   Limitations Periods**.  This Part instructs the jury with regard to issues relating to statutes of limitation and fraudulent concealment.

   **Part VIII:   Deliberations and Verdict.**  This final Part provides general instructions relating to jury deliberations and the jury verdict.

   Unless indicated otherwise, the instructions appearing in Parts I, II and VIII are derived from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit.[1]  The instructions appearing in Parts III through VII are derived from comprehensive legal research into the elements of each relevant state unfair and deceptive trade practice statute.  Some of the instructions appearing in these parts were based on pattern jury instructions, where pattern instructions were available.

   Annotations appearing in between double brackets ("[[  ]]") are references for the Court's use and should be removed prior to submission to the jury.

---

[1] *See* http://www.mad.uscourts.gov/LocPubs/Pattern2003/index.html.

# I.   PRELIMINARY INSTRUCTIONS

## 1.01   Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

## 1.02   Introduction to the Case

I will now tell you a little about the parties who are before you in this case. The parties who bring a lawsuit are called the "Plaintiffs." The parties who are sued in a lawsuit are called defendants.

The case is a class action brought by a class of Plaintiffs. A class action allows Plaintiffs who have similar claims against the same Defendant to bring one case rather than bringing hundreds or thousands of separate cases. This allows the court system to avoid duplication and more efficiently try a case. The Court has already determined that this case may proceed as a class action.

The Class generally includes Medicare beneficiaries nationwide who made, or became obligated to make, a co-payment for the drug Zoladex. Residents of certain states are excluded from the Class because the Court has determined that relief is unavailable to them on as members of the Class. The time period at issue in this case is January 1991 through December 31, 2004, and this is known as the "Class Period."

The named Plaintiffs, all of whom paid a Medicare co-payment for Zoladex during the Class Period, are represented in the courtroom today. Members of the Class are not present today. The fact that all Plaintiffs or other members of the Class are not present in the courtroom should not be construed by you in any way as indicating a lack of interest on their part as to the outcome of this case. It is the purpose of the class action procedure to avoid having to bring large numbers of parties to court. When I refer to "Plaintiffs" in these instructions, I will be referring to the named Plaintiffs as well as the Class members.

AstraZeneca is the defendant in this case. AstraZeneca manufactured and sold the drug Zoladex.

The Plaintiffs claim that, during the Class Period, AstraZeneca violated various state consumer protection laws by allegedly inflating the Average Wholesale Price – or "AWP" for short – for Zoladex and that, as a result, Plaintiffs and the Class members overpaid.  I will provide you with a more extensive description of such laws later.

Defendant AstraZeneca denies that it violated any state laws or that prices for Zoladex were higher than they would otherwise have been.

At the end of the trial, before you deliberate, I will give you detailed instructions on the laws you must follow in reaching your verdict.

[[Adapted from: *In re Flat Glass Antitrust Litig.*, 385 F.3d 350 (3d Cir. 2004); *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472 (W.D. Pa. 1999); Class Plaintiffs' Pretrial Statement; 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §101.01 (5th ed. 2000); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (Civil), No. 1.2 (2001).]]

## 1.03   Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence."  The evidence presented to you during the trial will consist primarily of the testimony of the witnesses and tangible items – called "exhibits" – including documents, correspondence, and the like.  Any exhibits admitted into evidence during the trial will be available to you for study during your deliberations.  So, if an exhibit is admitted in evidence but is not fully read or shown to you at the time, do not be concerned, because you will have an opportunity to see and to study the exhibit later during your deliberations.

During the trial, certain testimony taken in depositions may be read to you or shown to you on videotape.  Depositions consist of sworn answers to questions asked of the witness before the trial by one or more of the lawyers for the parties in the case.  The testimony of a witness who for some reason cannot be present to testify from the witness stand may be presented in this manner.  Such testimony is entitled to the same consideration and is to be judged as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand.

In addition, from time to time during the trial, you may hear, or there may be received into evidence, certain stipulations of fact agreed to by Plaintiffs and Defendant.  These stipulations are agreements on certain facts that may be relevant to the issues you must decide.  You must accept any stipulations that I read to you or the parties' lawyers read to you as facts that have been proven.

[[Adapted from: 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 101.40 (5th ed. 2000); EIGHTH CIRCUIT MANUAL OF MODEL CIVIL INSTRUCTIONS, Nos. 1.02 & 2.03 (2005); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL), Nos. 1.3, 2.4, 2.6 (2001).]]

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.04    Inferences

You are to consider only the evidence that you hear and see.  You should use common sense in weighing the evidence and consider the evidence in light of your own observations in

- 5 -

life.  Inferences are deductions or conclusions that your reason and common sense lead you to draw from facts that have been established by the evidence.  You are permitted to draw from the evidence such reasonable inferences as seem justified in light of your experience.

[[Adapted from: Jury Instruction of Judge Gary Lancaster in *In re: Indus. Silicon Antitrust Litig*., No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 47-48); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig*., MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1336); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §104.20 (5th ed. 2000); 4 SAND, SIFFER, REISS, BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS (CIVIL) Instruction 74-2 (2005); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) §2.18 (2005);  *see also Norton v. Sam's Club*, 145 F.3d 114, 199 (2d Cir. 1998).]]

## 1.05    Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## 1.06    Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other

side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court bailiff to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**1.07    Notetaking**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use.  I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

**1.08    Outline of the Trial**

The first step in the trial will be the opening statements.  The Plaintiffs in their opening statement will tell you about the evidence that they intend to put before you, so that you will have an idea of what the Plaintiffs' case is going to be.

The opening statement is not evidence.  Its purpose is only to help you understand what the evidence will be and what the Plaintiffs will try to prove.

After the Plaintiffs' opening statement, Defendant will make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the Plaintiffs will offer evidence that they say will support the claims against Defendant.  The Plaintiffs' evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the Plaintiffs' evidence, Defendant will present evidence consisting of witnesses and may include documents and other exhibits.

After you have heard all the evidence on both sides, the Plaintiffs and Defendant will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the Plaintiffs and Defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

## FINAL INSTRUCTIONS

## II.      GENERAL INSTRUCTIONS

### 2.01    Duty of the Jury to Find Facts and Follow the Law

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

The lawyers have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by the lawyers and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

### 2.02    Burden of Proof

Now I want to talk to you about the burden of proof that will guide you in your deliberations.  As you may know, there are two kinds of cases that come to court, criminal cases and civil cases.  Criminal cases are cases in which the government charges a person or a company with a crime.  Some of you may have sat on juries in criminal cases before, and others of you may have watched movies or television shows like "Law and Order," in which criminal cases brought by the government are shown.

This case is not a criminal case.  This is a civil case.  I mention this because there are significant differences between criminal cases and civil cases.  One significant difference is that in criminal cases, the government must prove its case "beyond a reasonable doubt."  That burden of proof - proof beyond a reasonable doubt - does not apply in a civil case such as this.  In a civil case, there is a lesser burden of proof.  Plaintiffs need only prove their claim by a preponderance of the evidence, rather than beyond a reasonable doubt.  A "preponderance of the evidence" simply means to prove that something is more likely so than not so.  Therefore, when you are making decisions in this case and deciding the truth of a matter, you should find it to be true if you think the matter simply is more likely to be true than not true.

You can imagine, if you like, a pharmacist's scale.  As you decide each issue, you put all the evidence for the Plaintiffs on one side and all the evidence for the Defendant on the other.  Then you decide which side has greater weight.  And when I say greater weight, I am referring

not only to the quantity of evidence, but the quality of evidence as well.  You must decide which evidence is more believable, more credible, and more persuasive.

If you find that the scale tips toward the Plaintiffs, by however small an amount, then you must find for the Plaintiffs.  That is all that is required for the Plaintiffs to be entitled to your verdict.  If you find that the scale tips towards the Defendant or is exactly even, then you must find for the Defendant.

[[Adapted from: *Porter v. Am. Export Lines, Inc.*, 387 F.2d 409, 410-411 (3d Cir. 1968); *Blossom v. CSX Transp., Inc.*, 13 F.3d 1477, 1479-80 (11th Cir. 1994); 104.01 (5th ed. 2000); EIGHTH CIRCUIT MANUAL OF MODEL INSTRUCTIONS (CIVIL), No. 3.04 (2001).]]

## 2.03   What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the Plaintiffs and Defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

## 2.04   Documents Given to the Jury

When I have finished giving you these instructions, I will give you certain documents to take to the jury room.  These include the exhibits that have been admitted into evidence and a copy of these instructions.

[[Adapted from: 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 100.02 (5th ed. 2000).]]

## 2.05   Kinds of Evidence:  Direct and Circumstantial

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

**2.06    Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**2.07    Number of Witnesses Not Dispositive**

The weight of the evidence is not necessarily determined by the number of witnesses who testify to a fact.  The test is not which side brings the greater number of witnesses, or presents the greater quantity of exhibits.  Rather, the test is which evidence you believe is most accurate, persuasive, and otherwise trustworthy.  In other words, the weight of the evidence is determined by the quality of the evidence presented.

Indeed, you can find a fact is true even if no witness testifies that it is true, and even if all witnesses say that it is false.  For example, based on evidence that you trust, you may infer, and therefore find, that certain things happened, even if all of the persons involved currently deny that the things happened.  Denial is not uncommon in cases where plaintiffs must prove a fraud, because all of the involved persons may have a motive to deny that they were involved in committing a fraud.

[[Adapted from:  *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952); Jury Instructions of Judge Gary Lancaster in *In re Indus. Silicon Antitrust Litig.*, No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 49); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1341); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 104.54, 105.01 (5th ed. 2000).]]

**2.08    All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

[[Adapted from: *United Auto., Aerospace & Aric. Implement Workers of Am. v. NLRB*, 459 F.2d 1329, 1338 (D.C. Cir. 1972); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003,

N.T. 1341-42, 1370-71); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §105.11 (5th ed. 2000).]]

**2.09    Depositions**

During this trial, some testimony was presented to you by deposition.  Depositions are a witness' sworn and recorded answers to questions asked before trial by the lawyers.  If for some reason, a witness cannot be present to testify here in the courtroom, his or her testimony may be presented to you by deposition, either in writing or on videotape.  In either case, such testimony is entitled to the same consideration and is to be judged as to credibility and weighed and otherwise considered by you in the same manner as if the witness had been present here in the courtroom and had testified from the witness stand.  As with live testimony during trial, you may reject or accept the deposition testimony of a witness in whole or in part.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1340-41); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) §2.23 (1999); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §§102.23, 105.02 (5th ed. 2000); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) § 2.6 (2001).]]

**2.10    Impeachment**

Having heard the testimony and read the documents, it is your job to decide whom to believe and what documents or witnesses to trust.  To help you in this process, the lawyers were allowed to try to persuade you that some witnesses and some documents are more trustworthy than others.  There were many ways the lawyers tried to do this.  One example was discrediting a witness.

A witness may be discredited by evidence that contradicts the witness' testimony, by an inconsistent document, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony.  The witness may also be discredited by his or her failure to do or say something at some other time, or by the witness' failure to recall things that one reasonably would expect a person to recall.  The witness may also be impeached based on prior sworn testimony taken in depositions in this case.  The witness may be impeached by the written deposition transcript or by the video taken of the deposition or both.

If you believe a witness has been discredited, because, for example, the witness's testimony is not believable in light of the documents, it is your right to give the testimony of that witness such weight, or no weight, as you think it deserves.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other matters.  You may reject all the testimony of any witness whom you disbelieve.

Likewise, a document may be discredited if it is contradicted by other documents or testimony, or if it has internal contradictions.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1343-44); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 105.04 (5th ed. 2000); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) § 2.16 (1999); COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASS'N ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS FOR CIVIL CASES, BASIC INSTRUCTIONS 4.1 (2000 ed.).

### 2.11    Effect of Prior Sworn Statements

In this case, several witnesses were questioned concerning their sworn deposition testimony.  You are instructed that if a witness made a prior inconsistent statement, under oath, subject to the penalty of perjury at a deposition, then you may also treat that prior statement as evidence in this case – that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

[[Adapted from:  FED. R. EVID. 801(d)(1)(A) advisory committee's note; *Lippay v. Christos*, 996 F.2d 1490, 1497 n.7 (3d Cir..1993); *United States v. Ricketts*, 317 F.3d 540, 544 (6th Cir.), *cert. denied*, 539 U.S. 935 (2003); *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001); *United States v. Armiio*, 5 F.3d 1229, 1232 (9th Cir. 1993); *Henson v. City of Dundee*, 682 F.2d 897, 908 n.16 (11th Cir. 1982); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.* MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1345); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE 607.07[1] (Joseph M. McLaughlin, ed. Matthew Bender (2d ed. 1997)).]]

### 2.12    Weighing the Testimony of an Expert Witness

Both Plaintiffs and Defendant called expert witnesses in this case.  Because of their education and experience, these witnesses were allowed to state their opinions on certain subjects in which they profess to be expert and to state the reasons for their opinions.

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

In determining what weight, if any, to give an expert's opinion, you should consider the expert's qualifications and reliability, the reasons given for his opinion, and whether the factual assumptions that underlie his opinion are supported by credible evidence in this case.

You are not bound by an expert's opinion merely because he is an expert.  You may accept it or reject it in whole or in part as in the case of any other witness.  Give it the weight, if any, that you think it deserves.

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should

consider the relative qualifications and reliability of the expert witnesses, the reasons for each opinion, and the facts and other matters upon which it was based.

In summary, after making your own judgment, you will give the testimony of each expert witness the weight, if any, that you may think it deserves.  You may, in short, accept or reject the testimony of any expert witness in whole or in part.

[[Adapted from:  *LePage's Inc. v. 3M*, 324 F.3d 141, 165 (3d Cir. 2003); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 665 (7th Cir. 2002); Jury Instructions of Judge Gary Lancaster in *In re Indus. Silicon Antitrust Litig.*, No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 50-51); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1342); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL 104.40 (5th ed. 2000); MANUAL FOR COMPLEX LITIGATION (FOURTH) 11.51 (2004); ABA SECTION ON LITIGATION, CIVIL TRIAL PRACTICE STANDARDS, Standard 11 (Feb. 1998); COMMITTEE ON FEDERAL CRIMINAL JURY INSTRUCTIONS FOR THE SEVENTH CIRCUIT, PATTERN CRIMINAL FEDERAL JURY INSTRUCTIONS  3.07 (1998); COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASS'N ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS FOR CIVIL CASES, BASIC INSTRUCTIONS 5.1 (2000 ed.).]]

## 2.13   Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## 2.14   Charts and Summaries

Certain charts or summaries have been shown to help explain the facts shown by the books, records, and other documents that are in evidence.  They are used only as assistance or a convenience.

Of course, the truth is not measured by one side having more charts or summaries than the other side.  You, as the jury, must decide what weight, if any, should be given to the charts and summaries.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1342-43); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §104.50 (5th ed. 2000).]]

## 2.15    What is Not Evidence

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

## 2.16    Corporations:  Actual and Apparent Authority

Defendant AstraZeneca is a corporation.  A corporation acts through its agents.  An agent is any person acting on the corporation's behalf, including directors, officers, or employees.  Through its directors, officers, employees, or other agents, a corporation is capable of conspiring with other persons or corporations.  Therefore, a corporation is responsible for all unlawful acts of its directors, officers, employees, or other agents, provided that such acts are done or made within the scope of that person's employment or apparent authority.

Acts done within the scope of a person's employment are acts done on behalf of a corporation that are related to the performance of duties that the person is generally authorized to perform.  Apparent authority is the authority that an outsider would reasonably assume that the agent or employee would have, judging from the person's position, the responsibilities previously entrusted to the person or to the person's office, and the circumstances surrounding the person's past conduct.  To summarize, if you find that such a person was acting within the scope of his or her employment for the corporation or had apparent authority to act for the corporation, then the corporation is legally responsible for that person's acts or statements.

[[Adapted from:  *United States v. Am. Radiator & Standard Sanitary Corp*., 433 F.2d 174, 204-05 (3d Cir. 1970); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §103.31 (5th ed. 2000); ABA ANTITRUST LAW SECTION, SAMPLE JURY INSTRUCTIONS IN CIVIL ANTITRUST CASES B-8 (1999 ed.); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL)  6.2 (2001).  *See also Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp*., 456 U.S. 556, 575-76 (1982); *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1009 (3d Cir. 1994); *Tunis Bros. Co. Inc. v. Ford Motor Co.*, 763 F.2d 1428, 1496 & n. 21 (3d Cir. 1985), *vacated and remanded*, 475 U.S. 1105 (1986), *reinstated* 823 F.2d 49 (1987), *cent denied*, 484

U.S. 1060 (1988); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1345-46); Jury Instructions of Judge Singleton in *In re Corrugated Container Antitrust Litig.*, MDL No. 310 (S.D. Tex.) (as given on Sept. 11, 1980, Tr. Vol. 100 at 75-77).]]

## III.    ELEMENTS OF CLAIMS

### 3.01    General Consumer Protection Acts

Plaintiffs claim that Defendant has violated various state statutes passed to regulate certain business practices and to protect consumers.  More specifically, Plaintiffs claim that Defendant has violated certain statutes in 37 states.

Applying the facts as you determine them, you the jury will decide whether Defendant has in fact violated these statutes.  These statutes contain many elements in common.  Therefore, rather than have you make findings under each of the 37 statutes, you will be making findings by applying common elements.  There will be some findings that apply only to certain state statutes; where this is the case, the instructions will make this clear.

### 3.02    Jury Verdict Form

In addition to these instructions, you are also being provided with a Jury Verdict Form containing a multitude of questions for you to answer.  You will use these instructions as a guide or "roadmap" in answering the questions on the Jury Verdict Form.  Indeed, the Jury Verdict Form refers you to specific instructions set forth below.

### 3.03    Elements of the Claims

To establish their claims, Plaintiffs must prove the following:

(1)    Defendant engaged in an act or practice prohibited by state statute;[2]

(2)    The Plaintiffs suffered damage;[3] and

(3)    The challenged act or practice caused that damage.[4]

### 3.04    The Meaning of Average Wholesale Price

As touched upon earlier, this case involves payment by Plaintiffs and the class for the drug Zoladex.  The amount of payment was regulated by a statute that governs how Medicare pays for drugs covered under Medicare Part B.  Payment was to be made by reference to the "Average Wholesale Price."  It is my job as a judge to define the meaning of a word in a statute, in this case the meaning of "Average Wholesale Price" or "AWP."

I have ruled that the term "Average Wholesale Price" or "AWP" was intended to be an actual average of prices.  As an average, the published AWP should have included and accounted for discounts, rebates and other incentives provided to doctors.

---

[2] The findings that you must make under this element will be thoroughly explained below in **Section IV**.

[3] The findings that you must make under this element will be thoroughly explained below in **Section VI**.

[4] The findings that you must make under this element will be thoroughly explained below in **Section V**.

Let me put this another way.  Assume that the published AWP was $100.  Also assume that doctors on average were able to purchase Zoladex at $50.  The published AWP should have reflected those discounts and therefore should have been $50.  I am just using these numbers as an example.

**3.05    AstraZeneca Caused AWPs to be Published**

I have also found that AstraZeneca caused AWPs to be published.

AstraZeneca sent to publishes in the industry, either the *RedBook* or *First DataBank*, the AWP for Zoladex.  The publishers then published that AWP.  During the period 2002 to 2004, one of the publishers raised the AWP by 5%.  AstraZeneca took no action to correct the published AWP in response to that increase.  Therefore, I have found that AstraZeneca is responsible for the accuracy of the published AWPs for Zoladex.

**3.06    The Published AWPs Used for Medicare Reimbursement Were Not An Average**

As explained above in Instruction 3.04, AWP was intended to be an average price that reflected the price paid after including the effect of discounts, rebates and other cost reducing mechanisms.

There is no dispute that the AWPs for Zoladex were not an average price and did not reflect discounts and other cost advantages given to doctors.

**3.07    Issues for You to Decide**

Given my findings that (1) AWP was to be an average, and (2) that AstraZeneca caused AWPs to be published that were not an average, it is your job to decide if this conduct violated state law and caused damage to the Plaintiffs and Class.

In Section IV I will describe those state laws in some detail.

001534-16  159884 V1

## IV.    PROHIBITED BUSINESS ACTIVITIES

**4.01    Unfair Acts or Practices**

This instruction pertains to Plaintiffs in the following states:  CT, FL, HI, MD, MA, MO, NH, OK, RI, SC, TN, VT, WA, WV, and WY.

Statutes in these states prohibit a Defendant from engaging in <u>unfair</u> acts or practices. You must determine whether Defendant did so.

Certain guidelines have been established as to what constitutes an unfair trade practice. With one exception that I explain below, the Plaintiffs must establish that the Defendant's conduct meets at least <u>one</u> of the two following criteria:

(1) it is immoral, unethical, oppressive or unscrupulous; or

(2) it causes substantial injury to consumers, competitors or other business persons.

The exception is for claims related to Class members in <u>Missouri</u>, where Plaintiffs are required to prove the presence of <u>both</u> elements.  The Jury Verdict Form asks you to make a separate finding on this issue for Missouri.

I will now give additional instructions on these two criteria:

<u>Immoral, Unethical, Oppressive or Unscrupulous</u>.  You simply need to determine whether you believe that the Defendant's conduct was immoral, unethical, oppressive or unscrupulous.  Common English dictionaries define these words as follows:

"Immoral" means conflicting with generally or traditionally held moral principles.

"Unethical" means the act or practice does not conform to moral standards.

"Oppressive" means unreasonably burdensome.

"Unscrupulous" means unprincipled.

<u>Substantial Injury to Consumers</u>.  To prove substantial injury to consumers, the Plaintiffs must demonstrate that the Defendant's conduct caused an injury that is:  (1) substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers could not reasonably have avoided the injury

Plaintiffs contend that the publication of AWPs and/or the marketing of the spread to doctors, in the context of a Medicare payment system that uses AWP, was an unfair practice that meets the elements set forth above.  Defendant denies that it engaged in an unfair practice. These definitions relate to Jury Verdict Form, Part I, Question 1.

- 19 -

**4.02     Deceptive Acts or Practices**

This instruction pertains to Plaintiffs in the following states:  AR, CT, FL, HI, ID, KS, MD, MA, MO, NH, NY, ND, OK, RI, SC, TN, VT, WA, WV, and WY.

Statutes in these states prohibit a Defendant from engaging in <u>deceptive</u> acts or practices. You must find whether Defendant did so.

Certain guidelines have been established as to what constitutes a "deceptive" practice generally.  A "deceptive" practice is one that has the capacity or tendency to mislead or deceive. Under this general test, Plaintiffs need not prove that Defendant intended to mislead anyone or that anyone was, in fact, misled (unless explained otherwise below).

For claims pertaining to Class members in <u>Connecticut</u>, the statute requires that the Plaintiffs prove three elements in order to establish a deceptive act or practice.  First, there must be a representation, omission, or other practice likely to mislead consumers.  The Plaintiffs do not have to prove that the Defendant intended to deceive those customers or that the Defendant knew that his statement or act was false.  Second, the consumers must interpret the message reasonably under the circumstances.  Third, the misleading representation, omission, or practice must be material – that is, likely to affect consumer decisions or conduct.  You must determine whether Plaintiffs have proved these elements for claims pertaining to Class members in Connecticut.

For claims pertaining to Class members in <u>New York</u>, the statute requires that the Plaintiffs prove that the act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances.  The act or practice at issue can be a representation or an omission.

Plaintiffs claim that the publication of the AWPs for Zoladex and marketing the spread, constituted a deceptive practice.  You should decide this question (see Jury Verdict Form, Part I, Question 2) by using these definitions.  Defendant denies that it engaged in an unfair practice.

**4.03     Unconscionable Acts or Practices**

This instruction pertains to Plaintiffs in the following states:  AR, ID, NJ, NM and TX.

Statutes in these states prohibit a Defendant from <u>engaging in an unconscionable act or practice</u>.  You must find whether Defendant has engaged in an unconscionable act or practice.

For claims pertaining to the <u>Arkansas</u> statute, an act or practice is "unconscionable" if it affronts the sense of justice, decency, or reasonableness.

For claims pertaining to the <u>Idaho</u> statute, an act or practice is "unconscionable" if:

(1) Defendant knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his interest

- 20 -

because of physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement or similar factor;

(2) At the time the consumer transaction was entered into, the Defendant knew or had reason to know that the price grossly exceeded the price at which similar goods or services were readily available in similar transactions by similar persons, although price alone is insufficient to prove an unconscionable method, act or practice;

(3) The Defendant knowingly or with reason to know, induced the consumer to enter into a transaction that was excessively one-sided in favor of the alleged violator; or

(4) The sales conduct or pattern of sales conduct would outrage or offend the public conscience.

For claims pertaining to the <u>New Jersey</u> statute, an "unconscionable" practice is an activity in the public marketplace which is basically unfair or unjust, or which materially departs from standards of good faith, honesty in fact and fair dealing. To be unconscionable, there should be factual dishonesty and a lack of fair dealing.

For claims pertaining to the <u>New Mexico</u> statute, an act or practice is "unconscionable" if it (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree, or (2) results in a gross disparity between the value received by a person and the price paid.

For claims pertaining to the <u>Texas</u> statute, an action or course of action is "unconscionable" if the action, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree. "Grossly unfair" means glaringly noticeable, flagrant, complete and unmitigated.

Plaintiffs claim that publishing AWPs that were not real average prices, and marketing the spread between a doctor's cost and AWP, in the context of payments made by seniors who are cancer patients and whose payments are tied to AWP, is an unconscionable practice. You must decide this question (Jury Verdict Form, Part I, Question 4) with these standards in mind.

## 4.04   Misrepresentations or Omissions

### 4.041   Misrepresentations or omissions generally

This instruction pertains to Plaintiffs in the following states: AZ, AR, DE, KS, MN, MO, NJ, ND, PA, SD and WV.

Some statutes prohibit a Defendant from <u>using deception, a deceptive act or practice, fraud, false pretense, making a misrepresentation, or concealing, suppressing or omitting a</u>

- 21 -

material fact.  You must find whether Defendant has engaged in any of these prohibited activities.

Arkansas prohibits these same actions except that the statute in Arkansas does not include "misrepresentation" in the list of prohibited items.

Minnesota and North Dakota prohibit these same actions except that the statutes in these two states do not include "concealing, suppressing or omitting" in the list of prohibited items.

Pennsylvania only prohibits fraud or misrepresentation of material fact.

The term "deceptive" means the capacity or tendency to mislead or deceive.

"Fraud" includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained.

"False pretense" is any use of trick or deception, forgery, or false and fraudulent representation, statement, pretense, instrument or device with the intent to defraud.  Reliance is not an element of false pretense (unless explained otherwise below).

A "misrepresentation" is an assertion that is not in accord with the facts.  Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other capable mental state such as recklessness or negligence, are not elements of misrepresentation (unless explained otherwise below).

"Concealment" of material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.  "Suppression" of material fact is any method, act, use or practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.  "Omission" of a material fact is any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her. Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission (unless explained otherwise below).

A fact is "material" if it is one that a reasonable person would attach importance in determining choice of action.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price was a deception, fraud, false pretense, and misrepresentation of material fact.  Plaintiffs also claim that Defendant omitted material facts by failing to disclose the AWP was not a real number and by failing to disclose that the AWP was set in order to give doctors a profit and by failing to disclose that it was marketing the spread.  In deciding whether Defendant committed these acts (see Jury Verdict Form, Part I, Question 4) you should refer to the foregoing elements.  Defendant denies that it made a misrepresentation or omitted any facts.

**4.042   Misrepresentations regarding price**

The following instruction pertains to Plaintiffs in the following states:  CO, NV, NM, OK, OR, and WY.

Statutes in these states prohibit a Defendant from <u>making false or misleading statements of fact concerning the price of goods</u>.  You must decide whether Defendant has engaged in any of these prohibited activities.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has made a false or misleading statement concerning the price of Zoladex (see Jury Verdict Form, Part I, Question 5).

The following instruction pertains to Plaintiffs in the following states:  CA, DC, ID, KS, MI, NM, OK, PA, RI, TN, TX, WV, and WY.

Statutes in these states prohibit a Defendant from <u>making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions</u>.  You must decide whether Defendant has engaged in any of these prohibited activities.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has made a false or misleading statement of fact concerning the reasons for, existence of, or amounts of price reductions for Zoladex (see Jury Verdict Form, Part I, Question 5).

The statute in <u>Indiana</u> prohibits a Defendant from <u>representing that a specific price advantage exists when the Defendant knows or should reasonably know that it does not</u>.  You may find that, by publishing Zoladex's AWP, Defendant was representing that the AWP constituted a price advantage because it was a real average (see Jury Verdict Form, Part I, Question 5).

**4.043   Misrepresentations of characteristics of goods**

The following instruction pertains to Plaintiffs in the following states:  CA, CO, DC, IN, MI, NV, OR, and PA.

Statutes in these states prohibit a Defendant from <u>making false representation as to the characteristics of goods</u>.  You must decide whether Defendant has made false or misleading statements of fact concerning the characteristics of goods.

For claims pertaining to class members in <u>Colorado</u>, <u>Indiana</u> and <u>Nevada</u>, Plaintiffs must prove that Defendant knowingly made the false representation.

- 23 -

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has made a false representation as to the characteristics of Zoladex (see Jury Verdict Form, Part I, Question 6).

**4.044   Misrepresentations of standards of goods**

The following instruction pertains to Plaintiffs in the following states:  CA, CO, DC, IN, MI, NV, OR, and PA.

Statutes in these states prohibit a Defendant from <u>representing that a good is of a particular standard if they are of another</u>.  You must decide whether Defendant has done this.

For claims pertaining to class members in <u>Colorado</u>, <u>Indiana</u>, and <u>Nevada</u>, Plaintiffs must prove that Defendant knew or reasonably should have known that the good was of another standard.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has represented that Zoladex is of a particular standard when it is of another (see Jury Verdict Form, Part I, Question 7).

**4.045   Misrepresentations under Nevada statutes**

Nevada prohibits a Defendant from <u>knowingly failing to disclose a material fact or making a false representation</u>.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has knowingly failed to disclose a material fat or made a false representation (see Jury Verdict Form, Part I, Question 8).

**4.046   Misrepresentations under the New Mexico statute**

New Mexico prohibits a Defendant from <u>knowingly making a false or misleading statement and requires that the statement may, tends to or does deceive or mislead any person</u>. You must find whether Defendant did so.

"Knowingly" means that the party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence, should have been aware that the statement was false or misleading.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has knowingly made a false or misleading statement that tends to or does deceive or mislead (see Jury Verdict Form, Part I, Question 9).

- 24 -

**4.047   Misrepresentations under District of Columbia statute**

The District of Columbia prohibits a Defendant from either <u>making a misrepresentation as to a material fact which has a tendency to mislead or failing to state a material fact if such failure tends to mislead</u>.  You must find whether Defendant has engaged in any of these prohibited activities.  It is not necessary to show that Plaintiffs were in fact misled, deceived or damaged thereby.  It is enough that Defendant's actions had the tendency to mislead.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant has made a misrepresentation as to a material fact which has the tendency to mislead, and that Defendant has failed to state a material fact which tends to mislead (see Jury Verdict Form, Part I, Question 10).

**4.048   Misrepresentations or omissions under Michigan statute**

The statute in Michigan prohibits Defendant from doing the following:

> (1) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

> (2) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

> (3) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Plaintiffs claim that Defendant had done all three of these things by publishing an AWP that was not a true average wholesale price and was not even related to the actual price (see Jury Verdict Form, Part I, Question 11).

**4.05   False Advertising**

The Court has already found that Defendant's publication of AWPs for Zoladex constitute "advertising" or "advertisements" as those words are used under certain state statutes.

The following instruction pertains to Plaintiffs in the following states:  CA, NV, OR, PA, RI, TX, and WY.

In these states, it is a violation of state law to <u>advertise goods with intent not to sell them as advertised</u>.  You must decide whether Defendant has done so.

- 25 -

The following instruction pertains to Plaintiffs in the following states:  MN, WV, and WI.

In these states, Defendant has engaged in false advertising if you find that any representations or statements of fact contained in the advertising were untrue, deceptive or misleading.  You must find whether Defendant has engaged in any of these prohibited activities.

With respect to Plaintiffs in Wisconsin, you must also decide whether Defendant intended to sell Zoladex.

Plaintiffs claim that Defendant's publication of an AWP that was not a true average wholesale price and was not even related to the actual price means that Defendant (1) advertised Zoladex with intent not to sell it as advertised and (2) that such advertising was untrue, deceptive or misleading (see Jury Verdict Form, Part I, Question 12).

**4.06    Public Interest**

To establish a violation of statutes in Colorado, South Carolina, Washington and West Virginia, you must find that the challenged act or practice affected the public or the public interest.

For claims pertaining to Class members in Colorado, you should consider the following factors in determining whether Defendant's act or practices significantly impacted the public:

(1) the number of consumers directly affected by the challenged practice;

(2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and

(3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future

For claims pertaining to Class members in South Carolina, an unfair or deceptive practice has an impact on the public if it has the potential for repetition.

For claims pertaining to Class members in Washington and West Virginia, in deciding whether Defendant's acts or practices "affect the public interest," you may consider the following factors, among other things:

(1) whether the acts or practices were done in the course of
    Defendant's business;

(2) whether the acts or practices were part of a pattern or
    generalized course of conduct of business;

(3) whether Defendant did similar acts or practices prior to the act
    or practice involving Plaintiffs

(4) whether there is a real and substantial potential for repetition of Defendant's conduct after the act involving Plaintiffs; and

(5) if only one transaction is complained of, whether many customers were affected or likely to be affected by it.

In reaching your decision you are not required to find any one particular factor, nor are you limited to considering only these factors.  Note that the Washington and West Virginia statutes do not prohibit acts or practices that are reasonable in relation to the development and preservation of business or that are not injurious to the public interest.

Use the foregoing definitions in deciding Jury Verdict Form, Part I, Question 13.

**4.07    Intent that Others Rely**

This instruction pertains to Plaintiffs in the following states:  AZ, AR, DE, MN, NJ, ND, and WV.

To establish a violation of certain statutes, you must find that Defendant <u>intended</u> for others to rely on certain specified acts or practices.

In <u>Arizona</u>, <u>Arkansas</u>, <u>Delaware</u>, <u>New Jersey</u>, and <u>West Virginia</u>, the statutes require that the Defendant intended that others would rely upon a concealment, suppression or omission of fact.  You must find whether Defendant intended for this to happen.

In <u>Minnesota</u>, the statute requires that the Defendant intended that others would rely upon a fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice.  You must find whether Defendant intended for this to happen.

In <u>North Dakota</u>, the statute requires that the Defendant intended that others would rely upon a deceptive act or practice, fraud, false pretense, false promise or misrepresentation.

**4.08    Knowing, Intentional or Willful Acts**

This instruction pertains to Plaintiffs in the following states:  IN, KS, NV, NM, OK, OR, PA, SD and WY.

Under the statutes in these states, you must find whether Defendant acted knowingly, willfully or intentionally as follows:

To prove a violation of the <u>Indiana</u> statute, Plaintiffs must prove that Defendant intended to defraud or deceive,

To prove a violation of the <u>Kansas</u> statute, Plaintiffs must prove that Defendant willfully engaged in misrepresentation or concealment, or knowingly misrepresented price.

To prove a violation of the <u>Nevada</u> and <u>New Mexico</u> statutes, Plaintiffs must prove that Defendant knowingly failed to disclose a material fact or knowingly made a false representation.

To prove a violation of the <u>Oklahoma</u> statute regarding misrepresentation of price, Plaintiffs must prove that Defendant made a false or misleading statement of fact about price knowingly or with reason to know.

To prove a violation of the <u>Oregon</u> statute, Plaintiffs must prove that Defendant willfully employed the challenged practice.

To prove a violation of the <u>Pennsylvania</u> statute, Plaintiffs must prove that Defendant intended to mislead others.

To prove a violation of the <u>South Dakota</u> statute, Plaintiffs must prove that Defendant acted knowingly and intentionally.

To prove a violation of the <u>Wyoming</u> statute regarding misrepresentation of price, false advertising and unfair or deceptive acts or practices generally, Plaintiffs must prove that Defendant acted knowingly.

"Knowingly" means that the party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence, should have been aware that the statement was false or misleading.

"Willfully" means the person committing the violation knew or should have known that the conduct of the person was a violation.

# V.   CAUSATION

## 5.01   Proximate Cause

In order to recover damages, Defendant's acts must be shown by a preponderance of the evidence to be a proximate cause of injury to Plaintiffs and the Class.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

Plaintiffs claim that the publication of false AWPs injured plaintiffs and the class by causing overpayment.  Defendant denies that its AWPs caused injury to the class.

001534-16  159884 V1

# VI.    DAMAGES

**6.01    General Damages**

If you make the necessary findings related to causation, Plaintiffs and the Class are entitled to recover actual damages for any loss of money.

You must determine what amount of money will fully and fairly compensate the Plaintiffs and the Class for the actual damages they sustained as a result of Defendant's actions.

The questions regarding damages are in Section II of the verdict form.

**6.02    Reliance**

The following instruction pertains to Plaintiffs in the following states:  AZ, IN, OR, PA, and WI.

In these states, before Plaintiffs and the Class are entitled to recover damages, you must find that Plaintiffs and the Class suffered damage as a result of "reliance" on the challenged act or practice.  Reliance means Plaintiffs and the Class made payments for Zoladex based on AWP.

For claims pertaining to class members in <u>Michigan</u>, Plaintiffs need not prove reliance if you find that a reasonable person would have relied on any representations made.

For claims pertaining to class members in <u>Texas</u>, the reliance requirement only applies to claims related to false advertising and misrepresentations of price.

**6.03    Enhanced Damages**

Under some state statutes, Plaintiffs are or may be entitled to recover additional damages.

One of these statutes provide for mandatory additional damages – that is – you must either double or treble the damages that you have found.  The other statutes make an award of additional damages discretionary based on some heightened finding of culpability.  I provide further instructions as follows:

For class members in <u>California</u> who are "senior citizens" (that is, over the age of 65), you <u>may</u> make an additional award up to $5,000 to each Plaintiff and Class member if you make the following findings:

(1) The Plaintiffs and the Class members have suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct;

(2) An additional award is appropriate; and

- 30 -

(3) <u>One</u> of the following factors is present:

      (a)  The Defendant knew or should have known that its conduct was directed to one or more senior citizens or disabled persons.

      (b) The Defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

      (c) One or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

Use these definitions in answering Question II.3 of the verdict form.

For class members in <u>Hawaii</u>, you <u>must</u> treble (that is, multiply times three), the actual damages that you award.  See Question II.9 of the verdict form.

For class members in <u>Texas</u>, you <u>may</u> treble the actual damages award if you find that Defendant's violations were done knowingly.  "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the Plaintiffs' claim.  See Jury Verdict Form, Part II, Question 32.

### 6.04   Punitive Damages

Some states permit you to award punitive damages.  If you decide to award compensatory damages to Plaintiffs and the Class, you must determine whether Defendant is also liable for punitive damages.  Punitive damages are different from compensatory damages.  Compensatory damages are awarded to compensate the Plaintiffs and the Class for the injury suffered.  Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future.

For claims related to Class members in <u>Arizona</u>, you may award punitive damages if you find that Defendant's conduct was wanton or reckless, shows spite or ill will, or where the

- 31 -

conduct demonstrated a reckless indifference to the interests of others.  See Jury Verdict Form, Part II, Question 41.

For claims related to Class members in <u>California</u>, you may award punitive damages if you find that Defendant acted with "malice" or engaged in "oppression."  Jury Verdict Form, Part II, Question 42.

For claims related to Class members in <u>Delaware</u>, you may award punitive damages to punish Defendant for its outrageous conduct and to deter it, and others like it, from engaging in similar conduct in the future if you find by a preponderance of the evidence that Defendant acted intentionally or recklessly.  Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct refers to conscious awareness.  Reckless conduct refers to conscious indifference.  Each requires that the Defendant foresee that its conduct threatens a particular harm to another.  Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude.  Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice.  In determining any award of punitive damages, you must consider the following:  the reprehensibility or outrageousness of Defendant's conduct and the amount of punitive damages that will deter Defendant and others like it from similar conduct in the future.  You may consider Defendant's financial condition for this purpose only.  Defendant's financial condition must not be considered in assessing compensatory damages.  Any award of punitive damages must bear a reasonable relation to Plaintiff and the Class's compensatory damages.  If you find that Plaintiffs and the Class are entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.  [[DEL. P.J.I. CIV. § 22.27 (2000)]]  Jury Verdict Form, Part II, Question 43.

For claims related to class members in the <u>District of Columbia</u>, you may award punitive damages only in cases of outrageous or egregious wrongdoing where the Defendant has acted with evil motive, actual malice, or in willful disregard for the rights of the Plaintiffs.  So, for example, in the absence of "gross fraud" or comparable wrongdoing, proof of even intentional misrepresentation may not suffice to justify punitive damages.  To obtain an award of punitive damages, moreover, the Plaintiffs must prove egregious conduct and the requisite mental state by clear and convincing evidence.  Thus, in order to award punitive damages, you must find by clear and convincing evidence that Defendant acted egregiously.  Jury Verdict Form, Part II, Question 44.

For claims related to class members in <u>Minnesota</u>, you may award punitive damages if you find upon clear and convincing evidence that the acts of Defendant show a willful indifference to the rights or safety of others.  Jury Verdict Form, Part II, Question 45.

- 32 -

For claims related to class members in <u>Nevada</u>, you may award punitive damages in favor of "elderly" persons, who are defined to be 60 years of age or older.  Jury Verdict Form, Part II, Question 46.

For claims related to Class members in <u>Oregon</u>, you may award punitive damages if you find that upon clear and convincing evidence that Defendant engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.  In making this evaluation, you are to consider (1) the character of Defendant's conduct; (2) Defendant's motive; and (3) the sum of money that would be required to discourage the Defendant and others from engaging in such conduct in the future.  Jury Verdict Form, Part II, Question 47.

For claims related to Class members in <u>Pennsylvania</u>, you may award punitive damages if you find that Defendant's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others.  If you decide that the Plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damage.  In doing so, you may consider any or all of the following factors:  (1) the character of Defendant's actions, (2) the nature and extent of the harm to Plaintiffs that Defendant caused, and (3) the wealth of the Defendant insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.  It is not necessary that you award compensatory damages to the Plaintiffs in order to assess punitive damages against the Defendant as long as you find in favor of the Plaintiffs and against the Defendant on the question of liability.  The amount of punitive damages awarded must not be the result of passion or prejudice against the Defendant on the part of the jury.  The sole purpose of punitive damages is to punish the Defendant's outrageous conduct and to deter the Defendant and others from similar acts.  [[Pa. SSJI (Civ.) 14.02]]  Jury Verdict Form, Part II, Question 48.

001534-16  159884 V1

## VII.   LIMITATIONS PERIODS

**7.01    Statute of Limitations Generally**

You may have heard that phrase "statute of limitations" before.  This refers to the fact that the law requires that claims must be brought, by filing a lawsuit, within a certain period of time, or the claims are barred.

The limitation periods under the various state laws at issue here range from one to ten years.  In most states, these periods do not begin to run until the plaintiff has actually discovered, or in the exercise of reasonable diligence should have discovered, all of the facts and circumstances underlying the claim.  This is referred to as the "discovery rule."  In other states, the limitations period does not begin to run if the defendant has concealed the wrongdoing.

Plaintiffs filed this lawsuit on December 19, 2001, and Plaintiffs' claims seek to recover damages for harm inflicted starting on January 1, 1991.

The Defendant contends that Plaintiffs and the Class are not entitled to recover in some states because their claims were too late, that is, the claims were barred by some state statutes of limitation.  Plaintiffs contend that their claims were timely filed promptly upon discovery of the alleged wrongdoing.  Applying the rules set forth below for each state, you must decide whether the Plaintiffs' claims are timely.

**7.02    Statute of Limitations:  Arizona**

Under the statute in Arizona, claims must be brought within **one** year from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 2000, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 2000, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 2000, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.03    Statute of Limitations:  Arkansas**

Under the statute in Arkansas, claims must be brought within **five** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1996, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1996, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1996, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.04    Statute of Limitations:  California**

Under the statute in California, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.05    Statute of Limitations:  Colorado**

Under the statute in Colorado, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for

- 35 -

Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.06   Statute of Limitations:  Connecticut

Under the statute in Connecticut, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.07   Statute of Limitations:  Delaware

Under the statute in Delaware, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.08    Statute of Limitations:  District of Columbia**

Under the statute in the District of Columbia, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.09    Statute of Limitations:  Florida**

Under the statute in Florida, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

001534-16  159884 V1

**7.10    Statute of Limitations:  Hawaii**

Under the statute in Hawaii, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.11    Statute of Limitations:  Idaho**

Under the statute in Idaho, claims must be brought within **four** years from the time that the violation of the statute occurs.  There is an exception, however, if the plaintiff can show (1) a false representation or concealment of a material fact on the part of the defendant with actual or constructive knowledge of the truth, (2) that he or she (the plaintiff) did not know or could not discover the truth, (3) the defendant made the false representation or concealment with the intent that it be relied upon, and (4) that he or she (the plaintiff) relied and acted upon the representation or concealment to his or her prejudice (collectively, these four factors are referred to in this instruction as the "equitable estoppel factors").

The statute of limitations is not a bar to your consideration of Plaintiffs' claims that accrued on or after December 19, 1997, because those claims fall within the four-year statute of limitations referenced above.

As to Plaintiffs' claims that allegedly accrued prior to December 19, 1997, you must decide whether the Plaintiffs have proven the four equitable estoppel factors.  If you find that Plaintiffs have proven the four equitable estoppel factors as to their pre-December 19, 1997 claims, such that they could not pursue their pre-December 19, 1997 claims until December 19, 1997 or thereafter, then the statute of limitations is not a bar to your consideration of all of Plaintiffs' claims that accrued before December 19, 1997.

Alternatively, in the event you find that Plaintiffs have not proven the four equitable estoppel factors, or that Plaintiffs have proven the four equitable estoppel factors but that they could have pursued their pre-December 19, 1997 claims prior to December 19, 1997, then the

statute of limitations bars your consideration of Plaintiffs' pre-December 19, 1997 claims, and you may not award damages for those pre-December 19, 1997 claims.

**7.12    Statute of Limitations:  Indiana**

Under the statute in Indiana, claims must be brought within **two** years from the time that the violation occurred, unless the plaintiff can show that the defendant either by deception or by a violation of a duty concealed from the plaintiff material facts, thereby preventing the plaintiff from discovering a potential claim under the Indiana statutes (collectively, these showings are referred to in this instruction as the "fraudulent concealment factors").

The statute of limitations is not a bar to your consideration of all of plaintiffs' claims under the Indiana statutes that accrued on or after December 19, 1999, because those claims fall within the two-year statute of limitations referenced above.

As to plaintiffs' claims under the Indiana statutes that allegedly accrued prior to December 19, 1997, you must decide whether the plaintiffs have proven the fraudulent concealment factors referenced above.  If you find that plaintiffs have proven the fraudulent concealment factors as to their pre-December 19, 1997 claims under the Indiana statutes, such that they could not pursue their pre-December 19, 1997 claims until December 19, 1997 or thereafter, then the statute of limitations is not a bar to your consideration of all of plaintiffs' claims under the Indiana statutes that accrued before December 19, 1997.

Alternatively, in the event you find that plaintiffs have not proven the fraudulent concealment factors referenced above, or that plaintiffs have proven the fraudulent concealment factors but that they could have pursued their pre-December 19, 1997 claims under the Indiana statutes prior to December 19, 1997, then the statute of limitations bars your consideration of plaintiffs' pre-December 19, 1997 claims under the Indiana statutes, and you may not award damages for those pre-December 19, 1997 claims under the Indiana statutes.

**7.13    Statute of Limitations:  Kansas**

Under the statute in Kansas, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

- 39 -

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.14    Statute of Limitations:  Maryland**

Under the statute in Maryland, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.15    Statute of Limitations:  Massachusetts**

Under the statute in Massachusetts, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.16    Statute of Limitations:  Michigan**

Under the statute in Michigan, claims must be brought within **six** years from the time that the plaintiff knows, or, should know, that he or she has a possible claim.

You must decide whether, before December 19, 1995, the Plaintiffs knew, or should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or should not have acquired this knowledge, before December 19, 1995, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or should have acquired this knowledge, before December 19, 1995, then you cannot find in favor of Plaintiffs.  If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or should have discovered, their claims.

## 7.17    Statute of Limitations:  Minnesota

Under the statute in Minnesota, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.18    Statute of Limitations:  Missouri

Under the statute in Missouri, claims must be brought within **five** years from the time that the plaintiff is capable of ascertaining the injury.

You must decide whether, before December 19, 1996, the Plaintiffs were capable of ascertaining the following:  that they were (i) making payments for Zoladex based on an inflated

AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs were not capable of ascertaining these things before December 19, 1996, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs were capable of ascertaining these items before December 19, 1996, then you cannot find in favor of Plaintiffs.  If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.19    Statute of Limitations:  Nevada**

Under the statute in Nevada, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.20    Statute of Limitations:  New Hampshire**

Under the statute in New Hampshire, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.21     Statute of Limitations:  New Jersey**

Under the statute in New Jersey, claims must be brought within **six** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1995, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1995, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1995, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.22     Statute of Limitations:  New Mexico**

Under the statute in New Mexico, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.23     Statute of Limitations:  New York**

Under the statute in New York, claims must be brought within **three** years after the date of the violation, unless the plaintiff can show that the defendant has wrongfully deceived or misled him or her in order to conceal the existence of his or her claim under the New York statutes (the "equitable tolling exception").

The statute of limitations is not a bar to your consideration of all of plaintiffs' claims under the New York statutes that accrued on or after December 19, 1998, because those claims fall within the three-year statute of limitations referenced above.

As to plaintiffs' claims under the New York statutes that allegedly accrued prior to December 19, 1998, you must decide whether the plaintiffs have proven the equitable tolling exception referenced above. If you find that plaintiffs have proven the equitable tolling exception as to their pre-December 19, 1998 claims under the New York statutes, such that they could not pursue their pre-December 19, 1998 claims until December 19, 1998 or thereafter, then the statute of limitations is not a bar to your consideration of all of plaintiffs' claims under the New York statutes that accrued before December 19, 1998.

Alternatively, in the event you find that plaintiffs have not proven the equitable tolling exception referenced above, or that plaintiffs have proven the equitable tolling exception but that they could have pursued their pre-December 19, 1998 claims under the New York statutes prior to December 19, 1998, then the statute of limitations bars your consideration of plaintiffs' pre-December 19, 1998 claims under the New York statutes, and you may not award damages for those pre-December 19, 1998 claims.

## 7.24   Statute of Limitations:  North Carolina

Under the statute in North Carolina, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.25   Statute of Limitations:  North Dakota

Under the statute in North Dakota, claims must be brought within **<u>six</u>** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1995, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1995, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1995, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.26   Statute of Limitations:  Oklahoma

Under the statute in Oklahoma, claims must be brought within **<u>three</u>** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.27   Statute of Limitations:  Oregon

Under the statute in Oregon, claims must be brought within **<u>one</u>** year from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 2000, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 2000, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 2000, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.28    Statute of Limitations:  Pennsylvania**

Under the statute in Pennsylvania, claims must be brought within **<u>six</u>** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1995, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1995, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1995, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.29    Statute of Limitations:  Rhode Island**

Under the statute in Rhode Island, claims must be brought within **<u>ten</u>** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1991, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1991, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1991, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.30    Statute of Limitations:  South Carolina**

Under the statute in South Carolina, claims must be brought within **three** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1998, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1998, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1998, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.31    Statute of Limitations:  South Dakota**

Under the statute in South Dakota, claims must be brought within **two** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1999, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1999, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1999, then you cannot find in favor of Plaintiffs.

- 47 -

If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.32   Statute of Limitations: Tennessee**

Under the statute in Tennessee, claims must be brought within **five** years after the date of the date of the transaction giving rise to the claim for relief, unless plaintiff can show (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed material facts from the plaintiff by withholding information or making use of some device to mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so (the "fraudulent concealment elements").

The statute of limitations is not a bar to your consideration of all of plaintiffs' claims that accrued on or after December 19, 2000, because those claims fall within the one-year statute of limitations referenced above.

As to plaintiffs' claims that allegedly accrued prior to December 19, 2000, you must decide whether plaintiffs have proven the four fraudulent concealment elements referenced above with respect to those claims.  If you find that plaintiffs have not proven the four fraudulent concealment elements referenced above with respect to their pre-December 19, 2000 claims, then you must specify the date on which you find that plaintiffs discovered their pre-December 19, 2000 claims.

Also, in the event you find that plaintiffs discovered their pre-December 19, 2000 claims on any date prior to December 19, 2000, then the statute of limitations bars your consideration of plaintiffs' pre-December 19, 2000 claims, and you may not award damages for those claims.

**7.33   Statute of Limitations:  Texas**

Under the statute in Texas, claims must be brought within **two** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1999, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1999, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1999, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.34    Statute of Limitations:  Vermont**

Under the statute in Vermont, claims must be brought within **six** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1995, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1995, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1995, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.35    Statute of Limitations:  Washington**

Under the statute in California, claims must be brought within **four** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1997, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1997, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1997, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

**7.36    Statute of Limitations:  West Virginia**

- 49 -

Under the statute in West Virginia, claims must be brought within **two** years from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 1999, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 1999, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 1999, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

## 7.37    Statute of Limitations:  Wisconsin

Under the statute in Wisconsin, claims must be brought within **three** years from the date of the violation, unless the defendant by his conduct has induced the plaintiff to forego filing suit within the limitations period, and when that conduct on the part of the defendant preceded the expiration of the three-year limitations period (the "equitable estoppel elements").

The statute of limitations is not a bar to your consideration of all of plaintiffs' claims that accrued on or after December 19, 1998, because those claims fall within the three-year statute of limitations referenced above.

As to plaintiffs' claims that allegedly accrued prior to December 19, 1998, you must decide whether plaintiffs have proven the equitable estoppel elements referenced above.  If you find that plaintiffs have not proven the equitable estoppel elements with regard to their pre-December 19, 1998 claims, then the statute of limitations bars your consideration of plaintiffs' pre-December 19, 1998 claims, and you may not award damages for those pre-December 19, 1998 claims.

## 7.38    Statute of Limitations:  Wyoming

Under the statute in Wyoming, claims must be brought within **one** year from the time that the plaintiff knows, or, in the exercise of reasonable diligence should know, the facts and circumstances underlying that claim.

You must decide whether, before December 19, 2000, the Plaintiffs knew, or in the exercise of reasonable diligence should have known, that they were (i) making payments for

Zoladex based on an inflated AWP that was not an average price because it did not reflect substantial discounts to doctors, and (ii) aware of the Defendant's spread marketing activities.

If you find that Plaintiffs either did not have this knowledge, or reasonably could not have acquired this knowledge, before December 19, 2000, then you must find that Plaintiffs' claims are timely filed.

But if you find that Plaintiffs did have this knowledge, or reasonably should have acquired this knowledge, before December 19, 2000, then you cannot find in favor of Plaintiffs. If this is how you decide, then you must specify the date on which you find that Plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered, their claims.

- 51 -

## VIII.   DELIBERATIONS AND VERDICT

**8.01**    **Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**8.02**    **Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be that is entirely for you to decide.

**8.03**    **Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**8.04**    **Return of Verdict Form**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

### 8.05   Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

- 53 -