# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL DOCKET NO. 1456 ) ) Civil Action No. 06-CV-11337 ) Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) Judge Patti B. Saris ) ) Chief Magistrate Judge Marianne B. Bowler |

### DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' FIRST REQUEST FOR PRODUCTION

Defendant Abbott Laboratories, Inc, ("Abbott") responds to Plaintiff, the United States' ("Plaintiff") First Requests for Production ("Requests") as follows:

### PRELIMINARY STATEMENT & GENERAL OBJECTIONS

1. Abbott objects to these Requests because they are unfair and nearly impossible to respond to as they improperly characterize Abbott's conduct. Plaintiff's Requests assume the allegations in Plaintiff's Complaint are true and require the production of documents relating to conduct that is in dispute. Abbott further objects to these request because they are argumentative, conclusory, vague and ambiguous.

Notwithstanding the inflammatory nature of Plaintiff's Requests, Abbott is willing to search for documents from the files of its home office employees who are or were responsible for communicating with the Center for Medicare and Medicaid Services ("CMS") and the State Medicaid programs, including their fiscal intermediaries and carriers, regarding the prices at which Abbott sold the drugs identified in Exhibit A to Plaintiffs' Request (the "Subject Drugs") to providers from 1991 through January 31, 2001 (the "Relevant Claim Period"). This information, data, and documents is potentially responsive to Request Nos. 3-18. In addition, Abbott believes that much of this information already has been produced to Plaintiff pursuant to the subpoenas served upon Abbott and in response to Abbott's Rule 26(a) document disclosures.

Moreover, Plaintiff has in its possession voluminous information relating to Abbott's pricing of the Subject Drugs, including, but not limited to: quarterly AMP data, Best Price data, and rebates paid to the various States for all drugs covered by the Medicaid Rebate Program.

Before Abbott undertakes a search of its files as described above for documents that may be responsive to Plaintiff's Requests, Abbott seeks to confer with Plaintiff regarding Abbott's collection and production of documents. Such a conference will ensure that Abbott does not expend the time and money searching for documents to later learn that Plaintiff is not interested in this information that is duplicative of information already in Plaintiff's possession. Abbott's intention is to comply with its discovery obligations in this matter and respond to requests that are reasonably calculated to lead to the discovery of admissible evidence.

2. Abbott objects to these Requests as untimely and unduly burdensome to the extent they purport to require Abbott to search for documents and information going back 16 years. Plaintiff unsealed its case against Abbott in 2006, after having the suit under seal for more than 11 years. Plaintiff's unreasonable delay in unsealing the suit has created an unnecessary and unreasonable burden on Abbott.

3. In responding to these Requests, Abbott will search for and produce information and documents, not already produced, from divisions responsible for selling and marketing the Subject Drugs, to non-hospitals and from the individuals responsible for communicating with representatives of any Medicare or Medicaid agencies regarding the Subject Drugs.

4. Abbott's investigation for information responsive to Plaintiff's Requests continues, and its responses to these Requests are based on information available at this time. Abbott reserves the right to supplement and/or amend these responses (and its production of documents) at any time prior to trial.

5. Where Abbott states herein that it will produce documents in accordance with the Federal Rules of Civil Procedure, it will produce such documents to the extent that they exist and can be reasonably obtained. By stating that Abbott will produce any documents or things responsive to a particular request, Abbott does not represent that any such documents or things exist or are within its possession, custody or control. Abbott's responses are limited to documents within its possession, custody and control, and that are reasonably accessible.

6. Abbott's specific objections to each request are in addition to the objections set forth in this and subsequent sections, which form a part of the response to each and every request and are set forth here to avoid the duplication and repetition of restating them for each response.

7. The information and documents supplied herein are for use in this litigation and for no other purpose.

8. Abbott objects to these Requests because they are overly broad and unduly burdensome to the extent they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

9. Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information that do not relate generally to the Subject Drugs. Abbott will not produce documents that relate exclusively to drugs that are not the Subject Drugs.

10. Abbott further objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to a sixteen-year time period that extends beyond the period for which Plaintiffs seek damages.

11. Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to sales to hospitals. Unless otherwise noted, to the extent a request seek information relating to Abbott's sales, Abbott's responses are limited to sales to non-hospital providers.

12. Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents relating to health insurance programs not at issue in this action. Unless otherwise indicated, Abbott will only produce documents relating to the Medicaid and Medicare programs.

13. Abbott objects to these Requests because they are overly broad, unduly burdensome, vague and ambiguous to the extent they contain any implications and/or explicit or implicit characterizations of the facts, events, circumstances, or issues addressed in these Requests. Any response by Abbott is not intended to indicate that Abbott agrees with any such implications or characterizations, or that such implications or characterizations are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO INSTRUCTIONS

1. Abbott objects to Paragraphs A, C, D, E, F, G, H, and K of Plaintiff's "Instructions" to the extent they exceed or alter the scope of permissible discovery under the Federal Rules of Civil Procedure. Abbott will respond to these Requests in accordance with the Federal Rules.

2.      Abbott objects to Paragraph A of Plaintiff's "Instructions" as overly broad and unduly burdensome. Abbott further objects to this Paragraph to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

3.      Abbott objects to Paragraph E of Plaintiff's "Instructions" as overly broad, confusing, vague and ambiguous.

## OBJECTIONS TO DEFINITIONS

1.      Abbott objects to the definition of the term "documents" as overly broad and unduly burdensome.

2.      Abbott objects to the definition of the terms "accuracy," "accurate" or "accurately" as vague and ambiguous.

3.      Abbott objects to the definition of "Price Representations" as overly broad, vague, ambiguous, and confusing. Abbott further objects to this definition as argumentative because it assumes that Abbott made representations relating to the AWP of pharmaceuticals.

4.      Abbott objects to the definitions of "Pharmaceutical" and "biological" because they are overly broad and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott will produce responsive documents, to the extent they exist, related only to the Subject Drugs.

5.      Abbott objects to the definition of "Identified Pharmaceuticals" because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott will produce responsive documents, to the extent they exist, relating only to the Subject Drugs as described by drug name and NDC in Exhibit A to Plaintiff's Requests.

6.      Abbott objects to the definition of "Spread" because it is overly broad, vague, ambiguous, and confusing.

7.   Abbott objects to the definition of "AWP" because it is overly broad, vague and ambiguous. Abbott further objects to this definition as argumentative because it assumes that Abbott "reported, advertised, published, or caused to be published" an AWP for pharmaceuticals.

8.   Abbott objects to the definitions of "WAC," "Direct Price," "Best Price," and "AMP" because they are overly broad.

9.   Abbott objects to Plaintiff's definition of the "Relevant Time Period" because it is overly broad, unduly burdensome and seeks documents and information relating to a time period that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Abbott will produce responsive documents, to the extent they exist, from 1991 through January 31, 2001 (the "Relevant Claim Period").

## REQUESTS FOR PRODUCTION

The foregoing statement and objections (collectively referred to herein as the "General Objections") are incorporated by reference into each of the following responses:

1.   All Documents responsive to the subpoenas served by the Department of Health and Human Services attached hereto as Exhibits B & C, had such subpoenas been served today, including, but not limited to (a) all Documents that were previously set aside or identified as being responsive to the subpoenas and (b) all Documents that were created or received by YOU after YOU were served with or responded to the subpoenas.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further incorporates any and all objections it made to each subpoena served by the Department of Health and Human Services (Exs. B & C to Plaintiff's Requests) as though stated fully herein. Abbott also objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Abbott further objects to this request as improper because Plaintiff has made no effort to analyze, modify or update the DHHS subpoena requests, which are several years old, so that

6

they would conform with the allegations and Subject Drugs in Plaintiff's Complaint filed in March 2006.[1] Finally, if Plaintiff wishes to serve the subpoena requests as separate document requests for purposes of this litigation, Abbott will answer them accordingly, and those document requests will count as separate sets of document requests.

        2.        All Documents produced by You in response to a subpoena or other document request of any State, or in any litigation commenced against You, in which Your creation or dissemination of any prices of your products in order to influence the reimbursement amounts paid by third party payors (such as Medicare, Medicaid or any insurance company) is at issue, including but not limited to:

        a.        Robert J. Swanston v. TAP Pharmaceutical Products Inc., et al., Case No. CV-2002-004988, Superior Court of the State of Arizona, Maricopa County;

        b.        State of West Virginia v. Warrick Pharmaceuticals Corp., et al., Case No. 01-C-3011, Circuit Court of Kanawha County, WV;

        c.        Peralta v. Abbott Laboratories Inc., Case No. BC 259587, Superior Court for the State of California, Los Angeles County;

        d.        State of Nevada v. Abbott Laboratories Inc., et al., Case No. CV-N-02-0080-ECR-RAM, Second Judicial District Court, Washoe County, NV;

        e.        Commonwealth of Kentucky v. Abbott Laboratories Inc., Civil Action No. 03-CI-1134, Franklin Circuit Court, KY;

        f.        Commonwealth of Pennsylvania, filed in March 2004 in the Commonwealth Court of Pennsylvania;

        g.        State of Ohio v. Dey, Inc., et al., Case No. A0402047, Court of Common Pleas, Hamilton County, OH;

        h.        State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc., et al., Cause No. GV401286, District Court, Travis County, TX;

        i.        State of Wisconsin v. Abbott Laboratories Inc., et al., Case No. 04 CV 1709 Unclassified- Civil: 30703, Circuit Court of Dane County, WI

        j.        City of New York v. Abbott Laboratories Inc., et al., Case No. 04-CV-06504, S.D.N.Y.;

---

[1] Abbott notes that Plaintiff incorrectly represented to the Court in its August 22, 2006 filing seeking a stay of discovery that Plaintiff has served defendants with only 18 Requests for Production. In reality, the subpoenas attached as Exhibits B and C to Plaintiff's Requests contain 15 and 23 separate document requests respectively. Thus, Plaintiff has attempted to serve defendants, albeit in an improper and objectionable manner, a total of 56 requests for production.

k. Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al., No. 21 2 MD 2004, Commonwealth Court of Pennsylvania; and,

l. In re Pharmaceutical Industry Average Wholesale Price Litigation (MDL 1456) Civil Action No. 01-CV-12257 PBS, D. Mass, including actions transferred to MDL 1456.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "creation" and the phrase "in order to influence the reimbursement amounts paid by third party payors" are vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott states that, as part of its Fed. R. Civ. Pro. Rule 26(a) document disclosures, it already has produced responsive documents from other various AWP pricing cases pending against Abbott for the Relevant Claim Period that relate to the Subject Drugs or that are otherwise relevant to the claims asserted in this action.

3. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative of the existence of a Spread on any of Your pharmaceutical products.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "disclosure" is vague, ambiguous, conclusory and argumentative. In particular, the existence of a so-called "spread" between acquisition price and reimbursement for pharmaceutical drugs has been well known to the government, including those charged with administering the Medicare and Medicaid programs, for decades.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

4. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative about the nature of Your role in the creation or existence of the Spread.

8

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is argumentative and it assumes the validity of the Government's theory of this case. Abbott had no role "creation or existence" of any so-called "spread." Abbott further objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "disclosure" and the phrase "nature of Your role in the creation or existence of the Spread" are vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

5.      All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or increased, or caused the raising or increase, of reported prices (including but not limited to AWP, WAC or DP) on Your products in order to cause an increase in the reimbursement for those products by third party payors (including but not limited to Medicare, Medicaid or any insurance company).

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is argumentative and assumes as fact Plaintiff's theory of the case – namely that Abbott somehow manipulated the pricing system in order to increase sales of its products. Abbott further objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "disclosure" is vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

6.      All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or increased prices on Your products in order to help You sell more of those products by making those products more profitable to Your customers.

9

**RESPONSE:** Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1 and to its response to Request No. 5.

7. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or increased prices on Your products in order to help You sell more of those products by making those products more profitable to Your customers and that Your market share increased as a result.

**RESPONSE:** Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1 and to its response to Request No. 5.

8. All documents which mention, evidence or reflect any disclosure by You of Your accurate transaction prices or the scope and size of the spread on any of Your products to any Medicare, Medicaid or insurance company employee or representative.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "disclosure" and the phrases "accurate transaction price" and "the scope and size of the spread" are vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

9. All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the phrase "the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products" is vague and ambiguous. Abbott further objects

to this Request as overly broad and unduly burdensome as the Request does not identify any specific provision, term, statute, or regulation that may govern Abbott's conduct.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

10. All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the Medicaid pharmaceutical rebate program.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the phrase "the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the Medicaid pharmaceutical rebate program" is vague and ambiguous.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

11. All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning of AWP, WAC, Direct Price, Best Price, Estimated Acquisition Cost, or any other term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the phrase "the meaning of AWP, WAC, Direct Price, Best Price, Estimated Acquisition Cost, or any other term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products" is vague and ambiguous.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

12.  All documents which mention, evidence or reflect any confusion, understanding or interpretation by You regarding the meaning of AWP, WAC, Direct Price, Best Price, Estimated Acquisition Cost, or any other term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Abbott also objects to this request because the term "confusion" is vague and ambiguous.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

13.  All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative of all documents which mention, evidence or reflect the actual prices you charged to, and the actual prices paid by, your customers for the Identified Pharmaceuticals. These documents should include all documents reflecting any and all inducements, discounts, rebates or other advantages enjoyed by your customers as a result of their use or purchase or any of the Identified Pharmaceuticals.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the terms "disclosure," "actual prices," "inducements," "discounts," and "rebates" and the phrase "other advantages enjoyed by your customers as a result of their use or purchase or any of the Identified Pharmaceuticals" are confusing, vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

14.  All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that the prices You reported for Medicaid and Medicare reimbursement were inflated in comparison with Your actual pricing practices.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the terms "disclosure" and "inflated" and the phrase "in comparison with Your actual pricing practice" are vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

15. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You were marketing the spread to customers.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is argumentative and assumes as fact Plaintiff's theory of the case – namely that Abbott somehow manipulated the pricing system in order to increase sales of its products. Abbott further objects to this Request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "disclosure" is vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1.

16. All documents which mention, evidence or reflect any response of any Medicare, Medicaid or insurance company employee or representative to any disclosure or request described in paragraphs 3 - 15 above.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is duplicate and Abbott incorporates its objections made in response to Request Nos. 3-15 as if stated fully herein.

Subject to and without waiving its objections, Abbott directs Plaintiff to its responses to Requests Nos. 3-15.

17. All documents which mention, evidence or reflect the purpose, goal or reason for the transmittal of the information described in paragraphs 3 - 15 above, including internal memoranda, cover letters, analysis or strategy discussions.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to this request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Abbott incorporates its objections made in response to Request Nos. 3-15 as if stated fully herein.

18. All documents which mention, evidence or reflect the actual prices you charged to, and the actual prices paid by, your customers for the Identified Pharmaceuticals. These documents should include all documents reflecting any and all inducements, discounts, rebates or other advantages enjoyed by your customers as a result of their use or purchase or any of the Identified Pharmaceuticals.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the terms "actual prices," "inducements," "discounts," and "rebates" and the phrase "other advantages enjoyed by your customers as a result of their use or purchase or any of the Identified Pharmaceuticals" are confusing, vague, ambiguous, conclusory and argumentative.

Subject to and without waiving its objections, Abbott refers Plaintiff to Abbott's Preliminary Statement and General Objection No. 1. Abbott further states that in December 2005 and January 2006 Abbott produced direct and indirect national sales data to Plaintiff for 166 Abbott drug NDC's which reflects prices at which Abbott sold these drugs.

Dated: December 11, 2006                Respectfully submitted,

/s/ David S. Torborg
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, and memorandum and materials in support, be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 11th day of December, 2006.

/s/ David S. Torborg
David S. Torborg