# EXHIBIT 4, PART 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456 Civil Action No. 06-CV-11337 Lead Case No. 01-CV-12257 |
| _____ THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) ) ) | Judge Patti B. Saris Chief Magistrate Judge Marianne B. Bowler |

### DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' SECOND REQUEST FOR PRODUCTION

Defendants Abbott Laboratories, Inc, ("Abbott") responds to the United States'

("Plaintiff") Second Requests for Production ("Requests") as follows:

### GENERAL OBJECTIONS

1.      Abbott objects to these Requests as untimely and unduly burdensome to the extent

they purport to require Abbott to search for information and documents going back twenty-one

years.  Plaintiff unsealed its case against Abbott in 2006, after having the suit under seal for more

than eleven years.  Plaintiff's eleven-year delay in unsealing the suit has created an unnecessary

and unreasonable burden on Abbott.  Plaintiff's unreasonable delay also makes it possible that

evidence responsive to these Requests is no longer available.

2.      Abbott objects to these Requests as argumentative, unfair, misleading, confusing

and unduly prejudicial to the extent the Requests assume, or purport to impose, responsibilities

and duties to report or act otherwise not found in the law.

3.      In responding to these Requests, Abbott will search for information and

documents from the division responsible for pricing, selling and marketing the drugs identified in

Plaintiff's Complaint (hereinafter, the "Subject Drugs"), to non-hospitals and from the

individuals responsible for communicating with representatives of any Medicare or Medicaid agencies and with the pricing compendia regarding the Subject Drugs.

4.      In responding to these requests Abbott will make available documents relating to National Customers as defined by the Texas Court.

5.      Abbott's investigation for information responsive to Plaintiff's Requests continues, and its responses to these Requests are based on information and documents available at this time.  Abbott reserves the right to supplement and/or amend these responses and its production at any time prior to trial.

6.      Abbott's specific objections to each Request are in addition to the objections set forth in this and subsequent sections, which form a part of the response to each and every Request and are set forth here to avoid the duplication and repetition of restating them for each response.

7.      The information supplied herein are for use in this litigation and for no other purpose.

8.      Abbott objects to these Requests because they are overly broad and unduly burdensome to the extent they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

9.      Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information and documents that do not relate generally to the Subject Drugs.

10.      Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to

-2-

lead to the discovery of admissible evidence to the extent they seek documents and information relating to a twenty-one year time period that extends beyond the period for which Plaintiff seeks damages.

11.     Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to sales to hospitals.  Unless otherwise noted, to the extent a request seeks documents relating to Abbott's sales, Abbott's responses are limited to sales to non-hospital providers.

12.     Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to the calculation of Average Manufacturer Price or Best Price.

13.     Abbott objects to these Requests because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents relating to health insurance programs not at issue in this action.  Unless otherwise indicated, Abbott's responses are limited to the Medicaid and Medicare programs.

14.     Abbott objects to these Requests because they are overly broad, unduly burdensome, argumentative, vague and ambiguous to the extent they contain any implications and/or explicit or implicit characterizations of the facts, events, circumstances, or issues addressed in these Requests.  Any response by Abbott is not intended to indicate that Abbott agrees with any such implications or characterizations, or that such implications or

-3-

characterizations are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

15.    Abbott objects to these Requests as overly broad and unduly burdensome to the extent they require Abbott to search the notes and files of numerous Abbott field sales force employees.  In responding to these requests, Abbott will search for information and documents at Abbott's Corporate Headquarters in Abbott Park, Illinois as well as the corporate records department for Abbott's Hospital Products Division.

16.    Abbott objects to these Requests to the extent that they are duplicative of other discovery served by Plaintiff and are therefore overly burdensome and harassing.

17.    Abbott objects to these Requests to the extent they seek information that is protected by attorney-client privilege and/or the work-product doctrine.

## OBJECTIONS TO INSTRUCTIONS

1.    Abbott objects to Plaintiff's "Instructions" to the extent they exceed or alter the scope of permissible discovery under the Federal Rules of Civil Procedure.  Abbott will respond to these Requests in accordance with the Federal Rules.

2.    Abbott objects to paragraph D of Plaintiff's "Instructions," which purports to identify the Relevant Time Period as 1985 to the present, as overly broad, unduly burdensome and because it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott's responses to these Requests are limited to the time period 1991 through January 31, 2001 (hereinafter, the "Relevant Claim Period").

## OBJECTIONS TO DEFINITIONS

1.    Abbott objects to the definition of the term "documents" as overly broad and unduly burdensome.

-4-

CHI-1568496

2.      Abbott objects to the terms "You," "Your," "Abbott" and "Defendant" as overly broad and unduly burdensome.  Abbott will construe these terms to mean Abbott's former Hospital Products Division ("HPD"), which was responsible for the sales, marketing and pricing of the Subject Drugs to non-hospitals, and those persons responsible for communicating with representatives of any Medicare or Medicaid agencies and with the pricing compendia regarding the Subject Drugs.

3.      Abbott objects to the definition of the terms "accuracy," "accurate" or "accurately" as argumentative, vague and ambiguous.

4.      Abbott objects to the definition of "Price Representations" as overly broad, vague, ambiguous, and confusing.  Abbott further objects to this definition as argumentative because it assumes that Abbott made representations relating to the AWP published by third parties for the Subject Drugs.

5.      Abbott objects to the definitions of "Pharmaceutical" because it is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott will produce responsive documents, to the extent they exist, related only to the Subject Drugs.

6.      Abbott objects to the definition of "Spread" because it is overly broad, vague, ambiguous, and confusing.  Abbott further objects to the term "Spread" because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding private insurance companies.  Abbott further objects to the term "Spread" to the extent it assumes that the difference between the "actual acquisition cost or purchase price" of a drug and

CHI-1568496

reimbursement results in a profit or margin to the purchaser, without taking into account overhead costs, dispensing or administration costs and other such costs.

7.      Abbott objects to the definition of "AWP" because it is overly broad, vague and ambiguous.  Abbott further objects to this definition as argumentative because it assumes that Abbott "reported, advertised, published, or caused to be published" an AWP for the Subject Drugs.

8.      Abbott objects to the definition of "Best Price" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to the definition of "Best Price" because it is a defined term under federal law.  *See* 42 U.S.C. 1396r-8.

9.      Abbott objects to the definition of "AMP" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to the definition of "AMP" because it is a defined term under federal law.  *See* 42 U.S.C. 1396r-8.

10.      Abbott objects to the definition of "average or estimated acquisition cost" as overly broad, vague and ambiguous.  Abbott further objects to the definition of "average or estimated acquisition cost" to the extent it assumes and/or imposes a duty on Abbott to calculate such a cost.

11.      Abbott objects to the definition of "disclose" as vague, ambiguous, and conclusory.

12.      Abbott objects to the definition of "marketed the Spread" as argumentative, conclusory, vague and ambiguous.

13.      Abbott objects to the definition of "customer" as overly broad.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    All Documents:

   (a)    that support any denial made by You in response to any of the United States' First Requests for Admission, and

   (b)    identified in response to the United States' First Set of Interrogatories.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad and unduly burdensome.  Abbott incorporates its objections made in response to

each of Plaintiff's Interrogatories and Requests for Admission as though specifically stated here.

   Subject to and without waiving its objections, Abbott states that it has produced

documents to Plaintiff as part of its Initial Disclosures that are responsive to this Request and that

relate to the Subject Drugs during the Relevant Claim Period.  Abbott's investigation continues.

## CATEGORY 1: CORPORATE STRUCTURE/DOCUMENT STORAGE, RETENTION AND COLLECTION

2.    Organizational chart(s) showing or describing Your corporate structure, including relationships to, between or among parent(s), subsidiary(ies), divisions, affiliate(s), regional or branch offices, and any facilities in which You have (or had) an ownership interest.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.

   Subject to and without waiving its objections, Abbott states that it will produce

organizational charts for its Hospital Products Division ("HPD") to the extent they have not been

produced already, for the Relevant Claim Period.

3.    Documents, such as organizational charts, sufficient to show the organization of each of Your divisions, departments, units or subdivisions that have (or had) any role in the production, manufacture, market allocation, distribution, marketing, pricing or sale of Your Pharmaceuticals.

CHI-1568496

**RESPONSE:**  In addition to its General Objections, Abbott objects on the grounds that this

Request is duplicative of Request No. 2.  As a result, Abbott incorporates herein its Objections

and Response to Request No. 2.

4.      All Documents that indicate job responsibilities and lines of authority or reporting of
Your personnel by position, including but not limited to the relationship and reporting
responsibilities of personnel at the regional or divisional or branch offices to headquarters.

**RESPONSE:**  In addition to its General Objections, Abbott objects on the grounds that this

Request is duplicative of Requests No. 2 and 3.  As a result, Abbott incorporates herein its

Objections And Response To Requests No. 2 and 3.

5.      All telephone directories or telephone lists for all of Your offices, divisions, and/or
branches including headquarters.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is nether relevant nor reasonably calculated to lead to the

discovery of admissible evidence.

6.      All Documents listing titles and job descriptions of Your directors, officers, and
executives.

**RESPONSE:**  In addition to its General Objections, Abbott objects on the ground that this

request is duplicative of Request. No. 2.  As a result, Abbott incorporates herein its Objections

and Response to Request No. 2.

7.      Documents sufficient to explain the record layout, including any or all of the data fields,
of electronic data produced in response to any of these requests, and/or the operation of any
equipment or software utilized by You to maintain the responsive electronic data.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad.  Abbott further objects to this Request because the phrase "operation of any

equipment or software utilized by You to maintain the responsive electronic data" is vague and

ambiguous.

-8-

CHI-1568496

Subject to and without waiving its objections, Abbott states that it has produced file layouts identifying the fields of the indirect and direct national sales data produced for the Subject Drugs during the Relevant Claim Period.  Abbott further states that it has produced additional code look up tables that further explain the electronic data.

8.      All Documents that identify the names and addresses of all facilities where Your Documents are stored.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of its objections, Abbott states that the primary locations where documents relevant to this litigation are stored are  (i) Abbott Laboratories Corporate Headquarters located in Abbott Park, Illinois; and (ii) corporate records for documents from its former Hospital Products Division.

9.      All Documents that constitute, discuss or refer to any policies, directives, instructions or procedures relating to the storage of Your Documents, including but not limited to: a) Documents that reflect the location of Your Documents; and b) Documents that pertain to the period of retention and schedule for destruction of Your Documents.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving its objections, Abbott states that it will produce, to the extent they exist and have not been produced already, any general retention, destruction and/or storage policies for documents relating to the sales, marketing and pricing of the Subject Drugs during the Relevant Claim Period.

-9-

CHI-1568496

10.     All Documents that constitute, discuss or refer to any policies, directive, instructions or procedures relating to the retention, destruction, collection, organization, storage, and production of documents in anticipation of and responsive to the United States' and Relator's Requests for Production of Documents in the case captioned above.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request

to the extent that it seeks information that is protected by the attorney-client privilege and/or the

work-product doctrine.

Abbott will produce record-hold notices responsive to this Request only if the United

States agrees to produce its own record hold notices in response to Abbott's analogous requests,

and that the United States further agrees that Abbott's production of such documents does not

constitute a waiver of any attorney-client or attorney work-product privilege by Abbott.

11.     For each database and each other data management system/application used to store, process, model or analyze any data related to or derived from a sales transaction for Your Pharmaceuticals, a native electronic format copy of each data schematic, flow diagram, look up table, description/definition of data field values (including but not limited to formulas that explain how the value for a field is and was derived), and each Document that describes how to read, understand, interpret or analyze such data.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence to

the extent it seeks electronic data for databases over a twenty-one year period (some of which

may no longer be utilized by Abbott), to the extent it seeks information in "native electronic

format," and to the extent it seeks to have Abbott create information that is not otherwise

contained in their electronic data.

Abbott further objects to this Request because the phrases "used to store, process, model

or analyze" and "describes how to read, understand, interpret or analyze such data," and the

-10-

terms "native electronic format," "database," "data management system/application," "data schematic," "flow diagram," "look up table" and "description/definition of data field values" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced file layouts and code look up tables that relate to the direct and indirect national sales data produced for the Subject Drugs for the Relevant Claim Period. Abbott will produce any relevant additional look up tables or flow diagrams not yet produced that relate to this data.

12.     In native electronic format, a copy of each report (standard or ad hoc) generated from CAS, DELPHI, HUB, Rebate, COP, GAA, or any other source regarding projected and/or actual sales, profits and pricing (including but not limited to all prices, price discounts and price adjustments) on each of Your Pharmaceuticals.

**RESPONSE:**  In addition to its General objections, Abbott objects to this Request because it is overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning "profits," to the extent it seeks information in "native electronic format," and to the extent it is not limited to documents related to sales of the Subject Drugs. Abbott further objects to this Request because it has already produced the relevant sales data for the Subject Drugs during the Relevant Claim Period and this request is unreasonably cumulative and duplicative.

Abbott also objects to this Request to the extent it seeks documents from the Rebate system which was never operational and from the HUB system which does not maintain any information related to actual sales, profit or pricing. Abbott further objects to this Request because the term "report (standard or ad hoc)" and the phrase "or any other source regarding projected and/or actual sales, profits and pricing (including all prices, price discounts and price

-11-

adjustments)" are vague and ambiguous. Abbott also objects to this request to the extent it

mischaracterizes the purpose and function of any of the data systems named in this request.

13.     Each training, operating, and development module, manual, policy, and procedure for
each database and each other data management system used to store, process, model or analyze
any data related to or derived from a sales transaction for Your Pharmaceuticals. (This request
includes without limitation, GAA, SAP, CAS, DELPHI, COP, CBS, HUB, REBATE, SER, KAP,
OPS, and all other sources, such as accounting, tax, product development, large account
management, and trade group promotions, not listed on same).

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks electronic data for databases over a twenty-one year period (some

of which may no longer be utilized by Abbott), to the extent it seeks to have Abbott create

information that is not otherwise contained in the electronic data, to the extent  it seeks

information in "native electronic format," to the extent it seeks accounting and tax information,

and to the extent it is not limited to sales of the Subject Drugs.

Abbott also objects to this Request to the extent it seeks documents from the Rebate

system which was never operational and from the HUB, SER, and KAP systems which do not

maintain any information related to actual sales or pricing.

Abbott further objects to this Request because the phrases "used to store, process, model

or analyze," "data related to or derived from a sales transaction" and "all other sources, such as

accounting, tax, product development, large account management, and trade group promotions"

and the terms "database," "data management system," "development module," "policy" and

"procedure" are vague and ambiguous.

Abbott further object to this Request to the extent it is duplicative of Plaintiff's other

discovery requests such as Request No. 11.

-12-

Subject to and without waiving any of its objections, Abbott states that it will produce non-privileged, responsive instructions for the operating systems, to the extent they exist, are reasonably available and have not been previously produced, relating the indirect and direct sales data for the Subject Drugs which was produced for the Relevant Claim Period.

14.    All Documents reflecting all appropriate computer queries and other pertinent computer commands utilized to create each report responsive to any of the United States' Requests for Production.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the phrases "appropriate computer queries" and "other pertinent computer commands" are vague and ambiguous. Abbott further objects to this Request because it calls for documents and information protected by the attorney-client privilege and/or the attorney work-product doctrine. Abbott also objects to this Request to the extent it seeks to have Abbott create information that is not otherwise maintained in their normal course of business.

**CATEGORY 2: SALES DATA**

15.    All Documents reflecting all sales prices for Your Pharmaceuticals to all classes of trade.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the phrase "classes of trade" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced direct and indirect national sales data for the Subject Drugs during the Relevant Claim Period. This sales data contains the price charged to the customer and that customer's class of trade

-13-

designation for each transaction.  Abbott has also produced to Plaintiff a look up table, which identifies and describes the class of trade.

16.     All Documents concerning the calculation or accounting of net sales of Your Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request because the terms "accounting" and "net sales" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced direct and indirect national sales data for the Subject Drugs during the Relevant Claim Period.  This sales data contains the price charged to the customer and that customer's class of trade designation for each transaction.  Abbott has also produced to Plaintiff a look up table, which identifies and describes the class of trade.

17.     All Documents which reflect all sales of any of Your Pharmaceuticals at List Price or Direct price.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request because it seeks information that is not in Abbott's care, custody or control.  Abbott further objects to this Request because it seeks "all sales" regardless of whether they were made by Abbott.

Subject to and without waiving its objections, Abbott states that it has produced direct and indirect national sales data for the Subject Drugs during the Relevant Claim Period which reflects the price at which such drugs were sold by Abbott, including any sales at list or direct price.

-14-

CHI-1568496

18.   All transactional data, including sales data, specifically reflecting, with respect to each of Your Pharmaceuticals:

    a.    the date and time thereof;

    b.    the name and address of the person or entity billed for the sale (the "bill-to-customer") and documentation identifying the parent company, if the database or any Documents identify a subsidiary, corporate affiliate, division, satellite office or warehouse;

    c.    the name and address of the person or entity to whom shipped (the "ship-to-customer") and the full name and address of the parent company, if the database or Documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse;

    d.    each unique field reflecting any discounts, rebates, chargebacks, returns and other price and quantity adjustments;

    e.    all customer names and respective customer classification designations (a/k/a class of trade designations); and

    f.    each unique field reflecting any amount paid by the customers, in total and in dollars per unit. This request includes each transaction price (and applicable per package size) and each extended amount field reflecting the amount billed to credited to or paid by the customer;

    g.    each unique key field linkage to the source of each transaction price, which could be a contract number or a price list or price type designation used to identify or verify the appropriate price applicable to this transaction with this customer;

    h.    each unique field of data related to a rebate to the customer that affected the price of the transaction, whether given in the ordinary course of the contract under which the transaction was conducted or under other terms or arrangements;

    i.    each unique field of data related to any other contract prices applicable to the customer that affected the price of the transaction, whether given in the course of the contract under which the transaction was conducted or under other terms or arrangements;

    j.    each unique field of data related to any other discount, concession, chargeback or other item of value to the customer that affected the ultimate price per unit sold in the transaction, whether given in the ordinary course of the contract under which the transaction was conducted or under other terms or arrangements;

    k.    each unique inventory control number for the transaction, including each invoice number, each debit/credit memo number, and each line number for each transaction;

-15-

l.      NDC number;

m.      each applicable J-Code (Level II HCPCS);

n.      each Abbott and Hospira product number and product description;

o.      number of packages tied to this transaction;

p.      package size;

q.      extended unit type (e.g., bottle, vial, capsule or tablet);

r.      each unique field specifying information about the transaction type (such as sales, returns, adjustments, chargebacks, rebates, etc.); and

s.      any other unique field of data You consider necessary to calculate net sales price per package for each given transaction, net of all rebates, chargebacks, discounts or other adjustments.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, and seeks data that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks electronic data for each commercial transaction for a twenty-one year period, to the extent it seeks all adjustments to the sales of the Subject Drugs, to the extent it seeks information regarding the parent and subsidiary relationships of Abbott's customers, to the extent it seeks data or information that does not exist, and to the extent it seeks to have Abbott create information that is not otherwise contained in their electronic data.

Abbott further objects to this Request because the terms "other price and quantity adjustments," "unique field," "unique key field," "extended amount field," "source of each transaction price," "price type designation," "appropriate price," "contract prices," "discount," "concession," "item of value," "ultimate price," "extended unit type" and the phrases "rebate to the customer that affected the price of the transaction" and "any other contract prices applicable to the customer that affected the price of the transaction" are vague and ambiguous.

-16-

Subject to and without waiving any of its objections, Abbott states that it has produced direct and indirect national sales data for the Subject Drugs as well as corresponding file layouts of the fields contained in such sales data.

19.    Documents which reflect or relate to the prices charged for and other terms and/or conditions of sale for Your Pharmaceuticals, including but not limited to pricing communication or contracting correspondence manuals, price lists, guidelines, matrices, policies, mark-up policies, mark-up formulas, formulas and/or any other pricing procedures, for each product line, and/or product, and for each customer, and /or customer group purchasing organization (GPO), and/or price reporting service, and/or class of trade or subgroup thereof or other Documents that are sufficient to identify:

a.      payment terms;

b.      discounts, rebates, chargebacks and /or other adjustments offered to any purchaser and/or class of trade;

c.      prices and terms of sale for wholesale purchasers;

d.      prices and/or discounts and/or rebates and/or other adjustments for chain pharmacy purchasers;

e.      prices and/or discounts and/or rebates and/or other adjustments for hospital purchasers;

f.      prices and/or discounts and/or rebates and/or other adjustments for managed care purchasers;

g.      prices and/or discounts and/or rebates and/or other adjustments for mail order purchasers;

h.      prices and/or discounts and/or rebates or other adjustments for any and all other purchaser class of trade or subgroup.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, and seeks data that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request as overly broad to the extent it seeks all adjustments to the sales of the Subject Drugs. Abbott further objects to this Request because it seeks information that is not in Abbott's care, custody or control. Abbott also objects to this Request because it seeks prices

charged for Abbott's drugs, without regard to whether Abbott sold the drug.  Abbott also objects

to this Request because the terms "mark-up policies," "mark-up formulas," "discounts," and

"other adjustments" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced direct

and indirect national sales data for the Subject Drugs as well as corresponding file layouts of the

fields contained in such sales data.  Abbott further states that it has produced certain contracts

and agreements it has with purchasers of the Subject Drugs for the Relevant Claim Period which

reflect the terms of such sales, including rebates or discounts that may be provided.

## CATEGORY 3: PRICING AND PRICE REPRESENTATIONS

20.    All Documents concerning all Your Price Representations for Your Pharmaceuticals
including but not limited to all product catalogs and all price lists.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Abbott states that it has produced product

catalogues and price lists for the Subject Drugs for the Relevant Claim Period.

21.    All Documents that mention, evidence or reflect the impact or connection between any
Price Representations and the reimbursement methodology or policy of any third party payor,
including the Medicare Program, any state Medicaid Program or any insurance company.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request because it is vague

and ambiguous as to "impact or connection" and it ultimately seeks information about the

"reimbursement methodology or policy" of entities other than Abbott.  Abbott further objects to

this Request because it seeks information that is not in Abbott's care, custody or control.

-18-

Subject to and without waiving its objects Abbott states that it will produce non-privileged responsive documents in Abbott's possession, to the extent they exist, related to the Subject Drugs during the Relevant Time Period.

22.     Periodic reports, summaries, or any other Documents constituting or which mention, evidence or reflect the average, mean, or median or any other summary calculations of pricing for each of Your Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request to the extent that it seeks documents or information that are protected by the attorney-client privilege and/or the attorney work-product doctrine.  Abbott also objects to this Request to the extent it seeks information already in the control of Plaintiff.  Abbott also objects to this Request to the extent it seeks to have Abbott create documents that do not already exist.  Abbott further objects to this Request because the phrase "any other summary calculations of pricing" is vague and ambiguous.  Abbott also objects to this request because it is unduly burdensome and harassing and seeks documents that are unreasonably cumulative or duplicative.

Subject to and without waiving its objections, Abbott states that it has produced a host of pricing information already in this litigation, including (i) direct and indirect national sales data for the Subject Drugs; and (ii) correspondence with the pricing compendia regarding reported prices for the Subject Drugs.  Abbott's investigation continues.  Furthermore, Abbott states that, since 1991, it has submitted Average Manufacturer Price data to CMS and its predecessor.

23.     Data and any Documents from which You calculated AWP, WAC, Direct Price or List Price for each of Your Pharmaceuticals which was reported to any Price Reporting Service, together with any record containing or outlining assumptions made by You in Your calculation of such prices.

CHI-1568496

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the phrase "any record containing or outlining assumptions made" is vague and ambiguous. Abbott further objects to this Request to the extent it assumes, incorrectly, that Abbott calculated or reported an AWP for any of the Subject Drugs.

Subject to and without waiving its objections, Abbott states that it will produce, to the extent they have not already been produced, reasonably available responsive documents relating to the Subject Drugs for the Relevant Claim Period.

24.    Documents which mention, evidence or reflect AWP, WAC, Direct Price or List Price for Your Pharmaceuticals or those of Your competitors.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this Request would compel Abbott to search for and produce every scrap of paper, email, or electronic document created over the course of at least a decade (even more, in the Government's view) that even mentioned any price for any of Abbott's drug products. Such an exercise would be incredibly burdensome for Abbott, and would yield scores of documents that have no arguable relevance to any claim in dispute in this litigation. Abbott further objects to this Request to the extent that it is duplicative of other document requests served by Plaintiff, which are more narrowly tailored to the claims at issue. Abbott further objects to this Request to the extent that it seeks documents or information that are protected by the attorney-client privilege and/or the attorney work-product doctrine. If the Government can limit this request in some appropriate fashion, Abbott is willing to revisit the issue.

CHI-1568496