# EXHIBIT 4, PART 2

25.    Documents related to, reflecting, or referring to any changes or adjustments to AWP, WAC, Direct Price and List Price for Your Pharmaceuticals.

**RESPONSE:** In addition to its General Objections, Abbott objects on the grounds that this

Request is duplicative of Request No. 24.  As a result, Abbott incorporates herein its Objections

and Response to Request No. 24

26.    Documents related to, reflecting, referring to, describing or consisting of minutes, notes, presentations, discussions, meetings, decisions, deliberations, resolutions or directives by corporate management and/or of the Board of Directors which mention, evidence or reflect pricing, price reporting, or third party reimbursement of any and all drugs manufactured and/or marketed by You.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it

seeks confidential and/or proprietary information and seeks documents not relevant to the subject

matter of this action or reasonably calculated to lead to the discovery of admissible evidence by

asking for minutes, notes, presentations, discussions, meetings, decisions, deliberations,

resolutions or directives by "corporate management" and the Board of Directors.  Abbott further

objects to this request because it is overly broad and unduly burdensome to the extent it would

force Abbott to search voluminous amounts of documents, and because the term "corporate

management" is vague and ambiguous.  Abbott further objects to this request to the extent it

seeks information that is protected by the attorney-client privilege and/or the work-product

doctrine.

27.    Documents reflecting or consisting of all Price Representations, price lists, price changes, and any corrective pricing information communicated between You and any Price Publication or state Medicaid program.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request because the phrase

"corrective pricing information" is vague and ambiguous.  Abbott further objects to this Request

-21-

to the extent that it seeks documents or information that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving its objections, Abbott states that it has produced its communications with the pricing compendia relating to the Subject Drugs during the Relevant Claim Period. Abbott further states that it will produce reasonably available communications between Abbott and the state Medicaid programs relating to pricing of the Subject Drugs during the Relevant Claim Period.

28.    Any contracts existing between You and any Publisher including but not limited to any amendments thereto.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Abbott states that it will produce reasonably available contracts with the pricing compendia, if any, that relate to the Subject Drugs during the Relevant Claim Period.

29.    All documents relating to Your decision to lower Your WACs and/or any other prices reported or submitted for Your Pharmaceuticals to the Price Publications in 2000 and/or 2001.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving any of its objections, Abbott states that it will produce documents, to the extent they have not already been produced, that relate to the lowering of the WAC's for the Subject Drugs in 2000.

CHI-1568496

30.     All documents relating to or otherwise reflecting communications regarding the impact of the 2001 TAP Pharmaceuticals criminal plea and civil settlement on the prices or pricing practices for Your Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request to the extent it seeks

information that is protected by the attorney-client privilege and/or the work-product doctrine.

Abbott further objects to this Request because it seeks information that is not in Abbott's care,

custody or control.

31.     Documents discussing or concerning Your policy and practice concerning the disclosures that providers and "Pharmaceutical Benefits Managers" (known as "PBMs") may make of the drug price information they receive from You or from drug wholesalers.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request because the term

"disclosures" is vague, ambiguous, and conclusory.  Abbott states that there are no agreements or

contracts with PBMs for the Subject Drugs during the Relevant Claim Period.

32.     Exemplar agreements between You and purchasers and PBMs applying Your policies and practices which mention, evidence or reflect the disclosures such entities may make of the drug price information they receive from You or from wholesalers.

**RESPONSE:**  In addition to its General Objections, Abbott objects on the grounds that this

Request is duplicative of Request No. 31.  As a result, Abbott incorporates herein its Objections

and Response to Request No. 31.  Abbott further objects to this Request because the term "You

and purchasers and PBMs" is vague and ambiguous.

Abbott states that it has produced contracts and agreements it has with purchasers of the

Subject Drugs for the Relevant Claim Period which reflect the terms of such sales.  Abbott

-23-

further states that there are no agreements or contracts with PBMs for the Subject Drugs during the Relevant Claim Period.

33.     Documents which You contend constitute an agreement or commitment, or otherwise operate to limit the dissemination of any of the prices of any of Your current or former products, including but not limited to Your employees, consultants, contractors or customers, and any governmental entities.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request to the extent that it seeks information protected by the attorney work-product doctrine.

Subject to and without waiving its objections, Abbott states that it will produce, to the extent they exist and have not been produced already, contracts with National Customers to purchase the Subject Drugs during the Relevant Claim Period.

34.     Documents which mention, evidence or reflect any situation in which You objected to the dissemination of any of the prices of any of Your Pharmaceuticals, including but not limited to complaints to any governmental entity, employee, consultant, contractor or customer.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request because the term "objected" is vague, ambiguous and conclusory.  Abbott also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or the work-product doctrine.

## CATEGORY 4:  THIRD PARTY REIMBURSEMENT

35.     All Documents that describe or explain the rules, procedures, or operations of any Medicaid reimbursement system or Medicaid claims submission process.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Abbott further objects to this Request because it seeks documents that are already in Plaintiff's possession and that are publicly available. Abbott further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving its objections, Abbott states that it will produce non-privileged documents, if any, that are reasonably available and that describe Medicaid reimbursement system or claims submission process generally for the Subject Drugs during the Relevant Claim Period.

36.    All Documents that describe or explain the rules, procedures, or operations of any Medicare reimbursement system or Medicare claims submission process.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because it seeks documents that are already in Plaintiff's possession and that are publicly available. Abbott further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving its objections, Abbott states that it will produce non-privileged documents, if any, that are reasonably available and that describe Medicare reimbursement system or claims submission process generally for the Subject Drugs during the Relevant Claim Period.

37.    All Documents pertaining to reimbursement for Your Pharmaceuticals by: (a) any Medicaid authority, (b) Medicare or (c) any private or public entity basing reimbursement, in whole or part, upon Average Wholesale Price(s), Direct Price(s), wholesale cost(s), estimated acquisition cost, or usual, customary and reasonable charges or cost.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

CHI-1568496

the discovery of admissible evidence.  Abbott further objects to this Request because it seeks

documents that are already in Plaintiff's possession and that are publicly available.  Abbott

further objects to this Request because it seeks information that is not in Abbott's care, custody

or control.  Abbott also objects to this Request to the extent that it seeks documents that are

protected by the attorney-client privilege and/or the attorney work-product doctrine.  Abbott also

objects to this Request because it is duplicative of Requests No. 35 and 36.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Requests No. 35 and 36.

38.     All Documents reflecting communications, both internal and external, concerning AWP
pricing, Direct pricing, wholesale cost(s), estimated acquisition cost, or usual, customary and
reasonable charges or cost. This Request includes not only internal communications, but
communications between You and (a) any customer, (b) any other pharmaceutical manufacturer,
(c) any Medicaid or Medicare representative, (d) any other governmental entity or (e) other third
party payor.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request

to the extent it seeks information that is protected by the attorney-client privilege and/or the

work-product doctrine.  Abbott also objects to this Request because it is duplicative of Requests

No. 20, 23, 24, 25 and 27.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Requests No. 20, 23, 24, 25 and 27.

39.     Documents reflecting, referring to, describing or consisting of communications between
You and any "Healthcare Management Organizations" (known as "HMOs") and PBMs
pertaining to pharmaceutical reimbursement of Your Pharmaceuticals by third parties. This
request includes but is not limited to Documents referring or pertaining to the eligibility or
preferred status of any of Your Pharmaceuticals for reimbursement under any HMO or PBM
pharmaceutical reimbursement formulary.

CHI-1568496

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott states that it does not have any agreements or

contracts with PBMs or HMOs for the Subject Drugs.

40.    All Documents reflecting communications, both internal and external, concerning
reimbursement for Your Pharmaceuticals. This Request includes not only internal
communications, but also calls for the production of communications between You and (a) any
customer, (b) any other pharmaceutical manufacturer, (c) any Medicaid or Medicare
representative, (d) any other governmental entity or (e) other third party payor.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request to the extent it seeks

information that is protected by the attorney-client privilege and/or the work-product doctrine.

Abbott further objects to this Request because it is duplicative of Request No. 37.

       Subject to and without waiving its objections, Abbott incorporates herein its response to

Request No. 37.

41.    Documents reflecting, referring to, describing or consisting of agreements, contracts and
correspondence with each employee, agent, contractor, consultant, advisor, and other person or
entity who sold, marketed, priced, advertised, negotiated or otherwise consulted on Your behalf
or for Your benefit concerning Your Pharmaceuticals, including but not limited to compensation,
salary or salary packages, wages, bonus plans, requirements, and criteria, prices or any other
item of value.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and harassing.  Abbott further objects to this Request because

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Abbott further objects to this Request because it seeks, with no basis,

documents relating to personal employment information for numerous employees and because it

CHI-1568496

is not connected to the sales of the Subject Drugs to non-hospital customers during the Relevant Claim Period.

42.     All Documents reflecting, referring to, describing, or consisting of communications between You and Your current employees, former employees, independent contractors, and/or third parties regarding investigations, audits, reviews or analyses which mention, evidence or reflect pharmaceutical pricing practices and/or reimbursement by the Medicare and/or Medicaid programs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Abbott further objects to this Request to the extent that it

seeks information and documents that are protected by the attorney-client privilege and/or the

attorney work-product doctrine. Abbott also objects to this Request because the terms

"investigations," "reviews," and "audits" are vague and ambiguous, and because this Request is

duplicative of numerous other requests served by Plaintiff.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Requests No. 35, 36, 37, 38 and 40.

## CATEGORY 5: MARKETING/SALES

43.     With respect to Your Pharmaceuticals, all Documentation of communications, contracts, presentations, proposals, modeling, bids, reconciliations, and related correspondence between Your and (a) cooperatives or Group Purchasing Organization ("GPOs") representing hospitals; (b) cooperatives or GPOs representing independent pharmacies; (c) chain drug stores which manage their own warehouses (including but not limited to CVS, Eckerd, Walgreen, Rite-Aid, Wal-Mart, and HEB); (d) home health care providers (including but not limited to Coram, Evergreen, Apria, Managed Healthcare Associates, Girling, Pharmacy Factors, Homedco, Abbey Healthcare, and related companies); (e) "source," "generic course," "select" and "autosubstitution" wholesaler programs; (f) mail-order pharmacies, (g) nursing care companies, including but not limited to Omnicare; (h) cooperatives and GPOs representing nursing care or long term care providers; (i) wholesalers and distributors; (j) a customer known as Pharmaceutical Buyers Incorporated ("PBI"); and (k) any other cooperative or GPO, including but not limited to Geri-Med, RX-Med, IV-Med, HCPA, Professional Drug Systems, Purchase Connection, Amerinet, AHT Automated Health Technologies, MHA, PBI CPN-PPO Community Pharmacy Network, and Greater New York Alternate Care Purchasing Corp. a/k/a GNYHA, later known as GNYHA - Innovatix n/k/a Innovatix.

CHI-1568496

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request as overly broad and unduly burdensome as it seeks all documents over a twenty-one year period relating to virtually any or all of Abbott's customers.

Abbott further objects to this request because it seeks information not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence by asking for documents relating to Group Purchasing Organizations that consist of hospital members.

Abbott further objects to this Request because the phrase "'source,' 'generic source,' 'select' and 'autosubstitution' wholesaler programs" and the terms "proposals," "modeling," "reconciliations," "cooperatives," and "home health care providers" are vague and ambiguous. Abbott also objects to the Request because it is duplicative of Request No. 19.

Subject to and without waiving any of their objections, Abbott incorporates herein its response to Request No. 19.

44.    Promotional Documents and public statements, announcements, disclosures, or press releases issued by You or any of Your competitors referring to or which mention, evidence or reflect the price, distribution, marketing or sale of Your Pharmaceuticals, including but not limited to any media files, marketing or advertising files.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this Request demands that Abbott produce every document relating to any public statement Abbott has ever made about any of its products, as all such communications could be deemed broadly related to the "sale" of

-29-

such products.  Abbott further objects to this Request because it seeks information that is not in

Abbott's care, custody or control.  Abbott also objects to this Request because the terms

"disclosure" and "media files" are vague, ambiguous, and conclusory.

Subject to and without waiving its objections, Abbott states that it will produce, to the

extent they exist and have not been produced already, marketing materials provided to non-

hospital customers relating to the Subject Drugs during the Relevant Claim Period.

45.    All drafts or final budgets, forecasts, proposals, plans, business plans, tactics, strategic
plans, strategies, sales or profit projections or goals pertaining to the sales or marketing of Your
Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott further objects to this Request

because it seeks confidential and/or proprietary information and because it is overly broad,

unduly burdensome and seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Abbott further objects to this Request because it is

a harassing attempt by the government to pry into information concerning Abbott's highly-

proprietary business plans.

Subject to and without waiving any of its objections, Abbott will produce non-privileged,

responsive documents, to the extent they exist and have not been produced already, relating to

the Subject Drugs for non-hospital customers during the Relevant Claim Period.

46.    Documents which constitute, contain, or refer to analysis, evaluation or summary of the
market allocation, sales territories, distribution, marketing, pricing or selling of Your
Pharmaceuticals including but not limited to Documents referring to or which mention, evidence
or reflect sales volumes, product lines, profitability, competition, market share, competitive
position, or sales territories.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and because it is duplicative of other

-30-

Requests served by Plaintiff. Abbott also objects to this Request because the terms "sales volumes," "product lines," "profitability" and "competitive position" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it will produce documents, to the extent they exist and have not been produced already, relating to the Subject Drugs for non-hospital customers during the Relevant Claim Period.

47.·    Catalogues, sales materials, reports, memoranda, circulars, flyers, brochures, letters, bulletins, instructions or other Documents sent to or provided to sales personnel (including inside and outside sales staff, telemarketers, etc.), service representatives, customers, distributors or other persons which mention, evidence or reflect Your Pharmaceuticals, including, but not limited to, Documents referring to or which mention, evidence or reflect the "spread," reimbursement, cost, savings or profitability of Your Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the terms "savings" and "profitability" are vague and ambiguous.

Subject to and without waiving any of its objections, Abbott will produce non-privileged, responsive documents, to the extent they exist and have not been produced already, relating to the Subject Drugs for non-hospital customers during the Relevant Claim Period.

48.    Documents reflecting or relating to communications by sales or marketing personnel, or between sales or marketing personnel pertaining to, or discussing in any way, reimbursement of Your Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad. Abbott further objects to this request because it seeks documents not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence by asking for documents relating to reimbursement by entities other than Medicaid and Medicare.

Subject to and without waiving its objections, Abbott states that it will produce

responsive documents, to the extent they exist and have not been produced already, that discuss

the reimbursement for the Subject Drugs to non-hospital customers during the Relevant Claim

Period.

49.    Documents pertaining to the sales activities of Your employees, independent contractors,
or agents, including but not limited to emails, notes, reports, memoranda, "work with" reports, or
other recordings which mention, evidence, reflect or describe sales calls regarding Your
Pharmaceuticals.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, and to the extent that it calls for documents that are

protected by the attorney-client privilege and/or the work-product doctrine.  Abbott further

objects to this Request because the terms "'work with' reports" and "other recordings" are vague

and ambiguous.

Subject and without waiving its objections, Abbott will produce, to the extent they exist

and have not already been produced, documents that relate to Abbott's field personnel's sales

calls promoting the Subject Drugs to non-hospital customers during the Relevant Claim Period.

50.    Documents relating to performance evaluations and performance based bonuses,
promotions, salary increases and incentives paid to sales and marketing personnel, including but
not limited to the creation, administration, award or granting of any such performance based
bonuses, promotions, salary increases and incentives.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request because it seeks,

without basis, the personnel records of Abbott employees.  Abbott also objects to this Request

because the term "incentives" is vague and ambiguous.  Abbott further objects to this Request

because it is duplicative of Request No. 41.

-32-

Subject to and without waiving its objections, Abbott incorporates herein its response to Request No. 41.

51.     Documents reflecting, referring to, describing or consisting of agreements, contracts and correspondence with each employee, agent, contractor, consultant, advisor, and other person or entity who sold, marketed, priced, advertised, negotiated or otherwise consulted on Your behalf or for Your benefit concerning Your Pharmaceuticals, including but not limited to compensation, salary or salary packages, wages, bonus plans, requirements, and criteria, prices or any other item of value.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Abbott further objects to this Request because it seeks,

without basis, the personnel records of Abbott employees.  Abbott also objects to this Request

because the phrase "any other item of value" is vague and ambiguous.  Abbott further objects to

this Request because it is duplicative of Request No. 41.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Request No. 41.

52.     All Documents created by You, or in Your possession, that discuss or comment on the difference (or Spread) between any Average Wholesale Price (AWP) or Wholesale Acquisition Cost (WAC) and the list or all sales price (to any purchaser) of any of Your Pharmaceuticals or any Pharmaceuticals sold by other manufacturers.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, and to the extent that it seeks documents protected by the attorney-client privilege

and/or the attorney work-product doctrine.  Abbott further objects to the term "all sales price" as

vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it will produce non-

privileged responsive documents, to the extent they exist and have not been produced already,

relating to the Subject Drugs (and their competitors) during the Relevant Claim Period.

-33-

53.    Documents which mention, evidence or reflect or discuss in any way the "spread" or potential profit margin to your customers on Your Pharmaceuticals or those of Your competitors.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, and to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  Abbott further objects to the terms "spread" and "profit margin" as vague and ambiguous.  Abbott also objects to this Request because it is duplicative of Request No. 52.

Subject to and without waiving its objections, Abbott incorporates herein its response to Request No. 52.

54.    Documents which discuss, study or compare the quality, profitability, or other characteristics of Your Pharmaceuticals with any therapeutically similar competitor drugs manufactured, produced, marketed, or distributed by any other company, including but not limited to any references concerning AWP or DP prices.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to the terms "profitability" and "therapeutically similar" as vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it will produce documents to the extent they exist and have not been produced already, that reference the comparison of quality or pricing of the Subject Drugs to a competitor's drug during the Relevant Claim Period.

55.    All Documents in Your possession prepared by IMS Health regarding Your Pharmaceuticals or the competitor of Your Pharmaceuticals regarding pricing, sales or market share.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request because it seeks

-34-

information that is confidential and/or proprietary that is subject to a license agreement between

Abbott and IMS.

Subject to and without waiving its objections, Abbott states that it will produce IMS data

for the Subject Drugs during the Relevant Claim Period once an agreement between Abbott, IMS

and Plaintiff has been entered into regarding the confidentiality of such production.

56.    All Documents reflecting Your portion of market sales in relation to Your competitors
(market share, for instance) as to each of Your Pharmaceuticals, including but not limited to,
Documentation derived from IMS Health (a/k/a IMS).

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because the

phrases "all documents reflecting Your portion of market sales in relation to Your competitors"

and "documentation derived from IMS Health (a/k/a IMS)" are vague and ambiguous.  Abbott

further objects to this Request because it is duplicative of Requests No. 54 and 55.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Requests No. 54 and 55.

57.    All Documents which discuss the relative quality, clinical attributes, or physical
characteristics of Your Pharmaceuticals as compared with any therapeutically similar drug.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

duplicative of Request No. 54.

Subject to and without waiving its objections, Abbott incorporates herein its response to

Request No. 54.

58.    A copy of any data used by You to assess, analyze, or project market share, sales, or
profits for Your Pharmaceuticals reimbursed under any Medicare "J-Code."

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.

Subject to and without waiving its objections, Abbott states that it will produce documents, to the extent they exist and have not been produced already, relating to the market share and sales of the Subject Drugs that may have been reimbursed under a Medicare "J-Code" to non-hospital customers during the Relevant Claim Period.

59.    All Documents that mention, evidence or reflect any analysis or approval of any payment or proposed payment to customers in cash or in kind directly or indirectly, including but not limited to, charge backs, discounts, the Spread, rebates, free goods or services, administrative fees, sponsorship of meetings, drug studies, educational or research grants, and off-invoice pricing.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the terms "proposed payments," "in kind," "free goods or services," "drug studies," "sponsorship of meetings," and "off-invoice pricing" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced national direct and indirect sales data for the Subject Drugs during the Relevant Claim Period, which reflects discounts and chargebacks paid to customers. Further answering, Abbott will produce, to the extent they exist and have not been produced already, any documents relating to any effort by Abbott to promote the so-called "Spread" in order to increase sales of the Subject Drugs during the Relevant Claim Period.

60.    All Documents that mention, evidence or reflect any proposed or actual payment, in cash or in kind, directly or indirectly from You including but not limited to, chargebacks, discounts, the spread, rebates, free goods or services, administrative fees, sponsorship of meetings, sponsorship of speakers, drug studies, educational or research grants or off-invoice pricing.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is duplicative of Request No. 59.

-36-

Subject to and without waiving its objections, Abbott incorporates herein its response to Request No. 59.

61.    All Documents relating to agreements, including but not limited to joint ventures, loans, leases, asset transfers, or monetary exchanges, in which the agreements include any provisions wherein You play (or played) a role in seeking, receiving or sharing reimbursement for any of Your Pharmaceutical from any third party payor.

In addition to its General Objections, Abbott objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege and/or the attorney work product doctrine.  Abbott also objects to the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its response to Request No. 69.

## CATEGORY 6: GOVERNMENT CONTACTS/LITIGATION

62.    Any complaints or Documents relating to complaints filed against You with any state and federal agencies or courts which mention, evidence or reflect pharmaceutical pricing or marketing practices related to pricing.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this Request calls for every pleading, piece of correspondence, email, or any other document relating to a host of other litigations that are pending against Abbott.  Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and the work-product doctrine.

-37-

Subject to and without waiving its objections, Abbott states that Plaintiff is aware of the other AWP-related actions against Abbott and can readily obtain the complaints in those actions, which are public documents.

63.     Any Documents which mention, evidence or reflect any reprimand, actions, or complaints or disciplinary actions taken against You by any agency of the state and federal government.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request because the terms "actions" and "disciplinary actions" are either duplicative, or (if they are meant to describe different things) are vague and ambiguous.  Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and the work-product doctrine.  Abbott further objects to this Request to the extent that it relates to the federal government, because it purports to compel Abbott to produce documents that are already within the care and custody of the Government itself.

Subject to and without waiving its objections, Abbott states that it is not aware of any reprimands, actions or disciplinary actions taken against it by any state or federal agencies with respect to AWP pricing.  As to the complaints, Abbott incorporates herein its response to Request No. 62.

64.     Any and all statements or responses given by You or any of Your current or former officers, directors, employees, agents, or others on behalf of You, to any federal or state governmental agency, authority or official regarding or which mention, evidence or reflect pharmaceutical pricing or marketing practices.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request

-38-

to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Abbott also objects to this Request because it is duplicative of Requests No. 37, 38 and 40.

Subject to and without waiving its objections, Abbott incorporates herein its response to Requests No. 37, 38 and 40.

65.    Any and all statements (whether sworn or not), deposition testimony, or other sworn testimony, given by Your or any of Your current or former officers, directors, employees, agents, or others on behalf of You regarding or which mention, evidence or reflect pharmaceutical drug pricing and/or reimbursement.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this Request would compel Abbott to produce every statement any of its employees ever made in writing about any price for any of its drugs for any reason. Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Abbott states that it has produced or will produce deposition transcripts of current and former Abbott employees taken in other AWP cases involving Abbott, to the extent that doing so would not violate any protective order in place in those actions.

66.    All documents relating to or otherwise reflecting communications between You – or any lobbyist or advocate acting on Your behalf – and the Department of Health and Human Services and all of its components (including the Office of Inspector General, and the Centers for Medicare & Medicaid Services, formerly the Health Care Financing Administration) regarding drug pricing generally or the Relevant Drugs specifically. Your production should include, but not be limited to, communications in connection with: (a) CMS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991), (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000), and (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003).

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

67.     All documents relating to or otherwise reflecting communications between You – or any lobbyist or advocate acting on Your behalf – and Congress (including all committees and staff members) regarding drug pricing generally or the Relevant Drugs specifically. Your production should include, but not be limited to, communications in connection with: (a) CMS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991), (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000), and (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003).

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

68.     All documents relating to or otherwise reflecting communications between You – or any lobbyist or advocate acting on Your behalf – and any state Medicaid agency regarding drug pricing generally or the Relevant Drugs specifically. Your production should include, but not be limited to, communications in connection with: (a) CMS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991), (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000), and (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003).

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

-40-

## CATEGORY 7: HOME INFUSION SERVICES

69.    All Documents relating to the Home Infusion Reimbursement Services group, and all predecessor or successor groups, entities or persons that offer related services, including but not limited to customer lists.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request because the term "related services" and the phrase "Home Infusion Reimbursement Services group" are vague and ambiguous.

Subject to and without waiving any of its objections, Abbott states that it will produce documents, to the extent they exist and have not been previously produced, relevant, responsive documents relating to the Home Infusion Services department of Abbott's Alternate Site group for the Subject Drugs during the Relevant Claim Period.

70.    All operation manuals, training manuals, management procedures, or other Documents which governed the operation of the Home Infusion Reimbursement Services and all predecessor or successor groups, entities or persons that offer relate services.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the terms "operations manuals," "training manuals," "management procedures" and "other documentation" and the phrase "Home Infusion Reimbursement Services or similar groups" are vague and ambiguous.  Abbott also objects to the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its response to Request No. 69.

CHI-1568496

71.    All Documents reflecting the annual revenues generated by the Home Infusion Reimbursement Services group and all predecessor or successor groups, entities or persons that offer relate services.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence

because it seeks all documents "reflecting the annual revenues generated by Home Infusion

Reimbursement Services group and any predecessor, successor, or similar groups." Abbott

further objects to this Request because the terms "annual revenues" and "similar groups" and the

phrase "Home Infusion Reimbursement Services" are vague and ambiguous. Abbott also objects

to the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its

response to Request No. 69.

72.    All employee rosters and organization charts pertaining to the Home Infusion Reimbursement Services group and all predecessor or successor groups, entities or persons that offer relate services.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further object to this request because the terms "employee rosters" and "similar group"

and the phrase "Home Infusion Reimbursement Services group" are vague and ambiguous.

Abbott also objects to the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its

response to Request No. 69.

73.    Documents which mention, evidence or reflect any consulting services performed for You concerning drug pricing and/or Medicare or Medicaid drug reimbursement.

CHI-1568496

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Request because the term "consulting services" is vague and ambiguous.  Abbott further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Abbott further objects to this request because it seeks confidential and/or proprietary information, and because the term "consulting services" is vague and ambiguous.  To the extent this request seeks documents relating to audits performed by legal counsel, Abbott objects on attorney-client privilege and work-product grounds.

Subject to and without waiving any of its objections, Abbott will produce non-privileged responsive documents, to the extent they exist and are reasonably obtainable, relating to consulting services performed for Abbott that relate to Medicaid or Medicare reimbursement for the Subject Drugs for the Relevant Time Period.

74.     All Documents constituting communications between You any of Your customers pertaining to or which mention, evidence or reflect Your computer program to assist Your customers or potential customers in the submission of pharmaceutical reimbursement claims, also sometimes referred to by You as Your Home Infusion Services' "CHIP" System, including but not limited to informational literature to direct and indirect customers and potential customers.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to this Request because the term "direct and indirect customers" is vague and ambiguous.  Abbott states that the "CHIP" system referred to in this Request has not been

utilized for many years. Abbott also objects to the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its response to Request No. 69.

75.    All Documents pertaining to Your filing or processing of reimbursement claims on behalf of direct and indirect customers, including but not limited to all Documents referring or pertaining to Your computer program to assist Your customers or potential customers in the submission of pharmaceutical reimbursement claims, also sometimes referred to by You as Your Home Infusion Services' "CHIP" System.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this Request because the term "direct or indirect customers" is vague

and ambiguous. Abbott states that the "CHIP" system referred to in this Request has not been

utilized for many years. Abbott further states that Abbott and Plaintiff will need to discuss

appropriate production of certain electronic data relating to the decommissioned "CHIP" system.

76.    All Documents pertaining to Your marketing, sales, or advertising of claims submission services, including but not limited to Documents pertaining to pharmaceutical claims services, reimbursement claims services, reimbursement services, Home Infusion Reimbursement Services, Your "CHIP" software and all of Your other related services, tools, mechanisms, products or expertise.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this Request to the extent it seeks information protected by the attorney-

client privilege and/or the work-product doctrine. Abbott also object to this Request because the

phrases "marketing, sales or advertising of claims submission services," "pharmaceutical claims

services," "reimbursement claims services," "reimbursement services," "Home Infusion

-44-

Reimbursement Services" and "all other related services, tools, mechanisms, products or

expertise of Defendants" are vague and ambiguous. Abbott states that the "CHIP" system

referred to in this request has not been utilized by Abbott for many years. Abbott also objects to

the Request because it is duplicative of Request No. 69.

Subject to and without waiving any of their objections, Abbott incorporates herein its

response to Request No. 69.

## CATEGORY 8: RESERVE/INSURANCE INFORMATION

77.    All Documents and drafts of Documents in which You or anyone acting on Your behalf
has addressed the matter of reserves that should or might be established or maintained to cover
Your contingent liability for losses arising form the instant litigation. This request encompasses
all underlying work papers, memoranda, and other Documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. Abbott further objects to this Request because it seeks information protected by the

attorney-client privilege and/or the work-product doctrine and because the terms "reserves,"

"contingent liability," and "losses" are vague and ambiguous.

78.    Any and all Documents relating in any way to any insurance policy insuring or intending
to insure You against litigation risks (excluding policies solely to cover workers compensation
claims, employee health, life, and disability insurance, and property insurance), including but not
limited to applications for insurance; communications of rejection for insurance coverage;
opinion, coverage, and reservation of rights letters; notes regarding rejection for insurance
coverage; certificates of insurance; requests for certificates of insurance; the insurance adjuster's
complete claims file; payments to insurance companies; interoffice and intra office notes and
communications regarding insurance matters; correspondence to and from insurance companies;
all notes of conversations with representatives of insurance companies; and all agreements with
insurer to pay any judgment or verdict for amounts in excess of the policy limits.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible

-45-

evidence to the extent it is not limited to insurance policies that would cover any of Abbott's

potential liability arising out of the instant litigation.  Abbott further objects to this Request

because it seeks information protected by the attorney-client privilege and/or the work-product

doctrine.  Abbott also objects to this Request because it seeks documents outside of Abbott's

possession, custody or control.

Subject to and without waiving its objections, Abbott states that it has produced

documents to Plaintiff as part of its Initial Disclosures that are responsive to this Request and that

relate to the Subject Drugs during the Relevant Claim Period.

79.     Any Document, internal or external to You, that mentions in any way the idea of
establishing new entities, subcontracting or leasing workers, or hiring independent contractors, or
taking any other action to avoid or mitigate any potential corporate liability or to insulate a
parent company regarding any allegation made against You in this litigation.

**RESPONSE:**  In addition to its General Objections, Abbott objects to this Request because it is

overly broad, unduly burdensome, harassing and seeks documents that are neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence.  Abbott further objects to this Request to the extent that it seeks information protected

by the attorney-client privilege and/or the work-product doctrine and because the phrases "any

other action to avoid or mitigate any potential corporate liability or to insulate a parent company"

and "the idea of establishing" are vague and ambiguous.

CHI-1568496

Dated:  January 5, 2007

Respectfully submitted,

ABBOTT LABORATORIES

By: _____

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

CHI-1568496

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' SECOND REQUEST FOR PRODUCTION** was served upon:

Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

Carol P. Geisler