# EXHIBIT 7



# THE
# HAVILAND
## LAW FIRM
WWW.HAVILANDLAW.COM

March 20, 2007

VIA LEXIS NEXIS AND FIRST CLASS MAIL

Lee Ann Russo, Esquire
Jones Day
77 West Wacker
Chicago, IL 60601-1692

      **In re: Pharmaceutical Industry Average Wholesale Price Litigation; MDL No. 1456**
           **Trial exhibits for the AstraZeneca trial**

Dear Lee Ann:

      Since you wrote to me this morning about an outstanding issue in the Lupron litigation, I thought I would reciprocate by forwarding this letter to you, which is intended to notify your former client, TAP Pharmaceutical Products, Inc. ("TAP"), of the intent of Co-Lead Counsel for the Plaintiffs in the above case to use certain documents produced by TAP at the trial against AstraZeneca, set to begin at the end of next month, on April 30, 2007. Attached with this letter is an index detailing the trial exhibits Class Plaintiffs have disclosed to counsel for AstraZeneca (but without the documents) pursuant to the Court's Pre-Trial Order requiring the same. This notice is provided only as a prophylactic measure because these documents are covered by Protective Orders that were entered in two state court cases involving Lupron, *i.e., Walker v. TAP* (New Jersey) and *Stetser v. TAP* (North Carolina), which protective Orders require that TAP be duly notified of the anticipated disclosure of what was deemed previously to be "confidential information" in those two cases. However, because these same documents were produced in AWP litigation, including Swanson v. TAP (Arizona) and the Commonwealth of Pennsylvania v. TAP (Pennsylvania), we believe these documents are no longer governed by the *Walker/Stetser* Protective Orders since they have been produced by TAP in these other AWP cases, which have been designated as "coordinated state court cases" with the MDL 1456 case pending in Boston. In view of such production, and the explicit Order of the Arizona Court making these documents available to the Plaintiffs in MDL 1456 [see attached], there should be no question about the Class Plaintiffs' ability to use these documents in the trial of AstraZeneca, and we intend to disclose these documents to counsel for AstraZeneca by the end of this week, Friday, March 23, 2007, unless we hear of some objection by TAP. Since Jones Day no longer represents TAP in any of the above-cited AWP cases, by carbon-copy of this letter, I am hereby notifying counsel

Lee Ann Russo
March 20, 2007
Page 2

for TAP in the *Swanson, Pennsylvania* and *MDL 1456* cases of our intent to turn over the referenced TAP documents unless we hear from them before Friday. If an objection is raised, we intend to seek to resolve the same at the conference with Judge Saris to be held Monday, March 26, 2007.

                                  Yours sincerely,

                                  /s/ DONALD E. HAVILAND, JR.

DEH:qhd
Enclosure

cc:    Joseph Savage, Esquire (via Lexis Nexis)
        Scott Wise, Esquire (via Lexis Nexis)
        Steve Berman, Esquire (via Lexis Nexis)

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAP PHARMACEUTICAL PRODUCTS, INC.; et al.,<br><br>Defendants. | CV2002-004988<br><br>**ORDER DESIGNATING CASE AS COORDINATED STATE COURT CASE**<br><br>(Assigned to the Honorable Rebecca A. Albrecht) |

Certain Defendants having filing a Motion to Designate the Case as a Coordinated State Court Case, the Court having read all responsive briefing, and for good cause appearing,

**IT IS HEREBY ORDERED** designating this case as a Coordinated State Court Case pursuant to Case Management Order No. 9 ("CMO 9) in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.) (hereafter, "MDL 1456"). Accordingly, the Court orders the following:

(a) The parties will make good faith efforts to coordinate discovery in this case with the discovery that is and will be occurring in MDL 1456.

(b) Counsel in this case shall be entitled to participate fully in any or all discovery activities in MDL 1456 in the same manner as counsel in any of the included actions in MDL 1456, subject to the orders and rules governing the MDL proceedings (including

- 1 -

509939v1

appearing before the MDL Court to address discovery-related matters in that proceeding).

(c) Any discovery generated in the MDL 1456 proceeding will be fully available for use in this case to the extent permitted by this Court under the laws and rules of this jurisdiction and any applicable confidentiality or protective orders entered in this case, and any discovery generated in this case will be fully available for use in the MDL 1456 proceeding, subject to any applicable confidentiality or protective orders entered in the MDL proceeding.

(d) To avoid duplicative depositions of any person or party, Plaintiffs' Counsel will be responsible for keeping Plaintiffs' Liaison Counsel in MDL 1456 fully apprised of the scheduling of any depositions in this case, as the Court in MDL 1456 has asked Plaintiffs' Liaison Counsel in MDL 1456 to reciprocate. If for any reason a defendant knows or has reason to believe that Plaintiffs' Counsel are unaware of a deposition going forward in any case that is not a Coordinated State Court Case, it shall inform Plaintiffs' Counsel in this action of that deposition with enough notice to allow them or other counsel to attend.

DATED this _22_ day of __November__, 2004.

/s/ Rebecca A. Albrecht
THE HONORABLE REBECCA A. ALBRECHT
Judge, Superior Court of Arizona, Maricopa County

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1676
TELEPHONE: 312-782-3939 · FACSIMILE: 312-782-8585

Direct Number: (312) 269-4283
larusso@jonesday.com

March 23, 2007

<u>VIA FACSIMILE AND MAIL</u>

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 South Third Street - Third Floor
Philadelphia, PA 19147

          Re:   *Pharmaceutical Industry Average Wholesale Price Litigation;*
                *MDL No. 1456*

Dear Don:

      I write on behalf of TAP Pharmaceutical Products Inc. ("TAP") to advise you of its objections to Plaintiffs' use of its documents in the trial of the class plaintiffs' claims against AstraZeneca next month.

      As a threshold matter, as you know, neither TAP nor any TAP drug is the subject of the operative complaint in the MDL 1456 class action. Indeed, Lupron®, the drug to which the TAP documents you seek to use in the AstraZeneca trial relate, has never been the subject of the MDL 1456 class action. Therefore, we are indeed surprised that you believe you are entitled to use documents produced by TAP pursuant to protective orders in other cases (i.e., *Walker, Stetser, Swanston,* and *Commonwealth of Pennsylvania*) relating to claims concerning the drug Lupron® that were settled and released nearly two years ago in the trial of an action in which TAP is not a party and Lupron® is not a subject drug. As you know, those protective orders provide that the documents produced by TAP were to be used solely for purposes of the litigation in which they were produced. Please explain why you believe your use of TAP's documents in another proceeding in which TAP and Lupron® are not involved does not violate these applicable protective orders.

      To the extent you believe that Judge Albrecht gave you permission to do so by her Order in the *Swanston* case, in which all Lupron® claims also were long ago settled and dismissed, we believe you are sorely mistaken. The Order entered by Judge Albrecht in the *Swanston* case is patterned after certain provisions in Judge Saris's CMO No. 9 which governs proceedings in MDL 1456, including the April trial for which you have identified TAP documents as exhibits. CMO 9 provides very clear restrictions on access to documents unrelated to the parties and/or drugs at issue in the class proceeding. Thus, governmental entities, like your client, the Commonwealth of Pennsylvania, for example, are denied "access to: a) documents produced by a defendant that is not named as a defendant in the operative complaint filed by such plaintiff; b) documents relating to drugs that are not identified in the operative complaint filed by such

CHI-1580514v1

**JONES DAY**

Donald E. Haviland, Jr.
March 23, 2007
Page 2

plaintiff; and c) documents produced by a defendant that are not otherwise relevant to the claims asserted against that defendant in the operative complaint filed by such plaintiff." TAP and Lupron® are such a defendant and drug, respectively. Your reading of Judge Albrecht's Order would render this provision of CMO 9 a nullity.

Should you proceed to attempt to use TAP's documents as you have indicated, TAP will pursue its available remedies including moving before Judge Stearns for protective order violations.

Very truly yours,

*Lee Ann Russo*
Lee Ann Russo

cc: Joseph F. Savage, Jr.

CHI-1580514v1

\*\* TOTAL PAGE.03 \*\*