UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE PHARMACEUTICAL INDUSTRY       )   MDL NO. 1456
AVERAGE WHOLESALE PRICE             )
LITIGATION                          )   CIVIL ACTION NO. 01-CV-12257-PBS
_____)
                                    )   Hon. Patti B. Saris
                                    )
THIS DOCUMENT RELATES TO            )
CLASS 1 JURY TRIAL                  )
                                    )
_____)

## DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION IN LIMINE TO BAR PLAINTIFFS FROM CALLING STUART FULLERTON, ESQ. AS A WITNESS

Plaintiffs' Disclosures for Class 1 AstraZeneca Trial, filed March 28, 2007, list Stuart Fullerton, Senior Litigation Counsel for AstraZeneca Pharmaceuticals LP, as a "will call" witness. As Magistrate Judge Bowler has already effectively held in this case in denying Plaintiffs the opportunity take Mr. Fullerton's deposition, any relevant testimony Mr. Fullerton could provide at the trial is protected by the attorney-client privilege. AstraZeneca Pharmaceuticals LP ("AstraZeneca") therefore respectfully requests that this Court issue an order barring Plaintiffs from calling Mr. Fullerton as a witness during the trial.[1]

### Background

Mr. Fullerton has been employed by AstraZeneca as senior litigation counsel since 1995. *See* Declaration of Stuart Fullerton, February 24, 2005, at ¶ 2 (attached hereto as "Exhibit A"). His role at AstraZeneca has been limited to providing legal advice regarding on-going litigation and investigations, most of which are related to the pricing, marketing, or sale of AstraZeneca's products. *Id.* at ¶ 5, 7-10. He was the in-house counsel at AstraZeneca responsible for the OIG

---

[1] Plaintiffs did not include Mr. Fullerton on the witness list they disclosed to AstraZeneca and filed with this Court on March 16, 2007. Plaintiffs first disclosed their intent to call Mr. Fullerton in the witness list filed on March 28, 2007. As such, AstraZeneca did not include this motion among its other motions in limine filed with the Court on March 23, 2007.

investigation regarding Zoladex and is the in-house counsel who handles AWP litigation for AstraZeneca. *Id.* As a result, Mr. Fullerton has participated in extensive discussions with outside counsel, as well as internal discussions, regarding this dispute. *Id.* To the best of AstraZeneca's knowledge, Mr. Fullerton has no relevant, non-privileged information.

The inclusion of Mr. Fullerton on Plaintiffs' witness list is the third attempt by Plaintiffs' counsel to obtain the sworn testimony of Mr. Fullerton in AWP-related litigation. Plaintiffs in the instant case filed a motion to compel Mr. Fullerton's deposition on February 3, 2005. Pl.'s Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products are not Protected by the Attorney-Client Privilege, Docket No. 1318. Magistrate Judge Bowler denied Plaintiffs' motion on September 29, 2005 and granted AstraZeneca's motion for a protective order because Mr. Fullerton's testimony would be protected by the attorney-client privilege. *See* Electronic Order dated September 29, 2005; *see also* Transcript of May 17, 2005 Hearing at 14:24-15:1 ("My instinct is not to go ahead with the deposition of Mr. Fullerton because at this point it would appear he just gave legal advice.").

After losing their motion to compel in this action, counsel for Plaintiffs noticed the deposition of Mr. Fullerton in the Pennsylvania state AWP action.[2] *See* AstraZeneca Defendants' Motion to Quash and for a Protective Order, *Comm. of Pennsylvania v. TAP Pharmaceutical Products, Inc.*, No. 212 M.D. 2004, February 22, 2006. Plaintiffs in that action never opposed AstraZeneca's motion and the court has yet to rule. Plaintiffs' attempt to obtain the sworn testimony of Mr. Fullerton during the upcoming jury trial in this action is their *third* such attempt.

---

[2] The action was pending in Pennsylvania state court when Mr. Fulleton's deposition was noticed, but has since been removed to this Court.

**Argument**

I.   Magistrate Judge Bowler's Prior Ruling that Mr. Fullerton's Testimony Would be Protected by the Attorney-Client Privilege Controls.

Obtaining trial testimony from opposing counsel is generally disfavored. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003) (affirming order quashing trial subpoena of opposing counsel) (citing *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991)); *see also NFA Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987) (mere request to depose a party's attorney constitutes good cause for a protective order). In determining whether testimony from opposing counsel should be considered, the Court should consider factors such as (a) whether the testimony is sought primarily for purposes of harassment; (b) whether there are other means of obtaining the same evidence; and (c) to what extent the information is relevant, nonprivileged, and crucial to the moving party's case. *Bogosian*, 323 F.3d at 66 (internal citations omitted).

Here, Plaintiffs' counsel have repeatedly sought access to Mr. Fullerton's testimony when it has been previously determined that any relevant information Mr. Fullerton may have is protected by the attorney-client privilege. In this action, Magistrate Judge Bowler recognized that Mr. Fullerton's testimony was protected by the attorney-client privilege after extensive briefing and oral argument.[3]  She thus denied Plaintiffs' motion to compel Mr. Fullerton's deposition. *See* Electronic Order dated September 29, 2005.

---

[3] *See* Pl.'s Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products are not Protected by the Attorney-Client Privilege, Docket No. 1318; Pl.'s Memorandum of Law in Support of Their Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products are not Protected by the Attorney-Client Privilege, Docket No. 1343; AstraZeneca Pharmaceuticals LP's Cross-Motion for a Protective Order, Docket No. 1379; AstraZeneca Pharmaceuticals LP's Memorandum in Opposition to Plaintiffs' Motion to Compel and in Support of its Cross-Motion for a Protective Order, Docket No. 1380.

The facts and circumstances surrounding Mr. Fullerton have not changed since Magistrate Judge Bowler's ruling in September 2005.  All the knowledge and information Mr. Fullerton has related to the pricing, marketing and sale of Zoladex has been obtained through his representation of AstraZeneca in this and related litigation.  *See* Ex. A at ¶ 7-10.  Similarly, any conversations Mr. Fullerton has had with members of AstraZeneca's pricing and marketing departments and members of the Zoladex product team have been in the context of providing legal advice related to on-going litigation.  *Id*.  As a result, Mr. Fullerton's potential testimony related to the issues in this case remains protected by the attorney-client privilege.  *See Ames v. Black Entertainment Television,* 1998 U.S. Dist. LEXIS 8888, *10 (N.D. Ill. 1998) (no question that communications between in-house counsel and employees protected by attorney-client privilege); *In re Ford Motor Corp.*, 110 F.3d 954, 966 (3d Cir. 1997) (communications with counsel related to business decisions privileged if "infused with legal advice").  To the best of AstraZeneca's knowledge, Mr. Fullerton has no non-privileged information relevant to the issues in this case.  As such, this Court should issue an order barring Plaintiffs from calling Mr. Fullerton as a witness during the trial.

II.     Permitting Plaintiffs to Call Mr. Fullerton Would Violate Fed. R. Evid. 403.

Plaintiffs may claim that the attorney-client privilege does not protect Mr. Fullerton from being called as a witness, arguing that they may question Mr. Fullerton and AstraZeneca must assert the attorney-client privilege in objecting to Plaintiffs' questions.  While this may be theoretically true, the practical effect of such a scenario would result in substantial confusion of the jury and unfair prejudice to AstraZeneca.  As a result, Fed. R. Evid. 403 requires that the Court bar Plaintiffs from calling Mr. Fullerton as a witness.

Rule 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury … "

Rule 403 "constitutes a tool that a trial judge can use to keep a jury's attention riveted on the dispositive issues." *Williams v. Drake*, 146 F.3d 44, 47-48 (1st Cir. 1998).  In applying the rule, the Court must balance the probative worth of the evidence against its prejudicial effect and must exclude evidence where its probative value is substantially outweighed by its prejudicial effect.  Fed. R. Evid. 403; *La Plante v. American Honda Motor Co, Inc*., 27 F.3d 731, 740 (1st Cir. 1994) (evidence should have been excluded as unfair prejudice substantially outweighed any relevance);  *Miller v. Town of Hull*, 878 F.2d 523, 529 (1st Cir. 1989) (document excluded after court balanced its probative value against the its prejudicial nature).

Here, Mr. Fullerton's "testimony" would have no probative value whatsoever.  Virtually every question posed to Mr. Fullerton would be objected to on privilege grounds and, as Magistrate Judge Bowler's ruling recognized, those objections would likely be sustained.  As a result, no evidence would be presented to the jury during Mr. Fullerton's "testimony." Meanwhile, the unfairly prejudicial effect would be substantial.  The jury would observe Mr. Fullerton being asked a series of objectionable questions to which no answer is provided. Although the jury could be instructed to disregard questions to which objections were sustained, the jury will still hear each question and likely infer the intent of Plaintiffs' counsel in asking it.

Here, a limiting instruction is insufficient to protect against the dangers of unfair prejudice and confusion of the jury.  The Court may properly consider whether a limiting or curative instruction will prevent the unfair prejudice when performing the Rule 403 balancing test.  *Miller*, 878 F.2d at 529; Wright & Miller, *22 Federal Practice & Procedure 2d* § 5222 (2007).  Unfair prejudice cannot always be prevented by a limiting or curative instruction.  *See La Plante*, 27 F.3d at 740 (evidence of defendant's profits should have been excluded as the

resulting unfair prejudice substantially outweighed its marginal relevance and court's limiting instruction was inadequate in light of the evidence's "highly attenuated relevance").

In this case, a limiting instruction would be insufficient to prevent the unfair prejudice and confusion which would result if Mr. Fullerton is called. The danger is evident prior to Mr. Fullerton taking the stand and involves not a few questions, but the entirety of his "testimony." As no evidence will be presented and the jury will merely be exposed to a series of objectionable, unanswered questions, the appropriate remedy is to exclude Mr. Fullerton's "testimony" pursuant to Fed. R. Evid. 403.

## **Conclusion**

For the foregoing reasons, AstraZeneca respectfully requests that this Court issue an order barring Plaintiffs' from calling Stuart Fullerton, Esq. as a witness during the trial.

Respectfully submitted,

By:  /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO# 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: April 10, 2007

**CERTIFICATION PURSUANT TO L.R. 7.1**

I certify that counsel for AstraZeneca Pharmaceuticals LP conferred with counsel for Plaintiffs pursuant to L.R. 7.1 prior to filing this motion and Plaintiffs did not consent to the motion.

    /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing was delivered on April 10, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper