IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | MDL NO. 1456 <br><br> C.A. No. 01-12257-PBS <br><br> Judge Patti B. Saris |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR AMENDMENT OF
CASE MANAGEMENT ORDER NO 1 AND
CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION**

In a pleading entitled a "Response" to the Motion for Amendment of Case Management Order No. 1 and Consolidated Order Re: Motion for Class Certification [hereinafter "Response"], "Class Counsel"[1] claim they "do not agree" to have The Haviland Law Firm LLC ("HLF") being appointed by this Court under Fed.R.Civ.Proc. 23(g) to act as Co-Lead Counsel for any Class in this case, including and especially the certified Class 1 for which HLF's clients serve as the named class representatives. While Class Counsel "welcome the participation" of the undersigned, unfortunately, the clients of HLF expect and deserve more than that. Respectfully, the named consumer class representatives expect and deserve to have their chosen counsel appointed by this Court to act as Co-Chair of the Lead Counsel Committee to ensure that their individual interests, and those of the Class 1 consumers whom they serve as representative plaintiffs, are equally protected with respect to both the trials and/or settlements of these actions. Merely allowing HLF to "participate" in a case

---

[1] While the Response is perplexing insofar as it lists The Haviland Law Firm LLC both as a signatory of the pleading and as one of "Co-Lead Counsel for Plaintiffs", to be clear, HLF does not oppose its own Motion.

controlled by five other firms (all of whom, save one firm,[2] have no consumer clients) does not accomplish the objectives of the named representative plaintiffs for their lawsuit,[3] nor does it provide this case with the requisite structural protections needed at this crucial juncture.[4]  For these reasons, and those set forth more fully herein, the proposed amendments to CMO 1 and the Class Certification Order should be entered by the Court.

The short Response by Class Counsel does not address the main thrust of the Motion, which is to have the Court update its initial appointments under Rule 23(g) to address the many changes in

---

[2]  Spector, Roseman and Kodroff represents Leroy Townsend, one of the two named class representatives of the AstraZeneca Class 1 Sub-Class.  All other Class Counsel firms represent TPP representative plaintiffs in the Massachusetts-only certified Sub-Classes of Class 2 and 3.

[3]  *See, e.g,* Rule 1.2 of the Pennsylvania Rules of Professional Conduct [which govern the attorneys of HLF, as well as the Pennsylvania-based Class Counsel firms of Spector, Roseman and Kodroff and Hoffman & Edelson], which states, *inter alia*, "a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter".  *See also* Rule 1.2 of the Massachusetts Rules of Professional Conduct

Rule 1.4(a) further admonishes that "[a] lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined by Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information; ... [and] (b) ... explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *See also* Rule 1.4 of the Massachusetts Rules of Professional Conduct

[4]  In its August 2005 opinion on class certification, this Court expressed concern about a "possible conflict between TPPs and Medicare Part B beneficiaries with respect to settlements, given the different economic interests of the groups ... I am concerned the TTPs will not serve as adequate and typical representatives of Medicare beneficiaries, particularly those who do not have supplemental health insurance." *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 230 F.R.D. 61 (D.Mass. 2005).  On this score, the Supreme Court in *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 627-628 (1997) observed that there must be "structural assurance of fair and adequate representation for the diverse groups and individuals affected" in any class action.

the firms who originally served as Class Counsel when CMO 1 was first entered. Class Counsel do not deny most of the allegations of the Motion as they pertain to these changes, and they do not object to the proposed amendments to CMO 1 to reflect these changes. Such admissions should warrant the following amendments to CMO 1 as uncontested[5]:

1. Deleting the four (4) firms who have either withdrawn as counsel for Plaintiffs in the case or have ceased to actively participate on behalf of Plaintiffs[6];

2. Changing the names of two (2) firms to reflect the current firm charged with responsibility for representing Plaintiffs and the Classes in this case[7]; and

3. Changing Mr. Sobol's firm affiliation from Lieff, Cabraser, Heimann & Bernstein, to Hagens Berman Sobol Shapiro LLP.

Class Counsel appear to contest only the averment seeking HLF's appointment as Co-Chair of Lead Counsel, but the nature of the objection is far from clear. The ambiguity is exacerbated by countless pleadings filed by Class Counsel since the Fall of last year – when the undersigned left the

---

[5] One of the four firms – Heins Mill & Olsen ("HMO") – has filed a Brief in response which consents to the requested removal of the firm's name as Co-Chair of Lead Counsel Committee, causing the vacancy which The Haviland Law Firm seeks to fill. *See* Heins, Mills & Olsen, P.L.C.'s Response to Motion for Amendment of Case Management Order No. 1 and Consolidated Order Re: Motion for Class Certification ("HMO Response"). HMO does contend that it has never failed to fulfill its responsibilities on behalf of the Class and it always "faithfully executed its duties in all respects". *Id*. at 2-3. Since HLF was not in the case during the period when HMO served as Co-Chair, it has no personal knowledge of HMO's services rendered and did not mean to imply by its Motion that HMO was recalcitrant in any way in fulfilling its responsibilities.

[6] These firms are: Lieff, Cabraser, Heimann & Bernstein, LLP, Heins, Mills & Olson, P.C, Milberg Weiss Bershad Hynes & Lerach, LLP, and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

[7] These firms and changes are as follows: "Hagens Berman, LLP" has changed to "Hagens Berman Sobol Shapiro LLP"; and "Kenneth A. Wexler & Associates" has changed to "Wexler Toriseva Wallace LLP".

firm of Kline & Specter along with his AWP clients to begin his current law firm, HLF – with HLF listed on the signature lines as "Co-Lead Counsel for Plaintiffs and the Class". Indeed, Hagens Berman filed HLF's initial entry of appearance in the case on September 11, 2006 as "Co-Lead Counsel for Plaintiffs and the Class". *See* Docket No. 3088.

Nor do Class Counsel deny that, with the exception of Mr. Townsend, all of the Class 1 representatives are Mr. Haviland's clients. Yet, Class Counsel all but ignore the fact that were it not for the consumer class representatives, there would be no Class 1 at all. This Court's August 16, 2005 opinion on class certification made it imperative that consumers - who until that time were absent from this case - be presented for certification as consumer class representatives. When whomever was "waiting in the wings" failed to materialize Class Counsel turned to Mr. Haviland's clients to represent Class 1, and invited Mr. Haviland and his firm, Kline & Specter, to enter the case as Co-Lead Counsel[8]. But these consumers only agreed to serve as Class 1 Representatives with the understanding that their interests, and those of their fellow consumer class members would be meaningfully represented by Mr. Haviland and other attorneys with undivided interests. Unfortunately, as the Class 1 case has progressed toward trial, HLF has become increasingly concerned that the interests of Class 1 consumers are not being adequately represented by attorneys who have no consumer clients of their own, who owe allegiance to their TPP clients, and who are burdened by a massive lodestar which they incurred in representing those TPP clients. It has become evident that Class Counsel view the consumer class representatives, and the Class they represent, as little more than a means for leveraging a more

---

[8]   Mr. Haviland has represented these consumers individually since he was appointed Lead Class Counsel of the only certified litigation classes in the country in the *Lupron* litigation.

comprehensive settlement that will provide some compensation for TPPs, and generate fees that will cover some of Class Counsel's lodestar. As a result, although Class Counsel profess to "welcome" the participation of HLF, HLF's efforts to advance consumer legal interests which may at times be inconsistent with the interests of certain TPPs have been stymied by Class Counsel, who hold the majority of the votes.[9]

Because of the confidential and privileged nature of the subject matter likely to be involved in any future submissions to the Court on the Motion, HLF asks that leave be granted to do so under seal, should the Court deem further submissions necessary.[10]

WHEREFORE, for all of the above reasons, Plaintiffs respectfully submit that this Court's Case Management Order No. 1 and Class Certification Order both should be amended as set forth in the proposed Order attached to the Motion.

                                                          Respectfully,

Dated: April 11, 2007                           /s/ Donald E. Haviland
                                                          Donald E. Haviland, Jr., Esquire
                                                          **THE HAVILAND LAW FIRM LLC**
                                                          740 S. Third Street
                                                          Third Floor
                                                          Philadelphia, PA 19147
                                                          Counsel for Plaintiffs and the Class

---

[9] Class Counsel make a number of inaccurate statements in their Response which the undersigned would like the opportunity to rebut in a subsequent submission to the Court. For instance, while it is accurate that Kline & Specter has withdrawn from this certified class action case without seeking leave of Court to do so, it is inaccurate that HLF has not offered to fund the case appropriately. Indeed, as the record will show, HLF's expense contributions to date far exceed those of any other Class Counsel firm on a pro rata basis.

[10] If the Court deems it necessary to proceed under Rule 23(g), the Court should permit Plaintiff's counsel to file any further submissions under seal.