UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action Nos.   1:07-cv-10270-PBS |
| | 1:01-cv-12257-PBS |
| This filing relates to: **State of Ohio v. Dey, Inc., et al.,** Case No. 1:07-cv-10270-PBS | Judge Patti B. Saris |

## ABBOTT LABORATORIES, INC.'S RESPONSE TO MOTION OF STATE OF OHIO TO LIFT STAY

Ohio misstates the procedural posture of *State of Ohio v. Dey, Inc., et al.* (the "Ohio AWP Litigation") in both its Motion of State of Ohio to Lift Stay (the "Motion") and its Notice of Pending Motion to Remand Case to State Court (the "Notice"). In the Order Staying Proceedings, attached to Ohio's Motion as Ex. A, the United States District Court for the Southern District of Ohio stayed the Ohio AWP Litigation because "the most substantial jurisdictional question is whether [State] causes of action which implicate the meaning of average wholesale price under the federal Medicare statute present a federal question." Order Staying Proceedings at 6. The Southern District of Ohio believed this Court should decide that question: "This Court believes that Judge Saris is well-positioned to decide the jurisdictional issues raised in this case in the most efficient manner despite the apparent presence of some other unique questions." *Id.* at 7.

Moreover, Ohio's Motion and Notice failed to accurately inform this Court that Abbott Laboratories, Inc.'s ("Abbott") Motion for Leave to File Supplemental Notice of Removal (the "Motion for Leave") has been fully briefed and remains pending before this Court. Abbott's Motion for Leave sought to remove the Ohio AWP Litigation based on this Court's decision in

*State of Arizona v. Abbott Labs., Inc. (In re Pharm. Ind. Average Wholesale Price Litig.)*, 457 F.Supp.2d 77, 82 (D. Mass. 2006).  The mere fact that Dey, Inc. removed the case before this Court issued that decision should not deny Abbott its right to have the federal question raised by Ohio resolved by the federal courts.

The current procedural posture of the Ohio AWP litigation does not differ materially from the jurisdictional issues raised in *The People of the State of Illinois v. Abbott Labs., Inc.*, Case No. 1:06-cv-12259-PBS (the "Illinois AWP Litigation"), which has already been briefed and argued before this Court.  Accordingly, the decision whether to remand the Ohio AWP Litigation may follow this Court's decision regarding the Illinois AWP Litigation.  Therefore, any action regarding Ohio should be held in abeyance pending the decision whether to retain or remand the Illinois AWP Litigation.

To be clear, Abbott does not oppose lifting the stay established by the Southern District of Ohio because that stay essentially expired when the order was issued transferring the Ohio AWP Litigation to the District of Massachusetts.  *See* Order Staying Proceedings at 7.  Because Abbott's Motion for Leave raises the issue of whether this Court should hear the federal question pled by Ohio, or whether a state court should decide that federal question, this Court should grant Abbott's Motion for Leave.  Regarding Ohio's Motion to Remand to State Court, however, the Court should hold the case in abeyance until a decision is issued regarding whether to retain or remand the Illinois AWP Litigation.

Dated:  April 11, 2007

Respectfully Submitted,

/s/ Toni-Ann Citera
Shawn J. Organ
Kasey T. Ingram
JONES DAY
P.O. Box 165017
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43216-5017
Tel: (614) 469-3939
Fax: (614) 461-4198

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York  10017
Tel:  (212) 326-8376
Fax:  (212) 755-7306

James R. Daly
Lee Ann Russo
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

COUNSEL FOR DEFENDANT
ABBOTT LABORATORIES, INC.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S RESPONSE TO MOTION OF STATE OF OHIO TO LIFT STAY was served on all counsel of record electronically by causing same to be posted via LexisNexis this 11th day of April, 2007.

/s/ Toni-Ann Citera_____