# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case




Mar 13 2007
4:58PM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | **Pending in:** |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

## SUBPOENA DUCES TECUM

TO: Linda Ragone
Care of:
John K. Neal, Esq.
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

• **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Morgan Lewis**<br>**1701 Market Street**<br>**Philadelphia, PA 19103** | **April 17 and 18, 2007 at 9:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

• **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Abbott Laboratories, Inc. | March 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: David S. Torborg, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## Documents Requested

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs. This request does not seek documents contained at the offices of the United States Department of Health and Human Services – Office of Inspector General.

## Definitions

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case




Mar 27 2007
1:42PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

# SUBPOENA DUCES TECUM

TO: Charles Booth
Care of:
Gejaa Gobena, Esq.
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Jones Day**<br>**51 Louisiana Avenue, N.W.**<br>**Washington, D.C. 20001** | April 23, 2007 at 9:00 AM |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Abbott Laboratories, Inc. | March 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: R. Christopher Cook, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### Documents Requested

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession relating in any way to the pricing of drugs and/or the administration or dispensening of drugs under Medicare or Medicaid.

3. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs.

4. A copy of any and all Documents in your personal possession concerning communications with Ven-A-Care of the Florida Keys, Inc., Centers for Medicare and Medicaid Services ("CMS") (including the office of the General Counsel), and/or any party which is a plaintiff in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

5. A copy of any and all Documents in your personal possession concerning communications with the Department of Justice ("DOJ") or CMS regarding limitations on communications with any party which is a defendant in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

### Definitions

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data

compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case



Mar 13 2007
5:53PM

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | **Pending in:** |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

# SUBPOENA DUCES TECUM

TO: David Tawes
Care of:
John K. Neal, Esq.
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

• **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Morgan Lewis**<br>**1701 Market Street**<br>**Philadelphia, PA 19103** | **April 24 and 25, 2007 at 9:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

• **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Abbott Laboratories, Inc. | March 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: David S. Torborg, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## Documents Requested

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs. This request does not seek documents contained at the offices of the United States Department of Health and Human Services – Office of Inspector General.

## Definitions

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT D

AO 88 (Rev. 1/94) Subpoena in a Civil Case




Mar 27 2007
1:45PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | **Pending in:** |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

# SUBPOENA DUCES TECUM

TO: Thomas Scully
Care of:
Gejaa Gobena, Esq.
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Jones Day**<br>**51 Louisiana Avenue, N.W.**<br>**Washington, D.C. 20001** | **May 1, 2007 at 9:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Abbott Laboratories, Inc. | March 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: R. Christopher Cook, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Documents Requested**

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession relating in any way to the pricing of drugs and/or the administration or dispensening of drugs under Medicare or Medicaid.

3. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs.

4. A copy of any and all Documents in your personal possession concerning communications with Ven-A-Care of the Florida Keys, Inc., Centers for Medicare and Medicaid Services ("CMS") (including the office of the General Counsel), and/or any party which is a plaintiff in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

5. A copy of any and all Documents in your personal possession concerning communications with the Department of Justice ("DOJ") or CMS regarding limitations on communications with any party which is a defendant in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

**Definitions**

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data

compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT E

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

## SUBPOENA DUCES TECUM

TO: Bruce Vladeck
Care of:
Gejaa Gobena, Esq.
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Jones Day**<br>**222 East 41st Street**<br>**New York, N.Y. 10017** | **May 4, 2007 at 8:30 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Abbott Laboratories, Inc. | April 3, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: R. Christopher Cook, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Documents Requested**

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession relating in any way to the pricing of drugs and/or the administration or dispensing of drugs under Medicare or Medicaid.

3. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs.

4. A copy of any and all Documents in your personal possession concerning communications with Ven-A-Care of the Florida Keys, Inc., Centers for Medicare and Medicaid Services ("CMS") (including the office of the General Counsel), and/or any party which is a plaintiff in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

5. A copy of any and all Documents in your personal possession concerning communications with the Department of Justice ("DOJ") or CMS regarding limitations on communications with any party which is a defendant in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

**Definitions**

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data

compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT F

AO 88 (Rev. 1/94) Subpoena in a Civil Case




Apr 5 2007
6:32PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

# SUBPOENA DUCES TECUM

TO: Lisa Foley Stand
Care of:
Gejaa Gobena, Esq.
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Jones Day<br>51 Louisiana Avenue N.W.<br>Washington, DC 20001** | **May 10, 2007 at 9:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Abbott Laboratories, Inc. | April 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: R. Christopher Cook, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Documents Requested**

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession relating in any way to the pricing of drugs and/or the administration or dispensing of drugs under Medicare or Medicaid.

3. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs.

4. A copy of any and all Documents in your personal possession concerning communications with Ven-A-Care of the Florida Keys, Inc., Centers for Medicare and Medicaid Services ("CMS") (including the office of the General Counsel), and/or any party which is a plaintiff in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

5. A copy of any and all Documents in your personal possession concerning communications with the Department of Justice ("DOJ") or CMS regarding limitations on communications with any party which is a defendant in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

**Definitions**

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data

compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."

# EXHIBIT G

AO 88 (Rev. 1/94) Subpoena in a Civil Case




**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | **Pending in:** |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

# SUBPOENA DUCES TECUM

TO: Nancy-Ann Min DeParle
Care of:
Gejaa Gobena, Esq.
Patrick Henry Building
601 D Street, N.W.
Room 9028
Washington, D.C. 20004

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Jones Day**<br>**51 Louisiana Avenue, N.W.**<br>**Washington, D.C. 20001** | **May 18, 2007 at 9:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
Please see attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Abbott Laboratories, Inc. | April 3, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: R. Christopher Cook, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001 (202) 879-3939

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Documents Requested**

1. A copy of your most current resume.

2. A copy of any and all Documents in your personal possession relating in any way to the pricing of drugs and/or the administration or dispensing of drugs under Medicare or Medicaid.

3. A copy of any and all Documents in your personal possession concerning the use of AWP or WAC by the Medicare or Medicaid programs for the reimbursement of drugs and/or the administration or dispensing of drugs.

4. A copy of any and all Documents in your personal possession concerning communications with Ven-A-Care of the Florida Keys, Inc., Centers for Medicare and Medicaid Services ("CMS") (including the office of the General Counsel), and/or any party which is a plaintiff in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

5. A copy of any and all Documents in your personal possession concerning communications with the Department of Justice ("DOJ") or CMS regarding limitations on communications with any party which is a defendant in any litigation relating to AWP, WAC, and/or the pricing of drugs under Medicare or Medicaid.

**Definitions**

1. "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2. "Concern," "concerning," "relating to," or "relate to" means refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this request for production of documents any documents that might be deemed outside their scope by another construction.

3. "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data

compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

4. "WAC" means "Wholesale Acquisition Cost."