UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* No. 06-CV-11337-PBS | ) Judge Patti B. Saris ) ) Chief Magistrate Judge Marianne B. Bowler ) |

**VEN-A-CARE OF THE FLORIDA KEYS, INC.'S RESPONSE TO ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Relator, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") by and through its undersigned counsel joins in the United States' Response Defendant Abbott's Motion to Compel A Supplemental Response to Abbott's Interrogatory No. 7, files this it's Response to Abbott's Motion to Compel and further states as follows:

Abbott jointly posed interrogatory number 7 to both the United States and the Relator, Ven-A-Care. In response, Ven-A-Care joined in the United States' objections and asserted some of its own objections. Abbott did not directly address any of the Relator's objections to Abbott's interrogatory number 7 in Abbott's Motion to Compel and Memorandum of Law. Instead, the only reference directed at the Relator's response to Interrogatory number 7 appears on page 2 of the Defendant's Memorandum of Law where Abbott states the Relator "provided no response at all." It is true that the Relator did not "answer" the interrogatory. However, the Relator asserted objections some of which were

in addition to those asserted by the United States. The Relator's objections are not addressed in Abbott's Memorandum of Law.

The Relator's main objection to Interrogatory number 7 is that it is a contention interrogatory improperly posed to the Relator. Specifically, the Relator asserted the following additional objection:

> Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory. This interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiffs contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

Contention interrogatories are allowed by the rules and their purpose is to seek admissions that may narrow issues for trial. *Gadaleta v. Nederlandsch-Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961)(stating "[a]nswers to interrogatories clearly may be utilized as admissions.") However, a contention interrogatory is not properly posed to a Relator in an intervened *qui tam* case. Relators have a unique role in intervened *qui tam* cases as dictated by the *qui tam* provision of the False Claims Act. The *qui tam* statute, 31 U.S.C. §3730(c)(1) states:

> If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and **shall not be bound** by an act of the person bringing the action.

(Emphasis added). Interrogatory Number 7 is improperly posed to the Relator because the Relator, by statute, can not bind the United States with an admission. Therefore, we ask that this Court deny Defendant Abbott's Motion to Compel.

DATED: APRIL 13, 2007.

        For the Relator,
Ven-A-Care of the Florida Keys, Inc.

/s/ Alison W. Simon
James J. Breen
Alison W. Simon
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, FL 33029-7470
Phone: 954-874-1635
Fax: 954-874-1739
Email: jbreen@breenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, April 13, 2007, caused an electronic copy of the above to be served on all counsel of record via electronic mail service:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com
Counsel for Defendant Abbott Laboratories, Inc.

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com
Counsel for Dey, Inc., Dey L.P. and Dey L.P., Inc.

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: christophercook@jonesday.com
Counsel for Defendant Abbott Laboratories, Inc.

Neil Merkl
Paul F. Doyle,
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com
Counsel for Dey, Inc., Dey L.P. and Dey L.P., Inc.

Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Fax: (202) 307-3852
Email: Renee.Brooker@usdoj.gov
Counsel for the United States

Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101
Email: Mark.Lavine@usdoj.gov
Counsel for the United States

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272
Email: George.henderson2@usdoj.gov
Counsel for the United States

      /s/Alison W. Simon
Alison W. Simon