**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 01-12257-PBS |
| ——————————————————— | ) | |
| | ) | Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *United States of America ex rel.* | ) | Magistrate Judge Marianne B. Bowler |
| *Ven-a-Care of the Florida Keys, Inc., v.* | ) | |
| *Abbott Laboratories, Inc.* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |
| ——————————————————— | ) | |

## UNITED STATES' RESPONSE TO
## DEFENDANT ABBOTT'S MOTION TO COMPEL
## A SUPPLEMENTAL RESPONSE TO ABBOTT'S INTERROGATORY NO. 7

### Introduction

The United States of America respectfully submits this response to defendant Abbott Laboratories' Inc.'s motion to compel a supplemental response to Abbott's interrogatory number 7.  In sum, Abbott's motion is moot, and in any event it is without merit.

First, Abbott's motion is moot because the United States has provided a supplemental response to interrogatory number 7.  The United States had agreed, prior to Abbott's motion, to provide a verification that Abbott had requested for this contention interrogatory.  In its motion, Abbott advises the Court of the United States' agreement, but not until after 14 pages of arguments.  The United States has now provided the verification Abbott requested.  The United States has also now provided an amended response to interrogatory number 7.  The United States

1

believes its response is adequate and that it resolves the issues raised by Abbott.  Abbott's

motion is moot.

Second, Abbott's motion is meritless in any event.  Abbott is misreading a sentence in the

United States' Complaint.  As a result, Abbott is raising issues that relate to the overall litigation,

but those issues go beyond the sentence in the Complaint, to which interrogatory number 7

relates.  Moreover, Abbott incorrectly ignores the United States' objections to interrogatory

number 7.  The United States' objections are sound.  Abbott's motion lacks merit.

For these reasons, which are explained more fully below, the United States respectfully

requests that Abbott's motion be denied.

I.    **Abbott's motion is moot because the United States has provided a
      supplemental response and a verification**.

Abbott's motion is moot because the United States has provided a verification and has

also provided a supplemental response to interrogatory number 7.  As Abbott notes on page 14 of

its motion, the United States had agreed prior to the filing of Abbott's motion to provide the

verification that Abbott requested with respect to contention interrogatories, including

interrogatory number 7.  Abbott's motion and arguments on this point were unnecessary.  As

agreed, the United States has provided a verification by the Special Agent assigned to this case

from the Office of the Inspector General of the United States Department of Health and Human

Services ("HHS-OIG").  See Exhibit A (United States' First Supplemental Responses to Abbott's

First Set of Interrogatories).

In addition, the United States has provided a supplemental response to interrogatory

number 7.   The interrogatory inquires about a particular sentence in the United States'

Complaint.  The interrogatory asks for "the basis for Your contention in paragraph 42 of the Complaint that 'AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient.'"   The United States' response explains that the particular sentence "is in the section of the Complaint which describes the Medicaid and Medicare healthcare programs.  In that section of the Complaint, the United States' allegations relate to the statutory and regulatory background of this case."  See Exhibit A.

The United States' response further explains that "'Average wholesale price' as used in a statute or regulation is interpreted according to the legal principles of statutory interpretation. See In re Pharmaceutical Industry Average Wholesale Price Litigation, 460 F. Supp. 2d 277, 284 (D. Mass. 2006).  Judge Saris has ruled that the statutory term average wholesale price should be construed according to its plain language.  Id. at 287.  Paragraph 42 describes average wholesale price as used in statutes and regulations, in accord with its plain language."  See Exhibit A.

The United States' answer further explains that "[t]he United States' use of the words 'retail customer' in the first sentence of paragraph 42 of the Complaint includes all customers that purchased drugs, whether through a wholesaler, with the assistance of a group purchasing organization, or directly from a drug manufacturer.  Examples of the customers the United States was referring to in paragraph 42  include pharmacies and physicians who purchased drugs and then dispensed or administered drugs to patients."  See Exhibit A.

With respect to a subpart of interrogatory number 7 that asked the United States to identify "all persons who at any time believed the term AWP or 'Average Wholesale Price' was used to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer," the United States objected that identifying "all persons" who "at any time" had

certain beliefs about AWP was unduly burdensome, vague, and irrelevant.  Still, the United

States provided "examples of publications which included descriptions of the term 'AWP': (1)

the September 1991 'Monthly Interest' publication of First DataBank which states 'AWP

represents an average price which a wholesaler would charge a pharmacy for a particular

product' (ABT046-0022); and (2) Medi-Span's December 1996 Master Drug Data Base

Documentation Manual which states 'The AWP represents the most common wholesaler price

charged to the retailer or hospital' (BMW032-0016)."  <u>See</u> Exhibit A.

The United States has sufficiently answered this contention interrogatory about a single

sentence in the section of the Complaint that relates to the statutory and regulatory background of

the Medicare and Medicaid programs.   The United States has explained that it was describing

average wholesale price in accord with its plain language.  The United States has provided

examples of others' descriptions of average wholesale price.  Finally, the United States has also

provided a verification from a Special Agent from HHS-OIG.  To the extent possible, the United

States has resolved the issues raised by Abbott.  As explained further below, Abbott raises issues

which are beyond the sentence to which interrogatory number 7 relates, and those issues are

beyond what can be addressed by a motion to compel relating to this interrogatory.

II.     <u>Abbott's motion lacks merit because it is based on a misreading of the
        Complaint and incorrectly ignores the United States' objections</u>.

        A.  **Abbott is misreading the sentence in the United States' Complaint**.

To a large extent Abbott's motion appears to be based on a misreading of the sentence at

issue in paragraph 42 of the Complaint.  From the outset of Abbott's motion, Abbott asserts that

in the sentence in paragraph 42, the United States is *implicitly* alleging that average wholesale

price referred to an *actual* price.  See Abbott's Memorandum (Docket Entry 3850) at p. 1.

However, Abbott is reading its own words into the United States' sentence in paragraph 42.

Paragraph 42 is in the section of the Complaint which describes the statutory and

regulatory background of the Medicare and Medicaid programs.  Paragraph 42 states:

> 42.    AWP [average wholesale price] is used to refer to the price at
> which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who
> then administers it to a patient.  WAC [wholesale acquisition cost] is used to refer
> to the price at which a pharmaceutical firm typically sells a drug to wholesalers
> who would then resell it to a retail Customer.

See Exhibit B at p. 14 (United States' Complaint against Abbott Laboratories, Docket Entry 43-

18 in case no. 06cv11337-PBS).

The main point of the description in paragraph 42 is to describe the different business

actors (e.g., wholesalers selling to pharmacies) that are referred to by the term AWP, and the

different business actors (e.g., manufacturers selling to wholesalers) that are referred to by the

term WAC.  In paragraph 42, the point was not to make a specific allegation about the precise

numerical value that is meant by AWP.

Also, as stated before, the point in this section of the Complaint was to provide the

statutory and regulatory background for the Medicare and Medicaid programs.  The point of

paragraph 42 was not to make a statement about the beliefs of anyone in the industry.

The United States has made efforts to clarify this in conversations with Abbott's counsel.

The United States has now provided a supplement to further clarify the sentence in paragraph 42

and its basis.

Abbott's motion raises issues about the precise numerical value of AWP, and issues

about how persons in general may have used the term AWP at one time or another.  These issues

are beyond the sentence in paragraph 42 of the Complaint, which as stated before, was about the statutory and regulatory background of the Medicare and Medicaid programs.

Abbott's misunderstanding of the sentence in paragraph 42 may be why Abbott challenges Judge Saris' decision as a basis for the United States' sentence which describes average wholesale price in accord with the plain meaning of the words.  However, Abbott is incorrect.

Paragraph 42 in the United States' Complaint was addressing the statutory and regulatory background of the Medicare and Medicaid programs.  In that context, a judicial decision that construed the statutory term "average wholesale price" is certainly relevant.  Abbott protests that Judge Saris had not interpreted "average wholesale price" at the time the United States drafted its Complaint.  However, the principles of statutory construction, that is, interpreting words in a statute according to their plain meaning would apply in any event.

The bulk of Abbott's brief is about issues beyond the sentence of the Complaint that relates to interrogatory number 7.  There may an appropriate time to bring those issues to the Court, but at this time they are beyond paragraph 42 of the Complaint, and beyond what can be addressed through a motion to compel regarding interrogatory number 7.

**B.  Abbott incorrectly ignores the United States' legitimate objections**.

In its motion, Abbott fails to address the United States' objections to interrogatory number 7.  However, the United States has serious objections to the extent of what Abbott is requesting.  See Exhibit A.

**1.   Part of interrogatory number 7 is not relevant and is unduly burdensome**.

First, some of what Abbott is seeking is unduly burdensome, vague, and not relevant.
Interrogatory number 7 used the fact that paragraph 42 mentioned average wholesale price, to ask
questions that are beyond the statutory and regulatory background that was being described in
paragraph 42.  In subparts (c) and (d) of the interrogatory, Abbott asked the United States to
identify "all persons" who "at any time" used, or believed that others used, the term AWP or
average wholesale price to refer to a price at which a pharmaceutical firm or wholesaler sells a
drug to a retail customer.

In its supplemental response, the United States has provided two examples of
publications that referred to AWP as representing either the average or the common price
charged by a wholesaler to a pharmacy or a hospital.  See Exhibit A.   These examples are more
than a sufficient response to a request that is unduly broad and burdensome, and not relevant to
whether Abbott caused the submission of false claims to the United States.

The issue that is relevant in this case is the *scienter* of Abbott itself, not the thinking of an
undefined category of persons in general.  Moreover, Abbott's claim of "government knowledge"
is not relevant to this False Claims Act case.  Abbott claims that over time some government
employees learned that some manufacturers had reported to industry publications AWPs for
certain products that were somewhat higher than the actual average wholesale price for those
products.

However, courts have repeatedly held in False Claims Act cases that "government
knowledge" is generally not a defense.  See, e.g., United States *ex rel.* Mayman v. Martin
Marietta Corp, 894 F. Supp. 218, 223 (D. Md. 1995).  Evidence about "government knowledge"

would only be relevant under the False Claims Act if it negates the defendant's *scienter*.  See

Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 519, 534-535 (10th Cir. 2000).  To show that its

knowledge was negated, the defendant must offer credible evidence of a meeting of the minds

between a defendant and the government, by for example showing that it fully disclosed the

problem to the government and completely cooperated with the government to resolve the

problem.  See, e.g., United States *ex rel* Costner v. URS Consultants, et al., 317 F.3d 883, 887-

888 (8th Cir. 2003), cert. denied, 540 U.S. 875 (2003).

   Moreover, to negate its *scienter*, the defendant must also show the government approved

the defendant's specific conduct.  See In re Pharmaceutical Industry Average Wholesale Price

Litigation, Docket Entry 4056 at p. 17 (J. Saris March 22, 2007) (denying motion to dismiss

California False Claims Act claim, noting that government approval of the particulars is

necessary for a government knowledge defense); United States *ex rel.* Tyson v. Amerigroup, Slip

Copy at 8, 2007 WL 781729 (N.D. Ill. March 13, 2007) (denying defendant's motion for new

trial, noting that the proper test is whether the government knew and approved the particulars of

defendant's conduct, and that mere acquiescence, rather than approval, by government employees

is not sufficient to avoid False Claims Act liability).

   The information sought by subparts (c) and (d) of interrogatory number 7 is irrelevant to

what Abbott would need to show.  In any event, Abbott has not shown that it disclosed to the

government the true prices of the drugs in the Complaint.  Abbott has not shown that it disclosed

to the government that it was increasing its reported prices while it was cutting real prices, all

aimed at causing artificially inflated reimbursement to induce customers to increasingly choose

Abbott drugs over the drugs of Abbott's competitors.  Furthermore, Abbott cannot show that the government approved the particulars of Abbott's fraudulent conduct.

In addition to being irrelevant, Abbott's request for the identification of the "beliefs" of "all persons" about AWP is  vague and unduly burdensome.  Moreover, to the extent Abbott is seeking information about the pharmaceutical industry, that information is even more available to Abbott than to the United States.  Thus, the examples provided by the United States are more than sufficient with respect to this part of the interrogatory that seeks burdensome and irrelevant information.

### 2.  The United States has sufficiently answered this contention interrogatory.

Second, the United States objects to the extent that interrogatory number 7 is a contention interrogatory.  Discovery in this case was initially stayed.  Discovery began a few months ago, at the end of 2006.  Much discovery is still ahead.  Moreover, to the extent that the United States may address some issues through expert testimony, expert reports will be provided in accordance with Rule 26 and the schedule set by the Court.  At this time, expert reports are scheduled to be exchanged in 2008 after the close of fact discovery.

To the extent that any further supplements would be called for, the United States will provide them at a stage when discovery is more advanced.  This is appropriate when the interrogatory is a contention interrogatory.  See B. Braun Medical Inc.v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (denying motion to compel response to contention interrogatory because it was appropriate to defer such interrogatories until a later stage of discovery).

The United States' supplemental answer sufficiently responds the interrogatory about paragraph 42 of the Complaint.  The United States has provided a verification by a Special Agent from HHS-OIG.  The United States has provided an adequate response to interrogatory number 7.

## Conclusion

The United States believes that Abbott's motion is moot.  The United States has provided both the verification and the supplemental response requested by Abbott.  For these reasons, and the further reasons stated above, the United States respectfully requests that the Court deny Abbott's motion to compel a supplemental response to interrogatory number 7.

Respectfully submitted,

MICHAEL J. SULLIVAN                                    PETER D. KEISLER
UNITED STATES ATTORNEY                                 ASSISTANT ATTORNEY GENERAL

George B. Henderson, II                                 /s/ Justin Draycott
Assistant U.S. Attorney                                Joyce R. Branda
John Joseph Moakley U.S. Courthouse                    Daniel R. Anderson
Suite 9200, 1 Courthouse Way                           Renée Brooker
Boston, MA 02210                                       Justin Draycott
Phone: (617) 748-3398                                  Gejaa T. Gobena
Fax: (617) 748-3272                                    Civil Division
                                                       Commercial Litigation Branch
R. ALEXANDER ACOSTA                                    P. O. Box 261
UNITED STATES ATTORNEY                                 Ben Franklin Station
SOUTHERN DISTRICT OF FLORIDA                           Washington, D.C.  20044
                                                       Phone: (202) 307-1088
/s/ Ana Maria Martinez                                 Fax: (202) 307-3852
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
  the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

Dated: April 13, 2007

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day caused an electronic copy of the above United States' Response To Defendant Abbott's Motion To Compel A Supplemental Response To Abbott's Interrogatory No. 7 to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


Date: April 13, 2007

  /s/ Ana Maria Martinez  
Ana Maria Martinez

12