# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

**THIS DOCUMENT RELATES TO:**

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*

CIVIL ACTION NO. 06-11337-PBS

MDL No. 1456
Civil Action No. 01-12257-PBS

Hon. Patti Saris

**ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES'
FIRST SET OF INTERROGATORIES**

Defendants Abbott Laboratories, Inc. ("Abbott") responds to Plaintiff, the United States' ("Plaintiff") First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

1. Abbott objects to these Interrogatories as untimely and unduly burdensome to the extent they purport to require Abbott to search for information going back twenty-one years. Plaintiff unsealed its case against Abbott in 2006 after having the suit under seal for more than eleven years. Plaintiff's eleven-year delay in unsealing the suit has created an unnecessary and unreasonable burden on Abbott. Plaintiff's unreasonable delay also makes it possible that evidence responsive to these Interrogatories is no longer available.

2. Abbott objects to these Interrogatories as untimely and unfair to the extent they ask Abbott to address information or situations that were not "disclosed" or communicated to unidentified Medicare and Medicaid officials. Such Interrogatories ask Abbott to "prove the negative" and are improper subjects for Interrogatories, particularly at the early stage of discovery. Plaintiff's eleven-year delay in unsealing the suit also makes it possible that such

communications are no longer available. In light of these circumstances, Plaintiff's Interrogatories are patently unfair.

3. Abbott objects to these Interrogatories as argumentative, unfair, misleading, confusing and unduly prejudicial to the extent the Interrogatories assume, or purport to impose, responsibilities and duties to report or act otherwise not found in the law.

4. In responding to these Interrogatories, Abbott will search for information from the division responsible for pricing, selling and marketing the drugs identified in Plaintiff's Complaint (hereinafter, the "Subject Drugs"), to non-hospitals and from the individuals responsible for communicating with representatives of any Medicare or Medicaid agencies and with the pricing compendia regarding the Subject Drugs.

5. Abbott's investigation for information responsive to Plaintiff's Interrogatories continues, and its responses to these Interrogatories are based on information available at this time. Abbott reserves the right to supplement and/or amend these responses at any time prior to trial.

6. Abbott's specific objections to each Interrogatory are in addition to the objections set forth in this and subsequent sections, which form a part of the response to each and every Interrogatory and are set forth here to avoid the duplication and repetition of restating them for each response.

7. The information supplied herein are for use in this litigation and for no other purpose.

8. Abbott objects to these Interrogatories because they are overly broad and unduly burdensome to the extent they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

9. Abbott objects to these Interrogatories because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information that does not relate generally to the Subject Drugs.

10. Abbott objects to these Interrogatories because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to a twenty-one year time period that extends beyond the period for which Plaintiff seeks damages.

11. Abbott objects to these Interrogatories because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information relating to sales to hospitals. Unless otherwise noted, to the extent an interrogatory seeks information relating to Abbott's sales, Abbott's responses are limited to sales to non-hospital providers.

12. Abbott objects to these Interrogatories because they are overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents relating to health insurance programs not at issue in this action. Unless otherwise indicated, Abbott's responses are limited to the Medicaid and Medicare programs.

13. Abbott objects to these Interrogatories because they are overly broad, unduly burdensome, argumentative, vague and ambiguous to the extent they contain any implications and/or explicit or implicit characterizations of the facts, events, circumstances, or issues

CHI-1564637

addressed in these Interrogatories. Any response by Abbott is not intended to indicate that Abbott agrees with any such implications or characterizations, or that such implications or characterizations are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

14. Abbott objects to these Interrogatories to the extent that they are duplicative of other discovery served by the Plaintiff, including the Requests for Admission, and are therefore overly burdensome and harassing.

15. Abbott objects to these Interrogatories to the extent they seek information that is protected by the attorney-client privilege and/or the work-product doctrine.

16. Abbott objects to these Interrogatories to the extent they request that Abbott identify or produce "all related documents" as overly broad and unduly burdensome. Abbott refers Plaintiff to the documents it has or will produce in response these and other discovery requests served by Plaintiff.

## OBJECTIONS TO INSTRUCTIONS

1. Abbott objects to Plaintiff's "Instructions" to the extent they exceed or alter the scope of permissible discovery under the Federal Rules of Civil Procedure. Abbott will respond to these Interrogatories in accordance with the Federal Rules.

2. Abbott objects to paragraph D of Plaintiff's "Instructions," which purports to identify the Relevant Claim Period as 1985 to the present, as overly broad, unduly burdensome, harassing, and because it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott's responses to these Interrogatories are limited to the time period 1991 through January 31, 2001 (hereinafter, the "Relevant Claim Period").

## **OBJECTIONS TO DEFINITIONS**

1. Abbott objects to the definition of the term "documents" as overly broad and unduly burdensome.

2. Abbott objects to the terms "You," "Your," "Abbott" and "Defendant" as overly broad and unduly burdensome. Abbott will construe these terms to mean Abbott's former Hospital Products Division ("HPD"), which was responsible for the sale, marketing and pricing of the Subject Drugs to non-hospitals, and those persons responsible for communicating with representatives of any Medicare or Medicaid agencies and with the pricing compendia regarding the Subject Drugs.

3. Abbott objects to the definition of the terms "accuracy," "accurate" or "accurately" as argumentative, vague and ambiguous.

4. Abbott objects to the definition of "Price Representations" as overly broad, vague, ambiguous, and confusing. Abbott further objects to this definition as argumentative because it assumes that Abbott made representations relating to the AWP published by third parties for the Subject Drugs.

5. Abbott objects to the definition of "Pharmaceutical" because it is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott will provide responsive information, to the extent it is available, related only to the Subject Drugs.

6. Abbott objects to the definition of "Spread" because it is overly broad, vague, ambiguous, and confusing. Abbott further objects to the term "Spread" because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding private insurance companies. Abbott further objects to the term "Spread" to the extent it

assumes that the difference between the "actual acquisition cost or purchase price" of a drug and reimbursement results in a profit or margin to the purchaser, without taking into account overhead costs, dispensing costs and other such costs.

7. Abbott objects to the definition of "AWP" because it is overly broad, vague and ambiguous. Abbott further objects to this definition as argumentative because it assumes that Abbott "reported, advertised, published, or caused to be published" an AWP for the Subject Drugs.

8. Abbott objects to the definition of "Best Price" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to the definition of "Best Price" because it is a defined term under federal law. *See* 42 U.S.C. 1396r-8.

9. Abbott objects to the definition of "AMP" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to the definition of "AMP" because it is a defined term under federal law. *See* 42 U.S.C. 1396r-8.

10. Abbott objects to the definition of "average or estimated acquisition cost" as overly broad, vague and ambiguous. Abbott further objects to the definition of "average or estimated acquisition cost" to the extent it assumes and/or imposes a duty on Abbott to calculate such a cost.

11. Abbott objects to the definition of "disclose" as vague, ambiguous, and conclusory.

12. Abbott objects to the definition of "marketed the Spread" as argumentative, conclusory, vague and ambiguous.

13.     Abbott incorporates its objections made to the definitions found in Plaintiff's First Requests for Admissions.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each occasion that You reported prices to the Price Publications for the Pharmaceuticals at issue in this lawsuit that reflected their average or estimated acquisition cost, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is vague and ambiguous with respect to the phrase "average or estimated acquisition cost." Abbott further objects to this Interrogatory because it implies and/or assumes that Abbott had an obligation to calculate and/or report an "average or estimated acquisition cost" to the pricing compendia for the Subject Drugs.

Subject to and without waiving it objections, Abbott states that, on occasion during the Relevant Claim Period, Abbott reported a Catalog/List Price to the pricing compendia for certain of the Subject Drugs. Abbott's Catalog/List Price for the Subject Drugs during the Relevant Claim Period represented the price at which Abbott generally sold the product to customers without a contract. Abbott further states that it has produced to Plaintiff Abbott's correspondence with pricing compendia regarding the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 2:** Identify each occasion that the prices published in the Price Publications for the Pharmaceuticals at issue in this lawsuit reflected their average or estimated acquisition cost, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is vague and ambiguous with respect to the phrase "average or estimated acquisition cost." Abbott further objects to this Interrogatory because it assumes that Abbott or any pricing

CHI-1564637                                    -7-

compendia had an obligation to calculate, report and/or publish an "average or estimated acquisition cost" for the Subject Drugs.

Subject to and without waiving any of its Objections, Abbott refers to and incorporates its Response to Interrogatory No. 1. Further answering, Abbott refers plaintiff to the text of the Price Publications for the Relevant Claim Period, which documents can readily be obtained by Plaintiff. Further answering, Abbott has produced national direct and indirect sales data relating to the Subject Drugs for the Relevant Claim Period.

**INTERROGATORY NO. 3:** Identify each occasion that You disclosed to Medicare and Medicaid officials responsible for reimbursement for Your Pharmaceuticals the actual Spreads on those products, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it fails to identify any particular "officials" and because the terms "disclosure" and "actual Spreads" are vague, ambiguous, argumentative and conclusory. Abbott also objects to this Interrogatory because it assumes that Abbott had an obligation to communicate to Medicare or Medicaid any so-called spread for its products and/or that Medicare and/or Medicaid officials were unaware of the existence of a so-called spread for Abbott's products.

Subject to and without waiving its objections, Abbott states that it accurately reported those prices for the Subject Drugs that it was required by law to report during the Relevant Claim Period. Further answering, Abbott states that both Medicare and Medicaid officials were well aware for decades that the published AWP exceeded the actual acquisition cost and yet chose to maintain AWP as the basis for reimbursement. For a discussion of the government's longstanding knowledge of the spread between AWP and acquisition cost, Abbott incorporates herein its Motion to Dismiss. Furthermore, Abbott states that, since 1991, it has submitted Average Manufacturer Price to CMS, and its predecessor, and further states that it has sold its products, including the Subject Drugs, to the federal government at substantially discounted

prices through the Federal Supply Schedule and to various state entities. Abbott's investigation relating to the Government's knowledge continues.

**INTERROGATORY NO. 4:** Identify each occasion where You disclosed to Medicare and Medicaid officials responsible for reimbursement for Your Pharmaceuticals that You marketed the Spreads on Your Pharmaceuticals, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it fails to identify any particular "officials" and because the term "disclosed" and the phrase "marketed the Spread" are vague, ambiguous and conclusory. Abbott further objects to this Interrogatory because it incorrectly assumes that Abbott in fact "marketed the Spread" for the Subject Drugs. Subject to and without waiving its objections, Abbott states that, during the Relevant Claim Period, Abbott's practice was to promote the Subject Drugs on the basis of quality, clinical efficacy, Abbott's portfolio of products, method of administration and price to the purchaser. It was not Abbott's practice to promote or sell the Subject Drugs, during the Relevant Claim Period, on the basis of the amount of potential Medicare or Medicaid reimbursement or the published AWP associated with the Subject Drugs. Indeed, all of the Subject Drugs were multi-source drugs during the entire Relevant Claim Period, whereby J-Code reimbursement was not based on the published AWP associated with any one manufacturer's drugs.

**INTERROGATORY NO. 5:** Identify each occasion that You disclosed to Medicare and Medicaid officials responsible for reimbursement for Your Pharmaceuticals the magnitude and size of the Spreads for the Pharmaceuticals at issue in the Complaint, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects on the grounds that it is duplicative of Interrogatory No. 3. As a result, Abbott incorporates herein its Objections and Response to Interrogatory No. 3 as if set forth herein.

**INTERROGATORY NO. 6:** Identify each occasion that You sought clarification or guidance from any Medicare of Medicaid (federal or state) agency regarding the meaning, intent

or goal or any provision or term of any regulation, statute, or policy regarding the setting of reimbursement for Your Pharmaceuticals, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Abbott has produced or will produce any responsive communications, to the extent that they exist and are reasonably available, relating to or impacting reimbursement of the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 7:** Identify each occasion that You sought clarification or guidance from any Medicare of Medicaid (federal or state) agency regarding the meaning of AWP, WAC, Direct Price, List Price, Best Price, estimated acquisition cost, AMP or any term of any regulation, statute, or policy regarding the setting of reimbursement for any of the Pharmaceuticals at issue in the Complaint, and all related documents.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding AMP or Best Price and because it is duplicative of Interrogatory No. 6. Further responding, Abbott incorporates its objections and response to Interrogatory No. 6 as if set forth herein.

**INTERROGATORY NO. 8:** Identify all of Your employees who were involved in the sales of the Pharmaceuticals identified in the complaint and the dates of their employment by You, including their positions at Abbott and any related organizational charts.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad and unduly burdensome. Abbott further objects to the phrase "involved in the sales" as vague and ambiguous.

Subject to and without waiving its objections, Abbott states that it has produced or will produce organizational charts for the sales department responsible for selling the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 9:** Identify all firms, organizations and/or individuals hired by You to engage in any Congressional or other governmental lobbying or advocacy related to any of Your Pharmaceuticals.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 10:** Identify all instances or occasions on which you contacted or otherwise communicated with any Congressional or other federal or state government office in connection with:

(a) any of Your Pharmaceuticals, and

(b) any legislation, rule-making or policies related to reimbursement for Your Pharmaceuticals.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it fails to identify any particular "Congressional or other federal or state government office." For instance, this Interrogatory, as stated, would require Abbott to catalogue every communication it has ever had with the U.S. Food and Drug Administration about any of its drug products – communications that number in the tens of thousands for just that one agency. Abbott further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 11:** Identify all employees or outside firms, organizations or individuals involved in any lobbying or advocacy efforts on Your behalf related to a) HHS's 1991 Proposed Rule on Medicare reimbursement, b) President Clinton's 1996 proposal to use actual acquisition costs, c) HHS's 1997 proposed rule implementing the Balanced Budget Act of 1997, and d) the DOJ/NAMFCU prices provided to HHS in 2000.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client and/or the work-product doctrine.

**INTERROGATORY NO. 12:** Identify all employees, agents or outside firms involved with the determination and/or reporting of the AWP, WAC, Direct Price, List Price, AMP or AMP for Your Pharmaceuticals to the Price Publications or any State Medicaid program.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to the extent this Interrogatory suggests that Abbott determines and/or reports an AWP and to the extent it seeks information outside of Abbott's custody, care and/or control. Abbott further objects to this Interrogatory to the extent it seeks information regarding Abbott's calculation of AMP, which is not at issue in this case and is determined by federal law.

Subject to and without waiving its objections, Abbott states that it has produced or will produce communications with the pricing compendia and with the Texas Vendor Drug Program relating to the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 13:** Identify all individuals, whether Abbott employees or not, involved with reporting or making any representations regarding the AWP, WAC, Direct Price, List Price, AMP or AMP or any other reported price for Your Pharmaceuticals to the State of Texas' Vendor Drug Program.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks information that is outside of Abbott's custody, care and/or control. Abbott further objects to the extent this Interrogatory suggests that Abbott determines and/or reports an AWP and to the

extent it is duplicative of Interrogatory No. 12. Abbott also objects to this Interrogatory to the extent it seeks information regarding Abbott's calculation of AMP, which is not at issue in this case and is determined by federal law.

Subject to and without waiving its objections, Abbott states that it has produced or will produce its communications to the Texas Vendor Drug Program relating to the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 14:** Identify all contracts, agreements or other arrangements You had with any purchasers of Your Pharmaceuticals whereby you would aid, assist or otherwise participate in the submission – on that purchaser's behalf – of reimbursement claims to Medicare, Medicaid or any other third party reimburser of drugs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this Interrogatory to the extent it seeks information regarding "other third party reimburser[s] of drugs" that are not at issue in this case.

Subject to and without waiving its objections, Abbott states that in response to this Interrogatory it will produce, to the extent they can reasonably be obtained and have not been produced already, contracts or agreements, if any, that are responsive to this Interrogatory and that relate to the Subject Drugs during the Relevant Claim Period.

**INTERROGATORY NO. 15:** Identify all employees in any way involved with any contracts, agreements or other arrangements You had with any purchasers of Your Pharmaceuticals whereby you would aid, assist or otherwise participate in the submission on that purchaser's behalf of reimbursement claims to Medicare, Medicaid or any other third party reimburser of drugs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to this Interrogatory to the

extent that it calls for information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Abbott further objects to this Interrogatory to the extent it seeks information regarding "other third party reimburser[s] of drugs" that are not at issue in this case.

Subject to and without waiving its objections, Abbott states that in response to this Interrogatory it has produced or will produce documents relating to the former Home Infusion Services department.

**INTERROGATORY NO. 16:** Identify all facts on which you rely to support each denial to the United States' First Requests for Admissions.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott incorporates each and every objection made in response to Plaintiff's First Set of Requests for Admissions.

Subject to and without waiving its objections, Abbott initially directs Plaintiff to the documents produced as part of Abbott's initial disclosures, Abbott's Motion to Dismiss, including Appendix A (filed July 7, 2006), Abbott's AMP submissions to CMS, Abbott's contracts with the government to sell the Subject Drugs at discounted FSS prices and Abbott's contracts with various State entities for the sale of the Subject Drugs during the Relevant Claim Period. Abbott's investigation into the Government's knowledge continues.

**INTERROGATORY NO. 17:** Did any of Your employees or representatives ever use the Spread or potential profit margins on Your Pharmaceuticals when selling or marketing those Pharmaceuticals, and, if so:

    (a)    identify each such person, and

    (b)    all documents reflecting, referring or relating to such practices.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad and seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence. In addition, Abbott objects to the phrase "use the Spread" as vague and ambiguous.

Subject to and without waiving its objections, Abbott states that, during the Relevant Claim Period, Abbott's practice was to promote the Subject Drugs on the basis of quality, clinical efficacy, Abbott's portfolio of products, method of administration and price to the purchaser. It was not Abbott's practice to promote or sell the Subject Drugs, during the Relevant Claim Period, on the basis of the amount of potential Medicare or Medicaid reimbursement or the published AWP associated with the Subject Drugs. Indeed, all of the Subject Drugs were multi-source drugs during the entire Relevant Claim Period, whereby J-Code reimbursement was not based on the published AWP associated with any one manufacturer's drug.

**INTERROGATORY NO. 18:** Did You ever instruct any employee or representative of Abbott not to use the Spread or potential profit margins on Your Pharmaceuticals when selling or marketing those Pharmaceuticals, and, if so, identify:

(a) all Abbott employees or representative who gave such instruction,

(b) all Abbott employees or representative who were so instructed,

(c) the time and content of such instruction, and

(d) identify all documents reflecting, relating to or referring to such instruction.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to the phrase "use the Spread" as vague and ambiguous. Abbott further objects to this Interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Further responding, Abbott incorporates its objections and response to Interrogatory No. 17 as if set forth herein.

**INTERROGATORY NO. 19:** Identify the time, location, individuals involved and documents relating to Your reporting of AWP, WAC, Direct Price, or List Price to the Price Publications for the Pharmaceuticals listed in the Complaint.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 12. As a result, Abbott incorporates its Objections and Response to Interrogatory No. 12 as if set forth herein.

**INTERROGATORY NO. 20:** Identify all meetings (including locations, dates and times), discussions (including locations, dates and times), individuals involved, and documents relating to Abbott's decision to report or submit lower AWPs, WACs, Direct Prices, and/or List Prices for any of Your Pharmaceuticals to the Price Publications beginning in 2001.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to this Interrogatory because it incorrectly assumes that Abbott reported or submitted an AWP for any of the Subject Drugs during the Relevant Claim Period. Abbott further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Abbott states that it has produced or will produce responsive, non-privileged documents relating to the Subject Drugs for the Relevant Claim Period.

Dated: January 5, 2007

Respectfully submitted,

ABBOTT LABORATORIES, INC.

By: *[signature]*

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

## VERIFICATION

My name is Michael Sellers. I am currently employed by Hospira, Inc. as Vice President of Contract Compliance and Integration. I am authorized by Defendant Abbott Laboratories, Inc. ("Abbott") to verify the responses to the United States' First Set of Interrogatories. Abbott's responses were prepared from Abbott's records, files and information kept by the company in the regular and ordinary course of its business, with the assistance of persons regularly in the employ of or retained by Abbott. The persons in the employ of or retained by Abbott charged with responsibility for supervising the gathering of the information contained in these responses have reported to me that, subject to inadvertent or undiscovered errors, these responses are true and correct, being based on and necessarily limited by the records, files and information still in existence, presently recollected and thus far discovered. Subject to these limitations, I state that these responses are true and correct to the best of my knowledge, information and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

[signature]

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF LAKE     )

SUBSCRIBED and SWORN to before me, a Notary Public, this 4th day of January, 2007.

05-25-2009
My Commission Expires

[signature] Nancy A. Esp
Notary Public for the State of Illinois

"OFFICIAL SEAL"
NANCY A. ESP
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5/25/2009

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' FIRST SET OF INTERROGATORIES** was served upon:

Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

*Carol P. Geisler*

CHI-1564637