| STATE OF WISCONSIN | CIRCUIT COURT<br>Branch 7 | DANE COUNTY |
|---|---|---|

| | | |
|---|---|---|
| STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 04 CV 1709 |
| | ) | |
| v. | ) | |
| | ) | |
| AMGEN INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION CONCERNING THE USE OF DOCUMENTS AND DATA PRODUCED BY SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE, TO THE STATE OF WISCONSIN FOR USE IN THE ALABAMA, ALASKA, HAWAII, ILLINOIS, KENTUCKY, MISSISSIPPI AND WISCONSIN PHARMACEUTICAL PRICING ACTIONS**

This Stipulation is made between Plaintiff, the State of Wisconsin, as well as the States of Alabama, Alaska, Hawaii, Kentucky, Illinois and Mississippi, and Defendant, SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), as follows:

WHEREAS, this action commenced by the State of Wisconsin (the "Wisconsin Pharmaceutical Pricing Action") concerns the manner in which GSK is alleged to have reported prices (such as "AWPs" and "WACs") for certain of its pharmaceutical drugs and the manner in which those drugs were reimbursed or paid for by the State of Wisconsin and Wisconsin consumers;

WHEREAS, in proceedings pending in the Circuit Court of Montgomery County, Alabama entitled *State of Alabama v. Abbott Laboratories, Inc., et al.*, Civil Action No. 2005-219 (the "Alabama Pharmaceutical Pricing Action"), the Superior Court for the State of Alaska, Third Judicial District at Anchorage entitled *State of Alaska v. Alpharma Branded Products Division Inc.*, Civil Action No. 3AN-06-12026-CI (the "Alaska

Pharmaceutical Pricing Action"), the Circuit Court of the First Circuit of the State of Hawaii entitled *State of Hawaii v. Abbott Laboratories, Inc.*, Civil Action No. 06-1-0720-04-EEH (the "Hawaii Pharmaceutical Pricing Action"), and the Commonwealth of Kentucky, Franklin Circuit Court, Div. 1 entitled *Commonwealth of Kentucky ex. rel. Gregory D. Stumbo, Attorney General, v. Alpharma, Inc., et al.*, Civil Action No. 04-CI-1487 (the "Kentucky Pharmaceutical Pricing Action"), and in proceedings originally filed in the Chancery Court of Hinds County, Mississippi, First Judicial Circuit, entitled *State of Mississippi v. Abbott Laboratories, et. al.*, Civil Action No. G2005-2021 (which have been removed under the same name to the United States District Court for the Southern District of Mississippi, Jackson Division, Case No. 3:06CV566HTW-LRA and transferred to the United States District Court for the District of Massachusetts for consolidated treatment under MDL No. 1456, with remand motion pending) (the "Mississippi Pharmaceutical Pricing Action") and in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled *People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, Case No. 05 CH 2474 (which have been removed under the same name to the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 06-5528 (JWD), and transferred to the United States District Court for the District of Massachusetts for consolidated treatment under MDL No. 1456, remand motion pending) (the "Illinois Pharmaceutical Pricing Action"), additional states have asserted similar claims concerning the manner in which GSK is alleged to have reported prices for its pharmaceutical drugs and the manner in which those drugs were reimbursed or paid for;

WHEREAS, in the Wisconsin Pharmaceutical Pricing Action, a Protective Order was entered by the Court on May 11, 2005 and was subsequently entered on November 29, 2005 as the governing Protective Order concerning the parties' designation and treatment of "Confidential" and "Highly Confidential" documents;

WHEREAS, Protective Orders concerning the parties' designation and treatment of "Confidential" and "Highly Confidential" documents have also been entered to date in the Alabama Pharmaceutical Pricing Action, the Illinois Pharmaceutical Pricing Action and the Kentucky Pharmaceutical Pricing Action;

WHEREAS, in the Wisconsin Pharmaceutical Pricing Action, GSK produced, on April 13, 2007, a "core" set of documents and data that were Bates labeled starting at GSK-AG-0000001, concerning the claims and defenses in the Wisconsin Pharmaceutical Pricing Action (the "GSK Core Documents"), which documents and data include all documents and data produced to date in any of the above-referenced Pharmaceutical Pricing Actions, plus additional documents and data produced to date only in the Wisconsin Pharmaceutical Pricing Action;

NOW, THEREFORE, it is hereby stipulated, by and between the parties, through their respective counsel, as follows:

1.  All GSK Core Documents produced to date by GSK in the Wisconsin Pharmaceutical Pricing Action shall be deemed as though produced by GSK not only in the Wisconsin Pharmaceutical Pricing Action but also in the Alabama Pharmaceutical Pricing Action, the Alaska Pharmaceutical Pricing Action, the Hawaii Pharmaceutical Pricing Action, the Illinois Pharmaceutical Pricing Action, the Kentucky Pharmaceutical Pricing Action and the Mississippi Pharmaceutical Pricing Action.

2. All GSK Core Documents produced to date by GSK in the Wisconsin Pharmaceutical Pricing Action may be used not only in the Wisconsin Pharmaceutical Pricing Action but also in the Alabama Pharmaceutical Pricing Action, the Alaska Pharmaceutical Pricing Action, the Hawaii Pharmaceutical Pricing Action, the Illinois Pharmaceutical Pricing Action, the Kentucky Pharmaceutical Pricing Action and the Mississippi Pharmaceutical Pricing Action as if produced in those actions;

3. For the parties' convenience, GSK will produce, to the states of Alabama, Alaska, Hawaii, Illinois, Kentucky and Mississippi, the same set of GSK Core Documents produced in the Wisconsin Pharmaceutical Pricing Action, by sending a complete set of the GSK Core Documents to the attorney signing below for each such state.

4. Documents and data included in the GSK Core Documents which have been designated as "Confidential" or "Highly Confidential" shall be governed by the terms and conditions of the Protective Orders already entered in each respective Pharmaceutical Pricing Action. That is, the Protective Order in place in the Wisconsin Pharmaceutical Pricing Action shall govern the treatment of GSK documents in that action; the Protective Order in place in the Alabama Pharmaceutical Pricing Action shall govern the treatment of GSK documents in that action; the Protective Order in place in the Illinois Pharmaceutical Pricing Action shall govern the treatment of GSK documents in that action; and the Protective Order in place in the Kentucky Pharmaceutical Pricing Action shall govern the treatment of GSK documents in that action. With respect to the Pharmaceutical Pricing Actions filed by Mississippi, Hawaii and Alaska, which to date do not have court-ordered Protective Orders governing confidential documents produced

in those states, the attorneys signing this Stipulation for those states (Mssrs. Archibald, and Carter) agree that, unless and until such Protective Orders are entered in those states, they will not disclose any documents and data included in the GSK Core Documents which have been designated as "Confidential" or "Highly Confidential" to persons who are not already bound by such a Protective Order, EXCEPT that they may disclose such "Confidential" or "Highly Confidential" GSK documents to persons whom they determine to be (a) an Attorney General, Deputy or Assistant Attorney General, private counsel retained by the Attorney General or the directly supervised staff of such persons and who are working in that capacity on the above-referenced Pharmaceutical Pricing Action in either Alaska, Hawaii or Mississippi, and (b) who have signed and returned the Certification and Agreement attached as Exhibit A, under which those persons agree that, absent a court order or future agreement in writing, (i) they will maintain as strictly confidential any document or data produced by and designated by GSK as "Confidential" or "Highly Confidential," (ii) they will not further disclose any such document or data to any person who has not signed the Certification and Agreement attached as Exhibit A; (iii) they will use the documents and data only for purposes of the Pharmaceutical Pricing Action described in this Stipulation, and (iv) GSK may, if necessary, enforce their agreement in the Court in which the signatory's Pharmaceutical Pricing Action is pending. The parties agree that if and when a Protective Order governing confidentiality is entered in the Alaska, Hawaii and/or Mississippi action(s), the Protective Order entered in each such case will supersede the interim agreements set forth in this Paragraph and in Exhibit A and will thereafter govern the treatment of GSK's "Confidential" and "Highly Confidential" documents in the action in which it is entered.

5

5. Each document and piece of data included in the GSK Core Documents which has been designated as "Confidential" or "Highly Confidential" shall remain so, under the terms of the applicable Protective Order and the provisions of paragraph 4 of this Stipulation and Exhibit A hereto, unless it is determined by agreement or by a Court Order from the governing Court that the document was improperly designated as "Confidential" or "Highly Confidential" or that it shall not otherwise be treated as such.

6. The parties make this stipulation without waiver of any of the terms of the Protective Orders already in place in the Wisconsin Pharmaceutical Pricing Action, the Alabama Pharmaceutical Pricing Action, the Illinois Pharmaceutical Pricing Action or the Kentucky Pharmaceutical Pricing Action, or the terms of the Protective Orders to be entered in the Alaska Pharmaceutical Pricing Action, the Hawaii Pharmaceutical Pricing Action and the Mississippi Pharmaceutical Pricing Action. The parties understand and agree that this Stipulation governs only the GSK Core Documents produced to date, and that future document productions by GSK may be subject to (a) a future stipulation that provides for the production of such additional documents to multiple states, (b) future requests that such additional GSK documents be shared between certain states (which will be litigated or resolved under the terms of the governing Protective Orders), or (c) to other litigation or agreements.

7. The states that have entered into this stipulation agree to participate in the corporate depositions of GSK witnesses that have been noticed in the Alabama Pharmaceutical Pricing Action for May 8, 2007 and May 9, 2007 in Philadelphia, as if those depositions were cross-noticed in each of their respective actions.

8.  The states that have entered into this stipulation and GSK agree that neither this stipulation, nor GSK's production of documents to a state as described above, nor a state's participation in the corporate depositions of GSK as described above: (a) constitutes a waiver of any position that a state has taken with regard to that state's discovery obligations vis-à-vis discovery served by GSK or any other defendant in such state's pharmaceutical pricing litigation, or (b) may be used by GSK or any other defendant in such state's pharmaceutical pricing litigation to challenge any position such state has taken with regard to its discovery obligations vis-à-vis discovery served by GSK or any other defendant in such litigation.

9.  The parties make this stipulation without waiver or any objection to admissibility at trial of the documents covered by this stipulation based on authenticity, relevance, reliability, or any other grounds.

STATE OF WISCONSIN

FRANK REMINGTON
ASSISTANT ATTORNEY GENERAL

By: *P. Jeffrey Archibald*
Date: *April 13, 2007*
P. Jeffrey Archibald
Archibald Consumer Law Office
1914 Monroe Street
Madison, WI 53711

(608) 661-8855
(608) 661-0067 (facsimile)


STATE OF ALABAMA

TROY KING
ATTORNEY GENERAL

By: *[signature]*

7

Date: 4/13/07

Caine O'Rear III, Esquire
Hand Arendall L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
(251) 694-6308
(251) 694-6375 (facsimile)

By: _____
Date: 4/13/07

Clinton C. Carter, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)


STATE OF ALASKA

TALIS J. COLBERG
ATTORNEY GENERAL

By: _____
Date: April 13, 2007

P. Jeffrey Archibald
Archibald Consumer Law Office
1914 Monroe Street
Madison, WI 53711
(608) 661-8855
(608) 661-0067 (facsimile)

STATE OF HAWAII

MARK J. BENNETT
ATTORNEY GENERAL

By: _____
Date: April 13, 2007

P. Jeffrey Archibald
Archibald Consumer Law Office
1914 Monroe Street
Madison, WI 53711
(608) 661-8855
(608) 661-0067 (facsimile)

8

COMMONWEALTH OF KENTUCKY

GREGORY D. STUMBO
ATTORNEY GENERAL

By: *P. Jeffrey Archibald*
Date: *April 13, 2007*
P. Jeffrey Archibald
Archibald Consumer Law Office
1914 Monroe Street
Madison, WI 53711
(608) 661-8855
(608) 661-0067 (facsimile)


STATE OF ILLINOIS

LISA MADIGAN
ATTORNEY GENERAL

By: *P. Jeffrey Archibald*
Date: *April 13, 2007*
P. Jeffrey Archibald
Archibald Consumer Law Office
1914 Monroe Street
Madison, WI 53711
(608) 661-8855
(608) 661-0067 (facsimile)


STATE OF MISSISSIPPI

JIM HOOD
ATTORNEY GENERAL

By: *[signature]*
Date: *4/13/07*
Clinton C. Carter, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE
By: *[signature]*
Date: April 13, 2007
Frederick G. Herold, Esq.
Dechert, LLP
1117 S California Ave.
Palo Alto, CA 94304
(650) 813-4800
(650) 813-4848 (facsimile)

Exhibit A

CERTIFICATION AND AGREEMENT

I hereby certify that (a) I have read the attached Stipulation Concerning the Use of Documents and Data Produced by SmithKline Beecham Corporation, d/b/a GlaxoSmithKline to the State of Wisconsin for Use in the States of Alabama, Alaska, Hawaii, Illinois, Kentucky, Mississippi and Wisconsin and (b) that I am an Attorney General, Deputy or Assistant Attorney General, private counsel retained by the Attorney General or the directly supervised staff of such persons and am working in that capacity on the Pharmaceutical Pricing Action in either Alaska, Hawaii or Mississippi. I hereby agree that, absent a court order or future agreement in writing, (i) I will maintain as strictly confidential any document or data produced by and designated by GSK as "Confidential" or "Highly Confidential," (ii) I will not further disclose any such document or data to any person who has not signed this Certification and Agreement; (iii) I will use the documents and data only for purposes of the Pharmaceutical Pricing Actions described in the Stipulation, and (iv) GSK may, if necessary, enforce this agreement in the Court in which the Pharmaceutical Pricing Action on which I am working is pending.

Dated: _____, 2007

_____
[Signature]

_____
[Print Name]

_____
[Employer]


_____

_____
[Address]