# **Exhibit A**

to

Notice of Stipulation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| City of New York et al. v. Abbott Laboratories, et al. Civ. Action No. 04-CV-06054 (And Those Actions Filed By Certain Counties In the State of New York Consolidated Therewith) | ) ) ) ) ) ) |
| County of Nassau v. Abbott Laboratories, et al. Civ. Action No. 05-CV-10179 | ) ) ) |

MDL NO. 1456
CIVIL ACTION
NO. 01-12257-PBS

**STIPULATION CONCERNING THE USE OF DOCUMENTS AND DATA PRODUCED BY SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE, TO STATE ATTORNEYS GENERAL FOR USE IN ACTIONS FILED BY CERTAIN COUNTIES IN THE STATE OF NEW YORK**

This Stipulation is made between Plaintiffs, the City of New York, those counties in the State of New York whose actions have been consolidated with the action for the City of New York under the Consolidated Complaints filed in the above-entitled MDL proceeding (the "Consolidated New York Counties"), the County of Nassau, and Defendant, SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), as follows:

WHEREAS, lawsuits have been commenced against GSK (and others) by certain state Attorneys General concerning the manner in which defendants are alleged to have reported prices (such as "AWPs" and "WACs") for certain of its pharmaceutical drugs

and the manner in which those drugs were reimbursed or paid for by the states, including

the following actions filed by Alabama, Alaska, Hawaii, Kentucky, Mississippi, Illinois

and Wisconsin which are currently pending against GSK (collectively the "State

Pharmaceutical Pricing Actions"): *State of Alabama v. Abbott Laboratories, Inc., et al.*,

Civil Action No. 2005-219; *State of Alaska v. Alpharma Branded Products Division Inc.*,

*et. al.*, Civil Action No. 3AN-06-12026-CI; *State of Hawaii v. Abbott Laboratories, Inc.*,

*et al.;* Civil Action No. 06-1-0720-04-EEH; *People of the State of Illinois v. Abbott*

*Laboratories, Inc., et al.*, Case No. 05 CH 2474 (which has been removed under the same

name to the United States District Court for the Northern District of Illinois, Eastern

Division, Case No. 06-5528 (JWD), and transferred to the United States District Court for

the District of Massachusetts for consolidated treatment under above-entitled MDL No.

1456, remand motion pending); *Commonwealth of Kentucky ex. rel. Gregory D. Stumbo,*

*Attorney General, v. Alpharma, Inc., et al.*, Civil Action No. 04-CI-1487; *State of*

*Mississippi v. Abbott Laboratories, et. al.*, Civil Action No. G2005-2021 (which has been

removed under the same name to the United States District Court for the Southern

District of Mississippi, Jackson Division, Case No. 3:06CV566HTW-LRA and

transferred to the United States District Court for the District of Massachusetts for

consolidated treatment under the above-entitled MDL No. 1456, with remand motion

pending); and *State of Wisconsin v. Amgen, Inc., et al.*, Case No. 04 CV 1709;

      WHEREAS, on April 13, 2007, in response to various discovery requests in the

State Pharmaceutical Pricing Actions and to facilitate the states' preparation for

upcoming depositions of GSK witnesses, GSK produced, in each of the State

Pharmaceutical Pricing Actions, a "core" set of documents and data that were Bates

labeled starting at GSK-AG-0000001, concerning the claims and defenses in the State Pharmaceutical Pricing Actions (the "GSK Core Documents");

WHEREAS, certain counties in the State of New York have commenced the following proceedings in which they have asserted similar claims as those asserted in the State Pharmaceutical Pricing Actions: *City of New York v. Abbott Laboratories, Inc., et al.*, Civ. Action No. 04-CV-06054, as well as those actions filed by the Consolidated New York Counties (together, the "Consolidated New York County Pharmaceutical Pricing Actions"), and *County of Nassau v. Abbott Laboratories, Inc., et al.*, Civ. Action No. 05-CV-10179 (the "Nassau County Pharmaceutical Pricing Action"); and,

WHEREAS, on December 13, 2002, a Protective Order was entered in the above-entitled MDL 1456 concerning the parties' designation and treatment of "Confidential" and "Highly Confidential" documents ("the MDL Protective Order," attached hereto as Exhibit A);

NOW, THEREFORE, it is hereby stipulated, by and between the parties, through their respective counsel, as follows:

1.    All GSK Core Documents produced to date by GSK in the State Pharmaceutical Pricing Actions shall be deemed as though produced by GSK not only in the State Pharmaceutical Pricing Actions but also in the Consolidated New York County Pharmaceutical Pricing Actions and the Nassau County Pharmaceutical Pricing Action.

2.    All GSK Core Documents produced to date by GSK in the State Pharmaceutical Pricing Actions may be used not only in the State Pharmaceutical Pricing Actions but also in the Consolidated New York County Pharmaceutical Pricing Actions and the Nassau County Pharmaceutical Pricing Action as if produced in those actions.

3.     For the parties' convenience, promptly after the execution by all parties of this Stipulation GSK will produce to counsel for the City of New York and the Consolidated New York Counties and counsel for the County of Nassau the same set of GSK Core Documents produced in the State Pharmaceutical Pricing Actions, by sending a complete set of the GSK Core Documents to the attorney signing below for each such county.

4.     Documents and data included in the GSK Core Documents which have been designated as "Confidential" or "Highly Confidential" shall be governed by the terms and conditions of the attached MDL Protective Order.

5.     Each document and piece of data included in the GSK Core Documents which has been designated as "Confidential" or "Highly Confidential" shall remain so, under the terms of MDL Protective Order, unless it is determined by agreement or by a Court Order from the governing Court that the document was improperly designated as "Confidential" or "Highly Confidential" or that it shall not otherwise be treated as such.

6.     The City of New York and the New York counties that have entered into this stipulation agree to participate in the corporate depositions of GSK witnesses that have been noticed in the action currently pending in Alabama Pharmaceutical Pricing Action for May 8, 2007 and May 9, 2007 in Philadelphia, as if those depositions were cross-noticed in each of their respective actions.

7.     The parties agree that, to the extent necessary to carry out the agreements in this Stipulation (and only to that extent), any stays of litigation currently in effect in any of the City of New York or New York County cases will be modified by this Stipulation.

4

8.　　・The parties make this stipulation without waiver or any objection to admissibility at trial of the documents covered by this stipulation based on authenticity, relevance, reliability, or any other grounds.

CITY OF NEW YORK AND CONSOLIDATED NEW YORK COUNTIES

By: _____
Date: ___4|18|07___
Joanne Cicala
Kirby McInerny & Squire, LLP
830 Third Ave.
New York, NY 10022
(212) 371-6600
(212) 751-2540 (facsimile)


COUNTY OF NASSAU

By: _____
Date: ___4/15/2007___
Ross B. Brooks, Esq.
Millberg, Weiss & Bershad, LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10119
(212) 946-9465
(212) 273-4352 (facsimile)


SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE

By: _____
Date: ___4/18/07___
Frederick G. Herold, Esq.
Dechert, LLP
1117 S California Ave.
Palo Alto, CA 94304
(650) 813-4800
(650) 813-4848 (facsimile)

5

# __Exhibit A__

to

Stipulation



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF:     Case: 1:01-cv-12257

                      -----------------------------
                      Judge Patti B. Saris - pre




     Citizens for Consume - plaintiff

     v.

     Abbott Laboratories, - defendant
-----------------------------------------------------------
                 NOTICE OF ACTION BY THE COURT

     Notice To:

          Edward Notargiacomo,Esq.
          Hagens Berman
          225 Franklin St.
          26th FLoor
          Boston, MA   02110



**     The following ruling was made on 12/13/02 and entered on the docket:



     Judge Patti B. Saris. Endorsed Order entered granting
     [275-1] joint motion for protective order. Allowed, subject
     to the courts modification. cc/cl [EOD Date 12/16/02]



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

1.      This Protective Order shall apply to the actions that have been consolidated for pretrial proceedings as *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS and all future actions that are transferred to MDL No. 1456 for coordinated or consolidated pretrial proceedings (collectively referred to herein as "the AWP Litigation").

2.      The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

3.      The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure.





4.   Information designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a)   a named "Individual Patient Plaintiff" (*e.g.*, persons identified in Paragraphs 13 through 21 of the September 6, 2002, Master Consolidated Class Action Complaint in the AWP Litigation ("Complaint")) who have executed a Certification attached hereto as Exhibit A;

(b)   in-house counsel of a named party or, for a "Third-Party Payor" or "Non-Profit Association," as those terms are used in the Complaint, that does not have in-house counsel, one officer or employee of that party who is responsible for the AWP Litigation for that party and who has executed a Certification attached hereto as Exhibit A;

(c)   outside counsel representing a named party in the AWP Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)   court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)   an expert or consultant who (i) is retained by any attorney described in Paragraphs 4(b) and (c) to assist with the AWP Litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party, and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(f)   a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the AWP Litigation;

(g)   during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)   any private mediators utilized in the AWP Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(i)   the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

2



5.      The designation "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" (collectively referred to herein as "HIGHLY CONFIDENTIAL") shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.

6.      Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)     (i) in-house counsel of a named party who have executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

(b)     outside counsel representing a named party in the AWP Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)     an expert or consultant who (i) is retained by any attorney described in Paragraphs 6(a) and (b) to assist with of the AWP Litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party; and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(e)     a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the AWP Litigation;

3



(f)     during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)     any private mediators utilized in the AWP Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(h)     the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

7.     This Order does not apply to any information or documents:

(a)     already in the possession of a receiving party and not subject to any obligation of confidentiality; and

(b)     acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

8.     All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the AWP Litigation shall be used or disclosed solely for the purpose of the AWP Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding ,or for any other purpose, except by Court Order or otherwise required by law.

9.     Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested

4



information without consent of the producing party or until ordered by a court of competent jurisdiction.

10.     Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms.  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order.  The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.  The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief.  Counsel agrees to maintain a file of all Certifications (Exhibits A and B) required by this Order.

11.     The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

12.     "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices and procedures.



13.     In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the AWP Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

14.     The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the AWP Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(a)     a party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.

6



In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute;

15.     Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the AWP Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

16.     At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

17.     Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the AWP Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information



"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

18.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the AWP Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

19.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the AWP Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

20.     The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days.  The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

21.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall:  (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to

8



bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A or B. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

22.    A producing person or entity who is not a party in the AWP Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

23.    This Order shall survive the termination of this litigation and the transferred actions and shall continue in full force and effect thereafter.

24.    After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the AWP Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or

9



any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

25.     Pursuant to Local Rule 7.2, within thirty (30) days after final termination of the AWP Litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information that it filed with the Court during the AWP Litigation and return or dispose of such information in accordance with Paragraph 24.

26.     If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information.   Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

27.     Provided a party has followed the procedures set forth herein, the Court deems that the party has complied with the requirements of Local Rule 7.2, Impounded and Confidential Materials.



28.     Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

29.     It is further ordered that all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for the party seeking protection certifies and explains why the material is confidential.  To the extent that a brief or other document contains some confidential information, it shall be redacted in a public version.

Dated: __12|13__ , 2002

Patti B. Saris
United States District Judge

11



## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 2002 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____        _____

                                         _____
                                         [Print Name]

                                         _____
                                         [Company]

                                         [Address]

12



## IN-HOUSE COUNSEL CERTIFICATION – EXHIBIT B

I hereby certify that I have read the attached Protective Order in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 2002 (the "Order"), and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order.  I will use "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose.  I will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.

I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of outside counsel or other location designated by outside counsel.  I will not remove such information from outside counsel's office or other location designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL" information at the offices at which I work.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel.  Although I may attend meetings where others discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed under the Order.  Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about, pricing, marketing or advertising strategies, product research and development, product design or



competitive structuring and compositions of bids, offers, or proposals, with respect to which the use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage.

I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their position(s) and responsibilities.

I further agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.

Dated: _____    _____

_____

[Print Name]

_____

[Company]

_____

[Address]

14



## CERTIFICATE OF SERVICE

I certify that on December 13, 2002, I caused a true and correct copy of the foregoing JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER and proposed PROTECTIVE ORDER to be served on all counsel of record by electronic service in accordance with Case Management Order No. 2.

Juliet S. Sorensen

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiff on this motion, and that counsel for plaintiff joined in the motion.

Juliet S. Sorensen

1545322 v1; X4DM01!.DOC