# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21303-CIV-GOLD

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u> <br><br>     VEN-A-CARE OF THE <br>     FLORIDA KEYS, INC. <br>     a Florida Corporation, <br>     by and through its principal <br>     officers and directors, <br>     ZACHARY T. BENTLEY and <br>     T. MARK JONES, <br>                                    Plaintiff, <br> vs. <br><br>     ABBOTT LABORATORIES; <br>     <u>et al.</u>, <br>                                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**UNITED STATES' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS ABBOTT AND HOSPIRA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, the United States of America, requests that the Defendants (hereafter collectively "Abbott" or "Defendants") produce for inspection and copying each document listed below that is within any Defendants' possession, custody or control. The United States requests that Defendants serve any objections to these requests and make the documents specified below available for inspection and copying at the Department of Justice within 30 days.

I. INSTRUCTIONS

A.     Information and Documents sought by these requests shall include information and Documents within any Defendants' possession, custody or control, or within the possession, custody or control of any Defendants' agents, officers, employees, attorneys or investigators, or

1

        Laboratories Inc., et al., Cause No. GV401286, District Court, Travis County, TX ;

   i.    State of Wisconsin v. Abbott Laboratories Inc., et al., Case No. 04 CV 1709 Unclassified- Civil: 30703, Circuit Court of Dane County, WI

   j.    City of New York v. Abbott Laboratories Inc., et al.. Case No. 04-CV-06504, S.D.N.Y.;

   k.    Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al., No. 21 2 MD 2004, Commonwealth Court of Pennsylvania; and,

   l.    In re Pharmaceutical Industry Average Wholesale Price Litigation (MDL 1456) Civil Action No. 01-CV-12257 PBS, D. Mass, including actions transferred to MDL 1456.

3. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative of the existence of a Spread on any of Your pharmaceutical products.

4. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative about the nature of Your role in the creation or existence of the Spread.

5. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or increased, or caused the raising or increase, of reported prices (including but not limited to AWP, WAC or DP) on Your products in order to cause an increase in the reimbursement for those products by third party payors (including but not limited to Medicare, Medicaid or any insurance company).

6. All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or

increased prices on Your products in order to help You sell more of those products by making those products more profitable to Your customers.

7.   All documents which mention, evidence or reflect any disclosure by You to any Medicare, Medicaid or insurance company employee or representative that You raised or increased prices on Your products in order to help You sell more of those products by making those products more profitable to Your customers and that Your market share increased as a result.

8.   All documents which mention, evidence or reflect any disclosure by You of Your accurate transaction prices or the scope and size of the spread on any of Your products to any Medicare, Medicaid or insurance company employee or representative.

9.   All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products.

10.   All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning, intent or goal of any provision or term of any regulation, statute, or policy regarding the Medicaid pharmaceutical rebate program.

11.   All documents which mention, evidence or reflect any request for clarification or guidance from You to any Medicare, Medicaid, insurance company employee or representative or Publisher regarding the meaning of AWP, WAC, Direct Price, Best Price, Estimated Acquisition Cost, or any other term of any regulation, statute, or policy regarding the setting of reimbursement for pharmaceutical products.