## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | CIVIL ACTION NO. 01-CV-12257-PBS |
| | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: CLASS 1 JURY TRIAL (ASTRAZENECA) | |

### DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN ASTRAZENECA TRIAL WITNESSES

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum of law in opposition to Plaintiffs' untimely motion in limine to strike AstraZeneca trial witnesses Christine McHenry and Richard Fante.[1]  Plaintiffs argue that Ms. McHenry and Mr. Fante should be stricken because AstraZeneca did not search their files during the course of discovery and, therefore, permitting their trial testimony would be unfairly prejudicial to Plaintiffs.  Plaintiffs' arguments are baseless.

First of all, the scope of discovery in this case was the result of extensive negotiations between the parties during a discovery period that closed more than a year ago.  Whether or not the files of any particular witness fell within the negotiated scope of discovery has no bearing on whether AstraZeneca is permitted to call them as witnesses at trial.  The relevant inquiry is whether AstraZeneca has complied with all pre-trial disclosure obligations in accordance with the orders of this Court and the Federal Rules of Civil Procedure.  Plaintiffs concede, as they

---

[1]  Plaintiffs also moved to strike Barrington Furr.  During the April 11 pre-trial conference, the Court ruled that Dr. Furr's clinical efficacy related testimony would be allowed. (See Transcript of Pretrial Conference (April 11, 2007) at 48:22-23.)

must, that AstraZeneca has complied with all such pre-trial disclosure obligations.  Each of the documents AstraZeneca may seek to introduce at trial has been disclosed in accordance with the Court's pre-trial orders.  Indeed, any documents or data that could be introduced through these witnesses were not only timely disclosed on AstraZeneca's exhibit list, but were all produced to Plaintiffs during discovery.

Second, Plaintiffs' suggestion that these witnesses should be stricken because AstraZeneca "hid" these witnesses until the "eve of trial" must fail.  This is nonsense.[2]  In accordance with this Court's Amended Pre-Trial Order, AstraZeneca filed its witness list on March 16, 2007 – more than 30 days before the original trial date, as required by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(a)(3); see also Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 49 (1st Cir. 1998) (concluding that District Court did not err by permitting witness who had not been identified during discovery to testify at trial because "Federal Rule of Civil Procedure 26(a)(3) does not require disclosure of a prospective witness' identity during the discovery period.")

Moreover, Plaintiffs' claim of concealment as to these witnesses, even were that a relevant consideration, is silly. Christine McHenry was listed as a witness on AstraZeneca's witness list for the Class 2 and Class 3 trial, filed on October 10, 2006.  Although she did not testify at the trial, AstraZeneca filed and served her direct testimony by affidavit on November 10, 2006.  In addition, Plaintiffs concede that Richard Fante's name appeared on documents produced by AstraZeneca during discovery.

---

[2] The absurdity of this argument suggests that Plaintiffs' motion is nothing more than a smokescreen to deflect attention from Plaintiffs' efforts to introduce at trial documents and deposition testimony from TAP, notwithstanding the fact that Plaintiffs still have not produced those materials to AstraZeneca as the Court directed on April 11.

In sum, Plaintiffs cannot credibly claim that they will be harmed by any unfair surprise if these witnesses testify. Rather, AstraZeneca would be prejudiced if its ability to present its defense at trial is limited by the exclusion of its witnesses. Therefore, Plaintiffs' motion to strike the testimony of certain AstraZeneca witnesses must be denied.

Dated:  Boston, Massachusetts
April 23, 2007

Respectfully Submitted,

By:  /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO # 557858)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel:  (617) 832-1000

D. Scott Wise
Michael S. Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York  10017
Tel:  (212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on April 23, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                     /s/ Katherine B. Schmeckpeper
                                        Katherine B. Schmeckpeper