# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 95-1354-CIV-GOLD/TURNOFF

UNITED STATES OF AMERICA, *ex rel.*

VEN-A-CARE OF THE
FLORIDA KEYS, INC.,

        Plaintiffs,

v.

ABBOTT LABORATORIES, INC., et. al.

        Defendants.

_____/

## ORDER FOLLOWING APRIL 12, 2007 HEARING; DISMISSING ABBOTT'S MOTION TO UNSEAL WITHOUT PREJUDICE [DE # 201]; AND TRANSFERRING ABBOTT'S MOTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

THIS CAUSE came on before the Court following the April 12, 2007 hearing upon Abbott Laboratories, Inc.'s ("Abbott") "Motion for Partial Unsealing of the Record to Allow Abbott Access to Documents Filed Under Seal" **[DE # 201].** On April 20, 2007, I held a telephonic hearing to inform the parties of the conference call that I conducted with Judge Patti B. Saris of the United States District Court for the District of Massachusetts.

On May 16, 2006, all proceedings against Abbott were severed from this action and a new case was opened, *United States v. Abbott Laboratories, Inc.*, 06-21303-CIV-GOLD. On July 11, 2006, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order and transferred the severed Abbott proceedings to the United States District Court for the District of Massachusetts. Therefore, I issued an Order closing 06-21303-CIV-GOLD.

After the United States intervened, the United States allegedly served Abbott with a copy of the Complaint and all pleadings related to it. In the current Motion filed by Abbott, Abbott now

seeks the disclosure of all of the documents filed prior to the unsealing of the Abbott portion of the case in 95-1354-CIV-GOLD/TURNOFF. Prior to filing the current Motion in this Court, Abbott previously filed a Motion to gain access to these documents in United States District Court for the District of Massachusetts. Abbott's Motion was dismissed without prejudice by that Court because the pleadings and documents Abbott sought were under the custody and control of this Court.

At the hearing held on April 12, 2007, I stated that my primary concern was not to make a decision on Abbott's current Motion in a vacuum, but rather how a decision regarding unsealing the documents in 95-1354-CIV-GOLD/TURNOFF would facilitate or hinder other decisions to be made by the presiding judge in the pending case in the United States District Court for the District of Massachusetts. As I stated at the hearing, I felt that a conference call with Judge Patti B. Saris of the District of Massachusetts might be helpful in resolving this matter.

After the April 12, 2007 hearing, I held a conference call with Judge Saris. During the conference call, Judge Saris agreed that Abbott's pending Motion to unseal documents was best resolved by her Court. I stated that I would inform the parties of her agreement and that I would facilitate the transfer of this Motion along with the DVD containing the unsealed documents to her Court. In light of Judge Saris' agreement, I conclude that Abbott's Motion filed in this Court should be DISMISSED WITHOUT PREJUDICE because Abbott's Motion will be resolved by and transferred to the United States District Court for the District of Massachusetts.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Abbott's "Motion for Partial Unsealing of the Record to Allow Abbott Access to Documents Filed Under Seal" **[DE # 201]** is DISMISSED WITHOUT PREJUDICE because this Motion will be resolved by the United States District Court for the District of Massachusetts.

2.    Within 10 days of the docketing of this Order, Abbott is directed to re-file its Motion along with the Response and Reply Briefs with the Clerk of Court for the United States

2

District Court for the District of Massachusetts. In order to facilitate the transfer of this matter, I am also sending courtesy copies of all pleadings related to Abbott's Motion as well as the DVD containing the sealed documents to Judge Saris' chambers via United States mail.

3.      Within 20 days of the docketing of this Motion in the United States District Court for the District of Massachusetts, I direct the United States to provide Judge Saris with its proposed redactions to the presently sealed document in the event of unsealing of these documents by Judge Saris. Furthermore, I direct the United States to provide Judge Saris with its proposed privilege log in the event of unsealing. The United States' submissions should be presented to Judge Saris for her *in camera* review.

4.      Per its request at the hearing, United States is allowed to review any documents the Clerk of Court might have in its possession in order to insure that the DVD submitted by the United States is a full and complete representation of the sealed docket in this case.

        **DONE AND ORDERED** in Chambers at Miami, Florida, this 22 day of April, 2007.

**HON. ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished:**
**All Counsel of Record**
**Magistrate Judge William Turnoff**