# EXHIBIT 2b

Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 2 of 88

# EXHIBIT 8

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: February 6, 2006    Decided: November 16, 2006)

Docket No. 05-2951-cv

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

<u>Plaintiff-Appellee</u>,

- v.-

THE BAYLOR UNIVERSITY MEDICAL CENTER,
BRIGHAM AND WOMEN'S HOSPITAL, CEDARS-
SINAI MEDICAL CENTER, CLEVELAND CLINIC,
CRAWFORD LONG HOSPITAL OF EMORY
UNIVERSITY, DEACONESS MEDICAL CENTER,
DUKE UNIVERSITY HEALTH SYSTEM, INC.,
EMORY UNIVERSITY HOSPITAL, FLORIDA
HOSPITAL MEDICAL CENTER, FOSTER G. MCGRAW
HOSPITAL, GOOD SAMARITAN HOSPITAL AND
MEDICAL CENTER, HARPER HOSPITAL, HOSPITAL
OF THE GOOD SAMARITAN, HOSPITAL OF THE
UNIVERSITY OF PENNSYLVANIA, JEWISH
HOSPITAL OF ST. LOUIS, JOHNS HOPKINS
HOSPITAL, LAHEY CLINIC HOSPITAL, INC.,
LOMA LINDA UNIVERSITY MEDICAL CENTER,
MASSACHUSETTS GENERAL HOSPITAL, THE
METHODIST HOSPITAL, METHODIST HOSPITAL,
LUBBOCK, TEXAS, METHODIST HOSPITAL OF
INDIANA, METHODIST HOSPITAL OF MEMPHIS,
MONTEFIORE MEDICAL CENTER OF
PENNSYLVANIA, PROVIDENCE MEDICAL CENTER,
SACRED HEART MEDICAL CENTER, ST. FRANCIS
HOSPITAL, ROSLYN, ST. JOSEPH'S HOSPITAL
OF ATLANTA, ST. JOSEPH MERCY HOSPITAL,
ST. LOUIS UNIVERSITY HOSPITAL, ST. LUKE'S

MEDICAL CENTER, INC., ST. THOMAS
HOSPITAL, ST. VINCENT HOSPITAL AND HEALTH
CARE CENTER, ST. VINCENT HOSPITAL AND
MEDICAL CENTER, SENTARA NORFOLK GENERAL
HOSPITAL, SEQUOIA HOSPITAL DISTRICT,
SETON MEDICAL CENTER, STANFORD UNIVERSITY
HOSPITAL, UNIVERSITY HOSPITAL OF
CLEVELAND, WASHINGTON HOSPITAL CENTER,
WILLIAM BEAUMONT HOSPITAL, YALE-NEW HAVEN
HOSPITAL, AURORA SINAI MEDICAL CENTER
f/k/a SINAI SAMARITAN MEDICAL CENTER,

 <u>                    Defendants-Appellants</u>.

- - - - - - - - - - - - - - - - - - - -x

    Before:        JACOBS, <u>Chief Judge</u>, POOLER and GIBSON,<sup>*</sup>
                   <u>Circuit Judges</u>.

    Interlocutory appeal from a judgment of the United

States District Court for the District of Connecticut

(Goettel, <u>J.</u>), granting in part and denying in part

defendants' motions to dismiss.  We reverse in part and

remand to the district court with instructions that the

remaining claims be dismissed on the ground that they are

time-barred.


                            IRA FEINBERG, Stephen J. Immelt,
                            Therese M. Goldsmith, Hogan &

_____

        <sup>*</sup>The Honorable John R. Gibson, Circuit Judge, United
States Court of Appeals for the Eighth Circuit, sitting by
designation.

                              2

Hartson L.L.P., Baltimore, MD;
Lorane F. Hebert, Dirk C.
Phillips, Hogan & Hartson
L.L.P., Washington, DC, <u>for
Defendants-Appellants Crawford
Long Hospital of Emory
University, Emory University
Hospital, Massachusetts General
Hospital, The Brigham and
Women's Hospital, Inc., Hospital
of the University of
Pennsylvania, Presbyterian
Medical Center of the University
of Pennsylvania Health System,
The Johns Hopkins Hospital</u>.

Frederick Robinson, Caroline M.
Mew, Fulbright & Jaworski,
L.L.P., Washington, DC, <u>for
Defendant-Appellant Duke
University Health System, Inc</u>.

Gates Garrity-Rokous, Wiggin and
Dana L.L.P., New Haven, CT, <u>for
Defendant-Appellant Foster G.
McGaw Hospital</u>.

Ray M. Shepard, Leonard C.
Homer, Ober, Kaler, Grimes &
Shriver, Baltimore, MD, <u>for
Appellants-Defendants Cedars-
Sinai Medical Center, Loma Linda
University Medical Center,
Northwestern Memorial Hospital,
Yale-New Haven Hospital, St.
Francis Hospital, Roslyn, St.
Joseph's Hospital of Atlanta,
Inc., St. Joseph Mercy Hospital,
Washington Hospital Center,
Florida Hospital Medical Center</u>.

ERIC D. MILLER, Douglas N.
Letter, United States Department
of Justice, Civil Division,

3

                                    Washington, DC (Peter D.
                                    Keisler, Assistant Attorney
                                    General, Kevin J. O'Connor,
                                    United States Attorney, on the
                                    brief), for Plaintiff-Appellee.

DENNIS JACOBS, Chief Judge:

        Under the scheme established by the False Claims Act

("FCA"), 31 U.S.C. § 3729 et seq., a private citizen (a

"relator") may commence a qui tam action by filing under

seal a complaint in the government's name alleging fraud on

the government.  See id. § 3730(b).  If the government

elects to intervene and recovers a judgment, the relator

gets a percentage.  See id. § 3730(d)(1).  If the government

declines to intervene, the relator may pursue the action in

his own name (and may get a larger percentage).  See id. §

3730(d)(2).  The appellant hospitals (the "Hospitals") are

the defendants in a multi-district litigation in which the

United States Government ("Government") filed complaints-in-

intervention asserting, inter alia, claims under the FCA.

The claims accrued over the period 1986 to 1995; the relator

in this case filed his qui tam complaint in 1994; and the

Government intervened beginning in 2002.  The Hospitals take

this interlocutory appeal from a judgment of the United

States District Court for the District of Connecticut

                                    4

(Goettel, <u>J.</u>) dismissing all claims except those under the FCA.  We reverse the district court's judgment to the extent that we remand to the district court with instructions that the Government's FCA claims be dismissed as well because they are time-barred.

I

In March 1994, Kevin Cosens filed a <u>qui tam</u> complaint (the "original complaint") in the United States District Court for the Western District of Washington against 132 hospitals from thirty states; the complaint also named thirty "John Doe" defendants.  As required by the FCA, the original complaint was filed under seal and served on the Government.  <u>See</u> 31 U.S.C. § 3730(b)(2).  The original complaint alleged, <u>inter alia</u>, that the Hospitals had defrauded Medicare by seeking and obtaining reimbursement for hospital services provided to patients participating in clinical trials involving investigational cardiac devices that had not received Food and Drug Administration ("FDA") premarket approval.[1]  According to the complaint,

---

[1]The regulatory details and history at issue here are recounted in the opinion in <u>Yale-New Haven v. Leavitt</u>, 05-1224, which is being issued in tandem with this opinion.

reimbursement for such services contravened a provision in the manuals that Medicare issued to its fiscal intermediaries (the "Manual Provision").[2]  In December 1995, Cosens filed an amended complaint, also under seal.[3]  The original and amended pleadings both alleged a single omnibus cause of action; neither pleading linked individual hospitals to specific fraudulent acts or alleged that the individual hospitals had conspired or collaborated in perpetrating the fraud.

Upon receiving service of the original complaint, the Government had an initial sixty days to investigate the allegations and determine whether to intervene while the complaint remained under seal.  See 31 U.S.C. §§ 3730(b)(2), (4).  Over the next eight years, the Government made sixteen requests, on ex parte motion, see 31 U.S.C. § 3730(b)(3), to extend the sixty-day period during which the complaint remained under seal.  The Western District of Washington granted each motion.

---

[2]Fiscal intermediaries are private entities, usually insurance companies, that contract with Medicare to pay Medicare reimbursement claims, see 42 U.S.C. § 1395h.

[3]The amended complaint added two hospitals as defendants, but otherwise did not materially change the original complaint.

Beginning in 1995, a series of external events
transpired that had bearing on the course of the litigation:
(i) In May 1995, twenty-five of the hospitals filed suit in
the Central District of California, seeking to have the
Manual Provision declared invalid, see Cedars-Sinai Med.
Ctr. v. Shalala, 939 F. Supp. 1457 (C.D. Cal. 1996), aff'd
in part and remanded in part, 125 F.3d 765 (9th Cir. 1997),
appeal after remand, 177 F.3d 1126 (9th Cir. 1999) (the
"Cedars-Sinai litigation");[4] (ii) In September 1995, the
Secretary of the Department of Health and Human Services
("HHS") promulgated new regulations governing the
investigational cardiac devices at issue in Cosens's qui tam
action, see Medicare Program; Criteria and Procedures for
Extending Coverage to Certain Devices and Related Services,
60 Fed. Reg. 48417 (codified at 42 C.F.R. §§ 405 & 411);
under the new regulations, Medicare arguably covered
treatments involving those devices; (iii) In February 1996,
the United States Permanent Subcommittee on Investigations
held hearings (at which Cosens testified) to investigate
whether hospitals were defrauding Medicare by billing for
services involving non-covered devices, see Improper

---

[4]The Cedars-Sinai litigation is discussed in greater
detail in Yale-New Haven Hosp. v. Leavitt, 05-1224.

7

Medicare Billing by Hospitals Nationwide for Investigational Devices and Procedures: Hearing Before the Perm. Subcomm. On Investigations of the Comm. On Gov't Affairs, 104th Cong. 32 (1996), available at 1996 WL 713556-7135563; see also In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 325 (D. Conn. 2004). The Government's motions to extend the seal period cited these developments, as well as the need to evaluate the claims and pursue settlement discussions with the hospitals. See Cardiac Devices Qui Tam Litig., 221 F.R.D. at 325-26. During this period, the Government and Cosens sought and obtained a partial lifting of the seal, with the result that some of the hospitals received limited information about the FCA suits.

Beginning in June 1999, the Government--asserting that it was the real party in interest without formal intervention--filed ex parte motions for severance and transfer of venue as to particular hospitals, in each instance seeking transfer to the district where the hospital was located. These motions were all granted by the Western District of Washington. See id. at 326. At the same time, the Government negotiated settlements with a number of the hospitals, and voluntarily dismissed others.

8

In late 2002 to early 2003, the Government at last
filed complaints-in-intervention against the remaining
defendants (_i.e._, the Hospitals), asserting claims under the
FCA and common law.  Upon motion by the Government and
Cosens, the United States Judicial Panel on Multi-district
Litigation assigned the cases to the District of Connecticut
for coordinated or consolidated pretrial proceedings.

The Hospitals moved to dismiss the Government's claims
pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the
Government's complaints (i) failed to plead fraud with
particularity as required by Fed. R. Civ. P. 9(b), (ii)
failed to state a claim, and (iii) were untimely.  The
district court dismissed the Government's non-fraud and
common-law claims as time-barred, a ruling that the
Government has not appealed.

The district court refused, however, to dismiss the FCA
claims.  The court determined that (i) the Government's
complaints satisfied the requirements of Rule 9(b), (ii) the
Government's complaints stated claims under the FCA, and
(iii) the Government's FCA claims were timely on the ground
that the controlling date for statute-of-limitations
purposes was the date of the original _qui tam_ complaint, and

9

all claims had accrued within the applicable limitations period of that original complaint.  The district court also ruled that the claims should not be dismissed for failure to prosecute and that the decisions of the Western District of Washington granting extensions of the intervention period were entitled to respect under the law-of-the-case doctrine.

The Hospitals moved for interlocutory appeal of the district court order, arguing that (i) the Government's complaints do not allege a legally false claim under the FCA and (ii) the Government's FCA claims are time-barred.  The district court certified the order, and we granted the motion.

## II

We review <u>de novo</u> the district court's denial of a motion to dismiss under Fed. R. Civ. P. 12(b).  <u>See</u> <u>Sweet v. Sheahan</u>, 235 F.3d 80, 83 (2d Cir. 2000).  A motion to dismiss should not be granted unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  <u>Jaghory v. New York State Dep't of Educ.</u>,

131 F.3d 326, 329 (2d Cir. 1997) (internal quotation marks omitted).  We "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff."  <u>Id.</u>

A. **Timeliness of Government's Complaints-in-Intervention**

The Hospitals allege that the Government's remaining claims are time-barred.  We agree.  The FCA supplies its own statute of limitations, as follows:

> **(b)** A civil action under section 3730 may not be brought-
>
>> **(1)** more than 6 years after the date on which the violation of [the FCA] is committed, or
>> **(2)** more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b).  The earliest violations alleged in this case date from 1986, and the Government filed its

11

complaints-in-intervention in 2002-2003.[5]

We conclude that the date the Government's actions commenced (for statute of limitations purposes) was the date on which the complaints-in-intervention were filed, and that the Government's claims are therefore time-barred. The Government's complaints-in-intervention allege that the Hospitals made their last false claims in 1995. So, the six-year statute of limitations in 31 U.S.C. § 3731(b)(1) had expired for all claims by 2002, when the complaints-in-intervention were filed. Nor could the three-year tolling provision of § 3731(b)(2) save the claims: If the allegations in Cosens's original complaint sufficiently pled "facts material to the right[s] of action"--_i.e._, so that the Government should reasonably have had knowledge of such facts (a premise unchallenged by the parties)--the three-year toll under § 3731(b)(2) (even if applicable) expired in 1997.

---

[5]The Hospitals argue that some of the Government's claims are time-barred because the FCA's statute of limitations expired prior to Cosens's filing of his complaint in 1994. This argument reads the tolling provision in § 3731(b)(2) as inapplicable to claims alleged by a relator in a qui tam complaint, even if the government ultimately intervenes in the action. Because we conclude that the Government filed its complaints-in-intervention outside of the statute-of-limitations period provided for by 31 U.S.C. § 3731(b), we need not address this question.

12

All the claims therefore succumb to the statute of limitations, unless the Government's filing relates back to the filling of Cosens's complaint under Fed. R. Civ. P. 15(c)(2).  We conclude that Rule 15(c)(2) does not permit relation back to a relator's <u>qui tam</u> complaint, which is filed under seal.

### B.    Application of the Relation-Back Doctrine

The Government argues that its claims are not time-barred because they relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c)(2), which provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  <u>See also</u> 6A Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1497 (2d ed. 2006) ("[A]mendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c).").

The district court determined that the date on which the relator files the <u>qui tam</u> complaint constitutes the

13

relevant date for determining the timeliness of the
government's subsequent complaint-in-intervention if the
government's complaint-in-intervention satisfies the
requirements governing relation back under Rule 15(c)(2).
See Cardiac Devices Qui Tam Litig., 221 F.R.D. at 357 ("Rule
15(c)(2) may apply to a complaint-in-intervention filed by
the United States in a qui tam proceeding, even though it is
not technically an amended complaint by the original
party."); accord United States ex rel. Purcell v. MWI Corp.,
254 F. Supp. 2d 69, 75 (D.D.C. 2003); cf. United States ex
rel. Vosika v. Starkey Labs., No. Civ. 01-709, 2004 WL
2065127, *3 (D. Minn. Sept. 8, 2004); United States ex rel.
Costa v. Baker & Taylor, Inc., No. C-95-1825, 1998 WL
230979, at *3 (N.D. Cal. Mar. 20, 1998); United States v.
Templeton, 199 F. Supp. 179, 184 (D. Tenn. 1961).  We
disagree, and hold that--in light of the scheme created by
31 U.S.C. § 3730(b)--Rule 15(c)(2) does not allow
complaints-in-intervention filed by the government to relate
back to a relator's qui tam complaint.

Section 3730(b), which authorizes relators to pursue
actions on a qui tam basis "in the name of the Government,"
is distinctive for the secrecy that it affords the relator's

14

*qui tam* complaint.  31 U.S.C. § 3730(b)(1).[6]  The *qui tam*
complaint must be filed *in camera* and must remain under seal
for at least sixty days, *see id.* § 3730(b)(2), unless the
government decides to intervene, *see* S. Rep. No. 99-345, at

---

   [6] 31 U.S.C. § 3730(b) provides in pertinent part:

> **(b) Actions by private persons.--(1)** A person may
> bring a civil action for a violation of [the FCA]
> for the person and for the United States
> Government.  The action shall be brought in the
> name of the Government. . . .
>> **(2)** A copy of the complaint and written
>> disclosure of substantially all material
>> evidence and information the person possesses
>> shall be served on the Government pursuant to
>> Rule 4(d)(4) of the Federal Rules of Civil
>> Procedure.  The complaint shall be filed in
>> camera, shall remain under seal for at least
>> 60 days, and shall not be served on the
>> defendant until the court so orders.  The
>> Government may elect to intervene and proceed
>> with the action within 60 days after it
>> receives both the complaint and the material
>> evidence and information.
>> **(3)** The Government may, for good cause shown,
>> move the court for extensions of the time
>> during which the complaint remains under seal
>> under paragraph (2). . . .
>> **(4)** Before the expiration of the 60-day period
>> or any extensions obtained under paragraph
>> (3), the Government shall--
>>> **(A)** proceed with the action, in which
>>> case the action shall be conducted by the
>>> Government; or
>>> **(B)** notify the court that it declines to
>>> take over the action, in which case the
>>> person bringing the action shall have the
>>> right to conduct the action.

15

*24 (1986) ("Nothing in the statute . . . precludes the
Government from intervening before the sixty-day period
expires, at which time the court would unseal the complaint
and have it served upon the defendant pursuant to [Fed. R.
Civ. P. 4].").  The government may conduct discovery during
the seal period (i.e., require the production of documents,
answering of interrogatories, and giving of oral testimony).
See 31 U.S.C. § 3733.  After the sixty-day seal period
expires, the government has various options, of which three
are relevant here; the government may:

  [i] seek an extension of the seal period; such
  an extension, if granted, also extends the time
  during which the government may decide whether or
  not to intervene, see id. §§ 3730(b)(3), (4);

  [ii] "elect to intervene" and "proceed with
  the action," "in which case the action shall be
  conducted by the Government," id. §§ 3730(b)(2),
  (4)(A); or

  [iii] "notify the court that it declines to
  take over the action," in which case the relator
  has the "right to conduct the action," id. §

16

3730(b)(4)(B).[7]

If the government decides to intervene, the intervention
will almost always involve an amended complaint.  <u>See</u> 1 John
T. Boese, Civil False Claims and Qui Tam Actions § 4.05[B],
at 4-173 (3d ed. 2006).

The secrecy required by § 3730(b) is incompatible with
Rule 15(c)(2), because (as is well-settled) the touchstone
for relation back pursuant to Rule 15(c)(2) is notice, <u>i.e.</u>,
whether the original pleading gave a party "adequate notice
of the conduct, transaction, or occurrence that forms the
basis of the claim or defense,"  Wright et al., <u>supra</u>, §
1497; <u>see also</u> <u>Wilson v. Fairchild Republic Co.</u>, 143 F.3d
733, 738 (2d Cir. 1998) ("The pertinent inquiry . . . is
whether the original complaint gave the defendant fair
notice of the newly alleged claims.") <u>overruled on other</u>
<u>grounds by</u> <u>Salyton v. American Exp. Co.</u>, 460 F.3d 215 (2d
Cir. 2006); <u>Stevelman v. Alias Research Inc.</u>, 174 F.3d 79,
86 (2d Cir. 1999) ("Under [Rule] 15(c), the central inquiry
is whether adequate notice of the matters raised in the
amended pleading has been given to the opposing party within

---

[7]Even if the government notifies the court that it
declines to take over the action, it may still "intervene at
a later date upon a showing of good cause."  31 U.S.C. §
3730(c)(3).

the statute of limitations 'by the general fact situation
alleged in the original pleading.'" (quoting Rosenberg v.
Martin, 478 F.2d 520, 526 (2d Cir. 1973))).  "The rationale
of Rule 15(c) is that a party who has been notified of
litigation concerning a particular occurrence has been given
all the notice that statutes of limitations were intended to
provide." Baldwin County Welcome Ctr. v. Brown, 466 U.S.
147, 159 n.3 (1984).  By design, the seal provision of §
3730(b) deprives the defendant in an FCA suit of the notice
usually given by a complaint.[8]  Because any relation back of
subsequent filings to the original complaint is incompatible
with the core requirement of notice under Rule 15(c)(2),
continued running of the statute of limitations is
warranted.

However, Fed. R. Civ. P. 15(c)(1) provides that "[a]n
amendment of a pleading relates back to the date of the
original pleading when . . . relation back is permitted by
the law that provides the statute of limitations applicable
to the action."  There is a colorable argument that the FCA
implicitly "permit[s]" a form of relation back that

---

[8]Between 1994 and the Government's filing of its
complaints-in-intervention, some of the hospitals in this
case received partial (and largely informal) notice of the
existence and substance of Cosens's qui tam complaint.

18

dispenses with the requirement of notice.[9]  But the parties
do not argue that the FCA's statute-of-limitations
provision, 31 U.S.C. § 3731(b), creates its own relation-
back doctrine.  Of course, we have discretion to consider
this question <u>sua sponte</u>.  In light of our holding that the
seal provision of the FCA deprives the defendant of notice,
which is the touchstone of Rule 15(c)(2) relation-back, we
exercise our discretion not to do so.  Even if we were to
consider it, moreover, we would be faced with the
substantial question of whether the relator's <u>qui tam</u>
complaint, as drafted and filed, could serve as a sufficient
placeholder to achieve relation back in the <u>qui tam</u>
context.[10]

---

[9]<u>Cf., e.g.</u>, <u>United States ex rel. Downy v. Corning,
Inc.</u>, 118 F. Supp. 2d 1160, 1171 (D.N.M. 2000) ("Critical
examination of Defendants' argument [that 'whatever
limitations period applies should be calculated backward
from the date of unsealing, rather than the date Relator
filed her action'] leads to the conclusion that it is
contrary to the language, structure, and purposes of the
FCA."); <u>United States ex rel. Goodstein v. McLaren Reg'l
Med. Ctr.</u>, No. 97-cv-72992, 2001 U.S. Dist. LEXIS 2917, at
*12 (E.D. Mich. Jan. 1, 2001).

[10]The Eighth Circuit has held that a complaint that is
egregiously defective does not commence an action for
statute-of-limitations purposes.  <u>See</u> <u>Biby v. Kansas City
Life Ins. Co.</u>, 629 F.2d 1289, 1294 (8th Cir. 1980).  The
proper standard for evaluating the sufficiency of a
relator's complaint must be derived from the FCA itself, its
structure and purposes.  <u>See</u> <u>Campbell v. Redding Med. Ctr.</u>,
421 F.3d 817 (9th Cir. 2005).

*   *   *

The judgment of the district court is reversed in part, and the case is remanded to the district court with instructions to dismiss the Government's remaining claims.

---

As described in text, the FCA allows a relator to keep a claim under seal for sixty days to allow the government to determine whether or not to intervene. 31 U.S.C. § 3730(b). In the "vast majority" of cases, sixty days will be sufficient for the government to make this determination, S. Rep. No. 99-345, at *24-25 (1986); however, on "good cause" shown <u>ex parte</u>, the government may obtain extensions. 31 U.S.C. § 3730(b)(3).  No limit is set to the number or length of such extensions.  Boese, <u>supra</u>, § 4.04[B][2], at 4-165.

If grossly insufficient complaints are deemed sufficient to support relation-back for a complaint-in-intervention filed by the government, and if the government's "good cause" for delay is its need to get done what would have been done if the relator's complaint had been minimally sufficient, the FCA's statute of limitations may fail to serve its purpose.  This case illustrates that risk: The original and amended complaints joined the 132 defendant hospitals in a single complaint that alleged a single, omnibus cause of action encompassing tens of thousands of alleged FCA violations; no allegation was made that the hospitals collaborated or conspired; no particular fraudulent transactions were ascribed to any of the 132 individual hospitals; of those hospitals, just two were located in the Western District of Washington, where the complaints were filed.

Thus, even assuming <u>arguendo</u> that (pursuant to Fed. R. Civ. P. 15(c)(1)), 31 U.S.C. § 3731(b) creates its own relation-back doctrine, it is not at all clear that Cosens's <u>qui tam</u> complaint would be sufficient to commence the action for statute-of-limitations purposes.

20

Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 23 of 88

# EXHIBIT C

| No. | Bates # | Date | Author | Recipient | Pgs. | Content | Privilege |
|-----|---------|------|--------|-----------|------|---------|-----------|
| 3 | TX-ABT 00002652 - 2692 | 6/05/97 | T. Reed Stephens, DOJ | Beth Taylor, Tx MFCU | | Fax attaching SEALED Order Granting Partial Lifting of the Seal to Disclose to State Attorneys General, Amended Complaint (summary portion) and price comparisons. Mr. Stephens represented the United States in an investigation instigated by a sealed *qui tam* action pending at the time of this communication, discussion of which is prohibited by 31 USC § 3730(b)(2). Ms. Taylor represented the State of Texas. Without waiving any privilege, Plaintiff is *producing* the Fax Cover, TX-ABT00002652, *redacted* to exclude information that is under seal, pursuant to 31 USC §3730(b)(2). The rest of this document is under seal. *The State is producing the fax cover sheet and the Order Granting Motion For Partial Lifting of the Seal to disclose to State Attorneys General,* | CI, WP, S&CO |

State of Texas-6th Am. Privilege Log

Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 25 of 88

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CITIZENS FOR CONSUME, et al | . | CIVIL ACTION NO. 01-12257-PBS |
| Plaintiffs | . | |
| | . | |
| V. | . | BOSTON, MASSACHUSETTS |
| | . | JANUARY 30, 2007 |
| ABBOTT LABORATORIES, et al | . | |
| Defendants | . | |

. . . . . . . . . . . . . .

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Abbott Laboratories: James Daly, Esquire
Jones Day Reavis & Pogue
77 West Wacker Drive
Chicago, IL 60601-1692
312-782-3939

For the United States: Renee Brooker, Esquire
Commercial Litigation Branch
P.O. Box 261
Ben Franklin
Washington , DC 20044
(202) 307-1088

John Neil, Esquire
U.S. Department of Justice/Bureau of
Medical Fraud
1455 Frazee Road, Suite 315
San Diego, CA 92108
619-688-6099

For Ven-a-Care: James J. Breen, Esquire
The Breen Law Firm, P.A.
3562 Old Milton Parkway
Alpharetta, GA 30005
770-740-0008

Court Reporter:

Proceedings recorded by digital sound recording, transcript
produced by transcription service.

---

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**240 Chestnut Street**
**Wrentham, Massachusetts 02093**
**(508) 384-2003**

1   years before they make their final intervention decisions.

2          MR. DALY:  Your Honor, just briefly, when the case

3   was severed, the claims against Abbott were severed from the

4   sealed pending case, the sealed case down in Florida, that was

5   in I believe May of 2006, the Court populated this severed case

6   file with certain documents.  Those documents included the

7   United States complaint intervention.  It included the

8   Relator's original and amended complaints as well as certain

9   other documents.  The Court did not include the documents that

10  Abbott is seeking in that severed case file.  When the case was

11  transferred, when the severed case was transferred to this MDL,

12  all of the documents including the severed case file were

13  transferred to the United States' knowledge.  The documents

14  that Abbott is seeking just weren't included in that file.

15  We're not trying to play gotcha here, Your Honor.  I'm not

16  trying to hide the ball, but this Court doesn't have--

17          THE COURT:  Well, I would hope not.

18          MR. NEIL:  --this court doesn't have jurisdiction

19  over those documents and those documents, the documents that

20  Abbott is seeking are sealed by order of another U.S. District

21  Court.  I don't know what position the government would take if

22  Abbott were to move to transfer those documents up here for

23  your consideration or Judge Saris' consideration.  Our only

24  point is they've got to do it down in Florida.  They've got to

25  file that motion down there, at which time the United States

1   would determine how to respond to it.

2            THE COURT:  All right.  I'll take it under

3   advisement.

4            MR. NEIL:  Thank you, Your Honor.

5            THE COURT:  Okay.  3512, motion to compel evidence

6   withheld under the deliberative process privilege.

7            Mr. Daly?

8            MR. DALY:  Your Honor, we filed a motion to compel.

9   The government filed a response that simply said, well, you

10  know, it's not ripe yet.  We've told you that we're going to

11  withhold.  We've objected to all of your discovery, but you

12  know what, we haven't actually withheld the document from you

13  yet, so it's not ripe and we're not going to bother to respond.

14  That's the procedure posture.  We think that in our opening

15  brief we laid out the law concerning the kinds of allegations

16  we have here, allegations of fraud, allegations of lack of

17  knowledge of the spread, allegations that say we wouldn't have

18  reimbursed Abbott drugs had we known, common law fraud where

19  they allege that they reasonably rely that what the United

20  States has done is they have put the decisions that were made,

21  vis-à-vis reimbursement, what kind of system to follow, whether

22  to do it by, the very allegations of their complaint, they've

23  put that at issue and, therefore, as the cases that we've cited

24  for Your Honor, I think particularly the *Arthur Anderson* and

25  the *Ghana Supply* cases, one of which I think is a District of

Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 29 of 88

# EXHIBIT E

# Docket Activity Report

## United States District Court -- District of Massachusetts

### Report Filed Period: 1/31/2007 - 1/31/2007

| Case Number/Title | Dates | Category/Event | Docketed by | Notes |
|---|---|---|---|---|
| 1:01-cv-12257-PBS Citizens for Consume, et al v. Abbott Laboratories,, et al | *Entered:* 01/31/2007 16:41:51 <br> *Filed:* 01/31/2007 | *Category:* order | M. Bowler <br> *Type:* jud | *Cause:* 15:1 Antitrust Litigation <br> *NOS:* Anti-Trust <br> *Office:* Boston <br> *Presider:* Patti B. Saris <br> *Referral:* Marianne B. Bowler <br> *Jury demand:* Both <br> *Case Flags:* ADR <br> CASREF <br> LEAD <br> MDL |
| | Judge Marianne B. Bowler: Electronic ORDER entered denying 3105 Motion for Protective Order, except to the extent agreed upon by Abbott in the last proposal amending the MDL protective order (Docket Entry # 3153, Ex. B) and in representations made by Abbott in open court on October 23, 2006 and January 30, 2007, and except to the extent that paragraph 13(j)(1) of the United States' proposed protective order relative to sharing shall be incorporated into the amended protective order. The parties shall prepare the amended protetive order for the court's signature within 15 days; denying 3436 Motion to Compel, without prejudice to be raised in the United States District Court for the Southern District of Florida; denying 3512 Motion to Compel, without prejudice to be renewed within 14 days and denying 3533 Motion to Compel. (Bowler, Marianne) | | | |
| | *Entered:* 02/05/2007 15:10:54 <br> *Filed:* 01/31/2007 | *Category:* motion <br> *Document:* 3619 | C. Patch <br> *Type:* crt | |
| | MOTION for Leave to Appear Pro Hac Vice for admission of Charles Barnhill by Commonwealth of Kentucky,. | | | |

Case 1:01-cv-12257-PBS    Document 4080-4    Filed 04/26/07    Page 31 of 88

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| —————————————————— | ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | Hon. Patti Saris |
| | ) | |
| *United States of America ex rel. Ven-a-Care of* | ) | |
| *the Florida Keys, Inc., v. Abbott Laboratories,* | ) | |
| *Inc.,* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS

Defendant Abbott Laboratories, Inc. ("Abbott") moves to compel production of sealed *ex parte* filings in a case still pending under seal in the Southern District of Florida before Judge Alan S. Gold.  Abbott's motion mistakenly assumes that the sealed filings that it seeks have been sent to this Court.  Abbott Memorandum ("Memo.") at 1 n. 1.  In fact, because those filings pertain to a still pending sealed case in the Southern District of Florida, they remain with the Florida court, which has already rejected an earlier attempt by Abbott to obtain at least one sealed filing.  Abbott's motion should be denied because the filings are not contained in this Court's file and are outside the Court's jurisdiction.  The United States should not be compelled to produce documents sealed by order of another district court.  Furthermore, there is significant legal authority for maintaining the seal on these filings.  Therefore, Abbott's motion should be denied in its entirety.

I.      **The Sealed Filings Sought by Abbott Are Outside the Court's Jurisdiction**

As its motion demonstrates, Abbott is well aware that claims against Abbott were severed

from a pending sealed case in the Southern District of Florida and subsequently transferred to

this Court.  The original case files remain sealed, and Abbott acknowledges its understanding

that "the United States has not yet decided whether to intervene as to all other defendants named

in the *qui tam . . . .*"  Abbott Memo. at 2 n. 2.

A court that receives a severed and transferred case does not have jurisdiction over the

remaining portions of the case in the original district.  *See St. Jude Medical, Inc. v. Lifecare*

*Intern, Inc.,* 250 F.3d 587 at 593 (8th Cir. 2001) ("if a case is transferred, the transferee court

may review the propriety of transfer if a motion for retransfer is filed; otherwise jurisdiction is

lacking."); *Linnell & Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980) (same).  When claims are

severed pursuant to Fed. R. Civ. P. Rule 21, "they become independent actions with separate

judgment entered in each."  *Chrysler Credit Corp v. Country Chrysler, Inc.,* 928 F.2d 1509, 1519

(10th Cir. 1991).

Just as the court in the Southern District of Florida no longer has jurisdiction over the

severed and transferred case against Abbott, the District Court here cannot exercise jurisdiction

over the file in the Southern District of Florida.  *See, e.g., United States ex rel. Health Outcomes*

*Technologies v. Hallmark Health Systems, Inc.*, 349 F. Supp. 2d 170 (D. Mass. 2004) (where

False Claims Act ("FCA") *qui tam* claims against three defendants had been severed and

transferred from another district court, and defendants sought sealed filings, the district court in

Massachusetts only exercised jurisdiction over documents in its case file and did not attempt to

unseal filings that remained in original district court where sealed *qui tam* was still pending);[1] *see also In re Flight Transp. Corp. Securities Litigation*, 764 F.2d 515 at 516 (8th Cir. 1985) (district court cannot simultaneously order transfer in MDL for trial purposes, while directing parties to continue filing papers in the original district court).

Abbott cannot point to any authority explaining how this Court could order the unsealing of files of a sister district court, or order the United States to turn over filings sealed pursuant to the order of another district court.  Abbott's reference to the MDL rules does not support the action requested here because Abbott is seeking files pertaining to an action still pending in the Southern District of Florida.  Put plainly, this Court does not have jurisdiction over the file in the district court for the Southern District of Florida.

The case against Abbott is now a separate case from the original matter pending in the Southern District of Florida.  Abbott was served with the United States' complaint and it is that complaint that Abbott must answer and upon which it may conduct discovery.  Furthermore, in an effort to avoid litigation over such collateral issues, the United States sought and obtained permission from the district court in Florida to provide to Abbott redacted copies of relator's earlier complaints, containing only the claims against Abbott, and the United States already provided Abbott with those pleadings.

Finally, Abbott argues that its request for relief is properly before this Court because, *inter alia*, Judge Gold issued an order administratively closing this case on July 31, 2006. Abbott Memorandum at 1 n. 1.  What Abbott neglects to inform this Court is that even *after* that

---

[1]	While the United States disagreed with the court's decision to unseal certain filings in that matter, it is instructive that the court did not presume to either unseal the original sealed filings or order the United States to disclose those filings.

order was issued, Abbott petitioned Judge Gold to grant its motion to compel the United States to produce a sealed filing made by the United States at Judge Gold's direction to the MDL Panel in Washington, D.C.  The sealed filing concerned the impact of the Abbott MDL transfer on the original action still pending before Judge Gold.  Notwithstanding his order closing the case, Judge Gold considered and denied Abbott's motion to compel, finding that the motion was "without merit."  (September 5, 2006 Order, Attachment One)  While the United States does not believe that Abbott is entitled to obtain the sealed filings that it seeks, the proper forum for that issue is the district court in the Southern District of Florida.

## II.    The Filings in the Pending Sealed Case in Florida Should Remain Sealed

There are significant reasons why pre-intervention filings by the United States remain sealed even after intervention or declination.  Here, where a sealed *qui tam* is still pending, those considerations carry even more weight, and Abbott has failed to present a single compelling reason why the seal on pre-intervention filings by the United States in a still pending matter should be lifted for Abbott's benefit.  Abbott also effectively admits that its efforts here are a "fishing expedition" for evidence of hypothetical government misconduct.  Such efforts should not be rewarded.

### A.    Because the FCA Provides for the Seal, There is No Presumption of Access

The general common law right to inspect and copy judicial records is not absolute and is limited by a court's supervisory authority over its own files.  *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978).  Contrary to Abbott's assertions, the case law does not support a presumption in favor of disclosure when the disputed documents have been properly submitted to the court under seal.  As the Seventh Circuit has held:

> While this court has recognized that the common law right of access creates a "strong presumption" in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal.  Where judicial records are confidential, the party seeking disclosure may not rely on presumptions, but must instead make a specific showing of need for access to the document.

*United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir.1989); *see also In re Boston Herald, Inc.*, 321 F.3d 174, 184 (1st Cir. 2003) ("the First Amendment does not grant the press or the public an automatic constitutional right of access to every document connected to judicial activity."); *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 96 (2d Cir. 2004) (presumption of openness for court docket sheets rebuttable by showing that sealing is necessary and narrowly tailored).  Thus, a court's discretionary decision to maintain documents properly filed under seal may trump the presumption of access, particularly when the materials under seal have no evidentiary value and when the court's decision is rooted in a recognition that the documents are under seal by operation of law, here the FCA.

At the investigatory stage of a government fraud case, neither the public nor the defendant has a right of access to details of the government's efforts.  *See In re Search of Office Suites for World & Islam Studies*, 925 F. Supp. 738, 741 (M.D. Fla. 1996) (no public right of access to warrant procedures at the pre-investigatory stage); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989) (same); *In Re Subpoena to Testify Before Grand Jury*, 864 F.2d 1559, 1562 (11th Cir. 1989) (historically grand jury proceedings have been closed to the press and public); *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) (same).  That analysis does not change merely because documents have been filed with the Court relating to that investigation. *In re Search of Office Suites, supra; Times Mirror Co., supra; Smith, supra.*

Under the FCA, a relator's complaint must be filed under seal, and the United States is explicitly permitted to file for extensions of the investigatory period and to submit such filings under seal and *in camera*.  31 U.S.C. § 3730(b)(3).  The FCA specifically requires the unsealing of the complaint after the Government's intervention decision, but does not also require that the Government's *in camera* submissions should also be unsealed.  *See*  31 U.S.C. § 3730(b)(2); *see also United States ex rel. Stephens v. Prabhu*, 1994 WL 761236, at *1 (D.  Nev. Dec. 9, 1994) ("Neither that section nor any other provision of the FCA ...  directs the court to unseal the motions for enlargement of time filed *in camera*.");  *United States ex rel. Coughlin v. International Bus. Machs. Corp.*, 992 F. Supp. 137, 140 (N.D.N.Y. 1998) ("section 3730 only provides for the unsealing of the complaint and no other section of the False Claims Act references the unsealing of any other documents filed with the court.").  Accordingly, the court is well within its discretion to maintain the seal on the filings submitted during the investigatory phase of this matter after intervention.  *See United States v. Andreas*, 150 F.3d 766, 769-70 (7th Cir. 1998) (employing balancing test in determination as to whether documents filed under seal in a criminal prosecution should be disclosed to the media).  Here, of course, the original case remains under seal.

The *qui tam* seal is in place to protect the Government's investigation and is designed "to allow the Government an adequate opportunity fully to evaluate the private enforcement suit and to determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action."  S. Rep. No. 345, 99th Cong., 2d Sess. 24 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5289, *cited in United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 244 (9th Cir. 1995) (the seal

6

"allows the Government the opportunity to study and evaluate the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation").  The seal is designed to make sure that the Government's investigation is not "harmed."  *Lujan,* 67 F.3d at 245.

Indeed, the FCA confers on the Attorney General absolute and unreviewable discretion and obligation to determine how to diligently investigate various allegations of fraud brought to his attention.  31 U.S.C. § 3730(a); *see* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 834 (1985) (absent an intent to circumscribe agency enforcement discretion and defined limits of that discretion, courts should not review discretionary agency law enforcement action).  In fact, the investigatory subsection of the False Claims Act, 31 U.S.C. § 3730(a) does not confer any rights on a *qui tam* relator, much less a defendant, to enforce or challenge the actions taken pursuant to § 3730(a).   Such an approach is consistent with the Government's conduct of fraud investigations that are not commenced as *qui tam* actions; in such situations, the investigative determinations are made by the government alone, and the government does not readily provide information about its ongoing investigations to any outside parties.  Abbott's argument, therefore, that it is entitled to these filings to determine whether the United States met the "good cause" standard is meritless.

### B.    The FCA Seal Serves Important Purposes Both Before and After Intervention

Under the False Claims Act, Congress charged the Attorney General with responsibility to "diligently [] investigate" suspected violations.  31 U.S.C. § 3730(a).  In all but the simplest of *qui tam* cases, this duty requires the Department of Justice to seek one or more extensions of the

investigatory period.  It is the Department's practice, as contemplated by the statute, to file such requests under seal and to ask the court to retain the seal after the Government's election as to all documents pre-dating the election, except for the complaint and the Government's notice.  Far from the sinister practice Abbott seeks to portray in its brief, this practice is in accord with Congress' explicit recognition, in crafting the FCA's seal provisions, that the Government's investigation is confidential and that disclosure of the Government's methods could harm not only pending, but future investigations.[2]

Disclosure of the documents sought by Abbott here is inappropriate because routine disclosure of the government's applications for extension of the seal period may interfere with the government's efforts to investigate and prosecute fraud against the United States.  In addition, release of the materials contained in the sealed documents may vitiate the investigative and deliberative process privileges, and the protection properly afforded to the government's work product.

_____At the close of the investigatory period, the government either elects to intervene to conduct the action or declines to take over the action.  31 U.S.C. § 3730(b)(4)(A).  At that point the seal is lifted and the complaint is served.  The government agrees that, after its intervention decision, the public has a right of access to all proceedings in the case thereafter.  Until the point

---

[2]    The Department of Justice's interpretation and practices concerning a statute within its enforcement jurisdiction are entitled to some deference.  *See, e.g.*, *Massachusetts v. Federal Deposit Ins. Corp.*, 102 F.3d 615, 621 (1st Cir. 1996) ("An established administrative practice interpreting a statute may be entitled to deference even if not yet reduced to specific regulation.") (citing *FDIC v. Philadelphia Gear Corp.* 476 U.S. 426, 437 (1986)); *Pennington v. Didrickson*, 22 F.3d 1376, 1383 (7th Cir.), *cert. denied*, 513 U.S. 1032 (1994) ("We are mindful of our obligation to defer to the interpretation of the agency whenever that interpretation can be said to embody a deliberate and considered interpretation of the legislative intent.").

of intervention or declination, however, the status of the case is no different from that of a pre-filing government fraud investigation. The seal not only permits the government to investigate possible violations of the FCA, but also guards against premature disclosure of sensitive criminal investigations that often are carried on in tandem with the civil inquiries. *See* S. Rep. at 24, *reprinted in* 1986 U.S.C.C.A.N. at 5289; *Erickson v. American Institute of Biological Sciences*, 716 F. Supp. 908, 912 (E.D. Va. 1989).

The FCA specifically requires that the government demonstrate good cause for extensions of the seal period. 31 U.S.C. § 3730(b)(3). To demonstrate good cause, the government must reveal to the Court, at least to some degree, information about its investigations. To hold that those details automatically become public at the end of the seal period effectively creates a "Catch-22," impairing the government's right to keep from the public eye documents and information that ordinarily would not be subject to review in any other civil enforcement action brought by the United States.[3]

These concerns also are implicated where, as here, government agencies deal with numerous similar cases in which they must decide whether and how to conduct enforcement litigation. *See Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 30 (1983) (Brennan, J. concurring). Information filed under seal may reveal investigatory techniques that apply in

---

[3]     In fact, public access not only would play no positive role, it is likely to hinder and damage the investigatory process. *United States v. Smith*, 123 F.3d at 148; *Times Mirror Co. v. United States*, 873 F.2d at 1214. As the Court explained in *Times Mirror*, if investigatory processes were opened to the public "persons identified as being under suspicion . . . might destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction." *Times Mirror*, 873 F.2d at 1215. *See also Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979) ("if preindictment proceedings were made public many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony").

hundreds of similar cases.  Defendants may obtain the benefit of the government's research and reasoning or even worse, "gain insight into the agency's general strategic and tactical approach to deciding when suits are brought, how they are conducted, and on what terms they may be settled."  *Id.*  Thus, disclosing the government's pre-election filings is detrimental to the Government's ability to conduct FCA investigations generally.  Here, where the original case is ongoing, disclosure is even more potentially prejudicial to the United States.

When seeking an extension of time in a *qui tam* case under the FCA, defendant would place the Government on the horns of a dilemma:  either include substantive information to justify an extension of the seal period, and at the same time risk subsequent disclosure of investigatory details deemed by a court to be "routine" or submit insufficient requests for extensions of time and risk premature unsealing of cases that, if adequate time were allowed for investigation, could result in substantial recoveries for the United States.  This Hobson's choice conflicts with the clear intent of the FCA and its *qui tam* provisions: to enhance the government's ability to recover funds lost due to fraud against the United States.

Finally, the Department of Justice ("DOJ") typically seeks to protect sensitive law enforcement information contained in filings made under the seal provision, even after the government's election decision.  The need for protection of work product materials, for example, does not disappear once preparation for a particular case is over, or even if litigation never in fact commences.  Because the government remains the real party in interest throughout all *qui tam* actions, it is proper for the United States to protect information contained in extensions that may impart information ordinarily subject to governmental privileges (law enforcement and deliberative process) or protected under the work product doctrine.  Here, where the case is still

pending, and where the government has other similar cases, the government's interests are even more significant.

The original case remains under seal with ongoing investigations. Abbott nevertheless seeks access to the entire court file, albeit according to Abbott, "subject to appropriate redactions and confidentiality protections." The United States submits that simply redacting the names of other defendants from these sealed filings does not adequately protect the interests of the United States as discussed above.

### C.   Abbott Has Not Presented Any Compelling Reason to Unseal the Filings in the Original Pending Case

As previously noted, where judicial records have properly been submitted to the court under seal, there is no presumption in favor of public access;  rather, the party seeking disclosure must make a specific showing of need for access to the records. *Corbitt*, 879 F.2d at 228.

Abbott has failed to make the necessary showing here. Abbott's reasons for obtaining these documents boil down to the following. First, Abbott wants to improperly second-guess the judgment of the district court for the Southern District of Florida in granting seal extensions. Given that the seal is in place for the benefit of the United States and not the defendant, Abbott has absolutely no basis for such a challenge. The United States filed applications for extensions of time prior to electing to intervene in the action against Abbott. Those applications have been considered by the court and ruled on, as provided for in 31 U.S.C. § 3730(b)(3), and remain sealed in the original case. Thus, the previous applications are moot. There is simply nothing in those applications for Abbott to address. Moreover, any assertions made by the Government in such applications concerned the status of the United States' investigation. Defendant's argument

11

that it should have an opportunity to review those materials has no basis in law or *qui tam*
procedure.

Second, consistent with Abbott's attempt to divert attention from its own wrongdoing,
Abbott argues that the government's "knowledge regarding the alleged misconduct and why it
took so long to decide whether to intervene" is somehow relevant to this case. The latter is
clearly covered by the government's deliberative process privilege, while the former is hardly
grounds for the relief sought here given that the government's learning of fraud allegations via a
*qui tam* complaint cannot possibly constitute a defense in the action.

Third, Abbott contends that the court file may contain evidence to support its other
defenses of estoppel and laches. It takes very little research to know that both of these defenses
are not available with respect to the government under these circumstances, as the United States
pointed out in its opposition to Abbott's Motion to Dismiss. (Dkt. #3103 at 13 n.5). To the
extent Abbott is now attempting to lay the groundwork for a statute of limitations challenge to
this action, the case cited by Abbott from this district does not support Abbott's claim. The
district court in *Health Outcomes* found that because venue was improper as to the defendants in
the original district, the filing of the relator's complaint did not toll the statute of limitations.
*United States ex rel. Health Outcomes Technologies v. Hallmark Health Systems, Inc.*, 409 F.
Supp. 2d 43 (D. Mass. 2006). Here, by contrast, there is no issue as to venue in either Miami or
Boston since Abbott does business in both jurisdictions.

Finally, Abbott clearly wishes to embark on a fishing expedition for evidence of
hypothetical government misconduct. Abbott cannot cite a single case that permitted unsealing
for that purpose. Instead, Abbott relies on a Tenth Circuit opinion where a *relator's* claims in a

declined case were dismissed based on the public disclosure/original source bar in the FCA. Nowhere in the Tenth Circuit's opinion in *United States ex rel. King v. Hillcrest Healthcare Ctr.*, 264 F.3d 1271 (10th Cir. 2001) is the issue of unsealing anything even presented.

Contrary to its representations, denying Abbott access to the sealed documents creates no prejudice to defendant. Rather, Abbott has the same opportunity afforded any defendant in any other civil action to discover the factual underpinnings of the government's allegations through civil discovery under the Federal Rules of Civil Procedure. Abbott has failed to offer any cognizable need to review the Government's descriptions of its investigative efforts, as set forth in the applications for extension of time. The documents under seal in this case are completely irrelevant to and cannot prove or disprove the allegations in the United States' complaint. Asserting a wholly speculative need for access to filings under seal does not overcome the interests favoring maintaining the seal. Accordingly, Abbott's motion should be denied.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny Abbott's motion to compel.

Respectfully submitted,

13

For the United States of America,

MICHAEL J. SULLIVAN                         PETER D. KEISLER
UNITED STATES ATTORNEY                      ASSISTANT ATTORNEY GENERAL


 /s/ George B. Henderson, II                 /s/ Gejaa T. Gobena
George B. Henderson, II                     Michael F. Hertz
Assistant U.S. Attorney                     Joyce R. Branda
John Joseph Moakley U.S. Courthouse         Renée Brooker
Suite 9200, 1 Courthouse Way                Justin Draycott
Boston, MA 02210                            Gejaa T. Gobena
(617) 748-3398                              John K. Neal
(617) 748-3272                              Civil Division
                                            Commercial Litigation Branch
R. ALEXANDER ACOSTA                         P. O. Box 261
UNITED STATES ATTORNEY                      Ben Franklin Station
SOUTHERN DISTRICT OF FLORIDA                Washington, D.C.  20044
                                            Phone:  (202) 307-1088
/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101



For the relator, Ven-A-Care of the Florida
Keys, Inc.,

 /s/ James J. Breen
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com


Dated: December 15, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above "MEMORANDUM IN OPPOSITION TO ABBOTT'S MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                        /s/ John K. Neal
Dated: December 15, 2006                 John K. Neal

LEXISNEXIS SERVE
E-SERVICE
13211311
Dec 15 2006
3:58PM

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.06-21303-CIV-GOLD/TURNOFF

UNITED STATES OF AMERICA, ex rel.

VEN-A-CARE, OF THE FLORIDA KEYS, INC.,
a Florida corporation, by and through its
principal officers and directors, ZACHARY
T. BENTLEY, and T. MARK JONES,

            Plaintiff,

v.

ABBOTT LABORATORIES, INC., and
HOSPIRA, INC.,

            Defendant.                    /



### ORDER DENYING ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL

**THIS CAUSE** came before the Court upon Defendant Abbott Laboratories, Inc.'s

Motion to Compel Production of Plaintiffs' Under Seal Filing with the Judicial Panel For

Multidistrict Litigation **[DE # 41]**. The United States filed an Opposition **[DE # 42]** to the

Motion on August 25, 2006.

On July 20, 2006, the Court held a telephonic status conference to discuss the

Conditional Transfer Order recently issued by the Judicial Panel on Multidistrict Litigation

which conditionally transferred this matter for resolution by the Judicial Panel. The Court

was concerned as to what effect the conditional transfer of this case to the Judicial Panel

might have on the original action (from which this case originated) which is still before the

undersigned. As counsel for the United States indicated that she had not considered this

issue, I directed the United States to file a written statement with the Judicial Panel

seeking guidance on this issue.

Case 1:95-cv-04854-ASG   Document 204   Entered on FLSD Docket 02/29/2007   Page 49 of 88
Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 49 of 88
Case 1:06-cv-21303-ASG   Document 43   Entered on FLSD Docket 09/07/2006   Page 2 of 2

In the Motion, Defendant Abbott asks the Court to compel the United States to produce a copy of the written statement to Defendant Abbott.  Upon review of the Motion, I conclude that it is without merit.  I conclude that the issues raised in the written statement do not affect Defendant Abbott, thus the United States need not produce a copy of the written statement, filed under seal, to Defendant Abbott.  Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant Abbott Laboratories, Inc.'s Motion to Compel Production of Plaintiffs' Under Seal Filing with the Judicial Panel For Multidistrict Litigation **[DE # 41]** is DENIED without prejudice.

2. Defendant Abbott Laboratories, Inc. may file a renewed motion to compel before the Judicial Panel if it so desires.

3. This case remains CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _5_ day of September, 2006.

_____
**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
**U.S. Magistrate Judge Turnoff**
All Counsel of Record

Case 1:01-cv-12257-PBS   Document 4080-4   Filed 04/26/07   Page 50 of 88

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

## ABBOTT LABORATORIES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS

### BACKGROUND

On December 1, 2006, Abbott Laboratories, Inc. ("Abbott") filed in this Court a Motion to Compel Production of *Ex Parte* Filings.  Abbott's pending motion seeks an order compelling Plaintiff the United States of America ("United States" or "Government") to produce to Abbott all documents, filings, and other *ex parte* communications in the above-captioned matter. Abbott's motion specifically seeks production of all motions, orders, and affidavits that were filed under seal in the United States District Court for the Southern District of Florida (Judge Alan S. Gold) during the eleven (11) years from the filing of the underlying *qui tam* in 1995 and the United States' decision to intervene and sever its claims as to Abbott in 2006.

Abbott's motion assumed that, consistent with Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML Rule 1.6"), this Court had received copies of the documents sought by Abbott—that is, all motions, orders, and other pleadings that had been made under seal since the inception of this *qui tam* action that related to the Government's claims against Abbott.  *See* Abbott's Mem. in Support of its Mot. to Compel Production of *Ex Parte* Filings ("Abbott Br.") at 1 n.1.  This Court should have these materials not to confer

jurisdiction over the materials (as the United States suggests), but to allow the Court to review *in camera* the nature of the *ex parte* communications that the United States has had with Judge Gold over the last decade.

On December 15, 2006, the United States filed its Memorandum in Opposition to Abbott Laboratories, Inc.'s Motion to Compel Production of *Ex Parte* Filings ("U.S. Br."). The Government's brief states that Abbott "mistakenly assumes that the sealed filings that it seeks have been sent to this Court." U.S. Br. at 1. Then, grossly misstating and mischaracterizing the law and previous Abbott motions, the Government asserts that the "sealed filings sought by Abbott are outside the Court's jurisdiction." *Id*. at 1.

The Government's contentions are wrong on all counts. ***First***, under JPML Rule 1.6, this Court should have at least a copy of ***all*** materials in the case file that relate to claims against Abbott—including all materials filed under seal before the claims against Abbott were severed and transferred to this Court. ***Second***, under Rule 37(a)(1) of the Federal Rules of Civil Procedure, Abbott's request is appropriately directed to this Court. Under 28 U.S.C. § 1407(b), this Court has the jurisdiction and responsibility to carry out all pretrial proceedings relating to the Government's claims against Abbott, including the issuance of an order granting Abbott access to pleadings previously made under seal. Nothing in the False Claims Act or prior orders from Judge Gold in any way prevents this Court from issuing the relief sought by Abbott. Indeed, regardless of whether this Court has physical possession of the court files from the Southern District of Florida, the Court unquestionably has the authority to order the United States to reveal to Abbott all of its *ex parte* communications prior to the unsealing of this case.

## ARGUMENT

I.  **THIS COURT MUST BE PROVIDED COPIES OF ALL FILINGS THAT HAVE BEEN MADE SINCE THE FILING OF VEN-A-CARE'S *QUI TAM* COMPLAINT IN 1995.**

JPML Rule 1.6, titled "Transfer of Files," is straight-forward:

> (a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, ***the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file*** and a certified copy of the docket sheet for each transferred action.

J.P.M.L. Rule 1.6(a) (emphasis added).  *See also In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 204 F.R.D. 6, 12 (D. Mass. 2001) ("transferor courts in actions transferred to this [transferee] court by the Panel on Multidistrict Litigation must send the complete original file or a certified copy thereof to this court").[1]

The Government's brief states that "Abbott's motion mistakenly assumes that the sealed filings that it seeks have been sent to this Court."  U.S. Br. at 1.  But the Government offers no credible response as to **why** the "complete file" from the Southern District of Florida has **not** been sent to this Court, as required by JPML Rule 1.6.  Instead, the Government claims "the case against Abbott is now a separate case from the original matter pending in the Southern District of Florida" and that "Abbott is seeking files pertaining to an action still pending in the Southern District of Florida."  U.S. Br. at 3.  In short, the Government appears to contend that none of the under seal filings Abbott seeks since Ven-a-Care filed its *qui tam* in 1995 relate or are a part of Case No. 06-CV-11337-PBS, the Government's claims against Abbott.  The Government's argument is specious.

---

[1] Because Ven-a-Care's *qui tam* alleges claims against other defendants that have not yet been severed from the claims still under seal in the Southern District of Florida, Abbott suggests that "the complete original file" should remain in that court and that this Court should receive a certified copy of all materials in the file that relate in any way to claims against Abbott, including all filings made prior to the severance of the claims against Abbott.

Abbott doubts very much that it is the Government's position that none of the motions or pleadings filed under seal in the Southern District of Florida "relate" to this case. Indeed, if that were the case, all claims stemming from alleged misconduct more than six years prior to the Government's filing of its Complaint-in-Intervention on March 17, 2006 (all or nearly all of Plaintiffs' claims) must be dismissed under the False Claims Act's six-year statute of limitations. *See* 31 U.S.C. § 3731(b). If the under seal filings made from 1995 to 2006 (including the Government's motions for extension) are not considered part the record of ***this*** case, there is no colorable basis for the Government's Complaint-in-Intervention to "relate back" to the filing of Ven-a-Care's 1995 *qui tam* complaint.[2]

The Government cannot have it both ways. It cannot utilize the filing of the Ven-a-Care *qui tam* complaint in 1995 and the repeated motions for extension it apparently filed over eleven years in the Southern District of Florida to support its claim to toll the statute of limitations, but then for the purpose of this motion contend there is no connection between the underlying *qui tam* file in Florida and the claims against Abbott. The Government contends "[t]he case against Abbott is *now* a separate case from the original matter pending in the Southern District of Florida." U.S. Br. at 3 (emphasis added). The key word in that sentence is "now." The claims against Abbott have only ***recently*** been severed from the underlying *qui tam*. Prior to the severance of claims against Abbott, the under seal filings that Abbott seeks ***did*** relate to Abbott and ***were*** a part of this case.

---

[2] For the reasons set forth in *United States v. The Baylor Univ. Med. Ctr.*, No. 05-2951-cv, 2006 WL 3317695, Slip Op. at 6-9, 11-17 (2d. Cir. Nov. 16, 2006) (copy attached as Ex. I to Abbott Br.), Abbott does not agree that the Government's Complaint-in-Intervention should "relate back" to Ven-a-Care's *qui tam* complaint. *See* Abbott Br. at 11 n.4. That is clearly not the Government's position, however, and its attempt to characterize the Florida case as a separate matter is inconsistent with its claims for relation back to Ven-a-Care's 1995 filing date.

Accordingly, there can be no legitimate dispute that, under the Government's own statute-of-limitations theory, those under seal filings *are* a part of this case and therefore *must* be provided to this Court pursuant to JPML Rule 1.6.

## II. ABBOTT'S MOTION TO COMPEL *EX PARTE* FILINGS IS APPROPRIATELY FILED IN THIS COURT.

The Government argues that this Court cannot provide the relief Abbott seeks "because the filings are not contained in this Court's file and are outside the Court's jurisdiction." U.S. Br. at 1. For the reasons discussed in Abbott's initial brief and in this memorandum, the Government's argument is wrong and, frankly, misleading.

*First*, because the Government's claims against Abbott are pending in this Court, Rule 37 of the Federal Rules of Civil Procedure explicitly provides that Abbott's motion to compel is appropriate here. Rule 37 states:

> **(a) Motion For Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties affected thereby, may apply for an order compelling disclosure or discovery as follows:
>
> > **(1) Appropriate Court.** An application for an order to a party shall be made *to the court in which the action is pending*. . . .

Fed. R. Civ. P. 37 (emphasis added).

Because Abbott's motion requests that a *party* (the Government) be compelled to produce documents, it is appropriately directed to this Court under Rule 37 as a motion to compel. Abbott is *not* requesting that the seal on the *qui tam* file in Florida (which exists because the United States still has not decided whether to intervene as to other defendants) be lifted, a motion that might be better directed to the Florida court. That, and the plain language of Rule 37, is why Abbott directed its request to this Court.

Even if this motion sought to lift the seal, there is no longer any statutory reason or basis requiring that the seal be maintained as to Abbott over the filings made in the underlying *qui tam*

action.  *See United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230-31 (N.D. Ala. 2000) (noting the False Claims Act "'makes no mention of the [United States'] right to keep in camera information under seal indefinitely'" following intervention and finding "no authority under the [False Claims Act] or elsewhere to hold information relating to this cause under seal") (citation omitted); *United States ex rel. McCoy v. California Med. Review, Inc.*, 715 F. Supp. at 967, 969 (N.D. Cal. 1989) ("neither [ §3730(b)(2)] nor any other [section] in the FCA provides authority for retaining the civil action under seal once the Government has elected to intervene").  Put simply, there is no reason why this Court cannot compel the Government to produce the documents Abbott seeks.

Despite the Government's objections, this Court clearly has jurisdiction to compel the United States to produce the documents Abbott seeks.  On July 27, 2006, the Joint Panel of Multidistrict Litigation transferred the Government's claims against Abbott to this Court for all "coordinated or consolidated pretrial proceedings."  Letter from S. Jones (Clerk, D. Mass.) to C. Maddox (Clerk, S.D. Fla.) (8/2/06) (Ex. 1) (attaching conditional and final transfer orders from JPML).  Abbott's motion to compel production of *ex parte* filings is such a pre-trial proceeding.  Courts have construed 28 U.S.C. 1407(b) broadly to confer jurisdiction to the MDL transferee court the power to manage all pre-trial activity, as contemplated by the JPML's July 27, 2006 order in this case.  *See In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.12 (3d Cir. 2002) ("The relevant statute [28 U.S.C. § 1407(b)] provides that consolidated proceedings 'shall be conducted by a judge or judges to who such actions are assigned by the judicial panel.'").

The Sixth Circuit's opinion in *In re The Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 664 F. 2d 114 (6th Cir. 1981), is instructive here.  There, the court held that the transferee court properly vacated a protective order issued by the transferor court prior to the transfer of the case

by the JPML. The court addressed—and refuted—the same "jurisdictional" argument the Government raises here:

> We understand from a reading of Upjohn's briefs and from its oral argument that it does not contend that Judge Kennedy was without jurisdiction, in the sense of raw judicial power, to enter or vacate the protective orders involved here, in the normal course of her duties as judge of the transferee court. ***Indeed, it would be difficult to make out such a case, given the nature of the statute*** [28 U.S.C. § 1407] ***and the powers to oversee discovery conferred upon the district court generally***.

*Id*. at 117. The Sixth Circuit further observed that "it would seem that the power of the Panel on Multidistrict Litigation under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority, at least in matters pertaining to discovery." *Id*. at 118. The Sixth Circuit also noted that the transferee court's exercise of power is not "somehow offensive to the transferor court" and did not breach "notions of comity." *Id*. The same is true here: An order from this Court requiring the Government to produce the requested documents previously filed under seal in Florida would not overturn decisions of Judge Gold or breach notions of comity. The requested documents were originally filed under seal because they had to be under the False Claims Act; Judge Gold made no independent decision to do so. Those same documents should be produced to Abbott, and this Court's decision to order such production is not inconsistent with any prior ruling by Judge Gold.

The Government's claim that Judge Gold "has already rejected an earlier attempt by Abbott to obtain at least one sealed filing" (U.S. Br. At 1) is very misleading. The prior filing referenced to by the Government has absolutely nothing in common with the relief sought in this motion. As the Government well knows, Abbott's prior filing sought access to a sealed filing made by the Government to the JPML at the request of Judge Gold. Abbott did not know whether this filing related to Abbott in any way. Judge Gold denied Abbott's motion because

"the issues raised in the written statement do not affect Defendant Abbott." Order Denying

Abbott Laboratories, Inc.'s Motion to Compel at 3 (9/6/06) (Ex. 2).[3] Unlike the instant motion,

Abbott's earlier request sought production of a filing made under seal *after* the claims against

Abbott had been severed. Judge Gold assured Abbott that the filing had nothing to do with

Abbott. By contrast, Abbott's pending motion seeks access to filings made under seal *before* the

severance of the claims against Abbott and that undoubtedly *do* relate to the claims against

Abbott.

The Government's citation to *United States ex rel. Health Outcomes Techs. v. Hallmark

Health Sys., Inc.*, 349 F. Supp. 2d 170 (D. Mass. 2004) is equally misleading. *See* U.S. Br. at 2-

3. The court in *Hallmark* ordered that documents filed under seal in a *qui tam* case be unsealed

once the Government intervened. In so doing, the court rejected the very same arguments the

Government makes in Section II of its brief about the need to retain the seal over the documents

filed in Abbott's case. The Government cites the case as though that court made a *decision* not

to unseal filings that remained in the original district court where a sealed *qui tam* was still

pending. That was simply not the case, as the issue was never raised and the defendants did not

request that relief from the Court. In any event, Abbott is not requesting this Court to unseal

filings in the Florida court. Instead, Abbott seeks access to documents in the Government's

possession, subject to the terms of an appropriate protective order.

---

3 In its brief opposing Abbott's prior filing, the Government stated:

> The "other matters" referenced in this Court's July 24, 2006 order are other
> matters under seal with this Court, matters unrelated to this action, which has
> now been transferred to In re Pharmaceutical Industry Average Wholesale Price
> Litigation, MDL No. 1456, Civ. No. 01-12257-PBS (D. Mass.). The claims
> against Abbott in this action involve AWP pricing fraud and are separate from
> the other matters. This action is now its own stand-alone action in
> Massachusetts. The sealed statement does not seek clarification about the
> claims the United States now has against Abbott in the Massachusetts MDL
> case.

United States' Opposition to Abbott's Motion to Compel Production of the United States' Sealed Filing
with the Joint Panel on Multidistrict Litigation at 2 (8/25/06) (Ex. 3).

## III.   THERE IS NO BASIS OR NEED TO CONTINUE WITHHOLDING ITS *EX PARTE* COMMUNICATIONS FROM ABBOTT.

The Government's brief fails to articulate any legitimate basis not to produce to Abbott the Plaintiffs' *ex parte* communications with the Court.  First, the Government's focus on the seal requirements of the False Claims Act and the purported need to protect the "investigatory stage of a government fraud case" (U.S. Br. at 5) is, at least as to Abbott, now irrelevant.  The Government's investigation—which constituted nothing more than patently unfair and prolonged one-sided civil discovery in the first place—is now complete.  The Government has now made its decision to sue Abbott.  The Government can no longer hide behind its investigative cloak.  Nor should the Court allow the Government to profit from its continued delay in deciding whether to intervene as to other defendants; that continued delay is the only reason the documents sought by Abbott remain under a statutory seal.

The Government's remaining arguments regarding how "[t]he FCA Seal Serves Important Purposes Both Before and After Intervention" (U.S. Br. at 7-11) are nothing more than the generalized contentions about the alleged sanctity of the investigation process and "investigatory techniques" rejected by nearly all federal and state courts, including at least one considering an AWP case.  *See* Abbott Br. at 7-8.  The Government contends that "information filed under seal may reveal investigatory techniques that apply in hundreds of similar cases," and that "Defendants may obtain the benefit of the government's research and reasoning."  U.S. Br. at 9-10.  Almost *verbatim*, this argument tracks contentions recently rejected by the Northern District of California.  *See United States ex rel. Lee v. Horizon West, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, *2 (N.D. Cal. Feb. 8, 2006) ("Here, the government's bare assertion that the disclosure of its extension requests would '***reveal*** pieces of the government's ***investigatory techniques***, decision-making processes, ***research***, and ***reasoning that apply in hundreds of***

*similar cases*' is not sufficient to meet the relevant standard.") (emphasis showing similarity in

argument added).  Whether the Government is using a form brief or just coincidentally makes the

same argument in every FCA case, this Court should provide the same response as did Judge

Armstrong in the Northern District of California and order the Government to reveal its *ex parte*

communications.

## **CONCLUSION**

For the foregoing reasons, the Court should order the Clerk to obtain a copy of "the

complete original file" in accordance with JPML Rule 1.6 and grant the relief requested in

Abbott's pending Motion to Compel Production of *Ex Parte* Filings.


Dated:  January 9, 2007                          Respectfully submitted,

                                                 /s/ R. Christopher Cook
                                                 James R. Daly
                                                 Tina M. Tabacchi
                                                 Brian J. Murray
                                                 JONES DAY
                                                 77 West Wacker Drive, Suite 3500
                                                 Chicago, Illinois  60601
                                                 Telephone:  (312) 782-3939
                                                 Facsimile:   (312) 782-8585

                                                 R. Christopher Cook
                                                 David S. Torborg
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.
                                                 Washington, D.C.  20001-2113
                                                 Telephone:  (202) 879-3939
                                                 Facsimile:  (202) 626-1700

                                                 *Counsel for Defendant Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'s MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF, and memorandum and materials in support, be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 9th day of January, 2007.

/s/ David S. Torborg
David S. Torborg

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

**Sarah Allison Thornton**
CLERK OF COURT

August 2, 2006

Mr. Clarence G. Maddox II
Clerk/Court Administrator
United States District Court
150 Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128

IN RE: <u>MDL DOCKET No. 1456</u>  In Re: Pharmaceutical Industry Average
Wholesale Price Litigation
USDC - Massachusetts <u>Lead</u> Case No. 1:01-cv-12257-PBS
Your Case Civil Action No. 1:06-cv-21303
District of MA No.1:06-cv-11337-PBS

Dear Clerk:

Enclosed is a certified copy of the Order of the Judicial Panel on Multi-District Litigation, transferring the cases on the attached listing to the U.S. District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to Title 28 United States Code Section 1407.  These cases have been assigned to the Honorable Patti B. Saris.

In accordance with the Rules concerning Multi-District Litigation, please forward the original case file, along with a certified copy of the docket entries and a copy of the transfer order for the case now pending in your district as indicated above.  Also include a copy of this letter when transmitting your records to the above address.

Your prompt attention to this matter is greatly appreciated.  If you should have any questions, please do not hesitate to contact the undersigned at 508-929-9901, Robert Alba, Courtroom Clerk for Judge Saris at 617-748-9175 or Christine Patch, Docket Clerk for Judge Saris, at  617-748-9178.

Sincerely,

Sherry Jones
Deputy Clerk

Information Copy to:  Michael Beck, Clerk of the Panel
Counsel of Record
Robert Alba
Christine Patch

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN CLERK'S OFFICE

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | **MEMBERS:**<br>Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas<br><br>Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | **DIRECT REPLY TO:**<br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax: [202] 502-2888<br><br>http://www.jpml.uscourts.gov |

July 27, 2006

Sarah Thornton, Clerk
2300 John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re:  MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

(See Attached CTO-30)

Dear Ms. Thornton:

   I am enclosing a certified  copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on July 11, 2006.  As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer.  The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

   The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

   A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By_____
   Mecca S. Carter
   Deputy Clerk

Attachment

cc:  Transferee Judge:    Judge Patti B. Saris
     Transferor Judges:   Judge Alan S. Gold; Judge Norman A. Mordue
     Transferor Clerks:   Clarence Maddox; Lawrence K. Baerman

JPML Form 36

# INVOLVED COUNSEL LIST (CTO-30)
## DOCKET NO. 1456
### IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

James J. Breen
Breen Law Firm, PA
P.O. Box 297470
Pembroke Pines, FL 33029-7470

James R. Daly
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692

Gejaa T. Gobena
United States Department of Justice
Commercial Litigation Branch
Ben Franklin Station, P.O. Box 261
Washington, DC 20044

Aaron Hovan
Kirby, McInerney & Squire, L.L.P.
830 Third Avenue
10th Floor
New York, NY 10022

Mark Alan Lavine
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132

Mark P. Schnapp
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Nicholas Theodorou
Foley Hoag, LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston, MA 02210-2600

D. Scott Wise
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 1 2006

FILED
CLERK'S OFFICE.

DOCKETED

*DOCKET NO. 1456*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., et al.,*
S.D. Florida, C.A. No. 1:06-21303
*County of Ulster v. Abbott Laboratories, Inc., et al.,* N.D. New York, C.A. No. 1:06-123

### CONDITIONAL TRANSFER ORDER (CTO-30)

On April 30, 2002, the Panel transferred 16 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 201 F.Supp.2d 1378 (J.P.M.L. 2002). Since that time, 81 additional actions have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of April 30, 2002, and, with the consent of that court, assigned to the Honorable Patti B. Saris.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUL 2 7 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel



# United States District Court
## Southern District of Florida

**NOTICE:** A few Judges do not participate in FaxBack, and thus require litigants to accompany motions with envelopes. Visit the court's website at: www.flsd.uscourts.gov or call the Help Line (305) 523-5212 for an updated listing of participating Judges.

### CM/ECF COMING EARLY 2006

The United States District Court for the Southern District of Florida is planning to implement the Case Management/Electronic Case Files (CM/ECF) system. CM/ECF will provide electronic noticing via e-mail and user-friendly electronic case filing features. CM/ECF will replace FaxBack noticing; therefore attorneys will be asked to register for CM/ECF at some point later this year. To keep current with CM/ECF developments please view our website at www.flsd.uscourts.gov.

## Notice of Orders or Judgments

Date:     09/07/06

To:     Daniel E. Reidy (aty)
77 West Wacker Drive
Suite 3500
Chicago, IL   60601

Re: Case Number:     1:06-cv-21303     Document Number:     43

NOTE: **If you are no longer an attorney in this case, please disregard this notice.**
Be sure to promptly notify the Clerk of Court in writing of any changes to your name, address, law firm, or fax number. This notification should be sent for each of your active cases.
If this facsimile cannot be delivered as addressed, or you have ANY problems with this fax transmission, please call the Help Line (305) 523-5212 and the problem will be rectified. Since this transmission originated from the Clerk's Office, JUDGES CHAMBERS SHOULD NOT BE CONTACTED.

Number of pages including cover sheet:

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.06-21303-CIV-GOLD/TURNOFF

UNITED STATES OF AMERICA, <u>ex rel.</u>

VEN-A-CARE, OF THE FLORIDA KEYS, INC.,
a Florida corporation, by and through its
principal officers and directors, ZACHARY
T. BENTLEY, and T. MARK JONES,

          **Plaintiff,**

v.

ABBOTT LABORATORIES, INC., and
HOSPIRA, INC.,

      **Defendant.** _____/



FILED by _____ D.C.

SEP 0 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER DENYING ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL

**THIS CAUSE** came before the Court upon Defendant Abbott Laboratories, Inc.'s

Motion to Compel Production of Plaintiffs' Under Seal Filing with the Judicial Panel For

Multidistrict Litigation **[DE # 41]**. The United States filed an Opposition **[DE # 42]** to the

Motion on August 25, 2006.

On July 20, 2006, the Court held a telephonic status conference to discuss the

Conditional Transfer Order recently issued by the Judicial Panel on Multidistrict Litigation

which conditionally transferred this matter for resolution by the Judicial Panel. The Court

was concerned as to what effect the conditional transfer of this case to the Judicial Panel

might have on the original action (from which this case originated) which is still before the

undersigned. As counsel for the United States indicated that she had not considered this

issue, I directed the United States to file a written statement with the Judicial Panel

seeking guidance on this issue.

In the Motion, Defendant Abbott asks the Court to compel the United States to produce a copy of the written statement to Defendant Abbott. Upon review of the Motion, I conclude that it is without merit. I conclude that the issues raised in the written statement do not affect Defendant Abbott, thus the United States need not produce a copy of the written statement, filed under seal, to Defendant Abbott. Accordingly, it is **ORDERED AND ADJUDGED**:

1.      Defendant Abbott Laboratories, Inc.'s Motion to Compel Production of Plaintiffs' Under Seal Filing with the Judicial Panel For Multidistrict Litigation **[DE # 41]** is DENIED without prejudice.

2.      Defendant Abbott Laboratories, Inc. may file a renewed motion to compel before the Judicial Panel if it so desires.

3.      This case remains CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _5_ day of September, 2006.

_____
**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
**U.S. Magistrate Judge Turnoff**
All Counsel of Record

ELECTRONIC

**Aug 25 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21303-CIV-GOLD/TURNOFF

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *ex rel.*_____ | ) |
| VEN-A-CARE OF THE | ) |
| FLORIDA KEYS, INC., *et al.* | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## UNITED STATES' OPPOSITION TO ABBOTT'S MOTION TO COMPEL PRODUCTION OF THE UNITED STATES' SEALED FILING WITH JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION

On July 24, 2006, this Court ordered the United States to "file a written statement, under seal, with the [Judicial Panel on Multidistrict Litigation ("JPML")] explaining the issue raised by the Conditional Transfer Order on other matters still pending before this Court and asking for clarification on this issue." On August 10, 2006, the United States complied with the Court's order.

Abbott Laboratories, Inc. ("Abbott") moves this Court in an administratively closed case[1] to compel the Plaintiffs – both the United States and the Relator, Ven-A-Care of the Florida Keys – to produce that sealed statement. It was the United States that was ordered to file the sealed

---

[1] On July 31, this Court closed this matter as it was transferred to the District of Massachusetts.

statement, and it was the United States that filed that sealed statement with the JPML. Therefore, the Relator cannot be compelled to produce a document it did not file.

The "other matters" referenced in this Court's July 24, 2006 order are other matters under seal with this Court, matters unrelated to this action, which has now been transferred to *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civ. No. 01-12257-PBS (D. Mass.). The claims against Abbott in this action involve AWP pricing fraud and are separate from the other matters. This action is now its own stand-alone action in Massachusetts.[2] The sealed statement does not seek clarification about the claims the United States now has against Abbott in the Massachusetts MDL case.

Abbott has not and cannot explain how a written statement about other sealed matters relates to or affects this severed and unsealed action against Abbott. Abbott's motion references some "grave" concerns it has about the written statement. Yet, Abbott never really identifies those concerns or how Abbott is affected by the content of the sealed statement. Abbott only offers that there is a possibility that some unidentified "interests" that "could be" affected by what is in the written statement. Abbott claims it is "wholly improper" and a "cause for concern" to deny it access to a pleading about other sealed matters. The position is without merit.

First, the Court ordered the United States to file the written statement and the JPML's response under seal. July 24, 2006 Order at 1-2. The United States has complied with that order and will comply further with that order when the JPML provides a response.

Second, the other matters addressed in the statement are under seal by operation of law.

---

[2] Abbott is incorrect in ¶ 1 of its motion when it states that the case was unsealed first then severed. The case was severed prior to unsealing. *See* Docket No. 1.

The False Claims Act ("FCA") requires that matters remain under seal pending a decision by the United States as to whether or not to intervene in the matter and join in the litigation. 31 U.S.C. § 3730(b)(2). The seal period may be extended by Court order. *Id.* at § 3730(b) (3). There is no basis here for violating the statutory seal.[3]

The FCA cases cited by Abbott do not support unsealing the written statement. *Under Seal v. Under Seal*, 326 F.3d 479 (4th Cir. 2003) involved an effort by *defendants* to keep a complaint under seal after the United States had already intervened. The United States actually supported the unsealing of the intervened matter. The matters at issue here do not relate to any matters in which the United States has intervened, and therefore the statutory seal applies. Abbott also cites a footnote from *In re Cardiac Devices Qui Tam Litigation*, 254 F.Supp.2d. 1370, 1371 n.2 (J.P.M.L. 2003) in support of its motion. That footnote simply lays out the sealing provisions of the FCA generally and in no way speaks to whether Abbott can get access to sealed materials in other matters.

The JPML accepted the filing of the United States' statement under seal. Abbott is under the misapprehension the United States filed a motion of some sort with the JPML requiring compliance with JPML R. 5.2(a). First, as per the Court's July 24, 2006 order, the United States filed a statement seeking clarification of those matters not related to this action, not a motion

---

[3] The statutory basis of the FCA seal renders the cases cited by Abbott in ¶ 4 of its motion inapposite. The cases *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), and *Logosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d. Cir. 2006), concern news media efforts to invoke the common law right to have access to certain sealed judicial records. *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2006) is even less relevant as it relates to the qualified First Amendment right to access to criminal records, not civil matters sealed by operation of statute. As the Court in *Nixon* noted, "this right to inspect and copy judicial records is not absolute," 435 U.S. at 598, and that right is trumped here by the FCA's statutory seal provisions.

-3-

directing any action in the above-captioned case (again, which is now a part of MDL No. 1456).

Moreover, if the statement is unrelated to this action, Abbott has no legitimate claim to being a

recipient of service of the sealed statement.  The above-captioned action is not affected by the

clarification sought in the sealed statement.

The United States complied with the Court's order and the FCA's sealing provisions.

The JPML accepted the filing.  Abbott has not identified any legitimate interest in obtaining the

sealed statement relating to other matters.  Providing Abbott a version with any names redacted

would still be inappropriate because both names and substance of the sealed statement are meant

to be protected by the FCA statutory seal.  Accordingly, the United States respectfully asks this

Court to deny Abbott's motion to compel.

Dated: _____, 2006                        Respectfully submitted,
     Miami, Florida


                                               PETER D. KEISLER
                                             ASSISTANT ATTORNEY GENERAL

                                             R. ALEXANDER ACOSTA
                                             UNITED STATES ATTORNEY


                               By:    s/ Mark Lavine
                                        MARK A. LAVINE
                                        Fla. Bar No. 648876
                                        mark.lavine@usdoj.gov
                                        ANA MARIA MARTINEZ
                                        Fla. Bar No. 735167
                                        ana.maria.martinez@usdoj.gov
                                        ANN ST. PETER-GRIFFITH
                                        Fla. Bar No. 0033154
                                        ann.st.peter-griffith@usdoj.gov
                                        Assistant U.S. Attorneys
                                        99 N.E. 4th Street, 3rd Floor
                                        Miami, FL  33132
                                        Phone:  (305) 961-9003
                                        Fax: (305) 536-4101
                                        Attorneys for United States of America

Case 1:01-cv-12257-PBS   Document 4980-4   Filed 04/26/07   Page 73 of 88
Case 3:01-cv-12257-PBS   Document Collation   Filed 08/28/2007   Page 24 of 26

Dated: _____, 2006      By: _____
       Washington, D.C.

             MICHAEL F. HERTZ
             michael.hertz@usdoj.gov
             JOYCE R. BRANDA
             joyce.branda@usdoj.gov
             RENÉE BROOKER
             renee.brooker@usdoj.gov
             JUSTIN DRAYCOTT
             justin.draycott@usdoj.gov
             GEJAA T. GOBENA
             gejaa.gobena@usdoj.gov
             Civil Division
             Commercial Litigation Branch
             P. O. Box 261
             Ben Franklin Station
             Washington, D.C.  20044
             Phone:  (202) 307-1088
             Attorneys for the United States of America

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Response to Order to Show Cause was served via __U.S. Mail_____ to those individuals identified on the attached Service List this __25th _ day of August, 2006:


___s/ Mark Lavine_____

Mark A. Lavine
Assistant United States Attorney


Or


_____

Gejaa T. Gobena
Trial Attorney
United States Department of Justice

-6-

**SERVICE LIST**

United States of America, ex rel Ven-A-Care of the Florida Keys, Inc.,
v.
Abbott Laboratories, et al.

Case No. 06-21303-Civ-GOLD/Turnoff

James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com
*Counsel for Relator*

Mark P. Schnapp, Esquire
Sabrina R. Ferris, Esquire
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Tel: (305) 579-0541
Fax:(305) 579-0717
Email: SchnappM@gtlaw.com
Email: FerrisS@gtlaw.com

Daniel Reidy, Esq.
James Daly, Esq.
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com
*Counsel for Defendant*s

Gejaa T. Gobena
Civil Division
Ben Franklin Station
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9028
Washington, DC 20004
Tel: (202) 307-1088
Fax: (202) 307-3852
Email: gejaa.gobena@usdoj.gov
*Counsel for Plaintiff*

Mark A. Lavine
Assistant U.S. Attorney
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9003
Fax: (305) 536-4101
E-mail: mark.lavine@usdoj.gov
*Counsel for Plaintiff*

-7-

Case 1:01-cv-12257-PBS    Document 4080-4    Filed 04/26/07    Page 76 of 88

# EXHIBIT H

13446870

E-SERVICE
Jan 12 2007
2:51PM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| ———————————————— | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | Hon. Patti Saris |
| | ) | |
| *United States of America ex rel. Ven-a-Care of* | ) | |
| *the Florida Keys, Inc., v. Abbott Laboratories,* | ) | |
| *Inc.,* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |

**UNITED STATES' RESPONSE TO
ABBOTT LABORATORIES, INC.'S MOTION FOR COMPLIANCE
WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF**

Abbott Laboratories, Inc. ("Abbott") did not meet and confer as required by Local Rule

7.1(a)(2) before filing its Motion to Compel Compliance with JPML Rule 1.6 and Reply

Memorandum In Support of Its Motion to Compel Production of *Ex Parte* Filings ("Motion").

The Motion should be stricken on that basis alone. Regardless, as discussed below, the Motion is

substantively without merit.

**I.    The Judicial Panel on Multidistrict Litigation Rules Do Not Require The Transfer
Of Sealed Filings From Non-Transferred Cases.**

Abbott obscures or confuses in its Motion what was transferred to this Court and what

was not. The filings Abbott seeks are in the court file of a non-transferred, sealed case. Had

Abbott conferred with the United States as required by Local Rule 7.1(a)(2), the United States

would have been able to clarify for Abbott that all of the pleadings in the case actually transferred

to this Court have been transmitted, and that the filings Abbott seeks are in the court file of a

non-transferred, sealed case.

The United States intervened in a drug pricing fraud suit against Abbott Laboratories, Inc. ("Abbott") on March 17, 2006. That suit was pending in the Southern District of Florida and unsealed on May 16, 2006. The intervened claims against Abbott were severed from another *qui tam* that is still pending in the Southern District of Florida. The intervened lawsuit against Abbott, *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.), was transferred to this Court on July 27, 2006. That was the only matter that was transferred to the Court. *See* July 27, 2006 JPML Transfer Order (specifically transferring *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.)) (Attached hereto as Ex. 1.)

Abbott has or has access to the entire content of the court file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.). To the extent that the entire file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.) was not transferred to this Court, the United States agrees that the file for that case should be transferred to this Court. It is the United States' understanding that the entire file for *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.) has already been transferred to this Court, and Abbott has stated nothing to contradict that belief. *See* September 11, 2006 Letter from Clarence Maddox, Southern District of Florida Clerk of Court to Clerk of Court for the District of Massachusetts (transmitting certified copy of docket sheet and instructions on how to electronically retrieve court file) (Attached hereto as Ex. 2.)

Rather, Abbott is moving this Court to compel the production of filings in another, still pending sealed case in the Southern District of Florida that has not been transferred to this Court. In a December 15, 2006 filing, the United States clarified this fact for the Court. Opposition to

2

Abbott Laboratories, Inc.'s Motion to Compel Production of *Ex Parte* Filings ("Opposition to Motion to Compel" ) (Docket # 3436) at 2-3. That action is not pending in this Court. That fact renders inapposite all of the arguments on pages 5 - 8 of Abbott's Memorandum in Support of this Motion. The only action that is subject to the jurisdiction of this MDL is *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, Case No. 06-21303 (S.D. Fla.).

Abbott could have filed its motion seeking the unsealing of the filings in the other case with the federal district court in Florida. Instead, Abbott asks this Court to (1) invoke Judicial Panel on Multidistrict Litigation ("JPML") Rule 1.6 to compel another district court judge to transfer a court file in a non-transferred case or (2) compel the United States to produce sealed documents in violation of the Florida court's orders and the False Claims Act's seal provisions. The United States respectfully submits that the Court should refrain from doing so. Abbott's effort to engage in forum shopping[1] to obtain sealed investigatory documents should be rejected.

## II.     The Sealed Filings In The Non-Transferred Case Are Irrelevant To Any Statute Of Limitations/Relation Back Issues.

Abbott contends that the severance of the claims against it from another FCA *qui tam* suit has some sort of bearing on any statute of limitations or relation back issues. Memorandum in Support of Motion at 3-4. It does not. Claims in amended complaints relate back to the original complaint if "(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim . . . arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." Fed R. Civ. P. 15

---

[1] As noted in the United States' Opposition to Motion to Compel, the district court in Florida has already rejected one attempt by Abbott to obtain sealed files in the other, non-transferred matter. Opposition to Motion to Compel (Docket # 3436) at 3-4.

3

(c).  Claims do not stop arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the relator's original complaint when claims are technically severed from a larger action.  Thus, the issue of severance is irrelevant to the issue of relation back.

Similarly, Abbott has failed to explain how the sealed filings bear on whether the FCA permits relation back or whether the United States' Complaint arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth" in the relator's original complaint.  Abbott has redacted copies all of the complaints filed in this matter; it has all the information necessary to raise any statute of limitations/relation back arguments it might chose to make.

### III.    There Is No Basis For Violating The Seal On The Filings In The Florida Case.

The United States has already set out fully its arguments on the propriety of unsealing the United States' pre-intervention filings on pages 4-13 of its Opposition to Motion to Compel.  *See* Docket Entry # 3436.  Abbott has not provided any case law supporting the unsealing of pre-intervention filings by the United States in a pending, sealed FCA *qui tam* case; the cases cited by Abbott all involved the unsealing of pre-intervention filings after the United States made its election to intervene or decline.[2]  The cases cited by Abbott do not support the unsealing of filings in FCA *qui tam* cases before final intervention decisions are made.

---

[2] Abbott proposes that only certified copies of filings that "related to claims against Abbott" be transmitted to this Court from the court in the Southern District of Florida.  Memorandum in Support of Motion at 3, n.1.  This is not a meaningful proposal.  Abbott does not explain what filings in a case where it was a named defendant would not "relate to claims against Abbott."  Thus, it unclear how this proposal does not essentially ask for a certified copy of the entire sealed file in the non-transferred case.

4

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny

Abbott's Motion to Compel Compliance with JPML Rule 1.6 and Reply Memorandum In

Support of Its Motion to Compel Production of *Ex Parte* Filings.

Respectfully submitted,

For the United States of America,

MICHAEL J. SULLIVAN                     PETER D. KEISLER
UNITED STATES ATTORNEY                  ASSISTANT ATTORNEY GENERAL


 /s/ George B. Henderson, II             /s/ Gejaa T. Gobena
George B. Henderson, II                 Michael F. Hertz
Assistant U.S. Attorney                 Joyce R. Branda
John Joseph Moakley U.S. Courthouse     Renée Brooker
Suite 9200, 1 Courthouse Way            Justin Draycott
Boston, MA 02210                        Gejaa T. Gobena
Phone: (617) 748-3272                   Civil Division
Fax: (617) 748-3971                     Commercial Litigation Branch
                                        P. O. Box 261
                                        Ben Franklin Station
R. ALEXANDER ACOSTA                     Washington, D.C.  20044
UNITED STATES ATTORNEY                  Phone:  (202) 307-1088
SOUTHERN DISTRICT OF FLORIDA            Fax: 202-307-3852

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101


Dated: January 12, 2007

5

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' RESPONSE TO  ABBOTT LABORATORIES, INC.'S MOTION FOR COMPLIANCE WITH JPML RULE 1.6 AND MOTION FOR LEAVE TO FILE REPLY BRIEF to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Gejaa T. Gobena
Dated: January 12, 2007                          Gejaa T. Gobena

6

Case 1:01-cv-12257-PBS    Document 4080-4    Filed 04/26/07    Page 83 of 88

13446870

Jan 12 2007
2:51PM

# EXHIBIT 1

Case 1:06-cv-21303-ASG    Document 44    Filed 09/11/2006    Page 1 of 3

RECEIVED BY
DKTG

SEP 1 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 1 2006

FILED
CLERK'S OFFICE.

*DOCKET NO. 1456*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., et al.,*
S.D. Florida, C.A. No. 1:06-21303 – CIU – ASG
*County of Ulster v. Abbott Laboratories, Inc., et al.,* N.D. New York, C.A. No. 1:06-123

## *CONDITIONAL TRANSFER ORDER (CTO-30)*

On April 30, 2002, the Panel transferred 16 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 201 F.Supp.2d 1378 (J.P.M.L. 2002). Since that time, 81 additional actions have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of April 30, 2002, and, with the consent of that court, assigned to the Honorable Patti B. Saris.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUL 2 7 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Case 1:95-cv-01431-ASG Document 2090 Entered on FLSD Docket 02/28/2007 Page 10 of 13
Case 1:01-cv-12257-PBS Document 4080-4 Filed 04/26/07 Page 85 of 88
Case 1:06-cv-21303-ASG Document 44 Filed 09/11/2006 Page 2 of 3

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone [202] 502-2800
Fax [202] 502-2888

http://www.jpml.uscourts.gov

July 27, 2006

Sarah Thornton, Clerk
2300 John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re: MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

(See Attached CTO-30)

Dear Ms. Thornton:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on July 11, 2006. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By_____
Mecca S. Carter
Deputy Clerk

I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☐ original filed in my office on _____

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:_____
Deputy Clerk

Attachment

cc:  Transferee Judge:     Judge Patti B. Saris
     Transferor Judges:    Judge Alan S. Gold; Judge Norman A. Mordue
     Transferor Clerks:    Clarence Maddox; Lawrence K. Baerman

JPML Form 36



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
I COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

**Sarah Allison Thornton**
CLERK OF COURT

August 2, 2006

Mr. Clarence G. Maddox II
Clerk/Court Administrator
United States District Court
150 Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128



IN RE: <u>MDL DOCKET No. 1456</u>  In Re: Pharmaceutical Industry Average
Wholesale Price Litigation
USDC - Massachusetts <u>Lead</u> Case No. 1:01-cv-12257-PBS
Your Case Civil Action No. 1:06-cv-21303
District of MA No.1:06-cv-11337-PBS

Dear Clerk:

Enclosed is a certified copy of the Order of the Judicial Panel on Multi-District Litigation,
transferring the cases on the attached listing to the U.S. District Court for the District of
Massachusetts for coordinated or consolidated pretrial proceedings pursuant to Title 28 United
States Code Section 1407.  These cases have been assigned to the Honorable Patti B. Saris.

In accordance with the Rules concerning Multi-District Litigation, please forward the
original case file, along with a certified copy of the docket entries and a copy of the transfer order
for the case now pending in your district as indicated above.  Also include a copy of this letter
when transmitting your records to the above address.

Your prompt attention to this matter is greatly appreciated.  If you should have any
questions, please do not hesitate to contact the undersigned at 508-929-9901, Robert Alba,
Courtroom Clerk for Judge Saris at 617-748-9175 or Christine Patch, Docket Clerk for Judge
Saris, at  617-748-9178.

Sincerely,

Sherry Jones
Deputy Clerk

Information Copy to:  Michael Beck, Clerk of the Panel
Counsel of Record
Robert Alba
Christine Patch

# EXHIBIT 2

Case 1:95-cv-01054-ASG  Document 204  Entered on FLSD Docket 02/29/2007  Page 88 of 88
Case 1:01-cv-12257-PBS  Document 4080-4  Filed 04/26/07  Page 13 of 13

Case 1:06-cv-21303-ASG    Document 45    Filed 09/11/2006    Page 1 of 1

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CLARENCE MADDOX
CLERK OF COURT



September 11, 2006

United States District Court
District of Massachusetts
Office of the Clerk
1 Courthouse Way
Boston, Massachusetts 02210

```
FILED by _____ D.C.
DKTG

SEP 1 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

RE:  MDL# 1456    In re: Ven-A-Care v. Abbott Laboratories
     Our Case #06cv21303-Gold

Dear Sir:

In compliance with the Conditional Order of Transfer, we are forwarding herewith a certified copy(s) of the docket sheet for the case(es) and a copy(s) of your letter. Our Court is transitioning into CM/ECF within the next month, and would respectfully ask you to obtain any documents required from the PACER website. The case record is  [  ] a combined paper and electronic file or [ X ] an electronic file and any imaged documents can be obtained at PACER.USCOURTS.GOV by using your Pacer (not CM/ECF) login and password. If you do not have a pacer login, please contact the Pacer Center at 1-800-676-6856.

Please acknowledge receipt of the above on the enclosed copy of this letter.

CLARENCE MADDOX
Clerk of Court

by: _____
     Steven C. Kalogerakis
     Deputy Clerk

Encl.