UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-CV-12257-PBS Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: CLASS 1 JURY TRIAL (ASTRAZENECA) | ) ) ) ) | |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S SUPPLEMENTAL MEMORANDUM ADDRESSING ISSUES CONCERNING AGGREGATE DAMAGES RAISED BY THE COURT AT THE APRIL 11, 2007 HEARING**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this

supplemental memorandum[1] to address aggregate damages issues raised by the Court during the

pretrial conference on April 11.  (See Transcript of Pretrial Conference (Apr. 11, 2007) ("Tr.") at

13-19.)

**QUESTIONS RAISED ON APRIL 11**

At the April 11 conference, the Court agreed with AstraZeneca's position on aggregate

class-wide damages and ruled that Plaintiffs could not ask the jury to find aggregate damages on

a class-wide basis.[2]  The Court indicated that damages must "at least" be done state by state.  (Tr.

at 14: 16-17, 16: 25-17: 1)  The Court then inquired as to the practicality and pros and cons of

---

[1] AstraZeneca submitted its Motion *In Limine* to Exclude Testimony and Evidence Concerning Aggregate Damages and supporting memorandum of law ("Def. Mem.") on March 23, 2007 [Docket Entries 3934 (motion), 3935 (memorandum)].

[2] As a result, Plaintiffs also should not be permitted to mention or otherwise present any class-wide damages estimates to the jury.  For the reasons discussed in AstraZeneca's memorandum in support of its motion *in limine*, such references to class-wide damages figures are irrelevant and unfairly prejudicial.

presenting the jury with conflicting evidence regarding approximately 40 separate state damages totals.  (Id. at 13: 4-7).

Plaintiffs' counsel indicated that its expert would be able to provide a state-by-state breakdown.  Counsel for AstraZeneca addressed the problems inherent even in a state-by-state aggregation and why *cy pres* is not appropriate in this circumstance, particularly unless any unclaimed remainder was directed to revert back to AstraZeneca.  Ultimately, the Court took under advisement whether or not it would permit the parties to present state-by-state aggregate damages numbers.  One question that bears on this issue and that was raised at the hearing, but not sufficiently addressed by the parties in the press of time, is the potential for confusion and complexity inherent in presenting the jury with approximately 40 separate state aggregate damage figures.  When compared with the alternative of having the jury decide one damage methodology, it is apparent that a state-by-state damages presentation would be extremely problematic for the jury and still remains prejudicial and unconstitutional as to AstraZeneca.  AstraZeneca submits this brief memorandum to address this issue.

### A.    Precluding state-by-state aggregate damages will streamline—not complicate—the jury's determination of damages.

At the April 11 conference, the Court expressed some concern that precluding state-by-state aggregate damages would be problematic.  As counsel for AstraZeneca noted during the April 11 conference (see Tr. at 16: 16-24, 19: 20-23), that would not be so.[3]  Asking the jury to determine the reference point for damages would speed up and simplify, not complicate, the entire process.  If the jury were to find liability for Class 1 in all 37 states, the appropriate finding

---

[3] AstraZeneca continues to reserve all objections under Federal Rule of Civil Procedure 23 and otherwise to the conclusions articulated by the Court at the April 11, 2007 conference regarding the instructions to be given the jury.

as to damages based on the evidentiary record would be to determine what *methodology* for measuring damages is supported by the evidence.  In other words, the jury would be asked to determine conceptually whether the alleged overcharge suffered by each Class 1 beneficiary should be measured by, as Dr. Hartman suggests, the difference between the AWP and the ASP, or alternatively, some other metric such as the difference between WAC and ASP.  This approach would streamline—not complicate—the jury's determination of damages, and leave the mechanical calculation of individual damages to a claims phase thereafter.

Because there is no dispute between the parties as to what the AWP, WAC, or ASP for Zoladex was at any point in time during the class period, there would be no need to reconvene the same or a second jury to determine the dollar amount to be awarded any particular Class 1 member.  Under any approach, including Plaintiffs' proposal, a separate claims process with a Special Master or similar official would be necessary to calculate the dollar amount to be awarded to any Class 1 member who can substantiate his claim.  Indeed, Plaintiffs anticipated such a proceeding in their Corrected Reply Memorandum in Support of Class Certification. (Corrected Pltfs. Reply Mem. in Support of Class Certification at 32 (Dec. 22, 2004) [Docket Entry 1271].)  Under AstraZeneca's proposal, the jury's finding as to the proper damages methodology would serve as the basis for easily determining, on a claimant-by-claimant basis, the amount of damages to be awarded to each Class 1 member.  Such a straightforward approach to damages would permit a jury finding as to the level of overpayment flowing from the "deception," but avoid the myriad statutory and constitutional problems associated with the award of aggregate damages, even on a state-by-state basis.  It would be a simpler and more appropriate way to handle the jury interrogatory at trial.

In contrast, Plaintiffs' proposed aggregate damage approach would require a jury to determine—on a state by state basis—whether Dr. Hartman's calculations are appropriate. Such an approach would potentially require a jury to answer pages of interrogatories in order make a finding as to the 37 states that Plaintiffs argue are in the case. Indeed, Plaintiffs' aggregate damages approach would inject significant, potentially overwhelming, complication into the jury trial, without obviating the need for a second, subsequent claims proceeding.

**B.      The Methodological Approach Would Avoid Legal Problems Associated With the Presentation of Hypothetical Aggregate Numbers**

The fundamental problems with an aggregate damages presentation set forth in AstraZeneca's motion *in limine* remain whether aggregate damages are calculated on a class-wide or state-by-state basis:

- Dr. Hartman's methodology improperly presumes the "fact of damage." (See Def. Mem. at 4.)

- Dr. Hartman's methodology fails to account for instances where payments by Medicare Part B beneficiaries are not based on AWP or the provider does not collect a co-payment or even submit a bill to a patient. As was made clear during the trial for Classes 2 and 3, upon close inspection, it may be that a significant percentage of payments were, in fact, *not* based on AWP. (See, e.g., AstraZeneca's Proposed Findings of Fact (Jan. 19, 2007) [Docket Entry 3569] ¶ 73 ("There were only two Zoladex claims paid by Class 2 Plaintiff Sheet Metal Workers . . . during the class period and one of the two Zoladex claims was not based on the Zoladex AWP.") (citing PX 4012, at 3 n.1, listing as a source SMWMASS 000001-SMWMASS 01772; see also Revised Trial Affidavit of Sharon Faulkner ¶¶ 17-21).) Experts assume that this category is significant, but Dr. Hartman has not seriously attempted to quantify it on a scientific basis. (See Def. Mem. at 5-6.)[4] Dr. Hartman's failure to account for *any* of these factors is fatal to his analysis.

---

[4] Further, to the extent Plaintiffs are arguing, as Mr. Sobol contended on April 11, that any aggregate damages calculation should include damages for those class members who merely "incurred . . . a debt" (Tr. at 18: 8-22), such an argument defies logic. Under this argument, a claimant who never actually paid for Zoladex would be permitted to recover damages despite never having suffered legally cognizable injury. In any event, whether an enforceable contract obligation arose and is still viable is an issue that is hopelessly individualized and not subject to class-wide proof, even on a state-by-state basis. Finally, the argument ignores state consumer protection laws, which require a monetary loss, among other things.

4

- Dr. Hartman does not account for the approximately 23,000 opt-outs or the barrier to recovery posed by the relevant statutes of limitations. (See id. at 9.)[5]

In the absence of an evidentiary basis for damages on an aggregate basis, AstraZeneca's constitutional rights may be violated if aggregate damages are nonetheless presented to the jury and awarded to Plaintiffs, even if on a state-by-state basis, unless the calculation of damages provides for the unclaimed remainder of the state-by-state aggregate damages awarded to be returned to AstraZeneca. Moreover, even if Dr. Hartman could provide state-by-state estimates that are reasonably accurate (which he has not done), the mandate of the Rules Enabling Act may be contravened if such estimates were to be presented to a jury, to the extent certain states do not permit fluid recovery. (See id. at 7-8.) As a result, presentation of state-by-state aggregate damages figures would also be unfairly prejudicial to AstraZeneca, in addition to adding to jury confusion. (See id. at 10-11.)

Accordingly, AstraZeneca's motion *in limine* should be granted. The Court should exclude testimony and evidence regarding aggregate damage numbers even on a state by state basis in favor of instructing the jury to determine one methodology for calculating damages on a per claimant basis in the vent there is a liability finding.

---

[5]Although Plaintiffs' counsel suggested that Dr. Hartman could provide a state by state presentation, he has not yet done so in any reliable manner. Contrary to Plaintiffs' counsel's suggestion (Tr. at 13: 8-11), Dr. Hartman has not disclosed aggregate damages calculated on a state-by-state basis, nor does he present a reasonably accurate means for doing so. Instead, Dr. Hartman presently calculates damages for the states included in Class 1 by multiplying the percentage of total Medicare expenditures attributable to these states in one year according to a Kaiser Family Foundation study to his total damages figure for the entire class period. (See Report of Raymond S. Hartman Regarding AstraZeneca with Respect to Class 1, attachment F.1.b.) This approach is far too crude to provide any reasonable approximation of damages, and presents a serious risk of under- or over-allocating damages to a particular state.

Dated:   Boston, Massachusetts
         April 26, 2007

                              Respectfully Submitted,


                        By:   /s/ Katherine B. Schmeckpeper
                              Nicholas C. Theodorou (BBO # 496730)
                              Michael B. Keating (BBO # 263360)
                              Michael P. Boudett (BBO # 558757)
                              Katherine B. Schmeckpeper (BBO #663200)
                              FOLEY HOAG LLP
                              155 Seaport Blvd.
                              Boston, Massachusetts  02210
                              Tel:  (617) 832-1000

                              D. Scott Wise
                              Michael S. Flynn
                              Kimberley D. Harris
                              DAVIS POLK & WARDWELL
                              450 Lexington Avenue
                              New York, New York  10017
                              Tel:  (212) 450-4000

                              Attorneys for AstraZeneca Pharmaceuticals LP

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on April 26, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.


By: /s/ Katherine B. Schmeckpeper
          Katherine B. Schmeckpeper