UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                                           )
IN RE PHARMACEUTICAL INDUSTRY              )    MDL NO. 1456
AVERAGE WHOLESALE PRICE                    )
LITIGATION                                 )    CIVIL ACTION NO. 01-CV-12257-PBS
_____ )
                                           )    Hon. Patti B. Saris
                                           )
THIS DOCUMENT RELATES TO                   )
CLASS 1 JURY TRIAL                         )
                                           )
_____ )

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S SUPPLEMENTAL MEMORANDUM ADDRESSED TO ISSUES RAISED BY THE COURT ON APRIL 11 REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO THE ASTRAZENECA GUILTY PLEA**

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this supplemental memorandum to address certain issues raised by the Court on April 11 regarding the admissibility of evidence relating to the AstraZeneca guilty plea.

There was much discussion on April 11 regarding the fact that the AstraZeneca guilty plea is an admission of a party opponent. Even if it is, there are still substantial evidentiary hurdles which render the plea in admissible.

1. **Unfair Prejudice.** Permitting the jury to hear that AstraZeneca pled guilty to a criminal violation of a federal statute runs a serious risk of overshadowing the entire case. Such evidence is the paradigmatic example of Rule 403 material -- that is, any probative value of such evidence "is substantially outweighed by the danger of *unfair* prejudice." Fed. R. Evid. 403 (emphasis added). As stated in the advisory committee notes, in this context, "'unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Plaintiffs do not contest that an admission of criminal guilt is unique in its ability to engender unfair prejudice. Indeed, engendering such prejudice towards AstraZeneca in the eyes of the jury is precisely why Plaintiffs seek to admit this material. Courts uniformly recognize the potential for unfair prejudice associated with evidence of criminal conduct "because evidence of a party's prior criminal conduct is likely to induce decision on a purely emotional basis, it is precisely the sort of evidence at which rule 403 is directed." *In re Investors Funding Corp. of New York*, 635 F. Supp. 1262 (S.D.N.Y. 1986) (excluding evidence of a scheme to divert company funds to contractor, and conviction of corporate officer, in a subsequent suit alleging fraud in company's insolvency).[1]

2.  **Probative Value.** The nuclear aspect of allowing the jury to hear evidence regarding the guilty plea must be juxtaposed with the nature of the claims being presented to the jury. The incidents underlying the plea agreement are distinct from the allegations in this case -- that AstraZeneca intentionally deceived consumers by inflating the Zoladex AWP and marketing return to practice to physicians. The gap between the conduct underlying the plea and claims here cannot be bridged simply by arguing that both were competitive responses to TAP. The fact that certain AstraZeneca employees engaged in illegal sampling practices contrary to company policy does not make it more or less probable that AstraZeneca intentionally deceived consumers

---

[1] *See also, e.g., In Re Catanella and E.F. Hutton and Co., Inc., Securities Litigation*, No. 82-3176, 1988 U.S. Dist. LEXIS 3179, at *5-6 (E.D. Pa. 1988) (in case alleging mishandling of brokerage account, plaintiff not permitted to introduce prior judgment against defendant for mishandling of securities accounts because the evidence was unduly prejudicial under Rule 403 and "the admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it"); *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 710 (2d Cir. 1983) (upholding exclusion of bribery conviction in antitrust case where bribery evidence not necessary to show violation of the Robinson-Patman Act, as conviction had little relevance, was "tangential, not central, to the case" and "the district court correctly viewed the proffered bribery evidence as inflammatory"); *United States v. Cook*, 557 F.2d 1149, 1152-1155 (5th Cir. 1977) (defendant's consent injunction in settlement of civil S.E.C. action erroneously admitted in mail fraud case where government argued that consent injunction led to development of company at center of mail fraud case involving "Schedule D" offerings because injunction documents may result in improper inference that defendant committed fraudulent acts listed in injunction documents).

through AWP inflation and marketing return to practice.  Despite extensive discovery over several years, Plaintiffs cannot point to a scintilla of evidence that ties the conduct underlying AstraZeneca's guilty plea to the marketing policies they allege violated numerous state consumer protection acts.  This is not surprising, as discovery has extensively established that encouraging physicians to bill Medicare for free samples of Zoladex was *never* part of AstraZeneca's (or its predecessor company Zeneca's) marketing strategy with regard to Zoladex.  *See* Schmeckpeper Decl. Ex. H (Black Dep. at 31:5-15); Ex. I (Buckanavage Dep. at 151:8-22); Ex. J (Chen Dep. at 146:8-11); Ex. K (Klein-Zignoli Dep. at 143:8-11); Ex. L (Mastrangelo Dep. at 246:3-6); Ex. M (Patterson Dep. at 132:16-20); Ex. N (Reisenauer Dep. at 78:18-79:4); Ex. O (Ryan Dep. at 15:14-20).

    3.    **Rule 404(b).**  During the April 11 pre-trial conference, there was discussion regarding the admissibility of the plea under Rule 404(b) as evidence of "state of mind."  *See* Tr. at 34:3-4, 14-15, April 11, 2007.  Rule 404(b) expressly prohibits introducing evidence of a party's other crimes or wrongs for purposes of creating an inference that the party acted in conformity with those prior acts.  The First Circuit applies a two part test when considering evidence offered under Rule 404(b).  *See Securities and Exchange Comm'n v. Happ*, 392 F.3d 12, 30 (1st Cir. 2004) (citing *United States v. Frankhauser*, 80 F.3d 641, 684 (1st Cir. 1996)).  First, the evidence must be probative of an issue in the case without including bad character or propensity in the inferential chain.  *Id*.  Second, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.  *Id*.  This portion of the test incorporates the Fed. R. Evid. 403 balancing test.  *Id*.  Thus, as an initial matter, Rule 404(b) remains subject to Rule 403 as unfairly prejudicial evidence and therefore for the reasons set forth above the Court should not admit evidence related to plea.

In addition to the Rule 403 constraint, Rule 404 requires that there must be an "exacting degree of similarity" when admitting prior bad acts to prove specific intent or motive. *See In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1484 (D.C. Cir. 1991), *rev'd in part on other grounds sub. nom*, *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217 (1996). To admit prior acts for purposes of showing intent, the intent required for the case at bar must be the same intent underlying the prior offense. *See United States v. Moree*, 897 F.2d 1329, 1335 (5th Cir. 1990) (to admit prior bad act as evidence of intent, "intent required to make the previous activity illegal must be the same intent required to convict the defendant of the offense charged").[2]

The intent at issue here – *i.e.*, knowingly inflating Zoladex's AWP in order deceive consumers so as to increase its nationwide market share -- is a far cry from "exactingly similar" to the intent underlying AstraZeneca's violation of the PDMA – *i.e*., providing free samples to two doctors knowing that those doctors would bill the government for certain of those samples.[3] The "schemes" which plaintiffs attempt to conflate in fact involved different conduct, via different agents. Accordingly, the plea cannot be admitted under Rule 404(b).

---

[2] *See also United States v. Mills*, 138 F.3d 928, 935 (11th Cir. 1998) (trial court erred in admitting evidence that defendant concealed purchase of jewelry from customs inspectors when returning from trip to Europe as evidence of her intent to defraud the government by falsifying passenger manifests for Medicare-reimbursed airplanes); *United States v. Gerard*, 926 F.Supp. 1351, 1359-1365 (N.D. Ill. 1996) (suspension of attorney's license for conduct involving dishonesty, fraud, deceit or misrepresentation in overcharging a client not admissible in mail fraud trial as proof of intent to misappropriate client funds; second incident in which attorney failed to disclose on legal bills that he had already collected portion of fees owed at real estate closing also not admissible as "fact that prior conduct involved fraud and the charged conduct involves fraud cannot alone justify admission of the evidence").

[3] *See, e.g., In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 664 (7th Cir. 2002), *cert. den., sub nom. Archer-Daniels-Midland Co. v. Dellwood Farms, Inc.*, 537 U.S. 1188 (2003) (noting that company's previous price-fixing misconduct related to lysine cannot be used as evidence that it participated in a conspiracy to fix the price of high fructose corn syrup); *In re Cantenella*, 1988 U.S. Dist. LEXIS 3179, at *8 (rejecting argument that guilty plea involving different conduct is admissible under Rule 404(b) as evidence of a "massive and widespread scheme to defraud"); *see also United States v. Morley*, 199 F.3d 129 (3d Cir. 1999) (trial court erred in admitting evidence that defendant had his parents notarize forged savings bonds as evidence of criminal intent in trial alleging that defendant attested to forged signature on a will; trial court's ruling reversed on appeal as only relevance of prior bad act was inference that defendant has criminal propensities); *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, No. 87 C 9853, 1993 WL 280765, at *3 (N.D. Ill. 1993) (collateral misrepresentations inadmissible to show plan or scheme to defraud when the subject matter of the collateral misrepresentations differs from the subject matter of the misrepresentations sought to be proved).

## **CONCLUSION**

For all of the above reasons, the Court should allow Defendant AstraZeneca Pharmaceuticals LP's Motion in Limine to Exclude Evidence Relating to Guilty Pleas, Civil Settlement and Sampling Activity.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Nicholas C. Theodorou (BBO # 496730)
Michael B. Keating (BBO # 263360)
Michael P. Boudett (BBO# 558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: April 26, 2007

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on April 26, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper