## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| *State of Montana v. Abbott Labs., Inc., et al.,* Cause No. CV-02-09-H-DWM (D. Mont.) | Judge Patti B. Saris |

### MONTANA'S RESPONSE TO DEFENDANT ABBOTT LABORATORIES' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The State of Montana, by its counsel, hereby responds to Defendant Abbott Laboratories'

Local Rule 56.1 Statement of Undisputed Material Facts In Support of Defendants' Motion for

Summary Judgment ("Abbott L.R. 56.1 Stmt.") and where necessary counter-designates

undisputed facts in opposition.  Counter-designations of deposition transcripts and documents

cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of

Nevada and Montana's Memoranda In Opposition to Individual Defendants' Motions for

Summary Judgment and will be referred to as "Breckenridge Decl., Ex. __".[1]

As a general objection to Abbott's Local Rule 56.1 Statement, the State states that is

principally supported by the Expert Declaration of Steven J. Young on Behalf of Abbott

Laboratories Relating to Montana ("Young Declaration").  Most of the contents of the Young

---

[1] The State also incorporates Plaintiffs' Post-Trial Proposed Findings of Fact dated January 19, 2007("PFOF") (Dkt. No. 3553).  The State further incorporates the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants ("MT L.R. 56.1 Stmt.") (Dkt. No. 3737); and State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("MT's Resp. to Defs' Jt. L.R. 56.1 Stmt.") (Dkt. No. 3903). State of Montana further designates the Montana Declarations of Raymond S. Hartman re Calculation of Damages and Penalties dated June 13, 2006 and June 20, 2006 (Breckenridge Decl., Exs. 1 and 2).

Declaration constitute opinion testimony which is neither annotated nor supported by fact.  The

State asserts this objection to Mr. Young's declaration in general, whether or not an explicit

objection is stated below.

**A.     Response to Defendants Alleged Undisputed Facts**

1.     Admit.  The State counter-designates the Second Amended Complaint (Aug. 1,

2003) Ex. A (Breckenridge Decl., Ex. 5).

2.     Admit the fact that the Abbott Subject Drugs are from two different divisions.

Deny that the unsupported statements in the Young Declaration ¶¶ 24-25 are facts and deny that

the Young Declaration supports Abbott L.R. 56.1 Stmt. ¶ 2.

3.     Admit the fact in Abbott L.R. 56.1 Stmt. ¶ 3.  Deny that the unsupported

statements in the Young Declaration ¶ 25 are facts and deny that the Young Declaration supports

Abbott L.R. 56.1 Stmt. ¶ 3.

4.     Admit the fact in Abbott L.R. 56.1 Stmt. ¶ 4.  Deny that the unsupported

statements in the Young Declaration are facts and deny that the Young Declaration supports

Abbott L.R. 56.1 Stmt. ¶ 4.

5.     Admit the fact in Abbott L.R. 56.1 Stmt. ¶ 5.  Deny that the unsupported

statements in the Young Declaration are facts and deny that the Young Declaration supports

Abbott L.R. 56.1 Stmt. ¶ 5.

6.     Admit the fact in Abbott L.R. 56.1 Stmt. ¶ 6.  Deny that the unsupported

statements in the Young Declaration are facts and deny that the Young Declaration supports

Abbott L.R. Stmt. 56.1 ¶ 6.

7.     Admit.

8.     The State can neither admit nor deny this unproved "fact" which is supported only

by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not

provided the data referenced.  The State further counter-designates that it is not clear whether and how the data relates to Montana.  Also, Mr. Young's opinion acknowledges that it is limited to "large chain pharmacies."  Abbott submits no evidence to refute evidence on the record that Direct Price was not available to Montana providers.  Montana counter-designates the following evidence:  Breckenridge Decl., Ex. 40 (Poulsen Dep. Tr. at 152, 189); Ex. 8 (MT 005440); Ex. 11 (MT 005370-71); and Ex. 10 (MT 005358-59).

9.      The State counter-designates that MONT. ADMIN. R. 37.86.1101(a) (2006) describes "direct price" as that "charged by manufacturers to retailers."  The State further counter-designates that "direct price" is described in *In re Pharm. Indus. Average Wholesale Price Litig.*, 2007 U.S. Dist. Lexis 26601, at *19-20 (D. Mass. Mar. 22, 2007).  Otherwise deny.

10.     The State can neither admit nor deny this unproved "fact" which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided independent evidence of the "fact" referenced or sufficient support for the opinion.

11.     The State can neither admit nor deny this unproved fact which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided independent evidence of the "fact" referenced and the bases he states for his opinion are both undocumented and insufficient.  *See* Young Declaration.

12.     Admit.

13.     The State can neither admit nor deny this unproved "fact" which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided independent evidence of the "fact" referenced.

14.     Deny.  Young Abbot MT. Rept. at ¶ 34 merely states that "the majority of HPD's products are multi-source drugs with generic competition".

- 3 -

15.      Deny.  The Young Abbott MT. Rept. does not support this "fact."

16.      The State can neither admit nor deny this unproved "fact" which is supported only by Gaier's opinion declaration.  The State counter-designates that Gaier has not provided independent evidence of the "fact" referenced.

17.      The State can neither admit nor deny this unproved "fact" which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided independent evidence of the "fact" referenced.  Further, Young Abbott MT Rpt. at ¶ 26 does not mention WAC.

18.      Admit the fact in Abbott L.R. 56.1 Stmt. ¶ 18.  Deny that the Young Declaration (which is opinion) supports Abbott L.R. 56.1 Stmt. ¶ 18.

19.      Deny.

20.      The State can neither admit nor deny this unproved "fact" which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided the data referenced.  The State further counter-designates that if Montana Medicaid reimbursed for any drugs in this category based on inflated AWP it has a claim.

21.      Deny.  The State counter-designates Breckenridge Decl., Ex. 70 (Montana Medicaid spreadsheet of Calcijex expenditures since Jan. 1991).

22.      Deny.  The State states that the unproved "fact" is supported only by Mr. Young's opinion declaration.  The State counter-designates the claims data it has provided.

23.      Deny.  The State states that the unproved "fact" is supported only by Mr. Young's opinion declaration.  The State counter-designates the claims data it has provided.

24.      The State can neither admit nor deny this unproved "fact" which is supported only by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not

- 4 -

provided the data referenced.  The State further counter-designates that this "fact" is limited to

one quarter in 1997 and the relevant time period for Montana's claim is 1991 to the present.

25.     Deny.  The State counter-designates testimony and documents showing the true

status of direct pricing within Montana Medicaid.  Montana counter-designates the following

evidence:  Breckenridge Decl., Ex. 40 (Poulsen Dep. Tr. at 152, 189); Ex. 8 (MT 005440); Ex.

11 (MT 005370-71); and Ex. 10 (MT 005358-59).

26.     Admit that Montana Medicaid discontinued Direct Price as a basis for

reimbursement.  Otherwise deny.  The State counter-designates testimony and documents

showing the true status of direct pricing within Montana Medicaid.  Montana counter-designates

the following evidence:  Breckenridge Decl., Ex. 40 (Poulsen Dep. Tr. at 152, 189); Ex. 8 (MT

005440); Ex. 11 (MT 005370-71); and Ex. 10 (MT 005358-59).

27.     Admit.  The State also counter designates testimony and documents showing the

true status of direct pricing within Montana Medicaid which shows that direct pricing was never

available to Montana providers and thus it was not a viable option for reimbursement.  Montana

counter-designates the following evidence:  Breckenridge Decl., Ex. 40 (Poulsen Dep. Tr. at 152,

189); Ex. 8 (MT 005440); Ex. 11 (MT 005370-71); and Ex. 10 (MT 005358-59).

28.     Admit.

29.     Deny.  The State counter-designates the entire document which puts the comment

in context.  The State further counter-designates that the comment corroborates the fact that

"direct prices are not available for the majority of pharmacies in the state, that is, pharmaceutical

companies are not selling these drugs to pharmacies in Montana at the direct price.  ARM

37.86.1101(1)(b) currently provides that if the direct price is not available to providers in the

state, the estimated acquisition cost (EAC), on which reimbursement may be based, will be the

- 5 -

AWP minus the discount specified in the rule.  Thus, at the present time the EAC used to calculate reimbursement should be based on the AWP rather than the direct price."  MT 013531-39 at 36 (Breckenridge Decl., Ex. 9).  The comment continues by stating that the unavailability of direct price is the reason the Medicaid agency is eliminating direct pricing from the reimbursement methodology effective June 5, 2002.  The reference to "direct price" in the ARM 37.86.1101 "*is being left in the rule because the direct price may be available to pharmacies in the state at some time in the future.*"  *Id.*

30.    Deny.  The State counter-designates MT 013531-39.  Breckenridge Decl., Ex. 9.

31.    Deny.  *See* the State's response to Abbott L.R. 56.1 Stmt. ¶ 29.

32.    Admit.

33.    Deny.  The State counter-designates the Hartman Montana declarations. (Breckenridge Decl., Exs. 1 and 2).

34.    Admit.  The State also counter-designates the OBRA Budget Reconciliation Act of 1990 ("OBRA '90").

35.    The State can neither admit nor deny this unproved "fact" which is unsupported by Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided the data referenced.  The State also counter-designates OBRA '90.

36.    Deny.  This unproved "fact" is supported by only Mr. Young's opinion declaration.  The State counter-designates that Mr. Young has not provided the data referenced. The State further counter-designates that there is a dispute among the parties as to whether the methodology used by Abbott and Mr. Young applying the rebate as an offset to the amount reimbursed to the retail pharmacy is appropriate.  The State counter-designates Dr. Hartman's Montana Declaration.  Dr. Hartman's opinion is that the rebates should not be part of the

damages equation because the rebate will be the same regardless of whether the AWP is inflated – because it is based on AMP, not AWP or other variable measures. In other words, the States were entitled to base reimbursements on accurate average wholesale prices and then receive rebates based on AMPs in addition. Hartman Mont. Decl. ¶ 32 (Breckinridge Decl., Ex. 1).

37. Deny. The State denies that "Montana" purchased HPD Subject Drugs directly from Abbott. The State counter-designates that certain State agencies may have.

38. Deny. The State denies that "Montana" purchased HPD Subject Drugs directly from Abbott. The State counter-designates that certain State agencies may have.

39. The State can neither admit nor deny this unproved "fact" which is unsupported by Mr. Young's opinion declaration. The State counter-designates that Mr. Young has not provided the data referenced.

40. The State admits that it received OIG publications. The State cannot, however, identify specific OIG publications it reviewed or admit that it reviewed specific OIG publications. The State counter-designates testimony in which Duane Preshinger testifies to a random, uncertain, non-specific practice as to whether OIG publications were reviewed and by whom and there is no evidence prior to his tenure which started in 2002. (Breckenridge Decl., Ex. 7, Duane Preshinger April 20, 2006 deposition testimony at 126-129).

41. Admit that OIG published a report with that title in October 1992. The State counter-designates the full report, including the limitation that the review for the report was conducted from July 1991 to December 1991 only.

42. Admit that OIG published a report with that title in December 1997. The State counter-designates the full report.

43.     Admit that OIG published a report with that title in January 2001.  The State counter-designates the full report.

44.     Admit.

45.     The State can neither admit nor deny this fact.  Young Abbott MT Rpt. ¶ 40 n.32 does not relate to this topic.

46.     Admit the fact that Montana had access to DOJ AWPs.  Deny Young Declaration ¶ 40 n. 32.  The State counter-designates that there is no evidence that it did not use the DOJ AWPs.  The State further counter-designates the Defendants never asked State personnel if the DOJ AWPs were used by Montana Medicaid.  *See*, *e.g.*, Preshinger Dep. Tr. at 146-47 (Breckenridge Decl., Ex. 7).  Moreover, the State counter-designates evidence that the DOJ AWPs were used until their use was ordered discontinued.  *See also* MT 013843 (Breckenridge Decl., Ex. 12.)

**B.     Montana's Additional Counter-designations of Facts**

47.     The State also incorporates and refers to the following additional evidence: Montana's Response to Pfizer/Pharmacia L.R. 56.1 Statement.

48.     Abbott knowingly, willfully and intentionally concealed its "actual average price for every Subject Drug by withholding data on actual sales prices and discounts each time it reported the AWP.  *See*, *e.g.*, ABT AWD/MDL 071942-43, ABT AWD/MDL 722000, ABT 006305-334 at 6333 (Breckenridge Decl., Exs. 46-49).

- 8 -

By_____/s/ Steve W. Berman_____          DATED:  April 26, 2007
   Steve W. Berman
   Sean R. Matt
   Jeniphr A.E. Breckenridge
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Mike McGrath
   Attorney General of Montana
   Ali Bovingdon
   Assistant Attorney General
   Justice Building
   215 North Sanders
   P.O. Box 201401
   Helena, MT  56920-1402
   (406) 444-2026

   COUNSEL FOR PLAINTIFF
   STATE OF MONTANA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **MONTANA'S RESPONSE TO DEFEENDANT ABBOTT LABORATORIES' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By_____/s/ Steve W. Berman_____
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292