## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Montana v. Abbott Labs., Inc., et al.*,<br>    Cause No. CV-02-09-H-DWM (D. Mont.),<br><br>*State of Nevada v. American Home Prods. Corp., et al.*,<br>    Cause No. 02-CV-12086-PBS | |

## STATES OF NEVADA AND MONTANA'S RESPONSE TO DEFENDANT AVENTIS PHARMACEUTICALS INC.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION <u>FOR PARTIAL SUMMARY JUDGMENT</u>

The States of Montana and Nevada, by their counsel, hereby respond to Defendant

Aventis Pharmaceuticals Inc.'s Local Rule 56.1 Statement of Undisputed Material Facts In

Support of Its Motion for Summary Judgment ("Aventis L.R. 56.1 Stmt.") and where necessary

counter-designates undisputed facts in opposition to the motion.  Counter-designations of

deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr

Breckenridge in Support of the States of Nevada and Montana's Memoranda In Opposition to the

Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge

Decl., Ex. __."[1]

---

[1] The States also incorporate herein to Plaintiffs' Post-Trial Proposed Findings of Fact (Jan. 19, 2007, Dkt. No. 3553).  The States further incorporate the following factual submissions.  State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants (Dkt. No. 3737); State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment (Dkt. No. 3903).  The States further designate the Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Montana dated June 13,

In addition, the State reserves all evidentiary objections to the use of the evidence by Defendants.

A.      **Response to Aventis's Alleged Undisputed Facts**

1.      Admit.

2.      Deny.  The States counter-designate that the evidence offered does not prove the proposition stated.  The letters submitted as Exhibit C to the Declaration of Joseph G. Matye ("Matye Decl.") are addressed to "Dear Pharmaceutical Buyer" not to pricing publications. Many of the letters further state:  "[i]f you have any questions, please feel free to contact your National Trade account manager, our Customer Service Department."  This does not prove the numbers were provided to pricing publications.

3.      Deny.  The States counter-designate that the evidence offered does not prove the proposition stated.  The Clare Brunken testimony states that the relationship between the WAC and AWP for certain unidentified RPR drugs "varied," that the range was "twenty to 25 percent" and that she "did not know" if there was "some standard relationship" for Aventis drugs.  She also did not know if there were any policies at RPR concerning AWP or AWP pricing.  Matye Decl. Ex. A.

4.      Deny.  *See* objections to Aventis L.R. 56.1 ¶ 3.  In addition, the States state that HMR is not even mentioned in Matye Decl. Ex. C.

5.      Deny.  The evidence proffered does not establish the proposition.

---

2006 ("Hartman Mont. Decl.") (Breckenridge Decl., Ex. 1), and the Supplementary Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Montana dated June 20, 2006 ("Hartman Mont. Supp. Decl.") (Breckenridge Decl., Ex. 2), the Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Nevada dated June 13, 2006 ("Hartman Nev. Decl.") (Breckenridge Decl., Ex. 3), and the Supplementary Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Nevada dated June 19, 2006 ("Hartman Nev. Supp. Decl.") (Breckenridge Decl., Ex. 4).

6.     Deny.

7.     Deny.  The evidence proffered does not establish the proposition.  The States admit that the statement appears on certain pages constituting Matye Ex. C.  However, the States cannot determine who received the letters and whether the language appeared consistently from the date stated.

8.     Deny.  The evidence proffered does not establish the proposition.  The States admit that MSP does not appear on the letter dated August 2, 2001, but cannot draw the conclusions sought from that fact.

9.     Deny.  The evidence proffered does not establish the proposition.  The States counter-designate that Aventis has not submitted any letters dated after August 2, 2001 and therefore Aventis submits no evidence capable of proving its conduct after August 2, 2001.

10.     Deny.  The States counter-designate that the witness's testimony was that the guidelines were not written, but unwritten and the witness did not testify about who "established" the guidelines.  The States further counter-designate testimony indicating that the existence of the guidelines did not "insure" or "ensure" anything with respect to particular drugs because "one product could go up above the CPI, but as long as the whole portfolio didn't, [Aventis] felt [it was] within whatever [its] policy was."  Matye Decl. Ex. B. at 60:2-4.

11.     Deny.  The States counter-designate that the witness's testimony was that the "Belle CPI" was something different.

12.     Deny.  The evidence proffered does not prove the proposition.

13.     The States do not have enough information to admit or deny this proposition. Aventis has not provided the States with adequate data or information to test this proposition.

14.     The States do not have enough information to admit or deny this proposition. Aventis has not provided the States with adequate data or information to test this proposition.

15.     Deny.  The evidence proffered does not prove the proposition.  Matye Decl. Ex. B does not provide any information about any wholesalers receiving a "two percent prompt pay discount when they pay for the products within a specified time period."

16.     Deny.  The evidence proffered does not support the proposition.

17.     Deny.  Aventis has not submitted evidence demonstrating that the "vast majority of Medicaid reimbursements for self-administered drugs at issue in these cases were made to retail pharmacies who do not receive discounted pricing from Aventis" *or* that "for the vast majority of transactions at issue here, Aventis's net sales price for its self-administered drugs are either at or near wholesale price" – other than expert witness Hughes's unsupported statements to the effect.

18.     Deny.  Aventis has not submitted evidence demonstrating this proposition.  If it is based on analyses or calculations completed by Dr. Hughes, the work has not been provided to the State.  Moreover, the States object to the use of the Walgreens and Snyders' data as unauthenticated and inadmissible evidence.  Aventis Nev. Answer to Amended Compl., ¶¶ 5, 126.  Aventis Mont. Answer to SAC, ¶¶ 162.

B.     **States' Counter-Designation of Additional Evidence**

19.     Aventis understood that state Medicaid programs reimbursed based on AWP.  *See* ABA WP 000846-852 (Breckenridge Decl., Ex. 61).

- 4 -

By_____/s/ Steve W. Berman_____          DATED: April 26, 2007
   Steve W. Berman
   Sean R. Matt
   Jeniphr A.E. Breckenridge
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA 98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   COUNSEL FOR THE
   STATES OF MONTANA AND NEVADA

   Mike McGrath
   Attorney General of Montana
   Ali Bovingdon
   Assistant Attorney General
   Justice Building
   215 North Sanders
   P.O. Box 201401
   Helena, MT 56920-1402
   (406) 444-2026

   COUNSEL FOR THE
   STATE OF MONTANA

   Catherine Cortez Masto
   Attorney General of the State of Nevada
   L. Timothy Terry
   Assistant Attorney General
   100 N. Carson Street
   Carson City, Nevada 89701-4714

   COUNSEL FOR PLAINTIFF
   STATE OF NEVADA

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATES OF NEVADA AND MONTANA'S RESPONSE TO DEFEENDANT AVENTIS PHARMACEUTICALS INC.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292