UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS | Judge Patti B. Saris |

**NEVADA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN FURTHER SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR SUMMARY JUDGMENT**

The State of Nevada, by its counsel, hereby responds to the Local Rule 56.1 Statement of Undisputed Material Facts In Further Support of Defendant AstraZeneca Pharmaceuticals LP's Motion for Summary Judgment ("AZ L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge In Support of The States of Nevada and Montana's Memoranda In Opposition To The Individual Defendants' Motions For Summary Judgment ("Breckenridge Decl.") and are referred to as "Breckenridge Decl. Ex. __".[1]

    1.    Admit.

    2.    Admit that this is sometimes true, but Nevada counter-designates evidence that AstraZeneca recognized the role pharmacists potentially play in interceding with physicians to

---

[1] The State also incorporates Plaintiffs' Post-Trial Proposed Findings of Fact dated January 19, 2007 (Dkt. No. 3553), including all transcripts, direct testimony declarations and exhibits referred to therein.

"implement switching" when "doing so proves financially favorable."  Breckenridge Decl., Ex. 54 at AstraZeneca 0463899.

    3.    Admit.

    4.    Deny.

    5.    Admit that this is a conclusion drawn by AstraZeneca expert Joel Winterton.

    6.    Admit that this is an accurate quotation from the Hartman Nev. Decl.

    7.    Deny.  The State counter-designates a spreadsheet reflecting Zoladex spreads for the period 1991 to 2002.  25% is the lowest spread reported, 169.31 % is the highest spread reported.  The spreadsheet was submitted as part of the Direct Testimony of Raymond S. Hartman in connection with the MDL Trial.  Breckenridge Decl., Ex. 42.

    8.    Deny.  The State counter-designates that this is the expert opinion of AstraZeneca expert Mr. Winterton.

    9.    Deny.

    10.    Deny.

    11.    Admit that the Nevada Medicaid dispensing fee for 2004 was $4.76.  Admit that the Grant Thornton study concludes that the cost to dispense a prescription was $12.71 in 2006, but can neither admit nor deny this is true.

    12.    Admit.

    13.    Admit that this is a conclusion drawn by Mr. Winterton in his declaration.

    14.    Admit that this is a conclusion drawn by Mr. Winterton in his declaration.

    15.    Admit that this is a conclusion drawn by defense expert Dr. Gaier in support of Defendants' Joint Motion.  Nevada Medicaid denies knowledge of the purchases described.

The State counter-designates evidence that reflects the fact that Medicaid personnel did not have notice of the drug purchasing or reimbursement practices of non-Medicaid State entities and the fact that the same purchasing and reimbursement opportunities are not available to every state entity.  Duarte Dep. Vol. V at 51, 58-59, 68 (Declaration of Jeniphr A.E. Breckenridge In Support of Plaintiff's Opposition To Defendants' Joint Motion For Summary Judgment (Dkt. No. 3911) ("Breckenridge Decl. In Supp. of Nev. Opp. To Def. Jt. MSJ"), Ex. 4); Lawrence Dep. Vol. 2 at 256 (Breckenridge Decl. In Supp. of Nev. Opp. To Def. Jt. MSJ, Ex. 5); *Id*. Vol. III at 444; Squartsoff Dep. at 115 (Breckenridge Decl. In Supp. of Nev. Opp. To Def. Jt. MSJ, Ex. 7).

Nevada further states that the Court has adopted "established fact" that:

> After May 2000, Nevada had information regarding how three other Nevada pharmacy programs, namely the Department of Mental Health, Public Employee Benefits, and Senior Rx, acquired and/or reimbursed drugs.

The State counter-designates that AstraZeneca's fact goes beyond the "established fact."

16. Deny.

17. Deny.  Hartman MDL Rept. ¶ 33 is Dr. Hartman's criticism of defense expert Mr. Young.

18. Admit that Hartman calculated 30% to be the market expectation for private payors and described this as a liability threshold.

19. Deny that Dr. Hartman's theory is relevant to the Medicaid programs as market participants.  The State counter-designates that the "yardstick" for the Medicaid programs is the reimbursement methodologies set by their state's rules and regulations.  For Montana that was AWP -10 % or AWP -15 % during the relevant time period.  This is the proper measure for these lawsuits and this is the measure that Dr. Hartman used.

- 4 -

20. Deny. Nevada counter-designates that Hartman Nev. Decl. ¶ 3 (Breckenridge Decl., Ex. 3) explains one of the bases of Dr. Hartman's liability opinion.

21. Deny. Nevada counter-designates that the Hartman Nev. Decl. ¶ 16(b) (Breckenridge Decl., Ex. 3) states the formula for But-For Reimbursements.

22. Nevada cannot respond because it does not understand the statement.

23. Admit.

24. Admit Dr. Hartman did not calculate damages for physician-administered drugs.

25. Admit.

26. Admit.

27. Deny. The State counter-designates that this is speculative opinion testimony by a non-party who is a paid industry lobbyist.

28. Deny.

By  /s/ Steve W. Berman               DATED:  April 26, 2007
 Steve W. Berman
 Sean R. Matt
 Jeniphr A.E. Breckenridge
 HAGENS BERMAN SOBOL SHAPIRO LLP
 1301 Fifth Avenue, Suite 2900
 Seattle, WA  98101
 Telephone: (206) 623-7292
 Facsimile: (206) 623-0594

 Catherine Cortez Masto
 Attorney General of the State of Nevada
 L. Timothy Terry
 Deputy Attorney General
 100 N. Carson Street
 Carson City, NV 89701-4714

 COUNSEL FOR PLAINTIFF
 STATE OF NEVADA

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATE OF NEVADA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN FURTHER SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292