UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs., Inc., et al.*,<br>    Cause No. CV-02-09-H-DWM (D. Mont.) | CIVIL ACTION:  01-CV-12257-PBS |

**MONTANA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDSIPUTED MATERIAL FACTS IN FURTHER SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR SUMMARY JUDGMENT**

The State of Montana, by its counsel, hereby responds to the Local Rule 56.1 Statement of Undisputed Material Facts In Further Support of Defendant AstraZeneca Pharmaceuticals LP's Motion for Summary Judgment ("AZ L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion.  Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge In Support of The States of Nevada and Montana's Memoranda In Opposition To The Individual Defendants' Motions For Summary Judgment ("Breckenridge Decl.") and are referred to as "Breckenridge Decl., Ex. __".[1]

    1.    Admit.

---

[1] The State also incorporates the State of Montana's Memorandum In Support of Motion For Partial Summary Judgment Against Certain Defendants (Dkt. No. 3731) and Plaintiffs' Post-Trial Proposed Findings of Fact dated January 19, 2007 (Dkt. No. 3553), including all transcripts, direct testimony declarations and exhibits referred to therein.  The State further incorporates and refers herein to the State of Montana's Response To Statement of Undisputed Material Facts In Support of Defendants' Joint Motion For Summary Judgment (Dkt. No. 3903) ("Mont. Resp. to Def. Jt. L.R. 56.1 Stmt.").

- 1 -

- 2 -

2. Admit, but Montana counter-designates evidence that AstraZeneca recognized the role pharmacists potentially play in interceding with physicians to "implement switching" when "doing so proves financially favorable." Breckenridge Decl., Ex. 54 at AZ 0463899.

3. Admit.

4. Admit that this is a conclusion drawn by AstraZeneca expert Joel Winterton.

5. Deny. The State counter-designates a spreadsheet reflecting Zoladex spreads for the period 1991 to 2002. 25% is the lowest spread reported, 169.31 % is the highest spread reported. The spreadsheet was submitted as part of the Direct Testimony of Raymond S. Hartman in connection with the MDL Trial. Breckenridge Decl., Ex. 42.

6. Admit that this is an accurate quotation from the Hartman Mont. Decl.

7. Deny. The State counter-designates that this is the expert opinion of AstraZeneca expert Mr. Winterton.

8. Deny.

9. Deny.

10. Admit that this was a conclusion of the Montana Pharmacy Association 2002 Survey of Montana Community Pharmacies, but counter-designate other portions of the survey which state the surveys limitations, including the facts that the survey had a 40.6 percent return rate, 84% of the refusals came from corporate/chain pharmacies, the survey took into account dispensing fees and costs related to payor sources other than Medicaid, and the survey data and results were unverified.

11. Admit.

12. Admit.

13. Admit that this is a conclusion drawn by Mr. Winterton in his declaration.

14. Admit that this is a conclusion drawn by Mr. Winterton in his declaration.

15. Montana cannot respond because it does not understand the statement.

16. Deny. Montana states that the government's knowledge is the subject of deep dispute in this matter. The State also counter-designates Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. ¶ 38; the state further counter-designates the Declaration of Jeff Buska In Support of Montana's Opposition to Defendants' Joint Motion for Summary Judgment (Dkt. No. 3906) *in passim* (reflecting that Montana Medicaid did not know that AWPs did not equal average wholesale prices).

17. Deny.

18. Deny.

19. Admit that Bayer began reporting ASPs in August 2001. Deny other "facts" that constitute Def. Joint L.R. 56.1 Stmt ¶¶ 117-118. Montana counter-designates that Bayer's reporting is irrelevant to the State's claims against AstraZeneca.

20. Admit that as a result of a June 2003 Corporate Integrity Agreement ("CIA") between AstraZeneca Pharmaceuticals LP and the OIG, AstraZeneca was required to provide ASPs for "Covered Products" as defined in that Agreement. Otherwise deny. Montana counter-designates that the evidence is disputed as to whether the Montana Medicaid program ever received the ASPs. Mont. Resp. to Def. Jt. L.R. 56.1 ¶ 117. The State further counter-designates that the one page letter AstraZeneca relies on to establish the purported fact that AstraZeneca provided the ASPs, Duffy Decl. Ex. 6, was stamped received by the Child & Adult Health Resources office, a non-Medicaid entity.

Montana also counter-designates that Duffy Decl. Ex. 6 is an incomplete document even though Montana provided AstraZeneca with the complete document from its files during the

course of discovery in this case and AstraZeneca could have provided the complete document from its own files.  The State counter-designates the rest of the document, including the 3Q03 ASP Data list, which shows that the only AstraZeneca Subject Drug for which AstraZeneca was required to report an ASP was Zoladex, a drug that Montana concedes is no longer part of this lawsuit.  *See* November 14, 2003 Letter from Deborah A. Saez, Medicaid Pricing Coordinator, AstraZeneca with attachments (MT 038039-038047) (Breckenridge Decl., Ex. 15).

Montana strongly objects to AstraZeneca's misleading use of this evidence.

21. Admit that this is a conclusion drawn by defense expert Dr. Gaier in support of Defendants' Joint Motion.  Otherwise deny.  Montana Medicaid counter-designates that it did not have knowledge of the purchases described.  Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. at ¶ 7.  Montana Medicaid further counter-designates that it did not purchase drugs.

22. Admit.

23. Deny.  Hartman MDL Decl. ¶ 33 is Dr. Hartman's criticism of defense expert Mr. Young.

24. Admit that Hartman calculated 30% to be the market expectation for private payors and described this as a liability threshold.

25. Deny that Dr. Hartman's theory is relevant to the Medicaid programs as market participants.  The State counter-designates that the "yardstick" for the Medicaid programs is the reimbursement methodologies set by their state's rules and regulations.  For Montana that was AWP -10 % or AWP -15 % during the relevant time period.  This is the proper measure for these lawsuits and this is the measure that Dr. Hartman used.

26. Deny. The state counter-designates that Hartman Mont. Decl. ¶ 3 (Breckenridge Decl., Ex. 1) explains one of the bases of Dr. Hartman's liability opinion.

27. Deny. The state counter-designates that the Hartman Mont. Decl. ¶ 161(b) (Breckenridge Decl., Ex. 1) states the formula for But-For Reimbursements.

28. Admit.

29. Admit.

30. Admit.

31. Deny. This is opinion, not fact.

32. Deny.

33. Deny.

34. Admit.

By  /s/ Steve W. Berman  DATED: April 26, 2007
Steve W. Berman
Sean R. Matt
Jeniphr A.E. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **MONTANA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN FURTHER SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292