# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| *State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.), | Judge Patti B. Saris |

### MONTANA'S RESPONSE TO BAYER'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF BAYER'S MOTION FOR SUMMARY JUDGMENT

The State of Montana, by its counsel, hereby responds to the Bayer's Rule 56.1 Statement of Undisputed Facts In Support of Motion for Summary Judgment ("Bayer L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to Bayer's motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the State of Nevada and Montana's Memoranda in Opposition to the Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge Decl. Ex. __." The State also incorporates the submissions made on behalf of Nevada and Montana in opposition to each of the Defendants' individual motions for summary judgment.[1]

In addition, the State reserves all objections to the use of the evidence by Defendants.

---

[1] The State also incorporates herein the exhibits to the State of Montana's Memorandum In Support of Motion For Partial Summary Judgment Against Certain Defendants (Dkt. No. 3731). The State further incorporates herein Plaintiffs' Post-Trial Proposed Findings of Fact ("PFOF") (Dkt. No. 3553).

**A.      Response to Defendants Alleged Undisputed Facts**

1. Admit.

2. Admit.

3. Admit.

4. The State counter-designates that the Second Amended Complaint – taken *in toto* – states Montana's allegations against Bayer and its co-defendants.

5. The State counter-designates that the Second Amended Complaint – taken *in toto* – states Montana's allegations against Bayer and its co-defendants.

6. Admit.

7. The State counter-designates that the Second Amended Complaint – taken *in toto* – states Montana's allegations against Bayer and its co-defendants.

8. Admit.

9. Admit.

10. Admit the first sentence. Deny Greenman testimony as mischaracterizing the evidence.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit, but counter-designates 2001 Settlement Agreement, Pt. III(1)(a) reflecting the fact that Bayer paid $14,000,000 to the United States despite denying it did anything wrong.

16. The State incorporates its response to Bayer L.R. 56.1 Stmt., ¶ 15.

17. Deny. The State has no way to determine the truth of this unsupported statement. The State further counter-designates that there is no evidence in the record of whether Bayer cooperated or not.

18. Deny. The State has no way to determine the truth of this unsupported hearsay statement.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit that the CIA appears to create the position of Compliance Officer. Deny all other propositions in Bayer L.R. 56.1 Stmt., ¶ 33, including that any evidence in the record establishes Bayer followed the CIA "requirements." Additionally deny that CIA Pt. III(A)-(D) exists in the copy Bayer provided to the State (which copy is irregularly numbered).

34. Admit that the CIA appears to "call for" Bayer to take the actions stated in Bayer L.R. 56.1 Stmt. Deny that CIA Pt. III(E) exists in the copy Bayer provided to the State (which copy is irregularly numbered).

35. Deny. The evidence in the record does not support this proposition. The State further notes that the "certification" Bayer submits is not executed.

36. Deny. The evidence in the record does not support this proposition.

37. Deny. The State has no way of knowing the scope of Bayer's obligations to other states and the federal government under the 2001 Settlement Agreement. The Greenman Affidavit is unsupported hearsay.

38. Admit.

39. Admit.

40. Deny. The State has no way of knowing whether this was done. Additionally, the Greenman Affidavit is unsupported hearsay.

41. Deny. The State has no way of knowing whether this was done. Additionally, the Greenman Affidavit is unsupported hearsay.

42. Deny. The State has no way of knowing whether this was done. Additionally, the Greenman Affidavit is unsupported hearsay.

43. Deny. The State has no way of knowing whether OIG has advised Bayer of any problem or concern with its ASP reporting. Further, the State counter-designates testimony regarding its problems with Bayer ASP reporting.

44. Deny. The State has no way of knowing whether any state has made such a request or whether Bayer actually kept and made available its workpapers and supporting documentation. Additionally, the Greenman Affidavit is unsupported hearsay.

- 4 -

45. Deny. Bayer L.R. 56.1 Stmt., ¶ 45 is opinion testimony, not "undisputed fact."

46. Admit that the quotation is an accurate reproduction of material that appears on the letter. Otherwise deny.

47. Admit. The State counter-designates that this settlement did not cover Subject Drugs Cipro or Adalat.

48. Admit that this was an allegation, among other allegations.

49. Admit. The State counter-designates that the "Covered Conduct" did not cover Subject Drugs Cipro or Adalat.

50. Admit. Additionally, the Greenman Affidavit is unsupported hearsay.

51. Admit. Additionally, the Greenman Affidavit is unsupported hearsay.

52. Admit.

53. Admit. Additionally, the Greenman Affidavit is unsupported hearsay.

54. Deny. There is no evidence in the record that any "assessment" was ever conducted. Additionally, the Greenman Affidavit is unsupported hearsay.

55. Admit.

56. Admit.

57. Admit.

58. Deny. The State has no way of knowing whether OIG has advised Bayer of any problem or concern with its ASP reporting. Further, the State counter-designates evidence regarding its problems with Bayer ASP reporting. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt., ¶ 117.

59. Admit.

60. Deny. The State has no way of knowing whether Bayer has "fully complied with all its obligations under the 2003 Settlement Agreement." Deny that the Greenman Affidavit is admissible evidence of this fact.

61. Admit that the quotations are accurate reproductions of the documents cited. Otherwise deny.

62. Admit.

63. Admit.

64. Admit.

65. Admit.

66. Bayer has identified what it characterizes as a conflict in the Court's June 10, 2004 Memorandum and Order. Montana can neither admit nor deny Bayer's interpretation. Montana defers to the Court on interpreting the Memorandum and Order.

67. Bayer has identified what it characterizes as a conflict in the Court's June 10, 2004 Memorandum and Order. Montana can neither admit nor deny Bayer's interpretation. Montana defers to the Court on interpreting the Memorandum and Order.

68. Admit.

69. Admit, but the State counter-designates evidence regarding its problems with Bayer ASP reporting. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt., ¶ 117.

70. Montana admits the first sentence. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

71. Admit.

001534-15 161765 V1

72. Montana can neither admit nor deny the "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

73. Montana admits the first sentence. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

74. Admit.

75. Montana can neither admit nor deny the "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

76. Montana admits the first sentence. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

77. Montana admits the first sentence. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

78. Admit.

79. Montana can neither admit nor deny the "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

80. Admit.

81. Montana admits the first sentence. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

82. Admit.

001534-15 161765 V1

83. Montana can neither admit nor deny the "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

84. Admit.

85. Montana admits its answers to the discovery were accurate.

86. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court.

87. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

88. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

89. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

90. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

91. Montana can neither admit nor deny the other "facts" stated. Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

001534-15 161765 V1

92.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

93.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

94.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

95.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

96.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

97.     Montana can neither admit nor deny the other "facts" stated.  Montana counter-designates that they are irrelevant to the motion before the Court as they do not relate to claims Montana is pursuing.

98.     Admit.

99.     Admit.

100.    Admit.

101.    Admit.

001534-15 161765 V1

102. Montana admits that Montana Medicaid occasionally received Bayer's ASP quarterly data. The State counter-designates that there is no evidence that Montana Medicaid received Bayer's quarterly ASP data every quarter. *See, e.g.,* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt., ¶ 117; Declaration of Jeff Buska In Support of State of Montana's Opposition to Defendants Joint Motion for Summary Judgment (Dkt. No. 3906), ¶ 32; Buska Dep. at 501 (Breckenridge Decl., Ex. 58).

103. Admit. The State counter-designates evidence of problems it had utilizing Bayer ASP data. Mont. Resp. to Def. Jt. L.R. 56.1 Stmt., ¶ 117.

104. Admit that this is an accurate reproduction of the interrogatory response.

105. Deny. Montana counter-designates that there is no evidence that they received the reports regularly. Furthermore, there is no evidence in the record that First DataBank received it at all.

106. Deny. Montana counter-designates that Shannon Marr was deposed and was not asked about the document. Rule 30(b)(6) witness Jeff Buska, when asked about the document, testified about what he *imagined* Shannon Marr did. Bayer L.R. 56.1 Ex. D-2 at 531.

107. Deny.

108. Admit that the document was produced from Montana Medicaid files. Otherwise deny. The State counter-designates that there is no definitive evidence in the record establishing Bayer's description of the document.

109. Deny. Montana counter-designates that there is no evidence in the record about what Shannon Marr or other author was doing with the handwritten notes.

By    /s/ Steve W. Berman                              DATED:  April 26, 2007
Steve W. Berman
Sean R. Matt
Jeniphr A.E. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

## CERTIFICATE OF SERVICE

     I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **MONTANA'S RESPONSE TO BAYER'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT BAYER CORPORATION'S JOINT MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By    **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

- 12 -