UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. American Home Products, et al.,*<br>    CA NO. 02-CV-12086-PBS (Nevada II) | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**NEVADA'S RESPONSE TO FUJISAWA USA, INC. AND
FUJISAWA HEALTHCARE, INC.'S SUPPLEMENTAL
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The State of Nevada, by its counsel, hereby responds to Defendants Fujisawa USA, Inc's and Fujisawa Health Care, Inc.'s Supplemental Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment ("Fujisawa Supp. L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of Nevada and Montana's Memoranda in Opposition to Defendants' Motion for Summary Judgment ("Breckenridge Decl.").[1]

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Admit.

---

[1] The State also incorporates herein the exhibits to the State of Montana's Memorandum In Support of Motion For Partial Summary Judgment Against Certain Defendants (Dkt. No. 3731), the State of Nevada's Opposition to Defendants' Joint Motion for Summary Judgment (Dkt. No. 3910), and the State of Nevada's Response to Statement of Undisputed Facts in Support of Defendants' Joint Motion for Summary Judgment (Dkt. No. 3909). The State further incorporates Plaintiffs' Post-Trial Proposed Findings of Fact (Dkt. No. 3553).

- 1 -

- 2 -

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Deny.  Nevada assumes that Fujisawa intended to cite to Wilhite Decl. Ex. D, although this is not specified.  The State counter-designates that the evidence submitted does not support the proposition that "most" of Fujisawa's physician-administered drugs have been multi-source since as late as 1995.  Nevada has no way to know what Fujisawa means by "most" and cannot locate many of the Subject Drugs in the excerpt that constitutes Wilhite Decl. Ex. D.

13. Nevada admits that Dr. Hartman's analysis of multi-source physician-administered drugs was limited as explained in the Hartman Nevada Declaration (June 13, 2006) ¶ 23(c) (Breckenridge Decl. Ex. 3):  "Given the time consuming process of performing the cross-walk for multi-source physician-administered drugs reimbursed by J-Code, I would not analyze liability for physician-administered drugs once they go generic, even if I had ASP data for a generic drug of a Defendant.  This concern was not relevant for physician-administered drugs reimbursed by J-Code, because such data was not made available by Nevada."  Otherwise deny.

14. Nevada admits that Dr. Hartman's analysis of multi-source physician-administered drugs was limited as explained in the Hartman Nevada Declaration (June 13, 2006) ¶ 23(c) (Breckenridge Decl. Ex. 3):  "Given the time consuming process of performing the cross-walk for multi-source physician-administered drugs reimbursed by J-Code, I would not analyze

liability for physician-administered drugs once they go generic, even if I had ASP data for a generic drug of a Defendant.  This concern was not relevant for physician-administered drugs reimbursed by J-Code, because such data was not made available by Nevada.  Otherwise deny.  Dr. Hartman did not "refuse" to do anything.

15. Admit.

16. Admit.

17. Admit that a patient's doctor decides which self-administered drug to prescribe. Admit that the pharmacist pays for the drugs from manufacturers or wholesalers, and Medicaid then reimburses the pharmacist.  Admit that the person making the prescription decision does not obtain any direct profit from the difference between drug acquisition cost and AWP.

18. Admit.

19. Admit that "providers must pay the price set by manufacturers" for every drug. Deny that pharmacies generally purchase the drugs at prices close to acquisition cost or provider list price; Nevada counter-designates that the evidence shows that providers receive rebates and discounts not reflected in the AWP for Prograf and other Fujisawa Subject Drugs.

20. Admit that Fujisawa does not have a role in deciding which drugs should be prescribed to particular patients and that Fujisawa does not provide or dispense drugs directly to patients.  Deny that Fujisawa "does not receive any reimbursement on the cost of drugs from states, the federal government, government programs or any other third-party payor"; the State counter-designates that Fujisawa profits when the drugs are prescribed by providers, purchased by patients and reimbursed by Nevada, the federal government, government programs or any other third-party payor.

- 4 -

21. Deny. Nevada counter-designates that "*see generally* Complaints" is inadequate evidence of this proposition. Nevada further counter-designates that this "fact" is misleading at least with respect to the reference to "Nevada state court." As Fujisawa knows, Fujisawa was sued in the Nevada AWP case. For reasons not pertinent here, the case was bifurcated into a federal and a state branch (Nevada I and Nevada II). The State further counter-designates that this proposition is irrelevant here where Nevada brings legitimate claims against Fujisawa, evidenced by Dr. Hartman's calculation of penalties of $3,502,000. *See* Breckenridge Decl. Ex. 3 (Hartman Nev. Decl., Table 4).

22. Deny. Nevada counter-designates that general citations to cases is inadequate evidence of this proposition.

23. Admit that neither Fujisawa nor any of its employees have ever been deposed in cases in which counsel to Nevada is counsel. Otherwise, Nevada cannot admit nor deny.

By    /s/ Steve W. Berman                              DATED:  April 26, 2007
   Steve W. Berman
   Sean R. Matt
   Jeniphr A.E. Breckenridge
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Catherine Cortez Masto
   Attorney General of the State of Nevada
   L. Timothy Terry
   Deputy Attorney General
   100 N. Carson Street
   Carson City, Nevada 89701-4714

   COUNSEL FOR PLAINTIFF
   STATE OF NEVADA

- 5 -

## CERTIFICATE OF SERVICE

       I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NEVADA'S RESPONSE TO FUJISAWA USA, INC. AND FUJISAWA HEALTHCARE, INC.'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

       By   **/s/ Steve W. Berman**
         Steve W. Berman
         **HAGENS BERMAN SOBOL SHAPIRO LLP**
         1301 Fifth Avenue, Suite 2900
         Seattle, WA  98101
         (206) 623-7292

- 5 -
001534-13 164139 V1