# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS (Nevada II), and | |
| *State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.) | |

## MONTANA AND NEVADA'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT IMMUNEX CORPORATION'S INDIVIDUAL MOTION FOR SUMMARY JUDGMENT

The State of Montana, by its counsel, hereby responds to Statement of Undisputed Material Facts In Support of Defendant Immunex Corporation's Individual Motion for Summary Judgment ("Immunex L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion.  Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the State of Nevada and Montana's Memoranda in Opposition to the Individual Defendants' Motions for Summary Judgment ("Breckenridge Decl.").[1]

---

[1] The States also incorporate herein the exhibits to the State of Montana's Memorandum In Support of Motion For Partial Summary Judgment Against Certain Defendants (Dkt. No. 3731), the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants (Dkt. No. 3737) and the State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("MT's Resp. to Def. L.R. 56.1 Stmt.") (Dkt. No. 3903), the Memorandum in Support of the State of Nevada's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 3910), and the State of Nevada's Response to Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment (Dkt. No. 3909).  The States further incorporate Plaintiffs' Post-Trial Proposed Findings of Fact (Dkt. No. 3553).

**A.  The States' Responses to Immunex's Statement of "Undisputed Facts"**

1.  Admit.

2.  Admit.

3.  Admit.

4.  Admit that Sipos Decl. Ex. G shows that for 1995 that there were a number of companies selling leucovorin calcium that are not defendants in these lawsuits.  Deny that Sipos Decl. Ex. G shows the same for methotrexate sodium.  The States counter-designate that this "fact" cannot be proved by the evidence Immunex submits.

5.  Admit.

6.  Admit.

7.  Admit.

8.  Admit that the letters submitted report "list price" to First DataBank on specific dates.  Deny that the letters prove that "[a]s of mid-1995 Immunex completely ceased any reporting of suggested AWPs to publishers" and reported instead "list price."  The States counter-designate that fact that even if this were true (and the evidence does not establish that it is), Immunex continued to control AWPs for its subject drugs after it discontinued directly reporting AWPs.  Immunex *knew* that the Publishers would use the list prices it provided to calculate AWPs and report them to the States and other payors in ways that were predictable and foreseeable and in this way Immunex continued to control the reporting of AWPs.  *See* Breckenridge Decl. Ex. 16 (IAWP012960) (internal Immunex document stating "Red Book and MediSpan set AWP based on list prices [so] . . .[i]n general, the databases need our pricing information by the 15th of each month").  Moreover, Immunex never sought to correct the AWPs that were inaccurately being published for Immunex Subject Drugs.

9.      Admit that Sipos Decl. Ex. G shows that First DataBank reported Direct Price for leucovorin calcium (Sipos Decl. Ex. G at 374) and methotrexate LPF and Methotreaxate Sodium Parenteral (Sipos Decl. Ex. G at 427) on the dates of the publications.  Otherwise deny.

10.     Deny.  The States counter-designate that Direct Price ("DP") could be the same as AWP depending on how the drug manufacturer sets DP and AWP, although it usually is not.  And even when they are not identical, they are formulaic equivalents.

11.     Deny.  Dr. Hartman and the States have acknowledged that Dr. Hartman did not calculate overcharge damages for Immunex.  *See* Breckenridge Decl. Ex. 1 (Hartman Mont. Decl., Table 1), Ex. 3 (Hartman Nev. Decl., Table 1).  The State counter-designates that Dr. Hartman calculated penalties for Immunex's Subject Drugs in both the Montana and Nevada cases.  *See id.*, Ex. 1 (Hartman Mont. Decl., Table 3 (calculating Immunex penalties of $ 90,000 based on AWP thresholds for Immunex single source drugs); Table 5 (calculating Immunex penalties of $ 48,000 based on AWP thresholds for Immunex physician administered drugs)).  *See also* Ex. 4 (Hartman Nev. Supp. Decl., Table 2 (calculating Immunex penalties of $ 97,500 based on AWP thresholds for Immunex single source drugs)).

12.     Deny.  Nevada counter-designates that Immunex misreads Sipos Decl. Ex. F.  The chart shows that Dr. Hartman found seven fraudulent claims for Immunex innovator drugs for total penalties of $52,500.  The exhibit shows $52,500 in the Total Statute Penalties Column.  *See also* Breckenridge Decl. Ex. 4 (Hartman Nev. Supp. Decl., Table 5a).

13.     Admit.

14.     Admit.

15.     Deny.  This is a legal question which is the subject of the summary judgment briefing, not an "undisputed fact."

**B.      The States' Counter-Designation Of Additional Undisputed Facts**

16.      Immunex understood that different Publishers, or databases, had differing interpretations of AWP.  For MediSpan, for example, "AWP represents the price at which the wholesaler sells a product to the pharmacy."  Breckenridge Decl. Ex. 16 (IAWP012960).

17.      Immunex recognized that "[m]ost payers base their reimbursement on either Red Book or Blue Book AWP."  Breckenridge Decl. Ex. 18 (IAWP116111) (Average Wholesale Price (AWP) & Billing Code Guide).

18.      Immunex tracked competitors' AWPs and the relative profits available based on acquisition costs and AWPs.  Breckenridge Decl. Ex. 17 (IAWP002694), Ex. 31 (IAWP111520-522), Ex. 29 (IAWP111515-111517, 111523, 109275-76), Ex. 30 (IAWP148490-498).

19.      Immunex controlled its own AWPs, including reporting AWPs directly to Publishers.  Breckenridge Decl. Ex. 23 (IAWP058538-550).

20.       Immunex used the "Average Wholesale Price (AWP) Product Pricing Guide," which listed each Immunex drug, along with its dose, NDC number and AWP.  The stated objective of the guide was "to provide our AWPs in an easy to access manner upon request" to "both third-party payers and customers."  Breckenridge Decl. Ex. 19 (IAWP112178-81).

21.      Immunex provided Pricing Guides to the Publishers.  Breckenridge Decl. Exs. 20-21 (IAWP002632; IAWP109286).

22.      At times, Publishers contacted Immunex to review and update AWPs.  Immunex complied.  Breck. Decl. Ex. 22 (IAWP021102-04).

23.      Immunex trained its sales force to market the spread.  Breckenridge Decl. Ex. 24 (IAWP086642, 86652, 86657); *Id.*, Ex. 25 (IAWP080507-509), Ex. 26 ( IAWP111514), Ex. 27 (IAWP108782-84).

24.     Immunex analyzed the profits available based on the difference between the

provider's acquisition cost and AWP.  Breckenridge Decl. Ex. 28 (IAWP081840-41,

IAWP085316-18).

25.     The above are merely *examples* of the evidence the States will submit at trial to

prove Immunex's unfair and deceptive conduct.


By____/s/ Steve W. Berman_____                DATED:  April 26, 2007
      Steve W. Berman
      Sean R. Matt
      Jeniphr A.E. Breckenridge
      HAGENS BERMAN SOBOL SHAPIRO LLP
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      Telephone: (206) 623-7292
      Facsimile: (206) 623-0594

      COUNSEL FOR PLAINTIFFS
      STATES OF MONTANA AND NEVADA

      Mike McGrath
      Attorney General of Montana
      Ali Bovingdon
      Assistant Attorney General
      Justice Building
      215 North Sanders
      P.O. Box 201401
      Helena, MT  56920-1402
      (406) 444-2026

      COUNSEL FOR PLAINTIFF
      STATE OF MONTANA

      Catherine Cortez Masto
      Attorney General of the State of Nevada
      L. Timothy Terry
      Deputy Attorney General
      100 N. Carson Street
      Carson City, Nevada 89701-4714

      COUNSEL FOR PLAINTIFF
      STATE OF NEVADA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **MONTANA'S AND NEVADA'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT IMMUNEX CORPORATION'S INDIVIDUAL MOTION FOR SUMMARY JUDGMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By    /s/ Steve W. Berman    

    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292

001534-15  165303 V1