UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. American Home Prods. Corp., et al.,*<br>Cause No. 02-CV-12086-PBS (Nevada II) | |

**STATE OF NEVADA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

The State of Nevada, by its counsel, hereby responds to the Local Rule 56.1 Statement of Undisputed Material Facts In Support of Novartis Pharmaceuticals Corporation's Motion for Summary Judgment ("Novartis Nev. L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion.  Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of Nevada and Montana's Memoranda In Opposition to the Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge Decl. Ex. __".[1]

1.      Admit, however the State counter-designates that it has refined the damages claimed as set forth in the Hartman Declarations.  Breckenridge Decl., Exs. 3-4.

---

[1] The State incorporates herein Plaintiffs' Post-Trial Proposed Findings of Fact (Dkt. No. 3553).  The State further incorporates herein the following factual submissions.  State of Nevada's Response To Statement of Undisputed Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("Nev.'s Resp. to Defs' L.R. 56.1 Stmt.") (Dkt. No. 3909) and Defendants' Joint Local Rule 56.1 Statement of Undisputed Material Facts in Support of Their Joint Motion for Summary Judgment ("Defs' Jt. Nev. 56.1 Stmt.") (Dkt. No. 3637).  The State further designates the Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Nevada dated June 13, 2006 ("Hartman Nev. Decl.") (Breckenridge Decl., Ex. 1), and Supplementary Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Nevada dated June 19, 2006 ("Hartman Nev. Supp. Decl.") (Breckenridge Decl., Ex. 2).

- 1 -

- 2 -

2.      Admit.

3.      Admit

4.      Deny.

5.      Admit.

6.      Admit the first two propositions.

7.      Deny.  The State counter-designates that Bell Decl. ¶ 10 does not relate to this topic.  The State further counter-designates Berndt Report ¶ 42 which states that "in most cases the retail pharmacy cannot freely substitute between different patent-protected single source brands, unless explicit permission is first obtained from the prescribing physician."  Finally, the State counter-designates that the legal opinion cited does not establish any facts for purposes of this litigation.

8.      Deny.  The evidence proffered does not establish the proposition.

9.      Deny.  This is the opinion of Novartis's paid expert and not "undisputed fact."

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit.

15.     The State can neither admit nor deny as Novartis does not provide enough objective information to confirm the proposition.

16.     Admit that Aredia is a Physician Administered Drug.  Otherwise the State can neither admit nor deny as Novartis does not provide enough objective information to confirm the proposition.

- 2 -

- 3 -

17.     Admit.

18.     Deny.

19.     Admit.

20.     Deny.  This is not an "undisputed fact" but Novartis's opinion as to why it markets the way it does.  Furthermore, the Arena transcript pages cited do not seem to relate to the proposition.

21.     Deny.  The Arena transcript pages cited do not relate to the proposition for which they are cited.

22.     Admit.

23.     Admit that this is an accurate quotation of the Novartis "broadcast fax" dated January 31, 1997.  Otherwise deny.  The State counter-designates that Novartis has not submitted any evidence of other language used or dates or that the State of Nevada or other payors – or any entity other than third-party publishers – received this broadcast fax or others.

24.     Admit.

25.     Admit.

26.     Deny.  The Morgan transcript cited does not support the proposition.  Furthermore, the testimony relates to "some manufacturers" who are unidentified and does not expressly relate to Novartis.

27.     Deny.

28.     Admit.  The State counter-designates that First DataBank ("FDB") did not admit any wrongdoing.  Lonergan Ex. 8 at 3 (FDB is settling the matter "despite its belief that it has valid and complete defenses to the claims asserted against them in the Class Action.").

001534-15  164908 V1

29.     The State admits that providers voluntarily participate in Medicaid and may deny services to Medicaid beneficiaries in the same way they would deny services to any person.  The State denies that the Def. Joint Nev. 56.1 Stmt. supports this proposition.  Admits that 42 U.S.C. § 1396(a)(30)(A) is accurately quoted.  Otherwise deny the references to Defs' Jt. Nev. 56.1 Stmt. that support the propositions.

30.     The State has previously responded to Defs' Jt. Nev. 56.1 Stmt., ¶¶ 45, 50, 53, 64 and 72 and incorporates its responses herein.  *See* Nev.'s Resp. to Def. Jt. L.R. 56.1 Stmt. Otherwise denied.

31.     Admit.

32.     Admit Novartis has paid rebates to Montana Medicaid.  Admit that the payment of rebates may have lowered Nevada Medicaid's net cost for certain Novartis drugs.  Deny the admissibility of Lonergan Affidavit, ¶¶ 5-7.  Otherwise deny.

33.     The State can neither admit nor deny the "fact" proffered based on Mr. Conley's opinion testimony.  Mr. Conley has not been qualified as an expert in this area.  It is not clear that the testimony is based on Mr. Conley's first hand knowledge.

34.     The State can neither admit nor deny the "fact" proffered based on Mr. Conley's opinion testimony.  Mr. Conley has not been qualified as an expert in this area.  It is not clear that the testimony is based on Mr. Conley's first hand knowledge.

35.     Admit.  Nevada also counter-designates evidence that the Nevada Medicaid pharmacy program did not have knowledge of the information that Novartis provides as ¶ 35. Nevada further counter-designates that it did not have knowledge of the drug purchasing or reimbursement practices of non-Medicaid agencies.  *See* Nev.'s Resp. to Def. Jt. L.R. 56.1 Stmt. at ¶ 98; and Duarte Tr. Vol. V at 51, 58-59, 68 (Breckenridge Decl., Ex. 69); Lawrence Tr.

- 4 -

- 5 -

Vol. 2 at 256 (Breckenridge Decl., Ex. 66); Lawrence Tr. Vol. III at 444 (Breckenridge Decl.,

Ex. 67; Squartsoff Tr. at 115 (Breckenridge Decl., Ex. 68).

36.    Admit.

37.    Admit.

38.    Nevada admits that Novartis did not produce responsive information.

39.    Admit.

40.    Nevada admits that Novartis did not produce responsive information.

41.    Admit.

42.    Nevada admits that Novartis did not produce responsive information.

By____/s/ Steve W. Berman_____        DATED:  April 26, 2007
        Steve W. Berman
        Sean R. Matt
        Jeniphr A.E. Breckenridge
        HAGENS BERMAN SOBOL SHAPIRO LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594

        Catherine Cortez Masto
        Attorney General of the State of Nevada
        L. Timothy Terry
        Deputy Attorney General
        100 N. Carson Street
        Carson City,  NV 89701-4714

        COUNSEL FOR PLAINTIFF
        STATE OF NEVADA

001534-15  164908 V1

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATE OF NEVADA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By        **/s/ Steve W. Berman**
       Steve W. Berman
       **HAGENS BERMAN SOBOL SHAPIRO LLP**
       1301 Fifth Avenue, Suite 2900
       Seattle, WA  98101
       (206) 623-7292

001534-15  164908 V1