UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: *State of Montana v. Abbott Labs., Inc., et al.,* Cause No. CV-02-09-H-DWM (D. Mont.) | |

## STATE OF MONTANA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT

The State of Montana, by its counsel, hereby respond to the Local Rule 56.1 Statement of Undisputed Material Facts In Support of Novartis Pharmaceuticals Corporation's Motion for Summary Judgment ("Novartis Mont. L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of Nevada and Montana's Memoranda In Opposition to the Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge Decl. Ex. __".[1]

In addition, the State reserves all evidentiary objections to the use of the evidence by Defendants.

---

[1] The State also incorporates herein Plaintiffs' Post-Trial Proposed Findings of Fact dated Jan. 19, 2007 (Dkt. No. 3553). The State further incorporates by reference here the following factual submissions. State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants ("MT L.R. 56.1 Stmt.") (Dkt. No. 3737); State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("MT's Resp. to Defs' L.R. 56.1 Stmt.") (Dkt. No. 3903). The State further designates the Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Montana dated June 13, 2006 ("Hartman Mont. Decl.") (Breckenridge Decl., Ex. 1), and Supplementary Declaration of Raymond S. Hartman Calculation of Damages and Penalties for the State of Montana dated June 20, 2006 ("Hartman Mont. Supp. Decl.") (Breckenridge Decl., Ex. 2).

1.      Admit, however the State counter-designates that it has refined the damages claimed as set forth in the Hartman Declarations.  Breckenridge Decl., Exs. 1 and 2.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Admit the first two propositions.

7.      Deny.  The State counter-designates that Bell Decl. ¶ 10 does not relate to this topic.  The State further counter-designates Berndt Report ¶ 42 which states that "in most cases the retail pharmacy cannot freely substitute between different patent-protected single source brands, unless explicit permission is first obtained from the prescribing physician."  Finally, the State counter-designates that the legal opinion cited does not establish any facts for purposes of this litigation.

8.      Deny.  The evidence proffered does not establish the proposition.

9.      Deny.  This is the opinion of Novartis's paid expert and not "undisputed fact."

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit.

15.     The State can neither admit nor deny as Novartis does not provide enough objective information to confirm the proposition.

16.     Admit that Aredia is a Physician Administered Drug.  Otherwise the State can neither admit nor deny as Novartis does not provide enough objective information to confirm the proposition.

17.     Admit.

18.     Deny.  Montana counter-designates that Montana Medicaid figures show that Montana Medicaid reimbursed for Aredia the amount of $44,636.91 and for Miacalcin $47,011.80.

19.     Admit.

20.     Deny.  This is not an "undisputed fact" but Novartis's opinion as to why it markets the way it does.  Furthermore, the Arena transcript pages cited do not seem to relate to the proposition.

21.     Deny.  The Arena transcript pages cited do not relate to the proposition for which they are cited.

22.     Admit.

23.     Admit that this is an accurate quotation of the Novartis "broadcast fax" dated January 31, 1997.  Otherwise deny.  The State counter-designates that Novartis has not submitted any evidence of other language used or dates or that the State of Montana or other payors – or any entity other than third-party publishers – received this broadcast fax or others.

24.     Admit.

25.     Admit.

26.     Deny.  The Morgan transcript cited does not support the proposition. Furthermore, the testimony relates to "some manufacturers" who are unidentified and does not expressly relate to Novartis.

27.     Deny.

28.     Admit.  The State counter-designates that First DataBank ("FDB") did not admit any wrongdoing.  Lonergan Ex. 8 at 3 (FDB is settling the matter "despite its belief that it has valid and complete defenses to the claims asserted against them in the Class Action.").

29.     The State admits that providers voluntarily participate in Medicaid and may deny services to Medicaid beneficiaries in the same way they would deny services to any person.  The State denies that the Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment ("Defs' MT Jt. 56.1 Stmt.") (Dkt. No. 3648) filed in the Montana matter supports this proposition.  Admits that 42 U.S.C. § 1396a(a)(30)(A) is accurately quoted. Otherwise deny the references to Defs' MT Jt. 56.1 Stmt. that support the propositions.

30.     The State has previously responded to Defs' MT Jt. 56.1 Stmt., ¶¶ 45, 50, 53, 64 and 72 and incorporate its responses herein.  *See* MT's Resp. to Defs' Jt. L.R. 56.1 Stmt. Otherwise denied.

31.     Admit.

32.     Admit Novartis has paid rebates to Montana Medicaid pursuant to federal statute. Admit that the payment of rebates may have lowered Montana Medicaid's net cost for certain Novartis drugs.  Deny the admissibility of Lonergan Affidavit, ¶¶ 5-7.  Otherwise deny.

33.     The State can neither admit nor deny the "fact" proffered based on Mr. Conley's opinion testimony.  Mr. Conley has not been qualified as an expert in this area.  It is not clear that the testimony is based on Mr. Conley's first hand knowledge.

34.     The State can neither admit nor deny the "fact" proffered based on Mr. Conley's opinion testimony.  Mr. Conley has not been qualified as an expert in this area.  It is not clear that the testimony is based on Mr. Conley's first hand knowledge.

- 4 -

35.     Admit.  Montana counter-designates that Novartis did not provide the Montana
Medicaid pharmacy program with discounts on Novartis drugs and that the Montana Medicaid
pharmacy program did not have knowledge of the information Novartis submits as ¶ 35.
Montana counter-designates that it did not have knowledge of the drug purchasing or
reimbursement practices of non-Medicaid agencies.  *See* MT's Resp. to Defs' Jt. L.R. 56.1 Stmt.
at ¶ 7; *see also* Breckenridge Decl., Exs. 64-65.


By_____/s/ Steve W. Berman_____          DATED:  April 26, 2007
     Steve W. Berman
     Sean R. Matt
     Jeniphr A.E. Breckenridge
     HAGENS BERMAN SOBOL SHAPIRO LLP
     1301 Fifth Avenue, Suite 2900
     Seattle, WA  98101
     Telephone: (206) 623-7292
     Facsimile: (206) 623-0594

     Mike McGrath
     Attorney General of Montana
     Ali Bovingdon
     Assistant Attorney General
     Justice Building
     215 North Sanders
     P.O. Box 201401
     Helena, MT  56920-1402
     (406) 444-2026

     COUNSEL FOR PLAINTIFF
     STATE OF MONTANA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATE OF MONTANA'S RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By_____ **/s/ Steve W. Berman**_____
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292