UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| *State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.) | |

**MONTANA'S RESPONSE TO DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S LOCAL RULE 56.1 STATEMENT OF UNDSIPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The State of Montana, by its counsel, hereby responds to Defendant TAP Pharmaceutical Products Inc.'s Local Rule 56.1 Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment ("TAP L.R. 56.1 Stmt.") and where necessary counter-designates undisputed facts in opposition to the motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of Nevada and Montana's Memoranda in Opposition to Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge Decl. Ex. __".[1]

As a general objection to TAP's Local Rule 56.1 Statement, the State states that it is principally supported by the Expert Declaration of Steven J. Young on Behalf of TAP

---

[1] The State also incorporates and refers herein to the exhibits to the State of Montana's Memorandum In Support of Motion For Partial Summary Judgment Against Certain Defendants (Dkt. No. 3731). The State further incorporates by reference here the following factual submissions:  State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants ("Mont. L.R. 56.1 Stmt.") (Dkt. No. 3737); State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("Mont. Resp. to Defs' L.R. 56.1 Stmt.") (Dkt. No. 3903).  The State further incorporates and refers to Plaintiffs' Post-Trial Proposed Findings of Fact (Dkt. No. 3553).

Pharmaceutical Products Inc. Relating to Montana ("Young Decl."). Most of the contents of the Young Declaration constitutes opinion testimony and is neither annotated nor supported by fact. To the extent this is the case, the State objects that TAP's Local Rule 56.1 Statement is improper.

1.  Admit.

2.  Admit.

3.  Admit that this is true for the Montana Medicaid program.

4.  Admit that this is the opinion of Steven J. Young, TAP expert. Montana counter-designates that the statements contained in this paragraph are not supported by anything other than Mr. Young's say-so and Montana has not received the supporting data and other material on which Mr. Young relies.

5.  Admit that this statement is true at certain times for certain Defendants. Otherwise deny.

6.  Admit that this is the opinion of Steven J. Young, TAP expert. Otherwise deny. Montana counter-designates that the statements contained in this paragraph are not supported by anything other than Mr. Young's say-so and Montana has not received the supporting data and other material on which Mr. Young relies. Montana also counter-designates that manufacturers provide a variety of prices and information to wholesalers and Publishers, including AWP. This statement cannot be fully admitted nor denied without further information.

7.  Montana admits that this statement appears in the Berndt Report.

8.  Admit that this is an accurate quotation from the Berndt Report.

9.  Admit.

10. Deny that Young Decl. ¶ 13 supports this proposition regarding "direct sales of Prevacid" (which are not mentioned in Young Decl. ¶ 13). Deny that that the Hartman excerpt

supports this proposition. Deny that the Schondelmeyer Report excerpt (which is Ex. 3, not Ex. 5) supports this proposition.

11. Deny. The material cited does not support the proposition.

12. Montana can neither admit nor deny this proposition as it is unintelligible.

13. Deny on the grounds that the Young Declaration states opinion testimony, not undisputed fact. It is included in the Young Declaration under the heading "OPINION" and it basically echoes the argument found at TAP Pharmaceutical Products Inc.'s Memorandum in Support of its Motion for Summary Judgment ("TAP Mem.") at 11-12. This is a legal conclusion, not undisputed fact.

14. Deny. Montana again counter-designates that this is unsupported opinion testimony of Mr. Young and is so designated under the heading "OPINION." Montana further counter-designates that TAP has not provided the data and materials underlying Mr. Young's opinions so Montana has not been able to test them, including the 66% rate Mr. Young quotes. As to the pharmacy actual acquisition cost for Prevacid units, the State counter-designates that Dr. Hartman described the methodologies he used to determine the acquisition costs for Prevacid and other drugs in his reports. *See* Breckenridge Decl. Exs. 1-2.

15. Admit that the State received ASP data provided by TAP on a periodic basis. The State counter-designates testimony reflecting the limited receipt and usability of the information. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. (Dkt. No. 3903) at ¶ 117 (and evidence cited therein); Declaration of Jeff Buska in Support of State of Montana's Opposition to Defendants' Joint Motion for Summary Judgment ("Buska Decl.") at ¶¶ 32-36 (Dkt. No. 3906).

16. Admit.

001534-15 164179 V1

- 3 -

17. Admit that the State received ASP data provided by TAP on a periodic basis. The State counter-designates testimony reflecting the limited receipt and usability of the information. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. (Dkt. No. 3903) at ¶ 117 (and evidence cited therein); Buska Decl. at ¶¶ 32-36. Montana also counter-designates that there is no evidence that Montana Medicaid ASP Reports for each quarter since fourth quarter 2001 and that the deposition excerpt TAP relies on is equivocal as to whether Montana Medicaid received the information.

18. Admit that this testimony relates to *Bayer* ASP information.

19. Admit, but the State counter-designates the following evidence describing the difficulty of using the ASPs. Breckenridge Decl. Ex. 58 (Buska Dep. at 557:21-558:21; 583:13-584:16).

20. Admit, but Montana counter-designates that the Montana Medicaid program did not have notice of this information. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. (Dkt. No. 3903) at ¶¶ 7-8. Montana further counter-designates that the program identified is unrelated to Montana Medicaid and subject to different federal and state regulations. The Montana Medicaid program is not eligible to participate in this program.

21. Admit, but Montana counter-designates that the Montana Medicaid program did not have notice of this information. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. (Dkt. No. 3903) at ¶¶ 7-8. Montana further counter-designates that the program identified is unrelated to Montana Medicaid and subject to different federal and state regulations. The Montana Medicaid program is not eligible to participate in this program.

22. Admit, but Montana counter-designates that the Montana Medicaid program did not have notice of this information. *See* Mont. Resp. to Def. Jt. L.R. 56.1 Stmt. (Dkt. No. 3903)

at ¶¶ 7-8.  Montana further counter-designates that the program identified is unrelated to Montana Medicaid and subject to different federal and state regulations.  The Montana Medicaid program is not eligible to participate in this program.

23. Admit that *if* the Department of Veteran Affairs Prevacid pricing is publicly available, the State and everyone else in the world could theoretically access it.  Deny that Veteran Administration pricing is relevant here.  Deny that Montana Medicaid personnel ever accessed this pricing information.

24. Admit that Montana has been eligible for federally-mandated rebates on eligible drugs since the Omnibus Budget Reconciliation Act of 1990 was enacted.  Deny that the statute cited establishes that rebates were available for Prevacid since 1995.

25. Deny.  The State counter-designates that this is a legal opinion and depends on the interpretation of a federal statute.  It is not an "undisputed fact" requiring an answer.

26. Deny that the evidence proffered establishes that "[t]hese rebates allowed the Montana Medicaid program to procure Prevacid at a substantial discount."

27. Admit that in 2004 Montana Medicaid entered into a supplemental rebate agreement with TAP.  Montana counter-designates that such agreements are defendant-specific and confidential.  Montana Medicaid receives no information regarding the supplemental rebates.

28. Deny on the grounds that the Young Declaration section relied upon states opinion testimony, not undisputed fact.  It is included in the Young Declaration under the heading "OPINION" and it basically echoes the argument found at TAP Pharmaceutical Products Inc.'s Memorandum in Support of its Motion for Summary Judgment ("TAP Mem.") at 11-12.

29. Deny on the grounds that the Young Declaration section relied upon states opinion testimony, not undisputed fact. It is included in the Young Declaration under the heading "OPINION" and it basically echoes the argument found at TAP Pharmaceutical Products Inc.'s Memorandum in Support of its Motion for Summary Judgment ("TAP Mem.") at 11-12.

30. Admit that this paraphrases the state rules, but counter-designates the rule as more accurate evidence of this proposition. MONT. ADMIN. R. § 37.86.1101 (2006). Otherwise deny.

31. Admit that direct price for Prevacid was published. Otherwise deny.

32. Deny. Montana counter-designates that TAP offers no evidence of this "fact."

33. Admit that this language appears in the Declaration of Raymond S. Hartman, dated June 13, 2006 at ¶ 13 as a quotation from an excerpt US DHHS, OIG, *Compliance Program Guidance for Pharmaceutical Manufacturers*, April 2003 at 11-12, cited in Complaint at ¶ 171.

34. Deny. Montana counter-designates that pharmaceutical manufacturers believed that pharmacists could influence the prescribing of drugs.

35. Deny. Montana counter-designates that TAP has not provided the data and other materials underlying Mr. Young's opinion. The State further counter-designates that Young Decl. Sec. F does not support this conclusion.

36. Deny. This is a legal conclusion.

By    /s/ Steve W. Berman                DATED:  April 26, 2007
Steve W. Berman
Sean R. Matt
Jeniphr A.E. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **STATE OF MONTANA'S RESPONSE TO DEFEENDANT TAP PHRAMACEUTICAL PRODUCS INC.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292