# Index to Exhibits

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | October 6, 2005 notice letters |
| B | November 17, 2005 demand letters |
| C | July 10, 2006 demand letters |
| D | March 27, 2007 demand letters |

# Exhibit A



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

October 6, 2005

***Via Certified Mail / Return Receipt Requested***

Schering-Plough Corp.
1 Giralda Farms
Madison, NJ 07940-1027

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

Notice pursuant to:   California Civil Code § 1782; Georgia Code § 10-1-399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and, Wyoming Statutes § 40-12-109

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative class of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol-Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include,

October 6, 2005
Page 2

but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

*__Via Certified Mail / Return Receipt Requested__*

Schering Plough Corp.
c/o C T Corporation System
818 W. 7th Street
Los Angeles, CA 90017

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
*MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

Notice pursuant to: California Civil Code § 1782; Georgia Code § 10-1-399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and, Wyoming Statutes § 40-12-109

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative class of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®.  The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®.  The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®.  The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®.  The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.*  This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members.  Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3

PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

Schering Plough Corp.
c/o C.T. Corporation System
1201 Peachtree St. NE
Atlanta, GA 30361

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
           *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

           <u>Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and, Wyoming Statutes § 40-12-109</u>

To Whom It May Concern:

      PLEASE TAKE NOTICE that is has come to the attention of a national putative class of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make billions of dollars in excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

ATTORNEYS AT LAW         SEATTLE   LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
206.623.7292    206.623.0594
www.hbsslaw.com

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3

PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

*Via Certified Mail / Return Receipt Requested*

Johnson & Johnson
501 George Street
New Brunswick, NJ 08901-1161

> Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
> *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*
>
> Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
> 399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
> 634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
> & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
> Wyoming Statutes § 40-12-109

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative class of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include,

October 6, 2005
Page 2

but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

Johnson & Johnson
c/o CT Corporation System
First National Bank Tower
Atlanta, GA 30303

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
      399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
      634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
      & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
      Wyoming Statutes § 40-12-109

To Whom It May Concern:

        PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

        The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

· October 6, 2005

_**Via Certified Mail / Return Receipt Requested**_

Bristol-Myers Squibb
345 Park Avenue, #1060
New York, NY  10154-0004

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,
            MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

              <u>Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
              399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5,
              § 50-634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas
              Business & Commercial Code § 17.505; West Virginia Code § 46A-6-
              106(b); and, Wyoming Statutes § 40-12-109</u>

To Whom It May Concern:

      PLEASE TAKE NOTICE that is has come to the attention of a national
putative class of consumers, self-insured employers, health and welfare plans, health
insurers and other end-payors of prescription drugs that AstraZeneca, Inc.
("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology
Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"),
GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and
GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries,
Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho
Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick
Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002
to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition
cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large
number of prescription pharmaceutical products thereby causing members of the
proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make
billions of dollars in excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by
AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and

ATTORNEYS AT LAW            SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292     206.623.0594
www.hbsslaw.com

1534.16 0428 LTR.DOC

October 6, 2005
Page 2

Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the
BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®,
Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at
issue in this case which are manufactured by the GSK Group include, but are not
limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The
pharmaceuticals at issue in this case which are manufactured by the J&J Group
include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®,
Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case
which are manufactured by the SP Group include, but are not limited to, Proventil®,
Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been
alleged in the AWP litigation.

      Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group,
and the SP Group have engaged in consumer fraud and deceptive practices in
connection with the sale of prescription pharmaceutical products in violation of the
California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair
Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and
Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade
Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A,
§ 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus.
& Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act,
W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo.
Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-
referenced putative class.

      Said putative class hereby demands that AstraZeneca, the BMS Group, the
GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage
caused by such unfair trade practices and return all excess monies paid by putative
class members. Otherwise, the class will continue to seek recovery of damages, costs
and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code
§ 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213,
Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business &
Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and
Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


      PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

          Sincerely,

          HAGENS BERMAN SOBOL SHAPIRO LLP


          Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

***Via Certified Mail / Return Receipt Requested***

Bristol-Myers Squibb
c/o C T Corporation System
818 W. 7th Street
Los Angeles, CA  90017

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
             *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

             Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
             399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
             634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
             & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
             Wyoming Statutes § 40-12-109

To Whom It May Concern:

      PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®.  The

ATTORNEYS AT LAW           SEATTLE   LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
206.623.7292     206.623.0594
www.hbsslaw.com

1534.16 0428 LTR.DOC

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3

PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Bristol-Myers Squibb
c/o C.T. Corporation System
1201 Peachtree St. NE
Atlanta, GA 30361

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
       *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

       Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
       399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
       634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
       & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
       Wyoming Statutes § 40-12-109

To Whom It May Concern:

       PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

       The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


     PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

               Sincerely,

               HAGENS BERMAN SOBOL SHAPIRO LLP


               Steve W. Berman

SWB:dld



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

**_Via Certified Mail / Return Receipt Requested_**

GlaxoSmithKline
One Franklin Plaza
P.O. Box 7929
Philadelphia, PA  19101

> Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
> *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*
>
> Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
> 399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
> 634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
> & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
> Wyoming Statutes § 40-12-109

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative class of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed Class, whose payments for those pharmaceuticals were tied to AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3

PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

**_Via Certified Mail / Return Receipt Requested_**

GlaxoSmithKline
c/o Lawyers Incorporating Service
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      Notice pursuant to: California Civil Code § 1782; Georgia Code § 10-1-
      399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
      634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
      & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
      Wyoming Statutes § 40-12-109

To Whom It May Concern:

      PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

October 6, 2005

GlaxoSmithKline
c/o C.T. Corporation System
1201 Peachtree St. NE
Atlanta, GA  30361

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation,
        MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
& Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
Wyoming Statutes § 40-12-109

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®.  The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, et seq., the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, et seq., Mass. Gen. Laws Ch. 93A, § 1, et seq., the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, et seq., the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 et seq., and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, et seq. This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

October 6, 2005

***Via Certified Mail / Return Receipt Requested***

Astrazeneca Pharmaceuticals LP
1800 Concord Pike
Wilmington, DE  19850

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

      <u>Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
      399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
      634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
      & Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
      Wyoming Statutes § 40-12-109</u>

To Whom It May Concern:

      PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®.  The
pharmaceuticals at issue in this case which are manufactured by the BMS Group include,

October 6, 2005
Page 2

but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3

PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

October 6, 2005

AstraZeneca Pharmaceuticals LP
c/o C.T. Corporation System
1201 Peachtree St. NE
Atlanta, GA  30361

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

<u>Notice pursuant to:  California Civil Code § 1782; Georgia Code § 10-1-
399; Indiana Code § 24-5-0.5-5(a); Maine Revised Statutes, Title 5, § 50-
634(g); Massachusetts General Laws Chapter 93A, § 9(3); Texas Business
& Commercial Code § 17.505; West Virginia Code § 46A-6-106(b); and,
Wyoming Statutes § 40-12-109</u>

To Whom It May Concern:

PLEASE TAKE NOTICE that is has come to the attention of a national putative
class of consumers, self-insured employers, health and welfare plans, health insurers and
other end-payors of prescription drugs that AstraZeneca, Inc. ("AstraZeneca"), Bristol–
Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and
Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries,
SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson &
Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P.,
McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and
its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme
in late 2001 and 2002 to unlawfully inflate the "mark-up" factor between the so-called
wholesale acquisition cost (or "WAC") and the so-called average wholesale price (or
"AWP") of a large number of prescription pharmaceutical products thereby causing
members of the proposed Class, whose payments for those pharmaceuticals were tied to
AWP, to make billions of dollars in excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca
include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®.  The

October 6, 2005
Page 2

pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the AWP litigation.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of the California Deceptive Practices Act, Cal. Civ. Code § 1770, *et seq.*, the Georgia Fair Business Practices Act, Ga. Code. Ann. § 10-1-393, the Indiana Consumer Sales and Deceptive Practices Act, Ind. Code Ann. § 24-5-0.5-3, the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann., Tit. 5, § 205-A, *et seq.*, Mass. Gen. Laws Ch. 93A, § 1, *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*, the West Virginia Consumer Protection Act, W.Va. Code § 46A-6-101 *et seq.*, and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101, *et seq.* This notice is being served on behalf of the above-referenced putative class.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under California Civil Code §§ 1780, 1781, Georgia Code § 10-1-399, Indiana Code § 24-5-0.5-3, Maine Revised Statutes, Title 5, § 213, Massachusetts General Laws Chapter 93A, § 9(1), § 11, Texas Business & Commercial Code § 17.50(a)(1), West Virginia Code § 46A-6-106(a)(1), and Wyoming Statutes § 40-12-108.

October 6, 2005
Page 3


     PLEASE TAKE FURTHER NOTICE that the attached Complaint contains more detailed allegations and is incorporated herein by this reference.

                Sincerely,

                HAGENS BERMAN SOBOL SHAPIRO LLP



                Steve W. Berman

SWB:dld



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Mr. Mark Shurtleff
Attorney General
Office of the Attorney General – State of Utah
P.O. Box 142320
Salt Lake City, UT  84114-2320

Dear Mr. Shurtleff:

Pursuant to Utah Code Ann. § 13-11-21(2), this is to notify you that we filed a Class Action Complaint.  The Complaint includes a claim under the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq*.  A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you.  Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:    Eugene A. Spector
       Sam Heins
       Marc H. Edelson
       Kenneth A. Wexler



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

Ms. Lisa Madigan
Attorney General
Office of the Attorney General – State of Illinois
Chicago Main Office
100 West Randolph Street
Chicago, IL 60601

Dear Ms. Madigan:

Pursuant to 815 ILCS 505/10(a)(3)(d), this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld
Enclosure
cc:    Eugene A. Spector
       Sam Heins
       Marc H. Edelson
       Kenneth A. Wexler



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

Mr. Rob McKenna
Attorney General
Office of the Attorney General – State of Washington
MS TB 14
900 Fourth Avenue, Suite 2000
Seattle, WA  98164-1012

Dear Mr. McKenna:

     Pursuant to Wash. Rev. Code Ann. § 19.86.095, this is to notify you that we filed a Class Action Complaint.  The Complaint includes a claim under the Washington Unfair Practices Act, Wash. Rev. Code Ann. § 19-86-010, *et seq.*  A copy of the Complaint is enclosed for your review.

     I apologize for the delay in forwarding this notice to you.  Please contact me if you have any further questions.

              Sincerely,

              HAGENS BERMAN SOBOL SHAPIRO LLP

              Steve W. Berman

SWB:dld
Enclosure
cc:   Eugene A. Spector
      Sam Heins
      Marc H. Edelson
      Kenneth A. Wexler



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 6, 2005

Mr. Hardy Myers
Attorney General
Office of the Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301-4096

Dear Mr. Myers:

Pursuant to Or. Rev. Stat. § 646.638(2), this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. § 646.605, *et seq*. A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:    Eugene A. Spector
       Sam Heins
       Marc H. Edelson
       Kenneth A. Wexler



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Mr. Peter C. Harvey
Attorney General
Office of the Attorney General – State of New Jersey
Richard Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, NJ  08625

Dear Mr. Harvey:

Pursuant to N.J. Stat. Ann. § 56:8-20, this is to notify you that we filed a Class Action Complaint.  The Complaint includes a claim under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*  A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you.  Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:   Eugene A. Spector
      Sam Heins
      Marc H. Edelson
      Kenneth A. Wexler



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Mr. Jay Nixon
Attorney General
Office of the Attorney General – State of Missouri
Supreme Court Building
207 W. High Street
Jefferson City, MO 65102

Dear Mr. Nixon:

Pursuant to Mo. Ann. Stat. § 407.025.7, this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010, *et seq.* A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:    Eugene A. Spector
       Sam Heins
       Marc H. Edelson
       Kenneth A. Wexler



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Mr. Jim Hood
Attorney General
Office of the Attorney General – State of Mississippi
Carroll Gartin Justice Building
450 High Street
Jackson, MS 39201

Dear Mr. Hood:

Pursuant to Miss. Code Ann. § 75-24-15(2), this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq*. A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:   Eugene A. Spector
      Sam Heins
      Marc H. Edelson
      Kenneth A. Wexler



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

October 6, 2005

Mr. Phil Kline
Attorney General
Office of the Attorney General – State of Kansas
120 SW 10th Avenue, 2nd Floor
Topeka, KS  66612-1597

Dear Mr. Kline:

Pursuant to Kan. Stat. Ann. § 50-634(g), this is to notify you that we filed a Class Action Complaint.  The Complaint includes a claim under the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-623, *et seq*.  A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you.  Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:     Eugene A. Spector
        Sam Heins
        Marc H. Edelson
        Kenneth A. Wexler



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Richard Blumenthal
Attorney General
Office of the Attorney General – State of Connecticut
P.O. Box 120
Hartford, CT 06141-0120

Dear Mr. Blumenthal:

Pursuant to Conn. Gen. Stat. § 42-100g(c), this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Connecticut Uniform Trade practices Act, Conn. Gen. Stat. § 42-100a, *et seq.* A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc: Eugene A. Spector
    Sam Heins
    Marc H. Edelson
    Kenneth A. Wexler



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

Mr. Edwin R. Rodriguez
Commissioner
Department of Consumer Protection
165 Capitol Avenue
Hartford, CT  06106

Dear Mr. Rodriguez:

Pursuant to Conn. Gen. Stat. § 42-100g(c), this is to notify you that we filed a Class Action Complaint.  The Complaint includes a claim under the Connecticut Uniform Trade practices Act, Conn. Gen. Stat. § 42-100a, *et seq*.  A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you.  Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman

SWB:dld
Enclosure
cc:   Eugene A. Spector
      Sam Heins
      Marc H. Edelson
      Kenneth A. Wexler



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 6, 2005

*Via Certified Mail/Return Receipt Requested*

Mr. Charles C. Foti, Jr.
Attorney General
Office of the Attorney General – State of Louisiana
1885 North 3rd St., 6th Floor
Baton Rouge, LA 70802

Dear Mr. Foti:

Pursuant to La. Rev. Stat. § 51:1409(B), this is to notify you that we filed a Class Action Complaint. The Complaint includes a claim under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. Rev. Stat. § 51-1405. A copy of the Complaint is enclosed for your review.

I apologize for the delay in forwarding this notice to you. Please contact me if you have any further questions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:dld
Enclosure
cc:   Eugene A. Spector
      Sam Heins
      Marc H. Edelson
      Kenneth A. Wexler

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 12.60 |

Postmark Here

Sent To ATTORNEY GENERAL STATE OF LA

Street, Apt. No.; or PO Box No. 1885 NORTH 3RD ST 6TH FLOOR

City, State, ZIP+4 BATON ROUGE LA 70802

7004 2890 0000 2847 7017

PS Form 3800, June 2002                    See Reverse for Instructions