# Exhibit B



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

November 17, 2005

**_Via Certified Mail / Return Receipt Requested_**

Schering-Plough Corp.
1 Giralda Farms
Madison, NJ 07940-1027

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
              *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

           Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3)

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and given prior demands sent pursuant to Mass. Gen. Laws, Ch. 93A,
§ 9(3), we believe this notice is not required.  However, in an abundance of caution,
PLEASE TAKE NOTICE that is has come to the attention of Blue Cross/Blue Shield of
Massachusetts, on behalf of a class of self-insured employers, health and welfare plans,
health insurers and other end-payors of prescription drugs, that AstraZeneca, Inc.
("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology
Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"),
GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and
GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries,
Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho
Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick
Pharmaceuticals Corp. ("the SP Group"), implemented a scheme commencing in 1991
and continuing to the present to inflate the average wholesale price (or "AWP") of a
large number of prescription pharmaceutical products thereby causing members of the
proposed class, whose payments for those pharmaceuticals were tied to AWP, to make
excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by
AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and

ATTORNEYS AT LAW       SEATTLE   LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
206.623.7292     206.623.0594
www.hbsslaw.com

1534.16 0472 LTR.DOC

November 17, 2005
Page 2

Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identity of the drugs at issue are identified in the complaints.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3). This notice is being served on behalf of the above-referenced putative class as defined for Class 2 and Class 3 in plaintiffs' proposed order filed in the *AWP Litigation*.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has been served.

November 17, 2005
Page 3

We have previously provided each of the Track 1 defendants with demand figures. And, we have done so in mediations with all of the defendants. If defendants pay those amounts, the injuries to the class would be cured. The exact amounts are as follows:

| Manufacturer | Estimation of National Damages[1] to: | | Total |
|---|---|---|---|
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | REDACTED | |
| GlaxoSmithKline | | | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

November 17, 2005
Page 4

The Massachusetts only damages can be calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages[1] to: | | Total |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| --- | --- | --- | --- |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | REDACTED | |
| GlaxoSmithKline | | | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Massachusetts Share = 2.64%

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you waive the 30 day period.

November 17, 2005
Page 5


        PLEASE TAKE FURTHER NOTICE that the attached Complaint and proposed
class certification order contains more detailed allegations and is incorporated herein by
this reference.

                              Sincerely,

                              HAGENS BERMAN SOBOL SHAPIRO LLP


                              Steve W. Berman

SWB:gm



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

November 17, 2005

**_Via Certified Mail / Return Receipt Requested_**

AstraZeneca Pharmaceuticals LP
1800 Concord Pike
Wilmington, DE  19850

   Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
      *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

     <u>Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3)</u>

To Whom It May Concern:

   Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and given prior demands sent pursuant to Mass. Gen. Laws, Ch. 93A,
§ 9(3), we believe this notice is not required.  However, in an abundance of caution,
PLEASE TAKE NOTICE that is has come to the attention of Blue Cross/Blue Shield of
Massachusetts, on behalf of a class of self-insured employers, health and welfare plans,
health insurers and other end-payors of prescription drugs, that AstraZeneca, Inc.
("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology
Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"),
GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and
GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries,
Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho
Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick
Pharmaceuticals Corp. ("the SP Group"), implemented a scheme commencing in 1991
and continuing to the present to inflate the average wholesale price (or "AWP") of a
large number of prescription pharmaceutical products thereby causing members of the
proposed class, whose payments for those pharmaceuticals were tied to AWP, to make
excess payments for those pharmaceuticals.

   The pharmaceuticals at issue in this case which are manufactured by
AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and

ATTORNEYS AT LAW    SEATTLE LOS ANGELES CAMBRIDGE PHOENIX CHICAGO
206.623.7292  206.623.0594
www.hbsslaw.com

1534.16 0471 LTR.DOC

November 17, 2005
Page 2

Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identity of the drugs at issue are identified in the complaints.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3). This notice is being served on behalf of the above-referenced putative class as defined for Class 2 and Class 3 in plaintiffs' proposed order filed in the *AWP Litigation*.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has been served.

November 17, 2005
Page 3


We have previously provided each of the Track 1 defendants with demand figures. And, we have done so in mediations with all of the defendants. If defendants pay those amounts, the injuries to the class would be cured. The exact amounts are as follows:

| Manufacturer | Estimation of National Damages[1] to: | | Total |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| --- | --- | --- | --- |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | REDACTED | |
| GlaxoSmithKline | | | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

November 17, 2005
Page 4

The Massachusetts only damages can be calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages[1] to: | | Total |
|---|---|---|---|
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | | |
| GlaxoSmithKline | | REDACTED | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Massachusetts Share = 2.64%

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you waive the 30 day period.

November 17, 2005
Page 5

      PLEASE TAKE FURTHER NOTICE that the attached Complaint and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

                    Sincerely,

                    HAGENS BERMAN SOBOL SHAPIRO LLP

                    Steve W. Berman

SWB:gm



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

November 17, 2005

**_Via Certified Mail / Return Receipt Requested_**

Bristol-Myers Squibb
345 Park Avenue, #1060
New York, NY  10154-0004

> Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
>        *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

>        Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3)

To Whom It May Concern:

Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and given prior demands sent pursuant to Mass. Gen. Laws, Ch. 93A,
§ 9(3), we believe this notice is not required.  However, in an abundance of caution,
PLEASE TAKE NOTICE that is has come to the attention of Blue Cross/Blue Shield of
Massachusetts, on behalf of a class of self-insured employers, health and welfare plans,
health insurers and other end-payors of prescription drugs, that AstraZeneca, Inc.
("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology
Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"),
GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and
GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries,
Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho
Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick
Pharmaceuticals Corp. ("the SP Group"), implemented a scheme commencing in 1991
and continuing to the present to inflate the average wholesale price (or "AWP") of a
large number of prescription pharmaceutical products thereby causing members of the
proposed class, whose payments for those pharmaceuticals were tied to AWP, to make
excess payments for those pharmaceuticals.

The pharmaceuticals at issue in this case which are manufactured by
AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and

November 17, 2005
Page 2

Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identity of the drugs at issue are identified in the complaints.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3). This notice is being served on behalf of the above-referenced putative class as defined for Class 2 and Class 3 in plaintiffs' proposed order filed in the *AWP Litigation.*

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has been served.

November 17, 2005
Page 3

We have previously provided each of the Track 1 defendants with demand figures. And, we have done so in mediations with all of the defendants. If defendants pay those amounts, the injuries to the class would be cured. The exact amounts are as follows:

| Manufacturer | Estimation of National Damages[1] to: | | Total |
|---|---|---|---|
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | | |
| GlaxoSmithKline | | REDACTED | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

November 17, 2005
Page 4

The Massachusetts only damages can be calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages[1] to: | | Total |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
|---|---|---|---|
| AstraZeneca | | | |
| Bristol-Myers Squibb | | | |
| GlaxoSmithKline | | REDACTED | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Massachusetts Share = 2.64%

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you waive the 30 day period.

November 17, 2005
Page 5


        PLEASE TAKE FURTHER NOTICE that the attached Complaint and proposed
class certification order contains more detailed allegations and is incorporated herein by
this reference.

                                    Sincerely,

                                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                    Steve W. Berman

SWB:gm



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

November 17, 2005

*Via Certified Mail / Return Receipt Requested*

GlaxoSmithKline
One Franklin Plaza
Post Office Box 7929
Philadelphia, PA  19101

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
              *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

              Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3)

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"),
MDL 1456, and given prior demands sent pursuant to Mass. Gen. Laws, Ch. 93A,
§ 9(3), we believe this notice is not required.  However, in an abundance of caution,
PLEASE TAKE NOTICE that is has come to the attention of Blue Cross/Blue Shield of
Massachusetts, on behalf of a class of self-insured employers, health and welfare plans,
health insurers and other end-payors of prescription drugs, that AstraZeneca, Inc.
("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology
Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"),
GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and
GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries,
Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho
Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick
Pharmaceuticals Corp. ("the SP Group"), implemented a scheme commencing in 1991
and continuing to the present to inflate the average wholesale price (or "AWP") of a
large number of prescription pharmaceutical products thereby causing members of the
proposed class, whose payments for those pharmaceuticals were tied to AWP, to make
excess payments for those pharmaceuticals.

ATTORNEYS AT LAW        SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292     206.623.0594
www.hbsslaw.com

1534.16 0470 LTR.DOC

November 17, 2005
Page 2

The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identity of the drugs at issue are identified in the complaints.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3). This notice is being served on behalf of the above-referenced putative class as defined for Class 2 and Class 3 in plaintiffs' proposed order filed in the *AWP Litigation*.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has been served.

November 17, 2005
Page 3

     We have previously provided each of the Track 1 defendants with demand figures. And, we have done so in mediations with all of the defendants. If defendants pay those amounts, the injuries to the class would be cured. The exact amounts are as follows:

| Manufacturer | Estimation of National Damages[1] to: | | Total |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| --- | --- | --- | --- |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | REDACTED | |
| GlaxoSmithKline | | | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

November 17, 2005
Page 4

The Massachusetts only damages can be calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages[1] to: | | Total |
| --- | --- | --- | --- |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | REDACTED | |
| GlaxoSmithKline | | | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Massachusetts Share = 2.64%

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you waive the 30 day period.

November 17, 2005
Page 5

PLEASE TAKE FURTHER NOTICE that the attached Complaint and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:gm



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

November 17, 2005

*Via Certified Mail / Return Receipt Requested*

Johnson & Johnson
501 George Street
New Brunswick, NJ  08901-1161

     Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
           *MDL No. 1456, Civil Action No.: 01-CV-12257-PBS (D. Mass.)*

        Notice pursuant to:  Massachusetts Gen. Laws Chapter 93A, § 9(3)

To Whom It May Concern:

      Given the history of the *Average Wholesale Price Litigation* ("*AWP Litigation*"), MDL 1456, and given prior demands sent pursuant to Mass. Gen. Laws, Ch. 93A, § 9(3), we believe this notice is not required.  However, in an abundance of caution, PLEASE TAKE NOTICE that is has come to the attention of Blue Cross/Blue Shield of Massachusetts, on behalf of a class of self-insured employers, health and welfare plans, health insurers and other end-payors of prescription drugs, that AstraZeneca, Inc. ("AstraZeneca"), Bristol–Myers Squibb Co. and its subsidiaries, Oncology Therapeutics Network Corp. and Apothecon, Inc. ("the BMS Group"), GlaxoSmithKline, P.L.C. and its subsidiaries, SmithKline Beecham Corp. and GlaxoWellcome, Inc. ("the GSK Group"), Johnson & Johnson and its subsidiaries, Centocor, Inc., Janssen Pharmaceutical Products, L.P., McNeil-PPC, Inc., and Ortho Biotech ("the J&J Group"), and Schering-Plough Corp. and its subsidiary, Warrick Pharmaceuticals Corp. ("the SP Group"), implemented a scheme commencing in 1991 and continuing to the present to inflate the average wholesale price (or "AWP") of a large number of prescription pharmaceutical products thereby causing members of the proposed class, whose payments for those pharmaceuticals were tied to AWP, to make excess payments for those pharmaceuticals.

      The pharmaceuticals at issue in this case which are manufactured by AstraZeneca include, but are not limited to, Zoladex®, Nolvadex®, Tomudex®, and

ATTORNEYS AT LAW           SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292    206.623.0594
www.hbsslaw.com

1534.16 0469 LTR.DOC

November 17, 2005
Page 2

Diprivan®. The pharmaceuticals at issue in this case which are manufactured by the BMS Group include, but are not limited to, Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, TaxolV, and Fungizone®. The pharmaceuticals at issue in this case which are manufactured by the GSK Group include, but are not limited to, Hycamtin®, Ventolin®, Zofran®, Navelbine®, and Kytril®. The pharmaceuticals at issue in this case which are manufactured by the J&J Group include, but are not limited to ReoPro®, Retavase®, Procrit®, Leustatin®, Orthoclone®, Sporanox®, and Remicade®. The pharmaceuticals at issue in this case which are manufactured by the SP Group include, but are not limited to, Proventil®, Integrelin®, Intron A®, and Temodar®. The details of the wrongdoing have been alleged in the *AWP Litigation* and the full identity of the drugs at issue are identified in the complaints.

Accordingly, AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group have engaged in consumer fraud and deceptive practices in connection with the sale of prescription pharmaceutical products in violation of Mass. Gen. Laws, Ch. 93A, § 9(3). This notice is being served on behalf of the above-referenced putative class as defined for Class 2 and Class 3 in plaintiffs' proposed order filed in the *AWP Litigation*.

Said putative class hereby demands that AstraZeneca, the BMS Group, the GSK Group, the J&J Group, and the SP Group correct or otherwise rectify the damage caused by such unfair trade practices and return all excess monies paid by putative class members. Otherwise, the class will continue to seek recovery of damages, costs and fees through the courts under Massachusetts General Laws Chapter 93A and § 9(3) and § 11.

As described above, the purpose of the demand letter requirement is to encourage negotiation and settlement. In a case as novel and complex as ours and where both parties are fully aware of all of the facts and figures involved and have been litigating these issues for four years, the purpose of the demand letter requirement has been served.

November 17, 2005
Page 3

   We have previously provided each of the Track 1 defendants with demand figures. And, we have done so in mediations with all of the defendants. If defendants pay those amounts, the injuries to the class would be cured. The exact amounts are as follows:

| Manufacturer | Estimation of National Damages[1] to: | | Total |
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| --- | --- | --- | --- |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | | |
| GlaxoSmithKline | | REDACTED | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Notes:

1. Damages do not include any adjustment for pre-judgment interest.

November 17, 2005
Page 4


The Massachusetts only damages can be calculated based on as follows:

| Manufacturer | Estimation of Massachusetts Damages[1] to: | | Total |
|---|---|---|---|
| | Medicare (TPP Damages Only) | Non-Medicare (TPP and Consumer Damages) | |
| AstraZeneca | | | |
| Bristol-Myers Squibb | | | |
| GlaxoSmithKline | | REDACTED | |
| Johnson & Johnson | | | |
| Schering-Plough | | | |
| Total Damages | $ | $ | $ |

Massachusetts Share = 2.64%

Notes:

1. Damages do not include any adjustment for pre-judgment interest.


Plaintiffs would accept a settlement in the amount of 80% of the damages amount set forth above.

In light of the time you have had to make a cure, to the extent a pre-filing notice was required, which we believe it was not given the history of this matter, and should you continue to decline to cure the violations, we ask that you waive the 30 day period.

November 17, 2005
Page 5


PLEASE TAKE FURTHER NOTICE that the attached Complaint and proposed class certification order contains more detailed allegations and is incorporated herein by this reference.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:gm