# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| *State of Nevada v. American Home Products, et al.*, CA NO. 02-CV-12086-PBS (Nevada II), and | |
| *State of Montana v. Abbott Labs., Inc., et al.*, Cause No. CV-02-09-H-DWM (D. Mont.) | |

## NEVADA AND MONTANA'S RESPONSE TO THE JOHNSON & JOHNSON DEFENDANTS' INDIVIDUAL L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

The States of Nevada and Montana ("States"), by their counsel, hereby respond to the Johnson & Johnson Defendants' Individual L.R. 56.1 Statement of Undisputed Material Facts ("J&J L.R. 56.1 Stmt.") and where necessary counter-designate undisputed facts in opposition to the motion. Counter-designations of deposition transcripts and documents cited herein are attached to the Declaration of Jeniphr Breckenridge in Support of the States of Nevada and Montana's Memoranda In Opposition to the Individual Defendants' Motions for Summary Judgment and are referred to as "Breckenridge Decl., Ex. ___".[1]

### A.      Response to Defendants Alleged Undisputed Facts

1.      Admit.

2.      Admit.

---

[1] The States also incorporate and refer to Plaintiffs' Post-Trial Proposed Findings of Fact dated Jan. 19, 2007 (Dkt. No. 3553) ("PFOF"). References to the PFOF are in the form of "PFOF ¶ ___." The States further incorporate by reference the State of Montana's L.R. 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment against Certain Defendants ("MT's L.R. 56.1 Stmt.") (Dkt. No. 3737); State of Montana's Response to Defendants' L.R. 56.1 Statement of Material Facts In Support of Defendants' Joint Motion For Summary Judgment ("MT's Resp. to Defs' L.R. 56.1 Stmt.") (Dkt. No. 3903).

3.      The States respond that the spreads on J&J drugs varied from transaction to transaction and year-to-year.  Thus, they can neither deny nor admit ¶ 3.  The States counter-designate that whether or not the spread for a given drug was under 30% does not determine whether J&J is subject to liability in these cases.

4.      Admit that this is an accurate reproduction of the deposition transcript cited.

5.      Admit.

6.      Nevada has insufficient information to admit or deny ¶ 6.

7.      Deny.  Nevada claims that it incurred "overcharge damages" with respect to Remicade, a drug sold by Centocor.  The State counter-designates the declarations of Raymond S. Hartman, Ph.D, for Montana and Nevada.  Dr. Hartman's declarations explain that the States do allege "overcharge damages" for Defendants' Subject Drugs other than those identified, but "almost no information was available to [him] to calculate aggregate overcharge damages.  As a result, the sum of overcharge damages in Table 1 is useful for illustration rather than as a basis for recovery for economic injury."  Hartman Mont. Decl. (June 13, 2006) at ¶ 33(a) (Breckenridge Decl., Ex. 1).  *See also* Hartman Nev. Decl. (June 13, 2006) at ¶ 34(a) (Breckenridge Decl., Ex. 3).  Nevada admits that Dr. Hartman did not calculate "overcharge damages" with respect to Remicade, a drug sold by Centocor, Inc. for Nevada.

8.      Nevada incorporates its response to J&J L.R. 56.1 Statement ¶ 7.  Nevada admits that Dr. Hartman did not calculate "overcharge damages" with respect to any drugs other than those identified in the Hartman declarations.

9.      Admit.

10.     Deny.  The State counter-designates that its records reflect the J&J Defendants paid Montana $164,006.46 through fourth quarter 2004.  Montana further counter-designates that

- 2 -

the discrepancy is immaterial because the rebates are not relevant to the calculation of penalties as described in the brief.

11.    Admit.

12.    Deny.  The State counter-designates that its records reflects that the J&J Defendants paid Montana $33,566 through fourth quarter 2004.  Montana further counter-designates that the discrepancy is immaterial because the rebates are not relevant to the calculation of penalties as described in the brief.

13.    Admit.

14.    Deny that Gaier Rept. ¶ 12 supports this conclusion.  Exhibit 3.

15.    Deny.  The States counter-designate the Hartman Mont. Decl. at ¶ 22 (Breckenridge Decl., Ex. 1); Hartman Nev. Decl. at ¶ 23 (Breckenridge Decl., Ex. 3).

16.    Deny.  The States counter-designate the Hartman Mont. Decl. at ¶ 22 (Breckenridge Decl., Ex. 1); Hartman Nev. Decl. at ¶ 23 (Breckenridge Decl., Ex. 3).

17.    Admit that this is Dr. Gaier's opinion testimony.

18.    Deny.  The evidence does not support this conclusion by Dr. Gaier.

19.    The States counter-designate that in the MDL case, Jayson Dukes provided the back-up data for his reports.  Dr. Hartman accepted most of the defense expert's changes to the Johnson & Johnson ASPs and recalculated the damages based on the ASPs.  Dr. Hartman has not had the opportunity to do so here.  It is inconclusive whether the use of the revised ASPs would reduce the damages by any substantial amount here.

20.    The States counter-designate that in the MDL case, Jayson Dukes provided the back-up data for his reports.  Dr. Hartman accepted most of the defense expert's changes to the Johnson & Johnson ASPs and recalculated the damages based on the ASPs.  Dr. Hartman has not

- 3 -

had the opportunity to do so here.  It is inconclusive whether the use of the revised ASPs would reduce the damages by any substantial amount here.

21.     The States counter-designate that in the MDL case, Jayson Dukes provided the back-up data for his reports.  Dr. Hartman accepted most of the defense expert's changes to the Johnson & Johnson ASPs and recalculated the damages based on the ASPs.  Dr. Hartman has not had the opportunity to do so here.  It is inconclusive whether the use of the revised ASPs would reduce the damages by any substantial amount here.

22.     The States counter-designate that in the MDL case, Jayson Dukes provided the back-up data for his reports.  Dr. Hartman accepted most of the defense expert's changes to the Johnson & Johnson ASPs and recalculated the damages based on the ASPs.  Dr. Hartman has not had the opportunity to do so here.  It is inconclusive whether the use of the revised ASPs would reduce the damages by any substantial amount here.


By_____/s/ Steve W. Berman_____          DATED:  April 26, 2007
     Steve W. Berman
     Sean R. Matt
     Jeniphr A.E. Breckenridge
     HAGENS BERMAN SOBOL SHAPIRO LLP
     1301 Fifth Avenue, Suite 2900
     Seattle, WA  98101
     Telephone: (206) 623-7292
     Facsimile: (206) 623-0594

     COUNSEL FOR PLAINTIFFS
     STATES OF MONTANA AND NEVADA

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

Catherine Cortez Masto
Attorney General of the State of Nevada
L. Timothy Terry
Deputy Attorney General
100 N. Carson Street
Carson City, NV 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

001534-15 163431 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NEVADA AND MONTANA'S RESPONSE TO THE JOHNSON & JOHNSON DEFENDANTS' INDIVIDUAL L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 26, 2007, a copy to LexisNexis File & Serve for Posting and notification to all parties.


By_____ **/s/ Steve W. Berman**_____
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292