UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| This Document Relates to: | Honorable Patti B. Saris |
| *The People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, No. 1:06-5528 (N.D.Ill.) | |
| *State of Florida, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, No. 4:06cv476 (N.D.Fla.) | |
| *State of Mississippi v. Abbott Laboratories, Inc., et al.*, No. 3:06-566 (S.D.Miss.) | |
| *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.*, No. 3:06-69 (E.D.Kentucky) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO
THE REMAND MOTIONS OF THE STATES OF FLORIDA,
ILLINOIS, MISSISSIPPI, AND KENTUCKY**

The Attorneys General of Florida, Illinois, Mississippi, and Kentucky, and Florida relator Ven-a-Care of the Florida Keys respectfully submit this notice of supplemental authority to advise the Court of the April 26, 2007 Order entered by Judge Cameron McGowan Currie of the United States District Court for the District of South Carolina in *State of South Carolina v. Boehringer Ingelheim Roxane, Inc., et al.*, No. 3:07-cv-00665 ("Order"), a copy of which is attached hereto as Exhibit 1.

Defendants in the South Carolina action had removed the State of South Carolina's AWP lawsuit on the same ground upon which Dey removed the Florida, Illinois, Mississippi, and

Kentucky AWP lawsuits.[1]  Judge Currie granted the State of South Carolina's motion to remand, finding that the removal was untimely:

> The court adopts the common rationale set forth in the *Wisconsin* [*v. Amgen, Inc., et. al.*, 469 F. Supp. 2d 655 (W.D.Wis. 2007)] and *Hawaii* [*v. Abbott Laboratories, Inc., et al.*, 469 F. Supp. 2d 842 (D.Hawaii 2006)] decisions as they relate to the timeliness of the removal.  That is, the court finds that the unsealing of the *qui tam* action did not constitute an "order" or "other paper" which renewed the time for filing a notice of removal.  *See Wisconsin,* 469 F. Supp. 2d. at 664-65; *Hawaii,* 469 F. Supp. 2d at 848-49.  *See also Alabama* (reaching same conclusion with minimal discussion).  The court also agrees that nothing in or relating to the *qui tam* actions preceding the removal of this action can be deemed a "voluntary act" by the State of South Carolina.  *See Alabama*, 2006 WL 3170553.  Thus, nothing in regard to those actions revived the time for removal based on any "voluntary act" of Plaintiff.

Order, at 4.  Although the Court was skeptical that 31 U.S.C. § 3732 conferred federal jurisdiction, it declined to decide the issue in light of the untimeliness of the removal:

> [A]s did the *Wisconsin* court, this court finds it "doubtful" that § 3732(b) was intended to allow removal of a long-pending state court action which raises only state law claims based solely on the filing or unsealing of a *qui tam* action. *Id.*   Like that court, this court declines to make a definitive ruling on whether there is jurisdiction given the timeliness determination above.

Order, at 4-5.

---

[1]  The remand motions of Florida, Illinois, and Mississippi were heard by this Court on February 1, 2007.  Kentucky's AWP action was transferred to this Court by the Judicial Panel on Multidistirct Litigation on January 19, 2007.  At the time of transfer, Kentucky's remand motion had been fully briefed.

Judge Currie's Order is additional authority supporting the remand motions of Florida, Illinois, Mississippi, and Kentucky.[2]

Dated: April 27, 2007

Respectfully submitted,

LISA MADIGAN
Attorney General of the State of Illinois

By:    /s/ Robert S. Libman
ROBERT S. LIBMAN
Special Assistant Attorney General
for the State of Illinois
Miner, Barnhill & Galland
14 West Erie
Chicago, IL 60610
312-751-1170  phone
312-751-0438  facsimile
e-mail: rlibman@lawmbg.com

---

[2] Although Judge Currie declined to award attorneys' fees and costs, it distinguished the facts of the South Carolina case from those of the *Wisconsin* action, where defendants had made prior unsuccessful attempts at removal and advanced a theory of timeliness that had previously been rejected by the Wisconsin court. The facts of the Illinois and Kentucky actions (each of which has been previously removed and remanded based on untimeliness) are on all fours with facts of the *Wisconsin* action, making an award of attorneys' fees and costs appropriate. Attached hereto as Exhibit 2 is the final order of Judge Crabb awarding the State of Wisconsin attorneys' fees of $14,208.

       JIM HOOD
       Attorney General of the State of Mississippi
       Harold E. Pizetta III (MBN 99867)
       Special Assistant Attorney General Chief
       Civil Litigation Division
       OFFICE OF THE ATTORNEY GENERAL
       Carroll Gartin Justice Center
       450 High Street, 5th Floor
       Jackson, Mississippi 39201


By:   /s/ Joseph Leray McNamara
       COPELAND, COOK, TAYLOR & BUSH, P.A.
       Charles G. Copeland (MBN 6516)
       Joseph Leray McNamara (MBN 2784)
       Ronnie Musgrove (MBN 3868)
       Frank Kolb (MBN 101092)
       Post Office Box 6020
       Ridgeland, MS  39158
       Telephone:  (601) 856-7200
       Facsimile:   (601) 856-7626

       BILL MCCOLLUM
       Attorney General of the State of Florida


By:   /s/ Mary S. Miller
       MARY S. MILLER (FL Bar No. 0780420)
       Assistant Attorney General
       OFFICE OF THE ATTORNEY GENERAL
       MEDICAID FRAUD CONTROL UNIT
       PL-01, The Capitol
       Tallahassee, Florida 32399-1050
       Telephone:850-414-3600
       Facsimile:850-487-9475

       ATTORNEYS FOR THE STATE OF FLORIDA

James J. Breen
Alison W. Simon
THE BREEN LAW FIRM, P.A.
Post Office Box 297470
Pembroke Pines, FL 33029-7470

Gary L. Azorsky
Roslyn G. Pollack
Joy P. Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-5711
Facsimile: 215-875-4604

ATTORNEYS FOR RELATOR VEN-A-CARE OF THE FLORIDA KEYS

GREGORY D. STUMBO
Attorney General of the Commonwealth of Kentucky


By:  /s/ Robert S. Libman
     ROBERT S. LIBMAN
     Special Assistant Attorney General
     for the Commonwealth of Kentucky
     Miner, Barnhill & Galland
     14 West Erie
     Chicago, IL 60610
     312-751-1170  phone
     312-751-0438  facsimile
     e-mail: rlibman@lawmbg.com

     Paula J. Holbrook
     C. David Johnstone
     Office of the Attorney General
     1024 Capital Center Dr.
     Ste. 200
     Frankfort, KY 40601
     (502) 696-5300
     Paula.Holbrook@ag.ky.gov
     David.Johnstone@ag.ky.gov