UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY           )
AVERAGE WHOLESALE PRICE                  )
LITIGATION                               )   MDL No. 1456
                                         )   Civil Action No. 01-12257-PBS
_____        )
                                         )   Hon. Patti B. Saris
**THIS DOCUMENT RELATES TO:**            )
                                         )   Magistrate Judge Marianne B.
*United States of America, ex rel. Ven-a-Care*  )   Bowler
*of the Florida Keys, Inc. v. Abbott*    )
*Laboratories, Inc.,*                    )
CIVIL ACTION NO. 06-CV-1337-PBS          )

# EXHIBIT K
# to

## RELATORS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ABBOTT LABORATORIES, INC TO PRODUCE OR CONSENT TO ACCESS TO AND SHARING OF ALL DISCOVERY PRODUCED BY ABBOTT IN OTHER FALSE PRICE REPORT LITIGATION



## CAUSE NO. GV401286

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES | § | |
| INC., | § | |
| ABBOTT LABORATORIES, | § | |
| HOSPIRA, INC., | § | |
| B. BRAUN MEDICAL INC., AND | § | |
| BAXTER HEALTHCARE | § | 201ˢᵗ JUDICIAL DISTRICT |
| CORPORATION | | |
| *Defendants.* | | |

## FIRST AMENDED PROTECTIVE ORDER

Upon motion of Plaintiffs for entry of a Protective Order it is hereby ORDERED that:

1.  All Classified Information produced or exchanged in the course of this litigation shall be used for the purpose of preparation and trial of this litigation and as allowed in Paragraph 4(e), subject to constraints and safeguards to confidentiality set forth herein.   It is the primary intention of the Court by entering this Protective Order to provide for the protection and confidentiality of confidential proprietary materials that reflect or confer competitive advantages on one or more of the parties.   Additionally, this Order seeks to recognize and preserve protections provided by Federal law, Texas law and the law of other states for documents, including those under seal or subject to confidential status by statute.

2.  "Classified Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Highly Confidential" by any of the supplying or receiving parties, whether it be a document, information

Filed In The District Court
of Travis County, Texas
on  ʸ·ɑ̃ɤ·ᴏ̃ʂ̃
at  //·ʂ̃ɢ̃ A.M.
Amalia Rodriguez-Mendoza, Clerk

Page 1

contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential", a party will make such designation only as to information that it in good faith believes to contain proprietary or commercially sensitive information or to otherwise be entitled to protection: (1) pursuant to existing state or federal statute(s) or court order (including any state or federal court imposed seal or sealing order), or (2) eligible for protection from disclosure and publication by virtue of some other existing and recognized legal privilege.   Information designated "Highly Confidential" shall refer to: (1) information entitled to protection under Texas Rule of Evidence 507, or (2) "Confidential" information (as defined above), the disclosure of which is likely to cause competitive or commercial injury to the producing party or which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party. Information or material that is available to the public in that format, including catalogues, advertising materials, and the like shall not be considered Classified Information.  Information and materials that already exist in the possession of, or that may hereafter come into the possession of any branch or agency of the federal government (including but not limited to the U.S. Department of Justice and the Department of Health & Human Services - Office of Inspector General) independent of this lawsuit, and that are, in that context, free of any legal status as being privileged or confidential shall not be accorded any greater or additional protected confidential status by any designation made in this lawsuit.

3.    Nothing shall be designated as "Confidential" or "Highly Confidential" if it is information that:

> (a) is in the public domain at the time of disclosure, as evidenced by a written document (for purposes of this protective order, documents produced by the defendants pursuant to a civil investigative demand ("C.I.D.") are not considered to be in the public domain);

> (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

> (c) the receiving party can show by written documentation that the information was already in its rightful and lawful possession at the time of disclosure without duty of confidentiality as to such materials; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure or duty of confidentiality, provided such third party has the legal right to make the disclosure to the receiving party.

4.     "Qualified Persons," as used herein means:

(a) Attorneys of record in this litigation, in-house counsel and employees of such attorneys to whom it is necessary that the material be shown for purposes of this or any other litigation.

(b) Actual or potential independent technical experts engaged in this litigation, who have been designated in writing by notice to all counsel prior to any disclosure of Classified Information to such person, and who have executed a Certification attached as Exhibit A (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

(c) Actual or potential consulting or testifying experts in this litigation who have executed a Certification attached as Exhibit A;

(d) The party or party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who have executed a Certification attached as Exhibit A (such signed document to be filed with the Clerk of this Court by the party designating such person);

(e) Law Enforcement Personnel Outside Texas: this category of Qualified Persons is limited to the following:

( i )     Attorneys General, Deputy and Assistant Attorneys General, and/or any private counsel retained by such Attorneys General, and their directly supervised staff employees in those states that have active, authorized investigations of issues similar to those in this case and have requested information that would include Classified information.

( ii )     The Attorney General for the United States of America, Deputy Attorney General and Assistant Attorney General for the United States of America, United States Attorneys, and

Page 3

their authorized subordinates employed by the United States Department of Justice.

( iii)    Licensed Law Enforcement Agents and Officers in the direct employment of a state referred to in subsection (i) above, or the federal government including Federal Bureau of Investigation Special Agents, HHS - Office of Inspector General Agents and Medicaid Fraud Control Agents.

(iv)    The directly supervised employees of the persons listed in (e) (i) through (iii).

Provided that disclosure of Classified Information to the category of persons set forth in 4(e) is done in compliance with Paragraph 7 (d) below.

(f) Employees of any contractor that handles Medicaid payments for the Texas Medicaid Program to whom it is necessary that the material be shown for purposes of this litigation and who signs the Certification attached as Exhibit A (such certification to be filed with the Clerk of this Court by the party designating such person);

(g) Copy services, graphic support services, document imaging services, and database/coding services retained by counsel or by a party for purposes of this litigation;

(h) The Court and its authorized staff, court reporters, interpreters, translators and any special masters and/or mediators appointed by the Court;

(i) The following representatives of the Relator who sign a copy of Exhibit A to this Protective Order: T. Mark Jones, John Lockwood, Zachary Bentley, and Luis Cobo;

(j) Third party witnesses in this litigation who prepared, received, or reviewed the Classified Information prior to its production in this litigation, or in response to a CID issued by the State of Texas, and who have signed Exhibit A and agree to abide by the terms of this Protective Order;

(k) During depositions, a deposition witness who is a current employee of the party who produced the Classified Information, or who appears, based on the document itself or testimony in a deposition, to have knowledge of the contents of the document, or the specific events, transactions, discussions or data reflected in the document, and who have signed Exhibit A and agree to abide by the terms of this Protective Order; and

(l) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

5. Documents or information produced in this action may be designated by any party or third party as "Confidential" or "Highly Confidential" by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Highly Confidential."

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Highly Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential" and is subject to the provisions of this Order.

Any party or third party may also designate information disclosed at such deposition as "Confidential" or "Highly Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "Highly Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript, videocassette, videotape, CD-ROM or DVD and each copy thereof in his possession, custody or control. All deposition transcripts and testimony shall be treated as "Highly Confidential" for a period of thirty (30) days after the receipt of the transcript. To the extent not already designated, the parties shall have an additional thirty (30) days from the date of the entry of this order to designate information disclosed at depositions as "Confidential" or "Highly Confidential" and the parties are mindful of their duty to limit such designations to information that they, in good faith, believe is legally protected.

WL6857PG005

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Highly Confidential", with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "Highly Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

7.    (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons identified in Paragraph 4. Information designated as "Highly Confidential" shall be restricted in circulation to Qualified Persons described in Paragraphs 4(a), (b), (c), (e), (g), (h) and (i) above, subject to Paragraphs 7 (c) and (d) below.

(b) Copies of Classified Information provided to a receiving party shall be maintained with appropriate security safeguards to assure against dissemination or disclosure in violation of the provisions of this Amended Protective Order.

(c) Materials and information ordered to be produced in this suit that were obtained from third party non-litigants in this suit by the C.I.D. process shall otherwise retain their confidential status as provided in the Texas Medicaid Fraud Prevention statute: Texas Human Resources Code § 36.054, and 31 U.S.C. § 3733 (where applicable), subject to specific terms and conditions as may be set forth in any Court Order dealing with such materials.

(d) Before any Classified Information is delivered to Qualified Persons identified in Paragraph 4(e), the party delivering such Classified Information shall obtain from an authorized representative of the recipient(s) a signed written agreement to abide by the terms of this Protective Order, and to submit to the jurisdiction of the Travis County District Court, and the Texas Courts of Appeal and Supreme Court with respect to the enforcement of this Protective Order, in the form of the Certification attached hereto as Exhibit A. At the same time Plaintiffs transmit a blank Exhibit A to a Qualified Person for signature, Plaintiffs shall simultaneously fax to counsel for Defendants a copy of the retention letter or other evidence demonstrating that the recipient is a Qualified Person under this Protective Order. The delivering party shall keep and maintain as an officer of the Court, in a secure place, the originals of all such executed consent forms. The delivering party shall also provide copies of such executed consent forms to counsel for all other parties as soon as practicable, but not more than seven (7) days after receipt of such signed consent form. At any request of the Court, all of these forms or some of

them as designated shall be made available to the Court as may be required for the enforcement of this Order.

(e) Documents to be inspected, that have not yet been stamped "Confidential" or "Highly" may be designated as such by letter until the copy service can apply the appropriate legends.

8.   Documents inadvertently produced by a party without a Classified designation may be retroactively designated if notice is given within ten (10) business days of becoming aware of such disclosure. Such documents shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents to the producing party within five (5) business days, or in the alternative destroy them. The receiving party shall also ensure that all persons to whom it provided copies of such documents pursuant to the provisions of paragraphs 7 (c) and (d) either return or destroy the incorrectly designated documents.

9.   The inadvertant or mistaken disclosure of information or documents subject to the attorney-client privilege or work-product doctrine shall be handled in accordance with the Texas Rules of Civil Procedure, including but not limited to Rule 193.3(d).

10.   Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "Highly Confidential" if the producing party and other any other affected parties consent to such disclosure or, if the Court, after notice to all affected parties and an opportunity to be heard, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Highly Confidential" information in the examination or cross examination at the deposition of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Highly Confidential" information, irrespective of which party produced such information.

11.   A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Highly Confidential", or the designation of any

person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be informally resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Highly Confidential." If the designating party refuses to reclassify or declassify such document or information, the objecting party may move the Court for an order removing the Classified status of such document or information, and until the Court rules on such motion, the Classified status shall remain the same.

12.   In the event a party wishes to use any "Confidential" or "Highly Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Highly Confidential" information used therein shall be filed under seal with the Court. The procedures for filing and utilizing such sealed documents are as stated herein, and supersede any contrary language in the Texas Rules of Civil Procedure.

13.   The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as "Confidential" or "Highly Confidential" Information by a party to this action.

14.   Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

15.   To the extent the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, provided that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16.   This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client or other "Qualified Person" his or her evaluation in a general way of "Confidential" or "Highly Confidential" information produced or exchanged herein; provided,

Page 8

however that in rendering such advice and otherwise communicating with his client, (a) the attorney shall not disclose the specific contents of any "Confidential" or "Highly Confidential" information produced by another party herein, if disclosure would be contrary to the terms of this Protective Order, and (b) this provision shall not be used to circumvent the requirements of Paragraph 7 above.

17.  Any party transmitting Classified Information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and may be held responsible upon breach of such duty.

18.  A producing person or entity who is not a party in this litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record.  Thereafter, a producing person or entity may designate as "Confidential" or "Highly Confidential" only testimony, information, documents or things that such producing person or entity has produced or provided in this action.  Nothing in this Order, however, shall be construed as permitting any receiving party in this litigation to share with other signatories of this Order, "Confidential" or "Highly Confidential" information not otherwise provided to such signatories.

19.  This Protective Order does not limit the State of Texas' duty to comply with all applicable provisions of the Texas Public Information Act.

20.  The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

SIGNED AND ENTERED this _27th_ day of _April_, 2005.

SCOTT H. JENKINS
JUDGE PRESIDING

Page 9

APPROVED AS TO FORM AND CONTENT:    *All other counsel approve as to form on pages 13-15!! (RCW)*

_____

Patrick J. O'Connell
Raymond C. Winter
Michael Winget-Hernandez
Attorneys for Plaintiff, State of Texas


_____    *w/ permission by RCW*

James J. Breen
John E. Clark
C. Jarrett Anderson
Attorneys for Relator, VEN-A-CARE

VL6857PG010

Page 10

APPROVED AS TO FORM ONLY:

_____
Gary L. Lewis
Toni-Ann Citera
Attorneys for Defendants, Abbott Laboratories, Inc.,
Abbott Laboratories and Hospira, Inc.


_____
Merle M. DeLancey
Jason Wallach
Attorneys for Defendant, Baxter Healthcare Corporation

_____
C. Michael Moore
John P. McDonald
Attorneys for Defendant, B.Braun Medical, Inc.

**EXHIBIT "A"**

# AGREEMENT AND CONSENT TO COMPLY WITH
# PROTECTIVE ORDER

Name of Requestor: _____

Business Address: _____

_____  _____

State: _____    ZIP: _____

Business Phone:  ( ) _____

Employer: _____

Title: _____

_____, hereby certify that I have read and I understand the terms, requirements and prohibitions of the attached Protective Order signed by Judge Scott H. Jenkins, in the 53d Judicial District Court of Travis County, Texas on the 3rd day of November, 2004 in *The State of Texas, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., Abbott Laboratories, Hospira, Inc., B. Braun Medical Inc., and Baxter Healthcare Corporation,* Cause No. GV401286. I agree that I will abide by the terms and conditions of that Order and that I will not reveal "Confidential" or "Highly Confidential" information to, or discuss such with any person who is not entitled to receive "Confidential" or "Highly Confidential" information in accordance with the Order, I will use "Confidential" and "Highly Confidential" information only for the purposes of facilitating the prosecution or defense of the action, or the similar action or investigation brought by the governmental entity that is identified in this Agreement and Consent, and not for any business or other purpose. I will otherwise keep all "Confidential" and "Highly Confidential" information confidential in accordance with this Order. I agree to submit to the authority and jurisdiction of the 201st Judicial District Court of Travis County, Texas, the Texas Court of Appeals and the Texas Supreme Court.

Signature: _____

Date: _____

APPROVED AS TO FORM ONLY:

_____
Gary L. Lewis
Toni-Ann Citera
Attorneys for Defendants, Abbott Laboratories, Inc.,
Abbott Laboratories and Hospira, Inc.


_____
Merle M. DeLancey
Jason Wallach
Attorneys for Defendant, Baxter Healthcare Corporation


_____
C. Michael Moore
John P. McDonald
Attorneys for Defendant, B.Braun Medical, Inc.

WL6857PG0013

Page 16 / 3

APPROVED AS TO FORM ONLY:

_____

Gary L. Lewis
Toni-Ann Citera
Attorneys for Defendants, Abbott Laboratories, Inc.,
Abbott Laboratories and Hospira, Inc.

_____

Jeffrey R. Jury
Merle M. DeLancey
Jason Wallach
Attorneys for Defendant, Baxter Healthcare Corporation

_____

C. Michael Moore
John P. McDonald
Attorneys for Defendant, B.Braun Medical, Inc.

Page 16 /14

APR 14 2005 12:59 PM FR LOCKE LIDDELL    214 740 8800 TO #07415123709477, P.03

APPROVED AS TO FORM ONLY:

_____
Gary L. Lewis
Toni-Ann Citera
Attorneys for Defendants, Abbott Laboratories, Inc.,
Abbott Laboratories and Hospira, Inc.


_____
Merle M. DeLancey
Jason Wallach
Attorneys for Defendant, Baxter Healthcare Corporation

_____
G. Michael Moore
John P. McDonald
Attorneys for Defendant, B.Braun Medical, Inc.

PAGE 3/3 * RCVD AT 4/14/2005 12:47:11 PM [Central Daylight Time] * SVR:RIGHTFAX/15 * DNIS:9477 * CSID:214 740 8800 * DURATION (mm-ss):01-14     PAGE 03 **