UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S UNAUTHORIZED
SUPPLEMENTAL MEMORANDUM CONCERNING AGGREGATE DAMAGES**

**A.     The Court Approved Aggregate State Wide Damages**

On April 11, 2007, the Court heard argument on various motions in limine.  On some the Court indicated rulings would follow; on others rulings were plainly made even if not formalized by a written order.  AstraZeneca claims in its latest filing that the Court precluded plaintiffs from proceeding with aggregate damages.  That is a false statement.  The Court rejected AstraZeneca's position that that damage should be left "for another day."  4/11/07 Tr. at 15:8-9. "No other day" was the Court's response.  *Id.*

The Court went on to say that plaintiffs should "aggregate state by state" for as the Court noted aggregate damages "comes up everyday in a class action."  *Id.*  And in fact, anticipating this issue, plaintiffs' trial exhibits submitted before the April 11, 2007 court hearing include a state by state aggregation.  *See* Plaintiffs' Trial Exs. 275, 277 and 382, attached.

These trial exhibits show how easy it will be for the jury to award damages by state. Then, if the Court finds at a later date some reason for exclusion of that state, the damages can be backed out.

- 1 -

**B.      AstraZeneca's Argument Is Simply a Way to Avoid Both *Cy Pres* and Punitive Damages Award**

AstraZeneca's claimant-by-claimant damages proposal is simply a means of avoiding the possibility of a *cy pres* distribution.  However, AstraZeneca should not be rewarded because this litigation has been long and hard-fought and because the individuals it harmed were old and sick.  Given the passage of time and the sickness and death to class members, it is clear that some class members will not be making claims.  That does not mean there were not damages to these individuals during the class period.

Given that this case is going to the jury as a fraud case, an aggregate number should be set.  And if the jury finds that AZ has engaged in intentional conduct, this Court should exercise its discretion to refuse to allow the unclaimed funds to revert to AZ, the wrongdoer.

**1.      Reversion to a defendant is disfavored when the underlying cause of action is meant to deter wrongful conduct**

While allowing unclaimed funds to revert to a defendant is, admittedly, one approved way of disposing of unclaimed funds (*see* 3 ALBA CONTE AND HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 10:15, at 512-13 (4th ed. 2002) (hereinafter "NEWBERG")).

Reversion is disfavored where the underlying cause of action was remedial in nature – such as the consumer protection statutes under which plaintiffs have brought claims here.  *See* NEWBERG § 10:17, at 518 "Generally, reversion of such funds to a defendant who was found liable is not considered legally required by most courts because reversion would defeat the important deterrence objectives of the underlying statute involved which permits private suits to redress violations thereof."  *See also* Tim A. Thomas, J.D., Annotation, *Possible methods of distributing unclaimed damages in federal class action*, 107 A.L.R. Fed. 800 § 2 (1992) ("Reversion of such funds to the defendant has been termed acceptable, particularly where the deterrence of wrongful conduct is ***not*** a goal of the statute under which the class was brought.")

(emphasis added); Kevin M. Forde, *What Can a Court Do with Leftover Class Action Funds? Almost Anything!*, 35 Judges' J. 3 (Summer 1996), at 9 ("One non-*cy pres* method of distributing unclaimed funds is to return the excess to the defendant.  Although some courts have done this, and perhaps it is within the discretion of the court to do so, strong policy reasons and other case law eight against such distribution.") (citing cases); Natalie A. DeJarlais, Note:  The Consumer Trust Fund:  A Cy Pres Solution to Undistributed Funds in Consumer Class Actions, 38 Hasting L.J. 729, 750 (April 1987) (concluding that "allowing undistributed funds to revert to the defendant confers far fewer benefits than a scheme designed to compensate, albeit indirectly, a 'next best' class of consumers.").

Indeed, in at least one case decided by a First Circuit court, *Sylvester v. Cigna Corp.*, 369 F. Supp. 2d 34, 39 (D. Me. 2005), the Court denied preliminary approval of an ERISA class action based, in large part, on the fact that a large reversion (48% of the original settlement fund) would be going to the defendant.[1]  In its opinion, the Court noted that:  "[i]n fact, Professor Sherman, an expert presented by Plaintiffs in support of the settlement, admitted that reverter clauses are generally 'suspect' and need to be viewed cautiously since they 'undercut the deterrent effect of class actions' and can 'suggest a lack of full diligence in representing the class.'" *Id*. at 45.[2]

The types of cases in which courts have approved a reversion to a defendant are different than this case.  For example, in *Wilson v. Southwest Airlines, Inc.*, 880 F.2d 807, 815 (5th Cir. 1989), by-far the most frequently cited case for the context in which reversion is appropriate, the

---

[1] Similarly, in *In re Compact Disc Minimum Advertise Price Antitrust Litig*., 2005 U.S. Dist. Lexis 11332 (D. Me. June 10, 2005), the Court declined to exercise an option in the parties' settlement agreement to provide a reversion to the defendants and instead asked the parties to identify proposed charitable recipients for a *cy pres* distribution.

[2] The settlement agreement in *Sylvester* likewise had a clear sailing provision- which made the agreement even more suspect to the district court.

Court held that part of the unclaimed funds from a fund set up to compensate claimants who were discriminated against under Title VII could revert to the defendant because Title VII's purposes were compensatory in nature and the defendant had acted quickly to remedy its challenged practices once identified through the litigation.  No similar arguments can be made about the statutes under which plaintiffs proceed or about AstraZeneca itself here.  Indeed, in this case despite the fact that AstraZeneca committed a clear wrong as far as consumers go, AstraZeneca has let this litigation go for five years and refused to remedy its wrongdoing.

**2.    A defendant against whom judgment is entered lacks standing to contest the distribution of unclaimed funds**

Not only would a reversion be inappropriate here, but even if a judgment were entered against AstraZeneca, AstraZeneca would not have standing to contest where the unclaimed funds were distributed.  NEWBERG explains that"

> However the court disposes of the common fund, or the unclaimed portion thereof, following an aggregate class damages adjudication, it has been recognized that this determination falls within the general equity powers of the court *and that defendants lack standing to contest this issue once they have already been found liable for aggregate damages*.

NEWBERG § 10:16, at 513-14 (emphasis added).  *See also Hansen v. United States*, 340 F.2d 142 (8th Cir. 1965) ("Defendant has no title or right to any money he paid to satisfy the judgment.  A judgment debtor who has paid his judgment is not the rightful owner of unclaimed portions of the judgment."); *In re Motorsports Merchants Antitrust Litig*., 160 F. Supp. 2d 1392, 1395 (N.D. Ga. 2001) (citing Newberg and rejecting Defendants' argument that unclaimed funds should revert to defendants where parties did not otherwise agree to such a reversion in their settlement agreement); *Friar v. Vanguard Holding Corp*., 509 N.Y.S.2d 374, 376 ("The defendant does not have a rightful claim, since the deposit of funds into court constituted the payment of a judgment,

and therefore title passed to the plaintiffs, with the property being held for the benefit by the court.").

C.     **Punitive Damages Should Be Based on the State Aggregate Number**

Several states allow punitive damages.  Since punitive damages are meant to punish the defendant and not to compensate the class, such an award should be based, in part, on the revenues and profits from the sale of Zoladex®.  A jury would want to base punitives on an aggregate number and not some "Ribbon" as suggested by AstraZeneca.

D.     **Since AstraZeneca Offered No Methodology for Calculating Damages, There is No Basis for its "Conceptual" Approach**

Having misstated the Court's ruling, AstraZeneca then claims the jury could "conceptually" decide the method of overcharge but leave for the "Special Master" some undefined proceeding.  AstraZeneca clearly wants to make these elderly class members come forward one by one in subsequent proceedings.  AZ Br. at 3.

AstraZeneca has offered *no* damage methodology of its own.  Thus, there is no basis for asking the jury to award damages based on "WAC and ASP."  Its proposal is a thinly disguised attempt to have a series of a thousand or more mini trials.

E.     **The Purported Legal Problems Are the Subject of Cross Examination and Make Weight**

In Section B, AstraZeneca rehashes its prior briefs.  For example, it criticizes Dr. Hartman's methods.  These criticisms were rejected by the Court in the Class 2 and 3 trial when the Court denied defendants' *Daubert* motion.

In addition, many of the alleged legal issues now raised by AstraZeneca do not even deal with Class 1 issues.  For example, AstraZeneca claims some TPPs did not pay based on AWP.  Yet after five years it has failed to prove that any of the named plaintiffs or any Class 1 absent class member did not pay based on AWP.  Since the statute required such payment, aggregate

damages should not be rejected based on AstraZeneca's hypothetical argument that some Class 1

members did not pay based on AWP.[3]

## II.      CONCLUSION

AstraZeneca's third attempt to prevent aggregate damages from being awarded by the

jury and to impose some lengthy post trial claims procedure should be rejected.


DATED:  April 27, 2007                    By____/s/ Steve W. Berman_____
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                          Hagens Berman Sobol Shapiro LLP
                                          One Main Street, 4th Floor
                                          Cambridge, MA  02142
                                          Telephone: (617) 482-3700
                                          Facsimile: (617) 482-3003

                                          **LIAISON COUNSEL**

                                          Steve W. Berman
                                          Sean R. Matt
                                          Hagens Berman Sobol Shapiro LLP
                                          1301 Fifth Avenue, Suite 2900
                                          Seattle, WA  98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594

                                          Jeffrey Kodroff
                                          Spector, Roseman & Kodroff, P.C.
                                          1818 Market Street, Suite 2500
                                          Philadelphia, PA  19103
                                          Telephone: (215) 496-0300
                                          Facsimile: (215) 496-6611

---

[3] AstraZeneca makes an issue of the opt outs.  This number came in after trial exhibits were due and Dr. Hartman can adjust the model accordingly.  This represents less than one percent of mailed notices.

001534-16  167975 V1

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

001534-16  167975 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S UNAUTHORIZED SUPPLEMENTAL MEMORANDUM CONCERNING AGGREGATE DAMAGES** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 27, 2007, a copy to LexisNexis File and Serve for Posting and notification to all parties

By      **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

001534-16  167975 V1

**Attachment F.1.b:  Zoladex Damages for Class 1 Beneficiaries by State**

| State | Medicare Expenditures ($ millions)* | In Class 1? | Percent of Total Class 1 States | Total Through 2003 | | Total Through 2004 | |
|---|---|---|---|---|---|---|---|
| | | | | Nominal Damages to Class 1 | Class 1 Damages with Prejudgment Interest | Nominal Damages to Class 1 | Class 1 Damages with Prejudgment Interest |
| United States | 245,186 | | | | | | |
| Alabama | 4,058 | No | 0.0% | 0 | 0 | 0 | 0 |
| Alaska | 254 | No | 0.0% | 0 | 0 | 0 | 0 |
| Arizona | 3,777 | Yes | 1.8% | 464,034 | 597,038 | 549,094 | 689,520 |
| Arkansas | 2,354 | Yes | 1.1% | 289,207 | 372,102 | 342,221 | 429,741 |
| California | 26,920 | Yes | 12.6% | 3,307,331 | 4,255,300 | 3,913,585 | 4,914,451 |
| Colorado | 2,527 | Yes | 1.2% | 310,462 | 399,448 | 367,371 | 461,323 |
| Connecticut | 3,463 | Yes | 1.6% | 425,456 | 547,404 | 503,445 | 632,197 |
| Delaware | 754 | Yes | 0.4% | 92,635 | 119,186 | 109,615 | 137,648 |
| District of Columbia | 569 | Yes | 0.3% | 69,906 | 89,943 | 82,720 | 103,875 |
| Florida | 19,935 | Yes | 9.3% | 2,449,170 | 3,151,166 | 2,898,118 | 3,639,286 |
| Georgia | 5,486 | No | 0.0% | 0 | 0 | 0 | 0 |
| Hawaii | 799 | Yes | 0.4% | 98,163 | 126,300 | 116,157 | 145,864 |
| Idaho | 835 | Yes | 0.4% | 102,586 | 131,990 | 121,391 | 152,436 |
| Illinois | 10,073 | Yes | 4.7% | 1,237,546 | 1,592,260 | 1,464,396 | 1,838,903 |
| Indiana | 4,773 | Yes | 2.2% | 586,400 | 754,478 | 693,891 | 871,347 |
| Iowa | 2,369 | No | 0.0% | 0 | 0 | 0 | 0 |
| Kansas | 2,071 | Yes | 1.0% | 254,438 | 327,367 | 301,079 | 378,077 |
| Kentucky | 3,601 | No | 0.0% | 0 | 0 | 0 | 0 |
| Louisiana | 4,454 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maine | 1,119 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maryland | 4,675 | Yes | 2.2% | 574,360 | 738,987 | 679,644 | 853,457 |
| Massachusetts | 6,651 | Yes | 3.1% | 817,127 | 1,051,337 | 966,911 | 1,214,191 |
| Michigan | 9,227 | Yes | 4.3% | 1,133,609 | 1,458,531 | 1,341,406 | 1,684,459 |
| Minnesota | 3,373 | Yes | 1.6% | 414,399 | 533,177 | 490,361 | 615,767 |
| Mississippi | 2,604 | No | 0.0% | 0 | 0 | 0 | 0 |
| Missouri | 5,010 | Yes | 2.3% | 615,517 | 791,941 | 728,346 | 914,614 |
| Montana | 659 | No | 0.0% | 0 | 0 | 0 | 0 |
| Nebraska | 1,325 | Yes | 0.6% | 162,787 | 209,445 | 192,626 | 241,889 |
| Nevada | 1,496 | Yes | 0.7% | 183,795 | 236,476 | 217,486 | 273,106 |
| New Hampshire | 879 | Yes | 0.4% | 107,992 | 138,945 | 127,788 | 160,468 |
| New Jersey | 9,306 | Yes | 4.3% | 1,143,314 | 1,471,019 | 1,352,891 | 1,698,881 |
| New Mexico | 1,107 | Yes | 0.5% | 136,004 | 174,986 | 160,934 | 202,091 |
| New York | 19,403 | Yes | 9.1% | 2,383,809 | 3,067,072 | 2,820,776 | 3,542,165 |
| North Carolina | 6,300 | Yes | 2.9% | 774,004 | 995,854 | 915,884 | 1,150,113 |
| North Dakota | 479 | Yes | 0.2% | 58,849 | 75,717 | 69,636 | 87,445 |
| Ohio | 10,139 | Yes | 4.7% | 1,245,655 | 1,602,693 | 1,473,991 | 1,850,951 |
| Oklahoma | 3,044 | Yes | 1.4% | 373,979 | 481,171 | 442,532 | 555,705 |
| Oregon | 2,596 | Yes | 1.2% | 318,939 | 410,355 | 377,402 | 473,920 |
| Pennsylvania | 13,732 | Yes | 6.4% | 1,687,083 | 2,170,645 | 1,996,336 | 2,506,881 |
| Rhode Island | 1,070 | Yes | 0.5% | 131,458 | 169,137 | 155,555 | 195,337 |
| South Carolina | 3,429 | Yes | 1.6% | 421,279 | 542,029 | 498,502 | 625,990 |
| South Dakota | 540 | Yes | 0.3% | 66,343 | 85,359 | 78,504 | 98,581 |
| Tennessee | 4,847 | Yes | 2.3% | 595,492 | 766,175 | 704,649 | 884,857 |
| Texas | 15,105 | Yes | 7.1% | 1,855,767 | 2,387,678 | 2,195,940 | 2,757,533 |
| Utah | 1,004 | Yes | 0.5% | 123,349 | 158,704 | 145,960 | 183,288 |
| Vermont | 480 | Yes | 0.2% | 58,972 | 75,875 | 69,782 | 87,628 |
| Virginia | 4,798 | No | 0.0% | 0 | 0 | 0 | 0 |
| Washington | 3,863 | Yes | 1.8% | 474,600 | 610,632 | 561,597 | 705,220 |
| West Virginia | 1,907 | Yes | 0.9% | 234,290 | 301,443 | 277,237 | 348,137 |
| Wisconsin | 3,948 | Yes | 1.8% | 485,042 | 624,068 | 573,954 | 720,737 |
| Wyoming | 338 | Yes | 0.2% | 41,526 | 53,428 | 49,138 | 61,704 |
| | | | | | | | |
| Total, Class 1 States | 214,123 | | | 26,306,673 | 33,846,863 | 31,128,851 | 39,089,780 |
| Percent of US | 87% | | | | | | |

\* See notes in Attachment F.1.a.

Report of Raymond S. Hartman

Plaintiffs' Exhibit
**275**
01-12257-PBS

**Attachment F.2.b: Savings on Class 1 Medicare Payments Assuming Reimbursements Based on 106% of ASP by State**

| State | Medicare Expenditures ($ millions)* | In Class 1? | Percent of Total Class 1 States | Total Through 2003 | | Total Through 2004 | |
|---|---|---|---|---|---|---|---|
| | | | | Nominal Damages to Class 1 | Class 1 Damages with Prejudgment Interest | Nominal Damages to Class 1 | Class 1 Damages with Prejudgment Interest |
| United States | 245,186 | | | | | | |
| Alabama | 4,058 | No | 0.0% | 0 | 0 | 0 | 0 |
| Alaska | 254 | No | 0.0% | 0 | 0 | 0 | 0 |
| Arizona | 3,777 | Yes | 1.8% | 439,476 | 563,678 | 521,143 | 652,470 |
| Arkansas | 2,354 | Yes | 1.1% | 273,902 | 351,310 | 324,800 | 406,649 |
| California | 26,920 | Yes | 12.6% | 3,132,298 | 4,017,528 | 3,714,367 | 4,650,383 |
| Colorado | 2,527 | Yes | 1.2% | 294,031 | 377,128 | 348,670 | 436,535 |
| Connecticut | 3,463 | Yes | 1.6% | 402,940 | 516,816 | 477,818 | 598,227 |
| Delaware | 754 | Yes | 0.4% | 87,732 | 112,527 | 104,035 | 130,252 |
| District of Columbia | 569 | Yes | 0.3% | 66,206 | 84,917 | 78,509 | 98,294 |
| Florida | 19,935 | Yes | 9.3% | 2,319,553 | 2,975,090 | 2,750,591 | 3,443,736 |
| Georgia | 5,486 | No | 0.0% | 0 | 0 | 0 | 0 |
| Hawaii | 799 | Yes | 0.4% | 92,968 | 119,242 | 110,244 | 138,026 |
| Idaho | 835 | Yes | 0.4% | 97,157 | 124,615 | 115,212 | 144,245 |
| Illinois | 10,073 | Yes | 4.7% | 1,172,052 | 1,503,290 | 1,389,852 | 1,740,093 |
| Indiana | 4,773 | Yes | 2.2% | 555,366 | 712,320 | 658,569 | 824,527 |
| Iowa | 2,369 | No | 0.0% | 0 | 0 | 0 | 0 |
| Kansas | 2,071 | Yes | 1.0% | 240,973 | 309,075 | 285,752 | 357,762 |
| Kentucky | 3,601 | No | 0.0% | 0 | 0 | 0 | 0 |
| Louisiana | 4,454 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maine | 1,119 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maryland | 4,675 | Yes | 2.2% | 543,963 | 697,695 | 645,047 | 807,598 |
| Massachusetts | 6,651 | Yes | 3.1% | 773,882 | 992,592 | 917,691 | 1,148,949 |
| Michigan | 9,227 | Yes | 4.3% | 1,073,615 | 1,377,033 | 1,273,123 | 1,593,948 |
| Minnesota | 3,373 | Yes | 1.6% | 392,468 | 503,385 | 465,400 | 582,680 |
| Mississippi | 2,604 | No | 0.0% | 0 | 0 | 0 | 0 |
| Missouri | 5,010 | Yes | 2.3% | 582,943 | 747,690 | 691,270 | 865,469 |
| Montana | 659 | No | 0.0% | 0 | 0 | 0 | 0 |
| Nebraska | 1,325 | Yes | 0.6% | 154,171 | 197,742 | 182,821 | 228,891 |
| Nevada | 1,496 | Yes | 0.7% | 174,068 | 223,262 | 206,415 | 258,431 |
| New Hampshire | 879 | Yes | 0.4% | 102,277 | 131,182 | 121,283 | 151,846 |
| New Jersey | 9,306 | Yes | 4.3% | 1,082,807 | 1,388,823 | 1,284,023 | 1,607,595 |
| New Mexico | 1,107 | Yes | 0.5% | 128,806 | 165,208 | 152,742 | 191,232 |
| New York | 19,403 | Yes | 9.1% | 2,257,652 | 2,895,695 | 2,677,186 | 3,351,834 |
| North Carolina | 6,300 | Yes | 2.9% | 733,042 | 940,209 | 869,261 | 1,088,314 |
| North Dakota | 479 | Yes | 0.2% | 55,734 | 71,486 | 66,091 | 82,746 |
| Ohio | 10,139 | Yes | 4.7% | 1,179,732 | 1,513,140 | 1,398,959 | 1,751,494 |
| Oklahoma | 3,044 | Yes | 1.4% | 354,187 | 454,285 | 420,005 | 525,846 |
| Oregon | 2,596 | Yes | 1.2% | 302,060 | 387,426 | 358,191 | 448,454 |
| Pennsylvania | 13,732 | Yes | 6.4% | 1,597,798 | 2,049,357 | 1,894,713 | 2,372,179 |
| Rhode Island | 1,070 | Yes | 0.5% | 124,501 | 159,686 | 147,636 | 184,841 |
| South Carolina | 3,429 | Yes | 1.6% | 398,984 | 511,742 | 473,126 | 592,354 |
| South Dakota | 540 | Yes | 0.3% | 62,832 | 80,589 | 74,508 | 93,284 |
| Tennessee | 4,847 | Yes | 2.3% | 563,977 | 723,364 | 668,779 | 837,311 |
| Texas | 15,105 | Yes | 7.1% | 1,757,555 | 2,254,263 | 2,084,157 | 2,609,362 |
| Utah | 1,004 | Yes | 0.5% | 116,821 | 149,836 | 138,530 | 173,439 |
| Vermont | 480 | Yes | 0.2% | 55,851 | 71,635 | 66,229 | 82,919 |
| Virginia | 4,798 | No | 0.0% | 0 | 0 | 0 | 0 |
| Washington | 3,863 | Yes | 1.8% | 449,482 | 576,512 | 533,009 | 667,326 |
| West Virginia | 1,907 | Yes | 0.9% | 221,891 | 284,600 | 263,124 | 329,431 |
| Wisconsin | 3,948 | Yes | 1.8% | 459,373 | 589,198 | 544,737 | 682,010 |
| Wyoming | 338 | Yes | 0.2% | 39,328 | 50,443 | 46,637 | 58,389 |
| | | | | | | | |
| Total, Class 1 States | 214,123 | | | 24,914,455 | 31,955,616 | 29,544,256 | 36,989,372 |
| Percent of US | 87% | | | | | | |

\* See notes in Attachment F.1.a.

Report of Raymond S. Hartman

Plaintiffs' Exhibit
277
01-12257-PBS

**March 28, 2007 Addendum to the Report of Raymond Hartman**
**Table 2:  Zoladex Damages for Medicare Beneficiaries (Consumers) Paying Coinsurance Under Private Third-Party Supplemental Insurance by State**

| State | Medicare Expenditures ($ millions)* | In Class? | Percent of Total Class States | Total Through 2003 | | Total Through 2004 | |
|---|---|---|---|---|---|---|---|
| | | | | Nominal Damages | Damages with Prejudgment Interest | Nominal Damages | Damages with Prejudgment Interest |
| United States | 245,186 | | | | | | |
| Alabama | 4,058 | No | 0.0% | 0 | 0 | 0 | 0 |
| Alaska | 254 | No | 0.0% | 0 | 0 | 0 | 0 |
| Arizona | 3,777 | Yes | 1.8% | 220,584 | 283,809 | 261,019 | 327,772 |
| Arkansas | 2,354 | Yes | 1.1% | 137,478 | 176,883 | 162,679 | 204,282 |
| California | 26,920 | Yes | 12.6% | 1,572,181 | 2,022,809 | 1,860,371 | 2,336,145 |
| Colorado | 2,527 | Yes | 1.2% | 147,582 | 189,883 | 174,634 | 219,296 |
| Connecticut | 3,463 | Yes | 1.6% | 202,246 | 260,215 | 239,319 | 300,523 |
| Delaware | 754 | Yes | 0.4% | 44,035 | 56,657 | 52,107 | 65,433 |
| District of Columbia | 569 | Yes | 0.3% | 33,231 | 42,756 | 39,322 | 49,378 |
| Florida | 19,935 | Yes | 9.3% | 1,164,243 | 1,497,946 | 1,377,656 | 1,729,979 |
| Georgia | 5,486 | No | 0.0% | 0 | 0 | 0 | 0 |
| Hawaii | 799 | Yes | 0.4% | 46,663 | 60,038 | 55,217 | 69,338 |
| Idaho | 835 | Yes | 0.4% | 48,766 | 62,743 | 57,705 | 72,462 |
| Illinois | 10,073 | Yes | 4.7% | 588,283 | 756,900 | 696,119 | 874,145 |
| Indiana | 4,773 | Yes | 2.2% | 278,753 | 358,650 | 329,850 | 414,206 |
| Iowa | 2,369 | No | 0.0% | 0 | 0 | 0 | 0 |
| Kansas | 2,071 | Yes | 1.0% | 120,950 | 155,618 | 143,121 | 179,723 |
| Kentucky | 3,601 | No | 0.0% | 0 | 0 | 0 | 0 |
| Louisiana | 4,454 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maine | 1,119 | No | 0.0% | 0 | 0 | 0 | 0 |
| Maryland | 4,675 | Yes | 2.2% | 273,029 | 351,287 | 323,077 | 405,701 |
| Massachusetts | 6,651 | Yes | 3.1% | 388,431 | 499,766 | 459,633 | 577,180 |
| Michigan | 9,227 | Yes | 4.3% | 538,875 | 693,331 | 637,654 | 800,728 |
| Minnesota | 3,373 | Yes | 1.6% | 196,990 | 253,452 | 233,099 | 292,712 |
| Mississippi | 2,604 | No | 0.0% | 0 | 0 | 0 | 0 |
| Missouri | 5,010 | Yes | 2.3% | 292,594 | 376,459 | 346,228 | 434,773 |
| Montana | 659 | No | 0.0% | 0 | 0 | 0 | 0 |
| Nebraska | 1,325 | Yes | 0.6% | 77,383 | 99,562 | 91,567 | 114,985 |
| Nevada | 1,496 | Yes | 0.7% | 87,369 | 112,412 | 103,385 | 129,824 |
| New Hampshire | 879 | Yes | 0.4% | 51,335 | 66,049 | 60,745 | 76,281 |
| New Jersey | 9,306 | Yes | 4.3% | 543,489 | 699,267 | 643,113 | 807,584 |
| New Mexico | 1,107 | Yes | 0.5% | 64,651 | 83,182 | 76,502 | 96,067 |
| New York | 19,403 | Yes | 9.1% | 1,133,173 | 1,457,970 | 1,340,891 | 1,683,812 |
| North Carolina | 6,300 | Yes | 2.9% | 367,932 | 473,391 | 435,377 | 546,720 |
| North Dakota | 479 | Yes | 0.2% | 27,975 | 35,993 | 33,102 | 41,568 |
| Ohio | 10,139 | Yes | 4.7% | 592,137 | 761,860 | 700,680 | 879,873 |
| Oklahoma | 3,044 | Yes | 1.4% | 177,776 | 228,731 | 210,363 | 264,161 |
| Oregon | 2,596 | Yes | 1.2% | 151,611 | 195,067 | 179,403 | 225,283 |
| Pennsylvania | 13,732 | Yes | 6.4% | 801,976 | 1,031,843 | 948,983 | 1,191,677 |
| Rhode Island | 1,070 | Yes | 0.5% | 62,490 | 80,401 | 73,945 | 92,856 |
| South Carolina | 3,429 | Yes | 1.6% | 200,260 | 257,660 | 236,969 | 297,572 |
| South Dakota | 540 | Yes | 0.3% | 31,537 | 40,576 | 37,318 | 46,862 |
| Tennessee | 4,847 | Yes | 2.3% | 283,074 | 364,211 | 334,964 | 420,628 |
| Texas | 15,105 | Yes | 7.1% | 882,161 | 1,135,012 | 1,043,867 | 1,310,827 |
| Utah | 1,004 | Yes | 0.5% | 58,636 | 75,442 | 69,384 | 87,128 |
| Vermont | 480 | Yes | 0.2% | 28,033 | 36,068 | 33,172 | 41,655 |
| Virginia | 4,798 | No | 0.0% | 0 | 0 | 0 | 0 |
| Washington | 3,863 | Yes | 1.8% | 225,607 | 290,272 | 266,962 | 335,235 |
| West Virginia | 1,907 | Yes | 0.9% | 111,373 | 143,295 | 131,788 | 165,491 |
| Wisconsin | 3,948 | Yes | 1.8% | 230,571 | 296,659 | 272,836 | 342,611 |
| Wyoming | 338 | Yes | 0.2% | 19,740 | 25,398 | 23,358 | 29,332 |
| | | | | | | | |
| Total, Class States | 214,123 | | | 12,505,201 | 16,089,523 | 14,797,483 | 18,581,809 |
| Percent of US | 87% | | | | | | |

* See notes in Table 1 of this Addendum.

Plaintiffs' Exhibit 382 01-12257-PBS