through the Internet at http://www.hhs.gov/oig) (these lists will hereinafter be referred to as the "Exclusion Lists").

3. *Review and Removal Requirement.* Within one hundred twenty (120) days of the Effective Date of this CIA, Bayer Pharmaceutical Division will review its list of current Covered Persons against the Exclusion Lists. Thereafter, Bayer Pharmaceutical Division shall review its list of Covered Persons against the Exclusion Lists once annually. In addition, Bayer Pharmaceutical Division shall require Covered Persons to disclose immediately any debarment, exclusion or other event that makes the individual an Ineligible Person.

If Bayer Pharmaceutical Division has notice that a Covered Person has become an Ineligible Person, it will remove such person from responsibility for, or involvement with, Bayer Pharmaceutical Division's business operations related to the Federal health care programs and shall remove such person from any position for which the person's salary or any items or services rendered, ordered, or prescribed by the person are paid in whole or part, directly or indirectly, by Federal health care programs or otherwise with Federal funds at least until such time as the person is reinstated into participation in the Federal health care programs.

4. *Pending Charges and Proposed Exclusions.* If Bayer Pharmaceutical Division has notice that a Covered Person is charged with a criminal offense related to any Federal health care program, or is proposed for exclusion during his or her employment or engagement, Bayer Pharmaceutical Division shall take all appropriate

20

actions to ensure that the responsibilities of that individual shall not adversely affect the accuracy of any claims for reimbursement submitted to any Federal health care program.

H. **Notification of Government Investigation or Legal Proceedings.** Within thirty (30) days of discovery, Bayer shall notify OIG, in writing, of any ongoing investigation or legal proceeding conducted or brought by a governmental entity or its agents involving an allegation that Bayer Pharmaceutical Division has committed a crime or has engaged in fraudulent activities or that Bayer has committed a crime or engaged in fraudulent activities relating to the Federal health care programs. This notification shall include a description of the allegation, the identity of the investigating or prosecuting agency, and the status of such investigation or legal proceeding. Bayer shall also provide written notice to OIG within thirty (30) days of the resolution of the matter, and shall provide OIG with a description of the findings and/or results of the proceedings, if any.

## IV. NEW BUSINESS UNITS OR LOCATIONS

In the event that, after the Effective Date of this CIA, Bayer changes locations or purchases or establishes new business units engaged in the contracting for, marketing, sales or price reporting of Government Reimbursed Products, Bayer shall notify OIG of this fact as soon as possible, but no later than within thirty (30) days of the date of change of location, purchase or establishment. This notification shall include the location of new operation(s), phone number, fax number, Federal health care program provider number(s) (if any), and the corresponding contractor's name and address that has issued each such provider number. All Covered Persons at such locations shall be subject

to the applicable requirements in this CIA (e.g., completing certifications and undergoing training). Bayer shall use its best efforts to implement the requirements of this CIA in new business units or locations that participate in any Federal health care program as soon as practicable. Notwithstanding any other provisions to the contrary, the price reporting requirements of Section III.D of this CIA shall not become effective for new business units or locations until six (6) months after the purchase or establishment of such new business units or locations.

## V. IMPLEMENTATION AND ANNUAL REPORTS

### A. Implementation Report.

Within one hundred and fifty-five (155) days after the Effective Date of this CIA, Bayer shall submit a written report to OIG summarizing the status of its implementation of the requirements of this CIA. This Implementation Report shall include:

1. the name, address, phone number and position description of the Compliance Officer required by section III.A;

2. the names and positions of the members of the Compliance Committee required by section III.A;

3. a copy of the Code of Conduct required by section III.B.1;

4. a summary of the Policies and Procedures required by section III.B.2;

5. a copy of training materials used for the training required by section III.C, a description of such training programs, and a summary of the

22

activities undertaken in furtherance of these programs, including a schedule and topic outline of the training sessions;

6. a certification by the Compliance Officer that:

    a. the Policies and Procedures required by section III.B have been developed, are being implemented, and have been distributed to all appropriate Covered Persons;

    b. all Covered Persons have completed the Code of Conduct certification required by section III.B.1; and

    c. all Covered Persons have completed the applicable training and executed the certification required by section III.C.

    d. In the event that the Compliance Officer cannot certify to these items in their entirety, the Compliance Officer shall provide an explanation of any deficiencies and a timetable for when the deficiencies will be remedied.

7. a description of the Confidential Disclosure Program required by section III.F;

8. the identity of the IRO(s); a summary/description of all current engagements between Bayer and the IRO; and a summary/description of all engagements between Bayer and the IRO relating to the work of or issues examined by the IRO in connection with the Drug Price Reporting Engagement or the Compliance Engagement; and the proposed start and

23

completion dates of the first Drug Price Reporting Engagement and Compliance Engagement;

9. a certification from the IRO regarding its professional independence from Bayer as required by section III.E.5;

10. a summary of personnel action (other than hiring), if any, taken pursuant to section III.G;

11. a list of all of Bayer Pharmaceutical Division locations (including locations and mailing addresses), the corresponding name under which each location is doing business, the corresponding phone numbers and fax numbers, each location's Medicare provider identification number(s) (if any) and the contractor's name and address that issued each provider identification number;

12. to the extent not already furnished to OIG, or if modified, a description of Bayer's corporate structure including identification of any parent and sister companies, subsidiaries and their respective lines of business; and

13. the certification required by Section V.C.

B. **Annual Reports.**

Bayer shall submit to OIG Annual Reports with respect to the status and findings regarding its compliance activities for each of the five one-year periods beginning on the Effective Date of the CIA. (The one-year period covered by each Annual Report shall be referred to as "the Reporting Period").

24

Each Annual Report shall include:

1. any change in the identity or position description of the Compliance Officer and/or members of the Compliance Committee described in section III.A;

2. a certification by the Compliance Officer that:

   a. when required, Covered Persons have completed the annual Code of Conduct certification required by section III.B.1; and

   b. all Covered Persons completed the applicable training and executed the certification required by section III.C.

The documentation supporting this certification shall be available to the OIG, upon request.

3. a summary of any significant changes or amendments to the Policies and Procedures required by section III.B.2 and the reasons for such changes (e.g., change in Federal health care program requirements);

4. a copy of the training materials used for the training required by section III.C. (to the extent not already provided), and description of the training required by section III.C conducted during the Reporting Period, including a schedule, topic outline of training sessions, and list of attendees;

5. a complete copy of the reports prepared pursuant to the IRO's Drug Price Reporting and Compliance Engagements, including a copy of the methodology used and a copy of the IRO's engagement letter;

25

6. Bayer's response/corrective action plan to any issues raised by the IRO;

7. a revised summary/description of all engagements between Bayer and the IRO as described in section V.A.8, if different from what was submitted as part of the Implementation Report;

8. a summary of the disclosures in the confidential disclosure log required by section III.F that relate to Federal health care programs;

9. a description of any personnel actions (other than hiring) taken by Bayer Pharmaceutical Division as a result of the obligations in section III.G, and the name, title, and responsibilities of any person who falls within the ambit of section III.G.4, and the actions taken in response to the obligations set forth in that section;

10. a summary describing any ongoing investigation or legal proceeding required to have been reported pursuant to section III.H. The summary shall include a description of the allegation, the identity of the investigating or prosecuting agency, and the status of such investigation or legal proceeding;

11. a description of any and all changes to the most recently provided list (as updated) of Bayer's locations (including locations and mailing addresses) as required by section V.A.11, the corresponding name under which each location is doing business, the corresponding phone numbers and fax numbers, each location's Federal health care program provider

26

identification numbers(s) (if any), and the contractor names and address that issued each provider identification number;

12. a description of the co-promotion agreements that Bayer has with other firms, including the number of such agreements in existence during the Reporting Period and a summary of the assurances Bayer has received regarding the training of co-promotion personnel, as referenced in Footnote 1; and

13. the certification required by section V.C.

The first Annual Report shall be received by the OIG no later than one year and seventy-five (75) days after the Effective Date of this CIA. Subsequent Annual Reports shall be submitted no later than the anniversary date of the due date of the first Annual Report.

C. **Certifications.** The Implementation Report and Annual Reports shall include a certification by the Compliance Officer that: (1) except as otherwise described in the applicable report, Bayer is in compliance with all of the requirements of this CIA, to the best of his or her knowledge; and (2) the Compliance Officer has reviewed the Report, has made reasonable inquiry regarding its content, and believes that the information therein is accurate and truthful.

## VI. NOTIFICATIONS AND SUBMISSION OF REPORTS

Unless otherwise stated in writing subsequent to the Effective Date of this CIA, all notifications and reports required under this CIA shall be submitted to the entities listed below:

OIG:

>Civil Recoveries Branch - Compliance Unit
>Office of Counsel to the Inspector General
>Office of Inspector General
>U.S. Department of Health and Human Services
>Cohen Building, Room 5527
>330 Independence Avenue, SW
>Washington, DC 20201
>Phone: 202.619.2078
>Fax: 202.205.0604

Bayer:

>Compliance Officer
>c/o Bayer Corporation Pharmaceutical Division
>400 Morgan Lane
>West Haven, CT 06516
>Phone: 203.812.2647
>Fax : 203.812.3143

Unless otherwise specified, all notifications and reports required by this CIA may be made by certified mail, overnight mail, hand delivery or other means, provided that there is proof that such notification was received. For purposes of this requirement, internal facsimile confirmation sheets do not constitute proof of receipt.

28

## VII. OIG INSPECTION, AUDIT AND REVIEW RIGHTS

In addition to any other rights OIG may have by statute, regulation, or contract, OIG or its duly authorized representative(s) may examine Bayer Pharmaceutical Division's books, records, and other documents and supporting materials subject to any properly asserted legal privilege, and/or conduct on-site reviews at reasonable times of any relevant Bayer location for the purpose of verifying and evaluating: (a) Bayer's compliance with the terms of this CIA; and (b) Bayer Pharmaceutical Division's compliance with applicable requirements of the Federal health care programs. The documentation described above shall be made available to OIG or its duly authorized representative(s) at all reasonable times for inspection, audit or reproduction. Furthermore, for purposes of this provision, OIG or its duly authorized representative(s) may interview any of Bayer's employees, contractors, or agents who consent to be interviewed at the individual's place of business during normal business hours or at such other place and time as may be mutually agreed upon between the individual and OIG. Bayer agrees to assist OIG or its duly authorized representatives(s) in contacting and arranging interviews with such individuals upon OIG's reasonable request. Bayer's employees may elect to be interviewed with or without a representative of Bayer present. If an employee, consistent with his or her rights and privileges, refuses to be interviewed based upon an individual decision, Bayer will not be in breach of this CIA if the interview does not occur.

## VIII. DOCUMENT AND RECORD RETENTION

Bayer shall maintain for inspection all documents and records relating to reimbursement from the Federal health care programs or to compliance with this CIA for six (6) years from the Effective Date of this CIA (or longer if otherwise required by law).

## IX. DISCLOSURES AND PRIVILEGES

When Bayer submits any information to the OIG pursuant to its obligations under this CIA, it shall clearly identify any portions of its submissions that it believes are trade secrets, or information that is commercial or financial and privileged or confidential, and therefore exempt from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The OIG shall follow all applicable Federal laws concerning privacy and confidentiality, including the Federal Privacy Act, 5 U.S.C. § 522a, to the greatest extent allowed by law. Consistent with HHS's Freedom of Information Act ("FOIA") procedures, set forth in 45 C.F.R. Part 5, the OIG shall make a reasonable effort to notify Bayer prior to any release by the OIG of information submitted by Bayer pursuant to its obligations under this CIA and identified upon submission by Bayer as trade secrets, commercial or financial information, or privileged and confidential under the FOIA rules. With respect to such releases, Bayer shall have the rights set forth at 45 C.F.R. § 5.65(d). Bayer shall refrain from identifying any information as exempt from release if that information does not meet the criteria for exemption from disclosure under FOIA. The OIG shall provide the pre-disclosure notice required pursuant to 45 C.F.R. § 5.65(d) to the Compliance Officer at the address provided in Section VI. Nothing in this CIA, or

30

any communication or report made pursuant to this CIA, shall constitute or be construed as a waiver by Bayer of Bayer's attorney-client, work product or other applicable privileges. Notwithstanding that fact, the existence of any such privilege does not affect Bayer's obligation to comply with the provisions of the CIA.

## X.   BREACH AND DEFAULT PROVISIONS

Bayer is expected to fully and timely comply with all of its CIA obligations. The remedies available to the OIG under this Section X do not preempt or limit any actions that individual States may take against Bayer under appropriate authorities not specified in this CIA. A breach of this CIA does not constitute a breach of the Settlement Agreement with the United States or the settlement agreements with the individual states. A breach of the terms of those settlement agreements does not constitute a breach of this CIA, except to the extent that such a breach independently also constitutes a breach of this CIA. Section X of this CIA specifies all of the remedies available to the OIG if Bayer fails to satisfy its obligations under this CIA.

**A. Stipulated Penalties for Failure to Comply with Certain Obligations.** As a contractual remedy, Bayer and OIG hereby agree that failure to comply with certain obligations set forth in this CIA may lead to the imposition of the following monetary penalties (hereinafter referred to as "Stipulated Penalties") in accordance with the following provisions.

31

1. A Stipulated Penalty of $2,500 (which shall begin to accrue on the day after the date the obligation became due) for each day Bayer Pharmaceutical Division fails to have in place any of the following:

    a. a Compliance Officer and Committee as described by section III.A;

    b. a written Code of Conduct as described by section III.B.1;

    c. written Policies and Procedures as described by section III.B.2;

    d. a training program as described by section III.C; and

    e. a Confidential Disclosure Program as described by section III.F.

2. A Stipulated Penalty of $2,500 (which shall begin to accrue on the day after the date the obligation became due) for each day Bayer Pharmaceutical Division fails to retain an Independent Review Organization as required by section III.E.

3. A Stipulated Penalty of $2,500 (which shall begin to accrue on the day after the date the obligation became due) for each day Bayer fails meet any of the deadlines to submit the Implementation Report or the Annual Reports to the OIG.

4. A Stipulated Penalty of $2,000 (which shall begin to accrue ten (10) days after the date the failure to comply began) for each day Bayer Pharmaceutical Division employs or engages an Ineligible Person as a Covered Person (the Stipulated Penalty described in this paragraph shall not be demanded for any time period during which Bayer can demonstrate that it did not discover the person's exclusion or other ineligibility after making a reasonable inquiry (as described in section III.G) as the status of the person).

5. A Stipulated Penalty of $1,500 for each day Bayer fails to grant access to the information or documentation as required in section VII of this CIA. (This Stipulated Penalty shall begin to accrue on the date Bayer fails to grant access.)

6. A Stipulated Penalty of $1,000 (which shall begin to accrue ten (10) days after the date that OIG provides notice to Bayer of the failure to comply) for each day Bayer fails to comply fully and adequately with any obligation of this CIA not already covered in sections X.A.1-5. In its notice to Bayer, the OIG shall state the specific grounds for its determination that the Bayer has failed to comply fully and adequately with the CIA obligation(s) at issue and the steps Bayer must take to comply with the CIA. The OIG shall not seek to impose the Stipulated Penalties discussed in this section X.A.6 if Bayer cures the identified deficiency within the ten (10) day period.

B. **Timely Written Requests for Extensions.** Bayer may, in advance of the due date, submit a timely written request for an extension of time to perform any act or file any notification or report required by this CIA. Notwithstanding any other provision in this section, if OIG grants the timely written request with respect to an act, notification, or report, Stipulated Penalties for failure to perform the act or file the notification or report shall not begin to accrue until one day after Bayer fails to meet the revised deadline set by the OIG. Notwithstanding any other provision in this section, if OIG denies such a timely written request, Stipulated Penalties for failure to perform the act or file the notification or report shall not begin to accrue until two (2) business days after Bayer receives OIG's written denial of such request or the original due date, whichever is later. A "timely

33

written request" is defined as a request in writing received by OIG at least five (5) business days prior to the date by which any act is due to be performed or any notification or report is due to be filed.

### C. Payment of Stipulated Penalties.

1. *Demand Letter.* Upon a finding that Bayer has failed to comply with any of the obligations described in section X.A and determining that Stipulated Penalties are appropriate, OIG shall notify Bayer of (a) Bayer's failure to comply; and (b) the OIG's exercise of its contractual right to demand payment of the Stipulated Penalties (this notification is hereinafter referred to as the "Demand Letter").

2. *Response to Demand Letter.* Within ten (10) days of the receipt of the Demand Letter, Bayer shall either: (a) cure the breach to the OIG's satisfaction and pay the applicable Stipulated Penalties; or (b) request a hearing before an HHS administrative law judge ("ALJ") to dispute the OIG's determination of noncompliance, pursuant to the agreed upon provisions set forth below in section X.E. In the event Bayer elects to request an ALJ hearing, the Stipulated Penalties shall continue to accrue until Bayer cures, to the OIG's satisfaction, the alleged breach in dispute. Failure to respond to the Demand Letter in one of these two manners within the allowed time period shall be considered a Material Breach of this CIA and shall be grounds for exclusion under section X.D.

3. *Form of Payment.* Payment of the Stipulated Penalties shall be made by certified or cashier's check, payable to "Secretary of the Department of Health and Human Services," and submitted to OIG at the address set forth in section VI.

4. *Independence from Material Breach Determination.* Except as set forth in section X.D.4.b these provisions for payment of Stipulated Penalties shall not affect or otherwise set a standard for the OIG's determination that Bayer has materially breached this CIA, which decision shall be made at the OIG's discretion and governed by the provisions in section X.D, below.

D. <u>Exclusion for Material Breach of this CIA.</u>

1. *Notice of Material Breach and Intent to Exclude.* The parties agree that a Material Breach of this CIA, as defined below, by Bayer constitutes an independent basis for Bayer's exclusion from participation in the Federal health care programs. Upon a determination by OIG that Bayer has materially breached this CIA and that exclusion should be imposed, the OIG shall notify Bayer of: (a) Bayer's Material Breach; and (b) OIG's intent to exercise its right to impose exclusion (this notification is hereinafter referred to as the "Notice of Material Breach and Intent to Exclude").

2. *Opportunity to Cure.* Bayer shall have thirty (30) days from the date of receipt of the Notice of Material Breach and Intent to Exclude Letter to demonstrate to the OIG's satisfaction that:

    a. Bayer is not in Material Breach of this CIA;

    b. the alleged Material Breach has been cured; or

35

c. the alleged Material Breach cannot be cured within the 30-day period, but that: (i) Bayer has begun to take action to cure the Material Breach; (ii) Bayer is pursuing such action with due diligence; and (iii) Bayer has provided to the OIG a reasonable timetable for curing the Material Breach.

3. *Exclusion Letter*. If at the conclusion of the thirty (30) day period, Bayer fails to satisfy the requirements of section X.D.2, OIG may exclude Bayer from participation in the Federal health care programs. In order to effectuate such exclusion, OIG will notify Bayer in writing of its determination to exclude Bayer (this letter shall be referred to hereinafter as the "Exclusion Letter"). Unless Bayer exercises its review rights set forth in the Dispute Resolution provisions in section X.E, below, the exclusion shall go into effect thirty (30) days after the date of the Exclusion Letter. The exclusion shall have national effect and will also apply to all other Federal procurement and non-procurement programs. Reinstatement to program participation is not automatic. If, at the end of the period of exclusion, Bayer wishes to apply for reinstatement, Bayer must submit a written request for reinstatement pursuant to the provisions at 42 C.F.R. §§ 1001.3001-.3004.

4. *Definition of Material Breach*. A Material Breach of this CIA means:

   a. repeated or flagrant violations of the obligations under this CIA, including, but not limited to, the obligations addressed in section X.A of this CIA;

   b. a failure to respond to a Demand Letter concerning the payment of Stipulated Penalties in accordance with section X.C above; or

36

  c. a failure to retain and use an Independent Review Organization for review purposes in accordance with section III.E.

E. **Dispute Resolution.**

1. *Review Rights.* Upon the OIG's delivery to Bayer of its Demand Letter or of its Exclusion Letter, and as an agreed-upon contractual remedy for the resolution of disputes arising under the obligation of this CIA, Bayer shall be afforded certain review rights comparable to the ones that are provided in 42 U.S.C. § 1320a-7(f) and 42 C.F.R. § 1005 as if they applied to the Stipulated Penalties or exclusion sought pursuant to this CIA. Specifically, the OIG's determination to demand payment of Stipulated Penalties or seek exclusion shall be subject to review by an HHS ALJ and, in the event of an appeal, the HHS Departmental Appeals Board ("DAB"), in a manner consistent with the provisions in 42 C.F.R. §§ 1005.2-1005.21. Notwithstanding the language in 42 C.F.R. § 1005.2(c), the request for a hearing involving Stipulated Penalties shall be made within ten (10) days of receipt of the Demand Letter and the request for a hearing involving exclusion shall be made within twenty five (25) days of receipt of the Exclusion Letter.

2. *Stipulated Penalties Review.* Notwithstanding any provision of Title 42 of the United States Code or Chapter 42 of the Code of Federal Regulations, the only issues in a proceeding for Stipulated Penalties under this CIA shall be: (a) whether Bayer was in full and timely compliance with the obligations of this CIA for which the OIG demands payment; and (b) the period of noncompliance. Bayer shall have the burden of proving its full and timely compliance and the steps taken to cure the noncompliance, if any. If the

ALJ finds that Bayer breached this CIA and orders Bayer to pay Stipulated Penalties, such Stipulated Penalties shall become due and payable twenty (20) days after the ALJ issues such a decision unless Bayer requests review of the ALJ decision by the DAB. If the ALJ decision is properly appealed to the DAB, and the DAB upholds the determination of the OIG, the Stipulated Penalties shall become due and payable twenty (20) days after the DAB issues its decision.

3. *Exclusion Review.* Notwithstanding any provision of Title 42 of the United States Code or Chapter 42 of the Code of Federal Regulations, the only issues in a proceeding for exclusion based on a Material Breach of this CIA shall be: (a) whether Bayer was in Material Breach of this CIA; (b) whether such breach was continuing on the date of the Exclusion Letter; (c) whether the alleged Material Breach could not have been cured within the thirty (30) day period, but that: (i) Bayer had begun to take action to cure the Material Breach within that period, (ii) Bayer has pursued and is pursuing such action with due diligence, and (iii) Bayer provided to OIG a reasonable timetable for curing the Material Breach and Bayer has followed the timetable.

4. For purposes of the exclusion herein, exclusion shall take effect only after an ALJ decision that is favorable to the OIG, or if the ALJ rules for Bayer, only after a DAB decision in favor of OIG. Bayer's election of its contractual right to appeal to the DAB shall not abrogate the OIG's authority to exclude Bayer upon the issuance of the ALJ's decision. If the ALJ sustains the determination of the OIG and determines that exclusion is authorized, such exclusion shall take effect twenty (20) days after the ALJ issues such a

decision, notwithstanding that Bayer may request review of the ALJ decision by the DAB. If the DAB finds in favor of OIG after an ALJ decision adverse to OIG, the exclusion shall take effect twenty (20) days after the DAB decision.

## XI.   EFFECTIVE AND BINDING AGREEMENT

Consistent with the provisions in the Settlement Agreement pursuant to which this CIA is entered, and into which this CIA is incorporated, Bayer and OIG agree as follows:

A.   This CIA shall be binding on the successors, assigns and transferees of Bayer;

B.   This CIA shall become final and binding on the date the final signature is obtained on the CIA;

C.   Any modifications to this CIA shall be made with the prior written consent of the parties to this CIA; and

D.   The undersigned Bayer signatories represent and warrant that they are authorized to execute this CIA. The undersigned OIG signatory represents that he is signing this CIA in his official capacity and that he is authorized to execute this CIA.