# EXHIBIT 2

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

December 13, 2006

<u>VIA EMAIL</u>

Renée Brooker
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

James J. Breen
The Breen Law Firm
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

Gejaa Gobena
Patrick Henry Building
601 D Street, NW
Room 9028
Washington, D.C. 20004

Re: *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Counsel:

In anticipation of our next meet-and-confer on Abbott's outstanding requests for production (RFPs), I wanted to both summarize our discussions of last week and, at your request, prioritize Plaintiffs' responses to Abbott's RFPs. This letter does not address the coordination and case management issues we discussed during last Thursday's call, or Plaintiffs' responses to Abbott's interrogatories. We hope to address our particular concerns regarding Plaintiffs' responses to Abbott's interrogatories during our next meet-and-confer.

**Search of the United States Government.** You object to our discovery to the extent that it seeks information outside of the Centers for Medicare and Medicaid Services ("CMS"), one of the many agencies within the United States Department of Health and Human Services ("HHS"). At the meet-and-confer, we discussed limiting the United States' *initial* production of documents to certain places within HHS and Medicare Carriers.[1] Furthermore, during our meet-and-confer, we identified several agencies within HHS from which discovery appears unnecessary.

Abbott believes the following agencies, offices, or places within HHS likely have information relevant to this case (descriptions are taken from an organizational chart on HHS' website): (a) CMS, (b) Inspector General (OIG), (c) Office of Pharmacy Affairs (a component of the Health Resources and Services Administration Healthcare Services Bureau), (d) The

---

[1] Abbott proposed to send the DOJ a separate letter containing a narrower set of document requests for government agencies and departments outside of HHS. To the extent that this letter merely repeats document requests contained in Abbott's First Set of Requests for the Production of Documents to the United States, this letter would not count as a separate round of requests.

JONES DAY

Renée Brooker
Gejaa Gobena
James J. Breen
December 13, 2006
Page 2

Secretary/Deputy Secretary, (e) Chief of Staff, (f) Executive Secretary, (g) Director, Intergovernmental Affairs & Secretary's Regional Representatives, (h) Assistant Secretary for Planning and Evaluation, and (i) Assistant Secretary.  We therefore propose to limit the United States' initial search for and production of documents to these places within HHS and Medicare Carriers.  Please let me know if this proposal is acceptable to you.  Abbott would reserve its right to seek discovery from other places within HHS at a later time should the need arise.

**Documents That Do Not Specifically Refer To or Mention the NDCs and J-Codes Identified in the Complaint.**  For those RFPs not limited specifically to the "Subject Drugs," Abbott believes documents that relate to findings, decision-making, or policy in the area of drug reimbursement generally are relevant, even if the documents do not specifically mention the Subject Drugs.  For example, Abbott believes that documents relating to OIG studies that do not specifically name the Subject Drugs are relevant because findings based on a sampling of drugs provide guidance and information on drugs generally, not just the specific drugs included in the samples.  As another example, regardless of the specific drugs involved, documents concerning the adequacy of reimbursement for professional services (and whether the payment formula for ingredient cost could serve as a subsidy for perceived or asserted under-reimbursement for professional services) are relevant because they relate to general policy determinations or decision-making.  By contrast, Abbott is not seeking documents bearing on Medicare Part B or Medicaid coverage determinations.  I believe the United States was in general agreement with Abbott's proposal; we are open to discussing this in more detail as the United States conducts its search and issues emerge.  If I am wrong and you do not agree to produce documents as described above, please let me know immediately.

**Time Period.**  The United States objects to Abbott's RFPs as unduly burdensome "to the extent they seek information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to January 31, 2001."  It is not clear to Abbott why searching for older documents is necessarily more burdensome.  For example, we do not know if searching documents prior to a specific date will require the United States to look for documents in places (such as document archives) it otherwise would not search.  Abbott does not want to waive its right to receive relevant, older documents that the United States identifies in its search.  Abbott specifically invites you to revisit this issue once the United States begins its search for responsive documents and can explain why searching for older documents causes additional, undue burden.

**Publicly Available Documents.**  The United States has objected to certain of Abbott's RFPs to the extent they request documents that are publicly available.  Abbott requests that the Government direct Abbott to responsive documents that are publicly available, rather than

JONES DAY

Renée Brooker
Gejaa Gobena
James J. Breen
December 13, 2006
Page 3

merely refusing to produce them.  Please advise us immediately if you will not provide such a description.

**Documents Withheld on Relevancy Grounds.**  The United States has objected to many of Abbott's discovery requests by asserting that they are "neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence." The parties appear to have very different views on what evidence is discoverable in this action. As we discussed at last week's meet-and-confer, Abbott requests that the United States and Relator provide, in writing, a general description of the categories of responsive documents that the United States and Relator refuse to search for and/or produce on relevance grounds.

**Carriers.**  The DOJ has indicated that it will coordinate responses to Abbott's RFPs from Medicare Carriers.  You were not aware of any limitations in its ability to search for, gather, and produce all documents responsive to Abbott's RFPs.  To the extent that you learn of any such limitations, you have agreed to advise us so that we can subpoena the Carriers directly.

**Coordination with State Medicaid Agencies.**  You indicated that the United States has discussed the collection of information, specifically claims data, from state Medicaid agencies. As you know, Abbott has begun the process of issuing subpoenas to certain state Medicaid agencies.  We should discuss this issue further so that we can coordinate our discovery efforts.

**Production Time-Frame.**  The December 31, 2007 deadline for completion of fact discovery, coupled with the duration that Abbott's discovery has been outstanding, mandates a swift production of responsive documents from the United States.  MDL 1456 CMO 10 contemplates that a "responding party to an initial document request shall complete production of all documents within (60) days of service of such a request."  We understand that applying that standard, conservatively in favor the United States, would require production of all documents by December 29, 2006 – in the middle of the holiday season – and that detailed claims data will take longer to assemble.

Abbott inquired if the United States could commit to producing all responsive documents, other than claims data, by January 12, 2007.  The United States was not prepared to commit to that time-frame.[2]  It was my impression that the United States wanted Abbott to prioritize its various document requests.

---

[2] Mr. Breen indicated that the Relator could produce documents on a rolling basis this week and that he expected all documents could be produced within ten weeks.  Abbott will expect to see documents from the Relator beginning this week, with a complete production by February 16, 2007.

JONES DAY

Renée Brooker
Gejaa Gobena
James J. Breen
December 13, 2006
Page 4

      Even though Abbott believes the United States should already be prepared to respond to all of Abbott's RFPs, this letter attempts to prioritize Abbott's requests for documents. First, given the pending deposition, we ask that you immediately produce all documents responsive to Abbott's RFPs contained in the files of Nancy Molyneaux. Furthermore, for those OIG reports that Ms. Molyneaux worked on, we ask that you immediately produce documents responsive to RFP 20.

      Second, I have set forth below those documents that Abbott requests the United States to produce by January 12, 2007. For the most part, we have attempted to identify particular documents that are easily assembled or likely gathered in one place already. If the United States can produce any of these documents, for example the First DataBank documents Ms. Martinez indicated could be ready by this Friday, Abbott expects and would appreciate an earlier production.

      In addition to a production by January 12, 2007, Abbott requests that the United States provide by February 1, 2007 (1) a log of all documents included in the categories described below that it is withholding under the basis of any privilege and (2) a general description by category of responsive documents the United States refuses to search for or produce on relevance grounds.

### *Documents That Abbott Requests Be Produced By Friday, January 12, 2007:*

- For documents produced as part of the United States' August 9, 2006 initial disclosures from the files of CMS/HHS, a File Source Index that contains an identification, by specific Bates ranges, of the individual employees, files, computers, and locations from which documents were collected;

- Documents produced to the United States by First Databank, wholesalers, and buying groups identified in the United States' August 9, 2006 initial disclosures;

- Documents in the possession of OIG that are responsive to each of Abbott's RFPs;

- Documents responsive to RFP 10, as to the Subject Drugs (drug fee schedules);

- Documents responsive to RFP 13 (state Medicaid plans);

JONES DAY

Renée Brooker
Gejaa Gobena
James J. Breen
December 13, 2006
Page 5

- As to the reports identified on the attached Schedule A (priority)—a subset of Schedule A to Abbott's RFPs—documents responsive to RFPs 20 and 21;[3]

- Documents responsive to RFP 24 (concerning the revised AWP data referred to in Program Memorandum AB-00-86);

- Documents responsive to RFP 25, as to subparts (a)-(d), (g)-(k), and (cc) (individual files);

- Federal Supply Schedules listing the Subject Drugs (RFP 31);

- Documents responsive to RFP 37 (concerning legislation, including public comments);

- Documents responsive to RFPs 43-47 (concerning litigation with state Medicaid agencies);

- Documents or information to identify who within HHS had access to the AMP information for the Subject Drugs (RFPs 52-54);

- The disclosure statement served by Ven-a-Care in this action (RFP 56);

- A copy or log of all witness statements, affidavits, or testimony taken in connection with the United States' investigation of the *qui tam* filed by Ven-a-Care in 1995;

- A copy of all subpoenas issued in connection with the United States' investigation of the *qui tam* filed by Ven-a-Care in 1995;

- A copy or description by category of all documents and other evidence the United States has collected in connection with its investigation of the *qui tam* filed by Ven-a-Care in 1995 (Inter. 10, RFP 1);[4]

- A copy of any document preservation directives (Inter. 16, RFP 1); and

---

[3] Abbott has requested that the United States provide its working list of reports responsive to RFP 20.

[4] Abbott recognizes that there are some documents and evidence that the Government has a good faith basis to believe are not discoverable in this case. For such documents, Abbott asks that the descriptions be sufficiently particular so as to provide Abbott notice of the documents being withheld, but without revealing information the Government considers to be confidential. For example, one category might be: "Documents subpoenaed from drug manufacturers unrelated to Abbott."

JONES DAY

Renée Brooker
Gejaa Gobena
James J. Breen
December 13, 2006
Page 6

- Any documents from Gerimed that the United States intends to use in support of its claims.

Please advise me by January 3, 2007 if the Government is unable or unwilling to produce these documents by January 12, 2007.

This list is in no way intended to release the United States' obligation to produce all other responsive documents as soon as possible. Because this list focuses on documents likely gathered in one place already, it does not include many of the RFPs of particular interest to Abbott. To the extent that documents not listed above can be produced by January 12, 2007, or before, Abbott requests an earlier production. Abbott expects that the United States should be able to produce all responsive documents from HHS and Medicare Carriers, exclusive of claims-related data, by February 2, 2007, and to complete an associated privilege log and description of documents withheld on relevance grounds by February 16, 2007.

**Privilege Logs.** As to documents in the possession of HHS (including OIG) and Medicare Carriers, Abbott expects that all documents withheld under a claim of privilege will be identified on a privilege log.

I believe during our call that Ven-a-Care and Abbott agreed not to assert privilege as to those documents either voluntarily produced, or produced pursuant to court order, in the Texas litigation. Abbott will continue to assert privilege for documents where an appeal was made, however.

We look forward to speaking with you further about the United States' response to Abbott's outstanding discovery.

                                                    Sincerely,

                                                  David S. Torborg

cc:    Justin Draycott
        Mark A. Lavine
        Ana Maria Martinez
        Ann St. Peter-Griffith
        John K. Neal
        Neil Merkl
        Sarah L. Reid