- 3 -

# EXHIBIT 3

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

March 29, 2007

VIA EMAIL

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

Ana Maria Martinez, Esq.
Assistant United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132

Alison W. Simon, Esq.
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, FL 33029-7470

Re: *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Counsel:

Abbott is concerned about the progress of Plaintiffs' efforts to respond to the discovery requests Abbott served on July 12, 2006 and August 4, 2006. While the United States has produced some of the materials prioritized in my letter of December 13, 2006—materials that were largely responsive to discrete requests and collected in one place already—there is no indication that Plaintiffs have made substantial efforts beyond that. In particular, we have seen little evidence that Plaintiffs have conducted any *searches* of files within HHS and Ven-A-Care in response to Abbott's discovery requests. We have received no new documents at all in native electronic format. In short, it appears that Plaintiffs have picked some low-hanging fruit but not much more.

This letter seeks to understand better the status of Plaintiffs' efforts in responding to Abbott's various discovery requests, as well as to summarize my understanding of Plaintiffs' position on various issues.

**Documents from CMS.** Other than some CMS documents the Government has released from privilege and material related to state Medicaid plans collected from regional offices, the Government has not yet produced any additional documents from CMS. Beyond that, all we have received from CMS' files are the Government's initial disclosures, which we understand were merely a reproduction of what HHS produced in response to the MDL 1430 and MDL 1456 subpoenas. The initial disclosure/subpoena production consists of less than 2500 pages from CMS' Central Office, plus approximately 25,000 documents from CMS' regional offices. It is

JONES DAY

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 2


difficult to believe that CMS' Central Office has so little that is responsive to Abbott's document requests. If so, that is another problem altogether.

      We have repeatedly sought to understand better what exactly the Government has done, and intends to do, to search the paper and electronic files of CMS in response to Abbott's document requests. In particular, we have been pressing the Government to provide a witness in response to Abbott's November 2006 30(b)(6) notice on document collection and retention efforts (including collection efforts related to this case). The Government has stonewalled us at every turn, effectively admitting that the Government has done little to search for responsive documents. Your failure to produce a witness in response to all topics listed in Abbott's 30(b)(6) notice is inexcusable in light of the fact that Abbott has produced such a witness (Ellen Klaus) and the Government has had the opportunity to question that witness about Abbott's efforts to produce documents responsive to your requests in this case.

      We need to understand immediately what the Government is doing to perform searches and collect documents from the files of CMS. It goes without saying that such documents are of central relevance to this case. Have any searches been performed? If so, where has the Government looked? What electronic files have been searched? Has the Government performed searches and determined that there are *no* additional documents responsive to Abbott's requests? When and if the Government actually produces documents, is it going to provide a suitable file source index? If Abbott does not receive satisfactory answers to these questions by April 6, 2007, it will have no choice but to resort to motion practice.

      **Documents from OIG.** Despite Abbott's repeated requests that the Government search for and produce documents from the paper and electronic files of relevant custodians or other locations within OIG (*see* Torborg letter of 12/13/06; Torborg letter of 2/2/97; Torborg letter of 3/1/97), we have no evidence that this has been done. This is particularly frustrating in the light of the fact some OIG witnesses already have been deposed and some are scheduled in the near future. Instead, what the Government has produced are merely the already collected "work paper" files for some, but not all, of the OIG reports that Abbott prioritized. Even then, when it produced those files, the Government improperly withheld a number of obviously important documents under an overbroad assertion of the deliberative process privilege.

      We need to understand immediately what the Government is doing to perform searches and collect documents from the files of OIG. These documents are also of central relevance to the case. Have any searches been performed? If so, where has the Government looked? What electronic files have been searched? When will the Government actually produce documents? Has the Government performed searches and determined that there are *no* responsive documents

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 3


to produce?  Again, Abbott will have to resort to motion practice if it does not receive adequate answers to these questions by April 6, 2007.

In addition, the Government has not yet produced documents responsive to Abbott's RFP No. 20 for many of the reports that Abbott asked be prioritized.  *See* Torborg letter of 12/13/06; Torborg letter of 2/2/07; Torborg letter of 3/1/07.  It was our hope that Abbott's efforts to prioritize reports of particular interest would achieve a more expedient production of documents relating to those reports.  If that is not going to be the case, Abbott will need to ask the Government to prioritize all of its requests.  Many of the reports that Abbott prioritized, and for which the Government has not yet produced documents responsive to RFP 20, were authored more than 15 years ago.  *See* Schedule A (Prioritized), attached to Torborg letter of 12/13/06, *e.g.*, items 2, 4, 5, 6, 9 & 12.  Have any work paper files and other documents responsive to RFP 20 for those reports been destroyed?  If so, we are entitled to an immediate description of what documents were destroyed, when they were destroyed, and whether the information contained in them can be obtained from any other source.

Finally, on the subject of OIG, I do not understand why it is taking so long to receive a supplemental response to Interrogatory No. 3.  In particular, Abbott has asked the Government to identify who was involved in the OIG reports prioritized by Abbott, and to whom those reports were distributed.  Abbott has been seeking an update on this for months.  Despite repeated assurances that a response was in coming in the near future, we have received *no* information.  *See* Torborg letter of 12/13/06; Torborg letter of 2/2/07; Torborg letter of 3/1/07; Martinez email of 3/17/07.

**Documents from Other Places Within HHS.**  As an accommodation to you, we agreed to limit the Government's responses to our initial document requests at this time to certain locations within HHS and Medicare Carriers.  Again, it was our hope that this limitation would allow a timely production.  Although Mr. Draycott's letter of January 31, 2007 indicated that searches were "underway" at the various locations within HHS, I do not believe that Abbott has received any documents from the other offices within HHS specified in my December 13, 2006 letter.  The same series of questions apply here:  What efforts, if any, has the Government taken to search for and collect documents from those offices?  When can Abbott expect to receive responsive documents from these locations?

**Rulemaking Support Files.**  Abbott requested on December 13, 2007 that priority status be given Abbott RFP 37, documents concerning the promulgation of legislation, comments, or policies concerning Medicare and Medicaid payment for drugs.  Schedule B to Abbott's first set of document requests to the Government attached a list of specific regulations, with cites to the Federal Register.  Abbott's second set of document requests also asked for similar information

JONES DAY

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 4

relating to a regulation proposed as part of the Medicare Catastrophic Coverage Act (MCCA) of 1988, titled "Medicare Program; Payment for Home Intravenous Drug Therapy Services" (published at 54 Fed. Reg. 46,938 through 46,953 (Nov. 8,1989)). We also hereby specifically ask that the Government produce any material responsive to RFP 37 for any regulations relating to the implementation of Section 4556 of Balanced Budget Act of 1997.

At this time, we explicitly ask that you please produce to us the "Rulemaking Support File," as described at HHC015-0732 – 33, for all of the regulations referenced in the above paragraph (including all regulations described in Schedule B). Those files clearly are included in the documents prioritized in earlier correspondence. To the extent the Government objects to producing any material from these Rulemaking Support Files on privilege grounds, please make efforts to collect and log all responsive material at this time. Please advise us if the Government has determined if any of the Rulemaking Support Files have been destroyed. *See* HHC015-0732 – 33 (indicating files are destroyed after ten years). This information is critical to our ability to depose CMS witnesses and what exists should be produced immediately.

**Documents Produced by Third-Parties.** Another area Abbott prioritized were documents connected with the Government's investigation of this case, including a copy or log of all witness statements, affidavits, or testimony taken in connection with the investigation, a copy of all subpoenas issued in connection with the investigation, and a copy or description by category of all documents and other evidence the United States has collected in its investigation. *See* Torborg letter of 12/13/06. Abbott's discovery requests are reasonably calculated to lead to the discovery of relevant evidence and are appropriate.

I understand from discussions with Mr. Draycott, and from his correspondence of March 7, 2007, that the Government will agree to produce some, but not all, of the material responsive to these discovery requests. In particular, the Government has agreed to produce all documents received from third-parties in connection with its investigation. *See* Draycott letter of 3/7/07 ("The Government will produce non-privileged documents in its possession which are responsive to defendants' discovery requests (subject to appropriate protective orders for propriety information contained therein) regardless of how the Government obtained the documents."). Mr. Draycott's March 7, 2007 letter indicates that the Government is "continuing to locate and review other third party documents" and that it would update us "later this month regarding a production schedule for any remaining third party material." Please provide an update of where you stand on this issue, including a summary description of what additional third-party documents the Government has located and intends to produce. In addition, I am confused about the statement that the Government will produce any "non-privileged" documents. What privilege would apply to collections of third-party documents? Please provide a log or other description of any third-party documents withheld on privilege grounds. As to these third-

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 5

party documents in particular, we expect an *immediate* production, as they should be collected in a discrete locations and in a form that can be readily produced.

Abbott's document requests to Ven-A-Care also ask for materials collected in connection with its investigation of the claims in this case. What progress has Ven-A-Care made to search for and produce such material? Here also, immediate production of these presumptively non-privileged documents should be entirely possible.

Mr. Draycott's letter indicates that the Government is unwilling to produce to Abbott copies of the subpoenas issued in connection with its investigation, claiming that those subpoenas merely show what information "the Government's attorneys and investigators believed may be pertinent to the allegations in the *qui tam* actions." Draycott letter of 3/7/07. We strongly disagree with that position. To the contrary, Abbott's document request is reasonable likely to lead to the discovery of relevant evidence and should not be burdensome to produce. Mr. Draycott's letter does not even argue that the subpoenas themselves are privileged (because they are not). Mr. Draycott's comparison to whether Jones Day would be "willing to produce information reflecting the contents of communications between any of Abbott's counsel and third parties relating to Abbott's investigation and defense of the AWP lawsuits" is flawed. Abbott is merely asking to receive copies of the subpoenas, not the "contents of communications" between Government counsel and third parties. Abbott's request for copies of the subpoenas is really no different than receiving a notice of Rule 45 subpoenas to third-parties, as is required under Rule 45(b)(1). The Government should not be permitted to use its eleven years of one-sided discovery efforts as an end-round of the normal rules of civil discovery.

Mr. Draycott's letter also indicates that the Government is not willing to identify all persons or entities interviewed during the Government's investigation, claiming that Abbott's request seeks information protected from disclosure by the Government's law enforcement files privilege and the attorney-work product doctrine. Mr. Draycott's March 7, 2007 letter did not address whether the Government would agree to produce a copy of all witness statements, affidavits, or testimony taken in connection with the Government's investigation. What is the Government's position on whether it will produce those documents? If the Government is unwilling to produce this material, please identify on a log or in response to Abbott's Interrogatory No. 10 any such material that does exist or specifically state that the Government is not willing to do so. Abbott asks that Ven-A-Care do the same. Any privilege that might apply to such materials would be a qualified privilege. Given the circumstances and impact of the Government's drawn-out investigation, including the loss of memory occasioned by the Government's delay, Abbott believes it has a strong basis to overcome any qualified privileges that might apply to such material.

JONES DAY

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 6

**Documents Responsive to Abbott RFP 25.**  Abbott's RFP 25 specifically requested that the Government search the files of specific individuals for responsive documents.  This list includes witnesses currently scheduled to be deposed in the near future, such as Vladeck, Scully, Booth, Niemann, and DeParle.  Mr. Draycott's letter of January 5, 2007 stated that the Government was "confirming that searches of Nieman, Weintraub, Booth, Burney, Ault, and Patashnek were covered by the subpoena productions and [would] confirm that [to Abbott] by January 31."  The letter also indicated that you would advise Abbott by the end of the January regarding a production date for documents from the files of Vladeck, Shalala, Scully, and DeParle.

Mr. Draycott's follow-up letter of January 31, 2007 stated that "it appears" that documents "from individuals for whom you requested priority status were produced in response to previous MDL subpoenas."  The letter also indicates that "[w]e are now in the process of determining whether there are any additional responsive documents from Ault, Booth, Burney, Neiman, Patashnek, and Weintraub to be produced," and that searches for documents from the files Vladeck, Shalala, Scully, and DeParle "are now underway."  Mr. Draycott's letter of February 9, 2007 stated that the Government was reviewing "some documents we have located which may be relevant to your request," and that "[w]e expect to produce any responsive material in this category by mid-March."  It has been two months since these searches were purportedly underway, and yet to my knowledge we have not received additional documents from these individuals' files.  Please provide an update on the Government's efforts to search these individuals' files.  For these files, we of course want a source index.  To the extent that you rely on prior productions, please identify the files of those witnesses by Bates number.

Please be advised that my letter of December 13, 2006 was not intended to limit RFP 25 to only the ten individuals listed in that letter.  The other individuals listed in RFP 25 are also important to this litigation (most are listed in your response to Abbott Interrogatory No. 2).  Their files should be searched regardless of Abbott's RFP 25.  Please provide an update on the Government's search for and production of documents from those individuals' files as well.

**Drug Fee Schedules.**  Another area prioritized in my December 13, 2006 letter are drug fee schedules responsive to Abbott's RFP 13.  What progress has the Government made in producing these documents?  When can we expect a complete production?  Has the Government made a search of CMS and the Medicare Carriers' files and determined that the fee schedules are no longer available?

**Claims Data.**  Documents responsive to Abbott's RFP 6 are indisputably relevant; the Government has agreed to produce Medicare claims data for the Subject Drugs.  During an earlier meet-and-confer, the Government indicated that steps were already underway to collect

JONES DAY

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 7

this data. Please provide an update of the Government's progress on obtaining claims data responsive to RFP 6, including an explanation of what the Government has sought from the Medicare Carriers and Medicaid Fiscal Intermediaries. Please provide any claims data that has already been received by the Government; we ask that you not wait until all of the claims data is collected before materials are produced to Abbott.

**State Medicaid Litigation.** The Government has produced some documents responsive to Abbott's RFP 43 relating to the Departmental Appeals Board ("DAB") case involving the state of Louisiana. Although Abbott asked that the Government also prioritize documents relating to other DAB cases (*see* RFPs 44-47), we have not received any documents relating to those proceedings. Mr. Draycott's letter of January 31, 2007 indicated the Government had retrieved information relating to the Oklahoma case (RFP 45) and expected "to produce it you by the end of February, if not before then." I do not believe we have received yet received this information. Please provide any update on the Government's status in response to RFPs 44-47 and confirm you have produced all information in the Government's possession responsive to RFP 46.

**Individuals with Access to AMP Information.** Another area that Abbott prioritized were documents sufficient to identify who within HHS had access to AMP information for the Subject Drugs (RFPs 52-54). Mr. Draycott's letter of 1/31/07 stated the Government was "working to obtain this information an expect to produce it by January 31." To the best of my knowledge, we have not yet received anything in response to RFPs 52-54.

**Documents "Removed for Relevancy" from Subpoena Productions.** In previous correspondence, we asked the Government to produce any and all CMS documents that were "removed for relevancy" from the subpoena productions/initial disclosures, or identify some privilege or other reason not to produce these documents. *See* Letter from C. Cook of 10/13/06. We cited additional examples of such withheld documents in Chris Cook's letter for 10/30/06. There should be no burden associated with producing these documents. Please advise us whether you will reconsider whether to produce these documents. At a bar minimum, log the documents. Abbott assumes motion practice will be necessary to obtain these documents.

**Ven-A-Care.** During a December meet-and-confer between the parties, Mr. Breen stated that Ven-A-Care could complete its search for and production of documents responsive to Abbott's first set of document requests to Ven-A-Care within ten weeks, which at that time would call for a complete production sometime in mid-February. On February 2, 2007, Ven-A-Care produced a small new production. On February 7, 2007, Ms. Simon indicated that Ven-A-Care would need additional time "to complete our first review of documents in response to Abbott's first request for production." Simon letter of 2/7/07. It has now been over a month-

JONES DAY

M. Justin Draycott
Ana Maria Martinez
Alison W. Simon
March 29, 2007
Page 8


and-a half since Ven-A-Care indicated its production would be complete, and Abbott has received very little in response to its document requests. Nor do we have any real sense of what efforts Ven-A-Care has made to produce documents responsive to Abbott's RFPs. Please provide an update of when Ven-A-Care will be producing documents and complete its production. In light of the recent need to delay the 30(b)(6) deposition of Ven-A-Care relating to its document collection efforts, please provide as much detail as possible.

Moreover, Ven-A-Care's failure to provide its initial disclosures in a unitized fashion has hampered our ability to efficiently review Ven-A-Care's production. I understand Ven-A-Care anticipates this will be corrected by April 4, 2007. If I am wrong about that, please advise.

**Interrogatory Verification.** During recent meet-and-confers relating to Plaintiffs' responses to Interrogatory No. 7, the Government indicated that it believed it would be able to provide a verification to its interrogatory responses, as required by Rule 33. It has been some time since those meet-and-confers, and we have not yet received any verifications—even as to Interrogatory No. 7. Please provide an update of the Government's intentions.

My letter of March 27, 2007 outlines additional concerns we have regarding Plaintiffs' responses to Abbott's document requests and interrogatories. Moreover, we have previously discussed with the Government certain other issues, such as the adequacy of damage disclosures and responses to additional interrogatories. Those concerns need not be repeated here.

We would appreciate a response to each of the issues raised in this letter by April 6, 2007. Thank you for your attention to these matters.

             Sincerely,

             /s/ David S. Torborg

             David S. Torborg

cc: Renée Brooker
   Gejaa Gobena
   John K. Neal
   Mark A. Lavine
   Ann St. Peter-Griffith
   James J. Breen
   Neil Merkl
   Sarah L. Reid