# EXHIBIT 4

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number:  (202) 879-3734
christophercook@jonesday.com

August 4, 2006

<u>VIA HAND DELIVERY</u>

Renée Brooker
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street, N.W.
Suite 9918
Washington, D.C. 20004

Re:  *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*,
MDL Docket No. 1456, Civil Action No. 06-CV-11337, Lead Case No. 01-CV-12257

Dear Ms. Brooker:

Enclosed please find a service copy of Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Directed to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc.

Very truly yours,

R. Christopher Cook

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| _____ THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) ) | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

## DEFENDANT ABBOTT LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC.

Defendant Abbott Laboratories, Inc. ("Abbott"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the following Interrogatories upon Plaintiff the United States of America and Relator Ven-A-Care of the Florida Keys, Inc. to be answered under oath within 30 days after service.  These Interrogatories are continuing and therefore may require supplemental responses pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions contained in Defendant Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America and Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc. are hereby incorporated by reference.  In addition, these Interrogatories are subject to the following definitions and instructions.

1.      ***Time Frame.***  Unless otherwise specified, these Interrogatories seek information that relates to the Relevant Claim Period *or* that correspond to the events, reports, laws, determinations, or documents referred to in particular Interrogatories.

     2.      When an objection is made to any Interrogatory or any subpart thereof, state with specificity the part or subpart of the Interrogatory considered to be objectionable and all grounds for the objection.

     3.      If You find the meaning of any term in these Interrogatories to be unclear, then You should assume a reasonable meaning, state what that assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

     4.      With respect to any communication for which a privilege is being asserted, identify by stating the following:

     (a)      when and where the communication occurred;

     (b)      the name, title and job or position of each person who was present at or during the communication whether or not such communication was in writing, in person, via e-mail or by telephone;

     (c)      a brief description of the communication's subject matter;

     (d)      the statute, rule or decision that is claimed to give rise to the privilege; and

     (e)      the name, title and job or position of all persons on whose behalf the privilege is asserted.

     5.      The terms "You" and "Your" refer collectively to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify each and every allegedly false or fraudulent statement or action made or taken by Abbott that relates in any way to Your claims in the Complaint, including:

(a)   false or fraudulent statements made or caused to be made by Abbott and its agents;

(b)   false or fraudulent claims filed by Abbott and its agents;

(c)   actions or statements that caused a false or fraudulent claim to be filed; and

(d)   false or fraudulent price representations.

As to each statement or action You identify, state why the statement or action was false or fraudulent and state with particularity the circumstances of the alleged fraud, including the date, time, location, subject matter, and participants in any allegedly false or fraudulent action. Identify all Documents relating to information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 2:**  From January 1, 1965 to the end of the Relevant Claim Period, Identify all Persons currently or formerly employed by or serving the U.S. Government, currently or formerly serving as a contractor to the U.S. Government, or currently or formerly acting on behalf of the U.S. Government, as an agent or otherwise, with any responsibility for, involvement in, or influence over:

    (a)      the methodologies, policies, and procedures used in determining the amount that Providers would be paid for drugs under Medicare or Medicaid;

    (b)      the implementation of those methodologies, policies, and procedures by CMS, HCFA, HHS, State Medicaid Programs, Medicare Carriers or Medicaid Intermediaries;

    (c)      the price at which any agency or department of the U.S. Government purchased drugs from Manufacturers, wholesalers, or distributors; or

    (d)      the amount of rebates paid under the Medicaid Drug Rebate Program.

For each such Person, Identify the Person's position, the time period and geographic scope of the Person's role, and the subjects of information the Person is likely to have.

**RESPONSE:**

- 4 -

**INTERROGATORY NO. 3:**  From January 1, 1965 to the end of the Relevant Claim Period, Identify all studies, analyses, or reviews performed on behalf of or received by the U.S. Government concerning (i) Medicare Part B or Medicaid's payment for prescription drugs or dispensing fees, (ii) the acquisition costs of Providers for drugs, (iii) drug pricing, and/or (iv) a difference between Providers' actual or average drug acquisition costs and then-published AWPs, WACs, Direct Prices, or List Prices for drugs.  For each study, Identify:

 (a)  the entity, agency, department, organization, consultant, commission, accountant, or task force that performed the study;

 (b)  all individual Persons who were involved in the study;

 (c)  the time period of the study;

 (d)  the particular subject matter or drug involved in the study;

 (e)  any report or other Documents prepared as a result of the study;

 (f)  what, if anything, was done with the results of the study;

 (g)  each Person who received a report of the study or who otherwise learned of the study's conclusions; and

 (h)  Documents, data, information and witness statements collected in connection with the study.

**RESPONSE:**

**INTERROGATORY NO. 4:**  For any time period, Identify all Persons, including all current or former employees or agents of the U.S. Government, of any State Medicaid Program, of any Medicare Carrier, or of any Medicaid Intermediary, who received or were made aware of the Ven-A-Care Qui Tam Complaint, the disclosure statement filed by Ven-A-Care pursuant to 31 U.S.C. § 3730(b)(2), or any of the allegations contained in the Ven-A-Care Qui Tam Complaint or disclosure statement prior to May 16, 2006.  For each Person identified, state when and under what circumstances that Person became aware of Ven-A-Care's allegations and what information was provided to them.  Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 5:**   Identify and provide all facts in your possession relating to each and every instance in which Abbott marketed the "spread" to any Provider as alleged in paragraph 3 of the Complaint, and for each such instance, Identify:

     (a)     the employee of Abbott who allegedly marketed the spread;

     (b)     the Provider to whom the spread was marketed (and the individual employees of the Provider involved in the interaction);

     (c)     the drug that was marketed;

     (d)     the place and time of the alleged marketing;

     (e)     the content of the alleged marketing (including the precise facts on which You base your assertion that the employee "marketed the spread");

     (f)     whether the Provider purchased or did not purchase the product; and

     (g)     if applicable, all evidence that supports or refutes Your contention that the Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 6:** For each of the Subject Drugs and for each quarter during

the Relevant Claim period, Identify:

> (a)     the false price You allege Abbott reported or represented;

> (b)     all circumstances of the Communication, including to whom and when;

> (c)     the specific prices You contend Abbott should have reported to Publishers or others;

> (d)     the basis for Your contention that Abbott should have reported each of those prices; and

> (e)     for those claims You allege to have been false and for which You are seeking damages, the basis for any contention that the price reported or represented by Abbott was used in determining reimbursement under Medicare Part B or Medicaid.

**RESPONSE:**

**INTERROGATORY NO. 7:**  During the Relevant Claim Period, state the basis for Your contention in paragraph 42 of the Complaint that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient."  Separately identify:

(a)    which Providers or class of Providers are included in Your use of the term "retail Customer" in paragraph 42 of the Complaint;

(b)    which Providers or class of Providers included in Your use of the term "retail Customer" submitted claims to Medicare Part B or Medicaid that You allege were false;

(c)    all Persons who at any time believed the term AWP or "Average Wholesale Price" was used to refer a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer, and how such Persons came to that understanding;

(d)    all Persons who at any time used the term AWP or "Average Wholesale Price" to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer;

(e)    the specific basis of any Person's belief that AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient;

(f)    any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to a retail Customer who then administers it to a patient; and

(g)    any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to any Provider or class of Providers who submitted claims to Medicare Part B or Medicaid that You allege were false.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Describe the damages You seek from Abbott.  Your

response to this Interrogatory should provide all information necessary for Abbott to quantify the

damages You seek and should, at a minimum:

(a)    Identify by name each state as to which you seek damages in this action relating to claims for reimbursement from the Medicaid program.

(b)    Identify by name any programs beyond Medicare and Medicaid for which You seek damages.

(c)    Identify, by NDC, calendar quarter, state (for Medicaid claims), program (*e.g.*, Medicare, Medicaid), and on a claim-by-claim basis, the amount of damages (excluding any punitive damages and civil penalties) Plaintiff seeks in this action.

(d)    Describe the methodology, including any assumptions, used to calculate those amounts.

(e)    For Medicare Part B claims, Medicaid claims relating to physician-administered drugs, and other classes of claims reimbursed by use of J-Codes, explain how You determined that reimbursement was paid using AWPs or WACs for Abbott drugs and how You calculated damages for such claims.

(f)    Identify the number of "false or fraudulent claims that Abbott caused to be made" (Complaint, ¶ 104), the number of "false records or false statements made by Abbott" (*Id.*, ¶ 106), and the amount of civil penalties Plaintiff seeks in this action.

(g)    Identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings, settlements, or allegations in determining Defendant's liability and the appropriate measure of damages in this case.

(h)    Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 9:**  Paragraph 109 of the Complaint states that "Abbott has been unjustly enriched, including profits earned by Abbott because of illegal inducements Abbott arranged to be paid to its Customers."  Identify with particularity all evidence that supports your contention, all illegal inducements that Abbott allegedly arranged to be paid to its Customers, and all payments by which Abbott allegedly was unjustly enriched.  Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 10:**  During the over ten years between the filing of the Ven-A-Care Qui Tam Complaint and the U.S. Government's decision to intervene in the action, Identify:

(a)   all Persons or organizations the U.S. Government or Ven-A-Care contacted in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(b)   all Persons the U.S. Government interviewed or spoke with in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(c)   all Persons the U.S. Government deposed or questioned in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(d)   every subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(e)   every response to any subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(f)   all documents, transcripts, recordings (video or audio), or other materials that the U.S. Government received or that were generated in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint.

**RESPONSE:**

**INTERROGATORY NO. 11:**  From any time period, Identify all Communications regarding Medicare Part B or Medicaid's payment of or methodology for reimbursing drugs or dispensing fees; the acquisition costs of Providers for drugs; and/or drug pricing between Ven-A-Care and any other Person, including but not limited to:  (i) the U.S. Government, (ii) any state or State Medicaid Program, (iii) NAMFCU or any MCFU, (iv) any Medicare Carrier or Medicaid Intermediary, (v) any Publisher, or (vi) any Provider.  For each such Communication, Identify:

(a) the Persons involved in the Communication;

(b) the date and place of the Communication;

(c) all materials, including exchanges of data, associated with the Communication; and

(d) the subject matter of the Communication, including but not limited to the drugs at issue, the Manufacturer(s) of those drugs, and the prices at issue.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 12:**   Identify all instances where Ven-A-Care was over-reimbursed for drugs by Medicare Part B or Medicaid and state what Ven-A-Care did with each such reimbursement.  Identify the steps that other Providers should have taken when they were over-reimbursed for drugs by Medicare Part B and Medicaid.

**RESPONSE:**

**INTERROGATORY NO. 13:**   For the Relevant Claim Period, Identify all laws, regulations, and Communications to Abbott that Plaintiff contends required Abbott to report prices to Publishers that reflected the "the prices at which Abbott actually sold its drugs" and/or refrain from marketing the "spread" to its Customers.  *See* Complaint, ¶ 3.  Identify (a) every Manufacturer that did comply with these duties and (b) every Manufacturer that did not comply with these duties.  Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 14:**  From January 1, 1965 to the end of the Relevant Claim Period, Identify all efforts by the U.S. Government to (i) establish a drug reimbursement methodology for Medicare Part B, Medicaid, or any copayment under Medicare Part B or Medicaid that did not rely on or use AWP figures reported by Publishers and (ii) change the way in which Publishers reported AWP figures, including but not limited to any proposed or enacted rule or regulation, any proposed Congressional legislation, any survey of actual acquisition costs, any determination by CMS or HCFA to disapprove of state Medicaid plans, any development of alternative sources of AWP or average wholesale prices, any attempt by CMS or HCFA to use its "inherent reasonableness" authority to change the amounts paid to Providers, and any Communications with Publishers, Providers, or Manufacturers.  Identify the date, individual Persons involved, and the outcome of all such efforts.  Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 15:**  Regarding HCFA Program Memoranda AB-00-86 (Sept. 8, 2000):

    (a)    explain why HCFA issued AB-00-86 to Medicare Carriers;

    (b)    explain why HCFA believed AB-00-86 contained "more accurate wholesale prices" for certain drugs;

    (c)    explain why HCFA did not mandate use of the alternative AWP data contained in AB-00-86;

    (d)    explain why HCFA later directed Medicare Carriers to cease using the alternative AWP data;

    (e)    Identify all Persons who drafted, prepared, made decisions relating to or other played a role in the creation and promulgation of AB-00-86;

    (f)    Identify all data and information used to calculate the wholesale prices contained in AB-00-86;

    (g)    Identify all Communications with Medicaid Intermediaries or State Medicaid Programs regarding AB-00-86, including the alternate AWP data contained therein; and

    (h)    Identify all Documents relating to AB-00-86.

**RESPONSE:**

**INTERROGATORY NO. 16:**  Identify all actions taken by the U.S. Government and Ven-A-Care to insure the preservation of evidence, witness testimony, data, or other information relevant to or discoverable in this litigation, including, without limitation:

    (a)      the date on which the action was taken;

    (b)      the Persons who took the action;

    (c)      the specific direction to preserve evidence that was communicated, including the Persons to whom the direction were directed; and

    (d)      the parties to any Communication relating to the preservation of evidence.

Identify all Documents relating to the information provided in response to this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 17:**  Identify each Person consulted or relied upon, or who provided documents or who otherwise constituted a source of factual information, in connection with the preparation of the Complaint or Your responses to these Interrogatories or Defendant Abbott's First Set of Requests for Admission to Plaintiffs United States of America and Ven-A-Care of the Florida Keys, Inc.  For each such person, Identify the subject matter and/or the particular interrogatories and/or requests for admission that such person was consulted upon or otherwise constituted a source of factual information.

**RESPONSE:**

- 17 -

Dated:  August 4, 2006

James R. Daly, Esq.
  Admitted *pro hac vice*
Daniel E. Reidy, Esq.
  Admitted *pro hac vice*
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
jrdaly@jonesday.com
dereidy@jonesday.com


R. Christopher Cook, Esq.
David S. Torborg, Esq.
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 216-4125
rccook@jonesday.com
dstorborg@jonesday.com

*Counsel for Defendant Abbott Laboratories, Inc..*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, a true and correct copy of the foregoing

**ABBOTT LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO**

**PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE**

**FLORIDA KEYS, INC.** was served upon:

Mark A. Lavine **(By email)**
Ana Maria Martinez **(By email)**
Ann St. Peter-Griffith **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132
Mark.Lavine@usdoj.gov
Ana.Maria.Martinez@usdoj.gov
Ann.St.Peter-Griffith@usdoj.gov

Renée Brooker **(By email and hand delivery**)
Justin Draycott **(By email)**
Gejaa Gobena **(By email)**
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
renee.brooker@usdoj.gov
justin.draycott@usdoj.gov
gejaa.gobena@usdoj.gov

James J. Breen **(By email)**
Alison Simon **(By email)**
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029
jbreen@breenlaw.com
alisonsimon@breenlaw.com

R. Christopher Cook