# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc. and Hospira, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) ) | |

## ANSWER AND OBJECTIONS OF RELATOR/PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC. TO DEFENDANT ABBOTT LABORATORIES, INC.'S
## FIRST SET OF INTERROGATORIES PROPOUNDED JOINTLY TO THE PLAINTIFFS

VEN-A-CARE OF THE FLORIDA KEYS, INC. ("Plaintiff", "Relator" or "Ven-A-Care"), pursuant to Federal Rules of Civil Procedure 26 and 33, by and through its undersigned counsel, serves this Answer and Objections of Relator/Plaintiff Ven-A-Care of the Florida Keys, Inc. To Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Propounded Jointly to the Plaintiffs and states:

## GENERAL OBJECTIONS

1. Abbott's First Set of Interrogatories was served, as a single document, on both the United States and the Relator. Abbott also served its singular first Requests for Admission on the United States and the Relator. Ven-A-Care initiated the qui tam action

1

underlying the above captioned action pursuant to 31 U.S.C. §3730 which allows private

persons to bring a civil action for violations of the False Claims Act, 31 U.S.C §3729, et

seq.   Ven-A-Care brought its qui tam action in the name of the Government as the

False Claims Act provides.  The UNITED STATES elected to intervene in the suit and

proceed with the action; and therefore, the UNITED STATES is conducting the action

and has the primary responsibility for prosecuting the action.  Abbott has elected to

direct discovery requests jointly to the United States and the Relator, apparently since

the action is brought in the name of the United States.  In such instances involving

interrogatories, the United States, as the party primarily prosecuting the action, would

answer in accordance with Federal Rule of Civil Procedure 33.  However, certain of

Abbott's First Interrogatories, specifically, 1, 5, 11, 12 and 16  appear to be, at least in

part, directed at information uniquely in the possession of Ven-A-Care and the Relator

has determined that it should answer these interrogatories "separately and fully" unless

objected to as specified under Rule 33(b) (2).  Accordingly, Ven-A-Care is filing its

separate Answers and Objections to Interrogatories 1, 5, 11, 12 and 16 and to

Interrogatory 17 (persons providing information or assistance)  to the extent pertinent to

its answers to 1, 5, 11, 12 and 16.  To the extent that Abbott asserts that the Relator

should have followed some alternative procedure with respect to Abbott's First Set of

Interrogatories, then the Relator generally objects to those interrogatories as being

misleading and not in conformance with Rule 33 and requests that Abbott serve such

specific interrogatories on Ven-A-Care as Abbott contends should be answered by Ven-

A-Care separately.

2.   To the extent these interrogatories are broadly directed at other pharmaceutical manufacturers and drugs other than those listed in the United States' Complaint at issue in the above captioned action, and not limited in scope to Defendant Abbott they are overly broad, inherently unreasonable and unduly burdensome in scope.  Also, to the extent these requests seek information concerning entities other than Abbott Laboratories Inc., they may be in violation of existing seals or protective orders mandated by statute or by other courts of competent jurisdiction.  Accordingly, these responses will be made only with respect to the instant requestor, Defendant, Abbott.

3.   To the extent that these interrogatories are not limited to the specific drugs which are at issue in the latest active pleadings then the interrogatories are inherently unreasonable, vague and unduly burdensome in scope because of the enormous amount of drugs which are the subject of Medicare and Medicaid claims.  The responses will be limited to the specific drugs at issue in this litigation referred to in the United States' Complaint.

4.   Ven-A-Care objects to these interrogatories to the extent that they seek information protected from disclosure by any privilege or doctrine, including the attorney-client privilege, the investigative files privilege, the work-product doctrine, the joint prosecution/ common interest doctrine, the deliberative process privilege, the law enforcement privilege or any other applicable basis for invoking privilege.  Ven-A-Care does not, by responding to these interrogatories, waive any claim of privilege or the protection of any doctrine.

5.  To the extent any interrogatory seeks information concerning any governmental or private investigation of possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, it is objectionable on the following grounds:

(a)    such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to the Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)    such information is protected from disclosure by the attorney-client and/or work product privilege,

(c)    such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and/or any State governments, and

(d)    such information is protected by the governmental investigative privilege.

6.  Ven-A-Care objects to these interrogatories to the extent they require it to draw legal conclusions or otherwise seek to impose upon Ven-A-Care any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts or the False Claims Act.

7.  Ven-A-Care objects to these interrogatories to the extent that responding would require it to violate any seal imposed by a Court or by statute in the context of a False Claims Act qui tam matter.  Ven-A-Care will not separately object to any specific

interrogatory to assert this ground in such a way where doing so would itself identify a case currently under seal.

8.  Ven-A-Care objects to these interrogatories to the extent that they seek material which is not subject to release in the absence of a protective order under Fed. R. Civ. Proc. 26(c)(7).  To the extent that these interrogatories call for material subject to any applicable protective order, it will be produced only if possible subject to the terms of that order.

9.  Ven-A-Care objects to the scope of these interrogatories to the extent they call for documents that are not within the possession, custody or control of Ven-A-Care.

10.  Ven-A-Care objects to each interrogatory to the extent that it seeks information beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

11.  Ven-A-Care objects to these interrogatories as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to early January 31, 2001.

12.  The objections set forth herein are based on information now known to Ven-A-Care and its attorneys and are made without prejudice to Ven-A-Care's right to assert additional objections should grounds for objection be discovered at a later time.  Ven-A-Care's responses shall not be construed as a waiver of any objection to other discovery requests involving or relating to the same or similar subject matter of any of these interrogatories.   Additionally, the fact that Ven-A-Care responds to any particular

interrogatory should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such interrogatory.

13.  Ven-A-Care objects to these interrogatories or parts thereof to the extent that they seek information or documents which are in the possession, custody, or control of Abbott or are publicly available and thus can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

14.  Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the Sate of Texas in Travis County, Texas, ("the Texas Action"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to requests contained in *Abbott's First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc.* and may contain information responsive to the interrogatories below and Ven-A-Care reasserts the privileges stated therein.  Before and following various rulings by the Texas Court, Ven-A-Care produced to the Defendant various items from its Texas Privilege Log.  Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care

Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent. Similarly, Abbott has refused to consent to the Relator disclosing in the instant case, evidence subject to a Protective Order produced to the Relator by Abbott in the Texas Action that would otherwise be responsive to Abbott's Request for Production or asked about in these interrogatories. Accordingly the Relator objects to these interrogatories to the extent that answers would include such evidence.

15. When Ven-A-Care responds that it will produce documents in response to an interrogatory, it will produce such documents to the extent that they exist and can be reasonably obtained. By stating that it will produce documents, Ven-A-Care does not represent that any such documents or things, in fact, exist or are within its possession, custody, or control.

16. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement or information contained therein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at the time of trial. The fact that Ven-A-Care has responded to any part or all of any particular interrogatory is not intended to and shall not be construed to be a waiver by Ven-A-Care of any objection to relevance or admissibility of any evidence in this or any other action. Ven-A-Care further objects to the extent that this interrogatory is directed at information protected by the attorney-client privilege.

17.  Ven-A-Care also incorporates herein any objection, whether general or specific, made by the United States to the instructions, definitions and each specific interrogatory in *Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Propounded Jointly to the Plaintiffs.*

18.  These general objections apply to each interrogatory and thus, for convenience, are not repeated after each interrogatory, but rather are set forth herein and hereby incorporated into each response.  The assertion of the same, similar, or additional objections or the provision of partial responses to an individual interrogatory does not and should not be construed to waive or modify any of the Ven-A-Care's general objections to each interrogatory.

19.  All objections to production of documents stated in *Abbott's First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc.* are incorporated herein by reference and no response stated below shall serve to waive any objections stated in Ven-A-Care's response to Abbott's First Request for Production.

20.  Ven-A-Care objects to these Interrogatories to the extent they exceed 25 in number in violation of Rule 33 of the Federal Rules of Civil Procedure, in the absence an agreement between the parties, or a court order.

21.  Ven-A-Care objects to the Interrogatories to the extent that: (a) the discovery sought by any Interrogatory is unreasonably cumulative or duplicative, or is obtainable from some other source (including but not limited to, a public source) that is more convenient, less burdensome, or less expensive; (b) the discovery sought is in Abbott's possession; (c) the discovery sought is equally available to Abbott; and (d) compliance

with any Interrogatory would be unduly burdensome, unduly expensive, harassing, annoying, or oppressive.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS:

22.  Ven-A-Care objects to the Interrogatories' definitions and instructions because they are unclear, vague, and ambiguous to the extent that the Interrogatories intend to incorporate the definitions and instructions of two sets of Requests for Production, one served on the United States, and one served on the Relator.

23.  Ven-A-Care objects to the additional definition of "time frame" included in the Interrogatories as vague, ambiguous, overly broad and unduly burdensome in that the definition does not clearly specify a time period, but refers to whatever time period may "correspond to the events, reports, laws, determinations, or documents referred to in particular Interrogatories."

24.  Ven-A-Care objects to Defendant's definitions and instructions to the extent those are inconsistent with or in excess of that which is required by the Federal Rules of Civil Procedure, Local Rules of the District of Massachusetts and Judge Saris' Case Management Orders relevant to the above captioned action, and all responses, therefore, are made strictly in accordance with the applicable rules and orders.

25.  Further, to the extent that the definitions and instructions require disclosures of Attorney-Client communications, documents protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation or preparation of litigation, or any other applicable privilege, Ven-A- Care objects to such definitions and instructions and shall

not be bound thereby.  Ven-Care also objects to the extent that the definitions and

instructions are directed at documents protected by the confidentiality or seal provisions

of the False Claims Act, 31 USC 3729, et, seq.  or any similar state law.

26.  Ven-A-Care objects to Abbott's definition of "Communication" (definition #7)

in that the terms "any oral or written exchange" of "thoughts or ideas" by "any process"

are overly broad and vague.  Further, Ven-A-Care objects to Abbott's definition of

"Communication" to the extent that it purports to impose discovery obligations broader

than the scope of permissible discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Ven-A-Care will look to the descriptive

terms included in the Requests themselves to determine the "circumstances" that

render a Communication responsive to any Request.

27.  Ven-A-Care objects to Abbott's definitions of the terms "Concern,"

"Concerning," "Relating to" and "Relate to" (definition #9) as vague and ambiguous in

that the proposed definition, which includes the terms and phrases "embody," "mention,"

"support," "contradict," "whether directly or indirectly," and "as required by the context to

bring within the scope of the requests," is not subject to objective application in

identifying responsive information with the reasonable particularity required by Fed. R.

Civ. Proc. 34.

28.  Ven-A-Care objects to Abbott's definition of "Documents" (definition #13) as

overly broad and vague in that the term is defined to include "communications" which

Abbott defines by reference to terms that are overly broad and vague.  Ven-A-Care

objects to the inclusion within the term "Documents" materials "which are in the

possession of the Carrier" and to any implication in the definitions that Carriers or other

payment processing contractors are to be included within the definition of Ven-A-Care, the United States or any particular agency.  Ven-A-Care does not have possession, custody or control over documents "in the possession of" any "Carrier".

29.   Ven-A-Care objects to Abbott's definition of the term "Medicaid Drug Rebate Program," (definition #31) to the extent that the definition asserts that the Public Health Service 340B Drug Pricing Program is part of the Medicaid Drug Rebate Program.

30.   Ven-A-Care objects to Defendant's definitions of "U.S. Government" (definition #50).  Such definition far exceeds the scope of the specific claims and issues in this case.

31.   Ven-A-Care objects to Defendants' definition of "Equivalent Drugs' (definition #16) to the extent that it purports to encompass forms of Equivalent Drugs manufactured by manufacturers other than the Defendant.  As such the definition necessarily renders Defendant's requests including this term overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Ven-A-Care will answer these requests only with respect to the "Subject Drugs" that are at issue in this litigation.

32.   Ven-A-Care objects to Defendant's definition of "Ven-A-Care" (definition #52) and "You and Your" (definition #55) as overly broad to the extent it includes Ven-A-Care's legal counsel.  Ven-A-Care further objects to the extent those words are directed at attorney client communications for the purpose of rendering legal advice or service, work product privileged information, information prepared in anticipation of litigation as well as information protected from disclosure by a common interest privilege.

33.  Subject to these objections and without waiving the foregoing the Plaintiffs respond as follows:

## ANSWERS AND OBJECTIONS:

**INTERROGATORY NO. 1**:  Identify each and every allegedly false or fraudulent statement or action made or taken by Abbott that relates in any way to Your claims in the Complaint, including:

(a) False or fraudulent statements made or caused to be made by Abbott and its agents;
(b) False or fraudulent claims filed by Abbott and its agents;
(c) Actions or statements that caused false or fraudulent claim to be filed; and
(d) False or fraudulent price representations

As to each statement or action You identify, state why the statement or action was false or fraudulent and state with particularity the circumstances of the alleged fraud, including the date, time, location, subject matter, and participants in any allegedly false or fraudulent action.  Identify all Documents relating to information provided in response to this Interrogatory.


**OBJECTION:**  All general objections and objections to Definitions and Instructions stated above are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

This interrogatory is further overly burdensome because Ven-A-Care and its counsel have had access to information produced by Abbott in other litigation, such as the matter of Texas ex rel. Ven-A-Care v. Abbott, that may have been referred to in preparing answers or mentioned in answers; however, Abbott refuses to permit Ven-A-Care to produce Abbott documents in the present case on the basis of Protective

Orders in the other litigation, notwithstanding the fact that Abbott may consent to the production of such Abbott documents. Accordingly, Abbott has created circumstances under which the Relator cannot fully produce, in the present action, documents and information responsive to this request.

This interrogatory appears to be, at least in part, directed at information uniquely in the possession of Ven-A-Care. Therefore, Ven-A-Care has responded below providing supplemental information to the United States' response to the same interrogatory. Ven-A-Care reserves the right to supplement this interrogatory as discovery proceeds. Ven-A-Care adopts all objections asserted by the United States and has incorporated them herein.

**RESPONSE**: Subject to the above objection, as well as all general objections and objections to Definitions and Instructions, and without waiving any objections, Ven-A-Care supplements the response of the United States as follows:

Ven-A-Care has detailed false price representations by Abbott in its Second, Third and Fourth Amended Complaints which have been provided to Abbott pursuant to the Court's unsealing orders. In addition, Ven-A-Care has provided information demonstrating Abbott's false price reports during the time period at issue in its Rule 26 disclosures as well as in discovery responses in the Texas Litigation. Such information includes, documentation of the prices available to Ven-A-Care for the drugs at issue as an industry insider and the mechanisms, in which Abbott actively participated, by which such prices were communicated to industry insiders such as through wholesaler and GPO computer systems that also showed the inflated spread arising from Abbott's false

price reports. In addition, Abbott's own business records and confidential pricing data reveal the actual prices it charged and the inflated prices it reported through First Data Bank, Red Book and Medispan as well as directly to certain Medicaid Agencies such as Texas. Abbott's business records further reveal its intentional actions to cause price reporting services to publish inflated prices used by Medicaid and Medicare at least through April 2001. As further described in Ven-A-care's Answer to Interrogatory 5 below, Abbott knew that its inflated price reports and resulting inflated reimbursement spreads were creating financial inducements for providers to purchase its Medicaid and Medicare reimbursable drugs and Abbott's employees such as Dennis Walker and Michael Heggie directly marketed the inflated spread to industry insiders such as Ven-A-Care. Even when Abbott was placed on notice that certain government reimbursers were scrutinizing Abbott's reported prices, Abbott continued to actively mislead and deceive the government programs about its control over reported prices and the actual prices that it knew its drugs (such as Vancomycin) were selling for in the marketplace. An example of this is the letter sent by Abbott's Assistant General Counsel, Stacy Chronis to Martha McNeill of the Texas Medicaid Program in or about July 2000. At this point in these proceedings, it is premature to require the Plaintiffs to assemble a comprehensive explication of all of Abbott's false price reports and evidence and documents showing Abbott's ongoing and active use of the resulting inflated spreads to market the drugs at issue. Discovery is ongoing and Abbott has blocked the Relator's use of Abbott's production in the Texas Litigation. The Plaintiffs should be permitted additional time to assemble this information after benefiting from discovery and a resolution by the Court of the pending discovery sharing issues.

**INTERROGATORY NO. 2**:  From January 1, 1965 to the end of the Relevant Claim Period, Identify all Persons currently or formerly employed by or serving the U.S. Government, currently or formerly serving as a contractor to the U.S. Government, or currently or formerly acting on behalf of the U.S. Government, as an agent or otherwise, with any responsibility for, involvement in, or influence over:

> (a) the methodologies, policies, and procedures used in determining the amount that Providers would be paid for drugs under Medicare or Medicaid;
> (b) the implementation of those methodologies, policies, and procedures by CMS, HCFA, HHS, State Medicaid Programs, Medicare Carriers or Medicaid Intermediaries;
> (c) the price at which any agency or department of the U.S. Government purchased drugs from Manufacturers, wholesalers, or distributors; or
> (d) the amount of rebates paid under the Medicaid Drug Rebate Program.

For each such Person, Identify the Person's position, the time period and geographic scope of the Person's role, and the subjects of information the Person is likely to have.

**OBJECTION**: All general objections and objections to Definitions and Instructions are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested relates to the identities of government personnel and, particularly in light of Abbott's definition, would improperly require Ven-

A-Care to bear the burden of assembling extensive information about government

personnel.


**INTERROGATORY NO. 3**:  From January 1, 1965 to the end of the Relevant Claim
Period, Identify all studies, analyses, or reviews performed on behalf of or received by
the U.S. Government concerning (i) Medicare Part B or Medicaid's payment for
prescription drugs or dispensing fees, (ii) the acquisition costs of Providers for drugs,
(iii) drug pricing, and/or (iv) a difference between Providers' actual or average drug
acquisition costs and then-published AWPs, WACs, Direct Prices, or List Prices for
drugs. For each study, Identify:

  (a) the entity, agency, department, organization, consultant, commission,
      accountant, or task force that performed the  study;
  (b) all individual Persons who were involved in the study;
  (c) the time period of the study;
  (d) the particular subject matter or drug involved in the study;
  (e) any report or other Documents prepared as a result of the study;
  (f) what, if anything, was done with the results of the study;
  (g) each Person who received a report of the study or who otherwise learned of the
      study's conclusions; and
  (h) Documents, data, information and witness statements collected in connection
      with the study.


**OBJECTION:**  All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

In accordance with Federal Rule of Civil Procedure 33, the United States will respond to

the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to

the Relator because the information requested relates to government reports and

publications that are equally available to Abbott as to Ven-A-Care.

**INTERROGATORY NO. 4**:  For any time period, Identify all Persons, including all current or former employees or agents of the U.S. Government, of any State Medicaid Program, of any Medicare Carrier, or of any Medicaid Intermediary, who received or were made aware of the Ven-A-Care Qui Tam Complaint, the disclosure statement filed by Ven-A-Care pursuant to 31 U.S.C. §3730(b)(2), or any of the allegations contained in the Ven-A-Care Qui Tam Complaint or disclosure statement prior to May 16, 2006. For each Person identified, state when and under what circumstances that Person became aware of Ven-A-Care's allegations and what information was provided to them. Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION**:  All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

In accordance with Federal Rule of Civil Procedure 33, the United States will respond to

the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to

the Relator because the information requested relates to the government's exercise of

its duties and discretion under 31 U.S.C. §3730, seeks information in the possession of

the government and should properly be answered or objected to by the government.

**INTERROGATORY NO. 5**:  Identify and provide all facts in your possession relating to each and every instance in which Abbott marketed the "spread" to any Provider as alleged in paragraph 3 of the Complaint, and for each such instance, Identify:

   (a) the employee of Abbott who allegedly marketed the spread;

   (b) the Provider to whom the spread was marketed (and the individual employees of the Provider involved in the interaction);

   (c) the drug that was marketed;

   (d) the place and time of the alleged marketing;

   (e) the content of the alleged marketing (including the precise facts on which You base your assertion that the employee "marketed the spread");

   (f) whether the Provider purchased or did not purchase the product; and

   (g) if applicable, all evidence that supports or refutes Your contention that the Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason.

Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION:**  All general objections and objections to Definitions and Instructions are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

     Ven-A-Care objects to this interrogatory to the extent that it changes and characterizes the allegations in the United States' Complaint.

     This interrogatory is further overly burdensome because Ven-A-Care and its counsel have had access to information produced by Abbott in other litigation, such as the matter of Texas ex rel. Ven-A-Care v. Abbott, that may have been referred to in preparing answers or mentioned in answers; however, Abbott refuses to permit Ven-A-Care to produce Abbott documents in the present case on the basis of Protective Orders in the other litigation, notwithstanding the fact that Abbott may consent to the production of such Abbott documents. Accordingly, Abbott has created circumstances

under which the Relator cannot fully produce, in the present action, documents and information responsive to this request.

This Interrogatory appears to be, at least in part, directed at information uniquely in the possession of Ven-A-Care.  Therefore, Ven-A-Care has responded below providing supplemental information to the United States' response to the same interrogatory.  Ven-A-Care reserves the right to supplement this interrogatory as discovery proceeds.  Ven-A-Care adopts all objections asserted by the United States and has incorporated them herein.

**RESPONSE:** Subject to the above objection, as well as all general objections and objections to Definitions and Instructions, and without waiving any objections, Ven-A-Care supplements the response of the United States as follows:

Ven-A-Care refers to its Answer to Interrogatory 1 for information also responsive to this Interrogatory.  Throughout the time period at issue in the complaint, Abbott marketed the spread by first creating an inflated reimbursement spread for its drugs at issue by making false inflated price reports.  The inflated spread was marketed by Abbott and intermediaries such as wholesalers and GPOs, with Abbott's knowledge and active assistance, through sales and marketing systems that showed the Medicare and Medicaid providers their actual price, compared it with the false inflated reported price and conveyed the resultant inflated spread.  Such systems included, but were not limited to, the McKesson Econolink, and Gerimed Emphasys systems.  Abbott further marketed the spread directly through its discussions with customers, including Ven-A-Care of the Florida Keys, Inc.  By way of example, Dennis Walker of Abbott's Alternate

Site Product Sales marketed the spread to Ven-A-Care's Zach Bentley in a phone call supported by a fax correspondence on or about May 30, 1997.  Later in 1997 Mr. Bentley had a similar discussion with Abbott's Michael Heggie.

At this point in these proceedings, it is premature to require the Plaintiffs to assemble a list of other instances when Abbott marketed the spread. Discovery is ongoing and Abbott has blocked the Relator's use of Abbott's production in the Texas Litigation. The Plaintiffs should be permitted additional time to assemble this information after benefiting from discovery and a resolution by the Court of the pending discovery sharing issues.

**INTERROGATORY NO. 6**:  For each of the Subject Drugs and for each quarter during the Relevant Claim period, Identify:

    (a) the false price You allege Abbott reported or represented;
    (b) all circumstances of the Communication, including to whom and when;
    (c) the specific prices You contend Abbott should have reported to Publishers or others;
    (d) the basis for Your contention that Abbott should have reported each of those prices; and
    (e) for those claims you allege to have been false and for which you are seeking damages, the basis for any contention that the price reported or represented by Abbott was used in determining reimbursement under Medicare Part B or Medicaid.

**OBJECTION:**  All general objections and objections to Definitions and Instructions stated above are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by

reference.  Ven-A-Care further incorporates its specific objections to Interrogatory 1 by reference.

This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. § 3730. Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

**INTERROGATORY NO. 7**:   During the Relevant Claim Period, state the basis for Your contention in paragraph 42 of the Complaint that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient." Separately identify:

   (a) which Providers or class of Providers are included in Your use of the term "retail Customer" in paragraph 42 of the Complaint;
   (b) which Providers or class of Providers included in Your use of the term "retail Customer" submitted claims to Medicare Part B or Medicaid that You allege were false;
   (c) all Persons who at any time believed the term AWP or "Average Wholesale Price" was used to refer a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer, and how such Persons came to that understanding;
   (d) all Persons who at any time used the term AWP or "Average Wholesale Price" to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer;
   (e) the specific basis of any Person's belief that AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient;
   (f) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to a retail Customer who then administers it to a patient; and
   (g) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to any Provider or class of Providers who submitted claims to Medicare Part B or Medicaid that You allege were false.

Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION:** All general objections and objections to Definitions and Instructions are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

**INTERROGATORY NO. 8**:  Describe the damages You seek from Abbott. Your response to this Interrogatory should provide all information necessary for Abbott to quantify the damages You seek and should, at a minimum:

   (a) Identify by name each state as to which you seek damages in this action relating to claims for reimbursement from the Medicaid program.
   (b) Identify by name any programs beyond Medicare and Medicaid for which You seek damages.

(c) Identify, by NDC, calendar quarter, state (for Medicaid claims), program *(e.g.,* Medicare, Medicaid), and on a claim-by-claim basis, the amount of damages (excluding any punitive damages and civil penalties) Plaintiff seeks in this action.

(d) Describe the methodology, including any assumptions, used to calculate those amounts.

(e) For Medicare Part B claims, Medicaid claims relating to physician-administered drugs, and other classes of claims reimbursed by use of J-Codes, explain how You determined that reimbursement was paid using AWPs or WACs for Abbott drugs and how You calculated damages for such claims.

(f) Identify the number of "false or fraudulent claims that Abbott caused to be made" (Complaint, ¶ 104), the number of "false records or false statements made by Abbott" *(Id.,* ¶ 106), and the amount of civil penalties Plaintiff seeks in this action.

(g) Identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings, settlements, or allegations in determining Defendant's liability and the appropriate measure of damages in this case.

(h) Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION**:  All general objections and objections to Definitions and Instructions are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly,

the United States is the proper party to provide Answers and Objections to this

Interrogatory.


**INTERROGATORY NO. 9**:  Paragraph 109 of the Complaint states that "Abbott has been unjustly enriched, including profits earned by Abbott because of illegal inducements Abbott arranged to be paid to its Customers." Identify with particularity all evidence that supports your contention, all illegal inducements that Abbott allegedly arranged to be paid to its Customers, and all payments by which Abbott allegedly was unjustly enriched. Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION**:  All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

In accordance with Federal Rule of Civil Procedure 33, the United States will respond to

the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to

the Relator because the information requested is directed at the Plaintiff's contentions

about the claims of the United States in this cause and the government has proceeded

with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly,

the United States is the proper party to provide Answers and Objections to this

Interrogatory.  This Interrogatory is further overly broad and unduly burdensome to the

Relator because the information requested is directed at the Plaintiff's contentions about

the claims of the United States in this cause and the government has proceeded with

this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly, the

United States is the proper party to provide Answers and Objections to this

Interrogatory.

**INTERROGATORY NO. 10**:   During the over ten years between the filing of the Ven-A-Care Qui Tam Complaint and the U.S. Government's decision to intervene in the action, Identify:

> (a) all Persons or organizations the U. S. Government or Ven-A-C are contacted in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;
>
> (b) all Persons the U.S. Government interviewed or spoke with in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;
>
> (c) all Persons the U.S. Government deposed or questioned in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;
>
> (d) every subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;
>
> (e) every response to any subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;
>
> (f) all documents, transcripts, recordings (video or audio), or other materials that the U.S. Government received or that were generated in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint.

**OBJECTION**:   All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

In accordance with Federal Rule of Civil Procedure 33, the United States will respond to

the interrogatory.  This Interrogatory is further overly broad and unduly burdensome to

the Relator because the information requested relates to the government's exercise of

its duties and discretion under 31 U.S.C. §3730, seeks information in the possession of

the government and should properly be answered or objected to by the government.

Ven-A-Care further objects to the extent that the information requested is protected by

the attorney work product privilege, as confidential communications between parties

with a common interest in pending or anticipated litigation, as deliberative process

materials.

**INTERROGATORY NO. 11**:  From any time period, Identify all Communications
regarding Medicare Part B or Medicaid's payment of or methodology for reimbursing
drugs or dispensing fees; the acquisition costs of Providers for drugs; and/or drug
pricing between Ven-A-Care and any other Person, including but not limited to: (i) the
U.S. Government, (ii) any state or State Medicaid Program, (iii) NAMFCU or any MCFU,
(iv) any Medicare Carrier or Medicaid Intermediary, (v) any Publisher, or (vi) any
Provider. For each such Communication, Identify:

    (a) the Persons involved in the Communication;
    (b) the date and place of the Communication;
    (c) all materials, including exchanges of data, associated with the
        Communication; and
    (d) the subject matter of the Communication, including but not limited to the
        drugs at issue, the Manufacturer(s) of those drugs, and the prices at issue.

Identify all Documents relating to the information provided in response to this
Interrogatory.

**OBJECTION:**  All general objections and objections to Definitions and Instructions

stated above are incorporated herein by reference.  All objections asserted in *United*

*States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by

the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

Additionally, to the extent this request seeks "materials" or "communications" between Ven-A-Care and "the U.S. Government", "State Medicaid Programs", the National Association of Medicaid Fraud Control Units and/or other state or federal agencies relating to this action, it seeks to require production of privileged information protected from discovery as attorney work product, as confidential communications between parties with a common interest in pending or anticipated litigation, and as deliberative process materials.

Moreover, to the extent this interrogatory seeks materials or communications that relate in any way to a lawsuit with allegations relating to "drug pricing" or "drug reimbursement," it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

Privileged communications and identifications of privileged documents are being withheld. To the extent that Ven-A-Care is able to identify any such written communications over which it does not assert the above privileges, it will provide copies. Some information responsive to this request is encompassed by Ven-A-Care's Texas Litigation  Privilege Log hat was appended to its Response to Abbott's First Request for Production.

This interrogatory appears to be, at least in part, directed at information uniquely in the possession of Ven-A-Care. Therefore, Ven-A-Care has responded below providing supplemental information to the United States response to the same interrogatory. Ven-A-Care specifically objects to this Interrogatory as overly broad and unduly burdensome in time and scope of the requested communications; however, Ven-A-Care will make a good faith effort to respond by providing such written communications as are not subject to its privilege objections. Ven-A-Care otherwise objects and should not be required to otherwise answer this overly broad and burdensome interrogatory. Ven-A-Care reserves the right to supplement this interrogatory as discovery proceeds.

**RESPONSE:** Subject to the above objections, as well as all general objections and objections to Definitions and Instructions, and without waiving any objections, Ven-A-Care supplements the response of the United States as follows:

Ven-A-Care's counsel deposed Kay Morgan and Joe Hirshman of First Data Bank in the Texas Litigation and First Data Bank's Jim Breen in pending Florida litigation. If these depositions have not been made available to Abbott previously in these MDL proceedings, Ven-A-Care will provide them to the extent it is able in light of pending protective orders. Ven-A-Care is reviewing its communications with the entities specified and will provide copies of non-privileged items in its possession, custody or control.

**INTERROGATORY NO. 12**:   Identify all instances where Ven-A-Care was over-reimbursed for drugs by Medicare Part B or Medicaid and state what Ven-A-Care did with each such reimbursement. Identify the steps that other Providers should have taken when they were over-reimbursed for drugs by Medicare Part B and Medicaid.

**OBJECTION:**  All general objections and objections to Definitions and Instructions

stated above are incorporated herein by reference.  All objections asserted in *United*

*States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by

the United States in its general objections, objections to Definitions and Instructions and

specific objections in response to this interrogatory are also incorporated herein by

reference.

This interrogatory is vague and ambiguous in that the term "over-reimbursed" is

not defined.  Furthermore, the interrogatory calls for speculation of what other providers

should have done under the vague and ambiguous circumstances stated in the

interrogatory or for the position of the United States which Ven-A-Care is not the proper

party to state.

Ven-A-Care has alleged in its law suit that in certain circumstances the amounts

calculated pursuant to Medicare and Medicaid reimbursement formulas result in inflated

reimbursement to the healthcare provider, pharmacy, clinic or physician.  The term

"over-reimbursed", as used in the interrogatory, appears to mean amounts in excess of

or more than what the reimbursement formula would arithmetically calculate in contrast

to "inflated reimbursement" which would implicate the fraudulent and improper increase

in reimbursement caused by the false reports of prices used in a formula.

The interrogatory also requests information about claims and related information

that include confidential and privileged patient medical information.  State and Federal

law prohibits the release of medical records without a proper authorization form the

patient (or legal guardian), or a Court-ordered subpoena.  The Federal Health Insurance

Portability and Accountability Act ("HIPAA") forbids the disclosure of privileged medical

records absent an authorization from the patient or a Court Ordered Subpoena. *See 45*

*CFR sec 164.508; 45 CFR sec 164.512.*

**RESPONSE:** Subject to the above objection, as well as all general objections and

objections to Definitions and Instructions, and without waiving any objections, Ven-A-

Care states as follows:

It is Ven-A-Care's understanding that it was always reimbursed based upon the

existing reimbursement formula(s) of Medicare or Medicaid and was never reimbursed

an amount in excess of the applicable reimbursement formulas.  However, after being

asked, and refusing, to enter a physician joint venture in August 1991, Ven-A-Care

became aware that reimbursements for some drugs and nutritional therapies were, in

turn, being used as financial inducements which Ven-A-Care believed would be contrary

to the Medicare and Medicaid anti-kickback prohibitions if drugs were reimbursed by

these programs.

After learning how reimbursement was sometimes used to fund financial

inducements in 1991, Ven-A-Care used its position as an industry insider to gather

information and discovered that excessive pharmaceutical reimbursements by Medicaid

and Medicare were being caused by inflated drug price reports. This was a process that

eventually lead to its initiation of the instant *qui tam* FCA action after Ven-A-Care

discovered that, for some drugs such as the drugs at issue in this case, certain drug

manufacturers, including Abbott, were causing inflated Medicare and Medicaid reimbursement to be paid for claims for certain  drugs.  Ven-A-Care's investigations were also directed at certain nutritional therapies reimbursed in a different manner by Medicare from the drugs at issue in the present case.

At various times, Ven-A-Care took action to refund or decline payments, or partial payments, from the Medicare Program. Ven-A-Care is reviewing its business records relating to these instances and, upon resolution of patient confidentiality issues and any other applicable objections, will produce such records as are in its possession, custody or control.  Ven-A-Care took further action responsive to this Interrogatory; however, objects to responding further as such information is protected by the attorney/client privilege, the work product privilege, the deliberative process privilege, the common interest privilege and the seal provisions of 31 U.S.C. § 3730 and similar state laws.

**INTERROGATORY NO. 13**:   For the Relevant Claim Period, Identify all laws, regulations, and Communications to Abbott that Plaintiff contends required Abbott to report prices to Publishers that reflected the "the prices at which Abbott actually sold its drugs" and/or refrain from marketing the "spread" to its Customers. *See* Complaint, ¶ 3. Identify (a) every Manufacturer that did comply with these duties and (b) every Manufacturer that did not comply with these duties. Identify all Documents relating to the information provided in response to this Interrogatory.

**OBJECTION**: All general objections and objections to Definitions and Instructions are incorporated herein by reference.  All objections asserted in *United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by the United States in its general objections, objections to Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

This Interrogatory is further overly broad and unduly burdensome to the Relator

because the information requested is directed at the Plaintiff's contentions about the

claims of the United States in this cause and the government has proceeded with this

action on behalf of the United States pursuant to 31 U.S.C. § 3730. Accordingly, the

United States is the proper party to provide Answers and Objections to this

Interrogatory.

**INTERROGATORY NO. 14**:  From January 1, 1965 to the end of the Relevant Claim
Period, Identify all efforts by the U.S. Government to (i) establish a drug reimbursement
methodology for Medicare Part B, Medicaid, or any co-payment under Medicare Part B
or Medicaid that did not rely on or use AWP figures reported by Publishers and (ii)
change the way in which Publishers reported AWP figures, including but not limited to
any proposed or enacted rule or regulation, any proposed Congressional legislation,
any survey of actual acquisition costs, any determination by CMS or HCFA to
disapprove of state Medicaid plans, any development of alternative sources of AWP or
average wholesale prices, any attempt by CMS or HCFA to use its "inherent
reasonableness" authority to change the amounts paid to Providers, and any
Communications with Publishers, Providers, or Manufacturers. Identify the date,
individual Persons involved, and the outcome of all such efforts. Identify all Documents
relating to the information provided in response to this Interrogatory.

**OBJECTION**:  All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

This Interrogatory is further overly broad and unduly burdensome to the Relator

because the information requested is directed at the efforts of the United States in this

cause and the government has proceeded with this action on behalf of the United

States pursuant to 31 U.S.C. §3730. Accordingly, the United States is the proper party

to provide Answers and Objections to this Interrogatory.


**INTERROGATORY NO. 15**:  Regarding HCFA Program Memoranda AR-00-86 (Sept. 8, 2000):

> (a) explain why HCFA issued AB-00-86 to Medicare Carriers;
> (b) explain why HCFA believed AB-00-86 contained "more accurate wholesale prices" for certain drugs;
> (c) explain why HCFA did not mandate use of the alternative AWP data contained in
>     AB-00-86;
> (d) explain why HCFA later directed Medicare Carriers to cease using the alternative AWP data;
> (e) Identify all Persons who drafted, prepared, made decisions relating to or other played a role in the creation and promulgation of AB-00-86;
> (f) Identify all data and information used to calculate the wholesale prices contained in AB-00-86;
> (g) Identify all Communications with Medicaid Intermediaries or State Medicaid Programs regarding AB-00-86, including the alternate AWP data contained therein; and
> (h) Identify all Documents relating to AB-00-86.


**RESPONSE**:  All general objections and objections to Definitions and Instructions are

incorporated herein by reference.  All objections asserted in *United States' Objections*

*and Responses to Defendant Abbott's First Set of Interrogatories* by the United States

in its general objections, objections to Definitions and Instructions and specific

objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care objects to the service of this interrogatory jointly upon it and the United

States as misleading and not in conformance with Federal Rule of Civil Procedure 33.

This Interrogatory is further overly broad and unduly burdensome to the Relator

because the information requested is directed at information of the United States and

the government has proceeded with this action on behalf of the United States pursuant

to 31 U.S.C. § 3730. Accordingly, the United States is the proper party to provide

Answers and Objections to this Interrogatory.


**INTERROGATORY NO. 16**:  Identify all actions taken by the U.S. Government and
Ven-A-Care to insure the preservation of evidence, witness testimony, data, or other
information relevant to or discoverable in this litigation, including, without limitation:

> (a) the date on which the action was taken;
> (b) the Persons who took the action;
> (c) the specific direction to preserve evidence that was communicated, including
>     the Persons to whom the direction were directed; and
> (d) the parties to any Communication relating to the preservation of evidence.

Identify all Documents relating to the information provided in response to this
Interrogatory.


**OBJECTION:**  All general objections and objections to Definitions and Instructions

stated above are incorporated herein by reference.  All objections asserted in *United*

*States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by

the United States in its general objections, objections to Definitions and Instructions and

specific objections in response to this interrogatory are also incorporated herein by

reference.

This request is vague, overbroad and ambiguous to the extent that the term

"insure" is not clearly defined.  The request to identify "all actions" renders the

interrogatory overly broad and unduly burdensome in scope. All objections asserted in Ven-A-Care's response to Abbott's First Request for Production are incorporated herein by reference. Ven-A-Care further objects to the extent that this Interrogatory is directed at information protected by the attorney-client privilege.

This interrogatory appears to be in part directed at information uniquely in the possession of Ven-A-Care. Therefore, Ven-A-Care has responded below providing supplemental information to the United States response to the same interrogatory

**RESPONSE**: Subject to the above objection, as well as all general objections and objections to Definitions and Instructions, and without waiving any objections, Ven-A-Care supplements the response of the United States as follows:

Ven-a-Care, as a party to this litigation, was aware from the commencement of its qui tam action that it must safeguard and not destroy documents related to this litigation. Ven-A-Care has not destroyed documents related to its qui tam action and has maintained related documents in its corporate office and provided related documents to its counsel. Ven-A-Care is not aware of any non-privileged documents responsive to this request.

**INTERROGATORY NO. 17**: Identify each Person consulted or relied upon, or who provided documents or who otherwise constituted a source of factual information, in connection with the preparation of the Complaint or Your responses to these Interrogatories or Defendant Abbott's First Set of Requests for Admission to Plaintiffs United States of America and Ven-A-Care of the Florida Keys, Inc. For each such person, Identify the subject matter and/or the particular interrogatories or requests for admission that such person was consulted upon or otherwise constituted a source of factual information.

**OBJECTION:**  All general objections and objections to Definitions and Instructions

stated above are incorporated herein by reference.  All objections asserted in *United*

*States' Objections and Responses to Defendant Abbott's First Set of Interrogatories* by

the United States in its general objections, objections to Definitions and Instructions and

specific objections in response to this interrogatory are also incorporated herein by

reference.

This request is vague, overbroad and confusing as it seeks information related to

multiple subjects.  It also seeks to require production of information protected from

discovery as attorney-client privileged, attorney work product, as confidential

communications between parties with a common interest and as materials developed in

anticipation of litigation.

This interrogatory appears to be in part directed at information uniquely in the

possession of Ven-A-Care.  Therefore, Ven-A-Care has responded below providing

supplemental information to the United States response to the same interrogatory.

**RESPONSE:** Subject to the above objection, as well as all general objections and

objections to Definitions and Instructions, and without waiving any objections, Ven-A-

Care supplements the response of the United States as follows:

Per agreement of the parties, Ven-A-Care has not responded to Abbott's First

Requests for Admission.

Ven-A-Care consulted its counsel during preparation of the Complaint.

The following current or former officers of Ven-A-Care provided information in

preparation of the interrogatory answers:

T. Mark Jones
John Lockwood, M.D.
Zachary T. Bentley
Luis Cobo


DATED:   December 4, 2006.



For the Relator,
Ven-A-Care of the Florida Keys, Inc


James J. Breen
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, FL  33029-7470
Phone:  954-874-1635
Fax: 954-874-1739

STATE OF GEORGIA        §
                        §
COUNTY OF FULTON        §

### VERIFICATION

BEFORE ME, the undersigned notary, a person authorized to administer oaths, on this day, personally appeared T. MARK JONES, President of Ven-A-Care of the Florida Keys, Inc., a person whose identity is known to me. After I administered an oath to him, upon his oath, he said the following: He has read the **ANSWER AND OBJECTIONS OF RELATOR/PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC. TO DEFENDANT ABBOTT LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES PROPOUNDED JOINTLY TO THE PLAINTIFFS** and the facts stated in the Responses to Interrogatories 1, 5, 11, 12, 16 and 17 are either within his personal knowledge and are true and correct or are true and correct to his knowledge and belief, based upon information suppled to him by other persons.

_____
T. MARK JONES

SWORN TO and SUBSCRIBED before me by T. MARK JONES, on this the 1st day of December, 2006.

_____
Notary Public in and for
the State of ~~Florida~~ Georgia

My Commission Expires: _____

LEILA RUTH BREEN
Notary Public, Fulton County, GA
My Commission Expires July 06, 2009

## CERTIFICATE OF SERVICE

*Dec. 4 2006*

I hereby certify that I have this day, ~~November 29, 2006~~, caused an electronic copy of the *Answer and Objections of Relator/Plaintiff Ven-A-Care of the Florida Keys, Inc. to Defendants Abbott Laboratories, Inc's First Set of Interrogatories Propounded Jointly to the Plaintiff's* and verification to be served on all counsel of record via electronic mail service:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com
Counsel for Defendant Abbott
Laboratories, Inc.

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: christophercook@jonesday.com
Counsel for Defendant Abbott
Laboratories, Inc.

Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Fax: (202) 307-3852
Email: Renee.Brooker@usdoj.gov
Counsel for the United States

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com
Counsel for Dey, Inc., Dey L.P. and Dey
L.P., Inc.

Neil Merkl
Paul F. Doyle,
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com
Counsel for Dey, Inc., Dey L.P. and Dey
L.P., Inc.

Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
 the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101
Email: Mark.Lavine@usdoj.gov
Counsel for the United States

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272
Email:  George.Henderson@usdoj.gov
Counsel for the United States

James J. Breen