# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY | ) | MDL DOCKET NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 06-CV-11337 |
| | ) | Lead Case No. 01-CV-12257 |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | |
| *Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) | Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANT ABBOTT LABORATORIES INC.'S SECOND SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS AND TANGIBLE**
**THINGS TO PLAINTIFFS UNITED STATES OF AMERICA AND VEN-A-CARE**

Defendant Abbott Laboratories, Inc. ("Abbott"), pursuant to Rule 34 of the Federal Rules

of Civil Procedure, requests that Plaintiffs United States of America and Ven-A-Care of the

Florida Keys, Inc ("Ven-A-Care") produce the documents requested herein by making them

available for inspection and copying at the offices of Jones Day, 51 Louisiana Ave., NW,

Washington, DC 20001, or at such other place and in such manner as may be mutually agreed

upon between counsel for the parties, within thirty (30) days from the date of service of these

Requests.

**DEFINITIONS**

Abbott hereby incorporates the definitions contained in its First Set of Requests for

Production of Documents and Tangible Things to Plaintiffs United States of America and Ven-

A-Care of the Florida Keys, Inc.  In addition, Abbott provides the following definition for these

and subsequent discovery requests:

65.     "Relevant Witness" means any individual who is (a) identified by Abbott, Ven-A-
Care or the U.S. Government in response to any discovery request propounded by any defendant
in MDL 1456, including specifically Interrogatory Nos. 2, 4, 7, 10, 11, 14, 15, and 16
propounded by Abbott; (b) identified by Abbott, Ven-A-Care or the U.S. Government in any
Rule 26(a) disclosures; (c) identified by Abbott, Ven-A-Care or the U.S. Government in any
supplement to existing discovery responses or initial disclosures; (d) described or named by
Abbott counsel as a "Relevant Witness" in writing or on the record in any hearing or deposition

1

in this case; (e) noticed or called as a witness in any deposition or hearing in this case; (f) responsible for verifying any discovery response in this litigation; or (g) a current or former officer, principal, owner or director of Ven-A-Care since 1991, including specifically Zachary T. Bentley and T. Mark Jones.

## INSTRUCTIONS

Abbott hereby incorporates the instructions contained in its First Set of Requests for

Production of Documents and Tangible Things to Plaintiffs United States of America and Ven-

A-Care of the Florida Keys, Inc.

## DOCUMENTS REQUESTED

1.        A copy of each and every claim that you allege constitutes a "false claim" that Abbott submitted or caused to be submitted, as alleged in Paragraph 103 of the Complaint, including specifically each and every claim as to which you seek damages or penalties under the False Claims Act.  To the extent that you object to this request and require Abbott to move to compel, produce in the interim a representative sample of claims (e.g., an individual HCFA 1500 form for physician administered drugs) for each year, each drug and each category of claims for which you seek damages or penalties under the False Claims Act.

2.        Documents showing the FUL schedules relating to the Relevant Claim Period.

3.        Documents showing any state MAC schedules relating to the Relevant Claim Period.

4.        Data in a useable electronic form containing the total Medicaid payment and utilization files for the Subject Drugs during the Relevant Claim Period.

5.        The "NCH allowance and utilization data" for each Subject Drug for every year in the Relevant Claim Period as such data is described in the following sentence that appears on page 3 of OIG Report No. OEI-03-97-00290, "Excessive Medicare payments for Prescription Drugs" (December 1997):  "We then retrieved NCH allowance and utilization data using HCFA's Part B Extract and Summary System (BESS)."  To the extent that such data has already been produced, it is sufficient to identify that prior production.

6.        All documents mentioned, quoted, or described in the DOJ's October 27, 1999 presentation to representatives of Abbott Laboratories.

7.          All requests by HCFA asking HHS-OIG to conduct reports or studies concerning the pricing or reimbursement of drugs under Medicare or Medicaid.

8.          All communications from HCFA to Manufacturers providing any direction, instruction, or guidance concerning the reporting of drug prices, including but not limited to all "Drug Manufacturer Release" memoranda issued during the Relevant Time Period.  These memoranda are posted in an inaccessible format at the following internet address: http://www.cms.hhs.gov/MedicaidDrugRebateProgram/03_DrugMfrReleases.asp.

9.          All contracts or other documents evidencing any authority on the part of HCFA or CMS to obtain documents and information from Carriers, Fiscal Intermediaries, state Medicaid agencies, or any other entity that might have documents relevant to this lawsuit.

10.          All Documents concerning a regulation proposed as part of the Medicare Catastrophic Coverage Act (MCCA) of 1988, titled "Medicare Program; Payment for Home Intravenous Drug Therapy Services," published at 54 Fed. Reg. 46,938 through 46,953 (Nov. 8, 1989), including any comments, suggestions, criticisms, surveys, studies, or data related to this proposed regulation and all information collected by HCFA to establish payment rates.  These documents should include, but not be limited to "available literature on home IV drug therapy," "relevant articles," notes from visits with home IV drug therapy providers, and consultations with trade associations, supplier representatives, and third party payors.  *See* 54 Fed. Reg. 46,939.

11.          Any document described by any witness during testimony at a deposition, trial or hearing in MDL 1456, to the extent that the document is in the possession, custody or control of Relators or the Government.

12.          An index of the documents, data, and information that is located in CMS' off-site storage facility described in the Julie Boughn deposition as "the cave," as well as information regarding how long information is stored in "the cave."

13.          All corporate organizational documents of Ven-A-Care, including but not limited to articles of incorporation, corporate bylaws, documents indicating corporate ownership interests, documents showing corporate capital structure, and minutes of meetings held by the board of directors.

14.          Separately for each NDC and J-Code at issue in the case, documents or data sufficient to identify, by dollar volume, the ten Abbott Customers who received the most "excessive reimbursement" from the Medicaid program, as alleged in paragraph 3 of the Complaint.

15.          Separately for each NDC and J-Code at issue in the case, documents or data sufficient to identify, by dollar volume, the ten Abbott Customers who received the most

"excessive reimbursement" from the Medicare program, as alleged in paragrah 3 of the Complaint.

16.        The final version and all drafts of any document described on any privilege log produced by Plaintiffs in MDL 1456.  To the extent that Plaintiffs have produced a final version of a draft described on a privilege log, it is sufficient to identify that final version and the privilege log entry to which it relates.

Dated:  February 21, 2007                          Respectfully submitted,

                                                   /s/ R. Christopher Cook
                                                   _____
                                                   James R. Daly, Esq.
                                                     Admitted *pro hac vice*
                                                   Daniel E. Reidy, Esq.
                                                     Admitted *pro hac vice*
                                                   JONES DAY
                                                   77 West Wacker
                                                   Chicago, IL  60601-1692
                                                   Telephone:  (312) 782-3939
                                                   Facsimile:  (312) 782-8585

                                                   R. Christopher Cook, Esq.
                                                   David S. Torborg, Esq.
                                                   JONES DAY
                                                   51 Louisiana Ave., N.W.
                                                   Washington, DC 20001
                                                   Telephone:  (202) 879-3939
                                                   Facsimile:  (202) 216-4125

                    *Counsel for Defendant Abbott Laboratories, Inc..*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2007, a true and correct copy of the foregoing

**ABBOTT LABORATORIES, INC.'S SECOND SET OF REQUESTS FOR THE**

**PRODUCTION OF DOCUMENTS TO PLAINTIFFS UNITED STATES OF AMERICA**

**AND VEN-A-CARE** was served by sending it via electronic mail to:

Mark A. Lavine, Esq.
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132
Mark.Lavine@usdoj.gov

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC  20004
Renee.Brooker@usdoj.gov

James J. Breen, Esq
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029
jbreen@breenlaw.com

/s/ R. Christopher Cook
_____
R. Christopher Cook