# EXHIBIT 11



13049621

Nov 30 2006
9:17AM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | MDL No. 1456 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | Hon. Patti Saris |
| | ) | |
| *United States of America ex rel. Ven-a-Care of* | ) | Chief Mag. Marianne Bowler |
| *the Florida Keys, Inc., v. Abbott Laboratories,* | ) | |
| *Inc.* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |

## RESPONSE BY THE UNITED STATES TO ABBOTT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO THE UNITED STATES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States provides these responses to Abbott's First Set of Requests for Production of Documents and Tangible Things (the "Requests") to the United States.

### Introductory Statements and General Objections

1.     The United States objects to Abbott''s definitions and instructions to the extent they are inconsistent with or in excess of that which is required by the Federal Rules of Civil Procedure, Local Rules of the District of Massachusetts or Case Management Orders applicable to the above-captioned action.

2.     The United States objects to these Requests to the extent that they are cumulative and duplicative of Abbott's other discovery requests, including but not limited to, third-party subpoenas issued to the United States and its contractors by defendants in the Average Wholesale Price Litigation Multi-District Litigation ("MDL") No. 1456, and the In re Lupron

<u>Marketing & Sales Practice Litig</u>. ("Lupron MDL") (D. Mass), MDL. No. 1430,

01-CV-10861-RGS.

     3.     The United States objects to these Requests to the extent they do not account for,

or are cumulative or duplicative of, the enormous volume of material the United States has

already produced to Abbott in prior MDL proceedings in the District of Massachusetts.

Specifically, in 2003, Abbott and other defendants served DHHS and the carriers who contract

with CMS to process claims under Medicare Part B (Medical Insurance) with numerous

subpoenas earlier in this very MDL proceeding, and in the Lupron MDL.  Abbott and other

defendants obtained thousands of documents from the United States, which it has not

acknowledged in this case.  The subpoenas directed to the carriers resulted in production by

CMS of approximately 92,000 pages.  DHHS produced an additional 22,000 pages and 3,808

electronic files.  Many of those documents are responsive to Requests and portions of these

Requests.

     4.     To the extent these Requests are broadly directed at other pharmaceutical

companies or entities and are not limited to Abbott, they are unreasonable, unduly burdensome,

not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, to the extent these Requests seek information concerning entities other than Abbott

Laboratories Inc., they may be in violation of existing seals or protective orders mandated by

statute or by other courts of competent jurisdiction.  Accordingly, these responses will be made

only with respect to Abbott.

     5.     Each response is subject to all objections as to competence, relevance,

materiality, and admissibility, and any and all other objections on grounds that would require the

exclusion of any statement or information contained herein if the introduction of such evidence

2

was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at the time of trial.  The fact that the United States has responded to any part or all of any particular Request is not intended to and shall not be construed to be a waiver by the United States of any objection to the relevance or admissibility of any evidence in this or any other action.

6.      The objections set forth herein are based on information now known to the United States and its attorneys and are made without prejudice to the United States' right to assert additional objections should grounds for objection be discovered at a later time.  The United States' responses to these Requests shall not be construed as a waiver of any objection to other discovery requests involving or relating to the same or similar subject matter of any of these Requests.   Additionally, the fact that the United States responds to any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such Request.

7.      Subject to and without waiving its objections, the United States will respond to Requests or portions thereof to the best of its present ability.  Because the United States has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, the United States reserves the right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

8.      The United States objects to these Requests or parts thereof to the extent that they seek information or documents which are in the possession, custody, or control of Abbott or are publicly available and thus can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

9.      The United States objects to these Requests to the extent that they seek

3

information protected from disclosure by privilege or doctrine, including the attorney-client

privilege, the work-product doctrine, the joint prosecution/ common interest doctrine, the

deliberative process privilege, the law enforcement investigative files privilege or any other

applicable basis for invoking privilege.  The United States will screen materials and information

to be released to Abbott to remove privileged materials.  To the extent there is any inadvertent

disclosure of privileged information, the United States reserves its right to argue that such

inadvertent disclosure shall not constitute any waiver of the privileges.  The United States

reserves the right to object to the introduction into evidence before the Court at any time before

or at trial of information that is privileged or otherwise protected under law and that has been

revealed or produced inadvertently.  The United States does not, by responding to these

Requests, waive any claim of privilege or the protection of any doctrine.

      10.     The United States objects to these Requests to the extent they require the United

States to draw legal conclusions or otherwise seek to impose upon the United States any

requirements beyond those established by the Federal Rules of Civil Procedure or the Local

Rules of the United States District Court for the District of Massachusetts.

      11.     The United States objects to these Requests to the extent that responding would

require it to violate any seal imposed by a Court, by statute in the context of a False Claims Act

*qui tam* matter, or the Federal Rules of Criminal Procedure, a grand jury proceeding, a criminal

sentencing or other disposition, or any other matter.  The United States will not separately object

to any specific Request to assert this ground where doing so would itself identify a case currently

under seal.

      12.     The United States objects to these Requests to the extent that they seek material

which is not subject to release in the absence of a protective order under Fed. R. Civ. Proc.

26(c)(7).  To the extent that these Requests call for material subject to any applicable protective order in this case, it will be produced subject to the terms of that order.

13.     The United States objects to the scope of these Requests to the extent they call for documents that are not within the possession, custody or control of the United States Department of Health and Human Services' Center for Medicare and Medicaid Services (CMS).

14.     Subject to and without waiving any objections, where appropriate, the United States will produce information available to CMS through its contracts with Medicare carriers. The United States does not waive any objections to any assertions made by Abbott that those contractors are part of CMS or parties to this action.  The United States does not agree to be bound by the decisions or actions of those contractors.

15.     To the extent that these Requests call for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving any objections, the United States will produce any such documents within its possession, custody or control that are not privileged or otherwise subject to protection, are relevant, or contain information reasonably calculated to lead to the discovery of admissible evidence.

16.     The United States objects to the extent that the Requests seek documents relating to "Equivalent Drugs."  These Requests are vague, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.     The United States objects to each Request to the extent that it seeks information beyond the scope of this litigation and not reasonably calculated to lead to the discovery of

5

admissible evidence.

18.    The United States objects to these Requests as overly broad, vague, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to January 31, 2001.

19.    When the United States responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, the United States does not represent that any such documents or things, in fact, exist or are within its possession, custody, or control.

20.    These general objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and hereby incorporated into each response.  The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the United States' general objections to each Request.

21.    The United States reserves its right to update or supplement its responses and objections to these Requests.

## Objections to Definitions and Instructions

1.    The United States objects to the inclusion of definitions and instructions in the Requests that are neither invoked by nor referenced in any individual Request.  Failure of the United States to object to any particular definition or instruction in this document, particularly definitions and instructions not applicable to these Requests in any way, should not be construed as a waiver of any objection the United States may raise to an identical definition or instruction in responding to discovery requests in this or any other action.

2.      The United States objects to Abbott's definition of  "Communication" in that the terms "any oral or written exchange" of "thoughts or ideas" by "any process" are overly broad and vague.  Further, the United States objects to Abbott's definition of  "Communication" to the extent that it purports to impose discovery obligations broader than the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiving these objections, the United States will look to the descriptive terms included in the Requests themselves to determine the "circumstances" that render a Communication responsive to any Request.

3.      The United States objects to Abbott's definitions of the terms "Concern," "Concerning," "Relating to" and "Relate to" as vague and ambiguous in that the proposed definition, which includes the terms and phrases "embody," "mention," "support," "contradict," "whether directly or indirectly," and "as required by the context to bring within the scope of the requests," is not subject to objective application in identifying responsive information with the reasonable particularity required by Fed. R. Civ. Proc. 34 .

4.       The United States objects to Abbott's definition of "Documents" as overly broad and vague in that the term is defined to include "communications" which Abbott defines by reference to terms that are overly broad and vague.  The United States objects to the inclusion within the term "Documents" materials "which are in the possession of the Carrier" and to any implication in the definitions that Carriers or other payment processing contractors are to be included within the definition of the United States or any particular agency; those contractors are not parties to these actions and, although the United States contracts with Carriers to perform services, and will respond to these Requests by collecting documents available to it through those contracts, the United States does not thereby admit to or agree to be bound by the decisions

7

or actions of those Carriers.  Further, the United States objects to the extent that Abbott's definition purports to impose obligations beyond the requirements of the Federal Rules of Civil Procedure.

5.      The United States objects to Abbott's definition of "Identify."  The definition is overly broad, in that with respect to persons, it seeks current contact information (including personal residences).  Any employees of the United States or its contractors should be contacted through counsel for the United States.  The United States objects to the extent that disclosure of personal information, including home addresses, of any current or former government employee is prohibited under the Privacy Act, 5 U.S.C.A. § 552a.

6.      The United States objects to Abbott's definitions of the terms "You", "Your" and "U.S. Government" as overly broad and vague.  The United States objects to the use of the terms "agents," "representatives," "attorneys" in these definitions as vague and ambiguous.  The United States objects to these definitions to the extent that they encompass any agency, office, employee, agent, representative, officer or contractor of either the Legislative Branch or the Judicial Branch of the United States government and, moreover, to the extent that they are directed at Executive Branch agencies and offices that do not have materials or information relevant to this case or reasonably calculated to lead to the discovery of admissible evidence. Further, the United States objects to the inclusion of the Department of Justice in these definitions to the extent that these Requests call for the production of documents protected from disclosure by privilege or doctrine, including the attorney-client privilege, the law enforcement investigative file privilege, the work product doctrine, the informant's privilege, the law enforcement privilege, the deliberative process privilege, or any other applicable basis for invoking privilege.  Subject to and without waiving these objections, the United States will

8

interpret these terms to mean offices within the Centers for Medicare and Medicaid Services that are reasonably likely to possess responsive information or documents, and the employees of those offices.

7.      The United States objects to Abbott's definition of the term "Medicaid Drug Rebate Program," to the extent that the definition asserts that the Public Health Service 340B Drug Pricing Program is part of the Medicaid Drug Rebate Program.

8.      The United States objects to Abbott's Instruction Number 1 that the "requests are not limited to documents in possession of the United States Department of Health and Human Services," but include "documents in the possession of the United States Government's executive, administrative, and legislative offices," as well as "all Medicare Carriers and Medicaid Fiscal Intermediaries."  With respect to "Medicaid Fiscal Intermediaries," to the extent that any state used a contractor to administer or assist in the administration of its Medicaid program, it was pursuant to a contract or agreement between such contractor and a state agency and not the U.S. Government.  The United States adopts and incorporates by reference, its General Objection number 15 and its objections to Abbott's definitions of "Documents" and "U.S. Government" in response to Instruction Number 1.

## Documents Requested

### *Category 1:  General*

1.      All Documents mentioned in or referred to in preparing Your response to any set of interrogatories or requests for admission served by Abbott in this case.

Response:      Objection, the Request calls for the production of material protected by the attorney work-product doctrine and the attorney-client privilege.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and

instructions, the United States will produce responsive, non-privileged, documents to the extent that it elects to produce records in lieu of answering an interrogatory pursuant to Fed. R. Civ. Proc. 33(d).

2.      For the period January 1, 1980 to the end of the Relevant Claim Period, Documents, such as current or historical organizational charts, sufficient to identify all individuals involved in establishing the methodologies, policies, and procedures used in determining payment of drugs under Medicare Part B.

Response:      Objection, to the extent that this Request is overly broad, vague or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce responsive, non-privileged, documents that fall within this category in a mutually convenient format and manner to be agreed upon by the parties.

3.      For the period January 1, 1980 to the end of the Relevant Claim Period, Documents, such as current or historical organizational charts, sufficient to identify all individuals involved in establishing the methodologies, policies, and procedures used in determining payment of drugs under Medicaid.

Response:      Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce responsive, non-privileged, documents that fall within this category in a mutually convenient format and manner to be agreed upon by the parties.

10

4.      For the period January 1, 1980 to the end of the Relevant Claim Period, Documents, such as current or historical organizational charts, sufficient to identify all individuals involved in establishing the price at which the U.S. Government (e.g., VA, Department of Defense) purchased drugs directly or indirectly from Manufacturers, distributors, or wholesalers.

> Response:      Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce responsive, non-privileged, documents which relate to the Centers for Medicare and Medicaid Services in a mutually convenient format and manner to be agreed upon by the parties.

5.      For the period January 1, 1980 to the end of the Relevant Claim Period, Documents, such as current or historical organizational charts, sufficient to identify all individuals involved in establishing the price at which state governments purchased drugs directly or indirectly from Manufacturers, distributors, or wholesalers.

> Response:      Objection, to the extent that this Request is overly broad, vague, seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and, on it face, calls for the production of organization charts for "state governments," and not within the possession, custody, or control of the U.S. Government.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce responsive, non-privileged, documents which relate to the Centers for

11

Medicare and Medicaid Services in a mutually convenient format and manner to be agreed upon by the parties.

***Category 2:  Claims Data and Processing***

6.      For each Medicare and Medicaid transaction during the Relevant Claim Period relating to the Subject Drugs and Equivalent Drugs, complete claims data with related field definitions, data dictionaries, source tables, relationship tables, and business rules for all populations for which damages are being alleged.  This data is requested in electronic form used by SQL Server, Microsoft Access, Microsoft Excel, or a delimited file that can be readily uploaded into one of those programs.  The complete claims data requested includes all fields, other than individual patient identifiers, contained on the Provider's claim submission and all additional fields added to process the claim, including:

(a)      Identifier:  claim number, sequence number representing each line item of the claim, and other identifying information;

(b)      Claim Type:  physician supplier, outpatient hospital, physician crossover, etc.;

(c)      Transaction Type:  all available transaction type information, such as correction, cancellation, etc., identifiers, and source transaction information (e.g., if one claim corrects another claim, information about which claim is being corrected);

(d)      Status:  all status information, including the payment code indicating whether the claim has been accepted, processed, and/or paid and the type of program the claim will be processed under (e.g., Medicaid, Managed Care, etc.);

(e)      Dates:  all available dates, including the date service was provided, the date the claim was received, and the date the claim was paid;

(f)      Basis of payment: coding within the claim payment transaction which identifies

12

the reference point from which the claim payment amount is determined (e.g., AWP, usual & customary);

(g)     Provider:  all information for all relevant Providers, including Provider type (e.g., hospital, retail pharmacy, etc.), number, name, address, contact information, and area/field of practice (where relevant);

(h)     Product:  all product information, including:

(i)     HCPCS code where applicable;

(ii)    NDC whenever available, including where available for non-pharmacy claims (e.g., from memo field, supplemental provider submissions and/or HCPCS code translations).  Provide all 11 digits (do not drop leading or trailing 0's) and ideally in three separate fields – labeler (first five digits), product (next four digits) and package size (final two digits);

iii)    Name;

(iv)    Type (e.g., single source, multi-source);

(v)     Therapeutic class; and

(vi)    Related items like diagnosis codes, place of service, and type of service (where relevant).

(i)     Units:  all units information with decimals in the correct position, including submitted units, allowed units, and unit of measure (e.g., capsule vs. bottle, milliliter, etc.);

(j)     Other Data for Payment:  any other data used to determine the amount of the payment not listed above (e.g., channel of procurement, etc.);

(k)     Payments:  all fields related to billed amounts, payment limit amounts, allowed amount, and actual amounts paid along with the bases for the payment, all with decimals in the

13

correct position, including:

        (i)       Drug cost (basis of payment might include EAC, FUL, MAC, Billed Amount, Charges, Cost, AWP, WAC, etc.);

        (ii)      Dispensing fee;

        (iii)    Service administration fee (e.g., provider service fees);

        (iv)    Any other payment amount (e.g., inventory management fee/profit factor, delivery fee, generic incentive fee, etc.); and

        (v)     Any amounts used to reduce amount paid (e.g., payments received from other payors and the number, name, and other information associated with such payors).

        (l)      Comments:  all other memo or free-form fields (e.g., Item 19 of the HCFA-1500).

        <u>Response</u>:     Objection, to the extent that this Request is overly broad, vague, burdensome, or seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

        7.      For each year and for each time within each year that a calculation was made, all Documents concerning how each Medicare Carrier calculated the median AWP or, when applicable, the "lowest branded AWP" for the Subject Drugs.  See 42 C.F.R. 405.517(c).

        <u>Response</u>:     The United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  Subject to and without

14

waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

8.      For each year and for each time within each year that a calculation was made, all Documents concerning how each Medicare Carrier and Medicaid Intermediary determined payment amounts for the Subject Drugs and the Equivalent Drugs.

Response:      Objection, to the extent that to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case  or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

15

9.      For each Medicare and Medicaid claim You allege to have been inflated and for which You are seeking damages or statutory penalties, all Documents concerning how You determined the Provider's actual acquisition cost and/or the amount by which the claim was inflated.

> Response:      Objection, to the extent that this Request seeks documents protected by the attorney work-product doctrine and attorney-client privilege.  Objection, to the extent that this Request is premature because the United States will rely on documents and material requested from, but not yet produced by, Abbott to determine the actual acquisition costs for Abbott's drugs and the amounts by which Abbott inflated the reported prices upon which payment amounts were based.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.

10.     All drug fee schedules concerning the Subject Drugs and the Equivalent Drugs, including all updates, revisions, or corrections.

> Response:      Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce Medicare Part B drug fee schedules for the subject drugs on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

11.     To the extent not requested above, all Documents that reflect the losses, damages,

or alleged overpayments made by the U.S. Government as a result of Abbott's alleged conduct.

<u>Response</u>:     Objection, to the extent that this Request is overly broad and vague.

Objection, to the extent that this Request is premature because the United States will rely

on documents and material requested from, but not yet produced by, Abbott to determine

the actual acquisition costs for Abbott's drugs and the amounts by which Abbott inflated

the reported prices upon which payment amounts were based.  Subject to and without

waiving its specific and general objections, and objections to Abbott's definitions and

instructions, the United States will produce documents that fall within this category

regarding any matter not privileged and that are relevant to the claims and defenses in this

case or which may lead to the discovery of admissible evidence.  The documents will be

produced on a rolling basis in a mutually convenient format and manner to be agreed upon

by the parties.

12.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents

relating to any Communications between the U.S. Government and Medicare Carriers, State

Medicaid Programs, Medicaid Intermediaries, NAMFCU, MFCUs, the National Association of

State Medicaid Directors, or the National Governors Association concerning the methodologies,

policies, and procedures to be used in determining payment for drugs under Medicare Part B or

Medicaid, including but not limited to Medicare Part B Newsletters, Program Memoranda,

National Coverage Decisions, Local Medical Review Policies, Bulletins, meetings, seminars,

circulars, governmental reports, or any transmission of data.

<u>Response</u>:     Objection, to the extent that this Request is overly broad and vague.

Objection, to the extent this Request relates to communications from the United States to

the National Association of Medicaid Fraud Control Units (NAMFCU) and state Medicaid

17

Fraud Control Units (MFCUs), the Request seeks material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that requested material is protected by the attorney work-product doctrine, the joint prosecution/common interest doctrine and the law enforcement investigative files privilege.  With respect to communications with offices, agencies, or entities other than the NAMFCU and the MFCUs, subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce additional documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

13.    All State Medicaid Program plans, under 42 U.S.C. § 1396(a), and other documents concerning how Medicaid Intermediaries or State Medicaid Programs calculated or determined payment amounts for the Subject Drugs or the Equivalent Drugs, including all policy and procedure manuals, proposals, drafts, and working papers.

Response:    Objection, to the extent this Request seeks "proposals, drafts, and working papers," it is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state

18

contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests. Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which are reasonably calculated to lead to the discovery of admissible evidence. The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

14.    To the extent not requested above, all Documents concerning the methodologies, policies, and procedures to be used in determining payment for drugs under Medicare Part B or Medicaid. Such documents should include the source (e.g., Red Book, Blue Book, Medispan) of AWP, WAC, or other figure if reimbursement was based on such figures.

Response:    Objection, to the extent that this Request is overly broad and vague. Subject to the specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures. Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce additional documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence. The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

19

15.     All Documents concerning how State Medicaid Programs paid 340B Providers for supplying or administering drugs to Medicaid beneficiaries.

> Response:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

16.     For each quarter during the Relevant Claim Period, Documents sufficient to identify the Federal Medical Assistance Percentage ("FMAP") applicable to each State Medicaid Program.

> Response:      Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce additional documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

17.     For each quarter during the Relevant Claim Period, Documents sufficient to show

how Medicare Carriers or Medicaid Intermediaries calculated any FUL applicable for the Subject Drugs or the Equivalent Drugs.

> <u>Response</u>:    Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents that are protected by the deliberative process privilege.  Objection, to the extent that the Request asserts that a FUL has application within the Medicare program.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce documents relating to Abbott's drugs regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

18.    From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning any audit, report, study, analysis, or survey (whether completed or not) concerning the differences in the amounts that Medicare Carriers or Medicaid Intermediaries paid for the Subject Drugs or Equivalent Drugs under Medicare Part B or Medicaid, including but not limited to all Documents concerning differences in how Medicare Carriers or Medicaid Intermediaries

21

calculated the median AWP or "lowest branded AWP."  <u>See</u> 42 C.F.R. 405.517(c).

> <u>Response</u>:      Objection, to the extent that this Request is overly broad, vague, and
>
> unduly burdensome.  Objection, to the extent that this Request seeks information
>
> protected from disclosure by the deliberative process privilege.  Subject to and without
>
> waiving its specific and general objections, and objections to Abbott's definitions and
>
> instructions, the United States will produce documents that fall within this category
>
> regarding any matter not privileged and that are relevant to the claims and defenses in this
>
> case or which may lead to the discovery of admissible evidence.  The documents will be
>
> produced on a rolling basis in a mutually convenient format and manner to be agreed upon
>
> by the parties.

### *Category 3:  Government Drug Payment Analyses and Contracts*

19.      From January 1, 1965 to the end of the Relevant Claim Period, all

Communications involving any Person working for or on behalf of the U.S. Government, any

state government or State Medicaid Program, MedPac, NAMFCU or any MFCU, any Provider,

any Publisher, or any Manufacturer concerning (i) the methodologies, policies, and procedures to

be used in determining payment for drugs under Medicare Part B or Medicaid, (ii) drug pricing,

or (iii) the acquisition costs of Providers for drugs.

> <u>Response</u>:      Objection, to the extent that this Request is overly broad, vague, and
>
> unduly burdensome.  Objection, to the extent that portions of the Request are
>
> unnecessarily cumulative and duplicative of the Requests appearing under Abbott's
>
> caption "Category 2: Claims Data and Processing."   Subpart iii of the Request seeks
>
> documents that are neither relevant to the claims or defenses of any party nor reasonably
>
> calculated to lead to the discovery of admissible evidence.

22

20.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents relating to any report, memorandum, audit, study, analysis, or survey (whether completed or not) concerning (i) the methodologies, policies, and procedures to be used in determining reimbursement for drugs under Medicare Part B or Medicaid, (ii) drug pricing, or (iii) the acquisition costs of Providers for drugs, including but not limited to the reports included on the attached Schedule A.

Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

21.     Documents, such as distribution lists, sufficient to show every Person who was sent or received any of the reports identified in response to Request No. 20, including but not limited to those listed on Schedule A.

Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

22.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents that mention, refer to, or discuss the relationship between AWP, WAC, List Price, Direct Price or any other figure and (i) the actual or average acquisition cost of Providers and/or (ii) the amount paid by Medicare Part B or Medicaid.

23

Response:    Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents that are protected by the deliberative process and attorney-client privileges.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

23.    All Documents identified in Attachment B to Joan M. Hollenbach's February 20, 2004 letter to Joshua T. Buchman, Esq. (copy attached at Tab 1).

Response:    Objection, to the extent that this Request seeks documents that are protected by the deliberative process privilege.  Objection, to the extent that the Request seeks documents that may be in the possession, custody or control of the General Accounting Office, not the Centers for Medicare and Medicaid Services.  Objection, the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

24.    All Documents concerning the revised AWP data referred to in Program Memorandum AB-00-86, An Additional Source of Average Wholesale Price Data in Pricing Drugs and Biologicals Covered by the Medicare Program, including all drafts, working papers, transmittal letters, notes, edits, and supporting data.

Response:    Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents protected by the deliberative process privilege. Objection, to the extent that the Request seeks documents that are neither relevant to the

24

claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

25.     From any time period, all Documents from the files of the following individuals concerning drug pricing, drug reimbursement under Medicare or Medicaid, or the actual or average acquisition costs of Providers:

(a)     Dr. Bruce Vladeck (CMS);

(b)     Dr. Donna E. Shalala (CMS);

(c)     Thomas A. Scully (CMS);

(d)     Robert Neiman (CMS/HCFA);

(e)     Gail Wilensky (CMS/HCFA);

(f)     Kathleen Buto (CMS/HCFA);

(g)     Bernie Patashnek (CMS/HCFA);

(h)     Stanley Weintraub (CMS/HCFA);

(i)     Tom Ault (CMS/HCFA);

(j)     Charles Booth (CMS/HCFA);

(k)     Ira Burney (CMS/HCFA);

(l)     Mike Hash (CMS/HCFA);

(m)     Richard Kucerow (HHS-OIG);

(n)     Dr. Barton McCann (HHS-OIG);

(o)     June Gibbs Brown (HHS-OIG);

(p)     Dr. Jack Hoadley (HHS/HCFA);

(q)     Mark B. McClellan (CMS);

(®)     Peter Rodler (CMS/HCFA);

25

(s)     Robert Helms (HHS);

(t)     Don Hearn (CMS/HCFA);

(u)     J.D. Sconce (CMS/HCFA);

(v)     Nancy Saltzman (CMS/HCFA);

(w)     Lawrence L. McDonough (CMS/HCFA);

(x)     Loius B. Hays (CMS/HCFA);

(y)     Carol Walton (CMS/HCFA);

(z)     Frank J. Camozzi (CMS/HCFA);

(aa)    Dr. Grant E. Steffen (CMS/HCFA);

(bb)    Grace Witles (CMS/HCFA); and

(cc)    Nancy-Ann Min DePerle (HHS).

Response:      Objection, to the extent that this Request is overly broad, vague, unduly

burdensome, or seeks documents protected by the deliberative process privilege.

Objection, to the extent that the Request seeks documents that are neither relevant to the

claims or defenses of any party nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its specific and general objections,

and objections to Abbott's definitions and instructions, the United States reserves the right

to further respond to this request and may supplement the response based upon

consultation with counsel for Abbott.

26.     All Documents concerning or referring to December 13, 1997 remarks by

President William Jefferson Clinton regarding the systematic overpayment for prescription drugs,

including but not limited to all Documents relied upon or referenced in Mr. Clinton's remarks.

See White House Office of Press Secretary, Remarks by the President in Radio Address to the

Nation (Dec. 13, 1997).

Response:      Objection, to the extent that this Request is overly broad, vague, unduly

burdensome, or seeks documents that are neither relevant to the claims or defenses of any party

nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the

extent that the Request seeks documents protected by the attorney-client and deliberative process

privileges.

27.      To the extent not requested above, from January 1, 1965 to the end of the Relevant

Claim Period, all Documents concerning the meaning and calculation of AWP, WAC, EAC, List

Price or Direct Price and/or the decision of whether to use AWP, WAC, EAC, List Price or Direct

Price in calculating payment under Medicare Part B or Medicaid.

Response:      Objection, to the extent that this Request is overly broad, vague, unduly

burdensome, duplicative and cumulative of other Requests, or seeks documents that are

neither relevant to the claims or defenses of any party nor reasonably calculated to lead to

the discovery of admissible evidence.  Objection, to the extent that the Request seeks

documents protected by the deliberative process privilege.  Objection, to the extent that

any non-privileged, responsive documents are publicly available and thus equally

accessible to both parties.  Subject to and without waiving its specific and general

objections, and objections to Abbott's definitions and instructions, the United States

reserves the right to further respond to this request and may supplement the response

based upon consultation with counsel for Abbott.

28.      All Documents concerning the meaning of AMP; the calculation of AMP; the

relationship of AMP to AWP, WAC, EAC, List Price or Direct Price; and/or the decision of

whether to use AMP in calculating reimbursement under Medicare Part B or Medicaid.

27

Response:        Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents protected by the deliberative process privilege.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to the extent that this Request and may supplement the response based upon consultation with counsel for Abbott.

29.     To the extent not requested above, from January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning why Medicare Part B and Medicaid did not use Providers' actual acquisition cost in calculating payment under Medicare Part B and/or Medicaid.

Response:        Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks information or documents which are protected by the deliberative process privilege.  Objection, to the extent any non-privileged responsive documents are publicly available and thus equally accessible to both parties.

30.     From January 1, 1965 to the end of the Relevant Claim Period, all Communications between HCFA/CMS, HHS, or HHS-OIG and VA, CHAMPUS/Tricare Department of Defense, or any 340B Provider concerning the payment, purchase price, or expenditure of VA, CHAMPUS/Tricare, Department of Defense, or any 340B Provider for the Subject Drugs.

Response:        Objection, to the extent that this Request is overly broad, vague, unduly

28

burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

31.     To the extent not requested above, copies of all Federal Supply Schedules listing the Subject Drugs.

Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

32.     To the extent not requested above, all pricing data received or calculated by the U.S. Government or its agents concerning AMP, Best Price, Medicaid Unit Rebate Amount, Non-Federal Average Manufacturers Price, Federal Ceiling Price, Medicare Average Selling Price, or Average Selling Price Provided Under a Corporate Integrity Agreement.

Response:     Objection, to the extent that this Request seeks confidential proprietary information concerning other pharmaceutical manufacturers.  Objection, to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

33.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents relating to any report, memorandum, audit, study, analysis, or survey (whether completed or not) concerning the adequacy of reimbursement of professional services associated with the

29

dispensing or administration of drugs under Medicare Part B or Medicaid.

> Response:   Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.
>
> Objection, to the extent that the Request seeks documents protected by the deliberative
>
> process privilege.

34.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents
concerning whether the payment formula for the drug ingredient cost could serve as a means of
subsidizing, or as a means of offsetting perceived or asserted under-reimbursement for,
professional services associated with the dispensing or administration of drugs under Medicare
Part B or Medicaid, or as a mechanism to encourage treatment outside of the hospital setting.

> Response:   Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.
>
> Objection, to the extent that the Request seeks documents protected by the deliberative
>
> process privilege.

35.     All Documents concerning any increase in Medicare Part B reimbursement for
professional services associated with the dispensing or administration of drugs, including but not
limited to Documents relating to the increase in the administration fee associated with the
Medicare Modernization Act.

> Response:   Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.

Objection, to the extent that the Request seeks documents protected by the deliberative process privilege.

36.      From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning whether the payment formula for the drug ingredient cost could serve as a means of ensuring equal access to care for Medicaid beneficiaries under 42 U.S.C. § 1396a(a)(30).

Response:      Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents protected by the deliberative process privilege.

**Category 4:  HHS Regulations and Prior Determinations**

37.      From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning the promulgation of any contemplated, proposed, or actual federal legislation, regulation, or policy concerning payment for drugs under Medicare or Medicaid, including any comments, suggestions, criticisms, surveys, studies, or data related to such legislation, regulation, or policy, including but not limited to those listed on the attached Schedule B.

Response:      Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks information or documents which are publicly available and thus equally accessible to both parties.  Objection, to the extent the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the deliberative process and attorney-client privileges.

38.      All Documents relating to actions taken or considered by You to change the

methodology to pay for drugs under Medicare Part B or Medicaid after becoming aware that
AWP exceeded the average acquisition costs of Providers for drugs, including the Subject Drugs.

> Response:       Objection, to the extent that this Request is overly broad, vague, unduly
> burdensome or seeks information or documents which are publicly available and thus
> equally accessible to both parties.   Objection, to the extent that the Request seeks
> documents that are neither relevant to the claims or defenses of any party nor reasonably
> calculated to lead to the discovery of admissible evidence.   Objection, to the extent that
> the Request seeks documents protected by the attorney work-product doctrine and the
> deliberative process and attorney-client privileges.

39.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents
concerning the purpose, motive, or policy behind establishing the FUL program.

> Response:       Objection, to the extent that this Request is overly broad, vague, unduly
> burdensome or seeks information or documents which are publicly available and thus
> equally accessible to both parties.   Objection, to the extent that the Request seeks
> documents that are neither relevant to the claims or defenses of any party nor reasonably
> calculated to lead to the discovery of admissible evidence.  Objection, to the extent that
> the Request seeks documents protected by the deliberative process and attorney-
> client privileges.

40.     All Documents or Communications concerning why no FUL was calculated for
one or more of the Subject Drugs.

> Response:       Objection, to the extent that this Request is unduly vague.  Objection, to
> the extent that the Request seeks documents that are neither relevant to the claims or
> defenses of any party nor reasonably calculated to lead to the discovery of admissible

evidence.  Objection, to the extent that the Request seeks documents protected by the

deliberative process and attorney-client privileges.  Subject to and without waiving its

specific and general objections, and objections to Abbott's definitions and instructions, the

United States will produce documents that fall within this category regarding any matter

not privileged and that are relevant to the claims and defenses in this case or which may

lead to the discovery of admissible evidence.  The documents will be produced on a

rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

41.     All Documents concerning the purpose, motive, or policy behind establishing the

MAC program.  See Program Memorandum AB-02-174 (Dec. 3, 2002).

Response:     Objection, to the extent that this Request is overly broad, vague, unduly

burdensome, vague, or seeks information or documents which are publicly available and

thus equally accessible to both parties.   Objection, to the extent that the Request seeks

documents that are neither relevant to the claims or defenses of any party nor reasonably

calculated to lead to the discovery of admissible evidence.  Objection, to the extent the

Request seeks documents protected by the deliberative process and attorney-client

privileges.

42.     All Documents concerning the purpose, motive, or policy behind establishing the

Single Drug Pricer methodology.  See Program Memorandum AB-02-174 (Dec. 3, 2002).

Response:     Objection, to the extent that this Request is overly broad, vague, unduly

burdensome or seeks information or documents which are publicly available and thus

equally accessible to both parties.  Objection, to the extent that the Request seeks

documents that are neither relevant to the claims or defenses of any party nor reasonably

calculated to lead to the discovery of admissible evidence. Objection, to the extent that the

33

Request seeks documents protected by the deliberative process and attorney-client privileges.

43.    All Documents concerning the Louisiana HHS Medicaid Determination and Appeal, including but not limited to:

(a)    a full and complete copy of the administrative record;

(b)    a full and complete copy of the record on appeal, including all documents sent to HHS by the Fifth Circuit on or about August 24, 1990;

(c)    all briefs, exhibits, appendices, and transcripts of oral argument;

(d)    all Documents specifically referenced in the brief filed by HHS filed on January 12, 1990 (attached at Tab 2) ("HHS Brief");

(e)    all Documents concerning the Task Force appointed to review prescription drug reimbursement (as referenced on page 11 of the HHS Brief);

(f)    all Documents concerning HCFA's exploration of alternative data sources for use in determining acquisition costs (as referenced on page 11 of the HHS Brief);

(g)    all Documents concerning HCFA's advice to states of the problems with AWP and suggestions for alternatives following the issuance of the June 1984 OIG Report (as referenced on page 11 of the HHS Brief);

(h)    all Documents sufficient to show or concerning to whom HCFA sent copies of the June 1984 OIG Audit Report in September 1984, including all of the state Medicaid agencies to which the report was sent (as referenced on page 11 of the HHS Brief);

(i)    all Documents concerning reviews conducted by HCFA regional offices, including the HCFA regional office for Region VI (comprising Arkansas, Louisiana, New Mexico, Oklahoma, and Texas), regarding pharmacy purchase prices (as referenced on page 12 of the

34

HHS Brief);

(j)      all Documents concerning region-level work groups convened by HCFA regional offices (including the HCFA regional office for Region VI) in or about November 1984 and January 1995 to examine the use of AWP and to develop alternative methods that could be used in arriving at more accurate estimates (as referenced on page 12 of the HHS Brief);

(k)      all Documents concerning, including notes and documents sufficient to show the participants in, the September 4, 1985 conference call held between senior HCFA central office officials and the ten HCFA regional office administrators estimates (as referenced on page 12 of the HHS Brief); and

(l)      all data, mathematical and statistical computations, comparisons, and other pertinent records submitted by states to HCFA in support of the establishment of an EAC as required by federal regulations estimates (as referenced on page 31 of the HHS Brief).

Response:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the deliberative process and attorney-client privileges.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

44.   All Documents concerning the Arkansas HHS Medicaid Determination, including but not limited to:

(a)      a full and complete copy of the administrative record;

35

(b)      a full and complete copy of the record on appeal;

(c)      all briefs, exhibits, appendices, and transcripts of oral argument;

(d)      all Documents specifically referenced (as Exhibits) in the HHS Department Appeal Board's August 22, 1991 decision (Decision No. 1273) (attached at Tab 3) and April 29, 1992 decision (Decision No. 1329) (attached at Tab 4);

(e)      all Documents concerning the audit conducted in 1983 by the HHS Office of the Inspector General in six states finding that pharmacists' drug costs averaged approximately 16% below AWP (as referenced in Decision No. 1273);

(f)      all Documents concerning HCFA's September 20, 1998 notice that it disapproved of State Plan Transmittal No. 88-05 (as referenced in Decision No. 1273); and

(g)      all Documents concerning the survey conducted by Myers and Stauffer for the state of Arkansas (as referenced in Decision No. 1273).

> Response:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the deliberative process and attorney-client privileges.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

45.    All Documents concerning the Oklahoma HHS Medicaid Determination, including but not limited to:

(a)      a full and complete copy of the administrative record;

36

(b)    a full and complete copy of the record on appeal;

(c)    all briefs, exhibits, appendices, and transcripts of oral argument;

(d)    all Documents specifically referenced (as Exhibits) in the HHS Department

Appeals Board's August 13, 1991 decision (Decision No. 1271) (attached at Tab 5);

(e)    all Documents concerning the federal audit conducted in six states finding that

pharmacists' drug costs averaged approximately 16% below AWP (as referenced in Decision No.

1271); and

(f)    all Documents concerning the subsequent HCFA review of pharmacists' drug costs

in Oklahoma in 1984 (as referenced in Decision No. 1271).

> Response:    Objection, to the extent that this Request seeks documents that are neither
>
> relevant to the claims or defenses of any party nor reasonably calculated to lead to the
>
> discovery of admissible evidence.  Objection, to the extent that the Request seeks
>
> documents protected by the attorney work-product doctrine and the deliberative process
>
> and attorney-client privileges.  Subject to and without waiving its specific and general
>
> objections, and objections to Abbott's definitions and instructions, the United States
>
> reserves the right to further respond to this Request and may supplement the response
>
> based upon consultation with counsel for Abbott.

46.    All Documents concerning the Texas HHS Medicaid Determination, including but

not limited to:

(a)    a full and complete copy of the administrative record;

(b)    a full and complete copy of the record on appeal; and

(c)    all briefs, exhibits, appendices, and transcripts of oral argument.

> Response:    Objection, to the extent that this Request is vague or seeks documents that

are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the deliberative process and attorney-client privileges.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

47.     To the extent not requested above, all Documents concerning any administrative or judicial proceeding involving actual or threatened action by CMS/HCFA to disapprove a State Medicaid plan or plan amendment, or disallow federal financial participation, due to provisions regarding drug payment.

Response:     Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the deliberative process and attorney-client privileges.

48.     All Documents concerning any decision to approve or disapprove a State Medicaid plan using a managed care program to control the cost of Medicaid payments for drugs.

Response:     Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine, and the deliberative process and attorney-client privileges.

38

49.     To the extent not requested above, all Documents concerning any administrative or judicial proceeding regarding the use of AWP or WAC in a methodology for drug payment under Medicare B or Medicaid.

> Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the deliberative process and attorney-client privileges.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

50.     All Documents relating to a town hall-style meeting held in Bucks County, Pennsylvania in September 2002 involving Representative James C. Greenwood (R-PA) and CMS Administrator Thomas A. Sculley at which the topic of drug payment under Medicare was discussed, including but not limited to any recordings, attendance lists, agendas, notes, or data.

> Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that the Request seeks documents protected by the deliberative process privilege.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation

39

with counsel for Abbott.

### Category 5:  Medicaid Drug Rebate Program

51.    All Documents concerning the purpose, motive, or policy behind establishing the Medicaid Drug Rebate Program.

> Response:        The Medicaid Drug Rebate Program ("Program") was created pursuant to a
>
> federal statute, 42 U.S.C. § 1396r-8.  Accordingly, Congress' purpose, motive, or policy
>
> behind establishing the Program can be determined by reference to the publicly available
>
> legislative history.  Objection, to the extent that this Request is unduly burdensome and
>
> seeks information or documents which are publicly available and thus equally accessible
>
> to both parties.  Objection, to the extent that the Request seeks documents that are neither
>
> relevant to the claims or defenses of any party nor reasonably calculated to lead to the
>
> discovery of admissible evidence.

52.    For the Subject Drugs and Equivalent Drugs, all Communications concerning the reporting of AMP in connection with the Medicaid Drug Rebate Program between and among Manufacturers, the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary, as well as Documents sufficient to identify which Persons within the U.S. Government received AMP information for the Subject Drugs and Equivalent Drugs.

> Response:        Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.  To the
>
> extent that this Request calls for the production of documents in the possession, custody or
>
> control of "Medicaid Fiscal Intermediaries," other state contractors, or from state
>
> Medicaid agencies, which are not in the possession, custody or control of the U.S.

Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce non-privileged, responsive documents that relate to prices reported by Abbott in connection with the Medicaid Drug Rebate Program for the Subject Drugs.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

53.     Documents sufficient to identify the amounts received each year by each state under the Medicaid Drug Rebate Program for the Subject Drugs and Equivalent Drugs.

Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce additional documents that fall within this category relating to Abbott's drugs that are not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties

54.     Documents sufficient to identify all Persons who had access to or actual knowledge of the AMPs for the Subject Drugs.

Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

41

55.     All Documents that reflect any supplemental or additional rebates (i.e., a rebate other than provided for under the Medicaid Drug Rebate Program) requested or received from any Manufacturer, including any legislative or regulatory proposal regarding supplemental or additional rebates from any Manufacturer.

Response:     Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents that are not in the possession, custody, or control of the Center for Medicare and Medicaid Services.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

### Category 6: Relator/Ven-A-Care

56.     The disclosure statement filed by Ven-A-Care pursuant to 31 U.S.C. § 3730(b)(2), as well as Documents sufficient to identify which Persons within the U.S. Government, any State Medicaid Program, NAMFCU, any MFCU, any Medicare Carrier, and/or any Medicaid Intermediary received either that document or the Ven-A-Care Complaint, and when and under what circumstances such Persons received those documents.

Response:     Objection, to the extent that this Request seeks a document which is protected by the law enforcement investigative file privilege, as well as the False Claims Act, which provides that a relator's statement of material evidence is not a public document and is provided to the Government under seal to assist its investigation. Moreover, it is protected by privileges that may be asserted by relator, and accordingly, to

the extent that the United States possesses the document, it is protected by the joint

prosecution/common interest doctrine.  Objection, to the extent that the Request seeks

documents that are neither relevant to the claims or defenses of any party nor reasonably

calculated to lead to the discovery of admissible evidence.  Also, the United States objects

to this Request to the extent that it states that disclosure statements are "filed."  The

statements are not filed in any court, rather, they are served on the Attorney General

pursuant to 31 U.S.C. § 3730(b)(2).

57.     From any time period, all disclosure statements filed by Ven-A-Care in any state

or federal qui tam action.

Response:     Objection, to the extent that this Request seeks documents that relate to

matters, if any exist, under seal and which are protected by the law enforcement

investigative files privilege, as well as the False Claims Act, which provides that a

relator's statement of material evidence is not a public document and is provided to the

Government under seal to assist its investigation.  Moreover, it is protected by privileges

that may be asserted by relator, and accordingly, to the extent that the United States

possesses such documents, they are protected by the joint prosecution/common interest

doctrine.  Objection, to the extent that the Request seeks documents that are neither

relevant to the claims or defenses of any party nor reasonably calculated to lead to the

discovery of admissible evidence.   Also, the United States objects to this Request to the

extent that it states that disclosure statements are "filed."  The statements are not filed in

any court, rather, they are served on the Attorney General pursuant to 31 U.S.C. §

3730(b)(2).

58.     From any time period, all qui tam complaints or disclosure statements pursuant to

43

31 U.S.C. § 3730(b)(2) provided to the U.S. Government or any state government relating to payment of drugs under Medicare Part B or Medicaid, as well as Documents sufficient to identify which Persons within the U.S. Government, state governments, Medicare Carriers, and Medicaid Intermediaries received those documents, and when and under what circumstances such Persons received those documents.

> Response:    Objection, to the extent that this Request seeks documents that relate to matters, if any exist, under seal and which are protected by the law enforcement files privilege, as well as the False Claims Act, which provides that a relator's statement of material evidence is not a public document and is provided to the Government under seal to assist its investigation.  Moreover, disclosure statements are protected by privileges that may be asserted by relator, and accordingly, to the extent that the United States possesses any such documents, they are protected by the joint prosecution/common interest doctrine. Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that qui tam complaints are no longer under seal by court order and are thus publicly available, they are equally accessible to Abbott.

59.    From any time period, all Communications between Ven-A-Care and the U.S. Government concerning the prices paid by Providers for drugs and/or payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.

> Response:    Objection, to the extent that this Request seeks documents which are protected by the joint prosecution/common interest doctrine and the attorney-client or law enforcement investigative file privileges.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably

calculated to lead to the discovery of admissible evidence.

60.     From any time period, all Communications between Ven-A-Care and the U.S. Government concerning Ven-A-Care's efforts to persuade the U.S. Government to intervene in any drug pricing litigation.

> Response:     Objection, to the extent that this Request seeks documents which are protected by the attorney work-product and joint prosecution/common interest doctrines and the law enforcement investigative file privilege.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

61.     All Communications referenced in an October 2, 1996 letter from Ven-A-Care to Dr. Bruce Vladeck (attached at Tab 6), and all Documents relating to that document and to those Communications.

> Response:     Objection, to the extent that this Request is unduly vague and, to the extent it, seeks reports that are publicly available and as easily accessible by Abbott.  Objection, to the extent this Request calls for the production of documents protected by the attorney work-product doctrine, the joint prosecution/common interest doctrines and the attorney-client privilege.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

62.     Documents sufficient to identify which Persons, including Persons within the U.S.

45

Government, any state government, or any Medicare Carrier or Medicaid Intermediary, received the October 2, 1996 letter from Ven-A-Care to Dr. Bruce Vladeck (attached at Tab 6) or any similar letter provided to a different addressee.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States reserves the right to further respond to this request and may supplement the response based upon consultation with counsel for Abbott.

> Response:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent this Request calls for the production of documents protected by the attorney work-product doctrine, the joint prosecution/common interest doctrines and the attorney-client privilege.   To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

63.      From any time period, all Communications between Ven-A-Care and any State Medicaid Program, any MFCU, any Medicare Carrier or Medicaid Intermediary, or any state governmental agency, entity, employee, consultant, or attorney concerning the prices paid by Providers for drugs and/or payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.

> Response:      Objection, to the extent that this Request calls for the production of documents that are not within the possession, custody, or control of the United States.

46

Objection, to the extent that the Request seeks documents which are protected by privileges held by relator and other entities which have not been waived, pursuant to the joint prosecution/common interest and attorney work-product doctrines and the attorney-client privilege.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

64.     From any time period, all Communications between Ven-A-Care and any Publisher concerning the prices paid by Providers for drugs and/or the payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.

Response:      Objection, to the extent that this Request calls for the production of documents that are not within the possession, custody, or control of the United States. Objection, to the extent that the Request seeks documents which are protected by privileges held by relator and other entities which have not been waived, pursuant to the joint prosecution/common interest and attorney work-product doctrines and attorney-client privilege.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

65.     All pleadings or other Documents filed in United States ex rel. Ven-A-Care vs.

47

Abbott Labs., et al., Case No. 95-1354-CIV-GOLD, United States District Court for the Southern District of Florida.

> Response:      Objection, to the extent that this Request is cumulative and duplicative of other Requests and calls for the production of documents previously produced to Abbott. Objection, to the extent that this Request calls information filed under seal pursuant to statute or court order.  Objection, to the extent that the Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

### *Category 7:  Medicare Carriers and Medicaid Intermediaries*

66.      Documents sufficient to identify all Medicare Carriers, as well as the time period and geographical areas for which they served, including name, address, and contact information.

> Response:      Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

67.      Documents sufficient to identify all Medicaid Intermediaries and any other vendor used by State Medicaid Programs in connection with the payment of drugs, as well as the time period and geographical areas for which they served, including name, address, and contact information.

> Response:      To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors,

48

or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

68.    Documents sufficient to identify the corporate structure of any Medicare Carrier or Medicaid Intermediary during the period that it acted as a Medicare Carrier or Medicaid Intermediary.

Response:       To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

49

69.     Documents, such as employee directories or organizational charts, sufficient to identify the names, titles, and/or job descriptions of employees of any Medicare Carrier or Medicaid Intermediary during the period that it acted as a Medicare Carrier or Medicaid Intermediary.

Response:     To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

70.     Documents sufficient to identify the members of each Medicare Carrier or Medicaid Intermediary's Carrier Advisory Committee (or other equivalent group or committee), including documents sufficient to identify each member's name, current or last known address, and, if the member is a physician, the member's specialty.

Response:     Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries,"

50

other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

71.     From January 1, 1965 to the end of the Relevant Claim Period, all Communications between any Medicare Carrier or Medicaid Intermediary and Abbott regarding payment for drugs under Medicare Part B or Medicaid.

Response:     Objection, to the extent that this Request is overly broad, vague, and unduly burdensome.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually

51

convenient format and manner to be agreed upon by the parties.

72.     From January 1, 1965 to the end of the Relevant Claim Period, all Communications between any Medicare Carrier or Medicaid Intermediary and any other Medicare Carrier, Medicaid Intermediary, or Provider concerning AWP, WAC, AMP, Direct price and/or List price, or the methodology to be used in calculating payment for drugs under Medicare Part B or Medicaid.

Response:     Objection, to the extent that this Request is overly broad, vague, and unduly burdensome.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States may produce additional documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

73.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents relating to any discussions or meetings at any Medicare Carrier or Medicaid Intermediary

concerning the use of some figure, price, or methodology other than AWP as a measure of

reimbursement for drugs by Medicare Part B, Medicaid, or private insurers.

> Response:      Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.  To the
>
> extent that this Request calls for the production of documents in the possession, custody or
>
> control of "Medicaid Fiscal Intermediaries," other state contractors, or from state
>
> Medicaid agencies, which are not in the possession, custody or control of the U.S.
>
> Government, the United States is not obligated to obtain such documents from these
>
> entities and produce those documents to Abbott pursuant to these Requests.  Subject to
>
> and without waiving its specific and general objections, and objections to Abbott's
>
> definitions and instructions, the United States has provided substantial materials which are
>
> responsive to this Request as part of its Rule 26(a) Initial Disclosures.

74.      From January 1, 1965 to the end of the Relevant Claim Period, all Documents

concerning whether any Medicare Carrier or Medicaid Intermediary knew or was on notice that

AWP exceeded the actual or average acquisitions costs of Providers.

> Response:      Objection, to the extent that this Request is overly broad, vague, unduly
>
> burdensome, or seeks documents that are neither relevant to the claims or defenses of any
>
> party nor reasonably calculated to lead to the discovery of admissible evidence.  To the
>
> extent that this Request calls for the production of documents in the possession, custody or
>
> control of "Medicaid Fiscal Intermediaries," other state contractors, or from state
>
> Medicaid agencies, which are not in the possession, custody or control of the U.S.
>
> Government, the United States is not obligated to obtain such documents from these

entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.

75.     From January 1, 1965 to the end of the Relevant Claim Period, all Communications between any Medicare Carrier or Medicaid Intermediary and the U.S. Government or any state government concerning whether AWP exceeded the actual or average acquisition costs of Providers.

> Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, cumulative and duplicative of other Requests, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

76.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning whether AWP exceeded the actual or average price at which private insurers or any governmental payor paid for drugs eligible for reimbursement under Medicare Part B or Medicaid.

> Response:     Objection, to the extent that this Request is overly broad, vague, unduly burdensome, cumulative and duplicative of other Requests, or seeks documents that are

neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

77.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning whether the U.S. Government, any state government, any Medicare Carrier or Medicaid Intermediary, governmental payor, or private insurer knew that Manufacturers marketed the "spread" (as that term is used in paragraph 3 of the Complaint) and/or the difference between payment under Medicare Part B or Medicaid and actual or average acquisition costs of Providers.

> Response:     Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that relate to Abbott Laboratories which are not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

78.     From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning the "spread" (as that term is used in paragraph 3 of the Complaint) and/or the

difference between payment under Medicare Part B or Medicaid and actual or average acquisition costs of Providers.

> Response:        Objection, to the extent that this Request is overly broad, vague, cumulative and duplicative of other Requests, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that relate to Abbott Laboratories which are not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

79.        All Documents produced by any Medicare Carrier or Medicaid Intermediary to any governmental agency in connection with any investigation of drug pricing.

> Response:        Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine and law enforcement investigative files and attorney-client privileges.  Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

80.     All Documents produced by any Publisher to any governmental agency in
connection with any investigation of drug pricing.

> Response:     Objection, to the extent that this Request seeks material covered by the
> attorney work-product doctrine and law enforcement investigative files and attorney-client
> privileges.  Objection, to the extent that this Request seeks documents that are neither
> relevant to the claims or defenses of any party nor reasonably calculated to lead to the
> discovery of admissible evidence.

81.     All Documents given to Plaintiff through formal or informal requests to third
parties concerning the prices, costs, or payments of the Subject Drugs.

> Response:     Objection, to the extent that this Request is overly broad, unduly
> burdensome, vague, or seeks documents protected from disclosure by the attorney work-
> product doctrine and the law enforcement investigative files privilege.  Objection, to the
> extent that the Request seeks documents that are neither relevant to the claims or defenses
> of any party nor reasonably calculated to lead to the discovery of admissible evidence.

82.     All Documents relating to any proceeding, including but not limited to lawsuits,
administrative or legislative proceedings, and criminal or civil investigations, at which any
Medicare Carrier or Medicaid Intermediary and/or its agents have testified concerning the pricing
of pharmaceutical products.

> Response:     Objection, to the extent that this Request is overly broad, vague, or seeks
> documents that are neither relevant to the claims or defenses of any party nor reasonably
> calculated to lead to the discovery of admissible evidence.  To the extent that this Request
> calls for the production of documents in the possession, custody or control of "Medicaid
> Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are

57

not in the possession, custody or control of the U.S. Government, the United States is not

obligated to obtain such documents from these entities and produce those documents to

Abbott pursuant to these Requests.  Subject to and without waiving its specific and

general objections, and objections to Abbott's definitions and instructions, the United

States will produce documents that fall within this category regarding any matter not

privileged and that are relevant to the claims and defenses in this case or which may lead

to the discovery of admissible evidence.  The documents will be produced on a rolling

basis in a mutually convenient format and manner to be agreed upon by the parties.

### *Category 8:  Plaintiff's Allegations*

83.    All Documents identified in Your initial disclosures under FRCP 26(a)(1).

Response:    Objection, these documents have already been produced, hence the Request

is cumulative and duplicative of other requests.

84.    In paragraph 3 of the Complaint, Plaintiff states that "Abbott reported false,

fraudulent and inflated drug prices for certain drugs (listed in ¶¶ 31 and 35 below) to several price

reporting compendia that the Medicare and Medicaid programs relied upon to set reimbursement

rates for Abbott's customers."  Produce all Documents that support, concern, or refute your

contention.

Response:    Objection, to the extent that this Request seeks material protected by the

attorney work-product doctrine.  Objection, to the extent that material responsive to the

Request is in the possession, custody, or control of Abbott.  Subject to and without

waiving its specific and general objections, and objections to Abbott's definitions and

instructions, the United States has provided substantial materials which are responsive to

this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the

58

right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

85.    In paragraph 3 of the Complaint, Plaintiff states that Abbott "marketed to existing and potential Customers the government-funded 'spread' between the inflated reimbursement amounts and the actual acquisition costs of the drugs to boost its sales and profits."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

86.    In paragraph 6 of the Complaint, Plaintiff states that "Abbott also routinely made false statements directly to state Medicaid programs by reporting these same fraudulently inflated prices to the states."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and

59

instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

87.    In paragraph 37 of the Complaint, Plaintiff states:  "The information contained in the published pricing compendia was used by most third party payor insurance companies, including the Medicare and Medicaid programs, in determining reimbursement rates for prescription drugs."  Produce all Documents relating to instances where third party payor insurance companies did not use information contained in the published pricing compendia in determining reimbursement rates for prescription drugs.

Response:    Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

88.    In paragraph 37 of the Complaint, Plaintiff states that "Abbott documents show that Abbott knew of the impact of its price representations on government reimbursement on claims submitted by its Customers for its drugs."  Produce all Documents that support, concern,

60

or refute your contention.

> Response:      Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Subject to and without waiving its specific and general
> objections, and objections to Abbott's definitions and instructions, the United States has
> provided substantial materials which are responsive to this Request as part of its Rule
> 26(a) Initial Disclosures.  The United States reserves the right to supplement this
> Response based upon Abbott's responses to discovery requests propounded by the United
> States to Abbott and upon information obtained during discovery in this case.

89.      As to the Subject Drugs and Equivalent Drugs, produce all Documents relating to

the use of MAC or the "providers' usual and customary charges" in determining the amount of

reimbursement under Medicaid.  See paragraph 40 of the Complaint.

> Response:      Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Objection, to the extent that material responsive to the
> Request is in the possession, custody, or control of Abbott.  Subject to and without
> waiving its specific and general objections, and objections to Abbott's definitions and
> instructions, the United States has provided substantial materials which are responsive to
> this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the
> right to supplement this Response based upon Abbott's responses to discovery requests
> propounded by the United States to Abbott and upon information obtained during
> discovery in this case.

90.      In paragraph 42 of the Complaint, Plaintiff states that "AWP is used to refer to the

price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then

administers it to a patient."  Produce all Documents that support, concern, or refute your

contention.

> <u>Response</u>:      Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Objection, to the extent that material responsive to the
> Request is in the possession, custody, or control of Abbott.  Subject to and without
> waiving its specific and general objections, and objections to Abbott's definitions and
> instructions, the United States has provided substantial materials which are responsive to
> this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the
> right to supplement this Response based upon Abbott's responses to discovery requests
> propounded by the United States to Abbott and upon information obtained during
> discovery in this case.

91.      In paragraph 42 of the Complaint, Plaintiff states that "WAC is used to refer to the
price at which a pharmaceutical firm typically sells a drug to wholesalers who would then resell it
to a retail customer."  Produce all Documents that support, concern, or refute your contention.

> <u>Response</u>:      Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Objection, to the extent that material responsive to the
> Request is in the possession, custody, or control of Abbott.  Subject to and without
> waiving its specific and general objections, and objections to Abbott's definitions and
> instructions, the United States has provided substantial materials which are responsive to
> this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the
> right to supplement this Response based upon Abbott's responses to discovery requests
> propounded by the United States to Abbott and upon information obtained during
> discovery in this case.

92.      In paragraph 45 of the Complaint, Plaintiff states that "some State Medicaid

programs also received price representations directly from manufacturers, and relied upon these representations to confirm the accuracy of the figures they use to determine state reimbursement amounts."  Produce all Documents that support, concern, or refute your contention.

> Response:        Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

93.        In paragraph 46 of the Complaint, Plaintiff states:  "In general, Medicare relied on median AWPs to set reimbursement rates."  Produce all Documents relating to instances where Medicare did not rely on median AWPs to set reimbursement rates.

> Response:        Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during

discovery in this case.

94.     In paragraph 56 of the Complaint, Plaintiff states:  "The Customers purchased the products directly from Abbott, through a GPO contract or through wholesalers."  Produce all Documents concerning the amounts that Customers actually paid for the Subject Drugs.

Response:     Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

95.     In paragraph 59 of the Complaint, Plaintiff states that a "DP is supposed to reflect the price paid by a Customer that buys drugs directly from Abbott and not through a wholesaler." Produce all Documents that support, concern, or refute your contention.

Response:     Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests

propounded by the United States to Abbott and upon information obtained during discovery in this case.

96.     In paragraph 60 of the Complaint, Plaintiff states:  "Abbott was aware of how the Price Publications set its AWPs and knew (1) that the markup remained constant and (2) that its DPs ultimately controlled the AWP reported by the Price Publications for many of its products." Produce all Documents that support, concern, or refute your contention.

> Response:     Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

97.     In paragraph 61 of the Complaint, Plaintiff states:  "In some circumstances, Abbott itself calculated and supplied the AWP which it sought to have published."  Produce all Documents that support, concern, or refute your contention.

> Response:     Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to

65

this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the
right to supplement this Response based upon Abbott's responses to discovery requests
propounded by the United States to Abbott and upon information obtained during
discovery in this case.

98.       In paragraph 65 of the Complaint, Plaintiff states:  "Abbott reported increasingly
higher prices for the Drugs from at least on or before January 1, 1991 through 2001.  At the same
time, the prices Abbott actually charged to its Customers decreased or remained the same."
Produce all Documents that support, concern, or refute your contention.

> Response:       Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Objection, to the extent that material responsive to the
> Request is in the possession, custody, or control of Abbott.  Subject to and without
> waiving its specific and general objections, and objections to Abbott's definitions and
> instructions, the United States has provided substantial materials which are responsive to
> this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the
> right to supplement this Response based upon Abbott's responses to discovery requests
> propounded by the United States to Abbott and upon information obtained during
> discovery in this case.

99.       In paragraph 69 of the Complaint, Plaintiff states:  "Over that time period [1989
through 2001], Medicare and Medicaid paid in excess of $75 million for Abbott's Vancomycin."
Produce all Documents that support, concern, or refute your contention, including all documents
indicating the U.S. Government paid over $75 million for Abbott's Vancomycin.

> Response:       Objection, to the extent that this Request seeks material protected by the
> attorney work-product doctrine.  Objection, to the extent that the Request seeks

66

information or documents which are in the possession, custody, or control of Abbott or are publicly available and thus equally accessible to both parties.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, with respect to Medicaid expenditures for Vancomycin, the United States directs Abbott to State Drug Utilization Data available on CMS' web site at http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp.  With respect to Medicaid expenditures for Vancomycin, the United States directs Abbott to CMS 1991-2004 Physician Supplier Procedure Summary Master File produced as part of its Rule 26(a) Initial Disclosures.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, additional Medicare and Medicaid expenditure data will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

100.    For the time period 1989 through 2001, all Documents concerning the actual acquisition costs that Abbott's Customers paid for Vancomycin that were reimbursed by Medicare or Medicaid.

Response:      Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

101.    In paragraph 74 of the Complaint, Plaintiff states that "the percentage of Abbott's

67

Vancomycin sales reimbursed by Medicaid increased from less than 10% in 1991 to approximately 70% in 2000."  Produce all Documents that support, concern, or refute your contention.

> Response:      Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Objection, to the extent that the Request seeks information or documents which are in the possession, custody, or control of Abbott or are publicly available and thus equally accessible to both parties.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, with respect to Medicaid expenditures for Vancomycin, the United States directs Abbott to State Drug Utilization Data available on CMS' web site at http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp.

102.      Paragraphs 75 through 79 contain contentions regarding Abbott's pricing of Vancomycin.  Produce all Documents from other Manufacturers concerning the pricing of Equivalent Drugs to Vancomycin.

> Response:      Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

103.      In paragraph 77 of the Complaint, Plaintiff states that "Abbott received numerous complaints from Customers over the resulting decrease in the spread" of Vancomycin.  Produce all Documents that support, concern, or refute your contention.

> Response:      Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and

68

general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.   The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

104.    In paragraph 77 of the Complaint, Plaintiff states that "Abbott documents show Abbott's pricing personnel carefully considering the additional profits they could generate for Abbott's Customers if they artificially re-inflated the reported prices for Vancomycin 1 GM FTV at various levels."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

105.    In paragraph 83 of the Complaint, Plaintiff states:  "Abbott tried to convince First DataBank personnel not to set Abbott's AWP by reference to these new, lower WACs; Abbott wanted First DataBank to continue to use Abbott's then still inflated DPs to maintain its inflated AWPs.  First DataBank refused Abbott's request."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and

69

general objections, and objections to Abbott's definitions and instructions, the United

States has provided substantial materials which are responsive to this Request as part of its

Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this

Response based upon defendant's responses to discovery requests propounded by the

United States to Abbott and upon information obtained during discovery in this case.

106.    In paragraph 88 of the Complaint, Plaintiff states:  "Abbott's share of the Medicaid

market [for Vancomycin] has dropped steadily since the more accurate prices started being

published in 2001 and thereafter from approximately 70% in early 2001 to approximately 20% in

2004."  Produce all Documents that support, concern, or refute your contention.

Response:      Objection, to the extent that this Request seeks material protected by the

attorney work-product doctrine.  Objection, to the extent that the Request seeks

information or documents which are in the possession, custody, or control of Abbott or are

publicly available and thus equally accessible to both parties.  Subject to that objection, as

well as the general objections and objections to Abbott's definitions and instructions, with

respect to Medicaid expenditures for Vancomycin, the United States directs Abbott to the

State Drug Utilization Data available on CMS' web site at

http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp.

107.    In paragraph 100 of the Complaint, Plaintiff states:  "Abbott used the false and

fraudulent prices Abbott reported to the Price Publications for these water solutions to manipulate

reimbursement."  Produce all Documents that support, concern, or refute your contention.

Response:      Objection, to the extent that material responsive to the Request is in the

possession, custody, or control of Abbott.  Subject to and without waiving its specific and

general objections, and objections to Abbott's definitions and instructions, the United

States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

108.    In paragraph 101 of the Complaint, Plaintiff states that "Abbott profited off the scheme by increasing its sales volume and profits."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

109.    In paragraph 101 of the Complaint, Plaintiff states that "Medicare and Medicaid have paid Abbott's Customers in excess of $100 million for Abbott's LVPs when the typical acquisition costs for those Customers were a fraction of that amount."  Produce all Documents that support, concern, or refute your contention.

Response:    Objection, to the extent that material responsive to the Request is in the possession, custody, or control of Abbott.  Objection, to the extent that this Request seeks material protected by the attorney work-product doctrine.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, with respect to Medicaid expenditures for Vancomycin, the United States directs Abbott

71

to State Drug Utilization Data available on CMS' web site at

http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp.  With respect to

Medicaid expenditures for Vancomycin, the United States directs Abbott to CMS

1991-2004 Physician Supplier Procedure Summary Master File produced as part of its

Rule 26(a) Initial Disclosures.  Additional Medicare and Medicaid expenditure data is

being acquired and will be produced on a rolling basis..

110.    For the time period that you contend Medicare and Medicaid paid in excess of

$100 million for Abbott's LVPs, all Documents concerning the actual acquisition costs paid by

the Customers who submitted the claims Plaintiff alleges were false.

Response:        Objection, to the extent that material responsive to the Request is in the

possession, custody, or control of Abbott.  Subject to and without waiving its specific and

general objections, and objections to Abbott's definitions and instructions, the United

States has provided substantial materials which are responsive to this Request as part of its

Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this

Response based upon Abbott's responses to discovery requests propounded by the United

States to Abbott and upon information obtained during discovery in this case.

111.    In paragraph 110 of the Complaint, Plaintiff states:  "By obtaining monies as a

result of its violations of federal and state law, Abbott was unjustly enriched."  Produce all

Documents that support, concern, or refute your contention.

Response:        Objection, to the extent that material responsive to the Request is in the

possession, custody, or control of Abbott.  Subject to and without waiving its specific and

general objections, and objections to Abbott's definitions and instructions, the United

States has provided substantial materials which are responsive to this Request as part of its

72

Rule 26(a) Initial Disclosures.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26(a) Initial Disclosures.  The United States reserves the right to supplement this Response based upon Abbott's responses to discovery requests propounded by the United States to Abbott and upon information obtained during discovery in this case.

### *Category 9: Other*

112.    All recordings (video or audio), transcripts, interview memoranda, depositions, notes, or other record of Communications made in the course of any investigation regarding drug pricing.

Response:      Objection, to the extent that this Request is overly broad, vague, cumulative and duplicative of other Requests, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks information protected by the attorney work-product doctrine and attorney-client and law enforcement investigative files privileges.

113.    From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning Communications between the U.S. Government and any Manufacturer, lobbying firm, Provider, professional or trade group, patients' rights group, law firm, or any other non-government organization relating to the payment of drugs or professional services associated with the dispensing or administration of drugs under Medicare Part B or Medicaid and/or the cost of Providers to acquire and/or dispense drugs.

Response:      Objection, to the extent that this Request is overly broad, unduly

73

burdensome, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

114.    All Documents concerning any settlements with Manufacturers relating to the pricing of drugs and payment for drugs by Medicare Part B or Medicaid.

Response:     Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney-client privilege and attorney work-product doctrine.

115.    All Documents concerning any actual or proposed action, investigation, lawsuit, or judicial proceeding on Your behalf to recover alleged overpayments from Providers who received alleged overpayments for drugs under Medicare Part B or Medicaid.

Response:     Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request seeks documents protected by the attorney-client privilege and attorney work-product doctrine.

116.    All Documents concerning any effort by the U.S. Government, any state government, or any Medicare Carrier or Medicaid Intermediary to recover from Providers any alleged overpayment made by Medicare Part B or Medicaid relating to drugs.

Response:     Objection, to the extent that this Request is overly broad, vague, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that

74

the Request seeks documents protected by the attorney work-product doctrine and the attorney-client, law enforcement investigative files, and deliberative process privileges. To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

117.    All Documents relating to any decision to seek or not seek recovery from Providers any alleged overpayment made by Medicare Part B or Medicaid relating to drugs.

Response:    Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request is overly broad, vague, unduly burdensome and cumulative and duplicative of previous Requests. Finally, the Request seeks documents protected by the attorney work-product doctrine and the attorney-client and deliberative process privileges.

118.    From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning efforts by the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary to change the methodology for paying for drugs under Medicare Part B or Medicaid.

Response:    Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request is overly broad, vague, unduly burdensome and cumulative and duplicative of previous Requests.

Finally, the Request seeks documents protected by the attorney work-product doctrine and the attorney-client and deliberative process privileges.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

119.    From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning efforts by the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary to base payment for drugs under Medicare Part B or Medicaid on a methodology that did not in any way rely upon AWP.

Response:        Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request is overly broad, vague, unduly burdensome and cumulative and duplicative of previous Requests. Objection, to the extent that the Request seeks documents protected by the attorney work-product doctrine and the attorney-client and deliberative process privileges.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.

120.    All Documents concerning any request by the U.S. Government to any

Manufacturer, wholesaler, distributor, Publisher, or Provider for information concerning the prices, costs, or reimbursement for drugs eligible for payment by Medicare Part B or Medicaid.

> Response:    Objection, to the extent that this Request is overly broad, vague and unduly burdensome.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that pertain to Abbott Laboratories regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

121.    Such Documents as will show whether the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary ever questioned or complained to any Manufacturer that the Manufacturer had failed to report prices for its products accurately, including but not limited to written documentation of the complaint.

> Response:    Objection, to the extent that this Request is overly broad and vague.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that pertain to Abbott Laboratories regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The

77

documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

122.   Such Documents as will show when the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary first became aware of any Manufacturer reporting inflated drug prices and/or marketing the "spread" between payment under Medicare Part B or Medicaid and actual or average acquisition costs of Providers.

Response:      Objection, to the extent that this Request is overly broad and vague.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will produce documents that pertain to Abbott Laboratories regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

123.   Such Documents as will show when the U.S. Government, any State Medicaid Program, or any Medicare Carrier or Medicaid Intermediary first informed Abbott or any Manufacturer of any concern that Manufacturers were reporting inflated drug prices and/or marketing the "spread" between payment under Medicare Part B or Medicaid and actual or average acquisition costs of Providers.

78

<u>Response</u>:      Objection, to the extent that this Request is overly broad, vague and cumulative and duplicative of other Requests.  To the extent that this Request calls for the production of documents in the possession, custody or control of "Medicaid Fiscal Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Abbott pursuant to these Requests.  Subject to and without waiving these objections, the general objections and the objections to Abbott's definitions and instructions, the United States will produce any non privileged documents that relate to communications by or from Abbott concerning its "marketing of the spread."  The documents will be produced on a rolling basis in a mutually convenient format and manner to be agreed upon by the parties.

124.    All Documents concerning efforts by the Plaintiff to mitigate the damages alleged in this case.

<u>Response</u>:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Objection, to the extent that the Request is overly broad and vague.

125.    All Documents concerning any notice of this litigation that was circulated to any official, department, agency, or employee of the U.S. Government, any state government, or any member of Congress.

<u>Response</u>:      Objection, to the extent that this Request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the

79

discovery of admissible evidence.  Objection, to the extent that the Request is overly broad and vague.

126.    All Documents in the possession of agencies or agents of the U.S. Government previously withheld on privilege grounds that were responsive to Defendants' subpoenas or requests for documents in MDL 1456 and MDL 1430.

Response:    Objection, to the extent that this Request seeks documents protected by the attorney work-product doctrine and the attorney-client, law enforcement investigative files, and deliberative process privileges.

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
  the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

Dated: November 29, 2006

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

 /s/ Justin Draycott
Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above RESPONSE

BY THE UNITED STATES TO ABBOTT'S FIRST SET OF REQUESTS FOR PRODUCTION

OF DOCUMENTS AND TANGIBLE THINGS TO THE UNITED STATES to be served on the

following counsel by electronic mail:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
 Email: christophercook@jonesday.com

Neil Merkl
Paul F. Doyle,
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com

Date: November 29, 2006

_____/s/_____
Justin Draycott