UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S UNAUTHORIZED MEMORANDUM REGARDING THE ADMISSIBILITY OF THE GUILTY PLEA

With motions *in limine* being fully briefed AstraZeneca has submitted an unauthorized memorandum purportedly to answer questions the Court had regarding the guilty plea. This is in reality a disguised motion for reconsideration. To the extent the Court desires further briefing class plaintiffs submit this response.

### I.   INTRODUCTION

At trial AstraZeneca will as its defense claim that once it brought Zoladex to the market it had to compete with Lupron. It will also assert a lack of intent claiming that the government knew of and approved of its fraudulent AWPs.

Plaintiffs will show that AstraZeneca implemented a plan that was multifaceted. It included the provision of thousands of free samples and discounts to induce doctors to switch to Zoladex. Its common plan, motive and intent, was to obtain sales by offering a spread either through free goods or discounts. AstraZeneca was charged with offenses involving both free goods and AWP fraud and crimes involving return to practice marketing. The plea and the charges are relevant to both defenses.

Indeed AstraZeneca's position here is as phony as its AWPs. On the one hand it will trumpet that the government approved of or knew of its conduct. In the same breath it seeks to exclude: (1) evidence that the government inquired about AstraZeneca's conduct in 1998 via letters to its counsel, (2) evidence that the government wrote AstraZeneca claiming that AstraZeneca had engaged in the exact AWP fraud at issue in this case and attaching damage calculations similar to Dr. Hartman's, and (3) evidence the government eventually charged AstraZeneca with wrongdoing to which a plea was entered.

Indeed plaintiffs would be prejudiced if the plea, an admission by AstraZeneca, was excluded from evidence.

## II.   THE GUILTY PLEA IS ADMISSIBLE AND RELEVANT TO THE ISSUES IN THIS CASE

### A.   The Guilty Plea is Admissible as a Statement of a Party-Opponent

A plea of guilty to a charge may be admitted into evidence in a subsequent civil action as an admission of the act charged. The guilty plea constitutes a judicial admission by a party-opponent, and is therefore admissible under Federal Rule of Evidence 801(d)(2). *See*, *e.g.*, *Bower v. O'Hara*, 759 F.2d 1117, 1127 (3d Cir. 1985).

The guilty plea is relevant to this case because offering free product was one of several forms of discounts AstraZeneca offered physicians ***as part of its overall scheme to use financial incentives to induce physicians to purchase and prescribe Zoladex***. As part of its guilty plea, AstraZeneca admitted to facts demonstrating that the improper sampling scheme involved the same drug (Zoladex), the same co-conspirators (urologists), the same geographic area ("throughout the United States"), and had the same purpose (to induce Zoladex sales) as the scheme alleged in this case. The improper sampling occurred during the time period at issue in this case (1993-1996). In sum, the fact that AstraZeneca induced physicians with 100%

- 2 -

discounts makes it more probable than not that the company also induced physicians with discounts of lesser value, regardless of whether the sampling is seen as part of the conspiracy alleged in this case or as an entirely separate conspiracy. And it is certainly evidence of common motive, plan and intent.

**B.     The Plea is Admissible Under 404(b)**

Even if offering free product as a form of discount was a separate conspiracy than that alleged in this case, it is sufficiently similar to offering discounts of lesser value for the guilty plea to be admissible under Federal Rule of Evidence 404(b) as evidence of AstraZeneca's plan, intent, motive, and lack of mistake in providing the lesser discounts.[1] Again, the plan for improper sampling worked the same way as the other discounts alleged in this case: physicians were expected to, and did, bill for Zoladex in excess of their acquisition cost at the inflated AWPs. And, as in this case, AstraZeneca's admitted intent and motive in giving away free samples were to induce physicians to purchase and prescribe Zoladex, and bill for the same at the inflated AWPs.

The guilty plea and related documents are also relevant to the issue of the government's knowledge and motives, which AstraZeneca raises in defense to plaintiffs' claims.[2] The fact that

---

[1] AstraZeneca claims that the prior bad act must be of "exacting similarity." AstraZeneca Unauthorized Supp. Mem. at 4. It then cites *In re Korean Air Lines Disaster of Sep. 1, 1983*, 932 F.2d 1475 (D.C. Cir. 1991) for support. But in that case the Court went on to hold that where prior bad acts are used to prove intent or motive there is ***no "exacting degree of similarity" that is necessary***. *Id*. at 1483-84. The Court went on to ***admit*** the prior bad act. Here of course plaintiffs seek to introduce the evidence of the plea to show intent and motive.

[2] The new cases cited by AstraZeneca are distinguishable. For example, in *Investors Funding Corp. of New York Sec. Litig.*, 635 F. Supp. 1262 (S.D.N.Y. 1986), the court found a bribery conviction was not relevant to the trustee's fraud claims. That is not the case here as explained above. In *Catanella and E.F. Hutton Sec. Litig.*, 1988 U.S. Dist. Lexis 3179 (E.D. Pa. 1988), the court excluded evidence because plaintiff was trying to use the plea to prove that defendant acted in conformity and not for motive, intent and plan as is the case here. *The Bob Mack Corp. v. Iowa Beef Processors*, 715 F.2d 703, 710 (1983) is not relevant as the court found a bribery conviction not relevant to a Robinson Patman claim. There was no attempt, as here, to link the plea to proof of intent or motive. *United States v. Cook*, 557 F.2d 1149, 1152 (5th Cir. 1977) is illustrative of AstraZeneca's desperation to confuse the court with misleading citations. There the court excluded evidence because it was not a guilty plea, but was a consent to an injunction that was not covered under 404(b).

the government brought a criminal proceeding against AstraZeneca, extracted a judicial confession of criminal misconduct, levied hundreds of millions of dollars in fines and other payments, and forced the company to implement an extensive "Corporate Integrity" program, contradicts the perverse notion that the government "approved" of AstraZeneca's unlawful scheme to defraud Medicare and hundreds of thousands of patients across the country. The express terms of the documents, including the specific payment obligations, the iterations of potential claims being investigated and released, and the multiple reinforcing provisions of the Plea Agreement and Civil Settlement Agreement, also help explain why, in AstraZeneca's words, "the government investigated possible AWP inflation claims, yet brought no such claim." *See* AZ Original Authorized Mem. at 5.

### C. Probative Value Documents Relating to the Government's Allegations of AWP Fraud and Illegal Spread Marketing are Relevant

AstraZeneca has designated over 130 trial exhibits that go to government "knowledge" or "alleged approval" or "acceptance" of its phony AWPs and spread marketing practices. AstraZeneca witnesses will testify that the government told them all of this was fine with the United States of America. AstraZeneca also wishes to call an ex-government employee apparently to say the government knew and approved of its conduct.

Yet in the same breath AstraZeneca seeks to exclude documents in which the government charged AstraZeneca with AWP fraud and illegal spread marketing. Such charges completely contradict the notion of government approval. To not allow such evidence would be prejudicial in light of AstraZeneca's defense.

**D.    Evidence of the Guilty Plea and Related Materials is not Unfairly Prejudicial to AstraZeneca**

AstraZeneca claims the guilty plea will present a serious risk of "overshadowing the entire case." Yet AstraZeneca does not explain how such an overshadowing will occur, particularly when it will call witnesses to claim this was an isolated conduct.

It then claims that "engendering prejudice" is why plaintiffs seek to admit this material. AstraZeneca Unauthorized Supp. Mem. at 2. Nonsense. AstraZeneca is the one that has made the plea relevant by asserting the government knowledge/approval defense and "we were just meeting the competition defense." If AstraZeneca drops these defenses there would be no need for the plea. Instead it wishes to have the best of both worlds.

In sum, while the evidence of AstraZeneca's guilty plea may be prejudicial to AstraZeneca's legal position, that is not the sort of "prejudice" which justifies excluding evidence under Rule 403. Because AstraZeneca can point to no specific danger of ***unfair*** prejudice from the evidence of its guilty plea, the guilty plea and related documents are not rendered inadmissible by Rule 403.

### III.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that AstraZeneca's latest memorandum to exclude evidence of the guilty plea and related documents be denied in its entirety.

| | |
|---|---|
| DATED:  April 30, 2007 | By   /s/ Steve W. Berman   <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Facsimile: (215) 609-4661
Telephone: (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 7 -

- 8 -

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 30, 2007, I caused copies of **CLASS PLAINTIFFS' RESPONSE TO ASTRAZENECA'S UNAUTHORIZED MEMORANDUM REGARDING THE ADMISSIBILITY OF THE GUILTY PLEA** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis file & serve.

                                                        /s/ Steve W. Berman_____
                                                        Steve W. Berman