# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Montana v. Abbott Labs., Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM | |

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE THE DECLARATION OF DOROTHY POULSEN

### I.   INTRODUCTION

In its opposition to Defendants' motion to strike the declaration of Dorothy Poulsen,[1] the State of Montana ignores the numerous and specific examples of contradictory testimony identified and discussed in Defendants' motion. Poulsen's declaration and the State's Opposition ("Opp.") fail to explain the contradictions in Poulsen's testimony, and thus the Court should grant Defendants' motion to strike.

### II.   ARGUMENT

As the State concedes, "[i]t is undisputed that 'a party opposing summary judgment may not manufacture a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed.'" Opp. at 2 (quoting *Abreu-Guzman v. Ford*, 241 F.3d 69, 74 (1st Cir. 2001)). The State, however, wrongly asserts that in light of the

---

[1] The States of Montana and Nevada submitted a joint opposition to Defendants' separate motions to strike declarations submitted by the States in opposition to Defendants' summary judgment motions. This reply focuses exclusively on the Montana action: Declaration of Dorothy Poulsen in Support of the State of Montana's Opposition to Defendants' Joint Motion for Summary Judgment. A separate reply brief addresses the declarations in the Nevada action.

jury's role in resolving credibility questions the Court cannot exclude a contradictory affidavit. Opp. at 2-3.  Controlling caselaw plainly instructs district courts to strike or disregard declarations or affidavits that contradict deposition testimony without satisfactory explanation. *See, e.g.*, *Torres v. E.I. DuPont de Nemours & Co.*, 219 F.3d 13, 21 (1st Cir. 2000) (affirming district court's decision to strike affidavits contradicting deposition testimony); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994); *see also Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999).

The State points out that a subsequent "affidavit may play an important role in clarifying deposition confusion, a witness's lack of access to material facts or other newly-discovered evidence," Opp. at 3.  True.  Yet the Poulsen declaration does not—nor does the State's Opposition—purport to explain the contradictory testimony on such grounds.

The State's Opposition ignores the numerous and specific contradictory testimony identified and discussed in Defendants' motion to strike Poulsen's declaration.  *See* Defs.' Mot. to Strike at 3-9.  Instead of addressing the contradictory testimony identified by Defendants, the State responds with the conclusory assertion that the declaration does not "contradict" her deposition testimony, Opp. at 3, and further that (1) Poulsen's declaration itself stated that it was submitted to "supplement" her deposition (presumably thought to be significant because her declaration did not announce an intent to contradict deposition testimony), Opp. at 4; Poulsen Decl. ¶ 1; (2) Poulsen is inherently credible because she holds a Ph.D. and no longer works for Montana Medicaid,[2] Opp. at 5; and (3) Poulsen provided input on her declaration—which was drafted by the State's counsel, Opp. at 4 ("*[C]ounsel* reviewed Mrs. Poulsen's testimony with her and *developed the Poulsen declaration*.") (emphasis added).  None of these factors can

---

[2] The rule regarding contradictory affidavits also applies to nonparties.  *See Torres v. E.I. DuPont de Nemours & Co.*, 219 F.3d 13 (1st Cir. 2000) (affirming district court's decision to strike contradictory affidavits, including one from a nonparty); *Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1568 (8th Cir. 1991).

overcome the contradictions between Poulsen's deposition testimony and the declaration drafted by the State's lawyer, nor can they create a dispute of material fact.

Counsel's role in carefully crafting declarations and, relatedly, the greater reliability of deposition testimony are reasons why courts strike contradictory declarations. *Beckel v. Wal-Mart Assocs., Inc.*, 301 F.2d 621, 623 (7th Cir. 2002) (Affidavits "are typically . . . written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to no weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy."). Here, the testimony at issue is, on the one hand, Poulsen's testimony in a deposition for which she prepared with counsel for "[a]bout an hour," Poulsen Tr. 17:20-18:6, and for which she later submitted three pages of handwritten corrections.[3] On the other hand is Poulsen's contradictory declaration, submitted nearly one year after her deposition corrections, after Defendants filed their motion for summary judgment, and which was drafted by counsel over the course of two to three weeks, *see* Opp. at 4.

In deposition, Poulsen made clear that while she was Montana Medicaid's pharmacy program officer, she understood that AWP was a benchmark that did not reflect average wholesale price or actual acquisition cost. As set out in detail in Defendants' motion to strike, Poulsen's declaration contradicts her deposition testimony without a satisfactory explanation for the changed testimony. *See* Defs.' Mot. to Strike at 3-9. The State's only explanation relates to Poulsen's attempt to put "into context" her deposition testimony that "we understood that AWP didn't reflect the average wholesale price." Opp. at 4. But the "context" does not help, as it contradicts other deposition testimony by Poulsen—e.g., that she also "understood that AWP

---

[3] All citations to "Poulsen Tr." were included in Exhibit 1 of the Declaration of Kathleen M. O'Sullivan in Support of Defendants' Joint Motion to Strike Declaration of Dorothy Poulsen ("O'Sullivan Declaration"). Poulsen's handwritten deposition changes were included in Exhibit 2 of the O'Sullivan Declaration.

minus 10% did not represent actual acquisition costs." Poulsen Tr. 57:11-14.  Thus, the Court should grant Defendants' motion to strike the Poulsen declaration in its entirety.[4]

Defendants also moved to strike paragraphs 7-12 and 17-18 of her declaration for violating the personal knowledge requirement of Federal Rule of Civil Procedure 56(e).  In those paragraphs, Poulsen refers to "the State's assumption," "Montana Medicaid['s] belie[f]," and similar general—but not personal—formulations.  To the extent that the paragraphs represent Poulsen's personal beliefs, they are contradicted by her deposition testimony and should be excluded as discussed above and in the motion to strike.  To the extent those paragraphs were crafted so as not to contradict her deposition testimony and personal knowledge to the contrary, the vague assertions in the declaration regarding the knowledge of unidentified State employees violates the personal knowledge requirement of Rule 56(e).

### III.   CONCLUSION

For the foregoing reasons and those set forth in Defendants' motion to strike, the Court should grant Defendants' motion and strike the declaration of Dorothy Poulsen submitted in support of Montana's opposition to Defendants' motion for summary judgment.

---

[4] Alternatively, Defendants ask the Court to strike those paragraphs contradicting Poulsen's deposition testimony, as identified and discussed in Defendants' motion to strike (i.e., Paragraphs 5, 7-13, 17-18).

DATED this 2nd day of May, 2007.

        **PERKINS COIE LLP**
        **ON BEHALF OF ALL DEFENDANTS**

        By: /s/ *Kathleen M. O'Sullivan*
        David J. Burman
        Kathleen M. O'Sullivan
        Charles C. Sipos
        1201 Third Avenue, Suite 4800
        Seattle, WA  98101-3099
        Telephone:  206-359-8000
        Fax:  206-359-9000
        Email:  DBurman@perkinscoie.com
        E-mail:  KOSullivan@perkinscoie.com
        E-mail:  CSipos@perkinscoie.com

        Thomas J. Sartory, BBO #442500
        **GOULSTON & STORRS, P.C.**
        400 Atlantic Avenue
        Boston, MA  02110-3333
        Telephone: (617) 482-1776
        Email: tsartory@goulstonstorrs.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2007, a true and accurate copy of the Reply in Further Support of Defendants' Joint Motion to Strike the Declaration of Dorothy Poulsen was served via the Lexis-Nexis Filing System.

DATED:  May 2, 2007

    s/  *Kathleen M. O'Sullivan*