UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                  )
IN RE PHARMACEUTICAL INDUSTRY    )     MDL NO. 1456
AVERAGE WHOLESALE PRICE             )
LITIGATION                                       )     CIVIL ACTION NO. 01-CV-12257-PBS
_____)
                                                  )     Hon. Patti B. Saris
THIS DOCUMENT RELATES TO:            )
CLASS 1 JURY TRIAL (ASTRAZENECA)  )
_____)

**MEMORANDUM ACCOMPANYING ASTRAZENECA
PHARMACEUTICALS LP'S PROPOSED JURY CHARGES CONCERNING
<u>COMMON LAW INTENTIONAL MISREPRESENTATION</u>**

In compliance with the Court's rulings during the April 11, 2007 pre-trial conference, and subject to the objections articulated by counsel for AstraZeneca during that conference and in previous filings, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") submits proposed jury charges on "common law intentional misrepresentation" for the Class 1 trial against AstraZeneca.[1]  AstraZeneca's proposed jury instructions and verdict form are attached as Exhibits A and B, respectively.

---

[1] AstraZeneca submits the attached jury instructions pursuant to the Court's order and without prejudice to the positions taken in AstraZeneca's in limine motions and pretrial filings.  AstraZeneca's objections to the continued certification of Class 1 and the Court's ruling on the jury instructions for the Class 1 trial, which it reasserts and incorporates herein, are set forth in Request for Plaintiffs to Present a Fair and Manageable Trial Plan (Docket No. 3816), Motion to Decertify Class 1 (Docket No. 3896) and Memorandum of Law Regarding Class 1 Jury Instructions (Docket No. 4035).

## BACKGROUND

As the Court is aware, AstraZeneca believes that the law requires this Court to instruct the jury on the specific state laws that are the only claims certified under this Court's January 30, 2006 order.[2] On April 11, 2007, however, the Court stated that it would not charge the jury on the 37 separate state consumer protection laws ("CPLs") that the Court certified for trial. The Court ruled instead that it would instruct the jury on "common law fraud" based on its belief that proof of AstraZeneca's intentional misrepresentation of the average wholesale price of Zoladex would violate every one of the 37 CPLs to be tried. Although AstraZeneca objected that the Court's conclusion was incorrect, as demonstrated in prior filings, the Court ruled that it would consider exclusion of any such state law claims after the jury's verdict. As a result, rather than have a trial of factual issues under the 37 state CPLs remaining from the Court's class certification order, the Court has instead directed that the issues to be tried to the jury will be the factual issues relevant to a claim for common law intentional misrepresentation – a claim that does not exist in Plaintiffs' complaint and was not the subject of class certification proceedings. The Court then directed the parties to submit proposed jury charges for the trial of a common law intentional misrepresentation claim based on "the Restatement."

Subject to its objections, AstraZeneca has complied with the Court's order to submit jury instructions for common law intentional misrepresentation, but, for the reasons discussed below,

---

[2] The Court certified Class 1 under 40 states and the District of Columbia. See In re Pharm. Indus. Average Wholesale Price Litig., 233 F.R.D. 229, 230-31 (D. Mass. 2006). AstraZeneca submitted jury instructions for 39 states because class actions are impermissible under the consumer protection laws of South Carolina and Tennessee, which were included in the Court's certification order. In their proposed jury instructions, Plaintiffs agreed that they could not to pursue their claims in Ohio and Utah due to the predetermination requirements in those state consumer protection statutes. (See Mem. in Support of Pls.' Proposed Jury Instructions at 2). Thus, this memorandum will hereinafter refer to this action as one arising under 37 consumer protection statutes.

2

submits such instructions pursuant to the laws of the states where the two certified class representatives reside: Oregon and Florida.

**1.     A Summary of Objections to Jury Charges Based on "the Restatement"**

The "Restatement," an unabashed "amalgamation" of legal principles, is not an appropriate source for a jury charge on a claim of intentional misrepresentation. It is not the common law as developed and expounded by the courts of any jurisdiction. Black's Law Dictionary (8th ed. 2004) (noting that "a Restatement provision is not binding on a court unless it has been officially adopted as the law by that jurisdiction's highest court"); see also Estate of Skvorak v. Security Union Title Ins. Co., 89 P.3d 856, 862 (Idaho 2004) (same). Rather, "the Restatement" is an invention – perhaps motivated, as was the inventor of Esperanto, by the best of intentions – but an artificial invention nonetheless. See Coyle by Coyle v. Richardson-Merrell, Inc., 584 A.2d 1383, 1385 (Pa. 1991) (noting that a "court has the power, indeed the obligation, to refuse to apply the [Restatement] rule. . . . Were it otherwise, our recognition of the work of the American Law Institute would approach an improper conferral of legislative authority"); see also Heinz v. Heinz, 653 N.W. 2d 334, 339 (Iowa 2002) (noting that the Restatement is not the law but rather only a guide). Actual state laws are different, reflecting the differing experiences and values of the legislatures that pass them and the jurists that interpret them; any attempt to ignore these differences or subtleties is impermissible. Clay v. American Tobacco Co., 188 F.R.D. 483, 502 (S.D.Ill. 1999) (noting that multi-state action brought under Restatement products liability provision would "not be manageable" because "it would be a daunting task for this Court to determine whether to impose such liability on the defendants for conduct occurring in states that have not considered the issue or have rejected the [Restatement] section altogether."); see also, Duvall v. TRW, Inc., 578 N.E.2d 556, 560 (Oh. App. 8 Dist.

3

1991) (affirming denial of class certification and noting that plaintiff had failed to provide the "extensive analysis" of state law required where plaintiff "merely states that thirty-nine of the fifty states have adopted, Restatement of the Law 2d, Torts (1965) 347, Section 402A, Strict Liability" but "offers no further strict liability analysis") (citing federal circuit case law). Accordingly, a charge based on the Restatement, in lieu of charges based on the actual state laws that apply, is impermissible.[3]

## 2. AstraZeneca's Proposed Jury Charges on Common Law Intentional Misrepresentation

The two AstraZeneca Class 1 sub-class representatives come from Florida (Mr. Townsend) and Oregon (Mr. Howe). Accordingly, AstraZeneca submits herewith jury charges on "common law intentional misrepresentation" as expounded and applied by the courts of Florida and Oregon. As the instructions from these two states demonstrate, common law intentional misrepresentation is not uniform across the states—elements are different; the burden of proof is different; and the stress and emphasis differ. Furthermore, neither Florida nor Oregon law on intentional misrepresentation is "the Restatement" redux. As AstraZeneca has shown, one source does not fit 37 jurisdictions and the differences or similarities in a claim for "common law intentional misrepresentation" across 37 jurisdictions cannot be presumed.[4]

---

[3] See In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1300 (7th Cir. 1995) (decrying district court's proposal to "merg[e] the negligence standards of the 50 states" and instruct a single jury "in accordance with no actual law of any jurisdiction"); see also Amchem Prods. Co. v. Windsor, 521 U.S. 591, 612-13 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right'"); Cole v. General Motors Corp., --- F.3d ---, 2007 WL 1054697, at *8 (5th Cir. Apr. 10, 2007) (reversing certification order; plaintiffs and court failed to "extensively analyze" state law differences in warranty claims "for their impact on predominance"); Cimino v. Raymark Indus., Inc., 151 F.3d 297, 312 (5th Cir. 1998) ("[U]se of Rule 23(b)(3) . . . does not alter the required elements which must be found to impose liability and fix damages (or the burden of proof thereon) or the identity of the substantive law . . . which determines such elements.").

[4] See generally John S. Kiernan, Michael Potenza, Peter Johnson, Developments in Consumer Fraud Class Action Law, 537 PLI/PAT at 295-96 (1998) (noting substantial variations regarding the standard of proof, a number (…continued)

3.   **It Would Be Inappropriate to Substitute
     CMS for the Consumers that Constitute Class 1**

At the April 11, 2007 hearing, the Court referred to CMS as a potential "victim" of the alleged deception. (Tr. 31:4-13 (Apr. 11, 2007)). This case is about private individuals and what each must show under the CPLs of 37 states; CMS is not a party and has no CPL claim at issue. It would be prejudicial to AstraZeneca to substitute CMS on the eve of trial for the consumer members of Class 1. AstraZeneca therefore objects to any effort to re-cast the claims to be tried at the eleventh hour.

4.   **Plaintiffs' Motion to File a Fifth
     Amended Master Class Action Complaint**

Barely one month before this trial is to commence, Plaintiffs move this Court for leave to file an amended Complaint adding a claim for common law fraud, for persons in 37 states. The asserted rationale for the amendment—to "align one count with the jury instructions to be given in the first and subsequent consumer trials"—would accomplish the complete transformation of this action from the one actually certified under Rule 23 by the Court. No longer is this an action based on 37 of the state CPL claims actually alleged by Plaintiffs in their complaint, but rather a trial based on a common law claim substituted sua sponte by the Court at the final pre-trial conference two years after class certification, which Plaintiffs now try to validate nunc pro tunc

---

(continued…)

of elements, including scienter, and the economic loss doctrine); see also e.g., Stetser v. TAP Pharmaceutical Products, Inc., 165 N.C. App. 1, 598 S.E.2d 570, 583 (N.C. App. 2004) (noting differences on elements of materiality, scienter, reasonable reliance, and injury); Rosen v. Chrysler Corp., No. 97-CV-60374-AA, 2000 WL 34609135, *9 (E.D. Mich. July 18, 2000) (not certifying multistate common law fraud class because some states require "actual" reliance, while others require "reasonable" or "justifiable" reliance); Zandman v. Joseph, 102 F.R.D. 924, 929 (D.C. Ind. 1984) (noting "fact that fraud law among the states can differ significantly--including, for example, whether and when statements of opinion or predictions of future events can constitute fraud"); PLIREF-ACCT § 5:3.1 ("The statute of limitations for common law fraud varies from jurisdiction to jurisdiction"); see also In re Bridgestone/ Firestone, Inc., 288 F.3d 1012, 1020 (7th Cir. 2002) ("Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court.").

by amending their complaint on the eve of trial. And all this occurs without Rule 23 analysis—under subsections (a), (b), or (e) (foregoing the CPL claims), and without notice.[5]

The Court must, consistent with the federal rules, treat Plaintiffs' submission in the only way it can: as a request to stay the trial and schedule appropriate briefing on the certification of a new class under Rule 23(a) and Rule 23(b)(3) on the basis of common law fraud and a Rule 23(e) hearing on dropping the CPL claims (which requires notice to the class). AstraZeneca awaits Plaintiffs' submissions establishing the factual basis under which such a class may be certified under 51 variations (50 states and the District of Columbia) of state common law fraud.[6] Of course, no court has tried a nationwide class on the basis of common law fraud. See, e.g. Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 725 (11th Cir. 1987) (upholding the denial of certification of a nationwide class based on common law fraud because diverse standards for liability defeats the predominance requirement under Rule 23(b)(3)).[7]

---

[5] AstraZeneca maintains its position from earlier filings that the class as certified by this Court must be decertified and does not concede that any final judgment made on behalf of the class, as certified, is final or binding.

[6] As demonstrated by AstraZeneca's proposed jury instructions for Florida and Oregon, attached as Exhibit A, the elements of the fraud of intentional misrepresentation vary from state to state.

[7] See e. g., Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 482 F.2d 880, 883 (5th Cir. 1973) (diverse standards for law fraud in the various states precluded finding in favor of certification); In re SciMed Securities Litig., No. Civ. 3-91-575, 1993 WL 616692, *7 (D. Minn. Sept. 29, 1993) ("The laws of the several states regarding common law fraud . . . vary significantly" and therefore certification of the common law fraud claim in the securities action was inappropriate); Sanders v. Robinson Humphrey/American Exp., Inc., 634 F. Supp. 1048, 1068-69 (N.D.Ga. 1986) ("While this court does not intend to survey the law of fraud in all 50 states, several major differences do exist") (contrasting the law of Alabama, Florida, Kentucky, Louisiana, Mississippi, Ohio, South Carolina, Tennessee, Texas and Virginia on various elements of a fraud claim); Elster v. Alexander, 76 F.R.D. 440 (D.C.Ga. 1977) (because potential class of 8,500 members would likely implicate the law of 50 states, the common law fraud claim would not be certified); In re Worldcom, Inc., 343 B.R. 412, 427-28 (Bankr. S.D.N.Y. 2006) (noting that predominance requirement for nationwide class action would not be satisfied for either consumer protection act or common law fraud claims based on differing requirements for them in the various states); Bunch v. KMART Corp., 898 P.2d 170, 172 (Okl. App. 1995) (reversing class certification where court was "satisfied that among the 49 states in which KMART has automotive divisions, significant differences exist in the substantive law of fraud").

## **CONCLUSION**

For the reasons set forth above, AstraZeneca reasserts its objections to the Court's ruling that the jury will be instructed on a claim not asserted in Plaintiffs' complaint nor certified in this Court's Rule 23 order.  Subject to these objects and in compliance with the Court's order, however, AstraZeneca submits the proposed charges and verdict form attached as Exhibits A and B.

Respectfully submitted,

By: /s/ Katherine B. Schmeckpeper

Michael B. Keating (BBO# 263360)
Nicholas C. Theodorou (BBO # 496730)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated:  May 2, 2007

## **CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of the foregoing was delivered on May 2, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

               By: /s/ Katherine B. Schmeckpeper
                  Katherine B. Schmeckpeper