# EXHIBIT A
# TAB 1

**DEFENDANT'S PROPOSED JURY INSTRUCTION ON
FLORIDA COMMON LAW INTENTIONAL MISREPRESENTATION[1]**

---

[1] AstraZeneca incorporates by reference the General Jury Instructions filed as exhibits to Defendant's Memorandum in Support of the Motion to Exclude Certain States, filed on April 6, 2007. See Docket No. 4033.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**
**DEGREE OF PROOF**

The standard of proof in an intentional misrepresentation case is that plaintiff must prove each of the elements by a preponderance, or greater weight, of the evidence.

**Authority:**
Wieczoreck v. H & H Builders, Inc., 475 So. 2d 227 (Fla. 1985); Watson Realty Corp. v. Quinn, 452 So. 2d 568 (Fla. 1984); see also Powerhouse, Inc. v. Walton, 557 So.2d 186 (Fla. Dist. Ct. App. 1st Dist. 1990) (noting that it is error to instruct a jury under the clear and convincing standard of proof); 27 Fla. Jur. 2d Fraud and Deceit § 92 ("The standard of proof in a fraud action is a preponderance or greater weight of the evidence, whether the action is at law or in equity. Thus, in an action for fraud, the correct standard of proof is the "greater weight" of the evidence rather than "clear and convincing" evidence, and a trial court errs by determining the fraud issue under a "clear and convincing" standard of proof").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**
**ELEMENTS**

In order to prove his claim that AstraZeneca made an intentional misrepresentation, Mr. Townsend must prove each one of the following five elements by a preponderance of the evidence: (1) AstraZeneca made a false statement of material fact about the average wholesale price ("AWP") of Zoladex; (2) AstraZeneca knew that the statement about the AWP of Zoladex was false; (3) AstraZeneca intended that Mr. Townsend would hear or read the statement and rely upon it in making a decision; (4) Mr. Townsend did in fact hear or read the statement, relied upon the correctness of the representation, and was reasonable in doing so; and (5) Mr. Townsend's reliance upon the misrepresentation caused damages to him.

I will now explain each of these elements in more detail.

**Authority:**
Distribution Management Servs. v. Southern Waste Sys., Ltd., 948 So. 2d 6, 10 n.5 (Fla. 3d Dist. Ct. App. 2006); Romo v. Amedex Ins. Co., 930 So. 2d 643, 651 (Fla. 3d Dist. Ct. App. 2006) (same); 27 Fla. Jur. 2d Fraud and Deceit § 14 (setting forth elements of common law fraud).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:
## FALSE REPRESENTATION

As an initial matter, Plaintiffs must prove that AstraZeneca made a false statement of material fact about the AWP of Zoladex. That means you must find the statement AstraZeneca made to the medical publishing companies about the AWP of Zoladex was false.

Then, you must also find that the false statement was about a material fact. I will now tell you what it means for a fact to be material.

**Authority:**
Distribution Management Servs. v. Southern Waste Sys., Ltd., 948 So. 2d 6, 10 n.5 (Fla. 3d Dist. Ct. App. 2006); Romo v. Amedex Ins. Co., 930 So. 2d 643, 651 (Fla. 3d Dist. Ct. App. 2006) (same); 27 Fla. Jur. 2d Fraud and Deceit § 14 (setting forth elements of common law fraud).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4: MATERIALITY

Mr. Townsend must prove not only that AstraZeneca made a false statement, but that AstraZeneca made a false statement about a <u>material</u> fact. A fact is material if, but for the misrepresentation, the plaintiff would not have entered into the transaction at issue. On the other hand, a representation is immaterial where the plaintiff would have entered into the transaction regardless of whether the statement had been made or not. Thus, the test for materiality is whether, if not for the false statement, the plaintiff would have refused to enter into the transaction.

Accordingly, in this case, you must find not only that AstraZeneca's statement about the AWP for Zoladex was false, but also that but for AstraZeneca's statement about the AWP of Zoladex, Mr. Townsend would have made a different decision regarding Zoladex.

**Authority:**
<u>Casey v. Cohan</u>, 740 So. 2d 59 (Fla. 4th Dist. Ct. App. 1999); <u>Hillcrest Pacific Corp. v. Yamamura</u>, 727 So. 2d 1053 (Fla. 4th Dist. Ct. App. 1999); 27 Fla. Jur. 2d Fraud and Deceit § 23 ("In order to be actionable, a fraudulent misrepresentation must be of a material fact. . . . A fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract. Conversely, a representation is immaterial where it appears that the contract or transaction would have been entered into whether it had been made or not. Thus, the test for materiality lies in the question of whether, except for the perpetration of the fraud, the allegedly aggrieved party would have refused to enter into the contract or other transaction.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:
MENTAL STATE REQUIREMENTS
KNOWLEDGE OF FALSITY**

Mr. Townsend must also prove that AstraZeneca knew the statement about the AWP of Zoladex was false.

To prove this, Mr. Townsend must show that either: (1) AstraZeneca made a statement of fact knowing it was false; or (2) AstraZeneca made a statement of fact that AstraZeneca should have known was false; or (3) AstraZeneca made a statement of fact without knowledge as to its truth or falsity.

In this case, Mr. Townsend must prove by a preponderance of the evidence that AstraZeneca made a statement regarding the AWP of Zoladex knowing that the statement was false or under circumstances in which AstraZeneca should have known it was false.

**Authority:**
Air Turbine Technology, Inc. v. Atlas Copco AB, 295 F. Supp. 2d 1334 (S.D. Fla. 2003); Parker v. State of Florida Bd. of Regents ex rel. Florida State University, 724 So. 2d 163 (Fla. Dist. Ct. App. 1st Dist. 1998); First Nat. Bank of Stuart v. Jackson, 267 So. 2d 697 (Fla. Dist. Ct. App. 4th Dist. 1972); 27 Fla. Jur. 2d Fraud and Deceit § 36;  ("One of the elements of fraud is that the party making the misrepresentation knew of its falsity at the time it was made.  The person charged with a misrepresentation must be shown to have had knowledge of the falsity of the statement at the time it was made, or the evidence must show the equivalent of such knowledge, which is that the statement was made without knowledge as to its truth or falsity or was made under circumstances in which the truth should have been known to the person making the statement.  Stated differently, an alleged misrepresentation is actionable only if the defendant knew or should have known that the statements were false, or if the statements were made without knowledge of their truth or falsity."); 27 Fla. Jur. 2d Fraud and Deceit § 95 ("The knowledge or scienter of the maker of the representation of its falsity can be established by any one of the three following phases of proof: (1) that the representation was made with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or (3) under circumstances in which the person making it ought to have known, if he or she did not know, of its falsity. Under the first phase, the proof must show actual knowledge of the falsity of the representation. Under the second phase, it should show that the representation was made in such absolute, unqualified, and positive terms as to imply that the party making it had knowledge of its truth, and that he or she made such absolute, unqualified, and positive assertions on a subject of which he or she was ignorant, and that the party had no knowledge whether his or her assertion in reference thereto was true or false. Under the third phase, the proof should show that the party occupied such a special situation or possessed such means of knowledge as made it his or her duty to know as to the truth or falsity of the representation

made. If the proof establishes any one of these three phases, then the scienter is sufficiently made out.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:
## MENTAL STATE REQUIREMENTS
## FRAUDULENT INTENT OR PURPOSE

A claim for intentional misrepresentation also requires Plaintiffs to prove something about AstraZeneca's intent or state of mind. It may sound strange to talk about the state of mind of a company. In determining a company's state of mind, you must look to what the company's high level employees were thinking at the time they were making decisions on behalf of the company.

To prove intentional misrepresentation, Mr. Townsend must prove that AstraZeneca <u>intended</u> to deceive Mr. Townsend. That is, you must find that AstraZeneca <u>intended</u> for Mr. Townsend to act in reliance upon the misrepresentation that the AWP of Zoladex was an actual average wholesale price.

In other words, Plaintiffs have to prove that AstraZeneca's purpose in making the statement about the AWP of Zoladex to third parties was to mislead Mr. Townsend and to induce Mr. Townsend to make a decision concerning Zoladex based upon the misrepresentation that the Zoladex AWP was an actual average wholesale price.

**<u>Authority:</u>**
<u>Beck v. Prupis</u>, 162 F.3d 1090, 1097 (11th Cir. 1998) (holding that plaintiffs failed to show fraudulent intent because "Beck has presented no evidence of the defendants' fraudulent intent to induce Beck to make these investment decisions . . . . Beck has produced no evidence suggesting that, in this case, the omission was intended to induce Beck to make financial commitments to the company."); 27 Fla. Jur. 2d Fraud and Deceit § 37 ("Among the elements of fraud is that the misrepresentation was made for the purpose of inducing another to act in reliance on it. Thus, before relief for fraud will be granted, an intent to deceive must be shown.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:
## MENTAL STATE REQUIREMENTS
## BAD FAITH

Bad faith is also a requirement of fraud in Florida. Bad faith is defined in the law as having a "sinister motive" or "ill will." In order to find against AstraZeneca, Plaintiffs must prove that AstraZeneca acted with a sinister motive or ill will toward Mr. Townsend when it made a statement about the AWP of Zoladex.

**Authority:**
Parker v. State of Florida Bd. of Regents, 724 So. 2d 163, 168 (Fla. 1st Dist. Ct. App. 1998) (holding that "bad faith must always be considered a necessary element of fraud"); Ocean Bank of Miami v. Inv-Uni Inv. Corp., 599 So. 2d 694, 697 (Fla. 3d Dist. Ct. App. 1992) ("Scienter, or guilty knowledge, is an element of intentional misconduct."); Howard v. Metcalf, 487 So. 2d 43, 46 (Fla. 2d Dist. Ct. App. 1986) ("Moreover, to be entitled to that kind of award, Howard would have had to plead facts sufficient to disclose that Kinard's breach of the agreement was motivated by a sinister design equating with a fraudulent purpose."); Vogel v. Vandiver, 373 So. 2d 366, 367 (Fla. 2d Dist. Ct. App. 1979) (defining bad faith as "[t]he opposite of 'good faith', generally implying or involving actual or constructive fraud, or a design to mislead or deceive another . . . or sinister motive . . . . (contemplating) a state of mind affirmatively operating with a furtive design or some motive of interest or ill will") (citing Black's Law Dictionary, 4th Ed. at 176); 27 Fla. Jur. 2d Fraud and Deceit § 14 ("Furthermore, for fraud to exist, as a matter of law, bad faith must also exist. Thus, bad faith must be deemed to be a necessary element of any action for fraud whether the fraud action is based on intentional misconduct or on reckless disregard for the truth. Furthermore, intentional misconduct is a necessary element of fraud.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:
## RELIANCE

In addition to AstraZeneca's state of mind, you also have to make findings regarding Mr. Townsend's mindset. In order to prevail, Mr. Townsend must prove that he in fact relied upon AstraZeneca's misrepresentation about the AWP of Zoladex. Reliance means that a person acted as he did because he believed defendant's statements were true. In other words, Mr. Townsend cannot recover unless he heard or read AstraZeneca's statement about the AWP of Zoladex and believed it to be the actual average wholesale price of Zoladex.

If Mr. Townsend did not in fact rely upon AstraZeneca's statement about the AWP of Zoladex in making his decision concerning Zoladex, you must find for AstraZeneca.

**Authority:**
Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Col., Inc., 881 So. 2d 565, 571 (Dist. Ct. App. 3d 2004) (holding that to establish a civil RICO fraud claim, plaintiff must make same showing of reasonable reliance required to prove common law fraud, and "[t]hus, where a civil RICO plaintiff fails to prove that he actually saw or was aware of, let alone relied upon, any false mail or wire communication, judgment is properly entered against him."); Humana, Inc. v. Castillo, 728 So. 2d 261, 265 (Fla. Dist. Ct. App. 2d Dist. 1999) (noting that reliance requirement cannot be satisfied by assumptions); 27 Fla. Jur. 2d Fraud and Deceit § 39 ("[T]he person to whom the misrepresentation is made must have relied on it and, as a consequence, been induced to act; the misrepresentation must be relied upon as an inducement to some action.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO 9:
## JUSTIFIABLE/REASONABLE RELIANCE

It is not enough for Mr. Townsend to show that he relied on the representation made by AstraZeneca. Mr. Townsend must also prove that his reliance on AstraZeneca's representation was justified. This means that Mr. Townsend must prove that his reliance on AstraZeneca's statement about the AWP of Zoladex was warranted, and that a reasonable person could be expected to rely on a representation about AWP in making a decision concerning Zoladex.

**Authority:**
Pitt Sales, Inc. v. King World Productions, Inc., 383 F. Supp. 2d 1354, 1364 (S.D. Fla. 2005); Mergens v. Dreyfoos, 166 F.3d 1114, 1118 (11th Cir. 1999) (finding reliance unjustified given party's level of sophistication); 27 Fla. Jur. 2d Fraud and Deceit § 40 ("[G]enerally, to constitute remediable fraud, it must appear that the reliance placed on the representation by the other party was justified under the circumstances . . . . Accordingly, a plaintiff's reliance on the representation must be reasonable. In other words, the party to whom the representation is made must not only believe it to be true but must be so situated with respect to what is represented as to have the right to depend on the truth of the statement.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10: CAUSATION

Mr. Townsend must also prove that his reliance on AstraZeneca's intentional misrepresentation that the AWP of Zoladex was an actual average wholesale price caused him injury.  It is not enough for Mr. Townsend to say that he would have liked to have paid less for Zoladex.  It is also not enough for Mr. Townsend to say that if AstraZeneca never published an AWP for Zoladex he would have paid less.  Mr. Townsend must show that AstraZeneca's statement about the AWP of Zoladex was a "substantial factor" in his decision-making and that if not for his reliance on the Defendant's statement, he would have made some different decision and would not have been injured.

If you find that Mr. Townsend did not in fact rely upon AstraZeneca's statement, then the statement did not cause his loss.  If Plaintiffs have failed to present any evidence that Mr. Townsend actually saw, let alone relied upon, any false statements about the AWP of Zoladex, then Plaintiffs have failed to establish causation.

**Authority:**
Beck v. Prupis, 162 F.3d 1090, 1097 (11th Cir. 1998) ("Beck has presented no evidence that this omission proximately caused his losses. He has repeatedly stated that had he known about the illegal activities, he would not have made the same financial decisions. As noted above, however, this type of 'but for' causation is insufficient to sustain a claim of fraud. Instead, proximate cause is required, meaning that this omission must have been a "substantial factor" in his decisionmaking."); id. ("Beck has also failed to demonstrate proximate cause – he has presented no evidence that he actually saw, let alone relied upon, any false financial statements prior to making his financial decisions."); Humana, Inc. v. Castillo, 728 So. 2d 261, 265 (Fla. Dist. Ct. App. 2d 1999) ("Florida law also requires a party asserting fraud to establish that but for the alleged misrepresentation or nondisclosure, the party would not have entered the transaction. . . . If a plaintiff claims to be misled, but cannot demonstrate a causal connection between the defendant's conduct and the plaintiff's misapprehension, the plaintiff cannot recover."); 27 Fla. Jur. 2d Fraud and Deceit § 49 ("To establish a remediable tort in an action for deceit, it must be shown that the damage resulted proximately from the fraud.  A party asserting fraud is required to establish that but for the misrepresentation or nondisclosure, the party would not have entered the transaction.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11: DAMAGES

Mr. Townsend must prove he suffered damages caused by his reliance on a misrepresentation by AstraZeneca.

**Authority:**
27 Fla. Jur 2d Fraud and Deceit § 48 ("Actual damages is an element of an action for fraud. Fraud and deceit if not accompanied by damage or injury, are moral, not legal wrongs. Thus, the general rule requires that an allegedly defrauded party incur some pecuniary or other loss as a precondition to warrant a finding of actionable fraud.").