# EXHIBIT A
# TAB 2

**DEFENDANT'S PROPOSED JURY INSTRUCTION ON
OREGON COMMON LAW INTENTIONAL MISREPRESENTATION**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12:
DEGREE OF PROOF**

In order to find for Plaintiffs in this case, you must find that Mr. Howe proved each and every element of his claim by clear and convincing evidence. Clear and convincing evidence is evidence of extraordinary persuasiveness. This standard is met only when the truth of the facts asserted is highly probable.

**Authority:**
Krause v. Eugene Dodge, Inc., 509 P.2d 1199, 1207 (Or. 1973) (citing Cook v. Michael, 330 P.2d 1026 (Or. 1958)); State v. Shorett, 95 P.3d 1146, 1151 (Or. App. 2004); Kish v. Kustura, 79 P.3d 337, 339 (Or. App. 2003) (citing Riley Hill General Contractor, Inc. v. Tandy Corp., 737 P.2d 595 (Or. 1987)); see also 1 L. Sand et al., Modern Federal Jury Instructions § 73-3 (2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13:
ELEMENTS**

In order to prove an intentional misrepresentation claim under Oregon law, Mr. Howe must show:  (1) a representation of a fact; (2) its falsity; (3) the materiality of the representation of fact; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted on by the person and in the manner reasonably contemplated; (6) the plaintiff's ignorance of the falsity of the representation of fact; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

I will now explain each of these elements to you.

**Authority:**
State ex rel. Redden v. Discount Fabrics, Inc., 615 P.2d 1034, 1038 (Or. 1980) (citing Rice v. McAlister, 519 P.2d 1263 (Or. 1974)).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO 14:
## FALSE REPRESENTATION

As an initial matter, Plaintiffs must prove that AstraZeneca misrepresented a fact. This means that AstraZeneca made a factual statement about the AWP of Zoladex and that this representation was false.

**Authority:**
Berki v. Reynolds Secur., Inc., 560 P.2d 282, 285 (Or. 1977); Schwarz v. Philip Morris Inc. (In re Estate of Schwarz), 135 P.3d 409, 422-23 (Or. Ct. App. 2006) (a misimpression is an actionable fraud claim if it is a promise made by defendants with the knowledge that it will not be performed).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15:
MATERIALITY**

Plaintiffs must prove that the AstraZeneca's statement of fact was material. A representation is material when it is likely to influence the conduct of a reasonable person concerning a transaction with another person. In order to find that AstraZeneca's statement of fact was material, Plaintiffs must prove that a reasonable person making the decision to take Zoladex would be influenced by knowing the actual average wholesale price of Zoladex. If you determine that the actual average wholesale price of Zoladex would not be important to a reasonable person, then there is no materiality and you must find for AstraZeneca.

**Authority:**
Myers v. MHI Invest., Inc., 606 P.2d 652, 655-56 (Or. Ct. App. 1980) (finding representation was not material where buyers of mobile home claimed to have been defrauded because they were not told that part of their purchase price would go to a broker and not the actual owners); Smog Dog Inc. v. Coalianz, LLC, No. Civ. 05-42-HA, 2005 WL 1113838, at *2-3 (D. Or. May 9, 2005) (finding representations material where they induced plaintiffs to cancel stock offerings to existing shareholders in reliance on defendant's statements that it had funding from outside investors).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16:
DEFENDANT'S MENTAL STATE/SCIENTER**

Plaintiffs must prove by clear and convincing evidence that AstraZeneca knew that the statement of fact made to Mr. Howe was false. Moreover, Plaintiffs must prove that AstraZeneca misrepresented a material fact for the very purpose of misleading Mr. Howe. This means that Plaintiffs must show that AstraZeneca made a statement of fact to Mr. Howe that the AWP of Zoladex was intended to be the actual average of wholesale price of Zoladex when AstraZeneca, in fact, knew that it was not, and that AstraZeneca intended that Mr. Howe would be misled into thinking that the AWP of Zoladex was the actual average of wholesale price of Zoladex.

**Authority:**
State ex rel. Redden v. Discount Fabrics, Inc., 615 P.2d 1034, 1039 (Or. 1980) (citing Horner v. Wagy, 146 P.2d 92 (Or. 1944)); Schwarz v. Philip Morris Inc. (In re Estate of Schwarz), 135 P.3d 409, 423 (Or. Ct. App. 2006) ("[T]he requisite intent to mislead in a fraud claim consists of a defendant misrepresenting a material fact for the purpose of misleading the other party… What matters is whether the representation was intended ultimately for the public or for a particular class of persons to which the plaintiff belongs."); Burns v. MBK Partnership, 2003 WL 23979014, at *12 (D. Or. Nov 5, 2003) (stating that the standard for whether the requisite mental state exists regarding a particular plaintiff is whether the person suing is a person or in a class of persons whom the defendant intends or has reason to expect will act in reliance on the representation).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17:
## INTENT TO INDUCE RELIANCE

Plaintiffs must also prove that in making the statement of fact concerning the AWP of Zoladex, AstraZeneca intended that Mr. Howe would rely on the AWP being a statement of the actual average wholesale price of Zoladex in making his decision concerning the drug, and that AstraZeneca made the statement of fact for the very purpose of inducing such reliance.

**Authority:**
Schwarz v. Philip Morris Inc. (In re Estate of Schwarz), 135 P.3d 409, 422 (Or. Ct. App. 2006) ("[T]he fundamental character of fraud is the communication of a misimpression to induce another to rely on it.") (internal citation omitted).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18:
## PLAINTIFF'S KNOWLEDGE OF THE STATEMENT'S FALSITY

Plaintiffs must not only prove that AstraZeneca's statement about AWP was false, but must also prove that Mr. Howe did not know that the statement about AWP was false when he made his decision concerning Zoladex. In order for you to find that the statement AstraZeneca made about AWP was false, Plaintiffs must first prove that AstraZeneca's statement was intended to represent the actual average wholesale price of Zoladex. If you find that Plaintiffs have proven that AstraZeneca's statement was false, then you must determine whether Plaintiffs have also proven that Mr. Howe thought that the statement about AWP was true.

**Authority:**
State ex rel. Redden v. Discount Fabrics, Inc., 615 P.ed 1034, 1038-39 (Or. 1980).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19:
### RELIANCE

Plaintiffs must prove that Mr. Howe relied on the representation made by AstraZeneca. In other words, Mr. Howe must prove that he saw the statement of fact made by AstraZeneca about the AWP for Zoladex and relied on that statement as a truthful statement about the actual average wholesale price of Zoladex in making his decision concerning Zoladex.

**Authority:**
Or. Pub. Emples. Ret. Bd. v. Simat, Helliesen & Eichner, 83 P.3d 350, 360 (Or. Ct. App. 2004) (stating that reasonable reliance is an element of fraud).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20: JUSTIFIABLE RELIANCE

It is not enough for Mr. Howe to show that he relied on the representation made by AstraZeneca. Mr. Howe must also prove that his reliance on AstraZeneca's representation was justified. This means that Mr. Howe must prove that his reliance on AstraZeneca's statement about the AWP for Zoladex was warranted, and that a reasonable person could be expected to rely on a representation about the AWP of Zoladex in making a decision concerning Zoladex.

**Authority:**
Or. Pub. Emples. Ret. Bd. v. Simat, Helliesen & Eichner, 83 P.3d 350, 360 (Or. Ct. App. 2004) (stating reasonable reliance arises from a party's right to rely on another party, which implicates the question of a party's duty to use reasonable diligence before relying and must be evaluated on the totality of the circumstances).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21:
CAUSATION**

Plaintiffs must prove that AstraZeneca's conduct caused Mr. Howe some injury. In other words, it is not enough to determine that AstraZeneca did something wrong; rather, Plaintiffs must show a link between AstraZeneca's conduct and the injury suffered by Mr. Howe. Therefore, Plaintiffs cannot prevail if all they can show is that Mr. Howe paid more than he would have liked for Zoladex. Instead, Plaintiffs must show that "but for" AstraZeneca's representation that the AWP for Zoladex was an actual average wholesale price, Mr. Howe would have done something different, such as bargained for a better price of Zoladex.

**Authority:**
Saga Enterprises, Inc. v. Coldwell Banker & Co., 598 P.2d 285, 293 (Or. 1979) ("As can be seen, plaintiff's position is not that it was damaged by its purchase of the property per se, but rather that it was damaged by its failure to purchase the property on better terms than it was able to negotiate. Accordingly, plaintiff's proof that it was damaged by Triplett's 'misrepresentation and concealment of pertinent facts' is sufficient only if it showed that but for the misrepresentation plaintiff 'could and would have bargained for a "symmetrical" [liquidated damages] provision in Saga's contract with Iron Mountain [or in a similar contract between Saga and Conde].'").

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22: INJURY

Mr. Howe must prove that he was injured by AstraZeneca's conduct. Here, this means that Plaintiffs must show that the value of Zoladex was less than the sum paid by Mr. Howe.

**Authority:**
Metal Tech Corp. v. Metal Teckniques Co., 703 P.2d 237, 244-45 (Or. Ct. App. 1985).