# EXHIBIT A
# TAB 3

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS ON HEIGHTENED STANDARD FOR PUNITIVE DAMAGES [1] [2]

---

[1] AstraZeneca does not believe that the evidence warrants a punitive damages instruction in this case.   This Court requested punitive damages instructions under the state consumer protection statutes under which this class is certified.  To the extent the Court intends to "apply" "jury findings" made under common law fraud elements to state consumer protection law standards for punitive damages, AstraZeneca objects, as doing so is not permissible, authorized, or appropriate where the jury has not been charged and has not made any finding under state consumer protection statutes.  Furthermore, AstraZeneca objects and asserts that any punitive damages awarded under any or all of the state consumer protection statutes must not be based on Defendant's out-of-state conduct or conduct directed at any person other than the Plaintiff; must bear a reasonable relationship to compensatory damages that the Plaintiff proves; and, notwithstanding any statutory authorization to the contrary, all factual determinations required under any consumer protection statute prior to imposition of punitive damages must be determined by the jury.  See, e.g., Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007); State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003); BMW of North Amer., Inc. v. Gore, 517 U.S. 559 (1996); see also Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, Blakely v. Washington, 542 U.S. 296 (2004).  Moreover, some states, for example Delaware, require a finding of compensatory damages as a prerequisite to imposing punitive damages.  AstraZeneca maintains that in such states, in order to impose punitive damages, Plaintiffs must prove compensatory damages as to each individual absent class member.

[2] AstraZeneca is only submitting instructions for state consumer protection statutes that require a heightened evidentiary showing for the award of punitive damages.  AstraZeneca does not concede that punitive damages exist under every state consumer protection statute under which this class was certified, nor does AstraZeneca concede that punitive damages are permitted in those states that do not provide heightened requirements.  Moreover, to the extent Plaintiffs' previous jury instruction submission identifies states allowing punitive and enhanced damages without citing any authority, AstraZeneca reserves the right to raise objections once Plaintiffs inform the Court as to the legal basis of these instructions.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
INTRODUCTION**

As I explained, this case is being brought on behalf of individuals from states across the country.  Because laws vary from state to state, some states require you to make some additional findings.  One additional finding I need you to make relates to punitive damages.  These findings will be important in deciding how much, if any, damages each Plaintiff should be awarded in the event that you find AstraZeneca liable.  I will now instruct you on specific requirements of the states that require additional findings in order to allow for punitive damages.

**DEFENDANT'S PROPOSED  INSTRUCTION NO. 24:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**ARIZONA**

Under Arizona law, Plaintiffs are entitled to punitive damages in civil cases, including a consumer protection action, only if Plaintiffs have shown by clear and convincing evidence that "[AstraZeneca's] conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others."

Wanton, reckless indifference is evinced when the wrongdoer is "consciously aware of the wrongfulness or harmfulness of his conduct and yet continue[s] to act in the same manner in deliberate contravention of the rights of the victim."

**Authority:**
Holeman v. Neils, 803 F. Supp. 237, 242-43 (D. Ariz. 1992); accord Cearley v. Wieser, 727 P.2d 346 (Ariz. App. 1986) (same); Schmidt v. American Leasco, 679 P.2d 532, 535 (Ariz. App. 1983); Rawlings v. Apodaca, 726 P.2d 565, 578-79 (Ariz. 1986).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**CALIFORNIA**

Under California law, Plaintiffs are entitled to punitive damages in civil cases, including this consumer protection action, only when they have shown by clear and convincing evidence that the acts of AstraZeneca evidence malice, oppression or fraud toward Mr. Howe and Mr. Townsend.  In California, "malice" means despicable conduct that is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.  "Oppression" is defined to mean "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."  "Despicable refers to circumstances that are 'base,' 'vile,' or 'contemptible.' "  "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

**Authority:**
Ca. Civ. Code §§ 1780(a)(4), 3294; <u>Faigman v. Cingular Wireless, LLC</u>, No. Civ. 06-04622 MHP, 2007 U.S. Dist. LEXIS 14908 (D. Cal. Mar. 1, 2007); <u>Shade Foods v. Innovative Prods. Sales & Mktg.</u>, 78 Cal. App. 4th 847, 891 (Cal. Ct. App. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.26: HEIGHTENED STANDARD FOR PUNITIVE DAMAGES CONNECTICUT

Under Connecticut law, the jury may award punitive damages in civil cases, including this consumer protection action, only when Plaintiffs have shown by clear and convincing evidence that the acts of the Defendant are willful, reckless, or maliciously tortious.

" 'Malice implies that the wrong complained of was conceived in the spirit of mischief, or criminal indifference to civil obligations.' "

**Authority:**
Conn. Gen. Stat. § 42-110g(a); Nautilus LLC v. Langello, CV 9705416075, 1998 Conn. Super. LEXIS 1801, at *8 (Conn. Super. Ct. June 25, 1998) (punitive damages allowed in court's discretion if there is reckless indifference to another's rights or wanton or intentional violation of such rights); Gargano v. Heyman, 525 A.2d 1343, 1347 (Conn. 1987) ("In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence."); Enviro Express v. Resco, CV. 000374626, 2001 Conn. Super. LEXIS 407 (Conn. Super. Ct. Feb. 15, 2001) (striking plaintiff's request for punitive damages, where factual allegations were insufficient to support the contention that defendant's conduct was willful, reckless, or maliciously tortious); Collens v. New Canaan Water Co., 234 A.2d 825 (1967) (citing Milwaukee and St. Paul Railway Co. v. Arms, 91 US 489, 493 (1876)).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**DELAWARE**

Under Delaware law, Plaintiffs are entitled to punitive damages in civil cases, including this consumer protection action, only when they have shown by clear and convincing evidence that the acts of AstraZeneca are "gross, oppressive or aggravated, or where it involves breach of trust or confidence."  Notably, "the award of punitive damages cannot be made unless the plaintiff also receives compensatory damages."

**Authority:**
Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1076-77 (Del. 1983).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**DISTRICT OF COLUMBIA**

Under District of Columbia law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown that the acts of AstraZeneca show evil motive, actual malice, or willful disregard for the rights of the Plaintiffs, and only in cases of outrageous or egregious wrongdoing.  In determining whether a defendant has acted with actual malice or willful disregard for the rights of plaintiffs, you should consider the amount of actual damages awarded, the frequency, persistency, and degree of intention of the defendant's unlawful trade practice, and the number of consumers adversely affected by those practices.  You should also consider whether the defendant had a legitimate business goal with respect to its practices, which would suggest that its conduct is not malicious or done with an evil motive.

**Authority:**
Dist. Cablevision Ltd. Partnership v. Bassin, 828 A.2d 714, 725-26 (D.D.C. 2003); Calvetti v. Antcliff, 346 F. Supp. 2d 92, 108 (D.D.C. 2004); Rowan Heating Air Conditioning Sheet Metal, Inc. v. Williams, No. 89-419, 1990 D.C. App. LEXIS 155, at *8 (D.C. Ct. App. July 3, 1990).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**IDAHO**

Under Idaho law, Plaintiffs are entitled to punitive damages in civil cases, including this consumer protection action, only when they have shown by clear and convincing evidence, that the acts of AstraZeneca were repeated and flagrant. Thus, in order to be eligible for punitive damages, Plaintiffs must prove by clear and convincing evidence that AstraZeneca's conduct was repeated and flagrant, and that therefore AstraZeneca should pay Plaintiffs more than the actual damages Plaintiffs suffered.

**Authority:**
Idaho Code § 48-608; Mac Tools, Inc. v. Griffin, 879 P.2d 1126 (Idaho 1994).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30:
### HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
### ILLINOIS

Under Illinois law, Mr. Howe and Mr. Townsend are entitled to punitive damages only if they can show that AstraZeneca's alleged deceptive trade practices or acts are "outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others."  "Malice" is defined as "the intent, without justification or excuse, to commit a wrongful act."  Conduct committed with an "evil motive" or with "reckless indifference toward the rights of others" has been defined as conduct that "involves some element of outrage similar to that usually found in crime."

**Authority:**
815 Ill. Comp. Stat. 505/10a;  Loitz v. Remington Arms Co., 563 N.E.2d 397, 402 (Ill. 1990); Smith v. Prime Cable of Chicago, 658 N.E.2d 1325, 1336-37 (Ill. App. Ct. 1995) (Defendant's claim that Plaintiff "knowingly" and "falsely, deceitfully and fraudulently misrepresented" the length of a contract did "not rise to the level of actual malice, evil motive or reckless indifference so as to justify an award of punitive damages"); Johnson v. Target Stores, Inc., 791 N.E.2d 1206, 1222 (Ill. App. Ct. 2003); Shirk v. Kelsey, 617 N.E.2d 152, 160 (Ill. App. Ct. 1993).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**NEVADA**

Under Nevada law, Mr. Howe and Mr. Townsend may recover punitive damages if they can prove by clear and convincing evidence that, in their representation of the average wholesale price of Zoladex, AstraZeneca was guilty of oppression, fraud or malice, express or implied. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person. "Malice, express or implied" means conduct that is intended to injure a person or despicable conduct that is engaged in with a conscious disregard of the rights or safety of others. "Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person.

**Authority:**
Nev. Rev. Stat. Ann. § 42.005; Nev. Rev. Stat. § 42.001.

11

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32:
### HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
### OREGON

Under Oregon law, Plaintiffs are entitled to punitive damages in cases such as this one, only when they have shown by clear and convincing evidence that deterrence is called for and AstraZeneca's conduct was particularly aggravated.  A defendant's conduct is considered particularly aggravated when that conduct is willful, wanton or malicious.  "Malicious" means " 'harboring malice, ill will, or enmity; having a deliberate intention to injure others; intending or determined on evil' "  Relevant factors to consider include:  the seriousness of the hazard to the public, the attitude and conduct of the wrongdoer upon learning of the hazard, the number and position of employees involved in causing or covering up the misconduct, the duration of the misconduct and/or its cover-up, the financial condition of the wrongdoer, and prior and potential punishment from similarly situated plaintiffs or other sources.

**Authority**:
Or. Rev. Stat. § 646.638(1); <u>Crooks v. Payless Drug Stores</u>, 592 P.2d 196 (Or. 1979); <u>Honeywell v. Sterling Furniture Co.</u>, 797 P.2d 1019, 1021 (Or. 1990); <u>Cook v. Kinzua Pine Mills Co.</u>, 207 Ore. 34, 57 (Or. 1956).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
PENNSYLVANIA**

Under Pennsylvania law, punitive damages are awarded only for outrageous conduct that is done with a bad motive or a reckless indifference to the interests of others. You may award punitive damages in this action only if Plaintiffs have proven by clear and convincing evidence that the acts of AstraZeneca were malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others. To be recklessly indifferent, the defendant must have known or have reason to know of a high risk of harm and deliberately proceed to act in conscious disregard or indifference to that risk.

**Authority:**
Johnson v. Hyundai Motor America, 698 A.2d 631, 638 (Pa. Super. Ct. 1997); SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702, 704 (Pa. 1991) ("[P]unitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.") (internal quotation omitted); Schecter v. Watkins, 577 A.2d 585, 595 (Pa. Super. Ct. 1990) ("The purpose of punitive damages is to punish for outrageous conduct done in reckless disregard of another's rights.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
UTAH**[3]

Under Utah law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown by clear and convincing evidence that AstraZeneca's conduct was the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

**Authority:**
Utah Code Ann. § 78-18-1.

---

[3] In their proposed jury instructions, Plaintiffs agreed that they could not pursue their claims in Ohio and Utah due to the predetermination requirements in those state consumer protection statutes.  (See Mem. in Support of Pls.' Proposed Jury Instructions at 2).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35:
HEIGHTENED STANDARD FOR PUNITIVE DAMAGES
VERMONT**

Under Vermont law, Plaintiffs are entitled to punitive damages in civil cases, including this action, only when they have shown by clear and convincing evidence that AstraZeneca's conduct was committed willfully and with actual malice.  A defendant has acted with malice if the defendant manifested ill will or the conduct was carried out under circumstances evidencing insult or oppression, or a wanton disregard of Plaintiffs' rights.

**Authority:**
Q.V.S.A. § 2461(b); Meadowbrook Condo. Ass'n v. S. Burlington Realty Corp., 565 A.2d 238, 245 (Vt. 1989).

15

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36:**
**HEIGHTENED STANDARD FOR PUNITIVE DAMAGES**
**WISCONSIN**

Under Wisconsin law, Plaintiffs are entitled to punitive damages in civil cases, including those brought under the Wisconsin consumer protection statute, only  "where there is proof of malice or willful, wanton, reckless disregard of plaintiff's rights. A defendant acts with malice when he or she acts with "an evil intent deserving of punishment or [with] something in the nature of special ill-will or wanton disregard of duty or gross or outrageous conduct."  A defendant acts with "reckless disregard" where he or she exhibits reckless indifference to the rights of others and consciously acts in deliberate disregard of them.

**Authority:**
Tim Torres Enters., Inc. v. Linscott, 416 N.W.2d 670 (Wis. Ct. App. 1987) (affirming jury's award of punitive damages for violation of Wisconsin DTPA); Anderson v. Continental Ins. Co., 271 N.W.2d 368 (Wis. 1978); Wangen v. Ford Motor Co., 294 N.W.2d 437 (1980); Fahrenberg v. Tengel, 291 N.W.2d 516 (1980).