# EXHIBIT A
# TAB 4

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS ON
DOCTRINE OF FRAUDULENT CONCEALMENT[1]**

---

[1] To the extent Plaintiffs' previous jury instruction submission identifies states allowing tolling on the basis of fraudulent concealment or equitable estoppel without citation to any authority, AstraZeneca reserves the right to raise objections once Plaintiffs inform the Court as to the legal basis of these instructions.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 37:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**INTRODUCTION**

As previously mentioned, this case is being brought on behalf of individuals from multiple states across the country. Because the applicable laws vary from state to state, some states require you to make additional findings of fact. Similar to the additional findings you had to make with regard to the issue of punitive damages, an additional finding I need you to make relates to an exception that some states have with regard to the statute of limitations.

As you may know, the statute of limitations is a legal doctrine that requires Plaintiffs to file their lawsuit within a certain period of time or be foreclosed from filing suit. Generally, the statute of limitations begins to run when a plaintiff is injured – so, here, when Plaintiff made a payment based on AWP. In the law, we refer to this point of time as the point at which the plaintiff's claim accrues.

An exception to the statute of limitations is called the doctrine of fraudulent concealment. In some but not all states, if Plaintiffs can establish that they were unable to file their claim within the statute of limitations because of some fraudulent conduct on the part of Defendant, which prevented Plaintiffs from knowing they had a cause of action, the statute of limitations may be extended.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 38:
## DOCTRINE OF FRAUDULENT CONCEALMENT
## ARKANSAS

In the state of Arkansas, the claims of Mr. Howe and Mr. Townsend that accrued before December 1996 are barred by the statute of limitations unless Mr. Howe and Mr. Townsend prove that their claims were fraudulently concealed by AstraZeneca. To suspend the running of the statute of limitations in Arkansas, Mr. Howe and Mr. Townsend have the burden of proving three essential propositions, namely that: (1) AstraZeneca committed a positive act of concealment which was distinct from the conduct that is the basis for the claim and that was so secretly planned and executed as to keep the claim hidden; or that the conduct which is the basis for the claim was perpetrated in a way that it conceals itself; (2) Mr. Howe and Mr. Townsend exercised reasonable diligence to discover the facts of their claims; and (3) Mr. Howe and Mr. Townsend did not know or have reason to know of the basis for their claims before December 1996.

This burden is not met by proof of mere ignorance on the part of Mr. Howe and Mr. Townsend or by proof of silence by one who is under no obligation to speak or disclose information, as was AstraZeneca here. Consequently, AstraZeneca's silence does not constitute fraudulent concealment.

If you find from the evidence in this case that each of these propositions has been proved by the plaintiffs, then you should consider the other instructions pertaining to Mr. Howe and Mr. Townsend's claims; but if, on the other hand, you find from the evidence that any of these propositions has not been proved by the plaintiffs, then your verdict should be for AstraZeneca with respect to Plaintiffs from Arkansas whose claims accrued before December 1996.

**Authority:**
Adams v. Arthur, 969 S.W.2d 598, 603 (Ark. 1998) (setting forth requirements for fraudulent concealment); Martin v. Arthur, 3 S.W.3d 684, 687 (Ark. 1999).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 39:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**CALIFORNIA**

Under California law, if Plaintiffs prove that Defendants have fraudulently concealed a cause of action from Plaintiffs' discovery, the statute of limitations can be tolled for the period during which the cause of action is undiscovered by Plaintiffs or until a Plaintiff, with the exercise of due diligence, should have discovered the cause of action. The doctrine of fraudulent concealment can be applied under California law only if Plaintiffs prove that Defendants intentionally prevented the Plaintiffs from instituting a lawsuit.

In other words, if AstraZeneca acted in such a manner as to intentionally cause Plaintiffs to be unable to determine that they had a cause of action, AstraZeneca is deemed to have committed fraudulent concealment, and the statute of limitations will be tolled until such time as Plaintiffs discovered information informing them of their cause of action.

**Authority:**
Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (Cal. 1994); In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig., Nos. C-05-04726 RMW, C-06-00537 RMW, 2007 U.S. Dist. LEXIS 12786 (N.D. Cal. Feb. 12, 2007).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 40:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**DISTRICT OF COLUMBIA**

Under the law of the District of Columbia, the Plaintiff has the burden of proving fraudulent concealment by clear, precise and convincing evidence. To find that the doctrine of fraudulent concealment applies, you must find that AstraZeneca, through fraud or concealment, caused Plaintiffs to relax their vigilance or deviate from their right of inquiry into the facts. In other words, if Defendant using fraud or other similar actions caused Plaintiffs to be unable to determine that they had a cause of action, Defendant is deemed to have committed fraudulent concealment, and the statute of limitations will be tolled until such time as Plaintiffs discovered information informing them of their cause of action.

**Authority:**
Conafay v. Wyeth Laboratories, Civ. A. No. 83-0637, 1985 U.S. Dist. LEXIS 21618, 8-9 (D.D.C. Mar. 19, 1985).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 41:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**NEW YORK**

Under New York law, the Plaintiff has the burden of proving fraudulent concealment by clear, precise and convincing evidence.  To find that the doctrine of fraudulent concealment, as defined in New York, applies, you must find that AstraZeneca engaged in some conduct which was intended to prevent Plaintiffs' acquisition of information disclosing their cause of action.  The statute of limitations begins to run when Plaintiffs discover, or should have discovered, information informing them of their cause of action.

**Authority:**
New York Jurisprudence, Second ed., 75 NY Jur. Limitations and Laches § 46 (West 2006); Herkimer v. American Surety Co., 18 A.D.2d 94, 98-99 (N.Y. App. Div. 1963) (concurrence).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 42:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**PENNSYLVANIA**

Under Pennsylvania law, Plaintiffs have the burden of proving fraudulent concealment by clear, precise and convincing evidence.  To find that the Pennsylvania doctrine of fraudulent concealment applies, you must find that AstraZeneca, through fraud or concealment, caused the Plaintiff to relax his vigilance or deviate from his right of inquiry into the facts.

**Authority:**
Fine v. Checcio, 870 A.2d 850, 860 (Pa. 2005) ("The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence.") (citing Molineux v. Reed, 532 A.2d 792, 794 (Pa. 1987)).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 43:**
**DOCTRINE OF FRAUDULENT CONCEALMENT**
**TEXAS**

Under Texas law, the statute of limitations may be extended if a defendant has concealed from the plaintiff the facts necessary to know that plaintiff has a claim against defendant.  Under Texas law, the effect of the fraudulent concealment doctrine ends as soon as the plaintiff has or should have knowledge of facts or conditions that would cause a reasonable person to make an inquiry which, if pursued, would lead to discovery of the concealed action.

To extend the limitations period under Texas law, Mr. Howe or Mr. Townsend must prove that AstraZeneca:  (1) had actual knowledge that Mr. Howe and Mr. Townsend's reliance and resulting injury based on the provision of average wholesale price information was fraudulent, (2) had a legal duty to inform Mr. Howe and Mr. Townsend of the actual average of wholesale price of Zoladex, and (3) had a fixed purpose in concealing its fraud from Mr. Howe and Mr. Townsend.

A fiduciary duty is one of trust and confidence imposed by law or assumed by agreement where one places trust or confidence in another.  I instruct you that no such relationship exists here.

**Authority:**
Tex. Bus. Com. Code § 17.565; Winn v. Martin Homebuilders, Inc., 153 S.W.3d 553, 558 (Tex. App. 2004); Okonkwo v. Wash. Mut. Bank, FA, No. 14-05-00925-CV, 2007 WL 763821, at *7 (Tex. App. Mar. 15, 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION ON
THE DISCOVERY RULE**

**DEFENDANT'S PROPOSED INSTRUCTION NO 44:**
**DISCOVERY RULE INTRODUCTION**

As I explained, this case is being brought on behalf of individuals from multiple states across the country, and because the laws of the various states are different, some states require you to find some additional facts.  Similar to the additional findings you had to make with regard to the issue of punitive damages and the issue of fraudulent concealment, an additional finding I need you to make relates to when the statute of limitations period begins to run.

Unlike the doctrine of fraudulent concealment, which, as I explained, is an exception to the statute of limitations, the discovery rule is not an exception to the statute, but rather may extend the time within which a Plaintiff can file suit.  If the discovery rule applies, then the Plaintiffs' claim does not accrue at the point of injury, but rather, at the point when a reasonable person from that state knew or should have discovered the basis for bringing his suit.

I will explain how the discovery rule works in each state in which it applies.

11

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45:**
**DISCOVERY RULE**
**ARIZONA**

The Arizona Court of Appeals has held that the "discovery rule" of common law fraud determines when the statute of limitations accrues in a statutory consumer fraud action. The one-year statute of limitations for a section 44-1522 claim begins to run when the defrauded party discovers or, with reasonable diligence, should have discovered the fraud. Under the "discovery rule," the statute of limitations generally accrues when "the plaintiff knows or with reasonable diligence should know the facts underlying the cause."

**Authority:**
Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. App. 1995); Farnam Co. v. Stabar Enter., No. CV 05-1520-PHX-NVW, 2005 U.S. Dist. LEXIS 32514, at *24 (D. Ariz. Dec. 8, 2005) (citing Doe v. Roe, 266 Ariz. Adv. Rep. 19, 955 P.2d 951, 960 (Ariz. 1998)).

In this case, suit was filed in December 2001.

It is the Plaintiff's duty to use reasonable diligence to properly inform himself of the facts and circumstances of the injury. Reasonable diligence is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him? A person's actions must be evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment that society requires of its members for the protection of their own interest and the interest of others. Each Plaintiff must prove to you, the jury, when precisely the Plaintiff's injury and its cause were discovered or should have reasonably been discovered by Plaintiff. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Doe v. Roe, 955 P.2d 951, 962 (Ariz. 1998) ("When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury…[P]laintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46:**
**DISCOVERY RULE**
**CALIFORNIA**

In California, the three-year statute of limitations will not begin to run until a Plaintiff suspects or should have suspected that the representations at issue were false or deceptive.  Plaintiff does not have to actually discover the relevant facts for the statute of limitations to start to run.  Rather, the statute of limitations will begin to run as soon as Plaintiffs had notice or information of circumstances that would have put a reasonable person on inquiry, or had the opportunity to obtain knowledge from sources open to their investigation.

**Authority:**
McCready v. Am. Honda Motor Co., No. C-05-5247 SBA, 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

To invoke the discovery rule, Plaintiffs must prove: (1) lack of knowledge; (2) lack of means of obtaining knowledge; and (3) how and when the fraud or mistake was actually discovered.

**Authority:**
McCready v. Am. Honda Motor Co., No. C-05-5247 SBA 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47:**
**DISCOVERY RULE**
**COLORADO**

For Plaintiffs from Colorado, the discovery rule may apply. This means that you must find that the action was filed within three years of the date on which the Plaintiff discovered or should have discovered the intentional misrepresentation about the average wholesale price of Zoladex.

**Authority:**

Colo. Rev. Stat. § 6-1-115; see Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274, 281 (Colo. App. 1993).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48:**
**DISCOVERY RULE**
**DELAWARE**

The discovery rule may apply to Plaintiffs from the State of Delaware. It is the Plaintiff's duty to use reasonable diligence to properly inform himself of the facts and circumstances of the injury. Reasonable diligence is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?

A person's actions must be evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment that society requires of its members for the protection of their own interest and the interest of others.

You, as the jury, must determine when the Plaintiff's injury and its cause were discovered or should have reasonably been discovered by Plaintiff. Then the Court will decide whether the statute of limitations bars the claim.

**<u>Authority:</u>**
<u>Eames v. Nationwide Mut. Ins. Co.</u>, Civ. A. No. 04-1324-KAJ, 2006 U.S. Dist. LEXIS 61706, at *12 (D. Del. Aug. 29, 2006) (citation omitted) (assuming arguendo that the discovery rule applied, but still dismissing plaintiffs' claims as time-barred); <u>Mentis v. Del. American Life Ins. Co.</u>, CA No. 98C-12-023 WTQ 1999 Del. Super. LEXIS 419, at *23-25 (Del. Super. Ct July 28, 1999) (citations omitted) ("When plaintiff has reason to know that a wrong has been committed it is not the actual discovery of the reason for the injury that starts the clock, but the discovery of facts sufficient to put a person of ordinary intelligence on inquiry, which, if pursued, would lead to the discovery."); <u>S&R Assocs. L.P. III v. Shell Oil Co.</u>, 725 A.2d 431, 439  (Del. Super.Ct. 1998) ("It is not the actual discovery of the reason for the injury that starts the clock, but the discovery of facts sufficient to put a person of ordinary intelligence on inquiry, which, if pursued, would lead to discovery.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49:**
**DISCOVERY RULE**
**DISTRICT OF COLUMBIA**

In the District of Columbia, the three-year statute of limitations begins to run as soon as a plaintiff has either actual or inquiry notice of his cause of action.

"Actual notice" is that notice which a plaintiff actually possesses; "inquiry notice" is that notice which a plaintiff would have possessed after due investigation.

For Mr. Howe and Mr. Townsend, you must find that their action was filed within three years from when Mr. Howe and Mr. Townsend did know, or should have known, that average wholesale price was not an actual average of wholesale prices.

**Authority:**
Smith v. Brown & Williamson Tobacco Corp., 108 F. Supp. 2d 12, 15 (D.D.C. 2000) ("For purposes of the statute of limitations, a cause of action accrues when the plaintiff has either actual or inquiry notice of her cause of action.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 50:**
**DISCOVERY RULE**
**MARYLAND**

The discovery rule may apply to the claims of Plaintiffs from Maryland. In Maryland, the three-year limitations period begins to run when the plaintiff has actual knowledge of his cause of action or has knowledge that ought to put a person of ordinary prudence on inquiry.

**Authority:**
Md. Code Cts. & Jud. Proc. § 5-101; see Greene Tree Home Owners Assoc., Inc. v. Greene Tree Assoc., 749 A.2d 806 (Md. 2000); Maryland v. Dickson, 717 F. Supp. 1090, 1103 (D. Md. 1989) (limitations begins to run "only when the plaintiff has actual knowledge of his cause of action or has knowledge that is implied from circumstances which ought to put a person of ordinary prudence on inquiry, thus charging him with notice of all facts that such an investigation would in all probability have disclosed if it had been properly pursued").

17

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO 51:**
**DISCOVERY RULE**
**MASSACHUSETTS**

      The discovery rule may apply to Plaintiffs in Massachusetts. In order to extend the statute of limitations under Chapter 93A, Mr. Howe and Mr. Townsend must establish that Zoladex patients in Massachusetts did not have the opportunity to "reasonably discover the elements" giving them the right to institute and maintain a lawsuit until after the date the injury was inflicted.  This means that Mr. Howe and Mr. Townsend must establish that this suit was filed within four-years of the date from which Zoladex patients in Massachusetts should have reasonably discovered the alleged misrepresentation of AstraZeneca regarding the average wholesale price of Zoladex.

**Authority:**
Mass. Gen. Laws ch. 93A, § 5A; Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 52:**
**DISCOVERY RULE**
**MICHIGAN**

The discovery rule may apply to Plaintiffs from Michigan.  The six-year statute of limitations may be extended if you find that AstraZeneca committed affirmative acts or misrepresentations that were designed to prevent Mr. Howe and Mr. Townsend from discovering that they had a claim.  Mere silence on the part of AstraZeneca is not sufficient.

In order for the exception to the statute of limitations to apply, you must find that AstraZeneca made an affirmative representation that fraudulently concealed the existence of the claim.  If you find that this occurred, then Mr. Howe and Mr. Townsend must have brought their lawsuit within two years after they discovered, or reasonably should have discovered, the claim.

**Authority:**
Steel v. Ivanhoe Huntley-Oakhurst Builders, L.L.C., Civ. No. 271494, 2007 WL 288213, at *1 (Mich. App. Ct. Feb. 1, 2007); MCL § 600.5855.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53:**
**DISCOVERY RULE**
**NEVADA**

For Plaintiffs from Nevada, the Nevada statute orders a four-year statute of limitations for "an action against a person alleged to have committed a deceptive trade practice in violation of [Nev. Rev. Stat. 598.0903 *et seq.*], but the cause of action shall be deemed to accrue when the aggrieved party discovers, or by the exercise of due diligence should have discovered, the facts constituting the deceptive trade practice."

**<u>Authority:</u>**
Nev. Rev. Stat. § 11.190(2)(d).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 54:**
**DISCOVERY RULE**
**NEW JERSEY**

The discovery rule may apply to Plaintiffs from New Jersey.  The statute of limitations is six-years after the cause of injury accrues.  A cause of action accrues for Plaintiffs from New Jersey when the Plaintiff discovers or through the exercise of reasonable diligence should have discovered the injury.

**Authority:**
NJSA § 2A:14-1; Mirra v. Holland Am. Line, 751 A.2d 138, 140 (N.J. App. Div. 2000); Sangemino v. Money Mailer, Inc., No. 96-3845, 1997 WL 452208, at *4 (D.N.J. July 25, 1997).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55:**
**DISCOVERY RULE**
**NEW MEXICO**

In New Mexico, the statute of limitations is four-years from the date when the action accrued. An action accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause.

**Authority:**
Nance v. L.J. Dolloff Assocs., 126 P.3d 1215, 1220 (N.M. App. 2005); Campos v. Brooksbank, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000); Jones v. Ford Motor, 599 F.2d 394, 399 (10th Cir. 1979); Maestas v. Zager, 152 P.3d 141, 147 (N.M. 2007).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 56:
DISCOVERY RULE
NORTH CAROLINA**

The statute of limitations for Plaintiffs from North Carolina begins to run at the time that the alleged violation occurs.  However, if you find that the Plaintiffs did not know about the violation and could not have found out about the violation even if they had exercised reasonable diligence, then the limitations period does not begin to run until the Plaintiffs could have discovered the violation.

If you find that this occurred, then you should calculate the limitations period from the point at which you find that Plaintiffs from North Carolina should have discovered that AstraZeneca made an intentional misrepresentation about the price of Zoladex.

**Authority:**
Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 553 (D.N.C. 2003) ("[W]hen the claim for unfair and deceptive trade practices is based upon fraudulent conduct, as here, the cause of action arises at the time that the fraudulent conduct is discovered or should have been discovered with the exercise of due diligence."); Liner v. DiCresce, 905 F. Supp. 280, 289 (M.D.N.C. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 57:**
**THE DISCOVERY RULE**
**NORTH DAKOTA**

The discovery rule may apply to Plaintiffs from North Dakota.  This means that an action does not accrue for Plaintiffs from North Dakota until the claimant knew, or with "reasonable diligence" should have known, that a potential claim existed.

**Authority**:
BASF Corp. v. Symington, 512 N.W.2d 692, 695 (N.D. 1994).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58:**
**DISCOVERY RULE**
**OREGON**

For Plaintiffs from the State of Oregon, you must find that their action was filed within one year from when Plaintiffs discovered or should have discovered that their reliance on representations of average wholesale price for Zoladex was misplaced. For any such misrepresentations which were, or should have been, discovered one year or longer before this action was filed, Plaintiffs from Oregon may not hold AstraZeneca liable.

In order to determine when Plaintiffs from Oregon knew or should have known about the representations with respect to average wholesale price, you should consider whether Plaintiffs had any reason to be put on notice, or received information that would "excite attention and put a party upon his guard or call for an inquiry." If so, then it must also appear that a "reasonably diligent inquiry" would disclose that there was a misrepresentation made by defendant.

<u>**Authority:**</u>
<u>Bodin v. B. & L. Furniture Co.</u>, 734, 601 P.2d 848 (Or. 1979) (stating that the period of limitations begins to run when the plaintiff knows or should have known of the alleged misrepresentation.); <u>McCulloch v. Price Waterhouse LLP,</u> 971 P.2d 414, 419-20 (Or. Ct. App. 1998) (citing <u>Mathies v. Hoeck</u>, 588 P.2d 1 (Or. 1978) (citing cases)).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 59:**
**DISCOVERY RULE**
**PENNSYLVANIA**

Plaintiffs from Pennsylvania must prove that their suit was filed within six years of the date from which the Plaintiffs from Pennsylvania could have first reasonably discovered their injuries, and that it was caused by the conduct of another person. Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute.

It is the Plaintiff's duty to use reasonable diligence to properly inform himself of the facts and circumstances of the injury.

"'Reasonable diligence' is 'what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised.' Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?"

A person's actions must be evaluated to determine "whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others."

You, as the jury, must determine when the Plaintiffs from Pennsylvania were injured and when its cause was discovered or should have reasonably been discovered by Plaintiff. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Drelles v. Mfrs. Life Ins. Co., 881 A.2d 822, 830-33 (Pa. Super. Ct. 2005) ("Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 60:**
**DISCOVERY RULE**
**RHODE ISLAND**

The discovery rule may apply to Plaintiffs from Rhode Island.  The statute of limitations is ten years from the date the action accrues.  The action accrues either on the date a plaintiff discovers the fraud or on the date that plaintiff could have, in the exercise of reasonable diligence, discovered the fraud.

**Authority:**

Kennedy v. Acura, No. 01-4063, 2002 WL 31331373, at *6 (R.I. Super. Aug. 28, 2002) (citing Paul v. City of Woonsocket, 745 A.2d 169 (R.I. 2000)); R.I. Gen. Laws § 9-1-13; Carney v. Kardinal Land, 813 A.2d 50, 53 (R.I. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 61:**
**DISCOVERY RULE**
**SOUTH DAKOTA**

The statute of limitations for Plaintiffs from South Dakota is two years after the occurrence or discovery of the deceptive act.  This means that Plaintiffs from South Dakota must show that they brought their claim against AstraZeneca within two years from the time AstraZeneca made the alleged intentional misrepresentation or from the time Plaintiffs from South Dakota discovered the intentional misrepresentation, whichever is later.

**Authority:**
S.D. Codified Laws § 37-24-33 ("No action under this chapter may be brought more than two years after the occurrence or discovery of the conduct which is the subject of the action.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 62:**
**DISCOVERY RULE**
**TEXAS**

For Plaintiffs from Texas, the two-year statute of limitations will not begin to run until a plaintiff knew or should have known that the representations at issue were false or deceptive. As soon as the consumer discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the false, misleading, or deceptive act or practice, the statute of limitations will begin to run.

**Authority:**
Tex. Bus. Com. Code § 17.565; In re Alford Chevrolet-Geo, 997 S.W.2d 173, 179 (Tex. 1999).

In Texas, knowledge acquired by a plaintiff's attorney during the course of that attorney's employment is imputed to the plaintiff for statute of limitations purposes. Thus, if you find that Plaintiffs from Texas, in the course of their employment, had knowledge of the nature of average wholesale price, then the statute of limitations began to run when their attorneys first knew this information.

**Authority:**
Stewart Title Guar. Co. v. Becker, 930 S.W.2d 748, 756-758 (Tex. App. 1996); rev'd on other grounds, Brown v. De La Cruz, 156 S.W.3d 560, 567 (Tex. 2004).

29

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 63:**
**DISCOVERY RULE**
**UTAH**

For Plaintiffs from Utah, an exception to the two-year statute of limitations applies if you find that the Plaintiffs' suit was filed within two years of the date that Plaintiffs, with the exercise of reasonable discretion, should have discovered the fraud. The Plaintiffs have the burden of showing that, even with a reasonable exercise of diligence, because of Defendant's conduct, Plaintiffs could not have discovered the conduct within the statutory period. This means that even if Plaintiffs did not actually know about the claims underlying the lawsuit, if Plaintiffs should have known about those claims or had constructive knowledge of those claims, the statute of limitations, cannot be extended. In order to allow Plaintiffs to extend the two-year statute of limitations you must determine that, given Defendant's actions, a reasonable plaintiff from Utah would not have known to bring this suit within the two-year period required. The burden is on Plaintiffs to show that a reasonable person would not have known to file the lawsuit within the required time period.

**Authority:**
Utah by Wilkinson v. B & H Auto, 701 F. Supp. 201, 203 (D. Utah 1988) (discussing statute of limitations in the context of the Motor Vehicle Information Cost Savings Act, a Utah statute focusing on consumer fraud); Russell Packard Dev. v. Carson, 108 P.3d 741, 746 (Utah 2005); Hill v. Allred, 28 P.3d 1271, 1275 (Utah 2001).

30

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 64:**
**DISCOVERY RULE**
**VERMONT**

An exception to the six-year statute of limitations for Plaintiffs from Vermont applies if you find that the Plaintiffs' suit was filed within six years of the date from which Plaintiffs could have first reasonably discovered their injuries and that they were caused by the conduct of another person.

In this case, the lawsuit was filed in December 2001.

Mistake, misunderstanding, or lack of knowledge, by themselves, do not toll the running of the statute.

A "cause of action is generally said to accrue upon the 'discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery." Thus, it is the Plaintiffs' duty to use reasonable diligence to properly inform themselves of the facts and circumstances of the injury.

"Thus, the statute of limitations begins to run when the plaintiff has notice of information that would put a reasonable person on inquiry, and the plaintiff is ultimately chargeable with notice of all the facts that could have been obtained by the exercise of reasonable diligence in prosecuting [the] inquiry."

You, as the jury, must determine when the Plaintiffs' injury and the cause of that injury were discovered or should have reasonably been discovered by Plaintiffs. Then the Court will decide whether the statute of limitations bars the claim.

**Authority:**
Galfetti v. Berg, Carmolli & Kent Real Estate Corp., 756 A.2d 1229, 1231 (Vt. 2000) (citing Vt. Agency of Natural Resources v. Towns, 724 A.2d 1022 (Vt. 1998)).

31

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 65:**
**DISCOVERY RULE**
**WASHINGTON**

The discovery rule may apply to Plaintiffs in Washington.  In order to extend the statute of limitations Mr. Howe and Mr. Townsend must establish that they did not have the opportunity to "reasonably discover the elements" giving them the right to bring a lawsuit until after the date the injury was inflicted.  This means that Mr. Howe and Mr. Townsend must establish that this suit was filed within four years of the date from which they should have reasonably discovered the elements giving them the right to maintain a lawsuit.

**Authority:**

Wash. Rev. Code § 19.86.120; Pickett v. Holland Am. Line-Westours, Inc., 6 P.3d 63, 69 (Wash. App. Ct. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 66:**
**DISCOVERY RULE**
**WEST VIRGINIA**

For Plaintiffs from West Virginia to benefit from the tolling grace of the discovery rule, a plaintiff from West Virginia must make a strong showing of fraudulent concealment, inability to comprehend the injury, or other extreme hardship. Where a cause of action is based on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury.

**Authority:**
Knapp v. American Gen. Fin. Inc., 111 F. Supp. 2d 758 (S.D. W. Va. 2000); Meriill v. W. Va. Dep't of Health & Human Resources, 632 S.E.2d 307, 312 (W. Va. 2006) ("The 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application.") (citations omitted).