# EXHIBIT 3

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-8376
tcitera@jonesday.com

February 17, 2006

VIA FACSIMILE
Mr. Raymond Winter
Office of the Attorney General
300 West 15th Street
Austin, Texas 78701

Re:   *Texas v. Abbott Laboratories Inc., et al.*

Dear Raymond:

We are providing you with Defendants' Responses to Plaintiffs' First Amended Rule 199.2(b)(1) Notice ("Notice"). Subject to our objections, Defendants have designated several individuals to testify in response to Plaintiffs' extremely broad Notice. We are working on scheduling and will try to make these individuals available at our offices in Chicago during the week of March 20 as you have requested. We will provide you with dates for the designees' depositions shortly.

Please be advised that Defendants will make witnesses available for the topics set forth in the Notice, as limited by Defendants' responses, once. Defendants' deadline for production of documents pursuant to the Court's January 27, 2006 Order is March 31, 2006. In addition, Defendants will be producing documents in response to Plaintiffs' broad and extensive Third Request For Production of Documents. Defendants will make a good faith effort to produce documents prior to the depositions, but cannot guarantee that they will complete their production by that time. Thus, we leave it to Plaintiffs to determine whether the depositions should go forward next month. If Plaintiffs elect to forward, Defendants will oppose any efforts by Plaintiffs to take a second 199.2(b)(1) deposition on the same topics.

Sincerely,

Toni-Ann Citera

cc:  Merle DeLancey, Esq.
     C. Jarrett Anderson, Esq.
     C. Michael Moore, Esq.
     James J. Breen, Esq.
     John E. Clark, Esq.

CHI-1520762v1

Cause No. GV401286

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ABBOTT LABORATORIES INC., et al. | § | |
| | § | |
| *Defendants.* | § | 201st JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST AMENDED RULE 199.2(b)(1) DEPOSITION NOTICE

TO:    Plaintiff The State of Texas, by and through Raymond C. Winter, Assistant Attorney General, P.O. Box 12548, Austin, Texas 78711.

Plaintiff Ven-A-Care of the Florida Keys, Inc., by and through its attorneys of record, John E. Clark, Goode Casseb Jones Riklin Choate & Watson, 2122 North Main Avenue, P.O. Box 120480, San Antonio, Texas 78212-9680, and James J. Breen, The Breen Law Firm, P.A., P.O. Box 297470, Pembroke Pines, Florida 33029-7470.

Defendants Abbott Laboratories, Abbott Laboratories Inc. and Hospira Inc. (collectively "Defendants") hereby submit the following objections and responses to the Topics and Requests for Production contained in Plaintiffs' Rule 199.2(b)(1) Notice.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.    Defendants' specific objections to each topic and request for production are in addition to the general limitations and objections set forth in this section, which form a part of the response to each and every topic and document request and are set forth here to avoid the duplication and repetition of restating them for each response.

2.    Defendants object to each topic and request for production on the grounds that they are overly broad, unduly burdensome and harassing.  Defendants further object to the topics

and requests to the extent they are a "fishing expedition" as prohibited by *K-Mart Corp. v. Sanderson*, 927 S.W.2d 429 (Tex. 1996), and *Dillard Dept. Stores Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995).

3.      Defendants incorporate by reference all of their objections stated in their responses to Plaintiffs' Second Requests For Production and Plaintiffs' Third Requests for Production.

4.      Defendants object to these topics and requests for production as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to drugs other than those identified in Exhibit A to the Fifth Amended Petition. Defendants' responses and designations are limited to the drugs identified in the Fifth Amended Petition (the "Relevant Drugs").

5.      Defendants object to these topics and requests for production as overly broad and unduly burdensome to the extent they seek information prior to September 1, 1995 and after Plaintiffs unsealed their lawsuit. Defendants' responses and designations are limited to the time period of September 1, 1995 to May 26, 2004, the date Plaintiffs filed their First Amended Petition (the "Relevant Time Period").

6.      Defendants object to these topics and requests for production as overly broad, unduly burdensome and harassing to the extent Plaintiffs seek to have witnesses testify about information that spans over a ten-year period and includes two-hundred and thirty-four (234) National Drug Codes.

7.      Defendants object to these topics and requests for production as overly broad, unduly burdensome and harassing to the extent they call for designees to provide or describe information "specifically," "particularly" and/or with "sufficient detail."

2

8.      Defendants object to producing any witness to testify at any location other than in the county where the witness resides, the county of their place of business, or at Defendants' attorneys' offices. Defendants will make the designated witnesses available at their attorneys' offices in Chicago.

9.      Defendants object to these topics and requests for production to the extent they seek information that is protected by the attorney-client privilege and/or the work-product doctrine.

10.     Defendants object to these topics and requests for production to the extent they seek information about the Medicaid Rebate Program, which is not at issue in this case. Defendants will not provide a witness to testify about or produce information regarding the Medicaid Rebate Program, other than as these topics relate to the Texas Medicaid Program.

11.     Defendants object to these topics and requests for production to the extent they seek information about the Medicare Program. Defendants will not provide a witness to testify about or produce information regarding the Medicare Program.

12.     Plaintiffs attempt to make an end-run around the limitations set forth in the Scheduling Order by serving requests for production in its Rule 199.2(b)(1) Notice to the Defendants. The requests for production set forth in this Rule 199.2(b)(1) Notice shall be included in the total number of requests for production that Plaintiffs are allowed to serve on Defendants pursuant to the Texas Rules of Civil Procedure, Local Court Rules, and/or any Court Orders in this case.

13.     Defendants object to the Plaintiffs' definition of "Abbott." Hospira, Inc. is an independent and separate corporation. For purposes of their Response to Plaintiffs' Notice, Defendants will construe the topics and requests as directed to Abbott's Pharmaceutical Products

3

Division and Abbott's Hospital Products Division.  Any testimony provided in response to this Notice will be limited to the activities of those divisions during the Relevant Time Period.

14.    Defendants will make witnesses available for the topics set forth in the Notice, as limited by Defendants' responses, once.  Defendants continue to produce documents in response to the Court's January 27, 2006 Order and Plaintiffs' broad and extensive Third Request For Production of Documents.  Defendants will make a good faith effort to produce documents prior to the depositions, but they cannot guarantee that they will complete the production by that time. Defendants will oppose any efforts by Plaintiffs to take a second 199.2(b)(1) deposition on the same topics.

15.    Defendants object to the phrase "any Abbott entity" used in Plaintiffs' topics and requests.  Defendants will not produce a witness to testify regarding or any documents regarding "any Abbott entity."  Any testimony and production of documents provided in response to this Notice will be limited to Abbott's Pharmaceutical Products Division and its former Hospital Products Division.

## OBJECTIONS AND CORPORATE DESIGNEES FOR THE INDIVIDUAL TOPICS

1.    The witnesses will describe specifically and particularly the organization of, and relationship between the three Abbott entities named in this law suit (Abbott Laboratories, Abbott Laboratories, Inc., and Hospira, Inc.), including, but not limited to the business reasons for the creation of Hospira, Inc.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent it seeks information relating to the "business reasons" for the creation of Hospira, Inc.  Hospira, Inc. did not exist before April 30, 2004. Defendants further object to this topic because the term "business reasons" is vague and ambiguous.  Defendants also object to this topic to the extent it characterizes Hospira, Inc. as an

4

"Abbott entity" as Hospira, Inc. is a separate corporate entity.  Defendants also object to this

topic to the extent it calls for a legal conclusion.

Subject to and without waiving any of their objections, Defendants designate Joseph

Fiske to testify generally regarding the organization of and relationship between Abbott

Laboratories and Abbott Laboratories, Inc.  Subject to and without waiving any of their

objections, Defendants further designate Mike Sellers to testify generally regarding the timing

and mechanics involved in the formation of Hospira, Inc.  Defendants state that they have

previously produced to Plaintiffs numerous organizational charts and that these documents speak

for themselves.

2.      The witnesses will describe specifically and particularly the reasons why Abbott
seeks coverage of its drugs on state Medicaid formularies (including, but not limited the State of
Texas Medicaid Formulary).    The witnesses shall describe the significance to Abbott of
Medicaid reimbursement levels for Abbott's drug products.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to Medicaid programs other than Texas Medicaid.  Defendants further object to this

topic because the phrase "the significance to Abbott of the Medicaid reimbursement levels for

Abbott's drug products" is vague and ambiguous.

Subject to and without waiving any of their objections, Defendants designate Joseph

Fiske to testify generally regarding coverage of the Relevant Drugs that are on the Texas

Medicaid Formulary during the Relevant Time Period.

3.      The witnesses shall describe Abbott's understanding of the significance to
Abbott's customers of Medicaid reimbursement levels for Abbott's drug products.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to Medicaid programs other than Texas Medicaid.  Defendants further object to this topic because it is duplicative of Topic No. 2 and because the phrase "the significance to Abbott's customers of Medicaid reimbursement levels for Abbott's drug products" is vague and ambiguous.  Defendants also object to this topic to the extent it seeks information that is outside Defendants' custody, care or control.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to their Response to Topic No. 2.

4.      The witnesses shall describe Abbott's procedure for seeking placement of its drugs on state Medicaid formularies, including identities of the Abbott decision makers involved in the process and a description of the procedure itself.  In addition, the witnesses shall describe Abbott's knowledge of state and federal requirements for Medicaid coverage of and reimbursement to providers for its products.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to Medicaid programs other than Texas Medicaid, and to the extent it seeks information relating to the federal Medicaid Rebate Program.  Defendants further object to this topic because the phrase "knowledge of the state and federal requirements for Medicaid coverage of and reimbursement to providers for its products" is vague and ambiguous.  Defendants also object to this topic on the grounds that it seeks a legal conclusion to the extent it calls for a witness to testify about state and federal requirements.

6

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the procedure used by Abbott's Pharmaceutical Products Division ("PPD") for seeking placement of the Relevant Drugs sold and marketed by PPD on the Texas Medicaid Formulary during the Relevant Time Period.  Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding the procedure used by Abbott's Hospital Products Division ("HPD") for seeking placement of the Relevant Drugs sold and marketed by HPD on the Texas Medicaid Formulary during the Relevant Time Period.

5.     The witnesses will describe specifically and particularly Abbott's procedures for completing Texas Medicaid Questionnaires for inclusion of its drugs on the Texas Medicaid Formulary, and its procedures for reporting price changes for its covered drugs to the Texas Medicaid Program.  [An example of a Texas Medicaid Questionnaire completed by Abbott is attached to this Notice as Exhibit B.]

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because the terms "procedures," "reporting" and "price changes" are vague and ambiguous.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the procedure used by PPD for completing Texas Medicaid Questionnaires for inclusion of the Relevant Drugs sold and marketed by PPD on the Texas Medicaid Formulary during the Relevant Time Period and any PPD procedures for reporting price changes for those Relevant Drugs to the Texas Medicaid Program.  Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding the procedure used by HPD for completing Texas Medicaid Questionnaires for inclusion of the Relevant Drugs sold and marketed by HPD on the Texas Medicaid Formulary during the Relevant Time Period and any HPD procedures for reporting price changes for those Relevant Drugs to the Texas Medicaid Program.

6.     The   witnesses   will   describe   specifically   and   particularly   Abbott's communications with third party price reporting services; its disputes or disagreements with third party price reporting services; its knowledge of the uses of price reports for reimbursement purposes; and its knowledge of the significance of price reports for sales and marketing purposes.  The witnesses shall identify those current and former Abbott personnel who are or were responsible for deciding the prices to report to third party price reporting services.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because

the phrases "third party price reporting services," "disputes or disagreements with third party

price reporting services," "knowledge of the uses of price reports for reimbursement purposes,"

"knowledge of the significance of price reports for sales and marketing purposes," and

"responsible for deciding the prices to report" are conclusory, vague and ambiguous.  Defendants

further object to this topic because it is overly broad.  Plaintiffs can access information

concerning this topic from Defendants' document and data production.  It is unreasonable to

expect, and Plaintiffs should not expect, any designated witness to be able to testify with respect

to every communication for each of the 234 NDC's at issue over approximately a ten year period.

Defendants also object to this topic because it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of their objections, Defendants designate Joseph

Fiske to testify generally regarding PPD communications relating to the Relevant Drugs with

*Red Book, First Data Bank*, and *Medi-Span* during the Relevant Time Period.  Subject to and

without waiving any of their objections, Defendants further designate Mike Sellers to testify

generally regarding HPD communications relating to the Relevant Drugs with *Red Book, First*

*Data Bank*, and *Medi-Span* during the Relevant Time Period.

7.     The witnesses shall identify current and former Abbott personnel who are or were responsible for deciding which prices are deemed by Abbott to be "list prices," the methods and decision making process for determining "list prices," the identities of current and former Abbott personnel who determine(d) and approve(d) "list prices," the type and location of all information considered in establishing "list prices" and the methods followed and information considered by

8

Abbott, if any, to verify or determine if "list prices" are representative of prices generally and currently paid by prudent purchasers in the marketplace.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this topic because Plaintiffs' use of the terms "list prices," "deemed," "determine(d)," and "approve(d)" and the phrase "representative of prices generally and currently paid by prudent purchasers in the marketplace" are conclusory, vague and ambiguous. Defendants also object to this topic because it is overly broad. Furthermore, Defendants have produced documents and data, which reflect the prices, including list prices, for the Relevant Drugs, and such documents and data speak for themselves. It is unreasonable to expect, and Plaintiffs should not expect, any designated witness to be able to testify with respect to every list price for each of the 234 NDC's at issue over approximately a ten year period.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the PPD list prices for the Relevant Drugs for the Relevant Time Period. Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding HPD list prices for the Relevant Drugs for the Relevant Time Period.

8.     The witnesses will describe specifically and particularly Abbott's classes of trade.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because the term "classes of trade" is vague and ambiguous. Defendants further objects to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning Defendants' drugs other than the Relevant Drugs. Furthermore, Defendants have produced

documents and sales data identifying the class of trade codes to Plaintiffs, which speak for themselves.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the PPD primary classes of trade purchasing the Relevant Drugs for the Relevant Time Period. Subject to and without waiving any of their objections, Defendants designate Mike Sellers to testify generally regarding the HPD primary classes of trade purchasing the Relevant Drugs for the Relevant Time Period.

9.     The witnesses will describe specifically and particularly Abbott's pricing policies to its classes of trade, including, but not limited to the following:

* distributors
* wholesalers
* chain warehouses
* direct purchasing pharmacies
* nursing homes
* home health care companies

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because the terms "classes of trade," "pricing policies," "chain warehouse" and "home health care companies" are vague and ambiguous. Defendants further object to this topic because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning Defendants' drugs other than the Relevant Drugs.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the PPD primary classes of trade that purchased the Relevant Drugs during the Relevant Time Period, and, to the extent applicable, the pricing generally available to those classes of trade. Subject to and without waiving any of their objections, Defendants designate Mike Sellers to testify generally regarding the HPD primary classes of

trade that purchased the Relevant Drugs during the Relevant Time Period, and, to the extent applicable, the pricing generally available to those classes of trade.

10.     The witnesses will describe specifically and particularly Abbott's understanding of the reasons and concerns underlying the 1996 and 1997 United States Department of Justice investigations referred to in the Abbott Defendants' Privilege Logs.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine, and because it seeks information outside of Defendants' custody, care or control.  Defendants also object to this topic because it calls for Defendants to speculate as to the reasons and concerns underlying the United States Department of Justice 1996 and 1997 investigations.

Defendants are not designating a witness in response to this topic.

11.     The witnesses will describe specifically and particularly Abbott's responses to the Department of Justice investigations referred to above.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine.  Furthermore, Plaintiffs have the documents produced by Defendants to the DOJ, and these documents speak for themselves.

Defendants are not designating a witness in response to this topic.

12.     The witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures, implemented by Abbott following the Department of Justice investigations referred to above.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Defendants further object to this topic because it seeks

information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants also object to this topic because the terms "price reporting" and "business

procedures" are vague and ambiguous.

  Defendants are not designating a witness in response to this topic.


   13. The witnesses will describe specifically and particularly Abbott's understanding
of the reasons and concerns underlying the Civil Investigative Demand served on Abbott by the
State of Texas in April 2000.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

seeks information that is already in Plaintiffs' possession and/or information that is outside of

Defendants' custody, care or control.  Defendants further object to this topic because it seeks

information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants also object to this topic because it calls for Defendants to speculate as to the reasons

and concerns underlying the State of Texas' CID served in April 2000.

  Defendants are not designating a witness in response to this topic.

   14. The witnesses will describe specifically and particularly Abbott's responses to the
CID served on Abbott by the State of Texas in April 2000.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

seeks information that is already in Plaintiffs' possession.  Defendants further object to this topic

because it seeks information protected by the attorney-client privilege and/or the work-product

doctrine.  Furthermore, Plaintiffs have the documents produced by Defendants in response to the

State of Texas' April 2000 CID as well as the testimony of Defendants' employees' Lynn Leone

and Mike Sellers from their CID examinations, and these documents and transcripts speak for themselves.

Defendants are not designating a witness in response to this topic.

15.   The witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures, implemented by Abbott following the CID served on Abbott by the State of Texas in April 2000.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendants also object to this topic because the terms "price reporting" and "business procedures" are vague and ambiguous.

Defendants are not designating a witness in response to this topic.

16.   To the extent not covered above, the witnesses will describe Abbott's responses to any other government investigations, particularly with respect to any data produced in response to a government investigation.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning "any other government investigations" and because the topic is unlimited in time and scope.  Defendants also object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants are not designating a witness in response to this topic.

17.   To the extent not covered above, the witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures, implemented by Abbott following any other government investigation.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning "any other government investigations" and because the topic is unlimited in time and scope. Defendants further object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendants also object to this topic because the terms "price reporting" and "business procedures" are vague and ambiguous.

Defendants are not designating a witness in response to this topic.

18.     The witnesses will describe specifically and particularly Abbott's knowledge of the allegations brought by the United States of America against TAP Pharmaceuticals, which resulted in an approximate $875 Million settlement in October 2001.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this topic because the phrase "Abbott's knowledge of the allegations brought by the United States against TAP Pharmaceuticals" is vague and ambiguous.

Defendants are not designating a witness in response to this topic.

19.     The witnesses will describe specifically and particularly Abbott's knowledge of the "DOJ AWPs" referred to in Abbott's Second Requests for Production No. 44.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning the "DOJ AWPs" of Defendants' drugs other than the Relevant Drugs. Abbott further objects to this topic because the phrase "Abbott's knowledge of the 'DOJ AWPs'" is vague and ambiguous and seeks information outside of Abbott's possession, custody or control. Abbott also objects to this topic

14

because it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving any of their objections, Defendants designate Mike Sellers to testify generally regarding Defendants' awareness of the "DOJ AWPs."

20.     The witnesses will describe specifically and particularly the "price adjustment project undertaken at the direction of counsel" in 2000 and 2001, as referred to on Abbott's Privilege Log, and will describe any changes made pursuant to the project, as well as any practices that were not changed.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendants further object to this topic because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this topic because the phrase "changes made pursuant to the project, as well as any practices that were not changed" is vague and ambiguous.

Defendants are not designating a witness in response to this topic.

21.     The witnesses will describe specifically and particularly any other "price adjustment project" taken at any other time since January 1, 1993, and will describe any changes made pursuant to the project, as well as any practices that were not changed.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning any "price adjustment project" without limitation and to the extent that it is not limited to the Relevant Drugs.  Defendants further object to this topic because it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving any of their objections, Defendants state that they are unaware of any other "price adjustment project" other than the "price adjustment project"

referred to in Topic No. 20.

Defendants are not designating a witness in response to this topic.

22.   The witnesses will generally describe the overall structure of Abbott's computer systems.  This description will be of sufficient detail to provide a basic understanding of the computer resources available to Abbott's business users and the use of such resources in the ordinary course of business.  For example, the witnesses will describe the computer resources that are available in the business process of making decisions about pricing, including, but limited to the application of discounts, charge-backs, and rebates.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to Defendants' computer systems that are not involved in the pricing or sale of the

Relevant Drugs.  Defendants further object to this topic because the phrase "business process of

making decisions about pricing, including, but limited to the application of discounts, charge-

backs, and rebates" is vague and ambiguous.  Defendants also object to this topic because

Defendants have previously supplied Plaintiffs with information called for by this topic through

their document and data productions, and by allowing Plaintiffs to interview Defendants'

employees regarding the data productions and data systems.

Subject to and without waiving any of their objections, Defendants designate Bruce

Stowell to testify generally regarding the direct sales data produced in this case with respect to

pharmaceutical and hospital products, the Order Processing System and Abbott Enterprise

System generally, and the indirect sales data produced in this case with respect to pharmaceutical

products.  Subject to and without waiving any of their objections, Defendants further designate

Nancy Carlson to testify generally regarding the indirect sales data produced in this case for

hospital products and the Chargeback System.

16

23.    The witness will provide specific and detailed information about the systems used for contract administration (the Contract Administration System), order processing (the Order Processing System), and enterprise [resource planning] system (the Abbott Enterprise System).

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to Defendants' computer systems that are not involved in the pricing or sale of the Relevant Drugs and to the extent that it is duplicative of Topic No. 22. Defendants further object to this topic to because the term "systems" is vague and ambiguous. Defendants also object to this topic because Defendants have previously supplied Plaintiffs with information called for in this topic by allowing Plaintiffs to interview Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to their Response to Topic No. 22.

24.    The witness will provide specific and detailed information about the systems used for accounting, tax reporting, forecasting and/or projecting revenues for any Abbott entity that is in any way responsible for any of the Identified Drugs.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this topic because the term "systems" is vague and ambiguous.

Defendants are not designating a witness in response to this topic.

25.    The witnesses will identify Abbott's business departments within the Hospital Products Division (specifically including, but not limited to Abbott Alternate Site Product Sales) and Pharmaceutical Products Division (such as the Sales Department, the Marketing Department, the Finance Department, the Executive, etc.) that have any direct or indirect responsibility for setting prices for, selling, marketing, accounting for, or analyzing any of the Identified Drugs in any way.

17

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding "accounting for, or analyzing any of the Identified Drugs in any way" and to the extent it seeks information regarding departments, including the "Executive" and "Finance" departments that have "any direct or indirect responsibility." Defendants further object to this topic because the phrases "accounting for" and "analyzing" are vague and ambiguous. Defendants also object to this topic to the extent it seeks information relating to sales, marketing and pricing of the Relevant Drugs to hospitals.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding the PPD departments responsible for pricing, sales, and marketing of the Relevant Drugs during the Relevant Time Period. Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding the HPD departments responsible for pricing, sales, and marketing of the Relevant Drugs during the Relevant Time Period.

26.     The witnesses will explain and describe the use, in the ordinary course of business, of the documents which are produced in response to the attached *subpoena duces tecum* (Exhibit A).

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because this topic and the subpoena attached to this notice are overly broad, unduly burdensome, harassing and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also incorporate herein their objections to the subpoena.

Defendants are not designating a witness in response to this topic.

27.     To the extent that documents produced in response to the attached subpoena duces tecum do not clearly and obviously set forth a detailed description of the hardware & software to which each of Abbott's employees with responsibility (whether in connection to a sale to or credit) toward any purchaser of an Identified Drug has recourse in the ordinary course of business, the witnesses will describe such hardware and software with specificity and detail.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic in its

entirety as vague, ambiguous, confusing and incomprehensible.  Defendants further object to this

topic because this topic and the subpoena attached to this notice are overly broad, unduly

burdensome, harassing and seek information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Defendants also incorporate herein their objections

to the subpoena.

Defendants are not designating a witness in response to this topic.

28.     To the extent not covered by any other specification, the witnesses will describe specifically and particularly Abbott's database(s) and/or data storage devices (e.g. tapes) that contain prices charged to customers who are on contracts with Abbott.  The witnesses will also describe all locations where such data is input, passes through or resides.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it

is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, to the extent it is duplicative of Topic Nos. 22 and 23, and

to the extent it is not limited to the Relevant Drugs.  Defendants further object to this topic

because the phrase "all locations where such data is input, passes through or resides" is vague

and ambiguous.  Defendants also object to this topic because Defendants have previously

supplied Plaintiffs with information called for in this topic by allowing Plaintiffs to interview

Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to

their Response to Topic No. 22.

29.     To the extent not covered by any other specification, the witnesses will describe specifically and particularly Abbott's database(s) and/or data storage devices (e.g. tapes) that

19

contain discounts.  The witnesses will also describe all locations where such data is input, passes through or resides.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it is duplicative of Topic Nos. 22 and 23, and to the extent it is not limited to the Relevant Drugs.  Defendants further objects to this topic because the phrase "all locations where such data is input, passes through or resides" and the term "discount" are vague and ambiguous.  Defendants also object to this topic because Defendants have previously supplied Plaintiffs with information called for in this topic by allowing Plaintiffs to interview Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to their Response to Topic No. 22.

30.     To the extent not covered by any other specification, the witnesses will describe specifically and particularly Abbott's database(s) and/or data storage devices (e.g. tapes) that contain rebates.  The witnesses will also describe all locations where such data is input, passes through or resides.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding rebates related to the Medicaid Rebate Program, to the extent it is duplicative of Topic Nos. 22 and 23, and to the extent it is not limited to the Relevant Drugs.  Defendants further object to this topic because the phrase "all locations where such data is input, passes through or resides" and the term "rebates" are vague and ambiguous.  Defendants also object to this topic because Defendants have previously supplied Plaintiffs with information called for in this topic by allowing Plaintiffs

20

to interview Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to their Response to Topic No. 22.

31.     To the extent not covered by any other specification, the witnesses will describe specifically and particularly Abbott's databases and/or data storage devices (e.g. tapes) that contain chargebacks.  The witnesses will also describe all locations where such data is input, passes through or resides.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it is duplicative of Topic Nos. 22 and 23, and to the extent it is not limited to the Relevant Drugs.  Defendants further object to this topic because the phrase "all locations where such data is input, passes through or resides" is vague and ambiguous.  Defendants also object to this topic because Defendants have previously supplied Plaintiffs with information called for in this topic by allowing Plaintiffs to interview Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to their Response to Topic No. 22.

32.     To the extent not covered by any other specification, the witnesses will describe specifically and particularly Abbott's database(s) and/or data storage devices (e.g. tapes) that contain prices reported to third party price reporting services.  The witnesses will also describe all locations where such data is input, passes through or resides.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it is duplicative of Topic Nos. 6, 22 and 23, and to the extent it is not limited to the Relevant Drugs.  Defendants further object to this topic because the phrases "third party price reporting services" and "all locations where such data is

input, passes through or resides" are vague and ambiguous.  Defendants also object to this topic

because Defendants have previously supplied Plaintiffs with information called for in this topic

by allowing Plaintiffs to interview Defendants' employees regarding Defendants' data

productions and data systems.

Subject to and without waving any of its objections, Defendants direct Plaintiffs to their

Responses to Topic Nos. 6 and 22.


33.    To the extent not covered by any other specification, the witnesses will describe
specifically and particularly Abbott's database(s) and/or data storage devices (e.g. tapes) that
contain prices reported to the Texas Medicaid Program.  The witnesses will also describe all
locations where such data is input, passes through or resides.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, to the extent it is duplicative of Topic Nos. 5, 22 and 23,

and to the extent it is not limited to the Relevant Drugs.  Defendants further object to this topic

because the phrase "all locations where such data is input, passes through or resides" is vague

and ambiguous.  Defendants also object to this topic because Defendants have previously

supplied Plaintiffs with information called for in this topic by allowing Plaintiffs to interview

Defendants' employees regarding Defendants' data productions and data systems.

Subject to and without waiving any of their objections, Defendants direct Plaintiffs to

their Responses to Topic Nos. 5 and 22.


34.    To the extent not covered by any other specification, the witnesses will describe
specifically and particularly Abbott's historical and current business usage of RX Link pricing
and RX Link Acquisition Cost pricing.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it is not limited to the Relevant Drugs.  Defendants further

object to the extent this topic seeks information regarding "current" practices.

Subject to and without waiving any of their objections, Defendants state that Rx Link

pricing and Rx Link Acquisition Cost pricing do not exist for any PPD Relevant Drugs.

Subject to and without waiving any of their objections, Defendants designate Mike

Sellers to testify generally regarding RxLink pricing for HPD for the Relevant Drugs during the

Relevant Time Period.

35.   The witness will describe the databases and/or data storage devices (e.g. tapes)
that maintain, and/or have maintained RX Link pricing and RX Link Acquisition Cost pricing.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it is duplicative of Topic Nos. 22 and 23 and to the extent it is

not limited to the Relevant Drugs.

Subject to and without waiving any of its objections, Defendants direct Plaintiffs to their

Response to Topic No. 22 for HPD.

36.   The witnesses will describe specifically and particularly Abbott's corporate
integrity or compliance plans and/or agreements, including, but not limited to Abbott's policy,
plan or procedure for complying with the United States Department of Health and Human
Services - Office of the Inspector General, "Compliance Program Guidance for Pharmaceutical
Manufacturers," published in April 2003.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Defendants further object to this topic to the extent it

seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants are not designating a witness in response to this topic.

23

37.    The witnesses will describe specifically and particularly Abbott's plans and procedures for enforcing compliance by its employees with the corporate plans, policies and procedures identified above.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Defendants further object to this topic to the extent it

seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants are not designating a witness in response to this topic.

38.    The witnesses will describe specifically and particularly Abbott's corporate policies and/or procedures for making truthful price representations regarding Abbott's products, including, but not limited to Abbott's corporate policies for complying with the Sarbanes-Oxley Act, and with Internal Revenue Service requirements.

**RESPONSE:**  In addition to their General Objections, Defendants objects to this topic because it

is overly broad, harassing and seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence, particularly, but not limited to, because it seeks

information relating to Defendants' corporate policies for complying with the Sarbanes-Oxley

Act and with Internal Revenue Service requirements.  Defendants further object to this topic to

the extent it seeks information protected by the attorney-client privilege and/or the work-product

doctrine.

Defendants are not designating a witness in response to this topic.

39.    The witnesses will describe specifically and particularly Abbott's plans and procedures for enforcing compliance by its employees with the corporate plans, policies and procedures identified above.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

is overly broad, harassing and seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.  Defendants further object to this topic to the

24

extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants are not designating a witness in response to this topic.

40.   The witnesses will describe specifically and particularly Abbott's knowledge, and its efforts to obtain knowledge, of its competitors' reported prices, actual transaction prices, and the effect of such prices on the marketing of Abbott's drugs.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Relevant Drugs. Defendants further object to this topic because the phrase "Abbott's knowledge, and its efforts to obtain knowledge, of its competitors' reported prices, actual transaction prices, and the effect of such prices on the marketing of Abbott's drugs" is vague and ambiguous.

Subject to and without waiving any of its objections, Defendants designate Joseph Fiske to testify generally regarding PPD's efforts, if any, to obtain competitive pricing information that may have been available with respect to the PPD Relevant Drugs for the Relevant Time Period. Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding HPD's efforts, if any, to obtain competitive pricing information that may have been available with respect to the HPD Relevant Drugs for the Relevant Time Period.

41.   The witnesses will describe specifically and particularly any and all reporting protocols that are required of Abbott's Field Sales staff, including, but not limited to Weekly, Monthly, Quarterly, and Trip reports, and describe the location of such records as maintained and archived.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly, but not limited to, information sought

25

regarding sales in states other than Texas and sales to hospitals. Defendants further object to this topic because the terms "reporting protocols" and "Trip reports" are vague and ambiguous.

Subject to and without waiving any of their objections, Defendants designate Joseph Fiske to testify generally regarding field sales reports from the PPD sales force for the Relevant Drugs during the Relevant Time Period. Subject to and without waiving any of their objections, Defendants further designate Mike Sellers to testify generally regarding field sales reports generated by the HPD Alternate Site sales force for the Relevant Drugs during the Relevant Time Period.

42.     The witnesses will describe specifically and particularly any telemarketing services or programs retained or employed by Abbott with respect to the Identified Drugs.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this topic because the phrase "telemarketing services or programs" is vague and ambiguous.

Defendants are not designating a witness in response to this topic.

43.     The witnesses will specifically and particularly testify regarding the development, purpose and usage by Abbott of CA ABT 08044 through 08045.

**RESPONSE:** In addition to their General Objections, Defendants object to this topic because the phrase "development, purpose and usage by Abbott" is vague and ambiguous. Defendants also object to the foundation of the documents CA ABT 08044 through 08045.

Subject to and without waiving any of their objections, Defendants state that they have undertaken a good faith investigation, but have not determined who created the documents CA ABT 08044 through 08045. Therefore, Defendants cannot designate a witness at this time in

26

response to this topic.  Defendants further state that their investigation continues and that they

will supplement their response to this topic if information becomes available to them.

44.     The witnesses will specifically and particularly testify regarding the development, purpose and usage by Abbott of TXABT 38641 through 38642.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because

the phrase "development, purpose and usage by Abbott" is vague and ambiguous.  Defendants

also object to the foundation of the documents TXABT 38641 through 38642.

Subject to and without waiving any of their objections, Defendants state that they have

undertaken a good faith investigation, but have not determined who created the documents

TXABT 38641 through 38642.  Therefore, Defendants cannot designate a witness at this time in

response to this topic.  Defendants further state that their investigation continues and that they

will supplement their response to this topic if information becomes available to them.

45.     The witnesses will specifically and particularly testify regarding Abbott's communications with Omnicare, Inc. in the Spring of 2001 regarding Medicaid reimbursement and changes made by Abbott to its WAC or other prices.  The witnesses shall testify regarding those specific communications that occurred at the February 21, 2001 "Industry Day" at Omnicare, which discussions preceded the May 11, 2001 letter from Timothy E. Bien of Omnicare to Jeffrey F. Balzer of Abbott Alternate Site Product Sales.  The witnesses shall also testify regarding Abbott's response to Mr. Bien's letter.

**RESPONSE:**  In addition to their General Objections, Defendants object to this topic because it

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendants further object to this topic to the extent it assumes facts not in

evidence.

Subject to and without waiving any of its objections, Defendants designate Joe Fiske to

testify generally with respect to PPD's attendance at the referenced February 21, 2001 "Industry

Day."  Subject to and without waiving any of its objections, Defendants further designate Mike

Sellers to testify generally with respect to HPD's attendance at the referenced February 21, 2001

"Industry Day" and generally regarding the referenced May 11, 2001 letter.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1.      To the extent that any Abbott entity uses software in the management, sales, marketing, customer service, trade rebate administration, chargeback administration, or financial accounting functions of its business, such documents as completely describe the software and the structure, attributes, and use of such software.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because

it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

object to this request because the phrases "trade rebate administration" and "any Abbott entity"

are vague and ambiguous.  Defendants further object to this request because it is duplicative of

Plaintiffs' previous discovery requests.

Defendants will not produce documents in response to this request.

2.      Each flowchart, mapping, table linking, training module, operations manuals or other document that describes each Abbott entity's data systems, data conversion, data management and/or data storage locations from original input to back-up tapes.  This should include documents for each system or other location where data has passed through or resides related to Identified Drug transactions for the Specified Time Period.  For example descriptions of systems and locations used in accounting, contract management and forecasting, tax reporting, earnings projections, and corporate compliance should all be included.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because

it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, particularly, but not

limited to information sought relating to accounting, forecasting, tax reporting, earning

projections and corporate compliance.  Defendants further object to this topic because the terms

"mapping," "table linking," and "training module" and the phrase "each Abbott entity's" are

vague and ambiguous. Defendants further object to this request because it is duplicative of Plaintiffs' previous discovery requests. Defendants state that Plaintiffs have been provided with flowcharts relevant to the national sales data produced by Defendants.

Defendants will not produce documents in response to this request.

3.      To the extent that any data storage or management entity (whether a file, or table, or some other type of data entity residing in media or memory) contains a price derived from a business transaction pertaining to an Identified Drug, such documents as completely describe the structure and contents of each data entity, and how it relates to every other data entity to which it has some direct relation, and the business uses of each data element or field contained in such entity. Documents responsive to this request may contain, but are by no means limited to those pertaining to prices, discounts, rebates, chargebacks, and other incentives associated with the sale of the Identified Drugs. The actual data is also requested - along with the documents that describe how to use and understand the data.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, confusing, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this topic because the terms "data entity," "direct relation," and "data element" are vague and ambiguous.

Defendants will not produce documents in response to this request.

4.      Such documents as contain, contemplate, or constitute each Abbott entity's data backup, disaster recovery, and litigation response plans or policies as they have existed from January 1, 1993 to present.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendants also object to this request because the terms "data backup," "disaster recovery," "contain," "contemplate," and "constitute" and the phrases

"litigation response plans or policies" and "each Abbott entity's" are vague and ambiguous. Defendants further object to this request because it is duplicative of Plaintiffs' previous discovery requests.

Defendants will not produce documents in response to this request.

5.    Such documents as reflect each Abbott entity's policies and procedures for administering trade rebates, chargebacks, stock adjustments, or any other adjustment to a balance owed by a customer.

**RESPONSE:**  In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it is not limited to the Identified Drugs.  Defendants further objects to this request because the terms "policies" and "procedures and the phrases "administering trade rebates," "any other adjustment" and "each Abbott entity's" are vague and ambiguous.

Defendants will not produce documents in response to this request.

6.    Copies of each data production that includes information on any of the Identified Drugs and Specified Time Period, where such data was produced in response to a state or federal government investigation or litigation request or in response to discovery in any MDL or Qui Tam proceeding.

**RESPONSE:**  In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request because it is duplicative of Plaintiffs' previous discovery requests.

Defendants will not produce documents in response to this request.

7.    Copies of each look-up table or other document that describes how to read or understand codes or characters within any field requested by this subpoena or included in Abbott entity's data production thus far.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it is duplicative of Plaintiffs' previous discovery requests. Defendants state that Plaintiffs have been provided with look-up tables related to the national sales data produced by Defendants.

Defendants will not produce documents in response to this request.

8.    A copy of each standard annual and quarterly report, projection or forecast generated in part through query or other analysis of any price, chargeback, rebate discount or other price adjustment to any Identified Drug transaction during the Specified Time Period. We also request of copy of each Ad hoc reports, queries and forecasts for same.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this topic because the terms "rebate discount," "ad hoc reports," and "queries" are vague and ambiguous.

Defendants will not produce documents in response to this request.

9.    A copy of each query and methodology used to generate any report requested by request number 8, above. This should also include each document that explains the purpose or results of the report and analysis.

**RESPONSE:** In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants incorporate their objections to Request No. 8.

Defendants will not produce documents in response to this request.

10.     Each correspondence or other document that discusses reserves, accruals, or recognition of liabilities or potential liabilities related to your compliance with the Medicaid Rebate program or other Medicaid requirements.  This includes correspondence with internal contractors, external contractors, accountants or consultants.

**RESPONSE:**  In addition to their General Objections, Defendants object to this request because it is overly broad, unduly burdensome, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks information regarding rebates related to the Medicaid Rebate Program.  Defendants further object to this request because it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Defendants will not produce documents in response to this request.

32

Dated: February 17, 2006

Respectfully submitted,

D. Douglas Brothers (TX Bar No.03084500)
Gary L. Lewis (TX Bar No. 012277490)
GEORGE & BROTHERS, L.L.P.
1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

James R. Daly
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Attorneys for Defendants Abbott
Laboratories Inc., Abbott Laboratories, and
Hospira, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via U.S. Mail and facsimile on this, the 17th day of February, 2006, on the following:

Raymond C. Winter
Assistant Attorney General
State of Texas
P. O. Box 12548
Austin, Texas  78711

Mr. Merle M. DeLancey (via facsimile only)
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC  20037-1526

Mr. C. Jarrett Anderson
Anderson LLC
1300 Guadalupe, Suite 103
Austin, Texas  78701

Mr. C. Michael Moore (via facsimile only)
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-8001

Mr. James J. Breen
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, Florida  33029-7470

Mr. John E. Clark
Goode Casseb Jones Riklin Choate & Watson
2122 North Main Avenue
P. O. Box 120480
San Antonio, Texas  78212-9680