# EXHIBIT 4

Filed in The District Court
of Travis County, Texas

JUN 1 4 2006

At 12:27 p. M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. GV401286

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs*, | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES INC., | § | |
| ABBOTT LABORATORIES, | § | |
| HOSPIRA, INC., | § | |
| B. BRAUN MEDICAL INC., AND | § | |
| BAXTER HEALTHCARE | § | |
| CORPORATION | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | | |

## ORDER ON DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST AMENDED RULE 199.2(b)(1) DEPOSITION NOTICE WITH REQUESTS FOR PRODUCTION

The Court hereby ORDERS as follows:

On April 19, 2006 and May 17, 2006 came to be considered the Responses and Objections of Abbott Laboratories, Inc., Abbott Laboratories, and Hospira (referred to herein as "Abbott"), to Plaintiffs' First Amended Rule 199.2(b)(1) Deposition Notice with Requests for Production. Having considered all briefing, evidence and argument of counsel, the Court rules as follows:

1. All objections asserted by Abbott through reference to previously overruled Objections to Plaintiffs' Second Requests for Production are OVERRULED.

2. Abbott's objection to the time frame is OVERRULED and Abbott is required to respond to Plaintiffs' First Amended Rule 199.2(b)(1) Deposition Notice with Requests for Production for the period from January 1, 1993 to the present.

3. The objections to topic No. 10 are OVERRULED without prejudice to the right of Defendants to assert claims of privilege at the deposition.

4. The objections to topic No. 11 are SUSTAINED.

5. The objections to topic No. 12 are OVERRULED, and topic No. 12 is clarified to read: "The witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures regarding pricing or price reporting, implemented by Abbott as a result or consequence of the Department of Justice investigations referred to above."

6. The objections to topic No. 13 are OVERRULED without prejudice to the right of Defendants to assert claims of privilege at the deposition.

7. The objections to topic No. 14 are SUSTAINED.

8. The objections to topic No. 15 are OVERRULED, and topic No. 15 is clarified to read: "The witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures regarding pricing or price reporting, implemented by Abbott as a result or consequence of the CID served on Abbott by the State of Texas in April 2000."

9. The objections to topic No. 16 are SUSTAINED.

10. The objections to topic No. 17 are OVERRULED and topic No. 17 is clarified to read: "To the extent not covered above, the witnesses will describe specifically and particularly any changes in policies or procedures regarding pricing, price reporting or other business procedures concerning pricing or price reporting implemented by Abbott as a result or consequence of any other government investigation."

11. The objections to topic No. 18 are SUSTAINED.

12. The objections to topic No. 20 are OVERRULED without prejudice to the right of Defendants to assert claims of privilege at the deposition.

13. The objections to topic No. 21 are SUSTAINED.

14. The objections to topic No. 24 are SUSTAINED.

15. Plaintiffs withdrew their request for a hearing on this date of Abbott's objections to topics Nos. 26 and 27 so those objections continue to stand until heard.

16. The objections to topics Nos. 43 and 44 are OVERRULED.

17. The objections to topic No. 36 are SUSTAINED.

18. The objections to topic No. 37 are SUSTAINED.

19. The objections to topic No. 42 are WITHDRAWN, with prejudice, and topic No. 42 is clarified to read: "The witnesses will describe specifically and particularly any telemarketing services or programs utilized in Texas or nationally by Abbott with respect to the Identified Drugs. For purposes of this Topic, 'telemarketing' is defined as follows: 'Use of the telphone to market Identified Drugs directly to current or prospective customers. For

the purpose of this definition, 'telemarketing' calls are those made by or on behalf of Abbott through personnel who do not ordinarily physically visit the customers.'"

20. All objections that the Requests for Production sought in connection with Plaintiffs' First Amended Rule 199.2(b)(1) Deposition Notice exceed the limits of the Scheduling Order are WITHDRAWN, with prejudice, by Abbott.

21. "Abbott entity" shall include each of the following Defendants named in this litigation: Abbott Laboratories, Abbott Laboratories, Inc., and Hospira Inc.

22. The objections to Request for Production No. 1 are OVERRULED.

23. The objections to Request for Production No. 4 are SUSTAINED as to "litigation response plans" and OVERRULED as to "data backup" and "disaster recovery plans" and Request for Production No. 4 is clarified to read; "Such documents as contain, contemplate, or constitute each Abbott entity's data backup or disaster recovery plans or policies as they have existed from January 1, 1993 to the present."

24. The objections to Request for Production No. 5 are WITHDRAWN, with prejudice, as to "chargeback" and Request for Production No. 5 is clarified by stating that for purposes of this Request "chargeback" is to be given its ordinary meaning in Abbott's business. Abbott's objections to Request for Production No. 5 as to "trade rebates" and "stock adjustments" are SUSTAINED.

This Order grants only the relief set forth herein. All Objections and Responses not addressed in this Order have not been ruled upon by this Court. To the extent this Order requires Abbott to produce information or prepare corporate testimony on discovery issues which have been raised by Abbott in its Petition for Writ of Mandamus to the Texas Supreme Court filed on or about April 12, 2006, then this Order is stayed until the Texas Supreme Court disposes of that Petition; otherwise, this Order must be complied with in conjunction with all pertinent Texas Rules of Civil Procedure and Scheduling Order provisions.

Signed on June 14, 2006.

HON. SCOTT H. JENKINS
Judge Presiding

AGREED:

*[signature]*

Raymond C. Winter
Assistant Attorney General
Counsel for Plaintiff, the State of Texas

*[signature]* W/ permission by *[initials]*

C. Jarrett Anderson
Counsel for Plaintiff, Ven-A-Care

AGREED AS TO FORM:

_____

Gary Lewis
Toni-Ann Citera
Eric P. Berlin
Tara Fumerton
James R. Daly
Counsel for the Abbott Defendants