## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *In re*: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne Bowler |

## REPLY MEMORANDUM BY THE UNITED STATES
## IN SUPPORT OF THE MOTION FOR A PROTECTIVE ORDER
## RELATING TO THE DEPOSITION OF GOVERNMENT COUNSEL

The United States has requested that the Court issue an order prohibiting the defendants in this case from subjecting government counsel to a deposition directed at obtaining privileged and irrelevant information.  This memorandum will address three issues raised by Abbott's brief in opposition to the motion for a protective order.  They are whether the deposition notice (1) necessarily involves the deposition of an attorney, (2) has some other legitimate purpose, and (3) involves a relevant inquiry in light of controlling law.

First, Abbott argues that the notice deposition does not necessarily implicate the interrogation of any attorney.  This argument simply ignores the subject matter specification in the notice, which requests testimony from "one or more employees of the Department of Health and Human Services ("HHS") who reviewed, approved, and/or were consulted regarding the brief of the United States as *Amicus Curiae* submitted by the Department of Justice on behalf of the Secretary of HHS."  The brief was prepared after Judge Saris invited the United States to file an *amicus* brief on the meaning of the term "Average Wholesale Price" (or "AWP"), *"as a*

*statutory matter*." *See* Transcript at 20 (emphasis supplied) (Transcript is attached).  In response, the Government submitted a brief addressing the meaning of the term AWP, "*as reflected in the Medicare Act . . . and federal regulations*."  *See Amicus* Brief. at 1 (emphasis supplied) (Dkt. 3104-1).  Abbott has now confirmed that its deposition notice is directed at the core issue addressed by the Government's brief.  According to Abbott, it intends to examine a witness regarding what the Government "meant by" and how it "interpreted the term 'AWP' *in statutes and regulations*..."  *See e.g.* Opposition Brief at 9 (emphasis supplied) (Dkt. 3597-1).

Notwithstanding the foregoing, Abbott takes the position that the legal arguments set out in the Government's legal brief are somehow "factual assertions."  That is plainly not the case.  Where the subject addressed in the Government's *amicus* brief – the meaning the term "AWP" – was briefed by the United States as a legal question and the arguments in support of the plain meaning interpretation were made in accordance *United States v. Lachman*, 387 F.3d 42 (1st Cir. 2004), a decision which clearly identifies the appropriate sources for resolving statutory and regulatory intent as legal issues.  Accordingly, the deposition notice by Abbott unquestionably implicates the interrogation of the Government's legal counsel.

Second, Abbott says it needs the deposition on the preparation of the *amicus* brief because it may yield other evidence, including evidence relevant to "causation" - that is, to facts surrounding the reimbursement paid by the Government for Abbott's drugs.  *See* Opp. Mem. at 10.  If Abbott wants to obtain evidence on the issue of causation and damages, then it should simply serve discovery directed to that end.  The deposition notice at issue here explicitly relates to the Government's consultation with agency personnel concerning a legal brief.  The agency attorneys who worked on the brief are not tasked with administering payment for claims for

drugs administered to Medicare and Medicaid beneficiaries.  The deposition specification to which the Government is obligated to respond (and as to which it seeks a protective order) is the one actually set out in the notice which Abbott served, not some other hypothetical notice specifying an arguably related topic.

Third, the deposition notice seeks testimony which is neither relevant nor crucial to this case, as established by exceptionally clear First Circuit precedent.  The principles which control the issue which is at the core of the dispute between the parties were clearly stated by the First Circuit in *United States v. Lachman*.  Significantly, Abbott's opposition brief does not even cite, much less discuss, the *Lachman* decision notwithstanding that the decision is controlling with respect to the relevance issue that has arisen as a result of the deposition notice from Abbott.

*Lachman* makes it plain that the question of statutory interpretation addressed in the Government's *amicus* brief is not resolved by the testimony or affidavits of agency personnel, but, rather, exclusively by the formal agency interpretations and other expressions of Congressional intent found in the public record.  When a statute or regulation is ambiguous and cannot be resolved by the plain language used or "by traditional tools of construction" (which is not the situation here with respect to the term "AWP" given the Court's order construing the term based on its plain language), a court may "look to agency interpretations."  *Id*. at 54.  However, the First Circuit was clear about what statements by agency personnel may be legitimately deemed expressions of interpretation by a Government agency: "agency interpretations [of both statutes and regulations] are only relevant if they are reflected in public documents."  *Id*.  "[N]on-public or informal understandings of agency officials concerning the meaning of a regulation are . . . not relevant."  *Id*.  Indeed, even evidence that agency officials, internally, and

at informal public seminars, expressed "contrary" interpretations about the meaning of federal regulations, were held by the Court to be "simply irrelevant to [its] interpretative task."  *Id.*

Both the Government's brief on the meaning of the term AWP and the Court's resolution of this issue were entirely in accord with the principles set out in the Supreme Court cases discussed and followed by the First Circuit in *Lachman*.[1]  Moreover, if Abbott's arguments concerning its need for the deposition it has noticed were given credence, the long-standing manner in which statutory intent is determined and resolved would be turned on its head.  The determination of legislative intent behind even an ambiguous term in a statute has never been resolved by taking the depositions of members of Congress.  In light of *Lachman*, Abbott's attempt to recast the legal arguments in the Government's *amicus* brief as "factual assertions" and its arguments as to the relevance of the requested testimony are spurious.[2]  The requested testimony is not even marginally relevant and, clearly, not crucial.

## CONCLUSION

The United States respectfully requests that the Court issue a protective order stating that the United States shall not be required to produce for deposition "one or more employees of the Department of Health and Human Services ("HHS") who reviewed, approved, and/or were

---

[1]  For example, each of the Government "representations" cited in Abbott's brief (*see* Opp. Mem. at 9-10) is supported by citation to publicly issued documents such as the Federal Register DHHS Program Memoranda, or the Code of Federal Regulations.

[2]  Abbott's reliance on *U.S. Equal Employment Opportunity Comm. v. Caesar's Entertainment, Inc.*, 237 F.R.D. 428 (D. Nev. 2006) – which involved factual assertions in a position paper and particularly related to non-privileged information to be produced at trial – is wholly misplaced in light of the specifications in Abbott's deposition notice.  The cited case has nothing to do with communications between lawyers regarding the legal arguments set out in a court brief.

consulted regarding the brief of the United States as *Amicus Curiae* submitted by the Department

of Justice on behalf of the Secretary of HHS."

For the United States,

MICHAEL J. SULLIVAN                          PETER D. KEISLER
UNITED STATES ATTORNEY                       ASSISTANT ATTORNEY GENERAL

George B. Henderson, II                       /s/ Justin Draycott
Assistant U.S. Attorney                      Joyce R. Branda
John Joseph Moakley U.S. Courthouse          Daniel R. Anderson
Suite 9200, 1 Courthouse Way                 Renée Brooker
Boston, MA 02210                             Justin Draycott
Phone: (617) 748-3272                        Gejaa T. Gobena
Fax: (617) 748-3971                          Civil Division
                                             Commercial Litigation Branch
R. ALEXANDER ACOSTA                          P. O. Box 261
UNITED STATES ATTORNEY                        Ben Franklin Station
SOUTHERN DISTRICT OF FLORIDA                 Washington, D.C.  20044
                                             Phone:  (202) 307-1088
 /s/ Mark A. Lavine                          Fax: (202) 307-3852
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
  the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

Dated: May 8, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above **REPLY MEMORANDUM BY THE UNITED STATES IN SUPPORT OF THE MOTION FOR A PROTECTIVE ORDER RELATING TO THE DEPOSITION OF GOVERNMENT COUNSEL** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

   /s/ Justin Draycott
Justin Draycott

Dated: May 8, 2007