UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs Inc., et al.,*<br>*02-CV-12084-PBS*<br><br>*State of Nevada v. American Home Prods. Corp., et al.,*<br>*D. Nev. Cause No. CV-N-02-0202-ECR* | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**IMMUNEX CORPORATION'S RESPONSE TO MONTANA AND NEVADA'S COUNTER-DESIGNATION OF ADDITONAL FACTS IN RESPONSE TO IMMUNEX'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Immunex Corporation submits this response to Montana and Nevada's Response to Statement of Undisputed Material Facts in Support of Defendant Immunex Corporation's Individual Motion for Summary Judgment ("States' Additional Facts") (Docket No. 4096). Immunex responds to the ¶¶ 16 – 25 of the States' Additional Facts in corresponding numbered paragraphs as set forth below. Where applicable, Immunex refers to materials already in the record on summary judgment.

16. Admitted that Immunex was aware that different Publishers established their own definition of AWP.

17. Admitted that the document submitted in support of ¶ 17 contains the quoted material. Denied that the document submitted in support of ¶ 17 otherwise supports "recognition" on the part of Immunex as to the reimbursement methodologies of payors.

18. Admitted that one document submitted in support of ¶ 18 (Ex. 17) references, but does not include, "AWPs of current competitors." Admitted that the other documents submitted in support of ¶ 18 included information regarding costs for reimbursing one Immunex medicine (Leukine) compared to a competitive product. Denied that Immunex "tracked" the differential between AWP and acquisition cost for all five subject drugs and those of its competitors. Immunex further responds to ¶ 18 by noting that the States of Nevada and Montana were aware of the differential between AWP and acquisition cost. *See* Defs.' Joint MT 56.1 Stmt. (Docket No. 3648) ¶¶ 21-36; Defs.' Joint NV 56.1 Stmt. ¶¶ 31-36 (Docket No. 3637).

19. Denied. The Publishers controlled the AWPs they published in their independent publications. This is particularly true from 1995 forward, as Immunex reported only "List Prices" to Publishers, not AWPs. *See* Immunex 56.1 Stmt. ¶ 8, Ex. D (Docket No. 3667).

20. Admitted that, for the limited time period it was published, Immunex's AWP Product Pricing Guide contained the information identified in ¶ 20. Admit that the document submitted in support of ¶ 20 (a 1993 document) contains the quoted material, but deny that it reflects Immunex's objective for publication of the AWP Product Pricing Guide.

21. Admitted that the documents submitted reflect the anticipated transmittal of an Immunex Product Pricing Guide to Red Book and ACCC during the month of January, 1995.

22. Admitted that Red Book sent Immunex a "product listing verification," which Immunex returned to Red Book in August 1995.

23. Denied. The documents submitted in support of the States' assertion that "Immunex trained its sales force to market the spread," do not support the statement. The materials submitted indicate that there was a differential between AWP and actual acquisition cost by providers. Immunex further responds to ¶ 23 by noting that the States of Nevada and

Montana were aware of the differential between AWP and acquisition cost. *See* Defs.' Joint MT 56.1 Stmt. ¶¶ 21-36; Defs.' Joint NV 56.1 Stmt. ¶¶ 31-36.

24. Admitted that Immunex was aware that there was a differential between AWP and actual acquisition cost by providers. Immunex further responds to ¶ 24 by noting that the States of Nevada and Montana were also aware of the differential between AWP and acquisition cost. *See* Defs.' Joint MT 56.1 Stmt. ¶¶ 21-36; Defs.' Joint NV 56.1 Stmt. ¶¶ 31-36.

25. Denied. Paragraph 25 is not a fact, but is counsel's unsupported assertion as to what they contend they may prove at trial.

DATED this 10th day of May, 2007.

**PERKINS COIE LLP**

By: /s/ *Kathleen M. O'Sullivan*
David J. Burman
Kathleen M. O'Sullivan
Charles C. Sipos
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
Email:  DBurman@perkinscoie.com
E-mail:  KOSullivan@perkinscoie.com
E-mail:  CSipos@perkinscoie.com

Thomas J. Sartory, BBO #442500
**GOULSTON & STORRS, P.C.**
400 Atlantic Avenue
Boston, MA  02110-3333
Telephone: (617) 482-1776
Email: tsartory@goulstonstorrs.com

Attorneys for Defendant Immunex Corporation

## CERTIFICATE OF SERVICE

     I hereby certify that on the 10th day of May, 2007, a true and accurate copy of was Immunex Corporation's Response to Montana and Nevada's Counter-Designation of Additional Facts in Response to Immunex's Motion for Summary Judgment was served via the Lexis-Nexis Filing System:

DATED:  May 10, 2007.

                          *Kathleen M. O'Sullivan*