UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*State of Nevada v. American Home Prods. Corp., et al.*, 02-CV-12086-PBS<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, 02-CV-12084-PBS | MDL NO. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |

### AVENTIS PHARMACEUTICALS INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

In responding to Aventis's motion for partial summary judgment, Montana and Nevada have failed to controvert the material facts that require this Court to grant Aventis's motion. First, the States admit that they have no evidence that Aventis marketed the spread for its self-administered drugs, or otherwise engaged in any deceptive, unfair, or fraudulent marketing activities. Second, the States have not come forward with any evidence that the spreads on Aventis's self-administered drugs ever exceeded 30%, despite the fact that Dr. Hartman's testimony, along with the overwhelming record evidence, shows that the Medicaid agencies understood and expected spreads of up to 30%.[1] Because the undisputed facts show that Aventis did not engage in deceptive, unfair, or fraudulent conduct in connection with its

---

[1] Aventis does not concede that the States were unaware of spreads greater than 30%. Rather, Aventis asserts that it is entitled to summary judgment even assuming the States were unaware of spreads greater than 30%.

- 1 -

2452180v1

marketing or price reporting of its self-administered drugs, the Court should grant Aventis's motion.

**I.  THE STATES HAVE FAILED TO CONTROVERT THE MATERIAL FACTS THAT REQUIRE THIS COURT TO GRANT SUMMARY JUDGMENT FOR AVENTIS.**

Fed. R. Civ. P. 56 and Local Rule 56.1 set forth the standard for determining whether facts are established for purposes of summary judgment.  A party opposing summary judgment on an issue for which it bears the burden of proof "cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995). Parties opposing summary judgment must provide a "concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."  Local Rule 56.1.  Where the facts alleged to be in dispute are not supported with citations to record evidence, they are "deemed for purposes of the motion to be admitted."  *Id.*  *See also Carreiro v. Rhodes Gill & Co.*, 68 F.3d 1443, 1446 n.3 (1st Cir. 1995) ("Properly supported facts set forth by the moving party are deemed admitted unless controverted by the factual statement of the opposing party."); *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) ("A genuine issue of material fact does not spring into being simply because a litigant claims that one exists.  Neither wishful thinking nor 'mere promise[s] to produce admissible evidence at trial' . . . nor conclusory responses unsupported by evidence . . . will serve to defeat a properly focused Rule 56 motion.").

In opposing Aventis's motion, Montana and Nevada admit that the drugs at issue in the motion are all brand-name, self-administered medicines.[2] Except for this admission, the rest of the States' responses are deficient under Local Rule 56.1 because they are not supported by evidence in the form of affidavits, depositions, or other documentation. Thus, the following key facts supporting Aventis's motion for partial summary judgment are either admitted or must be deemed admitted:

- Aventis sold the self-administered drugs at issue here at or near the published wholesale list price.

- AWP mark-up over wholesale list price never exceeded 25% for any of Aventis's products.

- There is no record evidence that any spread on any self-administered drug at issue ever exceeded 30%.

For the Court's convenience, a statement-by-statement analysis of the deficiencies in the States' 56.1 Response is provided as an Appendix to this Reply Memorandum.

## II. THE STATES ADMIT THAT AVENTIS DID NOT ENGAGE IN DECEPTIVE, UNFAIR, OR FRAUDULENT MARKETING ACTIVITIES.

The States alleged that Aventis engaged in a scheme to "market" the spread between AWPs and provider acquisition costs in order to "increase the market share of its drugs." But the States now concede that they have no evidence that Aventis engaged in any improper marketing activities related to the self-administered drugs at issue, or that Aventis in any way used published AWPs in an attempt to increase its market shares for the self-administered drugs at issue here. Instead, the States argue that they need only "show that the AWPs Aventis provided, or caused to be provided, to the States were not average wholesale prices, that Aventis knew that this was the case and that the States would rely on them for

---

[2]  See States of Nevada and Montana's Response to Defendant Aventis Pharmaceuticals Inc.'s L.R. 56.1 Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment ("States' 56.1 Response").

- 3 -

reimbursement purposes."[3]  Thus, the States' claims against Aventis rest entirely on the assertion that the AWPs associated with Aventis's self-administered drugs were somehow false or misleading because the AWPs "do not reflect average wholesale prices" and that this "alone constitutes unfair and deceptive practices in violation of the statutes."  States' Opp. at 11-12.  But as shown below, the States are wrong as a matter of law, and they have failed to come forward with any evidence to show that Aventis's price reporting was false or misleading.

## III. THE STATES HAVE FAILED TO PRESENT EVIDENCE TO SHOW THAT THE AWPs ASSOCIATED WITH AVENTIS'S SELF-ADMINISTERED DRUGS WERE FALSE OR MISLEADING.

In their opposition to Aventis's motion, the States argue that the AWPs associated with Aventis's self-administered drugs were misleading.  States' Opp. at 9.  The material facts concerning the published prices for Aventis's drugs, however, are not in dispute:  Aventis sold these drugs at or near the published wholesale list prices; published AWPs bore a predictable relationship to wholesale list prices that was well-known in the market and that never exceeded 25%; and because the "spreads" never exceeded 30%, they were within the range of market expectations, according to the States' expert witness.[4]  Unable to come forward with any <u>evidence</u> that the AWPs for Aventis's products were misleading, the States posit that they need only show that the AWPs exceeded average wholesale prices.  This theory fails on both factual and legal grounds.

---

[3] Nevada and Montana's Opposition to Aventis Pharmaceuticals Inc.'s Motion for Partial Summary Judgment ("States' Opp.") at 12.

[4] The States' expert's 30% expectation analysis is based on the spread between ASP and AWP.  Here, the States' expert assumed that retail acquisition cost (which he equates with ASP) for single-source self-administered drugs is approximately equal to WAC.  (Hartman Montana Decl. of June 13, 2006 at ¶ 22(a) (attached to Matye Decl. as Ex. E); Hartman Nevada Decl. of June 13, 2006 at ¶ 23(a) (attached to Matye Decl. as Ex. F).)  Thus, when Aventis refers to the spread between the wholesale list prices or WACs and the AWPs for its self-administered drugs, this spread is equivalent to the ASP-AWP spread at issue in the 30% expectation analysis.

- 4 -

2452180v1

The States cite no evidence in support of their assertion that AWPs are misleading whenever they exceed average wholesale prices. The evidence of record shows that AWPs, including those attributed to Aventis's drugs, had a consistent relationship to wholesale list prices, and that the relationship was well-known to market participants. The States' expert, Dr. Hartman, states that retail pharmacies acquired brand-name self-administered drugs at prices close to wholesale list prices, that "there is a well understood formulaic relationship between AWP and WAC," and that the two prices "are usually related by a constant ratio." *See* States' Opp. at 7. The record contains no evidence whatsoever to support the assertion that market participants, including Montana and Nevada Medicaid, could be misled by the fact that published AWPs exceeded average wholesale prices. To the contrary, as detailed in Defendants' Joint Motion for Summary Judgment, the record is replete with evidence showing that the States understood that AWPs were not actual average prices, but rather pricing benchmarks that were consistently higher than actual average acquisition costs.

Nor do the facts support the States' assertion that AWPs for Aventis's drugs were misleading, and thus "unfair" or "deceptive" under the States' consumer protection statutes, even after applying the States' own formulation of the legal standard. The States contend that the standard under these statutes "is whether the conduct had the capacity to deceive or 'mislead' the market." States' Opp. at 8. But Dr. Hartman's testimony in this case shows conclusively that the AWPs for Aventis's self-administered drugs did not have the capacity to deceive or mislead the market. Dr. Hartman testified not only that market participants expected spreads to be up to 30%, but also that Montana and Nevada Medicaid were market participants. (Aug. 22, 2006 Deposition of Dr. Raymond Hartman, 32:2-21 (attached to Matye Decl. as Ex. H).) The States have failed to adduce any factual evidence whatsoever that the AWPs for Aventis's drugs had

the capacity to deceive or mislead the market.[5] Instead, the States point only to this Court's statutory interpretation ruling in the class action cases regarding Medicare Part B, a ruling that has no applicability whatsoever to the cases brought by Montana and Nevada.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Aventis's individual motion for partial summary judgment.[6]

AVENTIS PHARMACEUTICALS INC.

By its attorneys:

   /s/ Joseph G. Matye

---

[5] The States claim that they expected a more modest spread of 10% to 15%, presumably relying on the declarations of Poulsen and Buska, even though the States provide no citation for their claim and even though these declarations relate solely to Montana. States' Opp. at 11. Of course, this claim defeats their position that AWPs are deceptive when they exceed average wholesale price. In addition, the States themselves argue that the law requires conduct that had the capacity to deceive the market, and individual expectations would not be relevant to this analysis. If the reimbursement formula adopted by every state Medicaid agency provided the baseline for fraudulent AWPs, a pharmaceutical manufacturer's conduct would be irrelevant (even if one assumes that manufacturers controlled the setting of AWP, which they did not). For example, Montana changed its reimbursement formula to AWP – 15% from AWP – 10%. If this formula were the baseline for liability, a manufacturer whose spread equaled 12% would face liability prior to the change, but would no longer be "deceiving" the State after the formula changed. It cannot be the law that the standard for determining whether a published AWP is deceptive or misleading is the reimbursement formula chosen by a particular State.

[6] Although Aventis's motion is denominated as a motion for "partial" summary judgment, Nevada has now acknowledged (in its opposition to defendants' joint motion for summary judgment) that it is not seeking recovery for physician-administered drugs and that its claims relate only to self-administered drugs. As a result, the granting of this motion, which relates to Aventis's self-administered drugs, will dispose of the Nevada case in its entirety.

- 6 -

2452180v1

        Michael L. Koon, Esq.
        Joseph G. Matye, Esq.
        Brian G. Fedotin, Esq.
        Admitted *pro hac vice*
        SHOOK, HARDY & BACON L.L.P
        2555 Grand Blvd.
        Kansas City, Missouri 64108-2613
        Telephone:  (816) 474-6550
        Facsimile:  (816) 421-5547

        Michael DeMarco (BBO# 119960)
        KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111-2950
        Telephone: 617-261-3100

        ATTORNEYS FOR DEFENDANT
        AVENTIS PHARMACEUTICALS INC.

## APPENDIX

This Appendix describes the deficiencies in the States' response to Aventis's L.R. 56.1 Statement of Undisputed Material Facts.

Facts 2 and 7 through 9 establish the manner in which Aventis reported prices to the pricing compendia, including the reporting of wholesale list price ("WLP"). The States purport to deny these facts, but they do not cite any evidence to support their denials, which means that the statements must be deemed admitted.

The States also purport to deny Facts 3 through 5, which describe the mark-ups of AWPs over WLPs for Aventis's products. Again, the States' responses are deficient under Local Rule 56.1 because they are not denials supported by affidavits, depositions, or other documentation. Importantly, the States fail to put forward any evidence that Aventis's published AWPs ever exceeded a 25% mark-up over WLP. The States' denial of Fact 6, which is based on Dr. Berndt's report to the Court regarding industry custom and practice, is also deficient because the States provide no explanation whatsoever for their denial.

The States must also be deemed to have admitted the facts describing Aventis's sales of self-administered drugs at list price to direct purchasers (Facts 13 and 14), because the States' only response is that they can neither admit nor deny these facts. These are not denials, let alone denials that comport with Local Rule 56.1. The States contend that Aventis has not provided the States with adequate data or information to test these assertions, but in fact the relevant data and information are equally available to the States. Facts 13 and 14 are supported by the Declaration of Dr. James W. Hughes dated February 8, 2007. The materials Dr. Hughes relied on are listed in an exhibit to his Declaration and were all made available to the States during discovery. Further, Dr. Hughes' Declaration is taken directly from his expert report,

which was served on the States on February 8, 2007.  The States thereafter had the opportunity to take discovery of Dr. Hughes and to test any assertions contained in his expert report.  Therefore, the States cannot now deny these facts on the ground they do not have adequate information to test them.

Finally, the States also purport to deny Facts 17 and 18, which establish Aventis's net sales to wholesalers at list price and acquisition costs by pharmacies at or near list, because the statements are based on Dr. Hughes' Declaration.  For the same reasons stated above (the States' access to the underlying data and opportunity to take expert discovery), these responses are deficient under Local Rule 56.1, and should be deemed admitted.

In summary, the States' responses to the Facts identified above are deficient under Local Rule 56.1 and must be deemed admitted.

2452180v1

## CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2007, copies of Aventis Pharmaceuticals Inc.'s Reply Memorandum in Support of Its Motion for Partial Summary Judgment and its Appendix were served on all counsel of record via ECF and Lexis/Nexis File & Serve.

      /s/ Joseph G. Matye_____

2452180v1