**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: *State of Montana v. Abbott Labs Inc., et al.,* 02-CV-12084-PBS | Civil Action No. 01-CV-12257-PBS  Judge Patti B. Saris |

**REPLY MEMORANDUM IN SUPPORT OF**
**PFIZER'S AND PHARMACIA'S MOTION**
**FOR SUMMARY JUDGMENT**

Pfizer Inc. ("Pfizer"), and Pharmacia Corporation and Pharmacia & Upjohn (together, "Pharmacia"), submit this Reply Memorandum in further support of their Motion for Summary Judgment.

## I.   INTRODUCTION

In response to the indisputable facts that Montana was required to reimburse Pfizer's and Pharmacia's drugs at Direct Price, rather than AWP-10%, and in fact did so for many transactions, plaintiff employs only an attempt at misdirection.  Rather than acknowledge that it was to reimburse for drugs at Direct Price, Plaintiff urges that, even though it used Direct Price for many of the transactions during the time period, Direct Price was somehow not "available" and therefore it used an AWP-based reimbursement instead.  Of course, there is no evidence to support this assertion, and thus no triable issue of fact that would preclude summary judgment in favor of Pfizer and Pharmacia.

None of Plaintiff's arguments address the core reason for which summary judgment should be granted:  that Montana Medicaid was fully aware that provider acquisition costs were below AWP-10%, and chose to use AWP as a reimbursement benchmark in order to ensure providers would participate in the Medicaid program so that Medicaid beneficiaries in Montana had access to providers.

The state's own actions demonstrate it was never defrauded.  Plaintiff *admits* that even after the filing of this lawsuit, it eliminated use of Direct Price for all manufacturers and moved to an AWP-based reimbursement in order to *increase* reimbursement to providers.  Such a deliberate choice to move away from published prices offered to retailers and to use the very same AWPs that it complains are "fraudulent" demonstrates that the state was never defrauded.

Moreover, even if it were true that Montana providers were unable to acquire Pfizer's and Pharmacia's drugs at Direct Price, the theoretical ASPs relied upon by plaintiff's expert, Dr. Hartman, are invalid.  In fact, if what plaintiff argues is true, then the acquisition costs of Montana providers for Pfizer's and Pharmacia's drugs are *higher* than those estimated by Dr.

Hartman.  Accordingly, Montana has no basis for claiming damages.  For this additional reason, summary judgment should be granted in favor of Pfizer and Pharmacia.

## II.  DISCUSSION

At the outset, plaintiff has made some important concessions in its opposition:

- It has withdrawn its claims against Pfizer regarding Best Price, and agrees judgment should be entered in favor of Pfizer on this claim.  (Mt. Opp. Br. at 2.)

- It has acknowledged that it has not suffered any damages for claims reimbursed on the basis of Direct Price.  (Mt. Opp. Br. at 6 & n.5.)

- It admits that Montana Medicaid received complaints from pharmacists that they were being insufficiently reimbursed when payments to them were made at Direct Price.  (Mt. Rule 56.1 Response at ¶ 15.)

- It admits that Montana Medicaid had the option of using Direct Price, rather than AWP, as a basis of reimbursement and, in fact, did so for certain manufacturers' drugs.  (Mt. Rule 56.1 Response at ¶ 32.)

- It admits that, after the filing of this lawsuit, Montana Medicaid chose to *increase* reimbursements to providers by using the AWP methodology to reimburse for drugs that had previously been reimbursed at Direct Price.  (Mt. Rule 56.1 Response at ¶ 34.)

Nevertheless, plaintiff opposes summary judgment because it asserts that Direct Price was somehow not "available" to Montana providers.  This is simply a red herring.  There is no question that the state cannot prove it reasonably relied upon the allegedly "fraudulent" AWPs when it is indisputable that, for Pfizer's and Pharmacia's drugs, Direct Prices were listed alongside those very same AWPs.  (*See* Stempel Reply Decl., Exhs. 15-17.)

Moreover, the documents cited by the state to claim that Direct Price was not available do not support this proposition.  Instead, the evidence in the record demonstrates that providers could acquire drugs from Pfizer and Pharmacia at Direct Price.  (Local Rule 56.1 Reply Statement of Undisputed Facts in Support of Pfizer's and Pharmacia's Motion for Summary Judgment ("Pfizer Reply SOF") ¶¶ 38, 40, 42; McPhillips Decl. ¶ 6; Engels Decl. ¶¶ 6, 7.)  The evidence further demonstrates that Montana was required to, and most often did, reimburse

providers at Direct Price for Pfizer's and Pharmacia's drugs.  (Pfizer SOF ¶¶ 2-4, 6-9, 14; Stempel Decl. Exhs. 2-4; Gaier Direct Price Decl. ¶¶ 4, 5.)  Direct Price was widely available for these drugs, as it was the policy of both Pfizer and Pharmacia to sell directly to providers who wished to place orders directly with the manufacturer, rather than through wholesalers or other intermediaries.  (McPhillips Decl. ¶ 3; Engels Decl. ¶ 3.)

Plaintiff's argument that Montana pharmacists were unable to obtain their drugs at Direct Price—and that Montana therefore opted to reimburse those providers at AWP-10% instead—actually supports Pfizer's and Pharmacia's motion.  Aside from the fact that this choice was contrary to its own legal requirement, and the fact that neither Pfizer nor Pharmacia bear any responsibility for the state having made this choice, plaintiff's argument entirely nullifies its own expert's theory of damages.

For Pfizer, Direct Price was approximately 5% above its Wholesale List Price.  (Pfizer Reply SOF ¶ 44.)  For Pharmacia, Direct Price was the same as its Wholesale Acquisition Cost.  (Pfizer Reply SOF ¶ 45.)  Until January 2001, any provider—including those in Montana—wishing to purchase Pfizer drugs directly from the manufacturer could obtain drugs at Direct Price.  (Pfizer Reply SOF ¶ 38.)  Throughout the time period at issue in this litigation, Upjohn's drugs were available for purchase from Upjohn (then later Pharmacia) at Direct Price.  (Pfizer Reply SOF ¶ 40.)  Similarly, Montana providers could purchase drugs directly from Pharmacia from at least 1995 through 2003.  (Pfizer Reply SOF ¶ 42.)  Because First DataBank calculated AWP as 25% above Pfizer's Wholesaler List Price, Pfizer's Direct Price was approximately 16% less than AWP.  The Direct Price for Pharmacia drugs was generally 20% below First DataBank's calculated AWP of WAC+25%.  In other words, according to Plaintiff, Montana providers were acquiring their drugs at some price *higher than* AWP-16% for Pfizer, and *higher than* AWP-20% for Pharmacia.  Accordingly, these acquisition costs fall well above Dr. Hartman's estimated acquisition prices for Montana pharmacists, and renders plaintiff with no basis for claiming damages.

### III.   CONCLUSION

For the reasons set forth above, as well as those in Pfizer and Pharmacia's moving brief and the defendants' joint motion and memoranda, summary judgment should be granted in favor of Pfizer and Pharmacia.

Respectfully submitted,

Dated:  May 10, 2007

_____/s/ Mark D. Smith_____
Mark D. Smith  BBO 542676
LAREDO & SMITH, LLP
15 Broad Street, Suite 600
Boston, MA 02109
Tel:  (617) 367-7984
Fax: (617) 367-6475

John C. Dodds
Erica Smith-Klocek
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Fax: (215) 963-5001

Scott A. Stempel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel:  (202) 739-3000
Fax: (202) 739-3001

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2007, a true and accurate copy of the Reply Memorandum in Support of Pfizer's and Pharmacia's Motion for Summary Judgment was served upon all counsel of record via the Lexis-Nexis Filing System:

DATED:  May 10, 2007.


_____/s/ Mark D. Smith_____