UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. American Home Products corp., et al.*,<br>D. Nev. Civil Action No. 02-12086-PBS | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S 56.1 STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF ITS REPLY TO MONTANA AND NEVADA'S JOINT OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Court for the District of Massachusetts, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby submits these additional facts in support of its Individual Reply of Defendant AstraZeneca Pharmaceuticals LP in Further Support of its Motion For Summary Judgment and in response to Nevada's Response to Local Rule 56.1 Statement of Undisputed Material Facts in Further Support of Defendant AstraZeneca Pharmaceuticals LP's Motion For Summary Judgment (Docket No. 4088). Expert declarations cited herein are attached as exhibits to the Declaration of James J. Duffy in Support of the Individual Reply of Defendant AstraZeneca Pharmaceutical LP in Further Support of Its Motion for Summary Judgment ("Nevada Duffy Decl.").

1. The physician-administered drug Zoladex (goserelin acetate implant) represents less than 1 percent of Nevada's total Medicaid expenditures for AstraZeneca drugs from 1991 to

2004.  (Merits Report and Expert Declaration of Joel Winterton in the Nevada AWP Litigation, filed February 8, 2007, ¶ 9).

2.  Dr. Hartman's expert opinion on loss is based on instructions from counsel as to when liability occurs as a matter of law: "I have been instructed by Counsel that liability occurs as a matter of law if AA [amount allowed as reimbursement] [is greater than] EAC [estimated acquisition cost]." (Calculation of Damages and Penalties for the State of Nevada, Declaration of Raymond S. Hartman ("Hartman NV Decl.") ¶ 21, Nevada Duffy Decl. ¶ 4, Ex 3.)

3.  In attempting to calculate the State's losses as a result of Defendants' alleged misconduct, Dr. Hartman did not take into account the underpayment of dispensing fees by Nevada Medicaid or Nevada's obligations under federal law to provide Medicaid reimbursement rates sufficiently high as to not threaten residents' access to care.  (Hartman NV Decl. ¶¶ 15-17, Nevada Duffy Decl. ¶ 4, Ex 3.)

Dated:  Boston, Massachusetts
        May 10, 2007

                                    By:   /s/ Katherine B. Schmeckpeper

                                    Nicholas C. Theodorou (BBO # 496730)
                                    Katherine B. Schmeckpeper (BBO #663200)
                                    FOLEY HOAG LLP
                                    155 Seaport Blvd.
                                    Boston, Massachusetts  02210
                                    Telephone:  (617) 832-1000

        D. Scott Wise (admitted *pro hac vice*)
        Michael S. Flynn (admitted *pro hac vice*)
        James J. Duffy (admitted *pro hac vice*)
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, New York  10017
        Telephone:  (212) 450-4000

        *Attorneys for Defendant AstraZeneca*
        *Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2007, a true and correct copy of the foregoing, Defendant AstraZeneca Pharmaceuticals LP's 56.1 Statement of Additional Facts in Support of Its Reply to Montana and Nevada's Joint Opposition to its Motion for Summary Judgment, was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper