UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO 1456<br>CIVIL ACTION NO. 01-Cv-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>**CLASS 1 JURY TRIAL (BMS)** | Hon. Patti B. Saris |

**BMS DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIFTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp. (together, "BMS") respectfully submit this memorandum of law in opposition to Plaintiffs' motion for leave to file a Fifth Amended Master Consolidated Class Action Complaint ("FAMCC").

## Preliminary Statement

BMS joins in the Track Two Defendants' opposition to Plaintiffs' motion for a proposed FAMCC. BMS adds this separate memorandum because, as a Track One Defendant as to which a Class 1 certification order already exists, there is an additional reason why the motion must be denied: it purports to add new class members without providing them with notice and an opportunity to opt out.[1]

[1] The Johnson & Johnson Defendants and Schering and Warrick, also in Track One, join in this Memorandum and that of the Track Two Defendants. However, since no Class 1 claim has been certified

## Argument

### I. PLAINTIFFS' FILING IS A DISGUISED MOTION TO AMEND THE TRACK 1 CLASS CERTIFICATION ORDER THAT MUST BE DENIED

Where a plaintiff purports to amend the complaint to add uncertified claims, the motion is the functional equivalent of, and must be construed as, one for class certification. See Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 54 (1st Cir. 2002) ("In substance the motion to amend [the complaint to assert class claims] was a motion for class certification and we, like the district court, treat it as such."). Where, as here, there is an existing order defining the class claims, the appropriate procedural vehicle is Fed. R. Civ. P. 23(c)(1)(C), which allows for that prior order to be "altered or amended before final judgment."

Plaintiffs have not even attempted to make a showing as to whether a nationwide class may be certified based on common law fraud.[2] Indeed, their motion contains only one sentence stating that "Count X" (actually, Count IX) is added "for the consumer class [Class 1] to align one count with the jury instructions to be given in the first and subsequent jury trials." Pl. Mot. at 3. At the very least, Plaintiffs should be required to make a motion under Rule 23(c)(1)(C) setting forth their rationale for altering the

---

as to Schering or Warrick, some of the arguments herein relating to the existing class certification order do not apply to them. Nevertheless, Plaintiffs' motion should be denied as to Schering and Warrick for the other reasons stated herein and in the memorandum of the Track Two Defendants.

[2] Although the Court appears to have decided to instruct the jury otherwise, BMS and the J&J Defendants agree with the position, articulated in AstraZeneca's prior briefing, that the law requires the Court to instruct the jury on the specific state consumer fraud laws that are the only claims actually certified under this Court's January 30, 2006 order. See Memorandum Accompanying AstraZeneca Pharmaceuticals LP's Proposed Jury Charges Concerning Common Law Intentional Misrepresentation, May 2, 2007. Plaintiffs' proposed Fifth Amended Complaint should be disallowed for this reason as well.

existing class certification order, thereby giving BMS an opportunity to respond in an orderly fashion.

Nevertheless, as the Track Two Defendants have illustrated, there is no way such a claim can be certified on a multi-state (let alone nationwide) basis because individual issues of reliance will necessarily predominate and there are substantial variations from state to state with respect to the several elements and standards of proof for a fraud action which render the class unmanageable.

Moreover, if Plaintiffs intend to extend the fraud count to Class 1 consumers who were not the subject of the Track One class notice – because, for example, a particular state's consumer protection laws do not allow for class actions – then, any motion to add such consumers on a common law fraud theory now must fail for lack of compliance with the notice and opt-out requirements of Fed. R. Civ. P. 23(c)(2)(B). Without a new notice, Plaintiffs simply cannot add to Class 1 any person who did not reasonably appreciate that his or her rights under the common law of his or her state might be adjudicated in these proceedings. See 2003 Advisory Committee Notes to Rule 23(c)(1).

## II. ADDITIONALLY, LEAVE TO AMEND WOULD BE IMPROPER UNDER RULES 15 AND 16

Notwithstanding Rule 15's liberal amendment policy, it is the more stringent "good cause" standard of Rule 16(b), that governs motions to amend a pleading after a scheduling order is in place. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir. 2004); accord Berwind Property Group Inc. v. Environmental Management Group, Inc., 233 F.R.D. 62, 66 (D. Mass. 2005).

Under this standard, "[w]here, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (citation omitted). Plaintiffs perfunctory justification for amendment, without elaboration or citation to pertinent authorities, is insufficient to meet their burden under any standard. See D. Mass. Local R. 7.1(b) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.") (emphasis added).

As BMS understands it, Plaintiffs feel a need to respond to the Court's statements made at the hearings in preparation for the AstraZeneca Class 1 trial that the Court intends to instruct the jury on the elements of common law fraud in an attempt to "rationalize" varying standards under the different state consumer fraud statutes pled in the existing Third Amended Master Consolidated Class Action Complaint ("TAMCC").[3] While BMS respectfully disagrees with the Court's decision to certify Class 1 at all, the Court's intended charge provides no justification for the Plaintiffs to add an entirely new cause of action. The Court has ruled that, for purposes of this case, statutory consumer fraud requires a showing of deception akin to common law fraud. It has not invited

[3] Plaintiffs vague reference to "align[ing]" the complaint to the proposed jury instructions suggests that their motion is brought pursuant to Fed. R. Civ. P. 15(b), which permits amendment to "conform" to the evidence at trial, when the issues were litigated with "the express or implied consent of the parties." By its terms this subsection cannot apply here. Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 232 (1st Cir. 2003) (affirming denial of amendment to add Massachusetts consumer protection count where there was no evidence of express or implied consent of defendant to litigate the claim at trial); see also Pacamor Bearings, Inc. v. Minebea Co., Ltd., 892 F.Supp. 347, 350 (D.N.H. 1995) (noting that plaintiffs were not entitled to amend their complaint pursuant to subsection (b) of Rule 15 at the pre-trial stage of the proceedings).

Plaintiffs to amend the complaint to bring common law fraud claims in addition to statutory consumer fraud claims.

## III. THE STATUTORY "DEMAND" LETTERS ARE VOID AS TO BMS

As the Track Two Defendants note, Plaintiffs' original failure to *plead* compliance with pre-suit demand letters required under various state consumer fraud statutes cannot be rectified by *first sending* such demands long after suit was commenced. For the same reasons, the Plaintiffs' repeated notices to BMS after the filing of the TAMCC are a nullity and, therefore, the pleadings in the FAMCC as to demand letters should be stricken as futile.[4]

[4] It is also worth noting that the "demand" letters are defective on their face. They refer to the "Together Rx" episode in which manufacturers were accused of conspiring with First Databank to "inflate the [WAC-AWP] mark up factor" from 20% to 25%. See Demand Letters annexed to Class Plaintiffs' Motion For Leave to File an Amended Complaint. Plaintiffs voluntarily dismissed those claims because it was established that the manufacturers had nothing to do with First Databank's change. Second, the letters were sent at a time (2005-2007) when average selling prices or ASPs for the BMS drugs at issue in the Class 1 case had already become available. In other words, even if Plaintiffs' letters could be considered to refer to "AWP" claims generally (as opposed to "Together Rx" claims specifically), any demand for BMS to cease and desist had already been mooted by changes in the Medicare regulation.

Conclusion

For the foregoing reasons and for the reasons stated in the opposition of the Track Two Defendants, Plaintiffs' motion for leave to file the proposed Fifth Amended Master Consolidated Class Action Complaint should be denied.

Dated: May 10, 2007

Respectfully Submitted,
By: /s/ Jennifer M. Ryan

Thomas E. Dwyer (BBO No. 139660)
Jennifer Ryan (BBO No. 661498)

**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney, III (TS 6557)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY 10022
Tel: (212) 918- 3000
smedwards@hhlaw.com
lmtretter@hhlaw.com
tjsweeney@hhlaw.com

*Attorneys for Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation*

**CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE**

I, Lyndon M. Tretter, hereby certify that I am one of Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.'s attorneys and that, on May 10, 2007, I caused a copy of **BMS's MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIFTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

/s/ Lyndon M. Tretter
Lyndon M. Tretter