# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No.1456 |
|  | ) | Civil Action No. 01-CV-12257-PBS |
|  | ) |  |
|  | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

## TRACK TWO DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### INTRODUCTION

The Track Two Defendants[1] oppose Plaintiffs' Motion for Leave to File an Amended Complaint (the "April 2007 Motion to Amend").  [Doc. No. 4105]  In their April 2007 Motion to Amend, Plaintiffs assert that they are merely seeking leave to cure certain procedural errors vis-à-vis their consumer protection act claims and to add a common law fraud claim.  See April 2007 Motion to Amend at 2-3.  In fact, Plaintiffs have quietly added dozens of drugs previously excluded from this case and assert false allegations concerning their alleged compliance with the special notice provisions of several states.  Moreover, Plaintiffs' proposed amendments would require the reopening of class certification discovery and necessitate additional briefing as to Track Two class certification.  Accordingly, the Track Two Defendants respectfully urge this Court to reject:

1. Plaintiffs' attempt to add drugs previously excluded by the Court's April 10, 2006 "No New Drugs" Order;

---

[1] Pfizer Inc. joins in this Opposition even though it was dismissed with prejudice from the case on November 1, 2006.  [Docket No. 3276]  Plaintiffs' counsel has confirmed that the inclusion of Pfizer Inc. in the Proposed Fifth Amended Complaint was inadvertent.

2. Plaintiffs' futile and prejudicial amendments that seek to add a common law fraud count as a new basis for recovery; and

3. Plaintiffs' futile attempt to include consumer protection claims against the Track Two Defendants in violation of the special notice provisions of the Massachusetts, California, Georgia, Indiana, Texas, West Virginia, and Wyoming consumer protection statutes and this Court's August 16, 2005 Order that Plaintiffs must comply with these special notice provisions.

## PROCEDURAL BACKGROUND

On June 30, 2006, Aventis Pharmaceuticals Inc. ("Aventis") filed a Motion for Partial Summary Judgment and Judgment on the Pleadings vis-à-vis Plaintiffs' class 1 and class 3 M.G.L. ch. 93A sec. 9 consumer claims (the "July 2006 Motion for Partial Summary Judgment").  [Doc. No. 2806]  Specifically, Aventis argued that because the Plaintiffs failed to comply with the pre-suit demand requirements of M.G.L. ch. 93A sec. 9, Plaintiffs could not pursue such a claim.  Plaintiffs opposed Aventis' July 2006 Motion for Partial Summary Judgment and sought leave to amend their consolidated class complaint by adding two paragraphs to "more accurately set forth the dates and nature of the demand letters" (the "July 2006 Motion to Amend").  [Doc. No. 2883]  On March 23, 2007, this Court granted Aventis' July 2006 Motion for Partial Summary Judgment and granted Plaintiffs' limited motion for leave to amend two paragraphs in the consolidated class complaint.

Plaintiffs have now filed yet another Motion to Amend, the April 2007 Motion to Amend, which seeks permission to file a Proposed Fifth Amended Master Consolidated Class Action

Complaint (the "Proposed Fifth Amended Complaint").  [Doc. No. 4105][2]  In the April 2007

Motion to Amend, Plaintiffs state that they are seeking leave to amend their complaint to cure

certain procedural deficiencies and to "align" their complaint with jury instructions that they

anticipate the Court may use during any consumer trial.  The Proposed Fifth Amended

Complaint attached to the April 2007 Motion to Amend goes far beyond Plaintiffs' disclosed

intentions.  For the reasons set forth below, Plaintiffs' April 2007 Motion to Amend should be

denied.

<u>**ARGUMENT**</u>

The liberal amendment policy prescribed by Rule 15(a) "does not mean that leave will be

granted in all cases."  <u>Judge v. City of Lowell</u>, 160 F.3d 67, 79 (1st Cir. 1998) (overruled on

other grounds by <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61 (1st Cir.

2004)).  In particular, leave to amend can and should be denied when the amendment is futile or

would serve no legitimate purpose.  <u>See Carlo v. Reed Rolled Thread Die Co.</u>, 49 F.3d 790, 792

(1st Cir. 1995) (noting that the Court has the discretion "to deny [a motion to amend] if it

believes that, as a matter of law, amendment would be futile."); <u>Judge</u>, 160 F.3d at 79 (noting

that courts "should not needlessly prolong matters" if allowing the amendment would be futile or

would serve no legitimate purpose).

Leave to amend should also be denied "if the request is unduly delayed, so that the

opponent's interests are prejudiced."  <u>Saunders v. R.D. Werner Co., Inc.</u>, No. 94-10782-GAO,

1995 WL 598958 at *3 (D. Mass. Sept. 26, 1995); <u>see also</u> <u>Kennedy v. Josephthal & Company,

Inc.</u>, 814 F.2d 798, 806 (1st Cir. 1987) (internal citations omitted) (noting that "(1) the district

court may deny leave to amend where it would have to reopen discovery after development of

---

[2]  As an aside, Plaintiffs did not meet and confer with counsel for the Track Two Defendants
pursuant to Local Rule 7.1 before filing their April 2007 Motion to Amend.

the legal issues and accumulation of an extensive record; (2) prejudice may result where 'defendants would need additional time to change their trial strategy in light of the proposed amendment;' and (3) '[t]he further along a case is toward trial, the greater the threat of prejudice.'").  Because both of these conditions are present here, Plaintiffs' April 2007 Motion to Amend should be denied.

## I.     THE COURT SHOULD DENY PLAINTIFFS' ATTEMPT TO ADD DRUGS PREVIOUSLY EXCLUDED BY THE COURT'S "NO NEW DRUGS" ORDER.

Plaintiffs' Proposed Fifth Amended Complaint reintroduces dozens of drugs previously seen for the first time in the March 1, 2006 Fourth Amended Master Consolidated Class Action Complaint (the "Fourth Amended Complaint") and Plaintiffs' March 10, 2006 Notice of Errata.[3] [Doc. Nos. 2171-76; 2244].  On March 13, 2006, the Track Two Defendants moved to strike these portions of the Fourth Amended Complaint and its accompanying list of drugs (the "Motion to Strike").  [Doc. No. 2249].  In the Motion to Strike, the Track Two Defendants noted that even though this Court had long-ago admonished Plaintiffs that the time for adding new drugs had passed, Plaintiffs still persisted in attempting to dramatically expand the number of subject drugs.  See Motion to Strike at 1 (citing January 13, 2003 Hearing Transcript at 103).  On April 10, 2006, this Court granted the Track Two Defendants' Motion to Strike, ordering that the new drugs included in the Fourth Amended Complaint be stricken.  See Electronic Order Granting in Part the Motion to Strike ("I strike the new drugs.").

Unfazed, Plaintiffs have reinserted the very same new-drug allegations and purported to incorporate the same list of drugs (which were previously stricken by the Court) into their Proposed Fifth Amended Complaint.  Plaintiffs' latest attempt to reinsert dozens of new drugs

---

[3]  A list of these drugs is attached as Ex. A to the Declaration of Aimée E. Bierman ("Bierman Decl."), filed herewith.

into this Action should be rejected just as it was over one year ago.  As this Court ruled on April

10, 2006, enough is enough.  Plaintiffs' Motion to Amend should be denied to the extent it seeks

to add the new drugs and new drug allegations previously stricken from the Fourth Amended

Complaint.

## II.      PLAINTIFFS' ADDITION OF COMMON LAW FRAUD AS A NEW THEORY OF RECOVERY IS FUTILE AND PREJUDICIAL.

Plaintiffs slip in an entirely new count in their Proposed Fifth Amended Complaint,

namely, Count IX, a common law fraud claim.  Plaintiffs casually assert that they have done this

to "align one count with the jury instructions to be given in the first and subsequent consumer

trials." April 2007 Motion to Amend at 3.  In little more than an end-run around the class

certification process, this proposed new count raises different and more difficult class

certification issues that have neither been briefed nor argued by the parties.

It is well recognized that "the common law of fraud is materially different in the fifty

states" and that "[t]he elements of fraud vary greatly from state to state."  Lewis Tree Serv., Inc.

v. Lucent Tech., Inc., 211 F.R.D. 228, 236 (S.D.N.Y. 2002).  Beyond the varying burdens of

proof,[4] there are distinct differences regarding how the most basic elements of actionable fraud

are established, including, but not limited to, whether the misrepresentation at issue was material.

For example, the test in Massachusetts is whether "a reasonable person would attach importance"

to the fact.  See Mass. PJI, Civil § 20.1 n.1 (2001) (emphasis added).  In contrast, in Minnesota

something is material if the plaintiff would subjectively find it to be important.  See 4 Minn. PJI,

Civil 4th § 57.10 (2006).  These differences are of significant consequence and further illustrate

why fraud claims are not amenable to class certification.

---

[4] Compare, e.g., Compagnie de Reassurance d'Ile de France v. New England Reins. Corp., 57
F.3d 56, 72 (1st Cir. 1995) (applying Massachusetts law) with Rohm & Haas Co. v. Cont'l Cas.
Co., 781 A.2d 1172, 1179 (Pa. 2001).

Because courts routinely refuse to certify common-law fraud class actions based on these and other individual issues that predominate, Plaintiffs' proposed amendment to add a common law fraud claim is futile and serves no legitimate purpose.  As the First Circuit held in In re Polymedica Corp. Securities Litigation, 432 F.3d 1 (1st Cir. 2005), in the absence of a fraud on the market presumption of reliance – applicable in certain securities cases – reliance must typically be proven on an individual basis, and "individual questions of reliance . . . inevitably overwhelm the common ones under Rule 23(b)(3)."  Id. at 7.[5]

The Track Two Defendants have yet to have an opportunity to fully brief and argue, in the class certification context, Plaintiffs' eleventh hour attempt to introduce a common-law-fraud count into this Action.  Under these circumstances, Plaintiffs' April 2007 Motion to Amend should also be denied as prejudicial.  To the extent that this Court grants Plaintiffs' Motion, the Track Two Defendants are entitled to additional class certification briefing and further oral argument as to this claim.

## III.   PLAINTIFFS' INCLUSION OF AN M.G.L. CH. 93A SEC. 9 CLAIM IN THE PROPOSED FIFTH AMENDED COMPLAINT IS FUTILE BECAUSE PLAINTIFFS' FAILURE TO COMPLY WITH THE APPLICABLE PRE-SUIT DEMAND REQUIREMENT IS A JURISDICTIONAL BAR.

"A prerequisite to filing suit under [M.G.L. ch. 93A] sec. 9 is the sending of a demand letter thirty days prior to suit. . . [t]he demand letter requirement under sec. 9 is jurisdictional and

---

[5]  See also Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 342 (4th Cir. 1998) (noting that "because reliance must be applied with factual precision, plaintiffs' fraud and negligent misrepresentation claims do not provide a suitable basis for class-wide relief") (citations and internal quotations omitted);  Castano v. American Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996) (holding that "a fraud class action cannot be certified when individual reliance will be an issue"); Mack v. General Motors Acceptance Corp., 169 F.R.D. 671, 678 (M.D. Ala. 1996) (stating that, where individual reliance must be shown, "[t]here is no way to resolve the reliance issue on a class-wide basis"); accord Mowbray v. Waste Management Holdings, Inc., 189 F.R.D. 194, 198 (D. Mass. 1999) (citing the foregoing authorities with approval and refusing to certify claims where reliance was an element), aff'd on other grounds, 208 F.3d 288 (1st Cir. 2000).

failure to comply with the requirement requires dismissal of the suit." M\ICHAEL C. G\ILLERAN, T\HE L\AW OF C\HAPTER 93A § 7:6 (1989 & Supp. 2005).  The failure to send a pre-suit demand letter before bringing an M.G.L. ch. 93A sec. 9(3) suit is fatal to such a claim.[6]  Additionally, the pre-suit demand letter must be sent by at least one putative class representative; the pre-suit demand letter must "identify[ ] him as the claimant and reasonably describe[e] the act or practice relied on and the injury suffered by him."  Baldassari v. Public Finance Trust, 369 Mass. 33, 42 (1975) (superseded by statute on other grounds).  Whether the M.G.L. ch. 93A sec. 9 claim is brought in a plaintiff's original complaint, third amended complaint or fifth amended complaint, the pre-suit demand letter must be sent before the plaintiff brings its first complaint containing an M.G.L. ch. 93A sec. 9 claim.  And, while the failure to plead compliance with the pre-suit demand letter requirement of M.G.L. ch. 93A can be cured, the failure to actually send a pre-suit demand letter cannot.  See Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).

Plaintiffs' April 2007 Motion to Amend should be denied as futile and improper.  The Plaintiffs acknowledged that they first asserted a claim pursuant to M.G.L. ch. 93A sec. 9 in the Third Amended Master Consolidated Class Action Complaint (the "Third Amended

---

[6]  See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 543-44 (1st Cir. 1993); Linton v. New York Life Ins. and Annuity Corp., 392 F. Supp. 2d 39, 42 (D. Mass. 2005); McMahon v. Digital Equipment Corp., 944 F. Supp. 70, 76 (D. Mass. 1996); City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285 (1985); Wall v. Altenhof, No. 99-P-1542, 2003 WL 18757630, at *3 (Mass. App. Ct. Apr. 10, 2003); Spilios v. Cohen, 38 Mass. App. Ct. 338, 342-43 (1995).  Burns ex rel Office of Public Guardian v. Hale and Dorr LLP, 445 F.Supp.2d 94 (D. Mass. 2006), which was cited by the Court in its March 23, 2006 ruling, is distinguishable.  In Burns, the 93A demand letter was sent before the first 93A complaint was answered and the defendants did not oppose the plaintiff's motion to amend her complaint to "perfect" her 93A claim.  In our case, the July 10, 2006 Letter and the March 27, 2007 letter were sent well after the Track Two Defendants answered the Third Amended Complaint and the Track Two Defendants have vigorously opposed Plaintiffs' motions for leave to amend.

Complaint"), which was filed October 17, 2005.  The Plaintiffs acknowledge that they did not send purported M.G.L. ch. 93A sec. 9 demand letters to any of the Track Two Defendants prior to July 10, 2006.  See July 2006 Motion to Amend at 6, April 2007 Motion to Amend at 1-2. The only demand letters Plaintiffs purportedly sent to the Track Two Defendants were sent on July 10, 2006 and March 27, 2007, well after the Third Amended Complaint was filed.[7]  The plain language of M.G.L. ch. 93A sec. 9 and decades of established case law dictate that the failure to send the requisite demand letter before filing the first complaint with an M.G.L. ch. 93A sec. 9 claim is fatal.[8]

Additionally, because neither the July 10, 2006 Demand Letters nor the March 26, 2007 Demand Letters identified a plaintiff or described his or her injury and demand, Plaintiffs' purported 93A demand letters fall woefully short of the substantive requirements of M.G.L. ch. 93A sec. 9.  Specifically, none of the named consumer plaintiffs has ever provided a pre-suit demand letter under chapter 93A.  Indeed, this is so because there is no named Massachusetts

---

[7]  Attached as Exhibit C to Plaintiffs' April 2007 Motion to Amend were purported copies of letters dated July 10, 2006 from Plaintiffs' counsel, Steve W. Berman, addressed to Dey, Inc., Immunex Corp., Aventis Pharmaceuticals, Inc., Fujisawa USA, Inc., Fujisawa Healthcare, Inc., Pfizer, Inc., Pharmacia Corp., Bayer Corp., Baxter Healthcare Corp., Amgen, Inc., Abbott Laboratories, Inc., Sicor, Inc., and Watson Pharmaceuticals, Inc.  [Doc. No. 4105] (while obviously disputing that the letter constitutes a "demand letter" within the meaning of, inter alia, M.G.L. ch. 93A sec. 9, for the sake of convenience, it is referred to herein as the "July 10, 2006 Demand Letter").

Attached as Exhibit D to the Plaintiffs' April 2007 Motion to Amend were purported copies of letters dated March 27, 2007 from Plaintiffs' counsel, Steve W. Berman, addressed to Johnson & Johnson, Abbott Laboratories, Inc., Baxter Healthcare Corp., Bristol-Myers Squibb, Watson Pharmaceuticals, Inc., Sicor, Inc., Astrazeneca Pharmaceuticals LP, Fujisawa USA, Inc., Fujisawa Healthcare, Inc., Aventis Pharmaceuticals, Inc., Schering-Plough Corp., Immunex Corp., Dey, Inc., Bayer Corp., Pfizer, Inc., Pharmacia Corp., and Amgen, Inc. [Doc. No. 4105] (for convenience, this letter is referred to herein as the "March 27, 2007 Demand Letter").

[8]  See supra note 5.

plaintiff for whom such a demand letter could be provided.[9]  Thus, to this day, more than

seventeen months since the Plaintiffs first brought a M.G.L. ch. 93A sec. 9 claim against the

Track Two Defendants, none of the named consumer plaintiffs have ever provided a pre-suit

demand letter to the Track Two Defendants under chapter 93A.

Under these circumstances—where the Plaintiffs failed to send the Track Two

Defendants the requisite M.G.L. ch. 93A sec. 9 demand letters before filing the Third Amended

Complaint and where no claimant is identified in either the July 10, 2006 Demand Letters or the

March 26, 2007 Demand Letters—Plaintiffs' April 2007 Motion to Amend is futile as a matter of

law, and therefore, must be denied.

## IV.     PLAINTIFFS' FAILURE TO COMPLY WITH THE SPECIAL NOTICE PROVISIONS OF CALIFORNIA, GEORGIA, INDIANA, TEXAS, WEST VIRGINIA, AND WYOMING STATUTES RENDERS THEIR APRIL 2007 MOTION TO AMEND FUTILE AS A MATTER OF LAW.

This Court has previously ruled that Plaintiffs must comply with the "special notice

provisions for bringing consumer protection claims."  In re Pharm. Indus. Average Wholesale

Price Litig., 230 F.R.D. 61, 84 (D. Mass. 2005).  The March 27, 2007 Demand Letters do not

comply with the special notice provisions of the California, Georgia, Indiana, Texas, West

Virginia, or Wyoming statutes because the letter is both untimely and substantively deficient.

Failure to comply with these state-specific notice requirements precludes any claims brought

under these particular states' laws.  Id. at 84-85 ("[u]nless plaintiffs give evidence of compliance

with the notice provisions, these states will be excluded.").

---

[9]  Bierman Decl. Ex. B (August 9, 2006 letter from Michael DeMarco to Steve W. Berman);
Bierman Ex. C (attaching, inter alia, an April 27, 2007 letter from Michael DeMarco to Steve W.
Berman).

In particular, under the California Consumer Legal Remedies Act ("CLRA"), the consumer must send a written demand to the alleged violator 30 days before commencing an action.  See Cal. Civ. Code § 1782(a)(1).  A CLRA claim which fails to strictly adhere to the notice requirements is subject to dismissal with prejudice for failure to state a claim.  Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005).  Accord W.V. Code § 46A-6-106(b).  Under the Indiana Deceptive Consumer Sales Act, written notice must be given within the earlier of (1) six months after the consumer discovers the violation or (2) one year after the transaction giving rise to the violation.  See Ind. Code Ann. § 24-5-0.5-5(a).  Indiana courts require strict adherence to these notice requirements, and such adherence is a prerequisite for bringing a claim under Indiana's consumer protection act.  See Lehman v. Shroyer, 721 N.E.2d 365, 368-69 (Ind. Ct. App. 1999).  Accord Wyo. Stat. Anno. § 40-12-109.

The March 27, 2007 Demand Letters post-date the filing of the Third Amended Complaint, in which Plaintiffs commenced their claims under these acts, by more than seventeen months.  Thus, just as the lack of a pre-suit demand serves as a jurisdictional bar to a consumer claim under M.G.L. ch. 93A sec. 9, Plaintiffs' claims under the California, West Virginia, Indiana and Wyoming statutes are likewise precluded.  Furthermore, the March 27, 2007 Demand Letters fail substantively because they do not identify anyone asserting a claim under California, Indiana, West Virginia, Wyoming or Texas law nor do they describe with any particularity the injuries suffered by any such claimants or their actual damages.  See, e.g., America Online, Inc. v. Williams et al., 958 S.W.2d 268, 275-76 (Tex. Ct. App. 1997) (demand made "on behalf of all the many thousands of Texans who are members of the class" that did not contain "the specific allegations and demand by the named plaintiffs" did not satisfy the notice

requirements).[10]  Indeed, as to nearly every Track Two Defendant there is no named plaintiff from any of these states for whom such a demand letter could be provided.

Finally, Plaintiffs' purported demand letters fail to comply with Georgia Code § 10-1-399(b)'s requirement that "at least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent." Georgia Code § 10-1-399(b). However, because the Court has previously ruled that Georgia consumers are excluded from this matter, any purported notice under the Georgia Fair Business Practices Act is a nullity.  See In re AWP, 230 F.R.D. at 84.  Plaintiffs' Motion to Amend should therefore be denied to the extent it seeks to incorporate statutory claims with special notice provisions for which Plaintiffs have not and can not provide any evidence of compliance.[11]

## CONCLUSION

For these Reasons, the Track Two Defendants respectfully request that this Court deny Plaintiffs' April 2007 Motion to Amend and grant such other and further relief as the Court deems appropriate.

---

[10]  See also Cal. Civ. Code § 1782(a)(1); Ind. Code Ann. § 24-5-0.5-5(a); Tex. Bus. & Com. Code Ann. § 17.505(a); Wyo. Stat. Anno. § 40-12-109; cf. Baldassari v. Public Finance Trust, 369 Mass. 33 (1975) (holding that at least one putative class representative must provide a proper, pre-suit demand letter).

[11]  Notably, Plaintiffs' assertions that they "sent demand letters for all classes to all defendants" and that "[e]ach defendant has failed to respond" are false.  Proposed Fifth Amended Complaint ¶¶ 614, 629.  Rather, Exhibit D to their April 2007 Motion to Amend reveals that Plaintiffs did not send demand letters for all classes to all defendants, and, moreover, that Defendants Aventis Pharmaceuticals Inc., Abbott Laboratories, Inc., Amgen, Inc., Bayer Corporation, Baxter Healthcare Corporation, Dey, Inc., Immunex Corporation, and Sicor Inc. timely responded to Plaintiffs' March 27, 2007 Demand Letter.  See April 2007 Motion to Amend Ex. D; Bierman Decl. Ex. D.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, the Track Two Defendants hereby respectfully request that the Court schedule oral argument on Plaintiffs' April 2007 Motion to Amend.

   /s/ Michael DeMarco
Michael DeMarco (BBO #119960)
  michael.demarco@klgates.com
Aimée E. Bierman (BBO #640385)
  aimee.bierman@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicholas P. Mizell
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550

Attorneys for Aventis Pharmaceuticals Inc. and on behalf of the following Track Two Defendants:

Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc.,  Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation,  Dey, Inc., Fujisawa Healthcare Incorporation, Fujisawa USA, Inc., Hoechst Marion Roussel, Inc., Immunex Corporation,  Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn,  Sicor, Inc. f/k/a Gensia, Inc.,  Gensia Sicor Pharmaceuticals, Inc.,  Sicor Pharmaceuticals, Inc.,  Watson Pharmaceuticals, Inc., and ZLB Behring L.L.C.

Dated:  May 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                            /s/ Michael DeMarco
                                                            Michael DeMarco