# EXHIBIT C

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

T 617.261.3100      www.klgates.com



Apr 26 2007
4:07PM

Michael DeMarco
D 617.951.9111
F 617.261.3175
michael.demarco@klgates.com

April 26, 2007

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**By E-Mail and Facsimile**

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA  98101

**Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation**
**MDL 1456**

Dear Steve:

We are writing in response to your purported 93A demand letter to Aventis
Pharmaceuticals, Inc. ("Aventis") dated March 27, 2007.  From the outset, we note
that by responding to your letter we are not acknowledging the sufficiency of your
demand letter, nor are we waiving any of the requirements or defenses of M.G.L.
ch. 93A sec. 9 ("Chapter 93A").

In light of the government reports, testimony, and other information we have brought
to your attention since you filed this lawsuit, we are surprised that you continue to
pursue your "AWP" claim. As you know, your initial complaint said that Average
Wholesale Price or "AWP" was intended to be a literal term; an actual average of
wholesale prices.  We brought to your attention the testimony of Mr. Pennebaker,
who testified that the term "AWP" was invented in 1969 by State of California
pharmacists who were responsible for reimbursing providers for prescription
medicines under California's Medicaid program. We also provided you with
government reports and articles stating that AWP is a term of art and merely a
pricing benchmark invented by government officials, and later used by private

# K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 2

payors, to reimburse for prescription medicines. These same articles also say that,
at least since the 1990's the term AWP has been commonly characterized by
government officials and other knowledgeable persons in the healthcare industry as
"Ain't What's Paid."

After considering this information, you changed your theory in your complaint that
AWP was a literal term, to yet another unfounded theory -- that the term AWP was a
pricing "signal", which everyone in the industry allegedly viewed as representing a
price fixed at 30% above yet another pricing term, Wholesale Acquisition Cost or
"WAC." We then provided you with additional information, testimony, and reports
demonstrating that this fallback theory was as incorrect as your first.

In addition, we've also informed you that Aventis does not establish the AWP for its
medicines, nor does it "inflate" the AWP for these medicines. As the testimony of
our employees and company documents we have given you make clear, since 2001
Aventis has provided to the independent publishers of pricing data a Wholesale List
Price only, which Aventis has told the pricing companies "does not include
discounts, rebates, charge-backs, or other terms or distribution arrangements that
may reduce actual sales price." As you also know, since you have filed a separate
lawsuit against them, pricing companies unilaterally set the AWP for prescription
medicines, which they then published and sold to their subscribers. In fact, you
allege in your separate lawsuit against these pricing companies that this conduct
subjects them to liability because you allege that the pricing companies "inflated" the
AWP benchmark. Even before 2001, when Aventis suggested an AWP to the pricing
companies, all such suggestions followed industry standard mark-ups of 20-25%.

We've also demonstrated that Aventis followed a formula that insured that its
weighted average price increases for its medicines did not exceed the Consumer
Price Index. The list price increases for Anzemet® and Taxotere® were also
consistent with those that Aventis made for the remainder of its medicines. With
regard to Anzemet®, after taking a series of modest price increases (4% to 5%
annually) between 1999 and 2001, Aventis made no pricing changes from 2001
through mid-2004, at which time it *lowered* the list price. Taxotere® followed a
similar pricing pattern, averaging annual 5% price increases from 1997 through
2003.

Nevertheless, based on your AWP-related allegations, Plaintiffs first raised a
Chapter 93A claim against Aventis in their Third Amended Master Consolidated
Class Action Complaint ("Third Complaint"), which was filed with the Court on
October 17, 2005. Plaintiffs, however, admit that they did not send the required 93A

K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 3

demand letter to Aventis prior to filing the Third Complaint. Plaintiffs also raised a
Chapter 93A claim against Aventis in the Fourth Amended Master Consolidated
Class Action Complaint, which was filed with the Court on March 4, 2006; but the
Plaintiffs again failed to comply with the requirement that they send a 93A demand
letter.

In response to our June 30, 2006 Motion for Summary Judgment based on
Plaintiffs' failure to provide the required demand letter for a Chapter 93A claim,
Plaintiffs sent a purported demand letter to Aventis dated July 10, 2006. On March
27, 2007, Plaintiffs again attempted to "cure" their failure to send the required pre-
suit demand letter under Chapter 93A.

The provisions of Chapter 93A are clear — a Chapter 93A demand letter must be
sent thirty days before filing suit.

> [a]t least thirty days prior to the filing of any such action, a
> written demand for relief, identifying the claimant and
> reasonably describing the unfair or deceptive act or
> practice relied upon and the injury suffered, shall be
> mailed or delivered to any prospective respondent.

M.G.L. ch. 93A sec. 9(3) (emphasis added). As you have acknowledged, Plaintiffs
failed to comply with the law. The pre-suit demand letter requirement of section 9 is
jurisdictional and the failure to comply with the requirement is fatal to the claim.
See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 543-44 (1st Cir. 1993);
Linton v. New York Life Ins. And Annuity Corp. 392 F. Supp. 2d 39, 42 (D. Mass.
2005); McMahon v. Digital Equipment Corp., 944 F. Supp. 70, 76 (D. Mass. 1996);
City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987); Spring v. Geriatric
Authority of Holyoke, 394 Mass. 274, 285 (1985); Wall v. Altenhof, No. 99-P-1542,
2003 WL 18757630, at *3 (Mass. App. Ct. A[r. 10, 2003); Spilios v. Cohen, 38
Mass. App. Ct. 338, 342-43 (1995). The First Circuit has recognized that while the
failure to *plead* compliance with the pre-suit demand letter requirement of Chapter
93A can be cured, the failure to actually send a pre-suit demand letter cannot be
cured. See Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir.
2004).

In addition to not complying with the statute's jurisdictional prerequisite that a
demand letter be sent thirty days prior to bringing suit, your attempted 93A demand
falls woefully short of the substantive requirements for 93A demand letters. While
the letter states that it is sent on behalf of "all classes in the litigation," no "class"

# K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 4

exists as to Aventis. As you are aware, Baldassari v. Public Finance Trust, 369
Mass. 33 (1975), held that at least one putative class representative must provide a
proper, pre-suit demand letter "identifying him as the claimant and reasonably
describing the act or practice relied on and the injury suffered by him." Id. at 42.  As
we pointed out in our August 9, 2006 response to your first defective "demand,"
none of the named consumer plaintiffs have provided a pre-suit demand letter under
Chapter 93A.  Failing to heed this requirement, your "demand" of March 27, 2007, is
similarly flawed and deficient. Neither of your purported demand letters identify "the
claimant."  M.G.L. ch. 93A sec. 9(3).  Indeed, there is no named Massachusetts
plaintiff for whom such a demand letter could be provided.

In sum, we assert that your purported demand letter is both untimely and insufficient,
reject your request to cure alleged violations and stand by the arguments set forth in
our Motion for Summary Judgment and Opposition to your Motion for Leave to File
an Amended Complaint.  Under these circumstances, where neither of your
purported demand letters was sent prior to Plaintiffs' filing of their first complaint
containing a Chapter 93A claim (that is, before the Third Complaint on October 25,
2005) it is our position that the only reasonable settlement offer Aventis can make is
none at all.  See Banchs v New Pufferton, No. 99-P-904, 2001 WL 766129, at *2
(Mass. App. Ct. July 9, 2001).

Very truly yours,

Michael DeMarco

MDM/skl

# K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 5

cc:   Thomas M. Sobol, Esq. (By Certified Mail, E-Mail and Facsimile)
      All Counsel of Record (via LexisNexis)

**Certified Mail - Return Receipt Nos.:**
**7003 3110 0002 8397 9690 and 7003 3110 0002 8397 9706**





| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | | NEW YORK | WASHINGTON, DC |

mdoss@sidley.com
(312) 853-7920

FOUNDED 1866

April 26, 2007

**VIA FEDERAL EXPRESS, FACSIMILE, AND LEXIS/NEXIS**

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Ave., Suite 2900
Seattle, WA 98101

> Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation,
>       MDL No. 1456

Dear Steve:

   We are writing in response to your putative 93A demand letter to Bayer Corporation ("Bayer") dated March 27, 2007. For the reasons set forth in the letter from Michael DeMarco to you dated April 26, 2007, your putative demand letter is untimely and insufficient as to Bayer. We attach a copy of that April 26, 2007 correspondence from Michael Demarco for your reference.

                                    Very truly yours,

                                    Michael Doss

Encl.

**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

T 617.261.3100     www.klgates.com

Michael DeMarco
D 617.951.9111
F 617.261.3175
michael.demarco@klgates.com

April 26, 2007

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**By E-Mail and Facsimile**

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA  98101

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation**
      **MDL 1456**

Dear Steve:

We are writing in response to your purported 93A demand letter to Aventis
Pharmaceuticals, Inc. ("Aventis") dated March 27, 2007.  From the outset, we note
that by responding to your letter we are not acknowledging the sufficiency of your
demand letter, nor are we waiving any of the requirements or defenses of M.G.L.
ch. 93A sec. 9 ("Chapter 93A").

In light of the government reports, testimony, and other information we have brought
to your attention since you filed this lawsuit, we are surprised that you continue to
pursue your "AWP" claim. As you know, your initial complaint said that Average
Wholesale Price or "AWP" was intended to be a literal term; an actual average of
wholesale prices.  We brought to your attention the testimony of Mr. Pennebaker,
who testified that the term "AWP" was invented in 1969 by State of California
pharmacists who were responsible for reimbursing providers for prescription
medicines under California's Medicaid program. We also provided you with
government reports and articles stating that AWP is a term of art and merely a
pricing benchmark invented by government officials, and later used by private

K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 2

payors, to reimburse for prescription medicines. These same articles also say that, at least since the 1990's the term AWP has been commonly characterized by government officials and other knowledgeable persons in the healthcare industry as "Ain't What's Paid."

After considering this information, you changed your theory in your complaint that AWP was a literal term, to yet another unfounded theory – that the term AWP was a pricing "signal", which everyone in the industry allegedly viewed as representing a price fixed at 30% above yet another pricing term, Wholesale Acquisition Cost or "WAC." We then provided you with additional information, testimony, and reports demonstrating that this fallback theory was as incorrect as your first.

In addition, we've also informed you that Aventis does not establish the AWP for its medicines, nor does it "inflate" the AWP for these medicines. As the testimony of our employees and company documents we have given you make clear, since 2001 Aventis has provided to the independent publishers of pricing data a Wholesale List Price only, which Aventis has told the pricing companies "does not include discounts, rebates, charge-backs, or other terms or distribution arrangements that may reduce actual sales price." As you also know, since you have filed a separate lawsuit against them, pricing companies unilaterally set the AWP for prescription medicines, which they then published and sold to their subscribers. In fact, you allege in your separate lawsuit against these pricing companies that this conduct subjects them to liability because you allege that the pricing companies "inflated" the AWP benchmark. Even before 2001, when Aventis suggested an AWP to the pricing companies, all such suggestions followed industry standard mark-ups of 20-25%.

We've also demonstrated that Aventis followed a formula that insured that its weighted average price increases for its medicines did not exceed the Consumer Price Index. The list price increases for Anzemet® and Taxotere® were also consistent with those that Aventis made for the remainder of its medicines. With regard to Anzemet®, after taking a series of modest price increases (4% to 5% annually) between 1999 and 2001, Aventis made no pricing changes from 2001 through mid-2004, at which time it *lowered* the list price. Taxotere® followed a similar pricing pattern, averaging annual 5% price increases from 1997 through 2003.

Nevertheless, based on your AWP-related allegations, Plaintiffs first raised a Chapter 93A claim against Aventis in their Third Amended Master Consolidated Class Action Complaint ("Third Complaint"), which was filed with the Court on October 17, 2005. Plaintiffs, however, admit that they did not send the required 93A

K&L | GATES

Steve W. Berman, Esq.
April 26, 2007
Page 3

demand letter to Aventis prior to filing the Third Complaint. Plaintiffs also raised a
Chapter 93A claim against Aventis in the Fourth Amended Master Consolidated
Class Action Complaint, which was filed with the Court on March 4, 2006; but the
Plaintiffs again failed to comply with the requirement that they send a 93A demand
letter.

In response to our June 30, 2006 Motion for Summary Judgment based on
Plaintiffs' failure to provide the required demand letter for a Chapter 93A claim,
Plaintiffs sent a purported demand letter to Aventis dated July 10, 2006. On March
27, 2007, Plaintiffs again attempted to "cure" their failure to send the required pre-
suit demand letter under Chapter 93A.

The provisions of Chapter 93A are clear — a Chapter 93A demand letter must be
sent thirty days before filing suit.

> [a]t least thirty days prior to the filing of any such action, a
> written demand for relief, identifying the claimant and
> reasonably describing the unfair or deceptive act or
> practice relied upon and the injury suffered, shall be
> mailed or delivered to any prospective respondent.

M.G.L. ch. 93A sec. 9(3) (emphasis added). As you have acknowledged, Plaintiffs
failed to comply with the law. The pre-suit demand letter requirement of section 9 is
jurisdictional and the failure to comply with the requirement is fatal to the claim.
See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 543-44 (1st Cir. 1993);
Linton v. New York Life Ins. And Annuity Corp. 392 F. Supp. 2d 39, 42 (D. Mass.
2005); McMahon v. Digital Equipment Corp., 944 F. Supp. 70, 76 (D. Mass. 1996);
City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987); Spring v. Geriatric
Authority of Holyoke, 394 Mass. 274, 285 (1985); Wall v. Altenhof, No. 99-P-1542,
2003 WL 18757630, at *3 (Mass. App. Ct. A[r. 10, 2003); Spilios v. Cohen, 38
Mass. App. Ct. 338, 342-43 (1995). The First Circuit has recognized that while the
failure to plead compliance with the pre-suit demand letter requirement of Chapter
93A can be cured, the failure to actually send a pre-suit demand letter cannot be
cured. See Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir.
2004).

In addition to not complying with the statute's jurisdictional prerequisite that a
demand letter be sent thirty days prior to bringing suit, your attempted 93A demand
falls woefully short of the substantive requirements for 93A demand letters. While
the letter states that it is sent on behalf of "all classes in the litigation," no "class"

K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 4

exists as to Aventis. As you are aware, Baldassari v. Public Finance Trust, 369
Mass. 33 (1975), held that at least one putative class representative must provide a
proper, pre-suit demand letter "identifying him as the claimant and reasonably
describing the act or practice relied on and the injury suffered by him." Id. at 42. As
we pointed out in our August 9, 2006 response to your first defective "demand,"
none of the named consumer plaintiffs have provided a pre-suit demand letter under
Chapter 93A. Failing to heed this requirement, your "demand" of March 27, 2007, is
similarly flawed and deficient. Neither of your purported demand letters identify "the
claimant." M.G.L. ch. 93A sec. 9(3). Indeed, there is no named Massachusetts
plaintiff for whom such a demand letter could be provided.

In sum, we assert that your purported demand letter is both untimely and insufficient,
reject your request to cure alleged violations and stand by the arguments set forth in
our Motion for Summary Judgment and Opposition to your Motion for Leave to File
an Amended Complaint. Under these circumstances, where neither of your
purported demand letters was sent prior to Plaintiffs' filing of their first complaint
containing a Chapter 93A claim (that is, before the Third Complaint on October 25,
2005) it is our position that the only reasonable settlement offer Aventis can make is
none at all. See Banchs v New Pufferton, No. 99-P-904, 2001 WL 766129, at *2
(Mass. App. Ct. July 9, 2001).

Very truly yours,

Michael DeMarco

MDM/skl

# K&L|GATES

Steve W. Berman, Esq.
April 26, 2007
Page 5

cc:   Thomas M. Sobol, Esq. (By Certified Mail, E-Mail and Facsimile)
      All Counsel of Record (via LexisNexis)

**Certified Mail - Return Receipt Nos.:**
**7003 3110 0002 8397 9690 and 7003 3110 0002 8397 9706**

KELLEY DRYE & WARREN LLP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

WASHINGTON, DC

TYSONS CORNER, VA

LOS ANGELES, CA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ
——
BRUSSELS, BELGIUM

HONG KONG
——

AFFILIATE OFFICES
BANGKOK, THAILAND
JAKARTA, INDONESIA
MUMBAI, INDIA
TOKYO, JAPAN

(212) 808-7800

FACSIMILE

(212) 808-7897

www.kelleydrye.com

DIRECT LINE: (212) 808-7726

EMAIL: probben@kelleydrye.com

April 26, 2007

<u>Via Facsimile (206) 623-0594</u>

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Ave., Suite 2900
Seattle, WA  98101

Re:   *In re Pharmaceutical Indus. Average Wholesale Price Litig.*,
      MDL No. 1456 (D. Mass.)

Dear Mr. Berman:

This firm represents defendant Dey, Inc. ("Dey").  I write in response to your purported demand letter to Dey, dated March 27, 2007 (the "March 27 Letter").  For a number of reasons, discussed below, the March 27 Letter is insufficient to meet the requirements of Cal. Civ. Code § 1782, Ga. Code. Ann. § 10-1-399, Ind. Code § 24-5-0.5-5(a), Mass. Gen. Laws. ch. 93A § 9(3), Tex. Bus. & Com. Code Ann. § 17.505, W. Va. Code § 46A-6-106(b), and Wyo. Stat. Ann. § 40-12-109, 40-12-102(a) (collectively, the "Statutes").

The March 27 Letter is, as an initial matter, untimely.  Each of the Statutes require – before filing suit or within a short time after an allegedly deceptive act is committed or discovered – that the prospective plaintiff send each prospective defendant a written notice describing the alleged unfair or deceptive act or practice at issue and the injury or damages that plaintiff allegedly suffered.  The March 27 Letter, sent years after this action was filed and more than 15 years after the start of Plaintiffs' proposed class period, cannot meet this standard.

Plaintiffs try to get around the pre-filing notice requirement in each of the Statutes by arguing that the "history" of this lawsuit and the "length of time" it has been pending somehow relieve them of complying with the Statutes as written.  However, your March 27 Letter cites no authority for this proposition, and the language of the Statutes does not contain the exception Plaintiffs would have us assume.

KELLEY DRYE & WARREN LLP

Steve W. Berman, Esq.
April 26, 2007
Page Two

      The March 27 Letter also fails to fully state the damages alleged for any state other than Massachusetts. All but two of the Statutes require that the damages alleged be set forth. *See* Ga. Code. Ann. § 10-1-399, Ind. Code § 24-5-0.5-5(a), Mass. Gen. Laws. Ch. 93A § 9(3), Tex. Bus. & Com. Code Ann. § 17.505, and Wyo. Stat. Ann. § 40-12-109. Plaintiffs' offer to calculate damages is inadequate to satisfy this requirement and the March 27 Letter cites no authority for Plaintiffs' failure to provide a calculation in the first instance. Even as to Massachusetts, the March 27 Letter is inadequate because it fails to identify a "claimant" as to Dey, in violation of Mass. Gen. Laws. Ch. 93A § 9(3). *See also* Ga. Code. Ann. § 10-1-399.

      Plaintiffs cannot escape the requirements of the Statutes, which are jurisdictional, and thus, the failure to comply with them is fatal to Plaintiffs' claims. *See, e.g., Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195-1196 (S.D. Cal. 2005); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d. 1285, 1303 (S.D. Cal. 2003); *Lehman v. Shroyer*, 721 N.E.2d 365, 368-369 (Ind. Ct. App. 1999); *A.B.C. Home & Real Estate Inspection v. Plummer*, 500 N.E.2d 1257, 1262-1263 (Ind. Ct. App. 1987); *Thorpe v. Mutual of Omaha Ins. Co.*, 984 F.2d 541, 543-44 (1st Cir. 1993); *Linton v. New York Life Ins. and Annuity Corp.*, 392 F. Supp. 2d 39, 42 (D. Mass. 2005); *City of Boston v. Aetna Life Ins. Co.*, 399 Mass. 569, 574 (1987); *Brown Realty Assocs. Inc. v. Thomas*, 389 S.E.2d 505, 510 (Ga. Ct. App. 1989), W. Va. Code § 46A-12-102(a); Wyo. Stat. Ann. § 40-12-109.

      By responding to the March 27 Letter, Dey is not acknowledging its sufficiency, nor is Dey waiving any of the requirements or defenses set forth in the Statutes. Moreover, the March 27 Letter has not triggered any time periods that would begin to run from the time of a valid notice or demand under the Statutes or otherwise. Dey reserves all of its rights with respect to the foregoing matters.

           Very truly yours,

           Philip D. Robben

PDR/



Perkins
Coie

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Kathleen M. O'Sullivan
PHONE: (206) 359-6375
FAX   (206) 359-7375
EMAIL: KOSullivan@perkinscoie.com

April 26, 2007

**VIA FACSIMILE AND LEXIS FILE AND SERVE**

Steve W. Berman, Esquire
Hagens, Berman, Sobol, Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

**Re:**   In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

Dear Steve:

As you know, we represent Immunex Corporation in the above-referenced litigation. I write in response to your purported 93A demand letter to Immunex dated March 27, 2007, which you faxed to our office on March 28, 2007.  By responding to your letter, Immunex does not acknowledge the sufficiency of your letter, nor does it waive any of the requirements or defenses of M.G.L. ch. 93A sec. 9 ("Chapter 93A").

We observe that today counsel for Aventis Pharmaceuticals Inc. ("Aventis") served you with a lengthy letter responding to a similar demand letter that was directed to Aventis.  Rather than simply repeating the points raised by Aventis in its letter to you of this date, we also adopt and incorporate the relevant portions of that letter and incorporate it by reference herein as well.

To be clear, we believe your purported demand letter is both untimely and insufficient. Immunex rejects your request to "cure" alleged violations, which Immunex strongly believes have not occurred.  Moreover, since both of the demand letters were sent prior to Plaintiffs' filing of their first complaint containing a Chapter 93A claim (on or about October 25, 2005), the

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

Steve Berman
April 26, 2007
Page 2

only reasonable settlement offer Immunex can make in response to your demand is none at all.
*See Banchs v. New Pufferton*, No. 99-P-904, 2001 WL 766129, at *2 (Mass. App. Ct. July 9,
2001).

Very truly yours,

Kathleen M. O'Sullivan

# HOGAN & HARTSON



Hogan & Hartson LLP
111 South Calvert Street
Suite 1600
Baltimore, MD 21202
+1.410.659.2700 Tel
+1.410.539.6981 Fax

www.hhlaw.com

April 26, 2007

Steven F. Barley
Partner
410-659-2724
sfbarley@hhlaw.com

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
*ELECTRONIC MAIL AND LEXIS FILE AND SERVE*

Steve W. Berman, Esquire
Hagens, Berman, Sobol, Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

> Re: **In re Pharmaceutical Industry Average Wholesale**
> **Price Litigation, MDL No. 1456**

Dear Steve:

As you know, we represent Amgen Inc. ("Amgen") in the above-referenced litigation. I write in response to your purported 93A demand letter to Amgen dated March 27, 2007. By responding to your letter, Amgen does not acknowledge the sufficiency of your letter, nor does it waive any of the requirements or defenses of M.G.L. ch. 93A sec. 9 ("Chapter 93A").

As you are aware, Amgen received a similar letter from you dated July 10, 2006, making similar demands under Chapter 93A. We previously responded to that letter. We also observe that today counsel for Aventis Pharmaceuticals Inc. ("Aventis") served you with a lengthy letter responding to a similar demand letter that was directed to Aventis.

In response to your letter of March 27, 2007, Amgen directs you to its response to your July 10, 2006 letter, which we incorporate by reference herein. Additionally, rather than simply repeating the points raised by Aventis in its letter to you of this date, we also adopt and incorporate the relevant portions of that letter and incorporate it by reference herein as well.

April 26, 2007
Page 2

To be clear, as these other letters indicate, we believe your purported demand letter is both untimely and insufficient.  Amgen rejects your request to "cure" alleged violations, which Amgen strongly believes have not occurred.  Moreover, since neither of the demand letters was sent prior to Plaintiffs' filing of their first complaint containing a Chapter 93A claim (on or about October 25, 2005), it is Amgen's position that the only reasonable settlement offer Amgen can make in response to your demand is none at all.  *See Banchs v. New Pufferton*, No. 99-P-904, 2001 WL 766129, at *2 (Mass. App. Ct. July 9, 2001).

Very truly yours,

Steven F. Barley

cc:     Counsel of record

/sb

\\BA - 058360/000066 - 224384 v1



14638537

Apr 26 2007
10:38PM

# KIRKLAND & ELLIS LLP

#### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Jennifer G. Levy
To Call Writer Directly:
(202) 879-5211
jlevy@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: (202) 879-5200

April 26, 2007

**VIA FACSIMILE AND LEXISNEXIS**
**FILE & SERVE**

Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:     *In re* Pharmaceutical Industry Average Wholesale Price Litigation MDL
        1456

Dear Mr. Berman:

We write in response to your purported demand letter under M.G.L. ch. 93A sec. 9 ("Chapter 93A") to Sicor, Inc. ("Sicor") dated March 27, 2007, but served by fax on March 28, 2007. As an initial matter, we would point out that your letter was not addressed to any particular person at Sicor, and copied an attorney who withdrew as Sicor's counsel in December 2006 — a full three months prior to when you faxed your letter. Irrespective of these service deficiencies, we still believe that your letter is both untimely and substantively insufficient to comply with your obligations under Chapter 93A.[1]

We note that counsel for Aventis Pharmaceuticals Inc. ("Aventis") served a response today to a similar demand letter that we believe accurately detailed the factual and legal deficiencies in your purported demand letter to Sicor. To avoid simply repeating the points raised by Aventis in its April 26, 2007 letter to you, we adopt the relevant portions of Aventis' letter and incorporate them herein.

Moreover, we reject your demand that we "cure" any alleged Chapter 93A violations and assert that no such violations have occurred. Further, by your own admission, Plaintiffs failed to send their July 2006 and March 2007 demand letters prior to filing their first complaint containing a Chapter 93A claim. For this reason, and the reasons expressed in the April 26, 2007 Aventis letter, the only reasonable settlement offer Sicor can make in response to your demand is

---

[1] By responding to this letter, Sicor does not waive any of the requirements or defenses of Chapter 93A.

Chicago          London          Los Angeles          Munich          New York          San Francisco

## KIRKLAND & ELLIS LLP

Steve W. Berman, Esq.
April 26, 2007
Page 2

none at all.  *See Banch v. New Pufferton*, No. 99-P-904, 2001 WL 766129, at *2 (Mass. App. Ct. July 9, 2001).

Sincerely,

Jennifer G. Levy



14643441

Apr 27 2007
12:49PM

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

April 27, 2007

Steve W. Berman, Esq.                           **VIA FACSIMILE AND LEXIS FILE &**
Hagen Berman Sobol Shapiro LLP                  **SERVE**
1301 Fifth Avenue
Suite 2900
Seattle, WA  98101

Re:     In re Pharmaceutical Industry average Wholesale Price Litigation MDL 1456

Dear Steve:

As you know, we represent Baxter Healthcare Corporation ("Baxter") in the above-referenced
litigation.  I write in response to your purported 93A demand letter to Baxter dated March 27,
2007, but served by fax on March 28, 2007.  By responding to your letter, Baxter does not
acknowledge sufficiency of your letter, nor does it waive any of the requirements or defenses of
M.G.L. ch. 93A sec. 9 ("Chapter 93A").

We note that yesterday counsel for Aventis Pharmaceuticals Inc. ("Aventis") served a response
to a similar demand letter that we believe accurately detailed the factual and legal deficiencies in
your purported demand letter to Baxter.  To avoid simply repeating the points raised by Aventis
in its April 26, 2007 letter to you, we adopt the relevant portions of that letter and incorporate it
by reference herein as well.

To be clear, we believe your purported demand letter is both untimely and insufficient.  Baxter
rejects your request to "cure" alleged Chapter 93A violations and asserts that no such violations
have occurred.  In addition, as you are aware, after receipt of your first purported Chapter 93A
demand letter, Andrew Jackson from our firm contacted you and requested information
regarding how you calculated your alleged demand amount.  As you are aware, you refused to
provide any information or even entertain such a conversation.

DSMDB.2251398.01

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Steve W. Berman, Esq.
April 27, 2007
Page 2


Moreover, since the demand letter was sent prior to Plaintiffs' filing of their first complaint
containing a Chapter 93A claim, the only reasonable settlement offer Baxter can make in
response to your demand is none at all.  *See Banchs v. New Pufferton,* No. 99-P-904, 2001 WL
766129, at *2 (Mass. App. Ct. July 9, 2001).

Sincerely,

Merle M. DeLancey Jr.
(202) 420-2282
delanceym@dicksteinshapiro.com

MMD/mgb

# EXHIBIT D

## Bierman, Aimee E.

| | |
|---|---|
| **From:** | Steve Berman [Steve@hbsslaw.com] |
| **Sent:** | Thursday, April 26, 2007 4:13 PM |
| **To:** | Bierman, Aimee E.; Thomas Sobol |
| **Cc:** | DeMarco, Michael; Muehlberger, James P. (EXTERNAL); Mizell, Nicholas (EXTERNAL) |
| **Subject:** | RE: 4/26/07 letter from M. DeMarco to S. Berman |

**i see that  i just wanted it to be clear that at time we made the allegation we did not have your response. not sure it matters**

---

**From:** Bierman, Aimee E. [mailto:aimee.bierman@klgates.com]
**Sent:** Thursday, April 26, 2007 1:10 PM
**To:** Steve Berman; Thomas Sobol
**Cc:** DeMarco, Michael; Muehlberger, James P. (EXTERNAL); Mizell, Nicholas (EXTERNAL)
**Subject:** RE: 4/26/07 letter from M. DeMarco to S. Berman

Our documents crossed in cyberspace; our response to your March 27, 2007 was made within the 30 day period allowed for under MGL ch. 93A sec. 9 (today is the 30th day).

---

**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** Thursday, April 26, 2007 4:09 PM
**To:** Bierman, Aimee E.; Thomas Sobol
**Cc:** DeMarco, Michael
**Subject:** RE: 4/26/07 letter from M. DeMarco to S. Berman

**note this was received minutes after we filed the amended complaint which alleges that no defendant responded to the 93a**

---

**From:** Bierman, Aimee E. [mailto:aimee.bierman@klgates.com]
**Sent:** Thursday, April 26, 2007 1:02 PM
**To:** Steve Berman; Thomas Sobol
**Cc:** DeMarco, Michael
**Subject:** 4/26/07 letter from M. DeMarco to S. Berman


<<BOS-#1077255-v1-4_26_07_Letter_to_Berman_from_MDM_-_response_to_93A_demand_(156508-1_04_26_2007_03_47_55_PM).PDF>>

Aimee E. Bierman
K&L Gates
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617.261.3166
617.261.3175 (fax)

aimee.bierman@klgates.com
www.klgates.com


This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at aimee.bierman@klgates.com.