UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO <br><br> *State of Nevada v. Abbott Labs., Inc., et al.* <br> CA No. 02-CV-12086-PBS (Nevada II) <br> D. Nev. Cause No. CV-N-02-0202-ECR | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## REPLY TO NEVADA'S RESPONSE TO FUJISAWA USA, INC. AND FUJISAWA HEALTHCARE, INC.'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc. (hereinafter referred to collectively as "Fujisawa"), by its counsel, hereby responds to the State of Nevada's ("Nevada") response to Fujisawa's Rule 56.1 Statement of Undisputed Material Facts submitted in support of Defendants' Joint Motion for Summary Judgment and Fujisawa's Individual Memorandum in Support of Defendants' Motion for Summary Judgment ("Fujisawa SOF").

Nevada has admitted the majority of Fujisawa's Facts, and has substantially admitted most of the remaining Facts. The Facts that Nevada purports to deny in whole or in part must be deemed admitted because Nevada has not supported its allegations of factual dispute with citations to supporting record evidence. *See Carreiro v. Rhodes Gill & Co.*, 68 F.3d 1443, 1446 (1st Cir. 1995); Fed. R. Civ. P. 56.

## I.   REPLY TO NEVADA'S RESPONSES

1-11.   Nevada admits Facts 1-11.

12.   Nevada has not demonstrated any legitimate dispute as to Fact 12. Nevada denies Fact 12 because it supposedly does not know what Fujisawa means by the word "most" in saying that "most of Fujisawa's physician-administered drugs have been multi-source since as late as

1995." "Most" has a standard definition, meaning "the majority" or "greater than half." *See, e.g.,* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 702, 759 (10th ed. 1993) (defining "most" and "majority"). Nevada does not cite any evidence to dispute that the majority of Fujisawa's physician-administered drugs listed in the Complaint have been distributed by multiple manufacturers and/or packagers since as late as 1995. Thus, Fact 12 must be deemed admitted.

13. Nevada admits that its expert, Dr. Raymond Hartman, did not analyze liability for multi-source physician-administered drugs reimbursed by J-Code or after they go generic because of the "time consuming process of performing the cross-walk" for those drugs. Yet, paradoxically, Nevada purports to deny that it is difficult to identify which pharmaceutical manufacturer soled and submitted price information for a particular multi-source drug because of the need to perform the cross-walk analysis. Nevada also denies that multiple National Drug Codes ("NDCs") are associated with a single J Code. Yet, Nevada's own expert, Dr. Hartman, states this fact – as do other experts (*see* Fujisawa SOF ¶ 13); and Nevada does not cite any evidence to dispute the fact. Indeed, Nevada does not cite any evidence to dispute any of the Facts as stated in Fact 13. Thus, Fact 13 must be deemed admitted in its entirety.

14. Nevada admits that Dr. Hartman did not analyze liability for multi-source physician-administered drugs reimbursed by J-Code or after they go generic because of the "time consuming process of performing the cross-walk" for those drugs. Yet, Nevada purports to deny that Dr. Hartman "refused" to analyze liability for multi-source physician-administered drugs because of the difficulty in matching a particular manufacturer to a particular drug claim. Dr. Hartman stated in his report that he "would not analyze" multi-source physician-administered drugs. *See* Decl. of Raymond S. Hartman, Calculation of Damages & Penalties for the State of Nevada ¶ 23(c). This supports Dr. Hartman's refusal to perform the analysis. At the very least, disagreement over whether Dr. Hartman "refused" to perform the analysis or simply did not perform the analysis does

2

not create a material factual dispute. Nevada does not cite any evidence to dispute the substantive facts of Fact 14. Thus, Fact 14 must be deemed admitted.

15-18.  Nevada admits Facts 15-18. Nevada restates the facts set forth in Fact 17, and does not deny any portion of Fact 17. Thus, Nevada admits Facts 15-18 in their entirety.

19.  Nevada admits that providers must pay the price set by manufacturers for therapeutically unique single-source drugs like Prograf®. Further, Nevada does not cite any evidence to dispute that pharmacies generally purchase such drugs at prices close to acquisition cost or provider list price. Thus, Fact 19 must be deemed admitted in its entirety.

20.  Nevada admits that Fujisawa has no role in deciding which drugs should be prescribed to patients, and does not provide drugs directly to patients. Nevada changes the remainder of Fact 20 so that Nevada can deny it. Nevada contends that Fujisawa "profits" when providers prescribe Fujisawa drugs, which the States later reimburse. But Nevada does not – and cannot – dispute the fact that Fujisawa "does not receive any reimbursement on the cost of drugs from states, the federal government, government programs or any other third-party payor." Thus, Fact 20 must be deemed admitted in its entirety.

21.  Nevada denies that Fujisawa has been sued in only a handful of cases, contending that a general citation to the relevant complaints is insufficient. Yet, Nevada does not – and cannot – cite any evidence that Fujisawa has not been sued in cases originating in Pennsylvania, Kentucky, Hawaii, Idaho, Alaska, Minnesota, Illinois, California, Florida, West Virginia, Wisconsin, Vermont, South Carolina, Connecticut, Missouri or Ohio. Reference to the complaints shows that Fujisawa is not a named party in the referenced actions. *See, e.g., State of Wisconsin v. Amgen, Inc, et al,.* Civ. Action No. 04 CV 1709 (Circuit Court Dane County); *Commonwealth of Massachusetts v. Mylan Laboratories, Inc. et al.,* Civ. Action No. 03-CV-11865-PBS (D. Mass.); *State of Alaska v. Alpharma Branded Products Div., Inc, et al,.* Civ. Action No. 3AN-06-12026 CI (Super. Ct.,

Alaska); *State of Alaska v. Abbott Laboratories, Inc, et al.*, Civ Action No. 3AN-06-12297C (Super. Ct., Alaska); *State of Mississippi v. Abbott Labs., Inc., et al.,* Civ. Action No. 3:06-CV-00566-HTW-LRA (Dist. Ct., S.D. Miss., Jackson Division); *State of California, ex rel. Ven-A-Care of the Florida Keys, Inc., a Florida Corporation v. Abbott Laboratories, Inc. et al.*, MDL 1456, No. 01-12257-PBS (D. Mass.) (Original, Civ. Action No. 03-cv-2238 (C.D. Cal.)); *State of Connecticut v. Dey, Inc. et al.* No. HHD-CV-03-4025161-S (Super. Ct., Complex Litig. Docket at Hartford); *State of Connecticut v. Pharmacia Corporation*; No. HHD-CV-03-4025155-S (Super. Ct., Complex Litig. Docket at Hartford); *State of Connecticut v. Aventis Pharmaceuticals*; No. HHD-CV-03-4025146-S (Super. Ct., Complex Litig. Docket at Hartford); *The State of Florida ex rel. Ven-a-Care of the Florida Keys, Inc., a Florida Corporation by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones v. Alpharma, Inc., et al.,* Civil Action No. 98-3032F, 03-CA1165A (2d Jud. Cir. & Leon County, Fla.); *State of Florida ex rel. Ven-A-Care v. Mylan Laboratories, Inc., et al.,* Case No. 98-3032G (2d Jud. Cir. & Leon County, Fla.); *State of Florida ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation, et al.,* Civil Action No. 4:06CV476-SPM/WCS (D. Mass.); *State of Hawaii v. Abbott Labs., et al.,* Case No. 06-1-0720-04 EEH (Cir. Ct. 1st Hawaii); *State of Idaho v. Alpharma USPD Inc., v., et al.* ,No. CV-OC-0701847 (Dist. Ct. 4th, Ada County); *State of Idaho v. Abbott Labs*, No. CV-OC-0701846 (Dist. Ct. 4th, Ada County); *People of the State of Illinois v. Abbott Labs., et al.,* No. 06 C 5528 (N.D. Ill.); *Commonwealth of Kentucky ex rel. Gregory D. Stumbo, Attorney General v. Abbott Labs.*, Civil Action Number 03-CI-1134 (Franklin Circuit Court, Div. 2 ); *Commonwealth of Kentucky ex. rel. Gregory D. Stumbo, Attorney General v. Warrick Pharmaceuticals, Inc. et al*, 3:06-CV-69-KKC (E.D. Ky., Frankfurt Division); now in MDL 1456 (1:07-cv-10107-PBS); *Commonwealth of Kentucky ex rel. Gregory D. Stumbo, Attorney General v. Alpharma, Inc., et al.,* Civil Action No. 04-CI-1487 (Franklin Circuit Court, Div. 1); *State of Missouri v. Mylan Laboratories et al,* Case

No. 054-2489, Division 23 (Cir. Ct., City of St. Louis); *State of Nevada v. Abbott Laboratories, Inc., et al.*, 1:06-CV-12162 (PBS) (D. Mass.); *State of Ohio v. Dey, Inc., et al.*, No. 1:06-cv-00676-SSB-TSB (S.D. Ohio); *Commonwealth of Pennsylvania v. Tap Pharmaceutical Prods. Inc., et al.*, No. 2:06-CV-4514 (E.D. Pa.); *Twin Cities Bakery Workers Health and Welfare Fund V. TAP Pharmaceutical Products, Inc.*, Civ. Action No. CV01-2023DWF/ASB (D. Minn.); *State of Minnesota v. Pharmacia Corp.*, MDL 1456, No. 01-12257-PBS (D. Mass.) (Original Civ. Action No. 1:03-cv-10069 (D. Minn.)); *State of South Carolina et al v. Teva Pharmaceuticals USA, Inc. et al.*, MDL 1456, No. 01-12257-PBS (D. Mass.) (Original, Civ. Action No. 3:07cv00362 (S.D.S.C.)); *State of South Carolina et al v. Dey LP,* MDL 1456, No. 01-12257-PBS (D. Mass.) (Original, Civ. Action No. 3:06cv02925 (S.D.S.C.)); *State of South Carolina et al v. Abbott Laboratories, Inc.*, MDL 1456, No. 01-12257-PBS (D. Mass.) (Original Civ. Action No. 3:06cv02482 (S.D.S.C.)).

Nevada's contention that Fujisawa was named initially in the Nevada state case is of no moment. Fujisawa is only a named defendant in the Nevada II case in federal court, and not the Nevada I case in the state court. Nevada contends that Fact 21 is irrelevant. But Nevada's allegation that it brings "legitimate claims" against Fujisawa is of no moment. Whether the claims are "legitimate" – which Fujisawa disputes – is a question of law, and not a fact. Nevada presents no evidence to dispute that Fujisawa has been sued in only a handful of AWP cases. Thus, Fact 21 must be deemed admitted.

22.   Nevada denies that several plaintiffs have dropped or dismissed Fujisawa from their suits. Nevada contends only that a general citation to the relevant complaints is insufficient. Examination into the cases of the cited complaints shows that Fujisawa is no longer a named party in the referenced actions. Nevada cites nothing that refutes the fact that several plaintiffs have dropped or dismissed Fujisawa from their suits. Thus, Fact 22 must be deemed admitted.

5

23.     Nevada admits Facts 23-25. Regarding Fact 23, Nevada states that it cannot admit or deny that Fujisawa has not been deposed in actions in which Nevada's counsel is not counsel. However, Nevada has no basis to dispute this Fact, and its lack of evidence and inability to deny the fact constitutes an admission. *See* Fed. R. Civ. P. 56. Similarly, Nevada comments on Fact 24, but does not deny any portion of the Fact. Thus, Nevada admits Facts 23-25 in their entirety.

## II.     CONCLUSION

Fore the foregoing reasons, each of Fujisawa's statements of fact is admitted or must be deemed admitted. Accordingly, Fujisawa's opening Statement of Undisputed Facts and this Reply demonstrate that there are no genuine issues of material fact in dispute, and Fujisawa is entitled to judgment as a matter of law on its motion for summary judgment.

Respectfully submitted,

REED SMITH LLP

By:   /s/ Andrew L. Hurst

Douglas K. Spaulding
Andrew L. Hurst
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)

*Attorneys for Defendants Fujisawa USA, Inc. and Fujisawa Healthcare, Inc.*

Dated: May 10, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on May 10, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                 */s/ Andrew L. Hurst*
                                                                   Andrew L. Hurst