# EXHIBIT D

## AFFIDAVIT OF JASON G. WINCHESTER

Jason G. Winchester, being duly sworn, hereby certifies as follows:

1. My name is Jason G. Winchester. I am a partner in the law firm JONES DAY, which represents Abbott Laboratories Inc. ("Abbott") in a variety of litigation matters relating to Average Wholesale Price, including the lawsuit captioned *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS.

2. On April 4, 2007, I received an e-mail from Mr. Gejaa Gobena, counsel for the United States of America, requesting that Abbott provide dates for a deposition of Miles White, the Chief Executive Officer and Chairman of the Board of Directors of Abbott.

3. In order to evaluate counsel's request, I requested a meet and confer conference to discuss the issue.

4. Mr. Gobena agreed, and a meet and confer was held via telephone on April 16, 2007. The conference was attended by counsel for Abbott (James R. Daly and me); counsel for the Government (Mr. Gobena and Ms. Ann St. Peter-Griffith); counsel for the relator Ven-a-Care (James Breen); and counsel for the Texas Attorney General (Raymond Winter).

5. During that conference, plaintiffs were invited to state the grounds for their request to depose Mr. White. Mr. Gobena articulated four bases: (i) in October 1999, Mr. White was copied on a memorandum from Abbott's legal group discussing the need to preserve documents and information that might be relevant to then-pending AWP investigations; (ii) Mr White may have been advised about certain AWP-related investigations involving Abbott prior to 2000; (iii) in October 2000, Congressman Pete Stark addressed a letter to

CHI-1584544v1

Mr. White accusing Abbott of AWP-related misconduct; and (iv) as CEO of Abbott, Mr. White has ultimate responsibility for all ethics and compliance efforts in the corporation.

6. Mr. Winter stated that the State of Texas adopted the reasons offered by Mr. Gobena.

7. After hearing from plaintiffs, Abbott's counsel indicated their belief that, even if all of these things were true, it would not be sufficient to meet the legal standard necessary to secure the deposition of a senior corporate executive.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2007

_____
Jason G. Winchester

SWORN TO AND SUBSCRIBED BEFORE ME
This 14th day of May 2007.

_____
NOTARY PUBLIC, STATE OF ILLINOIS

OFFICIAL SEAL
LAURA T DUFFIN
Notary Public - State of Illinois
My Commission Expires Apr 27, 2008

- 2 -

CHI-1584544v1