# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** <br> *United States of America ex rel.* <br> *Ven-a-Care of the Florida Keys, Inc., v.* <br> *Abbott Laboratories, Inc.* <br> CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

**UNITED STATES' FIRST SUPPLEMENTAL RESPONSES**
**TO DEFENDANT ABBOTT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States provides its first supplemental responses to Defendant Abbott Laboratories, Inc.'s ("Abbott") First Set of Interrogatories ("Interrogatories").

**Introductory Statement**

1. The United States incorporates by reference the general objections to the interrogatories and the objections to the definitions and instructions contained in the United States' Objections and Responses to Abbott's First Set of Interrogatories served on Abbott on December 4, 2006.

2. This supplemental response includes an amended response to Abbott's Interrogatory number 7. This supplemental response also includes a verification for the amended response to interrogatory number 7, as well as a verification for the responses to interrogatories 1, 5, 6, 8, 9, and 13 that were served on Abbott on December 4, 2006.

1

## Objections and Responses to Interrogatory Number 7

**Interrogatory No. 7:** During the Relevant Claim Period, state the basis for Your contention in paragraph 42 of the Complaint that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient." Separately identify:

(a) which Providers or class of Providers are included in Your use of the term "retail Customer" in paragraph 42 of the Complaint;

(b) which Providers or class of Providers included in Your use of the term "retail Customer" submitted claims to Medicare Part B or Medicaid that You allege were false;

(c) all Persons who at any time believed the term AWP or "Average Wholesale Price" was used to refer a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer, and how such Persons came to that understanding;

(d) all Persons who at any time used the term AWP or "Average Wholesale Price" to refer to a price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer;

(e) the specific basis of any Person's belief that AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient;

(f) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to a retail Customer who then administers it to a patient; and

2

(g) any statement, representation, or action by Abbott that You contend caused anyone to believe that AWP was used to refer a price at which Abbott sold drugs to any Provider or class of Providers who submitted claims to Medicare Part B or Medicaid that You allege were false. Identify all Documents relating to the information provided in response to this Interrogatory.

**Response**: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, to the extent this interrogatory contains multiple subparts that are not logically part of the basic interrogatory. Objection, the terms "belief," "believe," and "action," are vague and ambiguous as used in this interrogatory. Objection, to the extent that this interrogatory seeks information about the "beliefs" and actions of an indefinite and undefined category of persons, this interrogatory seeks information that is not relevant to a claim or defense of any party to this action and the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection, to the extent that this interrogatory changes and characterizes the allegations in the United States' Complaint. Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery. Objection, serving such a contention interrogatory early in the discovery process in an attempt to mandate supplementation as "additional information becomes available," or as otherwise required by the Federal Rules of Civil Procedure, imposes an undue burden on the United States by (a) requiring the United States to respond multiple times over the course of this complex case, (b) disrupting the effective administration of the United States' case, and (c) improperly infringing on attorney work product by requiring what would amount to frequent or periodic reports on counsels'

3

ongoing review and analysis of the evidence. Objection, to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege, the common interest privilege, the consulting expert privilege, the law enforcement investigative files privilege, and the deliberative process privilege. Objection, to the extent that this interrogatory is a premature request for information that may be contained in the plaintiffs' testifying experts' reports that will be disclosed in accordance with Fed. R. Civ. P. 26 and any applicable scheduling orders. Objection, this interrogatory is overly broad to the extent that it requests the identification of "all" Documents "relating to" the information sought by the interrogatory. Objection, to the extent the interrogatory purports to require the United States to draw pure conclusions of law.

Subject to and without waiving the United States' general and specific objections, and its objections to Abbott's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response.

The sentence in paragraph 42 of the United States' Complaint, which states "AWP [average wholesale price] is used to refer to the price at which a pharmaceutical firm or wholesaler sells a drug to a retail Customer who then administers it to a patient," is in the section of the Complaint which describes the Medicaid and Medicare healthcare programs. In that section of the Complaint, the United States' allegations relate to the statutory and regulatory background of this case.

"Average wholesale price" as used in a statute or regulation is interpreted according to the legal principles of statutory interpretation. See In re Pharmaceutical Industry Average Wholesale Price Litigation, 460 F. Supp. 2d 277, 284 (D. Mass. 2006). Judge Saris has ruled

4

that the statutory term average wholesale price should be construed according to its plain language. Id. at 287. Paragraph 42 describes average wholesale price as used in statutes and regulations, in accord with its plain language.

(a) The United States' use of the words "retail customer" in the first sentence of paragraph 42 of the Complaint includes all customers that purchased drugs, whether through a wholesaler, with the assistance of a group purchasing organization, or directly from a drug manufacturer. Examples of the customers the United States was referring to in paragraph 42 include pharmacies and physicians who purchased drugs and then dispensed or administered drugs to patients.

(b) The United States' allegation that Abbott caused the submission of false claims includes claims from any customers which were reimbursed by Medicaid or Medicare for Abbott drugs named in the Complaint. Abbott has or should have access to the names, addresses and other contact information of its purchasing customers. As claims and transactional data is produced in this matter, additional information regarding the customers who billed Medicaid and Medicare will be provided to Abbott.

(c) - (e) The Court has ruled that the statutory words "average wholesale price" should be interpreted according to their plain meaning. The United States restates its objection to the request that it identify the beliefs of "all persons" "at any time" regarding average wholesale price, as being unduly burdensome, vague and not relevant.

Subject to and without waiving its objection, the United States provides the following examples of publications which included descriptions of the term "AWP": (1) the September 1991 "Monthly Interest" publication of First DataBank which states "AWP represents an

5

average price which a wholesaler would charge a pharmacy for a particular product" (ABT046-0022); and (2) Medi-Span's December 1996 Master Drug Data Base Documentation Manual which states "The AWP represents the most common wholesaler price charged to the retailer or hospital" (BMW032-0016).

(f) - (g)   Abbott reported prices it called "direct price," "list price," "wholesale acquisition cost," and "average wholesale price" to the Price Publications.

## Verification

I declare under penalty of perjury that the facts provided in the December 2006 responses of the United States to Defendant Abbott's Interrogatories numbers 1, 5, 6, 8, 9 and 13, and the facts provided in the April 2007 response of the United States to Defendant Abbott's Interrogatory number 7, are true and correct to the best of my knowledge, information and belief.

4/12/2007
Date

Curtis L. Collison, III
Special Agent
U.S. Department of Health and Human Services
Office of Inspector General

| | |
|---|---|
| For the United States of America,<br><br>MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY<br><br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3398<br>Fax: (617) 748-3272<br><br>R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA<br><br>/s/ Ana Maria Martinez<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for<br> the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL 33132<br>Phone: (305) 961-9003<br>Fax: (305) 536-4101<br><br>Dated: April 13, 2007 | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL<br><br>/s/ Justin Draycott<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: (202) 307-3852 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above United States' First Supplemental Responses To Defendant Abbott's First Set Of Interrogatories to be served on the following counsel by electronic mail:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: christophercook@jonesday.com

Helen E. Witt
Eric T. Gortner
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
Email: hwitt@kirkland.com
Email: egortner@kirkland.com

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com

Neil Merkl
Paul F. Doyle,
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com

Date: April 13, 2007

/s/ Ana Maria Martinez
Ana Maria Martinez