# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:                              )
PHARMACEUTICAL INDUSTRY             ) CA No. 01-12257-PBS
AVERAGE WHOLESALE PRICE             ) MDL No. 1456
LITIGATION                          ) Pages 1 - 68


PRETRIAL CONFERENCE

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE


United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
April 11, 2007, 3:05 p.m.


LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA  02210
(617)345-6787

3153f00e-5aaa-4f42-be8f-87649f4486bd

1  government. Well, the trial here is whether they intended to
2  defraud consumers who were also part of the scheme.
3          THE COURT: All right, so that's a good push-back
4  point, so --
5          MR. BERMAN: So if we start from that premise, that
6  the issue here is whether consumers were deceived and whether
7  they intended to deceive consumers, then the question is, how
8  does government knowledge play into this?
9          Let's take Mr. Weintraub, for example.
10 Mr. Weintraub is just one person at the government. We know,
11 we've seen other documents in which the government says it's
12 supposed to be an average. We know that you ruled --
13         THE COURT: Well, wouldn't it be intent to deceive
14 both? I'm thinking out loud through all these issues, so
15 this is why we're doing this because you were all off in 42
16 different states and boats and unfair practice. So once I'm
17 focused on intent to deceive --
18         MR. BOUDETT: Well, this goes to the heart of it,
19 your Honor.
20         THE COURT: Yes, yes, but let him finish his
21 thought, and then I'll let you come back.
22         MR. BERMAN: So we have Mr. Weintraub come up, and
23 you've already ruled what AWP is, what it was supposed to
24 mean, and I think the jury needs to be instructed on that,
25 okay?

3153f00e-5aaa-4f42-be8f-87649f4486bd

1          THE COURT: I will.

2          MR. BERMAN: So once that instruction goes out,

3   then Mr. Weintraub's testimony, to me, is going to be

4   completely confusing to the jury.

5          THE COURT: No, hold it. But what I find Congress

6   meant is different from whether there's an intent to

7   deceive. I keep coming back to my touchstone. We can argue

8   about whether it's the government because they're getting

9   80 percent on that or the consumer because it's 20 percent.

10         MR. BERMAN: But Mr. Weintraub can't -- if

11  AstraZeneca never told the government what they were doing,

12  and the government had general knowledge that maybe there was

13  some spread stuff going on but they didn't know who, how does

14  that have anything to do with AstraZeneca's intent?

15         THE COURT: Well, it may not.

16         MR. BERMAN: It doesn't. Furthermore, that leads

17  to another point, and that is -- and we didn't do this in the

18  trial and we should have, but I think we must do it in this

19  trial -- while they're saying that they had no intent to

20  deceive the government and Mr. Weintraub is going to come and

21  testify about that, on the very same years -- and we're going

22  to introduce this testimony, so if you're going to let it in,

23  it's got to come in on our side -- the Department of Justice

24  is writing Mr. Fullerton, who's in the courtroom right here,

25  and Mr. Engelmann, the general counsel for AstraZeneca,