UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti Saris |

**UNITED STATES' NOTICE OF COMPLIANCE WITH APRIL 20, 2007 ORDER OF THE HONORABLE ALAN S. GOLD AND MEMORANDUM IN OPPOSITION TO ABBOTT LABORATORIES, INC.'S RENEWED MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS**

The United States of America ("Plaintiff"), by and through the undersigned counsel in the case captioned *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, hereby provides to the Court the information specified in the April 20, 2007 Order of the Honorable Alan S. Gold, United States District Judge Southern District of Florida. These materials are relevant to defendant Abbott Laboratories, Inc.'s ("Abbott's") Renewed Motion to Compel Production of *Ex Parte* Filings filed in the Southern District of Florida before Judge Alan S. Gold. (Docket Entry "D.E." 4080). Although this pleading is being served upon Abbott, <u>the underlying materials are being submitted *in camera* as directed by Judge Gold.</u>

## I. Introduction

Abbott has twice before petitioned this Court for the same relief. On December 1, 2006, Abbott filed its Motion to Compel Production of Ex Parte Filings (See D.E. 3436) and on January 9, 2007, Abbott filed its Motion for Compliance with JPML Rule 1.6 (See D.E. 3532).

Both motions were denied, although the Motion to Compel (D.E. 3436) was denied without prejudice.  See Electronic Order attached to Abbott's current motion as Exhibit 2E.

The United States continues to oppose the relief sought by Abbott.  As noted in the United States' prior pleadings filed in opposition (See D.E. 3476 and United States' Opposition to Abbott's Motion for Partial Unsealing of the Record to Allow Abbott Access to Documents Filed under Seal filed before Judge Gold attached hereto as Exhibit 1), there are significant reasons why pre-intervention filings by the United States remain sealed after intervention, even in the more typical situation where only one defendant has been sued.  Here, where a sealed *qui tam* is still pending, those considerations carry even more weight, and Abbott has failed to present a single compelling reason why the seal on pre-intervention filings by the United States in a still pending matter should be lifted for Abbott's benefit.  Abbott's primary position is simply that is should be allowed to conduct a "fishing expedition" for evidence of alleged government misconduct.  (D.E. 3436, page 2)  This is not a basis upon which to have the seal lifted in this case.

## II.  In Camera Submissions

Judge Gold directed that all of the pleadings from the Southern District of Florida be provided to this Court.  The United States has attached hereto as complete a copy of the materials specified by Judge Gold as was possible to assemble at this time.  In order to ensure that the United States was able to provide a full and complete set of pleadings to this Court, Judge Gold authorized the United States to examine the original sealed Court file.  Unfortunately, the Clerk of Court for the Southern District of Florida has been unable to locate the original file.  However, the Clerk of Court was able to locate a partially unsealed docket sheet.  Although some of the docket items are described as "Sealed Document placed in vault," by examining the filing dates

and the surrounding documents, the United States was able to account for substantially all of the pleadings.  The missing items are noted and consist mostly of non-substantive items such as minutes.  The Clerk of Court is continuing to search for the file and the United States will supplement its *in camera* submission in the event additional documents are located.  However, rather than wait for the Clerk of Court to locate the file, the United States has submitted all of the documents currently available so as to cause no unnecessary delay.

In order to assist the Court, the United States provides the following items:

1. Sealed Civil Docket for Case Number 95-CV-1354 in the United States District Court for the Southern District of Florida as of May 22, 2006 showing docket entries 1 through 195.

2. A CDROM containing:

   a. A "Pleadings" folder containing copies of the pleadings.  Each document is named to correspond to the docket number assigned in the Southern District of Florida.  A document number that ends in a decimal point is an indication that the document was filed with the Court but not reflected on the docket.  A document number that ends with an "X" is an indication that the document was outside the range of the docket sheet and the number is an estimated docket number:

      i. The sub-folder labeled "Originals" contains all of the pleadings in the possession of the United States **without** redactions.;

      ii. The sub-folder labeled "Redactions" contains redacted versions of the pleadings for the use of the Court in the event that any of the relief requested by Abbott is granted.  The file name of redacted versions of the pleadings all contain a prefix of "r_".

   b. A "Privilege" folder containing a proposed privilege log which articulates the basis for each proposed redaction is contained in the documents in the "redaction" sub-folder.  Any document not included on the CDROM has been highlighted in bold.[1]  In addition, this privilege log itself contains the names of defendants that would need to be removed before being

---

[1] The United States has not evaluated any of these documents for redaction at this time because it has not been able to examine them.

3

disseminated further.  The defendant names were included in order to simplify the process for the Court but can be easily removed if necessary.

## CONCLUSION

For the reasons set forth in its previously filed memoranda, the United States respectfully requests that the Court deny Abbott's Motion.  However, in the event that the Court grants any part of Abbott's Motion, the United States requests that Abbott only be provided access to the redacted versions of the documents prepared by the United States.

Respectfully submitted,

Respectfully Submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

    s/ Mark Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

Dated:  May 15, 2007

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

_____
Joyce R. Branda
Daniel Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852

CERTIFICATE OF SERVICE

    I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' NOTICE OF COMPLIANCE WITH APRIL 20, 2007 ORDER OF THE HONORABLE ALAN S. GOLD AND MEMORANDUM IN OPPOSITION TO ABBOTT LABORATORIES, INC.'S RENEWED MOTION TO COMPEL PRODUCTION OF *EX PARTE* FILINGS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  May 16, 2007                                                  Mark Lavine