UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*,<br>No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES, INC.'S UNOPPOSED SUPPLEMENTAL SUBMISSION OF COMMENTS MADE BY JUDGE SARIS**

On May 16, 2007, Magistrate Judge Marianne B. Bowler held hearings in the above-referenced matter on several motions.  Abbott Laboratories, Inc.'s Motion to Compel Plaintiffs to Provide an Adequate Response to Interrogatory No. 7 by Abbott Laboratories, Inc. (Dkt. No. 3849) and the United States' Motion for Protective Order Relating to the Deposition of Government Counsel (Dkt. No. 3540) were taken under advisement.  Magistrate Judge Bowler indicated that she wished to review comments made by Judge Patti Saris insofar as they may relate to the motions taken under advisement.

Both before and after her November 2, 2006 ruling (Dkt. No. 2278), Judge Saris has repeatedly emphasized the importance and relevance of the Government's knowledge and policy concerning published drug prices and deliberations in the area of drug reimbursement policy. Abbott respectfully provides this supplemental submission to advise the Court of the following comments made by Judge Saris regarding the relevance and importance of evidence from the federal government in this case:

- At the outset of this case, Judge Saris agreed with counsel for Abbott that the Government's awareness that AWP did not reflect acquisition costs in the marketplace was a statute of limitations issue, a causation issue, and a scienter issue. Oct. 26, 2006 Hrg. Tr. at 7 (attached as Ex. 1).  Judge Saris later reiterated that evidence of "when the [government] knowledge was acquired, and when it was

1

reasonably acquired, and when it became … clear to the government it was false … may win on a motion for summary judgment, at least for part of it." *Id.* at 16.

- During a bench trial in an AWP matter, Judge Saris discussed how information obtained or discussed by the Government employees who ran the Medicare program could matter to these cases. She stated, "'[I]t adds to the case about whether it's unfair and deceptive. It depends what they heard, what they didn't hear, what they knew, what they didn't know. If they gave a blank check to them, 'Go ahead and do it,' that helps [the Defendants]. If they just heard snippets of information here, there, and the other place and were sort of trying to figure out what to do with it, that helps [the Government]. It's just that they were important to the unfair and deceptive piece of it." Nov. 21, 2006 Trial Tr. at 6 (attached as Ex. 2).

- In discussing the Track One AWP cases which had already proceeded to trial, Judge Saris emphasized that she was "somewhat frustrated over the refusal of the U.S. government to produce witnesses in the big trial that I just went through," and that "[e]veryone has a right to understand what the government was doing during the time period." Feb. 27, 2007 Hrg. Tr. at 35 (attached as Ex. 3). Judge Saris identified the importance of "what Centers for Medicare and Medicaid services understood and knew and what they agreed to and what they didn't," and then with respect to such inquiries, she stated, "[I]t's relevant, not only to the statute of limitations, but it's also relevant to -- I think a very difficult area of the law is when the government knows about a fraud, let's say, knows about a fraud and it continues … I don't know what the answer is under False Claims Act, but at least we need a factual record." *Id.* at 36.

- In a recent published opinion in the state of California's AWP case, Judge Saris stated that the argument that government knowledge of an alleged fraud negates the fraud or falsity required by the False Claims Act ("FCA") "presents a difficult legal question." Judge Saris ultimately declined to rule on the "government knowledge" defense in connection with the FCA claim because there was a factual dispute inasmuch as the plaintiff, the State of California, "allege[d] it did not know the extent of false drug prices, or approve them." Instead, Judge Saris cited a case for the proposition that "accepting disputed factual propositions about a case 'not tested in the crucible of trial is a sharp departure from standard practice.'" *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 478 F. Supp. 2d 164, 174-75 (D. Mass. 2007) (citation omitted).

Abbott respectfully requests the Court to consider these statements by Judge Saris in its consideration of the discovery motions currently pending before the Court.

Dated:  May 18, 2007

Respectfully submitted,

/s/ R. Christopher Cook
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

      I, R. Christopher Cook, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S SUPPLEMENTAL SUBMISSION OF COMMENTS MADE BY JUDGE SARIS to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 18th day of May, 2007.

                                            /s/ R. Christopher Cook
                                            R. Christopher Cook