# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY | ) Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE | ) |
| LITIGATION | ) (Original Central District of California |
| _____ | ) No. 03-CV-2238) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Patti B. Saris |
| State of California, *ex rel*. Ven-A-Care v. | ) |
| Abbott Laboratories, Inc., *et al.,* | ) **JURY TRIAL REQUESTED** |
| CASE # 1:03-cv-11226-PBS | ) |
| _____ | ) |

### DEFENDANTS SCHERING-PLOUGH CORPORATION'S AND WARRICK PHARMACEUTICALS CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT IN INTERVENTION FOR VIOLATIONS OF THE CALIFORNIA FALSE CLAIMS ACT

Defendants Schering-Plough Corporation ("Schering-Plough") and Warrick Pharmaceuticals

Corporation ("Warrick") (collectively the "Warrick Defendants") for their Answer to Plaintiff's

First Amended Complaint in Intervention for Money Damages and Civil Penalties for Violations

of the California False Claims Act ("Complaint") hereby state as follows:

## I.

### INTRODUCTION AND OVERVIEW OF THE SCHEME

1.      The Warrick Defendants admit that the Attorney General of the State of

California brings this action and that Ven-A-Care of the Florida Keys, Inc. is currently named as

the Qui Tam Plaintiff.  To the extent that the remainder of the allegations in Paragraph 1 of the

Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.

To the extent that the allegations are directed at parties other than the Warrick Defendants, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations and, therefore, deny the allegations.

## II.

## THE PARTIES

2.      The Warrick Defendants admit that the State of California is the plaintiff in this action.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 of the Complaint and, therefore, deny the allegations.

3.      The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, deny the allegations.

4-20.  As the allegations set forth in Paragraphs 4 through 20 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.  The Warrick Defendants deny any remaining allegations.

21.      The Warrick Defendants admit that Warrick is a Delaware corporation, that Warrick maintains an address in Reno, Nevada, and that Warrick has transacted business in California.  The Warrick Defendants admit that Schering-Plough is the parent of the Schering Corporation ("Schering") and that Schering is the parent of Warrick.  The Warrick Defendants admit that Warrick markets generic pharmaceutical products.  The Warrick Defendants admit that Schering-Plough is a New Jersey corporation that maintains an address in Kenilworth, New Jersey.  The Warrick Defendants deny any remaining allegations.

22.      The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, deny the allegations.

## III.

## JURISDICTION & VENUE

23.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to when or how this case was originally filed.  The remainder of the allegations set forth in Paragraph 23 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.

24.     The Warrick Defendants admit that they have transacted business in California through the sale of prescription drugs.  The Warrick Defendants deny the remainder of the allegations in Paragraph 24 of the Complaint to the extent the allegations are directed at the Warrick Defendants.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

25.     The allegations set forth in Paragraph 25 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.

## IV.

## BACKGROUND OF HOW PRESCRIPTION DRUG CLAIMS

A.     HOW THE SYSTEM WORKS IN CALIFORNIA

26.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 26 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their

contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

27.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 27 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

28.     As the allegations set forth in Paragraph 28 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.  The Warrick Defendants deny any remaining allegations.

29.     To the extent that the allegations of Paragraph 29 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and, therefore, deny the allegations.

30.     To the extent that the allegations of Paragraph 30 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny the allegations.

31.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 31 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

32.     The Warrick Defendants admit that, in certain instances, price reporting services, such as First Data Bank, may publish AWP, DP, and/or FUL.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 32 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

33.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, deny the allegations.

34.     To the extent that the allegations set forth in Paragraph 34 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, deny the allegations.

35.     To the extent that the allegations set forth in Paragraph 35 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny the allegations.

36.     To the extent that the allegations set forth in Paragraph 36 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny the allegations.

37.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint and, therefore, deny the allegations.

38.     The Warrick Defendants admit that they provided certain pricing information to FDB but specifically deny the implication that the pricing information was false or misleading. To the extent the remainder of the allegations set forth in Paragraph 38 are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny the allegations.

39.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the Complaint and, therefore, deny the allegations.

40.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40 of the Complaint and, therefore, deny the allegations.

41.     The Warrick Defendants admit that the 2002 "study found differentials between acquisition costs and the AWP or DP of single source drugs and even greater differentials between acquisition costs and the AWP or FUL of multi-source drugs."  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 41 of the Complaint and, therefore, deny the allegations.

42.     To the extent that the allegations set forth in Paragraph 42 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, therefore, deny the allegations.

## V.

## <u>SUMMARY OF DEFENDANTS' FRAUDULENT SCHEME</u>

43.     To the extent that the allegations set forth in Paragraph 43 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny the allegations.

44.     To the extent that the allegations set forth in Paragraph 44 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, deny the allegations.

45.     The Warrick Defendants admit that they offered certain customers discounts on their drugs.  To the extent that the remainder of the allegations set forth in Paragraph 45 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, deny the allegations.

46.     To the extent the allegations in Paragraph 46 of the Complaint purport to represent accurately the substance of various written documents, those documents are the best evidence of their contents.  To the extent the allegations differ from the terms of documents, the Warrick Defendants deny the allegations.  The Warrick Defendants deny any remaining allegations.

47.     To the extent the allegations set forth in Paragraph 47 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  The Warrick Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, deny the allegations.

48.     To the extent the allegations set forth in Paragraph 48 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  The Warrick

Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, deny the allegations.

## VI.

## __THE ACTIONABLE CONDUCT OF DEFENDANTS__

49.     To the extent that the allegations set forth in Paragraph 49 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny the allegations.

50 - 169.  As the allegations set forth in Paragraphs 50 through 169 are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.  The Warrick Defendants deny any remaining allegations.

Q.     SPECIFIC ALLEGATIONS AS TO DEFENDANT WARRICK

170.     The Warrick Defendants admit that, for certain generic products, Warrick reported AWPs at the time the generic product was first launched at a percentage below the chemically equivalent brand's AWP and that certain of those AWPs remained unchanged thereafter.  The Warrick Defendants deny all remaining allegations set forth in Paragraph 170 of the Complaint, including all allegations set forth in Exhibit K and incorporated by reference therein.

171.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Complaint and, therefore, deny the allegations.

172.     The Warrick Defendants deny the allegations set forth in the first sentence of Paragraph 172 of the Complaint.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 172 of the Complaint and, therefore, deny the allegations.

173.     The Warrick Defendants deny the allegations set forth in Paragraph 173 of the Complaint.

174.     The Warrick Defendants admit to contracting with telemarketing companies including TMS.  The Warrick Defendants deny all remaining allegations set forth in Paragraph 174 of the Complaint.

175.     The Warrick Defendants deny the allegations set forth in Paragraph 175 of the Complaint.

176.     The Warrick Defendants deny the allegations set forth in Paragraph 176 of the Complaint.

## VII.

## **CALIFORNIA LAW VIOLATED BY DEFENDANTS**

177.     The allegations set forth in Paragraph 177 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.   To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

178.     The allegations set forth in Paragraph 178 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

179.     The allegations set forth in Paragraph 179 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required and to the extent the allegations are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

180.     To the extent that the allegations set forth in Paragraph 180 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint and, therefore, deny the allegations.

**VIII.**

**<u>CAUSES OF ACTION AND DAMAGES</u>**

**<u>FIRST CAUSE OF ACTION</u>**

**CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF
FALSE CLAIMS TO CALIFORNIA**

**California Government Code Section 12651, Subdivision (A)(1)**

181.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 180 as if fully set forth herein.

182.     The allegations set forth in Paragraph 182 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

183.     The allegations set forth in Paragraph 183 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## SECOND CAUSE OF ACTION

**CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS APPROVED BY CALIFORNIA**

**California Government Code Section 12651, Subdivision (a)(2)**

184.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 183 as if fully set forth herein.

185.     The allegations set forth in Paragraph 185 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the

Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

186.    The allegations set forth in Paragraph 186 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## THIRD CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, BENEFICIARIES OF INADVERTENT SUBMISSIONS OF FALSE CLAIMS TO CALIFORNIA, SUBSEQUENTLY DISCOVER THE FALSITY OF THE CLAIMS AND FAIL TO DISCLOSE THE FALSE CLAIMS TO CALIFORNIA WITHIN REASONABLE TIME AFTER DISCOVERY OF THE FALSE CLAIMS

### California Government Code Section 12651, Subdivision (a)(8)

187-189.    The Court dismissed Count III in its Order dated March 22, 2007. Accordingly, the Warrick Defendants are not required to respond to Paragraphs 187 through 189 of the Complaint.

## FOURTH CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS; ILLEGAL REMUNERATION

### California Government Code Section 12651, Subdivision (a)(1)

190.    The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 189 as if fully set forth herein.

191.     The allegations set forth in Paragraph 191 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

192.     To the extent that the allegations set forth in Paragraph 192 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint and, therefore, deny the allegations.

193.     To the extent that the allegations set forth in Paragraph 193 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint and, therefore, deny the allegations.

194.     The allegations set forth in Paragraph 194 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

195.     The allegations set forth in Paragraph 195 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## FIFTH CAUSE OF ACTION

**CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA; ILLEGAL REMUNERATION**

**California Government Code Section 12651, Subdivision (a)(2)**

196.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 195 as if fully set forth herein.

197.     The allegations set forth in Paragraph 197 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

198.     To the extent that the allegations set forth in Paragraph 198 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint and, therefore, deny the allegations.

199.    To the extent that the allegations set forth in Paragraph 199 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint and, therefore, deny the allegations.

200.    The allegations set forth in Paragraph 200 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

201.    The allegations set forth in Paragraph 201 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

The Warrick Defendants deny that the State and the Qui Tam Plaintiff are entitled to a judgment or any other relief as requested in their unnumbered and numbered "WHEREFORE" Paragraphs following Paragraph 202 of the Complaint.

The Warrick Defendants hereby deny each and every allegation in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, the Warrick Defendants assert the following defenses:

### First Affirmative Defense

Plaintiffs fail to state a claim against the Warrick Defendants upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Third Affirmative Defense

Plaintiffs' claims are time-barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Fifth Affirmative Defense

Plaintiffs fail to state with particularity facts to support the fraud allegations and/or the fraudulent concealment allegations against the Warrick Defendants.

### Sixth Affirmative Defense

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3). Plaintiffs further lack standing or capacity to bring this action.

## Seventh Affirmative Defense

Plaintiffs' clams for equitable relief are barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the State of California's own negligence or gross negligence.

## Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or on part, due to their failure to join indispensable parties.

## Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or on part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

## Eleventh Affirmative Defense

Plaintiffs' claims for damages are barred, in whole or in part, because: (1) the State of California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to the Warrick Defendants; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification.

## Twelfth Affirmative Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from the Warrick Defendants.

**Thirteenth Affirmative Defense**

Plaintiffs fail to allege facts or a cause of action against the Warrick Defendants sufficient to support a claim for attorneys' fees, multiple damages, and/or legal fees.

**Fourteenth Affirmative Defense**

Plaintiffs' claim for punitive damages against the Warrick Defendants cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate the Warrick Defendants' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate the Warrick Defendants' right not to be subjected to an excessive award; and (3) be improper under the California Constitution, common law and public policies of California.

**Fifteenth Affirmative Defense**

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

**Sixteenth Affirmative Defense**

Plaintiffs' claims against the Warrick Defendants are barred, in whole or in part, by the existence and of terms of the written rebate agreement between the Warrick Defendants and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

## Seventeenth Affirmative Defense

Any recovery sought from the Warrick Defendants must be reduced by the benefits and rebates that Plaintiffs received from the Warrick Defendants.

## Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the claims involve drugs reimbursed without reference to AWP or WAC.

## Nineteenth Affirmative Defense

The Warrick Defendants adopt by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Twentieth Affirmative Defense

The Warrick Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense.

Respectfully Submitted,

*/s/* Eric P. Christofferson
Brien T. O'Connor (BBO #546767)
John P. Bueker (BBO #636435)
Eric P. Christofferson (BBO #654087)
Daniel J. Bennett (BBO #663324)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  May 21, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2007, I caused a true and correct copy of the Defendants Schering-Plough Corporation's And Warrick Pharmaceuticals Corporation's Answer to Plaintiff's First Amended Complaint in Intervention for Violations of the California False Claims Act to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.


  _/s/_ Daniel J. Bennett_____
    Daniel J. Bennett