<u>EXHBIT B-1</u>

LONG FORM NOTICE

**If You Are a Medicare Beneficiary and Made A Percentage Co-Payment for Zoladex®
You May Be Able To Receive a Payment From A Proposed Class Action Settlement**

The District Court has authorized this Notice.  It is not a solicitation from a lawyer.
*You are not being sued.*

[Insert in Spanish:  For More Information On This Lawsuit Visit www.xxxx ]

- There is a Class Action Settlement with AstraZeneca Pharmaceuticals LP ("AstraZeneca"), the maker of **Zoladex®**, a drug used in the treatment of prostate cancer, advanced breast cancer, endometriosis and fibrosis.

- AstraZeneca is a Defendant in a class action lawsuit pending in the U.S. District Court for the District of Massachusetts.  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456.

- The lawsuit claims that AstraZeneca reported false and inflated average wholesale prices ("AWPs") for Zoladex®.  The lawsuit claims that these reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries.  The lawsuit asks the Court to award money damages to those who were Medicare beneficiaries and made co-payments for Zoladex® as a result of the allegedly false AWPs for Zoladex®.  AstraZeneca has asserted several factual and legal defenses to the class action lawsuit and denies any liability.

- AstraZeneca has entered into a Proposed Settlement and agreed to pay up to $24 million to Medicare beneficiaries.  The money will be used to pay Medicare beneficiaries who paid a percentage co-payment for Zoladex® based on AWP and who submit a valid Claim Form.

- You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® (or are a spouse of a deceased class member or a legal representative of a deceased class member's estate who made such a co-payment) from January 1, 1991 through December 31, 2004.

- ***You must complete and return the attached Claim Form in order to be eligible to receive money.***

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

# What This Notice Contains

**Basic Information**

1.  Why did I get this Notice? .................................................................  3
2.  What is the lawsuit about? ..............................................................  3
3.  Why is this a class action? ..............................................................  3
4.  How do I know if I am included in the Settlement? ........................  3

**Benefits Of The Settlement – What You Get**

5.  What does the Settlement provide? ...............................................  4
6.  How do I file a claim? ....................................................................  4
7.  How much will I get? .....................................................................  5

**Commenting On The Settlement**

8.  Can I object to or comment on the Proposed Settlement? ...............  6

**The Lawyers Representing You**

9.  Do I have a Lawyer representing my interests in this case? .............  7
10. Should I get my own lawyer? .........................................................  7

**The Court's Final Approval Hearing**

11. When and where will the Court decide on whether to grant final approval of
    the Settlement? ................................................................................  8
12. Must I attend the hearing? .............................................................  8
13. May I speak at the hearing? ...........................................................  8

**Getting More Information**

14. Where do I obtain more information? .............................................  9

## Basic Information

### 1. Why Did I Get This Notice?

You were mailed this Notice because the Centers for Medicare and Medicaid Services ("CMS") indicate that you may have paid a percentage co-payment for Zoladex® between January 1, 1991 and January 1, 2005. Or, you may have requested this Notice after seeing the Summary Notice in a publication. ***Please note that CMS has not provided anyone involved with this case with your medical records***.

### 2. What Is The Lawsuit About?

The lawsuit claims that AstraZeneca reported false and inflated average wholesale prices ("AWPs") for Zoladex®. The lawsuit claims that the reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries. The lawsuit asks the Court to award money damages to those who paid co-payments for Zoladex® based on AWP.

AstraZeneca denies any wrongdoing and the Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. AstraZeneca has entered into the Proposed Settlement to avoid further expense and inconvenience.

### 3. Why Is This A Class Action?

The Court has found that class action treatment is the superior method for the fair and efficient prosecution of this litigation. In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." A court must determine if it will allow a lawsuit to proceed as a class action. If it does, a trial of the claims then decides the lawsuit for everyone in the class, or the Parties may settle without a trial. The Parties here have agreed to, and the Court has preliminarily approved, a Proposed Settlement that includes a national class of Medicare Part B beneficiaries who made co-payments for Zoladex®.

### 4. How Do I Know If I Am Included In The Proposed Settlement?

You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® (or are a spouse of a deceased class member or a legal representative of a deceased class member's estate who made such a co-payment) from January 1, 1991 through December 31, 2004. You are not a member of the Class if you made a flat co-payment or if you did not make a co-payment at

all.  You need not do anything to become part of the Class, **but you must complete the Claim Form in order to be eligible to receive a portion of the Settlement**.  Please note that if you previously elected to exclude yourself from the Class in response to an earlier notice sent to you in this case, you may not participate in this Proposed Settlement.

> **IMPORTANT:** *This is not a bill or a collection notice.  The Court is not suggesting, requesting or requiring that Medicare Part B beneficiaries who were billed for Zoladex® but did not pay, or were not billed at all should pay their doctor or pharmacist now or that they are obligated to do so under the Medicare statute or regulations.*

## Benefits Of The Proposed Settlement – What You Get

**5.  What Does The Proposed Settlement Provide?**

AstraZeneca has agreed to pay up to $24 million in the aggregate for claims that are submitted and accepted pursuant to the requirements of the Proposed Settlement.  In addition to this amount, AstraZeneca has agreed to pay notice and administration costs, as well as attorneys' fees of $6,500,000 and attorney's expenses of $2,100,000, and additional awards to the two class representatives of $5,000 each.  The Court must approve all aspects of this Proposed Settlement.

If valid Class Member claims total less than $24 million, the difference between the total claims and the $24 million will be paid to a charitable organization funding cancer research or patient care, up to a maximum of $10 million.  Subject to the $24 million maximum payment, AstraZeneca will not have to pay any additional monies after paying valid Class Member claims and the maximum $10 million payment to charity.

**6.  How Do I File A Claim?**

Attached to this Notice is a Claim Form.  ***You must fill out the Claim Form and submit it to the Claims Administrator, postmarked by MONTH DAY, YEAR***, and addressed to:

_____

_____

As part of your claim, you must provide proof that you made a percentage co-payment for Zoladex under Medicare Part B and identify, to the best of your ability, the months and years that you paid for Zoladex®.

Any of the following are acceptable as proof of a percentage co-payment for Zoladex®:

(1) A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

(2) A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

(3) A notarized statement signed by you under penalty of perjury in the form supplied that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

(4) Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-pay for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim but **must** submit a receipt, cancelled check, or credit card statement evidencing the payment and proof that the payment was for Zoladex taken between January 1, 1991 and December 31, 2004 in order to be eligible to participate in the Settlement.

Please note that your signature on the Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for Zoladex® at some time during the Class Period. As a result, providing false information on the Claim Form could constitute perjury.

## 7.  How Are Payments Determined?

How much you receive from this Proposed Settlement depends on the length of time that you paid a percentage co-payment for Zoladex® and the volume and amount of claims submitted by other Class Members. If total valid Class Member claims exceed $24 million, all claims will be reduced proportionately.

Plaintiffs' expert has calculated estimated overcharges, including interest, associated with the alleged price inflation for Zoladex® which will provide the basis for payment. The alleged overcharge varies based on the year and whether you had supplemental insurance that paid part of your co-pay. **Subject to any proportionate reduction, the amount to which you are entitled will be calculated by taking the number of months that you paid a percentage co-payment for Zoladex®, multiplying that number by the alleged overcharge that applies for that year, and then doubling the total.**

The tables below contain calculations performed by Plaintiffs' expert and will be used to determine the amount that you will get under this Proposed Settlement.  If you did not have supplemental insurance, Table 1 will be used to calculate the amount that you will be eligible to receive.  If you had supplemental insurance but still made a percentage co-pay, Table 2 is used.  If you had supplemental insurance and did not make a percentage co-payment, you are not a member of the Class and you are not entitled to payment.  If you had supplemental insurance for only part of the time that you took Zoladex®, both tables will be used.

**Table 1:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Medicare Part B Co-Payments for Zoladex® and Did Not Have Private Third-Party Supplemental Insurance**

| | | | |
|---|---|---|---|
| 1991: $23.88 | 1992: $22.92 | 1993: $18.97 | 1994: $19.41 |
| 1995: $32.86 | 1996: $37.89 | 1997: $50.48 | 1998: $67.43 |
| 1999: $72.15 | 2000: $67.94 | 2001: $65.56 | 2002: $62.81 |
| 2003: $61.30 | 2004: $59.73 | | |

**Table 2:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Partial Medicare Co-Payment for Zoladex® Because They Had Private Third-Party Supplemental Insurance Polices that Covered Part of the Co-Pay**

| | | | |
|---|---|---|---|
| 1991: $4.78 | 1992: $4.58 | 1993: $3.79 | 1994: $3.88 |
| 1995: $6.57 | 1996: $7.58 | 1997: $10.10 | 1998: $13.49 |
| 1999: $14.43 | 2000: $13.59 | 2001: $13.11 | 2002: $12.56 |

### [[Sample Calculation

For example, an uninsured Class Member who took Zoladex® for the entirety of 2002 and 2003 and paid the full 20% co-payment under the Medicare Part B program for each administration of Zoladex® during that time period would be eligible to receive $2976 calculated as follows:

|  | | | |
|---|---|---|---|
| 2002 overcharge per month | $62.81 | = | $753 annually |
| 2003 overcharge per month | $61.30 | = | $735 annually |

| | | |
|---|---|---|
| Total Recognized Claim | = | $1488 |
| Total Claim Would be Doubled | = | $2976]]* |

[[*Note for the Court:  The Sample Calculation section appears in double brackets because the parties have not agreed to include this (Plaintiffs seek its inclusion, and AstraZeneca objects to its inclusion.  The parties are requesting that the Court resolve the disagreement.]]

# Commenting on the Proposed Settlement

### 8.  Can I Object To, Or Comment On, The Proposed Settlement?

If you have comments about, or disagree with, any aspect of the Proposed Settlement, including the requested attorneys' fees or the expense reimbursement plan, you may express your views to the Court through a written response to the Proposed Settlement.  The written response should include your name, address, telephone number and a brief explanation of your reasons for objection.  The document **must** be signed to ensure the Court's review.  The response must be postmarked no later than **Month, Day 2007** and mailed to:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

# The Lawyers Representing You

### 9. Do I Have A Lawyer Representing My Interests In This Case?

Yes.  The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hbsslaw.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
    *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle St., Suite 2000

Chicago, IL 60602

Edelson & Associates LLC
45 West Court Street          The Haviland Law Firm, LLC
Doylestown, PA 18901          www.havilandlaw.com
                              740 S. Third Street, Third Floor
                              Philadelphia, PA 19147

These lawyers are called Class Counsel.  You won't be charged personally for these lawyers, but they will ask the Court to award them a fee that AstraZeneca has agreed to pay.  More information about Class Counsel and their experience is available at the Web sites listed above.

**10.  Should I Get My Own Lawyer?**

You don't need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (*see* Question 13 to find out how to submit a Notice of Appearance).  If you hire a lawyer to appear for you in the lawsuit, you will have to make your own arrangement for that lawyer's compensation.

# The Court's Final Approval Hearing

**11.  When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?**

The Court will hold a Final Approval Hearing on _____ at _____ to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will decide whether to approve the Proposed Settlement and the motion for attorneys' fees and expenses.  If comments or objections have been received, the Court will consider them at this time.

Note: The hearings may be postponed to a different date without additional notice. Updated information will be posted on the AstraZeneca AWP Settlement Web site at _____.

**12.  Must I Attend The Final Approval Hearing?**

Attendance is not required, even if you properly mailed a written response.  Class Counsel is prepared to answer the Court's questions on your behalf.  If you or your personal attorney still want to attend the hearing, you are more than welcome at your expense.  However, it is not necessary that either of you attend.  As long as the objection was postmarked before the deadline the Court will consider it.

**13.  May I Speak At The Final Approval Hearing?**

172989

8

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number and signature. Your "Notice of Appearance" **must** be postmarked no later than **Month Day 2007**. You cannot speak at Hearing if you previously asked to be excluded from the Proposed Settlement Class and are not submitting a claim form now.

The Notice of Appearance must be filed with the Court at the following address:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number: 01-CV-12257-PBS, MDL No. 1456

# Getting More Information

## 14.  Where Do I Obtain More Information?

More details are in the Complaint filed by Class Counsel, the Answer filed by AstraZeneca, and the other legal documents that have been filed with the Court in this lawsuit. You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. www.xxxxxxx.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the AstraZeneca AWP Settlement Web site at www.xxxx
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy)
- Write to: AstraZeneca AWP Litigation Administrator, PO Box xxxx, City, State Zip

**[date]**


**INSERT CLAIM FORM**

**[FOR MAILING TO CLASS MEMBERS IN ALABAMA, ALASKA, GEORGIA, IOWA, KENTUCKY, LOUISIANA, MISSISSIPPI, MONTANA AND VIRGINIA]**

---

### If You Are a Medicare Beneficiary and Made A Percentage Co-Payment for Zoladex®,

### You May Be Able To Receive a Payment From A Proposed Class Action Settlement

---

The District Court has authorized this Notice.  It is not a solicitation from a lawyer. *You are not being sued.*

[Insert in Spanish:  For More Information On This Lawsuit Visit www.xxxx ]

- There is a Class Action Settlement with AstraZeneca Pharmaceuticals LP ("AstraZeneca"), the maker of **Zoladex®**, a drug used in the treatment of prostate cancer, advanced breast cancer, endometriosis and fibrosis.

- AstraZeneca is a Defendant in a class action lawsuit pending in the U.S. District Court for the District of Massachusetts.  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456.

- The lawsuit claims that AstraZeneca reported false and inflated average wholesale prices ("AWPs") for Zoladex®.  The lawsuit claims that these reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries.  The lawsuit asks the Court to award money damages to those who were Medicare beneficiaries and made co-payments for Zoladex® as a result of the allegedly false AWPs for Zoladex®.  AstraZeneca has asserted several factual and legal defenses to the class action lawsuit and denies any liability.

- AstraZeneca has entered into a Proposed Settlement and agreed to pay up to $24 million to Medicare beneficiaries.  The money will be used to pay Medicare beneficiaries who paid a percentage co-payment for Zoladex® based on AWP and who submit a valid Claim Form.

- You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® (or are a spouse of a deceased class member or a legal representative of a deceased class member's estate who made such a co-payment) from January 1, 1991 through December 31, 2004.

- ***You must complete and return the attached Claim Form in order to be eligible to receive money.***

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

# What This Notice Contains

**Basic Information**

    1.  Why did I get this Notice? ............................................................  3
    2.  What is the lawsuit about? ............................................................  3
    3.  Why is this a class action? ...........................................................  3
    4.  How do I know if I am included in the Settlement? .........................  3

**Benefits Of The Settlement – What You Get**

    5.  What does the Settlement provide?.................................................  4
    6.  How do I file a claim?.................................................................. 4
    7.  How much will I get?...................................................................5

**Remaining in the Class**

    8.  What am I giving up if I do nothing and stay in the Class?...............6

**Excluding Yourself from the Settlement**

    9.  What do I do if I don't want to get money from the Proposed Settlement?.......7
    10. How do I exclude myself from the Settlement?.................................7

**Commenting On The Settlement**

    11. Can I object to or comment on the Proposed Settlement?.................8
    12. What is the difference between objecting to the Settlement and excluding myself from the Settlement? ...............................................8

**The Lawyers Representing You**

    13. Do I have a Lawyer representing my interests in this case? .............  8
    14. Should I get my own lawyer? ........................................................9

**The Court's Final Approval Hearing**

    15. When and where will the Court decide on whether to grant final approval of the Settlement?....................................................9
    16. Must I attend the hearing?............................................................9
    17. May I speak at the hearing? ........................................................ 10

**Getting More Information**

    18. Where do I obtain more information?.............................................. 10

# Basic Information

### 1.  Why Did I Get This Notice?

You were mailed this Notice because the Centers for Medicare and Medicaid Services ("CMS") indicate that you may have received Zoladex® between January 1, 1991 and January 1, 2005.  Or, you may have requested this Notice after seeing the Summary Notice in a publication.  ***Please note that CMS has not provided anyone involved with this case with your medical records***.

### 2.  What Is The Lawsuit About?

The lawsuit claims that AstraZeneca reported false and inflated average wholesale prices ("AWPs") for Zoladex®.  The lawsuit claims that the reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries. The lawsuit asks the Court to award money damages to those who paid co-payments for Zoladex® based on AWP.

AstraZeneca denies any wrongdoing and the Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated.  AstraZeneca has entered into the Proposed Settlement to avoid further expense and inconvenience.

### 3.  Why Is This A Class Action?

The Court has found that class action treatment is the superior method for the fair and efficient prosecution of this litigation.  In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims.  The people together are a "class" or "class members."  A court must determine if it will allow a lawsuit to proceed as a class action.  If it does, a trial of the claims then decides the lawsuit for everyone in the class, or the Parties may settle without a trial.  The Parties here have agreed to, and the Court has preliminarily approved, a Proposed Settlement that includes a national class of Medicare Part B beneficiaries who made co-payments for Zoladex®.

### 4.  How Do I Know If I Am Included In The Proposed Settlement?

Unless you exclude yourself as described below, you are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® (or are a spouse of a deceased class member or a legal representative of a deceased class member's estate who made such a co-payment) from January 1, 1991 through December 31, 2004.  You are <u>not</u> a member of the Class if you made a flat co-

payment or if you did not make a co-payment at all. You need not do anything to become part of the Class, **but you must complete the Claim Form in order to be eligible to receive a portion of the Settlement**. Please note that if you previously elected to exclude yourself from the Class in response to an earlier notice sent to you in this case, you may not participate in this Proposed Settlement.

> **IMPORTANT:** *This is not a bill or a collection notice. The Court is not suggesting, requesting or requiring that Medicare Part B beneficiaries who were billed for Zoladex® but did not pay, or were not billed at all should pay their doctor or pharmacist now or that they are obligated to do so under the Medicare statute or regulations.*

## Benefits Of The Proposed Settlement – What You Get

**5. What Does The Proposed Settlement Provide?**
AstraZeneca has agreed to pay up to $24 million in the aggregate for claims that are submitted and accepted pursuant to the requirements of the Proposed Settlement. In addition to this amount, AstraZeneca has agreed to pay notice and administration costs, as well as attorneys' fees of $6,500,000 and attorney's expenses of $2,100,000, and additional awards to the two class representatives of $5,000 each. The Court must approve all aspects of this Proposed Settlement.

If valid Class Member claims total less than $24 million, the difference between the total claims and the $24 million will be paid to a charitable organization funding cancer research or patient care, up to a maximum of $10 million. Subject to the $24 million maximum payment, AstraZeneca will not have to pay any additional monies after paying valid Class Member claims and the maximum $10 million payment to charity.

**6. How Do I File A Claim?**

Attached to this Notice is a Claim Form. *You must fill out the Claim Form and submit it to the Claims Administrator, postmarked by MONTH DAY, YEAR*, and addressed to:

_____

_____

As part of your claim, you must provide proof that you made a percentage co-payment for Zoladex under Medicare Part B and identify, to the best of your ability, the months and years that you paid for Zoladex®.

Any of the following are acceptable as proof of a percentage co-payment for Zoladex®:

(1)     A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

(2)     A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

(3)     A notarized statement signed by you under penalty of perjury in the form supplied that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

(4)     Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-pay for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim but **must** submit a receipt, cancelled check, or credit card statement evidencing the payment and proof that the payment was for Zoladex® taken between January 1, 1991 and December 31, 2004 in order to be eligible to participate in the Settlement.

Please note that your signature on the Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on the Claim Form could constitute perjury.

### 7.  How Are Payments Determined?

How much you receive from this Proposed Settlement depends on the length of time that you paid a percentage co-payment for Zoladex® and the volume and amount of claims submitted by other Class Members.  If total valid Class Member claims exceed $24 million, all claims will be reduced proportionately.

Plaintiffs' expert has calculated estimated overcharges, including interest, associated with the alleged price inflation for Zoladex® which will provide the basis for payment.  The alleged overcharge varies based on the year and whether you had supplemental insurance that paid part of your co-pay.  **Subject to any proportionate reduction, the amount to which you are entitled will be calculated by taking the number of months that you paid a percentage co-payment for Zoladex®, multiplying that number by the alleged overcharge that applies for that year, and then doubling the total.**

The tables below contain calculations performed by Plaintiffs' expert and will be used to determine the amount that you will get under this Proposed Settlement.  If you did not have supplemental insurance, Table 1 will be used to calculate the amount that you will be eligible to receive.  If you had supplemental insurance but still made a percentage co-pay, Table 2 is used.  If you had supplemental insurance and did not make a percentage co-payment, you are not a member of the Class and you are not entitled to payment.  If you had supplemental insurance for only part of the time that you took Zoladex®, both tables will be used.

**Table 1:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Medicare Part B Co-Payments for Zoladex® and Did Not Have Private Third-Party Supplemental Insurance**

| | | | |
|---|---|---|---|
| 1991: $23.88 | 1992: $22.92 | 1993: $18.97 | 1994: $19.41 |
| 1995: $32.86 | 1996: $37.89 | 1997: $50.48 | 1998: $67.43 |
| 1999: $72.15 | 2000: $67.94 | 2001: $65.56 | 2002: $62.81 |
| 2003: $61.30 | 2004: $59.73 | | |

**Table 2:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Partial Medicare Co-Payment for Zoladex® Because They Had Private Third-Party Supplemental Insurance Polices that Covered Part of the Co-Pay**

| | | | |
|---|---|---|---|
| 1991: $4.78 | 1992: $4.58 | 1993: $3.79 | 1994: $3.88 |
| 1995: $6.57 | 1996: $7.58 | 1997: $10.10 | 1998: $13.49 |
| 1999: $14.43 | 2000: $13.59 | 2001: $13.11 | 2002: $12.56 |

**[[Sample Calculation**

For example, an uninsured Class Member who took Zoladex® for the entirety of 2002 and 2003 and paid the full 20% co-payment under the Medicare Part B program for each administration of Zoladex® during that time period would be eligible to receive $2976 calculated as follows:

| | | | |
|---|---|---|---|
| 2002 overcharge per month | $62.81 | = | $753 annually |
| 2003 overcharge per month | $61.30 | = | $735 annually |

| Total Recognized Claim | = | $1488 |
| Total Claim Would be Doubled | = | $2976]]* |

[[*Note for the Court:  The Sample Calculation section appears in double brackets because the parties have not agreed to include this (Plaintiffs seek its inclusion, and AstraZeneca objects to its inclusion).  The parties are requesting that the Court resolve the disagreement.]]

# Remaining in the Class

### 8.  What Am I Giving Up if I do Nothing and Stay in the Class?

If you do nothing, you will be included in the Class.  You will be bound by the terms and conditions of the Proposed Settlement.  You will not be able to pursue any other lawsuit against AstraZeneca concerning the claims covered by the Proposed Settlement.  If the Proposed Settlement is approved, Plaintiffs claims against AstraZeneca will be "released."

Class Members agree to forever release all claims even if s/he later discovers new facts regarding the claims in the lawsuit.  This includes any claims related to the subject matter of the lawsuit whether known or unknown, suspected or unsuspected, contingent or non-contingent.  All claims related to the subject matter of the lawsuit will be released forever whether or not the facts were concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

# Excluding Yourself from the Settlement

### 9.  What Do I Do if I Don't Want to Be Included in the Proposed Settlement?

If you don't want to be in the Class and you want to keep the right to sue AstraZeneca about the same claims on your own, you must take steps to get out of the Class.  This is called excluding yourself.  By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against AstraZeneca about the claims in this lawsuit.  But if you exclude yourself from the Class, you will not be able to file a claim for money and you will not be in the Proposed Settlement.

### 10.  How Do I Exclude Myself from the Settlement?

To exclude yourself from the Class, you must send a letter signed by you that includes all of the following:

- Your name, address, and telephone number;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry*

7

*Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456;

- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*

- A statement that you want to be excluded from the Class.

Your exclusion letter must be mailed first class, **postmarked on or before [Month Date,] 2006,** to:

> AstraZeneca AWP Litigation Administrator
> P.O. Box xxx
> City, State Zip code

Please remember that you can't exclude yourself by phone or by sending an email.

## Commenting on the Proposed Settlement

### 11.  Can I Object To, Or Comment On, The Proposed Settlement?

If you have comments about, or disagree with, any aspect of the Proposed Settlement, including the requested attorneys' fees or the expense reimbursement plan, you may express your views to the Court through a written response to the Proposed Settlement.  The written response should include your name, address, telephone number and a brief explanation of your reasons for objection.  The document **must** be signed to ensure the Court's review.  The response must be postmarked no later than **Month, Day 2007** and mailed to:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

### 12.  What is the Difference between Objecting to the Settlement and Excluding Myself from the Settlement?

An objection to the Proposed Settlement is made when you wish to remain a Class Member and be subject to the Proposed Settlement, but disagree with some aspect of the Proposed Settlement.  An objection allows your views to be heard in Court. In contrast, exclusion means that you no longer are a Class Member and ultimately do not want to be subject to the Proposed Settlement's terms and conditions.  Once

excluded, you lose any right to object to the Proposed Settlement or to the attorneys'
fees because the case no longer affects you.

# The Lawyers Representing You

### 13. Do I Have A Lawyer Representing My Interests In This Case?

Yes.  The Court has appointed the following law firms to represent you and other
Class Members:

Hagens Berman Sobol Shapiro LLP        Spector Roseman & Kodroff, PC
www.hbsslaw.com                        www.srk-law.com
1301 Fifth Avenue, Suite 2900          1818 Market Street, Suite 2500
Seattle, WA 98101                      Philadelphia, PA 19103
     *and*
One Main Street, 4th Floor             Wexler Toriseva Wallace LLP
Cambridge, MA 02142                    www.wtwlaw.us
                                       One North LaSalle St., Suite 2000
                                       Chicago, IL 60602

Edelson & Associates LLC
45 West Court Street                   The Haviland Law Firm, LLC
Doylestown, PA 18901                   www.havilandlaw.com
                                       740 S. Third Street, Third Floor
                                       Philadelphia, PA 19147

These lawyers are called Class Counsel.  You won't be charged personally for these
lawyers, but they will ask the Court to award them a fee that AstraZeneca has
agreed to pay.  More information about Class Counsel and their experience is
available at the Web sites listed above.

### 14. Should I Get My Own Lawyer?

You don't need to hire your own lawyer, but if you want your own lawyer to speak
for you or appear in Court, you must file a Notice of Appearance (*see* Question 13
to find out how to submit a Notice of Appearance).  If you hire a lawyer to appear
for you in the lawsuit, you will have to make your own arrangement for that
lawyer's compensation.

# The Court's Final Approval Hearing

### 15.  When And Where Will The Court Decide On Whether To Grant Final Approval
Of The Proposed Settlement?

The Court will hold a Final Approval Hearing on _____ at _____ to consider whether the Proposed Settlement is fair, reasonable and adequate. At the Hearing, the Court will decide whether to approve the Proposed Settlement and the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time.

Note: The hearings may be postponed to a different date without additional notice. Updated information will be posted on the AstraZeneca AWP Settlement Web site at _____.

### 16. Must I Attend The Final Approval Hearing?

Attendance is not required, even if you properly mailed a written response. Class Counsel is prepared to answer the Court's questions on your behalf. If you or your personal attorney still want to attend the hearing, you are more than welcome at your expense. However, it is not necessary that either of you attend. As long as the objection was postmarked before the deadline the Court will consider it.

### 17. May I Speak At The Final Approval Hearing?

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number and signature. Your "Notice of Appearance" **must** be postmarked no later than **Month Day 2007**. You cannot speak at Hearing if you previously asked to be excluded from the Proposed Settlement Class and are not submitting a claim form now.

The Notice of Appearance must be filed with the Court at the following address:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number: 01-CV-12257-PBS, MDL No. 1456

# Getting More Information

### 18. Where Do I Obtain More Information?

More details are in the Complaint filed by Class Counsel, the Answer filed by AstraZeneca, and the other legal documents that have been filed with the Court in

this lawsuit.   You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. www.xxxxxxx.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the AstraZeneca AWP Settlement Web site at www.xxxx
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy)
- Write to: AstraZeneca AWP Litigation Administrator, PO Box xxxx, City, State Zip

**[date]**

**INSERT CLAIM FORM**

172992                                                    11

# ZOLADEX® SETTLEMENT CLAIM FORM

## How to Apply For a Payment from the Settlement.

If you would like to submit a claim in the Settlement, complete this form and mail it to the address below, along with proof of payment for Zoladex® (see Section D below). You may be asked for more information at a later time.

***Your claim must be postmarked by Month 00, 0000.***

***It should be mailed to:***     AstraZeneca AWP Settlement Administrator
P.O. Box 000000
City, ST 000000

## Section A – Claimant Identification

Please indicate whether you are claiming on your own behalf as a Class Member or on behalf of someone else who is a Class Member:

     __     I am a Class Member

     __     I am the spouse of a deceased Class Member

     __     I am the legal representative of a deceased Class Member's estate

## Section B – Contact Information

_____
*Class Member's Name*                    *Class Member's Birth Date*

_____
*Applicant Name (if different)*

_____
*Street Address*                    *Apartment*

_____
*City*              *State*            *Zip Code*

_____
*Name of provider(s) who administered Zoladex®*

## <u>Section C</u> – Purchase Information

In the box below, please specify the time period(s) during which you made a percentage co-payment for Zoladex®, including the starting month and ending month.

I made a percentage co-payment for Zoladex® during the following period (specify in the box):

<div style="border:1px solid">

I made a percentage co-payment for Zoladex® in _____/_____ (month/year) and I stopped making a percentage co-payment for Zoladex® in _____/_____ (month/year).

If there are additional periods of time during which you made a percentage co-payment for Zoladex, please specify the beginning and end of those time periods here:

</div>

If you had supplemental insurance that made part of your co-pay for Zoladex® at any time, but you still paid a percentage co-pay as well, specify the time period(s) in the box below:

<div style="border:1px solid">

Supplemental insurance made part of my co-pay for Zoladex® during the following period: _____/____ (month/year) to _____/_____ (month/year)

If supplemental insurance made part of the co-pay during multiple periods, please describe here:

</div>

## <u>Section D</u> – Proof of Payment

As part of your claim, you must provide proof that you made a percentage co-payment for Zoladex® under Medicare Part B.

<u>**Any**</u> of the following are acceptable as proof of a percentage co-payment for Zoladex®:

    (1)    A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

    (2)    A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

    (3)    A statement signed by you under penalty of perjury in the form supplied (see Section E below) that you paid a percentage co-payment for Zoladex during the period from January 1, 1991 through December 31, 2004; or

    (4)    Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

To the extent that you can obtain any of the aforementioned information as proof of payment for Zoladex®, please do so and include it with this Claim Form.

If, <u>**after**</u> receiving this Notice, you make a percentage co-pay for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim but **must** submit a receipt, cancelled check, or credit card statement evidencing the payment and proof that the payment was for Zoladex taken between January 1, 1991 and December 31, 2004 in order to be eligible to participate in the Settlement.

**<u>Section E</u> – Sworn Statement Regarding Payments Made**

**I declare under penalty of perjury that the information provided here is, to the best of my knowledge, correct.  I also declare under penalty of perjury that I paid a percentage co-pay for Zoladex® at some time during the period from January 1, 1991 through December 31, 2004.  If not submitting this for myself, I am authorized to submit this form on behalf of the Class Member identified above because I am the spouse of a deceased Class Member or the legal representative of a deceased Class Member's estate.[1]**

_____
*Signature*                                                          *Date*

---

[1] Please note that your signature on this Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on this Claim Form could constitute perjury.