## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Master File No. 01-12257-PBS (Original Central District of California No. 03-CV-2238) |
| THIS DOCUMENT RELATES TO: State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, Inc., *et al.* CASE #: 1:03-cv-11226-PBS | Judge Patti B. Saris **JURY TRIAL REQUESTED** |

## DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT IN INTERVENTION

Defendant Baxter Healthcare Corporation ("Baxter") hereby responds to the State of California and Ven-A-Care's First Amended Complaint-in-Intervention (the "Complaint") in corresponding numbered paragraphs as follows:

### Preface

The Complaint improperly and repetitively refers to Baxter and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Baxter in any meaningful sense of the allegations against it to the extent possible under the circumstances. In answering the Complaint, Baxter responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Baxter and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

DSMDB-2259111v04

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms that are undefined and susceptible of different meanings.

The Complaint contains purported quotations and prices from a number of sources, many of which are unidentified.  If any of the quotations or prices originate in documents protected by the attorney-client privilege, the work-product doctrine, or the joint-defense privilege, Baxter reserves the right to assert such privileges, and hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody, or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Baxter specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy, or enterprise.  Baxter further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes, or speculations contained in any averment or in the Complaint as a whole.  Moreover, Baxter specifically denies any allegations contained in headings, footnotes, the Table of Contents, or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

# I.

## INTRODUCTION AND OVERVIEW OF THE SCHEME

1.     Baxter admits that Plaintiffs demand damages and other relief as alleged in Paragraph 1 of the Complaint.  Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Baxter denies the remaining allegations in Paragraph 1 of the Complaint.

# II.

## THE PARTIES

2.     Baxter admits that the State of California is a Plaintiff in this action.  Baxter denies the allegations in the last sentence of Paragraph 2 of the Complaint.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3.     The allegations in Paragraph 3 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Baxter admits that Ven-A-Care originally filed this action under seal on July 28, 1998.  Baxter denies the allegations in the last sentence of Paragraph 3 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4 through 6.     The allegations in Paragraphs 4 through 6 of the Complaint are directed to other defendants and require no response from Baxter.  To the extent the allegations in these Paragraphs are deemed to include allegations against Baxter, they are denied.

7.     Baxter admits that it is a corporation organized under the laws of Delaware with its principal offices located in Deerfield, Illinois.  Baxter also admits that it manufactures

DSMDB-2259111v04

prescription drugs.  Baxter further admits that it acquired Immuno International AG and that some of Baxter's products have been sold in California.  Baxter denies the remaining allegations in Paragraph 7 of the Complaint.

8 through 21.  The allegations in Paragraphs 8 through 21 of the Complaint are directed to other defendants and require no response from Baxter.  To the extent the allegations in these Paragraphs are deemed to include allegations against Baxter, they are denied.

22.    Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and, therefore, denies the allegations.

## III.

## JURISDICTION & VENUE

23.    Baxter admits this case was originally filed under seal on July 28, 1998.  The remainder of the allegations in Paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the remaining allegations in Paragraph 23 of the Complaint.

24.    Baxter admits that it has transacted business in California, including selling certain drugs directly or though others in California, including in Los Angeles County.  Baxter further admits that it knew that some of its drugs may be used by Medi-Cal recipients.  Baxter denies the remaining allegations in Paragraph 24 of the Complaint.

25.    The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations.

DSMDB-2259111v04

## IV.

## BACKGROUND OF HOW PRESCRIPTION DRUG
## CLAIMS ARE PAID UNDER MEDI-CAL

A.      **HOW THE SYSTEM WORKS IN CALIFORNIA**

26.     The allegations in Paragraph 26 of the Complaint contain Plaintiffs'
generalizations and self-serving conclusions to which no response is required.  To the extent a
response is required, Baxter is without knowledge or information sufficient to form a belief as to
the truth of the allegations and, therefore, denies the allegations.

27.     To the extent the allegations in Paragraph 27 of the Complaint state legal
conclusions, no response is required.  Baxter is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and,
therefore, denies the allegations.

28.     The allegations in Paragraph 28 of the Complaint are directed to other defendants
and require no response from Baxter.  To the extent the allegations in these Paragraphs are
deemed to include allegations against Baxter, they are denied.

29.     The last sentence in Paragraph 29 of the Complaint states a legal conclusion to
which no response is required.  To the extent a response is required, the allegations in the last
sentence in Paragraph 29 of the Complaint are denied.  Baxter is without knowledge or
information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29
of the Complaint and, therefore, denies the allegations.

30.     The allegations in Paragraph 30 of the Complaint contain Plaintiffs'
generalizations and self-serving conclusions to which no response is required.  To the extent a
response is required, Baxter denies the allegations.

DSMDB-2259111v04

31.     To the extent the allegations in Paragraph 31 of the Complaint state legal conclusions, no response is required.   The remaining allegations in Paragraph 31 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.   To the extent a response is required, Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

32.     Baxter admits that, in certain instances, price reporting services, such as First DataBank, may publish AWP, DP, and FUL.   To the extent the allegations in Paragraph 32 of the Complaint state legal conclusions, no response is required.   Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint and, therefore, denies the allegations.

33.     Baxter admits that, in certain instances, it has provided certain price information to FDB.   Baxter denies that all pricing information published by FDB relating to Baxter's drugs was provided to FDB by Baxter.   Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Baxter states that the Dey complaint cited in Paragraph 34 of the Complaint establishes its contents.   Baxter denies that Plaintiffs have accurately characterized any opinion, statement, or conclusion in the Dey Complaint or that such are applicable to Baxter.   Baxter specifically denies that it controls, sets, or establishes the AWP reported by First DataBank or any other price reporting service or that it controls, sets, or establishes any other reimbursement benchmark.   Baxter denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Baxter admits that FDB published certain pricing information, among other information, for prescription medicines sold in this country.   Baxter further admits that, in certain

- 6 -

instances, it has provided certain price information to FDB.  Baxter specifically denies that it controls, sets, or establishes the AWP reported by First DataBank or any other price reporting service or that it controls, sets, or establishes any other reimbursement benchmark.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     Denied.  Baxter specifically denies that it controls, sets, or establishes the AWP reported by First DataBank or any other price reporting service or that it controls, sets, or establishes any other reimbursement benchmark.

37.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the allegations.

38.     Denied.  Baxter specifically denies that it controls, sets, or establishes the AWP reported by First DataBank or any other price reporting service or that it controls, sets, or establishes any other reimbursement benchmark.

39.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies the allegations.

40.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Baxter states that the documents cited in Paragraph 41 of the Complaint establish their contents.  Baxter denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained therein, or that such are applicable to Baxter.  Baxter denies the remaining allegations in Paragraph 41 of the Complaint.

DSMDB-2259111v04

42.     Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

## V.

## SUMMARY OF DEFENDANTS' FRAUDULENT SCHEME

43.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the second and third sentences in Paragraph 43 of the Complaint, and, therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

45.     Baxter admits that at times it offers certain discounts and rebates to certain customers on certain products.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.  Baxter denies the remaining allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint are directed to other defendants and require no response from Baxter.  To the extent the allegations in these Paragraphs are deemed to include allegations against Baxter, they are denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

47.     Baxter denies the first sentence in Paragraph 47 of the Complaint.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and, therefore, denies those allegations.

48.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint relating to non-Baxter drugs and,

DSMDB-2259111v04

therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraph 48 of the Complaint.

**VI.**

**THE ACTIONABLE CONDUCT OF DEFENDANTS**

49.     Baxter admits that the following numbered Sections purport to contain specific allegations about individual Defendants.  Baxter denies the remaining allegations in Paragraph 49 of the Complaint.

50 through 59.     The allegations in Paragraphs 50 through 59 of the Complaint are directed to other defendants and require no response from Baxter.  To the extent the allegations in these Paragraphs are deemed to include allegations against Baxter, they are denied.

**C.  SPECIFIC ALLEGATIONS AS TO DEFENDANT BAXTER**

60.     Denied.  Baxter states that the documents contain in Exhibit M attached to the Complaint speak for themselves and all characterizations of those documents are denied.  Baxter denies that it engaged in any illegal, improper, or fraudulent conduct.  By way of further response, Baxter states that it provided the State of California with AMP and BP prices at various times during the responsive period, and the State of California, therefore, could assess the relationship between its reimbursement levels for certain Baxter products and the prices at which providers acquired those products.  Baxter also denies that it reported any false claims or caused any false claims to be reported to the State of California.  Baxter further denies that it made any "false representations" to FDB.  Baxter specifically denies that it controls, sets, or establishes the AWP reported by First DataBank or any other price reporting service or that it controls, sets, or establishes any other reimbursement benchmark.  Baxter also specifically

- 9 -

denies that it engaged in any illegal, improper, or fraudulent conduct. Baxter denies the remaining allegations of Paragraph 60.

61.     Denied. Baxter states that the documents contain in Exhibit M attached to the Complaint speak for themselves and all characterizations of those documents are denied. Baxter denies that it engaged in any illegal, improper, or fraudulent conduct. Baxter denies the remaining allegations of Paragraph 61.

62.     Denied. Baxter states that the documents contain in Exhibit M attached to the Complaint speak for themselves and all characterizations of those documents are denied. Baxter specifically denies that the "spread between Medi-Cal reimbursement and provider acquisition costs remained significantly high." Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct. Baxter is without information sufficient to form a belief as to the truth of the allegation that Medi-Cal reimbursed blood clotting factors at cost plus 1%. Baxter is also without information sufficient to form a belief as to the truth of the allegation that Medi-Cal reimbursed IVIG products based upon the price reported by FDB. Baxter denies the remaining allegations of Paragraph 62.

63.     Denied. Baxter specifically denies it engaged in any illegal, improper, or fraudulent conduct or that it engaged in any illegal, improper, or fraudulent conduct in concert with its customers.

64.     Denied. Baxter denies it engaged in any illegal, improper, or fraudulent conduct.

65 through 176.     The allegations in Paragraphs 65 through 176 of the Complaint are directed to other defendants and require no response from Baxter. To the extent the allegations in these Paragraphs are deemed to include allegations against Baxter, they are denied.

- 10 -

## VII.

## CALIFORNIA LAW VIOLATED BY DEFENDANTS

177.    The allegations in Paragraph 177 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 177 of the Complaint.

178.    The allegations in Paragraph 178 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 178 of the Complaint.

179.    The allegations in Paragraph 179 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 179 of the Complaint.

180.    Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

## FIRST CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS TO CALIFORNIA

### California Government Code section 12651, subdivision (a)(1)

181.    Baxter restates and incorporates by reference its responses to Paragraphs 1 through 180 of the Complaint.

182.    The allegations in Paragraph 182 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 182 of the Complaint.

- 11 -

183.    The allegations in Paragraph 183 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 183 of the Complaint.

## SECOND CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA

**California Government Code section 12651, subdivision (a)(2)**

184.    Baxter restates and incorporates by reference its responses to Paragraphs 1 through 183 of the Complaint.

185.    The allegations in Paragraph 185 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 185 of the Complaint.

186.    The allegations in Paragraph 186 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 186 of the Complaint.

## THIRD CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, BENEFICIARIES OF INADVERTENT SUBMISSIONS OF FALSE CLAIMS TO CALIFORNIA, SUBSEQUENTLY DISCOVER THE FALSITY OF THE CLAIMS, AND FAIL TO DISCLOSE THE FALSE CLAIMS TO CALIFORNIA WITHIN REASONABLE TIME AFTER DISCOVERY OF THE FALSE CLAIMS

**California Government Code section 12651, subdivision (a)(8)**

187 through 189.        The Court dismissed Count III in its Order dated March 22, 2007.

Accordingly, Baxter is not required to respond to Paragraphs 187 through 189 of the Complaint.

DSMDB-2259111v04

## FOURTH CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS; ILLEGAL REMUNERATION

**California Government Code section 12651, subdivision (a)(1)**

190.    Baxter restates and incorporates by reference its responses to Paragraphs 1 through 189 of the Complaint.

191.    The allegations in Paragraph 191 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 191 of the Complaint.

192.    Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

193.    Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

194.    The allegations in Paragraph 194 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 194 of the Complaint.

195.    The allegations in Paragraph 195 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 195 of the Complaint.

DSMDB-2259111v04

## FIFTH CAUSE OF ACTION

**CALIFORNIA FALSE CLAIMS ACT,
CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED
TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA;
ILLEGAL REMUNERATION**

**California Government Code section 12651, subdivision (a)(2)**

196.    Baxter restates and incorporates by reference its responses to Paragraphs 1 through 195 of the Complaint.

197.    The allegations in Paragraph 197 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 197 of the Complaint.

198.    Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

199.    Denied.  Baxter specifically denies that it engaged in any illegal, improper, or fraudulent conduct.

200.    The allegations in Paragraph 200 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 200 of the Complaint.

201.    The allegations in Paragraph 201 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 201 of the Complaint.

DSMDB-2259111v04

## UNNUMBERED "WHEREFORE" PARAGRAPHS
## AND REQUEST FOR JURY TRIAL

Baxter denies Plaintiffs are entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" Paragraphs following any Paragraph in the Complaint including Paragraph 202 which purports to request trial by jury.

Listed below, Baxter has provided a list of defenses without assuming any burden of proof:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Baxter upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

The Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Baxter as alleged in the Complaint.

### FOURTH DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Baxter based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

DSMDB-2259111v04

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United State Constitution and the analogous provisions of the Constitution of the State of California.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## SEVENTH DEFENSE

Any and all actions taken by Baxter with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act, including all amendments to the same and all regulations promulgated thereunder.

## NINTH DEFENSE

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TENTH DEFENSE

Plaintiffs' claims are preempted by the Commerce Clause of the United States Constitution.

DSMDB-2259111v04

## ELEVENTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because Baxter has complied with all applicable regulations of the federal and state governments.

## TWELFTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate Baxter's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of California, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Baxter's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## FIFTEENTH DEFENSE

Plaintiffs fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Baxter contained in the Complaint.

DSMDB-2259111v04

## SIXTEENTH DEFENSE

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiffs.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies. Specifically, the action brought by Plaintiffs is within the exclusive or, in the alternative, primary jurisdiction of the California Department of Health Services' Medicaid Program.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because Baxter did not make, directly or indirectly, any false statements to the State of California. As to any statement allegedly asserted by Baxter that Plaintiffs allege to be false or misleading, to the extent Baxter made such statement, Baxter had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because Baxter did not directly or indirectly engage in any conduct in violation of state or federal law.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek equitable relief against Baxter, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

DSMDB-2259111v04

## TWENTY-FIRST DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc. lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3).

## TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims for injunctive relief against Baxter are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims against Baxter arise from the State of California's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FOURTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the State of California's own negligence or gross negligence.  Among other things, the claims disregard the State of California's obligations under federal law, and they ignore the State of California's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the State of California's citizens and taxpayers, the State of California's failings referenced herein, as well as other inappropriate conduct by the State of California.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or part, by the filed-rate doctrine.

DSMDB-2259111v04

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, due to their failure to join indispensable parties.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because the State of California suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against Baxter for damages are barred, in whole or in part, because: (1) the State of California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for medicines manufactured, marketed, and sold by Baxter after the filing of the original complaint on July 28, 1998; and (4) Plaintiffs' claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

DSMDB-2259111v04

## THIRTIETH DEFENSE

Baxter is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

## THIRTY-FIRST DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Baxter.

## THIRTY-SECOND DEFENSE

Plaintiffs fail to allege facts or a cause of action against Baxter sufficient to support a claim for attorneys' fees, double damages, and/or legal fees.

## THIRTY-THIRD DEFENSE

Plaintiffs' punitive damages claims against Baxter:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Baxter; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Baxter prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter's due process and equal protection rights guaranteed by the Fifth and

DSMDB-2259111v04

Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and applicable state laws of California; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Baxter for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Baxter's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory law of California; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of California; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Baxter's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of California.

DSMDB-2259111v04

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages against Baxter cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Baxter; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Baxter's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of California.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages against Baxter cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Baxter's Due Process rights guaranteed by the Fifth and Fourteenth

DSMDB-2259111v04

Amendments to the United States Constitution; (2) violate Baxter's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of California.

### THIRTY-SIXTH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because Baxter's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because the State of California did not rely on Baxter's conduct as alleged in the Complaint.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Baxter and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

DSMDB-2259111v04

## FORTIETH DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because Plaintiffs' enforcement of the California False Claims Act intentionally treats Baxter differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States and California Constitutions.

## FORTY-FIRST DEFENSE

Plaintiffs' claims against Baxter are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague as applied to Baxter in violation of Baxter's rights under the due process clauses of the United States and California Constitutions.

## FORTY-SECOND DEFENSE

Baxter adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

DSMDB-2259111v04

## <u>FORTY-THIRD DEFENSE</u>

Baxter hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.


Dated: May 21, 2007

By: /s/ Jason D. Wallach
    Merle M. DeLancey
    J. Andrew Jackson
    Jason D. Wallach
    Dickstein Shapiro LLP
    1825 Eye Street NW
    Washington, DC  20006-5403
    Telephone: (202) 420-2200
    Facsimile:  (202) 420-2201

    Attorneys for Baxter Healthcare Corporation

- 26 -

## <u>CERTIFICATE OF SERVICE</u>

   I, Shamir Patel, an attorney, hereby certify that I caused a true and correct copy of the foregoing DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT IN INTERVENTION to be served upon all counsel of record electronically by causing the same to be posted via LexisNexis, this 21st day of May, 2007.

        /s/ Shamir Patel_____
       Shamir Patel