# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | (Original Central District of California |
| _____ ) | No. 03-CV-2238) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) | |
| Abbott Laboratories, Inc., *et al.* ) | **JURY TRIAL REQUESTED** |
| CASE #: 1:03-cv-11226-PBS ) | |
| _____ ) | |

## <u>DEFENDANT ABBOTT LABORATORIES INC.'S ANSWER</u><br><u>TO PLAINTIFFS' FIRST AMENDED COMPLAINT-IN-INTERVENTION</u>

Defendant Abbott Laboratories Inc. ("Abbott") hereby responds to the State of California

and Ven-A-Care of the Florida Keys, Inc.'s First Amended Complaint-In-Intervention (the

"Complaint") in corresponding numbered paragraphs as follows:

### <u>Preface</u>

The Complaint improperly and repetitively refers to Abbott and certain other defendants

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Abbott or other defendants or third parties.  Intentionally ambiguous pleading is improper

and insufficient to apprise Abbott in any meaningful sense of the allegations to the extent

possible under the circumstances.  In answering the Complaint, Abbott responds only for itself,

even when Plaintiffs' allegations refer to alleged conduct by Abbott and other persons or entities.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of

persons, entities or defendants other than Abbott, Abbott is without knowledge or information

sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings.

The Complaint contains purported quotations and prices from a number of sources, many of which are unidentified.  If any of the quotations or prices originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Abbott reserves the right to assert such privileges, and hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise.  Abbott further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Abbott specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.

1.      Abbott admits that Plaintiffs demand damages and other relief as alleged in Paragraph 1 of the Complaint.  Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Abbott denies the remaining allegations in Paragraph 1 of the Complaint.

## II.

2.      Abbott admits that the Plaintiff in this action is the State of California.  Abbott denies the allegations in the last sentence of Paragraph 2 of the Complaint.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3.      The allegations in Paragraph 3 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott admits that Ven-A-Care originally filed this action under seal on July 28, 1998, denies the allegations in the last sentence of Paragraph 3 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4.      Abbott admits that it is a corporation organized under the laws of Illinois with its principal offices located in Abbott Park, Illinois.  Abbott admits that it manufactures prescription medications for clinical distribution.  Abbott admits that its net earnings for 2003 were approximately $ 2.75 billion.  Abbott admits that it has transacted business in California, including selling and distributing certain prescription drugs to purchasers in California.  Abbott denies the remaining allegations in Paragraph 4 of the Complaint.

5–21.   The allegations in Paragraphs 5 through 21 of the Complaint are directed to other defendants and require no response from Abbott.  To the extent the allegations in these Paragraphs are deemed to include allegations against Abbott, they are denied.

22.   Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and, therefore, denies the allegations.

**III.**

23.   Abbott admits this case was originally filed under seal on July 28, 1998.  The remainder of the allegations in Paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the remaining allegations in Paragraph 23 of the Complaint.

24.   Abbott admits that it has transacted business in California, including selling certain of its drugs directly or though others in California, including Los Angeles County.  Abbott further admits that it knew that some of its drugs may be utilized by Medi-Cal recipients.  Abbott denies the remaining allegations in Paragraph 24 of the Complaint.

25.   The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations.

**IV.**

26.   The allegations in Paragraph 26 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

27.   To the extent the allegations in Paragraph 27 of the Complaint state legal conclusions, no response is required.  Abbott is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, therefore, denies the allegations.

28.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, denies the allegations.

29.     The last sentence in Paragraph 29 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in the last sentence in Paragraph 29 of the Complaint are denied.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and, therefore, denies the allegations.

30.     The allegations in Paragraph 30 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations.

31.     To the extent the allegations in Paragraph 31 of the Complaint state legal conclusions, no response is required.  The remaining allegations in Paragraph 31 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

32.     Abbott admits that, in certain instances, price reporting services, such as First DataBank, may publish AWP, DP and FUL.  To the extent the allegations in Paragraph 32 of the Complaint state legal conclusions, no response is required.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint and, therefore, denies the allegations.

33.     Abbott admits that, in certain instances, it has provided some pricing information to FDB.  Abbott denies that all pricing information published by FDB relating to Abbott's drugs was provided to FDB by Abbott.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Abbott states that the Dey complaint cited in Paragraph 34 of the Complaint establishes its contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the Dey Complaint or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Abbott admits that FDB published certain pricing information, among other information, for prescription medicines sold in this country.  Abbott further admits that, in certain instances, it has provided some pricing information to FDB.  Abbott denies that all pricing information published by FDB relating to Abbott's drugs was provided to FDB by Abbott.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     Denied.

37.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the allegations.

38.     Denied.

39.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies the allegations.

40.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Abbott states that the documents cited in Paragraph 41 of the Complaint establish their contents.  Abbott denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Denied.

## V.

43.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the second and third sentences in Paragraph 43 of the Complaint, and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Denied.

45.     Abbott admits that at times it offers certain discounts, rebates and price reductions to certain customers on certain products, and further admits that, as the Plaintiffs and the federal government have always known, and in accordance with the federal statutory definition of WAC, price information provided to and/or published by FDB does not, and was never intended to, include discounts and price reductions that may affect the net price paid by a provider.  Abbott denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Abbott states that the documents cited in Paragraph 46 of the Complaint establish their contents.  Abbott admits that Representative Pete Stark sent a letter to Abbott's Chief Executive Officer in October 2000, containing certain allegations and characterizations by Congressman Stark, including the language quoted in this Paragraph.  Abbott denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Abbott denies the first sentence in Paragraph 47 of the Complaint.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and, therefore, denies those allegations.

48.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint relating to non-Abbott drugs and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraph 48 of the Complaint.

## VI.

49.     Abbott admits that the following numbered Sections purport to contain specific allegations about individual defendants.  Abbott denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Abbott states that Exhibit A attached to the Complaint establishes its content.  Abbott admits that Exhibit A purports to include information regarding drug products' names and corresponding NDCs, as well as certain reimbursement and pricing information.  Abbott further admits that the drug products listed in Exhibit A are Abbott drugs.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any reimbursement or pricing information contained in Exhibit A, and, therefore, denies that Plaintiffs have accurately stated any reimbursement or pricing information contained therein.  Abbott denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Denied.

52.     Abbott is without knowledge or information sufficient to form a belief as to the accuracy of the amount that California "paid" for Sodium Chloride, the accuracy of the pricing information cited for an unnamed GPO, or the DP reported by an unnamed source, and,

therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Denied.

54.     Denied.

55.     Denied.

56–176. The allegations in Paragraphs 56 through 176 of the Complaint are directed to other defendants and require no response from Abbott.  To the extent the allegations in these Paragraphs are deemed to include allegations against Abbott, they are denied.

**VII.**

177.     The allegations in Paragraph 177 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 177 of the Complaint.

178.     The allegations in Paragraph 178 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 178 of the Complaint.

179.     The allegations in Paragraph 179 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 179 of the Complaint.

180.     Denied.

**FIRST CAUSE OF ACTION**

181.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 180 of the Complaint.

182.     The allegations in Paragraph 182 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 182 of the Complaint.

183.     The allegations in Paragraph 183 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 183 of the Complaint.

## SECOND CAUSE OF ACTION

184.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 183 of the Complaint.

185.     The allegations in Paragraph 185 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 185 of the Complaint.

186.     The allegations in Paragraph 186 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 186 of the Complaint.

## THIRD CAUSE OF ACTION

187–189.     The Court dismissed the Third Cause of Action in its Order dated March 22, 2007.  Accordingly, Abbott is not required to respond to Paragraphs 187 through 189 of the Complaint.

## FOURTH CAUSE OF ACTION

190.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 189 of the Complaint.

191.   The allegations in Paragraph 191 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 191 of the Complaint.

192.   Denied.

193.   Denied.

194.   The allegations in Paragraph 194 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 194 of the Complaint.

195.   The allegations in Paragraph 195 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 195 of the Complaint.

## FIFTH CAUSE OF ACTION

196.   Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 195 of the Complaint.

197.   The allegations in Paragraph 197 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 197 of the Complaint.

198.   Denied.

199.   Denied.

200.   The allegations in Paragraph 200 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 200 of the Complaint.

201.    The allegations in Paragraph 201 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 201 of the Complaint.

### UNNUMBERED "WHEREFORE" PARAGRAPHS AND REQUEST FOR JURY TRIAL

Abbott denies Plaintiff is entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" Paragraphs following any numbered Paragraph in the Complaint including Paragraph 202 which purports to request trial by jury.

Listed below, Abbott has provided a list of defenses without assuming any burden of proof:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Abbott upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

The State of California has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

### FOURTH DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United State Constitution and the analogous provisions of the Constitution of the State of California.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## SEVENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act including all amendments to the same and all regulations promulgated thereunder.

## NINTH DEFENSE

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TENTH DEFENSE

Plaintiffs' claims are preempted by the Commerce Clause of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott has complied with all applicable regulations of the federal and state governments.

## TWELFTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of California, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## FIFTEENTH DEFENSE

Plaintiffs fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Abbott contained in the Complaint.

## SIXTEENTH DEFENSE

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiffs.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action brought by Plaintiffs is within the exclusive or, in the alternative, primary jurisdiction of the California Department of Health Services' Medicaid Program.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott did not make, directly or indirectly, any false statements to the State of California.  As to any statement asserted against Abbott that Plaintiffs allege to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek equitable relief against Abbott, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

## TWENTY-FIRST DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3).

## TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims against Abbott arise from the State of California's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FOURTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the State of California's own negligence or gross negligence.  Among other things, the claims disregard the State of California's obligations under federal law, and they ignore the State of California's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the State of California's citizens and taxpayers, the State of California's failings referenced herein, as well as other inappropriate conduct by the State of California.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or part, by the filed-rate doctrine.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, due to their failure to join indispensable parties.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because the State of California suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against Abbott for damages are barred, in whole or in part, because: (1) the State of California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recover of such persons and the allocation of any fault, if any

exists, attributable to Abbott; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for medicines manufactured, marketed and sold by Abbott after the filing of the original complaint on July 28, 1998; and (4) Plaintiffs' claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### THIRTIETH DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### THIRTY-FIRST DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Abbott.

### THIRTY-SECOND DEFENSE

Plaintiffs fail to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

### THIRTY-THIRD DEFENSE

Plaintiffs' punitive damages claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Abbott prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution and the Constitution of the State of California; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of California; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of California; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of California; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States

Constitution and would be improper under the Constitution, common law and public policies of California.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Abbott; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of California.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed,

would:  (1) violate Abbott's Due Process rights guaranteed by the Fifth and Fourteenth
Amendments to the United States Constitution; (2) violate Abbott's right not to be subjected to
an excessive award; and (3) be improper under the Constitution, common law and public policies
of California.

## THIRTY-SIXTH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by
Fed. R. Civ. P. 9(g).

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott's conduct
as alleged in the Complaint was not material to any alleged payment of any alleged false or
fraudulent claims.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because the State of
California did not rely on Abbott's conduct as alleged in the Complaint.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, by the existence and of
terms of the written rebate agreement between Abbott and the Secretary of the Department of
Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate
Agreement Between the Secretary of Health and Human Services and the Manufacturer
Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C.
§ 1396r-8.

## FORTIETH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, by the federal False
Claims Act, 31 U.S.C. §§ 3729-3733, because the federal government has commenced a

"related" action against Abbott entitled, United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., Case No. 06-CV-11337-PBS (D. Mass.) (the "Federal Action"), and Plaintiffs' action is "based on the facts underlying" the Federal Action.

## FORTY-FIRST DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Plaintiffs' enforcement of the California False Claims Act intentionally treats Abbott differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States and California Constitutions.

## FORTY-SECOND DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague as applied to Abbott in violation of Abbott's rights under the due process clauses of the United States and California Constitutions.

## FORTY-THIRD DEFENSE

Abbott adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

## FORTY-FOURTH DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

Dated: May 21, 2007

By: /s/ Toni-Ann Citera
    James R. Daly
    Tara A. Fumerton
    JONES DAY
    77 West Wacker
    Chicago, IL  60601-1692
    Telephone:  (312) 782-3939
    Facsimile:   (312) 782-8585

    Toni-Ann Citera
    JONES DAY
    222 East 41st Street
    New York, NY  10017-6702
    Telephone: (212) 326-3939
    Fax: (212) 755-7306

    Counsel for Defendant Abbott
    Laboratories Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 21, 2007, a copy to Lexis-Nexis for posting and notification to all parties.


 /s/ Tara A. Fumerton                                 
Tara A. Fumerton