# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <hr> THIS DOCUMENTS RELATES TO: State of California, *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., *et al.* Case No. 1:03-cv-11226-PBS | **MDL NO. 1456** **Master File No. 01-12257-PBS** **(Original Central District of California No. 03-CV-2238)** **Judge Patti B. Saris** |

## BEN VENUE LABORATORIES, INC./BEDFORD LABORATORIES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT-IN-INTERVENTION

Defendant Ben Venue Laboratories, Inc., and its division, Bedford Laboratories[1] ("Ben Venue") answer the State of California's and Ven-A-Care of the Florida Keys, Inc.'s First Amended Complaint-in-Intervention as follows:

1.      Ben Venue admits that the Attorney General purports to bring this action for treble damages, civil penalties, and other relief under California law, but denies there exists any basis for doing so.  Ben Venue admits that Ven-A-Care purports to participate in this action as the *Qui Tam* Plaintiff, but denies that there exists any basis for it to do so.  Ben Venue further denies that Ven-A-Care provided original information to the State of California.  To the extent the remaining allegations in paragraph 1 are directed at Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 that pertain to other defendants and, on that basis, denies them.

---

[1] Bedford Laboratories is a division of Ben Venue Laboratories, Inc., and not a separate corporate entity.

2.     Ben Venue admits that one of the purported plaintiffs in this action is the State of California, by and through the California Attorney General.  Ben Venue further admits that the Medicaid program of the State of California ("Medi-Cal") is a joint state and federal program which pays for medical care, including prescription drug benefits, on behalf of qualified California residents, that reimbursement for prescription drugs under Medicaid programs is often made directly to providers, and that reimbursement was made for some Ben Venue products. Ben Venue specifically denies that it made "false, inflated and illegal representations of the cost of [its] drug products."  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, on that basis, denies them.

3.     Ben Venue admits that this action was originally filed by Ven-A-Care, the purported *Qui Tam* Plaintiff in this action.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, denies them.

4-7.   Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4-7 and, on that basis, denies them.

8.     Ben Venue admits it is a Delaware corporation with its principal place of business in Bedford, Ohio, and that it was founded in 1938.  Ben Venue further admits it was acquired by Boehringer Ingelheim Corporation ("BIC") in 1997, but denies it was acquired by Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI").  Ben Venue admits that Bedford Laboratories ("Bedford") is a division of Ben Venue that was created in or about 1993.  Ben Venue admits that it has, at times, sold and/or distributed its drugs to purchasers within California and that Exhibit N identifies some Ben Venue drugs, but denies that Exhibit N accurately represents the dosage and/or the NDC for every Ben Venue drug listed.  Ben Venue admits that BIC is a

2

Nevada corporation with its principal place of business in Ridgefield, Connecticut, that BIC is a United States subsidiary of Pharma Investment Limited ("Pharma"), that Pharma is a Canadian company located in Burlington, Canada, and that C.H. Boehringer Sohn Grundstucksverwaltung GmbH & Co. KG ("C.H. Boehringer") is a German corporation located in Ingelheim, Germany. Ben Venue denies the remaining allegations that pertain to Pharma and C.H. Boehringer.  Ben Venue admits that BIC is the sole shareholder of subsidiary companies that manufacture, distribute, market, and/or sell prescription drugs, including Ben Venue, BIPI, and Boehringer Ingelheim Roxane, Inc., f/k/a Roxane Laboratories, Inc.  Ben Venue denies that BIC engages in the business of manufacturing, distributing, marketing and/or selling prescription drugs.  Ben Venue admits that BIPI has its primary place of business in Ridgefield, Connecticut, but denies that BIPI is a Nevada corporation, and denies that any of BIPI's products are alleged to be at issue in this case.  Ben Venue affirmatively avers that reference to BIC and BIPI, two separate corporate entities, as "BOEHRINGER" is inappropriate and improper.  Ben Venue further avers that BIC, BIPI, and Ben Venue are separate corporations, that Bedford is a division of Ben Venue, and that reference to BIC, BIPI, Ben Venue, and Bedford collectively as "BEDFORD" is inappropriate and improper.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies them.

9-17.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9-17 and, on that basis, denies them.

18.    Ben Venue admits that Boehringer Ingelheim Roxane, Inc., f/k/a/ Roxane Laboratories, Inc., is a Delaware corporation engaged in the business of manufacturing pharmaceuticals, with its principal place of business located in Columbus, Ohio.  For purposes of this Answer, Ben Venue refers to Boehringer Ingelheim Roxane, Inc. as "Roxane."  Ben Venue

states that Roxane was formerly known as Roxane Laboratories, Inc., and in April 2005 changed its name from Roxane Laboratories, Inc. to Boehringer Ingelheim Roxane, Inc.  Ben Venue admits that Roxane engaged in the business of selling pharmaceuticals until April 2005, but denies that it has engaged in the business of selling pharmaceuticals since April 2005.  Ben Venue admits that before April 2005, Roxane had, from time to time, sold and/or distributed its drugs to purchasers within California, but denies Roxane has done so since April 2005.  Ben Venue admits that Exhibit J identifies some Roxane drugs, but denies that Exhibit J accurately represents the dosage and/or the NDC for every Roxane drug listed.  Ben Venue admits that BIC is the sole shareholder of Roxane, but denies that Roxane is a subsidiary of BIPI.  Ben Venue affirmatively avers that Roxane is a separate corporate entity, distinct from BIC, BIPI, and/or any of Roxane's other unidentified affiliates, and denies that any acts taken by Roxane "were performed by or [are] otherwise attributable to" BIC, BIPI, and/or any of Roxane's other affiliates.  Ben Venue denies any remaining allegations in paragraph 18.

19-21.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 19-21 and, on that basis, denies them.

22.    Ben Venue admits that it has, from time to time, sold prescription drug products to purchasers within California and that Medi-Cal reimbursed providers for certain Ben Venue products.  Ben Venue further admits that providers sometimes sell or dispense prescription drugs to patients, that providers sometimes submit claims to Medicaid programs for reimbursement for prescription drugs, and that reimbursements for prescription drugs under Medicaid programs are often made directly to providers.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, on that basis, denies them.

23.    Ben Venue admits that Plaintiffs purport to invoke jurisdiction under the California False Claims Act, California Government Code § 12652, but denies there exists any basis for them to do so.  Ben Venue refers to California Government Code § 12652 for its content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis denies them.

24.    Ben Venue admits that it has, from time to time, sold its drugs directly or through others to purchasers within California.  Ben Venue further admits it was aware that some of its drugs would be distributed to Medi-Cal beneficiaries, including to residents of Los Angeles County.  To the extent any remaining allegations in paragraph 24 are directed at Ben Venue, Ben Venue denies those allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 that pertain to other defendants and, on that basis, denies those allegations.

25.    Ben Venue admits that Ven-A-Care purportedly commenced this action pursuant to California Government Code § 12652, but denies that there was any basis for it to do so.  Ben Venue further admits that that Ven-A-Care purports to be the *Qui Tam* Plaintiff in this action, and that it purports to proceed as a co-plaintiff in this action, but Ben Venue denies that there is any basis for it to do so.  Ben Venue refers to California Government Code § 12652 for its content, but denies any characterization thereof.  Ben Venue denies any remaining allegations in paragraph 25.

26.    Ben Venue admits that California provides prescription drug coverage for certain brand name drugs and generic drugs as part of its Medi-Cal program, which pays for certain medical care on behalf of qualified California residents.  Ben Venue admits that providers,

including pharmacies and physicians, sometimes dispense prescription drugs to patients, and that providers are sometimes reimbursed for such drugs under the Medi-Cal program.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, on that basis, denies them.

27.     To the extent that the allegations in paragraph 27 refer to the interpretation of statutes and regulations, these sources speak for themselves, and any characterization thereof is denied.  Ben Venue refers to California Code of Regulations Title 22 § 51513 *et seq*. for its content.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and, on that basis, denies them.

28.     Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies them.

29.     Ben Venue denies it caused "pricing information reported to Medi-Cal to be false [or] misleading."  To the extent the remaining allegations in paragraph 29 are directed at Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 29 that pertain to Medi-Cal's reimbursement policies or to other defendants and, on that basis, denies them.

30.     Ben Venue admits that Plaintiffs have defined the term "market price" to refer to "[p]roviders' acquisition cost[]" and the term "spread" to refer to the "difference between a drug's market price and the drugs' CDP," for purposes of the Complaint.  Ben Venue denies any remaining allegations of paragraph 30.

31.     Ben Venue admits that CMS has established federal upper limits for certain multi-source drugs and that the Complaint adopts the terms "FUL" or "FAC," interchangeably, to refer to the federal upper limit.  To the extent the allegations in paragraph 31 refer to the interpretation

of statutes and regulations, these sources speak for themselves, and Ben Venue denies any characterizations thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and, on that basis, denies them.

32.     Ben Venue admits that certain pharmaceutical industry compendia, including First DataBank, periodically publish certain pricing information for prescription drugs.  To the extent the allegations in paragraph 32 refer to the interpretation of statutes and regulations, these sources speak for themselves, and Ben Venue denies any characterizations thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and, on that basis, denies them.

33.     Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

34.     Ben Venue denies that it "control[s] the prices that are reported by FDB."  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and, on that basis, denies them.

35.     Ben Venue admits that First DataBank, periodically publishes certain pricing information for prescription drugs.  Ben Venue further admits that reimbursement for prescription drugs under Medicaid programs is often made directly to providers, including pharmacies and physicians.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, on that basis, denies them.

36.     Ben Venue denies the allegations in paragraph 36 as to itself.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 that pertain to other defendants or entities and, on that basis, denies them.

37.     Ben Venue admits that Plaintiffs purport to base this action on claims submitted to

Medi-Cal for reimbursement for prescription drugs provided to Medi-Cal beneficiaries.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, on that basis, denies them.

38.    Ben Venue admits that, from time to time, it provided some pricing information to First DataBank, but denies that it did so "for the express purpose of causing [First DataBank] to report such prices to Medi-Cal."  Ben Venue denies that it provided pricing information "at least annually," and further denies any remaining allegations of paragraph 38 as to itself.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 that pertain to other defendants and, on that basis, denies them.

39.    Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies them.

40.    Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies them.

41.    To the extent the allegations in paragraph 41 refer to Exhibit L, Exhibit L speaks for itself, and Ben Venue denies any characterization thereof.  Ben Venue denies that the data recited underscores Plaintiffs' allegations of fraud.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and, on that basis, denies them.

42.    Ben Venue admits that the Complaint purports to focus on prescription drugs sold and/or distributed by some of the defendants in this case.  Ben Venue denies that it knowingly or otherwise, reported, or caused to be reported, false or inflated representations of prices.  Ben Venue further denies that it caused claims submitted by providers to Medi-Cal to be false, and denies that it caused Medi-Cal to pay excessive reimbursements to providers.  To the extent the

remaining allegations in paragraph 42 are directed at Ben Venue, Ben Venue denies those allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 that pertain to other defendants and, on that basis, denies them.

43.     Ben Venue admits that Medi-Cal reimbursed some providers for certain of its products provided to Medi-Cal beneficiaries.  Ben Venue denies that the time period relevant to this action began on or before January 1994, denies that the time period relevant to this action continues through to the present time, denies that it reported false or excessive price or cost information for its products to First DataBank, denies that it caused Medi-Cal to make excessive or inflated reimbursements, and denies that the term "spread" has the meaning alleged in paragraph 43.  To the extent the remaining allegations in paragraph 43 pertain to Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and, on that basis, denies them.

44.     Ben Venue denies the allegations of paragraph 44 as to itself.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, on that basis, denies them.

45.     Ben Venue admits that for some customers and some drugs, it has utilized "charge-backs."  To the extent the remaining allegations are directed at Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and, on that basis, denies them.

46.     Ben Venue refers to the documents specified in paragraph 46 for their content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies them.

47.   Ben Venue denies that it engaged in a "fraudulent scheme," denies it reaped illegal profits at the expense of California, and denies that it "directly contributed to Medi-Cal's soaring cost of providing prescription drugs for California's needy, poor, elderly and disabled."  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and, on that basis, denies them.

48.   Ben Venue admits that the federal upper limit provided an upper limit on the pricing of certain drugs and that FULs were set based on reported prices.  To the extent that the allegations in paragraph 48 refer to the interpretation of statutes and regulations, these sources speak for themselves, and Ben Venue denies any characterization thereof.  Ben Venue denies that it reported false or inflated prices for its drugs, denies that FULs were "corrupted," and denies that it prevented California from gaining the full benefit of FULs.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and, on that basis, denies them.

49.   Ben Venue admits only that the Plaintiffs have attached to the Complaint certain exhibits purporting to contain pricing information, but denies any characterization thereof.  Ben Venue denies that it "knowingly" or otherwise, reported, or caused to be reported, false or misleading price representations to Medi-Cal, First DataBank, or any other pharmaceutical industry compendia.  To the extent any remaining allegations are directed at Ben Venue, Ben Venue denies those allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and, on that basis, denies them.

50-64.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50-64 and, on that basis, denies them.

65.    Ben Venue admits that Plaintiffs have attached to the Complaint Exhibit N purporting to contain pricing information for some Ben Venue drugs, but denies any characterization thereof.  Ben Venue denies the remaining allegations in paragraph 65.

66.    Ben Venue admits that it produced documents containing certain contract pricing information for some Ben Venue drugs in response to a government subpoena.  Ben Venue states that the specified documents speak for themselves, and any characterization thereof is denied. Ben Venue denies that the specified documents contain AWPs for its drugs and further denies that the documents "set[] forth spreads between AWPs and prices apparently offered to wholesalers, providers and other intermediaries."  Ben Venue further denies the remaining allegations in paragraph 66.

67.    Ben Venue denies that it engaged in a "scheme to inflate [the] reported AWPs" of its drugs and/or to market the "spread to increase the market share of [its] drugs."  Ben Venue further denies that it caused the State of California to make excessive reimbursements for its drugs.  Ben Venue denies any remaining allegations in paragraph 67.

68.    Ben Venue denies the allegations in paragraph 68.

69.    Ben Venue denies the allegations in paragraph 69.

70-132.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70-132 and, on that basis, denies them.

133.    Ben Venue admits only that the Plaintiffs have attached to the Complaint Exhibit J purporting to contain pricing information for some Roxane drugs, but denies any characterization thereof.  Ben Venue denies the remaining allegations in paragraph 133.

134.    Ben Venue admits Roxane does not use a rigid formula for determining AWP and that Roxane follows, as a rule of thumb, a practice common within the generic drug market of

setting AWP at brand AWP less 10% at product launch.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 relating to an unidentified "questionnaire" and, on that basis, denies them.

135.   Ben Venue denies that Roxane "has significant spreads on its drugs."  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and, on that basis, denies them.

136.   Ben Venue admits that Roxane received a memorandum from a Roxane consultant on April 9, 1996, which made various recommendations regarding the launch and marketing of Ipratropium Bromide UDV to a specific market.  Ben Venue states that the referenced memorandum speaks for itself, and any characterization thereof is denied.  Ben Venue affirmatively avers that Roxane did not accept or implement all of the representations and/or recommendations contained in the memorandum.  Ben Venue denies that Roxane "marketed the spread in it's [sic] drug pricing in order to improve market share."  Ben Venue further denies any remaining allegation in paragraph 136.

137.   Ben Venue admits that Roxane received documents authored by third parties indicating that lowest price and/or best spread between AWP and the contract price was one of multiple factors used by third parties to evaluate contract bids.  Ben Venue denies that Roxane "was aware that its customers sought pricing based on false AWP prices."  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 and, on that basis, denies them.

138.   Ben Venue denies the allegations in paragraph 138.

139.   Ben Venue denies the allegations in paragraph 139.

140.   Ben Venue denies the allegations in paragraph 140.

141-176.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 141-176 and, on that basis, denies them.

177.  To the extent that the allegations in paragraph 177 and its subsections purport to recite laws or regulations and/or state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 177 and its subsections are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 that pertain to other defendants and, on that basis, denies them.

178.  To the extent that the allegations in paragraph 178 and its subsections purport to recite laws or regulations and/or state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12651 for its content, but Ben Venue denies any characterization thereof.  To the extent a response may be required, Ben Venue denies that it knowingly or otherwise, caused Medi-Cal to pay claims for its drugs in amounts excessive under the law.  To the extent the remaining allegations in paragraph 178 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 that pertain to other defendants and, on that basis, denies them.

179.  To the extent the allegations in paragraph 179 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 that pertain to other defendants and, on that basis, denies them.

180.  To the extent that the allegations in paragraph 180 purport to recite laws or regulations, no response is required.  Ben Venue refers to California Welfare and Institutions Code §  14107.2 for its content, but denies any characterization thereof.  To the extent a response may be required, Ben Venue denies that it knowingly or otherwise, violated California Welfare Institutions Code §  14107.2.  To the extent the remaining allegations in paragraph 180 are directed at Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 that pertain to other defendants and, on that basis, denies them.

## FIRST CAUSE OF ACTION

181.    Ben Venue repeats and incorporates by reference its responses to numbered paragraphs 1-180 above.

182.  To the extent that the allegations in paragraph 182 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response is required, and to the extent the allegations in paragraph 182 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 that pertain to other defendants and, on that basis, denies them.

183.  To the extent that the allegations in paragraph 183 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12651(a)(1) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 183 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to

14

form a belief as to the truth of the allegations in paragraph 183 that pertain to other defendants and, on that basis, denies them.

## SECOND CAUSE OF ACTION

184.  Ben Venue repeats and incorporates by reference its responses to numbered paragraphs 1-183 above.

185.  To the extent that the allegations in paragraph 185 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 185 are directed at Ben Venue, Ben Venue denies them.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 that pertain to other defendants and, on that basis, denies them.

186.  To the extent that the allegations in paragraph 186 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12651(a)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 186 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 that pertain to other defendants and, on that basis, denies them.

## THIRD CAUSE OF ACTION

187-89.  The Court dismissed Count III in its Order dated March 22, 2007.  Accordingly, Ben Venue is not required to respond to paragraphs 187-189.

## **FOURTH CAUSE OF ACTION**

190.  Ben Venue repeats and incorporates by reference its responses to numbered paragraphs 1-189 above.

191.  To the extent that the allegations in paragraph 191 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 191 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 that pertain to other defendants and, on that basis, denies them.

192.  To the extent the allegations in paragraph 192 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 that pertain to other defendants and, on that basis, denies them.

193.  To the extent allegations in paragraph 193 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 that pertain to other defendants and, on that basis, denies them.

194.  To the extent that the allegations in paragraph 194 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Codes §§ 12650(b)(2) and 12651(a)(1) and California Welfare and Institutions Code § 14107.2 for their

content, but denies any characterization thereof.  To the extent a response may be required and to the extent the remaining allegations in paragraph 194 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 that pertain to other defendants and, on that basis, denies them.

195.  To the extent that the allegations in paragraph 195 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code §§ 12651(a) and 12651(a)(1) for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 195 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 that pertain to other defendants and, on that basis, denies them.

## FIFTH CAUSE OF ACTION

196.  Ben Venue repeats and incorporates by reference its responses to numbered paragraphs 1-195 above.

197.  To the extent that the allegations in paragraph 197 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Code § 12650(b)(2) and California Welfare and Institutions Code § 14107.2 for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 197 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 that pertain to other defendants and, on that basis, denies them.

198.  To the extent the allegations in paragraph 198 are directed at Ben Venue, Ben

Venue denies the allegations.  Ben Venue refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 that pertain to other defendants and, on that basis, denies them.

199.  To the extent the allegations in paragraph 199 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 that pertain to other defendants and, on that basis, denies them.

200.  To the extent that the allegations in paragraph 200 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Codes §§ 12650(b)(2) and 12651(a)(2) and California Welfare and Institutions Code § 14107.2 for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the remaining allegations in paragraph 200 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 that pertain to other defendants and, on that basis, denies them.

201.  To the extent that the allegations in paragraph 201 state legal arguments and/or conclusions, no response is required.  Ben Venue refers to California Government Codes §§ 12651(a) and 12651(a)(2) for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 201 are directed at Ben Venue, Ben Venue denies the allegations.  Ben Venue is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 that

pertain to other defendants and, on that basis, denies them.

## JURY DEMAND

202.  Ben Venue admits that Plaintiffs have requested trial by jury as to any issues so triable.

## PRAYER FOR RELIEF

1.      Ben Venue denies that Plaintiffs are entitled to a judgment, or any other relief, as requested in paragraph 1 of the Prayer for Relief and each of its subparts.

2.      Ben Venue denies that Ven-A-Care, the purported *Qui Tam* Plaintiff, is entitled to a judgment, or any other relief, as requested in paragraph 2 of the Prayer for Relief.

## BEN VENUE'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Ben Venue does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that the Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they violate Ben Venue's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, and the analogous provisions of the Constitution of the State of California, insofar as the Plaintiffs

seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are preempted, in whole or in part, by federal law, including

without limitation the Federal Employment Retirement Income and Security Act of 1974, the

Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act, including

all amendments to the same and all regulations promulgated thereunder.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Ben Venue for injunctive relief were mooted, in whole or

in part, by the passage of the 2003 Medicare reform legislation.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to

the extent that such claims are premised, in whole or in part, on alleged statements or conduct by

Ben Venue in judicial, legislative, or administrative proceedings of any kind or at any level of

government.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint and the claims therein are barred, in whole or in part, by the

applicable statutes of limitations and/or repose.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have no standing or capacity to bring some or all of the claims raised in the

Complaint.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs obtain recovery in any other case predicated on the same

factual allegations, the Plaintiffs are barred from seeking recovery against Ben Venue based on the Complaint pursuant to doctrines of claim preclusion and issue preclusion, and the prohibition on double recovery for the same injury.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because the Plaintiffs' own actions or failures to act helped bring about any injuries sustained.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Ben Venue are barred, in whole or in part, because the State of California failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the Plaintiffs' recovery and the allocation of fault, if any exists, attributable to Ben Venue.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Ben Venue are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for pharmaceutical products manufactured, marked, and/or sold by Ben Venue after the filing of Ven-A-Care's original complaint in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all of the Plaintiffs' claims are barred under the voluntary payment doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the failure to exhaust applicable

administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Ben Venue are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs seek equitable relief against Ben Venue, the Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims for equitable relief against Ben Venue are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Any and all of the Plaintiffs' claims are barred under the state action doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any and all of Ben Venue's overpayment of Medicaid rebates to the State of California reduces or eliminates the amount of damages alleged by the Plaintiffs.  All rebates paid by Ben Venue to the State of California should be taken into account in determining the amount of damages, if any, to which the Plaintiffs are entitled.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint, which seek the recovery of punitive damages, violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution on the following grounds:

(a)     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth
        Amendment of the United States Constitution to impose punitive damages, which
        are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a
        burden of proof less than the "beyond a reasonable doubt" burden of proof
        required in criminal cases;

(b)     the procedures pursuant to which any punitive damages would be awarded fail to
        provide a reasonable limit on the amount of the award against Ben Venue, which
        violates the Due Process Clause of the Fourteenth Amendment of the United
        States Constitution;

(c)     the procedures pursuant to which any punitive damages would be awarded fail to
        provide specific standards for the amounts of the award of such punitive damages,
        which violates the Due Process Clause of the Fourteenth Amendment of the
        United States Constitution;

(d)     the procedures pursuant to which any punitive damages would be awarded result
        in the imposition of different penalties for the same or similar acts, and thus
        violate the Equal Protection Clause of the Fourteenth Amendment of the United
        States Constitution;

(e)     the procedures pursuant to which any punitive damages would be awarded permit
        the imposition of punitive damages in excess of the maximum criminal fine for
        the same or similar conduct, which thereby infringes the Due Process Clause of
        the Fifth and Fourteenth Amendments and the Equal Protection Clause of the
        Fourteenth Amendment of the United States Constitution; and

(f)    the procedures pursuant to which any punitive damages would be awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The recovery of punitive damages by the Plaintiffs in this action would violate provisions of the Constitution of the State of California, including Article 1, sections §§ 1, 7, and 9, and the common law and public policies of the State of California on the following grounds:

(a)    it is impermissible to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    the procedures pursuant to which any punitive damages would be awarded fail to provide a reasonable limit on the amount of the award against Ben Venue;

(c)    the procedures pursuant to which any punitive damages would be awarded fail to provide specific standards for the amounts of the award of such punitive damages;

(d)    the procedures pursuant to which any punitive damages would be awarded fail to provide specific standards for the amount of the award of such punitive damages;

(e)    the award of punitive damages in this case would constitute a deprivation of property without due process; and

(f)    the procedures pursuant to which any punitive damages would be awarded permit the imposition of an excessive fine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Ben Venue hereby adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Ben Venue reserves its right to assert additional defenses that are now or may become available or appear during, or as a result of the discovery proceedings in this action, and reserves the right to amend this Answer if necessary.

## CONCLUSION

WHEREFORE, Ben Venue, having answered the allegations of the Complaint, requests that this Court: (1) dismiss the Plaintiffs' Complaint with prejudice and enter judgment in favor of Ben Venue against the Plaintiffs; (2) award Ben Venue its costs and expenses; and (3) award Ben Venue such other and further relief as the court may deem just and proper.


Dated:  May 21, 2007                          Respectfully submitted,


                                              /s/ Brent Caslin
                                              Helen E. Witt, P.C. (*Pro Hac Vice*)
                                              KIRKLAND & ELLIS LLP
                                              200 E. Randolph Drive
                                              Chicago, Illinois  60601-6636
                                              Telephone: (312) 861-2000
                                              Facsimile:  (312) 861-2200

                                              Brent Caslin (*Pro Hac Vice*)
                                              KIRKLAND & ELLIS LLP
                                              777 South Figueroa Street
                                              Los Angeles, CA 90017
                                              Telephone:  (213) 680-8400
                                              Facsimile:   (213) 680-8500

                                              *Attorneys for Defendant*
                                              *Ben Venue Laboratories, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Paragraph 11 of Case Management Order No. 2, the undersigned certifies that on May 21, 2007, a copy of Ben Venue Laboratories, Inc./Bedford Laboratories' Answer to Plaintiffs' First Amended Complaint-in-Intervention was served on all counsel of record, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  May 21, 2007

/s/ Brent Caslin_____
Brent Caslin
