# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | (Original Central District of California |
| _____ ) | No. 03-CV-2238) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) | |
| Abbott Laboratories, Inc., *et al.* ) | **JURY TRIAL REQUESTED** |
| CASE #: 1:03-cv-11226-PBS ) | |
| _____ ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF ZLB BEHRING LLC, F/K/A AVENTIS BEHRING LLC, TO THE STATE OF CALIFORNIA'S FIRST AMENDED COMPLAINT IN INTERVENTION

Defendant ZLB Behring LLC, f/k/a Aventis Behring LLC ("Behring"), hereby responds to the State of California and Ven-A-Care's First Amended Complaint-in-intervention (the "Complaint") as follows:[1]

### Preface

The Complaint improperly and repetitively refers to Behring and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Behring or other defendants or third parties.   Intentionally ambiguous

---

[1]    Even though Aventis Behring no longer exists as a separate corporate entity, and even though ZLB Behring is the corporate successor of Aventis Behring, the Complaint names both ZLB Behring and Aventis Behring as defendants.   To the extent that Aventis Behring could be deemed to be a proper defendant in this action, and to the extent that the Complaint contains allegations against Armour Pharmaceutical Co. and Aventis Behring based on the allegation that Aventis Behring is Armour Pharmaceutical Co.'s successor-in-interest with respect to certain drugs identified in the Complaint, this answer is filed on behalf of ZLB Behring, Aventis Behring, and Armour Pharmaceutical Co., and references to Behring herein therefore refer collectively to ZLB Behring, Aventis Behring, and Armour Pharmaceutical Co. unless otherwise indicated.

pleading is improper and insufficient to apprise Behring in any meaningful sense of the allegations to the extent possible under the circumstances.  In answering the Complaint, Behring responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Behring and other persons or entities.   To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to meaningfully respond.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings.

The Complaint contains purported quotations and prices from a number of sources, many of which are unidentified.   If any of the quotations or prices originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Behring reserves the right to assert such privileges, and hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Behring specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise.  Behring further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment

admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Behring specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.

### INTRODUCTION AND OVERVIEW OF THE SCHEME

1.      Admitted in part; denied in part.  Behring admits that Plaintiffs demand damages and other relief as alleged in paragraph 1 of the Complaint.  Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Behring denies the remaining allegations in paragraph 1 of the Complaint.

## II.

### THE PARTIES

2.      Admitted in part; denied in part.  Behring admits that the State of California is a Plaintiff in this action.  Behring denies the allegations in the last sentence of paragraph 2 of the Complaint.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, therefore, denies those allegations.

3.      Admitted in part; denied in part.  The allegations in paragraph 3 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Behring admits that Ven-A-Care originally filed this action under seal on July 28, 1998, but is without knowledge or information sufficient

to form a belief as to when suit was filed against Behring.  Behring denies the allegations in the last sentence of paragraph 3 of the Complaint.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, denies those allegations.

4-5.    Denied.  The allegations in paragraphs 4 and 5 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to these paragraphs.  To the extent a response are required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 and 5, and on that basis denies the allegations.

6.    Admitted in part; denied in part.  Behring admits that Aventis Behring LLC was acquired by CSL Limited in 2004; that Aventis Behring LLC was a limited liability company organized under the laws of Delaware with its principal offices in King of Prussia, Pennsylvania; that Centeon LLC was formed in 1996 as a joint venture and was re-named Aventis Behring LLC in 2000; that Behring has transacted business in California, including selling certain prescription drugs in California; and that Aventis Behring LLC was Armour Pharmaceutical Co.'s successor-in-interest with respect to certain drugs.  Behring denies the remaining allegations in paragraph 6 of the Complaint.  Behring further denies that Plaintiff has any viable claims against it or relating to any of its products.

7-12.    Denied.  The allegations in paragraphs 7 through 12 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to these paragraphs.  To the extent responses are required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 12, and on that basis denies the allegations.

13.        Admitted in part; denied in part.  The allegations in paragraph 13 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to these paragraphs.  To the extent a response is required, Behring admits that Aventis was formed in December 1999 as a result of a merger between Hoechst Marion Roussel, Inc. and Rhone-Poulenc-Rorer Pharmaceuticals, Inc.   Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and on that basis denies the allegations.

14-21.        Denied.  The allegations in paragraphs 14 through 21 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to these paragraphs.  To the extent responses are required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 through 21, and on that basis denies the allegations.

22.        Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies the allegations.

### III.

### JURISDICTION & VENUE

23.        Admitted in part; denied in part.  Behring admits this case was originally filed under seal on July 28, 1998, but is without knowledge or information sufficient to form a belief as to when suit was filed against Behring.  The remainder of the allegations in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Behring denies the remaining allegations.

24.        Admitted in part; denied in part.  To the extent the allegations in paragraph 24 of the Complaint are directed to parties other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 24 are directed to Behring, Behring admits that it has transacted business in California, including selling certain of its drugs in California.  Behring further admits that it knew that some of its drugs may be utilized by Medi-Cal recipients.  Behring denies the remaining allegations in paragraph 24 of the Complaint.

25.     Denied.  The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

## IV.

## BACKGROUND OF HOW PRESCRIPTION DRUG CLAIMS ARE PAID UNDER MEDI-CAL

### A.     HOW THE SYSTEM WORKS IN CALIFORNIA

26.     Denied.  The allegations in paragraph 26 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

27.     To the extent the allegations in paragraph 27 of the Complaint state legal conclusions, no response is required.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the allegations.

28.     Denied.  The allegations in paragraph 28 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to this paragraph.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies the allegations.

29.     On March 2, 2006, in response to Behring's Partial Motion to Dismiss, Plaintiffs withdrew "their false claim allegation concerning Behring blood factor drugs" from the Complaint.  As a result, Behring need not respond to this paragraph.  To the extent a response is required, the last sentence in paragraph 29 of the Complaint states a legal conclusion to which no response is required; to the extent a response nonetheless is deemed to be required, Behring denies the allegations in the last sentence in paragraph 29 to the extent they pertain to Behring. Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and, therefore, denies the allegations.

30.     Denied.  The allegations in paragraph 30 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

31.     Denied.  To the extent the allegations in paragraph 31 of the Complaint state legal conclusions, no response is required.  The remaining allegations in paragraph 31 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

32.     Admitted in part; denied in part.  Behring admits that, in certain instances, price reporting services, such as First DataBank, may publish AWP, DP and FUL.  To the extent the allegations in paragraph 32 of the Complaint state legal conclusions, no response is required. Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the allegations.

33.     Admitted in part; denied in part.  Behring admits that, in certain instances, it has provided some pricing information to FDB.  Behring denies that all pricing information published by FDB relating to Behring's drugs was provided to FDB by Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Denied.  To the extent the allegations in paragraph 34 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  Behring states that the Dey complaint cited in paragraph 34 of the Complaint establishes its contents.  Behring denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the Dey Complaint or that such are applicable to Behring.  Behring denies the remaining allegations in paragraph 34 of the Complaint.

35.     Admitted in part; denied in part.  Behring admits that FDB published certain pricing information, among other information, for prescription medicines sold in this country.  Behring further admits that, in certain instances, it has provided some pricing information to FDB.  Behring denies that all pricing information published by FDB relating to Behring's drugs was provided to FDB by Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     Denied.  To the extent the allegations in paragraph 36 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 36 are directed to Behring, Behring denies the allegations.

37.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and on that basis denies the allegations.

38.     Denied.  To the extent the allegations in paragraph 38 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 38 are directed to Behring, Behring denies the allegations.

39.     Denied.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, therefore, denies the allegations.

40.     Denied.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Denied.  Behring states that the documents cited in paragraph 41 of the Complaint establish their contents.  Behring denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.   Behring denies the remaining allegations in paragraph 41 of the Complaint.

42.     Denied.  To the extent the allegations in paragraph 42 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 42 are directed to Behring, Behring denies the allegations.

**V.**

**SUMMARY OF DEFENDANTS' FRAUDULENT SCHEME**

43.     Denied.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 43.  To the extent the remaining allegations in paragraph 43 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the remaining allegations in paragraph 43 are directed to Behring, Behring denies the allegations.

44.     Denied.  To the extent the allegations in paragraph 44 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 44 are directed to Behring, Behring denies the allegations.

45.     Admitted in part; denied in part.  To the extent the allegations in paragraph 45 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations are directed to Behring, Behring admits that at times it sold the products at issue in this case at different prices to different customers.  Behring denies the remaining allegations in paragraph 45 of the Complaint.

46.     Denied.  The allegations in paragraph 46 are directed to parties other than Behring, and therefore Behring need not respond.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the allegations.  Behring denies that Plaintiffs have

accurately characterized the findings, opinions, statements or conclusions of Congressman Stark or that such are applicable to Behring.

47.     Denied.  To the extent the allegations in paragraph 47 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 47 are directed to Behring, Behring denies the first sentence in paragraph 47 of the Complaint.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and, therefore, denies those allegations.

48.     Denied.  To the extent the allegations in paragraph 48 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 48 are directed to Behring, Behring denies the allegations.

## VI.

## THE ACTIONABLE CONDUCT OF DEFENDANTS

49.     Admitted in part; denied in part.  Behring admits that the following numbered Sections purport to contain specific allegations about individual Defendants.  Behring denies the remaining allegations in paragraph 49 of the Complaint.

### B.     SPECIFIC ALLEGATIONS AS TO DEFENDANT BEHRING

50 – 55.     Denied.  The allegations in paragraphs 50 through 55 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to the paragraphs.  To the extent responses are required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50 through 55, and on that basis denies the allegations.

56.     Denied.  On March 2, 2006, in response to Behring's Partial Motion to Dismiss, Plaintiffs withdrew "their false claim allegation concerning Behring blood factor drugs" from the Complaint.  As a result, Behring need not respond to this paragraph to the extent it relates to any Behring blood factor drug.  To the extent a response is required, Behring denies the allegations in paragraph 56 of the Complaint.

57.     Denied.  On March 2, 2006, in response to Behring's Partial Motion to Dismiss, Plaintiffs withdrew "their false claim allegation concerning Behring blood factor drugs" from the Complaint.  As a result, Behring need not respond to this paragraph to the extent it relates to any Behring blood factor drug.  To the extent a response is required, Behring denies the allegations in paragraph 57 of the Complaint.

58.     Denied.  On March 2, 2006, in response to Behring's Partial Motion to Dismiss, Plaintiffs withdrew "their false claim allegation concerning Behring blood factor drugs" from the Complaint.  As a result, Behring need not respond to this paragraph to the extent it relates to any Behring blood factor drug.  To the extent a response is required, Behring denies the allegations in paragraph 58 of the Complaint.

59.     Denied.  On March 2, 2006, in response to Behring's Partial Motion to Dismiss, Plaintiffs withdrew "their false claim allegation concerning Behring blood factor drugs" from the Complaint.  As a result, Behring need not respond to this paragraph to the extent it relates to any Behring blood factor drug.  To the extent a response is required, Behring denies the allegations in paragraph 59 of the Complaint.

60 – 176.     Denied.  The allegations in paragraphs 60 through 176 of the Complaint are directed to parties other than Behring, and therefore, Behring need not respond to the paragraphs.  To the extent responses are required, Behring is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraphs 60 through 176, and on that basis denies the allegations.

## VII.

## CALIFORNIA LAW VIOLATED BY DEFENDANTS

177.   Denied.   The allegations in paragraph 177 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

178.   Denied.   The allegations in paragraph 178 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

179.   Denied.   The allegations in paragraph 179 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

180.   Denied.   To the extent paragraph 180 of the Complaint states legal conclusions, no response it required.   To the extent a response is required, Behring denies the allegations.

## FIRST CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS TO CALIFORNIA

**California Government Code section 12651, subdivision (a)(1)**

181.   Behring realleges and incorporates by reference its responses to paragraphs 1 through 180 of the Complaint.

182.    Denied.   The allegations in paragraph 182 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

183.    Denied.   The allegations in paragraph 183 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

## SECOND CAUSE OF ACTION

## CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA

### California Government Code section 12651, subdivision (a)(2)

184.    Behring realleges and incorporates by reference its responses to paragraphs 1 through 183 of the Complaint.

185.    Denied.   The allegations in paragraph 185 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

186.    Denied.   The allegations in paragraph 186 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Behring denies the allegations.

## THIRD CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, BENEFICIARIES OF INADVERTENT SUBMISSIONS OF FALSE CLAIMS TO CALIFORNIA, SUBSEQUENTLY DISCOVER THE FALSITY OF THE CLAIMS, AND FAIL TO DISCLOSE THE FALSE CLAIMS TO CALIFORNIA WITHIN REASONABLE TIME AFTER DISCOVERY OF THE FALSE CLAIMS

### California Government Code section 12651, subdivision (a)(8)

187 – 189.     The Court dismissed Count III in its Order dated March 22, 2007.

Accordingly, Behring is not required to respond to paragraphs 187 through 189 of the Complaint.

## FOURTH CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS; ILLEGAL REMUNERATION

### California Government Code section 12651, subdivision (a)(1)

190.     Behring realleges and incorporates by reference its responses to paragraphs 1 through 189 of the Complaint.

191.     Denied.  The allegations in paragraph 191 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

192.     Denied.  To the extent the allegations in paragraph 192 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 193 are directed to Behring, Behring denies the allegations.

193.     Denied.  To the extent the allegations in paragraph 193 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the

allegations.  To the extent the allegations in paragraph 193 are directed to Behring, Behring denies the allegations.

194.    Denied.  The allegations in paragraph 194 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

195.    Denied.  The allegations in paragraph 195 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

## FIFTH CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA; ILLEGAL REMUNERATION

### California Government Code section 12651, subdivision (a)(2)

196.    Behring realleges and incorporates by reference its responses to paragraphs 1 through 195 of the Complaint.

197.    The allegations in paragraph 197 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations.

198.    Denied.  To the extent the allegations in paragraph 198 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 198 are directed to Behring, Behring denies the allegations.

199.    Denied.  To the extent the allegations in paragraph 199 of the Complaint are directed to parties other than Behring, Behring is without knowledge or information

sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent the allegations in paragraph 199 are directed to Behring, Behring denies the allegations.

200. Denied. The allegations in paragraph 200 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Behring denies the allegations.

201. Denied. The allegations in paragraph 201 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Behring denies the allegations.

### UNNUMBERED "WHEREFORE" PARAGRAPHS AND REQUEST FOR JURY TRIAL

Behring denies Plaintiffs are entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" paragraphs following any paragraph in the Complaint including paragraph 202 which purports to request trial by jury.

Listed below, Behring has provided a list of defenses without assuming any burden of proof:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Behring upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

The State of California has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Behring as alleged in the Complaint.

**FOURTH DEFENSE**

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Behring based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United State Constitution and the analogous provisions of the Constitution of the State of California.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

**SEVENTH DEFENSE**

Any and all actions taken by Behring with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

**EIGHTH DEFENSE**

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employee Retirement Income Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act including all amendments to the same and all regulations promulgated thereunder.

**NINTH DEFENSE**

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

**TENTH DEFENSE**

Plaintiffs' claims are preempted by the Commerce Clause of the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiffs' claims against Behring are barred, in whole or in part, because Behring has complied with all applicable regulations of the federal and state governments.

**TWELFTH DEFENSE**

Plaintiffs' claims against Behring are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they violate Behring's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of California, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Behring's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

**FIFTEENTH DEFENSE**

Plaintiffs fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Behring contained in the Complaint.

**SIXTEENTH DEFENSE**

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiffs.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action brought by Plaintiffs is within the exclusive or, in the alternative, primary jurisdiction of the California Department of Health Services' Medicaid Program.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because Behring did not make, directly or indirectly, any false statements to the State of California.  As to any statement asserted against Behring that Plaintiffs allege to be false or misleading, Behring had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because Behring did not directly or indirectly engage in any conduct in violation of state or federal law.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek equitable relief against Behring, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

## TWENTY-FIRST DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3).

## TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims for injunctive relief against Behring are barred by the doctrines of in pari delicto and/or unclean hands.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims against Behring arise from the State of California's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FOURTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the State of California's own negligence or gross negligence.  Among other things, the claims disregard the State of California's obligations under federal law, and they ignore the State of California's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the State of California's citizens and taxpayers, the State of California's failings referenced herein, as well as other inappropriate conduct by the State of California.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or part, by the filed-rate doctrine.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, due to their failure to join indispensable parties.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because the State of California suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against Behring for damages are barred, in whole or in part, because:  (1) the State of California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recover of such persons and the allocation of any fault, if any exists, attributable to Behring; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for medicines manufactured, marketed and sold by Behring after the filing of the original complaint on July 28, 1998; and (4) Plaintiffs' claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### THIRTIETH DEFENSE

Behring is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### THIRTY-FIRST DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Behring.

### THIRTY-SECOND DEFENSE

Plaintiffs fail to allege facts or a cause of action against Behring sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

## THIRTY-THIRD DEFENSE

Plaintiffs' punitive damages claims against Behring:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Behring; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of California; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Behring for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Behring's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of California; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution and would be improper under the Constitution, common law and public policies of California; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Behring the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Behring's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of California.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages against Behring cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Behring; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective

standards, would violate Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of California.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages against Behring cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Behring's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Behring's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of California.

### THIRTY-SIXTH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because Behring's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because the State of California did not rely on Behring's conduct as alleged in the Complaint.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Behring and the Secretary of the

Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

## FORTIETH DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, by the federal False Claims Act, 31 U.S.C. §§ 3729-3733, because the federal government has commenced a "related" action against Behring entitled, United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., Case No. 06-CV-11337-PBS (D. Mass) (the "Federal Action"), and Plaintiffs' action is "based on the facts underlying" the Federal Action.

## FORTY-FIRST DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because Plaintiffs' enforcement of the California False Claims Act intentionally treats Behring differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States and California Constitutions.

## FORTY-SECOND DEFENSE

Plaintiffs' claims against Behring are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague as applied to Behring in violation of Behring's rights under the due process clauses of the United States and California Constitutions.

## FORTY-THIRD DEFENSE

Behring adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

## FORTY-FOURTH DEFENSE

Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

Dated: May 21, 2007                                   Respectfully submitted,


                                                      /s/  Aimée E. Bierman
                                                      Michael DeMarco (BBO #119960)
                                                        michael.demarco@klgates.com
                                                      Aimée E. Bierman (BBO #640385)
                                                        aimee.bierman@klgates.com
                                                      KIRKPATRICK & LOCKHART PRESTON
                                                      GATES ELLIS LLP
                                                      One Lincoln Street
                                                      Boston, MA 02111
                                                      (617) 261-3100
                                                      FAX: (617) 261-3175

                                                      Jonathan T. Rees
                                                      HOGAN & HARTSON L.L.P.
                                                      555 13th Street, NW
                                                      Washington D.C. 20004
                                                      (202) 637-5600
                                                      FAX:  (202) 637-5910

                                                      ATTORNEYS     FOR    DEFENDANT
                                                      AVENTIS  BEHRING  LLC, N/K/A ZLB
                                                      BEHRING LLC


## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                        /s/ Aimée E. Bierman
                                                        Aimée E. Bierman