# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | **MDL NO. 1456**<br>**Master File No. 01-12257-PBS**<br><br>**(Original Central District of California**<br>**No. 03-CV-2238)** |
| THIS DOCUMENTS RELATES TO:<br>State of California, *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., *et al.*<br>Case No. 1:03-cv-11226-PBS | **Judge Patti B. Saris** |

## BOEHRINGER INGELHEIM ROXANE, INC., f/k/a ROXANE LABORATORIES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT-IN-INTERVENTION

Defendant Boehringer Ingelheim Roxane, Inc. ("Roxane"), f/k/a Roxane Laboratories, Inc., answers the State of California's and Ven-A-Care of the Florida Keys, Inc.'s First Amended Complaint-in-Intervention as follows:

1.      Roxane admits that the Attorney General purports to bring this action for treble damages, civil penalties, and other relief under California law, but denies there exists any basis for doing so.  Roxane admits that Ven-A-Care purports to participate in this action as the Q*ui Tam* Plaintiff, but denies that there exists any basis for it to do so.  Roxane further denies that Ven-A-Care provided original information to the State of California.  To the extent the remaining allegations in paragraph 1 are directed at Roxane, Roxane denies them.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 that pertain to other defendants and, on that basis, denies them.

2.      Roxane admits that one of the purported plaintiffs in this action is the State of California, by and through the California Attorney General.  Roxane further admits that the

Medicaid program of the State of California ("Medi-Cal") is a joint state and federal program which pays for medical care, including prescription drug benefits, on behalf of qualified California residents, that reimbursement for prescription drugs under Medicaid programs is often made directly to providers, and that reimbursement was made for some Roxane products. Roxane specifically denies that it made "false, inflated and illegal representations of the cost of [its] drug products."  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, on that basis, denies them.

3.     Roxane admits that this action was originally filed by Ven-A-Care, the purported *Qui Tam* Plaintiff in this action.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, denies them.

4-7.   Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4-7 and, on that basis, denies them.

8.     Roxane admits that Boehringer Ingelheim Corporation ("BIC") is a Nevada corporation with its principal place of business in Ridgefield, Connecticut.  Roxane admits BIC is a United States subsidiary of Pharma Investment Limited ("Pharma"), that Pharma is a Canadian company located in Burlington, Canada, and that C.H. Boehringer Sohn Grundstucksverwaltung GmbH & Co. KG ("C.H. Boehringer") is a German corporation located in Ingelheim, Germany.  Roxane denies the remaining allegations that pertain to Pharma and C.H. Boehringer.  Roxane admits that BIC is the sole shareholder of subsidiary companies that manufacture, distribute, market, and/or sell prescription drugs, including Roxane, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), and Ben Venue Laboratories, Inc ("Ben Venue"). Roxane denies that BIC engages in the business of manufacturing, distributing, marketing and/or selling prescription drugs.  Roxane admits that BIPI has its primary place of business in

2

Ridgefield, Connecticut, but denies that BIPI is a Nevada corporation, and denies that any of

BIPI's products are alleged to be at issue in this case.  Roxane affirmatively avers that reference

to BIC and BIPI, two separate corporate entities, as "BOEHRINGER" is inappropriate and

improper.  Roxane admits that Ben Venue is a Delaware corporation with its principal place of

business in Bedford, Ohio, and that Ben Venue was founded in 1938.  Roxane further admits that

Ben Venue was acquired by BIC in 1997, but denies Ben Venue was acquired by BIPI.  Roxane

admits that Bedford Laboratories ("Bedford") is a division of Ben Venue that was created in or

about 1993.  Roxane admits that Ben Venue has, at times, sold and/or distributed its drugs to

purchasers within California and that Exhibit N identifies some Ben Venue drugs, but denies that

Exhibit N accurately represents the dosage and/or the NDC for every Ben Venue drug listed.

Roxane affirmatively avers that BIC, BIPI, and Ben Venue are separate corporations, that

Bedford is a division of Ben Venue, and that reference to BIC, BIPI, Ben Venue, and Bedford

collectively as "BEDFORD" is inappropriate and improper.  Roxane is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8

and, on that basis, denies them.

    9-17.  Roxane is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 9-17 and, on that basis, denies them.

    18.    For purposes of this Answer, Boehringer Ingelheim Roxane, Inc. refers to itself as

"Roxane."  Roxane admits it is a Delaware corporation engaged in the business of manufacturing

pharmaceuticals, with its principal place of business located in Columbus, Ohio.  Roxane states

that it was formerly known as Roxane Laboratories, Inc., and that in April 2005, it changed its

name from Roxane Laboratories, Inc. to Boehringer Ingelheim Roxane, Inc.  Roxane, admits that

it engaged in the business of selling pharmaceuticals until April 2005, but denies that it has

engaged in the business of selling pharmaceuticals since April 2005.  Roxane admits that before

April 2005, it had, from time to time, sold and/or distributed its drugs to purchasers within

California, but denies it has done so since April 2005.  Roxane further admits that Exhibit J

identifies some Roxane drugs, but denies that Exhibit J accurately represents the dosage and/or

the NDC for every Roxane drug listed.  Roxane admits that BIC is the sole shareholder of

Roxane, but denies that Roxane is a subsidiary of BIPI.  Roxane affirmatively avers that it is a

separate corporate entity, distinct from BIC, BIPI, and/or any of Roxane's other unidentified

affiliates and denies that any acts taken by Roxane "were performed by or [are] otherwise

attributable to" BIC, BIPI, and/or any of Roxane's other affiliates.  Roxane denies any remaining

allegations in paragraph 18.

      19-21.  Roxane is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 19-21 and, on that basis, denies them.

      22.    Roxane admits that before April 2005, it had, from time to time, sold prescription

drug products to purchasers within California and that Medi-Cal reimbursed providers for certain

Roxane products.  Roxane further admits that providers sometimes sell or dispense prescription

drugs to patients, that providers sometimes submit claims to Medicaid programs for

reimbursement for prescription drugs, and that reimbursements for prescription drugs under

Medicaid programs are often made directly to providers.  Roxane is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22

and, on that basis, denies them.

      23.    Roxane admits that Plaintiffs purport to invoke jurisdiction under the California

False Claims Act, California Government Code § 12652, but denies there exists any basis for

them to do so.  Roxane refers to California Government Code § 12652 for its content, but denies

any characterization thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis denies them.

24.    Roxane admits that before April 2005, it had, from time to time, sold its drugs directly or through others to purchasers within California, but denies it has done so since April 2005.  Roxane further admits it was aware that some of its drugs would be distributed to Medi-Cal beneficiaries, including to residents of Los Angeles County.  To the extent any remaining allegations in paragraph 24 are directed at Roxane, Roxane denies those allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 that pertain to other defendants and, on that basis, denies those allegations.

25.    Roxane admits that Ven-A-Care purportedly commenced this action pursuant to California Government Code § 12652, but denies that there was any basis for it to do so.  Roxane further admits that that Ven-A-Care purports to be the *Qui Tam* Plaintiff in this action, and that it purports to proceed as a co-plaintiff in this action, but Roxane denies that there is any basis for it to do so.  Roxane refers to California Government Code § 12652 for its content, but denies any characterization thereof.  Roxane denies any remaining allegations in paragraph 25.

26.    Roxane admits that California provides prescription drug coverage for certain brand name drugs and generic drugs as part of its Medi-Cal program, which pays for certain medical care on behalf of qualified California residents.  Roxane admits that providers, including pharmacies and physicians, sometimes dispense prescription drugs to patients, and that providers are sometimes reimbursed for such drugs under the Medi-Cal program.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, on that basis, denies them.

27.    To the extent that the allegations in paragraph 27 refer to the interpretation of statutes and regulations, these sources speak for themselves, and any characterization thereof is denied.  Roxane refers to California Code of Regulations Title 22 § 51513 *et seq*. for its content. Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and, on that basis, denies them.

28.    Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies them.

29.    Roxane denies it caused "pricing information reported to Medi-Cal to be false [or] misleading."  To the extent the remaining allegations in paragraph 29 are directed at Roxane, Roxane denies them.  Roxane is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 29 that pertain to Medi-Cal's reimbursement policies or to other defendants and, on that basis, denies them.

30.    Roxane admits that Plaintiffs have defined the term "market price" to refer to "[p]roviders' acquisition cost[]" and the term "spread" to refer to the "difference between a drug's market price and the drugs' CDP" for purposes of the Complaint.  Roxane denies any remaining allegations of paragraph 30.

31.    Roxane admits that CMS has established federal upper limits for certain multi-source drugs and that the Complaint adopts the terms "FUL" or "FAC," interchangeably, to refer to the federal upper limit.  To the extent the allegations in paragraph 31 refer to the interpretation of statutes and regulations, these sources speak for themselves, and Roxane denies any characterizations thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and, on that basis, denies them.

32.     Roxane admits that certain pharmaceutical industry compendia, including First DataBank, periodically publish certain pricing information for prescription drugs.  To the extent the allegations in paragraph 32 refer to the interpretation of statutes and regulations, these sources speak for themselves, and Roxane denies any characterizations thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and, on that basis, denies them.

33.     Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

34.     Roxane denies that it "control[s] the prices that are reported by FDB."  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and, on that basis, denies them.

35.     Roxane admits that First DataBank, periodically publishes certain pricing information for prescription drugs.  Roxane further admits that reimbursement for prescription drugs under Medicaid programs is often made directly to providers, including pharmacies and physicians.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, on that basis, denies them.

36.     Roxane denies the allegations in paragraph 36 as to itself.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 that pertain to other defendants or entities and, on that basis, denies them.

37.     Roxane admits that Plaintiffs purport to base this action on claims submitted to Medi-Cal for reimbursement for prescription drugs provided to Medi-Cal beneficiaries.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, on that basis, denies them.

38.    Roxane admits that, from time to time, it provided some pricing information to First DataBank, but denies that it did so "for the express purpose of causing [First DataBank] to report such prices to Medi-Cal."  Roxane denies that it provided pricing information "at least annually," and further denies any remaining allegations of paragraph 38 as to itself.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 that pertain to other defendants and, on that basis, denies them.

39.    Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies them.

40.    Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies them.

41.    To the extent the allegations in paragraph 41 refer to Exhibit L, Exhibit L speaks for itself, and Roxane denies any characterization thereof.  Roxane denies that the data recited underscores Plaintiffs' allegations of fraud.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and, on that basis, denies them.

42.    Roxane admits that the Complaint purports to focus on prescription drugs sold and/or distributed by some of the defendants in this case.  Roxane denies that it knowingly or otherwise, reported, or caused to be reported, false or inflated representations of prices.  Roxane further denies that it caused claims submitted by providers to Medi-Cal to be false, and denies that it caused Medi-Cal to pay excessive reimbursements to providers.  To the extent the remaining allegations in paragraph 42 are directed at Roxane, Roxane denies those allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 that pertain to other defendants and, on that basis, denies them.

43.     Roxane admits that Medi-Cal reimbursed some providers for certain of its products provided to Medi-Cal beneficiaries.  Roxane denies that the time period relevant to this action began on or before January 1994, denies that the time period relevant to this action continues through to the present time, denies that it reported false or excessive price or cost information for its products to First DataBank, denies that it caused Medi-Cal to make excessive or inflated reimbursements, and denies that the term "spread" has the meaning alleged in paragraph 43.  To the extent the remaining allegations in paragraph 43 pertain to Roxane, Roxane denies them. Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and, on that basis, denies them.

44.     Roxane denies the allegations in paragraph 44 as to itself.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, on that basis, denies them.

45.     Roxane admits that for some customers and some drugs, it has utilized "charge-backs."  To the extent the remaining allegations are directed at Roxane, Roxane denies them. Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and, on that basis, denies them.

46.     Roxane refers to the documents specified in paragraph 46 for their content, but denies any characterization thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies them.

47.     Roxane denies that it engaged in a "fraudulent scheme," denies it reaped illegal profits at the expense of California, and denies that it "directly contributed to Medi-Cal's soaring cost of providing prescription drugs for California's needy, poor, elderly and disabled."  Roxane

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and, on that basis, denies them.

48.   Roxane admits that the federal upper limit provided an upper limit on the pricing of certain drugs and that FULs were set based on reported prices.  To the extent that the allegations in paragraph 48 refer to the interpretation of statutes and regulations, these sources speak for themselves, and Roxane denies any characterization thereof.  Roxane denies that it reported false or inflated prices for its drugs, denies that FULs were "corrupted," and denies that it prevented California from gaining the full benefit of FULs.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and, on that basis, denies them.

49.   Roxane admits only that the Plaintiffs have attached to the Complaint certain exhibits purporting to contain pricing information, but denies any characterization thereof. Roxane denies that it "knowingly" or otherwise, reported, or caused to be reported, false or misleading price representations to Medi-Cal, First DataBank, or any other pharmaceutical industry compendia.  To the extent any remaining allegations are directed at Roxane, Roxane denies those allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and, on that basis, denies them.

50-64.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50-64 and, on that basis, denies them.

65.   Roxane admits that Plaintiffs have attached to the Complaint Exhibit N purporting to contain pricing information for some Ben Venue drugs, but denies any characterization thereof.  Roxane denies the remaining allegations in paragraph 65.

66.     Roxane admits that Ben Venue produced documents containing certain contract pricing information for some Ben Venue drugs in response to government subpoena.  Roxane states that the specified documents speak for themselves, and any characterization thereof is denied.  Roxane denies that the specified documents contain AWPs for Ben Venue's drugs and further denies that the documents "set[] forth spreads between AWPs and prices apparently offered to wholesalers, providers and other intermediaries."  Roxane further denies the remaining allegations in paragraph 66.

67.     Roxane denies that Ben Venue engaged in a "scheme to inflate [the] reported AWPs" of Ben Venue drugs and/or to market the "spread to increase the market share of [Ben Venue] drugs."  Roxane further denies that Ben Venue caused the State of California to make excessive reimbursements for Ben Venue drugs.  Roxane denies any remaining allegations in paragraph 67.

68.     Roxane denies the allegations in paragraph 68.

69.     Roxane denies the allegations in paragraph 69.

70-132.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70-132 and, on that basis, denies them.

133.    Roxane admits only that the Plaintiffs have attached to the Complaint Exhibit J purporting to contain pricing information for some Roxane drugs, but denies any characterization thereof.  Roxane denies the remaining allegations in paragraph 133.

134.    Roxane admits that it does not use a rigid formula for determining AWP and that it follows, as a rule of thumb, a practice common within the generic drug market of setting AWP at brand AWP less 10% at product launch.  Roxane is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 134 relating to an unidentified "questionnaire" and, on that basis, denies them.

135.   Roxane denies that it "has significant spreads on its drugs."  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and, on that basis, denies them.

136.   Roxane admits that it received a memorandum from a Roxane consultant on April 9, 1996, which made various recommendations regarding the launch and marketing of Ipratropium Bromide UDV to a specific market.  Roxane states that the referenced memorandum speaks for itself, and any characterization thereof is denied.  Roxane affirmatively avers that it did not accept or implement all of the representations and/or recommendations contained in the memorandum.  Roxane denies that it "marketed the spread in it's [sic] drug pricing in order to improve market share."  Roxane further denies any remaining allegation in paragraph 136.

137.   Roxane admits that it received documents authored by third parties indicating that lowest price and/or best spread between AWP and the contract price was one of multiple factors used by third parties to evaluate contract bids.  Roxane denies that it "was aware that its customers sought pricing based on false AWP prices."  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 and, on that basis, denies them.

138.   Roxane denies the allegations in paragraph 138.

139.   Roxane denies the allegations in paragraph 139.

140.   Roxane denies the allegations in paragraph 140.

141-176.   Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 141-176 and, on that basis, denies them.

177.   To the extent that the allegations in paragraph 177 and its subsections purport to recite laws or regulations and/or state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 177 and its subsections are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 that pertain to other defendants and, on that basis, denies them.

178.   To the extent that the allegations in paragraph 178 and its subsections purport to recite laws or regulations and/or state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12651 for its content, but Roxane denies any characterization thereof.  To the extent a response may be required, Roxane denies that it knowingly or otherwise, caused Medi-Cal to pay claims for its drugs in amounts excessive under the law.  To the extent the remaining allegations in paragraph 178 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 that pertain to other defendants and, on that basis, denies them.

179.   To the extent the allegations in paragraph 179 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 that pertain to other defendants and, on that basis, denies them.

180.   To the extent that the allegations in paragraph 180 purport to recite laws or regulations, no response is required.  Roxane refers to California Welfare and Institutions Code

§ 14107.2 for its content, but denies any characterization thereof.  To the extent a response may be required, Roxane denies that it knowingly or otherwise, violated California Welfare Institutions Code § 14107.2.  To the extent the remaining allegations in paragraph 180 are directed at Roxane, Roxane denies them.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 that pertain to other defendants and, on that basis, denies them.

## FIRST CAUSE OF ACTION

181.  Roxane repeats and incorporates by reference its responses to numbered paragraphs 1-180 above.

182.  To the extent that the allegations in paragraph 182 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response is required, and to the extent the allegations in paragraph 182 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 that pertain to other defendants and, on that basis, denies them.

183.  To the extent that the allegations in paragraph 183 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12651(a)(1) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 183 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 that pertain to other defendants and, on that basis, denies them.

14

## SECOND CAUSE OF ACTION

184.  Roxane repeats and incorporates by reference its responses to numbered paragraphs 1-183 above.

185.  To the extent that the allegations in paragraph 185 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12650(b)(2) for its content, but Roxane denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 185 are directed at Roxane, Roxane denies them.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 that pertain to other defendants and, on that basis, denies them.

186.  To the extent that the allegations in paragraph 186 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12651(a)(2) for its content, but Roxane denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 186 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 that pertain to other defendants and, on that basis, denies them.

## THIRD CAUSE OF ACTION

187-189.  The Court dismissed Count III in its Order dated March 22, 2007. Accordingly, Roxane is not required to respond to paragraphs 187-189.

## FOURTH CAUSE OF ACTION

190.  Roxane repeats and incorporates by reference its responses to numbered paragraphs 1-189 above.

191.  To the extent that the allegations in paragraph 191 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12650(b)(2) for its content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 191 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 that pertain to other defendants and, on that basis, denies them.

192.  To the extent the allegations in paragraph 192 are directed at Roxane, Roxane denies the allegations.  Roxane refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 that pertain to other defendants and, on that basis, denies them.

193.  To the extent allegations in paragraph 193 are directed at Roxane, Roxane denies the allegations.  Roxane refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 that pertain to other defendants and, on that basis, denies them.

194.  To the extent that the allegations in paragraph 194 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Codes §§ 12650(b)(2) and 12651(a)(1) and California Welfare and Institutions Code § 14107.2 for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the remaining allegations in paragraph 194 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 194 that pertain to other defendants and, on that basis, denies them.

195.  To the extent that the allegations in paragraph 195 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code §§ 12651(a) and 12651(a)(1) for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 195 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 that pertain to other defendants and, on that basis, denies them.

### FIFTH CAUSE OF ACTION

196.  Roxane repeats and incorporates by reference its responses to numbered paragraphs 1-195 above.

197.  To the extent that the allegations in paragraph 197 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Code § 12650(b)(2) and California Welfare and Institutions Code § 14107.2 for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 197 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 that pertain to other defendants and, on that basis, denies them.

198.  To the extent the allegations in paragraph 198 are directed at Roxane, Roxane denies the allegations.  Roxane refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Roxane is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 198 that pertain to other defendants and, on that basis, denies them.

199.  To the extent the allegations in paragraph 199 are directed at Roxane, Roxane denies the allegations.  Roxane refers to California Welfare and Institutions Code § 14107.2 for its content, but denies any characterization thereof.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 that pertain to other defendants and, on that basis, denies them.

200.  To the extent that the allegations in paragraph 200 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Codes §§ 12650(b)(2) and 12651(a)(2) and California Welfare and Institutions Code §  14107.2 for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the remaining allegations in paragraph 200 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 that pertain to other defendants and, on that basis, denies them.

201.  To the extent that the allegations in paragraph 201 state legal arguments and/or conclusions, no response is required.  Roxane refers to California Government Codes §§ 12651(a) and 12651(a)(2) for their content, but denies any characterization thereof.  To the extent a response may be required, and to the extent the allegations in paragraph 201 are directed at Roxane, Roxane denies the allegations.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 that pertain to other defendants and, on that basis, denies them.

## JURY DEMAND

202.  Roxane admits that Plaintiffs have requested trial by jury as to any issues so triable.

## PRAYER FOR RELIEF

1.      Roxane denies that Plaintiffs are entitled to a judgment, or any other relief, as requested in paragraph 1 of the Prayer for Relief and each of its subparts.

2.      Roxane denies that Ven-A-Care, the purported *Qui Tam* Plaintiff, is entitled to a judgment, or any other relief, as requested in paragraph 2 of the Prayer for Relief.

## ROXANE'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Roxane does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that the Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they violate Roxane's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, and the analogous provisions of the Constitution of the State of California, insofar as the Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FOURTH AFFIRMATIVE DEFENSE

Ven-A-Care has brought a separate action against Roxane under the federal False Claims Act in which the federal government has intervened entitled, *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Case No. 07-10248-PBS (D. Mass) (the "Federal Action").  The Federal Action is still pending and the Plaintiffs' action is related to, and is based on the same facts that underlie, the Federal Action. Accordingly, the Plaintiffs' claims against Roxane are barred, in whole or in part, by the federal False Claims Act, 31 U.S.C. §§ 3729-3733, and by the Supremacy Clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act, including all amendments to the same and all regulations promulgated thereunder.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Roxane for injunctive relief were mooted, in whole or in part, by the passage of the 2003 Medicare reform legislation.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Roxane in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

20

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint and the claims therein are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs have no standing or capacity to bring some or all of the claims raised in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs obtain recovery in any other case predicated on the same factual allegations, the Plaintiffs are barred from seeking recovery against Roxane based on the Complaint pursuant to doctrines of claim preclusion and issue preclusion, and the prohibition on double recovery for the same injury.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in  whole or in part, by the doctrine of contributory and/or comparative fault because the Plaintiffs' own actions or failures to act helped bring about any injuries sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Roxane are barred, in whole or in part, because the State of California failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the Plaintiffs' recovery and the allocation of fault, if any exists, attributable to Roxane.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Roxane are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for

pharmaceutical products manufactured, marked, and/or sold by Roxane after the filing of the

Ven-A-Care's original complaint in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs have

released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all of the Plaintiffs' claims are barred under the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the failure to exhaust applicable

administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Roxane are barred, in whole or in part, by the doctrines of

waiver, estoppel, and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs seek equitable relief against Roxane, the Plaintiffs are not

entitled to such relief because they have an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs' claims for equitable relief against Roxane are barred by the doctrines of *in

pari delicto* and/or unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any and all of the Plaintiffs' claims are barred under the state action doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Any and all of Roxane's overpayment of Medicaid rebates to the State of California reduces or eliminates the amount of damages alleged by the Plaintiffs.  All rebates paid by Roxane to the State of California should be taken into account in determining the amount of damages, if any, to which the Plaintiffs are entitled.

## <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

The claims in the Complaint, which seek the recovery of punitive damages, violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution on the following grounds:

(a)      it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      the procedures pursuant to which any punitive damages would be awarded fail to provide a reasonable limit on the amount of the award against Roxane, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)      the procedures pursuant to which any punitive damages would be awarded fail to provide specific standards for the amounts of the award of such punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      the procedures pursuant to which any punitive damages would be awarded result in the imposition of different penalties for the same or similar acts, and thus

violate the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution;

(e) the procedures pursuant to which any punitive damages would be awarded permit

the imposition of punitive damages in excess of the maximum criminal fine for

the same or similar conduct, which thereby infringes the Due Process Clause of

the Fifth and Fourteenth Amendments and the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution; and

(f) the procedures pursuant to which any punitive damages would be awarded permit

the imposition of excessive fines in violation of the Eighth Amendment of the

United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The recovery of punitive damages by the Plaintiffs in this action would violate provisions

of the Constitution of the State of California, including Article 1, sections §§ 1, 7, and 9, and the

common law and public policies of the State of California on the following grounds:

(a) it is impermissible to impose punitive damages, which are penal in nature, upon a

civil defendant upon the Plaintiffs satisfying a burden of proof less than the

"beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which any punitive damages would be awarded fail to

provide a reasonable limit on the amount of the award against Roxane;

(c) the procedures pursuant to which any punitive damages would be awarded fail to

provide specific standards for the amounts of the award of such punitive damages;

(d) the procedures pursuant to which any punitive damages would be awarded fail to

provide specific standards for the amount of the award of such punitive damages;

24

(e)     the award of punitive damages in this case would constitute a deprivation of

property without due process; and

(f)     the procedures pursuant to which any punitive damages would be awarded permit

the imposition of an excessive fine.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Roxane hereby adopts by reference any additional applicable defense pled by any other

defendant not otherwise pled herein.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Roxane reserves its right to assert additional defenses that are now or may become

available or appear during, or as a result of the discovery proceedings in this action, and reserves

the right to amend this Answer if necessary.

///

///

///

///

///

///

///

///

///

///

///

///

## **CONCLUSION**

WHEREFORE, Roxane, having answered the allegations of the Complaint, requests that this Court: (1) dismiss the Plaintiffs' Complaint with prejudice and enter judgment in favor of Roxane against the Plaintiffs; (2) award Roxane its costs and expenses; and (3) award Roxane such other and further relief as the court may deem just and proper.


Dated:  May 21, 2007                    Respectfully submitted,


                                        /s/ Brent Caslin
                                        Helen E. Witt, P.C. (*Pro Hac Vice*)
                                        KIRKLAND & ELLIS LLP
                                        200 E. Randolph Drive
                                        Chicago, Illinois  60601-6636
                                        Telephone: (312) 861-2000
                                        Facsimile:  (312) 861-2200

                                        Brent Caslin (*Pro Hac Vice*)
                                        KIRKLAND & ELLIS LLP
                                        777 South Figueroa Street
                                        Los Angeles, CA 90017
                                        Telephone:  (213) 680-8400
                                        Facsimile:   (213) 680-8500


                                        *Attorneys for Defendant Boehringer*
                                        *Ingelheim Roxane, Inc., f/k/a Roxane*
                                        *Laboratories, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Paragraph 11 of Case Management Order No. 2, the undersigned certifies that on May 21, 2007, a copy of Boehringer Ingelheim Roxane, Inc., f/k/a Roxane Laboratories, Inc.'s Answer to Plaintiffs' First Amended Complaint-in-Intervention was served on all counsel of record, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  May 21, 2007

/s/ Brent Caslin
Brent Caslin