# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | (Original Central District of California |
| ) | No. 03-CV-2238) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) | |
| Abbott Laboratories, Inc., *et al.* ) | **JURY TRIAL REQUESTED** |
| CASE #: 1:03-cv-11226-PBS ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF AVENTIS PHARMACEUTICALS INC. TO THE STATE OF CALIFORNIA'S FIRST AMENDED COMPLAINT IN INTERVENTION

Defendant Aventis Pharmaceuticals Inc. ("Aventis") hereby responds to the State of California and Ven-A-Care's First Amended Complaint-in-intervention (the "Complaint") as follows:

### Preface

The Complaint improperly and repetitively refers to Aventis and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Aventis or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Aventis in any meaningful sense of the allegations to the extent possible under the circumstances. In answering the Complaint, Aventis responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Aventis and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without

knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to meaningfully respond. Many of the allegations of the Complaint are vague or conclusory. The Complaint also includes terms which are undefined and which are susceptible of different meanings.

The Complaint contains purported quotations and prices from a number of sources, many of which are unidentified. If any of the quotations or prices originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Aventis reserves the right to assert such privileges, and hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Aventis specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise. Aventis further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole. Moreover, Aventis specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.

## INTRODUCTION AND OVERVIEW OF THE SCHEME

1.      Admitted in part; denied in part.  Aventis admits that Plaintiffs demand damages and other relief as alleged in paragraph 1 of the Complaint.  Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Aventis denies the remaining allegations in paragraph 1 of the Complaint.

## II.

## THE PARTIES

2.      Admitted in part; denied in part.  Aventis admits that the State of California is a Plaintiff in this action.  Aventis denies the allegations in the last sentence of paragraph 2 of the Complaint.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, therefore, denies those allegations.

3.      Admitted in part; denied in part.  The allegations in paragraph 3 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Aventis admits that Ven-A-Care originally filed this action under seal on July 28, 1998, but is without knowledge or information sufficient to form a belief as to when suit was filed against Aventis.  Aventis denies the allegations in the last sentence of paragraph 3 of the Complaint.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, denies those allegations.

4 – 12.    Denied.  The allegations in paragraphs 4 through 12 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to these paragraphs.  To the extent responses are required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 through 12, and on that basis denies the allegations.

13.    Admitted in part; denied in part.  Aventis admits that it was formed in December 1999, as a result of a merger between Hoechst Marion Roussel, Inc. ("HMR") and Rhone-Poulenc-Rorer Pharmaceuticals, Inc., and that HMR was a Delaware corporation with its principal offices in Missouri.  Aventis further admits that it is a Delaware corporation, headquartered in New Jersey.  Aventis admits that it has transacted business in California, including selling and distributing certain prescription drugs in California.  Aventis denies the remaining allegations in paragraph 13 of the Complaint.  Aventis further denies that Plaintiff has any viable claims against it or relating to any of its products.

14-21.    Denied.  The allegations in paragraphs 14 through 21 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to these paragraphs.  To the extent responses are required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 through 21, and on that basis denies the allegations.

22.    Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies the allegations.

**III.**

**JURISDICTION & VENUE**

23.      Admitted in part; denied in part.  Aventis admits this case was originally filed under seal on July 28, 1998, but is without knowledge or information sufficient to form a belief as to when suit was filed against Aventis.  The remainder of the allegations in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the remaining allegations.

24.      Admitted in part; denied in part.  To the extent the allegations in paragraph 24 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 24 are directed to Aventis, Aventis admits that it has transacted business in California, including selling certain of its drugs in California.  Aventis further admits that it knew that some of its drugs may be utilized by Medi-Cal recipients.  Aventis denies the remaining allegations in paragraph 24 of the Complaint.

25.      Denied.  The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

**IV.**

**BACKGROUND OF HOW PRESCRIPTION DRUG CLAIMS ARE PAID
UNDER MEDI-CAL**

**A.      HOW THE SYSTEM WORKS IN CALIFORNIA**

26.      Denied.  The allegations in paragraph 26 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the

extent a response is required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

27.     To the extent the allegations in paragraph 27 of the Complaint state legal conclusions, no response is required.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the allegations.

28.     Denied.  The allegations in paragraph 28 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to this paragraph.  To the extent a response is required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies the allegations.

29.     Denied.  The allegations in paragraph 29 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to this paragraph.  To the extent a response is required, the last sentence in paragraph 29 of the Complaint states a legal conclusion to which no response is required.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and, therefore, denies the allegations.

30.     Denied.   The allegations in paragraph 30 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

31.     Denied.  To the extent the allegations in paragraph 31 of the Complaint state legal conclusions, no response is required.  The remaining allegations in paragraph 31 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Aventis is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

32.     Admitted in part; denied in part.  Aventis admits that, in certain instances, price reporting services, such as First DataBank, may publish AWP, DP and FUL.  To the extent the allegations in paragraph 32 of the Complaint state legal conclusions, no response is required.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the allegations.

33.     Admitted in part; denied in part.  Aventis admits that, in certain instances, it has provided some pricing information to FDB.  Aventis denies that all pricing information published by FDB relating to Aventis's drugs was provided to FDB by Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Denied.  To the extent the allegations in paragraph 34 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  Aventis states that the Dey complaint cited in paragraph 34 of the Complaint establishes its contents.  Aventis denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the Dey Complaint or that such are applicable to Aventis.  Aventis denies the remaining allegations in paragraph 34 of the Complaint.

35.     Admitted in part; denied in part.  Aventis admits that FDB published certain pricing information, among other information, for prescription medicines sold in this country.  Aventis further admits that, in certain instances, it has provided some pricing information to FDB.  Aventis denies that all pricing information published by FDB relating to

Aventis's drugs was provided to FDB by Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     Denied.  To the extent the allegations in paragraph 36 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 36 are directed to Aventis, Aventis denies the allegations.

37.     Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and on that basis denies the allegations.

38.     Denied.  To the extent the allegations in paragraph 38 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 38 are directed to Aventis, Aventis denies the allegations.

39.     Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, therefore, denies the allegations.

40.     Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Denied.  Aventis states that the documents cited in paragraph 41 of the Complaint establish their contents.  Aventis denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are

applicable to Aventis.   Aventis denies the remaining allegations in paragraph 41 of the Complaint.

42.   Denied.  To the extent the allegations in paragraph 42 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.   To the extent the allegations in paragraph 42 are directed to Aventis, Aventis denies the allegations.

**V.**

**SUMMARY OF DEFENDANTS' FRAUDULENT SCHEME**

43.   Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 43.  To the extent the remaining allegations in paragraph 43 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.   To the extent the remaining allegations in paragraph 43 are directed to Aventis, Aventis denies the allegations.

44.   Denied.  To the extent the allegations in paragraph 44 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.   To the extent the allegations in paragraph 44 are directed to Aventis, Aventis denies the allegations.

45.   Admitted in part; denied in part.  To the extent the allegations in paragraph 45 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations are directed to Aventis, Aventis admits that at times

it offers certain discounts and rebates to certain customers on certain products.  Aventis denies the remaining allegations in paragraph 45 of the Complaint.

46.     Denied.  The allegations in paragraph 46 are directed to parties other than Aventis, and therefore Aventis need not respond.  To the extent a response is required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the allegations.  Aventis denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark or that such are applicable to Aventis.

47.     Denied.  To the extent the allegations in paragraph 47 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 47 are directed to Aventis, Aventis denies the first sentence in paragraph 47 of the Complaint.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint and, therefore, denies those allegations.

48.     Denied.  To the extent the allegations in paragraph 48 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 48 are directed to Aventis, Aventis denies the allegations.

## VI.

## THE ACTIONABLE CONDUCT OF DEFENDANTS

49.     Admitted in part; denied in part.   Aventis admits that the following numbered Sections purport to contain specific allegations about individual Defendants.  Aventis denies the remaining allegations in paragraph 49 of the Complaint.

### A.     SPECIFIC ALLEGATIONS AS TO DEFENDANT AVENTIS

50 – 99.     Denied.  The allegations in paragraphs 50 through 99 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to the paragraphs. To the extent responses are required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50 through 99, and on that basis denies the allegations.

100.     Denied.

101.     Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint relating to an unidentified document purportedly prepared by Hoechst or Aventis and, therefore, denies those allegations.   Aventis denies the remaining allegations contained in paragraph 101 of the Complaint.

102.     Denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint relating to an unidentified document purportedly prepared by Hoechst or Aventis and, therefore, denies those allegations.   Aventis denies the remaining allegations contained in paragraph 102 of the Complaint.

103.     Denied.

104.     Denied.

105 – 176.    Denied.  The allegations in paragraphs 105 through 176 of the Complaint are directed to parties other than Aventis, and therefore, Aventis need not respond to the paragraphs.  To the extent responses are required, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 105 through 176, and on that basis denies the allegations.

## VII.

## CALIFORNIA LAW VIOLATED BY DEFENDANTS

177.    Denied.  The allegations in paragraph 177 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

178.    Denied.  The allegations in paragraph 178 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

179.    Denied.  The allegations in paragraph 179 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

180.    Denied.   To the extent paragraph 180 of the Complaint states legal conclusions, no response it required.  To the extent a response is required, Aventis denies the allegations.

## FIRST CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION
### OF FALSE CLAIMS TO CALIFORNIA

**California Government Code section 12651, subdivision (a)(1)**

181.    Aventis realleges and incorporates by reference its responses to paragraphs 1 through 180 of the Complaint.

182.    Denied.  The allegations in paragraph 182 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

183.    Denied.  The allegations in paragraph 183 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

## SECOND CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR
### STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR
### APPROVED BY CALIFORNIA

**California Government Code section 12651, subdivision (a)(2)**

184.    Aventis realleges and incorporates by reference its responses to paragraphs 1 through 183 of the Complaint.

185.    Denied.  The allegations in paragraph 185 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

186.    Denied.  The allegations in paragraph 186 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

## THIRD CAUSE OF ACTION

**CALIFORNIA FALSE CLAIMS ACT, BENEFICIARIES OF INADVERTENT SUBMISSIONS OF FALSE CLAIMS TO CALIFORNIA, SUBSEQUENTLY DISCOVER THE FALSITY OF THE CLAIMS, AND FAIL TO DISCLOSE THE FALSE CLAIMS TO CALIFORNIA WITHIN REASONABLE TIME AFTER DISCOVERY OF THE FALSE CLAIMS**

**California Government Code section 12651, subdivision (a)(8)**

187 – 189.    The Court dismissed Count III in its Order dated March 22, 2007.

Accordingly, Aventis is not required to respond to paragraphs 187 through 189 of the Complaint.

## FOURTH CAUSE OF ACTION

**CALIFORNIA FALSE CLAIMS ACT, CAUSING PRESENTATION OF FALSE CLAIMS; ILLEGAL REMUNERATION**

**California Government Code section 12651, subdivision (a)(1)**

190.    Aventis realleges and incorporates by reference its responses to paragraphs 1 through 189 of the Complaint.

191.    Denied.  The allegations in paragraph 191 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations.

192.    Denied.  To the extent the allegations in paragraph 192 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 192 are directed to Aventis, Aventis denies the allegations.

193.    Denied.  To the extent the allegations in paragraph 193 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations in paragraph 193 are directed to Aventis, Aventis denies the allegations.

194.     Denied.   The allegations in paragraph 194 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Aventis denies the allegations.

195.     Denied.   The allegations in paragraph 195 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Aventis denies the allegations.

## FIFTH CAUSE OF ACTION

### CALIFORNIA FALSE CLAIMS ACT, CAUSING FALSE RECORDS OR STATEMENTS TO BE MADE OR USED TO GET FALSE CLAIMS PAID OR APPROVED BY CALIFORNIA; ILLEGAL REMUNERATION

### California Government Code section 12651, subdivision (a)(2)

196.     Aventis realleges and incorporates by reference its responses to paragraphs 1 through 195 of the Complaint.

197.     The allegations in paragraph 197 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Aventis denies the allegations.

198.     Denied.   To the extent the allegations in paragraph 198 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.   To the extent the allegations in paragraph 198 are directed to Aventis, Aventis denies the allegations.

199.     Denied.   To the extent the allegations in paragraph 199 of the Complaint are directed to parties other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.   To the extent the allegations in paragraph 199 are directed to Aventis, Aventis denies the allegations.

200.    Denied.   The allegations in paragraph 200 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Aventis denies the allegations.

201.    Denied.   The allegations in paragraph 201 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, Aventis denies the allegations.

### UNNUMBERED "WHEREFORE" PARAGRAPHS AND REQUEST FOR JURY TRIAL

Aventis denies Plaintiffs are entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" paragraphs following any paragraph in the Complaint including paragraph 202 which purports to request trial by jury.

Listed below, Aventis has provided a list of defenses without assuming any burden of proof:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Aventis upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

The State of California has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Aventis as alleged in the Complaint.

### FOURTH DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Aventis based on the

Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United State Constitution and the analogous provisions of the Constitution of the State of California.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### SEVENTH DEFENSE

Any and all actions taken by Aventis with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### EIGHTH DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employee Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Federal Anti-Kickback Act including all amendments to the same and all regulations promulgated thereunder.

### NINTH DEFENSE

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TENTH DEFENSE

Plaintiffs' claims are preempted by the Commerce Clause of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because Aventis has complied with all applicable regulations of the federal and state governments.

## TWELFTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate Aventis's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of California, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Aventis's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## FIFTEENTH DEFENSE

Plaintiffs fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Aventis contained in the Complaint.

## SIXTEENTH DEFENSE

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiffs.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action

brought by Plaintiffs is within the exclusive or, in the alternative, primary jurisdiction of the California Department of Health Services' Medicaid Program.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because Aventis did not make, directly or indirectly, any false statements to the State of California.  As to any statement asserted against Aventis that Plaintiffs allege to be false or misleading, Aventis had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because Aventis did not directly or indirectly engage in any conduct in violation of state or federal law.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek equitable relief against Aventis, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

## TWENTY-FIRST DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3).

## TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims for injunctive relief against Aventis are barred by the doctrines of in pari delicto and/or unclean hands.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims against Aventis arise from the State of California's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FOURTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the State of California's own negligence or gross negligence. Among other things, the claims disregard the State of California's obligations under federal law, and they ignore the State of California's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the State of California's citizens and taxpayers, the State of California's failings referenced herein, as well as other inappropriate conduct by the State of California.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or part, by the filed-rate doctrine.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, due to their failure to join indispensable parties.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because the State of California suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against Aventis for damages are barred, in whole or in part, because: (1) the State of California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recover of such persons and the allocation of any fault, if any exists, attributable to Aventis; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the State of California has received and paid for medicines manufactured, marketed and sold by Aventis after the filing of the original complaint on July 28, 1998; and (4) Plaintiffs' claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## THIRTIETH DEFENSE

Aventis is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

## THIRTY-FIRST DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Aventis.

## THIRTY-SECOND DEFENSE

Plaintiffs fail to allege facts or a cause of action against Aventis sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

## THIRTY-THIRD DEFENSE

Plaintiffs' punitive damages claims against Aventis:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Aventis; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Aventis prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Aventis's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Aventis's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of California; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Aventis for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Aventis's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Aventis's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of California; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Aventis's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution and would be improper under the Constitution, common law and public policies of California; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Aventis the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Aventis's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of California.

<u>**THIRTY-FOURTH DEFENSE**</u>

Plaintiffs' claim for punitive damages against Aventis cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Aventis; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective

standards, would violate Aventis's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of California.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages against Aventis cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Aventis's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Aventis's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of California.

### THIRTY-SIXTH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because Aventis's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because the State of California did not rely on Aventis's conduct as alleged in the Complaint.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Aventis and the Secretary of the

Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

## FORTIETH DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, by the federal False Claims Act, 31 U.S.C. §§ 3729-3733, because the federal government has commenced a "related" action against Aventis entitled, United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., Case No. 06-CV-11337-PBS (D. Mass) (the "Federal Action"), and Plaintiffs' action is "based on the facts underlying" the Federal Action.

## FORTY-FIRST DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because Plaintiffs' enforcement of the California False Claims Act intentionally treats Aventis differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States and California Constitutions.

## FORTY-SECOND DEFENSE

Plaintiffs' claims against Aventis are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague as applied to Aventis in violation of Aventis's rights under the due process clauses of the United States and California Constitutions.

## FORTY-THIRD DEFENSE

Aventis adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

## FORTY-FOURTH DEFENSE

Aventis hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

Dated: May 21, 2007

By: /s/ Michael L. Koon

Michael L. Koon, Esq.
Joseph G. Matye, Esq.
Admitted *pro hac vice*
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547

Michael DeMarco (BBO# 119960)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175

Counsel for Defendant Aventis
Pharmaceuticals Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I caused a true and correct copy of ANSWER AND AFFIRMATIVE DEFENSES OF AVENTIS PHARMACEUTICALS INC. TO THE STATE OF CALIFORNIA'S FIRST AMENDED COMPLAINT IN INTERVENTION to be served on all counsel of record by electronic service, in accordance with Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Michael L. Koon