# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br>**Master File No. 01-CV-12257-PBS** |
| **THIS DOCUMENT RELATES TO:** | **(Original Central District of California No. 03-CV-2238)** |
| *State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*<br>CASE # 1:03-cv-11226-PBS | **Hon. Patti B. Saris**<br>**JURY TRIAL REQUESTED** |

### DEY, L.P. AND DEY, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT IN INTERVENTION

Defendants Dey, L.P. and Dey, Inc. (collectively, "Dey") by and through their attorneys Kelley Drye & Warren LLP, hereby answer the First Amended Complaint in Intervention for Money Damages and Civil Penalties for Violations of the California False Claims Act ("Complaint") of the State of California and Ven-A-Care of the Florida Keys, Inc. (hereafter, "Plaintiffs") as follows:

Dey denies any and all allegations contained in headings, unnumbered Paragraphs, or "Wherefore" clauses in the Complaint.

1.      Dey denies the allegations in Paragraph 1 of the Complaint insofar as they pertain to Dey, except admits that the Attorney General purports to bring this action as alleged in Paragraph 1. Dey denies that Plaintiff has any basis to bring this lawsuit or that Plaintiff is entitled to any damages or other form of relief from Dey. To the extent the allegations in Paragraph 1 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief

as to the truth of the allegations, and therefore denies those allegations.  Dey denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Dey denies the allegations in the last sentence of Paragraph 2 of the Complaint.  Dey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore, denies those allegations.

3.      Dey denies the allegations in the last sentence of Paragraph 3 of the Complaint.  Dey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4-9.    The allegations in Paragraphs 4 through 9 of the Complaint are directed to other defendants and require no response from Dey.  To the extent a response is required, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 4 through 9 of the Complaint, and therefore, denies those allegations.

10.     Dey denies the allegations in Paragraph 10 of the Complaint, except admits that Dey L.P. is a limited partnership organized under the laws of Delaware with its principal place of business in Napa, California, and that it engages in the business of manufacturing and selling pharmaceuticals.  Dey further admits that Dey, Inc. is the general partner of Dey, L.P.  Dey admits that EMD, Inc. is a corporation with headquarters in Durham, North Carolina and that it is the sols shareholder of Dey, Inc.  Dey admits that in 1991, Merck KGaA acquired a majority interest in Lipha S.A., know known as Merck S.A.  Dey admits that Merck KGaA is a German company based in Darmstadt, Germany.  Dey states that Plaintiff filed a notice of voluntary dismissal of EMD, Inc. on December 20, 2005, a notice of voluntary

dismissal of Merck KGaA on March 1, 2007, and a notice of voluntary dismissal of Lipha, S.A. on March 1, 2007.  EMD, Inc., Merck KGaA, and Lipha, S.A. are no longer defendants in this action.  Dey admits that it has transacted business in California, including selling certain of its drugs to customers in California.  Dey denies the remaining allegations in Paragraph 10.

11-21.    The allegations in Paragraphs 11 through 21 of the Complaint are directed to other defendants and require no response from Dey.  To the extent a response is required, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 11 through 21 of the Complaint, and therefore, denies those allegations.

22.    Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22 of the Complaint, and therefore, denies those allegations.

23.    Dey denies the allegations in the first sentence of Paragraph 23 of the Complaint.  Dey is without knowledge of information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 23 of the Complaint.

24.    Dey admits that it has transacted business in California, including selling certain of its drugs to customers in California.  Dey denies the remaining allegations in Paragraph 24 of the Complaint.

25.    The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 25 of the Complaint.

26.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore, denies those allegations.

27.     To the extent the allegations in Paragraph 27 of the Complaint state legal conclusions, no response is required.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore, denies those allegations.

28.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore, denies those allegations.

29.     Dey denies the allegations in the last sentence of Paragraph 29 of the Complaint insofar as they purport to pertain to Dey.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore, denies those allegations.

30.     The allegations in Paragraph 30 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Dey denies the allegations.

31.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore, denies those allegations.

32.     To the extent the allegations in Paragraph 32 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore, denies those allegations, except Dey admits that, in certain instances, price reporting services, such as First DataBank, may publish AWP, DP and FUL.

33.     Dey admits that, in certain instances, it has provided some pricing information to First DataBank.  Dey denies that all pricing information published by First DataBank relating to Dey drugs was provided to First DataBank by Dey.  Dey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Dey refers to Court to the "complaint" described in Paragraph 34 of the Complaint as the best evidence of its contents and denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in that complaint.  Dey denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Dey admits that First DataBank published certain pricing information, among other information, for prescription medicines sold in this country.  Dey further admits that, in certain instances, Dey has provided some pricing information to First DataBank.  Dey denies that all pricing information published by First DataBank relating to Dey drugs was provided to First DataBank by Dey.  Dey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Dey denies the allegations in Paragraph 36 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 36 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

37.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore, denies those allegations.

38.     Dey denies the allegations in Paragraph 38 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 38 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

39.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore, denies those allegations.

40.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore, denies those allegations.

41.     To the extent any allegations in Paragraph 41 of the Complaint are applicable to Dey, Dey denies those allegations.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint, and therefore, denies those allegations.  Dey respectfully refers the Court to the referenced survey, "A Survey of Acquisition Costs of Pharmaceuticals in the State of California," for the best evidence of its contents.

42.     Dey denies the allegations in Paragraph 42 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 42 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

43.      Dey admits that Plaintiffs purport to set forth a relevant time period in the first sentence of Paragraph 43 of the Complaint; but, Dey states that Plaintiffs make legal conclusions to which no response is required, and, to the extent that a response is required, Dey denies that this time period is relevant.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 43 of the Complaint, and therefore, denies those allegations.  Dey denies the remaining allegations in Paragraph 43 insofar as they pertain to Dey.  To the extent the remaining allegations in Paragraph 43 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

44.      Dey denies the allegations in Paragraph 44 insofar as they pertain to Dey. To the extent the allegations in Paragraph 44 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

45.      Dey denies the allegations in Paragraph 45 of the Complaint except admits that at times it offered lawful discounts, rebates and other price reductions to certain customers on certain products, which are not necessarily reflected in all Dey's reported prices.

46.      Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore, denies those

allegations.  Dey respectfully refers the Court to the referenced documents for the best evidence of their contents.

47.     Dey denies the allegations in the first sentence of Paragraph 47 insofar as they pertain to Dey.  To the extent the allegations in the first sentence of Paragraph 47 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained Paragraph 47 of the Complaint, and therefore, denies those allegations.

48.     Dey denies the allegations in Paragraph 48 of the Complaint insofar as they pertain to Dey or Dey's drugs.  To the extent the remaining allegations in Paragraph 48 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

49.     Dey denies the allegations in Paragraph 49 insofar as they pertain to Dey, except admits that the Sections of the Complaint purport to contain specific allegations about individual Defendants.  To the extent the allegations in Paragraph 49 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

50-79.     The allegations in Paragraphs 50 through 79 of the Complaint are directed to other defendants and require no response from Dey.  To the extent a response is required, Dey

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 50 through 79 of the Complaint, and therefore, denies those allegations.

80.     Dey admits that Exhibit C purports to include information regarding drug products' names and corresponding NDCs, as well as certain reimbursement and pricing information, but otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies those allegations.

82.     Dey denies the allegations in Paragraph 82 of the Complaint and refers the Court to the memoranda referred to in Paragraph 82 of the Complaint for the best evidence of their contents.  Dey admits that Dey discussed its products and that its salespersons discussed the effect of discounts on reimbursement.

83.     Dey denies the allegations in the first and second sentences of Paragraph 83 of the Complaint except admits that Helen Burnham purportedly authored a memorandum on May 30, 1995.  Dey respectfully refers the Court to the May 30, 1995 memorandum for the best evidence of its contents.  Dey denies that the contents of the May 30, 1995 memorandum are accurate.  Dey denies the allegations in the third sentence of Paragraph 83 of the Complaint and respectfully refers the Court to the testimony of Helen Burnham to which this paragraph refers.

84.     Dey denies the allegations in the first sentence of Paragraph 84 of the Complaint and respectfully refers the Court to the testimony of Robert P. Mozak to which this paragraph refers.  Dey denies the allegations in the second sentence of Paragraph 84 of the Complaint.

85.     Dey denies the allegations in Paragraph 85 of the Complaint and respectfully refers the Court to the testimony of Rob Ellis to which this paragraph refers.

86.     Dey denies the allegations in Paragraph 86 of the Complaint and respectfully refers the Court to the testimony of Ross Uhl to which this paragraph refers.

87.     Dey denies the allegations in Paragraph 87 of the Complaint but admits that a letter dated January 13, 1996 was sent to First DataBank regarding Ipratropium Bromide. Dey states that the date on the letter is a typographical error and that the date should have been January 13, 1997.

88.     Dey denies the allegations in Paragraph 88 of the Complaint.

89.     Dey denies the allegations in Paragraph 89 of the Complaint.

90-176.   The allegations in Paragraphs 90 through 176 of the Complaint are directed to other defendants and require no response from Dey.  To the extent a response is required, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 90 through 176 of the Complaint, and therefore, denies those allegations.

177.    To the extent the allegations in Paragraph 177 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 177 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 177 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

178.    To the extent the allegations in Paragraph 178 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the

allegations in Paragraph 178 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 178 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

179.    To the extent the allegations in Paragraph 179 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 179 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 179 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

180.    To the extent the allegations in Paragraph 180 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 180 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 180 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

181.    Answering Paragraph 181 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 180 of the Complaint.

182.    To the extent the allegations in Paragraph 182 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 182 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 182 of the Complaint refer to the knowledge, conduct, or actions of persons, entities,

or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

183.    To the extent the allegations in Paragraph 183 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 183 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 183 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

184.    Answering Paragraph 184 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 183 of the Complaint.

185.    To the extent the allegations in Paragraph 185 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 185 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 185 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

186.    To the extent the allegations in Paragraph 186 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 186 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 186 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

187-189.    The Court dismissed Count III in its Order dated March 22, 2007. Accordingly, Dey is not required to respond to Paragraphs 187 through 189 of the Complaint.

190.    Answering Paragraph 190 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 190 of the Complaint.

191.    To the extent the allegations in Paragraph 191 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 191 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 191 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

192.    To the extent the allegations in Paragraph 192 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 192 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 192 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

193.    To the extent the allegations in Paragraph 193 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 193 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 193 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

194.     To the extent the allegations in Paragraph 194 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 194 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 194 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

195.     To the extent the allegations in Paragraph 195 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 195 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 195 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

196.     Answering Paragraph 196 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 196 of the Complaint.

197.     To the extent the allegations in Paragraph 197 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 197 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 197 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

198.     To the extent the allegations in Paragraph 198 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the

allegations in Paragraph 198 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 198 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

199.    To the extent the allegations in Paragraph 199 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 199 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 199 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

200.    To the extent the allegations in Paragraph 200 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 200 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 200 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

201.    To the extent the allegations in Paragraph 201 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations Paragraph 201 insofar as they pertain to Dey.  To the extent the allegations in Paragraph 201 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

202.    Dey admits that Plaintiffs purport to request a trial by jury in Paragraph 202 of the Complaint.

"WHEREFORE" Paragraphs.       Dey denies Plaintiff the State of California is entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" Paragraphs.

Listed below, Dey has provided a list of defenses without assuming any burden of proof:

## DEFENSES

### First Defense

Plaintiffs fail to state a claim against Dey upon which relief may be granted.

### Second Defense

Some or all of Plaintiffs' claims against Dey are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

The State of California has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Dey as alleged in the Complaint.

### Fourth Defense

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Dey based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## Fifth Defense

Plaintiffs' claims against Dey are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the California State Constitution.

## Sixth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## Seventh Defense

Any and all actions taken by Dey with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Eighth Defense

Plaintiffs' state law claims against Dey are preempted, in whole or in part, by federal law, including without limitation the Federal Employee Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, and the Federal Anti-Kickback Act including all amendments to the same and all regulations promulgated thereunder.

## Ninth Defense

Plaintiffs' claims against Dey are preempted by the dormant Commerce Clause of the United States Constitution.

## Tenth Defense

Plaintiffs' claims against Dey are preempted by the Commerce Clause of the United States Constitution.

## Eleventh Defense

Plaintiffs' claims against Dey are barred because Dey has complied with all applicable regulations of the federal and state governments.

## Twelfth Defense

Plaintiffs' claims against Dey are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

## Thirteenth Defense

Plaintiffs' claims against Dey are barred, in whole or in part, because they violate Dey's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the California State Constitution, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Dey's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss.

## Fifteenth Defense

Plaintiffs fail to state with particularity facts to support the fraud allegations against Dey contained in the Complaint.

## Sixteenth Defense

Plaintiffs fail to plead with particularity the fraudulent concealment allegations and multiple-source drug allegations against Dey in the Complaint.

## Seventeenth Defense

Plaintiffs' claims against Dey are barred, in whole or in part, because Dey did not make any false statements to the State of California or to any of the citizens for whom the

Plaintiffs are seeking relief.  As to any statement asserted against Dey that Plaintiffs allege to be false or misleading, Dey had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Eighteenth Defense

Plaintiffs' claims against Dey are barred because Dey did not directly or indirectly engage in any conduct in violation of state or federal law.  All of Dey's acts and/or omissions were justified, fair, lawful, and/or not fraudulent.

### Nineteenth Defense

To the extent that Plaintiffs seek equitable relief against Dey, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of mistake and mutual mistake.

### Twenty-First Defense

To the extent that Plaintiffs seek injunctive relief against Dey, such relief is barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Second Defense

Plaintiffs' claims are barred to the extent that the claims involve drugs reimbursed or paid for without reference to AWP or WAC.

### Twenty-Third Defense

Plaintiffs' claims against Dey are barred, in whole or on part, due to their failure to join indispensable parties.

### Twenty-Fourth Defense

Plaintiffs' claims against Dey are barred, in whole or on part, because the State of California suffered no damages as a result of the matters alleged in the Complaint.

### Twenty-Fifth Defense

Plaintiffs' claims against Dey are barred, in whole or on part, because any injuries sustained by the State of California were the result of its own conduct or the intervening or superseding conduct of third parties.

### Twenty-Sixth Defense

Plaintiffs' claims against Dey for damages are barred, in whole or in part, because: (1) California failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Dey; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that California has received and paid for drugs produced, marketed and sold by Dey after the filing of Plaintiffs' Complaint; and (4) Plaintiffs' claims are speculative and remote because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Seventh Defense

Dey is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Eighth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Dey.

## Twenty-Ninth Defense

Plaintiffs fail to allege facts or a cause of action against Dey sufficient to support a claim for attorneys' fees or treble damages.

## Thirtieth Defense

Plaintiffs' punitive damages claims against Dey:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim against Dey for punitive damages; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Dey prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Dey's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the California State Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Dey for punitive damages arising from the distribution, supply, marketing, sale, or use of Dey's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of California; (6) cannot be sustained because any award of punitive damages without the apportionment of the award

separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of California; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Dey the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Dey's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of California.

### Thirty-First Defense

Plaintiffs' claim for punitive damages against Dey cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Dey, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes

punitive damages permissible, (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of California.

### Thirty-Second Defense

Plaintiffs' claim for punitive damages against Dey cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed:  (1) would violate Dey's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) would violate Dey's right not to be subjected to an excessive award; (3) would be improper under the constitutions, common law and public policies of California.

### Thirty-Third Defense

The granting of relief prayed for in Plaintiffs' Complaint is unconstitutional under the United States Constitution and Constitution of the State of California in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

### Thirty-Fourth Defense

The granting of the relief prayed for in Plaintiffs' Complaint is unconstitutional in that it would violate Dey's right of commercial speech under the United States Constitution and Constitution of the State of California.

### Thirty-Fifth Defense

Plaintiffs' Complaint and each purported cause of action set forth against Dey are barred because Plaintiffs lack standing or capacity to bring some or all of the claims raised in this suit.

### Thirty-Sixth Defense

Plaintiffs' claims are time-barred by the applicable statute of limitations in whole or in part, including but not limited to the limitations set forth in Cal. Gov't Code § 12654.

### Thirty-Seventh Defense

Dey alleges, in the alternative and without admitting any liability whatsoever, and without admitting that the State of California has suffered or will suffer any loss, damage, or injury whatsoever, that if such persons have suffered, or will in the future suffer, any loss, damage or injury, as alleged in Plaintiffs' Complaint or otherwise, the same is in the direct and proximate result, either entirely or partly, of the acts of third parties, and that said acts should proportionately reduce the recovery of such persons and the allocation of any fault attributed to Dey.

### Thirty-Eight Defense

Plaintiffs' claims are barred by the filed-rate doctrine.

### Thirty-Ninth Defense

In the event of a determination that this action, or some part thereof, is governed by the substantive laws of one or more states other than California, Dey asserts all defenses available to it under those states' common laws or statutes.

### Fortieth Defense

Plaintiffs' claims are barred, in whole or in part, because Dey did not owe a duty to the State California.  Plaintiffs' claims are barred, in whole or in part, because of a lack of privity between Dey and the State of California.

### Forty-First Defense

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

### Forty-Second Defense

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine.

### Forty-Third Defense

Plaintiffs' Complaint and each purported cause of action set forth therein against Dey are barred, in whole or in part, by the doctrine of consent to the extent that State of California has received and paid for the subject drugs after the filing of the complaint.

### Forty-Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Dey in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Forty-Fifth Defense

Plaintiffs' claims against Dey are misjoined with Plaintiffs' claims against other defendants and must be severed.

## Forty-Sixth Defense

To the extent civil penalties are sought against Dey, such civil penalties cannot be sustained because an award of the civil penalties would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clauses of the Fifth and Fourteenth Amendments, U.S. Const. amend. V and XIV, and the analogous provisions in the Constitution of the State of California.

## Forty-Seventh Defense

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiff.

## Forty-Eighth Defense

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action brought by Plaintiffs is within the exclusive, or in the alternative, primary jurisdiction of the California Department of Health Services' Medicaid Program.

## Forty-Ninth Defense

Plaintiffs' claims under Cal. Gov't Code § 12651 are barred because Dey did not act with the requisite intent.

## Fiftieth Defense

Plaintiffs' claims under Cal. Gov't Code § 12651 are barred because the Attorney General did not have "good cause" for extensions of the seal.

**Fifty-First Defense**

Plaintiff Ven-A-Care of the Florida Keys, Inc. lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to Cal. Gov't Code § 12652(d)(3).

**Fifty-Second Defense**

Some or all of Plaintiffs' claims against Dey arise from the State of California's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at an appropriate Estimate Acquisition Cost.

**Fifty-Third Defense**

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the State of California's own negligence or gross negligence. Among other things, the claims disregard the State of California's obligations under federal law, and they ignore the State of California's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the State of California's citizens and taxpayers, the State of California's failings referenced herein, as well as other inappropriate conduct by the State of California.

**Fifty-Fourth Defense**

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

**Fifty-Fifth Defense**

Plaintiffs' claims against Dey are barred, in whole or in part, because Dey's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

**Fifty-Sixth Defense**

Plaintiffs' claims against Dey are barred, in whole or in part, because the State of California did not rely on Dey's conduct as alleged in the Complaint.

**Fifty-Seventh Defense**

Plaintiffs' claims against Dey are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Dey and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

**Fifty-Eighth Defense**

Plaintiffs' claims against Dey are barred, in whole or in part, because Plaintiffs' enforcement of the California False Claims Act intentionally treats Dey differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States and California Constitutions.

**Fifty-Ninth Defense**

Plaintiffs' claims against Dey are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague as applied to Dey in violation of Dey's rights under the due process clauses of the United States and California Constitutions.

**Sixtieth Defense**

Plaintiffs are estopped from claiming entitlement to the sum they seek because they have known throughout the relevant time period, from various public sources, including

government reports provided to the Plaintiffs, that the AWPs and WACs published in industry sources were not what Plaintiffs now claims them to have been.  The State of California was aware that the reimbursement rates it was using to reimburse providers were greater than the estimated acquisition cost of those drugs, and knowingly set its reimbursement rates higher than estimated acquisition cost for policy reasons.

### Sixty-First Defense

The State of California was negligent, careless, committed willful misconduct or was otherwise at fault in and about the matter referred to in the Complaint, and such conduct on the part of the State of California caused and contributed to the injury complained of, if any actually occurred.

### Sixty-Second Defense

The State of California directed, ordered, approved and/or ratified Dey's conduct, and the State of California is, therefore, barred from asserting any claims based thereon.

### Sixty-Third Defense

Any and all actions taken by Dey with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Sixty-Fourth Defense

The State of California receives funding from the federal government for a percentage of the prescription drug reimbursements made under the California Medicaid program.  Any of the Plaintiffs' recovery should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates they received from Dey.  Plaintiffs' claims against Dey for damages are barred, in whole or in part, because the Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

**Sixty-Fifth Defense**

Plaintiffs' claims for damages against Dey are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Plaintiffs have received and paid for pharmaceuticals manufactured, marketed and sold by Dey after the filing of the Plaintiffs' Complaint and after first learning of the information that forms the basis for the allegations in the Complaint.

**Sixty-Sixth Defense**

Plaintiff's claims against Dey are barred in whole or in part by the federal False Claims Act, 31 U.S.C. §§ 3729-3733, because the federal government has commenced a "related" action against Dey entitled, *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Case No. 05-11084-PBS (D. Mass.) (the "Federal Action"), and the Plaintiffs' action is "based on the facts underlying" the Federal Action.

**Sixty-Seventh Defense**

Plaintiffs' claims are barred because the State of California was aware that the reimbursement rates it was using to reimburse providers were greater than the estimated acquisition cost of those drugs, and knowingly set its reimbursement rates higher than estimated acquisition cost to subsidize inadequate dispensing fees, administration costs, and other services provided under the Medi-Cal program.

**Sixty-Eighth Defense**

Dey adopts by reference any separate applicable defense pled by any other defendant not otherwise pled herein.

**Sixty-Ninth Defense**

Dey hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery

proceedings in this action and hereby reserves their right to amend its answer to assert such

defense.

**WHEREFORE**, Dey respectfully requests that the Court:

1. Dismiss First Amended Complaint in Intervention for Money Damages and Civil Penalties for Violations of the California False Claims Act with prejudice and enter judgment in favor of Dey and against Plaintiffs;

2. Award Dey its costs, expenses, and attorneys' fees; and

3. Grant Dey such other, further, and different relief as the Court deems to be just and proper.

Dated: May 21, 2007

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s Neil Merkl
  Paul F. Doyle (BBO # 133460)
  William A. Escobar (*pro hac vice*)
  Neil Merkl (*pro hac vice*)
  Christopher C. Palermo (*pro hac vice*)
  Philip D. Robben (*pro hac vice*)

101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897

*Attorneys for Defendants Dey, Inc.*
*and Dey, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on May 21, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

<u>        /s Neil Merkl        </u>