UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
IN RE PHARMACEUTICAL INDUSTRY      )
AVERAGE WHOLESALE PRICE            )   MDL NO. 1456
LITIGATION                         )   CIVIL ACTION NO.
                                   )   01-12257-PBS
_____)

THIS DOCUMENT RELATES TO:

United States of America, ex rel. Ven-a-Care
of the Florida Keys, Inc. v. Abbott
Laboratories, Inc.,
Civil Action No. 06-11337-PBS


                           ORDER RE:
       UNITED STATES' MOTION TO COMPEL ABBOTT TO PRODUCE ALL
    DISCOVERY REQUIRED BY CMO'S 5 AND 10 (DOCKET ENTRY # 3529);
       UNITED STATES' MOTION FOR PROTECTIVE ORDER RELATING TO
        DEPOSITION OF GOVERNMENT COUNSEL (DOCKET ENTRY # 3540);
     AND ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL PLAINTIFFS
        TO PROVIDE AN ADEQUATE RESPONSE TO INTERROGATORY NO. 7
                       (DOCKET ENTRY # 3849)

                         May 22, 2007

**BOWLER, U.S.M.J.**

   After conducting a hearing on May 16, 2007, on the above styled motions, this court took the motions (Docket Entry ## 3529, 3540 & 3849) under advisement. This ruling follows.


I.  UNITED STATES' MOTION TO COMPEL ABBOTT TO PRODUCE ALL
    DISCOVERY REQUIRED BY CMO'S 5 AND 10 (DOCKET ENTRY # 3529)

   The motion to compel filed by plaintiff the United States of America ("the United States") is allowed inasmuch as defendant Abbott Laboratories, Inc. ("Abbott") represents and agrees to

produce all documents that mention the four charged drugs; all documents that relate to the four charged drugs including general sales and across the board marketing information that would encompass the four charged drugs; and all documents that reflect any alleged effort on the part of Abbott to market the spread or manipulate the published average wholesale price ("AWP") for any drug within Abbott's former hospital products division.  (Docket Entry # 3583, p. 3).  To the extent not already produced, Abbott shall produce these documents within 30 days.

As to the aforementioned second and third categories of documents to be produced, they should include inter alia all documents regarding other drugs marketed and sold by the hospital products division to the extent such documents involve how Abbott "'put together the spread'" as well as all cross cutting sales documents inclusive of broad based marketing documents (Docket Entry # 4153, Ex. 6, pp. 24-25).  Abbott is further ordered to produce, consistent with its statements at the May 16, 2007 hearing, all documents that show a pattern or practice with respect to the four charged drugs.  See (Docket Entry # 4153, Ex. 6, p. 9).  These categories may overlap and the temporal period shall be "through 2003."  See id. at p. 32.

The motion is otherwise denied without prejudice at this time subject to a further showing of relevance.  The United States is not entitled to the entirety of the documents in the

Texas case.  See id. at p. 8 ("you're not entitled to every drug if you haven't sued on it"); id. at p. 29 ("I'm not simply going to say you're across the board entitled to every document they produced in every suit, even if it involves drugs that have nothing to do with yours").

II. UNITED STATES' MOTION FOR PROTECTIVE ORDER RELATING TO DEPOSITION OF GOVERNMENT COUNSEL (DOCKET ENTRY # 3540)

The motion for a protective order is allowed.  Although the issue of what the Centers for Medicare and Medicaid Services ("CMS") knew and understood the meaning of AWP to be is relevant, see (Docket Entry # 4153, Ex. 6, p. 36), and even assuming that the deposition would not intrude upon privileged matters in light of the clarification in the December 13, 2006 letter (Docket Entry # 3597, Ex. 3), there are other means to procure this discovery in lieu of a deposition notice directed at testimony from Department of Health and Human Services' employees about their review, approval and/or consultation regarding the Department of Justice's amicus brief filed in September 2006 (Docket Entry # 3104).  See Fed. R. Civ. P. 26(b)(2)(C).  To the extent Abbott has not deposed the relevant officials at CMS about their understanding and knowledge of the meaning of AWP, Abbott may serve a deposition notice to inquire about "all factual representations and/or statements regarding how the Secretary

and/or [CMS] intended, understood, interpreted or applied the phrase [AWP] in federal statutes and regulations; what the Secretary or CMS understood or believed about average wholesale prices (AWPs) published in Red Book and other national drug listings; and the Secretary or CMS's understanding of Medicare's policy of paying 'reasonable costs' (Part A services) and 'reasonable charges' (Part B services)" (Docket Entry # 3540, Ex. 1).

III. ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE AN ADEQUATE RESPONSE TO INTERROGATORY NO. 7 (DOCKET ENTRY # 3849)

The motion to compel is allowed in part and denied in part. The United States shall supplement the first supplemental response to interrogatory seven by identifying at least one person from CMS and one person from the Department of Health and Human Services in response to subparts (c) and (d) of the interrogatory.  The response is otherwise adequate.

CONCLUSION

The motion to compel to produce discovery responsive to CMOs five and ten (Docket Entry # 3529) is **ALLOWED** in part and **DENIED** in part.  The motion for a protective order (Docket Entry # 3540) is **ALLOWED**.  The motion to compel a more compete response to

4

interrogatory number seven (Docket Entry # 3849) is **ALLOWED** in part and **DENIED** in part.

                                         /s/ Marianne B. Bowler
                                         **MARIANNE B. BOWLER**
                                         United States Magistrate Judge