


**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |

**CLASS 1 REPRESENTATIVE AND OBJECTOR M. JOYCE HOWE'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 22, 2007 ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED NATIONWIDE SETTLEMENT BETWEEN CLASS 1 PLAINTIFFS AND ASTRAZENECA**

Class 1 Representative and Objector M. Joyce Howe, through her undersigned counsel, respectfully moves for reconsideration of this Court's May 22, 2007 Order preliminarily approving the settlement between Class 1 consumer plaintiffs and Defendant AstraZeneca.  This motion is based on the following:

1. On January 30, 2006, Mrs. Joyce Howe was certified as a Class Representative for Class 1 consumers with claims against Defendant AstraZeneca. At all relevant times, Mrs. Howe has been and is currently represented in this litigation by the undersigned.

2. In April of 2007, this Court ordered MDL Plaintiff's Counsel and AstraZeneca to engage in mediation. The undersigned participated in this effort, and raised several problematic issues in the settlement contemplated between the parties. These concerns were not resolved or otherwise addressed in the Memorandum of Understanding between MDL Plaintiff's Counsel and AstraZeneca.

3. On May 21, 2007, MDL Plaintiffs' Counsel and Defendant AstraZeneca filed a Joint Motion for Entry of an Order Granting Preliminary Approval of the AstraZeneca




Class 1 Settlement and Approving the Form and Method of Notice to the Class ("Joint Motion"). The Joint Motion was accompanied by a copy of the proposed Settlement Agreement, an April 23, 2007 Hartman Analysis of Consumer Damage, a Notice Plan, short and long forms of Notice, a supporting Memorandum of Law, and proposed preliminary and final approval orders.

4. The Joint Motion, Settlement Agreement, and supporting documents all list the undersigned, counsel for Mrs. Joyce Howe, as a signatory. The Settlement Agreement also states that MDL Plaintiffs' Counsel had authority to enter into the proposed settlement on Mrs. Howe's behalf, and otherwise indicates that Mrs. Howe and the undersigned agree with, and support, the proposed settlement.

5. In truth, as was made clear to MDL Plaintiff's Counsel over two weeks ago, neither Mrs. Howe nor her counsel supports the proposed settlement. In both verbal and written communications with MDL Plaintiff's Counsel and the mediator, Mr. Eric Green, the undersigned stated that the proposed settlement was not acceptable unless and until his concerns were resolved.

6. The undersigned did not receive the Joint Motion and supporting documents until after the close of business on May 21, 2007. The next day, May 22, 2007, at approximately 12:10 p.m., the undersigned filed a Memorandum of Named Class 1 Representative M. Joyce Howe in Opposition to the Joint Motion for Preliminary Approval of Proposed Nationwide Settlement with AstraZeneca ("Opposition Memorandum"), a copy of which is attached hereto.

7. The Joint Motion and supporting documents did not include a Notice of Motion or Notice of Hearing. Nevertheless, a hearing was apparently held on the Joint Motion on



the morning of May 22, 2007. This Court granted the Joint Motion for Preliminary Approval shortly before the Opposition Memorandum was filed.

8. The standard for a motion for reconsideration is "whether reconsideration is necessary 'in the interests of justice.'" *United States v. Allen*, 2007 WL 1412563 at *2 (slip copy D. Mass. May 10, 2007) (quoting *United States v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992)). In making this determination, a Court must balance the need for finality against its duty to render just decisions. *Davis v Lehane*, 89 F. Supp. 142, 147 (D. Mass. 2000). To balance these competing interests, a motion for reconsideration should be granted when the movant demonstrates (1) an intervening change in the law, (2) the discovery of new evidence not previously available, or (3) a clear error of law in the first order. *Id*.

9. Movant respectfully submits that new evidence not previously available to the Court warrants reconsideration of the Court's May 22, 2007 Order. Because the undersigned was unaware of the hearing and therefore unable to attend, and because the Opposition Memorandum had not yet been filed, the Court could not have been apprised of the fact that, contrary to the representations of MDL Plaintiff's Counsel, one of the two Class Representatives and her counsel oppose the proposed settlement. Nor could this Court have been apprised of the numerous deficiencies in the proposed settlement.




10. Movant submits that consideration of these facts is necessary to ensure that preliminary approval has been providently granted, and to protect the interests of justice for the Class that Movant has promised to represent. The Court's duty to render fair decisions on a full and accurate record outweighs the interests of the settlement proponents in the "finality" of an order that, by definition, grants only "preliminary" approval of the proposed settlement.

Dated:   May 23, 2007               By:      /s/ Donald E. Haviland, Esquire
                                             Donald E. Haviland, Esquire
                                             The Haviland Law Firm
                                             740 South Third Street
                                             Third Floor
                                             Philadelphia, PA 19147
                                             Telephone: (215) 609-4661
                                             Facsimile: (215) 392-4400




## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Movant respectfully submits that no certification is necessary in light of the numerous conversations between Movant's counsel and MDL Counsel about the apparent deficiencies in the proposed settlement, the fact that the Court has already granted preliminary approval to the settlement jointly proposed by MDL Counsel and AstraZeneca, and Movant's May 22, 2007 opposition to the proposed settlement.

Dated:   May 23, 2007                    /s/ Donald E. Haviland, Esquire
                                         Donald E. Haviland, Esquire
                                         The Haviland Law Firm
                                         740 South Third Street
                                         Third Floor
                                         Philadelphia, PA 19147
                                         Telephone: (215) 609-4661
                                         Facsimile: (215) 392-4400

 

## **CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on May 23, 2007, I electronically filed the foregoing Class 1 Representative and Objector M. Joyce Howe's Motion for Reconsideration of the Court's May 22, 2007 Order Granting Preliminary Approval to Proposed Nationwide Settlement Between Class 1 Plaintiffs and AstraZeneca with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to all registered person(s) and that those person(s) not registered with CM/ECF system were served by U.S. mail.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.
The Haviland Law Firm
740 South Third Street
Third Floor
Philadelphia, PA 19147