# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, Inc., *et al.*<br>CASE No: 1:03-cv-11226-PBS | |

## STATUS REPORT-JUNE 1, 2007

The undersigned counsel, on behalf of plaintiff STATE OF CALIFORNIA ("CALIFORNIA") hereby submits the attached Status Report to the Court in accordance with the Court's June 17, 2004 Procedural Order.

                            Respectfully submitted,

                            EDMUND G. BROWN JR.
                            Attorney General for the State of California

Dated: June 1, 2007          By:    /s/ Nicholas N. Paul
                                                  NICHOLAS N. PAUL
                                                  CA State Bar No: 190605
                                                  Supervising Deputy Attorney General
                                                  Bureau of Medi-Cal Fraud and Elder Abuse
                                                  Office of The Attorney General
                                                  1455 Frazee Road, Suite 315
                                                  San Diego, California 92108
                                                  Tel: (619) 688-6099
                                                  Fax: (619) 688-4200

                                                  **Attorneys for Plaintiff,**
                                                  **STATE OF CALIFORNIA**

**MDL 1456 Status Report**
**State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories Inc., *et al.***
**Case No.: 1:03-cv-11226-PBS**

**First Amended Complaint in Intervention**

Plaintiffs filed a First Amended Complaint in Intervention (FAC), with redacted exhibits, on August 25, 2005 (No. 1679).  Plaintiffs also filed a motion for leave to file unredacted Exhibits under seal (Exhibits A-K and Exhibits M-R to the FAC) (Nos. 1680, 1703), which the Court granted via electronic order.

**State of California's Election to Decline**

On September 9, 2005, California filed a motion for leave to file  "State of California's Election to Decline as to Certain Defendants and Allegations" under seal (No. 1707), which the Court granted on September 14, 2005.  The Election to Decline was filed under seal on September 14, 2005 (No. 1717).

***Qui Tam* Plaintiff's Notice of Election/Dismissal**

On September 12, 2005, the *qui tam* plaintiff (relator) filed a motion for leave to file its "Notice of Election to Proceed and Notice of Dismissal" ("Notice of Election/Dismissal") under seal.  The Court granted the motion and the Notice of Election/Dismissal was filed under seal on September 14, 2005 (No. 1718); however, the Motion was not further acted upon.  Since then, the Relator, in consultation with the State, has identified the additional claims and defendants that it will proceed against with or without State intervention.  Relator intends to file a Second Amended Complaint, and the State will make its further elections and declinations.  Accordingly, the Relator shall withdraw its "Notice of Election/Dismissal."

**Case Management Order (CMO) 18**

On December 13, 2005, the Court issued CMO 18 (Nos. 1944, 1968), providing a briefing schedule for the served Defendants' Motions to Dismiss, as well as rules regarding the scope of discovery and document access pending the decision on Defendants' joint and individual Motions to Dismiss.

**Motions to Dismiss**

On January 17, 2006, the served Defendants filed a Joint Motion to Dismiss Plaintiffs' First Amended Complaint in Intervention (Nos. 2047, 2051).  In addition, Abbott Laboratories Inc., B. Braun of America Inc. and ZLB Behring LLC filed individual Motions to Dismiss (Nos. 2045, 2049, 2050), and Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim Corporation later filed a reply brief claiming the FAC should be dismissed under Fed. R. Civ. P. 9(b).  Briefing on the joint and four individual motions was completed on April 17, 2006 (Nos. 2181-85, 2343, 2344, 2346-49, 2427-33).

On March 22, 2007, the Court denied in part and granted in part Defendants' joint motion to dismiss, and denied Abbott's individual motion to dismiss (No. 3948).  The Court has not yet ruled on two remaining individual motions to dismiss (i.e., those of defendants ZLB Behring, and the two Boehringer entities.)[1]  Defendants Abbott Laboratories Inc., Aventis Pharmaceuticals Inc., Baxter Healthcare Corporation, B. Braun Medical Inc., Ben Venue Laboratories Inc. and Bedford Laboratories, Boehringer Ingelheim Roxane Inc. f/k/a Roxane Laboratories Inc., Dey L.P. and Dey Inc., Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc., Sandoz Inc., Schering-Plough Corporation and Warrick Pharmaceuticals Corporation, ZLB Berhing LLC f/k/a

---

[1.] California construes B. Braun of America's motion to dismiss (docket no. 2045) as moot, because California has dismissed B. Braun of America from the case (see electronic order filed May 26, 2006, entered May 31, 2006) as well as the only other entity to which B. Braun of America refers in its individual motion to dismiss, McGaw Inc. (see docket no. 2895.)  B.Braun Medical, Inc. remains a defendant, and did not file a motion to dismiss.

Aventis Behring LLC and Armour Pharmaceutical Co., filed their individual Answers on May 21, 2007.  Plaintiffs and Defendants are negotiating a proposed Case Management Order.  Plaintiffs will request a Status Conference and the entry of a Case Management Order by a motion to be filed after the parties have agreed on a draft CMO or have failed to reach an agreement and have submitted alternative versions.

**Additional Miscellaneous Filings**

(1) On April 28, 2006, Plaintiffs filed a Stipulated Motion for an Order Permitting the Deposition of Harvey Weintraub, notwithstanding the discovery stay imposed under CMO 18 (No. 2497).  The Court granted that motion, verbally, on May 22, 2006, at the conclusion of the hearing on Defendants' Motion to Dismiss the FAC.  Although Mr. Weintraub appeared for a deposition in September 2006, counsel for Plaintiffs were not able to depose him due to time constraints imposed by Mr. Weintraub's limited availability and the large number of other plaintiffs present at the deposition; consequently, Plaintiffs (as stated on the deposition record on September 22, 2006) reserve the right to notice his deposition at a subsequent point in this matter once party discovery has commenced.

(2) On June 12, 2006, Defendants filed a Motion for Leave to File a Supplemental Brief in support of their Motion to Dismiss the FAC (No. 2675), with the brief attached as an exhibit.  On June 20, 2006, Plaintiffs filed a Motion for Leave to File Objections to Defendants' Supplemental Brief (No. 2736), with the Objections attached as an exhibit.  The Court has not ruled on either motion, although it has ruled on the joint motion to dismiss and Abbott's individual motion to dismiss.

(3)     On July 26, 2006, Plaintiffs filed a Motion for Leave to File a Supplemental Submission (No. 2919), pursuant to the Court's request at the May 22, 2006 hearing, intended to provide samples of the claims filed by Medi-Cal providers for reimbursement regarding the Defendants' drugs at issue in the FAC, with the Supplemental Submission attached as an exhibit. Defendants filed an Opposition (No. 2952). On September 11, 2006 the Court issued an electronic order granting Plaintiff's Motion, and the Supplemental Submission and its accompanying exhibits A-E were filed on September 12, 2006 (Nos. 3095-1 through 3095-6). On October 5, 2006, Defendants filed a Motion for Leave to File Defendants' Response To Plaintiffs' Supplemental Submission In Response To The Court's Request For Claims Examples (No. 3170). Defendants' Response has not been filed.  The Court has not ruled on either motion, although it has ruled on the joint motion to dismiss and Abbott's individual motion to dismiss.[2]

(4)     On March 1, 2007, Plaintiffs dismissed Defendants Pharma Investment, Ltd., Merck KGaA, C.H. Boehringer Sohn Grundstucksverwaltung G.M.G.H. & Co. K.G., and Lipha, S.A. without prejudice.  Plaintiffs also filed the Notice of Withdrawal of Plaintiff State of California's Proposed Case Management Order, which exclusively concerned briefing issues pertaining to the now-dismissed entities listed in the previous sentence.

(5)     On March 6, 2007, Plaintiff California filed a Motion to File under Seal its Ex Parte Application for a partial lifting of the seal.  The Court granted that Motion on March 22, 2007.

(6)     On May 30, 2007, Plaintiff California dismissed Defendant Bristol-Myers Squibb Company without prejudice.

---

[2.] On October 3, 2006, counsel for Defendant Abbott discussed Defendants' intention to move for leave to file a Response with counsel for California, who responded that Plaintiffs would not oppose that motion (i.e., No. 3170), but reserved the right to file a Reply should the Court order Defendants' Response to be filed.

**Anticipated Filings**

Plaintiffs will request a Status Conference and the entry of a Case Management Order by a motion to be filed after the parties have agreed on a draft CMO, or have failed to reach agreement on a draft CMO and have submitted alternative versions.  California may file additional motions or pleadings, under seal when necessary, to dispose of the State's interests in matters remaining under seal.  In addition, the Relator will file its Second Amended Complaint with respect to the remaining Defendants and claims on which California has thus far declined to intervene.

**CERTIFICATE OF SERVICE**

I, Nicholas N. Paul, hereby certify that on June 1, 2007, I caused a true and correct copy of the foregoing, **STATUS REPORT-JUNE 1, 2007**, to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

             /s/ Nicholas N. Paul
             NICHOLAS N. PAUL
             Supervising Deputy Attorney General