# EXHIBIT 5 (b)



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-3085*

March 7, 2007

<u>*Via Electronic Transmission*</u>

David Torborg
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:     *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No.
           1456/Civil Action No. 01-12257-PBS;  *U.S. ex rel. Ven-a-Care of the Florida Keys*
           *Inc v. Dey, Inc.,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear David:

       You recently inquired about our position regarding the production of subpoenas issued by
the Government to third parties during its investigation of the allegations in the above-referenced
*qui tam* actions - and several other related issues.  As background, we can re-confirm the position
that we have previously stated to you regarding the material produced to the Government by third
parties while this case has been under investigation.  The Government will produce non-privileged
documents in its possession which are responsive to defendants' discovery requests (subject to
appropriate protective orders for proprietary information contained therein) regardless of how the
Government obtained the documents.  We have also explained that the Government will not
describe or otherwise disclose the particular steps it employed to investigate the allegations
involved in this litigation.

       With respect to production of the subpoenas that may have been issued during the
investigation, we have questioned the relevance of such material in this case - as distinct from the
documents that were produced in response thereto.  You indicated that the subpoena specifications
would tend to show what categories of information the Government's attorneys and investigators
believed may be pertinent to the allegations in the *qui tam* actions.  Framed in that way, we do not
see how the Abbott's discovery requests are appropriate.  Indeed, the request at issue here does
*not* cover material from the victim agency relating to the reimbursement paid by the Medicare and
Medicaid program for the drugs and products manufactured by defendants, but rather is explicitly
directed at obtaining information about the Government's law enforcement investigation,
particularly the thoughts and strategies of the Government's attorneys and investigators as
reflected in the subpoenas they prepared.  When I asked whether Jones Day would, in a similar
vein, be willing to produce information reflecting the contents of communications between any of
Abbott's counsel and third parties relating to Abbott's investigation and defense of the AWP law

suits, you expressly declined to commit Abbott to producing non-privileged material responsive to that description.

As for your request concerning a list of persons who were interviewed during the Government's investigation, that request is also inappropriate in that it appears directed at examining the Government's investigation, rather than the case against defendants.  Moreover, the request seeks information protected from disclosure by the Government's law enforcement files privilege as well as the attorney work-product doctrine.  That said, we would be interested in hearing whether Abbott would be willing to produce a list of all persons and entities contacted by or on behalf of any attorney or investigator retained by Abbott from the time the company initially learned of the Government's AWP pricing investigation.

Finally, returning to the subject of the material produced by third parties to the Government, you may be aware, AUSA Mark Lavine has already provided materials obtained from drug wholesalers and other companies.  We are continuing to locate and review other third party documents and material which are responsive to outstanding discovery requests.  I expect to update you later this month regarding a production schedule for any remaining third party material.

Thank you for your attention.


Very Truly Yours,


/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch


cc:   James Breen
      The Breen Law Firm
      Suite 39
      5755 North Point Parkway
      Alpharetta, Georgia 30022

      Helen Witt
      Kirkland & Ellis
      200 East Randolph Drive
      Chicago, Illinois 60601-6636

      Martin F. Murphy
      Foley Hoag LLP
      155 Seaport Blvd
      Boston, MA 02210-2600

Neil Merkl, Esq.
Paul F. Doyle, Esq.
William A. Escobar, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178