# EXHIBIT 5 (c)

U.S. Department of Justice



*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*

*Miami, FL 33132*
*(305) 961-9000*

October 17, 2006

Via E-mail

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Mr. Cook:

     Most of the items referenced in your letter of October 13, 2006 which was summarizing your understanding of the matters we had discussed 10 days earlier have already been addressed. However, there are a few remaining items. Initially, I also note that none of the time frames noted in your letter were the subject of a formal commitment, especially as to the more complex issues which you have attempted to lump into a two week commitment. The tenor of our conversation was that we would endeavor to provide responses in the requested time frames. It is incorrect for you to present them as formal commitments. Plus some of the time frames you document are not correct.

     The issue regarding the First DataBank documents is not as clear as you presume. Although you indicated that Abbott did not object to receiving First DataBank documents that relate to other pharmaceutical manufacturers, including Abbott's direct competitors Baxter and B. Braun, the history of how such matters previously have been handled in the MDL required further inquiry. As you know, Abbott itself has marked materials it sent to First Databank as confidential. Although we disagree with such designations, the turnover of such materials relating to other defendants may require more than just Abbott's agreement. If you will limit your request to just Abbott related materials, I will be able to forward the information more quickly.

     As I explained, the sorting out of the confidentiality issues pertaining to the wholesaler documents will take some time because of the many parties involved. We are pursuing that issue diligently and will provide the documents as soon as those issues have been resolved. In addition, many of those documents relate to materials exchanged with Abbott itself such as contracts, correspondence, invoices and checks. Thus, Abbott should already have many of these materials in its own files.

     We are still working on your requests regarding the file source documents and the sealed file and

will respond as soon as we can. In addition, as to the file source documents, I have twice asked Abbott for information regarding what it proposes to produce on that issue and I have received no answer. Please describe what Abbott is prepared to produce in terms of file source documents, as well as the expected time frame. If such documents already exist, which seems likely given that Abbott has been engaged in active litigation in the MDL for several years, please forward them immediately.

Although we agreed that further discussion regarding privilege logs was necessary, no time frame was discussed because of the uncertainty of the related issues. For example, I pointed out that the time necessary to prepare privilege logs may depend on the scope of Abbott's document requests to the United States which we won't know until after the current stay is lifted. Nonetheless, we will do what we can to consider the issue so that further discussions can be held.

With regard to document (Bates) numbers, a cross-walk was only one method of trying to address the issue. As you know, under CMO 5, Abbott is already obligated to provide the United States with a set of all materials produced in any other AWP related investigation or litigation but has not done so. The production of such documents would provide the requested information because the document numbers would be on the documents. Rather than actually producing documents that have already been produced, however, it may be that a list of the document numbers of such items is a plausible method of addressing this issue, as well as less expensive and more efficient. Is Abbott refusing to provide copies of the documents containing all prior document numbers? On a closely related issue, we additionally need to know whether Abbott objects to the sharing of depositions taken in the MDL or in other proceedings among other plaintiffs. Please respond to these matters.

                                                            R. ALEXANDER ACOSTA
                                                            UNITED STATES ATTORNEY

Mark A. Lavine
Assistant U.S. Attorney
(305) 961-9303
(305) 536-4101 Fax
Mark.Lavine@usdoj.gov

K:\My Documents\Ven-A-Care - MDL Case\Abbott\U.S. Court Filings\6.1.07 Draycott Opp. to Motion to Compel\Cook.10.17.06.wpd