# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA, ex rel.
JOHN FALLON, ROBERT BRADLEY, JR.
PAMELA CARR, KRIS SHERIDAN, KELLY
FALLON and ATLANTIC STATES LEGAL
FOUNDATION,

        Relators/Plaintiffs,        MEMORANDUM and ORDER

v.                                                        93-C-801-S

ACCUDYNE CORPORATION and
ALLIANT TECHSYSTEMS, INC.,

        Defendants.

---

Defendants' motion to compel relators to provide discovery came on to be heard by telephone in the above entitled matter on March 1, 1995, the plaintiff United States of America having appeared by United States Attorney Peggy A. Lautenschlager by Mark A. Cameli, John W. Vaudreuil and Rosemary A. Filou; the relators by Dennis M. Grzezinski, Sandra J. Strebel, Daniel I. Davidson and Bradley S. Weiss; the defendant Accudyne Corporation by McDermott, Will & Emery, by E. Grey Lewis and Gary L. Prior. The Hon. John C. Shabaz, District Judge, presided.

MEMORANDUM

31 USC § 3730(b)(1) by its nature requires disclosure to the government of attorney client privilege and work product information. Basically, the relators' attorney provides to the government its theory of the case and all the evidence to support it. That actual disclosure was provided here. The government and

relators' counsel may then have further strategic discussions to determine whether the government wishes to intervene. All material is protected unless its communication to the government is a waiver of the privilege which is not the case here.

Common sense and general legal principles indicate that the disclosures remain protected. There is nothing in the statute requiring or suggesting that they must be provided to defendants or anyone other than the government. The government and the relators have a predominantly common interest in the proceeding. Since the attorney client privilege is generally preserved in communications with joint parties, United States v. McPartlin, 595 F.2d 1321, 1336 (7th Cir. 1979), and since the interests of relators and the United States are inherently aligned, it seems clear they should be so treated. To rule otherwise would completely deprive the United States and the relators of the benefit of privilege in this and every other case.

All of the factual information can readily be obtained through direct discovery of the witnesses. U.S. v. Northrup, 824 F.Supp. 839 is unpersuasive in light of the footnote at page 839 and the fact the government had apparently not intervened.

The ALSF membership list has the potential to impinge upon the privacy of its members and subject them to harassment. There is no conceivable relevance to it. Disclosure will not be required.

The documents for which there were discrepancies in the log have been provided for in camera review. Upon the Court's initial review they are privileged.

<u>USA, et al., v. ACCUDYNE CORP., et al.</u> 93-801-S

Accordingly,

ORDER

IT IS ORDERED that defendants' motion to compel is DENIED.

IT IS FURTHER ORDERED that upon request of defendants their motion for reconsideration will be heard before the Court on March 8, 1995 commencing at 8:00 A.M.

Entered this 2nd day of March, 1995.

BY THE COURT:

JOHN C. SHABAZ
District Judge