# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |  MDL No.1456<br><br>Civil Action No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | | |

## TRACK TWO DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

In their motion, Plaintiffs seek one more chance to argue that their Proposed Fifth Amended Master Consolidated Class Action Complaint does not do what it is obvious it does: reintroduce previously stricken drugs. The Court should deny the motion.

Plaintiffs' proposed reply memorandum pretends that the Court's April 10, 2006 "No New Drugs" order never issued. In that Order, the Court granted in part the Track Two Defendants' March 14, 2006 Motion to Strike the new drugs listed in the Fourth Amended Complaint, ruling: "I strike the new drugs." The "No New Drugs" Order clearly precludes – more than three years later – the addition of drugs that did not appear in the Amended Master Consolidated Class Action Complaint (AMCC)[1] or its attached list of subject drugs. The Proposed Fifth Amended Complaint, however, seeks to include allegations about drugs that did not appear in the AMCC -- indeed, it includes the very same allegations and drugs that the Court

---

[1] Doc. No. 890.

struck from the Fourth Amended Complaint.  See, e.g., Proposed Fifth Amended Complaint at p.3, n.1.[2]

There are other problems.  Plaintiffs' proposed reply memorandum also ignores the Court's ruling that Plaintiffs must provide evidence of compliance with the "special notice provisions for bringing consumer protection claims." In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 84 (D. Mass. 2005).  Instead, the reply memorandum offers nothing but bland assurances of compliance.  This is not enough.

The reply memorandum also erroneously cites Burns v. Hale & Dorr, 445 F. Supp. 2d 94 (D. Mass. 2006) and Tarpey v. Crescent Ridge Dairy, 713 N.E.2d 975 (Mass. Ct. App. 1999) for the proposition that post-commencement demand letters and amended complaints can cure failures to provide the requisite pre-suit demand for consumer claims under Massachusetts Chapter 93A.  In those cases, however, the courts found that the defendants waived the pre-suit-demand requirement by either responding to the post-commencement demand with a settlement offer or by failing to oppose leave for plaintiffs to amend their complaint.  Neither circumstance is present here.

Finally, belying their assertion that the proposed common-law fraud count does not represent a new theory of recovery, Plaintiffs concede that the addition of such a claim will require additional class certification briefing.

There was nothing sufficiently novel in the Track 2 defendants' initial opposition to this motion to justify this additional briefing.  To the contrary, based on nearly six years of litigation, Plaintiffs are well aware that this proposed amendment is simply an "end run" around the prior

---

[2] Exhibit A to the Corrected Declaration of Aimée E. Bierman in Support of Track Two Defendants' Opposition to Class Plaintiffs' Motion for Leave to File an Amended Complaint [Doc. No. 4255] lists the previously excluded drugs that Plaintiffs wrongfully seek to reintroduce through their Proposed Fifth Amended Complaint.

history of this case. The Court should deny Plaintiffs' motion for leave to file the proposed reply brief in support of their motion for leave to file a Fifth Amended Complaint.

    /s/ Michael DeMarco
Michael DeMarco (BBO #119960)
  michael.demarco@klgates.com
Aimée E. Bierman (BBO #640385)
  aimee.bierman@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100


Michael L. Koon
James P. Muehlberger
Nicholas P. Mizell
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550

Attorneys for Aventis Pharmaceuticals Inc. and on behalf of the following Track Two Defendants:

Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc.,  Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation,  Dey, Inc., Fujisawa Healthcare Incorporation, Fujisawa USA, Inc., Hoechst Marion Roussel, Inc., Immunex Corporation,  Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn,  Sicor, Inc. f/k/a Gensia, Inc.,  Gensia Sicor Pharmaceuticals, Inc.,  Sicor Pharmaceuticals, Inc.,  Watson Pharmaceuticals, Inc., and ZLB Behring L.L.C.

Dated:  June 1, 2007

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 1, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                           /s/ Michael DeMarco
                                                           Michael DeMarco