UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO ) *U.S. ex rel. Ven-A-Care of the* ) *Florida Keys, Inc. v. Abbott* ) *Laboratories, Inc.,* ) No. 06-CV-11337-PBS ) | MDL NO. 1456  CIVIL ACTION: 01-CV-12257-PBS  Judge Patti B. Saris  Chief Magistrate Judge Marianne B. Bowler |

**VEN-A-CARE OF THE FLORIDA KEYS, INC.'S OPPOSITION MEMORANDUM TO ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL PLAINTIFFS UNITED STATES AND RELATOR TO PROVIDE ADEQUATE RESPONSES TO ABBOTT'S DISCOVERY REQUESTS**

Relator, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care" or the "Relator") by and through its undersigned counsel joins in the United States' Opposition Memorandum To Abbott's Motion To Compel Adequate Responses To Abbott'S Discovery Requests, files this it's Opposition Memorandum to Abbott's Motion to Compel as a supplement to the United States' Opposition and further states as follows:

In the instant action, Abbott jointly posed interrogatory numbers 1, 3, 4, 5, 6, 8 and 10 to both the United States and the Relator, Ven-A-Care. Although directed at the parties separately in separate documents, Abbott posed similar requests for production directed at the disclosure statement provided by Ven-A-Care to the United States. In response, Ven-A-Care joined in the United States' objections and asserted some of its own objections.

With respect to the interrogatories, Ven-A-Care asserted objections as to interrogatories numbered 3, 4, 6, 8 and 10 including that they were contention

interrogatories improperly directed at the Relator, did not answer those interrogatories and referred the Defendant to the United States' answer. With respect to interrogatories numbered 1 and 5 which Ven-A-Care believed were, in part, properly directed at it, Ven-A-Care objected to them as premature, but answered to the best of its ability at the time with the intention to supplement as discovery proceeds.[1]

### I. ABBOTT'S INTERROGATORIES NUMBERED 3, 4, 6, 8, AND 10 ARE CONTENTION INTERROGATORIES IMPROPERLY DIRECTED AT THE RELATOR

The Relator's main objection to Interrogatories numbered 3, 4, 6, 8 and 10 is that they are a contention interrogatories improperly posed to the Relator. Specifically, the Relator asserted the following additional objection to those asserted by the United States:

> Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33. In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory. This interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiffs contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730. Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

Contention interrogatories are allowed by the rules and their purpose is to seek admissions that may narrow issues for trial. *Gadaleta v. Nederlandsch-Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961)(stating "[a]nswers to interrogatories clearly may be utilized as admissions.") However, a contention interrogatory is not properly posed to a Relator in an intervened *qui tam* case. Relators have a unique role in intervened *qui*

---

[1] To date, Ven-A-Care, has provided Defendant Abbott with over 44,000 images as well as a number of DVDs containing data and continues to search for additional documents and data responsive to Abbott's discovery requests.

*tam* cases as dictated by the *qui tam* provision of the False Claims Act.  The *qui tam* statute, 31 U.S.C. §3730(c)(1) states:

> If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and **shall not be bound** by an act of the person bringing the action.

(Emphasis added).  Interrogatories numbered 3, 4, 6, 8 and 10 are improperly posed to the Relator because the Relator, by statute, can not bind the United States with an admission.[2]

> II. **VEN-A-CARE CAN NOT FULLY ANSWER INTERROGATORIES DIRECTED AT "FALSE CLAIMS", AS CATEGORIZED BY ABBOTT, UNTIL ABBOTT COMPLIES WITH PLAINTIFFS' DISCOVERY REQUESTS AND UNTIL PLAINTIFFS ARE ALLOWED TO FULLY SHARE DISCOVERY OBTAINED BY VEN-A-CARE IN OTHER DRUG PRICING LITIGATION AGAINST ABBOTT**

Abbott states that the parties should at present be in possession of all false statements and claims made by Abbott as a result of the Government's investigation. However, as noted in the United States' Opposition to Abbott's Motion, it is apparent that Abbott has withheld vital evidence in connection with the Government's investigation and in this litigation.  (United States' Opposition, p. 23)  Until Abbott produces the documents that are subject to the Government's discovery requests and documents that it should have produced in response to investigative subpoenas, the parties will not be in a position to completely respond to the interrogatories regarding false statements and false claims.  The ability of the parties to completely respond to discovery and coordinate with each other in the litigation of this case is further complicated by Abbott's unwillingness to allow the

---

[2] The Relator objected to Abbott's Interrogatory Number 7, not a part of the instant Motion to Compel, as a contention interrogatory improperly directed at the Relator, the same grounds as the objections to interrogatories numbered 3, 4, 6, 8 and 10 above.  Abbott previously filed a Motion to Compel the Relator to Answer Interrogatory Number 7 on March 16, 2007. [Docket 3849] [Relator's Opposition, Docket 4059]  The Motion was denied in part and granted in part by Chief Magistrate Judge Bowler on May 21, 2007 [Docket 4244].  The Relator was not ordered to respond to Abbott's Interrogatory Number 7 in the Court's Order.

3

Relator to share vital information with the United States that the Relator obtained in *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc., et al.,* Case No. GV401286, 201st Judicial Circuit, Travis County, Texas (the "Texas litigation"), about the very subjects at issue in Abbott's Motion to Compel.  Particularly, Ven-A-Care's ability to respond and its ability to coordinate with the United States with respect to Interrogatories numbered 1 and 5 has been hindered by Abbott's refusal to share all discovery produced by Abbott in other False Price Report Litigation.  Ven-A-Care objected to interrogatories numbered 1 and 5 as follows:

> This interrogatory is . . . overly burdensome because Ven-A-Care and its counsel have had access to information produced by Abbott in other litigation, such as the matter of Texas ex rel. Ven-A-Care v. Abbott, that may have been referred to in preparing answers or mentioned in answers; however, Abbott refuses to permit Ven-A-Care to produce Abbott documents in the present case on the basis of Protective Orders in the other litigation, notwithstanding the fact that Abbott may consent to the production of such Abbott documents.  Accordingly, Abbott has created circumstances under which the Relator cannot fully produce, in the present action, documents and information responsive to this request.

The Relator filed a Motion to Compel on April 27, 2007 requesting resolution of that precise issue. (Docket 4121).  The Motion is set for hearing on June 19, 2007 in front of Chief Magistrate Bowler.

### III. THE RELATOR'S DISCLOSURES TO THE UNITED STATES WERE PREPARED IN ANTICIPATION OF LITIGATION, ARE SUBJECT TO THE COMMON INTEREST PRIVILEGE AND ARE NOT DISCOVERABLE

Abbott contends that it is entitled to the Relator's disclosures to the United States prior to the instant *qui tam* litigation, referring to the written disclosure required by 31

U.S.C. §3730(b)(2).[3]  The "written disclosures" sought by Abbott were made solely to permit the United States to consider joining in the instant litigation.  The *qui tam* provision of the *False Claims Act*, 31 U.S.C. §3730, creates a unique relationship between the relator and the Government.  The purpose of the statutory disclosure is to permit the United States to investigate and evaluate the relator's claims and determine whether it is in the interest of the United States to intervene in and prosecute the litigation as the United States' own cause of action.  *U.S. ex rel. Hunt v. Merck-Medco Managed Care, L.L.C., et al.*, Case No. 00-CV-737, 2004 U.S. Dist. LEXIS 7152, *6-7, (E.D. Pa. April 21, 2004) (stating that "there is no question that . . . Disclosure Statements were submitted to the government . . . for the purpose of allowing the government to determine whether it should intervene in the case and that "the plain language of the False Claims Act requires relator to prepare the document 'in anticipation of litigation'"-- citing to *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1346 (E.D. Mo. 1996)).   The United States and the Relator are parties sharing in a common interest with respect to Abbott and all pre-litigation disclosures made pursuant to the *False Claims Act qui tam* provisions were made expressly in anticipation of litigation.  Although the Relator has withheld any information protected by work product privilege and common interest privilege, any non-privileged factual information or material presented as part of the Relator's disclosures to the United States has been produced to Abbott or is in the process of being produced to Abbott.

---

[3] The Court should note that the Relator's original qui tam complaints and amendments filed in the instant case and served upon Defendant Abbott were redacted to conceal information about defendants other than Abbott and information not relevant to the Relator's claims against Abbott.  Likewise, the Relator's disclosures to the Government contain information that, if ordered produced or reviewed *in camera*, would need to be redacted to comply with any applicable seal orders.

In *U.S. ex rel. Bagley v. T.R.W.*, 212 F.R.D. 554 (C.D. Cal. 2003), the court observed that "[m]ost courts considering the application of the attorney work product doctrine have held that disclosure statements prepared pursuant to section 3730(b)(2) were work product because they were prepared 'in anticipation of litigation.'" *Id.* at 559. Moreover, the court concluded, protecting relators' disclosure statements from discovery is sound public policy because, in part, "there is a strong statutory policy of encouraging full disclosure to the government." *Id.* at 560-561.  That policy would be undermined by routinely revealing discovery statements to defendants, the court noted, because it "would tend to discourage relators from preparing thorough and helpful disclosure statements, thereby requiring that the government either expend additional resources investigating qui tam cases or risk making unsound decisions about whether to intervene." *Id.* at 562. The court found also that limiting relators' disclosure statements to the government's eyes is consistent with the prevailing view that "the 'common interest' or 'joint prosecution' doctrine applies to prevent the relator's disclosures of work product to the government from operating as a waiver" of work product protection, *citing, inter alia, U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 683-685 (government and relator "are essentially the same party" and can assert joint prosecution privilege to avoid a waiver of work product immunity). Id.  The *Bagley* court concluded that the relator's disclosure statements (excluding exhibits already produced) constituted opinion work product entitled to protection from discovery:

> To meet [the statutory obligation to provide 'substantially all' of the 'material facts and evidence' in the relator's possession], the relator and his or her counsel must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that

>are material to the relator's legal claims. Therefore, the factual narratives in the disclosure statements reveal 'the mental impressions, conclusions, opinions, or legal theories of' the relator and his or her counsel. See Fed. R. Civ. P. 26(b)(3).

*Bagley*, 212 F.R.D. at 564.

In support of its demand for production of Ven-A-Care's initial "written disclosure" material, Abbott cites several rulings of federal district courts on discovery disputes and asserts that "[n]o claim of privilege protects the information in Ven-A-Care's disclosure statement . . ." (Docket 4135, Abbott's Motion to Compel, p. 15). The authorities cited fall short of supporting Abbott's representation of the state of federal law on the issue.

The decisions cited by Abbott acknowledge that "opinion" work product in a relator's disclosure statement to the government is not discoverable. *See, e.g., U.S. ex rel. Cericola v. Ben Franklin Bank* (N.D. Ill. 2003) (where court determined that the disclosure statement contained both ordinary and opinion work product, opinion work product would be redacted); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F. Supp. 1338, 1346 (E.D. Mo. 1996) (opinion work product is absolutely protected against discovery, regardless of any showing of substantial need or undue hardship; where disclosure statement was not provided for *in camera* review, court would find entire statement to be ordinary work product). Further, cases cited by Abbott acknowledge also that even "ordinary" work product is discoverable only if the requesting party proves (a) a substantial need for the material, and (b) that it cannot obtain the substantial equivalent of the material by any other means without undue hardship. See, e.g., *U.S. ex rel Stone v. Rockwell International Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992) (citing "mental impressions" restriction of Fed. R. Civ. P. 26(b)(3) and scrutinizing the discovery statement to ensure that it contained no

mental impressions, conclusion, opinions or legal theories of counsel); and *U.S. ex rel. Hunt v. Merck-Medco Managed Care, Inc.* 2004 U.S. Dist. LEXIS 7152 (E.D. Pa. 2004).

In *Hunt*, the court found that even assuming disclosure statements constituted only factual work product and not opinion work product, defendant had not met "substantial need" and "undue hardship" requirements for discovery where trial was "many months away" and defendants had not yet deposed relators. *Id*. at *7-8. Therefore, the court ordered that production would be "premature at best." *Id.* at *10. Abbott, like the defendants in *Hunt*, will have ample opportunity to depose the Relators and has already received information provided to the United States by the Relator as part of the Relator's Rule 26 disclosures as well as in response to Abbott's discovery requests.

In *U.S. ex rel. Burroughs v. DeNardi Corp*., 167 F.R.D. 680, 684-685 (S.D. Cal. 1996), a case not cited by Abbott, the court required the disclosure statement to be provided for *in camera* review to facilitate a subsequent ruling on discoverability, because without reviewing the documents the court could not ascertain "whether the organization and characterization of the facts presented would indeed reveal plaintiff's counsel's assessment of the strength of such facts and evidence (which would, in turn, reveal plaintiff's counsel's mental impressions, opinions and theories about the case)." Although not deciding the issue before seeing the documents, the court commented that "it would be difficult for the court to see how the documents could be characterized as anything other than 'opinion work product,' specifically protected from disclosure to opposing counsel." Id. at 684. *See also U.S. ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378, 386 (N.D. Ill. 2005) (portions of disclosure statement where relator "makes

conclusions, expresses his opinions and legal theories, and draws inferences from the facts" are opinion work product and are not discoverable); *U.S. ex rel. Carter v. Medica-Rents Co.,* 2002 U.S. Dist. LEXIS 14249 (N.D. Tex. 2002) (work product doctrine "clearly applies" to memoranda written from relators to United States and its representatives during time in which United States was deciding whether to intervene; *citing Burroughs*, 167 F.R.D. 680).

The discoverability of a relator's disclosures to the government is an important issue, transcending the relator's private interests and implicating the government's interests in receiving assistance from its citizens in enforcing the law. As the court observed in *Bagley*, to the extent relators must fear that their disclosure statements will be handed over to defendants someday, they will be discouraged from including those analytical and strategic insights that would enhance the government's ability to benefit from the relator's full assistance in achieving the statutory purpose.

Abbott also asserts that it is entitled to the disclosure statement in order to determine whether Ven-A-Care properly complied with the *False Claims Act* and that if Ven-A-Care's disclosure was inadequate, the Court may dismiss the complaint. The purpose of the qui tam provisions requiring notice to the Government and written disclosures is to ensure that the United States has the ability to adequately investigate the claims and make an informed intervention decision. *Bagley*, 212 F.R.D. at 555. The cases they cite are completely distinguishable from the instant case in that they are all cases where the Government declined intervention or where the Government was not participating in the litigation. *See, United States ex rel. Pilon v. Martin Marietta Corp.*, 60

F. 3d 995, 1000 (2d cir. 1995)(finding that in a declined case the Relator's failure to comply with the filing and service provisions of §3730(b)(2) irreversibly frustrated the congressional goals underlying those provisions with respect to giving proper notice of the case and the claims to the government);*United States ex rel. Made in the USA Foundation v. Billington*, 985 F. Supp. 604, 606 (D. Md. 1997)(United States declined intervention, moved for dismissal of claims against one party and moved for summary judgment on the FCA claim for failure to provide the government with an adequate disclosure statement.).  In *Foster v. Savannah Commc'n*, 140 Fed. Appx. 905, 908 (11th Cir. 2005) and *White v. Apollo Group*, 241 F.Supp. 2d 710 (W.D. Tex 2003), cited by Abbott, the United States was not even a named party in the actions and presumably was never put on notice of their existence or allowed to make a declination decision.[4]   None of the cases cited by Abbott present a factual scenario where the defendant was moving to dismiss a case against a relator or the government in an intervened case based on inadequacies of the Relator's written disclosure statement pursuant to 31 U.S.C. §3730(b)(2).

In light of these authorities, Ven-A-Care should not be required to turn over to Abbott its disclosure material prepared and provided to the United States in anticipation of litigation.  At the very least, the court should review the materials *in camera* before requiring any portion to be disclosed, to avoid revealing opinion work product of Ven-A-Care and its attorneys.

---

[4] Additionally, Abbott cites *United States ex rel. Kriendler & Kriendler v. United Techs. Corp.*, 985 F. 2d 1148 (2d Cir.), cert. denied, 508 U.S. 973 (1993) to support its position.  However, Kriendler does not support their argument for discovery of the written disclosures of the Relator and instead discusses "public disclosures" under 31 U.S.C. §3730(e)(4) which are irrelevant to the discovery of written disclosures that are the subject of Abbott's motion.

## IV. CONCLUSION

WHEREFORE the Relator, Ven-A-Care of the Florida Keys, Inc. requests that this Court deny the Defendant Abbott's Motion to Compel in its entirety.

DATED: JUNE 1, 2007.

        For the Relator,
        Ven-A-Care of the Florida Keys, Inc.

        /s/ Alison W. Simon
        James J. Breen
        Alison W. Simon
        The Breen Law Firm
        P. O. Box 297470
        Pembroke Pines, FL 33029-7470
        Phone: 954-874-1635
        Fax: 954-874-1739
        Email: jbreen@breenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day, June 1, 2007, caused an electronic copy of the above to be served on all counsel of record via electronic mail service by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

        /s/ Alison W. Simon
        Alison W. Simon