UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS <br> Judge Patti B. Saris |

**DECLARATION OF JEFFREY L. KODROFF IN SUPPORT OF CLASS COUNSEL'S OPPOSITION TO MOTION OF NAMED CLASS REPRESENTATIVE M. JOYCE HOWE FOR RECONSIDERATION OF PRELIMINARY APPROVAL OF PROPOSED NATIONWIDE SETTLEMENT WITH ASTRAZENECA**

I, Jeffrey L. Kodroff, affirm under penalty of perjury as follows:

1. I am a partner in the law firm of Spector, Roseman & Kodroff, P.C. and Co-Lead Counsel in this action. I submit this Declaration in support of Class Counsel's Opposition to the Motion of Named Class Representative M. Joyce Howe for Reconsideration of Preliminary Approval of Proposed Nationwide Settlement with AstraZeneca.

2. I was present at the Friday, May 4, 2007 mediation with Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca) which is the subject of part of Mrs. Howe's Objection. I also participated in numerous telephone calls and email distributions leading up to the mediation which discussed possible settlement with AstraZeneca.

3. The mediation was attended by myself, Marc Edelson of Hoffman & Edelson, LLC, Kenneth A. Wexler of Wexler Toriseva Walace LLP and Mr. Haviland. Steve Berman of Hagens Berman Sobol & Shapiro participated in all substantive parts via telephone. Throughout the mediation, each attorney made comments and suggestions regarding the various aspects of the settlement. Acceptance or rejection of any particular item was done by a majority vote.

4.      Mr. Haviland participated in all issues being discussed as part of the settlement negotiations. There was discussion and analysis of various different points of view by and among class counsel on both the content of discussions and style by which to proceed. Mr. Haviland, as all counsel did throughout the course of this litigation generally and specifically during the settlement discussions with AZ, expressed different points of view and opinions on the best course of action. Any and all discussions were always inclusive of everyone's thoughts, ideas and suggestions. Ultimately, every position taken by lead counsel was the result of the consensus of all counsel. No one, including Mr. Haviland, specifically objected to any part of the settlement process or the agreement reached on May 4, 2007.

5.      The only issue raised by Mr. Haviland before signing was the need to get Mrs. Howe's authority. Mr. Edelson directly asked Mr. Haviland to call his client right then and there. Mr. Haviland agreed and left the room to make the call. Upon returning he indicated that she approved. Mr. Haviland did not state that either he or Mrs. Howe objected in any way to the settlement.

6.      Once the substantive terms of the settlement were resolved, the discussion turned to fees, expenses and incentive awards for the named plaintiffs. As with the substantive discussions, Mr. Haviland was actively involved with the negotiations for all these elements. In fact, the most ardent position taken by Mr. Haviland all day was his belief that the named plaintiffs should receive an incentive award of $25,000. He made it perfectly clear that he believed Mrs. Howe, because defendants deposed both Mr. Howe and then his estate, deserved an incentive award of $25,000. It was ultimately agreed to seek incentive awards for each named plaintiff of $5,000.

7. Mr. Haviland, along with Mr. Edelson, left the mediation before the MOU was finalized and signed in order to catch a flight back to Philadelphia. As he was leaving he never stated that either he or Mrs. Howe had any disagreement with the settlement terms.

June 5, 2007

Jeffrey L. Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
215-496-0300