UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF CLASS COUNSEL'S OPPOSITION TO MOTION OF NAMED CLASS REPRESENTATIVE M. JOYCE HOWE FOR RECONSIDERATION OF PRELIMINARY APPROVAL OF PROPOSED NATIONWIDE SETTLEMENT WITH ASTRAZENECA**

I, Kenneth A. Wexler, affirm under penalty of perjury as follows:

1.      I am the founding partner of Wexler Toriseva Wallace LLP and Co-Lead Counsel in this action. I submit this Declaration in support of Class Counsel's Opposition to the Motion of Named Class Representative M. Joyce Howe for Reconsideration of Preliminary Approval of Proposed Nationwide Settlement With AstraZeneca.

2.      I was present at the Friday, May 4, 2007 mediation with Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca) which is the subject of part of Mrs. Howe's Opposition.

3.      Mr. Haviland, Ms. Howe's attorney, arrived late to the mediation. Once he arrived he, like others present at the mediation, made various comments during the negotiation process. His comments, like the comments of all Co-Lead Counsel, were fully considered and discussed throughout the mediation.

4.      Mr. Haviland did not indicate that he had a major disagreement with any aspect of the proposed settlement until he indicated to Marc Edelson and I that he thought that class members should be entitled to claim amounts that included the deductibles class members paid

on their insurance policies. Mr. Edelson and I encouraged Mr. Haviland to voice his objections to the group as a whole, which he did. However, ultimately his proposal was rejected as inconsistent with the liability theory pursued by Plaintiffs throughout the course of this case. In short, Plaintiffs' theory has always been that damages should be determined by the amounts *actually paid* by class members for the subject drugs themselves. This is the theory articulated in all of Dr. Hartman's reports submitted in this case.

5.     Toward the end of the mediation Mr. Edelson encouraged Mr. Haviland to speak with his client to obtain her approval of the proposed settlement. Mr. Haviland thereafter stepped outside to speak to his client. When he returned, he stated that he had obtained his client's approval; however, he wanted Ms. Howe to receive an incentive award of $25,000 rather than the $5,000 that was proposed. Mr. Haviland's proposal was rejected because that amount was out-of-line with other incentive awards made to consumer clients in similar cases. Other than saying he would seek from the Court additional monies for his client if any settlement funds were left over, Mr. Haviland did not make further mention of this subject and, in fact, left the mediation shortly thereafter.

6.     Other than the two issues identified above, I do not recall Mr. Haviland indicating that he had any additional areas of disagreement with the terms of the settlement. I did not know that either Ms. Howe or Mr. Haviland disagreed with any terms of the proposed settlement until I read Ms. Howe's Objection (and later Motion for Reconsideration of Preliminary Approval) on the days they were filed.

7.     Finally, the specific amount of attorneys' fees and costs were not discussed at the mediation until after the parties reached an agreement in principle regarding the $24,000,000 settlement amount. Prior to reaching that agreement, the only time attorneys' fees were

-2-

discussed was during the week leading up to the mediation, when Plaintiffs provided some

ballpark figures to the MDL Mediator Eric Green so that AstraZeneca could determine what its

total potential exposure might be.  At no time did Plaintiffs negotiate any term of the Settlement

Agreement in exchange for concessions on the amount of attorneys' fees.  Moreover, during the

mediation Mr. Haviland never expressed the view that the mediation had been "tainted" by prior

discussions of attorneys' fees.

May 29, 2007

Kenneth A. Wexler
Wexler | Toriseva | Wallace LLP
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 346-0022 (facsimile)