UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS  Judge Patti B. Saris |

**DECLARATION OF MARC H. EDELSON IN SUPPORT OF CLASS COUNSEL'S OPPOSITION TO MOTION OF NAMED CLASS REPRESENTATIVE M. JOYCE HOWE FOR RECONSIDERATION OF PRELIMINARY APPROVAL OF PROPOSED NATIONWIDE SETTLEMENT WITH ASTRAZENECA**

I, Marc H. Edelson, affirm under penalty of perjury as follows:

1. I am a partner in the law firm of Hoffman & Edelson, LLC and Co-Lead Counsel in this action. I submit this Declaration in support of Class Counsel's Opposition to the Motion of Named Class Representative M. Joyce Howe for Reconsideration of Preliminary Approval of Proposed Nationwide Settlement With AstraZeneca.

2. I was present at the Friday, May 4, 2007 mediation with Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca) which is the subject of part of Mrs. Howe's Opposition. I also participated in numerous telephone calls and email distributions leading up to the mediation which discussed possible settlement with AstraZeneca.

3. The mediation was attended by myself, Jeffrey Kodroff of Specter Roseman & Kodroff, PC, Kenneth A. Wexler of Wexler Toriseva Wallace LLP and Mr. Haviland. Steven Berman of Hagens Berman Sobol Shapiro participated by telephone. Throughout the mediation, each attorney made comments and suggestions regarding the various aspects of the settlement. Acceptance or rejection of any particular item was done by a majority vote.

4. Mr. Haviland, like each of the other participants made suggestions which were duly noted and discussed. I recall that early in the day, Mr. Haviland attempted to reach his client to seek her approval regarding the terms of the settlement but was unsuccessful.

5. Toward the end of the mediation Mr. Haviland raised the issue of stipends for the class representatives. He was adamant that each should receive the sum of Twenty Five Thousand Dollars ($25,000.00) which I and the others thought was unreasonable. After much discussion, it was determined that we would seek Five Thousand Dollars ($5000.00) for each of the class representatives. Mr. Haviland then sought to reach his client to obtain her approval. When he returned, he stated that he had explained the settlement to Mrs. Howe and she was amenable to the terms of the settlement.

6. After the terms of the settlement were discussed and agreed to, the parties began a discussion of the amount of fees and expenses that AstraZeneca would agree to pay to plaintiffs' counsel. Numerous proposals were made by each side. After much negotiation and at a time when AstraZeneca had agreed to pay up to Eight Million Dollars ($8,000,000.00), Mr. Haviland and I left to return to Philadelphia leaving Mr. Kodroff, Mr. Wexler and Mr. Berman to conclude the negotiation.

7. At no time during our trip back to Philadelphia did Mr. Haviland express any reservations about the terms of the settlement or the conduct of plaintiffs' counsel during the mediation.

June 3, 2007

Marc H. Edelson
Hoffman & Edelson, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
215-230-8043