# EXHIBIT A





**U.S. Department of Justice**

Civil Division

JRB:DRA:RAF
DJ: 46-18-1921

Atty: Rebecca A. Ford
Tel. (202) 514-1511

*Post Office Box 261
Benjamin Franklin Station
Washington, DC 20044*

March 30, 2007

**BY HAND DELIVERY**

Mr. Bruce Callahan
Chief Executive Officer
Ultra Care, Inc.
2001 Janice Avenue
Melrose Park, IL  60160

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
           1456, Civil Action No. 01-12257-PBS

Dear Sir:

      In connection with *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc.,
v. Abbott Laboratories Inc.*, Civil Action No. 06-11337-PBS, a case that is part of the above-
captioned multi-district litigation, enclosed please find a subpoena being served on Ultra Care,
Inc. pursuant to Rule 45 of the Federal Rules of Civil Procedure.

      In addition to the documents being sought in Civil Action No. 06-11337-PBS, the
Department of Justice anticipates issuing subpoenas related to two other cases that are part of the
multi-district litigation (*United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v.
Dey, Inc., et al.*, Civil Action No. 05-11084-PBS and *United States of America, ex rel. Ven-a-
Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-
10248-PBS). We are advising you of our intention to serve subpoenas in Civil Action Nos. 05-
11084-PBS and 07-10248-PBS for documents and data requested by the attached subpoena
related to drugs contained on attachments to this letter that were sold by Dey, Inc., Dey L.P., Inc.
and Dey L.P. (collectively the "Dey Defendants"), and by Boehringer Ingelheim Corp.,
Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc. and Roxane
Laboratories, Inc. (collectively the "Roxane Defendants"), to put you on notice to preserve all
such documents. We are also notifying you of our intention to issue additional subpoenas in the
event that, for purposes of economy and efficiency, you wish to gather and produce responsive
documents in Civil Action Nos. 06-11337-PBS, 05-11084-PBS and 07-10248-PBS
simultaneously.

      Should you have questions regarding the documents and data commanded by this

-2-

subpoena, please contact me [(202) 514-1511] or Assistant United States Attorney for the Southern District of Florida Mark Lavine [(305) 961-9303].

We look forward to receiving the requested information by the return date on the subpoena.

Very truly yours,

Rebecca A. Ford
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures:
1.   Subpoena with accompanying Attachments A and B
2.   List of Subject Drugs Sold by the Dey Defendants
3.   List of Subject Drugs Sold by the Roxane Defendants

Cc:   Mr. Mark Lavine, Assistant United States Attorney, Southern District of Florida

*UNITED STATES DISTRICT COURT*
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION **THIS DOCUMENT RELATES TO:** | ) ) ) ) | **SUBPOENA IN A CIVIL ACTION** |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS Hon. Patti Saris |

TO: Ultra Care, Inc.
2001 Janice Avenue
Melrose Park, IL  60160 USA

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✔ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibits A and B

| PLACE | DATE AND TIME |
|---|---|
| Civil Division, Commercial Litigation Branch Civil Fraud Section U.S. Department of Justice Patrick Henry Building 601 D Street, N.W. Washington, D.C. 20004 | April 30, 2007 |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE  (Indicate if Attorney for Plaintiff or Defendant) | DATE   March *30*, 2007 |
|---|---|
| *Rebecca A. Ford* Rebecca Ford, Trial Attorney (Attorney for the United States) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rebecca Ford
Civil Division, Commercial Litigation Branch, Civil Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004
202-514-1511

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON  (Print Name) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY  (Print Name) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                Date

Signature of Server

_____

Address of Server

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;

   (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)   subjects a person to undue burden.
   (B)  If a subpoena
   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.
   (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA EXHIBIT A:  DEFINITIONS, INSTRUCTIONS & REQUESTS

### 1.  DEFINITIONS

As used in Subpoena Exhibits A and B, the following terms include the meanings set forth below:

A.  The term "Defendant" refers to Abbott Laboratories, Inc. and any of its predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates (including, but not limited to, Hospira, Inc.), divisions (including, but not limited to, Abbott's Hospital Products and Corporate Marketing Divisions), business units (including, but not limited to, Abbott's Alternate Site Product Sales, Renal Care and Home Infusion Services business units) or branches thereof, and any present or former officers, directors, employees or agents.  The term "Defendant" also includes all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on its behalf.

B.  The term "you", "your" or "the Company" mean Ultra Care, Inc. and its predecessors, officers, directors, employees, agents, attorneys, affiliates or any person or entity acting on Ultra Care, Inc.'s behalf.

C.  The term "entity" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, governmental agency or agent, municipal corporation, state government, local government, political subdivision or any other legal entity of any kind, whether for profit or not for profit.

D.  The term "document" includes, without limitation, the originals of all writings of every kind, including, but not limited to, letters, e-mails, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned items.  The term "document" also includes altered documents, copies of all documents which are not identical duplicates of the originals and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or agents.  Altered documents include, without limitation, any modification, censorship, redaction, addition to or change which obscures, removes, amends, changes or obliterates any part of the original language, information or meaning.

E.  The term "communication" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts or ideas, or transmission or exchange of data or other information to another person or entity, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile or any other process, whether it be

by electronic means or otherwise. All such communications in writing should include, without limitation, printed, typed, handwritten, electronic or other readable documents.

F. "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on, whether legally, factually or otherwise.

G. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of this request.

H. "Subject Drugs" means the drugs listed in Exhibit B to this Subpoena.

I. The term "List Price" means any price contained in a catalog published or disseminated by the Defendant.

J. "AWP" means average wholesale price.

K. "WAC" means wholesale acquisition cost.

L. "Published Price" means any price published, disseminated or offered in any form by Medical Economics, Inc., Hearst Corporation, First DataBank, Inc. or Medispan, Inc., including any prices published in the Drug Topics Red Book, First Databank's Blue Book, First DataBank's National Drug Data File or the Hospital Formulary Pricing Guide.

M. "Third-party Payor" means Medicare, Medicaid and any private insurance company or plan.

N. "Customer" means any company, organization or entity to which you sell drugs that thereafter are actually or potentially reimbursed by any Third-party Payor.

O. The terms "Spread", "Return to Practice", and "Return on Investment" refer to the difference between the actual acquisition cost or purchase price of a Subject Drug (paid by purchasers of the Subject Drug) and the price or cost set, published or arranged by the manufacturer or the reimbursement rate paid by Third-party Payors (to purchasers of the Subject Drug). Thus, the Spread, Return to Practice or Return on Investment is the gross profit actually or potentially realized by the purchasers of the Subject Drug.

## 2. INSTRUCTIONS

A. The time period covered by each of these requests and for which you must provide all responsive documents extends from January 1, 1990 to the date of your response, and includes documents relating to such time period even though created before January 1, 1990.

B. All responsive documents should be produced in the form in which you maintain them in the usual course of your business.

2

C.   All responsive documents should be produced in the order in which you maintain them in the usual course of your business, or organized and labeled to correspond with the categories of this request.

D.   You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

E.   Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.  Documents attached at the time of the receipt of this Subpoena and accompanying Exhibits or that are attached as they are kept in the usual course of business should not be separated.

F.   If you claim privilege as a ground for not producing all or part of any document responsive to any request, provide a description of the document and describe the factual basis for said claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim, and state the date the document was prepared, the author, the addressees and all recipients.

G.   If the response to any request consists, in whole or in part, of an objection, state with specificity the full objection and the particularized basis for each said objection.

## 3.   REQUESTS

A.   All documents which mention, evidence or reflect the marketing, advertising or promotion of the Subject Drugs by you or by the Defendant.

B.   Documents sufficient to show the price paid by you for any drug that you purchased from the Defendant, including all adjustments to price such as discounts, free goods, rebates or any other item of value provided to you by the Defendant.

C.   Documents sufficient to show the price at which you sold any drug that you purchased from the Defendant, including all adjustments to price such as discounts, free goods, rebates or any other item of value provided to you by the Defendant.

D.   All documents which mention, evidence or reflect prices of the Subject Drugs, including but not limited to marketing materials, presentations, catalogs, pricing guides, price lists and/or prices contained in contracts.

E.   All documents which mention, evidence or reflect the Spread, Return to Practice, Return on Investment, or any other term referring to the actual or potential profit or loss to you or your Customers.

3

F.    All documents which mention, evidence or reflect payments from Third-party Payors for any drug that you purchased from the Defendant.

G.    All documents which mention, evidence or reflect communications with Defendant relating to changes to any List Price or Published Price, including but not limited to AWP and/or WAC.

H.    All documents which mention, evidence or reflect how the reimbursement rates set or methodologies used by any Third-party Payor, including Medicaid, Medicare or any private insurance company, affected your marketing, sale or utilization of any drug.

I.    All documents which mention, evidence or reflect that any Published Price or List Price for any drug did not accurately reflect the transaction price at which you generally purchased or sold the drug.

J.    All communications with the Defendant, including without limitation, electronic mail messages and correspondence, between your or your Customers and Defendant, which mention, evidence or reflect any List Price or Published Price, including but not limited to, AWP and/or WAC, for the Subject Drugs.

K.    All documents that mention, evidence or reflect any proposed or actual payment, in cash or in kind, directly or indirectly, to you from the Defendant, including charge backs, discounts, rebates, free goods, administrative fees, sponsorship of meetings, sponsorship of speakers, drug studies, educational or research grants, off-invoice pricing, conversion incentives, in-service training grants, trial programs or seeding programs.

L.    All documents containing lists of your Customers for each year during the time period covered by these requests.

M.    All spreadsheets and analyses including, but not limited, to Proposal Analyses prepared by Defendant and used as part of the negotiation process between Defendant and you or your Customers.

## SUBPOENA EXHIBIT B:  SUBJECT DRUGS SOLD BY DEFENDANT

Sodium Chloride Injection

Sodium Chloride Irrigation

Water for Injection

Sterile Water for Injection

Sterile Water for Irrigation

Vancomycin HCl

Vancomycin HCl Add-Vantage

Vancomycin HCL

Vancomycin HCL Add-Vantage

Dextrose Injection

5% Dextrose in Water

Dextrose 5%/ Kcl/NaCl

Dextrose 5% and 0.225% NaCL Injection

5% Dextrose/ NaCl 0.9%

Sodium Chloride 0.9%

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above **SUBPOENA** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Rebecca A. Ford

Dated: March 30, 2007

Rebecca A. Ford

## SUBJECT DRUGS SOLD BY DEY, INC., DEY L.P., INC. AND DEY L.P. (COLLECTIVELY THE "DEY DEFENDANTS")

Albuterol Inhalation Aerosol Metered-Dose Inhaler

Albuterol Inhalation Aerosol MDI Refill

Albuterol Sulfate Inhalation Solution .5%

Albuterol Sulfate .5% (Sterile)

Albuterol Sulfate Unit Dose, 0.083% Inhalation Solution

Cromolyn Sodium Inhalation Solution

Ipratropium Bromide Inhalation Solution .02%

## SUBJECT DRUGS SOLD BY BOEHRINGER INGELHEIM CORP., BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM ROXANE, INC., AND ROXANE LABORATORIES, INC. (COLLECTIVELY THE "ROXANE DEFENDANTS")

Azathioprine

Diclofenac Solution

Furosemide

Hydromorphone

Ipatropium Bromide

Oramorph SR

Roxanol

Roxicodone

Sodium Polystyrene Sulfonate