UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

## DEFENDANT ABBOTT LABORATORIES INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD-PARTY SUBPOENAS

To date, the United States has issued subpoenas to fourteen third parties, including ten former customers of Abbott Laboratories, Inc. ("Abbott") and four industry associations.[1] These subpoenas seek information thats extend far beyond any matters relevant to this case. Among other things – and despite this Court's specific admonishment that they are not entitled to such documents – the Government's subpoenas demand documents relating to *any* Abbott drug (not just the 4 drugs at issue). Moreover, the subpoenas seek to compel the production of documents through the present day, despite the fact that the time period alleged in the Government's complaint ends in 2001. In addition to the substantial burden imposed on the third-parties who must respond to these overbroad requests, Abbott will also suffer harm if these requests are not quashed (or at least curtailed), because Abbott will be forced to expend the time and money needed to review all of these productions.

Although the parties have met and conferred about this issue, the Government has refused to narrow the scope of its demands to the third-parties. Accordingly, Abbott moves this Court to

---

[1] The ten subpoenaed third-party customers are Apria Healthcare, Chartwell Home Care, Coram Health Care, Florida Infusion Services, Gerimed, Inc., Lincare Holdings, Inc. (later re-issued to Lincare, Inc. with the same compliance date), Managed Health Care Associates, Inc., Omnicare, Inc., Optioncare, Inc., and Ultra Care, Inc. Plaintiffs issued the subpoenas on March 30, 2007 and set the date for compliance at April 30, 2007. The four industry associations are the American Society of Clinical Oncology, Pharmaceutical Research and Manufacturers of America, and Generic Pharmaceutical Association (all issued April 27, 2007 with a return date of May 30, 2007), and National Home Infusion Association (issued May 11, 2007 with a return date of June 8, 2007). A sample customer subpoena is attached as Exhibit A. A sample industry association subpoena is attached as Exhibit C.

quash, or otherwise to modify the subpoenas, pursuant to Fed. R. Civ. P. 26 and 45 as discussed below.

## ARGUMENT

### I. ABBOTT HAS STANDING TO CHALLENGE THE SUBPOENAS UNDER RULES 26 AND 45.

It is axiomatic that, as a party to this case, Abbott has standing to challenge the relevancy of Plaintiffs' discovery pursuant to Fed. R. Civ. P. 26(c). "This rule provides that, upon a showing of good cause, the presiding court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2005). Even when a subpoena is directed at a third party, a party may move for a protective order preventing discovery on the grounds that it is not relevant. *See, e.g., Manufacturer Direct, LLC v. DirectBuy, Inc.,* 2007 WL 496382, *3 (N.D. Ind. Feb. 12, 2007) ("The weight of authority…reads Rule 26's broad grant of authority over discovery matters and its protection of any 'party or person' to permit [Defendant's Motion for Protective Order]."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 558, 591 (D. Kan. 2003) (defendant had standing to contest relevancy of third-party subpoena); *Syposs v. United States*, 181 F.R.D. 224, 228 (W.D.N.Y. 1998) (same).

### II. THE GOVERNMENT'S SUBPOENAS ARE OVERLY BROAD AS TO SUBJECT MATTER AND TIME FRAME, AND SHOULD BE QUASHED.

The Government's subpoenas are improper in that they demand that the 14 third-parties at issue assemble and produce: (1) documents concerning dozens of drugs that are not at issue in this litigation; (2) documents outside the relevant time period for this litigation; and (3) documents concerning the third parties' relationship with companies other than Abbott.

### A. The Government Is Not Entitled to Documents Unrelated to the Subject Drugs.

Undeterred by recent court rulings, the Government demands in its subpoenas that the third-parties produce:

- Documents showing prices paid for or sold by a customer for *any drug* purchased from Abbott (Ex. A at 3);

- Documents reflecting payments from other third-parties for *any drug* (*Id.* at 4);

- Documents reflecting reimbursement rates or methodologies published by any third-party affecting marketing sale or utilization of *any drug* (*Id.*);

- Documents stating Published or List prices for *any drug* were not accurate. (*Id.*)

These requests are impermissibly broad.[2] The Government's complaint is narrowly drawn to include claims related to *four* drugs only – not every drug Abbott sells.[3] And this complaint sets the metes and bounds of permissible discovery in the case, for the Federal Rules could scarcely be more clear in instructing that discovery is limited *only* to those matters that are "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); *see also* Advisory Comm. Note (2000) (parties to a civil action "have no entitlement to discovery to develop new claims or defenses that are not already included in the pleadings").

Consistent with the mandates of Rule 26, this Court also has made clear that the Government "can't have a hundred documents relating to a hundred drugs when you're suing for four." (Hr'g Tr. 25 (Feb. 27, 2007), attached as Ex. B.) Indeed, the Court has refused to allow the Government to force even Abbott, a party to the case, to produce documents that relate exclusively to drugs not named in the complaint. (*See* May 22, 2007 Order (Dkt. 4244) at 1-3.) In light of this ruling, there can be no possible justification for forcing *non-parties* (who are

---

[2] For example, the Government actually seeks to compel these third parties to produce documents mentioning payments for animal products sold by the Abbott division responsible for animal health. (Ex. A at 4, ¶ K). Of course, no animal products are reimbursed by Medicare or Medicaid, and thus these documents can have no conceivable relevance to this case.

[3] The Government recently filed an amended Complaint, purporting to add a fifth drug.

entitled to greater protection than parties) to incur the burden of producing such documents.  *See Grider v. Keystone Health Plan Cent., Inc.*, 2005 WL 2030456,*7 (M.D. Pa. 2005) ("Moreover, in cases where a non-party is the subject of discover requests, courts may impose broader restrictions, particularly where a non-party is requested to produce documents of another non-party.").

The Government bears the burden to show good cause why the discovery it seeks from third parties about drugs not at issue in this case should be allowed.  *Caouette v. Officemax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005) ("[t]he party seeking information in discovery over an adversary's objection has the burden of showing its relevance"); *Daniels v. Am. Power Conversion Corp.*, No. 05-459ML, 2007 U.S. Dist. LEXIS 10858, at *3-4 (D.R.I. 2007) (same). The Government could not sustain this burden when it tried to get the same documents directly from Abbott, and this effort to pry them from non-parties should likewise fail.  Simply put, the Government is not entitled to discover information regarding every drug ever produced, sold, or marketed by Abbott, and its effort to conduct this frolic and detour at the expense of non-parties should be rejected.[4]

### B. The Government Is Not Entitled to Documents Created After 2001.

The Government's subpoenas are similarly faulty because they seek documents from a time period that is far too long.  Despite the fact that its complaint is limited on its face to a time frame of January 1991 through January 2001, the Government demands that the third-parties responding to these subpoenas produce materials dating from "January 1, 1990 to the date of your response, and [including] documents relating to such time period even though created before January 1, 1990."  (Ex. A at 2.)  The Government cannot justify this demand.

---

[4] For a more complete discussion of why this type of fishing expedition ought not be allowed, *see* Abbott's Response to The United States' Motion to Compel a Response to The United States' First Set of Interrogatories. (Dkt. 4152 at 4-7.)

*First*, the Government has not and cannot show that discovery ranging beyond 2001 would produce relevant evidence.  The claims at issue in this case cut off at January 2001, and the Government's own allegations state that the AWPs at issue declined dramatically after 2001.  (*See* Compl. ¶¶ 84, 88.)  And the Government's own actions show that it could not possibly have been relying upon the pricing-compendia published AWPs in 2001, when the Government published a list of "true" AWP prices for various drugs, including the Subject Drugs at issue here.  (Dep't of Health and Human Serv., Health Care Financing Admin., *Program Memorandum: An Additional Source of Average Wholesale Price Data in Pricing Drugs and Biologicals Covered by the Medicare Program* (Sept. 8, 2000).)[5]

*Second*, even if the Government could show relevance, which it can't, such requests are unduly burdensome *as to a party*, let alone a non-party.  *See Briddell v. St. Govain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005) (relevant information, which is otherwise discoverable, may be limited "temporally" in order to avoid overly broad and unduly burdensome requests); *Grider*, 2005 WL 2030456,*7 (M.D. Pa. 2005).  With no demonstrable "good cause" for forcing these non-parties to produce discovery extending all the way to the present, the Government's subpoenas cannot stand.

### C. The Government Is Not Entitled to Documents Relating to the Third-Parties' Business Relationship with Hospira.

Inexplicably, the Government defines Hospira, Inc. as an "affiliate" of Abbott for purposes of its subpoenas, in effect requiring that the recipients produce documents relating to their business relationship with Hospira as well as with Abbott.  That is wholly improper.  Hospira is not an "affiliate" of Abbott under any definition of the term; it is a separate company that was spun off from Abbott in 2004, and in which Abbott retains no ownership interest.

---

[5] At a bare minimum, the Government's subpoenas should be modified to include an end date of 2003, which is the outside limit set by Judge Saris in the MDL action.

Hospira is not a party to this litigation, and given that it has only existed since 2004 (three years after the damages period alleged in the Government's complaint ended), there is no basis to permit the Government to force third-parties to produce documents relating to their business transactions with Hospira.

### III. THE GOVERNMENT'S SUBPOENAS WOULD IMPOSE AN UNDUE BURDEN ON ABBOTT.

Although the impermissible breadth of the Government's subpoenas provides more than ample basis for quashing them, the Court is also entitled to consider the burden that this proposed discovery would impose on Abbott. Abbott would be forced to review the entire production from each of these fourteen third-parties, even though such productions would largely be duplicative of each other as well as Abbott's ongoing document production to Plaintiffs. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("To the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden for Defendants, Defendants have standing to quash on those grounds."). Particularly given the fact that the subpoenas seek a host of information that has no relevance to this case, the scales clearly tip in favor of quashing (or modifying) the Government's requests. *See Grider*, 2005 WL 2030456 at *7 ("When determining whether a subpoena places an undue burden on a person, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding.").

### CONCLUSION

For all these reasons, Abbott respectfully moves this Court to enter an Order quashing the fourteen third-party subpoenas issued by the Government, or preventing the Government from

enforcing the subpoenas. Alternatively, the Court should enter an Order directing that the Government inform each of the fourteen non-party recipients that, in responding to the subpoenas, they need not produce documents (i) unrelated to the Subject Drugs at issue in this case; (ii) that were created after December 31, 2001; or (iii) that relate to Hospira, Inc.

Dated: June 6, 2007

Respectfully submitted,

ABBOTT LABORATORIES INC.

By: /s/ Jason G. Winchester
James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

*Counsel for Abbott Laboratories Inc.*

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I certify that the moving party has communicated with opposing counsel in an effort to resolve the dispute referred to in this motion, and that opposing counsel indicated they would not consent to this motion.

/s/ Brian J. Murray

### CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2007, a true and correct copy of the foregoing **ABBOTT LABORATORIES INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD-PARTY SUBPOENAS** was served upon all counsel of record electronically by causing this motion to be posted via Lexis-Nexis.

/s/ Brian J. Murray