**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) | MDL DOCKET NO. 1456 |
| | ) | Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**THIRD-PARTY HOSPIRA, INC.'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS TO THE EXTENT THEY SEEK HOSPIRA INFORMATION**

Plaintiffs have issued broad subpoenas requesting a wide range of documents from fourteen third parties (both 10 former Abbott customers and 4 industry associations) in which they expressly seek documents and information relating to non-party Hospira, Inc.'s current sales, pricing and contracting information.[1] Not only is Hospira not a party to this litigation, but it did not even exist during the timeframe relevant to this suit. Worse, the protective order in place in this litigation does not cover non-party Hospira, meaning that production by the third-party subpoena recipients could potentially render Hospira's confidential information public, with no means for Hospira to protect itself. This Court's intervention to protect Hospira's rights is urgently required.

For these reasons, as set forth more fully below, Hospira hereby moves this Court to quash these fourteen third party subpoenas as to Hospira information pursuant to Fed. R. Civ. P. 45. In the alternative, Hospira asks that the Court issue a protective order preventing Plaintiffs

[1] The ten subpoenaed third-party customers are Apria Healthcare, Chartwell Home Care, Coram Health Care, Florida Infusion Services, Gerimed, Inc., Lincare Holdings, Inc. (later re-issued to Lincare, Inc. with the same compliance date), Managed Health Care Associates, Inc., Omnicare, Inc., Optioncare, Inc., and Ultra Care, Inc. Plaintiffs issued the subpoenas on March 30, 2007 and set the date for compliance at April 30, 2007. The four industry associations are the American Society of Clinical Oncology, Pharmaceutical Research and Manufacturers of America, and Generic Pharmaceutical Association (all issued April 27, 2007 with a return date of May 30, 2007), and National Home Infusion Association (issued May 11, 2007 with a return date of June 8, 2007). A sample customer subpoena is attached as Exhibit A. A sample industry association subpoena is attached as Exhibit C.

from enforcing the subpoenas – or, at the very least, limiting disclosure of Hospira's confidential information. In support of this motion, Hospira states as follows:

1. Hospira is not a party to this case. In fact, during the period of time relevant to this litigation (1991 – 2001), Hospira did not even exist. *See* Dkt. 1452 at 7-8; Compl. ¶¶ 84, 88 (alleging scheme from 1991 – 2001). Hospira was not even formed until 2004 – over three years after the end of the alleged fraudulent scheme. (*See* Hospira's Motion to Dismiss, Dkt. No. 26, in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc*., et al., No. 06-21303 (S.D. Fla.).) Thus, any document reflecting the pricing or marketing practices of Hospira between 2004 and 2007 is irrelevant to Plaintiffs' claims here.

2. Nonetheless, in their current quest for wide-ranging third-party discovery, Plaintiffs' subpoenas wrongly assert that Hospira is an "affiliate" of Abbott Laboratories, Inc., even though "affiliate" is undefined. Hospira, Inc. is not, as plaintiffs have suggested in the definitions set forth in their subpoenas, an "affiliate" of Abbott Laboratories, but a completely separate corporation.[2] This effort to lump Hospira into the definition of "Defendants" in this case is nothing more than a transparent attempt by Plaintiffs to obtain Hospira documents and information even though such discovery is wholly irrelevant and Hospira is a non-party.

3. As a non-party to this case, Hospira may assert a relevancy objection to Plaintiffs' third-party subpoenas if Hospira can establish standing pursuant to Fed. R. Civ. P. 45. For example, in *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003), the court explained: "[Rule 45] does not include relevance as an enumerated reason for quashing a subpoena…however…the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)…the court must examine whether a request…is overly broad or

[2] In 2004, Abbott spun off its former Hospital Products Division, which became Hospira, Inc. Hospira has not objected to discovery relating to Abbott's activities between 1991 and 2001 but does object to third party discovery of Hospira current customers seeking 2004-2007 contracts, pricing and other Hospira information.

seeking irrelevant information under the same standards…." *Id.*; *Stewart v. Mitchell Transport, Inc.*, 2002 WL 1558210, *3 (D. Kan. 2002) (same).

4. Hospira has standing to quash Plaintiffs' subpoenas because the subpoenas require disclosure of sensitive "commercial information," which is a "personal right or privilege" under Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 45(c)(3)(B)(i); *Transcor, Inc.*, 212 F.R.D. at 592; *Sypos v. United States*, 181 F.R.D. 224, 226-27 (W.D.N.Y. 1998) (non-party doctor had standing pursuant to Rule 45 because of confidential commercial interest in phone records, even though he had no constitutional privacy or privilege interest). "Commercial information" is "information which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Tanscor, Inc.*, 212 F.R.D. at 592.

5. Plaintiffs' subpoenas seek Hospira's confidential commercial information. Specifically, Plaintiffs seek confidential pricing information for literally all of Hospira's products from 2004 until the present. For example, the Subpoenas seek "[d]ocuments sufficient to show the price paid by you for any drug that you purchased from [Hospira], including all adjustments to price…." (Ex. A at 3) This request would require each customer to divulge, for example, every 2007 contract with Hospira for every generic drug, none of which is even remotely germane to this litigation. Those contracts would include confidential pricing information. This is all the more troubling because (1) Plaintiffs' subpoena dates extend to the present – 2007 – and (2) Hospira was not even created until 2004 – meaning that all the sensitive information sought is less than 4 years old. Thus, production of the Hospira-related information Plaintiffs seek is clearly prejudicial to Hospira.

6. Conversely, Plaintiffs can assert no need for Hospira documents and information. As noted above, the relevant time period for Plaintiffs' allegations is 1991 to 2001. The Government's claims in *this* case end in 2001, and accordingly, that should be the appropriate timeframe for discovery. Hospira did not exist until 2004.

7. Even if the parameters of discovery could be extended past the complaint's cutoff date in this case (which they should not be), Judge Saris has indicated that the latest date of potentially relevant discovery in the *entire MDL* is 2003, because after that, "the whole world knew about inflated AWPs...." (2/27/2007 Hrg. Tr. at 19 (attached as Ex. B).) Again, Hospira was not spun off from Abbott until 2004.

8. Plaintiffs have failed to demonstrate how non-party Hospira's documents are remotely relevant to their claims or defenses, nor have Plaintiffs even attempted to establish "good cause" for discovery predicated on any relationship to the subject matter of the litigation. *See* Fed. R. Civ. P. 26(b)(1); Dkt. 4152 at 5 (under the post-2000 rules, Plaintiff must show "good cause" to obtain discovery tangentially related to the subject-matter of the litigation).

WHEREFORE, for all these reasons, Hospira respectfully requests that this Court quash Plaintiffs' fourteen third party subpoenas, to the extent that they seek Hospira information, and order that (a) any document or information pertaining to Hospira (rather than Abbott) need not be produced and (b) any document or information pertaining to Hospira (rather than Abbott) that has already been produced to Plaintiffs be immediately returned or destroyed. In the alternative, Hospira asks that the Court issue a protective order preventing Plaintiffs from enforcing the subpoenas – or, at the very least, limiting disclosure of Hospira's information.

Dated: June 6, 2007

Respectfully submitted,

HOSPIRA, INC.

By: /s/ Brian J. Murray

James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Counsel for Hospira, Inc.*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that the moving party has communicated with opposing counsel in an effort to resolve the dispute referred to in this motion, and that opposing counsel indicated they would not consent to this motion.

/s/ Brian J. Murray

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2007, **THIRD-PARTY HOSPIRA, INC.'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS**, a true and correct copy of the foregoing was served upon all counsel of record electronically by causing this motion to be posted via Lexis-Nexis.

/s/ Brian J. Murray