# EXHIBIT B

```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


In Re:                        )
PHARMACEUTICAL INDUSTRY        ) CA No. 01-12257-PBS
AVERAGE WHOLESALE PRICE        ) MDL No. 1456
LITIGATION                     ) Pages 1 - 49




                      MOTION HEARING

            BEFORE THE HONORABLE PATTI B. SARIS
              UNITED STATES DISTRICT JUDGE




                         United States District Court
                         1 Courthouse Way, Courtroom 19
                         Boston, Massachusetts
                         February 27, 2007, 10:10 a.m.












                  LEE A. MARZILLI
               OFFICIAL COURT REPORTER
             United States District Court
             1 Courthouse Way, Room 3205
                Boston, MA  02210
                  (617)345-6787
```

514bf967-2d22-4082-baaa-b8173ddef2eb

Page 18

1   It's been fully briefed.
2         THE COURT:  Oh, well, I didn't know that.
3         MS. BROOKER:  Yes.
4         MR. DALY:  It's before Judge Magistrate Bowler,
5   your Honor.
6         THE COURT:  So why don't you just let her decide?
7   Why am I even ruling on it?
8         MR. BREEN:  Your Honor, without the suggestion you
9   made, I can't file the documents, and this is an important
10  point.  Let me just add -- can I ask one question to make
11  sure I -- can I serve the government with this motion and
12  including the sealed documents?
13        MR. DALY:  You know, it's hard for me to say in
14  terms of whatever it is that you're doing, Mr. Breen.  I
15  mean, our problem is this, Judge:  I mean, there are temporal
16  problems.  The government is only suing us up until 2001.
17  They cut off their complaint thereafter.  Mr. Breen in Texas
18  is suing us up to the present day.  Every hour that goes by
19  is part of Mr. Breen's suit there.
20        THE COURT:  Is this based on AWP?
21        MR. BREEN:  Yes, your Honor, the same case.
22        THE COURT:  Let me just say, in one of my many
23  other suits, I cut things off at 2003 because at that point
24  the Medicare Modernization Act came through, so that's where
25  I cut it off.  I don't know where the -- that strikes me as a

Page 19

1   reasonable cutoff, at least for the time being.  That's when
2   the ASP came into play and the whole world knew about
3   inflated AWPs, or at least anyone who was part of this world
4   knew probably by 2001, but certainly by the time Congress
5   passed the statute, right, everybody knew?  So that would be
6   one compromise date, a couple of years after the ending of
7   your class.  I mean, some of this should just be worked out.
8         MS. BROOKER:  Judge, we have been trying to work
9   this out for three months, and let me just explain.  Here's
10  the problem:  The government, we are just standing still.  We
11  are prevented from moving further.  Here's what we cannot do.
12        THE COURT:  What do you want me to do now?  I
13  haven't read these motions to compel?  I walked in here
14  thinking I was just going to set deadlines.  You may be right
15  or wrong.  I'm trying to cut through this, okay?
16        MS. BROOKER:  Yes, your Honor.  We're just asking
17  for, frankly, what all the CMOs have said, even your most
18  recent --
19        THE COURT:  I can't rule off the bench.  I haven't
20  even read my CMOs.  I don't remember what the debate was.  I
21  don't know.  So I'm happy to rule.  I can't do it right this
22  second, that's all.  I think this compromise will get you
23  through a lot.  And so I am suggesting that what -- you may
24  win.  You may win.  I haven't read anything.  I don't know
25  about you; I don't know how you rule off the bench when you

Page 20

1   haven't read anything.  I don't remember the CMOs.  I don't
2   know what the issues are.  I haven't read your full-blown
3   recent complaint.  I don't know the case.  This is my fault
4   that I thought the CMO had been entered a millennia ago.
5   I'll enter your agreed-upon CMO.  Then I promise to get to
6   your issues as soon as I read the briefs.  I just don't know.
7         What I do know is, I can cut through a fair amount
8   of this if I'm going to have you show to the other side the
9   documents that you -- I'm sure you're a fine attorney, and I
10  don't know whether at this point we need to get agreement to
11  show it to the government or not.  And if in fact you can't
12  resolve it based on that, then what I'm going to do is, I
13  will either -- I will forward all the documents over to
14  Judge Bowler, and hopefully she'll rule on it.  Does she
15  know -- when was it fully joined, the motion to compel?
16        MS. BROOKER:  The last time we had appeared before
17  Judge Bowler it had already been fully briefed.  Do you
18  recall --
19        MR. DALY:  It was in January.
20        THE COURT:  She's away now, I think.
21        MS. BROOKER:  Yes, that's partly the reason, I
22  believe, for the delay.
23        THE COURT:  She's been away for a couple of weeks,
24  so --
25        MS. BROOKER:  Yes, but in the meantime, just

Page 21

1   providing the status, we just wanted the Court to know that
2   the discovery clock is ticking, and we can't speak with
3   plaintiff's counsel in this case about this case.  We can't
4   speak with our own co-plaintiff in this case about any
5   documents or any discovery in the case.  Abbott has told us
6   that when we cross-notice depositions in this MDL proceeding
7   or in other cases, they're probably going to kick us out
8   whenever they deem something irrelevant.
9         MR. DALY:  I haven't said that, your Honor.
10        MR. BREEN:  Counsel, your cocounsel has said that
11  on a couple of occasions.
12        MS. BROOKER:  Repeatedly.
13        THE COURT:  Let me say this, that you're precluded
14  from doing that.  Okay, so we're going to go through this.
15  We're not going to stop depositions.  We're going to keep
16  this thing going.  Nothing is so sacrosanct that --
17        MR. DALY:  Judge, we haven't thrown anybody out.
18        THE COURT:  Everybody can stay in.
19        MS. BROOKER:  We don't have the documents is the
20  problem.
21        THE COURT:  All right, you don't have the
22  documents.  We need to proceed with discovery.  You need to
23  put together all the documents that you think -- do you have
24  some team of paralegals or someone --
25        MR. BREEN:  Your Honor, we put so much money into

514bf967-2d22-4082-baaa-b8173ddef2eb