# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

### THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS

Plaintiffs have issued subpoenas requesting a wide range documents from fourteen third parties (both 10 former Abbott customers and 4 industry associations), including documents pertaining to pricing and marketing practices of TAP Pharmaceuticals Products Inc. ("TAP").[1] TAP is not a party to this litigation. Worse, the protective order in place in this litigation does not cover non-party TAP, meaning that production by the third-party subpoena recipients could potentially render TAP's confidential information public, with no means for TAP to protect itself. This Court's intervention to protect TAP's rights is urgently required.

For these reasons, as set forth more fully below, TAP hereby moves this Court to quash these fourteen third party subpoenas as to TAP-related information pursuant to Fed. R. Civ. P. 45. In the alternative, TAP asks that the Court issue a protective order preventing Plaintiffs from enforcing the subpoenas – or, at the very least, limiting disclosure of TAP's confidential information. In support of this motion, TAP states as follows:

---

[1] The ten subpoenaed third-party customers are Apria Healthcare, Chartwell Home Care, Coram Health Care, Florida Infusion Services, Gerimed, Inc., Lincare Holdings, Inc. (later re-issued to Lincare, Inc. with the same compliance date), Managed Health Care Associates, Inc., Omnicare, Inc., Optioncare, Inc., and Ultra Care, Inc. Plaintiffs issued the subpoenas on March 30, 2007 and set the date for compliance at April 30, 2007. The four industry associations are the American Society of Clinical Oncology, Pharmaceutical Research and Manufacturers of America, and Generic Pharmaceutical Association (all issued April 27, 2007 with a return date of May 30, 2007), and National Home Infusion Association (issued May 11, 2007 with a return date of June 8, 2007). A sample customer subpoena is attached as Exhibit A. A sample industry association subpoena is attached as Exhibit C.

1.      TAP is not a party to this case.  TAP is an independent joint venture of Abbott Laboratories and Takeda Pharmaceutical Company Ltd.  In contrast to defendant Abbott's former Hospital Products Divisions, which manufactured the "Subject Drugs" during the timeframe at issue in this suit, TAP has never marketed, produced, or sold the "Subject Drugs" at issue in this case.

2.      Nonetheless, Plaintiffs' subpoenas seek confidential documents and information related to the marketing and pricing of TAP's products.  But because TAP is (1) a distinct entity and non-party, (2) which never marketed any of the drugs upon which Plaintiffs rest their claims, TAP documents or information do not remotely approach any plausible definition of relevance to the claims or defenses at issue in this suit.[2]

3.      As a non-party to this case, TAP may assert a relevancy objection to Plaintiffs' third-party subpoenas if TAP can establish standing pursuant to Fed. R. Civ. P. 45.  For example, in *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003), the court explained:  "[Rule 45] does not include relevance as an enumerated reason for quashing a subpoena…however…the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)…the court must examine whether a request…is overly broad or seeking irrelevant information under the same standards…." *Id.*; *Stewart v. Mitchell Transport, Inc.*, 2002 WL 1558210, *3 (D. Kan. 2002) (same).

4.      TAP has standing to quash Plaintiffs' subpoenas because the subpoenas require disclosure of sensitive "commercial information," which is a "personal right or privilege" under Fed. R. Civ. P. 45.  *See* Fed. R. Civ. P. 45(c)(3)(B)(i); *Transcor, Inc.*, 212 F.R.D. at 592; *Sypos v. United States*, 181 F.R.D. 224, 226-27 (W.D.N.Y. 1998) (testifying non-party doctor had

---

[2] For a full discussion of relevancy and non-Subject Drugs, *see* Abbott's Response to The United States' Motion to Compel a Response to The United States' First Set of Interrogatories.  (Dkt. 4152 at 5-7)

standing pursuant to Rule 45 because of confidential commercial interest in phone records, even though he had no constitutional privacy or privilege interest).  "Commercial information" is "information which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained."  *Transcor, Inc.*, 212 F.R.D. at 592.

5.  Plaintiffs' subpoenas seek disclosure of TAP's confidential commercial information.  Specifically, Plaintiffs seek confidential pricing information of literally all of TAP's products from 1991 until the present.  For example, the subpoenas seek "[d]ocuments sufficient to show the price paid by you for any drug that you purchased from the Defendant, including all adjustments to price…." (Ex. A at 3)  This request would require each customer to divulge every contract with TAP for every product since at least 1991, even though not one of those contracts concerned a Subject Drug.  Those contracts would include confidential pricing information.

6.  TAP makes every effort to maintain the confidentiality of its prices.  The subpoenas are all the more troubling because Plaintiffs' subpoena dates extend to this year, meaning that the confidential information they seek is very current.  Thus, disclosure of TAP's confidential commercial information could adversely affect TAP's position in the market place.

7.  Conversely, Plaintiffs can assert little (if any) need for TAP documents and information.  TAP documents do not concern the Subject Drugs and therefore are not related to Plaintiffs' claims or defenses and Plaintiffs have made no showing otherwise.  *See* Fed. R. Civ. P. 26(b)(1); Dkt. 4152 at 5 (under the post-2000 rules, Plaintiff must show "good cause" to obtain discovery tangentially related to the subject-matter of the litigation).  Indeed, Magistrate

Judge Bowler recognized the irrelevance of information relating to TAP when she previously denied Plaintiffs' request for such discovery.  (3/16/2007 Hrg. Tr. at I-62 (attached as Ex. B).)

WHEREFORE, for all these reasons, TAP respectfully requests that this Court quash Plaintiffs' fourteen third-party subpoenas, to the extent that they seek TAP information, and order that (a) any document or information pertaining to TAP need not be produced and (b) any document or information pertaining to TAP that has already been produced to Plaintiffs be immediately returned or destroyed.  In the alternative, TAP asks that the Court issue a protective order preventing Plaintiffs from enforcing the subpoenas – or, at the very least, limiting disclosure of TAP's confidential information.

Dated:  June 6, 2007

Respectfully submitted,

TAP PHARMACEUTICAL PRODUCTS, INC.

By:  /s/ Lee Ann Russo
Lee Ann Russo
Rachael E. Philbin
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Fax: (212) 755-7306

*Counsel for TAP Pharmaceutical Products Inc.*

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that the moving party has communicated with opposing counsel in an effort to resolve the dispute referred to in this motion, and that opposing counsel indicated they would not consent to this motion.

/s/ Brian J. Murray

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2007, **THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS, INC.'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS,** a true and correct copy of the foregoing was served upon all counsel of record electronically by causing this motion to be posted via Lexis-Nexis.

/s/ Brian J. Murray