UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456** <br> **Master File No. 01-CV-12257-PBS** <br><br> **Hon. Patti B. Saris** |
| **THIS DOCUMENT RELATES TO:** <br><br> *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | |

**DEY DEFENDANTS' MEMORANDUM OF
LAW IN SUPPORT OF CERTIFICATION FOR
<u>IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)</u>**

Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

Paul F. Doyle (BBO # 133460)
Sarah L. Reid
William Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
Philip D. Robben (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants
Dey, Inc., Dey L.P., Inc. and Dey L.P.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

    A.   Prior Proceedings ................................................................................. 2

    B.   The Questions of Law Suitable for Certification ................................... 3

ARGUMENT ................................................................................................................. 4

    A.   The 28 U.S.C. § 1292(b) Standard ....................................................... 4

    B.   Dey's Motion Involves Controlling Questions of Law .......................... 5

    C.   There Is A Substantial Ground for Difference of Opinion Regarding the
          Issues Raised In the Motion To Dismiss ................................................. 6

    D.   An Interlocutory Appeal Will Materially Advance the Ultimate
          Termination of this Litigation and Other Pending Claims ..................... 7

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169 (6th Cir. 1992) ..................6

*In re Mutual Life Insurance Co. of N.Y. Premium Litigation*, 299 F. Supp. 2d 4 (D. Mass. 2004) ........................................................................................................8, 9

*In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007 (1st Cir. 1988).. 1, 5, 6

*Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991) ............................................6

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974) ............................................................................................................6

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990) ..................................5, 8

*Miara v. First Allmerica Finance Life Insurance Co.*, 379 F. Supp. 2d 20 (D. Mass. 2005) ......................................................................................................7

*Natale v. Pfizer Inc.*, 379 F. Supp. 2d 161 (D. Mass. 2005), *aff'd*, 424 F.3d 43 (1st Cir. 2005) ......................................................................................................6, 7, 9

*United States ex rel. Costa v. Baker and Taylor, Inc.*, No. C-95-1825-VRW, 1998 WL 230979 (N.D. Cal. Mar. 20, 1998) ............................................................3

*United States ex rel. Health Outcomes Technologies v. Hallmark Health System, Inc.*, 409 F. Supp. 2d 43 (D. Mass. 2006) ........................................................4

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, Civ. A. No., 95-1231 (RCL), 2007 WL 851855 (D.D.C. March 14, 2007) ......................................7

*United States ex rel. Parikh v. Premera Blue Cross*, No. CV01-0476 MJP, 2007 WL 1031724 (W.D. Wash. April 3, 2007) ..............................................................7

*United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69 (D.D.C.2003)................3

*United States ex rel. Sanders v. North American Bus Industries, Inc.*, No. Civ. JFM-02-3084, 2006 WL 361337 (D. Md. Feb. 15, 2006) ........................................3

*United States v. Bornstein*, 423 U.S. 303 (1976) ..............................................3

*United States v. The Baylor University Medical Center*, 469 F.3d 263 (2d Cir. 2006) ................................................................................................*passim*

**STATUTES**

31 U.S.C. § 3731 .................................................................................................... 2

31 U.S.C. § 3731(b) ............................................................................................... 2

42 U.S.C. § 1396r-8 ............................................................................................... 2

28 U.S.C. § 1292(b) ........................................................................................ *passim*

28 U.S.C. § 2415(a) ............................................................................................... 2

28 U.S.C. § 2415(b) ............................................................................................... 2

**MISCELLANEOUS**

S. Rep. No. 85-2434 (1958), *as reprinted in*, 1958 U.S.C.C.A.N. 5255, 5256 ............. 8, 9

Fed. R. Civ. P. 9(b) ............................................................................................... 2

## PRELIMINARY STATEMENT

On December 22, 2006, Defendants Dey, Inc., Dey, L.P., Inc., and Dey L.P. (together, "Dey") filed their motion to dismiss the claims brought against them in this action by the United States of America (the "Government"). The Court heard argument on Dey's motion on May 17, 2007. During the argument, the court invited defense counsel to brief whether an order denying Dey's motion to dismiss on statute of limitations grounds could be certified for interlocutory appeal to the First Circuit. (Tr., 56:25 - 57:9, May 17, 2007, annexed hereto as Tab A.)

An interlocutory appeal may be certified by the Court pursuant to 28 U.S.C. § 1292(b) because this case involves "exceptional circumstances," *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (internal quotations and citations omitted)), required by the statute. The statute of limitations issues presented by Dey's motion are disputed, controlling questions of law that, if answered, will determine the scope and outcome of the Government's claims against Dey and also the scope and outcome of the Government's claims Abbott Laboratories, Inc. ("Abbott"), Roxanne Laboratories, Inc. ("Roxanne"), and other defendants to the Ven-A-Care *qui tam* actions still under seal. Certification is particularly warranted here because the Government contends that *Baylor* is wrongly decided but did not seek review of that decision. Appellate review may help to resolve the split of authority the Court is now confronted with. In addition, the questions at issue here have national importance. Courts across the country will be aided by an appellate determination that clarifies these issues. Even if the Court determines that appellate review would not be dispositive of all the claims, review is still permissible under First Circuit precedent because the issues involved are important and novel.

A.      **Prior Proceedings**

The Government filed its complaint in this action (the "U.S. Complaint") on August 24, 2006.  The U.S. Complaint was unsealed on September 9, 2007, and Dey received a copy of the complaint in September 2006.  Relator Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") thereafter adopted the U.S. Complaint as its complaint (the "Ven-A-Care Complaint").

Dey moved to dismiss the entire U.S. Complaint and the Ven-A-Care Complaint based, in part, on the grounds that the claims under the False Claims Act ("FCA") are barred by the FCA's six year statute of limitations, 31 U.S.C. § 3731(b), and the common law claims of fraud and unjust enrichment are barred by statutes of limitations of three years, 28 U.S.C. § 2415(a), and six years, 28 U.S.C. § 2415(b), respectively.  (*See* Dey Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss The United States' Complaint ("Dey Mem.") at 11-18; Dey Defendants' Reply Memorandum In Further Support of Their Motion to Dismiss the United States' And Ven-A-Care's Complaints ("Dey Reply") at 1-11.)[1]  Dey principally relied on the Second Circuit's decision in *United States v. The Baylor University Medical Center*, 469 F.3d 263 (2d Cir. 2006).  *Baylor* holds that an action under the FCA brought by the Government as intervenor is commenced for statute of limitations purposes under 31 U.S.C. § 3731 when the Government's complaint-in-intervention is filed.

The Government opposed Dey's motion on the grounds that the statutes of limitation were tolled when Ven-A-Care filed its original *qui tam* complaint under seal in 1997, (United States' Memorandum In Opposition To Dey Defendants' Motion To Dismiss The United States' Complaint ("U.S. Opp.") at 6-10), or, alternatively, that the U.S. Complaint relates back

---

[1]      Dey also argued that the claims in this action should be dismissed because:  (a) they are barred by Dey's rebate agreement with the Government, entered into pursuant to 42 U.S.C. § 1396r-8; (b) the U.S. Complaint does not satisfy the pleading requirements of Fed. R. Civ. P. 9(b); and (c) the U.S. Complaint fails to state a claim.

to Ven-A-Care's original 1997 *qui tam* complaint, (U.S. Opp. at 10-17).  There is no controlling

First Circuit authority on the issues decided in *Baylor*.  As such, the Government relies on

district court cases decided before *Baylor* which the court in *Baylor* declined to follow.  *See, e.g.*,

*United States ex rel. Costa v. Baker and Taylor, Inc.*, No. C-95-1825-VRW,  1998 WL 230979

(N.D. Cal. Mar. 20, 1998); *United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69

(D.D.C.2003).  Although the holding in *Baylor* is adverse to the Government's position here and

in other cases nationwide, and although the Government takes the position that *Baylor* was

"wrongly decided," (Tr., 43:6-15, May 17, 2007), the Government did not seek review of that

decision, either by the Second Circuit sitting *en banc* or by the Supreme Court, (*See* Tr., 42:21-

23, May 17, 2007).

       The U.S. Complaint seeks to recover for thousands of claims for reimbursement

submitted from 1992 to 2004, which claims cover the Dey generic drugs albuterol, albuterol

sulfate, ipratropium bromide, and cromolyn sodium.  If Dey's motion to dismiss is granted under

the reasoning in *Baylor*, all of the Government's claims on account of transactions prior to

August 24, 2000 would be dismissed as untimely.  If Dey's motion to dismiss is also granted

under the reasoning in *United States v. Bornstein*, 423 U.S. 303 (1976), and *United States ex rel.

Sanders v. North American Bus Industries, Inc.*, No. Civ. JFM-02-3084, 2006 WL 361337 (D.

Md. Feb. 15, 2006), the entire action would be dismissed as untimely.  (Dey Mem. at 12-15.)

**B.**      **The Questions of Law Suitable for Certification**

       The statute of limitations issues presented by Dey's motion to dismiss are not

unique to this case.  The split of authority the Court must confront on this motion is an issue

courts around the country are currently being forced to deal with because the law is not settled.

The unsettled nature of the law means that the liability of defendants in FCA litigation is subject

to being determined not by a uniform set of standards but by standards which vary from circuit to

circuit or district to district.

The following controlling questions of law, which arise from conflicts between authorities, may appropriately be certified for interlocutory appeal in this action:

1. Is the FCA's statute of limitations tolled (or satisfied) by a relator's sealed *qui tam* complaint filed nine years before the government's complaint-in-intervention is filed?; and

2. May the government's complaint-in-intervention in an action under the FCA relate back to a relator's sealed *qui tam* complaint filed nine years earlier?

Both of these questions are presented by Dey's motion to dismiss and, as outlined above and demonstrated at length in the briefing on Dey's motion, are hotly contested by Dey and the Government. Neither question has been resolved by the First Circuit or addressed by district courts within the First Circuit.[2]

## ARGUMENT

## AN INTERLOCUTORY APPEAL SHOULD BE CERTIFIED UNDER 28 U.S.C. § 1292(b)

### A.   The 28 U.S.C. § 1292(b) Standard

This Court may certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

---

[2]   *But see United States ex rel. Health Outcomes Technologies v. Hallmark Health System, Inc.*, 409 F. Supp. 2d 43 (D. Mass. 2006). *Hallmark* was decided prior to *Baylor*. In that case, the court implied – but did not expressly hold – that the government's complaint-in-intervention in an FCA action could relate back to a relator's sealed *qui tam* complaint. The decision in *Hallmark* is not binding precedent.

28 U.S.C. § 1292(b).  All the criteria for certification of an interlocutory appeal under section 1292(b) are satisfied.

**B.**     **Dey's Motion Involves Controlling Questions of Law**

The questions of law raised in Dey's motion to dismiss are "controlling" because they are novel and important questions, the resolution of which in Dey's favor will wholly or partially terminate this action.

**1.**    **A Controlling Question of Law Is At Issue Because A Ruling In Dey's Favor On Statute of Limitations Could Terminate The Entire Action**

If Dey succeeds on all of its statute of limitations defenses before the First Circuit, the entire action will be dismissed because all of the claims at issue will be time barred.  As such, the statute of limitations issues presented by Dey's motion are questions of controlling law suitable for certification under 28 U.S.C. § 1292(b).  *See, e.g.*, *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." (internal citations omitted)).

**2.**    **Certification Is Appropriate Even If A Decision In Dey's Favor Will Not Lead To the Termination of the Entire Action**

The Court indicated at oral argument that it is not likely that the Government's entire case will be dismissed on statute of limitations grounds even if Dey prevailed on its argument stemming from *Baylor*.  (Tr., 43:22-44:7, May 17, 2007.)  Certification under these circumstances still would be warranted.  It is not essential for certification that resolution of the questions of law at issue dispose of the entire case.

For example, in *In re San Juan*, 859 F.2d at 1009, the issue certified for appeal and accepted by the First Circuit concerned a provision in a case management order which

required parties to disclose deposition exhibits five days before they would be used. *Id.* at 1009. The merits of the underlying actions, consolidated in an MDL proceeding, were not at issue on the certified appeal. Similarly, in *Natale v. Pfizer Inc.*, 379 F. Supp. 2d 161, 182 (D. Mass. 2005), *aff'd*, 424 F.3d 43 (1st Cir. 2005), the issue certified for appeal was not dispositive of the action. Instead, the district court certified the question of when a removed action is commenced for purposes of determining whether the provisions of the Class Action Fairness Act would be applied such that the court could exercise jurisdiction. *Id.* at 182. The law in other circuits is in accord with *In re San Juan* and *Natale. See, e.g., In re Baker & Getty Financial Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (question of law regarding whether a bankruptcy court may properly conduct a jury trial is controlling); *Johnson v. Burken*, 930 F.2d 1202, 1205-06 (7th Cir. 1991) ("[C]ontrolling means serious to the conduct of the litigation, either practically or legally." (internal quotations and citations omitted)); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974) (the order certified for appeal does not need to "be determinative of any [of] plaintiff's claims on the merits. . . .").

Thus, even if a ruling in Dey's favor from the First Circuit is not expected to resolve this matter in full, the Court may certify questions for interlocutory review. As the First Circuit held in *In re San Juan*, it is the importance of the question, not whether it is dispositive of the entire case, that is critical. *In re San Juan*, 859 F.2d at 1010 n.1 ("Although the call is close, we believe the work product issue in this matter to be sufficiently novel and important, and the circumstances sufficiently out of the ordinary, as to fulfill the statutory requisites.").

C.    **There Is A Substantial Ground for Difference of Opinion Regarding the Issues Raised In the Motion To Dismiss**

A substantial ground for difference of opinion exists as to the issues raised in Dey's motion to dismiss because those issues are "difficult and pivotal questions of law not

settled by controlling authority." *Natale*, 379 F. Supp. 2d at 181 (internal quotations omitted); *see also Miara v. First Allmerica Fin. Life Ins. Co.*, 379 F. Supp. 2d 20, 68 (D. Mass. 2005). The Second Circuit, in the *Baylor* decision, addressed the statute of limitations defense and came to a conclusion that differs with several earlier district court cases, including several relied upon by the Government in this action. The First Circuit has not addressed the statute of limitations defenses raised in Dey's motion to dismiss. The same issues, moreover, continue to arise in the district courts. *See, e.g.*, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, Civ. A. No., 95-1231 (RCL), 2007 WL 851855, at *2 (D.D.C. March 14, 2007); *United States ex rel. Parikh v. Premera Blue Cross*, No. CV01-0476 MJP, 2007 WL 1031724, at *2-3 (W.D. Wash. April 3, 2007).

An interlocutory appeal of these issues will determine the view of the First Circuit, and will affect the Government's actions against Dey, Abbott, and Roxanne and any subsequent complaints-in-intervention filed by the Government against other pharmaceutical manufacturers. There remain sealed claims against many other defendants. (*See* U.S. Opp. at 3-4; Ven-A-Care's Third Amended Complaint; Tr., 51:18-53:13, 56:7-21, May 17, 2007.) The issues raised in Dey's motion to dismiss will apply equally to any subsequently unsealed action by the Government based on allegations in the Relator's *qui tam* complaint. Thus, "a definitive decision from the First Circuit [would] put to rest any confusion" regarding the statutes of limitations defenses raised in Dey's motion to dismiss. *Miara*, 379 F. Supp. 2d at 68.

### D.   An Interlocutory Appeal Will Materially Advance the Ultimate Termination of this Litigation and Other Pending Claims

Certification of the Court's decision will materially advance the ultimate termination of this litigation by substantially reducing the scope of, or eliminating altogether, the Government's claims against Dey. Certification of an interlocutory appeal here will also

encourage efficiency and judicial economy by saving "the time of the district court and considerable expenses on the part of the litigants." *See* S. Rep. No. 85-2434 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 5255, 5256.  This is because the same statutes of limitations defenses have been asserted against the Government's claims against Roxanne and will be applicable to claims against Abbott and an unknown number of other cases not yet unsealed.  To the extent these defenses prevail in whole, the cases will not go forward, saving both the court and the parties from expending substantial resources.  Even if these defenses only prevail in part there will nevertheless be substantial savings to the parties as the scope of discovery is made smaller due to a reduction in the number of claims at issue and a reduction in the span of years subject to discovery.

When considering certification for interlocutory appeal under 28 U.S.C. § 1292(b), it is appropriate to consider the effect of materially advancing the ultimate termination of similar cases. *In re Mutual Life Ins. Co. of N.Y. Premium Litig.*, 299 F. Supp. 2d 4, 8 (D. Mass. 2004); *see also Klinghoffer*, 921 F.2d at 23-24.  In *In re Mutual Life*, the court allowed certification on statute of limitations issues that had an effect on the material advancement of the ultimate termination of similar litigations consolidated before the court in an MDL proceeding:

> [T]he resolution of the statute of limitations issue could materially advance the ultimate termination not only of this litigation, but potentially other cases as well. The present action is part of a Multi-District Litigation ("MDL") order. More than a dozen class and individual actions are part of this MDL order; many contain statute of limitations questions similar to those present here. The Court is cognizant that interlocutory appeals should be used sparingly and only in exceptional circumstances.  This case, however, presents a rare instance when an interlocutory appeal in one case may result in the expeditious resolution of many others. The Court therefore certifies the statute of limitations question for interlocutory appeal.

*In re Mutual Life*, 299 F. Supp. 2d at 8 (internal quotations and citations omitted); *see also Natale*, 379 F. Supp. 2d at 182 (acknowledging the benefit of resolving issues on an interlocutory appeal in the class action context).

   The resolution of the split of authority raised by Dey's motion will not only advance the ultimate determination of this case, and other cases before the court, but also may have national impact because these questions are national in scope.  District courts across the country dealing with FCA suits will need to resolve the same issues this Court is now confronting.  The guidance an additional appellate decision could lend to that task is significant and will help to achieve a uniform national standard, either because the First Circuit follows the holding in *Baylor* or a split between the First and Second Circuits on such an important question of law prompts the Supreme Court to grant review to resolve the split of authority.

   Moreover, an interlocutory appeal of the statute of limitations issues raised in Dey's motion to dismiss will save "the time of the district court and considerable expenses on the part of the litigants" because the resolution of these issues will materially advance the ultimate termination of the Government's action against Dey and the claims against other manufacturers that have yet to be unsealed.  *See* S. Rep. No. 85-2434 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 5255, 5256.

## CONCLUSION

For the foregoing reasons, Dey respectfully requests that this Court certify its decision on Dey's motion to dismiss for immediate appeal pursuant to 28 U.S.C. § 1292(b), and grant Dey such other, further, and different relief as the Court deems to be just and proper.

Respectfully submitted,

Of Counsel:

By:    /s/ Neil Merkl
Paul F. Doyle (BBO # 133460)
Sarah L. Reid
William Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
Philip D. Robben (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

-and-

By:    /s/ Martin F. Murphy
Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone:  (617) 832-1000
Facsimile:  (617) 832-7000

Dated: June 8, 2007

*Attorneys for Defendants*
*Dey, Inc., Dey L.P., Inc. and Dey L.P.*

## **CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on June 8, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.


             _____/s/ Neil Merkl____ ____