UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS CLASS 1 TRIAL | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING PURPORTED "KNOWLEDGE" OF THIRD-PARTY PAYORS**

During the Class 2 and Class 3 bench trial, BMS and the remaining Track 1 Defendants focused a good portion of their defense on introducing evidence that Blue Cross Blue Shield of Massachusetts ("BCBSMA") and other Massachusetts third party payors ("TPPs") "knew" about the differences between AWP and acquisition costs.  Even though this trial is brought on behalf of Medicare beneficiaries, and even though BCBSMA is not a named class representative in this trial, Plaintiffs expect that BMS will attempt to introduce evidence of purported TPP "knowledge" to confuse the jury into believing that "everyone knew" about BMS's conduct.

Evidence regarding so-called TPP "knowledge" should not be permitted at this trial.  Not only is it irrelevant to the claims of Medicare beneficiaries, but it is also potentially misleading to a jury, who may wrongfully conclude that if certain TPPs had certain types of knowledge, there was "industry knowledge" which should be imputed to Medicare beneficiaries.  Because there is no legal theory under which the knowledge of TPPs could be imputed to Medicare beneficiaries, this type of evidence should be excluded at trial.

- 1 -

### I. EVIDENCE REGARDING PURPORTED TPP "KNOWLEDGE" IS NOT RELEVANT TO A CLASS 1 TRIAL

During the Class 2 and Class 3 trial, BMS and the remaining Track 1 Defendants introduced evidence regarding the "knowledge" of Massachusetts TPPs. However, that trial was both brought on behalf of Massachusetts TPPs and was tried before a Court intimately familiar with this case. Despite these key differences between that trial and the upcoming jury trial, BMS will likely seek to introduce that same or similar evidence.

Under the applicable state law, a "deceptive act" is simply one that has the capacity to deceive. *See*, *e.g.*, Mass. Superior Court Civil Practice Jury Instn. § 16.4(2)(a). What TPPs knew or did not know has no bearing on the issues of whether a consumer was deceived.

### II. THIS COURT MAY EXCLUDE IRRELEVANT OR UNFAIRLY PREJUDICIAL EVIDENCE

The Federal Rules of Evidence provide that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402. Evidence regarding alleged "knowledge" of TPPs is not relevant. First, this "knowledge" relates to TPPs and therefore has no relevance to Medicare beneficiaries. There is no legal theory under which knowledge of TPPs could be imputed to Medicare beneficiaries because there is no agency relationship between them. Moreover, even if Medicare beneficiaries had this "knowledge" it would be irrelevant because, as this Court has repeatedly acknowledged, their co-payments were based on AWP by statute, Medicare beneficiaries could not have avoided the effects of BMS's conduct. In its Memorandum and Order Re: Motion for Class Certification [Dkt. No. 1648], the Court held that: "AWP was the basis for drug reimbursement under Medicare Part B for most of the proposed class period." *In re Pharm. Indus. Average Wholesale Pricing Litig.*, 230 F.R.D. 61, 70 (D. Mass. 2005). The Court likewise found that: "Medicare pays 80% of the allowed amount of a covered drug, and the beneficiary is responsible for paying the other 20%." *Id.* at 71 (citing 42 U.S.C.

§ 13951(a)(1)(S)).  Thus, even if Medicare beneficiaries "knew" about AWP, there is nothing they could have done with that knowledge.

Furthermore, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  There is a dangerous likelihood that, if TPP knowledge evidence is admitted, the jury might conclude that they should therefore assume Medicare beneficiaries also had such knowledge.  Especially because TPP knowledge evidence is not relevant to what Medicare beneficiaries "knew," the danger of unfair prejudice to Plaintiffs and confusion of the issues justifies excluding it a trial.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of evidence regarding the purported "knowledge" of third-party payors, and all other relief that this Court deems just and proper.

DATED:  June 11, 2007         By    /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

001534-16 175395 V1

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL 60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 4 -

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 11, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING PURPORTED "KNOWLEDGE" OF THIRD-PARTY PAYORS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

   /s/ Steve W. Berman
Steve W. Berman

- 5 -