UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS CLASS 1 TRIAL | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING BMS PATIENT ASSISTANCE PROGRAMS**

Plaintiffs expect that BMS will seek to introduce at trial evidence relating to patient assistance programs that BMS, like many other pharmaceutical manufacturers, offers indigent patients. Because this evidence is irrelevant to any claim or defense to the upcoming Class 1 jury trial, and because it would be unfairly prejudicial to Plaintiffs to allow this evidence to be admitted, as well as potentially confusing to the jury, Plaintiffs respectfully request that it be excluded.

**I.   PATIENT ASSISTANCE PROGRAMS ARE NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THE CLASS 1 TRIAL**

This evidence, or any like evidence, is not relevant to any claim or defense for the Class 1 jury trial. Specifically, it does not add anything to whether BMS's conduct challenged in this litigation was unfair or deceptive. Rather, more importantly, the introduction of evidence relating to patient assistance programs would be a thinly-veiled attempt to divert the jury's attention from BMS's egregious conduct by showing, in a completely-unrelated arena, that BMS was a "good corporate citizen." Such a sideshow should not be permitted at trial.

- 1 -

## II.   THIS COURT MAY EXCLUDE IRRELEVANT OR UNFAIRLY PREJUDICIAL EVIDENCE

The Federal Rules of Evidence provide that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402.  As set forth above, evidence regarding any BMS patient assistance programs is not relevant to any claim or defense.  For example, courts have held, in an antitrust context, that evidence regarding the social value of otherwise anti-competitive conduct is not relevant.  *See Mardirosian v. American Institute of Architects*, 474 F. Supp. 628, 648 (D.D.C. 1979).  Moreover, in most States, evidence of a defendant's good faith is not a defense to engaging in an unfair or deceptive practice.  *See Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981) ("Good faith is equally irrelevant.  What is relevant is the effect of the actor's conduct on the consuming public.  Consequently, good faith is not a defense to an alleged violation.").

Furthermore, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  Particularly with a jury trial, there is a danger that the jury might conclude that, for example, it cannot hold that BMS engaged in willful conduct under certain State statutes if BMS was otherwise a "good company."  Especially because such evidence has no probative value, the danger of unfair prejudice to Plaintiffs and confusion of the issues justifies excluding it a trial.

Nor should evidence regarding BMS patient assistance programs be permitted at trial under a theory that BMS's purported good deeds somehow undid the effects of its bad ones.  For example, courts have routinely precluded defendants from introducing evidence of their offers of money-back guarantees as a defense to claims of deceptive advertising.  *See FTC v. Pantron I*

- 2 -

*Corp.*, 33 F.3d 1088, 1103 (9th Cir. 1994) (relying on line of cases beginning with *Montgomery Ward & Co. v. FTC*, 379 F.2d 666 (7th Cir. 1967)).  The rationale of these cases, which applies equally here, is that allowing such a defense would render consumer fraud statutes a nullity.  *Id.* If BMS could claim that the harm of its spread marketing could be remedied by giving away its Subject Drugs to needy customers, the consumer protection statutes under which Class 1 members bring their claims would likewise be nullified.

For analogous reasons, courts have also held that trial courts properly excluded evidence regarding purportedly "satisfied" but still duped consumers.  *See United States v. Ciccone*, 219 F.3d 1078, 1082-83 (9th Cir. 2000) (holding in a criminal case that where evidence of purportedly satisfied yet ignorant consumers did not relate to the nature of the scheme or defendant's intent in executing the scheme it was properly excluded ) (citing cases).  Because such evidence, like BMS's patient assistance programs here, does not relate to the nature of the conduct at issue in this case or BMS's intent in engaging in it, BMS should not be permitted to introduce other, unrelated "good acts" at trial.

WHEREFORE Plaintiffs respectfully request that this Court enter an order precluding the introduction of evidence regarding BMS's patient assistance programs and all other relief that this Court deems just and proper.

001534-16 175394 V1

| | |
|---|---|
| DATED:  June 11, 2007 | By   /s/ **Steve W. Berman**<br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile:  (708) 776-5601

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 4 -

- 5 -

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 6 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 11, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING BMS PATIENT ASSISTANCE PROGRAMS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      /s/ Steve W. Berman
Steve W. Berman