UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS CLASS 1 TRIAL | Judge Patti B. Saris |

**CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PROPOSED JURY INSTRUCTIONS FOR BMS CLASS 1 TRIAL**

001534-16  176562 V1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   OVERVIEW OF PLAINTIFFS' PROPOSED JURY VERDICT FORM ........................1

III.  OVERVIEW OF PLAINTIFFS' PROPOSED INSTRUCTIONS ....................................2

    A.   Sections I, II and VII:  Preliminary, General and Deliberations Instructions..........2

    B.   Section III:  Fraud, Unfair or Deceptive Acts and Practices, and Causation..........2

    C.   Section IV:  Statute Of Limitations ...................................................................4

        1.   Idaho ..............................................................................................5

        2.   Indiana.............................................................................................5

        3.   New York .........................................................................................5

        4.   Tennessee.........................................................................................6

        5.   Wisconsin.........................................................................................6

    D.   Section V:  Damages.......................................................................................6

    E.   Section VI:  Punitive Damages ........................................................................7

        1.   Arizona............................................................................................7

        2.   Arkansas..........................................................................................8

        3.   California .........................................................................................9

        4.   Delaware ........................................................................................10

        5.   District of Columbia ........................................................................11

        6.   Minnesota.......................................................................................11

        7.   Nevada ...........................................................................................12

        8.   Oregon...........................................................................................13

        9.   Pennsylvania ..................................................................................14

F.     Reservation Of Right To Later Brief The Findings That The Court Should Make As A Matter Of Law ............................................................................................14

IV.    CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

## CASES

**Page**

*Berkeley Pump Co. v. Reed-Joseph Land Co.*,
   653 S.W.2d 128 (Ark. 1983)................................................................9

*Black v. Goodwin, Loomis & Britton, Inc.*,
   681 A.2d 293 (Conn. 1996) ................................................................1

*Burks v. Rushmore*,
   534 N.E.2d 1101 (Ind. 1989) ..............................................................5

*Cunha v. Cecil*,
   2007 Tenn. App. Lexis 61 (Tenn. Ct. App. Jan. 31, 2007)................................6

*Devaney v. Nationwide Mut. Ins. Co.*,
   679 A.2d 71 (Del. 1996) ..............................................................10

*District Cablevision Ltd. P'ship v. Bassin*,
   828 A.2d 714 (D.C. 2003) ..............................................................11

*Doe v. Shults-Lewis*,
   718 N.E.2d 738 (Ind. 1999) ..............................................................5

*Gieringer v. Silverman*,
   539 F. Supp. 498 (E.D. Wis. 1982)................................................................6

*Grant v. Arizona Public Serv. Comm.*,
   652 P.2d 507 (Ariz. 1982)................................................................8

*Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*,
   907 P.2d 506 (Ariz. Ct. App. 1995)................................................................8

*Jahanshahi v. Centura Dev. Co.*,
   816 A.2d 1179 (Pa. Super. 2003)................................................................14

*Knudsen v. Agee*,
   918 P.2d 1221 (Idaho 1996)................................................................5

*Kotlyarsky v. N.Y. Post*,
   195 Misc. 2d 150, 757 N.Y.S.2d 703 (N.Y. Misc. 2003) ................................5

*Parrott v. Carr Chevrolet, Inc.*,
   17 P.3d 473 (Or. 2001) ................................................................13

*Pero's Steak & Spaghetti House v. Lee*,
    90 S.W.3d 614 (Tenn. 2002)................................................................6

*In re Pharm. Average Wholesale Price Litig.*,
    230 F.R.D. 61 (D. Mass. 2005)..........................................................4

*Ranburger v. Southern Pac. Transp. Co.*,
    760 P.2d 551 (Ariz. 1988)..................................................................8

*Stein v. Lukas*,
    823 S.W.2d 832 (Ark. 1992)...........................................................8, 9

*Sweed v. Cigna Healthplan of Delaware, Inc.*,
    1989 Del. Super. Lexis 51 (Del. Super. Ct. Feb. 2, 1989)................10

## STATUTES

Cal Civ. Code § 3294(a) ........................................................................9

Cal. Civ. Code § 3295(d) ...................................................................7, 9

Minn. Stat. § 549.20 .....................................................................7, 11, 12

Nev. Rev. Stat. § 42.005(3)....................................................................7

Nev. Rev. Stat. § 598.0933...................................................................12

Nev. Rev. Stat. § 598.0977...................................................................13

Or. Rev. Stat. § 30.925(2) ....................................................................13

Or. Rev. Stat. § 646.638(1)...................................................................13

- iv -

## I.      INTRODUCTION

Plaintiffs believe that this matter can be efficiently and appropriately tried under multi-state instructions that Plaintiffs initially submitted in association with the AstraZeneca trial. However, in keeping with the Court's guidance made in the April 11, 2007 AstraZeneca Pretrial Conference, Plaintiffs submit as Exhibit A hereto Proposed Jury Instructions to conform to the rulings previously made by the Court in that conference.  Attached as Exhibit B is a Proposed Jury Verdict Form.

Plaintiffs submit a broad fraud instruction, as the Court requested.  We have also included brief and simple instructions for unfair or deceptive trade practices.  If the jury returns a verdict under these instructions, the Court can decide later in post-trial motion practice the states to which the verdict will apply.  This approach is consistent with the Court's guidance that numerous issues to be decided as a matter of law will be taken up by the Court after the jury verdict.

## II.     OVERVIEW OF PLAINTIFFS' PROPOSED
## JURY VERDICT FORM

Plaintiffs' Proposed Jury Verdict Form, attached hereto as Exhibit B, asks the jury to make specific findings on liability (including intent to deceive), causation, fraudulent concealment, compensatory damages, additional damages and punitive damages.  The Verdict Form refers the jury to specific instructions, where appropriate.

The jury should be asked to render a fraud verdict under both the preponderance of evidence standard and the clear convincing standard (the latter of which is required in some states[1]).  Consequently, the Jury Verdict Form asks that the jury make findings under both

---

[1] *See, e.g., Black v. Goodwin, Loomis & Britton, Inc.*, 681 A.2d 293, 303 (Conn. 1996).

standards.  With respect to unfair or deceptive trade practices, the only standard that applies is a

preponderance of the evidence.

### III.   OVERVIEW OF PLAINTIFFS' PROPOSED INSTRUCTIONS

We have organized the proposed instructions into seven Sections.

**A.   Sections I, II and VII:  Preliminary, General and Deliberations Instructions**

Sections I, II and VII contain standard instructions.  Unless otherwise indicated in

bracketed material, the instructions appearing in these Sections are derived from the Pattern

Criminal Jury Instructions for the District Courts of the First Circuit.[2]  Any annotations

appearing in between double brackets ("[[ ]]") are references for the Court's use and should be

removed prior to submission to the jury.

**B.   Section III:  Fraud, Unfair or Deceptive Acts and Practices, and Causation**

Section III contains instructions relating to common law fraud, unfair or deceptive trade

practices and causation.

The instructions relating to unfair or deceptive trade practices are brief, comprising just

one page (*see* Instruction Nos. 3.02 and 3.03), and the Verdict Form contains only two questions

for these counts:  "Do you find by a preponderance of the evidence that BMS committed unfair

acts or practices?" and "Do you find by a preponderance of the evidence that BMS committed

deceptive acts or practices?"  *See* Questions 2(a) and 3(a).

The fraud instruction contains nine elements and encompasses the pattern jury

instructions of many states for fraud or deceit.[3]  *See* Instruction No. 3.01.  It also encompasses

---

[2] *See* http://www.mad.uscourts.gov/LocPubs/Pattern2003/index.html.

[3] *See* REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), *Commercial Torts* § 24 (4th ed. 2005); CONNECTICUT CIVIL JURY INSTRUCTIONS § 7.19 (April 30, 2002); CALIFORNIA JURY INSTRUCTIONS, CIVIL § 12.31 (9th ed.); DEL. P.J.I. CIV. § 1.6.1 (2000); FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES § MI 8.1(a); 2-44 ILLINOIS FORMS OF JURY INSTRUCTION § 44.02; 1-31 INDIANA PATTERN JURY INSTRUCTIONS – Civil Instr. 31.63; MARYLAND CIVIL PATTERN JURY INSTRUCTIONS 11:1; MASSACHUSETTS JURY INSTRUCTIONS, CIVIL § 6.1 (1999); 1-22 NEW HAMPSHIRE CIVIL JURY INSTRUCTION § 22.1; OKLAHOMA UNIFORM JURY INSTRUCTIONS – CIVIL § 18.1;

- 2 -

RESTATEMENT (SECOND) OF THE LAW OF TORTS, § 525, which provides: "One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." As with the unfair or deceptive trade practice charge and in keeping with the Court's expressed desires, if the jury returns a verdict under the fraud instruction, the Court can decide later in post-trial motion practice the states to which the verdict will apply.

The jury should report their findings on each element, because, even if the jury does not find that Plaintiffs proved the existence of all nine elements of common law fraud, a subset of those elements may nonetheless constitute a violation of a state UDTPA. For example, reliance is not an element of most UDTPAs, even though Plaintiffs believe that reliance is manifest here, *since Plaintiffs and Class members made payments based on AWP*. Indeed, Plaintiffs request that the Court find as a matter of law that the elements relating to reliance and reasonable and justifiable reliance are satisfied such that these factors need not be decided by the jury.[4] As the Court may recall, it has already cast skepticism upon defense assertions of no reliance. *See* April 11, 2007 Hearing Tr. at 10 ("You'll make your argument on reliance, but we're dealing with poor sick people here. So, as a practical matter, we're not going to have an issue of, should they have known about the violation, unlike the third-party payor? I mean, I'd never heard of it until it unfortunately got assigned to me, so we're not going to have those issues with this class.").

Regarding causation, the Court has already recognized that variations in state UDTPA causation standards are not material:

---

PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS 13.14; 1-8 TENNESSEE CIVIL JURY INSTRUCTIONS 8.35; WASHINGTON PATTERN JURY INSTRUCTIONS, CIVIL 160.01 (5th ed. 2005).

[4] For this reason, Plaintiffs have included proposed findings and instructions relating to the reliance factors as alternative matters only.

> in this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is ***no indication that different definitions of reliance and causation will matter*** or cannot be resolved as a matter of law prior to trial.  Thus, the common legal and factual issues predominate over the individual ones.

*In re Pharm. Average Wholesale Price Litig.*, 230 F.R.D. 61, 85 (D. Mass. 2005) (emphasis added).

Some states' UDTPAs require a plaintiff to establish proximate causation via proof that the unfair or deceptive practice directly produces the harm and without which the harm would not occurred.  *See, e.g.,* DEL. P.J. I. CIV. § 21.1 (2000); WASHINGTON PATTERN JURY INSTRUCTION 310.07.  Other UDTPAs require only that the practice be a substantial factor in bringing about the damage.  MASS. SUPERIOR CT. CIVIL PRAC. JURY INSTRUCTION § 16.5; HAWAII CIVIL JURY INSTRUCTIONS, Instruction No. 7.1 (1999).  BMS's AWP scheme directly led to Class 1 being overcharged for BMS drugs thereby causing them harm under ***any*** of the standards for proving causation.  For this reason, Plaintiffs' single proposed jury instruction for causation reflects the strictest causation standard of any of the state UDTPAs that require direct, "but for" causation.

## C.    Section IV:  Statute Of Limitations

For those states where the discovery rule applies to toll the limitations period (most states), the Court has indicated – appropriately – that it sees no need to try the issue.  April 11, 2007 Hearing Tr. at 11 ("Now, for the old people, that probably just means when the suit was brought it would start to run.").

However, the Court has ruled that another tolling mechanism – fraudulent concealment – should be decided by the jury because it has an intent element.  April 11, 2007 Hearing Tr. at 11.  Therefore, for those five states where concealment or a like theory applies to toll the statutes of

limitation, Plaintiffs have submitted a proposed instruction that encompasses all of the elements required in each of the five states. *See* Instruction No. 4.01. We summarize the law for each of these states below.

### 1. Idaho

A party may be equitably estopped from relying on the statute of limitations as a defense where the plaintiff can show (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his or her prejudice. *Knudsen v. Agee*, 918 P.2d 1221, 1224 (Idaho 1996).

### 2. Indiana

Indiana recognizes the doctrine of fraudulent concealment, which provides for tolling of the statute of limitations if the plaintiff shows that the defendant either by deception or by a violation of a duty concealed from the plaintiff material facts, thereby preventing the plaintiff from earlier discovering a potential claim. *Doe v. Shults-Lewis*, 718 N.E.2d 738, 744-45 (Ind. 1999) (citations omitted); *Burks v. Rushmore*, 534 N.E.2d 1101, 1104 (Ind. 1989). The concealment must have been "of such character as to prevent inquiry, or to elude investigation, or to mislead" the plaintiff. *Doe*, 718 N.E.2d at 747.

### 3. New York

New York recognizes the doctrine of equitable tolling, which is applicable if the plaintiff can show that the defendant has wrongfully deceived or misled him or her in order to conceal the existence of his or her claim. *Kotlyarsky v. N.Y. Post*, 195 Misc. 2d 150, 757 N.Y.S.2d 703, 707-08 (N.Y. Misc. 2003) (citations omitted).

- 5 -

### 4. Tennessee

An exception to the statute of limitation exists under the doctrine of fraudulent concealment in Tennessee if the plaintiff can show (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed material facts from the plaintiff by withholding information or making use of some device to mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so.  *Cunha v. Cecil*, 2007 Tenn. App. Lexis 61, at *12 (Tenn. Ct. App. Jan. 31, 2007); *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002) (citation omitted).

### 5. Wisconsin

Wisconsin recognizes that a party can be equitably estopped from relying on the statute of limitations as a defense, when the defendant by his conduct has induced the plaintiff to forego filing suit within the limitations period, and when that conduct on the part of the defendant preceded the expiration of the limitations period.  *Gieringer v. Silverman*, 539 F. Supp. 498, 502-03 (E.D. Wis. 1982) (citations omitted).

## D. Section V: Damages

Section V of the instructions focuses on damages and starts with a simple compensatory damages instruction, followed by instructions relating to additional damages.  *See* Instruction Nos. 5.01 and 5.02.

With respect to additional damages, UDTPAs in California, Delaware, the District of Columbia, Hawaii, Indiana, Massachusetts, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Pennsylvania, South Carolina, Tennessee, Texas and Vermont

- 6 -

authorize the award of up to treble damages.  The Court makes the treble damages decision in most states, while the jury weighs the award in California, Delaware, the District of Columbia, Hawaii, New Mexico, Texas and Vermont.  Treble damages are mandatory in Delaware, the District of Columbia, Hawaii, New Jersey, North Carolina and South Carolina.

E.    **Section VI:  Punitive Damages**

The Court has indicated that it may hold a separate one-day phase for the determination of punitive damages after the jury returns its liability and compensatory damages verdict.  April 11, 2007 Hearing Tr. at 54.  This is also the preferred procedure under, for example, California law, when plaintiffs seek to introduce evidence relating to the financial condition of the defendant and defendant moves to preclude such evidence.  CAL. CIV. CODE § 3295(d); *accord* MINN. STAT. § 549.20(4); NEV. REV. STAT. § 42.005(3).  For this reason, Plaintiffs' proposed instructions place the instructions relating to punitive damages in a stand-alone section.  *See* Instruction Nos. 6.01-6.10.

With respect to punitive damages, Plaintiffs are potentially entitled to an award of punitive damages in 13 jurisdictions as follows:  Arizona, Arkansas, California, Connecticut, Delaware, District of Columbia, Idaho, Illinois, Minnesota, Missouri, Nevada, Oregon and Pennsylvania.  The Court evaluates the award in Connecticut, Idaho, Illinois and Missouri.  In the remaining states, the jury determines whether to award punitive damages.

Below is a summary of the punitive damages law in each of the foregoing jurisdictions in which the jury makes the decision.  Plaintiffs' proposed punitive damages instructions conform to the law in each of these states.

1.    **Arizona**

To recover punitive damages in Arizona, the plaintiff must prove by clear and convincing evidence that the defendant "engaged in aggravated and outrageous conduct with an 'evil

- 7 -

mind.'"  *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995) (quoting *Thompson v. Better-Bilt Aluminum Prod. Co.*, 832 P.2d 203, 209-10 (Ariz. 1992)).  A defendant acts with an "evil mind" when it intends to injure or defraud, or deliberately interferes with the rights of others, "consciously disregarding the unjustifiable substantial risk of significant harm to them."  *Id.* (quoting *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680-81 (Ariz. 1986)).  Another court has explained that an "evil mind" is established when a defendant acts to serve his own interests, consciously disregarding a substantial risk of harm to others.  *Ranburger v. Southern Pac. Transp. Co.*, 760 P.2d 551, 553 (Ariz. 1988).

The factors that determine whether a defendant acted with an evil mind include:  "(1) the reprehensibility of [the] conduct and the severity of the harm that is likely to result, (2) any harm that has occurred, (3) the duration of the misconduct, (4) the defendant's awareness of the harm or risk of harm, and (5) any concealment of it."  *Hyatt Regency*, 907 P.2d at 518.

Plaintiff may meet the clear and convincing standard by either direct or circumstantial evidence which persuades the jury of the high probability of the defendant's evil mind.  *Id.*  The jury may consider evidence of defendant's financial condition and net worth.  *Grant v. Arizona Pub. Serv. Comm.*, 652 P.2d 507, 522 (Ariz. 1982).

## 2.    Arkansas

If there is substantial evidence that the defendant deliberately engaged in misrepresentation or deceit, the Court may submit the issue of punitive damages for the jury to weigh.  *Stein v. Lukas*, 823 S.W.2d 832, 834-35 (Ark. 1992).  It is sufficient if the jury finds that the defendant committed the tort of deceit.  *Id.* at 835.

Punitive damages are justified where the evidence indicates that the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred.  *Id.* at 834.  The jury should consider whether the defendant "knew or

ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct in the reckless disregard of the consequences from which malice can be inferred." *Id.* (quoting *Dongary Holstein Leasing, Inc. v. Covington*, 732 S.W.2d 465 (Ark. 1987)). "Hence, malice can be inferred either from a conscious indifference to the consequences of one's actions or from a reckless disregard of those same consequences." *Id.*

The jury may consider evidence of defendant's financial condition and net worth. *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128, 137 (Ark. 1983).

### 3.      California

The procedure for awarding punitive damages in California is set by statute. "[W]here it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." CAL CIV. CODE § 3294(a). The jury may consider evidence of the defendant's financial condition and net worth. CAL. CIVIL CODE § 3295. But if the defendant moves to preclude the admission of such evidence, the Court must preclude admission until after the jury returns a verdict for plaintiff awarding actual damages and finding defendant guilty of fraud. CAL. CIVIL CODE § 3295(d).

The California test for awarding punitive damages is as follows. The jury considers (1) the reprehensibility of defendant's conduct; (2) the amount of punitive damages which will have a deterrent effect on the defendant in light of the defendant's financial condition; and (3) whether the award of punitive damages bears a reasonable relationship to the injury, harm or damage actually suffered by the plaintiff. CALIFORNIA JURY INSTRUCTIONS, CIVIL § 14.72.2 (9th ed.).

- 9 -

4.      **Delaware**

Punitive damages may be awarded based on a finding of outrageous or reckless conduct

and without finding that the defendant harbored any evil motives or ill will toward the plaintiff.

*Devaney v. Nationwide Mut. Ins. Co.*, 679 A.2d 71, 77 (Del. 1996).  The jury may consider

evidence of defendant's financial condition and net worth.  *Sweed v. Cigna Healthplan of*

*Delaware, Inc.*, 1989 Del. Super. Lexis 51 (Del. Super. Ct. Feb. 2, 1989).  Delaware's pattern

jury instruction for punitive damages provides:

> If you decide to award compensatory damages to
> [plaintiff's name], you must determine whether [defendant's name]
> is also liable to [plaintiff's name] for punitive damages.
>
> Punitive damages are different from compensatory
> damages.  Compensatory damages are awarded to compensate the
> plaintiff for the injury suffered.  Punitive damages, on the other
> hand, are awarded in addition to compensatory damages for the
> purpose of punishing the person doing the wrongful act and to
> discourage such persons and others from similar wrongful conduct
> in the future.
>
> You may award punitive damages to punish [defendant's
> name] for [his/her] outrageous conduct and to deter [him/her], and
> others like [him/her], from engaging in similar conduct in the
> future if you find by a preponderance of the evidence that
> [defendant's name] acted [intentionally/recklessly].  Punitive
> damages cannot be awarded for mere inadvertence, mistake, errors
> of judgment and the like, which constitute ordinary negligence.
>
> Intentional conduct refers to conscious awareness.
> Reckless conduct refers to conscious indifference.  Each requires
> that the defendant foresee that [his/her] conduct threatens a
> particular harm to another.  Reckless conduct is a conscious
> indifference that amounts to an "I don't care" attitude.  Reckless
> conduct occurs when a person, with no intent to cause harm,
> performs an act so unreasonable and dangerous that [he/she]
> knows or should know that there is an eminent likelihood of harm
> that can result.
>
> The law provides no fixed standards for the amount of
> punitive damages but leaves the amount to your sound discretion,
> exercised without passion or prejudice.  In determining any award

> of punitive damages, you must consider the following:  the
> reprehensibility or outrageousness of [defendant's name] conduct
> and the amount of punitive damages that will deter [defendant's
> name] and others like [him/her] from similar conduct in the future.
> You may consider [defendant's name] financial condition for this
> purpose only.  [Defendant's name]'s financial condition must not
> be considered in assessing compensatory damages.  Any award of
> punitive damages must bear a reasonable relation to [plaintiff's
> name]'s compensatory or nominal damages.  If you find that
> [plaintiff's name] is entitled to an award of punitive damages, you
> must state the amount of punitive damages separately on the
> verdict form.

DEL. P.J.I. CIV. § 22.27 (2000).

### 5. District of Columbia

Punitive damages are awardable for egregious conduct.  *District Cablevision Ltd. P'ship*

*v. Bassin*, 828 A.2d 714, 726 (D.C. 2003).  In commenting on the punitive damages standard, the

*District Cablevision* court explained:

> Punitive damages are "a form of punishment." . . .  Their purpose
> is "to punish unlawful conduct and to deter its repetition." . . .
> Punitive damages are, accordingly, to be awarded only in cases of
> outrageous or egregious wrongdoing where the defendant has acted
> with evil motive, actual malice, or in willful disregard for the
> rights of the plaintiff. . . .  So, for example, in the absence of "gross
> fraud" or comparable wrongdoing, proof of even intentional
> misrepresentation may not suffice to justify punitive damages. . . .
> To obtain an award of punitive damages, moreover, the plaintiff
> must prove egregious conduct and the requisite mental state by
> clear and convincing evidence. . . .  These requirements apply to
> punitive damages sought pursuant to the CPPA.

*Id.* at 725-26 (citations and footnote omitted).

### 6. Minnesota

The award of punitive damages in Minnesota is governed by statute.  "Punitive damages

shall be allowed in civil actions only upon clear and convincing evidence that the acts of the

defendant show deliberate disregard for the rights or safety of others."  MINN. STAT.

§ 549.20(1)(a).  A defendant acts with deliberate disregard of the rights of others if it "has

knowledge of facts or intentionally disregards facts that create a high probability of injury to the

rights . . . of others and:  (1) deliberately proceeds to act in conscious disregard of the high

degree of probability of injury to the rights . . . of others; or (2) deliberately proceeds to act with

indifference to the high probability of injury to the rights . . . of others."  MINN. STAT.

§ 549.20(1)(b).

> Factors that the trier of fact shall consider include:

>> the seriousness of hazard to the public arising from the defendant's
>> misconduct, the profitability of the misconduct to the defendant,
>> the duration of the misconduct and any concealment of it, the
>> degree of the defendant's awareness of the hazard and of its
>> excessiveness, the attitude and conduct of the defendant upon
>> discovery of the misconduct, the number and level of employees
>> involved in causing or concealing the misconduct, the financial
>> condition of the defendant, and the total effect of other punishment
>> likely to be imposed upon the defendant as a result of the
>> misconduct, including compensatory and punitive damage awards
>> to the plaintiff and other similarly situated persons, and the
>> severity of any criminal penalty to which the defendant may be
>> subject.

MINN. STAT. § 549.20(3).

The trier of fact shall first determine whether compensatory damages are to be awarded,

and, after that determination has been made, the trier of fact shall, in a separate proceeding,

determine whether and in what amount punitive damages will be awarded.  MINN. STAT.

§ 549.20(4).  The court shall specifically review the punitive damages award in light of the

statutory factors and shall make specific findings with respect to them.  MINN. STAT. § 549.20(5).

### 7.     Nevada

The Nevada Deceptive Trade Practices Act ("NDTPA") contains special protections for

disabled and "elderly" persons.  "Elderly" is defined as one who is 60 years of age or older.

NEV. REV. STAT. § 598.0933.  More specifically, an elderly or disabled person who "suffers

damage or injury as a result of a deceptive trade practice" may recover punitive damages.  NEV.

REV. STAT. § 598.0977.

      **8.**      **Oregon**

      To garner an award of punitive damages, the plaintiff must prove by clear and convincing

evidence "that defendant [] engaged in conduct 'amounting to a particularly aggravated,

deliberate disregard of the rights of others.'"  *Parrott v. Carr Chevrolet, Inc.*, 17 P.3d 473, 487

(Or. 2001).  OR. REV. STAT. § 30.925(2) provides the factors for the jury to consider in

evaluating a punitive damages award:

> (a) The likelihood at the time that serious harm would arise from the defendant's misconduct;
>
> (b) The degree of the defendant's awareness of that likelihood;
>
> (c) The profitability of the defendant's misconduct;
>
> (d) The duration of the misconduct and any concealment of it;
>
> (e) The attitude and conduct of the defendant upon discovery of the misconduct;
>
> (f) The financial condition of the defendant;
>
> (g) The total deterrent effect of other punishment imposed upon the defendant as a result of the misconduct, including, but not limited to, punitive damage awards to persons in situations similar to the claimant's and the severity of criminal penalties to which the defendant has been or may be subjected.

*See also Parrott*, 17 P.3d at 487 (discussing punitive damages awarded pursuant to OR. REV.

STAT. § 646.638(1), when the plaintiff has suffered "'any ascertainable loss of money or property

. . . as a result of willful use or employment by another person of a method, act or practice

declared unlawful by ORS 646.608[.]'").

**9.** **Pennsylvania**

Punitive damages may be awarded if the defendant's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others. *Jahanshahi v. Centura Dev. Co.*, 816 A.2d 1179, 1188 (Pa. Super. 2003). The factors to be considered in determining the amount of the award are: (1) the character of the act; (2) the nature and extent of the harm to the plaintiff; and (3) the wealth of the defendant. PENN. SUGGESTED STD. CIVIL JURY INSTRUCTIONS, §§ 14.00, 14.02.

**F.** **Reservation Of Right To Later Brief The Findings That The Court Should Make As A Matter Of Law**

The Court has indicated that it will save for a later determination various issue of law related to the specific application of state unfair or deceptive trade practice acts. *See, e.g.*, April 11, 2007 Hearing Tr. at 9, 13-14 (discussing issues to "carve out" for later determination after the jury has rendered a decision on intent to deceive). Unless the Court advises otherwise, Plaintiffs will, therefore, submit a post-trial brief that details the post-trial findings that Plaintiffs believe the Court should make.

## IV.   CONCLUSION

Plaintiffs request that the Court adopt their Proposed Jury Instructions and Jury Verdict Form.

- 14 -

Respectfully Submitted,

DATED:  June 11, 2007

By  **/s/ Steve W. Berman**
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
   Hagens Berman Sobol Shapiro LLP
   One Main Street, 4th Floor
   Cambridge, MA  02142
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 15 -

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

001534-16  176562 V1

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of Plaintiffs' attorneys and that, on June 11, 2007, I caused copies of **CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF PROPOSED JURY INSTRUCTIONS FOR BMS CLASS 1 TRIAL** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman

- 17 -