# Exhibit A

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**FOR THE BMS TRIAL**

**TABLE OF CONTENTS**

I.      PRELIMINARY INSTRUCTIONS ....................................................................................1

II.     GENERAL INSTRUCTIONS .........................................................................................7

III.    ELEMENTS OF CLAIMS ............................................................................................15

IV.     STATUTE OF LIMITATIONS .....................................................................................20

V.      DAMAGES....................................................................................................................21

VI.     PUNITIVE DAMAGES ................................................................................................23

VII.    DELIBERATIONS AND VERDICT ............................................................................28

## I.      PRELIMINARY INSTRUCTIONS

**1.01      Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

**1.02      Introduction to the Case**

I will now tell you a little about the parties who are before you in this case.  The parties who bring a lawsuit are called the "Plaintiffs."  The parties who are sued in a lawsuit are called defendants.

The case is a class action brought by a class of Plaintiffs.  A class action allows Plaintiffs who have similar claims against the same Defendant to bring one case rather than bringing hundreds or thousands of separate cases.  This allows the court system to avoid duplication and more efficiently try a case.  The Court has already determined that this case may proceed as a class action.

The Class generally includes Medicare beneficiaries nationwide who made, or became obligated to make, a co-payment for certain drugs marketed by BMS.  Residents of certain states are excluded from the Class because the Court has determined that relief is unavailable to them as members of the Class.  The time period at issue in this case is January 1991 through December 31, 2004, and this is known as the "Class Period."

The named Plaintiffs, all of whom paid a Medicare co-payment for certain BMS drugs during the Class Period, are represented in the courtroom today.  Members of the Class are not present today.  The fact that all Plaintiffs or other members of the Class are not present in the courtroom should not be construed by you in any way as indicating a lack of interest on their part as to the outcome of this case.  It is the purpose of the class action procedure to avoid having to bring large numbers of parties to court.  When I refer to "Plaintiffs" in these instructions, I will be referring to the named Plaintiffs as well as the Class members.

The defendants in this case are Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation ("OTN").  OTN became a wholly-owned subsidiary of

- 1 -

Bristol-Myers Squibb Company in 1996 and remained so until May 11, 2005, when OTN became an independent, privately-held company.  I will refer to both Bristol-Myers Squibb Company and OTN collectively as "BMS."

BMS manufactured and sold the following drugs that are at issue in this lawsuit: Blenoxane, Cytoxan, Etopophos, Paraplatin, Rubex, Taxol and Vepesid.  These drugs, which I will refer to as the "BMS Drugs," are used by physicians to treat patients undergoing chemotherapy regimens.

The Plaintiffs claim that, during the Class Period, BMS violated various state consumer protection laws by allegedly inflating the Average Wholesale Price – or "AWP" for short – for the BMS Drugs and that, as a result, Plaintiffs and the Class members overpaid.

Defendant BMS denies that it violated any state laws or that prices for the BMS drugs were higher than they would otherwise have been.

At the end of the trial, before you deliberate, I will give you detailed instructions on the law you must follow in reaching your verdict.

[[Adapted from: *In re Flat Glass Antitrust Litig.*, 385 F.3d 350 (3d Cir. 2004); *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472 (W.D. Pa. 1999); Class Plaintiffs' Pretrial Statement; 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §101.01 (5th ed. 2000); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (Civil), No. 1.2 (2001).]]

## 1.03   Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence."  The evidence presented to you during the trial will consist primarily of the testimony of the witnesses and tangible items – called "exhibits" – including documents, correspondence, and the like.  Any exhibits admitted into evidence during the trial will be available to you for study during your deliberations.  So, if an exhibit is admitted in evidence but is not fully read or shown to you at the time, do not be concerned, because you will have an opportunity to see and to study the exhibit later during your deliberations.

During the trial, certain testimony taken in depositions may be read to you or shown to you on videotape.  Depositions consist of sworn answers to questions asked of the witness before the trial by one or more of the lawyers for the parties in the case.  The testimony of a witness who for some reason cannot be present to testify from the witness stand may be presented in this manner.  Such testimony is entitled to the same consideration and is to be judged as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand.

In addition, from time to time during the trial, you may hear, or there may be received into evidence, certain stipulations of fact agreed to by Plaintiffs and Defendant.  These stipulations are agreements on certain facts that may be relevant to the issues you must decide. You must accept any stipulations that I read to you or the parties' lawyers read to you as facts that have been proven.

[[Adapted from: 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 101.40 (5th ed. 2000); EIGHTH CIRCUIT MANUAL OF MODEL CIVIL INSTRUCTIONS, Nos. 1.02 & 2.03 (2005); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL), Nos. 1.3, 2.4, 2.6 (2001).]]

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial

evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.04   Inferences

You are to consider only the evidence that you hear and see.  You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  Inferences are deductions or conclusions that your reason and common sense lead you to draw from facts that have been established by the evidence.  You are permitted to draw from the evidence such reasonable inferences as seem justified in light of your experience.

[[Adapted from: Jury Instruction of Judge Gary Lancaster in *In re: Indus. Silicon Antitrust Litig.*, No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 47-48); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1336); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §104.20 (5th ed. 2000); 4 SAND, SIFFER, REISS, BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS (CIVIL) Instruction 74-2 (2005); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) §2.18 (2005);  *see also Norton v. Sam's Club*, 145 F.3d 114, 199 (2d Cir. 1998).]]

## 1.05   Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## 1.06   Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

- 4 -

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court bailiff to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## 1.07    Notetaking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use.  I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

## 1.08    Outline of the Trial

The first step in the trial will be the opening statements.  The Plaintiffs in their opening statement will tell you about the evidence that they intend to put before you, so that you will have an idea of what the Plaintiffs' case is going to be.

The opening statement is not evidence.  Its purpose is only to help you understand what the evidence will be and what the Plaintiffs will try to prove.

After the Plaintiffs' opening statement, Defendant will make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next, the Plaintiffs will offer evidence that they say will support the claims against Defendant.  The Plaintiffs' evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the Plaintiffs' evidence, Defendant will present evidence consisting of witnesses and may include documents and other exhibits.

After you have heard all the evidence on both sides, the Plaintiffs and Defendant will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the Plaintiffs and Defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

# FINAL INSTRUCTIONS

## II.    GENERAL INSTRUCTIONS

### 2.01   Duty of the Jury to Find Facts and Follow the Law

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

The lawyers have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by the lawyers and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

### 2.02   Burden of Proof

Now I want to talk to you about the burden of proof that will guide you in your deliberations.  As you may know, there are two kinds of cases that come to court, criminal cases and civil cases.  Criminal cases are cases in which the government charges a person or a company with a crime.  Some of you may have sat on juries in criminal cases before, and others of you may have watched movies or television shows like "Law and Order," in which criminal cases brought by the government are shown.

This case is not a criminal case.  This is a civil case.  I mention this because there are significant differences between criminal cases and civil cases.  One significant difference is that in criminal cases, the government must prove its case "beyond a reasonable doubt."  That burden of proof – proof beyond a reasonable doubt – does not apply in a civil case such as this.

In a civil case, there is a lesser burden of proof.  Plaintiffs need only prove their claim by either a preponderance of the evidence or clear and convincing evidence, rather than beyond a reasonable doubt.

### 2.021   Burden of Proof:  Preponderance of the Evidence

A "preponderance of the evidence" simply means to prove that something is more likely so than not so.  Therefore, when you are making decisions in this case and deciding the truth of a

matter, you should find it to be true if you think the matter simply is more likely to be true than not true.

You can imagine, if you like, a pharmacist's scale.  As you decide each issue, you put all the evidence for the Plaintiffs on one side and all the evidence for the Defendant on the other.  Then you decide which side has greater weight.  And when I say greater weight, I am referring not only to the quantity of evidence, but the quality of evidence as well.  You must decide which evidence is more believable, more credible, and more persuasive.

If you find that the scale tips toward the Plaintiffs, by however small an amount, then you must find for the Plaintiffs.  That is all that is required for the Plaintiffs to be entitled to your verdict.  If you find that the scale tips towards the Defendant or is exactly even, then you must find for the Defendant.

[[Adapted from: *Porter v. Am. Export Lines, Inc*., 387 F.2d 409, 410-411 (3d Cir. 1968); *Blossom v. CSX Transp., Inc*., 13 F.3d 1477, 1479-80 (11th Cir. 1994); 104.01 (5th ed. 2000); EIGHTH CIRCUIT MANUAL OF MODEL INSTRUCTIONS (CIVIL), No. 3.04 (2001).]]

### 2.022   Burden of Proof:  Clear and Convincing Evidence

A party who has the burden of proof by clear and convincing evidence must persuade you by the evidence that the claim is highly probable.  This means that you are free from substantial doubt.  This standard is more exacting than the standard of preponderance (that is, more probably true than not true), but it is less exacting than the standard of proof beyond a reasonable doubt.

### 2.03   What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the Plaintiffs and Defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

### 2.04   Documents Given to the Jury

When I have finished giving you these instructions, I will give you certain documents to take to the jury room.  These include the exhibits that have been admitted into evidence and a copy of these instructions.

[[Adapted from: 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 100.02 (5th ed. 2000).]]

## 2.05   Kinds of Evidence:  Direct and Circumstantial

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 2.06   Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## 2.07   Number of Witnesses Not Dispositive

The weight of the evidence is not necessarily determined by the number of witnesses who testify to a fact.  The test is not which side brings the greater number of witnesses, or presents the greater quantity of exhibits.  Rather, the test is which evidence you believe is most accurate, persuasive, and otherwise trustworthy.  In other words, the weight of the evidence is determined by the quality of the evidence presented.

Indeed, you can find a fact is true even if no witness testifies that it is true, and even if all witnesses say that it is false.  For example, based on evidence that you trust, you may infer, and therefore find, that certain things happened, even if all of the persons involved currently deny that the things happened.  Denial is not uncommon in cases where plaintiffs must prove a fraud, because all of the involved persons may have a motive to deny that they were involved in committing a fraud.

[[Adapted from:  *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952); Jury Instructions of Judge Gary Lancaster in *In re Indus. Silicon Antitrust Litig.*, No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 49); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003,

N.T. 1341); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §
104.54, 105.01 (5th ed. 2000).]]

**2.08    All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been
present at any time or place involved in the case, or who may appear to have some knowledge of
the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all
papers and things mentioned in the evidence in this case.

[[Adapted from: *United Auto., Aerospace & Aric. Implement Workers of Am. v. NLRB*, 459 F.2d
1329, 1338 (D.C. Cir. 1972); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins
Antitrust Litig*., MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003,
N.T. 1341-42, 1370-71); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND
INSTRUCTIONS - CIVIL §105.11 (5th ed. 2000).]]

**2.09    Depositions**

During this trial, some testimony was presented to you by deposition.  Depositions are a
witness' sworn and recorded answers to questions asked before trial by the lawyers.  If for some
reason, a witness cannot be present to testify here in the courtroom, his or her testimony may be
presented to you by deposition, either in writing or on videotape.  In either case, such testimony
is entitled to the same consideration and is to be judged as to credibility and weighed and
otherwise considered by you in the same manner as if the witness had been present here in the
courtroom and had testified from the witness stand.  As with live testimony during trial, you may
reject or accept the deposition testimony of a witness in whole or in part.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust
Litig*., MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T.
1340-41); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) §2.23 (1999); 3 O'MALLEY,
GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §§102.23, 105.02 (5th ed.
2000); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) § 2.6 (2001).]]

**2.10    Impeachment**

Having heard the testimony and read the documents, it is your job to decide whom to
believe and what documents or witnesses to trust.  To help you in this process, the lawyers were
allowed to try to persuade you that some witnesses and some documents are more trustworthy
than others.  There were many ways the lawyers tried to do this.  One example was discrediting a
witness.

A witness may be discredited by evidence that contradicts the witness's testimony, by an
inconsistent document, or by evidence that at some other time the witness said or did something
inconsistent with the witness's present testimony.  The witness may also be discredited by his or
her failure to do or say something at some other time, or by the witness's failure to recall things
that one reasonably would expect a person to recall.  The witness may also be impeached based

- 10 -

on prior sworn testimony taken in depositions in this case.  The witness may be impeached by the written deposition transcript or by the video taken of the deposition or both.

If you believe a witness has been discredited, because, for example, the witness's testimony is not believable in light of the documents, it is your right to give the testimony of that witness such weight, or no weight, as you think it deserves.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony on other matters.  You may reject all the testimony of any witness whom you disbelieve.

Likewise, a document may be discredited if it is contradicted by other documents or testimony, or if it has internal contradictions.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1343-44); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL § 105.04 (5th ed. 2000); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) § 2.16 (1999); COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASS'N ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS FOR CIVIL CASES, BASIC INSTRUCTIONS 4.1 (2000 ed.).]]

## 2.11    Effect of Prior Sworn Statements

In this case, several witnesses were questioned concerning their sworn deposition testimony.  You are instructed that if a witness made a prior inconsistent statement, under oath, subject to the penalty of perjury at a deposition, then you may also treat that prior statement as evidence in this case – that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

[[Adapted from:  FED. R. EVID. 801(d)(1)(A) advisory committee's note; *Lippay v. Christos*, 996 F.2d 1490, 1497 n.7 (3d Cir..1993); *United States v. Ricketts*, 317 F.3d 540, 544 (6th Cir.), *cert. denied*, 539 U.S. 935 (2003); *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001); *United States v. Armiio*, 5 F.3d 1229, 1232 (9th Cir. 1993); *Henson v. City of Dundee*, 682 F.2d 897, 908 n.16 (11th Cir. 1982); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.* MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1345); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE 607.07[1] (Joseph M. McLaughlin, ed. Matthew Bender (2d ed. 1997)).]]

## 2.12    Weighing the Testimony of an Expert Witness

Both Plaintiffs and Defendant called expert witnesses in this case.  Because of their education and experience, these witnesses were allowed to state their opinions on certain subjects in which they profess to be expert and to state the reasons for their opinions.

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness

qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

In determining what weight, if any, to give an expert's opinion, you should consider the expert's qualifications and reliability, the reasons given for his opinion, and whether the factual assumptions that underlie his opinion are supported by credible evidence in this case.

You are not bound by an expert's opinion merely because he is an expert.  You may accept it or reject it in whole or in part as in the case of any other witness.  Give it the weight, if any, that you think it deserves.

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, the reasons for each opinion, and the facts and other matters upon which it was based.

In summary, after making your own judgment, you will give the testimony of each expert witness the weight, if any, that you may think it deserves.  You may, in short, accept or reject the testimony of any expert witness in whole or in part.

[[Adapted from:  *LePage's Inc. v. 3M*, 324 F.3d 141, 165 (3d Cir. 2003); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 665 (7th Cir. 2002); Jury Instructions of Judge Gary Lancaster in *In re Indus. Silicon Antitrust Litig.*, No. 95-2104 (W.D. Pa.) (as given on May 17, 1999, N.T. 50-51); Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1342); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL 104.40 (5th ed. 2000); MANUAL FOR COMPLEX LITIGATION (FOURTH) 11.51 (2004); ABA SECTION ON LITIGATION, CIVIL TRIAL PRACTICE STANDARDS, Standard 11 (Feb. 1998); COMMITTEE ON FEDERAL CRIMINAL JURY INSTRUCTIONS FOR THE SEVENTH CIRCUIT, PATTERN CRIMINAL FEDERAL JURY INSTRUCTIONS  3.07 (1998); COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASS' N ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS FOR CIVIL CASES, BASIC INSTRUCTIONS 5.1 (2000 ed.).]]

### 2.13   Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

### 2.14   Charts and Summaries

Certain charts or summaries have been shown to help explain the facts shown by the books, records, and other documents that are in evidence.  They are used only as assistance or a convenience.

Of course, the truth is not measured by one side having more charts or summaries than the other side.  You, as the jury, must decide what weight, if any, should be given to the charts and summaries.

[[Adapted from: Jury Instructions of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1342-43); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §104.50 (5th ed. 2000).]]

## 2.15   What is Not Evidence

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

## 2.16   Corporations:  Actual and Apparent Authority

Defendant BMS is a corporation.  A corporation acts through its agents.  An agent is any person acting on the corporation's behalf, including directors, officers, or employees.  Through its directors, officers, employees, or other agents, a corporation is capable of conspiring with other persons or corporations.  Therefore, a corporation is responsible for all unlawful acts of its directors, officers, employees, or other agents, provided that such acts are done or made within the scope of that person's employment or apparent authority.

Acts done within the scope of a person's employment are acts done on behalf of a corporation that are related to the performance of duties that the person is generally authorized to perform. Apparent authority is the authority that an outsider would reasonably assume that the agent or employee would have, judging from the person's position, the responsibilities previously entrusted to the person or to the person's office, and the circumstances surrounding the person's past conduct.  To summarize, if you find that such a person was acting within the scope of his or her employment for the corporation or had apparent authority to act for the corporation, then the corporation is legally responsible for that person's acts or statements.

[[Adapted from:  *United States v. Am. Radiator & Standard Sanitary Corp.*, 433 F.2d 174, 204-05 (3d Cir. 1970); 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS - CIVIL §103.31 (5th ed. 2000); ABA ANTITRUST LAW SECTION, SAMPLE JURY INSTRUCTIONS IN CIVIL ANTITRUST CASES B-8 (1999 ed.); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL)  6.2 (2001).  *See also Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 575-76 (1982); *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1009 (3d Cir. 1994); *Tunis Bros. Co. Inc. v. Ford Motor Co.*, 763 F.2d 1428, 1496 & n. 21 (3d Cir. 1985), *vacated and remanded*, 475 U.S. 1105 (1986), *reinstated* 823 F.2d 49 (1987), *cent denied*, 484 U.S. 1060 (1988); Jury Instruction of Chief Judge Thomas F. Hogan in *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (D.D.C.) (as given on June 11, 2003, N.T. 1345-46); Jury Instructions of Judge Singleton in *In re Corrugated Container Antitrust Litig.*, MDL No. 310 (S.D. Tex.) (as given on Sept. 11, 1980, Tr. Vol. 100 at 75-77).]]

### 3.17    Jury Verdict Form

In addition to these instructions, you are also being provided with a Jury Verdict Form containing questions for you to answer.  You will use these instructions as a guide or "roadmap" in answering the questions on the Jury Verdict Form.  Indeed, the Jury Verdict Form will refer you to specific instructions.

### III.   ELEMENTS OF CLAIMS

**3.01    Fraud**

The following instructions relate specifically to Question Nos. 1(a) and 1(b) on the Jury Verdict Form.

You must determine whether BMS defrauded Plaintiffs and the Class.  In making this determination, you must consider whether the following nine factors are present:

(1)  BMS made a representation;

(2)  The representation was false;

(3)  The representation was material, which means that it was sufficiently important to influence a reasonable person's actions;

(4) BMS knew that the representation was false;

(5) BMS intended that Plaintiffs would act upon the representation in the manner reasonably contemplated by BMS;

(6) Plaintiffs did not know that the representation was false;

(7) Plaintiffs relied on the truth of the representation;

(8) Plaintiffs' reliance was reasonable and justified under the circumstances; and

(9) As a result, Plaintiffs were damaged.

[[REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), *Commercial Torts* § 24 (4th ed. 2005); encompasses CONNECTICUT CIVIL JURY INSTRUCTIONS § 7.19 (April 30, 2002); encompasses CALIFORNIA JURY INSTRUCTIONS, CIVIL § 12.31 (9th ed.); encompasses DEL. P.J.I. CIV. § 1.6.1 (2000); encompasses FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES § MI 8.1(a); encompasses 2-44 ILLINOIS FORMS OF JURY INSTRUCTION § 44.02; encompasses 1-31 INDIANA PATTERN JURY INSTRUCTIONS – Civil Instr. 31.63; MARYLAND CIVIL PATTERN JURY INSTRUCTIONS 11:1; encompasses MASSACHUSETTS JURY INSTRUCTIONS, CIVIL § 6.1 (1999); encompasses 1-22 NEW HAMPSHIRE CIVIL JURY INSTRUCTION § 22.1; encompasses OKLAHOMA UNIFORM JURY INSTRUCTIONS – CIVIL § 18.1; encompasses PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS 13.14; encompasses 1-8 TENNESSEE CIVIL JURY INSTRUCTIONS 8.35; encompasses WASHINGTON PATTERN JURY INSTRUCTIONS, CIVIL 160.01 (5th ed. 2005).]]

I will next provide you with more detailed instructions relating to some of these factors.

**3.011   The First Two Factors**

In deciding factors one and two (whether BMS made a representation and whether the representation was false), you must consider the following findings that the Court has already made.

<u>First</u>, I have found that BMS caused AWPs to be published.  BMS sent to publishers in the industry, either the *RedBook* or *First DataBank*, the wholesale list prices ("WLPs") for the BMS Drugs.  The publishers then published average wholesale prices or "AWPs" based on the WLPs.  During the period 2002 to 2004, one of the publishers raised the AWPs by 5%.  BMS took no action to correct the published AWPs in response to that increase.  Therefore, I have found that BMS is responsible for the accuracy of the published AWPs for the BMS Drugs.

<u>Second</u>, I have ruled that the term "Average Wholesale Price" or "AWP" was intended to be an actual average of prices.  As an average, the published AWP should have included and accounted for discounts, rebates and other incentives provided to doctors.  Let me put this another way.  Assume that the published AWP for a BMS Drug was $100.  Also assume that doctors on average were able to purchase that BMS DRug at $50.  The published AWP should have reflected those discounts and therefore should have been $50.  I am just using these numbers as an example.

<u>Third</u>, I have found that the AWPs for the BMS Drugs were not an average price and did not reflect discounts and other cost advantages given to doctors.

**3.012   Factor No. 4**

With respect to factor number four (whether BMS knew that the AWPs were false), the maker of a representation knows that it is false if the maker:

(a)  knows or believes that the matter is not as he represents it to be;

(b)  does not have the confidence in the accuracy of his representation that he states or implies; or

(c)  knows that he does not have the basis for his representation that he states or implies. [[Restatement (Second) of Torts, § 526 and comment (a)]]

Furthermore, a representation that the maker knows to be capable of two interpretations, one of which he knows to be false and the other true is fraudulent if it is made with the intention that it be understood in the sense in which it is false.  [[Restatement (Second) of Torts, § 527]]

**3.013   Factor No. 5**

With respect to factor number five (whether BMS intended that Plaintiffs would act upon the representation in the manner reasonably contemplated by BMS), "intent" means that a person had the purpose to do something.  In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally.  Intent ordinarily cannot be

proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction. [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.02(D)]]

The maker of a representation can be liable to the person he intends to influence, regardless of whether he makes the representation to them directly or conveys the information through some other person or means. [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.05]] It is not necessary that he have any particular person in mind. It is enough that he intends or has reason to expect to have it repeated to a particular class of persons and that the person relying upon it is one of that class. [[RESTATEMENT (SECOND) OF TORTS, § 533 & cmts. d and g]]

[[*NOTE: The following instruction is submitted in the alternative and only in the event that the Court declines to find as a matter of law that Plaintiffs relied on the false AWPs*]]

### 3.014   Factor No. 7

Regarding factor number seven (whether Plaintiffs relied on the truth of the representation), the Court has found that this element is satisfied if you find that a Plaintiff made a payment for a BMS Drug.

[[*NOTE: The following instruction is submitted in the alternative and only in the event that the Court declines to find as a matter of law that Plaintiffs' reliance was reasonable and justified*]]

### 3.015   Factor No. 8

With respect to factor number eight (whether Plaintiffs' reliance was reasonable and justified under the circumstances), a person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility. [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.02(F)]]

Plaintiffs ordinarily are not required to investigate the truth of assertions that are made and are ordinarily justified in relying on its truth. If the Defendant's representations were such as to induce the Plaintiffs not to undertake an independent examination of the pertinent facts, lulling them into placing confidence in BMS's assurances, then the Plaintiffs' failure to ascertain the truth through investigation does not preclude recovery. [[Encompasses RESTATEMENT (SECOND) OF TORTS, § 540]]

### 3.016   Factor No. 9

- 17 -

For assistance in determining factor nine, see Instruction 3.02 below.

**3.02    Unfair Acts or Practices**

The following instruction relates specifically to Question No. 2(a) on the Jury Verdict Form.

You must determine whether BMS committed unfair acts or practices.  In order to establish that BMS committed unfair acts or practices, Plaintiffs must prove that BMS's conduct meets at least one of the following two criteria:

(1) it is immoral, unethical, oppressive or unscrupulous; or

(2) it causes substantial injury to consumers, competitors or other business persons.

I will now give additional instructions on these two criteria:

Immoral, Unethical, Oppressive or Unscrupulous.  You simply need to determine whether you believe that the Defendant's conduct was immoral, unethical, oppressive or unscrupulous.  Common English dictionaries define these words as follows:

"Immoral" means conflicting with generally or traditionally held moral principles.

"Unethical" means the act or practice does not conform to moral standards.

"Oppressive" means unreasonably burdensome.

"Unscrupulous" means unprincipled.

Substantial Injury to Consumers.  To prove substantial injury to consumers, the Plaintiffs must demonstrate that the Defendant's conduct caused an injury that is:  (1) substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers could not reasonably have avoided the injury

Plaintiffs contend that the publication of AWPs and/or the marketing of the spread to doctors, in the context of a Medicare payment system that uses AWP, was an unfair practice that meets the elements set forth above.  Defendant denies that it engaged in an unfair practice.

**3.03    Deceptive Acts or Practices**

The following instruction relates specifically to Question No. 3(a) on the Jury Verdict Form.

You must determine whether BMS committed deceptive acts or practices.  In order to establish that BMS deceptive acts or practices, Plaintiffs must prove that BMS's conduct has the

- 18 -

capcacity or tendency to mislead or deceive.  Under this general test, Plaintiffs need not prove that Defendant intended to mislead anyone or that anyone was, in fact, misled.

**3.04    Proximate Cause**

The following instruction relates specifically to Question Nos. 4(a) and 4(b) on the Jury Verdict Form.

In order to recover damages, Defendant's acts must be shown by either a preponderance of the evidence or clear and convincing evidence to be a proximate cause of injury to Plaintiffs and the Class.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

Plaintiffs claim that the publication of false AWPs injured Plaintiffs and the Class by causing overpayment.  Defendant denies that its AWPs caused injury to the Class.

# IV.    STATUTE OF LIMITATIONS

**4.01    Fraudulent Concealment**

The following instruction relates specifically to Question Nos. 5(a) and 5(b) on the Jury Verdict Form.

You may have heard the phrase "statute of limitations" before.  This refers to the fact that the law requires that claims must be brought, by filing a lawsuit, within a certain period of time, or the claims are barred.

The limitation periods under state laws range from one to ten years.  In five states, the limitations period does not begin to run if the defendant has "fraudulently concealed" the wrongdoing.

Plaintiffs must demonstrate that:

(1) BMS made a false representation or concealment of a material fact;

(2) BMS had knowledge of the facts giving rise to the cause of action;

(3) BMS made the false representation or concealment with intent that it be relied upon;

(4) Plaintiffs could not have discovered the cause of action despite exercising reasonable care and diligence; and

(5) Plaintiffs relied and acted upon the representation or concealment to their prejudice.

Plaintiffs filed this lawsuit on December 19, 2001, and Plaintiffs' claims seek to recover damages for harm inflicted starting on January 1, 1991.

BMS contends that Plaintiffs and the Class are not entitled to recover in some states because their claims were too late, that is, the claims were barred by some state statutes of limitation.  Plaintiffs contend that their claims were timely filed promptly upon discovery of the alleged wrongdoing.  Applying the rules set forth above for fraudulent concealment, you must decide whether the Plaintiffs' claims are timely in certain states.

# V.      DAMAGES

## 5.01    Compensatory Damages

If you make the necessary findings related to causation, Plaintiffs and the Class are entitled to recover actual damages for any loss of money.

You must determine what amount of money will fully and fairly compensate the Plaintiffs and the Class for the actual damages they sustained as a result of Defendant's actions.

This instruction relates specifically to Question Nos. 6 through 42 on the Jury Verdict Form.

## 5.02    Additional Damages

Under some state statutes, Plaintiffs are or may be entitled to recover additional damages. The laws of some states provide that the Court makes this decision, while other states leave this decision to you, the Jury.

Some statutes provide for mandatory additional damages – that is – you must either double or treble the damages that you have found.  Other statutes make an award of additional damages discretionary based on some heightened finding of culpability.  I provide further instructions as follows:

For class members in <u>Delaware</u>, the <u>District of Columbia</u>, and <u>Hawaii</u>, you <u>must</u> treble (that is, multiply times three), the actual damages that you award for each state.  See Question No. 43 of the Jury Verdict Form.

For class members in <u>California</u> who are "senior citizens" (that is, over the age of 65), you <u>may</u> make an additional award up to $5,000 to each Plaintiff and Class member if you make the following findings:

(1) The Plaintiffs and the Class members have suffered substantial physical, emotional, or economic damage resulting from BMS's conduct;

(2) An additional award is appropriate; and

(3) <u>One</u> of the following factors is present:

(a)  BMS knew or should have known that its conduct was directed to one or more senior citizens or disabled persons.

- 21 -

(b) BMS's conduct caused one or more senior citizens or disabled persons to suffer:  loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(c) One or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

Use these definitions in answering Question No. 44 of the Jury Verdict Form.

For class members in <u>New Mexico</u>, you <u>may</u> treble the actual damages award if you find that BMS's violations of law were done willfully.  A an act is done willfully if it is done intentionally or with knowledge.  See Question No. 45 of the Jury Verdict Form.

For class members in <u>Texas</u>, you <u>may</u> treble the actual damages award if you find that BMS's violations were done knowingly.  "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the Plaintiffs' claim.  See Jury Verdict Form Question No. 46.

For class members in <u>Vermont</u>, you <u>may</u> award treble damages if you find that BMS exhibited malice, ill will or acted with reckless disregard of Plaintiffs' and the Class members' rights.  See Question No. 47 of the Jury Verdict Form.

# VI.   PUNITIVE DAMAGES

**6.01   Punitive Damages**

Some states permit you to award punitive damages.  You must determine whether BMS is liable for punitive damages.  Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the Plaintiffs and the Class for the injury suffered.  Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future.

I will instruct you on the punitive damages standards by state.

**6.02   Arizona**

For claims related to Class members in Arizona, you may award punitive damages if you find by clear and convincing evidence that BMS (1) intended to injure or defraud, (2) deliberately interfered with the rights of others, or (3) acted to serve its own interests and consciously disregarded a substantial risk of harm to others.

In making your determination, consider the following factors:

(a) the reprehensibility of the conduct and the severity of the harm that is likely to result;

(b) any harm that has occurred;

(c) the duration of the misconduct,

(d) BMS's awareness of the harm or risk of harm;

(e) any concealment of it; and

(f) BMS's financial condition and net worth.

See Jury Verdict Form Question No. 48.

**6.03   Arkansas**

For claims related to Class members in Arkansas, you may award punitive damages if you find that BMS acted wantonly in causing the injury or with such a conscious indifference to the consequences.

In making this determination, you should consider whether BMS knew or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally or probably result in injury and that BMS continued such conduct in the reckless disregard of those consequences.

- 23 -

If you decide to award punitive damages, you may consider evidence of BMS's financial condition and net worth in setting the amount.

See Jury Verdict Form Question No. 49.

**6.04    California**

You must now determine whether, under California law, you should award punitive damages against BMS for the sake of example and by way of punishment.  Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice.

If you determine that punitive damages should be assessed against BMS, consider the following matters in arriving at the amount of your award:

(1)     The reprehensibility of the conduct of BMS.

(2)     The amount of punitive damages which will have a deterrent effect on BMS in the light of BMS's financial condition.

(3)     That the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the Plaintiffs and class members in California.

[[CALIFORNIA JURY INSTRUCTIONS, CIVIL § 14.72.2 (9th ed).]]

See Jury Verdict Form Question No. 50.

**6.05    Delaware**

For claims related to Class members in Delaware, you may award punitive damages to punish BMS for its outrageous conduct and to deter it, and others like it, from engaging in similar conduct in the future if you find by a preponderance of the evidence that BMS acted intentionally or recklessly.  Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct refers to conscious awareness.  Reckless conduct refers to conscious indifference.  Each requires that BMS foresee that its conduct threatens a particular harm to another.  Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude. Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice.  In determining any

award of punitive damages, you must consider the following:  the reprehensibility or outrageousness of BMS's conduct and the amount of punitive damages that will deter BMS and others like it from similar conduct in the future.  You may consider BMS's financial condition for this purpose only.  BMS's financial condition must not be considered in assessing compensatory damages.  Any award of punitive damages must bear a reasonable relation to Plaintiff and the Class's compensatory damages.  If you find that Plaintiffs and the Class are entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.  [[DEL. P.J.I. CIV. § 22.27 (2000)]]

See Jury Verdict Form Question No. 51.

**6.06    District of Columbia**

For claims related to class members in the District of Columbia, you may award punitive damages if you find by clear and convincing evidence that BMS acted with evil motive, actual malice, or in willful disregard for the rights of the Plaintiffs.

See Jury Verdict Form Question No. 52.

**6.07    Minnesota**

For claims related to class members in Minnesota, you may award punitive damages if you find by clear and convincing evidence that BMS has shown a deliberate disregard for the rights of others.

BMS has acted with deliberate disregard of the rights of others if you find that BMS has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights of others and:

(1)    deliberately proceeds to act in conscious disregard of the high degree of probability of injury to the rights of others; or

(2)    deliberately proceeds to act with indifference to the high probability of injury to the rights of others.

In making this determination, you should consider the following factors:

(a)    the seriousness of hazard to the public arising from BMS's misconduct;

(b)    the profitability of the misconduct to BMS;

(c)    the duration of the misconduct and any concealment of it;

(d)    the degree of BMS's awareness of the hazard and of its excessiveness;

(e)    the attitude and conduct of BMS upon discovery of the misconduct;

(f)      the number and level of employees involved in causing or concealing the misconduct;

(g)      the financial condition of BMS; and

(h)      the total effect of other punishment likely to be imposed upon BMS as a result of the misconduct, including compensatory and punitive damage awards to the Plaintiffs and members of the Class.

[[MINN. STAT. § 549.20(3).]]

See Jury Verdict Form Question No. 53.

**6.08    Nevada**

A Nevada statute provides special protections to disabled and "elderly" persons. "Elderly" is defined as one who is 60 years of age or older.

You may decide to award punitive damages to elderly class members in Nevada in an amount that you determine.

See Jury Verdict Form Question No. 54.

**6.09    Oregon**

For claims related to Class members in Oregon, you may award punitive damages if you find upon clear and convincing evidence that BMS has engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

In making this determination, you should consider the following factors:

(a) The likelihood at the time that serious harm would arise from BMS's misconduct;

(b) The degree of BMS's awareness of that likelihood;

(c) The profitability of BMS's misconduct;

(d) The duration of the misconduct and any concealment of it;

(e) The attitude and conduct of BMS upon discovery of the misconduct;

(f) The financial condition of BMS; and

- 26 -

(g) The total deterrent effect of other punishment imposed upon BMS as a result of the misconduct, including, but not limited to, punitive damage awards to persons in situations similar to the claimant's and the severity of criminal penalties to which BMS has been or may be subjected.

See Jury Verdict Form Question No. 55.

## 6.10    Pennsylvania

For claims related to Class members in Pennsylvania, if you find that the conduct of BMS was outrageous, you may award punitive damages in order to punish BMS for its conduct and to deter BMS and others from committing similar acts.

Conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

[[PENN. SUGGESTED STD. CIVIL JURY INSTRUCTIONS, § 14.00]]

If you decide that Plaintiffs and the Class are entitled to an award of punitive damages, it is your job to fix the amount of such damages.  In doing so, you may consider any or all of the following factors:

1. the character of BMS's act,

2. the nature and extent of the harm to Plaintiffs and the Class that BMS caused or intended to cause (in this regard, you may consider the Plaintiffs' trouble and expense in seeking to protect their interests in legal proceedings and in this suit); and

3. the wealth of BMS insofar as it is relevant in fixing an amount that will punish it and deter it and others from like conduct in the future.

It is not necessary that you award compensatory damages to Plaintiffs in order to assess punitive damages against BMS, as long as you find in favor of Plaintiffs and against BMS on the question of liability.

The amount of punitive damages awarded must not be the result of passion or prejudice against BMS on the part of the Jury.  The sole purpose of punitive damages is to punish BMS's outrageous conduct and to deter BMS and others from similar acts.

[[PENN. SUGGESTED STD. CIVIL JURY INSTRUCTIONS, § 14.02]]

See Jury Verdict Form Question No. 56.

## VII.   DELIBERATIONS AND VERDICT

**7.01   Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**7.02   Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

**7.03   Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**7.04   Return of Verdict Form**

I want to read to you now what is called the Jury Verdict Form.  This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached agreement on a verdict, your foreperson will fill in the Verdict Form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed Verdict Form as directed in open court.

## 7.05    Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

001534-16  176522 V1