UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO CLASS 1 JURY TRIAL (BMS) | | Civil Action No. 01-CV-12257 PBS  Hon. Patti B. Saris |

**BMS'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION <u>IN LIMINE</u> TO EXCLUDE EVIDENCE OF
WEALTH FROM THE LIABILITY PHASE OF THE TRIAL
AND FOR A SEPARATE TRIAL AS TO PUNITIVE DAMAGES**

Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (collectively, "BMS") respectfully move this Court to exclude evidence regarding BMS's wealth, revenue and profits from the Class 1 liability trial and to order a separate trial as to punitive damages pursuant to Federal Rule of Civil Procedure 42(b).  Such evidence is properly excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence, except, if necessary, with respect to punitive damages which may be sought under certain state consumer laws (albeit under varying standards).

## Introduction

The claims at issue in this case involve the pricing of seven BMS products, which plaintiffs allege violates the various consumer protection statutes of 37 states.  Evidence of the relative wealth of the BMS defendants is not even marginally relevant to the elements plaintiffs will have to prove in order to establish liability under the 37 state consumer protection laws at issue.

**Argument**

**I.**

**EVIDENCE OF BMS'S PROFITS OR REVENUES IS IRRELEVANT TO PLAINTIFFS' CLAIMS OF INTENTIONAL MISREPRESENTATION UNDER VARIOUS CONSUMER PROTECTION STATUTES AND THEREFORE SHOULD BE EXCLUDED FROM THE JURY'S DETERMINATION OF LIABILITY**

As a general rule, evidence of a party's economic status is inadmissible unless directly relevant to the claims or defenses. Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1178 (11th Cir. 2002) (generally "no reference should be made to the wealth or poverty of a party"); Koufakis v. Carvel, 425 F.2d 892, 902 (2d Cir. 1970) (evidence of a defendant's financial status is generally inadmissible); Wash. Annapolis Hotel Co. v. Riddle, 171 F.2d 732, 740 (D.C. Cir. 1948) (it is improper to refer to the financial wealth of a defendant). As the Court stated at the April 11, 2007 hearing, regarding AstraZeneca, "Well, we're not putting in AstraZeneca's overall wealth and profitability. That would be inflammatory." (4/11/07 AstraZeneca Pretrial Hr'g Tr. at 53.)

Evidence of profits earned by BMS or the revenue of the company is completely irrelevant to plaintiffs' claims that BMS intentionally deceived them about the prices of its drugs, thereby causing them to make a higher copayment. This issue is particularly pressing here because the jury will hear claims under 37 different consumer protection statutes, many of which

do not permit enhanced or punitive damage awards at all.[1]  Evidence of BMS's profits is not admissible for any purpose under these statutes.[2]

## II.

### EVIDENCE OF PROFITS OR REVENUE ALSO SHOULD BE EXCLUDED UNDER RULE 403

Under Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Many of the dangers against which Rule 403 guards would be present if the Court admits evidence of BMS's overall profits or revenue during the non-punitive damages phase of the trial, particularly unfair prejudice to BMS, confusion and misleading of the jury, and waste of time.

Courts have held that it is prejudicial error to allow evidence of wealth.  See Reetz v. Kinsman Marine Transit Co., 330 N.W.2d 638, 646 (Mich. 1982) (reversible error to portray defendant as wealthy and powerful corporation); Koufakis, 425 F.2d at 902; Brough, 297 F.3d at

---

[1]    See, e.g., Florida, Fla. Stat. Ann. § 501.211(2) (2007); Maine, Me. Rev. Stat. Ann. tit. 5, § 213(1) (2007); Maryland, Md. Code Ann., Comm. Law § 13-408(a) (West 2007); Golt v. Phillips, 517 A.2d 328, 333 (Md. 1986); Michigan, Mich. Comp. Laws Ann. § 445.911(2), (3) (West 2007); Minnesota, Minn. Stat. Ann. § 8.31(3a) (West 2007); Nebraska, Neb. Rev. Stat. § 59-1609 (2006); Oklahoma, Okla. Stat. Ann. tit. 15, § 761.1(A) (West 2007); South Dakota, S.D. Codified Laws § 37-24-31 (2006); Wyman v. Terry Schulte Chevrolet, Inc., 584 N.W.2d 103, 107 (S.D. 1998); West Virginia, W. Va. Code § 46A-6-106(a) (2007); Wyoming, Wyo. Stat. Ann. § 40-12-108(b) (2007).

[2]    Similarly, numerous other states do not permit punitive damages, but do permit trebling or otherwise enhancing damages in certain situations.  See, e.g., Alabama, Ala. Code § 8-19-10(a)(1) – (a)(2) (2006); Colorado, Colo. Rev. Stat. § 6-1-113(2)(a) (2007); Hawaii, Haw. Rev. Stat. § 480-13(b) (2006); Indiana, Ind. Code Ann. § 24-5-0.5-4(a) – 4(i) (West 2007); Massachusetts, Mass. Gen. Laws Ann. Ch. 93A, § 9 (West 2007); New Hampshire, N.H. Rev. Stat. Ann. § 358-A:10 (2007); New York, N.Y. Gen. Bus. Law § 349(h) (McKinney 2007); North Dakota, N.D. Cent. Code § 51-15-09 (2007); Ohio, Ohio Rev. Code Ann. § 1345.09(A) (West 2007); South Carolina, S.C. Code Ann. § 39-5-140(a) (2006); Tennessee, Tenn. Code Ann. § 47-18-109(a)(3), (4) (West 2007); Texas, Tex. Bus. & Com. Code Ann. § 17.50(b) (Vernon 2007); Vermont, Vt. Stat. Ann. tit. 9, § 2461(b) (2006); Virginia, Va. Code Ann. § 59.1-204(A) (West 2006); Washington, Wash. Rev. Code Ann. § 19.86.090 (West 2007).

1178; Wash. Annapolis Hotel, 171 F.2d at 740.  It would be unfairly prejudicial to permit plaintiffs to make such a showing when the evidence has no relevance to their case on liability.

### III.

### EVIDENCE OF BMS'S PROFITS OR REVENUE MAY ONLY BE CONSIDERED BY A JURY FOR THE PURPOSE OF DETERMINING PUNITIVE DAMAGE AWARDS FOR THOSE JURISDICTIONS WHICH PERMIT PUNITIVE DAMAGES IN A SEPARATE PHASE OF THE TRIAL

The sole area in which evidence of BMS's profits or revenue is potentially relevant is the issue of punitive damages.  See Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 266 (2d Cir. 1999) (evidence of defendant's revenue is generally inadmissible except in cases for punitive damages).  Plaintiffs should not be permitted to offer such evidence unless and until they have established liability.  Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 30 (Tex. 1994) ("evidence of a defendant's net worth, which is generally only relevant to the *amount* of punitive damages, by highlighting the relative worth of a defendant, has a very real potential for prejudicing the jury's determination of other disputed issues") (emphasis in original).  That should be done as a separate proceeding.

The Court, therefore, should order a separate trial as to punitive damages.  Rule 42(b) of the Federal Rules of Civil Procedure states that "the Court in furtherance of convenience or to avoid prejudice . . . may order a separate trial . . . of any separate issue."  As the First Circuit has said "separation of the issues of liability and damages is an obvious use for Rule 42." Kisteneff v. Tiernan, 514 F.2d 896, 897 (1st Cir. 1975).  Separate trials are also appropriate where the plaintiff seeks punitive damages.  See, e.g., Shugart v. Cent. Rural Elec. Coop., 110 F.3d 1501, 1504 (10th Cir. 1997); Hall v. Babcock & Wilcox Co., 69 F. Supp. 2d 716, 733 (W.D. Pa. 1999); Miller v. N.J. Transit Auth. Rail Operations, 160 F.R.D. 37, 41-42 (D.N.J. 1995).

## Conclusion

Accordingly, BMS respectfully requests that evidence of BMS's wealth (i.e., overall profits and revenue) be excluded from evidence except in any punitive damage phase and that the Court order a separate trial as to punitive damages.

Dated:   June 11, 2007

Respectfully submitted,

By:   /s/ Jennifer M. Ryan (BBO No. 661498)
Thomas E. Dwyer (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney, III (TS 6557)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3000

*Attorneys for Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation*

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

     I, Lyndon M. Tretter, hereby certify that I am one of Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.'s attorneys and that, on June 11, 2007, I caused a copy of **BMS'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WEALTH FROM THE LIABILITY PHASE OF THE TRIAL AND FOR A SEPARATE TRIAL AS TO PUNITIVE DAMAGES** and **MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WEALTH FROM THE LIABILITY PHASE OF THE TRIAL AND FOR A SEPARATE TRIAL AS TO PUNITIVE DAMAGES** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

                                               /s/ Lyndon M. Tretter
                                                   Lyndon M. Tretter