UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) Civil Action No. 01-CV-12257 PBS ) |
| THIS DOCUMENT RELATES TO CLASS 1 TRIAL (BMS) | ) Judge Patti B. Saris ) Chief Magistrate Judge Marianne B. Bowler |

**BMS'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION <u>IN</u> <u>LIMINE</u> TO EXCLUDE
PLAINTIFFS' EXHIBITS OR TESTIMONY RELATING TO THE
ALLEGED MISCONDUCT OF OTHER PHARMACEUTICAL COMPANIES**

Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (collectively, "BMS") respectfully submit this memorandum of law in support of their motion <u>in</u> <u>limine</u> to exclude exhibits and testimony relating to the alleged misconduct of other pharmaceutical companies.

<u>Preliminary Statement</u>

In their exhibit lists in the Class 2 and 3 Trial (10/11/06 Corrected Pls.' Am. Disclosures at 100-03) and the AstraZeneca trial (3/28/07 Pls.' Disclosures for Class 1 AstraZeneca Trial) and in Dr. Hartman's latest expert report (Hartman BMS Report at 12-18, 27-31), plaintiffs designated or referred to documents from the files of other pharmaceutical companies as exhibits. Plaintiffs may well seek to introduce such documents in the BMS trial. However, the conduct of other companies is not at issue. This is not a conspiracy case. There is no theory on which the actions of these other companies can be binding on or relevant to the liability of BMS. In addition, any such documents, if offered for the truth, are inadmissible hearsay as to BMS. Finally, evidence relating to other companies' conduct would likely confuse the jury and cause unfair prejudice to BMS. <u>See</u> Fed. R. Evid. 403.

For these reasons, the Track 1 defendants and AstraZeneca made motions to exclude documents of other companies prior to trial and the Court granted those motions. (See 10/31/06 Pretrial Hr'g Tr. 51; 4/11/07 AstraZeneca Pretrial Hr'g Tr. 21, 42-45.)

The Court again should exclude any exhibits and other evidence relating to other pharmaceutical companies.

### Argument

### I.

### EVIDENCE RELATING TO THE ALLEGED MISCONDUCT OF COMPANIES OTHER THAN BMS HAS NO BEARING ON THE ISSUES PROPERLY BEFORE THE COURT AND MUST BE EXCLUDED AS IRRELEVANT

Only relevant evidence is admissible at trial; evidence that is irrelevant is inadmissible and must be excluded by the court. Fed. R. Evid. 401, 402. Evidence is relevant if it tends to prove or disprove a material issue of fact in the case. Fed. R. Evid. 401; Jack B. Weinstein & Margaret Berger, Weinstein's Federal Evidence § 401.02[1] (Joseph M. McLaughlin ed. 2006); see Achille Bayart & Cie v. Crowe, 238 F.3d 44, 49 (1st Cir. 2001) ("Evidence is relevant only if it tends to make the existence of a fact that is of consequence more or less probable."). Exhibits that relate only to the actions of companies and drugs not now before the Court have no relevance to the issues to be tried. See, e.g., United States v. Vallejo, 237 F.3d 1008, 1015-16 (9th Cir. 2001) (evidence regarding drug trafficking organizations not relevant to defendants' conduct should have been excluded at trial).

### II.

### EVIDENCE RELATIVE TO THE ALLEGED MISCONDUCT OF COMPANIES OTHER THAN BMS IS INADMISSIBLE HEARSAY

Any exhibit from the files of other pharmaceutical companies would be an out of court of statement of persons employed by companies other than BMS, offered by plaintiffs to

prove the truth of the matter asserted. Fed. R. Evid. 801(c). Such exhibits, which cannot be deemed admissions of BMS, are inadmissible hearsay. This is not a conspiracy case and, therefore, the documents do not fall under Fed. R. Evid. 801(d)(2) as statements of co-conspirators. Century '21' Shows v. Owens, 400 F.2d 603, 609-610 (8th Cir. 1968); Stevenson v. Hearst Consol. Publ'ns, 214 F.2d 902, 907 (2d Cir. 1954).

Accordingly, all such exhibits should be excluded.

### III.

### EVIDENCE RELATED TO THE ALLEGED MISCONDUCT OF OTHER COMPANIES SHOULD BE EXCLUDED BASED ON UNFAIR PREJUDICE TO DEFENDANTS AND THEIR BURDEN ON THE COURT

Even if evidence of the alleged misconduct of other companies could be viewed as marginally relevant in this case, it is still inadmissible because its probative value is vastly outweighed by the mischief that admission of the evidence may cause. Fed. R. Evid. 403. As a threshold matter, the Court, in addressing relevance issues must strike a sensible balance between probative force and potential prejudice. Staniewicz v. Beecham, Inc., 687 F.2d 526, 530 (1st Cir. 1982); Silva v. Showcase Cinemas Concessions of Dedham, Inc., 736 F.2d 810, 813 (1st Cir. 1984). Specifically, Rule 403 requires the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the factfinder, or by considerations of undue delay, waste of time or presentation of cumulative evidence. Fed. R. Evid. 403.

In jury cases, it has been held that evidence that relates to other products, not at issue at trial, can be excluded as prejudicial and likely to confuse or mislead the jury. Ahlberg v. Chrysler Corp., 481 F.3d 630, 633-34 (8th Cir. 2007) (In Dodge RAM case, minimal probative value of retrofit evidence in different vehicle model "was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."); Bizzle v. McKesson Corp.,

961 F.2d 719, 721-22 (8th Cir. 1992) (In a case regarding alleged an injury due to breaking of cane, minimal probative value of evidence regarding another cane model was "easily outweighed by the dangers of unfair prejudice to [defendant] and of misleading the jury."). The issue in this case is the conduct of BMS, not the conduct of other pharmaceutical companies.

Rule 403 is also a tool for the court to limit evidence in protracted cases. See United States v. IBM Corp., 87 F.R.D. 411, 415-16 (S.D.N.Y. 1980); Manual For Complex Litigation § 11.644 (4th ed. 2004). The need for the court to police evidence is especially appropriate in cases such as this where the court has imposed strict time limitations on the parties. As the court in SCM Corp. v. Xerox Corp. stated:

> It has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited by his own judgment and whim.

77 F.R.D. 10, 14 (D. Conn. 1977) (citations omitted).

In view of the tight time constraints for presentation of proof that the court has imposed on the parties, admitting the other company documents into evidence would redound significantly and unfairly to the detriment of BMS. If admitted, BMS would be forced to rebut the evidence by introducing other exhibits or witnesses, which would both add unnecessarily to defendant's defense and improperly curtail the time that defendants have to address the real issues in this case. Evidence that is tangential to the issues at trial can be excluded as a waste of the court's and the jury's time. See Stathos v. Bowden, 728 F.2d 15, 18-19 (1st Cir. 1984) (in gender based discrimination action, studies of salary comparisons between men and women involving employees at another site was so tangential as to waste the court's time and was excluded); United States v. Beauchamp, 986 F.2d 1, 3-4 (1st Cir. 1993) (evidence that government witness had lied about his home address properly excluded; cost of presenting testimony outweighed its marginal value); Northside Mercury Sales & Serv., Inc. v. Ford Motor

Co., 871 F.2d 758, 760 (8th Cir. 1989) (in suit involving dealership termination, exclusion of financial statements from other area dealers upheld; possibility of delay outweighed probative value); Poling v. Morgan, 829 F.2d 882, 887-88 (9th Cir. 1987) (in action by mobile home owner whose homes had been repossessed by defendants, the court properly excluded evidence of other schemes in which defendants defrauded mobile home buyers because admitting the evidence would have caused undue delay).

Exclusion under Rule 403 is especially appropriate where, as here, the proffered evidence relates to conduct involving factual circumstances that differ from those before the court. Cameron v. Otto Bock Orthopedic Indus., Inc., 43 F.3d 14, 17 (1st Cir. 1994) (lack of similarity in circumstances of failure of artificial limbs "reinforces any decision to exclude under Rule 403"); see generally United States Fid. & Guar. Co. v. Baker Material Handling Corp., 62 F.3d 24, 26-28 (1st Cir. 1995) (affirming exclusion of evidence showing installation of safety posts in a dissimilar subsequently designed forklift as unduly prejudicial in a wrongful death case on behalf of a worker killed while operating earlier designed forklift without safety posts); see also Haskell v. Kaman Corp., 743 F.2d 113, 121-22 (2d Cir. 1984) (in an age discrimination action, testimony by six former employees, not parties to the suit, as to the circumstances of their departure from defendant company excluded as unfairly prejudicial).

In sum, exhibits from other companies would introduce into this litigation evidence whose minimal probative value (if any) is outweighed by its tendency to cause unfair prejudice and waste the court and the parties' time and, therefore, must be excluded. Staniewicz, 687 F.2d at 530; Stathos, 728 F.2d at 18-19.

**Conclusion**

Accordingly, for the reasons discussed herein, BMS respectfully submits that the Court should exclude from evidence any exhibits or testimony relating to the alleged misconduct of other pharmaceutical companies.

Dated: June 11, 2007

Respectfully submitted,

By:  /s/ Jennifer M. Ryan
Thomas E. Dwyer (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney, III (TS 6557)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3640

Attorneys for Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network, Corp.

## CERTIFICATE OF SERVICE

      I, Lyndon M. Tretter, hereby certify that I am one of Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.'s attorneys and that, on June 11, 2007, I caused a copy of **BMS'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS OR TESTIMONY RELATING TO THE ALLEGED MISCONDUCT OF OTHER PHARMACEUTICAL COMPANIES** and **MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS OR TESTIMONY RELATING TO THE ALLEGED MISCONDUCT OF OTHER PHARMACEUTICAL COMPANIES** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

                                                                                         /s/ Lyndon M. Tretter
                                                                                          Lyndon M. Tretter