UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> 01-CV-12257-PBS AND 01-CV-339 ) <br> **CLASS 1 TRIAL** ) <br> ) | MDL No. 1456 <br><br> Civil Action No. 01-CV-12257 PBS <br><br> Judge Patti B. Saris <br> Chief Magistrate Judge Marianne B. Bowler |

**MEMORANDUM OF LAW OF DEFENDANTS BRISTOL-MYERS SQUIBB
COMPANY AND ONCOLOGY THERAPEUTICS NETWORK CORP.
REGARDING COMPOSITE CLASS 1 JURY INSTRUCTIONS**

In accordance with our understanding of the Court's May 9, 2007 Pretrial Order, defendants Bristol-Myers Squibb Company and Oncology Therapeutic Network Corporation (together "BMS") submit herewith proposed composite Class 1 jury instructions.[1] (See Exhibit 1 hereto). BMS submits these instructions without prejudice to its continuing objection that under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny, it is legally impermissible for the Court to present to the jury a composite charge which amalgamates state law.[2]

---

[1] The instructions do not apply to claims on behalf of consumers in the State of Maine, since Maine was excluded from the Court's class certification order. See In re Pharmaceutical Indus. Average Wholesale Price Litig., 233 F.R.D. 229, 230-31 (D. Mass. 2006). Nor do the instructions cover claims on behalf of consumers in South Carolina and Tennessee because class actions are impermissible under the consumer protection laws of those states. See S.C. Code Ann. § 39-5-140(a); Tenn. Code Ann. § 47-17-109(a)(1). In addition, in connection with the contemplated Class 1 AstraZeneca trial, Plaintiffs agreed that they could not pursue their claims in Ohio and Utah due to the predetermination requirements in those state consumer protection statutes. (See Mem. in Support of Pls.' Proposed Jury Instructions at 2). Thus, this memorandum will hereinafter refer to this action as one arising under 37 consumer protection statutes.

[2] BMS adopts and incorporates by reference herein AstraZeneca's objection to the continued certification of Class 1 and the jury instruction for the Class 1 trial set forth in the Request for Plaintiff to Present a Fair and Manageable Trial Plan (Docket 3816), Motion to Decertify Class 1 (Docket 3896) and Memorandum of Law regarding Class 1 Jury Instructions (Docket 4035) and Memorandum of Law accompanying Proposed Class 1 Jury Instructions (Docket 4146).

**BACKGROUND**

BMS believes that the law requires this Court to instruct the jury on the specific state laws that are the only claims certified under this Court's January 30, 2006 Order. On April 11, 2007, during a pretrial conference in connection with the then-scheduled AstraZeneca trial, the Court stated that it would not charge the jury on the 37 separate state consumer protection laws ("CPLs") that the Court certified for trial. The Court ruled instead that it would instruct the jury on "common law fraud" based on its belief that proof of AstraZeneca's intentional misrepresentation of the average wholesale price of Zoladex would violate every one of the 37 CPLs to be tried. Although AstraZeneca objected that the Court's conclusion was incorrect, an objection that BMS now reiterates, the Court ruled that it would consider exclusion of any such state law claims after the jury's verdict. As a result, rather than have a trial of factual issues under the 37 state CPLs remaining from the Court's class certification order, the Court has instead directed that the issues to be tried to the jury will be the factual issues relevant to a claim for common law intentional misrepresentation – a claim that does not exist in Plaintiffs' complaint and was not the subject of class certification proceedings.

**ARGUMENT**

**I.     IT IS LEGALLY IMPERMISSIBLE TO SUBMIT A COMPOSITE JURY CHARGE WHICH AMALGAMATES STATE LAWS**

BMS feels compelled to reiterate the fundamental point that this Court may not amalgamate the various state CPLs into a fictional "composite." Notwithstanding the Court's reluctance to instruct the jury on "state-specific questions" and its apparent intention artificially to limit the case to "primarily the intent to deceive, reliance, and causation issues" (Tr. at 15: 23-25; 16: 24 (Mar. 26, 2007)), Rule 23 is not an invitation for the Court to conduct a trial by "aggregation" under a fictitious "national consumer protection act."  See In re Rhone-Poulenc

Rorer, Inc., 51 F.3d 1293, 1300-03 (7th Cir. 1995) (issuing writ of mandamus against district court for adopting "Esperanto" instructions that purported to merge the laws of various states into a single legal standard). It is impermissible for this Court to invent a "composite" charge purportedly evincing a "national consumer protection act" that does not exist. To do so would be tantamount to trying this case before a single jury instructed in accordance with no actual law of any jurisdiction. Id. at 1300 (decrying district judge's proposal to "merg[e] the negligence standards of the 50 states" and instruct a single jury "in accordance with no actual law of any jurisdiction").

Where, as here, choice-of-law requires the application of 37-plus different state laws, the Rules Enabling Act, 28 U.S.C. § 2072, Erie R.R. Co. v. Tompkins, and basic principles of fairness prevent manipulation of those states' laws' elements and defenses to facilitate litigation in a single forum. See In re Bridgestone/ Firestone, Inc., 288 F.3d 1012, 1020 (7th Cir. 2002) ("Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court."); Cimino v. Raymark Indus., Inc., 151 F.3d 297, 312 (5th Cir. 1998) ("[U]se of Rule 23(b)(3) . . . does not alter the required elements which must be found to impose liability and fix damages (or the burden of proof thereon) or the identity of the substantive law . . . which determines such elements."); see also Amchem Prods. Co. v. Windsor, 521 U.S. 591, 612-13 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right'"). Absent class members are entitled to have their claims adjudicated under the law of their respective states and BMS is entitled to raise all defenses

available in each of those jurisdictions.[3]  In re Stucco Litig., 175 F.R.D. 210, 216-17 (E.D.N.C. 1997) (citing Erie) (noting that where the law of more than one jurisdiction applies, a federal district court "must give effect to the variations in state law, however minor they may be"); see also In re Fibreboard Corp., 893 F.2d 706, 711-12 (5th Cir. 1990) (vacating proposed trial plan which would have violated the Rules Enabling Act and noting that even variations in the "mode of proof" may be substantive in nature); Windham v. Am. Brands, Inc., 565 F.2d 59, 66 (4th Cir. 1977) (noting the relation between the Rules Enabling Act and manageability of class actions).

Furthermore, the reality that varying elements and defenses of the state CPLs would "overwhelm" a jury cannot justify disregarding their variations.[4]  Rather, Rule 23, as well as controlling principles of law, mandates decertification unless Plaintiffs' trial plan and jury instructions solve the dilemma.  Indeed, decertification, rather than turning a blind eye to state law variations, is the path that every other court confronted with this issue has ultimately acknowledged is the required course.[5]

---

[3] The Court should be aware that *res judicata* principles against claim-splitting will likely prevent any class member from suing BMS in a second proceeding based on some lower standard than intent that may be allowed under their respective state's CPLs.  On the other hand, allowing for such differentials in CPLs would necessarily require decertification as discussed in the text and footnotes below.

[4]  These variations are especially significant in the area of punitive damages.  For example, the following states do not permit punitive damages under their consumer protection laws: Colorado, Connecticut, Florida, Kansas, Maryland, Michigan, Minnesota, Oklahoma, South Dakota, West Virginia and Wyoming.  In addition, the following states provide that punitive damages are either automatic upon a finding of liability (i.e., double or treble damages) or an issue for the court: Hawaii, Idaho, Indiana, Massachusetts, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Pennsylvania, Washington and Wisconsin.  Accordingly, BMS has not submitted jury instructions on the punitive damages issues for claims from those states.

[5]  See, e.g., In re Paxil Litig., 212 F.R.D. 539, 546 (C.D. Cal. 2003) ("The completed picture will no doubt be too vast and too complicated for even the most diligent jury to grasp'); Insolia v. Philip Morris, Inc., 186 F.R.D. 547, 551 (W.D. Wis. 1999); Smith v. Brown & Williamson Tobacco Corp., 174 F.R.D. 90, 98 (W.D. Mo. 1997) ("[N]either party can seriously expect a jury's full attention and consideration for the length of such proceedings, nor can they expect even-handed, consistent treatment from beginning to end"); Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 221 (E.D. Pa. 2000) ("If I find plaintiff's jury instructions confusing, how can I expect a lay jury to wade through these questions?"); Cunningham v. PFL Life Ins. Co., No. C98-67-MJM,

Finally, plaintiffs' concession that they must prove "intentional misrepresentation" does not eliminate the numerous other variations in the requirements of these CPLs. More than 18 months have passed since the Court directed Plaintiffs to perform an "extensive analysis" of the 40-plus state laws in order to present the Court and BMS with a proposal of how—and if—these differences could be handled in a Class 1 trial. In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 84 (D. Mass. 2005) ("[T]he burden is on plaintiffs to demonstrate 'through an extensive analysis' that grouping is feasible") (internal citations omitted). Plaintiffs did not even acknowledge their burden—much less attempt to meet it—until, after several requests by defendants, the Court finally directed Plaintiffs to explain how the laws of the various states may be presented to a jury.[6]  (3/26/07 Tr. at 16-17).

---

1999 WL 33656879, at *6 (N.D. Iowa, Aug. 25, 1999) ("The Court believes that trying a case with such disparate legal questions is inefficient, impractical, and will most likely confuse the jurors"); In re Masonite Corp. Hardboard Siding Prods. Liab. Litig., 170 F.R.D. 417, 423-24 (E.D. La. 1997) ("[P]laintiffs have not shown the Court that it is possible to give one negligence instruction which would account for all the varying nuances that state lawgivers command"); In re Ford Motor Co. Ignition Switch, 174 F.R.D. 332, 350 (D. N.J. 1997) (Plaintiffs unable to show that class action under the laws of 51 jurisdictions would be possible without "overwhelming jurors with hundreds of interrogatories and a verdict form as large as an almanac."); Harding v. Tambrands Inc., 165 F.R.D. 623, 632 (D. Kan. 1996) ("The jury instructions and verdict form used to submit the matter to the jury would be extremely complicated given these numerous differences in the law applicable to the various claims."); Chin v. Chrysler Corp., 182 F.R.D. 448, 461 (D.N.J. 1998) ("Plaintiffs have . . . offered no jury instructions or verdict forms to overcome the manageability difficulties posed by this action"); Poe v. Sears, Roebuck and Co., No. Civ. A1:96-CV-358-RLV, 1998 WL 113561, *4 (N.D. Ga. Feb. 13, 1998) ("Any kind of matrix which tried to take into consideration all the varying elements (and standards of proof) would itself be so complex as to make the case unmanageable."); Carpenter v. BMW of North Am., Inc., No. Civ. A. 99-CV-214, 1999 WL 415390, at *6 (E.D. Pa. June 21, 1999) (Plaintiffs presented "no plan as to how the jury could meaningfully be instructed on the laws of each jurisdiction with respect to plaintiff's multiple claims, each of which contains numerous elements, multiplied by thousands of class members"); In re Jackson Nat. Life Ins. Co. Premium Litig., 183 F.R.D. 217, 223 (W.D. Mich. 1998) (despite the confident "assurances" of counsel, Plaintiffs failed to prove variations in state law were manageable "through use of tailored jury instructions, interrogatories to the jury and special verdict forms").

[6]  Plaintiffs, not the Defendant or the Court, have the burden to set forth a fair and manageable trial plan, including proper jury instructions.  See, e.g., Makuc v. Amer. Honda Motor Co., Inc., 835 F.2d 389, 394 (1st Cir. 1987); see also  Swack v. Credit Suisse First Boston, 230 F.R.D. 250, 257 (D. Mass. 2005).  In the multi-state class action context, in particular, courts impose this burden on plaintiffs as a precondition to class certification and a fortiori to avoid decertification before trial.  See, e.g., Hosfeld v. Weyerhaeuser Mortgage Co., No. 99 C 1966, 2003 WL 22229255, at *1 (N.D. Ill. Sept. 26, 2003) ("It is plaintiffs' burden to demonstrate that the law of all 50 states does not significantly alter the liability question and they have not

## II. USING THE RESTATEMENT AS THE SOURCE OF THE RULES OF DECISION HEREIN DOES NOT CURE THE <u>ERIE</u> PROBLEM

In <u>Erie</u>, the Supreme Court ruled that federal courts sitting in diversity must apply the "<u>laws</u> of the several States" as the "rules of decisions" in trying state law claims.  <u>Erie</u>, 304 U.S. at 71, quoting 28 U.S.C. § 1652.  (Emphasis added).  The Restatement, while a useful distillation of general principles and collection of case law in a given field, does not reflect the differing experiences and values of legislatures that enact state laws and courts that interpret them.  The Restatement does not solve the <u>Erie</u> problem.

---

satisfied this burden."); <u>In re Baycol Prods. Litig.</u>, 218 F.R.D. 197, 214 (D. Minn. 2003) ("Plaintiffs have not provided the Court sufficient information for it to conclude that the laws . . .  are not significantly or materially different"); <u>In re Paxil Litig.</u>, 212 F.R.D. 539, 544 (C.D. Cal. 2003) ("Plaintiffs here fail to carry their burden of showing, prior to class certification, that the differences in state laws within each of their groupings are nonmaterial."); <u>Hammett v. Am. Bankers Ins. Co.</u>, 203 F.R.D. 690, 701 (S.D. Fla. 2001) (Plaintiff failed to "prove through extensive analysis that there are not material variations among the law of the states") (internal citation omitted); <u>Oxford v. Williams Companies, Inc.</u>, 137 F. Supp. 2d 756, 764 (E.D. Tex. 2001) ("[I]t is plaintiffs' burden to provide an adequately detailed and reasonable plan showing how this case can be managed given . . . the varying effects of local law in the fifty-one jurisdictions on each such claim."); <u>Adams v. Kansas City Life Ins. Co.</u>, 192 F.R.D. 274, 278 (W.D. Mo. 2000) ("plaintiff has not sufficiently demonstrated that state law variations are manageable"); <u>Chilton Water Authority v. Shell Oil Co.</u>, No. Civ. A. 98-T-1452-N, 1999 WL 1628000, *8 n.43 (M.D. Ala. May 21, 1999) ("The court does not have a duty to survey each state's law to determine whether the negligence, or other relevant, law of the 50 states is of sufficient commonality for plaintiffs' class claim to pass muster under Rule 23(b)(3). That burden falls on plaintiffs"); <u>Peoples v. Am. Fid. Life Ins. Co.</u>, 176 F.R.D. 637, 643 (N.D. Fla. 1998) ("Appellees see the 'which law' matter as academic. They say no variations in state warranty laws relevant to this case exist. A court cannot accept such an assertion on faith.  Appellees, as class action proponents, must show that it is accurate.")(internal citation omitted).

**CONCLUSION**

For the reasons set forth above, BMS reiterates its objections to the Court's ruling that the jury will be instructed on claims not asserted in Plaintiffs' complaint nor certified in this Court's Rule 23 order.  Subject to these objections and in compliance with the Court's order of May 9, 2007, however, BMS submits the proposed charges attached as Exhibit 1.

Dated: Boston, Massachusetts
June 11, 2007

Respectfully submitted,

By:    Jennifer M. Ryan
Thomas E. Dwyer (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel:  (617) 371-1000
Fax:  (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards, Esq. (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel:  (212) 918-3640

Attorneys for Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp.

\\\NY - 058559/000059 - 1044066 v1