# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE LITIGATION ) | MDL No. 1456 |
| ) | |
| ) | Civil Action No. 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO ) | |
| 01-CV-12257-PBS AND 01-CV-339 ) | Judge Patti B. Saris |
| **CLASS 1 TRIAL** ) | Chief Magistrate Judge Marianne B. Bowler |
| ) | |

## INITIAL PROPOSED JURY INSTRUCTIONS AND REQUEST TO CHARGE OF DEFENDANTS BRISTOL-MYERS SQUIBB CO. AND ONCOLOGY THERAPEUTICS NETWORK CORP. FOR CLASS 1 TRIAL

Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (together "BMS") hereby submit the following initial proposed jury instructions. BMS reserves the right to modify, add or withdraw proposed instructions based on the Court's rulings on in limine motions, at the pre-trial conference and on matters during the course of the trial. BMS also reserves the right to propose any instruction proposed by Plaintiffs and not objected to by BMS.

Preface

These initial proposed instructions presume that the Court will itself decide and not leave to the jury several important issues that BMS believes present pure questions of law.

First, BMS believes that the Court must decide both (i) whether a class member who cannot establish that he or she received a BMS multi-source drug is eligible to be included in the Class and (ii) whether BMS may be held liable for a Medicare drug reimbursement rate based on a "median" of AWPs for several multi-source drugs when the AWP on the BMS version of the drug did not affect the median.  BMS therefore has not attempted to create jury instructions on the extent to which a plaintiff who proceeds on a theory of "market share," joint and several liability or some other alternative liability may sue under the laws of the various states involved in Class 1.

Second, BMS believes that the Court must decide whose reliance – the federal government's or a class member's – is relevant for purposes of fraud instructions.  BMS respectfully submits that it is the government's reliance that is relevant and has drafted the proposed jury instructions accordingly.  Just as this Court held in the New York Counties' cases that a plaintiff (there, a county) may sue in fraud if there is a "sufficient causal connection" between his injury and the actions of a third-party whom defendant allegedly defrauded, so too it must be that the plaintiff does not have a claim if the third-party was not defrauded.

Finally, there are issues relating to the lack of a class representative and the proper class period that have not yet been finally resolved and therefore are sometimes left blank in the proposed instructions.

**I.**     **CHARGES AFTER THE PRESENTATION OF EVIDENCE (POST-TRIAL)**

**PROPOSED POST-TRIAL INSTRUCTION No. 1**
**INTRODUCTION/JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Authority:**
1 L. Sand et al., <u>Modern Jury Instructions</u>, 72-1 (2004).

**PROPOSED POST-TRIAL INSTRUCTION No. 2**
**JUROR OATH**


       In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.


**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 71-4 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 3
## BURDEN OF PROOF GENERALLY

Let me talk to you a minute about the burden of proof.  You may remember that this is a civil case, not a criminal case.  The issues here must be proven in some instances by a fair preponderance of the evidence and in other instances by clear and convincing evidence.  Put the issue of proof beyond a reasonable doubt out of your mind.  Proof beyond a reasonable doubt is not the burden in a civil case.  It is the burden in a criminal case.  Preponderance of the evidence means the greater weight of the evidence.  Clear and convincing evidence means proof that leaves no substantial doubt in your mind.  As I explain to you the elements of Plaintiffs' claims I will tell you which standard of proof applies in each instance.


**Authority:**

Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 73-1 (2004).

**PROPOSED POST-TRIAL INSTRUCTION No. 4**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**


The standard for some of the claims in this case is that Plaintiffs must prove – and when I say "Plaintiffs" I'm referring to the plaintiff class – that their claims are more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider all of the testimony of all of the witnesses, regardless of whether that witness was called by the Plaintiffs or by the Defendant, and all of the relevant exhibits, no matter who introduced those exhibits.

If you find that the credible evidence on a given issue is evenly divided between the parties, by which I mean that it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof, here, the Plaintiffs.  This is because the Plaintiffs, who have the burden of proof, must prove more than simple equality of the evidence.  They must prove each element at issue by a preponderance of the evidence.


**Authority:**

Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; see 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 73-2 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 5
## BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

The standard for other claims in this case is that Plaintiffs have the burden of proving all of the elements to you by clear and convincing evidence.  If you conclude that the Plaintiffs have failed to establish their claims by clear and convincing evidence, you must decide against them on the issue you are considering.

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.

Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind, not only that the proposition at issue is probable, but also that it is highly probable.  It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt;" he does not have to dispel every "reasonable doubt."

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions,</u>73-3 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 6
## WHAT IS AND IS NOT EVIDENCE

What exactly can be considered evidence? The evidence in this case consists of the sworn testimony of witnesses.  It also consists of all exhibits received into evidence and any facts that may have been admitted or agreed to.

My instructions of law are not evidence.  If at any point I say something different from the way you find the facts, your view of the facts controls.  At times you heard the lawyers objecting to questions.  You should never hold it against a lawyer for making those objections.  That's their job.  They're well trained in the rules of evidence and we together, collectively, do the best we can to make sure that all the evidence that comes to you is reliable and relevant.  During the time that objections to evidence are made, anything that is said during those objections is not evidence, and you should put it out of your mind.  If I struck the evidence, you should not consider it.  Arguments by lawyers are not evidence, because the lawyers are not witnesses.

Similarly, the question of a lawyer is not to be considered by you as evidence.  It is the witness's answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into questions a statement which assumed certain facts to be true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving the assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Anything you may have heard outside the courtroom is not evidence and you must disregard it entirely.  Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness's credibility — you must follow the limiting instructions that I gave.  Finally, statements that I have made concerning the quality of the evidence do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-1 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 7**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.  You may consider both direct and circumstantial evidence.  Direct evidence is proof of facts from someone who has seen something or heard something or touched something, someone who used one of his or her five senses and is telling you about their experience.  It is then your job to decide if you agree with the person or not.  Is the person remembering correctly? Is the person perceiving correctly? Is the person telling you the truth?

Circumstantial evidence is different.  Circumstantial evidence is proof of facts from which you may reasonably infer or conclude that other facts exist.  An example of this is a letter carrier delivering the mail.  A person who sees the letter carrier, that is direct evidence.  But the mail simply coming through the mail slot, that's circumstantial evidence that the letter carrier has been there.  We use the term circumstantial evidence to refer to evidence of some facts, including events and circumstances, from which you, as a jury, using common sense and common experience, may infer the existence or nonexistence of another fact.  Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based upon a preponderance of all the evidence presented.

**Authority:**

Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc., et al.; 1 L. Sand et at, Modern Federal Jury Instructions, 74-2 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 8**
**STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

**Authority:**

1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 74-4 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 9**
**SUMMARY AND CHARTS ADMITTED AS EVIDENCE**

   The Plaintiffs (or Defendant) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

**Authority:**

1 L. Sand et al., <u>Modern Federal Jury Instructions,</u> 74-11 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 10**
**SUMMARY AND CHARTS NOT ADMITTED AS EVIDENCE**


You also saw charts and summaries that were designed to illustrate the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.


**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 74-12 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 11**
**WEIGHING EVIDENCE**


       The number of witnesses or number of exhibits or length of testimony is not what we mean when we speak of "the weight of the evidence."  Also, number and length are not what we mean by evidence sufficient to meet the burden of proof.  You determine the weight of the evidence and whether the burden of proof is met by using your judgment about the credibility and importance of the evidence.


**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc.</u>, et al.

## PROPOSED POST-TRIAL INSTRUCTION No. 12
## DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions,</u> 74-14 (2006).

14

## PROPOSED POST-TRIAL INSTRUCTION No. 13
### INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

From the facts that have been proven, you may draw reasonable inferences about additional facts.  An inference is a deduction or conclusion.  An inference is an additional finding that from your collective experience, reason and common sense, leads you to draw from facts that you find are proved by the evidence.

You may use your common sense and common experience in deciding whether proof of certain facts provides a sufficient basis from which you may reasonably infer other facts. You may credit or discredit, as you see fit, direct evidence of a fact.  Also, you may draw an inference or not as you see fit from the circumstantial evidence.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc.</u>, et al.; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 73-1 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 14
## WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor--that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions,</u> 76-2; 76-1 (2006).

**PROPOSED POST-TRIAL INSTRUCTION No. 15
DISCREPANCIES IN TESTIMONY**


Now, you may consider inconsistencies or differences as you weigh the evidence. But you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness or between the testimony of different witnesses.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Innocent misrecollections, like failure of recollection, is a common experience.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.


**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 76-4 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 16
## UNCALLED WITNESSES EQUALLY AVAILABLE

If you find that an important witness was available to a party, but that party did not call the witness, you may infer that the testimony of the uncalled witness might have been unfavorable to the party.  At the same time, you should assume that all witnesses are available.  A person who lives more than 100 miles from the jurisdiction cannot be subpoenaed to testify, even if that person is a former employee.

You should, however, remember that there is no duty on either side to call a witness, especially one whose testimony would merely repeat or duplicate other evidence.  Also, the Court has asked the parties to limit the number of witnesses that they call so that we can have a shorter trial.  Again, your decision to draw or not to draw any inference should be based on all the facts and circumstances in the case.


**Authority:**

Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; *see* 1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 75-4 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 17
## EXPERT WITNESSES GENERALLY[1]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You still use all the same common sense factors in deciding the credibility of the witnesses.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

**Authority:**

Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; 1 L. Sand et al., <u>Modern Federal "Jury Instructions</u>, 76-9 (2004).

---

[1] These proposed instructions are submitted without prejudice to BMS's pending Class 1 <u>Daubert</u> challenge to Dr. Hartman's testimony, as well as BMS's pending motions in limine.

**PROPOSED POST-TRIAL INSTRUCTION No. 18**
**CONFLICTING EXPERT TESTIMONY**

You have heard testimony of witnesses who have been called by both sides to give their expert opinion about issues in this case.

Much of the opinion testimony that you have heard in this case came from expert witnesses.  Expert testimony is supposed to assist you in reaching a decision on these issues.

The testimony of experts in this case is in conflict.  They disagree.  You must remember that you are the sole trier of the facts and their testimony relates to a question of fact; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence.  You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 76-10 (2004).

**PROPOSED POST-TRIAL INSTRUCTION No. 19**
**SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no."  Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question (except where the verdict form indicates otherwise).

**Authority:**
1 L. Sand et al., Modern Federal Jury Instructions, 78-9 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 20
## SELECTION OF FOREPERSON

Now, let me talk to you a bit about getting this case to you to deliberate.  Your first job is to choose a foreperson.  I used to think I could do this better than you.  I used to look at all of you over the course of a trial and figure out who would be the best foreperson.  After a few abysmal failures – it's best for you to decide.  You now know each other, you can decide who would be the best person to lead the discussions.  But the foreperson is not more equal than the rest.  The foreperson is just one of you, but somebody who has certain administrative responsibilities to the court.  So let me describe what those are.

The foreperson fills in the verdict form by checking or crossing out the various points on the form and signing and dating it at the end.  So the first task is making sure it is unanimous and filling in the verdict form.  The second task is during the course of your deliberations, if a question comes up, you have the right to ask me that question.  Sometimes, I've gone through a lot of legal information, and there might be a legal question that would help break a log jam.  The final thing that the foreperson does is stand up and announce the verdict in court.  And that person is not standing alone, but standing with all the other members of the jury.  So you will see the clerk say, "So say you Madam Foreperson, so say you Mr. Foreperson, so say you all members of the jury?" And it will be an unanimous verdict.

**Authority:**

Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al.</u>; *see* I L. Sand et al., <u>Modern Federal Jury Instructions</u>, 78-5 (2004).

## PROPOSED POST-TRIAL INSTRUCTION No. 21
## COMMUNICATIONS WITH THE COURT

When you want to communicate with me, what you should do is send me a note. The foreperson should sign it and date it.  At that point, I get all the attorneys.  We all huddle, which you've seen we do so well.  We try to figure out what the right answer is.  Sometimes I'll simply write back a little note to you with the answer.  Sometimes it's simply yes, no, or a brief sentence.  If it's more complicated than that, what I will do is I will bring you back down here to instruct you again.

As I mentioned, this has got to be a unanimous verdict, and it will be from all of you.  I never want a running tally, you know, "we're at three here, two here."  I never want to know that.  I need unanimous.  So the foreperson must take the vote and make sure it's all of you who agree on the verdict.

Now, there are certain things you cannot ask me, or at least I would encourage you not to ask me.  Don't ask me what my memory is.  "What did this guy say on this date?" I've been taking notes.  Some of you have been taking notes.  I can't guarantee my notes are any better than yours.

Now, if there's something like what is the law on a given point, that is something, that is appropriate to ask me about.  Similarly, if you think you should have received an exhibit and you don't have it, or you think there's something up there that you shouldn't have, let us know.  You should never ask any of my court staff, who are trying to make sure that you're comfortable and happy and well treated, what they think the outcome of this case should be.  They cannot talk to you about the appropriate outcome of this case.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc., et al</u>.

**PROPOSED POST-TRIAL INSTRUCTION No. 22**
**SUBSTANTIVE INSTRUCTIONS**

I will now instruct you on the substantive law of plaintiff's claims.

II.     **SUBSTANTIVE CHARGES**

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 1

As a threshold matter, plaintiff must prove the following with respect to [____name____]:

1.      She was treated with at least one of the following  BMS drugs, during the period 1992-2003:   [Blenoxane], Cytoxan, Etopophos, Paraplatin, Rubex, Taxol or VePesid ("BMS drugs at issue");

2.      She made a co-payment to her medical provider for the BMS drug, which co-payment was not reimbursed by any other source, like insurance; and

3.      The co-payment amount she paid was calculated based on AWP as opposed to some other method, like the doctor's billed charge.

If you find that [____name____] fails to meet any of the foregoing elements, then you must find for BMS.

**Authority:**

Roberts v. Enter. Rent-A-Car Co., 840 N.E. 2d 541, 543 (Mass. 2006); Healy v. McGhan Med. Corp., 2001 WL 717110, at *4 (Mass. Super. Ct. March 29, 2001); Mathers v. Midland-Ross Corp., 532 N.E. 2d 46, 49 (Mass. 1989); Spencer v. Baxter Int'l, Inc., 163 F. Supp. 2d 74, 77-78 (D. Mass. 2001); Tweedell v. Hochheim Prairie Farm Mut. Ins. Assoc., S.W. 3d 304, 307 (Tex. App. 1999) (Texas DTPA Plaintiff must purchase or lease defendant's goods or services.); South Carolina Dep't of Mental Health v. Hoover Universal, C/A 3:03-4118-JFA, Order dated 10/4/05 (D.S.C.) ("[P]laintiffs must have purchased the product directly from the defendant in order to recover" under South Carolina Unfair Trade Practices Act.); Kentucky Laborers District Council Health and Welfare Trust Fund v. Hill & Knowlton, Inc., 24 F. Supp. 2d 755, 772-73 (W.D. Ken. 1998) (Kentucky Consumer Protection Act requires privity and because plaintiffs "purchased nothing from Defendants" KCPA "provides no recovery."); Kasprzak v. American General Life & Accident Ins. Co., 942 F. Supp. 303, 305 (E.D. Tex. 1996) (Plaintiff who did not buy "vanishing premium" policy from defendant had no claim under Texas Deceptive Trade Practices Act); Specialty Ins. Agency v. Walter Kaye Assocs., Inc. 1989 WL 120752 (D.N.J. Oct. 2, 1989); Haesche v. Kissner, 640 A.2d 89, 90-91 (Conn. 1994).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 2
## ELEMENTS OF PLAINTIFF'S CLAIM FOR DECEIT

Assuming that [ _____name_____ ] can establish the three threshold elements which entitle her to sue as a class representative, then you must examine whether there is legal basis to hold BMS liable to her for fraud.  More specifically:

Plaintiff claims that BMS is responsible for making deliberate and materially false statements about the prices of its drugs, that the federal government was misled by these statements when it set Medicare reimbursement rates for cancer doctors and that her Medicare co-payments for her treatment would have been lower but for BMS's misstatements.

BMS claims that it made no statements about its drug prices other than their "list" prices, that those list prices could not be false if some customers actually paid the list, and that it cannot be held responsible for any "mark up" over list by trade publications when they created AWPs.  BMS further claims that the government was aware of the difference or "spread" between the prices that doctors paid to acquire the drugs and the trade publications' AWPs, which spread was used to offset or lower other payments to the doctors for other aspects of the plaintiffs' cancer treatment, like office visits and the cost of administering the drug to her.

In determining whether plaintiffs have proved fraud, you must consider whether all of the following elements have been established

(1)     BMS made a representation of fact about the price of its drugs;

(2)     The representation was false;

(3)     The representation was material, that is, that it was sufficiently important to influence a reasonable person's actions;

(4)     BMS knew that the representation was false;

(5)     BMS intended that the government would act upon the BMS representation to its detriment;

(6)     The government did not know that the representation was false;

(7)     The government relied on the BMS representation to its detriment;

(8)     The government's reliance on the BMS representation was reasonable under the circumstances;

(9)     The false representation by BMS upon which the government relied proximately caused injury to the Medicare program; and

(10)    As a result, the plaintiff's co-payment to her doctor for her overall cancer treatment was higher than it would have been had the truth been known.

**Authority:**
Restatement (Second) Torts, § 525 (1977); Pearce v. American Defender Life Ins. Co., 343 S.E. 2d 174, 180 (N.C. 1986); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988); cf. Swinson v. Lord's Landing Vill. Condo., 758 A.2d 1008 (Md. 2000); Fleming Cos. v. GAB Bus. Servs., Inc., 103 F. Supp 2d 1271, 1275-76 (D. Kan. 2000); Knight v. E.F. Hutton & Co., 750 F. Supp. 1109, 1114 (M.D. Fla. 1996); Hershenow v. Enter. Rent-A-Car Co., 840 N.E. 2d 526, 532 (Mass. 2006) (plaintiff must prove a causal connection between seller's deception and buyer's loss).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 3
## FALSE OR MISLEADING REPRESENTATION – LIST PRICES

A false representation is a statement that is contrary to fact or that has a capacity or tendency to deceive.  A truthful statement, without more, cannot be a false representation.  Also, if words have a special meaning in a particular industry or trade, the words cannot be considered to have the capacity to deceive if the listener or reader knows or should know of the industry or trade meaning.

Plaintiff contends that BMS made false representations because (1) the list prices for BMS drugs did not reflect discounts that BMS may have negotiated with certain buyers; and (2) the AWPs for BMS products did not reflect transaction prices.

I will first instruct you on the list price question, then I will instruct you on the AWPs.

You must decide first whether BMS's list prices for BMS products were false.  With respect to list prices, you should consider whether BMS made substantial sales at list price.  By "substantial sales," I mean a not insignificant amount of sales.  If you find that there were substantial sales at list price, then you must find that BMS-published list prices did not constitute false representations.

**Authority:**

Langford v. Rite-Aid of Alabama, Inc., 231 F.3d 1308, 1313 (11th Cir. 2000); Bonilla v. Volvo Car Corp., 150 F.3d 62, 68-70 (1st Cir. 1998); Whitehall Co. v. Barletta, 536 N.E. 2d 333, 337 (Mass. 1989); Abruzzi Foods, Inc. v. Pasta & Cheeses, Inc., 986 F.2d 605 (1st Cir. 1993); see Saint-Gobain Indus. Ceramics v. Wellons, Inc., 246 F.3d 64, 74-75 (1st Cir. 2001); Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 656 (S.D.N.Y. 1996), aff'd, 113 F.3d 1229 (2d Cir. 1997); Boyd v. Drum, 501 S.E. 2d 91, 97 (N.C. App. 1998) aff'd per curiam, 511 S.E. 2d 304 (N.C. 1999); Pearce v. American Defender Life Ins. Co., 343 S.E. 2d 174, 180 (N.C. 1986); FTC Guides Against Deceptive Pricing, 16 C.F.R. § 233.1 et seq.

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 4
## RESPONSIBILITY FOR THE PUBLICATIONS' AWPs

Plaintiff contends that even if BMS's list prices were true and not misleading, BMS nevertheless may be held responsible for false and misleading AWPs.

Before you get to the issue of whether AWPs were false and misleading, however, you must decide whether BMS controlled the publications' decisions with respect to the AWPs for BMS products or adopted those decisions.

Plaintiff alleges that BMS controlled the publications, or at the very least, adopted or ratified their AWPs as its own prices.   BMS contends after it submitted the list prices to the publications, it had no control over how the publications arrived at AWPs.  BMS also contends that it never held out the AWPs as its prices, as opposed to the prices put out by the publications.

To prove that BMS exercised control over the publications, plaintiff must show that BMS participated in operation of the publications and that it had the power to direct company policy.  To prove that BMS adopted or ratified the AWPs created by the publications for BMS products, plaintiff must prove that BMS publicly endorsed and embraced those AWPs as its own by approving the AWPs for BMS drugs or by otherwise entangling itself in the affairs of the publications.

**Authority:**

Reves v. Ernst & Young, 507 U.S. 170, 185 (1993); In re Cabletron Systems, Inc., 311 F.3d 11, 37-38 (1st Cir. 2002) ("Liability may attach to an analyst's statement where the defendants have expressly or impliedly adopted the statements, placed their imprimatur on the statements or otherwise entangled themselves with analysts to a significant degree."); Raab v. Gen. Physics Corp., 4 F.3d 286, 288 (4th Cir. 1993); Sheinkopf v. Stone, 927 F.2d 1259, 1270 (1st Cir. 1991); Elkind v. Liggett & Myers, Inc., 635 F.2d 156, 163 (2d Cir. 1980); Guerra v. Terradyne Inc., 2004 WL 1467065 at *21 (D. Mass. January 16, 2004) (merely providing information upon which analysts then relied insufficient to constitute entanglement); In re Wall Data Sec. Litig., 1996 WL 585596 at *3-*4 (W.D. Wash. June 25, 1996); Zucker v. Sable, 426 F. Supp. 658, 663 (S.D.N.Y. 1976); Hamilton v. Beretta U.S.A. Corp., 727 N.Y.S. 2d 7, 13 (Ct. App. 2001) ("A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter, defendants can exercise controls.") (Citations omitted).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 5
## FALSE OR MISLEADING REPRESENTATION – AWPs

If you find that BMS was responsible for the publications' AWPs then you must go to the next step and determine if the AWPs were false or had the capacity to mislead.

Plaintiff alleges that the AWPs were false and misleading in that they did not reflect true average transaction prices between wholesalers and medical providers.

BMS contends that Medicare understood that AWPs were formulaic mark-ups over list and did not pretend to reflect average transaction prices in the marketplace.

In determining this question, you should consider whether the person to whom the statements were communicated, in this case, the government, understood what AWPs were. "AWP" is not misleading if the listener or reader knows that it is simply a mark-up over BMS's list and does not pretend to be a real average. If you find that the government understood what AWPs were, then you must find for BMS because the AWPs lacked the requisite capacity to deceive.

**Authority:**

Restatement (Second) Torts, § 541 (1977); M/I Schottenstein Homes, Inc. v. Azam, 813 So. 2d 91, 94 (Fla. 2002); Henning v. Ahearn, 601 N.W. 2d 14, 24 (Wis. App. 1999); Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc., 62 F. Supp. 2d 236, 242 (D. Mass. 1999); Gross v. Sussex, Inc., 630 A.2d 1156, 1161 (Md. App. 1993); Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1036 (11th Cir. 1991); Phoenix Canada Oil Co. v. Texaco, Inc., 749 F. Supp. 525, 530-31 (S.D.N.Y. 1990).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 6
## MATERIALITY

Plaintiff has the burden of proving that any false representation by BMS was material.  A representation is "material" if it involves information important to the government and hence, likely to affect its choice of, or conduct regarding, a particular BMS drug at issue. Therefore, to meet the materiality requirement, plaintiff must prove that a false representation by BMS was likely to have affected the government's decisions about reimbursement for the BMS drugs at issue.

**Authority:**

Adopted from Judge Saris' charge to the jury in Lazar v. Biogen, Inc. et al.; Restatement (Second) Torts, § 531, 538(2) (1977); In re Cabletron Systems, Inc., 311 F.3d 11, 33-34 (1st Cir. 2002); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988); In re Mercer, 246 F.3d 391, 416 (5th Cir. 2001); Sebago, Inc. v. Beazer East, Inc., 18 F. Supp. 2d 70, 81, 88 (D. Mass 1988); Phoenix Canada Oil Co. v. Texaco Inc., 749 F. Supp. 525, 531 (S.D.N.Y. 1982).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 7**
**SCIENTER/FRAUDULENT INTENT**

In addition to proving that BMS made false representations, plaintiff must also prove scienter or fraudulent intent. Scienter is a mental state embracing intent to deceive, manipulate or defraud. To prove scienter, it is not enough for plaintiff to show that BMS made false statements. Plaintiff must also prove that BMS's statements were knowingly false and that BMS acted consciously and voluntarily and not inadvertently or accidentally in order to achieve financial gain at the government's expense. Alternatively, plaintiff can satisfy the scienter requirement if she can prove that BMS acted recklessly, that is, so unreasonably that BMS knew or should have known that the government would be misled.

BMS contends that its conduct was not knowingly false because it published actual list prices and made substantial sales at those prices. BMS further contends that it had no obligation to publicly disclose any discounts. Moreover, BMS urges that because it understood that the government knew of BMS's discounting practices and that the AWPs did not represent actual transaction prices, it could not have possibly acted with the intent to deceive the government.

To determine scienter, you must examine BMS's state of mind. BMS's state of mind can be proven by either direct evidence or circumstantial evidence. You may infer BMS's state of mind from its acts and words, given all the surrounding circumstances at that time. Plaintiff need not prove any particular motive for BMS's alleged wrongful conduct, but you may consider the presence or absence of motive in deciding whether BMS acted with scienter.

BMS may be liable to all persons whom it intended to deceive, even if its actions or inactions were not specifically directed at such person. Therefore, plaintiff is not precluded from recovery merely because BMS's actions were directed at the government. On the other hand, if you find that plaintiff has failed to prove scienter, then you must find for BMS.

**Authority:**
Adopted from Judge Saris' charge to the jury in <u>Lazar v. Biogen, Inc. et al.</u>; <u>Ernst & Ernst v. Hochfelder</u>, 425 U.S. 185, 193, n.12 (1976); <u>In re Cabletron Systems Inc.</u>, 311 F.3d 11, 38 (1st Cir. 2002); <u>see</u> <u>Restatement (Second) Torts</u>, § 531 (1977); <u>Hageman v. Twin City Chrysler-Plymouth Inc.</u>, 681 F. Supp. 303, 308 (M.D.N.C. 1988); <u>Air Turbine Tech., Inc. v. Atlas Copco AB</u>, 295 F. Supp. 2d 1334, 1347 (S.D. Fla. 2003); <u>Schwartz v. Philip Morris Inc.</u>, 135 P. 3d 409, 423 (Or. Ct. App. 2006).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 8
## RELIANCE

In order to prove fraud, plaintiff must prove that the government acted in reliance on BMS's alleged false statements.  To establish reliance, plaintiffs must prove that the government believed that the AWPs for BMS's drugs reflected real transaction prices, and that it acted on that belief in setting reimbursement rates under Medicare.

Plaintiff must also prove that the government's reliance on BMS's conduct was "justified."  Justified means that the government had reason to believe that the AWPs were related to transaction prices.   The government's reliance would not be justified if reasonable people would have known from experience and available information that AWPs did not reflect transaction prices.

If you find that the government did not rely on the belief that the AWPs for BMS's drugs reflected transaction prices, or that the government's reliance on BMS's conduct was not justifiable, you must find for BMS.

**Authority:**

Restatement (Second) Torts, §§ 537, 538, 546; Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988); Field v. Mans, 516 U.S. 59, 70-71 (1995); TCA Bldg. Co. v. Entech, Inc., 86 S.W. 3d 667, 674 (Tex. App. 2002); Slaymaker v. Westgate State Bank, 739 P.2d 444, 450 (Kan. 1987); Galego v. Knudsen, 578 P.2d 769, 772 (Or. 1978); cf. Bank of Am. v. Jarczyk, 268 B.R. 17, 24 (W.D.N.Y. 2001); In re Mercer, 246 F.3d 391, 411-12 (5th Cir. 2001); Sauer v. Xerox Corp., 95 F. Supp. 2d 125, 135 (W.D.N.Y. 2000); Najem v. Classic Cadillac Atlanta Corp., 527 S.E. 2d 259, 262 (Ga. 1999); Asermely v. Allstate Ins. Co., 728 A.2d 461, 464 (R.I. 1999); Wilson v. Henry, 340 S.W. 2d 449 (Ky. 1960); Chase Manhattan Bank v. Motorola, Inc., 184 F. Supp. 2d 384 (S.D.N.Y. 2002); Koch v. Koch Indus., Inc., 203 F.3d 1202, 1227 n.13 (10th Cir. 2000); Voilas v. Gen. Motors Corp., 170 F.3d 367, 376-77 (3d Cir. 1999); Basic v. Levinson, 485 U.S. 224, 243 (1988); Hauben v. Harmon, 605 F.2d 920, 923 (5th Cir. 1979); Southern Union Co. v. Southwest Gas Corp., 180 F. Supp. 2d 1021, 1033 (D. Ariz. 2002); Weitzman v. Stein, 436 F. Supp. 895, 904 (S.D.N.Y. 1977).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 9**
**CAUSATION**

If you find that BMS made a misrepresentation with fraudulent intent, which the government relied on to its detriment, then you must consider whether the misrepresentation caused plaintiffs to be injured.  Causation involves both what we call cause-in-fact and proximate cause.

To establish cause-in-fact, plaintiff must prove that "but for" BMS's alleged misrepresentations, plaintiff would have paid less for her treatment.  This requires you to analyze whether there were other forces that explain the amount that Medicare and plaintiff paid her doctor.  For example, if you find that Medicare would have paid the same amount to plaintiff's doctor even if it knew that the AWP on a BMS drug was not a true average, then that AWP cannot have been the cause-in-fact of plaintiff's alleged injury.

To establish proximate cause, plaintiff must prove that BMS's alleged misrepresentation was a substantial factor in plaintiff's paying too much and it was reasonably foreseeable that this would be the result.  This requires you to consider whether there were other, more substantial factors that dictated plaintiff's co-payment.  For example, if you find that Medicare was interested in the overall payment to the cancer doctor – for both the drugs and other aspects of the treatment – and that the plaintiff has not shown that her overall co-payment would have been lower even if Medicare knew the "true" AWPs, then BMS's alleged misconduct was not the proximate cause of any injury to her.

**Authority**:
Restatement (Second) Torts, §§ 546, 547, 548A (1977); Pearce v. American Defender Life Ins. Co., 343 S.E. 2d 174, 180 (N.C. 1986); Hageman v. Twin City Chrysler-Plymouth Inc., 681 F. Supp. 303, 308 (M.D.N.C. 1988); Hershenow v. Enter. Rent-A-Car, Inc., 840 N.E. 2d 526, 535 (Mass. 2006); Aspinall v. Philip Morris Cos., 813 N.E. 2d 476, 487-88 (Mass. 2004); Mass. Farm Bur. Fed., Inc. v. Blue Cross of Mass. Inc., 532 N.E. 2d 660, 665 (Mass. 1989); Polycarbon Indus. Inc. v. Advantage Eng'g, Inc., 260 F. Supp. 2d 296, 306 (D. Mass. 3003); Cananwill, Inc. v. EMAR Group, Inc., 250 B.R. 533, 558 (M.D.N.C. 1999); In re Grant, 237 B.R. 97, 117 (Bankr. E.D. Va. 1999); Sanchez v. Sedco Int'l, S.A. v. Cory, 683 F.2d 1201, 1209-10 (8th Cir. 1982); Oliveira v. Amoco Oil Co., 776 N.E. 2d 151, 155 (Ill. 2002); Miller v. Pfizer Inc., 196 F. Supp. 2d 1095 (D. Kan. 2002); In re Mercer, 246 F.3d 391, 425 (5th Cir. 2001).

33

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 10**
**COMPENSATORY DAMAGES**

If you find that plaintiff has proven all of the elements necessary to establish liability for deceptive conduct as I have outlined above, then you must determine the measure of damages.

The measure of damages in this case is the difference between the amounts actually reimbursed for BMS drugs at issue under Medicare Part B and the amount that the government would have reimbursed but for BMS's alleged wrongful conduct.

The mere fact that the court is instructing you on damages does not mean that the court has concluded – or that you the jury must conclude – that liability has been established. You may conclude that BMS has engaged in deceptive acts but that plaintiff has suffered no monetary injury or only nominal damages.

You must determine the amount of damages with reasonable certainty.  While a good faith estimate of the amount of damages is permissible, you may not engage in speculation or guesswork in setting damages.

**Authority:**
Restatement (Second) Torts, §549 (1977); Coffel v. Stryker Corp., 284 F.3d 625, 637 (5th Cir. 2002); Commercial Property Inv., Inc. v. Quality Inns, 61 F.3d 639, 647-48 (8th Cir. 1995).

III.    **AFFIRMATIVE DEFENSES:  MITIGATION AND STATUTES OF LIMITATION**

### PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 11
### AFFIRMATIVE DEFENSES

BMS has asserted affirmative defenses, which, if proven, negate liability in this case.  With respect to those affirmative defenses, BMS bears the burden of proof.

35

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 12
## AFFIRMATIVE DEFENSE--MITIGATION OF DAMAGES

Under the law, plaintiff has a duty to mitigate damages, i.e., minimize losses, when victimized by wrongdoing.  If you find that the government continued to reimburse at AWP under Medicare Plan B, after it knew or should have known of spread, then the government has failed to mitigate its damages; and you must find for BMS.

**Authority:**

Hyosing America, Inc. v. Sumagh Textile Co., 25 F. Supp. 2d 376, 387-88 (S.D.N.Y. 1998); see Federal Ins. Co. v. Sabine Towing and Transp., 783 F.2d 347, 350 (2d Cir. 1986); Restatement (Second) Torts, §918 (1977).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 13
## STATUTE OF LIMITATIONS - FRAUDULENT CONCEALMENT

The statute of limitations operates to limit the period of time in which a lawsuit may be brought.  If plaintiff's action is not filed within the period specified by the statute of limitations, the lawsuit is barred.  The length of the statute of limitations in fraud cases varies from state to state, and in this case, varies from one year to ten years.  The time to bring the suit under the statute of limitations may be extended, however, if the plaintiffs can prove that BMS took steps to fraudulently conceal its wrongdoing, and that:

1.      BMS made a knowing and affirmative misrepresentation of fact to the government other than and in addition to a statement about price;

2.      BMS intended that the government rely on its misrepresentation to conceal the cause of action and to prevent inquiry or knowledge of injuries being inflicted on the government;

3.      The government did, in fact, rely on BMS's misrepresentations to its detriment, and;

4.      The government could not have discovered their claims despite the exercise of reasonable care and due diligence.

You may not find fraudulent concealment if the alleged acts of fraudulent concealment were the same acts that gave rise to plaintiff's claims in this action.  In other words, the mere statement by BMS regarding price cannot itself be the concealment.  Plaintiff must point to some other statement or conduct by BMS that "concealed" the truth about the price from the government.

Plaintiffs filed this action on December 19, 2001 and seek damages for injuries inflicted from January 1, 1991 forward.  BMS contends that many of the plaintiffs' claims are barred by the statute of limitations and that the doctrine of fraudulent concealment does not apply.  You must decide whether or not the doctrine of fraudulent concealment applies in this case.

**Authority:**
Epstein v. C.R. Bard, Inc. 460 F.3d 183, 187-88 (1st Cir. 2006); Kelly v. Marcantonio, 187 F.3d 192, 200 (1st Cir. 1999); Szymanski v. Boston Mutual Life Ins. Co., 778 N.E. 2d 16, 27 (Mass. 2002); Puritan Med. Ctr., Inc. v. Cashman, 596 N.E. 2d 1004, 1010 (Mass. 1992); Kermen v. Brower, 793 N.Y.S. 2d 3, 4 (1st Dept. 2005).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 14
## STATUTE OF LIMITATIONS - ARIZONA

The statute of limitations for plaintiffs' claim under Arizona law is one year.  The statute begins to run when the government discovers, or with reasonable diligence could have discovered, the fraud.  If the defendant's conduct is fraudulently concealed, the statute of limitations will not run during the period of concealment.  Unless you find fraudulent concealment, all claims prior to December 2000 are barred.

**Authority:**

Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. App. 1995) ("As a liability created by statute, a consumer fraud action must be initiated within one year after the cause of action accrues.") (citing A.R.S. § 12-541); Mojave Elec. Co-op, Inc. v. Byers, 942 P.2d 451, 469 (Ariz. App. 1997).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 15
## STATUTE OF LIMITATIONS - ARKANSAS

The statute of limitations for plaintiffs' claim under Arkansas law is five years, which begins to run on the date of the occurrence of the deceptive conduct.  If the defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until the government discovers, or could have discovered, the fraud in the exercise of due diligence.  Unless you find fraudulent concealment, all claims prior to December 1996 are barred.

**Authority:**
Ark. Code Ann. § 4-88-115; First Pyramid Life Ins. Co. v. Stoltz, 843 S.W. 2d 842, 845 (Ark. 1993).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 16**
**STATUTE OF LIMITATIONS - CALIFORNIA**

       The statute of limitations for plaintiffs' claim under California law is four years, which begins to run upon the happening of the last event necessary to complete the deception, or the time that the government should have discovered the basis for its claim.  If defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until such time as the government has, or should have discovered defendant's conduct.  Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**
Cal. Bus. & Prof. Code § 17208; Burger v. Kuimelis, 325 F. Supp. 2d 1026, 1046 (N.D. Cal. 2004).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 17
## STATUTE OF LIMITATIONS - COLORADO

The statute of limitations for plaintiffs' claims under Colorado law is three years, which runs from the date that the false, misleading or deceptive act occurred or within three years after the government discovers or in the exercise of reasonable diligence should have discovered defendant's wrongful conduct, whichever is later in time.

The statute of limitations may be extended from three to four years for Plaintiffs from the state of Colorado if you find that their action was not timely filed because BMS engaged in conduct calculated to induce the government to refrain from or postpone the commencement of the action.  If you do not find that BMS engaged in such conduct, you may not extend the statute of limitations.  Unless you conclude that BMS engaged in conduct designed to induce the plaintiff not to sue, all claims prior to December 1998 are barred.


**Authority:**

Colo. Rev. Stat. § 6-1-115; see Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274, 281 (Colo. App. 1993).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 18
## STATUTE OF LIMITATIONS - CONNECTICUT

The statute of limitations for plaintiffs' claim under Connecticut law is three years, and the three year limitations period begins to run when the unlawful act took place.  All claims prior to December 1998 are barred.


**Authority:**

Conn. Gen. Stat. § 42-110g(f) (An action under this section may not be brought more than three years after the occurrence of a violation of this chapter); Fichera v. Mine Hill Corp., 541 A.2d 472, 476 (Conn. 1988).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 19
## STATUTE OF LIMITATIONS - DELAWARE

The statute of limitations for plaintiffs' claim under Delaware law is three years, and the three year period begins to run at the time the deceptive act is committed.

If defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until government should have reasonably discovered defendant's wrongdoing.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.

**Authority:**
10 Del. C. § 8106 ("no action based on a statute . . . shall be brought after the expiration of 3 years from the accruing of such action ..."), see also Eames v. Nationwide Mut. Ins. Co., C.A. No. 04-1324-KAJ, 2006 WL 2506640 *4 (D. Del. Aug. 29, 2006) ("The parties agree that Plaintiffs' statutory consumer fraud claim is governed by the three-year statute of limitations set forth in 10 Del. C. § 8106); Pender v. DaimlerChrysler Corp., C.A. No. 03c-12-022-FSS, 2004 WL 2191030 *2 (Del. Super. Ct. July 30, 2004) (applying § 8106 to plaintiffs' consumer fraud claim); State ex rel. Brady v. Pettinaro Enterprises, 870 A.2d 513, 531-32 (Del. Ch. 2005).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 20**
**STATUTE OF LIMITATIONS – DISTRICT OF COLUMBIA**

The statute of limitations for plaintiffs' claim under District of Columbia law is three years, and the three year limitations period begins to run as soon as the government discovered or reasonably should have discovered the fraud.  Affirmative acts that conceal the existence of a claim will suspend the running of the statute of limitations until the government knew, or by the exercise of reasonable diligence, could have known that it had a cause of action. Unless you find fraudulent concealment, all claims prior to December 1998 are barred.

**Authority:**

King v. Kitchen Magic, Inc., 391 A.2d 1184, 1186 (D.C. 1978); Maddox v. Andy's Refrigeration & Motor Serv. Co., 160 A.2d 799, 800 (D.C. 1960); Estate of Chappelle v. Sanders, 442 A.2d 157, 158 (D.C. 1982).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 21
## STATUTE OF LIMITATIONS - FLORIDA

The statute of limitations for plaintiffs' claim under Florida law is four years, and the four-year limitations period begins to run as soon as the last element constituting the claim occurs. If defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until the defendant's conduct is discovered or should have been discovered by the government. Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

Fla. Stat. § 95.11(3)(f); Yusuf Mohamad Excavation, Inc. v. Ring Lawer Equip. Co., 793 So. 2d 1127, 1128 (5[h] Fla. Dist. Ct. App. 2001); Nardone v. Reynolds, 333 So. 2d 25, 39 (Fla. 1976).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 22
## STATUTE OF LIMITATIONS - HAWAII

        The statute of limitations for plaintiffs' claim under Hawaii law is four years from the date of defendant's violation of law.  If defendant's conduct has been fraudulently concealed, the running of the statute of limitations will be suspended until the defendant's conduct should have been discovered by the government.  Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority**:

Haw. Rev. Stat. § 480-24; <u>Au v. Au</u>, 626 P.2d 173, 178 (Haw. 1981).

46

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 23
## STATUTE OF LIMITATIONS - IDAHO

      The statute of limitations for plaintiffs' claim under Idaho law is two years.  The two-year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted or when the fraud is discovered by the government. If defendant's conduct has been fraudulently concealed, then defendant's conduct is treated as any other common law fraud claim and has a statute of limitations of three years from the discovery of the facts constituting the fraud by the government.  Unless you find fraudulent concealment, all claims prior to December 1999 are barred.

**Authority:**
Idaho Code § 48-619; § 5-218(4); see Nerco Minerals Co. v. Morrison Knudsen Corp., 90 P.3d 894, 900 (Idaho 2004).

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 24**
**STATUTE OF LIMITATIONS - ILLINOIS**


       The statute of limitations for plaintiffs' claim under Illinois law is three years from the date the injury was inflicted.  The cause of action accrues when the government knew or reasonably should have known that its injury was wrongful.  If defendant's conduct has been fraudulently concealed, then the plaintiff may sue at any time within five years of the discovery of the cause of action by the government.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.


**Authority:**

815 Ill. Comp. Stat. 505/10a(e); Dreisilker Elec. Motors, Inc. v. Rainbow Elec. Co., 562 N.E. 2d, 970, 971 (Ill. App. 1990); 735 Ill. Comp. Stat. 5/13 – 215; Gredell v. Wyeth Laboratories Inc., 803 N.E. 2d 541, 548 (Ill. App. 2004).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 25
## STATUTE OF LIMITATIONS - INDIANA

The statute of limitations for plaintiffs' claim under Indiana law is two years from the date of the occurrence of the deceptive act.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until defendant's wrongful conduct has been, or should have been, discovered by the government.  To establish fraudulent concealment, plaintiffs must prove that defendant prevented inquiry into its conduct so as to prevent the government from discovering their cause of action.  Unless you find fraudulent concealment, all claims prior to December 1999 are barred.

**Authority:**
IN ST §§ 24-5-0.5-5; State v. Classic Pool & Patio, Inc., 777 N.E.2d 1162, 1166 (Ind. Ct. App. 2002); A.J.'s Auto. Sales, Inc. v. Freet, 725 N.E.2d 955, 964 (Ind. Ct. App. 2000); Crow, Chizek and Co. v. Oil Technology, Inc., 771 N.E. 2d 1203, 1210-11 (Ind. App. 2002).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 26
## STATUTE OF LIMITATIONS - KANSAS

       The statute of limitations for plaintiffs' claim under Kansas law is three years, which commences when the deceptive act giving rise to the cause of action first causes substantial injury to the government.  If defendant's conduct has been fraudulently concealed, then the defendant may be barred from asserting the statute of limitations as a defense.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.

**Authority**:

K.S.A. 60-512(2); Alexander v. Certified Master Builders Corp., 1 P.3d 899, 908 (Kan. 2000); Roy v. Young, 93 P.3d 712, 715 (Kan. 2004); Johnsmeyer v. Hanover Development Co. II, 120 P.3d 808 (Kan. App. 2005); Friends Univ. v. W.R. Grace & Co., 608 P.2d 936, 941 (Kan. 1980).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 27
## STATUTE OF LIMITATIONS - MARYLAND

       The statute of limitations for plaintiffs' claim based on the Maryland law is three years, which begins to run when the government has actual knowledge of the deception or has knowledge that ought to put a person of ordinary prudence on inquiry of possible deception.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the government should have reasonably discovered defendant's conduct.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.

**Authority:**

Md. Code Cts. & Jud. Proc. §§  5-101, 5-203; Dual Inc. v. Lockheed Martin Corp., 857 A.2d 1095, 1104-06 (Md. App. 2004); Finch v. Hughes Aircraft Co., 469 A.2d 867, 893 (Md. Ct. Spec. App. 1984), cert. denied, 475 A.2d 1200 (Md. 1984); Maryland v. Dickson, 717 F. Supp. 1090, 1103 (D. Md. 1989) (limitations begins to run "only when the plaintiff has actual knowledge of his cause of action or has knowledge that is implied from circumstances which ought to put a person of ordinary prudence on inquiry, thus charging him with notice of all facts that such an investigation would in all probability have disclosed if it had been properly pursued").

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 28
## STATUTE OF LIMITATIONS - MASSACHUSETTS

The statute of limitations for plaintiffs' claim based on Massachusetts law is four years.  The statute begins to run at the time the government incurs injury.  However, if plaintiff can show that the government's injury was "inherently unknowable" at the time it was inflicted, the statute of limitations will run from the time the government knew or should have known the factual basis for the cause of action.  If defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until the government should have reasonably discovered the wrongful conduct.  Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

Mass. Gen. Laws ch. 260, § 5A; Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 130 (1st Cir. 1987).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 29
## STATUTE OF LIMITATIONS - MICHIGAN

The statute of limitations for plaintiffs' claim under Michigan law is six years from the date of the occurrence of the deceptive act, or one year after the last payment in a transaction involving the deceptive act, whichever period of time ends at a later date.  If defendant's conduct has been fraudulently concealed, the action may be commenced at any time within two years after the government discovers its right to sue.  Unless you find fraudulent concealment, all claims prior to December 1995 are barred.

**Authority:**

MCLS §§ 445.911(7), 600.5855; Snyder v. Boston Whaler, Inc., 892 F. Supp 955, 959-60 (W.D. Mich. 1994).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 30
## STATUTE OF LIMITATIONS - MINNESOTA

The statute of limitations for plaintiffs' claim under Minnesota law is six years from the date of the alleged deception.  If defendant's deceptive conduct has been fraudulently concealed, the running of the statute of limitations will be suspended until the government discovers, or has had a reasonable opportunity to discover, the wrongful conduct.  Unless you find fraudulent concealment, all claims prior to December 1995 are barred.

**Authority**:

Minn. Stat. § 541.05(2); Tuttle v. Lorillard Tobacco Co., 377 F.3d 917, 926 (8th Cir. 2004); Klehr v. A.O. Smith Corp., 875 F. Supp. 1342, 1350 (D. Minn. 1995).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 31
## STATUTE OF LIMITATIONS - MISSOURI

    The statute of limitations for plaintiffs' claim under Missouri law is five years, and the five year period starts to run from when the government first ascertains or learns that it was harmed by defendant's misrepresentation.  If defendant's conduct is fraudulently concealed, then the running of the statute of limitations will be suspended until the government should have reasonably discovered the wrongful conduct.  Unless you find fraudulent concealment, all claims prior to December 1996 are barred.

**Authority:**
V.A.M.S. §§ 516.120(2), 516.280; see Doe v. O'Connell, 146 S.W. 3d 1, 4 (Mo. App. 2004).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 32
## STATUTE OF LIMITATIONS - NEBRASKA

The statute of limitations for plaintiffs' claim under Nebraska law is four years, which begins to run when the government discovers, or in the exercise of reasonable diligence, should have discovered the injury.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until after the government discovers, or in the exercise of due diligence should have discovered, defendant's wrongful conduct.  Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

Ne. Stat. § 59-1612; Duerr v. Armstrong, 2003 WL 1873269 at *3 (Neb. App. April 15, 2003); Upah v. Ancona Bros. Co., 521 N.W. 2d 895, 902 (Neb. 1994).

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 33**
**STATUTE OF LIMITATIONS - NEVADA**


       The statute of limitations for plaintiffs' claim under Nevada law is four years, which begins to run when the wrong occurs or, if the government is unaware of the wrong, when the government discovers, or reasonably should have discovered, facts supporting the claim.  All claims prior to December 1997 are barred.


**Authority:**
Nev. Rev. Stat. § 11.190(2)(d); see Beazer Homes Nevada, Inc. v. Eighth Judicial District Court, 97 P.3d 1132, 1138 (Nev. 2004); Petersen v. Bruen, 792 P.2d 18, 20 (Nev. 1990).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 34
## STATUTE OF LIMITATIONS – NEW HAMPSHIRE

       The statute of limitations for plaintiffs' claim under New Hampshire law is three years from the time the government knew, or reasonably should have known, of defendant's alleged unlawful conduct.  If defendant's conduct is fraudulently concealed, then the running of the statute of limitations will be suspended until the government should have reasonably discovered defendant's wrongful conduct.  Unless you find that there is fraudulent concealment, all claims prior to December 1998 are barred.

**Authority:**
N.H. Rev. Stat. Ann. § 358-A:3 (IV-a); <u>Bricker v. Putnam</u>, 512 A.2d 1094, 1096-97 (1986).

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 35**
**STATUTE OF LIMITATIONS – NEW JERSEY**


       The statute of limitations for plaintiffs' claim under New Jersey law is six years from the date when the government discovers, or through the exercise of reasonable diligence, should have discovered the injury.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations will be suspended until the government should have discovered the wrong.  Unless you find there is fraudulent concealment, all claims prior to December 1995 are barred.


**Authority:**
NJSA § 2A:14-1; Sangemino & Sangeco, Inc. v. Money Mailer, Inc., No. 96-3845, 1997 WL 452208, at *4 (D.N.J. July 25, 1997); Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 425-26 (3d Cir. 1999).

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 36**
**STATUTE OF LIMITATIONS – NEW MEXICO**

       The statute of limitations for plaintiffs' claim under New Mexico law is four years from the date when the government knew, or with reasonable diligence should have known, of the injury and its cause.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the government in the exercise of ordinary diligence could have discovered its claim.  Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

N.M. S.A. § 37-1-4; Nance v. L.J. Dolloff Assocs., 126 P.3d 1215, 1220 (N.M. App. 2005); Tiberi v. Cigna Corp., 89 F.3d 1423, 1430 (10th Cir. 1996); Bolton v. Bd. of Co. Commissioners of Velencia Co., 890 P.2d 808, 822 (N.M. 1990).

**PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 37**
**STATUTE OF LIMITATIONS – NEW YORK**

   The statute of limitations for plaintiffs' claim under New York law is three years, and the three year limitations period begins to run as soon as the right to institute and maintain a lawsuit arises, which is when the injury was inflicted upon the government.  If defendant's conduct has been fraudulently concealed, defendant may be barred from asserting the statute of limitations defense unless it can show that the government had timely knowledge of the claim prior to the expiration of the statute of limitations.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.

**Authority:**
N.Y. C.P.L.R, § 214(2); Ito v. Dryvit Systems, Inc., 792 N.Y.S. 2d 516 (2d Dept. 2005); Gleason v. Spota, 599 N.Y.S. 2d 297, 299 (2d Dept. 1993).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 38
## STATUTE OF LIMITATIONS – NORTH CAROLINA

The statute of limitations for plaintiffs' claim under North Carolina law is four years from the occurrence of the deceptive act, or at the time the conduct is discovered or should have been discovered by the government.  If defendant's conduct has been fraudulently concealed, the running of the statute of limitations is suspended until such time as the government has knowledge of defendant's wrongful conduct.  Unless you find that there is fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

N.C. Gen. Stat. § 75-16.2 ("Any civil action brought under this Chapter to enforce the provisions thereof shall be barred unless commenced within four years after the cause of action accrues."); N.C. Gen. Stat. § 75-8 ("Where the things prohibited in this Chapter are continuous, then in such event, after the first violation of any of the provisions hereof, each week that the violation of such provision shall continue shall be a separate offense."); Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 553 (D.N.C. 2003) ("A claim under the UDTPA accrues when the alleged violation occurs."); Friedland v. Gates, 509 S.E. 2d 793, 797 (N.C. 1998).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 39
## STATUTE OF LIMITATIONS – NORTH DAKOTA

The statute of limitations for plaintiffs' claim under North Dakota law is six years from the date of injury or from the time that the government knew or should have known of defendant's fraudulent conduct.  All claims prior to December 1995 are barred.

**Authority:**

N.D. C.C. § 28-01-16(6); Rose v. United Equitable Ins. Co., 632 N.W. 2d 429, 433-34 (N.D. 2001).

# PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 40
## STATUTE OF LIMITATIONS - OKLAHOMA

The statute of limitations for plaintiffs' claim under Oklahoma law is three years. The limitations period begins to run from the date of injury.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that the government discovers or should reasonably have discovered, defendant's conduct. Unless you find fraudulent concealment, all claims prior to December 1998 are barred.


**Authority**:

Okla. Stat. Ann. tit. 12 § 95(2); <u>Loftis v. Multiple Injury Trust Fund</u>, 67 P.3d 924, 927 (Okla. Civ. App. 2002); <u>Tice v. Pennington</u>, 30 P.3d 1164, 1171 (Okla. Civ. App. Div. 2 2001).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 41
## STATUTE OF LIMITATIONS - OREGON

The statute of limitations for plaintiffs' claim under Oregon law is one year from the discovery of the unlawful conduct by the government.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended for the length of time required to permit the bringing of the action by the government.  Unless you find fraudulent concealment, all claims prior to December 2000 are barred.


**Authority:**

Or. Rev. Stat. § 646.638 ("Actions brought under this section shall be commenced within one year from the discovery of the unlawful method, act or practice."); Bodin v. B. & L. Furniture Co., 601 P.2d 848, 849-50 (Or. 1979) (stating that the period of limitations begins to run when the plaintiff knows or should have known of the alleged misrepresentation.); Chaney v. Fields; Chevrolet Co., 503 P.2d 1239, 1241-42 (Or. 1972).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 42
## STATUTE OF LIMITATIONS - PENNSYLVANIA

The statute of limitations for plaintiffs' claim under Pennsylvania law is six years from the date that the government knew or reasonably should have known of the conduct causing their injury.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that defendant's conduct has been discovered with due diligence by the government.  Unless you find fraudulent concealment, all claims prior to December 1995 are barred.

**Authority:**

Coulter v. Rosenblum, 682 A.2d 838, 839 (Pa. Super. Ct. 1996); Urland v. Merrell-Dow Pharm., Inc., 822 F.2d 1268, 1275 (3d Cir. 1987); Bohus v. Beloff, 950 F.2d 919, 926 (3d Cir. 1991.

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 43
## STATUTE OF LIMITATIONS – RHODE ISLAND

The statute of limitations for plaintiffs' claim under Rhode Island law is ten years from the date either that the government discovers the fraud or the date that the government could have, in the exercise of reasonable diligence, discovered the fraud.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that the defendant's conduct has been discovered with due diligence by the government. Unless you find fraudulent concealment, all claims prior to December 1991 are barred.

**Authority:**
R.I. Gen. Laws § 9-1-13(a); <u>Carney v.</u> <u>Kardinal Land</u>, 813 A.2d 50, 53 (R.I. 2003); <u>Kelly v.</u> <u>Marcantonio</u>, 187 F.3d 142, 200 (1st Cir. 1999).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 44
## STATUTE OF LIMITATIONS – SOUTH DAKOTA

The statute of limitations for plaintiffs' claim under South Dakota law is two years from the occurrence or discovery by the government of the deceptive act.  If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that the government reasonably should have discovered it.  Unless you find that there is fraudulent concealment, all claims prior to December 1999 are barred.

**Authority:**

S.D. Codified Laws § 37-24-33 ("No action under this chapter may be brought more than two years after the occurrence or discovery of the conduct which is the subject of the action."); Strassburg v. Citizens State Bank, 581 N.W. 2d 510, 514 (S.D. 1998); Northwestern Pub. Serv. v. Union Carbide Corp., 236 F. Supp. 2d 966, 974-75 (D.S.D. 2002).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 45
## STATUTE OF LIMITATIONS - TEXAS

The statute of limitations for plaintiffs' claim under Texas law is two years from the date the unlawful practice occurred or from the date that it was discovered by the government. If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that the government learned or should have discovered, the wrongful conduct.  Unless you find fraudulent concealment, all claims prior to December 1999 are barred.

**Authority:**

Tex. Bus. Comm. Code § 17.565; Wilson v. John Daugherty Realtors, Inc., 981 S.W. 2d 723, 726-27 (Ct. App. Tex. 1998); Earle v. Ratliff, 998 S.W. 2d 882, 888 (Tex. 1999).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 46
## STATUTE OF LIMITATIONS - VERMONT

The statute of limitations for plaintiffs' claim under Vermont law is six years from the discovery of facts constituting the basis of the government's claim. If defendant's conduct has been fraudulently concealed, then the period of time prior to discovery of defendant's conduct shall be excluded in determining the time in which the action must be brought. Unless you find fraudulent concealment, all claims prior to December 1995 are barred.

**Authority:**

12 V.S.A. §§ 511, 555; <u>Galfetti v. Berg, Carmoli & Kent Real Estate Corp.</u> 756 A.2d 1229, 1231 (Vt. 2000).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 47
## STATUTE OF LIMITATIONS - WASHINGTON

The statute of limitations for plaintiffs' claim under Washington law is four years from the date when through due diligence, the government discovers the cause of action. If defendant's conduct has been fraudulently concealed, then the running of the statute of limitations is suspended until the time that the government knew or should have known of defendant's conduct. Unless you find fraudulent concealment, all claims prior to December 1997 are barred.

**Authority:**

Wash. Rev. Code § 19.86.120; Cashmere Valley Bank v. Brender, 116 P.3d 421, 427 (Wash. Ct. App. 2005); Easter v. America West Financial, 381 F.3d 948, 963 n.8 (9th Cir. 2004).

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 48
## STATUTE OF LIMITATIONS – WEST VIRGINIA

       The statute of limitations for plaintiffs' claim under West Virginia law is two years from the date that the wrongdoing is discovered or should have been discovered by the government.  If defendant's conduct has been fraudulently concealed, then the statute of limitations is suspended until the time that the government knew or should have known of defendant's conduct.  Unless you find that there is fraudulent concealment, all claims prior to December 1999 are barred.

**Authority:**

W. Va. Code § 55-2-12; Wilt v. State Auto Mut. Ins. Co., 506 S.E. 2d 608, 611 (1998); Brumbaugh v. Princeton Partners, 985 F.2d 157, 162 (4th Cir. 1993); Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F.2d 211, 218, 220 (4th Cir. 1987).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 49
## STATUTE OF LIMITATIONS - WISCONSIN

The limitations period for plaintiffs' claim under the Wisconsin law is three years from the date of the unlawful acts.  If defendant's conduct has been fraudulently concealed, then defendant may be estopped from asserting the statute of limitations defense if the government relied on defendant's conduct to its detriment.  Unless you find fraudulent concealment, all claims prior to December 1998 are barred.


**Authority**:

Wis. Stat. § 100.18(11)(b)(3); <u>Hester v. Williams</u>, 345 N.W. 2d 426, 431 (Wisc. 1984).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED SUBSTANTIVE JURY INSTRUCTION No. 50
## STATUTE OF LIMITATIONS - WYOMING


   The statute of limitations for plaintiffs' claims under Wyoming law is one year from the date of discovery of defendant's deceptive practices by the government.  If defendant's conduct has been fraudulently concealed, defendant may be estopped from asserting the statute of limitations defense.  Unless you find fraudulent concealment, all claims prior to December 2000 are barred.


**Authority:**

Wy. Stat. Ann. § 40-12-109; Olson v. A.H. Robins Co., 696 P.2d 1294, 1297, 1299 (Wyo. 1985).

\\\NY - 058559/000059 - 1044073 v1

## IV.    PUNITIVE DAMAGES

### PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 1

Now that you have found that BMS's conduct has injured the plaintiff and that the plaintiff is entitled to compensatory damages, you must next consider whether BMS's conduct also subjects it to liability for punitive damages.  Punitive damages are meant to punish unlawful conduct and deter its repetition.  Liability for punitive damages is assessed under a different standard than is liability for compensatory damages.  Accordingly, it does not follow from the fact that you have awarded compensatory damages that you must award punitive damages.  The availability of punitive damages and the legal standards for awarding punitive damages vary from state to state.  I will begin by summarizing general principles relating to punitive damages and then instruct on the laws of particular states.  Generally, to award punitive damages, you must find by clear and convincing evidence that defendant's conduct proximately caused damage to the plaintiff and further that those damages were the result of defendant's actual malice, wanton conduct or oppressive conduct.

**Authority**:

State Farm Mut. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003); BMW of North America, Inc. v. Gore, 517 U.S. 559, 568 (1996); Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1031 (9th Cir. 1999); Zimpel v. Trawick, 679 F. Supp. 1502, 1512 (W.D. Ark. 1988); Nader v. Allegheny Airlines, Inc., 445 F. Supp. 168, 178 (D.D.C. 1978).

## PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 2
## ACTUAL MALICE, WANTON CONDUCT, OPPRESSIVE CONDUCT

Conduct is undertaken with actual malice if prompted or accompanied by ill-will, spite or hatred toward plaintiffs.  If you find that BMS, in providing list prices to the publications or in adopting or ratifying the publications' AWPs acted with malice, you may award plaintiff punitive damages.

Conduct is wanton if undertaken in reckless disregard of the rights of the plaintiff. If you find that BMS's conduct was wanton, you may award punitive damages.

Conduct is oppressive if done in a manner that is unnecessarily harsh or severe, such as by abuse of power, or if done so as to take unfair advantage of plaintiff's weakness, disability or misfortune.  If you find that BMS's conduct was oppressive, you may award punitive damages.

**Authority:**

Martin v. Heingold Commodities, Inc., 643 N.E. 2d 734, 757 (Ill. App. Ct. 1994); Anthony Pools, Inc. v. Charles & David, Inc., 797 S.W. 2d 666, 677 (Tex. App. 1990); Universal City Studios, Inc. v. Nintendo Co., 615 F. Supp. 838, 863 (S.D.N.Y. 1985); aff'd 797 F.2d 70 (2d Cir.), cert. denied, 479 U.S. 987 (1986); Ramona Manor Convalescent Hosp. v. Care Enterprises, 225 Cal. Rptr. 120, 131 (Cal. App. 1986); Dang v. Cross, 422 F.3d 800, 810-11 (9th Cir. 2004).

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 3**
**AMOUNT OF PUNITIVE DAMAGES**

If you decide to award punitive damages against BMS, you should set the award at an amount sufficient to punish BMS for its misconduct in this case, but you should not use the award simply to "send a message" to BMS and drug companies, generally.

In setting the amount of punitive damages you may consider the following factors.

1.      The reprehensibility of the conduct causing harm to the plaintiff.  You should consider how blameworthy BMS's conduct was in deciding the punishment it deserves.  In this regard, you should consider whether its actions were consistent with practices within the pharmaceutical industry.

2.      The nature and extent of the injuries that BMS caused plaintiff.  Punitive damages must bear a reasonable relationship to the compensatory damages you have already awarded.

3.      The profitability of the BMS drugs in issue but only to the extent that actual damages are insufficient to punish BMS or to deter future deceptive conduct by BMS and others relating to the type of conduct in question.  Keep in mind that punitive damages are intended to correct, not to destroy.  You may not consider the profitability of BMS drugs at issue in deciding the question of whether to impose punitive damages in the first place.

The amount of punitive damages must bear a reasonable relationship to actual damages suffered by plaintiff.  You may not award punitive damages for harms that BMS may have caused to non-parties.  The amount of punitive damages must be set through a rational process and cannot be based on any sympathy or bias that you may feel toward any of the parties in this case.  You may not increase your award of punitive damages because you believe that BMS has substantial financial resources.

I will now instruct on the laws of particular states with respect to punitive damages.

**Authority:**

See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419, 423 (2003); BMW of North America, Inc. v. Gore, 517 U.S. 559, 575-76, 580-81, 585 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 434-35 (2001); Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 511 (7th Cir. 1997); Aldrich v. Thomson McKinnon Sec., Inc., 756 F.2d 243, 248-49 (2d Cir. 1985).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 4**
**ARIZONA**

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Arizona plaintiffs, then under Arizona law, plaintiffs may also recover punitive damages, but only if plaintiffs have proven by clear and convincing evidence that BMS's conduct is "wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others."  It is your decision whether to award punitive damages.

If you choose to impose punitive damages, then you also must determine the amount of any punitive damages that you award.  The amount of damages is committed to your discretion.  The award must be reasonable in light of the evidence and free of any passion or prejudice.

**Authority:**
Ariz. Rev. Stat. § 44-1522, et seq.; Holeman v. Neils, 803 F. Supp. 237, 242-43 (D. Ariz. 1992); Schmidt v. American Leasco, 679 P.2d 532, 535 (Ariz. App. 1983); Sellinger v. Freeway Mobile Home Sales, Inc., 521 P.2d 1119, 1123 (Ariz. 1974); Cleary v. Wieser, 727 P.2d 346, 348-49 (Ariz. App. 1986); Linthicum v. Nationwide Life Ins. Co., 723 P.2d 675, 681 (Ariz. 1986).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 5**
**ARKANSAS**

   If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Arkansas plaintiffs who are either elderly or disabled, then under Arkansas law, such plaintiffs may also recover punitive damages, but only if plaintiffs prove that BMS acted with malice, intent to cause injury or with conscious indifference such that malice could be inferred. Under Arkansas law, malice is "an intent and disposition to do a wrongful act greatly injurious to another."

**Authority:**

Ark. Code Ann. § 4-88-201; § 4-88-204; Ark. Code Ann. § 16-55-206; <u>Yeakley v. Doss</u>, No. 06-851, 2007 WL 1560550 (Ark. May 31, 2007); <u>South County, Inc. v. First Western Loan Co.</u>, 871 S.W. 2d 325, 328, (Ark. 1994).

## PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 6
## CALIFORNIA

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to California plaintiffs, then under California law, plaintiffs may also recover punitive damages, but if, and only if plaintiffs prove by clear and convincing evidence that BMS acted with malice, oppression or fraud.  Under California law, "malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others;" "oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights;" and  "fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

Any plaintiff who is a senior citizen (65 or older) or a disabled person may be entitled to an award of up to $5,000 in addition to any punitive damages.  In determining whether to grant this additional award, the trier of fact must find (1) that plaintiff has suffered substantial physical, mental, or economic damage; (2) that an additional award is appropriate and (3) that at least one of 3 following factors has been met:

(1) whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons; (2) whether defendant's conduct caused one or more senior citizens or disabled persons to suffer:  loss of encumbrance or a primary residence, principle employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person; (3) whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health, or infirmity, impaired understanding, restricted mobility or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

**Authority:**
Ca. Civ. Code §§ 1780(a)(4), (b);  3294, 3345; Aquino v. Superior Court, 21 Cal.App.4th 847, 853-54 (1994); Faigman v. Cingular Wireless, LLC, No. C06-04622 MHP, 2007 WL 708554, *6 (N.D. Cal. Mar.12, 2007).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 7**
**DELAWARE**

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Delaware plaintiffs, then under Delaware law, plaintiffs may recover punitive damages, but only if plaintiffs prove, by a preponderance of the evidence, that BMS's conduct was "gross, oppressive or aggravated, or where it involves breach of trust or confidence...."  Further, under Delaware law, the amount of any punitive damage award should be reasonably proportionate to the actual damages.  You are not obligated to impose punitive damages.  The amount of punitive damages is committed to your sound discretion.  The award must be reasonable in light of the evidence, free of any passion or prejudice.

**Authority:**
6 Del. Code §2511, et seq.; Stephenson v. Capano Development, Inc., 462 A.2d 1069, 1076-77 (Del. 1983); Goodyear v. Hickman, J.T., CA No. 2002-04-123, 2006 WL 4129068, *43 (Del.Com.Pl. March 21, 2006).

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 8**
**DISTRICT OF COLUMBIA**


       If you find that BMS engaged in deceptive conduct and that this conduct caused injury to District of Columbia plaintiffs, then under District of Columbia law, plaintiffs may recover punitive damages but if, and only if, they prove by clear and convincing evidence that BMS has engaged in outrageous and egregious wrongdoing and acted with evil motive, actual malice and or willful disregard of the rights of the plaintiffs.  In determining punitive damages, you should consider the amount of actual damages, the frequency, persistency and degree of intention in BMS's conduct, and the number of consumers affected.  You are not obligated to impose punitive damages.  The amount of punitive damages is committed to your sound discretion.  The award must be reasonable in light of the evidence, free of any passion or prejudice.


**Authority:**
D.C. Code 28-3905(k)(1); District of Cablevision Ltd., Partnership v. Bassin, 828 A.2d 714, 725-6 (D.C. 2003); Rowan Heating-Air Conditioning-Sheet Metal, Inc., 580 A.2d 583, 586 (D.C. 1990).

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 9**
**ILLINOIS**


If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Illinois plaintiffs, then under Illinois law, plaintiffs may also recover punitive damages but only if plaintiffs prove that BMS acted with actual malice, deliberate oppression, willfulness or with such gross negligence that as to indicate a wanton disregard for the rights of others.


You are not obligated to impose punitive damages.  The decision is left to your sound discretion and should be based on the evidence, free of any passion or prejudice.


**Authority:**
815 ILCS 505/10a; Smith v. Prime Cable of Chicago, 658 N.E. 2d 1325, 1336 (Ill. App. Ct. 1995); Martin v. Heinold Commodities, Inc., 643 N.E. 2d 734, 757 (Ill. App. Ct. 1994); Kelsay v. Motorola, Inc., 384 N.E. 2d 353, 359 (Ill. 1978).

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 10**
**PUNITIVE DAMAGES – MISSOURI**

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Missouri plaintiffs, then under Missouri law, plaintiffs may also recover punitive damages, but only if plaintiffs prove by clear and convincing evidence that the conduct of BMS was outrageous because of an evil motive or reckless indifference to the rights of others.

You are not obligated to impose punitive damages. The decision is left to your sound discretion and should be based on the evidence, free of any passion or prejudice. If you decide to award punitive damages, then under Missouri law, such damages may not exceed the greater of: (1) five hundred thousand dollars; or (2) five times the net amount of the actual damages awarded to the plaintiffs against BMS.

**Authority:**
Mo. Rev. Stat. §§ 407.025, 510.265; Cohen v. Express Financial Services, Inc., 145 S.W.3d 857, 865-66 (Mo. Ct. App. 2004); Rodriguez v. Suzuki Motor Corp., 936 S.W.2d 104, 110-11 (Mo. 1996); McClellan v. Highland Sales & Investment Co., 484 S.W.2d 239, 242 (Mo. 1972); Scott v. Blue Springs Ford Sales, Inc., 176 S.W.3d 140, 142 (Mo. 2005).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 11
## NEW JERSEY

If you find that New Jersey plaintiffs have suffered an ascertainable loss of money or property as a result of BMS's deceptive conduct, then under New Jersey, these plaintiffs are entitled to three times the amount of damages actually sustained.


**Authority:**
N.J.S.A. 56:8-19; Wanetick v. OCT Partnership, 723 A.2d 100, 102-3, 106 (N.J. Super. Ct. App. Div. 1999), aff'd in part and rev'd in part, 750 A.2d 79, 86 (N.J. Sup. Ct. 2000).

## PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 12
## NEVADA

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Nevada plaintiffs who are either elderly or disabled, then under Nevada law, such plaintiffs may also recover punitive damages.  Punitive damages may be awarded only if plaintiffs prove by clear and convincing evidence that BMS was guilty of oppression, fraud or malice, express or implied.  Under Nevada law, "oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person. "Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person.  "Malice, express or implied" means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others.  "Conscious disregard" means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences.

You are not obligated to impose punitive damages.  The decision is left to your sound discretion and should be based on the evidence, free of any passion or prejudice.  If you decide to award punitive damages, then under Nevada law any award of punitive damages may not exceed: (a) three times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more; or (b) three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000.

**Authority:**

Nev. Rev. Stat. § 41.600; Nev. Rev. Stat. § 598.0977; Nev. Rev. Stat. § 42.005; Nev. Rev. Stat. § 42.001

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 13**
**OREGON**

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Oregon plaintiffs, then under Oregon law, plaintiffs may recover punitive damages, but only if they have shown by clear and convincing evidence that deterrence is called for and that the conduct of BMS was particularly aggravated.

A defendant's conduct is considered particularly aggravated when that conduct is willful, wanton or malicious.  When making this determination, you may consider such factors as: the seriousness of the hazard to the public, the attitude and conduct of the wrongdoer upon learning of the hazard, the number and position of employees involved in causing or covering up the misconduct, the duration of the misconduct and/or its cover-up, the financial condition of the wrongdoer, and prior and potential punishment from similarly situated plaintiffs or other sources.

**Authority:**
Or. Rev Stat. § 646.638(1); Crooks v. Payless Drug Stores, 592 P.2d 196, 200-01 (Or. 1979); Honeywell v. Sterling Furniture Co., 797 P.2d 1019, 1021 (1990).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 14**
**RHODE ISLAND**

        If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Rhode Island plaintiffs, then plaintiffs may also be entitled to recover punitive damages but only if plaintiffs can prove that BMS acted with malice or in bad faith, and with such willfulness, recklessness or wickedness, as amounts to criminality.  Only conduct so wrongful and egregious as to warrant punishment creates liability for punitive damages.  You are not obligated to impose punitive damages.  The amount of punitive damages is committed to your sound discretion.  The award should be based on the evidence, free of any passion or prejudice.

**Authority:**
R.I. Gen. Laws § 6-13.1-5.2; Palmisano v. Toth, 624 A.2d 314, 320 (R.I. 1993); Cady v. IMC Mortgage Co., 862 A.2d 202, 219-20 (R.I. 2004).

\\\NY - 058559/000059 - 1044073 v1

## PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 15
## TEXAS

If you find that BMS's conduct caused injury to Texas plaintiffs and if you further find by clear and convincing evidence that in doing so, BMS acted knowingly or intentionally, you may award the Texas plaintiffs up to, but not more than three times the amount of actual damages sustained.  "Knowingly" means that BMS knew that its conduct was deceptive.  "Intentionally" means that BMS was aware of its deception and specifically intended Texas consumers to rely on its deception.  The law of Texas leaves the question of whether to impose additional damages, and the amount of those damages, within the limits that I have described, to your sound discretion.  You are not required to impose additional damages, even if you find that BMS's conduct was knowing or intentional.  In exercising your discretion, you should be guided by reason and not swayed by passion or prejudice.

**Authority:**
V.T.S.A. Tit. 2, §§ 17.45(9), 17.45(13), 17.50(b); <u>Bossier Chrysler-Dodge, II, Inc. v. Riley</u>, No. 10-05-00049-CV, 2007 WL 765213, *7 (Tex. App. April 25, 2007); <u>Froemming v. Perez</u>, No. 04-05-00514-CV, 2006 WL 704479, *4 (Tex. App. March 22, 2006).

\\\NY - 058559/000059 - 1044073 v1

**PROPOSED PUNITIVE DAMAGES JURY INSTRUCTION No. 16**
**VERMONT**

If you find that BMS engaged in deceptive conduct and that this conduct caused injury to Vermont plaintiffs, then under Vermont law, plaintiffs may recover additional damages, but only if you find that BMS's conduct caused injury to the Vermont plaintiffs, and that BMS acted with malice, ill-will, wantonness or a reckless disregard of plaintiffs' rights.  If you so find, then you may award the Vermont plaintiffs up to, but not more than, three times the amount of actual damages sustained.

**Authority:**
Vt. Stat. Ann. Tit. 9, § 2461(b); <u>L'Esperance v. Benware</u>, 830 A.2d 675, 681-82 (Vt. 2003).

## V.      PROPOSED CONCLUDING INSTRUCTION

### DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now return to decide the case.  In order to prevail, the plaintiff must sustain her burden of proof as I have explained to you with respect to each element of the complaint, and defendant must fail to meet its burden of proof with respect to affirmative defenses.  If you find that the plaintiff has succeeded, you should return a verdict in her favor on that claim.  If you find that the plaintiff failed to sustain the burden on any element of her claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority:**
1 L. Sand et al., <u>Modern Federal Jury Instructions</u>, 78-3 (2006).

\\\NY - 058559/000059 - 1044073 v1