**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

MDL No. 1456

Judge Patti B. Saris

THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339

**TRIAL OF CLASS 1 CLAIMS**

**BRISTOL-MYERS SQUIBB COMPANY'S PROPOSED VOIR DIRE QUESTIONS**

Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network, Inc. (together "BMS") hereby submit the following specific questions for the jury venire. If any of the prospective jurors should answer "yes" to any of the following questions, BMS respectfully requests the opportunity to explore the circumstances further at the bench. BMS does not here set forth questions on general topics such as scheduling, hardships, the court system, and such matters.

I. Introduction By Court

I often find that the questions I ask make more sense when you know, in general terms, the nature of the case. This is a class action brought by _____________, representing a class of individuals who received one or more of seven BMS drugs, Cytoxan, Etopophos, Etoposide, Paraplatin, Taxol, Rubex and Vepesid and made co-payments for them under their Medicare insurance plan. Plaintiffs have accused BMS of intentionally making false statements about the Average Wholesale Price or "AWP" of these drugs, with the intent that Medicare would rely upon those statements, and causing Medicare and the plaintiffs to overpay for drugs. BMS denies these allegations. It states that it provided accurate list prices for its drugs. It also contends that

Medicare, not it, made the decision about how much to pay cancer doctors for drugs and medical services.

II. Voir Dire Questions

  **A. Prior knowledge of case or attorneys**

  1. Have you or anyone in your household or family ever had any dealings with the plaintiffs' class representatives, _____?

  2. The lawyers representing the plaintiffs in this case are from the law firm of Hagens Berman Sobol Shapiro LLP of Cambridge, Massachusetts; Seattle, Washington; and Chicago, Illinois. Those lawyers include:

   Steve Berman
   Thomas Sobol
   Edward Notargiacomo
   Sean Matt

  3. Plaintiffs are also represented by Eugene Spector, Jeffrey Kodroff and John Macoretta from the law firm of Spector, Roseman & Kodroff, P.C. of Philadelphia, Pennsylvania; Kenneth Wexler and Jennifer Connolly from the law firm of Wexler Toriseva Wallace LLP of Chicago, Illinois; Marc Edelson and Allan Hoffman from the law firm of Edelson & Associates LLC of Doylestown, Pennsylvania; and Donald Haviland, Jr. from The Haviland Law Firm, LLC of Philadelphia, Pennsylvania.

  4. Do any of you know these attorneys or law firms? Have you ever had any dealings with them or their law firms? Has anyone that you ever knew ever worked for these law firms in any of their offices?

  5. Will the fact that this is a class action -- _____, are suing on behalf of a class of individuals who received at least one of the seven BMS drugs at issue and made co-

payments for them under their Medicare insurance plan -- affect your judgment about how the action should be decided?

6. Have you or anyone in your family ever had any type of relationship or dealings with defendant BMS?

7. The lawyers representing BMS in this case are from the law firm of Dwyer and Collora, of Boston. Those lawyers include:

Thomas E. Dwyer, Jr.
Jennifer M. Ryan

8. BMS is also represented by the law firm of Hogan & Hartson LLP of New York, New York. Those lawyers include:

Steven M. Edwards
Lyndon M. Tretter, and
Thomas J. Sweeney, III.

9. Do any of you know these attorneys or these law firms? Have you ever had any dealings with them or their law firms? Has anyone that you ever knew ever worked for these law firms in any of their offices?

10. Is there any juror who believes that the fact that BMS is a pharmaceutical company may cause them to prejudge the case?

11. The following list contains the names of possible witnesses who may testify in this case:

Read Exhibit A, which is plaintiffs' and defendant's witness lists combined

Do any of you know any of these people?

12. There may have been reports in the press about this case. Have you read or heard anything, or formed any opinions which may influence your consideration of the evidence in this case? [If yes] What have you read or heard?

**B. The Case**

Plaintiffs allege that BMS intentionally inflated certain prices of cancer drugs in order to sell more drugs and make more profit. Plaintiffs allege that, as a result, of BMS conduct, any person who made a co-payment for these cancer drugs was the victim of a fraud. Now, remember, that is just an allegation. BMS contends that its drug prices were true and accurate. It further contends that Medicare, not it, knowingly determined how much to pay cancer doctors for both drugs and services.

13. Now that you know that this case involves alleged misconduct in setting the prices for certain drugs, do you believe that may affect how you view Bristol Myers Squibb in this case?

14. Now that you know that this case involves an allegation concerning co-payments for cancer drugs, do you believe that may affect how you view Bristol Myers Squibb in this case?

**C. Experience with/in the pharmaceutical and healthcare industries**

15. Have you or any member of your household or family ever been employed by a pharmaceutical company? As a sales representative for a pharmaceutical company?

16. Have you or any member of your household or family ever been employed by a healthcare insurance provider such as Blue Cross Blue Shield or Harvard Pilgrim?

17. Are you or any member of your household or family a medical doctor? An Oncologist?

18. Have you had any experience with a pharmaceutical company which might influence your consideration of the evidence in this case?

19. Have you or any member of your household or family ever been involved in a legal dispute in which a pharmaceutical company was on the other side?

**D. Experience with Medicare/Government**

20. Have you or any member of your household or family ever been employed by the United States Department of Health and Human Services or any State Medicaid Agency?

Dated: Boston, Massachusetts
June 11, 2007

Respectfully Submitted,

By: /s/ Jennifer M. Ryan
Thomas E. Dwyer (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter ((LT 4031)
Thomas J. Sweeney, III (TS 6557)
Admitted *pro hac vice*
**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000

*Attorneys for Defendants Bristol -Myers Squibb Company, and Oncology Therapeutics Network, Corp.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on June 11, 2007 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.


By: /s/Lyndon M. Tretter
      Lyndon M. Tretter