UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>**[Leave to File Granted on 6/12/07]** |

**CLASS PLAINTIFFS' CORRECTED REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs' motion to amend should be granted as defendants' opposition is without merit.

First, plaintiffs have not attempted to add new drugs. Second, the amendment would not require any additional discovery. Third, plaintiffs have sent demand letters that fully comply with state law requirements. Defendants cannot in good conscience claim otherwise and it is noteworthy that the purpose of such letters is to promote settlement, yet none of these defendants responded other than to write lengthy letters purporting to point out the deficiencies in the letters.

**I.     ARGUMENT**

**A.     Plaintiffs Have Not Added New Drugs**

Plaintiffs have not added new drugs. No Appendix A was added to the proposed amended complaint as plaintiffs were not amending the drug list that was previously approved by the Court. Thus, plaintiffs were perplexed by this portion of the Track 2 defendants' motion. Plaintiffs sent several communications to defendants seeking clarification of why they felt new drugs were being added and received no response other than "See Appendix A, to their motion."

- 1 -

The obligation to in good faith meet and confer would have clarified this issue. Again, since Appendix A was not being changed it was not attached. No new drugs have been added.

## II.      THE FRAUD COUNT IS NOT A NEW THEORY

The test for amendment is two-fold: (1) is the attempt to amend futile and (2) would there be prejudice. The answer to the first prong is such an amendment is not futile. A fraud claim is clearly stated. As to the second prong defendants have been on notice of a fraud claim since the first RICO complaint was sustained. Although the Court did not certify the RICO claim discovery proceeded on such a claim. Defendants claim they would need new discovery rings hollow.

Next the Track 2 Defendants claim such an amendment would prejudice them as to class certification. Again this is a motion to amend not a motion for class certification. Defendants have no legitimate opposition to adding this Count and any class certification issues can be dealt with in a *brief* supplemental submission at the appropriate time.

BMS also claims that by this motion plaintiffs violate Rule 23. Nonsense. Again, as to the Track 2 defendant, there is plenty of time to address certification of this claim. As to BMS, there is no reason a new notice would have to go out. Courts frequently add or drop claims as a case approaches trial without notice. And BMS cites no cases requiring notice. Finally, any issues as to certification of this claim for BMS can be handled in the context of the jury instructions process or this claim could not go forward as to BMS.

## III.     PLAINTIFFS' HAVE COMPLIED WITH CH. 93A

The Court granted summary judgment as to the Chapter 93A claim. At that point plaintiffs had no Count V and VI. Hence, no 93A claim was pending. Plaintiffs then sent 93A letters to all defendants on March 27, 2007 (s*ee* ¶ 601). Plaintiffs then waited 30 days and refiled the complaint. 93A was completely complied with.

In addition, the purpose of the demand letter requirement in § 93A (9) is to promote settlement and avoid unnecessary litigation. *Halper v. Demeter*, 34 Mass. App. Ct. 299, 301, 610 N.E.2d 332, 334 (1993) (among the prime goals of the statute is the "promotion of reasonable settlement offers. . . .") (citing *International Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 857, 443 N.E.2d 1308 (1983)).

The Court has previously cited *Burns v. Hale & Dorr*, 445 F. Supp. 2d 94 (D. Mass. 2006), which also states that the purpose of the § 93A demand letter is to encourage settlement and to limit the plaintiffs damages if a reasonable settlement offer is rejected. *Id*. at 96. The court then allowed the plaintiff to amend her complaint, finding that the purpose of section 93A was satisfied. *Id*. at 97. The Track 2 Defendants attempt to distinguish *Burns*, by noting that the demand letter was served before an answer was filed, is insubstantial.

In this case both purposes of the 93A demand letter have been satisfied, so there is no bar to allowing plaintiffs to amend their complaint. Over the 5-year history of this litigation the Track 2 Defendants have had ample opportunity to discuss settlement, and indeed, plaintiffs have had settlement conversations with more than one of the Track 2 Defendants.[1] None of the Track 2 Defendants have made a written tender of settlement in response to plaintiffs' demand letters.

Numerous other cases have allowed amendments to reflect the service of 93A demand letters after the initial complaint. In *Rodi v. Southern New England Sch. of Law*, 389 F.3d 5 (1st Cir. 2004), the First Circuit allowed a plaintiff to amend the complaint to provide for the service of a demand letter and noted that Massachusetts courts had regularly allowed plaintiffs to amend

---

[1] Claims against the Track 2 Defendants on behalf of Massachusetts consumers existed in all versions of the MDL Complaint, starting with the original consolidated complaint filed on September 6, 2002. Claims under Mass. G.L. section 93A first appeared in the Third Amended Master Consolidated Class Action Complaint ("3rd ACC") filed on October 17, 2005. The 3rd ACC was filed to comply with the Court's August 15, 2005 Class Certification Order, which rejected the plaintiffs' prior approach of using the consumer fraud laws of the defendants' home states.

- 3 -

to cure similar defects.  *Id.* at 20 (citing *Jacobs v. Yamaha Motor Corp.*, 420 Mass. 323, 649 N.E.2d 758, 761 (1995) and *Parker v. D'Avolio*, 40 Mass. App. Ct. 394, 664 N.E.2d 858, 861 n.4 (Mass. App. Ct. 1996))[2].  The *Rodi* court went on cite Fed. R. Civ. P. 15(a)'s provision that leave to amend "shall be freely given when justice so requires."  *Id*.

Massachusetts state courts have routinely allowed plaintiffs to amend their complaints to provide for service of a Mass. G.L. 93A demand letter.  In  *Tarpey v. Crescent Ridge Dairy*, 47 Mass. App. Ct. 380, 713 N.E.2d 975 (1999), the court upheld the trial court's decision to allow the plaintiff to amend her complaint to reflect service of a demand letter which was sent over a year after the original case was filed.  *Id*. at 983.  The court observed that the purpose of the 93A demand letter was to encourage settlement, and that "[d]emand before suit is often a fruitless ceremony."  *Id*.

Similarly, in *Pierce v. Clark*, 2005 Mass. Super Lexis 142, at *31 (Mass. Super. Mar. 18, 2005), plaintiffs' counsel sought leave to amend the complaint to add Chapter 93A § 9 claims against several new defendants.  Two weeks later the Court granted plaintiffs' request and the new Complaint was filed that same day.  It was not until a month later that the plaintiffs sent written demand letters to the new defendants.  *Id.*  At trial, after the close of all the evidence, the defendants filed Motions to Dismiss the Chapter 93A claims based upon the plaintiffs' alleged failure to serve the 93A demand letter.  The plaintiffs then moved to amend their complaint to reflect service of the 93A demand letter.  The Court allowed the amendment, finding no prejudice to the defendants.  *Id.*

The Track 2 Defendants have not, and cannot, claim any prejudice from plaintiffs' failure to send 93A demand letters sooner.  Since the litigation's inception in 2001, the Track 2

---

[2] Contrary to the defendants' assertions, the *Rodi* court did not hold that failing to send a demand letter pre-suit is incurable. *Rodi,* 389 F.3d at 20.

- 4 -

Defendants were aware that they were being sued by consumers, including Massachusetts consumers, for violations of the Commonwealth's laws.

The lack of a named individual plaintiff is not a flaw in the plaintiffs' demand letters. The defendants cite no caselaw or other authority to support their claim that the 93A demand letter in a class action must identify a specific consumer plaintiff.  Indeed, in the context of this litigation such a requirement would be contrary to the Court's prior holdings, which rejected the defendants' repeated arguments that the plaintiffs must identify a consumer representative from each state whose laws they are proceeding under.  Defendants acknowledge that there is no "named Massachusetts plaintiff," Def. Opp. at 8-9, as the Court has never required a consumer representative specifically from Massachusetts.

The Massachusetts Supreme Court found that one demand letter was sufficient for an entire putative class and that multiple demands would not serve "any useful purpose." *Baldassari v. Public Fin. Trust*, 369 Mass. 33, 337 N.E.2d 701, 707 (1975).  The court also observed that "the modern class action is 'designed to avoid, rather than to encourage, unnecessary filing of repetitious papers and motions.'"  *Id*. (internal citations omitted).

The July 10, 2006 demand letters to the Track 2 Defendants specifically state that demand is being made "on behalf of all classes in the litigation" and that demand is being made "on behalf of the above-referenced putative classes as defined in plaintiffs' proposed order filed in the AWP litigation."  No further specificity is required, the Defendants were well aware of who the plaintiffs are.

The defendants opposition to the motion to amend relies solely on technicalities, not substance.  In rejecting similar defense arguments that the failure to plead and serve a 93A demand letter prior to suit is a fatal, incurable defect the First Circuit observed that "[t]he view

that the pleading of cases is a game in which every miscue should be fatal is antithetic to the spirit of the federal rules. *Cf.* Fed. R. Civ. P. 1." *Rodi*, 389 F.3d at 20. There is no reason the plaintiffs should not be allowed to amend the complaint to reflect service of proper 93A demand letters.

### IV.   PLAINTIFFS HAVE COMPLIED WITH THE NOTICE PROVISIONS OF OTHER STATES

Defendants now allege *new* defects with the previous pre-suit and demand letters that were part of the Third Amended Complaint. Defendants did not move to dismiss or for summary judgment as to any of these statutory requirements and their current opposition is untimely and wrong.

Plaintiffs provided notice to the Attorney Generals as required (¶¶ 608, 609). In addition, notice was sent to each defendant on October 6, 2005 (¶ 609).

While Counts V and VI were dismissed, pre-suit demand was sent again to the defendants on March 27, 2007 (¶ 614). Plaintiffs then waited the requisite 37 days and filed the proposed complaint.

### V.   CONCLUSION

Plaintiffs respectfully request that the motion be granted.

DATED: May 21, 2007              By     /s/ Steve W. Berman
                                                      Thomas M. Sobol (BBO#471770)
                                                      Edward Notargiacomo (BBO#567636)
                                        Hagens Berman Sobol Shapiro LLP
                                        One Main Street, 4th Floor
                                        Cambridge, MA 02142
                                        Telephone: (617) 482-3700
                                        Facsimile: (617) 482-3003

                                        **LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Facsimile: (215) 609-4661
Telephone: (215) 392-4400

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 8 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 21, 2007, I caused copies of **CLASS PLAINTIFFS' CORRECTED REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis file & serve.

    /s/ Steve W. Berman_____
Steve W. Berman