# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456<br>Master File No. 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 9

WHEREAS, in CMO 7, the Court has ordered limited party discovery to proceed in the federal class action that has been designated the Lead Case in this MDL, Civil Action No. 01-12257-PBS, pending a decision on defendants' motions to dismiss the Amended Master Consolidated Class Action Complaint ("AMCC"); and

WHEREAS, motions to dismiss other included cases in MDL 1456 either are pending or will be filed; and

WHEREAS, in order to avoid duplication and burden on the parties in discovery, it is appropriate for all parties proceeding with discovery in the Lead Case to attempt to coordinate with the parties in all other cases in MDL 1456 before pursuing such discovery; and

WHEREAS, the Court finds that it would be helpful to provide procedures to attempt to coordinate discovery activities both among the included cases and with other cases that are, or may be, prosecuted in state court and that allege fraud or related

- 1 -

violations of law in connection with the pricing of Medicare or Medicaid reimbursed prescription drugs;

IT IS HEREBY ORDERED as follows:

## I. COORDINATION AMONG ACTIONS INCLUDED IN MDL 1456

1. With respect to the limited discovery the Court has permitted to proceed in the Lead Case pending a decision on defendants' motions to dismiss, and with respect to any discovery that may occur thereafter, it shall be the responsibility of Liaison Counsel for all Class Plaintiffs (as designated in Case Management Order No. 1 or as modified by subsequent Order of this Court) to coordinate discovery on behalf of all Class Plaintiffs, with all plaintiffs in cases brought by government entities, and with any private opt out plaintiffs should any emerge.

2. Except for the limited discovery the Court has permitted to proceed in the Lead Case and discovery relevant to any motion to remand that challenges the court's jurisdiction over a removed case, no party may serve discovery on any other party in any action that is included within MDL 1456 prior to a defendant's filing of an answer to the complaint in the action in which discovery is to be served. In any action in which there are multiple defendants, only those defendants that have answered the complaint may serve, and are subject to, party discovery.

3. Upon request, defendants who have produced documents to plaintiffs in the Lead Case pursuant to CMO 5 and/or CMO 7 shall make those documents available to any government entity plaintiff in any action included within MDL 1456, except that no such plaintiff shall be entitled to have access to: a) documents produced by a defendant that is not named as a defendant in the operative complaint filed by such

- 2 -

plaintiff; b) documents relating to drugs that are not identified in the operative complaint filed by such plaintiff; and c) documents produced by a defendant that are not otherwise relevant to the claims asserted against that defendant in the operative complaint filed by such plaintiff.

4. Any party that is permitted to take a deposition may do so only after providing notice to counsel for all parties that are before the Court in any action that is included within MDL 1456.

5. To the extent that any party participates in a deposition, counsel for that party shall be bound by any order entered by this Court regarding the appropriate scope and nature of discovery in the action in which the deposition is noticed.

## II. COORDINATION WITH STATE COURT PROCEEDINGS

1. This Court has recently ordered several cases initiated by State Attorneys General in State Court to be remanded to State Court. These cases fall within the subject matter definition of this MDL proceeding and the Court urges the parties to identify other cases pending in State Courts nationwide that similarly fall within the subject matter definition of this MDL proceeding. This Court intends to invite the State Courts presiding over those cases (the "State Court Cases") to enter into informal discovery coordination arrangements that (a) will allow plaintiffs' counsel in those cases to participate in the discovery activities in this proceeding (as though their cases were part of this proceeding), (b) will allow the parties in those cases to use the fruits of any discovery that is developed in this proceeding, and (c) will minimize the waste and inconvenience that would result if parallel discovery proceeded unabated in all cases.

However, such efforts are not intended by this Court to usurp or impede the management of any respective State Court by the State Court judge.

2. This Court (the "MDL Court") intends to invite each State Court that is presiding over a State Court Case, including State Court cases that are currently pending and State Court cases that are filed after the date of this Order, to declare that case to be a "Coordinated State Court Case" and enter an order containing provisions to the following effect:

> (a) The parties will make good faith efforts to coordinate discovery in the Coordinated State Court Case with the discovery that will be occurring in the MDL proceeding – MDL 1456, *In re Pharmaceutical Industry Average Wholesale Price Litigation*.
>
> (b) Under the coordination arrangement, counsel in the State Court Case shall be entitled to participate fully in any or all discovery activities in MDL 1456 in the same manner as counsel in any of the included actions in MDL 1456, subject to the orders and rules governing the MDL proceedings (including appearing before the MDL Court to address discovery-related matters in that proceeding).
>
> (c) Any discovery generated in the MDL 1456 proceeding will be fully available for use in the Coordinated State Court Case to the extent permitted by the State Court under its applicable evidentiary standards, and any discovery generated in a Coordinated State Court Case will be fully available for use in the MDL 1456

proceeding, subject to any applicable confidentiality or protective orders entered in the MDL proceeding.

(d) The Court's objective is to avoid duplicative depositions of any person or party. Plaintiffs' Liaison Counsel will be responsible for keeping all plaintiffs' counsel for the Coordinated State Court Cases fully apprised of the scheduling of any depositions in this proceeding and the Court will ask each State Court to order plaintiffs' counsel in a Coordinated State Court Case to reciprocate. If for any reason a defendant knows or has reason to believe that plaintiffs' counsel in the Coordinated State Court Cases are unaware of a deposition going forward in any case that is not a Coordinated State Court Case, it shall inform plaintiffs' counsel for the Coordinated State Court Cases of that deposition with enough notice to allow them or other counsel to attend.

3. To facilitate this effort to achieve coordination among this proceeding and the various State Court Cases, the parties will identify the State Court Cases that are pending as of the date of this Order, including the name of the Judge and phone number of the court, and will notify this Court promptly of any new State Court Cases that are filed in the future.

_____
United States District Judge
11/17/03

- 5 -