UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| 01-CV-12257-PBS AND 01-CV-339 | |

TRIAL OF CLASS 2 AND 3 CLAIMS

**<u>SCHERING'S AND WARRICK'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") submit this Notice of Supplemental Authority to alert the Court to a recent decision by the United States Supreme Court that may bear on the Court's pending decision on Class 2 and 3 claims.  The Supreme Court recently held in *Bell Atlantic Corp. v. Twombly* that implausible allegations are insufficient to state a claim for relief and that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. 1955, 1974 (2007) (attached as Exhibit 1).  *Twombly* extends the plausibility standard adopted by the Court to govern summary judgment in *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), to the pleading stage.  *See Twombly*, 127 S.Ct. at 1964, 1968.

Schering and Warrick have previously argued both in summary judgment briefing and at trial that Plaintiffs' theories of liability for self-administered multi-source drugs are economically implausible.  (*See* Mem. in Supp. of Schering's and Warrick's Mot. for Summ. J. as to Class 2 Claims at 20-22 (Dkt. #2265); Schering's and Warrick's Post-Trial Br. at 7-8 (Dkt. #3568).) Because Plaintiffs' theory of liability for self-administered, multi-source drugs has evolved over

1

time, the theory advanced at trial – the informal tacit Nash equilibrium – was never subjected to a plausibility analysis either at the pleading stage or at the summary judgment stage. As is plain from *Twombly's* discussion of implausible allegations of conspiracy, no theory predicated, as Plaintiffs theory is, on collusion for the purpose of competition could survive a plausibility analysis. Further implausibility is demonstrated by the fact that Plaintiffs, at trial, offered no evidence of collusion whatsoever in support of their theory. As *Twombly* affirms and extends the Court's prior holdings requiring plausibility in a plaintiff's allegations and theories of liability, Schering and Warrick therefore submit the Court's *Twombly* decision for this Court's consideration.

          Respectfully submitted,

          /s/ John T. Montgomery
          John T. Montgomery (BBO#352220)
          Steven A. Kaufman (BBO#262230)
          Eric P. Christofferson (BBO#654087)
          Daniel J. Bennett (BBO#663324)
          Ropes & Gray LLP
          One International Place
          Boston, Massachusetts 02110-2624
          (617) 951-7000

          *Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated: June 15, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Daniel J. Bennett
Daniel J. Bennett