# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ) ) | Judge Patti B. Saris |
| *The City of New York v. Abbott Labs., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br>*County of Albany v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br>*County of Allegany v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br>*County of Broome v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-00456<br>*County of Cattaraugus v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br>*County of Cayuga v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br>*County of Chautauqua v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br>*County of Chemung v. Abbott Labs., et al.*<br>W.D.N.Y. No. 05-CV-06744<br>*County of Chenango v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br>*County of Fulton v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0519<br>*County of Genesee v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-00267<br>*County of Greene v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0474<br>*County of Herkimer v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-00415<br>*County of Jefferson v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0715<br>*County of Madison v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0714<br>*County of Monroe v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-6148<br>*County of Nassau v. Abbott Labs, et al.*<br>E.D.N.Y. Case No. 04-CV-5126 | |

| | |
|---|---|
| *County of Niagara v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6296 | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0489 | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0088 | ) |
| *County of Putnam v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 05-CV-4748 | ) |
| *County of Rensselaer v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0422 | ) |
| *County of Rockland v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-7055 | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0479 | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0478 | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6223 | ) |
| *County of Suffolk v. Abbott Labs., et al.* | ) |
| E.D.N.Y. Case No. 01-CV-12257 | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0397 | ) |
| *County of Warrren v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0468 | ) |
| *County of Washington v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0408 | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6138 | ) |
| *County of Westchester v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-6178 | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-06172 | ) |
| | ) |
| | ) |

**MEMORANDUM OF DEFENDANT CHIRON CORPORATION IN SUPPORT OF ITS RENEWED MOTION TO DISMISS THE CONSOLIDATED NEW YORK CITY AND NEW YORK COUNTIES FIRST AMENDED CONSOLIDATED COMPLAINT**

Chiron renews its Motion to Dismiss (Docket No. 2186) and Memorandum in

Favor of Motion to Dismiss (Docket No. 2187) the Plaintiffs' Consolidated Complaint

("Consolidated Complaint") as this Court's previous ruling in *Suffolk* is dispositive.[1] In addition, as a result of procedural history, clear Orders by this Court, and the many other defects inherent in the First Amended Consolidated Complaint ("Amended Complaint"), Chiron asks the Court to dismiss the Plaintiffs' entire action, joins the Joint Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, and individually moves this Court to dismiss all claims against Chiron *with prejudice*. In so doing, Chiron invites the Court's attention to the following flaws in the Amended Complaint:

While the Amended Complaint purports to reassert claims against Chiron for Tobi (NDC 63430-0065-01) and Proleukin (NDC 53905-0991-01), a plain reading of this Court's April 2, 2007 Memorandum and Order ("Order") clearly dismisses claims against these two NDCs. The Order was clear: it provided that Plaintiffs' Consolidated Complaint satisfied Rule 9(b) only with respect to those drugs that were "(1) specifically identified in the complaint as (2) purchased by the counties in any year subject to this lawsuit along with (3) an allegedly fraudulent AWP calculated on a good faith basis, together with a spread."[2] The Consolidated Complaint addressed Tobi and Proleukin in Exhibit A, but it did not state a spread for either of these NDCs, as neither Tobi nor Proleukin is mentioned in Exhibit B.[3] Thus, Plaintiffs did not satisfy their Rule 9(b) requirements as outlined by this Court, and the reasserted claims regarding Tobi and Proleukin in the Amended Complaint now should be dismissed *with prejudice*.

---

[1] On September 30, 2004, this Court dismissed several claims asserted against all Defendants, including Chiron, in the *County of Suffolk* case. *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004). Later, this Court specifically dismissed *all claims* against Chiron in the *Suffolk* case. *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at **2-3 (D. Mass. Oct. 26, 2004); Memorandum and Order dated April 8, 2005. Significantly, this Court did not provide Plaintiffs leave to amend their defective action. Before this Court is a new round of actions that mirror their defective predecessors. The New York County Plaintiffs -- sans Suffolk -- have again filed recycled actions against Chiron under the same theories that this Court previously found defective and dismissed under Rule 9(b) in the *Suffolk* case. As such, this Court should rule on Chiron's previously filed "Motion to Dismiss" and treat the New York Counties' claims against Chiron exactly as it treated Suffolk's defective claims against Chiron and dismiss them. But this time the Court should do so *with prejudice*.

[2] Order at 36.

[3] Consolidated Complaint, Ex. A.

Furthermore, the Amended Complaint blatantly oversteps the leave granted by the Court to amend the Consolidated Complaint.[4] Contrary to the Court's directive, the Amended Complaint cites six new NDCs[5] for which Plaintiffs now seek relief.[6] But none of these NDCs was identified by either Exhibit A or Exhibit B of the Consolidated Complaint. Plaintiffs' cavalier eagerness to add new NDCs to the Amended Complaint runs counter to the Court's clear statement on this issue; consequently, claims for relief based on the six new NDCs should be dismissed *with prejudice*.

Finally, Plaintiffs' Amended Complaint uses a defective method for calculating spreads in an effort to circumvent the Order's requirement that claims for branded drugs go forward on "only those drugs for which the plaintiffs have alleged a spread greater than the 20-25% mark up between WAC and AWP" plus other well-known discounts.[7] Rather than follow the Court's explicit instructions, Plaintiffs now appear to calculate spreads by comparing AWP to the *lowest price* paid by one purchaser to a single wholesaler at one point in time.[8] That methodology is not allowed by this Court and as a result, dismissal *with prejudice* is warranted.

This Court's dispositive ruling in *Suffolk* controls – Plaintiffs' claims against Chiron should be dismissed and as such Chiron renews its Motion. Moreover, Plaintiffs' claims should be dismissed because of Plaintiffs' failure in the Consolidated Complaint to satisfy the Court's Rule 9(b) requirements with respect to named NDCs, impermissible attempt to ignore the Court's Order by adding six new NDCs to the Amended Complaint, and use of unacceptable

---

[4] This Court specifically held: "We're not adding new defendants, new drugs, nothing." May 16, 2007 Status Conference at 45:4-5.

[5] Plaintiffs now seek recovery for expenditures made for Chiron NDCs Leucovorin (NDC 53905-0052-10), Cytarabine (NDC 53905-0132-10), Doxorubicin (NDC 53905-0237-01), Methotrexate (NDC 53905-0031-10, 53905-0032-10), and Tobi (NDC 53905-0065-01). In this regard, Chiron notes that with the exception of Tobi it did not even own these products in the year alleged.

[6] Amended Complaint, ¶ 386.

[7] Order at 37.

[8] Amended Complaint, Ex. B-12.

methods for calculating spread data.  All claims against Chiron should be dismissed *with prejudice*.


Dated: June 22, 2007 /s/ D. Jacques Smith
D. Jacques Smith, Esq. (*pro hac vice*)
Larri A. Short, Esq.
ARENT FOX PLLC
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
202/857-6000 – telephone
202/857-6395 – facsimile
smith.jacques@arentfox.com

*Attorneys for Defendant
Chiron Corporation*

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 22, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

       /s/ D. Jacques Smith
       D. Jacques Smith, Esq. (*pro hac vice*)