UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456 ) ) Master File No. 01-CV-12257-PBS ) ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) |

**DECLARATION OF DAVID WOODWARD**

I, David Woodward, declare as follows:

1.  I am an officer of and attorney with the law firm of Heins Mills & Olson, P.L.C. ("HMO"). I submit this Declaration in support of the application of HMO for an award of attorney fees and reimbursement of expenses that were reasonably incurred by HMO in connection with services rendered to Plaintiffs and the Classes by HMO in the course of this litigation and through August 10, 2006. HMO supports the petition for attorney fees, requesting 33% of the $65.5 million settlement fund amount and reimbursement of expenses, submitted by Plaintiffs' Class Counsel (or "Lead Counsel") in connection with the GlaxoSmithKline settlement preliminarily approved by this Court on November 15, 2006. *See* Order Granting Preliminary Approval of the GlaxoSmithKline Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class and Scheduling Fairness Hearing (Dkt. No. 3401). HMO seeks recovery of its reasonably incurred attorney fees and expenses, while supporting Lead Counsel's fee petition, which are both based on the percentage of the fund approach. HMO requests reimbursement of its attorney fees and expenses upon the same basis and terms and

59402                                1

from (not in addition to) the award requested in Lead Counsel's petition for attorney fees and expenses, with any adjustment reflected in any award made pursuant to that petition and applied on an equal basis to HMO's attorney fees award.

2. I am an attorney in good standing and duly licensed and admitted to the bar of Minnesota. Unless otherwise indicated, this Declaration is based on my personal knowledge and upon review of HMO's time and expense records.

3. HMO is counsel for Plaintiff Twin Cities Bakery Fund Workers Health and Welfare Fund (TCBW) and the Classes.

4. In Case Management Order No. 1 (Dkt. No. 100, dated June 14, 2002, "CMO 1," as modified by Case Management Order No. 3, Dkt. No. 136), this Court established the organization of Plaintiffs' counsel by designating certain firms as the Lead Counsel Committee, and among those firms, certain members as Chairs of the Lead Counsel Committee, on behalf of Plaintiffs. The Court appointed Samuel D. Heins, a founding member of HMO, as one of the Chairs of the Lead Counsel Committee. The Lead Counsel Committee is charged with responsibility for all major decisions and for the overall prosecution and resolution of the case on behalf of Plaintiffs' counsel. CMO 1 ¶¶ 11, 12.

**Professional Time.**

5. Pursuant to, and commencing well before, the Court's case management orders appointing HMO as a Chair of the Lead Counsel Committee, HMO has devoted substantial resources and significant time to the investigation, development and prosecution of this litigation on behalf of Plaintiffs and the Classes. Beginning in November 2001, HMO engaged in a wide range of activities contributing to Plaintiffs' prosecution of this case. HMO's participation in this case includes, for example, legal research; extensive factual investigation; development of

litigation theories and claims; conferences with other members of the Lead Counsel Committee regarding case strategy and planning; communications with and gathering documents from Plaintiff Twin Cities Bakery Workers Health and Welfare Fund; drafting and editing pleadings, including portions of the initial and subsequent amended complaints; attendance at hearings before the Court; researching, drafting and editing briefs, including at the critical motion to dismiss stage; pursuing extensive party and non-party discovery; engaging in meet and confer discussions with opposing counsel concerning discovery; conducting and defending depositions; drafting third party document requests; retaining, consulting and working closely with an expert, Stephen W. Schondelmeyer, on various issues including claim theories and liability and with respect to Dr. Schondelmeyer's expert declaration in support of Class Plaintiffs' motion for class certification; making substantial contributions to fund the prosecution of this litigation; reviewing, analyzing and coding extensive documents produced in the course of discovery; participating in motion practice and briefing; participating in the defense of the deposition of one of Plaintiffs' expert witness, Stephen W. Schondelmeyer; and engaging with other Lead Counsel Committee members in earlier (August-December 2004) negotiations with GSK, which involved mediation, consideration of GSK settlement proposals and related consultations with Plaintiffs' expert.  All of HMO's activities in prosecuting this case for the benefit of Plaintiffs and the Classes has been done in cooperation and coordination with, and with the approval of, the Lead Counsel Committee.

6.      HMO's services in this litigation have been rendered on a wholly contingent basis.  Compensation will be limited to such amounts as may be awarded by the Court as attorney fees and for reimbursement of costs and expenses.

7. Through August 10, 2006, the attorneys and paralegals at HMO expended 21,037.5 hours on the prosecution of this litigation, comprising a total of $6,736,206.25. Attached as Exhibit 1 is a chart summarizing HMO's hours and the historical hourly rates that HMO customarily charges. Reported hours were complied from contemporaneous time records regularly maintained by each attorney and paralegal participating in this litigation. HMO has not included, and is not seeking reimbursement for, time expended in preparing this application for attorney fees, costs and expenses.

**Costs and Expenses.**

8. In connection with prosecuting this case, HMO additionally incurred out-of-pocket disbursements of $595,699.22 through August 10, 2006 in the above action. Attached as Exhibit 2 is a chart summarizing these expenses, none of which has been reimbursed to date. HMO recorded these expenses as they were incurred. These expenses are reflected in HMO's computerized bookkeeping records which are created from invoices, receipts and other proofs of the expense, charges and payments.

**Exhibits.**

9. Attached are true and correct copies of the following documents:

   a. Chart summarizing HMO's hours and rates for professional time expended in prosecuting this case from inception through August 10, 2006 (the date of the GSK settlement) (Exhibit 1).

   b. Chart summarizing HMO's expenses necessarily incurred in the prosecution of this litigation through August 10, 2006 (Exhibit 2).

   c. HMO's firm biography (Exhibit 3).

      d.     Excerpt, *In re AOL Time Warner, Inc. Securities and "ERISA" Litig.*, 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006).  (Exhibit 4)

      e.     Excerpt, *In Re Broadcom Corp. Securities Litig.,* SACV No. 01-0275-GLT, Reporter's Transcript of Proceedings, June 27, 2005 (C.D.Ca. Jun. 27, 2005) (Exhibit 5).

      f.     Excerpt, *In Re Broadcom Corp. Securities Litig.,* No. SACV 01-0275 DT, Order Granting Lead Counsel's Motion for Approval of Lead Counsel's Application for Award of Attorneys' Fees and Reimbursement of Expenses (C.D.Ca. Sept. 14, 2005) (Exhibit 6).

      g.     Excerpt, *In Re: Monosodium Glutamate Antitrust Litig.*, MDL 00-1328 PAM/JTL), Transcript before the Honorable Paul A. Magnuson, United States District Court Judge, Civil Motion Proceedings (D. Minn. Jan. 9, 2003) (Exhibit 7).

**Process Note.**

10.     Beginning in approximately October 2004 and continuing through February 2005, several divergences of opinion occurred between HMO and certain other members of Plaintiffs' Lead Counsel Committee.  Those differences involved certain case strategy and other issues, including day-to-day management issues.  HMO and other Committee members attempted to reconcile their differences but, unfortunately, without success.  Following the surfacing and lack of resolution of those differences, HMO continued to participate in the prosecution of this case by performing certain tasks at the request of other members of the Lead Counsel Committee, including preparation and appearance on behalf of Plaintiffs at various depositions and further review and analysis of documents.  HMO continues to serve as counsel for Plaintiffs in this

matter and in furtherance of the interests of the Classes.  On March 29, 2007, HMO, in the interest of the effective management of the case, respectfully requested that the Court amend Case Management Order No. 1 by striking Samuel D. Heins and HMO as a member and Chair of the Lead Counsel Committee.  *See* Heins Mills & Olson, P.L.C. Response to Motion for Amendment of Case Management Order No. 1 and Consolidated Order Re: Motion for Class Certification (Dckt. No. 3968).

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 22, 2007.

                                             s/ David R. Woodward  
                                             David Woodward

Minneapolis, Minnesota