1

2

3

4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

HONORABLE GARY L. TAYLOR, JUDGE PRESIDING

5

6

7

8

IN RE:   BROADCOM CORPORATION                    )

SECURITIES LITIGATION AND                        )

CONSOLIDATED MATTERS.                            )   SACV NO.  01-0275-GLT

_____                                    )

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

MONDAY, JUNE 27, 2005

1:00 P.M.

DEBORAH D. PARKER, CSR 10342

OFFICIAL COURT REPORTER

UNITED STATES DISTRICT COURT

411 WEST FOURTH STREET

SUITE 1-053

SANTA ANA, CALIFORNIA 92701

(714) 542-8409

D.PARKER@IX.NETCOM.COM

Deborah D. Parker, Official Court Reporter

EXHIBIT 5

Page 18

1          AND WITH THE COURT'S INDULGENCE, I WOULD LIKE TO

2   SAY ON BEHALF OF MY CLIENT, THE MINNESOTA STATE BOARD OF

3   INVESTMENT AND OF OUR LAW FIRM, THAT WE THANK YOU VERY MUCH

4   FOR YOUR UNFAILING COURTESY THROUGHOUT THIS AND VERY MUCH

5   APPRECIATE IT.

6          AND WE WISH YOU ALL THE BEST IN FUTURE ENDEAVORS.

7          THANK YOU VERY MUCH, JUDGE.

8          THE COURT:  ALL RIGHT, SIR.  THANK YOU.

9          ANY OTHER COUNSEL HAVE A COMMENT THEY WANT TO MAKE

10  AT THIS POINT?

11          WELL, I HAVE HAD A CHANCE TO LOOK OVER THE

12  SETTLEMENT PAPERS.  THIS SETTLEMENT HAS BEEN IN THE WORKS

13  FOR SOME TIME.  THE COURT HAS BEEN WORKING WITH THIS CASE

14  FOR SOME LENGTHY PERIOD OF TIME.  I KNEW THAT SETTLEMENT

15  DISCUSSIONS WERE UNDERWAY AT VARIOUS DIFFERENT TIMES AND WAS

16  KIND OF TRYING TO KEEP UP ON THOSE.

17          I KNOW THAT THERE IS AN EXTREMELY HIGH LEVEL OF

18  LAWYERING THAT HAS BEEN TAKEN PLACE ON BOTH SIDES IN THIS

19  CASE.  THE CASE INVOLVES SOME VERY INTERESTING, VERY NOVEL

20  ISSUES.  EVERYBODY HAS DONE A VERY HARD JOB, A VERY

21  HARDWORKING JOB AND HAS REALLY APPROACHED IT WITH A GREAT

22  DEAL OF PROFESSIONALISM AND A GREAT DEAL OF EXPERIENCE AND A

23  GREAT DEAL OF LEGAL KNOWLEDGE.  SO, I KNOW THAT THAT'S

24  OCCURRED.

25          THE COURT FINDS THAT THERE IS GOOD CAUSE TO GRANT

1    .THE MOTION HERE.   EVERYTHING APPEARS TO BE IN ORDER.   THE

2    SETTLEMENT THAT IS BEING PROPOSED IS WITHIN THE RANGE OF

3    REASON.   THERE IS NO DOUBT ABOUT THAT AT ALL, I DON'T THINK.

4    IT SEEMS TO BE FAIR.   IT SEEMS TO BE REASONABLE TO THE

5    DIFFERENT PARTICIPANTS.

6              THE ONE THING I WOULD ASK IS THAT IF JUDGE

7    TREVEZIAN IS INTERESTED IN THE SAME TYPE OF THING I AM AT

8    THE FINAL HEARING, HE WILL BE INTERESTED NOT ONLY TO KNOW IF

9    YOU HAVE RECEIVED ANY ACTUAL FORMAL OBJECTIONS, BUT HE WILL

10   BE INTERESTED TO KNOW AS TO WHETHER THERE HAS BEEN ANY

11   INFORMAL OBJECTIONS.   DID PEOPLE CALL YOU?   DID SOMEBODY

12   COMPLAIN?

13             THE JUDGE WOULD PROBABLY WANT TO KNOW WHATEVER THE

14   WHOLE PICTURE IS ON WHETHER SOMEBODY STEPPED UP AND SAID

15   THAT THAT THERE IS SOMETHING WRONG WITH THE SETTLEMENT.

16             BUT FROM WHERE I SIT, IT APPEARS TO BE VERY

17   REASONABLE AND IT APPEARS TO BE ENTIRELY FAIR.

18             THIS WAS A COMPLEX CASE.   A GREAT DEAL OF HARD

19   WORK WENT INTO IT OVER QUITE A PERIOD OF TIME.   SOME

20   FASCINATING MOTIONS AND A GREAT DEAL OF GOOD LAWYER WORK.

21             IT DID PROCEED THROUGH AN EXTENSIVE MEDIATION

22   PROCESS AT A VERY HIGH LEVEL.   AND BY THAT I MEAN THAT, THE

23   MEDIATOR WAS THE BEST, THE ATTORNEYS INVOLVED WERE THE BEST

24   AND THEY ALL GAVE IT A GOOD DEAL OF DISCUSSION.   AND I THINK

25   IT'S QUITE APPARENT THAT IT'S ARRIVED AT A FAIR AND A PROPER

1    CONCLUSION.                                                        Page 20

2              DOES IT APPEAR TO ANY PARTY THAT THERE IS ANY

3    REASON THAT THE COURT SHOULD NOT NOW SIGN THESE TWO ORDERS?

4              ANYBODY?

5              ALL RIGHT.   LET'S PAUSE FOR JUST A MOMENT, PLEASE,

6    AND I WANT TO INTERLINEATE CONCERNING THAT ONE CLAUSE I

7    MENTIONED TO IT.   I'LL STATE AGAIN IN A MOMENT WHAT IT IS.

8                         (PAUSE.)

9              THE COURT:   ALL RIGHT.   THE TWO ORDERS HAVE NOW

10   BEEN SIGNED AND DATED TODAY, JUNE 27, 2005.

11             I HAVE SIGNED THE PROPOSED ORDER FOR PRELIMINARY

12   APPROVAL OF CLASS ACTION, ET CETERA.   AND ON PAGE 4, AT

13   LINE 25, I HAVE INSERTED THE TIME FOR THE APPEARANCE AS

14   10:00 A.M. AND INITIALED THAT CHANGE.

15             ALSO, I HAVE SIGNED THE ORDER FOR THE TRANSFER TO

16   JUDGE TREVEZIAN.   ACTUALLY, THE TRANSFER WILL TAKE -- THIS

17   ORDER DOES NOT ACTUALLY ACCOMPLISH THAT TRANSFER.   WHAT

18   HAPPENS IS -- THE WAY IT WORKS IS, THE JUDGE WHO IS DOING

19   THE TRANSFERRING AND THE JUDGE WHO IS RECEIVING THE TRANSFER

20   BOTH SIGN A COURT FORM THAT WE HAVE AGREEING THAT THE

21   TRANSFER TAKES PLACE.   AND THEN, THAT FORM IS SIGNED.   AND

22   UPON THE FILING OF THAT FORM, THE TRANSFER ACTUALLY OCCURS.

23             SO, EVEN THOUGH THIS ORDER IS SIGNED TODAY, I HAVE

24   A FEELING IT WILL PROBABLY BE TOMORROW OR THE NEXT DAY

25   BEFORE THAT TRANSFER GETS FILED.   BUT IT WILL THEN GO TO