# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.* (E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00425)<br>*County of Warren v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00468)<br>*County of Greene v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00474)<br>*County of Saratoga v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00478)<br>*County of Columbia v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00867)<br>*Essex County v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00878)<br>*County of Chenango v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00354)<br>*County of Broome v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00456) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

| | |
|---|---|
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs. et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |

| | |
|---|---|
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
|             AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

**AMGEN INC.'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO DISMISS THE NEW YORK COUNTIES' COMPLAINT [DOCKET NO. 2188]**

In its April 2, 2007 Memorandum and Order dismissing certain of plaintiffs' claims, the Court reserved decision on various pending individual motions to dismiss the New York Counties action, including Amgen Inc.'s March 3, 2006 motion [Docket No. 2188]. The First Amended Consolidated Complaint ("FACC") filed by the Counties on June 8, 2007, does nothing to change the legal or factual landscape, and Amgen hereby renews its pending motion and respectfully requests that the Counties' claims be dismissed.[1]

*First,* the FACC suffers from the same defect as did the Counties' prior complaints: it fails, as required by both Rule 9(b) and by this Court's prior rulings, to adequately describe or plead the basis for the Counties' supposed "spread" calculations included in Exhibit B-4 to the FACC. As the Court previously directed plaintiffs in dismissing allegations against Amgen in the past, plaintiffs must establish why each particular drug is listed in the complaint, providing the allegedly "fraudulent AWP" for each drug and providing "the basis for calculating a spread between the published AWP and the actual *average* price at which the drug is sold by wholesalers." *See* Memorandum and Order dated April 8, 2005 [Docket No. 1482] (emphasis

---

[1] Amgen also joins in and incorporates by reference Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, filed contemporaneously herewith. Consistent with its prior motions and this Court's decisions on those motions, Amgen submits this memorandum in support of its individual motion based upon Amgen-specific grounds for dismissal of the allegations against it.

1

added); *In re Pharm. Indus. Average Wholesale Price Litig.,* 2004 WL 2387125 at *2 ("*Suffolk II*").

Plaintiffs provide no description of what the "AAC" or "Actual Acquisition Cost" used in their spread calculation is, let alone their methodology in identifying this mysterious price point. But whatever AAC is, it clearly is *not* an *average* price at which Amgen sold its products.  This is self-evident from the prices themselves and from the dramatic spreads they generate.  For example, plaintiffs identify an "AAC" of $.07 (seven cents) in 1998 for a 10000u/mL vial of Amgen's Epogen, against a reported AWP and reimbursement price of $2,400, resulting in a "spread" of **3,428,471%** (compared with spreads of between 23% and 29% in prior county complaints).  Such absurd results (and similarly absurd spreads for other Amgen biologics, all of which are single-source, branded products) not only make clear that plaintiffs' spread calculations are not based on an actual average selling price, but underscore the absence of any factual basis, good faith or otherwise, for the Counties' allegations of spread.

*Second,* the Counties' effort to end-run the Court's clear ruling that claims based upon the purchase of PADs after June 9, 1994 should be dismissed, by alleging that such products *might* also have been sold through pharmacies, falls hopelessly short of the mark.  With respect to Amgen's listed products – virtually all of which are physician-administered – plaintiffs do not allege a single specific example of even a single Amgen product that was purchased through a pharmacy and reimbursed based upon an allegedly fictitious AWP.  In the face of a statutory mandate that payments for physician-administered drugs be made at "actual cost," and in the absence of even a single example of the sale of an Amgen product outside of the physician office and reimbursed based upon AWP, the Counties' allegations as to Amgen's PADs (Epogen,

2

Aranesp, Infergen, Neupogen, and Neulasta) fail to satisfy even minimal pleading requirements under both Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure.

*Third,* plaintiffs' Best Price/Rebate Claims, to the extent plaintiffs even intended to reassert them, again fall "woefully short" under Rule 9(b). *Suffolk II,* 2004 WL 2387125 at *6. Indeed, plaintiffs have added virtually no new factual allegations in the FACC that would serve to "tie the Best Prices claims to any particular drugs, discounts or other company-specific practices which would support an inference of misrepresenting Best Prices" by Amgen, as required by the Court's prior decisions. *See* Memorandum and Order at 39-40 [Docket No. 3979] (D. Mass. April 2, 2007). In the absence of any particularized allegations concerning Amgen's supposedly fraudulent reporting of Best Prices for its identified drugs, plaintiffs' Best Price/Rebate Claims necessary must suffer the same fate as the prior iterations of these claims that were dismissed in *Suffolk II* and in the Court's April 2, 2007 Memorandum and Order. *Id.* at 40.

For these reasons, and for the additional reasons set forth in both Amgen's pending motion to dismiss the Consolidated Complaint of Plaintiffs New York City and the NewYork Counties and in the defendants' joint submission, Amgen respectfully requests that the New York Counties' claims be dismissed with prejudice.

Respectfully submitted,

_____/s/ Douglas S. Brooks_____
Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, MA  02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

\\\BA - 058360/000168 - 227398 v1

4

                                                      Steven F. Barley
                                                      Joseph H. Young
                                                      Jennifer A. Walker
                                                        Hogan & Hartson LLP
                                                        111 South Calvert Street
                                                      Suite 1600
                                                      Baltimore, MD  21202
                                                      Tel.: (410) 659-2700
                                                      Fax: (410) 539-6981

                                                      *Attorneys for Defendant Amgen Inc.*

Dated: June 22, 2007

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 22nd day of June, 2007, a true and correct copy of the foregoing document was served upon all counsel of record via electronic service pursuant to CMO No. 2 by causing a copy to be sent to LexisNexis File & Serve for posting and notification.

                                                       _____/s/_____
                                                       Jennifer A. Walker