```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                    )
IN RE PHARMACEUTICAL INDUSTRY       ) M.D.L. No. 1456
AVERAGE WHOLESALE PRICE             ) Civil Action No. 01-12257-PBS
LITIGATION                          )
                                    )
                                    )
THIS DOCUMENT RELATES TO:           )
 United States of America ex
 rel Ven-A-Care of the              )
 Florida Keys, Inc., et al. v.      )
 Dey, Inc. et al., Civil Action     )
 No. 05-11084-PBS                   )
                                    )
```

**CASE MANAGEMENT ORDER**

June 22, 2007

Saris, U.S.D.J.

1.  Except as otherwise ordered by the Court, this Order shall apply only to the parties in the case of _United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,_ No. 05-11084-PBS.

**DOCUMENT PRODUCTION**

2. All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties. If issues regarding the compatibility of computer systems and software arise, the parties shall confer to resolve the matter.

3. Except as otherwise agreed to by the parties or as ordered by the Court, a party upon whom a document request is served shall serve a written response within 30 days after the

service of such request in accordance with Rule 34 of the Federal Rules of Civil Procedure.

4. Nothing in this Case Management Order is meant to displace the provisions of Rule 5 of the Federal Rules of Civil Procedure.

5. Except as otherwise agreed to by the parties or as ordered by the Court, a responding party to a document request shall complete production of all undisputed documents within 60 days of service of such request, subject to any objections. The parties shall confer in good faith, and agree upon a reasonable rolling production, when the nature of certain document requests renders the 60-day time period impracticable. The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

6. Privilege logs shall be provided 30 days after a production and shall be provided on a rolling basis as documents are produced. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.

There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege or trade secret or confidential business protection. No stamps of "confidential" or the like shall obscure the text of the document.  An attorney of record shall review all designations of

confidentiality. All sales and marketing data older than five years is presumed not confidential.

7. Dey has previously produced documents to the United States and is not required to produce these documents a second time, unless necessary to cure deficiencies in the earlier production.

## DEPOSITION PROTOCOLS

8. The following deposition protocols apply to all non-expert deponents. The parties shall meet and confer separately on expert witness deposition protocols.

9. Dey shall give advance notice of depositions and use reasonable efforts to coordinate deposition discovery of current and former employees of the United States government with defendants Abbott and Roxanne.

10. Without agreement between the parties or court order, no deposition of any party, witness, or a witness designated pursuant to Rule 30(b)(6) shall last longer than 21 hours. The noticing party shall have 14 hours for questioning, and the non-noticing party shall have 7 hours for questioning. These limitations only apply to parties in this case.

11. The parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition. When a 30(b)(1) notice of deposition does not

identify the specific individual to be deposed, the parties shall identify the witness testifying in response to the notice as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition.

12. *30(b)(1) Depositions of Current or Former Employees of the Parties*. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter or email that identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

13. *30(b)(6) Depositions*. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a party under Rule 30(b)(6) shall send a letter or email to the responding party that describes with reasonable particularity the matters on which examination is requested. The parties shall

confer regarding a mutually convenient time and place and the estimated length of the deposition. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

    14. *Third-Party Depositions*. A deposition of a third-party witness shall be initiated through service of a subpoena under Rule 45 and a notice of deposition under Rule 30. A copy of the subpoena and notice of deposition shall be provided to opposing counsel contemporaneously. The subpoena and notice of deposition shall provide at least a two-week deposition notice. The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the party serving the subpoena shall post the subpoena and notice of deposition on LexisNexis File & Serve.

    15. *Cross-Noticed Depositions*. A party in this case seeking to cross-notice a deposition in another Average Wholesale Price (AWP) case (e.g., state or federal AWP litigation) shall inform opposing counsel in writing as soon as practicable, preferably not later than two weeks from the date of the scheduled

deposition. When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve. A deposition (and exhibits) in another AWP case that is cross noticed by a party in this case may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case, as long as all parties to this case had notice of the deposition.

16. Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered in evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

18. Nothing in this Order is intended to preclude any party from filing an appropriate motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**PRE-TRIAL SCHEDULE**

17. The following pre-trial schedule shall apply:

| DEADLINE | ACTION |
|---|---|
| June 29, 2007 | Initial Disclosures shall be served. |
| June 29, 2008 | All fact discovery shall be completed. |
| July 29, 2008 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |

| | |
|---|---|
| August 29, 2008 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| October 29, 2008 | Close of expert discovery. |
| December 15, 2008 | Motions for Summary Judgment shall be filed. |
| January 15, 2009 | Response to Motions for Summary Judgment shall be filed. |
| February 3, 2009 | Replies to Motions for Summary Judgment shall be filed. |
| February 17, 2009 | Surreplies to Motions for Summary Judgment shall be filed. |

**MEDIATION**

18. By July 16, 2007, Plaintiffs and Dey shall each exchange the names of up to three potential mediators. The parties shall meet-and-confer on the acceptability of each others' proposals by August 31, 2007. If the parties are unable to agree on the acceptability of a single mediator, the Plaintiffs and Dey shall each submit the names of up to three potential mediators to the Court by September 28, 2007. Plaintiffs and Dey each have until October 15, 2007, to submit any reasons for the party's choice(s), and/or comments or objections to the other side's choice(s).

19.  The parties are allowed one deposition per state as well as 10 additional depositions per side.  Unless otherwise stated herein, or agreed to by the parties, the limitations (i.e., on

numbers of interrogatories, requests to admit) in the federal rules and local rules apply.  Page limits will be strictly enforced unless the parties get advance approval for an alternative limitation.  All depositions in related cases are admissible if the parties agree.  For example, the parties may agree that a deposition will be admissible subject to a brief opportunity for cross-examination.  The Court (or Magistrate Judge) will address any disputes about admissibility.

**SO ORDERED** this 21st day of June, 2007

**S/PATTI B. SARIS**
United States District Judge