# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re*: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne Bowler |

## MEMORANDUM BY THE UNITED STATES IN RESPONSE TO THE SUPPLEMENTAL SUBMISSION BY ABBOTT FOLLOWING ORAL ARGUMENT ON PENDING MOTIONS
*[LEAVE TO FILE THIS MEMORANDUM GRANTED JUNE 7, 2007]*

This memorandum responds to the submission by Abbott Laboratories, Inc. (Abbott) filed on Friday, May 18, 2007 (Dkt. No. 4213). Four motions were heard by Magistrate Bowler at the hearing on May 16, 2007. Two of the motions relate to the Government's discovery against Abbott (Dkt. Nos. 4048, 4061). The other two motions relate to discovery by Abbott against the United States. Abbott's latest submission states that it pertains to the two motions involving discovery against the Government (Dkt. Nos. 3540, 3849).[1] Abbott filed its post-hearing submission on the basis that "Magistrate Bowler indicated that she wished to review comments made by Judge Patti Saris insofar as they may relate to the motions taken under advisement."[2]

---

[1] Those motions are: the Motion by the United States for a Protective Order Relating to the Deposition of Government Counsel (Dkt. No. 3540) and Abbott's Motion to Compel an Adequate Response to Abbott's Interrogatory No. 7 (Dkt. No. 3849).

[2] While counsel for the United States does not recall that Judge Magistrate Bowler "indicat[ed] that she wished to review comments made by Judge Patti Saris insofar as they may relate to the motions [at Dkt. Nos. 3540, 3849] taken under advisement" (Abbott's Supplemental Submission at page 1), counsel does clearly recall the dialogue with the Court during the United States'

None of Judge Saris' comments at either the hearing on the Case Management Order or the hearing on Abbott's Motion to Dismiss pertain to the controlling issues to be decided by this Court with respect to the motions involving the discovery served by Abbott. The issues involved in the two motions concerning discovery against the United States are very narrow. For example, the reason the Government filed for a protective order with regard to one of the deposition notices served by Abbott is that the notice in question, on its face, is a blatant attempt to depose *Government counsel* regarding the content of an amicus brief requested by Judge Saris and filed with this Court. Nothing in the submission filed by Abbott on Friday bears on this, the central issue in the United States' motion for a protective order.[3]

Second, while Abbott cites to the decision by Judge Saris in which she declined to dismiss the California case in this MDL based on Government knowledge/approval, Abbott's submission omits the critical language concerning the showing a defendant must make concerning its state of mind in order to negate scienter. The decision indicates that a defendant must show that the "the government knows <u>and approves</u> of the particulars of the claim for payment before that claim is presented." *See* March 22, 2007 Order, 478 F.Supp.2d at 174

---

Motion to Compel Abbott to Produce All Discovery Required by CMOs 5 and 10, concerning Judge Saris' comments made at the February 27, 2007 hearing on the Case Management Order. To the extent that Judge Magistrate Bowler wishes to review the transcripts provided by United States' counsel during the hearing, and again here as Exhibit 1, the United States suggests that the entirety of the transcript is informative, and not the isolated snippets read into the record by counsel for Abbott. Those additional pages include, but are not limited to, those found at pages 9:18-10:2, 14:16-15:16, 23:2-31:19 of Exhibit 1.

[3] The United States also disputes Abbott's assertion that "Judge Saris agreed with counsel for Abbott" that the Government's awareness of AWP abuse was, in addition to being a scienter issue, also a statute of limitations and causation issue. Abbott Submission at 1. The record simply does not support that description of Judge Saris' purported views on issues that have yet to be addressed in this case.

(emphasis supplied by J. Saris).  The Court explained that "[t]hus, there may be occasions when the government's knowledge of or cooperation with a contractor's actions is so extensive that the contractor [*i.e. a defendant*] could not as a matter of law possess the requisite *state of mind* to be liable under the FCA." *Id.* (emphasis supplied).  Judge Saris relied on the holding in her March 22 Order when she subsequently denied Abbott's "motion to dismiss [the complaint of the United States] based on the government's knowledge of the fraud." *See* Order of May 8, 2007 (WL 1334496) at 8.  Additionally, Judge Saris has indicated that any evidence of Government approval of AWP spreads must be specific to the defendant and drugs at issue in the case. *See* Transcript of April 11, 2007 Pretrial Conference, pp. 23-27 (Exhibit 2).  Evidence about the Government's knowledge of AWP spreads generally would not be admitted.

      That being said, it bears re-emphasizing that the issue of the particular elements of the Government knowledge/approval argument and the scope of discovery that ought to be permitted in connection with that argument are not germane to the motions currently before the Court.

For the United States,

| | |
|---|---|
| MICHAEL J. SULLIVAN | PETER D. KEISLER |
| UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
 the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

 /s/ Justin Draycott
Joyce R. Branda
Daniel Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Rebecca Ford
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 305-9300
Fax: (202) 307-3852

Dated: May 21, 2007
Refiled: June 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the **MEMORANDUM BY THE UNITED STATES IN RESPONSE TO THE SUPPLEMENTAL SUBMISSION BY ABBOTT FOLLOWING ORAL ARGUMENT ON PENDING MOTIONS [LEAVE TO FILE THIS MEMORANDUM GRANTED JUNE 7, 2007]** above to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                            /s/ Justin Draycott

Dated: June 26 2007                            Justin Draycott