UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

### RESPONSE OF THE CLASS 1 CLASS REPRESENTATIVE, REVEREND DAVID AARONSON, TO THE RECOMMENDATION OF CLASS COUNSEL RESPECTING COMPENSATION TO NAMED PLAINTIFFS

Reverend David Aaronson, both individually and on behalf of the Estate of his now deceased wife, Sue Ruth Aaronson,[1] was appointed by this Court to serve as the lone consumer representative of the Class 1 Medicare Beneficiary Class against GlaxoSmithKline ("GSK"). *See* Order dated January 30, 2006, [Docket No. 2097-1]. Reverend Aaronson and his wife were invited by Co-Lead Counsel to join this case in the Fall of 2005 and to assume the duties as the lone representative plaintiff for the GSK Sub-Class of Class 1 which Class Counsel were seeking to have certified.[2] The Aaronsons were also appointed the lone consumer representative plaintiffs of the Class 1 GSK Settlement Class. *See* Preliminary Approval Order, dated November 15, 2006 [Docket No. 3401].

---

[1] Sadly, Sue passed in December last year and was not able to see the completion of this case.

[2] In its August, 2005 Memorandum and Order Re: Motion for Class Certification, the Court gave Class Counsel a reprieve of sixty (60) days to produce the Class 1 Medicare beneficiaries that counsel represented were "waiting in the wings." *In re: AWP* 230 F.R.D. 61, 81 (D.Mass 2005). Reverend Aaronson and his wife, the existing clients of the undersigned, agreed to step forward and assume the representation of all Class consumers of the GSK Sub-Class (and new GSK Class 1 Settlement Class).

1

Since the time of their appointment, the Aaronsons worked dutifully with their undersigned personal counsel to respond to written discovery requested by defendants (including collecting voluminous records from their personal files and the files of their providers and insurers), sitting for two rounds of depositions (which required extensive preparations in advance thereof and substantial follow up work thereafter to respond to defendants' requests), and working with Class Counsel to prepare the case for class certification and an eventual trial against GSK.[3]  As the lone Class 1 consumer class representatives, the Aaronsons assumed a disproportionate share of the load in relation to that borne by either of the two (2) TPP class representatives of Class 2, or the Class 3 representatives (consisting of 7 TPPs and 8 individual consumers).

Both Reverend David and Sue Ruth Aaronson were elderly (in their late 70's) and sick (both suffering from terminal cancer) throughout the pendency of this case.  Despite Mrs. Aaronson's stage 4 carcinoma, she unselfishly committed herself to trying to help other cancer patients who, like her, were victimized by the unlawful marketing and sales practices of the Defendants.  Accordingly, the stress and toll such a commitment took on these wonderful people was immeasurably different from that "suffered" by any of the corporate TPP plaintiffs.  The TPP-entities "participated" through corporate employees who were paid as employees to perform the necessary litigation tasks.  The Aaronsons also assumed greater risk and sacrifice in the litigation then any of the eight (8) Class 3 consumer representatives, who never have served as litigation class representatives given this Court's decision to certify a Massachusetts-only class of

---

[3] Reverend Aaronson is prepared to submit an Affidavit detailing the Aaronsons' efforts on behalf of the Class, should the Court require the same.

2

consumers.[4]

The test applicable to the determination of appropriate incentive award in class actions is one that takes account of the level of commitment and personal sacrifice required of the individual plaintiff.  "Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit. In determining whether such an award is warranted, I may consider the actions plaintiffs have taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort the named plaintiffs expended in pursuing the litigation, and any negative effects on the named plaintiffs." *In re: Compact Disc Minimum Advertised Price Antitrust Litigation,* 292 F.Supp2d 184, * 190 (D.Me, 2003) (internal citations omitted) (adopting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) with the additional factor of "negative effects on the named plaintiffs"), *see also Staton v Boeing Co.,* 327 F.3d 938, 977 (C.A.9 (Wash.) 2003 (same).

It is particularly appropriate to compensate named representative plaintiffs with incentive awards when they have actively assisted plaintiffs' counsel in their prosecution of the litigation for the benefit of the class.  *See Tenuto v. Transworld Sys., Inc.,* Civ. A. No. 99-4228, 2002 WL 188569, at *5 (E.D.Pa., Jan. 31 2002); *see also In re: Linerboard*, 2004 WL 1221350, at *18 ("Like the attorneys in this case, the class representatives have conferred benefits on all other class members and they deserve to be compensated accordingly.") (citing *In re: Plastic tableware Antitrust Litig.*, Civ. A. No. 94-3564, 2002 WL 188569 (E.D.Pa. Dec. 4, 1998)).

---

[4] As none of the eight (8) Class 3 representatives resided in Massachusetts, their importance to the litigation diminished as of the Court's January 2006 class certification decision.

*Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining and Manufacturing Company)*, 2007 WL 1468847, * 19 (E.D.Pa., May 14, 2007).

In this case, the Aaronsons made a personal commitment to the case that was unlike that of any other representative plaintiff. For this reason, Reverend Aaronson, by and through his counsel, respectfully requests that this Honorable Court award him an incentive payment that adequately reflects such commitment.

                                          Respectfully submitted,

Date: June 29, 2007                    /s/ Donald E. Haviland, Jr.
                                          Donald E. Haviland, Jr., Esquire
                                          THE HAVILAND LAW FIRM
                                          740 South Third Street
                                          Third Floor
                                          Philadelphia, PA 19147
                                          Telephone: (215) 609-4661
                                          Facsimile: (215) 392-4400
                                          haviland@havilandlaw.com

                                          COUNSEL FOR REVEREND DAVID AARONSON
                                          AND CO-LEAD COUNSEL FOR THE CLASS

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on June 29, 2007, I electronically filed the foregoing Response of the Class 1 Class Representative, Reverend David Aaronson, to the Recommendation of Class Counsel Respecting Compensation to Named Plaintiffs with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to the following registered person(s) and that those person(s) not registered with CM/ECF system were served by U.S. mail.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
THE HAVILAND LAW FIRM
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400
haviland@havilandlaw.com

COUNSEL FOR REVEREND DAVID AARONSON
AND CO-LEAD COUNSEL FOR THE CLASS