UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>*The Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.* | Judge Patti B. Saris |

### NOTICE OF INTENTION TO APPEAR AT THE FAIRNESS HEARING ON THE GLAXOSMITHKLINE SETTLEMENT, AND STATEMENT OF POSITION AS TO THE SAME

In accordance with paragraph 25 this Court's Order Granting Preliminary Approval of the GlaxoSmithKline Settlement, Certifying Class for Purposes of Settlement and Directing Notice to the Class and Scheduling a Fairness Hearing entered November 15, 2006 [Docket No. 4074] ("Preliminary Approval Order"), the Commonwealth of Pennsylvania ("Commonwealth" or "Pennsylvania"), by and through the Office of the Attorney General, hereby provides notice of its intention to appear at the Fairness Hearing, scheduled to take place on July 19, 2007, at 2:00 p.m.

While the Commonwealth was not an original signatory to the Settlement Agreement and Release of the GlaxoSmithKline Defendants, dated August 10, 2006 ("GSK Settlement Agreement"), the Commonwealth subsequently entered into a private settlement with the GSK Defendants which provided for the Commonwealth to share in a portion of the proceeds of the MDL settlement, and to participate in a binding mediation to share in a portion of any unclaimed funds in the Consumer Settlement Pool.  Though the terms of the Commonwealth's settlement

with GSK are confidential,[1] the Commonwealth is compelled to take a position at this juncture respecting paragraph 22(b)(vii)b of the GSK Settlement Agreement[2] in advance of the Fairness Hearing to ensure that its rights (and the rights of Pennsylvania consumers) are adequately protected.

By way of brief background, the Commonwealth of Pennsylvania had substantial claims pending against GSK at the time the MDL settlement came about.  These claims were appreciably different from those being litigated in MDL 1456, in terms of the causes of action, the covered drugs and the losses suffered.  Among other things, the Commonwealth asserted claims for statutory civil penalties and *parens patriae* rights for the harm caused to Pennsylvania citizens.  After the GSK Settlement was consummated, the Commonwealth agreed to terms of a separate settlement with GSK which terms included an express condition that the Commonwealth would be able to participate in the mediation over unclaimed monies in the Consumer Settlement Pool.  *See* Exhibit "A."  Such a right of recovery was considered to be a real and substantial benefit to the Commonwealth and its citizens at the time the settlement was reached with GSK.  While the Commonwealth supports a fulsome recovery of settlement proceeds by all individual consumer claimants out of the Consumer Settlement Pool, it does not agree to allow either "TPPs" or "ISHPs" to participate in the mediation for unclaimed monies in the Consumer Settlement Pool, as contemplated by paragraph 22(b)(vii)b of the GSK Settlement

---

[1] With GSK's consent, the Commonwealth would be willing to provide the Court with a copy of its settlement agreement for *in camera* review in order to satisfy the Court as to the Commonwealth's rights under the GSK settlement.

[2] The relevant excerpt of the GSK Settlement Agreement is attached hereto as Exhibit "A."

Agreement, as the recovery by the TPPs would reduce the monies earmarked for consumers.[3].

Having reviewed the terms of the GSK Settlement Agreement in the context of this Court's recent verdict on the Class 2 and 3 trials against four (4) out of five (5) Track 1 Defendants, the Commonwealth respectfully submits that both the TPP class members and ISHPs are being more than adequately compensated by the proceeds allocated to them under the GSK Settlement Agreement, *i.e.,* 70% of the available Class funds.[4]  Consequently, it would provide TPP class members and ISHPs a substantial windfall if they were given an opportunity to make a claim for additional monies out of the settlement funds allocated to consumers, a claim for which consumers was being actively pursued by Commonwealth in its *parens patriae* capacity at the time the GSK Settlement Agreement was reached.  Since the Commonwealth was not party to the GSK Settlement Agreement and did not agree to the provision of paragraph 22 allowing TPPs or ISHPs to claim from consumer funds, the Commonwealth hereby objects to such provision in the GSK Settlement Agreement and would ask the Court to reject the same as part of its final approval of the GSK settlement.

In accordance with its duties under Local Rule 7.1, prior to settling with GSK, counsel for the Commonwealth conferred with GSK's counsel respecting its objection to the involvement of TPPs and ISHPs in the Consumer Settlement Pool mediation, and garnered the consent of GSK to the Commonwealth filing the instant Statement of Position objecting to such provision.

---

[3]  The Commonwealth is prepared to utilize any funding recovered out of the Consumer Settlement Pool to finance a drug benefit program that would satisfy or defray the costs of GSK drugs to needy Pennsylvania consumers.  Pennsylvania set up a similar program with the proceeds of the settlement of its *parens patriae* claims with TAP Pharmaceuticals for its drug, Lupron.

[4]  Among other things, this Court found that TPPs (including ISHPs) were barred by the statute of limitations from claiming injury prior to 1998.  *See* Findings of Fact and Conclusions of Law dated June 21, 2007 at pp. 6, 178.  Such an adverse finding has not been made as to the Commonwealth (or any other State Plaintiff for that matter).

(Indeed, GSK pointed out its ostensible agreement with such position in the body of the GSK Settlement Agreement wherein it stated: *It is GSK's position that, in such a mediation, the MDL Mediator should not award any unclaimed funds from the Net Consumer Settlement Pool to the TPPs or the ISHPs."* GSK Settlement Agreement, paragraph 22(b)(vii)b (emphasis supplied) (excerpt attached hereto at Exhibit "A").

For these reasons, the Commonwealth of Pennsylvania respectfully submits that no TPP or ISHP should be permitted to share in any portion of the unclaimed funds of the Consumer Settlement Pool, and they should be barred by this Court from participating in the mediation. The Commonwealth of Pennsylvania otherwise agrees with to the terms of the GSK Settlement.

Respectfully submitted,

Date:   June 29, 2007

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Michael J. Lorusso, Esquire
THE HAVILAND LAW FIRM, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

James A. Donahue, III
Chief Deputy Attorney General, Antitrust Section
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Facsimile: (717) 787-1190