# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## MEMORANDUM IN SUPPORT OF THE HAVILAND LAW FIRM, LLC'S PETITION FOR AN AWARD OF ATTORNEY FEES AND EXPENSES OUT OF THE PROCEEDS OF THE GLAXOSMITHKLINE SETTLEMENT

I.    **INTRODUCTION**

The Haviland Law Firm, LLC ("HLF") hereby petitions the Court and submits this

Memorandum of Law in Support of Its Petition for An Award of Attorneys Fees and Expenses

Out of the Proceeds of the GlaxoSmithKline Settlement.   The filing of this separate Petition is

occasioned by the unilateral decision of other Co-Lead Counsel to arbitrarily cut off the time

frame for reimbursement of attorney's fees and expenses incurred in the prosecution of the case

against GlaxoSmithKline ("GSK") as of the date of the submission of the Motion for Preliminary

Approval of the GSK Settlement: **August 10, 1006.**  Such decision - which was never discussed

with or agreed to by either the Class 1 named representative plaintiff, the Reverend Aaronson,[1] or

HLF - inexplicably prevents HLF from recovering any fee or expenses out of the proceeds of the

GSK settlement, since HLF did not begin operations until September 2006.[2]  *See* Haviland Decl.

As the Court can see from the discussion below, and in the Haviland Declaration and exhibits

thereto submitted in support of this Petition, HLF expended attorney time and incurred expenses

in the continuing prosecution and windup of the class cases pending against GSK as contemplated

under the MDL settlement up until the time this Court granted the Motion for Preliminary

Approval on November 15, 2006.  Because much work needed to be done prior to the entry of the

---

[1] *See, e.g, Graves v. R.M. Packer Co., Inc.*,  45 Mass.App.Ct. 760, 771, 702 N.E.2d 21, 29
(Mass.App.Ct.,1997)(" The award of fees under c. 93A belongs to the prevailing party, not the
attorney, see G.L. c. 93A, § 9(4); *Smith v. Consalvo*, 37 Mass.App.Ct. 192, 195, 638 N.E.2d 501
(1994) (parenthetical omitted), and the c. 93A award does not impose a ceiling on what the client
is obliged to pay his attorney; that obligation is defined in the contingent fee agreement between
the client and the attorney, subject to the client's right to receive the c. 93A award.")

[2] *See* Declaration of Donald E. Haviland, Jr. In Support of The Haviland Law Firm,
LLC's Petition for Attorneys' Fees and Reimbursement of Expenses In Relation to Settlement
With GlaxoSmithKline ("Haviland Declaration"), ¶¶ 1, 4.

Preliminary Approval Order specifically concerning GSK, at a minimum, such time should be reimbursed out of the GSK settlement.[3]

## II.   BACKGROUND

### A.   HLF's Involvement on Behalf of Class 1 Consumers.

In the fall of 2005, HLF's current clients were asked by existing Class Counsel to intervene in the pending class case to assume the role as the named class representatives of the Class 1 class of Medicare Part B beneficiaries.  Haviland Declaration, ¶ 3.  As part of that engagement, the undersigned was asked to become one of the Co-Lead Counsel to act as fiduciary on behalf of, and to serve the interests of, the Class that this Court ultimately certified in its January 2006 class certification order.  *Id.* at ¶ 4.  The undersigned agreed to enter the case in such capacity and, after the formation of HLF in the Fall of 2006, HLF assumed the role of "Co-Lead Counsel" for the Class in this case with the full support of the existing Co-Lead Counsel.  *Id.*

The Haviland Law Firm, LLC was newly formed in 2006 and began its first day of operations on September 8, 2006.  *Id.* at ¶¶ 1, 4.  Because of the firm's pivotal role in the MDL Class case through its representation of 8 of the 9 consumer representatives of Class 1,[4] the firm

---

[3] Despite the fact that Class Counsel also expended considerable time in the wake of the filing of the Motion for Preliminary Approval in the advancement of the GSK litigation and settlement, including preparing for and attending the hearing on the Motion held on September 12, 2006, they appear to have abandoned any request for fees or reimbursement of expenses incurred after August 10, 2006.

[4] HLF is counsel of record for the Class 1 named representative plaintiffs, David Aaronson, individually and on behalf of the Estate of Sue Ruth Aaronson, Joyce Howe, individually and on behalf of Robert Howe, Theresa Sheply, individually and on behalf of the Estate of James Shepley, Larry Young, individually and on behalf of the Estate of Patricia Young, Harold Carter, Hunter G. Walters, Sr., Roger Clark on behalf of the Estate of David Clark, and Harold R. Bean.  Haviland Declaration, ¶3.

immediately became involved in matters pertaining to the GSK litigation and settlement, its approval by the Court, its administration and its further consummation through satisfying additional conditions precedent built into the terms of the settlement.

As counsel for the plaintiffs, HLF firm performed services on this matter which benefitted the Class, including, but not limited to, conducting factual and legal research, drafting pleadings, conducting discovery, and corresponding with and conducting meetings with the clients and co-counsel. *See generally*, Haviland Declaration ¶¶ 6-12.

> **B.     The GSK Settlement and HLF's Role in the Same.**

On August 10, 2006, Class Counsel filed a Motion for Preliminary Approval of Settlement with GlaxoSmithKline.  The Court set a hearing on preliminary approval for September 12, 2006 to consider the Motion.

In preparation for the hearing, HLF reviewed the settlement papers and met with counsel for GSK and other Class Counsel.  HLF attended the hearing, and afterwards, HLF met with GSK's counsel to discuss issues pertaining to the two class action cases pending in state court that required the negotiation of further settlements in order for all cases to be dismissed as part of the MDL settlement.  Such negotiations and further agreements were required of HLF under the explicit terms of the GSK Settlement Agreement.  Specifically, paragraph 26 of the GSK Settlement Agreement provided:

> Settlement of Additional Matters. GSK will separately negotiate an agreement concerning the stay and dismissal of the claims against GSK in the case entitled *Swanston v. TAP Pharmaceutical Products, Inc*., NO. CV 2002-004988 (Super. Ct. Ariz.), a class action originally filed in state court in Arizona ("*Swanston*") as well as the case entitled *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et al.*, No. C-193-03 (Super. Ct. N.J.) A class action originally filed in state court in New Jersey ("*International Union*").

Counsel for the Class Plaintiffs signing this GSK MDL Class Agreement include the firm of Kline & Specter, P.C., who are also counsel for the plaintiffs in *Swanston* and *International Union*. Resolution of the *Swanston* and *International Union* matters will be subject to separate settlement agreements without payment of additional monetary or other consideration by any GSK Defendant for any purpose whatsoever. The parties' obligations under this Agreement are not contingent upon the consummation of separate settlement agreements in the *Swanston* and *International Union* matters.

The Court will recall that, at the preliminary approval hearing, several questions were raised about the settlement and issues pertaining thereto which required follow up work and submission to the Court.  It was only after this work was completed and these submission were made that the Court granted preliminary approval of the GSK settlement by Order dated November 15, 2006.

In the aftermath of the preliminary approval hearing, HLF worked closely with GSK's counsel to negotiate mutually agreeable "separate settlement agreements" which ensured that both the consumer class representative in Arizona and the TPP class representative in New Jersey would support the MDL settlement.[5]  HLF spent hours communicating with GSK counsel on the phone, via email and in person regarding the state court cases and the settlement thereof.  *See* Haviland Declaration ¶¶7-8.  For instance, immediately after the preliminary approval hearing was held, GSK's counsel required that stipulated stays be entered in both cases to save GSK the costs of continued prosecution of these cases during the pendency of the settlement approval process in this Court and the negotiation of the companion settlements in both state courts.  While this work

---

[5] Because both class cases were to be subsumed by the proposed nationwide settlement class in MDL-1456, garnering the consent of these representative plaintiffs settlements with GSK was critical to ensuring that these plaintiffs would not interpose objections to the final approval of the GSK settlement.

was not considerable, it was necessary to the overall settlement effort as it assured GSK that all

existing consumer class action cases against it would be resolved by its agreement in the MDL.

### C.    The Haviland Law Firm, LLC's Application for an Award of Attorney Fees and Reimbursement of Expenses.

The Haviland Law Firm, LLC ("HLF") represents eight (8) of the nine (9) named

representative plaintiffs for Class 1 in both Tracks 1 and 2, including the Aaronsons who are the

lone Class representatives for the Class 2 GSK Settlement Sub-Class.  Five (5) of the eight (8)

clients of HLF already have been certified as representatives of the Class 1 litigation Sub-Classes

against Track 1 Defendants, AstraZeneca, BMS, and J&J.  The remaining 3 clients of HLF have

been proffered by Class Counsel as the lone representatives of the Class 1 Sub-Class against the

Track 2 Defendants.[6]  *See* Order Granting Preliminary Approval of the GlaxoSmithKline

Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class and

Scheduling Fairness Hearing. (Dkt. No. 3401.)  Though the Court established the original

organization of certain plaintiffs' firms as the Lead Counsel Committee and appointed several

members as Chairs of the Lead Counsel Committee on behalf of Plaintiffs, several of the original

Chairs ceased to act in that capacity.  Indeed, one such firm, Heins, Mills & Olsen, P.L.C.

("HMO") has represented to this Court that, "after several divergences of opinion developed

between HMO and certain other members of Plaintiffs' Lead Counsel Committee concerning case

strategy and management issues, and remained unresolved despite attempts to reconcile those

differences, HMO continued to participate in the prosecution of this case by performing certain

---

[6] One client of HLF, Harold Bean, has standing to represent the Class 1 Medicare
Beneficiary Class against Schering, but, to date, Class Counsel have not presented him to the
Court for such appointment.

tasks at the request of other members of the Lead Counsel Committee." Since HLF assumed the role of Co-Lead Counsel in September 2006, it has incurred substantial attorney time [detailed in the Haviland Declaration] in the service of the Class and has only recently come to understand and appreciate HMO's professed inability to reconcile its differences with "certain other members of Plaintiffs' Lead Counsel Committee concerning case strategy and management issues." HMO Fee Petition, p.2.

III.    **ARGUMENT**

Since the legal standards the Court award of attorney's fees have been amply covered by the filings of Class Counsel and HMO, HLF will not burden the Court with any further exposition of the same. Instead, the balance of this brief will address the reasons why a specific award of attorney's fees and costs should be made to HLF for its time spent in the direct pursuit of the litigation and settlement with GSK, and why the arbitrary cutoff imposed of August 10, 2006 imposed by Class Counsel should be rejected.

A.    **HLF Supports the Award of Attorneys' Fees and Costs to Plaintiff's Counsel.**

HLF supports the request for attorney fees submitted by Class Plaintiffs in the amount of 33% of the $65.5 million GSK settlement amount, and for reimbursement of expenses. HLF has provided the Court with a Declaration in support of the instant fee petition, detailing HLF's attorney fees and expenses specifically incurred in the prosecution and settlement of the GSK case. Because Class Counsel defined the time period for recovery of fees and costs arbitrarily as ending on August 10, 2006, the date they *submitted* the Motion for Preliminary Approval, HLF

submits that the cutoff date – if there is to be one[7] – should extend at least to the date that the Court *granted* the same Motion.  HLF thus seeks recovery of its attorney fees and expenses specifically incurred in the GSK case from any award approved by this Court pursuant to Class Plaintiffs' petition for attorney fees and expenses.

### B.   HLF's Attorney Time and Expenses Incurred in the Prosecution of this Case, and Particularly the Case Against GSK, Are Reasonable and Should be Recompensed.

After HLF joined the case as individual counsel to the named representative plaintiffs of Class 1 and as Co-Lead Counsel for the Class, the firm devoted significant time and resources to working with its clients on the case and prosecuting the overall litigation on behalf of the Classes. HLF's time spent and expenses incurred which benefit the Classes are detailed in the Haviland Declaration filed herewith.  All of HLF's activities in prosecuting this case were undertaken in cooperation and coordination with, and with the approval of, Co-Lead Counsel.

Unlike any other request presently before the Court, HLF's fee and expense request has been narrowly tailored to seek only these fees directly attributable to the prosecution of the case against GSK and the consummation and administration of the resultant settlement with GSK.  As a result, HLF's request is eminently fair and reasonable in light of established fee award considerations and the overall size of the award requested.

---

[7] HLF notes that the cutoff date suggested in the GSK case is strange given that, ordinarily when class litigation settles, a protracted process begins in presenting and administering the settlement that requires substantial resources on the part of the lawyers to complete.  The same is certainly true in the case of GSK, as evidenced by the Haviland Declaration and exhibits thereto.

HLF undertook the representation for the benefit of Plaintiffs and the Classes without ever having any assurance that fees would be awarded to HLF.  Nevertheless, HLF assumed all risks and devoted substantial resources in terms of attorney time and expenses to the litigation effort.

For these reasons, The Haviland Law Firm, LLC respectfully requests that its Petition for an award of fees and expenses be granted.

Respectfully submitted,


Date:   June 29, 2007                      /s/ Donald E. Haviland, Jr.
                                           Donald E. Haviland, Jr., Esquire
                                           THE HAVILAND LAW FIRM
                                           740 South Third Street
                                           Third Floor
                                           Philadelphia, PA 19147
                                           Telephone: (215) 609-4661
                                           Facsimile: (215) 392-4400
                                           haviland@havilandlaw.com

                                           COUNSEL FOR REVEREND DAVID AARONSON
                                           AND CO-LEAD COUNSEL FOR THE CLASS

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on June 29, 2007, I electronically filed the foregoing Memorandum in Support of The Haviland Law Firm, LLC's Petition for An Award of Attorney Fees and Expenses Out of the Proceeds of the GlaxoSmithKline Settlement with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to the following registered person(s) and that those person(s) not registered with CM/ECF system were served by U.S. mail.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
THE HAVILAND LAW FIRM
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400
haviland@havilandlaw.com

COUNSEL FOR REVEREND DAVID AARONSON
AND CO-LEAD COUNSEL FOR THE CLASS

10