### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### DECLARATION OF DONALD E. HAVILAND, JR., IN SUPPORT OF THE HAVILAND LAW FIRM, LLC'S PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES IN RELATION TO SETTLEMENT WITH GLAXOSMITHKLINE

I, Donald E. Haviland, Jr., being duly sworn, depose and say:

1. I am the managing partner of the Haviland Law Firm, LLC ("HLF"), one of the Co-Lead Counsel for plaintiffs in this matter. The firm began serving its clients in this case on September 8, 2006. I am submitting this Declaration in support of HLF's Petition for Attorneys' Fees and Reimbursement of Expenses provided in connection with the services rendered to Plaintiffs and the Class by my firm in the course of this litigation.

2. I am an attorney in good standing and duly licensed and admitted to the Bars of Pennsylvania and New Jersey. I have been admitted *pro hac vice* to practice in this Court for purposes of this case. The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open court if called upon to do so.

3. This firm is counsel of record for the Class 1 named representative plaintiffs, David Aaronson, individually and on behalf of the Estate of Sue Ruth Aaronson, Joyce Howe, individually and on behalf of the Estate of Robert Howe, Theresa Sheply, individually and on

behalf of the Estate of James Shepley, Larry Young, individually and on behalf of the Estate of Patricia Young, Harold Carter, Hunter G. Walters, Sr., Roger Clark on behalf of the Estate of David Clark, and Harold R. Bean.  In the fall of 2005, this firm's clients were asked by existing Class Counsel to intervene in the pending class case to assume the role as the named class representatives of the Class 1 class of Medicare Part B beneficiaries.

4. As part of that engagement, the undersigned was asked to become one of the Co-Lead Counsel to act as fiduciary on behalf of, and to serve the interests of, the Class that this Court ultimately certified in its January 2006 class certification order.  The undersigned agreed to enter the case in such capacity and, after the formation of HLF in the Fall of 2006, HLF assumed the role of "Co-Lead Counsel" for the Class in this case with the full support of the existing Co-Lead Counsel.

6. As counsel for the plaintiffs, my firm performed services on this matter which benefitted the Class, including, but not limited to, conducting factual and legal research, drafting pleadings, conducting discovery, and corresponding with and conducting meetings with the clients and co-counsel.

7. I attach, as Exhibit A hereto (filed under seal), a detailed summary indicating the amount of time spent by each attorney and paralegal of my firm who worked on this litigation, *specifically as to the GSK litigation and settlement*, and the lodestar calculation based on my firm's historical billing rates (the rates for each timekeeper that were in effect during this litigation, and when the work was performed).  The schedule was prepared from computerized records that were contemporaneously generated and kept by my firm in the ordinary course of business.  Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar.

8. From the beginning of the firm's work in the case through November 22, 2006 – the date this Court entered its Order preliminarily approving the settlement – my firm expended a total of 20.25 hours on behalf of the plaintiffs and the Class. The total lodestar amount for these hours based on my firm's historical hourly billing rates is $10,935.00. The hourly rates set out in Exhibit 1 are the same rates that my firm charged, and collected from, its hourly clients paying for services on a non-contingent basis and on which we have received fee awards from other courts.

9. In addition, my firm expended a total of $973.92 in expenses in connection with the prosecution of this litigation *specifically as to GSK*. None of these expenses have been reimbursed to date.

10. My firm recorded these expenses as they were incurred, and they are reflected in its computerized bookkeeping records which were created from invoices, receipts and other proofs of charges and payments.

11. Thus, for the litigation *against GSK only*, the total historical lodestar of my firm is $10,935.00 and we incurred expenses of $973.72.

12. While my firm expended hundreds of thousands of dollars in attorney time and expenses in the overall prosecution of the case against all defendants for which reimbursement is being sought generally, at a minimum, the time and expenses incurred in the advancement of the case directly against GSK should be awarded by the Court out of the proceeds of the GSK settlement.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed this 29th day of June, 2007

                              By:   /s/ Donald E. Haviland, Jr.
                                     Donald E. Haviland, Jr.
                                     The Haviland Law Firm, LLC
                                     740 South Third Street
                                     Third Floor
                                     Philadelphia, PA 19147
                                     Telephone: (215) 609-4661
                                     Facsimile: (215) 392-4400

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on June 29, 2007, I electronically filed the foregoing Declaration of Donald E. Haviland, Jr., in Support of the Haviland Law Firm, LLC's Petition for Attorneys' Fees and Reimbursement of Expenses in Relation to Settlement with GlaxoSmithKline with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to the all registered person(s) and that those person(s) not registered with CM/ECF system were served by U.S. mail.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
THE HAVILAND LAW FIRM
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400
haviland@havilandlaw.com