- 1 -

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br>**TRACK 1 CLASS 2/3 TRIAL** | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF CLASS 2/3 DAMAGES RULING

The Court's June 21, 2007 Findings of Fact and Conclusions of Law stemming from the Class 2 and 3 trial held against the Track 1 Defendants (the "Trial Ruling") recognizes that the Class Period ends in 2003 when Congress passed the Medicare statute setting new reimbursement benchmarks. "Thus," the Court concludes, "Classes 2 and 3 will include payments from December 1997 to December 2003." Trial Ruling at 6; *see also id*. at 34-35 (discussing the Medicare Modernization Act effective date of December 8, 2003 and noting that the "class period ends the day the MMA went into effect.").

Nonetheless, the Court declined to award damages for 2003 for AstraZeneca's Zoladex and for the BMS drugs because Plaintiffs' expert, Dr. Raymond Hartman, used "trends" from 1998-2002 to estimate damages for 2003 for these drugs. The Court explained more expressly: "He does not provide any figure for the actual ASP or corresponding spread in 2003, so I decline to find liability in that year. Dr. Hartman also uses this 'trend' approach to find liability and

- 1 -

calculate 2003 damages for many other drugs at trial. I similarly decline to find liability in 2003 without actual evidence of the ASP and spread." Trial Ruling at 164 n.83.

Dr. Hartman was required to perform the trend analysis for 2003 for these drugs because both AstraZeneca and BMS refused to provide the transaction data necessary for Dr. Hartman to perform the precise analysis for 2003 that he did for earlier years. As the Court may recall, on January 30, 2006, the Court issued its order certifying the classes against the Track 1 Defendants and ruling that the Class Period extended to January 1, 2005 for Classes 1 and 2, and "to the present" for Class 3. Jan. 30, 2006 Consolidated Order Re: Motion for Class Certification at 7 (Dkt. No. 2097). This ruling was released *after* the close of fact discovery. During discovery Defendants had taken the position that, if a class was certified, the Class Period would end as of the date of the complaint (2001) or, alternatively, the date of the class certification motion. Defendants AstraZeneca and BMS used this argument as the basis for refusing to produce data for 2003 (although, notably, Defendant Schering-Plough did produce transaction data through 2003).

In light of AstraZeneca's and BMS's refusal to produce the transaction data for 2003, Dr. Hartman employed a reliable trend analysis to estimate data in order to compute damages for 2003, the last year of the Class Period as redefined by the Court in the Trial Ruling. Given these circumstances, Plaintiffs move the Court to (i) reconsider that portion of its Trial Ruling refusing to award damages for 2003 and (ii) accept Dr. Hartman's reliable trend analysis for this purpose.

In the alternative, Plaintiffs request reconsideration and ask that the Court order AstraZeneca and BMS to promptly produce transaction data for 2003. Under this alternative scenario, Plaintiffs also request that the Court then consider substitute damage calculations for 2003 in connection with the damages hearing that the Court has set for August 9, 2007. This

- 3 -

would be a quick and simple process, permitting Dr. Hartman to substitute for the trend analysis the analysis that Plaintiffs were unable to previously provide due to lack of precise data. This process would not burden these Defendants, who are already engaged in damages calculations for Class 2 in response to the Court's Trial Ruling, including, presumably, the collection of market share data based on units sold. The data needed for Dr. Hartman to perform the damages calculation for 2003 using the methodology employed for previous years is readily available to Defendants and should be produced immediately. The Court has already determined the damages methodology to be employed, so it would just be a simple matter of "plug and play," that is, inputting the data into the model.

Plaintiffs respectfully submit that either of these two alternatives is fairer than depriving the class members of recovery for damages sustained as a result of inflated AWP-based payments in 2003. The Classes should not be penalized for Defendants' failure to produce data that is literally "at their fingertips."

DATED:  July 5, 2007

By   /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on July 5, 2007, I caused copies of **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF CLASS 2/3 DAMAGES RULING** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    /s/ Steve W. Berman
Steve W. Berman