UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Chief Mag. Judge Marianne B. Bowler |

### DEFENDANTS ASTRAZENECA AND BMS'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF CLASS 2/3 DAMAGES

During the discovery phase of this case, plaintiffs served numerous document requests on AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp. ("BMS"). In response, AstraZeneca and BMS produced millions of pages of documents and data, and they also filed timely objections to some of plaintiffs' requests, including a request for data relating to the period subsequent to 2002. Plaintiffs decided not to move against that objection.

For their own reasons (perhaps because they thought it would produce a higher number), plaintiffs decided to have their expert, Dr. Raymond Hartman, determine liability and damages for 2003 by extrapolating from data for prior years. The Court has carefully considered Dr. Hartman's analysis for 2003 and ruled that it is deficient. In re Pharm. Indus. Average Wholesale Price Litig., Civ.A.01-12257-PBS, 2007 WL 1774644, at *67 n.83 (D. Mass. June 21, 2007). Now, after discovery and trial are complete and the results are in, plaintiffs are seeking a "do over."

Argument

PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THE
COURT OVERLOOKED OR MISAPPREHENDED ANY FACT.

A motion for reconsideration is "an extraordinary remedy" that should not be granted "[u]nless the court has misapprehended some material fact or point of law . . . ." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Id.  "[A] motion for reconsideration does not mean the parties get a 'do over.'"  Metropolitan Opera Ass'n v. Local 100, No. 00 Civ. 3613(LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).

Plaintiffs do not argue that the Court misapplied the law.  Nor do plaintiffs suggest that the 2003 data was "newly discovered" in any way.  Rather, they wish to have another opportunity to litigate the issue because the Court found their proof to be inadequate. That is not a proper basis for granting a motion for reconsideration.[1]

At the end of any trial, there may be many things that the parties -- in retrospect -- wish they had done differently.  The narrow and strict requirements for a motion for reconsideration are designed to (1) avoid transforming decisions into advisory opinions; (2) require the parties to operate within the safeguards of the rules; (3) narrow the circumstances in which motions for reconsideration are entertained; and (4) give the Court the ability to move on to other parties and issues.  Colon v. Wyeth Pharms. Co., No. Civ. 03-2327 DRD, 2006 WL 508094, at *3 (D.P.R. Mar. 1, 2006).  If those requirements are relaxed for any party or issue, then they must be relaxed for all parties and issues.

---

[1] To the extent there are errors of law or facts, these issues are properly raised on appeal and not through a motion for reconsideration.

Plaintiffs stress that the classes should not be "penalized" for defendants' alleged "failure" to produce 2003 data during discovery, but there was no failure on the part of defendants; defendants interposed an objection and plaintiffs failed to seek a ruling from the Court. Defendants' objection -- which was designed to establish a post complaint discovery period cut-off -- was entirely legitimate. The Class 2 and 3 plaintiffs, who include large insurance companies, simply made a strategic decision that this data was not worth pursuing at the time.[2]

They should not be permitted to change their minds now.

### Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration should be denied.

Dated:  July 9, 2007

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: _/s/ Steven M. Edwards_____
    Steven M. Edwards
    Lyndon M. Tretter
875 Third Avenue
New York, New York 10022
(212) 918-3000

Thomas E. Dwyer Jr. (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000
tdwyer@dwyercollora.com
jryan@dwyercollora.com

*Attorneys for Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp.*

---

[2] The consumers in Class 1 are not affected by plaintiffs' failure to pursue data post-2002. Both AstraZeneca and BMS have agreed to settle the Class 1 claims under terms that provide for recovery through 2004.

Nicholas C. Theodorou (BBO # 496730)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110
ntheodorou@foleyhoag.com
kschmeckpeper@foleyhoag.com

D. Scott Wise
Michael Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

      I, Hoa T.T. Hoang, certify that a true and correct copy of the Defendants AstraZeneca and BMS's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Reconsideration of Class 2/3 Damages was served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 on July 9, 2007, by sending a copy to LexisNexis for posting and notification to all parties.

                                                         /s/ Hoa T.T. Hoang
                                                         Hoa T.T. Hoang