# ATTACHMENT 1

Not For Publication

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
UNITED STATES OF AMERICA, ex rel.               :
LARRY KAPLAN,                                   :         00 Civ. 3010 (ERK) (JMA)
                                                :
        Plaintiff,                              :         **ORDER**
    v.                                          :
                                                :
METROPOLITAN AMBULANCE & FIRST-AID CORP.        :
(now known as SEZ METRO CORP.), METRO NORTH     :
AMBULANCE CORP. (now known as SEZ NORTH         :
CORP.), BIG APPLE AMBULANCE SERVICE, INC.       :
(formerly d/b/a UNITED AMBULANCE), and STEVEN   :
ZAKHEIM,                                        :
                                                :
        Defendants.                             :
------------------------------------------------------------------------ X

KORMAN, J.

The defendants' motion to dismiss the qui tam plaintiff for lack of subject matter jurisdiction and Zakheim's motion for summary judgment are denied for the reasons stated on the record at the hearing held on June 29, 2007. Zakheim's motion for summary judgment is denied without prejudice to renewal following the completion of discovery.

I also deny the defendants' motion for partial summary judgment to dismiss claims based on the statute of limitations. I am inclined to agree that the complaint of the United States may relate back to the relator's complaint under Rule 15(c)(1). See U.S. Memo. in Opp'n to Defs.' Mot. for Partial Summ. J. to Dismiss Claims Barred by the Statute of Limitations at 20-28. The Second Circuit left open this possibility in United States v. Baylor University Medical Center, 469 F.3d 263, 270 (2d Cir. 2006), and this result is consistent with the language of the Supreme Court in Rockwell Int'l Corp. v. United States ex rel. Stone, __ U.S. __, 127 S. Ct. 1397, 1411 (2007) ("[C]ommon sense suggests . . . that an action originally brought by a private person, which the Attorney General

has joined, becomes an action brought by the Attorney General once the private person has been determined to lack the jurisdictional prerequisites for suit."). Nevertheless, I need not resolve this issue or the issue of when the reverse false claims accrued for statute limitations purposes under United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1158 (2d Cir. 1993). Unlike Rockwell, there is jurisdiction over the relator's undisputably timely complaint. Accordingly, even if I were to decide that some of the claims of the United States are time barred, the relator would nevertheless be entitled to prosecute those claims.

In Friedman v. New York City Administration for Children's Services, No. 04 Civ. 3077, 2005 WL 2436219 (E.D.N.Y. Sept. 30, 2005), I observed that:

> If one of a number of integrally related causes of action have to be tried, it makes little sense to grant a motion to dismiss as to one or more of them, as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted. As observed by Judge Clark in an analogous context: "[T]here seems no question that in the long run fragmentary disposal of what is essentially one matter is unfortunate not merely for the waste of time and expense caused the parties and the courts, but because of the mischance of differing dispositions of what is essentially a single controlling issue." Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621, 625 (2d Cir. 1943).

Id. at *9.

In sum, each of defendants' motions are denied.

SO ORDERED.

Brooklyn, New York
July 3, 2007

*Edward R. Korman*
Edward R. Korman
United States District Judge

2