UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No: 01-12257-PBS |

**NON-PARTY CARDINAL HEALTH'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PROTECT CONFIDENTIAL PROPRIETARY COMMERCIAL INFORMATION**

Non-party Cardinal Health ("Cardinal") hereby moves this court to require that Exhibit B of Plaintiffs', the City of New York and the Consolidated New York Counties, First Amended Consolidated Complaint be filed under seal pursuant to the terms of the protective orders in place to protect the interests of non-parties. Certain Confidential and Highly Confidential information is contained in Plaintiffs' Exhibit B, and Cardinal respectfully requests that this Court enforce the provisions of the protective orders to protect against the disclosure of the Cardinal information contained therein.[1]

**BACKGROUND**

**I.   CARDINAL'S PRICING INFORMATION ENJOYS THE PROTECTIONS OF THIS COURT'S THIRD PARTY PROTECTIVE ORDER**

Cardinal's proprietary pricing information, currently included in Exhibit B of Plaintiffs' Amended complaint, is subject to and enjoys the protection of the protective orders entered by the Court in this consolidated matter and must be filed under seal. Specifically, the Court has entered two protective orders addressing third party information. On December 13, 2002, the Court entered the first of these orders pertaining to any and all documents containing proprietary

---

[1] Counsel for Cardinal Health advised Plaintiffs' counsel, the Wexler Firm, and a representative firm, Hogan & Hartson, for Defense counsel of its intention to file the instant motion for relief. Neither Plaintiffs nor Defendants have indicated any intention to object to Cardinal's Motion.

or commercially sensitive information, personal financial information or any other information otherwise subject to treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure. *See* Protective Order of December 13, 2002 (MDL 276) ("2002 Order") attached hereto as Exhibit 1 and incorporated herein by reference. This Order was amended on March 24, 2005 to extend explicitly its protections to third-parties producing documents. The amended order required that third-parties producing documents designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" where appropriate and applied retrospectively. *See* March 24, 2005 Order Amending the December 13, 2002 Protective Order (MDL 1469) ("2005 Amended Order") at ¶¶ 1-2 attached hereto as Exhibit 2 and incorporated herein by reference. The 2002 Order and the 2005 Amended Order limit the disclosure of designated confidential information to the Court, parties, and individuals associated with the parties such as experts, consultants, litigation support, and witnesses.

Cardinal was served with subpoenas by plaintiffs on May 5, 2004, July 9, 2004, July 30, 2004 and on May 25, 2007. Additionally, Cardinal was served with subpoenas by defendants on August 23, 2004 and on October 1, 2004. Relying on the protections afforded by the 2002 Order and 2005 Amended Order, Cardinal appropriately designated documents and sensitive drug pricing data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and produced the information pursuant to the negotiated terms of the subpoenas.

## II. PLAINTIFFS' ATTEMPT TO FILE EXHIBIT B OF THE FIRST AMENDED CONSOLIDATED COMPLAINT UNDER SEAL WAS CONSISTENT WITH THE COURT'S PROTECTIVE ORDER

Plaintiffs, the City of New York and the various New York Counties ("the Consolidated New York County Plaintiffs"), sought leave to file their First Amended Consolidated Complaint with several exhibits on June 8, 2007. One of these exhibits, Exhibit B, contained information

designated "CONFIDENTIAL" or HIGHLY CONFIDENTIAL" by Cardinal. The exhibit set forth the Actual Acquisition Cost (AAC) of products to the relevant class of trade and the source of the AAC. The Cardinal price data incorporated into this Exhibit covers an extensive time period beginning July 1, 1993 and ending with information as recent as December 31, 2004.

The Plaintiffs moved to file Exhibit B under seal. In support of their Motion, Plaintiffs stated, "Exhibit B to the First Amended Consolidated Complaint contains proprietary pricing information from documents and data produced by third parties and marked 'Highly Confidential' and 'Confidential' pursuant to the terms of the 2002 Order. The 2002 Order requires that Exhibit B be filed under seal as a result." This Court denied the motion on June 12, 2007. Counsel for the Consolidated New York County Plaintiffs notified counsel for Cardinal of the entry of the Court's Order to allow Cardinal to seek protection from the Court for its confidential price information.

## ARGUMENT

### I. CARDINAL'S PROPRIETARY COMMERCIAL DATA IS COVERED BY THE EXISTING PROTECTIVE ORDER AND SHOULD BE FILED UNDER SEAL

Cardinal relied on the terms of the protective orders in producing confidential, proprietary commercial information to the parties in response to the various subpoenas served in this matter. Exhibit B to the First Amended Consolidated Complaint contains information that Cardinal previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to those orders. No party objected to Cardinal's designations. The 2002 Order permit a party to file documents containing confidential information under seal. *See* 2002 Order at ¶ 4(i) and at ¶ 15.. Accordingly, Plaintiffs correctly attempted to file their Exhibit B under seal.

The 2002 Protective Order states specifically as follows:

> The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

*See* Ex. 1, 2002 Order, at ¶ 5.

> The designation "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (collectively referred to herein as "HIGHLY CONFIDENTIAL") shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.

*See* Ex. 1, 2002 Order, at ¶ 3.

With respect to the process by which the parties to this litigation may make use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the court set forth the following process in its Protective Order:

> Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL –Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL – Filed Under Seal Pursuant to Court Order" and bear the caption of the AWP Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated."

*See* Ex. 1, 2002 Order at ¶ 15.

As reflected in the Affidavit of Jeffrey Bennett, General Counsel of Cardinal's Health Care Supply Chain Services-Pharmaceutical business unit, Cardinal carefully guards the confidentiality of its pricing information against disclosure to, among others, competitors. *See* Affidavit of Jeffrey Bennett ("Bennett Affidavit"), attached hereto as Exhibit 3 and incorporated herein by reference. If the Court does not permit the sealed filing of Exhibit B, Cardinal's

proprietary data will be exposed causing commercial harm to an innocent third party. *See* Ex. 3, Bennett Affidavit, at ¶ 3. Exhibit B contains both commercially sensitive and proprietary data regarding acquisition costs of a large portion of Cardinal's inventory of products that it, in turn, sells to retail pharmacies among others. *See* Ex. 3, Bennett Affidavit, at ¶ 3. Cardinal operates in an extremely competitive marketplace that includes other large pharmaceutical product wholesalers. *See* Ex. 3, Bennett Affidavit, at ¶ 4. Cardinal carefully maintains the confidentiality of its price information and consistently takes steps to prevent its disclosure to outside entities, particularly competitors who could gain a business advantage through an understanding of Cardinal's purchase and sale patterns. *See* Ex. 3, Bennett Affidavit, at ¶ 5.

Protective orders under Rule 26(c)(7) are designed to protect such information. *See Ares-Serono, Inc. v. Organon Int'l B.V.*, 151 F.R.D. 215, 219 (D. Mass. 1993) ("[T]his court is well aware that it must exercise its discretion in order to avoid unnecessary disclosure of trade secrets or other confidential business information"); *GTE Products Corp. v. Gee*, 112 F.R.D. 169 (D. Mass. 1986) (granting protective order where manufacturer stated that the documents contained sensitive business information about companies in direct competition with the defendant distributors, including information about prices and customer identities.) The need to avoid unnecessary disclosure of confidential business information is particularly great where the business information belongs to a non-party to the litigation, such as Cardinal. *See GTE Products Corp.*, 112 F.R.D. at 172 (issuing protective order to limit disclosure of documents to defendants' attorneys where risk of competitive injury to third parties outweighed the defendants' need to access the information when the information would be disclosed to the defendant's attorneys); *cf. Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1210 (stating that in assessing burden of complying with deposition subpoena requiring

production of sales information, court may consider as one factor that burden of compliance falls on non-party.)

Cardinal, at all times, relied on the 2002 Order and 2005 Amended Order and designated its documents containing confidential information. Cardinal made a good-faith determination that the documents contained confidential information such as commercially sensitive information or information protected under Federal Rule of Civil Procedure 26(c)(7). See Ex. 3, Bennett Affidavit, at ¶ 2. Moreover, both Cardinal and the Consolidated New York County Plaintiffs complied with all the procedures set out in the orders related to the use and filing of confidential information. Accordingly, the Court should enforce the terms of the Protective Orders and require that Exhibit B be filed under seal.

## CONCLUSION

No dispute exists as to whether non-party Cardinal designated the information included in Plaintiffs' Exhibit B to the Amended Complaint either as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Pursuant to the Court's Orders, the information should be filed under seal. Neither Plaintiffs nor Defendants have lodged any objection either to Cardinal's designations of confidentiality or to the instant Motion to the Court. For the foregoing reasons, Cardinal respectfully requests that the Court enforce the terms of the existing Protective Orders to safeguard the confidentiality of the Cardinal information contained in Exhibit B.

Respectfully submitted,

CARDINAL HEALTH

By its attorneys,

/s/ Brooks A. Ames
Bruce E. Falby (BBO # 544143)
Brooks Ames (BB0 # 641192)

DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000

OF COUNSEL:

T. Reed Stephens
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005

Telephone:  (202) 756-8129

DATED:  July 11, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2007.

/s/ Brooks A. Ames