# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE   LITIGATION

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Laboratories, Inc., et al.*
S.D.N.Y.  Case No. 04-CV-06054

*County of Albany v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0425

*County of Allegany v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0236

*County of Broome v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0456

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0256

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0423

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0214

*County of Chemung v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6744

*County of Chenango v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0354

*County of Columbia v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0867

*County of Cortland v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0881

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL NO. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

[Caption Continues on Next Page]

## PLAINTIFFS' OMNIBUS MEMORANDUM IN OPPOSITION TO THE
## INDIVIDUAL DEFENDANT'S RENEWED MOTIONS TO DISMISS

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
S.D.N.Y. Case No. 05-CV-6458 )
)
*County of Essex v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0878 )
)
*County of Fulton v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0519 )
)
*County of Genesee v. Abbott Laboratories, Inc., et al.* )
W.D.N.Y. Case No. 05-CV-00267 )
)
*County of Greene v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0474 )
)
*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-00415 )
)
*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0715 )
)
*County of Lewis v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0839 )
)
*County of Madison v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-00714 )
)
*County of Monroe v. Abbott Laboratories, Inc., et al.* )
W.D.N.Y. Case No. 05-CV-6148 )
)
*County of Nassau v. Abbott Laboratories, Inc., et al.* )
E.D.N.Y. Case No. 04-CV-05126 )
)
*County of Niagara v. Abbott Laboratories, Inc., et al.* )
W.D.N.Y. Case No. 05-CV-06296 )
)
*County of Oneida v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0489 )
)
*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
N.D.N.Y. Case No. 05-CV-0088 )
)
*County of Ontario v. Abbott Laboratories, Inc., et al.* )
W.D.N.Y. Case No. 05-CV-6373 )
)
*County of Orleans v. Abbott Laboratories, Inc., et al.* )
W.D.N.Y. Case No. 05-CV-6371 )
)
*County of Putnam v. Abbott Laboratories, Inc., et al.* )
S.D.N.Y. Case No. 05-CV-04740 )

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*                )
N.D.N.Y. Case No. 05-CV-00422                                              )
                                                                           )
*County of Rockland v. Abbott Laboratories, Inc., et al.*                  )
S.D.N.Y. Case No. 03-CV-7055                                               )
                                                                           )
*County of Schuyler v. Abbott Laboratories, Inc., et al.*                  )
W.D.N.Y. Case No. 05-CV-6387                                               )
                                                                           )
*County of Seneca v. Abbott Laboratories, Inc., et al.*                    )
W.D.N.Y. Case No. 05-CV-6370                                               )
                                                                           )
*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*              )
N.D.N.Y. Case No. 05-CV-0479                                               )
                                                                           )
*County of Saratoga v. Abbott Laboratories, Inc., et al.*                  )
N.D.N.Y. Case No. 05-CV-0478                                               )
                                                                           )
*County of Steuben v. Abbott Laboratories, Inc., et al.*                   )
W.D.N.Y. Case No. 05-CV-6223                                               )
                                                                           )
*County of Suffolk v. Abbott Laboratories, Inc., et al.*                   )
E.D.N.Y. Case No. 03-CV-12257                                              )
                                                                           )
*County of Tompkins v. Abbott Laboratories, Inc., et al.*                  )
N.D.N.Y. Case No. 05-CV-0397                                               )
                                                                           )
*County of Ulster v. Abbott Laboratories, Inc., et al.*                    )
N.D.N.Y. Case No. 06-CV-0123                                               )
                                                                           )
*County of Warren v. Abbott Laboratories, Inc., et al.*                    )
N.D.N.Y. Case No. 05-CV-0468                                               )
                                                                           )
*County of Washington v. Abbott Laboratories, Inc., et al.*                )
N.D.N.Y. Case No. 05-CV-0408                                               )
                                                                           )
*County of Wayne v. Abbott Laboratories, Inc., et al.*                     )
W.D.N.Y. Case No. 05-CV-06138                                              )
                                                                           )
*County of Westchester v. Abbott Laboratories, Inc., et al.*               )
S.D.N.Y. Case No. 03-CV-6178                                               )
                                                                           )
*County of Wyoming v. Abbott Laboratories, Inc., et al.*                   )
W.D.N.Y. Case No. 05-CV-6379                                               )
                                                                           )
*County of Yates v. Abbott Laboratories, Inc., et al.*                     )
W.D.N.Y. Case No. 05-CV-06172                                              )

## PRELIMINARY STATEMENT

At the May 16, 2007 Status Conference, the Court stated unequivocally that it wanted only a single brief from defendants in respect of moving to dismiss plaintiffs' First Amended Consolidated Complaint, filed June 8, 2007 ("FACC"). "I am not going to have 50 defendants briefed. It's just going to be a crosscutting brief []." *See* Declaration of Joanne M. Cicala, dated to July 11, 2007 (the "Cicala Dec."), Exhibit C (Transcript of May 16, 2007 Status Conference) at 35.

Inexplicably, nine defendants (Amgen, Boehringer Ingelheim Corp., Barr, Ivax, Endo, Eli Lilly, Pursue, Tap and Wyeth) have completely ignored the Court's clear directive and have filed individual motions to dismiss without even seeking leave to do so. The filings are styled either as motions to "renew" prior individual motions to dismiss plaintiffs' Consolidated Complaint filed June 15, 2005 ("CC") or, in the case of Ivax/Barr, the oddly-titled: "Renewed Motion to Dismiss the [FACC]". Regardless their title, the filings advance arguments already addressed and rejected by this Court in its April 2, 2007 and/or rehearse the identical arguments now made in the Joint Motion to Dismiss the FACC.

Defendants' individual motions -- filed in violation of Court order and without leave -- are improper and should not even be considered. Regardless, the motions fail entirely as plaintiffs explain below.

## AMGEN

Defendant Amgen Inc. ("Amgen") seeks renewal of its individual motion to dismiss to plaintiffs' Consolidated Complaint on the grounds that the same arguments call for dismissal of the FACC. In its original individual motion to dismiss Amgen

1

asserted that: 1) Plaintiffs' use of McKesson ServAll prices was not proper; 2) Amgen so-called physician-administered drugs ("PADs") Epogen, Infergen and Neupogen are reimbursed only based on actual cost; 3) plaintiffs failed to allege spreads for Aranesp and Neulasta; 4) plaintiffs' exhibits include Immunex drugs, not Amgen drugs; 5) plaintiffs do not allege spreads for Epogen, Infergen, Kineret and Ebrel.  Amgen now also argues that: 1) plaintiffs fail to describe their methodology of calculating spreads in their FACC Exhibit B; 2) plaintiffs' spreads are not based on average selling prices; 3) PADs are reimbursed at actual cost; and, 4) plaintiffs fail to set forth new allegations regarding Best Price claims.

All of Amgen's arguments were either addressed in the Court's April 2, 2007 Order and/or are entirely duplicative of the arguments presented in defendants' joint motion to dismiss the FACC.  To that end, and rather than repeat their responses here, plaintiffs respectfully refer the Court to their opposition to defendants joint motion filed contemporaneously herewith addressing the cross-cutting issues properly before the Court pursuant to the Court's directive on May 16, 2007.  In addition, plaintiffs respond in summary fashion below:

(1)   The Court already ruled that the McKesson Servall Prices supported plaintiffs' spread-related claims and that every drug for which plaintiffs alleged a spread greater than the 20-25% markup between WAC and AWP was in the case. *City of New York et al. v. Abbott Labs, Inc. et al.*, 2007 WL 1051642  (D.Mass April 2, 2007) ("*Abbott Labs, et al*") at *15, n.8.

(2) Amgen's individual arguments regarding PAD reimbursement and the method of Plaintiffs' spread calculations in the FACC are identical to those made by defendants

in their joint brief.   Plaintiffs respectfully refer the Court to Point II of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss.

(3) The FACC alleges spreads for every Amgen NDC at issue in this case, including each of the Amgen drugs listed above.

(4) Any remaining issues in Amgen's individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply to the individual Amgen motion to dismiss, filed on April 17, 2006.   Plaintiffs' incorporate such papers herein.

(5) The Court's April 2, 2007 ruling dismissed certain of plaintiffs' Best Price claims *without prejudice with leave to re-plead*.  *Id.* at *16.  Plaintiffs' FACC does not include amendment to those claims.  The Best Price claims are simply not at issue in this round of briefing.

Amgen's Renewal Motion should be denied as should its original individual motion to dismiss.

## BARR/IVAX

Defendants Barr Corporation, Ivax Corporation and Ivax Pharmaceuticals (collectively "Barr/Ivax") seek renewal of defendants' joint motion to dismiss plaintiffs' CC.  They argue that during the *June 16, 2006* oral argument on defendants' motions to dismiss plaintiffs' CC, the Court stated that it thought "it had dismissed all claims against [Barr/Ivax as part of] the "Suffolk 13 + 6".[1]  Ivax/Barr Joint Renewed Motion to Dismiss at 3.

Barr/Ivax appear to need a refresher on where the City/County case stands as against them today.  In its April 2, 2007 Order, this Court determined that plaintiffs have

---

[1] Only claims asserted by Suffolk were dismissed as to the "Suffolk 13+6".  While the Suffolk motions to dismiss were *sub judice*, 42 other NY Counties and the City of New York filed the CC, an entirely different pleading.  Suffolk joined in the CC, only as to the new defendants.

pleaded causes for common law fraud, violation of New York Social Services Law §145-b, violation of New York General Business Law §349 and for unjust enrichment as to all defendants including Barr and Ivax. *Abbott Labs, Inc. et al*., 2007 WL 1051642 at *7-14. For those of plaintiffs' claims subject to 9(b), the court ruled that wherever plaintiffs had alleged a spread greater than 20-25%, the drugs were in the case. No fewer than 535 Barr/Ivax drugs (or NDCs) are in the City/County case based on this ruling alone. And now, we are before the Court on the FACC and the question is what additional Barr/Ivax NDCs are in the case.

Were there any doubt that the City/Counties have live claims again these defendants, the Court's April 2, 2007 order specifically denied defendants' motions to dismiss plaintiffs' Best Price claims against Barr (for the drug Chlordiazepoxide) and the Ivax Group (for the drug Buspirone). *See id*. at *16.

Barr/Ivax's Renewal Motion should be denied in its entirety.

**<u>BOEHRINGER INGELHEIM CORP.</u>**

Defendant Boehringer Ingelhiem Corporation's ("BIC") motion asserts that the FACC still does not allege wrong-doing by BIC. This is the same argument BIC made in connection with plaintiffs' prior complaint. Plaintiffs respectfully refer the Court to their opposition and sur-reply papers to BIC's original individual motion to dismiss, filed April 17, 2006, which are incorporated herein. To summarize, plaintiffs argued that the facts establish that BIC is the alter ego of Boehringer Ingelhein Pharmaceuticals Inc. ("BIPI") and therefore a proper defendant.

BIC's Renewal Motion should be denied, as should its original individual motion to dismiss.

4

**<u>ENDO</u>**

Defendant Endo Pharmaceuticals' ("Endo") seeks renewal of its individual motion to dismiss which asserted that plaintiffs failed to satisfy Rule 9(b) because: 1) allegations of "spread" without more are insufficient; 2) plaintiffs did not refer to any Endo internal documents or allege any governmental investigations of Endo; and 3) plaintiffs did not allege Endo provided false AWPs and only allege that Endo provided false WACs to the reporting agencies, but plaintiffs did not allege examples of the false WACs.

All of these arguments were addressed in this Court's April 2, 2007 ruling, which held Rule 9(b) particularity is satisfied and viable claims exist where plaintiffs had plead a spread for an Endo drug of greater than the 20-25% mark up from WAC. *Id*. at *15. The Court specifically rejected Endo's WAC argument finding that no more particularity is required with respect to reported WACs or alternative data points for average drugs prices, given the formulaic relationship between WAC and AWP. *Id*.

Moreover, in that ruling, the Court determined that plaintiffs adequately alleged specific FUL pricing manipulation by Endo for its drugs Selegiline, Captopril-HCTZ, and Carbidopa/Levo. *Id*. at 16.

Exhibit B-15 to the FACC alleges actionable spreads for 95 NDCs representing 30 Endo products that are at issue. All spreads are greater than the 20%/25% threshold set by the Court in its April 2, 2007 opinion. The propriety of plaintiffs' Endo allegations is confirmed by the data summarized in the Exhibit B-1 to the Cicala Declaration.

Any remaining issues in Endo' individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply to the individual Endo motion to dismiss.   Plaintiffs' incorporate such papers herein.

Endo's Renewal Motion should be denied as should its original individual motion to dismiss.

**<u>ELI LILLY</u>**

Defendant Eli Lilly ("Lilly") seeks renewal of its individual motion to dismiss which asserted that: 1) all claims against it were dismissed entirely as to all claims as part of the "Suffolk 13+6"; 2) plaintiffs failed to satisfy Rule 9(b) because plaintiffs' exhibits did not allege a spread for Lilly drugs; 3) government investigations are not relevant; and, 4) Lilly was not required to answer the Suffolk Complaint.

Lilly too appears to need a refresher on where the City/County cases stand as against it.  This Court's April 2, 2007 Order applies to Lilly on all cross-cutting issues. *Id*. at *7-14. This means that this Court has already determined that plaintiffs have pleaded causes for common law fraud, violation of New York Social Services Law §145-b, violation of New York General Business Law §349 and for unjust enrichment as to Lilly.  *Id*.  For those of plaintiffs' claims subject to 9(b), the court ruled that wherever plaintiffs had alleged a spread greater than 20-25%, the drugs were in the case.  All NDCs for Lilly's Zyprexa, HUmalog, Prozac and Vancocin are in the City/County case based on this ruling alone.  And now, we are before the Court on the FACC and the question is what additional Lilly NDCs are in the case.  FACC Exhibit B-14 alleges actionable spreads for 104 NDCs representing 27 Lilly products that are at issue.  For each of these, plaintiffs have "alleged a spread of greater than the 20-25% mark up

between WAC and AWP" as required by the Court. *See id.* *14-15 and n. 8. The propriety of plaintiffs' Lilly allegations is confirmed by the data summarized in the Exhibit B-1 to the Cicala Declaration.

Lilly also comments on that plaintiffs' Best Price claims. These claims are simply not at issue in this round of briefing.

Any remaining issues in Lilly's individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply to Lilly's prior individual motion to dismiss. Plaintiffs' incorporate such papers herein.

Lilly's Renewal Motion should be denied as should its original individual motion to dismiss.

**<u>PURDUE</u>**

Defendants Purdue Pharma L.P., Purdue Frederick Company and Purdue Pharma Company ("Purdue") also seeks renewal of its individual motion to dismiss which asserted that: 1) AWP was a benchmark; 2) all claims against it were dismissed in Suffolk; 3) comments by the Purdue spokesman that AWPs were "quite deceptive" were stray comments; 4) plaintiffs only alleged fraudulent AWPS and spreads for the year 2000; and, 5) non-adjudicated government investigations are not relevant.

Add Purdue to the list of defendants who need a procedural update. This Court's April 2, 2007 ruling applied to Purdue on all cross-cutting issues. *See id.* at *7-14*. This means that this Court has already determined that plaintiffs have pleaded causes for common law fraud, violation of New York Social Services Law §145-b, violation of New York General Business Law §349 and for unjust enrichment as to Purdue. *Id.* For those of plaintiffs' claims subject to 9(b), the court ruled that wherever plaintiffs had alleged a

spread greater than 20-25%, the drugs were in the case.  No fewer than 35 Purdue drugs (or NDCs) are in the City/County case based on this ruling alone.    And now, we are before the Court on the FACC and the question is what additional Purdue NDCs are in the case.  FACC Exhibit B-32 alleges actionable spreads for 39 NDCs representing 10 Purdue products that are at issue.  Plaintiffs have "alleged a spread of greater than the 20-25% mark up between WAC and AWP" as required by the Court.  *See id.* at *14-15 and n. 8.

Any remaining issues in Purdue's individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply papers thereto.    Plaintiffs' incorporate such papers herein.

Purdue's Renewal Motion should be denied as should its original individual motion to dismiss.

## **TAP**

Defendants TAP Pharmaceutical Products Inc. ("TAP") seeks renewal of its individual motion to dismiss which asserted that: 1) all claims against TAP for Lupron were settled and released in 2001 (with the State of New York) and 2005 (with a Nationwide class settlement); 2) TAP contends the counties were class members and did not opt out; and, 3) all other claims, including those related to Prevacid and PrevPac Patient Packs should be dismissed pursuant arguments in defendants' joint motion to dismiss the Consolidated Complaint.

TAP's arguments are moot.  The Court's April 2, 2007 Order addressed all outstanding claims in defendants' joint motion to dismiss, including Best Price claims for

Lupron.  The Court's specifically denied TAP's motions to dismiss plaintiffs' Best Price claims for Lupron.  *See id.* at *16.

Any remaining issues in TAP's individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply papers thereto.  Plaintiffs' incorporate such papers herein.

TAP's Renewal Motion should be denied as should its original individual motion to dismiss.

**<u>WYETH</u>**

Defendants Wyeth seeks renewal of its individual motion to dismiss which asserted that: 1) all claims against it were dismissed in Suffolk;  2) plaintiffs fail to satisfy Rule 9(b) particularity because plaintiffs' market prices are "unidentifiable"; 3) plaintiffs fail to set forth a basis for calculating the false AWPs at issue; 4) government investigations that are not adjudicated are irrelevant; and, 5) plaintiffs failed to acknowledge that nominal prices are to be included in Best Price.

Wyeth too needs a procedural update.

This Court's April 2, 2007 ruling applied to Wyeth on all cross-cutting issues.  *Id.* at *7-14.  This means that this Court has already determined that plaintiffs have pleaded causes for common law fraud, violation of New York Social Services Law §145-b, violation of New York General Business Law §349 and for unjust enrichment as to Wyeth.  *Id.*  For those of plaintiffs' claims subject to 9(b), the court ruled that wherever plaintiffs had alleged a spread greater than 20-25%, the drugs were in the case.

No fewer than 269 Wyeth drugs (or NDCs) are in the City/County case based on this ruling alone.   And now, we are before the Court on the FACC and the question is

9

what additional Wyeth NDCs are in the case.  FACC Exhibit B-32 alleges actionable spreads for 457 NDCs representing 152 Wyeth products that are at issue.  Plaintiffs have "alleged a spread of greater than the 20-25% mark up between WAC and AWP" as required by the Court.  *See id*. at *14-15 and n. 8.  The propriety of plaintiffs' Wyeth allegations is confirmed by the data summarized in the Exhibit B-1 to the Cicala Declaration.

Any remaining issues in Wyeth's individual motions to dismiss were fully briefed in plaintiffs' opposition and sur-reply papers thereto.  Plaintiffs' incorporate such papers herein.

Wyeth's Renewal Motion should be denied as should its original individual motion to dismiss.

## CONCLUSION

For all the foregoing reasons, each of defendants' Renewal Motions should be denied in its entirety and discovery should be permitted forthwith on all NDCs listed in FACC Exhibit B1-40.

Dated: July 11, 2007

Respectfully submitted,

KIRBY McINERNEY & SQUIRE, LLP
Attorneys for the City of New York and all
Captioned New York Counties
Except Nassau
830 Third Avenue
New York, New York 10022
(212) 371-6600

By: _____

    _____
    Joanne M. Cicala (JC 5032)
    James P. Carroll Jr. (JPC 8348)

10

Aaron D. Hovan (AH 3290)


For the City of New York

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
John R. Low-Beer (JL 3755)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

LORNA B. GOODMAN
Peter J. Clines
Nassau County Attorney, by

MILBERG WEISS LLP
Melvyn I. Weiss
Ross B. Brooks
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

Special Counsel for the County of Nassau

**<u>Certificate of Service</u>**

I certify that on July 11, 2007 a true and correct copy of the foregoing Plaintiffs'
Omnibus Memorandum in Opposition to the Individual Defendants' Renewed Motions to
Dismiss was served on all Counsel of Record by electronic service pursuant to Case
Management Order No. 2 by sending a copy to LexisNexis File and Serve for posting and
notification to all parties.


                                          /s/ Aaron D. Hovan
                                          Aaron D. Hovan