UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )  MDL No. 1456
IN RE PHARMACEUTICAL INDUSTRY               )  Master File No.  01-12257-PBS
AVERAGE WHOLESALE PRICE LITIGATION          )
 _____  )  Judge Patti B. Saris
                                            )
THIS DOCUMENT RELATES TO:                   )
*State of California, ex rel. Ven-A-Care v.*  )
*Abbott Laboratories, Inc., et al.*         )
**Case No. 03-cv-11226-PBS**                )
_____ )

**JOINT MOTION FOR CLARIFICATION AND
RECONSIDERATION OF CASE MANAGEMENT ORDER DEADLINES**

Plaintiffs and Defendants ("the Parties") in the above-captioned action respectfully ask the Court to clarify its Electronic Order filed July 2, 2007. [Electronic ORDER entered granting [4410] Motion for Entry of Case Management Order: "Allowed.  However, the dates shall all be moved back six months. Please submit a revised order."] A copy of the docket page depicting the Order is attached as Exhibit A.  Should the Order be understood to direct a shortening of all deadlines in paragraph nine of the proposed Case Management Order (CMO) by six months, the Parties also respectfully move this Court for reconsideration.

**I.      The Parties Seek Clarification of the Words "moved back."**

The Parties seek clarification of the words "moved back" within the sentence, "However, the dates shall all be moved back six months."  It is unclear to the Parties whether the Court is directing the submission of a revised CMO with the proposed dates *shortened* by six months, or *extended* by six months.  The phrase "move back" could be read as directing either alternative.

## II. The Parties Request The Originally Proposed Deadlines.

If the Court is directing a shortening of the dates in the CMO by six months, the Parties respectfully request that the Court reconsider whether to allow the dates proposed by the Parties in paragraph nine of the CMO. If, on the other hand, the Court is directing a lengthening of the dates in the CMO, the parties withdraw their motion for reconsideration. Given the number of Defendants and drugs at issue in the case, and the breadth of discovery required to prepare the case for trial, the Parties believe it will not be possible to complete discovery inside of the eighteen month period proposed by the CMO.

From the Plaintiffs' perspective, this AWP and Direct Price (DP) case involves eleven "core" pharmaceutical manufacturer Defendants (plus several parent or successor Defendants), and 226 drugs comprising 738 NDCs. Some Defendant drugs are physician-administered, and others are dispensed by pharmacies or via home-infusion services. Based on the mass of documents produced in other MDL litigation, Plaintiffs must digest tens of millions of pages of discovery. Moreover, several Defendants have not previously appeared in the MDL (i.e., there has as yet been no MDL discovery produced to Plaintiffs pursuant to CMO 18 from some Defendants, because those Defendants have none to produce).

From the Defendants' perspective, this case involves the State of California's Medicaid program, which is the biggest in the nation in terms of numbers of drug-receiving beneficiaries, and the second biggest in terms of annual expenditures (approximately $3.4 billion on drug reimbursement annually). It is administered by the largest state Medicaid agency in the country, the California Department of Health Services (CDHS). One way to appreciate the size of CDHS is to note the fact that its electronic storage and communication systems are comprised, in part, of

approximately 650 separate electronic data servers across the State of California. In sum, the Parties collectively face a huge amount of electronic, document and deposition discovery.

If the Court requires the Parties to shorten all dates by six months, they will have a mere forty-eight weeks to complete all fact discovery.  Given the number of Defendants and the extent of their NDCs at issue, the Parties respectfully request that they be provided the time described in paragraph nine of the proposed CMO to complete discovery and prepare the case for trial. In the present case, with eleven core Defendants and the largest state Medicaid agency in the country, the Parties anticipate that deposition discovery alone will require a significant block of time.

Prior to submitting the proposed CMO, the Parties undertook a good faith and realistic assessment of the discovery workload, and accordingly, the Parties seek reconsideration. They believe that it is better to inform the Court now of anticipated difficulties than to be silent and later file a motion to enlarge time at the eleventh hour when the Court's schedule has become understandably more inflexible.  The Parties do not in good faith believe that shortening the CMO's dates by six months will afford sufficient time to conduct the pre-trial phase of this case.

Accordingly, Plaintiffs and Defendants respectfully request that the Court reconsider and adopt the dates proposed in paragraph nine of the CMO, which are as follow:

- 6/10/08: Last Day to Join New Parties;
- 12/15/08: Fact Discovery Cut-Off;
- 2/15/09: Plaintiffs' Expert Reports & Materials Due;
- 2/16-3/31/09: Depositions of Plaintiffs' Experts;
- 4/7/09: Defendants' Expert Reports & Materials Due;
- 4/8-5/15/09: Depositions of Defendants' Experts;
- 5/30/09: Identification of Rebuttal Experts & Rebuttal Expert Reports Due;

- 6/30/09: Expert Discovery Cut-Off; and

- 8/30-12/15/09: Summary Judgment Briefing.

**III.    Conclusion**.

For all of the foregoing reasons, Plaintiffs and Defendants respectfully request that this Court: (1) clarify the phrase, "the dates shall all be moved back six months," and (2) if the Court has directed a shortening of the CMO schedule, reconsider the proposed deadlines and, instead, adopt the schedule initially proposed by the Parties.

|  |  |
|---|---|
|  | Respectfully submitted,<br>EDMUND G. BROWN JR.<br>Attorney General for the State of California |
| Dated:  July 12, 2007 | By:   /s/ *Nicholas N. Paul*<br>NICHOLAS N. PAUL<br>CA State Bar No:  190605<br>Supervising Deputy Attorney General<br>Bureau of Medi-Cal Fraud and Elder Abuse<br>Office of the Attorney General<br>1455 Frazee Road, Suite 315<br>San Diego, California  92108<br>Tel:  (619) 688-6099<br>Fax:  (619) 688-4200 |
|  | **Attorneys for Plaintiff,<br>STATE OF CALIFORNIA** |
|  | THE BREEN LAW FIRM, P.A. |
| Dated:  July 12, 2007 | By:   /s/ *James J. Breen*<br>JAMES J. BREEN<br>5755 No. Point Parkway, Suite 39<br>Alpharetta, Georgia 30022<br>Tel:  (770) 740-0008<br>Fax:  (770) 740-9109 |
|  | **Attorneys for *Qui Tam* Plaintiff,<br>VEN-A-CARE OF THE<br>FLORIDA KEYS, INC.** |

**FOR THE DEFENDANTS:**

Dated: July 12, 2007

By: ___/s/ *Toni-Ann Citera*
James R. Daly
Tara A. Fumerton
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017
Tel. (212) 326-3939
Fax: (212) 755-7306

**Counsel for Defendant
ABBOTT LABORATORIES INC.**

### CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on July 12, 2007, I caused a true and correct copy of the foregoing, **JOINT MOTION FOR RECONSIDERATION OF CASE MANAGEMENT ORDER DEADLINES,** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

___/s/ Nicholas N. Paul
NICHOLAS N. PAUL
Supervising Deputy Attorney General