**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL CLASS ACTIONS | |

**REPLY TO COMMONWEALTH OF PENNSYLVANIA'S NOTICE TO APPEAR
AND OBJECT TO FINAL APPROVAL OF PROPOSED NATIONWIDE
CLASS SETTLEMENT WITH GLAXOSMITHKLINE**

## I.     INTRODUCTION

The MDL Settlement Agreement with the GSK Defendants provides for the payment of up to $70 million.  The settlement is the result of nearly 6 years of litigation and several years of hard fought settlement discussions between GSK and MDL Co-Lead Counsel.[1]

Once the global amount was accepted by MDL Co-Lead Counsel, the various constituencies set about determining an allocation between consumers, third-party payors ("TPPs"), independent settling health plans ("ISHPs") and Participating Attorneys General. Each constituency had an assigned allocation counsel and MDL Co-Lead Counsel did not advocate for any allocation.[2]  There were extensive negotiations and the attorneys participating

---

[1] At the time of the GSK MDL Settlement, Donald Haviland – counsel for the Commonwealth of Pennsylvania – worked at the law firm of Kline & Specter who was then one of the MDL Co-Lead Counsel and helped negotiate the MDL Settlement Agreement.  At that time Mr. Haviland represented both the MDL Classes and the Commonwealth of Pennsylvania and never stated any objection to any proposed term of the global settlement.

[2] The Attorneys General were represented by Assistant Attorneys General from Arizona, Connecticut, Montana, New York and Nevada.  Counsel for the states of Pennsylvania, Kentucky, Wisconsin, and Illinois were invited to settlement meetings and all chose not to attend.  Consumer allocation counsel was Dianne M. Nast of Roda Nast and Kent Williams, two highly experienced class action litigators.  TPP allocation counsel was Jonathan O. Karmel.

collectively brought to the negotiation full knowledge of the facts of the case and the terms of the

settlement with Defendants, and substantial experience in these kinds of negotiations.  The result

of that extensive work is now before the Court.

One of the issues hotly negotiated during the allocation was what should happen to any

potential funds remaining from the consumer settlement fund after payment to the entire

consumer class.  After substantial negotiations, and give and take over numerous issues, it was

agreed to by all that in the event that there was any remainder funds in Consumer Settlement

Pool not used to satisfy the claims of consumers, any residual funds will be subject to a binding

mediation with Professor Eric Green, in which all constituencies may participate.  Professor

Green's decision would then be subject to review by this Court.[3]  This was memorialized in the

MDL Settlement Agreement at paragraph 22(b)(vii).

Thereafter, on February 12, 2007 the Commonwealth of Pennsylvania entered into a

private settlement agreement with GSK to share in the proceeds of the MDL Settlement

Agreement and thereby becoming an Additional Participating State under the MDL Settlement

Agreement.  The Commonwealth's agreement with GSK requires it to participate in a binding

mediation to share in a portion of any unclaimed funds in the Consumer Settlement Pool.

The operative language in the Commonwealth's settlement agreement with GSK states:

> "Third, pursuant to the MDL No. 1456 GSK Class Settlement Agreement
> (including in particular Paragraphs 6(d) and 22(b)(vii) b.), the  Commonwealth of
> Pennsylvania shall be entitled to receive an additional payment thereunder provided that
> (i) there are unclaimed monies in the Consumer Settlement Pool described therein, and
> (ii) the Commonwealth is awarded such additional payment by the MDL Mediator
> following binding mediation as described therein."

See Commonwealth of Pennsylvania GSK Settlement Agreement, attached hereto as Exhibit A,

at III.3(c).

---

[3] It was negotiated and agreed that no unused funds will flow back to Defendants nor would there be a reduction
of funds from the Consumer Settlement Pool as a result of consumers excluding themselves from the settlement.

However, despite the express acknowledgment that the MDL Settlement Agreement requires binding mediation that would include all parties, and despite specifically agreeing to be bound by the terms of the MDL Settlement Agreement's binding mediation process, on June 29, 2007, the Commonwealth of Pennsylvania filed what amounts to an objection to the MDL Settlement Agreement insisting that TPPs and ISHPs be excluded from any mediation concerning the disposition of excess funds in the consumer settlement pool.

The Commonwealth's objection is ill founded.  First, the Commonwealth's objection is in direct contradiction with the express terms of its own agreement with Defendant GlaxoSmithKline.  The Commonwealth was well aware of all of the terms of the MDL Settlement Agreement when it entered into its own agreement with GSK and agreed to be bound by those terms.  In fact, on March 5, 2007, the Commonwealth accepted payment of approximately $809,000 as its share of the Litigating States' Escrow Account.  Second, the Commonwealth is free to argue to the MDL Mediator, Eric Green, that no excess consumer funds should be awarded to TPPs or ISHP group members.  Whatever facts or arguments the Commonwealth feels mediate against any award to these entities will be equally availing to the MDL Mediator should a mediation actually be necessary.  Perhaps most importantly, whatever the MDL Mediator decides should be done with excess consumer funds will be subject to this Court's review and approval.

## II.     ARGUMENT

Having entering into a settlement agreement with GSK that calls for the Commonwealth of Pennsylvania to participate in the MDL Settlement Agreement, receive approximately $809,000 from the MDL Settlement Fund and participate in the mediation process discussed at paragraph 22, the Commonwealth is now attempting to overturn one provision of the MDL

Settlement by seeking the exclusion of TPPs and ISHPs form participating in any potential mediation.

The Commonwealth's argument rests on its position that since it was not a party to the MDL Settlement Agreement and did not agree to the provision of paragraph 22 it believes it is in position to ask the Court to reject the same as part of its final approval of the GSK Settlement. *See* Commonwealth of Pennsylvania Notice at p. 3.[4]  The Commonwealth's argument is misplaced.  First, the fact that the Commonwealth was not party to MDL Settlement Agreement is not relevant since as part of its agreement with GSK it has specifically agreed to become a Participating State pursuant to the MDL Settlement Agreement.  *See* Commonwealth of Pennsylvania GSK Settlement Agreement at III.3(c).  As a result, the Commonwealth has agreed to both accept payment from the MDL Settlement Fund in the amount of approximately $809,000 and participate in the mediation requirement of paragraph 22 in its private agreement with GSK.  *Id.*  The Commonwealth accepted payment of approximately $809,000.00 on March 5, 2007.

Under the doctrine of equitable estoppel, as a third party beneficiary of the MDL Settlement Agreement the Commonwealth is precluded from "enjoying rights and benefits under a contract while at the same time avoiding its burdens and obligations."  *Intergen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) (citations omitted).  This principle applies to parties and third-party beneficiaries to a contract.  *See Nelson v. CGU Ins. Co. of* Canada, Civil No. 02-193-B-S, 2003 U.S. Dist. LEXIS 5924 (D. Me. Apr. 10, 2003) ("[A] third-party beneficiary is bound by the terms and conditions of the contract it invokes. The beneficiary 'cannot accept the benefits

---

[4] The Commonwealth does not object to any other part of the settlement including allocation between consumers, TPPs and ISHPs, total value of settlement as percentage of estimated damages as calculated by Dr. Ray Hartman, the notice provisions or claims process.

and avoid the burdens or limitations' of the contract.") (citing *Acciai Speciali Terni USA, Inc. v. M/V Berane*, 181 F. Supp. 2d 458, 464-65 (D. Md. 2002)).

Secondly, if the Commonwealth thought this was an objectionable term it could have refused to become an Additional Participating State under the MDL Settlement Agreement, or it could have negotiated a larger settlement fund for itself to offset any perceived loss that it believed might occur if the Court ultimately allows remainder funds to go to TPPs or ISHPs.  It did not negotiate for this term or was unable to get GSK to agree to such a term.  The Commonwealth should not be able to effectively re-negotiate its deal with GSK, or re-negotiate the MDL Settlement Agreement by objecting to this one term which is the result of many parties hard fought negotiations.

MDL Co-Lead Counsel takes no position at this time as to who should get any potential remainder from the Consumer Settlement Pool.  However, we note for the Court that each term of the Settlement Agreement, including the agreement for mediation, is the result of a complex set of negotiations and we do not believe it is appropriate to unilaterally modify one term at this time.

Finally, the Commonwealth's objection is premature.  First, it is not clear that there will in fact be money left in the consumer settlement pool after distribution to all consumer claimants.  Second, if there is money remaining, there is no indication that the MDL Mediator will award any portion of those funds to TPPs or ISHP Group Members.  The Commonwealth will be a participant in any such mediation and can make whatever augments it wishes concerning the disposition of the funds.  Finally, even if the MDL Mediator does make such an award to TPPs or ISHPs, this Court has the right to review the MDL Mediator's decision and either approve or disapprove that decision.

### III. CONCLUSION

The MDL Settlement Agreement is the result of hard fought litigation and negotiation and provides an excellent result.   For the reasons discussed herein, MDL Co-Lead Counsel do not believe the Commonwealth of Pennsylvania's Notice or subsequent objection has any merit and it should be rejected by the Court.


DATED:  July 16, 2007                    By      /s/ Steve W. Berman
                                             Thomas M. Sobol (BBO#471770)
                                             Edward Notargiacomo (BBO#567636)
                                         Hagens Berman Sobol Shapiro LLP
                                         One Main Street, 4th Floor
                                         Cambridge, MA  02142
                                         Telephone: (617) 482-3700
                                         Facsimile: (617) 482-3003

                                         **LIAISON COUNSEL**

                                         Steve W. Berman
                                         Sean R. Matt
                                         Hagens Berman Sobol Shapiro LLP
                                         1301 Fifth Avenue, Suite 2900
                                         Seattle, WA  98101
                                         Telephone: (206) 623-7292
                                         Facsimile: (206) 623-0594

                                         Elizabeth A. Fegan
                                         Hagens Berman Sobol Shapiro LLP
                                         820 North Blvd., Suite B
                                         Oak Park, IL  60302
                                         Chicago, IL  60601
                                         Telephone: (708) 776-5600
                                         Facsimile: (708) 776-5601

                                         Eugene A. Spector
                                         Jeffrey Kodroff
                                         Spector, Roseman & Kodroff, P.C.
                                         1818 Market Street, Suite 2500
                                         Philadelphia, PA  19103
                                         Telephone: (215) 496-0300
                                         Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on July 16, 2007, I caused copies of **REPLY TO COMMONWEALTH OF PENNSYLVANIA'S NOTICE TO APPEAR AND OBJECT TO FINAL APPROVAL OF PROPOSED NATIONWIDE CLASS SETTLEMENT WITH GLAXOSMITHKLINE** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

  /s/ Steve W. Berman
Steve W. Berman