**CIVIL ACTION NO. 95-1354-CIV-MARCUS**



87.     When reporting prices to Medical Economics and Hearst Corporation and

directly to Medicare and the States' Medicaid programs for the pharmaceuticals at issue

in this case, the DEFENDANT PHARMACEUTICAL MANUFACTURERS falsely reported

amounts far in excess of those reported for OBRA '90 rebate purposes.  Therefore, when

it benefited the DEFENDANT PHARMACEUTICAL MANUFACTURERS to report highest

prices to maximize the reimbursement amount for the select providers from the Medicare

and Medicaid programs, they used the false and grossly inflated prices and, when it

benefited the DEFENDANT PHARMACEUTICAL MANUFACTURERS to report their true

65

ABT008-2556

CIVIL ACTION NO. 95-1354-CIV-MARCUS

prices to minimize the rebates they were required to pay the States' Medicaid Programs, they used the true prices driven low by competition.  Accordingly, the DEFENDANT PHARMACEUTICAL MANUFACTURERS knowingly reported false inflated price and cost information, in part, because each DEFENDANT PHARMACEUTICAL MANUFACTURER's participation in the rebate program demonstrates its ability to report accurate prices, yet each DEFENDANT PHARMACEUTICAL MANUFACTURER knowingly failed to use that ability when it knew its price and cost reports were being relied upon in paying and approving Medicare and Medicaid claims.

88.    This case focuses on the specified pharmaceuticals that are covered under the States' Medicaid Programs which are sold and/or distributed by the DEFENDANT PHARMACEUTICAL MANUFACTURERS and for which the States' Medicaid Programs rely on the cost and price representations reported by the DEFENDANT PHARMACEUTICAL MANUFACTURERS to pay and approve claims.    The pharmaceuticals at issue in this case for which Medicaid has paid claims are identified in the following Table No. 3 together with their respective NDC numbers.  By way of example, the claim amount approved by Florida Medicaid for each pharmaceutical in 1996 is compared with the Relator's cost in order to illustrate the grossly excessive payments resulting from the DEFENDANT PHARMACEUTICAL MANUFACTURERS' false representations of price and cost.

66

ABT008-2557

CIVIL ACTION NO. 95-1354-CIV-MARCUS

**TABLE NO. 3**

| 3(A)  DEFENDANT ABBOTT | | | | | |
|---|---|---|---|---|---|
| DRUG | NDC # | FLORIDA MEDICAID PAYMENT | RELATOR'S COST | PROVIDER'S GROSS PROFIT $ | PROVIDER'S GROSS PROFIT % |
| Sodium Chloride 0.9% 50 ml | 00074-7101-13 | $11.28 | $1.23 | $10.05 | 817% |
| Sodium Chloride 0.9% 100 ml | 00074-7101-23 | $11.28 | $1.23 | $10.05 | 817% |
| Sodium Chloride 0.9% 250 ml | 00074-7983-02 | $9.37 | $0.95 | $8.42 | 886% |
| Sodium Chloride 0.9% 500 ml | 00074-7983-03 | $9.37 | $0.95 | $8.42 | 886% |
| Sodium Chloride 0.9% 1000 ml | 00074-7983-09 | $11.16 | $1.03 | $10.13 | 983% |
| 5% Dextrose in Water 50 ml | 00074-7100-13 | $11.28 | $1.23 | $10.05 | 817% |
| 5% Dextrose in Water 100 ml | 00074-7100-23 | $11.28 | $1.23 | 410.05 | 817% |
| 5% Dextrose in Water 250 ml | 00074-7100-02 | $13.67 | $1.33 | $12.34 | 928% |
| 5% Dextrose in Water 500 ml | 00074-7922-03 | $9.53 | $0.96 | $8.57 | 892% |

ABT008-2558

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| 3(A)  DEFENDANT ABBOTT | | | | | |
|---|---|---|---|---|---|
| DRUG | NDC # | FLORIDA MEDICAID PAYMENT | RELATOR'S COST | PROVIDER'S GROSS PROFIT $ | PROVIDER'S GROSS PROFIT % |
| 5% Dextrose in Water 1000 ml | 00074-7922-09 | $11.13 | $1.12 | $11.01 | 983% |
| 5% Dextrose/ Sodium Chloride 0.9% 250 ml | 00074-7941-02 | $10.24 | $1.03 | $9.21 | 894% |
| 5% Dextrose/ Sodium Chloride 0.9% 500 ml | 00074-7941-03 | $10.23 | $1.03 | $9.20 | 893% |
| 5% Dextrose/ Sodium Chloride 0.9% 1000 ml | 00074-7941-09 | $12.51 | $1.23 | $11.28 | 917% |
| Ringers Lactate 250 ml | 00074-7953-02 | $11.34 | $1.08 | $10.00 | 926% |
| Ringers Lactate 500 ml | 00074-7953-03 | $11.34 | $1.08 | $10.26 | 950% |
| Ringers Lactate 1000 ml | 00074-7953-09 | $12.72 | $1.14 | $11.58 | 915% |
| Vancomycin HCL  500 mg | 00074-4332-01 | $30.85 | $3.51 | $27.34 | 779% |
| Vancomycin HCL 500 mg | 00074-6535-01 | $22.19 | $6.29 | $15.90 | 252% |
| Vancomycin HCL 1 gm | 00074-6533-01 | $61.68 | $5.53 | $56.15 | 1015% |
| Vancomycin HCL 5 gm | 00074-6509-01 | $138.76 | $35.10 | $103.66 | 295% |

ABT008-2559

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| 3(A)  DEFENDANT ABBOTT | | | | | |
|---|---|---|---|---|---|
| DRUG | NDC # | FLORIDA MEDICAID PAYMENT | RELATOR'S COST | PROVIDER'S GROSS PROFIT $ | PROVIDER'S GROSS PROFIT % |
| Tobramycin Sulfate 20 mg | 00074-3577-01 | $4.86 | $1.94 | $2.92 | 150% |
| Tobramycin Sulfate 60 mg | 00074-3582-01 | $6.21 | $3.68 | $2.53 | 68% |
| Tobramycin Sulfate 60 mg | 0074-3469-13 | $21.45 | $5.16 | $16.29 | 315% |
| Tobramycin Sulfate 60 mg | 00074-3254-03 | $16.04 | $3.97 | $12.07 | 304% |
| Tobramycin Sulfate 80 mg | 00074-3470-23 | $23.45 | $5.57 | $17.88 | 321% |
| Tobramycin Sulfate 80 mg | 00074-3583-01 | $10.26 | $4.12 | $6.14 | 149% |
| Tobramycin Sulfate 80 mg | 00074-3578-01 | $9.64 | $3.63 | $6.01 | 165% |
| Tobramycin Sulfate 80 mg | 00074-3255-03 | $10.72 | $4.33 | $6.39 | 147% |
| Tobramycin Sulfate 2000 mg | 00074-3590-02 | $241.07 | $87.68 | $153.39 | 174% |
| Pentamidine 300 mg | 00074-4548-01 | $111.40 | $43.00 | $68.40 | 159% |
| Clindamycin Phosphate 300 mg | 00074-4053-03 | $11.07 | $1.74 | $9.33 | 536% |
| Clindamycin Phosphate 300 mg | 00074-4050-01 | $10.99 | $1.47 | $9.52 | 647% |
| Clindamycin Phosphate 600 mg | 0074-4054-03 | $20.35 | $2.95 | $17.40 | 589% |

ABT008-2560

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| 3(A)  DEFENDANT ABBOTT | | | | | |
|---|---|---|---|---|---|
| DRUG | NDC # | FLORIDA MEDICAID PAYMENT | RELATOR'S COST | PROVIDER'S GROSS PROFIT $ | PROVIDER'S GROSS PROFIT % |
| Clindamycin Phosphate 600 mg | 00074-4051-01 | $21.34 | $2.69 | $18.65 | 693% |
| Clindamycin Phosphate 900 mg | 00074-4052-01 | $26.96 | $3.20 | $23.76 | 742% |
| Clindamycin Phosphate 9000 mg | 00074-4197-01 | $221.11 | $30.95 | $190.16 | 614% |
| Clindamycin Phosphate 900 mg | 00074-4055-03 | $27.22 | $3.46 | $23.76 | 686% |
| Sodium Bicarbonate 50 ml | 00074-6625-02 | $6.57 | $0.62 | $5.95 | 959% |
| Sodium Bicarbonate 8.4% 50 ml | 00074-6637-01 | $18.28 | $1.66 | $16.62 | 1001% |
| Amikacin Sulfate 500 mg, 2 ml | 00074-1958-01 | $55.18 | $15.50 | $39.68 | 256% |
| Amikacin Sulfate 100 mg, 2 ml | 00074-1955-01 | $40.20 | $11.50 | $28.70 | 249% |
| Amikacin Sulfate 1 gm, 4 ml | 00074-1957-01 | $49.81 | $28.50 | $21.31 | 75% |

70

ABT008-2561

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| 3(A) DEFENDANT ABBOTT | | | | | |
|---|---|---|---|---|---|
| DRUG | NDC # | FLORIDA MEDICAID PAYMENT | RELATOR'S COST | PROVIDER'S GROSS PROFIT $ | PROVIDER'S GROSS PROFIT % |
| Heparin Lock Flush 10u/ml, 30 ml | 00074-1151-78 | $2.86 | $0.38 | $2.48 | 652% |
| Heparin Lock Flush 100u/ml 30 ml | 00074-1152-78 | $3.26 | $0.44 | $2.82 | 640% |
| Heparin Lock Flush 100u/ml 10 ml | 00074-1152-70 | $1.40 | $0.28 | $1.12 | 400% |
| Water for Inj. 20 ml | 00074-4887-20 | $1.72 | $0.23 | $1.49 | 647% |
| Water for Inj. 10 ml | 00074-4887-10 | $1.37 | $0.19 | $1.18 | 621% |
| Water for Inj. 30 ml | 00074-3977-03 | $1.84 | $0.20 | $1.64 | 820% |
| Water for Inj. 1000 ml | 00074-1590-05 | $11.34 | $1.13 | $10.21 | 903% |
| Wa ter for Inj. 1000 ml | 00074-7990-09 | $10.27 | $1.04 | $9.23 | 887% |
| Water for Inj. 100 ml | 00074-4887-99 | $3.42 | $0.71 | $2.71 | 381% |
| Dex 5%/ KCl/NaCl 1000 ml | 00074-7902-09 | $17.46 | $2.05 | $15.41 | 751% |
| Furosemide 40 mg 4 ml | 00074-6102-04 | $4.13 | $0.35 | $3.78 | 1080% |

71

ABT008-2562

CIVIL ACTION NO. 95-1354-CIV-MARCUS

# PAGES 72 THROUGH 92

# HAVE BEEN COMPLETELY REDACTED

ABT008-2563

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| | | | | | |
|---|---|---|---|---|---|
| ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| ▆▆▆ | ▆▆▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| ▆▆▆ | ▆▆▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| ▆▆▆ | ▆▆▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ |

## SECTION NO. 7

### THE DEFENDANT PHARMACEUTICAL MANUFACTURERS' KNOWLEDGE OF THE FALSE CLAIMS SCHEME

89. At all times material to this action, each of the DEFENDANT PHARMACEUTICAL MANUFACTURERS acted "knowingly" as that term is defined at 31 U.S.C. §3729(b) by:

A. Causing the presentation of false and fraudulent claims for payment or approval by the Medicare and States' Medicaid programs; and

B. Making and using false statements and/or records for the purpose of getting false or fraudulent claims approved or paid by the Medicare and States' Medicaid programs.

93

ABT008-2564

CIVIL ACTION NO. 95-1354-CIV-MARCUS

90.   The DEFENDANT PHARMACEUTICAL MANUFACTURERS were clearly placed on notice that their conduct would cause the Medicare and States' Medicaid programs to pay claims for the specified pharmaceuticals in amounts exceeding that permitted by applicable law, in part, because:

A.   Each of the DEFENDANT PHARMACEUTICAL MANUFACTURERS was on notice of federal statutes and regulations that limit payment of Medicare Part B claims for the specified pharmaceuticals to 80% of a reasonable charge.

B.   Each of the DEFENDANT PHARMACEUTICAL MANUFACTURERS was on notice of federal statutes and regulations limiting payment of Medicaid claims for the specified drugs to an amount necessary to cover the cost of the pharmaceutical.

C.   Each of the DEFENDANT PHARMACEUTICAL MANUFACTURERS was on notice that neither the Medicare nor the States' Medicaid programs were authorized or permitted by applicable law to pay claims for the specified pharmaceuticals in excessive amounts.

D.   Each of the DEFENDANT PHARMACEUTICAL MANUFACTURERS was on notice that federal statutes and regulations prohibited them from making misleading representations about the specified pharmaceuticals, including misleading price or cost representations:

(i)   Each   of   the   DEFENDANT   PHARMACEUTICAL MANUFACTURERS is required to comply with the Federal Food, Drug and Cosmetic Act 21 U.S.C. §321 et. seq., and the regulations promulgated pursuant thereto.

94

ABT008-2565

(ii)    The price and cost representations about the specified pharmaceuticals constitute advertising that is included in the "labeling" provisions of the Federal Food and Drug Act and related regulations. 21 U.S.C. §§201(m); 202.1(k)(2).

(iii)   Each   of   the   DEFENDANT   PHARMACEUTICAL MANUFACTURERS is prohibited from disseminating any information about their prices or costs of the specified pharmaceuticals that is "false or misleading in any particular . . ." 21 U.S.C. §§5.02; 302(b).

(iv)    Each   of   the   DEFENDANT   PHARMACEUTICAL MANUFACTURERS was on notice that they possessed a duty to assure that their representations about prices and costs of the specified pharmaceuticals were not misleading, taking into account:

> " . . . not only representations made or suggested by statement, word, design, device, or any combination thereof, but also to the extent to which the labeling or advertising fails to reveal facts material in light of such representations"

21 U.S.C. §201(n).

91.    Notwithstanding the legislative intent of the Food Drug and Cosmetic Act, the Defendant Pharmaceutical Manufacturers, acting individually and in concert with one another, purposely created confusion and made false and misleading statements about pharmaceutical pricing in order to deceive the United States Government and the States' Medicaid Programs. For several years, various Governmental agencies including the HHS Office of Inspector General "OIG" and the General Accounting Office "GAO" attempted to examine the issue of the reasonableness of reimbursements by the Medicare and States'

95

ABT008-2566

Medicaid Programs for many of the pharmaceuticals at issue in this Second Amended Complaint.  The OIG's and GAO's efforts were thwarted, in part, by the DEFENDANT PHARMACEUTICAL MANUFACTURERS withholding and concealing pertinent information that was being sought by the OIG and GAO.  The OIG and GAO attempted through numerous published reports to identify the problem of unreasonable reimbursements; however, they were unsuccessful due to the actions of the DEFENDANT PHARMACEUTICAL MANUFACTURERS.   The DEFENDANT PHARMACEUTICAL MANUFACTURERS concealed and disguised the unreasonable reimbursements from the United States Government and States' Medicaid Programs, in part, by the following facts and circumstances:

A.     The DEFENDANT PHARMACEUTICAL MANUFACTURERS can and do make truthful representations of price and costs for many of their pharmaceuticals sold in retail community pharmacies and, in some instances, ██████, injectable ████████ drugs ████████████ sold to physician groups, outpatient clinics and specialty infusion pharmacies.

B.     Some Pharmaceutical Manufacturers (other than the DEFENDANT PHARMACEUTICAL MANUFACTURERS) make representations of costs and price only in terms of Average Wholesale Price "AWP".

C.     Some of the DEFENDANT PHARMACEUTICAL MANUFACTURES make representations of cost and price only in terms of "List Price," "Wholesale Net," Direct Price "DP" or "DIRP,"or Wholesaler Acquisition Costs, "WAC," to which Medical Economics and First Data Bank apply an industry average mark-up and establish an AWP.

96

ABT008-2567

CIVIL ACTION NO. 95-1354-CIV-MARCUS

D.    Some of the DEFENDANT PHARMACEUTICAL MANUFACTURERS

make representations of cost and price in terms of both AWP and DP (or DIRP).



92.

93.

94.

97

ABT008-2568



98

ABT008-2569

CIVIL ACTION NO. 95-1354-CIV-MARCUS



95.    Also, ███████ price representations for ██████ is another example of

how States' Medicaid Programs whose reimbursement methodology is based on AWP rely

upon and are defrauded by the false and fraudulent representations of direct price made

by the DEFENDANT PHARMACEUTICAL MANUFACTURERS.



96.    Each DEFENDANT DRUG MANUFACTURER was on notice that it was

prohibited by federal statute, from paying, or causing the payment of, directly or indirectly,

money or other financial benefit to induce its customers to order the specified

99

CIVIL ACTION NO. ___ 354-CIV-MARCUS

pharmaceuticals when the Medicare or States' Medicaid Programs would be paying claims. 42 U.S.C. §1320a-7(b).

97.    Notwithstanding the applicable statutory requirements and prohibitions:

A.    Defendants ABBOTT, ████████████████████

████████████████ repeatedly, systematically and falsely represented to the Medicare and States' Medicaid Programs that the prices of certain of the generic versions of the specified drugs were the same or higher than the published price for the equivalent brand drug when they knew that, in truth and in fact, the price of their generic drug was far less than the published price of the brand and that the States' Medicaid Programs and Medicare would pay and approve claims based upon their false representations of the price of their drugs.

B.    Defendants ABBOTT, ████████████████████

████████████████████████████████████████

████████████████████ repeatedly, systematically and falsely represented to the Medicare and States' Medicaid Programs that the prices of certain of their specified pharmaceuticals were increasing or remaining substantially constant when they knew that in truth and in fact the prices had fallen substantially or were otherwise priced far below the represented prices and the Medicare and States' Medicaid Programs would pay and approve claims based on their false representations of the price of their pharmaceuticals.

100

ABT008-2571

**TABLE NO. 4**



98.     The following table includes the specified drugs about which the specified Defendants falsely represented that the price of the generic version exceeded the price of the brand equivalent:

101

ABT008-2572

CIVIL ACTION NO. 95-1354-CIV-MARCUS

## TABLE NO. 5

### THE MEDICARE AND MEDICAID PROGRAMS
### DUPED INTO PAYING AS MUCH OR MORE
### FOR GENERIC DRUGS THAN THEIR EQUIVALENT BRAND

**DRUG:** ████████████████████

**BRAND:** ████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ████████ | ██████ | ███████████ | ██████ | ██████ |
| ████████ | ██████ | ███████████ | ██████ | ██████ |

**GENERIC:** ██████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ████████ | ██████ | ███████████ | ██████ | ██████ |
| ████████ | ██████ | ███████████ | ██████ | ██████ |
| ██████ | ██████ | ███████████ | ██████ | ██████ |
| █████ | ██████ | ███████████ | ██████ | ██████ |

102

ABT008-2573

**CIVIL ACTION NO. 95-1354-CIV-MARCUS**

**DRUG:** ███████████████

**BRAND:** ████████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ████ | ████ | ████████ | ████ | ██ |

**GENERIC:** ██████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ████ | ████ | ████████ | | ████ |

**DRUG:** ████████████████████

**BRAND:** ████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ██ | ███ | ████████ | ████ | ████ |
| ██ | ███ | ████████ | ████ | ████ |

**GENERIC:** ████████████

| COMPANY | SIZE | NDC # | AWP<br>1996 Red Book | RELATOR'S<br>COST |
|---------|------|-------|---------------------|-------------------|
| ██████ | ███ | ███████ | | ████ |
| ██████ | ██ | ███████ | | ████ |

103

ABT008-2574

CIVIL ACTION NO. 98-1354-CIV-MARCUS

**DRUG: VANCOMYCIN, HCPCS J3370**

### BRAND: VANCOCIN

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| ■ | 500 mg | ■ | $7.80 | $6.50 |
| ■ | 1 gm | ■ | $15.61 | $14.13 |

### GENERIC: VANCOMYCIN

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| Abbott | 500 mg | 00074-4332-01 | $31.44 | $3.51 |
| Abbott | 1 gm | 00074-6533-01 | $62.86 | $7.01 |

**DRUG: PENTAMIDINE**

### BRAND: PENTAM 300

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| ■ | 300 mg | ■ | $98.75 | $49.00 |

### GENERIC: PENTAMIDINE

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| Abbott | 300 mg | 00074-4548-01 | $113.54 | $43.00 |

104

ABT008-2575

CIVIL ACTION NO. 95-1354-CIV-MARCUS

**DRUG: TOBRAMYCIN SULFATE, HCPCS J3260**

**BRAND: NEBCIN**

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| ▇ | 40 mg/ml 80 mg | ▇ | $7.28 | $6.07 |

**GENERIC: TOBRAMYCIN SULFATE**

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| Abbott | 40 mg/ml 80 mg | 00074-3578-01 | $9.83 | $3.63 |

**DRUG: AMIKACIN SULFATE**

**BRAND: AMIKIN**

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| ▇ | 250 mg/ml 2 ml | ▇ | $46.99 | $13.25 |

**GENERIC: AMIKACIN SULFATE**

| COMPANY | SIZE | NDC # | AWP 1996 Red Book | RELATOR'S COST |
|---|---|---|---|---|
| Abbott | 250 mg/ml 2 ml | 00074-1956-01 | $99.25 | $12.00 |
| ▇ | 500 mg/ml 2 ml | ▇ | $63.75 | $14.00 |

ABT008-2576

CIVIL ACTION NO. 99-1354-CIV-MARCUS

# PAGE 106 THROUGH PAGE 112

# WHICH INCLUDES PARAGRAPHS 99 AND 100

# HAVE BEEN COMPLETELY REDACTED

ABT008-2577

██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████

101. The knowledge of the DEFENDANT PHARMACEUTICAL MANUFACTURERS is further demonstrated by their systematic and ongoing, written and verbal communications with customers whereby they encourage and induce them to submit claims to Medicare and Medicaid to receive the excessive payments resulting from the Defendants' false price and cost representations. Such communications are accomplished in writing as evidenced by the examples attached hereto as **Exhibit "16"** for Defendant ██████ and **Exhibit "17"** for Defendant ██████████, **Exhibit "18"** for Defendant ████████████ and **Exhibit "19"** for Defendant ████████████. Additionally DEFENDANTS ██████████████████████████ each maintain an "800" number, staffed with personnel trained to assist customers in securing payment of claims in the excessive amounts at issue in this action.

102. As an example of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' use of their false and fraudulent practices to market their products follows:

███ ██████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

113

CIVIL ACTION NO. 99-1354-CIV-MARCUS



103.    An example of the DEFENDANT PHARMACEUTICAL MANUFACTURERS

admission that their price and cost representations are false follows:

114

ABT008-2579

CIVIL ACTION NO. 95-1354-CIV-MARCUS



115

ABT008-2580



## SECTION NO. 8

### THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ABBOTT

104.   At various times from on or after June 23, 1989 and continuing through the present date, Defendant ABBOTT knowingly caused the Medicare program and the States' Medicaid programs throughout the United States and its territories to pay false or fraudulent claims for drugs specified in this Section No. 8 and further made or used false or fraudulent records and/or statements to get such claims paid or approved. As a result of the said actions of Defendant ABBOTT and those persons and entities acting directly or indirectly in concert with Defendant ABBOTT the Medicare and States' Medicaid Programs paid grossly excessive, unreasonable and unlawful amounts for claims for the drugs specified in this Section 8. The acts committed by Defendant ABBOTT that caused the Medicare and States' Medicaid Programs to pay or approve said false or fraudulent claims included, but were not necessarily limited to, knowingly making false or fraudulent representations about prices and costs of the drugs specified in this Section 8 which

116

ABT008-2581

Defendant ABBOTT knew or should have known would be relied upon by the Medicare and States' Medicaid Programs in paying or approving claims for the drugs specified in this Section 8. Each of said representations were material and were relied upon by the Medicare and States' Medicaid Programs in paying or approving claims for the drugs specified in this Section 8.

105.    Defendant ABBOTT knowingly caused its false or fraudulent price and cost representations to be published in the years specified in this Section 8 in the Red Book, the Blue Book and the First Data Banks' Automated Services and further made or used false records or statements regarding its prices and costs of the drugs specified in this Section 8 and submitted same to the Medicare and States' Medicaid Programs continuously throughout the years specified in this Section 8. For the purposes of specificity and particularity, the said false price and cost representations as they were reflected in the Red Book and Blue Book have been organized into a chart form for each drug in question and for each NDC Number assigned to each drug in question. The information provided under the columns for Defendant's Published Price , and Red Book and Blue Book "AWP" and "DP" reflects the false price and cost representations made by the Defendant ABBOTT. The information under the Relator's Cost columns reflects the true price that Defendant ABBOTT charged the Relator for the drug or caused another entity to charge the Relator for the drug. As a very small infusion pharmacy, the Relator does not always receive the lowest prices available to volume purchasers. Accordingly, a comparison of the Relator's costs with the price and cost representations made by the Defendant ABBOTT establishes the falsity of ABBOTT's representations for the drugs and years specified as follows:

117

ABT008-2582

CIVIL ACTION NO. ᴗᴗ-1354-CIV-MARCUS

### a. DRUG: SODIUM CHLORIDE 0.9%
### 250 ML

MEDICAID                                                              MEDICARE
NDC NO.: 00074-7983-02                                    HCPCS J7050

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK | | BLUE BOOK | | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| | | "AWP" | "DP" | "AWP" | "DP" | | |
| 1993 | $7.59 | $8.59 | | $8.59 | $7.23 | $1.50 | $1.07 |
| 1994 | $7.82 | $9.01 | | $9.01 | $7.59 | $1.33 | $0.95 |
| 1995 | $8.05 | $9.29 | | $9.29 | $7.82 | $1.33 | $0.95 |
| 1996 | | $9.56 | | $9.56 | $8.05 | $1.33 | $0.95 |
| 1997 | | $10.03 | | | | $1.33 | $0.95 |

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Sodium Chloride:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|------|------|
| 50 ml | 00074-7101-13 | ------- |
| 100 ml | 00074-7101-23 | ------- |
| 500 ml | 00074-7983-03 | J7040 |
| 1,000 ml | 00074-7983-09 | J7030 |

### b. DRUG: 5% DEXTROSE IN WATER
### 500 ML

MEDICAID                                                              MEDICARE
NDC NO.: 00074-7922-03                                    HCPCS J7060

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK | | BLUE BOOK | | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| | | "AWP" | "DP" | "AWP" | "DP" | | |
| 1993 | $7.71 | $8.72 | | $8.72 | $7.34 | $1.80 | $0.97 |
| 1994 | $7.94 | $9.16 | | $9.16 | $7.71 | $1.50 | $0.96 |
| 1995 | $8.18 | $9.43 | | $9.43 | $7.94 | $1.50 | $0.96 |
| 1996 | | $9.71 | | $9.71 | $8.18 | $1.50 | $0.96 |
| 1997 | | $10.20 | | | | $1.50 | $0.96 |

118

ABT008-2583

CIVIL ACTION NO. 95-1354-CIV-MARCUS

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of 5% Dextrose in Water:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 50 ml | 00074-7100-13 | --------- |
| 100 ml | 00074-7100-23 | -------- |
| 250 ml | 00074-7100-02 | -------- |
| 1,000 ml | 00074-7922-09 | J7070 |

## c. DRUG: DEXTROSE 5% WITH SODIUM CHLORIDE 0.9% 500 ML

MEDICAID
NDC NO.: 00074-7941-03

MEDICARE
HCPCS J7042

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK "AWP" | RED BOOK "DP" | BLUE BOOK "AWP" | BLUE BOOK "DP" | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| 1993 | $8.28 | $9.37 | | $9.37 | $7.89 | $1.15 | $1.04 |
| 1994 | $8.53 | $9.83 | | $9.83 | $8.28 | $1.15 | $1.03 |
| 1995 | $8.79 | $10.13 | | $10.13 | $8.53 | $1.15 | $1.03 |
| 1996 | | $10.44 | | $10.44 | $8.79 | $1.15 | $1.03 |
| 1997 | | $10.96 | | | | $1.15 | $1.03 |

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Dextrose 5% with Sodium Chloride 0.9%:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 250 ml | 00074-7941-02 | ------- |
| 1,000 ml | 00074-7941-09 | ------ |

119

ABT008-2584

CIVIL ACTION NO. 95-1354-CIV-MARCUS

## d.  DRUG: RINGERS LACTATE
### 1,000 ML

MEDICAID

NDC NO.: 00074-7953-09

MEDICARE

HCPCS J7120

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK | | BLUE BOOK | | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| | | "AWP" | "DP" | "AWP" | "DP" | | |
| 1993 | $10.30 | | | $11.64 | $9.81 | $1.36 | $1.30 |
| 1994 | $10.61 | $12.23 | | $12.23 | $10.30 | $1.36 | $1.14 |
| 1995 | $10.93 | $12.60 | | $12.59 | $10.61 | $1.36 | $1.14 |
| 1996 | | $12.98 | | $12.97 | $10.93 | $1.36 | $1.14 |
| 1997 | | $13.63 | | | | $1.36 | $1.14 |

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Ringers Lactate:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|------|------|
| 250 ml | 00074-7953-02 | ------ |
| 500 ml | 00074-7953-03 | ------ |

## e.  DRUG: VANCOMYCIN HCL
### 500 MG

MEDICAID

NDC NO.: 00074-4332-01

MEDICARE

HCPCS J3370

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK | | BLUE BOOK | | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| | | "AWP" | "DP" | "AWP" | "DP" | | |
| 1993 | $24.72 | $27.95 | | $27.95 | $23.54 | | $3.76 |
| 1994 | $25.46 | $29.35 | | $29.36 | $24.72 | | $3.51 |
| 1995 | $26.48 | $30.23 | | $29.36 | $24.72 | $4.20 | $3.51 |
| 1996 | | $31.44 | | | | $3.95 | $3.51 |
| 1997 | | | | | | $3.75 | $3.51 |

120

ABT008-2585

CIVIL ACTION NO. ᴗᴗ-1354-CIV-MARCUS

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Vancomycin HCL:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 500 mg Advantage | 00074-6535-01 | ------- |
| 1 gm | 00074-6533-01 | -------- |
| 5.0 gm | 00074-6509-01 | ------- |

## f. DRUG: TOBRAMYCIN SULFATE
### 80 MG

MEDICAID
NDC NO.:00074-3578-01

MEDICARE
HCPCS J3260

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK | | BLUE BOOK | | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| | | "AWP" | "DP" | "AWP" | "DP" | | |
| 1993 | | $8.74 | | $8.74 | $7.36 | $4.92 | |
| 1994 | | $9.18 | | $9.18 | $7.73 | $4.92 | $3.63 |
| 1995 | | $9.45 | | $9.45 | $7.96 | $4.92 | $3.63 |
| 1996 | | $9.83 | | $9.83 | $8.28 | $4.92 | $3.63 |
| 1997 | | $10.32 | | | | $4.92 | $3.63 |

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Tobramycin Sulfate:

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 20 mg | 00074-3577-01 | -------- |
| 60 mg | 00074-3582-01 | -------- |
| 60 mg | 00074-3469-13 | -------- |
| 60 mg | 00074-3254-03 | -------- |

ABT008-2586

CIVIL ACTION NO. 99-1354-CIV-MARCUS

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 80 mg | 00074-3255-03 | -------- |
| 80 mg | 00074-3470-23 | -------- |
| 80 mg | 00074-3583-01 | -------- |
| 2,000 mg | 00074-3590-02 | -------- |

## g. DRUG: PENTAMIDINE ISETHIONATE
### 300 MG

MEDICAID
NDC NO.: 00074-4548-01

MEDICARE
HCPCS

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK "AWP" | "DP" | BLUE BOOK "AWP" | "DP" | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| 1993 | $89.25 | $85.00 | | $100.94 | $85.00 | $75.00 | |
| 1994 | $91.93 | $105.98 | | $105.98 | $89.25 | | |
| 1995 | $95.61 | $109.17 | | $109.17 | $91.93 | $59.00 | $43.00 |
| 1996 | | $113.54 | | $113.54 | $95.61 | | $43.00 |
| 1997 | | $119.21 | | | | | |

## h. DRUG: CLINDAMYCIN PHOSPHATE
### 900 MG

MEDICAID
NDC NO.: 00074-4052-01

MEDICARE

| YEAR | DEFENDANT'S PUBLISHED PRICE | RED BOOK "AWP" | "DP" | BLUE BOOK "AWP" | "DP" | RELATOR'S WHOLESALER COST | RELATOR'S DIRECT COST |
|------|------|------|------|------|------|------|------|
| 1993 | $20.62 | $23.32 | | $23.32 | $19.64 | $3.25 | $7.25 |
| 1994 | $21.24 | $24.49 | | $24.49 | $20.62 | $3.25 | $3.20 |
| 1995 | $22.09 | $25.22 | | $25.22 | $21.24 | $3.25 | $3.20 |
| 1996 | | $26.23 | | $26.23 | $22.09 | $3.25 | $3.20 |
| 1997 | | $27.54 | | | | $3.25 | $3.20 |

Defendant, ABBOTT caused the payment or approval of false or fraudulent claims during the years specified in the above chart by the Medicare and/or States' Medicaid Programs for the following additional size(s) of Clindamycin Phosphate:

122

CIVIL ACTION NO. 95-1354-CIV-MARCUS

| SIZE | MEDICAID NDC# | MEDICARE HCPCS |
|------|---------------|----------------|
| 300 mg | 00074-4053-03 | -------- |
| 300 mg | 00074-4050-01 | -------- |
| 600 mg | 00074-4054-03 | ------- |
| 600 mg | 00074-4051-01 | ------- |
| 9,000 mg | 00074-4197-01 | ------- |

As a direct and proximate result of the actions of the Defendant ABBOTT alleged herein, the United States has sustained damages recoverable under the False Claims Act, together with triple damages, penalties, attorneys' fees and costs.

## SECTION NO. 9

### THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███

106.



ABT008-2588

CIVIL ACTION NO. ᴐᴐ-1354-CIV-MARCUS

# PAGES 124 THROUGH 208

# HAVE BEEN COMPLETELY REDACTED

# WHICH INCLUDES THE END OF

# PARAGRAPH 106

# THROUGH PARAGRAPH 147

ABT008-2589

CIVIL ACTION NO. ___-1354-CIV-MARCUS

As a direct and proximate result of the actions of the Defendant ███████ alleged

herein, the United States has sustained damages recoverable under the False Claims Act,

together with triple damages, penalties, attorneys' fees and costs.

## COUNT I

### FALSE CLAIMS ACT;
### CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS

148.    This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-

A-CARE, on behalf of the UNITED STATES, against the Defendants, ABBOTT

LABORATORIES; ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ under the False Claims Act, **31 U.S.C.**

**§§3729-3732.**

149.    Relator realleges and incorporates by reference paragraphs 1 through 147

as if fully set forth herein and further alleges as follows:

209

CIVIL ACTION NO. 00-1354-CIV-MARCUS

150.   The DEFENDANT PHARMACEUTICAL MANUFACTURERS from a date on or before June 23, 1989 to the present date, knowingly [as defined in 31 USC, §3729(b)] caused to be presented to officers or employees of the UNITED STATES GOVERNMENT false or fraudulent claims [as explained in **United States v. Neifert-White, 390 US 228, 232-233 (1968)**] for payment or approval, in that the DEFENDANT PHARMACEUTICAL MANUFACTURERS caused to be presented to officers or employees of the UNITED STATES GOVERNMENT false or fraudulent price and cost information for the pharmaceuticals specified herein and caused the UNITED STATES to pay out sums of money to the providers and suppliers of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' specified pharmaceuticals, grossly in excess of the amounts permitted by law, resulting in great financial loss to the UNITED STATES.

151.   Because of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of Ten (10) Billion Dollars ($10,000,000,000.00), all in violation of **31 U.S.C. §3729(a)(1)**

## COUNT II

### FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR STATEMENT TO BE MADE OR USED TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT

152.   This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-A-CARE, on behalf of the UNITED STATES, against the Defendants, ABBOTT LABORATORIES; ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

210

CIVIL ACTION NO. 95-1354-CIV-MARCUS

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████ under the **False Claims Act, 31 U.S.C.**

**§§3729-3732**.

153.    Relator realleges and incorporates by reference paragraphs 1 through 147 as if fully set forth herein and further alleges as follows:

154.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS, from a date on or before June 23, 1989 to the present date, knowingly [as defined in **§3729(b)**] caused false records or statements to be made or used to get false or fraudulent claims [as explained in **United States v. Neifert-White, 390 US 228, 232-233 (1968)**] to be paid or approved by the GOVERNMENT, in that the DEFENDANT PHARMACEUTICAL MANUFACTURERS, caused false records or statements of prices and costs of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' pharmaceuticals specified herein to be used by the GOVERNMENT to pay or approve claims presented by the providers and suppliers of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' specified pharmaceuticals, which claims were grossly in excess of the amounts permitted by law, resulting in great financial loss to the UNITED STATES.

ABT008-2592

155.   Because of the DEFENDANT PHARMACEUTICAL MANUFACTURERS'
conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess
of Ten Billion Dollars ($10,000,000,000.00), all in violation of **31 U.S.C. §3729(a)(2)**.

## COUNT III

### FALSE CLAIMS ACT; CAUSING FALSE RECORDS OR STATEMENTS TO BE USED TO CONCEAL AN OBLIGATION TO PAY MONEY TO THE GOVERNMENT

156.   This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-
A-CARE, on behalf of the UNITED STATES, against the Defendants, ABBOTT
LABORATORIES; ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ under the **False Claims Act, 31 U.S.C.**
**§§3729-3732**.

157.   Relator realleges and incorporates by reference paragraphs 1 through 147
as if fully set forth herein and further alleges as follows:

ABT008-2593

158.   The DEFENDANT PHARMACEUTICAL MANUFACTURERS, from a date on or before June 23, 1989 to the present date, knowingly [as defined in §3729(b)] caused false records or statements to be made or used to conceal obligations to pay money to the GOVERNMENT, in that: the DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that the UNITED STATES' Medicare program and the States' Medicaid programs were using the DEFENDANT PHARMACEUTICAL MANUFACTURERS' false price and cost representations for purposes of paying or approving claims of the providers and suppliers of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' specified pharmaceuticals; the DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that sums of money paid by the UNITED STATES and States' Governments to the providers and suppliers of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' specified pharmaceuticals were grossly in excess of the amounts permitted by law; the DEFENDANT PHARMACEUTICAL MANUFACTURERS knew it was the obligation of the UNITED STATES Medicare Part B carriers and State Governments to recoup governments' funds paid in excess of the amounts permitted by law; the DEFENDANT PHARMACEUTICAL MANUFACTURERS, nevertheless, continued to cause the using and making of false records or statements of prices and costs for the specified pharmaceuticals that were grossly in excess of the reasonable amounts permitted by law; and the DEFENDANT PHARMACEUTICAL MANUFACTURERS thus concealed from the UNITED STATES Medicare Part B carriers and State Governments an obligation of the providers and suppliers of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' specified pharmaceuticals to pay recoupment monies to the UNITED STATES and State Governments, resulting in great financial loss to the UNITED STATES and State Governments.

ABT008-2594

CIVIL ACTION NO. 95-1354-CIV-MARCUS

159.    Because of the DEFENDANT PHARMACEUTICAL MANUFACTURERS'

conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess

of Ten Billion Dollars ($10,000,000,000.00), all in violation of **31 U.S.C. §3729(a)(7)**.

## COUNT IV

### FALSE CLAIMS ACT; CAUSING PRESENTATION OF
### FALSE OR FRAUDULENT CLAIMS; ILLEGAL REMUNERATIONS

160.    This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-

A-CARE, on behalf of the UNITED STATES, against the Defendants, ABBOTT

LABORATORIES; ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████ under the **False Claims Act, 31 U.S.C.**

**§§3729-3732**.

161.    Relator realleges and incorporates by reference paragraphs 1 through 147

as if fully set forth herein and further alleges as follows:

214

ABT008-2595

CIVIL ACTION NO. 93-1354-CIV-MARCUS

162.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS, from on or about June 23, 1989 to the present date, knew that the prices charged to their customers for the specified pharmaceuticals were significantly reduced in amount from the prices and costs represented by the DEFENDANT PHARMACEUTICAL MANUFACTURERS and upon which the Defendants knew Medicare and Medicaid claims would be approved and paid. Accordingly, the DEFENDANT PHARMACEUTICAL MANUFACTURERS have each knowingly offered or paid, or caused to be offered or paid, directly or indirectly, overtly or covertly, in cash or in kind, remuneration to their customers in the form of price reductions and/or in the form of illegal remuneration from the Medicare and/or States' Medicaid Programs to induce them to purchase, order or arrange or to recommend purchasing, arranging or ordering the specified pharmaceuticals for which the DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that payment would be made, in whole or in part, by the Medicare and States' Medicaid Programs.  Such financial inducement is specifically prohibited by 42 U.S.C. §1320a-7b(b)(2) and 18 U.S.C §2.

163.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that the Medicare and States' Medicaid Programs would not pay or approve claims for the specified pharmaceuticals if it were disclosed to the Medicare and States' Medicaid Programs that said claims were for amounts that included remuneration prohibited by 42 U.S.C. §1320a-7b(b)(2).

164.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS also knew that their customers, in presenting claims for the specified pharmaceuticals to the Medicare and States' Medicaid Programs, would not and did not disclose that the claim amounts included the remuneration prohibited by 42 U.S.C. §1320a-7b(b)(2).

215

ABT008-2596

CIVIL ACTION NO. 95-1354-CIV-MARCUS

165.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS' knowing and

willful actions in arranging for their customers to receive remuneration prohibited by 42

U.S.C. §1320a-7b(b)(2), in causing the omission of material information from the claims,

and in causing the failure to properly disclose and appropriately reflect the remuneration

in the claims,  caused the claims for the specified pharmaceuticals to be false and

fraudulent claims and caused the claims to be presented to the Medicare and States'

Medicaid Programs for payment and approval in violation of 31 U.S.C §3729(a)(1).

166.    Because of the DEFENDANT PHARMACEUTICAL MANUFACTURERS'

conduct as set forth in this Count, the UNITED STATES suffered actual damages in

excess of Ten Billion Dollars ($10,000,000,000.00)   all in violation of 31 U.S.C.

§3729(a)(1).

**COUNT V**

**FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR
STATEMENT TO BE MADE OR USED TO GET
A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE
GOVERNMENT; ILLEGAL REMUNERATIONS**

167.    This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-

A-CARE, on behalf of the UNITED STATES, against the Defendants, ABBOTT

LABORATORIES; ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

ABT008-2597

CIVIL ACTION NO. 95-1354-CIV-MARCUS

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████ under the **False Claims Act, 31 U.S.C. §§3729-3732.**

168.    Relator realleges and incorporates by reference paragraphs 1 through 147 as if fully set forth herein and further alleges as follows:

169.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS, from on or before June 23, 1989 to the present date, knew that the prices charged to their customers for the specified pharmaceuticals were significantly reduced in amount from the prices and costs represented by the DEFENDANT PHARMACEUTICAL MANUFACTURERS and upon which the Defendants knew Medicare and Medicaid claims would be approved and paid. Accordingly, the DEFENDANT PHARMACEUTICAL MANUFACTURERS have each knowingly offered or paid, or caused to be offered or paid, directly or indirectly, overtly or covertly, in cash or in kind, remuneration to their customers in the form of price reductions and/or in the form of illegal remuneration from the Medicare and/or States' Medicaid Programs to induce them to purchase, order or arrange or to recommend purchasing, arranging or ordering the specified pharmaceuticals for which the DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that payment would be made, in whole or in part, by the Medicare and States' Medicaid Programs.  Such financial inducement is specifically prohibited by 42 U.S.C. §1320a-7b(b)(2) and 18 U.S.C §2.

170.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS knew that the Medicare and States' Medicaid Programs would not pay or approve claims for the specified

217

ABT008-2598

pharmaceuticals if it were disclosed to the Medicare and States' Medicaid Programs that said claims were for amounts that included remuneration prohibited by 42 U.S.C. §1320a-7b(b)(2).

171.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS also knew that their customers, in presenting claims for the specified pharmaceuticals to the Medicare and States' Medicaid Programs, would not and did not disclose that the claim amounts included the remuneration prohibited by 42 U.S.C. §1320a-7b(b)(2).

172.    The DEFENDANT PHARMACEUTICAL MANUFACTURERS' knowing and willful actions in arranging for their customers to receive remuneration prohibited by 42 U.S.C. §1320a-7b(b)2, in causing the omission of material information from the claims, and in causing the failure to properly disclose and appropriately reflect the remuneration in the claims, caused the claims for the specified pharmaceuticals to the false records or statements that were made and used to get a false or fraudulent claim paid or approved by the Government.  The DEFENDANT PHARMACEUTICAL MANUFACTURERS' actions herein caused said false records or statements to be made and used as prohibited by 31 U.S.C. §3729(a)(2).

173.    Because of the DEFENDANT PHARMACEUTICAL MANUFACTURERS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of Ten Billion Dollars ($10,000,000,000.00) all in violation of 31 U.S.C. §3729(a)(2).

## REQUESTS FOR RELIEF

WHEREFORE, the Relator, on behalf of the UNITED STATES, demands that judgment be entered in its favor and against Defendants, ABBOTT LABORATORIES;

218

ABT008-2599

CIVIL ACTION NO. 95-1354-CIV-MARCUS

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ with judgment to be entered against

each defendant for the amount of damages: (1) to the States' Medicaid Programs arising

from claims for each Defendant's respective specified pharmaceuticals; and (2) to the

Medicare Program arising from claims for those pharmaceuticals classified under the

HCPCS codes covering their specified pharmaceuticals, jointly and severally with such

other defendants whose pharmaceuticals fall under said HCPCS codes, as follows:

1.    On Count I (False Claims Act; Causing Presentation of False Claims) for

triple the amount of the UNITED STATES' damages, plus civil penalties of no more than

TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS

($5,000.00) for each false claim;

2.    On Count II (False Claims Act; Causing False Statements To Be Used To

Get False Claims Paid By The GOVERNMENT) for triple the amount of UNITED STATES'

damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00)

and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false statement;

ABT008-2600

CIVIL ACTION NO. __-1354-CIV-MARCUS

3.     On Count III (False Claims Act; causing False Statements To Be Used To conceal An Obligation To Pay Money To The GOVERNMENT) for triple the amount of the UNITED STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false or fraudulent claim paid;

4.     On Count IV (False Claims Act; Causing Presentation of False and Fraudulent Claims; Illegal Remunerations) for triple the amount of the UNITED STATES' damages, plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false claim;

5.     On Count V (False Claims Act; Causing A False Record Or Statement To Be Made Or Used To Get A False Or Fraudulent Claim Paid Or Approved by the Government; Illegal Remunerations) for triple the amount of UNITED STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false statement;

6.     For all fees and costs of this civil action; and

7.     For such other and further relief as the Court deems just and equitable.

Further, the Relator, on its behalf, requests that it receive thirty percent (30%), or such other maximum amount as permitted by law, of the proceeds of this action or settlement of this action collected by the UNITED STATES, plus an amount for reasonable expenses incurred, plus reasonable attorneys' fees and costs of this action. The Relator requests that its percentage be based upon the total value recovered, including any amounts received from individuals or entities not parties to this action.

ABT008-2601

CIVIL ACTION NO. 95-1354-CIV-MARCUS

DEMAND FOR JURY TRIAL

A jury trial is demanded in this case.

Respectfully submitted,

*Atlee W. Wampler III*

Atlee W. Wampler, III
Florida Bar No. 311227

*James J. Breen*

James J. Breen
Florida Bar No. 297178
WAMPLER, BUCHANAN & BREEN, P.A.
900 Sun Bank Building
777 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 577-0044
Facsimile:   (305) 577-8545

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of August, 1997, I caused an original

and a copy of this Second Amended Complaint to be filed under seal and in camera for

sixty (60) days and not to be served on the Defendants named herein or until further order

of this Honorable Court.

I HEREBY CERTIFY that prior to this 12th day of August, 1997, I caused a copy

of this Second Amended Complaint and written disclosure of substantially all material

evidence and information the Relator, VEN-A-CARE possesses to be served on the

Government pursuant to Rule 4(i), Fed.R.Civ.P., prior to the filing of this Second Amended

Complaint by delivering a copy of the Summons, Second Amended Complaint, material

evidence and information to the United States Attorney for the Southern District of Florida,

and by sending a copy of the Summons, Second Amended Complaint, material evidence

221

ABT008-2602