# Exhibit N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL | ) | |
| INDUSTRY AVERAGE | ) | |
| WHOLESALE PRICE LITIGATION | ) | MDL No. 1456 |
| _____ | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| | ) | Hon. Patti Saris |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *United States of America ex rel.* | ) | |
| *Ven-A-Care of the Florida Keys,* | ) | |
| *Inc. v. Abbott Laboratories, Inc. and* | ) | |
| *Hospira, Inc.,* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |

**RESPONSE OF PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC.
TO DEFENDANT ABBOTT LABORATORIES, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND TANGIBLE THINGS**

VEN-A-CARE OF THE FLORIDA KEYS, INC. ("Plaintiff" or "Ven-A-Care"), by

and through its undersigned counsel, files this Response to Defendant, Abbott

Laboratories, Inc. ("Defendant" or "Abbott") First Request for Production of Documents

and Tangible Things and states:

**GENERAL OBJECTIONS**

1.      To the extent these questions and requests are broadly directed at other

pharmaceutical manufacturers and drugs other than those listed in the United States'

Complaint at issue in the above captioned action and not limited in scope to Defendant,

Abbott Laboratories Inc., they are inherently unreasonable, unduly burdensome, not

relevant, and not reasonably calculated to lead to to the discovery of admissible

evidence.  Also, to the extent these requests seek information concerning entities other

than Abbott Laboratories Inc., they may be in violation of existing seals or protective

orders mandated by statute or by other courts of competent jurisdiction. Accordingly,

these responses will be made only with respect to Defendant, Abbott.

2.    To the extent that these questions and requests are not limited to the

specific drugs which are at issue in the latest active pleadings then the requests are

inherently unreasonable, vague and unduly burdensome in scope because of the

enormous amount of drugs which are the subject of Medicare and Medicaid claims.

The responses will be limited to the specific drugs at issue in this litigation referred to in

the United States' Complaint.

3.    Ven-A-Care objects to these Requests to the extent that they seek

information protected from disclosure by any privilege or doctrine, including the

attorney-client privilege, the investigative files privilege, the work-product doctrine, the

joint prosecution/ common interest doctrine, the deliberative process privilege, the law

enforcement privilege or any other applicable basis for invoking privilege.  Ven-A-Care

will screen materials and information to be released to Abbott to remove privileged

materials.  To the extent there is any inadvertent disclosure of privileged information,

Ven-A-Care reserves its right to argue that such inadvertent disclosure shall not

constitute any waiver of the privileges.  Ven-A-Care reserves the right to object to the

introduction into evidence before the Court at any time before or at trial of information

that is privileged or otherwise protected under law and that has been revealed or

produced inadvertently.  Ven-A-Care does not, by responding to these Requests, waive

2

any claim of privilege or the protection of any doctrine.

4.      Ven-A-Care objects to these Requests to the extent they require it to draw legal conclusions or otherwise seek to impose upon Ven-A-Care any requirements beyond those established by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

5.      Ven-A-Care objects to these Requests to the extent that responding would require it to violate any seal imposed by a Court or by statute in the context of a False Claims Act qui tam matter.  Ven-A-Care  will not separately object to any specific Request to assert this ground in such a way where doing so would itself identify a case currently under seal.

6.      Ven-A-Care objects to these Requests to the extent that they seek material which is not subject to release in the absence of a protective order under Fed. R. Civ. Proc. 26(c)(7).  To the extent that these Requests call for material subject to any applicable protective order, it will be produced subject to the terms of that order.

7.      Ven-A-Care objects to the scope of these Requests to the extent they call for documents that are not within the possession, custody or control of Ven-A-Care.

8.      Ven-A-Care objects to each Request to the extent that it seeks information beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Ven-A-Care objects to these Requests as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to

3

January 31, 2001.

10.     The objections set forth herein are based on information now known to Ven-A-Care and its attorneys and are made without prejudice to Ven-A-Care's right to assert additional objections should grounds for objection be discovered at a later time. Ven-A-Care's responses shall not be construed as a waiver of any objection to other discovery requests involving or relating to the same or similar subject matter of any of these Requests.   Additionally, the fact that Ven-A-Care responds to any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such Request.

11.     Ven-A-Care objects to these Requests or parts thereof to the extent that they seek information or documents which are in the possession, custody, or control of Abbott or are publicly available and thus can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

12.     Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ( "the Ven-A-Care Texas Privilege Log"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to requests contained herein and Ven-A-Care reasserts the privileges stated therein.  Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log.  Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made

4

available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

13.     Subject to and without waiving its objections, Ven-A-Care will respond to Requests or portions thereof to the best of its present ability.  Because Ven-A-Care has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, Ven-A-Care reserves the right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

14.     When Ven-A-Care responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, Ven-A-Care does not represent that any such documents or things, in fact, exist or are within its possession, custody, or control.

15.     Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and

5

grounds are reserved and may be interposed at the time of trial.  The fact that Ven-A-Care has responded to any part or all of any particular request is not intended to and shall not be construed to be a waiver by Ven-A-Care of any objection to relevance or admissibility of any evidence in this or any other action.

16.     Ven-A-Care also incorporates herein any objection, whether general or specific, made by the United States to requests for documents or information, or their instructions and definitions, directed to the United States that are similar or the same to those requested herein.

17.     These general objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and hereby incorporated into each response.  The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the Ven-A-Care's general objections to each Request.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

18.     Ven-A-Care objects to Defendant's definitions and instructions to the extent those are inconsistent with or in excess of that which is required by the Federal Rules of Civil Procedure, Local Rules of the District of Massachusetts and Judge Saris's Case Management Orders relevant to the above captioned action, and all responses, therefore, are made strictly in accordance with the applicable rules and orders.

6

19.     Further, to the extent that the definitions and instructions require disclosures of Attorney-Client communications, documents protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation or preparation of litigation, or any other applicable privilege, Ven-A- Care objects to such definitions and instructions and shall not be bound thereby.  Ven-Care also objects to the extent that the definitions and instructions are directed at documents protected by the confidentiality provisions of the False Claims Act, 31 USC 3729, et, seq.

20.     Ven-A-Care objects to Abbott's definition of  "Communication" (definition #7) in that the terms "any oral or written exchange" of "thoughts or ideas" by "any process" are overly broad and vague.  Further, Ven-A-Care objects to Abbott's definition of  "Communication" to the extent that it purports to impose discovery obligations broader than the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiving these objections, Ven-A-Care will look to the descriptive terms included in the Requests themselves to determine the "circumstances" that render a Communication responsive to any Request.

21.     Ven-A-Care objects to Abbott's definitions of the terms "Concern," "Concerning," "Relating to" and "Relate to" (definition #9) as vague and ambiguous in that the proposed definition, which includes the terms and phrases "embody," "mention," "support," "contradict," "whether directly or indirectly," and "as required by the context to bring within the scope of the requests," is not subject to objective application in identifying responsive information with the reasonable particularity required by Fed. R. Civ. Proc. 34 .

7

22.     Ven-A-Care objects to Abbott's definition of "Documents" (definition #13) as overly broad and vague in that the term is defined to include "communications" which Abbott defines by reference to terms that are overly broad and vague.  Ven-A-Care objects to the inclusion within the term "Documents" materials "which are in the possession of the Carrier" and to any implication in the definitions that Carriers or other payment processing contractors are to be included within the definition of Ven-A-Care, the United States or any particular agency.  Ven-A-Care does not have possession, custody or control over documents "in the possession of" any "Carrier".

23.     Ven-A-Care objects to Abbott's definition of the term "Medicaid Drug Rebate Program," (definition #31) to the extent that the definition asserts that the Public Health Service 340B Drug Pricing Program is part of the Medicaid Drug Rebate Program.

24.     Ven-A-Care objects to Defendant's definitions of "U.S. Government" (definition #50).  Such definition far exceeds the scope of the specific claims and issues in this case.

25.     Ven-A-Care objects to Defendants' definition of "Equivalent Drugs' (definition #16) to the extent that it purports to encompass forms of  Equivalent Drugs manufactured by manufacturers other than the Defendant.  As such the definition necessarily renders Defendant's requests including this term overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Ven-A-Care will answer these requests only with respect to the "Subject Drugs" that are at issue in this litigation.

26.     Ven-A-Care objects to Defendant's definition of "Ven-A-Care" (definition

8

#52) and "You and Your" (definition #55) as overly broad to the extent it includes Ven-A-Care's legal counsel.  Ven-A-Care further objects to the extent those words are directed at attorney client communications for the purpose of rendering legal advice or service, work product privileged information, information prepared in anticipation of litigation as well as information protected from disclosure by a common interest privilege.

27.    Subject to these objections and without waiving the foregoing the Plaintiffs respond as follows:

## RESPONSES AND OBJECTIONS

1.    **All documents mentioned in or referred to in preparing Your response to any set of interrogatories or request for admission served by Abbott in this case**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. Ven-A-Care objects to the extent this request calls for Attorney-Client communications, documents protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation or preparation of litigation. Ven-Care also objects to the extent that this request is directed at documents protected by the confidentiality provisions of the False Claims Act, 31 USC 3729, et, seq. This request is overly burdensome because Ven-A-Care and its counsel have had access to information produced by Abbott in other litigation, such as the matter of *Texas ex rel. Ven-A-Care v. Abbott*, that may have been referred to in preparing answers or mentioned in answers; however, Abbott refuses to permit Ven-A-Care to produce Abbott documents in the present case on the basis of Protective Orders in the other litigation, notwithstanding the fact that Abbott may consent to the production of such Abbott documents. Accordingly, Abbott has created circumstances under which the Relator cannot fully produce, in the present action, documents responsive to this request.

**RESPONSE**: By agreement of the parties, Ven-A-Care has not been required to respond to Abbott's Requests for Admission, therefore, Ven-A-Care has no documents responsive to this aspect of the request.  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care

will produce responsive, non-privileged, documents to the extent that it elects to produce records in lieu of answering an interrogatory pursuant to Fed. R. Civ. Proc. 33(d).

### 2. The disclosure statement filed by Ven-A-Care pursuant to 31 U.S.C. §3730(b)(2), and all Documents relating to the transmission or communication of that statement.

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is not reasonably calculated to lead to the discovery of admissible evidence. Ven-A-Care objects to the use of the words "disclosure statement" and "filed" as vague and ambiguous because in the context used in the request they incorrectly describe the directions of 31 U.S.C. §3730.   It is unclear whether the request is directed at the "written disclosure of substantially all material evidence and information the person possesses", as provided in the statute,  and whether the request is inclusive of any complaint "filed in camera" and "under seal". Ven-A-Care objects to the production or identification of any sealed complaint or written materials submitted to the United States or "filed" by Ven-A-Care pursuant to 31 U.S.C. §3730(b)(2). Such complaints and materials are protected from identification and disclosure by sealing orders and/or as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation. To the extent that this request is directed at sealed complaints, Ven-A-Care has previously provided such redacted copies as it has been expressly permitted and directed by order of the court.

To the extent this request seeks information concerning any sealed filings or governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation, this request is also objectionable on the following grounds:

(a)    such information is protected from disclosure pursuant to applicable federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)    such information is protected from disclosure by the attorney-client and/or work-product privilege,

(c)    such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)    such information is protected by the governmental investigative and/or deliberative privileges.

This request is vague, ambiguous and overbroad in scope as it is not limited to the above captioned action against Abbott.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**:  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, please see documents and material provided as part of the Rule 26 Initial Disclosures served by Ven-A-Care.  Ven-A-Care will not withhold otherwise non-privileged or protected documents responsive to Requests for Production, other than Requests 2, 3 and 4, merely because such documents may have also been included in disclosures made by Ven-A-Care to the United States or any State. However, for the reasons stated above, Ven-A-Care objects to the production of such documents in the form of its disclosures to the government or in a manner that will reveal its otherwise privileged or protected communications with the government. Ven-A-Care is withholding documents which it believes are responsive to this request for the reasons stated herein.

3. **From any time period, all disclosure statement filed by Ven-A-Care in any state or federal qui tam action.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference.  This request is not reasonably calculated to lead to the discovery of admissible evidence. Ven-A-Care objects to the use of the words "disclosure statement" and  "filed" as vague and ambiguous because in the context used in the request they incorrectly describe the directions of 31 U.S.C. §3730 and similar state "qui tam" statutes.   It is unclear whether the request is directed at the "written disclosure of substantially all material evidence and information the person possesses", as provided in 31 U.S.C. §3730 and similar state statutes,  and whether the request is inclusive of any complaint "filed in camera" and "under seal".  Ven-A-Care objects to the production or identification of any sealed complaint or written materials submitted to the United States or any State or "filed" by Ven-A-Care pursuant to 31 U.S.C. §3730(b)(2) or any state qui tam action. Such complaints and materials  are protected by sealing orders and/or as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation. To the extent that this request is directed at sealed complaints, Ven-A-Care has previously provided such redacted copies as it has been expressly permitted and directed by order of the appropriate courts.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

This request is also vague, ambiguous and over broad in scope as it is not limited to the above captioned action against Abbott.  Also, it is duplicative and cumulative in that it requests information requested in requests number 2 and 4.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**:  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, please see documents and material provided as part of the Rule 26 Initial Disclosures served by Ven-A-Care.  Ven-A-Care will not withhold otherwise non-privileged or protected documents responsive to Requests for Production, other than Requests 2, 3 and 4, merely because such documents may have also been included in disclosures made by Ven-A-Care to the United States or any State. However, for the reasons stated above, Ven-A-Care objects to the production of such documents in the form of its disclosures to the government or in a manner that will reveal its otherwise privileged or protected communications with the government. Ven-A-Care is withholding documents which it believes are responsive to this request for the reasons stated herein.

**4.     From any time period, all qui tam complaints or disclosure statements pursuant to 31 U.S.C. §3730(b)(2) provided to the U.S. Government or any state government relating to reimbursement of drugs under Medicaid Part B or Medicaid, and all Documents relating to the transmission or communication of that statement.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference. This request is not reasonably calculated to lead to the discovery of admissible evidence. Ven-A-Care objects to the use of the words "disclosure statements" as vague and ambiguous because the directions of 31 U.S.C. §3730 refer to "written disclosure of substantially all material evidence and information the person possesses".  Written materials submitted to the United States, or state government, including the written disclosure and complaint referred to in 31 U.S.C.

12

§3730(b)(2) or any state qui tam action are protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

This request is vague, ambiguous and over broad in scope as it is not limited to the above captioned action against Abbott.  Also, it is duplicative and cumulative in that it requests information requested in requests number 2 and 3.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**:  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, please see documents and material provided as part of the Rule 26 Initial Disclosures served by Ven-A-Care.  Ven-A-Care will not withhold otherwise non-privileged or protected documents responsive to Requests for Production, other than Requests 2, 3 and 4, merely because such documents may have also been included in disclosures made by Ven-A-Care to the United States or any State. However, for the reasons stated above, Ven-A-Care objects to the production of such documents in the form of its disclosures to the government or in a manner that will reveal its otherwise privileged or protected communications with the government. Ven-A-Care is withholding documents which it believes are responsive to this request for the reasons stated herein.

5.     **From any time period, all Communications between Ven-A-Care and the U.S. Government concerning the prices paid by Providers for drugs and/or payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference.  This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Additionally, to the extent this request seeks "presentations", "exchanges of data" or other "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks "presentations or communications that relate in any way to any other lawsuit with allegations relating to drug pricing or drug reimbursement," it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

    (a)    such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

    (b)    such information is protected from disclosure by the attorney-client and/or work-product,

    (c)    such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

    (d)    such information is protected by the governmental investigative privilege.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ( "the Ven-A-Care Texas Privilege Log"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to this request and Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant

14

various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

6.     **From any time period, all Communications between Ven-A-Care and any government or governmental entity regarding any subject relevant to the Complaint or any governmental investigation regarding drug pricing.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference.  This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Additionally, to the extent this request seeks "presentations", "exchanges of data" or other "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks "presentations or communications that relate in any way to any other lawsuit with allegations relating to drug pricing or drug reimbursement," it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following

15

grounds:

(a)   such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)   such information is protected from disclosure by the attorney-client and/or work-product,

(c)   such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)   such information is protected by the governmental investigative privilege.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ( "the Ven-A-Care Texas Privilege Log"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to this request and Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

**RESPONSE**: Such documents in Ven-A-Care's possession, custody or control are privileged and are being withheld.

**7.    All recordings (video or audio), transcripts, interview memoranda, depositions, notes, or other record of Communication made in the course of any investigation regarding drug pricing.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

16

Additionally, to the extent this request seeks "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks communications that relate in any way to any other investigation relating to drug pricing or drug reimbursement, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a) such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b) such information is protected from disclosure by the attorney-client and/or work-product,

(c) such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d) such information is protected by the governmental investigative privilege.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ( "the Ven-A-Care Texas Privilege Log"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to this request and Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

8.     **From any time period, all Communications relating to any interview, meeting, or conference involving Ven-A-Care relating to drug pricing or the reimbursement of drugs by Medicare Part B or Medicaid.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Additionally, to the extent this request seeks "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks communications that relate in any way to any other investigation relating to drug pricing or drug reimbursement, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)  such information is protected from disclosure by the attorney-client and/or work-product,

(c)  such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)  such information is protected by the governmental investigative privilege.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ("the Ven-A-Care Texas Privilege Log"). Some or all of the documents listed on the Ven-A-Care Texas Privilege Log may be responsive to this request and Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

**RESPONSE**:  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

9.  **From any time period, all Documents or data concerning the acquisition costs of Providers.**

**OBJECTIONS**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the drugs in the Complaint and not limited to the Defendant.  Some responsive documentation is equally available to Defendant and was actually produced by the Defendant in the Texas Litigation, with restricted access due to the Defendants' invocation of the Protective Order in that case with respect to the information. Accordingly, Ven-A-Care will not produce this information previously provided by the Defendant here; however, reserves the right to present such information at trial.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.  Please see documents and materials provided as part of the Rule 26 Initial Disclosures served by Ven-A-Care.

> **10.** **From any time period, all Communications between Ven-A-Care and the U.S. Government concerning Ven-A-Care's efforts to persuade the U.S. Government to intervene in any drug pricing litigation.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to Defendant Abbott or the drugs alleged in the Complaint, not limited in scope and not limited to matters relevant to the issues in the present action.

Additionally, to the extent this request seeks "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Such documents in Ven-A-Care's possession, custody or control are privileged and are being withheld.

11. **All Communications referenced in an October 2, 1996 letter from Ven-A-Care to Dr. Bruce Vladeck (attached at Tab 1), all Documents relating to those Communications, and all Documents relating to the transmission or communication of the October 2, 1996 letter.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference. This request seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ("the Ven-A-Care Texas Privilege Log"). Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions and to the extent that the Request is directed at the actual letter of October 2, 1996 or the exhibits thereto, said documents have been previously produced in the instant MDL proceedings; however, Ven-A-Care does not waive its privileges asserted. To the extent the Request is directed at other communications, they are privileged and withheld.

12. **From any time period, all Communications between Ven-A-Care and any State Medicaid Program, NAMFCU or any  MFCU, or any state governmental agency, entity, employee, consultant, or attorney concerning the prices paid by Providers for drugs and/or payment of**

21

**drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited as to scope of time, drug or manufacturer such as to be relevant to the allegations in this case or to lead to the discovery of relevant or admissible evidence.

Additionally, to the extent this request seeks "communications" between Ven-A-Care and any government agency or other entity or person described in the request relating to this action and the related investigation, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks "presentations or communications that relate in any way to.. .any other lawsuit with allegations relating to drug pricing or drug reimbursement," it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, such documents in Ven-A-Care's possession, custody or control are privileged and are being withheld with the exception of any communications not made in anticipation of or relating to pending litigation.

13.     **From any time period, all Communications between Ven-A-Care and any state government or agency concerning Ven-A-Care's efforts to persuade any state government or agency to intervene in any drug pricing litigation.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited as to scope of time, drug or

manufacturer such as to be relevant to the allegations in this case or to lead to the discovery of relevant or admissible evidence.

Additionally, to the extent this request seeks "communications" between Ven-A-Care and "any state government or agency" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Moreover, to the extent this request seeks communications that relate in any way to any other investigation relating to drug pricing or drug reimbursement, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. 3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and other States, and

(d)     such information is protected by the governmental investigative privilege.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ("the Ven-A-Care Texas Privilege Log"). Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care

23

Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

**RESPONSE**: Such documents in Ven-A-Care's possession, custody or control are privileged and are being withheld.

14.   **From any time period, all Communications between Ven-A-Care and any Medicare Carrier or Medicaid Intermediary concerning the prices paid by Providers for drugs and/or payment of drugs under Medicare Part B or Medicaid, including all presentation, questionnaires, or exchanges of data.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

15.   **From any time period, all Communications between Ven-A-Care and any Publisher concerning the prices paid by Providers for drugs and/or the payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or  exchanges of data.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

24

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

16.    **From any time period, all Communications between Ven-A-Care and any Provider concerning the prices paid by Providers for drugs and/or the payment of drugs under Medicare Part B or Medicaid, including all presentations, questionnaires, or exchanges of data.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.  Ven-a-Care further objects to the request as overly broad, unduly burdensome and ambiguous in that the definition of "Provider" encompasses any possible person that works in any way renders "health care services".  The term "health care services" is not defined, unclear and ambiguous.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, if any, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

17.    **All Documents contained at any time on any privilege log submitted by Ven-A-Care in any litigation relating to drug reimbursement.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   The request is harassing in that instead of articulating an appropriate discovery request it broadly requests documents for which Ven-A-Care clearly and expressly has asserted privilege and requires Ven-A-Care to reassert privileges from any drug reimbursement related litigation.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

Ven-A-Care asserts all objections previously asserted with respect to requests for production in such drug pricing litigation and incorporates them herein.  These objections include but are not limited to the following:

Ven-A-Care objects to requests seeking "communications" between Ven-A-Care and any government agency relating to this action and the related investigation in that they seek to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Ven-A-Care objects to requests seeking "communications" that relate in any way to any other investigation relating to drug pricing or drug reimbursement in that they seek to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation, as well as information precluded from disclosure by statute or protective order.

Ven-A-Care objects to requests seeking information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, and objects on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

Ven-A-Care has previously provided the Defendant with a comprehensive Privilege Log in the matter of Texas ex rel Ven-A-Care v. Abbott currently pending in the District Court of the State of Texas in Travis County, Texas, ("the Texas Action") a copy of which is attached hereto as Exhibit "A" ("the Ven-A-Care Texas Privilege Log"). Ven-A-Care reasserts the privileges stated therein. Before and following various rulings by the Texas Court ,Ven-A-Care produced to the Defendant various items from its Texas Privilege Log. Ven-A-Care has previously requested that all items produced by the parties in the Texas Action be made available to the parties in the instant action; however, Abbott has thus far refused to agree to this request. Abbott has also specifically informed the Plaintiffs that it is not prepared to agree that items listed on its privilege log in the Texas Action, but ultimately produced in that action, will be produced in the present action without reassertion of its Texas Action privilege objections. Accordingly, Ven-A-Care is withholding production of the items listed on the Ven-A-Care Texas Privilege Log pending a determination by the Court of the Plaintiffs' pending motions directed at this issue and such other rulings as may be pertinent.

26

**RESPONSE**: Such documents in Ven-A-Care's possession, custody or control are privileged and are being withheld.

18. **All facsimile cover sheets, facsimile confirmations, enclosures, attachments, and any other Documents associated with any Documents contained at any time on any privilege log submitted by Ven-A-Care in any litigation concerning drug reimbursement.**

The **OBJECTIONS** and **RESPONSE** to Request 17 are incorporated herein by reference.

19. **All Documents concerning: (a) the price Ven-A-Care paid for the Subject Drugs or the Equivalent Drugs; (b) all claims for payment submitted by Ven-A-Care to Medicaid Part B or Medicaid for the Subject Drugs or the Equivalent Drugs: (c) all payments made to Ven-A-Care by Medicare Part B or Medicaid for the Subject Drugs or the Equivalent Drugs; (d) any repayments made by Ven-A-Care to Medicare Part B or Medicaid relating to the Subject Drugs or the Equivalent Drugs; and (e) all contracts or agreements between Abbott and Ven-A-Care for the Subject Drugs.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs at issue in this case.

The requested claims and related information include confidential and privileged patient medical information. State and Federal law prohibits the release of medical records without a proper authorization form the patient (or legal guardian), or a Court-ordered subpoena. The Federal Health Insurance Portability and Accountability Act ("HIPAA") forbids the disclosure of privileged medical records absent an authorization from the patient or a Court Ordered Subpoena. See 45 CFR sec 164.508; 45 CFR sec 164.512.

To the extent that this request is directed at documents involving Ven-A-Care's confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

27

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

20. **Documents sufficient to show the cost of Ven-A-Care in providing care to Medicare or Medicaid beneficiaries, including the extent to which payment for drugs was used to offset that cost.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs at issue in this case. This request is misleading and ambiguous in its reference to the extent reimbursement is used to offset treatment costs. The requested information includes confidential and privileged patient medical information.  State and Federal law prohibits the release of medical records without a proper authorization form the patient (or legal guardian), or a Court-ordered subpoena.  The Federal Health Insurance Protability and Accountability Act ("HIPAA") forbids the disclosure of privileged medical records absent an authorization from the patient or a Court Ordered Subpoena.  See 45 CFR sec 164.508; 45 CFR sec 164.512.

To the extent that this request is directed at documents involving Ven-A-Care's confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

21.     **All pleadings or other Documents filed in United States ex rel. Ven-A-Care vs. Abbott Labs, et al., Case No. 95-1354-CIV-Gold, United States District Court for the Southern District of Florida.**

    **OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request seeks pleadings and documents subject to sealing orders pursuant to 31 U.S.C. §3729, et seq. entered in the action described in the request. To the extent permitted and directed by the unsealing orders entered by the Court, Ven-A-Care has already produced redacted pleadings and other documents filed in *United States ex rel. Ven-A-Care vs. Abbott Labs, et al.*, Case No. 95-1354-CIV-Gold, United States District Court for the Southern District of Florida.

    The request seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

    Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

    **RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, such documents in Ven-A-Care's possession, custody or control and not already produced to the Defendant are privileged and/or are under seal and are being withheld.

22.     **From any time period, all Documents concerning any effort by Ven-A-Care to influence laws or regulations concerning  payment for drugs under Medicare Part B or Medicaid.**

    **OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference. This request is not reasonably calculated to lead to the discovery of admissible evidence.  It is also vague, ambiguous, overly broad and unduly burdensome.  The word "influence" is undefined and renders the request overly broad, mis-leading and ambiguous. Officers of Ven-A-Care have provided requested testimony and other information to Congressional Committees and representatives and have communicated with state and federal government representatives about Medicare and Medicaid reimbursement, much of which is objected to on the basis of privilege in the foregoing requests.  As stated, Request 22 places the undue burden on Ven-A-Care to evaluate each such communication and speculate whether it fits into the Defendant's unspecified meaning of "influence".

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

23. **From the time period January 1, 1989 to March 17, 2006, Documents evidencing the steps taken by Ven-A-Care to insure that discoverable information with respect to litigation concerning payment for drugs by Medicare Part B or Medicaid has not been destroyed or otherwise made unavailable.**

**OBJECTION**: All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague, overbroad and ambiguous to the extent that the terms "evidencing", "concerning" and "insure" are not clearly defined.  Particulary, the use of the word "concerning" renders the interrogatory overbroad.

**RESPONSE**:  Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-a-Care, as a party to this litigation, was aware from the commencement of its qui tam action that it must safeguard and not destroy documents related to this litigation.  Ven-A-Care has not destroyed documents related to its qui tam action and has maintained related documents in its corporate office and provided related documents to its counsel.  Ven-A-Care is not aware of documents responsive to this request.

24. **From January 1, 1965 to the end of the Relevant Claim Period, all Documents that mention, refer to, or discuss the relationship between AWP, WAC, List Price, Direct Price or any other figure and (i) the actual or average acquisition cost of Providers and/or (ii) the amount paid by Medicare Part B or Medicaid or drugs.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

To the extent the request includes publically available documents easily obtainable by the Defendant, it is unduly burdensome and overly broad.  Ven-A-Care objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it

seeks information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to January 31, 2001.

Additionally, to the extent this request seeks "presentations", "exchanges of data" or other "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

To the extent that this request is directed at documents involving Ven-A-Care's confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

25. **From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning any audit, report, study, analysis, or survey (whether completed or not) of drug prices.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

26. **From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning any audit, report, study, analysis, or survey (whether completed or not) of actual or average acquisition prices by Providers of drugs and the amounts paid under Medicare Part B or Medicaid for drugs.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

27. **To the extent not requested above, from January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning the meaning and calculation of AWP, WAC, EAC, List Price or Direct Price and/or the decision of whether to use AWP, WAC, EAC, List Price or Direct Price in calculating Payment under Medicare Part B or Medicaid.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

28. **All Documents concerning the meaning of AMP; the calculation of AMP; the relationship of AMP to AWP, WAC, EAC, List Price or Direct Price: and/or the decision of whether to use AMP in calculating payment under Medicare Part B or Medicaid.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

29. **From January 1, 1965 to the end of the Relevant Claim Period, all Document concerning whether the U.S. Government, any state government, any Medicare Carrier or Medicaid Intermediary, governmental payor, or private insurer knew that Manufacturers marketed the "spread" (as that term is used in paragraph 3 of the Complaint) and/or the difference between payment under Medicare Part  or Medicaid and actual or average acquisition cost of Providers.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

30.     **From January 1, 1965 to the end of the Relevant Claim Period, all Documents concerning the "spread" (as that term is used in paragraph 3 of the Complaint) and/or the difference between payment under Medicare Part B or Medicaid and actual or   average acquisition cost of Providers.**

The **OBJECTIONS** and **RESPONSE** to Request 24 are incorporated herein by reference.

31.     **All Documents concerning any investigation, lawsuit, judicial proceeding, or settlement regarding allegedly false claims filed by any Provider related to payment of drugs by Medicare Part B or Medicaid, including but not limited to all governmental audit information regarding the allegedly false claims.**

**OBJECTION**. All general objections and objections to instructions and definitions are incorporated herein by reference. This request is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad in scope in that it is not limited to Defendant Abbott or the drugs alleged in the Complaint.

To the extent the request includes publically available documents easily obtainable by the Defendant, it is unduly burdensome and overly broad.  Ven-A-Care objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information spanning 40 years when the conduct alleged in the Complaint covers the time period from January 1, 1991 to January 31, 2001.

Additionally, to the extent this request seeks "presentations", "exchanges of data" or other "communications" between Ven-A-Care and "the U. S. Government" relating to this action, it seeks to require production of information protected from discovery as attorney work product, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

To the extent that this request is directed at documents involving Ven-A-Care's confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common

33

interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

To the extent this request seeks information concerning any governmental or private investigation pertaining to possible qui tam litigation or pending qui tam litigation whether state or federal, if any exists, this request is objectionable on the following grounds:

(a)     such information is highly confidential and protected from disclosure pursuant to applicable state and federal seal requirements, court orders, and other laws, including but not limited to Federal False Claims Act 31 U.S.C. §§3729-3733,

(b)     such information is protected from disclosure by the attorney-client and/or work-product,

(c)     such information is protected by the common interest privilege shared between Relator, Plaintiff the United States, and States, and

(d)     such information is protected by the governmental investigative privilege.

Ven-A-Care objects to this request as overly burdensome to the extent that the request or parts thereof seeks information or documents that are publicly available in a court file or can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

32.     **All Documents identified in any initial disclosure provided by Ven-A-Care under FRCP 26(a)(1).**

**RESPONSE**: Responsive documents have been produced to the Defendant.

**33.    In paragraph 3 of the Complaint, Plaintiff states that "Abbott reported false, fraudulent and inflated drug prices for certain drugs (listed in ¶¶31 and 35 below) to several price reporting compendia that the Medicare and Medicaid programs relied upon to set reimbursement rates for Abbott's customer."  Produce all Documents that support, concern, or refute that contention.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference. To the extent that this request is directed at documents involving Ven-A-Care's confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

Ven-A-Care further objects to this request as misleading to the extent that it mischaracterizes or misconstrues the allegations of the Complaint; however, Ven-A-Care will exercise its best efforts to produce non-privileged  responsive documents, subject to its objections, based upon its reading of the paragraph specified by the Request.

Ven-A-Care possesses documents and data responsive to this request that was produced by Abbott in the Texas Litigation and which it will produce in this action upon Abbott's consent or other resolution of the Texas Protective Order issue.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to the above objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

**34.    In paragraph 3 of the Complaint, Plaintiff states that Abbott "marketed to existing and potential Customers the Government-funded 'spread' between the inflated reimbursement amounts and the actual acquisition cost of the drugs to boost its sales and profits."  Produce all Documents that support, concern or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 33 are incorporated herein by reference.

35. **In paragraph 6 of the Complaint, Plaintiff states that "Abbott also routinely made false statements directly to state Medicaid programs by reporting these same fraudulently inflated prices to the states." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 33 are incorporated herein by reference.

36. **In paragraph 37 of the Complaint, Plaintiff states:  "The information contained in the published pricing compendia was used by most third party payor insurance companies, including the Medicare and Medicaid programs, in determining reimbursement rates for prescription drugs."  Produce all Documents relating to instances where third party payor insurance companies did <u>not</u> use information contained in the published pricing compendia in determining reimbursement rates for prescription drugs.**

The **OBJECTIONS** and **RESPONSE** to Request 33 are incorporated herein by reference.

37. **In paragraph 37 of the Complaint, Plaintiff states that "Abbott documents show that Abbott knew of the impact of its price representations on government reimbursement on claims submitted by its Customers for is drugs."  Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 33 are incorporated herein by reference.

38. **As to the Subject Drugs and Equivalent Drugs, produce all Documents relating to the use of MAC or the "providers' usual and customary charges" in determining the amount of reimbursement under Medicaid.  See paragraph 40 of the Complaint.**

**OBJECTION**:  All general objections and objections to instructions and definitions are incorporated herein by reference. To the extent that this request is directed at

36

documents involving Ven-A-Care's work product, confidential communications with State and Federal government representatives, confidential documents prepared in anticipation of or concerning pending litigation for or by counsel for the purpose of rendering legal advice or services and/or confidential communications with representatives of state or federal governments with a common interest in anticipated or pending litigation, such documents are privileged as stated in the Objections to Requests 1 through 15 above which are incorporated herein by reference.

Ven-A-Care possesses documents and data that may be responsive to this request that was produced by Abbott in the Texas Litigation and which it will produce in this action upon Abbott's consent or other resolution of the Texas Protective Order issue.

Ven-A-Care further objects to this request as misleading to the extent that it mischaracterizes or misconstrues the allegations of the Complaint; however, Ven-A-Care will exercise its best efforts to produce non-privileged responsive documents, subject to its objections, based upon its reading of the paragraph specified by the Request.

Ven-A-Care asserts and incorporates herein by reference any objection made by the United States to any same or similar request for production served upon the United States.

**RESPONSE**: Subject to that objection, as well as the general objections and objections to Abbott's definitions and instructions, Ven-A-Care has produced or will produce non-privileged documents responsive to this request, to the extent it has such documents in its possession custody or control which relate to the allegations against Abbott.

39.   **In paragraph 42 of the Complaint, Plaintiff states that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

40.   **In paragraph 42 of the Complaint, Plaintiff states that "WAC is used to refer to the price at which a pharmaceutical firm typically sells a drug to wholesalers who would then resell it to a retail customer." Produce all Documents that support, concern, or refute that contention.**

37

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

    41.    **In paragraph 45 of the Complaint, Plaintiff states that "some State Medicaid programs also received price representations directly from manufacturers, and relied upon these representations to confirm the accuracy of the figures they use to determine state reimbursement amounts." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

    42.    **In paragraph 46 of the Complaint, Plaintiff states: "In general, Medicare relied on median AWPs to set reimbursement rates." Produce all Documents relating to instances where Medicare did <u>not</u> rely on median AWPs to set reimbursement rates.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

    43.    **In paragraph 56 of the Complaint, Plaintiff states: "The Customers purchased the products directly from Abbott, through a GPO contract or through wholesalers." Produce all Documents concerning the amounts that Customers actually paid for the Subject Drugs.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

    44.    **In paragraph *59* of the Complaint, Plaintiff states that a "DP is supposed to reflect the price paid by a Customer that buys drugs directly from Abbott and not through a wholesaler." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

    45.    **In paragraph 60 of the Complaint, Plaintiff states: "Abbott was aware of how the Price Publications set its AWPs and knew (1) that the markup remained constant and (2) that its  DPs ultimately controlled the AWP reported by the Price Publications for many of its products."**

> Produce all Documents that support, concern, or refute that
> contention.

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by
reference.

> 46.     In paragraph 61 of the Complaint, Plaintiff states: "In some
>         circumstances, Abbott itself calculated and supplied the AWP which
>         it sought to have published." Produce all Documents that support,
>         concern, or refute that contention.

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by
reference.

> 47.     In paragraph *65* of the Complaint, Plaintiff states: "Abbott reported
>         increasingly higher prices for the Drugs from at least on or before
>         January 1, 1991 through 2001. At the same time, the prices Abbott
>         actually charged to its Customers decreased or remained the same."
>         Produce all Documents that support, concern, or refute that
>         contention.

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by
reference.

> 48.     In paragraph 69 of the Complaint, Plaintiff states: "Over that time
>         period [1989 through 2001], Medicare and Medicaid paid in excess of
>         *$75* million for Abbott's Vancomycin." Produce all Documents that
>         support, concern, or refute that contention, including all documents
>         indicating the U.S. Government paid over *$75* million for Abbott's
>         Vancomycin.

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by
reference.

> 49.     For the time period 1989 through 2001, all Documents concerning the
>         actual acquisition costs that Abbott's Customers paid for
>         Vancomycin that were reimbursed by Medicare or Medicaid.

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by
reference.

50. **In paragraph 74 of the Complaint, Plaintiff states that "the percentage of Abbott's Vancomycin sales reimbursed by Medicaid increased from less than 10% in 1991 to approximately 70% in 2000." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

51. **Paragraphs *75* through 79 contain contentions regarding Abbott's pricing of Vancomycin. Produce all Documents from other Manufacturers concerning the pricing of Equivalent Drugs to Vancomycin.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

52. **In paragraph 77 of the Complaint, Plaintiff states that "Abbott received numerous complaints from Customers over the resulting decrease in the spread" of Vancomycin. Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

53. **In paragraph 77 of the Complaint, Plaintiff states that "Abbott documents show Abbott's pricing personnel carefully considering the additional profits they could generate for Abbott's Customers if they artificially re-inflated the reported prices for Vancomycin 1 GM FTV at various levels." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

54. **In paragraph 83 of the Complaint, Plaintiff states: "Abbott tried to convince First DataBank personnel not to set Abbott's AWP by reference to these new, lower WACs; Abbott wanted First DataBank to continue to use Abbott's then still inflated DPs to maintain its**

        **inflated AWPs. First DataBank refused Abbott's request." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

      **55.**     **In paragraph 88 of the Complaint, Plaintiff states: "Abbott's share of the Medicaid market [for Vancomycin] has dropped steadily since the more accurate prices started being published in 2001 and thereafter from approximately 70% in early 2001 to approximately 20% in 2004." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

      **56.**     **In paragraph 100 of the Complaint, Plaintiff states: "Abbott used the false and fraudulent prices Abbott reported to the Price Publications for these water solutions to manipulate reimbursement." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

      **57.**     **In paragraph 101 of the Complaint, Plaintiff states that "Abbott profited off the scheme by increasing its sales volume and profits." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

      **58.**     **In paragraph 101 of the Complaint, Plaintiff states that "Medicare and Medicaid have paid Abbott's Customers in excess of $100 million for Abbott's LVPs when the typical acquisition costs for those Customers were a fraction of that amount." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.

59.    **For the time period that you contend Medicare and Medicaid paid in excess of $100 million for Abbott's LVPs, all Documents concerning the actual acquisition costs paid by the Customers who submitted the claims Plaintiff alleges were false.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.


60.    **In paragraph 110 of the Complaint, Plaintiff states: "By obtaining monies as a result of its violations of federal and state law, Abbott was unjustly enriched." Produce all Documents that support, concern, or refute that contention.**

The **OBJECTIONS** and **RESPONSE** to Request 38 are incorporated herein by reference.


DATED:   November 29, 2006.


For the Relator,
Ven-A-Care of the Florida Keys, Inc.


/s/ James J. Breen
James J. Breen
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, FL  33029-7470
Phone:  954-874-1635
Fax: 954-874-1739
Email: jbreen@breenlaw.com

42

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day, November 29, 2006, caused an electronic copy of the above to be served on all counsel of record via electronic mail service:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com
Counsel for Defendant Abbott
Laboratories, Inc.

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com
Counsel for Dey, Inc., Dey L.P. and Dey
L.P., Inc.

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: christophercook@jonesday.com
 Counsel for Defendant Abbott
Laboratories, Inc.

Neil Merkl
Paul F. Doyle,
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com
Counsel for Dey, Inc., Dey L.P. and Dey
L.P., Inc.

Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852
Email:  Renee.Brooker@usdoj.gov
Counsel for the United States

Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
 the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Email: Mark.Lavine@usdoj.gov
Counsel for the United States

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S.
Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272
Email:
George.henderson2@usdoj.gov
Counsel for the United States

                              /s/ James J. Breen
_____
                              James J. Breen