# Exhibit Y

Sealed

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-1354-CIV-GOLD

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>ex rel. Ven-A-Care of the )<br>Florida Keys, Inc., )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>Abbott Laboratories; ▇▇▇ )<br>▇▇▇▇▇▇▇▇▇▇ et al., )<br> )<br>Defendants. )<br>_____) | **FILED UNDER SEAL**<br><br>FILED by INTAKE _____ D.C.<br>FEB 2 1 2002<br>CLARENCE MADDOX<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. - MIAMI |

**UNITED STATES' AGREED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW**

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte and under seal, this application for an extension of time of one hundred twenty (120) days up to and including June 22, 2001 in which to notify the Court of its decision whether to intervene in the above-captioned False Claims Act qui tam action, during which the Complaint and all other related filings shall remain under seal.[1]

---

[1] The Legal Authority supporting the proposed extension is set forth in the Government's Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating the same points, the Government respectfully refers the Court to this previously submitted memorandum.

This case is a <u>qui tam</u> action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b). In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e., false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price. The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation. At this time, the United States has continued to engage in serious settlement negotiations with a number of defendants, including ▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ Each negotiation is separate and apart from the others and requires the same high level of detail and attention. We have conducted numerous face-to-face meetings and conference calls with defense counsel in

---

[2] The named defendants include Abbott Laboratories, Inc., ▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒Bayer Corporation, B. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒Dey, Inc., ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒GlaxoSmithKline Corporation (f/k/a Glaxo Wellcome, Inc. and SmithKline Beecham), ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

furtherance of these settlement negotiations and anticipate that additional time will be needed if agreements are to be reached. In addition to the financial terms of settlement, the United States must negotiate a corporate compliance agreement with each defendant that will govern certain aspects of the defendants' conduct.

Previously, the United States notified the Court that it had just begun receiving a new influx of documents from several defendants in response to subpoenas issued several months earlier. Hundreds of boxes of documents with thousands of documents have now been received. Substantial effort has been devoted to reviewing these documents. At one point, a team of ten people were simultaneously reviewing the voluminous documents. Smaller teams are continuing to review the documents on a regular basis. Thus, substantial progress has been made on that project although it is not yet complete and our efforts are ongoing.

Furthermore, in order to move the investigation forward more quickly, the United States has continued to work closely with the many parallel state investigations. At this time, the Attorney General's office of Texas, Florida, Nevada and California are pursuing or have agreed to pursue particular defendants in order to maximize the overall progress of the investigation. The United States has also been working with the Attorney General's Offices from the States of Florida, Illinois and New York. As before, the United States is coordinating with these state investigators to avoid following duplicative areas of discovery.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is

hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) review the subpoenaed records that are just now being produced by several of the defendants, and (5) analyze the additional documents that were produced pursuant to subpoenas to the defendants and witnesses. As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter. The United States is hopeful that significant progress will be made over the extension period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a one hundred twenty (120) day extension will allow the United States and the State representatives to complete this investigation.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal. To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline. This circumstance has been caused primarily by the number of defendants.

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By: _____
MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

February 20, 2002

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for Extension of Time was mailed this __21__ day of February, 2002 to:

James J. Breen
The Breen Law Firm, P.A.
8201 Peters Road, Suite 1000
Plantation, FL  33322

*[signature]*
ASSISTANT UNITED STATES ATTORNEY

- 2 -

ABT008-1514   L