# Exhibit F

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

March 20, 2007

VIA EMAIL

John K. Neal, Esq.
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear John:

      Following our meet-and-confers over the last month, I write to summarize my understanding of the Government's position regarding the deliberative process privilege in this case. First, despite advising the Court that it might not do so, the Government has now made a final decision to assert the privilege in this case. In particular, the Government has made final decisions to assert the privilege to withhold approximately 300 documents identified on a privilege log you sent me on February 9, 2007 (from CMS' files), approximately 100 documents identified on a privilege log you sent me on February 26, 2007 (from Medicare carriers' files), and over 200 documents identified on a privilege log that Justin Draycott sent me on March 12, 2007 (from HHS-OIG's files).

      Second, despite Abbott's repeated requests and a prior motion to compel by Abbott, the Government is unwilling to provide affidavits from responsible, non-lawyer agency officials that set forth the "factual basis for the claim of injury to legitimate government interests flowing from disclosure" of the documents being withheld under the deliberative process privilege. *Grossman v. Schawrz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989). Citing *Grossman*, Abbott has previously advised the Government that "[a]ssertion of privilege by the attorney for the [government agency] or by the author of the document is insufficient." *See* Letter from C. Cook to G. Gobena and J. Draycott (11/19/06). When we asked you to identify *who* within the Government made decisions to withheld particular documents under the privilege, you stated that those decisions were made by "individuals at the agency." You would neither confirm nor deny whether those individuals were lawyers; Mr. Gobena stated our question was "inappropriate."

      Citing the purported "practice" in the District of Massachusetts, you stated that the Government does not believe it is required to provide affidavits from non-lawyer, agency officials until such time as the Government asserts the deliberative process privilege "in Court." You stated that you anticipated that the Court would need to engage in a "document-by-document" *in camera* review of any documents that Abbott seeks in its motion to compel.

JONES DAY

John K. Neal
March 20, 2007
Page 2

    Third, many, perhaps most, of the documents on the privilege logs are being withheld because they are "drafts." When we asked you to identify the final agency decisions to which many of these drafts related, you stated that drafts are inherently deliberative in nature and that the "final decision" for many of the drafts would be the "decision" of whether to send a letter or issue a report. Moreover, you indicated that the Government has withheld drafts from all levels of Government employees, regardless of whether the employee was assisting an agency official charged with making the agency decision.

    Fourth, we asked you whether the Government had made any effort to identify, segregate, and produce documents that concern the Government's knowledge, deliberations, and policies about published drug prices such as AWP and whether the Government was defrauded into believing those prices were something that they were not. You and Mr. Gobena stated that, to your knowledge, the Government has not done so. You reiterated the Government's view that documents relating to the area of "government knowledge" are irrelevant except as they might relate to Abbott's *scienter*. Thus, it is evident that the Government has made no effort to balance its purported need to maintain the confidentiality of these documents with their possible relevance to Abbott's defense.

    Finally, for many of the documents being withheld, I asked you to enunciate what harm would result if the Government produced the withheld documents to Abbott under a protective order. Rather than identifying any specific harm relating to the disclosure of particular documents, you repeatedly reiterated the general purpose of the deliberative process privilege, as provided in the case law, and stated that protection of the privilege was "a matter of principle" for the agency.

                                         Sincerely,

                                         /s/ David S. Torborg
                                       David S. Torborg

cc:    Renée Brooker
       Gejaa Gobena
       Justin Draycott
       Mark A. Lavine
       Ana Maria Martinez
       Ann St. Peter-Griffith
       James J. Breen
       Neil Merkl
       Sarah L. Reid
       Helen Witt
       Eric T. Gortner