UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Nassau v. Abbott Labs, et al.*<br>(E.D.N.Y. No. 04-CV-5126)<br><br>and other cases listed on the following page | ) ) ) ) ) ) ) ) ) ) ) |

**REPLY IN SUPPORT OF MOTION TO RENEW DOCKET # 2199
SEPARATE MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM
CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS**

Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Tel:  (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois  60601-6636
Tel:  (312) 861-2000

*Attorneys for Defendant
Boehringer Ingelheim Corporation*

| | |
|---|---|
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| *County of Suffolk v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. CV-03-229) | ) |
| *County of Westchester v. Abbott Labs., et al.* | ) |
| (S.D.N.Y. No. 03-CV-6178) | ) |
| *County of Rockland v. Abbott Labs., et al.* | ) |
| (S.D.N.Y. No. 03-CV-7055) | ) |
| *County of Dutchess v. Abbott Labs, et al.* | ) |
| (S.D.N.Y. No. 05-CV-06458) | ) |
| *County of Putnam v. Abbott Labs, et al.* | ) |
| (S.D.N.Y. No. 05-CV-04740) | ) |
| *County of Washington v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00408) | ) |
| *County of Rensselaer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00422) | ) |
| *County of Albany  v. Abbott Labs, et al* | ) |
| (N.D.N.Y. No. 05-CV-00425) | ) |
| *County of  Warren v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene  v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia  v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango  v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| County of Madison v. Abbott Labs, et al. | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of  Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |

[Caption Continues on Next Page]

| | |
|---|---|
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |

In their Omnibus Memorandum in Opposition to the Individual Defendants' Renewed Motions to Dismiss, Docket # 4453, plaintiffs refer the Court to and incorporate by reference their opposition and sur-reply papers to the original Individual Motion to Dismiss of Defendant Boehringer Ingelheim Corporation ("BIC").  Specifically, plaintiffs state that BIC's Individual Motion to Dismiss should be denied because "the facts establish that BIC is the alter ego of Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") and therefore a proper defendant." (Omnibus Opp. at 4)

There are two problems with plaintiffs' "alter ego" argument.  First, the "alter ego" theory first espoused by plaintiffs in their sur-reply brief, is not stated *anywhere* in either the original Consolidated Complaint or the First Amended Consolidated Complaint.  Likewise, the factual assertions made by plaintiffs in their sur-reply brief, including that BIC, BIPI and Roxane share the same "leader and controlling person," that BIC has "multi-tasking corporate executives," and that BIC has a website that allegedly "shows that BIC and BIPI are enmeshed and intertwined," (*see* Sur-Reply at 2-3) do not appear *anywhere* within the First Amended Consolidated Complaint filed over a year later on June 8, 2007.  The plaintiffs had every opportunity to attempt to cure their pleading deficiencies under Rule 9(b) in their First Amended Consolidated Complaint with respect to BIC, but chose not to do so.

Second, the "alter ego" case law cited by plaintiffs is inapposite.  Those cases analyzed the alter ego theory as a way to gain personal jurisdiction over a corporate parent. *See, e.g.*, *In re Lernout & Hauspie Sec. Litig.*, 337 F. Supp. 2d 298, 313-314 (D. Mass. 2004) (consideration of the "alter ego" theory is a "test for determining when personal jurisdiction over the parent can be exerted by virtue of the subsidiary's contacts with the forum.").  With respect to pleading liability, however, piercing the corporate veil through an alter ego theory "is the exception, not

4

the rule," and plaintiffs "must meet a very high standard" before they will be allowed to disregard a corporate form. *American Home Assur. Co. v. Sport Maska, Inc.,* 808 F. Supp. 67, 73 (D. Mass.1992). As the First Circuit has explained, "[s]uccessful invocation of the alter ego doctrine requires a showing that businesses, although separately incorporated, have been operated in so imbricated a manner as to justify a reasonable perception that they [are] one and the same." *United Elec., Radio & Mach. Workers of America v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1095-96 (1st Cir. 1992).  Given the fact that plaintiffs have not even alleged an alter ego theory in their First Amended Consolidated Complaint, and that plaintiffs' allegations are subject to the particularity requirements of Rule 9(b) in this case, it is clear that they have not met this high standard with respect to BIC.  Moreover, plaintiffs' suggestion that the Court should await ruling on BIC 's motion to dismiss because the validity of its alter ego theory "is better left to summary judgment stage of the proceedings," (*see* Sur-Reply at 3) is misguided.  In the case cited by plaintiffs for this proposition, defendants sought summary judgment that there was no liability based on an alter ego theory, in addition to its argument that it was subject to dismissal based on a lack of personal jurisdiction, and the Court merely stated that it would first resolve the jurisdictional questions.  In this case, BIC has moved to dismiss under Rule 12(b)(6) and plaintiffs have not even alleged an alter ego theory of liability against it.

In sum, this Court's prior rulings make clear that Rule 9(b) requires conduct identified ***by each defendant***, not by groups.  *In re Pharm. Indus. Average Wholesale Price Litig.,* 263 F. Supp. 2d 172, 194 (D. Mass 2003).  Plaintiffs cannot demonstrate that they have a claim upon which relief can be granted against BIC by identifying drugs allegedly sold by BIC's subsidiaries, which are separately named defendants and have different corporate structures. Plaintiffs do not allege an "alter ego" theory in their First Amended Consolidated Complaint nor

5

any basis to ignore the separate corporate existences of these companies.  And plaintiffs fail to allege wrongdoing by BIC.  Therefore, the First Amended Consolidated Complaint does not cure the pleading failures outlined in BIC's Individual Motion to Dismiss and supporting memoranda.

Date:  July 18,  2007                                       Respectfully submitted,

                By: <u>/s/ Brian P. Kavanaugh</u>
                   Lauren O. Casazza
                   KIRKLAND & ELLIS LLP
                   Citigroup Center
                   153 East 53rd Street
                   New York, NY 10022
                   212) 446-4800

                   Helen E. Witt, P.C.
                   Brian P. Kavanaugh
                   KIRKLAND & ELLIS LLP
                   200 East Randolph Street
                   Chicago, IL 60601
                   (312) 861-2000

                   *Counsel for Boehringer Ingelheim Corporation*

**CERTIFICATE OF SERVICE**

I, Brian P. Kavanaugh, hereby certify that on July 18, 2007, I caused a true and correct copy of the foregoing, REPLY IN SUPPORT OF MOTION TO RENEW Docket # 2199 SEPARATE MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated:  July 18, 2007                                              /s/  Brian P. Kavanaugh