**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____, THIS DOCUMENT RELATES TO: *The City of New York v. Abbott Labs, et al.* (S.D.N.Y. No. 04-CV-06054) *County of Suffolk v. Abbott Labs, et al* (E.D.N.Y. No. CV-03-229) *County of Westchester v. Abbott Labs, et al.* (S.D.N.Y. No. 03-CV-6178) *County of Rockland v. Abbott Labs, et al.* (S.D.N.Y. No. 03-CV-7055) *County of Putnam v. Abbott Labs, et al.* (S.D.N.Y. No. 05-CV-04748) *County of Dutchess v. Abbott Labs, et al.* (S.D.N.Y. No. 05-CV-06458) *County of Washington v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00408) *County of Rensselaer v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00422) *County of Albany v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00425) *County of Warren v. Abbott Labs, et al* (N.D.N.Y. No. 05-CV-00468) *County of Greene v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00474) *County of Saratoga v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00478) *County of Columbia v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00867) *Essex County v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00878) *County of Chanango v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00354) *County of Broome v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00456) *County of Onondaga v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00088) *County of Tompkins v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00397) *County of Cayuga v. Abbott Labs, et al.* | MDL NO. 1456 Civil Action No 01-12257-PBS Judge Patti B. Saris **DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S RESPONSE TO PLAINTIFFS' OMNIBUS MEMORANDUM IN OPPOSITION TO THE INDIVIDUAL DEFENDANT'S RENEWED MOTION TO DISMISS** |

(N.D.N.Y. No. 05-CV-00423)
*County of Madison v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00714)
*County of Cortland v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00881)
*County of Kerkimer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00415)
*County of Oneida v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00489)
*County of Fulton v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00519)
*County of St. Lawrence v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00479)
*County of Jefferson v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00715)
*County of Lewis v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00839)
*County of Chautauqua v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06204)
*County of Allegany v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06231)
*County of Cattaraugus v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06242)
*County of Genesee v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06206)
*County of Wayne v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06138)
*County of Monroe v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06148)
*County of Yates v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06172)
*County of Niagara v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06296)
*County of Seneca v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06370)
*County of Orleans v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06371)
*County of Ontario v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06373)
*County of Schuyler v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06387)
*County of Chemung v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06744); and
*County of Nassau v. Abbott Labs, et al.*
(E.D.N.Y. No. 04-CV-5126)

CHI-1597770v1

**DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
RESPONSE TO PLAINTIFFS' OMNIBUS MEMORANDUM IN OPPOSITION TO THE
INDIVIDUAL DEFENDANTS' RENEWED MOTION TO DISMISS**

In addition to joining Defendants' Joint Motion to Dismiss Plaintiffs' Consolidated Complaint, Defendant TAP Pharmaceutical Products Inc. ("TAP") filed a Supplemental Memorandum in Support of Joint Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Supplemental Motion") on March 3, 2006 on the grounds that Plaintiffs' claims regarding TAP's drug Lupron® were settled and released in connection with two settlements effected in 2001 and 2005. On April 2, 2007, this Court dismissed Plaintiffs' Complaint in part, but did not rule on TAP's Supplemental Motion. Rather than refiling the same motion as to Plaintiffs' later filed First Amended Consolidated Complaint (the "FACC"), TAP filed its Motion to Renew the Supplemental Motion and Reassert its Reply on June 22, 2007.

Plaintiffs now disingenuously claim that this Court's April 2, 2007 Order "specifically denied TAP's motion to dismiss plaintiffs' Best Price claims for Lupron[®]." Pl. Omnibus Memorandum, 7/1//07, at 9. This position is inexplicable given this Court's clear acknowledgement at the May 16, 2007 hearing that it still had to rule on TAP's Supplemental Motion.

> Mr. Tretter: A couple of things, your Honor. First, you have individual defendant's motions to dismiss that are still pending.
>
> The Court: Yes, but most of those are just cookie cutter, if you have a couple of extra things –
>
> Ms. Cicala: Most of them related to the issued you've addressed in your –
>
> The Court: Right. That's why I've been reluctant. In the future, I've instructed they should be company-specific. And a lot of them get repetitive, and they take me forever to get through. Some of them are company-specific, and I will have to go through them.

1

> Mr. Tretter: I think you just have to be mindful that there are some like TAP, you know, which has the total Lupron® in a prior settlement, and there are issue that –
>
> The Court: Right, there are some very good issues like that…

Hearing Tr., 5/16/2007 (Exhibit A), 20:5-21.

Even if this Court had found that Plaintiffs' Best Price alleged claims as to Lupron® survived a Rule 9(b) challenge when it ruled on Defendants' Joint Motion to Dismiss, it certainly did not decide whether all claims related to Lupron® are barred by the 2001 and 2005 settlements. That is the gravamen of TAP's Supplemental Motion. In fact, Plaintiffs already have conceded that their pre-August 2005 Lupron® claims are barred by the 2001 and 2005 settlements. *See* Pl. Opp.to TAP's Supplemental Motion, 4/18/06, at 1; Pl. Sur-Reply in Opposition to TAP's Supplemental Motion, 6/2/06, at 1. Any post-August 2005 claims are equally barred by the 2005 settlement. Having admitted that they are members of the settlement class, Plaintiffs are subject to Judge Stearns' Final Order and Judgment dismissing any Lupron® claims and barring any class members from pursuing Lupron® related claims. The Final Order and Judgment permanently enjoins settlement class members, either directly or representatively, from commencing, continuing or prosecuting "against any or all Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Class Agreement." Exh. B to TAP's Supplemental Motion, 3/3/06, at 7, ¶18. Released Claims under the Class Agreement are defined as both current and future claims. *See* Exh. A to TAP's Reply Memorandum in Support of Defendants' Joint Motion to Dismiss, May 8, 2006, at 10, ¶2(y) ("'Released Claims' means any and all claims . . .that any Releasor who has not timely excluded themselves from the Lupron® Purchaser Class . . . ever had, now has or hereafter can, shall or may have.") Given Plaintiffs' admissions and the clear language of the Class Agreement and Final Order and Judgment, no Lupron®-related claim can survive.

Accordingly, for the foregoing reasons and those identified in TAP's Supplemental Motion and Reply Memorandum, TAP respectfully requests this Court to dismiss with prejudice all claims related to Lupron® in the FACC.

Dated: July 18, 2007

Respectfully submitted,

/s/ Brian J. Murray
Brian J. Murray
Lee Ann Russo
James R. Daly
Rachael E. Philbin
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

**Counsel for Defendant
TAP Pharmaceutical Products Inc.**

CHI-1597770v1                                3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of TAP Pharmaceutical Products Inc.'s Response to Plaintiffs' Omnibus Memorandum in Opposition to the Individual Defendants' Renewed Motion to Dismiss was delivered to all counsel of record via electronic service by sending on July 18, 2006 a copy to Lexis Nexis File & Serve for posting and notification to all parties.

/s/ Rachael E. Philbin