**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

MDL NO. 1456
C.A. No. 01-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 04-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs., et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs., et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs., et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs., et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany v. Abbott Labs., et al.*
(N.D.N.Y. No. 05-CV-00425)

[Caption Continues on Next Page]

**CORRECTED DECLARATION OF JOHN P. BUEKER IN SUPPORT OF DEFENDANTS' JOINT REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT**

*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs. et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| | ) |
| AND | ) |
| | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

I, John P. Bueker, do hereby declare that:

1. I am a member of the bar of the Commonwealth of Massachusetts and of this Court. I am partner with Ropes & Gray LLP, counsel for defendants Schering-Plough Corporation, Schering Corporation and Warrick Pharmaceuticals Corporation. I submit this Declaration in support of Defendants' Joint Reply in Further Support of Their Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint.

New Drugs

2. Plaintiffs' counsel has identified by chemical name 348 drugs that now appear in the exhibits to the First Amended Consolidated Complaint ("FACC") that were not in Plaintiffs' original Consolidated Complaint. Defendants believe that the proper figure for "new drugs" as between the two complaints should be based on individual NDCs, not chemical names. On this view, plaintiffs have added 3,555 new NDCs to this case. See Exhibit 1 to the 6/22/07 Declaration of Kim B. Nemirow Transmitting Documents Submitted in Support of Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint. However, even using chemical names, the 348 number significantly understates the number of new drugs. By defendants' count there are an additional 362 new drugs (see Exhibit 1 hereto), for a total of 710.[1]

Branded SADs

3. In their FACC and their opposition to the motion to dismiss, the Counties contend that, for branded self-administered drugs ("SADs"), any spread between AWP and their alleged market prices greater than 25% should be actionable. For the reasons stated in the accompanying reply memorandum of law, defendants believe that the Counties have calculated the spread in an implausible and unrealistic manner in an attempt to avoid this Court's rulings in this and related cases in the MDL regarding spreads of 30% or less.

[1] One major reason for the discrepancy is that plaintiffs seem not to count a drug as "new" if it was previously in the Consolidated Complaint as to any one defendant. This is unfair. If the drug is "new" to a particular defendant such that the defendant will have to engage in discovery regarding it and the court will have to hear evidence relating to that defendant's version, it should be deemed a new drug.

4. Attached hereto as Exhibit 2 is a table showing the total NDCs for branded SADs that fall within spread thresholds of 30%, 35% and 40% -- using plaintiffs' own inflated figures for computing spreads. Under this analysis, 58% of the total NDCs for branded SADs identified in their counsel's affidavit Exhibit B-1 have spreads that are at or below 30% and thus would "fall out" of the case if a 30% threshold were adopted. When a 35% spread threshold is applied, 73% of the NDCs for branded SADs would be eliminated. When a 40% threshold is applied, 78% of the NDCs for branded SADs would be eliminated from the case. The other tables in Exhibit 2 show, on a defendant-by-defendant basis, the number and percentage of branded SADs that fall out of the case based on the above thresholds.

PADs

5. Under New York Medicaid, drugs administered in a physician's office are not reimbursed based on Average Wholesale Prices ("AWPs"). Plaintiffs contend that other providers (*e.g.*, retailers) are reimbursed for physician-administered drugs ("PADs") that they dispense based on an AWP logic. Plaintiffs have not, however, identified (a) any county that paid a non-physician provider for a particular defendant's PADs or (b) a spread between AWP and the acquisition cost for such a non-physician provider. Accordingly, all PAD allegations should be dismissed.

6. In any event, based on Exhibit B-1 to the affidavit of the Counties' counsel, a total of 166 PAD NDCs would "fall out" of the case if the Court were to strike drugs where the spread alleged is less than or equal to 30%.

I declare under penalty of perjury that the foregoing is true and correct.

                                                          /s/ John P. Bueker
                                                           John P. Bueker

Executed on July 20, 2007 in Boston, Massachusetts.

**CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE**

I, John P. Bueker, hereby certify that on July 20, 2007, I caused a copy of the **DECLARATION OF JOHN P. BUEKER IN SUPPORT OF DEFENDANTS' JOINT REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

/s/ John P. Bueker
John P. Bueker