**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re*: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) Civil Action No. 01-12257-PBS ) |
| **THIS DOCUMENT RELATES TO:** | ) Hon. Patti Saris ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) Magistrate Judge Marianne Bowler ) ) ) ) |

*[PROPOSED]*
**UNITED STATES' POST-HEARING NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE OPPOSITION TO ABBOTT'S MOTION TO COMPEL ADEQUATE RESPONSES TO ABBOTT'S DISCOVERY REQUESTS**

At the hearing on Abbott's Motion to Compel Adequate Responses to Abbott's discovery Requests held on July 20, 2007, the Court stated that it would take various issues under advisement. In particular, the Court expressed an interest in reviewing the case law relating to the question of whether a list of persons interviewed or questioned by the Government during its investigation of relator's *qui tam* allegations would be protected by the work product doctrine.

With respect to that question, the United States respectfully refers the Court to the followings decisions which all uphold the work product-based objection lodged by the United States regarding the inquiry in Abbott's interrogatory number ten for the identity of persons interviewed or questioned by the United States during the course of its investigation. *See Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 154 (D.Mass.1986) ("agree[ing] with the line of cases beginning with the *Uinta Oil* case in 1964 and continuing through the *Board of Education of Evanston TP* case in 1984 which hold that interrogatories which seek the

1

names of persons interviewed by an adverse party's attorney together with the dates and places of such interviews are improper"); *Board of Education of Evanston TP v. Admiral Heating*, 104 F.R.D. 23, 32 (N.D. Ill., 1984)(denying a motion to compel the names of persons interviewed because "to tell plaintiffs whom defendants have interviewed, where and when such interviews took place and whether or not a record was made--is to give plaintiffs no more knowledge of substantive relevant facts, but rather to afford them the potential for significant insights into the defense lawyers' preparation of their case (and thus their mental processes")); *Uinta Oil Refining Co. v. Continental Oil Co.*, 226 F.Supp. 495, 506 (D. Utah 1964)(denying request for "the names of all persons from whom plaintiffs, or their officers, employees or agents, have taken or requested statements [which] in and of itself is not a proper subject for discovery"). *See also*, *E.E.O.C. v. Collegeville/Imagineering Ent.*, 2007 WL 1089712, at *1-2 (D. Ariz. April 10, 2007) ("where a party does not seek to learn of witnesses with knowledge about the case, and instead seeks to learn who has been contacted by opposing counsel, work product concerns arise [because] [s]uch discovery requests seek to track the steps of opposing counsel and their witness interview choices [and thus] focus on the actions of lawyers rather than the knowledge of witnesses"); *Lamer v. Williams Communications, LLC*, 2007 WL 445511, at *2 (N.D. Okla. Feb. 6, 2007) ("even mere disclosure of the names of non-party witnesses Plaintiff's counsel has interviewed would represent an invasion of counsel's mental impressions and strategies"); *In re Veeco Instruments, Inc. Securities Litigation*, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007) (denying motion to compel where "[d]efendants essentially seek the identity of witnesses interviewed by counsel for the Lead Plaintiffs and relied upon in the preparation of the complaint"); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL

1459555, at *4 (N.D. Cal. Jun 21, 2005) ("parties may be compelled to disclose the identity of persons having knowledge, but may not be forced to disclose which of these individuals have in fact been interviewed"); *Ferruza v. MTI Technology*, 2002 WL 32344347, at *3 (C.D. Cal. 2002)("Although the identity and location of witnesses that may have knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by opposing counsel is protected."); *Cruce v. Schuchmann*, 1992 WL 472824, at *2 (D.Kan. Dec 30, 1992) ("the [work product] rule does protect against inquiry of the identity of persons contacted and/or interviewed during an investigation of the incident in anticipation of litigation or for trial"); *Laxalt v. McClatchy,* 116 F.R.D. 438, 443 (D.Nev. 1987) (work product doctrine "prevent[s] opposing counsel, however, from inquiring whether the investigator has interviewed [a] particular person in the course of [an] investigation" because if "this information were disclosed, the opposition would be able to formulate a list of which witnesses counsel considered important and which were not" – such "information is the type of mental impression and trial strategy which the work product rule was meant to protect"); *Appeal of Hughes*, 633 F.2d 282, 289 (3d Cir. 1980) ("Focusing on the list of persons interviewed, we think it is plain that such a list . . . would appear to fall within the definition of work product..."); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2028 (2007) ("Surely an interrogatory asking a party to identify all persons interviewed would contravene work product").

For the United States,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine_____
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
 the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

 /s/ Justin Draycott_____
Joyce R. Branda
Daniel Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Rebecca Ford
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852

Dated: July 24, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day caused an electronic copy of the above POST-TRIAL MEMORANDUM OF THE UNITED STATE IN OPPOSITION TO ABBOTT'S MOTION TO COMPEL ADEQUATE RESPONSES TO ABBOTT'S DISCOVERY REQUESTS to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Date: July 24, 2007

                                                      /s/_____
                                                    Justin Draycott