**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

[Caption Continues on Next Page]

**PLAINTIFFS' OMNIBUS SUR-REPLY TO THE INDIVIDUAL
DEFENDANT'S RENEWED MOTIONS TO DISMISS**

| | |
|---|---|
| *County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458 | )<br>)<br>) |
| *County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878 | )<br>)<br>)<br>) |
| *County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | )<br>)<br>)<br>) |
| *County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267 | )<br>)<br>) |
| *County of Greene v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0474 | )<br>)<br>)<br>) |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00415 | )<br>)<br>) |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0715 | )<br>)<br>)<br>) |
| *County of Lewis v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0839 | )<br>)<br>)<br>) |
| *County of Madison v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00714 | )<br>)<br>) |
| *County of Monroe v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6148 | )<br>)<br>)<br>) |
| *County of Nassau v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 04-CV-05126 | )<br>)<br>) |
| *County of Niagara v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06296 | )<br>)<br>)<br>) |
| *County of Oneida v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0489 | )<br>)<br>)<br>) |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0088 | )<br>)<br>) |
| *County of Ontario v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6373 | )<br>)<br>)<br>) |
| *County of Orleans v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6371 | )<br>)<br>) |
| *County of Putnam v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-04740 | )<br>) |

| | |
|---|---|
| *County of Rensselaer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00422 | )<br>)<br>) |
| *County of Rockland v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-7055 | )<br>)<br>)<br>) |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6387 | )<br>)<br>) |
| *County of Seneca v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6370 | )<br>)<br>) |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479 | )<br>)<br>) |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478 | )<br>)<br>) |
| *County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223 | )<br>)<br>) |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257 | )<br>)<br>) |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397 | )<br>)<br>) |
| *County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123 | )<br>)<br>) |
| *County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468 | )<br>)<br>) |
| *County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408 | )<br>)<br>) |
| *County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138 | )<br>)<br>) |
| *County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178 | )<br>)<br>) |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379 | )<br>)<br>) |
| *County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | )<br>)<br>) |

**PRELIMINARY STATEMENT**

Continuing to ignore the Court's directive at the May 16, 2007 Status Conference[1] to not file individual motions, six defendants (Boehringer Ingelheim Corp. ("BIC"), Barr, Ivax, Endo, TAP and Wyeth) have submitted individual reply briefs in further support of individual motions to dismiss. Three defendants (Amgen, Eli Lilly and Purdue) apparently (if belatedly) chose to honor the Court's directive and did not file reply briefs. Plaintiffs' sur-reply addresses only the individual reply briefs of the six defendants.

With the exception of BIC, defendants' "renewed" motions advance arguments already addressed and rejected by this Court in its April 2, 2007 Order and Memorandum[2] and/or rehearse arguments identical to those now made in the Joint Motion to Dismiss the First Amended Consolidated Complaint ("FACC"). Any remaining issues were fully briefed in plaintiffs' opposition and sur-reply papers to the individual motions to dismiss plaintiffs' June 2005 Consolidated Complaint ("CC"). Plaintiffs' incorporate such papers herein.

BIC improperly asserts three pages of entirely new argument on reply. This fact alone mandates the denial of BIC "renewal" motion. BIC's reply is beyond the scope of plaintiffs' amendment, which was limited to three cross-cutting issues: FULS, PADs and identifying all actionable NDCs.

**BARR/IVAX**

Confronted with the fact that the Court specifically denied defendants' motion to dismiss plaintiffs' AWP and Best Price claims against Barr and Ivax in its April 2, 2007

---

[1] *See* Declaration of Joanne M. Cicala, dated July 11, 2007 (the "Cicala Dec."), Exhibit C (Transcript of May 16, 2007 Status Conference) at 35.

[2] *City of New York et al. v. Abbott Labs, Inc. et al.,* 2007 WL 1051642 (D.Mass April 2, 2007) ("*Abbott Labs*").

1

Order and Memorandum, Barr/Ivax now purport to be seeking dismissal of claims only as to Suffolk County claims.  *See* Barr/Ivax Reply in Support of Joint Renewed Motion to Dismiss at 3.

Barr/Ivax's motion is totally frivolous.  Suffolk County did not assert any claims against Ivax or Barr in the CC or the FACC.[3]  Therefore, there are no claims to dismiss.  Nor has Suffolk County yet moved to join the FACC as against Barr/Ivax.  Rather, at the April 8, 2005 Case Management Conference, the Court specifically instructed plaintiffs not to seek leave to add Suffolk County to their Consolidated pleading as to all defendants until the Court's future rulings issued.  *See* April 8, 2005 Transcript Excerpts at p. 24 (attached hereto as Exhibit A).  Consistent with the Court's instructions, Suffolk County has not yet sought leave to amend in order to assert claims against Barr/Iva and the others within the "Suffolk 13+6".  In the context of the FACC (and the CC before it) Suffolk asserts claims only against "new" defendants.[4]

Additionally, plaintiffs informed the Court in their opposition to the defendants' motions to dismiss the CC that "a Suffolk initiative, if any, in that direction will await court rulings on these motions.  Doing so serves the interests of both judicial and party economy."  *See* Plaintiffs' Joint Opposition to Defendants Joint Motion to Dismiss [CC] (filed April 20, 2006) at 10, n 17. Barr/Ivax's Renewal Motion should be denied in its entirety.

---

[3] The County of Suffolk asserted claims only against Alpharma, Alpha Therapeutics, Dey, Endo, Ethex, Hoffman-LaRoche, The King Group, The Mylan Group, Organon and Serono.  *See* FACC ¶43, CC ¶32. Barr/Ivax acknowledged this limitation by joining in the jointly proposed Case Management Order 20 entered by the Court on January 31, 2006.

[4] Both the CC and FACC explain clearly as follows: Suffolk has already asserted claims against the remaining defendants named herein. *See* Suffolk's Amended Complaint filed August 3, 2003. Those claims have been sustained in part and dismissed in part. Suffolk presently will file a motion for leave to join in this Consolidated Complaint with respect to those defendants."  CC at p. 11, fn 6; FACC at p. 14, fn 5.

**BOEHRINGER INGELHEIM CORP.**

BIC's "renewal" reply contends that (a) the cases cited by plaintiffs in their initial papers to deny BIC's individual motion to dismiss the CC are inapposite; (b) the allegations in the FACC are deficient to establish that BIC sells or markets pharmaceuticals and (c) plaintiffs' did not plead alter ego.

BIC's reply is beyond the scope of plaintiffs' amendment, which was limited to three cross-cutting issues: FULS, PADs and spreads. *See* Declaration of Joanne M. Cicala, dated to July 11, 2007 (the "Cicala Dec."), Exhibit C (Transcript of May 16, 2007 Status Conference) at 35.

Beyond that, BIC's contention that it does not market or sell pharmaceuticals is simply false. It also appears to be a standard response by BIC to any lawsuit filed against it. In *ICT Pharmaceuticals, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc.* 147 F.Supp.2d 268 (D.Del. 2001), the Boehringer foreign entities (BIC's foreign parents of BIC) moved to dismiss claims for lack of personal jurisdiction. *Id.* at 269. In considering the motion, the Delaware District Court discussed the corporate relationship among the members of the Boehringer Ingelheim Corporate Family, including BIC. The Court reviewed the production, marketing and sale of a Boehringer product known as Mobic, a COX-2 inhibitor. *Id.* at 270. The Court noted first that the active ingredient of Mobic was manufactured at a Boehringer Ingelheim facility in Italy, and then sold to Boehringer Ingelheim International, GmbH. *Id.* The Court noted that Boehringer Ingelheim Pharma, KG then converted the active Mobic ingredient to tablets and then shipped the tablets <u>to a facility owned by BIC</u> in Columbus, Ohio for Roxane Labs. *Id.* (emphasis added). The Court also noted that Roxane Labs is owned by BIC. *Id.* The

foreign Boehringer entities claimed all transactions were at arms-length, however, the Court specifically noted, "the same individual officer of BIC represents both BIC and BIPI during the course of the various negotiations." *Id.*

*ICT* confirms that BIC is an active participant in the marketing and sale of Boehringer Group pharmaceuticals and properly named as a defendant herein.

BIC's criticism of plaintiffs' allegations is similarly misleading.  Plaintiffs allege claims against all members of the "Boehringer Group", which is comprised of BIC and its three wholly-owned subsidiaries: Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI"), Roxane Laboratories Inc., and Ben Venue Laboratories, Inc.  All relevant allegations in the FACC are applicable to entire the Boehringer Group. *See FACC* at ¶54.[5]

Plaintiffs' case law is on point and controlling.  In order to determine whether a subsidiary is the alter-ego of its parent, a court must examine "factors that demonstrate whether corporate formalities have been observed," including "whether the parent corporation and its subsidiary were separately incorporated, had separate boards of directors, maintained separate financial records, and had separate facilities and operating personnel."  *In re Lernout & Houspie Securities Litigation*, 337 F.Supp.2d 298, 313-314 (D.Mass.2004).  *See* Plaintiffs' Sur-Reply (filed June 2, 2006) at 2-3.  This authority confirms the propriety of BIC's status as a defendant in this matter.

---

[5] In the event this Court agrees with BIC that plaintiffs' allegations do not establish that BIC is the alter ego of BIPI, Roxane and Ben Venue, plaintiffs respectfully seek leave to amend to remedy this.  Leave should be freely granted given that (a) it will not be futile (in addition to the ICT case cited above, there are a multitude of facts making plain that BIC is an active participant in the marketing and sale of Boehringer Group pharmaceuticals; (b) BIC cannot claim prejudice or surprise; they have been named in this case since day one.

Defendants' case law is inapposite.[6]  In *Amer. Home Assurance Co. v. Sport Maska, Inc.*, 808 F.Supp. 67 (D.Mass. 1992), the defendant corporations, unlike here, were not incorporated in the same state, and did not share the same headquarters.  In *United Elec., Radio & Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080 (1st Cir. 1992), the defendant corporations, again unlike here, were not incorporated in the same state, did not share the same headquarters, and only concerned one agreement as opposed to the overlapping marketing and sales practices of BIC, BIPI and Roxane here.

BIC's Renewal Motion should be denied, as should its original individual motion to dismiss.

**ENDO**

Endo's reply contends that it did not file an improper individual motion without leave of Court, but rather merely renewed its old motion.  *See* Endo Reply in Support of [Renewal] at 1.

Endo's contention is form over substance.  All arguments from Endo's individual motion to dismiss were addressed in the Court's April 2, 2007 ruling.  There are no issues left for the Court to resolve.  *See* Plaintiffs' Omnibus Opposition to Defendant's Individual Motions at 5-6.

Endo's Renewal Motion should be denied.

**TAP**

TAP agrees that this Court found that "Plaintiffs' Best Price alleged claims as to Lupron survived a Rule 9(b) challenge."  *See* TAP Reply at 2.  TAP argues, however, that

---

[6] BIC criticized the case law cited by plaintiffs as concerning personal jurisdiction issues with regard to corporate parents.  Interestingly, both cases cited by Barr/Ivax address the same personal jurisdiction issues.

5

these claims -- and all other Lupron claims -- nevertheless are barred by the 2001 and 2005 settlements. *Id.* Plaintiffs disagree. First, while the 2001 settlement included a release of Best Price related claims, the 2005 Settlement did not. The 2005 Settlement was confined to AWP pricing claims.[7] *See* 2005 Settlement at ¶ 2(t) (attached to TAP Motion to Renew under Tab No. 2).

Under any scenario, therefore, and at a minimum, plaintiffs' Best Price Lupron claims should be permitted to proceed**.**

Beyond that, Plaintiffs do not agree that their claims were released by the 2005 Settlement of *In re: Lupron Marketing and Sales Practices Litigation* ("2005 Settlement"). Plaintiffs are not "Releasors" under the 2005 Settlement and therefore cannot and do not release their Lupron claims.

The 2005 Settlement covers the Lupron Purchaser Class, which "is comprised of (i) third-party payor ("TPP") purchasers, and individual consumers ("Consumers")" who paid for Lurpon.[8] *Id* at p. 2. The 2005 Settlement only bars "Released Claims" which are defined as "any and all claims ... that any Releasor ... ever had [...]". *Id*. at ¶2(y). "Releasors" includes all Consumer Class members and all TPP Class Members. *See id.* at ¶2(z). TPP Class Members are defined as "a private or governmental entity that was at risk by contract to pay all or part of the cost of Lupron..." *Id*. at ¶2(ll) (emphasis added).

The City of New York and the 43 New York Counties were never "at risk by contract" to reimburse Lupron purchases and all reimbursements were pursuant the NY Medicaid statute, therefore by the 2005 Settlement's own terms plaintiffs (or the New

---

[7] The 2005 Settlement covers only Lupron purchases based on AWP. *See* 2005 Settlement at ¶ 2(t) (attached to TAP Motion to Renew, Exhibit 2).

[8] Individual Consumer means "any person falling within the definition of the Lurpon Purchaser Class who is a natural persons who is not a TPP". *Id.* at ¶2(b).

6

York Medicaid program) cannot be a TPP Class Member and cannot be a Releasor. As such, the 2005 Settlement is not applicable to plaintiffs' claims.

Plaintiffs must correct an inadvertent misstatement contained in their sur-reply to TAP's individual motion to dismiss the CC, filed June 2, 2006. In that sur-reply, plaintiffs wrote, "[g]iven the express terms of the 2001 Settlement (the "Settlement") , plaintiffs agree that their Lupron-related claims are barred through August 26, 2005, the date of the Lupron's MDL Final Order and Judgment." Clearly, plaintiffs meant to write, "Given the express terms of the 2001 Settlement (the "Settlement"), plaintiffs agree that their Lupron-related claims are barred through December 3, 2001." Given that TAP's individual motion to dismiss the CC was never ruled on, and given that TAP has filed this renewal of that motion, plaintiffs' important correction in this regard is timely.

Finally, neither the 2001 Settlement or the 2005 Settlement extended beyond Lupron. As such, neither bars plaintiffs' claims relating to Prevacid and PrevPac Patient Packs or any other TAP drug.

TAP's Renewal Motion should be denied as should its original individual motion to dismiss except as to the preclusive effect of the 2001 Lupron Settlement.

### **WYETH**

Wyeth contends that it is justified in filing its "renewal" because plaintiffs "did not correct the underlying pleading deficiencies identified by the Court when they filed the Consolidated Complaint in June 2005." Wyeth's Response in Support of [Its Renewal Motion] at 1. Wyeth contends plaintiffs are seeking to "revive Plaintiffs' insufficient and defunct claims." *Id*. And, Wyeth contends that the individual issues it raised have not been addressed. *See id*.

7

As the Court noted at the May 16, 2007 Status Conference many of the individual motions to dismiss are "cookie-cutter" and "repetitive", thus the Court's reluctance to issue a separate individual order. *See* Cicala Opposition Dec., Exhibit C at 20:5-16. Wyeth's individual motion is clearly repetitive of the issues and arguments raised in Defendants' Joint Motion to Dismiss and subsequently addressed by the Court's April 2, 2007 ruling. Implicit in the Court's April 2, 2007 ruling is the determination of each of Wyeth's "individual" issues. *See Abbott Labs, et al.*, 2007 WL 1051642 (D.Mass April 2, 2007) at *7-14, to wit:

i. The ruling in *Suffolk* was not determinative of the claims in the CC.

ii. The McKesson Servall Prices supported plaintiffs' spread-related claims and that every drug for which plaintiffs alleged a spread greater than the 20-25% markup between WAC and AWP was in the case. *Id.* at *15, n.8.

iii. Plaintiffs sufficiently allege the calculation of the AWP.

iv. Government investigations are relevant. *See id.* at 14-15.

v. Acknowledging that nominal prices are factored into Best Prices is a non-issue as certain Best Price claims were allowed (*see id.* at 17) and those that were dismissed were without prejudice and subject to amendment. *See id.* at 16.

No Wyeth individual issues remain for the Court to determine. Wyeth's Renewal Motion should be denied as should its original individual motion to dismiss.

**CONCLUSION**

For all the foregoing reasons, each of defendant's Renewal Motions should be denied in its entirety and discovery should be permitted forthwith on all NDCs listed in FACC Exhibit B1-40.

Dated: July 24, 2007                                      Respectfully submitted,

                                                          KIRBY McINERNEY & SQUIRE, LLP
Attorneys for the City of New York and all
Captioned New York Counties
Except Nassau
830 Third Avenue
New York, New York 10022
(212) 371-6600

By: _____/s/_____
       Joanne M. Cicala (JC 5032)
       James P. Carroll Jr. (JPC 8348)
       Aaron D. Hovan (AH 3290)

For the City of New York

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
John R. Low-Beer (JL 3755)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

LORNA B. GOODMAN
Peter J. Clines
Nassau County Attorney, by

MILBERG WEISS LLP
Melvyn I. Weiss
Ross B. Brooks
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
Special Counsel for the County of Nassau

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 24th day of July, 2007 he caused a true and correct copy of the Plaintiffs' Omnibus Surreply to the Individual Defendants' Renewed Motions to Dismiss to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456. The response was posted to Lexis Nexis File and Serve's Electronic Service System.

/s/James P. Carroll, Jr.
James P. Carroll, Jr., Esq.
Kirby McInerney & Squire
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600