UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> *State of California, ex rel. Ven-A-Care v. Abbott Laboratories Inc., et al.* <br> CASE No: 1:03-cv-11226-PBS | ) MDL NO. 1456 <br> ) <br> ) CIVIL ACTION: 01-CV-12257-PBS <br> ) <br> ) Judge Patti B. Saris <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] CASE MANAGEMENT ORDER NO. \_\_\_\_**

1.  This Case Management Order (CMO) shall apply to the parties to the case captioned above. To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the parties agree that they are bound by this CMO.

**SCOPE OF DISCOVERY**

2.  When the term "each side" is used in this CMO, it shall mean California and Relator collectively on the one side, and all Defendants to whom this CMO is applicable collectively on the other side. Additionally, the term "Plaintiffs" shall mean California and Relator collectively.

3.  All current and future discovery requests shall conform to the terms of this CMO.

4.  In lieu of making duplicative productions and in response to Requests for the Production of Documents served by Defendants, Plaintiffs can refer by Bates label to materials previously produced by the California Department of Health Services (CDHS) pursuant to a subpoena duces tecum issued by Defendants in *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., v. Abbott Laboratories Inc., and Hospira Inc.*, Civil Action No. 06-11337-PBS; *United*

*States of America ex rel. Ven-A-Care of the Florida Keys, Inc., v. Dey, Inc., et al..*, Civil Action No. 05-11084-PBS; and *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS, District of Massachusetts, MDL No. 1456.  Any Defendant who has not received a copy of the materials produced by CDHS in the proceedings cited above shall be entitled to receive them, subject to paragraph 12 of this CMO.

5.     Plaintiffs shall be entitled to receive all documents generated as provided in paragraph 6 of CMO 18 and shall have access to all deposition transcripts (with exhibits) generated as provided in paragraph 6 of CMO 18.  Plaintiffs shall also be entitled to receive deposition transcripts and a copy of the set or sets of documents, if any, previously produced by a Defendant in connection with any other lawsuit or government investigation in which that Defendant is or was alleged to have overstated the Direct Price (DP), Average Wholesale Price (AWP) or Wholesale Acquisition Cost (WAC), including state court DP, AWP or WAC price reporting actions.  Notwithstanding the language above, in accordance with paragraph 3 of CMO 9, Defendants are not required to produce:  (A) documents or deposition transcripts relating to drugs that are not identified in the California complaint; and (B) documents or deposition transcripts produced by a defendant that are not otherwise relevant to the claims asserted against that defendant in the California complaint, except that Defendants must produce "cross cutting" sales documents inclusive of broad based marketing documents, and all documents that reflect any alleged effort on the part of a defendant to market the spread, or to manipulate the published DP, AWP or WAC, for any drug marketed or sold by the same division or department as a drug identified in the California complaint.  As to the aforementioned documents to be produced, they should include inter alia all documents regarding other drugs marketed and sold by a Defendant to the extent such documents show how a

Defendant allegedly "put together the spread."  The aforementioned requirements also apply equally to Defendants' responses to all discovery demands propounded by Plaintiffs, subject to any appropriate claim of privilege.  Plaintiffs likewise will not withhold documents from their Initial Disclosures or otherwise responsive to Defendants' discovery demands merely because the document(s) concern a drug or drugs not named in the operative Complaint, unless the document is withheld under an otherwise appropriate claim of privilege.

6. Plaintiffs, State of California and Ven-A-Care, and Defendants, shall each complete their respective Initial Disclosures within 60 days of the filing date of the Motion For Entry of this CMO, or on the first business day following any holiday or weekend on which the 60th day falls. Defendants may satisfy this requirement via one of three alternatives, as applicable: (A) A Defendant which (1) has not produced the information described in CMO 18, paragraph 6, but (2) has previously made a Rule 26 Initial Disclosure within the MDL, may provide the same Initial Disclosure to Plaintiffs provided it is updated as required to represent a complete and current Disclosure (see Fed. R. Civ. P. 26(a)(1)(A), (B));  or (B) A Defendant which has completed its CMO 18, paragraph 6 production, or has otherwise provided documents to California, need provide only the information described in subparagraph (a)(1)(A) of Rule 26; or (C) A Defendant which does not fall in either preceding category shall respond in accordance with Rule 26 (see Fed. R. Civ. P. 26(a)(1)(A) and (B)). California will produce to each Defendant as part of their Rule 26 Initial Disclosures: (A) a list of individuals likely to have discoverable information; (B) organizational charts for CDHS since 1985; (C) CDHS's paid claims data and total utilization for that Defendant's named drugs for 1994 through 2004 (including the claims data extract criteria and the file layout for the claims data, a text file documenting the actual data extract, and the claims data in delimited text format), except that in accordance with the Court's order the data will not

include claims for any drug reimbursed under a MAIC; (D) CDHS's formulary file and procedure master file reflecting reported price levels for each of the Defendant's named drugs; (E) documents identifying and relating to the methodologies and formulas used to describe Medi-Cal's reimbursement, administration or dispensing of drugs (i.e. agency provider manual, procedure master file, formulary file); (F) non-privileged documents relating to any proposals to change the Medi-Cal reimbursement system; (G) documents concerning CDHS's relationship with its fiscal intermediary, Electronic Data Systems, in regard to performing claims processing or payment; (H) the state Medicaid plan and amendments filed by California pursuant to 42 U.S.C. § 1396(a), from 1981 to the present; (I) documents pertaining to CDHS's document retention schedules; and (J) a damages statement.

7. Document Requests, Interrogatories and Requests for Admission shall be subject to the following parameters:

    A. For purposes of paragraph 7 of this CMO, each subpart of a discovery request shall count as a separate request.

    B. Defendants as a whole shall be permitted to serve 50 interrogatories on each Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 25 interrogatories on each Plaintiff. Plaintiffs as a whole shall be permitted to serve 75 interrogatories on each Defendant.

    C. Defendants as a whole shall be permitted to serve a reasonable amount of requests for the production of documents not to exceed 5 sets of such requests, and otherwise consistent with Fed. R. Civ. P. 34, on each Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 2 sets of requests for production of documents on each Plaintiff. Plaintiffs as a whole shall be permitted

to propound 7 sets for requests for production of documents on each individual Defendant.

D. As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 100 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each Plaintiff.  In addition, individual Defendants shall each be permitted to propound an additional 50 requests for admission that seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule on each Plaintiff.  Plaintiffs as a whole shall be permitted to propound 150 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each individual Defendant.

E. As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 100 requests for admission that do not seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each Plaintiff.  In addition, individual Defendants shall each be permitted to propound an additional 25 requests for admission that do not seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule on each Plaintiff. Plaintiffs as a whole shall be permitted to propound 125 requests that do not seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule on each individual Defendant.

F. Any party seeking to serve discovery requests beyond those specified in Paragraphs 7(A) – 7(E) may do so by obtaining leave of Court, upon a showing of good cause.

G. Any documents reasonably available in electronic format shall be provided in an electronic format that is feasible, usable and acceptable to both parties. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters, including agreeing upon an acceptable format.

H. Except as otherwise agreed to by the parties, a party upon whom a document request is served shall serve a written response within 30 days after the service of such request in accordance with Fed. R. Civ. P. 34.

I. A party responding to a document request shall endeavor in good faith to produce all documents responsive to such request within 60 days of service of the request, subject to any objections. If a responding party objects only in part to a document request, that party shall endeavor in good faith to produce all documents responsive to the part of the request to which the party does not object within 60 days. The parties shall confer in good faith, and agree upon a reasonable rolling production, when the volume or nature of certain document requests renders the 60-day response period impracticable. The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

J. Privilege logs shall be provided 30 days after a completed production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege or protection. No stamps of "confidential" or the like shall be on the text of a

        document, unless such document was previously produced with such stamp and such stamp cannot be easily removed. All documents shall be produced in their original size or as currently maintained. No declaration or affidavit, which would otherwise be required to support a claim of privilege regarding a document withheld under such claim, shall be necessary unless the party seeking production serves and files a motion to compel.

8.    Depositions shall be subject to the following parameters:

    A.    The following deposition protocols apply to all non-expert deponents. The parties shall meet and confer separately on expert witness deposition protocols. Defendants will conduct depositions of CDHS officials jointly, except when scheduling issues or other exigent circumstances make that impractical and when Defendants have first consulted with Plaintiffs in advance regarding the scheduling issues or other exigent circumstances in a good faith effort to avoid subjecting CDHS officials to more than one deposition. Unless otherwise agreed by the parties, depositions of CDHS officials shall take place in Sacramento or San Diego. Similarly, Plaintiffs' depositions of Defendants' current and former employees will be taken jointly by California and Ven-A-Care, and will be taken in the appropriate place-of-business locations as determined by respective Defense counsel unless otherwise agreed by the parties.

    B.    Only the time used by a party in actual questioning of a witness shall count towards that party's or side's time limits on depositions set forth in this CMO. Time spent on breaks and discussion among counsel shall be excluded. These limitations apply only to parties in this case.

C. Unless otherwise ordered by the Court or agreed to by the parties, no deposition of any individual person shall last longer than 21 hours. The side taking the deposition shall have 14 hours for questioning, and the side defending the deposition shall have 7 hours for questioning. These limitations apply only to parties in this case.

D. Unless otherwise authorized by the Court or stipulated by the parties all fact depositions shall be conducted in accordance with Fed. R. Civ. P. 30.

E. Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered into evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out. The camera shall remain focused on the witness and shall not videotape any other person at the deposition.

F. 30(b)(1) Depositions of Current or Former Employees of the Parties. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter that identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. As soon as practicable, the responding party shall contact the requesting party with a proposed date or dates for the taking of the deposition, unless the party intends to move for a protective order regarding the deposition. With respect to requests for depositions of current employees, the parties agree to endeavor in good faith to provide a proposed date or dates within 10 business days from receiving the letter (except as agreed by the

8

parties). When the deposition request letter does not identify the specific individual to be deposed, the responding party shall identify the witness testifying in response to the request. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 45 calendar days from the date of the requesting party's initial request. Any motion for protective order shall be filed no later than 30 calendar days from receiving the requesting party's initial request; any response to the motion for protective order shall be filed within 14 calendar days of the filing of the motion for protective order. The filing of a motion for protective order shall stay the deposition, pending adjudication or other disposition of the motion. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

G. 30(b)(6) Depositions. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a party under Rule 30(b)(6) shall send a letter to the responding party that describes with reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6). As soon as practicable but no later than 30 calendar days from receiving the letter (except as agreed by the parties), the responding party shall contact the requesting party, identifying the designated witness(es) and providing a proposed date or dates for the taking of the deposition, along with the party's objections to the topics, if any, unless the party intends to move for a protective order regarding the deposition. The parties shall confer regarding a mutually convenient time and place and the

estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 45 calendar days from the date of the requesting party's initial requests. Any motion for protective order shall be filed no later than 30 calendar days from receiving the requesting party's initial request; any response to the motion for protective order shall be filed within 14 calendar days of the filing of the motion for protective order. The filing of a motion for protective order shall stay the deposition, pending adjudication or other disposition of the motion. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

H. Third Party Depositions. A deposition of a third-party witness shall be initiated through service of subpoena under Rule 45. The subpoena shall provide at least a twenty-one day notice of the initial setting of the deposition. The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the party serving the subpoena shall post the subpoena on LexisNexis File & Serve.

I. The depositions limits set forth in Local Rule 26.1 of the Rules for the District of Massachusetts, and the Federal Rules of Civil Procedure, shall not apply to the parties in this matter.

J. Cross-Noticed Depositions. Absent agreement of all affected parties, a party in this case seeking to cross-notice a deposition in another DP, AWP or WAC case (*e.g.*, state AWP, WAC, or DP litigation) shall inform opposing counsel in writing as soon as practicable, preferably at least two weeks before the date of the scheduled

deposition. When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve. A deposition (and exhibits) in another AWP case that is cross noticed by a party in this case may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case, as long as all parties to this case had notice of the deposition and complied with paragraph 8.K. A party may object to cross-noticing on relevancy or other grounds. If a party objects to such cross-notice, it will notify the noticing party promptly and, if the parties cannot reach an agreement, will move for a protective order. The limitations otherwise set forth in Paragraph 8 herein shall not apply to depositions that are cross-noticed from other proceedings.

K. A Defendant may not cross-notice a deposition of a current or former employee of the Defendant pursuant to paragraph 8.J of this CMO until 20 days after the noticing Defendant has completed all document production required by paragraph 5 of this CMO. This limitation does not apply to defendant Abbott Laboratories Inc.

**PRE-TRIAL SCHEDULE**

9. Unless otherwise directed by the Court, the following deadlines shall apply from the date of entry of the instant CMO. In instances where a particular deadline falls on a holiday or weekend, the deadline will be extended to the first business day following the holiday or weekend:

| DEADLINE | ACTION |
| --- | --- |
| June 10, 2008 | Deadline for joinder of any new parties to the case. |
| September 2008 | Parties to engage in mediation |
| December 15, 2008 | All fact discovery shall be completed. |

| January 22, 2009 at 2:00 p.m. EST | Status Conference |
|---|---|
| February 15, 2009 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| March 15, 2009 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| June 15, 2009 | All expert depositions shall be completed |
| July 15, 2009 | Deadline to file Motions for Summary Judgment. |
| August 15, 2009 | Deadline to file Responses to Motions for Summary Judgment. |
| September 1, 2009 | Deadline to file Replies to Responses to Motions for Summary Judgment. |
| September 15, 2009 | Deadline to file Surreplies to Replies to Responses to Motions for Summary Judgment. |

**OTHER PROVISIONS**

10.     Nothing in this CMO precludes any party from filing in the future an appropriate motion for protective order, or extension of deadlines, or relief from any provision herein for good cause, pursuant to Fed. R. Civ. P. 26(c).

11.     When reasonably feasible, all documents produced by Defendants shall include the Bates numbers from all previous AWP, WAC or DP cases, in any jurisdiction, in which the same documents were previously produced.

12.     The Protective Order entered by the Court on December 16, 2002 (dated December 13, 2002) shall apply to all initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information

exchanged by the parties or by any third party in response to discovery requests or subpoenas, with the following exception: When responding to a discovery demand propounded by one or more Defendants in the above captioned action, the provisions of paragraph 9 of the Protective Order shall not be construed to require either Plaintiff State of California or the California Department of Health Services (or its successor) to notify any Defendant of the disclosure of that Defendant's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (as defined in paragraphs 3 and 5 of the Protective Order), which would result from California's production in response to the discovery demand.

Dated: _____, 2007      _____
                                               PATTI B. SARIS
                                               UNITED STATES DISTRICT JUDGE