UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>01-12257-PBS | |

## DEFENDANT AMGEN INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CLASS CERTIFICATION

Amgen Inc. ("Amgen") submits this supplemental memorandum in opposition to class certification. As a result of the Court's November 2, 2006 Memorandum and Order ("November 2 Order") and more recent June 21, 2007 Findings of Fact and Conclusions of Law ("Findings & Conclusions") issued in the "Track 1" case,[1] it is clear that the proposed Class 1 and Class 2 representatives against Amgen lack standing to pursue claims against Amgen, either in their individual or representative capacities. Accordingly, plaintiffs' motion to certify Classes 1 and 2 against Amgen must be denied, and the Class 1 and Class 2 claims against Amgen must be dismissed.[2]

### Introduction

On May 8, 2006, plaintiffs moved for an order certifying claims of three separate classes against Amgen. As to Amgen, plaintiffs identified three Class 1 representatives

---

[1] *See* Memorandum and Order, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, No. 01-12257-PBS (D. Mass. Nov. 2, 2006) ("*In re AWP*") (granting Track One defendants' motion for summary judgment "with respect to Medicare Part B drugs furnished in 2004.") (Docket No. 3299); Findings of Fact and Conclusions of Law, *In re AWP* (D. Mass. June 21, 2007) (Docket No. 4366).

[2] Amgen incorporates by reference both its Corrected Individual Memorandum in Opposition to Plaintiff's Motion for Track Two Class Certification, *In re AWP* (D. Mass. June 26, 2006) (Docket No. 2819), as well as the Track Two Defendants' Memorandum in Opposition to Class Certification, *In re AWP* (D. Mass. June 15, 2006) ("Joint Opposition") (Docket No. 2687).

(Susan Ruth Aaronson, Harold Bean, and Harold Carter); one Class 2 representative (Sheet Metal Workers); and one Class 3 representative (Pipefitters Local 537 Trust Funds).[3] In their submissions to the Court, the proposed Class 1 and Class 2 representatives provided evidence, however, of payments for Amgen's products made only in 2004 or later.[4]

On November 2, 2006, this Court granted, in part, Track 1 defendants' motion for summary judgment as to all 2004 encounters.[5] The Court has similarly recognized that this case does not involve drug reimbursements made after enactment of the Medicare Prescription Drug, Improvement and Modernization Act ("MMA") in December 2003.[6] By virtue of these two rulings, 2004 and 2005 drug payments are no longer part of this case. As a result, every drug payment identified by the named Class 1 and Class 2 representatives against Amgen falls outside the pertinent time period determined by the Court. Because these plaintiffs have no viable claims against Amgen, they lack standing both individually and as representatives of the putative classes. Accordingly, their claims must be dismissed and plaintiffs' motion to certify Classes 1 and 2 against Amgen must be denied.

Analysis

I.   THE PROPOSED CLASS 2 REPRESENTATIVE LACKS STANDING TO PURSUE CLAIMS AGAINST AMGEN.

As this Court has recognized, a representative must have standing both as an individual and as a representative of the putative class to pursue claims on behalf of the

---

[3] Plaintiffs' Memorandum of Law in Support of Motion to Certify Claims with Respect to Track 2 Defendants, *In re AWP* (D. Mass. May 8, 2006) (Docket No. 2523).
[4] *See* Expert Declaration of Steven J. Young in Support of Track 2 Defendants' Opposition to Class Certification (June 15, 2006) (Docket No. 2790); *see also* Declaration of Steven J. Young in Support of Amgen Inc.'s Supplemental Opposition to Class Certification (July 25, 2007) ("Supp. Young Decl.") (attached as Ex. A) at ¶¶ 5-6; *see also* Exhibits 1 and 2 to Supp. Young Decl.
[5] November 2 Order at 24.
[6] Findings & Conclusions at 6.

class.[7] In order to satisfy this requirement, a plaintiff must demonstrate that he "has personally suffered some actual injury…as a result of the allegedly illegal conduct of the defendant."[8] By extension, if a named plaintiff is unable to establish cognizable injury, he cannot "seek relief on behalf of himself or any other member of the class."[9]

Sheet Metal Workers, the sole named Class 2 plaintiff against Amgen, have relied on records relating to four encounters involving an Amgen product – two from 2004, and two from 2005 – none of which give rise to a claim against Amgen.[10] In the Court's November 2006 summary judgment ruling, it made clear that Class 2 post-2003 claims were no longer a part of this case as a result of the MMA.[11] As a result, <u>all</u> of the transactions identified by the <u>sole</u> Class 2 representative for Amgen – Sheet Metal Workers – fall outside the applicable class period. Because Sheet Metal Workers has no claims against Amgen, it necessarily must lack standing both individually and as a representative of the putative class. Accordingly, the Class 2 claims against Amgen must be dismissed and plaintiffs' motion to certify Class 2 against Amgen must be denied.[12]

---

[7] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 80 (D. Mass 2005).
[8] *Dallas Gay Alliance, Inc. v. Dallas County Hospital Dist.*, 719 F. Supp. 1380, 1384 (N.D. Tex. 1989); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).
[9] *O'Shea*, 414 U.S. at 494.
[10] Supp. Young Decl. ¶ 6; *see also* Exhibit 2 to Supp. Young Decl.
[11] November 2 Order at 23-24.
[12] Courts must deny class certification due to lack of standing because without it, the proposed representatives cannot meet the typicality, commonality, and adequacy of representation requirements under Rule 23. *See, e.g., Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157-159 ns. 13 & 15 (1982); *see also* 1 *Newberg on Class Actions* at § 2.5 (4th ed. 2002); *Dallas Gay Alliance, Inc.*, 719 F. Supp. at 1391 ("Plaintiffs, who have not suffered any injury as a result of defendants' conduct, do not possess claims typical of class members who may allegedly suffer an injury."). Technically, however, lack of standing is cause for dismissal, not class denial. *See, e.g., O'Shea*, 414 U.S. at 494 n.3; *see also* 1 *Newberg* at § 2.9.

\\\BA - 058360/000066 - 228373 v1

3

## II. THE PROPOSED CLASS 1 REPRESENTATIVES AGAINST AMGEN ALSO LACK STANDING TO PURSUE CLAIMS AGAINST AMGEN.

### A. The proposed Class 1 representatives against Amgen lack standing individually and as representatives of the putative class.

Similarly, the proposed Class 1 representatives against Amgen lack standing to pursue their claims against Amgen. The three named putative class representatives identified by plaintiffs produced records relating to more than 100 encounters with Amgen products – <u>all from 2004 or later</u>.[13] For the same reasons discussed above, none of these encounters give rise to a claim against Amgen.

Like Class 2, Class 1 plaintiffs should not be permitted to proceed with claims for drug payments in 2004 or later. The Court's rationale in deciding this issue with respect to Class 2 applies with equal force to Class 1. Class 2 alleges that its payments were tied directly to what Medicare pays, covering a percentage of Medicare's allowable amount.[14] Any Class 2 payments tied to Medicare, therefore, are derivative of those of the federal government since plaintiffs' claims are premised on their assertion that Class 2 had no control over the Medicare reimbursement rate set by the federal government.[15] Accordingly, just as the class period for the Class 2 government-derivative claims ended with the passage of the MMA in December 2003, so too should the class period for Class 1.

Like Class 2, Class 1's claims, as alleged by plaintiffs, are again tied to the federal government.[16] Like Class 2, Class 1 consists of those who paid a portion of Medicare's

---

[13] Supp. Young Decl. ¶ 5; *see also* Exhibit 1 to Supp. Young Decl.
[14] Plaintiff's Proposed Consolidated Order Re: Motion for Class Certification Track 2, *In re AWP* (D. Mass. Oct. 16, 2006) (Docket No. 3221) ("Plaintiff's Proposed Order").
[15] As defendants pointed out in their Joint Opposition, however, not all payments made by Class 2's proposed representative, Sheet Metal Workers, for defendants' drugs were tied to what Medicare paid. Joint Opposition at 33.
[16] Whether such derivative claims are even cognizable under the relevant consumer protection statutes is a question of state law, which is going to vary from jurisdiction to jurisdiction.

allowable amount, an amount set by the federal government.[17] And, since the Court has already determined that payments based on the MMA's "new reimbursement benchmarks," and after Congress understood "AWP was different than average sales price and was not reflective of actual prices in the marketplace,"[18] are not a part of this case, then Class 1 members cannot assert such derivative claims in 2004. It follows, then, that all Class 1 claims relating to payments made in or after December 2003 should be dismissed from the case.[19]

Accordingly, because there are no named Class 1 plaintiffs against Amgen with standing, Class 1's claims against Amgen should be dismissed and plaintiffs' motion to certify Class 1 against Amgen should be denied.

> B. **Even if the court finds that the proposed Class 1 representatives against Amgen have individual standing, their claims are not typical or common of the class.**

Even if this Court rules that its Order does not apply to Class 1, the proposed Class 1 representatives against Amgen do not have claims that are typical or common to the class, thus Class 1 cannot be certified as to Amgen.

---

[17] *See* Plaintiffs' Proposed Order.
[18] Findings & Conclusions at 6; November 2 Order at 23-24.
[19] The Court indicated as much at a recent hearing, noting that Class 1 should not be treated differently from Classes 2 and 3 when it comes to government knowledge of AWP and thus, that the so-called "30 percent speed limit" should apply to all three classes:

> MR. BERMAN: But, we felt it was a different issue with the consumers, because there's no evidence that they had any knowledge of the so-called industry norm of 20, 25 percent.
>
> THE COURT: Well, I ruled to the contrary and I don't accept that position.

Transcript of Hearing at 10:22-11:3, *In re AWP* (D. Mass. July 3, 2007).

> 1) **The proposed Class 1 representatives' claims are not typical of the class.**

Rule 23(a)(3) requires that the named plaintiffs' claims be typical of the class claims. Typicality is met when the claims of the representative plaintiffs (i) arise from the same course of conduct that gives rise to the claims of other class members and (ii) are based on similar legal theories.[20] Although the presence of a unique defense will not automatically destroy typicality,[21] it may do so when the unique defense will "skew the focus of the litigation" and create "a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."[22]

While Class 1 includes individuals who made payments based on the reimbursement rate set forth in the Balanced Budget Act of 1997 (which set Medicare Part B reimbursement for certain pharmaceutical products at 95% of AWP), not one of the named plaintiffs is such an individual. In fact, all of the named plaintiffs against Amgen made payments based on the reimbursement rate set forth in a different statute – the MMA – passage of which set new reimbursement benchmarks. As a result, the named plaintiffs will be subject to arguments and defenses that may not be available with respect to the claims of absent class members. These defenses will likely "skew the focus of the litigation" and result in unfairness to the unnamed members of the proposed Class 1. Accordingly, due to the lack of a typical Class 1 representative, Class 1 may not be certified against Amgen.

---

[20] *In re: Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1995).
[21] *See In re Synthroid Mktg. Litig.*, 188 F.R.D. 287, 291 (N.D. Ill. 1999).
[22] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997).

        2)      **The proposed Class 1 representatives' claims are not common to the class.**

Rule 23 also requires that the class share common questions of law and fact.[23] For the same reasons discussed above, the named Class 1 plaintiffs against Amgen do not satisfy the commonality requirement.[24] Moreover, this Court recently acknowledged that Class 1 individuals with 2004 claims present separate legal questions that are not common to the class:

> THE COURT: Well, let me say this: There's a very serious legal question here. So if I don't have her as part of the class, that doesn't mean that they can't still sue. It just means it's a separate legal question that's not common to the class.
>
> MR. HAVILAND: Fair enough, for the '04 folks, understood, your Honor.
>
> THE COURT: For the '04 folks. So maybe they could just—it means that there's no class, I'm not certifying a class . . .[25]

Accordingly, because the Class 1 representatives against Amgen do not share common questions of law and fact with the class, Class 1 may not be certified against Amgen.

---

[23] Fed. R. Civ. P. 23(a)(2).
[24] *See Falcon*, 457 U.S. at 157 n.13 (commonality and typicality requirements tend to merge).
[25] Transcript of Status Conference Hearing at 37:25-38:9, *In re AWP* (D. Mass. June 6, 2007). At that hearing, the parties and Court considered substituting the class representative with an individual who had pre-2004 claims. That situation, however, was procedurally different from the situation presented here. There, the court had already certified an individual Medicare Part B class against BMS. Therefore, it was only looking to substitute a representative with a member of a class that had already been certified. Here, no class has been certified against Amgen.

## Conclusion

For the foregoing reasons, Amgen respectfully requests that this Court dismiss Class 1 and Class 2 claims against it and deny plaintiffs' motion to certify these classes against Amgen.

Dated: July 25, 2007

/s/ Douglas S. Brooks
Frank A. Libby, Jr. (BBO No. 299110)
Douglas S. Brooks (BBO No. 636697)
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Jennifer A. Walker (BBO No. 651724)
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

*Counsel for Amgen Inc.*

## CERTIFICATE OF SERVICE

I, Jennifer A. Walker, certify that a true and correct copy of the foregoing, was delivered to all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending on July 25, 2007 copies to Lexis-Nexis for posting and notification to all parties.

/s/ Jennifer A. Walker

\\\BA - 058360/000066 - 228373 v1