# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### DECLARATION OF GLENN RANDLE

I, Glenn Randle, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1. I am a resident of the State of Texas. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so. I submit this Declaration in response to the Court's request that class representatives for Plaintiffs' Settlement with Defendant GlaxoSmithKline ("GSK") itemize the time they spent assisting class counsel with prosecuting their claims against GSK.

2. I serve as a member of the Board of Trustees of the Sheet Metal Workers National Health Fund ("Health Fund") and presently act as Chairman of the Board.

3. I began discussing the possibility of the Health Fund becoming a plaintiff in this case with the Health Fund's attorneys and attorneys for the plaintiffs in the fall of 2004.

4. As this Court is aware, the Health Fund's claims data is not available electronically and is only available in paper form. In November and December 2004, I spent 6.5 hours coordinating a preliminary document review of a sample set of the Health Fund's claim forms held in storage to verify that the drugs at issue in this case were in fact paid for by the Health Fund. During this time I also worked with attorneys for the Plaintiffs to draft, edit and locate exhibits for my affidavit on behalf of the Health Fund.

5. The Health Fund was added as a proposed Class 2 (MediGap payors) plaintiff to the Third Amended Class Action Complaint on October 17, 2005.

6. In response to document requests served by Defendants, I then spent an additional 8.5 hours assisting in the coordination of two extensive document reviews of the Health Fund's claims documents, which took place in Goodlettsville, Tennessee, the first in October 2005 and the second from December 2004 through January 2005. Because the Health Fund was just beginning the process of transferring its claims forms to electronic records, these reviews involved thousands of boxes of unindexed paper documents located in storage facilities. Extensive coordination with the Health Fund's attorneys, Plaintiffs' attorneys and the teams of reviewers working onsite was required. I remained in contact with Plaintiffs' attorneys throughout the subsequent document production process to make sure documents were properly redacted to protect Health Fund members' personal information, in compliance with HIPAA.

7. In addition to time spent on these reviews, the law firm for the Health Fund also paid for the eight hotel rooms in which the reviews took place ($9,765.92), transportation, supplies, copy and delivery costs incurred during the review ($4,601.82), as well as the cost of staffing the review with dozens of reviewers on short notice during the holiday season ($95,245). The Health Fund is not asking the Court to reimburse these expenses, but is merely providing these figures to illustrate the size and scope of the review.

8. After the document reviews, I spent 6.5 hours scheduling and preparing with my attorneys for my deposition in this case, which occurred on November 17, 2005. I spent an additional eight hours traveling between ~~Houston~~ AUSTIN, Texas and Chicago, Illinois for this purpose. I spent nine hours attending my deposition, meeting afterward with the Health Fund's attorneys and finally reviewing my deposition transcript for accuracy.

9. In December 2005 Teresa Jernigan of Southern Benefit Administrators, Inc. ("Southern Benefit"), the Health Fund's claims administrator, also spent at total of seven hours scheduling, preparing for and attending her deposition in this matter, which took place on January 16, 2006.

10. In May, 2006 I spent two hours working the Health Fund's attorneys to draft and edit my affidavit in support of Plaintiffs' Motion for Track II Class Certification, and to identify and locate exhibits in support of my affidavit.

11. In July 2006 Sharon Faulkner of Southern Benefit spent an estimated 1.5 hours conferring with the Health Fund's attorneys concerning the Health Fund's payment data.

12. Throughout this litigation, I have always stayed in contact with my attorneys, receiving information about the status of the case, answering any questions they had, and generally being available to assist with the lawsuit in any way possible. I have spent an estimated 4.5 hours reviewing case filings and decisions, as well as a total of 4.0 hours reviewing updates and status reports from my attorneys, both by phone and mail. I have spent an estimated 2.0 hours answering questions about the Health Fund's documents in response to discovery objections.

13. I have not made contemporaneous records of my time as an attorney would; however, I have provided my best estimates of the time I expended to my attorneys, who then cross-checked my numbers against their own time records to make the estimates as accurate as possible.

14. The total number of hours the Health Fund, as opposed to and not including its attorneys, has spent on activities related to the litigation of this case is 51.0 hours.

15. I understand from Co-Lead Counsel the Court indicated at the final approval hearing that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour. I also understand from Co-Lead Counsel that they intend to ask the Court to reimburse 20% of the total time from the GSK Settlement given that GSK was one of a total of five Track I Defendants. Using those figures as a guide, I calculate Sheet Metal Workers National Health Fund's requested reimbursement from the GSK Settlement fund to be $1,190. The calculation of this amount is set forth below:

| | | |
|---|---|---|
| Glenn Randle: | 51 hours x $100 = 5,100 x .20 = | $1,020.00 |
| Claims Administrator Personnel: | 8.5 hours x $100 = 850 x .20 = | $170.00 |
| Total | | $1,190.00 |

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 25, 2007

_Glenn Randle_
Glenn Randle

4