# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|                                                                             |   |                                  |
|-----------------------------------------------------------------------------|---|----------------------------------|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION           | ) | MDL No. 1456                     |
|                                                                             | ) |                                  |
|                                                                             | ) | Civil Action No. 01-12257-PBS    |

## DECLARATION OF STEPHEN C. RICHMAN IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE GSK SETTLEMENT FUND FOR MAN-U SERVICE CONTRACT TRUST FUND

I, Stephen C. Richman, hereby depose and state as follows:

1.  I am a partner in the law firm of Markowitz & Richman, located at 121 South Broad Street, Philadelphia, Pennsylvania 19102. I am authorized to make this declaration.

2.  I am outside counsel for the Man-U Service Contract Trust Fund ("the Fund"), a joint labor-management employee health and welfare plan. The Fund does not have employees or an office of its own, but transacts business from the offices of its third-party administrator, Carday Associates, Inc., Suite 100, 4600 Powder Mill Road, Beltsville, MD 20705 ("Carday"). As counsel to the Fund, I am familiar with the efforts of Fund personnel to respond to discovery in this matter.

3.  I submit this declaration in support of the Fund's request for partial reimbursement for time spent in this litigation from the GSK Settlement Fund pursuant to the Court's comments in the July 19, 2007 final approval hearing related to the settlement with GlaxoSmithKline. Normally, a Carday employee would make this declaration, but Carday is

moving its offices this week and could not undertake the consultation or review of documents that would result in a declaration to meet the Court's deadline of Thursday, July 26.

4. The hours expended by the Fund in furtherance of this litigation involve the time of Carday and the time of trustees in identifying and producing relevant documents and databases and preparing for and attending depositions taken by Defendants.

5. From 2003, when the Fund first retained the law firm of Spector Roseman & Kodroff ("SRK") to act as counsel for this litigation, until the GSK Settlement on August 10, 2006, I worked with Carday personnel and the trustees to handle various discovery-related tasks for the Fund, including identifying and locating documents for production, and assisting in preparing for and attending depositions. In addition, I regularly communicated with SRK on the litigation, including issues related to the health care industry, strategy, and the progress of the case. I do not include any of my time or expenses in the totals here, but describe my involvement so that the Court will understand the basis of the time estimates herein.

6. Carday does not keep time records of its employees, and therefore I do not have detailed, contemporaneous records of the amount of time that its employees spent working on this litigation. Based upon my memory of the events involved and reviewing counsel's time records, I can make a reasonable and conservative estimate of the hours involved.

7. I estimate the following time was spent on depositions:

a. Christopher Brecht, an employee of Carday: 5 hours preparation, 8.5 hours in deposition. In addition, I estimate that he spent 6 hours of travel time.

b. Bernard Jackson, a trustee of the Fund: 2 hours preparation, 3.75 hours in deposition. I estimate he spent 1.5 hours of travel time to and from the deposition.

8. Together with the deposition time stated above, I estimate the total time spent by the Fund, its third-party administrator, and its trustees on this litigation to be 41.75 hours.

9. I understand from our litigation counsel that the Court indicated at the final approval hearing that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour. I also understand from counsel they intend to ask the Court to reimburse 20% of the total time from the GSK Settlement, given that GSK was one of a total of five Track I Defendants. Using those figures as a guide, I calculate the Fund's requested reimbursement from the GSK Settlement fund to be $835.

This declaration made subject to the penalties of perjury.

Dated: July 26, 2007

_____
Stephen C. Richman