UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF CLASS 1 ASTRAZENECA SETTLEMENT AND IN RESPONSE TO THE <u>HAVILAND DECLARATION</u>**

001534-16 185960 V1

I, Kenneth A. Wexler, affirm under penalty of perjury as follows:

1. I am Co-Lead Counsel in this case and have been since the Court appointed me in CMO No. 1. I attended the settlement mediation at Eric Green's office when the Class 1 settlement was reached with AstraZeneca.

2. There is no question that, before and during the mediation process, Mr. Haviland expressed various views about the settlement offers and counteroffers being discussed. We all did. At one point during a break in the mediation, Mr. Haviland expressed the opinion to me and Marc Edelson that the damages models we were using should be modified for those who only paid insurance deductibles. My response was that he should make his views known to everyone else at the mediation, namely Jeff Kodroff and Steve Berman (who was attending by phone) so that we could all discuss them. We did that. We discussed the damage models that were developed and submitted as evidence at trial. We took a vote. We decided that Mr. Haviland's suggestion was inconsistent with our theory of the case and the damages for payment for Zoladex which had been the basis of extensive trial testimony.

3. After that, I remember Mr. Haviland participating in the discussions no differently than anyone else. He was part of the give and take that took place for the rest of the session. He gave absolutely no indication that he did not support the settlement being hammered out that day. Indeed, there are only three things about the rest of the mediation *vis-à-vis* Mr. Haviland that stand out to me. First, when he came back into the room after talking to his client, the **only** dissatisfaction he expressed was with our not trying to get a $25,000 incentive award for Mrs. Howe. He said he had assured his client that he would go back to the Court and ask for more for her if there were monies left over from claims against the Settlement Fund. Second, having arrived at the mediation late, Mr. Haviland then left early. He went to catch a plane with Mr.

Edelson. When he did so, he didn't say, "I'm objecting," or "Don't sign an MOU for me." He just left after saying he'd seek a larger incentive award for his client.

4.    Third, when it came time to signing the MOU, my view was that Marc Edelson and Don Haviland did not sign for the simple reason that they were not there. It had nothing to do with their objections to the settlement, since Mr. Edelson clearly supported it and Mr. Haviland appeared to as well. Why Mr. Haviland's signature line was not on the MOU is a mystery to me. I do not remember Professor Green or anyone else saying anything about it. Nor was I aware of what Mr. Haviland says he privately conveyed to Mr. Green.

5.    In the end, the issue is whether the settlement is fair, adequate and reasonable to the Class as whole, which our papers demonstrate that it is. To be sure, everyone among plaintiffs' lead counsel wanted more than what we settled for, but that's the essence of settlement – compromise. It also strikes me that the essence of effective leadership of a class action is to make decisions through consensus after a full airing of ideas. If a lone dissenter was permitted to control the decisions of the majority of lead counsel, no complex case such as this would ever be brought to a conclusion. Rule 23 and CMO No. 1 charge us with certain responsibilities, which we have fulfilled, not by agreeing on everything all the time but by knowing when and how to move past debate and make decisions for the benefit of the Class.

Executed this 24th day of July, 2007.

_____
KENNETH A. WEXLER

## **CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

     I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on July 27, 2007, I caused copies of **DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF CLASS 1 ASTRAZENECA SETTLEMENT AND IN RESPONSE TO THE HAVILAND DECLARATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                        **/s/ Steve W. Berman**
                        Steve W. Berman