UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

## DECLARATION OF MARC H. EDELSON IN SUPPORT OF CLASS 1 ASTRAZENECA SETTLEMENT AND IN RESPONSE TO THE HAVILAND DECLARATION

I, Marc H. Edelson, affirm under penalty of perjury as follows:

1.  I am a partner in the law firm of Hoffman & Edelson, LLC and Co-Lead Counsel in this action. I submit this Declaration in support of the Class 1 AstraZeneca settlement and in response to the Haviland Declaration.

2.  I have been a practicing attorney since 1987 and have always been an attorney representing plaintiffs in class action litigation. Never have I witnessed one counsel, let alone one aspiring to serve as a co-lead counsel, act independently in complete disregard to the views of the majority.

3.  The mediation was attended by myself, Jeffrey Kodroff of Spector Roseman & Kodroff, PC, Kenneth A. Wexler of Wexler Toriseva Wallace LLP and Mr. Haviland. Steve Berman of Hagens Berman Sobol Shapiro participated by telephone. Throughout the mediation, each attorney made comments and suggestions regarding the various aspects of the settlement. Acceptance or rejection of any particular item was done by a majority vote.

4. Mr. Haviland, like each of the other participants made suggestions which were duly noted and discussed. I recall that early in the day, Mr. Haviland attempted to reach his client to seek her approval regarding the terms of the settlement but was unsuccessful.

5. Toward the end of the mediation, Mr. Haviland raised the issue of stipends for the class representatives. He was adamant that each should receive the sum of Twenty Five Thousand Dollars ($25,000.00), which I and the others thought was unreasonable. After much discussion, it was determined that we would seek Five Thousand Dollars ($5000.00) for each of the class representatives. Mr. Haviland then sought to reach his client to obtain her approval. When he returned, he stated that he had explained the settlement to Mrs. Howe, and she was amenable to the terms of the settlement.

6. Mr. Haviland and I left the mediation after all of the substantive terms were agreed to. Mr. Kodroff and Mr. Wexler remained to finalize the MOU. My approval was given to execute the MOU on my behalf. I did not hear whether Mr. Haviland gave his approval, but I did not hear him express any views that he was not in agreement with the settlement. Also, I was not aware of any private communications between Mr. Haviland and Mr. Green prior to, during or after the mediation process regarding the AstraZeneca settlement in which his disapproval to the terms of the settlement or the methodology for determining the amount or allocation thereof was given.

7. The current situation is unworkable. Valuable time and expense is being wasted addressing issues that have been discussed between counsel and then voted down by a majority. The court need not have the responsibility of weighing in on each decision by lead counsel that is not favored by Mr. Haviland. His inclusion in the lead counsel structure would not be productive for the Classes.

July 25, 2007         _____
                                  Marc H. Edelson
                                  Hoffman & Edelson, LLC
                                  45 West Court Street
                                  Doylestown, Pennsylvania 18901
                                  215-230-8043

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on July 27, 2007, I caused copies of **DECLARATION OF MARC H. EDELSON IN SUPPORT OF CLASS 1 ASTRAZENECA SETTLEMENT AND IN RESPONSE TO THE HAVILAND DECLARATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

        **/s/ Steve W. Berman**
        Steve W. Berman