UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) ) |
| | MDL No. 1456 C.A. No. 01-12257-PBS |
| This Document Relates to: | ) ) |
| | Honorable Patti B. Saris |
| *State of Idaho v. Abbott Laboratories*, No.1:07-CV-10874 (D.Idaho) | ) ) ) |
| *The People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, No. 1:06-5528 (N.D.Ill.) | ) ) ) |
| *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.*, No. 3:06-69 (E.D.Kentucky) | ) ) ) |
| *State of Mississippi v. Abbott Laboratories, Inc., et al.*, No. 3:06-566 (S.D.Miss.) | ) ) ) |
| *State of South Carolina et al. v. Abbott Laboratories, Inc.*, No. 3:06-2482 (D.S.Car.) | ) ) ) |
| *State of South Carolina et al. v. Dey, LP*, No. 3:06-2914 (D.S.Car.) | ) ) ) |
| *State of South Carolina, et al. v. Dey, LP*, Case No. 3:06-2925 (D.S.Car.) | ) ) ) |

OBJECTION OF THE STATES OF IDAHO, ILLINOIS,
KENTUCKY, MISSISSIPPI, AND SOUTH CAROLINA TO
THE COURT'S JULY 26, 2007 ORDER OF REFERENCE
FOR ALTERNATIVE DISPUTE RESOLUTION

The Attorneys General of Idaho, Illinois, Kentucky, Mississippi, and South Carolina ("the States"), respectfully submit this objection to this Court's July 26, 2007 order referring the above-captioned cases to mediation ("ADR Order").

It is the States' understanding that the Court has drafted orders ruling on the pending remand motions of the States but intends to defer issuing those orders until the conclusion of mediation.[1] The States support the Court's desire that the parties explore settlement with the

_____

[1] Remand motions are pending in each of the above-captioned cases with the exception of South Carolina's action against Abbott Laboratories, Inc.

assistance of a mediator and are willing to participate voluntarily in mediation.  However, for the reasons set forth below, they object to being ordered to participate in mediation as contemplated by the ADR Order and respectfully request that the Court issue rulings on the pending remand motions.

By way of background, the Court should be aware that the States are working cooperatively with other governmental entities who have filed AWP lawsuits against numerous drug manufacturers, including many of those who are named as defendants in cases pending before this Court in MDL No. 1456.  Some of these cases are pending before this Court, while others are pending in various state courts.  Some drug manufacturers are named as defendants in the pending state-court litigation but are not named as defendants in any case pending in MDL No. 1456.[2]  In addition to the States that are signatories to this brief, the group of cooperating governmental entities includes the states of Alabama, Alaska, California, Hawaii, Ohio, Missouri, Pennsylvania, Texas, and Wisconsin; New York City and the New York counties; as well as the United States Department of Justice.  This group was formed to share knowledge, resources, and costs associated with the prosecution of these law-enforcement actions.  To the extent practicable, the cooperating entities work to increase efficiency, avoid duplication, and save time, money, and effort.  Members of the group have been cooperating for a substantial amount of time and intend to continue to do so until resolution of their litigation.

The Court should also be aware that the cooperating governmental entities assert claims under their respective statutes (and in some instances, common law) and under theories of liability that differ significantly from (and that we believe are more favorable than) those advanced by the private class action pending before this Court.  For example, the State of Wisconsin has asserted a claim under Wis. Stat. §100.18(10)(b), which states:  "It is deceptive to represent the price of any merchandise as a manufacturer's or wholesaler's price, or a price equal thereto, unless the price is not more than the price which retailers regularly pay for the merchandise."  Similarly, Idaho asserts a claim under a regulation promulgated pursuant to its

---

[2] Some states, such as Kentucky, Idaho, and South Carolina, have AWP cases pending in both MDL 1456 as well as their respective state courts.

consumer-protection statute which declares that it is an unfair and deceptive act or practice for a seller "to state or imply that any goods or services are being offered at `wholesale' prices or to use a term of similar meaning unless the prices are in fact below the current prices which most retailers in the trade area usually and customarily pay when they buy such goods or services for resale." Idaho Administrative Code, IDAPA 04.02.01.066.04. In addition, unlike the private class action, the claims of which primarily concern the former Medicare Part B program and for which the number of drugs at issue is relatively small, the States are suing primarily in connection with their Medicaid programs, against a larger number of defendants, and concerning thousands of NDCs. Moreover, the cooperating governmental entities have obtained pricing data from the national wholesalers as part of their effort to determine the true average wholesale prices of defendants' drugs and to calculate damages.

We point out these facts because, to the extent that the Court believes that mediation has a greater chance of success if all interested parties participate (we presume that defendants who are interested in settlement desire that it be global), there may be an interest in inviting these other governmental entities that are not in the MDL (and therefore not subject to the ADR Order) to participate in mediation.

Notwithstanding the States' willingness to participate in mediation, the States respectfully object to being ordered to mediation. First, if the States participate in court-ordered mediation before rulings on their remand orders are issued, they run the risk of waiving their procedural argument regarding the untimeliness of the removals of their cases from state court. *See Harris v. Edward Hyman Company*, 664 F.2d 943 (5th Cir. 1981); 32 Am.Jur.2d Federal Courts §1719 ("[e]ven if there are irregularities in the removal proceeding, if a Federal District Court otherwise has jurisdiction and a plaintiff acquiesces in that jurisdiction by affirmative act, such as participating in federal discovery and attending federal status conferences, or vigorously prosecuting the case after removal, the plaintiff's motion to remand may be denied on theories of waiver or estoppel"). Respectfully, the States believe that the Court must in the first instance determine if subject-matter jurisdiction exists. Second, substantial time has passed since these

cases were removed from their respective state courts, interfering with the ability of the States to conduct discovery and advance their litigation.  Yet while the States are unable to proceed with discovery for fear of waiving their objection to federal jurisdiction, defendants are not similarly stymied, and in fact some defendants have filed freedom of information and public records act requests in some states.[3]  Issuing rulings on the remand motions will permit the States to restart their litigation without running the risk of additional delay and will put the parties on equal footing with respect to developing their cases.  Moreover, some of the States are litigating against defendants that are not named in the MDL.  The States' ability to develop their cases against those defendants should not await the outcome of mediation as to those defendants that are named in the MDL.

Moreover, the defendants have not previously expressed a desire to enter into serious settlement negotiations with the States.  Mediators work best in closing gaps between opposing parties who have been negotiating in good faith.  We respectfully propose that instead of an order of reference to ADR, the States enter into a stipulation with the defendants committing to mediation after rulings on the remand motions are issued and after the parties exchange settlement proposals.  The States are willing to commit to a defined time for both the exchange of settlement proposals and a subsequent mediation process.

---

[3] Although the States have participated in some depositions noticed by states outside of the MDL pursuant to stipulations with a handful of defendants, this effort has been hindered by the vast majority of defendants who have opposed sharing of discovery among the states.

In sum, the States respectfully object to the ADR Order and request that the Court proceed to issue rulings on the pending remand motions.  Thereafter, the States will participate voluntarily in mediation.

Dated: July 30, 2007

Respectfully submitted,

LAWRENCE G. WASDEN
Attorney General of the State of Idaho


By:     /s/ Robert S. Libman
ROBERT S. LIBMAN
Special Deputy Attorney General
for the State of Idaho
Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)
e-mail:  rlibman@lawmbg.com

LISA MADIGAN
Attorney General of the State of
Illinois


By:     /s/ Robert S. Libman
ROBERT S. LIBMAN
Special Assistant Attorney General
for the State of Illinois
Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)
e-mail:  rlibman@lawmbg.com

GREGORY D. STUMBO
Attorney General of the Commonwealth of
Kentucky


By:     /s/ Robert S. Libman
ROBERT S. LIBMAN
Special Assistant Attorney General
for the Commonwealth of Kentucky
Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)
e-mail:  rlibman@lawmbg.com

Paula J. Holbrook
C. David Johnstone
Office of the Attorney General
1024 Capital Center Dr.
Ste. 200
Frankfort, KY 40601
(502) 696-5300
Paula.Holbrook@ag.ky.gov
David.Johnstone@ag.ky.gov

JIM HOOD
Attorney General of the State of
Mississippi
Harold E. Pizetta III (MBN 99867)
Special Assistant Attorney General Chief
Civil Litigation Division
OFFICE OF THE ATTORNEY GENERAL
Carroll Gartin Justice Center
450 High St. 5th Floor
Jackson, MS 39201


By:     /s/ Joseph Leray McNamara
        JOSEPH LERAY MCNAMARA
        Copeland, Cook, Taylor & Bush, P.A.
        Charles G. Copeland (MBN 6516)
        Joseph Leray McNamara (MBN 2784)
        Ronnie Musgrove (MBN 3868)
        Frank Kolb (MBN 101092)
        P.O. Box 6020
        Ridgeland, MS 39158
        (601) 856-7200
        (601) 856-7626 (telefax)

        HENRY D. McMASTER
        Attorney General of the State of
        South Carolina


By:     /s/ Robert S. Libman
        ROBERT S. LIBMAN
        Miner, Barnhill & Galland
        14 W. Erie St.
        Chicago, IL 60610
        (312) 751-1170
        (312) 751-0438 (telefax)
        e-mail:  rlibman@lawmbg.com

## CERTIFICATE OF SERVICE

Lisa Mecca Davis certifies that she caused the foregoing Objection to be served upon all counsel of record, by this Court's electronic-filing system, this 30th day of July, 2007.

/s/ Lisa Mecca Davis
Lisa Mecca Davis