UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | |

# DEY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THE COURT'S JULY 17, 2007 MEMORANDUM AND ORDER TO INCLUDE A CERTIFICATION OF AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

Paul F. Doyle (BBO # 133460)
Sarah L. Reid
William A. Escobar (admitted *pro hac vice*)
Neil Merkl (admitted *pro hac vice*)
Christopher C. Palermo (admitted *pro hac vice*)
Philip D. Robben (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants
Dey, Inc., Dey L.P., Inc. and Dey, L.P.*

## TABLE OF CONTENTS

                                                                                                                          Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      PRELIMINARY STATEMENT ............................................................................... 1

II.     ARGUMENT – THE JULY 17 ORDER SHOULD BE CERTIFIED FOR AN
        IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(B) ................................ 3

        A.      The FCA Issues Are Controlling Questions of Law ............................................ 4

        B.      Certification Is Appropriate Even Though An Appellate Decision In Dey's
                Favor Will Not Lead To The Termination Of The Entire Action ........................ 5

        C.      There Is A Substantial Ground for Difference of Opinion ................................... 6

        D.      An Immediate Appeal Will Materially Advance the Ultimate Termination
                of this Litigation and Other Pending Claims ....................................................... 8

III.    CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

## CASES

*APCC Services, Inc. v. Sprint Commc'n. Co.*, 297 F. Supp. 2d 90 (D.D.C. 2003) ............. 4

*Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 U.S. Dist. LEXIS 15815 (E.D. Pa. August 2, 2005) ................................................................. 6

*German v. Federal Home Loan Mortg. Corp.*, 93 Civ. 6941, 2000 U.S. Dist. LEXIS 10057 (S.D.N.Y. July 20, 2000) ......................................................... 6, 9

*In re Air Crash off Long Island*, 27 F. Supp. 2d 431 (S.D.N.Y. 1998) .............................. 5

*In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169 (6th Cir. 1992) ................... 5

*In re Mutual Life Insurance Co. of New York Premium Litigation*, 299 F. Supp. 2d 4 (D. Mass. 2004) ......................................................................... 7, 8

*In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007 (1st Cir. 1988) ......... 4, 5, 6

*Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991) ............................................................ 5

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974) ................................................ 5

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990) ....................................... 5

*Miara v. First Allmerica Finance Life Insurance Co.*, 379 F. Supp. 2d 20 (D. Mass. 2005) ........................................................................................ 7, 8

*Muniz v. Winn*, 462 F. Supp. 2d 175 (D. Mass. 2006) .................................................. 8, 9

*Natale v. Pfizer Inc.*, 379 F. Supp. 2d 161 (D. Mass. 2005) .............................. 4, 5, 6, 7, 8

*United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160 (D.N.M. 2000) ............................................................................................................... 7

*United States ex rel. Miller v. Bill Harbert International Const., Inc.*, No. 95-1231 (RCL), 2007 WL 851855 (D.D.C. March 14, 2007) ......................................... 7

*United States ex rel. Parikh v. Premera Blue Cross*, No. CV01-0476 MJP, 2007 WL 1031724 (W.D. Wash. April 3, 2007) ................................................................. 7

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006) ............................................................................................... 7

*United States v. The Baylor University Medical Center*, 469 F.3d 263 (2d Cir. 2006) ....................................................................................................... 2, 6, 7, 9

## STATUTES

31 U.S.C. § 3731(b) ................................................................................................................. 1, 2

28 U.S.C. § 1292(b) ............................................................................................................. *passim*

1958 U.S.C.C.A.N. 5255, 5256 ...................................................................................................... 9

## MISCELLANEOUS

S. Rep. No. 85-2434 (1958) ............................................................................................................ 9

I.  **PRELIMINARY STATEMENT**

On July 17, 2007, the Court issued a Memorandum and Order (the "July 17 Order") allowing in part and denying in part the motion of Defendants Dey, Inc., Dey L.P., Inc., and Dey, L.P. (together, "Dey") to dismiss the complaints of the United States of America (the "Government") and Relator Ven-A-Care of the Florida Keys, Inc. ("Relator"). The July 17 Order decided important and controlling questions of law relating to, among other issues, Dey's statute of limitations defenses. Defendant Dey respectfully request that these questions of law be certified for an immediate appeal pursuant to 28 U.S.C. § 1292(b).[1]

Dey moved to dismiss the Government's and the Relator's claims brought under the False Claims Act ("FCA"), arguing that the claims are barred, at least in part, by the FCA's six-year statute of limitations pursuant to 31 U.S.C. § 3731(b). Dey argued that this action was commenced when the Government filed its complaint-in-intervention on August 24, 2006 (the "U.S. Complaint") and that the U.S. Complaint cannot relate back to the complaint filed under seal by the Relator in 1997. The Second Circuit and several district courts are in conflict on these issues, and there is no binding First Circuit precedent on these questions. This Court acknowledged the "ambiguity in the statutory scheme created by the FCA." *See* July 17 Order at 10. Other than the Second Circuit, no other United States Court of Appeals has decided this issue. This Court rejected Dey's FCA statute of limitations arguments and concluded as a matter of law that an FCA action is commenced when the relator files the complaint under seal and further held that the Government's complaint related back to the Relator's complaint. *See* July 17 Order at 10-11, 14.

---

[1] At the May 17, 2007 oral argument on the motion, the Court requested that Dey's counsel submit a brief addressing whether the Court could certify an order denying Dey's motion to dismiss on statute of limitations grounds for an immediate appeal. (Tr. at 56:25 – 57:9.) Dey filed the requested brief on June 8, 2007. (*See* Docket Entry No. 4298.)

1

Pursuant to 28 U.S.C. § 1292(b), the Court may certify a an order for an immediate appeal when the order (1) involves a controlling question of law which is novel and important, (2) contains substantial ground for difference of opinion as to its outcome, and (3) addresses issues which are of such a nature that an immediate appeal may advance the resolution of the litigation itself or similar litigation. The July 17 Order is ripe for immediate appellate review because it presents at least the following questions of law that meet the 28 U.S.C. § 1292 standard (the "FCA Issues"):

1. whether an FCA action is commenced for purposes of the FCA statute of limitations, 31 U.S.C. § 3731(b), by a relator's sealed *qui tam* complaint or the Government's subsequently filed complaint-in-intervention; and

2. whether the Government's complaint-in-intervention in an action under the FCA may relate back to a relator's sealed *qui tam* complaint filed within the time limits set forth in 31 U.S.C. § 3731.

The FCA Issues – which are controlling for that branch of Dey's motion which sought dismissal of the FCA claims – are issues of first impression in the First Circuit. The courts which have considered these questions are in conflict. For example, the district court decisions on which the Government and the Relator relied in opposition to Dey's motion, which the Court in turn relied on, are directly in conflict with the Second Circuit's decision in *United States v. The Baylor University Medical Center*, 469 F.3d 263 (2d Cir. 2006). A decision from the First Circuit on the FCA Issues will materially advance the ultimate termination of this litigation in that a decision in Dey's favor will partially dispose of, and greatly limit the scope of, the FCA claims against Dey, as well as the FCA claims against other defendants, such as Abbott Laboratories, Inc. ("Abbott") and Roxane Laboratories, Inc. ("Roxane"), which are currently facing similar claims in parallel cases. Certification is particularly warranted because the FCA Issues have national importance. Courts across the country will be aided by an appellate

2

determination that clarifies these issues. As it stands, the district in which an FCA action is filed could have an outcome determining effect as to when the action is deemed filed. In light of the foregoing, as explained below, Dey respectfully requests that this Court amend its July 17 Order and certify the controlling questions stated herein for an immediate appeal.

## II.     ARGUMENT – THE JULY 17 ORDER SHOULD BE CERTIFIED FOR AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

In order to petition the circuit court for permission to appeal an interlocutory order, the district court must first certify the order pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Where an order has issued that does not authorize an immediate appeal, the Court has the power to amend the order pursuant to Rule 5(a)(3) of the Federal Rules of Appellate Procedure and to certify questions for appeal pursuant to 28 U.S.C. § 1292(b). As explained in Moore's Federal Practice:

> On occasion a district court may grant a request to certify an order after it has issued its order on the merits in the action. In this situation it appears that the court must issue an amended order that includes the certification rather than merely issuing a supplemental order adding only the certification. Although there is no case authority directly on point, Appellate Rule 5 provides that "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." In that event, the time to appeal runs from entry of the amended order.

19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 203.32.

3

Under section 1292(b), the Court may certify an order for an immediate appeal when the order meets the following three criteria: (1) "involves a controlling question of law", (2) "as to which there is substantial ground for difference of opinion", and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b). The FCA Issues in the July 17 Order satisfy all three criteria.

### A. The FCA Issues Are Controlling Questions of Law

Under section 1292(b), a "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APCC Servs, Inc. v. Sprint Commc'n. Co.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (internal citation omitted). In the July 17 Order, the Court noted the importance of the statute of limitations issues to the scope of this action, stating that they are "critical" and "key" questions. (July 17 Order at 6, 12). Courts – both within and outside this circuit – have certified appeals under section 1292(b) which concerned legal questions that did not rise to the level of the "critical" and "key" FCA Issues here.

For example, in *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1009 (1st Cir. 1988), the issue certified for appeal and accepted by the First Circuit concerned a provision in a case management order which required the parties to disclose deposition exhibits five days before they would be used. *Id.* at 1009. The merits of the underlying actions, consolidated in an MDL proceeding, were not at issue on the certified appeal. Similarly, in *Natale v. Pfizer Inc.*, 379 F. Supp. 2d 161, 182 (D. Mass. 2005), *aff'd*, 424 F.3d 43 (1st Cir. 2005), the issue certified for appeal was not dispositive of the action. Instead, the district court certified the question of when a removed action is commenced for purposes of determining whether the provisions of the Class Action Fairness Act would be applied such that the court could exercise jurisdiction. *Id.* at 182.

4

The law in other circuits is in accord with *In re San Juan* and *Natale*. *See, e.g., In re Baker & Getty Financial Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (question of law regarding whether a bankruptcy court may properly conduct a jury trial is controlling); *Johnson v. Burken*, 930 F.2d 1202, 1205-06 (7th Cir. 1991) ("[C]ontrolling means serious to the conduct of the litigation, either practically or legally." (internal quotations and citations omitted)); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974) (the order certified for appeal does not need to "be determinative of any [of] plaintiff's claims on the merits. . . .").

Here, as in *San Juan* and *Natale*, the FCA Issues are "controlling" because they are novel and important questions of law. Importantly, these critical legal issues, if decided in Dey's favor, could lead to the partial dismissal of this action, which is a factor not present in *San Juan* and *Natale*, but which makes certification all the more appropriate. *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." (internal citations omitted)).

B. **Certification Is Appropriate Even Though An Appellate Decision In Dey's Favor Will Not Lead To The Termination Of The Entire Action**

If Dey prevails on its proposed appeal of the FCA Issues, and the July 17 Order's denial of Dey's motion to dismiss is reversed, a portion of this action would remain.[2]

---

[2] Dey notes that, although an appeal may not completely dispose of the entire case, a pending appeal will not disrupt the discovery schedule set forth in the case management order for this case. If the Court certifies the questions in the July 17 Order, the pending appeal need not stay discovery before this Court. *See* 28 U.S.C. § 1292(b); *see also, In re Air Crash off Long Island,*

5

Certification is still warranted under these circumstances. It is not essential for section 1292 certification that resolution of the questions of law at issue dispose of the entire case. Rather, all the Court must find is that the appeal will result in the material advancement of the ultimate termination of this litigation. Courts commonly certify questions for immediate appeal which do not involve ultimate, dispositive issues, including questions pertaining to procedural issues.

For example, in *In re San Juan*, the district court certified non-dispositive issues arising from a provision in a case management order. 859 F.2d at 1009. Similarly, in *Natale v. Pfizer Inc.*, 379 F. Supp. 2d at 182, the district court certified an order involving a non-dispositive procedural issue regarding the commencement of actions under the Class Action Fairness Act. *Id.* at 182. *See also German v. Federal Home Loan Mortg. Corp.*, 93 Civ. 6941 (NRB), 2000 U.S. Dist. LEXIS 10057, at *5 (S.D.N.Y. July 20, 2000) ("Also, a reversal of our Order, while not necessarily terminating the litigation, would 'effectively end plaintiffs' federal claims,' and would greatly simplify discovery and trial on the remaining claims if any."); *Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 U.S. Dist. LEXIS 15815, at *9 (E.D. Pa. Aug. 2, 2005) ("In determining whether an issue presents a controlling question of law, courts should be mindful that resolution of the issue need not be determinative of any claim on the merits, and a possible reversal of the relevant order need not terminate the litigation.").

C. **There Is A Substantial Ground for Difference of Opinion**

There is a substantial ground for difference of opinion regarding the FCA Issues. Indeed, the Court noted that "there may be some ambiguity in the statutory scheme created by the FCA" and that certain issues were left open by the Second Circuit's decision in *Baylor*. (July

---

27 F. Supp. 2d 431, 435 (S.D.N.Y. 1998) ("There is no reason for an intermediate appeal to delay the ongoing discovery presently underway.").

17 Order at 10, 14.) In particular, there is no First Circuit authority concerning the FCA Issues and those courts outside the First Circuit which have addressed these issues are in disagreement.

For example, the Second Circuit in *Baylor* held that an FCA action commences upon the filing of the Government's complaint-in-intervention. Several trial courts have disagreed.[3] In the July 17 Order, the Court also noted its concern over the timing of the Government's filing of its complaint-in-intervention, stating that "the number of extensions is worrisome" and that "[t]hese long delays are quite troubling." (July 17 Order at 16).

There is also a substantial ground for difference of opinion on the issue of relation back under Rule 15(c)(1). While this Court found that the U.S. Complaint relates back to Ven-A-Care's Complaint filed in 1997, the issue is not resolved by any binding precedent. Neither the Government nor the July 17 Order cites any case – from the First Circuit or anywhere else – that has actually resolved this issue. The Second Circuit in *Baylor* left this "key dispute" open. *See* July 17 Order at 12, *Baylor*, 469 F.3d at 270. The decision in *Baylor* "provides a sufficient basis for there to be a difference of opinion" on the issue of relation back under Rule 15(c)(1). *In re Mut. Life*, 299 F. Supp. 2d at 8.

Thus, the FCA Issues are "difficult and pivotal questions of law not settled by controlling authority." *Natale v. Pfizer Inc.*, 379 F. Supp. 2d 161, 181 (D. Mass. 2005) (internal quotations omitted), *aff'd*, 424 F.3d 43 (1st Cir. 2005); *see also Miara v. First Allmerica Fin. Life Ins. Co.*, 379 F. Supp. 2d 20, 68 (D. Mass. 2005) (certifying an "unsettled" question of law regarding preemption under ERISA for immediate appeal); *In re Mut. Life Ins. Co. of New York*

---

[3]    *See, e.g., United States ex rel. Miller v. Bill Harbert Int'l. Const., Inc.*, No. 95-1231 (RCL), 2007 WL 851855, at *2 (D.D.C. March 14, 2007); *United States ex rel. Parikh v. Premera Blue Cross*, No. CV01-0476 MJP, 2007 WL 1031724, at *3-4 (W.D. Wash. April 3, 2007); *United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160 (D.N.M. 2000), *overruled on other grounds*, *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006).

*Premium Litig.*, 299 F. Supp. 2d 4, 8 (D. Mass. 2004) (finding a substantial ground for difference of opinion justifying certification based on a previous First Circuit decision). The FCA Issues raised by Dey's motion to dismiss and decided against Dey by the Court present precisely the "marked litigant confusion and disagreement" that is a hallmark of a substantial ground for difference of opinion. *Natale*, 379 F. Supp. 2d at 182; *see also Muniz v. Winn*, 462 F. Supp. 2d 175, 184 (D. Mass. 2006). "[A] definitive decision from the First Circuit [would] put to rest any confusion" regarding the FCA Issues which inhabit an unsettled and disputed area of law. *Miara*, 379 F. Supp. 2d at 68.

### D. An Immediate Appeal Will Materially Advance the Ultimate Termination of this Litigation and Other Pending Claims

An immediate appeal of the July 17 Order will materially advance the ultimate termination of this litigation and other similar actions.[4] An immediate appeal would materially advance the termination of this case, and those like it, by resolving the "key" and "critical" FCA Issues. If the First Circuit resolves these controlling questions of law in Dey's favor, that decision would lead to the partial dismissal of the Government's claims against Dey resulting in substantial savings to the parties as the scope of discovery is made smaller due to a reduction in the number of claims at issue and a reduction in the span of years subject to discovery.

Moreover, in considering certification for immediate appeal under 28 U.S.C. § 1292(b), it is appropriate for the Court to consider the effect of materially advancing the ultimate termination of similar cases, such as the Government's and Relator's actions against Abbott and Roxane. *See, e.g., In re Mut. Life*, 299 F. Supp. 2d at 8 (allowing certification where "the resolution of the statute of limitations issue could materially advance the ultimate termination not

---

[4] Two similar cases presently before the Court, *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS, and *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp.*, Civil Action No. 07-10248, present the same FCA Issues as this action.

only of this litigation, but potentially other cases as well"); *German*, 2000 U.S. Dist. LEXIS 10057, at *4-5 ("A circuit ruling on the certified question would strongly impact the hundreds of personal injury actions pending in state and federal courts . . . ."); *Muniz v. Winn*, 462 F. Supp. 2d 175, 184 (D. Mass. 2006) ("Such an administrative decision would determine the fate of each of the more than two dozen identical petitions pending in the district.").

In addition, the Court may also take into consideration that the certification of an immediate appeal here will encourage efficiency and judicial economy by saving "the time of the district court and considerable expenses on the part of the litigants." *See* S. Rep. No. 85-2434 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 5255, 5256. This is because the same statutes of limitations defenses have been asserted by Roxane and will be applicable to Plaintiffs' claims against Abbott and defendants in the 1997 Complaint still under seal. Resolution of the FCA Issues now will result in substantial savings to the parties by narrowing the scope of discovery due to a reduction in the number of allegedly "false claims" at issue.

The resolution of the split of authority raised by Dey's motion will not only advance the ultimate determination of this case, and other sealed and unsealed cases before the court, but also may have national impact because these questions are national in scope. District courts across the country dealing with FCA suits will need to resolve the FCA Issues. The guidance of an additional appellate decision could lend to that task is significant and will help to achieve a uniform national standard, either because the First Circuit follows the holding in *Baylor* or a split between the First and Second Circuits on such an important question of law prompts the Supreme Court to grant review to resolve the split of authority.

9

## III.  CONCLUSION

For the foregoing reasons, Dey respectfully requests that this Court amend its July 17 Order, pursuant to Fed. R. App. P. 5(a)(3), and certify it for immediate appeal, pursuant to 28 U.S.C. § 1292(b), and grant Dey such other, further, and different relief as the Court deems to be just and proper.

Dated: July 31, 2007

Respectfully submitted,

By:    /s/  Neil Merkl
Paul F. Doyle (BBO # 133460)
Sarah L. Reid
William A. Escobar (admitted *pro hac vice*)
Neil Merkl (admitted *pro hac vice*)
Christopher C. Palermo (admitted *pro hac vice*)
Philip D. Robben (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

-and-

By:    /s/ Martin F. Murphy
Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone:  (617) 832-1000
Facsimile:  (617) 832-7000

*Attorneys for Defendants
Dey, Inc., Dey L.P., Inc. and Dey L.P.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on July 31, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Neil Merkl
Neil Merkl