UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 ) ) Civil Action No. 01-CV-12257 PBS ) |
| THIS DOCUMENT RELATES TO CLASS 2 & 3 BENCH TRIAL (BMS) | ) Hon. Patti B. Saris ) ) |

### BMS's BRIEF ON PRE-JUDGMENT INTEREST

Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation and Apothecon, Inc. (collectively, "BMS") respectfully submit this brief in support of a simple, as opposed to compounding, method of computing pre-judgment interest.

### Background

Class 2 and 3 Plantiffs and BMS have reached a stipulation concerning actual damages pursuant to the Court's direction in its Findings of Fact and Conclusions of Law dated June 21, 2007: $187,789 for Class 2 and $183,454 for Class 3. The parties also agree that pre-judgment interest on the above amounts should be calculated based upon Mass. Gen. Laws ch. 231, section 6B (a) from December 20, 2001 through August 1, 2007 on damages incurred through 2001 and (b) from July 1, 2002 through August 1, 2007 on damages incurred in 2002. The parties disagree, however, on whether the calculation should be based on simple or compounded interest. For the reasons below, BMS submits that simple interest is the correct method, yielding $121,478 in such interest for Class 2 and $123,583 in such interest for Class 3.

Argument

**PRE-JUDGMENT INTEREST SHOULD BE SIMPLE, NOT COMPOUND**

In Massachusetts, "compound interest is only permitted in certain proceedings in equity or by express statutory or contractual authority." Berman v. B.C. Associates, 219 F.3d 48, 50 (1st Cir. 2000); accord Radford Trust v. First Unum Life Insurance Co. of America, 321 F. Supp. 2d 225, 258 n. 25 (D. Mass. 2004) ("Massachusetts cases generally presume that a provision for interest in a statute or contract means simple, not compound interest, absent a clear expression of contrary intent, and equate "per annum" interest with simple interest."); William W. Thomas's Case, 519 N.E.2d 786, 788 (Mass. App. Ct. 1988) (It is "well established" in Massachusetts "that compound interest is not authorized except in certain proceedings in equity or by express statutory language."); Dunne v. City of Boston, 671 N.E.2d 518, 520 (Mass. App. Ct. 1996) (same); Jordan L. Shapiro et al., Application of the Interest Rate Under G.L. c. 231 §§ 6B and 6C—Computation, 48 Mass. Prac. Collection Law § 7:27 (3d ed. 2007) (With regard to prejudgment interest, "[i]t should be noted that this computation of *simple* interest is required 'unless there is an express agreement to the contrary.' *Compound* interest is permitted only in certain proceedings in equity or by express statutory or contractual authority."); Stephen C. Fulton, Interest on Money Damages for Periods Before and After Judgment: A Guide for the Massachusetts Practitioner, 85 Mass. L. Rev. (2001) ("Pre-judgment and post-judgment interest is simple interest, except where compound interest is specifically authorized by statute, or, in a contract matter, the parties have agreed to compound interest, or as is provided in some equitable actions.") (internal citations omitted).[1]

---

[1] Mass. Gen. Laws 231 §§ 6B & 6H governs prejudgment interest setting the applicable rate at twelve percent. The statute is silent as to compound interest. Denial of compounded pre-judgment interest is the traditional common

Chapter 93A actions for money damages are not equitable proceedings in which compound interest is normally granted. *Compare* Sarrouf v. New England Patriots Football Club, Inc., 492 N.E.2d 1122, 1128-29 (Mass. 1986) (in equitable appraisal proceeding, an "award of compound interest was not an abuse of the judge's discretion.") *with* Recoll Management Corp. v. Stone & Webster Engineering Corp., No. 964225A, 1999 WL 1487585, *17 (Mass. Super. Dec. 30, 1999) (awarding simple interest in a Ch. 93A case). Although there was once some controversy, recent authority indicates when plaintiffs seek money damages under chapter 93A (as opposed to equitable remedies), their claim is "at law" as opposed to "in equity." Mass. Eye and Ear Infirmary v. QLT, Inc., No. CIV.A.00 10783 WGY, 2007 WL 1991404, *4-6 (D. Mass Jul. 10, 2007) (holding that chapter 93A claim connected with money damages was at law and a right to a jury accordingly applied under the Seventh Amendment). Here, plaintiffs have only sought money damages. As in QLT, Inc., plaintiffs' claim in this case is "at law." Id. (concluding that there "is a right to trial by jury when the plaintiff seeks actual and treble damages" in a 93A case).

Finally, because Mass. Gen. Laws ch. 231, section 6B already provides for an above-market interest rate of 12%, Class 2 will receive $121,428 in prejudgment interest and Class 3 will receive $123,583 in pre-judgment interest based on the stipulated damages amounts and the simple interest method. (See calculations annexed hereto as Exhibit A). Compounding would produce an extra approximately $76,000 and result in pre-judgment interest amounts approaching the actual damages. Thus, even if compounding were available as a matter of law, it would not make sense in this particular case.

---

law rule. Fulton, supra, at 306-307. Massachusetts follows the majority of states which award simple prejudgment interest unless a statute provides for compounding. Id.

Conclusion

For all the foregoing reasons, BMS respectfully submits that Class 2 should be awarded $121,428 in pre-judgment interest and Class 3 should be awarded $123,583 in pre-judgment interest and plaintiffs' request for compounding of pre-judgment interest should be denied.

Dated:   August 1, 2007

Respectfully Submitted,

/s/ Thomas E. Dwyer (BBO No. 139660)
**DWYER & COLLORA, LLP**
Thomas E. Dwyer (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney, III (TS 6557)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000

*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation and Apothecon, Inc.*

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

I, Lyndon M. Tretter, hereby certify that I am one of Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.'s attorneys and that, on August 1, 2007, I caused a copy of **BMS's BRIEF ON PRE-JUDGMENT INTEREST** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

　　　　　　　　　　　　　　　　　　　　　　/s/ Lyndon M. Tretter
　　　　　　　　　　　　　　　　　　　　　　Lyndon M. Tretter