UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION  THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) ) ) ) ) ) ) ) MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS JUDGE PATTI B. SARIS |

**TRACK TWO DEFENDANTS' PROPOSED "ROAD MAP"
FOR THE NEXT PHASE OF CASE PREPARATION, MEDIATION AND TRIAL**

Pursuant to the Court's request made at the July 17, 2007 status conference, Aventis and Amgen individually and the Track Two Defendants collectively submit the following proposed schedule, or "road map," for the next phase of case preparation, mediation, and trial.[1] In preparing this road map, Track Two Defendants sought to create a schedule that could accommodate: 1) the Court's expressed preference for an initial Track Two trial in the Fall of 2007; 2) timely resolution of pending motions and completion of necessary final case preparation; and, 3) meaningful involvement in the mediation process.

The Track Two Defendants have initiated collective efforts to mediate their matters to conclusion and have met with Professor Green to work through a schedule for mediation this Fall.[2] A schedule setting Track Two trials within the next three to four months would effectively

---

[1] On July 16, 2007, Plaintiffs identified Aventis and Amgen as the first Track Two Defendants against whom they would like to proceed. This submission does not reflect an agreement by either Aventis or Amgen to Plaintiffs' designation, nor an agreement by either of them to a joint trial. However, and pursuant to the Court's July 17 request, this "road map" addresses the next phase of litigation assuming that Aventis and Amgen are the next defendants to proceed to trial. The remaining Track Two Defendants will work with Plaintiffs to establish a schedule or schedules for their respective cases.

[2] Immediately following the July 17 hearing in this matter, the Track Two Defendants contacted Professor Green and scheduled a meeting with him as promptly as his schedule would permit – August 1, 2007.

preclude Track Two generally – and Amgen and Aventis in particular – from participating in a meaningful mediation effort to resolve Plaintiffs' claims against them given the substantial work necessary to prepare for and defend potential class action jury trials.

Much needs to be done before Plaintiffs' Class 2 and Class 3 claims against Amgen and Aventis can be tried by the Court. This includes:

- The Court's ruling on whether to grant Plaintiffs leave to file a Fifth Amended Consolidated Complaint, and, if so, the Court's ruling on motions filed in response thereto;

- The Court's decision on Track Two class certification, including the Court's response to Plaintiffs' recent suggestion that it expand the scope thereof far beyond the Track One template;

- Any Rule 23(f) review of the Court's decision on class certification, if necessary;

- An exchange between the parties of their respective expert liability and damages reports and depositions or other discovery concerning such reports;

- Any fact discovery necessary if the Court permits additional theories of recovery for which Plaintiffs seek class certification.

Therefore, what follows is the Track Two Defendants' best effort to harmonize the Court's scheduling preferences with the desire to have the parties engage in serious mediation of the case, while also preserving the Court's and the parties' resources.

The following timeline assumes that the Court will rule on Plaintiffs' pending Motion for Class Certification as to the Track Two Defendants as currently submitted, which, consistent with the Court's August 16, 2005 Memorandum and Order, seeks to certify a multi-state action for Class One and Massachusetts Chapter 93A actions for Classes Two and Three. Additional time for briefing and argument of any request for multi-state certification for Classes Two and Three as to Track Two, or the certification of common-law fraud claims as to any of the three classes, would be required as no briefing has occurred and no party has been heard on these issues.

The proposed timeline below further assumes that the Court would prefer to issue a single Track Two class certification order and oversee a single class notice and opt-out administration protocol.

| | |
|---|---|
| **August 1, 2007** | Track Two Defendants meet and execute Mediation Agreement with Professor Eric D. Green. **[Completed]** |
| | The Track Two Defendants are scheduled to continue meetings with Professor Green to be held in New York City and Boston as follows: |
| | August 28, 2007 – New York City<br>September 8, 2007 – Boston<br>September 24, 2007 – Boston |
| **August 2, 2007** | Submission of proposed "road maps" for Track Two case management to the Court. **[Completed]** |
| **August 9, 2007** | <u>Hearing on Plaintiffs' Motion to Amend Complaint</u>. |
| | Key issues: (1) whether plaintiffs may add an entirely new theory of recovery 5 ½ years after filing their original Complaint and shortly before class certification is to be decided; (2) whether the Court will entertain Plaintiffs' implicit request that it reverse its April 10, 2006 "No New Drugs" order; and (3) whether plaintiffs may add allegations that they have complied with the special notice requirements of Massachusetts, California, Indiana, Texas, West Virginia and Wyoming when, in fact, they have not done so, and despite the Court's admonition in its August 16, 2005 Order that "[u]nless plaintiffs give evidence of compliance with the notice provisions, these states will be excluded." |
| | <u>Hearing on "Road Maps" for case management, mediation and trial</u>. |
| | Key Issues: Providing appropriate sequencing and schedule for parties and Court to address class certification, merits issues and mediation. |
| **August 28, 2007** | <u>Track Two mediation session with Professor Green</u>. |
| **August 31, 2007** | <u>Anticipated date by which Court will rule on Plaintiffs' Motion for Leave to Amend</u>.[3] |

---

[3] By including "anticipated" dates for rulings, the Track Two Defendants do not presume to dictate any schedule to the Court. Rather, these dates are included to demonstrate how the Court's rulings on pending motions trigger subsequent deadlines for the parties.

-3-

|  |  |
|---|---|
|  | Key issues: (1) If plaintiffs are permitted to add a new cause of action, whether limited discovery on new issues implicated by plaintiffs' new allegations may be promptly undertaken (e.g., materiality and individual reliance in common law fraud claim); (2) responsive pleading submission schedule. |
|  | <u>Plaintiffs' deadline to provide initial expert liability and damage reports as to Aventis and Amgen</u>. |
|  | Key issues: (1) whether the expert and damage reports must include a complete analysis by NDC and quarter for all Subject Drugs, and the extent to which those drugs fail the multi-factor test set forth in the Court's June 21, 2007 Bench Trial ruling, 2007 WL 1774644 at *66; and (2) whether plaintiffs must provide dates when any experts submitting reports are available for deposition between September 1, 2007 and October 31, 2007. |
|  | <u>Plaintiffs' deadline to file Proposed Track Two Class Certification Order and Memorandum in Support</u>. |
|  | The proposed order and memorandum must set forth the defined classes, the class claims (by NDC and quarter) and defenses, the class representatives, and class counsel consistent with Rules 23(c)(1)(B) and 23(g). |
| **September 8, 2007** | <u>Track Two mediation session with Professor Green</u>. |
| **September 24, 2007** | <u>Track Two mediation session with Professor Green</u>. |
| **September 28, 2007** | <u>Track Two Defendants' deadline to file responses to Plaintiffs' Proposed Class Certification Order and Memorandum in Support</u> |
| **October 9, 2007** | <u>Individual Hearings regarding Oppositions of Aventis and Amgen to Plaintiffs' Motion for Track Two Class Certification and any cross-cutting issues.</u> |
| **October 9 and 10, 2007** | <u>Individual Hearings regarding Oppositions of other Track Two Defendants to Plaintiffs' Motion for Track Two Class Certification.</u> |
| **October 31, 2007** | <u>Anticipated date by which Court would issue Track Two Class Certification Order</u>. |
|  | <u>Aventis' and Amgen's deadline to complete discovery of Plaintiffs' experts.</u> |

|  |  |
|---|---|
|  | Aventis' and Amgen's deadline to provide initial expert reports to Plaintiffs, and dates between November 1 and December 31, 2007 when their experts are available for deposition. |
| **November 14, 2007** | Anticipated date by which any Rule 23(f) petitions would be filed with the First Circuit. |
|  | Plaintiffs to file their Proposed Notice Plan and Memorandum in Support within 10 days of any order granting class certification. |
|  | Track Two Defendants to file responses to Plaintiffs' Proposed Notice Plan and Memorandum within 10 days of Plaintiffs' filing same. |
| **December 14, 2007** | Anticipated date by which Court would conduct hearing on Class Notice and issue an order pursuant to Rule 23(c)(2)(B). |
|  | Notice will be held in abeyance pending the First Circuit's disposition of any Rule 23(f) petitions. |
| **December 31, 2007** | Plaintiffs' deadline to complete discovery of Aventis' and Amgen's experts. |
| **January 15, 2008** | Plaintiffs', Aventis', and Amgen's deadline to exchange witness and exhibit lists and affirmative deposition designations. |
|  | Plaintiffs', Aventis', and Amgen's deadline to file proposed jury instructions and verdict forms if necessary.[4] |
|  | Plaintiffs', Aventis', and Amgen's deadline to file Motions for Summary Judgment and Motions in Limine.[5] |
| **February 15, 2008** | Earliest anticipated date by which First Circuit may resolve any 23(f) petitions.  If the First Circuit denies interlocutory review or affirms the class certification order in all respects, then notice to issue within 7 days thereafter. |
|  | Plaintiffs', Aventis', and Amgen's deadline to file deposition cross-designations. |
| **February 29, 2008** - | Court to conduct hearing on Motions for Summary Judgment and Final Pretrial Conference as to Plaintiffs' claims against Aventis and Amgen. |

---

[4] *See Massachusetts Eye and Ear Infirmary v. QLT, Inc.,* No. CIV.A.00 10783 WGY, 2007 WL 1991404, at *3-*6 (D. Mass. July 10, 2007).

[5] Track Two Defendants anticipate that they will file motions that raise company-specific, product specific and other issues that were not previously raised by other parties or addressed by the Court in connection with the Track One bench trial.

Dated:  August 2, 2007	/s/ Michael DeMarco
Michael DeMarco (BBO #119960)
  michael.demarco@klgates.com
Aimée E. Bierman (BBO #640385)
  aimee.bierman@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
Nicolas P. Mizell
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550

*Attorneys for Aventis Pharmaceuticals Inc.*


/s/ Joseph H. Young
Frank A. Libby, Jr. (BBO No. 299110)
Douglas S. Brooks (BBO No. 636697)
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts  02110
(617) 338-9300

Joseph H. Young
Steve F. Barley
Jennifer A. Walker (BBO No. 651724)
Hogan & Hartson L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, Maryland  21202
Telephone:  (410) 659-2700
Facsimile:  (410) 539-6981

*Attorneys for Amgen Inc.*

*On behalf of the Track Two Defendants*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Michael DeMarco
Michael DeMarco

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for the Track Two Defendants has shared the proposed schedule set forth in this filing with Plaintiffs' counsel. As of the time of this filing, Plaintiffs' counsel has not responded to Counsel for the Track Two Defendants and has not yet provided the Track Two Defendants with Plaintiffs' proposed schedule.

/s/ Michael DeMarco
Michael DeMarco