UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257 |
| This Document Relates To: | Hon. Patti B. Saris |
| *The County of Erie v. Abbott Laboratories, Inc., et al.*,<br>No. 1:07-cv-10282-PBS | |
| *The County of Oswego v. Abbott Laboratories, Inc., et al.*,<br>No. 1:07-cv-10271-PBS | |
| *The County of Schenectady v. Abbott Laboratories, Inc., et al.*,<br>No. 1:07-cv-10273-PBS | |

**OBJECTIONS OF PLAINTIFFS COUNTY OF ERIE, COUNTY OF OSWEGO, AND COUNTY OF SCHENECTADY TO THE COURT'S JULY 26, 2007 ORDER OF REFERENCE FOR ALTERNATIVE DISPUTE RESOLUTION**

Plaintiffs County of Erie, County of Oswego, and County of Schenectady respectfully submit the within objections to this Honorable Court's July 26, 2007 order referring the above-captioned matters for mediation. While the Counties do not oppose *voluntarily* mediating the cases, they respectfully object to the Court's order that they do so for the reasons that follow:

As this Court is aware, on or about March 20, 2007, plaintiffs County of Erie, County of Oswego, and County of Schenectady moved for a hearing upon their fully-briefed motions to remand filed in the United States District Courts for the Western and Northern Districts of New York respectively.

The Counties filed their actions in their respective state court venues on March 8, 2005 (County of Erie), May 10, 2006 (County of Schenectady), and May 11, 2006 (County of Oswego). The cases were not removed within thirty (30) days of service upon the defendants. Nevertheless, on or about October 11, 2006, defendant Dey, Inc., with the consent of the other defendants, removed all three cases on the same basis, specifically that the federal government's *qui tam* complaint against Dey, and the September 9, 2006 order unsealing it, constituted an "order or other paper" from which Dey first ascertained that the cases had become removable within the meaning of 28 U.S.C. § 1446(b). The legal issue presented in the Counties' remand motions are identical: (1) whether the removals were timely pursuant to 28 U.S.C. § 1446(b) and, if so, (2) whether the federal district courts have original jurisdiction over the Counties' actions as required by 28 U.S.C. § 1441(a).

The removals and jurisdictional disputes have already caused ten (10) months of delay and have prejudiced the rights of the Counties to prosecute their claims in state court. Notwithstanding the Counties willingness to participate in mediation, the concern is that by acquiescing to the Court's order prior to it ruling on their remand motions, the Counties risk waiving their procedural arguments regarding the untimeliness of the removal of the cases. *See Harris v. Edward Hyman Company*, 664 F.2d 943 (5th Cir. 1981); 32 Am.Jur.2d Federal Courts §1719 ("[e]ven if there are irregularities in the removal proceeding, if a Federal District Court otherwise has jurisdiction and a plaintiff acquiesces in that jurisdiction by affirmative act, such as participating in federal discovery and attending federal status conferences, or vigorously prosecuting the case after removal, the plaintiff's motion to remand may be denied on theories of waiver or estoppel").

Accordingly, the Counties object to this Court's order referring their matters to mediation

and respectfully request that the Court promptly issue orders on the pending motions to remand. The Counties stand willing, however, to voluntarily participate in a mediation process with the goal of prompt resolution of their claims.

Dated: New York, New York
August 3, 2007

Respectfully submitted,

By: __/s/ Paul J. Pennock_____
Paul J. Pennock
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038
Phone: (212) 558-5500
Fax: (212) 344-5461