**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 |
| | ) ) | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) | JUDGE PATTI B. SARIS |

**TRACK 2 DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**PROPOSED "ROAD MAP" FOR TRACK 2 PROCEEDINGS**

The Track 2 Defendants submit this brief response to Plaintiffs' Proposed "Road Map" to Govern Track 2 Proceedings.  The Track 2 Defendants respectfully submit that the November 5, 2007 trial date is unworkable and gives short shrift to the mediation process that is already underway.

**1.     A Nationwide Class.**

The Court's August 16, 2005 Order unequivocally denied Plaintiffs' motion for nationwide class certification as to Classes 2 and 3 as a result, *inter alia,* of the "widely varying requirements" among state consumer protection statutes.  Memorandum and Order Re:  Motion for Class Certification (Docket # 1648) at 59-60.  As the Court found, many state consumer protection statutes do not allow suits by sophisticated entities like the TPP members of proposed Classes 2 and 3.  *Id.*  In addition, the requirements for establishing reliance, proximate cause, scienter, damages and statutes of limitations vary among the states.  *Id.* at 55.  While the Court found that those variations did not preclude certification of Class 1, it concluded, based on those variations, that "predominance is only satisfied for a statewide class" of TPPs.  *Id.* at 72.

Plaintiffs have provided no basis for the "about-face" that their schedule requests. Nothing in the Track 1 trial or decision altered the variations in state consumer protection statutes, nor did anything in that trial change the materiality of those variations for assessing the claims of the TPP members of proposed Classes 2 and 3.[1] And Plaintiffs have not even come close to satisfying their burden to establish "through extensive analysis" that any "grouping" of state consumer protection claims is feasible or appropriate for the TPP members of proposed Classes 2 and 3. *Id.* at 53. While the Court's denial of Plaintiffs' proposed nationwide class was without prejudice, its decision to refuse certification of nationwide TPP classes was rightly decided, and there is no reason for the Court to revisit that decision now.

If the Court intends to entertain Plaintiffs' request, however, the Track 2 Defendants must at a minimum be permitted an opportunity to brief and argue the issue.[2] Not only has Track 2 not had an opportunity to brief the issue of nationwide classes for Class 2 and Class 3, Plaintiffs' own motion to certify classes with respect to Track 2 Defendants, consistent with this Court's 2005 decision, *does not even request it. See* Plaintiffs' [Proposed] Consolidated Order re: Motion for Class Certification Track 2 at 3-4 (Docket # 2522) (seeking certification of Massachusetts-only classes for Class 2 and Class 3). Plaintiffs sought only to certify *Massachusetts* classes of TPPs, and the Track 2 Defendants accordingly focused their Opposition on the deficiencies in those proposed statewide classes. The serious constitutional and manageability issues implicated by Plaintiffs' request for a single trial of claims by two

---

[1] Plaintiffs cannot escape those variations by agreeing to try claims according to the law of the state with the strictest standard. "[E]ach plaintiff in this case has the right to have its claim judged according to the law of its jurisdiction, not according to that of a putative or imaginary strictest state." *In re School Asbestos Litig.*, 977 F.2d 764, 797 (3d Cir. 1992) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)).

[2] This will be especially true if the Court grants Plaintiffs' motion for leave to file a Fifth Amended Complaint which, for the first time, adds claims based upon common law fraud to the mix. The impact of adding myriad state common law fraud claims on class certification has not been addressed by any party in this case.

nationwide classes of TPPs deserve the benefit of full briefing and argument by the Track 2 Defendants if Plaintiffs' request is to be entertained at all.[3]

2.  **Combining Classes 1, 2 and 3 for Trial.**

Plaintiffs request an initial trial of *all* classes on a nationwide basis against three separate companies, Aventis, Amgen and Watson. Setting aside the question of the scope of such a trial (which could vary widely, depending on the Court's ruling with respect to Plaintiffs' motion for leave to file a Fifth Amended Complaint), Plaintiffs' proposal is untenable because it injects into the mix the parties' rights to a jury trial, as clearly envisioned by Plaintiffs' proposed "road map" and attached jury instructions. While recent case law suggests that Plaintiffs' claims under Massachusetts ch. 93A may also implicate a right to a jury trial, combining classes as suggested will undoubtedly involve issues triable as of right by a jury. As the Court recognized in ordering company-by-company trials of the Class 1 claims in Track 1, the risk – if not likelihood – of jury confusion will surely require a severance of defendants, and will complicate trial in a way that the multi-defendant bench trials that have been allowed to proceed thus far have not.

3.  **Simultaneous Exchange of Expert Reports.**

Plaintiffs suggest that parties *simultaneously* exchange expert reports just *three weeks* from now. To date, no expert disclosures of any kind have been made, and Plaintiffs have provided no glimpse as to how their expert (presumably, Dr. Hartman) will apply the various "filters" suggested by the Court's June 21 decision in Track 1, either as a measure of potential

---

[3] It is a red herring for Plaintiffs to argue that ratification of the Court's previous decision to deny certification of nationwide classes of TPPs would have the effect of denying a remedy for all consumer fraud claims. *See* Class Plaintiffs' Proposed "Road Map" to Govern Track 2 Proceedings (Docket #4590) at 3. Although CAFA may lead to the consolidation of various state law consumer protection claims in a single federal court *for pretrial purposes* as part of a single MDL, neither CAFA nor MDL procedure precludes separate trials of properly certified state classes.

liability or of potential damages.  A simultaneous exchange of reports effectively robs the Track 2 Defendants of any meaningful opportunity to test Dr. Hartman's assumptions in applying these measures to the Track 2 Defendants' data, and to then provide the Court with rebuttal reports based upon their own experts' opinions and calculations.

### 4. Mediation.

Lastly, at least as to those Track 2 Defendants scheduled to go to trial in the first round, Plaintiffs' proposed schedule will absolutely have an impact on those parties' ability to meaningfully participate in mediation.  Given the enormous amount of work that even Plaintiffs must acknowledge will need to be completed – including class certification (including possible appeals relating thereto), limited additional fact discovery, preparation and exchange of expert reports, expert discovery, summary judgment, motions in limine, and jury instructions – these parties will be put to the choice of preparing for trial or mediating.  In addition, as a result of Prof. Green's schedule, it is apparent that these Track 2 Defendants will have only very limited opportunity to mediate with the Plaintiffs within the timeframe contemplated by the Plaintiffs' proposed schedule.  While the Track 2 Defendants have no objection to a schedule along the lines of that originally envisioned by the Court only a month ago (with trials beginning in early 2008), we see no value in imposing an unrealistically aggressive schedule that ultimately may preclude effective use of a mediation process that has repeatedly proved itself effective in the context of mediating Track 1 claims.

Dated:  August 6, 2007  /s/ Joseph H. Young
Frank A. Libby, Jr. (BBO No. 299110)
Douglas S. Brooks (BBO No. 636697)
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
(617) 338-9300

>Joseph H. Young
>Steven F. Barley
>Jennifer A. Walker (BBO No. 651724)
>Hogan & Hartson, L.L.P.
>111 S. Calvert Street, Suite 1600
>Baltimore, Maryland 21202
>(410) 659-2700
>
>*Attorneys for Amgen Inc.*
>
>   /s/ Michael DeMarco
>Michael DeMarco (BBO #119960)
>Aimée E. Bierman (BBO #640385)
>Kirkpatrick & Lockhart Preston Gates Ellis, L.L.P.
>State Street Financial Center
>One Lincoln Street
>Boston, MA 02111-2950
>(617) 261-3100
>
>Michael L. Koon
>James P. Muehlberger
>Nicholas P. Mizell
>Shook, Hardy & Bacon, L.L.P.
>2555 Grand Boulevard
>Kansas City, Missouri 64108-2613
>(816) 474-6550
>
>*Attorneys for Aventis Pharmaceuticals Inc.*
>
>*On behalf of the Track Two Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2007 I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

>/s/ Jennifer A. Walker
>Jennifer A. Walker