UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS |  |

## WATSON'S OPPOSITION TO CLASS PLAINTIFFS' PROPOSED "ROAD MAP"

Watson Pharmaceuticals, Inc. ("Watson") joins the Track Two Defendants' Response to Plaintiffs' proposed "Road Map," and files this separate opposition to explain why it would be especially inappropriate to include Watson in the branded Track Two trials.

After having told the Court less than three weeks ago that they wanted an early trial on branded drugs only against Amgen and Aventis, Plaintiffs now seek to include Watson in the first Track Two trials for its drug Ferrlecit.  Because Plaintiffs are not prepared to proceed on any multisource drug, and because Plaintiffs allege that Watson is liable for numerous multisource drugs,[1] Plaintiffs' proposed schedule would require Watson to face two trials, in the same case, before the same Court (even if the Court merges all three classes into each trial).  Making Watson prepare for and participate in two trials would be grossly unfair, would unnecessarily burden the Court, and would dramatically increase costs (e.g., at least two Class Notices would presumably have to be sent for Watson).

---

[1] Plaintffs also allege that Watson is liable for injectable forms of iron dextran, dexamethasone acetate, dexamethasone sodium phosphate, gentamicin, diazepam, and vancomycin.

Additionally, Plaintiffs have no class representative as to Ferrlecit. The only reimbursements for Ferrlecit presented by Plaintiffs are by proposed Class Two class representative Sheet Metal Workers in January 2005, well after the class period and the close of liability established by the Court. Moreover, Watson did not "manipulate the spread" for Ferrlecit; its AWP stayed constant and its average sales prices stayed nearly constant from its introduction in June 1999 through December 2003.

Furthermore, Watson has unique defenses as to Ferrlecit. Ferrlecit, a successor to iron dextran as a treatment for anemia, is almost exclusively used for End-Stage Renal Disease (ESRD) patients undergoing dialysis. A June 2000 Report by the Office of Inspector General of the U.S. Department of Health and Human Services presented reasonably accurate estimates of the size of the "spreads" on ESRD drugs (including iron dextran) and specifically labeled the "spreads" excessive. OIG and HHS administrators unequivocally recommended a reduction in reimbursement levels for ESRD drugs, but, as with oncology drugs discussed in the Court's June 21, 2007 opinion (at 32), there was a strong congressional backlash. Medicare ESRD drug reimbursement rates remained stable to ensure that dialysis clinics could maintain revenue despite concededly insufficient dialysis administration rates. See 68 Fed. Reg. 50,428, 50,440 (Aug. 20, 2003).[2]

Therefore, Watson should not be included in the branded Track Two trials.

---

[2] Watson needs to correct some misrepresentations in Plaintiffs' "Road Map." Watson did not engage in "spread marketing" of Ferrlecit; Watson would not have benefited from doing so because a competitive therapy had a greater spread. Also, Plaintiffs state that Watson has failed to provide requested data. About two weeks ago, the undersigned sent an email informing Plaintiffs' counsel that some of the requested data do not exist, and asking Plaintiffs' counsel to contact the undersigned so that other data could be discussed. Plaintiffs have not responded.

Respectfully submitted,

/s/ Douglas B. Farquhar
Douglas B. Farquhar (admitted *pro hac vice*)
Michelle L. Butler
Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 737-5600
(202) 737-9329 (Fax)

## CERTIFICATE OF SERVICE

I, Douglas B. Farquhar, hereby certify that I caused a true and correct copy of the foregoing Opposition to Class Plaintiffs' "Road Map" to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 6, 2007, a copy to LexisNexis File and Serve for posting and notification to all parties.

By   /s/ Douglas B. Farquhar
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 737-5600
(202) 737-9329 (Fax)