**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> TRACK 1 TRIAL ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION:  01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE TO WARRICK PHARMACEUTICALS
CORPORATION'S REPLY TO PLAINTIFFS' ALLEGED
"CONCESSION" ON CAUSATION AND DAMAGES**

Plaintiffs have ***not*** conceded that judgment is appropriate in favor of Warrick and intend to proceed with the damages hearing in order to offer a damage verdict that does not result in Warrick's absolution for its wrongful conduct.  As explained in Plaintiffs' damage submission, the Court found Warrick to have engaged in unfair and deceptive conduct by causing publication of mega spreads.  Trial Ruling at 6.  However, the computation of damages as literally ordered by the Court results in less than $6,000 in damages.  But when rounding as Medicare does in actual practice when converting to fundamental billing units, damages are zero.  Unfortunately, this is the result of the Court's choice to employ a damages methodology that utilizes an ***already inflated*** median that is the creature of Schering-Plough's inflation of the brand AWP (Proventil).

Plaintiffs believe that a damage model must remove the impact of AWP inflation.  To do so, Dr. Hartman has proposed that damages be assigned to Warrick based on the difference between the median AWP and Warrick's ASP adjusted for the 30% threshold.  In choosing a "competitive" benchmark in this manner, the infected median – which is the result of Schering-

- 1 -

Plough/Warrick's conduct in reporting inflated AWPs for both Proventil and Warrick's albuterol – is removed. It is a method commensurate with a finding of wrongful conduct and which does not give Schering-Plough and Warrick the benefit of reducing damages as a result of the widespread publication of inflated AWPs by them and other manufacturers. Plaintiffs have submitted Dr. Hartman's opinion on this, Warrick has submitted a conflicting opinion, and Plaintiffs are *not* conceding and thus ask for the Court to rule on the briefs or to hold a hearing.

DATED:  August 8, 2007

By   /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 3 -

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO WARRICK PHARMACEUTICALS CORPORATION'S REPLY TO PLAINTIFFS' CONCESSION ON CAUSATION AND DAMAGES** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 8, 2007, a copy to LexisNexis File and Serve for Posting and notification to all parties

By    **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

- 4 -