**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE LITIGATION ) | MDL No. 1456 |
| ) | |
| ) | Civil Action No. 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO ) | |
| 01-CV-12257-PBS AND 01-CV-339 ) | Judge Patti B. Saris |
| ) | |
| ) | |

**FINDINGS AND ORDER ON MOTION OF**
**TRACK 1 DEFENDANTS FOR THE ENTRY OF JUDGMENTS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Before the Court is the motion of defendants AstraZeneca Pharmaceuticals LP

("AstraZeneca"); Bristol-Myers Squibb Company and Oncology Therapeutics Network

Corporation (together "BMS"); Johnson & Johnson, Centocor, Inc. and Ortho Biotech Products,

L.P. (together "the J&J Defendants"); and  Schering-Plough Corporation and Schering

Corporation[1] (together "Schering") and Warrick Pharmaceuticals Corporation ("Warrick")

(together "Schering/Warrick") for the entry of judgments pursuant to Fed. R. Civ. P. 54(b) with a

stay pending appeal.  Upon consideration of the motion and the submissions of the parties, the

Court grants the motion.  In accordance with Rule 54(b), the Court makes the following findings.

*See Spiegel v. Trustees of Tufts College,* 843 F. 2d 38, 42-43 (1988).

**Findings**

1.      This is a multi-district litigation ("MDL") consolidating a number of class

actions that were brought against 16 pharmaceutical manufacturers beginning in 2001.  The

actions, as originally pleaded, included federal claims under the Racketeer Influenced Corrupt

---

[1] Schering Corporation is a wholly owned subsidiary of Schering-Plough Corporation, a holding company that does not manufacture or sell any pharmaceuticals.  While Schering Corporation was not named a defendant in the 4th AMCC, the branded drugs at issue were manufactured and sold by that company.

Organizations Act ("RICO") and various state consumer protection statutes.  The Court

dismissed the RICO claims and exercised supplemental jurisdiction over the consumer protection

claims.

> 2.     The essence of the claims was that defendants caused various industry
publications – such as the Red Book, First DataBank and MediSpan – to publish fictitious
average wholesale prices ("AWPs").  These AWPs were used by Medicare and third party
payors ("TPPs"), such as insurance companies, to establish payments made to doctors for
physician-administered drugs, such as chemotherapy agents.  Plaintiffs claimed that the AWPs
were fictitious because they exceeded average sale prices ("ASPs").

> 3.     In March 2004, the Court created a "fast track" consisting of five
defendants or defendant groups:  AstraZeneca, BMS, GlaxoSmithKline ("GSK"), the J&J
Defendants, and Schering/Warrick.  The remaining defendants were placed in a "regular track"
for discovery and trial.[2]  The fast track defendants became known as the "Track 1" defendants,
and the remaining defendants became known as the "Track 2" defendants.

> 4.     In January 2006, the Court certified three classes for trial against the Track
1 defendants:  (a) Class 1 -- consumers in 40 states who made co-payments for drugs under
Medicare Part B; (b) Class 2 -- TPPs in Massachusetts who made co-payments for drugs under
Medicare Part B; and (c) Class 3 -- consumers and TPPs in Massachusetts who paid for drugs in
non-Medicare transactions based on contracts expressly using AWP.  Class 1 was not certified as
to Schering/Warrick, because there was no class representative who had made a co-payment for
a Schering or Warrick product under Medicare Part B.  *In re Pharm. Indus. Average Wholesale
Price Litigation*, 233 F.R.D. 229 (D. Mass. 2006) (class certification order).

---

[2] The remaining defendants are Abbott, Amgen, the Aventis Group, Baxter, Bayer, Dey, the Fujisawa Group, Immunex, Pfizer/Pharmacia, Sicor and Watson.

5.      By order dated November 2, 2006, based on the record developed at that time, the Court denied plaintiffs' motion for partial summary judgment as to the Class 1 and Class 2 claims, and also denied the Track 1 defendants' motions for summary judgment as to the Class 1 and Class 2 claims, except with respect to Medicare Part B drugs furnished in 2004 and thereafter. *In re: Pharm. Indus. Average Wholesale Price Litig*., 460 F. Supp. 2d 277 (D. Mass. 2006). The Court also denied the Track 1 defendants' motions for summary judgment on the Class 3 claims.

6.      As of the date of this Order, the claims of all three classes have now been resolved as to the Track 1 defendants, as described below.

7.      GSK has settled the claims of all three classes.

8.      There are no longer any Class 1 claims pending against AstraZeneca or BMS because both defendants have settled the Class 1 claims.

9.      The Class 2 and 3 claims against AstraZeneca, BMS, the J&J Defendants, and Schering/Warrick, alleging violations of Mass. Gen. Laws ch. 93A, proceeded to trial before the Court in November of 2006. On June 21, 2007, the Court issued Findings of Fact and Conclusions of Law holding AstraZeneca, BMS and Warrick liable with respect to certain drugs for certain time periods as set forth in the Court's opinion. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, __ F. Supp. 2d ___, 2007 WL 1774644 (D. Mass. June 21, 2007).

10.      In the same opinion, the Court dismissed all Class 2 and 3 claims against Schering. *Id.* There were no Class 3 claims presented at trial against Warrick. The Court also dismissed the claims of all three classes against the J&J Defendants. *Id.*

3

Case 1:01-cv-12257-PBS   Document 4616-2   Filed 08/10/07   Page 4 of 12

11.     On August 9, 2007, the Court held an additional hearing on damages and issued a final award of damages and interest against Astra Zeneca and BMS as follows:

|             | Class 2        | Class 3        |
|-------------|----------------|----------------|
| AstraZeneca | $_____  | $_____  |
| BMS         | $_____  | $_____  |

12.     As to Warrick, the Court found [Option A: there were no damages and therefore no liability] or [Option B: damages and interest of $_____ for Class 2].

13.     As to the J&J Defendants, the Court ruled, among other things, that the J&J defendants' conduct did not violate Mass. Gen. Laws ch. 93A, in part because the spreads on the J&J Defendants' subject drugs (Procrit® and Remicade®) never substantially exceeded the range of spreads plaintiffs themselves contend was generally expected by the industry and government. In particular it was undisputed that the spreads on Procrit® did not exceed 30% in any year for any of the 15 Procrit® NDCs, and that the spread on Remicade®, depending upon the method of calculation, either did not exceed 30% in any year or only exceeded 30% by 2.1% in 1999 and 1.9% in 2001. Accordingly, the Court ruled that the AWPs on Procrit® and Remicade® were within the range of spreads plaintiffs said was generally expected by the industry and government, predictably related to acquisition cost, and not deceptive. As a result, the Court ruled that the claims of Class 2 and Class 3 should be dismissed. As to the claims of Class 1, Plaintiffs had advocated a "zero tolerance" approach to liability and damages (as they had for Class 2). The Court rejected this approach. Again, because it was undisputed that the Procrit® and Remicade® spreads never substantially exceeded the range of spreads plaintiffs themselves contend were generally expected by industry and government, no reasonable jury could find that the J&J Defendants' conduct violated the consumer protection laws applicable to

the Class 1 claims.  Accordingly, on July 3, 2007, the Court noted on the record that the June 21,

2007 order dismissing the J&J Defendants applied to the claims by members of Class 1.

(7/03/07 Tr. at 9-10.)

14.     Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action . . .
> or when multiple parties are involved, the court may direct the
> entry of a final judgment as to one or more but fewer than all of the
> claims or parties only upon an express determination that there is
> no just reason for delay and upon an express direction for the entry
> of judgment.

Fed R. Civ. P. 54(b).

15.     As a threshold matter the Court must conclude that the judgments would

be "final" within the meaning of 28 U.S.C. § 1291.  To be final, the judgments must dispose of

all the rights and liabilities of at least one party as to at least one claim.  Here, there are no

further proceedings contemplated against these defendants with respect to the claims adjudicated

at trial; nor are there any other claims between these parties.  Accordingly, the judgments would

have the requisite degree of finality.

16.     Having concluded that the judgments would be final, the Court may direct

the entry of final judgments upon an express finding that "there is no just reason for delay."  Fed.

R. Civ. P. 54(b).  For the reasons set forth below, the Court finds that there is no just reason to

delay the entry of judgments with respect to the Track 1 defendants.

17.     There are no unadjudicated claims or counter claims pending in the district

court with respect to the Track 1 defendants.  As a result, there are no subsequent proceedings

between the parties that threaten to moot the need for ultimate resolution of these issues in the

5

Court of Appeals.  Nor are there any issues with respect to the Track 2 defendants that will affect

my decision with respect to the Track 1 defendants.

18.     Furthermore, the claims against the Track 1 defendants present issues

unique to each of them that are now ripe for appeal.  For example, the claim against AstraZeneca

related to a single-source drug, Zoladex, which, unlike the other products at issue, faced branded

therapeutic competition throughout the relevant time period.  The claim against BMS related

primarily to single-source drugs that had lost exclusivity and became subject to multi-source

competition from generic drugs.  The claim against the J&J Defendants related to single source

drugs as to which there was no generic competition.  The claim against Schering also related to

single-source drugs, while the claim against Warrick by Class 2 related to Albuterol, a multi-

source drug for which there was special pricing under the Medicare program.  These and other

distinct variations in the drugs at issue for the Track 1 defendants eliminate the prospect of

successive appellate review and weigh in favor of immediate appeals.

19.     The equities likewise weigh against requiring the Track 1 defendants to

wait for resolution of the Track 2 claims before obtaining appellate review, in part because the

Track 1 defendants are also defendants in AWP-related litigation in state courts and, in some of

those cases, the parties may argue that this Court's Findings and Conclusions should have some

effect on the issues presented in those cases.   Under these circumstances, it would be inequitable

to require the Track 1 defendants to wait for years before obtaining appellate review.  Moreover,

Plaintiffs will not be prejudiced by the immediate entry of judgments against AstraZeneca, [and]

BMS and [Option B: Warrick] pursuant to Rule 54(b), but rather, if this Court's decision were to

be affirmed, will benefit from having judgments capable of enforcement and distribution to class

members prior to resolution of the Track 2 claims.  Similarly, there is no just reason to delay

entry of judgments against plaintiffs with respect to the claims against the J&J Defendants, and

[Option B: Schering] [Option A: Schering/Warrick].

## **Order**

IT IS THEREFORE ORDERED THAT:

Pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter judgments in the form of Appendices A through D as follows:  in favor of Class 2 and Class 3 and against AstraZeneca in the amounts stated; in favor of Class 2 and Class 3 and against BMS in the amounts stated; [Option A: in favor of Schering/Warrick and against Class 2 and Class 3][Option B: in favor of Class 2 and against Warrick in the amount stated, in favor of Warrick and against Class 3, and in favor of Schering and against Class 2 and Class 3]; and in favor of the J&J Defendants and against Class 1, Class 2 and Class 3.  The judgments shall be stayed pending resolution of the appeals.

Dated:  August 10, 2007                  _____
                                         United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) | Civil Action No. 01-CV-12257 PBS Judge Patti B. Saris |

**Judgment**

IT IS ADJUDGED AND DECREED THAT:

Judgment is entered in favor of Class 2 against AstraZeneca Pharmaceuticals LP

in the amount $ _____ , plus pre-judgment interest of $_____, for total of $ _____

and in favor of Class 3 against AstraZeneca Pharmaceuticals LP in the amount $_____,

plus pre-judgment interest of $_____, for a total of $ _____.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) )  ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) | Civil Action No. 01-CV-12257 PBS  Judge Patti B. Saris |

**<u>Judgment</u>**

IT IS ADJUDGED AND DECREED THAT:

Judgment is entered in favor of Class 2 against Bristol-Myers Squibb Company in

the amount $ _____ , plus pre-judgment interest of $_____, for a total $_____ and in

favor of Class 3 against Bristol-Myers Squibb Company in the amount $_____, including

pre-judgment interest of $_____ for a total of $_____.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br><br>)<br>) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 )<br>)<br>)<br>) | Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris |

**Judgment [Option A]**

IT IS ADJUDGED AND DECREED THAT:

Judgment is entered in favor of Schering-Plough Corporation, Schering

Corporation, and Warrick Pharmaceuticals Corporation and against Class 2 and Class 3.

10

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) | Civil Action No. 01-CV-12257 PBS Judge Patti B. Saris |

**Judgment [Option B]**

IT IS ADJUDGED AND DECREED THAT:

Judgment is entered in favor of Class 2 against Warrick Pharmaceuticals

Corporation ("Warrick") in the amount $ _____, plus pre-judgment interest of $_____,

for a total $_____.

Judgment is entered in favor of Schering-Plough Corporation and Schering

Corporation and against Class 2 and Class 3, and in favor of Warrick and against Class 3.

11

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY ) 
AVERAGE WHOLESALE PRICE LITIGATION ) MDL No. 1456
)
THIS DOCUMENT RELATES TO )  Civil Action No. 01-CV-12257 PBS
01-CV-12257-PBS AND 01-CV-339 )
)  Judge Patti B. Saris
)

**<u>Judgment</u>**

IT IS ADJUDGED AND DECREED THAT:

Judgment is entered in favor of  Johnson & Johnson, Centocor, Inc. and Ortho

Biotech Products, L.P. and against Class 1, Class 2 and Class 3.