UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) THIS DOCUMENT RELATES TO ) 01-CV-12257-PBS ) ) | MDL No. 1456<br><br>Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris |

**TRACK 1 DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR ENTRY OF JUDGMENTS UNDER RULE 54(b)**

Defendants AstraZeneca Pharmaceuticals LP ("AstraZeneca"); Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (together "BMS"); Johnson & Johnson, Centocor, Inc., and Ortho Biotech Products, L.P. (together "the J&J Defendants"); and Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") (together "Schering/Warrick") submit this memorandum in support of their motion for an order directing the entry of judgments as to the Track 1 defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, accompanied by a stay pending resolution of the Track 1 appeals.

**PRELIMINARY STATEMENT**

On June 21, 2007, following a bench trial of claims by Class 2 and Class 3 plaintiffs that spanned 20 days in November and December 2006, the Court issued Findings of Fact and Conclusions of Law in which it ruled that AstraZeneca, BMS and Warrick had violated Mass. Gen. Laws ch. 93A, and the J&J Defendants and Schering had not. In re Pharmaceutical Industry Average Wholesale Price Litigation, ___ F. Supp. 2d ___, 2007 WL 1774644 (D. Mass. June 21, 2007). The Court has scheduled a hearing on damages for August 27, 2007, and it is

anticipated that once the Court makes a final determination on damages, the matter will be ripe for appeal. At a hearing on July 3, 2007, the Court indicated that it intends to direct the entry of judgments as to the Track 1 defendants pursuant to Rule 54(b).  (7/3/07 Hearing Tr. 24-25.)

        Accordingly, the Track 1 defendants respectfully request that the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, (1) make an express direction for the entry of judgments against AstraZeneca and BMS on the Class 2/Class 3 claims, [Option A: and against Warrick on the Class 2 claims], [Option B: in favor of Warrick on the Class 2 claims,] and in favor of Warrick on the Class 3 claims and Schering on the Class 2/Class 3 claims, and in favor of the J&J Defendants on the Class 1, 2 and 3 claims; and (2) make an express determination that there is no just reason for delaying entry of final judgments as to AstraZeneca, BMS, the J&J Defendants and Schering and Warrick so that the judgments can be immediately appealed to the First Circuit.  In addition, the entry of judgments pursuant to Rule 54(b) should be accompanied by a stay of the judgments pending resolution of the appeals.  A proposed form of order is submitted herewith.  Entry of judgments under Rule 54(b) is appropriate now because:

    1.    All claims relating to the Track 1 defendants have now been resolved. Entry of judgments as to the Track 1 defendants now will promote the expeditious resolution of all claims in this entire case, including claims against Track 2 defendants, because resolution of certain novel and complex issues at the appellate level will likely provide a template for resolving all claims in the MDL litigation.

    2.    There is no just reason to delay entry of judgments; indeed, it would be inequitable to require the Track 1 defendants against whom the Court found liability to wait for the opportunity to appeal until after resolution of all the Track 2 claims and the time required for the approval of settlements (perhaps years), because there will be no

2

new determinations that will affect the Court's decision as to them and parties in other cases may try to argue that the Court's Findings and Conclusions should have some effect in those cases.

## ARGUMENT

**I.    STANDARDS UNDER RULE 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court in a multi-claim, multi-party suit to direct entry of final judgments on one or more but fewer than all claims or as to one or more but fewer than all parties. The rule provides in pertinent part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed R. Civ. P. 54(b).

The purpose of Rule 54(b) is to permit immediate appeal in situations where, otherwise, a party would have to await final judgment disposing of all claims in an action, and, because of the inevitable delay and inability to appeal, the party would suffer hardship. Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001). In deciding whether to direct the entry of final judgments under Rule 54(b), the district court acts as a "dispatcher," determining the appropriate time for appellate review by considering the interests of judicial administration and the equities of the case. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). The court must balance the policy disfavoring piecemeal appeals against the potential harm to litigants caused by the delay in entry of final judgment. Id.; United States v. Cannons Engineering Corp., 720 F. Supp. 1027, 1053-54 (D. Mass. 1989).

3

The First Circuit has articulated a three-step test for directing the entry of judgments under Rule 54(b). The district court must:

1. conclude that the judgment is final for purposes of 28 U.S.C. § 1291;

2. consider the interrelationship among adjudicated and unadjudicated claims so as to avoid piecemeal appeals in cases that should be reviewed as a single unit; and

3. assess the equities of the case and determine that there is no justification for delay in entering final judgment.

Darr v. Muratore, 8 F.3d 854, 862 (1st Cir. 1993); American Automobile Manufacturers Ass'n Commissioner, 998 F. Supp. 26, 29 (D. Mass. 1998).

Any judgments based on the Court's findings, conclusions and damages award are clearly final as to the Track 1 defendants for purposes of 28 U.S.C. § 1291.[1] There is nothing more to be done as to those claims. If there are future appeals by other parties, they will concern issues other than those raised in connection with a Track 1 appeals.

## II. THERE IS NO JUST REASON FOR DELAY IN ENTERING FINAL JUDGMENTS PURSUANT TO RULE 54(b) IN THIS CASE

### A. Entry of Judgments Now So As To Allow An Immediate Appeal Will Likely Avoid Future Trials And Hasten The Final Disposition Of All Cases

In determining whether to enter final judgments under Rule 54(b), the trial court must weigh the equities regarding any justifiable reasons for delay, which "requires an assessment of the entire litigation and an analysis of factors which suggest reasons to relax the usual prohibition against piecemeal appeals." Darr, 8 F.3d at 862. Here, entry of final

---

[1] A judgment is final under Rule 54(b) where it is "an ultimate disposition of an individual claim entered in the course of a multiple claim transaction." Curtiss-Wright Corp., 446 U.S. at 7; Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 225 F.R.D. 171, 174 (D. Mass. 2004)

4

judgments under Rule 54(b) would facilitate, to a significant extent, the efficient judicial management of the remainder of this case.[2]  Once there is a definitive appellate resolution of the novel and complex issues herein, it is very likely that the numerous claims against the Track 2 defendants can be resolved through motion practice, or even settlements.

The Supreme Court has recognized that a district court's determination that appellate review would promote settlement of remaining claims and thereby conserve judicial resources militates in favor of entry of final judgment under Rule 54(b).  Curtiss-Wright Corp., 446 U.S. at 8 n. 2 ("if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims"); see also Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 225 F.R.D. 171, 175 (D. Mass. 2004) ("[c]ertification is especially appropriate in the instant case because appellate resolution of the poison pill issue could effectively eliminate further proceedings in the case, and thereby conserve judicial resources"); State of New York v. AMRO Realty Corp., 936 F.2d 1420, 1426 (2d Cir. 1991) (certification not an abuse of discretion where resolution of the certified issues was likely to assist in the settlement of the rest of the case); Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982) (certification appropriate where it may facilitate settlement or ultimate resolution of the case); see also Fox v. Baltimore City Police Dept., 201 F.3d 526, 532 (4th Cir. 2000) (no abuse of discretion where final determination on appeal will streamline resolution of remaining claims); 10 Moore's Federal Practice, § 54.23[1][b] (Matthew Bender 3d ed.)

---

[2] In addition, the parties have an interest in "swift resolution of their disputes," which granting the Rule 54(b) certification will advance.  Fox, 201 F.3d at 531.

5

(facilitating settlement and eliminating trial are "identifiable judicial administrative interests [that] would be served by an immediate appeal").

Furthermore, even if the First Circuit remands for further proceedings in this Court, it is much more efficient to reach that juncture sooner rather than later. The worst of all possible worlds, from this Court's standpoint, would be to be faced with the prospect of retrying multiple actions. A definitive ruling from the First Circuit will hasten the ultimate resolution of all of the AWP cases, which have now been pending for more than five years.

**B.    Delay In Entering Final Judgments Would be Unfair and Inequitable to the Track 1 Defendants**

One focus of the judicial inquiry under Rule 54(b) is whether a party would be unfairly prejudiced were the court not to promptly direct the entry of final judgments. Darr, 8 F.3d at 863. (The trial court did not abuse its discretion in entering final judgment under Rule 54(b) because "a demonstration of clear injustice or hardship resulting from a delay in final judgment on a particular question may justify certification.") The defendants against whom liability has been found would be prejudiced if they had to wait years to appeal. There are a number of actions pending against these defendants in state courts throughout the country and the parties in some of those cases may attempt to argue that the Court's Findings and Conclusions should have some effect on the issues presented in those cases.[3] This is clearly not a case where appeal is simply convenient for the parties and nothing more. Cf. Spiegel v. Trustees of Tufts College, 843 F. 2d 38, 46 (1st Cir. 1988).

Accordingly, the interests of sound judicial administration, as well as fairness to the parties, weigh heavily in favor of the entry of final judgments pursuant to Rule 54(b) now.

---

[3] Defendants do not agree that the Court's ruling should have that effect.

6

The instant action presents the very kind of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate dockets are outbalanced by the pressing needs of litigants for an early and separate judgment" that Rule 54(b) was intended to address.  See Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  There is no just reason for delay.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (1) direct entry of final judgments in this matter with respect to the Track 1 defendants; and (2) make an express determination that there is no just cause for delay of any appeals.  In addition, defendants also request that the Court stay the judgments pending resolution of the appeals.

Dated: Boston, Massachusetts
August 10, 2007

Respectfully submitted,

THE FOLLOWING TRACK 1 DEFENDANTS

By: /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO # 663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

    Attorneys for the Bristol-Myers Squibb Co.
    and Oncology Therapeutics Network Corp.

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

    Attorneys for the Johnson & Johnson
    Defendants

John T. Montgomery (BBO #352220)
Steven A. Kaufman (BBO #262230)
Eric P. Christofferson (BBO #654087)
Ropes & Gray LLP
One International Place
Boston, MA 02110

    Attorneys for Schering-Plough Corp. and
    Warrick Pharmaceuticals Corp.

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 10, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                              /s/ Katherine B. Schmeckpeper
                                              Katherine B. Schmeckpeper