UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK 1 TRIAL | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**[CORRECTED]
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF TRACK 1
<u>DAMAGES SUBMISSION</u>**

Plaintiffs file this brief, supplemental memorandum in response to (i) the Court's August 3, 2007 Order adopting simple interest under state law (Docket No. 4529), and (ii) Warrick Pharmaceuticals Corporation's Memorandum Regarding Class 2 Damages.

A. **Response To Warrick's Assertion Of No Damages**

Advancing a theory not submitted at trial, Warrick argues that lowering Warrick's AWP would have no impact on reimbursement. To reiterate, the difference between Warrick's approach and Plaintiffs' approach is that Plaintiffs adopted a literal interpretation of the Court's order, basing damages on the actual median less the but-for median on an NDC-by-NDC basis. Using this model, Dr. Hartman calculated nominal damages to be $5,752.

Dr. Hartman has reviewed Warrick's materials, including the submission of Dr. Addanki. In sum, Warrick takes the calculation one step further than the Court's model by calculating the reimbursement rate under Medicare at the level of the fundamental billing unit ("FBU"). Under this Medicare practice, the reimbursement rates implied by the median and the new but-for median round to the same penny. Because Medicare rounds, Medicare still reimburses at the same amount, and there are no damages. It appears that Warrick's approach – although not a literal interpretation of the Court's order – is correct in Medicare practice.

However, this underscores the need for the Court to adopt a proper measure of damages that utilizes a competitive benchmark and not the median which is itself the result of deliberate AWP inflation. The infected median simply should not be used as the yardstick. Plaintiffs and Dr. Hartman have submitted a "competitive model" of damages and request that the Court adopt it. *See* Plaintiffs' Memorandum in Support of Track 1 Damages Submission at 5-10.

B. **Updated Damages Calculations Utilizing Simple And Not Compound Interest**

In the Court's August 3, 2007 electronic Order granting the Stipulation and Order as to Damages and Interest for Defendant BMS (Docket No. 4529), the Court elected to apply the

12% state-law prejudgment interest rate but to base the interest calculation on simple interest and then hear argument on multiple damages. The Court will presumably adopt the same approach with respect to the other Defendants. Therefore, Plaintiffs have modified the damages tables presented at pages 1 and 2 of their Memorandum in Support of Track 1 Damages Submission to account for the application of simple, and not compound, interest.[1] Under this revised approach, nominal damages and prejudgment interest for each Defendant are as follows:

|  | **Class 2** | **Class 3** |
|---|---|---|
| **AstraZeneca** | | |
| Nominal through 2002 | $2,090,103 | $4,451,429 |
| With Prejudgment Interest | $3,467,267 | $7,384,499 |
| Nominal through 2003 | $2,609,466 | $5,556,047 |
| With Prejudgment Interest | $4,241,218 | $9,030,592 |
| **Bristol-Myers Squibb** | | |
| Nominal through 2002 | $187,789 | $183,454 |
| With Prejudgment Interest | $309,267 | $307,037 |
| Nominal through 2003 | $266,848 | $183,454 |
| With Prejudgment Interest | $427,080 | $307,037 |
| **Warrick** | | |
| Nominal through 2003 | $0[2] | |
| With Prejudgment Interest | $0 | |
| Nominal through 2003-Competitive Price | $2,288,848 | |
| With Prejudgment Interest | $3,766,160 | |

\* Note: The 2003 damages for Warrick are <u>not</u> the product of an extrapolation and are based on 2003 data provided by Warrick.

---

[1] Nonetheless, Plaintiffs still believe that applying compound interest is proper.

[2] This reflects the FBU adjustment urged by Warrick.

Applying treble damages to the above yields the following damages for each Defendant:[3]

|  | Class 2 | Class 3 |
|---|---|---|
| **AstraZeneca** | | |
| Treble damages through 2002 with prejudgment interest on nominal portion only | $7,647,473 | $16,287,357 |
| Treble damages through 2003 with prejudgment interest on nominal portion only | $9,460,150 | $20,142,686 |
| **Bristol-Myers Squibb** | | |
| Treble damages through 2002 with prejudgment interest on nominal portion only | $684,845 | $673,945 |
| Treble damages through 2003 with prejudgment interest on nominal portion only | $960,776 | $673,945 |
| **Warrick** | | |
| Treble damages through 2003 with prejudgment interest on nominal portion only | $0 | |
| Treble damages 2003-Competitive Price with prejudgment interest | $8,343,856 | |

---

[3] Prejudgment interest does not apply to treble damages and will apply only to the nominal portion. *McEvoy Travel Bureau, Inc. v. Norton Co.*, 563 N.E.2d 188, 196 (Mass. 1990).

DATED:  August 15, 2007.                By   /s/ Steve W. Berman
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                        Hagens Berman Sobol Shapiro LLP
                                        One Main Street, 4th Floor
                                        Cambridge, MA  02142
                                        Telephone: (617) 482-3700
                                        Facsimile: (617) 482-3003

                                        **LIAISON COUNSEL**

                                        Steve W. Berman
                                        Sean R. Matt
                                        Hagens Berman Sobol Shapiro LLP
                                        1301 Fifth Avenue, Suite 2900
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile: (206) 623-0594

                                        Elizabeth Fegan
                                        Hagens Berman Sobol Shapiro LLP
                                        820 North Boulevard, Suite B
                                        Oak Park, IL  60302
                                        Telephone: (708) 776-5600
                                        Facsimile: (708) 776-5601

                                        Jeffrey Kodroff
                                        Spector, Roseman & Kodroff, P.C.
                                        1818 Market Street, Suite 2500
                                        Philadelphia, PA  19103
                                        Telephone: (215) 496-0300
                                        Facsimile: (215) 496-6611

                                        Kenneth A. Wexler
                                        Jennifer Fountain Connolly
                                        The Wexler Firm LLP
                                        55 West Monroe Street, Suite 3300
                                        Chicago, IL  60602
                                        Telephone: (312) 346-2222
                                        Facsimile: (312) 346-0022

        Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 15, 2007, I caused copies of **[CORRECTED] PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF TRACK 1 DAMAGES SUBMISSION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

 **/s/ Steve W. Berman**
Steve W. Berman