

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

August 2, 2007

TOM CORBETT
ATTORNEY GENERAL

14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530
717-705-7110 (Fax No.)

**VIA – UPS OVERNIGHT MAIL**

The Honorable Patti B. Saris
United States District Court for the
 District of Massachusetts
U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

01-CV-12257-PBS

Re:   Civil Action No. 02-9236 & 03-5425

Dear Judge Saris:

The Commonwealth of Pennsylvania has two concerns with your referral of our claims in the above litigation. Our concerns do not rise to the level of an objection. We are prepared to go forward with mediation if our concerns are addressed. As you noted in the final group hearing regarding the Glaxo Smith Kline settlement, the AWP litigation is extremely complex and has significant risks. While we generally support efforts to resolve this complex litigation, we make the following suggestions to address our concerns.

First, our action was originally filed in the Commonwealth Court of Pennsylvania and we do not want participation in mediation to constitute a waiver of our motion for remand presently before you. Second, the Commonwealth has not had any settlement discussions with most of the defendants. Thus, I am concerned that starting mediation in a vacuum will not be productive.

I have two suggestions to address both of the concerns.

The Honorable Patti B. Saris
August 2, 2007
Page – Two

On the issue of waiver, we request that you require the defendants stipulate that participation in the mediation with the Pennsylvania Office of Attorney General does not constitute a waiver or estoppel which would prevent remand of Pennsylvania's claims to Pennsylvania state courts should the mediation fail. Our remand motions could be defeated by participation in litigation process before this court. Harris v. Edward Hyman Co., 664 F.2d 943 (5th cir. 1981).

Second, as a prelude to mediation, I suggest that you order us and the defendants to put demands and offers on the table with support for their respective positions by specific dates prior to convening mediation. Then give us a modest amount of time to determine if we can reach an agreement.

Then any unresolved matters would be referred to Professor Green. Professor Green would be in a position to close gaps in the parties' position or in a position to conclude that the differences between the parties' positions are so great that mediation at this time would be wasteful.

Thank you for your consideration of our concerns.

Very truly yours,

James A. Donahue, III
Chief Deputy Attorney General
Antitrust Section

JADIII/dmh/Saris080207.ltr

cc:     Counsel of Record