UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06–CV-11337-PBS ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

# EXHIBIT A

## TO THE UNITED STATES' OBJECTIONS TO JULY 19, 2007 ORDER BY MAGISTRATE JUDGE BOWLER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | CIVIL ACTION NO. |
| ) | 01-12257-PBS |

THIS DOCUMENT RELATES TO:

United States of America, ex rel. Ven-a-Care
of the Florida Keys, Inc. v. Abbott
Laboratories, Inc.,
Civil Action No. 06-11337-PBS

ORDER RE:
THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION FOR
A PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD
PARTY SUBPOENAS (DOCKET ENTRY # 4295); THIRD-PARTY HOSPIRA,
INC.'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH
PLAINTIFFS' THIRD PARTY SUBPOENAS (DOCKET ENTRY # 4294);
DEFENDANT ABBOTT LABORATORIES INC.'S MOTION FOR PROTECTIVE
ORDER AND MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENAS
(DOCKET ENTRY # 4296); REALTOR'S MOTION TO COMPEL ABBOTT
LABORATORIES, INC. TO PRODUCE OR CONSENT TO ACCESS TO AND
SHARING OF ALL DISCOVERY PRODUCED BY ABBOTT IN OTHER FALSE
PRICE REPORTING LITIGATION
(DOCKET ENTRY # 4121)

July 19, 2007

BOWLER, U.S.M.J.

After conducting a hearing on July 2, 2007, on the above styled motions, this court took the motions (Docket Entry ## 4294, 4295, 4296 & 4121) under advisement. This ruling follows.

I. MOTIONS FOR A PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENAS (DOCKET ENTRY ## 4294, 4295 & 4296)

Defendant Abbott Laboratories, Inc. ("Abbott") and non-

Case 1:01-cv-12257-PBS    Document 4627-2    Filed 08/15/07    Page 3 of 5
Case 1:01-cv-12257-PBS    Document 4622-2    Filed 08/15/07    Page 3 of 5
Case 1:01-cv-12257-PBS    Document 4483    Filed 07/19/2007    Page 2 of 13

parties Hospira, Inc. ("Hospira") and TAP Pharmaceuticals, Inc. ("TAP") move to quash 14 third party subpoenas issued by plaintiff the United States of America ("the United States"). (Docket Entry ## 4294, 4295 & 4296). The United States issued ten of the subpoenas to Abbott customers on March 30, 2007. The United States issued three more subpoenas to industry trade groups on April 27, 2007, and the remaining subpoena to an industry trade group on May 11, 2007.

Rule 26(c), Fed. R. Civ. P., gives a party to litigation such as Abbott, who may lack standing under Rule 45, Fed. R. Civ. P., the ability "to challenge a non-party subpoena . . . under Rule 26." Manufacturer Direct, LLC v. Directbuy, Inc., 2007 WL 496382 at * 3 (N.D.Ind. Feb. 12, 2007). The case cited by the United States from this district, In re Stone & Webster, Inc. Securities Litigation, 2006 WL 2818489 at * 3 (D.Mass. Sept. 26, 2006), is distinguishable. There, the court quashed the third party subpoena because the defendant "failed to provide a detailed explanation of why the requested documents [were] irrelevant." Id. Abbott fully details the purported lack of relevance as to the requested documents. As to timeliness, Abbott stated at the hearing that the various deadlines had been extended.

"Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on such factors as

2

Case 1:01-cv-12257-PBS   Document 4627-2   Filed 08/15/2007   Page 4 of 5
Case 1:01-cv-12257-PBS   Document 4622-2   Filed 08/15/2007   Page 4 of 5
Case 1:01-cv-12257-PBS   Document 4483   Filed 07/19/2007   Page 3 of 13

relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.</u>, 211 F.R.D. 658, 662 (D.Kan. 2003); accord <u>Manufacturer Direct, LLC v. Directbuy, Inc.</u>, 2007 WL 496382 at * 3 (N.D.Ind. Feb. 12, 2007) (same). The subpoenas, which seek discovery from January 1990 to the present and extend to drugs not charged in the complaint, are overly broad and burdensome. The relevance of documents created after 2003, even corrective documents regarding the marketing of the spread and the setting of the average wholesale price ("AWP"), is also highly questionable. See <u>Briddell v. Saint Gobain Abrasives Inc.</u>, 233 F.R.D. 57, 60 (D.Mass. 2005) ("relevant information, which is otherwise discoverable, may be limited both 'geographically' and 'temporally' in order to avoid overly broad and unduly burdensome requests").

On May 22, 2007, this court prescribed production by Abbott to the following in light of the complaint's 1991 to 2001 time period with respect to four charged drugs: (1) all documents that mention the four charged drugs; (2) all documents that relate to the four charged drugs including general sales, across the board marketing information that would encompass the four charged drugs, documents involving how Abbott "'put together the

3

Case 1:01-cv-12257-PBS    Document 4627-2    Filed 08/15/2007    Page 5 of 5
Case 1:01-cv-12257-PBS    Document 4622-2    Filed 08/15/2007    Page 5 of 5
Case 1:01-cv-12257-PBS    Document 4483    Filed 07/19/2007    Page 4 of 13

spread'" and cross cutting sales documents; and (3) all documents that reflect any alleged effort on the part of Abbott to market the spread or manipulate the published AWP for any drug within Abbott's former hospital products division.  This court additionally limited the time period to the end of 2003.  (Docket Entry # 4244).

Discovery against a non-party should not extend beyond the foregoing parameters albeit the scope and content of a request may be tailored to the third party recipient, the nature of its business and its relationship to Abbott.  The present third party subpoenas are therefore quashed and the United States is directed to narrow the subpoenas consistent with this Order.

The motions are denied, however, with respect to documents already produced or documents to which the recipients have agreed to produce in the future notwithstanding the allegations of irrelevance and confidentiality.[1]  Production may continue as to the latter category.  It is also unduly burdensome for a recipient to redact all references in a multitude of documents that refer to TAP or Hospira or that contain information related to these entities.

---

[1] The protective order extends to documents produced "by any third party in response to discovery requests or subpoenas . . .."  (Docket Entry ## 4350 & 4417, ¶¶ 2).

4