UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:  PHARMACEUTICAL INDUSTRY          )
AVERAGE WHOLESALE PRICE                  )
LITIGATION                               )        MDL No. 1456
                                         )        Civil Action No. 01-12257-PBS
_____  )
                                         )
**THIS DOCUMENT RELATES TO:**            )        Hon. Patti B. Saris
                                         )
*United States of America, ex rel. Ven-a-Care*   )        Magistrate Judge Marianne B. Bowler
*of the Florida Keys, Inc., v. Abbott*   )
*Laboratories, Inc.,*                    )
CIVIL ACTION NO. 06–CV-11337-PBS         )


# EXHIBIT O

# TO THE UNITED STATES' OBJECTIONS TO JULY 19, 2007 ORDER BY MAGISTRATE JUDGE BOWLER

Gejaa:

Abbott has produced former Hospital Products Division documents and
witnesses in other cases (where Hospira is not a party) without
incident.  All discovery should be directed to Abbott and Abbott will not
object to the discovery on the basis that the information is located at Hospira.
Nor will Hospira require a subpoena to provide discovery (documents,

depositions, etc.) agreed to by Abbott.


Please let me know if you have any questions or if you would like to discuss this further.


Jim

James R. Daly
JONES DAY
77 W. Wacker Dr.
Suite 3500
Chicago, Illinois 60601
Phone: 312-269-4141
Fax: 312-782-8585


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client
or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.
==========

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312.269.4141
jrdaly@jonesday.com

September 7, 2006

<u>VIA E-MAIL</u>

Mark A. Lavine, Esq.
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Re:  *U.S. ex rel. Ven-A-Care v. Abbott Laboratories and Hospira, Inc.*,
Case No. 06-CV-21303-ASG

Dear Mark:

This responds to your letter of August 17, 2006, providing further clarification on how the Separation and Distribution Agreement ("Agreement") between Hospira and Abbott specifies that Hospira is not is responsible for any liability resulting from allegations in the DOJ complaint.

The allegations of the complaint describe conduct that occurred, at the latest, in 2001. Hospira, of course, did not exist in 2001. As you know, it was not spun off from Abbott until April 2004. Thus, as explained in Hospira's motion to dismiss, any liability for the conduct at issue in this case cannot rest with Hospira.

The Agreement confirms this. The Agreement governs, among other things, whether Abbott has the right to compel Hospira to defend and indemnify Abbott for certain potential liabilities that occurred prior to the spin-off. As to the allegations in the DOJ complaint, the Agreement is clear that Abbott expressly retained such potential liabilities and Hospira has no obligation to defend or indemnify Abbott. Accordingly, there is no basis for the DOJ to proceed against Hospira.

Section 2.02 of the Agreement, "The Separation Transactions," is the provision operating to spin-off Hospira from Abbott. It specifies which assets and liabilities will be assumed by Hospira. Section 2.02(e)(ii) provides that Hospira will assume the "Hospira Liabilities." The "Hospira Liabilities" are defined to exclude the "Excluded Liabilities." "Excluded Liabilities" are defined to include all "Abbott Other Liabilities." "Abbott Other Liabilities" has "the meaning set forth in Schedule 1.01(n)," the schedule referenced in my letter of July 21, 2006.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mark A. Lavine, Esq.
September 7, 2006
Page 2

     Schedule 1.01(n) provides that "Abbott Other Liabilities" "means all Liabilities from the AWP Proceedings, but only to the extent that such Liabilities arise out of, relate to or result from both (i) AWP Current Allegations; and (ii) the sale of Hospira Products prior to the Effective Time." Schedule 1.01(n) includes "investigations of AWP Current Allegations by U.S. Governmental Authorities" in the definition of "AWP Proceedings." Schedule 1.01(n) defines "AWP Current Allegations" to include allegations regarding the "report[ing] [of] false or misleading pricing information with respect to average wholesale prices in connection with federal, state or private reimbursement for Hospira Products."

     In short, Hospira did not exist in the timeframe at issue in the complaint, nor did it assume liabilities for that timeframe, because the Agreement provides that Abbott retained them. There is no need for Plaintiffs to continue to include Hospira as a party in this litigation. Please let me know if you need additional clarification on this issue.

Sincerely,

James R. Daly

cc:    Daniel E. Reidy
       Tina M. Tabacchi
       R. Christopher Cook
       James J. Breen