UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK 1 TRIAL | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE TO TRACK 1 DEFENDANTS' MOTION FOR THE ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Plaintiffs understand that the Court is inclined to grant Defendants' request for a Rule 54(b) judgment. Plaintiffs neither consent to, nor oppose, that request.

However, Plaintiffs believe that judgment should not issue until the Court has decided Plaintiffs' pending request for treble damages and Plaintiffs' forthcoming application for an award of attorneys fees and costs under Chapter 93A. Plaintiffs also object in part to Defendant's proposed findings.

**A.     Entry Of Judgment Pursuant To Rule 54(b) Should Await The Court's Decision On Multiple Damages And Attorneys' Fees And Costs**

Defendants' proposed findings declare that "there are no further proceedings contemplated against these defendants with respect to the claims adjudicated at trial . . . ." Findings and Order on Motion of Track 1 Defendants for the Entry of Judgments Pursuant to Federal Rule of Civil Procedure 54(b) ("Defendants' Proposed Findings"), ¶15. This is not true, and it is premature for the Court to enter judgment under Rule 54(b).

Pending before the Court is Plaintiffs' request for the award of multiple damages under Chapter 93A, § 9. This issue must be resolved and incorporated into any judgment issued.

- 1 -

- 2 -

In addition, Plaintiffs will soon move for a mandatory award of attorneys' fees and costs under Chapter 93A, § 9(4) against Defendants AstraZeneca, BMS and Schering-Plough/Warrick.[1]  Such an award must also be incorporated in any judgment.

Rule 54(b) requires an "ultimate disposition" of the claims at issue.  *See, e.g., Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 225 F.R.D. 171, 174 (D. Mass. 2004).  Until the multiple damages and attorneys' fees and costs' issues are decided by the Court, there has not been an "ultimate disposition," and, therefore, Rule 54(b) judgment is not appropriate.

**B.      Defendants' Proposed Findings Must Be Modified**

Plaintiffs object in part to Defendants' Proposed Findings.

First, the Proposed Findings do not include blanks for multiple damages to be inserted.  Space for this should be added to Paragraph 11 and to the judgments proposed for each Defendant in the Appendices A through C.

Second, blanks for an award of attorneys' fees and costs against AstraZeneca, BMS and Schering-Plough/Warrick need to be included in the Proposed Findings and to the judgments proposed for each Defendant in the Appendices A through C.

Third, the description of Plaintiffs' claims found in Paragraph 2 omits Plaintiffs' allegations relating to spread marketing.  Accordingly, the following sentence should be added to the end of that paragraph:  "Plaintiffs also claim that each Defendant unlawfully marketed the 'spread' or difference between the AWP and the actual acquisition price of the drugs."

---

[1] Chapter 93A, § 9(4) provides, in part:  "If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action . . . ."

- 3 -

Fourth, Paragraph 8 states that "[t]here are no longer any Class 1 claims pending against AstraZeneca or BMS because both defendants have settled the Class 1 claims." This is inaccurate, as the Court has not granted final approval to either settlement. The sentence should be revised to state: "A settlement of the Class 1 claims pending against AstraZeneca or BMS is pending and awaits final approval of the Court after notice and hearing."

Fifth, Defendant J&J uses the Proposed Findings to, once again, argue its case. *See* Defendants' Proposed Findings, ¶13. The Court has already made detailed findings in a 180-page Trial Ruling, and J&J's proposed summary at Paragraph 13 is not necessary. Furthermore, J&J's summary conveniently omits the substantial factors that the Court found favored Chapter 93A liability in circumstances that the Court coined "a close call." For example, J&J's summary ignores the Court's findings that "J&J actively marketed the spread on Procrit despite having a policy prohibiting such conduct," and that J&J increased AWP in 1997 and 1998 approximately 5% in an apparent nullification of Congress's decision to reduce AWP-based reimbursement by 5% during the same time frame. Trial Ruling at 164-65. The Court may also recall the egregious "Ka-Ching" slide presentation evidence that J&J had withheld from production. *Id*. at 165 n.84. The foregoing, coupled with the fact that J&J's spreads on a *very* expensive cancer drug caused the government, Medicare beneficiaries and insurers to pay hundreds of millions of dollars more than they should have, demonstrates that J&J should not be given the gratuitous propaganda boost that Paragraph 13 represents. It should be deleted or, in the alternative, material added from pages 164-166 of the Trial Ruling in order to make the paragraph accurate.

Sixth, the Proposed Findings should incorporate by reference all the Court's Trial Ruling.

DATED:  August 16, 2007.　　　　　　By     /s/ Steve W. Berman
　　　　　　　　　　　　　　　　　　　　Thomas M. Sobol (BBO#471770)
　　　　　　　　　　　　　　　　　　　　Edward Notargiacomo (BBO#567636)
　　　　　　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　　　　　　One Main Street, 4th Floor
　　　　　　　　　　　　　　　　　　Cambridge, MA  02142
　　　　　　　　　　　　　　　　　　Telephone: (617) 482-3700
　　　　　　　　　　　　　　　　　　Facsimile: (617) 482-3003

　　　　　　　　　　　　　　　　　　**LIAISON COUNSEL**

　　　　　　　　　　　　　　　　　　Steve W. Berman
　　　　　　　　　　　　　　　　　　Sean R. Matt
　　　　　　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　　　　　　1301 Fifth Avenue, Suite 2900
　　　　　　　　　　　　　　　　　　Seattle, WA  98101
　　　　　　　　　　　　　　　　　　Telephone: (206) 623-7292
　　　　　　　　　　　　　　　　　　Facsimile: (206) 623-0594

　　　　　　　　　　　　　　　　　　Elizabeth Fegan
　　　　　　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　　　　　　820 North Boulevard, Suite B
　　　　　　　　　　　　　　　　　　Oak Park, IL  60302
　　　　　　　　　　　　　　　　　　Telephone: (708) 776-5600
　　　　　　　　　　　　　　　　　　Facsimile: (708) 776-5601

　　　　　　　　　　　　　　　　　　Jeffrey Kodroff
　　　　　　　　　　　　　　　　　　Spector, Roseman & Kodroff, P.C.
　　　　　　　　　　　　　　　　　　1818 Market Street, Suite 2500
　　　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　　　　　　　　　　　　　　　　　Telephone: (215) 496-0300
　　　　　　　　　　　　　　　　　　Facsimile: (215) 496-6611

　　　　　　　　　　　　　　　　　　Kenneth A. Wexler
　　　　　　　　　　　　　　　　　　Jennifer Fountain Connolly
　　　　　　　　　　　　　　　　　　Wexler Toriseva Wallace LLP
　　　　　　　　　　　　　　　　　　55 West Monroe Street, Suite 3300
　　　　　　　　　　　　　　　　　　Chicago, IL  60602
　　　　　　　　　　　　　　　　　　Telephone: (312) 346-2222
　　　　　　　　　　　　　　　　　　Facsimile: (312) 346-0022

- 4 -

- 5 -

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 6 -

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 16, 2007, I caused copies of **PLAINTIFFS' RESPONSE TO TRACK 1 DEFENDANTS' MOTION FOR THE ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                           **/s/ Steve W. Berman**
                                           Steve W. Berman