# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ———————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | MASTER FILE NO. 01-CV-12257-PBS |
| ———————————————— ) | |
| ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: ) | |

*California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs., Inc. et al.*, 01-CV-12257-PBS and 03-CV-11226-PBS;

*State of Florida, et al. v. Boehringer Ingelheim Corp. et al.*, No. 4:06-476;

*State of Idaho v. Abbott Laboratories*, No. 01-CV-12257-PBS (formerly 1:07-CV-10874);

*People of the State of Illinois v. Abbott Labs.*, Case No. 1:06-5528;

*Commonwealth of Kentucky ex rel. v. Warrick Pharmaceuticals Corp., et al.*, Case No. 3:06-69;

*State of Mississippi v. Abbott Laboratories, Inc., et al.*, Case No. 3:06-566;

*State of Montana v. Abbott Labs. Inc., et al.*, 02-CV-12084-PBS;

*State of Nevada v. Dey Inc., et al.*, CV-3:06-539;

*State of Nevada v. American Home Products, et al.*, CV N-02-0202 ECR;

*State of Ohio v. Dey, Inc., et al.*, Case No. 1:06-676;

|  | ) |
| --- | --- |
| *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products,* Case No. 2:06-4514; | ) ) ) ) |
| *State of South Carolina et al. v. Abbott Laboratories, Inc.*, Case No. 3:06-2482; | ) ) ) |
| *State of South Carolina et al. v. Dey, LP*, No. 3:06-2914; | ) ) ) |
| *State of South Carolina, et al. v. Dey, LP,* Case No. 3:06-2925; | ) ) ) |
| *Consolidated County Case,* Civil Action No. 01-CV-12257-PBS; | ) ) ) |
| *County of Erie v. Abbott Laboratories, Inc., et al.*, CA 06-6505; | ) ) ) |
| *County of Orange v. Abbott Laboratories, et al.*, CA No. 07-2777; | ) ) ) |
| *County of Oswego v. Abbott Laboratories, Inc., et al.*, CA No. 06-1240; | ) ) ) |
| *County of Schenectady v. Abbott Laboratories, Inc., et al.,* CA No. 06-1239 | ) ) |

**DEFENDANTS' REPLY TO THE STATES OF IDAHO, ILLINOIS, KENTUCKY, MISSISSIPPI, SOUTH CAROLINA, PENNSYLVANIA AND OHIO AND THE COUNTIES OF ERIE, OSWEGO AND SCHENECTADY'S SUBMISSIONS RESPONDING TO THE COURT'S JULY 26, 2007 <u>ORDER OF REFERENCE FOR ALTERNATIVE DISPUTE RESOLUTION</u>**

Defendants in the above-captioned matters respectfully submit this memorandum to respond to the concerns expressed by the States of Idaho, Illinois, Kentucky, Mississippi, South Carolina, Pennsylvania and Ohio, and the Counties of Erie, Oswego and Schenectady ("The States") regarding the Court's July 26, 2007 Order of Reference For Alternative Dispute Resolution ("Order of Reference"). Although the States generally support the idea of mediation,

they express concerns that participating could prejudice their pending motions to remand.[1]  They also note that not all the litigating States would be included.  Defendants believe that the States' concerns, although not well-founded, can be easily addressed by amending the Court's Order of Reference, and that mediation before Professor Green should proceed with an invitation to those States not present here to participate voluntarily.

In light of this Court's in-depth experience with the AWP litigation and the successful settlements it has overseen in related AWP matters, this Court is best situated to oversee the alternative dispute resolution process for all State cases on a global, national basis.  Only this Court has the opportunity to cause this to occur, and it should use its authority in this multidistrict proceeding to do so, in the interest of efficiency and judicial economy.

## I.      Jurisdictional and Discovery Arguments

The States take issue with the Court issuing the Order of Reference prior to ruling on the States' outstanding remand motions.  See, e.g., Objection of the States of Idaho, Illinois, Kentucky, Mississippi, and South Carolina to The Court's July 26, 2007 Order of Reference for Alternative Dispute Resolution ("The States' Response") at 3.  This Court has ample authority to refer the States to mediation in an exercise of its discretion, prior to ruling on the jurisdictional

---

[1] See, e.g., Submission of the State of Ohio Regarding the Court's July 26, 2007 Order of Reference for Alternative Dispute Resolution at 1 ("the State of Ohio, by its Attorney General Marc Dann, expresses its willingness to voluntarily participate in mediation with the defendants, other States and Prof. Eric. D. Green, Esq."); Objection of the States of Idaho, Illinois, Kentucky, Mississippi, and South Carolina to The Court's July 26, 2007 Order of Reference for Alternative Dispute Resolution ("The States' Response") at 2 ("[t]he States support the Court's desire that the parties explore settlement with the assistance of a mediator and are willing to participate voluntarily in mediation."); Objections of Plaintiffs County of Erie, County of Oswego and County of Schenectady to the Court's July 26, 2007 Order of Reference for Alternative Dispute Resolution at 3 ("The Counties stand willing, however, to voluntarily participate in a mediation process with the goal of prompt resolution of their claims.").  The Commonwealth of Pennsylvania also submitted a letter to the Court expressing concerns, but stated that they are "prepared to go forward with mediation if [their] concerns are addressed."  See Letter from James A. Donahue, III to Judge Patti B. Saris dated August 2, 2007.

issue raised by the pending remand motions.[2]  The States are concerned that submitting to mediation prior to the Court's ruling on jurisdictional matters will effectively waive the States' procedural arguments regarding the timeliness of the removals from state court.  Id.  Defendants have never taken, and will not take the position that participation in mediation will act as a waiver of the States' jurisdictional motions.  Indeed, the opposite is true.  As described in more detail below, Defendants have invited the States repeatedly to participate in ongoing, coordinated discovery activities without prejudice to their jurisdictional motions. Defendants' position would be the same with respect to mediation.  Thus, the Defendants propose that the Court's Order of Reference contain a provision designed to preserve the States' jurisdictional arguments such that submitting to mediation will not waive or compromise any jurisdictional arguments the States could assert prior to mediation.

---

[2] Earlier this year, the Supreme Court held that a federal court may exercise its discretion to dismiss a case for *forum non conveniens* without first deciding whether it has subject matter jurisdiction over the case. Sinochem Int'l, Inc. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184 (2007).  Its reasoning is instructive:  "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."  Id. at 1191-92 (emphasis added), quoting Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006).  Because deciding a *forum non conveniens* motion "does not entail any assumption by the court of substantive law declaring power," id. at 1192-93 (internal quotation omitted), the court may act without first resolving whether it has subject matter jurisdiction.  "Sinochem thus establishes that certain non-merits, nonjurisdictional issues may be addressed preliminarily."  Public Citizen v. United States District Court for the District of Columbia, 486 F.3d 1342, 1348 (D.C. Cir. 2007).

While Sinochem represents the Court's clearest and most recent articulation of this rule, federal courts have long recognized that they have authority to issue non-dispositive orders and exercise their discretion while remand motions are pending.  See, e.g., Galvan v. Fed. Prison Indus., Inc., 199 F.3d 461, 463 (D.C. Cir. 1999) ("There is an array of non-merits questions that we may decide in any order. . . . There is no unyielding jurisdictional hierarchy" for deciding competing motions to transfer and to remand); Meyers v. Bayer AG, 143 F.Supp.2d 1044, 1047 (E.D. Wis. 2001) ("To say that I am powerless to take any action at all before verifying my jurisdiction, however, slightly overstates the matter. . . . What [Supreme Court precedent] forbids is a court's assuming law-declaring power by deciding the merits of the case in the absence of verified subject matter jurisdiction") (emphasis added) (discussing the power to rule on motion to stay when a remand motion is pending); In re Papandreou, 139 F.3d 247, 255 (D.C. Cir. 1998) (a court that rules on non-merits issues prior to establishing its subject matter jurisdiction "makes no assumption of law-declaring power that violates the separation of powers"); Stewart v. May Dept. Store, Co., No. Civ.A. 02-2772, 2002 WL 31844906 at *2, n.1 (E.D. La. 2002) (court may rule on a venue motion before deciding a remand motion); Gould v. National Life Ins. Co., 990 F.Supp. 1354, 1363 (M.D.Ala. 1998) (noting that "there is no federal law or statute, or judicial decision, that requires this court to decide a motion to remand before it decides a motion to transfer") (collecting cases).

The States also express concern regarding the inability to pursue discovery while the remand motions are pending.  Defendants note that parties to this litigation have made agreements in the past to allow discovery to go forward without compromising Plaintiffs' jurisdictional arguments.  For instance, in the Mississippi matter, the parties agreed to allow discovery to take place while remand was pending, without waiving, prejudicing or compromising any party's position with respect to jurisdiction.  See, e.g., Letter to J. Leray McNamara, Esq. from Walker W. Jones III, dated Dec. 12, 2006.  In addition, a number of Defendants have entered into stipulations with States in the MDL that filed remand motions, including Illinois and Mississippi, agreeing to provide them with discovery notwithstanding the pendency of their remand motions.  See Stipulation Concerning The Use of Documents and Data Produced by AstraZeneca Pharmaceuticals LP to the States of Alabama, Alaska, Hawaii, Idaho, Illinois, Kentucky and Mississippi.

Finally, there is no legal impediment to the Court's authority to issue an order for alternative dispute resolution while remand motions are pending.  D. Mass. Local Rule 16.4 strongly favors alternative means of resolving disputes.  D. Mass. LR 16.4(a) ("The judicial officer shall encourage the resolution of disputes by settlement or other alternative dispute resolution programs.").  The rule empowers the Court to grant mediation where all parties agree, and imposes no express limitations upon the Court.  See D. Mass. LR 16.4(4)(a).

## II.     Interested Parties

The States also express concern with the Court's Order of Reference because, they argue, some States are litigating against defendants that are not named in the MDL, and, also, State entities not in the MDL have similar suits pending against defendants.  See The States' Response at 2.  The States argue, and Defendants agree, that in order to have an effective mediation, the

mediation should be open, subject to the consent of all parties, to additional interested defendants or to State plaintiffs.  Only this Court has before it a group of State cases representing a majority of all the State cases pending in the country.  In addition, all of the outside counsel active on behalf of all litigating states are present and have appeared in those cases before this Court.  Thus only this Court can have a reasonable expectation of voluntary participation by those States not present here, as they are in many cases represented by the same counsel.  This is simply the best opportunity successfully to cause a comprehensive mediation of State cases to occur, and it would have the potential to be a major stroke in the interest of judicial efficiency nationwide. Defendants therefore agree to allow interested State plaintiffs not in the MDL to participate in this mediation.

### III.    The MDL Court is Best Suited to Handle Mediation

Defendants wish to highlight their belief that this Court is best situated to oversee an alternative dispute resolution program for State cases.  The Court has been involved with the AWP litigation for almost seven years, has presided over a trial related to AWP pricing issues, and has overseen several related settlements.  Moreover, the Court-appointed mediator, Professor Eric Green, is likewise considerably familiar with the issues and has been involved with several successful mediations in this matter.  Although the States express a desire for settlement proposals prior to engaging in mediation, Defendants believe that such demands and offers are neither a necessary nor a desirable prerequisite to engaging in meaningful discussions.  Part of a mediator's job is to aid the parties in determining precisely what their demands and offers might be, and thus submitting settlement figures prior to any mediation is simply not a fruitful exercise. In any event, the issue of demands and offers should be left to the discretion of Mr. Green in the course of his supervision over the mediation.

**IV.**     <u>**Conclusion**</u>

For the reasons stated above, Defendants believe that appropriate modification of the

Court's Order should address the responding Plaintiffs' concerns regarding mediation.

Defendants respectfully request that the Court enter the attached Proposed Amended Order, so

that the parties can proceed with mediation.

Dated: Boston, Massachusetts
            August 17, 2007

Respectfully Submitted,

ON BEHALF OF THE DEFENDANTS

By:    /s/ Katherine B. Schmeckpeper


Nicholas C. Theodorou, Esq. (BBO # 496730)
Katherine B. Schmeckpeper, Esq. (BBO# 663200)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP