# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |
| TRACK 1 TRIAL | |

### THE JOHNSON & JOHNSON DEFENDANTS' REPLY TO PLAINTIFFS' "RESPONSE" TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 54(b)

Plaintiffs accuse the J&J Defendants of using Defendants' Proposed Rule 54(b) Findings to obtain a "gratuitous propaganda boost" by omitting from those Findings the criticisms of the J&J Defendants' conduct recited in the Court's June 21, 2007 Findings of Fact and Conclusions of Law. In re Pharm. Indus. Average Wholesale Price Litigation, ___ F. Supp. 2d ___, 2007 WL 1774644 (D. Mass. June 21, 2007). Plaintiffs misinterpret the J&J Defendants' intentions. More importantly, they fail to understand the legal purpose of entering findings that support the entry of judgment under Rule 54(b).

Needless to say, the Court's June 21 findings speak for themselves. In the end, however, the Court found that the J&J Defendants were not liable. Like any other litigant, the J&J Defendants are entitled to finality.

If there is to be an appeal from the Court's rulings, that appeal can only come from plaintiffs. The Rule 54(b) Findings proposed by the J&J Defendants describe the

rulings that plaintiffs might wish to appeal, namely, that the J&J Defendants are not liable to Classes 1, 2 and 3 because the spreads on Procrit® and Remicade® are within the range of spreads plaintiffs themselves contend was generally expected by the industry and government. The proposed Findings also explain the rulings' applicability to Class 1.

In their response, plaintiffs attempt to use the Rule 54(b) process to reiterate criticisms of the J&J Defendants' conduct, even though those criticisms did not lead to a finding of liability and cannot be appealed. This would serve no legitimate purpose under Rule 54(b).

Obviously, this Court's findings under Rule 54(b) will not supplant or nullify its liability decision. Rather, they will serve the entirely different legal purpose of setting forth the reasons why entry of judgment should not be delayed. That purpose would not served by including the references that plaintiffs accuse the J&J Defendants of omitting.

Dated: August 20, 2007               Respectfully submitted:


                                     /s/ **William F. Cavanaugh, Jr.**
                                     William F. Cavanaugh, Jr.
                                     Andrew D. Schau
                                     Erik Haas
                                     Adeel A. Mangi
                                     **PATTERSON BELKNAP WEBB & TYLER** LLP
                                     1133 Avenue of the Americas
                                     New York, New York 10036-6710
                                     (212) 336-2000

                                     Attorneys for Johnson & Johnson, Centocor, Inc. and
                                     Ortho Biotech Products, L.P.

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on all parties on August 20, 2007 via LEXIS/NEXIS.

/s/ Andrew D. Schau
Andrew D. Schau

1390503v1