# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY | ) | MDL DOCKET NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 06-CV-11337 |
| | ) | Lead Case No. 01-CV-12257 |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | |
| *Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) | Magistrate Judge Marianne B. Bowler |

## DEFENDANT ABBOTT LABORATORIES INC.'S
## EMERGENCY MOTION TO STAY THE EFFECT OF AND
## MOTION TO RECONSIDER THE COURT'S AUGUST 21, 2007 ORDER

Presumably in response to misleading objections recently filed by Ven-a-Care of the Florida Keys, Inc. ("Relator"), and without allowing Abbott a chance to be heard on the issue, this Court ordered in a docket entry dated August 21, 2007, that "[b]ecause 59% of the documents in [Relator's] sample were discoverable," the Relator may share discovery from other state cases against Abbott with the United States.  Relator's objections, however, failed to note that:

- Magistrate Judge Bowler actually ruled that over two-thirds of the documents at issue in Relator's Motion to Share Discovery were *not discoverable*, and

- The Court's blanket order allowing shared discovery would not only unfairly punish Abbott for attempting to cooperate to facilitate discovery in this case (notwithstanding its valid objections), but also do irreparable violence to the discovery standards set out in the Federal Rules and months of this Court's and Magistrate Judge Bowler's carefully-considered discovery orders.

For these reasons, Abbott respectfully requests that this Court reconsider its order and immediately enjoin Relator from sharing, and the United States from reviewing, discovery Relator has obtained from other AWP litigation against Abbott that is not relevant here.

## BACKGROUND

Relator Ven-a-Care is involved in multiple *qui tam* suits alleging wrongdoing by Abbott Laboratories in connection with drug pricing.  This *qui tam*, in which the United States has now intervened, concerns only four drugs (dextrose solutions, sodium chloride solutions, sterile water, and vancomycin).  All were marketed and sold by Abbott's Hospital Products Division ("HPD").  And the complaint seeks damages only for a limited time frame – January 1, 1991 to April 30, 2001.  (Dkt. 4281 ¶ 110.)

Relator is also involved in several other suits with various state governments; each suit's allegations vary.  For example, Ven-a-Care is a relator in a suit brought under Texas's analog to the False Claims Act, the Texas Medicaid Fraud Prevention Act ("TMFPA"), involving a long list of drugs comprising 234 separate National Drug Codes ("NDCs").  Many of the drugs in that suit were marketed and sold by Abbott's Pharmaceutical Products Division ("PPD").  And the claims there have a drastically broader time frame—1993 through the *present*.

Although Abbott has attempted in good faith to fulfill its obligations to each individual plaintiff in the various pricing suits against it, Abbott has refused to accede to the Relator's demands that Abbott produce to the Government documents and information relevant to *other* cases, with other claims, that have nothing to do with the claims in its case.  *See* Fed. R. Civ. P. 26(b)(1) (parties may only "obtain discovery regarding any matter . . . relevant to the *claim* . . . of any party" without a showing of good cause) (emphasis added).

### A.     Orders Regarding Relator's Motions to Share Discovery

Although Abbott attempted to meet and confer in good faith with the Relator to assure that it produced to the U.S. Government all documents that were relevant to the claims in this suit, Relator refused to acknowledge that the Government's entitlement to discovery was limited to the scope of the allegations in the Government's complaint.  Because the controversy could

not be resolved unless Abbott agreed to exceed its discovery obligations significantly, and waive its rights under the Court's protective order, Relator moved to compel Abbott to produce to the Government all documents that Abbott had produced in the state cases. (Dkt. No. 3529).

During a hearing on that motion on February 27, 2007, this Court clearly rejected Relator's position that the Government was entitled to all discovery produced in all other cases. (*See* 2/27/2007 Hr'g Tr., attached as Ex. A, at 9, 15, 29 ("You're not entitled to documents on any single drug if you haven't charged it. . . . [N]either can you use a lawsuit as a fishing expedition for ten more drugs that you're interested in. . . . [W]hat you can't use the discovery for is to get another fifteen drugs. . . . I'm not simply going to say you're across the board entitled to every document they produced in every suit, even if it involves drugs that have nothing to do with yours.").) Further, the Court confirmed, consistent with other rulings in this MDL, that any post-2003 documents would not be relevant. (*Id.* at 19 (indicating that 2003 is the last possible potentially relevant discovery date, because by that time "the whole world knew about inflated AWPs. . .").)

The Court did, however, allow for a procedure whereby the Relator could show that Abbott was withholding documents relevant to the actual claims in this suit. The Court outlined the procedure as follows:

> Why don't you take fifty, a hundred representative documents from each . . . categor[y]. You gave me three: A, temporal scope, B, just plain old didn't produce them, and, C, sort of they show business practice during a relevant time period. You confer with [Abbott] . . . You show it to [Abbott]. If [Abbott is] persuaded, then you'll produce. Otherwise, you're going to submit them in camera to me or [Magistrate Judge Bowler]. . . . And if you win on the fifty documents apiece you choose, I'm just going to say "Produce the CD." So, in other words, if you're not being reasonable about this, you're going to lose. . . . What you need to do is, you have three categories you've very neatly, succinctly set out. You show [A]bbott representative documents . . . from each

> of these categories.  You try and confer and see what you can work
> out.  If you can't, come up with a timetable. . . . I'll look at the
> representative ones; and if you win most of them, I'll just say
> "Turn over the CD."  If you only win a small fraction and I think
> you're overreaching, I'm just going to say "Denied."  So it's in
> everybody's interest to try and work this out.  Take your best
> documents.

(2/27/2007 Hr'g Tr. 12-14.)

In response to the Court's order, Relator produced a CD consisting of 180 documents, some of which had been produced to Texas only the week before.  Again, in a good-faith effort to meet and confer, Abbott reviewed all of these documents.  Thirteen of the documents had already been produced to the United States.  And, in accordance with the Court's order, Abbott took a hard look at the remaining documents and agreed to produce 68 of them.  Thus, only 99 documents from Texas's sample of 180 were actually at issue from then on.

When Abbott refused to produce all the rest of the documents in the 180 document sample, Relator filed a motion to compel that was not limited to the documents actually at issue, but included documents that Abbott had already agreed to produce.  Eschewing the categories that Relator had asserted before the Court, the Relator's motion to compel was divided into the categories of (1) the documents Abbott had already agreed to produce; (2) documents that Abbott claimed were outside of the temporal scope of the complaint; and (3) documents that Abbott "refuses to produce on the basis of relevance."  In response, Abbott argued that the 99 documents at issue were either outside of the temporal scope of the Government's complaint or concerned drugs that were not at issue in the Government's complaint.

As this process was playing out, the parties continued to litigate the appropriate bounds of relevance in this suit by the United States.  In addition to this Court's clear indication that the Relator is not entitled to boundless discovery-sharing, Magistrate Judge Bowler ruled at a March 16, 2007, hearing that the Government was not entitled to discovery relating to non-party TAP

Pharmaceuticals.  (3/16/2007 Hr'g Tr., attached as Ex. B, at I-62.)  And, in a May 22, 2007

Order, Magistrate Judge Bowler confirmed, consistent with this Court's prior statements, that

Abbott's discovery obligations to the Government did not extend to documents relating

exclusively to drugs that are not named in the Government's complaint, and did not extend to

any documents created after 2003. (Dkt. 4244 at 1-3.)

      After an opportunity to review the parties' submissions on this sharing issue, and taking

into account all of the relevancy limits established so far in discovery in the past year, Magistrate

Judge Bowler ruled that the Relator was "not entitled to the requested broad sharing with the

United States of all the discovery produced by Abbott in the state cases." (Dkt. No. 4483 at 7.)

Magistrate Judge Bowler divided the Relator's sample documents, excluding the ones Abbott

had already produced, into three categories: (1) not responsive (*i.e.* concerning drugs not listed in

the complaint); (2) not relevant; and (3) temporally remote.  Magistrate Judge Bowler ordered

Abbott to produce 4 of the 11 documents (or 36%) in the "not responsive" category.  She further

ordered Abbott to produce 10 of the 49 documents (or 20%) in the "not relevant" category, and

16 of the 33 documents (or 48%) in the "temporally remote" category.  Thus, overall, Magistrate

Judge Bowler believed that the Government was entitled only to 30 of the 99 (or 30%) of the

documents that Relator identified as its "best documents."  (*See* 2/27/2007 Hr'g Tr. at p. 14.)

      The Relator and the Government both appealed the Magistrate Judge's July 19 ruling.

(Dkt. Nos. 4614, 4622.)  Under Local Rule 7.2, Abbott's response to Relator's objection would

have been due on August 23, 2007; however, a consent order enlarged Abbott's time to respond

to both sets of objections to Sept. 5, 2007. (Dkt. No. 4634.)  Nonetheless, this Court ruled on the

objections on August 21, 2007, ordering that the Relator was entitled to share all of the disputed

documents among the various state and federal governmental plaintiffs with which it is working

in the cases against Abbott.

**ARGUMENT**

## I.     APPLICABLE STANDARD

A motion for reconsideration provides the Court with the opportunity to correct manifest

errors or to review newly-discovered evidence.  *McLaughlin v. Unum Life Ins. Co. of Am.*, 212

F.R.D. 40, 41 (D. Me. 2002); *see also Nat'l Metal Finishing Co. v. Barclays*

*American/Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir. 1990).  There are three circumstances in

which the Court should grant a motion for reconsideration: "1) where the court made a manifest

error of fact or law; 2) where there is newly discovered evidence; and 3) where there has been a

change in the law." *Id.*

Here, because Abbott had not yet had a chance to respond to the Relator's motion, the

Court was not properly apprised of highly relevant facts before entering its August 21, 2007,

order – most notably the true percentages of the various categories of documents that Magistrate

Judge Bowler ordered Abbott to produce to the Government.  This lack of information,

regrettably, led the Court into error.  Abbott asks this Court to reconsider its order and

immediately stay its effect by enjoining Relator from sharing, and the United States from

reviewing, discovery from other price reporting litigation

## II.    THE MAGISTRATE JUDGE SUSTAINED ABBOTT'S REFUSAL TO PRODUCE THE VAST MAJORITY OF THE DOCUMENTS AT ISSUE

The principal problem with Relator's (one-sided) submission is its misstatement that

"59% of the documents in [Relator's] sample were discoverable" – a "fact" that seems to form

the basis for the order at issue.  (*See* August 21, 2007 Order.)  The 59% figure is only accurate if

the Court punishes Abbott for being cooperative (as ordered) by producing documents voluntarily to the Government before the motion to compel was heard.

Both the spirit and the letter of the Court's order indicate that the relevant sample for analysis should be limited to those items that were actually *in dispute* in the Relator's motion to compel by the time it reached Magistrate Judge Bowler.  During the hearing, the Court instructed the Relator, "You show [Abbott] representative documents . . . from each of these categories. You try and confer and see what you can work out.  If you can't, come up with a timetable." (2/27/2007 Hr'g Tr. at 14.)  The Court gave the parties strong incentive to cooperate, stating, "I'll look at the representative ones; and if [Relator] win[s] most of them, I'll just say "Turn over the CD. . . .  If [Relator] only win[s] a small fraction and I think [Relator is] overreaching, I'm just going to say "Denied."  So it's in everybody's interest to try and work this out."

When Relator produced its document sample to Abbott, Abbott in good faith reviewed Relator's request.  Partly because some of the documents had only been produced to Texas a very short time before Relator presented Abbott with its sample group, thus depriving Abbott of a realistic opportunity to produce them voluntarily to the Government – and partly because the Court had made clear that "it's in everybody's interest to try and work this out" – Abbott agreed to produce 69 documents voluntarily, representing 40% of the initial sample.

By refusing to exclude these documents from the relevant sample group for purposes of his calculation, Relator inflated the percentage of "discoverable" documents in its sample by almost one-third.  In reality, however, Magistrate Judge Bowler's order shows that it was *Relator* that was overreaching, since over two-thirds of the documents actually in dispute were ruled non-discoverable.  The Court has already made clear what should happen in this situation:

Relator's motion to compel should be denied in its entirety.  (2/27/2007 Hr'g Tr. at 14 ("If you only win a small fraction and I think you're overreaching, I'm just going to say 'Denied.'").)

Moreover, even if the Court looks at individual categories of documents instead of the production as a whole, Magistrate Judge Bowler ruled in Abbott's favor with respect to the majority of documents in each of the three categories.  Simply put, there is no escaping that Relator's motion to compel was, for the most part, unsuccessful; only a small minority of the documents at issue were ruled relevant to the Government's case.  There is no just reason why Abbott should be forced to consent to Relator's sharing all discovery with the Government when only a small minority of Relator's "best" documents were ruled discoverable.

## III.   THE COURT'S ORDER WOULD DO VIOLENCE TO MONTHS OF LITIGATION REGARDING DISCOVERY PARAMETERS AND FEDERAL RULE 26(B)(1)

Moreover, the Court's order, which would allow unrestricted discovery sharing – regardless of which drugs are at issue in the complaint and regardless of the relevant time frame – would do violence to a string of discovery orders in this case and Abbott's rights under the Federal Rules of Civil Procedure.

Rule 26(b)(1) provides, in relevant part, that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1); s*ee also Hickman v. Taylor*, 329 U.S. 495, 508 (1947) (Under Rule 26(b), "limitations come into existence when the inquiry touches upon the irrelevant").  It is axiomatic that relevancy under Rule 26 turns directly on the claims alleged in the complaint.  *See* FED. R. CIV. P. 26(b); *Mack v. Great Atl. & Pac. Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir. 1989).  Parties to a civil action "have no entitlement to discovery to develop new claims or defenses that are not already included in the pleadings."  FED. R. CIV. P. 26(b)(1), Advisory Comm. Note (2000).  Instead, discovery is limited *only* to those matters that are "relevant to the claim or defense of

any party." FED. R. CIV. P. 26(b)(1).  Here, the Government's complaint is limited to *four enumerated products*, marketed and sold by Abbott's HPD, and seeks damages only for conduct spanning from 1991 to 2001.  Thus, a broad discovery-sharing order is directly contrary to the Federal Rules of Civil Procedure.

Moreover, the Court's order is contrary to the law of the case.  The law of the case doctrine "provides that unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation. This means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case." *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002) (internal citations and quotation marks omitted).  This doctrine "affords litigants a high degree of certainty as to what claims are-and are not-still open for adjudication," and "promotes efficiency; a party should be allowed his day in court, but going beyond that point deprives others of their days in court, squanders judicial resources, and breeds undue delay." *Id.* at 647.

As outlined above, both this Court and Magistrate Judge Bowler have clearly indicated to all parties that discovery relating solely to drugs not at issue in the Government's complaint or relating to a time not at issue in the Government's complaint, is inappropriate.  Moreover, these distinctions have been litigated for almost seven months at this point.  Allowing the Relator to usurp these orders through a broad motion permitting all sharing should simply not be permitted. It is not prudent to increase the burden on this Court (and on Abbott) by decreasing the "degree of certainty as to what claims are-and are not-still open for adjudication." *Id*.

## CONCLUSION

For all these reasons, Abbott requests that the Court reconsider its August 21, 2007 Order and immediately enjoin the Relator from sharing discovery and the United States from reviewing, discovery from other price reporting litigation.

Dated:  August 23, 2007

Respectfully submitted,

ABBOTT LABORATORIES INC.

By:  /s/ Brian J. Murray

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on August 23, 2007, the foregoing **DEFENDANT ABBOTT LABORATORIES INC.'S EMERGENCY MOTION TO STAY THE EFFECT OF AND MOTION TO RECONSIDER THE COURT'S AUGUST 21, 2007 ORDER** was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray