# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT PERTAINS TO:<br>ALL CLASS ACTIONS | Judge Patti B. Saris |

## DECLARATION OF ROGER CLARK

I, Roger Clark, hereby declare as follows:

1. This Declaration is submitted in support of the Motion for Appointment as Class Counsel submitted by attorney Donald E. Haviland, Jr. and The Haviland Law Firm, LLC.

2. I am a resident of the State of Arizona and am representing the Estate of my father, David E. Clark, in this litigation.

3. My father was a resident of the State of Arizona and resided in Tonto Basin, Arizona.

4. My father was diagnosed with both prostate and inoperable brain cancer. He was prescribed the following physician administered drugs as part of his treatment for these illnesses: cefazolin; cefotetan disodium; ciprofloxacin hydrochloride; cisplatin; dexamthasone acetate; dexamethasone sodium phosphate; dextrose injectable; enalaprilat injectable; epotein alfa; etoposide; famotidine; fentanyl citrate; granisetron; hetastarch sodium chloride injectable; hydromorphone injectable; labetalol injectable; lidocaine hydrochloride injectable; methylsulfate; midazolam hydrochloride; morphine sulfate injectable; potassium chloride; ranitidine; and sodium chloride.

5. My father paid for a portion of the cost of these physician administered prescription medications which he received.

6. We retained Attorney Donald E. Haviland, Jr. and his firm to represent our interests in the class action case against the manufacturers of the above drugs.

7. Mr. Haviland had previously represented my father in the litigation against TAP Pharmaceuticals for unlawful conduct respecting TAP's marketing and sale of the drug, Lupron. Because of Mr. Haviland's direct efforts on behalf of my father, he was able to recover 50% of his out-of-pocket costs for the Lupron he took, which was substantially greater than the 30% that had been originally negotiated by the class action attorneys in the case who settled the case with TAP.

8. I understand that some of the same attorneys from the Lupron case seek to represent the Class of consumers in this case. I don't know these attorneys, and I have never spoken to any of them.

9. Mr. Haviland and the members of The Haviland Law Firm and its associated counsel have always me apprised of the progress of this case. My only contacts about the litigation have been with Mr. Haviland, his firm and his associated counsel.

10. Because I rely exclusively on Mr. Haviland and his associated counsel to tell me about the litigation, and I trust Mr. Haviland to represent the best interests of consumers like me in the lawsuit, I respectfully submit that Mr. Haviland and his firm should be appointed Class Counsel to represent the Class of consumers in this case. If Mr. Haviland and his firm cannot serve as Class Counsel, I would like to withdraw as a class representative.

11. I hereby declare under penalty of perjury that all of the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

This the 6th day of August, 2007.

*Roger L Clark*
ROGER CLARK