# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION  ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO   ) <br> 01-CV-12257-PBS   ) <br> ) | MDL No. 1456 <br><br> Civil Action No. 01-CV-12257 PBS <br><br> Judge Patti B. Saris |

### TRACK 1 DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSES TO THEIR MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(B)

Although plaintiffs "neither consent to, nor oppose," the Track 1 Defendants' motion, their response suggests that final judgment as to the Track 1 Defendants is "premature" because the Court has yet to determine multiple damages or attorneys' fees and costs.

Defendants agree that the Court must determine damages and pre-judgment interest prior to the entry of final judgment under Rule 54(b). Indeed, the forms of judgment that the Track 1 Defendants attached to their Proposed Findings and Order include blank spaces for the damages awards, on the assumption that the Court would determine damages following the hearing on August 27, 2007, complete the judgment forms and direct the entry of judgment accordingly. As a result, there is nothing "premature" about the Track 1 Defendants' motion, nor is there any reason for the extra blank spaces to accommodate multiple damages that Plaintiffs suggest in the First paragraph of their Response.

In the Second paragraph of their Response, Plaintiffs claim, without citation to a single case, that an award of attorneys' fees and costs must be incorporated into the final judgment. To the contrary, motions for attorneys' fees and costs do not delay the entry of

2

a final judgment. See, e.g., Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd., 217 F.3d 33, 37 n.3 (1st Cir. 2000) (noting that unlike prejudgment interest, "the award of attorneys' fees, and other collateral orders that do not affect the finality of a judgment for the purposes of appeal"); Alman v. Taunton Sportswear Manufacturing Corp., 857 F.2d 840, 844 (1st Cir. 1988) ("For finality purposes, it is of no consequence that the district court failed to rule on plaintiff's requests for attorney's fees and costs . . . ."); see also Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-76 (1989) (distinguishing prejudgment interest from attorneys' fees and costs for purposes of Rule 59(e) and the final judgment rule). Other Circuits have applied the same principle to the Rule 54(b) context. See, e.g., Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 137 (3d Cir. 2001) (in the course of affirming the district court's entry of final judgment pursuant to Rule 54(b), noting that "[w]hen an outstanding claim for attorneys' fees is by a statutory prevailing party, the unresolved issue of those fees does not prevent judgment on the merits from being final.").

Accordingly, an application for attorneys fees and costs – which will inevitably be complex and time-consuming to resolve in this case given the significant apportionment issues that may arise –  need not delay entry of judgment pursuant to Rule 54(b).

The J&J Defendants have responded separately in opposition to the proposed changes in plaintiffs' Fifth paragraph. Defendants do not otherwise oppose conforming their Proposed Findings and Order to the suggested changes in plaintiffs' Third, Fourth, and Sixth paragraphs.

**CONCLUSION**

For the foregoing reasons, the Court should adopt the Proposed Findings and Order submitted by the Track 1 Defendants, as modified by Plaintiffs' proposed changes in the Third, Fourth and Sixth paragraphs of their Response, and direct entry of judgments with respect to the Track 1 Defendants pursuant to Rule 54(b) in the forms provided.

Dated: Boston, Massachusetts
       August 24, 2007

                                        Respectfully submitted,

                                        THE FOLLOWING TRACK 1
                                        DEFENDANTS

By: /s/ Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO # 496730)
Michael P. Boudett (BBO # 558757)
Katherine B. Schmeckpeper (BBO # 663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals   LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

Attorneys for the Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp.

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Attorneys for the Johnson & Johnson Defendants

John T. Montgomery (BBO #352220)
Steven A. Kaufman (BBO #262230)
Eric P. Christofferson (BBO #654087)
Ropes & Gray LLP
One International Place
Boston, MA 02110

Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.