# EXHIBIT "A"

1

1   UNITED STATES DISTRICT COURT
2          DISTRICT OF MASSACHUSETTS
3
4   _____
5   In Re: LUPRON MARKETING AND    MDL No. 1430
    SALES PRACTICES LITIGATION,
6                                   Civil Action No. 01-10861-RGS
    _____
7
8
9
10
          TRANSCRIPT OF FAIRNESS HEARING
11
              DAY 3
12
          APRIL 15, 2005, 10:15 a.m.
13
       BEFORE HONORABLE RICHARD G. STEARNS
14
       UNITED STATES DISTRICT COURT
15
       JOHN J. MOAKLEY U.S. COURTHOUSE
16
           ONE COURTHOUSE WAY
17
           BOSTON, MA  02210
18
19
20
          DEBRA M. JOYCE, RMR, CRR
21          Official Court Reporter
         John J. Moakley U.S. Courthouse
22          1 Courthouse Way, Room 5204
           Boston, MA  02210
23           617-737-4410
24
25

2

1  APPEARANCES:
2  FOR THE PLAINTIFFS:
3  THOMAS M. SOBOL, ESQ.
   Hagens, Berman, Sobol & Shapiro LLP
4  One Main Street

4th Floor
5   Cambridge, MA 02142
6   JEFFREY L. KODROFF, ESQ.
    Spector, Roseman & Kodroff, P.C.
7   1818 Market Street, Suite 2500
    Philadelphia, PA 19103
8
    LISA M. MEZZETTI, ESQ.
9   Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
    1100 New York Avenue, N.W.
10   Suite 500, West Tower
    Washington, DC 20005
11
    FOR TAP PHARMACEUTICALS:
12
    DANIEL E. REIDY, ESQ.
13   JASON G. WINCHESTER, ESQ.
    JAMES R. DALY, ESQ.
14   JONES DAY
    77 West Wacker
15   Chicago, IL 60601-1692
16   ANITA B. BAPOOJI, ESQ.
    Goodwin Procter, LLP
17   Exchange Place
    53 State Street
18   Boston, MA 02109
19   FOR INTERVENORS/OBJECTORS:
20   DONALD E. HAVILAND, ESQ.
    Kline & Spector, P.C.
21   1525 Locust Street, 19th Floor
    Philadelphia, PA 19102
22
    KENT WILLIAMS, ESQ.
23   Giebel, Gilbert, Williams & Kohl
    Broadway Place West
24   1300 Godward Street, NE, Suite 6200
    Minneapolis, MN 55413
25

3

1   APPEARANCES: (Continued)
2   LARRY J. CROWN, ESQ.
    JORGE FRANCO, JR., ESQ.
3   Jennings, Haug & Cunningham, LLP
    2800 North Central Avenue

4   Suite 1800
    Phoenix, AZ  95004-1049
5
    MICHAEL C. HEFTER, ESQ.
6   Dewey Ballantine, LLP
    1301 Avenue of the Americas
7   New York, NA  10019-6092
8   J. HOKE (Trey) PEACOCK, III, ESQ.
    Susman Godfrey, LLP
9   1000 Louisiana Street, Suite 5100
    Houston, TX  77002-5096
10
    RICHARD W. COHEN, ESQ.
11  PETER D. ST. PHILLIP, JR., ESQ.
    Lowey, Dannenberg, Bemporad & Selinger, P.C.
12  The Gateway
    One North Lexington Avenue
13  White Plains, NY  10601

FAIRNESS HEARING, DAY 3, TOM SOBAL

19

5       Next rule, 23(e)(2), the need for class counsel to
6  disclose the existence of any agreements.  That we have done.
7  We have filed the settlement agreement, and we have filed the
8  modifications to that settlement agreement.
9       There has been a suggestion that there are some
10  kind of hidden agreements, some kind of clandestine deals that
11  class counsel have engaged in.  There are none.  I'll give you
12  a couple of the suggestions and then the rebuttals to it.
13       First there's been a suggestion by intervenors'
14  counsel that the withdrawal of the objection by the Treskow
15  objector and their law firms, there might have been something
16  behind that.  There is nothing at all.  Once I had received the
17  objection from counsel for Treskow, that counsel I'm familiar
18  with, sometimes I'm adverse with them, sometimes my clients are
19  in line with them.  I spoke to them on a variety of occasions,
20  communicating on the merits of the settlement, gave them
21  information they requested, information almost identical to the
22  kinds of information that were given to Kline & Specter.  They
23  asked for follow-up information on the merits, which I gave to
24  them.  And on the basis of an intelligent discussion of the
25  merits of the settlement, they decided to withdraw the

20

1  objection and had no quid pro quo whatsoever in connection with
2  that.  They did not ask for attorneys' fees, and I did not
3  promise them attorneys' fees.
4       Similarly, there's been a suggestion that
5  Mr. Goldser and his clients, who have filed a submission in
6  this case, that there might be something untoward about that.
7  Mr. Goldser and his clients were potential objectors, as every,
8  in my view, class member is a potential objector.  Until such
9  time as the settlement goes through I would treat any absent
10  class member as a potential objector requiring to be treated as
11  such and be treated with -- to deal with the issues and the
12  merits.
13       And Mr. Goldser has filed materials before this
14  Court in connection with the final approval, and his documents
15  show quite concretely there was an intelligent communication on
16  the merits of the settlement, an exchange of information.
17  Information that was no more robust than the information that
18  was shared with Kline & Specter for them to be able to make a
19  decision.  And they made a decision, that they, too -- that
20  their clients' interests would be served now they understood

21  the purposes and the way the settlement worked for them to
22  participate in the settlement.
23          Consistent with the settlement agreement, which
24  obligates the class counsel to undertake good faith efforts to
25  make sure that anyone who is participating in the settlement

21

1  submits along with us a fee petition, Mr. Goldser and his
2  colleagues did, in fact, submit their fee petition. Exactly
3  consistent with the settlement agreement in paragraph 13.
4          Nothing untoward, nothing undisclosed by those
5  activities either. The intervenors know about that.
6  Mr. Goldser has filed a declaration, has filed his petition for
7  fee, all appropriate in accordance with that. The Goldser
8  memorandum I just referred to is the memorandum in support
9  that.
10          Now, there is a requirement in the rule -- again, I
11  don't know exactly what the paperwork flow has been on this,
12  but 24(e) requires that the Court approve of all of the Treskow
13  objections and how it anticipated that would happen in due
14  course.

57

1        THE COURT: Just one or two thoughts.  There might
2   be some furtherance -- the issue that had been foremost in my
3   mind was the release issue; that is, whether, in fact, as
4   drafted it cut too broadly.  I think I'm satisfied now that
5   counsel explained exactly what the release runs to, that the
6   release is properly drafted, although I think if I were to
7   approve the settlement, I would probably make my own
8   elaboration along the actual language of the agreement,
9   specifically that counsel all agree that the release would not
10  affect a citizen involving insurance coverage issues or alleged
11  co-conspirators, as was the case or the fear expressed with
12  counsel in the Swanston matter, or what, at least on its face,
13  would appear to be criminal activities in the case of Mr. Rowan
14  in the way he was billed by the clinic that was treating him.
15       But if counsel wished to file anything further
16  elaborating on the points that have been aired during the
17  course of the last three days, I'm sure I would consult it and
18  find it of use.

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: LUPRON MARKETING AND
SALES PRACTICE LITIGATION

THIS DOCUMENT RELATES TO:
ALL CLASS ACTIONS

)
)
)
)
)
)
)
)

MDL No: 1430
Master File No.: 01-CV-10861

Judge Richard G. Stearns

AFFIDAVIT OF RONALD S. GOLDER
IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF
ZIMMERMAN REED PLLP

STATE OF MINNESOTA

COUNTY OF HENNEPIN

)
) ss:
)

I, Ronald S. Goldser, being duly sworn, depose and say:

1.      I am a partner of the law firm of Zimmerman Reed, one of the Counsel for

plaintiffs in this matter.  I am submitting this Affidavit in support of all Plaintiffs' Counsel's

(including my firm's) application for an award of attorneys' fees and reimbursement of expenses

provided in connection with the services rendered to plaintiffs and the Class by my firm in the

course of this litigation.

2.      I am an attorney in good standing and duly licensed and admitted to the Bars of

Minnesota and Wisconsin.  The testimony set forth in this Declaration is based on first-hand

knowledge, about which I could and would testify competently in open Court if called upon to do

so.

3.      This firm is counsel of record for class members and proposed plaintiff

interveners Parker Hannifin, New York Sheet Metal Workers International  Health and Welfare

Fund Local 28, Cape Health Plan, Community Care Plus and US Health and Life, as well as dozens of other plans which wish to remain nameless in these proceedings.  As one of the counsel for the plaintiffs and Class, my firm and its associated counsel performed services on this matter as follows:

Review the settlement agreement from the perspective of non-SHP third party payers; prepare a proposed objection on behalf of this firm's clients concerning the claims of non-SHP third party payers; negotiate a resolution of the objections of this firm's clients with class counsel; undertake due diligence with respect to the fairness of the settlement as a whole; draft and file motion to intervene and memorandum in support of proposed settlement.

4.      I have attached, as Exhibit 1, a biography of my firm, the attorneys in my firm, and my associated firms who were principally involved in this litigation.

5.      I also attach, as Exhibit 2, a detailed summary indicating the amount of time spent by each attorney and paralegal of my firm and associated firms who worked on this litigation and the lodestar calculation based on my firm's historical billing rates (the rates for each timekeeper that were in effect during this litigation, and when the work was performed).   Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar.

6.      From the inception of the case through the present time, my firm and its associated counsel expended a total of 136.20 hours on behalf of the plaintiffs and the Class. The total lodestar amount for these hours based on my firm's historical hourly billing rates is $49,601.25.  The hourly rates set out in Exhibit 2 are the same rates that my firm charged, and on which we have received fee awards from other courts.

7.    In addition, as detailed in Exhibit 3, my firm expended a total of $338.64 in expenses in connection with the prosecution of this litigation.  None of these expenses have been reimbursed to date.

8.    My firm recorded these expenses as they were incurred, and they are reflected in its computerized bookkeeping records which were created from invoices, receipts and other proofs of the charges and payments.

9.    Thus, for this litigation, the total historical lodestar of my firm is $49,601.25 and we incurred expenses of $338.64.

I declare under penalty of perjury under the laws of the Minnesota that the foregoing is true and correct.

Executed this _____ day of _____, 2005 at Zimmerman Reed, PLLP.

_____
Ronald S. Goldser

SWORN TO AND SUBSCRIBED
before me this ____ day of
_____, 2005

_____
Notary Public

## EXHIBIT 2

### IN RE LUPRON MARKETING AND SALES PRACTICE LITIGATION

**ZIMMERMAN REED PLLP (AND ASSOCIATED COUNSEL)
HOURS AND LODESTAR FROM INCEPTION THROUGH FEBRUARY 2005**

| NAME AND POSITION* | HISTORICAL HOURLY RATE(S) | NUMBER OF HOURS | HISTORICAL LODESTAR AMOUNT |
|---|---|---|---|
| Ronald S. Goldser (P) | $400.00 | 82.35 | $32,940.00 |
| Timothy J. Becker(P) | $350.00 | 5.90 | $ 2,065.00 |
| David Rosen(A) | $350.00 | 10.35 | $ 3,622.50 |
| Jason Thompson (A) | $350.00 | 20.25 | $ 7,087.50 |
| Daniel C. Cohn (P) | $530.00 | .90 | $    477.00 |
| Kristin M. McDonough(A) | $290.00 | 7.70 | $ 2,233.00 |
| Tina M. Olson (PL) | $140.00 | 2.00 | $    280.00 |
| Martha M. Kobberdahl (PL) | $140.00 | 6.00 | $    840.00 |
| File Clerk (FC) | $125.00 | .75 | $     56.25 |
| | | | |
| TOTALS | | 136.20 | $ 49,601.25 |

---

*(P) Partner, (A) Associate, (LC) Law Clerk, (PL) Paralegal

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | ) )  MDL No. 1430 |
| | ) |
| | )  Master File No. 01-CV-10861 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) |
| | )  Judge Richard G. Stearns |
| | ) |

## ACCOUNTING PURSUANT TO THE COURT'S ORDER OF MAY 15, 2006

Pursuant to the Court's Order for an Accounting dated May 15, 2006, the MDL Class Plaintiffs submit this accounting of (i) funds received under the settlement, (ii) funds distributed from the consumer fund, (iii) funds distributed from the TPP fund, and (iv) funds distributed for payment of counsel fees, reimbursable expenses and incentive payments. As the Court will see, three charts are attached showing all receipts to and payments from the Consumer Settlement Fund (Exhibit A) and the TPP Settlement Fund (Exhibit B), the distribution of attorneys' fees and expenses to each of class counsel and the law firm of Kline & Specter, P.C. (Exhibit C).

### 1. General Accounting

Each settlement fund was established pursuant to the Court-approved settlement of the various parties; the settlement's full terms were set forth in the two inter-connecting settlement agreements; the Consumer Class Settlement Agreement and the Settlement Agreement concerning the "Settling Health Plans" ("SHPs"), both dated November 15, 2004.

The combined Settlement called for Defendants to pay a total of $150 million to the parties. This was allocated (i) $40 million to the Consumer Settlement Pool; (ii) $55 million to the SHPs ($15 million of which remains in an escrow account awaiting final calculations and "true-up" of SHP claims as compared to those of the Third-Party Payor Class ("TPPs")), and (iii)

$55 million to the TPP Class Settlement Pool. As shown on Exhibits A and B, the Class Settlement Funds were received on November 30 and December 3, 2004.

Since then, all payments made from the two Class Funds have been made by the process set forth in the Settlement Agreements (by recommendation or request of the Court-approved Administrator or Notice Expert, with review and approvals by the Class Counsel and notice to Defense Counsel). The monies listed here are resident with the Escrow Agent, SunTrust Bank (the most recent statement of SunTrust Bank is attached as Exhibit D). As the Court will see, interest has been earned on all Funds since they were deposited, and credited to the applicable settlement class.

The charts as Exhibit A and Exhibit B show the following totals accrued in each of the TPP and Consumer Settlement Funds and that the payments made from them have been for the following categories of costs or charges.

## 2. Accounting for the Consumer Fund

The initial payment of $40 million has earned total interest of $1,374,693.29. From this, the following payments have been made:

Payments for charges incurred for Notice to the Class – paid to Hilsoft, Inc.: $1,994,890.69

Payments for charges of the Administrator – paid to Complete Claims Solutions, Inc.: $241,980.72

Payments made to the State Attorneys General, pursuant to the separate Agreements with them and the Court's Order -- $6,000,000.00

Payment of the Court-Approved Attorneys' Fees (and accompanying interest) to Class Counsel ($10,000,000 plus interest of $214,468.76) and to Kline & Specter ($631,578.95 plus interest of $21,466.42), and Incentive Awards to the Class Plaintiffs ($62,500). A separate chart is provided as Exhibit C showing the total amount of fees and costs paid to each of the Class Counsel law firms in this action.

As a result, there remains approximately $22.2 million in the Consumer Fund ready for distribution in the near future (see section 5 below).

### 3. Accounting for the TPP Fund

The initial payment of $55 million has earned total interest of $2,040,749.91. From this, the following payments have been made:

> Payment for charges incurred for Notice to the Class (given the services and number of Class Members, a much smaller amount) – paid to Hilsoft, Inc.: $8,544.95
>
> Payments for charges of the Administrator – paid to Complete Claims Solutions, Inc.: $172,507.16
>
> Payment of the Court-Approved Attorneys' Fees (and accompanying interest) to Class Counsel ($13,750,000 plus interest of $310,670.05) and to Kline & Specter ($868,421.05 plus interest of $29,516.32), and Incentive Awards to the TPP Class Plaintiffs ($50,000). As noted above, Exhibit C shows the total amount of fees and costs paid to each of the Class Counsel law firms in this action.

The Class Plaintiffs respectfully submit that all these payments have been appropriate and timely. They are aware that additional payments have been made this week for payment of taxes by each of the two Funds. The amounts of those payments were $135,582 for the Consumer Settlement Fund and $141,738 for the TPP Settlement Fund.

As a result, there remains approximately $41.8 million in the TPP Fund ready for distribution in the near future (see section 5 below).

### 4. Accounting for Counsel Fees and Expenses

Attached as Exhibit C is a statement showing deposits that were made into an escrow account maintained at Lieff, Cabraser, Heimann & Bernstein, LLP, class counsel which handled the accounting for the payment of counsel fees, reimbursable expenses and incentive payments (the Fee Fund).

As to deposits, the Court will notice that there are two November 2005 deposits made into the counsel fee escrow account. The Court awarded a total of $23,750,000 for counsel fees and reimbursable expenses. The TTP Fund and the Consumer Fund were to pay those fees and expenses ratably. Since the TPP Fund had a total gross amount of $55,000,000 and the

3

Consumer Fund had a total gross of $40,000,000 (for a combined $95,000,000) the ratable shares were approximately 58% for TPP and 42% for Consumer. Thus, $13.75 million was withdrawn from the TPP Fund for counsel fees and expenses: $10 million was withdrawn from the Consumer Fund.

Between the time that the original Funds were first placed into the interest-bearing accounts and the time that the monies were withdrawn for counsel fees and reimbursable expenses, interest had been earned (both for monies going to the class as well as monies going for counsel fees and expenses). Accordingly, the $525,138.78 deposit reflects that portion of the interest that was earned toward attorney's fees and reimbursable expenses from both the TPP and the Consumer Fund.

Finally, the settlement also provided for the payment of incentive fees to certain class representatives totaling $122,500. Thus, the total deposits made into the Fee Fund for counsel fees, reimbursable expenses and incentive payments was $24,387,638.78.

Exhibit C also shows the disbursements made from the Fee Fund. All participating counsel provided statements of hourly charges and expenses paid by them for the matter. Lead counsel assured that all counsel were paid their hourly charges and expenses, and a modest multiplier was applied to some counsel. By and large all counsel received multipliers in very close proximity with the exception of two firms that, in the judgment of lead counsel, deserved an additional enhancement. Payments to Kline & Specter, P.C. were made pursuant to the Court's approval of the Implementation Agreement and the Fee Award Order of this Court.

Disbursements of incentive payments were made only to those persons who, by order of this Court, were entitled to receive an incentive payment. (As the Court will recall, some incentive payments were authorized by the court for class representatives from the MDL; certain

4

other incentive payments were authorized as a part of the implementation of the reservation with the Kline & Specter objectors).

At this time, there are remaining Funds in the Fee Fund totaling approximately $330,000.

## 5. Accounting for Payment to Class Members

Class Counsel have been informed that the Administrator is in the process of completing its final analysis and reports on the review of proofs of claim filed by members of the Consumer Class and TPP Class. We have discussed certain questions with the Administrator, and expect final reports within two weeks. Barring any unanticipated events, Class Plaintiffs hope to file with the Court, within one month, their request for distribution to the two classes.

From a lay perspective, the process of administering and auditing claims can appear to be frustratingly slow. Accordingly, MDL class counsel has requested, and filed herewith, a declaration of the court appointed claims administrator Complete Claims Solutions. See Affidavit of Eric Lachance filed contemporaneously herewith (the "Lachance Affidavit"). The Lachance Affidavit explains the process, the current state of claims adjudication and the basis of claims finalization.

Class Counsel are, of course, available for any further questions of the Court.

Dated: June 14, 2006

Respectfully submitted,

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**Plaintiffs' Liaison Counsel**

5

Joseph R. Saveri
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

David S. Stellings
LIEFF CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024

Lisa M. Mezzetti
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964

Jeffrey L. Kodroff
John A. Macoretta
SPECTER ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

## Class Plaintiffs' Co-Lead Counsel

Robert M. Foote
FOOTE MEYERS MIELKE AND
FLOWERS
416 South Second Street
Geneva, IL 60134

## Liaison Counsel for Plaintiffs in State Coordinated Cases

6

# EXHIBIT C

## FEE FUND

**DEPOSITS**

| | | | |
|---|---|---|---:|
| 11/10/2005 DEP | In Re Lupron Settlement Fund | Settlement | 13,750,000.00 |
| 11/10/2005 DEP | In Re Lupron Settlement Fund | Settlement | 10,000,000.00 |
| 12/1/2005 DEP | SunTrust Corporate Trust | Interest | 525,138.78 |
| 12/9/2005 DEP | SunTrust Corporate Trust | Settlement | 112,500.00 |

**TOTAL DEPOSITS**

24,387,638.78

**DISBURSEMENTS**

| | | MULTIPLIER | | |
|---|---|---|---|---:|
| 12/5/2005 2612 | Barrett, Twomey, Broom, Hughes & Hoke, LLP | 1.1 | Fees | (115,840.00) |
| 12/5/2005 2613 | Bolognese & Associates | 1.1 | Fees | (270,631.00) |
| 12/5/2005 2625 | Carey & Danis L.L.C | 1.0 | Fees | (444,239.00) |
| 11/10/2005 EFT | Cohen, Milstein, Hausfeld & Toll, PLLC | 1.1 | Fees | (3,394,244.00) |
| 12/5/2005 2614 | Finkelstein & Krinsk, LLP | 1.1 | Fees | (352,345.00) |
| 11/10/2005 EFT | Foote, Meyers, Mielke & Flowers, LLC | 1.6 | Fees | (2,088,994.00) |
| 12/5/2005 2626 | Gardner, Middlebrooks, Gibbons, Kittrell & Olsen | 1.0 | Fees | (48,310.00) |
| 12/5/2005 2627 | Goldenberg, Miller, Heller & Antognoli, P.C. | 1.0 | Fees | (44,837.00) |
| 11/10/2005 EFT | Hagens Berman Sobol Shapiro LLP | 1.4 | Fees | (2,319,843.00) |
| 12/5/2005 2615 | Hanzman & Criden, P.A.. | 1.1 | Fees | (615,637.00) |
| 12/5/2005 2616 | Heins Mills & Olson, P.L.C. | 1.1 | Fees | (693,787.00) |
| 12/13/2005 2641 | Hoffman & Edelson LLC | 1.1 | Fees | (512,419.00) |
| 12/5/2005 2624 | Kenneth A. Wexler & Associates | N/A | Fees | (304,268.00) |
| 11/10/2005 EFT | Kline & Specter, PC | N/A | Fees | (3,000,000.00) |
| 3/30/2006 EFT | Kline & Specter, PC | 1.0 | Fees | (83,333.33) |
| 12/5/2005 2637 | Law Office Of Bryan Marcus | 1.1 | Fees | (9,000.00) |
| 12/5/2005 2618 | Law Offices Of Archie Lamb | 1.0 | Fees | (47,285.00) |
| 12/5/2005 2629 | Law Offices of Joseph Terronova | 1.1 | Fees | (2,358.00) |
| 12/5/2005 2619 | Law Offices Of Peter J. McNulty | 1.0 | Fees | (202,073.00) |
| 12/5/2005 2630 | Law Offices Of Richard Kranich | 1.0 | Fees | (22,735.00) |
| 12/5/2005 2631 | Lawrence Walner & Associates, Ltd. | 1.1 | Fees | (32,271.00) |
| 11/10/2005 EFT | Lieff, Cabraser, Heimann & Bernstein, LLP | 1.0 | Fees | (4,205,510.00) |
| 12/13/2005 2642 | Mark K. Gray, Esq. | 1.0 | Fees | (79,760.00) |
| 12/5/2005 2633 | McNees Wallace & Nurick LLC | 1.1 | Fees | (38,311.00) |
| 12/5/2005 2620 | Milberg, Weiss, Bershad, Hynes & Lerach | 1.1 | Fees | (522,618.00) |
| 12/5/2005 2621 | Much Shelist Freed Denenberg Ament & Rubenstein | 1.2 | Fees | (513,047.00) |
| 12/5/2005 2622 | Provost Umphrey Law Firm | 3.1 | Fees | (213,372.00) |
| 12/5/2005 2623 | Rosenfeld & Rafik, P.C | 1.0 | Fees | (121,434.00) |
| 12/5/2005 2634 | Shapiro Haber & Urmy LLP | 1.0 | Fees | (75,457.00) |
| 12/5/2005 2632 | Southeastern Legal Group | 1.2 | Fees | (22,320.00) |
| 1/18/2006 EFT | Spector, Roseman & Kodroff, P.C. | 1.0 | Fees | (3,038,804.00) |
| 12/5/2005 2635 | Trujillo, Rodriguez & Richards, LLC | 1.0 | Fees | (79,923.00) |
| 12/5/2005 2636 | Zimmerman Reed PLLP | | Fees | (300,000.00) |
| 12/20/2005 2643 | Hilsoft Notifications | | Costs | (32,945.89) |
| 12/20/2005 2644 | Greylock McKinnon Associates | | Costs | (43,713.09) |
| 11/16/2005 2594 | Twin Cities Bakery Workers Health and Welfare Fund | | Incentive Payment | (25,000.00) |
| 11/16/2005 2588 | Estate of William Brickey | | Incentive Payment | (5,000.00) |
| 11/16/2005 2589 | Milton Greene | | Incentive Payment | (2,500.00) |
| 11/16/2005 2590 | Steve Rowan | | Incentive Payment | (2,500.00) |
| 11/16/2005 2591 | Alexandra Samsell | | Incentive Payment | (2,500.00) |
| 11/16/2005 2592 | Ariel Samsell | | Incentive Payment | (2,500.00) |
| 11/16/2005 2593 | Robert Swanston | | Incentive Payment | (2,500.00) |
| 11/17/2005 2603 | Vista Healthplan, Inc. | | Incentive Payment | (25,000.00) |
| 11/17/2005 2595 | Joseph Benoit (The Estate Of) | | Incentive Payment | (2,500.00) |
| 11/17/2005 2596 | Jamie Grass-Prince | | Incentive Payment | (2,500.00) |
| 11/17/2005 2597 | Debra Kibodeaux | | Incentive Payment | (2,500.00) |
| 11/17/2005 2598 | George Wilson Landry | | Incentive Payment | (2,500.00) |
| 11/17/2005 2599 | Henry Joseph Landry, Sr. | | Incentive Payment | (2,500.00) |
| 11/17/2005 2600 | Amy LeBlanc | | Incentive Payment | (2,500.00) |
| 11/17/2005 2601 | Donna Litchfield | | Incentive Payment | (2,500.00) |
| 11/17/2005 2602 | Angela Sledge | | Incentive Payment | (2,500.00) |

## FEE FUND

| | | | |
|---|---|---|---|
| 11/18/2005 2604 | Acie Clark | Incentive Payment | (5,000.00) |
| 11/18/2005 2605 | L. Maxine Goetting, Administrator Estate of Carl Goetting | Incentive Payment | (5,000.00) |
| 11/18/2005 2606 | William Porter | Incentive Payment | (5,000.00) |
| 11/22/2005 2610 | J. Kelly Farris | Incentive Payment | (2,500.00) |
| 11/22/2005 2609 | Brenda Campbell-Hubbard | Incentive Payment | (2,500.00) |
| 11/22/2005 2607 | David Lee Jarman | Incentive Payment | (2,500.00) |
| 11/22/2005 2608 | Carol Sullivan | Incentive Payment | (2,500.00) |
| 4/21/2006 EFT | TAP Pharmaceutical Products | Risk Share Payment | (52,500.00) |

**TOTAL DISBURSEMENTS**                                                           (24,056,664.31)

**NET TOTAL**                                                                         330,974.47