108. By way of his conduct, Defendant Ivey has breached and continues to breach his fiduciary duties owed to Glenwood.

109. Defendant Ivey's breaches of duty have been willful, intentional, malicious, and without lawful justification and have caused and will continue to cause damages to Glenwood.

WHEREFORE, Plaintiff Carrabassat demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## GLENWOOD'S COUNT 15

### CONVERSION BY DEFENDANT IVEY and IVEY & RAGSDALE

110. Plaintiff Glenwood repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

111. Glenwood is, and during all times alleged herein was, the owner of certain confidential information.

112. Glenwood had possession, or the right to immediate possession, of that confidential information at the time of the Defendants' unlawful conduct.

113. Defendant Ivey interfered with the Glenwood right to possession or right to immediate possession by intentionally exercising dominion over the confidential and proprietary information.

114. Defendant Ivey's exercise of dominion was substantial and done without lawful justification.

115. Glenwood has suffered damages as a result of Defendant Ivey's unlawful conduct.

WHEREFORE, Plaintiff Glenwood demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

### GLENWOOD'S COUNT 16

### DEFENDANT IVEY and IVEY & RAGSDALE: TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

116. Plaintiff Glenwood repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

117. Defendant Ivey's conduct amounted to substantial interference with Glenwood ongoing settlement discussions, and said interference was accomplished via the use of fraud, deceit, intimidation and breach of fiduciary duty owed by Ivey to Glenwood.

118. As a result of Defendant Ivey's unlawful conduct, Glenwood sustained damages.

WHEREFORE, Plaintiff Glenwood demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

### CARRABASSETT'S COUNT 17

### DEFENDANT SOBOL and HAGENS-BERMAN, LLP: PUNITIVE DAMAGES

119. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

120. The acts of Defendant Sobol and Defendant Hagens-Berman, LLP, were committed with malice or were so outrageous that malice toward Carrabassat can be implied.

WHEREFORE, Plaintiff Carrabassett demands punitive damages against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, and for such other relief as this Court deems just.

### CARRABASSETT'S COUNT 18

### DEFENDANTS SOBOL and HAGENS-BERMAN, LLP:  NEGLIGENCE

121.   Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

122.   Defendant Sobol owed to the Plaintiff Carrabassett a duty to conduct himself in a reasonably prudent fashion such that he would not cause injury to the Plaintiff.

123.   The acts of Defendant Sobol as described constitute a breach of the Defendant's duty of reasonable care.

124.   As a result of Defendant Sobol's negligence, Plaintiff Carrabassett sustained damage.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, and for such other relief as this Court deems just.

### CARRABASSETT'S COUNT 19

### DEFENDANTS SOBOL and HAGENS-BERMAN, LLP:  BREACH OF CONTRACT

125.   Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

126.   The Glenwood Representation Agreement, the Carrabassett Representation Agreement, the Joint Litigation and Confidentiality Agreement, and the Mediation Agreement constitute contracts.

127.   Plaintiff Carrabassett has fully performed all of its obligations under those contacts.

128. Defendant Sobol has failed to perform their obligations under those contacts and, further, has breached those contracts by his unlawful conduct.

129. Defendant Sobol has no lawful justification for his conduct.

130. Defendant Sobol's breaches of those contracts have caused, and will continue to cause, damages to Plaintiff Carrabassett.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSAETT'S COUNT 20

## DEFENDANT SOBOL and DEFENDANT HAGENS-BERMANS, LLP: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

131. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

132. The Glenwood Representation Agreement, the Carrabassett Representation Agreement, the Joint Litigation and Confidentiality Agreement, and the Mediation Agreement constitute contracts.

133. Plaintiff Carrabassett has fully performed all of its obligations under those contracts.

134. There exists an implied covenant of good faith and fair dealing in every contract.

135. Defendant Sobol's wrongful conduct has destroyed or injured Carrabassett's right to receive the fruits of those contracts and, as a result, Defendant Sobol has materially breached the implied covenant of good faith and fair dealing.

136. Defendant Sobol's breach has caused, and will continue to cause, the damages to Carrabassett.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 21

### DEFENDANT SOBOL and DEFENDANT HAGENS-BERMAN, LLP: MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

137. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

138. Defendant Sobol has already used and disclosed, and will continue to use and disclose to others Carrabassett 's confidential information.

139. The disclosure or use of the Carrabassett's confidential information by Defendant Sobol constitutes a tortious misappropriation of confidential information in violation of common law.

140. As a direct and proximate result of the Defendant Sobol's wrongful conduct, Carrabassett has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 22

### DEFENDANT SOBOL and DEFENDANT HAGENS-BERMAN, LLP:  BREACH OF FIDUCIARY DUTY

141. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

142. As counsel to Carrabassett, Defendant Sobol had and owed Carrabassett a fiduciary duty to maintain in confidence all confidential information of Carrabassett and not to take actions adverse to the interests of Carrabassett.

143. By way of his conduct, Defendant Sobol has breached and continue to breach his fiduciary duties owed to Carrabassett.

144. Defendant Sobol's breaches of duty have been willful, intentional, malicious, and without lawful justification and have caused and will continue to cause damages to Carrabassett.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 23

## CONVERSION BY DEFENDANTS SOBOL and DEFENDANT HAGENS-BERMAN, LLP

145. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

146. Carrabassett is, and during all times alleged herein was, the owner of certain confidential information.

147. Carrabassett had possession, or the right to immediate possession, of that confidential information at the time of the Defendants' unlawful conduct.

148. Defendant Sobol interfered with the Carrabassett's right to possession or right to immediate possession by intentionally exercising dominion over the confidential and proprietary information.

149. Defendant Sobol's exercise of dominion was substantial and done without lawful justification.

150. Carrabassett has suffered damages as a result of Defendant Sobol's unlawful conduct.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 24

## DEFENDANT SOBOL and DEFENDANT HAGENS-BERMAN, LLP:  TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

151. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

152. Defendant Sobol's conduct amounted to substantial interference with Carrabassaett's ongoing settlement discussions, and said interference was accomplished via the use of fraud, deceit, intimidation and breach of fiduciary duty owed by Sobol to Carrabassett.

153. As a result of Defendant Sobol's unlawful conduct, Carrabassett sustained damages.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Sobol and Defendant Hagens-Berman, LLP, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 25

### DEFENDANT IVEY and IVEY & RAGSDALE: PUNITIVE DAMAGES

154. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

155. The acts of Defendant Ivey were committed with malice or were so outrageous that malice toward Carrabassett can be implied.

WHEREFORE, Plaintiff Carrabassett demands punitive damages against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 26

### DEFENDANT IVEY and IVEY & RAGSDALE: NEGLIGENCE

156. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

157. Defendant Ivey owed to the Plaintiff Carrabassett a duty to conduct himself in a reasonably prudent fashion such that he would not cause injury to the Plaintiff.

158. The acts of Defendant Ivey as described constitute a breach of the Defendant's duty of reasonable care.

159. As a result of Defendant Ivey's negligence, Plaintiff Carrabassett sustained damage.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 27

### DEFENDANT IVEY and IVEY & RAGSDALE:  BREACH OF CONTRACT

160. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

161. The Glenwood Representation Agreement, the Carrabassett Representation Agreement, the Joint Litigation and Confidentiality Agreement, and the Mediation Agreement constitute contracts.

162. Plaintiff Carrabassett has fully performed all of its obligations under those contacts.

163. Defendant Ivey has failed to perform his obligations under those contacts and, further, has breached those contracts by his unlawful conduct.

164. Defendant Ivey has no lawful justification for his conduct.

165. Defendant Ivey's breaches of those contracts have caused, and will continue to cause, damages to Plaintiff Carrabassett.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 28

### DEFENDANT IVEY and IVEY & RAGSDALE:  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

166. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein .

167. The Glenwood Representation Agreement, the Carrabassett Representation Agreement, the Joint Litigation and Confidentiality Agreement, and the Mediation Agreement constitute contracts.

168. Plaintiff Carrabassett has fully performed all of its obligations under those contracts.

169. There exists an implied covenant of good faith and fair dealing in every contract.

170. Defendant Ivey's wrongful conduct has destroyed or injured Carrabassett's right to receive the fruits of those contracts and, as a result, Defendant Ivey has materially breached the implied covenant of good faith and fair dealing.

171. Defendant Ivey's breach has caused, and will continue to cause, the damages to Carrabassett.

WHEREFORE, Plaintiff Carrabassett and Defendant Ivey & Ragsdale, jointly and severally, demands judgment against Defendant Ivey for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 29

## DEFENDANT IVEY and IVEY & RAGSDALE: MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

172. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

173. Defendant Ivey has already used and disclosed, and will continue to use and disclose to others Carrabassett's confidential information.

The disclosure or use of the Carrabassett's confidential information by Defendant Ivey constitutes a tortious misappropriation of confidential information in violation of common law.

-34-

174. As a direct and proximate result of the Defendant Ivey's wrongful conduct, Carrabassett suffered and will continue to suffer damages.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

### CARRABASSETT'S COUNT 30

### DEFENDANT IVEY and IVEY & RAGSDALE: BREACH OF FIDUCIARY DUTY

175. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

176. As counsel to Carrabassett, Defendant Ivey had and owed Carrabassett a fiduciary duty to maintain in confidence all confidential information of Carrabassett and not to take actions adverse to the interests of Carrabassett.

177. By way of his conduct, Defendant Ivey has breached and continues to breach his fiduciary duties owed to Carrabassett.

178. Defendant Ivey's breaches of duty have been willful, intentional, malicious, and without lawful justification and have caused and will continue to cause damages to Carrabassett.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 31

### CONVERSION BY DEFENDANT IVEY and IVEY & RAGSDALE

179. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

180. Carrabassett is, and during all times alleged herein was, the owner of certain confidential information.

181. Carrabassett had possession, or the right to immediate possession, of that confidential information at the time of the Defendants' unlawful conduct.

182. Defendant Ivey interfered with the Carrabassett's right to possession or right to immediate possession by intentionally exercising dominion over the confidential and proprietary information.

183. Defendant Ivey's exercise of dominion was substantial and done without lawful justification.

184. Carrabassat has suffered damages as a result of Defendant Ivey's unlawful conduct.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## CARRABASSETT'S COUNT 32

### DEFENDANT IVEY and IVEY & RAGSDALE: TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

185. Plaintiff Carrabassett repeats and realleges the facts contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

186.  Defendant Ivey's conduct amounted to substantial interference with Carrabassett's ongoing settlement discussions, and said interference was accomplished via the use of fraud, deceit, intimidation and breach of fiduciary duty owed by Ivey to Carrabassett.

187.  As a result of Defendant Ivey's unlawful conduct, Carrabassett sustained damages.

WHEREFORE, Plaintiff Carrabassett demands judgment against Defendant Ivey and Defendant Ivey & Ragsdale, jointly and severally, for such amount as is reasonable, and for costs, attorney fees, and for such other relief as this Court deems just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues and causes of action raised in this Complaint which are appropriate for jury consideration.

DATED in Portland, Maine this 21st day of August 2003.

_____
Theodore H. Irwin, Jr.
Robert M. Morris
Attorneys for Plaintiffs

Irwin, Tardy & Morris, P.A.
52 Center Street
Portland, Maine 04101
(207) 772-0303