90017

1   RICHARD LLOYD SHERMAN, ESQ. (State Bar No. 106597)
    CAMERON H. TOTTEN, ESQ. (State Bar No. 180765)
2   SHERMAN & NATHANSON, A PROFESSIONAL CORPORATION
    9454 Wilshire Boulevard, Suite 820
3   Beverly Hills, California 90212
    Telephone:    (310) 246-0321
4   Facsimile:    (310) 246-0305

5   Attorneys for Plaintiff
    JASON TOMCZAK

**ORIGINAL FILED**

LOS ANGELES SUPERIOR COURT

FEB 2 2 2006

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK

BY _____
J. SUNGA, DEPUTY

Case assigned to
Judge _____

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

11  JASON TOMCZAK, an individual,            CASE NO.  BC347824

12                          Plaintiff,        COMPLAINT FOR:

13          v.                               1.   NEGLIGENCE;
                                             2.   BREACH OF FIDUCIARY DUTY;
14  HAGEN BERMAN SOBOL SHAPIRO               3.   BREACH OF ORAL CONTRACT;
    LLP, a California limited liability      4.   BREACH OF THE IMPLIED
15  professional partnership; DAVID P.            COVENANT OF GOOD FAITH AND
    MEYER & ASSOCIATES CO., LPA, an              FAIR DEALING;
16  Ohio limited partnership; DAVID P.       5.   INTENTIONAL INFLICTION OF
    MEYER, ESQ., an individual;                  EMOTIONAL DISTRESS;
17  PATRICK G. WARNER, ESQ., an             6.   LIBEL;
    individual; and DOES 1 through 100,      7.   ABUSE OF PROCESS;
18  inclusive,                               8.   COMMON LAW INVASION OF
                                                 PRIVACY;
19                          Defendant.        9.   VIOLATION OF CALIFORNIA
                                                 CIVIL CODE SECTION 3344; AND
20                                           10.  VIOLATION OF CALIFORNIA
                                                 BUSINESS & PROFESSIONS CODE
21                                               SECTION 17200 ET SEQ.

22                                           [UNLIMITED JURISDICTION]

CASHIER: BC347824 LEA/DEFH)
RECEIPT #: CCH28010407I
DATE PAID: 02/22/06   04:24:04 PM
PAYMENT: $320.00
RECEIVED:

CHECK:          320.00
CASH:
CHANGE:
CARD:                    0310

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 820
Beverly Hills, California 90212

Plaintiff JASON TOMCZAK hereby alleges as follows:

## GENERAL ALLEGATIONS

1.    At all times herein mentioned, Plaintiff JASON TOMCZAK ("*Tomczak*" or "*Plaintiff*") was and is now an individual residing in Lake Oswego, Oregon.  Plaintiff works in the computer services business.

2.    At all times herein mentioned Defendant HAGENS BERMAN SOBOL SHAPIRO LLP ("*HBSS*") was and is now a law firm, organized and existing pursuant to the laws of the State of California, with its principal place of business in California in Los Angeles, California.

3.    At all times herein mentioned Defendant DAVID P. MEYER & ASSOCIATES CO., LPA ("*Meyer Firm*") was, and is now a law firm, organized and existing pursuant to the laws of the State of Ohio, having its principal place of business located in Columbus, Ohio.

4.    At all times herein mentioned Defendant DAVID P. MEYER, ESQ. ("*Meyer*") was and is now an attorney licensed to practice in the State of Ohio and also residing in the State of Ohio. Meyer is a director and/or officer of the Meyer Firm.  Additionally, based upon information and belief, at all times relevant to this complaint, acting individually or in concert with others, Meyer has formulated, directed, or controlled the policies, acts, or practices of the Meyer Firm and HBSS, including the acts or practices alleged in this complaint.

5.    At all times herein mentioned, Defendant PATRICK G. WARNER, ESQ. ("*Warner*") was and is now an attorney licensed to practice in the State of Ohio and also residing in the State of Ohio. Warner is a member of the Meyer Firm.  Additionally, based upon information and belief, at all times relevant to this complaint, acting individually or in concert with others, Warner has formulated, directed, or controlled the policies, acts, or practices of the Meyer Firm and HBSS, including the acts or practices alleged in this complaint.

6.    The true names and capacities of defendants sued herein as DOES 1 through 100 (the "*DOE Defendants*") inclusive, are currently unknown to Plaintiff.  Plaintiff is informed and believes and on such information and belief alleges that each of the DOE Defendants is in some manner responsible for the acts, omissions and occurrences hereinafter alleged and that each of the DOE Defendants proximately caused the damages suffered by Plaintiff as herein alleged.

SHERMAN & SALTZMAN LLP
9454 Wilshire Boulevard, Suite #23
Beverly Hills, California 90212

1   Plaintiff will amend this Complaint to set forth the true names and capacities of each of the DOE

2   Defendants when ascertained. Defendants HBSS, the Meyer Firm, Meyer, Warner and the DOE

3   Defendants are sometimes hereinafter collectively referred to as "***Defendants***".

4       7.    Plaintiff is informed and believes and on such information and belief alleges that in

5   acting and omitting to act as hereinafter alleged, each defendant was the agent and employee of

6   every other defendant, acting within the course and scope of said agency and employment, and

7   that each act or omission of each defendant was ratified and approved by every other defendant.

8       8.    Plaintiff is informed and believes and on such information and belief alleges that at all

9   times herein mentioned, the Meyer Firm was and is  now a mere instrumentality through which

10  Meyer conducts his personal financial affairs. Plaintiff is further informed and believes that as

11  between Meyer, on the one hand, and the Meyer Firm, on the other, there is a unity of interest

12  and ownership such that Meyer dominates and controls the affairs of the Meyer Firm. It would

13  sanction fraud and promote injustice to adhere to the fiction of the corporate existence of the

14  Meyer Firm separate and apart from Meyer and Meyer should not be allowed to evade justice by

15  asserting the corporate veil. If the acts alleged herein are treated as those of the corporation

16  defendants alone, an inequitable result will follow.

17      9.    On or about October 5, 2005, Ms. Shelly Coffman, a "consumer claims investigator"

18  with the Meyer Firm, emailed Plaintiff purportedly to solicit Plaintiff's insight and knowledge

19  with regard to problems with the Apple Ipod Nano (the "***Nano***") which was released by Apple on

20  or about September 7, 2005. Plaintiff responded by providing his opinion concerning the alleged

21  problems with the Nano mentioned by Ms. Coffman. Additionally, Plaintiff suggested to Ms.

22  Coffman that the Meyer Firm purchase a Nano and have it tested. On the same date, Ms.

23  Coffman emailed Plaintiff again and inquired as to whether she could speak further with Plaintiff

24  at a later date. At no time did Ms. Coffman state that she worked for a law firm whose sole

25  interest was in filing a class action lawsuit against Apple (the "***class action***"). Plaintiff believed

26  that Ms. Coffman and the Meyer Firm were simply researching the issue.

27  / / /

28  / / /

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 820
Beverly Hills, California 90212

10.   On or about October 7, 2005, Ms. Coffman telephoned Plaintiff.  The alleged purpose of the telephone call was to obtain technical advice regarding the Nano.  However, Ms. Coffman later stated that Defendants were going to file the class action.  In response, Plaintiff specifically told Ms. Coffman that he did not wish to get involved in any public fashion and that his involvement must remain confidential.  Ms. Coffman assured Plaintiff that the technical advice he was providing to her would remain confidential and that his name would not be made public but that an attorney-client agreement would be necessary to continue their discussions.

11.   On or about October 17, 2005, Ms. Coffman emailed Plaintiff an attorney-client agreement and requested that Plaintiff sign and mail it back to her.  Shortly thereafter, Plaintiff emailed Ms. Coffman back and informed her that he was very busy on a project for a client and would not be able to review anything for awhile.  Plaintiff believed that the agreement was simply a form that they needed signed for Defendants to ethically consult with Plaintiff.

12.   On or about October 19, 2005, Defendants filed a class action lawsuit against Apple which named Plaintiff as the lead plaintiff in the action.  The suit was filed without Plaintiff's knowledge, consent or permission.  Moreover, there was no emergency or necessity for filing the complaint on October 19th.  On said date, there was still plenty of time left in the limitations period(s) for Defendants' claims against Apple.

13.   On the same day, Ms. Coffman emailed Plaintiff again to follow-up with regard to the client agreement.  Ms. Coffman did not mention the filing of the class action.  Plaintiff responded that he was still very busy on a project for a client and could not review any of the documents for several more days.

14.   On or about October 21, 2005, Plaintiff received a telephone call from Ms. Coffman who informed him that the law firm handling the class action had erroneously filed a court document alleging that Plaintiff had given the firm authority to represent Plaintiff in the class action and that it was filed without Plaintiff's signature.

/ / /

/ / /

/ / /

15.   During the same telephone conversation, Ms. Coffman and Meyer frantically sought Plaintiff's signature on the attorney-client agreement by any means possible, i.e., fax, .pdf, email, etc.  During the conversation, neither Ms. Coffman nor Meyer mentioned anything about the filing of the class action until after Plaintiff repeatedly demanded the reason for Ms. Coffman and Meyer's urgency with regard to Plaintiff's signing of the agreement.  Ms. Coffman and Meyer then warned Plaintiff that he, his family members, friends and clients should be prepared to receive inquiries from the media.  Plaintiff was shocked and stunned by Ms. Coffman and Meyer's statements.

16.   When Plaintiff returned home on October 21, 2005, Plaintiff received emails from Ms. Coffman which had the alleged attorney-client agreement attached to one and a .pdf file of the filed-stamped class action complaint attached to the other, which showed that it was filed on October 19, 2005.  Thus, the first time that Defendants attempted to enter into a retainer agreement with Plaintiff was two days after the complaint was filed.  After reviewing the complaint and realizing that he was the lead (and only) plaintiff on a class action that he had no idea he was a part of, Plaintiff immediately emailed Ms. Coffman and Meyer and let them know about the damage that they had caused.  Plaintiff informed Ms. Coffman and Meyer that he had already received angry email regarding the class action and inquiries as to whether he was the "Jason Tomczak" named on the class action.

17.   Plaintiff never had any intention or desire to sue Apple.  It was Plaintiff's understanding that his conversations and dealings with Ms. Coffman and Defendants was to stay private, confidential and anonymous.  Moreover, prior to the filing of the class action, Plaintiff had a good professional relationship with executives of Apple.  Defendants were aware of Plaintiff's relationship with Apple and Plaintiff's advocacy of the use of Apple products when they contacted Plaintiff under the false pretense of soliciting Plaintiff's input regarding the Nano.  Defendants capitalized on Plaintiff's good name within the industry and with Apple in that it lent credibility to their class action.

///

///

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 820
Beverly Hills, California 90212

18.   Since the filing of the class action, Plaintiff has received numerous hate mails, has been forced to remove his personal and professional websites from the internet and has been defamed in publications all over the world.  Plaintiff has been named in over 16,000 internet postings and countless national and international press releases covering the class action.  Additionally, Plaintiff's client's have received belligerent inquiries on their corporate web-sites from individuals seeking information regarding Plaintiff's involvement in the class action.

## FIRST CAUSE OF ACTION

### [NEGLIGENCE AGAINST ALL DEFENDANTS]

19.   Plaintiff hereby repeats and incorporates by reference as though fully set forth hereat, each and every and all of the allegations contained in Paragraphs 1 through 18, inclusive, of this Complaint.

20.   Defendants owed a general duty of care to Plaintiff to not expose him to unreasonable harm.  Additionally, as attorneys, Defendants owed a duty of care to not (1) unlawfully solicit business from Plaintiff; (2) make any statements to a prospective client which are false, deceptive, or which tends to confuse, deceive or mislead; (3) omit to state any fact necessary to make the statements made to a prospective client, in the light of the circumstances under which they are made, not misleading; (4) communicate with a prospective client in any manner which involves intrusion, coercion, duress, compulsion, intimidation, threats, or vexatious or harassing conduct.

21.   The conduct of Defendants, and each of them, in soliciting Plaintiff's participation in a class action lawsuit under false pretenses, misleading Plaintiff into believing that he was being contacted for technical and research purposes only, failing to disclose anything about a class action lawsuit until after it was filed and unilaterally naming Plaintiff as the lead and sole plaintiff in the class action, without his consent or knowledge, knowing that it would cause serious emotional and economic harm to Plaintiff, was outrageous, intentional and vile conduct by Defendants, and each of them.

/ / /

/ / /

22.   Defendants took such outrageous actions with the knowledge that those actions would cause Plaintiff to suffer humiliation, anguish and emotional and physical distress. Defendants' conduct was motivated by greed, among other things.

23.   As a direct and proximate result of the aforementioned heinous and outrageous acts by Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, emotional injuries, loss of energy, loss of sleep, severe tension and profound shock and anxiety, all to Plaintiff's general damage in a sum within the jurisdictional requisites of this Court. Plaintiff will ask leave of Court to amend this Complaint at time of trial insert the exact amount of said damages at the time of trial.

24.   As a further direct and proximate result of Defendants' conduct, Plaintiff may be required to employ physicians and therapists to examine, treat and care for him, may incur medical and incidental expenses in connection therewith, and may lose income as a result of his being named as a lead plaintiff in the class action filed by Defendants. The exact amounts thereof are unknown at this time, and leave will be sought to amend these pleadings to set forth the exact amounts when the same are ascertained or proven at time of trial.

## SECOND CAUSE OF ACTION

### [BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS]

25.   Plaintiff hereby repeats and incorporates by reference as though fully set forth hereat, each and every and all of the allegations contained in Paragraphs 1 through 24, inclusive, of this Complaint.

26.   As attorneys, in whom Plaintiff reposed great trust and confidence, Defendants, and each of them, were fiduciaries with respect to Plaintiff and were obligated to keep Plaintiff fully informed as to all matters pertinent to his interest, act honestly and in good faith in all matters relative to Plaintiff, and to refrain from acting or omitting to act in any way adverse to Plaintiff's interest.

/ / /

/ / /

/ / /

27.   In violation of this trust and confidence, Defendants solicited Plaintiff's participation in the class action under false pretenses, mislead Plaintiff into believing that he was being contacted for technical and research purposes only, failed to disclose anything about the class action until after it was filed and unilaterally named Plaintiff as the lead and sole plaintiff in the class action, without his consent or knowledge, knowing that it would cause serious emotional and economic harm to Plaintiff.  Defendants acted in a manner adverse to Plaintiff and against his interests. Defendants did not provide due care and priority to Plaintiff and could not and did not act diligently on behalf of or faithful to Plaintiff's best interest.

28.   The conduct of Defendants, and each of them, in, was outrageous, intentional and vile conduct by Defendants, and each of them.  Defendants took such outrageous actions with the knowledge that those actions would cause Plaintiff to suffer humiliation, anguish and emotional and physical distress.  Defendants' conduct was motivated by greed, among other things.

29.   As a direct and proximate result of the aforementioned heinous and outrageous acts by Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, emotional injuries, loss of energy, loss of sleep, severe tension and profound shock and anxiety, all to Plaintiff's general damage in a sum within the jurisdictional requisites of this Court.  Plaintiff will ask leave of Court to amend this Complaint at time of trial insert the exact amount of said damages at the time of trial.

30.   As a further direct and proximate result of Defendants' conduct, Plaintiff may be required to employ physicians and therapists to examine, treat and care for him, may incur medical and incidental expenses in connection therewith, and may lose income as a result of his being named as a lead plaintiff in the class action filed by Defendants.  The exact amounts thereof are unknown at this time, and leave will be sought to amend these pleadings to set forth the exact amounts when the same are ascertained or proven at time of trial.

31.   In doing these acts, Defendants acted maliciously and without probable cause and without regard for the rights, health and feelings of Plaintiff, and with intent, design, scheme and purpose to profit by injuring Plaintiff, and therefore Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in order to punish them and deter them from such

1    conduct in the future in a sum to be shown at the time of trial.

2                    **THIRD CAUSE OF ACTION**

3             [BREACH OF ORAL CONTRACT AGAINST ALL DEFENDANTS]

4        32.  Plaintiff hereby repeats and incorporates by reference as though set forth at length

5    herein Paragraphs 1 through 31, inclusive, of this Complaint.

6        33.  In exchange for Plaintiff's information and insight regarding problems with the Nano,

7    Defendants orally agreed to keep Plaintiff's name anonymous and not to use Plaintiff's name in

8    any public fashion.

9        34.  Plaintiff provided the information requested by Defendants as promised and performed

10   any and all conditions and/or obligations imposed upon him by the agreement or has otherwise

11   been prevented by Defendants from such performance and/or is excused from performance.

12       35.  On October 19, 2005, Defendants breached the oral contract by naming Plaintiff as the

13   lead plaintiff in the class action.

14       36.  As a direct and proximate result of said breach, Plaintiff has suffered damages in a sum

15   as may be shown according to proof at trial.

16                   **FOURTH CAUSE OF ACTION**

17      [BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ALL

18                            DEFENDANTS]

19       37.  Plaintiff hereby repeats and incorporates by reference as though set forth at length

20   herein Paragraphs 1 through 36, inclusive, of this Complaint.

21       38.  In each and every contract, there is implied by law upon the parties an obligation of

22   good faith and fair dealing, that neither party will engage in conduct for the purpose of denying

23   to the other the benefits of the agreement.

24       39.  Defendants had an affirmative duty under the contract to treat Plaintiff fairly and in a

25   manner consistent with the contract's implied covenant of good faith and fair dealing.

26   / / /

27   / / /

28   / / /

40. Defendants violated the contract's implied covenant of good faith and fair dealing by, among other things,

    A.   Misleading Plaintiff into believing that Defendants were only interested in obtaining information regarding problems with the Nano from Plaintiff;

    B.   Failing to disclose to Plaintiff that Defendants were soliciting Plaintiff to be a plaintiff in a class action lawsuit;

    C.   Failing to disclose the filing of the class action until two days after it was filed;

    D.   Naming Plaintiff as the lead plaintiff in the class action without his consent or knowledge;

    E.   Failing to retract or publicly acknowledge its error in improperly naming Plaintiff as the lead and only plaintiff in the class action; and

    F.   By other acts of bad faith for which Plaintiff is presently unaware, but which will be shown at the time of trial.

41. Plaintiff seeks compensatory damages for the economic losses he has suffered as a proximate result of Defendants' bad faith.

## FIFTH CAUSE OF ACTION

### [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS]

42. Plaintiff repeats and incorporates by reference as though fully set forth hereat, each, every and all of the allegations contained in the preceding Paragraphs 1 through 41, inclusive of this Complaint.

43. The conduct of Defendants, and each of them, in naming Plaintiff as the lead and only Plaintiff in the class action knowing that it would cause Plaintiff emotional and economic harm and causing Plaintiff to be the subject of physical threats, defamatory statements and humiliation, was outrageous, intentional and vile conduct by Defendants, and each of them.

44. Defendants took such outrageous actions with the knowledge that those actions would cause Plaintiff to suffer humiliation, anguish and emotional and physical distress. Defendants' conduct was motivated by greed, among other things.

/ / /

45.   As a direct and proximate result of the aforementioned heinous and outrageous acts by Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, emotional injuries, loss of energy, loss of sleep, severe tension and profound shock and anxiety, all to Plaintiff's general damage in a sum within the jurisdictional requisites of this Court.  Plaintiff will ask leave of Court to amend this Complaint at time of trial insert the exact amount of said damages at the time of trial.

46.   As a further direct and proximate result of Defendants' intentional infliction of emotional distress upon Plaintiff, Plaintiff may be required to employ physicians and therapists to examine, treat and care for him, may incur medical and incidental expenses in connection therewith, and may lose income as a result of being named as the lead plaintiff in the class action by Defendants.  The exact amounts thereof are unknown at this time, and leave will be sought to amend these pleadings to set forth the exact amounts when the same are ascertained or proven at time of trial.

47.   In doing these acts, Defendants acted maliciously and without probable cause and without regard for the rights, health and feelings of Plaintiff, and with intent, design, scheme and purpose to profit by injuring Plaintiff, and therefore Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in order to punish them and deter them from such conduct in the future in a sum to be shown at the time of trial.

## SIXTH CAUSE OF ACTION

### [LIBEL AGAINST ALL DEFENDANTS]

48.   Plaintiff hereby repeats and incorporates by reference as though fully set forth hereat, each and every and all of the allegations contained in Paragraphs 1 through 47, inclusive, of this Complaint.

49.   On or about October 19, 2005, Defendants published the class action by filing it with the United States District Court and distributing it to the media and others.  The complaint in its entirety was false because Plaintiff did not attest to and affirm the allegations made on his behalf contained therein.

/ / /

50.   Some or all of the factual assertions of Defendants contained in the class action, are and were false, known to be false by Defendants when published, and constitute libel on their face, exposing Plaintiff to contempt, ridicule and obloquy and injuring Plaintiff in his profession.

51.   The false allegations were published and circulated by Defendants and republished by them, and each of them, for the purpose of:

(1)   Defendants' monetary gain; and

(2)   Injuring Plaintiff in his profession.

The conduct of Defendants, and each of them, in, was outrageous, intentional and vile conduct by Defendants, and each of them.  Defendants took such outrageous actions with the knowledge that those actions would cause Plaintiff to suffer humiliation, anguish and emotional and physical distress.  Defendants' conduct was motivated by greed, among other things.

52.   As a direct and proximate result of the aforementioned heinous and outrageous acts by Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, emotional injuries, loss of energy, loss of sleep, severe tension and profound shock and anxiety, all to Plaintiff's general damage in a sum within the jurisdictional requisites of this Court.  Plaintiff will ask leave of Court to amend this Complaint at time of trial insert the exact amount of said damages at the time of trial.

53.   As a further direct and proximate result of Defendants' conduct, Plaintiff may be required to employ physicians and therapists to examine, treat and care for him, may incur medical and incidental expenses in connection therewith, and may lose income as a result of his being named as a lead plaintiff in the class action filed by Defendants.  The exact amounts thereof are unknown at this time, and leave will be sought to amend these pleadings to set forth the exact amounts when the same are ascertained or proven at time of trial.

54.   In doing these acts, Defendants acted maliciously and without probable cause and without regard for the rights, health and feelings of Plaintiff, and with intent, design, scheme and purpose to profit by injuring Plaintiff, and therefore Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in order to punish them and deter them from such conduct in the future in a sum to be shown at the time of trial.

## SEVENTH CAUSE OF ACTION

### [ABUSE OF PROCESS AGAINST ALL DEFENDANTS]

55.   Plaintiff hereby repeats and incorporates by reference as though set forth at length hereat, Paragraph 1 through 54, inclusive, of the Complaint.

56.   Defendants willfully used a legal process against Plaintiff to accomplish a purpose it was not designed for.  The filing of complaints is intended to commence a legal action on behalf of a consenting plaintiff.  It is not a proper purpose for lawyers to use the courts as a means of publicity and to attract plaintiffs to class actions which have none to begin with.

57.   Defendants filed the class action for their own benefit and with reckless disregard for the injuries Plaintiff might suffer as a result thereof.  Defendants used and appropriated Plaintiff's name and identity in the filing of the class action, without Plaintiff's knowledge, consent or authorization.  The use of Plaintiff's name was of value to Defendants because it allowed Defendants to use the name of someone within the computer industry who had a good relationship with Apple, and not being forced to use the name of a disgruntled consumer with an axe to grind.  Thus, Plaintiff's name gave greater credibility to the allegations in the class action complaint.  As a result of the filing, Defendants received tremendous publicity and were likely able to acquire more business for themselves.  Accordingly, Defendants had ulterior motives in using and appropriating Plaintiff's name and identity for their class action.

58.   As a direct result of Defendants' abuse of the civil litigation process, Defendants have caused Plaintiff to suffer anxiety, emotional distress and depression stemming from the fear of physical violence against him, all to his damage in a sum as may be shown according to proof.

59.   Defendants' conduct was malicious and despicable and was carried on with a willful and conscious disregard of the rights of others.  Defendants are guilty of oppression, fraud or malice and Plaintiff is entitled to punitive damages for the sake of example and by way of punishing each of the Defendants, in such amount as may be ascertained at trial.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

### [COMMON LAW INVASION OF PRIVACY AGAINST ALL DEFENDANTS]

60.  Plaintiff hereby repeats and incorporates by reference as though set forth at length hereat, Paragraph 1 through 59, inclusive, of the Complaint.

61.  Defendants used and appropriated Plaintiff's name and identity in the filing of its class action, without Plaintiff's knowledge, consent or authorization, and without compensating Plaintiff in any way for the usage.  Specifically, the use of Plaintiff's name was of value to Defendants because it allowed Defendant to use the name of someone within the computer industry who had a good relationship with Apple, and not being forced to use the name of a disgruntled consumer with an axe to grind.  Thus, Plaintiff's name gave greater credibility to the allegations in the class action complaint.

62.  As a direct result of Defendants' unlawful and unauthorized use and exploitation of Plaintiff's name, identity and intentional invasion of privacy, Defendants have caused Plaintiff to suffer anxiety, emotional distress and depression stemming from the fear of physical violence against him, all to his damage in a sum as may be shown according to proof.

63.  Defendants' conduct was malicious and despicable and was carried on with a willful and conscious disregard of the rights of others.  Defendants are guilty of oppression, fraud or malice and Plaintiff is entitled to punitive damages for the sake of example and by way of punishing each of the Defendants, in such amount as may be ascertained at trial.

## NINTH CAUSE OF ACTION

### [VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AGAINST ALL DEFENDANTS]

64.  Plaintiff hereby repeats and incorporates by reference as though set forth at length hereat, Paragraph 1 through 63, inclusive, of the Complaint.

65.  Defendants knowingly and intentionally used Plaintiff's name in their class action complaint for Defendants' advantage and profit.  Specifically, the use of Plaintiff's name was of value to Defendants because it allowed Defendant to use the name of someone within the computer industry who had a good relationship with Apple, and not being forced to use the name of a disgruntled consumer with an axe to grind.  Thus, Plaintiff's name gave greater credibility to

SHERMAN & EASTHAM #00
6454 Wilshire Blvd, Suite 820
Beverly Hills, California 90212

the allegations in the class action complaint.

66.   Defendants did not request nor obtain Plaintiff's consent or authorization before using his name as the lead plaintiff in the class action.

67.   Plaintiff is informed and believes that Defendants profited from their unauthorized use of Plaintiff's name and that Defendants are continuing to do so.  As a direct result of Defendants' unauthorized use of Plaintiff's name, Plaintiff has been damaged in an amount to be proven at trial.

68.   As a direct result of Defendants' unlawful and unauthorized use and exploitation of Plaintiff's name, Defendants have caused Plaintiff to suffer anxiety, emotional distress and depression, and fear of physical violence, all to his damage in a sum as may be shown according to proof.

69.   Defendants' conduct was malicious and despicable and was carried on with a willful and conscious disregard of Plaintiff's rights.  Pursuant to Civil Code § 3344, Plaintiff is entitled to a statutory penalty and exemplary damages for the sake of example and by way of punishing each of the Defendants in an amount to be ascertained at trial.

70.   Plaintiff has employed the law firm of Sherman & Nathanson to prosecute this action and has and will incur costs and attorneys fees in connection therewith.  Plaintiff is informed and believes that he is entitled to an award of attorney's fees should he prevail in this action pursuant to Civil Code § 3344.

## TENTH CAUSE OF ACTION

### [UNFAIR BUSINESS PRACTICES – CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 AGAINST ALL DEFENDANTS]

71.   Plaintiff hereby repeats and incorporates by reference as though fully set forth hereat, each and every and all of the allegations contained in Paragraphs 1 through 70, inclusive, of this Complaint.

/ / /

/ / /

/ / /

72. Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing, and utilizing the business solicitation practices outlined herein. Specifically, Defendants, and each of them, have (1) unlawfully solicited prospective clients; (2) made statements to prospective clients which are false, deceptive, or which tends to confuse, deceive or mislead; (3) failed to state facts necessary to make the statements made to a prospective client, in the light of the circumstances under which they are made, not misleading; (4) communicated with prospective clients in a manner which involves intrusion, coercion, duress, compulsion, intimidation, threats, or vexatious or harassing conduct; and (5) solicit prospective clients under the false pretenses that their solicitation was for purposes of information and research only.

73. The Defendants' practices, as alleged above, are unfair business practices in violation of Section 17200 of the California Business and Professions Code.

74. California consumers have suffered and continue to suffer substantial monetary loss as a result of Defendants' unlawful acts or practices. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest. Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing sales, marketing and business tactics which are illegal in California.

75. Defendants' use of such practices constitute an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors. Plaintiff is informed and believes, and thereon alleges, that Defendants Meyer and Warner actively participated in the unlawful and unfair business practices listed above and/or aided and abetted the Meyer Firm, HBSS and the DOE defendants in perpetrating the unlawful business acts. Plaintiff, on behalf of the general public, seeks full restitution and disgorgement of said monies by Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained herein. Plaintiff further seeks on behalf of the general public, the appointment of a receiver, as necessary

1  to establish the total monetary relief sought from Defendants. Said restitution includes all profits

2  realized as a result of the unfair business practices, including interest thereon. The acts

3  complained of herein occurred, at least in part, within the last four (4) years preceding this

4  Complaint.

5       76. Plaintiff has employed the law firm of Sherman & Nathanson to prosecute this action

6  and has and will incur costs and attorneys fees in connection therewith. Plaintiff is informed and

7  believes that he is entitled to an award of attorney's fees should he prevail in this action pursuant

8  to statute, including, but not limited to, California Code of Civil Procedure Section 1021.5.

9       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

10  follows:

11                      **On the First Cause of Action**

12    1.   For general damages in an amount to be proven at trial;

13    2.   For compensatory damages in an amount to be proven at trial; and

14     **On the Second, Fifth, Sixth, Seventh and Eighth Causes of Action**

15    3.   For general damages in an amount to be proven at trial;

16    4.   For compensatory damages in an amount to be proven at trial; and

17    5.   For punitive damages in an amount to be ascertained at trial.

18             **On the Third and Fourth Causes of Action**

19    6.   For contract damages in an amount to be proven at trial; and

20    7.   For compensatory damages in an amount to be proven at trial.

21                  **On the Ninth Cause of Action**

22    8.   For general damages in an amount to be proven at trial;

23    9.   For compensatory damages in an amount to be proven at trial;

24   10.  For statutory damages pursuant to Civil Code Section 3344;

25   11.  For punitive damages in an amount to be ascertained at trial; and

26   12.  For attorney's fees and costs pursuant to Civil Code Section 3344.

27   / / /

28   / / /

## On the Tenth Cause of Action

13. For an injunction that restrains Defendants from engaging in unfair business practices;

14. For restitution of monies wrongfully obtained by Defendants through their unfair business practices;

15. For disgorgement of profits wrongfully obtained by Defendants through their unfair business practices; and

16. For attorney's fees and costs pursuant to, inter alia, Code of Civil Procedure Section 1021.5.

## On All Causes of Action

17. For costs of suit incurred in connection with this litigation; and

18. For such other relief in favor of Plaintiff that the Court my deem just and proper.

DATED: February 21, 2006          SHERMAN & NATHANSON

By: _____
          RICHARD LLOYD SHERMAN, ESQ.
          CAMERON H. TOTTEN, ESQ.
          Attorneys for Plaintiff
          Jason Tomczak

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*
CAMERON H. TOTTEN, ESQ.
(SBN 180765)
SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 820
Beverly Hills, CA 90212-2929
TELEPHONE NO.: (310) 246-0321 FAX NO.: (310) 246-0305
ATTORNEY FOR *(Name)*: PLAINTIFF JASON TOMCZAK

*FOR COURT USE ONLY*

ORIGINAL
**FILED**
LOS ANGELES SUPERIOR COURT

FEB 2 2 2006

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY
**J. SUNGA, DEPUTY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: CENTRAL DISTRICT

**CASE NAME:** TOMCZAK v. HAGEN, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | BC347824 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[X] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify)*: 10: Negligence; Breach of Fiduciary Duty; Breach of Oral Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Intentional Infliction of Emotional Distress; Libel; Abuse of Process; Common

5. This case [ ] is [X] is not a class action suit. Law Inv. of Priv.; Viol. of Cal. C. § 3344; Violation of Cal. B&P §§ 17200 et Seq.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 21, 2006

CAMERON H. TOTTEN, ESQ.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]
**CIVIL CASE COVER SHEET**
Legal Solutions Plus
Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19



# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

ORIGINAL

| SHORT TITLE: TOMCZAK v. HAGEN, ● al. | CASE NUMBER: BC347824 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [x] DAYS.

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (See Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016 Intellectual Property | 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Approved
CIV 109 03-04
LASC, rule 2.0
Page 2 of 4

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | A6017 Legal Malpractice [X] | 1, 2, 3. |
| | | A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3. |
| | Other (35) | A6025 Other Non-Personal Injury/Property Damage tort | 2, 3. |
| **Employment** | Wrongful Termination (36) | A6037 Wrongful Termination | 1, 2, 3. |
| | Other Employment (15) | A6024 Other Employment Complaint Case | 1, 2, 3. |
| | | A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2, 5. |
| | | A6008 Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2, 5. |
| | | A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5. |
| | | A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5. |
| | Collections (09) | A6002 Collections Case-Seller Plaintiff | 2, 5, 6. |
| | | A6012 Other Promissory Note/Collections Case | 2, 5. |
| | Insurance Coverage (18) | A6015 Insurance Coverage (not complex) | 1, 2, 5, 8. |
| | Other Contract (37) | A6009 Contractual Fraud | 1, 2, 3, 5. |
| | | A6031 Tortious Interference | 1, 2, 3, 5. |
| | | A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | A7300 Eminent Domain/Condemnation Number of parcels ___ | 2. |
| | Wrongful Eviction (33) | A6023 Wrongful Eviction Case | 2, 6. |
| | Other Real Property (26) | A6018 Mortgage Foreclosure | 2, 6. |
| | | A6032 Quiet Title | 2, 6. |
| | | A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6. |
| **Unlawful Detainer** | Unlawful Detainer - Commercial (31) | A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2, 6. |
| | Unlawful Detainer - Residential (32) | A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2, 6. |
| | Unlawful Detainer - Drugs (38) | A6022 Unlawful Detainer-Drugs | 2, 6. |
| **Judicial Review** | Asset Forfeiture (05) | A6108 Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |

SHORT TITLE: TOMCZAK v. HAGEN, et al.

CASE NUMBER

| SHORT TITLE: TOMCZAK v. HAG___ et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership/Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

CIV 109 03-04
LASC Approved
LASC, rule 2.0
Page 4 of 4

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

| SHORT TITLE: TOMCZAK v. HAGEN, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE

ADDRESS: 700 South Flower Street

□1. □2. [X]3. □4. □5. □6. □7. □8. □9. □10.

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 |
|---|---|---|

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES COUNTY courthouse in the CENTRAL District of the Los Angeles Superior Court (Code of Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 2?, 2006

(SIGNATURE OF ATTORNEY/FILING PARTY)
CAMERON H. TOTTEN

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form JC 982.2(b)(1).
4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.