UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | Hon. Patti B. Saris |
| ) | |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*,<br>CIVIL ACTION NO. 06–CV-11337-PBS )<br>)<br>)<br>) | Magistrate Judge Marianne B. Bowler |

# EXHIBIT 2 TO THE UNITED STATES' OPPOSITION TO ABBOTT LABORATORIES INC.'S MOTION TO DISMISS

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
 2
 3
      In re:                          )
 4    PHARMACEUTICAL INDUSTRY         ) CA No. 01-12257-PBS
      AVERAGE WHOLESALE PRICE         ) MDL No. 1456
 5    LITIGATION                      ) Pages 1 - 48
 6
 7
 8                        MOTION HEARING
 9              BEFORE THE HONORABLE PATTI B. SARIS
                     UNITED STATES DISTRICT JUDGE
10
11
12
13
                              United States District Court
                              1 Courthouse Way, Courtroom 19
                              Boston, Massachusetts
15                            October 26, 2006
16
17
18
19
20
21
22
                          LEE A. MARZILLI
23                   CERTIFIED REALTIME REPORTER
                      United States District Court
24                   1 Courthouse Way, Room 3205
                          Boston, MA  02210
25                          (617)345-6787
```

1  resonated.

MR. DALY: They're similar, but in this and the
3  point I want to make is that the people that we're talking
4  about making those pronouncements, making those policies,
5  creating those investigations, creating those reports,
6  telling the Congress that AWP is not the same as actual
7  acquisition cost, in fact it's much, much higher, telling the
8  states that, telling anybody who will listen that those are
9  the facts for forty years, is this plaintiff.
10  THE COURT: But wouldn't that be a statute of
11  limitations issue, when they should have been on notice?
12  MR. DALY: Well, it is a statute of limitations
13  issue. It's a causation issue. It's a scienterless issue.
It's all those things.
15  THE COURT: Right, I agree with that, but how do I
16  do that on a motion to dismiss?
17  MR. DALY: There's no falsity is where this goes.
18  This is where I want to take it anyway.
19  THE COURT: All right, you make your argument.
20  I'll let you go.
21  MR. DALY: I just want to put the claim in
22  context. What we've got, Judge, they allege a 1,000 percent
23  spread, and what I've done here is created an illustration of
24  a 1,000 percent spread. We've got one of Abbott's drugs, the
25  AWP is 10. The average sale price is a dollar, and Abbott's

1   profit on that is about 10 cents.  We're getting sued for the
    $9 here.  The $9 is the $9 that goes to the providers.
3           The damages that the government is seeking is three
4   times that, $27.  The spread between what Abbott makes of
5   10 cents and the damages being sought by the government is
6   27,000 percent, if anybody wants to do the math.
7           This is what the lawsuit is about, this spread,
8   this money that went to the providers only, not to Abbott,
9   not to anybody else.  The providers aren't here.  They're not
10  being sued.  Abbott is being sued and other manufacturers are
11  being sued in the other cases for the $9 that went to the
12  provider.  And I'm not going to go through all of the stuff
13  we gave you in the big binder.  I mean, we have evidence of
    not government knowledge but government policy.
15          THE COURT:  The big binder in the big case?
16          MR. DALY:  That accompanied our motion to dismiss.
17  We have about 31 exhibits, I think we gave you, some of
18  which, I grant you, you've seen before.  I just want to talk
19  about a couple of them.
20          In 1990 -- this is the beginning of the period that
21  the government is suing us for -- the states were talking
22  about reducing pharmacy reimbursements, reducing the level of
23  reimbursements under their Medicaid program.  They went to
24  Congress with that.  Congress says "no."  It passes OBRA,
25  which I think the Court has seen in other contexts, the