UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06–CV-11337-PBS ) ) ) ) | Magistrate Judge Marianne B. Bowler |

# EXHIBIT 6 TO THE UNITED STATES'OPPOSITION TO ABBOTT LABORATORIES INC.'S MOTION TO DISMISS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** ) ) ) ) ) | |
| **THIS DOCUMENT RELATES TO:** ) ) City of New York et al v. Abbott ) Laboratories, et al. ) Civ. Action No. 04-cv-06054, et al. ) ) County of Nassau v. Abbott ) Laboratories, et al. ) Civ. Action No. 05-cv-10179 ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS |

<u>ORDER</u>

July 30, 2007

Saris, U.S.D.J.

Defendant pharmaceutical manufacturers have filed a renewed motion to dismiss plaintiff New York Counties' First Amended Consolidated Complaint ("FACC"), which plaintiffs amended in response to this Court's April 2, 2007 memorandum and order allowing-in-part and denying-in-part defendants' first motion to dismiss.  See <u>City of New York v. Abbott Labs.</u>, No. 01-cv-12257, 2007 WL 1051642 (D. Mass. April 2, 2007).  The background to this motion was set out in detail in the Court's first Order, and will not be repeated here.  After a hearing and review of the briefs, the Court **ALLOWS-IN-PART** and **DENIES-IN-PART** defendants' motion to dismiss.

1.  The Court **ALLOWS** defendants' motion to dismiss all new drugs

       not listed in the initial Consolidated Complaint or Nassau County Complaint and attached exhibits.  Defendants' motion is **DENIED** with respect to new NDC's and spreads pleaded in the FACC for the remaining drugs.

2. The Court **DENIES** defendants' motion to dismiss all Physician Administered Drugs.  The plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for these drugs on the basis of false or inflated Average Wholesale Prices submitted by defendants.

3. The Court **DENIES** defendants' motion to dismiss drugs subject to a Federal Upper Limit ("FUL").  Defendants argue that plaintiffs have not adequately alleged that defendants' submission of false or inflated published prices caused the Counties to overpay for drugs reimbursed through the state Medicaid program.  (See Br. of the United States on the Federal Upper Limit, Docket No. 4413.)  Under the terms of the applicable regulations, 42 C.F.R. § 447.332(a)(1)(ii), plaintiffs must allege that defendants submitted false or inflated published prices which, if truthful, would likely have affected the FUL.  The plaintiffs and defendants shall each select five drugs subject to FUL reimbursement.  Plaintiffs shall specifically make allegations with false published prices on those ten drugs.  Discovery shall proceed on those FUL drugs only.  The Court will address the plaintiffs' FUL claims as to those drugs on summary judgment with expert assistance and a more complete record.

4. The Court **DENIES** defendants' motion to dismiss all drugs for which plaintiffs have alleged a spread of 20-25%.  However, discovery is stayed for all drugs with spreads lower than 30% until such time as the plaintiffs submit an expert affidavit providing a good faith basis for a 20-25% spread threshold.

5. Plaintiffs may not calculate the Actual Acquisition Cost of drugs at $0.01.  Plaintiffs shall allege a weighted average, or typical, price for each drug calculated on a reasonable, good faith basis consistent with this Court's prior opinions.  See, e.g., City of New York, No. 01-cv-12257, 2007 WL 1051642, at 15, n.8; Memorandum and Order, Docket No. 1482 (April 8, 2005).  The Plaintiffs shall file an amended exhibit.  I need not address the defendants' argument that plaintiffs are not using the appropriate classes of trade at this stage of the litigation.

                                                **S/PATTI B. SARIS**

                          United States District Judge