# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | Hon. Patti B. Saris |
| *United States of America, ex rel.* )<br>*Ven-a-Care of the Florida Keys, Inc.,* )<br> *v. Abbott Laboratories, Inc.,* )<br>CIVIL ACTION NO. 06-CV-11337-PBS ) | Chief Magistrate Judge<br>Marianne B. Bowler |

## RELATOR'S OPPOSITION TO ABBOTT LABORATORIES, INC.'S MOTION TO DISMISS OR PARTIALLY DISMISS THE UNITED STATES' FIRST AMENDED COMPLAINT

The Relator, Ven-A-Care of the Florida Keys, Inc., ("the Relator"), on its behalf

and for the benefit of the United States of America, through its undersigned counsel,

respectfully joins in the United States' Opposition to Abbott Laboratories, Inc.'s Motion

to Dismiss or Partially Dismiss the United States' First Amended Complaint and files

this its Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss

the United States' First Amended Complaint and in support states as follows:

## I.  PROCEDURAL BACKGROUND

On June 23, 1995, Ven-A-Care filed this *qui tam* action under seal in the

Southern District of Florida (the "Original Complaint").  The Original Complaint alleged

claims against Abbott, as well as other drug manufacturers, for reporting false and

fraudulent price and cost information for numerous drugs, causing inflated Medicare

and Medicaid reimbursement.  On March 28, 1997, Ven-A-Care began the process of

dismissing Abbott from its complaint.  However, this process was not completed..  The claims were not dismissed, however, because the Government did not consent to the dismissal and the Court did not enter an order on the dismissal as required by 31 USC § 3730(b)(1).  On August 12, 1997, Ven-A-Care filed its Second Amended Complaint re-asserting its same claims against Abbott.  The Second Amended Complaint specified fraudulent conduct by Abbott not only as to the NDCs in the Original Complaint, but also as to other NDC numbers not in the Original Complaint.  Thereafter, the Relator amended its complaint two more times and identified Abbott drugs, by NDC number, each time.  The Fourth Amended Complaint, the last complaint filed under seal with respect to the Abbott claims, contained specific factual allegations regarding Abbott's price reporting fraud with respect to a more expansive group of NDC numbers. Importantly, Ven-A-Care's Original and amended complaints against Abbott each allege the same claims that Abbott violated the False Claims Act through its inflated reports of prices for products of its HPD division.

On March 17, 2006 the United States intervened and filed its complaint against Abbott and brought the same claims the Relator had, to wit that Abbott violated the False Claims Act through its inflated price reports for products of its HPD division.[1]  The Government complaint included factual allegations for 44 NDC numbers listed in the Relator's Fourth Amended Complaint.  The Relator filed a Motion for Leave to Amend

---

[1] After the United States' intervention and the unsealing of this action, Abbott was served with redacted copies of the Relator's Original Complaint and all amended complaints filed under seal in the *qui tam* action.  Therefore, Abbott received notice of the claims and factual allegations made by the Relator in those sealed complaints including the factual allegations regarding Acyclovir.

Complaint Adopting U.S. Intervention Complaint and the Court granted the Motion on May 24, 2006.

The United States filed its First Amended Intervention Complaint on June 4, 2007, adding specific factual allegations regarding the drug Acyclovir and Abbott's home infusion pharmacy business.  Again, Ven-A-Care moved to amend its complaint to adopt the United States' Complaint and the Court granted the Motion.

## II.  ARGUMENT

A.     Actions of the Relator Cannot Prejudice the United States

Abbott argues in its Motion to Dismiss that actions of the Relator prevent the Government from amending its case by right pursuant to Rule 15(a) and prejudices the Government from pursing its case related to the drug Acyclovir.  As stated in the United States' Opposition, the Relator and the United States are separate parties with separate interests, as demonstrated in the provisions of the *qui tam* provisions of the False Claims Act.[2]   The *qui tam* provisions of the False Claims Act (the "Statute") specify that the Government cannot be bound by an act of the relator.  31 U.S.C. §3730(c)(1).  The United States, therefore, is allowed under the Statute to exercise its rights to amend its pleadings regardless of previous filings by the Relator.[3]

---

[2]This Court has correctly stated that for purposes of Rule 15(c)(1), the United States' Complaint "should be treated as an amended complaint that relates back to the Relator's Original Complaint".  However, the Court did not conclude that the Relator and the United States should be fused as one party.

[3]Clearly, this case has not reached the point where the United States should be precluded from further amendment.

B.    The Omission of Specific Facts Related to the Drug Acyclovir In the United
      States' Initial Complaint and the Relator's Adoption of that Complaint Does Not
      Amount to a Dismissal or Abandonment of Any Claim

Abbott argues that the drug Acyclovir was "dismissed" by the Relator because

the Relator adopted the United States' Complaint and because of the United States'

declination.  No claims were dismissed.  First, the Relator can not prejudice the United

States.  31 U.S.C. §3730(c)(1).   Secondly once a Relator brings an action and files it

under seal pursuant to the procedure outlined in the Statute, the *qui tam* action may

only be dismissed if the court and the Attorney General give written consent to the

dismissal and their reasons for consenting.  31 U.S.C. §3730(b)(1).   Likewise, the

Government's declination is not tantamount to a consent to a dismissal, and the Court's

orders relating to the declination are not tantamount to the Court's consent to a

dismissal.  A declination does not have the same effect as a dismissal, voluntary or

otherwise.  As the Government states, declinations are not "commentary on the merits"

of a case.  The Statute shows that a declination is not tantamount to a dismissal in that

it specifically provides that a relator may proceed with a declined case and the

Government retains the right to intervene on that declined case at a later date, for good

cause.  31 U.S.C. §3730(c)(3).  Thus, the Relator's choice to conform its pleadings with

the Government's pleadings did not "dismiss" any claims and did not prejudice the

Government from amending its claims.

Finally, the omission of Acyclovir in the Government's initial Complaint did not

dismiss claims related to that drug when the Relator adopted the Government's action.

Abbott has contorted the rules of civil procedure regarding pleading with particularity,

relation back of amendments and leave to amend a complaint to argue that the

4

Relator's complaint adopting the United States' complaints somehow superseded previous complaints and therefore claims have been dismissed.[4]  The United States' Action alleged the same fraudulent conduct alleged in all of the Relator's Complaints, and therefore no claims related to that fraudulent conduct were dismissed.  The United States' Complaint listed specific facts related to specific NDC numbers, whereas the Relator's Fourth Amended Complaint listed facts related to a broader group of NDC numbers.  The specific facts relating to particular drugs, including drug lists and data related to drug prices, were pleaded in an effort to meet the requirements of Federal Rule of Civil Procedure 9(b).

The purpose of Rule 9(b) is to ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of and to eliminate complaints filed as a pretext for discovery of unknown wrongdoings.  *In Re: Eagle Building Technologies, Inc., Securities Litigation,* 221 F.R.D. 582, 2004 U.S. Dist. Lexis 10583, **6 (S.D. Fla. April 14, 2004).  Rule 9(b) does not limit claims to the specific facts alleged.  Both the Relator's Fourth Amended Complaint and the United States' Complaint allege and involve the same fraudulent conduct, the same defendant, same division (HPD), same people and same time frame.  The facts related to the remaining NDC numbers were not dismissed or abandoned, because the omission of facts in a pleading does not necessarily amount to a dismissal of a claim.

_____

[4]The complaints filed by the United States in this action allege the same fraudulent scheme alleged in the Relator's Original Complaint and amended complaints filed under seal in this action.  The Court has already determined that the FCA claims in the Government's complaint-in-intervention relate back to the relator's qui tam complaint pursuant to Fed. R. Civ. P. 15(c)(1).  *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 2007 WL 2058731 at *5-7.

5

A comparison of the effect of amendments to a simple negligence case with the effect of amendments in a fraud case may be instructive.

Scenario 1/Negligence:
In a negligence case the original complaint alleges the defendant is negligent because his car hit the plaintiff's car as a result of failing to properly maintain the car--specifically the breaks were bad.

The first amended complaint alleges the defendant is negligent because his car hit the plaintiff's car as a result of failing to properly maintain it-- specifically the tires were bad.

Then the second amended complaint alleges the defendant was negligent because his car hit the plaintiff's car as a result of failing to properly maintain it-- specifically the tires AND brakes were bad.

Scenario 2/Fraud:
In a fraud case, the original complaint alleges the defendant defrauded the plaintiff out of $1000 by inflating prices on various drugs including A, B and C.

The first amended complaint alleges the defendant defrauded the plaintiff out of $1000 by inflating prices on various drugs including A and C.

The second amended complaint alleges the defendant defrauded the plaintiff out of $1000 by inflating prices on various drugs including A and B.

The above example demonstrates the important difference between factual allegations and claims.  Under the negligence scenario, the specific facts about the tires and the brakes may have been mere surplusage because Rule 9(b)'s particularity requirements do not apply.  However, the factual allegations certainly increase the degree of notice that the defendant is provided and the allegations may change as discovery in the cases progresses.  The fraud scenario, likewise, demonstrates the difference between allegations of particular facts and the claim itself.  Since Rule 9(b) applies, the allegations about the specific drugs in the fraud scenario are not mere surplusage.

6

The distinction between a "claim" and a "factual allegation" is an important distinction. Complaints asserting claims for fraud are written with an emphasis on the fraudulent practice or scheme using specific "for examples" to comply with Rule 9(b). However, omitting one of the "for example" specifics does not mean that the plaintiff dismissed or abandoned the claim that the defendant committed fraud.

If claims are abandoned or not re-pleaded in an amended pleading, then they are dismissed. *Crysen/Montenay Energy co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (stating that an amended pleading ordinarily supersedes the original and renders it of no legal effect.)  However, in all the complaints in this action, filed by the United States or the Relator, the parties have alleged the same fraudulent conduct:  that Abbott caused false claims for the HPD drugs by inflating price reports.  During the process of amending pleadings, the Rule 9(b) particularity factual allegations may change but the claims have remained.

The Acyclovir factual allegations, in particular, are proper amendments to the United States' Action because the factual allegations demonstrate the same conduct originally alleged by the Relator in its Original Complaint and subsequent amended complaints.  The allegations of Abbott's fraudulent scheme have always been present in all the Complaints filed by the United States and the Relator.  By adopting the Government's Action, the Relator merely joined in the factual allegations the Government chose to plead to meet the requirements of Rule 9(b).  However, the Relator's Fourth Amended Complaint and the Government's initial Complaint both allege the same conduct and fraudulent scheme.  Dropping facts from a pleading does not amount to a dismissal of a cause of action.  Claims are not "abandoned" when re-

stated or re-incorporated in a subsequent pleading. *See, Zousmer v. Canadian Pacific Air Lines*, Ltd., 307 F. Supp. 892, 896 (S.D. NY December 19, 1969)( quoting 71 C.J.S. Pleading §321(a), at 718(1951): "[An] amended pleading does not supersede the original pleading where it is evident that it is not designed as a substitute therefor or intended to take its place, as where it refers to its allegations, or expressly reaffirms them, or merely elaborates certain of them, or merely augments the original pleading by additional allegations, and in such cases the original pleading and the amendment are to be construed together."); *See also*, 71 C.J.S. Pleading § 455 (June 2000).   At most, the addition of Acyclovir to the United States' amended complaint is an augmentation of the allegations of the same conduct that has been present in all the complaints filed by either the Relator or the United States.

### III.  CONCLUSION

Although the Relator and the United States are jointly prosecuting this action against Abbott, they are separate parties with potentially separate interests.  The Statute provides that the Relator's actions cannot prejudice the Government's case. With respect to the claims at issue, the Relator has chosen to join with the Government's prosecution.  That choice has not amounted to a dismissal of any of the claims pursued in this action.  The same fraudulent scheme is alleged throughout the complaints filed by the United States and the Relator in this Action.  Some factual allegations such as drug lists or data have been modified or augmented in amended pleadings, but claims have not been dismissed.  Therefore, the Relator joins with the

United States in requesting that this Court deny Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint.

Respectfully submitted,

For the Relator, Ven-a-Care of the Florida Keys, Inc.,

 **/s/ Alison W. Simon**

James. J. Breen
Alison W. Simon
The Breen Law Firm
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com

Sherrie R. Savett
Susan Schneider Thomas
Gary L. Azorsky
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Jonathan Shapiro
Stern, Shapiro, Weissberg &
Grain LLP
90 Canal Street
Boston, MA 02114-5800
Tel: (617) 742-5800
Fax: (617) 742-5858

Dated: August 24, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day caused an electronic copy of the above Relator's Motion to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: August 24, 2007

**/s/ Alison W. Simon**

10