UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | 
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* CIVIL ACTION NO. 05-11084-PBS | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
DEY DEFENDANTS' MOTION TO AMEND THE COURT'S JULY 17, 2007
MEMORANDUM AND ORDER TO INCLUDE A CERTIFICATION OF AN
IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

**PRELIMINARY STATEMENT**

The Dey defendants ("Dey") seek certification for interlocutory review of two holdings set forth in the Court's denial of Dey's motion to dismiss. This Court held that for statute of limitations purposes, the filing of the relator's complaint commences an action under the False Claims Act ("FCA"), and the United States' complaint may relate back to the relator's complaint under Rule 15(c)(1) of the Federal Rules of Civil Procedure. Interlocutory review is not warranted here because there is not a "substantial ground for difference of opinion" with respect to either of these issues. Moreover, as even Dey admits, appellate review of the denial of its motion to dismiss will not dispose of this case. Thus, there is no basis for certification under 28 U.S.C. § 1292(b).

**ARGUMENT**

Section 1292(b) permits a district court judge to certify an order for immediate appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

The First Circuit has consistently hewed to a narrow interpretation of the statutory criteria. "Only rare cases will qualify for the statutory anodyne; indeed, it is apodictic in this circuit that interlocutory certification of this sort 'should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 (1st Cir. 1988) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *see also Lane v. First Nat'l Bank of Boston*, 871

1

F.2d 166, 175 (1st Cir. 1989) ("Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored; they are wholly discretionary and should be entertained but sparingly."). Although the *San Juan* court granted interlocutory appeal, the First Circuit made clear that its decision should not be viewed as opening the floodgates to such appeals: "[W]e warn the parties and the district court that, in this case and any others, we will hew carefully to the *McGillicuddy* line-for we continue to believe that the instances where section 1292(b) may appropriately be utilized will, realistically, be few and far between." 859 F.2d at 1010.

Consistent with the second prong of the test which focuses upon hastening termination of the litigation, appeals from denials of motions to dismiss, such as that presented here, are particularly disfavored. "We wish to point out that we would not normally allow an appeal from a denial of a motion to dismiss, and with the benefit of hindsight, we admit our error in doing so in this case." *McGillicuddy v. Clements*, 746 F.2d at 77, n.1. The First Circuit precedent cited by Dey in attempting to overcome this presumption does not lead to any different conclusion. As noted above, the First Circuit did not intend its decision in *San Juan* to eviscerate the finality requirement and clearly viewed the circumstances of that case as highly unique. As to the court's decision in *Natale v. Pfizer, Inc.*, 424 F.3d 43 (1st Cir. 2005), the issue on appeal went to whether there would be a federal trial of the case, or whether it was properly remanded to state court. The First Circuit's decision upheld the remand to state court, effectively ending the federal litigation.

> A. **There Is Not Substantial Ground for Difference of Opinion Regarding Either Issue Raised by Dey**

Dey's first issue is whether the filing of the relator's complaint commences an action

2

under the FCA for statute of limitations purposes.  The Court correctly held, consistent with the Federal Rules of Civil Procedure, that the filing of the relator's complaint initiated the action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996) ("filing a complaint suffices to satisfy the statute of limitations"), *citing West v. Conrail*, 481 U.S. 35, 39 (1987).  The Court further correctly held that the lack of immediate service of the complaint does not vitiate the significance of the filing of the complaint.  Notably, every court to consider this issue since the Second Circuit's opinion in *United States v. The Baylor Univ. Med. Ctr.,* 469 F.3d 263 (2nd Cir. 2006), has agreed with this Court's ruling on these two points.  The defendants can point to no contrary authority.

As the Court recognized in its decision, the FCA's *qui tam* provisions clearly set forth a procedure whereby a relator initiates an FCA action by filing a complaint under seal.  The FCA authorizes a *qui tam* relator to "bring" an FCA suit on the government's behalf.  31 U.S.C. § 3730(b)(1).  The relator commences his *qui tam* suit by filing his complaint and then serving a copy of the complaint and written disclosure on the government in accordance with Fed. R. Civ. P. 4.  31 U.S.C. § 3730(b)(2).  The FCA further provides that the complaint remain under seal and not be served on the defendant during this time.  *Id*. at § 3730(b)(2) - (4) ("[t]he complaint shall be filed *in camera*, shall remain under seal for at least 60 days, and *shall not be served on the defendant until the court so orders*.") (emphasis added).  Section 3730(b)(4) of the FCA goes on to state:

> Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—
> (A) proceed with the action, in which case the action shall be conducted by the

>     Government; or
>         (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

*Id*. at § 3730(b)(4).  If the government decides to intervene, the government is joining in the relator's action and then conducting that pre-existing action.  *See* 31 U.S.C. § 3730(c)(1) ("If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action . . .").

Considerable precedent in both declined and intervened cases supports this Court's conclusion that the filing of the relator's complaint commences an action under the FCA for purposes of the statute of limitations.  *See*, *e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 474 F. Supp. 2d 75, 89 (D.D.C. 2007) (time period covered by the FCA statute of limitations is measured against date of filing of relator's complaint); *United States ex rel. Finney v. Nextwave Telecom, Inc.*, 337 B.R. 479, 486 (S.D.N.Y. 2006) (relator's complaint was time-barred because filed almost eight years after claims at issue); *United States ex rel. Drake v. Norden Systems, Inc.*, 2000 WL 1336497 (D. Conn. Aug. 24, 2000) (relator could only pursue claims submitted within six years of date of filing of relator's complaint).  The case law has reached the same result where the United States intervenes in a relator's complaint.  *See Miller v. Holzmann*, 2006 WL 568722  (D.D.C. Mar. 9, 2006) (filing of FCA relator's complaint tolls statute of limitations); *United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160, 1170-72 (D. N.M. 2000) ("the limitations provisions of Section 3731 [of the FCA] are referring to the relator's initial act of filing the civil action, not to the later date when the complaint is unsealed"); *United States ex rel. Goodstein v. McLaren Reg'l Med. Ctr.*, No. 97-CV-72992, 2001 U.S. Dist. LEXIS 2917 at *12 (E.D. Mich. Jan. 1, 2001) (FCA suit

commences for statute of limitations purposes when relator's complaint is filed); *see also* S. Rep. 99-435, 1986 U.S.C.C.A.N. 5266 at 5289 (filing of relator's *qui tam* complaint was intended to "start the judicial wheels in motion").

The second question -- whether the United States' complaint may relate back to the relator's sealed complaint pursuant to Rule 15(c)(1) for statute of limitations purposes -- also does not present a controlling question of law as to which there is substantial ground for difference of opinion. First, the Court's decision here does not conflict with the Second Circuit's decision in *Baylor*. The *Baylor* court held that a complaint-in-intervention by the United States in a *qui tam* suit was time-barred because it did not, under Rule 15(c)(2), relate back to the date of the original complaint by the relator. Even the *Baylor* decision, however, recognizes the likelihood of relation back being imbedded in the FCA. *See Baylor*, 469 F.3d at 270 ("There is a colorable argument that the FCA implicitly 'permit[s]' a form of relation back that dispenses with the requirement of notice" pursuant to Fed. R. Civ. P. 15(c)(1)). Because the Second Circuit determined that this argument had not been raised in that case, it decided not to address the point and did not resolve this issue. *Id.*

By contrast, this Court chose to address that very point and held that relation back was permitted under Fed. R. Civ. P. 15(c)(1)). The district court decisions which have followed *Baylor* properly treat the decision as narrow and unique – considering only whether the government's complaint in intervention may relate back under Rule 15(c)(2) and where the relator's original complaint was apparently defective. *See United States ex rel. Miller v. Harbert Int'l Const., Inc.*, 2007 WL 851855 (March 14, 2007 D.D.C.); *United States ex rel. Parikh v. Premera Blue Cross*, 2007 WL 1031724 (W.D. Wash. April 3, 2007); *United States ex rel.*

*Kaplan v. Metropolitan Ambulance & First-Aid Corp.*, No. 00-Civ. 3010 (ERK) (JMA) (E.D.N.Y. July 5, 2007). While the underlying reasoning may differ, all of these courts permitted either the United States (in intervened cases) or relator (in a declined case) to proceed with the action, with the critical date for statute of limitations purposes being the date relator's complaint was filed. Finally, as the district court in the *Kaplan* case pointed out, "this result is consistent with the language of the Supreme Court" in the *Rockwell* decision where the Supreme Court described as "common sense" its holding that the United States' claims could proceed even if the relator's complaint upon which the action was originally based was dismissed for lack of jurisdiction. *Rockwell Int'l Corp. v. United States ex rel. Stone*, __ U.S. __, 127 S. Ct. 1397, 1411 (2007).

In sum, neither of the two issues raised by Dey represents the type of "difficult and pivotal" legal dispute appropriate for early resolution by the First Circuit.

### B. Resolution of Defendants' Challenge to the Court's Opinion Will Not Materially Advance the Ultimate Termination of the Litigation

As even Dey acknowledges, the resolution of this issue in Dey's favor will not end this case. Even if the First Circuit reversed this Court's decision and held that the filing of the relator's complaint did not toll the statute of limitations, and the United States' complaint did not relate back, the United States would still be free to pursue six years' worth of false claims submitted for Dey's drugs. Alternatively, if the First Circuit reversed only on the second issue of the United States' ability to relate back, relator would be permitted to pursue the full panoply of claims. Under either scenario, the district court would have to conduct a trial to resolve the very same issues of liability and damages that are present under the Court's current ruling.

6

Resolution, therefore, will not materially advance the ultimate termination of this litigation.[1]

Dey also argues that guidance from the First Circuit will advance the termination of the two companion FCA cases against Abbott and Roxane. Dey is wrong for the same reasons cited above: the United States and/or relator would still have significant claims remaining against both defendants and the resultant trials would not be significantly limited in any way. With respect to other district courts requiring guidance, it is clear from recent district court decisions regarding statute of limitations issues that there is sufficient case law to enable district courts to resolve these issues without resort to a premature appellate process.

## **CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that the Court deny the defendants' motion to amend the Court's order to include a certification of an immediate appeal.

    Respectfully submitted,

    PETER D. KEISLER
    ASSISTANT ATTORNEY GENERAL

    MICHAEL J. SULLIVAN
    UNITED STATES ATTORNEY

---

[1] The United States also notes that in response to Abbott's most recent motion to dismiss, the United States has provided the Court with additional briefing to support a reconsideration of the Court's finding that common law claims do not relate back under Rule 15(c)(1).

By: _____
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272


/s/ Laurie A. Oberembt
JOYCE R. BRANDA
DANIEL R. ANDERSON
JOHN K. NEAL
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 514-3345

Dated: August 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above "MEMORANDUM IN OPPOSITION TO DEY DEFENDANTS' MOTION TO AMEND THE COURT'S JULY 17, 2007 MEMORANDUM AND ORDER TO INCLUDE A CERTIFICATION OF AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: August 31, 2007                                              /s/ Laurie A. Oberembt
                                                                    Laurie A. Oberembt