**SUMMARY OF STATE UNFAIR TRADE PRACTICE LAW**

# EXHIBIT A

# TABLE OF CONTENTS

ARIZONA ............................................................................................................................. 1

ARKANSAS .......................................................................................................................... 3

CALIFORNIA ....................................................................................................................... 5

COLORADO ........................................................................................................................ 10

CONNECTICUT .................................................................................................................. 13

DELAWARE ........................................................................................................................ 16

DISTRICT OF COLUMBIA ................................................................................................ 19

FLORIDA ............................................................................................................................. 22

HAWAII ............................................................................................................................... 24

IDAHO ................................................................................................................................. 26

ILLINOIS ............................................................................................................................. 29

INDIANA ............................................................................................................................. 32

KANSAS .............................................................................................................................. 34

MARYLAND ....................................................................................................................... 37

MASSACHUSETTS ............................................................................................................ 41

MICHIGAN .......................................................................................................................... 48

MINNESOTA ....................................................................................................................... 50

MISSOURI ........................................................................................................................... 52

NEBRASKA ......................................................................................................................... 56

NEVADA .............................................................................................................................. 58

NEW HAMPSHIRE ............................................................................................................. 60

NEW MEXICO .................................................................................................................... 65

NEW YORK ......................................................................................................................... 68

NORTH CAROLINA ........................................................................................................... 70

NORTH DAKOTA ..........................................................................................................72

OHIO.........................................................................................................................74

OKLAHOMA .............................................................................................................75

OREGON ...................................................................................................................77

PENNSYLVANIA ......................................................................................................80

RHODE ISLAND .......................................................................................................82

SOUTH CAROLINA ..................................................................................................84

SOUTH DAKOTA .....................................................................................................86

TENNESSEE .............................................................................................................88

TEXAS ......................................................................................................................91

UTAH ........................................................................................................................94

VERMONT.................................................................................................................95

WASHINGTON .........................................................................................................97

WEST VIRGINIA ......................................................................................................99

WISCONSIN ............................................................................................................101

WYOMING ..............................................................................................................103

001534-16  159888 V1

# ARIZONA

## A.    Relevant Prohibitions

The Arizona Consumer Fraud Act ("CFA") provides that "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, . . . misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  ARIZ. REV. STAT. § 44-1522(A).

"Advertisement" includes "the attempt by publication, dissemination, solicitation or circulation, oral or written, to induce directly or indirectly any person to enter into any obligation or acquire any title or interest in any merchandise."  ARIZ. REV. STAT. § 44-1521(1).

"Merchandise" means "any objects, wares, goods, commodities, intangibles, real estate, or services."  ARIZ. REV. STAT. § 44-1521(5).

"Person" includes a corporation.  ARIZ. REV. STAT. § 44-1521(6).

"Sale" means "any sale, offer for sale, or attempt to sell any merchandise for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale."  ARIZ. REV. STAT. § 44-1521(7).

The CFA is a broadly drafted remedial provision designed to eliminate unlawful practices, *Madsen v. Western Am. Mortgage Co.*, 694 P.2d 1228, 1232 (Ariz. 1985), and in interpreting the CFA, courts are to be guided by interpretations given by the Federal Trade Commission and federal courts to the FTC Act.  ARIZ. REV. STAT. § 44-1522(C).

> The term "deceptive"… include[s] representations that have a "tendency and capacity" to convey misleading impressions to consumers even though interpretations that would not be misleading also are possible. . . .  The meaning and impression are to be taken from all that is reasonably implied, not just from what

> is said, . . . and in evaluating the representations, the test is whether the least sophisticated reader would be misled. . . .  Technical correctness of the representations is irrelevant if the capacity to mislead is found.

*Madsen*, 694 P.2d at 1232.

The CFA appears to have a reliance requirement, although it is not stringent:  "Damage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable."  *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992).

**B.      Causation/Damages**

Actual damages suffered as a result of the unlawful act or practice are recoverable. *Holeman*, 803 F. Supp. at 242.  Punitive damages are awardable under the CFA where the defendant's conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others.  *Id.*

**C.      Statute Of Limitations**

The statute of limitations is one year "after the cause of action accrues."  ARIZ. REV. STAT. § 12-541(5) (one year limitation "[u]pon a liability created by statute, other than a penalty or forfeiture"); *Murry v. Western Am. Mortgage*, 604 P.2d 651, 654 (Ariz. Ct. App. 1979).  The discovery rule applies and does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should have known the facts underlying the cause.  *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995).

# ARKANSAS

## A.    Relevant Prohibitions

The Arkansas Deceptive Trade Practices Act ("DTPA") prohibits "[d]eceptive and unconscionable trade practices," which include but are not limited to a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]"  ARK. CODE ANN. § 4-88-107(a)(10).

"An 'unconscionable' act is an act that 'affronts the sense of justice, decency, or reasonableness." *Baptist Health v. Murphy*, 2006 Ark. Lexis 58, at *22-23 & n. 6 (Ark. Feb. 2, 2006).  The DTPA does not define "business," "commerce," or "trade."

Although Arkansas courts have not construed the meaning of "deceptive," the DTPA is to be liberally construed to protect consumers. *State ex rel. Bryant v. R&A Inv. Co.*, 985 S.W.2d 299, 302-03 (Ark. 1999).  There is no scienter or intent to deceive requirement associated with § 4-88-107(a)(10).

The DTPA also prohibits the following when utilized in connection with the sale or advertisement of any goods:  "(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission."  ARK. CODE ANN. § 4-88-108.  "Goods" means "any tangible property, coupons, or certificates, whether bought or leased."  ARK. CODE ANN. § 4-88-102(4).  "Person" includes a corporation.  ARK. CODE ANN. § 4-88-102(5).

## B.    Causation/Damages

Any person who suffers actual damage or injury as a result of violating the DTPA may recover actual damages and reasonable attorneys' fees.  ARK. CODE ANN § 4-88-113(f).

- 3 -

Plaintiffs must prove actual damages, as opposed to any ascertainable loss. *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 161 (Ark. 2005).

An elder or disabled person who suffers damage or injury as a result of a DTPA violation may recover punitive damages. ARK. CODE ANN. § 4-88-204. An "elder person" means a person who is 60 years of age or older. ARK. CODE ANN. § 4-88-201(a).

## C.    Statute Of Limitations

The applicable statute of limitations is found at ARK. CODE ANN. § 4-88-115: "A civil action brought to enforce the provisions of this chapter may be brought . . . during a period of five (5) years commencing on the date of the occurrence of the violation or the date upon which the cause of action arises." Arkansas recognizes the discovery rule, which provides that a cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that he has been injured but also that his injury may have been caused by the defendant's conduct. *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 624, 66 S.W.3d 613 (2002) (citations omitted).

# CALIFORNIA

## A.     Relevant Prohibitions

California consumer protection law has two components:  CAL. CIV. CODE § 1770(a) and CAL. BUS. & PROF. CODE § 17200.  Both sections "shall be liberally construed and applied to promote [their] underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." CAL. CIV. CODE § 1760(a).

### 1.     Section 1770

California prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or serves to any consumer . . . ."  CAL. CIV. CODE § 1770(a).  The code then defines acts or practices considered unfair or deceptive.  They include:

> (5) Representing that goods have . . . characteristics . . . which they do not have . . .;
>
> (7) Representing that goods . . . are of a particular standard . . . if they are of another;
>
> (9) Advertising goods or services with intent not to sell them as advertised;
>
> (l3) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

CAL. CIV. CODE § 1770(a).

"Person" includes a corporation.  CAL. CIV. CODE § 1761(c).  "Consumer" means "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."  CAL. CIV. CODE § 1761(d).  "Transaction" means "an agreement between a consumer and any other person . . . ."  CAL. CIV. CODE § 1761(e).

"Goods" means "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property." CAL. CIV. CODE § 1761(a).

### 2. Section 17200

California's Unfair Competition Law (the "UCL") prohibits "unlawful, unfair or fraudulent" business acts or practices. CAL. BUS. & PROF. CODE § 17200. "Unlawful" refers to practices that are forbidden by law. *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553, 559-60 (1998) (holding that plaintiff stated cause of action under UCL's unlawful prong for defendant's alleged sale of cigarettes to minors in violation of Penal Code section 308).

"Unfair" is determined under either the "*Cel-Tech*" test or a balancing test. Under the decision in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163 (1999), conduct is "unfair" if it "threatens an incipient violation of a [] law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 186-87. An alternative test for unfairness is to assess whether the "[p]ractice offends an established public policy" or "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and the "gravity of the harm to the victim outweighs the utility of the defendant's conduct." *Bardin v. DaimlerChrysler Corp*., 136 Cal. App. 4th 1255, 1268-69 (2006). Omissions can be unfair under either test, *see Pastoria v. Nationwide Ins.,* 112 Cal. App. 4th 1490, 1498 (2d Dist. 2003), and this prong of the UCL is "intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud." *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (2d Dist. 1996).

- 6 -

A business act or practice is "fraudulent" if members of the public are likely to be deceived.  *Blakemore v. Superior Court*, 129 Cal. App. 4th 36, 49 (2d Dist. 2005).

A violation of the UCL can be shown even in the absence of actual deception, reasonable reliance and damage.  *Id.*

There is no right to a jury trial under the UCL.  *See, e.g., Okura & Co. v. Careau Group*, 783 F. Supp. 482, 491 (C.D. Cal. 1991).

## B.   Causation/Damages

### 1.   Section 1770

For violations of § 1770, "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover" actual and punitive damages.  CAL. CIV. CODE § 1780(a).  The jury may provide an additional award up to $5,000 to each Plaintiff and Class member who is a "senior citizen," where the jury does all of the following:

> (A) Finds that the consumer has suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

> (B) Makes an affirmative finding in regard to one or more of the factors set forth in subdivision (b) of Section 3345.

> (C) Finds that an additional award is appropriate.

CAL. CIV. CODE § 1780(b).  "Senior citizen" means a person who is 65 years of age or older.

CAL. CIV. CODE § 1761(f).  The factors considered under Section 3345(b) are:

> (1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

> (2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer:  loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for

- 7 -

personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

CAL. CIV. CODE § 3345(b).

Punitive damages are allowed upon showing "malice" or "oppression." *Brockey v. Moore*, 131 Cal. Rptr. 2d 746, 749 (Cal. Ct. App. 2003).

### 2. Section 17200

Under the UCL, the court may "may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." CAL. BUS. & PROF. CODE § 17203.

## C. Statute Of Limitations

### 1. Section 1770

The statute of limitations for claims arising under § 1770 is three years "from the date of the commission of such method, act, or practice." CAL. CIV. CODE § 1783. There appears to be no cases discussing whether the discovery rule applies to this limitations period, although there exists a split with respect to application of the rule to the UCL (as discussed immediately *infra*). Section 1770 requires that the consumer provide 30 days notice and opportunity to cure before seeking damages. CAL. CIV. CODE § 1782.

### 2. Section 17200

The statute of limitations under the UCL is four years "after the cause of action accrued." CAL. BUS. & PROF. CODE § 17208. There is a split in authority regarding whether the discovery

- 8 -

rule applies to the UCL.  *Compare Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal.

App. 4th 1282, 1295 (4th Dist. 2002) (discovery rule probably applies); *Snapp & Assocs. Ins.*

*Servs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 891 (4th Dist. 2002) (rule does not apply).  The

California Supreme Court recently assumed that the discovery rule would apply in an action

under the UCL but declined to specifically address the issue.  *See Grisham v. Philip Morris*

*U.S.A., Inc.*, 40 Cal. 4th 623, 635 n.7 (2007).

# COLORADO

**A.    Relevant Prohibitions**

The Colorado Consumer Protection Act ("CCPA") prohibits deceptive trade practices in the course of a person's business, which include:

> (e) Knowingly makes a false representation as to the characteristics . . . of goods . . .;
>
> (g) Represents that goods . . . are of a particular standard … if he knows or should now that they are of another;
>
> (l) Makes false or misleading statements of fact concerning the price of goods . . . or the reasons for, existence of, or amounts of price reductions.

COLO. REV. STAT. § 6-1-105(1)(l).  "Person" includes a corporation.  COLO. REV. STAT. § 6-1-102(6).

To prove a violation of the CCPA, a plaintiff must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
>
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
>
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
>
> (4) that the plaintiff suffered injury in fact to a legally protected interest; and
>
> (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).

A representation is false and, therefore, unfair or deceptive under the CCPA, if it induces a party to act or refrain from acting or has the capacity or tendency to deceive (even if it did not). *Id.* at 147-48 (interpreting § 6-1-105(1)(e)).

- 10 -

In determining whether a challenged practice significantly impacts the public, the considerations include "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Id.* at 149.

The CCPA's broad legislative purpose is "to provide prompt, economical, and readily available remedies against consumer fraud[,]" and this purpose "is achieved through injunctions and civil penalties such as treble damages and attorney's fees." *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 51 (Colo. 2001) (citations omitted). The act should be interpreted expansively to serve these purposes. *Id.*

*May Dep't Stores co. v. State ex rel. Woodard*, 863 P.2d 967 (Colo. 1993), was a "comparative-price" case which, generally, concerns the comparisons that a company makes between one price and a "sale" price. The defendant, May, set "a fictitious high price established as a reference price for the purpose of subsequently advertising bargain reductions from that price." *Id.* at 971. The trial court's ruling, which was affirmed on appeal, is that May's practices violated, *inter alia*, § 6-1-105(1)(l), because May knew that it would make few sales at the reference price. *Id.*

**B.     Causation/Damages**

Plaintiff must show that the challenged conduct caused the plaintiff's injury. *Rhino Linings*, 62 P.3d at 146-47. Class members are entitled to recover actual damages but not the minimum $500 statutory amount nor treble damages. *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 278 (Colo. Ct. App. 1993) (interpreting § 6-1-113(2)).

- 11 -

**C.       Statute Of Limitations**

Actions under the CCPA must be commenced (i) "within three years after the date on which the false, misleading, or deceptive act or practice occurred or the date on which the last in a series of such acts or practices occurred" or (ii) "within three years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."  COLO. REV. STAT. § 6-1-115; *Robinson*, 851 P.2d at 281 (action accrues when the plaintiff discovers or should have discovered the misconduct in question).  This period is extended for one year "if the plaintiff proves that failure to timely commence the action was caused by the defendant engaging in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the action."  *Id.*

# CONNECTICUT

## A.      Relevant Prohibitions

The Connecticut Unfair Trade Practices Act ("CUTPA") prohibits a person from engaging in "unfair or deceptive acts or practices in the conduct of any trade or commerce." CONN. GEN. STAT. § 42-110b(a).  "Person" includes a corporation.  CONN. GEN. STAT. § 42-110a(3).  In determining what constitutes "unfair or deceptive," courts are guided by interpretations given by the Federal Trade Commission and federal courts to the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)).  CONN. GEN. STAT. § 42-110b(b).  *Service Road Corp. v. Quinn*, 698 A.2d 258, 638-39 (Conn. 1997).  The CUTPA is to be liberally construed in favor of consumers.  *Service Road Corp. v. Quinn*, 698 A.2d at 638.

"Trade" and "commerce" mean "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."  CONN. GEN. STAT. § 42-110a(4).

An act or practice is unfair if it (1) offends public policy as it has been established by statutes, the common law or other established concept of unfairness, (2) is immoral, unethical, oppressive or unscrupulous; or (3) causes substantial injury to consumers, competitors or other business persons.  *Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp.*, 717 A.2d 77, 99-100 (Conn. 1998).  This test "reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law."  *Id.* at 100.

In evaluating whether conduct is immoral, unethical, oppressive or unscrupulous (the second factor of the unfairness test), at least one court has resorted to dictionary definitions of unethical, finding unethical conduct as "not conforming to approved standards of behavior, a socially accepted code, or professionally endorsed principles and practices" or "not in

- 13 -

conformity with moral norms or standards of professional conduct." *Walk v. Lupia Renovating Co., Inc.*, 2001 Conn. Super. Lexis 1191, at *12-13 (Conn. Sup. Ct. Apr. 18, 2001).

In determining whether the act causes substantial injury to consumers, competitors or other business persons (the third factor), the plaintiff must demonstrate an injury that is:  (1) substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers or competitors could not reasonably have avoided.  *McLaughlin Ford, Inc. v. Ford Motor Co.*, 473 A.2d 1185, 1192 (Conn. 1984); *Walk*, 2001 Conn. Super. Lexis 1191, at *13-14.

Turning to the deception prong of the CUTPA, an act is "deceptive" if (1) there is a representation, omission, or other practice likely to mislead consumers; (2) consumers interpret the message reasonably under the circumstances; and (3) the misleading representation, omission, or practice is material – that is, likely to affect consumer decisions or conduct.  *Caldor, Inc. v. Heslin*, 577 A.2d 1009, 1013 (Conn. 1990).  A party need not prove intent to deceive or knowledge of falsity.  *Cheshire Mortgage Serv., Inc. v. Montes*, 612 A.2d 1130, 1144 (Conn. 1992).

**B.     Causation/Damages**

The plaintiff must demonstrate an "ascertainable loss" in order to recover.  *Service Road Corp. v. Quinn*, 698 A.2d at 262.  An ascertainable loss "is a 'deprivation, detriment [or] injury' that is 'capable of being discovered, observed or established" and is ascertainable "if it is measurable even though the precise amount of the loss is not known."  *Id.* (citations omitted).  There is no need to prove a specific amount of damages to make out a case.  *Id.*

The plaintiff may recover actual damages and punitive damages, as well as reasonable attorneys' fees CONN. GEN. STAT. § 42-110g(a), (d).  The court and not the jury decides the

- 14 -

punitive damages and attorneys' fee award.  CONN. GEN. STAT. § 42-110g(g).  Punitive damages

are warranted if there is reckless indifference to another's rights or wanton or intentional

violation to another's rights.  *Nautilus LLC v. Langello*, 1998 Conn. Super. Lexis 1801, at *8

(Conn. Super. Ct. June 25, 1998).

## C.      Statute Of Limitations

The statute of limitations under the CUPTA is three years "after the occurrence of a

violation."  CONN. GEN. STAT. § 42-110g(f).  In *Fichera v. Mine Hill Corp.*, 541 A.2d 472

(Conn. 1988), the court declined to apply the discovery rule to § 42-110g(f).  However, the court

in *Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp.*, 717 A.2d 77 (Conn. 1998),

found that independent acts taking place within the three year period that have been undertaken

for the purpose of concealing actionable conduct occurring prior to the three year period are

independently actionable as a continuing wrong.  *Id.* at 101.  To be "independent," the acts must

be separate, for "an arguably fraudulent or deceptive act that is itself claimed to be a CUTPA

violation that occurred more than three years before the filing of the action cannot, by itself, toll

the limitations period."  *Id.*

# DELAWARE

## A.    Relevant Prohibitions

The Delaware Consumer Fraud Act ("CFA") prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby." 6 DEL. CODE § 2513(a).  Intent to misrepresent or intent to make a deceptive or untrue statement is not required.  *Brandywine Volkswagen, Ltd. v. State*, 312 A.2d 632, 633 (Del. 1973).  Nor is reliance by the plaintiff.  *S & R Assocs., L.P., III v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998).  "Intent that others rely" does not mean intent to induce action or inaction by the plaintiff.  *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

"Advertisement" means "the attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in, any merchandise."  6 DEL. CODE § 2511(1).  "Merchandise" means "any objects, wares, goods, commodities, intangibles, real estate or services."  6 DEL. CODE § 2511(6). "Sale" means "any sale, offer for sale or attempt to sell any merchandise for any consideration." 6 DEL. CODE § 2511(8).  "Person" includes a corporation.  6 DEL. CODE § 2511(7).

The CFA was passed "to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce," and it "is the intent of the General Assembly that such practices be swiftly stopped and that [the CFA] shall be liberally construed and applied to promote its underlying purposes and policies."  6 DEL. CODE § 2512.

Delaware also has a Deceptive Trade Practices Act ("DTPA"), which prohibits a person

from engaging in a "deceptive trade practice," which is defined in relevant part as follows:

>(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

>(7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

>(9) Advertises goods or services with intent not to sell them as advertised;

>(11) Makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of, price reductions; or

>(12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

6 DEL. CODE § 2532.  "Person" includes a corporation.  6 DEL. CODE § 2531(5).  Proof of

damages or intent to deceive is not required.  6 DEL. CODE § 2533(a).

## B.      Causation/Damages

The plaintiff can recover under the CFA for any injury resulting from the direct and

natural consequences of defendant's statements.  *Stephenson v. Capano Dev., Inc.*, 462 A.2d at

1077.  A plaintiff is entitled to recover "benefit of the bargain" damages or, in other words, to be

put in the same financial position that he or she would have been if the defendant's

representations had been true.  *Id.* at 1076.[1]

Punitive damages are available under the statute for gross, oppressive or aggravated

conduct.  *Id.* at 1076-77.

---

[1] An alternative measure of damages is to restore the plaintiff to his financial position before the transaction occurred, *id.*, although this measure does not apply here.

Under the DTPA, injunctive relief is available.  If damages are awarded under the common law or other state statutes, damages shall be trebled.  6 DEL. CODE § 2533(c).

**C.     Statute Of Limitations**

The statute of limitations is three years "from the accruing of the cause of such action. . . ."  10 DEL. CODE § 8106.  The discovery rule applies:  "the limitations period does not begin to run until the plaintiff has reason to know that a wrong has been committed."  *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 651 (Del. Super. Ct. 1985).

## DISTRICT OF COLUMBIA

### A.    Relevant Prohibitions

It is a violation of the District of Columbia Consumer Protection Procedures Act

("CCPA") for a person to, *inter alia*:

> (a) represent that goods . . .have . . . characteristics . . . that they do not have;

> (d) represent that goods . . . are of particular standard . . . if in fact they are of another;

> (e) misrepresent as to a material fact which has a tendency to mislead;

> (f) fail to state a material fact if such failure tends to mislead;

> (j) make false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions, or the price in comparison to price of competitors or one's own price at a past or future time.

D.C. CODE § 28-3904.  It is not necessary to show that a consumer was in fact misled, deceived

or damaged thereby.  *Id.*

"Person" includes a corporation.  D.C. CODE § 28-3901(a)(1).  "Consumer" means "a

person who does or would purchase, lease (from), or receive consumer goods or services,

including a co-obligor or surety, or a person who does or would provide the economic demand

for a trade practice; as an adjective, 'consumer' describes anything, without exception, which is

primarily for personal, household, or family use."  D.C. CODE § 28-3901(a)(2).  "Goods and

services" means "any and all parts of the economic output of society, at any stage or related or

necessary point in the economic process, and includes consumer credit, franchises, business

opportunities, real estate transactions, and consumer services of all types."  D.C. CODE § 28-

3901(a)(7).

- 19 -

The CCPA "is a comprehensive statute designed to provide procedures and remedies for a broad spectrum of practices which injure consumers. *Atwater v. District of Columbia Dep't of Consumer & Reg. Affairs*, 566 A.2d 462, 465 (D.C. 1989). It is to be "construed and applied liberally to promote its purpose[s]," which include, "assur[ing] that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices." D.C. CODE § 28-3901(b) and (c).

**B.     Causation/Damages**

A plaintiff is entitled to recover the greater of treble damages or $1,500 per violation, as well as reasonable attorney's fees and punitive damages. D.C. CODE § 28-3905(k)(1). Punitive damages are awardable for egregious conduct. *District Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 726 (D.C. 2003). In commenting on the punitive damages standard, the *District Cablevision* court explained:

> Punitive damages are "a form of punishment." . . . Their purpose
> is "to punish unlawful conduct and to deter its repetition." . . .
> Punitive damages are, accordingly, to be awarded only in cases of
> outrageous or egregious wrongdoing where the defendant has acted
> with evil motive, actual malice, or in willful disregard for the
> rights of the plaintiff. . . . So, for example, in the absence of "gross
> fraud" or comparable wrongdoing, proof of even intentional
> misrepresentation may not suffice to justify punitive damages. . . .
> To obtain an award of punitive damages, moreover, the plaintiff
> must prove egregious conduct and the requisite mental state by
> clear and convincing evidence. . . . These requirements apply to
> punitive damages sought pursuant to the CPPA.

*Id.* at 725-26 (citations and footnote omitted).

**C.     Statute Of Limitations**

The statute of limitations is three years "from the time the right to maintain the action accrues." D.C. CODE § 12-301(8). The discovery rule applies such that the cause of action "accrues when the plaintiff has knowledge of (or by the exercise of reasonable diligence should

- 20 -

have knowledge of) (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Williams v. Central Money Co.*, 974 F. Supp. 22, 26 (D.D.C. 1997).

# FLORIDA

## A.  Relevant Prohibitions

"Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive

acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  FLA.

STAT. § 501.204(1).  The Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA")

does not define the elements of "unfair or deceptive," but in construing the act, "due

consideration and great weight shall be given to the interpretations of the Federal Trade

Commission and the federal courts relating to [the FTCA (15 U.S.C. § 45(a)(1))]."  FLA. STAT.

§ 501.204(2).

"Trade or commerce" means "the advertising, soliciting, providing, offering, or

distributing, whether by sale, rental, or otherwise, of any good or service, or any property,

whether tangible or intangible, or any other article, commodity, or thing of value, wherever

situated," and  "shall include the conduct of any trade or commerce, however denominated,

including any nonprofit or not-for-profit person or activity."  FLA. STAT. § 501.203(8).

An "unfair" practice is one that "offends established public policy" or is "immoral,

unethical, oppressive, unscrupulous or substantially injurious to consumers."  *Samuels v. King

Motor Co.*, 782 So. 2d 489, 499 (Fla. Ct. App. 2001) (quoting *Spiegel, Inc. v. Fed. Trade

Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976) (discussing FTC criteria)).[2]

A "deceptive" practice "is one that is 'likely to mislead' consumers."  *Davis v. Powertel,

Inc.*, 776 So. 2d 971, 974 (Fla. Ct. App. 2000) (quoting *In re Int'l Harvester Co.*, 104 F.T.C. 949

---

[2] In 1965, the FTC described the factors it considers in determining whether a practice is unfair:  "(1) whether
the practice, without necessarily having been previously considered unlawful, offends public policy as it has been
established by statutes, the common law, or otherwise -- whether, in other words, it is within at least the penumbra
of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical,
oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other
businessmen)."  *Statement of Basis and Purpose of Trade Regulation Rule 408, Unfair or Deceptive Advertising and
Labeling of Cigarettes in Relation to the Health Hazards of Smoking*, 29 Fed. Reg. 8355 (1964).  These factors,
which are sometimes referred to as the "Cigarette Rule," were approved by the Supreme Court in *FTC v. Sperry &
Hutchinson Co.*, 405 U.S. 233, 244 (1972).

(1984)).  The plaintiff need not show actual reliance on any representation or omission at issue.

*Id.* at 973.

**B.      Causation/Damages**

A plaintiff can recover damages "suffered . . . as a result of" a violation of the FDUTPA.

FLA. STAT. § 501.211.

**C.      Statute Of Limitations**

The statute of limitation is four years.  FLA. STAT. § 95.11(3)(f).  Time begins running

from when "the cause of action accrues," which means "when the last element constituting the

cause of action occurs."  FLA. STAT. § 95.031(1).  The discovery rule applies for actions based in

fraud (*see* FLA. STAT. § 95.031(2)), but one Florida appellate court has ruled that the discovery

rule does not apply to the FDUTPA.  *See Yusuf Mohamad Excavation, Inc. v. Ring-Haver*

*Equip., Co.*, 793 So.2d 1127, 1128 (Fla. Ct. App. 2001).

# HAWAII

## A.    Relevant Prohibitions

Hawaii prohibits "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HAW. REV. STAT. § 480-2(a).  In construing the statute, courts "shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting [the FTCA (15 U.S.C. § 45(a)(1))]."  HAW. REV. STAT. § 480-2(b). The plaintiff need not demonstrate that the suit would be in the public interest.  HAW. REV. STAT. § 480-2(c).  The statute must be liberally construed to achieve its remedial purpose.  *Cieri v. Leticia Query Realty*, 905 P.2d 29, 43 (Haw. 1995).

Following the paradigm under the FTCA, a practice is "unfair" when it offends established public policy, or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  *State by Bronster v. United States Steel Corp.*, 919 P.2d 294, 312 (Haw. 1996).  A practice is "deceptive" if has the capacity or tendency to mislead or deceive.  *Id.*

## B.    Causation/Damages

A plaintiff suing for damages must demonstrate causation and can recover actual damages.  HAW. REV. STAT. § 480-13(b); *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234, 1241 (D. Haw. 2002).  Plaintiff is entitled to recover damages in an amount that puts the plaintiff in the same position that he or she would have been had the unfair or deceptive acts not occurred. *Leibert v. Finance Factors, Ltd.*, 788 P.2d 833, 837 (Haw. 1990).  Punitive damages are not available.  *Eastern Star v. Union Bldg. Materials Corp.*, 712 P.2d 1148, 1159-60 (Haw. Ct. App. 1985).

In addition to actual damages, a successful plaintiff is also entitled to recover treble damages.  HAW. REV. STAT. § 480-13(b)(1).[3]

## C.    Statute Of Limitations

The statute of limitations is four years "after the cause of action accrues."  HAW. REV. STAT. § 480-24(a).  "[A] cause of action for a continuing violation is deemed to accrue at any time during the period of the violation."  *Id.*  The discovery rule applies:  the statute of limitations begins to run "on the date of discovery of the [violation.]"  *Leibert*, 788 P.2d at 837.

---

[3] The section actually awards the greater of $1,000 or treble damages (or the greater of $5,000 or treble damages if plaintiff is greater than 62 years of age); however, the minimum penalty is not available in class actions. HAW. REV. STAT. § 480-13(c)(1).

# IDAHO

## A.    Relevant Prohibitions

The purpose of the Idaho Consumer Protection Act ("ICPA") is to "protect both consumers and businesses against unfair methods of competition and unfair or deceptive acts and practices in the conduct of trade or commerce, and to provide efficient and economical procedures to secure such protection."  IDAHO CODE § 48-601.  To that end, the CPA, for relevant purposes here, prohibits the following conduct in trade or commerce:

> (11) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

> (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer;

> (18) Engaging in any unconscionable method, act or practice in the conduct of trade or commerce, as provided in section 48-603C . . . .

IDAHO CODE § 48-603.

"Trade" and "commerce" mean "the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state."  IDAHO CODE § 48-602(2).

The ICPA is "to be construed uniformly with federal law and regulations," IDAHO CODE § 48-618, and, even more specifically, "due consideration and great weight shall be given to the interpretation of the federal trade commission and the federal courts relating to [the FTCA (15 U.S.C. § 45(a)(1))]."  IDAHO CODE § 48-604(1).

With respect to § 48-601(11), one court has found deceptive the practice of publishing retail prices at which no sales occurred along with a so-called "discounted" price at which all sales were made. *State ex rel. Kidwell v. Master Distribs., Inc.*, 615 P.2d 116, 121 (Idaho 1980).

In determining whether an act or practice is "misleading, false, or deceptive" under § 48-601(17), Idaho courts follow the FTC test under which an act or practice is deceptive if it possesses "a tendency or capacity to deceive consumers."  615 P.2d at 122.  Actual deception and intent to deceive need not be shown. *Id.* at 122-23.  Nor is actual damage to the public necessary. *Id.* at 123.  And in commenting on the customs of the marketplace, the court added:

> The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.  There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business.  Laws are made to protect the trusting as well as the suspicious.  The best element of business has long since decided that honesty should govern competitive enterprises, and that the rule of caveat emptor should not be relied upon to reward fraud and deception.

*Id.* (quoting *Federal Trade Comm'n v. Standard Educ. Soc.*, 302 U.S. 112, 116 (1937)).

In determining whether an act or practice is unconscionable under § 48-601(18), the court considers the following:

> (a) Whether the alleged violator knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his interest because of physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement or similar factor;
>
> (b) Whether, at the time the consumer transaction was entered into, the alleged violator knew or had reason to know that the price grossly exceeded the price at which similar goods or services were readily available in similar transactions by similar persons, although price alone is insufficient to prove an unconscionable method, act or practice;
>
> (c) Whether the alleged violator knowingly or with reason to know, induced the consumer to enter into a transaction that was excessively one-sided in favor of the alleged violator;

- 27 -

> (d) Whether the sales conduct or pattern of sales conduct would outrage or offend the public conscience, as determined by the court.

IDAHO CODE § 48-603C(2).

## B.      Causation/Damages

The ICPA provides a cause of action to persons who purchase goods and suffer "any ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act or practice declared unlawful by this act . . ." IDAHO CODE § 48-608(1); *Jackson v. Wood*, 859 P.2d 378, 380 (Idaho Ct. App. 1993).  The court in its discretion may award punitive damages in cases of "repeated or flagrant violations." IDAHO CODE § 48-608(1).

## C.      Statute Of Limitations

The statute of limitations is two years "after the cause of action accrues." IDAHO CODE § 48-619.  No case law directly interprets § 48-619.  However, in other contexts, the Idaho legislature has abrogated the discovery rule (with two statutorily created exceptions in professional malpractice cases).  *See* IDAHO CODE § 5-219(4); *Knudsen v. Agee*, 918 P.2d 1221, 1224 (Idaho 1996).

Nonetheless, a party may be equitably estopped from relying on the statute of limitations as a defense where the plaintiff can show (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his [or her] prejudice.  *Knudsen*, 918 P.2d at 1224 (citation omitted).

- 28 -

# ILLINOIS

Note:  There is no right to a jury trial under 815 ILCS 505/2.  *See Martin v. Heinold Commodities*, 643 N.E.2d 734, 751 (Ill. 1994).

## A.      Relevant Prohibitions

The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

"Trade" and "commerce" mean "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."  815 ILCS 505/1(f).  "Sale" includes "any sale, offer for sale, or attempt to sell any merchandise . . . ."  815 ILCS 505/1(d).  "Merchandise" includes "any objects, wares, goods, commodities, intangibles . . . ."  815 ILCS 505/1(b).

Courts construing the ICFA follow the interpretations of the FTC and federal courts relating to 15 U.S.C. § 45.  815 ILCS 505/2.  The ICFA "shall be liberally construed . . . ."  815 ILCS 505/11a.  "There is a clear mandate from the Illinois legislature that the courts of this State utilize the Act to the utmost degree in eradicating all forms of unfair and deceptive business practices and grant appropriate remedies to injured persons."  *Bank One Milwaukee v. Sanchez*, 783 N.E.2d 217, 220 (Ill. Ct. App. 2003).

The elements of a claim under the Act are: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002).

In considering whether a practice is "unfair," courts review three factors: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Id.* at 960-61. However,"'[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" *Id.* (*quoting Cheshire Mortgage Service, Inc. v. Montes*, 612 A.2d 1130, 1143-44 (Conn. 1992)).

An act or practice is "deceptive" if it has the capacity to deceive. *Chandler v. American Gen. Fin.*, 768 N.E.2d 60, 68 (Ill. Ct. App. 2002). Material misrepresentations or omissions are actionable under the act. It is well settled that a fact is material "if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." *Id.* at 66. It is axiomatic that price is a material term in a transaction.[4] Moreover, it is well settled that concealment of material information can constitute statutory consumer fraud. *See Chandler*, 768 N.E.2d at 66; *see also Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 595 (Ill. 1996) ("An omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud.").

---

[4] *See e.g.*, *Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc.*, 214 Ill. App. 3d 1073, 1086 (5th Dist. 1991) ("There can be no dispute that the misrepresentation made by the defendants went to a material fact, *i.e.*, the price which the nursing home residents were being charged for prescriptions…"); *Browder v. Hanley Dawson Cadillac Co.*, 62 Ill. App. 3d 623, 630 (1st Dist. 1978) ("Certainly price must be considered a material fact."); *Rohlfing v. Manor Care*, 172 F.R.D. 330, 350 (N.D. Ill. 1997) (holding that complaint that alleged omissions and misrepresentations regarding relative prices were material was sufficient to state a claim under the ICFA).

**B.      Causation/Damages**

"Any person who suffers actual damage as a result of" an unfair or deceptive act may

recover actual and punitive damages.  815 ILCS 505/10a(a).  The Court may award punitive

damages if plaintiff demonstrates fraud, malice or gross negligence.  *Guess v. Brophy*, 517

N.E.2d 693, 697-98 (Ill. Ct. App. 1987).

**C.      Statute Of Limitations**

The statute of limitations is three years "after the cause of action accrued."  815 ILCS

505/10a(e).  The cause of action accrues "when the plaintiff 'knows or reasonably should know

of his injury and also knows or reasonably should know that it was wrongfully caused."

*Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994) (quoting *Knox College v.*

*Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981)).

- 31 -

# INDIANA

## A.       Relevant Prohibitions

Indiana prohibits a person from engaging in deceptive acts, which are specifically defined in relevant part as representations:

> (1) That such subject of a consumer transaction has . . . characteristics . . . it does not have which the supplier knows or should reasonably know it does not have.

> (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and the supplier knows or should reasonably know that it is not.

> (6) That a specific price advantage exists as to such subject of a consumer transaction, if it does not and if the supplier knows or should reasonably know that it does not.

IND. CODE § 24-5-0.5-3(a).  A "consumer transaction" includes the sale of personal property for purposes that are primarily personal.  IND. CODE § 24-5-0.5-2(1).  "Person" includes a corporation.  IND. CODE § 24-5-0.5-2(2).  "Supplier" is a seller or other person who regularly engages in or solicits consumer transactions and includes a manufacturer "whether or not the person deals directly with the consumer."  IND. CODE § 24-5-0.5-2(a)(3).

The statute is to be liberally construed and applied to promote its purposes, which are to "(1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices; (2) protect consumers form suppliers who commit deceptive and unconscionable sales acts; and (3) encourage the development of fair consumer sales practices."  IND. CODE § 24-5-0.5-1(a), (b).

To be actionable under § 24-5-0.5-3(a)(2), the representation must be "referential," that is, comparative.  *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 848 (Ind. Ct. App. 1980).

- 32 -

## B.      Causation/Damages

"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater."  IND. CODE § 24-5-0.5-4(a).  An "uncured deceptive act" occurs when a consumer who has been damaged gives pre-suit notice and the defendant fails to cure. IND. CODE § 24-5-0.5-2(a)(7).  An "incurable deceptive act" is one "done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead."  IND. CODE § 24-5-0.5-2(a)(8).  If the defendant is found to have acted willfully, the court may treble the damages or award $1,000, whichever is greater.  IND. CODE § 24-5-0.5-4(a).

## C.      Statute Of Limitations

The statute of limitations is two years "after the occurrence of the deceptive act."  IND. CODE § 24-5-0.5-5(b).  The discovery rule does not apply.  *A.J.'s Auto. Sales v. Freet*, 725 N.E.2d 955, 965 (Ind. Ct. App. 2000) ("Because the Deceptive Sales Act has an occurrence statute of limitation, rather than a discovery statute of limitation, the statutory period commences to run at the occurrence of the deceptive act.").  The consumer also must have given notice of the complained of activity within the sooner of six months after initial discovery or one year following the transaction at issue.  IND. CODE § 24-5-0.5-5(a).

While the court in *A.J.'s Auto. Sales* held that the discovery rule does not apply to claims brought under the Indiana statute prohibiting deceptive acts, Indiana recognizes the doctrine of fraudulent concealment, which provides for tolling of the statute of limitations if the plaintiff shows that the defendant either by deception or by a violation of a duty concealed from the plaintiff material facts, thereby preventing the plaintiff from earlier discovering a potential claim. *Doe v. Shults-Lewis*, 718 N.E.2d 738, 744-45 (Ind. 1999) (citations omitted).

- 33 -

# KANSAS

## A.     Relevant Prohibitions

The Kansas Consumer Protection Act ("KCPA") provides that "[n]o supplier shall engage in any deceptive act or practice in connection with a consumer transaction."  KAN. STAT. ANN. § 50-626(a).  "Supplier" includes a manufacturer who, in the ordinary course of business, engages in consumer transactions, "whether or not dealing directly with the consumer."  KAN. STAT. ANN. § 50-624(j).  "Consumer transaction" includes the sale of property to a consumer. KAN. STAT. ANN. § 50-624(c).  "Property" includes "goods."  KAN. STAT. ANN. § 50-624(h). "Consumer" includes an individual who seeks or acquires property for personal, family, or household use.  KAN. STAT. ANN. § 50-624(b).  The KCPA is to be liberally construed to promote its policy of protecting consumers from suppliers who commit deceptive and unconscionable practices.  KAN. STAT. ANN. § 50-623(b).  It is not necessary to show that any consumer has in fact been misled.  KAN. STAT. ANN. § 50-626(b).[5]

There are no published Kansas appellate decisions interpreting the meaning of a "deceptive act" under subsection (a).  However, it is modeled after section 5 of the Federal Trade Commission Act (15 U.S.C. §§ 45(a)(1)), 1973 Official Comment 1, so FTC and federal court interpretations should suffice.  Importantly, intent to deceive is not required.  *Moore v. Bird Eng'g Co., P.A.*, 41 P.3d 755, 764 (Kan. 2002); *Swanston v. McConnell Air Force Base Fed. Credit Union*, 661 P.2d 826, 830 (Kan. 1983) (even if the defendant acted innocently and did not intend to injure plaintiffs, it may still be liable under the KCPA).

---

[5] Note that the court in *Finstad*, in observing that plaintiffs had been aggrieved (that is, suffered any loss), stated that plaintiffs had not relied on the false statement at issue.  *Finstad v. Washburn Univ. of Topeka*, 845 P.2d 691 (Kan. 1993).  However, the court was careful to explain that its decision was made under a version of the statute that was silent as to reliance; the KCPA was later amended to apply "whether or not any consumer has in fact been misled."  *Id.* at 690.

The KCPA also provides *per se* examples of deceptive acts or practices which are not limiting.  The relevant examples include:

> (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;
>
> (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact;
>
> (7) making false or misleading representations, knowingly or with reason to know, of fact concerning the reason for, existence of or amounts of price reductions, or the price in comparison to prices of competitors or one's own price at a past or future time[.]

KAN. STAT. ANN. § 50-626(b).  These and the other items enumerated in subsection b are merely illustrative of *per se* deceptive acts and practices.  1973 Official Comment 1; *Finstad*, 845 P.2d at 690.  And although subsections (b)(2) and (3) contain requirements of "willful" action by Defendant, this does not equate to intentional conduct.  *Moore*, 41 P.3d at 764 (noting that prior versions of these sections contained the word "intentional," which the legislature later replaced with "willful").  A matter is "material," for purposes of subsection (b)(3), if it is material if it is one to which a reasonable person would attach importance in determining his choice of action in the transaction involved.  *Farrell v. General Motors Corp.*, 815 P.2d 538, 548 (Kan. 1991).

The Official Comments explain that subsection (b)(7) "parallels the FTC Deceptive Pricing Guides which proscribe former price comparisons (former price must be actual, bona fide price at which article was offered on a regular basis for a reasonably substantial period of time in the recent, regular course of business), competitor price comparisons (advertised higher price must be price at which substantial sales are being made by other sellers in the same trade area), and comparable value comparisons (other merchandise must be of essentially similar quality and obtainable in the area)."  1973 Official Comment 2.

- 35 -

The KCPA also provides that "[n]o supplier shall engage in any unconscionable act or practice in connection with a consumer transaction."  KAN. STAT. ANN. § 50-627(a).  Whether a defendant has committed an unconscionable act or practice is for the court to decide (not the jury),[6] and the court "shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that":

> (1)  The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;
>
> (2)  when the consumer transaction was entered into, the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers;

KAN. STAT. ANN. § 50-627(b).

## B.    Causation/Damages

A damage action is available to a consumer who suffers loss as a result of a violation of the KCPA.  KAN. STAT. ANN. § 50-634(d); *Finstad*, 845 P.2d at 689.  Civil penalties are not available in class actions.  KAN. STAT. ANN. § 50-634(b).

## C.    Statute Of Limitations

The statute of limitations is three years.  KAN. STAT. ANN. § 60-512 (applying to actions "upon a liability created by a statute other than a penalty or forfeiture"); *Alexander v. Certified Master Builders Corp.*, 1 P.3d 899, 905 (Kan. 2000).  It begins to run when the plaintiff learns of the circumstances underlying the claim.  *Roy v. Young*, 93 P.3d 712, 715 (Kan. 2004).

---

[6] *Swanston*, 661 P.2d at 830.

# MARYLAND

## A.     Relevant Prohibitions

The Maryland Consumer Protection Act ("MCPA") provides that a person may not engage in any unfair or deceptive trade practice in the sale of any consumer good.  MD. COM. LAW CODE § 13-303.  "Consumer" includes a recipient of consumer goods.  MD. COM. LAW CODE § 13-101(c)(1).  "Sale" includes any sale or offer or attempt to sell merchandise, which, in turn, includes any commodity, object or goods.  MD. COM. LAW CODE § 13-101(i)(1), (f).  "Person" includes a corporation.  MD. COM. LAW CODE § 13-101(h).

The purpose of the MCPA is to provide "strong protective and preventive measures to assist the public in obtaining relief from unlawful consumer practices and to maintain the health and welfare of the citizens of the State."  *CitaraManis v. Hallowell*, 613 A.2d 964, 968 (Md. 1992).  It shall be "construed and applied liberally to promote its purpose," and, in construing the term "unfair or deceptive trade practices," "due consideration and weight be given to the interpretations of § 5 (a) (1) of the Federal Trade Commission Act by the Federal Trade Commission and the federal courts."  MD. COM. LAW CODE § 13-105.

An "unfair" practice is considered separate and distinct from a "deceptive" practice.  *Legg v. Castruccio*, 642 A.2d 906, 911 (Md. Ct. Spec. App. 1994).  Maryland has adopted the FTC's test for unfairness.  In determining whether conduct is "unfair," three factors are considered:  (1) "whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness"; (2) "whether it is immoral, unethical, oppressive, or unscrupulous"; and (3) "whether it causes substantial injury to consumers . . . ."  *Id*. at 915 (quoting Statement of Basis and Purpose, Unfair or Deceptive Advertising and

- 37 -

Labeling of Cigarettes in Relation to the Health Hazards of Smoking, 29 Fed. Reg. 8324, 8355 (1964)).

With regard to the "public policy" prong, the court explained that the policy should be (i) clear and well established, which means declared or embodied in formal sources such as statutes, judicial decisions or the Constitution), and (ii) widely shared and not isolated to a single state or single court. *Id*. at 917. The second prong tends to overlap with first two, since "conduct that is truly unethical or unscrupulous will almost always injury consumers or violate public policy as well." *Id*.

Turning to the third prong of substantial injury to consumers, the court explained that three elements are to be considered. First, the injury must be substantial ("substantial" injury usually involves monetary harm). Second, it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces (that is, the "net effect" should be injurious, taking into consideration any benefits of the practice). And, third, it must be an injury that consumers themselves could not reasonably have avoided (the purpose of this inquiry is to halt behavior that unreasonably creates or takes advantage of an obstacle to the free exercise of consumer decision making). *Id*. at 916.

Turning to deception, it is not a requirement that "any consumer has in fact been misled, deceived, or damaged as a result of [the practice at issue]." MD. COM. LAW CODE § 13-302. Nor must a plaintiff demonstrate that the defendant had knowledge of falsity or intended to deceive. *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986). The meaning of any statement "is determined not only by what is explicitly stated, but also by what is reasonably implied." *Id*. at 332.

- 38 -

Unfair or deceptive trade practices include, in relevant part, the following:

> (1) False . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

> (3) Failure to state a material fact if the failure deceives or tends to deceive;

> (6) False or misleading representation of fact which concerns:

>> (i) The reason for or the existence or amount of a price reduction; or

>> (ii) A price in comparison to a price of a competitor or to one's own price at a past or future time;

> (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with . . . the promotion or sale of any consumer goods . . . .

MD. COM. LAW CODE § 13-301.

An omission is "material" if "a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action."  *Golt*, 517 A.2d at 332.

**B.     Causation/Damages**

A plaintiff may recover actual loss caused by the unfair or deceptive trade practices. *CitaraManis*, 613 A.2d at 969. (citing MD. COM. LAW CODE § 13-408(a)).  Note that "[t]here is a reliance element in restitution," *Luskin's v. Consumer Protection Div.*, 726 A.2d 702, 727 (Md. Ct. App. 1999), but most likely not for the recovery of damages provided that causation is demonstrated.

**C.     Statute Of Limitations**

The statute of limitations is three years from the date the "action accrues unless another provision of the Code provides a different period of time within which an action shall be

commenced."  MD. CTS. & JUD. PROC. § 5-101; *see also Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 749 A.2d 806, 820-21 (Md. 2000).  This period is qualified by the discovery rule, "providing that the cause of action accrues when the claimant knew or reasonably should have known of the wrong."  *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1071 (Md. Ct. Spec. App. 2002), *cert. denied*, 818 A.2d 1105 (Md. 2003).  Awareness is "implied from 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued.'"  *Id.* (quoting *Poffenberger v. Risser*, 431 A.2d 677 (Md. 1981)).

# MASSACHUSETTS

Note:  There is no right to a fury trial under Mass. Gen. Laws ch. 93A, but the Court in its discretion may submit the claim to a jury.  *Dalis v. Buyer Adver.*, 418 Mass. 220, 636 N.E.2d 212, 216 n.7 (Mass. 1994).

## A.      Relevant Prohibitions

Massachusetts Gen. Laws Ch. 93A, § 2 prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  "Trade" and "commerce" shall "include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed . . . and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth."  MASS. GEN. LAWS Ch. 93A, § 1(b).

Chapter 93A "is a statute of broad impact" passed "to aid consumers and others . . . by making conduct unlawful which was not unlawful under the common law or any prior statute." *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 693, 322 N.E.2d 768, 772 (1975) (quoting *Commonwealth v. De Cotis*, 366 Mass. 234, 244 n.8 (1974)).  In particular, the definition of an actionable unfair or deceptive act or practice "goes far beyond the scope of the common law action for fraud and deceit."  *Id.* at 703.  "[T]echnicalities are not to be read into the statute in such a way as to impede the accomplishment of substantial justice."  *Leardi v. Brown*, 394 Mass. 151, 159, 474 N.E.2d 1094, 1101 (1985) (quoting *Baldassari v. Public Fin. Trust*, 369 Mass. 33, 41 (1975)).

The Court need not find the presence of both unfair and deceptive conduct in order to find that Defendants violated G.L. Ch. 93A.  ***A practice can be unfair without being deceptive***.

*See*, *e.g.*, *Service Publications, Inc. v. Governan*, 396 Mass. 567, 578, 487 N.E.2d 520, 527 (1986).

In construing G.L. Ch. 93A, courts are to be guided by interpretations given by the Federal Trade Commission and federal courts to section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). Mass. Gen. Laws Ch. 93A, § 2(b); *Slaney*, 366 Mass. at 694; *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 595, 321 N.E.2d 915, 917 (1975); *accord*, 940 Ma. Admin. § 3.16(4) (act or practice is a violation of Ch. 93A if it violates the FTC Act).

An unfair act or practice is not amenable to a bounded definition because, as courts have recognized, "[i]t is impossible to frame definitions which embrace all unfair practices. There is no limit to human inventiveness in this field." *Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 503, 396 N.E.2d 149, 153 (1979) (quoting H. R. Conf. Rep. No. 1142, 63d Cong., 2d Sess. (1914)). Nonetheless, Massachusetts courts, following federal jurisprudence under the Federal Trade Commission Act, have employed the following factors in evaluating whether conduct is unfair: (i) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (ii) whether it is immoral, unethical, oppressive or unscrupulous; and (iii) whether it causes substantial injury to consumers, competitors or other business people. *PMP Assocs., Inc.*, 366 Mass. at 596 (citing *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972)).

"Whether a given practice runs afoul of these touchstones must be determined from the circumstances of each case." *Levings*, 8 Mass. App. Ct. at 504. In doing so, courts evaluate the "equities between the parties," and "[w]hat a defendant knew or should have known may be relevant" in making that determination. *Swanson v. Bankers Life Co.*, 389 Mass. 345, 349, 450 N.E.2d 577, 580 (1983). The Court is to "focus on the nature of challenged conduct and on the

purpose and effect of that conduct as the crucial factors in making a G. L. c. 93A fairness

determination." *Massachusetts Employers Ins. Exch. v. Propac-Mass, Inc.*, 420 Mass. 39, 43,

648 N.E.2d 435, 438 (1995).

An act or practice is deceptive if it possesses a tendency to deceive. *Leardi*, 394 Mass. at

156. "In determining whether an act or practice is deceptive, 'regard must be had, not to fine

spun distinctions and arguments that may be made in excuse, but to the effect which it might

reasonably be expected to have upon the general public.'" *Leardi*, 394 Mass. at 156 (quoting

*P. Lorillard Co. v. FTC*, 186 F.2d 52, 58 (4th Cir. 1950)). The plaintiff need not prove that the

defendant intended to deceive the plaintiff. *Aspinall v. Philip Morris Cos.*, 442 Mass. 381, 394,

813 N.E.2d 476, 486 (2004). Nor is proof of reliance required as long as there is a causal

relationship between the act or practice and injury to the plaintiff. *Fraser Eng'g Co. v.*

*Desmond*, 26 Mass. App. Ct. 99, 104, 524 N.E. 2d 110, 113 (1988).

**B.     Causation/Damages**

The plaintiff is entitled to recover the greater of actual damages or $25.  MASS. GEN.

LAWS ch. 93A, § 9(3). If the Court finds that defendant's violations were willful or knowing, it

must increase the damages "up to three but not less than two times" actual damages. *Id*. The

statute provides for pre-suit notice at least 30 days prior to the damages action. *Id.*

**C.     Statute Of Limitations**

The statute of limitations is four years "after the cause of action accrues." MASS. GEN.

LAWS CH. 93A, § 5. Ordinarily, a cause of action accrues at the time the plaintiff is injured.

*International Mobiles Corp. v. Corroon &Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215,

217, 221, 560 N.E.2d 122 (1990). The unfairness of such a rule, however, has been

acknowledged in actions where the wrong is "inherently unknowable." *Mohr v. Commonwealth*,

421 Mass. 147, 155-56, 653 N.E.2d 1104 (1995).  A statute of limitations cannot be deemed to

have run "even before a plaintiff knew or reasonably should have known that she may have been

harmed by the conduct of another."  *Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 205, 557 N.E. 2d

739 (1990).  For this reason, Massachusetts recognizes a "discovery rule" that tolls the running

of the limitations period for claims under Mass. Gen. L. ch. 93A, among other causes of actions.

*Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 47 (1st Cir. 2004) (citing *Int'l Mobiles Corp. v.

Corroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d at 125-26).

     Under the discovery rule, "a cause of action … does not accrue until the plaintiff knew,

or in the exercise of reasonable diligence should have known of the factual basis for his cause of

action."  *Id.* at 47-48 (citing *Patsos v. First Albany Corp.*, 741 N.E.2d 841, 846 (2001)).  The test

is an objective one:  "Only if a reasonable person in the plaintiff's position would have been able

to discern the harm or the cause of the harm will the cause of action accrue and the limitations

period begin to run."  *Sawyer v. Indevus Pharms., Inc.*, 2004 Mass. Super. Lexis 274, at *33

(Mass. Super. Ct. July 26, 2004) (quoting *Riley v. Presnell*, 409 Mass. 239, 245, 565 N.E.2d 780

(1991)).

     The inquiry under the discovery rule is a fact-intensive one.  Courts consider a number of

factors in determining whether plaintiff received actual or constructive notice sufficient to trigger

the statute of limitations:  (i) evidence of actual knowledge; (ii) notoriety of publicly-available

information; (iii) reasonable inferences to be drawn from any publicity; and (iv) whether a

reasonable inquiry would have put plaintiffs on notice of their claims.  *In re Mass. Diet Drug

Litig.*, 338 F. Supp. 2d 198, 203 (D. Mass. 2004).[7]  In evaluating the timing of plaintiff's

knowledge, Massachusetts courts have made it clear that they do not "equate suspicion with

---

[7] The court embraced Ninth Circuit precedent applying the same factors.  *See O'Connor v. Boeing N. Am., Inc.*,
311 F.3d 1139 (9th Cir. 2002); *Bibeau v Pacific Northwest Research Found., Inc.*, 188 F.3d 1105, 1110 (9th Cir.
1999); *In re Swine Flue Prods. Liab. Litig.*, 764 F.2d 637 (9th Cir. 1985).

- 44 -

knowledge"; suspicion alone will not put a plaintiff on notice of his or her claims.

*Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 240 (1st Cir. 2005), *cert. denied*, __U.S.__, 126 S. Ct. 2292 (2006).

In the *Diet Drug Litigation*, the court considered each of the above factors in deciding whether the discovery rule tolled the limitations period for claims brought by former users of diet drugs withdrawn from the market seven years before the case was brought.  Defendant drug manufacturers argued that the substantial publicity surrounding the drugs' withdrawal and lawsuits and settlements concerning the drugs put plaintiffs on actual notice of their claims or, at a minimum, plaintiffs were on inquiry notice as former diet drug users.[8]  Plaintiffs claimed that despite the publicity, they had no actual knowledge of the claims and could not and should not have discovered their injuries any earlier.  338 F. Supp. 2d at 204.

The court articulated two questions that encompassed the relevant factors.  First, to what extent should knowledge of publicity be imputed to a plaintiff in the absence of evidence of actual notice to that plaintiff?  Second, was the content of the publicity sufficient to put a plaintiff on notice of their claims?  *Id.* at 206.  The answer to the first question, according to the court, depended on the circumstances pertaining to each plaintiff, such as whether he had actual knowledge, where he lived and what the media coverage was in that location.  *Id.* at 206-07.  To answer the second question, the fact finder would have to consider the ***content*** of the publicly-available information to which a similarly-situated reasonable plaintiff would have been exposed.  *Id.* at 207.  The court ultimately declined to resolve these questions on the record

---

[8] "According to Wyeth, beginning in September 1997 the mass media was flooded with an overwhelming amount of information linking the diet drugs to valvular heart disease, indicating that even users who were experiencing no symptoms may have been injured, and suggesting that all users seek medical attention.  For example, Wyeth issued a press release, purchased advertisements in many national and regional newspapers, and sent information to approximately 450,000 doctors and pharmacists.  The Food and Drug Administration also issued a press release, and the information was reported on morning and evening television news programs and front pages of newspapers throughout the country."  *Id.* at 205.

before it during a motion for remand proceedings, leaving resolution to the fact finder.  *Id.*

Other Massachusetts courts have applied the same standards to different facts.  *See*, *e.g.*, *Cascone v. United* States, 370 F.3d 95 (1st Cir. 2004); *Sawyer*, 2004 Mass. Super. Lexis 274. *Sawyer* was an earlier case involving wide-spread publicity surrounding the withdrawal of diet drugs from the market and whether the publicity should be imputed to plaintiffs as knowledge sufficient to bar their claims.  The plaintiffs brought their action against the drug manufacturer six-to-seven years after they stopped taking the drug and six years after the link between the diet drugs and heart disease became "one of the biggest news stories of 1997."  *Id*., at *8.  Publicity of the diet drug epidemic ranged from major, high-profile news outlets, including *The New York Times, USA Today, The Boston Herald, The Boston Globe*, "NBC Nightly News" and the "CBS Evening News," to 18,000 lawsuits and 100 putative class actions filed across the country.  *Id*. However, despite the widespread publicity, the *Sawyer* Court could not find a "single public report that would have put [d]iet [d]rug users on notice that an echocardiogram was necessary to diagnose [d]iet [d]rug induced heart disease."  *Id*., at *13.  Thus, the Court held, the statute of limitations was tolled by the discovery rule.  *Id*., at *49.

*Thompson v. Metropolitan Life Ins. Co.*, 149 F. Supp. 2d 38, 50-53 (S.D.N.Y. 2001), provides another persuasive example.  There, the court reviewed evidence alleged to show the class's knowledge of the overpriced life insurance at issue:  24 news articles over 60 years (including stories in *Time* magazine and *The Wall Street Journal*); an FTC Study; two prior individual lawsuits based on the same claims; and a segment on *60 Minutes*.  The court concluded that this publicity was insufficient to find on summary judgment that the plaintiffs should have discovered their claims earlier.  *Id.* at 50-53.

Courts have also recognized that in complex cases, there can be danger in construing

plaintiff's notice of one instance of wrongdoing as sufficient to trigger the statue of limitations for all related claims. *Eye & Ear Infirmary*, 412 F.3d at 241. In the First Circuit's words: "[a]lthough we are not prepared to state a general rule . . . a wronged party should not be prejudiced with regards to later torts committed against it, simply because a defendant started the clock running by committing similar acts at an earlier time. . . . [A] plaintiff must be able to decide when the harms it has sustained require bringing a suit, and no defendant should be able to immunize itself from later, potentially graver claims, by openly engaging in prior, similar offenses that the future plaintiff does not believe warrant bringing suit." *Id*.

# MICHIGAN

## A.     Relevant Prohibitions

The Michigan Consumer Protection Act prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," which are defined for relevant purposes as the following:

> (c) Representing that goods or services have . . . characteristics . . . that they do not have . . . .
>
> (e) Representing that goods or services are of a particular standard . . . if they are of another.
>
> (i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.
>
> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>
> (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.
>
> (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

MICH. COMP. LAWS § 445.903(1).

"Trade or commerce" means "the conduct of a business providing goods . . . primarily for personal, family, or household purposes and includes the advertising . . . offering for sale . . . sale . . . or distribution of [an article.]"  MICH. COMP. LAWS § 445.902(1)(g).  A fact is "material" if it is important to a transaction or affects a consumer's decision.  *Laura v. DaimlerChrysler Corp.*, 711 N.W.2d 792, 794 (Mich. Ct. App. 2006).

The plaintiff need not prove individual reliance provided that he or she establishes that a reasonable person would have relied on any representations that were made. *Dix v. American Bankers Life Assur. Co.*, 415 N.W.2d 206, 209 (Mich. 1987).

**B.      Causation/Damages**

A plaintiff pursuing a class action can recover the "actual damages caused by" the unlawful act. MICH. COMP. LAWS § 445.911(3).

**C.      Statute Of Limitations**

The statute of limitations is the later of (i) six years "after the occurrence of the method, act, or practice which is the subject of the action" or (ii) one year "after the last payment in a transaction involving the method, act, or practice which is the subject of the action." MICH. COMP. LAWS § 445.911(7). The discovery rule applies. *Lindsay v. Nat'l Western Life Ins. Co.*, 2000 U.S. Dist. LEXIS 4744, at *13-*17 (W.D. Mich. 2000) (citations omitted).

# MINNESOTA

## A.    Relevant Prohibitions

The Minnesota Prevention of Consumer Fraud Act ("MCFA") prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby . . ." MINN. STAT. § 325F.69(1).

Minnesota law also prohibits the dissemination, directly or indirectly, of an advertisement "of any sort regarding merchandise," where that advertisement contains "any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading." MINN. STAT. § 325F.67.

"Merchandise" under both statutes includes any objects or goods. *Wexler v. Brothers Entmt. Group, Inc.*, 457 N.W.2d 218, 221 (Minn. Ct. App. 1990).

## B.    Causation/Damages

A successful plaintiff is entitled to recover damages caused by a violation of the MCFA. MINN. STAT. § 8.31(3a). The standard is "some legal nexus" between the wrongdoing and the injury. *Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d, 14 (Minn. 2001); *Le Sage v. Norwest Bank Calhoun-Isles, N.A.*, 409 N.W.2d 536, 539 (Minn. Ct. App. 1987). Reliance is not required to prove a violation of either statute. *Group Health Plan*, 621 N.W.2d at 12. However, in the case of affirmative statements, reliance will necessarily need to be proved in order to demonstrate that the offending conduct caused the damages sought, *id*. at 13, but not individual reliance of each class member:

> [I]n cases such as this, where the plaintiffs' damages are alleged to be caused by a lengthy course of prohibited conduct that affected a large number of consumers, the showing of reliance that must be

- 50 -

> made to prove a causal nexus need not include direct evidence of
> reliance by individual consumers of defendants' products.  Rather,
> the causal nexus and its reliance component may be established by
> other direct or circumstantial evidence that the district court
> determines is relevant and probative as to the relationship between
> the claimed damages and the alleged prohibited conduct.

*Id.* at 14.

Punitive damages are recoverable at the court's discretion, *Wexler v. Brothers Entmt. Group, Inc.*, 457 N.W.2d at 222; *Yost v. Millhouse*, 373 N.W.2d 826, 832 (Minn. Ct. App. 1985), and can be awarded "upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others."  *Wexler*, 457 N.W.2d at 222 (quoting MINN. STAT. § 549.20).

## C.       Statute Of Limitations

The statute of limitations is six years.  MINN. STAT. § 541.05(2).  The discovery rule does not apply.  *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926 (8th Cir. 2004) (citing Minnesota cases).  But Minnesota recognizes the doctrine of equitable tolling, where a plaintiff can show can show that (1) circumstances beyond his or her control prohibited him or her from filing his or her lawsuit within the limitations period and (2) he or she exercised due diligence; in other words, that he or she acted reasonably with respect to investigating and bringing his or her claim. *Anderson v. H-Window Co.*, 1999 Minn. App. LEXIS 171, at *7 (Minn. App. 1999) (citations omitted) (unpublished decision);  *Pauly v. Burlington Northern Santa Fe Rys.*, 2004 Minn. App. LEXIS 1386, at *24 (Minn. App. 2004) (citations omitted) (unpublished decision).

- 51 -

# MISSOURI

## A.    Relevant Prohibitions

The Missouri Merchandising Practices Act ("MMPA") prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." MO. REV. STAT. § 407.020(1).  "Advertisement" means "the attempt by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise."  MO. REV. STAT. § 407.010(1).  "Merchandise" includes any objects or goods.  MO. REV. STAT. § 407.010(4).  "Sale" includes any sale, offer or attempt to sell.  MO. REV. STAT. § 407.010(6). "Trade" or "commerce" means "the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situation" and includes "any trade or commerce directly or indirectly affecting the people of this state."  MO. REV. STAT. § 407.010(7).  "Person" includes a corporation.  MO. REV. STAT. § 407.010(5).

The purpose of the statute is to "preserve fundamental honesty, fair play and right dealings in public transactions," and it "paint[s] in broad strokes to prevent evasion thereof due to overly meticulous definitions."  *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 233 (Mo. Ct. App. 2006) (citations omitted).  The literal words of the MMPA "cover *every practice imaginable and every unfairness to whatever degree*."  *Id.* (emphasis in original).  Generally, intent to deceive is not required.  *State ex rel. Ashcroft v. Marketing Unlimited*, 613 S.W.2d 440, 445 (Mo. Ct. App. 1981).  Nor is reliance.  *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988).

- 52 -

A practice is "unfair" if it:  "(1) offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions *or* (2) is unethical, oppressive, or unscrupulous; *and* (3) presents a risk of, or causes, substantial injury to consumers."  *Schuchmann*, 199 S.W.3d at 233 (emphasis in original); MO. CODE REGS. tit. 15, § 60-8.020(1).  Proof of deception fraud, or misrepresentation is not required to prove unfair practices.  MO. CODE REGS. tit. 15, § 60-8.020(2).

"Deception" is "any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression."  MO. CODE REGS. tit. 15, § 60-9.020(1).  "Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable mental state such as recklessness or negligence, are not elements of deception . . . ."  MO. CODE REGS. tit. 15, § 60-9.020(2).

"Fraud" includes "any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained."  MO. CODE REGS. tit. 15, § 60-9.040(1).  It is not limited to common law fraud or deceit or even finite rules, "but extends to the infinite variations of human invention."  MO. CODE REGS. tit. 15, § 60-9.040(2).

"False pretense" is "any use of trick or deception, forgery, or false and fraudulent representation, statement, pretense, instrument or device with the intent to defraud."  MO. CODE REGS. tit. 15, § 60-9.050(1).  Reliance is not an element of false pretense.  MO. CODE REGS. tit. 15, § 60-9.050(2).

A "misrepresentation" is "an assertion that is not in accord with the facts."  MO. CODE REGS. tit. 15, § 60-9.070(1).  "Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other capable mental

- 53 -

state such as recklessness or negligence, are not elements of misrepresentation." MO. CODE REGS. tit. 15, § 60-9.070(2).

"Concealment" of material fact is "any method, act, use or practice which operates to hide or keep material facts from consumers." MO. CODE REGS. tit. 15, § 60-9.110(1). "Suppression" of material fact is "any method, act, use or practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated." MO. CODE REGS. tit. 15, § 60-9.110(2). "Omission" of a material fact is "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." MO. CODE REGS. tit. 15, § 60-9.110(3). "Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission." MO. CODE REGS. tit. 15, § 60-9.110(4). A "material fact" is "any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner." MO. CODE REGS. tit. 15, § 60-9.010(1)(C).

## B.    Causation/Damages

Any person suffering an "ascertainable loss of money" "as a result of" an MMPA violation is entitled to recover actual damages. MO. REV. STAT. § 407.025(1). Proximate cause applies. *Willard v. Bic Corp.*, 788 F. Supp. 1059, 1070 (W.D. Mo. 1991).

The court in its discretion may award punitive damages. MO. REV. STAT. § 407.025(1). This is reserved to the court and not the jury. *Dover v. Stanley*, 1983 Mo. App. Lexis 3802, at *8-9 (Mo. Ct. App. Jan. 4, 1983).

C.      **Statute Of Limitations**

The statute of limitations is five years.  MO. REV. STAT. § 516.120(2) (applying to an action for a liability crated by a statute other than a penalty or forfeiture).  No Missouri case has specifically applied subsection (2) to the MMPA, but one court has explained:

> Where a statute is both remedial and penal, . . . it should be considered a remedial statute when enforcement of the remedy is sought and penal when enforcement of the penalty is sought. . . . Statutes enacted for the protection of life and property, or which introduce some new regulation conducive to the public good, are considered remedial in nature and are generally given a liberal construction.

*State ex rel. Webster v. Myers*, 779 S.W.2d 286, 289-90 (Mo. Ct. App. 1989) (citation omitted).  Furthermore, other states have interpreted their consumer protection acts as being statutes other than a penalty or forfeiture.  *See*, *e.g.*, *Murry v. Western Am. Mortgage*, 604 P.2d 651, 654 (Ariz. Ct. App. 1979); *Alexander v. Certified Master Builders Corp.*, 1 P.3d 899, 908 (Kan. 2000).

Time begins to run from when the cause of action accrues, which means "when the damage resulting therefrom is sustained and is capable of ascertainment."  MO. REV. STAT. § 516.100.  Further, if there is more than one item of damage, then the time begins to accrue after "the last item, so that all resulting damage may be recovered, and full and complete relief obtained."  *Id.*  In commenting on this section, the Missouri Supreme Court explained that if the "wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit."  *Linn Reorganized School Dist. v. Butler Mfg. Co.*, 672 S.W.2d 340, 343 (Mo. 1984).

**NEBRASKA**

Note:  a jury trial is not available under the Nebraska Consumer Protection Act.  *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1004 (D. Neb. 1998).

## A.      Relevant Prohibitions

The Nebraska Consumer Protection Act ("NCPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  NEB. REV. STAT. § 59-1602.  "Trade or commerce" means "the sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska."  NEB. REV. STAT. § 59-1601.  The plaintiff must demonstrate that the challenged act or practice had an impact on the public interest.  *Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 889 (D. Neb. 2003).

Nebraska state courts have not interpreted the meaning of "unfair or deceptive," and there is virtually no case law under the NCPA.  Noting that the determination is left to the courts to decide on a case by case basis, the court in *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003 (D. Neb. 1998), applied the FTC "Cigarette Rule" for determining "unfair" acts or practices.  *Id.* at 1014 (adopting two element of that rule, namely, whether (1) the practice fell within some common-law, statutory, or other established concept of unfairness, or (2) was immoral, unethical, oppressive, or unscrupulous).  A "deceptive" practice means that the practice possessed the tendency or capacity to mislead.  *Id.*

## B.      Causation/Damages

Any person injured in business or property by a violation of the NCPA may bring an action to recover actual damages, "whether such injured person dealt directly or indirectly with the defendant."  NEB. REV. STAT. § 59-1609.  Enhanced damages may also be awarded as follows:

> [T]he court may in its discretion, increase the award of damages to an amount which bears a reasonable relation to the actual damages which have been sustained and which damages are not susceptible of measurement by ordinary pecuniary standards; except that such increased award . . . shall not exceed one thousand dollars.

*Id.*

## D.     Statute Of Limitations

The statute of limitations is "four years after the cause of action accrues."  NEB. REV. STAT. § 59-1612.  Although no court has applied the discovery rule to this specific statute, it is available generally in Nebraska "where the injury is not obvious and is neither discovered nor discoverable within the limitations period running from the wrongful act or omission."  In such a case, "the statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury."  *Carruth v. State*, 712 N.W.2d 575, 582 (Neb. 2006) (quoting *Shlien v. Bd. of Regents*, 640 N.W.2d 643 (Neb. 2002)).

# NEVADA

## A.    Relevant Prohibitions

The Nevada Deceptive Trade Practices Act ("NDTPA") prohibits deceptive trade practices.  A person engages in a deceptive trade practice when, in the course of his business or occupation, he:

> (1)  Knowingly fails to disclose a material fact in connection with the sale or lease of goods or services.  [NEV. REV. STAT. § 598.0923(2)]

> (5) Knowingly makes a false representation as to the characteristics . . . of goods or serves for sale . . . .  [NEV. REV. STAT. § 598.0915(5)]

> (7) Represents that goods or services for sale or lease are of a particular standard . . . if he knows or should know that they are of another standard . . . .  [NEV. REV. STAT. § 598.0915(7)]

> (9) Advertises goods or services with intent not to sell or lease them as advertised.  [NEV. REV. STAT. § 598.0915(9)]

> (13) Makes false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions.  [NEV. REV. STAT. § 598.0915(13)]

> (15) Knowingly makes any other false representation in a transaction.  [NEV. REV. STAT. § 598.0915(15)]

"Sale" includes "any sale, offer for sale or attempt to sell any property for any consideration."  NEV. REV. STAT. § 598.094.

"Property" means "any real or personal property, or both real and personal property, intangible property or services."  NEV. REV. STAT. § 598.0937.

"Advertisement" means "the attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation to lease or to acquire any title or interest in any property."  NEV. REV. STAT. § 598.0905.

There is virtually no Nevada case law interpreting the NDTPA.

**B.     Causation/Damages**

A person victimized by a violation of the NDTPA may recover damages "that he has sustained."  NEV. REV. STAT. § 41.600(3)(a).  Punitive damages may be awarded to elderly persons.  NEV. REV. STAT. § 598.0977.  An "elderly" person is one who is 60 years of age or older.  NEV. REV. STAT. § 598.0933.

**C.     Statute Of Limitations**

The statute of limitations is four years, and "the cause of action shall be deemed to accrue when the aggrieved party discovers, or by the exercise of due diligence should have discovered, the facts constituting the deceptive trade practice."  NEV. REV. STAT. § 11.190(2)(d).

001534-16  159888 V1

# NEW HAMPSHIRE

## A.      Relevant Prohibitions

The New Hampshire Consumer Protection Act ("NHCPA") prohibits any person from engaging in "any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."  N.H. REV. STAT. § 358-A:2.  The NHCPA also contains examples that do not limit what is considered unfair or deceptive.  Such examples include "[m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions."  N.H. REV. STAT. § 358-A:2(XI).

"Trade" and "commerce" include "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state."  N.H. REV. STAT. § 358-A:1(II). "Person" includes a corporation.  N.H. REV. STAT. § 358-A:1(I).

A practice is "unfair" if (1) it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness,' (2) 'it is immoral, unethical, oppressive, or unscrupulous,' or (3) 'it causes substantial injury to consumers.'"  *Chroniak v. Golden Inv. Corp.*, 983 F.2d 1140, 1146 (1st Cir. 1993) (quoting *Rizzuto v. Joy Mfg. Co.*, 834 F.2d 7, 8 (1st Cir. 1987)[9]).

A practice may be deceptive if it "could reasonably be found to have caused a person to act differently from the way he otherwise would have acted."  *Id.* (quoting *Kazmaier v. Wooten*, 761 F.2d 46, 51 (1st Cir. 1985)).  The plaintiff need not show that he or she actually relied on the

---

[9] *Rizzuto*, in turn, was quoting from *Purity Supreme, Inc. v. Attorney Gen.*, 407 N.E.2d 297, 301 (Mass. 1980).

deceptive acts or practices.  *Mulligan v. Choice Mortgage Corp. USA*, 1998 U.S. Dist. Lexis 13248, at *35 (D.N.H. Aug. 11, 1998).

In interpreting the NHCPA, courts "may be guided by the interpretation and construction given Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), by the Federal Trade Commission and the federal courts."  N.H. REV. STAT. § 358-A:13.  New Hampshire courts "have invited interpretive comparisons with the 'well developed' case law construing the analogous Massachusetts 'unfair and deceptive practices' act."  *Chroniak*, 983 F.2d at 1146 n.11 (citation omitted).

## B.      Causation/Damages

Plaintiff must establish a "causal link" between the conduct at issue and the injury.  *Mulligan*, 1998 U.S. Dist. Lexis 13248, at *35.

## C.      Statute Of Limitations

The NHCPA exempts "[t]ransactions entered into more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation of this chapter[.]"  N.H. REV. STAT. § 358-A:3(IV-a).  However, evidence of unfair trade practices and deceptive acts occurring prior to the three-year period may be introduced.  *Id.*

001534-16 159888 V1

# NEW JERSEY

## A.    Relevant Prohibitions

The New Jersey Consumer Fraud Act ("NJCFA") declares:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . .

N.J. Stat. § 56:8-2.  "Merchandise" includes any objects, goods and commodities offered, directly or indirectly, to the public for sale.  N.J. Stat. § 56:8-1(c).  "Person" includes a corporation.  N.J. Stat. § 56:8-1(d).  "Sale" includes "any sale, rental or distribution, offer for sale, rental or distribution or attempt directly or indirectly to sell, rent or distribute."  N.J. Stat. § 56:8-1(e).  "Advertisement" means "the attempt directly or indirectly by publication, dissemination, solicitation, indorsement or circulation or in any other way to induce directly or indirectly any person to enter or not enter into any obligation or acquire any title or interest in any merchandise or to increase the consumption thereof or to make any loan."  N.J. Stat. § 56:8-1(a).

The requirement that knowledge and intent be shown is limited to the concealment, suppression or omission of any material fact" prong of the statute.  *Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 16 (N.J. 1977).  It is not necessary to show that any person was in fact misled or deceived; all that is required is that the conduct has the capacity to mislead.  *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994).

"Unconscionable" implies a "lack of 'good faith, honesty in fact and observance of fair dealing.'"  *Id.* (quoting *Kugler v. Romain*, 279 A.2d 640 (1971)).

The New Jersey Standard Civil Jury Instructions, § 4.23 Model Charge under Consumer

Fraud Act, defines many of the words under § 56:8-2:

1.      An "affirmative act" is something done voluntarily by a person.  It includes not merely physical acts, but also any steps taken voluntarily by a person to advance a plan or design, or to accomplish a purpose.

2.      An "unconscionable commercial practice" is an activity in the public marketplace which is basically unfair or unjust, which materially departs from standards of good faith, honesty in fact and fair dealing.  To be unconscionable, there should be factual dishonesty and a lack of fair dealing.

3.      "Deception" is conduct or an advertisement misleading to an average consumer to the extent that it is capable of, and likely to, mislead an average consumer. It does not matter that at a later time it could have been explained to a more knowledgeable and inquisitive consumer, nor need the conduct or advertisement actually have misled the Plaintiffs. The fact that the Defendant may have acted in good faith is unimportant.  It is the capacity to mislead that is important.

4.      "Fraud" is a perversion of the truth, a misstatement or a falsehood communicated to another person creating the possibility that that other person will be cheated.

5.      "False pretense" is an untruth knowingly expressed by a wrongdoer.

6.      "False promise" is an untrue commitment or pledge (which is communicated to another person) to create the possibility that that other person will be misled.

7.      A "misrepresentation" is an untrue statement which is made about a fact which is important or significant to the sale or advertisement, and is communicated to another person to create the possibility that other person will be misled.  A "misrepresentation" is a statement made to deceive or mislead.

8.      The term "person" includes a corporation.

9.      The term "sale" includes transfer of ownership; rental; distribution; offer to sell, rent, or distribute; and attempt to sell, rent or distribute, either directly or indirectly.

10.     An "advertisement" is a notice designed to attract public attention.  Modes of communication include the attempt, directly or indirectly, by publication, dissemination, solicitation, indorsement, circulation or in any way to induce any person to enter or not enter into an obligation, acquire any title or interest in any merchandise, increase the consumption of any merchandise or make any loan.

- 63 -

11.     The term "merchandise" includes any objects, wares, goods, commodities, services or anything offered directly or indirectly to the public for sale.

12.     An "omission" is the act of neglecting to perform what the law requires. Liability must be imposed for such inaction, depending upon the existence of a duty to act under the circumstances.

13.     A person acts "knowingly" if he/she is aware that his/her conduct is of a nature that it is practically certain that his/her conduct will cause a particular result. He/She acts with knowledge, consciously, intelligently, willfully or intentionally.

14.     To "conceal" is to hide, secrete or withhold something from the knowledge of others or to hide from observation, cover or keep from sight or prevent discovery of. A "concealment" is a withholding of something which one is bound or has a duty to reveal so that the one entitled to be informed will remain in ignorance.

15.     To "suppress" is to put a stop to a thing actually existing, to prohibit or put down, or to prevent, subdue, or end by force. "Suppression" is the conscious effort to control or conceal unacceptable impulses, thought, feelings or acts.

16.     "Intent" is a design, resolve, or determination with which a person acts. It refers only to the state of mind existing when an act is done or omitted.

## B.     Causation/Damages

Any person who suffers "ascertainable loss of moneys" as a result of a prohibited act is entitled to recover treble damages. N.J. STAT. § 56:8-19; *Cox*, 647 A.2d at 464.

## C.     Statute Of Limitations

The statute of limitations is six years "after the cause of any such action shall have accrued." N.J. STAT. § 2A:14-1; *Mirra v. Holland Am. Line*, 751 A.2d 138, 139-40 (N.J. Super. Ct. App. Div. 2000). The discovery rule applies: the cause of action accrues when the plaintiff discovers or through the exercise of reasonable diligence should have discovered the injury. *Sangemino v. Money Mailer*, 1997 U.S. Dist. Lexis 11647, at *10 (D.N.J. July 25, 1997) (quoting *Lopez v. Swyer*, 300 A.2d 563 (N.J. 1973)).

# NEW MEXICO

## A.      Relevant Prohibitions

The New Mexico Unfair Practices Act ("NMUPA") prohibits "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce."  N.M. STAT. § 57-12-3.  The NMUPA defines "unfair or deceptive trade practice" as

> . . . a false or misleading oral or written statement . . or other representation of any kind knowingly made in connection with the sale . . . of goods . . . by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes:
>
> (11) making false or misleading statements of fact concerning the price of goods or services, the prices of competitors or one's own price at a past or future time or the reasons for, existence of or amounts of price reduction;
>
> (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive[.]

N.M. STAT. § 57-12-2(D).

For relevant purposes here, four elements must be established to demonstrate a violation of the foregoing section:  (1) an oral or written statement, visual description or other representation that was false or misleading; (2) the false or misleading representation must have been knowingly made in connection with the sale of goods; (3) the conduct complained of must have occurred in the regular course of representer's trade or commerce; and (4) the representation must have been of the type that may, tends to or does, deceive or mislead any person. *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991).  The misrepresentation need not be intentionally made, only knowingly made. *Id.*  The "knowingly made" requirement is satisfied "if a party was actually aware that the statement was false or

misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Id.* at 1311-12.

An "unconscionable trade practice" means

>   an act or practice in connection with the sale . . . or in connection with the offering for sale . . . of any goods or services . . . which to a person's detriment
>
>   (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or
>
>   (2) results in a gross disparity between the value received by a person and the price paid.

N.M. STAT. § 57-12-2(E).

"Trade" or "commerce" includes the offering for sale or distribution of any article or commodity, "including any trade or commerce directly or indirectly affecting the people of this state." N.M. STAT. § 57-12-2(C).

Case law under the NMUPA is sparse, but courts are to be "guided by interpretations given by the federal trade commission and the federal courts." N.M. STAT. § 57-12-4.

## B.    Causation/Damages

A person who has suffered monetary loss as a result of a practice declared unlawful by the NMUPA may recover the greater of actual damages or $100. N.M. STAT. § 57-12-10(B). The jury can treble the actual damage award or give $300, whichever is greater, if it finds that the defendant willfully engaged in the unlawful practice. *Id.* However, absent class members are entitled to recover only actual damages. N.M. STAT. § 57-12-10(E). The plaintiff must show prove a causal link between the misconduct and the loss. *Smoot v. Physicians Life Ins. Co.*, 87 P.3d 545, (N.M. Ct. App. 2003). Reliance on the unlawful act is not required. *Id.* (explaining that causation requires a nexus between a defendant's conduct and a plaintiff's loss, whereas reliance concerns the nexus between a defendant's conduct and a plaintiff's purchase or sale).

**C.      Statute Of Limitations**

The statute of limitations is four years.  N.M. STAT. § 37-1-4.  *Tiberi v. CIGNA Corp.*, 89

F.3d 1423, 1430 (10th Cir. 1996).  The discovery rule applies, and the cause of action is not

deemed to have accrued until the plaintiff has discovered, or in the exercise of reasonable

diligence, should have discovered the wrongful conduct.  *Id.*  The continuing wrong doctrine,

under which the limitations period begins to run from the date of the last injury in cases

involving repeated injury, may apply.  *Id.*

# NEW YORK

## A.    Relevant Prohibitions

New York prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . . ."  N.Y. GEN. BUS. LAW § 349(a).  A plaintiff must prove three elements:  (1) that the challenged act or practice was "consumer-oriented;" (2) that the act or practice was misleading in a material way; and (3) that the plaintiff suffered injury as a result of the deceptive act or practice.  *Stutman v. Chemical Bank*, 731 N.E.2d 608, 611 (N.Y. 2000).

Starting with the first element, it is not necessary to establish repeated acts.  All that is needed is that the acts or practices at issue have "a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995).  Merely private disputes will not suffice.

Turning to the second element, the deceptive act or practice may be a representation or an omission.  *Stutman*, 731 N.E.2d at 611.  Either way, it is evaluated according to an objective standard:  the complained-of act or practice must be "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Oswego Laborers'*, 647 N.E.2d at 744.  The plaintiff need not establish defendant's intent to defraud or mislead; nor is justifiable reliance by plaintiff required.  *Id.*  This objective test complements the definition of unfair and deceptive acts or practices applied by the Federal Trade Commission under 15 U.S.C. § 45, upon which the New York statute is modeled.  *Id.*

## B.    Causation/Damages

A person injured by reason of a violation of § 349(a) may recover the greater of actual damages or $50.  N.Y. GEN. BUS. LAW § 349(h).  If the court finds that the defendant willfully or knowingly violated § 349(a), the court, in its discretion, may increase the award "not to exceed three times the actual damages up to one thousand dollars."  *Id.*  In order to recover, the plaintiff

- 68 -

must have suffered injury "as a result of the deceptive act." *Stutman*, 731 N.E.2d at 611. A plaintiff must prove "actual" injury to recover under the statute, though not necessarily pecuniary harm. *Id*. at 612. Proving reliance is not necessary. *Id*. at 612-13 (explaining that a deception causing loss is not equivalent to reliance, that is, a showing that plaintiffs otherwise would not have entered the transaction).

## C.    Statute Of Limitations

The statute of limitations is three years. N.Y. C.P.L.R. § 214(2); *Wender v. Gilberg Agency*, 276 A.D.2d 311, 312 (N.Y. 2000). The discovery rule does not apply. *Id.* But New York recognizes the doctrine of equitable tolling, which is applicable if the plaintiff can show that the defendant has wrongfully deceived or misled him or her in order to conceal the existence of his or her claim. *Kotlyarsky v. N.Y. Post*, 195 Misc. 2d 150, 757 N.Y.S.2d 703, 707-08 (N.Y. Misc. 2003) (citations omitted).

# NORTH CAROLINA

## A.    Relevant Prohibitions

North Carolina prohibits "[u]nfair or deceptive acts or practices in or affecting commerce. . . ."  N.C. GEN. STAT. § 75-1.1(a).  "Commerce" includes "all business activities, however denominated. . . ."  N.C. GEN. STAT. § 75-1.1(b).

Plaintiff must demonstrate (1) an unfair or deceptive act or practice by defendant, (2) in or affecting commerce, (3) which proximately cause actual injury to plaintiff.  *Wilson v. Blue Ridge Elec. Mbrshp. Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003).

A practice is "unfair" if it (1) offends established public policy, (2) is immoral, unethical, oppressive, or unscrupulous, or (3) is substantially injurious to consumers.  *Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 650 (N.C. Ct. App. 1990).  A practice is "deceptive" if it has the "capacity or tendency to deceive."  Proof of actual deception is not required.  *Id.*  The defendants' intent or good faith is not relevant.  *Id.* at 651.

Whether the defendant committed the alleged acts is a question of fact for the jury.  Whether the proven facts, in turn, constitute an unfair or deceptive trade practice, is a question of law for the court.  *Id.*

## B.    Causation/Damages

Any person injured can recover treble damages.  N.C. GEN. STAT. § 75-16.  The trebling is mandatory.  *Id.*  The Plaintiff must show that (i) he or she detrimentally relied on the statement or misrepresentation, and (ii) suffered actual injury as a proximate result of the deceptive statement or misrepresentation.  *Wilson*, 578 S.E.2d at 694.

## C.    Statute Of Limitations

The statute of limitations is four years "after the cause of action accrues."  N.C. GEN. STAT. § 75-16.2.  The action accrues when the violation occurs with the exception that the

discovery rule applies:  the cause accrues "at the time the fraud is discovered or should have

been discovered with the exercise of reasonable diligence."  *Nash v. Motorola Communications*

*& Electronics, Inc.*, 385 S.E.2d 537, 538 (N.C. Ct. App. 1989), *aff'd*, 400 S.E.2d 36 (N.C. 1991).

In the event of continuous violations, "after the first violation of any of the provisions hereof,

each week that the violation of such provision shall continue shall be a separate offense."  N.C.

GEN. STAT. § 75-8.

# NORTH DAKOTA

## A.      Relevant Prohibitions

The North Dakota Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby. . . ."  N.D. CENT. CODE § 51-15-02.

"Sale" includes any sale or offer for sale.  N.D. CENT. CODE § 51-15-01(5).  "Merchandise" includes any objects, goods or commodities.  N.D. CENT. CODE § 51-15-01(3).  "Advertisement" includes "the attempt by publication, dissemination, solicitation, or circulation, oral or written, to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise."  N.D. CENT. CODE § 51-15-01(1).  "Person" includes a company.  N.D. CENT. CODE § 51-15-01(4).

The burden of proof is a preponderance of the evidence.  *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 904 (N.D. 1986) (rejecting clear and convincing evidence standard associated with fraud).

Case law under the statute is very sparse.

## B.      Causation/Damages

A plaintiff may recover actual damages.  N.D. CENT. CODE § 51-15-09.  The court may treble the damages if it finds that defendant knowingly committed the conduct.  *Id.*

## C.      Statute Of Limitations

The statute of limitations is six years "after the claim for relief has accrued."  N.D. CENT. CODE § 28-01-16(2).  A cause of action generally accrues when the wrongful act causing the injury occurs.  *Tarnavsky v. McKenzie County Grazing Ass'n*, 665 N.W.2d 18, 22 (N.D. 2003).

- 72 -

The discovery rule may apply and "postpones the accrual of a claim until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury."  *Id.*  The standard is an objective one and "focuses upon whether the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs."  *Id.* at 22-23.

## OHIO

**A.    Relevant Prohibitions**

The Ohio Consumer Sales Practices Act ("CSPA") declares that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.  Such an unfair or deceptive act or practice by a supplier violates [the CSPA] whether it occurs before, during, or after the transaction."  OHIO REV. CODE § 1345.02(A).  The statute contains a non-exhaustive list of unfair or deceptive practices.  OHIO REV. CODE § 1345.02(B).

**B.    Causation/Damages**

Plaintiffs are entitled to recover all damages proximately caused by the Defendant's unfair or deceptive or unconscionable conduct.  OHIO REV. CODE § 1345.09.  However, no damages are recoverable in a class action unless the practice was previously declared to be deceptive or unconscionable by prior rule or court decision.  OHIO REV. CODE § 1345.09(B).  A consumer may seek a declaratory judgment, injunction or other appropriate relief.  OHIO REV. CODE § 1345.09(D).

**C.    Statute Of Limitations**

The statute of limitations is two years "after the occurrence of the violation which is the subject of the suit."  OHIO REV. CODE § 1345.10(C).  The discovery rule does not apply.  *Weaver v. Armando's Inc.*, 2003 Ohio App. Lexis 4273, at *16 (Ohio Ct. App. Sept. 3, 2003) (the CSPA limitations period "is an absolute time limit to which the discovery rule does not apply).

001534-16  159888 V1

# OKLAHOMA

## A.    Relevant Prohibitions

The Oklahoma Consumer Protection Act ("OCPA") makes it unlawful for a person, in the course of the person's business, to, *inter alia*:

> 11.  Makes false or misleading statements of fact, knowingly or with reason to know, concerning the price of the subject of a consumer transaction or the reason for, existence of, or amounts of price reduction.

> 20.  Commits an unfair or deceptive trade practice as defined in [the OCPA].

OKLA. STAT. TIT. 15, § 753.  The OCPA is to be liberally construed to effectuate its underlying purpose to protect consumers.  *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000).

"Person" includes a corporation.  OKLA. STAT. TIT. 15, § 752(1).

"Deceptive trade practice" means "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.  Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral[.]"  OKLA. STAT. TIT. 15, § 752(13).  "Consumer transaction" means "the advertising, offering for sale or purchase, sale, purchase, or distribution of any services or any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value wherever located, for purposes that are personal, household or business oriented[.]"  OKLA. STAT. TIT. 15, § 752(2).

An "unfair trade practice" means "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  OKLA. STAT. TIT. 15, § 752(14).  What is "unfair" is left for determination on a case-by-case basis, although the section is intended to provide broad protection.  *Patterson*, 19 P.3d at 847.

- 75 -

A private right of action under the OCPA has four elements:  (1) the defendant engaged in an unlawful practice as defined in the OCPA; (2) the challenged practice occurred in the course of defendant's business; (3) the plaintiff, as consumer, suffered an injury in fact; and (4) the challenged practice caused the plaintiff's injury.  *Id*. at 846.  Intent to deceive is not an element.  *Id*. at 847 n.12.

## B.    Causation/Damages

Plaintiff may recover "actual damages sustained."  OKLA. STAT. TIT. 15, § 761.1(A).  An additional penalty of $2,000 per act is available only in individual actions if the act or practice is also found to be unconscionable.  OKLA. STAT. TIT. 15, § 761.1(B).  The plaintiff must demonstrate that the challenged practice caused the damage.  *Patterson*, 19 P.3d at 846.  There is no reliance requirement.  *Murray v. D&J Motor Co., Inc.*, 958 P.2d 823, 832 (Okla. Civ. App. 1998).

## C.    Statute Of Limitations

The statute of limitations is three years "after the cause of action shall have accrued, and not afterwards."  OKLA. STAT. TIT. 12, § 95(A)(2); *Fuller v. Sight N Sound Appliance Ctrs., Inc.*, 982 P.2d 528, 532 (Okla. Civ. App. 1999) (in consumer damage action, action is for liability created by a statute other than a forfeiture or penalty).  No decisions indicate whether the discovery rule applies to the Oklahoma Consumer Protection Act, but it probably does because the rule applies to fraud and tort actions.  *Smith v. Baptist Found*., 50 P.3d 1132, 1137-38 (Okla. 2002) ("The discovery rule allows the limitation period in certain tort cases to be tolled until the fraud is discovered or until the date the defrauded party, by  the exercise of ordinary diligence, might have recognized the deception.").

# OREGON

## A.      Relevant Prohibitions

The Oregon Unfair Trade Practices Act ("OUTPA") prohibits a person from, in the

course of the person's business, doing any of the following:

> (e) Represents that . . . goods . . . have . . . characteristics…
> that they do not have . . . .
>
> (g) Represents that . . . goods . . . are of a particular
> standard . . . if they are of another.
>
> (i) Advertises . . . goods or services with intent not to
> provide them as advertised . . . .
>
> (s) Makes false or misleading representations of fact
> concerning the offering price of, or the person's cost for real estate,
> goods or services.
>
> (u) Engages in any other unfair or deceptive conduct in
> trade or commerce.

OR. REV. STAT. § 646.608(1).  An action cannot be brought under § 646.608(1)(u) unless the

Attorney General "has first established a rule . . . declaring the conduct to be unfair or deceptive

in trade or commerce."  OR. REV. STAT. § 646.608(4); *Allen v. Delrich Props., Inc.*, 2006 U.S.

Dist. Lexis 27014, at *2 (D. Or. Mar. 30, 2006).

"Person" includes a corporation.  OR. REV. STAT. § 646.605(4).  "Goods" means those

which are or may be obtained primarily for personal family or household purposes.  OR. REV.

STAT. § 646.605(6).  "Trade" and "commerce" mean "advertising, offering or distributing,

whether by sale, rental or otherwise, any real estate, goods or services, and includes any trade or

commerce directly or indirectly affecting the people of this state."  OR. REV. STAT. § 646.605(8).

To recover under the OUTPA, the plaintiff must prove the following elements:  "(1) a

violation of § 646.608(1); (2) causation ('as a result of'); and (3) damage ('ascertainable loss')."

*Feitler v. The Animation Celection, Inc.*, 13 P.3d 1044, 1047 (Or. Ct. App. 2000).

B.	Causation/Damages

An action is available to a "person who suffers any ascertainable loss of money or property, real or personal, as a result of willful use or employment by another person of a method, act or practice declared unlawful by [the OUTPA]." OR. REV. STAT. § 646.638(1).  A "willful" violation "occurs when the person committing the violation knew or should have known that the conduct of the person was a violation." OR. REV. STAT. § 646.605(10). "Ascertainable loss" is viewed broadly and encompasses loss that would not be cognizable under the common law. *Feitler*, 13 P.3d at 1047.  Any loss satisfies that requirement provided that it is capable of being discovered, observed or established. *Id.* at 1049.

The plaintiff must demonstrate causation. *Id.* at 1047.  Whether reliance is required depends on the particular unlawful practice alleged under § 646.608(1). *Sanders v. Francis*, 561 P.2d 1003, 1005 (Or. 1977).  When affirmative misrepresentations are alleged, the plaintiff must prove reliance-in-fact. *Feitler*, 13 P.3d at 1047.  For wrongs involving omissions, reliance is not required. *Sanders*, 561 P.2d at 1006 (noting that, in cases of omission, "it would be artificial to require . . . that plaintiff had 'relied' on [the] non-disclosure").

A successful plaintiff is entitled to recover the greater of actual damages or $200. OR. REV. STAT. § 646.638(1).  Punitive damages may be awarded as well, *id.*; *see generally Parrott v. Carr Chevrolet, Inc.*, 17 P.3d 473 (Ore. 2001) (discussing punitive damages awarded pursuant to OR. REV. STAT. § 646.638(1)), when the plaintiff has suffered "'any ascertainable loss of money or property . . . as a result of willful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608[.]'" *Parrott*, 17 P.3d at 487 (citation omitted). To garner an award of punitive damages, the plaintiffs must prove by clear and convincing evidence "that defendant [] engaged in conduct 'amounting to a particularly aggravated,

deliberate disregard of the rights of others.'" *Id.* (citation omitted).  In setting an award of punitive damages, the jury should consider "(1) the character of defendant's conduct; (2) defendant's motive; and (3) the 'sum of money that would be required to discourage the defendant and others from engaging in such conduct in the future.'" *Id.* (citing trial court's instructions to the jury).

**C.     Statute Of Limitations**

The statute of limitation is one year "from the discovery of the unlawful method, act or practice."  OR. REV. STAT. § 646.638(6).

# PENNSYLVANIA

## A.    Relevant Prohibitions

The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")
declares unlawful any unfair acts or practices in the conduct of any trade or commerce as
specially defined by the act.  73 PENN. STAT. § 201-3.  "Trade" and "Commerce" mean "the
advertising, offering for sale, sale or distribution of any services and any property, tangible or
intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever
situate, and includes any trade or commerce directly or indirectly affecting the people of this
Commonwealth."  73 PENN. STAT. § 201-2(3).

For relevant purposes, "unfair or deceptive acts or practices" means the following:

> (v) Representing that goods or services have . . .
> characteristics . . . that they do not have . . . ;

> (vii) Representing that goods or services are of a particular
> standard . . . if they are of another;

> (ix) Advertising goods or services with intent not to sell
> them as advertised;

> (xi) Making false or misleading statements of fact
> concerning the reasons for, existence of, or amounts of price
> reductions;

> (xxi) Engaging in any other fraudulent or deceptive conduct
> which creates a likelihood of confusion or of misunderstanding.

73 PENN. STAT. § 201-2(4).

In cases involving false advertising or misrepresentation, plaintiff must demonstrate that
he or she relied on the challenged practice to their detriment.  *Weinberg v. Sun Co., Inc.*, 777
A.2d 442, 446 (Pa. 2001).  Neither the statute nor case law has established any scienter
requirement.

In cases under the "catch-all" provision of § 201-2(3)(xxi), the plaintiff must prove all of the elements of common law fraud, which are:  (1) misrepresentation of material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage as a proximate result.  *Colaizzi v. Beck*, 895 A.2d 36, 40 (Pa. Super. Ct. 2006).  "A misrepresentation is material if it is of such character that if it had not been misrepresented, the transaction would not have been consummated."  *Id.* at 39-40.

**B.      Causation/Damages**

A person purchasing goods primarily for personal, family or household purposes and who suffers any ascertainable loss of money as a result of the challenged practice may recover the greater of actual damages or $100.  73 PENN. STAT. § 201-9.2(a).  The court may, in its discretion, increase the award up to three times the actual damages sustained, but not less than $100.  *Id.*

Punitive damages may be awarded if the defendant's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others.  *Jahanshahi v. Centura Dev. Co., Inc.*, 816 A.2d 1179, 1188 (Pa. Super. 2003).

**C.      Statute Of Limitations**

The statute of limitations is six years.  73 PENN. STAT. § 5527(b); *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646 n.9 (Pa. Super. Ct. 1999).  The discovery rule applies.  *Lesoon v. Met. Life Ins. Co.*, 898 A.2d 620, 627, 2006 Pa. Super. LEXIS 288 (Pa. Super. Ct. 2006) (citation omitted).

# RHODE ISLAND

## A.    Relevant Prohibitions

The Rhode Island Unfair Trade Practices and Consumer Protection Act ("UTPCPA")

prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."

R.I. GEN. LAWS § 6-13.1-2.  For relevant purposes, "unfair or deceptive acts or practices" are:

> (ix) Advertising goods or services with intent not to sell them as advertised;
>
> (xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;
>
> (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding;
>
> (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer;
>
> (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect.

R.I. GEN. LAWS § 6-13.1-1(6).

"Trade" and "Commerce" mean "the advertising, offering for sale, sale, or distribution of

any services and any property, tangible or intangible, real, personal, or mixed, and any other

article, commodity, or thing of value wherever situate, and include any trade or commerce

directly or indirectly affecting the people of this state."  R.I. GEN. LAWS § 6-13.1-1(5).

In construing the UTPCPA, courts shall give "due consideration" and "great weight" to

the interpretations of the FTC and federal courts relating to 15 U.S.C. § 45(a)(1).  R.I. GEN.

LAWS § 6-13.1-3.

## B.    Causation/Damages

Any person purchasing goods primarily for personal, family, or household purposes and

who thereby suffers any ascertainable loss of money as a result of a violation of the UTPCPA

may recover the greater of actual damages or $200.  R.I. GEN. LAWS § 6-13.1-5.2(a).  The court

may, in its discretion, award punitive damages in individual, but not class, actions.  R.I. GEN.

LAWS § 6-13.1-5.2(a), (b).

## C.      Statute Of Limitations

The statute of limitations is ten years after the cause of action accrues.  R.I. GEN. LAWS

§ 9-1-13(a).  Generally, a cause of action accrues at the time of injury.  *Swiss v. Eli Lilly & Co.*,

559 F. Supp. 621, 624 (D.R.I. 1982).  However, in cases of concealment, the cause of action

accrues when the plaintiff first discovers it.  R.I. GEN. LAWS § 9-1-20.  Also, an UTPCPA claim

does not accrue, and the statute of limitations does not begin running, until the claim manifests

itself.  *Jones v. Moretti*, 711 A.2d 1156, 1157 (R.I. 1998) (citation omitted).

# SOUTH CAROLINA

## A.     Relevant Prohibitions

The South Carolina Unfair Trade Practices Act ("SCUTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  S.C. CODE § 39-5-20(a).  The SCUTPA leaves "unfair or deceptive" undefined.  "Trade" or "commerce" include "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State."  S.C. CODE § 39-5-10(b).

In construing the UTPA, courts are to be guided by the interpretations given by the FTC and federal courts relating to 15 U.S.C. § 45(a)(1).  S.C. CODE § 39-5-20(b).  An act is "unfair" when it is "offensive to public policy or when it is immoral, unethical, or oppressive."  *See Gentry v. Yonce*, 522 S.E.2d 137, 143 (S.C. 1999).  An act is "deceptive" when it has a tendency to deceive.  *Id.*  Either way, the plaintiff must prove that the challenged conduct adversely affects the public interest.  *Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F. Supp. 416, 426 (D.S.C. 1995).  An unfair or deceptive trade practice has an impact on the public interest if it has the potential for repetition.  *Id.*

## B.     Causation/Damages

Any person who suffers an ascertainable loss of money as a result of an unfair or deceptive act or practice may recover actual damages.  S.C. CODE § 39-5-140(a).[10]  The court shall treble the damages if it finds the challenged conduct to have been done willingly or

---

[10] Note that § 39-5-140(a) states that a person can seek actual damages in an individual but not "representative" capacity, but this is not intended to prevent class actions.  *See Faircloth v. Jackie Fine Arts, Inc.*, 682 F. Supp. 837, 845 (D.S.C. 1988) (explaining that the clause pertains to representatives of estates and not class action plaintiffs), aff'd in part and rev'd in part on other grounds, 938 F.2d 513 (4th Cir. 1991).  Indeed, class actions for damages have been brought under the SCUTPA.  *See Gentry v. Yonce*, 522 S.E.2d at 142-43.

- 84 -

knowingly.  *Id.*  A "willful" violation means the party knew or should have known that his

conduct was in violation.  *Haley Nursery Co. v. Forrest*, 381 S.E.2d 906, 909 (S.C. 1989).

**C.**     **Statute Of Limitations**

The statute of limitations is three years "after discovery of the unlawful conduct which is

the subject of the suit."  S.C. CODE § 39-5-150.

- 85 -

# SOUTH DAKOTA

### A.     Relevant Prohibitions

Under South Dakota law, it is unlawful for any person to engage in a "deceptive act or practice," which is defined for relevant purposes to include the following:

> Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby [.]

S.D. CODIFIED LAWS § 37-24-6(1).

"Merchandise" includes any object, goods or commodity.  S.D. CODIFIED LAWS § 37-24-1(7).  "Person" includes a corporation.  S.D. CODIFIED LAWS § 37-24-1(8).  "Advertisement" means "the attempt by publication, dissemination, solicitation, or circulation, whether oral, visual, written, or otherwise, and whether in person, by telephone, or by any other means, to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any merchandise."  S.D. CODIFIED LAWS § 37-24-1(1).

Case law under the statute is sparse.

Reliance should not be required by the plain terms of the statute.[11]

### B.     Causation/Damages

A person who has been adversely affected by a challenged practice may recover actual damages "suffered as a result of such act or practice."  S.D. CODIFIED LAWS § 37-24-31.

---

[11] The court in *Northwestern Pub. Serv. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 973 (D.S.D. 2002), held that reliance was required, but it did not cite any South Dakota supporting authority and ignored the plain terms of the statute which states, in part, "whether any person has in fact been mislead, deceived, or damaged thereby."

**C.**     **Statute Of Limitations**

The statute of limitations is two years "after the occurrence or discovery of the conduct which is the subject of the action."  S.D. CODIFIED LAWS § 37-24-33.

# TENNESSEE

## A.    Relevant Prohibitions

The Tennessee Consumer Protection Act ("TCPA") prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce . . . ."  TENN. CODE § 47-18-104(a). "Trade" or "commerce" or "consumer transaction" means "the advertising, offering for sale, lease or rental, or distribution of any goods, services or property, tangible or intangible, real, personal, or mixed, and other articles, commodities or things of value wherever situated."  TENN. CODE § 47-18-103(11).

The TCPA provides a non-exhaustive list of examples of unfair or deceptive acts, including:

> (11) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

> (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person.

TENN. CODE § 47-18-104(b).

It is not necessary for plaintiffs to prove that the unfair or deceptive acts were willfully or knowingly done.  *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). The TCPA it to be construed liberally to protect consumers and "shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts to [15 U.S.C. § 45(a)(1)]."  TENN. CODE § 47-18-115.  Thus, the FTC Act definitions of unfair or deceptive will apply.  *See Comment, The Tennessee Consumer Protection Act:  An Overview*, 58 TENN. L. REV. 455, 459 (1991).

**B.      Causation/Damages**

Any person who suffers an ascertainable loss of money as a result of an unfair or

deceptive act or practice can recover actual damages.  TENN. CODE § 47-18-109(a)(1).  Reliance

is not an element under the TCPA.  *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131

S.W.3d 457, 469 (Tenn. Ct. App. 2003).

The court can treble the damage award if it finds that the use or employment of the unfair

or deceptive act or practice was a willful or knowing violation.  TENN. CODE § 47-18-109(a)(3).

"Knowing" means "actual awareness of the falsity or deception, but actual awareness may be

inferred where objective manifestations indicate that a reasonable person would have known or

would have had reason to know of the falsity or deception."  TENN. CODE § 47-18-103(6).  In

determining a treble damage award, the court should consider, "among other things:"

> (A) The competence of the consumer or other person;
>
> (B) The nature of the deception or coercion practiced upon the
> consumer or other person;
>
> (C) The damage to the consumer or other person; and
>
> (D) The good faith of the person found to have violated the
> provisions of this part.

TENN. CODE § 47-18-109(a)(4).

**C.      Statute Of Limitations**

The statute of limitations is one year "from a person's discovery of the unlawful act or

practice," but "in no event shall an action . . . be brought more than five (5) years after the date

of the consumer transaction giving rise to the claim for relief."  TENN. CODE § 47-18-110.  An

exception exists under the doctrine of fraudulent concealment if the plaintiff can show (1) that

the defendant took affirmative action to conceal the cause of action or remained silent and failed

to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered

- 89 -

the cause of action despite exercising reasonable care and diligence; (3) that the defendant had

knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed

material facts from the plaintiff by withholding information or making use of some device to

mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so.

*Cunha v. Cecil*, 2007 Tenn. App. LEXIS 61, *12 (Tenn. App. 2007); *Pero's Steak & Spaghetti

House v. Lee,* 90 S.W.3d 614, 625 (Tenn. 2002) (citation omitted).

- 90 -

# TEXAS

## A.     Relevant Prohibitions

The Texas Deceptive Trade Practices-Consumer Protection Act ("DTPCPA") prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." TEX. BUS. & COM. CODE § 17.46(a).  "Trade" and "commerce" mean "the advertising, offering for sale, sale, lease, or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state." TEX. BUS. & COM. CODE § 17.45(6).

For relevant purposes, enumerated false, misleading, or deceptive acts or practices include:

> (9) advertising goods or services with intent not to sell them as advertised;

> (11) making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions.

TEX. BUS. & COM. CODE § 17.46(b).  Intent to misrepresent or knowledge of falsity is not required unless a specific provision requires it.  *Rotello v. Ring Around Prods., Inc.*, 614 S.W.2d 455, 462 (Tex. Ct. App. 1981).

The DTPCPA also prohibits an "unconscionable action or course of action," which means "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree."  TEX. BUS. & COM. CODE § 17.45(5); TEX. BUS. & COM. CODE § 17.50(a)(3).  "Unconscionability" is "an objective standard for which scienter is irrelevant."  *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001).  "Grossly unfair" means "glaringly noticeable, flagrant, complete and unmitigated."  *Id.*

The DTPCPA is to be liberally construed to protect consumers.  TEX. BUS. & COM. CODE § 17.44.  To the extent possible, courts are to be guided by interpretations given by the FTC and federal courts to 15 U.S.C. § 45(a)(1).  TEX. BUS. & COM. CODE § 17.46(c).

## B.       Causation/Damages

A consumer can recover economic damages or damages for mental anguish for violations of § 17.46(b)(9) and (11) if the consumer relied on the false, misleading, or deceptive acts or practices to the consumer's detriment.  TEX. BUS. & COM. CODE § 17.50(a)(1).  Defendant's conduct must have been "a producing cause" of the damages.  *Id.*  A consumer can recover damages for unconscionable action or course of action without showing reliance.  TEX. BUS. & COM. CODE § 17.50(a)(1).  "Economic damages" means compensatory damages for pecuniary loss.  TEX. BUS. & COM. CODE § 17.45(11).  "Consumer" includes an individual who seeks or acquires by purchase any goods.  TEX. BUS. & COM. CODE § 17.45(4).  "Goods" include "tangible chattels."  TEX. BUS. & COM. CODE § 17.45(1).

If the jury finds that defendant's violations of the DTPCPA were done knowingly, the jury "may" treble the actual damages award and award damages for mental anguish.  TEX. BUS. & COM. CODE § 17.50(b)(1). "Knowingly" means "actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim[.]"  TEX. BUS. & COM. CODE § 17.45(9).  If the jury also finds that defendant violated the DTPCPA intentionally, the jury can treble both the economic and mental anguish damages.  TEX. BUS. & COM. CODE § 17.50(b)(1).

## C.       Statute Of Limitations

The statute of limitations is two years "after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the

exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."  TEX. BUS. & COM. CODE § 17.565.  This period can be extended by an additional 180 days "if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action."  *Id.*

**UTAH**

Damages in a class action can be recovered in Utah under the Utah Consumer Sales Practices Act only if the specific practice at issue has been previously declared to violate the Act by regulation or published court decision.  UTAH CODE § 13-11-19.  There do not appear to be any relevant regulations or opinions.

# VERMONT

## A.    Relevant Prohibitions

The Vermont Consumer Fraud Act ("VCFA") prohibits "unfair or deceptive acts or practices in commerce . . . ."  VT. STAT. ANN. tit. 9, § 2453(a).  The VACFA does not define "unfair" or "deceptive," but courts are to be guided by the construction of similar terms found in 15 U.S.C. § 45.  VT. STAT. ANN. tit. 9, § 2453(b).

A practice is unfair if it (1) offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common-aw, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers.  *Vermont Mobile Home Owners' Ass'n, Inc. v. LaPierre*, 94 F. Supp. 2d 519, 522 (D. Vt. 2000) (citing *F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972)).

"Deceptive" means the capacity or tendency to deceive.  *Poulin v. Ford Motor Co.*, 513 A.2d 1168, 1171 (Vt. 1986).  There are ordinarily three elements to deception when a misrepresentation is involved:  (1) a representation, practice, or omission likely to mislead consumers; (2) consumers interpret the message reasonably under the circumstances; and (3) the misleading effects must be "material," that is, likely to affect consumers' conduct or decision with regard to a product.  *Id.* at 1171-72.

The burden of proof under the VCFA is a preponderance of the evidence.  *Id.* at 1172.

## B.    Causation/Damages

Any consumer who sustains damages as a result of any violation of the VCFA may sue to recover damages.  VT. STAT. ANN. tit. 9, § 2461(b).  "Consumer" includes any person who purchases goods for his or her use or benefit or the use or benefit of a member of this or her household.  VT. STAT. ANN. tit. 9, § 2451a(a).

"[E]xemplary damages not exceeding three times the value of the consideration given by the consumer" may be recovered.  VT. STAT. ANN. tit. 9, § 2461(b).  Exemplary damages can be awarded only where malice, ill will, or wanton conduct is demonstrated.  *Bruntaeger v. Zeller*, 515 A.2d 123, 127 (Vt. 1986).

### C.      Statute Of Limitations

The statute of limitations is six years "after the cause of action accrues and not thereafter."  VT. STAT. ANN. tit. 12, § 511.  However, the discovery rule applies and time begins to run from the date of discovery of the injury.  *University of Vermont v. W.R. Grace & Co.*, 565 A.2d 1354, 1357 (Vt. 1989).

# WASHINGTON

## A.    Relevant Prohibitions

The Washington Consumer Fraud Act ("WCPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  WASH. REV. CODE § 19.86.020.  The WCPA does not define "unfair" or "deceptive," but the act is to be given a liberal construction and courts are to be guided by interpretations of federal consumer law.  WASH. REV. CODE § 19.86.920.

To establish a violation of the WCPA, the plaintiff must establish the following five elements:

> (1) an unfair or deceptive act or practice;
>
> (2) occurring within trade or business;
>
> (3) affecting the public interest;
>
> (4) injuring the plaintiff's business or property; and
>
> (5) a cause relation between the deceptive act and the resulting injury.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986).

A practice is "unfair" if it (1) offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers (or competitors or other businessmen).  *Blake v. Federal Way Cycle Ctr.*, 698 P.2d 578, 583 (Wash. Ct. App. 1985).  With respect to the third element, "substantial injury to consumers" results if the injury is substantial; is not outweighed by any countervailing factors; and consumers could not reasonably have avoided the injury.  *Id.*

An act or practice is "deceptive" if it has the tendency or capacity to deceive. *Hangman*

*Ridge*, 719 P.2d at 535. Intent to deceive is not an element. *Id.*

"Trade" and "commerce" include "any commerce directly or indirectly affecting the

people of the state of Washington." WASH. REV. CODE § 19.86.010(2).

Turning to the third element, public interest, in the context of a consumer transaction, the

following factors determine whether the public interest is affected:

> (1) Were the alleged acts committed in the course of defendant's
> business?  (2) Are the acts part of a pattern or generalized course
> of conduct?  (3) Were repeated acts committed prior to the act
> involving plaintiff?  (4) Is there a real and substantial potential for
> repetition of defendant's conduct after the act involving plaintiff?
> (5) If the act complained of involved a single transaction, were
> many consumers affected or likely to be affected by it?

*Hangman Ridge*, 719 P.2d at 538.

## B.      Causation/Damages

A causal link between the unfair or deceptive act and the injury is required. *Id.* at 539.

Reliance is not a necessary element. *Pickett v. Holland Am. Line-Westours, Inc.*, 35 P.3d 351,

360 (Wash. 2001) (casting doubt on reliance requirement in class action). If causation is found,

the plaintiff is entitled to recover actual damages sustained. WASH. REV. CODE § 19.86.090.

## C.      Statute Of Limitations

The statute of limitations is four years "after the cause of action accrues." WASH. REV.

CODE § 19.86.120. The discovery rule applies and "postpones the running of a limitations

statute until a time when a plaintiff, through the exercise of due diligence, should have

discovered the factual basis for the cause of action." *Exeter v. GEICO Gen. Ins. Co.*, 2001

Wash. App. Lexis 2630, at *12 (Wash. Ct. App. Dec. 3, 2001).

# WEST VIRGINIA

## A.     Relevant Prohibitions

The West Virginia Consumer Credit and Protection Act ("WVCPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  W. VA. CODE § 46A-6-104.  "Trade" or "commerce" manes "the advertising, offering for sale, sale or distribution of any goods or services and shall include any trade or commerce, directly or indirectly, affecting the people of this state."  W. VA. CODE § 46A-6-102(6).

Without limitation, "unfair or deceptive" acts or practices include:

> (I) Advertising goods or services with intent not to sell them as advertised;

> (K) Making false or misleading statements of fact concerning the reasons for, existence of or amounts of price reductions;

> (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

> (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;

> (N) Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods or the extension of consumer credit including the rates, terms or conditions for the sale of such goods or the extension of such credit, which is false, misleading or deceptive or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive;

W. VA. CODE § 46A-6-102(7).

"Advertisement means the publication, dissemination or circulation of any matter, oral or written, including labeling, which tends to induce, directly or indirectly, any person to enter into any obligation, sign any contract or acquire any title or interest in any goods or services and includes every word device to disguise any form of business solicitation by using such terms as 'renewal', 'invoice', 'bill', 'statement' or 'reminder' to create an impression of existing obligation when there is none or other language to mislead any person in relation to any sought-after commercial transaction."  W. VA. CODE § 46A-6-102(1).

There is little published case law under the WVCPA.  The WVCPA is to be liberally construed, and courts are to "be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters."  W. VA. CODE § 46A-6-101(1).

It appears that the WVCPA has a public interest requirement similar to Washington's. *See* W. VA. CODE § 46A-6-101(2).

## B.    Causation/Damages

Any person who purchases goods and "thereby suffers any ascertainable loss of money… as a result of the" unfair or deceptive act or practice may recover the greater of actual damages or $200.  W. VA. CODE § 46A-6-106(a).

## C.    Statute Of Limitations

The statute of limitations is two years "next after the right to bring the same shall have accrued if it be for damages . . . ."  W. VA. CODE § 55-2-12.  The discovery rule applies generally unless a specific statutory provision (not found here) prohibits it, and holds that the statute does not begin to run until a claimant knows or by reasonable diligence should know of his claim. *Merrill v. West Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 312 & n.9 (W. Va. 2006).

# WISCONSIN

## A.    Relevant Prohibitions

The Wisconsin Deceptive Trade Practices Act ("WDTPA") declares:

> No person, firm, corporation . . . with intent to sell, distribute,
> increase the consumption of or in any wise dispose of any . . .
> merchandise . . . or anything offered by such person, firm,
> corporation . . . directly or indirectly, to the public for sale . . .use
> or other distribution, or with intent to induce the public in any
> manner to enter into . . . obligation relating to the purchase, sale,
> hire, use or lease of any . . . merchandise . . . shall make, publish,
> disseminate, circulate, or place before the public, or cause, directly
> or indirectly, to be made, published, disseminated, circulated, or
> placed before the public, in this state, in a newspaper, magazine or
> other publication, or in the form of a book, notice, handbill, poster,
> bill, circular, pamphlet, letter, sign, placard, card, label, or over any
> radio or television station, or in any other way similar or dissimilar
> to the foregoing, an advertisement, announcement, statement or
> representation of any kind to the public relating to such purchase,
> sale, hire, use or lease of such . . . merchandise, which
> advertisement, announcement, statement or representation contains
> any assertion, representation or statement of fact which is untrue,
> deceptive or misleading.

WIS. STAT. § 100.18(1).

The elements of a violation of the WDTPA are:  (1) an advertisement, announcement, statement or representation to the public, (2) containing an assertion, representation or statement of fact, (3) that is untrue, deceptive or misleading, and (4) causes the plaintiff pecuniary loss as a result of the assertion, representation or statement of fact.  *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 245 (Wis. 2004) (citing the statute and Wisconsin Jury Instruction – Civil 2418).

## B.    Causation/Damages

Any person "suffering pecuniary loss because of a violation of" the WDTPA "shall recover such pecuniary loss."  WIS. STAT. § 100.18(11)(b)(2).  Reliance is generally required. *Valente v. Sofamor*, *S.N.C.*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999).

- 101 -

**C.**     **Statute Of Limitations**

The statute of limitations is three years "after the occurrence of the unlawful act or practice which is the subject of the action."  WIS. STAT. § 100.18(11)(b)(3).  The discovery rule does not apply.  *Skrupky v. Elbert*, 526 N.W.2d 264, 273-74 (Wis. Ct. App. 1994).  Wisconsin does, however, recognize that a party can be equitably estopped from relying on the statute of limitations as a defense, when the defendant by his conduct has induced the plaintiff to forego filing suit within the limitations period, and when that conduct on the part of the defendant preceded the expiration of the limitations period.  *Gieringer v. Silverman*, 539 F. Supp. 498, 502-03 (E.D. Wisc. 1982) (citations omitted).

# WYOMING

## A.      Relevant Prohibitions

The Wyoming Consumer Protection Act prohibits persons from engaging in "deceptive trade practices," which are defined for relevant purposes as:

> (vii) Makes false or misleading statements of fact concerning the price of merchandise or the reason for, existence of, or amounts of a price reduction;
>
> (x) Advertises merchandise with intent not to sell it as advertised;
>
> (xv) Engages in unfair or deceptive acts or practices.

WYO. STAT. § 40-12-105(a).  By the terms of the statute, the defendant must engage in the above acts "knowingly."

"Person" includes a corporation.  WYO. STAT. § 40-12-102(a)(i).  "Advertisement" includes "the attempt by publication, dissemination, solicitation or circulation, whether oral, visual, written or otherwise, and whether in person, by telephone or by any other means to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any merchandise."  WYO. STAT. § 40-12-102(a)(v).  "Merchandise" includes any object, good or commodity.  WYO. STAT. § 40-12-102(a)(vi).

It does not appear that any court in a published opinion has interpreted the Wyoming Consumer Protection Act.

## B.      Causation/Damages

"A person relying upon an uncured unlawful deceptive trade practice" can recover damages "actually suffered as a consumer as a result of such unlawful deceptive trade practice." WYO. STAT. § 40-12-108(a).  "Uncured unlawful deceptive trade practice" refers to one in which the consumer has given notice to the defendant, and the defendant has failed to cure.  WYO.

- 103 -

STAT. § 40-12-102(a)(ix).  In other words, in order to recover damages, the consumer must give prior notice.

**C.      Statute Of Limitations**

The statute of limitations is one year "after the initial discovery of the unlawful deceptive trade practice" or two years following the transaction, whichever occurs first.  WYO. STAT. § 40-12-109.

001534-16  159888 V1