UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN re: PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> **THIS DOCUMENT RELATES TO:** ) <br> ) <br> *United States of America, ex rel. Ven-a-Care* ) <br> *of the Florida Keys, Inc., v. Abbott* ) <br> *Laboratories, Inc.,* ) <br> CIVIL ACTION NO. 06-CV-11337-PBS ) | MDL No. 1456 <br> Civil Action No. 01-12257-PBS <br><br> Hon. Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

## VEN-A-CARE'S OPPOSITION TO ABBOTT LABORATORIES, INC.'s EMERGENCY MOTION TO STAY THE EFFECT OF AND MOTION TO RECONSIDER THE COURT'S AUGUST 21, 2007 ORDER

On August 21, 2007 this Court entered its order correctly permitting Relator, Ven-A-Care of the Florida Keys, Inc., to share with the United States, documents already produced by Abbott Laboratories, Inc. ("Abbott") in related AWP pricing litigation including cases brought by Texas, and in this MDL proceeding by California. On August 9, 2007, Ven-A-Care filed its Objections to Order by the Magistrate of July 19, 2007 on Relator's Motion to Compel Abbott Laboratories to Produce or Consent to Access to and Sharing of all Discovery Produced by Abbott in other False Price Litigation.[1] ("Relator's Objections"). The Relator had consented to Abbott's request for an extension to respond to the Relator's objections until September 5, 2007. However, Abbott has now stated it's position in it's Emergency Motion to Reconsider the Court's August 21, 2007 Order and Motion to Reconsider the Court's August 21, 2007 Order.

---

[1] The procedural history leading up to Ven-A-Care's Motion to Compel Sharing is set forth in detail in the Relator's Objections to the July 19, 2007 Order at pages 1-5. [Docket 4614].

In accordance with the *Manual for Complex Litigation*, the discovery standards established in this case should not preclude production and sharing of documents that show Abbotts' knowledge that it was reporting false prices and its pattern, routine and practice of doing so.  Sharing should be allowed  regardless of what Abbott division or drug is named in the documents.[2]  Any limits placed on discovery should not be used to prohibit the Relator from coordinating the litigation of this case with the United States and other states, especially when there is no burden on Abbott.  There is no incremental burden on Abbott, because it has already produced the documents at issue to the Relator in other litigation.

This Court was clearly correct when it determined that sharing between the United States and the Relator should be allowed because 59% of the documents were discoverable.  Abbotts' Motion for Reconsideration of the August 21, 2007 Order should be denied.

### A.   More Than 59% Of The Sample Documents Should Have Been Produced And Therefore Sharing Should Be Allowed

Abbott erroneously contends that the Relator's Motion to Compel Abbott Laboratories to Produce or Consent to Access and Sharing of All Discovery Produced by Abbott of Documents should have been determined based upon an unyielding application of the general scope of discovery guidelines thus far drawn by this Court.  However, even assuming arguendo that the prior scope determinations are both unyielding and applicable to the review of the sample documents for shared discovery purposes, VAC "won most of them".  See, Hearing Transcript (2/27/2007) p. 14 l. 18-23.  Accordingly, because the majority of the documents should have been produced, sharing has properly been ordered.

---

[2] The First Amended Complaint names five drugs (identified by 46 NDC numbers) including one provided by Abbott's home infusion pharmacy division.

2

Abbotts' failure initially to produce documents plainly relevant to this case led the Relator to request that Abbott permit sharing. It was not until the meet and confer ordered on February 27, 2007 that Abbott agreed it should have produced 53 of the 167 sample documents. Abbott also agreed that 15 additional documents could be viewed by the United States, after they were used as exhibits in cross noticed depositions. Abbott should have produced those 68 documents prior to the meet and confer. Furthermore, the United States should not be limited to receiving documents after they just happen to be used in depositions in other cases. Taken to its logical conclusion, Abbotts' argument that those 68 documents should not be considered in determining whether more than half of the sample documents should have been produced, means that if Abbott had agreed at the meet and confer that all the documents should have been produced in this case then no sharing could have been ordered by the Court.

Moreover, in the July 19, 2007 Order, 9 of the 16 sample documents held need not be produced as outside of the time frame are dated prior to December, 2003.[3] When added to the 30 documents she held should have been produced, 64% of the documents were discoverable.[4] Even under Abbotts' attempt to ignore the documents it agreed should have been made available, 57% (56 of 99) were discoverable in this case. These calculations do not include the many relevant documents erroneously held not discoverable by the July 19, 2007 Order, *see, Relator's*

---

[3] Documents 118; 122; 151; 179; 205; 282; 289; 439; 538 listed in Exhibit B to Relator's Objections (filed under Seal).

[4] This calculation assumes that none of the sample documents not specifically ruled upon in the July 19, 2007 Order should have been produced, so the actual percentage of documents that should have been produced is likely even higher.

*Objections to July 19, 2007 order*, at pp. 10-13.[5]

### B. Abbott Has Withheld Relevant, Discoverable Documents From The United States That It Has Produced to The Relator In Other Litigation And Therefore Sharing Should Be Allowed

There is no burden on Abbott in allowing Relator to share documents already produced in other cases with the United States. Sharing of discovery reduces the overall burden on the parties and expedites the case. In its Objections to the July 19, 2007 Order, the Relator pointed out the incorrect application of discovery parameters in the July 19, 2007 Order by referring to TX ABT 672, 77-79, a written Abbott policy adopted in 2004 for the Pharmaceutical Products Division. Whether or not Abbott had a policy not to market the spread is a highly contested issue in this case. That no written policy existed until 2004 is clearly relevant to its policies and practices before that time as well as likely to lead to the discovery of admissible evidence. In fact, Plaintiffs' marketing expert in the Texas case was questioned extensively on this issue (Ex. 1 ).

Relator wants to share documents that show Abbotts' knowledge that it was reporting false prices and its pattern and practice of doing so, not simply documents that relate solely to other drugs. Other acts evidence and knowledge evidence from Abbotts' PPD division and senior corporate officials show that its HPD division personnel also had a motive to create an inflated spread. Because the Abbott divisions marketed together to key customers, *see* doc. 439 *Ex. B to Relator's Objections*, evidence of spread marketing by the HPD, whether HPD drugs are involved in the instant action or not, will lead to the discovery of admissible evidence. Similarly,

---

[5] The "limits" on discovery to which Abbott repeatedly refers have not yet been established. Pending before this court is the United States' Objections to July 19, 2007 Order by Magistrate Judge Bowler [Docket 4622].

4

documents dated after 2003 will lead to relevant evidence of what Abbott did differently in connection with marketing before that date.

On the one hand, Abbott continues to contend that documents relating to marketing in other divisions and other drugs are not relevant and will withhold them from discovery in this case, (Ex. 2) while at the same time it will attempt to impeach plaintiffs' witnesses because they have not seen these same documents. This is exactly what they have done in Texas. *See*, deposition of Perri (Ex 3 questions regarding marketing) and (Ex 4 questions regarding non-complaint drugs).

The law of the case doctrine applies to legal issues not discovery motions, *Melhelm v. Meijer, 206 F.R.D. 609, 613-614 (S.D. Ohio 2002)*. This court has not previously ruled that the documents sought need not be produced, and the issue is properly before it on appeal under F.R.C.P. 72 (a). Even if there had been such a ruling it is well settled that "...interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment." *In re "Agent Orange" Product Liability Litig*, 733 Fed 10, 13 (2nd Cir. 1984), accord *Polec v. Northwest Airlines, Inc*. 86 F 3d 498, 518 (6th Cir. 1996). Finally, this Court has never stated that its scope of discovery rulings shall be forever set in stone or shall foreclose other less burdensome discovery tools such as the sharing recommended by Section 20.313 of the Manual for Complex Litigation (4th Ed.)

## CONCLUSION

Abbott has failed to demonstrate an error of law. Rather, it has merely stated its disagreement with the conclusion reached by this court. Abbott ignores the fact that more than 59% of the sample documents should have been produced. Pursuant to the direction of this

Court, sharing of documents from other AWP cases with the United States is appropriate. Accordingly, the Emergency Motion to Stay and for Reconsideration of the Order of August 21, 2007 should be denied.

Respectfully submitted,

For the Relator, Ven-a-Care of the Florida Keys, Inc.,

**/s/ Alison W. Simon**
James. J. Breen
Alison W. Simon
The Breen Law Firm
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com

Sherrie R. Savett
Susan Schneider Thomas
Gary L. Azorsky
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Jonathan Shapiro
Stern, Shapiro, Weissberg & Grain LLP
90 Canal Street
Boston, MA 02114-5800
Tel: (617) 742-5800
Fax: (617) 742-5858

Dated: August 31, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above Ven-A-Care's Answer To Abbott Laboratories, Inc.'s Emergency Motion To Stay The Effect Of And Motion To Reconsider The Court's August 21, 2007 Order to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: August 31, 2007

/s/ Alison W. Simon