# EXHIBIT 2

```
                 UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


CITIZENS FOR CONSUME, et al       .   CIVIL ACTION NO. 01-12257-PBS
          Plaintiffs              .
                                  .
          v.                      .   BOSTON, MASSACHUSETTS
                                  .   MAY 16, 2007
ABBOTT LABORATORIES, et al        .
          Defendants              .
.  .  .  .  .  .  .  .  .  .  .  .  .
```

                   TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE MARIANNE B. BOWLER
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:      Rene Brooker, Esquire
                            Justin Draycott, Esquire
                            United States Department of Justice
                            601 D Street, NW
                            Patrick Henry Building, Room 9028
                            Washington, DC  20004
                            202-307-1088

For Ven-A-Care:             James J. Breen, Esquire
                            The Breen Law Firm, P.A.
                            3562 Old Milton Parkway
                            Alpharetta, GA 30005
                            770-740-0008

For Abbott Laboratories:    James Daly, Esquire
                            Jason Winchester, Esquire
                            Jones Day Reavis & Pogue
                            77 West Wacker Drive
                            Chicago, IL  60601-1692
                            312-782-3939

Court Reporter:

Proceedings recorded by digital sound recording, transcript
produced by transcription service.

---

                        MARYANN V. YOUNG
                   Certified Court Transcriber
                      240 Chestnut Street
                   Wrentham, Massachusetts 02093
                        (508) 384-2003

1    it may be document 4122.

2              THE COURT:  All right.

3              MR. BREEN:  Is that your response?

4              MR. WINCHESTER:  No, I'm reading your motion here.

5              THE COURT:  I think 4122 is a response.

6              MR. BREEN:  It is, Your Honor.  4122 is my memo of

7    law, so 4121 would have been the motion.

8              THE COURT:  And that is in my group of ripe today but

9    not noticed motions, so--

10             MS. BROOKER:  Yes, and it is correct.

11             MR. WINCHESTER:  So that's the other motion, Judge,

12   which I don't think is actually up before the Court today but

13   for this, this particular motion--

14             THE COURT:  It's your feeling Judge Saris should deal

15   with that motion?

16             MR. WINCHESTER:  I think that's completely up to the

17   Court.

18             THE COURT:  All right.  Okay.

19             MR. WINCHESTER:  It was my understanding just based

20   on her, the conversation initially was before her, she said

21   bring your motion to me.  She may well have discussed it off-

22   line with Your Honor and decided to have Your Honor take that

23   up, which is totally fine with us.

24             But I think based on those issues, this motion that's

25   before the Court right now, which is the give us everything

1  motion because we want it, is dead.  That the court has made

2  very clear the government is not entitled to all those

3  documents having only charged four.  And I would also point out

4  to Your Honor that that is a completely consistent position

5  with CMO 9 which has been on the books for a very long time

6  wherein the Court says a governmental entity plaintiff that is

7  a party to the MDL proceeding, which is the government here,

8  shall be entitled to documents, except that no such plaintiff

9  shall be entitled to have access to A) documents produced by a

10  defendant that is not a named defendant in the operative

11  complaint filed by such plaintiff; B) which is the one that is

12  at issue for us here, documents relating to drugs that are not

13  identified in the operative complaint filed by such plaintiff,

14  and C) documents produced by defendant that are not otherwise

15  relevant to the claims asserted.  So here, CMO 9 as applied in

16  this instance is very consistent with what Judge Saris said

17  back in February which is you get the documents for the drugs

18  you've brought in your case that's consistent with the post

19  2000 rules under Rule 26, which is you get the documents and

20  the discovery for the case you brought.  This is the

21  government's case.  We have agreed to give them all of the

22  relevant documents concerning the four drugs they brought.  We

23  even agreed to go beyond that and to give them documents that

24  would relate to those four drugs, even if they don't

25  specifically mention them, and we've agreed to go even further

1  beyond that and to produce any documents that would arguably

2  establish what counsel referred to as a pattern and practice

3  regardless of drugs.  So I think Abbott has agreed to give the

4  government everything to which it is rationally and

5  legitimately entitled in this case.  The further request, which

6  is give us documents that have nothing to do with our case, we

7  submit has been denied by Judge Saris and should be denied by

8  this Court.

9           MS. BROOKER:  May I address, Your Honor?

10          THE COURT:  Briefly.

11          MS. BROOKER:  Yes, I will be brief.  Your Honor, may

12  I pass to your law clerk and to the Court so you have a copy of

13  Judge Saris' whole transcript.

14          THE COURT:  Certainly, that's helpful.

15          MS. BROOKER:  Thank you.  Your Honor, this was the

16  issue that I was directing, oh, excuse me, addressing in my

17  direct argument. I think that what the Court will find and I'll

18  cite this so your law clerk can find these cites as well, the

19  portions that were just read to you were incomplete snippets of

20  what Judge Saris said at the hearing, and even some of them on

21  the same exact page.  What Judge Saris said, and I just want to

22  point out a couple of her comments to give you the more

23  complete picture, when this issue came up, first of all, she

24  made it very clear that she had not read the briefs in this

25  case and she repeatedly said at the hearing, you are all

I - 22

1   mind in this MDL proceeding and I thank you for hearing me

2   out.

3          THE COURT:  Okay, just a minute.

4          MR. WINCHESTER:  Very, very briefly, Judge.  They can

5   dance around it all they probably want.  I'd invite the Court

6   to read the transcript.  Those were quotes I read to you.

7   Judge Saris says fully knowing this case, you don't get

8   documents about drugs you haven't sued on unless they go to

9   pattern and practice.  As I represent to the Court and counsel

10  know as well, we have agreed to give them documents beyond just

11  the four drugs, not just documents that mention the four drugs,

12  any documents that deal with the four drugs even if not

13  mentioned and any documents that would arguably relate to

14  pattern and practice.  Beyond that, Judge Saris could not be

15  more clear, you do not get 100 other drugs when you've sued on

16  four.  That should end the issue.

17         THE COURT:  All right.  I'll take 2529 under

18  advisement.  Moving on to 3540, which is the motion for a

19  protective order relating to the deposition of government

20  counsel.

21         MR. DRAYCOTT:  Thank you, Your Honor.  Again, Justin

22  Draycott on behalf of the United States.  Just to refresh Your

23  Honor's recollection, the notice of deposition states that

24  pursuant to Rule 31(b)(1) of the Federal Rules of Civil

25  Procedure, Abbott will take the deposition of, and I'm quoting,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CITIZENS FOR CONSUME, et al. CIVIL ACTION NO. 01-12257-PBS
   Plaintiffs                  .

                             .

   V.                      .BOSTON, MASSACHUSETTS
                             .JUNE 19, 2007

ABBOTT LABORATORIES, et al .
   Defendants                  .

. . . . . . . . . . . . . .

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:    Renée Brooker, Esquire
                          Justin Draycott, Esquire
                          United States Department of
                           Justice
                          601 D Street, NW
                          Patrick Henry Building,
                          Room 9028
                          Washington, DC  20004
                          202-307-1088

For Abbott Laboratories: James R. Daly, Esquire
                          Jason Winchester, Esquire
                          Jones, Day, Reavis & Pogue
                          77 West Wacker Drive
                          Chicago, IL 60601-1692
                          312-782-3939

For Ven-A-Care:         James Breen, Esquire
                          The Breen Law Firm, P.A.
                          3562 Old Milton Parkway
                          Alpharetta, GA 30005
                          770-740-0008

Court Reporter:

Proceedings recorded by digital sound recording,
transcript produced by transcription service.

**MARYANN V. YOUNG**
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

1  Honor, I just – to kind of keep it clear for the Court, this

2  is an interrogatories motion.  I'm not sure why there's so much

3  discussion going on of documents or, you know, there was a

4  document motion the last time that the government had filed.

5  The Court heard that motion, ruled on that motion and we are

6  going forward in compliance with the Court's order on that.  In

7  terms of the interrogatories, I think what you just heard is a

8  mischaracterization of where we stand on this.  We've moved

9  well beyond the position that Ms. Brooker was talking about.

10  We've in fact made very clear to them in the course of our meet

11  and confers that in responding to the interrogatories Abbott is

12  responding on behalf of Abbott properly, not just persons

13  within HPD.  That was one of their initial discussions that

14  they brought up with us.

15          THE COURT:  Abbott, et al, wholly owned Abbott

16  subsidiary.

17          MR. WINCHESTER:  Well we are – in other words the

18  things that she brought up which is the Abbott corporate

19  division, Abbott Health Systems I think it may be called.  When

20  we're responding to interrogatories we are responding on behalf

21  of HPD and the corporate area.  It's not as though we're just

22  dealing with persons and what they might know who were assigned

23  to HPD.  So I think much of what you just heard from counsel is

24  a non-issue and in fact that isn't our position and we told

25  them so.  I don't know if Your Honor wants to hear even some

1    argument.  I think you've already dealt with and Judge Saris

2    has already dealt with why the entire universe of the

3    pharmaceutical product division and those drugs aren't in this

4    case and don't belong in this case and discovery about them

5    shouldn't be had in this case.  I'm happy to go through it

6    again.  I think you've already ruled on that--

7              THE COURT:  Not necessary.

8              MR. WINCHESTER:  --in the context of the last motion.

9    But with respect I think to the, if I can cut through it, the

10   specific issue that counsel's referencing in terms of our

11   objection we do object to them having wholesale access to all

12   kinds of discovery relating to the pharmaceutical product

13   division.  I believe we covered that the last time we were here

14   and Your Honor's ruled on that.  But with respect to the

15   interrogatories, we are responding on behalf of Abbott and its

16   divisions with information that are relevant and responsive to

17   the subject drugs and the issues here in this case, and I think

18   as we made clear to Your Honor the last time we were here

19   Abbott has agreed to go beyond just the, just documents and

20   information that relate directly to the subject drugs.  As we

21   told you the last time and you incorporated into your order we

22   have reached beyond that to any HPD document that would, or

23   information that would bear on how we market or sell the

24   subject drugs, even if they don't specifically mention them.

25             We had also and we had agreed even before Your Honor

23

1   incorporated this into Your Honor to reach beyond and answer

2   on behalf of anything that could arguably be related pattern

3   and practice.  So we have moved well beyond those things.  To

4   the extent that documents have been waived in front of the

5   Court, I guess I would just say they have all of these and I

6   don't think there can be any argument that we've withheld them

7   from them or that somehow they never would have gotten them had

8   they not gone to the Texas deposition.  We give them

9   depositions in Texas, they get the exhibits.  So I think we're

10  - to the specific issue before some of the frolics and detours,

11  I think the specific issue of how we're responding and

12  responding on behalf of Abbott we've been clear about that.

13          THE COURT:  Okay, let's get to the meat of this item

14  by item.

15          MS. BROOKER:  Your Honor, if I would just say given

16  Mr. Winchester's representations here, we would then ask that

17  Your Honor overrule their objection that they, which their

18  statement is that they're limiting their interrogatory

19  responses to HPD and it sounds like Mr. Winchester isn't going

20  to object to that.

21          MR. WINCHESTER:  Your Honor, we already took care of

22  this for our meet and confers.  We specifically told them what

23  we were responding on behalf of Abbott including the divisions.

24          THE COURT:  All right, so that's moot.

25          MR. WINCHESTER:  It's a non-issue.

24

1          MS. BROOKER:  Your Honor, if you could make that

2  ruling though because I don't believe so - they have not

3  updated their interrogatories ever and this is news to us.

4          THE COURT:  Well, if you have reached an agreement in

5  a meet and confer, I don't feel it's before me to rule on.

6          MS. BROOKER:  I don't believe we have reached an

7  agreement, but I'm willing to take Mr. Winchester's

8  representations here, if I understand him correctly, and

9  Mr. Winchester should correct me if I'm wrong on the record,

10  Abbott is going to update its interrogatory responses and it is

11  going to continue to produce documents and it will not be

12  resting upon any objections that discovery be limited to HPD;

13  is that correct?

14          MR. WINCHESTER:  Well, probably not in the way you

15  stated it.  Your Honor, you ruled on the documents, okay.

16  Documents are not at issue here.  We have your ruling on the

17  documents.  We're going forward on that basis.  I don't know

18  that we'll update these interrogatories at all because frankly

19  when we answered them we answered them in the fashion I've just

20  told the Court.  We did not answer these as just the

21  information held within the HPD area of Abbott Laboratories.

22  So I don't know that there will be an update to the

23  interrogatories, but I'll say again if the Court needs me to,

24  we have responded on behalf of Abbott including the Abbott

25  Health Systems area.  To the extent that there needs to be