# EXHIBIT C

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
CITIZENS FOR CONSUME, et al    . CIVIL ACTION NO. 01-12257-PBS
         Plaintiffs            .
                               .
         V.                    . BOSTON, MASSACHUSETTS
                               . JULY 2, 2007
ABBOTT LABORATORIES, et al     .
         Defendants            .
. . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:    George Henderson, Esquire
                          Mark Levine, Esquire
                          United States Attorney's Office
                          1 Courthouse Way
                          Suite 9200
                          Boston, MA 02210
                          617-748-3272

For Abbott Laboratories:  Jason Winchester, Esquire
                          Jones, Day, Reavis & Pogue
                          77 West Wacker Drive
                          Chicago, IL 60601-1692
                          312-782-3939

For Ven-A-Care:           James Breen, Esquire
                          The Breen Law Firm, P.A.
                          3562 Old Milton Parkway
                          Alpharetta, GA 30005
                          770-740-0008

For Hospira and TAP:      Brian J. Murray, Esquire
                          Jones Day
                          77 West Wacker Drive
                          Suite 3500
                          Chicago, IL 60601-1692
                          312-782-3939

Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**

49

1 reason that you should be able to say, no, government, you
2 can't have those documents from Abbott; well that's fine we'll
3 go and get them from these third parties.  And the idea that
4 the third parties aren't here complaining, they don't know what
5 this case is about or what Your Honor's rulings have been.  The
6 government certainly isn't telling them what your rulings have
7 been with regard to the appropriate scope of discovery.  And
8 they're calling us saying for instance, boy, if this were
9 cutoff in 2003 we'd be talking about a whole different set of
10 documents cause at least one of them had a merger after 2003.
11             THE COURT:  Okay.
12             MR. WINCHESTER:  It's a very different enterprise
13 then they were in the relevant time period the Court's already
14 set.
15             THE COURT:  All right, thank you.
16             MR. LEVINE:  Well, in terms of the approach taken by
17 Abbott, I would just again point to how much red there is on
18 this page and how often they're taking the same approach to
19 discovery from third parties.  And I assume that they're
20 capable of having discussions with the third parties they
21 subpoenaed to focus it and keep the burden to a level that
22 isn't objectionable.  The United States is doing the same
23 thing.
24             One more on the equitable side, Your Honor, which is
25 the relief that's requested would make things even more

50

1  burdensome to the third parties, not less burdensome in a lot
2  of cases.  One of the subpoena recipients is the Pharmaceutical
3  Research Manufacturers' Association.  And they've said to us
4  we've been subpoenaed in the MDL a couple of years ago and we
5  produced 32 boxes of documents, and before we spend a lot of
6  time getting additional materials will you take a look at those
7  to figure out if that's going to be an acceptable response for
8  your current subpoena?  And we've had that kind of discussion
9  with them to try to work through it and essentially we said of
10 course we'll look at those before we expect you to do a lot of
11 additional work.
12        If the relief in the motions today is granted, Pharma
13 will be prohibited from doing that.  They won't be able to hand
14 those boxes over because there might be something that pertains
15 to TAP or pertains to Hospira in there.  So instead of being
16 able to just say, here, let's burn a new copy and hand it to
17 you, now they have to spend the time and go page by page and do
18 the sort that Abbott, TAP and Hospira think is appropriate but
19 that they're not interested or concerned with doing because
20 it's a lot easier for them to just give us another copy of what
21 they've already done.  They'll be forbidden from doing that.
22        There's another company that has a lot of monthly
23 reports.  For example one of their monthly reports is top
24 spread increases.
25        THE COURT:  And which company is that?

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**

51

1  MR. LEVINE: One of the subpoena recipients. It's –
2  I only know it by their initials, MHA. They create a report
3  tracking the biggest spread changes focused on a particular
4  customer that might benefit them so they can then buy the
5  product that has the largest spread. And they've been doing
6  that for several years but the older documents are in archives,
7  are on the old tapes that are hard to restore. And what they'd
8  like to do is to give us exemplars from the more recent times.
9  It's nice and easy for them to get their hands on. And let us
10 look at those to decide what need there might be to go back
11 into old ones. Or maybe we would do a combination of a
12 deposition for somebody to say let me show you these exemplars.
13 How long have you been doing these, et cetera? If we just do a
14 blunt timeframe we can't ever seen anything recent then that
15 forces them to restore tapes when they don't want to do that.
16 So the individualized attention that we're able to
17 give when we speak to the third party recipients is quite
18 helpful. They can express the detailed concerns and we can
19 work with them and that's what's been happening. And that's
20 why we haven't reached an impasse with any of them. And none
21 of them have needed to come before the Court and ask for any
22 relief at this point.
23 THE COURT: Do you want to respond to that?
24 MR. WINCHESTER: Two things, Your Honor. One that I
25 forgot to cover the last time, which is the issue of standing,

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**