# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>)<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*United States of America ex rel.* )<br>*Ven-A-Care of the Florida Keys,* )<br>*Inc. v. Abbott Laboratories, Inc. and* )<br>*Hospira, Inc.,* )<br>CIVIL ACTION NO. 06-11337-PBS ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti Saris |

**RESPONSE OF PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC.
TO DEFENDANT ABBOTT LABORATORIES, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND TANGIBLE THINGS**

VEN-A-CARE OF THE FLORIDA KEYS, INC. ("Plaintiff" or "Ven-A-Care"), by and through its undersigned counsel, files this Response to Defendant, Abbott Laboratories, Inc. ("Defendant" or "Abbott") First Request for Production of Documents and Tangible Things and states:

**GENERAL OBJECTIONS**

1. To the extent these questions and requests are broadly directed at other pharmaceutical manufacturers and drugs other than those listed in the United States' Complaint at issue in the above captioned action and not limited in scope to Defendant, Abbott Laboratories Inc., they are inherently unreasonable, unduly burdensome, not

relevant, and not reasonably calculated to lead to to the discovery of admissible evidence.  Also, to the extent these requests seek information concerning entities other than Abbott Laboratories Inc., they may be in violation of existing seals or protective orders mandated by statute or by other courts of competent jurisdiction. Accordingly, these responses will be made only with respect to Defendant, Abbott.

     2.    To the extent that these questions and requests are not limited to the specific drugs which are at issue in the latest active pleadings then the requests are inherently unreasonable, vague and unduly burdensome in scope because of the enormous amount of drugs which are the subject of Medicare and Medicaid claims. The responses will be limited to the specific drugs at issue in this litigation referred to in the United States' Complaint.

     3.    Ven-A-Care objects to these Requests to the extent that they seek information protected from disclosure by any privilege or doctrine, including the attorney-client privilege, the investigative files privilege, the work-product doctrine, the joint prosecution/ common interest doctrine, the deliberative process privilege, the law enforcement privilege or any other applicable basis for invoking privilege.  Ven-A-Care will screen materials and information to be released to Abbott to remove privileged materials.  To the extent there is any inadvertent disclosure of privileged information, Ven-A-Care reserves its right to argue that such inadvertent disclosure shall not constitute any waiver of the privileges.  Ven-A-Care reserves the right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged or otherwise protected under law and that has been revealed or produced inadvertently.  Ven-A-Care does not, by responding to these Requests, waive