UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 2 TRIAL | Judge Patti B. Saris |

**PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY RELATING TO
TRACK 2 CLASS CERTIFICATION AND STATE LAW ISSUES**

In support of certification of classes against the Track 2 Defendants, Plaintiffs recently

submitted their Supplemental Memorandum in Support of Track 2 Class Certification Regarding

State Law Issues (the "Memorandum"). In that Memorandum, Plaintiffs cited *International*

*Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co., Inc.*, 894 A.2d 1136 (N.J.

App. Ct. 2006), in support of application of the New Jersey Consumer Fraud Act ("CFA") to the

claims of class members nationwide against Defendant Aventis, which is headquartered in New

Jersey. In the attached opinion issued yesterday, the New Jersey Supreme Court reversed the

Court of Appeals.

Importantly, for purposes of the instant case, the court did ***not*** make its decision on

choice of law grounds, as the parties to the appeal had urged:

> Although the parties have suggested that the choice of law
> analysis, and the corollary decision to apply our CFA to all
> members of the nationwide class, was the lynchpin for class
> certification and should therefore be the essential focus of this
> appeal, ***we do not adopt that approach. Rather, we address this***
> ***class action certification, as we have others, by analyzing more***
> ***generally the assertions about predominance and superiority*** . . . .
> If we were to agree with the appellate panel that our CFA could
> appropriately be applied to all members of this nationwide class,

- 1 -

the proofs that our CFA would require, in and of themselves,
demonstrate an overall lack of predominant common questions. . . .

Slip op. at 22-23 (emphasis added).

The plaintiff alleged that it was induced to make payments for Vioxx in response to defendant's marketing campaign in which it represented that its product was a safer and more effective alternative to other pain medications when defendant was aware that Vioxx was neither more effective nor safer.  Slip op. at 6-7.  The court found that common fact issues did not predominate given a well developed factual record pertaining to decisions about whether to place this self-administered drug on formularies:

> [P]laintiff does not suggest that each of these proposed class members, receiving the same information from defendant, reacted in a uniform or even similar manner.  Rather, the record speaks loudly in its demonstration that each third-party payor, relying on PBMs and P&T Committees, made individualized decisions concerning the benefits that would be available to its members for whom Vioxx was prescribed.  The evidence about separately created formularies, different types of tier systems, and individualized requirements for approval of reimbursement imposed on various plans' members and, to some extent, their prescribing physicians, are significant.

Slip op. at 26.  And for these reasons, the court found that the plaintiff could not rely upon a single expert to show market-wide causation.  Slip. op. at 29.

The individualized decision about whether to place a drug on a formulary is not at issue here the AWP litigation, where formulary decisions are irrelevant.  Instead, this case involves the systemic, uniform use of the AWP benchmark in the physician-administered drug area.  Thus, the New Jersey Supreme Court's reversal is inapposite, and the appellate court's decision on the choice of law analysis retains its vitality.  In sum, the Vioxx decision does not detract from the application of the CFA to the proposed nationwide class members' claims against Aventis.

001534-16  194717 V1

DATED:  September 7, 2007

By____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on September 7, 2007, I caused copies of **PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY RELATING TO TRACK 2 CLASS CERTIFICATION AND STATE LAW ISSUES** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 **/s/ Steve W. Berman**
Steve W. Berman

001534-16  194717 V1