## DECLARATION OF JASON G. WINCHESTER

Jason G. Winchester, make the following statements based upon my own personal knowledge:

1.      My name is Jason G. Winchester.  I am a partner in the law firm JONES DAY, which represents Abbott Laboratories Inc. ("Abbott") in a variety of litigation matters relating to pharmaceutical pricing, including the lawsuit captioned *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS.

2.      I received an e-mail from Mr. Gejaa Gobena, counsel for the United States of America, requesting that Abbott provide dates for the deposition of a number of current and former Abbott executives, including Thomas Hodgson (Abbott's former President and Chief Operating Officer).  The initial email from Mr. Gobena did not request the deposition of Duane Burnham (Abbott's former Chief Executive Officer and Chairman of the Board of Directors), but Mr. Gobena made clear during a subsequent discussion that the Government also was requesting Mr. Burnham's deposition.

3.      In order to evaluate counsel's request, I requested a meet and confer conference to discuss the issue.

4.      Mr. Gobena agreed, and a meet and confer was held via telephone on July 17, 2007.  This conference was attended by Mr. Gobena, Mr. Nicholas Paul (an attorney with the California Department of Justice, who represents the state in a related action pending against Abbott in California), and me.  Mr. Gobena, Mr. Paul and I continued our meet and confer on July 27, 2007, at which time we were joined by Mr. Chris Cook from my firm and Ms. Ann St. Peter-Griffith, counsel for the Government.  I spoke with Mr.

Gobena, Mr. Paul, and Ms. St. Peter-Griffith again about these depositions on August 8, 2007.

5.      During these conferences, plaintiffs were invited to state the grounds for their request to depose Messrs. Burnham and Hodgson.

6.      As to Mr. Burnham, counsel articulated three bases: (i) he was allegedly involved in lobbying efforts on behalf of Abbott related to the 1997 Balanced Budget Act; (ii) he was allegedly involved with healthcare advocacy groups, which to my memory the Government identified as Healthcare Alliance and/or the Healthcare Leadership Council; and (iii) as the top corporate officer at Abbott during part of the time period alleged in the Government's complaint, he might have relevant knowledge concerning the marketing, pricing, or sale of Abbott's products.

7.      As to Mr. Hodgson, I asked numerous times whether there was any action that Mr. Hodgson took that counsel believed would justify his deposition.  They were not able to identify any specific action.  Nevertheless, they took the position that Mr. Hodgson's deposition was appropriate because (i) as the second-highest ranking officer within Abbott during part of the time period alleged in the Government's complaint, he might have relevant knowledge concerning the marketing, pricing, or sale of Abbott's products; and (ii) he might have information relating to the activities of a Medicare Working Group at Abbott.

8.      I asked whether the Government would be willing to agree to any limitations as to the duration of these proposed depositions, or to a set list of subjects that could be covered during the depositions.  As to timing, Mr. Gobena indicated that the Government would work with the other plaintiffs' counsel interested in these depositions to attempt to

complete the depositions in one day per witness.  He would not agree to any shorter time period.  As to subject matter, Mr. Gobena indicated that the Government would not agree to any limitation as to the subjects that could be covered at deposition with these witnesses.

9.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and present ability to recall the events in question.

Dated: September 7, 2007

Jason G. Winchester

CHI-1605943v1