**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> 01-CV-12257-PBS ) <br> ) | MDL No. 1456 <br><br> Civil Action No. 01-CV-12257 PBS <br><br> Judge Patti B. Saris |

**WARRICK PHARMACEUTICALS CORPORATION'S POST-DAMAGES HEARING SUBMISSION CONCERNING LIABILITY AND DECLARATORY RELIEF**

At the damage hearing on August 27, 2007, Warrick Pharmaceuticals Corporation ("Warrick") established that its AWPs for its 0.5% albuterol solution did not affect the Medicare reimbursement rate in 1998 or 1999, and thus, there was no causal connection between Warrick's conduct and any harm to the members of Class 2 and no liability under c. 93A.  As the Court agreed with Warrick's analysis, Warrick now requests that the Court enter an order holding that there is no liability for Warrick.

During argument on the Warrick damages and liability issues, the Court inquired whether some form of declaratory relief might be available to Class 2, and the Court gave leave to Plaintiffs to make a submission on the issue by August 31, 2007.  Following the damages hearing, Warrick provided an analysis to Plaintiffs' counsel explaining the reasons that the Court lacked any legal basis for relief under the Declaratory Judgment Act.  Plaintiffs elected not to make a submission seeking any form of declaratory relief.  In the event that the Court is still contemplating a declaratory judgment, Warrick hereby provides the Court with an overview of the reasons why such relief is inappropriate.

As set forth more fully below, there is no legal basis for a declaratory judgment because (i) Plaintiffs did not request, and the Court did not certify, a Rule 23(b)(2) class for Class 2 (though it did do so for Class 3); (ii) declaratory relief is only appropriate to award injunctive relief or where declaratory relief, as a practical matter, affords injunctive relief or serves as a basis for later injunctive relief; and (iii) the Declaratory Judgment Act only applies to cases "of actual controversy" properly before a court, and the case or controversy requirement must be met not only when the Complaint is filed, but when the Court acts. Because the trial resolved liability for Warrick's actions during the class period, there is no basis for declaratory judgment as to those claims. Accordingly, the Court should enter a judgment of dismissal of Warrick as to all claims in Class 2.

## I.   CLASS 2 DID NOT SEEK DECLARATORY RELIEF AND CORRECTLY WAS NOT CERTIFIED UNDER RULE 23(B)(2)

During the course of the January 19, 2006 hearing on class certification, the Court declined to consider injunctive relief for Classes 1 and 2. 1/19/06 Tr. (31:20-35:15). Plaintiffs were invited to move at a later time for any equitable relief that may then appear necessary and appropriate. *Id*. ("I'm not going to certify for the injunctive and equitable relief right now. If you want it, you move for it, you tell me why you want it, but at this point, I'm only doing it on monetary relief."). Plaintiffs made no such subsequent motion, and the Medicare classes were certified solely for monetary damages under Rule 23(b)(3) (though the Court did certify a Rule 23(b)(2) class for Class 3). A copy of the class certification order is attached hereto as Exhibit A.

The Court correctly certified Class 2 only under Rule 23(b)(3) because the claims were exclusively for money damages. Fed. R. Civ. P. 23(b)(3). A Rule 23(b)(2) class is proper only where it is appropriate to award "final injunctive relief or corresponding declaratory relief" to the

entire class.  As the Court recognized, the passage of the Medicare Modernization Act ("MMA") eviscerates any risk of future harm to Class 2 because Medicare no longer reimburses on AWP.  Thus, an injunction would be neither appropriate nor possible, and certification under Rule 23(b)(2) would be inappropriate.  8/27/07 Tr. (19:13-14) (rejecting an "injunction . . . because it's no longer the standard").  The Notes of the Advisory Committee state that "[d]eclaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief."  *See* Advisory Committee's Note to the 1966 amendment of Rule 23.  "In other words, the declaration should be the equivalent to an injunction."  7A Charles A. Wright *et al.*, Federal Practice and Procedure, Section 1775; *see generally* Andrew Bradt, "*Much to Gain and Nothing to Lose" Implication of the History of the Declaratory Judgment for the (B)(2) Class Action*," 58 Ark. L. Rev. 767, 794 (2006) (collecting cases and reciting well-established principles that a "(b)(3) class action . . . is a collection of claims primarily for money damages").  Since the MMA now defines the rules applicable to Medicare reimbursement, there is no need, practical or otherwise, for any declaration by the Court governing Warrick's conduct.

## II.    THERE IS NO LEGAL BASIS FOR A DECLARATORY JUDGMENT DUE TO THE ABSENCE OF AN "ACTUAL CONTROVERSY"

The Declaratory Judgment Act only applies to cases "of actual controversy" properly before a court.  28 U.S.C. § 2201(a).  The case or controversy requirement under the Declaratory Judgment Act must be satisfied, not only when the Complaint is filed, but when the Court acts.  *See*, *e.g.*, *Ramirez v. Ramos*, 438 F.3d 92, 100 (1st Cir. 2006); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).  Because the trial resolved liability for Warrick's actions during the class period, there is no basis for declaratory judgment as to those claims.  As to prospective claims, declaratory judgment would not resolve any future claims because Medicare no longer reimburses based on AWP.  *Cf. Ruiz v. Bally Total Fitness Holding Corp.*, 447 F. Supp. 2d 23,

30-31 (D.Mass. 2006) (Under the state analogue to the federal Declaratory Judgment Act, the court held, in a 93A claim, that "[w]hile lack of injury, in itself, does not preclude a declaratory judgment suit, [plaintiff must offer] evidence that imminent or inevitable litigation is likely to develop barring a declaration by this Court").

Simply put, a declaratory judgment would resolve no past or future claims.  Thus, a declaratory judgment would not resolve any actual controversy and would be in the nature of an advisory opinion.  *See Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003) ("If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case.").  In effect, any such claim is moot.  *See Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 46 (1st Cir. 2006) ("A case becomes moot if, at some time after the institution of the action, the parties no longer have a legally cognizable stake in the outcome.").

## CONCLUSION

For the reasons set forth above, Warrick submits that there is no legal basis for the entry of a declaratory judgment against Warrick concerning Class 2.  Therefore, in light of the evidence that Warrick caused no harm to the members of Class 2, the Court should dismiss the claims made against Warrick under c. 93A.  The Track 1 Defendants will submit early next week

a revised form of judgment under Rule 54(b) reflecting various appropriate modifications, including proposed language providing for judgment in favor of Warrick.

                Respectfully submitted,

                /s/ John T. Montgomery
                John T. Montgomery (BBO#352220)
                Steven A. Kaufman (BBO#262230)
                Daniel J. Bennett (BBO#663324)
                Jobe G. Danganan (BBO#660446)
                Ropes & Gray LLP
                One International Place
                Boston, Massachusetts 02110-2624
                (617) 951-7000

                *Attorneys for Warrick Pharmaceuticals Corporation*

Dated:  September 7, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                            /s/ Daniel J. Bennett_____
                                            Daniel J. Bennett