UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| SETTLEMENT WITH DEFENDANT GLAXOSMITHKLINE ("GSK") | Judge Patti B. Saris |

**PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND
UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**

Pursuant to Federal Rule of Appellate Procedure 7, Plaintiffs hereby move for imposition of an appeal bond in the amount of $131,700.  In support thereof, Plaintiffs state as follows:

1.      On July 19, 2007, the Court granted final approval of the $70 million settlement of all claims pending against GSK in the AWP litigation ("the Settlement").

2.      Demra Jordan ("Objector") is the sole objector to the Settlement.  The sole basis of her objection is that the Court should not have certified the Settlement Class because of "a lack of predominance of common issues pursuant to Federal Rule of Civil Procedure 23(b)(3)."

3.      As set forth in the accompanying Memorandum, this objection is frivolous because certification of the Settlement Class caused the Objector no injury.  No one forced her to remain in the Class after receiving notice and she had ample opportunity to opt out.  She therefore has no standing to bring this Objection.

4.      In addition, her appeal is frivolous within the meaning of Rule 38 of the Federal Rules of Civil Procedure because her one-sentence objection failed to sufficiently preserve the issue for appeal and because the Court's order granting final approval is entitled to substantial discretion.  Moreover, federal courts look particularly askance as objectors, like Objector here,

who act only as "spoilers," denying the benefits of a hard-fought settlement to the remainder of the Class. One of Objector's attorneys appears to be a law firm representing TAP Pharmaceuticals in this case. It therefore appears that Objector's "objection" is actually a tactical move made on behalf of the remaining defendants.

5. An appeal bond is warranted in this case; the nature and amount is left to the sound discretion of the district court. *Sckolnick v. Harlow,* 820 F.2d 13, 15 (1st Cir. 1987); *see also Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998). Rule 7 appeal bonds may include the costs itemized in Rule 39 of the Federal Rules of Appellate Procedure (*i.e.* the costs to prepare and reproduce the briefs and appendices), as well as attorneys' fees, the possible amount of sanctions that may be imposed, and other "damages" such as administrative fees incurred by the delay. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.,* No. MDL 1361, 2003 WL 22417252, *3 (D. Me. Oct. 7, 2003); *Sckolnick,* 820 F.2d at 15. This is particularly true when the appeal is deemed to be frivolous.

6. There is good cause for requiring the Objector to post an appeal bond. Not only will the objection cause lengthy delays in distributing long-awaited relief to the class members who submitted claims, it will also cause significant additional administrative costs. As outlined in the Glenn Declaration and explained further in the accompanying Memorandum, the delay will require the Settlement Administrator to expend additional operating expenses that will be deducted from Settlement Fund. Additional attorneys' fees and costs will also be incurred if the Objector's appeal is unsuccessful.

WHEREFORE, for the reasons set forth in the accompanying Memorandum, Plaintiffs respectfully request that this Court enter an order, pursuant to Rule 7 of the Federal Rule of

Appellate Procedure, requiring Objector to post an appeal bond in the amount of $131,700, and

all other relief that this Court deems just and appropriate.


DATED:  September 7, 2007                    By_____/s/ **Steve W. Berman**_____
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                            Hagens Berman Sobol Shapiro LLP
                                            One Main Street, 4th Floor
                                            Cambridge, MA  02142
                                            Telephone: (617) 482-3700
                                            Facsimile: (617) 482-3003

                                            **LIAISON COUNSEL**

                                            Steve W. Berman
                                            Sean R. Matt
                                            Hagens Berman Sobol Shapiro LLP
                                            1301 Fifth Avenue, Suite 2900
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile: (206) 623-0594

                                            Elizabeth Fegan
                                            Hagens Berman Sobol Shapiro LLP
                                            820 North Boulevard, Suite B
                                            Oak Park, IL  60302
                                            Telephone: (708) 776-5600
                                            Facsimile: (708) 776-5601

                                            Jeffrey Kodroff
                                            John A. Macoretta
                                            Spector, Roseman & Kodroff, P.C.
                                            1818 Market Street, Suite 2500
                                            Philadelphia, PA  19103
                                            Telephone: (215) 496-0300
                                            Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on September 7, 2007, I caused copies of **PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 **/s/ Steve W. Berman**
Steve W. Berman