# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

August 24, 2007

<u>VIA EMAIL</u>

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

John K. Neal, Esq.
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin and John:

      I write to briefly summarize our conversation of yesterday regarding Magistrate Bowler's August 13, 2007 ruling on Abbott's motions to compel evidence withheld under the deliberative process privilege.  As you know, Magistrate Bowler's ruling ordered the United States to produce "the approximately 60 documents that expressly reference Abbott Laboratories, Inc. ("Abbott") and/or the subject drugs as well as those documents that concern the government's knowledge of the common use of spreads with respect to published AWPs."  Magistrate Bowler's ruling further states that "Abbott's need for the foregoing documents is substantial particularly in light of their relevance and the showing that memories have faded with the passage of time."

      Based upon our discussion, it is evident that the parties have a very different view on the scope of Magistrate Bowler's ruling.  In particular, you indicated that the United States views the language "as well as those documents that concern the government's knowledge of the common use of spreads with respect to published AWPs" to require production *only* of documents that concern the use of the spread in marketing drugs.  As we discussed, Abbott does not believe that is a fair ruling of Magistrate Bowler's order.  At a minimum, we believe the order requires production of any and all documents that concern the Government's knowledge of the spread between acquisition cost and published AWPs (or similar price metrics).  We believe Magistrate Bowler's language regarding "the showing that memories have faced with the passage of time" supports our interpretation.

      As one example, I specifically asked if you believed Magistrate Bowler's ruling would require production of the notes of the entrance and exit conferences between OIG and CMS personnel relating to OIG reports.  You believe the ruling does not compel the United States to

JONES DAY

M. Justin Draycott
John K. Neal
August 24, 2007
Page 2


produce such documents.  Abbott believes that such documents, and many others, have been compelled by the ruling.

 Please let me know if I have misunderstood the Government's position.

      Sincerely,

      /s/ David S. Torborg

      David S. Torborg

cc: Renée Brooker
   Gejaa Gobena
   Mark A. Lavine
   Ann St. Peter-Griffith
   Ana Maria Martinez
   James J. Breen
   Alison Simon
   Neil Merkl
   Sarah L. Reid
   Eric Gortner