```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| In re Pharmaceutical Industry Average Wholesale Price Litigation  **THIS DOCUMENT RELATES TO:** U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al. | MDL No. 1456 Master File No. 01-12257-PBS Civil Action No. 01-11337-PBS |

### DISCOVERY ORDER

September 7, 2007

Saris, U.S.D.J.

After a review of the United States' objections to the July 19, 2007 order of Magistrate Judge Bowler (Docket No. 4622) and the response by Defendant Abbott Laboratories, Inc., I rule as follows:

1. The third parties shall produce all documents which refer or relate to Abbott's marketing a spread on a drug involving AWP no matter what drug or what year.

2. With respect to the particular named drugs at issue in this litigation, the third parties shall produce all documents related to pricing that drug regardless of the time period generated.

3. The third parties shall produce all documents related to lobbying the legislative or executive branch in the 1991 to 2003 time period relating to AWP/government reimbursement issues.

4. The third parties shall produce all documents relating to Abbott's reporting AWP to the publication compendia (like

First Data Bank) during the 1991 to 2003 time period.

    5.   Hospira shall produce all relevant documents of Abbott's Hospital Products Division in its custody, possession and control.

    6.   TAP shall produce all documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period.

    7.   Otherwise, the magistrate judge's order is **AFFIRMED**.

    8.   The subpoenas are not quashed but shall be narrowed consistent with this order and the magistrate judge's order.

    9.   I have reviewed the documents attached to the government's motion and find that there is no good cause for sealing. With respect to most of the documents, the assertion of confidentiality is frivolous. No further documents shall be sealed in this case unless counsel asserting confidentiality asserts the basis for the claim in a pleading subject to the sanction of Fed. R. Civ P. 11.

                                         /s/ Patti B. Saris

                                         _____
                                         PATTI B. SARIS
                                         United States District Judge