UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257 |
| THIS DOCUMENT RELATES TO: **ALL ACTIONS** | ) ) ) ) ) ) | |

**ORDER RE: MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT (Docket No. 4105)**

September 10, 2007

Saris, U.S.D.J.

1.  After hearing and review of the supplemental submissions, the Court **ALLOWS** Plaintiffs' motion for leave to file an amended complaint alleging compliance with the special notice provisions of various state consumer protection statutes.

  a. Massachusetts

  Under the law of Massachusetts, such an amendment is permissible and would not be futile.  See Burns v. Hale & Dorr LLP, 445 F. Supp. 2d 94, 96-97 (D. Mass. 2006) (allowing 93A claim to proceed when plaintiff had sent a demand letter after filing suit and then amended the complaint over 30 days later to account for the demand letter); Tarpey v. Crescent Ridge Dairy, Inc., 713 N.E.2d 975, 983 (Mass. App. Ct. 1999) (finding that the notice requirement had been met, despite plaintiff sending the demand letter a year after filing suit, because the letter

adequately described the claims, it served its purpose of encouraging a settlement offer, and the plaintiff amended his complaint more than 30 days after delivery of his demand); Pierce v. Clark, 2005 Mass. Super. LEXIS 142 (Mass. Super. Ct. 2005) (allowing a motion to amend and denying a motion to dismiss 93A claims, despite the fact that the demand letter was sent after filing the complaint, because there was no showing of prejudice to the defendants); see also York v. Sullivan, 338 N.E.2d 341, 347 (Mass. 1975) (noting that even if a 93A suit was "subject to dismissal because it was begun too soon, such a dismissal should not ordinarily bar a suit brought after the thirty days had run").

Furthermore, the demand letters that plaintiffs sent to defendants in March of 2007 adequately identified the class members and their alleged injuries.  The letters specifically referred the recipients to the already-served complaint in this matter, which provides a detailed explanation of the plaintiffs and the alleged harm suffered.  This is sufficient to satisfy the requirements of the 93A demand letter.  See Michael C. Gilleran, The Law of Chapter 93A § 7.6 (Supp. 2005) ("As for demand letters asserting a class claim, such letters may be sent by a single person so long as the letter reasonably identifies the class of similarly situated persons.").

b.   California

In California, the law is less clear regarding whether a plaintiff can cure a lack of compliance with the notice requirement.  The California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1782, requires that a consumer send a demand "[t]hirty days or more prior to the commencement of an action for damages."  Federal courts sitting in California have split over whether parties should be allowed to amend their complaints to cure a lack of notice.  Two courts have specifically required that when no notice was given, the claims be dismissed with prejudice.  See Cattie v. Wal-Mart Stores, Inc., No. 06CV0897-LAB, 2007 WL 935582, at *9 (S.D. Cal. Mar. 21, 2007) (holding that the "failure to give notice before seeking damages necessitates dismissal with prejudice, even if a plaintiff later gives notice and amends"); Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (refusing plaintiffs' request to dismiss CLRA damages claim without prejudice due to the failure to comply with the notice requirement).

However, two courts have disagreed, deciding that such claims should be dismissed without prejudice to refiling the claims after providing notice.  See Kennedy v. Natural Balance Pet Foods, Inc., 2007 U.S. Dist. Lexis 57766, at *7-8 (S.D. Cal. Aug. 8, 2007) (noting the split among federal courts, and dismissing "any damages allegation under the CLRA without

prejudice" due to the lack of notice); Deitz v. Comcast Corp.,
2006 U.S. Dist. Lexis 94333, at *15 (N.D. Cal. Dec. 21, 2006)
(striking the claim for damages under the CLRA "without prejudice
to an amendment adding similar allegations back in once plaintiff
is able to show compliance with Section 1782(d) and the thirty-
day period").  Given the circumstances of this case, I conclude
that plaintiffs should be allowed to amend the complaint to cure
the notice defect.  When the CLRA count was added to the
complaint, defendants had been familiar with the plaintiffs'
claims for years.  Furthermore, defendants have made no effort to
provide a "remedy" to the allegations in any of the plaintiffs'
demand letters served throughout this litigation.  It is
therefore appropriate for the plaintiffs to continue to pursue
their CLRA claims.

        c.   West Virginia and Wyoming

        In West Virginia and Wyoming, there appears to be no
caselaw addressing the issue of amending a complaint to allege
notice under the relevant consumer protection statutes.  Still,
there is no statutory provision barring a plaintiff from curing a
lack of compliance with the notice requirement with an amendment.
In addition, because the defendants were aware of the nature of
plaintiffs' claims under these statutes, and had ample
opportunity to discuss settlement, there is no prejudice to
defendants.  The Court allows the motion to amend compliance with
these statutes.

      d.    <u>Texas and Indiana</u>

Plaintiffs have moved to amend the complaint to allege compliance with the notice requirements of the Texas and Indiana consumer protection statutes.  Texas and Indiana have unique statutory provisions which do not require dismissal for failure to provide notice.  Thus the plaintiffs' proposed amendments are inconsequential for these states.  Under the Texas Deceptive Trade Practices Act ("DTPA"), the failure to comply with the notice requirement does not mandate dismissal, but rather an abatement of the action for the statutory 60 day notice period.  <u>See</u> <u>Hines v. Hash</u>, 843 S.W.2d 464, 468-69 (Tex. 1992) ("When a plaintiff fails to comply with the requirement, abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal. . . .  We therefore conclude that if a plaintiff files an action for damages under the DTPA without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days.").  Here, there is no evidence that defendants have requested an abatement.  Even if they had, the DTPA requires only an abatement of the proceedings for 60 days, not dismissal of the claims.  <u>See</u> <u>id.</u> at 469 ("[I]t is not necessary to the purpose of notice in these circumstances to dismiss plaintiff's action if notice is not given.").

Under Indiana's Deceptive Consumer Sales Act ("DCSA"), Ind. Code § 24-5-0.5 et seq., in order for plaintiffs to establish

liability, they must either comply with the notice requirements, giving defendants an opportunity to cure the deceptive act, or prove that the act is "incurable."  A.B.C. Home & Real Estate Inspection, Inc. v. Plummer, 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986).  Indiana courts require "a literal application of the notice provisions."  McCormick Piano & Organ Co. v. Geiger, 412 N.E.2d 842, 849 (Ind. Ct. App. 1980); see also Lehman v. Shroyer, 721 N.E.2d 365, 368 (Ind. Ct. App. 1999) (finding that a failure to provide notice precluded plaintiff from bringing a successful DCSA claim).  While plaintiffs may have failed to comply with the notice requirement, they still have a viable claim under the second prong of the Indiana DCSA, which allows plaintiffs who have not given notice to maintain a claim if they can prove that the defendant's act is incurable.  See McCormick Piano, 412 N.E.2d at 849 ("[W]here he has not satisfied the notice prerequisites the consumer must prove not only that a deceptive act was committed but also that it was . . . an "incurable deceptive act.").  An "incurable deceptive act" is one that "was done as part of a scheme, artifice or device with the intent to defraud or mislead."  Id.  Thus, plaintiffs can maintain an action under the second prong of the Indiana DCSA.

     2.  The Court **DENIES** the motion to amend to the extent the amendment adds new drugs.

     3.  The Court **ALLOWS** the motion to add the fraud count.

/s/ Patti B. Saris

Patti B. Saris
United States District Judge