**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Chief Mag. Judge Marianne B. Bowler |

**DECLARATION OF LYNDON M. TRETTER
IN SUPPORT OF MOTION FOR RECONSIDERATION**

I, Lyndon M. Tretter, do hereby declare that:

1.      I am a partner in the law firm of Hogan & Hartson LLP, counsel for defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (together "BMS") in this action.

2.      On December 11, 2006, I sent a letter to plaintiffs' counsel, Steve Berman and Sean Matt in the law firm of Hagens Berman Sobol Shapiro LLP.

3.      Among other things, the letter informed plaintiffs' counsel of BMS's ability to remedy the prior objection to DX 1268.  The letter enclosed an affidavit from B. Scott Aitken, the custodian of business records of U.S. Oncology, that provided the foundation for DX 1268.

4.      A true and correct copy of the letter and the enclosed U.S. Oncology affidavit is attached hereto as Exhibit A.

5.     The letter also confirmed my agreement with plaintiffs' counsel that DX 1227 would be introduced into evidence through the trial affidavit of Dr. Timothy Snail of CRA International.

6.     I was prepared to call Dr. Snail as a live witness at trial on behalf of BMS to lay the foundation for DX 1227.  I did not do so only because the parties agreed that, in lieu of oral testimony, Dr. Snail's written testimony with its attachments would be admitted into evidence.

7.     A true and correct copy of Dr. Snail's trial affidavit with its attachments (Docket No. 3381) is attached hereto as Exhibit B.

8.     Plaintiffs' counsel did not inform me of any objections to DX 1227 or DX 1268 after they received my letter.

9.     I did not learn of plaintiffs' "supplemental" objections to those exhibits until this Court's Order dated August 15, 2007 in which the Court sustained the objections.  I believe that because those supplemental objections were filed on the same day the parties exchanged post-trial findings of fact and conclusions of law that I and my firm failed to appreciate that they had been filed.

10.     I believe that the supplemental objections failed to apprise the Court of the developments recited in this Declaration and its exhibits which superseded and overcame the basis for the objections.  Accordingly, I respectfully request that the Court reconsider its August 15, 2007 Order and readmit DX 1227 and DX 1268 into evidence.

Executed on September 11, 2007


I declare under penalty of perjury that the foregoing is true and correct.



_____/s/  Lyndon M. Tretter_____
Lyndon M. Tretter

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

I, Hoa T.T. Hoang, certify that on September 11, 2007, I caused a copy of **DECLARATION OF LYNDON M. TRETTER IN SUPPORT OF MOTION FOR RECONSIDERATION** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.


        /s/ Hoa T.T. Hoang
        Hoa T.T. Hoang