# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | CIVIL ACTION: 01-CV-12257-PBS |
|  | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Chief Mag. Judge Marianne B. Bowler |

## DEFENDANT BMS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ADMISSIBILITY OF DX 1227 AND DX 1268

In an August 15, 2007 Order, the Court sustained plaintiffs' January 19, 2007 "supplemental" objections to DX 1227 and 1268.  (8/15/07 Order, Docket No. 4636.)  Counsel for Bristol-Myers Squibb and Oncology Therapeutics Network Corp. (together "BMS") bring this motion for reconsideration because they did not notice the supplemental objections on the docket— filed on the same day as the parties' post-trial proposed findings of fact and trial memorandum of law— and consequently failed to respond.  As BMS demonstrates below, plaintiffs' supplemental objections for exhibits DX 1227 and DX 1228 failed to apprise the Court of the foundation that had been laid for each at the end of trial.  Therefore, the objections should be overruled and the exhibits readmitted into evidence.

## STATEMENT OF FACTS

During the examination of BMS's expert, Dr. Linda A. Haegele, plaintiffs objected to DX 1227 (chart of Medicare drug margins for 2004 and 2005) because other experts at CRA International ("CRA"), not Dr. Haegele, created the chart.  (Haegele 12/06/06 Trial Tr. 141-143.)  The Court sustained the objection.  During the examination of Dr. Raymond Hartman, plaintiffs objected to DX 1268 (letter to Karen Ford Manza of U.S. Oncology from Keane Chan of Trigon) on the ground that there was no foundation for the document.  The court sustained the objection.  (Hartman 11/21/06 Trial Tr. 52-53.)

On December 11, 2006, in preparation for the close of evidence, BMS's counsel wrote a letter to plaintiffs' counsel addressing, among other issues, DX 1227 and DX 1268.  Tretter Decl. Ex. A.  The letter memorialized the parties' agreement that DX 1227 would be introduced into evidence through the trial affidavit of Dr. Timothy Snail of CRA, which provided the necessary foundation for DX 1227.  *Id.* at 1.  (*See* Snail Trial Aff., attached as Ex. B to Tretter Decl.)[1]  In addition, the letter also notified plaintiffs of BMS's ability to remedy the prior objection to DX 1268.  The letter enclosed an affidavit from the custodian of business records of U.S. Oncology that provided the foundation for DX 1268.  *Id.*  BMS's counsel requested plaintiffs' counsel to notify him if plaintiffs had any objections to the exhibits.  Plaintiffs' counsel did not inform BMS's counsel that they had objections to DX 1227 or DX 1268 after they received the letter.

On December 19, 2006, the Track 1 defendants filed their request for admission of trial exhibits.  The defendants marked with an asterisk the seven trial

---

[1] Indeed, BMS was prepared to call Dr. Snail as a live witness at trial to lay the foundation for DX 1227 and did not do so only because the parties agreed to the admission of the Snail written testimony with its attachments into evidence in lieu of any oral testimony.

exhibits that plaintiffs indicated to defendants they would object to.  Notably, these seven

trial exhibits did <u>not</u> include DX 1227 or DX 1268.  On December 26, 2006, the plaintiffs

filed objections to six of the seven trial exhibits that they had indicated they would object

to.  Plaintiffs did not object to DX 1227 or DX 1268.

   Plaintiffs filed  "supplemental" objections to DX 1227 and DX 1268 on

January 19, 2007 – the same day the parties' post-trial findings of fact and trial

memoranda were due.  In the flurry of filings that occurred that day, BMS's counsel

failed to notice that plaintiffs had filed these  objections (which in any event simply

renewed the objection  raised at trial and which had been superseded by the subsequent

developments that had provided the necessary foundation).    Without the benefit of a

response from BMS that would have shown that there was indeed a proper foundation for

both DX 1227 and DX 1268, the Court sustained plaintiffs' objections to both trial

exhibits on August 15, 2007.

## <u>ARGUMENT</u>

<u>Reconsideration Is Appropriate Where the Record Was Incomplete Because of a Mistake</u>

   Reconsideration of an order is appropriate where there is "mistake,

inadvertence, surprise or excusable neglect."  Fed. R. Civ. P. 60(b)(1); *see also United

States for Electric Machinery Enters. v. Fraya, S.E.*, 145 F.3d 1, 4-5 (1st Cir. 1998)

(affirming district court's grant of reconsideration where party missed filing summary

judgment deadline because local rules were ambiguous).  In *Pioneer Inv. Servs. Co. v.

Brunswick Assocs.*, the Supreme Court established four factors a court should weigh

when determining excusable neglect: (1) the danger of prejudice to the party opposing the

modification; (2) the length of delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  507 U.S. 380, 395 (1993). "[E]xcusable neglect is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *In re: Vitamin Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (quoting *Pioneer Inv.*, 507 U.S. at 392) (although reason for delay was within control of movant, reconsideration appropriate where opposing party was not substantially prejudiced, delay was short and did not impact judicial proceeding, and there was no indication movant acted in bad faith).

Reconsideration of the August 15, 2007 Order is appropriate here because BMS counsel's failure to file a response was inadvertent and not the result of bad faith. BMS's counsel in good faith believed plaintiffs no longer objected to DX 1227 and DX 1268 at the close of BMS's case after BMS provided the necessary foundation for both trial exhibits through the trial affidavit of Dr. Snail and the U.S. Oncology affidavit. Moreover, plaintiffs did not indicate to defendants that they planned to object to DX 1227 and DX 1268 and in fact did not initially object to these two trial exhibits when they filed their objections on December 26, 2006.  In addition, reconsideration poses no danger of prejudice to plaintiffs because the Court determined the admissibility of DX 1227 and DX 1268 after it had already issued it Findings of Fact and Conclusions of Law on June 21, 2007.  Furthermore, BMS moved promptly for reconsideration and there is no impact on the judicial proceeding because the Court has already ruled on the Class 2 and Class 3 trial.

## CONCLUSION

BMS and its counsel regret and apologize to the Court for the inconvenience caused by counsel's excusable neglect. BMS respectfully request, in light of the facts included in the Declaration of Lyndon M. Tretter and the exhibits attached hereto, that the Court reconsiders the August 15, 2007 Order and admits DX 1227 and DX 1268 into evidence.


Dated:  September 11, 2007

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: _/s/ Steven M. Edwards____
     Steven M. Edwards
     Lyndon M. Tretter
875 Third Avenue
New York, New York 10022
(212) 918-3000

Thomas E. Dwyer Jr. (BBO No. 139660)
Jennifer M. Ryan (BBO No. 661498)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

*Attorneys for Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp.*

**<u>CERTIFICATE OF SERVICE</u>**


       I, Hoa T.T. Hoang, certify that a true and correct copy of Defendant BMS's Memorandum of Law in Support of Motion for Reconsideration of Admissibility of DX 1227 and DX 1268 was served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 on September 11, 2007, by sending a copy to LexisNexis for posting and notification to all parties.



                                      _____/s/ Hoa T.T. Hoang_____
                                            Hoa T.T. Hoang