# EXHIBIT A



U.S. Department of Justice

United States Attorney
Southern District of Florida

99 N.E. 4 Street

Miami, FL 33132
305-961-9003

August 17, 2007

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Chris:

This concerns Abbott's request for a Rule 30(b)(6) witness on a broad topic related to the calculation of drug reimbursement amounts for individual claims. In discussions with Dave Torborg of your office, Dave discussed approaching the same subject matter through an interrogatory. We have since received interrogatory No. 19 on this subject. It may be that you intended to defer or replace the Rule 30(b)(6) request with the interrogatory. In the event that you are still requesting a Rule 30(b)(6) witness from the United States, this letter addresses that request.

Your letter of July 27, 2007 included the following request for a witness or witnesses under Rule 30(b)(6):

> One or more witnesses who can describe in detail the manner in which the amount paid and/or the amount allowed was determined for each claim as to which the plaintiffs seek damages in this case. The witness(es) should be able to describe specifically how any applicable "median AWP" was calculated and what array of prices was used in that calculation for the entire time period and for all drugs at issue in this matter. The witness(es) should further be able to describe how the relevant Medicaid Programs determined the amounts paid for claims that are at issue in this matter.

The United States objects to the above request. The claims were processed by third parties. The Medicare claims were processed by over 20 private companies that were contractors for CMS. The Medicaid claims were processed either by 50 state governments or by private companies that were contracting with the states.

Page 2

The United States further objects to the request because it is overly broad, unduly burdensome, and unreasonable. This case involves tens of millions of Medicare and Medicaid claims.

The United States further objects to the request because it unreasonably seeks a witness or witnesses to testify on such an overly broad and burdensome topic, when other methods of discovery are available. The United States further objects because this request is cumulative to other discovery. For example, in response to a third party subpoena in this same AWP MDL and in the Lupron MDL, in 2004 Abbott received documents on this topic from the companies that contracted with the United States. In 2007, Abbott has received documents on this topic again from the contractors in response to Abbott's discovery requests. The request is also premature to the extent that the United States' document production is still ongoing.

The United States further objects to the extent that Abbott has already obtained this information, and/or this information is available to Abbott through discovery in other litigation and through third party subpoenas. The United States further objects to the extent that some of the information requested is publicly available.

The United States further objects to the extent that this request seeks to discover the United States' ongoing work with experts, in advance of the expert discovery schedule that has been set by the Court. Finally, the United States objects to the extent that the request seeks information protected by attorney-client privilege, deliberative process privilege, the work-product doctrine, the law enforcement and investigative files privilege, and/or any other privileges or doctrines.

Please let me know if you would like to discuss this further.

Sincerely,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   /s/ *Ana Maria Martinez*
     Ana Maria Martinez
     Assistant United States Attorney

cc:    James Breen, Esq.
        Alison Simon, Esq.
        Martin Murphy, Esq.
        Neal Merkle, Esq.
        Eric Gortner, Esq.