## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION    MDL No. 1456

-----------------------------------------------------------------   CIVIL ACTION: O1CV12257PBS

THIS DOCUMENT RELATES TO:

ALL ACTIONS                           Judge Patti B. Saris

-----------------------------------------------------------------


### DEMRA JORDAN'S RESPONSE TO PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7

COMES NOW Demra Jordan ("Jordan"), class member and objector to the GSK

Settlement, and files this *Response to Plaintiffs' Motion for Imposition of Appeal Bond Under*

*Federal Rule of Appellate Procedure 7* and would respectfully show this Honorable Court as

follows:

### I. INTRODUCTION

This Court granted final approval of the settlement of all claims pending against the GSK

Group in the AWP litigation ("the Settlement") on August 7, 2007. Jordan, a settlement class

member whose objection to the Settlement was overruled, filed her notice of appeal on August 21,

2007.

Jordan has diligently moved forward on her appeal.  Approximately two weeks ago,

Jordan forwarded to Plaintiffs the documents she was including in the Appendix and asked what

documents they sought to include.  Jordan intends to file her appellate brief next week.  Instead

of providing what documents they sought to include in the Appendix, Plaintiffs filed this motion,

seeking to suppress Jordan's appellate rights by requiring, Jordan, a person of limited means, to

1

file a large cost bond.  Class Counsel filed their motion and memorandum in support of the

imposition of a Federal Rule of Appellate Procedure 7 appeal bond on September 7, 2007. Class

Counsel alleges, *inter alia,* that the Court should impose an Appeal Bond in the amount of

$137,700 because the appeal is frivolous for numerous reasons, including: 1) Jordan does not

have standing because she did not suffer an injury-in-fact, and 2) the objection is "baseless" and

inadequate to preserve the issue for appeal. *Memorandum in Support of Plaintiffs' Motion for

Imposition of Appeal Bond* at pgs. 1-2. Plaintiffs' motion lacks evidentiary and factual support

and is nothing more than an attempt to suppress the legitimate appellate rights of Demra Jordan.

## II. ARGUMENT AND AUTHORITY

A.      **Federal Rule of Appellate Procedure 7 Appeals Bond**

Federal Rule of Appellate Procedure 7 states that "[i]n a civil case, the district court may

require an appellant to file a bond or provide other security in any form and amount necessary to

ensure payment of costs on appeal." FED.R.APP.P. 7.

A district court may not impose a bond in an amount beyond what is necessary to ensure

adequate security if to do so would effectively preclude pursuit of an appeal. *See Lindsey v.

Normet,* 405 U.S. 56, 77-79, 31 L. Ed. 2d 36, 92 S. Ct. 862 (1972) (holding statute conditioning

appeal on posting of double bond unconstitutional under Fourteenth Amendment equal

protection clause). Nor may a bond be imposed for the purpose of discouraging exercise of the

right to appeal. *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974) (stating

that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").

Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived

to be frivolous. *See In re American President Lines, Inc.,* 250 U.S. App. D.C. 324, 779 F.2d 714,

717 (1985) (denying bond requested because it failed as legitimate means of protecting appellee

against possibility that appeal might turn out to be frivolous).

There are means other than bonds, which adequately protect an appellee against frivolous appeals. One such device is an immediate motion to dismiss filed in the court of appeals. *Id.* This is available at the beginning of the appeal and may provide relief before expenses begin to mount. *Id.* Another protective device is Rule 38, under which just damages and single or double costs, including attorney's fees, may be awarded to the appellee if the Court of Appeals determines that the appeal was frivolous. FED. R. APP. P. 38; *Donaldson v. Imperial Cas. & Indem.* Co., 1989 U.S. Dist. LEXIS 17920, *4, Civ. No. G88-52 (W.D. Mich. Sept. 21, 1989). Thus, even if this appeal is frivolous, Class Counsel has adequate remedies available to it in the court of appeals. *Id.* Also, the United States Courts of Appeals have the power to hold Objectors' attorneys liable for unreasonably and vexatiously multiplying proceedings under its inherent equitable powers and 28 U.S.C. § 1927; *see also Hall v. Cole,* 412 U.S. 1, 4-5 (1943). It does not follow, however, that the court can include expenses related to conduct in a Rule 7 bond and condition appeal upon the posting of that bond.

In *Azizian v. Federated Department Stores,* 2007 WL 2388941 (9th Cir. 2007) the Court of Appeals provided that the question of whether, or how, to deter frivolous appeals is best left to the Court of Appeals, which may dispose of the appeal at the onset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorneys' fees through Rule 38. *Id.* at 12. Allowing district courts to impose high Rule 7 bonds where the appeals might be found frivolous risks impermissibly encumbering appellants' right to appeal and effectively preempting the Court of Appeal's prerogative to make its own frivolousness determination. *Id.* As the Court noted, "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." *Id.* (quoting *Clark v. Universal Builders, Inc.,* 501 F.22

324, 341 (7th Cir. 1974)).

**B.    The Rule 7 Appeal Bond Includes Only Those "Costs" Identified in Rule 39**

"Costs" under Rule 7 are defined in reference to Federal Rule of Appellate Procedure 39

and 28 U.S.C. § 1920. *Hirschensohn v. Lawyers Title Ins. Corp.,* 1997 U.S. App. LEXIS 13793,

Civ. No. 96-7312, 1997 WL 307777, *2-3 (3rd Cir. June 10, 1997); see *McDonald v. McCarthy,*

966 F.2d 112, 115 (3rd Cir. 1992) (stating that "ordinarily, 'costs' for the purposes of Rule 39

should be defined with reference to 28 U.S.C. § 1920"). These costs include printing and

producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for

supersedeas bonds, or other bonds to secure rights pending appeal, and fees for filing the notice of

appeal. *Id.* 1997 U.S. App. LEXIS 13793; *Id.* at *1.

Plaintiffs estimate that their Rule 39 "expenses" defending the appeal will be $700.

*Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 14. This is

the only reference to "costs" in the memorandum. Absent from the memorandum and its exhibits

is any evidentiary support for the amount requested. Accordingly, without more, the request for

an appeal bond that includes $700 for "expenses" should be denied.

**C.    Attorneys' Fees Should Note be Included in the Rule 7 Appeal Bond**

Plaintiffs also request that the Court include an amount for anticipated attorneys' fees in

the Rule 7 appeal bond.  Because attorneys' fees are not "costs," Plaintiffs request should be

denied.  *Hirschensohn* held that attorneys' fees were not included in the term "costs" for the

purposes of Rules 7 and 39. *Id.; see also Gerstein v. Micron Tech., Inc.,* 1993 U.S. Dist. LEXIS

21213, *2-3, Civ. No. 89-1262 (D. Idaho Dec. 6, 1993) (stating that costs under Rule 7 are those

that may be taxed against unsuccessful litigant under Rule 39, and do not include attorney's

fees); *Donaldson v. Imperial Cas. & Indem.* Co., 1989 U.S. Dist. LEXIS 17920, *2, Civ. No.

G88-52 (W.D. Mich. Sept. 21, 1989) (citations omitted) (same).

Plaintiffs cite to *Sckolnick v. Harlow,* 820 F.2d 13 (1st Cir. 1987), in support of their argument that "costs" in Rule 7 include the costs itemized in Rule 39 of the Federal Rules of Appellate Procedure, as well as attorneys' fees, administrative costs caused by delay, and "other damages." In *Sckolnick,* the First Circuit affirmed the district court's imposition of a Rule 7 bond to secure costs, including attorney's fees, that might be awarded pursuant to Rules 38 and 39. *Sckolnick,* 820 F.2d 13, 15 (1st Cir. 1987).  However, the court's holding was based on a conclusion that the district court did not abuse its discretion in determining the appeal to be frivolous and predicting that sanctions might be imposed under Rule 38. *Id.*  The pro se plaintiff did not argue that Rule 7 bonds did not include attorney's fees or damages, nor did the court engage in any analysis of Rule *7. Id.*  Thus, *Sckolnick* has limited precedential value.

In *Azizian v. Federated Department Stores,* 2007 WL 2389841 (9th Cir. 2007) a recent opinion filed on August 23, 2007, the Court of Appeals noted that an award of attorneys' fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively, and without benefit of a fully developed appellate record, whether such an award is likely.  *Id.* at 11. Moreover, a Rule 7 bond including the potentially large and indeterminable amounts under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs on appeal.  *Id.*  Finally, in contrast to ordinary fee-shifting and cost provisions, Rule 38 authorizes an award of appellate attorneys' fees not simply as an incident to a party's successful appellate defense or challenge of a judgment below, but rather as a sanction for improper conduct on appeal.  *Id.*   The Court noted that while Rule 39 expressly authorizes the district court to tax certain costs on appeal, and while it is usually the district court that ultimately determines entitlement to expenses including attorneys' fees on appeal under fee-shifting statutes, only the Court of Appeals may order the sanction of appellate attorneys' fees under

Rule 38. *Id.* at 11-12.

Class Counsel's request to include anticipated attorneys' fees in the appeal bond should be denied. As discussed *infra*, the case law does not expand Rule 7 appeal bonds to include attorneys' fees, damages and delay costs.  Furthermore, Plaintiffs' memorandum contains a conclusory statement that the fees incurred "are conservatively estimated to be at least $70,000." *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 5. This conclusory allegation in the body of the memorandum is insufficient to support consideration of attorneys' fees. Class Counsel failed to submit any <u>proof</u> or sworn testimony regarding the estimated amount of attorneys' fees for defending this appeal. This fatal shortcoming was highlighted in *Barnes v. FleetBoston Fin. Corp.,* 2006 U.S. Dist. LEXIS 71072, *9 (D.Mass. 2006), cited by Class Counsel. The court stated that because plaintiffs did not "provide an evidentiary basis" for attorneys' fees, they could not be included in the Rule 7 bond.

As a result, Class Counsel's request for a bond that includes attorneys' fees should be denied.

**D.      Costs of Delay Should Not Should Not Be Included in the Rule 7 Appeal Bond**

Class Counsel argues that the bond should include $61,000 for 100% of the costs of disruption and delay in settlement administration. *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 13. Plaintiffs argue that *In re Compact Disc Minimum Advertised Price Antitrust Litigation,* No. MDL 1361 (D. Me Oct. 7, 2003) supports consideration of administrative and delay costs in the Rule 7 appeal bond. Interestingly enough, this is the only case cited to support this proposition.

The Court in *In re Compact Disc* "agree[d] with *In re NASDAQ Market-Makers Antitrust Litig.,* 187 F.R.D. 124, 128 (S.D.N.Y. 1999), that damages resulting from delay or disruption of

settlement administration caused by a frivolous appeal may be included in a Rule 7 bond." *Id.* at *5. In *In re NASDAQ,* the district court imposed a bond of over $100,000.00 on an objector whose appeal from approval of a class action settlement was found by the court to be "objectively unreasonable." *In re NASDAQ,* 187 F.R.D. at 128. Included in the bond were projected costs to the settlement trust resulting from the delay incident to appeal. *Id.* at 128-29. The court noted that "an appeal bond provides a 'guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal.'" *Id.* at 128 (quoting *Morgan Guaranty Trust Co. of N. Y. v. Republic of Palau,* 702 F. Supp. 60, 65 (S.D.N.Y. 1988)). However, the two cases cited by the district court as support for this proposition dealt with supersedeas bonds, not costs bonds imposed under Rule 7. See *Morgan,* 702 F. Supp. at 65 (stating that "a supersedeas bond ... provides a guarantee that the appellee can recover . . . damages caused by the delay"); *Omaha Hotel Co. v. Kountze,* 107 U.S. 378, 392, 27 L. Ed. 609, 2 S. Ct. 911 (1883) (discussing measure of damages recoverable on "an appeal bond given for supersedeas of execution on a decree of foreclosure"). It appears that both *In re Compact Disc* and *In re NASDAQ* overlooked the subtle but important difference between cost bonds and supersedeas bonds, and thus do not offer persuasive support for Plaintiffs' argument.

Even if the Court considers *In re Compact Disc Minimum Advertised Price Litigation* as persuasive authority, its holding actually reveals that the bond proposed by Plaintiffs is excessive.  In *In re Compact Disc Minimum Advertised Price Litigation*, plaintiffs moved the court to order appellants to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7 in the amount of $350,300.00. The proposed bond included $400 in reproduction costs, $240,300 for storage and distribution costs and $110,000.00 in projected attorneys' fees. *In re Compact Disc Minimum Advertised Price Litigation,* 2003 WL 22417252, *3 (D.Me 2003). In

response to the proposed bond, the court explained: "objectors [] serve a useful role in helping police class action settlements in cases where the assumptions that customarily underlie the adversary system may be inaccurate. To pose too high a hurdle for objectors, therefore, could create a general deterrent that well not comport with public policy." *Id.* After taking this into consideration, the court assessed a bond in the amount of $35,000, approximately 10 percent of the proposed amount. The sole case Class Counsel cites to support the inclusion of "delay costs" in a Rule 7 appeal bond, actually discourages the exorbitant amount requested by Plaintiffs.

For reasons stated previously, the proposed bond cannot include the estimated $700 in expenses and $70,000 in attorneys' fees because Class Counsel failed to submit any evidentiary support justifying those amounts. Because there is no binding or persuasive authority for including 100 percent of the estimated amount of costs of delay in a Rule 7 appeal bond, that request should also be denied.

**E.    The Court Should Not Consider Plaintiffs' Unsubstantiated Conclusory Allegations About the Merit of Jordan's Objection in Calculating the Appeal Bond**

Plaintiffs suggest that a Rule 7 appeal bond is warranted because Jordan's objection and appeal "might be frivolous." *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 2. For example, Plaintiffs contend:

- Jordan <u>acted in bad faith</u> because she did not attend the Fairness Hearing;

- Jordan's objection should be regarded as a "<u>generic unhelpful protest</u>[]";

- Jordan is "<u>a professional objector</u>";

- Jordan is a "<u>spoiler</u>";

- Jordan is an "<u>irrational person</u>" pursuing "<u>meaningless relief</u>."

*See generally Id.* Class Counsel, however, cites no authority for the proposition that the merits of and conclosury allegations attacking an appeal may be considered in setting the amount of a

bond. In fact, the Courts that have considered the issue have rejected it. *See In re Am President Lines, Inc.,* 779 F.2d 714, 717-19 (D.C. Cir. 1985).  However, assuming an appeal bound is justified and the Court can reexamine the merits of Jordan's objection and appeal, the various attacks in Plaintiffs' memorandum must be responded to.

**F.     Jordan's Objection Has Merit and is Based on Well Settled Precedent and Prior Orders in This Case**

Jordan's objection makes a very specific challenge to the nationwide "Private Payor Class" in the GSK Settlement: common issues do not predominate. *Objection of Demra Jordan,* pg. 1-2, attached as Exhibit 1 and incorporated herein by reference.  Additionally, Jordan's objection referenced the district court's prior certification orders holding that proposed nationwide consumer classes could not be certified because individual issues predominated and that the classes therefore did not satisfy Rule 23(b)(3). *Id.*

After her objection was denied and the Court entered its final order approving the GSK Settlement, Jordan forwarded Class Counsel the documents she is including in the Appendix. She intends on filing her appellate brief next week, although there is no briefing schedule at this point in time. There has certainly been no delay on Jordan's part.

There is no evidence in the record or before this Court that Jordan is prosecuting this appeal for an improper motive, to harass, or to delay the effect of the class settlement. Jordan has never objected to any prior class action.  She is certainly not a professional objector.  Further, Jordan has not attempted to delay and appeals strictly for the benefit of herself and those similarly situated.

**G.     Jordan Has Standing to Pursue This Appeal**

Plaintiffs argue that Jordan lacks standing because she has not suffered an injury-in-fact. *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 6. To support

this novel theory, Plaintiffs cite to several United States Courts of Appeals cases that allegedly demonstrate Jordan, an objector, has not suffered an injury-in-fact, including: *Sea Shore Corp. v. Sulliven* 158 F.3d 51 (1ˢᵗ Cir. 1999), *United States v. Vasquez,* 145 F.3d 74 (2d. Cir. 1998), and *Osediacz v. City of Cranston,* 414 F.3d 136 (1ˢᵗ Cir. 2005).  None of the cases cited by Plaintiffs discuss whether an objector has standing to appeal an approved class settlement. Instead, the authorities cited by Plaintiffs discuss, generally, Article III standing. These cases are wholly irrelevant to whether Jordan has standing to pursue this appeal.

Eventually Plaintiffs turn their attention to *Devlin v. Scardelletti,* 536 U.S. 1 (2005), which is directly on point. In *Devlin,* the United States Supreme Court held, in very clear and precise language, that class members, like Jordan, have standing to appeal approval of a class settlement. The Supreme Court of the United States:

> Petitioner sought review of the Fourth Circuit's holding that he lacked the ability to appeal the District Court's approval of the settlement.
>
> *          *          *
>
> Although the Fourth Circuit framed the issue as one of standing, **we begin by clarifying that this issue does not implicate the jurisdiction of the courts under Article III of the Constitution. As a member of the retiree class, petitioner has <u>an interest in the settlement</u> that creates a case or controversy <u>sufficient to satisfy the constitutional</u> <u>requirements of injury, causation, and redressability.</u>**
>
> Nor do appeals by nonnamed class members raise the sorts of concerns that are ordinarily addressed as a matter of prudential standing.
>
> *          *          *
>
> Because petitioner is a member of the class bound by the judgment, **<u>there is no question that he satisfies these requirements.</u>** The legal rights he seeks to raise are his own, he belongs to a discreet class of interested parties, and his complaint clearly falls within the zone of interests of the requirement that a settlement be fair to all class members.

*Devlin v. Scardelletti,* 536 U.S. 1, 6-7 (2005)(emphasis added). Not surprisingly, Plaintiffs fail

to cite one case that contradicts *Devlin* and disproves Jordan's standing. Plaintiffs did, however, cherry-pick a few words out of the Court's opinion, dicta, aimed at Justice Scalia's dissent, which has no value other than giving Plaintiffs an additional opportunity to hurl an insult at Jordan by calling her an "irrational person." *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. *9.*

     *Devlin* unequivocally establishes that objecting class members have standing to appeal approval of class settlements. *See also Manual for Complex Litigation Fourth, 2004,* pg. 328 ("A class member may appear at the settlement hearing and object without seeking intervention. Objectors need not formally intervene to appeal matters to which they objected to."); 4 Conte & Newberg, note 908, § 11:55, at 168 ("Any party to the settlement proceeding has standing to object to the proposed settlement.")

     The Court should look to *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) to determine whether Jordan has standing to raise Rule 23(b)(3) predominance issues on appeal. The class proposed for certification in *Amchem* encompassed individuals adversely affected by past exposure to asbestos products. *Id.* The district court conditionally certified, under Federal Rule 23(b)(3), an "encompassing opt-out class." *Id.* at 605. Various class members objected to the settlement. *Id.* The district court granted the objectors full rights to participate in the subsequent proceedings. *Id.* Eventually, the district court certified the class for settlement only. *Id.* at 591. Objectors raised numerous challenges to the settlement. They urged that the terms of the settlement were not fair and that the class did not receive adequate notice. *Id.* at 606. Objectors also objected because the settlement class did not satisfy the requirement Federal Rule of Civil Procedure 23(b) (3) predominance. *Id.* 609. The district court overruled the objections. Objectors then appealed to the United States Court of Appeals for the Third Circuit. *See*

*Georgine v. Amchem Prods., Inc.,* 83 F.3d 610 (3rd Cir. 1996).

The Third Circuit noted that objectors vigorously pressed challenges to justiciability, subject matter jurisdiction and adequacy of class notice. *Id.* at 622. The Third Circuit, however, declined to reach those issues and addressed only the objector-appellants' challenge that to certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3). *Id.* The Third Circuit ultimately vacated the district court's order because the class failed to satisfy "Rule 23(b)(3)'s requirement that questions common to the class `predominate over' other questions..." *Amchem* at 608, *see also Georgine v. Amchem Prods., Inc.,* 83 F.3d 610 (1996). The United States Supreme Court affirmed, holding that settlement classes must satisfy Rule 23(b)(3) predominance. *Id.* at 623.

*Amchem* proves class members have standing to appeal the final approval of class settlements that run afoul of Rule 23(b)(3) predominance. Jordan, like the objectors in *Amchem,* made a very specific challenge to the "Private Payor Class" in the GSK Settlement, stating that common issues did not predominate. *Objection of Demra Jordan,* pg. 1-2, attached as Exhibit 1. Additionally, Jordan's objection referenced the Court's prior certification orders holding that proposed nationwide settlement classes could not be certified because individual issues predominated and that therefore, the classes did not satisfy Rule 23(b)(3). *Id.* The overwhelming amount of authority proves, without question, that Jordan has standing to appeal. The total lack of relevant authority cited by Plaintiffs exposes the absurdity of Plaintiffs' argument.

The record proves that Jordan is a member of the GSK Settlement "Private Payor Class" finally approved by the Court, which gives her the right and standing, pursuant to *Devlin* and *Amchem,* to appeal. The Consumer Notice provides that:

You are a member of the Private Payor Class if:

You paid for any GSK Covered Drug outside of Medicare Part B from January 1, 1991 to August 10, 2006 and

Your payment was (a) for the full amount out-of-pocket, or (b) your payment was a percentage co-payment through private insurance.

*Declaration of Thomas Glenn,* Ex. 1 at pg. 5, attached as Exhibit 2 and incorporated herein by reference. Jordan's sworn affidavit submitted with her objection provides that she "paid the full amount out-of-pocket" and "made a percentage based co-payment" for "Zantac (Ranitidine HCL), a GlaxoSmithKline drug, on or after January 1, 1991 through the mid-1990s" outside of Medicare Part B. *Objection of Demra Jordan,* pg. 4, attached as Exhibit 1.  Because Jordan proved that she is a member of the "Private Payor Class," she has standing to pursue this appeal.

In addition and alternatively, Jordan has incurred an injury-in-fact caused by the certification of this settlement class and approval of this settlement. By the time Jordan filed her objection, the deadlines to opt out (May 27,2007) or to file a claim (May 28,2007) had passed. The deadline to object had not passed. Jordan is now bound by a settlement that pays her nothing, while releasing any claims she has against GlaxoSmithKline.  If Jordan prevails on appeal, she and all others similarly situated retain their legal rights. That certainly satisfies any Article III standing requirement.

Plaintiffs do not dispute that Jordan is a member of the "Private Payor Class." The only challenge is not to her standing as a class member, but to the fact that she has allegedly not suffered an injury-in-fact. It is worth repeating that the United States Supreme Court mandates that class members "ha[ve] an interest in the settlement that creates a case or controversy sufficient to satisfy the constitutional requirements of injury, causation, and redressability." *Devlin* at 6-7. Assuming *Devlin* does not summarily dispose of Plaintiffs' standing argument, if Jordan – class member and objector – cannot challenge the final order approving the GSK

13

Settlement, who can? Are Plaintiffs and the GSK Defendants insulated from appellate review? If

Jordan is correct and the final order approving the GSK Settlement is a direct violation of

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997), she, as a class member who timely

objected and timely appealed should be able to present that issue to an appellate court.  Plaintiffs'

argument ignores *Devlin* and would erode the protections of Rule 23.

**H.      Jordan's Objection is Meritorious and it Preserved the Rule 23(b)(3)
         Predominance Issue for Appeal**

        Plaintiffs contend that Jordan's objection is "baseless" and did not properly preserve the

Rule 23(b)(3) predominance issue for appeal. *Memorandum in Support of Plaintiffs' Motion for*

*Imposition of Appeal Bond* at pgs. 9-10.  Plaintiffs seem to suggest that the brevity of Jordan's

objection reflects a lack of substantive merit. After restating Jordan's objection, Plaintiffs argue,

"this is precisely the type of objection that federal courts have routinely found to be deficient."

*Id.* Additionally, scattered throughout Plaintiffs' memorandum are suggestions that the objection

is "baseless," "unsupported," and a "generic unhelpful protest." *Id.* at 9-11. Jordan readily admits

her objection is short and precise.  However, when put in the context of previous class

certification rulings by this Court, it certainly was adequate to put the Plaintiffs on notice. Jordan

clearly notified Plaintiffs that the "private payor class" could not be certified because individual

issues predominated and Rule 23(b)(3) was not satisfied. Jordan even directed Class Counsel to

the Court's prior orders explaining, in detail, why the private payor class could not be certified

on a nationwide basis.

        The record establishes that Plaintiffs were well aware of the legal basis for Jordan's

objection. Plaintiffs moved, on two separate occasions, for orders certifying nationwide

consumer classes for physician administered drugs and Medicare Part B drugs outside of the

Medicare context. *See Memorandum and Order Re: Motion for Class Certification,* August 16,

2005 [Doc. No. 1648] and *Consolidated Order Re: Motion for Class Certification,* January 1,

2006 [Doc. No. 2097]. The Court denied certification of nationwide private system consumer

litigation classes in two separate memorandum opinions and orders because individual issues

predominated. The second order denied certification "with prejudice." *Id.*

Despite the Court's orders refusing to certify nationwide consumer litigation classes,

Plaintiffs and the GSK Defendants moved for an order approving a class settlement that included

a nationwide "Private Payor Class." Jordan's objection is aimed directly at this attempt to obtain

approval of a nationwide consumer settlement class in direct conflict with the Court's previous

orders denying certification for a litigation class because individual issues predominated. At the

Fairness Hearing, Plaintiffs acknowledged that Jordan's objection dealt with the "lack of

predominance of common issues" and then attempted to explain away her objection by stating

that the "Court has addressed all aspects of class certification, including issues related to

predominance under Rule 23 in its August 16, 2005 Order." *Plaintiffs' Fairness Hearing

Presentation,* pg. 37, attached as Exhibit 3 and incorporated herein by reference.

Jordan agrees that this Court addressed all aspects of class certification, including issues

related to predominance under Rule 23 in its August 16, 2005 and January 1, 2006 Orders.

In the August 16, 2005 Order, as to the proposed "Private System Physician-Administered Drug"

class, the Court found that a predominance of common issues was "satisfied only for a statewide

class under Massachusetts law, Chapter 93A." *Memorandum and Order Re: Motion for Class

Certification,* p. 72 [Doc No. 1648]. Accordingly, the Court denied nationwide certification. The

Court held:

> The motion to certify a nationwide class of TPPs and consumers paying for
> physician-administered drugs in the private context based on AWP is **DENIED,**
> but the Court will certify a statewide class for brand-name drugs and those generic
> drugs for which reimbursement was explicitly based on AWP, not MAC pricing.

15

*Id*. at p. 88. Since this Court had already fully analyzed class certification issues for a litigation class and found a lack of predominance of common issues for a class beyond Massachusetts, Jordan's precise objection was that a settlement class could not be certified due to a lack of predominance of common issues as shown by the prior orders in this Court.

The issue for appeal is narrow and clear.  Plaintiffs solely rely on this Court's August 16, 2005 Order to say that class certification for a nationwide consumer settlement class is proper.  Jordan relies on this Court's orders on August 16, 2005 and January 1, 2006 that denied certification of a nationwide litigation class based on a lack of predominance to contend that class certification for a nationwide settlement class is not proper.  There is substantial case law supporting Jordan's position.

Simply stated, the Court, after considering two extensively briefed and argued motions for class certification, held that nationwide private payor consumer litigation classes could not be certified because individual issues predominated. The Court then approved a nationwide private payor consumer class in the GSK Settlement.  Jordan's objection very succinctly identifies what she contends is a violation of *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997). Respectfully, Jordan's appeal has a great deal of merit.  Plaintiffs' attempt to obtain a high appellate bond is nothing more than a transparent effort to suppress Jordan's meritorious appeal.

**I.     The Class Notice Did Not Require Jordan Or Her Counsel To Appear At The Hearing**

Plaintiffs argue that Jordan's absence at the Fairness Hearing is somehow relevant to the merits of her objection. Plaintiffs decry that "both the Objector and her counsel failed to appear at the Final Settlement Hearing or even inform the Court of their inability to attend, indicating their lack of good faith." *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal*

*Bond* at pg. 2, (emphasis added). That is a pretty strong accusation: Jordan and her counsel acted in bad faith because they filed a written objection with sworn proof, but did not physically attend the Fairness Hearing. This, according to Class Counsel demonstrates Jordan's true motivation as "spoiler" and a "professional objector," justifying the imposition of a harsh appeal bond.

*Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 11. These accusations are without merit in light of the instructions to the class members in the Consumer Notice, which was drafted by Plaintiffs' counsel and approved by the Court. The notice informs class members wishing to object to the settlement that:

> [I]t is not necessary that [] you attend [the Fairness Hearing]. As long as [your] objection was received before the deadline, the Court will consider it.

*Declaration of Thomas Glenn,* Ex. 1, pg. 10, attached as Exhibit 2. This Consumer Notice makes it clear that Jordan was not required to be at the Fairness Hearing and her absence has absolutely no bearing on the merits of her objection or standing to appeal.

**J.    Plaintiffs' Conspiracy Theory About Jordan's Counsel is Also Without Merit**

Having attacked Jordan on a personal level and challenged her motivations for pursuing this legitimate appeal, Plaintiffs turn their attention to Jordan's attorneys. Specifically, Plaintiffs state that "Objector's law firm, Goodwin Proctor, is counsel to TAP Pharmaceuticals, Inc." so "[t]he benefit Objector seeks to gain here is a tactical one on behalf of the remaining Defendants." *Memorandum in Support of Plaintiffs' Motion for Imposition of Appeal Bond* at pg. 11. That is incorrect. The law firm of Moore Landrey LLP contacted Goodwin Proctor to assist as local counsel in this matter. Shortly thereafter, Goodwin Proctor notified Moore Landrey LLP that the firm had a conflict and declined representation. Moore Landrey LLP then enlisted Robert Hillman of Deutsch, Williams, Brooks, DeRensis & Holland, P.C. Again, had Class Counsel actually read the relevant documents, he would have discovered the following:

- Scott C. Kinsel and John Cowart of Moore Landrey LLP and Robert Hillman of Deutsch, Williams, Brooks, DeRensis & Holland, P.C.are the only counsel of record for Jordan.

- Goodwin Proctor is not listed as counsel of record, anywhere, for Demra Jordan;

- Robert Hillman of Deutsch, Williams, Brooks, DeRensis & Holland, not Goodwin Proctor, appeared on behalf of Demra Jordan on June *22, 2007*. *See* *Notice of Appearance* attached as Exhibit 4 and incorporated herein by reference.

So, Plaintiffs' argument is again not supported by the record. Rather, this is another attempt to bully Jordan and discourage her and her counsel from pursuing a meritorious appeal.

### III.  CONCLUSION

Plaintiffs' motion for bond is an impermissible attempt to impose a high Rule 7 bond and prevent a legitimate, good faith appeal by Demra Jordan, an individual of limited financial means.  The motion should be denied.

Respectfully submitted,

DEMRA JORDAN

By her attorneys,


*/S/ Robert D. Hillman*
Robert D. Hillman / BBO# 552637
Deutsch Williams Brooks DeRensis & Holland PC
99 Summer Street
Boston, MA 02110-1213
Tel: (617)-951-2300
Fax: (617)-951-2323


Scott Kinsel (admitted *pro hac vice*)
John Cowart (admitted *pro hac vice*)
MOORE, LANDREY, L.L.P.
1609 Shoal Creek Boulevard, Suite 100
Austin, Texas 78701-1054
Tel:  (512) 499-8900
Fax: (512) 628-3285


Dated: September 14, 2007

## CERTIFICATE OF SERVICE

I, Robert D. Hillman, certify that I understand that counsel of record will receive electronic notice of the electronic filing of this pleading.

*/s/ Robert D. Hillman*

Steve W. Berman
HAGENS, BERMAN, SOBOL & SHAPIRO
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
E-mail steve@hbsslaw.com
Fax: (206) 623-0594

Frederick G. Herold
DECHERT, L.L.P.
1117 California Avenue
Palo Alto, California 94304
E-mail: Frederick.herold@dechert.com
Fax: (650) 813-4848

DWLIB 214696v1
9182/00