# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS | |

## NOTICE OF FILING MDL PLAINTIFFS' PRESENTATION PURSUANT TO THE ORAL REQUEST OF THE COURT DURING THE GSK SETTLEMENT FINAL APPROVAL HEARING ON JULY 19, 2007

Pursuant to the oral request of the Court at the GSK Settlement Final Approval hearing conducted on July 19, 2007, MDL Co-Lead Counsel hereby submit the presentation relied upon at the hearing.  The presentation is attached hereto as Exhibit A.

DATED:  July 23, 2007

By____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
820 North Blvd., Suite B
Oak Park, IL  60302
Chicago, IL  60601
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on July 23, 2007, I caused copies of **NOTICE OF FILING MDL PLAINTIFFS' PRESENTATION PURSUANT TO THE ORAL REQUEST OF THE COURT DURING THE GSK SETTLEMENT FINAL APPROVAL HEARING ON JULY 19, 2007** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

 /s/ Steve W. Berman
Steve W. Berman

# EXHIBIT A

# AWP GSK MDL SETTTLEMENT

# MDL Plaintiffs' Presentation

## Final Approval Hearing

2

# An Overview of the GSK Settlement





# Recovery Relative to Damages

<u>Consumers</u>

- Consumers are recovering <u>more than 62%</u> of their total damages

- Consumers damages $31.7 Million

- Consumer recovery $19.74 Million plus $900K for notice or $20.65 Million

- $20.65 Million / $31.7 Million = 62%

5

# What Do Consumers Get?

- After massive notice program, there are 12,895 consumer claims

- Every consumer will receive at least their single damage and some will receive more

- The total pot available to consumers is more than 62% of all consumer damages

6

# Recovery Relative to Damages

## TPPs

- TPPs are recovering 12% of their total damages
- TPP damages $384 Million
- TPP recovery $46.06 Million
- $46.06 Million / $384 Million = 12%

7



$46.06 Million for All TPP Claims



50% ($23.03 Million)

Initial Allocation to Satisfy all ISHP Group Member Claims

$12.03 Million Remaining Subject to "True Up"

"True Up" Between TPPs and ISHP Group Funds

50% ($23.03 Million)

Initial Allocation to Satisfy TPP Class Claims

$11 Million Paid to ISHP Group as "Quick Pay"

# ISHP Quick Pay

- Other than the $11 Million in Quick Pay, ISHP Group Members are treated identical to TPP Class Members in process as well as substance

- Must submit the same claim documentation as Class TPPs

- Subject to an identical audit process from Claims Administrator as Class TPPs

- Share equally in all expenses, including attorneys fees, notice and claims administration with all Class TPPs

6

# True Up Between TPP Class and ISHP Group Members

TPP Class % of total TPP Pot $=$ $\dfrac{\text{Total Class TPP Recognized Claims}}{\text{TPP Class Recognized Claims + ISHP Group Recognized Claims + TPP Opt-Out Recognized Claims}}$

ISHP Group % of total TPP Pot $=$ $\dfrac{\text{Total ISHP Group Recognized Claims}}{\text{TPP Class Recognized Claims + ISHP Group Recognized Claims + TPP Opt-Out Recognized Claims}}$

10

# GSK Refund

- No refund to GSK based on Consumer Opt-outs

- GSK refund results only from TPP Opt-outs

- Calculated to equal the amount the TPP Opt-Out would have received from the Settlement if they filed a claim

11

# TPP True Up Example

Assumptions:

| | | |
|---|---|---|
| TPP Recognized Claim Total | = | $39 Million |
| ISHP Recognized Claim Total | = | $59 Million |
| TPP Opt-Out Recognized Claim Total | = | $2 Million |

$$TPP\% = \frac{\$39\ Million}{\$39M + \$59M + \$2M} = 39\% \quad x \quad \$46.06\ Million = \$17,963,400$$

$$ISHP\% = \$59\ Million/\$100M = 59\% \quad x \quad \$46.06\ Million = \$27,175,400$$

$$TPP\ Opt\text{-}Out = \$2\ Million/\$100M = 2\% \quad x \quad \$46.06\ Million = \$921,200$$

ISHP Group Reversion Payment = $27,175,400 – $11M Quick Pay = $16,175,400

12

# Class Claim Amount Calculations

- Claims for all class members and ISHP Group members calculated by multiplying the total "Out of Pocket" expenditure multiplied by a "Recognized Claim Percentage" for each GSK Drug

<u>Group A</u> (Kytril + Zofran) RCP = 50%

<u>Group B</u> (all other drugs) RCP = 5%

13

# Class Claims Amount Calculations

- Consumer Claims Subject to a $100 Minimum Payment

- Consumer will be paid the greater of his/her recognized claim or $100

14

# Disposition of Excess Funds Not Distributed to Class Members

- Disposition of any funds remaining in the consumer pot after distribution subject to a binding mediation with MDL Mediator Eric Green

- All parties are entitled to participate, including States, Consumers, TPPs, ISHP Group

- Cannot be awarded to GSK

- Eric Green's decision subject to review by this Court

16

# Payment of Expenses

• Expenses related to notice to consumers & TPPs to date $3.2 Million. Over $3.1 Million related to Consumer Notice.

• Total Expenses to complete administration & settlement (phone bank, website, claims processing) estimated to be approx $3M.

• All expenses are shared by each constituency in proportion to the relative amount of funds designated to that constituency.

Consumers 30% of all expenses

TPPs        35% of all expenses  (50% of 70%)

ISHPs       35% of all expenses  (50% of 70%)

17

# What is Being Released?

Includes: All claims related to drug price published (AWP, SLP, WAC, NWP, WWP, and Direct Price) and any marketing related to such price, that were or could have been alleged in the MDL Complaints as they relate to the drugs subject in the Settlement.

Excludes: breach of contract, economic injury claims, product liability, breach of warranty, personal physical injury, intellectual property, and any claim related to efficacy, safety, or manufacture of GSK drugs.

18

# How was Settlement Accomplished?

# Complex Litigation

- Review 2.8 Million pages produced by GSK
- Creation of a coded database of documents
- Analyze transactional data
- Expert analysis & review
- 45 GSK specific depositions
- Non-Party Discovery
- Motion Practice (Discovery)
- Motion Practice (Dispositive Motions / Class Certification)

19

# Global Settlement Discussions

- Span a total of 2 years

- Detailed exchange of factual & legal arguments

- Detailed analysis & discussion of damages

- Involved expert analysis on both sides

- Extensive use of MDL Mediator Eric Green

- Interim phone calls back and forth in-between mediation sessions

20

# Global Settlement Discussions

Process included not just Co-Leads and GSK Counsel, but also included:

- Attorneys General of Participating States

- In-House council for BCBS of Massachusetts

- Representative of Pipefitters Health & Welfare Fund

- Lead Counsel for ISHP Group

- Representatives of consumer groups

21

# Allocation of Global Fund

- Each constituency represented by separate counsel

- Co-Leads did not participate

- Consumers represented by Dianne Nast of Rhoda Nast and Kent Williams of Williams Law Firm

- TPPs represented by Jonathan Karmel of The Karmel Law Firm assisted by ISHP group counsel Richard Cohen of Lowey Dannenberg.

22

# Allocation of Global Fund

- Once allocation between States, Consumer and TPPs accomplished, TPPs and ISHPs negotiated the split of TPP funds

- Co-Lead counsel helped to structure the True Up process based on past experience

23