UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

————————————————————————————————— )
                                   )
**In re Pharmaceutical Industry Average**   )
**Wholesale Price Litigation**              )   **MDL No. 1456**
————————————————————————————————— )   Civil Action No.
                                   )   01-12257-PBS
This Document Relates to:          )
                                   )
The People of the State of Illinois v.   )
Abbott Laboratories, Inc., et al.,       )
No. 1:06-5528 (N.D. Ill.)                )
                                   )
State of Ohio v. Dey, Inc., et al.,   )
No. 1:06-676 (S.D. Ohio)              )
                                   )
State of Florida, ex rel. Ven-a-Care of   )
the Florida Keys, Inc. v. Boehringer      )
Ingelheim Corp., et al., No. 4:06cv476    )
(N.D. Fla.)                               )
                                   )
State of Mississippi v. Abbott Laboratories, )
Inc., et al., No. 3:06-566 (S.D. Miss.)      )
                                   )
Commonwealth of Kentucky v. Warrick   )
Pharmaceuticals Corp., et al., No. 3:06-69   )
(E.D. Kentucky)                              )
                                   )
Commonwealth of Pennsylvania v. TAP   )
Pharmaceutical Products, Inc., et al.,      )
No. 2:06-4514 (E.D. Penn.)                  )
                                   )
State of Idaho v. Abbott Laboratories,   )
No. 1:07-CV-93 (D. Idaho)                )
                                   )
The County of Erie v. Abbott Laboratories,   )
Inc., et al., No. 6:06-6505 (W.D.N.Y.)       )
                                   )
The County of Oswego v. Abbott Laboratories, )
Inc., et al., No. 5:06-1240 (N.D.N.Y.)       )
                                   )
The County of Schenectady v. Abbott   )
Laboratories, Inc., et al.,                 )
No. 1:06-1239 (N.D.N.Y.)                    )
————————————————————————————————— )

**MEMORANDUM AND ORDER**

September 17, 2007

Saris, U.S.D.J.

## I. INTRODUCTION

In these cases, Attorneys General from the states of Illinois, Ohio, Florida, Mississippi, Kentucky, Idaho, Pennsylvania and the New York Counties of Oswego, Erie and Schenectady allege that pharmaceutical companies fraudulently inflated drug prices which caused the states and counties to pay excessive reimbursements under the Medicaid program.  Each complaint, alleging state causes of action, was filed in state court.  Defendant Dey, Boehringer, or Abbott has removed each of these cases, arguing that the unsealing of the federal False Claims Act actions against them provides a new basis for federal jurisdiction.  Plaintiffs, arguing that removal is groundless and untimely, seek remand.  After hearing, the motions to remand all the actions are **ALLOWED**.

## II. BACKGROUND

Plaintiffs' claims form part of the massive Average Wholesale Price ("AWP") multidistrict litigation ("MDL") pending in this Court.  The Court assumes close familiarity with that lawsuit, as well as the alleged drug pricing schemes discussed in its previous AWP MDL decisions.  See, e.g., In re Pharm. Indus. Average Wholesale Price Litig., 491 F. Supp. 2d 20 (D. Mass. June 21, 2007); (making findings of fact and conclusions of law following a bench trial on claims under Massachusetts consumer protection laws); In re Pharm. Indus. Average Wholesale Price

Litig. 431 F. Supp. 2d 98 (D. Mass. 2006) (remanding cases); In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005) (certifying a national class action); In re Pharm. Indus. Average Wholesale Price Litig., 263 F. Supp. 2d 172 (D. Mass. 2003) (dismissing RICO claims).

The United States has also been active in bringing AWP litigation against the same pharmaceutical manufacturers, in the form of qui tam lawsuits pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.  On March 17, 2006, the United States intervened in a qui tam lawsuit against various pharmaceutical defendants, United States ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Civil Action No. 95-1354-CIV (S.D. Fla.);[1] United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et. al., Civil Action No. 05-11084-MEL (D. Mass.);[2] United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al., Civil Action No. 07-10248-MEL (D. Mass.).  These federal actions concern the same factual circumstances and fraud allegations as the state actions. The defendants subsequently removed the cases that were pending

---

[1] This case has been consolidated with the MDL as Civil Action No. 06-11337-PBS.

[2] This case has been consolidated with the MDL as Civil Action No. 05-11084-PBS.

in state courts arguing that 31 U.S.C. 3732(b)[3] confers original
federal jurisdiction given the existence of the federal false
claims action.[4]  All actions were subsequently transferred to
this Court as part of this multidistrict litigation.  The
plaintiff states and New York counties have moved to remand the
cases back to the state courts.

Defendants in the Illinois and Ohio actions moved for leave
to file an additional ground for removal.  On October 24, 2006
this Court issued a decision, as part of this MDL, denying the
state of Arizona's motion to remand its case.  See In re Pharm.
Indus. Average Wholesale Price Litig., 457 F. Supp. 2d 77 (D.
Mass. 2006) (Saris, J.).  In that order, I explained that the
claims on behalf of Medicare Part B beneficiaries raised a
substantial federal issue such that federal jurisdiction was
appropriate under the test formulated by the Supreme Court in
Grable & Sons Metal Products, Inc. v. Darue Engineering &

---

[3] 31 U.S.C. § 3732(b) provides:
b) Claims under State law.  The district courts shall
have jurisdiction over any action brought under the
laws of any State for the recovery of funds paid by a
State or local government if the action arises from the
same transaction or occurrence as an action brought
under section 3730.

[4] On October 11, 2006, Dey, with the consent of the other
defendants in each case, removed the Florida, Illinois, Ohio,
Kentucky, Mississippi, Pennsylvania, County of Oswego, County of
Erie, and County of Schenectady actions.  On March 6, 2007,
Boehringer joined in the removal of these cases based on the
unsealing of the complaint filed against it.  On February 26,
2007, within thirty days of the State of Idaho's filing its
complaint, Abbott filed its notice of removal in the Idaho state
case.

<u>Manufacturing</u>, 545 U.S. 308 (2005).  Defendants now assert that in the Illinois and Ohio cases, removal is proper because the complaints seek recovery of Medicare Part B prescription drug co-payments and the removal notices were filed within thirty days of the Arizona decision.

## II. DISCUSSION

A.   <u>Removal Based on the Unsealing of the Qui Tam Actions</u>

Defendants removed the cases pursuant to 28 U.S.C. § 1441, which states that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed . . . ."  28 U.S.C. § 1441(a). Original federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The defendant bears the burden of establishing the existence of federal jurisdiction.  <u>BIW Deceived v. Local 56</u>, 132 F.3d 824, 831 (1st Cir. 1997).  The removal statute should be strictly construed, and any doubts about the propriety of removal should be construed against the party seeking removal.  <u>See, e.g.</u>, <u>Danca v. Private Health Care Sys., Inc.</u>, 185 F.3d 1, 4 (1st Cir. 1999).

Defendants contend that 31 U.S.C. § 3732(b) constitutes a basis for original subject matter jurisdiction, making the cases removable.  Under § 3732(b), "[t]he district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if

the action arises from the same transaction or occurrence as an action brought under section 3730." Section 3730 provides for civil actions under the federal False Claims Act. Because the federal and state cases against Dey arise from the same transaction or occurrence, defendants argue that federal courts have jurisdiction over both cases.

1.  Timeliness of Removal

     The threshold issue is the timeliness of the removal. Generally, a defendant must seek removal within thirty days of receipt of the pleadings or summons. 28 U.S.C. § 1446(b). However, a defendant may also file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. It is undisputed that defendants did not file a removal notice within thirty days of the initial pleading. Defendants argue that the removal clock began to tick again when it received from the United States Department of Justice a copy of the federal qui tam complaint and the unsealing order issued by the federal court in Boston.

     The difficult issue is whether receipt of the qui tam complaint and unsealing order constitutes receipt of "orders or other papers" that restarted the time period for filing for removal on those grounds. Plaintiff contends that neither can be considered as "an order" or "other paper" because Section 1446(b)

6

only applies to events that occur within the state-court action being removed that are caused by a "voluntary act" of the plaintiff.  See California v. Keating, 986 F.2d 346, 348 (9th Cir. 1993) ("[A] suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.") (internal quotation marks and citations omitted); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) ("'[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); Morsani v. Major League Baseball, 79 F. Supp. 2d 1331, 1333 n.5 (M.D. Fla. 1999); ("In both federal question and diversity cases . . . Section 1446(b) restricts defendants from removing most cases when the circumstances potentially allowing removal arises through no consequence of the plaintiff's actions.").

     The First Circuit has not yet addressed the interpretation of "order or other paper" under § 1446(b).  Most of the courts that have addressed this language have held that an unrelated court decision does not constitute an "order or other paper." See In re Pharm. Average Wholesale Price Litig., 431 F. Supp. 2d at 106 (reciting a list of cases addressing the issue).  The two primary exceptions to this finding are two circuit cases, Doe v. American Red Cross, 14 F.3d 196 (3d Cir. 1993) and Green v. R.J.

Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001) which carved

out limited circumstances under which an unrelated court decision

could constitute an "order or other paper."  The parties dispute

the meaning of these two cases, and their application to these

facts.

The Third Circuit described the background of Doe:

> The American Red Cross and the American National Red
> Cross (hereinafter "Red Cross") have been sued in state
> courts across the country by plaintiffs claiming that
> they contracted Acquired Immune Deficiency Syndrome
> (AIDS) through contaminated blood transfusions and that
> their injuries were caused by negligence on the part of
> the Red Cross.  In a common pattern, the Red Cross
> removed these actions to federal court, only to have some
> of them remanded on the ground that its charter did not
> confer original jurisdiction on the federal courts.
> While these remanded cases were pending in state courts,
> the Court issued its order in S.G. authorizing the Red
> Cross to remove "any state-law actions it is defending.""
> In response to S.G., the Red Cross typically removed the
> actions it was defending to federal court, and again
> plaintiffs sought remand.

Doe, 14 F.3d at 197-98 (citation omitted).  Emphasizing the

Supreme Court's specific authorization to the Red Cross to remove

"any state-law action it is defending," the Third Circuit in Doe

concluded that the Supreme Court's decision was an "order" under

§ 1446(b) and permitted removal.  However, the Third Circuit

limited its holding by stating that a court decision

> must be sufficiently related to a pending case to trigger
> Section 1446(b) removability.  We believe that an order
> is sufficiently related when, as here, the order in the
> case came from a court superior in the same judicial
> hierarchy, was directed at a particular defendant and
> expressly authorized that same defendant to remove an
> action against it in another case involving similar facts
> and legal issues.

Id. at 202-03.

Green, a subsequent Fifth Circuit case, built upon the framework laid out in Doe.  In Green, plaintiffs brought a product liability suit in Texas state court against various tobacco companies.  The Fifth Circuit found that its decision in Sanchez v. Liggett & Myers, Inc., 187 F.3d 486 (5th Cir. 1999) was an "order" under § 1446(b).

> [H]ere the defendants R.J. Reynolds, Brown and Williamson, and Philip Morris were all defendants in the Sanchez case, which involved a similar factual situation and legal conclusion (that Tex. Civ. Prac. & Rem. Code § 82.004 bars most products liability actions against manufacturers or sellers of cigarettes).  Although Sanchez did not explicitly discuss removal, the effect of the decision in Sanchez has a similar effect on our case as the S.G. decision had on American Red Cross, i.e. that these defendants cannot be sued under Texas law.  The similarities between this case and Sanchez bring this case within the limited parameters of American Red Cross. We therefore hold that the Sanchez opinion, under these very narrow circumstances, was an "order" for purposes of § 1446(b) removal in this case involving the same defendants, and a similar factual situation and legal issue.

Green, 274 F.3d at 268.

Defendants point out several parallels between this case and the Green case.  The Fifth Circuit emphasized that the Sanchez case, which the court held to be an "other order," involved "the same defendants, and a similar factual situation and legal issue."  Here, the nexus between the qui tam and removed actions is substantial as both involve a similar factual situation, similar legal issues, and the same defendant.  Plaintiff responds that this Court cannot be considered a court superior in the

9

judicial hierarchy, a factor that was important to both the <u>Green</u> and <u>Doe</u> decisions.  Furthermore, plaintiffs highlight the fact that both decisions were careful to limit their holding to the narrow circumstances of their particular cases.  <u>See</u> <u>Doe</u>, 14 F.3d at 202 ("We take an extremely confined view of this case and our holding is equally narrow."); <u>Green</u>, 274 F.3d at 268 ("We therefore hold that the Sanchez opinion, under these very narrow circumstances, was an 'order' for purposes of § 1446(b) removal in this case . . .").

Four district courts have already addressed the timeliness issue in the exact context presented in this case, the unsealing of a federal qui tam action.[5]  Each of these courts have determined that the qui tam complaint and the order unsealing the action are not "orders or other papers" within the meaning of 28 U.S.C. § 1446(b).  <u>See</u> <u>Hawaii v. Abbott Labs., Inc.</u>, 469 F. Supp. 2d 842, 851 (D. Haw. 2006); <u>Wisconsin v. Amgen, Inc.</u>, 469 F. Supp. 2d 655, 663 (W.D. Wis. Jan. 16, 2007); <u>South Carolina v. Boehringer Ingelheim Roxane, Inc.</u>, 2007 U.S. Dist. LEXIS 30983 (D.S.C. April 26, 2007); <u>Alabama v. Abbott Labs, Inc.</u>, 2006 U.S. Dist. LEXIS 80446, at *11 (M.D. Ala. Nov. 2, 2006).  The parties have not found any other cases addressing the removal of a

_____

[5] A fifth court was presented with the same issue in this context, but chose not to address the timeliness issue, granting remand on independent grounds.  <u>See</u> <u>State of Alaska v. Abbott Labs., Inc., et al.</u>, 2007 U.S. Dist. LEXIS 38817, at *12 (D. Alaska Jan. 22, 2007).

related action based upon the unsealing of a qui tam action.

This issue presents a particularly difficult and close question, with persuasive arguments on both sides.  Because I find, as explained below, that § 3732(b) does not provide a basis for removal, I need not decide the timeliness issue.

2.   Jurisdiction under § 3732(b)

Plaintiffs argue that § 3732(b) confers only supplemental jurisdiction, which does not provide a basis for removal.  See Syngeta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002) ("[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441").  In support, they point out that Congress explicitly provides for original jurisdiction when it intends to do so.[6]  Still, the Supreme Court has held that Congress sometimes grants original jurisdiction without using the phrase "original jurisdiction."  See American National Red Cross v. S.G. and A.E., 505 U.S. 248 (1992) (holding that the "sue or be sued" provision of the American Red Cross charter confers original jurisdiction on federal courts).  In several statutes, Congress has granted jurisdiction to adjudicate a case in the first instance, without

---

[6]   In fact, Congress has expressly used the words "original jurisdiction" in over eighty other statutes.  See, e.g., 15 U.S.C. § 6614(c)(1) ("the district courts of the United States shall have original jurisdiction of any action that is brought as a class action"); 9 U.S.C. § 203 (regarding enforcement of foreign arbitral awards, stating the "district courts of the United States . . . shall have original jurisdiction over such an action . . . .").

using the words "original jurisdiction."[7]

Defendants argue that jurisdiction must be "original" because Congress chose to apply the statute to "actions" rather than "claims," the operative word in the "supplemental jurisdiction" statute, 28 U.S.C. § 1367.  This distinction does not appear to carry any weight.  First, Congress did not pass § 1367 until four years after the codification of § 3732(b).  <u>See</u> Pub. L. No. 101-650, § 310(a), 104 Stat. 5113 (1990). Furthermore, the Supreme Court recently noted that statutory references to "actions" and "claims" are generally not treated differently.  <u>See</u> <u>Jones v. Bock</u>, 127 S. Ct. 910, 924 (2007) ("More generally, statutory references to an 'action' have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the 'action' may proceed.")

The bottom line is that the plain language of the statute is not a silver bullet in the quest to determine whether Congress intended to confer "original" or "supplemental" jurisdiction. The statute is ambiguous.

The legislative history of the passage of 3732(b) provides some guidance.  Plaintiffs argue that section 3732(b) should be

_____

[7] <u>See, e.g.</u>, 25 U.S.C. § 345 (providing that the "district courts are given jurisdiction to try and determine any action, suit, or proceeding" involving the allotment of Native American land); 33 U.S.C. § 1365(a) (providing that the "district courts shall have jurisdiction without regard to the amount in controversy or the citizenship of the parties" to entertain suits for violations of the Clean Water Act).

read as an exception to the "general bar on intervention,"
codified at § 3730(b)(5), which would prevent parties other than
the United States from bringing related actions.  Section
3730(b)(5) provides: "When a person brings an action under this
subsection, no person other than the Government may intervene or
bring a related action based on the facts underlying the [federal
FCA] action."  Under plaintiffs' interpretation, § 3732(b)
therefore provides a means for a state to join a pending federal
FCA action to recover state funds lost in the same transactions.

The legislative history of § 3732(b) supports this
interpretation, suggesting that Congress intended the provision
to enhance the options of the states, rather than to restrict
them.  The National Association of Attorneys General ("NAAG") was
instrumental in lobbying for section 3732(b) as part of the 1986
Amendments to the FCA.  As the Senate Report accompanying the
1986 Amendments explains:

> And finally, in response to comments from the National
> Association of [State] Attorneys General, the
> subcommittee adopted a provision allowing State and
> local governments to join State law actions with False
> Claims Act actions brought in Federal district court if
> such actions grow out of the same transaction or
> occurrence.

S. Rep. No. 99-345, at 16 (1986), <u>as reprinted in</u> 1986
U.S.C.C.A.N. 5266, 5281.  Thus, in plaintiffs' view, the
provision was designed to <u>allow</u> state and local governments to
join or intervene in federal FCA actions to assert state-law
claims.  <u>See</u> <u>United States ex rel. Long v. SCS Bus. & Tech.</u>

Inst., Inc, 173 F.3d 870, 880 (D.C. Cir. 1999) (It "authorizes
permissive intervention by states for recovery of state funds.");
United States ex rel. Stevens v. Vermont Agency of Natural
Resources, 162 F.3d 195, 205 (2d Cir. 1998) ("another 1986
amendment, . . . permits the joinder, in an FCA suit, of related
state-law claims where those claims are 'for the recovery of
funds paid by a State.'") (quoting 31 U.S.C. 3732(b)), overruled
on other grounds, 529 U.S. 765 (2000).  It is unlikely that the
NAAG would nag Congress to pass a provision that would strip
states of their ability to bring state law claims in state court.

    As mentioned before, five District courts have considered
similar remand motions in response to Dey's removal of cases
following the unsealing of the federal FCA action.  Two courts
specifically held that § 3732 does not grant the district court
original jurisdiction, but rather grants supplemental
jurisdiction.  See Alaska, 2007 U.S. Dist. LEXIS 38817, at *12
("§ 3732(b) creates supplemental jurisdiction dependent upon the
existence of original jurisdiction under 28 U.S.C. § 1345 if
brought by the Attorney General or 28 U.S.C. § 1331 if brought by
a private person."); Hawaii, 469 F. Supp. 2d at 851 (reviewing
"the language of the statute, the legislative history, and the
context in which it was enacted" to conclude that §3732(b)
"grants the district courts not original jurisdiction, but
supplemental jurisdiction").  The remaining three District courts
allowed the motion to remand based on a finding that defendants'

14

removal was untimely, but noted that it is unlikely that §
3732(b) provides original jurisdiction.  See Wisconsin, 469 F.
Supp. 2d at 663 (finding it "doubtful" that § 3732(b) provides
original jurisdiction); South Carolina, 2007 U.S. Dist. LEXIS
30983, at *7-8 (agreeing with the reasoning and conclusions of
the Wisconsin court); Alabama, 2006 U.S. Dist. LEXIS 80446, at
*11 (finding that § 3732(b) "appears to be a 'supplemental'
jurisdictional statute").  Defendants have not cited any cases
concluding that 31 U.S.C. § 3732(b) constitutes a basis of
original federal subject-matter jurisdiction.

On balance, given the legislative history, the caselaw
holding that § 3732 does not provide original jurisdiction is
persuasive.  Because supplemental jurisdiction is not a basis for
removal, these cases should be remanded to their respective state
courts.

2.   Jurisdiction under 28 U.S.C. § 1331

Dey makes the alternative argument that removal is proper
under 28 U.S.C. § 1331 which grants federal jurisdiction over
"all civil actions arising under the Constitution, laws, or
treaties of the United States."  Dey contends that the Illinois
state claim has been federalized by the federal government's
simultaneous claim for 50 percent of the amount claimed by
Illinois.  In defendants' view, while Illinois' action may be
premised on state law, Illinois seeks to recover the same damages
from the same alleged scheme that is now at issue in the FCA

15

claims asserted by the United States.  It is true that Dey should not have to pay the same damages twice to two different governmental entities.  However, the fact that a defendant's allegedly fraudulent conduct may give rise to both state and federal liability, does not federalize the state law claims.

Defendants' reliance on Simms v. Rodan Energy Services, Inc., 137 F. Supp. 2d 731, 734 (W.D. La. 2001) is misplaced.  The Simms case found that removal of state law injury claims suffered on an offshore platform was proper because federal jurisdiction was granted by the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, et seq.  The OCSLA specifically provides for the application of federal law to the outer continental shelf. 43 § 1333(a)(1).  In addition, "to fill the substantial 'gaps' in the coverage of federal law, OCSLA borrows the 'applicable and not inconsistent' laws of the adjacent States as surrogate federal law." Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 480 (1981).  In contrast, § 3732(b) is a jurisdictional statute which does not purport to apply federal law, but rather provides access to the federal courts for certain actions "brought under the laws of any state."  Jurisdictional statutes which seek "to do nothing more than grant jurisdiction over a particular class of cases" do not support "arising under" jurisdiction. Verlinden B.V. v. Cent. Bank of Nig., 461 U.S. 480, 496-97 (1983).  Section 3732(b) does not federalize the state law claims; it merely provides a federal forum where they can be pursued.  Section 1331 does not provide a proper basis of

removal for defendants.

B.    Removal Based on the MDL Court's Arizona Decision

The Illinois and Ohio defendants also renew their motion for removal based on the Supreme Court's decision in Grable.  The complaints of Illinois and Ohio seek recovery of alleged overpayments made by Medicare Part B beneficiaries and the state Medicaid programs.  On October 24, 2006, this Court issued a memorandum and decision in the AWP MDL which held that the State of Arizona's claim to recover Medicare Part B co-payments raises a substantial federal question under new Supreme Court precedent and denied the motion to remand.  See In re Pharm. Indus. Average Wholesale Price Litig., 457 F. Supp. 2d at 82.  In November of 2006, within thirty days of the Arizona decision, the defendants filed a motions for leave to file a supplemental notice of removal in the Northern District of Illinois and the Southern District of Ohio.  In December of 2006 the Illinois case was transferred to this Court as part of the AWP MDL, followed by the Ohio case in February of 2007.

1.    Leave to File the Supplemental Notice

Before reaching the merits of this alternative ground for removal, the Court must determine whether it is appropriate to grant the leave to file the supplemental notice, and whether such notice was timely.

Courts generally allow a defendant to amend a petition after the thirty day time limit for technical defects in the

jurisdictional allegations, but not to add a new basis for
federal jurisdiction.  <u>See, e.g.</u>, <u>Heller v. Allied Textile Cos.</u>,
276 F. Supp. 2d 175, 180-81 (D. Me. 2003); <u>see also</u> <u>Blakeley v.
United Cable Sys.</u>, 105 F. Supp. 2d 574, 579 (D. Miss. 2000)
(citing decisions that address this issue).  The difference here,
emphasized by the defendants, is that the substantive basis for
removal did not exist until after the thirty days had expired.

Defendants rely on <u>Davis v. Life Investors Insurance Co. of
America, Inc.</u>, 214 F. Supp. 2d 691, 694 (S.D. Miss. 2002) which
appears to be the only case to address these particular
circumstances.  The <u>Davis</u> court stated:

> In each of the cases . . . cited to the court by
> plaintiff or otherwise located by the court, courts
> have refused to allow amendment of the removal notice
> beyond the thirty-day period for removal where the
> ground for removal existed but was not asserted within
> the thirty-day removal period, for in those cases, the
> failure to assert an existing basis for removal
> jurisdiction was viewed as a substantive defect.  None
> of these cases addressed a situation such as is
> presented here, where there was no defect of any sort
> in the removal notice. . . .  [T]his ground for
> removal/federal jurisdiction first arose while the case
> was pending in federal court after expiration of the
> thirty-day time limit for removal.  In the court's
> opinion, in this circumstance, amendment of the notice
> of removal is permissible.

<u>Davis</u>, 214 F. Supp. 2d at 694.  Given the similarity of the
procedural posture here to that in the <u>Davis</u> case, I find that it
is appropriate to allow the defendants to assert a supplemental
notice of removal.

The new basis for removal arguably did not exist until after

18

the initial thirty-day period.  In fact, the Illinois defendants
attempted to remove this case immediately following the <u>Grable</u>
decision on June 13, 2005.  On July 13, 2005, the Illinois
defendants removed the case arguing that under <u>Grable</u> federal
jurisdiction was proper due to the Medicare claims.  This court
found that the removal was untimely because <u>Grable</u> was not an
"order or other paper" from which defendants could first
ascertain that the state court actions were removable within the
meaning of 28 U.S.C. § 1446(b) and thus allowed the motions to
remand.  <u>See</u> <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>,
431 F. Supp. 2d 98.  In contrast, the Arizona defendants' removal
based upon <u>Grable</u> was timely filed within thirty days of the
initial pleading.  <u>See</u> <u>In re Pharm. Indus. Average Wholesale</u>
<u>Price Litig.</u> 457 F. Supp. 2d at 79.  Not allowing defendants to
supplement their removal notice would deny them the opportunity
to ever assert the new grounds for removal.

2.   <u>Timeliness of the Supplemental Notice</u>

     Once again, the defendants must still demonstrate that the
supplemental notice of removal was timely filed.  Here the
defendants argue that the Arizona action is an "order" under
§ 1446(b) that restarts the clock for filing notice of removal.
Defendants note that the Arizona case involved more than a dozen
of the same defendants that are being sued in both the Illinois
and Ohio cases.  Furthermore, the factual circumstances are
substantially the same and the legal issue, whether a claim on

behalf of Medicare beneficiaries raises a federal question, is identical.  In a prior disposition of this case, this Court highlighted the absence of exactly those factors when it found that <u>Grable</u> was not an "other paper" and thus found defendants' notice of removal untimely.  <u>See</u> <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 431 F. Supp. 2d at 109 ("Unlike the situations in <u>Doe</u> and <u>Green</u>, <u>Grable</u> and the AWP MDL do not involve the same defendants or similar factual issues.").

The plaintiff states of Illinois and Ohio respond by arguing that defendants cannot satisfy two of the requirements laid out in <u>Doe</u>.  First, the states contend that this Court is not a "court superior in the same judicial hierarchy" because it has no binding effect on the Illinois state or federal courts.  While this is true, as the court handling the AWP MDL this court does exercise control over cases that have been transferred for pre-trial proceedings.[8]  Next, the states argue that the Arizona decision did not specifically authorize any defendant to remove any other action against it.  This was a key requirement spelled out in <u>Doe</u>, which was glossed over in <u>Green</u>.  Plaintiffs contend that ignoring this requirement would invite swarms of removal actions whenever an opinion is issued which could be viewed as a precedent.

_____

[8] The Illinois and Ohio cases were transferred to this Court as part of the AWP MDL in December 2006 and February 2007, respectively.  The motions for leave to file supplemental notice of removal were filed prior to the transfer.

20

The defendants are in an unfortunate situation.  The key difference between the Arizona case, and the Illinois and Ohio cases, is that the Arizona complaint was filed much later such that the defendants raised <u>Grable</u> within the thirty-day removal timetable.  In contrast, the Illinois and Ohio defendants could not raise the case within the thirty days.[9]  In Illinois, the defendants attempted removal within thirty days of the filing of <u>Grable</u>, but the Court rejected the argument that <u>Grable</u> was an "order or other paper" and found removal untimely.  While the different status of the Arizona case and these two cases is due totally to the timing of the <u>Grable</u> case and no fault of defendants, allowing the defendants to use the Arizona case as a ladder into federal court would bypass the narrow exceptions permitted under section 1446(b).  The Third and Fifth Circuit decisions were careful to limit their holdings to the "very narrow circumstances" before them.  <u>Green</u>, 274 F.3d at 268. Permitting the decisions of this MDL Court to open new avenues of removal for related cases would repeatedly open the flood gates to new removal actions.  It is inappropriate for this Court to further expand the scope of § 1446(b).  The supplemental notices of removal are rejected as untimely.

<u>**ORDER**</u>

---

[9] Illinois and Ohio filed their respective complaints in February 2005 and March 2004.  The <u>Grable</u> decision was issued in June of 2005, well over thirty days later.

The Illinois and Ohio defendants' motions for leave to file a supplemental notice of removal (case 1:06-cv-12259-PBS, Docket No. 156-152; case 1:070cv-10270-PBS, Docket No. 64-47) is **ALLOWED**.  The motions to remand the Illinois (case 1:06-cv-12259-PBS, Docket No. 156-116), Ohio (case 1:070cv-10270-PBS, formerly case 1:06-cv-00676-SSB-TSB, Docket No. 64-41) Kentucky (case 1:07-cv-10107-PBS, formerly case 3:06-cv-00069-KKC, Docket No. 35-1), Mississippi (case 1:06-cv-12161-PBS, formerly case 3:06-cv-00566-HTW-LRA, Docket No. 91), Pennsylvania (case 1:07-cv-10158-PBS, Docket No. 33-22), Florida (case 1:06-cv-12160-PBS, Docket No. 44-18), Idaho (case 1:07-cv-10874-PBS, formerly case 1:07-cv-00093-BLW, Docket No. 7), County of Erie (case 1:07-cv-10282-PBS, formerly case 6:06-cv-06505-MAT, Docket No. 96), County of Oswego (case 1:07-cv-10271-PBS, formerly case 5:06-cv-01240-GLS-RFT, Docket No. 116, and County of Schenectady (case 1:07-cv-10273-PBS, formerly case 1:06-cv-01239-GLS-RFT, Docket No. 113) cases are **ALLOWED**.  The requests for attorneys' fees and costs are **DENIED**.

                                          **S/PATTI B. SARIS**
                                          United States District Judge