**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY | ) | MDL DOCKET NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 06-CV-11337 |
| | ) | Lead Case No. 01-CV-12257 |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | |
| *Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) | Magistrate Judge Marianne B. Bowler |

**THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S
MOTION TO CLARIFY PARAGRAPH SIX OF
THE COURT'S SEPTEMBER 7, 2007 ORDER**

Third-Party TAP Pharmaceutical Products Inc. ("TAP") hereby moves this Court to

clarify paragraph 6 of its September 7, 2007, discovery Order (the "Order").  In support of its

motion, TAP states as follows:

1.      TAP, is a separate entity from defendant Abbott Laboratories Inc. ("Abbott"), and

is not a party to this case.  Nevertheless, the United States issued subpoenas in this case against

Abbott to 14 third parties, requesting documents pertaining to TAP's pricing and marketing

practices for certain pharmaceutical drugs.

2.      Because it is not a party to this case, TAP objected to the third-party subpoenas on

the grounds of relevance and undue prejudice.

3.      The Government initially sought TAP documents from Abbott, a party to this case,

and it was denied those documents on relevance grounds in March 2007.  Magistrate Judge

Bowler denied the Government's motion to compel Abbott to produce "[a]ll documents relating

to or otherwise regarding the impact of the 2001 TAP Pharmaceuticals criminal plea and civil

settlement on the prices or pricing practices for [Abbott's] Pharmaceuticals."  (3/16/2007 Hr'g

Tr. (attached as Ex. A) at I-62) (denying, on relevance grounds, the DOJ's motion to compel).

CHI-1607112v2

Thus Abbott, a party to this litigation, was not required to produce documents relating to TAP

and a specific TAP drug, LUPRON®, because they are not relevant to plaintiffs' allegations.

4.      The Government attempted to sidestep Magistrate Judge Bowler's ruling

regarding TAP documents by issuing third-party subpoenas requesting the documents from non-

parties instead of Abbott.  But Magistrate Judge Bowler did not allow the tactic to succeed; she

ruled, consistent with this Court's prior decisions that only a narrow range of documents were

relevant to the Government's case and that the Government could not force non-parties to

produce documents outside of that narrow range.  (Dkt. 4483 at 3-4.)  Because TAP's sales and

marketing practices are not at issue in this case, and because TAP did not produce or market any

of the drugs named in the complaint, none of the documents referencing only TAP's pricing and

marketing practices or only TAP's drugs could be compelled from third-parties under Magistrate

Judge Bowler's ruling.

5.      The Government objected to Magistrate Judge Bowler's ruling. (Dkt. 4622.)  This

Court affirmed the relevant discovery limits set by Magistrate Judge Bowler in its Order dated

Sept. 7, 2007.  (Dkt. 4701.)

6.      In paragraph 6 of that Order, the Court stated, "TAP shall produce all documents

expressly referencing Abbott or directly involving Abbott personnel relating to

AWP/government reimbursement issues or marketing a spread involving AWP during the 1991

to 2003 time period."  *Id.*  TAP is unsure of the basis for this ruling and wishes to clarify its

obligations because (1) TAP is not a party to this case; (2) no third party discovery has been

served on TAP; and (3) as a joint venture, a separate corporate entity, TAP is not subject to

discovery requests served on Abbott.  (Indeed, even if TAP were served with a subpoena, it

- 2 -

- 3 -

would be inconsistent with Magistrate Judge Bowler's March 16 and July 19 Orders to force

TAP, a non-party, to have a greater discovery burden than Abbott, a party.)

    7.  Based on the arguments presented by the parties, TAP surmises that the Court

simply meant, in paragraph 6 of its Order, to make the unremarkable point that if a document is

discoverable from Abbott or a third party under the relevance parameters set out by this Court

and the Magistrate Judge in this litigation, it should not be held back just because it happens to

mention TAP.  TAP cannot imagine that the Court meant to enter an order that would require

TAP itself to review millions of pages of its own documents, when it is neither a party, nor the

subject of any pending discovery request – and certainly not one at issue in the third-party

subpoena briefing on which the Order was based.

   WHEREFORE, TAP respectfully requests that paragraph 6 of the Order be amended to

clarify that if a document is discoverable from Abbott or a third party under the relevance

parameters set out in this litigation, it should not be held back just because it happens to mention

TAP.  Paragraph 6 does not impose discovery burdens directly on non-party TAP.

- 3 -

- 4 -

Dated:  September 17, 2007

Respectfully submitted,

TAP PHARMACEUTICAL PRODUCTS INC.

By:  /s/ Jason G. Winchester

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

- 4 -

CHI-1607112v2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 17, 2007, the foregoing **THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION TO CLARIFY PARAGRAPH SIX OF THE COURT'S SEPTEMBER 7, 2007 ORDER** was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray

CHI-1607112v2