# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: LUPRON® MARKETING AND SALES PRACTICES | MDL No: 1430<br>Master File No.: 01-CV-10861 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Judge Richard G. Stearns |

## DECLARATION OF THOMAS R. KLINE, ESQUIRE

Thomas R. Kline, being duly sworn hereby avers as follows:

1. I am a partner in the law firm of Kline & Specter, P.C. (hereafter "Kline & Specter").

2. Kline & Specter employed Donald E. Haviland, Jr., Esquire as an associate attorney from the fall of 2001 until September 7, 2006.

3. Mr. Haviland headed Kline & Specter's class action department.

4. In the approximately five years that Mr. Haviland worked at Kline & Specter, Mr. Haviland never raised any concerns about the ethics, integrity or honesty of Kline & Specter or any of its attorneys to me or anyone else to my knowledge.

5. Mr. Specter and I are the equity partners at Kline & Specter. We have a strict practice of discussing between us all issues relating to Kline & Specter lawyers who may be unhappy as well as any issue that might reflect upon the firm in a negative manner.

6. I became aware in December, 2005, that Mr. Haviland was unhappy over his 2005 compensation.

7. In 2006, I received multiple e-mails and memoranda from and to Mr. Haviland relating to his compensation and his unhappiness over his compensation.

8. Mr. Haviland was not given a bonus in June of 2006, at a time when other attorneys were given a bonus, and he expressed unhappiness over this subject.

9. On August 14, 2006, I learned that Mr. Haviland had informed Mr. Specter of his intention to leave Kline & Specter.

10. On August 29, 2006, I participated in an approximately three hour meeting with Mr. Specter, Mr. Haviland and Kathy Spurka, Mr. Haviland's legal assistant, on issues relating to Mr. Haviland's departure from Kline & Specter. The issues discussed in this meeting related to Mr. Haviland's unhappiness with our firm, which were related only to financial issues. At no time did Mr. Haviland ever raise, at any time during this meeting, or at any other time, any concerns about the professional ethics, integrity or honesty of any attorneys at Kline & Specter.

11. On September 7, 2006, I saw a letter Mr. Haviland had sent to class representatives in the Bridgeport Fire Class Action litigation written on Haviland Law Firm stationery, while Mr. Haviland was an employee at Kline & Specter, in which Mr. Haviland solicited representation of these individuals. The letter contained false and misleading information, violated Mr. Haviland's duties to the class and violated his employment contract with Kline & Specter. Mr. Specter and I made the determination to discharge Mr. Haviland immediately. As Mr. Haviland was not in the office and because of the urgency of the situation, Mr. Specter and I transmitted an e-mail message to Mr. Haviland advising him that he was hereby discharged.

12. On September 8, 2006, I attended an emergency hearing in the Bridgeport Fire Class Action litigation before The Honorable Steven T. O'Neill in Montgomery County, Pennsylvania. Judge O'Neill ordered orally from the bench and, later entered a written order, barring Mr. Haviland from soliciting class members and taking certain other remedial action. A copy of Judge O'Neill's

Order in this regard is attached as Exhibit "A," and a copy of Judge O'Neill's letter of September 11, 2006 is attached as Exhibit "B."

13. Contemporaneous with Mr. Haviland's departure, I learned of significant alleged irregularities in Mr. Haviland's conduct from Kathy Spurka, Mr. Haviland's legal assistant. Pursuant to Mr. Haviland's employment contract as an associate of Kline & Specter, Kline & Specter initiated an arbitration action against Mr. Haviland on September 15, 2006.

_10/11/06_
Date

_____
Thomas R. Kline, Esquire

3

# EXHIBIT "A"

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

IN RE: BRIDGEPORT FIRE LITIGATION

MASER FILE NO: 05-20924

### ORDER

AND NOW, this \_\_\_11\_\_\_ day of \_\_\_Sept.\_\_\_, 2006 upon consideration of Class Plaintiff's Petition to Bar Communication Between Non-Class Counsel and Class Members and any response thereto, and after an Emergency hearing having been conducted, it is hereby ORDERED and DECREED that Donald Haviland, Esquire and members of his firm shall not solicit Class Members nor shall they attempt to have Class Members make an election of Class Counsel. Kline & Specter, P.C. and High, Swartz, Roberts & Seidel, LLP shall remain Class Counsel until further Order of Court.

BY THE COURT:

_____
STEVEN T. O'NEILL     J.

Copy of the above Order mailed on 9/11/06
to the following:
Shanin Specter, Esq.
Paul Bartle, Esq.
Donald E. Haviland, Jr., Esq.
Prothonotary

_____
Secretary

# EXHIBIT "B"

PRESIDENT JUDGE
  S. GERALD CORSO

ASSOCIATE JUDGES
  WILLIAM T. NICHOLAS
  PAUL W. TRESSLER
  JOSEPH A. SMYTH
  STANLEY R. OTT
  MAURINO J. ROSSANESE, JR.
  BERNARD A. MOORE
  WILLIAM J. FURBER, JR.
  WILLIAM R. CARPENTER
  RICHARD J. HODGSON
  RHONDA LEE DANIELE
  KENT H. ALBRIGHT
  EMANUEL A. BERTIN
  THOMAS M. DELRICCI
  CALVIN S. DRAYER, JR.
  R. STEPHEN BARRETT
  ARTHUR R. TILSON
  THOMAS C. BRANCA
  TOBY LYNN DICKMAN
  STEVEN T. O'NEILL
  THOMAS P. ROGERS

**COURT OF COMMON PLEAS**



**MONTGOMERY COUNTY**

THIRTY-EIGHTH JUDICIAL DISTRICT

**NORRISTOWN, PENNSYLVANIA**

**19404**

SENIOR JUDGE
  WILLIAM W. VOGEL

September 11, 2006

In Re: Bridgeport Fire Litigation; Master File No. 05-20924

To Whom It May Concern:

    Please be advised that in the above referenced Bridgeport Fire Litigation Class Action, the firm of Kline & Specter and High Swartz Roberts & Seidel remain as Class Counsel. No "election" of new class counsel should be occurring or permitted. No changes in Class Counsel can occur without Order of this Court.

    Thank you for your attention to this matter.

Very truly yours,

STEVEN T. O'NEILL, J.