# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| IN RE: | ) | MDL No. 1456 and |
|---|---|---|
| AVERAGE WHOLESALE PRICE | ) | C.A. No 01-12257-PBS |
| PHARMACEUTICAL LITIGATION | ) | Courtroom No. 19 |
| | ) | 1 Courthouse Way |
| | | Boston, MA 02210 |

FEBRUARY 10, 2005

2:10 P.M.

BEFORE THE HONORABLE PATTI B. SARIS

UNITED STATES DISTRICT JUDGE

Valerie A. O'Hara

Official Court Reporter

A P P E A R A N C E S:

Hagens Berman, LLP, by THOMAS M. SOBOL, ESQ. and STEVEN W. BERMAN, ESQ., One Main Street, Cambridge, Massachusetts, for the Plaintiffs;

Spector, Roseman & Kodroff, P.C., by JEFFREY L. KODROFF, ESQ., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103; for the Plaintiffs;

Ropes & Gray, by JOHN T. MONTGOMERY, ESQ., One International Place, Boston, Massachusetts 02110-2624, for the Plaintiffs;

Skadden, Arps, Slate, Meagher & Flom LLP, by SHEILA L. BIRNBAUM, ATTORNEY, Four Times Square, New York, New York 10036-6522, for Schering;

Patterson, Belknap, Webb & Taylor, LLP, by WILLIAM F. CAVANAUGH, JR, ESQ. and JESSICA GOLDEN CORTES, ATTORNEY, 1133 Avenue of the Americas, New York, New York 10036-6710, for Johnson & Johnson;

Davis, Polk & Wardwell, by D. SCOTT WISE, ESQ., 450 Lexington Avenue, New York, New York 10017, for Coordinating Counsel for the Defense Group and on behalf of AstraZeneca Pharmaceuticals;

Edelson & Associates, LLC, by MARC H EDELSON, ESQ., 45 West Court Street, Doylestown, Pennsylvania 18901;

Heins Mills & Olson, P.L.C., by ALAN I. GILBERT, ESQ., 3550 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402;

Covington & Burling, by MARK LYNCH, ESQ., 1201 Pennsylvania Avenue N.W., Washington D.C. 20015;

CHRISTOPHER J. BLYTHE, ASSISTANT ATTORNEY GENERAL, 17 West Main Street, P.O. Box 7857, Madison, Wisconsin 53707-7857, for the State of Wisconsin;

APPEARANCES (CONTINUED):

Miner, Barnhill & Galland, P.C., by ROBERT S. LIBMAN, ESQ., 14 W. Erie Street, Chicago, Illinois 60610, for the States of Illinois, Wisconsin, Kentucky and Idaho;

Kline & Specter, by DONALD E. HAVILAND, JR., ESQ., 1525 Locust Street, Philadelphia, Pennsylvania 19102;

JAMES A. DONAHUE, III, CHIEF DEPUTY ATTORNEY GENERAL, Antitrust Section, Strawberry Square, Harrisbury, Pennsylvania 17120, for the Commonwealth of Pennsylvania.

MR. SULLIVAN: Thank you, your Honor. Thank you for this indulgence. Just so it's clear, I'm here today to speak on behalf of the International Union of Operating Engineers, Local 68 Welfare Fund. It's an organization out of the State of New Jersey.

By way of very brief background, I know the day is getting long, we filed an action on behalf of the International Union, Local 68, on June 30th, 2003, Chancery Division, Mt. Mechanics Superior Court, New Jersey. At the same time, we also filed a motion to show cause with restraints asking for certain types of injunctive relief on behalf of the union and the people of the class the union wishes to represent.

The class itself is a state action for state limited claim. We are only seeking to represent those persons in New Jersey. We've not filed a national class action, we've not filed a multiple state class action, we've not sought to invoke federal statutes, such as ERISA or Medicare, we've not pled --

THE COURT: You want to remand?

MR. SULLIVAN: It's a lead-in, it's a lead-in to where we part some of our issues, and we're not seeking to represent any Government entities that again would have federal issues come up.

THE COURT: You've been transferred here?



MR. SULLIVAN: Yes.

THE COURT: I wasn't prepared. Your case was part of the MDL, it was transferred here, and now you don't want to be here, so you want to go home?

MR. SULLIVAN: We want to go home.

THE COURT: Have you filed a motion to go home?

MR. SULLIVAN: We've been waiting for a hearing, your Honor, on the motion to remand. A little bit of the procedural background --

THE COURT: You want a hearing?

MR. SULLIVAN: We've been waiting for a hearing.

THE COURT: You know, would you call here. There's so much going on here, if you filed a motion and you need a hearing, and you thought we've dropped you through the cracks, call. I think we actually anticipated because I had my clerk do an inventory of everything that was pending. April 8th.

MR. SULLIVAN: Thank you, your Honor.

THE COURT: Okay. It's nicer then.

MR. SULLIVAN: The reason why we want to go back to New Jersey is part of our relief is we've been requesting and we still want to request injunctive relief against the defendants we've sued. That's not part of the lawsuit or the MDL matter that's before your Honor today. We believe that that is very important relief that can be recovered



under the New Jersey Consumer Fraud Act, and it's very valuable relief to our clients because not only are we seeking monetary damages for the present, but we are seeking injunctive relief so that we don't have to come back in the future.

THE COURT: Let me ask you, if this new legislation passes, does it affect you?

MR. SULLIVAN: I think we'll have to wait to see how well the certain other groups of individuals, such as the Democratics are able to change the legislation. In the short, I don't know, your Honor, whether or not --

THE COURT: I'm just wondering, I'm reading every day about it. I can't quite tell.

MR. SULLIVAN: I'm hoping it doesn't. Obviously, it depends which versions go through. Prior versions would take just about every class action out of state court and move it into federal court.

THE COURT: It may be moot, it may be not?

MR. SULLIVAN: Yes, maybe. Hopefully not, hopefully we can go back to New Jersey and stay there. Thank you, your Honor.

THE COURT: Thank you very much.

MR. SHAPIRO: Judge, can I have 30 seconds on behalf of the relater in the California case?

THE COURT: You gave me an ex parte motion which I



didn't know you wanted to argue today.

MR. SHAPIRO: All we want to do is make it clear that the State of California and the relater in that case want any class certification to exclude governmental entities who are bringing Medicaid claims on behalf of the governmental entity, and the Plaintiffs' motion in the case and the proposed order leave it somewhat unclear as to the position with respect to the governmental entity.

THE COURT: I just skimmed your ex parte motion, and I thought it was about something else, but maybe I didn't read it closely enough.

MR. SHAPIRO: That is with respect to something else which I don't think we need to take up for now.

THE COURT: Why don't you do this, why don't you file -- do you have something filed that says that?

MR. SHAPIRO: I think something should have been filed before the hearing today.

THE COURT: Maybe I just missed it. Has anyone received it?

MR. SOBOL: If I may, your Honor, as I tried to explain to Mr. Shapiro before the hearing, if there's a particular clarification that he needs, he can probably bring it up to the attention of counsel, we can see if we could work out a stipulation, if we could.

THE COURT: Why don't you do this, he's apparently



e96fa4ac-cc5d-4411-ba28-fa0aa636f6aa