IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**SUPPLEMENTAL MEMORANDUM OF THE HAVILAND LAW FIRM, LLC IN SUPPORT OF MOTION FOR APPOINTMENT AS CLASS COUNSEL FOR THE TRACK 2 CONSUMER SUB-CLASSES PURSUANT TO FED.R.CIV.PROC. 23(G)**

At the Court's request during the hearing on class counsel issues held on September 11, 2007, The Haviland Law Firm, LLC ("HLF") hereby files this brief response to address certain issues of concern raised by the Court respecting the case of *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et. al.* (*"Local 68"*) pending in New Jersey state court, in which the undersigned serves as co- counsel for the Plaintiff Local 68.[1]  *See* Transcript of September 11, 2007 hearing ("Sept 11, 2007 Tr."), at 28, attached as Exhibit "A."

By way of brief background, as the Court became aware in the course of the briefing and hearing on Local 68's motion for remand, the *Local 68* case was filed in June 2003 against fifty-six (56) defendant pharmaceutical companies, some of which overlapped with those in MDL 1456 and some of which did not.  The Complaint sought certification of a nationwide Class consisting of the following:

> All persons and entities in New Jersey and throughout the country who, during the period beginning at least 1991 through the present, paid any portion of the cost of cancer, inhalant and miscellaneous

---

[1] The issues not addressed in the instant brief have been addressed in prior briefing and argument submitted to the Court, which briefing and argument is incorporated herein by reference thereto.

1

>other drugs manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon the published AWPs for such drugs.  Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest, and their legal representatives, heirs, successors, any governmental entities, and any person or entity seeking to make a claim under ERISA, Medicare, or federal law.

*See Local 68* Complaint, paragraph 99.  Within days of its filing, Defendant AstraZeneca filed a Notice of Removal to federal court, representing therein that counsel for AstraZeneca had garnered the consent of all Defendants to the removal.  Counsel for AstraZeneca had not.  In its Motion to Remand, and subsequent rounds of briefing thereon, Local 68 pointed out that the consent of the three (3) doctor Defendants had not been garnered.

While several attempts were made to convene a hearing on the Motion to Remand – including one in which an associate from the firm of Keefe Bartels (formerly "Lynch, Keefe & Bartels of Shrewsbury, New Jersey), Stephen Sullivan, appeared at the Court's Track 1 class certification hearing on February 10, 2005 – the remand hearing was not held until January 27, 2006.  *See* Excerpts of Transcript of January 27, 2006 hearing ("Jan. 27, 2006 Tr.") attached hereto as Exhibit "B."  Various counsel for Local 68 appeared at the remand hearing, including Donald Haviland, Ms. TerriAnne Benedetto (formerly of Kline & Specter), and Mr. Sullivan.  Appearing for the defense were counsel for the Track 1 Defendants.  Appearing for the MDL Class Plaintiffs was Tom Sobol.

During the January 27, 2006 remand hearing, the Court had expressed concern about Local 68's standing to pursue claims against out-of-state defendants on behalf of the putative nationwide class alleged in the Complaint.  *See generally*, Jan. 27, 2006 Tr. at 28, et seq. (wherein the Court began its inquiry with the question,"What are the underlying claims?").

Counsel for Local 68 responded to the Court's inquiry, in relevant part, as follows:

> **Court**: All right, help me.  How many doctor defendants are there?
>
> **Ms. Benedetto**: There are three.  There's Antoun, Hopkins, and Berkamn, New Jersey, Florida and Ohio respectively. ...
>
> **Court**: Did they sell to Local 68?
>
> **Ms. Benedetto**: Well, it's also a class case, your Honor, Local 68 on behalf of an alleged purported *nationwide class*. ...
>
> **Court**: Would Local 68 have standing against the doctors?
>
> **Ms. Benedetto**: Yes, you Honor. ...***We also represent a class, nationwide class***, respecting purchasers of Zoladex and the other drugs that these defendant pharmaceutical companies manufacture.

Jan. 27, 2006 Tr. 29:12 - 30:2.  At no time during the remand hearing did the Court, counsel for the Defendants or counsel for the MDL Plaintiffs raise any concern about potential overlap of the putative nationwide class in *Local 68* with the putative nationwide Classes in MDL 1456.

On April 14, 2006, the Court remanded the *Local 68* case back to state court on grounds of a lack of unanimity in the consent of all Defendants to the removal and the misstatements by AstraZeneca's counsel in violation of Rule 11 of the Federal Rules of Civil Procedure.  *See In re Pharmaceutical Industry Average Wholesale Price Litig.*, 431 F.Supp. 2d 109, 122, 123-24 (D. Mass. 2006).

Since the time of remand, counsel in the *Local 68* case have proceeded to litigate the case consistent with the nationwide class claims originally pled.  Defendants filed Motions to Dismiss which were fully briefed and argued, and which were denied by the New Jersey Court.  And in response to interrogatories served by Defendants, Local 68 indicated that it is seeking

nationwide class certification.

In July 2007, the parties consented to the appointment of a "Special Master" to assist with discovery. With the parties' consent, the Court appointed the Honorable William Bassler (ret.) to serve as Special Master. Judge Bassler called upon the parties separately to make written submissions to him respecting the nature and breadth of the case in order to prepare him an upcoming in-person conference to address case management issues. On July 27, 2007, the undersigned sent Judge Bassler the requested summary on behalf of Local 68. From the beginning of their interactions with Judge Bassler, counsel for Local 68 insisted that the case be coordinated with MDL 1456 and encouraged both the New Jersey Court and the Special Master to communicate with this Court to and attempt to coordinate the New Jersey case with the MDL. In contrast, Defendants resisted the coordination sought by Plaintiff by, *inter alia*, objecting to document sharing, deposition coordination, and joint mediation and settlement negotiations among the New Jersey case and the MDL.

Because discovery in the case was scheduled to end by Court Order on September 7, 2007, Judge Bassler directed Local 68 to file with the Court a motion to extend the discovery cutoff date, which Local 68 did on August 21, 2007. *See* Notice of Motion for Entry of Case Management Order 3 attached hereto as Exhibit "C." With its motion papers, Local 68 submitted, among other things, its proposed form of Case Management Order 3 with the following proposed language:

> This is designated a "Coordinated State Court Case" pursuant to Case Management Order No. 9 issued in the matter of *In re Average Wholesale Price Litig.*, MDL 1456 (D.Mass.)(Saris, J.)(attached hereto). Per the terms of CMO 9, the Court will reach out to Judge Saris to ensure coordination of this case with the MDL for purposes of both trial and mediation and/or settlement. The Court

>encourages Judge Bassler, the Court-appointed Special Master in this case, to do
>the same.

Local 68's proposed form of Case Management Order 3, at para. no. 1, attached hereto as Exhibit "D."  It is believed that shortly after Local 68 filed its motion, Judge Bassler reached out to this Court to discuss coordination.

On September 11, 2007, this Court convened a hearing to address "class counsel issues." During the hearing, this Court inquired about Local 68's pursuit of the putative nationwide Class against Defendants. The Court expressed concern about potential overlap between the cases, which the undersigned committed on the record was not the intention of the Plaintiff in *Local 68*. The undersigned committed to seek a dismissal of the claims against overlapping defendants, which was ultimately ordered by the Court.

On Friday, September 14, 2007, the undersigned forwarded to Liaison Counsel for Defendants in *Local 68*, Andrew Jackson (counsel for the Baxter Defendants in MDL 1456), and counsel for MDL Class Plaintiffs (Messrs. Sobol and Berman) a draft proposed "Stipulation and Consent Order to Dismiss Without Prejudice Conflicting Class Claims as to Defendants Overlapping MDL 1456" ("Stipulation of Dismissal"). *See* Stipulation of Dismissal attached to the Notice of Motion for the entry of the Stipulation of Dismissal filed in the New Jersey Court on September 18, 2007 at Exhibit "D" hereto. As of the time of this filing, MDL Class Counsel had not responded to counsel for Local 68 regarding the Stipulation of Dismissal.[2] Although Liaison Counsel for the Defendants in *Local 68* did respond, they did so too late for counsel for

---

[2] The undersigned saw that MDL Class Counsel filed some form of pleading this evening, but has not had time to review it. We reserve the right to respond to MDL Class Counsel's filings.

5

Local 68 to alter the filing and, if possible, to address their concerns. However, because the Stipulation of Dismissal has been filed as part of a motion for entry of the same as an Order of the New Jersey Court, the Defendants will have an opportunity to respond formally and to be heard on their concerns. Given this Court's request that the instant pleading be filed "within a week" of the September 11 hearing, the Stipulation of Dismissal was filed in the New Jersey Court by day's end and has been submitted to this Court as an attachment hereto.

In view of the above record, HLF respectfully submits that this is, at most, a misunderstanding about the intention of Local 68's counsel regarding the nationwide class claims pending in New Jersey. There has never been any effort on the part of HLF, the undersigned, or their co-counsel in *Local 68* to deceive the Court about the scope or breadth of the claims alleged in the New Jersey case.

Local 68's Complaint was filed in June of 2003 – long before there was any class certification briefing or hearing in the MDL and more than two (2) years before the undersigned and his consumer clients were asked by MDL Class Counsel to join the MDL and represent consumer classes. Co-Lead Counsel were fully aware of the pendency of the New Jersey litigation, but at no time – including during the nearly three years that the New Jersey case was lodged in the MDL awaiting remand – did ***anyone*** raise an issue of "overlap" between the Nj and MDL cases.

The record is also clear that it was Local 68's counsel who insisted that the New Jersey case be coordinated with MDL 1456. It was Local 68's counsel who insisted that Judge Locascio and Special Master Bassler reach out to this Court to ensure that coordination would occur. These were hardly the actions of somebody who sought to conceal the New Jersey

litigation from this Court or to "interfere" with this Court's management of the AWP MDL litigation.[3]

                              Respectfully submitted,

Dated:  September 18, 2007       /s/ Donald E. Haviland
                                         Donald E. Haviland, Jr., Esquire
                                         THE HAVILAND LAW FIRM, LLC
                                         740 S. Third Street
                                         Third Floor
                                         Philadelphia, PA 19147
                                         Telephone (215) 609-4661
                                         Facsimile (215) 392-4400
                                         COUNSEL FOR PLAINTIFFS

---

[3] MDL Class Counsel claimed it was "ironic" that HLF would be representing a Taft Hartley union fund like Local 68 at the same time it was representing consumers in the MDL based on HLF's Rule 23(g) Petition which raised concerns about the conflict of interest between TPPs and consumer noted by this Court in its August 2005 class certification decision. The concern HLF was raising about conflict concerned the disparate knowledge about the AWP fraud that exists between large TPPs, like BC/BS Massachusetts, who knew about the AWP inflation, and small Taft Hartley funds (like Local 68) and consumers, who didn't. In the Local 68 litigation, while Plaintiff's motion for class certification is not due until next summer at the present time, plaintiff's counsel intend to seek to exclude from the class any large TPP who had direct knowledge of the fraud, through direct contracts with Defendants or otherwise, and who the power to set reimbursement policy. Suffice it to say that Local 68's counsel are sensitive to the issue and intend to take steps to avoid any conflict.

## CERTIFICATE OF SERVICE

      I, Donald E. Haviland, Jr., Esquire, hereby certify that on September 18, 2007, I electronically filed the foregoing Supplemental Memorandum of the Haviland Law Firm LLC in Support of Motion for Appointment as Class Counsel for the Track 2 Consumer Sub-Classes Pursuant to Fed.R.Civ.Proc. 23(g) with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to all registered person(s) and that those person(s) not registered with CM/ECF system were served by U.S. mail.

<u>/s/ Donald E. Haviland, Jr.</u>
Donald E. Haviland, Jr.
The Haviland Law Firm
740 South Third Street
Third Floor
Philadelphia, PA 19147