UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS CASES | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS COUNSEL'S RESPONSE TO THE MISREPRESENTATIONS CONTAINED IN THE SUPPLEMENTAL MEMORANDUM OF THE HAVILAND LAW FIRM, LLC IN SUPPORT OF MOTION FOR APPOINTMENT AS CLASS COUNSEL FOR THE TRACK 2 CONSUMER SUB-CLASSES PURSUANT TO FED. R. CIV. P. 23(g)**

Class Counsel respectfully submit this brief response to Mr. Haviland's Supplemental Memorandum filed September 18, 2007, Document No. 4729. Incredibly, at a time when Mr. Haviland's veracity is under a veritable microscope, he has, once again, made direct misrepresentations to the Court and otherwise sought to mislead. Class counsel make this filing in order to promptly advise the Court of Mr. Haviland's lack of candor, which is an affront to the judicial system.

At the outset of his filing, Mr. Haviland insists that the June 2003 Complaint in the *Local 68* New Jersey case "sought certification of a nationwide Class consisting of the following:"

> All persons and entities in New Jersey and throughout the ***country*** who, . . . .

Haviland Br. at 1 (emphasis added). This is false. Although Mr. Haviland chose to attach to his brief many of the documents referenced therein, he failed to attach a copy of the June 2003 Complaint from which the above quote was ostensibly taken. There is logic behind this omission: ***Haviland has misquoted the proposed class definition***. As Class Counsel pointed out

in their September 18 Submission Regarding Mr. Haviland's Participation as Co-Lead Counsel (Document No. 4723), paragraph 99 of the *Local 68* complaint limits the class to persons and entities in New Jersey:

> Plaintiff seek [sic] to bring this case as a class action pursuant to Rule 4:32-1 of the New Jersey Rules Governing the Courts, on behalf of themselves and all others similarly situated ***in New Jersey*** as members of a proposed class, defined as follows (the "Class"):
>
> All persons and entities in New Jersey and throughout the ***county*** who, during the period beginning at least 1991 through the present, paid any portion of the cost of cancer, inhalant and miscellaneous other drugs manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon the published AWPs for such drugs. . . .[emphasis added][1]

Thus, Mr. Haviland omitted the introductory clause limiting the class to those "similarly situated in New Jersey." ***Moreover, in the passage that he quoted to the Court, Haviland changed the vital word "county" to "country".***

One can predict that, in classic Haviland fashion, Mr. Haviland will likely claim that this is just a "misunderstanding" based on a "typographical error" because he really intended the word "county" in the class definition to be "country." Any such assertion will not be credible. First, given Mr. Haviland's track record of misrepresentations and otherwise performing complex dance maneuvers around the truth, we simply cannot take Mr. Haviland at his word. Second, if that will be Haviland's explanation, he should have said so in his brief at the time he snuck the "r" into the word "county." Third, any such "explanation" will be directly at odds with the class definition's New Jersey limitation, as explicitly contained in the introductory clause of paragraph 99.

---

[1] For the Court's convenience, a copy of the *Local 68* Complaint is attached hereto as Exhibit 1. This exhibit, along with Exhibits 2 and 3 attached hereto, have been authenticated in the Declaration of Steve W. Berman in Support of Class Counsel's Submission Regarding Mr. Haviland's Participation as Co-Lead Counsel (Document No. 4726).

Fourth, it would run counter to other material facts that Mr. Haviland conveniently *omitted* from his supplemental filing.  As Class Counsel pointed out in their September 18 submission, during remand proceedings before this Court *when Mr. Haviland was present in Court*, Mr. Haviland's New Jersey co-counsel Stephen Sullivan told the Court on February 10, 2005, that the New Jersey case was limited to a putative, New Jersey-only class:

> The class itself is *a state action for state limited claim.  We are only seeking to represent those persons in New Jersey.  We've not filed a national class action, we've not filed a multiple state class action* . . . .

Feb. 10, 2005, Hearing Tr. at 90 (attached at Exh. 2.) (emphasis added).

Mr. Haviland makes a passing reference to Mr. Sullivan's appearance on February 10, 2005 in his supplemental filing:  "While several attempts were made to convene a hearing on the Motion to Remand – including one in which an associate from the firm of Keefe Bartels (formerly 'Lynch, Keefe & Bartels['] of Shrewsbury, New Jersey), Stephen Sullivan, appeared at the Court's Track 1 class certification hearing on February 10, 2005 – the remand hearing was not held until January 27, 2006."  Haviland Br. at 2.  But Mr. Haviland failed to advise the Court that, at the February 10 hearing:  (i) remand of the New Jersey action was discussed; (ii) Mr. Sullivan represented to the Court that the proposed class in New Jersey was limited to persons in New Jersey; and (iii) Haviland himself was present at the time of Mr. Sullivan's representations and did not dispute the state-only definition of the class that was proffered to the Court.  This is yet another example of how Mr. Haviland makes a veiled reference to something without providing the full explanation necessary to make the veiled reference not misleading.

And there exists yet another material fact that Mr. Haviland omitted in association with his reference to the February 10 hearing:  the letter that his co-counsel submitted to the Court on the day before the February 10 hearing, where the *Local 68* plaintiff advised the Court that the

New Jersey case was limited to New Jersey. As the letter unequivocally stated, consistent with Mr. Sullivan's representations to the Court:

> As Your Honor is aware, Local 68 filed its putative *New Jersey-only class action in state court in June of 2003*. Defendants removed our case to federal court, where it was transferred to Your Court as part of MDL No. 1456. We moved to remand back to state court because *inter alia*, our claims raise no federal question, and are otherwise not co-extensive with the claims brought by the MDL plaintiffs.

Feb. 9, 2005 letter from John E. Keefe, Jr. to The Honorable Patti B. Saris (attached at Exh. 3) (emphasis added). Mr. Haviland has never retracted this letter. This is yet another material fact – conveniently omitted from Haviland's supplemental filing –contradicting Mr. Haviland's new story that the New Jersey case always involved a putative national class.

In light of the foregoing, how can Mr. Haviland exclaim to the Court that "[t]here has never been any effort on the part of HLF [or] the undersigned . . . in *Local 68* to deceive the Court about the scope or breadth of the claims alleged in the New Jersey case" (Haviland Br. at 6) when Haviland did just that in the very same brief?

Mr. Haviland's dissembling continues when, citing an excerpt from the January 27, 2006 remand hearing transcript, he claims that the Court was on notice that the *Local 68* plaintiff was seeking certification of a nationwide class. Haviland Br. at 2-3. But the passage cited contains only an oblique reference to a national class made in the middle of an exchange between Ms. Benedetto and the Court about whether the three doctors who had pled guilty to federal criminal charges had made any sales to the plaintiff. What the Court was trying to determine was whether the plaintiff had a viable claim against those doctors so that the Court could rule on the issue of whether the *Local 68* plaintiff had sought to fraudulently join the doctor defendants in a bid to defeat federal jurisdiction; the discussion at hand was not about the scope of the proposed class. The Court apparently did not pick up on the passing national class reference; nor did Class

- 4 -

Counsel.  In this context, Ms. Benedetto's words can hardly serve as a clear disclosure that New Jersey counsel had changed course and was no longer limiting the class to New Jersey as previously represented to the Court orally and in writing.  Mr. Haviland fails to point this out.

Lastly, Mr. Haviland represents that, after the September 11 hearing in which the Court challenged Mr. Haviland's trustworthiness, he "committed to seek a dismissal of the claims against overlapping defendants, which was ultimately ordered by the Court."  Haviland Br. at 5.  This is, yet again, at best a half-truth.  What Mr. Haviland failed to tell the Court is that, after the hearing, he first proposed a stipulation that only stayed the claims in New Jersey involving overlapping defendants and drugs.  *See* Exh. 4.  Thus, far from moving to immediately satisfy the Court's direction that the claims should be dismissed, Haviland first tried a maneuver to undercut the Court's desire that any overlapping claims be eliminated from the New Jersey action.  *See* Sept. 11, 2007 Hearing Tr. at 11 ("You need this [stipulation] to drop all allegations"); *see also id.* (calling for a "stipulation of dismissal").

Mr. Haviland's lack of candor, truthfulness and good faith has become exasperating.  The Court should find him unfit to serve as Co-Lead Counsel.

DATED:  September 20, 2007         By     /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 7 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on September 20, 2007, I caused copies of **CLASS COUNSEL'S RESPONSE TO THE MISREPRESENTATIONS CONTAINED IN THE SUPPLEMENTAL MEMORANDUM OF THE HAVILAND LAW FIRM, LLC IN SUPPORT OF MOTION FOR APPOINTMENT AS CLASS COUNSEL FOR THE TRACK 2 CONSUMER SUB-CLASSES PURSUANT TO FED. R. CIV. P. 23(g)** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                 **/s/ Steve W. Berman**
                                                 Steve W. Berman

001534-16 197212 V1