UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc.*, CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

**THE UNITED STATES' OPPOSITION TO ABBOTT LABORATORIES INC.'S MOTION FOR A PROTECTIVE ORDER RELATING TO THE DEPOSITION OF DUANE BURNHAM AND THOMAS HODGSON**

# EXHIBIT 3

MAR 03 '97 05:55PM ABBOTT LABORATORY

P.1/12

EXHIBIT
Plaintiff's 1127
RMJ 7-12-07

# ABBOTT LABORATORIES

1710 Rhode Island Avenue, N.W. #300
Washington, DC 20036

Phone: 202/659-8524
Fax: 202/466-8386

## FACSIMILE COVER SHEET

Ar.
Legislative
Language
for
Congress

TO: Rich Rieger

DATE: 3/3/97

FR:  David W. Landsidle
     Cynthia Sensibaugh ✓
     Rosemary Haas
     Sandie Preiss
     Lee Harp
     Lorna Huff

No. of Pages: 12

**Additional Comments:**

Here is the legislative language from the President's proposal on AWP, competitive bidding and changes in payment for automated clinical laboratory tests. The diabetes language isn't complete so I think it is best not to give it out. When I get a complete version, I will send it out.

Thanks,
Cindy

Confidential
Subject to Protective Order

ABT 53033

ABT-DOJ 232740

TXABT 674051
Confidential

1/2?/97Subtitle B—Medicare Savings

SEC. 11200. CONTENTS.

The table of contents of this subtitle is as follows:
Part 1 - Provisions Relating to Part A
    Subpart A - Hospitals
    Subpart B - Skilled Nursing Facilities
    Subpart C - Demonstration Concerning Working Disabled
Part 2 - Provisions Relating to Part B
    Subpart A - Physicians' And Other Practitioners' Services
    Subpart B - Preventive Benefits
    Subpart C - Other Provisions
Part 3 - Provisions Relating to Parts A and B
    Subpart A - Beneficiary Centered Purchasing
    Subpart B - Home Health Services
    Subpart C - Coordination of Benefits
    Subpart D - Other Provisions

Part 4 - Part B Premium

PART 1—PROVISIONS RELATING TO PART A

Subpart A—Hospitals

SEC. 11201. UPDATES FOR PPS HOSPITALS.

(a) UPDATE FACTORS.—Section 1886(b)(3)(B)(i) (42 U.S.C. 1395ww(b)(3)(B)(i)) is amended—

(1) by striking "and" at the end of subclause (XII), and

(2) by striking subclause (XIII) and inserting the following:

"(XIII) for each of the fiscal years 1998 through 2002, the market basket percentage increase minus 1 percentage point for hospitals in all areas, and.

Confidential
Subject to Protective Order

ABT-DOJ 232741

ABT 53034
TXABT 674052
Confidential

    (a) apply to services furnished on or after January 1, 2000.

    (2) SUBSECTION (b).—The amendments made by subsection (b) apply to services furnished on or after January 1, 1999.

SEC. 11234. DIAGNOSTIC INFORMATION FROM PHYSICIANS.

SEC. 11235. NO X-RAY REQUIRED FOR CHIROPRACTIC SERVICES.

    (a) IN GENERAL.—Section 1861(r)(5) (42 U.S.C. 1395x(r)(5)) is amended by striking "demonstrated by X-ray to exist".

    (b) EFFECTIVE DATE.—The amendment made by subsection (a) applies to services furnished on or after January 1, 1998.

SEC. 11236. NO MARK-UP FOR DRUGS COVERED BY MEDICARE.

    (a) IN GENERAL.—Section 1842(o) (42 U.S.C. 1395u(o)) is amended to read as follows:

    "(o) ELIMINATION OF MARK-UP FOR DRUGS AND BIOLOGICALS.—

    "(1) IN GENERAL.—If a physician's, supplier's or any other person's bill or request for payment for services includes a charge for a drug or biological for which payment may be made under this part and the drug or biological is not paid on a cost or prospective payment basis as otherwise provided in this part, the amount payable for the drug or biological shall be the lowest of—

    "(A) the physician's, supplier's or other person's actual acquisition cost, as specified in paragraph (2),

    "(B) the average wholesale price, as specified by the Secretary,

    "(C) the median actual acquisition cost of all claims for the drug or biological for the 12-month period beginning July 1, 1998, adjusted annually and

*[Handwritten annotation pointing to SEC. 11236:]* Legislative language from President Clinton's Proposal for Pay Based on Acquisition Costs Subject to a Limit for Outpatient Drugs Prescribed in Physician's Office.

Confidential
Subject to Protective Order

ABT-DOJ 232742          TXABT 674053          ABT 53035
                        Confidential

effective on January 1 of each year, and

"(D) the amount otherwise determined under this part.

"(2) ACTUAL ACQUISITION COST.—The actual acquisition cost is the physician's, supplier's or other person's cost based on the most economical case size in inventory on the date of dispensing or, if less, the most economical case size purchased within six months of the date of dispensing whether that specific drug was furnished to an individual whether or not enrolled under this part. The actual acquisition cost includes all discounts, rebates, or any other benefit in cash or in kind (including, but not limited to, travel, equipment, or free products).

"(3) BILLING RULES.—

"(A) BILL TO INCLUDE ACTUAL ACQUISITION COST.—If a physician's, supplier's or other person's bill or request for payment does not include the physician's, supplier's or other person's actual acquisition cost, no payment shall be made under this part.

"(B) BENEFICIARY PROTECTIONS.—A physician, supplier or other person may not bill an individual enrolled under this part—

"(i) any amount other than the payment amount specified in paragraph (1) and any applicable deductible and coinsurance for a drug or biological for which payment

Confidential
Subject to Protective Order

ABT-DOJ 232743   TXABT 674054   ABT 53036
                Confidential

            is made pursuant to paragraph

            (1), or

    "(ii) any amount for a drug or biological for

      which payment may not be made

      pursuant to paragraph (3)(A).

  "(C) PENALTIES.—If a physician, supplier or other person knowingly and willfully in repeated cases bills one or more individuals in violation of subparagraph (B), the Secretary may apply sanctions against such physician, supplier or other person in accordance with subsection (j)(2).

  "(4) DISPENSING FEE FOR PHARMACIES.—The Secretary may pay a reasonable dispensing fee to licensed pharmacies approved to dispense drugs under this part.".

 (b) EFFECTIVE DATE.—The amendments made by subsection (a) apply to drugs and biologicals furnished on or after January 1, 1998.

SEC. 11237. PAYMENTS TO PHYSICIAN ASSISTANTS, NURSE PRACTITIONERS, AND CLINICAL NURSE SPECIALISTS.

 (a) COVERAGE IN HOME AND AMBULATORY SETTINGS IN WHICH A FACILITY OR PROVIDER FEE IS NOT BILLED FOR PHYSICIAN ASSISTANTS, NURSE PRACTITIONERS, AND CLINICAL NURSE SPECIALISTS.—Section 1861(s)(2)(K) (42 U.S.C. 1395x(s)(2)(K)) is amended—

  (1) in clause (i)—

   (A) by striking "or" at the end of subclause (II), and

Confidential
Subject to Protective Order

ABT-DOJ 232744

ABT 53037
TXABT 674055
Confidential

~~(1) by striking "a fiscal year (beginning with fiscal year 1996)" and inserting "fiscal year 1996, fiscal year 1997 and for other fiscal years beginning with 2003", and

(2) by inserting after the subparagraph designation "(C)" the following: "Notwithstanding the second sentence of subparagraph (A) or the second sentence of subparagraph (B), with respect to fiscal years 1998 through 2002, the Secretary shall increase amounts for facility services by the percentage increase in the consumer price index for all urban consumers (U.S. city average) as estimated by the Secretary for the 12-month period ending with the midpoint of the year involved, reduced by two percentage points for fiscal years 1998 through 2002.".~~

SEC. 11252. CHANGES IN PAYMENT FOR AUTOMATED CLINICAL LABORATORY TESTS.

(a) IN GENERAL.-Section 1833(h)(2)(A)(iii) (42 U.S.C. 13951(h)(2)(A)(iii)) is amended-

(1) by striking the clause designation "(iii)" and inserting "(iii)(I)", and

(2) by adding at the and the following;

"(II) In lieu of the fees established under subclause (I), the Secretary may pay for tests classified as automated tests on the basis of a nationally uniform fee for a group of tests (of whatever number) performed together.

"(III) The Secretary shall pay for tests for amylate, apolipoprotein A, apolipoprotein B, creatine kinase, gamma glutamyl transferase, iron, lipase, magnesium, thyroxine,

*Legislative language from President Clinton's proposal for "Reforming Payment for Certain Automated Laboratory Tests"*

Confidential
Subject to Protective Order

ABT-DOJ 232745

ABT 53038
TXABT 674056
Confidential

triglyceride, or triiodothyronine uptake on the same basis as the Secretary pays for other tests classified as automated tests.

"(IV) The Secretary may, from time to time, reclassify specific tests as automated or not automated, based on the volume of a test and the relative frequency by which the test is performed on automated equipment.".

(b) EFFECTIVE DATE AND INITIAL PAYMENT LEVELS.—

(1) The amendments made by subsection (a) apply to tests performed after 1997.

(2) If the Secretary sets a nationally uniform fee under subclause (II) of section 1833(h)(2)(A)(iii) of the Social Security Act (42 U.S.C. 1395(h)(2)(A)(iii)), such a fee shall be initially established so that estimated aggregate payments under such fee shall equal the estimated aggregate amounts that would otherwise have been payable for the tests under subclause (1).

SEC. 11253. PROSPECTIVE PAYMENT SYSTEM FOR HOSPITAL OUTPATIENT DEPARTMENT SERVICES.

(a) IN GENERAL.—Section 1833 (42 U.S.C. 1395l) is amended by adding at the end the following:

"(t) PROSPECTIVE PAYMENT SYSTEM FOR HOSPITAL OUTPATIENT DEPARTMENT SERVICES.—

"(1) IN GENERAL.—With respect to hospital outpatient services designated by the Secretary and furnished during years beginning with January 1, 1999, the amount of payment made for the services determined under this part shall be determined under a prospective payment system established by

Confidential
Subject to Protective Order

ABT-DOJ 232746

ABT 53039
TXABT 674057
Confidential

the terms of the contract or applicable law) if the Secretary finds that specified outcomes are not being achieved, if the services agreed to are not being provided, or if quality standards are not being met.

"(e) INCENTIVES FOR USE OF CENTERS.—The Secretary may permit entities under a contract under this section to furnish additional services or waive beneficiary cost-sharing, subject to the approval of the Secretary.

"(f) BENEFICIARY LOCK-IN.—Individuals entitled to benefits under this title who elect to obtain services under a contract under this section may not otherwise receive benefits related to the applicable condition or need (subject to such exceptions for emergency services and as the Secretary may otherwise specify), but shall be permitted, within 30 days of a request, to discontinue participation under the contract and receive benefits as otherwise provided by this title.".

SEC. 11263. COMPETITIVE BIDDING.

  (a) GENERAL RULE.—Part B of title XVIII (42 U.S.C. 1395j et seq.) is amended by inserting after section 1846 the following:

"COMPETITIVE ACQUISITION OF ITEMS AND SERVICES

  "SEC. 1847. (a) ESTABLISHMENT OF BIDDING AREAS.—

    "(1) IN GENERAL.—The Secretary shall establish competitive acquisition areas for the purposes of awarding contracts for the furnishing under this part of the items and services described in subsection (c) after 1996. The Secretary may establish different competitive acquisition areas under this subsection for

*[handwritten note: Legislative language from President Clinton's proposal for "Establishing Competitive Bidding for Laboratories, Durable Medical Equipment, and other Items"]*

Confidential
Subject to Protective Order                                          ABT 53040

ABT-DOJ 232747                                      TXABT 674058
                                                    Confidential

different classes of items and services under this part.

"(2) CRITERIA FOR ESTABLISHMENT.-The competitive acquisition areas established under paragraph (1) shall—

"(A) initially be, or be within, metropolitan statistical areas, and

"(B) be chosen based on the availability and accessibility of entities able to furnish items and services, and the probable savings to be realized by the use of competitive bidding in the furnishing of items and services in the area.

"(b) AWARDING OF CONTRACTS IN AREAS.-

"(1) IN GENERAL.-The Secretary shall conduct a competition among individuals and entities supplying items and services under this part for each competitive acquisition area established under subsection (a) for each class of items and services.

"(2) CONDITIONS FOR AWARDING CONTRACT.-The Secretary may not award a contract to any entity under the competition conducted pursuant to paragraph (1) to furnish an item or service under this part unless the Secretary finds that the entity meets quality standards specified by the Secretary for the furnishing of the item or service.

"(3) CONTENTS OF CONTRACT.-A contract entered into with an entity under the competition conducted pursuant to paragraph (1) shall specify (for all of the items and services within a class)-

Confidential
Subject to Protective Order

ABT 53041

ABT-DOJ 232748

TXABT 674059
Confidential

"(A) the quantity of items and services the entity shall provide; and

"(B) such other terms and conditions as the Secretary may require.

"(c) SERVICES DESCRIBED.-The items and services to which the provisions of this section shall apply are as follows:

"(1) Clinical diagnostic laboratory services.

"(2) Durable medical equipment.

"(3) Prosthetics and orthotics.

"(4) Such other items as the Secretary may specify.".

(b) ITEMS AND SERVICES TO BE FURNISHED ONLY THROUGH COMPETITION ACQUISITION.-Section 1862(a)(42 U.S.C. 1395y(a)) is amended—

(1) by striking "or" at the end of paragraph (14),

(2) by striking the period at the end of paragraph (15) and inserting ";or", and

(3) by inserting after paragraph (15) the following:

"(16) where such expenses are for an item or service furnished in a competitive acquisition area (as established by the Secretary under section 1847(a)) by an entity other than an entity with which the Secretary has entered into a contract under section 1847(b) for the furnishing of such an item or service in that area, unless the Secretary finds that such expenses were incurred in a case of urgent need.".

(c) REDUCTION IN PAYMENT AMOUNTS IF COMPETITIVE ACQUISITION FAILS TO ACHIEVE MINIMUM REDUCTION IN PAYMENTS.--Notwithstanding any provision of title XVIII of the Social Security Act (42 U.S.C. 1395 et seq.), if the establishment of competitive

Confidential
Subject to Protective Order

ABT 53042

ABT-DOJ 232749

TXABT 674060
Confidential

acquisition areas under section 1847 of that Act (as added by this part) and the furnishing of items and services under that section during 2001 does not result in a reduction of at least 20 percent in the projected payment amounts that would apply to a class of items or services under part B of that title (42 U.S.C. 1395j et seq.) if that class of items or services were not to be furnished under that section in 2001, the Secretary shall reduce for that year the payment amounts for that class of items services (except oxygen and oxygen equipment) by the percentage the Secretary determines necessary to result in that reduction for that year (and those reduced amounts shall be considered the full payment amounts for that year in calculating payment amounts for future years).

Potential alternative default:

(c) REDUCTION IN FEE SCHEDULES IF COMPETITIVE ACQUISITION FAILS TO ACHIEVE EXPECTED SAVINGS.--

   (1) Notwithstanding any provision of title XVIII of the Social Security Act (42 U.S.C. 1395 et seq.), the Secretary shall reduce fee schedules for clinical diagnostic laboratory tests, durable medical equipment other than oxygen and oxygen equipment, and prosthetics and orthotics in all areas by 20 percent for tests furnished on or after January 1, 2001.

   (2) If the Secretary has signed one or more contracts for competitive acquisition of clinical diagnostic laboratory tests in an area, the Secretary may reduce the size of the reduction specified in paragraph (1) in that area by the number of percentage points that (i) the average Medicare fee for such

Confidential
Subject to Protective Order

ABT-DOJ 232750

ABT 53043
TXABT 674061
Confidential

tests or services in 1997 in the area updated by the applicable updates for 1998, 1999, 2000 and 2001 exceeds (ii) the average Medicare fee for such services for 2001 for such area.

(d) EFFECTIVE DATE.--The amendments made by subsections (a) and (b) apply to items and services furnished under part B of title XVIII of the Social Security Act (42 U.S.C. 1395j et seq. after 1997.

SEC. 11264. FLEXIBLE PURCHASING.

Title XVIII (42 U.S.C. 1395 et seq.) is amended by adding at the end the following:

"SEC. 1895. FLEXIBLE PURCHASING.

"(a) IN GENERAL.--The Secretary may enter into contracts with providers of services, physicians, and other entities that furnish items or services under the programs established by this title under which the Secretary may utilize--

"(1) alternative claims processing, administrative, and related procedures, and

"(2) reduced payment rates or alternative payment methodologies.

"(b) SAVINGS TO BENEFICIARIES.--Contracts under this section may provide for reductions in payments required from individuals entitled to benefits under this title.

"(c) REQUIREMENTS--Under a contract under this section--

"(1) the provisions of subtitle B of title XI (42 U.S.C. 1320c et seq.), other provisions concerned with quality of care, and conditions of participation shall apply unchanged,

Confidential
Subject to Protective Order

ABT-DOJ 232751

ABT 53044
TXABT 674062
Confidential