UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Master File No. 01-CV-12257-PBS<br>Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | |
| United States ex rel. Edward West, et al. v. Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson<br><br>Civil Action No. 06-12299-PBS | |

**UNITED STATES' SUPPLEMENTAL STATEMENT OF INTEREST REGARDING *ROCKWELL INT'L CORP., ET AL. V. UNITED STATES***

At the hearing on defendants' motion to dismiss held on September 10, 2007, the Court invited the United States to submit a supplemental statement of interest addressing the applicability of the Supreme Court's recent decision in *Rockwell Int'l Corp., et al. v. United States* to the "based upon" prong of the public disclosure bar of the False Claims Act, 31 U.S.C. § 3730(e)(4). The United States submits that the *Rockwell* decision provides no basis for this Court to depart from its holding in *O'Keeffe* that the term "based upon" should be construed to mean "similar to" and not "derived from."

Rockwell Does Not Require a Re-examination of the "Based Upon" Prong of the Bar

Relator admits that the *Rockwell* decision itself did not address the "based upon" prong of the public disclosure bar. Indeed, the relator in *Rockwell* conceded that his allegations were based upon public disclosures, leaving the issue presented there as the very narrow one of whether the relator possessed direct and independent knowledge sufficient to qualify him as an "original source." The relator here takes several uncontroversial propositions from the *Rockwell*

decision and claims that together they obligate this court to construe the public disclosure bar in favor of federal subject matter jurisdiction whenever possible, which includes finding the term "based upon" to mean "derived from" instead of "similar to." The United States submits that relator misconstrues the holdings in *Rockwell* and his argument should be rejected. In fact, another court considering a similar question has already done so. *See United States ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 2007 WL 1686734, at *2 (D. Colo. June 8, 2007) ("*Rockwell* does not purport, either expressly or by implication, to alter the Tenth Circuit's standard applied by this Court with respect to when a claim is "based upon" a public disclosure.")

Relator makes a number of unfounded assertions. First, he claims that *Rockwell* held that the public disclosure bar does not "confer" jurisdiction but instead "withdraws" it as to certain actions. He then suggests that this contradicts *O'Keeffe*'s reasoning that statutes conferring jurisdiction are to be strictly construed with doubts resolved against federal jurisdiction.[1] Instead, he posits that *Rockwell* rejects that principle and now stands for the proposition that statutes withdrawing jurisdiction must be narrowly construed. As proof for that, relator claims that *Rockwell* determinedly construed the term "information" contained in the public disclosure bar "in favor of subject matter jurisdiction" by concluding that the term "information" refers to information in the relator's complaint as opposed to information that is publicly disclosed. From that, relator supposes that, in light of *Rockwell*, the majority view, which construes "based upon"

---

[1] He also suggests, wrongly we think, that this principle was the "foundation" of the *O'Keeffe* decision.

to mean "similar to," "cannot survive the obligation made clear in *Rockwell* to construe the public disclosure bar in favor of federal subject matter jurisdiction." Opposition Br. at 7.

First, *Rockwell* did not make a choice as to whether the bar "conferred" versus "withdrew" jurisdiction. Rather, the Court confirmed the long-held view by virtually every court to have considered the issue that the public disclosure bar was jurisdictional in nature. The import of such a holding is merely that even if the parties fail to raise the potential applicability of the public disclosure bar in a timely fashion, a court may consider the issue at any point during the pendency of the action. As such, the fact that *Rockwell* found that the bar withdrew jurisdiction from the courts does not disturb the principle relied on in *O'Keeffe* and the decision it cites, *United States ex rel. Precision Co. v. Koch Industries*, 971 F.2d 548 (10th Cir. 1992), that statutes conferring jurisdiction on federal courts are to be narrowly construed.[2]

Moreover, we have found no support for relator's statement that "laws withdrawing subject matter jurisdiction must be construed narrowly and in favor of the exercise of subject matter jurisdiction." Opposition Br. at 6. Indeed, the cases that he cites for that principle do not contain any reference to such a canon of construction. Although the statutes discussed in those cases may well have been construed narrowly by the courts in those specific matters, relator is overreaching in claiming that they stand for a principle of such broad applicability.

Finally, in considering the question of whether the term "information" referred to information in the complaint or information that had been publicly disclosed, *Rockwell* employed traditional means of examining the statutory language to arrive at its conclusion. Nowhere in its

---

[2] As defendants point out, other federal courts have not interpreted *Rockwell* as "loosening the reins on federal subject matter jurisdiction." Reply Br. at 4.

analysis of this question did the Court invoke a preference for construing the public disclosure bar in favor of subject matter jurisdiction.  Indeed, the Court's analysis of the "direct and independent" requirement of the original source exception later in the decision suggests the opposite predilection.  There, the Court said that the public disclosure bar "does not permit jurisdiction in gross just because a relator is an original source with respect to some claim.  We, along with every court to have addressed the question, conclude that [the provision] does not permit such claim smuggling."  *Rockwell*, 127 S. Ct. 1397, 1410.

For all these reasons, relator's analysis of the *Rockwell* decision is flawed and provides no basis for this court to depart from the reasoning it employed in *O'Keeffe* in concluding that the term "based upon" means "similar to."

### The Majority View Comports with the Structure and Policies of the FCA

Even if relator were correct that the *Rockwell* decision expressed a preference in favor of finding subject matter jurisdiction (and we do not believe that it does), that would be but one factor to consider in construing the "based upon" prong of the public disclosure bar.  As this court set forth in *O'Keeffe*, the majority view is grounded in the structure and policies of the FCA in that the bar was designed to achieve the "golden mean" between providing incentives for whistleblowers with valuable information to come forward and discouraging opportunists who have nothing to contribute.  By interpreting "based upon" to mean "derived from," the minority view reads out half of the equation, focusing only on the goal of encouraging whistleblowers.  But such encouragement is not the FCA's only concern; the *qui tam* provisions were also meant to block opportunists by ensuring that would be whistleblowers come forward promptly and not wait, and rely upon, information already in the public domain.  Once the information is in the

public domain, there is less of a need for a financial incentive to encourage individuals to expose fraud whether or not the relator actually derived his information from the public domain. *United States ex rel. Findley v. FPC-Boron Employees' Club*, 105 F.3d 675, 685 (D.C. Cir. 1997). The general proposition supplied by relator that *Rockwell* favors a finding of jurisdiction where possible contributes little to this analysis and certainly is not a weighty enough proposition to turn the tide in favor of the minority view.

    Respectfully submitted,

    PETER D. KEISLER
    ASSISTANT ATTORNEY GENERAL

| | |
|---|---|
| MICHAEL J. SULLIVAN | PATRICK J. FITZGERALD |
| United States Attorney | United States Attorney |
| | |
| GEORGE B. HENDERSON, II | SAMUEL S. MILLER |
| Assistant U.S. Attorney | Assistant United States Attorney |
| John Joseph Moakley U.S. Courthouse | 219 South Dearborn Street |
| 1 Courthouse Way, Suite 9200 | Chicago, Illinois 60604 |
| Boston, MA 02210 | (312) 886-9083 |
| (617) 748-3272 | |

By:   /s/ Jamie Ann Yavelberg
    JOYCE R. BRANDA
    PATRICIA R. DAVIS
    JAMIE ANN YAVELBERG
    Attorneys
    U.S. Department of Justice, Civil Division
    Post Office Box 261, Ben Franklin Station
    Washington, D.C. 20044
    Telephone:  202-514-6514          Dated: September 24, 2007

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day caused an electronic copy of the above "United States' Supplemental Statement of Interest Regarding Rockwell Int'l Corp., et ql. v. United States" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: September 24, 2007                                             /s/ George B. Henderson, II
                                                                                  George B. Henderson, II