UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>)<br>) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| )<br>**THIS DOCUMENT RELATES TO:** )<br>) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS )<br>)<br>)<br>) | Magistrate Judge Marianne B. Bowler |

**UNITED STATES' MOTION TO REQUIRE ABBOTT TO COMPLY
WITH THE PROTECTIVE ORDER AND WITH THE COURT'S ORDERS OF
SEPTEMBER 5, 2007 AND SEPTEMBER 7, 2007, AND TO SET FORTH A
PROCEDURE FOR FUTURE COMPLIANCE WITH THOSE ORDERS**

The United States of America, through its undersigned counsel, respectfully files this Motion to Require Abbott to Comply With the Protective Order and With the Court's September 5, 2007 and September 7, 2007 Orders, and To Set Forth A Procedure For Future Compliance, hereinafter referred to as "the United States' Motion to Require Compliance", and states:

Paragraph 31 of the Protective Order that governs this case states that ". . . all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for the party seeking protection certifies and explains why the material is confidential." February 16, 2007 Protective Order, Dkt. No. 3804. Consistent with the Protective Order, on September 5, 2007, this Court issued an Electronic Order denying a Motion for Leave to File Under Seal Exhibits to the United States' Opposition to Abbott

Laboratories Inc.'s Motion to Dismiss (Dkt. No. 4654).[1]  *See* 09/05/2007 Electronic Order of Judge Patti B. Saris (entered  09/06/2007), attached as Exhibit A.  In the September 5th Order, the Court stated, "I overrule the claim of confidentiality.  In the future, if there is a disagreement, *the attorney claiming confidentiality* shall support the assertion subject to Fed. R. Civ. P. 11. *The claim of confidentiality here is frivolous.*"  (Emphasis supplied).  Similarly, on September 7, 2007, this Court issued a Discovery Order.  Dkt. No. 4701, attached as Exhibit B.  In addition to ruling on the United States' Objections to July 19, 2007 Order by Magistrate Judge Bowler (Dkt. No. 4622), paragraph 6 of the Court's Order required third-party TAP Pharmaceutical Products, Inc. ("TAP") to produce documents,[2] and paragraph 9 of the Order stated as follows, "I have reviewed the documents attached to the government's motion[3] and find that there is no good cause for sealing.  With respect to most of the documents, the assertion of confidentiality is

---

[1]     In its motion, the United States noted that Exhibits 1, 3 and 4, the documents for which leave to file under seal was being sought, were documents designated by Abbott as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  The United States further noted in its motion that it disagreed with Abbott's confidentiality designations.

[2]     Paragraph 6 of the Court's September 7, 2007 Order ordered TAP to produce "[A]ll documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period."

[3]     The government's motion referenced in the Court's Order was a Motion For Leave To File Under Seal Exhibits to its Objections to the July 19, 2007 Order by Magistrate Judge Bowler.  Dkt. No. 4623.  The motion sought leave to file under seal Exhibits E, F, G, H, I, J, K, M, N, P, Q and R to the United States' Objections to the July 19, 2007 Order by Magistrate Judge Bowler.  In that motion, the United States indicated that Exhibits  E, F, G, H, I, J, K, M, P, Q and R were *documents produced by Abbott that Abbott designated*  "Confidential" or "Highly Confidential".   The United States indicated that although it disagreed with the designation of some of the documents as "Confidential" or "Highly Confidential", it was filing the motion as required by the Protective Order in order to get the time sensitive matter before the Court.  In the alternative, the United States sought an order from the Court overruling the confidentiality designations and allowing specified exhibits to the United States' Objections to the July 19, 2007 Order by Magistrate Judge Bowler to be filed publicly without redaction.

frivolous.  *No further documents shall be sealed in this case unless counsel asserting confidentiality asserts the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."*  (Emphasis supplied).  Dkt. No. 4701, ¶ 6.

On September 17, 2007, TAP filed a Motion to Clarify Paragraph 6 of the Court's September 7, 2007 Order.  Dkt. No. 4719.  In preparing to respond to TAP's Motion, on September 28, 2007, the United States identified to counsel for TAP and Abbott, the documents the government intended to file as exhibits to its response that had been previously designated by Abbott as "Confidential" or "Highly Confidential".  *See* related correspondence between the government and Abbott counsel, attached as Exhibit C.  In doing so, from its first communication, government counsel advised Abbott that, pursuant to the Court's recent Orders, the government did not intend to file the referenced exhibits under seal.  Government counsel further advised Abbott that if it required the documents to be filed under seal, it must state the basis for its confidentiality designations in a pleading, subject to the sanction of Rule 11, as advised by the Court.  *See* Exhibit C, pp. 1, 4, 6, 10, 12 and 15.  The government's communications to Abbott counsel put it on notice of Abbott's obligation, as the party asserting confidentiality, to comply with the Court's Orders by *"setting forth the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."*  (Emphasis supplied).  Dkt. No. 4701, ¶ 6.  Counsel for Abbott ultimately agreed that, for all but one category of documents (Exhibit F to the United States' Response to Third-Party TAP Pharmaceutical Products, Inc.'s Motion to Clarify Paragraph 6 of the Court's September 7, 2007 Order, hereinafter, "United States' Response") Abbott would not object to the public filing of the documents, despite Abbott's previous designation of those documents as "Confidential" or "Highly Confidential".  *See* Exhibit C, p. 9.  Abbott counsel, however, has not agreed to file the required pleading with

3

respect to the documents that comprise Exhibit F to the United States' Response. *See e.g.,* Exhibit C, pp. 3, 11, 13 and 14.

The government has attempted to comply with the Protective Order in this case (Dkt. No. 3804), as well as the Court's September 5th and September 7th Orders. Based upon our reading of all three of those Orders, the government cannot file Exhibit F to the United States' Response under seal. This is true for several reasons. First, the government is not the party that designated these documents as "Highly Confidential". Second, the government questions whether they are, in fact even, "Highly Confidential", let alone whether the documents meet the higher standard required for filing such documents under seal, or whether the documents meet the requirements of paragraph 31 of the Protective Order governing this case. *See* February 16, 2007 Protective Order, Dkt. No. 3804. Therefore, it is impossible for the United States to make the necessary representations with respect to these documents that is required by this Court's Orders in order for the documents to be filed under seal. If the documents, however, are not filed under seal, Abbott counsel maintains that the government will be in violation of the Protective Order governing this case. Despite these reasons, which have been shared with Abbott counsel, and the government's requests that Abbott file a Motion for Leave to File Under Seal Exhibit F to the United States' Response, or some other pleading that would comply with the Court's Orders, the government's efforts have been unsuccessful.

The United States is faced with a conundrum. Abbott, as the party who designated the documents that make-up Exhibit F (and prior documents for which this court has denied sealing motions) as "Highly Confidential", and the party who wishes to maintain those designations despite the Court's recent rulings, is the only party that can comply with those Orders. Accordingly, the United States requests that Abbott be ordered to comply with the Court's

September 5, 2007 and September 7, 2007 Orders by filing Exhibit F to the United States' Response (documents which were provided to Abbott counsel on September 28th) under seal. The United States further requests that the Court set forth a procedure for future compliance with its sealing orders. The United States suggests that the most appropriate procedure is to require counsel filing exhibits that have been designated "Confidential" or "Highly Confidential" by another party in the litigation, to provide advance notice to the designating party. If the designating party seeks to maintain the confidentiality designations, it should be ordered to timely file a Motion for Leave to File the Documents Under Seal, setting forth the reasons for the designation, subject to sanction under Fed. R. Civ. P. 11. Failure of the designating party to timely file such a motion should be deemed by the Court to constitute a waiver of the designation.

WHEREFORE, the United States respectfully requests the relief set forth herein, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA  02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Rebecca A. Ford<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Rebecca A. Ford<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Phone:  (202) 307-1088<br>Fax: (202) 307-3852 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |
| /s/<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St. Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL  33132<br>Phone:  (305) 961-9003<br>Fax: (305) 536-4101 | For the relator, Ven-A-Care of the Florida Keys, Inc.,<br><br>James J. Breen<br>The Breen Law Firm, P.A.<br>3350 S.W. 148th Avenue<br>Suite 110<br>Miramar, FL 33027<br>Phone:  (954) 874-1635<br>Fax: (954) 874-1705<br>Email: jbreen@breenlaw.com |
| Dated: October 1, 2007 | |

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' MOTION TO REQUIRE ABBOTT TO COMPLY WITH THE PROTECTIVE ORDER AND WITH THE COURT'S ORDERS OF SEPTEMBER 5, 2007 AND SEPTEMBER 7, 2007, AND TO SET FORTH A PROCEDURE FOR FUTURE COMPLIANCE WITH THOSE ORDERS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


Dated: October 1, 2007

/s/ Rebecca A. Ford  
Rebecca A. Ford