UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

# EXHIBIT A

## To The United States Response To Third-Party TAP Pharmaceutical Product, Inc.'s Motion to Clarify Paragraph Six of the Court's September 7, 2007 Order

*UNITED STATES DISTRICT COURT*
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION **THIS DOCUMENT RELATES TO:** *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | **SUBPOENA IN A CIVIL ACTION** MDL No. 1456 Civil Action No. 01-12257-PBS Hon. Patti Saris |

LexisNexis File & Serve
16399886
Sep 21 2007
2:31PM

TO: TAP Pharmaceutical Products, Inc.
675 North Field Drive
Lake Forest, IL 60045
c/o Lee Ann Russo, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601

**SUBPOENA DUCES TECUM**

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Deposition to be recorded by videotape and stenographic means | To be determined |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Department of Justice 601 D Street, N.W. Patrick Henry Building, Room 9133 Washington, DC 20004 | 9:00 a.m., October 22, 2007 |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) Rebecca A. Ford (Attorney for the United States)  *Rebecca A. Ford* | DATE September 21, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rebecca A. Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004
(202) 514-1511

## PROOF OF SERVICE

| Date | Place |
|---|---|
| 9/21/07 | Via Electronic Mail to Lee Ann Russo at larusso@jonesday.com and First Class Mail to Ms. Russo at Jones Day, 77 West Wacker, Chicago, IL 60601 |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| 9/21/07 | Via Electronic Mail and First Class Mail to counsel for TAP, by agreement |

| SERVED BY (Print Name) | TITLE |
|---|---|
| Rebecca A. Ford | Trial Attorney, United States Department of Justice, Commercial Litigation Branch, Civil Division, Fraud Section |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/21/07
              Date

Signature of Server  *Rebecca A. Ford*

Address of Server
601 D Street, N.W.
Patrick Henry Building, Room 9133
Washington, DC 20004

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA EXHIBIT A: DEFINITIONS, INSTRUCTIONS & REQUESTS

### 1. DEFINITIONS

As used in Subpoena Exhibit A, the following terms include the meanings set forth below:

A. The term "TAP" refers to TAP Pharmaceutical Products, Inc., and any of its predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions, business units and branches thereof, and any present or former officers, directors, employees or agents. The term "TAP" also includes all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on TAP's behalf.

B. The term "document" includes, without limitation, the originals of all writings of every kind, including, but not limited to, letters, e-mails, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned items. The term "document" also includes altered documents, copies of all documents which are not identical duplicates of the originals and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or agents. Altered documents include, without limitation, any modification, censorship, redaction, addition to or change which obscures, removes, amends, changes or obliterates any part of the original language, information or meaning.

C. "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on, whether legally, factually or otherwise.

D. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of this request.

E. "AWP" means average wholesale price.

F. The term "Spread" means the difference between the actual acquisition cost or purchase price of a drug (paid by purchasers of the drug) and the price or cost set, published or arranged by the manufacturer or the reimbursement rate paid by third-party payors (*e.g.*, Medicare, Medicaid or private insurance companies) to purchasers of the drug. Thus, the Spread is the gross profit actually or potentially realized by the purchasers of the drug.

## 2. INSTRUCTIONS

A. All responsive documents should be produced in the form in which TAP maintains them in the usual course of its business.

B. All responsive documents should be produced in the order in which TAP maintains them in the usual course of its business, or organized and labeled to correspond with the categories of this request.

C. TAP should produce a duplicate original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

D. Documents not otherwise responsive to this request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by this request or if such documents are attached to documents called for by this request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials. Documents attached at the time of the receipt of this Subpoena and accompanying Exhibit or that are attached as they are kept in the usual course of business should not be separated.

E. If TAP claims privilege as a ground for not producing all or part of any document responsive to any request, it must provide a description of the document and describe the factual basis for said claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim, and state the date the document was prepared, the author, the addressees and all recipients.

F. If the response to any request consists, in whole or in part, of an objection, state with specificity the full objection and the particularized basis for each said objection.

## 3. REQUEST

"[A]ll documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period."[1]

---

[1] ¶ 6, Judge Saris's September 7, 2007 order on third party discovery (Dkt. No. 4701) (attached).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **Subpoena to TAP Pharmaceutical Products, Inc.** to be served on all counsel of record pursuant to Paragraph 24 of the Protective Order. Service is made via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties

Dated: September 21, 2007

/s/ Rebecca A. Ford
<u>Rebecca A. Ford</u>