# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | **MDL No. 1456**<br>**C.A. No. 01-12257-PBS** |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) | **Judge Patti B. Saris** |

## NEW JERSEY DEFENDANTS' RESPONSE
## REGARDING OVERLAPPING CLAIMS AND
## DEFENDANTS IN NEW JERSEY AWP LITIGATION

## INTRODUCTION

During the September 11, 2007 hearing, the Court expressed serious concerns regarding overlapping claims and defendants in MDL No. 1456 ("the MDL") and the New Jersey State Average Wholesale Pricing case, *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et al.*, Civil Action No. Mon-L-3136-06 ("the New Jersey case"). The Court ordered plaintiff's lead lawyer in the New Jersey case, Donald E. Haviland, Jr., Esq., to resolve the matter by dismissing the overlapping claims and defendants from the New Jersey case. Hearing Transcript, September 11, 2007, at 6:15-24, 11:15-17, 13:5-11, 22:22-23:2, 28:16-18. Mr. Haviland conceded that he could not pursue overlapping claims and defendants. *Id.* at 8:25-9:2.

Unfortunately, Mr. Haviland has refused to take appropriate action. Instead, he has filed a motion in the New Jersey case that represents that he is agreeing to dismiss the defendants in the New Jersey case that are overlapping with the MDL, together with a proposed Order that in fact would not really dismiss **any** overlapping claim or defendant because it does not dismiss any defendant (but only unspecified overlapping claims), preserves claims for the exact same recovery against different members of the same corporate "family," and provides that claims can

be resuscitated.  *See* proposed Order Dismissing Without Prejudice Conflicting Class Claims As

to Defendants Overlapping MDL 1456, September 18, 2007 ("Mr. Haviland's proposed Order")

(Exhibit 1 to Declaration of Jared D. Rodrigues ("Rodrigues Decl.")).

    In an effort to resolve this issue, the New Jersey Defendants[1] proposed an Order that

would clearly dismiss overlapping claims and defendants from the New Jersey case (*see* New

Jersey Defendants' proposed Consent Order, September 27, 2007 (Exhibit 2 to Rodrigues

Decl.)).  Plaintiff's counsel has responded with a proposed Order that does not address all New

Jersey Defendants and includes a provision that would toll the statute of limitations for all claims

and defendants that would be dismissed without prejudice.  *See* proposed Order, October 1, 2007

(Exhibit 3 to Rodrigues Decl.).  Placing to one side the New Jersey Superior Court's lack of

jurisdiction to enter such a tolling order, the proposed tolling provision is yet another example of

the International Union of Operating Engineers, Local No. 68 Welfare Fund's ("the Fund")

attempt to continue to litigate overlapping claims and defendants.  The New Jersey Defendants

respectfully request that this Court issue an Order prohibiting the Fund, Donald E. Haviland, The

Haviland Law Firm, and any of the Fund's other attorneys and agents from maintaining or

prosecuting AWP claims in the New Jersey case against the New Jersey Defendants.  This Order

is necessary to prevent the Fund and its counsel from hijacking the MDL through a similar

parallel state court[2] case whose apparent purpose and potential effect would be to undermine six

---

[1] "New Jersey Defendants" includes:  (1) those defendants in the New Jersey case that also are named in the MDL; and, (2) those defendants in the New Jersey case that are parents, subsidiaries, affiliates, or predecessors of the defendants named in the MDL. The New Jersey Defendants are listed in the attached proposed Order.

[2] Using parallel state court proceedings to interfere with the jurisdiction of a multidistrict litigation is apparently a litigation tactic frowned upon in this Court.  *See In re Lupron® Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 80 & nn.9 & 10 (D. Mass. 2005) (Stearns, J.).  Judge Stearns, for example, describes "a preemptive strategy to seize control of the litigation by using the state court proceedings to gain leverage over counsel cooperating with the MDL action."  *See id.* at 80 & n.9.

DSMDB-2323235v05

years of litigation in this Court and to interfere with this Court's jurisdiction to manage, adjudicate, and resolve the MDL.[3]

## ARGUMENT

I.   MR. HAVILAND HAS FAILED TO COMPLY WITH THIS COURT'S
     <u>INSTRUCTIONS TO ELIMINATE OVERLAP BETWEEN THE CASES</u>

    A.   <u>The Allegations In The New Jersey Case Significantly Overlap With The MDL</u>

The New Jersey case asserts the same basic locus of facts as those alleged in the MDL, i.e., that the defendant pharmaceutical companies caused AWPs to be inflated and thereby caused excess reimbursements.  There are 54 named defendants in the New Jersey case; 24 of those defendants or their parents, subsidiaries, affiliates, or predecessors are named in the MDL. Notwithstanding their prior representations to the contrary, that the New Jersey case sought only statewide certification, and notwithstanding this Court's prior ruling certifying a nationwide Medicare beneficiary class but finding that a nationwide third-party payor class is inappropriate,[4] the Fund and its counsel now seek to represent a nationwide class of consumers and third-party payors.  Moreover, while the Class Action Complaint in the New Jersey case expressly disavows any claims based upon Medicare,[5] the Fund and Mr. Haviland have claimed that they are in fact pursuing claims/damages based on Medicare.[6]

---

[3] This Court has personal jurisdiction over the Fund and its attorneys and therefore may enter an injunction consistent with due process.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

[4] The New Jersey Defendants of course do not agree that any class is appropriate, but that issue should be resolved through appeal of this Court's rulings, not reargued in collateral proceedings.

[5] Class Action Complaint Preface & ¶¶ 19, 99.

[6] Mr. Haviland freely admits these claims are already part of the MDL and are being addressed by this Court.  "[W]e defined those terms early on to say government assistance programs includes Medicare, federal programs, simply because we are alleging that those programs that use AWP in their reimbursement schemes are the ones we're suing under. . . .  And how it plays out, in terms of whether or not the Defendants can call it something else, it's there *and it's part of why we think there's a claim for 20 percent payers under Medicare*."  Motion to Dismiss Hearing Transcript, New Jersey case, April 5, 2007, at 78:15-80:10 (emphasis added) (Exhibit 4 to Rodrigues Decl.); *see also* Plaintiff's Objections and Answers to Corporate Defendants' First

DSMDB-2323235v05

B.    Mr. Haviland's Proposed Order In The New Jersey Case Does Not Clearly Dismiss Overlapping Claims Or Defendants

Recognizing the overlapping claims and defendants, this Court instructed Mr. Haviland to drop the overlapping New Jersey claims and defendants. Mr. Haviland, however, has not complied with those instructions. True, the cover letter, Notice of Motion, and Certification in Support of Motion to Dismiss filed in the New Jersey Superior Court suggest that all overlapping claims and defendants are dismissed. Unfortunately, the accompanying proposed Order does no such thing. Mr. Haviland's proposed Order is deliberately vague and carefully crafted to keep all options open. The language of Mr. Haviland's proposed Order states vaguely that it is:

> ORDERED that Plaintiff's motion to dismiss without prejudice conflicting class claims as to defendants overlapping MDL 1456 is granted;
>
> IT IS FURTHER ORDERED that all of pending class claims against Overlapping Defendants that are subsumed within an existing class certified by the MDL Court or subsumed within a pending motion for class certification in MDL 1456 are dismissed without prejudice.

*See* Exhibit 1 to Rodrigues Decl. Moreover, the proposed Order also provides – with no jurisdictional basis – for tolling of any claims dismissed pending the outcome of the MDL, thereby giving the Fund maximum flexibility to reinstate claims at any time regardless of this Court's disposition of the very same claims.

Finally, Mr. Haviland's proposed Order also purports to grant the Fund the authority to retry claims that have been dismissed or rejected in the MDL, in violation of the principles of res judicata and collateral estoppel:

> IT IS FURTHER ORDERED that Plaintiff may reinstate any class claims dismissed without prejudice pursuant to this Stipulation in the event the MDL Court either decertifies all or part of a class of claims that were certified against an Overlapping Defendant, or affords final classwide relief which does not resolve fully Local 68's claims as originally pled.

---

Set of Interrogatories, August 10, 2007, Merits Interrogatory No. 6 (Exhibit 5 to Rodrigues Decl.).

DSMDB-2323235v05

*See* Exhibit 1 to Rodrigues Decl.  Thus, Mr. Haviland's proposed Order suggests that the Fund

can argue even after the settlement or adjudication of claims in the MDL, against identical

defendants, that the Fund is not bound by this Court's decisions or settlements.[7]

II.   THIS COURT SHOULD PREVENT THE FUND AND MR. HAVILAND FROM
      PURSUING CLAIMS AGAINST OVERLAPPING DEFENDANTS

This Court should issue an Order preventing the Fund, Mr. Haviland, and other Fund

attorneys from pursuing claims against defendants in the New Jersey case that are overlapping

with the MDL pursuant to the All Writs Act[8] and the Anti-Injunction Act.[9]  Under these

provisions, a federal court can enjoin a party from prosecuting a state court proceeding when

"necessary in aid of" the federal court's jurisdiction.[10]

The First Circuit has stated that the "'necessary in aid of' language . . . is meant to give

sufficient flexibility that a federal court, as a court of equity, may, when it has jurisdiction, deal

adequately with the situation at hand."  *James v. Bellotti*, 733 F.2d 989, 993 (1st Cir. 1984)

(internal quotation marks and citation omitted).  Under the "in aid of its jurisdiction" authority,

federal courts can enjoin state court class actions that threaten the ability of the federal court to

manage complex class actions, particularly multidistrict litigation proceedings.  The Third

Circuit has stated: "Under an appropriate set of facts, a federal court entertaining complex

litigation, especially when it involves a substantial class of persons from multiple states, or

---

[7] The overlapping New Jersey Defendants understand that the Court may soon enter final judgment regarding certain defendants.  Continued litigation regarding those defendants should take place in the First Circuit and not via collateral attack in a state court.

[8] The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

[9] The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

[10] *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294-95 (1970); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145-47 (1988).

DSMDB-2323235v05

represents a consolidation of cases from multiple districts, may appropriately enjoin state court proceedings in order to protect its jurisdiction." *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 234 (3d Cir. 2002). The Second Circuit has similarly affirmed the authority of a federal district court to issue injunctions "in aid of its jurisdiction" over complex class actions pending before them, stating:

> Even before a federal judgment is reached, however, the preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction against actions in state court. Such "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."

*In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*, 770 F.2d 328, 335 (2d Cir. 1985) (citation omitted); *see also Manual for Complex Litigation Fourth* § 21.42, at 304 & n.934 (2004) (endorsing the use of injunctions to manage complex multidistrict litigations and stating that federal courts have the power to enjoin state proceedings that "conflict with, or threaten the integrity of, the federal class action" (citing *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d at 235)).[11]

The MDL AWP litigation raises a multitude of complex issues and consists of scores of cases from dozens of different jurisdictions. This Court has invested massive time addressing

---

[11] *See also Newby v. Enron Corp.*, 338 F.3d 467, 473-76 (5th Cir. 2003) (affirming an injunction against plaintiff's counsel from taking certain actions in state court proceedings that interfered with the authority of the district court to manage a complex multidistrict securities class action); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996) (In the context of another MDL proceeding, the court held "where . . . abuses exist, failure to issue an injunction may create the very needless friction between state and federal courts which the Anti-Injunction Act was designed to prevent." (internal quotation marks and citations omitted)); *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 202 (3d Cir. 1993) ("Despite the deference paid to the independence of the state courts and principles of comity, there are instances in which courts of appeals have determined that state actions must be enjoined to allow the federal court to proceed ably with pending matters."); *In re Baldwin-United Corp.*, 770 F.2d at 337 ("The success of any federal settlement was dependent on the parties' ability to agree to the release of any and all related civil claims the plaintiffs had against the settling defendants based on the same facts. If states or others could derivatively assert the same claims on behalf of the same class or members of it, there could be no certainty [sic] about the finality of any federal settlement.").

DSMDB-2323235v05

complex issues and working toward a global resolution of these cases. The Court has developed through the cases against some defendants what the Court has described as a template as to class certification and resolution of some of the merits as to other defendants. There have already been class settlements with certain defendants. Other MDL parties are actively involved in mediation with a well-respected mediator. Overlapping proceedings in the New Jersey case threaten to undermine and interfere significantly with this Court's ability to manage and resolve this complex MDL case. Those efforts will be paralyzed if overlapping defendants or their families face identical nationwide[12] claims in the New Jersey case. Thus, an Order stopping the Fund, Mr. Haviland, and other Fund attorneys from pursuing claims against overlapping defendants is warranted.

In certain limited instances, there is not perfect overlap between certain MDL defendants and certain defendants in the New Jersey case. This imperfect overlap is created because the New Jersey AWP case includes certain corporate parents, subsidiaries, affiliates, or predecessors that are not named in the MDL. This narrow issue should not prevent these related corporate parents, subsidiaries, affiliates, or predecessors from being dismissed from the New Jersey case. Plaintiffs in the MDL and in the New Jersey case seek the same recovery from each defendant "family." Even if successful on the underlying AWP claims, plaintiffs in either forum cannot recover multiple times from the same corporate family. Importantly, the settlements that have been negotiated and the settlement negotiations that are ongoing have proceeded on a corporate family basis. It makes no economic sense for a negotiated resolution to be concluded in the MDL if related corporate entities must continue to litigate in the New Jersey case. For these

---

[12] This Court correctly rejected a nationwide AWP class for entities such as the Fund. The Fund's counsel participated in the process leading to that result. It is particularly inappropriate for the Fund and its counsel to attempt to avoid that ruling by running back to state court based on representations that the New Jersey case does not involve nationwide claims or federal Medicare claims.

7

reasons, continued litigation in the New Jersey case against related corporate entities will likewise infringe upon this Court's jurisdiction and resolution of AWP allegations. The Court should exercise its authority and stop the Fund and its attorneys from prosecuting AWP-based class action claims against the overlapping defendants and their parents, subsidiaries, affiliates, and predecessors.

## **CONCLUSION**

For the foregoing reasons, the New Jersey Defendants respectfully request that this Court issue an Order prohibiting the Fund, Mr. Haviland, and other Fund attorneys and agents from pursuing claims in the New Jersey case against defendants named in the MDL or whose parents, subsidiaries, affiliates, or predecessors are named in the MDL.

e-filed / *J. Andrew Jackson*
J. Andrew Jackson
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: 202-420-2200
Facsimile: 202-420-2201

Counsel for Defendants
Baxter International Inc. and
Baxter Healthcare Corporation and as
Coordinating Counsel on Behalf of the Corporate
Defendants in *International Union of Operating Engineers,
Local No. 68 Welfare Fund v. AstraZeneca PLC, et al.*

e-filed / *Peter E. Gelhaar*
Peter E. Gelhaar (BBO #188310)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone: 617-720-2880
Facsimile: 617-720-3554

Counsel for Defendants
Baxter International Inc. and
Baxter Healthcare Corporation

DSMDB-2323235v05

## CERTIFICATE OF SERVICE

I hereby certify that I, Shamir Patel, an attorney, caused a true and correct copy of the foregoing, **NEW JERSEY DEFENDANTS' RESPONSE REGARDING OVERLAPPING CLAIMS AND DEFENDANTS IN NEW JERSEY AWP LITIGATION**, and attached documents to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on October 2, 2007, for posting and notification to all parties.

By  /s/ Shamir Patel
Shamir Patel
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC  20006
(202) 420-2200