## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### DECLARATION OF JARED D. RODRIGUES IN SUPPORT OF NEW JERSEY DEFENDANTS' RESPONSE REGARDING OVERLAPPING CLAIMS AND DEFENDANTS IN NEW JERSEY AWP LITIGATION

I, JARED D. RODRIGUES, duly declare under penalty of perjury as follows:

1.      I am an attorney at law admitted to practice in the Commonwealth of Virginia and the District of Columbia and am an attorney in the law firm of Dickstein Shapiro LLP, counsel for defendants Baxter Healthcare Corporation and Baxter International Inc.  I am familiar with all of the facts and circumstances herein.  I make this declaration in support of New Jersey Defendants' Response Regarding Overlapping Claims and Defendants in New Jersey AWP Litigation.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the International Union of Operating Engineers, Local No. 68 Welfare Fund's (the "Fund") proposed Order Dismissing Without Prejudice Conflicting Class Claims As to Defendants Overlapping MDL 1456, filed in the Superior Court of Monmouth County, New Jersey on September 18, 2007.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the New Jersey Defendants' proposed Consent Order Dismissing Without Prejudice Certain Corporate Defendants, September 27, 2007.

DSMDB-2308070v03

4.    Attached hereto as Exhibit 3 is a true and correct copy of the Fund's Order Dismissing Without Prejudice Defendants Overlapping MDL 1456, October 1, 2007.

5.    Attached hereto as Exhibit 4 is a true and correct copy of an excerpt from the transcript of the Motion to Dismiss Hearing, Superior Court of Monmouth County, New Jersey, held on April 5, 2007.

6.    Attached hereto as Exhibit 5 is a true and correct copy of an excerpt from Plaintiff's Objections and Answers to Corporate Defendants' First Set of Interrogatories, served on August 10, 2007.

I hereby swear that the foregoing statements are true to the best of my knowledge, information, and belief.

Jared D. Rodrigues

October 2, 2007

# EXHIBIT
# 1



16355171

Sep 18 2007
6:26PM

Donald E. Haviland, Jr., Esquire
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court
Suite 202
Cherry Hill, New Jersey 08034
(856) 354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
Keefe Bartels
830 Broad Street
Shrewsbury, NJ 07702
(732) 224-9400 telephone
(732) 224-9494 facsimile
COUNSEL FOR PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 68, WELFARE
FUND AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust) <br><br> Plaintiff, <br><br> v. <br><br> AstraZeneca PLC; et al. <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MONMOUTH COUNTY <br><br> CIVIL ACTION NO. MON-L-3136-06 <br><br> **ORDER DISMISSING WITHOUT PREJUDICE CONFLICTING CLASS CLAIMS AS TO DEFENDANTS OVERLAPPING MDL 1456** |

    **THIS MATTER** having been opened to the Court by The Haviland Law Firm and Keefe Bartels, Counsel for Plaintiff and the Class, on Plaintiff's Motion to dismiss without prejudice conflicting class claims as to defendants overlapping MDL 1456, and having considered all papers submitted by the parties, along with oral argument, if any, and for good cause shown;

    On this _____ day of **October 2007**

    **ORDERED** that Plaintiff's motion to dismiss without prejudice conflicting class claims as to defendants overlapping MDL 1456 is granted;

**IT IS FURTHER ORDERED** that all of pending class claims against Overlapping Defendants that are subsumed within an existing class certified by the MDL Court or subsumed within a pending motion for class certification in MDL 1456 are dismissed without prejudice. Overlapping Defendants include only the following defendants:

> Abbott Laboratories, Amgen Inc., Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., Aventis Pharmaceuticals, Inc., Hoechst Marion Roussel, Inc., Aventis Behring L.L.C., Baxter International Inc., Baxter Healthcare Corporation, Bayer Corporation, Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc., Dey, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., Immunex Corporation, Johnson & Johnson, Centocor, Inc., Ortho Biotech, Pharmacia Corporation, Pharmacia & Upjohn, Inc., Schering-Plough Corporation, Warrick Pharmaceuticals Corporation, Sicor, Inc., Gensia Sicor Pharmaceuticals, Inc., and Watson Pharmaceuticals, Inc.

**IT IS FURTHER ORDERED** that Plaintiff may reinstate any class claims dismissed without prejudice pursuant to this Stipulation in the event the MDL Court either decertifies all or part of a class of claims that were certified against an Overlapping Defendant, or affords final classwide relief which does not resolve fully Local 68's claims as originally pled.

**IT IS FURTHER ORDERED** that any and all applicable statutes of limitations and/or repose shall be tolled for the time period between dismissal and such reinstatement of such class claims, and the reinstatement of any class claim dismissed hereby will not trigger a right of removal to federal court by any Defendant.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel within seven days of receipt from the Court.

_____

Honorable Louis F. Locascio, J.S.C.

# EXHIBIT 2

Michael L. Rosenberg
Marshall D. Bilder
Christopher E. Torkelson
Sterns & Weinroth, P.C.
50 West State Street, Suite 1400
Post Office Box 1298
Trenton, NJ 08607-1298
Telephone: (609) 392-2100
Facsimile: (609) 392-7956

J. Andrew Jackson
Jodi Trulove
Jared Rodrigues
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Attorneys for Baxter Healthcare Corporation
and Baxter International Inc. and as Liaison
Counsel on behalf of Corporate Defendants

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund, <br><br> Plaintiff, <br><br> v. <br><br> AstraZeneca PLC, et al., <br> Defendants. | Superior Court of New Jersey <br> Law Division: Monmouth County <br><br> Civil Action Docket No. MON-L-3136-06 <br><br> **CONSENT ORDER DISMISSING WITHOUT PREJUDICE CERTAIN CORPORATE DEFENDANTS** |

WHEREFORE, there exists overlapping claims and defendants in this case and in *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, CA No. 01-12257-PBS, MDL No. 1456, (D. Mass.) ("MDL No. 1456").

WHEREFORE, to eliminate these overlapping claims and defendants, plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund ("IUOE") and certain defendants have agreed that the IUOE will dismiss without prejudice all claims against the defendants set forth below.

IT IS ORDERED, that IUOE's claims against following defendants are dismissed without prejudice:

> Abbott Laboratories, Amgen Inc., AstraZeneca LP, AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, Zeneca Inc., ZLB Behring, L.L.C. (f/k/a/ Aventis Behring, L.L.C.), Centeon, L.L.C., Armour Pharmaceuticals, Aventis Pharmaceuticals Inc., Hoechst Marion Roussel, Inc., Sanofi-Synthelabo Inc., Baxter Healthcare Corporation, Baxter International Inc., Immuno-U.S., Inc., Bayer Corporation, Bayer AG, Miles Laboratories, Inc., Cutter Laboratories, Inc., Bristol-Myers Squibb Company, Apothecon, Inc., Oncology Therapeutics Network Corp., Dey, Inc., Fujisawa USA, Inc., Fujisawa Healthcare, Inc., Fujisawa Pharmaceutical Co., Ltd., Glaxo Wellcome, Inc., GlaxoSmithKline, P.L.C., SmithKlineBeecham Corporation, Immunex Corporation, Johnson & Johnson, Centocor, Inc., Ortho Biotech, Alza Corporation, Gensia Sicor Pharmaceuticals, Inc., Sicor, Inc., Pharmacia Corporation, Pharmacia & Upjohn LLC, Monsanto Company, G.D. Searle LLC, Schering-Plough Corporation, and Warrick Pharmaceuticals Corporation.

IT IS FURTHER ORDERED that the plaintiff's Motion to Dismiss Without Prejudice Conflicting Class Claims As To Defendants Overlapping MDL No. 1456, filed on September 18, 2007, is DENIED AS MOOT.

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel of record and The Honorable William G. Bassler, Special Master, within seven days of receipt from the Court.

Dated:_____, 2007        _____

                                                     The Honorable Louis F. Locascio, J.S.C.

DSMDB-2324908v01

Dated: _____

By: _____
    Donald E. Haviland, Jr.
    The Haviland Law Firm
    Third Floor
    740 South Third Street
    Philadelphia, PA 19147
    Telephone   (215) 609-4661
    Facsimile    (215) 392-4400

    John E. Keefe, Jr.
    Stephen Sullivan
    Keefe Bartels
    830 Broad Street
    Shrewsbury, NJ 07702

    Attorneys for Plaintiff International Union
    of Operating Engineers, Local No. 68
    Welfare Fund and the Class

Dated: _____

By: _____
    Michael L. Rosenberg
    Marshall D. Bilder
    Sterns & Weinroth, P.C., Suite 1400
    50 West State Street
    Post Office Box 1298
    Trenton, NJ 08607-1298
    Telephone: (609) 392-2100
    Facsimile:  (609) 392-7956

    J. Andrew Jackson
    Jodi Trulove
    Dickstein Shapiro LLP
    1825 Eye Street NW
    Washington, DC  20006-5403
    Telephone: (202) 420-2200
    Facsimile:  (202) 420-2201

    Counsel for Defendant
    Baxter Healthcare Corporation and Baxter
    International Incorporated and on behalf of
    the Corporate Defendants

DSMDB-2324908v01

# EXHIBIT 3

# KEEFEBARTELS

ATTORNEYS AT LAW • *A Limited Liability Company*

830 Broad Street
Shrewsbury, NJ 07702
732-224-9400
732-224-9494 (Fax)

John E. Keefe, Jr.[1][△]
Patrick J. Bartels[*]
Gerald H. Clark [1][□]

Danielle Abouzeid
John E. Gregory, Jr.[□]
Richard C. Sciria
Robert A. Storino[□]
Stephen T. Sullivan, Jr.[*]

Of Counsel
John E. Keefe, Sr.
Julius J. Feinson

Certified Civil Trial Attorney[1]

NJ & PA Bar[*]
NJ & NY Bar[□]
NJ & FL Northern Dist. & DC Bar[△]

October 1, 2007

**VIA EMAIL**
J. Andrew Jackson, Esquire
DICKSTEIN SHAPIRO, LLP
1825 Eye Street NW
Washington, D.C. 20006-5403

Michael L. Rosenberg, Esquire
Sterns & Weinroth, P.C.
50 West State Street
P.O. Box 1298
Trenton, NJ 08607-1298

Re:   **Int'l Union of Operating Engineers, Local No. 68 v.**
      **AstraZeneca, PLC, et. al.**
      **Docket No. : MON-L-3136-05**
      **Our File No. : 1182-5175**

Dear Counsel:

Pursuant to the telephone conference today with Judge Bassler, enclosed please find plaintiff's proposed Consent Order dismissing without prejudice certain defendants. Plaintiff's counsel is available tomorrow to confer regarding any differences that may still exist between the parties, including what defendants are actually "overlapping."

I look forward to your response.

Respectfully submitted,

JOHN E. KEEFE, JR.
For the Firm

cc:   Lead and Liaison Counsel (via Email)

## KB

Newark   •   Shrewsbury   •   Edison

Donald E. Haviland, Jr., Esquire
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court
Suite 202
Cherry Hill, New Jersey 08034
(856) 354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
Keefe Bartels
830 Broad Street
Shrewsbury, NJ 07702
(732) 224-9400 telephone
(732) 224-9494 facsimile
COUNSEL FOR PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 68, WELFARE
FUND AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust)<br><br>Plaintiff,<br><br>v.<br><br>AstraZeneca PLC; et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS OVERLAPPING MDL 1456** |

**THIS MATTER** having been opened to the Court by The Haviland Law Firm and Keefe

Bartels, Counsel for Plaintiff and the Class, on Plaintiff's Motion to Dismiss Without Prejudice

Conflicting Class Claims as to Defendants Overlapping MDL 1456, and the parties having amicably

resolved their differences and consenting to the entering of this form of Order;

On this _____ day of **October 2007**

**ORDERED** that plaintiff's claims against the following defendants are dismissed without

prejudice:

Abbott Laboratories, Amgen Inc., Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., Aventis Pharmaceuticals, Inc., Hoechst Marion Roussel, Inc., Aventis Behring L.L.C., Baxter International Inc., Baxter Healthcare Corporation, Bayer Corporation, Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc., Dey, Inc., Fujisawa Healthcare. Inc., Fujisawa USA, Inc., Immunex Corporation, Johnson & Johnson, Centocor, Inc., Ortho Biotech, Pharmacia Corporation, Pharmacia & Upjohn, Inc., Schering-Plough Corporation, Warrick Pharmaceuticals Corporation, Sicor, Inc., Gensia Sicor Pharmaceuticals, Inc., and Watson Pharmaceuticals, Inc;

**IT IS FURTHER ORDERED** that any and all applicable statutes of limitations and/or repose against the dismissed defendants are tolled during the pendency of this action and the reinstatement of any defendant to this action will not trigger a right of removal to federal court by any defendant;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss Without Prejudice Conflicting Class Claims as to Defendants Overlapping MDL 1456 is withdrawn;

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel and the Special Master within seven days of receipt from the Court.

_____
Honorable Louis F. Locascio, J.S.C.

# EXHIBIT 4

# Condensed Transcript/Concordance

Local No. 98 Welfare Fund v. Astrazeneca PLC,  et al.

April 5, 2007

D'Amico Certified Reporting, LLC
225 Lenox Avenue
Westfield, New Jersey 07090
908-233-6577

Motion - 4/5/07

77

1   That case has gone a lot quicker, has gotten to the
2   Supreme Court on class certification, and I believe
3   there was a trial date and the case is through
4   discovery, I don't know whether it's completed, but
5   it's gone a lot further and there's a lot of
6   lessons to be learned from that case and the best
7   of which was the one that was cited by all the
8   parties, Judge Higbee's decision on this very issue
9   about what is 4:5-7 versus 5-8 and can this
10  Plaintiff state a claim?
11          We think that answers the question of
12  standing, your Honor, very clearly about this
13  Defendant being a payor. One point was made about
14  whether or not we're seeking the government
15  purchases from Medicaid. That's very clearly
16  stated, Judge, in our class definitions in the
17  Complaint, we exclude governmental purchases.
18          HON. JUDGE LOCASCIO: I thought so. I
19  was almost going to say it myself, but I was almost
20  sure of that.
21          MR. HAVILAND: I can cite you the
22  actual paragraph, Judge, but the class definition
23  is right around Page 29. And there's an exclusion
24  line at the end of the --
25          HON. JUDGE LOCASCIO: I remember

78

1   reading it, I don't have it memorized, but I was
2   almost sure that you did.
3           MR. HAVILAND: I should have it
4   memorized. Page 29.
5           HON. JUDGE LOCASCIO: 29 is what you
6   say?
7           MR. HAVILAND: Yes.
8           And then it says all persons and
9   entities in New Jersey. It talks about the drugs
10  manufactured by the Defendants excluded from the
11  class, any entity in which the Defendant has a
12  controlling interest, legal representatives,
13  governmental entities.
14          HON. JUDGE LOCASCIO: There it is.
15          MR. HAVILAND: And we defined
16  government assistance very early, and one of the
17  things the Defendants have said in their papers is
18  we don't really know what government assistance
19  means in the context of our count.
20          Well, Judge, we tried in this case,
21  even in the Table of Contents on the Complaint to
22  explain, here's some terms that we're going to use,
23  government assistance, private assistance, no
24  assistance, to deal with the issues of sometimes
25  there's insurance, sometimes there's not insurance,

79

1   and you have to realize that that's important in
2   terms of who's paying what. And we defined those
3   terms early on to say government assistance
4   programs includes Medicare, federal programs,
5   simply because we are alleging that those programs
6   that use AWP in their reimbursement schemes are the
7   ones we're suing under.
8           It's the AWP inflation by the
9   Defendants which is causing us to pay too much.
10  For instance, in the case of Medicare where plans
11  like Local 68 and plans in New Jersey and the
12  country pay the 20 percent, and we defined, your
13  Honor, under Medicare Part B, Medicare pays
14  80 percent and then the plans are going to pay
15  20 percent.
16          And in that scheme and, your Honor,
17  Judge Saris deals with that mainly in Boston, she's
18  defined the plain meaning rule to say what AWP
19  means, we're dealing with the 20 percent, that's
20  what we have here for third-party payers in New
21  Jersey. And it's clear, we believe, and this is
22  going to be the subject, I think, of Summary
23  Judgment, probably a lot of protracted proceedings
24  down the road, but for purposes today, the AWP is
25  embedded in that statute, the Medicare statute,

80

1   there's no debate about that.
2           And how it plays out, in terms of
3   whether or not the Defendants can call it something
4   else, it's there and it's part of why we think
5   there's a claim for 20 percent payers under
6   Medicare. Just looking at that one program.
7   Realizing there's a bunch of different government
8   programs out there and private programs as well.
9   So we've defined them early on and then carried
10  those things through as terms.
11          HON. JUDGE LOCASCIO: Do you agree
12  with them that they have nothing to do with setting
13  the AWP?
14          MR. HAVILAND: Not at all, your Honor.
15          HON. JUDGE LOCASCIO: I thought that
16  was agreed to.
17          MR. HAVILAND: I think it's pretty
18  clear, and you'll see from the evidence, that these
19  Defendants periodically send pricing to these
20  third-party compendia.
21          And I want to make a point to, your
22  Honor, today that the most important compendia, Red
23  Book, was based in Montvale, New Jersey, just north
24  of here, up until a few years ago, just moved out
25  to Colorado. But the Defendants whether they were

Motion - 4/5/07

49 (Pages 193 to 194)

193

1        And then I'll just wait -- if you send
2    it to us tomorrow, and I'll wait until next week
3    when we're back and if there's problems -- if
4    there's any problems, you'll have it tomorrow
5    probably, let us know by e-mail because you have
6    her e-mail too, right?
7        MR. HAVILAND:  Yeah, I'm sure we have
8    it.
9        HON. JUDGE LOCASCIO:  You should have
10   it.  If I see nothing by Monday, I'll just sign it.
11   Okay.
12       MR. JACKSON:  Thank you, your Honor.
13   Happy Easter.
14       MR. ROSENBERG:  Thank you.
15       MR. HAVILAND:  Thank you, your Honor.
16       MR. LEVY:  Thank you.
17       MR. KEEFE:  Thank you, your Honor.
18       (Whereupon, at 3:49 p.m. the
19   proceedings were adjourned.)
20
21
22
23
24
25

194

1        C E R T I F I C A T E
2
3        I, STACY ANN MACE, a Certified Court
4    Reporter, License No. 30XI00146000, and Notary
5    Public, License No. 2300730, within and for the
6    States of New Jersey and New York, do hereby
7    certify:
8        That the proceedings hereinbefore set
9    forth were recorded by me and that such proceedings
10   are a true record of the testimony given by the
11   parties.
12       I further certify that this transcript
13   was prepared in accordance with Rule N.J.A.D.C.
14   13.43-5.8 and N.J.A.D.C. 13.43-5.9.
15       I further certify that I am not related to
16   any of the parties to this action by blood or
17   marriage, and that I am in no way interested in the
18   outcome of this matter.
19
20   ** The foregoing certification of
     this transcript does not apply to any reproduction
     of the same by any means unless under the direct
21   control and/or supervision of the certifying
     reporter. **
22
23
24   _____
     STACY ANN MACE, CSR
     CSR NO. 30XI00146000
25

D'Amico Certified Reporting
908-233-6577

# EXHIBIT
# 5



15912883

Aug 10 2007
4:41PM

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
THE HAVILAND LAW FIRM, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
(215) 609-4661 telephone
(215) 392-4400 facsimile

CO-LEAD COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund<br><br>                Plaintiff,<br><br>      v.<br><br>AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.;TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories, Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and XYZ Partnerships; and Associations 1-50,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION:  MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06 |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO CORPORATE DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to the New Jersey Rules of Court, Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, ("Plaintiff") by its undersigned counsel, hereby serves its objections and answers to Corporate Defendants' First Set of Interrogatories to Plaintiff as follows:

## PRELIMINARY STATEMENT

1.      By responding to these Interrogatories, Plaintiff does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege, status, or admissibility as evidence, for any purpose, of any information or document provided or produced in response to these Interrogatories; or (b) the right to object on any ground to the use of any information or documents provided or produced in response to these Interrogatories at any deposition, hearing, trial or other proceeding, or to their use in any pleading or submission; or (c) the right to object on any ground at any time to a demand for further answers to these Interrogatories; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the answers to these Interrogatories contained herein.  Plaintiff further reserves the right to raise any additional objections that it may have in the future.

2.      By answering, in response to a particular Interrogatory, that Plaintiff will provide information or documents, or will perform an investigation for any information or documents, or that its investigation and discovery is on-going, or that it will make information or documents available in conjunction with its on-going investigation and with on-going discovery, Plaintiff does not assert that it has or is aware of responsive information or documents.  Rather, Plaintiff is

2

6.      State whether You seek to recover on behalf of putative class members who made Medicare co-payments.

**ANSWER:    Yes.**

7.      Identify all Persons who have knowledge Concerning the allegations and subject matters in the Complaint.

**ANSWER:    In addition to the statements contained in the Preliminary Statement and to the objections contained in General Objections set forth above, Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome and oppressive.  Subject to and without waiving any General Objections or these specific objections, and to the extent that Defendants are willing to appropriately limit this Interrogatory, Plaintiff might be in a position to provide a substantive response.**

8.      Identify each Subject Drug for which You are seeking damages in this litigation.

**ANSWER:    In addition to the statements contained in the Preliminary Statement and to the objections contained in General Objections set forth above, Plaintiff objects to this Interrogatory on the ground that it is overly broad and unduly burdensome.  Subject to and without waiving any General Objections or these specific objections, see Class Action Complaint.  Further, subject to and without waiving any objections, discovery is continuing and Plaintiff is conducting a reasonable investigation and will provide relevant, responsive, non-privileged information, if any, reasonably sufficient to answer this Interrogatory, and reserves its right to provide documents and expert reports that further support or expound on this answer.**

9.      For each Subject Drug, Identify the following:

15

served as a testifying expert, including the captions, case numbers, and courts in which the cases were brought.

     **ANSWER:**   **Plaintiff incorporates its answer to the preceding Interrogatory.**

    23.    For any expert identified in the preceding Interrogatory, identify all data, Documents and other information relied on such expert in forming his or her opinion.

     **ANSWER:**   **Plaintiff incorporates its answer to the preceding Interrogatory.**

Dated: August 10, 2007       By:   /s/ Donald E. Haviland, Jr.
                      Donald E. Haviland, Jr., Esquire
                      Adam S. Levy, Of Counsel
                      Michael J. Lorusso, Esquire
                      The Haviland Law Firm, LLC
                      740 S. Third Street, Third Floor
                      Philadelphia, PA 19147
                      Telephone: (215) 609-4661
                      Facsimile:  (215) 392-4400

                      John E. Keefe, Jr., Esquire
                      Stephen T. Sullivan Jr., Esquire
                      Keefe Bartels
                      830 Broad Street
                      Shrewsbury, NJ 07702
                      Telephone: (732) 224-9400
                      Facsimile: (732) 224-9494

                      Kent M. Williams, Esquire
                      Law Offices of Kent M. Williams
                      1632 Homestead Trail
                      Long Lake, MN  55356
                      Telephone: (763) 473-1383

                      CO-LEAD COUNSEL FOR PLAINTIFF AND THE CLASS