**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) MDL No. 1456<br>) C.A. No. 01-12257-PBS<br>)<br>) Judge Patti B. Saris<br>)<br>) |

**CERTAIN NEW JERSEY DEFENDANTS' RESPONSE TO THE HAVILAND LAW FIRM'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT AS CLASS COUNSEL**

During the September 11, 2007 hearing, the Court expressed serious concerns regarding overlapping claims and defendants in the class action in MDL No. 1456 ("the MDL") and the New Jersey State Average Wholesale Pricing case, *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.*, Civ. Action No. Mon-L-3136-06 ("the New Jersey case"). The Court ordered plaintiff's lead lawyer in the New Jersey case, Donald E. Haviland, Jr., Esq., to resolve the matter by dismissing the overlapping claims and defendants from the New Jersey case. After negotiations between plaintiff's and defendants' counsel, plaintiff's counsel yesterday proposed a Consent Order Dismissing Defendants Overlapping MDL 1456 (the "Proposed Consent Order"), attached as Exhibit A, that would dismiss from the New Jersey action, without prejudice and subject to a tolling of the statute of limitations, Defendants who are also named in the MDL.

Those New Jersey Defendants joining this submission[1] are willing to agree to the Proposed Consent Order as it sufficiently resolves their concerns with claims in the New Jersey case that overlap claims asserted in the MDL. The dismissal of overlapping defendants and

---

[1] The following defendants, named in both the MDL and the New Jersey Action, join this submission: Schering-Plough Corp.; Warrick Pharmaceuticals Corp.; Johnson & Johnson, Centocor, Inc.; Ortho Biotech Products, L.P; and Abbott Laboratories.

claims, without prejudice and subject to a tolling of the statute of limitations, however, will not completely resolve the risk that the New Jersey case, which asserts virtually identical claims to those asserted in the MDL, might eventually result in inconsistent rulings on key issues this Court has already addressed in the MDL.  Such issues, in New Jersey and in other cases pending nationwide, can only be thoroughly and finally resolved following this Court's issuance of final judgment with respect to the Track 1 Defendants.[2]  Once final judgment is entered, the parties can argue before the New Jersey court the extent to which issue preclusion bars re-litigation of issues decided by this Court in the context of the Track 1 proceedings.

## CONCLUSION

For the foregoing reasons, the New Jersey Defendants respectfully request that this Court enter final judgment with respect to the Track 1 Defendants in the MDL.

/s/ Daniel J. Bennett_____
Steven A. Kaufman (BBO#262230)
John P. Bueker (BBO #636435)
Daniel J. Bennett (BBO#663324)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation

---

[2] The Track 1 Defendants moved for entry of judgment pursuant to Fed. R. Civ. P 54(b) on August 10, 2007.  (*See* Track 1 Defs.' Mot. for the Entry of J. Pursuant to Fed. R. Civ. P. 54(b) (Aug. 10, 2007) (Dkt. # 4616).)  During the subsequent damages hearing, the Court indicated an inclination to grant that motion and enter judgment pursuant to Rule 54(b).  (*See* Tr. of 8/27/07 AWP Damages Hearing (4:1-3) ("I do think an order under Rule 54(b) once I resolve the damage issue does make sense here").)  The Track 1 Defendants subsequently submitted a revised Proposed Form of 54(b) Judgment to account for developments since the August 10 filing.  (*See* Track 1 Defs.' Modified Proposed Form of J. Under Rule 54(b) (Sept. 14, 2007) (Dkt. # 4714).)  That revised Proposed Form of Judgment awaits this Court's signature.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Daniel J. Bennett_____
Daniel J. Bennett