# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS |
| ———————————————————— | ) |
| **THIS DOCUMENT RELATES TO:** | ) Honorable Patti Saris ) |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) Magistrate Judge Marianne B. Bowler ) ) ) ) |

**RESPONSES TO UNITED STATES' DEPOSITION UPON**
**WRITTEN QUESTIONS OF MILES WHITE**

Miles D. White and Defendant Abbott Laboratories Inc., by and through undersigned counsel, object to the *United States' Deposition Upon Written Questions of Miles White* (the "Questions") as detailed in Parts I-III below. Subject to and without waiving these objections, Mr. White responds to the Questions in Part IV.

**I.  GENERAL OBJECTIONS**

(a)     Abbott and Mr. White object to the Questions as argumentative, unfair, misleading, confusing and unduly prejudicial to the extent the Questions assume, or purport to impose, responsibilities and duties to act that are not found in the law.

(b)     The specific objections to each Question are in addition to the objections set forth in this and subsequent sections, which form a part of the response to each and every Question and are set forth here to avoid the duplication and repetition of restating them for each response.

(c)     The testimony supplied herein is for use in this litigation and for no other purpose, absent express written consent of Abbott.

(d)     Abbott and Mr. White object to the Questions as overly broad and unduly burdensome to the extent they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

(e)     Abbott and Mr. White object to the Questions as overly broad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information that would exceed the scope of discovery set forth in Magistrate Judge Bowler's Order of May 22, 2007.

(f)     Abbott and Mr. White object to the Questions as overly broad, unduly burdensome, argumentative, vague and ambiguous to the extent they contain any implications and/or explicit or implicit characterizations of the facts, events, circumstances, or issues addressed in the Questions.  Any response by Mr. White is not intended to indicate that he agrees with any such implications or characterizations, or that such implications or characterizations are relevant to the subject matter of this action or are reasonably calculated to lead to the discovery of admissible evidence.

(g)     Abbott and Mr. White object to these Questions to the extent that they are duplicative of other discovery served by the Plaintiff, and are therefore overly burdensome and harassing.

(h)     Abbott and Mr. White object to the Questions to the extent they seek information protected from discovery by any applicable privilege, rule or doctrine.

## II.  OBJECTIONS TO INSTRUCTIONS

(i)     Abbott and Mr. White object generally to Plaintiff's "Instructions" to the extent they exceed or purport to alter the scope of permissible discovery under the Federal Rules of Civil Procedure.

(j)     Abbott and Mr. White object to paragraph A of Plaintiff's "Instructions," which purport to command Mr. White to testify both to information within his personal knowledge, possession, custody or control, as well as information within the knowledge, possession, custody or control of "*any* of Mr. White's agents, officers, employees, attorneys or investigators, or any person acting as Mr. White's representative or [sic] Mr. White's behalf, including, but not limited to, any otherwise independent attorneys, accountants, or consultants." This Instruction is overly broad, unduly burdensome, and exceeds and is inconsistent with the obligations of a witness subject to deposition under the Federal Rules of Civil Procedure. Plaintiff cannot compel Mr. White to testify about matters that are outside his personal knowledge. Abbott and Mr. White further object to this Instruction to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

(k)     In response to paragraph C of Plaintiff's "Instructions," Abbott and Mr. White incorporate by reference their objections to Plaintiff's Definitions below.

### III.  OBJECTIONS TO DEFINITIONS

(l)     Abbott and Mr. White object to the definition of "documents" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Abbott and Mr. White further object to this definition to the extent it seeks to impose discovery obligations that exceed or are inconsistent with the Federal Rules of Civil Procedure. Abbott and Mr. White further object to this definition to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

(m)     Abbott and Mr. White object to the terms "You," "Your," and "the witness" as vague, ambiguous, overly broad, and unduly burdensome. Abbott and Mr. White further object

to this definition to the extent it purports to require Mr. White to testify to testify as to matters outside his personal knowledge.  Abbott and Mr. White further object to this definition to the extent it seeks to impose discovery obligations that exceed or are inconsistent with the Federal Rules of Civil Procedure.  In addition, Abbott and Mr. White object to this definition to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

(n)     Abbott and Mr. White object to the definition of the term "affiliated" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott and Mr. White further object to this definition to the extent it applies to business relationships unrelated to the marketing, pricing, or sale of the Subject Drugs.

(o)     Abbott and Mr. White object to the definition of the terms "accuracy," "accurate" or "accurately" as argumentative, vague and ambiguous.

(p)     Abbott and Mr. White object to the definition of "Price Representations" as overly broad, vague, ambiguous, and confusing.  Abbott and Mr. White further object to this definition as argumentative because it assumes that Abbott made representations relating to the various prices set forth in the definition, including AWP.

(q)     Abbott and Mr. White object to the definition of "Pharmaceutical" as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it would apply to products other than the Subject Drugs.

(r)     Abbott and Mr. White object to the definition of "Spread" because it is overly broad, vague, ambiguous, and confusing.  Abbott and Mr. White further object to the term "Spread" because it seeks information that is neither relevant to the subject matter of this action

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding private insurance companies. Abbott and Mr. White further object to the term "Spread" to the extent it assumes that the difference between the "actual acquisition cost or purchase price" of a drug and the reimbursement amount results in a profit or margin to the purchaser, without taking into account overhead costs, dispensing costs and other costs.

(s)     Abbott and Mr. White object to the definition of "AWP" because it is overly broad, vague and ambiguous. Abbott and Mr. White further object to this definition as argumentative because it assumes that Abbott "report[ed]," "advertise[d]," "market[ed]," "publish[ed]," or "caused to be published" an AWP for its products, including the Subject Drugs.

(t)     Abbott and Mr. White object to the definition of "WAC" because it is overly broad, vague and ambiguous.

(u)     Abbott and Mr. White object to the definition of "Direct Price" or "DP" because it is overly broad, vague and ambiguous.

(v)     Abbott and Mr. White object to the definition of "List Price" because it is overly broad, vague and ambiguous.

(w)     Abbott and Mr. White object to the definition of "Best Price" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott and Mr. White further object to the definition of "Best Price" because it is a defined term under federal law. *See* 42 U.S.C. 1396r-8.

(x)     Abbott and Mr. White object to the definition of "AMP" because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott and Mr. White further object to the definition of "AMP" because it is a defined term under federal law. *See* 42 U.S.C. 1396r-8.

(y)     Abbott and Mr. White object to the definition of "Price Publications" as vague, ambiguous, and overly broad to the extent it refers to any publications besides the *Red Book,* the *Blue Book*, and the Hospital Formulary Pricing Guide published by Medi-Span, Inc.

(z)     Abbott and Mr. White object to the definition of "average or estimated acquisition cost" as overly broad, vague and ambiguous.  Abbott and Mr. White further object to the definition of "average or estimated acquisition cost" to the extent it assumes and/or purports to impose a duty upon Abbott to calculate such a cost.

(aa)     Abbott and Mr. White object to the definition of "disclose" as vague, ambiguous, and conclusory.

(bb)     Abbott and Mr. White object to the definition of "marketed the Spread" as argumentative, conclusory, vague and ambiguous.

(cc)     Abbott and Mr. White object to the definition of the phrase "facts on which you rely," as vague, ambiguous, overly broad, and unduly burdensome.  In addition, Abbott and Mr. White incorporate by reference their objections to the definition of the terms "you" and "documents."

## IV.  RESPONSES

1.      Describe in detail all the circumstances surrounding your receipt of Congressman Fortney "Pete" Stark's October 31, 2000 letter and its related attachments (hereinafter the Letter) to you (see Exhibit 1), including but not limited to:

      (a)      when you first became aware of the Letter;

      (b)      how you first became aware of the Letter

      (c)      to whom you or anyone in your office (e.g., your secretary or other subordinates) distributed the Letter, both before and after your review of the Letter; and

      (d)      whether you distributed the Letter to the Board of Directors as requested by Congressman Stark.

**RESPONSE:**  In addition to the objections stated in Parts I-III above, Question 1 is objected to to the extent that it calls for the disclosure of information that is protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving any of these objections, Mr. White states as follows:

I do not recall whether I saw the October 31, 2000 letter from Congressman Stark (the "Letter") before it was shown to me by counsel in the course of responding to these written deposition questions.  My practice in general would be to route such letters to Abbott's General Counsel and/or Abbott's Litigation Department, who handle all correspondence that relates to pending or potential investigations or lawsuits involving Abbott, and who respond to such matters, and update me, as necessary.

2.      Describe in detail your reaction to the Letter, including but not limited to:

      (a)      your personal reaction to the allegations;

      (b)      any efforts you undertook or directed to be undertaken to investigate the claims in the Letter;

(c)    the names and titles of the personnel you directed to be involved in such efforts to assess or analyze the contents of the Letter;

(d)    a detailed description of any and all communications, in any format, you had with any other Abbott employees or officials regarding the contents of the Letter, both what you said to each employee or official and what each such employee and official said to you;

(e)    a detailed description of any discussions held by the Board of Directors, whether by the entire board or any subcommittees, regarding the contents of the Letter.

**RESPONSE:**  In addition to the objections stated in Parts I-III above, Question 2 is objected to because the term "reaction" is vague and also to the extent that this question calls for the disclosure of information that is protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving any of these objections, Mr. White states as follows:

As discussed in response to Question 1, I do not recall seeing the Letter until it was shown to me by counsel in connection with these questions.  I do not recall discussing the Letter with anyone other than legal counsel.

3.    Describe in detail all actions you and/or Abbott took in response to or as a result of your/Abbott's receipt, review and/or consideration of the Letter, including but not limited to:

(a)    whether you or anyone else at Abbott wrote or otherwise communicated a response to Congressman Stark's Letter;

(b)    if you did not respond to Congressman Stark's Letter, why not;

(c)    a description of all procedures or protocols in place at Abbott to respond to correspondence from members of Congress and an explanation of whether or how Abbott's response varied from those procedures or protocols;

(d)    any decisions made to revise, change or cease any and all pricing and/or price reporting practices (including, but not limited to, the way Abbott calculated and reported its wholesale acquisition cost and list or catalogue price information) for products manufactured by Abbott's Hospital Products Division (HPD), as reflected in the attached January 18, 2001 Catalog Price Adjustment Memo (Exhibit 2)

(e)     a detailed description of discussions you had with any Abbott employees regarding Abbott's reporting of its wholesale acquisition cost, list or catalogue prices for HPD products and any changes in that price reporting after Abbott received the Letter;

(f)     any approval or authority you personally granted with respect to any changes in Abbott pricing and/or price reporting practices in 2000 or 2001;

(g)     the names of the persons to whom you granted such approval or authority; and

(h)     details regarding any instructions or guidance you gave to anyone with respect to the implementation of changes in Abbott pricing and/or price reporting practices in 2000 or 2001.

**RESPONSE:**  In addition to the objections stated in Parts I-III above, Question 3 is objected to to the extent that it calls for the disclosure of information that is protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving any of these objections, Mr. White states as follows:

See responses to Questions 1 and 2.  I do not recall whether I saw the Letter before it was shown to me by counsel in the course of responding to these written deposition questions.  I do not recall whether Abbott took any action in response to or as a result of the Letter.

Dated:  September 6, 2007

As to objections,

_____
James R. Daly
Jason G. Winchester
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.
and Miles D. White*

## AFFIDAVIT OF MILES D. WHITE

Miles D. White, being duly sworn, hereby certifies as follows:

1.      My name is Miles D. White. I am the Chief Executive Officer and Chairman of the Board of Directors of Abbott Laboratories and Abbott Laboratories Inc.

2.      I have reviewed the questions posed to me and hereby certify that the answers provided in the attached response are true and correct, to the best of my knowledge and ability to recall the matters at issue.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of September, 2007.

_____
Miles D. White

SWORN TO AND SUBSCRIBED BEFORE ME
This 6th day of September 2007.

_____
NOTARY PUBLIC, STATE OF ILLINOIS

"OFFICIAL SEAL"
JACKIE ANN MURPHY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/24/2008

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I caused a true and correct copy of the foregoing RESPONSES TO UNITED STATES' DEPOSITION UPON WRITTEN QUESTIONS OF MILES WHITE to be served as follows this 6th day of September, 2007:

Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

Jason G. Winchester