**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*,<br>No. 06-CV-11337-PBS | ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNITED STATES'**
**MOTION TO REQUIRE ABBOTT, NOT THE UNITED STATES, TO FILE THE**
**UNITED STATES' EXHIBITS UNDER SEAL**

On Friday, September 28, 2007, the Government notified Abbott that it wanted to attach numerous documents, all of which Abbott had marked confidential during discovery, to a brief that the Government planned to file the following Monday.  (*See* Dkt. 4761.)  Taking to heart the Court's recent orders about the filing of confidential materials, Abbott agreed to waive confidentiality as to all but one of the documents, so that they could be filed in the public record.  Abbott did, however, insist that one document remain out of the public domain.  That document contains highly-sensitive information about Abbott's internal data and how it is maintained, as well as how Abbott processes financial information – information which is extremely confidential and would cause Abbott to suffer a competitive disadvantage if it were disclosed publicly.

Abbott informed the Government as much, and asked that this one document – and this document only – be filed under seal.  (*See* Ex. A (e-mail exchange between J. Winchester, Rebecca Ford, and Brian Murray).)  The resulting dispute between the Government and Abbott is simply one of process – determining what is the appropriate procedure to follow in this matter when one party wishes to make a filing with the Court that appends as exhibits documents that

another party maintains are confidential and should be excluded from the public record.  In this instance, the movant wants the documents to be filed, but may not have any position as to whether the documents should be sealed; the party asserting confidentiality may not want the documents to be filed at all, but wants to ensure that, if a filing is allowed, it be made under seal.  Recognizing that both parties in this situation are required to seek some sort of relief (though not necessarily the same relief), Abbott proposed the filing of a joint motion with the United States, in which the Government (and the Government alone) moved the Court to accept the Government's exhibits, and Abbott (and Abbott alone) expressed under penalty of Rule 11 the reasons that the document at issue should not be a part of the public record.  (*Id.*)  This proposal would apply equally to any instance in which Abbott sought to include as exhibits to one of its filings material that the Government regarded as confidential.

The Government rejected this proposal out of hand, insisting that it is Abbott's sole responsibility to file a motion affirmatively asking this Court to accept an exhibit to the *Government's* brief (even though Abbott does not think the exhibit should be filed in the first place).  When Abbott would not agree, the Government (without ever identifying any principled objection to Abbott's proposal) filed this motion, further taxing the Court's resources in this already protracted litigation.

Although it is happy to comply with whatever procedure the Court prefers, Abbott respectfully submits that its proposed procedure, not the Government's, should be adopted.  As discussed below, Abbott's proposal is more equitable, and it will avoid any needless confusion to the Court and its staff.

## ARGUMENT

The Court's directive that "the attorney claiming confidentiality shall support the assertion subject to Fed. R. Civ. P. 11" (9/5/07 Electronic Order) admittedly places the parties in

a somewhat awkward position when one party wishes to file another party's confidential document. The non-filing party is understandably reluctant to affirmatively move this Court to accept a document in support of the other party's motion. The filing party is understandably reluctant to assert, under the penalty of Rule 11, a confidentiality argument that is not its own, but does not want to run the risk of violating the Court's protective order.

To resolve this apparent conundrum, Abbott repeatedly suggested to the United States a proposal under which *both* parties faced with such a situation file a *joint* motion to the Court. In that motion, the party wishing to file the document (in this case, the United States) would request leave to file the confidential document in a manner that does not violate the parties' protective order. (*See* Ex. A.) That party would not need take any position regarding whether the documents should be filed under seal. (*Id.*) The party asserting confidentiality and wishing to keep the document out of the public record would join the motion, and, while taking no position on whether the document should in fact be filed with the court, would set out the reasons that the document should be kept under seal if it is to be filed at all. (*Id.*) The motion would contain two signature blocks, and each party would support its position under penalty of Rule 11. Both parties would thus preserve their respective positions in a manner that would not cause undue confusion to the Court or its staff.

Although the Government has not articulated any reason why this approach is unacceptable, it refuses to follow it. Instead, it insists that Abbott should follow a confusing and entirely unnecessary procedure, as outlined below – with no articulated basis other than because that is what the Government wants.

*First*, the Government's approach would require Abbott to take a position with which it disagrees: that the Court should accept and consider a confidential Abbott document in

connection with the United States' underlying brief.  Therefore, the Government's proposed solution would put Abbott in exactly the same predicament the Government complains of now: it would be "impossible for [Abbott] to make the necessary representations" (Dkt. 4761 at 4) truthfully.

*Second*, the Government's position would create unnecessary confusion for both the Court and its personnel.  For example, the clerk of the court would likely have difficulty appropriately docketing an Abbott motion advocating the admission of an exhibit to the Government's motion.  And the Court, which receives numerous filings each day, would have to pour over the pleadings to understand that the Government's proposed exhibit was actually attached to separate filing made by Abbott.  Creating a procedure with such potential for confusion is neither productive nor necessary.

## CONCLUSION

WHEREFORE, Defendant Abbott Laboratories Inc. respectfully requests that the Court deny the Government's motion, and order that, in the future, the Court's September 2007 orders shall be satisfied by a joint motion in which the party wishing to file a document marked confidential by another party moves accordingly, and the party advocating confidentiality explains the reasons why the document should be maintained under seal.

Dated:  October 5, 2007

Respectfully submitted,

ABBOTT LABORATORIES INC.


By:  /s/ Brian J. Murray

James R. Daly
Jason G. Winchester
Brian J. Murray
Nicole C. Henning
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 5, 2007, the foregoing **ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNITED STATES' MOTION TO REQUIRE ABBOTT, NOT THE UNITED STATES, TO FILE THE UNITED STATES' EXHIBITS UNDER SEAL** was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray