# EXHIBIT A



| | |
|---|---|
| **Brian J Murray/JonesDay**<br>Extension 5-1570<br>or (312) 269-1570<br>10/01/2007 04:30 PM | To "Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov><br>cc "St.Peter-Griffith, Ann (USAFLS)" <Ann.St.Peter-Griffith@usdoj.gov>, "Carol Geisler" <cgeisler@JonesDay.com>, jgwinchester@jonesday.com<br>bcc Brian J Murray/JonesDay<br>Subject RE: The United States Response to Third-Party TAP's Motion to Clarify |

Becky:

Thanks for your e-mail. I'm going to ignore the ad hominem; there's no need for it. Let's deal with the issue at hand.

Your e-mail still misses the point. If you file Abbott confidential documents with the Court, without either moving for leave to file them under seal or securing Abbott's agreement to file them publicly, you are in violation of the protective order, because at that point you would have disclosed confidential documents beyond what the protective order authorizes. It is you who are choosing to file documents with the Court, and to do so, you either need consent from Abbott to do so publicly (which you do not have) or authorization to file consistent with the disclosure strictures of the protective order (which you can obtain only by keeping the documents under seal with the Court).

So as I see it, you have two options, if you want to file Abbott confidential documents with the Court today: (1) You can adopt the procedure we've set forth, which makes clear every party's position, complies with all applicable orders from Judge Saris and the protective order, and also functionally makes sense. Or, (2) You can file them without such a motion, putting you in breach of the protective order. Again, you are on notice that we vigorously object to that course of action, and reserve all rights to enforce the protective order to its maximum extent.

Again, your objections to our proposed course of action are without foundation. What you would be requesting in the motion is leave to file these documents with the Court in a way that does not breach your protective order obligations. You need take no position on the propriety of under seal filing, and could indeed expressly disclaim having a view. We, in turn, would provide the Rule 11-compliant justification, and signature, for filing under seal. That could all be made very clear in a quite brief pleading, which would presumably follow on the heels of your brief and exhibits - and having been filed by you, would clearly relate to those earlier pleadings, in a way which is helpful to both the Court and the public. You still have not articulated any reason you cannot do this, despite now having had two tries. Can we therefore just agree to the procedure we've outlined and move on with this case?

Please let me know your plan before you do anything that would jeopardize Abbott's interests in its confidential materials. I await your call.
bjm

---

Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Tel: (312) 269-1570
Fax: (312) 782-8585
bjmurray@jonesday.com
"Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>



| | |
|---|---|
| **"Ford, Rebecca (CIV)"**<br><Rebecca.Ford@usdoj.gov> | To "Brian J Murray" <bjmurray@JonesDay.com> |



10/01/2007 03:58 PM

cc "Carol Geisler" <cgeisler@JonesDay.com>,
"St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>

Subject RE: The United States Response to Third-Party TAP's Motion to Clarify

Mr. Murray,

In response to your email below, I note that documents designated by a party as confidential or highly confidential in discovery, such as is the case with near or virtually all of Abbott's documents produced in this case, do not enjoy a presumption of sealing when filed with the Court. To the contrary, under the express terms of the Protective Order, documents treated as confidential for discovery purposes shall be publicly filed in court: "It is further ordered that all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for party seeking protection certifies and explains why the material is confidential." Paragraph 31 of the February 16, 2007 Protective Order. The Court reiterated this requirement in two recent orders.

Regardless of the party filing the brief and accompanying documents, it is Abbott and not the United States who is the "party seeking protection" of the documents. In order to allow Abbott to protect any legitimate confidentiality claims over documents under the higher standards for public filings, the United States undeniably provided Abbott more than sufficient advance notice of the documents it intended to file publicly today. We did this expressly so that Abbott could file, if it chose, an appropriate motion under this Court's orders. In its communications with g government counsel over the last several days, Abbott has changed its position numerous times on whether it believes Abbott is the party with the obligation under the Protective Order and the recent orders on sealing motions. Our position is to follow to the letter the Protective Order and Judge Saris's two recent orders admonishing parties not to file frivolous sealing motions. For this reason, we cannot join a sealing motion for which we have no support under Rule 11. Yet, we have allowed for a process whereby Abbott can protect documents for which a legitimate designation may meet the strict standards for public filings.

On a final note, I have been polite and professional today and have not "accused" Abbott of anything. I believe the tone of the communications from Abbott counsel have been unnecessary and unproductive.

**From:** Brian J Murray [mailto:bjmurray@JonesDay.com]
**Sent:** Monday, October 01, 2007 2:03 PM
**To:** Ford, Rebecca (CIV)
**Cc:** St.Peter-Griffith, Ann (USAFLS); Carol Geisler; jgwinchester@jonesday.com
**Subject:** Re: The United States Response to Third-Party TAP's Motion to Clarify

Becky - Thank you for your last voicemail. To sum up the state of play, Abbott suggested a joint motion,

with signature blocks from both the Government and Abbott, to achieve the end of getting Exhibit F to your brief filed under seal. Your voicemail, responding to that suggestion, stated that (1) the Government would not agree, and expects Abbott to file a separate (Abbott-only) motion, attaching the Exhibit F to the Government's pleading, to get it filed under seal; and (2) if Abbott did not comply, you would either (a) simply file that Exhibit in the public record, or (b) file a brief accusing Abbott of failure to comply with the Court's orders. This e-mail responds to your voicemail.

As to your suggestion that you might file Abbott's confidential materials in the public record, I would again point you to Jason's e-mail of Saturday (below), and reiterate that you are on notice that any filing of these documents in the public record by the Government is a breach of the protective order.

Beyond that, I am at a loss to understand how you could in good faith accuse Abbott of failure to comply with the Court's orders. By way of background, you'll recall that you sent us on Friday a whole host of Abbott confidential documents that you proposed to file with the Court today, and gave us a day to review them. (Incidentally, we're at a loss as to how they could have anything to do with the substance of the brief you're filing, but I suppose we'll cross that bridge when we come to it.) We did so, and agreed that nearly all of them could, in fact, be publicly filed. We objected to only one, which you've now told me will be Exhibit F to your filing.

We then proposed to you, after much discussion back and forth, a procedure to get this filed under seal which takes due account of the Court's orders, and also the practical realities, as set out above: A joint motion, where the Government expressly takes no position on the propriety of the under seal filing but simply complies with its protective order obligations as to confidentiality in submitting the motion, and Abbott makes the required representations, and also includes an Abbott signature block to alleviate any Rule 11-based concerns emanating from Judge Saris's order.

The sole objection you raised to our proposal in your voicemail is that the Government is not seeking under-seal treatment for the documents, and so cannot join a joint motion. That misses the point. The Government IS looking to file documents in a way that is consistent with its protective order obligations - so the Government is, in fact, asking for relief - i.e., that documents be filed and it not be charged with such a violation. Abbott, of course, doesn't support the Government filing our confidential documents with the Court, under seal or otherwise. Similarly, Abbott is looking for relief - that the documents be filed under seal. And, as you point out, the Government does not support under seal treatment. The point is this: so long as the pleading is clear as to who represents what, our suggested approach avoids (1) the Government having to make representations about confidentiality, and (2) Abbott having to move to get exhibits to its opponent's brief filed with the Court.

In contrast, your proposal that Abbott move to file exhibits to your brief under seal suffers from several flaws, not the least of which is it is terribly confusing - how is a law clerk or the public supposed to expect that the exhibit filed with the Abbott-only motion you suggest is actually an exhibit to your brief? Why would Abbott do that? It simply makes no sense.

Becky, we remain committed to working through to an appropriate solution with you. But you have failed to find any flaws in our proposal, while we have outlined myriad flaws in yours. How does our proposal not solve all possible problems, and why will your team not agree? More to the point, how can you justify imposing yet again on the Court's limited time and resources with yet more motion practice? Surely, as officers of the Court, we can work out this fairly simple point between us without having to repair, yet again, to Court.

Please call me to discuss further at your earliest convenience.
Thanks very much.
bjm

Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601-1692
Tel: (312) 269-1570
Fax: (312) 782-8585
bjmurray@jonesday.com

Jason G.
Winchester/JonesDay

09/29/2007 10:31 AM

To "Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>
cc "St.Peter-Griffith, Ann (USAFLS)" <Ann.St.Peter-Griffith@usdoj.gov>, Brian J Murray/JonesDay@JonesDay, Carol Geisler/JonesDay@JonesDay
Subject Re: The United States Response to Third-Party TAP's Motion to Clarify

```
You are on notice that any filing of these documents in the public record by
the Government is a breach of the protective order.  What is it about the
process I identified that is objectionable?  I am not certain what motion
Abbott would even file to get your exhibits filed under seal.  You have no
authority to file them publicly.
------------
Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois   60601-1692
312.782.3939 (phone)
312.782.8585 (fax)
-------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.  If
you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be
corrected.
-------------------


----- Original Message -----
From: "Ford, Rebecca (CIV)" [Rebecca.Ford@usdoj.gov]
Sent: 09/29/2007 10:53 AM
To: <jgwinchester@JonesDay.com>
Cc: "St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>;<bjmurray@JonesDay.com>;<cgeisler@JonesDay.c
om>
Subject: Re: The United States Response to Third-Party TAP's Motion to Clarify
```

Jason, I did not "interpret" the Court's recent order, I quoted directly from it.

Again, paragraph 9 of Judge Saris's September 7, 2007 Order states:
". . . No further documents shall be sealed in this case unless COUNSEL ASSERTING CONFIDENTIALITY asserts the basis for the claim in a PLEADING subject to the sanction of Fed. R. Civ P. 11" (emphasis supplied).

It is not sufficient for you to claim that it is our filing, therefore our problem. Indeed, it is not the fact that documents are included as exhibits to filings that the Court finds objectionable, but rather documents designated by Abbott as "Confidential" or "Highly Confidential" that the Court has found "there is no good cause for sealing. With respect to most of the documents, the assertion of confidentiality is frivolous."

Accordingly, if Abbott requires that the documents in question be filed under seal, it is incumbent upon Jones Day to file a motion in conformance with the Court's recent orders.

Please let me know by 11:00 a.m. EDT on Monday, October 1, 2007 whether Abbott intends to file the "pleading" required by the Court. If not we will have no choice but to (a) file the documents in the public record, as ordered by the Court, or (b) inform the Court of Abbott's refusal to comply with the Court's recent order.

----- Original Message -----
From: Jason G. Winchester <jgwinchester@JonesDay.com>
To: Ford, Rebecca (CIV)
Cc: St.Peter-Griffith, Ann (USAFLS); Brian J Murray <bjmurray@JonesDay.com>; Carol Geisler <cgeisler@JonesDay.com>
Sent: Fri Sep 28 19:05:33 2007
Subject: RE: The United States Response to Third-Party TAP's Motion to Clarify

I'm not sure I agree with your interpretation of the Court's recent rulings. The Court certainly pointed out that the motion to file under seal must be made subject to Rule 11, but I'm not sure that it must be Abbott's counsel who is responsible for the filing. This is your pleading, after all, and you are the ones who wish to append these materials as exhibits. I would suggest that the Government file the motion for leave to submit these exhibits under seal, noting in your motion that you have conferred with counsel for Abbott about the documents in question, and that Abbott counsel informed you that the documents contain current, highly sensitive information relating to Abbott's internal management of financial and other data, and that Abbott maintains that it would suffer a competitive harm to its business if that information were disclosed publicly. This is how I have always dealt with similar issues in other cases. Otherwise, we will be in the strange position of Abbott file some pleading asking to have your documents filed under seal. If this is what the Court wants, we will do it, but I believe my suggestion should suffice. Please copy Brian and Carol on any motion to seal you intend to file so that we can verify that you have correctly summarized our position.  JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.782.3939 (phone)
312.782.8585 (fax)

```
          "Ford, Rebecca
          (CIV)"
          <Rebecca.Ford@usd                                                    To
          oj.gov>                 "Jason G. Winchester"
                                  <jgwinchester@JonesDay.com>
                                                                               cc
          09/28/2007 05:35        "Carol Geisler"
          PM                      <cgeisler@JonesDay.com>, "Brian J
                                  Murray" <bjmurray@JonesDay.com>,
                                  "St.Peter-Griffith, Ann (USAFLS)"
                                  <Ann.St.Peter-Griffith@usdoj.gov>
                                                                          Subject
                                  RE: The United States Response to
                                  Third-Party TAP's Motion to Clarify
```

Jason,

Thank you for your response. With respect to category 4 below, the Court's order instructs the counsel asserting confidentiality to provide the basis for the claim IN A PLEADING SUBJECT TO THE SANCTION OF FED. R. CIV. P. 11.

Accordingly, please advise when Abbott will be filing such a pleading so that we may handle these documents appropriately when filing our response to TAP's Motion to Clarify on Monday. As you know, the Court's Order does not permit the United States to file those documents under seal absent a pleading by Abbott counsel setting forth the basis of the claim.

Becky


-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Friday, September 28, 2007 6:28 PM
To: Ford, Rebecca (CIV)
Cc: Carol Geisler; Brian J Murray
Subject: RE: The United States Response to Third-Party TAP's Motion to Clarify

Rebecca -

Getting back to you on all of these issues relating to DOJ's upcoming filing:

1. Abbott will not object to the public filing of the specific deposition pages (and only those pages) you have provided to me today from the depositions of Tobiason, Miller, Rodman, and Sensibaugh.

2. Abbott will not object to the public filing of the 6/13/96 Lynne

Leone
document.

3.  Abbott will not object to the public filing of Exhibit No. 757 to the
Tobiason transcript.

4.  Abbott does, however, object to the public filing of the documents that
you have attached in the .pdf below.  These documents contain
highly-sensitive information about Abbott's internal data and how it is
maintained, as well as how Abbott processes financial information.  This
information is extremely confidential and would cause Abbott to suffer a
competitive disadvantage if it were disclosed publicly.  If this material
is to be filed with the Court, it must be filed under seal.


I believe that covers everything, but please let me know if there is
anything that I have missed.  I will be tied up in a meeting all day
Monday.  If you have any questions about this, or have logistical concerns,
please contact Carol or Brian.  Have a nice weekend.  JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois   60601-1692
312.782.3939 (phone)
312.782.8585 (fax)




|         |                                           |                                         |
|---------|-------------------------------------------|-----------------------------------------|
| To      | "Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov> | "Jason G. Winchester" <jgwinchester@JonesDay.com> |
| cc      |                                           |                                         |
|         | 09/28/2007 04:46 PM                       |                                         |
| Subject |                                           | RE: The United States Response to Third-Party TAP's Motion to Clarify |

Jason,

Here are the documents referenced in my earlier e-mail. You will notice that the first few pages do not appear to be designated Confidential or Highly Confidential, but the remainder are so designated.

Becky

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Friday, September 28, 2007 5:31 PM
To: Ford, Rebecca (CIV)
Subject: Re: The United States Response to Third-Party TAP's Motion to Clarify

Becky -

We are having trouble finding the following documents you reference below:
ABT 072-4068 - 072-4069, ABT 072-4076, ABT 072-4115 - 072-4116, and ABT 061-1668 - 061-1669. The bates numbers do not look familiar. Can you send
us copies of these docs, or give some further info. on where we might find
them? They do not appear to be DOJ documents.

Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.782.3939 (phone)
312.782.8585 (fax)


|  |  |  |
|---|---|---|
| To | "Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov> | "Jason G. Winchester" <jgwinchester@JonesDay.com> |
| cc |  |  |
|  | 09/28/2007 10:34 | "Lee Ann Russo" |

AM                                  <larusso@JonesDay.com>, "Brian J

                                    Murray" <bjmurray@JonesDay.com>


Subject

                                    The United States Response to

                                    Third-Party TAP's Motion to

Clarify


Jason,

On Monday, the United States intends to file a response to TAP's Motion
to
Clarify the Court's September 7, 2007 Order.  The United States intends
to
file exhibits to that motion that are documents and excerpts from
depositions that have been designated by Abbott as "Confidential" or
"Highly Confidential", including the following:

        -                       Exhibit 757 to the March 28, 2007
        deposition of Virginia Tobiason (transcript marked Highly
        Confidential)
        -                       Excerpts from the July 30, 2007
deposition
        of James Miller (see p. 342, where Abbott counsel asks the
court
        reporter to "mark the transcript under the protective order")
        -                       Excerpts from the July 12, 2007
deposition
        of Cynthia Sensibaugh (transcript marked Highly Confidential)
        -                       Excerpts from the May 15, 2007
deposition
        of Virginia Tobiason (transcript marked Highly Confidential)
        -                       Documents ABT 072-4068 - 072-4069, ABT
        072-4076, ABT 072-4115 - 072-4116, and ABT 061-1668 - 061-1669

As you know, in paragraph 9 of the Court's September 7th Order, Judge
Saris
stated as follows:

9. I have reviewed the documents attached to the
government's motion [documents designated by Abbott as
"Confidential" or "Highly Confidential"] and find that
there is no good cause for sealing. With respect to

most of the documents, the assertion of confidentiality
is frivolous. No further documents shall be sealed in this
case unless counsel asserting confidentiality asserts the
basis for the claim in a pleading subject to the sanction
of Fed. R. Civ P. ii.

Accordingly, we do not plan to file these exhibits under seal.  Pursuant to
our reading of Judge Saris's Order, should Abbott desire that the documents
be filed under seal, counsel for Abbott must state the basis for the claim
in a pleading subject to the sanction of Rule 11.  Please advise as soon as
possible, but not later than Monday morning, whether Abbott intends to file
such a pleading with respect to these exhibits.

Thank you,

Becky Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004
P:   (202) 514-1511
rebecca.ford@usdoj.gov

(See attached file: Saris on 3d Party Discovery.PDF)

===========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
===========
(See attached file: 20070928173924_001.PDF)

===========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
===========



===========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.

If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========