## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| _____ | ) | |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S
### REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PARAGRAPH SIX OF
### THE COURT'S SEPTEMBER 7, 2007 ORDER

TAP Pharmaceutical Products Inc. ("TAP") is not a party to this case. Moreover, TAP, a joint venture between Abbott Laboratories Inc. ("Abbott") and Takeda Pharmaceutical Company Ltd., is a distinct corporate entity, not a division of Abbott. Nevertheless, after the United States issued subpoenas in its case against Abbott to 14 third-parties, requesting documents pertaining to Abbott and Abbott's "affiliates," TAP learned that the Government had defined "affiliates" to include TAP. As a result, third-parties were preparing to produce significant amounts of TAP documents. Therefore, TAP objected to the DOJ's subpoenas on the grounds of relevance and undue prejudice. (Dkt. 4292.)

In ruling on TAP's motion to quash the fourteen third-party subpoenas (*i.e.*, to prevent those parties from producing documents relating to TAP's products, which are not at issue in this case), Magistrate Judge Bowler reiterated that she had already established certain discovery parameters in this case, and stated that "discovery against a non-party should not extend beyond the foregoing parameters[.]" (Dkt. 4483 at 4.) As Magistrate Judge Bowler had previously ruled that the Government had not shown any need for TAP-related documents, (3/16/2007 Hr'g Tr. (attached as Ex. A) at I-62) (denying, on relevance grounds, the DOJ's motion to compel)), Magistrate Judge Bowler's ruling was fully acceptable to TAP.

The Government, however, appealed Magistrate Judge Bowler's ruling to this Court. (Dkt. 4622.) Abbott, and Abbott alone, responded to the objection. TAP did not participate at all in the briefing before this Court. The Court essentially affirmed Magistrate Judge Bowler's ruling, yet in Paragraph 6 of the Court's order, the Court stated, "*TAP shall produce* all documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period." (Dkt. 4701 (emphasis added)). Because TAP is not a party to this case and had not been served with any subpoenas, TAP was perplexed as to why this Court's order would direct *TAP*, who was not even subject to a subpoena, to do anything. TAP assumed that the Court's order was meant to direct *the fourteen third-parties who had been subpoenaed* to produce TAP-related documents meeting the Court's criteria, given that the Court's order was addressing a dispute regarding them alone. Accordingly, TAP filed its motion to clarify.

Soon after TAP filed its motion to clarify, the Government served TAP with a subpoena, copying the Court's order verbatim, and demanding that TAP itself produce all documents "expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period."[1] (Ex. B, TAP Subpoena.) While TAP reserves all rights with respect to that subpoena,[2] TAP would like to point out to the Court that the subpoena is not the subject of

---

[1] Contrary to the Government's claim in its response, TAP had not been served with a subpoena at the time it filed its Motion to Clarify on Sept. 17, 2007. Although the Government gave TAP informal notice of its intent to serve a subpoena hours before TAP filed its motion, TAP did not formally accept service of the subpoena until Sept. 21, 2007. (*See* Exhibit B, TAP Subpoena, dated 9/21/07; Exhibit C, Letter from L. Russo dated 9/21/07.)

[2] If the Court disagrees with this Motion, TAP requests the opportunity to make a submission regarding the subpoena's scope.

its current motion to clarify.[3]  Instead, the current motion simply asks this Court to confirm that it did not intend its order to be directed to TAP, which had received no subpoenas, but instead only to the fourteen third-parties who *were* subject to subpoena at the time the Court issued its order.

WHEREFORE, TAP respectfully requests that paragraph 6 of the Order be amended to clarify that Paragraph 6 of its Sept. 7, 2007 Order does not impose discovery burdens directly on non-party TAP.

Dated:  October 5, 2007

Respectfully submitted,

TAP PHARMACEUTICAL PRODUCTS INC.

By:  /s/ Jason G. Winchester

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

---

[3] TAP also would like to point out that it has made every effort to meet its obligations to cooperate with the DOJ.  Indeed, TAP long ago produced to the government any documents the DOJ now seeks.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 5, 2007, the foregoing **THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PARAGRAPH SIX OF THE COURT'S SEPTEMBER 7, 2007 ORDER** was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray