# EXHIBIT B

## DECLARATION OF JASON G. WINCHESTER

Jason G. Winchester, make the following statements based upon my own personal knowledge:

1. My name is Jason G. Winchester. I am a partner in the law firm JONES DAY, which represents Abbott Laboratories Inc. ("Abbott") in a variety of litigation matters relating to pharmaceutical pricing, including the lawsuit captioned *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS.

2. I received an e-mail from Mr. Gejaa Gobena, counsel for the United States of America, requesting that Abbott provide dates for Mr. Richard A. Gonzalez, who at the time was Abbott's President and Chief Operating Officer. I understand that Mr. Gonzalez retired on September 28, 2007.

3. In order to evaluate counsel's request, I requested a meet and confer conference to discuss the issue.

4. Mr. Gobena agreed, and a meet and confer was held via telephone on July 17, 2007. This conference was attended by Mr. Gobena, Mr. Nicholas Paul (an attorney with the California Department of Justice, who represents the state in a related action pending against Abbott in California), and me. Mr. Gobena, Mr. Paul and I continued our meet and confer on July 27, 2007, at which time we were joined by Mr. Chris Cook from my firm and Ms. Ann St. Peter-Griffith, counsel for the Government. I spoke with Mr. Gobena, Mr. Paul, and Ms. St. Peter-Griffith again about these depositions on August 8, 2007.

CHI-1607673v1

5. During these conferences, plaintiffs were invited to state the grounds for their request to depose Mr. Gonzalez.

6. Counsel articulated the following bases: (i) he was copied on a document preservation memorandum issued by Abbott's in-house counsel; (ii) he might have information regarding the pricing of HPD products; (iii) he was allegedly involved in one or more meetings with executives from Coram, a customer of the former Alternate Site business unit within HPD, relating to contract negotiations; (iv) he received a publication in or about 2000 relating to a list of "true AWP's" issued by the U.S. Department of Justice; (v) he was allegedly involved in Abbott's decision to discontinue the former Home Infusion Services business; and (vi) he was allegedly involved in Abbott's decision to merge together the contract marketing departments of the Hospital and Alternate Site business units within HPD.

7. I asked whether the Government would be willing to agree to any limitations as to the duration of Mr. Gonzalez's proposed deposition, or to a set list of subjects that could be covered during the deposition. As to timing, Mr. Gobena indicated that the Government would work with the other plaintiffs' counsel interested in this depositions to attempt to complete it in one day. He would not agree to any shorter time period. As to subject matter, Mr. Gobena indicated that the Government would not agree to any limitation as to the subjects that could be covered at deposition with Mr. Gonzalez.

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and present ability to recall the events in question.

Dated: October 5, 2007

_____
Jason G. Winchester

- 2 -

CHI-1607673v1