# EXHIBIT A



U.S. Department of Justice

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone:  (202) 305-9300*
*Ninth Floor*  *Telecopier:  (202) 616-3085*
*Washington, D.C. 20004*

June 27, 2006

<u>Via Electronic Transmission</u>

David Torborg
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

  Re: *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories*
    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Dey, Inc.*
    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Roxane Laboratories, Inc.*
    MDL No. 1456/Civil Action No. 01-12257-PBS

Dear David:

  This letter concerns matters raised in your correspondence of May 8, 2007, and also in Christopher Cook's letter of June 11, 2007.  More particularly, I am writing in response to the inquiries concerning the production of documents and material: (1) in the Rulemaking Support files for the regulations listed in Schedule B to Abbott's first Request for Production of Documents (RFPs), and  (2) from CMS' Office of Legislation.

  Responding to each of the above items will continue to consume considerable time and effort by both agency and DOJ staff.  For example, the Rulemaking Support files contain a large volume of material.  Additionally, from our initial review, much of that material is likely to be withheld from production based on the deliberative process privilege.  In light of the burden associated with the review and probable logging of this body of material, we need to better understand Abbott's reasons for requesting it.

  At this point, we have difficulty discerning the relevance of the material in question, especially in light of Judge Saris's November 2, 2006 summary judgement order and the findings and conclusions which she issued on June 21, 2007.  Much of Abbott's discovery is directed at issues that have now been decided by the Court.  The Court has already determined the statutory and regulatory meaning of the term "AWP."  The material you are requesting relates to non-public agency deliberations on this and other topics.  The First Circuit has expressly held that in determining the meaning of a regulation, agency interpretations are only relevant if they are reflected in public documents as opposed to non-public or informal understandings of agency officials.  <u>United States v. Lachman</u>, 387 F.3d 42 (1st Cir. 2004).  The sought-after material simply has no bearing on Abbott's liability in this case.

-2-

Judge Saris's June 21 findings and conclusions also explicitly reject the arguments which Abbott has briefed in this case: (1) that AWP-based reimbursement was designed to "cross-subsidize" other areas such as physician services and (2) that the government's knowledge of the AWP "spreads" excused manufacturers for "unscrupulously taking advantage of the flawed AWP system for Medicare reimbursement..."  Nonetheless, it appears much of Abbott's discovery, including the items noted above, amounts to a search for support for rejected defenses.

In sum, the landscape of this case has materially changed since Abbott first served its RFPs and interrogatories.  Fundamental legal issues relating to Abbott's liability and its defenses in this case have now been resolved by virtue of orders and findings of the Court.  Notably, the Case Management Order just issued in the Dey matter considerably scales down the discovery permitted in that case, reflecting that many issues in this litigation have been resolved by virtue of the June 21 ruling.  In this situation, we urge Abbott to carefully review outstanding discovery requests and consider whether they relate to any matter properly deemed still at issue at this stage of the MDL.

Thank you for your attention.  I look forward to also hearing from counsel for Dey and Roxane.

Very Truly Yours,


/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch


cc:
James Breen
The Breen Law Firm

Eric Gortner
Kirkland Ellis
200 East Randolph Drive
Chicago, Illinois 60601-6636

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

-3-

Neil Merkl,
Paul F. Doyle
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178