# EXHIBIT Y



U.S. Department of Justice

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone: (202) 305-9300*
*Washington, D.C. 20004*  *Telecopier: (202) 616-3085*

<u>Via Electronic Transmission</u>               September 25, 2007

David Torborg
Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

   Re:   Average Wholesale Price Multi-District Litigation
         <u>MDL No. 1456/C.A. No. 01-12257-PBS (D. Mass.)</u>

Dear Counsel:

   This letter responds to various items in Abbott's correspondence of August 10, 2007, September 20, 2007 and September 21, 2007. Many of the items in Mr. Torborg's letter of August 10 have now been rendered moot because we have produced documents, supplemented the Government's responses to interrogatories, or provided you with requested deposition dates for Government witnesses. Additional information responsive to items in Abbott's correspondence is set out below.

**Carrier Price Arrays**

   Mr. Torborg has inquired about documents reflecting the pricing arrays used by Medicare carriers to determine allowable amounts for the Subject Drugs involved in this case. Information responsive to this question is set out on the imaged documents referenced below.

| J-Code | Bates Numbers |
|---|---|
| J2912 | AWP023-0197, AWQ005-0272, AWQ005-0434, AWQ005-0624, AWQ014-0506, AWQ014-0520 |
| J3370 | AWP023-0334, AWP033-0339, AWP033-0491, AWP033-0676-0677, AWP033-0824, AWP033-0944-0945, AWP033-1206, AWP033-1316, AWP033-1434, AWP033-1591-1592, AWP033-1772, AWP033-1898, AWP033-2073, AWQ005-0274, AWQ005-0436, AWQ005-0626, AWQ014-0532, AWQ014-0543 |
| J7030 | AWP008-0154, AWQ005-0438, AWQ005-0628 |

-2-

| | |
|---|---|
| J7040 | AWP008-0155, AWQ005-0439, AWQ005-0629 |
| J7042 | AWP008-0155, AWP008-0255, AWP023-0374, AWQ005-0276, AWQ005-0440, AWQ005-0630, AWQ014-0593 |
| J7050 | AWP008-0156, AWP008-0255, AWP023-0381, AWQ005-0277, AWQ005-0441, AWQ005-0631, AWQ014-0594 |
| J7051 | AWP008-0156, AWP023-0388, AWP033-0492-0495, AWP033-0678-0681, AWP033-0825, AWP033-1207, AWP033-1317, AWP033-1435-1438, AWP033-1593-1595, AWP033-1773, AWP033-1899, AWP033-2074, AWQ005-0278, AWQ005-0442, AWQ005-0632, AWQ014-0633, AWQ014-0653 |
| J7060 | AWP008-0157, AWP023-0395, AWQ005-0279, AWQ005-0443, AWQ005-0633 |
| J7070 | AWP008-0157, AWQ005-0280, AWQ005-0444, AWQ005-0634 |
| J7110 | AWP023-0416, AWQ005-0282, AWQ005-0446, AWQ005-0636, AWQ014-0654 |
| J7130 | AWP008-0158, AWP023-0430, AWQ005-0284, AWQ005-0448, AWQ005-0638 |

We have also produced electronic media from the carriers which contains this information. Please see AWPCD101, AWPCD102, AWPCD104, AWPCD107, and AWPCD108. At this time, our production of arrays on electronic media is not complete. We expect to produce additional array information from Palmetto GBA and CIGNA Government Services as soon as is practicable.

**OIG Inspection Workpapers**

Mr. Torborg's August 10 letter lists OIG reports for which Abbott has requested inspection workpapers. As you are aware, we have provided extensive documents from OIG workpaper files. With respect to the outstanding reports, agency personnel are working now to assess the work that remains to done assembling the remaining material. Please note however, that workpapers relating to the report entitled "Medicaid Pharmacy--Actual Acquisition Cost of Prescription Drug Products for Brand Name Drugs" have been produced at Bates ranges beginning HHD015 and HHD019. Additionally, as you have acknowledged, we produced documents relating to two other audit reports listed in the August 10 letter – A-06-93-00070 and A-06-96-00030 – on August 24, 2007. We expect that we will be able to produce workpapers for the reports entitled "Cost of Dialysis-Related Drugs" and "Physicians' Cost for Chemotherapy Drugs" (items 8 and 9 in Mr. Torborg's letter of September 21). It is very unlikely that the Government will be able to locate and produce OIG inspection workpapers for any of the other

-3-

reports listed in Mr. Torborg's letter of September 21. Mr. Torborg has also asked that the Government produce workpapers for a 2007 OIG report. All of the OIG inspection workpapers which have been requested by Abbott in this case are irrelevant to any legitimate defense the company may have. That is especially the case with respect to the 2007 workpapers given the time frame at issue in this litigation and the date parameters established by the Court for discovery material.

**Under Seal File**

Mr. Torborg's August 10 letter raises a question about Abbott's access to sealed material in the Florida district court. Mark Lavine's July 26, 2007 letter to Christopher Cook directly addresses the question in the August 10 correspondence. It also appears that at this point, Abbott has requested access to sealed information directly from the district court in Florida.

**Rulemaking Support Files and Documents from the Office of Legislation**

Mr. Torborg's August 10 letter incorrectly states that all "the Rulemaking Support Files are collected in one place already." During our teleconferences, I explained that we have collected the support files relating to the 1991 regulation relating to reimbursement for prescription drugs for which CMS has produced public comment files, (i.e. that published at 56 Fed. Reg. 59,424). I also explained that we have worked to assess the volume of the support files pertaining to the other regulations covered by Abbott's RFPs. I never stated that they were all located in one place or that there would be no substantial burden associated with collecting, reviewing, and producing those additional files– beyond that already incurred with respect to the files relating to the regulation noted above. CMS has material relating to six of the regulations listed in Schedule B to Abbott's first RFPs . With respect to the Rulemaking Support Files, CMS estimates that such material will include in excess of 1600 documents, the vast majority, indeed perhaps all, of which will be deemed covered by the deliberative process privilege.

Mr. Cook's letter of September 20 requests additional information concerning the Government's objections to producing material from CMS's Office of Legislation. CMS estimates that it has in excess of 2600 documents which relate to the agency's deliberations regarding the position it would adopt on proposed legislation. Similar to the situation with the Rulemaking Support Files, the Office of Legislation material is both privileged and wholly irrelevant in this case. With respect to any potential relevance of the material in question, Judge Saris has already resolved that the term "AWP" shall be construed pursuant to its plain language. In addition, First Circuit case law makes it clear that any interpretive issue relating to a regulation is resolved through reference to the official *public* record. *See United States v. Lachman,* 387 F.3d 42, 54 (1st Cir. 2004); *see also United States ex rel. Wright v. Agip, et al.*, No. 03-Cv-00264 at 7-9 (E.D. Tex. June 29, 2007) (denying motion to compel deposition of Government personnel regarding their understanding of regulations and holding that "personal opinions of agency employees that were never communicated to a Defendant are simply irrelevant to either issues of falsity or knowledge").

-4-

Categorical assertion of the deliberative process privilege for the two particular classes of documents of interest to Abbott's counsel, rather than pursuant to a document-by-document log, is entirely appropriate in the circumstances here. *See* Fed. R. Civ. Proc. 26 (b)(5), Advisory Committee Notes to 1993 Amendment; *Emerson Electric Co. v. Ouellette,* No. Civ. 96-364-B, 1998 WL 34088465 (D.N.H. 1998); *SEC v. Thrasher,* No. 92 Civ. 6987, 1996 WL 125661 (S.D.N.Y. 1996). Creating privilege logs for either the rulemaking or legislative material will be burdensome, especially in light of the very considerable efforts which CMS is currently expending to respond to defendants' other discovery requests.

**Affidavit Regarding Government *Amicus* Brief**

The statements in Mr. Torborg's August 10 letter do not fully, and therefore accurately, reflect my statements concerning the preparation of the Government's *amicus* brief. As I have stated previously, the record, both in terms of statements in the Government's briefs and those made at oral argument, fully address the irrelevant issue raised by Abbott, yet again, in the August 10 letter.

**Status of Government's Document Production**

As you may appreciate, over the last several weeks, we have been devoting substantial efforts to producing witnesses at depositions and documents prior to those depositions including high level current and former CMS officials. After this week, we will renew our efforts to assess the overall status of the Government's document production and will update you regarding additional material that remains to be produced, including the correspondence between CMS's Office of Legislation and Congress.

Thank you for your attention.

Very Truly Yours,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc:
James Breen
The Breen Law Firm

Eric Gortner
Kirkland Ellis
200 East Randolph Drive
Chicago, Illinois 60601-6636

-5-

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

Neil Merkl,
Paul F. Doyle
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178