UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

**UNITED STATES' RESPONSE TO THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PARAGRAPH SIX OF THE COURT'S SEPTEMBER 7, 2007 ORDER**

The United States of America, through its undersigned counsel, respectfully files this Response to Third-Party TAP Pharmaceutical Product, Inc.'s ("TAP's") Motion For Leave to File A Reply (Docket Entry 4779 hereinafter referred to as "TAP's Motion for Leave to File").

**I.  TAP FAILED TO MEET AND CONFER AS REQUIRED BY LOCAL RULE 7.1(A)(2)**

TAP counsel again failed to meet and confer as required by Local Rule 7.1(a)(2) before filing its Motion for Leave to File. The Motion should be stricken on that basis alone.

**II.  TAP'S PROFFERED REPLY INJECTS VAGUE, NEW ISSUES RATHER THAN CLARIFYING EXISTING ISSUES**

Instead of clarifying existing issues, TAP seeks to introduce new facts different from any previously presented. The presentation of new facts for the first time in a reply memorandum is unfair to the United States which has no chance to respond. In addition, the new information is extremely vague and therefore of no value.

    **A.  TAP'S PROFFERED REPLY UNFAIRLY INTRODUCES NEW ALLEGATIONS WHICH ARE VAGUE AND UNHELPFUL**

TAP's proffered Reply contains new and unsubstantiated allegations which add nothing

to the underlying issue of whether TAP should produce all documents "expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP."

TAP's original Motion to Clarify Paragraph Six of the Court's September 7, 2007 Order (Docket Entry 4719 hereinafter referred to as "TAP's Motion to Clarify") stated that the United States had subpoenaed documents "pertaining to TAP's pricing and marketing practices." In its Responsive memorandum (Docket 4761 at pages 2, 3 and 4), the United States exposed the forgoing misstatement by noting that TAP was never even mentioned in any of the subpoenas. TAP's proffered Reply fails to address that issue. It neither admits that its prior statement was incorrect nor attempts to argue that it was correct.

Instead, undeterred by the exposure of it prior incorrect statement on this issue, TAP now introduces a new, equally incorrect claim that the Government subpoena had defined "affiliates" to include TAP. However, none of the subpoenas define "affiliates" to include TAP[1]. As should be quite evident by now, TAP was never even mentioned in any of the subpoenas. TAP's insistence on compounding its earlier misstatement is baffling. If TAP is referring to some type of "definition" occurring outside the four corners of the subpoenas, this would clearly be the first time that TAP has articulated this claim which is inappropriate for a Reply memorandum. Plus, no information whatsoever is provided about the source of this information, when it was received, by whom or in what circumstances. Thus, it provides no help to the resolution of the issue before the Court.

TAP also claims that "third-parties" were preparing to produce "significant amounts" of

---

[1] The only "definition" in any of the subpoenas of the term "affiliate" is a parenthetical stating: "including, but not limited to, Hospira."

"TAP documents." Again, no detail is provided about this purported discovery. Without more detail, TAP's claim that third parties were preparing to produce "significant amounts" of documents is virtually meaningless. Likewise, there is no explanation of what it is that makes something a "TAP document." In all probability, TAP would consider any document that passed through its control to be a "TAP document" even if it directly related to conduct of Abbott employees. Again, the vagueness of the allegation renders it meaningless.

In sum, the introduction of new facts, especially without the forgoing details, reveals the proffered pleading to be both of no value to the issue before the Court and unfair to the Government.

### B. TAP'S PROFFERED REPLY FAILS TO ADDRESS WHY ITS POSITION IS NOT MOOT

TAP's primary complaint continues to be that it had not been served with a formal discovery request. However, in addition to the uncontradicted and extensive evidence presented to the Court by the Government in connection with its Response which showed that Abbott effectively operates TAP as a division rather than a separate entity[2], TAP has now been served with a subpoena demanding production of the exact materials ordered by the Court. However, TAP's proffered Reply is of no assistance to the Court because it wholly fails to address why the Court should expend resources on an issue that is mooted by the service of the subpoena.

Moreover, TAP's claim that it "reserves all rights with respect to that subpoena" is extremely disingenuous. Even though the subpoena has a single specification drawn verbatim from the Order of the Court, TAP has responded to the subpoena by asserting almost 30 separate

---

[2] See Exhibits B - H of the United States' Response to Third-party TAP Pharmaceutical Product, Inc.'s Motion to Clarify Paragraph Six of the Court's September 7, 2007 Order (Docket 4761).

3

objections, even going so far as to assert that the terminology used by the Court was "vague," "ambiguous," "overly broad," "unduly burdensome," and "without basis in the law." See "Non-Party TAP Pharmaceutical, Inc.'s Objections to the Subpoena Duces Tecum Issued by the Department of Justice" attached hereto as Exhibit A, page 6.

### III. CONCLUSION

In sum, TAP's proffered Reply unfairly introduces new, albeit unhelpful information and should be rejected.

Wherefore, the United States respectfully requests that Third Party TAP Pharmaceutical Product, Inc.'s Motion For Leave to File A Reply (Docket Entry 4779) be denied, and that the Court grant such other and further relief as the Court deems just and proper.

                                                      Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/_____<br>Joyce R. Branda<br>Renée Brooker<br>Justin Draycott<br>Rebecca A. Ford<br>Gejaa T. Gobena<br>Civil Division |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF<br>FLORIDA | Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: (202) 307-3852 |
| /s/  Mark A. Lavine_____<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St. Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL 33132<br>Phone: (305) 961-9003<br>Fax: (305) 536-4101 | For the relator, Ven-A-Care of the Florida Keys, Inc.,<br><br>/s/_____<br>James J. Breen<br>The Breen Law Firm, P.A.<br>3350 S.W. 148th Avenue<br>Suite 110<br>Miramar, FL 33027<br>Tel: (954) 874-1635<br>Fax: (954) 874-1705<br>Email: jbreen@breenlaw.com |

Dated: October 11, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' RESPONSE TO THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PARAGRAPH SIX OF THE COURT'S SEPTEMBER 7, 2007 ORDER** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                /s/ Mark A. Lavine

Dated: October 11, 2007                              Mark A. Lavine