UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

# EXHIBIT A

## TO THE UNITED STATES' RESPONSE TO THIRD-PARTY TAP PHARMACEUTICAL PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PARAGRAPH SIX OF THE COURT'S SEPTEMBER 7, 2007 ORDER

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4283
larusso@jonesday.com

October 4, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Rebecca A. Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories*, 06–CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Ms. Ford:

I have enclosed TAP Pharmaceutical Products Inc.'s ("TAP") objections and response to the subpoena served by the Department of Justice on September 21, 2007. I am available to discuss with you any of the objections or the response generally at a mutually agreeable time.

Very truly yours,

Lee Ann Russo

cc:   Jason G. Winchester, Esq.
      Brian J. Murray, Esq.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) Civil Action No. |
| THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) ) |

## NON-PARTY TAP PHARMACEUTICAL PRODUCTS INC.'S OBJECTIONS TO THE SUBPOENA DUCES TECUM ISSUED BY THE DEPARTMENT OF JUSTICE

Non-party TAP Pharmaceutical Products Inc. ("TAP") objects as follows to the subpoena duces tecum served on TAP by the Department of Justice on September 21, 2007 (the "Subpoena").

### GENERAL OBJECTIONS

1. TAP objects to the Subpoena, in its entirety, because the request it contains is unclear, premature, and without basis in the law. The United States purports to base its authority to pursue the discovery it seeks from non-party TAP on paragraph six of the September 7, 2007 Order issued by the U.S. District Court for the District of Massachusetts in MDL Docket No. 1456, *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, Civil Action No. 06-CV-11337. In fact, paragraph six of the Court's September 7, 2007 Order is quoted verbatim under the "request" portion of the Subpoena. Yet on September 17, 2007, TAP filed a Motion to Clarify Paragraph Six of the Court's September 7, 2007 Order. TAP's Motion to Clarify has not been ruled upon by the Court. To avoid needless expense, TAP objects to responding to the subpoena until after resolution of its motion.

2. TAP objects to the Subpoena because the request is untimely in that it has been served over twelve years after the filing of the complaint.

3. TAP objects to the Subpoena because it is overly broad and compliance by TAP, a non-party, would be unduly burdensome and force it to incur unreasonable expense.

4. TAP objects to the Subpoena because the defined time period is overly broad.

5. TAP objects to the Subpoena because it commands production of documents in Washington, D.C., which would impose undue burden upon non-party TAP and require it to incur unreasonable expense.

6. TAP objects to the Subpoena because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with respect to the complaint at issue.

7. TAP objects to the Subpoena because it is inconsistent with the Federal Rules of Civil Procedure, the applicable Local Rules, and the Case Management and Discovery Orders of the U.S. District Court for the District of Massachusetts.

8. TAP objects to the Subpoena because the United States has, or should have had, in its possession during the pendency of the complaint, documents it now requests, and demanding TAP, a non-party, to incur the significant costs of retrieving and reproducing those documents (again) is unreasonable and improper under the law.

9. TAP objects to the Subpoena in that it commands appearance of a legally undefined person at a deposition that is not defined in scope, duration, location, and date.

10. TAP objects to the Subpoena to the extent it seeks the production of documents containing confidential and/or proprietary information.

11. TAP objects to the Subpoena to the extent it seeks documents protected by privilege, including documents covered by the attorney-client privilege and/or the work product doctrine.

12. TAP objects to the Subpoena to the extent it seeks documents outside TAP's possession, custody, or control.

13. TAP objects to the Subpoena because it is overbroad, vague, ambiguous, and/or confusing.

14. TAP objects to the Subpoena to the extent the request in Subpoena Exhibit A is inconsistent with the definitions and instructions of the subpoena.

15. TAP objects to the Subpoena to the extent it seeks documents relating to, or including information about, matters to which the United States is not entitled under the law.

16. TAP objects to the Subpoena because it requires TAP to produce original documents, which are or were produced and in the possession of the United States during the pendency of the complaint.

17. TAP objects to the Subpoena because it is overly broad and unduly burdensome to the extent it requires the production of documents in electronic format.

18. TAP's objections are without waiver of its right to challenge the Subpoena on any additional grounds, or of defenses that may be raised in response to an action to enforce the subpoena.

19. All specific objections are made subject to and without waiver of TAP's general objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  **DEFINITIONS**

    A.  TAP objects to the definition of TAP Pharmaceutical Products Inc., because it is legally incorrect, improperly broad in scope, and defines TAP in a way that is violative of the attorney-client privilege and/or the work product doctrine.

    B.  TAP objects to the definition of "document" as overly broad and unhelpfully confusing. Such a broad definition (*e.g.*, "documents that are now or formerly were in the actual constructive possession and control of officers, directors, employees, attorneys or other agents") imposes an undue burden on TAP, a non-party, given that the United States has, or should have had in its possession during the pendency of the complaint, the documents it now seeks. TAP further objects to the definition of "document" to the extent it exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure.

    C.  TAP objects to the definition of "relating to" or "related to" on the ground that it is overly broad and unduly burdensome, vague, and ambiguous.

    E.  TAP objects to the definition of "AWP" because it is overly broad, vague, and ambiguous. TAP further objects to this definition because it is argumentative in that it assumes a legally significant meaning of "average wholesale price."

F.   TAP objects to the definition of "Spread" because it is overly broad, vague, ambiguous, and confusing. TAP also objects to the definition because it assumes that a "gross profit" results from a difference between the "actual acquisition cost or purchase price of a drug" and a "price or cost set, published or arranged by the manufacturer or reimbursement rate paid by third-party payors."

2.   **INSTRUCTIONS**

A. -D.   TAP objects to these instructions in that they impose an undue burden and improperly significant cost on TAP, a non-party. This is especially true in light of the fact that the United States has, or should have had, in its possession during the pendency of the complaint, the originals of the documents it now seeks.

E.   Without waiving any objections to production or any assertions under the work product doctrine, TAP will comply with the law if it becomes necessary to claim privilege.

### RESPONSE TO REQUEST

3.   **REQUEST**

"[A]ll documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period."[1]

---

[1] ¶ 6, Judge Saris's September 7, 2007 order on third party discovery (Dkt. No. 4701) (attached).

**RESPONSE:** Subject to and without waiving its General and Specific Objections, TAP, a non-party, objects to this request on the grounds that the United States' use of the phrases "Abbott personnel, relating to AWP/government reimbursement issues" and "marketing a spread involving AWP" in a subpoena directed to TAP is vague, ambiguous, and without basis in the law. TAP further objects to the Request on the ground that it is untimely, overly broad, and unduly burdensome. TAP objects to the Request for the additional reason that the United States either has, or should have had, possession of the requested documents during the pendency of the complaint. Without waiving any objections to production, in the event the Court orders that TAP must respond to the Subpoena, it will produce documents to the extent they exist and can be reasonably obtained and produced. By stating that it will produce documents, TAP does not represent that any such documents or things, in fact, exist or are within its possession, custody or control.

Dated: October 4, 2007

Respectfully submitted,

TAP PHARMACEUTICAL PRODUCTS INC.

By: *(signature)*

Lee Ann Russo
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585