# EXHIBIT 4, PART 4

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Monday, July 02, 2007 7:23 PM
To: Brooker, Renee (CIV)
Subject: Re: Marketing Plans

Renee

Heading back from Boston, but have sent word back to the office to check on this.
------------
Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.782.3939 (phone)
312.782.8585 (fax)
-------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
-------------------

**4-91**

# JONES DAY

77 WEST WACKER

CHICAGO, ILLINOIS 60601-1692

TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number:  (312) 269-4174
cgeisler@jonesday.com

JP003466                               July 3, 2007
080024-024348

<u>VIA HAND DELIVERY</u>

Renee Brooker
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
601 D Street N.W. - Room 9028
Washington, D.C. 20004

   Re:  <u>U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,</u>
        Case No. 06 CV-11337

Dear Renee:

    I am enclosing a CD containing documents bates labeled ABT-DOJ 295979 – ABT-DOJ 297309.  These documents are arguably responsive to your requests 64, 66, 67 and 68, relating to lobbying efforts.

Sincerely,

Carol Geisler

Carol P. Geisler

Enclosures

cc:   Jason G. Winchester

**4-92**

CHI-1592349

ATLANTA • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK
MILAN • MUMBAI* • MUNICH • NEW DELHI* • NEW YORK • PARIS • PITTSBURGH • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON
*ASSOCIATE FIRM

From: Margaret Moore [Margaret.Moore@oag.state.tx.us]
Sent: Friday, July 06, 2007 5:48 PM
To: cgeisler@JonesDay.com; Eric Berlin
Cc: jarrett@anderson-llc.com; Susan Thomas; jbreen@breenlaw.com; Shellie
Dimery; John Clark; riklin@goodelaw.com; Diane Jacobs; Raymond Winter;
Rhonda Rodriguez; Brooker, Renee (CIV)
Subject: Transaction data

Attachments: NDCs With Missing Abbott Transaction Data.xls

Dear Eric and Carol:

I am attaching a spread sheet that lists 35 NDCs for which we are missing data in
the most recent production. I would appreciate your looking into this as soon as
possible. Could you let me know by Wednesday, 5:00 p.m. when that data will be
produced to us?

Carol--I am checking on the dates for Mr. Stowell. I will try to have an answer for
you by COB Monday. I am sorry that you did not get a response as to the earlier
dates. I'll make sure that doesn't happen again.

Thanks,

Margaret Moore
Assistant Attorney General
Antitrust & Civil Medicaid Fraud
512-936-1319
PO Box 12548
Austin, TX 78711-2548
Fax 512-499-0712
margaret.moore@oag.state.tx.us


This memorandum may be confidential and/or privileged pursuant to Government Code
Sections 552.101, 552.103, 552.107 & 552.111, and should not be disclosed without
the express authorization of the Attorney General.

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1676
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number:  (312) 269-4174
cgeisler@jonesday.com

JP003466:srg
080024-024348

July 9, 2007

VIA FEDERAL EXPRESS

Mark A. Lavine
Health Care Fraud Coordinator
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL   33131

Re:    United States of America v. Abbott Labs

Dear Mark:

I am enclosing a CD Bates labeled ABT-DOJ 0295979 containing Abbott's AMP data from 2002-2003 for the NDCs named in the DOJ's complaint.  The data is marked Highly Confidential.

Sincerely,

Carol P. Geisler

Carol P. Geisler

Enclosures

cc:    Jason G. Winchester, Esq.

**4-94**

CHI-1596892v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4174
cgeisler@jonesday.com

JP003466
080024-024348

July 20, 2007

HIGHLY CONFIDENTIAL

VIA E-MAIL

Renee Brooker
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
601 D Street N.W.
Room 9028
Washington, D.C. 20004

Re:   U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.; 06 CV-
      11337

Dear Renee:

Enclosed with this letter please find Abbott's Amended Privilege Log which has been
updated to include documents from recent productions withheld on the basis of attorney-client
and/or work product privilege. Additionally, we have enclosed ABT-DOJ 0297552 – 0297564
which have been removed from Abbott's privilege log.

Sincerely,

*Carol P. Geisler*

Carol P. Geisler

Enclosure

cc:    Jason G. Winchester

**4-95**

CHI-1598839v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

U.S. *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.
Amended Privilege Log of Abbott Laboratories Inc.

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| 1 | 02/02/1996 | Kim Serzynski (Paralegal; Abbott Legal) | Charlie Mitchell (Director Contract Marketing and Administration, HPD)<br><br>fwd: Jerrie<br>    Erik | Fax cover sheet from Abbott legal containing handwritten communication regarding collection of documents relating to Department of Justice Civil Investigative Demand at direction of legal counsel and in anticipation of litigation | AC, WP | 2 |
| 2 | 01/24/2001 | Stacey Chronis, Esq. (Abbott Legal) | <u>cover sheet</u><br><br>Loreen Mershimer (General Manager Renal Care and V.P. of Infusion Therapy);<br><br>Mike Sellers (Diector. Contract Marketing);<br><br>Pete Karas (HPD Marketing, GM, Drugs & Drug Delivery System);<br><br>Charlie Brock, Esq. (Abbott Legal)<br><br><u>memorandum</u><br><br>Pete Baker (Marketing Manager, Pain Management)<br><br>Pete Karas<br><br>Loreen Mershimer<br><br>Mike Sellers<br><br>cc: Charlie Brock, Esq. (Abbott Legal)<br>    Laura Schumacher, Esq. (Abbott Legal) | Memorandum and fax cover sheet prepared by legal counsel regarding proposed price adjustment project to be implemented on or about April 2001 for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 4 |

4-96

1

U.S. *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.
Amended Privilege Log of Abbott Laboratories Inc.

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| 3 | 05/18/2000 | Alan Greenthal (Manager, Contract Marketing Systems) | James Van Bolhuis (Manager, Desktop Support HPD); cc: Robyn Allen-McKinnon; Jerrie Cicerale (Contract Marketing Systems Administrator); Mary Jenn Fisher (Paralegal, Abbott Legal); Robert Lyman (Manager, Government Pricing) | E-mail correspondence regarding legal counsel request for emails and computer files in connection with the Texas Civil Investigative Demand for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 1 |
| 4 | 05/18/2000 | Alan Greenthal (Manager, Contract Marketing Systems) | Mary Jenn Fisher (Paralegal, Abbott Legal); cc: Jerrie Cicerale (Contract Marketing Systems Administrator) Alan Greenthal (Manager, Contract Marketing Systems); Mike Phillips (HPD Support Center) | E-mail correspondence regarding legal counsel request for computer files in connection with the Texas Civil Investigative Demand for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 1 |
| 5 | 05/18/2000 | Alan Greenthal (Manager, Contract Marketing Systems) | James Van Bolhuis (Manager, Desktop Support, HPD); cc: Robyn Allen-McKinnon (Manager, Contract Marketing Major Accounts, HPD); Jerrie Cicerale (Contract Marketing Systems Administrator); Mary Jenn Fisher (Paralegal, Abbott Legal); Robert Lyman (Manager, Government Pricing); fwd: Mike Phillips (HPD Support Center) | E-mail chain correspondence regarding legal counsel request for computer files in connection with the Texas Civil Investigative Demand for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 2 |
| 6 | 04/19/2001 estimated | Mike Sellers (Director Contract Marketing) | Laura Schumacher, Esq. (Abbott Legal); cc: Stacey Chronis, Esq. (Abbott Legal) | Fax cover sheet containing handwritten communication to legal counsel forwarding non-privileged document from First Data Bank for the purpose of rendering legal advice. | AC | 1 |
| 7 | 05/01/2001 | Mike Sellers (Director Contract Marketing) | Laura Schumacher, Esq. (Abbott Legal) | Draft of internal memorandum and FAQs prepared in connection with price adjustment project undertaken at direction of counsel for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 3 |

4-97

**U.S. *ex rel*. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.**
**Amended Privilege Log of Abbott Laboratories Inc.**

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| 8 | 05/03/2001 | Mike Sellers (Director Contract Marketing) | Pete Baker (V.P. Major Healthcare Systems) | Correspondence forwarding legal counsel's handwritten edits to internal memorandum and FAQs prepared in connection with price adjustment project undertaken at direction of counsel for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 5 |
| 9 | 05/03/2001 | Stacey Chronis, Esq. (Abbott Legal) | Mike Sellers (Director Contract Marketing) | Correspondence transmitting legal counsel's handwritten edits to draft letter to customers, internal memorandum, and FAQs in connection with price adjustment project undertaken at direction of counsel for the purpose of rendering legal advice and in anticipation of litigation; internal memorandum and FAQs are listed above. | AC, WP | 2 |
| 10 | 05/30/2001 | Laura Schumacher, Esq. (Abbott Legal) | Mike Sellers (Director Contract Marketing); Pete Baker (V.P. Major Healthcare Systems); cc: Amy St. Eve, Esq. (Abbott Legal) | E-mail correspondence and draft letter to customers in connection with inquiry relating to price adjustment prepared by legal counsel for the purpose of providing legal advice and in anticipation of litigation. | AC, WP | 2 |
| 11 | 05/30/2001 | Laura Schumacher, Esq. (Abbott Legal) | Mike Sellers (Director Contract Marketing); Pete Baker (V.P. Major Healthcare Systems); cc: Amy St. Eve, Esq. (Abbott Legal) fwd: Robert Lyman (Mgr. Govt. Pricing) | Duplicate of Document 11. | AC, WP | 2 |
| 12 | 06/05/2001 | Harry Adams (Manager, Commercial Business Development) | Stacey Chronis (Abbott Legal) | E-mail correspondence forwarding price change analysis undertaken at the direction of counsel in anticipation of litigation. | AC, WP | 1 |
| 13 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297552-0297553* | | |
| 14 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ* | | |

4-98

3

**U.S. *ex rel*. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.**
**Amended Privilege Log of Abbott Laboratories Inc.**

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| | | | | 0297554 | | |
| 15 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297555-0297556* | | |
| 16 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297557* | | |
| 17 | 02/19/2001 | Mike Sellers (Director Contract Marketing) | Stacy Chronis (Abbott Legal) | Fax with communication to legal department regarding price changes undertaken at direction of counsel and in anticipation of litigation. | AC, WP | 2 |
| 18 | 11/17/2000 | Mike Sellers (Director Contract Marketing) | Stacy Chronis (Abbott Legal) cc:  Diane Latz (Government Rebate Analyst, HPD); Robert Lyman (Manager, Government Pricing); Lynn Leone (Manager of Contract Marketing and Product Sales in Alternate Site) | E-mail correspondence forwarding Medicaid rebate analysis undertaken at the request of counsel. | AC, WP | 1 |
| 19 | 11/17/2000 | Mike Sellers (Director Contract Marketing) | Stacy Chronis (Abbott Legal) cc:  Diane Latz (Government Rebate Analyst, HPD); Robert Lyman (Manager, Government Pricing); Lynn Leone (Manager of Contract Marketing and Product Sales in Alternate Site) | E-mail correspondence string forwarding Medicaid rebate analysis undertaken at the request of counsel. | AC, WP | 1 |
| 20 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297558-0297560* | | |
| 21 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297561-0297562* | | |
| 22 | 02/00/2001 | | | Typewritten notes reflecting request for legal advice from corporate counsel concerning possible contract language for agreement with Broadline. | AC | 1 |
| 23 | | | | *Voluntarily produced on July 20, 2007 as ABT-DOJ 0297563-0297564* | | |

**4-99**

**U.S. *ex rel*. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.**
**Amended Privilege Log of Abbott Laboratories Inc.**

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| 24 | 06/16/2000 | Lynn Leone (Manager of Contract Marketing and Product Sales in Alternate Site) | Mike Sellers (Director Contract Marketing) | E-mail and attached summary analysis of 1999 sales for specified products prepared at the request of legal counsel for the purpose of rendering legal advice and in anticipation of litigation. | WP | 2 |
| 25 | 06/30/2000 | Lynn Leone (Manager of Contract Marketing and Product Sales in Alternate Site) | Mike Sellers (Director Contract Marketing) | E-mail and attached summary analysis of 1999 sales for specified products prepared at the request of legal counsel for the purpose of rendering legal advice and in anticipation of litigation. | WP | 2 |
| 26 | 11/17/2000 | Mike Sellers (Director Contract Marketing) | Stacy Chronis (Abbott Legal) cc: Diane Latz (Government Rebate Analyst, HPD); Robert Lyman (Manager, Government Pricing); Lynn Leone (Manager of Contract Marketing and Product Sales in Alternate Site) | E-mail correspondence string forwarding Medicaid rebate analysis undertaken at the request of counsel. | AC, WP | 2 |
| 27 | 05/23/2001 | | Tejal [R. Vakharia] (Abbott Legal) Bob [Lyman] (Manager, Government Pricing) Ron [Gerlach] (Assistant Controller, HPD) Mike [Sellers] (Director Contract Marketing) Diane [Latz] (HPD, Government Rebate Analyst) | Spreadsheet prepared at direction of corporate counsel reflecting legal advice concerning drug pricing reporting for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 3 |
| 28 | 05/29/2001 | Laura Schumacher, Esq. (Abbott Legal) | Mike Sellers (Director Contract Marketing); Pete Baker (V.P. Major Healthcare | Drafts of letter to customers in connection with inquiry relating to price adjustment prepared by legal counsel for the purpose of providing legal advice and in anticipation of | AC, WP | 3 |

4-100

U.S. *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.
Amended Privilege Log of Abbott Laboratories Inc.

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| | | | Systems) | litigation. | | |
| 29 | 08/30/2000 | Stacey Chronis, Esq. (Abbott Legal) | Diane Latz (HPD, Government Rebate Analyst) | E-mail reflecting legal advice concerning drug pricing reporting made in anticipation of litigation. | AC, WP | 1 |
| 30 | 07/16/1996 | Robert P. Charrow, Esq. (Crowell & Moring, Outside Legal Counsel) | | Memorandum reflecting legal advice requested by client concerning Medicaid drug pricing with attachments. | AC | 83 |
| 31 | 10/09/2001 | Robert M. Jenkins III, Esq. (Mayer Brown & Platt, Outside Legal Counsel) | Robert Lyman (Manager Government Pricing) | Facsimile attaching draft presentation reflecting legal advice sought by client concerning drug pricing. | AC | 42 |
| 32 | 05/23/2000 | Jerrie Cicerale (Contract Marketing Systems Administrator) | Mary Jenn Fisher (Paralegal, Abbott Legal)  cc: Jerrie Cicerale | E-mail correspondence and report regarding data requested by legal counsel for the purpose of rendering legal advice and in anticipation of litigation. | AC, WP | 2 |
| 33 | 06/05/2001 | Harry Adams (Manager, Commercial Business Development) | Stacey Chronis (Abbott Legal)  cc: Mike Sellers (Director of Contract Marketing)  Jerrie Cicerale (Contract Marketing Systems Administrator) | E-mail correspondence forwarding price change analysis undertaken at the direction of counsel in anticipation of litigation. | AC, WP | 35 |
| 34 | 06/05/1997 | Matt Henley, Tom Tomsheck, Mike Casper, Craig Theriot, Joe Talanges | | Attorney client communication reflecting legal advice regarding contract language to be used in Abbott contracts. | AC | 30 |
| 35 | 04/2000 | Robert M. Jenkins III, Esq. (Mayer, Brown & Platt, Outside Legal Counsel) | | Presentation to Abbott Laboratores reflecting legal advice sought by client concerning drug pricing and government regulations. | AC, WP | 43 |
| 36 | 11/08/2000 | Rosemary Haas (Regional Director, | Mark Barmak, Esq. (Abbott Legal)  cc: David Landsidle (Divisional Vice | Fax summarizing conversation with outside legal counsel Chris Cook (Jones Day) regarding proposed legislation for | AC, WP | 1 |

4-101

U.S. *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.
Amended Privilege Log of Abbott Laboratories Inc.

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| | | Federal Relations) | President) | the purpose of rendering legal advice and in anticipation of litigation. | | |
| 37 | 01/06/1994 | Joseph S. Jenckes (Vice President) | L.F. Johnson cc: D. L. Burnham M. E. Barmak, Esq. (Abbott Legal) C. M. Brock (Abbott Legal) E. H. Gorman P. E. Roge | Memorandum summarizing monthly activity reflecting communication with legal counsel for the purpose of obtaining legal advice concerning tax issues. | AC | 2 |
| 38 | 07/11/1997 | David W. Landsidle (Divisional Vice President) | Jose M. de Lasa cc: D. L. Burnham G. P. Coughlan M. E. Barmak, Esq. (Abbott Legal) C. M. Brock (Abbott Legal) H. L. Goldberg B. J. Smith S. F. Weinstock | Memorandum summarizing monthly activity reflecting communication with outside legal counsel for the purpose of obtaining legal advice concerning patent royalty issues. | AC | 2 |
| 39 | 06/12/1997 | David W. Landsidle (Divisional Vice President) | Mark Barmak, Esq. (Abbott Legal) Donald Buell Michael Heggie Chris Lockett cc: Ann Vickery, Esq. (Hogan & Hartson) Nancy Taylor, Esq. (Greenberg Traurig) | Fax summarizing legal advice obtained from outside legal counsel concerning proposed legislation and in anticipation of litigation. | AC, WP | 3 |
| 40 | 06/12/1997 | David W. Landsidle (Divisional Vice President) | Mark Barmak, Esq. (Abbott Legal) Donald Buell Michael Heggie Chris Lockett cc: Ann Vickery, Esq. (Hogan & Hartson) Nancy Taylor, Esq. (Greenberg Traurig) | Fax summarizing legal advice obtained from outside legal counsel concerning proposed legislation and in anticipation of litigation. | AC, WP | 2 |
| 41 | 08/01/1997 | Nancy Taylor, Esq. (Greenberg Traurig) | David W. Landsidle (Divisional Vice President) | Memorandum reflecting legal advice obtained from outside legal counsel concerning current and proposed legislation and in anticipation of litigation. | AC, WP | 1 |
| 42 | 11/08/2000 | | R[osemary] H[aas] (Regional Director, Federal Relations) | Memorandum reflecting communication with legal counsel concerning proposed legislation and in anticipation of litigation. | AC, WP | 2 |

4-102

7

U.S. *ex rel.* Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.
Amended Privilege Log of Abbott Laboratories Inc.

| | Date(s) | Author(s) | Recipient(s) | Description | Privilege | Page Count |
|---|---|---|---|---|---|---|
| 43 | 11/08/2000 | Rosemary Haas (Regional Director, Federal Relations) | Chris Cook, Esq. (Jones Day) | Fax reflecting communication with legal counsel concerning proposed legislation for the purpose of obtaining legal advice and in anticipation of litigation. | AC, WP | 1 |
| 44 | 08/11/2003 | Timothy P. Walbert (Divisional Vice President/General Manager) | Adele Witenstein Rosemary T. Haas (Regional Direction, Federal Relations) Marta A. Schroeder Jeffrey N. Haas | E-mails reflecting request for and receipt of legal advice from in-house counsel concerning other pharmaceutical manufacturers in anticipation of litigation. | AC, WP | 3 |
| | 08/15/2003 | Otima Long (Executive Assistant) | Adele Witenstein | | | |
| 45 | 08/28/2003 | Debra A. McCurdy (Reed Smith, Abbott Outside Counsel) | Adele Witenstein | Written correspondence concerning analysis of the calculation of the average sales price and average wholesale price made at the request of corporate counsel and in anticipation of litigation. | AC, WP | 9 |

4-103

 **U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*99 N.E. 4 Street*

*Miami, FL 33132*
*(305) 961-9000*

July 23, 2007

Carol Geisler
Jason G. Winchester
77 West Wacker
Chicago, Illinois  60601-1692

Re:    U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, MDL No.
       1456/Civil Action No. 01-12257-PBS

Dear Carol and Jason:

In your e-mail of June 29, 2007, you represented that Abbott would provide the
Government with a complete set of transactional data as well as file layout and code tables for
the CHIP's data.   We again addressed the issue in our telephone call on July 6, 2007 at which
time you confirmed that you would be sending the 2002 and 2003 AMP data that day.  You also
said  (1) you would determine if you could produce a copy of the computer program Abbott used
to calculate AMP, (2) that we would be getting the file layout and code tables for the CHIP's data
during the week of July 9, 2007 and (3) you would decide whether you would include acyclovir
in the data.

On July 9, 2007, you sent the AMP data for 2002 and 2003.  However, none of the other
information has been provided.  Please commit to a specific date on which you will provide us
with this information.  We have been waiting far too long for this information, especaially the
transactional data.  In fact, an e-mail I sent to you on January 19, 2007, constituted at least our
third attempt to get all of the transactional data.  I also pointed out in that e-mail that, "It is
important that we get this data promptly, especially so that we can avoid the need to perform
analysis of the incomplete data which will then need to be redone when the missing information
is provided."  Our need to analyze complete data is significantly more dire at this point with more
than half of the discovery period having elapsed.

In addition, so that our discussions with IMS regarding confidentiality will be efficient
and productive, please provide us with an inventory of the IMS data in your possession which
you will be producing to us.  On July 6, 2007 you also said you would determine whether you
would provide us with a copy of the agreements which you contend prevent from Abbott from
producing the data without the permission of IMS.  Please provide that information to us as well.

**4-104**

Jason Winchester
Carol Geisler
July 23, 2007.
Page 2 of 2

On another data issue, it has become apparent in discovery that the RxLink prices and data are relevant to our case. Thus, please provide us with all of the underlying data in Abbott's possession relating to the RxLink system. We have reviewed the (incomplete) transactional data currently in our possession and it does not appear to include separate RxLink data and there are very few transactions for the RxLink class of trade. Please also produce all other pricing profiles from contained within the CAS system as well.

Thank you for your prompt attention to this matter. Please call me if you have any questions.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Mark A. Lavine
Assistant U.S. Attorney
(305) 961-9303
(305) 536-4101 Fax
Mark.Lavine@usdoj.gov

Winchester.7.23.07.wpd

4-105

**Ford, Rebecca (CIV)**

| | |
|---|---|
| **From:** | Ford, Rebecca (CIV) |
| **Sent:** | Wednesday, July 25, 2007 12:04 PM |
| **To:** | 'Jason G. Winchester'; Carol Geisler |
| **Cc:** | Jim Breen |
| **Subject:** | U.S. ex rel Ven-A-Care v. Abbott - Letter relating to our July 6th Meet & Confer |

**Attachments:**        20070725115723_001.PDF



20070725115723_0
01.PDF (400 KB...

Attached please find a letter relating to our July 6, 2007 Meet and Confer on Abbott's
document production to the United States.  The original of this letter is being sent to
you today via First Class Mail.

Becky Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004
P:  (202) 514-1511
rebecca.ford@usdoj.gov

**4-106**

1



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

---

601 D Street, N.W.
Ninth Floor
Washington, DC 20004

Telephone: (202) 514-1511
Facsimile: (202) 305-7797

---

JUL 2 5 2007

Mr. Jason G. Winchester
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

       Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories,* 06–CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456/Civil Action No. 01-12257

Dear Jason:

     I am writing to summarize and memorialize our July 6, 2007 meet and confer on Abbott's document production to the United States. If I have misstated any of Abbott's positions, please let me know. During our call, you indicated that you would follow-up with a letter and that you would be producing several categories of documents. Since that discussion, however, we have received no correspondence, and only a small number of documents. All we have received to date is an updated (but still incomplete) privilege log and supplemental AMP data. The vast majority of the categories of documents that you agreed to produce remain outstanding.

**A.    Personnel Files of Alternate Site Product Sales ("ASPS") Sales Force**

     You indicated that Abbott has identified 90 members of its ASPS field sales force for the period 1991-2003, including Field Sales Representatives and District Managers. You stated that, although no single personnel file exists for each of these employees, Abbott is compiling personnel records, including salary and bonus information, performance evaluations, written goals and personnel documents relating to reimbursement, AWP, spread and pricing, from various sources for each of these 90 individuals. In addition to conducting a search of corporate records for such documents, you indicated that current Abbott/Hospira employees are being asked to send their personnel files to a lawyer for review, including those files that sales personnel may maintain at their home offices. You further indicated that you anticipated beginning to produce this category of documents (including a more detailed list of the types of personnel documents Abbott will be producing and a list of the 90 field sales force personnel for whom such records will be produced) the week of July 9th, and completing Abbott's production of this category of documents in the three to four week time period following our discussion. To date, we have received none of these materials.

**4-107**

-2-

**B.      Lobbying Documents**

On July 3, 2007, Abbott produced a compact disc containing approximately 1,330 pages of lobbying documents responsive to the United States' Requests For Production of Documents ("RFPs"). You stated that the documents produced by Abbott in response to RFPs 66-68 was limited to lobbying documents that mention or "would impact" subject drugs, and documents related to "specific actions" such as AWPs, spread marketing and similar conduct the Government alleges Abbott engaged in that is the subject of this litigation. You further indicated that, aside from 10 to 20 additional documents which you have determined are responsive but privileged, the July 3rd production completes Abbott's production of documents in response to the United States' RFPs 66-68.

During the meet and confer, you stated that you would update Abbott's privilege log to add the documents withheld from Abbott's recent production on the basis of privilege, and that you would send the updated privilege log to the United States by July 20, 2007. We received the updated privilege log, but ask that you confirm whether entries for all documents withheld from production to date on the grounds of privilege are listed. We also note that several pages of the Contract Marketing Basic Operating Procedures Manual have been redacted in their entirety *(see e.g.,* ABT-DOJ-0085482 - 0085495, ABT-DOJ-0085502 - 0085503 and ABT-DOJ-0085621 - 0085625), but that these redactions do not appear to be contained on the log. We further request that you update the privilege log to include entries for redacted documents, including, but not limited to, the redactions to the Contract Marketing Basic Operating Procedures Manual.

You further stated that you would update the source log to indicate the source of the lobbying documents produced (by person where possible, if not, by office or department). Finally, you indicated that you were compiling a list of the names of individuals and firms who lobbied on Abbott's behalf, as ordered by the Court, and that you would produce that list to the United States on July 19, 2007. To date, we have not received this information.

**C.      Government Reimbursement Professional Executives' ("GRPE") Documents**

During our call, you stated that the GRPE group came to Abbott as part of Abbott's acquisition of Knowles in mid-2001. You further indicated that Abbott counsel have spoken with members of the GRPE group and have reviewed their files. Based upon such meetings and review of documents, you represented that the GRPEs have contacts with state Medicaid programs in relation to formularies; they do not have documents related to reimbursement, spreads or AWP. As a result, we understand that Abbott will not be producing any documents from the files of GRPEs.

**D.      MDL E-mails**

With respect to electronic mail messages previously produced by Abbott to other plaintiffs in the MDL, you stated that the week of July 9th, Abbott would produce a subset of those messages which would be comprised of e-mails through 2003 that mention or relate to the subject drugs, AWP, spread marketing or other pattern and practice type conduct alleged in the United States' Complaint. You further stated that the volume of the documents was significant –

- 3 -

in the range of 300,000-500,000 pages, if printed. Finally, in addition to producing those e-mails, you stated that you would determine and let us know the number of pages produced by Abbott to MDL plaintiffs that Abbott is withholding from production to the United States based upon the 2003 date cut off or other relevance parameters you have employed. We have not received the e-mails or information to date.

During our meet and confer, we also discussed the appropriate format for the production of electronic records, including the MDL e-mails. You indicated that it is your intention to produce the e-mails in TIFF format, rather than in their native format. The United States reiterates its position and its request that Abbott produce records which are in Abbott's possession in electronic form, to the U.S. electronically, and in native format where available. Otherwise, unnecessary time and expense will have to be expended to make the electronic data (which is searchable in its native format) searchable. Further, the United States requests that, if you have assembled the e-mails by performing searches of key terms, that you provide a list of those search terms to us. Lastly, although we have only discussed production of documents in electronic format in connection with these e-mails, our request for native format files extends to all electronic documents. Many of the materials produced to date contain file names and paths indicating where they were created and stored on a computer, but we have not received electronic production of such items in native format. *See also* July 6, 2007 e-mail message from Mark Lavine to Jason Winchester.

### E. Home Infusion Documents

With respect to CHIPS data, you stated that all such data has been produced to the United States, without limitation on drug or payor type. You further indicated that Abbott produced entire claims files, as they existed, and that the data includes client receivables and billing information. You stated that by the end of the week of July 9th, you would provide to us the file layouts and code tables for the CHIPs data that has been produced. To date, we have not received this information.

With respect to documents from Abbott's former Home Infusion Services, you indicated that Abbott located approximately 80 boxes of records, constituting all documents in Abbott's possession, custody or control related to Abbott Home Infusion Services. You further indicated that those boxes were being scanned in preparation for a responsiveness and privilege review, but that your office would give the review of those documents top priority. You estimated a production date for the Home Infusion documents of late July or early August. We have not received any documents to date.

### F. Bottom 20 Percent Documents

Despite your earlier representation that there were 250 boxes containing files of the bottom 20 percent of Abbott's customers, you indicated that you have since learned that many of the documents related to the bottom 20 percent of customers have already been produced to the United States. You stated that you will be sending us a list of the Bates ranges which identify the bottom 20 percent documents already produced. You further added that Abbott located approximately 800 additional documents, which, following review for responsiveness and privilege, would be produced in the two to three week time period following our July 6th

**4-109**

- 4 -

discussion. We have not received any documents or information to date.

### G.    AMP Data and Documents

During the meet and confer, you stated that AMP is not calculated on paper, but rather is processed through a computer which receives data input from the COP data system. You also stated that because the volume of AMP data is tremendous – millions of lines of data each month – it is not practical to provide the data in paper format. You stated, however, that you would send 2002-2003 AMP data to supplement Abbott's prior production. Subsequently, we received a cover letter from you dated July 9th and a CD purporting to contain supplemental AMP data.

In addition, during our meet and confer, you stated that Abbott has produced its manual, which demonstrates how Abbott calculates AMP. You further stated that, while you understand that the United States wants to verify that Abbott calculated AMPs the way its manual instructed, the only practical way to do so is to produce the program that instructs the computer how to perform the calculation. You cautioned that, while you did not know if it was possible to produce the program, you were looking into it. You also represented that there are no spreadsheets or workbooks containing AMP information. Further, with respect to records pertaining to how Abbott calculated AMP (such as internal correspondence, e-mails, *etc.*) and other internal discussions of AMP, you stated that such records have been and are continuing to be produced. You also stated that you cannot give us an estimate of when this production will be complete.

So that the United States may determine how to proceed, please provide us with a detailed description of what remaining data, documents and/or programs Abbott will and will not produce with respect to this request.

### H.    Plan and Update / Marketing Documents

With respect to the United States' requests for marketing materials, you indicated that Abbott's Plan and Update documents are the business analysis documents for Abbott's Hospital Products Division ("HPD"). You stated that Abbott creates a plan in August of each year, and that it updates that plan each April. According to you, Abbott produced the annual plans and updates for 1998-2003. For earlier years, you directed us to search all boxes of documents produced by Abbott on August 10, 2006. We searched those boxes and located only the 1998 April update for HPD, the 1999 plan and update, and the 2000 April update. You also stated your belief that such documents correspond to the United States' requests for marketing documents.

You further stated that Abbott is continuing to search for other marketing documents on subject drugs that may be responsive to the United States' requests, but that you have not seen any such documents to date. We again request that Abbott produce all of the annual plans and updates from 1991 through 2003, as well as all other marketing documents responsive to the United States' requests.

-5-

### I.   Transaction Data

With respect to transaction data, you stated that Abbott is in the process of compiling a clean set of transaction data, which you would produce to the United States on or about July 16th. You further indicated that Abbott had not made a decision on whether the data will include data related to the drug Acyclovir, as Abbott may withhold production of Acyclovir data until there is a ruling on Abbott's Motion to Dismiss the United States' Amended Complaint. We have yet to receive the requested transaction data.

### J.   IMS Data

With respect to IMS data, you stated that Abbott will not produce such data to the United States because the data belongs to IMS. Instead, it is your position that the United States should request the data directly from IMS. You further indicated that contractual obligations may prevent Abbott from giving the data to the United States. During our meet and confer, Mr. Lavine requested that you provide the United States with a copy of the contract language or other document which you believe may prevent Abbott from producing the IMS data to the United States. You stated that you will consider the United States' request and respond to it at a later date. To date, you have not responded further to this request.

### K.   Medicare Working Group Documents

You represented that Abbott has completed its search for and production of Medicare Working Group documents.

The United States requested that you identify the RFPs for which Abbott has completed its production and, for those RFPs where Abbott's production is not complete, that you identify what remains to be done and when the productions will be complete. You declined to discuss Abbott's response with us during the meet and confer on an RFP by RFP basis. You also declined to meet with counsel for the United States to discuss this matter during a trip to Chicago the week of July 16th. You did, however, agree to seek more specific information from Abbott on the status of productions to various RFPs and to respond to us in more detail in the near future. As we indicated during the meet and confer, such information is important so that, where necessary, we may move to compel additional documents and proceed with Rule 30(b)(6) depositions of Ms. Klaus and other Abbott representatives. We have yet to receive from you a further response to this request.

We look forward to receiving the documents discussed above and your response to the open items referenced herein.

Sincerely,

/s/

Rebecca A. Ford

Cc:   James J. Breen, Esquire

**4-111**