# EXHIBIT 4, PART 7

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4174
cgeisler@jonesday.com

JP003466:CPG
080024-024348

October 9, 2007

**VIA FEDERAL EXPRESS**

Renee Brooker
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
601 D. Street, NW
Ninth Floor
Room 9028
Washington, D.C. 20004

Re: United States of America v. Abbott Labs

Dear Renee:

Enclosed please find documents bearing bates labels ABT-DOJ 0300439 through 0300574. The first page of this production is document ABT-DOJ 0300439, a litigation hold notice from Ellen Klaus to David Landsidle. As DOJ has previously acknowledged with respect to similar documents, the production of this document by Abbott does not constitute a waiver of any applicable privilege.

Sincerely,

Carol P. Geisler

Enclosures

cc: Jason G. Winchester, Esq.

4-144

-----Original Message-----
From: Brooker, Renee (CIV)
Sent: Monday, October 15, 2007 3:54 PM
To: 'Jason G. Winchester'
Cc: Alison Simon; Carol Geisler; jbreen@breenlaw.com
Subject: RE: Filing Today

Jason, I await your further reply. Please do not misunderstand. I am not refusing to give Abbott additional time to conduct a post-designation investigation of whether the material is indeed "Highly Confidential," as Abbott has stamped it, before filing the document. I did indicate that the United States would not further delay the filing of this motion to compel in order for Abbott to conduct an after-the-fact investigation, particularly in light of the fact that we had to wait an additional 11 days for Abbott's response. As you offered, if we are prepared to file the motion before we hear back from Abbott, we will file only page 50 and provide this email exchange to the Court. --Renee


Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9004
Washington, DC 20004
ph: (202) 616-3797
fax: (202) 616-3085

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Monday, October 15, 2007 3:26 PM
To: Brooker, Renee (CIV)
Cc: Alison Simon; Carol Geisler; jbreen@breenlaw.com
Subject: RE: Filing Today

Renee -

I trust you will accurately convey Abbott's position to the Court. This document was marked Highly Confidential because, on its face, it contains information about Abbott's research and development efforts and other material that is deemed highly sensitive by Abbott and that would not be publicly disclosed. In response to your inquiry, made at 10:42 this morning, we are undertaking the further investigation necessary to determine whether this document can nonetheless be filed publicly in accordance with the Court's recent rulings. I have asked you for

4-145

some additional time to complete this investigation, and you have refused.
Abbott will complete its investigation as quickly as possible. In the meantime, Abbott will not object to your public filing of page 50 of the Long Range Plan (ABT-DOJ 0302462), which is the first page included in your attachment from this morning. JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601-1692
312.269.4373 (direct)
312.782.3939 (main)
312.782.8585 (fax)


|   |   |   |
|---|---|---|
| "Brooker, Renee (CIV)" <Renee.Brooker@usdoj.gov><br>10/15/2007 01:59 PM | To | "Jason G. Winchester" <jgwinchester@JonesDay.com> |
|  | cc | "Alison Simon" <alisonsimon@breenlaw.com>, "Carol Geisler" <cgeisler@JonesDay.com>, <jbreen@breenlaw.com> |
|  | Subject | RE: Filing Today |

Jason, I will inform the court of your position.

We informed Abbott on September 17 that we would be filing a motion to compel unless we received Abbott's document production by October 1, or an acceptable response that production on all outstanding document requests was imminent. Thus, the filing comes as no surprise to Abbott, and we hope Abott will not cease its document production efforts or communications with the United States between now and the time the motion is decided. As always, we remain

4-146

extremely open to further discussions about Abbott's production.

As for the 7 pages we wish to file today, since Abbott only produced the documents marked "highly confidential" on Friday at approximately 3:00 p.m.
and it has taken us the weekend to review these materials, there is no time to provide more notice to Abbott than we have provided.

We had hoped that instead of drafting email communications Abbott could have reviewed the 7 pages and made a determination in the last six hours.
We are seriously concerned about the impending discovery deadline and do not want to delay filing the motion yet another day while Abbott determines whether a document is highly confidential.  This process in fact serves to highlight that Abbott is not making the good faith determinations of confidentiality before it stamps the document highly confidential and produces it to the United States.  This after-the-fact review appears on its face to violate the Protective Order.

I believe you represented that I could file today the first page of the long range plan.  I would appreciate immediate confirmation of that.


Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9004
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 616-3085

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Monday, October 15, 2007 2:40 PM
To: Brooker, Renee (CIV)
Cc: Alison Simon; Carol Geisler; jbreen@breenlaw.com
Subject: RE: Filing Today

Renee -

I believe we addressed all of the issues raised in your recent letter and provided you with anticipated dates for completing our production.  I do not believe it appropriate for you to move to compel and then offer to meet and confer (seems backwards), but you will do as you see fit.

As to data, you misrepresent the Texas situation, which has nothing to do with DOJ in any event. Moreover, as you know, we provided long ago transactional sales data to DOJ. The current effort is designed to address some questions about the data that we have been working through with Mark - it is not as though this information is only being produced for the first time now.

As to the Long Range Plan, if this document only contained the sort of aged "commercial" or "pricing" information addressed previously by Judge Saris, we would not have an issue. My concern, however, as noted in the prior email, is that this document discloses a host of information about Abbott's research and development efforts - which efforts are unquestionably proprietary and worthy of protection. These R&D efforts can go on for years, so the fact that this document is a 1990-1994 plan does not mean that the information is necessarily rendered non-confidential by the mere passage of time. Bottom line is that I need to do some further investigation at Abbott to determine whether this Long Range Plan can be disclosed publicly, and I cannot complete that investigation by your
appointed time of today at 4:30 EST.   I only learned of your request a few
hours ago and am making every effort to address this as quickly as possible (it would help to streamline this process in the future if you could provide more than same-day notice of documents you wish to file with the court). Until we can complete the required investigation, I cannot agree that this Long Range Plan can be disclosed publicly by the Government. JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.269.4373 (direct)
312.782.3939 (main)
312.782.8585 (fax)

-----Original Message-----
From: Brooker, Renee (CIV)
Sent: Monday, October 15, 2007 2:05 PM
To: Jason G. Winchester
Cc: Carol Geisler; jbreen@breenlaw.com; Alison Simon
Subject: RE: Filing Today

Jason, we had hoped our omnibus letter of September 17 would have obviated the need to file a motion to compel. After months of negotiations over document production, and given the press of the discovery deadline, we gave Abbott an additional 14 days, or until October 1, to respond to our letter. Abbott's response, which we only received on Friday, October 12 serves to highlight all the more our serious concerns about Abbott's untimely document production. We do not have the luxury of waiting to see if Abbott will meet its promises when it has not met a single deadline it promised to date. The United States believes its case is being prejudiced especially in light of the deposition discovery that needs to take place once documents are received. Once we file the motion to compel this afternoon, we remain open to immediate further discussion on Abbott's

document production. If Abbott produces all the documents outlined in the motion by the end of month, then the motion should become moot.

However, we have our doubts that Abbott is serious about meeting any self imposed deadlines. To take a single example, we have been asking Abbott to produce its transactional data since before the filing of the lawsuit. Abbott casually promises after at least a year and a half that it will produce transactional data by November 15, 2007, and with respect to Acyclovir, not at all. Abbott offers this date knowing full well that our experts cannot possibly complete their damages work by January 31 without the final data set. In addition, we are well aware that Abbott produced the wrong transactional data to the state of Texas after years of motions practice regarding the data, and did not notify the plaintiffs until minutes before the start of their expert's deposition.

Next I address your point about the confidentiality issue. As we have informed Abbott, we continue to believe Abbott is violating the Protective Order and Judge Saris's four recent rulings with respect to its continuing wholesale designations of documents as confidential. It appears that Abbott's entire document production on Friday was stamped as Highly Confidential on each and every page. Clearly, the OEC policy is not confidential, let alone highly confidential, and should not have been so marked. As for the second document, it is on its face a 1990-1994 plan. Judge Saris just ruled on October 10 that "commercial information from the 1990's" and "pricing information from more than 5 years ago" is not sensitive commercial information. It is inconceivable that Abbott has not changed its position on over-designating at all since Judge Saris issued her four rulings on this very issue. We are only seeking to file publicly pages 50-56, which I attached, and not the entire document. Please let me know if you can agree to that today.

Thank you. --Renee

Renée Brooker
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9004
Washington, DC 20004
ph: (202) 616-3797
fax: (202) 616-3085

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Monday, October 15, 2007 1:28 PM
To: Brooker, Renee (CIV)
Cc: Carol Geisler
Subject: Re: Filing Today

Renee -

If there are particular discovery issues that you have concerns about, we remain available to meet and confer, which might avoid the need for intervention by the Court.

As to the documents attached to your email of this morning, there appear to be 2 separate documents: (1) an OEC policy on Federal Health Care Program and Other Third Party Payor Requirements; and (2) Abbott's 1990-1994 Long
Range Plan. Abbott does not object to the OEC policy being filed
publicly. We may have an issue as to the Long Range Plan, however. As you know, the document discloses a substantial amount of information focused on Abbott's research and development efforts. I'm not sure the purpose you have in attaching this document to your motion, but do you need to attach the whole thing? Would just using the first page suffice, or do you believe you need all of the textual information on R&D progress, etc.? If you believe you need the entire document, then I am going to need some more time to further investigate the contents of the document within Abbott.
This is not something I can answer in the six hours you have allotted. JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601-1692
312.269.4373 (direct)
312.782.3939 (main)
312.782.8585 (fax)

"Brooker, Renee (CIV)
Renee.Brooker@us
To doj.gov>
"Jason G. Winchester"
<jgwinchester@JonesDay.com>, "Carol
 Geisler" <cgeisler@JonesDay.com>
10/15/2007 10:42AM

Jason and Carol, I am filing a motion to compel Abbott's document production today. Please let me know if Abbott plans to file an under seal motion in accordance with Judge Saris's October 11, 2007 electronic order with respect to these pages of materials that we received from Abbott on Friday. Otherwise, I will file the documents by 4:30 today. Thank you in advance. --Renee



Renée Brooker
Assistant Director
U.S. Department of Justice

**4-150**

Civil Division
Commercial Litigation Branch
Fraud Section
601 D Street NW
Suite 9004
Washington, DC  20004
ph:  (202) 616-3797
fax: (202) 616-3085
[attachment "Exhibit.PDF" deleted by Jason G. Winchester/JonesDay]

============

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

============