# EXHIBIT 7

Judge Patti B. Saris : ELECTRONIC ENDORSEMENT re (4614 in 1:01-cv-12257-PBS) Objections to the July 19, 2007 Order by the Magistrate on Relator's Motion to Compel Abbott Laboratories to Produce or Consent to Access to and Sharing of all Discovery Produced by Abbott in Other False Price Litigation filed by Ven-A-Care of the Florida Keys, Inc. "Because 59% of the documents in the sample were discoverable, the Relator may share discovery from other Abbott cases with the United States in related state court litigation, including but not limited to documents produced in the Texas and California actions." Associated Cases: 1:01-cv-12257-PBS, 1:06-cv-11337-PBS(Patch, Christine) (Entered: 08/21/2007)

09/05/2007 Judge Patti B. Saris : Electronic ORDER entered re 4654 Motion for Leave to File Under Seal Exhibits to the United States' Opposition to Abbott Laboratories Inc.'s Motion to Dismiss. I overrule the claim of confidentiality. In the future, if there is a disagreement, the attorney claiming confidentiality shall support the assertion subject to Fed. R. Civ. P. 11. The claim of confidentiality here is frivolous." (Patch, Christine) (Entered: 09/06/2007)

The following transaction was entered on 9/6/2007 at 3:31 PM EDT and filed on 9/6/2007

Case Name:   Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number:   1:01-cv-12257 <https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895>

Filer:
Document Number:   No document attached

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered denying [4645] Emergency Motion to Stay the Effect of and Motion to Reconsider the Court's August 21, 2007 Order. "Denied on the ground that a majority of the documents were not initially produced. After discussion with Magistrate Judge Bowler, I conclude that it is too burdensome for the Court to review all the disputed documents in camera. I add, however, that relator has an obligation to share only those documents related to this litigation (i.e., the four drugs), and should not use this order to provide the U.S. with documents related to other drugs at issue in other cases." (Patch, Christine)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Pharmaceutical Industry Average Wholesale Price Litigation<br><br>**THIS DOCUMENT RELATES TO:**<br>U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al. | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Civil Action No. 01-11337-PBS |

### DISCOVERY ORDER

September 7, 2007

Saris, U.S.D.J.

After a review of the United States' objections to the July 19, 2007 order of Magistrate Judge Bowler (Docket No. 4622) and the response by Defendant Abbott Laboratories, Inc., I rule as follows:

1. The third parties shall produce all documents which refer or relate to Abbott's marketing a spread on a drug involving AWP no matter what drug or what year.

2. With respect to the particular named drugs at issue in this litigation, the third parties shall produce all documents related to pricing that drug regardless of the time period generated.

3. The third parties shall produce all documents related to lobbying the legislative or executive branch in the 1991 to 2003 time period relating to AWP/government reimbursement issues.

4. The third parties shall produce all documents relating to Abbott's reporting AWP to the publication compendia (like

First Data Bank) during the 1991 to 2003 time period.

5. Hospira shall produce all relevant documents of Abbott's Hospital Products Division in its custody, possession and control.

6. TAP shall produce all documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period.

7. Otherwise, the magistrate judge's order is **AFFIRMED**.

8. The subpoenas are not quashed but shall be narrowed consistent with this order and the magistrate judge's order.

9. I have reviewed the documents attached to the government's motion and find that there is no good cause for sealing. With respect to most of the documents, the assertion of confidentiality is frivolous. No further documents shall be sealed in this case unless counsel asserting confidentiality asserts the basis for the claim in a pleading subject to the sanction of Fed. R. Civ P. 11.

/s/ Patti B. Saris

PATTI B. SARIS
United States District Judge

The following transaction was entered on 10/10/2007 at 4:36 PM EDT and filed on 10/10/2007

Case Name:     Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number:  1:01-cv-12257 <https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895>

Filer:
Document Number:    No document attached

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered granting in part [4446] Motion to Protect Confidential Proprietary Commercial Information. "Allowed only in part. I find that pricing information from more than 5 years ago is not sensitive commercial information. Accordingly, all average acquisition costs from 2002 to date may be redacted. All other information in Exhibit B shall be publicly available. Just because Cardinal states something is confidential does not necessarily mean it can establish good cause to seal. For example, it is inconceivable that commercial information from the 1990's is sensitive business information now." (Patch, Christine)

10/11/2007 Judge Patti B. Saris : Electronic ORDER entered granting 4758 Motion to Require Abbott to Comply with the Protective Order and with the Court's Orders of September 5, 2007 and September 7, 2007, and to Set Forth a Procedure for Future Compliance with those Orders. "Abbott shall filed a motion to seal forthwith. With respect to the request for a procedure, the Court adopts the government's proposal. Abbott's concern can be addressed by calling the pleading a Motion to Seal a document submitted by the government. Couldn't a solution be worked out?" (Patch, Christine) (Entered: 10/12/2007)