# EXHIBIT 10

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CITIZENS FOR CONSUME, et al. CIVIL ACTION NO. 01-12257-PBS
   Plaintiffs               .
                            .
   V.                       . BOSTON, MASSACHUSETTS
                            . JUNE 19, 2007
ABBOTT LABORATORIES, et al  .
   Defendants               .
 . . . . . . . . . . . . .

            TRANSCRIPT OF MOTIONS HEARING
       BEFORE THE HONORABLE MARIANNE B. BOWLER
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:    Renée Brooker, Esquire
                          Justin Draycott, Esquire
                          United States Department of
                           Justice
                          601 D Street, NW
                          Patrick Henry Building,
                          Room 9028
                          Washington, DC  20004
                          202-307-1088

For Abbott Laboratories:  James R. Daly, Esquire
                          Jason Winchester, Esquire
                          Jones, Day, Reavis & Pogue
                          77 West Wacker Drive
                          Chicago, IL 60601-1692
                          312-782-3939

For Ven-A-Care:           James Breen, Esquire
                          The Breen Law Firm, P.A.
                          3562 Old Milton Parkway
                          Alpharetta, GA 30005
                          770-740-0008

Court Reporter:

Proceedings recorded by digital sound recording,
transcript produced by transcription service.


                    MARYANN V. YOUNG
                Certified Court Transcriber
                    Wrentham, MA  02093
                      (508) 384-2003
```

                                                                45
1  beginning and we wouldn't be here.
2          MS. BROOKER:  Well I think we are talk - I, Your
3  Honor, I apologize but I--
4          THE COURT:  No, it's typical of the government, you
5  know, try to get the broadest, broadest sweep to get as much as
6  possible and unfortunately, you know, it's just too broad.
7          MS. BROOKER:  Your Honor, I agree.  Really what the
8  government, what I was attempting to inarticulately say at the
9  outset is, we don't want Abbott to limit it if they are
10 lobbying on behalf of these subject drugs.  They may not say
11 the subject drugs.  They may be on behalf of generics involving
12 the issues in this case.  So.
13         MR. WINCHESTER:  We don't have any problem with that,
14 Judge.  I think our position incorporates that just fine.
15         THE COURT:  The subject drugs and their generic
16 equivalents.
17         MS. BROOKER:  Can we have a deadline for that, Your
18 Honor?
19         THE COURT:  30 days.
20         MS. BROOKER:  Thank you, Your Honor.  The next
21 category is interrogatories 12, 13 and 19.  I would categorize
22 those as people and individuals and firms involved in price
23 reporting.  We asked Abbott to identify the names of people,
24 either their consultants or their in-house people who
25 determined or reported for the subject drugs and there are

                         *MARYANN V. YOUNG*
                       Certified Court Transcriber
                            (508) 384-2003

46

1  different terms used in the interrogatory, AWP, wholesale
2  acquisition costs, direct price, and other sorts of prices.  So
3  again, this is just getting us to the first base by identifying
4  the individuals involved, when they were involved, times and
5  dates of when they were employed and so forth.
6              MR. WINCHESTER:  Judge, they not only know these
7  people, they're deposing these people who are involved in price
8  reporting to any of the compendia.  They've deposed them.  So
9  the idea that these identities are being withheld from them is
10 just frankly not true.  The one thing I think we had an issue
11 with respect to these with was what you have is, again, an
12 example of them overreaching.  So it's not just the reporting
13 of AWP for these subject drugs.  It is the amp for instance.
14 Again, there's no claim in this case that has any relationship
15 to amp.  But I think with respect to identifying individuals
16 who've been involved with the setting of the WACK, the direct
17 price and the list price, we have no problem giving them those
18 people.  Abbott does not set the AWP.  They keep trying to do
19 that.  They keep trying to put that on us.  We're not going to
20 be able to give them anybody at Abbott who set AWP because we
21 don't set AWP.  That is the pricing compendia.  But with
22 respect to for these products, those responsible for
23 determining the WACK, the direct price and the list price we
24 don't, I believe, have a dispute with them over that.  In fact,
25 they know the people and they're deposing the people.

47

1      MS. BROOKER: Your Honor, just two brief responses
2 to that. Abbott has not responded to this interrogatory. The
3 only way that we have any information is again because we cross
4 noticed Texas depositions. But we are entitled to get that
5 information in our own right in the United States case, not
6 just what Texas happens to get and what we happen to meander
7 across at a deposition. So we would ask that they be ordered
8 to directly respond to this.
9      Also, the second minor point is part of these
10 interrogatories get at the defense that Mr. Winchester just
11 identified which is their claim that they don't set AWP. We
12 have seen many documents and taken testimony that they do set
13 AWP. So we would ask just for a direct response, again, on the
14 people's, the names, the locations, the dates, the places in
15 this case. We cannot take from the Texas case. We need to
16 have the answers in our own right in our case.
17      MR. WINCHESTER: And I'd say the documents relating
18 to these have been provided to them. They're not just getting
19 things through Texas. We have responded directly in each of
20 these to tell them we do not set amp or do not set AWP and we
21 can, I believe we've had no objection to identify the
22 individuals who as I told the Court were responsible in the
23 time for or involved with the determination of the WACK direct
24 price and list price with respect to the subject drugs.
25      THE COURT: Well, I don't know how much more I can

MARYANN V. YOUNG
Certified Court Transcriber
(508) 384-2003