UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 ) Civil Action No. 01-12257- PBS ) |
| THIS DOCUMENT RELATES TO: | ) ) Hon. Patti B. Saris ) |
| *Commonwealth of Massachusetts v. Mylan Laboratories, Inc. et al.* CIVIL ACTION NO.03-11865-PBS | ) Magistrate Judge Marianne B. Bowler ) ) |

**MEMORANDUM IN SUPPORT OF THE COMMONWEALTH OF MASSACHUSETTS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF ADDING AN ADDENDUM TO THE 12/13/02 PROTECTIVE ORDER IN *IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION*, CIVIL ACTION NO. 01-12257.**

The Commonwealth of Massachusetts has moved to intervene in *In Re: Pharmaceutical Industry Average Wholesale Price Litigation,* Civil Action No. 01-12257-PBS (hereinafter "AWP Litigation"), for the limited purpose of filing a specific motion. This motion would allow the Commonwealth equal access to documents and transcripts that are available to the AWP Litigation defendants that are also the defendants in the Commonwealth's own pharmaceutical pricing action.

**Background**

The Commonwealth of Massachusetts brought a civil action against 13 manufacturers of generic drugs in September, 2003. In this litigation, *The Commonwealth v. Mylan Laboratories, Inc. et al.,* Civil Action No. 03-11865-PBS, (hereinafter "the Commonwealth's Action), the Commonwealth alleges fraud and false claims violations in connection with the manufacturers' reported Average Wholesale

Price ("AWP") and Wholesale Acquisition Cost ("WAC"). The Commonwealth's Action is not part of the AWP Litigation and each of the 9 remaining defendants in the Commonwealth's Action is also a defendant in the AWP Litigation. The defendants in the Commonwealth's Action have received the benefit of AWP Litigation deposition transcripts and witness specific documents produced during the course of the AWP Litigation. The Commonwealth is denied access to these same materials because of the 12/13/02 Protective Order in the AWP Litigation. Pursuant to the 12/13/02 Protective Order, most of the materials in the AWP Litigation are designated as "Confidential" and "Highly Confidential" and as such are not equally available to the Commonwealth.

## Argument

I. The Commonwealth Seeks to Intervene in the AWP Litigation for the Sole Purpose of Filing Its Motion For Addendum.

The Commonwealth's intervention in the AWP Litigation is for the singular purpose of filing a motion making the Commonwealth eligible to receive information designated as "Confidential" and "Highly Confidential" under the 12/13/02 Protective Order. See Exhibit A, the Commonwealth's Motion For Order Adding Addendum to the 12/13/02 Protective Order in *In Re: Pharmaceutical Industry Average Wholesale Price Litigation,* Civil Action No. 01-12257, Allowing Commonwealth Of Massachusetts Access To Confidential And Highly Confidential Information In That Action; Memorandum In Support thereof; and the Proposed Order, (hereinafter collectively "Motion For Addendum"). The Commonwealth's arguments as to why it is entitled to access to AWP litigation materials are fully set forth in its Motion For Addendum.

    II.    **The Commonwealth's Motion To Intervene In The AWP Litigation Is Made At The Suggestion Of This Court.**

The Commonwealth initially filed its Motion For Addendum on September 18, 2007, in the Commonwealth's own action. On October 17, 2007, Judge Robert B. Collings denied the Motion without prejudice, explaining that such a motion should be filed in the AWP Litigation rather than the Commonwealth's Action. Judge Collings stated that, "If the Commonwealth is not a party to the [AWP Litigation], it would need to file a motion to intervene for purposes of seeking a modification of the Protective Order in that case." See, Electronic Order, 10/17/2007, 01-cv-12257. As the Court has suggested, the Commonwealth moves to intervene in the AWP Litigation so that its Motion For Addendum can be heard in the appropriate action.

## Conclusion

The Commonwealth requests that this Court grant its Motion to Intervene in the AWP Litigation for the limited purpose of filing its Motion For Addendum.

                Respectfully submitted,

                Commonwealth of Massachusetts
                By its attorney,

                MARTHA COAKLEY
                Attorney General

      By:    /s/ Peter A. Mullin
                Peter A. Mullin (BBO#360260)
                Assistant Attorney General

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on counsel of record for each of the defendants by causing the documents to be filed electronically in the Court's CM/ECF system this 23rd day of October, 2007.

      /s/ Peter A. Mullin
      Assistant Attorney General