# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' AND ASTRAZENECA'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF JOINT MOTION FOR ENTRY OF AN ORDER GRANTING PRELIMINARY APPROVAL OF THE ASTRAZENECA CLASS 1 SETTLEMENT AND APPROVING THE FORM AND METHOD <u>OF NOTICE TO THE CLASS</u>**

Class Plaintiffs[1] and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") submit this supplemental memorandum in support of their joint motion for entry of an order granting preliminary approval of Proposed Settlement and approval of the form and manner of notice.

On May 21, 2007, Plaintiffs and AstraZeneca filed a joint motion for preliminary approval of a proposed Class 1 settlement with AstraZeneca (the "Proposed Settlement"). Accompanying the motion were a supporting memorandum from Plaintiffs, an executed Settlement Agreement and Release of AstraZeneca, a Proposed Order Granting Preliminary Approval of the AstraZeneca Class 1 Settlement, Directing Notice to the Class and Scheduling Fairness Hearing, and proposed forms of Notice and a Claim Form.

---

[1] This filing is not being made on behalf of Class Representative Joyce Howe, who has, through attorney Don Haviland, filed an objection to the preliminary approval of this Proposed Settlement and a motion to reconsider preliminary approval (Docket No. 4250), which the Court denied by electronic order dated June 12, 2007. The Court has indicated that it will evaluate the objection in association with a motion for final approval of the Proposed Settlement.

On May 22, 2007, the Court held a preliminary approval hearing at which various issues were discussed, including the terms of the Proposed Settlement and the proposed content and manner of notice to the Settlement Class.  From the bench at the conclusion of the hearing, the Court preliminarily approved the Proposed Settlement, subject to reviewing revisions to the proposed notice plan.

With regard to generally *published* notice, the Court expressed skepticism that devoting substantial money to a publication notice campaign, where individual notice is also being mailed, was a worthwhile use of economic resources.  May 22, 2007 Hearing Trans. at 4-6.[2]  We have reviewed the publication experience with both the general notice of pendency in the AWP MDL Litigation and notice of the GSK Settlement and have confirmed the Court's skepticism:  the impact of a publication notice campaign in these cases is simply *de minimis*.  The best metric we have for gauging a class's response to published notice is the number of requests that the Settlement Administrator receives from class members seeking a copy of the notice and, if applicable, a claim form.  The reasonable supporting assumption is that class members who have actually received the notice in the mail will not need the same information mailed again (unless, of course, they have misplaced it) and that, consequently, requests to the Settlement Administrator seeking that notice be mailed were engendered by reviewing published notice (although at least some class members would have requested more information after first learning of the class certification or settlement from other sources, including from reviewing Web sites such as those maintained by Class Counsel and the Settlement Administrator itself).

In the GSK Settlement, only .093 percent of class members contacted the Settlement Administrator and requested an information packet.  The same statistic was even lower in

---

[2] The parties are also aware that the Court expressed similar skepticism in association with published notice in the First DataBank portion of the *McKesson* litigation.

connection with the general notice of pendency – only .049 percent (less than a half-percent) of class members made a similar request.[3] And not all of these callers would have acted in response to reviewing paid placement notice. In light of this experience, we believe that published notice in the AWP litigation reaches very few class members and that, therefore, expending substantial sums of money on a published notice campaign in this case is not sensible. Instead, we believe that individual notice mailed to each Medicare Part B beneficiary administered Zoladex during the Class Period as provided by CMS,[4] coupled with "short form" notice published on the Web sites of the Settlement Administrator and Class Counsel, will suffice to provide the best notice practicable under the circumstances.

With respect to the content of the *individually mailed* notices, we have made the revisions that the Court requested in the May 22nd hearing and have further simplified the notice after receiving additional input from Kinsella Communications and Complete Claim Solutions (the Settlement Administrator). We have also simplified the Claim Form. As the Court may recall, the Claim Form asks the Class Member to identify the time period during which the Class Member received Zoladex. The revised Claim Form now simplifies this process due to the availability of additional data from CMS.[5] Accompanying the notice to each Class Member will be a table listing *each* date that the Class Member was administered Zoladex, according to CMS records. The Class Member will be able to take this table and then indicate on the Claim Form each date for which the Class Member either made a full or partial co-payment. They will do

---

[3] These statistics were taken from numbers set forth in declarations filed previously in this case by Complete Claim Solutions on March 27, 2007 and June 21, 2007.

[4] Because not all of these Medicare Part B beneficiaries will be Class Members (since many of them will have had their co-payment covered in full by insurance), the individual mailing aspect of the notice plan will actually be over-inclusive.

[5] We have been awaiting the receipt of this data from CMS before finalizing the final form of the proposed Notice and Claim Form for presentation to the Court. This accounts for the modest delay in providing these materials to Your Honor.

this by simply checking boxes asking whether the Class Member made a full or partial co-payment for each Zoladex administration.  We believe that this will make it substantially easier for the Class Member to complete the Claim Form and will, along with the double damages recouped, encourage claims to be filed.

If and when the Court issues the Preliminary Approval Order, the Settlement Administrator – Complete Claim Solutions – will mail individual notice to each of the 445,000 Medicare Part B beneficiaries for whom CMS has provided address information.  In order to accomplish this, we have attached the following documents for the Court's review:

1. Revised [Proposed] Order Granting Preliminary Approval of the AstraZeneca Class 1 Settlement, Directing Notice to the Class and Scheduling Fairness Hearing

2. Revised Exhibit B-1 to the Settlement Agreement – Notice to Consumer with Claim Form[6]

3. Revised Exhibit B-2 to the Settlement Agreement – Notice to Consumer (Summary Notice)

4. Revised Exhibit B-3 to the Settlement Agreement – Plaintiffs' Proposed Settlement Notice Plan

Plaintiffs and AstraZeneca respectfully request that the Court sign the [Proposed] Order Granting Preliminary Approval of the AstraZeneca Class 1 Settlement, Directing Notice to the Class and Scheduling Fairness Hearing so that the notice campaign may commence.

---

[6] There are two "long form" notices, with one version containing a notification of opt-out rights to be sent only to residents of nine states who were not included in the Court's earlier class certification.

DATED:  October 25, 2007        By      /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**


**COUNSEL FOR DEFENDANT ASTRAZENECA PHARMACEUTICALS LP**


By      /s/ **Michael B. Keating**
  Nicholas C. Theodorou (BBO #496730)
  Michael B. Keating (BBO #263360)
  Michael P. Boudett (BBO #558757)
  Katherine B. Schmeckpeper (BBO #663200)
  FOLEY HOAG LLP
  155 Seaport Boulevard
  Boston, MA 022110

  D. Scott Wise
  Michael S. Flynn
  Kimberley D. Harris
  DAVIS POLK & WARDELL
  450 Lexington Avenue
  New York, NY 10017

- 7 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on October 25, 2007, I caused copies of **CLASS PLAINTIFFS' AND ASTRAZENECA'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF JOINT MOTION FOR ENTRY OF AN ORDER GRANTING PRELIMINARY APPROVAL OF THE ASTRAZENECA SETTLEMENT AND APPROVING THE FORM AND METHOD OF NOTICE TO THE CLASS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

       /s/ Steve W. Berman
       Steve W. Berman