## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

### [REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE ASTRAZENECA CLASS 1 SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to a *Joint Motion for Entry of an Order Granting Preliminary Approval of the AstraZeneca Class 1 Settlement and Approving the Form and Method of Notice to the Class* (the "Motion")*; and*

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on May 22, 2007, has considered all of the submissions related to the Motion and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

### I.       PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.       The terms of the Settlement Agreement and Release of AstraZeneca dated May 20, 2007, including all Exhibits thereto (the "Agreement"), attached to the Motion, as revised by

the parties and submitted to the Court on October 25, 2007 (the "Revised Exhibits") are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement, including the Exhibits and Revised Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and with the assistance and oversight of MDL Mediator Eric Green.  The Court finds that the settlement embodied in the Agreement (the "Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in paragraphs 7 and 8 of this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.    THE CLASS, REPRESENTATIVES AND CLASS COUNSEL

2.    Consistent with the Court's January 30, 2006 *Order Re: Motion for Class Certification*, Settlement Class 1 ("Class 1" or the "Class") is comprised of all natural persons nationwide who made a co-payment based on AWP for Zoladex® under the Medicare Part B Program during the period from January 1, 1991 through December 31, 2004, or who incurred an enforceable obligation to make such a co-payment.  Excluded from Class 1 are those who made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed, as well as AstraZeneca and its officers, directors, management, employees, subsidiaries, and affiliates.  Previously excluded from the litigation class certified on January 30, 2006 were residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia; these residents are now included in Class 1 for purposes of

the Settlement.

3.      Consistent with its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification*, the Court preliminarily finds that the proposed nationwide settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Class for settlement purposes only.  The Court hereby incorporates the findings of its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification* and further preliminarily finds, in the specific context of this Settlement, that:

a.      *Numerosity*.  The Class consists of tens-of-thousands of members located throughout the United States and satisfies the numerosity requirement of FED. R. CIV. P. 23(a).  Joinder of these widely-dispersed, numerous Class Members into one suit would be impracticable.

b.      *Commonality*.  Common questions of law and fact with regard to the alleged activities of AstraZeneca exist for each of the members of the Class in this case.  These issues are central to this case and are sufficient to establish commonality.

c.      *Typicality*.  Plaintiffs have claimed during this litigation that AstraZeneca violated various state consumer protection statutes, RICO and other state and federal laws, by unlawfully manipulating Average Wholesale Prices ("AWPs") reported by various industry publications for Zoladex®.  As a result, Class Members allegedly paid more for Zoladex® than they would have in the absence of the alleged unlawful conduct.  These claims are typical of every member of the Class.  Therefore, the element of typicality is satisfied.

d.      *Adequate Representation*.  Plaintiffs' interests do not conflict with absent members of the Class, and Plaintiffs' interests are co-extensive with absent Class Members.  Additionally, this Court recognizes the experience of Lead Class Counsel Hagens Berman Sobol

Shapiro LLP, Wexler Toriseva Wallace LLP, Spector Roseman & Kodroff, PC, and Edelson & Associates LLC and finds that the requirement of adequate representation of the Class has been fully met.

e.      *Predominance of Common Issues*.  Plaintiffs commonly assert that AstraZeneca's actions caused the AWPs for Zoladex® to be inflated, in turn causing all Class Members to pay more for Zoladex®.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

f.      *Superiority of the Class Action Mechanism*.  The class action mechanism is ideally suited for treatment of the settlement of this matter.  Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4.      Leroy Townsend is designated representative of the Class.

5.      The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Class and hereby appoints them as Co-Lead Settlement Class Counsel pursuant to FED. R. CIV. P. 23(g):

> Hagens Berman Sobol Shapiro LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> Spector, Roseman & Kodroff, P.C.,
> 1818 Market Street, Suite 2500
> Philadelphia, PA  19103
>
> Wexler Toriseva Wallace LLP
> One North LaSalle Street, Suite 2000
> Chicago, IL  60602
>
> Edelson & Associates, LLC,
> 45 West Court Street
> Doylestown, PA  18901

6.      If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the settlement Class shall be void (leaving the certified class for litigation purposes as that defined in the Court's January 30, 2006 *Order Re: Motion for Class Certification*), and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses and issues under Rule 23.

## II.      NOTICE TO CLASS MEMBERS

7.      The Court has considered the proposed notices and Notice Plan attached as Revised Exhibits B-1 through B-3 to the Settlement Agreement, including the proposed forms of notice, summary notice, and Claim Form, and finds that the forms and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the Notice Plan in all respects (including the proposed forms of notice, summary notice and Claim Form) and orders that notice be given in substantial conformity therewith.  The Notice Program described in the Notice Plan shall commence on or about _____, 2007. The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid by AstraZeneca in accordance with the Settlement Agreement.

8.      The Claims Administrator is Complete Claim Solutions.  Responsibilities of the Claims Administrator shall include the following:  (a) establishing a post office box and toll-free phone number (to be included in the Long Form Notices and the Summary Notices (together, the "Notices" to the Class)) for purposes of communicating with Class members; (b) establishing and maintaining a website for purposes of posting the Notices, the Agreement and related

documents; (c) accepting and maintaining documents sent from Class members, including Claim Forms and other documents relating to claims administration; and (d) administering claims for the allocation of the settlement funds among Class Members.

### III.    REQUEST FOR EXCLUSION FROM THE CLASS

9.      Class members residing in Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia only who wish to be excluded from the Class shall mail a written notice of exclusion to the Claims Administrator, so that it is received no later than _____, and shall clearly state the following:  the name, address, taxpayer identification number, telephone number and fax number (if any) of the individual who wishes to be excluded from the Class.  Class Members residing in other states have already been provided with an opportunity to be excluded from the litigation class after notice of pendency and shall not be provided another opportunity to request exclusion here.

10.     Valid Class Opt-Outs shall not be bound by the Agreement, the Settlement, or the Final Order and Judgment.  Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Lead Class Counsel and AstraZeneca's Counsel.

11.     Any member of the Class that does not properly and timely mail a notice of exclusion as set forth in paragraph 9 above shall be automatically included in the Class and shall be bound by all the terms and provisions of the Agreement and the Settlement and the Final Order and Judgment, whether or not such member of the Class shall have objected to the Settlement and whether or not such member of the Class makes a claim upon or participates in the Settlement.

## IV.   PROOFS OF CLAIM

12.   To effectuate the Settlement and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Claim Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Claim Forms, and any and all other written communications from members of the Class in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from members of the Class relating to the Agreement shall be available at all reasonable times for inspection and copying by Lead Class Counsel and AstraZeneca's Counsel, prior to payments being mailed to each Class Member.

13.   In order to be entitled to participate in the Settlement if it is effected in accordance with all of the terms and conditions set forth in the Agreement, each member of the nationwide Class shall take the following actions and be subject to the following requirements:

(a)   A Class Member who wishes to receive a distribution from the Settlement must mail a properly executed Claim Form to the Claims Administrator at the address indicated in the notice, to be postmarked on or before _____. If such Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than _____;

(b)   Each Claim Form must satisfy the following conditions: (i) the Claim Form must be properly completed and supported with any necessary documentation in accordance with the instructions thereon and submitted in a timely manner in accordance with subparagraph (a) of this paragraph; (ii) the Claim Form must be signed under penalty of perjury;

7

(iii) the claimant must certify that he or she is a Class Member, or, if the person executing the Claim Form is acting in a representative capacity, must attest that he, she or it is acting on behalf of a class member and that the claimant has authority to act on behalf of the Class Member; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Lead Class Counsel about which claims should be allowed in whole or in part.  AstraZeneca shall have the right to dispute the validity of any claim that it believes in good faith does not meet the requirements set forth on the Claim Form, is not tendered by a Medicare Part B beneficiary or the spouse or legal representative of a Medicare Part B beneficiary, and/or represents an attempt to fraudulently obtain payment.  Any disputes regarding the validity of a claim shall, in the first instance, be decided by the Claims Administrator, with a right to seek review by the MDL Mediator and ultimately the MDL Court. AstraZeneca will not contact any Class Member in connection with the audit process, and neither AstraZeneca nor Class Counsel will contact any Class 1 Member's provider in connection with the audit process;

(d)     The Claims Administrator will notify each member of the Class who filed a Claim Form of any recommendation of disallowance, in whole or in part, of the Claim Form submitted by such Class Member and will set forth the reasons for any such disallowance.  Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Claim Forms that is identified.  A copy of such notification shall also be sent by the Claims Administrator to Lead Class Counsel;

(e)     All members of the Class who do not submit timely Claim Forms, or

submit Claim Forms that are disallowed and not cured, shall be barred from participating in the Settlement (except to the extent that a Claim Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

(f)     Each member of the Class who submits a Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Settlement) be bound by all the terms and provisions of the Agreement.

## V.     CLAIMS PROCESS

14.     AstraZeneca will pay the authorized claims of Class Members as such claims are approved by the Claims Administrator, up to an aggregate total of $24,000,000.  If the total amount of authorized claims to be paid exceeds $24,000,000, payments to Class Members will be reduced proportionately.

15.     The amount that a Class Member will be eligible to receive will be based on the number of months that he or she took and paid for Zoladex®.  Plaintiffs' expert has calculated estimated monthly overcharges associated with the alleged price inflation for Zoladex®, including interest.  The alleged overcharge varies based on the year and whether the Class Member had private third party supplemental insurance that paid part of the Medicare Part B co-payment.  The amount which a Class Member who filed a valid Claim Form will be entitled to receive is to be calculated by taking the number of months that the Class Member took and paid for Zoladex® and multiplying that number by the alleged overcharge that applies for that year. The total amount would then be doubled.

16.     The tables below, with data extracted from the April 23, 2007 Hartman Analysis of Consumer Damages as set forth in Exhibit D to the Settlement Agreement, will be used in the foregoing calculation:

---

**Table 1:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Medicare Part B Co-Payments for Zoladex and Did Not Have Private Third-Party Supplemental Insurance**

| | | | |
|---|---|---|---|
| 1991: $23.88 | 1992: $22.92 | 1993: $18.97 | 1994: $19.41 |
| 1995: $32.86 | 1996: $37.89 | 1997: $50.48 | 1998: $67.43 |
| 1999: $72.15 | 2000: $67.94 | 2001: $65.56 | 2002: $62.81 |
| 2003: $61.30 | 2004: $59.73 | | |

---

**Table 2:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Partial Medicare Part B Co-Payments for Zoladex because They had Private Third-Party Supplemental Insurance Polices that Covered Part of the Co-Payment**

| | | | |
|---|---|---|---|
| 1991: $4.78 | 1992: $4.58 | 1993: $3.79 | 1994: $3.88 |
| 1995: $6.57 | 1996: $7.58 | 1997: $10.10 | 1998: $13.49 |
| 1999: $14.43 | 2000: $13.59 | 2001: $13.11 | 2002: $12.56 |

---

17.     For example, an uninsured Class 1 Member who took Zoladex® for the entirety of 2002 and 2003 and paid the full 20% co-payment under the Medicare Part B program for each administration of Zoladex® during that time period would be eligible to receive $2976 calculated as follows:

| | | | |
|---|---|---|---|
| 2002 overcharge per month | $62.81 | = | $753 annually |
| 2003 overcharge per month | $61.30 | = | $735 annually |
| Total Recognized Claim | | = | $1488 |

Total Claim Would be Doubled   =   $2976

18.     If $10,000,000 or less of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall pay such remaining amount to mutually acceptable charitable organizations funding cancer research or patient care (the "Cy Pres Amount").  If the Parties are unable to agree on acceptable organizations, the MDL Mediator will mediate the issue, subject to the Court's final determination and approval.  If more than $10,000,000 of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall only be required to pay the $10,000,000 Cy Pres Amount and no more.

## VI.     CONFIDENTIALITY

19.     Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular member of the Class, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Lead Class Counsel, AstraZeneca's Counsel, and the Court, or as otherwise provided in the Agreement.

## VII.     FAIRNESS HEARING

20.     A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, at _____ before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following:  (a) whether the settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Settlement, the partial dismissal with prejudice of the MDL Class Actions as to AstraZeneca (with respect to Class 1), and the entry of final judgment as to AstraZeneca as to Class 1; (c) whether Class Counsel's application for attorneys' fees, expenses and incentive awards for the Class Representatives ("the Fee Petition") should be granted; and

(d) whether to approve the proposed plan of allocation and distribution.

21.     On or before _____, Class Counsel shall file with the Court:  (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any Fee Petition.

22.     Any member of the Class that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of AstraZeneca as to Class 1, the entry of final judgment as to AstraZeneca as to Class 1, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served upon Counsel for the parties on or before _____.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before _____, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all Counsel to the parties on or before _____. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

23.     Counsel for the parties who must be served with all documentation described above in Paragraph 23 are as follows:

<u>Counsel for the Class</u>

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Counsel for Defendant AstraZeneca

D. Scott Wise
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017

24.     The date and time of the Fairness Hearing shall be set forth in the Notice and
Summary Notice, but shall be subject to adjournment by the Court without further notice to the
members of the Class other than that which may be posted at the Court, on the Court's website,
and/or the website to be established pursuant to the Notice Plan.

25.     All proceedings in the MDL Class Actions with respect to AstraZeneca and Class
1 are stayed and suspended, pending the Final Approval of the Settlement ("Final Approval"),
except such proceedings as are provided for in the Agreement, or which may be necessary to
implement the terms of the Agreement, the Settlement, or this Order.

26.     Any Class member may hire an attorney at his or her or its own expense to appear
in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed in
Paragraph 23 above by _____, and file it with the Court on or before
_____.

27.     Pending Final Approval, no Class Member, either directly, representatively, or in
any other capacity (other than a Class Member who validly and timely elects to be excluded from
the Class), shall commence, continue or prosecute against any AstraZeneca releasee any action
or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that
are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from

so proceeding.  Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement, and any such Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Agreement.

## VIII.   OTHER PROVISIONS

28.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

29.     In the event the Settlement is terminated in accordance with the provisions of the Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs and AstraZeneca.

30.     Neither this Order nor the Agreement shall constitute any evidence or admission of liability by AstraZeneca, nor shall it be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Releasee in connection with any action asserting Released Claims.


Date:_____          _____
                                    Patti B. Saris
                                    United States District Judge