# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *The City of New York v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 04-CV-06054) | |
| *County of Albany v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-0425) | |
| *County of Allegany v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-0236) | |
| *County of Broome v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-0456) | |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-0256) | |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-0423) | |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-0214) | |
| *County of Chemung v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-6744) | |
| *County of Chenango v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-0354) | |
| *County of Columbia v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-0867) | |

[Caption Continues on Next Page]

## ANSWER AND AFFIRMATIVE DEFENSES OF PUREPAC PHARMACEUTICAL CO. TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0881)   )

*County of Dutchess v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-6458)   )

*County of Essex v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0878)   )

*County of Fulton v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0519)   )

*County of Genesee v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-00267)   )

*County of Greene v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0474)   )

*County of Herkimer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00415)   )

*County of Jefferson v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0715)   )

*County of Lewis v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0839)   )

*County of Madison v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00714)   )

*County of Monroe v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6148)   )

*County of Nassau v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. 04-CV-05126)   )

*County of Niagara v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06296)   )

*County of Oneida v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0489)   )

*County of Onondaga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0088)   )

*County of Ontario v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6373)   )

*County of Orange v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 07-CV-2777)   )

*County of Orleans v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6371)   )

*County of Putnam v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-04740)   )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00422)   )

*County of Rockland v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-7055)   )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6387)   )

*County of Seneca v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6370)   )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0479)   )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0478)   )

*County of Steuben v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6223)   )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. 03-CV-12257)   )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0397)   )

*County of Ulster v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 06-CV-0123)   )

*County of Warren v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0468)   )

*County of Washington v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-0408)   )

*County of Wayne v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06138)   )

*County of Westchester v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-6178)   )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-6379)   )
AND   )
*County of Yates v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06172)   )

Defendant Purepac Pharmaceutical Co. ("Purepac"), by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007, as follows:

## PRELIMINARY STATEMENT

The Revised First Amended Consolidated Complaint (the "Complaint") improperly refers to, Alpharma Inc., Purepac Pharmaceutical Co., other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Purepac.  This is insufficient to apprise Purepac of the allegations asserted against it.  Purepac has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Purepac is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Purepac states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Purepac and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Purepac's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Purepac's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is true, or that the material is relevant or admissible in this action.

Purepac denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations,

implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Purepac specifically denies any allegations contained in headings, footnotes, or unnumbered Paragraphs in the Complaint.  For ease of reference, Purepac has included in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered Paragraph of this Answer.

### SPECIFIC RESPONSES

To the extent that the unnumbered Paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Purepac, Purepac denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of defendants, including Purepac, as set forth in the Complaint.  To the extent that the Complaint's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Purepac, Purepac denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.      Purepac admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Purepac denies there is any basis for them to do so and denies that they are entitled to any relief.  Purepac also admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Purepac, Purepac denies them.  To the extent the remaining allegations in Paragraph 1 are

directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

2.      Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

3.      Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations,  Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied

4.      To the extent the allegations in Paragraph 4 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 4 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

5.      To the extent the allegations in Paragraph 5 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  Purepac otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the remaining allegations are directed at Purepac, Purepac denies them.  To the extent the remaining allegations are directed at parties

other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

7.      To the extent the allegations in Paragraph 7 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  Purepac otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

10.     To the extent the allegations in Paragraph 10 are directed at Purepac, Purepac denies them; except Purepac admits that it has at certain times provided the wholesale list price of drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices.  To the extent the allegations in Paragraph 10 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

11.     To the extent the allegations in Paragraph 11 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Purepac, Purepac denies them, except Purepac admits that CMS has established FULs for certain drugs.  To the extent the allegations in Paragraph 13 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

14.     To the extent the allegations in Paragraph 14 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

16.     To the extent the allegations in Paragraph 16 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 16 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 17 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

18.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18

19.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a <u>Wall Street Journal</u> article, Purepac respectfully refers the Court to that article, in its entirety, and any characterizations thereof are denied

21.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 23 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

25.     To the extent the allegations in Paragraph 25 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 25 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

26.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, Purepac respectfully refers the Court to the report in its entirety, and any characterizations thereof are denied.

27.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, Purepac respectfully refers the Court to the transcript in its entirety, and any characterizations thereof are denied.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 29 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  Purepac otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote.

32.     To the extent the allegations in Paragraph 32 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, Purepac respectfully refers the Court to the report in its entirety, and any characterizations thereof are denied.

35.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

37.     Purepac admits that the Counties seeks the relief listed in Paragraph 37, but Purepac denies there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Purepac, Purepac denies them.  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

38.     Purepac admits that the Counties seek to bring this action as alleged in Paragraph 38, but Purepac denies there is any basis for them to do so and denies that they are entitled to any relief.

39.     Paragraph 39 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Purepac denies the allegations in Paragraph 39.

40.     Paragraph 40 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Purepac denies the allegations in Paragraph 40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. 1407.

41.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.  To the extent the allegations in Paragraph 41 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

42.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.  To the extent the allegations in Paragraph 42 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

42A.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42A.  To the extent the allegations in Paragraph 42A refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied

43.     Purepac denies the allegations in Paragraph 43 and its footnote, and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for which plaintiffs are suing which defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Purepac, Purepac denies them, except Purepac admits that, it manufactured and sold prescription drugs, and that it has conducted business in the State and City of New York.  To the extent the allegations in Paragraph 44 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

45.     The allegations in Paragraph 45 are directed to other defendants and require no response from Purepac.  To the extent a response is deemed to be required, Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     To the extent that the introductory clause to Paragraph 46 requires a response, plaintiff improperly refers to two defendants as "the ALPHARMA GROUP OR ALPHARMA," and therefore Purepac denies this introductory clause.  With respect to subparagraph (a) Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  With respect to subparagraph (b), Purepac denies that defendant Purepac Pharmaceutical Co., ("Purepac") is a wholly owned subsidiary of Alpharma Inc.  Purepac states that an Alpharma Inc. subsidiary did acquire Purepac in December 2001 and further states that on December 19, 2005, Alpharma Inc. sold its generics pharmaceutical business, including Purepac, to Actavis Group hf. Purepac further states that the principal place of business of Actavis Elizabeth LLC, Purepac's successor in interest, is 200 Elmora Avenue, Elizabeth, NJ 07202.

47.     The allegations in Paragraphs 47-84 are directed to other defendants and require no response from Purepac.  To the extent a response is deemed to be required, Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 56-84.

85.     To the extent the allegations in Paragraph 85 are directed to Purepac, Purepac denies them.  To the extent the allegations in Paragraph 85 are directed to other defendants Purepac lacks knowledge or information sufficient to form a belief as to their truth.

86.     To the extent the allegations in Paragraph 86 are directed to Purepac, Purepac denies them.  To the extent the allegations in Paragraph 86 are directed to other defendants Purepac lacks knowledge or information sufficient to form a belief as to their truth.

87.     To the extent the allegations in Paragraph 87 are directed to Purepac, Purepac denies them.  To the extent the allegations in Paragraph 87 are directed to other defendants Purepac lacks knowledge or information sufficient to form a belief as to their truth.

88.     To the extent the allegations in Paragraph 88 are directed to Purepac, Purepac denies them.  To the extent the allegations in Paragraph 88 are directed to other defendants Purepac lacks knowledge or information sufficient to form a belief as to their truth.

89.     Paragraph 89 states a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Purepac admits that Medicaid was established by Title XIX of the Social Security Act.  Purepac respectfully refers the court to Title XIX in its entirety and any characterization thereof is denied.

90.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Purepac admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the

extent the allegations in Paragraph 90 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

91-99.  Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.  To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

100.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except admits that National Drug Codes are assigned to prescription drugs and that the United States Food and Drug Administration assigns such codes.

101-111.  Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

112.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs.

113.    To the extent the allegations in Paragraph 113 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 113 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing,

Purepac respectfully refers the Court to the transcript in its entirety, and any characterizations thereof are denied.

114.    To the extent the allegations in Paragraph 114 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 114 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 114 refer to HHS OIG reports, Purepac respectfully refers the Court to the transcript in its entirety, and any characterizations thereof are denied.

115.    To the extent the allegations in Paragraph 115 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 115 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 115 refer to HHS OIG reports, Purepac respectfully refers the Court to the transcript in its entirety, and any characterizations thereof are denied.

116-123.  Paragraphs 116-123 and their footnotes, state legal conclusions to which no response is required.  To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or congressional reports, Purepac respectfully refers the Court to those statutes, regulations, or reports in their entirety, and any characterizations thereof are denied.

124.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.  To the extent the allegations in Paragraph 124 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes, regulations, or reports in their entirety, and any characterizations thereof are denied.

125.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.  To the extent the allegations in Paragraph 125 refer to

statutes or regulations, Purepac respectfully refers the Court to those statutes, regulations, or reports in their entirety, and any characterizations thereof are denied.

126.    With respect to the allegations in Paragraph 126, Purepac admits that drug manufacturers report Best Prices and AMPs to HHS.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes, or regulations in their entirety and any characterizations thereof are denied.

127-130.  Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130, except admits that it reports Medicaid information to HHS and pays rebates to States.  To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, Purepac respectfully refers the Court to those sources in their entirety, and any characterizations thereof are denied.

131.    To the extent the allegations in Paragraph 131 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 131 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, Purepac respectfully refers the Court to that document in its entirety, and any characterizations thereof are denied.

132.    To the extent the allegations in Paragraph 132 are directed at Purepac, Purepac admits that it has executed a Rebate Agreement with HHS.  To the extent the allegations in Paragraph 132 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, Purepac respectfully refers the Court to that document in its entirety, and any characterizations thereof are denied.

133-136.  Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, Purepac respectfully refers the Court to that document in its entirety, and any characterizations thereof are denied.

137.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.  To the extent the allegations in Paragraph 137 refer to statutes, Purepac respectfully refers the Court to those statutes in their entirety, and any characterizations thereof are denied.

138.    The allegations in Paragraph 138 state a legal conclusion to which no response is required.  To the extent that a response is required, Purepac respectfully refers the Court to the quoted statute in its entirety, and any characterizations thereof are denied.

139.    The allegations in Paragraph 139 state a legal conclusion to which no response is required.  To the extent that a response is required, Purepac respectfully refers the Court to the quoted statute in its entirety, and any characterizations thereof are denied.

140.    The allegations in Paragraph 140 state a legal conclusion to which no response is required.  To the extent that a response is required, Purepac respectfully refers the Court to the quoted statute in its entirety, and any characterizations thereof are denied.

141.    The allegations in Paragraph 141 state a legal conclusion to which no response is required.  To the extent that a response is required, Purepac respectfully refers the Court to the quoted statute in its entirety, and any characterizations thereof are denied.

142.    The allegations in Paragraph 142 purport to quote an amicus brief.  Purepac respectfully refers the Court to the amicus brief in its entirety, and any characterizations thereof are denied.

143.    The allegations in Paragraph 143 state a legal conclusion to which no response is required.  To the extent that a response is required, Purepac lacks knowledge or information sufficient to form a belief as to their truth, except that Purepac denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.

144.    To the extent the allegations in Paragraph 144 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

145-149.  With respect to the allegations in Paragraphs 145-149, Purepac admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Purepac, Purepac denies them.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

150-153.  The allegations in Paragraphs 150-153 are directed at parties other than Purepac, and no response is required by Purepac.  To the extent that a response is required, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

154.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.  To the extent that Paragraph 154 purports to contain a statement from an unidentified HHS OIG document, Purepac respectfully refers the Court to that document in its entirety, and any characterizations thereof are denied.

155-158.  To the extent the allegations in Paragraphs 155-158 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 155-158 are directed at parties

other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

159-165.   Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Purepac admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, Purepac respectfully refers the Court to those sources in their entirety, and any characterizations thereof are denied.

166.     To the extent the allegations in Paragraph 166 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

167.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168-172.  To the extent the allegations in Paragraphs 168-172 are directed at Purepac, Purepac denies them, except Purepac admits that it has executed a rebate agreement with HHS.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes, Purepac respectfully refers the Court to those statutes in their entirety, and any characterizations thereof are denied.

173-176.  To the extent the allegations in Paragraphs 173-176 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 173-176 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports,

Purepac respectfully refers the Court to those sources in their entirety, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 177 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

178-193.  To the extent the allegations in Paragraphs 178-193 or their footnotes are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 178-193 or their footnotes are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-193 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, Purepac respectfully refers the Court to those sources in their entirety and characterizations thereof are denied.

194.    To the extent the allegations in Paragraph 194 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 194 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

195.    To the extent the allegations in Paragraph 195 are directed at Purepac, Purepac denies them, except Purepac admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

197-221.  The allegations in Paragraphs 197-221 are directed to other defendants and require no response from Purepac.  To the extent a response is deemed to be required, Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-221.

222.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 or its footnote or the exhibit referenced therein.

223.    Purepac denies the allegations in Paragraph 223 and the exhibit referenced therein.

224.    Purepac denies the allegations in Paragraph 224.

225.    Purepac denies the allegations in Paragraph 225 and the exhibit referenced therein.

226.    Purepac denies the allegations in Paragraph 226.

227.    Purepac denies the allegations in Paragraph 227.

228.    Purepac denies the allegations in Paragraph 228 and the exhibit referenced therein.

229.    Purepac denies the allegations in Paragraph 229 except to admit that it has been sued by the Massachusetts Attorney General.  Purepac respectfully refers the Court to the pleadings in that action, and any characterization thereof is denied.

230.    Purepac admits that it has been sued by Florida.  Purepac respectfully refers the Court to the pleadings in that action, and any characterization thereof is denied.

231.    To the extent that the allegations in Paragraph 231 are directed to Purepac, Purepac denies them.  To the extent the allegations in paragraph 231 are directed towards other defendants, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

To the extent that Paragraph 231 refers to a document, Purepac respectfully refers the Court to that document in its entirety, and characterization thereof is denied.

232-769.   The allegations in Paragraphs 232-769 are directed at defendants other than Purepac and require no response from Purepac.  To the extent a response is deemed required, Purepac lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

770.      Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  To the extent the remainder of the allegations in Paragraph 770 are directed to Purepac, Purepac denies them.  To the extent the remainder of the allegations in Paragraph 770 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

771.      To the extent the allegations in Paragraph 771 are directed to Purepac, Purepac denies them.  To the extent the allegations in  Paragraph 771 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

772.      Purepac admits the Counties seek to recover in this action, but denies that they are entitled to any recovery or other relief whatsoever from Purepac.  To the extent the allegations in Paragraph 772 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

773-790.  To the extent the allegations in Paragraphs 773-790 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, Purepac

23

respectfully refers the Court to that document in its entirety, and any characterizations thereof are denied.

## COUNT I
## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8
## (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.     In response to Paragraph 791, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792-800.  To the extent the allegations in Paragraphs 792-800 are directed at Purepac, Purepac states that the Court has dismissed them.  To the extent that a response is still required, Purepac denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT II
## VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d)
## (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.     In response to Paragraph 801, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802-807.  To the extent the allegations in Paragraphs 802-807 are directed at Purepac, Purepac states that the Court has dismissed them.  To the extent that a response is still required, Purepac denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT III
## VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b
### (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.    In response to Paragraph 808, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

810-813.  To the extent the allegations in Paragraphs 810-813 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV
## VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS
### 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.    In response to Paragraph 814, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815-817.  To the extent the allegations in Paragraphs 815-817 are directed at Purepac, Purepac states that the Court has dismissed them.  To the extent that a response is still required, Purepac denies the allegations as to itself.  To the extent the allegations in Paragraphs 815-817

are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT V
## BREACH OF CONTRACT

818.     In response to Paragraph 818, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819-830.  To the extent the allegations in Paragraphs 819-830 are directed at Purepac, Purepac states that the Court has dismissed them.  To the extent that a response is still required, Purepac denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT VI
## UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq*.)

831.     In response to Paragraph 831, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832-835.  To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 832-835 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

836-837.  To the extent the allegations in Paragraphs 836-837 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 836-837 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their

truth.  To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

838-839.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT VII
## FRAUD

840.     In response to Paragraph 840, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841-843.  To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.

844.     Purepac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.  To the extent the allegations in Paragraph 844 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.

845.     To the extent the allegations in Paragraph 845 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 845 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

## COUNT VIII
## UNJUST ENRICHMENT

846.     In response to Paragraph 846, Purepac repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847-849.  To the extent the allegations in Paragraphs 847-849 are directed at Purepac, Purepac denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Purepac, Purepac lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 847-849 refer to statutes or regulations, Purepac respectfully refers the Court to those statutes or regulations in their entirety, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

## PRAYER FOR RELIEF

Purepac denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" Paragraph and Paragraphs 850-858 of the Complaint.

850.     Purepac denies the counties are entitled to any relief against it.

851.     Purepac denies the counties are entitled to any relief against it.

852.    Purepac denies the counties are entitled to any relief against it.

853.    Purepac denies the counties are entitled to any relief against it.

854.    Purepac denies the counties are entitled to any relief against it.

855.    Purepac denies the counties are entitled to any relief against it.

856.    Purepac denies the counties are entitled to any relief against it.

857.    Purepac denies the counties are entitled to any relief against it.

858.    Purepac denies the counties are entitled to any relief against it.

## AFFIRMATIVE DEFENSES

Purepac reasserts and incorporates herein by reference the assertions of Paragraphs 1 through 858 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Purepac upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Purepac.  Plaintiffs knew that providers could obtain Purepac drugs at prices below AWP prior to and during the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

**Sixth Affirmative Defense**

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Purepac based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Purepac in judicial, legislative, or administrative proceedings of any kind or at any level of government.

**Eighth Affirmative Defense**

Purepac hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

**Ninth Affirmative Defense**

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

**Tenth Affirmative Defense**

Plaintiffs' claims against Purepac are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment against Purepac.

### Twelfth Affirmative Defense

Any and all actions taken by Purepac with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Purepac's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Purepac denies that Plaintiffs have valid consumer protection claims against Purepac under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Purepac pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Purepac, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Purepac after the filing of the complaints in the transferor courts.

31

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Nineteenth Affirmative Defense

Plaintiffs' claims against Purepac are barred, in whole or in part, due to their failure to join indispensable parties.

### Twentieth Affirmative Defense

Plaintiffs' claims against Purepac are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Purepac.

### Twenty-Second Affirmative Defense

Purepac is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Third Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Purepac are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Purepac.

### Twenty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Purepac cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

PUREPAC PHARMACEUTICAL CO.

Dated:  October 26, 2007

_____ /s/ J.P. Ellison _____

John R. Fleder

Riëtte L. van Laack

J.P. Ellison

HYMAN, PHELPS & McNAMARA, P.C.

700 13th Street, N.W., Suite 1200

Washington, D.C.  20005

Tel. (202) 737-5600

Fax (202) 737-9329

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of  Purepac Pharmaceutical Co.'s Answer To Plaintiffs' Revised First Amended Consolidated Complaint was delivered to all counsel of record via electronic by sending, on the 26th day of October, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ J.P. Ellison
J.P. Ellison