**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

MDL NO. 1456
Civil Action No. 01-12257-PBS

THIS DOCUMENT RELATES TO:

Judge Patti B. Saris

*The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425)

*County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231)

*County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242)

*County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204)

*County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744)

*County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867)

[Caption Continues on Next Page]

**TEVA PHARMACEUTICAL INDUSTRIES, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE REVISED FIRST AMENDED CONSOLIDATED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

*County of Cortland v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00881) )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-06458) )

*County of Essex County v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00878) )

*County of Fulton v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00519) )

*County of Genesee v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06206) )

*County of Greene v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00474) )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00415) )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00715) )

*County of Lewis v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00839) )

*County of Madison v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00714) )

*County of Monroe v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06148) )

*County of Nassau v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. 04-CV-5126) )

*County of Niagara v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06296) )

*County of Oneida v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00489) )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00088) )

*County of Ontario v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06373) )

*County of Orange v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 07-CV-2777) )

*County of Orleans v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06371) )

*County of Putnam v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-04740) )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-7055)

*County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478)

*County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387)

*County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370)

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479)

*County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223)

*County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229)

*County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397)

*County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123)

*County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468)

*County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408)

*County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138)

*County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178)

*County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379)

AND

*County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172)

Plaintiffs' Revised First Amended Consolidated Complaint must be dismissed as to "Teva Pharmaceuticals Industries, Ltd." (an apparent misnomer for a Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.")) because Teva Ltd. — an Israeli corporation — has no contacts with the forum and is not a proper party to this suit. Indeed, plaintiffs allege no facts showing contact by Teva Ltd. with New York sufficient to warrant a New York court's exercise of personal jurisdiction. Accordingly, Teva Ltd. respectfully requests that it be dismissed from the plaintiffs' Revised First Amended Consolidated Complaint.

**TEVA LTD. IS NOT SUBJECT TO PERSONAL JURISDICTION UNDER THE LAWS OF NEW YORK.**

The plaintiffs bear the burden of proving that this Court possesses personal jurisdiction over Teva Ltd., as determined by the law of New York. *See Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *American Express Int'l., Inc. v. Mendez-Capellan*, 889 F.2d 1175 (1st Cir. 1989) (law of transferor forum applies).[1] Under New York law, a non-resident defendant is subject to general personal jurisdiction of New York courts "if the defendant is 'engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in" the forum. *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)); *see also* N.Y. C.P.L.R. § 301 (2007). "A corporation is 'doing business' and is therefore 'present' in New York and subject to personal

---

1 When jurisdiction is challenged by a defendant, the plaintiff "may not rely on unsupported allegations in [the] pleadings to make a *prima facie* showing of personal jurisdiction." *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992); *see also Chong v. Healthtronics, Inc.*, No. CV-06-1287 (SJF)(MLO), 2007 WL 1836831, at *4 (E.D.N.Y. June 20, 2007) ("[T]he plaintiff must ultimately establish personal jurisdiction over the defendant by a preponderance of the evidence.") (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).)

jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)). In order words, in order for a New York court to assert general personal jurisdiction over a nonresident defendant, a plaintiff must demonstrate that the nonresident defendant engaged in "continuous, permanent, and substantial activity in New York." *Landoil Res. Corp.*, 918 F.2d at 1043 (internal citations omitted).

If a plaintiff does not — or cannot — allege or demonstrate that a nonresident defendant's contacts with New York are "continuous, permanent, and substantial," *id.*, a plaintiff may nonetheless demonstrate that the assertion of personal jurisdiction over a nonresident defendant is proper pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302. Section 302 provides that personal jurisdiction over a nonresident defendant is proper if the nonresident defendant:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state . . . ; or
>
> (4) owns, uses or possesses any real property situated within the state.

N.Y. C.L.P.R. § 302(a) (2007). New York's long-arm statute "is designed to take advantage of the constitutional power of the state of New York to subject nonresidents to personal jurisdiction

when they commit *acts within the state*." N.Y. C.P.L.R. § 302 note (Legislative Studies and Reports McKinney 2001) (emphasis added).[2]

Here, the plaintiffs make no jurisdictional or factual allegations at all specifically about Teva Ltd. Rather, in plaintiffs' entire (two-hundred plus page) complaint, plaintiffs make only one allegation regarding Teva Ltd.: plaintiffs allege that Teva Ltd. "is an *Israeli corporation* engaged in the business of manufacturing and selling generic and proprietary branded pharmaceuticals and active pharmaceutical ingredients" and its "*principal place of business is located [in] . . . Israel*." (Pls. Rev. First Am. Consol. Compl. ¶ 81(a) (emphasis added).) Moreover, though plaintiffs allege that defendants, including Teva Ltd., engaged in "fraudulent and misleading schemes that [to] overcharge the New York State Medicaid Program ("Medicaid Program") for prescription drugs bought on behalf of City and County residents," *id.* ¶ 1, plaintiffs' complaint fails to identify a single drug manufactured or sold by Teva Ltd.[3] Thus, not only does the plaintiffs' complaint fail to demonstrate that Teva Ltd. is "doing business" in New York, it also fails to allege any specific contacts related to New York or the conduct alleged in their complaint.

The Complaint's silence as to Teva Ltd.'s jurisdictional contacts with the forum is not surprising because Teva Ltd. neither resides, nor does business in New York. Indeed, this fact

2 Of course, New York courts may not extend the reach of Section 302 beyond the bounds of the federal Constitution. The federal Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). "The 'substantial connection,' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant *purposefully* directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (internal citations omitted).

3 Instead, plaintiffs identify certain drugs purportedly sold by the so-called "Teva Group" — a group of companies which includes, among other entities, Teva Pharmaceuticals USA, Inc. ("Teva USA"). (*See* Ex. B-35 to Pls.' Rev. First Am. Consol. Compl.) Unlike Teva Ltd., Teva USA does manufacture and sell pharmaceuticals in the United States. However, as discussed below, the sales or jurisdictional contacts of Teva USA in the forum do not render Teva Ltd. subject to the personal jurisdiction of New York courts.

was already recognized by one of the county plaintiffs in this consolidated proceeding. (*See The County of Orange v. Abbott Labs., et al.* (S.D.N.Y. Case No. 07-CV-2777), Stip. to Substitute Def. Teva Pharm. Indus. Ltd. for Teva Pharms. USA, Inc. [D.E. 4541] ("Teva Pharmaceutical Industries, Ltd., an Israeli corporation which does not manufacture, sell, or market pharmaceuticals in the United States, was misnamed.").)

Importantly, Plaintiffs' allegation that Teva Ltd. owns certain companies doing business in the United States, *see* Pls. Rev. First Am. Consol. Compl. ¶ 81(b)-(d), does nothing to establish personal jurisdiction over Teva Ltd. To the contrary, it is well settled that "[t]he presence of the subsidiary alone does not establish the parent's presence in the state." *Stutts v. De Dietrich Group*, 465 F. Supp. 2d 156, 162 (E.D.N.Y. 2006) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). Plaintiffs, moreover, fail to allege any facts indicating that Teva Ltd.'s "control of [any purported domestic] subsidiary is pervasive enough that the corporate separation is more formal than real" — a prerequisite to imputing any subsidiary's jurisdictional contacts to its parent. *Stutts*, 465 F. Supp. 2d at 163 (quoting *Schenker v. Assicurazioni Genereali S.P.A. Consol.*, No. 98-cv-9186 (MBM), 2002 WL 1560788, at *7 (S.D.N.Y. July 15, 2002)). Thus, plaintiffs' allegation that Teva Ltd. "wholly own[s]" certain companies doing business in the United States adds nothing.

Finally, plaintiffs have not properly served Teva Ltd. In fact, Teva Ltd. has neither been served in accordance with the Hague Convention (as is required) nor served by any other means. *See* Fed. R. Civ. P. 4(f); *see also Treeline Inv. Partners, LP v. Koren*, No. 07 Civ.1964 (DLC), 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007) ("Since Israel and the United States are both signatories to the Hague Service Convention, service of process on a defendant in Israel is governed by the convention.") (internal citations omitted). Further, any service on companies

purported "wholly-owned" by Teva Ltd. does not establish service on Teva Ltd. Rather, "[i]t is hornbook law that service of process on a subsidiary does not constitute service on a parent corporation." *Gradinger v. Pioneer Life Ins. Co.*, No. 04CV1191 (GBD), 2004 WL 1656576, at *4 (S.D.N.Y. July 22, 2004) (quoting *Giar v. Centea*, 02 CIV 7916 (LLS), 2003 WL 1900836 (S.D.N.Y. Apr. 16, 2003)). Quite simply, "the law respects separate corporate identities even where one corporation may wholly own another, or where they may share the same principals." *Id.* (citing *In re Matter of Crespo*, 475 N.Y.S.2d 319 (N.Y. Sup. Ct. 1984)).[4] Therefore, plaintiffs' service on any subsidiary or entity purportedly owned by Teva Ltd. does not establish proper service over Teva. Ltd.

In short, plaintiffs fail to allege any facts establishing any jurisdictional contact by Teva Ltd. with New York sufficient to warrant a New York court's exercise of personal jurisdiction. Accordingly, Teva Ltd. respectfully requests that it be dismissed from the Revised First Amended Consolidated Complaint.

## CONCLUSION

For the foregoing reasons, defendant "Teva Pharmaceuticals Industries, Ltd.," an apparent misnomer for Teva Pharmaceutical Industries, Ltd., should be dismissed as a party to this case.

Dated this 26th day of October, 2007.

---

4 *See also Brandt v. Volkswagen A.G.*, 161 A.D.2d 1149-1150, 555 N.Y.S.2d 957-958 (N.Y.A.D. 4 Dept. 1990) ("It is well settled in New York that, in order for a subsidiary to be deemed the parent's involuntary agent for service, the subsidiary must be so dominated by its parent that it acts as its "mere department" or "mere instrumentality . . . There must be such complete control by the parent over the subsidiary that it negates the conclusion that the subsidiary is operated as a separate and independent entity.") (internal citations and quotations omitted).

Respectfully submitted,

Jay P. Lefkowitz, Esq. (*pro hac vice*)
Jennifer G. Levy, Esq. (*pro hac vice*)
Patrick M. Bryan, Esq. (*pro hac vice*)
Michael C. Occhuizzo, Esq. (*pro hac vice*)
John K. Crisham, Esq. (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Pamela Zorn Adams, BBO# 640800
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
Fax: (617) 646-2222