## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ———————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | Civil Action No. 01-12257-PBS |
| ———————————————— ) | |
| ) | Judge Patti B. Saris |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *The City of New York v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 04-CV-06054) ) | |
| *County of Suffolk v. Abbott Labs., et al.* ) | |
| (E.D.N.Y. No. CV-03-229) ) | |
| *County of Westchester v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 03-CV-6178) ) | |
| *County of Rockland v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 03-CV-7055) ) | |
| *County of Dutchess v. Abbott Labs, et al.* ) | |
| (S.D.N.Y. No. 05-CV-06458) ) | |
| *County of Putnam v. Abbott Labs, et al.* ) | |
| (S.D.N.Y. No. 05-CV-04740) ) | |
| *County of Washington v. Abbott Labs, et al.* ) | |
| (N.D.N.Y. No. 05-CV-00408) ) | |
| *County of Rensselaer v. Abbott Labs, et al.* ) | |
| (N.D.N.Y. No. 05-CV-00422) ) | |
| *County of Albany  v. Abbott Labs, et al* ) | |
| (N.D.N.Y. No. 05-CV-00425) ) | |

[Caption Continues on Next Page]

## ANSWER OF DEFENDANTS
## PAR PHARMACEUTICAL COMPANIES, INC. AND
## PAR PHARMACEUTICAL, INC. TO PLAINTIFFS'
## REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of  Warren v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene  v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia  v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango  v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of  Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of  Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of  Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of  Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )

*County of Yates v. Abbott Labs, et al.*                )
(W.D.N.Y. No. 05-CV-06172)                              )
*County of Niagara v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06296)                              )
*County of Seneca v. Abbott Labs, et al.*               )
(W.D.N.Y. No. 05-CV-06370)                              )
*County of Orleans v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06371)                              )
*County of Ontario v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06373)                              )
*County of Schuyler  v. Abbott Labs, et al.*            )
(W.D.N.Y. No. 05-CV-06387)                              )
*County of Steuben v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06223)                              )
*County of Chemung v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06744)                              )
                       AND                )
*County of Nassau v. Abbott Labs, et al.*               )
(E.D.N.Y. No. 04-CV-5126)                               )
                                                        )

Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par") hereby answers the Revised First Amended Complaint as follows:

1.      Par admits that Plaintiffs purport to bring this action as alleged in Paragraph 1. Par denies that it has engaged in any fraudulent or misleading schemes.  Par admits that attached to the Revised First Amended Consolidated Complaint as Exhibit B1-B40 are charts that purport to contain examples of defendants' drugs and to identify, among other things, the NDC, drug name, and certain pricing information from 1992 to 2005 with respect to those drugs.  Par denies the remaining allegations in Paragraph 1 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 1 of the Revised First Amended Consolidated Complaint that relate to other defendants.

2.      Par states that New York Social Services Law §§ 367-a, 368-a, and 42 U.S.C. § 1396d(b) speak for themselves.  Par admits that attached to the Revised First Amended Consolidated Complaint as Exhibit A is a chart that purports to summarize Plaintiffs' actions against defendants.  Par denies the contents of Exhibit A as they relate to Par.  Par is not required to respond to the allegations in Exhibit A of the Revised First Amended Consolidated Complaint that relate to other defendants.  Par is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

3.      Par states that New York Social Services Law § 367-a(9), 42 U.S.C. § 1396r-8, and 56 FR 7049 speak for themselves.  Par admits that attached to the Revised First amended Consolidated Complaint as Exhibit E is what Plaintiffs purport to be a copy of the current standard Model Rebate Agreement.  Par states that Exhibit E speaks for itself.  Par is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 3 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

4.     Par denies the allegations in Paragraph 4 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 4 of the Revised First Amended Consolidated Complaint that relate to other defendants.

5.     Par states that 42 C.F.R. § 447.331 speaks for itself.  The remaining allegations in Paragraph 5 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

6.     Par states that New York Social Services Law § 367-a(9) speaks for itself.  The remaining allegations in Paragraph 6 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

7.     Par states that New York Social Services Law § 367-a(9) speaks for itself.  The remaining allegations in Paragraph 7 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

8.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

9.     Par denies the allegations in Paragraph 9 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 9 of the Revised First Amended Consolidated Complaint that relate to other defendants.

10.    Par admits that it has submitted the AWP of particular products to one or more pricing compendia.  Par admits that it establishes a WAC in its dealings with certain customers,

and that the WAC is often a reference point for certain discounts and other price reductions. Except as thus expressly admitted, Par denies the allegations in Paragraph 10 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 10 of the Revised First Amended Consolidated Complaint that relate to other defendants.

11.   Par denies the allegations in Paragraph 11 of the Revised First Amended Consolidated Complaint as they relate to Par's products.  Par is not required to respond to the allegations in Paragraph 11 of the Revised First Amended Consolidated Complaint that relate to other defendants.

12.   Par denies the allegations in Paragraph 12 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 12 of the Revised First Amended Consolidated Complaint that relate to other defendants.

13.   Par denies the allegations in the first sentence of Paragraph 13 of the Revised First Amended Consolidated Complaint.  Par states that 42 C.F.R. § 447.332 speaks for itself.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

14.   Par denies the allegations in Paragraph 14 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 14 of the Revised First Amended Consolidated Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Revised First Amended Consolidated Complaint.

15.   Par denies the allegations in Paragraph 15 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 15 of the Revised First Amended Consolidated Complaint that relate to other defendants.

16.   Par denies the allegations in Paragraph 16 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 16 of the Revised First Amended Consolidated Complaint that relate to other defendants.

17.   Par is without knowledge or information sufficient to form a belief as to the truth of what incentivizes Medicaid Pharmacy Providers.  Par denies the remaining allegations in Paragraph 17 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 17 of the Revised First Amended Consolidated Complaint that relate to other defendants.

18.   Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

19.   Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

20.   Par states that the Wall Street Journal article appearing on March 31, 2003 at A1 speaks for itself.

21.   Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

22.   Par admits that certain wholesalers establish formularies.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

23.   Par denies the allegations in Paragraph 23 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 23 of the Revised First Amended Consolidated Complaint that relate to other defendants.

24.   Par denies the allegations in the first sentence of Paragraph 24 of the Revised First Amended Consolidated Complaint as they relate to Par.  The remaining allegations in Paragraph 24 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

25.   Par denies the allegations in Paragraph 25 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 25 of the Revised First Amended Consolidated Complaint that relate to other defendants.

26.   Par admits that on average there is more divergence between prices net of all rebates and discounts and the AWP for generic drugs than for brand name drugs.  Par states that the September 16, 2002 report by the Department of Health and Human Services referenced in Paragraph of the Revised First Amended Consolidated Complaint speaks for itself.

27.   Par states that the statement of Chairman Joe Barton during the hearing on Medicaid Prescription Drug Reimbursement speaks for itself.

28.   Par denies that it engaged in any fraud.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

29.   Par denies that it engaged in any unlawful conduct and denies the allegations in the fourth sentence of Paragraph 29 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 29 of the Revised First Amended Consolidated Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

30.   Par is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Counties' investigation, and on that basis denies them.  Par denies the remaining allegations in Paragraph 30 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 30 of the Revised First Amended Consolidated Complaint that relate to other defendants.

31.   Par states that 42 U.S.C. § 1396r-8 and New York Social Services Law § 367 speak for themselves.  The remaining allegations in Paragraph 31 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

32.   Par denies the allegations in Paragraph 32 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 32 of the Revised First Amended Consolidated Complaint that relate to other defendants.

33.   Par states that 42 U.S.C. § 1396r-8 speaks for itself.  The allegation in the last sentence of Paragraph 33 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 33 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is

- 6 -

not required to respond to the allegations in Paragraph 33 of the Revised First Amended Consolidated Complaint that relate to other defendants.

34.   Par states that the March 27, 2001 report issued by the Department of Health and Human Services speaks for itself.

35.   The allegations in Paragraph 35 of the Revised First Amended Consolidated Complaint do not require a response from Par because they relate exclusively to other defendants.

36.   Par denies the allegations in the first sentence of Paragraph 36 of the Revised First Amended Consolidated Complaint as they relate to Par.  The remaining allegations in Paragraph 36 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

37.   Par denies the allegations in the first sentence of Paragraph 37 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 37 of the Revised First Amended Consolidated Complaint that relate to other defendants.  Par admits that Plaintiffs purport to bring this action as alleged in Paragraph 37 of the Revised First Amended Consolidated Complaint but denies that Plaintiffs are entitled to any relief.

38.   Par admits that Plaintiffs purport to bring this action as alleged in Paragraph 38 of the Revised First Amended Consolidated Complaint.

39.   Par states that 28 U.S.C. §§ 1331 and 1367, 42 U.S.C. §§ 1396 *et seq.* and 1396r-8 speak for themselves.  The remaining allegations in Paragraph 39 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

40.   Par states that 28 U.S.C. §§ 1391 and 1407 speak for themselves.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence of Paragraph 40 of the Revised First Amended Consolidated Complaint, and on that basis denies them. The remaining allegations in Paragraph 40 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

41.  Par admits that the City of New York and every County represented by Kirby McInerney & Squire, LLP are municipal organizations pursuant to the laws of the State of New York, and states that New York Social Services Law §§ 367-a and 368-a speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

42.  Par admits that the County of Nassau is a municipal organization pursuant to the laws of the State of New York, and states that New York Social Services Law §§ 367-68 speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

42A.   Par admits that the County of Orange is a municipal organization pursuant to the laws of the State of New York, and states that New York Social Services Law §§ 367-68 speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42A of the Revised First Amended Consolidated Complaint, and on that basis denies them.

43.  Par admits that Plaintiffs purport to bring this action as alleged in Paragraph 43 of the Revised First Amended Consolidated Complaint.

44.  Par admits that it is a drug manufacturer that transacts business in the State of New York. Par denies the remaining allegations in Paragraph 44 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in

Paragraph 44 of the Revised First Amended Consolidated Complaint that relate to other defendants.

45.   The allegations in Paragraph 45 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

46.   The allegations in Paragraph 46 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

47.   The allegations in Paragraph 47 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

48.   The allegations in Paragraph 48 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

49.   The allegations in Paragraph 49 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

50.   The allegations in Paragraph 50 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

51.   The allegations in Paragraph 51 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

52. The allegations in Paragraph 52 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

53. The allegations in Paragraph 53 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

54. The allegations in Paragraph 54 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

55. The allegations in Paragraph 55 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

56. The allegations in Paragraph 56 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

57. The allegations in Paragraph 57 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

58. The allegations in Paragraph 58 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

59. The allegations in Paragraph 59 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

60.   The allegations in Paragraph 60 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

61.   The allegations in Paragraph 61 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

62.   The allegations in Paragraph 62 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

63.   The allegations in Paragraph 63 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

64.   The allegations in Paragraph 64 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

65.   The allegations in Paragraph 65 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

66.   The allegations in Paragraph 66 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

67.   The allegations in Paragraph 67 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

68. The allegations in Paragraph 68 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

69. The allegations in Paragraph 69 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

70. The allegations in Paragraph 70 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

71. The allegations in Paragraph 71 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

72. The allegations in Paragraph 72 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

73. Par admits the allegations in the first sentence of Paragraph 73(a) of the Revised First Amended Consolidated Complaint. Par admits that Plaintiffs purport to bring this action as alleged in the second sentence of Paragraph 73(a). Par admits the allegations in Paragraph 73(b) of the Revised First Amended Consolidated Complaint.

74. The allegations in Paragraph 74 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

75.   The allegations in Paragraph 75 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

76.   The allegations in Paragraph 76 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

77.   The allegations in Paragraph 77 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

78.   The allegations in Paragraph 78 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

79.   The allegations in Paragraph 79 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

80.   The allegations in Paragraph 80 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

81.   The allegations in Paragraph 81 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

82.   The allegations in Paragraph 82 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

- 13 -

83.   The allegations in Paragraph 83 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

84.   The allegations in Paragraph 84 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to another defendant.

85.   The allegations in Paragraph 85 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

86.   The allegations in Paragraph 86 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

87.   The allegations in Paragraph 87 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

88.   The allegations in Paragraph 88 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

89.   Par states that 42 U.S.C. §§ 1396 *et seq.* speak for themselves.  The remaining allegations in Paragraph 89 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

90.   Par states that New York Social Services Law §§ 363 *et seq.*, 42 U.S.C. § 1396a, and 42 C.F.R. §§ 433.32 and 433.33 speak for themselves.  The remaining allegations in

Paragraph 90 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

91.   Par states that New York Social Services Law § 368-a and 42 U.S.C. § 1396 speak for themselves.  The remaining allegations in Paragraph 91 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

92.   Par states that 42 U.S.C. §§ 1396a(a)(25)(A), (B) and 1396b(d)(3)(A) and New York Social Services Law § 145-b(2) speak for themselves.

93.   Par states that New York Social Services Law § 367-a(9)(b)(i) speaks for itself.

94.   Par states that New York Social Services Law § 367-a(9)(c) speaks for itself.

95.   Par states that New York Social Services Law § 367-a(9)(b)(ii) speaks for itself. The remaining allegations in Paragraph 95 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

96.   Par states that New York Social Services Law § 367-a(9)(b)(ii) and New York Laws 2003, Chapter 62, Part Z2 speak for themselves.

97.   Par states that New York Social Services Law §§ 367-a(9)(b)(ii) and (e) and New York Laws 2004, Chapter 58, Part C, § 36 speak for themselves.

98.   Par states that New York Social Services Law § 367-a(9)(d) speaks for itself.

99.   Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

100. Par admits the allegations in Paragraph 100 of the Revised First Amended Consolidated Complaint.

101. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

102. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

103. Par states that the List of Medicaid Reimbursable Drugs speaks for itself.

104. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

105. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

106. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

107. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

108. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

109. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

110. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

111. Par states that New York Social Services Law § 367-a(9)(a) speaks for itself. The remaining allegations in Paragraph 111 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

112. Par admits that pharmaceutical industry pricing publications periodically report AWPs for certain pharmaceutical products, but otherwise denies the allegations in the first sentence of Paragraph 112 of the Revised First Amended Consolidated Complaint. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

113. Par states that Representative Henry Waxman's statement during the December 2004 hearings on Medicaid pricing practices speaks for itself. Par denies the remaining allegations in Paragraph 113 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 113 of the Revised First Amended Consolidated Complaint that relate to other defendants.

114. Par states that the HHS OIG's April 2003 compliance program guidance speaks for itself. Par denies the remaining allegations in Paragraph 114 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in

Paragraph 114 of the Revised First Amended Consolidated Complaint that relate to other defendants.

115. Par states that the HHS OIG's April 2003 compliance program guidance speaks for itself.

116. Par states that 42 U.S.C. § 1396r-8 speaks for itself.  The remaining allegations in Paragraph 116 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

117. Par states that 42 U.S.C. §§ 1396r-8(c)(1)-(2) and New York Social Services Law § 367(a)(7)(d) speak for themselves.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

118. Par states that 42 U.S.C. §§ 1396r-8(b)(1)(A), (c)(3) and New York Social Services Law § 367(a)(7)(d) speak for themselves.  The remaining allegations in Paragraph 118 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

119. Par states that 42 U.S.C. § 1396r-8(c)(2) speaks for itself.  The remaining allegations in Paragraph 119 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

120. Par states that 42 U.S.C. § 1396r-8(c)(1)(C)(i) speaks for itself.  The remaining allegations in Paragraph 120 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

121. Par states that 42 U.S.C. § 1396r-8(c)(1)(C)(ii) speaks for itself.  The remaining allegations in Paragraph 121 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

122. Par states that 42 U.S.C. § 1396r-8(k)(1) speaks for itself. The remaining allegations in Paragraph 122 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

123. Par states that H.R. Rep. No. 101-881 at 96-8(1990) and U.S.C.C.A.N. 1990, 2017, 2108-10 speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

124. Par states that New York Social Services Law § 367-a(7)(d) speaks for itself. The remaining allegations in Paragraph 124 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

125. The allegations in the first sentence of Paragraph 125 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

126. Par states that 42 U.S.C. §§ 1396r-8(b)(3)(A), (D) speak for themselves. The remaining allegations in Paragraph 126 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

127. Par states that 42 U.S.C. § 1396r-8(b)(2) speaks for itself. The remaining allegations in Paragraph 127 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

128. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

- 19 -

129.  Par states that the United States' amicus curiae brief in *In re: Pharmaceutical Industry Average Wholesale Price Litigation* and 42 U.S.C. § 1396r-8(b)(3)(D) speak for themselves.

130.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

131.  Par states that the Model Rebate Agreement speaks for itself.  The remaining allegations in Paragraph 131 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

132.  Par admits that it executed a Rebate Agreement with the Secretary of Health and Human Services and states that the Rebate Agreement speaks for itself.

133.  Par states that the Model Rebate Agreement speaks for itself.

134.  Par states that the Model Rebate Agreement speaks for itself.

135.  Par states that the Model Rebate Agreement speaks for itself.

136.  Par states that the Model Rebate Agreement speaks for itself.

137.  Par states that New York Social Services Law §§ 56, 61-62 speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

138.  Par states that 42 U.S.C. § 1396a(a)(25)(A) speaks for itself.

139.  Par states that 42 U.S.C. § 1396a(a)(25)(B) speaks for itself.  The remaining allegations in Paragraph 139 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

140. Par states that New York Social Services Law § 1396r-8(c)(ii) speaks for itself. The remaining allegations in Paragraph 140 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

141. Par states that New York Social Services Law § 145-b speaks for itself. The remaining allegations in Paragraph 141 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

142. Par states that the United States' amicus curiae brief in *In re: Pharmaceutical Industry Average Wholesale Price Litigation* speaks for itself.

143. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

144. Par denies the allegations in Paragraph 144 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 144 of the Revised First Amended Consolidated Complaint that relate to other defendants.

145. Par admits that attached to the Revised First Amended Consolidated Complaint as Exhibit B are charts that purport to contain examples of defendants' drugs and to identify, among other things, the NDC, drug name, and certain pricing information from 1992 to 2005 with respect to those drugs. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

146. Par states that Exhibit B speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the contents of Exhibit B as it relates to Par, and on that basis denies them.

147. Par states that Exhibit B speaks for itself.

148. Par denies the allegations in Paragraph 148 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 148 of the Revised First Amended Consolidated Complaint that relate to other defendants.

149. Par denies the allegations in Paragraph 149 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 149 of the Revised First Amended Consolidated Complaint that relate to other defendants.

150. Par denies the allegations in Paragraph 150 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 150 of the Revised First Amended Consolidated Complaint that relate to other defendants.

151. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 151 of the Revised First Amended Consolidated Complaint, and on that basis denies them. Par is not required to respond to the remaining allegations in Paragraph 151 of the Revised First Amended Consolidated Complaint that relate to other defendants.

152. Par denies the allegations in Paragraph 152 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 152 of the Revised First Amended Consolidated Complaint that relate to other defendants.

153. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

154. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

155. Par denies the allegations in Paragraph 155 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 155 of the Revised First Amended Consolidated Complaint that relate to other defendants.

156. Par admits that chargebacks are payments that it makes to wholesalers to compensate the wholesaler for its sales of Par's drugs to indirect purchasers. Par denies the remaining allegations in Paragraph 156 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 156 of the Revised First Amended Consolidated Complaint that relate to other defendants.

157. Par admits that it pays certain discounts to wholesalers. Par denies the remaining allegations in Paragraph 157 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 157 of the Revised First Amended Consolidated Complaint that relate to other defendants.

158. Par denies the allegations in Paragraph 158 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 158 of the Revised First Amended Consolidated Complaint that relate to other defendants.

159. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

160. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

161. Par states that the Wall Street Journal article appearing on March 31, 2003 at A1 speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

162. Par states that the Wall Street Journal article appearing on March 31, 2003 at A1 speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

163. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

164. Par states that the Introduction to the Revised First Amended Consolidated Complaint speaks for itself.

165. Par states that the U.S. Senate Committee on Finance's statement on March 29, 2000 speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

166. Par denies the allegations in Paragraph 166 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 166 of the Revised First Amended Consolidated Complaint that relate to other defendants.

167. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

168. Par admits that it executed a Rebate Agreement and states that the Rebate Agreement speaks for itself.

169. Par denies the allegations in Paragraph 169 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 169 of the Revised First Amended Consolidated Complaint that relate to other defendants.

170. Par denies the allegations in Paragraph 170 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 170 of the Revised First Amended Consolidated Complaint that relate to other defendants.

171. Par denies the allegations in Paragraph 171 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 171 of the Revised First Amended Consolidated Complaint that relate to other defendants.

172. Par states that the Model Rebate Agreement speaks for itself. Par denies the remaining allegations in Paragraph 172 of the Revised First Amended Consolidated Complaint

as they relate to Par.  Par is not required to respond to the allegations in Paragraph 172 of the Revised First Amended Consolidated Complaint that relate to other defendants.

173.  Par states that 42 U.S.C. § 1396r-8(c)(ii) speaks for itself.  Par denies the allegations in the first sentence of Paragraph 173 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the remaining allegations in Paragraph 173 of the Revised First Amended Consolidated Complaint that relate to other defendants.

174.  Par states that the HHS OIG's report speaks for itself.  Par denies the remaining allegations in Paragraph 174 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 174 of the Revised First Amended Consolidated Complaint that relate to other defendants.

175.  Par admits that it has used certain inducements to stimulate sales of its drugs.  Par denies the remaining allegations in Paragraph 175 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 175 of the Revised First Amended Consolidated Complaint that relate to other defendants.

176.  Par states that 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) speaks for itself.  Par denies the remaining allegations in Paragraph 176 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 176 of the Revised First Amended Consolidated Complaint that relate to other defendants.

177.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

178.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 178 of the Revised First Amended Consolidated

Complaint, and on that basis denies them. Par states that the House Committee on Energy and Commerce's June 26, 2003 press release speaks for itself.

179. Par states that the House Committee on Energy and Commerce's June 26, 2003 press release speaks for itself.

180. Par states that the testimony during the hearing on December 7, 2004 speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

181. Par denies the allegations in Paragraph 181 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 181 of the Revised First Amended Consolidated Complaint that relate to other defendants.

182. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

183. Par states that Congressman Stark's September 28, 2000 letter to the president of the Pharmaceutical Research and Manufacturers of America speaks for itself.

184. Par states that Congressman Stark's September 28, 2000 letter to the president of the Pharmaceutical Research and Manufacturers of America speaks for itself.

185. Par states that the Congressional Record of September 28, 2000 speaks for itself. Par denies the remaining allegations in Paragraph 185 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 185 of the Revised First Amended Consolidated Complaint that relate to other defendants.

186. Par states that the September 21, 2000 GAO Report speaks for itself. Par denies the remaining allegations in Paragraph 186 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 186 of the Revised First Amended Consolidated Complaint that relate to other defendants.

187. Par states that the September 21, 2000 GAO Report speaks for itself.

188. Par states that the OIG's 2002 reports speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

189. Par states that the OIG's 2003 report speaks for itself. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

190. Par states that the HHS OIG's March 27, 2001 report speaks for itself. The allegations in the last two sentences of Paragraph 190 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

191. Par states that the HHS OIG's March 27, 2001 report speaks for itself.

192. Par states that the HHS OIG's March 27, 2001 report and the press release issued on April 5, 2001 speak for themselves.

193. Par states that Plaintiffs' defendant-specific allegations speak for themselves.

194. Par states that Plaintiffs' defendant-specific allegations speak for themselves.

195. Par denies the allegations in Paragraph 195 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 195 of the Revised First Amended Consolidated Complaint that relate to other defendants.

196. Par admits that attached to the Revised First Amended Consolidated Complaint as Exhibit A is a chart that purports to summarize Plaintiffs' actions against defendants. Par denies the contents of Exhibit A as they relate to Par. Par is not required to respond to the allegations in Exhibit A of the Revised First Amended Consolidated Complaint that relate to other defendants.

197-603. The allegations in Paragraphs 197-603 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

604. Par admits that Plaintiffs purport to bring this action as alleged in Paragraph 604 of the Revised First Amended Consolidated Complaint. The allegations in the second sentence of Paragraph 604 of the Revised First Amended Consolidated Complaint do not require a response from Par because allegations contained in Exhibit B-30 relate exclusively to other defendants. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 604 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

605. Par denies the allegations in Paragraph 605 of the Revised First Amended Consolidated Complaint. Par further states that the allegations in the second sentence of Paragraph 605 of the Revised First Amended Consolidated Complaint do not require a response from Par because allegations contained in Exhibit B-30 relate exclusively to other defendants.

606. Par admits the allegations in the first sentence of Paragraph 606 of the Revised First Amended Consolidated Complaint. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 604 of the Revised First Amended Consolidated Complaint, and on that basis denies them. Par denies the remaining allegations in Paragraph 606 of the Revised First Amended Consolidated Complaint and further states that the allegations in the last sentence of Paragraph 606 of the Revised First Amended

- 29 -

Consolidated Complaint do not require a response from Par because allegations contained in Exhibit B-30 relate exclusively to other defendants.

607. Par admits that Massachusetts, Alabama, Illinois, and Kentucky have also brought suits against it. Par denies that it engaged in any wrongful conduct and denies the remaining allegations in Paragraph 607 of the Revised First Amended Consolidated Complaint.

608. Par states that Illinois's and Kentucky's allegations speak for themselves.

609. Par denies the allegations in Paragraph 609 of the Revised First Amended Consolidated Complaint.

610. Par admits that the Massachusetts Attorney General brought suit against Par and states that the allegations in that suit speak for themselves. Par further states that the allegations in the last sentence of Paragraph 606 of the Revised First Amended Consolidated Complaint relating to Barr do not require a response from Par because they relate exclusively to other defendants.

611. Par denies the allegations in Paragraph 611 of the Revised First Amended Consolidated Complaint.

612. Par states that the Form 10-K it filed with the Securities and Exchange Commission on March 15, 2004 speaks for itself.

613. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 613 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

614. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 614 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

615-769.  The allegations in Paragraphs 615-769 of the Revised First Amended Consolidated Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

770.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 770 of the Revised First Amended Consolidated Complaint, and on that basis denies them.  Par denies the remaining allegations in Paragraph 770 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 770 of the Revised First Amended Consolidated Complaint that relate to other defendants.

771.  Par denies the remaining allegations in Paragraph 771 of the Revised First Amended Consolidated Complaint.

772.  Par admits that Plaintiffs purport to bring this action as alleged in the first sentence of Paragraph 772 of the Revised First Amended Consolidated Complaint.  Par denies the remaining allegations in Paragraph 772 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 772 of the Revised First Amended Consolidated Complaint that relate to other defendants.

773.  Par denies the allegations in Paragraph 773 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 773 of the Revised First Amended Consolidated Complaint that relate to other defendants.

774.  Par denies the allegations in Paragraph 774 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 774 of the Revised First Amended Consolidated Complaint that relate to other defendants.

775.  Par denies the allegations in Paragraph 775 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 775 of the Revised First Amended Consolidated Complaint that relate to other defendants.

776.  Par denies the allegations in Paragraph 776 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 776 of the Revised First Amended Consolidated Complaint that relate to other defendants.

777.  Par denies the allegations in Paragraph 777 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 777 of the Revised First Amended Consolidated Complaint that relate to other defendants.

778.  Par denies the allegations in Paragraph 778 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 778 of the Revised First Amended Consolidated Complaint that relate to other defendants.

779.  Par denies the allegations in Paragraph 779 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 779 of the Revised First Amended Consolidated Complaint that relate to other defendants.

780.  Par denies the allegations in Paragraph 780 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 780 of the Revised First Amended Consolidated Complaint that relate to other defendants.

781. Par denies the allegations in Paragraph 781 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 781 of the Revised First Amended Consolidated Complaint that relate to other defendants.

782. Par denies the allegations in Paragraph 782 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 782 of the Revised First Amended Consolidated Complaint that relate to other defendants.

783. Par denies the allegations in Paragraph 783 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 783 of the Revised First Amended Consolidated Complaint that relate to other defendants.

784. Par denies the allegations in Paragraph 784 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 784 of the Revised First Amended Consolidated Complaint that relate to other defendants.

785. Par denies the allegations in Paragraph 785 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 785 of the Revised First Amended Consolidated Complaint that relate to other defendants.

786. Par states that Barbara Ryan's statement in *The Pink Sheet* 2004/2005 Almanac speaks for itself.

787.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 787 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

788.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 788 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

789.  Par denies that it engaged in any fraudulent conduct or concealment.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 789 of the Revised First Amended Consolidated Complaint, and on that basis denies them.  The remaining allegations in Paragraph 789 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

790.  The allegations in Paragraph 790 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 790 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 790 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT I

791.  Par incorporates its responses to the allegations in Paragraphs 1-790 as if fully set forth herein.

792.  Par admits the allegations in Paragraph 792 as they relate to Par.  Par is not required to respond to the allegations in Paragraph 792 of the Revised First Amended Consolidated Complaint that relate to other defendants.

793. Par admits that it entered into a rebate agreement with the Medicaid program and states that the rebate agreement and 42 U.S.C. § 1396r-8 speak for themselves. The remaining allegations in Paragraph 793 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

794. Par denies the allegations in Paragraph 794 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 794 of the Revised First Amended Consolidated Complaint that relate to other defendants.

795. The allegations in Paragraph 795 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 795 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 795 of the Revised First Amended Consolidated Complaint that relate to other defendants.

796. Par denies the allegations in Paragraph 796 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 796 of the Revised First Amended Consolidated Complaint that relate to other defendants.

797. Par denies the allegations in Paragraph 797 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 797 of the Revised First Amended Consolidated Complaint that relate to other defendants.

798. Par denies the allegations in Paragraph 798 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in

Paragraph 798 of the Revised First Amended Consolidated Complaint that relate to other defendants.

799.  The allegations in Paragraph 799 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 799 of the Revised First Amended Consolidated Complaint.

800.  Par denies the allegations in Paragraph 800 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 800 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT II

801.  Par incorporates its responses to the allegations in Paragraphs 1-800 as if fully set forth herein.

802.  Par admits the allegations in Paragraph 802 as they relate to Par.  Par is not required to respond to the allegations in Paragraph 802 of the Revised First Amended Consolidated Complaint that relate to other defendants.

803.  Par states that New York Social Services Law § 367-a(7)(d) speaks for itself.  The remaining allegations in Paragraph 803 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

804.  Par denies the allegations in Paragraph 804 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 804 of the Revised First Amended Consolidated Complaint that relate to other defendants.

805.  The allegations in Paragraph 805 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 805 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 805 of the Revised First Amended Consolidated Complaint that relate to other defendants.

806.  Par denies the allegations in Paragraph 806 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 806 of the Revised First Amended Consolidated Complaint that relate to other defendants.

807.  The allegations in Paragraph 807 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 807 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 807 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT III

808.  Par incorporates its responses to the allegations in Paragraphs 1-807 as if fully set forth herein.

809.  Par states that New York Social Services Law § 145-b speaks for itself.

810.  Par denies the allegations in Paragraph 810 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 810 of the Revised First Amended Consolidated Complaint that relate to other defendants.

811.  The allegations in Paragraph 811 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 811 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 811 of the Revised First Amended Consolidated Complaint that relate to other defendants.

812.  Par denies the allegations in Paragraph 812 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 812 of the Revised First Amended Consolidated Complaint that relate to other defendants.

813.  The allegations in Paragraph 813 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 813 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 813 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT IV

814.  Par incorporates its responses to the allegations in Paragraphs 1-813 as if fully set forth herein.

815.  Par states that 18 N.Y.C.R.R. § 515.2(b)(4) speaks for itself.  The remaining allegations in Paragraph 815 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

816. Par states that 18 N.Y.C.R.R. § 515.2(b)(5) speaks for itself. The remaining allegations in Paragraph 816 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

817. The allegations in Paragraph 817 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 817 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 817 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT V

818. Par incorporates its responses to the allegations in Paragraphs 1-817 as if fully set forth herein.

819. Par admits that it entered into a rebate agreement with the Secretary of HHS and states that the rebate agreement and 42 U.S.C. § 1396r-8 speak for themselves. The remaining allegations in Paragraph 819 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

820. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 820 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

821. Par states that 42 U.S.C. § 1396a(a)(25)(A) speaks for itself.

822. Par states that 42 U.S.C. § 1396a(a)(25)(B) speaks for itself. The remaining allegations in Paragraph 822 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

823. Par states that New York Social Services Law §§ 145-b, 145-(b)(2), 360a, 363 speaks for itself.  The remaining allegations in Paragraph 823 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

824. Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 824 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

825. Par states that New York Social Services Law § 367-a(7)(d) speaks for itself.

826. The allegations in Paragraph 826 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 826 of the Revised First Amended Consolidated Complaint.

827. Par states that the rebate agreements speak for themselves.  The remaining allegations in Paragraph 827 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.

828. Par denies the allegations in Paragraph 828 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 828 of the Revised First Amended Consolidated Complaint that relate to other defendants.

829. Par denies the allegations in Paragraph 829 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 829 of the Revised First Amended Consolidated Complaint that relate to other defendants.

830. The allegations in Paragraph 830 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response

is required, Par denies the allegations in Paragraph 830 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 830 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT VI

831.  Par incorporates its responses to the allegations in Paragraphs 1-830 as if fully set forth herein.

832.  Par denies the allegations in Paragraph 832 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 832 of the Revised First Amended Consolidated Complaint that relate to other defendants.

833.  Par denies the allegations in Paragraph 833 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 833 of the Revised First Amended Consolidated Complaint that relate to other defendants.

834.  The allegations in Paragraph 834 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Par denies the allegations in Paragraph 834 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 834 of the Revised First Amended Consolidated Complaint that relate to other defendants.

835.  Par states that New York Social Services Law §§ 367-b, 363-b(2) speak for themselves.  Par denies the remaining allegations in Paragraph 835 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the

allegations in Paragraph 835 of the Revised First Amended Consolidated Complaint that relate to other defendants.

836. Par states that New York Social Services Law §§ 363 speaks for itself. Par denies the remaining allegations in Paragraph 836 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 836 of the Revised First Amended Consolidated Complaint that relate to other defendants.

837. The allegations in the first sentence of Paragraph 837 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 837 of the Revised First Amended Consolidated Complaint, and on that basis denies them.

838. Par denies the allegations in Paragraph 838 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 838 of the Revised First Amended Consolidated Complaint that relate to other defendants.

839. The allegations in Paragraph 839 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 839 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 839 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT VII

840. Par incorporates its responses to the allegations in Paragraphs 1-839 as if fully set forth herein.

841. The allegations in Paragraph 841 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 841 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 841 of the Revised First Amended Consolidated Complaint that relate to other defendants.

842. The allegations in Paragraph 842 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 842 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 842 of the Revised First Amended Consolidated Complaint that relate to other defendants.

843. Par denies the allegations in Paragraph 843 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 843 of the Revised First Amended Consolidated Complaint that relate to other defendants.

844. Par states that New York Social Services Law § 366-b speaks for itself.

845. The allegations in Paragraph 845 of the Revised First Amended Consolidated Complaint state legal conclusions to which a response is not required. To the extent a response is required, Par denies the allegations in Paragraph 845 of the Revised First Amended Consolidated Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 845 of the Revised First Amended Consolidated Complaint that relate to other defendants.

## COUNT VIII

846.  Par incorporates its responses to the allegations in Paragraphs 1-845 as if fully set forth herein.

847.  Par denies the allegations in Paragraph 847 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 847 of the Revised First Amended Consolidated Complaint that relate to other defendants.

848.  Par denies the allegations in Paragraph 848 of the Revised First Amended Consolidated Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 848 of the Revised First Amended Consolidated Complaint that relate to other defendants.

849.  Par denies that Plaintiffs are entitled to any relief.

850-858.  Par denies that any relief is appropriate.

* * *

Par denies all allegations in the Complaint (including headings) not specifically admitted above.

* * *

Par sets forth the following affirmative and other defenses.  Par does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  Par reserves the right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

## FIRST DEFENSE

1.       Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

2.      Plaintiff's claims are barred by the doctrines of unclean hands, estoppel,

ratification, and waiver.

## THIRD DEFENSE

3.      Plaintiff's claims are barred because of the failure to join indispensable parties.

## FOURTH DEFENSE

4.      Plaintiff's claims are barred in whole or in part by the defense of laches.

## FIFTH DEFENSE

5.      Plaintiff's claims are barred by the failure to exhaust applicable administrative

remedies.

## SIXTH DEFENSE

6.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of

limitations.

## SEVENTH DEFENSE

7.      Plaintiff's claims are barred by the failure to mitigate damages.

## EIGHTH DEFENSE

8.      Plaintiff's claims are barred in whole or in part by the failure to comply with

applicable statutes and regulations.

## NINTH DEFENSE

9.      Plaintiff's claims are preempted in whole or in part by federal law.

## TENTH DEFENSE

10.     Plaintiff's claims are barred because they require resolution of a nonjusticiable

controversy.

## ELEVENTH DEFENSE

11.     Plaintiff fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

12.     Plaintiff's claims are barred in whole or in part because the amounts claimed as damages were voluntary payments by the Counties.

## THIRTEENTH DEFENSE

13.     Par pleads all procedural and substantive limitations to the imposition of punitive damages.

## FOURTEENTH DEFENSE

14.     The imposition of punitive damages violates the excessive fines provisions and Due Process and Equal Protection Clauses of the United States Constitution and the Constitution, common law, and public policies of the State of New York.

## FIFTEENTH DEFENSE

15.     Should Par be held liable to Plaintiff, which liability is specifically denied, applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Par.

## SIXTEENTH DEFENSE

16.     Should Par be held liable to Plaintiff, which liability is specifically denied, Par is entitled to a set off in an amount to be determined by the trier of fact.

## SEVENTEENTH DEFENSE

17.     Plaintiff lacks standing or capacity to bring some or all of the claims asserted.

## EIGHTEENTH DEFENSE

18.     Plaintiff's claims against Par are misjoined with Plaintiff's claims against other defendants and must be severed.

## NINETEENTH DEFENSE

19.     Plaintiff's claims against Par are barred in whole or in part because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTIETH DEFENSE

20.     Par's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

## TWENTY-FIRST DEFENSE

21.     Plaintiff's claims are barred in whole or in part by the filed rate doctrine.

## TWENTY-SECOND DEFENSE

22.     The Counties' claims are barred, in whole or in part, because any injuries sustained by the Counties were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-THIRD DEFENSE

23.     The comparative negligence or responsibility of all parties causing or contributing to Plaintiff's damages, if any, should be compared and Plaintiff's damages reduced in proportion to its own responsibility therefore.  Further, to the extent that Plaintiff's negligence or responsibility for its own damages equals or exceeds that of Par, Plaintiff should have no recovery from Par.

## TWENTY-FOURTH DEFENSE

24.     The claims alleged herein, based on the facts alleged, are barred in whole or in part by the Counties' own negligence or gross negligence.

## TWENTY-FIFTH DEFENSE

25.     The Counties and/or its agents knew and were aware that AWP was not an average wholesale price or the actual acquisition cost of drugs.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clauses of the U.S. Constitution and the New York Constitution preclude the Counties from bringing claims and seeking damages as alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

26.     Some or all of the Counties' claims against Par arise from the Counties' failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## TWENTY-SEVENTH DEFENSE

27.     All actions taken by Par with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TWENTY-EIGHTH DEFENSE

28.     The Counties' reimbursement rates for drugs for Medicaid recipients were filed with, reviewed by, and approved by a federal regulatory agency with authority to do so under the Medicaid Act.  Actions in a state court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court directed, precluded by the Supremacy Clause.  This action is barred by the Supremacy Clause of the United States Constitution.

## TWENTY-NINTH DEFENSE

29.     The Counties' claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## THIRTIETH DEFENSE

30.     The Counties' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## THIRTY-FIRST DEFENSE

31.     The Counties' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Par.

## THIRTY-SECOND DEFENSE

32.     The Counties' claims against Par are barred because Par has complied with all applicable regulations of the federal and state governments.

## THIRTY-THIRD DEFENSE

33.     To the extent that the Counties obtain, or are barred from, recovery in any other case predicated on the same factual allegations, the Counties are barred from seeking recovery against Par based on the Complaint pursuant to the doctrines of claim preclusion and issue preclusion.

## THIRTY-FOURTH DEFENSE

34.     The Attorney General may lack authorization to bring this action on behalf of the Counties.

## THIRTY-FIFTH DEFENSE

35.     To the extent that the Counties attempt to seek equitable relief against Par, the Counties are not entitled to such relief because the State has an adequate remedy at law.

### THIRTY-SIXTH DEFENSE

36.     The Counties did not rely on the allegedly fraudulent statements or representations of Par.

### THIRTY-SEVENTH DEFENSE

37.     Any alleged misconduct by Par was not a substantial factor in the Counties' purchase or reimbursement of any prescription medications.

### THIRTY-EIGHTH DEFENSE

38.     The Counties' claims against Par for damages are barred, in whole or in part, because such damages are speculative and remote.

### THIRTY-NINTH DEFENSE

39.     The Counties' unjust enrichment claims are barred, in whole or in part, because Par did not collect or retain any money belonging to the Counties as a result of any alleged overpayments.

### FORTIETH DEFENSE

40.     The Counties' unjust enrichment claims are barred because Par has not accepted or retained any benefits under circumstances where it would be inequitable for Par to do so.

### FORTY-FIRST DEFENSE

41.     The Counties' claims against Par for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### FORTY-SECOND DEFENSE

42.     The Counties' claims are barred, in whole or in part, to the extent that the Counties have released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

## FORTY-THIRD DEFENSE

43.     The Counties' claims are barred, in whole or in part, because they violate Par's rights under the Due Process and Ex Post Facto clauses of the United States Constitution and New York Constitution, insofar as the Counties seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FORTY-FOURTH DEFENSE

44.     The Counties' claims against Par are barred in whole or in part by the existence and terms of the written rebate agreement between Par and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all certain States, including New York, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. § 1369r-8.

## FORTY-FIFTH DEFENSE

45.     The Counties' claims against Par are barred in whole or in part by the Counties' quarterly receipt of data, known as Unit Rebate Amounts ("URAs"), which were derived from pricing data provided by Par to the Centers for Medicare and Medicaid Services ("CMS").

## FORTY-SIXTH DEFENSE

46.     The Counties' claims against Par are barred in whole or in part by the municipal cost recovery rule, which prevents recovery of the cost of public services by claiming that the negligence of a particular defendant caused a governmental unit to provide such services.

## FORTY-SEVENTH DEFENSE

47.     The Counties' claims are barred in whole or in part with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed

in whole or in part by a person and/or entity that purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Counties.

## FORTY-EIGHTH DEFENSE

48. Par incorporates, by reference, any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## FORTY-NINTH DEFENSE

49. Par intends to rely upon any other and additional defense that is now or may become available or appear during, or as the result of, the discovery proceedings in this action or any developments in constitutional, statutory, administrative, regulatory, or decisional law, and hereby reserves its right to amend its Answer to assert such defense.

* * *

WHEREFORE, Par prays that this Court: (1) dismiss Plaintiffs' Complaint with prejudice and enter judgment in favor of Par against Plaintiffs; (2) award Par its costs and expenses; and (3) award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Paul Dueffert
Paul K. Dueffert (*pro hac vice*)
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

BOND, SCHOENECK & KING, PLLC

By: /s/ S. Paul Battaglia
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8277
Facsimile: (315) 218-8100

Dated: October 26, 2007

## CERTIFICATE OF SERVICE

I certify that on October 26, 2007, a true and correct copy of the foregoing Answer of Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. to Plaintiffs' Revised First Amended Consolidated Complaint was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                    /s/ Paul K. Dueffert
                                    Paul K. Dueffert