# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | ) MDL NO. 1456<br>) Civil Action No. 01-12257-PBS<br>)<br>) Judge Patti B. Saris |

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00425)

*County of Allegany v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06231)

*County of Broome v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06242)

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06204)

*County of Chemung v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06744)

*County of Chenango v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00867)

[Caption Continues on Next Page]

## ANSWER AND AFFIRMATIVE DEFENSES OF PFIZER INC.
## TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00881)                                )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-06458)                                )

*County of Essex County v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00878)                                )

*County of Fulton v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00519)                                )

*County of Genesee v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06206)                                )

*County of Greene v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00474)                                )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00415)                                )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00715)                                )

*County of Lewis v. Abbott Laboratories, Inc., et al.*    )
(N.D.N.Y. No. 05-CV-00839)                                )

*County of Madison v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00714)                                )

*County of Monroe v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06148)                                )

*County of Nassau v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. 04-CV-5126)                                 )

*County of Niagara v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06296)                                )

*County of Oneida v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00489)                                )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00088)                                )

*County of Ontario v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06373)                                )

*County of Orange v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 07-CV-2777)                                 )

*County of Orleans v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06371)                                )

*County of Putnam v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-04740)                                )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00422)  )

*County of Rockland v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-7055)  )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00478)  )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06387)  )

*County of Seneca v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06370)  )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00479)  )

*County of Steuben v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06223)  )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*  )
(E.D.N.Y. No. CV-03-229)  )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00397)  )

*County of Ulster v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 06-CV-0123)  )

*County of Warren v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00468)  )

*County of Washington v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00408)  )

*County of Wayne v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06138)  )

*County of Westchester v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-6178)  )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 03-CV-6379)  )

AND  )

*County of Yates v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06172)  )

Defendant Pfizer Inc. ("Pfizer"), by and through its attorneys, hereby states as an Answer

and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October

5, 2007, as follows:

## Preface

3

The Plaintiff's Revised First Amended Consolidated Complaint ("Complaint" or "FACC") contains allegations that are vague, ambiguous, inflammatory or otherwise improper. Pfizer responds only to the extent that the Complaint is susceptible to a response and to the extent that Pfizer has information sufficient to form a belief as to the allegations. Except where an allegation is expressly admitted, Pfizer denies each and every allegation in the Complaint. For example, to the extent that "Defendants" are lumped together or an allegation relates to other parties, Pfizer is unable to respond to those allegations and denies them. Pfizer also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

The Complaint also contains purported quotations from a number of sources. In answering allegations consisting of quotations, Pfizer's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Pfizer's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Subject to the foregoing, Pfizer states as follows:

1. Pfizer admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Pfizer denies there is any basis for them to do so and denies that they are entitled to any relief. Pfizer also admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs. To the extent the remaining allegations in Paragraph 1 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs. To the extent the remaining allegations in Paragraph 1 are directed at parties

other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

2.      Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.      Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York and that such rebates lower the amount New York Medicaid pays for Pfizer's prescription drugs.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.      To the extent the allegations in Paragraph 4 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it was involved in "fraudulent schemes," the "manipulation of the Medicaid program" or the "intentional fraudulent inflation" of wholesale prices, or that the Counties' Medicaid Programs were "overcharge[d]."  To the extent the allegations in Paragraph 4 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

5.      To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Pfizer otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Pfizer otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 or its footnote, except Pfizer denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies."

7.      To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Pfizer otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it "control[s] and unlawfully inflates[s]" average wholesale prices ("AWPs") or federal upper limits ("FULs").  To the extent the allegations in Paragraph 9 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

10.      To the extent the allegations in Paragraph 10 are directed at Pfizer, Pfizer denies them, except Pfizer admits that it has provided the wholesale list price of its drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices.  Pfizer specifically denies that it "set[s] AWP."  To the extent the allegations in Paragraph 10 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

11.      To the extent the allegations in Paragraph 11 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

12. To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it has "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia. To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth. Furthermore, Paragraph 12 contains Plaintiffs' characterizations of their own case, and is therefore deemed denied.

13. To the extent the allegations in Paragraph 13 are directed at Pfizer, Pfizer denies them, except Pfizer admits that CMS has established FULs for certain drugs. Pfizer specifically denies that it "control[s] the FUL." To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 13 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

14. To the extent the allegations in Paragraph 14 are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraph 14 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

15. To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

16. — 17. To the extent the allegations in Paragraphs 16-17 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it "submit[s] false and inflated price information to the publishing compendia." Pfizer further denies the characterization of "spread" in Paragraphs 16-17. To the extent the allegations in Paragraphs 16-17 are directed at parties

other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

18. — 19.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19.

20.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.    To the extent the allegations in Paragraph 23 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "secretly polluted the entire reimbursement system with false and inflated prices."  To the extent the allegations in Paragraph 23 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

24.    To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "cause[d] false and inflated published reimbursement prices to issue."  Pfizer further denies the characterization of "spread" in Paragraph 24.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

25.    To the extent the allegations in Paragraph 25 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "create[d], inflate[d], manipulate[d] and market[ed]

the spread for both brand name and generic drugs." To the extent the allegations in Paragraph 25 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

26.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26. To the extent the allegations in Paragraph 26 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27. To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has engaged in "intentional AWP inflation" or "fraud."  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "reported or caused to be reported [] false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system."  To the extent the allegations in Paragraph 29 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has engaged in any "pricing misconduct."  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Pfizer otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Pfizer admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "abused" any Medicaid statute.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

37.     Pfizer admits that the Counties seek the relief listed in Paragraph 37, but Pfizer denies there is any basis for them to do so and denies that they are entitled to any relief.   To the extent the remaining allegations in Paragraph 37 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it has been involved in any "fraudulent and illegal manipulation of drug prices."   To the extent the remaining allegations in Paragraph 37 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

38.     Pfizer admits that the Counties seek to bring this action as alleged in Paragraph 38, but Pfizer denies there is any basis for them to do so and denies that they are entitled to any relief.

39. — 40.     Paragraphs 39-40 state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, Pfizer denies the allegations in Paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. 1407.

41. — 42.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41, 42 and 42A.   To the extent the allegations in Paragraphs 41, 42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

43.     Pfizer denies the allegations in Paragraph 43 and its footnote, and refers to Case Management Order No. 33, ¶¶ 1, 3 (September 14, 2007),  which states which plaintiffs are suing which defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Pfizer, Pfizer denies them, except Pfizer admits that it manufactures and/or sells prescription drugs and that it transacts business in the State and City of New York.  Pfizer specifically denies that it "manufactures, markets and sells prescription drugs with false and inflated wholesale prices." To the extent the allegations in Paragraph 44 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

45.— 73.     The allegations in Paragraphs 45-73 are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-73.

74.     Pfizer denies the Plaintiffs' characterization that it is part of "the Pfizer group." Pfizer has been sued as a separate defendant in this matter and answers only on behalf of Pfizer.

a.     Pfizer admits that it is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, NY.  The remainder of sub-paragraph 74(a) is Plaintiffs' characterization of Pfizer's business and is therefore deemed denied.

b.     The allegations in Paragraph 74(b) are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 74(b).

c.     The allegations in Paragraph 74(c) are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies

knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 74(c).

       d.     The allegations in Paragraph 74(d) are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 74(d).

       75. — 84.     The allegations in Paragraphs 75-84 are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 56-84.

       85. — 88.     The allegations in Paragraphs 85-88 are directed to unknown defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies that it was involved any conspiracy related to drug pricing with either named or unknown defendants.  Pfizer also denies that it has engaged in any "wrongful acts" related to drug pricing.

       89.     With respect to the allegations in Paragraph 89, Pfizer admits that Medicaid was established by Title XIX of the Social Security Act.  Pfizer further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

       90.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Pfizer admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

       91. — 99.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.  To the extent the allegations in

Paragraphs 91-99 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

100.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100,  except admits that national drug codes are assigned to prescription drugs and that the FOA assigns such codes.

101. — 111.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs, and denies that Pfizer has any control over such prices.

113.    To the extent the allegations in Paragraph 113 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "fraudulently conceal[ed]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 113 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

114. — 115.   To the extent the allegations in Paragraphs 114-115 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it has engaged in the "purposeful manipulation of reimbursement prices generally, and AWP in particular."  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including

by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 114-115 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 114-115 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

116. — 123.   With respect to the allegations in Paragraphs 116-123 and their footnotes, Pfizer admits that the Medicaid statute includes a rebate provision, that it has entered into a rebate agreement with the Secretary of Health and Human Services, and that rebates help reduce state Medicaid drug expenditures.  Pfizer further states that the rebate provision speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

124. — 125.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 124-125.  To the extent the allegations in Paragraphs 124-125 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Pfizer denies that the Counties are intended third-party beneficiaries of Medicaid rebate agreements.

126.   With respect to the allegations in Paragraph 126, Pfizer admits it reports Best Prices and AMPs to HHS.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

127. — 130.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130, except admits that it reports Medicaid information to HHS and pays rebates to States.  To the extent the allegations in Paragraphs 127-130 refer to

statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

131.    To the extent the allegations in Paragraph 131 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 131 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

132.    To the extent the allegations in Paragraph 132 are directed at Pfizer, Pfizer admits that it has executed a rebate agreement with HHS.  Pfizer further states that the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 132 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

133. — 136.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

137. — 143.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137-143, except Pfizer denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.  To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

144.    To the extent the allegations in Paragraph 144 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated."  Pfizer further denies the characterization of "spread" in Paragraph 144.  To the extent the allegations in Paragraph 144 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

145. — 149.   With respect to the allegations in Paragraphs 145-149, Pfizer admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "routinely submitted fraudulent prices" to pricing compendia.  Pfizer further denies the characterization of "spread" in Paragraphs 145-149 and Exhibit B.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

150. — 153.   To the extent the allegations in Paragraphs 150-153 are directed at Pfizer, Pfizer denies them.  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

154.    Paragraph 154 purports to contain a statement from HHS OIG, but Pfizer denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

155. — 158.   To the extent the allegations in Paragraphs 155-158 are directed at Pfizer, Pfizer denies them.  Pfizer further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

159. — 165.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Pfizer admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.   To the extent the allegations in Paragraph 166 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "control[s] the published reimbursement prices."  To the extent the allegations in Paragraph 166 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

167.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168. — 172.   To the extent the allegations in Paragraphs 168-172 are directed at Pfizer, Pfizer denies them, except Pfizer admits that it has executed a rebate agreement with HHS. Pfizer further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Pfizer.   In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a

belief as to their truth. To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

173. — 176. To the extent the allegations in Paragraphs 173-176 are directed at Pfizer, Pfizer denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Pfizer. Furthermore, Pfizer resolved, without admitting liability, an investigation by the Office of the Inspector General of the Department of Human Health Services related to the Best Price of Lipitor, and New York participated in the settlement. To the extent the allegations in Paragraphs 173-176 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177. To the extent the allegations in Paragraph 177 are directed at Pfizer, Pfizer denies them, except to the extent admitted in Paragraph 176. To the extent the allegations in Paragraph 177 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

178. — 194. To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 178-194 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

195. To the extent the allegations in Paragraph 195 are directed at Pfizer, Pfizer denies them, except Pfizer admits that its contracts with purchasers sometimes included discounts. To

the extent the allegations in Paragraph 195 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

197. — 614.   The allegations in Paragraphs 197-614 are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-614.

615.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 615 or its footnote or the exhibit referenced therein, except Pfizer denies that it engaged in any "fraud," and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.  Furthermore, Pfizer denies the Plaintiffs' characterization that it is part of "the Pfizer group."  Pfizer has been sued as a separate defendant in this matter and answers only on behalf of Pfizer.

616.    Pfizer denies the allegations in Paragraph 616 and the exhibit referenced therein, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.  Furthermore, Pfizer denies the Plaintiffs' characterization that it is part of "the Pfizer group."  Pfizer has been sued as a separate defendant in this matter and answers only on behalf of Pfizer.

617.    Pfizer denies the allegations in Paragraph 617.  Furthermore, Pfizer denies the Plaintiffs' characterization that it is part of "the Pfizer group."  Pfizer has been sued as a separate defendant in this matter and answers only on behalf of Pfizer.

618. — 620.   The allegations in Paragraphs 618-620 are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 618-620.

621.   Pfizer denies the allegations in Paragraph 621.  Pfizer specifically denies that it engaged in any "wrongful conduct."  Furthermore, Pfizer denies the Plaintiffs' characterization that it is part of "the Pfizer group."  Pfizer has been sued as a separate defendant in this matter and answers only on behalf of Pfizer.

622.   Pfizer admits only that it resolved, without admitting liability, an investigation by the Office of the Inspector General of the Department of Human Health Services related to the Best Price of Lipitor, and New York participated in the settlement.  Pfizer specifically denies that the investigation involved AWP, WAC or a "spread" between the two.  Pfizer further denies Plaintiffs' characterizations of the investigation or any purported findings.

623.   Pfizer admits that it entered into a CIA with the HHS OIG in 2002, but states that it has been superceded by a CIA dated May 2004.  The document speaks for itself, and Pfizer denies Plaintiffs' attempt to characterize it.  Pfizer further admits that it resolved, without admitting liability, an investigation by the Office of Inspector General of the Department of Human Health Services related to the Best Price of Lipitor, and New York participated in the settlement.  Pfizer specifically denies that the investigation involved AWP, WAC or a "spread" between the two.  Pfizer denies the remainder of Paragraph 623 and its subparts, particularly Plaintiffs' characterizations of the CIA, the investigation or any purported findings.

624. — 625.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 624-625, except it admits that it responded to requests for

information in congressional investigations related to "Best Price" for Lipitor.  Pfizer denies Plaintiffs' characterizations of the investigation.

626.    Pfizer admits that it filed a 10-K report with the SEC on March 10, 2004.  The 10-K report speaks for itself, and any characterizations thereof are denied.

627. — 769.  The allegations in Paragraphs 627-769 are directed to other defendants and require no response from Pfizer.  To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 627-769.

770. — 772.   To the extent the allegations in Paragraphs 770-772 are directed at Pfizer, Pfizer denies them, except Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  Pfizer specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 770-772 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

773. — 790.   To the extent the allegations in Paragraphs 773-790 are directed at Pfizer, Pfizer denies them.  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood that AWP does not, and is not intended to, reflect an actual average of wholesale prices.   To the extent the allegations in Paragraphs 773-790 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to The Pink Sheet, that document speaks for itself, and any characterizations thereof are denied.

**COUNT I**

791.    In response to Paragraph 791, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792. — 800.    To the extent the allegations in Paragraphs 792-800 are directed at Pfizer, Pfizer states that the Court has dismissed them.  To the extent that a response is still required, Pfizer denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

801.    In response to Paragraph 801, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802. — 807.    To the extent the allegations in Paragraphs 802-807 are directed at Pfizer, Pfizer states that the Court has dismissed them.  To the extent that a response is still required, Pfizer denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

808.    In response to Paragraph 808, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

810. — 813.    To the extent the allegations in Paragraphs 810-813 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties

other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV

814.    In response to Paragraph 814, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815. — 817.   To the extent the allegations in Paragraphs 815-817 are directed at Pfizer, Pfizer states that the Court has dismissed them.  To the extent that a response is still required, Pfizer denies the allegations as to itself.  To the extent the allegations in Paragraphs 814-817 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT V

818.    In response to Paragraph 818, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819. — 830.   To the extent the allegations in Paragraphs 819-830 are directed at Pfizer, Pfizer states that the Court has dismissed them.  To the extent that a response is still required, Pfizer denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT VI

831.    In response to Paragraph 831, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832. — 835.   To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraphs 832-835 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

836. — 837.   To the extent the allegations in Paragraphs 836-837 are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraphs 836-837 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

838. — 839.   To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.   To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT VII

840.     In response to Paragraph 840, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841. — 843.   To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

844.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.  To the extent the allegations in Paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

845.     To the extent the allegations in Paragraph 845 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

## COUNT VIII

846.     In response to Paragraph 846, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847. — 849.   To the extent the allegations in Paragraphs 847-849 are directed at Pfizer , Pfizer denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their

truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

850. — 858.   Pfizer denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.

**WHEREFORE**, Pfizer demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## PFIZER'S DEFENSES

By alleging the matters set forth below, Pfizer does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled.  As for its affirmative defenses, Pfizer reasserts and reincorporates as if fully set forth herein its responses to paragraphs 1 through 858 above:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Pfizer upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Pfizer.  Plaintiffs knew that providers could obtain Pfizer drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the political question and separation of powers doctrines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Pfizer based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Pfizer in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Pfizer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Pfizer contained in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Pfizer with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pfizer's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pfizer denies that Plaintiffs have valid consumer protection claims against Pfizer under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Pfizer pleads all available defenses under the Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to seek equitable relief against Pfizer, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Pfizer after the filing of the complaint of Suffolk County.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Pfizer are barred, in whole or in part, due to their failure to join indispensable parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Pfizer are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Pfizer.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Pfizer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Pfizer are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Pfizer.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' damages claims against Pfizer cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the

analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Pfizer adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Pfizer hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.


Respectfully submitted,

Dated: October 26, 2007                  /s/ Mark D. Smith

_____
Mark D. Smith (BBO# 542676)
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109
617.367.7984 (telephone)
617.367.6475 (fax)

Attorneys for Defendant *Pfizer Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Laredo, hereby certify that on this 26th day of October 2007, a true and correct copy of the foregoing Answer and Affirmative Defenses of Pfizer Inc. to the Revised First Amended Consolidated Complaint was served on all counsel of record by electronic service pursuant to the Case Management Order entered in this case.


Dated:  October 26, 2007


_____/s/ Mark D. Smith_____
Mark D. Smith