UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | MDL 1456 |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | Master File No. 01-CV-12257-PBS |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | Judge Patti B. Saris |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | **IMMUNEX CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT** |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | |
| *County of Chenango v. Abbott Laboratories,* | |

*Inc., et al.*
(N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00867)

*County of Cortland v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00881)

*County of Dutchess v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-06458)

*County of Essex County v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00878)

*County of Fulton v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00519)

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-00267)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-06054)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

06735-0078/LEGAL13603972.1

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Nassau v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. 04-CV-5126)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04748)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-04224)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

*County of Saratoga v. Abbott Laboratories, Inc., et al.*

3

(N.D.N.Y. No. 05-CV-00478)

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06387)

*County of Seneca v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06370)

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00479)

*County of Steuben v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06223)

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. CV-03-229)

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00397)

*County of Ulster v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 06-CV-0123)

*County of Warren v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00468)

*County of Washington v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00408)

*County of Wayne v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06138)

*County of Westchester v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-6178)

*County of Wyoming v. Abbott Laboratories,*

*Inc., et al.*
(W.D.N.Y. No. 03-CV-6379)

AND

*County of Yates v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06172)

## IMMUNEX CORPORATION'S ANSWER TO
## PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT

Defendant Immunex Corporation ("Immunex"), by and through its attorneys, answers the First Amended Consolidated Complaint ("FACC"), dated October 5, 2007 as follows:

### PRELIMINARY STATEMENT

The FACC improperly and repetitively refers to Immunex, other defendants, and third-parties on a collective basis, failing to plead with requisite particularity allegations against Immunex.  This is insufficient to apprise Immunex of the allegations asserted against it.  Immunex nevertheless attempts to respond to Plaintiffs' allegations to the extent possible.

To the extent the FACC's allegations refer to the knowledge, conduct, or actions of others, Immunex is generally without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies those allegations.  For instance, the FACC improperly joins defendants Immunex and Amgen Inc. ("Amgen") together as the "Amgen Group," even though they are separate corporations and are sued as distinct and separate defendants.  To the extent that the allegations in the FACC are directed to Amgen,

5

no response is required of Immunex.  Immunex states that it is answering Plaintiffs'
allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged
conduct of "defendants" or the "Amgen Group."

The FACC improperly mixes factual allegations with inflammatory rhetoric so as to
make it virtually impossible to respond meaningfully.  Many of the allegations of the FACC
are vague or conclusory.  The FACC also includes terms which are undefined and which are
susceptible to different meanings.

The FACC also contains purported quotations from a number of sources, some of
which are unidentified.  If any of the quotations originate in documents protected by the
attorney-client privilege, the work-product doctrine or the joint-defense privilege, Immunex
reserves the right to assert such privileges, hereby moves to strike such references, and
demands the return of any such documents that Plaintiffs may have in their possession,
custody or control.  In answering allegations consisting of quotations, an admission that the
material quoted was contained in a document or was uttered by the person or entity quoted
shall not constitute an admission that the substantive content of the quotation is or is not true
or that the material is relevant or admissible in this action.

Immunex denies each and every factual allegation contained in the FACC, except as
specifically admitted herein, and any factual averment admitted herein is admitted only as to
the specific facts and not as to any conclusions, characterizations, or implications contained
in any averment or in the FACC as a whole.

06735-0078/LEGAL13603972.1

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.  Immunex numbers its answering paragraphs below to reflect the relevant paragraph or paragraphs in the FACC.

## SPECIFIC RESPONSES

To the extent that the unnumbered paragraph immediately following the Table of Contents (the "FACC's Introductory Paragraph") makes allegations against Immunex, Immunex denies them, except admits that Plaintiffs have made allegations against a number of defendants, including Immunex, as set forth in the FACC.  To the extent that the FACC's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the FACC's Introductory Paragraph are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

1.      Answering paragraph 1, Immunex admits that Plaintiffs purport to bring this action as stated in paragraph 1 but denies that there is any basis for them to do so, and otherwise denies each other or different allegation of paragraph 1.  Immunex specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs.

2.      Answering paragraph 2, Immunex states that the statutes or regulations cited speak for themselves, and characterizations thereof are denied.  Immunex denies the remaining allegations in paragraph 2.

3.      Answering paragraph 3, Immunex admits that it paid rebates to the State of New York and that such rebates lower the prices that New York Medicaid paid for Immunex's medicines.  Immunex further states that the statutes or regulations cited speak for themselves, and characterizations thereof are denied.  Immunex denies the remaining allegations in paragraph 3.

4.      To the extent that the allegations in paragraph 4 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it was involved in "fraudulent schemes," the "manipulation of the Medicaid program," or the "intentional inflation" of wholesale prices, or that the Plaintiffs' Medicaid Programs were "overcharge[d]."  To the extent that the allegations in Paragraph 4 are directed at parties other than Immunex, Immunex has no knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

5.      To the extent that the allegations in paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Immunex denies the remaining allegations in paragraph 5.

6.      To the extent that the allegations in paragraph 6 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Immunex denies the remaining allegations in paragraph 6.

7.      To the extent that the allegations in paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Immunex denies the remaining allegations in paragraph 7.

8.      Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies the allegations.

9.      To the extent the allegations in paragraph 9 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it "control[led] and unlawfully inflate[d]" AWPs or FULs.  To the extent the allegations in paragraph 9 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

10.     To the extent the allegations in paragraph 10 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it "set AWP."  To the extent the allegations in paragraph 10 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

11.     To the extent the allegations in paragraph 11 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 11 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

12.     To the extent the allegations in paragraph 12 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia.  To the extent the allegations in paragraph 12 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

13.     To the extent that the allegations in paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the remaining allegations in paragraph 13 are directed at Immunex, Immunex denies the allegations.  To the extent the remaining allegations in paragraph 13 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

14.     To the extent the allegations in paragraph 14 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 14 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

15.     Immunex admits that Amended Exhibit B to the FACC purports to detail examples of "FUL fraud," but denies the accuracy of the information in Amended Exhibit B relating to Immunex.  Immunex denies the remaining allegations in paragraph 15 to the extent they are directed at Immunex.  To the extent the allegations in paragraph 15 and

Amended Exhibit B are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

16.     To the extent the allegations in paragraph 16 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it submitted "false and inflated price information to the publishing compendia."  To the extent the allegations in paragraph 16 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

17.     To the extent the allegations in paragraph 17 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 17 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

18.     Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies the allegations.

19.     Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies the allegations.

20.     Immunex states that the Wall Street Journal article cited in paragraph 20 is the best evidence of its contents, but does not admit that the contents were accurate when

created.  To the extent the allegations in paragraph 20 include allegations against Immunex, Immunex denies them.

21.     Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies the allegations.

22.     Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies the allegations.

23.     To the extent the allegations in paragraph 23 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies "polluting the entire reimbursement system with false and inflated prices."  To the extent the allegations in paragraph 23 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

24.     To the extent the allegations in paragraph 24 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 24 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

25.     To the extent the allegations in paragraph 25 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 25 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

26.     Immunex states that the HHS OIG report cited in paragraph 26 is the best evidence of its contents, but does not admit that the contents were accurate when created. To the extent the allegations in paragraph 26 include allegations against Immunex, Immunex denies them.

27.     Immunex states that the hearing cited in paragraph 27 is the best evidence of its contents, but does not admit that the contents were accurate when created.  To the extent the allegations in paragraph 27 include allegations against Immunex, Immunex denies them.

28.     To the extent the allegations in paragraph 28 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it has engaged in "intentional AWP inflation" or "fraud."  To the extent the allegations in paragraph 28 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

29.     To the extent the allegations in paragraph 29 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it has "reported or caused to be reported . . . false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system."  To the extent the allegations in paragraph 29 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

30.     To the extent the allegations in paragraph 30 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it has engaged in any "misconduct" relating to "inflated FULs."  To the extent the allegations in paragraph 30 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

31.     Immunex admits that it paid Medicaid rebates as required by law.  To the extent that the remaining allegations in paragraph 31 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Except as expressly admitted, Immunex denies the remaining allegations in paragraph 31.

32.     To the extent the allegations in paragraph 32 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 32 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

33.     To the extent that the allegations in paragraph 33 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the remaining allegations in paragraph 33 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 33 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

34.     Immunex states that the HHS OIG Report cited in paragraph 34 is the best evidence of its contents, but does not admit that the contents were accurate when created. To the extent the allegations in paragraph 34 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 34 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

35.     The allegations in paragraph 35 are directed to defendants other than Immunex and therefore require no response from Immunex.  To the extent the allegations in paragraph 35 are deemed to include allegations against Immunex, Immunex denies them.

36.     The allegations in paragraph 36 are directed to defendants other than Immunex and therefore require no response from Immunex.  To the extent the allegations in paragraph 36 are deemed to include allegations against Immunex, Immunex denies them.

37.     Immunex admits that Plaintiffs seek the relief listed in paragraph 37, but denies that they are entitled to any relief.  To the extent the remaining allegations in paragraph 37 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 37 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

06735-0078/LEGAL13603972.1

38.     Immunex admits that Plaintiffs purport to bring this action as alleged in paragraph 38, but denies that they have any basis for doing so.  Immunex denies the remaining allegations of paragraph 38.

39 – 40.     Paragraphs 39-40 state legal conclusions to which no response is required.  To the extent a response is required, Immunex denies the allegations in paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. § 1407.

41 – 42.     To the extent that the allegations in paragraphs 41-42 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 41-42, and on that basis denies the allegations.

43.     Answering paragraph 43, Immunex refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 to reflect which plaintiffs are suing which defendants. Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43, and on that basis denies the allegations.

44.     Immunex admits that it once manufactured and sold medicines and that when it did, sales of its medicines occurred in the State of New York but states that it has not done so since 2002.  Except as expressly admitted, Immunex denies the remaining allegations in paragraph 44 to the extent they pertain to Immunex.  Immunex specifically denies that it

"manufactures, markets and sells prescription drugs with false and inflated wholesale prices." To the extent the allegations in paragraph 44 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

45 – 47.    The allegations in paragraphs 45-47 are directed to defendants other than Immunex and therefore require no response from Immunex. To the extent the allegations in paragraphs 45-47 are deemed to include allegations against Immunex, Immunex denies them.

48.    Immunex admits that it has been a wholly-owned subsidiary of Amgen since July 2002 and that it is a Washington corporation. Immunex further admits that it was formerly engaged in the business of manufacturing and selling medicines (primarily physician-administered drugs) and that its principal place of business was once located at 51 University Street, Seattle, Washington 98101. Immunex denies the remaining allegations of paragraph 48 that pertain to it.

49 – 84.    The allegations in paragraphs 49-84 are directed to defendants other than Immunex and therefore require no response from Immunex. To the extent the allegations in paragraphs 49-84 are deemed to include allegations against Immunex, Immunex denies them.

85 – 88.    The allegations in paragraphs 85-88 are directed to unknown, unnamed defendants and therefore require no response from Immunex. To the extent the

17

allegations in paragraphs 85-88 are deemed to include allegations against Immunex, Immunex denies them.

89 – 99.      To the extent that the allegations in paragraphs 89-99 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 89-99, and on that basis denies the allegations.

100.    Answering paragraph 100, Immunex admits that national drug codes (NDCs) are assigned to prescription drugs and that the FDA publishes such codes.  Except as expressly admitted, Immunex denies the allegations in paragraph 100.

101 – 111.      To the extent that the allegations in paragraphs 101-111 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 101-111, and on that basis denies the allegations.

112.    Answering paragraph 112, Immunex admits that pricing compendia such as Blue Book publish AWPs and other reimbursement information.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112, and on that basis denies the allegations.

113.    To the extent that the allegations in paragraph 113 refer to transcripts of a congressional hearing, that source speaks for itself, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraph 113 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 113 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

114.    Immunex states that the 2003 HHS OIG Guidance is the best evidence of its contents, but does not admit the contents were accurate when created.  To the extent the remaining allegations in paragraph 114 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 114 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

115.    Immunex states that the 2003 HHS OIG Guidance is the best evidence of its contents, but does not admit the contents were accurate when created.  To the extent the remaining allegations in paragraph 115 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 115 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

116 – 127.    To the extent that the allegations in paragraphs 116-127 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof

are denied.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 116-127, and on that basis denies the allegations.

128.    Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and on that basis denies the allegations.

129.    To the extent that the allegations in paragraph 129 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129, and on that basis denies the allegations.

130.    Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and on that basis denies the allegations.

131.    To the extent that the allegations in paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraph 131 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 131 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

132.    To the extent that the allegations in paragraph 132 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraph 132 include allegations against Immunex,

Immunex admits that it executed a Rebate Agreement.  Immunex denies the remaining allegations in paragraph 132 that pertain to it.  To the extent the allegations in paragraph 132 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

133 – 136.     To the extent that the allegations in paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraphs 133-136 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 133-136 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

137 – 143.     To the extent that the allegations in paragraphs 137-143 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex further states that the cited amicus brief, filed by the United States is the best evidence of its contents, but does not admit that the contents were accurate when created.  To the extent the remaining allegations in paragraphs 137-143 include allegations against Immunex, Immunex denies them.  To the extent the allegations in paragraph 137-143 are directed at defendants other than Immunex, Immunex is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

144.    To the extent the allegations in paragraph 144 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated."  Indeed, during the relevant period at issue in New York Counties' cases, Immunex did not report AWPs to the industry publications at all.  To the extent the allegations in paragraph 144 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

145 – 149.    Answering paragraphs 145-149, Immunex admits that Exhibit B to the FACC purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein or that Plaintiffs have any basis for bringing claims based on the Immunex drugs listed in Exhibit B.  To the extent the remaining allegations in paragraphs 145-149 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 145-149 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

150.    To the extent the allegations in paragraph 150 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 150 are directed

at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

151.    To the extent the allegations in paragraph 151 are directed at Immunex, Immunex denies the allegations.  Immunex further responds that the allegations in paragraph 151 ignore that HCFA, in a September 8, 2000, Program Memorandum determined that state Medicaid programs should not use the "DOJ AWP" for Immunex's leucovorin calcium as alleged in paragraph 151 because of HCFA's "concern about access to care" related to leucovorin calcium and other oncology medicines.  To the extent the allegations in paragraphs 151 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

152 – 153.        To the extent the allegations in paragraphs 152-153 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 152-153 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

154.    Paragraph 154 purports to contain a statement from the HHS OIG, but Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations because the source thereof is not provided, and on that basis denies the

23

allegations.  To the extent that a source is provided, that source speaks for itself, and any characterizations thereof are denied.

155 – 158.     To the extent the allegations in paragraphs 155-158 are directed at Immunex, Immunex denies the allegations.  Immunex further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in paragraphs 155-158 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

159 – 165.     Answering paragraphs 159-165, Immunex states that the articles or reports cited are the best evidence of their contents, but does not admit that the contents were accurate when created.  Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 159-165, and on that basis denies the allegations.

166.     To the extent the allegations in paragraph 166 are directed at Immunex, Immunex denies the allegations.  Immunex specifically denies that it "control[s] the published reimbursement prices."  To the extent the allegations in paragraph 166 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

167.     Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and on that basis denies the allegations.

168.     Answering paragraph 168, Immunex admits that it executed a Rebate Agreement, and states that the Rebate Agreement speaks for itself, and denies any characterizations thereof.  Immunex denies the remaining allegations in paragraph 168 that pertain to it.  To the extent the allegations in paragraph 168 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

169 – 172.     To the extent that the allegations in paragraphs 169-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in paragraphs 169-172 are directed at Immunex, Immunex denies the allegations.  Immunex further states that the Court has dismissed all Medicaid rebate and Best Price-related allegations in the FACC as to Immunex.  To the extent the allegations in paragraphs 169-172 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

173 – 176.     To the extent that the allegations in paragraphs 173-176 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex further states that the OIG report cited in paragraph 174 is the best evidence of its contents, but does not admit that the contents were accurate when created.

To the extent the allegations in paragraphs 173-176 are directed at Immunex, Immunex denies the allegations.  Immunex further states that the Court has dismissed all Medicaid Rebate and Best Price-related allegations in the FACC as to Immunex.  To the extent the allegations in paragraphs 173-176 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

177.    Answering paragraph 177, Immunex admits that some governmental agencies have conducted investigations concerning pricing in the pharmaceutical industry.  Immunex denies the remaining allegations in paragraph 177 that pertain to it.  To the extent the allegations in paragraph 177 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

178 – 194.      Answering paragraphs 178-194, Immunex states that the reports, articles, letters, congressional hearing transcripts, and other documents cited are the best evidence of their contents, but does not admit that the contents were accurate when created. To the extent the allegations in paragraphs 178-194 are directed at Immunex, Immunex denies the allegations.  Immunex further states that the Court has dismissed all Medicaid rebate and Best Price-related allegations in the FACC as to Immunex.  To the extent the allegations in paragraphs 178-194 or their footnotes are directed at defendants other than

Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

195. Answering paragraph 195, Immunex admits that its contracts with purchasers sometimes included discounts. Immunex denies the remaining allegations in paragraph 195 that pertain to it. To the extent the allegations in paragraph 195 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

196. To the extent the allegations in paragraph 196 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in paragraph 196 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

197 – 239. The allegations in paragraphs 197-239 are directed to defendants other than Immunex and therefore require no response from Immunex. To the extent the allegations in paragraphs 197-239 are deemed to include allegations against Immunex, Immunex denies them.

240. Answering paragraph 240, Immunex admits that the specific NDCs for which Plaintiffs seek relief are set forth on revised Exhibit B-3, served on September 28, 2007, but denies that Plaintiffs have any basis to do so. Immunex further denies the accuracy of the information in Exhibit B-3 and objects to the lumping together of Amgen and Immunex drugs into one group, objects to the inclusion of drugs or NDCs that the Court ordered

dismissed, objects to the inclusion of data or information dated prior to the relevant time period as ordered in CMO 33 as a result of the statute of limitations, and objects to the inclusion of data or information after Immunex stopped selling any medicines. Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 240, and on that basis denies the allegations.

241.    To the extent the allegations in paragraph 241 are directed at Immunex, Immunex denies the allegations. Immunex specifically denies that it maintained "false and inflated reimbursement prices" and the accuracy of the information and data in Exhibit B-3. To the extent the allegations in paragraph 241 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

242.    To the extent the allegations in paragraph 242 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in paragraph 242 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

243.    To the extent that the allegations in paragraphs 243 refer to third-party sources, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in paragraph 243 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in paragraph 243 are directed at Amgen, Immunex

is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

244 – 249.    The allegations in paragraphs 244-249 are directed to Amgen and therefore require no response from Immunex.  To the extent allegations in paragraphs 244-249 are deemed to include allegations against Immunex, Immunex denies them.

250.    To the extent the allegations in paragraph 250 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 250 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

251.    To the extent the allegations in paragraph 251 are directed at Immunex, Immunex denies the allegations.  Immunex further states that events in 1995 occurred outside of the statute of limitations, as ordered by the Court in CMO 33.  To the extent the allegations in paragraph 251 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

252.    To the extent the allegations in paragraph 252 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 252 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

253.    To the extent the allegations in paragraph 253 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 253 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

254.    To the extent that the allegations in paragraph 254 refer to Amgen's 2002 Form 10-K, that source speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in paragraph 254 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 254 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

255.    To the extent that the allegations in paragraph 255 refer to Amgen's Answer to the AMCC's Second Amended Consolidated Complaint, that source speaks for itself, and any characterizations thereof are denied.  Immunex specifically denies that Amgen's pleadings can be attributed to Immunex, and therefore denies the allegations in paragraph 255.

256.    Answering paragraph 256, Immunex admits that some governmental agencies have conducted investigations concerning pricing in the pharmaceutical industry and that Immunex produced documents years ago as part of those investigations.  Immunex denies the remaining allegations in paragraph 256 that pertain to it.  To the extent the allegations in paragraph 256 are directed at Amgen, Immunex is without knowledge or information

sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

257 – 259.     Immunex refers to and incorporates by reference its response to paragraph 256.  Immunex denies the remaining allegations in paragraphs 257-259 that pertain to it.  To the extent the allegations in paragraph 257-259 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

260 – 769.     The allegations in paragraphs 260-769 are directed to defendants other than Immunex and therefore require no response from Immunex.  To the extent allegations in paragraphs 260-769 are deemed to include allegations against Immunex, Immunex denies them.

770 – 772.     Answering paragraphs 770-772, Immunex is without knowledge or information sufficient to form a belief as to the expenditures of Plaintiffs' Medicaid programs, and on that basis denies the allegations.  Immunex denies the remaining allegations that pertain to it, and specifically denies participating in any "false price reporting scheme" or "misconduct," or that it was "unjustly enriched."  To the extent the allegations in paragraphs 770-772 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

31

773 – 790.      To the extent the allegations in paragraphs 773-790 are directed at Immunex, Immunex denies the allegations.  Immunex further states that for years, and at all times relevant to the FACC, it has been common knowledge and universally understood, including by Plaintiffs and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in paragraphs 773-790 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

791.    Answering paragraph 791, Immunex incorporates its responses to paragraphs 1 through 790 as if fully set forth herein.

792 – 800.      To the extent the allegations in paragraphs 792-800 are directed at Immunex, Immunex states that the Court has dismissed them.  To the extent that a response is required, Immunex denies the allegations in paragraph 792-800 that pertain to it.  To the extent the allegations in paragraphs 792-800 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

801.    Answering paragraph 801, Immunex incorporates its responses to paragraphs 1 through 800 as if fully set forth herein.

802 – 807.      To the extent the allegations in paragraphs 802-807 are directed at Immunex, Immunex states that the Court has dismissed them.  To the extent that a response

is required, Immunex denies the allegations in paragraph 802-807 that pertain to it.  To the extent the allegations in paragraphs 802-807 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

808.    Answering paragraph 808, Immunex incorporates its responses to paragraphs 1 through 807 as if fully set forth herein.

809.    To the extent that the allegations in paragraph 809 refer to a statute, that statute speaks for itself, and any characterizations thereof are denied.

810 – 813.    To the extent that the allegations in paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraphs 810-813 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 810-813 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

814.    Answering paragraph 814, Immunex incorporates its responses to paragraphs 1 through 813 as if fully set forth herein.

815 – 817.    To the extent the allegations in Paragraphs 815-817 are directed at Immunex, Immunex states that the Court has dismissed them.  To the extent that a response is required, Immunex denies the allegations in paragraph 815-817 that pertain to it.  To the

extent the allegations in paragraphs 815-817 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

818.    Answering paragraph 818, Immunex incorporates its responses to paragraphs 1 through 817 as if fully set forth herein.

819 – 830.    To the extent the allegations in Paragraphs 819-830 are directed at Immunex, Immunex states that the Court has dismissed them.  To the extent that a response is required, Immunex denies the allegations in paragraph 819-830 that pertain to it.  To the extent the allegations in paragraphs 819-830 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

831.    Answering paragraph 831, Immunex incorporates its responses to paragraphs 1 through 830 as if fully set forth herein.

832 – 837.    To the extent that the allegations in paragraphs 832-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraphs 832-837 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 832-837 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

34

838 – 839.     To the extent that the allegations in paragraphs 838-839 and the subparts thereto contain legal conclusions, no response is required.  To the extent that the allegations in paragraphs 838-839 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraphs 838-839 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in paragraphs 838-839 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

840.     Answering paragraph 840, Immunex incorporates its responses to paragraphs 1 through 839 as if fully set forth herein.

841 – 843.     To the extent the allegations in paragraphs 841-843 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 841-843 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

844.     To the extent that the allegations in paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the remaining allegations in paragraph 844 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 844 are directed at

defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

845.     To the extent that the allegations in paragraph 845 contain legal conclusions, no response is required.  To the extent that the allegations in paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraph 845 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraph 845 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

846.     Answering paragraph 846, Immunex incorporates its responses to paragraphs 1 through 845 as if fully set forth herein.

847 – 849.     To the extent that the allegations in paragraphs 847-849 contain legal conclusions, no response is required.  To the extent that the allegations in paragraphs 847-849 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the remaining allegations in paragraphs 847-849 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in paragraphs 847-849 are directed at defendants other than Immunex, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

850 – 858.      Answering paragraphs 850-858, Immunex denies that Plaintiffs are entitled to a judgment or any other relief.

## IMMUNEX'S ADDITIONAL DEFENSES

By alleging the matters set forth below, Immunex does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its defenses and affirmative defenses, Immunex asserts the following:

### First Additional Defense

The FACC fails to state a claim upon which relief may be granted.

### Second Additional Defense

Immunex has not acted in a manner that is illegal, oppressive, or fraudulent and in fact Immunex acted in good faith, with just cause, and in accordance with established industry practices and government requirements and policies.

### Third Additional Defense

The federal government adopted AWP as a reimbursement benchmark with knowledge that it was not a calculation of actual average prices and with no express or implicit definition contrary to industry practice.  For public policy and other reasons, the federal government retained AWP as a reimbursement benchmark in the face of years of criticism that it was not a calculation of actual average prices.  To the extent Plaintiffs have

adopted the federal government's AWP term, Plaintiffs are bound by the defenses applicable to the federal government.   Among the defenses that arise from those and other relevant circumstances are the following:

> A.      Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

> B.      Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.  The relief sought by Plaintiffs would interfere with legislative decisions and functions.

> C.      Plaintiffs' claims are barred, in whole or in part, because Immunex has complied with all applicable statutes and regulations.

> D.      Plaintiffs' claims are barred, in whole or in part, because they violate Immunex's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution, as well as the New York State Constitution, insofar, among other things, as the Plaintiffs seek to impose liability under vague or nonexistent standards or retroactively for conduct that was not actionable at the time it occurred.

> E.      Plaintiffs' claims are barred, in whole or in part, because Immunex did not make any false statements to Plaintiffs.  Immunex had no reasonable grounds to believe, and did not believe, that any statement was false or misleading or capable of being false or misleading.

06735-0078/LEGAL13603972.1

F.      The communications and conduct of Immunex and others are protected by the First Amendment to the United States Constitution, the New York Constitution, and common law privileges, and it would violate those protections to construe the AWP practice and term of art as fraudulent.

G.      Plaintiffs' claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by the federal government to serve its purposes.

H.      Immunex relied on the policies and practices of the federal, New York, and county governments, and the Plaintiffs are estopped or otherwise barred from seeking to impose liability for such reliance.

I.      Plaintiffs' approach to AWP would discourage legitimate price competition and is inconsistent with and preempted by the Sherman Act.

## Fourth Additional Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the federal Medicare Act, the federal Medicaid Act, all regulations promulgated under those acts, and by the dormant Commerce Clause of the United States Constitution.

## Fifth Additional Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or expressive conduct by Immunex, healthcare providers, or others directed at judicial, legislative, or administrative bodies of government.

### Sixth Additional Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and repose and the Equal Protection Clauses of the United States and New York Constitutions.

### Seventh Additional Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Eighth Additional Defense

To the extent Plaintiffs or the State of New York recovers or benefits from another entity's recovery in this or any other case or through any other method predicated on the same factual allegations, Plaintiffs are barred on the basis of res judicata, collateral estoppel, and the prohibition on double recovery, from seeking recovery against Immunex based on the FACC.

06735-0078/LEGAL13603972.1

## **Ninth Additional Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## **Tenth Additional Defense**

Plaintiffs' claims are barred, in whole or in part, due to their failure to join indispensable parties.

## **Eleventh Additional Defense**

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by the Plaintiffs were the result of their own conduct or the intervening or superseding conduct of third parties.

## **Twelfth Additional Defense**

Plaintiffs' claims are barred, in while or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the FACC.

## **Thirteenth Additional Defense**

Plaintiffs' claims for damages are barred, in whole or in part because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## **Fourteenth Additional Defense**

Plaintiffs' claims for damages are barred, in whole or in part because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery and the allocation of any fault, if any exists, attributable to Immunex.

### Fifteenth Additional Defense

Plaintiffs' claims for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the FACC.

### Sixteenth Additional Defense

Immunex is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Seventeenth Additional Defense

Maintenance of this action in one proceeding against many defendants would violate Immunex's rights as provided by the United States and New York Constitutions by denying Immunex procedural and substantive safeguards.

### Eighteenth Additional Defense

Plaintiffs fail to state with particularity facts to support their claims of fraudulent conduct, fraudulent concealment, and multi-source allegations against Immunex.

### Nineteenth Additional Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

06735-0078/LEGAL13603972.1

### Twentieth Additional Defense

Immunex's conduct was not the proximate cause or cause in fact of any alleged loss or damage sustained by Plaintiffs.

### Twenty-first Additional Defense

To the extent that Plaintiffs seek equitable relief against Immunex, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

### Twenty-second Additional Defense

Immunex denies that it has engaged in any conduct that entitles the Plaintiffs to recover punitive damages and avers that the FACC fails to state a claim upon which punitive damages may be awarded to the Plaintiffs.

### Twenty-third Additional Defense

Plaintiffs' claims for punitive damages against Immunex violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions contained in the Constitution of the State of New York on the following grounds:

    A.    any punitive damages would be excessive, penal in nature, and subject Immunex to multiple and retroactive liability and deny Immunex constitutionally adequate standards, instructions, and procedures;

B.      the Plaintiffs' claims for punitive damages are barred by the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

C.      the Plaintiffs' claim for punitive damages against Immunex cannot be sustained without the apportionment of the award separately and severally between or among the defendants and other alleged responsible parties, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor;

D.      the Plaintiffs' claim for punitive damages would violate Immunex's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Twenty-fourth Additional Defense

To the extent that punitive damages are sought, Plaintiffs' punitive damages claims against Immunex are not recoverable because the allegations of the FACC are legally insufficient to support a claim for punitive damages.

### Twenty-fifth Additional Defense

Plaintiffs did not rely on the allegedly fraudulent statements or representations of Immunex.

### Twenty-sixth Additional Defense

Immunex denies that Plaintiffs have valid consumer protection claims against Immunex under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Immunex pleads all available defenses under the Act.

### Twenty-seventh Additional Defense

Any and all of Immunex's payment of Medicaid rebates to the State of New York reduces or eliminates the amount of damages alleged by Plaintiffs.  All rebates paid by Immunex to the State of New York should be taken into account in determining the amount of damages, if any, to which Plaintiffs are entitled.

### Twenty-eighth Additional Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because their own actions or failures to act helped bring about any injuries sustained.

### Twenty-ninth Additional Defense

Immunex adopts by reference any additional applicable defense pled by any other defendant not otherwise pled in this answer.

### Thirtieth Additional Defense

Immunex hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Immunex also reserves the right to assert such other and related defenses as may

become available in the event of a determination that the action, or some part of it, is governed by the substantive law of a state other than New York.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Immunex Corporation requests the following relief:

A.    Dismissal of Plaintiffs' claims with prejudice;

B.    An award of attorneys' fees and costs; and

C.    Such other legal and equitable relief as the Court deems proper.

DATED this 26th day of October, 2007.

/s/ Kathleen M. O'Sullivan
David J. Burman
Kathleen M. O'Sullivan
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
(206) 359-8000
dburman@perkinscoie.com
kosullivan@perkinscoie.com

Thomas J. Sartory, BBO #442500
Gary M. Ronan, BBO #653899
**GOULSTON & STORRS**
400 Atlantic Avenue
Boston, MA  02110-3333
(617) 482-1776
tsartory@goulstonstorrs.com
gronan@goulstonstorrs.com

Attorneys for Defendant
IMMUNEX CORPORATION

46

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2007, I caused a true and correct copy of Immunex Corporation's Answer to Plaintiffs' First Amended Consolidated Complaint to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

By  /s/ Kathleen M. O'Sullivan
Kathleen M. O'Sullivan

06735-0078/LEGAL13603972.1