# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |

*The City of New York v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-0425)

*County of Allegany v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-0236)

*County of Broome v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-0456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-0256)

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-0423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-0214)

*County of Chemung v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-6744)

*County of Chenango v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-0354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-0867)

[Caption Continues on Next Page]

# ANSWER AND AFFIRMATIVE DEFENSES OF WATSON PHARMACEUTICALS, INC. AND WATSON PHARMA, INC. TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0881) )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-6458) )

*County of Essex v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0878) )

*County of Fulton v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0519) )

*County of Genesee v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-00267) )

*County of Greene v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0474) )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00415) )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0715) )

*County of Lewis v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0839) )

*County of Madison v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00714) )

*County of Monroe v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6148) )

*County of Nassau v. Abbott Laboratories, Inc., et al.* )
(E.D.N.Y. No. 04-CV-05126) )

*County of Niagara v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06296) )

*County of Oneida v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0489) )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0088) )

*County of Ontario v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6373) )

*County of Orange v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 07-CV-2777) )

*County of Orleans v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6371) )

*County of Putnam v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-04740) )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00422) )

*County of Rockland v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 03-CV-7055) )

*County of Saratoga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0478) )

*County of Schuyler v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6387) )

*County of Seneca v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6370) )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0479) )

*County of Steuben v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6223) )

*County of Suffolk v. Abbott Laboratories, Inc., et al.* )
(E.D.N.Y. No. 03-CV-12257) )

*County of Tompkins v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0397) )

*County of Ulster v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 06-CV-0123) )

*County of Warren v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0468) )

*County of Washington v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-0408) )

*County of Wayne v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06138) )

*County of Westchester v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 03-CV-6178) )

*County of Wyoming v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-6379) )

AND )

*County of Yates v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06172) )

Defendant Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. ("Watson"), by and through its attorneys, hereby state as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007 (the "Complaint"), as follows:

## PRELIMINARY STATEMENT

To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of other persons or entities, Watson is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Watson states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Watson and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Watson's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Watson's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is true, or that the material is relevant or admissible in this action.

Watson denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Watson specifically denies any allegations contained in headings, footnotes, or unnumbered Paragraphs in the Complaint.  For ease of reference, Watson has included in this Answer and Affirmative Defenses the caption used in the Complaint, but

specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered Paragraph of this Answer.

## SPECIFIC RESPONSES

To the extent that the unnumbered Paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Watson, Watson denies them, except Watson admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of defendants, including Watson, as set forth in the Complaint.  To the extent that the Complaint's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Watson, Watson denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.      Watson admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Watson denies there is any basis for them to do so and denies that they are entitled to any relief.  Watson also admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Watson, Watson denies them.  To the extent the remaining allegations in Paragraph 1 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

2.      Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations

in Paragraph 2 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

3.      Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except Watson admits that it pays Medicaid rebates to the State of New York.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes, the Federal Register, and/or the Model Rebate Agreement, Watson respectfully refers the Court to those sources in their entirety, and denies any characterizations thereof.

4.      To the extent the allegations in Paragraph 4 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 4 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

5.      Paragraph 5 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Watson denies the allegations in Paragraph 5.  To the extent the allegations in Paragraph 5 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

6.      Paragraph 6 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Watson denies the allegations in Paragraph 6.  To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

7.      To the extent the allegations in Paragraph 7 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies

any characterizations thereof.  Watson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

10.     To the extent the allegations in Paragraph 10 are directed at Watson, Watson denies them, except Watson admits that it has provided the wholesale list prices of its drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices. To the extent the allegations in Paragraph 10 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

11.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.  To the extent the allegations in Paragraph 11 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Watson, Watson denies them, except Watson admits that CMS has established FULs for certain drugs.  To the

extent the allegations in Paragraph 13 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  To the extent the allegations in Paragraph 13 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

14.     To the extent the allegations in Paragraph 14 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

16.     To the extent the allegations in Paragraph 16 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 16 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 17 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

18.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a *Wall*

*Street Journal* article, Watson respectfully refers the Court to the article in its entirety, and denies any characterizations thereof.

21.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 23 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

25.     To the extent the allegations in Paragraph 25 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 25 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

26.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, Watson respectfully refers the Court to the report in its entirety, and denies any characterizations thereof.

27.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to the

transcript of a congressional hearing, Watson respectfully refers the Court to the transcript in its entirety, and denies any characterizations thereof.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 29 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  Watson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote.

32.     To the extent the allegations in Paragraph 32 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form

a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

34.     To the extent the allegations in Paragraph 34 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, Watson respectfully refers the Court to the report in its entirety, and any denies characterizations thereof.

35.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

37.     Watson admits that the Counties seeks the relief listed in Paragraph 37, but Watson denies there is any basis for them to do so and denies that they are entitled to any relief. To the extent the remaining allegations in Paragraph 37 are directed at Watson, Watson denies them.  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

38.     Watson admits that the Counties seek to bring this action as alleged in Paragraph 38, but Watson denies there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the allegations in Paragraph 38 refer to statutes or regulations, Watson

respectfully refers the court to those statutes or regulations in their entirety, and denies any characterizations thereof.

39.     Paragraph 39 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Watson denies the allegations in Paragraph 39.

40.     Paragraph 40 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Watson denies the allegations in Paragraph 40, except Watson admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. § 1407.

41.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.  To the extent the allegations in Paragraph 41 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

42.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.  To the extent the allegations in Paragraph 42 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

42A.    Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42A.  To the extent the allegations in Paragraph 42A refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

43.     Watson denies the allegations in Paragraph 43 and its footnote, and respectfully refers the Court to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3, for information regarding which plaintiffs are suing which defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Watson, Watson denies them, except Watson admits that it is, in part, a manufacturer and seller of prescription drugs, and that it transacts business in the State and City of New York.  To the extent the allegations in Paragraph 44 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

45.     The allegations in Paragraphs 45-81 are directed at other defendants and require no response from Watson.  To the extent a response is deemed to be required, Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-81.

46.     With respect to the allegations in Paragraph 82 and the sub-parts thereof, Watson admits that Watson Pharmaceuticals, Inc. is a Nevada corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA 92880 and that it is engaged in the business of manufacturing and selling pharmaceuticals.  Watson admits that Watson Pharma, Inc. was formerly known as Schein and has been a wholly-owned subsidiary of Watson Pharmaceuticals, Inc. since 2000.  Watson further admits that Watson Pharma, Inc. is a Delaware corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA 92880 and that it is engaged in the business of manufacturing and selling pharmaceuticals.

47.     The allegations in Paragraphs 83-84 are directed at other defendants and require no response from Watson.  To the extent a response is deemed to be required, Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 83-84.

48.     To the extent the allegations in Paragraphs 85-88 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 85-88 are directed at unknown defendants, Watson lacks knowledge or information sufficient to form a belief as to their truth.

49.     Paragraph 89 states a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Watson admits that Medicaid was established by Title XIX of the Social Security Act.  Watson respectfully refers the Court to Title XIX in its entirety, and denies any characterizations thereof.

50.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Watson admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

51.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.  To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

52.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except Watson admits that National Drug Codes are assigned to prescription drugs and that the United States Food and Drug Administration publishes such codes.

53.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-110, their footnotes, or the exhibit referenced therein.

54.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.  To the extent the allegations in Paragraph 111 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

55.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except Watson admits that pricing compendia such as those provided by First Data Bank on AWPs and FULs.

56.     To the extent the allegations in Paragraph 113 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 113 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, Watson respectfully refers the Court to the transcript in its entirety, and denies any characterizations thereof.

57.     To the extent the allegations in Paragraph 114 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 114 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 114 refer to HHS OIG reports, Watson respectfully refers the Court to the reports in their entirety, and denies any characterizations thereof.

58.     To the extent the allegations in Paragraph 115 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 115 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 115 refer to HHS OIG reports, Watson respectfully refers the Court to the reports in their entirety, and denies any characterizations thereof.

59.     Paragraphs 116-123 and their footnotes state legal conclusions to which no response is required.  To the extent the allegations in Paragraphs 116-123 refer to statutes, regulations, or congressional reports, Watson respectfully refers the Court to those sources in their entirety, and denies any characterizations thereof.

60.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.  To the extent the allegations in Paragraph 124 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

61.     Paragraph 125 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Watson denies the allegations in Paragraph 125. To the extent the allegations in Paragraph 125 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

62.     With respect to the allegations in Paragraph 126, Watson admits that drug manufacturers report Best Prices and AMPs to HHS.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety and denies any characterizations thereof.

63.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.  To the extent the allegations in Paragraph 127 refer to statutes or regulations, Watson respectfully refers the Court to those statutes and regulations in their entirety, and denies any characterizations thereof.

64.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, except Watson admits that it reports Medicaid information (Best Prices and AMPs) to HHS and pays rebates to States.

65.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, except Watson admits that it reports Medicaid information to HHS and pays rebates to States.  To the extent the allegations refer to statutes, regulations, or amicus briefs filed by the United States, Watson respectfully refers the Court to these sources in their entirety, and denies any characterizations thereof.

66.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, except Watson admits that it reports Medicaid information to HHS.

67.     To the extent the allegations in Paragraph 131 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 131 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, Watson respectfully refers the Court to that document in its entirety, and denies any characterizations thereof.

68.     To the extent the allegations in Paragraph 132 and the exhibit referenced therein are directed at Watson, Watson admits that it has executed a rebate agreement with HHS.  To the extent the allegations in Paragraph 132 and the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement,

Watson respectfully refers the Court to that document in its entirety, and denies any characterizations thereof.

69.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, Watson respectfully refers the Court to that document in its entirety, and denies any characterizations thereof.

70.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.  To the extent the allegations in Paragraph 137 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

71.     The allegations in Paragraphs 138-141 state a legal conclusion to which no response is required.  To the extent that a response is required, Watson respectfully refers the Court to the quoted statute in its entirety, and denies any characterizations thereof.

72.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.  The allegations in Paragraph 142 purport to quote an amicus brief.  Watson respectfully refers the Court to the amicus brief in its entirety, and denies any characterizations thereof.

73.     The allegations in Paragraph 143 state a legal conclusion to which no response is required.  To the extent that a response is required, Watson lacks knowledge or information sufficient to form a belief as to their truth, except Watson denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.

74.     To the extent the allegations in Paragraph 144 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

75.     With respect to the allegations in Paragraph 145, Watson admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 145 or Exhibit B are directed at Watson, Watson denies them.  To the extent the remaining allegations in Paragraphs 145 or Exhibit B are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

76.     With respect to the allegations in Paragraphs 146-149, Watson admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 146-149 or Exhibit B are directed at Watson, Watson denies them.  To the extent the remaining allegations in Paragraphs 146-149 or Exhibit B are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

77.     To the extent that the allegations in Paragraph 150 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 150 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

78.     To the extent that the allegations in Paragraph 151 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 151 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 151 refers to a DOJ report, Watson respectfully refers the Court to the report in its entirety, and denies any characterizations thereof.

79.     To the extent that the allegations in Paragraph 152 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 152 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

80.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.  To the extent that Paragraph 153 refers to unidentified investigations by Congress, the GAO, HHS OIG, the DOJ, Attorneys General, and U.S. Attorneys, Watson respectfully refers the Court to the reports of those investigations, and denies any characterizations thereof.

81.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.  To the extent that Paragraph 154 purports to contain a statement from an unidentified HHS OIG document, Watson respectfully refers the Court to that document in its entirety, and denies any characterizations thereof.

82.     To the extent the allegations in Paragraphs 155-158 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

83.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, except Watson admits that PBMs are involved in administering and managing prescription drug benefit programs.

84.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, except Watson admits that PBMs are involved in administering and managing prescription drug benefit programs, and that certain PBMs also operate mail order pharmacies.

85.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 161-162.  To the extent the allegations in Paragraphs 161-162 refer to a *Wall Street Journal* article, Watson respectfully refers the Court to the article in its entirety, and any denies characterizations thereof.

86.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, except Watson admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.

87.     To the extent the allegations in Paragraph 164 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 164 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

88.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.  To the extent the allegations in Paragraph 165 refer to a congressional report, Watson respectfully refers the Court to that report in its entirety and denies any characterizations thereof.

89.     To the extent the allegations in Paragraph 166 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

90.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

91.     To the extent the allegations in Paragraphs 168-172 are directed at Watson, Watson denies them, except Watson admits that it has executed a rebate agreement with HHS. To the extent the allegations in Paragraphs 168-172 are directed at parties other than Watson,

Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes and/or the Model Rebate Agreement, Watson respectfully refers the Court to those sources in their entirety, and denies any characterizations thereof.

92.     To the extent the allegations in Paragraph 173 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 173 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 173 refer to statutes, Watson respectfully refers the Court to the statutes in their entirety, and denies any characterizations thereof.

93.     To the extent the allegations in Paragraph 174 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 174 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 174 refer to an HHS OIG report, Watson respectfully refers the Court to that report in its entirety, and denies any characterizations thereof.

94.     To the extent the allegations in Paragraph 175 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 175 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

95.     To the extent the allegations in Paragraph 176 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 176 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 176 refer to statutes, Watson respectfully refers the Court to the statutes in their entirety, and denies any characterizations thereof.

96.     To the extent the allegations in Paragraph 177 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 177 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

97.     To the extent the allegations in Paragraphs 178-193, their footnotes, or the exhibit referenced therein are directed at Watson, Watson denies them, except Watson admits that it received a copy of the letter referenced in Paragraph 178.  Watson respectfully refers the Court to a copy of that letter in its entirety and denies any characterizations thereof.  To the extent the allegations in Paragraphs 178-193, their footnotes, or the exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-193 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, Watson respectfully refers the Court to those sources in their entirety and denies any characterizations thereof.

98.     To the extent the allegations in Paragraph 194 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 194 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

99.     To the extent the allegations in Paragraph 195 are directed at Watson, Watson denies them, except Watson admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

100.     To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 196 or the

exhibit referenced therein are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

101.    The allegations in Paragraphs 197-741 are directed at other defendants and require no response from Watson.  To the extent a response is deemed to be required, Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-741.

102.    Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 742, its footnote, or the exhibit referenced therein.

103.    Watson denies the allegations in Paragraph 743 and the exhibit referenced therein.

104.    With respect to the allegations in Paragraph 744, Watson admits that it has received notices or subpoenas from some states, including Florida, Texas, and New York. Watson respectfully refers the Court to the pleadings in the actions in those states and denies any characterizations thereof.  Watson lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 744.

105.    Watson denies the allegations in Paragraph 745.  To the extent the allegations in Paragraph 745 refer to an unnamed report published by HHS, Watson respectfully refers the Court to that report in its entirety and denies any characterizations thereof.

106.    Watson denies the allegations in Paragraph 746.  To the extent the allegations in Paragraph 746 refer to a Schein Product Status Report, Watson respectfully refers the Court to that report in its entirety and denies any characterizations thereof.

107.    With respect to the allegations in Paragraph 747, Watson admits that it has been sued by Illinois, Kentucky, Massachusetts, and Wisconsin.  Watson respectfully refers the Court to the pleadings in the actions in those states and denies any characterizations thereof.

108.     With respect to the allegations in Paragraph 748, Watson admits that it has been sued by Illinois.  Watson respectfully refers the Court to the pleadings in the action in that state and denies any characterizations thereof.  Watson denies the allegations of Illinois.

109.     With respect to the allegations in Paragraph 749, Watson admits that it has been sued by Kentucky and Wisconsin.  Watson respectfully refers the Court to the pleadings in the actions in those states and denies any characterizations thereof.  Watson denies the allegations of Kentucky and Wisconsin.

110.     With respect to the allegations in Paragraph 750, Watson admits that it received a Request for Production from the Massachusetts Attorney General.  Watson denies that it received a subpoena from the Massachusetts Attorney General.  Watson respectfully refers the Court to the pleadings in that action, and denies any characterization thereof.  Watson denies the allegations of Massachusetts.

111.     With respect to the allegations in Paragraph 751, Watson admits that it has been sued by Massachusetts.  Watson respectfully refers the Court to the pleadings in that action, and denies any characterization thereof.  Watson denies the allegations of Massachusetts.  To the extent that allegations in Paragraph 751 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

112.     Watson denies the allegations in Paragraph 752.

113.     Watson admits the allegations in Paragraph 753, except Watson denies that "19" appears in the sentence quoted.

114.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 754.

115.     The allegations in Paragraphs 755-769 are directed at defendants other than Watson and require no response from Watson.  To the extent a response is deemed required, Watson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

116.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  To the extent the remainder of the allegations in Paragraph 770 are directed at Watson, Watson denies them.  To the extent the remainder of the allegations in Paragraph 770 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

117.     To the extent the allegations in Paragraph 771 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 771 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

118.     Watson admits the Counties seek to recover damages in this action, but denies that they are entitled to any recovery or other relief whatsoever from Watson.  To the extent the allegations in Paragraph 772 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.

119.     To the extent the allegations in Paragraphs 773-790 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, Watson respectfully refers the Court to that document in its entirety, and denies any characterizations thereof.

## COUNT I
## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8
## (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

120.     In response to Paragraph 791, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-790.

121.     To the extent the allegations in Paragraphs 792-800 are directed at Watson, Watson states that the Court has dismissed them.  To the extent that a response is still required, Watson denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 792-800 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

## COUNT II
## VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d)
## (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

122.     In response to Paragraph 801, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-800.

123.     To the extent the allegations in Paragraphs 802-807 are directed at Watson, Watson states that the Court has dismissed them.  To the extent that a response is still required, Watson denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 802-807 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

## COUNT III
## VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b
### (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

124.     In response to Paragraph 808, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-807.

125.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

126.     To the extent the allegations in Paragraphs 810-813 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV
## VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS
### 18 N.Y.C.R.R. 512.2(b)4) and (5)

127.     In response to Paragraph 814, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-813.

128.     To the extent the allegations in Paragraphs 815-817 are directed at Watson, Watson states that the Court has dismissed them.  To the extent that a response is still required, Watson denies the allegations as to itself.  To the extent the allegations in Paragraphs 815-817 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to

form a belief as to their truth.  To the extent the allegations in Paragraphs 815-817 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

## COUNT V
## BREACH OF CONTRACT

129.    In response to Paragraph 818, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-817.

130.    To the extent the allegations in Paragraphs 819-830 are directed at Watson, Watson states that the Court has dismissed them.  To the extent a response is still required, Watson denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 819-830 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

## COUNT VI
## UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq*.)

131.    In response to Paragraph 831, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-830.

132.    To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 832-835 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

133.    To the extent the allegations in Paragraphs 836-837 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 836-837 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

134.    To the extent the allegations in Paragraphs 838-839 and their sub-parts are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 838-839 and their sub-parts are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 838-839 and their sub-parts refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  To the extent the allegations in Paragraphs 838-839 and their sub-parts contain legal conclusions, no response is required.

## COUNT VII
## FRAUD

135.    In response to Paragraph 840, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-839.

136.    To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 841-843 refer to statutes, Watson respectfully refers the Court to those statutes in their entirety, and denies any characterizations thereof.

137.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.  To the extent the allegations in Paragraph 844 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.

138.     To the extent the allegations in Paragraph 845 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 845 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

## COUNT VIII
## UNJUST ENRICHMENT

139.     In response to Paragraph 846, Watson repeats and incorporates as it fully set forth herein each and every response to the allegations in Paragraphs 1-845.

140.     To the extent the allegations in Paragraphs 847-849 are directed at Watson, Watson denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Watson, Watson lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 847-849 refer to statutes or regulations, Watson respectfully refers the Court to those statutes or regulations in their entirety, and denies any characterizations thereof.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

## PRAYER FOR RELIEF

141.    Watson denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" Paragraph and Paragraphs 850-858 of the Complaint.

142.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 850.

143.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 851.

144.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 852.

145.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 853.

146.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 854.

147.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 855.

148.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 856.

149.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 857.

150.    Watson denies the Counties are entitled to any relief against it, as asserted in Paragraph 858.

## AFFIRMATIVE DEFENSES

Watson reasserts and incorporates herein by reference the assertions of Paragraphs 1 through 150 herein.

### First Affirmative Defense

Plaintiff fails to state a claim against Watson upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Watson.  Plaintiffs knew that providers could obtain Watson drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiffs' claim is barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Watson based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Watson in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord, and satisfaction or otherwise compromised Plaintiffs' claims.

### Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiffs' claims against Watson are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct and fraudulent concealment against Watson contained in the Complaint.

### Twelfth Affirmative Defense

Any and all actions taken by Watson with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Watson's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Watson denies that Plaintiffs have valid consumer protection claims against Watson under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Watson pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Watson, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed, and sold by Watson after the filing of the complaints in the transferor courts.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Nineteenth Affirmative Defense

Plaintiffs' claims against Watson are barred, in whole or in part, due to their failure to join indispensable parties.

## Twentieth Affirmative Defense

Plaintiffs' claims against Watson are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

## Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Watson.

## Twenty-Second Affirmative Defense

Watson is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

## Twenty-Third Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Watson are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Watson.

## Twenty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Watson cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the

36

analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

## **Twenty-Fifth Affirmative Defense**

Watson hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

Dated:  October 26, 2007

Respectfully submitted,

/s/  Douglas B. Farquhar
Douglas B. Farquhar (admitted *pro hac vice*)
Christine P. Bump
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W.
Suite 1200
Washington, D.C.  20005
Telephone:  (202) 737-5600
Facsimile:   (202) 737-9329

*Attorneys for Defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2007, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. to Revised First Amended Consolidated to be served on all counsel of record by electronic service.

<u>/s/  Douglas B. Farquhar</u>
Douglas B. Farquhar