# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |
| | Judge Patti B. Saris |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) ) |
| | **JURY TRIAL REQUESTED** |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) ) |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) ) |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | ) ) ) |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) ) |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | ) ) ) |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) ) |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) ) |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) | ) ) ) |
| *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) | ) ) |

[Caption Continues on Next Page]

## DEFENDANTS SCHERING-PLOUGH CORPORATION'S, SCHERING CORPORATION'S, AND WARRICK PHARMACEUTICALS CORPORATION'S ANSWER TO PLAINTIFFS' REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00881)     )

*County of Dutchess v. Abbott Laboratories, Inc., et al.*     )
(S.D.N.Y. No. 05-CV-06458)     )

*County of Essex County v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00878)     )
)

*County of Fulton v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00519)     )

*County of Genesee v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06206)     )

*County of Greene v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00474)     )

*County of Herkimer v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00415)     )

*County of Jefferson v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00715)     )

*County of Lewis v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00839)     )

*County of Madison v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00714)     )

*County of Monroe v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06148)     )

*County of Nassau v. Abbott Laboratories, Inc., et al.*     )
(E.D.N.Y. No. 04-CV-5126)     )

*County of Niagara v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06296)     )

*County of Oneida v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00489)     )

*County of Onondaga v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00088)     )

*County of Ontario v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06373)     )

*County of Orange v. Abbott Laboratories, Inc., et al.*     )
(S.D.N.Y. No. 07-CV-2777)     )

*County of Orleans v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06371)     )

*County of Putnam v. Abbott Laboratories, Inc., et al.*     )
(S.D.N.Y. No. 05-CV-04740)     )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00478)

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06387)

*County of Seneca v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06370)

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00479)

*County of Steuben v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06223)

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. CV-03-229)

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00397)

*County of Ulster v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 06-CV-0123)

*County of Warren v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00468)

*County of Washington v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00408)

*County of Wayne v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06138)

*County of Westchester v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-6178)

*County of Wyoming v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 03-CV-6379)

AND

*County of Yates v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06172)

Defendants Schering-Plough Corporation ("Schering-Plough"), Schering Corporation ("Schering"), and Warrick Pharmaceuticals Corporation ("Warrick") (collectively the "Warrick Defendants") for their Answer to Plaintiffs' Revised First Amended Consolidated Complaint, dated October 5, 2001 ("Complaint") hereby state as follows:

## **PRELIMINARY STATEMENT**

The Complaint improperly refers to the Warrick Defendants, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against the Warrick Defendants. This is insufficient to apprise the Warrick Defendants (let alone each separate entity) of the allegations asserted against them. The Warrick Defendants have nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, the Warrick Defendants are generally without knowledge or information sufficient to form a belief as to the truth of those allegations. The Warrick Defendants state that they are answering Plaintiffs' allegations solely on behalf of themselves, even when Plaintiffs' allegations refer to alleged conduct by the Warrick Defendants and other persons or entities.

Throughout the Complaint, Plaintiffs purport to describe and rely upon allegations made by unrelated parties in other litigations and investigations. Such allegations are mere hearsay, unrelated to Plaintiffs claims here and provide no support for those claims. To the extent that the Warrick Defendants do not expressly deny such allegations, that shall not constitute an admission that the substance of those allegations is or is not true or that such allegations are relevant or admissible in this action.

1

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, the Warrick Defendants' failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or the Warrick Defendants' reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

The Warrick Defendants deny each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, the Warrick Defendants specifically deny any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  For ease of reference, the Warrick Defendants have included in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically deny any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## I.   INTRODUCTION

1.          The Warrick Defendants admit that the Consolidated New York Counties ("Counties" or "Plaintiffs") bring this action.  To the extent that the remainder of the allegations set forth in Paragraph 1 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other

than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

2.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 2 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

3.        Schering and Warrick admit that they pay Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Schering's and Warrick's prescription drugs.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 or its footnote of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 3 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

4.        To the extent that the allegations set forth in Paragraph 4 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, deny the allegations.

## A.   DEFENDANTS' FRAUDULENT INFLATION OF MEDICAID REIMBURSEMENT BENCHMARKS

5.      The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 5 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

6.      The Warrick defendants admit the existence of a Federal Upper Limit ("FUL") established by the Center for Medicare and Medicaid Services for generic prescription drugs.  To the extent that the remaining allegations set forth in Paragraph 6 or its footnote of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 6 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

7.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 7 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

8.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, deny the allegations.

9.        To the extent that the allegations set forth in Paragraph 9 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, deny the allegations.

10.        The Warrick Defendants admit that they provided certain pricing information to certain pricing compendia.  To the extent that the remainder of the allegations of Paragraph 10 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny the allegations.

11.        To the extent that the allegations set forth in Paragraph 11 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, deny the allegations.

12.        To the extent that the allegations set forth in Paragraph 12 of the Complaint and the Exhibit referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, deny the allegations.

13.        The Warrick defendants admit the existence of a Federal Upper Limit ("FUL") established by the Center for Medicare and Medicaid Services for generic prescription drugs.  To the extent that the remaining allegations set forth in Paragraph 13 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 13 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

14.        To the extent that the allegations set forth in Paragraph 14 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny the allegations.

15.        To the extent that the allegations set forth in Paragraph 15 of the Complaint or the Exhibit referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny the allegations.

16-17.        To the extent that the allegations set forth in Paragraphs 16-17 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 16-17 of the Complaint and, therefore, deny the allegations.

18-19.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19 of the Complaint and, therefore, deny the allegations.

20.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and,

therefore, deny the allegations.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21-22.       The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 21-22 of the Complaint and, therefore, deny the allegations.

23-25.       To the extent that the allegations set forth in Paragraphs 23 through 25 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 23 through 25 of the Complaint and, therefore, deny the allegations.

26.       The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 26 of the Complaint purport to represent accurately the substance of  any HHS-OIG Reports, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of those reports the Warrick Defendants deny the allegations.

27.       The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 27 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their

contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

28-29.        To the extent that the allegations set forth in Paragraphs 28 through 29 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 28 through 29 of the Complaint and, therefore, deny the allegations.

30.        To the extent that the allegations set forth in Paragraph 30 of the Complaint or the Exhibit referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny the allegations.

**B.        FRAUDULENT UNDERPAYMENT OF REBATES**

31.        The Warrick Defendants admit that Warrick and Schering pay Medicaid rebates as required by law.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 31 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence

of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

32.        The Warrick Defendants admit that Warrick and Schering pay Medicaid rebates as required by law.  To the extent that the remaining allegations set forth in Paragraph 32 of the Complaint or the Exhibit referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, therefore, deny the allegations.

33.        To the extent that the allegations of Paragraph 33 of the Complaint or the Exhibit referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, deny the allegations.

34.        To the extent that the allegations set forth in Paragraph 34 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 34 of the Complaint purport to represent accurately the substance of any Department of Health and Human

Services report, that report is the best evidence of its contents.  To the extent the allegations differ from the terms of that report, the Warrick Defendants deny the allegations.

35.        The allegations set forth in Paragraph 35 of the Complaint are directed at parties other than the Warrick Defendants and the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

36.     The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs.  The Warrick Defendants deny these lawsuits have merit.  The Warrick Defendants admit that in 2004, Schering-Plough Corporation agreed to settle litigation relating to best price reporting of Claritin®  and the Warrick Defendants agreed to settle litigation filed in Texas.  The settlement agreements reached in these litigation matters speak for themselves.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 36 of the Complaint and the Exhibit referenced therein, to the extent that they relate to the Warrick Defendants.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny the allegations.

37.        The allegations set forth in Paragraph 37 state legal conclusions to which no answer is required.  To the extent an answer is required, the Warrick Defendants admit that the Counties assert in Paragraph 37 that Plaintiffs allege various violations and request various forms of relief, the Warrick Defendants deny that they have committed any alleged violations and state

that they oppose all relief sought by Plaintiffs, and the Warrick Defendants deny any remaining allegations to the extent that they relate to the Warrick Defendants.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and, therefore, deny the allegations.

## II.   JURISDICTION AND VENUE

38.         The allegations set forth in Paragraph 38 of the Complaint purpose to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.

39.         The allegations set forth in Paragraph 39 of the Complaint purpose to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.

40.         The allegations set forth in Paragraph 40 of the Complaint purpose to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.

## III.   PARTIES

41-42A.         The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 41 through 42 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 41 through 42A of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

43.         To the extent that the allegations set forth in Paragraph 43 of the Complaint and its footnote are directed at the Warrick Defendants, the Warrick Defendants deny the allegations except insofar as the Warrick Defendants admit that they are currently named as defendants in this case.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny the allegations.

44.         The Warrick Defendants admit that Warrick and Schering manufacture and sell certain prescription drugs and that they transact business in the State and City of New York.  To the extent that the remaining allegations of Paragraph 44 of the Complaint and its footnote are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, deny the allegations.

45-77.         As the allegations set forth in Paragraphs 45 through 77 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.  The Warrick Defendants deny any remaining allegations.

78a.         The Warrick Defendants admit that Schering-Plough is a New Jersey corporation with an address in Kenilworth, New Jersey, 07033.  The Warrick Defendants deny that Schering-Plough Corporation has any employees and that it is engaged in or has any role or

involvement in the manufacturing, marketing, or sale of Warrick or Schering products. The Warrick Defendants deny any remaining allegations set forth in Paragraph 78a of the Complaint.

78b.        The Warrick Defendants admit that Schering is a New Jersey corporation, that Schering has an address in Madison, New Jersey, and that Schering manufactures, sells and distributes certain branded prescription drugs. The Warrick Defendants deny any remaining allegations set forth in Paragraph 78b of the Complaint.

78c.        The Warrick Defendants admit that Warrick is a Delaware corporation, that Warrick maintains an address in Reno, Nevada, that Schering-Plough is the parent of Schering, that Schering is the parent of Warrick, and that Warrick manufactures generic pharmaceuticals. The Warrick Defendants deny any remaining allegations set forth in Paragraph 78c of the Complaint.

79-84.        As the allegations set forth in Paragraphs 79 through 84 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations. The Warrick Defendants deny any remaining allegations.

85-88.        The allegations set forth in Paragraphs 85-88 are directed to unknown defendants and require no response from the Warrick Defendants. To the extent a response is required, the Warrick Defendants deny the allegations.

## IV.   ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

### A.   THE MEDICAID STATUTORY SCHEME

89.        The Warrick Defendants admit that Medicaid was established by Title XIX of the Social Security Act.  The Warrick Defendants further state that the provisions of Title XIX are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

90-92.      The Warrick defendants admit Medicaid is a joint federal and state health care program authorized by federal law, with mandatory and optional provisions for eligibility and benefits covered, including prescription drugs.  The Warrick Defendants further state that the remaining allegations set forth in Paragraphs 90 through 92 of the Complaint purport to state legal conclusions to which no response is required.  To the extent a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations in Paragraphs 90 through 92 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

### 1.   New York Medicaid Reimburses Pharmacy Providers Based on AWP and FUL

93-99.      The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 93 through 99 of the Complaint or the footnotes thereto and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 93 through 99 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents,

15

those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

100.     The Warrick Defendants admit that national drug codes ("NDCs") are assigned to prescription drugs.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 100 of the Complaint and, therefore, deny the allegations.

101-111.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 101 through 111 of the Complaint or the footnotes thereto and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 101 through 111 of the Complaint or their footnotes purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

### 2.     New York's Source for FULs and AWPs

112.     The Warrick defendants admit that pharmaceutical industry pricing compendia, including First DataBank, periodically publish pricing information for certain prescriptions drugs sold in the United States.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 112 of the Complaint and, therefore, deny the allegations.

16

113.          To the extent that the allegations set forth in Paragraph 113 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and, therefore, deny the allegations. The Warrick Defendants further state that to the extent the allegations in Paragraph 113 of the Complaint purport to represent accurately the transcript of a congressional hearing, that source is the best evidence of its contents.  To the extent the allegations differ from the terms of that transcript, the Warrick Defendants deny the allegations.

### 3.          Defendants Are Required to Report Accurate Prices to the Government

114.          To the extent that the allegations set forth in Paragraph 114 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and, therefore, deny the allegations. The Warrick Defendants further state that to the extent the allegations in Paragraph 114 of the Complaint purport to represent accurately an HHS-OIG Report, that source is the best evidence of its contents.  To the extent the allegations differ from the terms of that Report, the Warrick Defendants deny the allegations.

115.          The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 115 of the Complaint purport to represent accurately an HHS-OIG

17

Report, that source is the best evidence of its contents.  To the extent the allegations differ from the terms of that Report, the Warrick Defendants deny the allegations.

### 4. Medicaid Rebates Are Based on Best Price, AMP and the CPI

116-125.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 116 through 125 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 116 through 125 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

126.    The Warrick Defendants admit that certain drug manufacturers report Best Prices and AMPs to HHS.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 126 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

127-131.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 127 through 131 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 127 through 131 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are

the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

132.        The Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS.  To the extent that the remaining allegations set forth in Paragraph 132 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 132 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

133-136.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 133 through 136 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 133 through 136 of the Complaint purport to represent accurately the Model Rebate Agreement, that document is the best evidence of its contents.  To the extent the allegations differ from the terms of the Model Rebate Agreement, the Warrick Defendants deny the allegations.

137-143.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 137 through 143 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the

extent the allegations in Paragraphs 137 through 143 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

**B.     DEFENDANTS' FRAUDULENT CONDUCT**

     **1.     Manufacturers Reported Intentionally False and Inflated Prices**

144.     The Warrick Defendants admit that they provided certain pricing information to certain pricing compendia but specifically deny the implication that the pricing information was false or misleading.  To the extent the remainder of the allegations set forth in Paragraph 144 are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and, therefore, deny the allegations.

145-152.     To the extent that the allegations set forth in Paragraphs 145 through 152 or Exhibit B of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 145 through 152 or Exhibit B of the Complaint and, therefore, deny the allegations.

153.     To the extent that the allegations set forth in Paragraph 153 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint and, therefore, deny the allegations. The Warrick Defendants further state that to the extent the allegations in Paragraph 153 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

154.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 154 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

155-158.        To the extent that the allegations set forth in Paragraphs 155 through 158 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 155 through 158 of the Complaint and, therefore, deny the allegations.

## 2.        The Role of PBMs in the AWP Scheme

159-165.        The Warrick Defendants admit that PBMs are involved in administering and managing certain prescription drug benefit programs and that certain PBMs also operate

mail order pharmacies.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraphs 159 through 165 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs 159 through 165 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

166.        To the extent that the allegations set forth in Paragraph 166 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and, therefore, deny the allegations.

167.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Complaint and, therefore, deny the allegations.

### 3.        Failure to Report Best Prices and Pay Proper Rebates

168.        The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated April 2, 2007 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS.  To the extent that the remaining allegations set forth in Paragraph 168 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the

extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 168 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

169-171.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated April 2, 2007 and, therefore, no response is required.  To the extent that a response is still required and to the extent that the allegations of Paragraphs 169 through 171 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 169 through 171 of the Complaint and, therefore, deny the allegations.

172.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated April 2, 2007 and, therefore, no response is required.  To the extent that a response is still required and to the extent that the allegations set forth in Paragraph 172 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 172 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants

further state that to the extent the allegations in Paragraph 172 of the Complaint purports to

represent accurately the Model Rebate Agreement, that document is the best evidence of its

contents.  To the extent the allegations differ from the terms of the Model Rebate Agreement, the

Warrick Defendants deny the allegations.

173-176.      The Warrick Defendants state that the Court dismissed all Medicaid

rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated April

2, 2007 and, therefore, no response is required.  To the extent that a response is still required and

to the extent that the remaining allegations set forth in Paragraphs 173 through 176 of the

Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.

To the extent that the allegations are directed at parties other than the Warrick Defendants, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraphs 173 through 176 of the Complaint and, therefore, deny the

allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraphs

173 through 176 of the Complaint purport to represent accurately the substance of various

statutes, regulations, or other documents, those sources are the best evidence of their contents.

To the extent the allegations differ from the terms of the statutes, regulations, or other

documents, the Warrick Defendants deny the allegations.

## V.    GOVERNMENT INVESTIGATIONS

177.      The Warrick Defendants admit that they have been subject to certain

investigations in the ordinary course of their business.  The remaining allegations set forth in

Paragraph 177, to the extent that they relate to the Warrick Defendants, are denied.  To the extent

that the allegations are directed at parties other than the Warrick Defendants, the Warrick

24

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint and, therefore, deny the allegations.

178-193.        To the extent that the allegations set forth in Paragraphs 178 through 193 of the Complaint or the footnotes thereto are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 178 through 193 of the Complaint or their footnotes and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations set forth in Paragraphs 173 through 193 of the Complaint or their footnotes purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

## VI.   ALLEGATIONS PARTICULAR TO THE COUNTIES AND THE INDIVIDUAL DEFENDANTS

194.        To the extent that the allegations set forth Paragraph 194 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint and, therefore, deny the allegations.

195.        The Warrick Defendants admit that they offered certain customers discounts on their drugs and that the price of any given prescription drug may change at any time.  To the extent that the remainder of the allegations set forth in Paragraph 195 of the

Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Complaint and, therefore, deny the allegations.

196.        To the extent that the allegations set forth in Paragraph 196 and Exhibit A of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 and Exhibit of the Complaint and, therefore, deny the allegations.

197-666.        As the allegations set forth in Paragraphs 197 through 666 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations. The Warrick Defendants deny any remaining allegations.

## GG.    THE SCHERING GROUP

667.        The Warrick Defendants admit the Counties allege both AWP and FUL fraud claims against the Warrick Defendants. The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 667 of the Complaint or Exhibits A and B-35 referenced therein and, therefore, deny the allegations. The Warrick Defendants further state that Exhibits A and B to the Complaint have changed since the filing of the Complaint and that the revised Exhibit B-35 does not set forth any NDCs manufactured by the Warrick Defendants.

668.        The Warrick Defendants deny the allegations set forth in Paragraph 668 of the Complaint.  The Warrick Defendants further state that Exhibits A and B to the Complaint have changed since the filing of the Complaint and that the revised Exhibit B-35 does not set forth any NDCs manufactured by the Warrick Defendants.

669.        The Warrick Defendants admit that Schering-Plough is the parent of Schering and that Schering is the parent of Warrick.  The Warrick Defendants further admit that Warrick is engaged in the business of manufacturing and selling generic pharmaceuticals.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 669 of the Complaint.

670.        The Warrick Defendants deny the allegations set forth in Paragraph 670 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 670 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

671.        The Warrick Defendants deny the allegations set forth in Paragraph 671 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 671 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

672.        The Warrick Defendants deny the allegations set forth in Paragraph 672 of the Complaint.

673.        The Warrick Defendants deny the allegations set forth in Paragraph 673 of the Complaint.

674.        The Warrick Defendants deny the allegations set forth in Paragraph 674 of the Complaint.

675.         The Warrick Defendants admit that in 2004, Schering-Plough Corporation agreed to settle litigation relating to best price reporting of Claritin®.  The Warrick Defendants further state that neither Schering-Plough nor Schering "plead guilty to criminal charges that [they] cheated Medicaid."  To the extent that the allegations set forth in Paragraph 675 purport to describe the terms of the settlement, the settlement agreement speaks for itself.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 675 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 675 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

676.         The Warrick Defendants admit that in 2004, the Warrick Defendants agreed to settle litigation filed in Texas with the State of Texas, Ven-a-Care of the Florida Keys, Inc., and the United States.  To the extent that the allegations set forth in Paragraph 676 purport to describe the terms of the settlement, the settlement agreement speaks for itself.  The Warrick Defendants further state that to the extent the allegations set forth in Paragraph 676 of the Complaint purport to represent accurately the substance of a Press Release by the Office of the Attorney General, State of Texas, that source is the best evidence of its contents.   In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 676 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 676 of the Complaint.

677.         The Warrick Defendants state that the allegations set forth in Paragraph 677 of the Complaint purport to represent accurately the substance of a press release and Form 10-K.  Those documents are the best source of evidence as to their contents.  To the extent the

28

allegations differ from the terms of those sources, the Warrick Defendants deny the allegations. The Warrick Defendants deny any remaining allegations set forth in Paragraph 677 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 677 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

678.         The Warrick Defendants deny the allegations set forth in Paragraph 678 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 678 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

679.         The Warrick Defendants admit that Schering-Plough received a grand jury subpoena in April 2004.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 679 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 679 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

680.         The Warrick Defendants deny the allegations set forth in Paragraph 680 of the Complaint.

681.         The Warrick Defendants deny the allegations set forth in Paragraph 681 of the Complaint.

682.         The Warrick Defendants admit that they offered certain customers discounts on their drugs and that, because WAC is defined by the federal government as an undiscounted list price and because, at least in the case of branded drugs, AWP is set based on

WAC, neither WAC nor AWP are intended or expected to reflect these discounts. The Warrick Defendants deny the remaining allegations set forth in Paragraph 682 of the Complaint.

683.        The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs. The Warrick Defendants further state that, in the only one of these lawsuits to have gone to trial to date, the Warrick Defendants fully prevailed on the claims brought against them by the state of West Virginia. The Warrick Defendants deny these lawsuits have merit and deny all remaining allegations set forth in Paragraphs 683 of the Complaint. In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 683 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

684.        The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs. The Warrick Defendants further state that, in the only one of these lawsuits to have gone to trial to date, the Warrick Defendants fully prevailed on the claims brought against them by the state of West Virginia. The Warrick Defendants deny these lawsuits have merit and deny all remaining allegations set forth in Paragraphs 684 of the Complaint. In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 684 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

685.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 685 of the Complaint and, therefore, deny the allegations.

686.        The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs.  The Warrick Defendants further state that, in the only one of these lawsuits to have gone to trial to date, the Warrick Defendants fully prevailed on the claims brought against them by the state of West Virginia.  The Warrick Defendants deny these lawsuits have merit and deny all remaining allegations set forth in Paragraphs 686 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 686 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

687.        The Warrick Defendants deny the allegations set forth in Paragraph 687 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 687 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

688.        The Warrick Defendants admit that Warrick has been named as a defendant in a lawsuit filed by the Commonwealth of Massachusetts relating to Warrick's AMPs and WACs.  To the extent that the remaining allegations in Paragraph 688 are directed at the Warrick Defendants, the Warrick deny the allegations.  To the extent allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 688 of the Complaint and, therefore, deny the allegations.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 688 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

689.        The Warrick Defendants deny the allegations set forth in Paragraph 689 of the Complaint.

690.        The Warrick Defendants deny the allegations set forth in Paragraph 690 of the Complaint.

691.        The Warrick Defendants admit that they offered certain customers discounts on their drugs.  The Warrick Defendants deny the remaining allegations set forth in the first sentence of Paragraph 691 of the Complaint.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 691 of the Complaint, and, therefore, deny the allegations.

692.        The Warrick Defendants admit that they offered certain customers discounts on their drugs.  The Warrick Defendants deny the remaining allegations set forth in the first sentence of Paragraph 692 of the Complaint.  The Warrick Defendants deny the allegations set forth in the first sentence of Paragraph 692 of the Complaint.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 692 of the Complaint, and, therefore, deny the allegations.

693.        The Warrick Defendants deny the allegations set forth in Paragraph 693 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 693 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

694.        The Warrick Defendants deny the allegations set forth in Paragraph 694 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in

Paragraph 694 of the Complaint consist of claims made by other parties unrelated to Plaintiffs' allegations, those claims are irrelevant to the allegations in the Complaint.

695-769.        As the allegations set forth in Paragraphs 695 through 769 are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.  The Warrick Defendants deny any remaining allegations.

## VII.   DAMAGES TO THE COUNTY MEDICAID PROGRAMS

770.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 770 of the Complaint and, therefore, deny the allegations.

771.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 771 of the Complaint and, therefore, deny the allegations.

772.        To the extent that the allegations set forth in Paragraph 772 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 772 and, therefore, deny the allegations.

## VIII.  FRAUDULENT CONCEALMENT

773-785.        To the extent that the allegations set forth in Paragraphs 773 through 785 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick

Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 773 through 785 and, therefore, deny the allegations.

786.         To the extent that the allegations set forth in Paragraph 786 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 786 and, therefore, deny the allegations. The Warrick Defendants further state that to the extent the allegations in Paragraph 786 of the Complaint purport to represent accurately the substance of *The Pink Sheet*, that source is the best evidence of their contents. To the extent the allegations differ from the terms of that source, the Warrick Defendants deny the allegations.

787-789.         To the extent that the allegations set forth in Paragraphs 787 through 789 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 787 through 789 and, therefore, deny the allegations.

790.         To the extent that the allegations set forth in Paragraph 790 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 790 and, therefore, deny the allegations. The

34

Warrick Defendants further state that to the extent the allegations in Paragraph 790 of the Complaint purport to state a legal conclusion, no response is require.  To the extent a response is required to the allegations that purport to state a legal conclusion, the Warrick Defendants deny the allegations.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. § 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.　　　　The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 790 as if fully set forth herein.

792-800.　　　To the extent the allegations in Paragraphs 792 through 800 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated April 2, 2007.  Further, the allegations set forth in Paragraphs 792 through 800 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

### COUNT II

### VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.　　　　The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 800 as if fully set forth herein.

802-807.    To the extent the allegations in Paragraphs 802 through 807 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated April 2, 2007.  Further, the allegations set forth in Paragraphs 802 through 830 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

**COUNT III**

**VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b**
**(OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)**

808.    The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 807 as if fully set forth herein.

809.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 809 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 809 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

810-813.    The allegations set forth in Paragraphs 810 through 813 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## COUNT IV

### VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 813 as if fully set forth herein.

815-817.     To the extent the allegations in Paragraphs 815 through 817 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated April 2, 2007.  Further, the allegations set forth in Paragraphs 815 through 817 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## COUNT V

### BREACH OF CONTRACT

818.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 817 as if fully set forth herein.

819-830.     To the extent the allegations in Paragraphs 819 through 830 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated April 2, 2007.  Further, the allegations set forth in Paragraphs 819 through 830 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that

a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

**COUNT VI**

**UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 et seq.)**

831.        The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 830 as if fully set forth herein.

832-835.        To the extent that the allegations set forth in Paragraphs 832 through 835 of the Complaint relate to the Warrick Defendants, the Warrick Defendants deny the allegations. To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 832 through 835 of the Complaint and, therefore, deny the allegations.

836.        The allegations set forth in Paragraph 836 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

837.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 837 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the

allegations in Paragraph 837 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

838-839.        To the extent that the allegations set forth in Paragraphs 838 through 839 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## COUNT VII

## FRAUD

840.        The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 839 as if fully set forth herein.

841-843.        To the extent that the allegations set forth in Paragraphs 841 through 843 of the Complaint are direct at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 841 through 843 of the Complaint and, therefore, deny the allegations.

844.        The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 844 of the Complaint and, therefore, deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 844 of the Complaint purport to represent accurately the substance of

various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

845.     To the extent the allegations set forth in Paragraph 845 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

## COUNT VIII

## UNJUST ENRICHMENT

846.     The Warrick Defendants incorporate by reference their answers to Paragraphs 1 through 845 as if fully set forth herein.

847.     The allegations set forth in Paragraph 847 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

848.     To the extent that the allegations set forth in Paragraph 848 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  To the extent that the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 848 of the Complaint and, therefore, deny the allegations.

849.        The allegations set forth in Paragraph 849 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

The Warrick Defendants deny that the Counties are entitled to a judgment or any other relief as requested in their numbered (850-858) and unnumbered "WHEREFORE" Paragraphs following Paragraph 849 of the Complaint.

The Warrick Defendants hereby deny each and every allegation in the Complaint not expressly admitted above.


## AFFIRMATIVE DEFENSES

The Warrick Defendants reassert and incorporate herein by reference the assertions of Paragraphs 1 through 849 hereof.  Without assuming the burden of proof of such defenses that they would not otherwise have, the Warrick Defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Warrick defendants.

## SECOND AFFIRMATIVE DEFENSE

Under the applicable New York statutes and regulations, the relevant legislative and executive branches in New York chose to base prescription drug reimbursement, in part, on the

average wholesale prices ("AWPs") published by third-party publishing services.  Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by the third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often substantially higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Thus, these branches of government were aware, during the relevant time period, that the reimbursement rates they were using to pay providers were greater than the providers' acquisition costs.  Notwithstanding this information and Plaintiffs' knowledge thereof, Plaintiffs knowingly set its reimbursement rates at amounts higher than actual provider acquisition costs.  Thus, Plaintiffs reasonably could have avoided, through its own actions, the harm of which it complains, and Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the doctrine of contributory fault.

## THIRD AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002,

Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  The monthly letter, combined with other relevant publicly available information, disclosed any supposed disparity between the AWPs or wholesale acquisition costs ("WACs") reported by third-party publishers and what Plaintiffs now assert those AWPs and WACs should have been.  Thus, any alleged wrongdoing committed by the Warrick defendants occurred long before Plaintiffs commenced this action.  Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are therefore barred in whole or in part by the applicable statutes of limitations and repose.

## FOURTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price

43

for each branded product and package size sold by Schering Corporation.  Thus, Plaintiffs were aware, during the relevant time period, that the reimbursement rates it was paying providers were greater than the providers' acquisition costs.  In choosing to establish and administer the system of prescription drug reimbursement as it did, Plaintiffs intentionally and voluntarily relinquished its known rights.  Therefore Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Notwithstanding this information, Plaintiffs knowingly chose to base New York Medicaid Program prescription drug reimbursement, in part on the AWPs and/or WACs published by third-party publishing services.  Plaintiffs were aware, during the relevant time period, that the reimbursement rates it chose to pay providers were greater than the provider's acquisition costs.  Hence, Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by their own failure to mitigate or reduce their alleged damages.

44

## SIXTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Notwithstanding this information, Plaintiffs knowingly chose to base New York Medicaid Program prescription drug reimbursement, in part, on the AWPs and/or WACs published by third-party publishing services.  Plaintiffs were aware, during the relevant time period, that the reimbursement rates it chose to pay providers were greater than the provider's acquisition costs.  Hence, Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the doctrine of ratification.

## SEVENTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a

monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors). Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation. Notwithstanding this information, Plaintiffs knowingly chose to base New York Medicaid Program prescription drug reimbursement, in part, on the AWPs and/or WACs published by third-party publishing services. Since Plaintiffs were aware since the early 1990s at the latest that the reimbursement rates it chose to pay providers were greater than the providers' acquisition costs, Plaintiffs' delay in bringing its claims, and the claims of those persons on whose behalf it purports to bring this action, was unreasonable and prejudicial to the Warrick defendants. Accordingly, Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Every year, Plaintiffs receive funding from the federal government through the Federal Medicaid program for a percentage of the prescription drug reimbursement made under the New York Medicaid Program. Additionally, the State of New York collects tax revenue on any profits earned by pharmacies and other dispensers of prescription drugs earn through reimbursements for prescription drugs that are based on the AWPs and/or WACs published by third-party publishers. Plaintiffs also receive rebates from Warrick and Schering Corporation. Therefore, Plaintiffs' alleged damages, and the alleged damages of any person on whose behalf Plaintiffs purport to bring this action, must be substantially, if not entirely, set off or reduced by the amounts described above in order to avoid unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news article, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Additionally, since January 2002, Warrick has sent the New York Department of Health and the New York Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, retail pharmacy chains, and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the New York Department of Health and the New York Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Thus, Plaintiffs were aware, during the relevant time period, that the reimbursement rates it was paying providers were greater than the providers acquisition costs.  Plaintiffs' knowing, continuous and longstanding use of AWPs and/or WACs published by third-party publishing services in calculating drug reimbursement rates operated as an approval of AWPs and/or WACs on which the Warrick defendants reasonably relied.  Thus, Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to allege facts or a cause of action against the Warrick defendants sufficient to support an award of attorney's fees, penalties, compensatory damages, or punitive damages against Warrick defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs of penalty assessments and/or compensatory damages and/or punitive damages is barred in whole or in part because the amounts requested by Plaintiffs are so excessive as to bear no rational relationship to a legitimate state interest in punishment or deterrence or to appropriate compensation for Plaintiffs' alleged losses.  The amounts requested by Plaintiffs would, if awarded, be arbitrary and capricious in violation of the Due Process Clauses of the United States and State of New York Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the Plaintiffs' failure to join a necessary and/or indispensable party.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, against the Warrick defendants are misjoined and must be severed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred in whole or in part by the written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which was entered in pursuant to 42 U.S.C. section 1986r-8.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of any person on whose behalf Plaintiffs purport to bring this action, are barred to the extent they involve prescription drugs reimbursed without reference to AWPs and/or WACs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state with particularity facts to support the fraud allegations, the fraudulent concealment and the multi-source allegations against the Warrick Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Warrick Defendants hereby adopt any additional applicable defenses pled by any other defendant in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Warrick Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense,

WHEREFORE, the Warrick Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from the Warrick Defendants by way of its Complaint, that the Complaint be dismissed with prejudice, and that judgment be entered in favor of the Warrick Defendants and against Plaintiffs;

2.     That the Warrick Defendants be awarded their costs of suit herein, including reasonable attorney's fees; and

3.      That the Warrick Defendants be awarded any other relief this Court deems just and proper.

> Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation
>
> By their attorneys,
>
>
> /s/ John T. Montgomery
> John T. Montgomery (BBO#352220)
> Steven A. Kaufman (BBO#262230)
> John P. Bueker (BBO#636435)
> Kim B. Nemirow (BBO# 663258)
>
> ROPES & GRAY LLP
> One International Place
> Boston, Massachusetts 02110-2624
> (617) 951-7000

Date:   October 26, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2007, I caused a true and correct copy of Defendants Schering-Plough Corporation's, Schering Corporation's, And Warrick Pharmaceuticals Corporation's Answer To Plaintiffs' Revised First Amended Consolidated Complaint to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Kim B. Nemirow

Kim B. Nemirow