# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |

| | |
|---|---|
| THIS DOCUMENT RELATES TO: | ) ) ) | Judge Patti B. Saris |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) ) | |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) ) | |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) ) | |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | ) ) ) | |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) ) | |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | ) ) ) | |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) ) | |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) ) | |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) | ) ) ) | |
| *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) | ) ) | |

[Caption Continues on Next Page]

# ETHEX CORPORATION'S ANSWER TO THE
# REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00881) )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-06458) )

*County of Essex County v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00878) )

*County of Fulton v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00519) )

*County of Genesee v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06206) )

*County of Greene v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00474) )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00415) )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00715) )

*County of Lewis v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00839) )

*County of Madison v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00714) )

*County of Monroe v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06148) )

*County of Nassau v. Abbott Laboratories, Inc., et al.* )
(E.D.N.Y. No. 04-CV-5126) )

*County of Niagara v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06296) )

*County of Oneida v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00489) )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00088) )

*County of Ontario v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06373) )

*County of Orange v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 07-CV-2777) )

*County of Orleans v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06371) )

*County of Putnam v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-04740) )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00422)  )

*County of Rockland v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-7055)  )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00478)  )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06387)  )

*County of Seneca v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06370)  )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00479)  )

*County of Steuben v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06223)  )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*  )
(E.D.N.Y. No. CV-03-229)  )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00397)  )

*County of Ulster v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 06-CV-0123)  )

*County of Warren v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00468)  )

*County of Washington v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00408)  )

*County of Wayne v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06138)  )

*County of Westchester v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-6178)  )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 03-CV-6379)  )

AND  )

*County of Yates v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06172)  )

## PRELIMINARY STATEMENT

Defendant ETHEX Corporation ("ETHEX") respectfully submits this Answer to the First Amended Consolidated Complaint (the "Complaint") as follows:

The Complaint contains purported quotations from a number of sources.  In answering allegations consisting of quotations, ETHEX's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint improperly refers to ETHEX, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against ETHEX. Accordingly, the Complaint is insufficient to apprise ETHEX of the allegations asserted against it.  ETHEX has nevertheless attempted to respond to plaintiffs' allegations to the extent possible.

1.      Answering paragraph 1, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  ETHEX admits that Exhibit B-15 to the Complaint purports to identify ETHEX's prescription drugs at issue in this matter, but denies any liability with respect to any such drugs.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

2.      Answering paragraph 2, ETHEX refers to New York Social Services Law §§ 367-a and 368-a, and 42 U.S.C. § 1396d(b) for their terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

3.      Answering paragraph 3, ETHEX refers to New York Social Services Law §§ 367-a and 42 U.S.C. § 1396r for their terms and denies any characterization thereof.  Otherwise ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph or its accompanying footnote.

4.      Answering paragraph 4, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

5.      Answering paragraph 5, ETHEX refers to 42 C.F.R. § 447.331 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

6.      Answering paragraph 6, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  ETHEX denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies," to the extent that averment refers or relates to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in its accompanying footnote.

7.      Answering paragraph 7, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

8.      Answering paragraph 8, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

9.      Answering paragraph 9, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

10.      Answering paragraph 10, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

11.      Answering paragraph 11, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

12.      Answering paragraph 12, ETHEX denies the averments in this paragraph, and in the exhibit referenced therein, to the extent they refer or relate to ETHEX.

13.      Answering paragraph 13, ETHEX refers to 42 C.F.R. § 447.332 for its terms and denies any characterization thereof.  ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

14.      Answering paragraph 14, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

15.      Answering paragraph 15, ETHEX denies the averments in this paragraph, and in the exhibit referenced therein, to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

16.     Answering paragraph 16, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

17.     Answering paragraph 17, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18.     Answering paragraph 18, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

19.     Answering paragraph 19, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

20.     Answering paragraph 20, ETHEX refers to the Wall Street Journal article referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

21.     Answering paragraph 21, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

22.     Answering paragraph 22, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

23.     Answering paragraph 23, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

24.     Answering paragraph 24, ETHEX denies the averments in this paragraph, and in the exhibit referenced therein, to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

25.     Answering paragraph 25, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

26.     Answering paragraph 26, ETHEX refers to the Department of Health and Human Services report referenced for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

27.     Answering paragraph 27, ETHEX refers to the referenced transcript of a congressional hearing for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

28.     Answering paragraph 28, ETHEX denies the averments in this paragraph, and in the Exhibit referenced therein, to the extent they refer or relate to ETHEX.  Otherwise, ETHEX

lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

29. Answering paragraph 29, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

30. Answering paragraph 30, ETHEX denies the averments in this paragraph, and in the exhibit referenced therein, to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

31. Answering paragraph 31, ETHEX refers to 42 U.S.C. § 1369r-8 for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph and its accompanying footnote, except that ETHEX admits that it pays Medicaid rebates as required by law.

32. Answering paragraph 32, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

33. Answering paragraph 33, ETHEX refers to 42 U.S.C. § 1369r-8 for its terms and denies any characterization thereof. ETHEX further denies the averments in this paragraph, and its accompanying footnote, to the extent they refer or relate to ETHEX. Otherwise, ETHEX

lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

34.     Answering paragraph 34, ETHEX refers to the Department of Health and Human Services report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

35.     Answering paragraph 35, this paragraph does not appear to make any averments relating to ETHEX.  To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

36.     Answering paragraph 36, this paragraph does not appear to make any averments relating to ETHEX.  To the extent that the averments in this paragraph, or in the exhibit referenced therein, refer or relate to ETHEX, ETHEX denies them.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

37.     Answering paragraph 37, ETHEX admits that the Counties seek the relief listed but denies that any such relief is justified or appropriate.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

38.     Answering paragraph 38, ETHEX admits that the Counties seek to bring this action as alleged but denies that there is any basis for them to do so and denies that any relief is appropriate.

39.     Answering paragraph 39, ETHEX responds that the allegations of this paragraph state legal conclusions to which no response is required.

40.     Answering paragraph 40, ETHEX responds that the allegations of this paragraph state legal conclusions to which no response is required.

41.     Answering paragraph 41, ETHEX refers to N.Y. Soc. Serv. L. §§ 367-a and 368-a for their terms and denies any characterization thereof.  ETHEX denies the averments in this paragraph to the extent they allege that ETHEX is a defendant in *County of Nassau v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. 04-CV-5126) and *County of Orange v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 07-CV-2777), which it is not.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42.     Answering paragraph 42, ETHEX refers to N.Y. Soc. Serv. L. §§ 367 and 368 for their terms and denies any characterization thereof.  ETHEX denies the averments in this paragraph to the extent they allege that ETHEX is a defendant in *County of Nassau v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. 04-CV-5126), which it is not.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42 A.   Answering paragraph 42 A, ETHEX refers to N.Y. Soc. Serv. L. §§ 367 and 368 for their terms and denies any characterization thereof.  ETHEX denies the averments in this paragraph to the extent they allege that ETHEX is a defendant in *County of Orange v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. 04-CV-5126), which it is not.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

43.   Answering paragraph 43, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for which plaintiffs are suing which defendants.

44.   Answering paragraph 44, ETHEX admits that it sells prescription drugs and that it transacts business in the State and City of New York but denies that it is in the business of manufacturing prescription pharmaceuticals.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

45.   Answering paragraphs 45-60, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs.

46.   Answering paragraph 61, ETHEX admits the averments in the first sentence, except that it is a Missouri corporation and its principal place of business is located at One Corporate Woods Drive, St. Louis, Missouri 63044.  ETHEX admits the averments in the second sentence of this paragraph.  With respect to the third sentence of this paragraph, ETHEX admits that, among other things, it is in the business of marketing and selling prescription

pharmaceuticals, but denies that it is in the business of manufacturing prescription pharmaceuticals.

47.     Answering paragraphs 62-84, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs.

48.     Answering paragraph 85-88, these paragraphs do not appear to make any averments relating to ETHEX.  To the extent that the averments in these paragraph refer or relate to ETHEX, ETHEX denies them.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraph.

49.     Answering paragraph 89, ETHEX refers to Title XIX of the Social Security Act for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

50.     Answering paragraph 90, ETHEX refers to N.Y. Soc. Serv. L. § 363 *et seq*., 42 U.S.C. § 1396a, 42 C.F.R. §§ 433.32 and 433.33 for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

51.     Answering paragraph 91, ETHEX refers to N.Y. Soc. Serv. L. § 368-a and 42 U.S.C. § 1396(d) for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

52.     Answering paragraph 92, ETHEX refers to N.Y. Soc. Serv. L. § 145-b and 42 U.S.C. §§ 1396a and 1396b for their terms and denies any characterization thereof.  Otherwise,

ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

53.     Answering paragraph 93, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

54.     Answering paragraph 94, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

55.     Answering paragraph 95, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

56.     Answering paragraph 96, ETHEX refers to N.Y. Soc. Serv. L. § 367-a and N.Y. Laws 2003, Ch. 62, Part Z2 for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and its accompanying footnote.

57.     Answering paragraph 97, ETHEX refers to N.Y. Soc. Serv. L. § 367-a and N.Y. Laws 2004, Ch. 58, Part C, § 36 for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and its accompanying footnote.

58. Answering paragraph 98, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

59. Answering paragraph 99, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

60. Answering paragraph 100, ETHEX admits that national drug codes are assigned to prescription drugs and that the United States Food and Drug Administration assigns such codes.

61. Answering paragraph 101, ETHEX refers to the "List of Medicaid Reimbursable Drugs" referenced for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

62. Answering paragraph 102, ETHEX refers to the "List of Medicaid Reimbursable Drugs" referenced for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

63. Answering paragraph 103, ETHEX refers to the "List of Medicaid Reimbursable Drugs" referenced for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

64.     Answering paragraph 104, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and its accompanying footnote.

65.     Answering paragraph 105, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

66.     Answering paragraph 106, ETHEX refers to the "List of Medicaid Reimbursable Drugs" referenced for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

67.     Answering paragraph 107, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

68.     Answering paragraph 108, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

69.     Answering paragraph 109, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

70.     Answering paragraph 110, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

71.     Answering paragraph 111, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

72.     Answering paragraph 112, ETHEX admits that non-party publishing compendia such as First Data Bank's Blue Book publish pricing information.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

73.     Answering paragraph 113, ETHEX refers to the House Committee transcript referenced for its terms and denies any characterization thereof.  ETHEX further denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

74.     Answering paragraph 114, ETHEX refers to the Department of Health and Human Services report referenced for its terms and denies any characterization thereof.  ETHEX further denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

75.     Answering paragraph 115, ETHEX refers to the Department of Health and Human Services report referenced for its terms and denies any characterization thereof. Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

76.     Answering paragraph 116, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

77.     Answering paragraph 117, ETHEX refers to 42 U.S.C. § 1396r-8 and N.Y. Soc. Serv. L. § 367(a) for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

78.     Answering paragraph 118, ETHEX refers to 42 U.S.C. § 1396r-8 and N.Y. Soc. Serv. L. § 367(a) for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph and in its accompanying footnote.

79.     Answering paragraph 119, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

80.     Answering paragraph 120, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

81.     Answering paragraph 121, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

82.     Answering paragraph 122, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

83.     Answering paragraph 123, ETHEX refers to the House Report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

84.     Answering paragraph 124, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

85.     Answering paragraph 125, ETHEX refers to the New York Social Service Law referenced in the first sentence and the "Medicaid rebate provision" referenced in the third sentence for their terms.  ETHEX further denies that the plaintiffs are within the class of entities for whose benefit the Medicaid rebate provision was intended.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

86.     Answering paragraph 126, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

87.     Answering paragraph 127, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

88.     Answering paragraph 128, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

89.     Answering paragraph 129, ETHEX refers to 42 U.S.C. § 1396r-8 and the *amicus* brief referenced for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

90.     Answering paragraph 130, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

91.     Answering paragraph 131, ETHEX refers to the Model Rebate Agreement referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

92.     Answering paragraph 132, ETHEX admits that it has executed a rebate agreement with the Secretary of Health and Human Services, refers to the agreement for its terms, and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

93.     Answering paragraph 133, ETHEX refers to the Model Rebate Agreement referenced for its terms and denies any characterization thereof.   Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

94.     Answering paragraph 134, ETHEX refers to the Model Rebate Agreement referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks

knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

95.    Answering paragraph 135, ETHEX refers to the Model Rebate Agreement referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

96.    Answering paragraph 136, ETHEX refers to the Model Rebate Agreement referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

97.    Answering paragraph 137, ETHEX refers to N.Y. Soc. Serv. L. §§ 56, 61, and 62 for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

98.    Answering paragraph 138, ETHEX refers to 42 U.S.C. § 1396a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

99.    Answering paragraph 139, ETHEX refers to 42 U.S.C. § 1396a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

100.     Answering paragraph 140, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

101.     Answering paragraph 141, ETHEX refers to N.Y. Soc. Serv. L. § 145-b for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

102.     Answering paragraph 142, ETHEX refers to the cited *Amicus* brief for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

103.      Answering paragraph 143, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

104.     Answering paragraph 144, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

105.     Answering paragraph 145, ETHEX admits that Exhibit B-15 to the Complaint purports to identify the ETHEX prescription drugs at issue in this matter.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

106.     Answering paragraph 146, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

107.    Answering paragraph 147, ETHEX refers to Exhibit B-15 of the Complaint for its terms and denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

108.    Answering paragraph 148, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

109.    Answering paragraph 149, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

110.    Answering paragraph 150, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

111.    Answering paragraph 151, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

112.    Answering paragraph 152, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

113.     Answering paragraph 153, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

114.     Answering paragraph 154, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

115.     Answering paragraph 155, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

116.     Answering paragraph 156, ETHEX admits the averments in this paragraph to the extent that they allege that ETHEX at times allows certain credits, sometimes referred to as "chargebacks," to wholesalers.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

117.     Answering paragraph 157, ETHEX admits the averments in this paragraph to the extent that they allege that ETHEX follows a standard business practice of offering discounts to customers who comply with certain payment terms and at times allows certain credits, sometimes referred to as "chargebacks," to wholesalers.  ETHEX lacks knowledge or information to form a belief as to the averments made in the third and fourth sentences of this paragraph.  Otherwise ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.

118.     Answering paragraph 158, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

119.     Answering paragraph 159, ETHEX admits that PBMs are involved in administering and managing prescription drug benefit programs.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

120.     Answering paragraph 160, ETHEX admits that certain PBMs operate mail order pharmacies and that PBMs contract with others.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

121.     Answering paragraph 161, ETHEX refers to the Wall Street Journal article referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

122.     Answering paragraph 162, ETHEX refers to the Wall Street Journal article referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

123.     Answering paragraph 163, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

124.     Answering paragraph 164, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

125.     Answering paragraph 165, ETHEX refers to the Senate Committee Report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

126.     Answering paragraph 166, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

127.     Answering paragraph 167, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

128.     Answering paragraph 168, ETHEX admits that it has executed a Rebate Agreement.  ETHEX refers to the Rebate Agreement it executed for its terms and denies any characterization thereof.

129.     Answering paragraph 169, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

130.     Answering paragraph 170, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

131.    Answering paragraph 171, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

132.    Answering paragraph 172, ETHEX refers to the Rebate Agreement it executed for its terms and denies any characteriztion thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

133.    Answering paragraph 173, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

134.    Answering paragraph 174, ETHEX refers to the OIG report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

135.    Answering paragraph 175, ETHEX admits that it utilizes various standard business practices in selling its products, but otherwise denies the averments in this paragraph. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

136.    Answering paragraph 176, ETHEX refers to 42 U.S.C. § 1396r-8 for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

137.     Answering paragraph 177, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

138.     Answering paragraph 178, ETHEX refers to the Press Release referenced for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and its accompanying footnote.

139.     Answering paragraph 179, ETHEX refers to the Press Release referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

140.     Answering paragraph 180, ETHEX refers to the Hearing Transcript referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

141.     Answering paragraph 181, ETHEX refers to the Press Release referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and its accompanying footnote.

142.     Answering paragraph 182, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

143.     Answering paragraph 183, ETHEX refers to the letter referenced for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

144.     Answering paragraph 184, ETHEX refers to the letter referenced for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

145.     Answering paragraph 185, ETHEX refers to the letter referenced for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

146.     Answering paragraph 186, ETHEX refers to the GAO report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

147.     Answering paragraph 187, ETHEX refers to the GAO report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

148.     Answering paragraph 188, ETHEX refers to the OIG reports referenced for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

149.     Answering paragraph 189, ETHEX refers to the OIG report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

150.     Answering paragraph 190, ETHEX refers to the OIG report and the model rebate agreement referenced for their terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph

151.     Answering paragraph 191, ETHEX refers to the OIG report referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph

152.     Answering paragraph 192, ETHEX refers to the OIG report and the statement of Representative Waxman referenced for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph

153.     Answering paragraph 193, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

154.     Answering paragraph 194, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

155.    Answering paragraph 195, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

156.    Answering paragraph 196, ETHEX refers to the referenced Exhibit for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

157.    Answering paragraphs 197-451, these paragraphs do not appear to make any averments relating to ETHEX.  To the extent that the averments in these paragraphs and their accompanying footnotes refer or relate to ETHEX, ETHEX denies them.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs and their accompanying footnotes.

158.    Answering paragraph 452, ETHEX denies that it engaged in any fraud.  ETHEX further states that Exhibit B-15, not B-16, purports to identify ETHEX's prescription drugs at issue in this matter.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

159.    Answering paragraph 453, ETHEX denies the averments in this paragraph and the exhibit referenced therein.

160.    Answering paragraph 454, ETHEX admits that it has negotiated prices with certain of its customers.  ETHEX denies the remaining averments in this paragraph.

161.    Answering paragraph 455, ETHEX admits the averments in this paragraph to the extent they allege that during 2002 the net price paid for Nitroglycerin 9mg caplets by at least one customer was approximately $4.08 and that the reported AWP of $24.90 was in effect during part of 2002.  Otherwise ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.

162.    Answering paragraph 456, ETHEX admits the averments in this paragraph to the extent they allege that during 2003 the net price paid for Hydromorphone HCL 4mg tablets by at least one customer was approximately $15.98 and that the reported AWP of $69.61 was in effect during 2003.  Otherwise ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.

163.    Answering paragraph 457, ETHEX admits that at times there was a FUL in place for some of ETHEX's drugs.  ETHEX also admits the FUL for Doxazosin Mesylate 4 Mg tablets was $.6210/unit in 2002.  ETHEX denies the remaining averments in this paragraph.

164.    Answering paragraph 458, ETHEX denies that its pricing and reporting practices were improper.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of this paragraph.  ETHEX denies the averments in the third sentence of this paragraph.

165.    Answering paragraph 459, regarding the first sentence ETHEX admits only that it "is among the pharmaceutical companies referred to" earlier in the complaint but denies that it is "now under investigation" and denies that any prior investigation by the noted House Committee or any other Congressional committee has determined that ETHEX's AWP-related

32

pricing practices violated applicable law.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

166.     Answering paragraph 460, ETHEX admits only that it was named as a defendant in a lawsuit filed by the Massachusetts Attorney General.  ETHEX denies (i) that this paragraph of the Complaint accurately identifies the allegations against ETHEX in that Massachusetts action, (ii) that it "underpaid Medicaid rebates," and (iii) that the Massachusetts lawsuit had any sound legal basis.

167.     Answering paragraph 461, ETHEX denies the averments in this paragraph.

168.     Answering paragraphs 462-769, these paragraphs do not appear to make any averments relating to ETHEX.  To the extent that the averments in these paragraphs and their accompanying footnotes refer or relate to ETHEX, ETHEX denies them.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs and their accompanying footnotes.

169.     Answering paragraph 770, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made regarding the money spent by County Medicaid Programs.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

170.     Answering paragraph 771, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

171.     Answering paragraph 772, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

172.     Answering paragraph 773, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

173.     Answering paragraph 774, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

174.     Answering paragraph 775, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

175.     Answering paragraph 776, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

176.     Answering paragraph 777, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

177.     Answering paragraph 778, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

178.     Answering paragraph 779, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

179.     Answering paragraph 780, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

180.     Answering paragraph 781, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

181.     Answering paragraph 782, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

182.     Answering paragraph 783, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

183.     Answering paragraph 784, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

184.     Answering paragraph 785, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

185.     Answering paragraph 786, ETHEX refers to *The Pink Sheet* referenced for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

186.     Answering paragraph 787, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

187.     Answering paragraph 788, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

188.     Answering paragraph 789, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

189.     Answering paragraph 790, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## COUNT I

190.     In response to Paragraph 791, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 189 above.

191.     Answering paragraph 792, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

192.     Answering paragraph 793, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX and to the extent that they imply that ETHEX is a manufacturer.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

193.     Answering paragraph 794, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

194.     Answering paragraph 795, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

195.     Answering paragraph 796, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

196.     Answering paragraph 797, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

197.     Answering paragraph 798, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

198.     Answering paragraph 799, ETHEX denies the averments made in the paragraph.

199.     Answering paragraph 800, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## COUNT II

200.     In response to paragraph 801, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 199 above.

201.     Answering paragraph 802, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

202.     Answering paragraph 803, ETHEX refers to New York Social Services Law § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

203.     Answering paragraph 804, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

204.     Answering paragraph 805, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

205.     Answering paragraph 806, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

206.    Answering paragraph 807, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## COUNT III

207.    In response to Paragraph 808, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 206 above.

208.    Answering paragraph 809, ETHEX refers to New York Social Services Law § 145-b for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

209.    Answering paragraph 810, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

210.    Answering paragraph 811, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

211.    Answering paragraph 812, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

212.    Answering paragraph 813, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

**COUNT IV**

213.     In response to Paragraph 814, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 212 above.

214.     Answering paragraph 815, ETHEX refers to 18 N.Y.C.R.R. § 515.2(b) for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

215.     Answering paragraph 816, ETHEX refers to 18 N.Y.C.R.R. § 515.2(b) for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

216.     Answering paragraph 817, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

**COUNT V**

217.     In response to Paragraph 818, ETHEX repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 216 above.

218.     Answering paragraph 819, ETHEX admits that it entered into a Rebate Agreement with the Secretary of HHS.  ETHEX refers to that agreement for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

219.     Answering paragraph 820, ETHEX refers to the Rebate Agreement entered into by ETHEX for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

220.     Answering paragraph 821, ETHEX refers to 42 U.S.C. § 1396a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

221.     Answering paragraph 822, ETHEX refers to 42 U.S.C. § 1396a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

222.     Answering paragraph 823, ETHEX refers to N.Y. Soc. Serv. L. §§ 145-b, 145-(b), 360a, and 363 for their terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

223.     Answering paragraph 824, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

224.     Answering paragraph 825, ETHEX refers to N.Y. Soc. Serv. L. § 367-a for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

225.     Answering paragraph 826, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

226.    Answering paragraph 827, ETHEX refers to the Rebate Agreement entered into by ETHEX for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

227.    Answering paragraph 828, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

228.    Answering paragraph 829, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

229.    Answering paragraph 830, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

**COUNT VI**

230.    In response to Paragraph 831, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 229 above.

231.    Answering paragraph 832, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

232.     Answering paragraph 833, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

233.     Answering paragraph 834, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

234.     Answering paragraph 835, ETHEX refers to N.Y. Soc. Serv. L §§ 367-b and 363-b for their terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

235.     Answering paragraph 836, ETHEX refers to N.Y. Soc. Serv. L § 363 for its terms and denies any characterization thereof.  ETHEX denies the remaining averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

236.     Answering paragraph 837, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

237.     Answering paragraph 838, ETHEX denies the averments in this paragraph and in its sub-parts to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph and in its sub-parts.

238.     Answering paragraph 839, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## COUNT VII

239.     In response to Paragraph 840, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 238 above.

240.     Answering paragraph 841, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

241.     Answering paragraph 842, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

242.     Answering paragraph 843, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

243.     Answering paragraph 844, ETHEX refers to N.Y. Soc. Serv. L § 366-b for its terms and denies any characterization thereof.  Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

244.     Answering paragraph 845, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## COUNT VIII

245.    In response to Paragraph 846, ETHEX repeats and incorporates by reference paragraphs numbered 1 through 244 above.

246.    Answering paragraph 847, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

247.    Answering paragraph 848, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

248.    Answering paragraph 849, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in the paragraph.

## PRAYER FOR RELIEF

249.    Answering paragraph 850, ETHEX denies that any relief is appropriate.

250.    Answering paragraph 851, ETHEX denies that any relief is appropriate.

251.    Answering paragraph 852, ETHEX denies that any relief is appropriate.

252.    Answering paragraph 853, ETHEX denies that any relief is appropriate.

253.    Answering paragraph 854, ETHEX denies that any relief is appropriate.

254.    Answering paragraph 855, ETHEX denies that any relief is appropriate.

255.   Answering paragraph 856, ETHEX denies that any relief is appropriate.

256.   Answering paragraph 857, ETHEX denies that any relief is appropriate.

257.   Answering paragraph 858, ETHEX denies that any relief is appropriate.

**WHEREFORE**, ETHEX demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

ETHEX repeats and incorporates by reference paragraphs 1 through 257 above.  Without assuming any burden of proof that it would not otherwise bear, ETHEX also asserts the following defenses:

### First Affirmative Defense

Plaintiffs fail to state a claim against ETHEX upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs have no standing or capacity to bring some or all of the claims they assert.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by ETHEX.

### Fourth Affirmative Defense

Plaintiffs' have not suffered, and will not suffer, any damages or injury to any legally protected or cognizable interest by reason of any alleged conduct of ETHEX.

## Fifth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, by the filed rate doctrine.

## Sixth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, by the state action doctrine.

## Seventh Affirmative Defense

Any and all actions taken by ETHEX with respect to any of the matters alleged in the First Amended Consolidated Complaint were taken in good faith and in accordance with established industry practice.

## Eighth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whjole or in part, pursuant to the doctrines of *res judicata*, collateral estoppel, and/or the prohibition on double recovery for the same injury.

## Ninth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, due to their failure to join indispensable parties.

## Tenth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, to the extent that plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised any of plaintiffs' claims.

## Eleventh Affirmative Defense

Plaintiffs' state law claims against ETHEX are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments thereto and all regulations promulgated thereunder.

## Twelfth Affirmative Defense

Plaintiffs' claims against ETHEX are barred because ETHEX has complied with all applicable federal and state regulations.

## Thirteenth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and/or waiver.

## Fourteenth Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whore or in part, by plaintiffs' failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by plaintiffs were the result of their own conduct or the intervening or superseding conduct of third parties.

## Sixteenth Affirmative Defense

Plaintiffs' claims against ETHEX for damages are barred, in whole or in part, because they failed to mitigate their damages, or plaintiffs' failure to mitigate damages should proportionately reduce the recovery of plaintiffs and the allocation of any fault, if any exists, attributable to ETHEX.

## Seventeenth Affirmative Defense

Plaintiffs' claims against ETHEX for damages are barred, in whole or part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the First Amended Consolidated Complaint.

## Eighteenth Affirmative Defense

Since at least 2001, ETHEX has affirmatively stated on its published price lists that the AWP reported on its lists was a suggested wholesale price and not the actual price wholesalers charge to their customers.  ETHEX thus disclosed in its price announcements that reported AWPs for ETHEX drugs did not, and were not intended to, represent the actual price paid by purchasers of such products.  Accordingly, plaintiffs are estopped from claiming to have been defrauded by virtue of any action by ETHEX.

## Nineteenth Affirmative Defense

Plaintiffs fail to plead fraud with particularity, including failing to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against ETHEX contained in the Complaint.

## Twentieth Affirmative Defense

ETHEX's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiffs.

### Twenty-First Affirmative Defense

ETHEX denies that plaintiffs have valid consumer protection claims against ETHEX under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, ETHEX pleads all available defenses under the Act.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that plaintiffs have received and paid for medicines manufactured, marketed and sold by ETHEX after the filing of the complaint of Suffolk County.

### Twenty-Third Affirmative Defense

Plaintiffs' claims against ETHEX are barred, in whole or in part, because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Fourth Affirmative Defense

Plaintiffs fail to allege facts or a cause of action against ETHEX sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Twenty-Fifth Affirmative Defense

To the extent punitive damages are sought, plaintiffs' punitive damages claims against ETHEX have no basis in law or fact.

### Twenty-Sixth Affirmative Defense

To the extent punitive damages are sought, plaintiffs' punitive damages claims against ETHEX are not recoverable because the allegations of the Revised First Amended Consolidated Complaint are legally insufficient to support a claim for punitive damages against ETHEX.

### Twenty-Seventh Affirmative Defense

To the extent punitive damages are sought, plaintiffs' punitive damage claims against ETHEX are not recoverable because an award of punitive damages in this case would violate constitutional protections to which ETHEX is entitled.

### Twenty-Eighth Affirmative Defense

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because ETHEX did not retain any money belonging to the Counties as a result of any alleged overpayments.

### Twenty-Ninth Affirmative Defense

ETHEX is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiffs.

### Thirtieth Affirmative Defense

ETHEX hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

### Thirty-First Affirmative Defense

The lack of particularity in the Revised First Amended Consolidated Complaint make it impossible for ETHEX to determine at this time the extent of the defenses it may have, and ETHEX reserves the right to assert all applicable defenses once the precise nature of the relevant circumstances or events is determined through discovery.

### Thirty-Second Affirmative Defense

Any damage, loss, or liability sustained by plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than

ETHEX under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including the provisions of applicable state and federal law.

### Thirty-Third Affirmative Defense

Under the principles of contribution and indemnity, persons or entities other than ETHEX are wholly or partially responsible for the purported damages, if any, plaintiffs may have sustained.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of express and implied waiver, mistake, and mutual mistake.

### Thirty-Fifth Affirmative Defense

ETHEX hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to ETHEX.

### CONCLUSION

ETHEX reserves the right to amend this Answer and to assert other defenses as this action proceeds.

### PRAYERS FOR RELIEF

**WHEREFORE**, Defendant ETHEX Corporation respectfully prays for the following relief:

A. Dismissal of plaintiffs' claims with prejudice;

B. An award of attorneys' fees and costs, to the extent allowed by law; and

C. Such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

**DEFENDANT ETHEX CORPORATION DEMANDS A TRIAL BY JURY ON**

**ALL CLAIMS SO TRIABLE.**


Dated: October 26, 2007

                                                 Respectfully submitted
                                                 ETHEX CORPORATION

                                                 By Its Attorneys

                                               <u>/s/ Scott A. Birnbaum</u>
                                               Scott A. Birnbaum (BBO # 543834)
                                               Birnbaum & Godkin, LLP
                                               280 Summer Street, 5th Floor
                                               Boston, MA  02210
                                             Tel: 617-307-6100
                                             Fax: 617-307-6101

*Pro hac vice:*

Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
Joseph M. Meadows
ARNOLD & PORTER, LLP
555 12th Street, N.W.
Washington, D.C.  20004
Tel: 202-942-5000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Court's Case Management Order No. 2, by sending on October 26, 2007 a copy to Lexis-Nexis for posting and notification to all parties.

/s/ Scott A. Birnbaum_____