# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) |
| | Judge Patti B. Saris |

)
IN RE PHARMACEUTICAL INDUSTRY                )
AVERAGE WHOLESALE PRICE LITIGATION           )        MDL NO. 1456
                                             )        Civil Action No. 01-12257-PBS
                                             )
THIS DOCUMENT RELATES TO:                    )
                                             )        Judge Patti B. Saris
*The City of New York v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 04-CV-06054)                   )
*County of Albany v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00425)                   )
*County of Allegany v. Abbott Laboratories, Inc., et al.*   )        **THE ROCHE DEFENDANTS'**
(W.D.N.Y. No. 05-CV-06231)                   )        **ANSWER AND**
*County of Broome v. Abbott Laboratories, Inc., et al.*   )        **AFFIRMATIVE DEFENSES**
(N.D.N.Y. No. 05-CV-00456)                   )        **TO PLAINTIFFS' REVISED**
*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*   )        **FIRST AMENDED**
(W.D.N.Y. No. 05-CV-06242)                   )        **CONSOLIDATED**
*County of Cayuga v. Abbott Laboratories, Inc., et al.*   )        **COMPLAINT**
(N.D.N.Y. No. 05-CV-00423)                   )
*County of Chautauqua v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06204)                   )
*County of Chemung v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06744)                   )
*County of Chenango v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00354)                   )
*County of Columbia v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00867)                   )

[Caption Continues on Next Page]

*County of Cortland v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00881)   )

*County of Dutchess v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-06458)   )

*County of Essex County v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00878)   )

*County of Fulton v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00519)   )

*County of Genesee v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06206)   )

*County of Greene v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00474)   )

*County of Herkimer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00415)   )

*County of Jefferson v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00715)   )

*County of Lewis v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00839)   )

*County of Madison v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00714)   )

*County of Monroe v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06148)   )

*County of Nassau v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. 04-CV-5126)   )

*County of Niagara v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06296)   )

*County of Oneida v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00489)   )

*County of Onondaga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00088)   )

*County of Ontario v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06373)   )

*County of Orange v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 07-CV-2777)   )

*County of Orleans v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06371)   )

*County of Putnam v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-04740)   )

[Caption Continues on Next Page]

2

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00422)   )

*County of Rockland v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-7055)   )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00478)   )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06387)   )

*County of Seneca v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06370)   )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00479)   )

*County of Steuben v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06223)   )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. CV-03-229)   )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00397)   )

*County of Ulster v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 06-CV-0123)   )

*County of Warren v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00468)   )

*County of Washington v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00408)   )

*County of Wayne v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06138)   )

*County of Westchester v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-6178)   )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 03-CV-6379)   )

AND   )

*County of Yates v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06172)   )

Defendants Hoffmann-La Roche Inc. ("HLR") and Roche Laboratories Inc. ("RLI") (collectively, "Roche"), by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007, as follows:

## PRELIMINARY STATEMENT

The Revised First Amended Consolidated Complaint (the "Complaint") improperly refers to HLR, RLI, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Roche. This is insufficient to apprise Roche (let alone each separate entity) adequately of the allegations asserted against it. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Roche is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. Roche states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Roche and other persons or entities.

The Complaint also contains purported quotations from a number of sources. In answering allegations consisting of quotations, Roche's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted, or Roche's reference to the full document instead of the quote, shall not constitute an admission that the substantive content of the quote or document is or is not true, or that the material is relevant or admissible in this action.

Roche denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations,

implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Roche specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  For ease of reference, Roche includes in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These statements and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      Roche admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Roche denies there is any basis for them to do so as to Roche and denies that they are entitled to any relief.  Roche also admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Roche, Roche denies them.  Roche specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs as a result of any actions by Roche.  To the extent the remaining allegations in Paragraph 1 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

2.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Roche's prescription drugs.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.     To the extent the allegations in Paragraph 4 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 4 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

5.     To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Roche otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.     To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Roche otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 or its footnote, except Roche denies the allegations in the last sentence of the footnote to the extent they are directed at Roche.  To the extent the allegations in the last sentence of the footnote are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

7.     To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Roche otherwise

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

10.      To the extent the allegations in Paragraph 10 are directed at Roche, Roche denies them, except Roche admits that it has provided the WAC for its drugs to certain industry pricing compendia and that publishers apply their own markups to the WAC prices.  Roche specifically denies that it "set[s] AWP."  To the extent the allegations in Paragraph 10 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

11.      To the extent the allegations in Paragraph 11 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 11 are directed at (or refer to) parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

12.      To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

13.      To the extent the allegations in Paragraph 13 are directed at Roche, Roche denies them, except Roche admits that CMS has established FULs for certain drugs.  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves,

and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

14.     To the extent the allegations in Paragraph 14 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

15.     Roche states that Exhibit B does not contain any allegations of "FUL fraud" against any Roche drug, so no response is necessary.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

16.     To the extent the allegations in Paragraph 16 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 16 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 17 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

18.     Because the allegations in Paragraph 18 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Because the allegations in Paragraph 19 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Because the allegations in Paragraph 20 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.     Because the allegations in Paragraph 21 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Because the allegations in Paragraph 22 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 23 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

25.     To the extent the allegations in Paragraph 25 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 25 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

26.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.     To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 27 are directed at Roche, Roche denies them.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 29 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

30.     Roche states that Exhibit B does not contain any reference to "false and inflated FULs" with respect to any Roche drugs, and therefore no response is required.  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Roche otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Roche admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.     Because the allegations in Paragraph 35 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

37.     Roche admits that the Counties seek the relief listed in Paragraph 37, but Roche denies that there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Roche, Roche denies them.

Roche specifically denies that it has been involved in any "fraudulent and illegal manipulation of drug prices."  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

38.    Roche admits that the Counties seek to bring this action as alleged in Paragraph 38, but Roche denies there is any basis for them to do so as to Roche and denies that they are entitled to any relief.

39.    Roche states that Paragraph 39 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraph 39.

40.    Roche states that Paragraph 40 states legal conclusions as to which no response is required.  To the extent a response is deemed required, Roche denies the allegations in Paragraph 40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. § 1407.

41-42.  Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-42 and 42A.  To the extent the allegations in Paragraphs 41-42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

43.    Roche admits that the Plaintiffs purport to bring suit as alleged in Paragraph 43, but denies that there is any basis for them to do so as to Roche, and denies that they are entitled to any relief.  Roche further responds by reference to Case Management Order No. 33, dated September 14, 2007.

44.     To the extent the allegations in Paragraph 44 are directed at Roche, Roche denies them, except Roche admits that it manufactures and sells prescription drugs and that it transacts business in the State and City of New York.  To the extent the allegations in Paragraph 44 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

45-76.  The allegations in Paragraphs 45-76 are directed at parties other than Roche, and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 45-76 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche.

77.     Roche admits that HLR is a New Jersey corporation with its principal place of business located at 340 Kingsland Street, Nutley, NJ 07110-1199, and that RLI is a wholly-owned subsidiary of HLR and a Delaware corporation with its principal place of business at 340 Kingsland Street, Nutley, NJ 07110-1199.  Roche denies that Plaintiffs have any viable claims against HLR, RLI, or any other subsidiary or division, and otherwise denies the allegations in Paragraph 77 of the Complaint.

78-84.  The allegations in Paragraphs 78-84 are directed to other defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 78-84 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche.

85-88.  The allegations in Paragraphs 85-88 are directed to unknown defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 85-88.

89.     Roche states that Paragraph 89 states legal conclusions as to which no response is required, and further states that the provisions of Title XIX of the Social Security Act speak for themselves, and denies any characterizations thereof.

90.     Roche states that Paragraph 90 states legal conclusions as to which no response is required.  To the extent a response is deemed required, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Roche admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

91-99.  Roche states that Paragraphs 91-99 state legal conclusions as to which no response is required.  To the extent a response is required, Roche states that the statutes and regulations discussed and cited in Paragraphs 91-99 (and footnotes) speak for themselves, and any characterizations thereof are denied.

100.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except that Roche admits that national drug codes are assigned to prescription drugs and that the FDA assigns such codes.

101-111. Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except that Roche admits that pricing compendia such as Blue Book publish AWPs and FULs.

113.     To the extent the allegations in Paragraph 113 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 113 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

114-115.     To the extent the allegations in Paragraphs 114-115 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 114-115 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 114-115 refer to an April 2003 HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

116-123.     Roche states that Paragraphs 116-123 state legal conclusions as to which no response is required.  To the extent the allegations in Paragraphs 116-123 or their footnote refer to statutes, regulations or congressional reports, those sources speak for themselves, and any characterizations thereof are denied.  Roche denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 116-123 and their footnote.

124-125.     Roche states that Paragraphs 124-125 state legal conclusions as to which no response is required.  To the extent the allegations in Paragraphs 124-125 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Roche denies that the Counties are intended third-party beneficiaries of Medicaid rebate

agreements.  Roche denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 124-125.

126.     Roche states that Paragraph 126 states legal conclusions as to which no response is required.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied, although Roche admits it reports Best Prices and AMPs to HHS.  Roche denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126.

127-130.          Roche states that Paragraphs 127-130 state legal conclusions as to which no response is required.  To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.  Roche denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 127-130, except admits that it reports AMP and Best Price information to HHS and pays rebates to States.

131-136.          Roche states that Paragraphs 131-136 state legal conclusions as to which no response is required.  To the extent the allegations in Paragraphs 131-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.  Roche admits that HLR has a rebate agreement with HHS.

137.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137.  To the extent the allegations in Paragraphs 137 refer to statutes and regulations, those sources speak for themselves, and any characterizations thereof are denied.

138-141.    Roche states that Paragraphs 138-141 state legal conclusions as to which no response is required.  To the extent the allegations in Paragraphs 138-141 refer to statutes and regulations, those sources speak for themselves, and any characterizations thereof are denied.

142.    Roche states that Paragraph 142 refers to an amicus brief which speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 142 are directed at Roche, Roche denies them.

143.    Roche states that Paragraph 143 states legal conclusions as to which no response is required.  To the extent a response is required, Roche denies the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

145-149.    To the extent the allegations in Paragraphs 145-149 or Exhibit B are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

150-153.    To the extent the allegations in Paragraphs 150-153 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

154.    Paragraph 154 purports to contain a statement from HHS OIG, but Roche denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

155-158.      To the extent the allegations in Paragraphs 155-158 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

159-165.      Because Paragraphs 159-165 refer to entities other than Roche (PBMs), Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in those paragraphs, except that Roche admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.     To the extent the allegations in Paragraph 166 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

167.     Because Paragraph 167 refers to entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168-172.      To the extent the allegations in Paragraphs 168-172 are directed at Roche, Roche denies them, except that Roche admits that HLR has executed a rebate agreement with HHS.  Roche further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Roche.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a

belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

173.     To the extent the allegations in Paragraph 173 are directed at Roche, Roche denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Roche.  To the extent the allegations in Paragraph 173 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 173 refer to statutes, those statutes speak for themselves, and any characterizations thereof are denied.

174.     To the extent the allegations in Paragraph 174 are directed at Roche, Roche denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Roche.  To the extent the allegations in Paragraph 174 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 174 refer to an OIG report, such report speaks for itself, and any characterizations thereof are denied.

175.     To the extent the allegations in Paragraph 175 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 175 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

176.     To the extent the allegations in Paragraph 176 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 176 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 176 refer to statutes, those statutes speak for themselves, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 177 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

178-180.  To the extent the allegations in Paragraphs 178-180 are directed at Roche, Roche denies them, but admits that HLR received the June 2003 letter and states that such letter speaks for itself and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 178-180 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-180 refer to a press release and congressional hearing transcript, those sources speaks for themselves, and any characterizations thereof are denied.

181.    To the extent the allegations in Paragraph 181 are directed at Roche, Roche denies them, but admits that HLR received the April 2004 letter and states that such letter speaks for itself and any characterizations thereof are denied.  To the extent the allegations in Paragraph 181 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

182-185.        To the extent the allegations in Paragraphs 182-185 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 182-185 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 182-185 refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

186-187.        To the extent the allegations in Paragraphs 186-187 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 186-187 are directed at parties or

entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 186-187 refer to a GAO report, such report speaks for itself, and any characterizations thereof are denied.

188-192.      To the extent the allegations in Paragraphs 188-192 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 188-192 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 188-192 refer to OIG reports, and information posted on websites, such sources speak for themselves, and any characterizations thereof are denied.

193.      Roche incorporates by reference its answers to Paragraphs 177-192.

194.      To the extent the allegations in Paragraph 194 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 194 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

195.      To the extent the allegations in Paragraph 195 are directed at Roche, Roche denies them, except that Roche admits that its contracts with purchasers for certain products at certain times included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

196.      To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Roche, Roche denies them, although Roche admits that Exhibit A purports to contain the information listed in Paragraph 196.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

197-502.     The allegations in Paragraphs 197-502 are directed to other defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 197-502 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche in Paragraphs 197-502.

503.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 503 or its footnote or the exhibits referenced therein, except Roche admits that Exhibits A and B purport to contain the information cited by Plaintiffs, but denies that Plaintiffs are entitled to any relief against Roche.

504.     Roche denies the allegations in Paragraph 504 and the exhibit referenced therein.

505-506.     Roche denies the allegations in Paragraphs 505-506.

507-508.     Roche denies the allegations in Paragraphs 507-508, except that Roche admits that it responded to requests for information from congressional committees.

509-769.     The allegations in Paragraphs 509-769 are directed to other defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 509-769 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of those allegations directed at parties other than Roche.

770-772.     To the extent the allegations in Paragraphs 770-772 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 770-772 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

773-785.      To the extent the allegations in Paragraphs 773-785 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 773-785 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

786.      To the extent the allegations in Paragraph 786 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 786 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

787-790.      To the extent the allegations in Paragraphs 787-790 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 787-790 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.      In response to Paragraph 791, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792-800.      To the extent the allegations in Paragraphs 792-800 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required.  To the extent that a response is still required, Roche denies the allegations as to itself, except admits that HLR is a manufacturer of a drug covered by Medicaid, but denies that Plaintiffs have viable claims against Roche.  To the extent the allegations in Paragraphs 792-800 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

### VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.    In response to Paragraph 801, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802-807.      To the extent the allegations in Paragraphs 802-807 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required.  To the extent that a response is still required, Roche denies the allegations as to itself, except admits that HLR is a manufacturer of a drug covered by Medicaid, but denies that Plaintiffs have viable claims against Roche.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.    In response to Paragraph 808, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Roche states that Paragraph 809 states legal conclusions as to which no response is required.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

810-813.        To the extent the allegations in Paragraphs 810-813 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

## COUNT IV

## VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.    In response to Paragraph 814, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815-816.        To the extent the allegations in Paragraphs 815-816 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required. Roche further states that Paragraphs 815-816 state legal conclusions as to which no response is required.  To the extent that a response is still required, Roche denies the allegations as to itself.

817.    To the extent the allegations in Paragraph 817 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 817 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT V

## BREACH OF CONTRACT

818.    In response to Paragraph 818, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819-830.        To the extent the allegations in Paragraphs 819-830 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required.  To

the extent that a response is still required, Roche denies the allegations as to itself, except admits that HLR entered into a rebate agreement with HHS.  Roche further denies that the Counties or New York State are intended third party beneficiaries of the rebate agreement.  To the extent the allegations in Paragraphs 819-830 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 819-830 refer to statutes, those statutes speak for themselves, and any characterizations thereof are denied.

## COUNT VI

### UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq*.)

831.     In response to Paragraph 831, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832-836.     To the extent the allegations in Paragraphs 832-836 and the exhibits referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 832-836 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-836 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

837.     Roche states that Paragraph 837 states legal conclusions as to which no response is required.  To the extent the allegations in Paragraph 837 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 837 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

838-839.     To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs

838-839 and the sub-parts thereto are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

## COUNT VII

## FRAUD

840.     In response to Paragraph 840, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841-843.        To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

844.     Roche states that Paragraph 844 states legal conclusions as to which no response is required.  To the extent the allegations in Paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations or inferences of actionable conduct by Roche thereof are denied.

845.     To the extent the allegations in Paragraph 845 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT VIII

## UNJUST ENRICHMENT

846.    In response to Paragraph 846, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847-849.    To the extent the allegations in Paragraphs 847-849 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

**PRAYER FOR RELIEF**

850-858.    Roche denies that the Counties are entitled to a judgment or any other relief as to Roche as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.  Roche restates its responses to Paragraphs 1-849 herein.

**<u>AFFIRMATIVE DEFENSES</u>**

Roche reasserts and incorporates herein by reference the assertions of paragraphs 1 through 858 hereof.

**<u>First Affirmative Defense</u>**

Plaintiffs fail to state a claim against Roche upon which relief may be granted.

**<u>Second Affirmative Defense</u>**

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Roche.  Plaintiffs knew that providers could obtain Roche drugs at prices below AWP.

**<u>Third Affirmative Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

## Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking any or all recovery against Roche based on the Complaint pursuant to the doctrines of set-off, *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Roche in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, and the Medicare Prescription

Drug, Improvement, and Modernization Act of 2003 including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiffs' claims against Roche are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support all claims of fraudulent conduct and fraudulent concealment.

### Twelfth Affirmative Defense

Any and all actions taken by Roche with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Roche's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Roche denies that Plaintiffs have valid consumer protection claims against Roche under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Roche pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Roche, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

**Sixteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Roche after the filing of the complaint of Suffolk County.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Nineteenth Affirmative Defense**

Plaintiffs' claims against Roche are barred, in whole or in part, due to their failure to join indispensable parties.

**Twentieth Affirmative Defense**

Plaintiffs' claims against Roche are barred, in whole or in part, because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Roche.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the New York State Constitution.

### Twenty-Third Affirmative Defense

Plaintiffs lack standing to bring their claims.

### Twenty-Fourth Affirmative Defense

Any damages recovered by Plaintiffs from Roche must be limited by the applicable statutory ceilings on recoverable damages.

### Twenty-Fifth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Roche are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Roche.

### Twenty-Sixth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Roche cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment (U.S. Const. amend. VIII), and the Due Process Clause of the Fourteenth Amendment (U.S. Const. amend. XIV § 1), and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims for equitable relief against Roche are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Eighth Affirmative Defense

Plaintiffs and/or their agents knew or had reason to know that AWP was not an actual acquisition cost of drugs.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine.

### Thirtieth Affirmative Defense

Plaintiffs' claims are preempted by the Commerce Clause and the dormant Commerce Clause of the United States Constitution.

### Thirty-First Affirmative Defense

Plaintiffs' claims against Roche are barred because Roche has complied with all applicable regulations of the federal and state governments.

### Thirty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries Plaintiffs sustained were the result of Plaintiffs' own conduct or the intervening or superseding conduct of third parties.

### Thirty-Third Affirmative Defense

With respect to any assertion, representation, or statement of fact that Plaintiffs claim Roche made or caused to be made, Roche had no reasonable grounds to believe and did not believe at the time the assertion, representation, or statement was made or caused to be made that the assertion, representation, or statement was untrue, deceptive, or misleading.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Roche did not owe a duty to Plaintiffs.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they violate Roche's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the New York State Constitution, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

### Thirty-Seventh Affirmative Defense

Plaintiffs' unjust enrichment claims are barred because Roche has not accepted or retained any benefits under circumstances in which it would be inequitable for Roche to do so.

### Thirty-Eighth Affirmative Defense

Any or all of Plaintiffs' claims are barred because of the lack of privity between Roche and Plaintiffs, and because Plaintiffs are not intended beneficiaries of the Medicaid Rebate Agreement between Roche and the federal government, and Plaintiffs have no standing to bring any claims that relate to the calculation or payment of Medicaid rebates.

### Thirty-Ninth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the existence and terms of the written rebate agreement between Roche and the Secretary of the Department of Health and Human Services (HHS) on behalf of HHS and certain States, which was entered into pursuant to 42 U.S.C. § 1396r-8.

### Fortieth Affirmative Defense

Some or all of Plaintiffs' claims against Roche arise from their failure to follow their federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

34

**<u>Forty-First Affirmative Defense</u>**

Roche adopts by reference any additional applicable defense pled by any other

defendant not otherwise pled herein.

**<u>Forty-Second Affirmative Defense</u>**

Roche hereby gives notice that it intends to rely upon any other and additional

defense that is now or may become available or appear during, or as a result of the discovery

proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

Dated: Boston, Massachusetts
      October 26, 2007

                                                Respectfully submitted,

                                                <u>/s/ Colleen M. Hennessey</u>
                                                Colleen M. Hennessey, Esq. (BBO 559235)
                                                Peabody & Arnold, LLP
                                                Federal Reserve Plaza
                                                600 Atlantic Avenue
                                                Boston, MA 02210-2261
                                                Tel:  617-951-2100
                                                Fax:  617-951-2125

Of Counsel:

Grace Rodriguez
Kevin Sullivan
Ann Malekzadeh
Augusta Ridley
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington DC 20006
Tel:  202-737-0500
Fax:  202-626-3737

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record electronically by CM/ECF and LexisNexis File & Serve, this 26th day of October, 2007.

<u>/s/ Colleen M. Hennessey</u>
Colleen M. Hennessey, Esq. (BBO 559235)
Peabody & Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
Tel:  617-951-2100
Fax:  617-951-2125