# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | ) ) |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | ) ) |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) | ) ) |
| *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) | ) ) |

MDL NO. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

[Caption Continues on Next Page]

# ANSWER AND AFFIRMATIVE DEFENSES
# OF BAXTER HEALTHCARE CORPORATION
# TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00881)                                     )
                                                              )
*County of Dutchess v. Abbott Laboratories, Inc., et al.*      )
(S.D.N.Y. No. 05-CV-06458)                                     )
                                                              )
*County of Essex County v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00878)                                     )
                                                              )
*County of Fulton v. Abbott Laboratories, Inc., et al.*        )
(N.D.N.Y. No. 05-CV-00519)                                     )
                                                              )
*County of Genesee v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06206)                                     )
                                                              )
*County of Greene v. Abbott Laboratories, Inc., et al.*        )
(N.D.N.Y. No. 05-CV-00474)                                     )
                                                              )
*County of Herkimer v. Abbott Laboratories, Inc., et al.*      )
(N.D.N.Y. No. 05-CV-00415)                                     )
                                                              )
*County of Jefferson v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00715)                                     )
                                                              )
*County of Lewis v. Abbott Laboratories, Inc., et al.*         )
(N.D.N.Y. No. 05-CV-00839)                                     )
                                                              )
*County of Madison v. Abbott Laboratories, Inc., et al.*       )
(N.D.N.Y. No. 05-CV-00714)                                     )
                                                              )
*County of Monroe v. Abbott Laboratories, Inc., et al.*        )
(W.D.N.Y. No. 05-CV-06148)                                     )
                                                              )
*County of Nassau v. Abbott Laboratories, Inc., et al.*        )
(E.D.N.Y. No. 04-CV-5126)                                      )
                                                              )
*County of Niagara v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06296)                                     )
                                                              )
*County of Oneida v. Abbott Laboratories, Inc., et al.*        )
(N.D.N.Y. No. 05-CV-00489)                                     )
                                                              )
*County of Onondaga v. Abbott Laboratories, Inc., et al.*      )
(N.D.N.Y. No. 05-CV-00088)                                     )
                                                              )
*County of Ontario v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06373)                                     )
                                                              )
*County of Orange v. Abbott Laboratories, Inc., et al.*        )
(S.D.N.Y. No. 07-CV-2777)                                      )
                                                              )
*County of Orleans v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06371)                                     )
                                                              )
*County of Putnam v. Abbott Laboratories, Inc., et al.*        )
(S.D.N.Y. No. 05-CV-04740)                                     )

[Caption Continues on Next Page]

DSMDB-2336086v02

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)                                    )
                                                             )

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)                                     )
                                                             )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00478)                                    )
                                                             )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06387)                                    )
                                                             )

*County of Seneca v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06370)                                    )
                                                             )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00479)                                    )
                                                             )

*County of Steuben v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06223)                                    )
                                                             )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. CV-03-229)                                      )
                                                             )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00397)                                    )
                                                             )

*County of Ulster v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 06-CV-0123)                                     )
                                                             )

*County of Warren v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00468)                                    )
                                                             )

*County of Washington v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00408)                                    )
                                                             )

*County of Wayne v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06138)                                    )
                                                             )

*County of Westchester v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-6178)                                     )
                                                             )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 03-CV-6379)                                     )
                                                             )
                                                             )

AND                                                          )
                                                             )

*County of Yates v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06172)                                    )
                                                             )

DSMDB-2336086v02

Defendants Baxter Healthcare Corporation ("Baxter Healthcare"),[1] by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October, 5, 2007, as follows:

## PRELIMINARY STATEMENT

The First Amended Consolidated Complaint (the "Complaint") improperly refers to Baxter Healthcare Corporation, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter Healthcare.  This is insufficient to apprise Baxter Healthcare of the allegations asserted against it.   Baxter Healthcare has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Baxter Healthcare is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Baxter Healthcare states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Baxter Healthcare and other persons or entities.

The Complaint also contains purported quotations from a number of sources.   In answering allegations consisting of quotations, Baxter Healthcare's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Baxter Healthcare's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Baxter Healthcare denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein

---

[1] This Answer is submitted solely on behalf of Defendant Baxter Healthcare Corporation.  Defendant Baxter International Inc. is submitting a separate Answer.

DSMDB-2336086v02

is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole. In addition, Baxter Healthcare specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, Baxter Healthcare has included in this Answer and Affirmative Defenses the captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

To the extent that the unnumbered paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Baxter Healthcare, Baxter Healthcare denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of Defendants, including Baxter Healthcare, as set forth in the Complaint. To the extent that the Complaint's Introductory Paragraph states legal conclusions, no response is required. To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.      Baxter Healthcare admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Baxter Healthcare denies there is any basis for them to do so and denies that they are entitled to any relief. Baxter Healthcare also admits that Exhibit B to the Complaint purport to identify the prescription drugs at issue in this matter, but denies any

DSMDB-2336086v02

liability to Plaintiffs with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs To the extent the remaining allegations in Paragraph 1 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

2.      Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.      Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Baxter Healthcare's prescription drugs.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.      To the extent the allegations in Paragraph 4 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it was involved in "fraudulent schemes," the "manipulation of the Medicaid program" or the "intentional fraudulent inflation" of wholesale prices, or that the Counties' Medicaid Programs were "overcharge[d]." To the extent the allegations in Paragraph 4 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

DSMDB-2336086v02

5.      To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Baxter Healthcare otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter Healthcare otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 or its footnote, except Baxter Healthcare denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies."

7.      To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Baxter Healthcare otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it "control[s] and unlawfully inflates[s]" average wholesale prices ("AWPs") or federal upper limits ("FULs").  To the extent the allegations in Paragraph 9 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

10.      To the extent the allegations in Paragraph 10 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that it has provided the list price

DSMDB-2336086v02

of its drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices.  Baxter Healthcare specifically denies that it "set[s] AWP."  To the extent the allegations in Paragraph 10 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

11.     To the extent the allegations in Paragraph 11 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that CMS has established FULs for certain drugs.  Baxter Healthcare specifically denies that it "control[s] the FUL."  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

14.     To the extent the allegations in Paragraph 14 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 14 are directed at

DSMDB-2336086v02

parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 16 through 17.     To the extent the allegations in Paragraphs 16-17 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it "submit[s] false and inflated price information to the publishing compendia." Baxter Healthcare further denies the characterization of "spread" in Paragraphs 16-17.  To the extent the allegations in Paragraphs 16-17 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 18 through 19.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19.

20.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

DSMDB-2336086v02

23.     To the extent the allegations in Paragraph 23 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "secretly polluted the entire reimbursement system with false and inflated prices."  To the extent the allegations in Paragraph 23 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "cause[d] false and inflated published reimbursement prices to issue."  Baxter Healthcare further denies the characterization of "spread" in Paragraph 24.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

25.     To the extent the allegations in Paragraph 25 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "create[d], inflate[d], manipulate[d] and market[ed] the spread for both brand name and generic drugs."  To the extent the allegations in Paragraph 25 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

26.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer

DSMDB-2336086v02

to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has engaged in "intentional AWP inflation" or "fraud."  Baxter Healthcare further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "reported or caused to be reported [] false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system."  To the extent the allegations in Paragraph 29 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has engaged in any "pricing misconduct."  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

DSMDB-2336086v02

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter Healthcare otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Baxter Healthcare admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "abused" any Medicaid statute.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.     Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

DSMDB-2336086v02

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that it has been named as a Defendant in lawsuits filed by various states and has responded to requests for information in government investigations related to drug pricing.  Baxter Healthcare specifically denies any wrongdoing.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

37.     Baxter Healthcare admits that the Counties seek the relief listed in Paragraph 37, but Baxter Healthcare denies there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has been involved in any "fraudulent and illegal manipulation of drug prices."  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

38.     Baxter Healthcare admits that the Counties seek to bring this action as alleged in Paragraph 38, but Baxter Healthcare denies there is any basis for them to do so and denies that they are entitled to any relief.

Paragraphs 39 through 40.     Paragraphs 39-40 state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Baxter Healthcare denies the allegations in Paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

DSMDB-2336086v02

Paragraphs 41 through 42 and 42A.   Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-42 and 42A.  To the extent the allegations in Paragraphs 41-42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

43.     Baxter Healthcare denies the allegations in Paragraph 43 and its footnote, and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for which Plaintiffs are suing which Defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that it manufactures and sells prescription drugs and that it transacts business in the State and City of New York.  Baxter Healthcare specifically denies that it "manufactures, markets and sells prescription drugs with false and inflated wholesale prices."  To the extent the allegations in Paragraph 44 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 45 through 50.     The allegations in Paragraphs 45-50 are directed to other Defendants and require no response from Baxter Healthcare.  To the extent a response is deemed to be required, Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-50.

51.     With respect to the allegations in Paragraph 51, Baxter Healthcare admits that Baxter Healthcare Corporation is the principal domestic operating subsidiary of Baxter International Inc., located at One Baxter Parkway, Deerfield, Illinois.  This Answer is submitted solely on behalf of Defendant Baxter Healthcare, and Defendant Baxter International Inc. is

DSMDB-2336086v02

submitting a separate Answer.  Baxter Healthcare otherwise denies the allegations in Paragraph 51 of the Complaint.

Paragraphs 52 through 84.    The allegations in Paragraphs 52-84 are directed to other Defendants and require no response from Baxter Healthcare.  To the extent a response is deemed to be required, Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 52-84.

Paragraphs 85 through 88.    The allegations in Paragraphs 85-88 are directed to unknown Defendants and require no response from Baxter Healthcare.  To the extent a response is deemed to be required, Baxter Healthcare denies that it was involved any conspiracy related to drug pricing with either named or unknown defendants.  Baxter Healthcare also denies that it has engaged in any "wrongful acts" related to drug pricing.

89.    With respect to the allegations in Paragraph 89, Baxter Healthcare admits that Medicaid was established by Title XIX of the Social Security Act.  Baxter Healthcare further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

90.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Baxter Healthcare admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 91 through 99.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.

DSMDB-2336086v02

To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

100.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except admits that national drug codes are assigned to prescription drugs and that the FDA assigns such codes.

Paragraphs 101 through 111.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs, and denies that Baxter Healthcare has any control over such prices.

113.    To the extent the allegations in Paragraph 113 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it has "fraudulently conceal[ed]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 113 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 114 through 115.    To the extent the allegations in Paragraphs 114-115 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it has

DSMDB-2336086v02

engaged in the "purposeful manipulation of reimbursement prices generally, and AWP in particular." Baxter Healthcare further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 114-115 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 114-115 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

Paragraphs 116 through 123. With respect to the allegations in Paragraphs 116-123 and their footnotes, Baxter Healthcare admits that the Medicaid statute includes a rebate provision, that it has entered into a rebate agreement with the Secretary of Health and Human Services, and that rebates help reduce state Medicaid drug expenditures. Baxter Healthcare further states that the rebate provision speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

Paragraphs 124 through 125. Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 124-125. To the extent the allegations in Paragraphs 124-125 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter Healthcare denies that the Counties are intended third-party beneficiaries of Medicaid rebate agreements.

126. With respect to the allegations in Paragraph 126, Baxter Healthcare admits that drug manufacturers report Best Prices and AMPs to HHS. To the extent the allegations in

DSMDB-2336086v02

Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 127 through 130. Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130, except admits that it reports Medicaid information to HHS and pays rebates to States. To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

131. To the extent the allegations in Paragraph 131 are directed at Baxter Healthcare, Baxter Healthcare denies them. To the extent the allegations in Paragraph 131 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

132. To the extent the allegations in Paragraph 132 are directed at Baxter Healthcare, Baxter Healthcare admits that it has executed a rebate agreement with HHS. Baxter Healthcare further states that the rebate agreement speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraph 132 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

Paragraphs 133 through 136. Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136. To the extent

DSMDB-2336086v02

the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

Paragraphs 137 through 143. Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137-143, except Baxter Healthcare denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements. To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

144. To the extent the allegations in Paragraph 144 are directed at Baxter Healthcare, Baxter Healthcare denies them. Baxter Healthcare specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated." Baxter Healthcare further denies the characterization of "spread" in Paragraph 144. To the extent the allegations in Paragraph 144 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 145 through 149. With respect to the allegations in Paragraphs 145-149, Baxter Healthcare admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein. To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Baxter Healthcare, Baxter Healthcare denies them. Baxter Healthcare specifically denies that it "routinely submitted fraudulent prices" to pricing compendia. Baxter Healthcare further denies the characterization of "spread" in Paragraphs 145-149 and Exhibit B. To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Baxter

DSMDB-2336086v02

Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 150 through 153.   To the extent the allegations in Paragraphs 150-153 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

154.   Paragraph 154 purports to contain a statement from HHS OIG, but Baxter Healthcare denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

Paragraphs 155 through 158.   To the extent the allegations in Paragraphs 155-158 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.   To the extent the allegations in Paragraphs 155-158 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 159 through 165.  Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Baxter Healthcare admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the

DSMDB-2336086v02

allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.    To the extent the allegations in Paragraph 166 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare specifically denies that it "control[s] the published reimbursement prices."  To the extent the allegations in Paragraph 166 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

167.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

Paragraph 168 through 172.    To the extent the allegations in Paragraphs 168-172 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that it has executed a rebate agreement with HHS.  Baxter Healthcare further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Baxter Healthcare. In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 168-172 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 173 through 176.   To the extent the allegations in Paragraphs 173-176 are directed at Baxter Healthcare, Baxter Healthcare denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Baxter Healthcare. To the extent the allegations in Paragraphs 173-176 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to

DSMDB-2336086v02

their truth.  To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that it has responded to requests for information in government investigations related to drug pricing.  Baxter Healthcare specifically denies any wrongdoing.  To the extent the allegations in Paragraph 177 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 178 through 194.  To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-194 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

195.    To the extent the allegations in Paragraph 195 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Baxter

DSMDB-2336086v02

Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 197 through 295.   The allegations in Paragraphs 197-295 are directed to other Defendants and require no response from Baxter Healthcare.  To the extent a response is deemed to be required, Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-295.

296.   Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 or its footnote or the exhibit referenced therein, except Baxter Healthcare states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.

297.   Baxter Healthcare denies the allegations in Paragraph 297 and the exhibit referenced therein, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.

Paragraphs 298 through 299.   Baxter Healthcare denies the allegations in Paragraphs 298-299.

300.   Baxter Healthcare denies the allegations in Paragraph 300.  Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation to unidentified documents.

301.   Baxter Healthcare admits that it previously had a distribution relationship with Teva for at least one drug.  Baxter Healthcare otherwise denies the allegations in Paragraph 301 of the Complaint.

302.   Baxter Healthcare denies the allegations in Paragraph 302.

DSMDB-2336086v02

303.    Baxter Healthcare denies the allegations in Paragraph 303.  To the extent that the allegations in Paragraph 303 refer to a Baxter document, Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter Healthcare denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of the document.

304.    Baxter denies the allegations in Paragraph 304.  To the extent the allegations in Paragraph 304 refer to a DHHS report, Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation to the DHHS report.  Baxter Healthcare denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the DHHS report.

305.    Baxter Healthcare denies the allegations in Paragraph 305, specifically the allegation that Baxter Healthcare reported "fraudulent AWPs."   Baxter Healthcare denies knowledge or information sufficient to form a belief as to how County Medicaid Programs pay for drugs.

306.    Baxter Healthcare denies the allegations in Paragraph 306, except Baxter Healthcare admits that it has been named as a Defendant in lawsuits filed by the States of Alabama, Illinois, Kentucky, Montana, Pennsylvania, Texas, and Wisconsin.  Baxter Healthcare specifically denies that there is any basis for those lawsuits or that it has been involved in any "wrongdoing."

Paragraphs 307 through 309.   Baxter Healthcare denies the allegations in Paragraphs 307-309, except Baxter Healthcare admits that it sometimes offered discounts from the prices of some of its drugs.  Baxter Healthcare further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the

Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.

310.    Baxter Healthcare denies the allegations in Paragraph 310, except Baxter Healthcare admits that it responded to requests for information in congressional and state investigations related to drug pricing.

311.    Baxter Healthcare denies the allegations in Paragraph 311.  To the extent that the allegations in Paragraph 311 refer to a letter from Representative Stark, the letter speaks for itself, and Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter Healthcare denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of the letter.

Paragraphs 312 through 313.   Baxter Healthcare denies the allegations in Paragraph 312-313.   To the extent that the allegations in Paragraphs 312-313 refer to a letter from Representative Stark, the letter speaks for itself, and Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation.   To the extent that the allegations in Paragraphs 312-313 refer to alleged Baxter Healthcare communications, Baxter Healthcare denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter Healthcare denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of either the Stark letter or the alleged Baxter Healthcare communications.

Paragraphs 314 through 769.   The allegations in Paragraphs 314-769 are directed to other Defendants and require no response from Baxter Healthcare.  To the extent a response is deemed to be required, Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 314-769.

DSMDB-2336086v02

Paragraphs 770 through 772.   To the extent the allegations in Paragraphs 770-772 are directed at Baxter Healthcare, Baxter Healthcare denies them, except Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005." Baxter Healthcare specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."   To the extent the allegations in Paragraphs 770-772 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 773 through 790.   To the extent the allegations in Paragraphs 773-790 are directed at Baxter Healthcare, Baxter Healthcare denies them.  Baxter Healthcare further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8
### (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.    In response to Paragraph 791, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

Paragraphs 792 through 800.   To the extent the allegations in Paragraphs 792-800 are directed at Baxter Healthcare, Baxter Healthcare states that the Court has dismissed the claim to

26

which these allegations relate.  To the extent that a response is still required, Baxter Healthcare denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

### VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d)
### (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.    In response to Paragraph 801, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

Paragraphs 802 through 807.   To the extent the allegations in Paragraphs 802-807 are directed at Baxter Healthcare, Baxter Healthcare states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Baxter Healthcare denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b
### (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.    In response to Paragraph 808, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

DSMDB-2336086v02

Paragraphs 810 through 813.   To the extent the allegations in Paragraphs 810-813 are directed at Baxter Healthcare, Baxter Healthcare denies them.   To the extent the allegations in Paragraphs 810-813 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.   To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

**COUNT IV**

**VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS
18 N.Y.C.R.R. 512.2(b)(4) and (5)**

814.   In response to Paragraph 814, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

Paragraphs 815 through 817.   To the extent the allegations in Paragraphs 815-817 are directed at Baxter Healthcare, Baxter Healthcare states that the Court has dismissed the claim to which these allegations relate.   To the extent that a response is still required, Baxter Healthcare denies the allegations as to itself.   To the extent the allegations in Paragraphs 814-817 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

**COUNT V**

**BREACH OF CONTRACT**

818.   In response to Paragraph 818, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

Paragraphs 819 through 830.   To the extent the allegations in Paragraphs 819-830 are directed at Baxter Healthcare, Baxter Healthcare states that the Court has dismissed the claim to

28

which these allegations relate.  To the extent that a response is still required, Baxter Healthcare denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

## COUNT VI

## UNFAIR TRADE PRACTICES
### (Violations of N.Y. Gen. Bus. Law 349 *et seq.*)

831.    In response to Paragraph 831, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

Paragraphs 832 through 835.   To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them. To the extent the allegations in Paragraphs 832-835 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 836 through 837.   To the extent the allegations in Paragraphs 836-837 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraphs 836-837 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 838 through 839.   To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties

DSMDB-2336086v02

other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT VII

## FRAUD

840.    In response to Paragraph 840, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

Paragraphs 841 through 843.   To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Baxter Healthcare, Baxter Healthcare denies them. To the extent the allegations in Paragraphs 841-843 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.

844.    Baxter Healthcare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844. To the extent the allegations in Paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

845.    To the extent the allegations in Paragraph 845 are directed at Baxter Healthcare, Baxter Healthcare denies them. To the extent the allegations in Paragraph 845 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are

DSMDB-2336086v02

denied.  To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

**COUNT VIII**

**UNJUST ENRICHMENT**

846.    In response to Paragraph 846, Baxter Healthcare repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

Paragraphs 847 through 849.   To the extent the allegations in Paragraphs 847-849 are directed at Baxter Healthcare, Baxter Healthcare denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Baxter Healthcare, Baxter Healthcare denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

Paragraphs 850 through 858.   Baxter Healthcare denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.

859.    **WHEREFORE**, Baxter Healthcare demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Baxter Healthcare reasserts and incorporates herein by reference the assertions of paragraphs 1 through 859 hereof.

**First Affirmative Defense**

Plaintiffs fail to state a claim against Baxter Healthcare upon which relief may be granted.

31

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Baxter Healthcare.  Plaintiffs knew that providers could obtain Baxter Healthcare drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Baxter Healthcare based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Baxter Healthcare in judicial, legislative, or administrative proceedings of any kind or at any level of government.

DSMDB-2336086v02

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

## Tenth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Baxter Healthcare contained in the Complaint.

## Twelfth Affirmative Defense

Any and all actions taken by Baxter Healthcare with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Thirteenth Affirmative Defense

Baxter Healthcare's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

DSMDB-2336086v02

### Fourteenth Affirmative Defense

Baxter Healthcare denies that Plaintiffs have valid consumer protection claims against Baxter Healthcare under New York's Unfair Trade Practices Act. However, if such claims are found to exist, Baxter Healthcare pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Baxter Healthcare, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Baxter Healthcare after the filing of the complaint of Suffolk County.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Nineteenth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, due to their failure to join indispensable parties.

DSMDB-2336086v02

### Twentieth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, (1) because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter Healthcare; (2) because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Second Affirmative Defense

Baxter Healthcare is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Third Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Bill of Rights and Constitution of New York.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

DSMDB-2336086v02

## Twenty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, because they violate Baxter Healthcare's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Bill of Rights and Constitution of New York, insofar as Plaintiffs seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Twenty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Plaintiffs and/or their agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

## Twenty-Seventh Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiffs' and the State of New York's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard New York's obligations under federal law, and they ignore New York's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and New York's citizens and taxpayers, New York's failings referred to herein, as well as other inappropriate conduct by New York and/or the Plaintiffs.

## Twenty-Eighth Affirmative Defense

The State of New York's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed and approved by a federal regulatory agency with authority to do so under the Medicaid Act.  Actions in a state court seeking relief, including alleged damages, contending

DSMDB-2336086v02

that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court directed, precluded by the Supremacy Clause.  This action is barred by the Supremacy Clause of the United States Constitution.

### Twenty-Ninth Affirmative Defense

Plaintiffs' prayers for relief in the form of restitution are barred, in whole or in part, because Baxter Healthcare did not retain any money belonging to Plaintiffs as a result of any alleged overpayments as required under New York law, and by the existence of express, written agreements covering the subject matter of Plaintiffs' claims.

### Thirtieth Affirmative Defense

Plaintiffs have failed to plead with particularity allegations of fraud by Baxter Healthcare contained in the Complaint.

### Thirty-First Affirmative Defense

Plaintiffs' claims for fraud and fraudulent concealment are barred because the Plaintiffs cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Second Affirmative Defense

Baxter Healthcare denies that Plaintiffs have valid claims against Baxter Healthcare under New York Social Services Law §§ 145-b and 366-b, or New York General Business Law § 349.  However, if such claims are found to exist, Baxter Healthcare pleads any and all available defenses under these provisions.

### Thirty-Third Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Plaintiffs lack standing to bring the claims asserted against Baxter Healthcare under New York law.

DSMDB-2336086v02

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred in whole or in part by the doctrine of voluntary payment.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiffs.

### Thirty-Seventh Affirmative Defense

Plaintiffs' claims against Baxter Healthcare for injunctive relief against Baxter Healthcare are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Eighth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are misjoined with Plaintiffs' claims against other Defendants and must be severed.

### Thirty-Ninth Affirmative Defense

Any damages recovered by the Plaintiffs must be limited by any applicable statutory ceiling on recoverable damages.

### Fortieth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Baxter Healthcare (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages

DSMDB-2336086v02

against Baxter Healthcare; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Baxter Healthcare prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter Healthcare's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter Healthcare's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Bill of Rights and Constitution of New York and New York common law.

**Forty-First Affirmative Defense**

To the extent punitive damages are sought, Plaintiffs' damages claims against Baxter Healthcare (1) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous or subsequent judgments against Baxter Healthcare for punitive damages arising from the distribution, supply, marketing, sale or use of Baxter Healthcare's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of Baxter Healthcare's due process and equal protection rights guaranteed by the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Bill of Rights and Constitution of New York; (2) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would

violate Baxter Healthcare's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the public policy of New York law; and (3) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter Healthcare the same protections that are accorded to criminal defendants, would violate Baxter Healthcare's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Bill of Rights and Constitution of New York, common law and public policies of New York.

### Forty-Second Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Baxter Healthcare cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Baxter Healthcare; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis

DSMDB-2336086v02

of constitutionally adequate and objective standards, would violate Baxter Healthcare's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Bill of Rights and the Constitution of New York and New York common law.

### Forty-Third Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Baxter Healthcare cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Baxter Healthcare's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Baxter Healthcare's right not to be subjected to an excessive award; and (3) be improper under the Bill of Rights and Constitution of New York and New York common law.

### Forty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Baxter Healthcare cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

DSMDB-2336086v02

### Forty-Fifth Affirmative Defense

The procedures pursuant to which any punitive damages would be awarded permit the imposition of an excessive fine in violation of the Bill of Rights and Constitution of New York and New York common law.

### Forty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare under Section 145-b are barred because this provision applies only to persons who actually obtain (or attempt to obtain) payments from State funds.

### Forty-Seventh Affirmative Defense

Plaintiffs fail to allege facts or a cause of action against Baxter Healthcare sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Eighth Affirmative Defense

Plaintiffs have not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Baxter Healthcare as alleged in the Complaint.

### Forty-Ninth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Baxter Healthcare has complied with all applicable regulations of the federal and state governments.

### Fiftieth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, because any injuries sustained by Plaintiffs were the result of intervening or superseding conduct of third parties.

DSMDB-2336086v02

### Fifty-First Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred, in whole or in part, because Baxter Healthcare did not make any false statements to the Plaintiffs.  As to any statement asserted against Baxter Healthcare that Plaintiffs allege to be false or misleading, Baxter Healthcare had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Fifty-Second Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Plaintiffs did not rely on the allegedly fraudulent statements or conduct of Baxter Healthcare.

### Fifty-Third Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Baxter Healthcare did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Fifty-Fourth Affirmative Defense

Plaintiffs fail to allege facts or a cause of action sufficient to support a claim against Baxter Healthcare for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Fifty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter Healthcare are barred because Baxter Healthcare's conduct was not "knowing," "deceptive," "misleading," "false," "illegal" or "unlawful" under any of the New York statutory provisions alleged in this Complaint.

DSMDB-2336086v02

## **Fifty-Sixth Affirmative Defense**

Baxter Healthcare adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

## **Fifty-Seventh Affirmative Defense**

Baxter Healthcare hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.

Dated:  Washington, DC
        October 26, 2007

DONNELLY, CONROY & GELHAAR, LLP                DICKSTEIN SHAPIRO LLP

_____/s/_____            _____/s/_____
Peter E. Gelhaar, Esq. (BBO#188310)            Merle M. DeLancey, Esq.
One Beacon Street                              Charles V. Mehler III, Esq.
33rd Floor                                     1825 Eye Street NW
Boston, MA  02108                              Washington, DC 20006
(617) 720-2880                                 (202) 420-2200

*Attorneys for Defendant Baxter Healthcare Corporation*

DSMDB-2336086v02

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Baxter Healthcare Corporation's Answer and Affirmative Defenses to Plaintiffs' Revised Amended Consolidated Complaint was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on October 26, 2007, for posting and notification to all parties.

October 26, 2007                          /s/ Shamir Patel
                                          Shamir Patel