**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) )  )  )  ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |

| | |
|---|---|
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |

*The City of New York v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00425)

*County of Allegany v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06231)

*County of Broome v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06242)

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06204)

*County of Chemung v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06744)

*County of Chenango v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00867)

[Caption Continues on Next Page]

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF BAXTER INTERNATIONAL INC.**
**TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT**

*County of Cortland v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00881) )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-06458) )

*County of Essex County v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00878) )

*County of Fulton v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00519) )

*County of Genesee v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06206) )

*County of Greene v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00474) )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00415) )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00715) )

*County of Lewis v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00839) )

*County of Madison v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00714) )

*County of Monroe v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06148) )

*County of Nassau v. Abbott Laboratories, Inc., et al.* )
(E.D.N.Y. No. 04-CV-5126) )

*County of Niagara v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06296) )

*County of Oneida v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00489) )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00088) )

*County of Ontario v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06373) )

*County of Orange v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 07-CV-2777) )

*County of Orleans v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06371) )

*County of Putnam v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-04740) )

[Caption Continues on Next Page]

2

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00422)  )

*County of Rockland v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-7055)  )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00478)  )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06387)  )

*County of Seneca v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06370)  )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00479)  )

*County of Steuben v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06223)  )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*  )
(E.D.N.Y. No. CV-03-229)  )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00397)  )

*County of Ulster v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 06-CV-0123)  )

*County of Warren v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00468)  )

*County of Washington v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00408)  )

*County of Wayne v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06138)  )

*County of Westchester v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-6178)  )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 03-CV-6379)  )

AND  )

*County of Yates v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06172)  )

3

Defendants Baxter International Inc. ("Baxter International"), [1] by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007, as follows:

## PRELIMINARY STATEMENT

The First Amended Consolidated Complaint (the "Complaint") improperly refers to Baxter International Inc., other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter International. This is insufficient to apprise Baxter International of the allegations asserted against it. Baxter International has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Baxter International is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. Baxter International states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Baxter International and other persons or entities.

The Complaint also contains purported quotations from a number of sources. In answering allegations consisting of quotations, Baxter International's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Baxter International's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Baxter International denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein

---

[1] This Answer is submitted solely on behalf of Defendant Baxter International Inc. Defendant Baxter Healthcare Corporation is submitting a separate Answer.

DSMDB-2336791v01

is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Baxter International specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  For ease of reference, Baxter International has included in this Answer and Affirmative Defenses the captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

To the extent that the unnumbered paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Baxter International, Baxter International denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of Defendants, including Baxter International, as set forth in the Complaint.  To the extent that the Complaint's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.      Baxter International admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Baxter International denies there is any basis for them to do so and denies that they are entitled to any relief.  Baxter International also admits that Exhibit B to the Complaint purport to identify the prescription drugs at issue in this matter, but denies any

5

liability to Plaintiffs with respect to any such NDCs.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the remaining allegations in Paragraph 1 are directed at Baxter International, Baxter International denies them.  Baxter International specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs  To the extent the remaining allegations in Paragraph 1 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

2.      Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.      Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote.  Baxter International does not price, sell, distribute, or market any drugs or therapies.   To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.      To the extent the allegations in Paragraph 4 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it was involved in "fraudulent schemes," the "manipulation of the Medicaid program" or the "intentional fraudulent inflation" of wholesale prices, or that the Counties' Medicaid Programs were "overcharge[d]."  To the extent the allegations in Paragraph 4 are directed at parties other than Baxter

6

International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

5. To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter International otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter International otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 or its footnote, except Baxter International denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies." Baxter International does not price, sell, distribute, or market any drugs or therapies.

7. To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Baxter International otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 are directed at Baxter International, Baxter International denies them. Baxter International does not price, sell, distribute, or market any drugs or therapies. Baxter International specifically denies that it "control[s] and unlawfully inflates[s]" average wholesale prices ("AWPs") or federal upper limits ("FULs"). To the extent

the allegations in Paragraph 9 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

10.      To the extent the allegations in Paragraph 10 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it "set[s] AWP."  To the extent the allegations in Paragraph 10 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

11.      To the extent the allegations in Paragraph 11 are directed at Baxter International, Baxter International denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

12.      To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

13.      To the extent the allegations in Paragraph 13 are directed at Baxter International, Baxter International denies them, except Baxter International admits that CMS has established FULs for certain drugs.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it "control[s] the FUL."  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for

DSMDB-2336791v01

themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

14.  To the extent the allegations in Paragraph 14 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 14 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

15.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 16 through 17.  To the extent the allegations in Paragraphs 16-17 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it "submit[s] false and inflated price information to the publishing compendia."  Baxter International further denies the characterization of "spread" in Paragraphs 16-17.  To the extent the allegations in Paragraphs 16-17 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraph 18 through 19.  Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19.

DSMDB-2336791v01

20.     Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.     Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has "secretly polluted the entire reimbursement system with false and inflated prices."  To the extent the allegations in Paragraph 23 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has "cause[d] false and inflated published reimbursement prices to issue."  Baxter International further denies the characterization of "spread" in Paragraph 24.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

DSMDB-2336791v01

25.     To the extent the allegations in Paragraph 25 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has "create[d], inflate[d], manipulate[d] and market[ed] the spread for both brand name and generic drugs."  To the extent the allegations in Paragraph 25 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

26.     Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.     Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has engaged in "intentional AWP inflation" or "fraud."  Baxter International further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein

DSMDB-2336791v01

are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Baxter International, Baxter International denies them.  Baxter International specifically denies that it has "reported or caused to be reported [] false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system."  To the extent the allegations in Paragraph 29 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it has engaged in any "pricing misconduct."  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Baxter International otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Baxter International admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 32 are directed at parties other

than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

33.    To the extent the allegations in Paragraph 33 or its footnote are directed at Baxter International, Baxter International denies them.   Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it has "abused" any Medicaid statute.   To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.    To the extent the allegations in Paragraph 34 are directed at Baxter International, Baxter International denies them.   Baxter International does not price, sell, distribute, or market any drugs or therapies.   To the extent the allegations in Paragraph 34 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.    To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them, except Baxter International admits that it has been named as a Defendant in lawsuits filed by various states and has responded to requests for information in government investigations related to drug pricing. Baxter International specifically denies any wrongdoing.   To the extent the allegations in

13

Paragraph 36 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

37.     Baxter International admits that the Counties seek the relief listed in Paragraph 37, but Baxter International denies there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has been involved in any "fraudulent and illegal manipulation of drug prices."  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

38.     Baxter International admits that the Counties seek to bring this action as alleged in Paragraph 38, but Baxter International denies there is any basis for them to do so and denies that they are entitled to any relief.

Paragraphs 39 through 40.  Paragraphs 39-40 state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Baxter International denies the allegations in Paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

Paragraphs 41 through 42 and 42A.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-42 and 42A.  To the extent the allegations in Paragraphs 41-42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

14

43.     Baxter International denies the allegations in Paragraph 43 and its footnote, and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for which Plaintiffs are suing which Defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it "manufactures, markets and sells prescription drugs with false and inflated wholesale prices."  To the extent the allegations in Paragraph 44 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 45 through 50.     The allegations in Paragraphs 45-50 are directed to other Defendants and require no response from Baxter International.  To the extent a response is deemed to be required, Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-50.

51.     With respect to the allegations in Paragraph 51, Baxter International admits that Baxter International Inc. is a Delaware corporation with its principal place of business located at One Baxter Parkway, Deerfield, Illinois.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International admits that Baxter Healthcare Corporation is a subsidiary of Baxter International, and that Baxter Healthcare Corporation manufactures and/or sells drugs related to blood-related therapies, medication delivery, and renal therapy.  This Answer is submitted solely on behalf of Defendant Baxter International, and Defendant Baxter Healthcare Corporation is submitting a separate Answer.  Baxter International denies the allegation that it acquired Immuno International AG in 1997 and further denies the allegation

DSMDB-2336791v01

that Baxter International is a successor in interest because it states a legal conclusion.  Baxter International otherwise denies the allegations in Paragraph 51 of the Complaint.

Paragraphs 52 through 84.  The allegations in Paragraphs 52-84 are directed to other Defendants and require no response from Baxter International.  To the extent a response is deemed to be required, Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 52-84.

Paragraphs 85 through 88.  The allegations in Paragraphs 85-88 are directed to unknown Defendants and require no response from Baxter International.  To the extent a response is deemed to be required, Baxter International denies that it was involved any conspiracy related to drug pricing with either named or unknown defendants.  Baxter International also denies that it has engaged in any "wrongful acts" related to drug pricing.

89.    With respect to the allegations in Paragraph 89, Baxter International admits that Medicaid was established by Title XIX of the Social Security Act.  Baxter International further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

90.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Baxter International admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 91 through 99.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.

To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

100.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except admits that national drug codes are assigned to prescription drugs and that the FDA assigns such codes.

Paragraphs 101 through 111.  Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs, and denies that Baxter International has any control over such prices.  Baxter International does not price, sell, distribute, or market any drugs or therapies.

113.    To the extent the allegations in Paragraph 113 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it has "fraudulently conceal[ed]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 113 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 114 through 115.  To the extent the allegations in Paragraphs 114-115 are directed at Baxter International, Baxter International denies them.  Baxter International does not

DSMDB-2336791v01

price, sell, distribute, or market any drugs or therapies.  Baxter International specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it has engaged in the "purposeful manipulation of reimbursement prices generally, and AWP in particular." Baxter International further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 114-115 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 114-115 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

Paragraphs 116 through 123.  With respect to the allegations in Paragraphs 116-123 and their footnotes, Baxter International admits that the Medicaid statute includes a rebate provision and that rebates help reduce state Medicaid drug expenditures.  Baxter International further states that the rebate provision speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

Paragraphs 124 through 125.  Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 124-125.  To the extent the allegations in Paragraphs 124-125 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Baxter International denies that the Counties are intended third-party beneficiaries of Medicaid rebate agreements.

DSMDB-2336791v01

126.    To the extent the allegations in Paragraph 126 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 127 through 130.  Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130.  Baxter International does not price, sell, distribute, or market any drugs or therapies.    To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

131.    To the extent the allegations in Paragraph 131 are directed at Baxter International, Baxter International denies them.  To the extent the allegations in Paragraph 131 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

132.    To the extent the allegations in Paragraph 132 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 132 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

DSMDB-2336791v01

Paragraphs 133 through 136.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

Paragraphs 137 through 143.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137-143, except Baxter International denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.   To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

144.   To the extent the allegations in Paragraph 144 are directed at Baxter International, Baxter International denies them.   Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated."   Baxter International further denies the characterization of "spread" in Paragraph 144.  To the extent the allegations in Paragraph 144 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 145 through 149.  With respect to the allegations in Paragraphs 145-149, Baxter International admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market

20

any drugs or therapies.  Baxter International specifically denies that it "routinely submitted fraudulent prices" to pricing compendia.  Baxter International further denies the characterization of "spread" in Paragraphs 145-149 and Exhibit B.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 150 through 153.  To the extent the allegations in Paragraphs 150-153 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

154.   Paragraph 154 purports to contain a statement from HHS OIG, but Baxter International denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

Paragraphs 155 through 158.  To the extent the allegations in Paragraphs 155-158 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations

in Paragraphs 155-158 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 159 through 165.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Baxter International admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.   To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.   To the extent the allegations in Paragraph 166 are directed at Baxter International, Baxter International denies them.   Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International specifically denies that it "control[s] the published reimbursement prices."   To the extent the allegations in Paragraph 166 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

167.   Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

Paragraphs 168 through 172.   To the extent the allegations in Paragraphs 168-172 are directed at Baxter International, Baxter International denies them.   Baxter International does not price, sell, distribute, or market any drugs or therapies.   Baxter International further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Baxter International.   In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.   To the extent the allegations in Paragraphs 168-172 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient

DSMDB-2336791v01

to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 173 through 176.  To the extent the allegations in Paragraphs 173-176 are directed at Baxter International, Baxter International denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Baxter International.  To the extent the allegations in Paragraphs 173-176 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Baxter International, Baxter International denies them, except Baxter International admits that it has responded to requests for information in government investigations related to drug pricing.   Baxter International specifically denies any wrongdoing.  To the extent the allegations in Paragraph 177 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 178 through 194.  To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at Baxter International, Baxter International denies them.  To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-194 or their footnotes refer to

reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

195.    To the extent the allegations in Paragraph 195 are directed at Baxter International, Baxter International denies them, except Baxter International admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Baxter International, Baxter International denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 197 through 295.  The allegations in Paragraphs 197-295 are directed to other Defendants and require no response from Baxter International.  To the extent a response is deemed to be required, Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-295.

296.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 or its footnote or the exhibit referenced therein, except Baxter International states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.

297.    Baxter International denies the allegations in Paragraph 297 and the exhibit referenced therein, and states that Exhibits A and B to the Complaint have changed since the

DSMDB-2336791v01

filing of the Complaint.  Baxter International does not price, sell, distribute, or market any drugs or therapies.

Paragraphs 298 through 299.  Baxter International denies the allegations in Paragraphs 298-299.  Baxter International does not price, sell, distribute, or market any drugs or therapies.

300.    Baxter International denies the allegations in Paragraph 300.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International denies any characterization or inference resulting from the Plaintiffs' citation to unidentified documents.

301.    Baxter International denies the allegations in Paragraph 301.

302.    Baxter International denies the allegations in Paragraph 302.

303.    Baxter International denies the allegations in Paragraph 303.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent that the allegations in Paragraph 303 refer to a Baxter document, Baxter International denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter International denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of the document.

304.    Baxter denies the allegations in Paragraph 304.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 304 refer to a DHHS report, Baxter International denies any characterization or inference resulting from the Plaintiffs' citation to the DHHS report.  Baxter International denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the DHHS report.

305.    Baxter International denies the allegations in Paragraph 305, specifically the allegation that Baxter International reported "fraudulent AWPs."  Baxter International does not

DSMDB-2336791v01

price, sell, distribute, or market any drugs or therapies.  Baxter International denies knowledge or information sufficient to form a belief as to how County Medicaid Programs pay for drugs.

306.   Baxter International denies the allegations in Paragraph 306, except Baxter International admits that it has been named as a Defendant in lawsuits filed by the States of Alabama, Illinois, Kentucky, Montana, Pennsylvania, Texas, and Wisconsin.   Baxter International specifically denies that there is any basis for those lawsuits or that it has been involved in any "wrongdoing."

Paragraphs 307 through 309.  Baxter International denies the allegations in Paragraphs 307-309.  Baxter International does not price, sell, distribute, or market any drugs or therapies. Baxter International further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.

310.   Baxter International denies the allegations in Paragraph 310, except Baxter International admits that it responded to requests for information in congressional and state investigations related to drug pricing.

311.   Baxter International denies the allegations in Paragraph 311.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent that the allegations in Paragraph 311 refer to a letter from Representative Stark, the letter speaks for itself, and Baxter International denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter International denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of the letter.

Paragraphs 312 through 313.  Baxter International denies the allegations in Paragraph 312-313.  Baxter International does not price, sell, distribute, or market any drugs or therapies.

26

To the extent that the allegations in Paragraphs 312-313 refer to a letter from Representative Stark, the letter speaks for itself, and Baxter International denies any characterization or inference resulting from the Plaintiffs' citation.  To the extent that the allegations in Paragraphs 312-313 refer to alleged communications, Baxter International denies any characterization or inference resulting from the Plaintiffs' citation.  Baxter International denies that Plaintiffs' have accurately characterized the findings, opinions, statements, or conclusions of either the Stark letter or the alleged communications.

Paragraphs 314 through 769.  The allegations in Paragraphs 314-769 are directed to other Defendants and require no response from Baxter International.  To the extent a response is deemed to be required, Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 314-769.

Paragraphs 770 through 772.  To the extent the allegations in Paragraphs 770-772 are directed at Baxter International, Baxter International denies them, except Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  Baxter International specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 770-772 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 773 through 790.  To the extent the allegations in Paragraphs 773-790 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  Baxter International further states that for years, and at all times relevant to the Complaint, it has been common knowledge and

27

universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

**COUNT I**

**VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8**
**(FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)**

791.    In response to Paragraph 791, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

Paragraphs 792 through 800.   To the extent the allegations in Paragraphs 792-800 are directed at Baxter International, Baxter International states that the Court has dismissed the claim to which these allegations relate.   To the extent that a response is still required, Baxter International denies the allegations as to itself.   Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

**COUNT II**

**VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d)**
**(FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)**

801.    In response to Paragraph 801, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

Paragraphs 802-807.    To the extent the allegations in Paragraphs 802-807 are directed at Baxter International, Baxter International states that the Court has dismissed the claim to

28

which these allegations relate.  To the extent that a response is still required, Baxter International denies the allegations as to itself.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b
### (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.    In response to Paragraph 808, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 810-813.    To the extent the allegations in Paragraphs 810-813 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV

## VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS
### 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.    In response to Paragraph 814, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

Paragraphs 815-817.    To the extent the allegations in Paragraphs 815-817 are directed at Baxter International, Baxter International states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Baxter International denies the allegations as to itself.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 814-817 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

## COUNT V

## BREACH OF CONTRACT

818.    In response to Paragraph 818, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

Paragraphs 819-830.    To the extent the allegations in Paragraphs 819-830 are directed at Baxter International, Baxter International states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Baxter International denies the allegations as to itself.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

DSMDB-2336791v01

## COUNT VI

## UNFAIR TRADE PRACTICES
### (Violations of N.Y. Gen. Bus. Law 349 *et seq.*)

831.    In response to Paragraph 831, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

Paragraphs 832-835.    To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Baxter International, Baxter International denies them. Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 832-835 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 836-837.    To the extent the allegations in Paragraphs 836-837 are directed at Baxter International, Baxter International denies them.  To the extent the allegations in Paragraphs 836-837 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 838-839.    To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 838-839 and the sub-parts

31

thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT VII

## FRAUD

840.    In response to Paragraph 840, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

Paragraphs 841-843.    To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.

844.    Baxter International denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.  To the extent the allegations in Paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

845.    To the extent the allegations in Paragraph 845 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraph 845 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 845 refer to statutes

or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

## COUNT VIII

## UNJUST ENRICHMENT

846.    In response to Paragraph 846, Baxter International repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

Paragraphs 847-849.    To the extent the allegations in Paragraphs 847-849 are directed at Baxter International, Baxter International denies them.  Baxter International does not price, sell, distribute, or market any drugs or therapies.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Baxter International, Baxter International denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

Paragraphs 850-858.    Baxter International denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.

859.  **WHEREFORE**, Baxter International demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Baxter International reasserts and incorporates herein by reference the assertions of paragraphs 1 through 859 hereof.

DSMDB-2336791v01

## First Affirmative Defense

Plaintiffs fail to state a claim against Baxter International upon which relief may be granted.

## Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Baxter International.  Plaintiffs knew that providers could obtain Baxter International drugs at prices below AWP prior to the relevant time period stated in the Complaint.

## Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

## Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Baxter International based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by

DSMDB-2336791v01

Baxter International in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

## Tenth Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Baxter International contained in the Complaint.

## Twelfth Affirmative Defense

Any and all actions taken by Baxter International with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

DSMDB-2336791v01

### Thirteenth Affirmative Defense

Baxter International's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Baxter International denies that Plaintiffs have valid consumer protection claims against Baxter International under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Baxter International pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Baxter International, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Baxter International after the filing of the complaint of Suffolk County.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

36

### Nineteenth Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, due to their failure to join indispensable parties.

### Twentieth Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, (1) because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter International; (2) because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Second Affirmative Defense

Baxter International is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Third Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Bill of Rights and Constitution of New York.

DSMDB-2336791v01

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims against Baxter International are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, because they violate Baxter International's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Bill of Rights and Constitution of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Plaintiffs and/or their agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Twenty-Seventh Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiffs' and the State of New York's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard New York's obligations under federal law, and they ignore New York's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and New York's citizens and taxpayers, New York's failings referred to herein, as well as other inappropriate conduct by New York and/or the Plaintiffs.

DSMDB-2336791v01

## Twenty-Eighth Affirmative Defense

The State of New York's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed and approved by a federal regulatory agency with authority to do so under the Medicaid Act.  Actions in a state court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court directed, precluded by the Supremacy Clause.  This action is barred by the Supremacy Clause of the United States Constitution.

## Twenty-Ninth Affirmative Defense

Plaintiffs' prayers for relief in the form of restitution are barred, in whole or in part, because Baxter International did not retain any money belonging to the Plaintiffs as a result of any alleged overpayments as required under New York law, and by the existence of express, written agreements covering the subject matter of Plaintiffs' claims.

## Thirtieth Affirmative Defense

Plaintiffs have failed to plead with particularity allegations of fraud by Baxter International contained in the Complaint.

## Thirty-First Affirmative Defense

Plaintiffs' claims for fraud and fraudulent concealment are barred because the Plaintiffs cannot predicate claims for fraud on reliance by a third party.

## Thirty-Second Affirmative Defense

Baxter International denies that Plaintiffs have valid claims against Baxter International under New York Social Services Law §§ 145-b and 366-b, or New York General Business Law § 349.  However, if such claims are found to exist, Baxter International pleads any and all available defenses under these provisions.

### Thirty-Third Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Plaintiffs lack standing to bring the claims asserted against Baxter International under New York law.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims against Baxter International are barred in whole or in part by the doctrine of voluntary payment.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter International for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter International for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiffs.

### Thirty-Seventh Affirmative Defense

Plaintiffs' claims against Baxter International for injunctive relief against Baxter International are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Eighth Affirmative Defense

Plaintiffs' claims against Baxter International are misjoined with Plaintiffs' claims against other Defendants and must be severed.

### Thirty-Ninth Affirmative Defense

Any damages recovered by the Plaintiffs must be limited by any applicable statutory ceiling on recoverable damages.

DSMDB-2336791v01

## Fortieth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Baxter International (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Baxter International; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Baxter International prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter International's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter International's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Bill of Rights and Constitution of New York and New York common law.

## Forty-First Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Baxter International (1) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous or subsequent judgments against Baxter International for punitive damages arising from the distribution, supply, marketing, sale or use of Baxter International's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of Baxter International's due process and equal protection rights guaranteed by the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const.

DSMDB-2336791v01

amend. XIV, § 1 and the analogous provisions contained in the Bill of Rights and Constitution of New York; (2) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Baxter International's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the public policy of New York law; and (3) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter International the same protections that are accorded to criminal defendants, would violate Baxter International's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Bill of Rights and Constitution of New York, common law and public policies of New York.

### Forty-Second Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Baxter International cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Baxter International; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not

define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Baxter International's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Bill of Rights and the Constitution of New York and New York common law.

### Forty-Third Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Baxter International cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:   (1) violate Baxter International's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Baxter International's right not to be subjected to an excessive award; and (3) be improper under the Bill of Rights and Constitution of New York and New York common law.

### Forty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Baxter International cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend.

43

XIV, § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

### Forty-Fifth Affirmative Defense

The procedures pursuant to which any punitive damages would be awarded permit the imposition of an excessive fine in violation of the Bill of Rights and Constitution of New York and New York common law.

### Forty-Sixth Affirmative Defense

Plaintiffs' claims against Baxter International under Section 145-b are barred because this provision applies only to persons who actually obtain (or attempt to obtain) payments from State funds.

### Forty-Seventh Affirmative Defense

Plaintiffs fail to allege facts or a cause of action against Baxter International sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Eighth Affirmative Defense

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Baxter International as alleged in the Complaint.

### Forty-Ninth Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Baxter International has complied with all applicable regulations of the federal and state governments.

### Fiftieth Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, because any injuries sustained by Plaintiffs were the result of intervening or superseding conduct of third parties.

## Fifty-First Affirmative Defense

Plaintiffs' claims against Baxter International are barred, in whole or in part, because Baxter International did not make any false statements to Plaintiffs.  As to any statement asserted against Baxter International that Plaintiffs allege to be false or misleading, Baxter International had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Fifty-Second Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Plaintiffs did not rely on the allegedly fraudulent statements or conduct of Baxter International.

## Fifty-Third Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Baxter International did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Fifty-Fourth Affirmative Defense

Plaintiffs fail to allege facts or a cause of action sufficient to support claims against Baxter International for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

## Fifty-Fifth Affirmative Defense

Plaintiffs' claims against Baxter International are barred because Baxter International's conduct was not "knowing," "deceptive," "misleading," "false," "illegal" or "unlawful" under any of the New York statutory provisions alleged in this Complaint.

DSMDB-2336791v01

## Fifty-Sixth Affirmative Defense

Baxter International adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

## Fifty-Seventh Affirmative Defense

Baxter International hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.

Dated: Washington, DC
        October 26, 2007


DONNELLY, CONROY & GELHAAR, LLP               DICKSTEIN SHAPIRO LLP


_____/s/_____               _____/s/_____
Peter E. Gelhaar, Esq. (BBO#188310)         Merle M. DeLancey, Esq.
One Beacon Street                           Charles V. Mehler III, Esq.
33rd Floor                                  1825 Eye Street NW
Boston, MA  02108                           Washington, DC 20006
(617) 720-2880                              (202) 420-2200

*Attorneys for Defendant Baxter International Inc.*

DSMDB-2336791v01

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Baxter International Inc.'s Answer and

Affirmative Defenses to Plaintiffs' Revised Amended Consolidated Complaint was delivered to

all counsel of record by sending a copy to LexisNexis File and Serve, on October 26, 2007, for

posting and notification to all parties.

October 26, 2007                              <u>      /s/ Shamir Patel      </u>
                                              Shamir Patel