# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL NO. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | ) ) |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | ) ) |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) | ) ) |
| *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) | ) ) |

MDL NO. 1456

Civil Action No. 01-12257-PBS

Judge Patti B. Saris

[Caption Continues on Next Page]

## ANSWER AND AFFIRMATIVE DEFENSES OF AMGEN INC. TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*                    )
(N.D.N.Y. No. 05-CV-00881)                                                    )
*County of Dutchess v. Abbott Laboratories, Inc., et al.*                    )
(S.D.N.Y. No. 05-CV-06458)                                                    )
*County of Essex County v. Abbott Laboratories, Inc., et al.*                )
(N.D.N.Y. No. 05-CV-00878)                                                    )
*County of Fulton v. Abbott Laboratories, Inc., et al.*                      )
(N.D.N.Y. No. 05-CV-00519)                                                    )
*County of Genesee v. Abbott Laboratories, Inc., et al.*                     )
(W.D.N.Y. No. 05-CV-06206)                                                    )
*County of Greene v. Abbott Laboratories, Inc., et al.*                      )
(N.D.N.Y. No. 05-CV-00474)                                                    )
*County of Herkimer v. Abbott Laboratories, Inc., et al.*                    )
(N.D.N.Y. No. 05-CV-00415)                                                    )
*County of Jefferson v. Abbott Laboratories, Inc., et al.*                   )
(N.D.N.Y. No. 05-CV-00715)                                                    )
*County of Lewis v. Abbott Laboratories, Inc., et al.*                       )
(N.D.N.Y. No. 05-CV-00839)                                                    )
*County of Madison v. Abbott Laboratories, Inc., et al.*                     )
(N.D.N.Y. No. 05-CV-00714)                                                    )
*County of Monroe v. Abbott Laboratories, Inc., et al.*                      )
(W.D.N.Y. No. 05-CV-06148)                                                    )
*County of Nassau v. Abbott Laboratories, Inc., et al.*                      )
(E.D.N.Y. No. 04-CV-5126)                                                     )
*County of Niagara v. Abbott Laboratories, Inc., et al.*                     )
(W.D.N.Y. No. 05-CV-06296)                                                    )
*County of Oneida v. Abbott Laboratories, Inc., et al.*                      )
(N.D.N.Y. No. 05-CV-00489)                                                    )
*County of Onondaga v. Abbott Laboratories, Inc., et al.*                    )
(N.D.N.Y. No. 05-CV-00088)                                                    )
*County of Ontario v. Abbott Laboratories, Inc., et al.*                     )
(W.D.N.Y. No. 05-CV-06373)                                                    )
*County of Orange v. Abbott Laboratories, Inc., et al.*                      )
(S.D.N.Y. No. 07-CV-2777)                                                     )
*County of Orleans v. Abbott Laboratories, Inc., et al.*                     )
(W.D.N.Y. No. 05-CV-06371)                                                    )
*County of Putnam v. Abbott Laboratories, Inc., et al.*                      )
(S.D.N.Y. No. 05-CV-04740)                                                    )
                                                                              )
                                                                              )
                                                                              )
                                                                              )
                                                                              )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00422)                                   )
*County of Rockland v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-7055)                                    )
*County of Saratoga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00478)                                   )
*County of Schuyler v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06387)                                   )
*County of Seneca v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06370)                                   )
*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00479)                                   )
*County of Steuben v. Abbott Laboratories, Inc., et al.*    )
(W.D.N.Y. No. 05-CV-06223)                                   )
*County of Suffolk v. Abbott Laboratories, Inc., et al.*    )
(E.D.N.Y. No. CV-03-229)                                     )
*County of Tompkins v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00397)                                   )
*County of Ulster v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 06-CV-0123)                                    )
*County of Warren v. Abbott Laboratories, Inc., et al.*     )
(N.D.N.Y. No. 05-CV-00468)                                   )
*County of Washington v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00408)                                   )
*County of Wayne v. Abbott Laboratories, Inc., et al.*      )
(W.D.N.Y. No. 05-CV-06138)                                   )
*County of Westchester v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 03-CV-6178)                                    )
*County of Wyoming v. Abbott Laboratories, Inc., et al.*    )
(W.D.N.Y. No. 03-CV-6379)                                    )
                           AND                               )
*County of Yates v. Abbott Laboratories, Inc., et al.*      )
(W.D.N.Y. No. 05-CV-06172)                                   )
                                                             )

Defendant Amgen Inc. ("Amgen"), by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007, as follows:

## PRELIMINARY STATEMENT

The First Amended Consolidated Complaint (the "Complaint") improperly refers to Amgen, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Amgen. This is insufficient to apprise Amgen (let alone each separate entity) of the allegations asserted against it. Amgen has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Amgen is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. For instance, the Complaint improperly joins defendants Amgen and Immunex Corporation ("Immunex") together as the "Amgen Group," even though they are separate corporations and are sued as distinct and separate defendants. To the extent that the allegations in this Complaint are directed to Immunex, no response is required of Amgen. Amgen states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct of Amgen and other persons or entities.

The Complaint also contains purported quotations from a number of sources. In answering allegations consisting of quotations, Amgen's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Amgen's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Amgen denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically admitted herein, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Amgen specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  For ease of reference, Amgen has included in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

To the extent that the unnumbered paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Amgen, Amgen denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of defendants, including Amgen, as set forth in the Complaint.  To the extent that the Complaint's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.          Amgen admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Amgen denies there is any basis for them to do so and denies that they are entitled to any relief.  Amgen also admits that Exhibit B to the Complaint purports

to identify the national drug codes ("NDCs") at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs, and further denies the accuracy of the data listed therein. To the extent the remaining allegations in Paragraph 1 are directed at Amgen, Amgen denies them. To the extent the remaining allegations in Paragraph 1 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

2.         Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein. To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.         Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Amgen's products. To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.         To the extent the allegations in Paragraph 4 are directed at Amgen, Amgen denies them. To the extent the allegations in Paragraph 4 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

5.         To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Amgen otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.          To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Amgen denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies."  Amgen otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 or its footnote.

7.          To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Amgen otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.          To the extent the allegations in Paragraph 9 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

10.         To the extent the allegations in Paragraph 10 are directed at Amgen, Amgen denies them, except Amgen admits that it has provided at various times suggested AWPs and wholesale acquisition prices ("WAP") for certain of its products to industry pricing compendia and that publishers control how they apply that information to determine their published prices.  To the extent the allegations in Paragraph 10 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

11.         To the extent the allegations in Paragraph 11 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

12.         To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

13.         To the extent the allegations in Paragraph 13 are directed at Amgen, Amgen denies them, except Amgen admits that CMS has established FULs for certain drugs.  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

14.         To the extent the allegations in Paragraph 14 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

15.         To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

16.         To the extent the allegations in Paragraph 16 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 16 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

17.          To the extent the allegations in Paragraph 17 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 17 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

18.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.          Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.          To the extent the allegations in Paragraph 23 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 23 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

24.          To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

25.        To the extent the allegations in Paragraph 25 are directed at Amgen,
Amgen denies them.  To the extent the allegations in Paragraph 25 are directed at parties other
than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

26.        Amgen denies knowledge or information sufficient to form a belief as to
the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to
a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.        Amgen denies knowledge or information sufficient to form a belief as to
the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to
the transcript of a Congressional hearing, the transcript speaks for itself, and any
characterizations thereof are denied.

28.        To the extent the allegations in Paragraph 28 or the exhibit referenced
therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph
28 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies
knowledge or information sufficient to form a belief as to their truth.

29.        To the extent the allegations in Paragraph 29 are directed at Amgen,
Amgen denies them.  To the extent the allegations in Paragraph 29 are directed at parties other
than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

30.        To the extent the allegations in Paragraph 30 or the exhibit referenced
therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph
30 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies
knowledge or information sufficient to form a belief as to their truth.

31.        To the extent the allegations in Paragraph 31 or its footnote refer to
statutes or regulations, those sources speak for themselves, and any characterizations thereof are

denied.  Amgen otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Amgen admits that it pays Medicaid rebates as required by law.

32.         To the extent the allegations in Paragraph 32 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

33.         To the extent the allegations in Paragraph 33 or its footnote are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.         To the extent the allegations in Paragraph 34 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.         Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.         Amgen admits it has been sued by the states of Alabama, Illinois, Kentucky, Montana, Nevada, Pennsylvania, and Wisconsin.  However, the suits against Amgen by Montana and Nevada have been dismissed, and Amgen denies that there is any basis for the remaining suits.  To the extent the remaining allegations in Paragraph 36 or the exhibit

referenced therein are directed at Amgen, Amgen denies them. To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

37.        Amgen admits that the Counties seek the relief listed in Paragraph 37, but Amgen denies there is any basis for them to do so and denies that they are entitled to any relief. To the extent the remaining allegations in Paragraph 37 are directed at Amgen, Amgen denies them. To the extent the remaining allegations in Paragraph 37 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

38.        Amgen admits that the Counties seek to bring this action as alleged in Paragraph 38, but Amgen denies there is any basis for them to do so and denies that they are entitled to any relief.

39-40.        Paragraphs 39-40 state legal conclusions as to which no response is required. To the extent a response is deemed to be required, Amgen denies the allegations in Paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. 1407.

41-42A.        Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-42 and 42A. To the extent the allegations in Paragraphs 41-42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

43.        To the extent the allegations in Paragraph 43 and its footnote are directed at Amgen, Amgen admits them, and refers to Case Management Order No. 33, dated September 14, 2007, for further information regarding which plaintiffs are suing which defendants. To the

extent the allegations in Paragraph 43 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

44.         To the extent the allegations in Paragraph 44 are directed at Amgen, Amgen denies them, except Amgen admits that it manufactures and sells prescription drugs and that it transacts business in the State and City of New York.  To the extent the allegations in Paragraph 44 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

45-47.      The allegations in Paragraphs 45-47 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-47.

48.         With respect to the allegations in Paragraph 48 and the subparts thereof, Amgen admits that it is a Delaware Corporation with its principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320.  Amgen further admits that it is in the business of manufacturing and selling biologics and other pharmaceutical products.  Amgen also admits that since July 2002 Immunex has been a wholly owned subsidiary of Amgen.  To the extent Paragraph 48 seeks to attribute to Amgen conduct by Immunex, Amgen denies such allegations.  Although Immunex is now an Amgen subsidiary, it continues to be a separate corporate entity, and was named as such in this action.  Amgen denies all remaining factual allegations set forth in Paragraph 48.

49-84.      The allegations in Paragraphs 49-84 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 49-84.

85-88.       The allegations in Paragraphs 85-88 are directed to unknown defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies the allegations in Paragraphs 85-88.

89.       With respect to the allegations in Paragraph 89, Amgen admits that Medicaid was established by Title XIX of the Social Security Act.  Amgen further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

90.       Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Amgen admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

91-99.       Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.  To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

100.       Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except admits that national drug codes are assigned to prescription drugs and that the FDA assigns such codes.

100-111.       Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the

allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.        Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs, and denies that Amgen has any control over such prices.

113.        To the extent the allegations in Paragraph 113 are directed at Amgen, Amgen denies them. To the extent the allegations in Paragraph 113 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

114-115.        To the extent the allegations in Paragraphs 114-115 are directed at Amgen, Amgen denies them. To the extent the allegations in Paragraphs 114-115 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 114-115 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

116-123.        With respect to the allegations in Paragraphs 116-123 and their footnotes, Amgen admits that the Medicaid statute includes a rebate provision, that it has entered into a rebate agreement with the Secretary of Health and Human Services, and that rebates help reduce state Medicaid drug expenditures. Amgen further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Amgen. In any event, the rebate provision speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or

congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

124-125.        To the extent Paragraphs 124-125 state legal conclusions, no response is required.  To the extent a response is required from Amgen, Amgen denies the allegations in Paragraphs 124-125.

126.        With respect to the allegations in Paragraph 126, Amgen admits that drug manufacturers report Best Prices and AMPs to HHS.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

127-130.        Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130, except admits that it reports Medicaid information to HHS and pays rebates to States.  To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

131.        To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

132.        To the extent the allegations in Paragraph 132 are directed at Amgen, Amgen admits that it has executed a rebate agreement with HHS.  Amgen further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Amgen.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraph 132 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the

allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

133-136.     Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

137-143.     Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137-143, except Amgen denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.  To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

144.     To the extent the allegations in Paragraph 144 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

145-149.     With respect to the allegations in Paragraphs 145-149, Amgen admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Amgen, Amgen denies them.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

150-151.     The allegations in Paragraphs 150 and 151 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 150-151.

152-153.     To the extent the allegations in Paragraphs 152 and 153 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 152 and 153 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

154.     Paragraph 154 purports to contain a statement from HHS OIG, but Amgen denies knowledge or information sufficient to form a belief as to its accuracy because the source of the statement is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

155-158.     To the extent the allegations in Paragraphs 155-158 are directed at Amgen, Amgen denies them except to admit that prompt pay discounts are not accounted for in Amgen's reported prices.  Amgen further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

159-165.     Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Amgen admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.     To the extent the allegations in Paragraph 166 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

167.     Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168-172.     To the extent the allegations in Paragraphs 168-172 are directed at Amgen, Amgen denies them, except Amgen admits that it has executed a rebate agreement with HHS. Amgen further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Amgen.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

173-176.     To the extent the allegations in Paragraphs 173-176 are directed at Amgen, Amgen denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Amgen.  To the extent the allegations in Paragraphs 173-176 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177.     Amgen admits that various of the listed agencies have, at various times, conducted inquiries or investigations regarding the reporting of wholesale pricing information, Best Price, and other non-compliance with Medicaid rebate provision.  To the extent the

allegations in Paragraph 177 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

178-180.    The allegations in Paragraphs 178-180 or their footnotes are not directed at Amgen and therefore require no response from Amgen. To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 178-180 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

181.    To the extent the allegations in Paragraph 181 are directed at Amgen, Amgen denies them, except admits that it received and responded to a letter concerning the nominal price exception. To the extent the allegations in Paragraph 181 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 181 refer to a Senate Finance Committee Press Release, that source speaks for itself, and any characterization thereof is denied.

182-193.    To the extent the allegations in Paragraphs 182-193 or their footnotes are directed at Amgen, Amgen denies them. To the extent the allegations in Paragraphs 182-193 or their footnotes are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 182-193 or their footnotes refer to reports, articles, letters, Congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

194.     To the extent the allegations in Paragraph 194 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 194 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

195.     To the extent the allegations in Paragraph 195 are directed at Amgen, Amgen denies them, except Amgen admits that its WAP was a list price that did not take into account discounts and rebates, and that its suggested AWP reflected a percentage markup from that WAP price.  To the extent the allegations in Paragraph 195 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

196.     Amgen admits that Exhibit A purports to present a defendant-by-defendant summary of actionable expenditures, the number of NDCs at issue, and the number of NDCs at issue because of alleged AWP or FUL fraud, but denies that there is any basis for the numbers presented as to Amgen.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

197-239.     The allegations in Paragraphs 197-239 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-239.

240.     Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 or its footnote or the exhibits referenced therein, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.  To the extent the allegations in Paragraph 240 or its footnote or the exhibits referenced therein are

directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

241.     To the extent the allegations in Paragraph 241 or the exhibits referenced therein are directed at Amgen, Amgen denies them, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.  To the extent the allegations in Paragraph 241 or the exhibits referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

242.     Amgen denies the allegations in Paragraph 242.  To the extent Paragraph 242 purportedly references a statement made by "Edward" Morrow, Amgen denies knowledge or information sufficient to form a belief as to its accuracy because the source or context of the statement is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

243-248.     To the extent the allegations in Paragraphs 243-248 or their footnotes are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 243-248 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 243-248 or their footnotes refer to articles or other documents, those sources speak for themselves, and any characterizations thereof are denied.

249.     To the extent the allegations in Paragraph 249 or the exhibits referenced therein are directed at Amgen, Amgen denies them, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.  To the extent the allegations in Paragraph 249 or the exhibits referenced therein are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

250-252.      The allegations in Paragraphs 250-252 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 250-252.

253.      To the extent the allegations in Paragraph 253 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 253 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

254.      To the extent the allegations in Paragraph 254 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 254 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 254 refer to SEC filings or other documents, those sources speak for themselves, and any characterizations thereof are denied.

255.      Amgen admits that it reported suggested AWPs for its products to independent pricing publications.  To the extent the allegations in Paragraph 255 refer to a court filing, that document speaks for itself, and any characterization thereof is denied.

256.      To the extent the allegations in Paragraph 256 are directed at Amgen, Amgen denies them, except to admit that it has been named as a defendant in lawsuits filed by the states of Pennsylvania and Wisconsin.  To the extent the allegations in Paragraph 256 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

257.      To the extent the allegations in Paragraph 257 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 257 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

258-259.          To the extent the allegations in Paragraphs 258 and 259 refer to SEC filings or other documents, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 258 and 259 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

260-532.          The allegations in Paragraphs 260-532 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 260-532.

533.          To the extent the allegations in Paragraph 533 are directed at Amgen, Amgen denies them, except admits that it manufacturers and sells the product Aranesp.  To the extent the allegations in Paragraph 533 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

534-536.          The allegations in Paragraphs 534-536 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 534-536.

537.          To the extent the allegations in Paragraph 537 are directed at Amgen, Amgen denies them, except admits that it manufacturers and sells the product Epogen.  To the extent the allegations in Paragraph 537 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

538-648.          The allegations in Paragraphs 538-648 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 538-648.

649.        The allegations in Paragraph 649 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 649, except states that the inclusion of "Amgen" in this Paragraph appears to be a typo or mistake.

650-769.        The allegations in Paragraphs 650-769 are directed to other defendants and require no response from Amgen.  To the extent a response is deemed to be required, Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 650-769.

770-772.        To the extent the allegations in Paragraphs 770-772 are directed at Amgen, Amgen denies them, except Amgen denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  To the extent the allegations in Paragraphs 770-772 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.

773-790.        To the extent the allegations in Paragraphs 773-790 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.       In response to Paragraph 791, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792-800.       To the extent the allegations in Paragraphs 792-800 are directed at Amgen, Amgen states that the Court has dismissed them.  To the extent that a response is still required, Amgen denies the allegations as to itself, except admits it is a pharmaceutical company that manufactured certain products covered by Medicaid and entered into a rebate agreement with the Medicaid program.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 792-800 contain legal conclusions, no response is required.

## COUNT II

## VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.       In response to Paragraph 801, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802-807.       To the extent the allegations in Paragraphs 802-807 are directed at Amgen, Amgen states that the Court has dismissed them.  To the extent that a response is still required, Amgen denies the allegations as to itself except admits it is a pharmaceutical company that manufactured certain products covered by Medicaid.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 802-807

refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 802-807 contain legal conclusions, no response is required.

## COUNT III

### VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.           In response to Paragraph 808, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809-813.           To the extent the allegations in Paragraphs 809-813 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 809-813 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV

### VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.           In response to Paragraph 814, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815-817.           To the extent the allegations in Paragraphs 815-817 are directed at Amgen, Amgen states that the Court has dismissed them.  To the extent that a response is still required, Amgen denies the allegations as to itself.  To the extent the allegations in Paragraphs 815-817 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 815-817 refer to

statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 815-817 contain legal conclusions, no response is required.

## COUNT V

## BREACH OF CONTRACT

818.         In response to Paragraph 818, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819-830.         To the extent the allegations in Paragraphs 819-830 are directed at Amgen, Amgen states that the Court has dismissed them.  To the extent that a response is still required, Amgen denies the allegations as to itself, except admits that it entered into a rebate agreement with HHS.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 819-830 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 819-830 contain legal conclusions, no response is required.

## COUNT VI

## UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq.*)

831.         In response to Paragraph 831, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832-837.         To the extent the allegations in Paragraphs 832-837 and the exhibits referenced therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 832-837 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in

Paragraphs 832-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

838-839.        To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

**COUNT VII**

**FRAUD**

840.        In response to Paragraph 840, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841-843.        To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 841-843 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 841-843 contain legal conclusions, no response is required.

844.        The allegations in Paragraph 844 refer to statutes or regulations, which speak for themselves, and any characterizations thereof are denied.  To the extent a response is required from Amgen, the allegations in Paragraph 844 are denied.

845.         To the extent the allegations in Paragraph 845 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

**COUNT VIII**

**UNJUST ENRICHMENT**

846.         In response to Paragraph 846, Amgen repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847-849.         To the extent the allegations in Paragraphs 847-849 are directed at Amgen, Amgen denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Amgen, Amgen denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

850-858.         Amgen denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.

859.         **WHEREFORE,** Amgen demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Amgen reasserts and incorporates herein by reference the assertions of paragraphs 1 through 859 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Amgen upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Amgen.  Plaintiffs knew that providers could obtain Amgen products at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiffs' claim is barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Amgen based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Amgen in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Tenth Affirmative Defense

Plaintiffs' claims against Amgen are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct and fraudulent concealment against Amgen contained in the Complaint.

## Twelfth Affirmative Defense

Any and all actions taken by Amgen with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Amgen's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Amgen denies that Plaintiffs have valid consumer protection claims against Amgen under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Amgen pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Amgen, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Amgen after the filing of the complaint of Suffolk County.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Nineteenth Affirmative Defense

Plaintiffs' claims against Amgen are barred, in whole or in part, due to their failure to join indispensable parties.

### Twentieth Affirmative Defense

Plaintiffs' claims against Amgen are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Amgen.

### Twenty-Second Affirmative Defense

Amgen is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Third Affirmative Defense

Amgen denies that it has engaged in any conduct that entitles Plaintiffs to recover punitive damages and, to the extent punitive damages are sought, Plaintiffs' punitive damages claims against Amgen are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Amgen.

### Twenty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Amgen cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the

Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they violate Amgen's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third-parties.

### Twenty-Seventh Affirmative Defense

Plaintiffs claims against Amgen are barred, in whole or in part, because Amgen did not make any false statements to Plaintiffs or their agents. As to any statement asserted against Amgen that Plaintiffs allege to be false or misleading, Amgen had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Twenty-Eighth Affirmative Defense

Plaintiffs claims against Amgen are barred because Amgen did not directly or indirectly engage in any conduct in violation of state or federal law. Amgen has complied with all applicable regulations of the federal and state governments.

### Twenty-Ninth Affirmative Defense

Plaintiffs fail to allege facts or a cause of action against Amgen sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Thirtieth Affirmative Defense

Amgen adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Thirty-First Affirmative Defense

Amgen hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

Dated: New York, New York
       October 26, 2007

Respectfully submitted,

 /s/ Douglas S. Brooks
Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Jennifer A. Walker
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

*Attorneys for Amgen Inc.*

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on all parties on October 26, 2007, via Lexis/Nexis.

/s/ Jennifer A. Walker