# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *The City of New York v. Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) ) |
| *County of Nassau v. Abbott Labs, et al.* (E.D.N.Y. No. 04-CV-05126) | ) ) ) |
| And other cases listed on the following page | ) |

MDL No. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

## ANSWER OF MERCK & CO., INC. TO THE REVISED
## FIRST AMENDED CONSOLIDATED COMPLAINT

HUGHES HUBBARD & REED LLP
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
Eric S. Parnes
1775 I Street, N.W.
Washington, DC  20006
Tel:  202-721-4600
Fax:  202-721-4646

Jeff H. Galloway
One Battery Park Plaza
New York, NY  10004-1482
Tel:  (212) 837-6000
Fax:  (212) 422-4726

*Attorneys for Defendant Merck & Co., Inc*

| | |
|---|---|
| THIS DOCUMENT RELATES TO: ) | *County of Herkimer v. Abbott Labs, et al.* ) |
| ) | (N.D.N.Y. No. 05-CV-00415) ) |
| *County of Suffolk v. Abbott Labs., et al.* ) | *County of Oneida v. Abbott Labs, et al.* ) |
| (E.D.N.Y. No. 03-CV-229) ) | (N.D.N.Y. No. 05-CV-00489) ) |
| *County of Westchester v. Abbott Labs., et al.* ) | *County of Fulton v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 03-CV-6178) ) | (N.D.N.Y. No. 05-CV-00519) ) |
| *County of Rockland v. Abbott Labs., et al.* ) | *County of St. Lawrence v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 03-CV-7055) ) | (N.D.N.Y. No. 05-CV-00479) ) |
| *County of Putnam v. Abbott Labs, et al.* ) | *County of Jefferson v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 05-CV-04740) ) | (N.D.N.Y. No. 05-CV-00715) ) |
| *County of Dutchess v. Abbott Labs, et al.* ) | *County of Lewis v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 05-CV-06458) ) | (N.D.N.Y. No. 05-CV-00839) ) |
| *County of Washington v. Abbott Labs, et al.* ) | *County of Chautauqua v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00408) ) | (W.D.N.Y. No. 05-CV-06204) ) |
| *County of Rensselaer v. Abbott Labs, et al.* ) | *County of Allegany v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00422) ) | (W.D.N.Y. No. 05-CV-06231) ) |
| *County of Albany  v. Abbott Labs, et al* ) | *County of Cattaraugus v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00425) ) | (W.D.N.Y. No. 05-CV-06242) ) |
| *County of  Warren v. Abbott Labs, et al.* ) | *County of  Genesee v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00468) ) | (W.D.N.Y. No. 05-CV-06206) ) |
| *County of Greene  v. Abbott Labs, et al.* ) | *County of  Wayne v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00474) ) | (W.D.N.Y. No. 05-CV-06138) ) |
| *County of Saratoga v. Abbott Labs, et al.* ) | *County of Monroe v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00478) ) | (W.D.N.Y. No. 05-CV-06148) ) |
| *County of Columbia  v. Abbott Labs, et al.* ) | *County of Yates v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00867) ) | (W.D.N.Y. No. 05-CV-06172) ) |
| *Essex County v. Abbott Labs, et al.* ) | *County of Niagara v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00878) ) | (W.D.N.Y. No. 05-CV-06296) ) |
| *County of Chenango  v. Abbott Labs, et al.* ) | *County of  Seneca v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00354) ) | (W.D.N.Y. No. 05-CV-06370) ) |
| *County of Broome v. Abbott Labs, et al.* ) | *County of Orleans v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00456) ) | (W.D.N.Y. No. 05-CV-06371) ) |
| *County of Onondaga v. Abbott Labs, et al.* ) | *County of Ontario v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00088) ) | (W.D.N.Y. No. 05-CV-06373) ) |
| *County of Tompkins v. Abbott Labs, et al.* ) | *County of Schuyler  v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00397) ) | (W.D.N.Y. No. 05-CV-06387) ) |
| *County of Cayuga v. Abbott Labs, et al.* ) | *County of Chemung v. Abbott Lab, et al.* ) |
| (N.D.N.Y. No. 05-CV-00423) ) | (W.D.N.Y. No. 05-CV-06744) ) |
| *County of Madison v. Abbott Labs, et al.* ) | *County of Steuben v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00714) ) | (W.D.N.Y. No. 05-cv-62231) ) |
| *County of Cortland v. Abbott Labs, et al.* ) | *Count of Wyoming v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00881) ) | (W.D.N.Y. No. 05-CV-6379) ) |
| *County of Ulster v. Abbott Labs, et al.* ) | and ) |
| (N.D.N.Y. No. 06-CV-0123) ) | *County of Orange v. Abbott Labs, et al.* ) |
| | (S.D.N.Y. No. 07-CV-2777) ) |

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, hereby answers the Revised First Amended Consolidated Complaint (the "Complaint") as follows.  Each allegation not expressly admitted is denied.  To the extent that an allegation in the Complaint is untrue as to Merck, Merck in this Answer denies each such allegation without inquiry into the conduct of the numerous other defendants in this action.

## I. INTRODUCTION

1.      Merck admits that the City of New York and the New York Counties identified in the Complaint ("Plaintiffs") purport to bring this action, but denies that there is any basis for them to do so.  Merck further admits that Plaintiffs have attached Exhibits B1 through B40 to the Complaint, which list numerous drugs attributed to various defendants.  Merck denies each and every remaining allegation in Paragraph 1.

2.      Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 2.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies the allegations.

3.      Merck refers to the Model Rebate Agreement and the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 3 and the accompanying footnote.  Merck admits that it has executed a rebate agreement with the Secretary of Health and Human Services ("HHS") and pays statutory rebates to the State of New York under that agreement.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote and on that basis denies the allegations.

4.      Merck denies each and every allegation in Paragraph 4.

5.      Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 5.

6.      Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 6 or the accompanying footnote. Otherwise, Merck is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 or the footnote and on that basis denies the allegations.

7.      Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 7.

8.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Merck denies each and every allegation in Paragraph 9.

10.      Merck admits that it has at various times supplied certain pricing information for Merck drugs to certain pharmaceutical industry pricing compendia, including First DataBank, and avers that such compendia determine AWP.  Merck denies each and every remaining allegation in Paragraph 10 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies the allegations.

11.      Merck admits that the 20-25% pricing compendia mark up from published WAC to AWP was commonly known and readily apparent.  Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies the allegations..

12.      Merck denies each and every allegation in Paragraph 12 as to Merck and states that no Merck drug is listed in Exhibit F.  Otherwise, Merck is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     Merck denies each and every allegation in Paragraph 13 as to Merck and avers that no FUL fraud allegations are made as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations.

14.     Merck denies each and every allegation in Paragraph 14 and avers that no FUL fraud allegations are made as to Merck.

15.     Merck denies each and every allegation in Paragraph 15 and avers that no FUL fraud allegations are made as to Merck.

16.     Merck denies each and every allegation in Paragraph 16.

17.     Merck denies each and every allegation in Paragraph 17.

18.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Merck admits that Paragraph 20 purports to describe a publicly available article, denies any characterization of such article by Plaintiffs, and refers to the article for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies the allegations.

22.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.     Merck denies each and every allegation in Paragraph 23.

24.     Merck denies each and every allegation in Paragraph 24 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies the allegations.

25.     Merck denies each and every allegation in Paragraph 25 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies the allegations.

26.     Merck admits that Paragraph 26 purports to describe a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Merck admits that Paragraph 27 purports to quote from a publicly available transcript, denies any characterization of such by Plaintiffs, and refers to the transcript for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Merck denies each and every allegation in Paragraph 28.

29.     Merck denies each and every allegation in Paragraph 29 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies the allegations.

30.     Merck denies each and every allegation in Paragraph 30 as to Merck and avers that no FUL fraud allegations are made as to Merck.  Otherwise, Merck is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies the allegations.

31.     Merck avers that the Medicaid rebate statutes, regulations and regulatory guidance are complex and have changed over time and denies that Plaintiffs have accurately summarized them in Paragraph 31 and the accompanying footnote, and refers to the referenced statutes for their complete and accurate contents.

32.     Merck denies each and every allegation in Paragraph 32.

33.     Merck denies each and every allegation in Paragraph 33 as to Merck.  Merck avers that the Medicaid rebate statutes, regulations, and regulatory guidance relating to the calculation of Best Price are complex, that the calculations vary from drug to drug, and have changed over time.  Merck denies that Plaintiffs have accurately summarized them in Paragraph 33 and the accompanying footnote.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies the allegations.

34.     Merck admits that Paragraph 34 purports to describe a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.

35.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, which relate to other defendants, and on that basis denies the allegations.

36.     Merck admits, on information and belief, that civil and criminal cases have been brought relating to drug reimbursement but denies each and every allegation in Paragraph 36 as

to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies the allegations.

37.     Merck denies each and every allegation in Paragraph 37 as to Merck.  Merck admits that Plaintiffs seek the relief described in Paragraph 37 but denies that there is any basis for awarding such relief.

## II. JURISDICTION AND VENUE

38.     Merck admits that Plaintiffs purport to bring this action, asserting the claims set forth in Paragraph 38, but denies that there is any basis for them to do so.

39.     Paragraph 39 states legal conclusions to which no response is required.

40.     Merck admits that the captioned matters have been transferred to this district for pre-trial purposes and that the cases were originally filed in the federal district courts where each Plaintiff is located.  Merck denies that it took any illegal actions or caused any damage to Plaintiffs as alleged in the Complaint.  Merck states that the assertion of venue is a legal conclusion as to which no response is required.  Merck otherwise lacks knowledge or information sufficient to form a belief as to the validity of the allegation in  Paragraph 40 and on that basis denies the allegations.

## III. PARTIES

41.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 41.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 42.  Otherwise, Merck is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

42A.    Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 42A.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42A.

43.    Merck admits that all Plaintiffs, except the County of Suffolk, purport to bring this action against Merck but denies that there is any basis for them to do so.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Merck admits that it is a pharmaceutical company and that at various times it has sold its prescription drugs, either directly or through wholesalers, to purchasers within the State of New York.  Otherwise, Merck denies each and every allegation in Paragraph 44.

45.-68. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45 through 68, which allege identifying information for other defendants.

69.    Merck admits that it is a New Jersey corporation, that its business includes manufacturing and selling pharmaceuticals, and that its principal place of business is Whitehouse Station, New Jersey.

70.-84. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 70 through 84, which allege identifying information for other defendants.

85.-88. Merck denies that it has conspired or participated in wrongful acts with unnamed co-conspirators or Doe defendants as alleged by Plaintiffs.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 85 through 88, which are directed to unknown defendants.

## IV. ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

89.     Merck admits that Medicaid was established by Title XIX of the Social Security Act.  Otherwise, Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 89.

90.     Merck admits that state participation in Medicaid is voluntary and that the federal government must approve state Medicaid plans.  Otherwise, Merck refers to the referenced statutes and regulations for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 90.

91.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 91.

92.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 92.

93.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 93.

94.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 94.

95.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 95.

96.     Merck admits, on information and belief, that for certain years one of the alternative reimbursement formulas for certain pharmaceuticals under the New York Medicaid program was based in part on AWP minus a percentage, plus a dispensing fee, and that the reimbursement formulas have changed from time to time.  Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 96 and its footnote.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 or the accompanying footnote and on that basis denies the allegations.

97.     Merck admits that, on information and belief, for certain years one of the alternative reimbursement formulas for certain pharmaceuticals under the New York Medicaid program was based in part on AWP minus a percentage, plus a dispensing fee, and that the reimbursement formulas have changed from time to time.  Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 96 and the accompanying footnote.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 or its footnote and on that basis denies the allegations.

98.     Merck admits, on information and belief, that a dispensing fee is included as a component of pharmaceutical reimbursements under certain of the alternative reimbursement formulas under the New York Medicaid program.  Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 98.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies the allegations.

99.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies the allegations.

100.    Merck admits that National Drug Codes are assigned to prescription drugs by the U.S. Food and Drug Administration.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and on that basis denies the allegations.

104.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 or the accompanying footnote and on that basis denies the allegations.

105.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and on that basis denies the allegations.

106.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and on that basis denies the allegations.

107.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies the allegations.

108.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies the allegations.

109.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and on that basis denies the allegations.

110.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies the allegations.

111.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 111.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies the allegations.

112.    Merck admits that pharmaceutical industry compendia, including First DataBank, periodically publish certain pricing and other information for various pharmaceuticals. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies the allegations.

113.    Merck admits that Paragraph 113 purports to quote from a publicly available transcript, denies any characterization of such by Plaintiffs, and refers to the transcript for its complete and accurate contents.  Merck denies each and every allegation in Paragraph 113 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and on that basis denies the allegations.

114.    Merck admits that Paragraph 114 purports to quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Merck denies each and every allegation in Paragraph 114 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies the allegations.

115.    Merck admits that Paragraph 115 purports to quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Merck denies each and every allegation in Paragraph 115 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies the allegations.

116.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 116.

117.    Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 117.

118.    Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 118 and the accompanying footnote.

119.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 119.

120.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 120.

121.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 121.

122.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 122.

123.    Merck admits that Paragraph 123 purports to describe a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.

124.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 124.

125.     Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 125.  Merck denies that Plaintiffs are intended third-party beneficiaries of the Medicaid rebate agreements.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and on that basis denies the allegations.

126.     Merck refers to the referenced statute and related regulations and guidance, which have changed from time to time, for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 126.

127.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 127.

128.     Merck admits that it pays statutory rebates to state Medicaid programs in an amount determined by HHS based on utilization data reported by the states.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and on that basis denies the allegations.

129.     Merck admits that Paragraph 129 references a publicly available brief, denies any characterization of such brief by Plaintiffs, and refers to the brief for its complete and accurate contents.  Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 129.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and on that basis denies the allegations.

130.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and on that basis denies the allegations.

131.    Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 131.  Otherwise, Merck denies each and every allegation in Paragraph 131.

132.    Merck admits that it has executed a rebate agreement with the Secretary of HHS, denies any characterization of that agreement by Plaintiffs in Paragraph 132, and refers to the agreement for its complete and accurate contents.

133.    Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 133.

134.    Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 134.

135.    Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 135.

136.    Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 136.

137.    Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 137.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and on that basis denies the allegations.

138.    Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 138.

139.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 139.

140.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 140.

141.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 141.

142.     Merck admits that Paragraph 142 purports to quote from a publicly available brief, denies any characterization of such brief by Plaintiffs, and refers to the brief for its complete and accurate contents.

143.     Merck, on information and belief, denies that the Counties are Medicaid payors and that the Counties are intended third party beneficiaries of the rebate agreements.  Otherwise Merck lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and on that basis denies the allegations.

144.     Merck denies each and every allegation in Paragraph 144.

145.     Merck admits that Exhibit B purports to identify the drugs at issue in this matter but denies the accuracy of the Merck data included in the Exhibit.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and on that basis denies the allegations.

146.     Merck avers that no FUL fraud allegations are made as to Merck in revised Exhibit B and Merck denies each and every allegation in Paragraph 146.

147.     Merck denies each and every allegation in Paragraph 147.

148.     Merck denies each and every allegation in Paragraph 148.

149.     Merck denies each and every allegation in Paragraph 149.

150.    Merck denies each and every allegation in Paragraph 150 as to Merck. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and on that basis denies the allegations.

151.    Merck denies each and every allegation in Paragraph 151 as to Merck. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and on that basis denies the allegations.

152.    Merck avers that it is common knowledge that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  Otherwise, Merck denies each and every allegation in Paragraph 152 as to Merck.  As to the remaining allegations, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and on that basis denies the allegations.

153.    Merck denies the allegations in Paragraph 153 as to Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and on that basis denies the allegations.

154.    Merck avers that Paragraph 154 purports to quote from a statement by the HHS OIG that is otherwise unidentified, denies any characterization of such statement, and refers to the statement for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and on that basis denies the allegations.

155.    Merck denies each and every allegation in Paragraph 155.

156.    Merck denies each and every allegation in Paragraph 156.

157.     Merck admits that it has provided prompt payment discounts to purchasers that pay invoices within a certain limited time.  Otherwise, Merck denies each and every allegation in Paragraph 157.

158.     Merck denies each and every allegation in Paragraph 158 as to Merck. Otherwise, Merck is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 and on that basis denies the allegations.

159.     Merck admits that the functions of a Pharmacy Benefit Manager may include the administration and management of prescription benefit programs.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and on that basis denies the allegations.

160.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and on that basis denies the allegations.

161.     Merck admits that Paragraph 161 purports to quote from a publicly available article, denies any characterization of such article by Plaintiffs, and refers to the article for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and on that basis denies the allegations.

162.     Merck admits that Paragraph 162 purports to quote from a publicly available article, denies any characterization of such article by Plaintiffs, and refers to the article for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and on that basis denies the allegations.

163.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and on that basis denies the allegations.

164.     Merck admits that Plaintiffs make allegations relating to Fluoxetine in the Introduction to the Complaint.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on that basis denies the allegations.

165.     Merck admits that Paragraph 165 purports to quote from a publicly available report, denies any characterizations of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and on that basis denies the allegations.

166.     Merck denies each and every allegation in Paragraph 166.

167.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and on that basis denies the allegations.

168.     Merck admits that it has executed a rebate agreement with the Secretary of HHS, denies any characterization of that agreement by Plaintiffs in Paragraph 168, and refers to the agreement for its complete and accurate contents.

169.     Merck admits that one purpose of rebate agreements is to reduce the cost of pharmaceutical reimbursements under Medicaid for the States.  Otherwise, Merck denies each and every allegation in Paragraph 169.

170.     Merck denies each and every allegation in Paragraph 170.

171.     Merck denies each and every allegation in Paragraph 171.

172.     Merck refers to the Model Rebate Agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 172.  Otherwise, Merck denies each and every allegation in Paragraph 172.

173.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 173.  Merck denies each and every allegation in Paragraph 173 as to Merck.  Otherwise, Merck is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 and on that basis denies the allegations.

174.     Merck admits that Paragraph 174 purports to describe a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.

175.     Merck denies each and every allegation in Paragraph 175.

176.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 176.  Merck admits that it has from time to time provided information requested by various Congressional committees.

177.     Merck admits that a number of administrative and legislative investigations have been conducted at various times relating to pharmaceutical pricing and rebates.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and on that basis denies the allegations.

178.     Merck admits that Paragraph 178 purports to quote from a publicly available letter, avers that Merck was not one of the pharmaceutical companies to whom the letter was addressed, denies any characterization of such letter by Plaintiffs, and refers to the letter for its complete and accurate contents.  Otherwise, Merck is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 178 and on that basis denies the allegations.

179.    Merck admits that Paragraph 179 purports to describe a publicly available letter, avers that Merck was not one of the pharmaceutical companies to whom the letter was addressed, denies any characterization of such letter by Plaintiffs, and refers to the letter for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and on that basis denies the allegations.

180.    Merck admits that Paragraph 180 purports to describe and quote from a publicly available transcript, denies any characterization of such by Plaintiffs, and refers to the transcript for its complete and accurate contents.  Merck avers that it does not manufacture any of the drugs listed in Paragraph 180.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and on that basis denies the allegations.

181.    Merck admits that Paragraph 181 purports to quote from a publicly available letter, denies any characterization of such letter by Plaintiffs in Paragraph 181 or its footnote, and refers to the letter for its complete and accurate contents.

182.    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and on that basis denies the allegations.

183.    Merck admits that Paragraph 183 purports to quote from a publicly available letter, denies any characterization of such letter by Plaintiffs, and refers to the letter for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and on that basis denies the allegations.

184.     Merck admits that Paragraph 184 purports to quote from a publicly available letter, denies any characterization of such letter by Plaintiffs, and refers to the letter for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and on that basis denies the allegations.

185.     Merck admits that Paragraph 185 purports to quote from a publicly available letter, denies any characterization of such letter by Plaintiffs, and refers to the letter for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and on that basis denies the allegations.

186.     Merck admits that Paragraph 186 purports to describe a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Merck avers that it does not manufacture either of the drugs named in Paragraph 186.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and on that basis denies the allegations.

187.     Merck admits that Paragraph 187 purports to quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Merck avers that it does not manufacture either of the drugs named in Paragraph 187.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and on that basis denies the allegations.

188.     Merck admits that Paragraph 188 purports to describe a series of publicly available reports, denies any characterization of such reports by Plaintiffs, and refers to the

reports for their complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and on that basis denies the allegations.

189.    Merck admits that Paragraph 189 purports to quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and on that basis denies the allegations.

190.    Merck admits that Paragraph 190 purports to describe and quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and on that basis denies the allegations.

191.    Merck admits that Paragraph 191 purports to describe and quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and on that basis denies the allegations.

192.    Merck admits that Paragraph 192 purports to quote from a publicly available report, denies any characterization of such report by Plaintiffs, and refers to the report for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and on that basis denies the allegations.

193.     Merck admits that Plaintiffs purport to further describe a number of investigations relating to pharmaceutical pricing but denies that Plaintiffs have done so accurately.

194.     Merck denies each and every allegation in Paragraph 194 as to Merck. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and on that basis denies the allegations.

195.     Merck admits that it has entered into contracts with certain pharmaceutical purchasers, and that different customers and classes of trade may negotiate different prices, depending on competitive factors.  Otherwise, Merck denies each and every allegation in Paragraph 195.

196.     Merck admits that Plaintiffs have attached Exhibit A, which purports to contain information as to the NDCs at issue in their claims against each defendant, but denies that there is any basis for such claims as to Merck.  Merck further avers that Exhibit A does not purport to assert any FUL fraud by Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and Exhibit A and on that basis denies the allegations.

197.-567.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197 through 567, which are directed at other defendants, and on that basis denies the allegations.

568.     Merck admits that Plaintiffs purport to seek relief against Merck for drugs with the NDCs set forth in revised Exhibit B-26 but denies there is any basis for them to do so. Merck further avers that Exhibit A and Exhibit B-26 do not purport to assert any FUL fraud claims against Merck.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 568.

569.    Merck denies each and every allegation in Paragraph 569.

570.    Merck admits that it has been the subject of investigations by the government entities identified in Paragraph 570, and denies each and every remaining allegation in Paragraph 570.

571.    Merck admits that it has responded to information requests by the Senate Finance Committee.  Merck further avers that the determination of Best Price and the nominal price exception are complex, vary drug by drug, and are made pursuant to statutes, regulations, and regulatory guidance that have changed over time.  Merck otherwise denies the allegations of Paragraph 571.

572.    Merck admits that Paragraph 572 purports to report allegations that have been made in lawsuits and newspapers, denies that they are accurately summarized in Paragraph 572, and refers to the source materials for the complete context and content thereof.

573.    Merck avers that this drug is not at issue pursuant to the Court's decisions of April 2, 2007 and July 30, 2007.  To the extent that any response is required, Merck admits that Paragraph 573 and the footnote thereto purports to report allegations in a lawsuit, avers that they are not completely or accurately summarized in Paragraph 573, and refers to the pleadings in the action for the complete context and contents thereof.

574.    Merck avers that this drug is not at issue pursuant to the Court's decisions of April 12, 2007 and July 30, 2007.  To the extent that any response is required, Merck denies that it calculates AWP and avers that the Medicaid rebate statutes, regulations, and regulatory guidance relating to the calculation of Best Price are complex, that the calculations vary from drug to drug, and have changed over time.

575.     Merck avers that this drug is not at issue pursuant to the Court's decisions of April 2, 2007 and July 30, 2007. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 575 and on that basis denies the allegations.

576.  Merck denies the allegations of Paragraph 576, and avers that the Medicaid rebate statutes, regulations, and regulatory guidance relating to the calculation of AMP and Best Price are complex, that the calculations vary from drug to drug, and have changed over time.

577.  Merck admits that Paragraph 577 purports to summarize allegations in another action, denies that the summary is accurate or complete, and refers to the pleadings in the referenced action for the full and complete contents and context.

578.-769.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 578 through 769, which are directed at other defendants, and on that basis denies the allegations.

770.     Merck denies each and every allegation in Paragraph 770 as to Merck. Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 770 and on that basis denies the allegations.

771.     Merck denies each and every allegation in Paragraph 771.

772.     Merck admits that Plaintiffs seek relief but denies that there is any basis for them to do so.  Otherwise, Merck denies each and every allegation in Paragraph 772.

773.     Merck denies each and every allegation in Paragraph 773.

774.     Merck denies each and every allegation in Paragraph 774.

775.     Merck denies each and every allegation in Paragraph 775.

776.     Merck denies each and every allegation in Paragraph 776.

777. Merck denies each and every allegation in Paragraph 777.

778. Merck denies each and every allegation in Paragraph 778.

779. Merck denies each and every allegation in Paragraph 779.

780. Merck denies each and every allegation in Paragraph 780.

781. Merck denies each and every allegation in Paragraph 781.

782. Merck denies each and every allegation in Paragraph 782.

783. Merck denies each and every allegation in Paragraph 783.

784. Merck denies each and every allegation in Paragraph 784.

785. Merck denies each and every allegation in Paragraph 785.

786. Merck admits that Paragraph 786 purports to quote from a publicly available document, denies any characterization of such document by Plaintiffs, and refers to the document for its complete and accurate contents.  Otherwise, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 786 and on that basis denies the allegations.

787. Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 787.  Merck, on information and belief, admits that for certain years one of the alternative reimbursement formulas for pharmaceuticals under the New York Medicaid program was based in part on AWP minus a percentage, plus a dispensing fee. Otherwise, Merck denies each and every allegation in Paragraph 787.

788. Merck denies each and every allegation in Paragraph 788.

789. Merck denies each and every allegation in Paragraph 789.

790. Merck denies each and every allegation in Paragraph 790.

## CLAIMS FOR RELIEF
### COUNT I
### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. § 1396r-8

791.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 790.

792.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck admits that it manufactures drugs and that certain of its drugs are covered outpatient drugs for purposes of Medicaid reimbursement.

793.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck admits that it has entered into a rebate agreement with the Secretary of HHS, refers to that agreement and the referenced statute for their complete and accurate contents, and denies any characterization of such by Plaintiffs in Paragraph 793.

794.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 794.

795.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 795.

796.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 796.

797.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 797.

798.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 798.

799.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 799.

800.     Merck avers that the Court has dismissed the claim in Count I.  To the extent a response is required, Merck denies each and every allegation in Paragraph 800.

## COUNT II
## VIOLATION OF N.Y. SOCIAL SERVICES LAW § 367-a(7)(d)

801.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 800.

802.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck admits that it manufactures drugs and that certain of its drugs are covered outpatient drugs for purposes of Medicaid reimbursement.

803.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 803.

804.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck denies each and every allegation in Paragraph 804.

805.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck denies each and every allegation in Paragraph 805.

806.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck denies each and every allegation in Paragraph 806.

807.     Merck avers that the Court has dismissed the claim in Count II.  To the extent a response is required, Merck denies each and every allegation in Paragraph 807.

## COUNT III
## VIOLATION OF NEW YORK SOCIAL SERVICES LAW § 145-b

808.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 807.

809.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 809.

810.     Merck denies each and every allegation in Paragraph 810.

811.     Merck denies each and every allegation in Paragraph 811.

812.     Merck denies each and every allegation in Paragraph 812.

813.     Merck denies each and every allegation in Paragraph 813.

## COUNT IV
## VIOLATION OF NEW YORK DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. § 515.2(b)(4) and (5)

814.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 813.

815.     Merck avers that the Court has dismissed the claim in Count IV.  To the extent a response is required, Merck refers to the referenced regulation for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 815.

816.     Merck avers that the Court has dismissed the claim in Count IV.  To the extent a response is required, Merck refers to the referenced regulation for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 816.

817.     Merck avers that the Court has dismissed the claim in Count IV.  To the extent a response is required, Merck denies each and every allegation in Paragraph 817.

## COUNT V
## BREACH OF CONTRACT

818.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 817.

819.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck admits that it has entered into a rebate agreement with the Secretary of HHS, refers to the referenced statute for its complete and accurate contents, and denies any characterization of such by Plaintiffs in Paragraph 819.

820.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck refers to the rebate agreement for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 820.

821.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 821.

822.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 822.

823.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck refers to the referenced statutes for their complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 823.

824.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 824 and on that basis denies the allegations.

825.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 825.

826.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck denies each and every allegation in Paragraph 826.

827.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck denies each and every allegation in Paragraph 827.

828.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck denies each and every allegation in Paragraph 828.

829.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck denies each and every allegation in Paragraph 829.

830.     Merck avers that the Court has dismissed the claim in Count V.  To the extent a response is required, Merck denies each and every allegation in Paragraph 830.

## COUNT VI
## UNFAIR TRADE PRACTICES
### (Violations of N.Y. Gen. Bus. Law § 349 et seq.)

831.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 830.

832.     Merck denies each and every allegation in Paragraph 832.

833.     Merck denies each and every allegation in Paragraph 833.

834.     Merck denies each and every allegation in Paragraph 834.

835.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 835.  Otherwise, Merck denies each and every allegation in Paragraph 835.

836.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 836.  Otherwise, Merck denies each and every allegation in Paragraph 836.

837.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 837 and on that basis denies the allegations.

838.     Merck denies each and every allegation in Paragraph 838.

839.     Merck denies each and every allegation in Paragraph 839.

## COUNT VII
## FRAUD

840.     Merck repeats and incorporates by reference its responses to Paragraphs 1 through 839.

841.     Merck denies each and every allegation in Paragraph 841.

842.     Merck denies each and every allegation in Paragraph 842.

843.     Merck denies each and every allegation in Paragraph 843.

844.     Merck refers to the referenced statute for its complete and accurate contents and denies any characterization of such by Plaintiffs in Paragraph 844.

845.     Merck denies each and every allegation in Paragraph 845.

## COUNT VIII
## UNJUST ENRICHMENT

846.     Merck repeats and incorporates by reference its responses in Paragraphs 1 through 845.

847.     Merck denies each and every allegation in Paragraph 847.

848.     Merck denies each and every allegation in Paragraph 848.

849.     Merck denies each and every allegation in Paragraph 849.

### PRAYER FOR RELIEF

850.-858.  Merck denies that Plaintiffs are entitled to judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850 through 858. Merck reserves its right to a jury trial to the extent that any claims triable to a jury survive.

### DEFENSES OF MERCK & CO., INC.

By alleging the matters set forth below, Merck does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled.  As and for its affirmative defenses, Merck alleges as follows:

### First Defense

Plaintiffs fail to state a claim against Merck upon which relief may be granted.

### Second Defense

Plaintiffs and/or their principals or agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of drugs.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Third Defense

Plaintiffs lack standing or capacity to bring some or all of the claims raised in this suit.

### Fourth Defense

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Merck as alleged in the Complaint.

### Fifth Defense

To the extent Plaintiffs or other entities of whose rights the rights of Plaintiffs are derivative obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Merck based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of New York.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

## Eighth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff, the State of New York, or the United States has released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims.

## Ninth Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Medicare & Medicaid Anti-Kickback Act, including all amendments to the same and all regulations promulgated thereunder; by the Commerce Clause of the United States Constitution; and by the dormant Commerce Clause.

## Tenth Defense

Plaintiffs' claims against Merck are barred because Merck has complied with all applicable laws and regulations of the federal and state governments.

## Eleventh Defense

Plaintiffs' claims against Merck are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, ratification, and waiver.

## Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, because they violate Merck's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Merck's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs, and any injuries sustained by Plaintiffs were the result of their own conduct or the intervening or superseding conduct of third parties.

### Fourteenth Defense

Plaintiffs' claims for equitable relief against Merck are barred by the doctrines of adequate remedy at law, *in pari delicto*, and/or unclean hands.

### Fifteenth Defense

Plaintiffs' claims against Merck are barred, in whole or in part, due to their failure to join indispensable parties.

### Sixteenth Defense

Plaintiffs' claims against Merck are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the Complaint.

### Seventeenth Defense

Plaintiffs' claims against Merck for damages are barred, in whole or in part:  (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of Plaintiffs and the allocation of any fault, if any exists, attributable to Merck; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiffs have paid for products manufactured, marketed, and/or sold by Merck after the filing of Plaintiffs' original complaints; and (4) because they are

speculative and remote and because of the impossibility of ascertaining and allocating the alleged damages.

### Eighteenth Defense

Merck is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs or the state or feral government with respect to the same alleged injuries, and for any overpayments of rebates by Merck or underpayments by Plaintiffs for Merck drugs.

### Nineteenth Defense

Any damages recovered by Plaintiffs from Merck must be limited by the applicable statutory ceilings on recoverable damages.

### Twentieth Defense

Plaintiffs fail to allege facts or a cause of action against Merck sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Twenty-First Defense

Plaintiffs' claims against Merck are misjoined with Plaintiffs' claims against other defendants and must be severed.

### Twenty-Second Defense

Some or all of Plaintiffs' claims against Merck arise from the failure of the State of New York, of whose rights Plaintiffs' are derivative, to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Twenty-Third Defense

Plaintiffs' claims are barred, in whole or in part, because Merck did not collect or retain any benefits from Plaintiffs where it would be inequitable to do so.

### Twenty-Fourth Defense

Plaintiffs have by their conduct, or by their ratification of the conduct of the State of New York, waived or been estopped from obtaining any recovery from Merck.

### Twenty-Fifth Defense

Plaintiffs did not reasonably rely upon any alleged misrepresentations or omissions by Merck.

### Twenty-Sixth Defense

Plaintiffs' claims against Merck are barred in whole or in part by the doctrine of voluntary payment.

### Twenty-Seventh Defense

Plaintiffs have failed to exhaust available statutory and administrative remedies.

### Twenty-Eighth Defense

Plaintiffs' claims are barred under federal and state law to the extent that the State of New York and the United States Department of Health and Human Services have not authorized this suit.

### Twenty-Ninth Defense

Plaintiffs' claims are barred in whole or in part because the conduct alleged was taken in good faith and consistent with industry custom and practice.

### Thirtieth Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Thirty-First Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Merck:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the

Complaint are legally insufficient to support a claim for punitive damages against Merck; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Merck prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Merck's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by law would violate Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of New York; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Merck for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Merck's products would constitute impermissible multiple punishments for the same wrong, in violation of Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Merck the same protections that

are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Merck's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York.

### Thirty-Second Defense

Plaintiffs' claims against Merck for equitable relief are barred by mootness due to, *inter alia*, the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003, and amendments to the Medicaid Act.

### Thirty-Third Defense

Plaintiffs' claims against Merck are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised on alleged statements or conduct by Merck and/or its agents in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Thirty-Fourth Defense

Plaintiffs fail to state the circumstances purportedly constituting fraud as to Merck with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Thirty-Fifth Defense

To the extent that any claim against Merck under New York's Unfair Trade Practices Act is found to exist, Merck pleads all available defenses under the Act.

### Thirty-Sixth Defense

Plaintiffs' claims are barred by the statutory and supplemental rebate agreements.

## Thirty-Seventh Defense

Merck adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Thirty-Eighth Defense

Merck hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Defendant Merck & Co., Inc., demands:  (1) that the Complaint be dismissed with prejudice as to Merck; (2) its costs and expenses of defending this action; and (3) such other and further relief as the Court may deem just and proper.

Dated:  October  26, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ John M. Townsend
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
Eric S. Parnes
1775 I Street, N.W.
Washington, DC  20006
Tel:  202-721-4600
Fax:  202-721-4646

Jeff H. Galloway
One Battery Park Plaza
New York, NY   10004-1482
Tel:  (212) 837-6000
Fax:  (212) 422-4726

*Attorneys for Defendant Merck & Co., Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on October 26, 2007, I caused a true and correct copy of the foregoing document to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

<u>   /s/ Robert B. Funkhouser   </u>
Robert B. Funkhouser