# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) | Judge Patti B. Saris |
| *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) ) | |
| *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) | |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) ) | |
| *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) | ) ) | |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) | |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) | ) ) | |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) | |
| *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) | |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) | ) ) | |
| *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) | ) ) | |

[Caption Continues on Next Page]

## DEFENDANTS DEY, L.P. AND DEY, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
## REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

| | |
|---|---|
| *County of Cortland v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00881) | ) ) |
| *County of Dutchess v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-06458) | ) ) |
| *County of Essex County v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00878) | ) ) ) |
| *County of Fulton v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00519) | ) ) ) |
| *County of Genesee v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06206) | ) ) ) |
| *County of Greene v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00474) | ) ) |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00415) | ) ) |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00715) | ) ) |
| *County of Lewis v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00839) | ) ) |
| *County of Madison v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00714) | ) ) ) |
| *County of Monroe v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06148) | ) ) |
| *County of Nassau v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. 04-CV-5126) | ) ) |
| *County of Niagara v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06296) | ) ) ) |
| *County of Oneida v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00489) | ) ) |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00088) | ) ) ) |
| *County of Ontario v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06373) | ) ) |
| *County of Orange v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 07-CV-2777) | ) ) |
| *County of Orleans v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06371) | ) ) |
| *County of Putnam v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-04740) | ) |

[Caption Continues on Next Page]

| | |
|---|---|
| *County of Rensselaer v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00422) | ) ) |
| *County of Rockland v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-7055) | ) ) |
| *County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478) | ) ) ) |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387) | ) ) ) |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370) | ) ) ) |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479) | ) ) |
| *County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223) | ) ) |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229) | ) ) ) |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397) | ) ) |
| *County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123) | ) ) ) |
| *County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468) | ) ) |
| *County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408) | ) ) |
| *County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138) | ) ) |
| *County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178) | ) ) |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379) | ) ) ) |
| and | ) ) |
| *County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172) | ) |

Defendants Dey L.P. and Dey, Inc. (collectively "Dey"), by their undersigned attorneys, as and for their Answer to Plaintiffs' Revised First Amended Consolidated Complaint ("Consolidated Complaint"), filed October 5, 2007 (Docket No. 4780), state as follows:

Dey states that it is answering Plaintiffs' allegations solely on behalf of itself, and only to the extent Plaintiffs' allegations concern the alleged actions of Dey, even when Plaintiffs' allegations refer collectively to alleged conduct by Dey and other persons or entities or refer to alleged conduct by "defendants" without further definition.  To the extent the allegations in the Consolidated Complaint refer to the alleged knowledge, conduct or actions of other persons or entities, Dey is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Dey specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Consolidated Complaint.

Dey responds to the individual numbered paragraphs of the Consolidated Complaint as follows:

1.      Dey denies the allegations in Paragraph 1 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit B, except admits that the Counties purport to bring this action as alleged and Dey further admits that Exhibit B to the Consolidated Complaint purports to identify the prescription drugs at issue in this action.

2.      Dey denies the allegations in Paragraph 2 of the Consolidated Complaint and refers the Court to the referenced statutes for a full and complete statement of their terms, except that Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the Consolidated Complaint and, therefore, denies those allegations.

3.     Dey denies the allegations in Paragraph 3 of the Consolidated Complaint and refers the Court to the referenced statutes and regulatory materials for a full and complete statement of their terms.

4.     Dey denies the allegations in Paragraph 4 of the Consolidated Complaint.

5.     Dey denies the allegations in Paragraph 5 of the Consolidated Complaint and refers the Court to the referenced regulation for a full and complete statement of its terms.

6.     Dey denies the allegations in Paragraph 6 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

7.     Dey denies the allegations in Paragraph 7 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

8.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Consolidated Complaint and, therefore, denies those allegations.

9.     Dey denies the allegations in Paragraph 9 of the Consolidated Complaint.

10.     Dey denies the allegations in Paragraph 10 of the Consolidated Complaint, except admits that, at certain times, Dey provided average wholesale price and wholesale acquisition cost information to certain price reporting compendia for certain drugs.

11.     Dey denies the allegations in Paragraph 11 of the Consolidated Complaint.

12.     Dey denies the allegations in Paragraph 12 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit F.

13.     Dey denies the allegations in the first sentence of Paragraph 13 of the Consolidated Complaint.  Dey denies the allegations in the second and third sentences of Paragraph 13 and refers the Court to the referenced regulation for a full and complete statement

of its terms.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 13 and, therefore, denies those allegations.

14.      Dey denies the allegations in Paragraph 14 of the Consolidated Complaint.

15.      Dey denies the allegations in Paragraph 15 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit B.

16.      Dey denies the allegations in Paragraph 16 of the Consolidated Complaint.

17.      Dey denies the allegations in Paragraph 17 of the Consolidated Complaint.

18.      Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Consolidated Complaint and, therefore, denies those allegations.

19.      Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Consolidated Complaint and, therefore, denies those allegations.

20.      Dey denies the allegations in Paragraph 20 of the Consolidated Complaint and refers the Court to the referenced article for a full and complete statement of its contents.

21.      Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 21.

22.      Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Consolidated Complaint and, therefore, denies those allegations.

NY01/PARKC/1244691.5

23. Dey denies the allegations in Paragraph 23 of the Consolidated Complaint.

24. Dey denies the allegations in the first sentence of Paragraph 24 of the Consolidated Complaint. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth and fifth sentences of Paragraph 24 and, therefore, denies those allegations.

25. Dey denies the allegations in the first and second sentences of Paragraph 25 of the Consolidated Complaint. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentences of Paragraph 25 and, therefore, denies those allegations. Dey denies the allegations in the fourth sentence of Paragraph 25.

26. Dey denies the allegations in Paragraph 26 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its contents.

27. Dey denies the allegations in Paragraph 27 of the Consolidated Complaint and refers the Court to the referenced congressional hearing transcript for a full and complete statement of its contents.

28. Dey denies the allegations in Paragraph 28 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit B.

29. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third and fourth sentences of Paragraph 29 of the Consolidated Complaint and, therefore, denies those allegations. Dey denies the allegations in the second, fifth and sixth sentences of Paragraph 29 of the Consolidated Complaint.

30. Dey denies the allegations in Paragraph 30 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit B.

- 4 -

31.     Dey denies the allegations in Paragraph 31 of the Consolidated Complaint and refers the Court to the referenced statutes for a full and complete statement of their terms.

32.     Dey denies the allegations in Paragraph 32 of the Consolidated Complaint.

33.     Dey denies the allegations in the first sentence of Paragraph 33 of the Consolidated Complaint.  Dey denies the allegations in the second sentence of Paragraph 33 and refers the Court to the referenced statute for a full and complete statement of its terms.

34.     Dey denies the allegations in Paragraph 34 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its contents.

35.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Consolidated Complaint and, therefore, denies those allegations.

36.     Dey denies the allegations in the first sentence of Paragraph 36 of the Consolidated Complaints, including the allegations contained in the referenced Exhibit D, except Dey admits that certain states have filed actions against Dey alleging meritless and ill-formed claims similar to those in this action and Dey further admits that it has responded to government subpoenas and written responses for information without any admission or finding of liability. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations the second, third, fourth, fifth, sixth, and seventh sentences in Paragraph 36 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the eighth sentence of Paragraph 36 of the Consolidated Complaint, except admits that Dey reached a settlement with the State of Texas and the U.S. Government in 2003, but specifically denies that the agreement constituted an admission or finding of fault or liability as to Dey.  Dey denies the allegations in the ninth sentence of Paragraph 36 of the Consolidated Complaint

NY01/PARKC/1244691.5

except admits that Exhibit D purports to be a list of investigations and lawsuits against certain defendants.

37.     Dey denies the allegations in Paragraph 37 of the Consolidated Complaint, except admits Plaintiffs seek the recovery alleged.

38.     Dey denies the allegations in Paragraph 38 of the Consolidated Complaint, except admits Plaintiffs assert claims as alleged.

39.     Dey denies the allegations in Paragraph 39 of the Consolidated Complaint.

40.     Dey denies the allegations in Paragraph 40 of the Consolidated Complaint.

## Parties

41 – 56.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41 through 56 of the Consolidated Complaint and, therefore, denies those allegations.

57.     Dey denies the allegations in Paragraph 57 of the Consolidated Complaint, except admits that Dey does business at 2751 Napa Valley Corporate Drive, Napa, CA 94558 and that it is engaged in the business of manufacturing and selling pharmaceuticals.

58.     Dey denies knowledge of information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 58 of the Consolidated Complaint and, therefore, denies those allegations, except Dey affirmatively denies that EMD, Inc., is a shareholder of Dey.  Dey denies the second sentence of paragraph 58 of the Consolidated Complaint, except admits that Dey was, at one time, an indirect subsidiary of Lipha, S.A.  Dey admits the allegations of the third sentence of Paragraph 58 of the Consolidated Complaint.   Dey denies the allegations in the fourth sentence of Paragraph 58 of the Consolidated Complaint, except admits that Merck KGaA is a German company based in Darmstadt, Germany.  Dey specifically denies that Merck KGaA is a defendant in this action, denies that Merck KGaA is

- 6 -

named as a defendant in any of the original county complaints consolidated before this Court, and denies that Merck KGaA has been served in this action.  Dey denies the allegations in the fifth sentence of Paragraph 58 of the Consolidated Complaint, except admits the Plaintiffs purport to erroneously refer to EMD, Inc. as "Dey."

59 – 88.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 58 through 88 of the Consolidated Complaint and, therefore, denies those allegations.

89 – 98.     Dey denies the allegations in Paragraphs 89 – 98 of the Consolidated Complaint and refers the Court to the referenced statutes and regulations for a full and complete statement of their terms.

99.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Consolidated Complaint and, therefore, denies those allegations.

100.     Dey denies the allegations in Paragraph 100 of the Consolidated Complaint, except admits that prescription drugs in the United States are assigned a National Drug Code ("NDC") and further admits that the United States Food and Drug Administration publishes NDCs for each of the dosage forms and package sizes of a prescription drug.

101.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 101 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 101 and refers the Court to the referenced list for a full and complete statement of its contents.

102.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Consolidated Complaint and, therefore, denies those allegations.

103.    Dey denies the allegations in Paragraph 103 of the Consolidated Complaint and refers the Court to the referenced list for a full and complete statement of its contents.

104.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Consolidated Complaint and, therefore, denies those allegations.

105.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Consolidated Complaint and, therefore, denies those allegations.

106.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Consolidated Complaint and, therefore, denies those allegations.

107.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Consolidated Complaint and, therefore, denies those allegations.

108.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Consolidated Complaint and, therefore, denies those allegations.

109.    Dey denies the allegations in Paragraph 109 of the Consolidated Complaint and refers the Court to the relevant statutes establishing and governing the New York

Medicaid Program for a full and complete statement of the rules governing claims submitted by providers for prescription drugs.

110.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Consolidated Complaint and, therefore, denies those allegations.

111.    Dey denies the allegations in the first sentence of Paragraph 111 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 111 and, therefore, denies those allegations.

112.    Dey denies the allegations in the first sentence of Paragraph 112 of the Consolidated Complaint, except admits that publishing services publish and report AWP.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 112 and, therefore, denies those allegations.

113.    Dey denies the allegations in the first sentence of Paragraph 113 of the Consolidated Complaint.  Dey denies the allegations in the second sentence of Paragraph 113, except admits that certain provisions of the Medicaid rebate statute provided that reported average manufacturer prices would be confidential.  Dey denies the allegations in the third sentence of Paragraph 113 and refers the Court to the referenced transcript of the congressional hearing for a full and complete statement of its contents.

114.    Dey denies the allegations in Paragraph 114 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its contents.

115.     Dey denies the allegations in Paragraph 115 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its contents.

116 – 127.     Dey denies the allegations in Paragraph 116 – 127 of the Consolidated Complaint and refers the Court to the referenced statutes and legislative history for a full and complete statement of their terms.

128.     Dey denies the allegations in Paragraph 128 of the Consolidated Complaint and refers the Court to the relevant statutes for a full and complete statement of their terms

129.     Dey denies the allegations in Paragraph 129 of the Consolidated Complaint and refers the Court to the referenced brief and statute for a full and complete statement of their terms.

130.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Consolidated Complaint and, therefore, it denies those allegations.

131.     Dey denies the allegations in Paragraph 131 of the Consolidated Complaint and refers the Court to the referenced agreement for a full and complete statement of its terms.

132.     Dey denies the allegations in Paragraph 132 of the Consolidated Complaint, except admits that it executed a rebate agreement with the Secretary of Health and Human Services and refers the Court to that agreement for a full and complete statement of its terms.

133 – 136.     Dey denies the allegations in Paragraph 133 – 136 of the Consolidated Complaint and refers the Court to the referenced agreement for a full and complete statement of its terms.

137.     Dey denies the allegations in the first sentence of Paragraph 137 of the Consolidated Complaint and refers the Court to the referenced statutes for a full and complete statement of their terms.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of Paragraph 137 and, therefore, denies those allegations.

138.     Dey denies the allegations in Paragraph 138 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

139.     Dey denies the allegations in Paragraph 139 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

140.     Dey denies the allegations in Paragraph 140 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

141.     Dey denies the allegations in Paragraph 141 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

142.     Dey denies the allegations in Paragraph 142 of the Consolidated Complaint and refers the Court to the referenced brief for a full and complete statement of its contents.

143.    Dey denies the allegations in Paragraph 143 of the Consolidated Complaint.

144.    Dey denies the allegations in Paragraph 144 of the Consolidated Complaint, except admits that, at certain times, Dey provided average wholesale price and wholesale acquisition cost information to certain price reporting compendia for certain drugs.

145.    Dey denies the allegations in the first sentence of Paragraph 145 of the Consolidated Complaint, except admits that Exhibit B purports to identify the prescription drugs at issue.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 145 and, therefore, denies those allegations.  Dey denies the allegations in the third sentence of Paragraph 145, except admits that Exhibit B purports to allege certain information regarding the prescription drugs at issue.

146.    Dey denies the allegations in Paragraph 146, except admits that Exhibit B purports to allege certain information regarding the prescription drugs at issue.

147.    Dey denies the allegations in Paragraph 147 of the Consolidated Complaint.

148.    Dey denies the allegations in Paragraph 148 of the Consolidated Complaint.

149.    Dey denies the allegations in Paragraph 149 of the Consolidated Complaint.

150.    Dey denies the allegations in Paragraph 150 of the Consolidated Complaint, except admits that it was aware, at various times, of the prices at which certain of its products were sold to providers and was aware, at various times, that FULs applied to certain generic products.

151.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 151, including the allegations contained in the chart following paragraph 151 and refers the Court to the referenced Red Book and DOJ publications for a full and complete statement of their contents.

152.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 152 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second and third sentences of Paragraph 152 of the Consolidated Complaint.

153.     Dey denies the allegations in Paragraph 153 of the Consolidated Complaint.

154.     Dey denies the allegations in Paragraph 154 of the Consolidated Complaint and refers the Court to the referenced HHS OIG publication for a full and complete statement of its content.

155.     Dey denies the allegations in Paragraph 155 of the Consolidated Complaint except it admits that, from time to time, Dey offered prompt payment discounts, rebates and credits and that such prompt pay discounts, rebates and credits were not used to set some reported prices.

156.     Dey denies the allegations in Paragraph 156 of the Consolidated Complaint, except admits that it controls its discounting policies.

157.     Dey denies the allegations in Paragraph 157 of the Consolidated Complaint except admits that, from time to time, it offered prompt payment discounts, rebates and credits and that such prompt pay discounts, rebates and credits were not used to set some reported prices.

158.    Dey denies the allegations in Paragraph 158 of the Consolidated Complaint.

159.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Consolidated Complaint and, therefore, denies those allegations.

160.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Consolidated Complaint and, therefore, denies those allegations.

161.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 161 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 161 and refers the Court to the referenced article for a full and complete statement of its content.

162.  Dey denies the allegations in Paragraph 162 of the Consolidated Complaint and refers the Court to the referenced article for a full and complete statement of its content.

163.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Consolidated Complaint and, therefore, denies those allegations.

164.    Dey denies the allegations in Paragraph 164 of the Consolidated Complaint, except admits that Plaintiffs purport to set forth an example.

165.    Dey denies the allegations in Paragraph 165 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

- 14 -

166.    Dey denies the allegations in Paragraph 166 of the Consolidated Complaint.

167.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Consolidated Complaint and, therefore, denies those allegations.

168.    Dey denies the allegations in Paragraph 168 of the Consolidated Complaint, but admits Dey has executed a rebate agreement with the Secretary of Health and Human Services and refers the Court to that agreement for a full and complete statement of its terms.

169.    Dey denies the allegations in Paragraph 169 of the Consolidated Complaint and refers the Court to the referenced agreement for a full and complete statement of its terms.

170.    Dey denies the allegations in Paragraph 170 of the Consolidated Complaint.

171.    Dey denies the allegations in Paragraph 171 of the Consolidated Complaint.

172.    Dey denies the allegations in the first sentence of Paragraph 172 of the Consolidated Complaint.  Dey denies the allegations in the second sentence of Paragraph 172 and refers the Court to the referenced agreement for a full and complete statement of its terms. Dey denies the allegations in the third sentence of Paragraph 172.

173.    Dey denies the allegations in the first sentence of Paragraph 173 of the Consolidated Complaint.  Dey denies the allegations in the second sentence of Paragraph 173 and refers the Court to the referenced statute for a full and complete statement of its terms.  Dey

- 15 -

denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 173 and, therefore, denies those allegations.

174.    Dey denies the allegations in Paragraph 174 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its contents.

175.    Dey denies the allegations in Paragraph 175 of the Consolidated Complaint, except admits that, from time to time, it uses various lawful and industry-standard inducements to stimulate sales of its products.

176.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Consolidated Complaint and, therefore, denies those allegations.

177.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Consolidated Complaint and, therefore, denies those allegations except Dey admits that it has responded to government subpoenas and written requests for information without any admission or finding of fault or liability.

178.    Dey denies the allegations in the first sentence of Paragraph 178 of the Consolidated Complaint, except Dey admits that it has responded to government subpoenas and written request for information without any admission or finding of fault or liability.  Dey denies the allegations in the second sentence of Paragraph 178 and refers the Court to the referenced letter for a full and complete statement of its terms.

- 16 -

179. Dey denies the allegations in Paragraph 179 of the Consolidated Complaint and refers the Court to the referenced letter for a full and complete statement of its content.

180. Dey denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 180 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 180 and refers the Court to the referenced transcript of the congressional hearing for a full and complete statement of its contents.  Dey denies the allegations in the third sentence of Paragraph 180 of the Consolidated Complaint except admits that its chief financial officer testified at the referenced congressional hearing and refers the Court to the referenced transcript of that hearing for a full and complete statement of its contents.   Dey denies the allegations in the fourth sentence of Paragraph 180 and refers the Court to the referenced transcript of the congressional hearing for a full and complete statement of its contents.  Dey denies the allegations in the fifth sentence of Paragraph 180, except admits that Exhibit A purports to identify certain prescription drugs at issue in this action.

181. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 181 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 181 of the Consolidated Complaint and refers the Court to the referenced letter for a full and complete statement of its contents.

182. Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Consolidated Complaint and, therefore, denies those allegations.

- 17 -

183.     Dey denies the allegations in Paragraph 183 of the Consolidated Complaint and refers the Court to the referenced letter for a full and complete statement of its content.

184.     Dey denies the allegations in Paragraph 184 of the Consolidated Complaint and refers the Court to the referenced letter for a full and complete statement of its content.

185.     Dey denies the allegations in Paragraph 185 of the Consolidated Complaint and refers the Court to the relevant portions of the referenced Congressional Record for a full and complete statement of its contents.

186.     Dey denies the allegations in Paragraph 186 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

187.     Dey denies the allegations in Paragraph 187 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

188.     Dey denies the allegations in Paragraph 188 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

189.     Dey denies the allegations in Paragraph 189 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

190.    Dey denies the allegations in Paragraph 190 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

191.    Dey denies the allegations in Paragraph 191 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

192.    Dey denies the allegations in Paragraph 192 of the Consolidated Complaint and refers the Court to the referenced report for a full and complete statement of its content.

193.    Dey denies the allegations in Paragraph 193 of the Consolidated Complaint.

194.    Dey denies the allegations in Paragraph 194 of the Consolidated Complaint.

195.    Dey denies the allegations in Paragraph 195 of the Consolidated Complaint, except admits that Dey entered into contracts with certain purchasers and refers the Court to those contracts for a full and complete statement of their terms.

196.    Dey denies the allegations in Paragraph 196 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit A.

197 – 398.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 – 398 of the Consolidated Complaint and, therefore, it denies those allegations.

399.    Dey denies the allegations in the first sentence of Paragraph 399 of the Consolidate Complaint, including the referenced Exhibit A.  Dey denied the allegations in the

second sentence of Paragraph 399 of the Consolidated Complaint, except admits Exhibit B-13 purports to list the prescription drugs at issue in this action for Dey. Dey denies the allegations in the third sentence of Paragraph 399, but admits that Plaintiffs have alleged claims without basis and as to which no relief should be granted.

400.     Dey denies the allegations in Paragraph 400 of the Consolidated Complaint, including the allegations contained in the referenced Exhibit B-13.

401.     Dey denies the allegations in the first sentence of Paragraph 401 of the Consolidated Complaint and refers the Court to the referenced memorandum for a full and complete statement of its contents. Dey further denies that the contents of the referenced memorandum are accurate. Dey denies the allegations in the second sentence of Paragraph 401 and refers the Court to the referenced statement of Helen Burnham for a full and complete statement of its contents. Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced statement of Ms. Burnham.

402.     Dey denies the allegations in the first sentence of Paragraph 402 and refers the Court to the referenced statement of Robert Mozak for a full and complete statement of its contents. Dey denies the allegations in the second sentence of Paragraph 402. Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced statement of Mr. Mozak.

403.     Dey denies the allegations in Paragraph 403 and refers the Court to the referenced statement of Rob Ellis for a full and complete statement of its contents. Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced statement of Mr. Ellis.

404.    Dey denies the allegations in Paragraph 404 and refers the Court to the referenced statement of Ross Uhl for a full and complete statement of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced statement of Mr. Uhl.

405.    Dey denies the allegations in Paragraph 405 of the Consolidated Complaint.

406.    Dey denies the allegations in Paragraph 406 of the Consolidated Complaint and refers the Court to the referenced document for a full and complete statement of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced document.

407.    Dey denies the allegations in Paragraph 407 of the Consolidated Complaint and refers the Court to the referenced document for a full and complete statement of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced document.

408.    Dey denies the allegations in Paragraph 408 of the Consolidated Complaint and refers the Court to the referenced Complaint for a full and complete statement of its contents.

409.    Dey denies the allegations in Paragraph 409 of the Consolidated Complaint, except Dey admits that it has responded to government subpoenas and written requests for information without any admission of fault or liability.

410.    Dey denies the allegations in Paragraph 410 of the Consolidated Complaint, except admits that certain states have filed actions against Dey alleging meritless and

- 21 -

ill-formed claims and Dey refers the Court to the pleadings in those actions as the best evidence of their contents.

411.    Dey denies the allegations in Paragraph 411 of the Consolidated Complaint and refers the Court to the pleadings in the referenced action as the best evidence of their contents.

412.    Dey denies the allegations in Paragraph 412 of the Consolidated Complaint and refers the Court to the pleadings in the referenced action as the best evidence of their contents.

413.    Dey denies the allegations in Paragraph 413 of the Consolidated Complaint and refers the Court to the pleadings in the referenced action as the best evidence of their contents.

414.    Dey denies the allegations in the first and second sentences of Paragraph 414 of the Consolidated Complaint of the Consolidated Complaint and refers the Court to the pleadings in the referenced action as the best evidence of their contents, except Dey admits that Dey reached a settlement with the State of Texas and the U.S. Government in 2003, but specifically denies that the agreement constituted an admission or finding of fault or liability as to Dey.

415.    Dey denies the allegations in Paragraph 415 of the Consolidated Complaint and refers the Court to the pleadings in the referenced action as the best evidence of their contents.

416.    Dey denies the allegations in Paragraph 416 of the Consolidated Complaint.

417.    Dey denies the allegations in the first sentence of Paragraph 417 of the Consolidate Complaint and refers the Court to the referenced 2001 report for a full and complete statement of its contents.  Dey denies the allegations in the second and third sentences of Paragraph 417 of the Consolidated Complaint, including the allegations contained in the chart following Paragraph 417, and refers the Court to the referenced Red Book and DOJ publications for a full and complete statement of their contents.

418.    Dey denies the allegations in Paragraph 418 of the Consolidated Complaint.

419 – 420.    Dey denies the allegations in Paragraphs 419 and 420 of the Consolidated Complaint and refers the Court to the referenced report published by the OIG (OEI-03-01-00410, March 2002) are the best evidence of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced OIG report.

421.    Dey denies the allegations contain in Paragraph 421 of the Consolidated Complaint and further denies that the document cited as the source for the table following Paragraph 421 is a document prepared by Dey.

422.    Dey denies the allegations in Paragraph 422 of the Consolidated Complaint, including the allegations contained in the chart following Paragraph 422, and refers the Court to the referenced Red Book publication for a full and complete statement of its contents.

423.    Dey denies the allegations in Paragraph 423 of the Consolidated Complaint.

- 23 -

424.     Dey denies the allegations in Paragraph 424 of the Consolidated Complaint and refers the Court to the referenced Red Book publications, and the referenced September 25, 2000 letter from Representative Bliley to Nancy-Ann Min DeParle, for a full and complete statement of their contents.

425.     Dey denies the allegations in Paragraph 425 of the Consolidated Complaint.

426.     Dey denies the allegations in Paragraph 426 of the Consolidated Complaint and refers the Court to the referenced document for a full and complete statement of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced document.

427.     Dey denies the allegations in Paragraph 427 of the Consolidated Complaint and refers the Court to the referenced document for a full and complete statement of its contents.  Dey further denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in the referenced document.

428.     Dey denies the allegations in Paragraph 428 of the Consolidated Complaint, excepts admits that the House Committee of Energy and Commerce has commenced an investigation of the pharmaceutical drug pricing industry and Dey has responded to requests for information and testimony issued by the House Committee of Energy and Commerce without any admission of liability.

429.     Dey denies the allegations in Paragraph 429 and refers the Court to the referenced transcript for a full and complete statement of its contents.

430 – 769.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430 – 769  of the Consolidated Complaint and, therefore, denies those allegations.

770.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 770 of the Consolidated Complaint and, therefore, denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 770.

771.    Dey denies the allegations in Paragraph 771 of the Consolidated Complaint.

772.    Dey denies the allegations in Paragraph 772 of the Consolidated Complaint.

773.    Dey denies the allegations in Paragraph 773 of the Consolidated Complaint.

774.    Dey denies the allegations in Paragraph 774 of the Consolidated Complaint.

775.    Dey denies the allegations in Paragraph 775 of the Consolidated Complaint.

776.    Dey denies the allegations in Paragraph 776 of the Consolidated Complaint.

777.    Dey denies the allegations in Paragraph 777 of the Consolidated Complaint.

778.    Dey denies the allegations in Paragraph 778 of the Consolidated Complaint.

NY01/PARKC/1244691.5

779.    Dey denies the allegations in Paragraph 779 of the Consolidated Complaint.

780.    Dey denies the allegations in Paragraph 780 of the Consolidated Complaint.

781.    Dey denies the allegations in Paragraph 781 of the Consolidated Complaint.

782.    Dey denies the allegations in Paragraph 782 of the Consolidated Complaint.

783.    Dey denies the allegations in Paragraph 783 of the Consolidated Complaint.

784.    Dey denies the allegations in Paragraph 784 of the Consolidated Complaint.

785.    Dey denies the allegations in Paragraph 785 of the Consolidated Complaint.

786.    Dey denies the allegations in Paragraph 786 of the Consolidated Complaint and refers the Court to the referenced article for a full and complete statement of its contents.

787.    Dey denies the allegations in Paragraph 787 of the Consolidated Complaint.

788.    Dey denies the allegations in Paragraph 788 of the Consolidated Complaint.

789.    Dey denies the allegations in Paragraph 789 of the Consolidated Complaint.

NY01/PARKC/1244691.5

790.     Dey denies the allegations in Paragraph 790 of the Consolidated Complaint.

## COUNT I

791.     Answering Paragraph 791 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 790 of the Consolidated Complaint.

792 – 800.     The Court dismissed Count I.  Accordingly, Dey is not required to respond to Paragraphs 792 through 800 of the Consolidated Complaint.  To the extent a response is required, Dey denies all allegations contained within Count I of the Consolidated Complaint.

## COUNT II

801.     Answering Paragraph 801 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 800 of the Consolidated Complaint.

802 – 807.     The Court dismissed Count II.  Accordingly, Dey is not required to respond to Paragraphs 802 through 807 of the Consolidated Complaint.  To the extent a response is required, Dey denies all allegations contained within Count II of the Consolidated Complaint.

## COUNT III

808.     Answering Paragraph 808 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 808 of the Consolidated Complaint.

809.     Dey denies the allegations in Paragraph 809 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

810.    Dey denies the allegations in Paragraph 810 of the Consolidated Complaint.

811.    Dey denies the allegations in Paragraph 811 of the Consolidated Complaint.

812.    Dey denies the allegations in Paragraph 812 of the Consolidated Complaint.

813.    Dey denies the allegations in Paragraph 813 of the Consolidated Complaint.

**COUNT IV**

814.    Answering Paragraph 814 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 813 of the Consolidated Complaint.

815 – 817.    The Court dismissed Count IV.  Accordingly, Dey is not required to respond to Paragraphs 815 through 817 of the Consolidated Complaint.  To the extent a response is required, Dey denies all allegations contained within Count IV of the Consolidated Complaint.

**COUNT V**

818.    Answering Paragraph 818 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 817 of the Consolidated Complaint.

819 – 830.    The Court dismissed Count V.  Accordingly, Dey is not required to respond to Paragraphs 819 through 830 of the Consolidated Complaint.  To the extent a response is required, Dey denies all allegations contained within Count V of the Consolidated Complaint.

NY01/PARKC/1244691.5

## COUNT VI

831.    Answering Paragraph 831 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 830 of the Consolidated Complaint.

832.    Dey denies the allegations in Paragraph 832 of the Consolidated Complaint.

833.    Dey denies the allegations in Paragraph 833 of the Consolidated Complaint.

834.    Dey denies the allegations in Paragraph 834 of the Consolidated Complaint.

835.    Dey denies the allegations in Paragraph 835 of the Consolidated Complaint, refers the Court to the referenced statutes for a full and complete statement of their terms.

836.    Dey denies the allegations in the first sentence of Paragraph 836 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.  Dey denies the allegations in the second and third sentences of Paragraph 836.

837.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 837 of the Consolidated Complaint and, therefore, denies those allegations.

838.    Dey denies the allegations in Paragraph 838 of the Consolidated Complaint.

839.    Dey denies the allegations in Paragraph 839 of the Consolidated Complaint.

- 29 -

## COUNT VII

840.     Answering Paragraph 840 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 839 of the Consolidated Complaint.

841.     Dey denies the allegations in Paragraph 841 of the Consolidated Complaint.

842.     Dey denies the allegations in Paragraph 842 of the Consolidated Complaint.

843.     Dey denies the allegations in Paragraph 843 of the Consolidated Complaint.

844.     Dey denies the allegations in Paragraph 844 of the Consolidated Complaint and refers the Court to the referenced statute for a full and complete statement of its terms.

845.     Dey denies the allegations in Paragraph 845 of the Consolidated Complaint.

## COUNT VIII

846.     Answering Paragraph 846 of the Consolidated Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 – 845 of the Consolidated Complaint.

847.     Dey denies the allegations in Paragraph 847 of the Consolidated Complaint.

848.     Dey denies the allegations in Paragraph 848 of the Consolidated Complaint.

NY01/PARKC/1244691.5

849.    Dey denies the allegations in Paragraph 849 of the Consolidated Complaint.

850 – 858.    Dey denies that the Counties are entitled to judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850 – 858 of the Consolidated Complaint.

**WHEREFORE**, Dey demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

### <u>First Defense</u>

The Consolidated Complaint fails to state a claim against Dey upon which relief can be granted.

### <u>Second Defense</u>

The Consolidated Complaint fails to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

### <u>Third Defense</u>

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Dey as alleged in the Consolidated Complaint.

### <u>Fourth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, and Plaintiffs are not entitled to any tolling of any limitations period.

## Fifth Defense

Plaintiffs are estopped from claiming entitlement to the sum they seek because they have known throughout the relevant time period, from various public sources, including government reports provided to Plaintiffs, that the AWPs published in industry sources were not what Plaintiffs now claim them to have been.  Plaintiffs were aware that the reimbursement rates they and the State of New York Medicaid program were using to reimburse providers were greater than the estimated acquisition cost of those drugs, and knowingly set their reimbursement rates higher than estimated acquisition cost.

## Sixth Defense

Plaintiffs fail to allege with particularity facts to support the fraud and/or fraudulent concealment allegations against Dey as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Seventh Defense

During the relevant time period, the New York State Medicaid Program did not regard AWP as anything other than a list or "sticker" price which it discounted for both branded and generic drugs when determining reimbursement rates.

## Eighth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

## Ninth Defense

Plaintiffs' claims are barred to the extent that the claims involve drugs reimbursed without reference to AWP.

NY01/PARKC/1244691.5

## Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because Dey's alleged statements, actions, or omissions were not the proximate cause of any alleged loss by Plaintiffs.

## Eleventh Defense

Plaintiffs were negligent, careless, committed willful misconduct or were otherwise at fault in and about the matter referred to in the Consolidated Complaint and, such conduct on the part of Plaintiffs caused and contributed to the injury complained of, if any actually occurred.

## Twelfth Defense

Plaintiffs directed, ordered, approved and/or ratified Dey's conduct, and Plaintiffs are, therefore, barred from asserting any claims based thereon.

## Thirteenth Defense

Any and all actions taken by Dey with respect to any of the matters alleged in the Consolidated Complaint were taken in good faith and in accordance with established industry practice.  Moreover, publishers, including First Data Bank, rather than Dey, determine the AWP that they publish for drugs.

## Fourteenth Defense

Plaintiffs' claims against Dey are barred because Dey has complied with all applicable regulations of the federal government and the State of New York.

## Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs, if any, were the result of their own conduct or intervening or superseding acts or omissions of third parties.

**Sixteenth Defense**

Plaintiffs' claims against Dey for damages are barred, in whole or in part, because Plaintiffs failed to mitigate and/or neglected to minimize their damages, and their failure to mitigate damages should proportionately reduce their recovery and the allocation of any fault, if any exists, attributable to Dey.

**Seventeenth Defense**

Plaintiffs receive funding from the federal government for a percentage of the prescription drug reimbursements made under the New York Medicaid program.  Any of Plaintiffs' recovery should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates provided by Dey. Plaintiffs' claims against Dey for damages are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Consolidated Complaint.

**Eighteenth Defense**

Dey is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries.

**Nineteenth Defense**

Plaintiffs' claims for damages against Dey are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for pharmaceuticals manufactured, marketed and sold by Dey after the filing of each Plaintiffs' original Complaint and after first learning of the information that forms the basis for the allegations in each Plaintiff's original Complaint.

## Twentieth Defense

Any damages recovered by the Plaintiff must be limited by the applicable statutory ceilings on recoverable damages.

## Twenty-First Defense

Plaintiffs fail to state a claim against Dey sufficient to support an award for investigative costs, treble damages, attorneys' fees and/or legal fees.

## Twenty-Second Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of mistake and mutual mistake.

## Twenty-Third Defense

The civil penalties sought against Dey cannot be sustained because an award of the civil penalties sought by Plaintiffs would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clauses of the Fifth and Fourteenth Amendments, U.S. Const. amend. V and XIV, and the analogous provisions in the Constitution of the State of New York.

## Twenty-Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because they violate Dey's rights under the Due Process and Ex Post Facto clauses of the United States Constitution and the analogous provisions of the Constitution of the State of New York insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Twenty-Fifth Defense

The granting of relief prayed for in Plaintiffs' Consolidated Complaint is unconstitutional under the United States Constitution and Constitution of the State of New York in that it violates

- 35 -

Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

### Twenty-Sixth Defense

The granting of the relief prayed for in Plaintiffs' Consolidated Complaint is unconstitutional in that it would violate Dey's right of commercial speech under the United States Constitution and Constitution of the State of New York.

### Twenty-Seventh Defense

Plaintiffs have failed to join all persons and parties necessary for a just adjudication of the controversy.

### Twenty-Eighth Defense

Any or all causes of action in Plaintiffs' Consolidated Complaint are barred because of the lack of privity between Plaintiffs and Dey.

### Twenty-Ninth Defense

Any or all causes of action in Plaintiffs' Consolidated Complaint are barred because the statutes upon which Plaintiffs rely are vague and ambiguous.

### Thirtieth Defense

Plaintiffs' claims for injunctive relief against Dey are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-First Defense

Plaintiffs' claims are barred, in whole or in part, because Dey did not make any statements to Plaintiffs.  As to any statement asserted against Dey that Plaintiffs claims to be false or misleading, Dey had no reasonable grounds to believe, and did not believe at the time such statements were made, that the statements were false or misleading.

- 36 -

### Thirty-Second Defense

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Thirty-Third Defense

Plaintiffs' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Thirty-Fourth Defense

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Thirty-Fifth Defense

Dey did not owe any duty to Plaintiffs and did not breach any duty owed to Plaintiffs.

### Thirty-Sixth Defense

Plaintiffs' claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by Plaintiffs, along with the federal government and the State of New York, to serve their purposes.

### Thirty-Seventh Defense

Plaintiffs' claims against Dey are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the Consolidated Complaint.

### Thirty-Eighth Defense

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.

### Thirty-Ninth Defense

To the extent equitable relief is sought, such claims cannot be sustained because Plaintiffs have an adequate remedy at law.

### Fortieth Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Forty-First Defense

Plaintiffs have no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### Forty-Second Defense

Plaintiffs' claims against Dey for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Forty-Third Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Dey:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Consolidated Complaint are legally insufficient to support a claim for punitive damages against Dey; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Dey prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Dey's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of

New York; (4)  cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of New York; (5)  cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Dey for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Dey's products would constitute impermissible multiple punishments for the same wrong, in violation of Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of New York; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Dey the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Dey's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into

the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York.

### Forty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Dey cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Dey; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of New York.

### Forty-Fifth Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Dey cannot be sustained because an award of punitive damages that is subject to no

- 40 -

predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Dey's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Dey's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of New York.

### Forty-Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because Dey did not retain any money belonging to the State of New York or to Plaintiffs as a result of any alleged overpayments.

### Forty-Seventh Defense

Subject to confirmation during discovery, Dey hereby reserves those affirmative defenses required to be specifically pled under Rule 8(b) of the Federal Rules of Civil Procedure not specifically pled above and incorporates them as if fully set forth in separate paragraphs.  Dey reserves the right to amend its answer to assert additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Consolidated Complaint.  These additional defenses cannot be asserted at this time because of the lack of detail in the Consolidated Complaint concerning Plaintiffs' claims.

### Forty-Eighth Defense

Dey does not and has not conducted any business in New York and there is no basis for personal jurisdiction over Dey under New York law, and personal jurisdiction over Dey would be improper under the United States Constitution.

### Forty-Ninth Defense

To the extent Plaintiffs have obtained or obtains recovery in any other action or proceeding predicated on the same factual allegations, they are barred from seeking recovery

- 41 -

against Dey based on the Consolidated Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Fiftieth Defense

Some or all of the Plaintiffs' claims against Dey arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Fifty-First Defense

Plaintiffs' Claims are barred, in whole or in part, because Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

### Fifty-Second Defense

Plaintiffs' claims are prolix barred, in whole or in part, because Dey's alleged conduct was reasonable and based on independent, legitimate business and economic justifications.

### Fifty-Third Defense

Plaintiffs' claims are barred, in whole or in part, because any and all of Dey's actions alleged by Plaintiffs' were lawful, justified, pro-competitive, carried out in furtherance of Dey's legitimate business interests, and constitute bona fide business competition.

### Fifty-Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the First Amendment of the United States Constitution and the analogous provisions of the Constitution of the State of New York.

### Fifty-Fifth Defense

Plaintiffs' claims against Dey are misjoined with Plaintiffs' claims against other defendants and must be severed.

NY01/PARKC/1244691.5

### Fifty-Sixth Defense

Dey hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.  Dey also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than New York and/or any other State which is or becomes relevant in the course of this multidistrict litigation.

### Fifty-Seventh Defense

Plaintiffs' claims against Dey are barred, in whole or in part, by the existence of and terms of the written rebate agreement between Dey and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

### Fifty-Eighth Defense

Plaintiffs' claims against Dey are barred in whole or in part by the federal False Claims Act, 31 U.S.C. §§ 3729-3733, because the federal government has commenced a "related" action against Dey entitled, *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Case No. 05-11084-PBS (D. Mass.) (the "Federal Action"), and the Plaintiffs' action is "based on the facts underlying" the Federal Action.

### Fifty-Ninth Defense

Dey hereby adopts and incorporates by reference as if fully set forth herein, any affirmative defenses listed by any other defendant in its answer to Plaintiffs' Consolidated

- 43 -

Complaint to the extent that such defenses are factually and/or legally consistent with Dey's position.

WHEREFORE, Dey prays for judgment: (i) dismissing the Consolidated Complaint in its entirety; (ii) awarding to Dey costs and fees incurred in this action; and (iii) granting to Dey such other and additional relief, both legal and equitable, as justice and the nature of the cause may require.

Dated: October 26, 2007

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____ /s/ Philip D. Robben _____
    William A. Escobar (admitted *pro hac vice*)
    Neil Merkl (admitted *pro hac vice*)
    Christopher C. Palermo (admitted *pro hac vice*)
    Philip D. Robben (admitted *pro hac vice*)

    101 Park Avenue
    New York, NY 10178
    (212) 808-7800 (telephone)
    (212) 808-7897 (facsimile)

    Attorneys for Defendants
    Dey, L.P. and Dey, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Defendants Dey, L.P. and Dey, Inc.'s Answer to Plaintiffs' Consolidated Complaint was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 26, 2007, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Philip D. Robben