# EXHIBIT D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Ex Rel<br>    VEN-A-CARE OF THE<br>    FLORIDA KEYS, INC.<br>    a Florida Corporation,<br>    by and through its principal<br>    officers and directors,<br>    ZACHARY T. BENTLEY and<br>    T. MARK JONES,<br>                    Plaintiff,<br>v.<br><br>ABBOTT LABORATORIES, INC.;<br> | CIVIL ACTION NO.95-1354-CIV-GOLD<br><br>FILED IN CAMERA AND UNDER SEAL<br><br><br>THIRD AMENDED COMPLAINT<br>For Money Damages and Civil<br>Penalties Under the False Claims Act<br>31 U.S.C. §§3729-3732 |

CIVIL ACTION NO. 95-1354-CIV-GOLD



)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
**Defendants.**            )

**THIRD AMENDED COMPLAINT
FOR MONEY DAMAGES AND CIVIL PENALTIES UNDER THE FALSE
CLAIMS ACT 31 U.S.C. §§3729-3732**

COMES NOW, the UNITED STATES OF AMERICA ("UNITED STATES" or "GOVERNMENT"), by and through VEN-A-CARE OF THE FLORIDA KEYS, INC. ("VEN-A-CARE" or "the Relator"), and its principal officers and directors, ZACHARY T. BENTLEY, and T. MARK JONES, and by and through the undersigned attorneys on behalf of the UNITED STATES and on the Relator's own behalf and bring this action against ABBOTT LABORATORIES, INC.; ▌

▌

▌

▌

CIVIL ACTION NO. 95-1354-CIV-GOLD

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████, (sometimes referred to collectively as, "DEFENDANTS"), for money damages and civil penalties arising out of the DEFENDANTS' violations of the Federal False Claims Act, 31 U.S.C., §§3729-3732 from on or about June 23, 1989 to the present date.

| | TABLE OF CONTENTS | Page No: |
|---|---|---|
| SECTION NO. 1 | SUMMARY OF THE ACTION | 10 |
| SECTION NO. 2 | THE PARTIES | 12 |
| SECTION NO. 3 | JURISDICTION & VENUE | 24 |
| SECTION NO. 4 | HOW MEDICARE AND MEDICAID REIMBURSEMENT IS AFFECTED BY DRUG MANUFACTURERS' PRICE AND COST REPRESENTATIONS | 31 |

**CIVIL ACTION NO. 95-1354-CIV-GOLD**

## TABLE OF CONTENTS                                                                 Page No:

**SECTION NO. 5**                                                                         43
BACKGROUND OF HOW UNITED STATES' MONIES ARE PAID FOR
DRUG CLAIMS UNDER "PART B" OF THE MEDICARE PROGRAM

**SECTION NO. 6**                                                                         50
    BACKGROUND OF HOW UNITED STATES' MONIES ARE PAID
    FOR DRUG CLAIMS UNDER THE STATES' MEDICAID
    PROGRAMS

**SECTION NO. 7**                                                                         53
    THE FALSE CLAIMS SCHEME

    Subsection 7a.                                                      57
        The Unique Kinds of Drugs, Patient/Physician
        Relationships, and Drug Wholesale Distribution Systems
        That Make The False Claims Scheme Possible

    Subsection 7b.                                                      64
        The Medicare and Medicaid Programs Use The
        Defendants' False and Misleading Price and Costs
        Representations to Estimate the Acquisition Cost of The
        Specified Drugs in Setting Reimbursement Amounts

        TABLE NO. 1                                     66
            DEFENDANTS' false price and cost representations
            to the Medicare Program

        TABLE NO. 2                                     82
            DEFENDANTS' price and cost representations to the
            States' Medicaid Programs

    Subsection 7c.                                                     109
        The Defendants Each Determine what Representations Will
        Be Made to the Drug price and Cost Reporting Compendia
        and To the Medicare and Medicaid Program, Have
        Knowledge of the Actual Prices of Their Drugs, and Know if
        the Government is Being provided with False and
        Misleading Price and Cost Information

| TABLE OF CONTENTS | Page No: |
|---|---|
| TABLE NO. 3<br>    DEFENDANTS' drugs and their approved FDA indications as published in the 1998 edition of *Drug Facts and Comparisons* | 114 |
| Subsection 7d.<br>    The DEFENDANTS Falsely Inflate Reports of Prices and Costs to Create a Positive Profit or "Spread" in Order to Unlawfully Induce the Utilization of Their Drugs | 139 |
| Subsection 7e.<br>    The Illegal Profit Spreads Are Often Enhanced by Additional Unlawful Financial Inducement Such as Free Goods, Direct Monetary Payments, Rebates and Agreements to Falsify Invoices | 154 |
| Subsection 7f.<br>    The DEFENDANTS Intentionally Impede Government Efforts to Accurately Estimate Acquisition Costs and Deprive the Government of the Benefits of Truthful Price and Costs Representations | 155 |
| TABLE NO. 4<br>    [redacted] | 158 |
| TABLE NO. 5<br>    Lists some of the specified drugs, the amount approved in 1996 by Florida Medicare, the 20% co-payment paid by the patient, and the true price paid by the Relator | 175 |
| TABLE NO. 6<br>    Examples of the significant impact of the DEFENDANTS' false claim scheme | 177 |


TABLE OF CONTENTS — Page No:

TABLE NO. 7 — 181
████████████████████████████████

TABLE NO. 8 — 182
██████████████

SECTION NO. 8 — 183
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ABBOTT

SECTION NO. 9 — 191
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ██████████

SECTION NO. 10 — 197
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ██████████

SECTION NO. 11 — 202
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ██████████

SECTION NO. 12 — 210
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ██████████

SECTION NO. 13 — 216
THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ██████████

## TABLE OF CONTENTS

| | Page No: |
|---|---|
| SECTION NO. 14<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 223 |
| SECTION NO. 15<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 228 |
| SECTION NO. 16<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 232 |
| SECTION NO. 17<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 239 |
| SECTION NO. 18<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 243 |
| SECTION NO. 19<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 247 |
| SECTION NO. 20<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 253 |
| SECTION NO. 21<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ███ | 258 |

| TABLE OF CONTENTS | Page No: |
|---|---|
| SECTION NO. 22<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 261 |
| SECTION NO. 23<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 264 |
| SECTION NO. 24<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 266 |
| SECTION NO. 25<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 270 |
| SECTION NO. 26<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 274 |
| SECTION NO. 27<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 279 |
| SECTION NO. 28<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 282 |
| SECTION NO. 29<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ■■■ | 285 |

# TABLE OF CONTENTS

| | Page No: |
|---|---|
| SECTION NO. 30<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ▮ | 291 |
| SECTION NO. 31<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ▮ | 293 |
| SECTION NO. 32<br>THE SPECIFIC FALSE PRICE AND COST REPRESENTATIONS OF DEFENDANT ▮ | 296 |
| COUNT I<br>FALSE CLAIMS ACT; CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS | 299 |
| COUNT II<br>FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR STATEMENT TO BE MADE OR USED TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT | 301 |
| COUNT III<br>FALSE CLAIMS ACT; CAUSING FALSE RECORDS OR STATEMENTS TO BE USED TO CONCEAL AN OBLIGATION TO PAY MONEY TO THE GOVERNMENT | 303 |
| COUNT IV<br>FALSE CLAIMS ACT; CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS; ILLEGAL REMUNERATION | 305 |

| TABLE OF CONTENTS | Page No: |
|---|---|
| COUNT V<br>FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR STATEMENT TO BE MADE OR USED TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT; ILLEGAL REMUNERATION | 307 |
| COUNT VI<br>FALSE CLAIMS ACT; CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS; PROHIBITED REFERRALS, CLAIMS AND COMPENSATION ARRANGEMENTS | 310 |
| COUNT VII<br>FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR STATEMENT TO BE MADE OR USED TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT; PROHIBITED REFERRALS, CLAIMS AND COMPENSATION ARRANGEMENTS | 312 |
| REQUESTS FOR RELIEF | 314 |
| DEMAND FOR JURY TRIAL | 317 |
| CERTIFICATE OF SERVICE | 318 |

## SECTION NO. 1

### SUMMARY OF THE ACTION

1.  This is an action for damages, treble damages, civil penalties and costs against the DEFENDANTS for violations of the False Claims Act as set out in Counts I through VII, pages 299 through 314. In essence, the DEFENDANTS made false representations of prices and costs for certain of their ▉▉▉▉, injectable and ▉▉▉▉ drugs ▉▉▉▉▉▉(hereinafter sometimes referred to as the "specified infusion drugs"

or the "specified drugs"): directly to Medicare Carriers who approve and pay Medicare claims; directly to the States' Medicaid Pharmacy Programs which approve and pay the States' Medicaid claims; and indirectly through drug price and cost reporting compendia including First Data Bank, Medical Economics, and Medi-Span. The DEFENDANTS knew that the Medicare and States' Medicaid Programs intended to base their payments of "reimbursement" for the specified infusion drugs on reasonable estimations of cost. The Medicare and Medicaid Programs relied on the prices reported by the DEFENDANTS in estimating costs. The DEFENDANTS marketed their specified infusion drugs to specialized physicians ████████████████████████████████ clinics and infusion pharmacies, including the Relator's, through financial inducements, including but not limited to, false price markups (the "Spread"), discounts, free goods and other financial incentives. The DEFENDANTS were in a position to mislead the Medicare and Medicaid Programs because the DEFENDANTS typically report truthful prices for their other drugs that are not the subject of this action. The DEFENDANTS thus wrongfully exploited the Medicare and States' Medicaid Programs by causing them to pay the claims of the DEFENDANTS' customers at grossly inflated amounts that far exceeded a reasonable reimbursement based on an estimation of costs. The DEFENDANTS' false claims scheme damaged the Medicare and States' Medicaid Programs in excess of ONE BILLION and 00/100 DOLLARS ($1,000,000,000.00).

CIVIL ACTION NO. 95-1354-CIV-GOLD

## SECTION NO. 2

## THE PARTIES

2.   The Plaintiff in this action is the UNITED STATES. At all times material to this civil action, the United States Department of Health and Human Services ("HHS"), the Health Care Financing Administration ("HCFA"), and The Bureau of Program Operations ("BPO") were agencies and instrumentalities of the UNITED STATES and their activities, operations and contracts in administering the Medicare program were paid from UNITED STATES' funds. The UNITED STATES and its subcontractors performing on behalf of the UNITED STATES provided Medicare benefits to qualified beneficiaries which included payment of claims for the prescription drugs specified herein manufactured by the DEFENDANTS and relied upon the false and fraudulent price and cost representations made by the DEFENDANTS in approving and paying claims.

3.   The States, United States Territories, and the District of Columbia provided Medicaid benefits to qualified recipients which included payment of claims for the prescription drugs specified herein manufactured by the DEFENDANTS and relied upon the false and fraudulent price and cost representations made by the DEFENDANTS in

approving and paying claims. A significant part of said Medicaid reimbursement was paid from United States Government funds pursuant to **42 U.S.C. § 1396(b).**

4.  The Relator, VEN-A-CARE, is a corporation organized under the laws of the State of Florida, with its principal offices in Key West, Florida. The Relator's principal officers and directors include Zachary T. Bentley and T. Mark Jones, who are each citizens of the United States and reside in Key West, Florida. The Relator is an infusion pharmacy and provides prescription drugs , such as the intravenous, injectable ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ specified in this Third Amended Complaint, as a Medicare Part B supplier and as a Florida Medicaid provider. The Relator has direct and independent knowledge of the information, and is the "original source" of the information on which these allegations are based within the meaning of **31 U.S.C. §3730(e)(4)(A) and (B)**. The Relator has standing to bring this action pursuant to **31 U.S.C. §3730(b)(1)**. The information upon which these allegations are based was voluntarily provided by the Relator to the Federal Government beginning in 1991 and thereafter has been frequently supplemented by the Relator.

5.  The Relator, VEN-A-CARE, is a small infusion pharmacy located in Key West, Florida that, due to its position as an industry insider, became aware of the false claim scheme alleged herein. During the early 1990s, Ven-A-Care was destroyed as a viable business because it refused to engage in fee splitting arrangements with referring physicians who wished to benefit from the inflated reimbursement caused by the actions

of the DEFENDANTS. Ven-A-Care became aware that many of the ▇▇▇, inhalation, and injectable drugs ▇▇▇▇ it provided as a specialty pharmacy were reimbursed by the Medicare and Medicaid Programs at amounts that substantially, in some cases by several thousand percent, exceeded the cost of the drug. It was the huge potential profit spreads generated by the variance between the actual cost of the drugs and the "reimbursement" amounts that many referring physicians demanded a share of. Ven-A-Care's principals were aware that Medicare and Medicaid reimbursed for drugs at amounts that were intended to be based on an estimation of cost and not provide for huge windfall profits at the GOVERNMENT's expense. Ven-A-Care attempted to alert the responsible state and federal government officials to the problem it faced. However, the government agencies lacked sufficient resources and expertise to adequately respond. Accordingly, the Relator commenced this action based upon its original source information.

6. The Defendant, ABBOTT LABORATORIES, INC. ("ABBOTT"), is a corporation organized under the laws of Delaware, with its principal offices in Abbott Park, Illinois. At all times material to this civil action, ABBOTT has transacted business in the Federal Judicial District of the Southern District of Florida by, including, but not limited to, selling and distributing prescription drugs to purchasers within the Southern District of Florida.

7.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

CIVIL ACTION NO. 95-1354-CIV-GOLD

# PAGES 15 THROUGH 23

# HAVE BEEN COMPLETELY REDACTED

# WHICH INCLUDES THE REMAINDER OF

# PARAGRAPH 7

# THROUGH THE BEGINNING OF PARAGRAPH 32

Pages 24-316 redacted

CIVIL ACTION NO. 95-1354-CIV-GOLD

DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false statement;

8. For all fees and costs of this civil action; and

9. For such other and further relief as the Court deems just and equitable.

Further, the Relator, on its behalf, requests that it receive thirty percent (30%), [twenty-five percent (25%) if the United States Government intervenes and proceeds with this case] or such other maximum amount as permitted by law, of the proceeds of this action or settlement of this action collected by the UNITED STATES, plus an amount for reasonable expenses incurred, plus reasonable attorneys' fees and costs of this action. The Relator requests that its percentage be based upon the total value recovered, including any amounts received from individuals or entities not parties to this action.

## DEMAND FOR JURY TRIAL

A jury trial is demanded in this case.

Respectfully submitted,

Atlee W. Wampler III
Florida Bar No. 311227

James J. Breen
Florida Bar No. 297178
WAMPLER, BUCHANAN & BREEN, P.A.
900 Sun Trust Building
777 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 577-0044
Facsimile: (305) 577-8545

317

CIVIL ACTION NO. 95-1354-CIV-GOLD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of December, 1999, I caused an original and a copy of this Third Amended Complaint to be filed under seal and in camera for sixty (60) days and not to be served on the Defendants named herein or until further order of this Honorable Court.

I HEREBY CERTIFY that prior to this _____ day of December, 1999, I caused a copy of this Third Amended Complaint and written disclosure of substantially all material evidence and information the Relator, VEN-A-CARE possesses to be served on the Government pursuant to Rule 4(i), Fed.R.Civ.P., prior to the filing of this Third Amended Complaint by delivering a copy of the Summons, Third Amended Complaint, material evidence and information to the United States Attorney for the Southern District of Florida, and by sending a copy of the Summons, Third Amended Complaint, material evidence and information by Certified Mail, Return Receipt Requested, to the Attorney General of the United States in Washington, D.C.

Respectfully submitted,

Atlee W. Wampler, III
Florida Bar No. 311227

James J. Breen
Florida Bar No. 297178
WAMPLER, BUCHANAN & BREEN, P.A.
900 Sun Trust Building
777 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 577-0044
Facsimile: (305) 577-8545

F:\CLIENTS\3027\3RDAMD\FIN-3CMP.1

318