```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                     )
IN RE: PHARMACEUTICAL INDUSTRY)         M.D.L. No. 1456
AVERAGE WHOLESALE PRICE        )        Civil Action No. 01-12257-PBS
LITIGATION                     )
                               )
THIS DOCUMENT RELATES TO:      )
                               )
SETTLEMENT WITH DEFENDANT      )
GLAXOSMITHKLINE                )
                               )
```

**MEMORANDUM AND ORDER**

November 2, 2007

Saris, U.S.D.J.

## I. INTRODUCTION

Demra Jordan, a class member, was the sole objector to the $70 million class settlement of all claims pending against the GlaxoSmithKline ("GSK") defendants in the average wholesale pricing ("AWP") multi-district litigation. She has appealed this Court's final approval of the class settlement. Plaintiffs filed a motion for the imposition of an appeal bond in the amount of $131,700 pursuant to Fed. R. App. P. 7. After a review of the submissions, I **ALLOW** Plaintiffs' Motion for an Appeal Bond in the amount of $61,000.

## II. BACKGROUND

On August 10, 2006, Plaintiffs and GSK filed the motion for certification, for settlement purposes, of three nationwide classes. Ms. Jordan is a member of the Consumer and Third-Party

Payor Class for Payments Made for Medicare Part B Drugs Outside the Medicare Context ("Private Payor Class").  The drugs at issue are primarily physician-administered drugs for patients with serious ailments like cancer and HIV.  Plaintiffs' core assertion was that the AWPs were inflated, thereby causing third-party payors ("TPPs") and consumers to overpay for drugs.  <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 491 F. Supp. 2d 20, 29 (D. Mass. 2007).  Significantly, under the settlement, all consumers would receive 100% of the claim amount.  The settlement was independently evaluated by a well-known, court-appointed expert, Francis McGovern (See Docket No. 4466) ("[t]he conclusion of this report is that the settlement is fair, adequate and reasonable with respect to all class members, including consumer class members, and is consistent with other similarly situated and approved settlements").  It was mediated by Professor Eric Green, a nationally recognized mediator.  Many class members are sick and elderly, and would be affected by the delay resulting from an unsuccessful appeal.

Ms. Jordan filed an objection to the certification of the Private Payor settlement class and to the final approval of the GSK settlement on June 22, 2007.  She had not opted out or filed a claim.  Identifying herself as a member of the proposed Private Payor settlement class, she stated, "The proposed Settlement Class cannot be properly certified due to a lack of predominance of common issues pursuant to Federal Rule of Civil Procedure

23(b)(3), as evidenced by this Court's prior rulings in this case." The objection was one sentence long; she was the only class objector. See Doc. No. 4403 ¶ 3.

The Court held a hearing with respect to the settlement on July 19, 2007. Neither Ms. Jordan nor her attorney attended this hearing. The Court entered its Final Order and Judgment Granting Final Approval to Proposed Class Action Settlement with the GlaxoSmithKline Defendants, Approving Proposed Allocation of Settlement Funds, and Approving Class Counsel's Application for Attorneys' Fees, Reimbursement of Litigation Expenses and Compensation to Class Representatives on August 7, 2007.

Ms. Jordan filed her notice of appeal on August 23, 2007. Arguing that Ms. Jordan is acting as a "spoiler" and that her appeal is "frivolous," Plaintiffs moved for the imposition of an appeal bond shortly thereafter.

### III. DISCUSSION

1. Availability of Appeal Bond

Plaintiffs seek an appeal bond of $131,700, which includes $70,000 for attorneys' fees, $61,000 for administrative costs associated with any delay and $700 for costs. "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The parties disagree as to whether this Court may require security

for "costs" like attorneys' fees and administrative costs caused by a delay in the distribution process.  The First Circuit has held that when the district court determines that an appeal may be frivolous, it may require security for the costs, including appellate attorneys' fees that may be awarded on appeal pursuant to Fed. R. App. P. 38[1] and 39 as a sanction for a frivolous appeal.  See Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987).  Other circuits have held to the contrary.  See, e.g., Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 - 58 (9th Cir. 2007) (discussing the circuit split regarding inclusion of attorneys' fees in appeal bonds).  See generally 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3953 (3d ed. 1999) (costs secured by a Rule 7 Bond "do not include attorney fees that may be assessed on appeal").

With respect to objections to class action settlements, some courts have gone one step further and held that costs under Rule 7 may also include administrative costs to the classes that will likely be caused by the delay.  See Barnes v. FleetBoston Fin. Corp., No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *8 - 9

---

[1] "Just" damages under Rule 38 include attorneys' fees.  See Maher v. Hyde, 272 F.3d 83, 87 (1st Cir. 2001).  Rule 38 provides:
> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

4

(D. Mass. Aug. 22, 2006) (imposing interest on the class settlement for one year as costs); In re Compact Disc Minimum Advertised Price Antitrust Litig., No. MDL 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003) (imposing an appeal bond to cover a portion of fees of bank administering the class settlement fund and other costs as well as projected attorneys' fees); In re NASDAQ Mkt.-Makers Antitrust Litig., 187 F.R.D. 124, 128 - 29 (S.D.N.Y. 1999) (requiring appellant to provide security for disruption costs from a shut-down of the settlement administration). But see In re AOL Time Warner, Inc., Sec. & "ERISA" Litig., No. 02-5575, 2007 WL 2741033, at *4 n.4 (S.D.N.Y. Sept. 20, 2007) (distinguishing precedent in the Second Circuit and explaining that the court in In re NASDAQ confuses supersedeas bonds with appeal bonds). Requiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers.

Plaintiffs argue that a bond should be imposed because the appeal is frivolous. First, they challenge Ms. Jordan's standing to press an appeal. A non-named member of the class whose objection at the fairness hearing was overruled generally has standing to appeal that decision of the district court in order to protect her interests. See Devlin v. Scardelletti, 536 U.S. 1, 10 - 11 (2002) (involving a class where petitioner had no ability to opt out pursuant to Fed. R. Civ. P. 23(b)(1)). Here, however, objector would have received 100% of her loss (or more)

as a class member if she had filed a timely claim.  Moreover, if 100%-plus recovery was not satisfactory, she had the right to opt out.  Therefore, it is difficult to see how she has an injury-in-fact.  The mere fact that she may have missed the claims filing deadline does not give her standing to challenge the settlement because she does not contest that she got notice of the deadline.  In any event, determination of standing to appeal is properly addressed by the Appeals Court and, in light of <u>Devlin</u>, I can't say that the objector clearly lacks standing.

A stronger argument is that Ms. Jordan's appeal is frivolous because her one-sentence written objection was inadequate to preserve her objection on appeal.  Ms. Jordan's objection was perfunctory, stating without argument or briefing that the proposed settlement class should not be certified due to a lack of predominance of common issues.  This was an extremely complicated case in which I had written extensively about predominance and management issues.  <u>See</u> <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 230 F.R.D. 61 (D. Mass. 2005).  Contrary to the objector's claim, the Court did not decline to certify a class on predominance grounds, but rather certified a statewide class under Chapter 93A.  One of the problems with a nationwide class at that point was the failure of class counsel to provide groupings of similar state laws.

Neither the objector nor her counsel appeared at the hearing to explain the objection, which was an unintelligible

6

placeholder.  As the First Circuit has previously explained, "[f]ew principles are more a part of the warp and woof of appellate practice than the principle that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"  Casillas-Diaz v. Palau, 463 F.3d 77, 83 (1st Cir. 2006) citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  "[I]f a party does not put enough stock in an argument to flesh it out, a reviewing court should normally dismiss the argument out of hand[;] [t]o do otherwise would be unfair both to the adverse party and to the court itself."  Casillas-Diaz, 463 F.3d at 84 (citations omitted).  Thus, her appeal is likely to be deemed frivolous because she waived the argument by her fecklessness in failing to preserve the issue in such an important case.

The objector rightly points out that there are public policy reasons to minimize the hurdles to a litigant's right to appeal imposed by appeal bonds.  See, e.g., In re Compact Disc Minimum Advertised Price Antitrust Litig., No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) ("[t]o pose too high a hurdle for objectors, therefore, could create a general deterrent that might well not comport with public policy").  Still, the class is likely to be damaged if the appeal is rejected and there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions.  There is no evidence that a bond would pose an undue hardship on the objector.  Thus,

Rules 7 and 38 would permit these costs to be included in the bond.

Plaintiffs submitted the affidavit of Thomas R. Glenn, who documents that the plaintiff class will conservatively suffer $61,000 in administrative costs attributable to delay in distribution.  However, Plaintiffs failed to submit any evidentiary authority for their estimates that expenses will cost approximately $700 and attorneys' fees will cost approximately $70,000.  Accordingly, I impose an appeal bond in the amount of $61,000 pursuant to Fed. R. App. P. 7 and 38.

## IV. ORDER

Plaintiffs' Motion for Imposition of Appeal Bond Under Federal Rule of Appellate Procedure 7 [Docket No. 4694] is **ALLOWED** and the appeal bond is imposed in the amount of $61,000.


                                        **S/PATTI B. SARIS**
                                        United States District Judge