# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
IN RE: PHARMACEUTICAL       :       MDL NO. 1456
INDUSTRY AVERAGE WHOLESALE   :
PRICE LITIGATION                 :       CIVIL
THIS DOCUMENT RELATES TO     :       ACTION: 01-CV-12257- PBS
U.S. ex rel. Ven-a-Care of         :
The Florida Keys, Inc. v.          :
Abbott Laboratories, Inc.,        :
No. 06-CV-11337-PBS           :       Hon. Patti B. Saris
                                :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Magistrate Judge
Marianne B.
Bowler

## DECLARATION OF DONALD N. JOHNSON

I, Donald N. Johnson, declare as follows:

1.      My name is Donald N. Johnson. I am over twenty-one years of age, of sound mind, and am fully competent to make this affidavit. My statements in this declaration are also based upon information personally known to me or conveyed to me by agency personnel who have reviewed the material described in subsequent paragraphs of this declaration.

2.      I am presently employed as the Deputy Director of the Department of Health and Human Services (HHS), Centers for Medicare & Medicaid Services (CMS), Office of Legislation (OL). I have held my present position since 1999.

3.      The CMS OL is responsible for responding to and addressing issues brought to the attention of CMS by any Member of Congress. More specifically, the OL: 1) provides leadership on Medicare, Medicaid and State Children's Health Insurance Program (SCHIP) legislative strategies and hearings and 2) advances the policy process through development, analysis and review of health care initiatives and issues.

4.      The CMS OL does not have a formal investigative role within CMS in particular or HHS as a whole. Therefore OL does not itself perform audits or inspections of CMS programs. However, we may use information acquired from audits and reviews performed by other offices to develop and propose new legislation.

5.     After communications with attorneys from HHS's Office of the General
       Counsel (OGC), CMS Division, our office was asked to search for
       documents responsive to Defendant Abbott Laboratories' Requests for
       Production of Documents and Tangible Things to Plaintiff United States
       of America and Ven-A-Care.

6.     We have identified 8 boxes of documents we believe may be responsive to
       Abbott's requests.  In general, the documents concern legislation and
       regulations pertaining to the development of the physician fee schedule
       and, in particular, reimbursement for drugs under the fee schedule. We
       estimate that the 8 boxes contain a total of approximately 14,400
       documents.

7.     Some of the documents in the 8 boxes are final versions of legislation,
       regulations, OIG and GAO reports, letters to Congress and members of the
       public, many of which are publicly available or being produced by other
       offices.  Nonetheless, we will produce these documents.

8.     However, it also appears that a large number of the documents in the 8
       boxes reflect the opinions and recommendations of CMS staff relating to
       the development of final policies that were to be adopted either in
       regulations or through proposed legislation.  These documents include:
       hand-written notes, e-mails, draft CMS memoranda to persons within the
       agency, copies of draft correspondence, legislation, regulations, proposed
       budgets, and OIG and GAO reports.  Much of the material has been
       annotated with hand-written marginalia setting out the comments and
       recommendations of OL staff.  CMS is hereby asserting that those
       documents are subject to the deliberative process privilege.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge and belief.

Executed this  2  day of November, 2007 in  Washington D.C.

Donald N. Johnson