UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) | Hon. Patti B. Saris |
| *All MDL No. 1456 cases* | ) ) | |

### UNITED STATES' ASSENT TO THE COMMONWEALTH OF MASSACHUSETTS' MOTION TO INTERVENE AND FOR ORDER ADDING ADDENDUM TO THE 12/13/02 PROTECTIVE ORDER

The United States of America hereby assents to the Commonwealth of Massachusetts' Motion to Intervene In In Re: Pharmaceutical Industry Average Wholesale Price Litigation, Civil Action No. 01-12257, for the Limited Purpose of Moving to Add an Addendum to the 12/13/02 Protective Order Permitting the Commonwealth Access to Confidential and Highly Confidential Material (Dkt # 4809), and to the Commonwealth of Massachusetts' Motion for Order Adding Addendum to the 12/13/02 Protective Order In In Re: Pharmaceutical Industry Average Wholesale Price Litigation, Civil Action No. 01-12257, Allowing Commonwealth of Massachusetts Access to the Confidential and Highly Confidential Information in That Action (Dkt # 4809-3).

The United States has an interest in the Commonwealth's motions because it funds a significant share of the Commonwealth of Massachusetts' Medicaid program. The United States therefore has an interest in ensuring that the Commonwealth's claims are

considered fairly and based on the same body of relevant information to which the defendants have access.

The United States, in its AWP claims against certain defendants, has experienced similar problems in obtaining equal access to information. Thus, various defendants have designated deposition transcripts and other information as "confidential" or "highly confidential," precluding or hindering the government's access to such materials. For example, defendants have routinely designated transcripts of depositions of state Medicaid agency officials as "confidential" or "highly confidential," even though, upon information and belief, the testimonies of those officials have principally concerned the reimbursement practices of their agencies. A state agency's practices concerning reimbursement for drugs is obviously not business confidential or trade secret information. As a result of these inappropriate designations, the defendants have superior access to certain information as compared to the plaintiffs. Such inequality is not supported by any Federal Rule of Civil Procedure. Accordingly, this Court should help level the playing field by allowing the Commonwealth's motions.

Respectfully Submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

/s/ George B. Henderson, II
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

Daniel R. Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Fax: (202) 307-3852

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' ASSENT TO THE COMMONWEALTH OF MASSACHUSETTS' MOTION TO INTERVENE AND FOR ORDER ADDING ADDENDUM TO THE 12/13/02 PROTECTIVE ORDER" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ George B. Henderson, II

Dated: November 6, 2007                                  George B. Henderson, II