# Exhibit E

CASREF, MDL

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:03-cv-11865-PBS

The Commonwealth of Massachusetts v. Mylan Laboratories, Inc. et al
Assigned to: Judge Patti B. Saris
Referred to: Magistrate Judge Robert B. Collings
related Case: 1:01-cv-12257-PBS
Cause: 28:1332 Diversity-Fraud

Date Filed: 10/01/2003
Jury Demand: Both
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2003 | 1 | COMPLAINT/PRELIMINARY STATEMENT against all defendants Filing fee: $ 150, receipt number 50538, filed by The Commonwealth of Massachusetts.(Johnson, Jay) (Entered: 10/01/2003) |
| 09/25/2003 | | Summons Issued as to Barr Laboratories, Inc., Dey, Inc., Duramed Pharmaceuticals, Inc., Ethex Corporation, Ivax Corp., Mylan Laboratories, Inc., Par Pharmaceuticals, Inc., Purepac Pharmaceutical, Co., Roxane laboratories, Inc., Schein Pharmaceutical, Inc., Teva Pharmaceuticals USA, Inc., Warrick Pharmaceuticals Corporation, Watson Pharmaceuticals, Inc.. (Johnson, Jay) (Entered: 10/01/2003) |
| 09/25/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Johnson, Jay) (Entered: 10/01/2003) |
| 09/25/2003 | 2 | MOTION for Leave to File Exhibits by The Commonwealth of Massachusetts.cs(Johnson, Jay) (Entered: 10/01/2003) |
| 11/04/2003 | 3 | NOTICE of Appearance by Michael R. Costa, Evan Georgopoulos, A. John Pappalardo on behalf of Mylan Laboratories, Inc. (Simeone, Maria) (Entered: 11/05/2003) |
| 11/07/2003 | 4 | STIPULATION enlarging deft Teva time to answer, move, or otherwise respond to 1 Complaint by Teva Pharmaceuticals USA, Inc., The Commonwealth of Massachusetts. (Simeone, Maria) (Entered: 11/10/2003) |
| 11/10/2003 | | Judge Patti B. Saris : ORDER entered Allowing 4 Stipulation to answer move or otherwise respond filed by The Commonwealth of Massachusetts, Teva Pharmaceuticals USA, Inc.(Simeone, Maria) (Entered: 11/12/2003) |
| 11/12/2003 | 5 | STIPULATION enlarging time to respond for defts Barr Labs, Duramed Pharma, Dey,Inc., Ethex Corp. re 1 Complaint by The Commonwealth of Massachusetts. (Simeone, Maria) (Entered: 11/13/2003) |

| | | |
|---|---|---|
| 09/12/2007 | | Electronic Clerk's Notes for proceedings held before Judge Robert B. Collings: Motion Hearing held on 9/12/2007 re: 323 MOTION to Quash *Defendant Watson's Second Amended Cross Notice of Deposition of Non-Party Witness Patricia Kay Morgan* filed by The Commonwealth of Massachusetts, 319 MOTION to Compel *Mylan to Answer Deposition Questions* filed by The Commonwealth of Massachusetts. Re: 323 taken under advisement but Court rules that deposition of Ms. Morgan cannot be used in this litigation unless the Commonwealth has the opportunity to cross-examine the witness more than the five minutes which were afforded when the deposition was taken. Re: 319: taken under advisement.(Digital Recording: 3:23:22-4:08:32). (Entered: 09/13/2007) |
| 09/13/2007 | | Judge Robert B. Collings: Electronic ORDER entered granting 323 Motion to Quash. Once Watson had cross-designated the deposition in the state case in the instant case, the Florida state judge had no authority to limit the ability of the parties in the instant case to examine the witness. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 351 (E.D. Pa., 2000). If the witness wished to limit the ability of the parties in the instant case to examine her, she should have filed the appropriate motion for relief in federal court. Since the plaintiff in the instant case had only five minutes to examine the witness as a result of the manner in which the state judge limited the deposition, the deposition cannot be used in the instant case. If Watson wishes to use Ms. Morgan's deposition tesimony at trial in this case, it must notice her deposition and have her served with a subpeona in accordance with Rule 45. At the commencement of the deposition, Ms. Morgan can incorporate by reference all of her prior tesimony by attesting to its truthfulness; it would not be necessary to go through all of the questions asked at the earlier deposition. The Commonwealth would then have the opportunity to examine the witness on any matter to which she testified at the prior deposition as well as on any matter relevant to the instant case. Any limitations must be imposed by a federal court having jurisdiction over the matter. (Entered: 09/13/2007) |
| 09/18/2007 | 336 | MOTION for Discovery *for Addendum to 12/13/02 Protective Order* by The Commonwealth of Massachusetts.(Bova, Anthony) (Entered: 09/18/2007) |
| 09/18/2007 | 337 | First MEMORANDUM in Support re 339 MOTION *for Addendum to 12/13/02 Protective Order in the Matter 01-12257-PBS* filed by The Commonwealth of Massachusetts. (Attachments: # 1 Exhibit Exh A to Memo 12/13/02 Protective Order# 2 Text of Proposed Order Proposed Order for Addendum to 12/13/02 Protective Order)(Bova, Anthony) Modified on 9/19/2007 (Patch, Christine). (Entered: 09/18/2007) |
| 09/18/2007 | 338 | MOTION for Extension of Time to March 1, 2008 to Complete Discovery *as to Defendant Mylan* by The Commonwealth of Massachusetts. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Mullin, Peter) (Entered: 09/18/2007) |
| 09/18/2007 | 339 | MOTION for Order Adding Addendum to the 12/13/02 Protective ORder |

| | | |
|---|---|---|
| | | witness's implicit refusal to answer the question beyond incorporating previous answers which were not directly responsive to the question. With respect to Part II, the Court issued an oral order at the hearing on 9/12/2007 that Mylan produce all requested documents within its possession, custody and/or control relative to the launch of the three specified drugs before September 21, 2007 or have a knowledgeable 30(b)(6) deponent at the depositions scheduled for September 21, 2007 who could testify whether additional documents relative to the launch of the three specified drugs exist, and if so, what the documents are and where they are located. If Mylan has not complied with that oral order, it shall comply in full with the Order on or before the close of business on October 10, 2007. SO ORDERED. (Entered: 10/02/2007) |
| 10/02/2007 | 349 | Cross MOTION to Compel *the Commonwealth to Produce A 30(B)(6) Witness* by Mylan Laboratories, Inc..(Palermo, Christopher) (Entered: 10/02/2007) |
| 10/02/2007 | 350 | MEMORANDUM in Opposition re 338 MOTION for Extension of Time to March 1, 2008 to Complete Discovery *as to Defendant Mylan and In Support of Its Cross-Motion to Compel the Commonwealth to Produce A 30(B)(6) Witness* filed by Mylan Laboratories, Inc.. (Palermo, Christopher) (Entered: 10/02/2007) |
| 10/02/2007 | 351 | AFFIDAVIT in Opposition re 338 MOTION for Extension of Time to March 1, 2008 to Complete Discovery *as to Defendant Mylan Declaration of Christopher C. Palermo In Opposition to Plaintiff's Motion to Extend Discovery Cutoff and In Support of Its Cross-Motion to Compel* filed by Mylan Laboratories, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O)(Palermo, Christopher) (Entered: 10/02/2007) |
| 10/02/2007 | 352 | AFFIDAVIT of Jill M. Ondos, Esq. in Opposition re 338 MOTION for Extension of Time to March 1, 2008 to Complete Discovery *as to Defendant Mylan* filed by Mylan Laboratories, Inc.. (Palermo, Christopher) (Entered: 10/02/2007) |
| 10/02/2007 | 353 | AFFIDAVIT of Alana R. Rose in Opposition re 338 MOTION for Extension of Time to March 1, 2008 to Complete Discovery *as to Defendant Mylan* filed by Mylan Laboratories, Inc.. (Palermo, Christopher) (Entered: 10/02/2007) |
| 10/04/2007 | | Electronic Clerk's Notes for proceedings held before Judge Robert B. Collings on 334 MOTION to Quash *Cross Notices of Certain Depositions* filed by the Commonwealth of Massachusetts. Counsel reach an agreement pursuant to which the Court grants the motion as to AmerisourceBergen Corporation and the Commonwealth withdraws the motion as to Cardinal Health, Inc. and McKesson on conditions which were put on the record in open Court and to which both parties agree. (Digital Recording) (Entered: 10/04/2007) |