# Exhibit F

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MYLAN LABORATORIES, INC.; BARR )<br>LABORATORIES, INC.; DURAMED )<br>PHARMACEUTICALS, INC.; IVAX )<br>CORPORATION; WARRICK PHARMACEUTICALS )<br>CORPORATION; WATSON PHARMACEUTICALS, )<br>INC.; SCHEIN PHARMACEUTICAL, INC.; TEVA )<br>PHARMACEUTICALS USA, INC.; PAR )<br>PHARMACEUTICAL, INC.; ETHEX )<br>CORPORATION; PUREPAC PHARMACEUTICAL )<br>CO.; and ROXANE LABORATORIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>03-11865-PBS |

## JOINT MOTION TO EXTEND CERTAIN DEADLINES

All of the Defendants and the Commonwealth of Massachusetts hereby jointly move this Honorable Court to amend certain discovery deadlines that were established by the Court's March 5, 2007 Scheduling Order. For the reasons explained below, the parties request that these deadlines be extended as follows:

| Item | Current Deadline | Proposed New Deadline |
|---|---|---|
| Remaining Motions to Compel | 08/01/07 | 10/30/07 |
| Fact Discovery Cutoff | 09/15/07 | 10/30/07 |
| Plaintiff's Expert Disclosures Due | 10/15/07 | 11/21/07 |
| Defendants' Expert Disclosures Due | 11/15/07 | 12/21/07 |
| Expert Discovery Deadline | 01/15/08 | 02/01/08 |

1. In this case, the Commonwealth of Massachusetts has sued thirteen generic drug manufacturers, alleging fraud and false claims in connection with the reporting of WAC and AWP prices. The Commonwealth has settled with one defendant (Dey, Inc.) and twelve defendants remain.

2. On March 5, 2007, this Court held a conference with the parties to discuss the status of the case and issued a Scheduling Order that day that imposed nine deadlines. This Motion proposes an extension of four of those deadlines and a portion of another.

3. Since the entry of the Court's Scheduling Order, the parties have made substantial progress on discovery. The Defendants have produced to the Commonwealth a cumulative total of more than 2.1 million pages of discovery, in addition to extensive production of relevant sales data as to the Identified Drugs for the relevant time period. The volume of documents produced varies by defendant and is ongoing as to each defendant. The Commonwealth has produced to the defendants over 40,000 pages of documents and eleven DVDs and CDs containing what the Commonwealth has represented is its complete claims data for the Identified Drugs for the relevant time period and its complete Unit Rebate Amount (URA) files for those drugs for that period. The Commonwealth is continuing to review documents and expects to produce some additional documents to the defendants.

4. Pursuant to the Court's March 5, 2007 Order, the parties filed motions to compel by April 5, 2007. On June 1, 2007, Judge Collings heard seven motions to compel. Many issues were resolved between the parties during the course of the hearing. The Commonwealth and three defendants (Teva/Ivax, Purepac and Ethex) were able to work out their differences and ultimately submitted Motions for Agreed Orders, which were entered by Magistrate Judge Collings. Judge Collings entered other orders resolving other issues, and the parties have been

producing documents and supplementing interrogatory answers pursuant to all those orders and rulings. There is one recent motion to compel pending, to which the Commonwealth needs to respond. The parties expect there will be other discovery issues which they may need to submit to the court for resolution.

5. The parties have conducted sixteen depositions since March 5, 2007. These depositions have been primarily of present and former employees of the Commonwealth and the defendants. Some of the depositions have been pursuant to Fed. R. Civ. P. 30 (b)(6). The defendants have provided to the Commonwealth certain Rule 30(b)(6) deposition transcripts taken in other cases for review and possible designation for use in this case. The number of depositions taken of present or former employees varies by defendant. Additional depositions of present and former employees of the defendants are scheduled for August and early September.

6. Before entry of the Court's Scheduling Order, a number of defendants had not been obligated to provide substantial discovery in any other drug pricing litigation and have not, therefore, been able to copy discovery provided in other cases and produce it to the Commonwealth. Under those circumstances, completing all document production and depositions by the current September 15, 2007 deadline will be difficult, if not impossible.

7. Defendants are continuing to depose additional witnesses who have been employed by the Commonwealth. Although a number of such depositions have already taken place, there are other witnesses who are believed to have relevant knowledge, but who no longer work for the Commonwealth. In addition, there are several witnesses whose existence or relevance was not apparent until other deponents identified them.

8. Third-party discovery is also underway, but is not complete. Because the Commonwealth's allegations relate to drug pricing information that the Commonwealth obtained

from First Databank (FDB), the parties are in need of substantial discovery from FDB and its representatives. To date, the parties have been unsuccessful in obtaining such discovery, but discovery negotiations in that regard are ongoing. It is also unlikely that discovery from FDB will be completed by the current September 15, 2007 deadline.

9. Some of the parties believe that requests to admit may be useful in narrowing the issues in this lawsuit. Those parties believe that such requests are best utilized after document production is complete and most of the depositions have been taken. Those parties also believe there will be insufficient time between now and September 15, 2007, to draft requests to admit.

10. On April 13, 2007, the Commonwealth and Dey, Inc entered into a settlement agreement and this Court has subsequently entered an Order of Dismissal as to Dey, Inc. The Commonwealth has had substantive settlement discussions with four other defendants, but to date, has not been able to reach agreement. The parties are scheduled for a Mediation Conference on September 17, 2007. The time constraints of the current discovery schedule have made it difficult for the parties to discuss settlement and will make it difficult to prepare for the Mediation Conference.

11. The parties do not ask the Court to alter or extend the following deadlines established by the March 5, 2007 Order: (1) the Summary Judgment Motion deadline: February 15, 2008; (2) the Opposition to Summary Judgment Motion deadline: March 15, 2008; (3) the hearing date on Summary Judgment or Pretrial Conference: April 29, 2008; and (4) the currently scheduled mediation date: September 15, 2007.

12. Defendants Teva Pharmaceuticals USA and Ivax Corporation (collectively "Teva") join in this request for additional time, but also intend to request that the Court further extend the fact discovery deadline with respect to Teva for reasons that will be explained in a

4

separate Motion.

13.     The parties believe that they can complete all discovery within the time frames sought by this Motion. A lot has been accomplished since March 5, 2007, but much remains to be done. The Commonwealth has hired additional counsel to work exclusively on this case. Counsel on both sides have been working collegially, but the summer months are particularly difficult to schedule depositions due to witness unavailability because of vacations. The parties need to complete fact discovery before they can make expert disclosures, since at least some of the experts may need to review fact discovery material.

14.     The granting of this Motion is in the interest of justice and, as shown above, will not impede the progress of this case or the setting of a trial date or dates.

WHEREFORE, the parties respectfully request that this Court allow this Motion and amend the deadlines as set forth above.

Dated: July 31, 2007

| COMMONWEALTH OF MASSACHUSETTS | PUREPAC PHARMACEUTICAL CO. |
|---|---|
| By its attorney, | By its attorneys, |
| MARTHA COAKLEY<br>Attorney General | |
| By /s/ Peter A. Mullin<br>Peter A. Mullin (BBO #360620)<br>Robert Patten (BBO# 555287)<br>Richard C. Heidlage (BBO# 228940)<br>Colleen A. McCarthy (BBO# 660581)<br>Robert A. Molvar (BBO# 655492)<br>Assistant Attorneys General<br>One Ashburton Place<br>Boston, MA 02114<br>Tel. 617 727-2200 | By /s/ Amber Anderson Villa<br>Peter E. Ball (BBO# 546031)<br>Amber A. Villa (BBO# 647566)<br>Sally & Fitch LLP<br>One Beacon Street, 16th Floor<br>Boston, Massachusetts 02108<br>Tel. 617-542-5542<br><br>John R. Fleder (pro hac vice)<br>Hyman, Phelps & McNamara, P.C.<br>700 Thirteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>Tel. 202-737-5600 |

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon counsel for each party through the Court's Electronic Case Filing System this 31st day of July, 2007.

/s/ Amber Anderson Villa
Amber A. Villa