**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Jeremy D. Frey
direct dial: 215.981.4445
direct fax: 866.422.3552
freyj@pepperlaw.com

11/1/07 If MHA wants relief, it should file a motion after conferring with opposing counsel. Patti B Saris

October 26, 2007

**(By FedEx)**

Hon. Patti B. Saris
U.S. District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re: *Commonwealth of Massachusetts v. Mylan Laboratories, Inc. et. al.,* 01:CV-12257 (PBS) (D. Mass.)

Dear Judge Saris:

This Firm is counsel to Managed Healthcare Associates, Inc. ("MHA"), which is not a party in the above MDL. We seek protection under Fed. F.R.Civ.P. 45 in connection with a third party subpoena that MHA has received in this matter from defendant Purepac Pharmaceutical Company.

Although MHA is located in New Jersey, and the subject subpoena was issued from that District, as a third party we thought it most efficient for us to simply direct this informal submission directly to the Court. If the Court prefers, we will, of course, file a formal motion for relief in the District o f New Jersey.

1. MHA Receives Far Reaching Third Party Subpoenas from the Government in the MDL

MHA has received, and is in the process of responding to, three third party subpoenas in this MDL. The first two subpoenas are from the Department of Justice ("DOJ") in *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456, CV 01-12257, which principally focus on dealings by Abbott Pharmaceuticals, Dey, Inc., Roxane Laboratories and Boehringer Ingelheim Corp. with respect to certain defined Subject Drugs. These DOJ subpoenas are broad and far reaching, and have required considerable effort on the part of MHA to respond. By agreement with the Government, MHA's production on the Abbott

#8993338 v1

Pepper Hamilton LLP
Attorneys at Law



subpoena is currently due for completion by November 2, 2007, and production regarding Dey, Boehringer and Roxane is due December 3, 2007. By the time these document productions are completed to the DOJ, MHA may well have to identify and produce more than 100,000 documents.

2. MHA Receives the Purepac Subpoena

In the meantime on October 4, 2007, MHA was served with the first iteration of the Purepac Subpoena. (Attachment 1). Given our other efforts underway to comply with the outstanding DOJ third party subpoenas, we promptly advised Purepac counsel that we would be unable to produce documents before November 2, and that we would sit for deposition thereafter, and tentatively scheduled November 15, 2007 for a deposition of an MHA employee.

Apparently, at some point, plaintiff Commonwealth of Massachusetts objected to this scheduling with Purepac counsel since the production and the deposition would fall outside the discovery end date in this case. In response, on October 25, we accepted service of an amended subpoena from Purepac that somewhat broadens the required production (after consultation with counsel), and requires the production and deposition by the discovery end date of October 30, 2007. (Attachment 2) The amended subpoena seeks, in essence, MHA's contracts with Massachusetts and certain communications and records between the period of 1997 and January 1, 2004.

This document production requires search of MHA paper files, and extensive computer based searches of both e-mail and e-documents. MHA's computer database contains a field of millions of e-mails and e-documents. Due to computing capacity, computer searches cannot ordinarily be performed during business hours. Compliance with these third party subpoenas is complicated, time-consuming and expensive. While we have interrupted our efforts to gather, review and produce under the much more extensive DOJ third party subpoenas, we cannot be prepared to produce the Purepac responsive documents until November 2, 2007, which is what we originally advised Purepac counsel. We cannot be prepared for a deposition until later in November. Counsel for Purepac was fully agreeable to this reasonable (if ambitious) scheduling, given what is being sought of MHA (a third party in this litigation and in light of the other demands being placed upon MHA in the MDL), but the Commonwealth of Massachusetts will apparently not agree.

Accordingly, MHA is willing to identify and produce the documents sought by November 2, and to have an employee deposed thereafter, but cannot do so by the date demanded on the Purepac subpoena.

Pepper Hamilton LLP
Attorneys at Law



3. The Relief Sought by MHA

MHA requests that the Court direct that (i) MHA shall have until November 2, 2007 to produce all (or substantially all) responsive documents, and to produce an employee for deposition at a time mutually agreeable to the parties on or before November 21, 2007 or (ii) quash the Purepac subpoena.

To address this matter with the parties, MHA proposes that the Court (or Magistrate Judge) schedule a telephone conference (to be hosted by MHA) with Purepac counsel and Plaintiff's counsel to resolve this issue.

Thank you for your attention to this matter.

Very truly yours,

Jeremy D. Frey
Eric J. Goldberg

JDF:jmn
Cc: J.P. Ellison (counsel for Purepac)(by e-mail)
Peter A. Mullin (counsel for Commonwealth of Massachusetts) (by e-mail)