# ATTACHMENT 1

%AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ New Jersey _____

Commonwealth of Massachusetts

V.

Mylan Laboratories, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   01-CV-12257-PBS (D. Mass.)

TO: Managed Healthcare Associates, Inc.
25-B Vreeland Road, Suite 300
PO Box 789 Florham Park, NJ 07932-0789
Telephone: (973) 966-9200 Facsimile: (973) 966-5529

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Suite 400<br>301 Carnegie Center<br>Princeton, NJ 08543-5276<br>(Or other mutually convenient location) | October 17, 2007 10 am<br>(Or other mutually convenient time prior to October 31, 2007) |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* <br> J.P. Ellison, Attorney for Defendant Purepac Pharmaceutical Company | October 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J.P. Ellison, 700 13th St., NW Suite 1200. Washington, DC 20005, (202) 737-4294; jellison@hpm.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | October 4, 2007 | Philadelphia, PA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jeremy D. Frey | Via electronic mail pursuant to agreement |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| J.P. Ellison | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   October 4, 2007
                    DATE

*[signature]*
SIGNATURE OF SERVER

Hyman, Phelps & McNamara, 700 13th St., NW
ADDRESS OF SERVER

Suite 1200, Washignton, DC 20005

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(6) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(7) "State of Massachusetts," "Commonwealth of Massachusetts" "Commonwealth," "State," and "Massachusetts" refer collectively to the Commonwealth of Massachusetts and to any current or former office, agency, department, division, or body thereof, including but not limited to the Office of Medicaid ("MassHealth"), the Department of

Public Welfare, the Bureau of Ambulatory Care, the Division of Health Care Finance and Policy ("DHCFP"), the Division of Medical Assistance, the Commonwealth Health Insurance Connector Authority, the Rate Setting Commission, the Office of Health Services, the Department of Public Health, the Department of Mental Health, the Division of Insurance, the Executive Office of Elder Affairs, the Department of Correction, the Division of Audit Operations, the Office of the Governor, the Office of the Governor's Legal Counsel, the Executive Office of Health and Human Services, the Executive Office for Administration and Finance, the Attorney General's Office, the Operational Services Division, the General Court and its committees, and all other officials, agents, commissioners, administrators, employees, departments, divisions, offices, and others acting on behalf of the Commonwealth.

(8) "Contract" means any contracts or other agreements between the State of Massachusetts and MHA.

(9) "Purepac" means Purepac Pharmaceutical Company, Faulding, Inc., Alpharma USPD, and any other subsidiary or affiliated entities.

(10) "Managed Healthcare Associates, Inc.," "MHA," "you" and "your" means the company with locations at 25-B Vreeland Road, Suite 300, PO Box 789, Florham Park, NJ 07932-0789 and 7400 Beaufont Springs Drive, Suite 560, Richmond, VA 23225, and all, employees, departments, divisions, offices, and others acting on its behalf.

## Rules of Construction

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## GENERAL INSTRUCTIONS

1.  Unless otherwise specified, provide all of the requested information for the period January 1, 1997-January 1, 2004.

2.  Each request extends to all documents in your possession, custody, or control, as well as documents in the possession, custody, or control of your agents, representatives, attorneys, or other persons acting on your behalf.

3.  If a document responsive to any request was, but is no longer, in your possession, custody or control, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) was otherwise disposed of. For each such document, (i) explain the facts and circumstances surrounding its disposition; (ii) identify the person(s) who authorized such disposition; and (iii) state the date or approximate date of such disposition.

4.  Whenever a request calls for the production of a document claimed by you to be privileged, please provide sufficient information to enable the claim of privilege to be adjudicated, including: (i) the type of document withheld; (ii) its date; (iii) title; (iv) author(s), addressee(s), and recipient(s); (v) general subject matter; (vi) the specific privilege under which it is withheld; and (vii) a description of it that you contend is adequate to support Your claim of privilege.

## REQUESTS FOR DOCUMENTS

1. All Contracts between MHA and the State of Massachusetts.

2. All documents concerning or reflecting communications between MHA and Massachusetts concerning actual or proposed Purepac drug prices under any Contract.

3. All documents concerning or reflecting communications between MHA and Massachusetts concerning Purepac's suggested average wholesale price ("AWP") or wholesale acquisition cost ("WAC") for drug products.

# ATTACHMENT 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     New Jersey

Commonwealth of Massachusetts

V.

Mylan Laboratories, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    01-CV-12257-PBS (D. Mass.)

TO: Managed Healthcare Associates, Inc.
25-B Vreeland Road, Suite 300
PO Box 789 Florham Park, NJ 07932-0789
Telephone: (973) 966-9200 Facsimile: (973) 966-5529

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Suite 400<br>301 Carnegie Center<br>Princeton, NJ 08543-5276 | October 30, 2007 10 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* <br> J.P. Ellison, Attorney for Defendant Purepac Pharmaceutical Company | October 25, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J.P. Ellison, 700 13th St., NW Suite 1200. Washington, DC 20005, (202) 737-4294; jellison@hpm.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | October 25, 2007 | Philadelphia, PA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jeremy D. Frey | Via electronic mail pursuant to agreement |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| J.P. Ellison | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   October 25, 2007
                     DATE

*[signature]*
SIGNATURE OF SERVER

Hyman, Phelps & McNamara, 700 13th St., NW
ADDRESS OF SERVER

Suite 1200, Washignton, DC 20005

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(6) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(7) "State of Massachusetts," "Commonwealth of Massachusetts" "Commonwealth," "State," and "Massachusetts" refer collectively to the Commonwealth of Massachusetts and to any current or former office, agency, department, division, or body thereof, including but not limited to the Office of Medicaid ("MassHealth"), the Department of

Public Welfare, the Bureau of Ambulatory Care, the Division of Health Care Finance and Policy ("DHCFP"), the Division of Medical Assistance, the Commonwealth Health Insurance Connector Authority, the Rate Setting Commission, the Office of Health Services, the Department of Public Health, the Department of Mental Health, the Division of Insurance, the Executive Office of Elder Affairs, the Department of Correction, the Division of Audit Operations, the Office of the Governor, the Office of the Governor's Legal Counsel, the Executive Office of Health and Human Services, the Executive Office for Administration and Finance, the Attorney General's Office, the Operational Services Division, the General Court and its committees, and all other officials, agents, commissioners, administrators, employees, departments, divisions, offices, and others acting on behalf of the Commonwealth.

(8) "Contract" means any contracts or other agreements between the State of Massachusetts and MHA.

(9) "Managed Healthcare Associates, Inc.," "MHA," "you" and "your" means the company with locations at 25-B Vreeland Road, Suite 300, PO Box 789, Florham Park, NJ 07932-0789 and 7400 Beaufont Springs Drive, Suite 560, Richmond, VA 23225, and all, employees, departments, divisions, offices, and others acting on its behalf.

### Rules of Construction

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## GENERAL INSTRUCTIONS

1. Unless otherwise specified, provide all of the requested information for the period January 1, 1997-January 1, 2004.

2. Each request extends to all documents in your possession, custody, or control, as well as documents in the possession, custody, or control of your agents, representatives, attorneys, or other persons acting on your behalf.

3. If a document responsive to any request was, but is no longer, in your possession, custody or control, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) was otherwise disposed of. For each such document, (i) explain the facts and circumstances surrounding its disposition; (ii) identify the person(s) who authorized such disposition; and (iii) state the date or approximate date of such disposition.

4. Whenever a request calls for the production of a document claimed by you to be privileged, please provide sufficient information to enable the claim of privilege to be adjudicated, including: (i) the type of document withheld; (ii) its date; (iii) title; (iv) author(s), addressee(s), and recipient(s); (v) general subject matter; (vi) the specific privilege under which it is withheld; and (vii) a description of it that you contend is adequate to support Your claim of privilege.

## REQUESTS FOR DOCUMENTS

1. All Contracts between MHA and the State of Massachusetts.

2. All documents concerning or reflecting communications between MHA and Massachusetts concerning actual or proposed drug prices under any Contract.

3. All documents concerning or reflecting communications between MHA and Massachusetts concerning suggested average wholesale price ("AWP") or wholesale acquisition cost ("WAC") for drug products.

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE COMMONWEALTH OF
MASSACHUSETTS,

    Plaintiffs,

-against-

MYLAN LABORATORIES INC. *et al.*,

    Defendants.

CIVIL ACTION NO.
03-CV-11865-PBS

## NOTICE OF DEPOSITION OF MANAGED HEALTHCARE

Pursuant to Rules 45 and 30 of the Federal Rules of Civil Procedure, Defendant Purepac Pharmaceuticals, Inc., by its attorneys, will take the deposition of non-party Managed Healthcare Associates, Inc. on October 30, 2007 before a Notary Public or other person authorized to administer oaths at the offices of Pepper Hamilton LLP, Suite 400, 301 Carnegie Center, Princeton, NJ 08543-5276, beginning at 10 am. The deposition will be recorded by videotape, stenographically and/or by sound recording on magnetic tape.

    You are invited to attend and cross-examine.

Dated: October 25, 2007

PUREPAC PHARMACEUTICAL CO.

By: _____
John R. Fleder
Riëtte L. van Laack
J.P. Ellison
HYMAN, PHELPS & McNAMARA, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Tel. (202) 737-5600
Fax (202) 737-9329

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, true and correct copies of the foregoing was served via electronic mail upon the following counsel:

Jeremy D. Frey
Eric J. Goldberg
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Peter Mullin, Esq.
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1598

_____
J.P. Ellison