**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ) ) 01-CV-12257-PBS ) ) ) | Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**TRACK 1 DEFENDANTS' MOTION TO IMPLEMENT THE COURT'S NOVEMBER 1, 2007 ORDER REGARDING THE ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**

By Order dated November 1, 2007, this Court stated: "Pursuant to Fed. R. Civ. P. 54(b), I order entry of separate judgment with respect to Classes 2 and 3 (the Massachusetts classes)." *In re Pharmaceutical Indus. Avg. Wholesale Price Litig.*, __ F.Supp.2d __, 2007 WL 3225922, at *4 (D. Mass. Nov. 1, 2007).  Track 1 Defendants respectfully submit the Proposed Findings and Forms of 54(b) Judgment, attached as Exhibit A, to implement the Court's Order.

The First Circuit requires that, when a district court concludes that entry of judgment under Rule 54(b) is appropriate, it should ordinarily "make specific findings setting forth the reasons for its order." *Spiegel v. Trustees of Tufts College* 843 F.2d 38, 42 (1st Cir. 1988) (citing *Knight v. Mills*, 836 F.2d 659, 661 n. 2 (1st Cir.1987)).  Such findings must "assess the finality of the disputed ruling," and support a determination that "'there is no just reason for delay' in entering judgment." *Id.* (quoting Fed. R. Civ. P. 54(b)).  Thus, "[w]here the district judge is prepared affirmatively to certify that there is 'no just reason for delay,' a concise list of reasons will likely be needed (save only in those infrequent instances where compelling considerations

are self-evident on the face of the record))." *Id*. at n.4 (citations omitted).  The attached Proposed Findings are intended to address this requirement that the Court provide a concise list of reasons supporting 54(b) judgment.  *See id* at n.5 ("A party who seeks the special dispensation which Rule 54(b) envisions has an obligation, at the very least, to point out the requirement and to ask that the court, should it grant the request, make a brief but particularized statement of its reasons.")[1]

In addition, judgments entered under Rule 54(b) must be set forth on separate documents.  *E.g., In re Cendant Corp. Securities Litigation*, 454 F.3d 235, 240 n.2 (3d. Cir. 2006) (noting that the separate-document requirement of Rule 58 applies to partial dispositions as certified as final under Rule 54(b).)  The Court's order of November 1, 2007, alone, does not constitute an appealable judgment under Rule 54(b).  In addition, the November 1 Order directs entry of judgment as to Classes 2 and 3 with respect to the claims against Warrick, BMS, and AstraZeneca.  The Order does not mention Schering-Plough or the J&J Defendants, against whom claims were dismissed pursuant to the Court's June 21, 2007 decision, nor does the Order reflect the Court's stated intention to enter judgment in favor of the J&J Defendants with respect to Class 1.  *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 491 F. 2d 20 (D. Mass. 2007).  Thus, in addition to judgment in favor of Warrick and judgments against AstraZeneca and BMS, separate judgments in favor of Schering and the J&J Defendants are required.  The attached proposed forms of judgment include forms applicable to all Track 1 Defendants.

---

[1] The attached Proposed Findings are in large part identical to those previously submitted by the Track 1 Defendants. (*See* Track 1 Defs.' Modified Proposed Form of J. Under Rule 54(b) (Sept. 14, 2007) (Dkt. 4714).  The only substantive changes to the Proposed Findings filed on September 14, 2007 are changes to paragraphs 12 and 13 to address the Court's November 1, 2007 Order and the insertion of the Court's actual damage awards from that Order.

## CONCLUSION

For the foregoing reasons, the Track 1 Defendants respectfully request that the Court sign the attached Proposed Findings and Order on Motion of Track 1 Defendants for Entry of Judgments Pursuant to Rule 54(b) and direct the clerk to enter the proposed forms of judgment attached thereto.

Respectfully submitted,

TRACK 1 DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Daniel J. Bennett (BBO#663324)
Jobe G. Danganan (BBO #660446)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Warrick Pharmaceuticals Corporation*

Dated:  November 8, 2007

## CERTIFICATE OF COMPLIANCE WITH LR. 7.1

I hereby certify that counsel for Schering, on behalf of the Track 1 Defendants, attempted to confer with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues set forth herein.  Although counsel for Plaintiffs said he would consider the motion, he has not taken a position, as of this filing, with respect to the motion.

/s/ Daniel J. Bennett_____
Daniel J. Bennett

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2007, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Daniel J. Bennett_____
Daniel J. Bennett