# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

## ABBOTT LABORATORIES INC.'S OPPOSITION TO THE UNITED STATES' MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

Dated:  November 16, 2007

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF UNDUE DELAY
AND PREJUDICE TO ABBOTT ............................................................................. 2

    A.    Leave to Amend Based on Old Information is Disfavored.................................... 3

    B.    Leave to Re-Allege Claims That Had Been Dropped from Prior
Complaints is Disfavored and Prejudicial............................................................ 4

    C.    Leave to Amend Near the Close of Discovery is Disfavored and
Prejudicial ........................................................................................................... 5

II.    LEAVE TO AMEND SHOULD BE DENIED AS FUTILE BECAUSE THE
GOVERNMENT'S NEW CLAIMS DO NOT SATISFY THE PROCEDURAL
REQUIREMENTS OF THE FALSE CLAIMS ACT ................................................. 6

    A.    Leave to Amend Would Be Futile Because the Government Has Failed to
Show the "Good Cause" Necessary for Late FCA Intervention........................... 6

    B.    Leave to Amend Would Be Futile Because There Are No Claims
Remaining That the Government May Intervene In ............................................. 7

        1.    The Act Of Amending A Complaint Renders Previous Complaints
Null And Void......................................................................................... 8

        2.    The Relator Did Not Need "Written Consent" To Amend Its
Complaint................................................................................................ 9

III.    IF LEAVE TO ADD ACYCLOVIR CLAIMS IS GRANTED, ABBOTT IS
ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN TAKING
ACYCLOVIR-RELATED DISCOVERY ................................................................. 12

CONCLUSION............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Acosta-Mestre v. Hilton Int'l of P.R., Inc.*,
  156 F.3d 49 (1st Cir. 1998)...................................................................................2

*Addamax Corp. v. Open Software Found., Inc.*,
  149 F.R.D. 3 (D. Mass. 1993).............................................................................9

*Allied Indus. Workers v. Gen. Elec. Co.*,
  471 F.2d 751 (6th Cir. 1973) .............................................................................12

*Carver v. Condie*,
  169 F.3d 469, 472 (7th Cir. 1999) ......................................................................8

*Choroszy v. Wentworth Inst. of Tech.*,
  915 F. Supp. 446 (D. Mass. 1996) ......................................................................6

*Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.*,
  506 F. Supp. 1051 (N.D. Ill. 1980) .....................................................................4

*Foman v. Davis*,
  371 U.S. 178 (1962).............................................................................................2

*Friedman v. Transamerica Corp.*,
  5 F.R.D. 115 (D. Del. 1946) ................................................................................5

*Garfield v. NDC Health Corp.*,
  466 F.3d 1255 (11th Cir. 2006) ........................................................................12

*Glassman v. Computervision Corp.*,
  90 F.3d 617 (1st Cir. 1996)..................................................................................6

*Grant v. News Group Bos., Inc.*,
  55 F.3d 1 (1st Cir. 1995)...............................................................................2, 3, 4

*Gray v. St. Martin's Press, Inc.*,
  221 F.3d 243 (1st Cir. 2000)................................................................................3

*Hayes v. New England Millwork Distribs., Inc.*,
  602 F.2d 15 (1st Cir. 1979)..................................................................................2

*Kolling v. Am. Power Conversion Corp.*,
  347 F.3d 11 (1st Cir. 2003)..................................................................................8

# TABLE OF AUTHORITIES
(continued)

**Page**

*LaRocca v. Borden, Inc.*,
  276 F.3d 22 (1st Cir. 2002) .................................................................................2

*Minotti v. Lensink*,
  895 F.2d 100 (2d Cir. 1990) ...............................................................................11

*Ohio-Sealy Mattress Mfg. Co. v. Kaplan*,
  90 F.R.D. 40 (N.D. Ill. 1981) ..............................................................................4

*Palmer v. Champion Mortg.*,
  465 F.3d 24 (1st Cir. 2006) .................................................................................3

*Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*,
  884 F.2d 1510 (1st Cir. 1989) .......................................................................2, 3, 5

*S.E.L. Maduro (Florida), Inc. v. M/V Santa Lucia*,
  116 F.R.D. 289 (D. Mass. 1987) .........................................................................12

*Steir v. Girl Scouts of USA*,
  383 F.3d 7 (1st Cir. 2004) ...................................................................................5

*Stepanischen v. Merchants Despatch Transp. Corp.*,
  722 F.2d 922 (1st Cir. 1983) ...............................................................................2

*Transwitch Corp. v. Galazar Networks, Inc.*,
  377 F. Supp. 2d 284 (D. Mass. 2005) ............................................................... 9-10

*United States v. Davis*,
  261 F.3d 1 (1st Cir. 2001) ...................................................................................2

*United States ex rel. Killingsworth v. Northrop Corp.*,
  25 F.3d 715 (9th Cir. 1994) ...............................................................................11

*United States ex rel. Meyer v. Horizon Health Corp.*,
  No. 00-1303, 2006 WL 1490216 (N.D. Cal. May 25, 2006) ............................................10

*United Techs. Corp. v. Browning-Ferris Indus., Inc.*,
  33 F.3d 96 (1st Cir. 1994) ..................................................................................10

*Waters v. Weyerhauser Mortg. Co.*,
  582 F.2d 503 (9th Cir. 1978) ...............................................................................4

## TABLE OF AUTHORITIES
(continued)

**Page**

### FEDERAL STATUTES & RULES

31 U.S.C. § 3730(b) ................................................................................................7

31 U.S.C. § 3730(b)(1) ...........................................................................................9

31 U.S.C. § 3730(c)(3) ............................................................................................7

Fed. R. Civ. P. 12(b)(6) ...........................................................................................6

Fed. R. Civ. P. 15(a) ...................................................................................... *passim*

Fed. R. Civ. P. 41(a)(2) .......................................................................................9, 10

### OTHER AUTHORITIES

S. Rep. 99-345 at 26-27 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5291-92 .........................7

Charles Alan Wright, *et al.*, *Federal Practice & Procedure* (2d ed. 1990) ..............................8, 10

# INTRODUCTION

On November 5, 2007, this Court held that the United States' First Amended Complaint was effectively the *sixth* amended complaint in this Case, and could not be filed without leave to amend.  (Ex. A at 13:20-14:8.)  The Court then directed the Government to seek leave to amend, indicating that the Court would "do a typical Rule 15 kind of balancing" based on that motion. (*Id.* at 22:9-10, 23:3-5.)  The Government, however, filed only a two-page bare-bones pleading filled with conclusory boilerplate that makes no effort whatsoever to demonstrate that leave to amend would be appropriate under Rule 15(a).  The Court should not accept the Government's apparent assumption that leave would be granted based on nothing but its own say-so.

The motion should be denied in any event under Rule 15 because the Government's 20-month delay in amending its complaint is, by itself, sufficient grounds for denial of leave to amend under clear First Circuit law; furthermore, it is dilatory and prejudicial because:

- The Government offers no newly-discovered information to justify amendment;
- The Government seeks to add claims already dropped from prior complaints;
- The Government's motion comes with less than two months left in discovery.

Moreover, amendment would also be futile under Rule 15 because of technical deficiencies in the proposed amended complaint that would require dismissal under the False Claims Act; namely:

- The Government  has not shown "good cause" for late intervention; and
- There are no live claims in the in which the Government may intervene.

For any or all of these reasons, leave to amend should be denied.

# ARGUMENT

Rule 15(a) provides that proposed amendments should be denied in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, the Government's motion should be denied for at least three of the reasons identified in *Foman*.  *First*, the motion is excessively delayed, having been filed 12 years after this action was commenced by the Relator, almost 20 months after the Government's previous complaint was filed, and with less than 2 months before the end of fact discovery (fact discovery that focused on the 4 drugs named in that prior complaint).  *Second*, the Government's late motion for amendment, if granted, would prejudice Abbott.  *Third*, amendment should be denied as futile, as the proposed amended complaint is procedurally faulty under the False Claims Act.

## I.      LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF UNDUE DELAY AND PREJUDICE TO ABBOTT.

A significant body of First Circuit law holds that undue delay is "a sufficient basis for denying leave to amend," regardless of the prejudice to the non-moving party.  *LaRocca v. Borden, Inc.*, 276 F.3d 22, 32 (1st Cir. 2002); *see also United States v. Davis*, 261 F.3d 1, 59 (1st Cir. 2001); *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998).   In fact, "circuit authority" requires that "where considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay."  *Grant v. News Group Bos., Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (internal quotation marks omitted).  Delays of 14 months or longer are "considerable" for these purposes. *See id.*; *see also Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517-18 (1st Cir. 1989) (requiring explanation for motion to amend filed "[a]lmost two years" after complaint filed, and with "[o]nly two months remain[ing] in an already extended discovery period"); *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983) (requiring explanation for 17-month delay between complaint and motion to amend); *Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979) (two-year delay).

2

Here, the proposed amendment comes nearly 20 months after the prior complaint was filed (on March 17, 2006), and less than two months prior to the close of an extended fact discovery period; thus, the Government may not amend its complaint without affirmatively providing some valid explanation for its delay.  But not only has the Government failed to provide any valid reason, it proposes to add claims for Acyclovir Sodium under circumstances that have been held to be especially disfavored, dilatory, and affirmatively prejudicial.  This delay, alone and in combination with these disfavored circumstances, should lead this Court to deny amendment.

### A.      Leave to Amend Based on Old Information is Disfavored.

To begin, the new Acyclovir claims here are based on information and allegations that the Government admits to having known about since 1997, and concedes is not "typical newly discovered evidence." (Ex. A at 17:22-25; 19:12-14.)  Leave to amend based on such pre-existing knowledge is routinely denied.  *See, e.g., Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (affirming denial of leave to amend where "the plaintiff was aware of the factual predicate on which her new theory rested before she brought suit"); *Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 253 (1st Cir. 2000) (holding that plaintiff could not "add 20 additional statements from [a] book now alleged to be defamatory" where he had book for six years prior to seeking leave to amend, and could "easily [have] decided which charges he believed to be false" during those years); *Quaker State Oil*, 884 F.2d at 1517-18 (denying leave to amend where "facts upon which the proposed [amendment] rested were known to [amending party] all along").

The First Circuit's decision in *Grant* is particularly instructive.  There, the Plaintiff sought leave to amend 14 months after filing his complaint due to "new" evidence he claimed to have discovered during fact discovery.  *Grant*, 55 F.3d at 6.  The Court rejected this contention, noting that the "new" evidence was cumulative of what plaintiff already knew, and thus he

"clearly possessed the knowledge necessary to make the claims he sought to assert in the amended complaint even without" the additional evidence. *Id.* The Government's contention here is similarly flawed. The Government has had evidence regarding its newly-alleged Acyclovir claims since 1997 (Dkt. No. 4720 at 3-5 & Exs. A, C), and though it purports to seek leave to amend because it "collected evidence from an Abbott employee confirming" that 1997 evidence (Mot. at 2), the Government misses the point. By the Government's own admission, this new "confirming" evidence was cumulative (and, as demonstrated below, non-existent). Just as in *Grant*, there was no obstacle to the Government's bringing Acyclovir claims in its 2006 complaint—indeed, those claims had been in the Relators' Second, Third, and Fourth Amended Complaints, *see infra*—and alleged "corroboration" does not justify leave to amend this late in the process. That alone is enough to deny the instant motion.

**B.**     **Leave to Re-Allege Claims That Had Been Dropped from Prior Complaints is Disfavored and Prejudicial.**

But there is more. The motion should also be denied for the independent reason that the Government is seeking to reinstate claims that appeared in previous versions of its complaint but were previously dropped. Leave to amend under such circumstances is disfavored as amendment for these purposes is not only inexcusably dilatory, but is also inherently prejudicial. *See Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 40, 42 (N.D. Ill. 1981) (denying attempt to revive dropped claims as unjust, where plaintiff did not make "an unwitting omission in the pleadings but a conscious decision which has shaped the conduct of this litigation for the past seventeen months"); *Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) (holding that a party's motion to "restore allegations that the movant previously abandoned" are particularly prejudicial because, in such cases, it is "obvious that the movant did not suddenly discover a new cause of action"); *Waters v. Weyerhauser Mortg. Co.*, 582 F.2d 503,

4

507 (9th Cir. 1978) (denying leave to amend where "the amendment would allow the plaintiffs to litigate an issue they had earlier conceded, to the prejudice of the rights of the defendants"); *Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946) (denying amendment where "the 'new' matter sought to be incorporated into the complaint was once included in the original and first amended complaint and later was abandoned or deleted when plaintiffs filed their second amended complaint").

Here, the Government proposes to add Acyclovir claims to its complaint.  But as described in earlier briefing, the Acyclovir claims were in the Relator's Second, Third, and Fourth Amended complaints.  (*See* Dkt. No. 4470 at 3.)  Yet, when the Government amended those earlier complaints by filing its Complaint-in-Intervention, it affirmatively chose *not* to pursue Acyclovir claims.  It would be unjust to allow the Government to reverse course nearly two years later, when Abbott could, and did, reasonably assume that the Acyclovir claims were out of the case.  This, too, justifies denying leave to amend.  Further, even if the Government were given leave to add the Acyclovir claims, those claims should be governed by the False Claims Act's six-year statute of limitations, measured from the date the amendment is allowed. (*See* Dkt. No. 4470 at 13-15, 18-20; Dkt. No. 4720 at 12-16.)

### C.    Leave to Amend Near the Close of Discovery is Disfavored and Prejudicial.

But there is still more.  The motion should also be denied because it comes too late in the discovery process.  *See, e.g., Quaker State Oil*, 884 F.2d at 1517-18 (denying leave to amend where "great deal of discovery had taken place without reference to the [new] theory"); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("[p]articularly disfavored are motions to amend whose timing . . . requir[es] a re-opening of discovery with additional costs").

Here, there are only six weeks remaining before the end of discovery.  Further, the remaining discovery time falls squarely in the middle of the holiday season, which will only

increase the difficulty of scheduling additional depositions.  Thus, if leave were granted, the

Government's delay would force Abbott to engage in significant Acyclovir-related discovery

within an incredibly compressed time schedule, and would cause Abbott to incur duplicate costs

that could have been avoided had Abbott known that Acyclovir were a proper topic of discovery.

Indeed, the Government (and the Relator) have heightened this prejudice by resisting discovery

related to drugs that were not specifically named in the Complaint-in-Intervention.  (*See, e.g.,*

Dkt. No. 4076 at 12; Dkt No. 4470 Ex. N at 1-2.)  As discussed further below, Abbott will be

forced to incur unnecessary costs if it is forced to respond to the Government's last-minute

Acyclovir-related discovery requests.  Leave to amend should be denied for this reason, too.

For any or all of these reasons, the Government's delayed and prejudicial request for

leave to amend should be denied under Rule 15.

## II.    LEAVE TO AMEND SHOULD BE DENIED AS FUTILE BECAUSE THE GOVERNMENT'S NEW CLAIMS DO NOT SATISFY THE PROCEDURAL REQUIREMENTS OF THE FALSE CLAIMS ACT.

Leave to amend a complaint should also be denied under Rule 15 where the proposed

amendment is futile.  "'Futility' means that the complaint, as amended, would fail to state a

claim upon which relief could be granted" and should be gauged by "the same standard of legal

sufficiency as applies to a Rule 12(b)(6) motion."  *Glassman v. Computervision Corp.*, 90 F.3d

617, 623 (1st Cir. 1996).  Procedurally improper claims are subject to dismissal on 12(b)(6)

grounds, and thus proposed amendments which contain such faults should be denied as futile.

*See, e.g.*, *Choroszy v. Wentworth Inst. of Tech.*, 915 F. Supp. 446, 453 (D. Mass. 1996).  Abbott

has briefed, in detail, the reasons for which the Government's proposed First Amended

Complaint fails to satisfy the FCA's procedural requirements.  Given the complexity of those

issues, however, and in order to rebut incorrect assertions made by the Government in the recent

hearing, Abbott briefly summarizes those grounds below.

**A.    Leave to Amend Would Be Futile Because the Government Has Failed to Show the "Good Cause" Necessary for Late FCA Intervention.**

Late intervention by the Government in an FCA case, following its initial decision not to intervene, is *not* a matter of right.  Rather, as discussed in prior briefing (Dkt. 4470 at 12-13; Dkt. 4720 at 9-10), the FCA expressly provides that where the Government declines to intervene in a particular claim, it must show "good cause" for later intervention.  31 U.S.C. § 3730(c)(3).  The FCA's legislative history shows that "good cause" requires the discovery of "new and significant evidence" which "could escalate the magnitude or complexity of the fraud . . . or mak[e] it difficult for the qui tam relator to litigate alone."  S. Rep. 99-345 at 26-27 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5291-92.

Here, the Government declined to intervene in Acyclovir claims earlier in this case: it intervened as to a handful of specific drugs in the Relator's Fourth Amended Complaint, and expressly "decline[d] to intervene in that part of the action against Abbott as to all other drugs. . . identified in this action," which included Acyclovir.  (Dkt. 4470, Ex. G at 2-3.)  Having declined to intervene in Acyclovir before, the False Claims Act expressly requires the Government to show "good cause" before it may intervene in Acyclovir now.

The Government's motion for leave to amend does not even mention the applicable "good cause" standard, let alone attempt to satisfy it.  Nor could it—the Government does not have any "new and significant" evidence here.  Instead, as the Court recognized and the Government admitted, the Government has merely "confirmed" old evidence that was already in its possession—a confirmation that could have occurred *years* before unsealing by means of civil investigative demands, but which the Government inexplicably chose to delay until after litigation began.  (Ex. A at 19:3-22.)  Because the Government cannot show good cause, it cannot intervene in Acyclovir, and leave to amend its complaint to add Acyclovir would be futile.

**B.     Leave to Amend Would Be Futile Because There Are No Claims Remaining That the Government May Intervene In.**

Moreover, even if the Government did have "new and significant" evidence of Acyclovir that would justify late intervention, there are no Acyclovir claims remaining in this case to be intervened in.  To briefly summarize, this case was brought under 31 U.S.C. § 3730(b), which allows the Government to participate though intervention in relators' claims.  Therefore, in order for the Government to "intervene" in Acyclovir claims, the Relator's complaint must contain Acyclovir claims.  Here, Ven-A-Care does not have any Acyclovir claims in its current complaint, because after the Government filed its Complaint-in-Intervention, the Relators amended their complaint by "adopting" the Government's Complaint-in-Intervention as their own—a complaint that does not make any allegations regarding Acyclovir.  (Dkt. No. 4470 at 7-8; Dkt. No. 4720 at 8-9.)

At the motions hearing, the Government attempted to sidestep this procedural posture by repeating several arguments that are incorrect as a matter of law.  Abbott responds to each below.

**1.     The Act Of Amending A Complaint Renders Previous Complaints Null And Void.**

The Government first argues that the Acyclovir claims that had been in the Relator's Fourth Amended Complaint are still "out there" somewhere because the Relators never filed a formal motion to dismiss those claims.  (Ex. A at 20:14-19; 29:9-30:2.)  This argument is simply wrong as a matter of First Circuit law.  In *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003), the First Circuit held that when a party's complaint contains certain claims, and that party then files an amended complaint omitting those claims, the omitted claims are "abandon[ed]."  This is not a quirk of circuit law but rather an application of the black-letter principle that an "amended complaint completely supersedes [the] original complaint, and thus the original complaint no longer performs any function in the case."  *Id.*; *see also* 6 Charles Alan

8

Wright, *et al.*, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("Once an amended pleading

is interposed, the original pleading no longer performs any function in the case."); *Carver v.

Condie,* 169 F.3d 469, 472 (7th Cir. 1999) (allegations omitted in an amended complaint "f[a]ll

by the wayside").

In this case, Ven-A-Care sought leave to "amend its [Fourth Amended] complaint as to

Abbott . . . by adopting the United States' Intervention Complaint as Ven-A-Care's complaint,"

and it did so amend after receiving leave.  (Dkt. 4470 at Ex. K.)  By definition, that amended

complaint "completely supersede[d]" the Relators' Fourth Amended Complaint and that

complaint is no longer a part of this case.  The relator's active allegations are thus those that

appear in the Complaint in Intervention—no more, and no less.  The Complaint in Intervention

plainly lists "[t]he drugs and corresponding NDCs at issue in this case"—a list which does not

include Acyclovir.  (Dkt. No. 4470 at Ex. J p. 11-12.)  As such, the Acyclovir claims are gone.

### 2. The Relator Did Not Need "Written Consent" To Amend Its Complaint.

The Government next argues that the Acyclovir claims are still active because Ven-A-

Care did not obtain written consent before dropping those claims.  That is also wrong, as written

consent is only required for the dismissal of *actions*, not particular claims.

The Government's argument relies on 31 U.S.C. § 3730(b)(1), which provides that, when

a relator brings an FCA action, "[t]he *action* may be dismissed only if the court and the Attorney

General give written consent to the dismissal and their reasons for consenting."   The plain

language of this statute shows that it is inapplicable here, as the act of amending a complaint to

drop certain claims is *not* the "dismissal" of an "action."   "Dismissing an action" has a very

precise procedural meaning: it means the dropping of an *entire case*, as Magistrate Judge Bowler

recently recognized in *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 288 (D.

Mass. 2005) (holding that Rule 41(a)(2) deals with the "dismissal of an *action*," but that the "the weight of authority is that Rule 15(a), as opposed to Rule 41(a)(2), applies to an amendment which drops some but not all of the *claims* in an action.") (emphasis added); *see also Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993) (holding that, as a matter of procedure, the "dismissal" of an "action" refers to the dropping of "the whole case," whereas "Rule 15(a) is the proper vehicle to drop some but not all claims against a defendant"); 9 Wright, *et al*. at § 2362 ("when multiple claims are filed against a single defendant, Rule 41(a) applies only to the dismissal of all claims in an action.  A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15").  Indeed, in *United States ex rel. Meyer v. Horizon Health Corp.*, No. 00-1303, 2006 WL 1490216, at *1 (N.D. Cal. May 25, 2006), this commonplace meaning was recognized when the court held that the "written consent" requirement of § 3730(b)(1) did not apply when one of three co-relators was dropped from an FCA case, reasoning that "the *action* [was] not being dismissed" because the "two other relators . . . remain[ed] in the case." (emphasis in original).

This plain understanding of the term "dismissal of an action" as the dismissal of an entire case, as opposed to specific claims, should be dispositive here.  "Legal terms used in framing a statute are ordinarily presumed to have been intended to convey their customary legal meaning." *United Techs. Corp. v. Browning-Ferris Indus., Inc.*, 33 F.3d 96, 99 (1st Cir. 1994), and nothing in the FCA suggests that any other meaning was intended.  As such, the mere amendment of a complaint which drops certain claims is not the "dismissal of an action" and does not trigger the "written consent" requirements of the False Claims Act.[1]

---

[1] And, in any event, § 3730(b)(1) simply does not apply to the post-intervention time frame. *See United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 721-22 (9th Cir. 1994).  Abbott fully briefed this issue in earlier memoranda.  (Dkt. No. 4470 at 9; Dkt. No. 4720 at 6-7.)

In any event, the Government's written decision *not* to intervene in the Acyclovir claims "may be taken as tantamount to the consent of the [U.S.] Attorney to dismiss" those claims. *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990).  For, as the Second Circuit has recognized, "[o]nce the United States formally has declined to intervene in an action. . . little rationale remains for requiring consent of the Attorney General before an action may be dismissed."  *Id.* (internal quotation marks omitted).  Thus, even if "written consent" to drop the Acyclovir claims were needed, Relator had that consent, and needed nothing more.[2]

## III.  IF LEAVE TO ADD ACYCLOVIR CLAIMS IS GRANTED, ABBOTT IS ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN TAKING ACYCLOVIR-RELATED DISCOVERY.

As set forth above, there are ample reasons why leave to amend can and should be denied.  If the Government is nonetheless granted leave to amend, the Court should condition its order by requiring the United States to bear Abbott's additional discovery costs, including the costs of re-deposing the Government's witnesses with respect to the new allegations.  It is well-established that the Court has the discretion to impose reasonable conditions on the "granting of leave to amend . . . in order to avoid prejudice to the opposing party."  *Allied Indus. Workers v. Gen. Elec. Co.*, 471 F.2d 751, 756 (6th Cir. 1973); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1271 (11th Cir. 2006) (citing authority); *S.E.L. Maduro (Florida), Inc. v. M/V Santa Lucia*, 116 F.R.D. 289, 297 (D. Mass. 1987) (holding that "the expenses of any depositions which will have to be re-taken will be borne completely" by party moving to amend).  Here, but

---

[2]  Although it is undisputed that the Government did not oppose Relator's amendment of its complaint to conform to the Government's four-drug complaint in intervention (and thereby to drop the Relator's claims as to all other drugs, including Acyclovir), the Government is hiding the ball as to what communications it had with Relator about this amendment.  Following the November 5 hearing, Abbott asked the Government and Relator to disclose any such communications (which obviously could provide further evidence of the Government's affirmative consent to the amendment), but they have chosen to stonewall – claiming that any such communications are "irrelevant" and "privileged."  (*See* Ex. B.)  Abbott will continue to pursue those communications in discovery, and will alert the Court if additional evidence is uncovered.  Alternatively, the Court could (and should) order the disclosure of any such communications now to assist in the resolution of this motion.

for the late amendment, Abbott would have been able to question Government witnesses about

Acyclovir during prior depositions, and must now incur double costs when arranging for further

depositions.  The Government, not Abbott, should bear those costs.  Likewise, to the extent that

the Government seeks to re-depose Abbott's witnesses, it should bear Abbott's resulting costs.

**CONCLUSION**

The Government's attempt to add Acyclovir claims some 20 months after its first

complaint was filed, and less than 2 months before the close of discovery, without any hint of a

valid explanation, is unduly dilatory and prejudicial.  Further, the proposed amendment is

procedurally improper, and amendment would therefore be futile.  Leave to amend should be

denied pursuant to Rule 15.

Dated:  November 16, 2007                          Respectfully submitted,

                                                   /s/ Brian J. Murray
                                                   James R. Daly
                                                   Tina M. Tabacchi
                                                   Brian J. Murray
                                                   JONES DAY
                                                   77 West Wacker Drive, Suite 3500
                                                   Chicago, Illinois  60601
                                                   Telephone:  (312) 782-3939
                                                   Facsimile:   (312) 782-8585

                                                   R. Christopher Cook
                                                   David S. Torborg
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, D.C.  20001-2113
                                                   Telephone:  (202) 879-3939
                                                   Facsimile:  (202) 626-1700

                                                   *Counsel for Defendant Abbott Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES INC.'S OPPOSITION TO THE UNITED STATES' MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 16th day of November, 2007.

                  /s/ Brian J. Murray
                  Brian J. Murray