

| | | |
|---|---|---|
| "Gobena, Gejaa (CIV)" <Gejaa.Gobena@usdoj.gov> | To | "Jason G. Winchester" <jgwinchester@JonesDay.com>, <jbreen@breenlaw.com> |
| | cc | "James R. Daly" <jrdaly@JonesDay.com>, "Lavine, Mark (USAFLS)" <Mark.Lavine@usdoj.gov> |
| 11/13/2007 04:00 PM | bcc | |
| | Subject | RE: Follow up from November 5, 2007 Argument before Judge Saris |

Jason:

You asked that we reveal discussions the United States and the relator may have had about relator's decision to amend its complaint to adopt the allegations in the United States complaint. As you know, any such discussions are covered by several privileges (joint prosecution, common interest, attorney work product, etc.).

There is no justification for revealing any such privileged communications. Such communications do not inform the legal issue of whether any claims were dismissed from the case. The FCA is unambiguous of how claims can be dismissed; claims may only be dismissed with the written consent of the Court and the United States. 31 U.S.C. 3730(b). The relator did not purport to dismiss claims with its amendment. The United States did not give written consent to the dismissal of any claims. Any communications the government and the relator regarding the relator's amendment of its complaint to adopt allegations in the United States' original complaint have no bearing on the issue of whether there was a statutorily-sanctioned dismissal of any claims. There was not.

You are correct that the United States did not file an opposition to the relator's motion to amend. That does not in any way constitute consent -- implied or express/written -- to the dismissal of any claims against Abbott.

If you have any further questions, do not hesitate to ask. Thanks.

-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Monday, November 12, 2007 2:24 PM
To: Gobena, Gejaa (CIV); jbreen@breenlaw.com
Cc: James R. Daly
Subject: Follow up from November 5, 2007 Argument before Judge Saris


Gejaa and Jim:

On reading the transcript of last week's argument on the Motion to Dismiss the First Amended Complaint, it is unclear to me whether the United States affirmatively agreed, at least orally, to Ven-A-Care's motion to amend its complaint to conform to the DOJ's complaint-in-intervention. Gejaa merely asserted during the argument that there was no written consent. Given the Court's questions, I believe the Court has a right to know exactly what if anything transpired between DOJ and Ven-A-Care with respect to the amendment, other than the acknowledged fact that the DOJ did not oppose the motion.

Accordingly, please tell us whether there were any discussions between Ven-A-Care and the DOJ (or lawyers on either side) relating the amendment, and in particular whether the DOJ affirmatively indicated in

any way (orally or in writing) its assent to the proposed amendment.

As you can appreciate, because we need to file a responsive brief this week, we need an answer on or before the close of business tomorrow, Tuesday, November 13.

Thanks very much.
JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.269.4373 (direct)
312.782.3939 (main)
312.782.8585 (fax)

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========