UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

**ABBOTT LABORATORIES, INC.'S EMERGENCY MOTION TO COMPEL THE PRODUCTION OF IRA BURNEY DOCUMENTS**

Abbott Laboratories, Inc. ("Abbott") respectfully moves the Court for an order compelling Plaintiff United States of America ("United States" or "Government") (1) to produce within seven days all documents, electronic or otherwise, within the possession, custody, or control of CMS employee Ira Burney that are responsive to one of Abbott's discovery requests or are otherwise relevant to this lawsuit; (2) to provide Abbott with a log describing all documents from Mr. Burney's files over which the Government is asserting a privilege; (3) to transmit copies of all withheld documents for *in camera* review to Magistrate Judge Bowler along with an affidavit explaining the basis for asserting the privilege over each document withheld from production; and (4) to award Abbott its costs and fees for bringing this motion. Abbott requests that the Court immediately consider this motion on an emergency basis. In order to take Mr. Burney's deposition before discovery ends on December 31, 2007, Abbott needs access to these documents as quickly as possible.[1]

---

[1] While this motion is arguably subsumed by Abbott's Motion to Compel Responses to Document Request Nos. 37 and 38 (10/11/07) (Dkt. #4790), it is being brought as a separate emergency motion in light of Abbott's particularly urgent need for documents related to Ira Burney.

## BACKGROUND

Abbott was scheduled to depose Ira Burney on November 20 and 21. According to several witnesses in this case, Mr. Burney is a long-time CMS employee in the Office of Legislation who had responsibility for communicating with Congress on key legislative matters affecting AWP and drug payment policy throughout the period relevant to this case.[2]

In preparing for Mr. Burney's deposition, counsel for Abbott was able to locate only about 10 documents containing the witness's name in the Government's production of more than 200,000 documents. Abbott notified the Government that this extremely small volume of material seemed inconsistent with what appeared to be Mr. Burney's central role at CMS on drug payment policy and inquired whether the Government had conducted a search of Mr. Burney's electronic files, reasoning that these files were likely still intact because the witness remained a current CMS employee. *See* Cook Ltr. to Mao (11/16/07) (Attached as Ex. 3).

The Government responded that although it had located an unspecified number of responsive documents containing Mr. Burney's name, it was withholding these materials from production in their entirety on the basis of the deliberative process privilege. *Id.* Under the circumstances, Abbott was forced to postpone Mr. Burney's deposition. *Id.*

In a letter to Abbott's counsel following the postponement, the Government reiterated its position that it was under no obligation to review individually or to log relevant Ira Burney documents located in the files of CMS's Office of Legislation. *See* Draycott Ltr. to Cook (11/16/07) (Attached as Ex. 4). Citing a paragraph from its Memorandum Opposing Abbott's

---

[2] *See*, *e.g.* Thomas Scully Dep. at 274-75 (stating that Mr. Burney, a 30 year CMS employee, was "probably always the key guy driving the CMS internally" on Part B drug payment issues and that "[m]ost incredibly complex policies come from Ira") (Attached as Ex. 1); *id.* at 479 ("the primary people that probably worked on [changing the AWP reimbursement system] were Ira Bernie [sic], in the office of legislative affairs, who had been working on it for many years . . . ."); Robert Niemann Dep. at 72 (stating that Mr. Burney would be one of the best people to explain communications between CMS and Congress regarding AWP) (Attached as Ex. 2).

Motion to Compel Responses to Document Request Nos. 37 and 38 (11/2/07) (Dkt #4791) ("Government's Opp."), the Government maintained that the potentially responsive documents it had identified from the Office of Legislation's files were irrelevant and that it would be excessively burdensome to review them and create a log of those documents it deemed privileged. *Id.* The Government's citation referred to a declaration attached to its prior brief in which Donald N. Johnson, the Deputy Director of CMS's Office of Legislation, asserted that CMS had identified 8 boxes, containing approximately 14,400 documents, that "we believe may be responsive to Abbott's requests." *See* Ex. 4 to Government's Opp. Mr. Johnson promised that CMS "will produce these documents" but stated that many of them "are publicly available or being produced by other offices." *Id.* In an effort to satisfy the Government's obligation to "describe the nature of the documents . . . in a manner that . . . will enable [Abbott] to assess the applicability of the privilege," (*see* Fed. R. Civ. Proc. 26(b)(5)), Mr. Johnson also declared:

> [I]t appears that a large number of documents in the 8 boxes reflect the opinions and recommendations of CMS staff relating to the development of final policies that were to be adopted either in regulations or through proposed legislation. These documents include: hand-written notes, e-mails, draft CMS memoranda to persons within the agency, copies of draft correspondence, legislation, regulations, proposed budgets, and OIG and GAO reports. Much of the material has been annotated with hand-written marginalia setting out the comments and recommendations of OL staff. CMS is hereby asserting that those documents are subject to the deliberative process privilege.

*Id.*

In other communications, the Government has admitted that it has searched Mr. Burney's electronic files. Abbott is unsure how many of these documents the Government has deemed responsive, but Thomas Gustafson, another current CMS employee, had more than 7,000 responsive emails in his electronic files. Because of the nature of email, the Government could easily provide the details of these files—i.e., sender, recipient, date, re: line—at the touch of a

button.  Abbott has requested these documents for Mr. Burney, but received no response.  *See* Cook Ltr. to Draycott (11/19/07) (Attached as Ex. 5 ).

## ARGUMENT

With little more than a month remaining in discovery, Abbott can no longer suffer the Government's continued refusal to comply with basic discovery obligations.  The Government should be required to review immediately the eight boxes of Office of Legislation materials it has identified as potentially relevant, review all other documents (including emails) for which Mr. Burney is the custodian, produce all documents responsive to Abbott's requests, and individually log any documents deemed protected from disclosure by the deliberative process privilege.

The documents withheld from the files of Mr. Burney and other Office of Legislation employees are critical to Abbott's case.  Based on the testimony of numerous witnesses, Abbott believes that documents in these files are likely to show that, rather than being the victim of an alleged fraud perpetrated by Abbott, the Government made a deliberate policy decision to continue paying for drugs at more than their market price, perpetuating a flawed payment system while fully aware of the consequences for doing so.  As Abbott has argued in its pending motion to compel, the documents may demonstrate "not only what the Government understood about AWP, but also why it consistently acquiesced in or approved of an AWP-based payment methodology after being fully informed that AWP typically exceeded actual acquisition costs by significant amounts (just as it continues to do so today)." Abbott's Reply In Support of Its Motion to Compel Discovery Responses To Its Document Requests Nos. 37 and 38 at 6 (11/19/07) (Dkt. #4890).

Mr. Burney's documents clearly are being withheld wholesale under an inappropriate blanket assertion of privilege.  The Government protests, however, that it "has not stated a blanket assertion of privilege" but instead has asserted the privilege in an "entirely appropriate"

manner.  Government's Opp. at 17.  Even cursory scrutiny, however, exposes this contention as empty rhetoric.  It is inconceivable that every single document from Mr. Burney's files and every one of the 14,400 potentially responsive documents identified by the Government through earlier efforts is protected by the deliberative process privilege.  Certainly not every page contains "hand-written notes" or "draft CMS memoranda."  *See* Government's Opp. at 9.  Yet the Government has withheld these documents in their entirety, apparently without any individual consideration whatsoever.  Such a privilege assertion is clearly inappropriate, and the Government's denials that it is asserting a "blanket refusal" to produce are unconvincing.

The Government attempts to rely on the declaration of Mr. Johnson, filed in response to a pending motion to compel, to justify its failure to produce Mr. Burney's files.  That declaration, however, is woefully inadequate to the task.  Mr. Johnson's declaration studiously avoids asserting that the Government has actually reviewed any of the eight boxes from the Office of Legislation, much less Mr. Burney's documents and emails.  *See* Government's Opp. at Ex. 4 ("it ***appears*** that a large number of documents in the 8 boxes reflect the opinions and recommendations of CMS staff . . . .") (emphasis added).  The declaration falls well short of meeting the Government's obligations under the Federal and local rules to explain the bases for privilege assertions.  *See* Fed. R. Civ. Proc. 26(b)(5); Local Rule 34.1 (requiring an attorney asserting the privilege to identify the nature of the privilege being claimed "with respect to each [withheld] document"); *see also Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 135 (2006) ("Blanket assertions of the [deliberative process] privilege are insufficient.").[3]

---

[3] Further undermining its claim not to have made a blanket privilege assertion as to Mr. Burney and other sources of evidence, the Government requested in a footnote on p.18 of its recent Opposition that "if the Court is inclined to interpret Local Rule 34.1 to require that the Government individually describe thousands of privileged documents"—*i.e.*, to interpret the local rule to actually mean what it says—"the Court [should] treat this brief as a request for relief from the logging requirement in the local rule."  Government's Opp. at n.8.  Considering the importance of these documents to Abbott's case, however, only the detailed explanation provided by a privilege log

The frivolity of the Government's blanket privilege assertion with respect to Mr. Burney's documents is apparent from the handful of such documents produced thus far by the Government from the files of other employees. These documents make clear that Mr. Burney communicated with a variety of individuals outside the Office of Legislation, as would be expected from someone in his position. *See* AWP039-0994 to -0996 (Oct. / Nov. 2000 email chain forwarding question from Burney to various Medicare carriers) (Attached as Ex. 6); HHD062-0745 (May 29, 1997 email to Burney from HHS-OIG employee Robert Vito) (Attached as Ex. 7). Regardless whether the privilege protects internal communications of Office of Legislation employees—and to be clear, Abbott believes it does not, as explained at length in its extensive deliberative process briefing—certainly communications with *outside parties* are not protected. Over the course of a 30-year career at CMS and HCFA, Mr. Burney has generated more than 10 pieces of paper evidencing his communications with such outside parties. Additional evidence of such communications must reside in CMS's files, and Abbott is entitled to examine it.

Finally, even the Government's own authority demonstrates that Abbott deserves more detailed information about these blanket assertions of privilege over materials from Ira Burney's files and the Office of Legislation. The case cited by the Government to justify its refusal to generate a privilege log is a decision from the Southern District of New York, where Massachusetts Local Rule 34.1 does not apply. *See SEC v. Thrasher*, No. 92 CIV 6987, 1996

---

(continued…)

is acceptable. Local Rule 34.1 is meant to provide parties with some assurance that their opponents are meeting their discovery obligations in good faith. Here, although the Government tries to leave the impression that it has carefully reviewed these files, Mr. Johnson's declaration fails to say whether the Government ever examined the withheld documents individually before determining that every single one of them was privileged. Reviewing 14,400 documents in eight boxes is by no means an insurmountable task for the Government, especially given that it has reviewed and produced more than 200,000 documents already.

WL 125661 (S.D.N.Y. March 20, 1996). Further, even though it did not require the withholding party to generate a "document-by-document log" of material withheld on the basis of attorney client privilege and work product doctrine, the *Thrasher* court did demand that the withholding party identify "the time period encompassed by the withheld documents," list "the individuals who were authors or addressees or were copied on the documents" and make a representation to the court that all of the documents either "were prepared to assist in anticipated or pending litigation or contain information reflecting [attorney-client communications]." *Id.* at *2. Even this minimal level of specificity is nowhere to be found in Mr. Johnson's declaration. As a result, Abbott and the Court are in no position to "assess the applicability of the privilege" with respect to Mr. Burney's withheld documents. *See* Fed. R. Civ. Proc. 26(b)(5).

Instead of indiscriminately withholding all documents from the files of Mr. Burney and the Office of Legislation, the Government should submit for Magistrate Judge Bowler's *in camera* review copies of all documents over which it intends to assert the deliberative process privilege, accompanied by an affidavit from a CMS official spelling out precisely the privileged nature of each document. *See Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989) (deliberative process privilege "must ordinarily be invoked by a department head or other responsible agency official, after a personal review of the documents, in an affidavit stating a factual basis for the claim of injury to legitimate government interests flowing from disclosure.") (internal citations omitted). This procedure helps ensure that a party seeking discovery has "a fair opportunity to challenge the bases for the assertion of the privilege." *Kelly v. San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

## CONCLUSION

For the reasons stated above, Abbott requests that the Court immediately compel the United States (1) to produce all relevant documents from Mr. Burney's files; (2) to generate a

privilege log of documents that are being withheld from production; (3) to transmit copies of any documents on such a log to Magistrate Judge Bowler for *in camera* review accompanied by an affidavit explaining the basis for each assertion of the privilege, and (4) to award Abbott its costs and fees associated with filing this motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Abbott hereby requests oral argument on this Motion

| | |
|---|---|
| Dated:  November 20, 2007 | Respectfully submitted, |
| | /s/ R. Christopher Cook<br>James R. Daly<br>Tina M. Tabacchi<br>Brian J. Murray<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, Illinois  60601<br>Telephone:  (312) 782-3939<br>Facsimile:   (312) 782-8585 |
| | R. Christopher Cook<br>David S. Torborg<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001-2113<br>Telephone:  (202) 879-3939<br>Facsimile:  (202) 626-1700 |
| | *Counsel for Defendant Abbott Laboratories, Inc.* |

- 9 -

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that the moving party communicated with counsel for Plaintiffs in an effort to resolve the disputes referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

      /s/ R. Christopher Cook
      R. Christopher Cook

## CERTIFICATE OF SERVICE

  I, R. Christopher Cook, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S EMERGENCY MOTION TO COMPEL THE PRODUCTION OF IRA BURNEY DOCUMENTS to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 20th day of November, 2007.

              /s/ R. Christopher Cook
              R. Christopher Cook