# EXHIBIT 3

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
ccook@jonesday.com

November 16, 2007

VIA EMAIL

Andy Mao, Esq.
U.S. Department of Justice, Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20004

    Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Andy:

    As you know, we are scheduled to depose Ira Burney on November 20 and 21. Yesterday we advised you that we had been able to locate only a very small number of documents with Mr. Burney's name on them in the Government's production and that this seemed inconsistent with what we understood to be Mr. Burney's central role at CMS on drug payment policy. We pointed out that a number of witnesses have testified to Mr. Burney's importance in this case. *See*, *e.g.* Thomas Scully Dep. at 274-75 (stating that Mr. Burney, a 30 year CMS employee, was "probably always the key guy driving the CMS internally" on Part B drug payment issues and that "[m]ost incredibly complex policies come from Ira"); *id.* at 479 ("the primary people that probably worked on [changing the AWP reimbursement system] were Ira Bernie [sic], in the office of legislative affairs, who had been working on it for many years . . . ."); Robert Niemann Dep. at 72 (stating that Mr. Burney would be one of the best people to explain communications between CMS and Congress regarding AWP).

    By our count, we have received approximately ten documents with Mr. Burney's name on them. Because Mr. Burney is a current employee, we assume that he is one of the few individuals whose electronic documents, including emails, have not been destroyed. Mr. Gustafson, for example, had several thousand relevant documents in his electronic files that were produced after the first day of his deposition.

    This morning you advised us that the Government has located additional relevant documents containing Mr. Burney's name and that these materials are being withheld from production *in their entirety* on deliberative process grounds. To the extent that you are asserting privilege over these documents, however, you have failed to provide us with a log justifying your claims, in contravention of your obligation under the federal rules and applicable law. *See*, *e.g.*, Fed. R. Civ. Proc. 26(b)(5); Local Rule 34.1 (requiring an attorney asserting the privilege to identify the nature of the privilege being claimed with respect to *each* document); *Pacific Gas &*

JONES DAY

Andy Mao
November 16, 2007
Page 2


*Elec. Co. v. United States*, 70 Fed. Cl. 128, 135 (2006) ("Blanket assertions of the [deliberative process] privilege are insufficient."). This is particularly egregious because the handful of Ira Burney documents the Government has produced so far make clear that, as would be expected from someone in his position, Mr. Burney communicated with a variety of individuals outside the Office of Legislation. We are at a loss as to how such communications would be covered by the deliberative process privilege. Over the course of a 30-year career at CMS and HCFA, Mr. Burney has certainly generated more than ten pieces of paper evidencing his communications with such outside parties. This, of course, is only one of the ways in which such a blanket privilege assertion is insufficient.

Under these circumstances, we have no choice but to cancel Mr. Burney's deposition as currently scheduled. Instead, we plan to file a motion to compel the Government to produce Mr. Burney's documents and to provide a privilege log for any that are not produced. Under the terms of Judge Saris' recent order, we expect any documents on that log to be provided to Magistrate Judge Bowler for *in camera* review. You also should be aware that we plan to seek costs and fees, and we expect that any rescheduling expenses incurred by the court reporter or other third parties who had expected to attend the deposition next week will be recovered from your client.

We consider this letter and our telephone conversations to satisfy our meet and confer obligations.

Sincerely,

/s/ R. Christopher Cook

R. Christopher Cook

cc:   Henderson Legal Services
      Renée Brooker
      Gejaa Gobena
      Mark A. Lavine
      Ann St. Peter-Griffith
      James J. Breen
      Sarah L. Reid
      Eric Gortner
      Martin F. Murphy
      Neil Merkl
      William Escobar
      Paul F. Doyle
      LexisNexis File & Serve