# EXHIBIT 4



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-3085*

November 16, 2007

<u>*Via Electronic Transmission*</u>
Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

      Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, et al.*
              MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Chris:

      We have your letter to Andy Mao of Friday, November 16, 2007 advising that you intend to file a motion to compel the production of documents from Ira Burney of CMS's Office of Legislation.  We were puzzled by this statement in light of the fact that Abbott filed such a motion on October 11, 2007 (Dkt. 4791).  We were also surprised by the tone of your letter and the assertion that the Government's position with respect to whether it would produce, or log, material from the Office of Legislation, including, of course, documents from the staff who work in that office, was somehow communicated to Abbott's counsel only this morning.

      In a letter to David Torborg dated June 27, 2007, I specifically questioned the relevance of documents from the Office of Legislation and observed that such material "had no bearing on Abbott's liability in this case."  On July 12, 2007, I wrote to you on the same subject and repeated the Government's position that the material from the Office of Legislation is irrelevant in this case.  In light of Abbott's Motion to Compel Responses to Document Request Nos. 37 and 38, we assumed that there was no uncertainty on Abbott's part as to whether the Government was producing documents from the Office of Legislation.

      At any rate, the Government's position on this material was made clear yet again in the brief that we filed on November 2, 2007.  Moreover, the opposition brief explicitly stated the Government's position with respect to the identification of privileged material from the Office of Legislation.  At page 9 of the memorandum, we stated that "CMS estimates that there are in excess of 14,000 individual documents in the eight boxes of material from the Office of Legislation" and that "[g]iven the volume of material, CMS has not prepared a document-level privilege log."  On a related point, at pages 17 through 18 of the brief, we stated that

      The Government is mindful of Local Rule 34.1 which requires that a party state
      the nature of the privilege claimed with respect to each document withheld based

-2-

on privilege. The United States believes that the information in the attached declarations satisfies the local rule as read in conjunction with the provisions in Rule 26 and the jurisprudence cited above. However, if the Court is inclined to interpret Local Rule 34.1 to require that the Government individually describe thousands of privileged documents, the United States asks that the Court treat this brief as a request for relief from the logging requirement in the local rule – a form of relief expressly contemplated by the Federal Rules. *See* Comments to 1993 Amendments, Subdivision (b) ("A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing [details concerning privileged material] would be an unreasonable burden"). *See also Thrasher*, 1996 WL 125661 at 2 (denying compelled production of privileged material in context of motion for protective order relating to plaintiff's demand for detailed privilege log).

For a fuller explanation of the Government's position with respect to the production of documents from the Office of Legislation and any obligation to identify privileged material, please see the Government's November 2, 2007 memorandum in opposition to Abbott's motion to compel.  In light of the foregoing, Abbott's threatened motion for costs associated with a cancelled deposition is inappropriate.

Finally, we are mindful of Judge Saris' Order of November 9, 2007 requiring the Government to produce for *in camera* inspection "documents which relate to its knowledge of a 'spread' for [defendants'] drugs at issue in this litigation or its knowledge of [defendants'] 'marketing of the spread' for any of [their] drugs."  We will be prepared to address issues relating to it in response to any brief which Abbott files.

Thank you for your attention.

Very Truly Yours,


/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch


cc:
James Breen
The Breen Law Firm

Eric Gortner
Kirkland Ellis
200 East Randolph Drive
Chicago, Illinois 60601-6636

-3-

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

Neil Merkl,
Paul F. Doyle
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178