# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

## ABBOTT LABORATORIES, INC.'S  EMERGENCY MOTION TO COMPEL SUBMISSION OF "CROSS-CUTTING" EVIDENCE CONSISTENT WITH THE COURT'S 11/13/2007 DELIBERATIVE PROCESS PRIVILEGE ORDER

This Court has made abundantly clear, over the last year and a half, that so-called "cross-cutting" evidence is relevant in this case.  That is, evidence is subject to discovery if it touches in any way on any of the four families of pharmaceutical products on which the Government has sued, even if the product is not named specifically.  Abbott brings this emergency motion to force the Government to stop withholding "cross-cutting" documents from *in camera* review, in connection with the Government's assertion of the deliberative process privilege, based on its improper reading of the Court's 11/13/2007 Order.  (Dkt. No. 4885.)

As this Court knows, this case involves four types of generic products sold by Abbott. These products can be variously categorized.  For example, they are Medicare Part B drugs, Medicaid drugs, infusion supplies, multiple source drugs, sterile hospital supplies, or physician administered drugs.  Cross-cutting documents dealing with these categories are unquestionably relevant in this suit, in which the Government claims to have been defrauded into "overpaying" for these drugs, inasmuch as such documents relate to the Abbott drugs contained in each category.

If a document is relevant, but privileged, the privilege must be claimed and defended. That is why this Court ordered that documents "relevant to the issues in this litigation," over which the Government is continuing to assert a deliberative process privilege, be submitted for *in camera* inspection.  (*See* Dkt. No. 4885 at 1) (the "11/13/2007 Order").  Rather than comply with the Order, however, the Government has stated its intention to circumvent it.  The Government contends that the Order re-wrote the rules of relevance in this case, such that only some but not all of the documents it is withholding on a putative claim of privilege need be submitted for review.  That is wrong.

The law is clear:  "It is not for a party to determine, by a unilateral review of documentation, whether information is relevant to the case." *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 135 (E.D. Pa. 2001).  This is doubly so where the parameters of relevance have already been set – a party may not, with fingers crossed, withhold documents ruled to be relevant based on some unexpressed mental reservation of irrelevance.  Accordingly, as to every document held to be relevant under this Court's prior discovery rulings, and over which the Government has asserted a claim of privilege, the Government should be ordered to (1) submit the document to the Court for *in camera* review *or* (2) produce it to Abbott forthwith.  This includes "cross-cutting" documents.

## ARGUMENT

The operative rules here cannot seriously be disputed.  It is black-letter law that "[p]arties may obtain discovery regarding *any* matter, *not privileged*, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1) (emphases added).  What is implicit in this rule is made explicit in a later provision:  Relevant matter may be withheld only on a claim of privilege (including work-product protection), and any claim of privilege must be "ma[d]e . . . expressly," in such a manner as allows an adversary to assess the validity of the claim.  Fed. R. Civ. P.

26(b)(5)(A); *see also Scanlon v. Bricklayers and Allied Craftworkers, Local No. 3*, 242 F.R.D.

238, 245 (W.D.N.Y. 2007) ("The party claiming the privilege or protection must supply

opposing counsel with sufficient information to assess the applicability of the privilege or

protection without revealing the information which is privileged or protected.").

Where the privilege asserted is the deliberative process privilege, the courts are clear that

the only sure way to assess the validity of the privilege is through a careful *in camera* review of

the allegedly privileged materials.  *See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394,

405 (1976) ("In light of the potential seriousness of these considerations and in light of the fact

that the weight to be accorded them *will inevitably vary with the nature of the specific documents*

*in question*, it would seem that an *in camera* review of the documents is a relatively costless and

eminently worthwhile method to insure that the balance between petitioners' claims of

irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck.")

(emphasis added); *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) ("Each time the

deliberative process privilege is asserted the district court must undertake a fresh balancing of the

competing interests.") (internal quotation marks and brackets omitted); *Scott Paper Co. v. United*

*States*, 943 F. Supp. 489, 498 n.8 (E.D. Pa. 1996) (noting the deliberative process privilege

"usually requires examination of the documents *in camera*").

This Court's 11/13/2007 Order fits comfortably into this framework.  This Court's

previous orders have made clear beyond cavil the scope of relevance in this litigation.  Evidence,

including documents, is relevant and may be discovered from either party if it (i) specifically

mentions the four specific product families alleged in the Complaint, or (ii) pertains to those

product families, even if the products are not specifically mentioned (so-called "cross-cutting"

documents).  (E.g., Dkt. 4244.)  Indeed, the Government successfully argued a motion to compel

3

on precisely that question, obtaining an order requiring Abbott to produce "cross-cutting" documents.  (Dkt. No. 3849.)

Consistent with its prior discovery orders, the Court's 11/13/2007 Order required the Government to submit all relevant documents over which it continues to assert a deliberative process privilege to the Court for *in camera* review – specifically, "all documents" which relate to "its knowledge of a 'spread' for Abbott's drugs at issue in this litigation" or its "knowledge of Abbott's 'marketing the spread' for any of its drugs."  (Dkt. No. 4885 at 1.)  Indeed, the Court reiterated, lest there be any question, that such documents "are directly relevant to the issues in this litigation."  (*Id.*)

The Government, however, is playing games.  It is once again trying an argument that it has raised myriad times with this Court, and which this Court has routinely rejected – namely, that Government documents are "relevant" only if they say "Abbott" on them.  (Ex. A; Ex. B.) Essentially, rather than either (1) justifying its claims of privilege over all relevant documents by submitting them for *in camera* inspection, or (2) producing them to Abbott, the Government sees a third option:  Withhold untold numbers of documents, with no justification at all, on the theory that they are not "relevant"—using the Government's crabbed reading of the 11/13/2007 Order rather than referring to the clearly established parameters of discovery in this case.  Abbott objected to this scheme and asked the Government to reconsider (Ex. C); the Government has flatly refused.  That is wrong.

As this Court has routinely reiterated, relevance in this case extends not just to documents specifically naming Abbott, but also to "cross-cutting" documents dealing with categories of products into which Abbott's products fall (*e.g.,* Medicare Part B drugs, Medicaid drugs, infusion supplies, multiple source drugs, sterile hospital supplies, or physician administered drugs).  The mere fact that a document discusses the spread for such products generally without

4

mentioning Abbott by name does not render it irrelevant.  And it is simply implausible that the

Court would abandon all of its prior relevance rulings on "cross-cutting" discovery in a single

sentence of its 11/13/2007 Order, with only a month left in discovery, as the Government

suggests – essentially permitting the Government to withhold otherwise relevant documents for

purposes of the deliberative process privilege only.  Abbott believes that such a reading of the

11/13/2007 Order would constitute reversible error, and thus could not have been the Court's

intention.

       A simple review of the consequences of the Government's reading of the Order

demonstrates why that reading is implausible.  The Government contends that it must produce

for *in camera* review only  documents that mention Abbott or the Subject Drugs by name.  By

that reading, the Government would not produce the following documents:

- Document HHC901-09730975, from the Director of the Center for Health Plans and Providers, described on DOJ's privilege log as a "Draft options paper regarding *problems with Implementation of Wholesale Prices provided by DOJ*," the so-called DOJ AWPs, with handwritten notes;

- Document HHC902-00050016, a 1995 "draft proposal" described on DOJ's privilege log as "*Discussion of alternative reimbursement mechanisms for the Medicare Program's payment for drugs, and the pros and cons* of such policies";

- Document HHC902-02140244, a 1999 Memo with attachments described on DOJ's privilege log as "Discussion of the issue regarding alternative reimbursement mechanisms and the use of DOJ data regarding one such alternative.  *Presents an impact analysis of changes in reimbursement and its potential effect on the delivery of care*, includes different documents, including a memo, handwritten notes, and charts";

- Documents discussing the extent of the spread for all Medicare Part B drugs, all Medicaid drugs, all infusion supplies, all multiple source drugs, all sterile hospital supplies, or all physician administered drugs; and even

- Documents discussing the spread on any of the four specific drugs the Government has sued on, so long as they do not contain the word "Abbott."

These are but a few specific and general examples of the documents to be withheld from review if the Government's current approach is not curbed. The Court will never have the chance to inspect these documents to validate the privilege; they will remain secreted away, as the Government continues to allege that it was fooled into paying for drugs based on AWP.

The rules are clear: All documents which are relevant must be produced, or the privilege over them justified by submitting them for *in camera* inspection. It is impermissible for the Government to withhold some secret reservoir of documents based on its own conception of irrelevance. Given that discovery ends in only about five weeks, time is of the essence – there is no time for this kind of gamesmanship.

## CONCLUSION

The Government's interpretation of what documents "relat[e] to Abbott's drugs" is improperly narrow. Accordingly, this Court should clarify its 11/13/2007 Order as it relates to "cross-cutting" documents. For every document that has been held to be relevant to this case under this Court's prior discovery orders, and over which the Government has ever maintained a claim of deliberative process privilege, the Government should be ordered to (1) submit the document to the Court for *in camera* review or (2) produce it to Abbott forthwith.

Dated:  November 21, 2007

Respectfully submitted,

/s/ R. Christopher Cook
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

WAI-2854156v1

## <u>CERTIFICATE OF SERVICE</u>

I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S  EMERGENCY MOTION TO CLARIFY THE SCOPE OF THE COURT'S 11/13/2007 DELIBERATIVE PROCESS PRIVILEGE ORDER to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 21st day of November, 2007.

/s/ Brian J. Murray
Brian J. Murray