----- Original Message -----
From: "Gobena, Gejaa (CIV)" [Gejaa.Gobena@usdoj.gov]
Sent: 11/20/2007 08:48 AM
To: "R. Christopher Cook" <christophercook@JonesDay.com>;"Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov>
Cc: "Martinez, Ana Maria (USAFLS)" <Ana.Maria.Martinez@usdoj.gov>;"Mao, Andy (CIV)" <Andy.Mao@usdoj.gov>;"St.Peter-Griffith, Ann (USAFLS)" <Ann.St.Peter-Griffith@usdoj.gov>;"asimon" <asimon@breenlaw.com>;"Norsetter, Claire (CIV)" <Claire.Norsetter@usdoj.gov>;"David S. Torborg" <dstorborg@JonesDay.com>;"Eric Tomas Gortner" <egortner@kirkland.com>;"hwitt" <hwitt@kirkland.com>;"jbreen" <jbreen@breenlaw.com>;"Neal, John (CIV)" <John.Neal2@usdoj.gov>;"Oberembt, Laurie (CIV)" <Laurie.Oberembt@usdoj.gov>;"Lavine, Mark (USAFLS)" <Mark.Lavine@usdoj.gov>;"mmurphy" <mmurphy@foleyhoag.com>;"Neil Merkl" <nmerkl@kelleydrye.com>;"Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>;"Brooker, Renee (CIV)" <Renee.Brooker@usdoj.gov>
Subject: RE: Please see attached letter

I appreciate that you are trying to come to a common understanding of the court's order; that was the basis for my original email. As we have stated in pleadings, the case is about the spreads on and marketing of the particular drugs identified in the First Amended Complaint. Let's take a hypothetical. Let's say there is a deliberative process document discussing a 50% spread on manufacturer "B"'s generic antacid drug. I do not see how the government's knowledge of this particular manufacturer's spread on the generic antacid relates to knowledge of the spread on Abbott's Vancomycin, an antibiotic with a spread well over 1000%. How could the AWP and market price for a generic antacid tip the government off into knowing the actual size of Vancomycin's spread (which has different pricing and may operate in a different market)? I understand that your defense is based on inductive reasoning, but I do not see how the Court's order supports that approach.

EXHIBIT A

```
-----Original Message-----
From: R. Christopher Cook [mailto:christophercook@JonesDay.com]
Sent: Tuesday, November 20, 2007 8:32 AM
To: Gobena, Gejaa (CIV); Draycott, Justin (CIV)
Cc: Martinez, Ana Maria (USAFLS); Mao, Andy (CIV); St.Peter-Griffith,
Ann (USAFLS); asimon; Norsetter, Claire (CIV); David S. Torborg; Eric
Tomas Gortner; hwitt; jbreen; Neal, John (CIV); Oberembt, Laurie (CIV);
Lavine, Mark (USAFLS); mmurphy; Neil Merkl; Ford, Rebecca (CIV);
Brooker, Renee (CIV)
Subject: Re: Please see attached letter
```

Do you really believe that a Government document discussing the spread for all multiple source drugs (or all drugs, for that matter) does not "relate to [the Government's] knowledge of a 'spread' for Abbott's drugs at issue in this litigation"? Ditto for evidence that CMS knew that its policies would or did result in "marketing the spread" by companies in general? The distinction cannot be whether the magic word "Abbott" is used in the document.

My concern is not misconduct, but making certain that we are on the same page regarding what must be produced. You still have not told me how narrowly you intend to interpret this language. If too narrowly, we need to take it up with the Court. Among other reasons, a too-narrow interpretation would render the judges's opinion clearly erroneous and therefore reversible.

---

R. Christopher Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3734
(202) 626-1700 (fax)

---

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

---

```
----- Original Message -----
From: "Gobena, Gejaa (CIV)" [Gejaa.Gobena@usdoj.gov]
Sent: 11/20/2007 07:47 AM
To: "R. Christopher Cook" <christophercook@JonesDay.com>;"Draycott,
Justin (CIV)" <Justin.Draycott@usdoj.gov>
Cc: "Martinez, Ana Maria (USAFLS)" <Ana.Maria.Martinez@usdoj.gov>;"Mao,
Andy (CIV)" <Andy.Mao@usdoj.gov>;"St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>;"asimon"
<asimon@breenlaw.com>;"Norsetter, Claire (CIV)"
<Claire.Norsetter@usdoj.gov>;"David S. Torborg"
<dstorborg@JonesDay.com>;"Eric Tomas Gortner"
<egortner@kirkland.com>;"hwitt" <hwitt@kirkland.com>;"jbreen"
<jbreen@breenlaw.com>;"Neal, John (CIV)"
<John.Neal2@usdoj.gov>;"Oberembt, Laurie (CIV)"
<Laurie.Oberembt@usdoj.gov>;"Lavine, Mark (USAFLS)"
<Mark.Lavine@usdoj.gov>;"mmurphy" <mmurphy@foleyhoag.com>;"Neil Merkl"
<nmerkl@kelleydrye.com>;"Ford, Rebecca (CIV)"
<Rebecca.Ford@usdoj.gov>;"Brooker, Renee (CIV)"
```

&lt;Renee.Brooker@usdoj.gov&gt;
Subject: RE: Please see attached letter

The problem is not the answer, but the question. This is what the court ordered:

"The government must produce for in camera inspection by the magistrate judge all documents which relate to its knowledge of a 'spread' for Abbott's drugs at issue in this litigation or its knowledge of Abbott's 'marketing the spread' for any of its drugs."

I see the words "Abbott," "its" and, at least for the first part of the order, "drugs at issue in this litigation" in the court's order viz the documents she ordered turned over for in camera review. I don't see the words "documents that relate the spread for all multisource generics." Your question is divorced from the language of the order.

I realize that anything we do to comply with this order short of giving you the relief you originally sought in your motion -- which was well beyond what was ultimately ordered -- will result in charges of misconduct (improper withholding of documents, etc.) on our part. That is unfortunately where things tend to go these days.

-----Original Message-----
From: R. Christopher Cook [mailto:christophercook@JonesDay.com]
Sent: Monday, November 19, 2007 7:55 PM
To: Gobena, Gejaa (CIV); Draycott, Justin (CIV)
Cc: Martinez, Ana Maria (USAFLS); Mao, Andy (CIV); St.Peter-Griffith, Ann (USAFLS); asimon; Norsetter, Claire (CIV); David S. Torborg; Eric Tomas Gortner; hwitt; jbreen; Neal, John (CIV); Oberembt, Laurie (CIV); Lavine, Mark (USAFLS); mmurphy; Neil Merkl; Ford, Rebecca (CIV); Brooker, Renee (CIV)
Subject: Re: Please see attached letter

That doesn't answer the question. Please explain how you intend to determine whether a document relates to the spread for Abbott's drugs. For example, if a document relates to the spread for all multiple source drugs, what do you intend to do with the document?

RCC
----------------------------------------------------
R. Christopher Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3734
(202) 626-1700 (fax)
----------------------------------------------------


-------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
-------------------


----- Original Message -----
From: "Gobena, Gejaa (CIV)" [Gejaa.Gobena@usdoj.gov]
Sent: 11/19/2007 07:50 PM

```
To: <christophercook@JonesDay.com>;"Draycott, Justin (CIV)"
<Justin.Draycott@usdoj.gov>
Cc: "Martinez, Ana Maria (USAFLS)" <Ana.Maria.Martinez@usdoj.gov>;"Mao,
Andy (CIV)" <Andy.Mao@usdoj.gov>;"St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>;<asimon@breenlaw.com>;"Norsetter,
Claire (CIV)"
<Claire.Norsetter@usdoj.gov>;<dstorborg@JonesDay.com>;<egortner@kirkland
.com>;<hwitt@kirkland.com>;<jbreen@breenlaw.com>;"Neal, John (CIV)"
<John.Neal2@usdoj.gov>;"Oberembt, Laurie (CIV)"
<Laurie.Oberembt@usdoj.gov>;"Lavine, Mark (USAFLS)"
<Mark.Lavine@usdoj.gov>;<mmurphy@foleyhoag.com>;<nmerkl@kelleydrye.com>;
"Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>;"Brooker, Renee (CIV)"
<Renee.Brooker@usdoj.gov>
Subject: Re: Please see attached letter

Our plan is to comply with the language of the order. Since your
interpretation does not seem to reflect the language in the order, I was
seeking clarification to make sure we were all on the same page. Given
the lack of a cite or support in your letter for your interpetation of
"categories," it is not evident what it is based on. Thanks.

----- Original Message -----
From: R. Christopher Cook <christophercook@JonesDay.com>
To: Gobena, Gejaa (CIV); Draycott, Justin (CIV)
Cc: Martinez, Ana Maria (USAFLS); Mao, Andy (CIV); St.Peter-Griffith,
Ann (USAFLS); asimon <asimon@breenlaw.com>; Norsetter, Claire (CIV);
David S. Torborg <dstorborg@JonesDay.com>; Eric Tomas Gortner
<egortner@kirkland.com>; hwitt <hwitt@kirkland.com>; jbreen
<jbreen@breenlaw.com>; Neal, John (CIV); Oberembt, Laurie (CIV); Lavine,
Mark (USAFLS); mmurphy <mmurphy@foleyhoag.com>; Neil Merkl
<nmerkl@kelleydrye.com>; Ford, Rebecca (CIV); Brooker, Renee (CIV)
Sent: Mon Nov 19 19:28:53 2007
Subject: Re: Please see attached letter

I don't believe my letter is unclear in any way. How do you read the
government's obligations, Gejaa? Is it your position that documents
relating to categories of drugs can be withheld with no judicial review?


Chris
----------------------------------------------------
R. Christopher Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3734
(202) 626-1700 (fax)
----------------------------------------------------


-------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.  If you received this e-mail in error, please delete it from
your system without copying it and notify sender by reply e-mail, so
that our records can be corrected.
-------------------



----- Original Message -----
From: "Gobena, Gejaa (CIV)" [Gejaa.Gobena@usdoj.gov]
Sent: 11/19/2007 07:07 PM
```

```
To: <christophercook@JonesDay.com>;"Draycott, Justin (CIV)"
<Justin.Draycott@usdoj.gov>
Cc: "Martinez, Ana Maria (USAFLS)" <Ana.Maria.Martinez@usdoj.gov>;"Mao,
Andy (CIV)" <Andy.Mao@usdoj.gov>;"St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>;<asimon@breenlaw.com>;"Norsetter,
Claire (CIV)"
<Claire.Norsetter@usdoj.gov>;<dstorborg@jonesday.com>;<egortner@kirkland
.com>;<hwitt@kirkland.com>;<jbreen@breenlaw.com>;"Neal, John (CIV)"
<John.Neal2@usdoj.gov>;"Oberembt, Laurie (CIV)"
<Laurie.Oberembt@usdoj.gov>;"Lavine, Mark (USAFLS)"
<Mark.Lavine@usdoj.gov>;<mmurphy@foleyhoag.com>;<nmerkl@kelleydrye.com>;
"Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>;"Brooker, Renee (CIV)"
<Renee.Brooker@usdoj.gov>
Subject: Re: Please see attached letter

Chris,

The "catgories" language in this letter referencing what is called for
in the 11/9 order is puzzling. Is it really Abbott's position that the
the Court's recent deliberative process order mandates in camera review
of all deliberative process materials that mention differentials between
AWP and actual prices, regardless of manufacturer? If so, what language
in the order indiciates that? Does any other defendant join in this
interpretation of the order? If I am misinterpreting what is in your
letter, I apologize, but please clarify.

----- Original Message -----
From: R. Christopher Cook <christophercook@JonesDay.com>
To: Draycott, Justin (CIV)
Cc: Martinez, Ana Maria (USAFLS); Mao, Andy (CIV); St.Peter-Griffith,
Ann (USAFLS); asimon@breenlaw.com <asimon@breenlaw.com>; Norsetter,
Claire (CIV); dstorborg@jonesday.com <dstorborg@jonesday.com>;
egortner@kirkland.com <egortner@kirkland.com>; Gobena, Gejaa (CIV);
hwitt@kirkland.com <hwitt@kirkland.com>; jbreen@breenlaw.com
<jbreen@breenlaw.com>; Neal, John (CIV); Oberembt, Laurie (CIV); Lavine,
Mark (USAFLS); mmurphy@foleyhoag.com <mmurphy@foleyhoag.com>;
nmerkl@kelleydrye.com <nmerkl@kelleydrye.com>; Ford, Rebecca (CIV);
Brooker, Renee (CIV)
Sent: Mon Nov 19 18:35:00 2007
Subject: Please see attached letter

(See attached file: 20071119 Cook letter to Draycott.pdf)

------------------------------------------------------
R. Christopher Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3734
(202) 626-1700 (fax)
------------------------------------------------------
```

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========