# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

November 19, 2007

<u>VIA EMAIL</u>

Justin Draycott
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street, N.W., Ninth Floor
Washington, D.C. 20004

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin:

      I write in response to your letter of November 16, 2007.

      Thank you for clarifying for me that the Government is withholding wholesale all documents, paper or electronic, from the files of Ira Burney. I note that your position regarding Mr. Burney's files is flatly contradictory to the Government's denial of asserting a "blanket refusal" to produce documents from the Office of Legislation. You deny such a "blanket refusal" at pages 12, 13 and 17 of the memorandum you signed and filed on November 2, 2007 in opposition to Abbott's motion to compel documents from the Office of Legislation.

      At the deposition of Joseph Bryant last week, the Government advised that the electronic files of Mr. Burney have been searched using key words. Do the 14,000 pages to which you refer in your submission to the Court include those electronic documents? Because of the nature of electronic messages, it presumably would be little trouble for you to create a list of the sender, recipients, date and subject line for all emails identified in the files of Mr. Burney and others in the Office of Legislation. By copy of this letter, we ask that you prepare such a list and provide it to us and to the Court immediately in connection with Abbott's pending motion to compel.

      To be absolutely clear, we believe that the Government's blanket refusal to produce Mr. Burney's documents is inappropriate on any number of levels, including the fact that you have failed to produce communications that Mr. Burney and others had with third parties, even though these documents could not possibly be privileged. The same is true for the vast majority of internal communications over which a valid claim of privilege cannot be asserted. Given his position, I assume Mr. Burney communicated with Congressional staff and discussed issues within CMS that do not fit within the definition of the deliberative process privilege. For


EXHIBIT C

**JONES DAY**

Justin Draycott
November 19, 2007
Page 2

example, I assume Mr. Burney described to others within CMS his communications with Congress or past policy decisions that were not subject to further deliberation. Your failure to produce such documents timely is the reason we were forced to cancel Mr. Burney's deposition. To the extent that we seek relief from the Court to gain access to these and other documents you are improperly withholding, we will request costs and fees.

   We obviously are at loggerheads here, and I assume that no additional discussion will cause you to compromise on your position regarding Mr. Burney's files. If you wish to confer further, please call me. As far as I am concerned, however, our obligations under the local rules in that regard have been met and we are free to move to compel compliance with your client's discovery obligations.

   As to Judge Saris' order, I am sure you know that documents relating to the Government's knowledge of a spread for *Abbott's products* obviously would include documents relating to a spread for *categories of products* into which Abbott's products fall (*e.g.,* Medicare Part B drugs, Medicaid drugs, infusion supplies, multiple source drugs, sterile hospital supplies, or physician administered drugs). The mere fact that a document discusses the spread for pharmaceutical products generally without mentioning Abbott by name does not relieve the Government of its obligation to produce that document either to opposing counsel or to the Court for *in camera* review. You refer to such evidence as "cross-cutting" in your demands for discovery from Abbott and succeeded in obtaining an order that Abbott produce "cross-cutting" evidence in this litigation. "Cross-cutting" evidence is equally relevant when it is the Government that is the recipient of the request. I hope it will not be necessary to involve the Court in causing the Government to produce such evidence in accordance with Judge Saris' ruling. If that is the case, please advise me promptly so that we can prepare the appropriate motion.

                              Sincerely,

                              /s/ R. Christopher Cook

                              R. Christopher Cook

JONES DAY

Justin Draycott
November 19, 2007
Page 3

cc:     Renée Brooker
        Gejaa Gobena
        Any Mao
        Mark A. Lavine
        Ann St. Peter-Griffith
        James J. Breen
        John Neal
        Allison Simon
        Ana Maria Martinez
        Laurie Oberembt
        Rebecca Ford
        Claire Norsetter
        Sarah L. Reid
        Eric Gortner
        Martin F. Murphy
        Neil Merkl
        William Escobar
        Paul F. Doyle