UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 1 TRIALS | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY
NATIONWIDE CLASSES 2 AND 3 AGAINST DEFENDANTS
<u>ASTRAZENECA AND BMS</u>**

- 1 -

## TABLE OF CONTENTS

**PAGE**

I. THE PROPOSED NATIONWIDE CLASSES ..................................................................1

II. THE COURT SHOULD CERTIFY THE CLASSES BY APPLYING
    MULTI-STATE LAW ........................................................................................................4

    A. Proposed Jury Instructions And State Law Groupings .............................................5

    B. Groupings For TPP Claims Under State Statutes ......................................................9

III. CONCLUSION.................................................................................................................11

I.      THE PROPOSED NATIONWIDE CLASSES

The Court previously certified a Third-Party Payor MediGap Supplement Insurance Class (Class 2) and a Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context (Class 3) against the Track 1 Defendants, including AstraZeneca and the BMS Group.  Consolidated Order Re:  Motion for Class Certification dated January 30, 2006 (Docket No. 2097-1).  The claims for these Classes were certified under MASS. GEN. LAWS Ch. 93A and were tried in a bench trial held over the course of two months beginning in November 2006, resulting in verdicts against AstraZeneca and BMS.

The Court initially declined to extend the scope of Classes 2 and 3 to encompass claims brought by consumers and third-party payors ("TPPs") located outside the Commonwealth of Massachusetts.  Memorandum and Order Re: Motion for Class Certification dated August 16, 2005 (Docket No. 1648-4) ("Order") at 60.  The Court ruled that "Plaintiffs ha[d] not proposed feasible groupings of [state] statutes, as would be necessary to proceed." *Id.*  However, the Court's denial was without prejudice to Plaintiffs' right to renew the motion in order to cogently group for trial the claims of class members from states with similar laws.  *Id.*[1]  As the Court wrote:

> The First Circuit has approved of the use of grouping, as have numerous other circuits.  *See Mowbray*, 208 F.3d at 296-97; *Relafen*, 221 F.R.D. at 278-87; *Klay*, 382 F.3d at 1262 ("[I]f the applicable state laws can be sorted into a small number of groups, each containing materially identical legal standards, then certification of subclasses embracing each of the dominant legal standards can be appropriate."); *Hanlon*, 150 F.3d at 1022-23; *In re The Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 315 (3d Cir. 1998); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741-42 (5th Cir. 1996) (accepting that grouping may be feasible but rejecting its application in the case at hand).

---

[1] *See also* January 30, 2006 Consolidated Order Re:  Motion for Class Certification (Docket No. 2097-1) at 7 (reiterating that the denial of nationwide certification was without prejudice).

*Id.* at 52-53.

On November 1, 2007, the Court directed Plaintiffs to file, within 21 days, a motion to certify national classes of residents who live outside Massachusetts.  Memorandum and Order awarding trial damages against Defendants AstraZeneca and BMS (Docket No. 4867) at 9.  Accordingly, Plaintiffs move for certification of the following classes against AstraZeneca and BMS:[2]

> **Class 2:  Third-Party Payor MediGap Supplemental Insurance Class:**
>
> All Third-Party Payors who made reimbursements for drugs based on AWP for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.).
>
> **Class 3:  Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context:**
>
> All natural persons who made, or who incurred an obligation enforceable at the time of judgment to make, a payment for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.); and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for a physician-administered Subject Drug that was manufactured by AstraZeneca or the BMS Group.  Included within this Class are natural persons who paid coinsurance (*i.e.*, co-payments proportional to the reimbursed amount) for a Subject Drug, where such coinsurance was based upon use of AWP as a pricing standard.  Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

---

[2] The proposed Classes defined below are nearly identical to those certified by the Court in its January 30, 2006, Consolidated Order Re:  Motion for Class Certification (Docket No. 2097-1) at 5-6, with the exception that the newly proposed classes are not limited to Massachusetts residents and TPPs.

The Subject Drugs are as follows.  For AstraZeneca:  Zoladex.  For BMS:  Blenoxane, Cytoxan, Paraplatin, Rubex, Taxol and Vepesid.

The proposed Class Representatives, by Class, are as follows:

**Proposed Class 2 Representatives:**

- United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW")
- Sheet Metal Workers National Health Fund ("SMW Health Fund")

**Proposed Class 3 Representatives:**

- UFCW
- Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("PMBT")
- Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund ("CMHV")
- Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("THWF")
- Philadelphia Federation of Teachers Health and Welfare Fund ("PFTHW")
- Man-U Service Contract Trust Fund ("Man-U Service Fund")
- Cheryl Barreca (for BMS only)
- Mary Cauble (for BMS only)
- Anna Choice (for BMS only)
- Joyce Dison (for BMS only)
- Tracy Garcia (for BMS only)
- Donna Kendall (for BMS only)
- Sandra Leef (for BMS only)
- Gerald Miller (for BMS only)
- Constance Nelson (for BMS only)
- Andrea Palenica (for BMS only)
- Regina Shoemaker (for BMS only)
- Scott Tell (for BMS only)
- Pauline Vernick (for BMS only)
- Mardolyn Vescovi (for BMS only)
- Susan Wessels (for AstraZeneca only)

- Health Care For All (for purposes of injunctive relief under Rule 23(b)(2))

For the reasons set forth below, the Court should certify these nationwide Classes, appoint the Class Representatives and set an expedited trial date.

## II. THE COURT SHOULD CERTIFY THE CLASSES BY APPLYING MULTI-STATE LAW

The Court should certify nationwide claims for Classes 2 and 3, taking the multi-state approach it did for Class 1. In certifying the Medicare Part B beneficiary Class 1, the Court included consumers in 41 jurisdictions.[3] These jurisdictions are now eligible for inclusion now, except for Massachusetts, whose residents and TPPs already had their claims adjudicated at trial. Ohio and Utah should also be removed from consideration; due to uniquely onerous elements of those two states' unfair trade practices acts, we have concluded we cannot try class claims under those statutes.

Consequently, Plaintiffs seek to apply the unfair and deceptive trade practice acts ("UDTPAs") of 38 jurisdictions (37 states and the District of Columbia) as follows: Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Indiana, Kansas, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Vermont, Washington, West Virginia, Wisconsin and Wyoming.[4] As explained further below, all statutes will apply to the claims of consumers in Class 3. A subset of the foregoing

---

[3] The 41 jurisdictions are: AZ, AR, CA, CO, CT, DE, DC, FL, HI, ID, IL, IN, KS, MD, MA, MI, MN, MO, NE, NV, NH, NJ, NM, NY, NC, ND, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, WA, WV, WI, and WY. The Court excluded AL, AK, GA, IA, KY, LS, MS, MT, and VA for the reason that their UDTPAs or procedural rules do not permit class actions (respectfully, the Court erred with regard to the Alaska act).

[4] The precise statutory citations are set forth in the proposed Order Re: Motion for Nationwide Class Certification Against Defendants AstraZeneca and BMS, and are taken from the Court's January 30, 2006, Consolidated Order Re: Motion for Class Certification (Docket No. 2097-1).

- 4 -

will apply to the TPP portion of that Class, as well as to Class 2, since not all statutes provide rights of action to commercial entities.

### A.   Proposed Jury Instructions And State Law Groupings

In support of certification of a 38 jurisdiction class, Plaintiffs submit Exhibit A, which is a comprehensive Summary of State Unfair Trade Practice Law, first provided to the Court in support of proposed jury instructions in association with the AstraZeneca Class 1 trial. Plaintiffs also submit Exhibit B, which is a sample set of truncated jury instructions, taken in part from the proposed instructions submitted by Plaintiffs in connection with the BMS Class 1 trial,[5] that Plaintiffs believe encompass all 38 statutes.[6] Both exhibits demonstrate that the state UDTPAs at issue contain materially similar legal standards and can be feasibly grouped for purposes of trying the remaining claims against AstraZeneca and BMS on a multi-state basis. On this showing, the Court should find that common legal issues predominate for the proposed nationwide classes.

First, Plaintiffs propose a broad intent to deceive instruction because, as the Court has already observed, a finding of fraud will also constitute a violation of most state unfair trade practice statutes, and this is confirmed by the state law review in Exhibit A. A broad fraud instruction will encompass the following activities prohibited by statutes in the following jurisdictions:

- Unfair acts or practices (CA, CT, FL, HI, MD, MO, NH, OK, RI, SC, TN, VT, WA, WV, and WY);

---

[5] This set is "truncated" in the sense that, for present purposes, Plaintiffs are not presenting instructions relating to fraudulent concealment, statute of limitations and enhanced damages. In addition, these instructions may change depending on whether and, if so, the extent to which, the Court adopts Plaintiffs' forthcoming request for collateral estoppel on certain issues.

[6] The instructions will not apply to claims under the Illinois and Nebraska acts, which require a bench trial on UTDPA claims. However, they will govern the Court's deliberations under these two statutes.

- Deceptive acts or practices (AR, CA, CT, DC, FL, HI, ID, KS, MD, MN, MO, NH, NJ, NY, ND, OK, RI, SC, SD, TN, VT, WA, WV, and WY);

- Unconscionable acts or practices (AR, ID, NJ, NM and TX);

- Misrepresentations or omissions generally (AZ, AR, DE, KS, MI, MN, MO, NV, NJ, NM, ND, PA, SD, and WV);

- Misrepresentations regarding price (CO, DE, NV, NM, OK, OR, and WY);

- Misrepresentations regarding the characteristics of goods (CA, CO, DE, DC, IN, MI, NV, OR, and PA);

- Misrepresentations regarding the standards of goods (CA, CO, DE, DC, IN, MI, NV, OR, and PA); and

- False advertising (CA, DE, NV, OR, PA, RI, TX, and WY).

The Tables found at Exhibit C detail the foregoing statutory groupings.  Ancillary findings – such as whether misrepresenting AWP is a misrepresentation of price or of characteristics of goods, for example – can be made by the Court as a matter of law if necessary.

Plaintiffs' proposed fraud instruction contains nine elements and encompasses the pattern jury instructions of many states for fraud or deceit.[7]  It also encompasses RESTATEMENT (SECOND) OF THE LAW OF TORTS, § 525, which provides:  "One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary

---

[7] *See, e.g.,* REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), *Commercial Torts* § 24 (4th ed. 2005); CONNECTICUT CIVIL JURY INSTRUCTIONS § 7.19 (April 30, 2002); CALIFORNIA JURY INSTRUCTIONS, CIVIL § 12.31 (9th ed.); DEL. P.J.I. CIV. § 1.6.1 (2000); FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES § MI 8.1(a); 2-44 ILLINOIS FORMS OF JURY INSTRUCTION § 44.02; 1-31 INDIANA PATTERN JURY INSTRUCTIONS – Civil Instr. 31.63; MARYLAND CIVIL PATTERN JURY INSTRUCTIONS 11:1; MASSACHUSETTS JURY INSTRUCTIONS, CIVIL § 6.1 (1999); 1-22 NEW HAMPSHIRE CIVIL JURY INSTRUCTION § 22.1; OKLAHOMA UNIFORM JURY INSTRUCTIONS – CIVIL § 18.1; PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS 13.14; 1-8 TENNESSEE CIVIL JURY INSTRUCTIONS 8.35; WASHINGTON PATTERN JURY INSTRUCTIONS, CIVIL 160.01 (5th ed. 2005).

loss caused to him by his justifiable reliance upon the misrepresentation." The jury should report their findings on each element, because, even if the jury does not find that Plaintiffs proved the existence of all nine elements of common law fraud, a subset of those elements may nonetheless constitute a violation of a state UDTPA. For example, reliance is not an element of most UDTPAs, even though Plaintiffs believe that reliance is manifest here, *since Plaintiffs and Class members made payments based on AWP*. Indeed, Plaintiffs request that the Court find as a matter of law that the elements relating to reliance and reasonable and justifiable reliance are satisfied such that these factors need not be decided by the jury.[8]

Second, Plaintiffs propose a broad instruction each for unfair acts or practices and deceptive acts or practices. The *unfair* acts or practices instruction will pertain to Plaintiffs in the following 15 states: California, Connecticut, Florida, Hawaii, Maryland, Missouri, New Hampshire, Oklahoma, Rhode Island, South Carolina, Tennessee, Vermont, Washington, West Virginia and Wyoming. The common test for unfairness is whether the conduct at issue is (i) immoral, unethical, oppressive or unscrupulous, or (ii) causes substantial injury to consumers, competitors or other business persons.[9] The *deceptive* acts or practices instruction will pertain to Plaintiffs in the following 24 jurisdictions: Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Idaho, Kansas, Maryland, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Dakota, Oklahoma, Rhode Island, South Carolina, South Dakota,

---

[8] For this reason, Plaintiffs have included proposed findings and instructions relating to the reliance factors as alternative matters only.

[9] In 1965, the FTC described the factors it considers in determining whether a practice is unfair: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise -- whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." *Statement of Basis and Purpose of Trade Regulation Rule 408, Unfair or Deceptive Advertising and Labeling of Cigarettes in Relation to the Health Hazards of Smoking,* 29 Fed. Reg. 8355 (1964). These factors, which are sometimes referred to as the "Cigarette Rule," were approved by the Supreme Court in *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972). As Table 1 in Exhibit C demonstrates, these factors will apply in one form or another to each of these states.

Tennessee, Vermont, Washington, West Virginia and Wyoming. The common test for deception is whether the conduct at issue had the likelihood, capacity or tendency to mislead or deceive.[10]

Third, to establish a violation of statutes in Colorado, South Carolina, Washington and West Virginia, the challenged practice must affect the public or the public interest. Plaintiffs believe that the Court should order this as a matter of law (there can be no material issue of fact that the public or public interest is affected – it is). Nonetheless, Plaintiffs include a proposed instruction in case it is needed on this issue.

Fourth, regarding causation, the Court has already recognized that variations in state UDTPA causation standards are not material:

> [I]n this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is ***no indication that different definitions of reliance and causation will matter*** or cannot be resolved as a matter of law prior to trial. Thus, the common legal and factual issues predominate over the individual ones.

*In re Pharm. Average Wholesale Price Litig.*, 230 F.R.D. 61, 85 (D. Mass. 2005) (emphasis added).

Some states' UDTPAs require a plaintiff to establish proximate causation via proof that the unfair or deceptive practice directly produces the harm and without which the harm would not occurred. *See, e.g.,* DEL. P.J. I. CIV. § 21.1 (2000); WASHINGTON PATTERN JURY INSTRUCTION 310.07. Other UDTPAs require only that the practice be a substantial factor in bringing about the damage. MASS. SUPERIOR CT. CIVIL PRAC. JURY INSTRUCTION § 16.5; HAWAII CIVIL JURY INSTRUCTIONS, Instruction No. 7.1 (1999). Defendants' AWP scheme directly led to overcharges for Subject Drugs thereby causing harm under any of the standards

---

[10] This is the time-honored test used by the FTC. *See, e.g., Vacu-Matic Carburetor Co. v. FTC*, 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied*, 331 U.S. 806 (1947).

for proving causation. For this reason, Plaintiffs' single proposed jury instruction for causation reflects the strictest causation standard of any of the state UDTPAs that require direct, "but for" causation.

**B.       Groupings For TPP Claims Under State Statutes**

Just as they did in opposing Track 1 class certification, AstraZeneca and BMS will again assert that TPPs cannot bring claims under various UDTPAs. As before, Defendants will exclude more jurisdictions than is warranted by law.

In their Memorandum in Opposition to Class Certification, Appendix A, the Track 1 Defendants claimed that the following relevant jurisdictions have statutes that would foreclose claims by a TPP: California (CLRA claim only; Defendants agree that TPPs can maintain claims under the UCL), District of Columbia, Hawaii, Indiana, Kansas, Maryland, Michigan, Minnesota, Missouri, Oklahoma, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, and West Virginia. This list is overbroad. For the following states, Defendants are incorrect:

- California: The CLRA only requires that the transaction at issue be intended to result or does result in the sale or lease of goods to a "consumer." CAL. CIV. CODE § 1770(a). Given that the drugs at issue are produced for consumption by consumers, TPPs can avail themselves of the CLRA.

- Michigan: Although the trade or commerce nexus means the conduct of a business providing goods primarily for personal, family or household purposes, MICH. COMP. LAWS § 445.902(g), drugs clearly falls within the nexus. Moreover, a "person" who suffers loss may bring an action, MICH. COMP. LAWS § 445.911, and the Act defines "person" to include corporations. MICH. COMP. LAWS § 445.902(g). No case law prohibits a corporation from bringing a claim.

- Minnesota: Any person can bring an action for damages. MINN. STAT. § 8.31(3a). No case law prohibits a corporation from bringing a claim, and private actions under the Prevention of Consumer Fraud Act are not limited to those brought by individual consumers. *Ly. v. Nystrom*, 615 N.W.2d 302, 309 (Minn. 2000); *see also State by Humphrey v. Phillip Morris, Inc.*, 551 N.W.2d 490, 495-96 (Minn. 1996) (holding the Blue Cross Blue Shield of Minnesota had standing to pursue claims under CFA for increased costs incurred providing medical and hospital care to insureds with tobacco-related illnesses).

- Missouri:  A private action may be maintained by "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes . . ." MO. REV. STAT. § 407.020.  Drugs prescribed to consumers and reimbursed by a TPP are for personal family or household purposes.  Moreover, a "person" is defined broadly to include a corporation.  MO. REV. STAT. § 407.010.  No case law prohibits a corporation from bringing a claim.

- Oregon:  The statute does not limit recovery to consumers.  Any "person" suffering ascertainable loss is entitled to bring an action.  O.R.S. § 646.638(1).  A "person" includes corporations.  O.R.S. § 646.605(4).  The cases previously cited by AstraZeneca and BMS are inapposite.  *Lamphere Enters., Inc. v. Jiffy Lube Int'l Inc.*, 2003 U.S. Dist. Lexis 16204 (D. Or. Sept. 9, 2003), was a business vs. business case for alleged misrepresentations made in advertising that purportedly interfered with the plaintiffs' business.  It was not a case involving consumer purposes, and the Court did not cite the statute in rendering its decision.  The same is true of Defendants' other case citation, *CollegeNET, Inc. v. Embark.com, Inc.*, 230 F. Supp. 2d 1167 (D. Or. 2001).  It, too, was a competitor vs. competitor case not involving consumer transactions such as the purchase of drugs.

- Texas:  The limit only applies to TPPs with assets equal to or greater than $25 million.  TEX. BUS. & COM. CODE § 17.45(4).

- Vermont:  *Ascension Tech. Corp. v. McDonald Inv., Inc.*, 327 F. Supp. 2d 271, 276 (D. Vt. 2003) expressly ruled that corporations, as "persons" covered by the statute, may sue under the consumer act as long as goods or services were not purchased for resale (which, here, they are not; the TPPs make reimbursements for consumer goods).

- West Virginia:  The West Virginia Consumer Credit and Protection Act provides a private right of action to "[a]ny person who purchases or leases goods or services and thereby suffers any ascertainable loss of money . . . as a result of" a violation of the act.  W. VA. CODE § 46A-6-106(1).  The act does not define "person."  However, there is no case law that prohibits a corporation from bringing a claim.

Thus, only the following jurisdictions should be carved out of a nationwide Class 2 and the nationwide TPP portion of Class 3:  District of Columbia, Hawaii, Indiana, Kansas, Maryland, Oklahoma, Pennsylvania, Rhode Island, and Texas (but only to the extent the TPP has assets equal to or greater than $25 million).

### III.  CONCLUSION

The Court already certified and tried Class 2 and Class 3 claims under the Massachusetts UDTPA.  The trial demonstrated that resolution of these claims on a class-wide basis was not only practical but a superior method of adjudicating this dispute.  This same conclusion applies to a nationwide class.  Plaintiffs' comprehensive state-law survey and groupings demonstrate that Plaintiffs' proposed jury instructions will result in a feasible, efficient and fair means of trying the remaining claims against AstraZeneca and BMS on a multi-state basis under Rule 23.

A proposed form of order accompanies this submission.  This proposed order is based on the Court's January 30, 2006, Consolidated Order Re:  Motion for Class Certification (Docket No. 2097-1) and modified, where appropriate, to accommodate the expanded nationwide Classes.  In it, Plaintiffs request that the Court set a trial date so that the full claims against these two Defendants can finally be determined.  Plaintiffs suggest that trial commence in September, 2008.

DATED:  November 21, 2007.

By     /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 13 -

# CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on November 21, 2007, I caused copies of **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY NATIONWIDE CLASSES 2 AND 3 AGAINST DEFENDANTS ASTRAZENECA AND BMS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                           **/s/ Steve W. Berman**
                                           Steve W. Berman