**EXHIBIT B**

**PROPOSED JURY INSTRUCTIONS ON ELEMENTS OF CLAIMS**

**1.01    Fraud**

The following instructions relate specifically to Question Nos. __ and __ on the Jury Verdict Form.

You must determine whether [DEFENDANT] defrauded Plaintiffs and the Class.  In making this determination, you must consider whether the following nine factors are present:

> (1)  [DEFENDANT] made a representation;

> (2)  The representation was false;

> (3)  The representation was material, which means that it was sufficiently important to influence a reasonable person's actions;

> (4) [DEFENDANT] knew that the representation was false;

> (5) [DEFENDANT] intended that Plaintiffs would act upon the representation in the manner reasonably contemplated by [DEFENDANT];

> (6) Plaintiffs did not know that the representation was false;

> (7) Plaintiffs relied on the truth of the representation;

> (8) Plaintiffs' reliance was reasonable and justified under the circumstances; and

> (9) As a result, Plaintiffs were damaged.

[[REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), *Commercial Torts* § 24 (4th ed. 2005); encompasses CONNECTICUT CIVIL JURY INSTRUCTIONS § 7.19 (April 30, 2002); encompasses CALIFORNIA JURY INSTRUCTIONS, CIVIL § 12.31 (9th ed.); encompasses DEL. P.J.I. CIV. § 1.6.1 (2000); encompasses FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES § MI 8.1(a); encompasses 2-44 ILLINOIS FORMS OF JURY INSTRUCTION § 44.02; encompasses 1-31 INDIANA PATTERN JURY INSTRUCTIONS – Civil Instr. 31.63; MARYLAND CIVIL PATTERN JURY INSTRUCTIONS 11:1; encompasses MASSACHUSETTS JURY INSTRUCTIONS, CIVIL § 6.1 (1999); encompasses 1-22 NEW HAMPSHIRE CIVIL JURY INSTRUCTION § 22.1; encompasses OKLAHOMA UNIFORM JURY INSTRUCTIONS – CIVIL § 18.1; encompasses PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS 13.14; encompasses 1-8 TENNESSEE CIVIL JURY

INSTRUCTIONS 8.35; encompasses WASHINGTON PATTERN JURY INSTRUCTIONS, CIVIL 160.01 (5th ed. 2005).]]

The Jury Verdict Form asks you to make findings under each factor.  I will next provide you with more detailed instructions relating to some of these factors.

**1.011   The First Two Factors**

In deciding factors one and two (whether [DEFENDANT] made a representation and whether the representation was false), you must consider the following findings that the Court has already made.

<u>First</u>, I have found that [DEFENDANT] caused AWPs to be published. [DEFENDANT] sent to publishers in the industry, either the *RedBook* or *First DataBank*, the average wholesale prices ("AWPs") or wholesale list prices ("WACs") for the [DEFENDANT'S] Drugs.  The publishers then published the "AWPs" based on the AWPs or the WLPs supplied to them by [DEFENDANT].  During the period 2002 to 2004, one of the publishers raised the AWPs by 5%.  [DEFENDANT] took no action to correct the published AWPs in response to that increase.  Therefore, I have found that [DEFENDANT] is responsible for the accuracy of the published AWPs for the [DEFENDANT'S] Drugs.

<u>Second</u>, I have ruled that the term "Average Wholesale Price" or "AWP" was intended to be an actual average of prices.  As an average, the published AWP should have included and accounted for discounts, rebates and other incentives provided to doctors.  Let me put this another way.  Assume that the published AWP for a [DEFENDANT] Drug was $100.  Also assume that doctors on average were able to purchase that [DEFENDANT] Drug at $50.  The published AWP should have reflected those discounts and therefore should have been $50.  I am just using these numbers as an example.

<u>Third</u>, I have found that the AWPs for the [DEFENDANT] Drugs were not an average price and did not reflect discounts and other cost advantages given to doctors.

**1.012   Factor No. 4**

With respect to factor number four (whether [DEFENDANT] knew that the AWPs were false), the maker of a representation knows that it is false if the maker:

(a)  knows or believes that the matter is not as he represents it to be;

(b)  does not have the confidence in the accuracy of his representation that he states or implies; or

(c)  knows that he does not have the basis for his representation that he states or implies.  [[RESTATEMENT (SECOND) OF TORTS, § 526 and comment (a)]]

Furthermore, a representation that the maker knows to be capable of two interpretations, one of which he knows to be false and the other true is fraudulent if it is made with the intention that it be understood in the sense in which it is false.  [[RESTATEMENT (SECOND) OF TORTS, § 527]]

### 1.013   Factor No. 5

With respect to factor number five (whether [DEFENDANT] intended that Plaintiffs would act upon the representation in the manner reasonably contemplated by [DEFENDANT]), "intent" means that a person had the purpose to do something.  In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally.  Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances.  You may consider any statement made, or act done or omitted, by the person making the representation, and all other evidence which indicates his state of mind.  You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.  [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.02(D)]]

The maker of a representation can be liable to the person he intends to influence, regardless of whether he makes the representation to them directly or conveys the information through some other person or means.  [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.05]]  It is not necessary that he have any particular person in mind.  It is enough that he intends or has reason to expect to have it repeated to a particular class of persons and that the person relying upon it is one of that class.  [[RESTATEMENT (SECOND) OF TORTS, § 533 & cmts. d and g]]

[[*NOTE:  The following instruction is submitted in the alternative and only in the event that the Court declines to find as a matter of law that Plaintiffs relied on the false AWPs.*]]

### 1.014   Factor No. 7

Regarding factor number seven (whether Plaintiffs relied on the truth of the representation), the Court has found that this element is satisfied if you find that a Plaintiff made a payment for a [DEFENDANT] Drug.

[[*NOTE:  The following instruction is submitted in the alternative and only in the event that the Court declines to find as a matter of law that Plaintiffs' reliance was reasonable and justified.*]]

### 1.015   Factor No. 8

With respect to factor number eight (whether Plaintiffs' reliance was reasonable and justified under the circumstances), a person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation.  For a person's reliance to be justified, his conduct must not be so unreasonable,

in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.  [[as adapted from 1-20 CIVIL JURY INSTRUCTIONS FOR D.C. § 20.02(F)]]

Plaintiffs ordinarily are not required to investigate the truth of assertions that are made and are ordinarily justified in relying on its truth.  If the Defendant's representations were such as to induce the Plaintiffs not to undertake an independent examination of the pertinent facts, lulling them into placing confidence in [DEFENDANT'S] assurances, then the Plaintiffs' failure to ascertain the truth through investigation does not preclude recovery.  [[Encompasses RESTATEMENT (SECOND) OF TORTS, § 540]]

### 3.016   Factor No. 9

For assistance in determining factor nine, see Instruction 1.02 below.

### 1.02   Unfair Acts or Practices

The following instruction relates specifically to Question Nos. __ on the Jury Verdict Form.

You must determine whether [DEFENDANT] committed unfair acts or practices.  In order to establish that [DEFENDANT] committed unfair acts or practices, Plaintiffs must prove that [DEFENDANT'S] conduct meets at least one of the following two criteria:

(1) it is immoral, unethical, oppressive or unscrupulous; or

(2) it causes substantial injury to consumers, competitors or other business persons.

The Jury Verdict Form asks you to make findings under both of these criteria.  I will now give additional instructions on these two criteria:

Immoral, Unethical, Oppressive or Unscrupulous.  You simply need to determine whether you believe that the Defendant's conduct was immoral, unethical, oppressive or unscrupulous.  Common English dictionaries define these words as follows:

"Immoral" means conflicting with generally or traditionally held moral principles.

"Unethical" means the act or practice does not conform to moral standards.

"Oppressive" means unreasonably burdensome.

"Unscrupulous" means unprincipled.

Substantial Injury to Consumers.  To prove substantial injury to consumers, the Plaintiffs must demonstrate that the Defendant's conduct caused an injury that is:  (1)

substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers could not reasonably have avoided the injury.

Plaintiffs contend that the publication of AWPs and/or the marketing of the spread to doctors, in the context of a payment system that uses AWP, was an unfair practice that meets the elements set forth above.  Defendant denies that it engaged in an unfair practice.

**1.03    Deceptive Acts or Practices**

The following instruction relates specifically to Question Nos. __ on the Jury Verdict Form.

You must determine whether [DEFENDANT] committed deceptive acts or practices.  In order to establish that [DEFENDANT] committed deceptive acts or practices, Plaintiffs must prove that [DEFENDANT'S] conduct has the capacity or tendency to mislead or deceive.  Under this general test, Plaintiffs need not prove that Defendant intended to mislead anyone or that anyone was, in fact, misled.

For claims pertaining to Class members in Minnesota, you must decide whether [DEFENDANT] intended others to rely on the deceptive practice.

**1.04    Public Interest**

To establish a violation of statutes in Colorado, South Carolina, Washington and West Virginia, you must find that the challenged act or practice <u>affected the public or the public interest</u>.

For claims pertaining to Class members in <u>Colorado</u>, you should consider the following factors in determining whether Defendant's act or practices significantly impacted the public:

(1) the number of consumers directly affected by the challenged practice;

(2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and

(3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future

For claims pertaining to Class members in <u>South Carolina</u>, an unfair or deceptive practice has an impact on the public if it has the potential for repetition.

For claims pertaining to Class members in <u>Washington</u> and <u>West Virginia</u>, in deciding whether Defendant's acts or practices "affect the public interest," you may consider the following factors, among other things:

  (1) whether the acts or practices were done in the course of Defendant's business;

  (2) whether the acts or practices were part of a pattern or generalized course of conduct of business;

  (3) whether Defendant did similar acts or practices prior to the act or practice involving Plaintiffs;

  (4) whether there is a real and substantial potential for repetition of Defendant's conduct after the act involving Plaintiffs; and

  (5) if only one transaction is complained of, whether many customers were affected or likely to be affected by it.

In reaching your decision you are not required to find any one particular factor, nor are you limited to considering only these factors.  Note that the Washington and West Virginia statutes do not prohibit acts or practices that are reasonable in relation to the development and preservation of business or that are not injurious to the public interest.

  Use the foregoing definitions in deciding Jury Verdict Form, Part __, Question __.

### 1.05 Proximate Cause

  The following instruction relates specifically to Question Nos. __ and __ on the Jury Verdict Form.

  In order to recover damages, Defendant's acts must be shown by either a preponderance of the evidence or clear and convincing evidence to be a proximate cause of injury to Plaintiffs and the Class.

  Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

  Plaintiffs claim that the publication of false AWPs injured Plaintiffs and the Class by causing overpayment.  Defendant denies that its AWPs caused injury to the Class.