# EXHIBIT C: UDTPA GROUPINGS

## TABLE 1: STATE STATUTES BROADLY PROHIBITING UNFAIR ACTS OR PRACTICES

| State | Authority |
|---|---|
| California | California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent" business acts or practices. CAL. BUS. & PROF. CODE § 17200.  Conduct is "unfair" if it: (2) "threatens an incipient violation of a [] law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition," *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186-87, 973 P.2d 527 (1999); or (2) the "practice offends an established public policy" or "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and the "gravity of the harm to the victim outweighs the utility of the defendant's conduct," *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1268-69 (2006). |
| Connecticut | The Connecticut Unfair Trade Practices Act prohibits a person from engaging in "unfair or deceptive acts or practices in the conduct of any trade or commerce." CONN. GEN. STAT. § 42-110b(a).  An act or practice is unfair if it (1) offends public policy as it has been established by statutes, the common law or other established concept of unfairness, (2) is immoral, unethical, oppressive or unscrupulous; or (3) causes substantial injury to consumers, competitors or other business persons.  *Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp.*, 717 A.2d 77, 99-100 (Conn. 1998). |
| Florida | "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." FLA. STAT. § 501.204(1).  An "unfair" practice is one that "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co.*, 782 So. 2d 489, 499 (Fla. Ct. App. 2001) (quoting *Spiegel, Inc. v. FTC*, 540 F.2d 287, 293 (7th Cir. 1976) (discussing FTC criteria)). |
| Hawaii | Hawaii prohibits "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce. . . ."  HAW. REV. STAT. § 480-2(a).  A practice is "unfair" when it offends established public policy, or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  *State by Bronster v. United States Steel Corp.*, 919 P.2d 294, 312 (Haw. 1996). |
| Maryland | The Maryland Consumer Protection Act provides that a person may not engage in any unfair or deceptive trade practice in the sale of any consumer good.  MD. COM. LAW CODE § 13-303.  Maryland has adopted the FTC's test for unfairness.  In determining whether conduct is "unfair," three factors are considered:  (1) "whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been |

| | |
|---|---|
| | established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness"; (2) "whether it is immoral, unethical, oppressive, or unscrupulous"; and (3) "whether it causes substantial injury to consumers. . . ." *Legg v. Castruccio*, 642 A.2d 906, 915 (Md. Ct. Spec. App. 1994) (quoting *Statement of Basis and Purpose, Unfair or Deceptive Advertising and Labeling of Cigarettes in Relation to the Health Hazards of Smoking*, 29 Fed. Reg. 8324, 8355 (1964)). |
| Missouri | The Missouri Merchandising Practices Act prohibits the "act, use or employment by any person of any deception [or] unfair practice . . . in connection with the sale or advertisement of any merchandise in trade or commerce." MO. REV. STAT. § 407.020(1). A practice is "unfair" if it: "(1) offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions *or* (2) is unethical, oppressive, or unscrupulous; *and* (3) presents a risk of, or causes, substantial injury to consumers." *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 233 (Mo. Ct. App. 2006) (emphasis in original); MO. CODE REGS. tit. 15, § 60-8.020(1). |
| New Hampshire | The New Hampshire Consumer Protection Act prohibits any person from engaging in "any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. REV. STAT. § 358-A:2. A practice is "unfair" if (1) it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness,' (2) 'it is immoral, unethical, oppressive, or unscrupulous,' or (3) 'it causes substantial injury to consumers.'" *Chroniak v. Golden Inv. Corp.*, 983 F.2d 1140, 1146 (1st Cir. 1993) (quoting *Rizzuto v. Joy Mfg. Co.*, 834 F.2d 7, 8 (1st Cir. 1987)). |
| Oklahoma | The Oklahoma Consumer Protection Act prohibits "unfair or deceptive trade practice[s]." OKLA. STAT. TIT. 15, § 753. An "unfair trade practice" means "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." OKLA. STAT. TIT. 15, § 752(14). |
| Rhode Island | The Rhode Island Unfair Trade Practices and Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." R.I. GEN. LAWS § 6-13.1-2. In construing the UTPCPA, courts shall give "due consideration" and "great weight" to the interpretations of the FTC and federal courts relating to 15 U.S.C. § 45(a)(1). R.I. GEN. LAWS § 6-13.1-3. This means that the three FTC unfairness factors will apply. *See FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972). |
| South Carolina | The South Carolina Unfair Trade Practices Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. CODE § 39-5-20(a). An act is "unfair" when it is "offensive to public policy or when it is immoral, unethical, or oppressive." *See Gentry v. Yonce*, 522 S.E.2d 137, 143 (S.C. 1999). |

| | |
|---|---|
| Tennessee | The Tennessee Consumer Protection Act prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce . . . ." TENN. CODE § 47-18-104(a). The TCPA is to be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts to [15 U.S.C. § 45(a)(1)]." TENN. CODE § 47-18-115. Thus, the FTC Act definitions of unfair or deceptive will apply. *See Comment, The Tennessee Consumer Protection Act: An Overview*, 58 TENN. L. REV. 455, 459 (1991). |
| Vermont | The Vermont Consumer Fraud Act prohibits "unfair or deceptive acts or practices in commerce . . . ." VT. STAT. ANN. tit. 9, § 2453(a). A practice is unfair if it (1) offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common-aw, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. *Vermont Mobile Home Owners' Ass'n, Inc. v. LaPierre*, 94 F. Supp. 2d 519, 522 (D. Vt. 2000) (citing *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972)). |
| Washington | The Washington Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE § 19.86.020. A practice is "unfair" if it (1) offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers (or competitors or other businessmen). *Blake v. Federal Way Cycle Ctr.*, 698 P.2d 578, 583 (Wash. Ct. App. 1985). |
| West Virginia | The West Virginia Consumer Credit and Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." W. VA. CODE § 46A-6-104. The WVCPA is to be liberally construed, and courts are to "be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters." W. VA. CODE § 46A-6-101(1). This means that the three FTC unfairness factors will apply. *See FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972). |
| Wyoming | The Wyoming Consumer Protection Act prohibits "unfair or deceptive acts or practices." WYO. STAT. § 40-12-105(a). It does not appear that any court in a published opinion has interpreted the Wyoming Consumer Protection Act. The three FTC unfairness factors will apply. *See FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972). |

3

001534-16 209949 V1

**TABLE 2: STATE STATUTES BROADLY PROHIBITING DECEPTIVE ACTS OR PRACTICES**

| State | Authority |
|---|---|
| Arkansas | The Arkansas Deceptive Trade Practices Act prohibits deceptive trade practices. ARK. CODE ANN. § 4-88-107(a)(10). Although Arkansas courts have not construed the meaning of "deceptive," the DTPA is to be liberally construed to protect consumers. *State ex rel. Bryant v. R&A Inv. Co.*, 985 S.W.2d 299, 302–03 (Ark. 1999). |
| California | California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent" business acts or practices. CAL. BUS. & PROF. CODE § 17200. A business act or practice is "fraudulent" if members of the public are likely to be deceived. *Blakemore v. Superior Court*, 129 Cal. App. 4th 36, 49 (2d Dist. 2005). |
| Connecticut | The Connecticut Unfair Trade Practices Act prohibits a person from engaging in "unfair or deceptive acts or practices in the conduct of any trade or commerce." CONN. GEN. STAT. § 42-110b(a). An act is "deceptive" if (1) there is a representation, omission, or other practice likely to mislead consumers; (2) consumers interpret the message reasonably under the circumstances; and (3) the misleading representation, omission, or practice is material – that is, likely to affect consumer decisions or conduct. *Caldor, Inc. v. Heslin*, 577 A.2d 1009, 1013 (Conn. 1990). |
| District of Columbia | It is a violation of the District of Columbia Consumer Protection Procedures Act for a person to "(e) misrepresent as to a material fact which has a tendency to mislead; [or] (f) fail to state a material fact if such failure tends to mislead . . . ." D.C. CODE § 28-3904. It is not necessary to show that a consumer was in fact isled, deceived or damaged thereby. *Id.* |
| Florida | "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." FLA. STAT. § 501.204(1). A "deceptive" practice "is one that is 'likely to mislead' consumers." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Ct. App. 2000) (quoting *In re Int'l Harvester Co.*, 104 F.T.C. 949 (1984)). |
| Hawaii | Hawaii prohibits "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." HAW. REV. STAT. § 480-2(a). A practice is "deceptive" if it has the capacity or tendency to mislead or deceive. *State by Bronster v. United States Steel Corp.*, 919 P.2d 294, 312 (Haw. 1996). |
| Idaho | The Idaho Consumer Protection Act prohibits a person from engaging in "any act or practice which is otherwise misleading, false, or deceptive to the consumer." IDAHO CODE § 48-603(17). In determining whether an act or practice is "misleading, false, or deceptive" under § 48-601(17), Idaho courts follow the FTC test under which an act or practice is deceptive if it possesses "a tendency or capacity to deceive consumers." *State ex rel. Kidwell v.* |

001534-16 209949 V1

| | *Master Distribs., Inc.*, 615 P.2d 116, 122 (Idaho 1980). |
|---|---|
| Kansas | The Kansas Consumer Protection Act provides that "[n]o supplier shall engage in any deceptive act or practice in connection with a consumer transaction." KAN. STAT. ANN. § 50-626(a). There are no published Kansas appellate decisions interpreting the meaning of a "deceptive act" under subsection (a). However, it is modeled after section 5 of the Federal Trade Commission Act (15 U.S.C. §§ 45(a)(1)), 1973 Official Comment 1, so FTC and federal court interpretations should suffice. The FTC test is whether the conduct has a tendency or capacity to deceive. *See, e.g.*, *Vacu-Matic Carburetor Co. v. FTC*, 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied*, 331 U.S. 806 (1947). |
| Maryland | The Maryland Consumer Protection Act provides that a person may not engage in any unfair or deceptive trade practice in the sale of any consumer good. MD. COM. LAW CODE § 13-303. Deception includes a "[f]ailure to state a material fact if the failure deceives or tends to deceive." MD. COM. LAW CODE § 13-301(3). |
| Minnesota | The Minnesota Prevention of Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby . . ." MINN. STAT. § 325F.69(1). |
| Missouri | The Missouri Merchandising Practices Act prohibits the "act, use or employment by any person of any deception . . . in connection with the sale or advertisement of any merchandise in trade or commerce." MO. REV. STAT. § 407.020(1). "Deception" is "any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." MO. CODE REGS. tit. 15, § 60-9.020(1). |
| New Hampshire | The New Hampshire Consumer Protection Act prohibits any person from engaging in "any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. REV. STAT. § 358-A:2. A practice may be deceptive if it "could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Id.* (quoting *Kazmaier v. Wooten*, 761 F.2d 46, 51 (1st Cir. 1985)). |
| New Jersey | The New Jersey Consumer Fraud Act prohibits "deception." N.J. STAT. § 56:8-2. It is not necessary to show that any person was in fact misled or deceived; all that is required is that the conduct has the capacity to mislead. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). The New Jersey Standard Civil Jury Instructions, § 4.23 Model Charge under Consumer Fraud Act add: "'Deception' is conduct or an advertisement misleading to an average consumer to the extent that it is capable of, and likely to, mislead an average consumer. It does not matter that at a later time it could have been explained to a more knowledgeable and inquisitive consumer, nor need the conduct or advertisement actually have misled the Plaintiffs. The fact that the Defendant may have acted in good faith is unimportant. It is the capacity to mislead that is important." |

5

| State | |
|---|---|
| New York | New York prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . . ." N.Y. GEN. BUS. LAW § 349(a). The standard for "deceptive" is an objective one: whether the act or practice is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995). |
| North Dakota | The North Dakota Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any deceptive act or practice . . . with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been mislead, deceived, or damaged thereby. . . ." N.D. CENT. CODE § 51-15-02. Case law under the statute is very sparse. |
| Oklahoma | The Oklahoma Consumer Protection Act prohibits "unfair or deceptive trade practice[s]." OKLA. STAT. TIT. 15, § 753. "Deceptive trade practice" means "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." OKLA. STAT. TIT. 15, § 752(13). |
| Rhode Island | The Rhode Island Unfair Trade Practices and Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." R.I. GEN. LAWS § 6-13.1-2. In construing the UTPCPA, courts shall give "due consideration" and "great weight" to the interpretations of the FTC and federal courts relating to 15 U.S.C. § 45(a)(1). R.I. GEN. LAWS § 6-13.1-3. The FTC test is whether the conduct has a tendency or capacity to deceive. *See, e.g.*, *Vacu-Matic Carburetor Co. v. FTC*, 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied*, 331 U.S. 806 (1947). |
| South Carolina | The South Carolina Unfair Trade Practices Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. CODE § 39-5-20(a). An act is "deceptive" when it has a tendency to deceive. *See Gentry v. Yonce*, 522 S.E.2d 137, 143 (S.C. 1999). |
| South Dakota | In South Dakota, it is unlawful to "[k]nowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby [.]" S.D. CODIFIED LAWS § 37-24-6(1). |
| Tennessee | The Tennessee Consumer Protection Act prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce . . . ." TENN. CODE § 47-18-104(a). The TCPA it to be construed liberally to protect consumers and "shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts to [15 U.S.C. § 45(a)(1)]." TENN. CODE § 47-18-115. Thus, the FTC Act definitions of unfair or deceptive will apply. *See Comment*, *The Tennessee Consumer Protection Act: An Overview*, 58 TENN. L. REV. 455, 459 (1991). The FTC test is whether the conduct has a tendency or capacity to |

6

| | |
|---|---|
| | deceive. *See, e.g., Vacu-Matic Carburetor Co. v. FTC,* 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied,* 331 U.S. 806 (1947). |
| Vermont | The Vermont Consumer Fraud Act prohibits "unfair or deceptive acts or practices in commerce . . . ." VT. STAT. ANN. tit. 9, § 2453(a). "Deceptive" means the capacity or tendency to deceive. *Poulin v. Ford Motor Co.,* 513 A.2d 1168, 1171 (Vt. 1986). |
| Washington | The Washington Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE § 19.86.020. An act or practice is "deceptive" if it has the tendency or capacity to deceive. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 719 P.2d 531, 535 (Wash. 1986). |
| West Virginia | The West Virginia Consumer Credit and Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." W. VA. CODE § 46A-6-104. The WVCPA is to be liberally construed, and courts are to "be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters." W. VA. CODE § 46A-6-101(1). The FTC test is whether the conduct has a tendency or capacity to deceive. *See, e.g., Vacu-Matic Carburetor Co. v. FTC,* 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied,* 331 U.S. 806 (1947). |
| Wyoming | The Wyoming Consumer Protection Act prohibits unfair or deceptive acts or practices. WYO. STAT. § 40-12-105(a). It does not appear that any court in a published opinion has interpreted the Wyoming Consumer Protection Act. The FTC test is whether the conduct has a tendency or capacity to deceive. *See, e.g., Vacu-Matic Carburetor Co. v. FTC,* 157 F.2d 711, 713 (7th Cir. 1946), *cert. denied,* 331 U.S. 806 (1947). |

001534-16 209949 V1

**TABLE 3: STATE STATUTES PROHIBITING UNCONSCIONABLE ACTS OR PRACTICES**

| State | Authority |
|---|---|
| Arkansas | The Arkansas Deceptive Trade Practices Act prohibits "[d]eceptive and unconscionable trade practices," which include but are not limited to a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" ARK. CODE ANN. § 4-88-107(a)(10). "An 'unconscionable' act is an act that 'affronts the sense of justice, decency, or reasonableness.'" *Baptist Health v. Murphy*, 226 S.W.3d 800, 811 & n.6 (Ark. 2006). |
| Idaho | The Idaho Consumer Protection Act prohibits a person from "[e]ngaging in any unconscionable method, act or practice in the conduct of trade or commerce . . . ." IDAHO CODE § 48-603(18).  In determining whether an act or practice is unconscionable under § 48-601(18), the court considers the following:<br><br>    (a) Whether the alleged violator knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his interest because of physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement or similar factor;<br><br>    (b) Whether, at the time the consumer transaction was entered into, the alleged violator knew or had reason to know that the price grossly exceeded the price at which similar goods or services were readily available in similar transactions by similar persons, although price alone is insufficient to prove an unconscionable method, act or practice;<br><br>    (c) Whether the alleged violator knowingly or with reason to know, induced the consumer to enter into a transaction that was excessively one-sided in favor of the alleged violator;<br><br>    (d) Whether the sales conduct or pattern of sales conduct would outrage or offend the public conscience, as determined by the court.<br><br>IDAHO CODE § 48-603C(2). |
| New Jersey | The New Jersey Consumer Fraud Act prohibits "unconscionable" commercial practices.  N.J. STAT. § 56:8-2.  "Unconscionable" implies a "lack of 'good faith, honesty in fact and observance of fair dealing.'"  *Id.* (quoting *Kugler v. Romain*, 279 A.2d 640 (N.J. 1971)).  The New Jersey Standard Civil Jury Instructions, § 4.23 Model Charge under Consumer Fraud Act, defines an "unconscionable commercial practice" as an activity in the public |

8

001534-16 209949 V1

| | |
|---|---|
| | marketplace which is basically unfair or unjust, which materially departs from standards of good faith, honesty in fact and fair dealing. To be unconscionable, there should be factual dishonesty and a lack of fair dealing." |
| New Mexico | The New Mexico Unfair Practices Act prohibits "unconscionable trade practices in the conduct of any trade or commerce." N.M. STAT. § 57-12-3. An "unconscionable trade practice" means "an act or practice in connection with the sale . . . or in connection with the offering for sale . . . of any goods or services . . . which to a person's detriment (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid." N.M. STAT. § 57-12-2(E). |
| Texas | The Texas Deceptive Trade Practices-Consumer Protection Act prohibits an "unconscionable action or course of action," which means "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5); TEX. BUS. & COM. CODE § 17.50(a)(3). |

9

TABLE 4: STATE STATUTES PROHIBITING MISREPRESENTATIONS OR OMISSIONS GENERALLY

| State | Authority |
|-------|-----------|
| Arizona | The Arizona Consumer Fraud Act provides that "[t]he act, use or employment by any person of any fraud. . . . misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." ARIZ. REV. STAT. § 44-1522(A). |
| Arkansas | The Arkansas Deceptive Trade Practices Act prohibits "(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission" when utilized in connection with the sale or advertisement of any goods. ARK. CODE ANN. § 4-88-108. |
| Delaware | The Delaware Consumer Fraud Act prohibits the "act, use or employment by any person of any fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby." 6 DEL. CODE § 2513(a). |
| Kansas | The Kansas Consumer Protection Act prohibits "(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . ." KAN. STAT. ANN. § 50-626(b). |
| Michigan | The Michigan Consumer Protection Act prohibits "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer[;] (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is[;] (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. MICH. COMP. LAWS § 445.903(1). |
| Minnesota | The Minnesota Prevention of Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby . . ." MINN. STAT. § 325F.69(1). |
| Missouri | The Missouri Merchandising Practices Act prohibits the "act, use or employment by any person of any deception, |

001534-16 209949 V1

| | |
|---|---|
| | fraud, false pretense, false promise, misrepresentation . . . or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." MO. REV. STAT. § 407.020(1). |
| Nevada | The Nevada Deceptive Trade Practices Act makes it unlawful to "[k]nowingly fail[] to disclose a material fact in connection with the sale or lease of goods or services," NEV. REV. STAT. § 598.0923(2)(1), and "[k]nowingly make[] any other false representation in a transaction. NEV. REV. STAT. § 598.0915(15). |
| New Jersey | The New Jersey Consumer Fraud Act declares: "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . ." N.J. STAT. § 56:8-2. |
| New Mexico | The New Mexico Unfair Practices Act prohibits "a false or misleading oral or written statement . . or other representation of any kind knowingly made in connection with the sale . . . of goods . . . by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person . . . ." N.M. STAT. § 57-12-2(D). |
| North Dakota | The North Dakota Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any . . . fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby. . . ." N.D. CENT. CODE § 51-15-02. |
| Pennsylvania | The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits a person from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding . . . ." 73 PENN. STAT. § 201-2(4)(xxi). |
| South Dakota | In South Dakota, it is unlawful to "[k]nowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby [.]" S.D. CODIFIED LAWS § 37-24-6(1). |
| West Virginia | The West Virginia Consumer Credit and Protection Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in |

11

connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby[.]" W. VA. CODE § 46A-6-102(7).

12

**TABLE 5: STATE STATUTES PROHIBITING MISREPRESENTATIONS REGARDING PRICE**

| State | Authority |
|---|---|
| Colorado | The Colorado Consumer Protection Act prohibits deceptive trade practices in the course of a person's business, which include making "false or misleading statements of fact concerning the price of goods . . . or the reasons for, existence of, or amounts of price reductions." COLO. REV. STAT. § 6-1-105(1)(l). |
| Delaware | Delaware's Deceptive Trade Practices Act prohibits a person from engaging in a "deceptive trade practice," which includes making "false or misleading statements of fact concerning the reasons for, existence of, or amounts of, price reductions . . . ." 6 DEL. CODE § 2532(11). |
| Nevada | The Nevada Deceptive Trade Practices Act prohibits deceptive trade practices, which include making "false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions." NEV. REV. STAT. § 598.0915(13). |
| New Mexico | The New Mexico Unfair Practices Act prohibits "making false or misleading statements of fact concerning the price of goods or services, the prices of competitors or one's own price at a past or future time or the reasons for, existence of or amounts of price reduction[.]" N.M. STAT. § 57-12-2(D)(11). |
| Oklahoma | The Oklahoma Consumer Protection Act makes it unlawful for a person, in the course of the person's business, to "[m]ake false or misleading statements of fact, knowingly or with reason to know, concerning the price of the subject of a consumer transaction or the reason for, existence of, or amounts of price reduction[.]" OKLA. STAT. TIT. 15, § 753(11). |
| Oregon | The Oregon Unfair Trade Practices Act prohibits a person from, in the course of the person's business, making "false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services[.]" OR. REV. STAT. § 646.608(1)(s). |
| Wyoming | The Wyoming Consumer Protection Act prohibits persons from making "false or misleading statements of fact concerning the price of merchandise or the reason for, existence of, or amounts of a price reduction[.]" WYO. STAT. § 40-12-105(a)(vii). |

13

001534-16 209949 V1

**TABLE 6:  STATE STATUTES PROHIBITING MISREPRESENTATIONS REGARDING THE CHARACTERISTICS OF GOODS**

| State | Authority |
|---|---|
| California | California prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or serves to any consumer . . . ."  CAL. CIV. CODE § 1770(a). The code then defines acts or practices considered unfair or deceptive.  They include:  "(5) Representing that goods have . . . characteristics . . . which they do not have . . . ." |
| Colorado | The Colorado Consumer Protection Actprohibits "[k]nowingly mak[ing] a false representation as to the characteristics . . . of goods . . . ."  COLO. REV. STAT. § 6-1-105(1)(e). |
| Delaware | Delaware's Deceptive Trade Practices Act prohibits a person from "[r]epresent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have[.]"  6 DEL. CODE § 2532(5). |
| District of Columbia | It is a violation of the District of Columbia Consumer Protection Procedures Act for a person to "represent that goods . . . have . . . characteristics . . . that they do not have[.]"  D.C. CODE § 28-3904(a). |
| Indiana | Indiana prohibits a person from engaging in deceptive acts, which are specifically defined in relevant part as representations "[t]hat such subject of a consumer transaction has . . . characteristics . . . it does not have which the supplier knows or should reasonably know it does not have."  IND. CODE § 24-5-0.5-3(a)(1). |
| Michigan | The Michigan Consumer Protection Act prohibits "[r]epresenting that goods or services have . . . characteristics . . . that they do not have . . . ."  MICH. COMP. LAWS § 445.903(1)(c). |
| Nevada | The Nevada Deceptive Trade Practices Act prohibits "[k]nowingly mak[ing] a false representation as to the characteristics . . . of goods or services for sale . . . ."  NEV. REV. STAT. § 598.0915(5). |
| Oregon | The Oregon Unfair Trade Practices Act prohibits a person from, in the course of the person's business, "[r]epresent[ing] that . . . goods . . . have . . . characteristics... that they do not have . . . ."  OR. REV. STAT. § 646.608(1)(e). |
| Pennsylvania | The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits "[r]epresenting that goods or services have . . . characteristics . . . that they do not have . . . ."  73 PENN. STAT. § 201-2(4)(v). |

14

001534-16 209949 V1

**TABLE 7: STATE STATUTES PROHIBITING MISREPRESENTATIONS REGARDING THE STANDARDS OF GOODS**

| State | Authority |
|---|---|
| California | California prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or serves to any consumer . . . ." CAL. CIV. CODE § 1770(a). The code then defines acts or practices considered unfair or deceptive.  They include:  (7) Representing that goods . . . are of a particular standard . . . if they are of another." |
| Colorado | The Colorado Consumer Protection Act prohibits "[r]epresent[ing] that goods . . . are of a particular standard . . . if he knows or should now that they are of another[.]" COLO. REV. STAT. § 6-1-105(1)(g). |
| Delaware | Delaware's Deceptive Trade Practices Act prohibits a person from "[r]epresent[ing] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]" 6 DEL. CODE § 2532(7). |
| District of Columbia | It is a violation of the District of Columbia Consumer Protection Procedures Act for a person to "represent that goods . . . are of particular standard . . . if in fact they are of another[.]" D.C. CODE § 28-3904(d). |
| Indiana | Indiana prohibits a person from engaging in deceptive acts, which are specifically defined in relevant part as representations "[t]hat such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and the supplier knows or should reasonably know that it is not." IND. CODE § 24-5-0.5-3(a)(1). |
| Michigan | The Michigan Consumer Protection Act prohibits "[r]epresenting that goods or services are of a particular standard . . . if they are of another." MICH. COMP. LAWS § 445.903(1)(e). |
| Nevada | The Nevada Deceptive Trade Practices Act prohibits "[r]epresent[ing] that goods or services for sale or lease are of a particular standard . . . if he knows or should know that they are of another standard . . . ." NEV. REV. STAT. § 598.0915(7). |
| Oregon | The Oregon Unfair Trade Practices Act prohibits a person from, in the course of the person's business, "[r]epresent[ing] that . . . goods . . . are of a particular standard . . . if they are of another." OR. REV. STAT. § 646.608(1)(g). |
| Pennsylvania | The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits "[r]epresenting that goods or services are of a particular standard . . . if they are of another . . . ." 73 PENN. STAT. § 201-2(4)(vii). |

15

001534-16 209949 V1

**TABLE 8: STATE STATUTES PROHIBITING FALSE ADVERTISING**

| State | Authority |
|---|---|
| California | It is unlawful to make or disseminate or cause to be made or disseminated any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ." CAL. BUS. & PROF. CODE § 17500. |
| Delaware | Delaware's Deceptive Trade Practices Act prohibits "[a]dvertis[ing] goods or services with intent not to sell them as advertised[.]" 6 DEL. CODE § 2532(9). |
| Nevada | The Nevada Deceptive Trade Practices Act prohibits "[a]dvertis[ing] goods or services with intent not to sell or lease them as advertised." NEV. REV. STAT. § 598.0915(9). |
| Oregon | The Oregon Unfair Trade Practices Act prohibits "[a]dvertis[ing] . . . goods or services with intent not to provide them as advertised . . . ." OR. REV. STAT. § 646.608(1)(i). |
| Pennsylvania | The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits "[a]dvertising goods or services with intent not to sell them as advertised[.]" 73 PENN. STAT. § 201-2(4)(ix). |
| Rhode Island | The Rhode Island Unfair Trade Practices and Consumer Protection Act prohibits "[a]dvertising goods or services with intent not to sell them as advertised[.]" R.I. GEN. LAWS § 6-13.1-1(6)(ix). |
| Texas | The Texas Deceptive Trade Practices–Consumer Protection Act prohibits "advertising goods or services with intent not to sell them as advertised[.]" TEX. BUS. & COM. CODE § 17.46(b)(9). |
| Wyoming | The Wyoming Consumer Protection Act prohibits "[a]dvertis[ing] merchandise with intent not to sell it as advertised[.]" WYO. STAT. § 40-12-105(a)(x). |

16