UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | |

**THE UNITED STATES' RESPONSE TO ABBOTT LABORATORIES INC.'S EMERGENCY MOTION TO COMPEL SUBMISSION OF "CROSS-CUTTING" EVIDENCE CONSISTENT WITH THE COURT'S DELIBERATIVE PROCESS PRIVILEGE ORDER**

There is no basis for Abbott Laboratories Inc. (Abbott) moving on an emergency basis for the relief sought in its Emergency Motion to Compel Submission of "Cross-Cutting" Evidence (Motion to Compel). Furthermore, the relief sought is completely at odds with the plain language of the Court's earlier order. The United States respectfully submits that Abbott's motion should be denied.

On November 9, 2007, this Court issued an order on Abbott's motion to compel the government to produce documents covered by the deliberative process privilege. *See* Docket No. 4885.[1]  The Court ordered the government to "produce for in camera inspection by the magistrate judge all documents which relate to its knowledge of a 'spread' for Abbott's drugs at

---

[1] Although Abbott identifies the Order as being issued on November 13, 2007, the Court actually issued the Order on November 9, 2007, further undercutting Abbott's contention that this motion constitutes an "emergency."

issue in this litigation or its knowledge of Abbott's marketing the spread' for any of its drugs." *Id*.

Twelve days after that order was issued (and the afternoon before the Thanksgiving holiday), Abbott filed its "emergency" Motion to Compel. Insofar as the Court's November 9 order is concerned, however, there is no "emergency." The government made clear to Abbott that it intended to fully comply with the order. Motion to Compel, Exhibit ("Exh.") B.[2] The government will provide for *in camera* review the documents ordered by the Court. Contrary to Abbott's assertion in the Motion to Compel, these compliance efforts will be more sophisticated that merely seeing whether the privileged documents have the word "Abbott" on them. There is no basis for seeking relief at this time – emergency or otherwise – because that process is still underway.

As best as the United States can discern, Abbott actually appears to be seeking expedited reconsideration of the Court's order. On November 19, 2007, Counsel for Abbott declared that Abbott interprets the Court's order as requiring the government to submit for *in camera* review "documents relating to a spread for categories of products into which Abbott's products fall (e.g., Medicare Part B drugs, Medicaid drugs, infusion supplies, multiple source drugs, sterile hospital supplies, or physician administered drugs)." *Id.*, Exh. C at 2. In other words, Abbott believes the November 9 order calls for the *in camera* review of *all* deliberative process materials that involve deliberations regarding *any* drug manufacturers' spreads or marketing of the spreads, not just Abbott's. Abbott's counsel stated that if the order is not given Abbott's broad – and somewhat

---

[2] As part of its Motion to Compel, Abbott attached both e-mails and formal correspondence between counsel for the parties. The United States will refer to those exhibits by the letter designation used in Abbott's Motion to Compel.

tortured – interpretation, "*the judges's* [sic] *opinion* [is] *clearly erroneous and therefore reversible.*" *Id.*, Exh. A (Nov. 20, 2007 8:32 AM email from R. Christopher Cook to Gejaa Gobena and Justin Draycott) (emphasis added).

Counsel for Abbott sought further clarification from the government as to how the Government would "interpret" the Court's order. *Id.*, Exh. A. The government told Abbott that the government "will apply the Order precisely as written." *Id.* at Exh. B. The government believes the November 9 order is clear and requires no creative interpretation; the government does not share Abbott's view that the decision is clearly erroneous and reversible as written.

As support for its interpretation, and contrary to its earlier positions regarding discovery by the United States, Abbott now argues that relevance is not a proper basis for determining what is discoverable, and further contends that this case is no longer simply about four specific drugs, but rather about whole *categories* of drugs and medical supplies, including numerous other manufacturers' drugs.[3] Motion to Compel at 1-2. To date, Abbott has sought to block the government's discovery efforts about Abbott's sales, pricing and marketing practices in other divisions by claiming that this case is about four specific drugs and such discovery is not relevant.

Now, Abbott contends that it should be entitled to privileged documents relating to other drug manufacturers because they touch on "cross-cutting" issues, citing the government's

---

[3] The categories are baffling. For example, Abbott believes that since these drugs at issue were reimbursed by Medicare Part B during the claims period that this case is somehow about all "Medicare Part B drugs." Motion to Compel at 1. Another category Abbott identifies is "Medicaid drugs." *Id*. It is not clear what Abbott believes a "Medicaid drug" is and how it differs from a "Medicare drug." Abbott also identifies hospital supplies (which could mean latex gloves, gauze, sheets, etc.) as a category for which it seeks discovery, even though the case is about reimbursement for drugs administered on an outpatient basis. *Id*.

arguments about the scope of discovery. This argument is wrong and mischaracterizes what the government has contended are cross-cutting issues. When the government was seeking discovery on "cross-cutting" issues, it was seeking discovery about *Abbott's* sales, pricing and marketing practices that cut across *Abbott divisions or affiliates other than the division whose drugs are at issue*, not other companies. The logic is simple: Abbott's creation and use of spreads to sell its drugs – regardless of division – is directly implicated in the government's causes of action.

By seeking to turn the Court's order on its head, Abbott is attempting to broaden beyond recognition the scope of *in camera* review this Court must undertake. Under Abbott's interpretation, the Court would be required to conduct *in camera* review of deliberative process materials reflecting what the government may or may not have known regarding the pricing and marketing conduct of countless other drug manufacturers. In numerous hearings and orders, this Court has made clear that it intends to weigh each manufacturer's conduct on an individual basis. The government's case is about whether Abbott violated the False Claims Act and the common law in connection with the pricing and marketing of the drugs identified in the First Amended Complaint. The case is *not* about whether the government "was fooled into paying for drugs based on AWP" generally. *See* Motion to Compel at 6.

As much as Abbott wants to put the government on trial for how it set reimbursement levels for drugs, Abbott's liability in this matter will hinge on *its* pricing and marketing conduct for the drugs at issue in this case. The Court recognized this distinction in its November 9, 2007 deliberative process ruling, and crafted a discovery order that reflected that legal reality.

For the reasons set forth herein, the Court's November 9, 2007 order should stand and the Court should deny Abbott's Motion to Compel.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN | PETER D. KEISLER |
| UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |

George B. Henderson, II
Assistant U.S. Attorney            /s/ Gejaa T. Gobena
John Joseph Moakley U.S. Courthouse   Joyce R. Branda
Suite 9200, 1 Courthouse Way       Daniel Anderson
Boston, MA 02210                   Renée Brooker
Phone: (617) 748-3272              Justin Draycott
Fax: (617) 748-3398                Rebecca A. Ford
                                   Gejaa T. Gobena
R. ALEXANDER ACOSTA                Civil Division
UNITED STATES ATTORNEY             Commercial Litigation Branch
SOUTHERN DISTRICT OF FLORIDA       P. O. Box 261
                                   Ben Franklin Station
 /s/ Mark A. Lavine                Washington, D.C. 20044
Mark A. Lavine                     Phone: (202) 307-1088
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101


Dated: November 23, 2007

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **THE UNITED STATES' RESPONSE TO ABBOTT LABORATORIES INC.'S EMERGENCY MOTION TO COMPEL SUBMISSION OF "CROSS-CUTTING" EVIDENCE CONSISTENT WITH THE COURT'S DELIBERATIVE PROCESS PRIVILEGE ORDER** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: November 23, 2007

/s/ Gejaa T. Gobena
Gejaa T. Gobena