# EXHIBIT 4

T H E | W E X L E R | F I R M <sup>LLP</sup>

May 26, 2005

*Via Facsimile*

Ms. Toni-Ann Citera                         Ms. Beth A. O'Connor
Jones Day                                   Jones Day
222 E. 41st Street                          77 West Wacker Dr.
New York, NY 10017-6702                     Chicago, IL 60601-1692

   Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*
     MDL No. 1456 (D. Mass.)

Dear Toni and Beth:

Thank you for speaking with me yesterday. This letter will memorialize the contents of our discussion. If there is anything inaccurate in this letter, please let me know.

**Abbott's Ongoing Production:** You advised me that the CD-ROM production would be completed on June 13. I informed you that this was inconsistent with the position taken by Laura Dahl, who indicated we would have the production at the beginning of this week. Based on some of the technical difficulties Abbott has experienced in imaging the documents, we agreed that Abbott would produce CD-ROMs to us on a rolling basis that would in all cases be completed by June 13. You also agreed to make Abbott's organizational charts among the first documents that are produced to us on CD-ROM so that we can begin making decisions about depositions. (Abbott has already agreed to compile "a list of departments at Abbott with relevant information, including persons responsible for setting the price of Abbott's drugs listed in the AMCC.")

In addition, you advised me that Abbott intends to do a "rolling production" for documents otherwise responsive to plaintiffs' Omnibus Requests. I told you that, because of the discovery deadlines, a rolling production would be unacceptable unless we saw a definitive end in sight. You agreed to investigate providing me with a date.

When I asked you to identify the differences between the CD-ROM production and the rolling production, you stated that most of the documents in the CD production would be from the government productions, although there were about six boxes of documents that were responsive to the Omnibus Requests. I therefore asked you to provide us with a source list or, at minimum, a list of the persons whose offices Abbott has searched and intends to search. Please provide this list by Monday, June 6.

| Contact Information: | **Jennifer Fountain Connolly** | One North LaSalle Street | 312 346 2222 |
| | **312 261 6195 Direct Dial** | Suite 2000 | 312 346 0022 fax |
| | **jfconnolly@wexlerfirm.com** | Chicago, Illinois 60602 | **www.wexlerfirm.com** |

# T H E │ W E X L E R │ F I R M LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 2

We further discussed Abbott's position that it would address whether to produce documents from the entire Class Period (January 1, 1991 to the present) on a case-by-case basis. You informed me that Abbott is not withholding documents from earlier time periods that are otherwise responsive; however, you stated that there are certain places where Abbott has not searched for responsive documents. The only concrete example that you were able to identify was microfiche. First, we need to know what is contained on those microfiche. Second, we would like a complete list of the areas which Abbott has outright refused to search based on its time period objection. Please provide that to me by Friday, June 3.[1]

**Electronic Sales Data:**

In addition, you indicated that Abbott would be producing Bruce Stowell as Abbott's designee pursuant to our 30(b)(6) notice on data. We agreed to interview Mr. Stowell by telephone in lieu of a deposition. Of course, if he is non-responsive, we reserve the right to reschedule the deposition. We are available on June 21 and would like to begin the telephone conference at 10:00 a.m. Central time. Please let us know the number(s) we should call on that date.

You agreed to provide me with Abbott's designee on indirect sales/chargeback data (for PPD) by Friday, May 27. You also informed me that, though Abbott spun off its hospital division last year, Abbott will agree to provide a designee for Hospira (the new spun-off entity).

You agreed to identify Abbott's designees with respect to plaintiffs' second 30(b)(6) notice by next week. You also informed me that Abbott would be providing a revised data set for one of its divisions (but you did not recall which division) in one week.

As initially raised by Chris Cook, you asked me if plaintiffs would consider limiting the number of Abbott AWPIDs. I informed you that we would be willing to engage in this inquiry if Abbott would provide us with the data and more detailed information to enable us to do so. You said that you would follow-up on this.

Further, you advised me that Abbott is not willing to supplement its electronic sales data production beyond December 31, 2003. Although you provided me with Abbott's legal position on this issue, you did not provide me with details regarding any undue burden

---

[1] You informed me this is not an issue with regard to TAP because Prevacid was introduced in 1995.

**4-2**

**T H E │ W E X L E R │ F I R M** LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 3

Abbott would incur in supplementing this information. You advised me that Mr. Stowell would be able to address this. We will deal with the issue at that point.

Finally, I advised you that I will be sending you a letter under separate cover regarding the deficiencies in Abbott's electronic data production to date.

**E-Mail:** You stated that Abbott has produced e-mail that was contained in paper form and that the e-mails produced in paper form were produced in the form maintained in the ordinary course of business. Beth will get back to me regarding the manner in which Abbott intends to proceed with searching. I agreed to provide you with a list of terms to search. I would like to know how Abbott intends to proceed with those searches by Friday, June 3.

**Privilege Log.** Abbott agreed to provide a privilege log for the CD-ROM production by June 8, 2005.

**Documents Abbott Must Still Produce In Response to Plaintiffs' Omnibus Requests:**
Finally, we discussed the specific categories in the Omnibus Requests for which plaintiffs believe Abbott has not yet produced responsive documents. You advised me that many of these documents were being produced in the CD production. Specifically,

### *Category 1: General Corporate*

- You informed me that Abbott's document retention policy during the relevant time period would be produced in the CD production.

### *Category 2: Trade Associations*

- You said that these documents would be contained in the rolling production. To your knowledge, Abbott is not withholding responsive documents in this category; however, you agreed to confirm this. Please advise me of this by Friday, June 3.

### *Category 5: AWPs and Pricing Related*

- You stated that Abbott did not have many responsive documents defining AWP; however, the vast majority of them will be contained in the CD production. You stated that there would be documents relating to Abbott's

T H E │ W E X L E R │ F I R M ᴸᴸᴾ

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 4

pricing methodologies (other than just Abbott price lists) in the rolling production.

- You stated that most marketing plans would be in PPD and would be produced in the rolling production.

- You stated that, although Abbott would produce documents related to its revenues (in its electronic sales data), that Abbott would not produce any documents regarding its profits and/or per-unit average total cost for its AWPIDs.

### *Category 6: Inducements:*

- You stated that Abbott has provided rebate, chargeback, and discount data in its electronic sales data.

- You did not believe that Abbott had many documents regarding free samples given to physicians. However, Abbott will produce all responsive documents.

- Finally, you will advise me whether Abbott is withholding any documents in this category. Please let me know by Friday, June 3.

### *Category 7: Marketing Plans and Sales Representatives*

- We discussed plaintiffs' need for sales representative call notes. You informed me that Abbott does not have these documents in electronic form. You stated that Abbott has produced some notes from the offices of its National Account Managers because these documents were produced in the government productions; however, the offices of individual sales representatives have not been searched. You indicated a desire to limit this search. I advised you that plaintiffs could not take a position on this issue without organization charts and reviewing the documents in Abbott's CD production. I also advised you that providing us with list of all national sales awards available for each AWPID and the business plans for all recipients thereof (Request Nos. 44 and 45) as soon as possible would assist us in making decisions about this issue. You also did not know if there was any overlap between sales notes that might be found in the offices of individual sales representatives and those in the offices of National Account Managers.

**4-4**

T H E │ W E X L E R │ F I R M ᴸᴸᴾ

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 5

We will require answers to these types of questions and need to revisit these issues soon.

- You informed me that Abbott does not have many documents where the raising of or use of AWP as a marketing tool was discussed (Request Nos. 50, 53); however, you represented that these would be in the CD production as part of Abbott's government production.

### *Category 8:  Publishers.*

- You advised me that these documents would be contained in the CD production.  You told me that you would attempt to produce these documents earlier rather than later in the production.

### *Category 9:  PBMs; Wholesalers*

- You stated that, for PPD, Abbott will produce all PBM contracts.  You will investigate whether Abbott can produce all wholesaler contracts.  (I told you that since there are only three full-line wholesalers that should not be an issue.)  You also agreed that, if Abbott is producing only a "sampling" of certain categories of responsive documents, you will advise me of that so that I may ask you for additional documents or a full production if we need it.  I assume that you will do this for Abbott's entire production.  If this is not the case, please advise.

### *Category 10:  Communications With Other Manufacturers*

- You stated Abbott has no responsive documents.

### *Category 11:  Miscellaneous*

- You stated that, with regard to Request No. 82, you did not believe Abbott has any repackaged or relabeled AWPIDs.  You will confirm this to me.

**TAP documents.**  I agreed to provide you with dates during which we could re-review the TAP documents at your Chicago office.  We are available June 2, 6 or 9.  Please advise which of these dates works for Beth.

T H E │ W E X L E R │ F I R M LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 6

We also need to talk about TAP's 30(b)(6) designees.  I will call you after the Memorial Day holiday to get the names of those individuals.

Please call me or Beth Fegan with any questions.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:    Beth Fegan
       Kenneth A. Wexler

**4-6**

WEXLER FIRM            x:13123460022

## ** Transmit Conf.Report **

P.1                                               May 26 2005  15:34

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 244#1075#012#12127557306# | NORMAL | 26,15:34 | 2'46" | 7 | * O K | BRDCAST |
| 244#1075#012#8728585# | NORMAL | 26,15:44 | 0'00" | 0 | D.0.7 | BRDCAST |
| ↑ Check condition of remote fax. | | | | | | |
| 244#1075#012#7629286# | NORMAL | 26,15:39 | 1'20" | 7 | # O K | BRDCAST |

## THE | WEXLER | FIRM

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602          T (312) 346-2222  F (312) 346-0022 | www.wexlerfirm.com

### Facsimile Cover Sheet

To.    Toni-Ann Citera     Fax No.:    (212) 755-7306
       Beth A. O'Connor                (312) 872-8585
       Beth Fegan                      (312) 762-9286

From   Jennifer Fountain Connolly

Date   May 26, 2005

Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation
       MDL No. 1456 (D. Mass.)

Total Number of Pages Including Cover Page:     7

Remarks     Please see the attached correspondence

In case of difficulty in transmission, please call (312) 346-2222

The information contained in this facsimile message is subject to the attorney-client privilege or is otherwise privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify The Wexler Firm by telephone and return the original message to the above address via the United States Mail. Thank You

WEXLER FIRM          x:13123460022

## ** Transmit Conf.Report **

P.1                                          May 26 2005  15:55

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 238#1075#012#13127828585# | NORMAL | 26,15:55 | 2'47" | 7 | * O K | |

## THE | WEXLER | FIRM

One North LaSalle Street
Suite 2000
Chicago, Illinois 60002          T (312) 346 2222  | F (312) 346-0022 | www.wexlerfirm.com

### Facsimile Cover Sheet

To:   Toni-Ann Citera          Fax No.:   (212) 755-7306
      Beth A. O'Connor                    (312) 872-8585
      Beth Fegan                          (312) 762-9286

From:  Jennifer Fountain Connolly

Date:  May 26, 2005

Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation
       MDL No. 1456 (D. Mass.)

Total Number of Pages Including Cover Page:          7

Remarks:   Please see the attached correspondence

In case of difficulty in transmission, please call (312) 346-2222

The information contained in this facsimile message is subject to the attorney-client privilege or is otherwise privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination or copying of this communication is strictly prohibited  If you have received this communication in error, please immediately notify The Wexler Firm by telephone and return the original message to the above address via the United States Mail. Thank You.

4-8

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number:  (312) 269-4174
cgeisler@jonesday.com

JP003466
080024-024348

August 15, 2007

## VIA FEDERAL EXPRESS

Mark A. Lavine
Health Care Fraud Coordinator
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL   33131

Re:     United States of America v. Abbott Laboratories

Dear Mark:

I am responding to your letters of July 23, July 27 and August 3, 2007.

**Electronic Email Production**

As we indicated to you during our July 6th meet and confer and in my email of July 20, 2007, we are prepared to produce responsive emails from 2002 – 2003 to the DOJ in electronic format.  As CMO 29 (the CMO that governs this process) dictates, "All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties." (CMO 20 ¶3).  After we received your objection to the electronic production on July 27, 2007, we discussed this issue with Ani Martinez, Justin Draycott and John Neal on August 3, 2007 and agreed that we would produce these emails and other "reasonably available" electronic documents in the format described as Option #2 on the DOJ's Requirements For Electronic Production (attached to with your July 27, 2007 letter).  We are making the necessary changes to the email production and will provide these documents to you on August 20, 2007.

**AMP Data**

Abbott has produced AMP data as it was reported to HCFA/CMS for the 44 NDCs identified in the DOJ's Complaint from 1991-2003.  Abbott has also produced to you the documentation which describes the calculation of AMP.  During our meet and confer on July 6, 2007 we indicated that we were searching for the underlying AMP data for 2000-2003.  We have located the data for 2000-2001 and are producing that to you electronically (ABT-DOJ 0298104) with this letter.  We are still attempting to locate the underlying data for 2002-2003 and hope to have the available data to you before the end of August.

CHI-1601809v1

**JONES DAY**

Mark A. Lavine
August 15, 2007
Page 2

During our meet and confer, we also indicated that the underlying data for the period 1991-1999 was not available as that data was overwritten by the system every quarter when a new AMP was calculated. We offered to search for the program commands used by the system that calculated AMP so that you could review the process used by the system to calculate AMP. To date, we are still looking for this information and should we find it, will produce it to you.

## CHIPs Data

Abbott produced to the DOJ 63 CDs containing all of the transactions that could be restored from the previously decommissioned CHIPs system for claims that Abbott submitted to all payors on behalf of its Home Infusion Services clients. Additionally, we produced a number of CHIPs manuals, referenced in Jason Winchester's email of June 29, 2007. It is our understanding that the data dictionary included with these manuals contains the codes from the CHIPs data. We have agreed to search for the definitions for the three-letter abbreviations used to identify each customer and provide you with a file layout for the data. The definitions for the three-letter codes are as follows:

| | |
|---|---|
| ABT – Abbott | ADH – Advocate |
| AHT – American Home Therapy | ASH – Associated Home Medical |
| BHI – Sacred Heart | BMH – Ball |
| CLS – Clinishare | CLV – Cleveland |
| CMH – Childrens | CSH – Cedars Sinai Medical Center |
| CVN – Chattahoochee | HHF – Home Health First (Baylor) |
| LHA – LHS/Alaska | LHS – Luthern LHS Home & Community Care |
| LOY – Loyola | MCH – Home med |
| MDS – Medisense | MEM – Memorial |
| MHI – Midwest Home | MHM – McLaren |
| MHS – McKennan | MRM – Mercy Home Care |
| MTH – The Methodist Home Care | NCB – West Carolina |

CHI-1601809v1

JONES DAY

Mark A. Lavine
August 15, 2007
Page 3

| NMH – Northwestern | OMN – Omincus |
|---|---|
| PHC – Parkview | RHI – Roper Home Infusion |
| SHS Sutter | SLS – SLSM Home Care |
| SMH – Strong Memorial | SOP – Sisters of Providence |
| THC – Tower Health Care | TUH – The University Home Care Services |
| UHC – University Home Infusion Care | UOC – University of Chicago |
| UVA – Continuum | WPH – Western Plain |
| WVU – Care Partners (Univeristy of West Virginia) | |

I will provide you with field information for the CHIPs data under separate cover today.

**RxLink Data**

In your July 23, 2007 letter you reference RxLink data and the RxLink class of trade. We are unsure what you are referring to in this request. RxLink is a price paid to a wholesaler by a non-contract customer. The wholesaler received a chargeback from Abbott when this type of transaction took place. Consequently, these transactions are part of the indirect sales data produced to the DOJ. There is no RxLink class of trade nor any RxLink data. We believe that we have provided all available data in response to this request.

**Transactional Data**

We have pulled transactions sales data, both direct and indirect, for the 44 NDCs named in the DOJ's complaint. We are following up on a few questions with Abbott regarding this data. As soon as we have these questions resolved we will produce the data to you. We anticipate doing so by the end of the month.

**Pricing profiles from CAS**

In your July 23, 2007 letter you make a vague reference to pricing profiles from CAS. All of the prices paid by Abbott's customers are contained in the transactional sales data. We believe that production of the pricing profiles would be duplicative of data already pulled. Additionally, while a pricing profile may contain prices for which a particular customer is

CHI-1601809v1

**JONES DAY**

Mark A. Lavine
August 15, 2007
Page 4

eligible, only through review of the transactional data can it be determined what price was paid by the customer.  Finally, it is also our understanding that the CAS system does not contain historical data, but, instead, the current pricing available to Abbott's customers.  Since the time period at issue in this litigation ends in 2003, we doubt that there would be any relevant data available in the CAS system.

Sincerely,

<em>Carol P. Geisler</em>

Carol P. Geisler

Enclosures

cc:    Jason G. Winchester, Esq.

 **U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

99 N.E. 4 Street

Miami, FL 33132
(305) 961-9000

November 16, 2007

Carol Geisler
Jason G. Winchester
77 West Wacker
Chicago, Illinois  60601-1692

Re:   U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, MDL No.
      1456/Civil Action No. 01-12257-PBS

Dear Carol and Jason:

      I am writing to follow-up on Abbott's production of e-mails to the United States.  As you
know, Abbott has only produced emails for 2002 and 2003.  However, Abbott has never
explained why it has failed to produce e-mails from earlier time frames.  Please explain why
those e-mails have not yet been produced and when it is that you plan to produce them.  If you
are unable to produce them, please explain the circumstances justifying your position.  If they
have been destroyed or otherwise rendered incapable of restoration and production, please
explain how that occurred.  In addition, please designate and make available for deposition
pursuant to Rule 30(b)(6) a witness to address all of the foregoing questions, as well as all efforts
taken to preserve e-mails and other e-mail retention policies and procedures from 1991 to 2003.

                              R. ALEXANDER ACOSTA
                              UNITED STATES ATTORNEY

                              Mark A. Lavine
                              Assistant U.S. Attorney
                              (305) 961-9303
                              (305) 536-4101 Fax
                              Mark.Lavine@usdoj.gov

2007.11.16.Geisler.wpd

**4-13**

Second, the United States learned secondhand through private plaintiffs of hundreds of thousands of Abbott emails that were relevant to the United States' case – emails that were provided to private plaintiffs in the first instance only after motions practice. *See* Ex. 4 at 75. It was not until August 22, 2007 that the United States received that e-mail production, and questions about the completeness of the production still remain unanswered. *See* Ex. 3 at 12.

## Brooker, Renee (CIV)

| | |
|---|---|
| **From:** | Lavine, Mark (USAFLS) [Mark.Lavine@usdoj.gov] |
| **Sent:** | Monday, November 26, 2007 11:46 AM |
| **To:** | Jason G. Winchester; Carol Geisler |
| **Cc:** | Brooker, Renee (CIV); Gobena, Gejaa (CIV); Ford, Rebecca (CIV); St.Peter-Griffith, Ann (USAFLS); jbreen@breenlaw.com; alisonsimon@breenlaw.com |
| **Subject:** | RE: Letter re Abbott E-mails |

Jason and Carol,

My letter of November 16, 2007 asked for information explaining why Abbott has only produced e-mails from 2002 and 2003.  It also asked if and when additional e-mails would be produced.  Your attention to these matters would be greatly appreciated.  Thanks.

Mark

*Mark Lavine*

*(305) 961-9303*

---

**From:** Lavine, Mark (USAFLS)
**Sent:** Friday, November 16, 2007 5:22 PM
**To:** Jason G. Winchester; Carol Geisler
**Cc:** Brooker, Renee (CIV); Gobena, Gejaa (CIV); Ford, Rebecca (CIV); St.Peter-Griffith, Ann (USAFLS); jbreen@breenlaw.com; alisonsimon@breenlaw.com
**Subject:** Letter re Abbott E-mails

Please see attached correspondence.

<< File: 2007.11.16.Geisler.pdf >>

*Mark Lavine*

*U.S. Attorney's Office*

*Southern District of Florida*

*(305) 961-9303*

**4-15**

11/26/2007

**Brooker, Renee (CIV)**

| | |
|---|---|
| **From:** | Lavine, Mark (USAFLS) [Mark.Lavine@usdoj.gov] |
| **Sent:** | Tuesday, November 27, 2007 12:42 PM |
| **To:** | Jason G. Winchester; Carol Geisler |
| **Cc:** | St.Peter-Griffith, Ann (USAFLS); Brooker, Renee (CIV); Gobena, Gejaa (CIV); Ford, Rebecca (CIV); jbreen@breenlaw.com; alisonsimon@breenlaw.com |
| **Subject:** | RE: Letter re Abbott E-mails |

   I am glad to hear that you are investigating what other electronic e-mails can be produced, but we have been seeking a response from Abbott on its production of emails in electronic and paper format for several months. As you know, there is a pending third motion to compel on this issue. I would expect that this is not the first time that Abbott has investigated the accessibility of its e-mails. When do you expect to provide us with a concrete response? In addition, please address the following questions.

   Your reference to "reasonably available" electronic e-mails is the first suggestion to the United States that Abbott may have failed to produce electronic discovery on such a basis. If Abbott is, in fact, now refusing to produce any electronic discovery (emails or otherwise) on the basis that it is not reasonably accessible, please clearly state that to be the case and identify each item which Abbott claims is not reasonably accessible and the reasons therefore. In addition, if you or Abbott have caused or allowed potentially relevant and readily available information to be no longer "reasonably accessible," please disclose how that occurred.

   Also, please confirm whether pre-2002 e-mails produced by Abbott to date were limited to those that happened to have been printed by certain employees in hard copy. If there was a systematic manner of printing all emails, please describe the policy and practice. Further, confirm whether it is Abbott's position that there are no reasonably accessible electronic e-mails for any dates prior to 2002, and whether that is the case for any other electronic discovery, i.e. hard drives of employees.

   Finally, as a reminder, please provide a date later this month or in December for the deposition of Abbott's corporate designee who will address all of the foregoing questions, as well as all efforts taken to preserve e-mails and other e-mail retention policies and procedures from 1991 to 2003.

Mark Lavine
(305) 961-9303


-----Original Message-----
From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]
Sent: Tuesday, November 27, 2007 10:37 AM
To: Lavine, Mark (USAFLS)
Cc: alisonsimon@breenlaw.com; St.Peter-Griffith, Ann (USAFLS); Carol Geisler; Gobena, Gejaa (CIV); jbreen@breenlaw.com; Ford, Rebecca (CIV); Brooker, Renee (CIV)
Subject: RE: Letter re Abbott E-mails

Mark -

We received your inquiry. We have produced to you many emails from outside the 2002-2003 time range as part of the paper production in this case. We are investigating what, if any, additional emails may be reasonably available in electronic form.   JGW


Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
312.269.4373 (direct)
312.782.3939 (main)

**4-16**

312.782.8585 (fax)

| | | |
|---|---|---|
| "Lavine, Mark (USAFLS)" <Mark.Lavine@usdoj.gov> | | To |
| | "Jason G. Winchester" <jgwinchester@JonesDay.com>, "Carol Geisler" <cgeisler@JonesDay.com> | |
| 11/26/2007 10:45 AM | | cc |
| | "Brooker, Renee (CIV)" <Renee.Brooker@usdoj.gov>, "Gobena, Gejaa (CIV)" <Gejaa.Gobena@usdoj.gov>, "Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>, "St.Peter-Griffith, Ann (USAFLS)" <Ann.St.Peter-Griffith@usdoj.gov>, <jbreen@breenlaw.com>, <alisonsimon@breenlaw.com> | |
| | | Subject |
| | RE: Letter re Abbott E-mails | |

Jason and Carol,

My letter of November 16, 2007 asked for information explaining why Abbott has only produced e-mails from 2002 and 2003.  It also asked if and when additional e-mails would be produced.  Your attention to these matters would be greatly appreciated.  Thanks.

Mark

Mark Lavine

(305) 961-9303

---

From: Lavine, Mark (USAFLS)
Sent: Friday, November 16, 2007 5:22 PM
To: Jason G. Winchester; Carol Geisler
Cc: Brooker, Renee (CIV); Gobena, Gejaa (CIV); Ford, Rebecca (CIV); St.Peter-Griffith, Ann (USAFLS); jbreen@breenlaw.com; alisonsimon@breenlaw.com
Subject: Letter re Abbott E-mails

Please see attached correspondence.

<< File: 2007.11.16.Geisler.pdf >>

Mark Lavine

**4-17**

U.S. Attorney's Office

Southern District of Florida

(305) 961-9303


==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it
and notify sender by reply e-mail, so that our records can be corrected.
==========

**4-18**