# EXHIBIT 5

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number:  (202) 879-3734
christopher cook@jonesday.com

November 21, 2007

VIA EMAIL

M. Justin Draycott, Esq.          Ana Maria Martinez, Esq.
Patrick Henry Building            Assistant United States Attorney
601 D Street, N.W.                Southern District of Florida
Washington, D.C. 20004            99 N.E. 4th Street
                                  Miami, FL 33132

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Counsel:

Pursuant to CMO 29, please provide suggested dates for a 30(b)(6) deposition(s) for each of the entities listed.[1] We have prioritized the entities as follows:

**Priority A**

1. AdminaStar Federal
2. Cigna
3. Palmetto
4. Trailblazer
5. Blue Cross Blue Shield of Alabama
6. Blue Cross Blue Shield of Montana
7. Healthnow
8. NHIC

**Priority B**

1. Noridian
2. Group Health Inc.
3. Highmark
4. Triple S, Inc.
5. Wisconsin Physician Service Ins. Co.
6. Blue Cross Blue Shield of Arkansas

---

[1] By agreement of the parties, the United States must propose dates for the 30(b)(6) depositions for each of the entities no later than December 12, 2007.  Abbott has prioritized the entities to assist the United States with scheduling.

JONES DAY

M. Justin Draycott, Esq.
Ana Maria Martinez, Esq.
November 21, 2007
Page 2

7. Blue Cross Blue Shield of Florida
8. Blue Cross Blue Shield of Kansas
9. Empire Healthchoice
10. Regence Blue Cross Blue Shield

**Priority C**

1. Aetna
2. Blue Cross Blue Shield of Western New York
3. Blue Cross Blue Shield of North Dakota
4. Transamerican Occidental Life
5. Empire Blue Cross Blue Shield
6. Blue Cross Blue Shield of Texas
7. Blue Cross Blue Shield of Utah
8. Blue Cross Blue Shield of South Carolina
9. Connecticut General Life Insurance
10. IASC Heath Services Corp.
11. Medical Service Association of Pennsylvania
12. Metra Health
13. Nationwide Mutual Insurance
14. Health Care Service Corporation
15. Blue Cross Blue Shield of Massachusetts
16. General American Life Insurance Company
17. Blue Cross Blue Shield of Rhode Island

The topics for which examination is requested are:

1. The states, jurisdictions, and/or regions for which the entity served as a Medicare Part B Carrier, DMERC, Administrator, Fiscal Agent, Fiscal Intermediary, and/or otherwise processed claims for any state Medicaid program from January 1, 1991 through January 31, 2001 (the "Relevant Claim Period"), and the dates for which the entity served as a Medicare Part B Carrier, DMERC, Administrator, Fiscal Agent, Fiscal Intermediary, and/or otherwise processed claims for any state Medicaid program for each such state, jurisdiction, and/or region.

2. For each year during the Relevant Claim Period, the total amount that the entity paid Providers on behalf of Medicare Part B and/or any state Medicaid program for the Subject J-Codes.

JONES DAY

M. Justin Draycott, Esq.
Ana Maria Martinez, Esq.
November 21, 2007
Page 3

The term "Provider" or "Providers" means and refers to any and all persons or entities that render health care services, including but not limited to pharmacists, physicians, nurses, nurse practitioners, physicians' assistants, specialty pharmacy, nursing home personnel, laboratory technicians, x-ray and other medical equipment technicians, and other hospital or physician-office personnel.

     3.     During the entirety of the Relevant Claim Period, the manner in which the entity calculated or determined the amount that the Medicare Part B program and/or any state Medicaid program paid Providers for each claim that sought payment for the Subject J-Codes, including:

          (a)     how any applicable "median AWP" or "lowest branded AWP" was calculated;

          (b)     an identification of all pricing arrays that were used to determine payment amounts and how those pricing arrays were used to determine payment amounts; and

          (c)     the sources of pricing data that the entity used to establish the payment amount and why the entity used those sources of information.

     4.     To the extent that the entity cannot explain the manner in which it calculated or determined the payment amount for every claim submitted by Providers during the Relevant Claim Period seeking payment for the Subject J-Codes, why the entity cannot provide that information.

     5.     During the entirety of the Relevant Claim Period, all methodologies and data sources of pricing data that the entity considered using to pay Providers for the Subject J-Codes, and why it did or did not use such methodologies or data sources.

     6.     During the entirety of the Relevant Claim Period, whether the entity determined, or was capable of determining, the identity of the manufacturer of a drug based solely upon the drug's J-Code or the amount paid for a claim.

     7.     If issued by defendants in AWP MDL 1430 and/or AWP MDL 1456, the entity's responses to the subpoena(s), including:

          (a)     the policies, directives, instructions, and procedures and practices relating to the search for and collection of responsive documents;

JONES DAY

M. Justin Draycott, Esq.
Ana Maria Martinez, Esq.
November 21, 2007
Page 4

    (b)    the scope of the search performed (including the entity's understanding and implementation of any agreements reached with defendants limiting the scope of production);

    (c)    an identification of the individual employees, files, computers, locations, and divisions within the entity that were searched for responsive documents;

    (d)    an identification, by specific Bates ranges, of the individual employees, files, computers, and locations from which documents were collected; and

    (e)    the steps taken to search for electronic documents, including whether key word searches were conducted, for which individual employees key word searches were conducted, and which key words were used.

8. The entity's responses to Defendant Abbott Laboratories, Inc.'s First and Second Sets of Requests for the Production of Documents and Tangible Things to Plaintiff United States of America, including:

    (a)    an identification of the individual employees, files, computers, locations, and agencies within the entity that the entity believes may have responsive documents;

    (b)    the steps taken to identify sources of responsive documents and search for and collect responsive documents as of the date of the deposition;

    (c)    the policies, directives, instructions, and procedures and practices relating to the search for and collection of responsive documents;

    (d)    an identification of the individual employees, files, computers, locations, and agencies within the entity that were searched for responsive documents prior to the date of the deposition; and

    (e)    the steps taken to search for electronic documents, including whether key word searches were conducted, for which individual employees key word searches were conducted, and which key words were used.

9. Since on or around June 23, 1995, the actions taken by the entity to insure the preservation of evidence, witness testimony, data, or other information potentially relevant to the pricing and Medicare Part B or Medicaid reimbursement of prescription drugs, including but not

JONES DAY

M. Justin Draycott, Esq.
Ana Maria Martinez, Esq.
November 21, 2007
Page 5

limited to documents relating to average wholesale price (AWP) or wholesale acquisition cost (WAC), including:

      (a)    the date on which the action was taken;

      (b)    the individuals who took the action;

      (c)    the specific direction to preserve evidence that was communicated, including the individuals to whom the direction were directed; and

      (d)    the parties to any Communication relating to the preservation of evidence

The United States has represented that it coordinated the search for and collection of documents from the entities that served as Medicare Carriers and that administered the state Medicaid programs. Abbott does not believe that the production of documents from these entities is complete. Please inform us, in writing, for which entities listed above that the production of documents is complete and the date by which the United States will complete its production for the remaining entities.

Sincerely,

/s

R. Christopher Cook

cc:    Renée Brooker
        Gejaa Gobena
        John K. Neal
        Mark A. Lavine
        Ann St. Peter-Griffith
        James J. Breen
        Alison Simon
        Neil Merkl
        Sarah L. Reid
        Eric Gortner