UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ) *U.S. ex rel. Ven-A-Care of the Florida Keys,* ) *Inc. v. Abbott Laboratories, Inc.*, ) No. 06-CV-11337-PBS ) | <br>Magistrate Judge Marianne B. Bowler |

### ABBOTT LABORATORIES, INC.'S RESPONSE TO
### THE UNITED STATES' MOTION FOR ENLARGEMENT OF TIME
### TO COMPLETE DISCOVERY

The Government's instant motion purports to seek more time to complete discovery.  It is a misnomer.  This case was filed in 1995, over 12 years ago.  For the first 11 years, the United States had and used the ability to conduct broad one-way discovery of Abbott through civil investigative demands and witness interviews.  Abbott was only able to begin discovering its case against the Government in August 2006.  Nonetheless, in the 15-month fact discovery period set by the Court, Abbott has worked hard to catch up, and has conducted focused discovery that exposes the fatal flaws in the Government's claims.

Perhaps in view of Abbott's efforts, the Government, with about a month left in the discovery period specified by this Court – and again, over 12 years into the Government's investigation – has apparently realized it cannot prove its case.  Scrambling for more time, the Government has spent the last several weeks attempting to ensure that discovery cannot be completed on the Court's schedule, and thereby to manufacture support for the instant motion.  This bid for delay has followed two primary paths.  *First*, the Government has heaped multiple rounds of new discovery requests on Abbott (two sets of document requests, requests for admission, and demands to depose more than 40 current and former Abbott employees, whose

identities the Government has known for months).   Painting its latest batches of discovery with the same broad brush that has led Magistrate Judge Bowler time and again to strike down or curtail prior requests, the Government's aim is clearly to delay the proceedings rather than to pursue legitimate discovery.

*Second*, the Government has attempted to alter fundamentally the scope of its affirmative case.  After averring in August 2006 that it would not call any State Medicaid witnesses, and holding to that position over the ensuing months, the Government served on the Monday before Thanksgiving (just weeks before the appointed close of discovery) a "Supplemental" Rule 26(a)(1) Disclosure naming no less than 22 such witnesses, and purporting to reserve the option to name even more.  This wholly improper ambush is the subject of *Abbott's Motion to Strike Plaintiffs' Untimely Supplemental Rule 26(A)(1) Disclosure and Preclude Plaintiffs' Untimely Disclosed Medicaid Witnesses* (Dkt. No. 4915), which Abbott respectfully suggests should be heard in conjunction with the instant motion.

This ploy should not succeed, for if the Government is given the sort of unrestricted extension it seeks, this process will surely repeat – with more onerous, last-minute requests used to justify yet more extensions.  Abbott does not contest that the practical reality is that the party discovery already timely served in this case will not be completed by December 31, 2007.  Although there is no need to waste the Court's time by going point-for-point on the inaccuracies and mud-slinging in the Government's brief, suffice to say that both sides have work to do to complete their outstanding discovery obligations (the particulars of which Abbott will address in motion practice as needed).  The fact that additional time is needed to complete the discovery already properly served, however, *cannot* justify giving the Government the blank check it demands to propound yet more party discovery on Abbott – 12 years really ought to be enough.

Rather than allow an unrestricted, six-month extension of discovery, Abbott respectfully submits that the better course is for the Court to rule that party fact discovery served on or before December 1, 2007 is timely and must be completed on or before March 31, 2007.  Third-party discovery (true third-party discovery, not discovery of related entities or former employees) should not be affected by such an order; Abbott has no objection to that continuing past the fact discovery close.  And all remaining dates in CMO 29 could simply be adjusted by three months, to track this change in the close of fact discovery.

## **CONCLUSION**

For the foregoing reasons, Abbott respectfully requests that the instant Motion be granted only in part, and that the Court order as follows:

- The Court should rule that any party fact discovery not served on or before December 1, 2007 is untimely and, therefore, need not be answered.  This should not, however, limit any party's ability to propound or conduct third-party discovery.

- The Court should further rule that any party fact discovery outstanding as of December 2, 2007 shall be completed no later than March 31, 2007.

- All remaining dates in CMO 29 should be adjusted by three months, to track this change in the close of fact discovery.

Dated:  December 10, 2007

Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

      I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S RESPONSE TO THE UNITED STATES' MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 10th day of December, 2007.

                              /s/ Brian J. Murray
                              Brian J. Murray