# EXHIBIT 1



                                      **U.S. Department of Justice**

                                      Civil Division, Fraud Section

---

*601 D Street, NW*                                      *Telephone:  (202) 305-9300*
*Ninth Floor*                                             *Telecopier:  (202) 616-3085*
*Washington, D.C. 20004*

                                                       November 20, 2007

*Via Electronic Transmission*
Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113


        Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, et al.*
                MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Chris:

        This letter responds to your correspondence of November 19, 2007 and to an issue raised in ensuing emails between you and Gejaa Gobena.

        First, your statement that the Government has "failed to produce communications that Mr. [Ira] Burney and others had with third parties" is incorrect. Your letter dated June 11, 2007 concerned this category of material. In response to that correspondence, we agreed to produce it, and we have been so doing. *See, e.g.,* material produced in HHD101. We have also produced this type of material from the files of individual CMS personnel, as reflected by the fact that Abbott's counsel have been using such documents as exhibits throughout the depositions Abbott has noticed in this case. Accordingly, your assertion that the Government has engaged in a blanket refusal to produce documents which may have originated with the Office of Legislation is simply wrong.

        Second, we believe that Judge Saris's Order of November 9, 2007 can be interpreted based on its plain language. Further, the arguments in your emails to Mr. Gobena over the last two days are essentially a reiteration of those stated in Abbott's Objections to Magistrate Bowler's August 13, 2007 Order (p. 18), where you argued that documents which do not expressly reference Abbott or the Subject Drugs may nonetheless affect the Subject Drugs because "those drugs fall within the categories of products mentioned in the documents." Abbott further argued that "language requiring production of documents that 'expressly reference Abbott Laboratories, Inc. and/or the subject drugs' is too narrow." Notwithstanding Abbott's arguments on this point, the Court ordered that the Government produce for *in camera* inspection only those "documents which relate to its knowledge of a 'spread' for Abbott's drugs at issue in this litigation or its knowledge of Abbott's 'marketing of the spread' for any of its drugs." Accordingly, your interpretation of the Court's Order is strained and incorrect whether the Order is construed by its plain language or by taking into account the arguments asserted by Abbott and

-2-

rejected by Judge Saris. In short, with respect to your question as to how the Government intends to interpret Judge Saris's ruling, we do not believe there is an "interpretation" issue, we will apply the Order precisely as written.

    Thank you for your attention.

                              Very Truly Yours,

                              /s/
                           Justin Draycott
                           Trial Attorney
                   Commercial Litigation Branch

cc:
James Breen
The Breen Law Firm

Eric Gortner
Kirkland Ellis
200 East Randolph Drive
Chicago, Illinois 60601-6636

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

Neil Merkl,
Paul F. Doyle
William A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178