# EXHIBIT 2

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
by Gerald J. Pappert, in his capacity  :
as Attorney General of the             :
Commonwealth of Pennsylvania,          :
             Plaintiff  :
                        :
          v.                :
                        :
TAP Pharmaceutical Products, Inc.;     :
Abbott Laboratories; Takeda Chemical   :
Industries, LTD.; AstraZeneca PLC;     :
Zeneca, Inc.; AstraZeneca              :
Pharmaceuticals LP; AstraZeneca        :
LP; Bayer AG; Bayer Corporation;       :
GlaxoSmithKline, P.L.C.; SmithKline    :
Beecham Corporation;                   :
Glaxo Wellcome, Inc.; Pfizer, Inc.;    :
Pharmacia Corporation; Johnson &       :
Johnson; Amgen, Inc.; Bristol-Myers    :
Squibb Company; Baxter International    :
Inc.; Aventis Pharmaceuticals, Inc.;   :
Boehringer Ingelheim Corporation;      :
Schering-Plough Corporation; Dey, Inc., : No. 212 M.D. 2004
             Defendants  :

## MEMORANDUM AND ORDER

      This Court entered an Interim Protective Order on June 16, 2006. One of the defendants removed the case to federal district court; however, upon the motion of the Commonwealth, the federal court recently remanded the case back to this Court. Shortly thereafter, following a number of motions, including a motion to enforce the Court's Interim Protective Order, the Commonwealth filed a motion for entry of a final protective order. Additionally, the defendants filed a cross-motion to amend the Interim Protective Order and a memorandum of law in

support of that motion and in opposition to the Commonwealth's motion for entry of a final protective order.

The Commonwealth seeks certain amendments and changes to the Interim Protective Order including: (1) provisions relating to document sharing among attorneys general from other states and attorneys involved in United States Department of Justice litigation; such a provision would allow the Commonwealth to share discovery with such attorneys, and in turn would allow the Commonwealth to obtain documents from attorneys general in cases that those attorneys represent governmental entities that are actually litigating and not merely investigating; (2) new limitations on information or documents that a party may designate as confidential "commercial or other specified information to 'current' information." In this regard, the Commonwealth points to an order in the MDL litigation Judge Saris issued concerning the abundance of information defendants have labeled as confidential, deeming sales and marketing information greater than five years old to be per se non-confidential; in essence, this new language would preclude defendants from placing a blanket label of "confidential" on information or documents; the Commonwealth asserts that language in the proposed final protective order would leave defendants with the right to seek specific designations where truly appropriate; (3) providing for the allocation of costs related to the destruction of defendants' confidential documents; this provision would place the cost of returning confidential materials to producing parties or destroying those materials (as elected, if at all, by a producing party) upon the producing party (most likely a defendant); and (4) providing a mechanism for the treatment of information or documents, protected by a privilege, when a producing party inadvertently provides such information to another party; the proposed amendment

would apply where a producing party learns of an inadvertent erroneous production, giving the party thirty days, from the date the receiving party denies the basis for the return request, to move the Court to direct the receiving party to return the inadvertently produced documents.

At the outset, we note that the defendants have not challenged the request of the Commonwealth to include language in a final protective order regarding inadvertent productions of privileged information.   Accordingly, the Court will adopt that provision in the Final Protective Order.

With regard to the Commonwealth's recommendation that documents more than five-years old should be presumed to be non-confidential, the defendants argue that the Court, in considering this request, should not accept as persuasive the single order of Judge Saris.  That order, the defendants argue, does not explain her rationale for adopting a five-year cut-off for marketing and sales (as well as other) materials.  The defendants assert that it would be unreasonable to assume that such information is stale or that a competitor could not glean from **older** information a defendant's **present** business operations.  Defendants suggest "[u]nder Plaintiffs' proposal, the recipe for Coca-Coal would be presumably non-confidential because it is more than five years old."  Memorandum, p. 9.

We believe this characterization stretches credulity.   Although this Court could not rely solely on the voluminous nature of discovered documents in considering this issue, we agree with the Commonwealth that the defendants need to share the burden associated with the designation of documents purported to be confidential.  However, we believe there is ground for compromise in this regard. A number of the protective orders in AWP-generated litigation suggest that courts have recognized that some non-current (greater than five years) materials may

3

relate to current practices, and have entered protective orders reflecting that fact. The orders have typically provided for the designation of current and past materials but limit the designation of "confidential" only to the extent that those materials, or parts of those materials, reflect on current practices.

Although the Court is disinclined to accept the defendants' assertion that every document previously designated as confidential remains confidential, we believe that a more narrow order will best protect materials that are indeed worthy of designation as confidential.  We forewarn defendants that the Court would likely entertain a subsequent motion if the parties are frequently unable to reach a consensus as to whether a non-current document actually reflects present practices. With this in mind, we further acknowledge that the Commonwealth may well be correct when pointing to the fact that the documents filed under seal all appear to have been designated as confidential for litigations filed years ago and therefore may have lost whatever qualities that initially qualified them as appropriately labeled "confidential."  As the Commonwealth noted in its response to the recent motion to enforce the interim protective order, Pennsylvania Rules of Civil Procedure No. 4012 requires a party asserting privilege or confidentiality to do so in good faith.  A blanket submission of documents labeled from other litigation as "confidential" does not appear to this Court to be conduct in good faith.  The Court expects the defendants, despite the volume of documents at issue, to review documents to determine whether or not they remain confidential.

Accordingly, in addition to directing in the final protective order  that older (greater than five-years old) information or documents be designated confidential only if they reflect current practices, we will also include in this order a direction to the defendants to review all documents designated as confidential

and de-designate all documents that are no longer confidential in nature. For example, this may be the case for documents that have been offered in other litigations. Even if submitted in another jurisdiction, public exposure in the course of court proceedings may render such information non-confidential. Although a court from another jurisdiction may view confidentiality differently from courts in Pennsylvania, if another court has acted in a manner that makes a document public, then that information no longer may be characterized as confidential.

The Commonwealth also requests the Court to include in a final protective order provisions permitting the Commonwealth to share, i.e., disclose, to other states and justice officials litigating cases involving allegedly improper marketing and sales claims documents designated as confidential. The Commonwealth proposes that entities with which it shares such confidential information would be required to execute certifications that would bind the litigating non-party to the terms of this Court's final protective order, including consent to the personal jurisdiction of this Court for the purpose of enforcing the final protective order.

The Commonwealth points to a federal court decision in *In re Linerboard Antitrust Litigation*, 333 F.Supp. 2d 333 (E.D. Pa. 2004) in support of the proposition that, where the litigants with whom the sharing is proposed are involved in bona fide collateral litigation, i.e., litigation that shares common legal and factual elements or causes of action, sharing advances judicial economy in a manner that does not unduly prejudice an opposing party.

In the *Linerboard* case, the federal district court considered sharing discovery in a distinct procedural posture --- a plaintiff who had elected to opt-out of a class action in favor of pursuing its own claims sought to intervene in the class

5

action for the sole purpose of gaining access to the discovery produced in that class action proceeding.   The federal court granted the motion to intervene after concluding that (1) the collateral case involved common facts and legal issues; and (2) the collateral case involves a bona fide litigant.   The Court concluded that, because the case did not involve an attempt for access by the public or the press, the court did not need to inquire into the potential prejudice to a defendant and balance the interests at stake --- "[w]here collateral litigants are concerned … the court need not balance prejudice against secrecy because secrecy can be preserved by subjecting the intervenor to the provisions of a protective order. *Id.* at 339-40.

The Commonwealth asserts, and we tend to agree, that such litigating non-parties would have access to these documents notwithstanding any order of this Court.  The Commonwealth argues that, as long as these non-parties abide by the terms of the final protective order and Certifications, those parties would be subject to sanctions by this Court for violations of our protective order, thereby protecting the defendants from release of sensitive information.

On the other hand, the defendants have suggested that the world of pharmaceuticals presents an intensely competitive market, and that confidentiality is a key component to protecting a company's economic interests.  In the context of litigation filed against a drug manufacturer in *Zyprexa Litigation, et al. In re Injunction*, 474 F. Supp. 2d 385, (E.D. N.Y. 2007), a federal court concluded that an injunction was appropriate where a non-party had received and distributed to media confidential information protected by court order from dissemination.  That Court recognized that a business's trade secrets comprising marketing and sales strategies can constitute personal property, and that, by revealing such information, a person who has no property interest in such information is essentially stealing

that personal property.   However, the *Zyprexa* case did not involve the release of information in accordance with a protective order, but rather a situation in which a party sought to enjoin a release of protected information that would violate the terms of an existing protective order.   In this case, the information the Commonwealth proposes to share would remain subject to the protective order. The defendants have not suggested that the Certification and agreement therein to submit to this Court's personal jurisdiction, if abided by those to whom the information is released, would not be legally protected under the protective order.

The defendants argue that allowing the Commonwealth to disclose confidential material (1) would serve no purpose in this litigation, (2) could potentially require this Court to resolve motions arising under the final protective order, but involving non-parties, (3) might interfere with another federal or state court's power to govern its own discovery practice; and (4) fails adequately to protect the defendants' interests.

In the balance, we believe that sharing is not inappropriate in this case.   The Court believes that the execution of Certificates would provide an adequate layer of protection to the defendants.  A defendant will be able to bring a motion to enforce if the Commonwealth or a non-party violates the final protective order.  The Court cannot ignore the economy that may result from sharing, despite the fact that the Commonwealth has not demonstrated how disclosure of confidential discovery from this case to non-parties will advance the litigation in this Court.  Accordingly, although the Court will approve sharing as part of the final protective order, we will adopt the language the defendants have offered in the alternative.

The last matter the Commonwealth has presented concerns the disposition of confidential discovery materials following the final resolution in this case. The interim protective order provides for the receiving party to bear the costs of destruction or return of confidential materials. The Commonwealth seeks an alteration of that provision which would require the individual defendants who request the return or destruction of such materials to pay the cost of destruction or return. Clearly the Commonwealth is the party receiving nearly all of any confidential materials at issue in this case, and, because the defendants have designated voluminous quantities of documents as confidential, upon the conclusion of this litigation, if the defendants seek the destruction or return of confidential materials, the Commonwealth will likely have a significant amount of discovered materials to return or destroy. However, as the defendants note, the Commonwealth has received materials it requested, and there seems to be no rational reason to impose the costs of return or destruction on the defendants rather than the Commonwealth. Accordingly, the Court will deny the Commonwealth's request to assign the costs to defendants. However, given the fact that the defendants have likely produced these materials numerous times in the various outstanding or resolved litigations throughout the country, the Court would consider a future motion to amend the final protective order that would allow the Commonwealth, in satisfying its burden, to dispose of the materials in the most cost-effective manner possible.

Accordingly, we enter the following order.

# ORDER

AND NOW, this 5th day of December, 2007, upon consideration of the Commonwealth's motion to enter a final protective order and the defendants' cross motion for amendment of the interim protective order and objection to the Commonwealth's proposed final protective order, we hereby ORDER:

1.   The defendants are directed to review all documents presently designated as confidential and shall de-designate those that are no longer confidential; in engaging in this review, and as indicated in the contemporaneously filed Final Protective Order, the defendants shall consider whether documents older than five years reflect current practices, and, if such documents do not reflect current practices, the defendants shall de-designate the documents;  the defendants shall comply with these directions within sixty-days.

2.   In accordance with Final Protective Order, the Commonwealth shall be permitted to disclose confidential documents obtained in discovery with other states' and federal justice officials subject to the terms of the Final Protective Order;

3.   The Commonwealth's request to include a provision regarding inadvertently and erroneously released discovery materials is approved and shall be included in the Final Protective Order; and

4.   The Commonwealth's request regarding a provision in the Final Protective Order, relating to the allocation of costs of disposing of or returning confidential materials following final resolution of this litigation, is rejected; however, the Commonwealth may submit in the future, if it desires, a motion

seeking more specific provisions that might reduce the ultimate cost of disposal or return.

The Court shall file the Final Protective Order contemporaneously with the filing of this Order.

_____
JAMES GARDNER COLINS, Judge

10