# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc.*, CIVIL ACTION NO. 06-11337-PBS ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**THE UNITED STATES' REPLY TO ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNTIED STATES' MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY**

The United States files this brief reply to address two points raised in Abbott Laboratories Inc.'s (Abbott) Response to the United States' Motion for Enlargement of Time to Complete Discovery.

**The government *qui tam* investigation was not "discovery."** Abbott routinely mischaracterizes the government's *qui tam* investigation of it as "11 years" of discovery. Repeating an inaccurate statement does not render it true. A False Claims Act investigation is not civil discovery. As Abbott is well aware, during the *qui tam* investigation, the government investigated many companies, not just Abbott.[1] The notion that Abbott was the sole focus of the

---

[1] The length of an investigation is driven by a variety of factors, including the complexity of the issues, the number of entities being investigated, and the cooperation of the entities being investigated. It is worth noting that Abbott was one of the least cooperative companies in the *qui tam* investigation that gave rise to the matter. Abbott was issued three investigative demands for documents during the *qui tam* investigation; two of which resulted in anemic, incomplete productions, and one was completely ignored.

government's drug pricing investigations is false.  Regardless, the length of the government's investigation into drug pricing issues is completely irrelevant and will not be an issue at trial.

Further, Abbott withheld crucial evidence during the government's investigation, evidence that has only come to light in the context of civil discovery in the intervened case and after multiple rounds of motions practice.  During the investigation and this litigation, Abbott has engaged in a troubling pattern of (1) withholding evidence from government investigations and the related litigation and then (2) trumpeting the length of time it has taken for the government to obtain evidence, complete its investigation of Abbott and/or and seek to remedy the fraud at issue in this case.  These tactics are hardly defensible and are precisely what necessitated the government's motion for enlargement of time.

**The United States should be permitted an additional six months to use its remaining discovery requests to complete outstanding discovery**.  The United States' enlargement request is simple: it seeks additional time to use its remaining discovery requests to complete discovery in this matter.  Abbott agrees that more time is necessary to complete discovery, but disagrees on the length of time.  Abbott's estimate, in light of how long Abbott has taken to schedule depositions[2] and produce documents in this matter, is unrealistic.

The United States outlined Abbott's discovery conduct which necessitated the United States' motion for an enlargement of time to complete discovery. Abbott spends no time denying the factual predicate for the government's motion.  Instead, Abbott asks the Court to reward it for its discovery tactics by limiting any additional discovery to responses to requests served prior to

---

[2] Abbott has routinely taken over a month to schedule individual depositions in this matter.

2

December 1, 2007.  Since the United States still has numerous requests still available to it under Case Management Order 29 (CMO 29), Abbott is in effect asking the Court to grant the United States and Abbott an extension of time to complete discovery, while amending the CMO 29 to strip the United States of unused requests.

This is highly inappropriate and prejudicial for several reasons.  First, the United States has not used its entire allotment of written discovery requests, in part, because Abbott has been dilatory in responding to existing discovery requests and court orders in this matter.  As noted in the United States' motion for an enlargement of time to complete discovery, Abbott has engaged in discovery conduct that has delayed discovery in this case and necessitated multiple rounds of motions practice.  In some instances, Abbott has yet to respond to discovery requests that have been pending over a year; in other instances, Abbott has provided "document dumps" shortly before the end of discovery.  This conduct by Abbott does not justify stripping the United States of discovery requests authorized by CMO 29.

Second, Abbott has not filed an Answer to the First Amended Complaint and likely will not before the current discovery cut off.  It would be improper to deny the United States to propound written discovery on Abbott's Answer and affirmative defenses.

Simply put, there is no basis for penalizing the United States for seeking additional time to complete discovery in light of the arguments set forth in the United States' pleadings on this issue.  Had Abbott timely produced documents and witnesses in this matter, the enlargement may not have been necessary and the United States would have propounded the unused written discovery and deposition requests.  Abbott has not, however, and the United States should not be further prejudiced because of it.

## CONCLUSION

For the reasons set forth herein, the United States respectfully submits that an enlargement of time to complete discovery should be granted as set forth in the government's motion.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | JEFFREY D. BUCHOLTZ<br>ACTING ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Gejaa T. Gobena<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Rebecca A. Ford<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: (202) 307-3852 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |
| /s/ Mark A. Lavine<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL 33132<br>Phone: (305) 961-9003<br>Fax: (305) 536-4101 | |

Dated: December 13, 2007

## CERTIFICATE OF SERVICE

   I hereby certify that I have this day caused an electronic copy of the above **THE UNITED STATES' REPLY TO ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNTIED STATES MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

              /s/ Gejaa T. Gobena
Dated: December 13, 2007    Gejaa T. Gobena