UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*,<br>No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

### ABBOTT LABORATORIES, INC.'S SECOND MOTION
### TO STRIKE PLAINTIFFS' UNTIMELY SUPPLEMENTAL RULE 26(a)(1)
### DISCLOSURE AND PRECLUDE PLAINTIFFS'
### UNTIMELY DISCLOSED MEDICAID WITNESSES

The Government is once again trying to jam last-minute State Medicaid witnesses into this case – and this time, in derogation of a court order.

As set out in Abbott's first Motion to Strike Plaintiffs' Untimely Supplemental Rule 26(a)(1) Disclosure And Preclude Plaintiffs' Untimely Disclosed Medicaid Witnesses (Dkt. No. 4915), despite telling Abbott in its initial Rule 26(a)(1) disclosures in August 2006 that the Government would not call any State Medicaid witnesses, and not changing that position in the intervening time, the Government dumped 22 brand new State Medicaid witnesses on Abbott the Monday before Thanksgiving, November 20, 2007, in the form of a "supplemental" Rule 26(a)(1) disclosure. That "supplemental" disclosure also purported to reserve the Government's right to name yet more such witnesses at some unspecified later date. Abbott properly moved to strike that untimely disclosure, and preclude the Government from sandbagging Abbott with its nearly two-dozen new witnesses. That motion remains pending.

The Government then tried to parlay its last-minute witness dump (and other similar eleventh-hour discovery requests) into a six-month discovery extension. (*See* Dkt. No. 4923.) This Court, however, would not allow it. Instead, yesterday, this Court adopted Abbott's

suggestion (Dkt. No. 4936) that the parties should have until March 31, 2008 to complete *outstanding* discovery, but should not be permitted to serve *new* discovery.  The Court stated in its order, dated December 18, 2007, at 3:03 p.m. Eastern Standard Time (2:03 p.m. Central Standard Time):

> The Court will give the parties until March 31, 2008 to complete all fact discovery. However, *no new discovery requests shall be made after the date of this order* with respect to parties or nonparties.

(*See* Ex. 1 (emphasis added).)

The Government, however, was unfazed.  Yesterday, at 6:14 p.m. EST, three hours after this Court ordered that there be no more new discovery, the Government served on Abbott a set of "Second Supplemental Disclosures," naming five brand new additional State Medicaid witnesses, in addition to the 22 already subject to Abbott's motion to strike.  (Ex. 2.)  Then, at 7:11 p.m. EST, the Government served its "Corrected Second Supplemental Disclosures," again setting out those 5 brand new State Medicaid witnesses, and also (amazingly) purporting to reserve its right to disclose *yet additional State Medicaid witnesses at some later date* – both in clear derogation of this Court's order of earlier in the afternoon.  (Ex. 3.)  Apparently, the Government thought it could simply ignore the Court's order, so it declared unilaterally that, notwithstanding this Court's prohibition on new discovery, the Government "will not object to Abbott's notices of depositions of state Medicaid witnesses," whenever served, "as long as those depositions are noticed to take place no later than March 31, 2008 . . . ."  (Ex. 3 at 3.)  The Government also purported to reserve its right to supplement the disclosure with custodians of record for various State Medicaid offices.  (*Id.* at 3-4.)

The Government also served, after this Court's order issued, massive sets of document requests, interrogatories, and requests to admit, along with 8 new third-party subpoenas.  This post-discovery dump of requests constituted essentially the entirety of the discovery that the

Government complained it *wanted* in its motion to extend the discovery deadline, but which this Court *denied* yesterday afternoon.  (*See* Exs. 4, 5, 6, and 7.)

The Government's conduct shows, at best, a studied disregard of this Court's discovery cutoff order.  For that reason, as well as those already expressed in Abbott's first Motion to Strike Plaintiffs' Untimely Supplemental Rule 26(a)(1) Disclosure And Preclude Plaintiffs' Untimely Disclosed Medicaid Witnesses, this second "supplemental" disclosure of State Medicaid witnesses – as well as the first one – should be stricken, and the testimony of the State Medicaid witnesses identified for the first time therein should be precluded.  The witnesses the Government seeks to add at this late hour are not newly discovered; to the contrary, these are witnesses that the Government disclaimed any intention of calling at the beginning of discovery.  Precluding testimony from those witnesses pursuant to Rule 37 is the only appropriate remedy.[1]

WHEREFORE, Abbott respectfully requests that the Government's "Supplemental Disclosures" of State Medicaid witnesses dated November 20, 2007 be stricken; the Government's "Second Supplemental Disclosures" of State Medicaid witnesses dated December 18, 2007 be stricken; that the testimony of the State Medicaid witnesses identified for the first time in either of those disclosures be precluded; and for such other relief as the Court deems just and proper.

---

[1] In the event that the Court denies Abbott's motion to strike the Government's late-disclosed Medicaid witnesses, Abbott will seek Court permission to depose these witnesses.  In order to avoid any suggestion of unfair surprise, Abbott sent subpoenas for those witnesses identified in the first "supplemental" disclosures to counsel for plaintiffs yesterday but has not served those subpoenas on the witnesses at issue.

Dated:  December 19, 2007

Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing **ABBOTT LABORATORIES, INC.'S SECOND MOTION TO STRIKE PLAINTIFFS' UNTIMELY SUPPLEMENTAL RULE 26(a)(1) DISCLOSURE AND PRECLUDE PLAINTIFFS' UNTIMELY DISCLOSED MEDICAID WITNESSES** to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 19th day of December, 2007.

                                            /s/ Brian J. Murray
                                            Brian J. Murray