# EXHIBIT 4



LEXISNEXIS FILE & SERVE
E-SERVICE
17717424
Dec 18 2007
8:54PM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| _____ | ) ) | Civil Action No. 01-12257-PBS |
| | ) | Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *United States of America ex rel.* | ) | Magistrate Judge Marianne B. Bowler |
| *Ven-a-Care of the Florida Keys, Inc. v.* | ) | |
| *Abbott Laboratories Inc.* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |
| _____ | ) | |

**UNITED STATES' FIFTH REQUEST FOR PRODUCTION TO DEFENDANT ABBOTT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, the United States of America, requests that the Defendant Abbott Laboratories Inc. (hereafter "Abbott" or "Defendant") produce for inspection and copying each document listed below that is within Defendant's possession, custody or control.  The United States requests that Defendant serve any objections to these requests and make the documents specified below available for inspection and copying at the Department of Justice within 30 days.

## I.  INSTRUCTIONS

A.      Information and Documents sought by these requests shall include information and Documents within Defendant's possession, custody or control, or within the possession, custody or control of Defendant's agents, officers, employees, attorneys or investigators, or any person acting as one or more Defendant's representative or on one or more Defendant's behalf, including, but not limited to, any otherwise independent attorneys, accountants, or consultants. Information and Documents sought by these requests includes information and Documents maintained at any local, regional, group, divisional or corporate office.

B.      Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

C.      The fact that some portion of the documents responsive to these requests may already be in the custody of the United States does not excuse current physical production pursuant to these requests of any and all other documents not previously produced or seized.  To the extent responsive documents have already been produced to the United States, prior to producing additional copies of those documents, please identify the previous production(s) which contained such documents and, to the extent possible, where such documents were located within those productions, by document control number.  The United States will accept specific designation of responsive documents, by document control number, in lieu of actual production.

D.      If the contention is made that any requested document is not subject to discovery in whole or part by reason of privilege or otherwise, identify each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, and present custody, and set forth the nature of the claimed privilege or other grounds for refusal to produce in a log consistent with the requirements of Fed. R. Civ. P. 26(b)(5).

E.      If it is known that any requested document or any set of documents that may have contained documents was, but is no longer, in Abbott's possession, custody or control, state what disposition was made of the document and when, and state the date the documents were lost or destroyed.

F.      All materials identified pursuant to these requests shall be segregated and labeled so as to identify to which requests such material responds, or as maintained in the ordinary course of business.

G.      Selection of documents from files and other sources shall be performed in such a manner as to insure that the source and location of each document may be readily determined.

H.      File folders and other containers in which You find documents responsive to these requests, and labels identifying those folders and other containers, shall be produced intact with such documents.

I.      Documents attached to each other shall not be separated unless sufficient records are kept to permit reconstruction of such grouping and the separation is identified.

J.      Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, these requests are continuing in character.  Defendant is thus required to amend its responses to these requests and to supplement its production if, at any time before trial, it learns that its prior responses and production are in some material respect incomplete or incorrect.

K.      All document requests should be responded to in accordance with the Instructions and Definitions provided herein.

L.      These requests are not intended to and should not be construed to limit or otherwise modify any other discovery request issued in this case.

## II.  DEFINITIONS

A.      As used herein, the term "Documents" is used in its broadest sense, as defined in the Federal Rules of Civil Procedure, and includes the original of each existing identical or non-identical copy or draft thereof, by whatever means made, of any writing of any kind.  The term "Documents" includes writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media

such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  (Where Documents are stored on computer programs, discs or tapes, the records to be produced shall be accompanied by all programming and other instructions necessary to their use or retrieval.)

B.      As used herein, the terms "You," "Your," "Abbott," and "Defendant" refer to the Defendant named in this lawsuit; to its corporate predecessors, including all merged predecessor corporations; to any other past or present subsidiary, affiliate or d/b/a of the Defendant named in this lawsuit; to Hospira., Inc., and to all entities currently or formerly owned, operated, or managed by Defendant, and all current and former directors, officers, principals, partners, employees, agents, representatives, or other persons acting for or on behalf thereof, including, but not limited to, any otherwise independent attorney, accountant, investigator or consultant.

C.      The term "affiliated" shall mean any form of business relationship, including, but not limited to, employee, director, officer, owner, agent, consultant, or contractor.

D.      Words in the singular should be construed as including the plural, and plural words should be construed as including the singular.

E.      The terms "accuracy," "accurate" or "accurately," when used in reference to Price Representations or sales transactions, are used with reference to whether the information is

reflective of the prices generally and currently available in the marketplace by any purchasers, including but not limited to prices paid by wholesalers, pharmacies, oncology supply houses, group purchasing organizations or physicians.

F.      The term "Price Representations" means any statement, assertion, representation or declaration of the price of any Pharmaceuticals, including but not limited to Average Wholesale Price, Wholesale Acquisition Cost, Wholesale Net Price, Direct Price, List Price or Suggested Net Trade.

G.      The term "Pharmaceutical" means any drug or other product sold by You which requires a physician's prescription, and includes but is not limited to "biological" products such as hemophilia factors and intravenous solutions such as sodium chloride solution.

H.      The term "Subject Drugs" means the brand name, trade name or generic products listed on the attached Exhibit A, and includes all variations of the products (i.e., packaging, dosage, owner/manufacturer, diluence, NDC number or otherwise) which may have been produced, sold, offered for sale or assigned an NDC number.

I.      The term "Spread" is used to refer to the difference between the actual acquisition cost or purchase price of a Pharmaceutical (paid by purchasers of the Pharmaceuticals) and the price or cost set, published or arranged by the manufacturer or the reimbursement rate paid by third party payors (to purchasers of the Pharmaceuticals).  Third party payors include Medicare, Medicaid and private insurance.  Thus, the Spread is the gross profit or margin actually or potentially realized by the purchasers of the Pharmaceuticals.

J.      The term "AWP" means average wholesale price.

K.      The term "WAC" means the wholesale acquisition cost or wholesaler acquisition cost.

L.      The term "Direct Price" means the price You report, advertise, publish or cause to be published, directly or indirectly, as the "DP" or direct price for any Pharmaceutical.

M.      The term "catalogue/list price" means the price You report, advertise, publish or cause to be published, directly or indirectly, as the "LP" or list price for any Pharmaceutical.

N.      The term "Best Price" means the price You report or otherwise disseminate as the best price for any Pharmaceutical, including the price You report for purposes of the Medicaid rebate program.

O.      The term "AMP"  means the price You report or otherwise disseminate as the average manufacturers price for any Pharmaceutical, including the price You report for purposes of the Medicaid rebate program.

Relevant Time Period: Unless otherwise indicated in a specific request, the requests herein refer to documents created from January 1, 1991 through 2003 and documents relating to such period even though created before or after that period.

## REQUEST FOR PRODUCTION

Plaintiff requests that Defendant produce the following:

1.      All documents which mention, evidence or reflect summary pricing information pertinent to the Subject Drugs, including but not limited to:

> (a) all spreadsheets, charts, lists or tables created and/or maintained by Contract Marketing such as those known as Resource File(s) which contain pricing parameters, wholesale acquisition prices, group prices, prices segregated by class of trade, or RXLink prices; and
>
> (b) all spreadsheets, charts, lists or tables created and/or maintained by Finance such as those containing Average Selling Price (also known as ASP) or similar information.

(All responsive materials are requested to be produced in native electronic form such as Microsoft Excel, Microsoft Word, WordPerfect, or other native format.)

2.      All documents referred to in, or that relate to, all or part of the answers, objections or responses to any interrogatory or request for admission propounded upon Abbott by the United States or the Relator in this case, now, in the past or in the future.

3.      All documents reviewed, referenced, considered and/or relied upon in formulating all or part of the answers, objections or responses to any interrogatory or request for admission propounded upon Abbott by the United States or the Relator in this case, now, in the past or in the future.

4.      All documents that support or that provide all or part of the factual predicate(s) or basis(es) for any affirmative defense asserted by Abbott in this case, now, in the past or in the future.

5.      All documents that support or that provide all or part of the factual predicate(s) or basis(es) for any denial of any allegation contained in the Amended Complaint filed by the United States in this case.

6.      All documents that evidence, reflect, refer, relate or pertain to Abbott's reliance upon any advice of counsel defense that Abbott intends to rely upon in this case, including without limitation, all documents that reflect, refer, relate or pertain to the individual(s) who provided the advice; the individual(s) who sought the advice and why; the individual(s) who heard the advice; the nature of the reliance upon the advice and the effect of Abbott's reliance upon the advice of counsel.

7.      All documents that evidence, reflect, refer, relate or pertain to any and all Medicare or Medicaid reimbursement for any of the Subject Drugs for the Relevant Time Period.

8.      All documents that evidence, reflect, refer, relate or pertain to Abbott's knowledge of the dollar volume or amount of any and all Medicare or Medicaid reimbursement for any of the Subject Drugs for the Relevant Time Period.

9.      All documents that evidence, reflect, refer, relate or pertain to Abbott's maintenance of any pricing analysis or analyses that refer, relate or pertain to any of the Subject Drugs that are dated during the Relevant Time Period, including, without limitation, all electronic versions of any such documents and all documents that include pricing analysis that may or may not be labeled "pricing analysis or analyses."

10.     All documents contained in former Abbott employee Kay Morgan's personnel file, working file(s) or other file(s), including electronic file(s).

11.      All documents evidencing, reflecting, referring to, relating to, pertaining to,

recording or memorializing communications between Kay Morgan after she left the employ of

Abbott and any Abbott employee that refers, relates or pertains to prices, pricing practices, or any

pricing compendia.

12.      All documents that evidence, reflect, refer, relate or pertain to Abbott's

knowledge or understanding as to any state or federal Medicare or Medicaid employee's

approval, ratification or disapproval of spreads or spread marketing.

13.      All documents that evidence, reflect, refer, relate or pertain to Abbott's

knowledge of TAP Pharmaceutical's conduct for which it pled guilty, entered into a civil

settlement with the United States, or entered into a CIA, including without limitation, all

documents reflecting the date(s) on which Abbott first learned of that conduct or when Abbott's

knowledge was first imputed to it through its counsel's knowledge.

14.      All documents that evidence, reflect, refer, relate or pertain to your contention that

the United States, or any official thereof, approved of or ratified Abbott's price reporting conduct

for the Subject Drugs to either the United States or any pricing compendia at any time from 1991

until the present.

15.      All documents that support or reflect your contention that any state, state or

federal Medicaid office, or state agency, or any official thereof, approved of or ratified Abbott's

price reporting conduct for the Subject Drugs to either the United States or any pricing

compendia at any time from 1991 until the present.

16.     All documents that evidence, reflect, refer, relate or pertain to your contention that the United States, or any official thereof, approved of or ratified spreads on Abbott's products, including, without limitation, the Subject Drugs during the Relevant Period.

17.     All documents that evidence, reflect, refer, relate or pertain to any of the Subject Drugs which had a spread of greater than 30% during the Relevant Period.

18.     All documents relating or referring in any way to any surveys conducted of the prices of Abbott drugs.

19.     All documents that evidence, reflect, refer, relate or pertain to your contention that the United States, or any official thereof, approved of or ratified Abbott's creation or marketing of spreads, including, without limitation, the Subject Drugs during the Relevant Period.

EXHIBIT A

| DRUG | NDC# |
|------|------|
| Sodium Chloride Injection | 00074196607 |
| Water for Injection 30 ml | 00074397703 |
| Vancomycin HCl 500 mg | 00074433201 |
| Water for Injection 10 ml | 00074488710 |
| Water for Injection 20 ml | 00074488720 |
| Sterile Water for Injection | 00074488750 |
| Sodium Chloride Injection | 00074488810 |
| Sodium Chloride Injection | 00074488820 |
| Sodium Chloride Irrigation | 00074613802 |
| Sodium Chloride Irrigation | 00074613803 |
| Sodium Chloride Irrigation | 00074613822 |
| Sterile Water for Irrigation | 00074613902 |
| Sterile Water for Irrigation | 00074613903 |
| Sterile Water for Irrigation | 00074613922 |
| Vancomycin HCl 5 gm | 00074650901 |
| Vancomycin HCl 1 gm | 00074653301 |
| Vancomycin HCL 500 mg Add-Vantage | 00074653401 |
| Vancomycin HCl 1 gm Add-Vantage | 00074653501 |
| 5% Dextrose in Water 50 ml | 00074710013 |
| 5% Dextrose in Water 100 ml | 00074710023 |
| Sodium Chloride Injection | 00074710102 |
| Sodium Chloride 0.9% 50ml | 00074710113 |
| Sodium Chloride 0.9% 100 ml | 00074710123 |
| Dextrose Injection | 00074712007 |
| Sodium Chloride Irrigation | 00074713809 |
| Sterile Water for Irrigation | 00074713909 |
| Dextrose 5%/ Kcl/NaCl 1000 ml | 00074790209 |
| Dextrose Injection | 00074792202 |
| 5% Dextrose in Water 500 ml | 00074792203 |
| 5% Dextrose in Water1000 ml | 00074792209 |
| Dextrose Injection | 00074792336 |
| Dextrose Injection | 00074792337 |
| Dextrose 5% and 0.225% NaCL Injection | 00074792409 |
| Dextrose 5% and 0.225% NaCL Injection | 00074792609 |
| 5% Dextrose/ NaCl 0.9% 1000 ml | 00074794109 |
| Sodium Chloride Irrigation | 00074797205 |
| Sterile Water for Irrigation | 00074797305 |
| Sodium Chloride 0.9% 250 ml | 00074798302 |
| Sodium Chloride 0.9% 500 ml | 00074798303 |
| Sodium Chloride 0.9% 1000 ml | 00074798309 |
| Sodium Chloride Injection | 00074798436 |
| Sodium Chloride Injection | 00074798437 |
| Sodium Chloride Injection | 00074798509 |
| Water for Injection1000 ml | 00074799009 |
| Acyclovir Sodium | 00074442701 |
| Acyclovir Sodium | 00074445201 |

11

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley
U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971


R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF
FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney
General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

 /s/   Renée Brooker
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852


Dated: December 18, 2007

12

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **United States' Fifth Request for Production to Defendant Abbott** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


/s/  Renée Brooker

Dated: December 18, 2007                    Renée Brooker