# MDL

# EXHIBIT 8

Michael K. Jeanes, Clerk of Court
***Electronically Filed***
Loreen Cummings
Transaction ID 17589935
Dec 10 2007  9:37AM MST

1   Larry J. Crown, Esquire (#013133)
    Jorge Franco, Jr., Esquire (#013834)
2   JENNINGS, HAUG & CUNNINGHAM, LLP
    2800 North Central Avenue
3   Suite 1800
    Phoenix, AZ 85004
4   (602) 234-7800

5   Donald E. Haviland, Jr., Esquire
    THE HAVILAND LAW FIRM, L.L.C.
6   740 South Third Street, Third Floor
    Philadelphia, PA 19147
7   (215) 609-4661

8   Attorneys for Plaintiffs and Class

9

10          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11              IN AND FOR THE COUNTY OF MARICOPA

12  ROBERT J. SWANSTON, individually and on    )    CV2002-004988
13  behalf of himself and all others similarly situated,  )
                                                )
14                    Plaintiff,                )
                                                )
15  vs.                                         )    **MOTION TO DISMISS WITHOUT**
                                                )    **PREJUDICE CERTAIN CLAIMS**
16  TAP PHARMACEUTICAL PRODUCTS, INC.;          )    **AND DEFENDANTS**
    et al.,                                     )
17                                              )
                      Defendants.               )    (Assigned to the Honorable Janet E.
18                                              )    Barton)

19          Plaintiff, by and through his counsel, The Haviland Law Firm, LLC and Jennings,

20  Haug & Cunningham, hereby moves pursuant to Rule 41(a) of the Arizona Rules of Civil

21  Procedure for an Order dismissing without prejudice certain Defendants, and claims against

22  certain other Defendants to the extent such claims overlap with those being adjudicated in *In*

23  *re Pharmaceutical Industry Average Wholesale Price Litigation,* CA No. 01-12257-PBS,

24  MDL No. 1456 (D. Mass.) ("MDL 1456"), and in support thereof avers as follows:

25          1.    The following Defendants in this case are also Defendants in MDL 1456:  Abbott

26                Laboratories;  Amgen Inc.; Zeneca,  Inc.;  AstraZeneca  Pharmaceuticals  L.P.;

Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; Apothecon, Inc.; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Immunex Corporation; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.; Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia, Inc., and Gensia Sicor Pharmaceuticals, Inc. (hereinafter "Overlapping Defendants").

2.   For the reasons the follow, Plaintiffs respectfully submit that it is appropriate for them to dismiss without prejudice their claims against these Defendants at this juncture to the extent they overlap with those in MDL 1456 to avoid any potential overlap between this case and MDL 1456 as this case moves forward.

3.   The following Defendants in this case are not Defendants in MDL 1456: Ethicon Endo-Surgery, Indigo Medical Inc., Christopher Coleman, Michael T. Gendelman, Eddy James Hack, Scott Hidalgo, and David Jett ("Non-Overlapping Defendants").  Plaintiffs respectfully submit that it is appropriate for them to dismiss without prejudice their claims against these Defendants in their entirety.

4.   As this Court is aware, the Court in MDL 1456 has certified several Classes of consumer plaintiffs who have claims against certain Overlapping Defendants for some of the same drugs as are at issue in this case.  The MDL Court also has pending before it a Motion for Class Certification involving consumer claims against certain other Overlapping Defendants, the outcome of which Motion may not be known for months.

5.   In view of the class certification decisions by the Court in MDL 1456, Plaintiffs would like to move forward with class certification in this case, and the ultimate

- 2 -                          1810815

1    prosecution of the merits of their claims.  However, in order to do so in a manner

2    that does not cause there to be any question as to this Court's jurisdiction over

3    Plaintiffs' claims here, the undersigned counsel for Plaintiffs believe that it would

4    be prudent for this Court to dismiss without prejudice the Plaintiffs' claims for

5    drugs that overlap with those being asserted by plaintiffs in MDL 1456.

6    6.    However, because no one can predict the outcome of the MDL Court's pending

7          class certification decisions, Plaintiffs also believe that certain protections should

8          be afforded to the parties in the event that it becomes necessary to reinstate one or

9          more of those claims in this case at some future date.  Such protections would

10         serve to protect the interests of all parties by ensuring that neither the claims nor

11         defenses thereto are compromised unfairly in the event reinstatement becomes

12         necessary.

13   7.    Accordingly, Plaintiffs propose that the Court's Order of dismissal should include

14         the following protections: (1) that defendants are not deemed to have waived or

15         released any defenses or arguments, including but not limited to, any statute of

16         limitations and/or repose defenses, which could have been asserted prior to the

17         effective date of the Order granting dismissal, (2) that any and all applicable

18         statute of limitations and/or repose should be, from the effective date of the Order

19         granting dismissal and for the pendency of MDL 1456, tolled, and (3) that the

20         reinstatement of any claim against a Defendant in this action should not trigger a

21         right of removal to federal court.

22   8.    Should the Court find that dismissal without prejudice of these overlapping claims

23         is appropriate under the circumstances, Plaintiffs would prepare and present to the

24         Court, within fourteen (14) days of the entry of its Order of dismissal, a listing of

25         the drugs of the above-listed Defendants that are at issue in MDL 1456, the claims

26         for which drugs Plaintiffs hereby agree to dismiss without prejudice from this

- 3 -                                      1810815

1    case.   Plaintiffs respectfully submit that such list should be appended to the

2    Court's dismissal Order to make clear on the record the extent to which Plaintiffs'

3    claims are dismissed without prejudice.

4        WHEREFORE, for the foregoing reasons, Plaintiffs hereby request that this Honorable

5    Court enter an Order of Dismissal in the form attached hereto.

6        RESPECTFULLY SUBMITTED this *10th* day of December, 2007.

7

8                                        By /s/ Donald E. Haviland, Jr.
                                            Donald E. Haviland, Jr.
9

10                                       Larry J. Crown (#013133)
                                         Jorge Franco, Jr. (#013834)
11                                       JENNINGS, HAUG & CUNNINGHAM, LLP
                                         2800 North Central Avenue
12                                       Suite 1800
                                         Phoenix, AZ 85004
13                                       (602) 234-7800

14                                               And

15                                       Donald E. Haviland, Jr.
                                         THE HAVILAND LAW FIRM, L.L.C.
16                                       740 South Third Street, Third Floor
                                         Philadelphia, PA 19147
17                                       (215) 609-4661

18                                       **Counsel for Plaintiffs and the Class**

19

20

21

22

23

24

25

26

                                   - 4 -                          1810815

| | |
|---|---|
| 1 | |

## CERTIFICATE OF MAILING

I hereby certify that the foregoing **MOTION TO DISMISS WITHOUT PREJUDICE CERTAIN CLAIMS AND DEFENDANTS** served this date, December _10th_, 2007 on all parties, via Lexis/Nexis.

s/K. Cecil
3778-0

- 5 -                                            1810815