IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**THE SWANSTON DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR INJUNCTION AGAINST ROBERT J. SWANSTON AND
DONALD E. HAVILAND FROM PURSUING OVERLAPPING CLAIMS AND DEFENDANTS**

I.  **INTRODUCTION**

Once again, defendants in a state court AWP class action require the Court's assistance to prevent Mr. Donald E. Haviland from pursuing claims and defendants conflicting with the MDL. Despite this Court's previous instructions to dismiss all such conflicting claims and defendants, Mr. Haviland is again attempting to usurp this Court's authority in another state court AWP case[1] – *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, Superior Court of the State of Arizona in and for the County of Maricopa, CV2002-004988 (Hon. Janet E. Barton) ("*Swanston*"). The defendants in the *Swanston* case that are also defendants in the MDL (the "Swanston Defendants")[2] proposed a dismissal nearly identical to the order entered in the New Jersey state

---

[1] Mr. Haviland's use of parallel state court proceedings to interfere with the jurisdiction of a multidistrict litigation is a litigation tactic frowned upon in this Court. *See In re Lupron® Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 80 & nn.9 & 10 (D. Mass. 2005) (Stearns, J.) (Exhibit 1 to Declaration of Jared Rodrigues ("Rodrigues Decl.")). Judge Stearns, for example, describes "a preemptive strategy to seize control of the litigation by using the state court proceedings to gain leverage over counsel cooperating with the MDL action." *See id.* at 80 & n.9.

[2] The Swanston Defendants include: Abbott Laboratories; Amgen Inc.; Zeneca, Inc.; AstraZeneca Pharmaceuticals L.P.; AstraZeneca LP; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; Apothecon, Inc.; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Immunex Corporation; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products,

AWP case. The defendants' proposed order would have eliminated all conflicts between the MDL and *Swanston*. Mr. Haviland refused the Swanston Defendants' offer and, instead, filed a motion to dismiss that does not eliminate the threat to this Court's jurisdiction in the MDL. Because Mr. Haviland has again refused to follow this Court's instructions, the Swanston Defendants request that the Court enter an injunction prohibiting Mr. Robert J. Swanston, Mr. Donald E. Haviland, or any other putative class representative from pursuing overlapping claims and defendants in *Swanston*.

## II.     THIS COURT HAS INSTRUCTED MR. HAVILAND TO DISMISS CLAIMS AND DEFENDANTS THAT OVERLAP WITH THE MDL

At the September 11, 2007 hearing concerning the appointment of class counsel, the Court expressed serious concerns regarding overlapping claims and defendants in the MDL and the New Jersey state AWP case (the "New Jersey case"). The Court ordered plaintiff's lead lawyer in the New Jersey case, Mr. Haviland, to resolve the matter by dismissing the overlapping claims and defendants from the New Jersey case. Hearing Transcript, September 11, 2007, at 6:15-24, 11:15-17, 13:5-11, 22:22-23:2, 28:16-18 (Exhibit 2 to Rodrigues Decl.). In response to the Court's comments, Mr. Haviland conceded that he could not pursue overlapping claims and defendants. *Id.* at 8:25-9:2.

Mr. Haviland did not timely effect this Court's instructions. Thus, the New Jersey overlapping defendants were forced to file a pleading asking this Court to issue an order of injunction against Mr. Haviland. That pleading was filed on October 2, 2007. Thereafter, the parties were able to reach agreement on an appropriate dismissal order addressing the

---

L.P.; Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia, Inc.; and Gensia Sicor Pharmaceuticals, Inc.

New Jersey overlapping defendants.[3] *See* Order Dismissing Without Prejudice Defendants Overlapping MDL 1456 (Exhibit 3 to Rodrigues Decl.). Because the request for injunction was largely mooted by the New Jersey dismissal order, the overlapping defendants withdrew the injunction pleading on November 19, 2007. The Swanston Defendants respectfully assert that the Court's September 11 ruling also controls Mr. Haviland's actions in *Swanston*. The Court ruled that Mr. Haviland – or any other attorney or putative class representative for that matter – cannot pursue in a state court case the same claims and defendants as those currently in the MDL. To do so would undermine this Court's jurisdiction and authority to manage the MDL. *Swanston* asserts the same basic locus of facts as those alleged in the MDL and the New Jersey case, i.e., that the defendant pharmaceutical companies caused AWPs to be inflated and thereby caused excess reimbursements. Thirty of the Swanston Defendants, or their parents, subsidiaries, affiliates, or predecessors, are named in the MDL.

### III.     MR. HAVILAND REFUSES TO DISMISS THE OVERLAPPING CLAIMS AND DEFENDANTS IN *SWANSTON*

The Swanston Defendants initially believed that Mr. Haviland would comply with this Court's order regarding overlapping claims and defendants. Indeed, in an October 12, 2007 Joint Status Report, Mr. Haviland unambiguously promised to dismiss overlapping defendants:

> Plaintiff has named in this action a number of defendants who are also defendants in MDL 1456. ***Plaintiff intends to seek a stipulated dismissal of certain defendants who are also defendants in MDL 1456, and anticipates that it may take approximately 30 days to negotiate, prepare and file the stipulated dismissal with this Court.*** Plaintiff believes that scheduling any pre-trial and trial dates in this matter should await resolution of the anticipated stipulated dismissal. Accordingly, Plaintiff requests that the Court vacate the October 15 Conference. Plaintiff further requests that the Court allow approximately 30 days for the parties to file the stipulated dismissal and that, approximately two weeks after the Court has addressed the anticipated stipulated dismissal (or at the Court's earliest

---

[3] Mr. Haviland refused to release AstraZeneca PLC, AstraZeneca LP, and ALZA Corporation from the New Jersey case.

convenience thereafter) the Court *set another status conference with the remaining defendants*. Defendants do not oppose Plaintiff's requests.

Joint Status Report, October 12, 2007 (Exhibit 4 to Rodrigues Decl.) (emphasis added).

On November 20, 2007, the Swanston Defendants sent Mr. Haviland a proposed order of dismissal functionally identical to the order entered in the New Jersey case. *See* Defendants' Stipulation for Dismissal of Certain Defendants Without Prejudice and Order Dismissing Certain Defendants Without Prejudice (Exhibit 5 to Rodrigues Decl). On December 5, 2007, Mr. Haviland rejected the Swanston Defendants' offer. Exhibit 6 to Rodrigues Decl. On December 6, 2007, Mr. Haviland stated that he was not instructed by this Court to dismiss overlapping claims and defendants. Exhibit 7 to Rodrigues Decl. This Court's direction to Mr. Haviland could not have been clearer: "I order that you dismiss any of the cases that conflict with this one." Hearing Transcript, September 11, 2007, 28:17-18 (Exhibit 2 to Rodrigues Decl.).

On December 10, 2007, Mr. Haviland filed a motion and proposed order in the Arizona court purporting to dismiss the overlapping claims and defendants. *See* Motion to Dismiss Without Prejudice Certain Claims and Defendants, December 10, 2007 (Exhibit 8 to Rodrigues Decl.); *see also* proposed Order Dismissing Certain Claims and Defendants Without Prejudice (Exhibit 9 to Rodrigues Decl.). Mr. Haviland's proposed dismissal order, however, does not comply with this Court's instructions. First, the order does not dismiss a single Swanston Defendant. Exhibit 9 to Rodrigues Decl. at 2. Second, the order claims to dismiss certain overlapping drugs, but does not even identify those drugs. *Id.* Third, the order gives Mr. Haviland the unilateral power to identify the overlapping drugs at a later date. *Id.* Fourth, the order provides for a court-imposed tolling of the statute of limitations, which is inappropriate under Arizona law. *Id.* Finally, the order preserves claims for the exact same recovery against different members of the same corporate "family." *Id.*

4

The Swanston Defendants respectfully request that this Court issue an Order prohibiting Robert J. Swanston, Donald E. Haviland, or any other putative class representative from maintaining or prosecuting AWP claims in *Swanston* against the Swanston Defendants. This Order is necessary to prevent Mr. Haviland and his associated attorneys from hijacking the MDL through a similar parallel state court case whose apparent purpose and effect would be to undermine six years of litigation in this Court and to interfere with this Court's jurisdiction to manage, adjudicate, and resolve the MDL.[4]

## IV.  THIS COURT SHOULD ENJOIN MR. SWANSTON AND MR. HAVILAND FROM PURSUING OVERLAPPING CLAIMS AND DEFENDANTS

This Court should issue an injunction protecting the integrity of the MDL under the authority of the All Writs Act[5] and the Anti-Injunction Act.[6] Under these provisions, a federal court can enjoin a party from prosecuting a state court proceeding when "necessary in aid of" the federal court's jurisdiction.[7]

The First Circuit has stated that the "'necessary in aid of' language . . . is meant to give sufficient flexibility that a federal court, as a court of equity, may, when it has jurisdiction, deal adequately with the situation at hand." *James v. Bellotti*, 733 F.2d 989, 993 (1st Cir. 1984) (internal quotation marks and citation omitted). Under the "in aid of its jurisdiction" authority,

---

[4] This Court has personal jurisdiction over Mr. Swanston and Mr. Haviland, and therefore may enter an injunction consistent with due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

[5] The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

[6] The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

[7] *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294-95 (1970); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145-47 (1988).

federal courts can enjoin state court class actions that threaten the ability of the federal court to manage complex class actions, particularly multidistrict litigation proceedings. The Third Circuit has stated: "Under an appropriate set of facts, a federal court entertaining complex litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts, may appropriately enjoin state court proceedings in order to protect its jurisdiction." *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 234 (3d Cir. 2002). The Second Circuit has similarly affirmed the authority of a federal district court to issue injunctions "in aid of its jurisdiction" over complex class actions pending before them, stating:

> Even before a federal judgment is reached, however, the preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction against actions in state court. Such "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."

*In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*, 770 F.2d 328, 335 (2d Cir. 1985) (citation omitted); *see also Manual for Complex Litigation Fourth* § 21.42, at 304 & n.934 (2004) (endorsing the use of injunctions to manage complex multidistrict litigations and stating that federal courts have the power to enjoin state proceedings that "conflict with, or threaten the integrity of, the federal class action" (citing *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d at 235)).[8]

---

[8] *See also Newby v. Enron Corp.*, 338 F.3d 467, 473-76 (5th Cir. 2003) (affirming an injunction against plaintiff's counsel from taking certain actions in state court proceedings that interfered with the authority of the district court to manage a complex multidistrict securities class action); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996) (In the context of another MDL proceeding, the court held "where . . . abuses exist, failure to issue an injunction may create the very needless friction between state and federal courts which the Anti-Injunction Act was designed to prevent." (internal quotation marks and citations omitted)); *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 202 (3d Cir. 1993) ("Despite the deference paid to the independence of the state courts and principles of comity, there are instances in which courts of appeals have determined that state actions must be enjoined to allow the federal court to proceed ably with

The MDL raises a multitude of complex issues and consists of scores of cases from dozens of different jurisdictions. This Court has invested massive time addressing complex issues and working toward a global resolution of these cases. The Court has developed – through the cases against some defendants – what the Court has described as a template as to class certification and resolution of some of the merits as to other defendants. There have already been class settlements with certain defendants. Other MDL parties are actively involved in mediation with a well-respected mediator. Overlapping proceedings in *Swanston* threaten to undermine and interfere with this Court's ability to manage and resolve this complex MDL case. Those efforts will be paralyzed if the Swanston Defendants or their family members face identical claims in *Swanston*.

In certain limited instances, there is not perfect overlap between certain MDL defendants and certain defendants in *Swanston*. This imperfect overlap is created because *Swanston* includes certain corporate parents, subsidiaries, affiliates, or predecessors that are not named in the MDL. This narrow issue should not prevent these related corporate parents, subsidiaries, affiliates, or predecessors from being dismissed from *Swanston*. Plaintiffs in the MDL and in *Swanston* seek the same recovery from each defendant "family." Even if successful on the underlying AWP claims, plaintiffs in either forum cannot recover multiple times from the same corporate family. Importantly, the settlements that have been negotiated and the settlement negotiations that are ongoing have proceeded on a corporate family basis. For these reasons, continued litigation in *Swanston* against related corporate entities will likewise infringe upon this Court's jurisdiction and resolution of AWP allegations. The Court should exercise its authority

---

pending matters."); *In re Baldwin-United Corp.*, 770 F.2d at 337 ("The success of any federal settlement was dependent on the parties' ability to agree to the release of any and all related civil claims the plaintiffs had against the settling defendants based on the same facts. If states or others could derivatively assert the same claims on behalf of the same class or members of it, there could be no certaintly [sic] about the finality of any federal settlement.").

and stop plaintiff and his attorneys from prosecuting AWP-based class action claims against the overlapping defendants and their parents, subsidiaries, affiliates, and predecessors.

## V. CONCLUSION

For the foregoing reasons, the Swanston Defendants respectfully request that this Court issue an Order prohibiting Mr. Robert J. Swanston, Mr. Donald E. Haviland, or any other putative class representative from pursuing claims in *Swanston* against defendants named in the MDL or whose parents, subsidiaries, affiliates, or predecessors are named in the MDL.

December 31, 2007

/s/ *J. Andrew Jackson*
J. Andrew Jackson
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: 202-420-2200
Facsimile:  202-420-2201

Counsel for Defendants
Baxter International Inc. and
Baxter Healthcare Corporation


/s/ *Peter E. Gelhaar*
Peter E. Gelhaar (BBO #188310)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone: 617-720-2880
Facsimile:  617-720-3554

Counsel for Defendants
Baxter International Inc. and
Baxter Healthcare Corporation