UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | 
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc.*, CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

## NOTICE OF DECISION

The United States submits the following pleading to highlight a recent decision in *United States ex rel. Globe v. Solar Construction*, Civil Action No. 1:05-cv-10004-JLT (D. Mass. December 19, 2007). *See* Exhibit 1. In that decision, Judge Tauro considered and ruled on an issue raised in Abbott's Motion to Dismiss the United States' First Amended Complaint (Motion to Dismiss) and Opposition to the United States' Motion to Amend. *See* Docket No. 4469 and 4889 (United States' Motion to Amend).[1] That court joined numerous courts who have concluded that a relator is not authorized to dismiss FCA claims without the express, written consent of the Attorney General of the United States. The United States respectfully asks this Court to consider this decision in connection with the above-referenced pending motions.

In both Abbott's Motion to Dismiss and its Opposition to the United States' Motion to Amend, Abbott contended that a relator can dismiss False Claims Act (FCA) claims *without* the express, written consent of the Attorney General of the United States. *See* Docket No. 4670,

---

[1] Both motions remain pending. Abbott has refused to file an Answer until the Court rules on this motion, notwithstanding the fact that discovery ends in less than three months.

Memorandum of Law in Support of Motion to dismiss, *passim*.  Abbott further contended that any Attorney General consent requirement was limited to the pre-intervention investigation period.  *See* Docket # 4720, Abbott's Reply to the United States Opposition to Abbott's Motion to Dismiss the First Amended Complaint at 6-7, *citing United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 721-22 (9th Cir. 1994).  Based on these premises, Abbott made a variety of convoluted, and ultimately flawed, statute of limitations arguments, seeking to carve large swaths of claims from the United States.

As the United States chronicled in its responsive pleadings, Abbott's premise that a relator can unilaterally dismiss FCA claims was simply wrong.  The language of the FCA is very clear that an FCA "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."  31 U.S.C. § 3730(b)(1).  Thus, dismissal of FCA claims can only occur with the written assent of (1) the court *and* (2) the Attorney General of the United States.

Further, numerous other courts have affirmed the United States' position that government consent is required for the dismissal of FCA claims from an action.  *See, e.g., United States ex rel. Doyle v. Health Possibilities*, 207 F.3d 335, 338-344 (6th Cir. 2000) (declining to follow *Killingsworth* and applying a plain-meaning interpretation to 31 U.S.C. § 3730(b)(1)'s consent provisions); *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154, 158-160 (5th Cir. 1997); *United States ex rel. Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925, 931 n. 8 (10th Cir. 2005).  These courts' decisions rested on a plain meaning reading of the statute's dismissal requirements; as one court put it this statutory dismissal language "is as unambiguous as one can expect."  *Searcy*, 117 F.3d at 159.

In *United States ex rel. Globe v. Solar Construction*, Judge Tauro similarly gave 31 U.S.C. § 3730(b)(1) a plain-meaning reading, concluding that "the statute clearly does not limit the consent requirement to the sixty-day seal period.  Accordingly, the Government must consent to all dismissals in a qui tam action brought by a private person, even voluntary dismissals by the plaintiff-relator."  Exhibit 1, Order at 4-5.

The United States respectfully submits that the Court join the Fifth Circuit, the Sixth Circuit, the Tenth Circuit and Judge Tauro in this District and conclude that government consent is required prior to the voluntary dismissal of any claims from an FCA.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | PETER D. KEISLER<br>ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Gejaa T. Gobena<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Rebecca A. Ford<br>Gejaa T. Gobena<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: (202) 307-3852 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF<br>FLORIDA | |
| /s/ Mark A. Lavine<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL 33132<br>Phone: (305) 961-9003<br>Fax: (305) 536-4101 | |

Dated: January 4, 2008

**CERTIFICATE OF SERVICE**

4

      I hereby certify that I have this day caused an electronic copy of the above **NOTICE OF DECISION** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

|  |  |
|---|---|
|  | /s/ Gejaa T. Gobena |
| Dated: January 4, 2008 | Gejaa T. Gobena |