UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE: PHARMACEUTICAL INDUSTRY :
AVERAGE WHOLESALE PRICE :
LITIGATION : MDL No. 1456
:
: Civ. No. 01-CV-12257 PBS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Hon. Patti B. Saris
THIS DOCUMENT RELATES TO PROPOSED :
NATIONWIDE CLASSES 2 AND 3 AS TO :
BMS AND ASTRAZENECA :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ASTRAZENECA PHARMACEUTICAL LP'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO SET A DATE FOR TRIAL OF NATIONWIDE CLASSES 2 AND 3**

Plaintiffs' motion to set a trial date is ill-founded and premature, as well as procedurally defective. It should, therefore, be denied.

1. The Motion puts "the cart before the horse." No nationwide Class 2 or 3 has been certified. Indeed, this Court previously denied plaintiffs' request to certify such nationwide classes. In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 66 (D. Mass. 2005). While plaintiffs have recently renewed their motion for certification of nationwide Classes 2 and 3, briefing on that renewed motion is underway and a hearing with respect to the renewed certification motion is scheduled for mid-March. For the reasons stated in AstraZeneca's opposition to the renewed certification motion being filed simultaneously herewith, plaintiffs' motion for class certification under the laws of 38 states raises several issues of constitutional proportion. Without a basis in logic, efficiency or fairness, the Court should not endorse plaintiffs' purely tactical request to set a trial date before grappling with class certification.

Even if plaintiffs' counsel were sincere in their half-hearted and equivocal suggestion that they might want to try the individual claims of the class representatives, their motion is still premature. Before setting a trial date, the parties should understand the contours of the proposed trial. All parties will concede that trying the claims of the individual class representatives would be vastly different than trying the class claims under the consumer protection laws of 38 states. Unless and until there is an acceptable trial plan in place (which itself would have myriad implications for pre-trial motion practice, not to mention notice requirements), plaintiffs' request for a trial date is again nothing more than a request for the Court to place its imprimatur on their litigation tactics.

2.   In addition, the pendency of AstraZeneca's appeal militates against setting a trial date. As the Court is aware, AstraZeneca has appealed to the First Circuit this Court's judgment in favor of the Massachusetts-only Class 2 and Class 3 members, as well as its related findings, conclusions, preceding orders and rulings. The issues being raised on appeal are likely to have important ramifications for these proceedings. It would be illogical, unfair and inefficient to schedule a complex jury trial before the parties and the Court can receive guidance from the Court of Appeals on issues that may moot such a trial altogether or which will, at minimum, greatly influence such a trial and/or the decision by the parties and the Court regarding whether to forge ahead with one.

3.   The motion is also procedurally defective. Although not mentioned at all in their motion papers, plaintiffs moved for, and were denied, essentially the same relief earlier this year. See Class Plaintiffs' Motion to Set for Trial the Class 2/3 AstraZeneca Case and Aventis Case, dated May 18, 2007, attached hereto as Exh. A. Under the Court's ruling on plaintiffs' prior motion, no trial dates would be set for Track 1 until the Court addressed class certification and

pre-trial proceedings for Track 2.  See May 22, 2007 Hearing Transcript, at p. 32, attached hereto as Exh. B.  Plaintiffs' motion seeks to relitigate scheduling issues that have already been determined recently by this Court.  Rule 59(e) requires a showing of "extraordinary" circumstances on a motion for reconsideration.  Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); see also Horizon Lines of Puerto Rico, Inc. v. Local 1575 Intern. Longshoremen's Ass'n, AFL-CIO, 2006 WL 1451530, at *3 (D. P.R. 2006) (noting that party seeking reconsideration of interlocutory order must show: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice).  See also Hotel On the Cay Time-Sharing Ass'n, Inc. v. Kilberg, 2000 WL 34019282, at *8 (D. R.I. 2000) (absence of argument in memorandum results in waiver).

     Because plaintiffs failed to brief the issue, let alone to even request reconsideration, their stealthily repetitive motion to set a trial date should be summarily denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to set a trial date should be denied.

Dated: January 4, 2008     Respectfully submitted,

/s/  Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO #496730)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
Phineas E. Leahey
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on January 4, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

      /s/ Katherine B. Schmeckpeper
      Katherine B. Schmeckpeper