# KIRBY McINERNEY, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540



Dec 21 2007
6:14PM

830 Third Avenue
New York, N.Y. 10022

**By Email**

December 12, 2007

Lauren O. Cassaza, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

      Re:    *Roxane's Responses to City of New York/New York Counties' First Document Requests*

Dear Lauren:

      Thank you for speaking with us yesterday regarding Roxane's responses to the City of New York/New York Counties' First Request for Production of Documents.  I am writing to memorialize certain aspects of our meet and confer.

      In general, Roxane has agreed to produce responsive documents and data for the Roxane NDCs that are part of our GCN summary judgment activity.  Roxane further agrees to produce responsive documents and data for all Roxane NDCs listed in the NYCC FACC Exhibit B which were always reimbursed based on AWP and for which plaintiffs have alleged a spread above 30%.  You indicated that this production would occur within four to five weeks, which means no later than January 15, 2008.  We appreciate your efforts to deliver these materials promptly given time constraints of CMO #33.

      You also indicated that you would let us know quickly in what format the data production would be.  We look forward to receiving that information.  For our part, I offered to provide you a list of what we have received from Roxane to date in order to avoid duplication.  I will get that list to you before December 21, 2007.

      Roxane will not agree to produce responsive documents and data for Roxane NDCs that were reimbursed based on both AWP and FUL.  It is our view that Roxane's position on this third category of data and documents is improper.  CMO#33 clearly provides that plaintiffs are entitled to discovery on all drugs reimbursed based on AWP and with spreads over 30%.  This means that whenever Roxane drugs were off a FUL and reimbursed on AWP we are entitled to discovery on them.  Please let us know before close of business Friday, December 14, 2007 if Roxane will alter its position on this point.  If not, we will file a motion to compel.

KIRBY MCINERNEY LLP

Lauren O. Cassaza, Esq.
December 12, 2007
Page 2

      Moving on to the specific requests, my comments below concern only those where we had discussions or reached agreements beyond Roxane's initial responses.

**Document Request 9**

      To clarify, this request seeks production of documents discussing Medicaid reimbursement generally or Medicaid rebates generally and how or if such reimbursement or rebates impact; Roxane's pricing practices for the subject drugs; Roxane's marketing or sales strategies; Roxane's analysis of its revenues or net profits; Roxane's product development or the cessation of production. You agreed to discuss this request further with Roxane once you received this clarification. We appreciate that and hope to hear that Roxane will broaden its response so motion practice on this point can be avoided.

**Document Request 30**

      We discussed your concern that this request, as worded, was too broad insofar as it calls for "all data." I agreed to narrow with the understanding that you would thereafter revisit the request with your client. To narrow, for each subject drug, we are interested in data that will indicate for each transaction: customer name and address, purchase volume, prices paid and any related (contemporaneous or subsequent) discounts, rebates, incentives, free goods and/or grants.

**Document Request 31**

      We discussed the breadth of this request as well and I agreed to narrow with the understanding that you would revisit with your client. To narrow, we seek Roxane's contracts with PBMs, including but not limited to PBM mail-order pharmacies, and data sufficient to identify the prices paid by such PBMs for Roxane's drugs together with any discounts, rebates or any other financial or other consideration paid in respect of such drugs.
      You also requested an explanation as to why these materials were relevant. The requested material are relevant for multiple reasons including that Medicaid beneficiaries obtain drugs from PBM mail-order pharmacies and so such pharmacies' acquisition costs are relevant to any evaluation of EAC. Also, as you know, PBMs create and control formularies and our case asserts that all manufacturers, including those of single-source drugs, have incentives to create spreads so that those with formulary power give preferential treatment to their products.

**Document Request 37**

      You expressed some doubt as to whether your client could produce documents responsive to this request. It strikes us as incredible that any public company would be unable to produce documents concerning revenue and profitability for its products. In an effort to move this along, we do not need "all data" showing this information, but ask that

KIRBY MCINERNEY LLP

Lauren O. Cassaza, Esq.
December 12, 2007
Page 3

you reconsider your initial objections to provide responsive materials that will inform us on the identified subjects.

**Document Request 38**

We discussed my clients' view that information concerning Roxane's ownership in a pharmacy wholesaler or other business supplying prescription drugs to Medicaid recipients is relevant to their case because such a relationship would permit Roxane to profit not only by moving market share through the creation of spread, but also through submitting claims for Medicaid reimbursement. You agreed to mull about this request further and discuss with your client if appropriate. Please let us know promptly whether you will agree to expand Roxane's response on this.

Please let me know if I have misstated anything whatsoever, Lauren. And thank you again for working through these requests with us.

Very truly yours,

Joanne M. Cicala

cc:   Aaron D. Hovan, Esq.