# Exhibit

# 4



17320302

Nov 20 2007
3:48PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO: *The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054) *County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425) *County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231) *County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456) *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242) *County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423) *County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204) *County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744) *County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354) *County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867) *County of Cortland v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00881) *County of Dutchess v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-06458) *County of Essex County v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00878) *County of Fulton v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00519) | MDL NO. 1456 Civil Action No. 01-12257-PBS Judge Patti B. Saris **DEFENDANT BOEHRINGER INGELHEIM ROXANE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06206)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00415)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Nassau v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. 04-CV-5126)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

| | |
|---|---|
| *County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478) | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387) | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370) | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479) | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223) | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229) | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397) | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123) | |
| *County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468) | |
| *County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408) | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138) | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178) | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379) | |
| *County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts, Defendant Boehringer Ingelheim Roxane, Inc. ("Roxane"), by its attorneys, submits the following responses and objections to Plaintiffs' First Request for Production of Documents to All Defendants ("Requests").

## PRELIMINARY STATEMENT

1.      These responses are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such document requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.      Roxane's responses shall not be deemed to constitute admissions:

    a.      that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

    b.      that any statement or characterization in Plaintiffs' Requests is accurate or complete.

3.      Roxane's responses are made based upon reasonable and diligent investigation conducted to date.  Discovery and investigation in this matter are ongoing and Roxane reserves the right to amend its responses and to raise any additional objections it may have in the future.  These responses are made based upon the typical or usual interpretation of words contained in Plaintiffs' Requests unless a specific definition or instruction has been provided.

4.      Roxane's responses to Plaintiffs' Requests contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

5.     Roxane's responses to Plaintiffs' Requests are submitted without prejudice to Roxane's right to produce evidence of any subsequently discovered facts.  Roxane reserves its right to provide further responses as additional facts are ascertained.

## GENERAL OBJECTIONS

Roxane objects generally to Plaintiffs' Requests as follows:

1.     Roxane objects to Plaintiffs' "definitions" and "instructions" to the extent Plaintiffs intend to expand upon or alter the Federal Rules of Civil Procedure or Roxane's obligations in responding to these Requests.  Roxane will comply with the Federal Rules of Civil Procedure in providing its responses to Plaintiffs' Requests.

2.     Roxane objects to Plaintiffs' definitions of "Document(s)," "All documents," "Defendant," "You," "Your," "Person" and "Communication" as set forth in Definitions Nos. 1, 2, 3, 4, 5,and 9 because they are vague, ambiguous, overly broad, and unduly burdensome.  Roxane further objects to the extent these definitions encompass materials that are not relevant or not reasonably calculated to lead to the discovery of admissible evidence.

3.     Roxane objects to the definition of "Subject Drugs" as set forth in Definition No. 11 to the extent the definition encompasses drugs for which discovery has been stayed pursuant to CMO No. 33 entered by the Court on September 14, 2007.

4.     Roxane objects to the definition of "Government Investigation" as set forth in Definition No. 13 on the ground it is overly broad because of its unlimited time frame and its reference to investigations by "any other federal, state, or local government entities."  The definition is also vague as to "other requests."  Roxane will produce documents as required by CMO Nos. 5 and 7.

5.     Roxane objects to the definition of "Providers" as set forth in Definition 14 as being overly broad and unduly burdensome.  Roxane further objects to the extent the definition

encompasses materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6.      Roxane objects to the definition of "Class of Trade" as set forth in Definition 16 as being vague and ambiguous.

7.      Roxane objects to the definitions of "Estimated Acquisition Cost" or "EAC" as set forth in Definition No. 25 to the extent they encompass any time period prior to January 1, 1997 or after December 31, 2005, which are outside the statute of limitations applicable to the claims.

8.      Roxane objects to the definitions "Prompt Pay Discounts," "PPDs," and "Bundled Discounts" as set forth in Definition Nos. 27 and 29 as being vague and ambiguous, overly broad and unduly burdensome.  Roxane further objects to the definitions to the extent they encompass documents or information not within the possession, custody, or control of Roxane.  In addition, Roxane objects to the extent the definitions encompass materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

9.      Roxane objects to the definition "Volume Discount" as set forth in Definition No. 28 as being vague and ambiguous, overly broad and unduly burdensome.  Roxane further objects to the definition to the extent it encompasses documents or information not within the possession, custody, or control of Roxane.   In addition, Roxane objects to the extent the definition encompasses drugs for which discovery has been stayed pursuant to CMO No. 33.  Roxane also objects to the extent the definition encompasses materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

10.      Roxane objects to the definition "Price Incentives" as set forth in Definition No. 30 as being vague and ambiguous, overly broad, and unduly burdensome because of its unlimited

time frame.  Roxane further objects to the extent the definition encompasses materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

11.     Roxane objects to the definition "Other Price" as set forth in Definition No. 31 as being vague and ambiguous, overly broad, and unduly burdensome.  Roxane further objects to the extent the definition encompasses materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the definition encompasses any time period prior to January 1, 1997 or after December 31, 2005, which are outside the statute of limitations applicable to the claims.

12.     Roxane objects to the definitions "Spread" or "the Spread" and "Net Price" as set forth in Definition Nos. 32 and 33 as being as being vague and ambiguous, overly broad, and unduly burdensome.  Roxane also objects to the extent the definitions encompass drugs for which discovery has been stayed pursuant to CMO No. 33 entered by the Court on September 14, 2007.  Roxane further objects to the extent the definitions encompass materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

13.     Roxane objects to Instruction No. 1 and its various subsections because it is unduly burdensome, and vague and ambiguous to the extent it requires Roxane to speculate about the existence of responsive information that may or may not exist in the possession of third parties.

14.     Roxane objects to Instruction No. 2 and its various subsections to the extent it calls for documents prepared, sent, dated, received or came into existence either prior to January 1, 1997, or after December 31, 2005, on the ground that such documents are neither relevant to the subject matter of the pending actions nor reasonably calculated to lead to the discovery of admissible evidence because they are outside the statute of limitations applicable to the claims. Roxane objects to Plaintiffs' Instruction No. 2(a) to the extent Plaintiffs intend to expand upon or

alter the Federal Rules of Civil Procedure or Roxane's obligations in responding to these Requests. Roxane will comply with the Federal Rules of Civil Procedure in providing its responses to Plaintiffs' Requests.  Roxane's failure to note or specify particular General Objections or objections to Plaintiffs' Definitions and Instructions in the Specific Objections below shall not constitute a waiver of those Objections with respect to any individual request.

15.     Roxane objects to Instruction No. 5 to the extent it demands materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent Instruction No. 5 demands that when redacting a document for privilege, Roxane must stamp the word "redacted" on each page of the document.  Roxane will identify redacted portions of documents in a privilege log.

16.     Roxane objects to Instruction No. 7 to the extent it calls for production of original documents.  Roxane will use reasonable efforts to produce copies.  Roxane will provide access to originals on reasonable specific request only.

17.     Roxane objects to Instruction No. 8 to the extent it demands all documents be produced in their original file folders, envelopes, or other containers in which the documents are kept by Roxane.  Roxane will use reasonable efforts to produce copies of labels or other identifying marks on such original file folders, envelopes or other containers.

18.     Roxane objects to Instruction No. 11 to the extent it demands that Roxane produce documents that "mention," "discuss," "refer to" or "explain" responsive documents on the grounds that such demand is vague and ambiguous, calls for subjective determination, and is unduly burdensome.

19.     Roxane objects to Instructions Nos. 12 and 13 on the grounds that the instructions are unduly burdensome.

20.     Roxane objects to Instruction No. 14 on the ground that it is unduly burdensome and vague and ambiguous as to the term "any other jurisdiction."

21.     Roxane objects to the definition of "Relevant Time Period" on the grounds that it is vague and ambiguous, overly broad and unduly burdensome.  Roxane further objects to the definition to the extent it seeks documents and information outside the statute of limitations applicable to the claims in these actions.  Roxane also objects to the improper "Relevant Time Period" to the extent the definition encompasses any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.

22.     Roxane objects to the extent that any request seeks documents that are protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, by any common interest or joint defense agreement or by any other applicable privilege or protection.  Roxane agrees to prepare and provide Plaintiffs with a listing or log of documents withheld on the grounds of privilege at the conclusion of its initial production.

23.     Roxane objects to each request to the extent that it calls for production of documents not within the possession, custody, or control of Roxane.  The responses given herein are based upon documents and information within Roxane's current possession, custody, or control.

24.     Roxane objects to each request to the extent that it calls for documents that are confidential, proprietary, and/or trade secret of a third party.  Roxane will produce any such materials pursuant to the stipulated protective order entered in this action and to the extent such production is otherwise called for by these requests.

25. Roxane objects to each request to the extent that it may be construed as calling for the production of confidential information relating to a patient. Roxane will not produce any such material to the extent it is under any obligation to maintain the patient information in confidence and not to disclose it unless the patient grants permission to do so.

26. Roxane objects to each request to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of the Plaintiffs.

27. Roxane objects to each request to the extent that it purports to call for the production of documents or information that is not subject to discovery under CMO No. 33.

28. Roxane Objects to each request to the extent that it relates to claims that have been dismissed by the Court's April 2, 2007 decision on Defendants' Motion to Dismiss the New York City and Consolidated Counties Complaint and the Nassau County Complaint.

29. Insofar as any request seeks documents to which the foregoing Objections to Plaintiffs' Definitions and Instructions apply, Roxane's specification or failure to note particular Objections to Plaintiffs' Definitions and Instructions in the Specific Objections below shall not constitute a waiver of those or other Objections to Plaintiffs' Definitions and Instructions with respect to any individual request.

30. Roxane incorporates the above General Objections into each specific response to the requests set forth below as if set forth in full therein. The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' REQUEST FOR PRODUCTION

### *Category 1: Investigations, Suits and Complaints*

**REQUEST NO. 1:**

All documents produced by You, whether voluntarily or involuntary, in any Government Investigation or inquiry related to Medicare or Medicaid reimbursement and / or rebate payments. This would include all investigations concerning AWP, FUL, WAC, DP, EAC, the reporting of Best Price, and the use of the nominal price exception to Best Price Reporting Requirements.

**RESPONSE TO REQUEST NO. 1:**

Roxane objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome because of its unlimited time frame. Roxane further objects to the phrases "rebate payments," "Best Price" and "Best Price Reporting Requirements" as being vague and ambiguous. Roxane also objects to the request because it seeks documents relating to government investigation or inquiry concerning "the reporting of Best Price, and the use of the nominal price exception to the Best Price Reporting Requirements" and "rebate payments" because they are not relevant to the issues in these actions and are not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Roxane objects to the improper request for documents concerning "the reporting of Best Price, and the use of the nominal price exception to the Best Price Reporting Requirements" because Plaintiffs' "Best Price" claims relating to the Medicaid Drug Rebate Program have been dismissed as to Roxane by the Court's April 2, 2007 decision on Defendants' Motion to Dismiss the New York City and Consolidated Counties Complaint and the Nassau County Complaint. Roxane also objects to this request to the extent that it seeks the production of confidential information. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for

inspection and/or copying responsive documents it has produced in other AWP-related litigation related to the drugs subject to discovery under CMO No. 33 from the relevant time period

## REQUEST NO. 2:

**All affidavits, declarations, depositions or other written statements provided by or for You and relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which You were a party, regarding any allegation that You overstated, misstated, or otherwise manipulated the AWP, WAC, FUL, DP, EAC and/or the Reported / Published Prices for any Subject Drug or NDC for the Relevant Time Period. Any documents produced pursuant to this request should have a cross-walk of Bates ranges sufficient to identify which documents are identical or duplicate of documents produced in any other forum.**

## RESPONSE TO REQUEST NO. 2:

In addition to the foregoing General Objections, Roxane objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous as to the phrases "written statement" and "legal proceeding" and the terms "overstated," "misstated" and "manipulated." Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Roxane also objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005. In addition, Roxane objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Roxane further objects to the request to the extent it seeks documents that are confidential, privileged or otherwise protected against discovery pursuant to a protective order or other applicable statutory or common law. Roxane also objects to plaintiffs' request for a "cross-walk of Bates ranges" as the request seeks to expand upon or alter the Federal Rules of Civil Procedure or Roxane's obligations in responding to this request and is unduly

burdensome.   Subject to and without waiving the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will produce copies of affidavits and the transcripts of depositions of Roxane employees taken in other AWP-related litigation.

**REQUEST NO. 3:**

  **All documents showing settlements or pleas between You and any government agency relating to drug pricing.**

**RESPONSE TO REQUEST NO. 3:**

  In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects because the phrases "any government agency" and "drug pricing" are vague and ambiguous.  Roxane further objects to the request to the extent it seeks documents that are confidential, privileged or otherwise protected against discovery pursuant to a protective order or other applicable statutory or common law.  In addition, Roxane objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Roxane states that there are no pleas between it and any government related to pharmaceutical pricing.

**REQUEST NO. 4:**

  **All documents that identify any claims made or litigation brought against You regarding the issue of drug pricing generally, or any issue related to Medicaid Pharmaceutical reimbursement or rebate payments.**

**RESPONSE TO REQUEST NO. 4:**

  In addition to the foregoing General Objections, Roxane objects to the request on the grounds  that it is overly broad and unduly burdensome.  Roxane also objects to the phrases "any

claims made," "drug pricing generally," "any issue" and "rebate payments" as being vague and ambiguous. Roxane also objects to the request to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of the Plaintiffs. In addition, Roxane objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will produce copies of AWP-related complaints filed against it.

**REQUEST NO. 5:**

  **Documents showing Your efforts to comply with the federal Department of Health and Human Services, Office of the Inspector General's Fraud and Abuse Guidelines.**

**RESPONSE TO REQUEST NO. 5:**

  In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane further objects to the request as being vague and ambiguous because "the federal Department of Health and Human Services, Office of Inspector General's Fraud and Abuse Guidelines" is not defined. Roxane also objects to the extent that the request seeks documents that are protected from disclosure by the attorney-client, accountant-client, consulting expert, or investigative privileges or by any other applicable privilege or protection. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 6:**

Documents showing Your efforts to comply with the federal Department of Health and Human Services, Office of the Inspector General's Pharmaceutical Marketing Guidelines.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane further objects to the request as being vague and ambiguous because "the federal Department of Health and Human Services, Office of Inspector General's Pharmaceutical Marketing Guidelines" is not defined. Roxane also objects to the extent that the request seeks documents that are protected from disclosure by the attorney-client, accountant-client, consulting expert, or investigative privileges or by any other applicable privilege or protection. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 7:**

All documents reflecting, referring to, describing or consisting of communications between You and Your current or former employees regarding investigations, audits, reviews or analyses relating to pharmaceutical pricing practices or reimbursement, or Medicaid programs.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the terms "investigations," "audits," "reviews," and "analyses," and the phrases "pharmaceutical pricing practices or reimbursement" and "Medicaid programs" as being vague and ambiguous. Roxane further objects to the extent the request seeks documents that are protected from disclosure by the

work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges or by any other applicable privilege or protection.  Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying non-privileged communications with employees regarding investigations related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 8:**

**All documents reflecting, referring to, describing or consisting of communications between You and Your independent contractors regarding internal investigations, audits, reviews or analyses relating to pharmaceutical pricing practices or reimbursement, or Medicaid programs.**

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the phrases "independent contractors," "internal investigations," "pharmaceutical pricing practices or reimbursement" and "Medicaid programs" and the terms "audits," "reviews," or "analyses" as being vague and ambiguous.  Roxane further objects to the extent the request seeks documents that are protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges or by any other applicable privilege or protection. Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to

13

2005.  Roxane further objects to the extent the request purports to require Roxane to produce documents that may be in the possession of third parties.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying non-privileged communications with third parties regarding investigations related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

***Category 2: Reimbursement Prices***

**REQUEST NO. 9:**

**All documents discussing Medicaid drug reimbursement and/or rebate payments.**

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the phrases "Medicaid drug reimbursement" and "rebate payments" as being vague and ambiguous.  Subject to and without waiving the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or data related to Medicaid drug reimbursement and rebate data for New York for the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents and/or data exist.

**REQUEST NO. 10:**

**All documents discussing how You or any other company defines AWP, WAC, FUL, DP or any Other Price You or any other companies report to Pharmaceutical Publications.**

**RESPONSE TO REQUEST NO. 10:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane further objects to the request to the extent that it calls for production of documents not within the possession, custody, or control of Roxane or seeks information regarding any entities that are not affiliated with Roxane.  Subject to and without waiving the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 11:**

**All documents discussing how AWP, WAC, DP or any Other Price You report to the Pharmaceutical Publications, has been, or is currently, calculated by You.**

**RESPONSE TO REQUEST NO. 11:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the term "calculated" as being vague and ambiguous.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 12:**

**All documents relating to any actual, proposed, or prospective AWP, WAC, and/or DP announcements, changes, or lists issued by You for each Subject Drug, including the reasons, methodology and procedures used or considered by You in considering or**

contemplating whether to increase or decrease the AWP, and/or WAC, and/or DP of each Subject Drug.

**RESPONSE TO REQUEST NO. 12:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the terms "reasons," "methodology" and "procedures" and the phrases "used or considered" and "considering or contemplating" as being vague and ambiguous. Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 13:**

All marketing and sales materials which compare the AWP, WAC, DP, and/or FUL price, market share, rebates, pricing discounts, or incentives for each Subject Drug with the AWP, and/or WAC, and/or DP and/or FUL price of any other pharmaceutical.

**RESPONSE TO REQUEST NO. 13:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the phrases "marketing and sales materials," "market share," "pricing discounts," and "any other pharmaceutical," and the terms "rebates" and "incentives" as being vague and ambiguous. Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs

16

subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 14:**

All documents relating to Your role in the publications, appearance, or advertisement of the AWP, and/or WAC, and/or DP and/or FUL of each Subject Drug in Publications during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "appearance," "advertisement" and "publications" and the phrases "role in the publications" and "considering or contemplating" as being vague and ambiguous.  Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Roxane also objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 15:**

All contracts with Pharmaceutical Publications and all communications with Pharmaceutical Publications regarding the Subject Drugs.

**RESPONSE TO REQUEST NO. 15:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane further objects to the extent the

request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 16:**

**All documents including organizational charts that describe or list the name, title, last known address, division, department, unit and subdivision of Your employees responsible for determining the AWP, WAC, and/or DP or any other Reported Price or otherwise used for each Subject Drug during the Relevant Time Period.**

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "division," "department," "unit" and "subdivision" and the phrases "responsible for determining" "any other Reported Price" and "otherwise used" as being vague and ambiguous.  Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Roxane also objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

*__Category 3: Provider Pricing, Practices and Discounts__*

**REQUEST NO. 17:**

Price file databases or similar databases containing prices for the Subject Drugs and/or data fields showing 1) third party reimbursement amounts 2) Provider Acquisition Cost 3) Manufacturer Sales price 4) drug price information and/or 5) customer information. As such, these databases might show such fields as class of trade, ASP, AWP price, WAC, Direct Price, contract price, Net Price, rebates, discounts, Provider price and all other related fields. Also provide related layouts, field definitions, data dictionaries, source tables, relationship tables, and business rules.

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the phrases "third party reimbursement amounts," "Provider Acquisition Cost," "Manufacturer Sales price," "drug price information," "customer information," "contract price," "Provider price," "other related fields" "relationship tables" and "business rules" and the term "rebates" as being vague and ambiguous. Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Roxane also objects to the request to the extent that it calls for production of data and information not within the possession, custody, or control of Roxane. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or transactional sales data kept in the ordinary course of business, related to the drugs subject to discovery under CMO No. 33 from the relevant time period.

**REQUEST NO. 18:**

Any computer programs, datasets, PowerPoints, DVDs, CDs, printouts, or other documents supplied to Providers that discuss discounts off AWP, WAC, FUL or any Published Price, reimbursement generally, or Spread.

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "computer programs," "datasets," "PowerPoints," "DVDs," "CDs," "printouts," "other documents," "supplied to," and "reimbursement" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or data related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents or data exist.

**REQUEST NO. 19:**

**Any documents discussing the amount of profit a Provider could make on a Subject Drug.**

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome, and vague and ambiguous as to the term "profit." Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 20:**

Any sales and marketing materials comparing the costs and/or profit for a Subject Drug that You manufactured with those of a competing or alternative drug.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the phrases "sales and marketing materials" and "competing or alternative drug" and the terms "costs" and "profit" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 21:**

All training or instructional materials and manuals that You provided to Your drug sales representatives or others referencing or discussing AWP, and /or FUL and/or WAC, and/or DP, or any Other Price and profit, and /or cost, and/or Spread, return on investment, return to practice, Medicaid or Medicare reimbursement or incentives, rebates or promotions to purchasers of Your Subject Drugs.

**RESPONSE TO REQUEST NO. 21:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the phrase "training or instructional materials and manuals," "return to investment," "return to practice," "Medicaid or Medicare reimbursement" and the terms "others," "profit," "cost," "incentives,"

"rebates," and "promotions" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 22:**

**All documents evidencing any meetings where raising the AWP, and/or FUL, and/or WAC, and/or DP, or use of AWP and/or WAC and/or FUL and/or DP in order to create demand or as a marketing tool, for any Subject Drug was discussed.**

**RESPONSE TO REQUEST NO. 22:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "evidencing," "use of," "create demand," and "marketing tool" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 23:**

      All documents regarding Your analysis of the effects (financial and otherwise) of 1) pricing and/or reimbursement and 2) changes to pricing and/or reimbursement on drug sales generally, as well as in the case of specific drugs. These effects include but are not limited to all documents referencing or discussing how government or private payor reimbursement rates may affect sales of a drug product.

      (a)     For each Subject Drug (whether manufactured by You or a competitor), documents sufficient to identify during the Relevant Time Period:

          (1)     The published AWP;

          (2)     AMP;

          (3)     WAC (wholesale acquisition cost)

          (4)     Net Prices and ASPs (actual sales price, *i.e.,* the net price after all discounts);

          (5)     EAC (estimated acquisition cost);

          (6)     Earned margin (difference between AWP and actual product cost);

          (7)     All documents that relate to discussions of Spreads or reimbursement formulas, using AWP, DP, WAC or FUL as an incentive; and

          (8)     Documents that indicate whether the AWP, Net Price, AMP and Earned Margin include all rebates, discounts, allowances, credits and any other incentives provided to third parties.

          (9)     DP (Direct Price)

          (10)     All prices You reported to any Publisher.

          (11)     FUL

      (b)     Documents for the Relevant Time Period evidencing the price for any Subject Drug You sold to:

          (1)     the VA;

          (2)     Your top ten purchasers by volume of each Subject Drug whoever they may be; and

          (3)     the highest price paid for that Subject Drug.

**RESPONSE TO REQUEST NO. 23:**

In addition to the foregoing General Objections, Roxane objects to the request and its subsections on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the phrase "the effects (financial and otherwise)," "changes to pricing and/or reimbursement on drug sales generally," "using AWP, DP, WAC, or FUL as an incentive," and "highest price paid" and the terms "specific drugs," "effects," "affect," "actual sales price," "actual product cost," "reimbursement formulas," "rebates," "discounts," "allowances," credits," and "any other incentives," "third parties," "the price for any subject drug you sold to," and "VA" as  vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the request to the extent that it calls for production of documents not within the possession, custody, or control of Roxane or seeks information regarding separate corporate entities. In addition, Roxane objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33 or for drugs not at issue in these actions.  Roxane also objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Roxane further states that the FUL for each drug is publicly available information.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to its drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 24:**

All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by You for each Subject Drug, including the methodology and procedures used by You in considering whether to increase or decrease prices during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 24:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "price announcements," "price changes," "discount programs," "rebates," "incentives," "penalties," "price lists,"  "methodology," "procedures" and "considering" as being vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Roxane also objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to its drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 25:**

All documents relating to the use or provision of free samples, educational grants, marketing grants, Volume Discounts, rebates, payments for specific data gathering, financial incentives, or other incentives related to any Subject Drug.

**RESPONSE TO REQUEST NO. 25:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "use," "provision of," "free samples," "educational grants," "marketing grants," "rebates," "specific data gathering," "financial incentives," and "other incentives" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to its drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist..

**REQUEST NO. 26:**

**All documents concerning the provision or offer of free samples of any Subject Drug given, where those free samples were contingent on a purchase.**

**RESPONSE TO REQUEST NO. 26:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome and the terms "free samples" and "contingent on a purchase" are vague and ambiguous.  Roxane also objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to discovery of admissible evidence.  Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents related to its drugs

subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

**REQUEST NO. 27:**

**All documents concerning sales of any Subject Drug at a price less than 10% of AMP.**

**RESPONSE TO REQUEST NO. 27:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome and the term "sales" is vague and ambiguous. Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Roxane also objects to the request to the extent that it relates to Medicaid rebate claims that have been dismissed by the Court's April 2, 2007 decision on Defendants' Motion to Dismiss the New York City and Consolidated Counties Complaint and the Nassau County Complaint.

**REQUEST NO. 28:**

**All data maintained in electronic form relating to the pricing, cost data and transactional sales, of each Subject Drug in the United States for the Relevant Time Period, including all rebates, discounts, allowances, chargebacks, on and off invoice adjustments and credits.  Such data should be produced in electronic form.  Defendants shall also produce all documents or instructions necessary to access, process, read and use such electronic data.**

**RESPONSE TO REQUEST NO. 28:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "pricing," "cost data," "transactional sales," "rebates," "discounts," "allowances," "chargebacks," "on and off invoice adjustments" and "credits" as being vague and ambiguous.  Roxane also objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to discovery of admissible evidence and to the extent the request asks for documents related

to all of the United States.  Roxane further objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or transactional sales data kept in the ordinary course of business, related to the drugs sold in New York which are subject to discovery under CMO No. 33, from the relevant time period.

**REQUEST NO. 29:**

All databases listed by NDC that provide data concerning the AWP and/or WAC, and/or DP, and/or FUL, and the Net Price charged to all customers.

**RESPONSE TO REQUEST NO. 29:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome and the terms "all customers" and "databases listed by NDC" are vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.

**REQUEST NO. 30:**

All data relating to customer invoices for each Subject Drug, including, but not limited to, customer names and addresses, purchase volume, prices, discounts, rebates, incentives, free goods, and grants.

**RESPONSE TO REQUEST NO. 30:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "customer invoices," "purchase volume," "prices," "discounts," "rebates," "incentives," "free

goods," and "grants" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.

**REQUEST NO. 31:**

All documents evidencing any agreements and/or performance of agreements between **Defendants and any one or more Pharmacy Benefit Manager(s) who purchase or provide or sell or otherwise distribute the Subject Drugs.**

**RESPONSE TO REQUEST NO. 31:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome and the terms "performance of agreements," "purchase," "provide," "sell" and "distribute" are vague and ambiguous.  Roxane further objects to the request because PBM materials are not relevant or reasonably calculated to lead to the discovery of admissible evidence in this case.  Roxane also objects to the request to the extent that it calls for production of documents not within the possession, custody, or control of Roxane or seeks information regarding any entities that are not affiliated with Roxane.  In addition, Roxane objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.

**REQUEST NO. 32:**

All documents concerning or relating to the methodology used to calculate AWP, **and/or AMP, and/or WAC, and/or DP when a FUL is in effect.**

**RESPONSE TO REQUEST NO. 32:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome and the phrase "methodology used to calculate" is vague and ambiguous.  The request also wrongly assumes that the existence of a FUL

affects the calculation of a WAC, AMP or DP.  Roxane further objects to the request to the extent

it seeks materials that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence.   Roxane also objects to the extent the request seeks documents and

information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to

and without waiver of the foregoing Preliminary Statement, General Objections and Specific

Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive

documents related to the drugs subject to discovery under CMO No. 33 from the relevant time

period, to the extent that such documents exist.

## REQUEST NO. 33:

**All communications concerning drug pricing and/or Medicaid reimbursement between You or from You to (a) Group Purchasing Organizations, (b) cooperatives of independent pharmacies, (c) chain drug stores, (d) home health care companies, (e) mail-order pharmacies, (f) nursing homes and nursing care companies, (g) wholesalers or distributors, and (h) pharmaceutical benefit managers (PBMs).**

## RESPONSE TO REQUEST NO. 33:

In addition to the foregoing General Objections, Roxane objects to the request on the

grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "drug

pricing," "Medicaid reimbursement," "Group Purchasing Organizations," "cooperatives of

independent pharmacies," "home health care companies" and "nursing care companies" as being

vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are

not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also

objects to the extent the request purports to require Roxane to produce documents that may be in

the possession of third parties.

*Category 4: Sales Data and Financial Information*

**REQUEST NO. 34:**

All transactional electronic data and documents for each sale of Subject Drugs, whether to wholesalers, distributors, Providers, PBMs, Government Payors of any kind and/or any other party or intermediary including but not limited to documents relating to:

> (a)     the date of sale;
>
> (b)     identification of the entity that ordered the Subject Drugs, paid for the Subject Drugs, delivered the Subject Drugs and received delivery of the Subject Drugs for each sale;
>
> (c)     the net sales price per unit for each sale;
>
> (d)     the methodologies used to determine the net sales price for each sale;
>
> (e)     any and all applicable Price Incentives for each sale;
>
> (f)     the total units sold and the total dollar amount paid for each sale;
>
> (g)     any returns or adjustments, whether in price, quantity or date of sale for each sale;
>
> (h)     any contract, purchase order or other agreement concerning each sale;
>
> (i)      profitability;
>
> (j)     any other applicable pricing information.

**RESPONSE TO REQUEST NO. 34:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "transactional electronic data and documents," "Government Payors of any kind," "any other party or intermediary," "net sales price per unit," "methodologies," "net sales price," "returns," "adjustments," "profitability" and "other applicable pricing information" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not

relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.   Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or transactional sales data kept in the ordinary course of business, related to its drugs sold in New York which are subject to discovery under CMO No. 33, from the relevant time period.

**REQUEST NO. 35:**

**All Documents and transactional electronic data regarding Price Incentives or any other consideration of any kind offered by You to wholesalers, distributors, Providers or other intermediaries for the sale, promotion, reimbursement, and/or purchase for each Subject Drug, including but not limited to Volume Discounts and Bundled Discounts.**

**RESPONSE TO REQUEST NO. 35:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "transactional electronic data," "any other consideration of any kind," "other intermediaries," "sale" "promotion," and "reimbursement," as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or transactional sales data kept in the ordinary course of business, related to the drugs subject to discovery under CMO No. 33 from the relevant time period.

**REQUEST NO. 36:**

All Documents showing the price You charged, sold or supplied for dispensing Subject Drugs, whether the drug was sold directly by You to a purchaser or indirectly through an internet pharmacy, mail-order pharmacy, chain pharmacy or independent pharmacy, PBM, third party payor, government payor, manufacturer, wholesaler, Provider or other intermediaries, and the methodologies used to determine such amount, including but not limited to any amount net of any Price Incentives.

**RESPONSE TO REQUEST NO. 36:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "price," "supplied for dispensing," "purchaser," "indirectly," "internet pharmacy," "third party payor," "government payor," "manufacturer," "other intermediaries," "methodologies used to determine" and "any amount net of" as being vague and ambiguous.  To the extent "purchaser" refers to end users of drugs, Roxane does not have possession custody or control of documents relating to the price charged.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.

**REQUEST NO. 37:**

All electronic data and documents showing Your revenue, net income, and profitability derived from the sale of each Subject Drug, the number of units sold and to whom for each year in the Relevant Time Period.

**RESPONSE TO REQUEST NO. 37:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "net income," "profitability," "derived from," "sale" and "whom" as being vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or

reasonably calculated to lead to the discovery of admissible evidence.  Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.  Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.

**REQUEST NO. 38:**

**All documents showing Your ownership interests in, or profit sharing arrangements with, any pharmacy, wholesaler, or other business(es) supplying prescription drugs to Medicaid recipients.**

**RESPONSE TO REQUEST NO. 38:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad, unduly burdensome, and the phrases "ownership interests," "profit sharing arrangements," and "other business(es) supplying prescription drugs" are vague and ambiguous.  Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 39:**

**All Documents and transactional electronic data showing the return of each Subject Drug, the quantity of the returned drugs, the unit price credited for the returned drugs, the amount credited for the return, who received the return amount or credit, the original sale price charged, the original quantity of drugs purchased, which Price Incentives applied to the original purchase, and who made the original purchase.**

**RESPONSE TO REQUEST NO. 39:**

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome.  Roxane also objects to the terms "transactional electronic data," "return," "returned drugs," "credited for the return," "original sale

price charged," "original quantity," "original purchase" and "who made the original purchase" as being vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 40:

**All Documents relating to, describing or showing the structure of Your electronic computer and data systems, including but not limited to identification of all computer systems, all data fields, a detailed explanation of the meaning of each data field and any corresponding calculations used to populate any data field, the operation of any equipment or software utilized by You to maintain the responsive electronic data. This request calls for all data field value descriptions, descriptions for codes in the fields (such as code look up tables), related training, operating or maintenance materials, and any source where data regarding or derived from sales transactions of the Subject Drugs during the Relevant Time Period may reside or pass through during any processing, modeling analysis, or reporting by You.**

## RESPONSE TO REQUEST NO. 40:

In addition to the foregoing General Objections, Roxane objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the phrases "structure of Your computer and data systems," "all data fields," "detailed explanation," "corresponding calculations used to populate any data field," "data field value descriptions," "related training, operating or maintenance materials," "any source where data regarding or derived from sales transactions," "reside or pass through," "any processing, modeling analysis, or reporting," as being vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Subject to and without waiver of the foregoing Preliminary Statement, General Objections and Specific Objections, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or data

related to the drugs subject to discovery under CMO No. 33 from the relevant time period, to the

extent that such documents or data exist.


Dated:  November 20, 2007

By:     __/s/ Lauren O. Casazza_____

Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
Tel: (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601-6636
Tel: (312) 861-2000

*Attorneys for Defendant Boehringer
Ingelheim Roxane, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

     I, Lauren O. Casazza, an attorney, hereby certify that on the 20th day of November, 2007, I caused a true and correct copy of Defendant Boehringer Ingelheim Roxane, Inc.'s Objections and Responses to Plaintiffs' First Request for Production of Documents to All Defendants, to be delivered to counsel of record for Plaintiffs by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.   The foregoing was posted to Lexis Nexis File and Serve's Electronic Service System.


                               _/s/  Lauren O. Casazza_____
                               Lauren O. Casazza