Exhibit 6



Dec 21 2007
6:14PM

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | Citigroup Center<br>153 East 53rd Street |  |
|---|---|---|
| Lauren O. Casazza<br>To Call Writer Directly:<br>212-446-4661<br>lcasazza@kirkland.com | New York, New York 10022-4611<br><br>(212) 446-4800<br><br>www.kirkland.com | Facsimile:<br>(212) 446-4900 |

December 20, 2007

**VIA EMAIL AND U.S. MAIL**

Joanne M. Cicala
Kirby McInerney, LLP
830 Third Avenue
New York, NY 10022

   Re: *Roxane's Responses to City of New York/New York Counties' First Document Requests*

Dear Joanne:

  I write in response to your December 12 letter regarding our December 11 meet and confer phone call in which we discussed Roxane's responses to the City of New York and Consolidated New York Counties' First Requests for the Production of Documents. Below, on behalf of Roxane, I respond to the issues addressed in that letter.

**NDCs At Issue For Discovery**

  Your description of Roxane's position with respect to which NDCs are properly part of discovery is partially accurate.

  Roxane will produce responsive documents and data concerning Roxane NDCs that are included in the nine drugs chosen by the parties for FUL discovery pursuant to CMO #33. Roxane will also produce responsive documents and data concerning Roxane NDCs that appear in FACC Exhibit B which were always reimbursed based on AWP and which have an alleged spread of over 30%, however, Roxane will not produce documents and data regarding NDCs that appear on Exhibit B which are "new" drugs that should have been excluded from the September 2007 revised exhibits to the FACC, per CMO #33. Finally, I would add that Roxane has agreed to produce responsive documents and data for the above-mentioned NDCs only as subject to Roxane's General and Specific Objections noted in the Responses to each request.

  In addition, I can confirm for you that it is Roxane's position that based on CMO #33, we will not agree to produce responsive documents and data for Roxane NDCs (i) that were reimbursed on a FUL basis at any time during the relevant time period and (ii) are not included as one of the nine FUL drugs that are part of discovery at this time.

### Transactional Data Format

I can confirm that the transactional data we will produce to you will be in a "comma delimited" format, or "csv" file. The production will be accompanied by a "data narrative" that describes what was extracted, the names of the fields, and general field descriptions. Of course, as I mentioned in our phone call, after you receive the transactional data, we are willing to have a dialogue with you about any questions you may have regarding data format. That said, given the Rule 30(b)(6) deposition notice you served on December 18, such informal dialogue may not be necessary.

With regard to the December 18 30(b)(6) deposition notice, can you please confirm that when you seek to depose a corporate representative "who is most knowledgeable of the transactional data that has been produced and/or is being produced" by Roxane, you seek to depose that person with respect to the data format only and not on substantive issues regarding the data?

### Individual Requests

Thank you for the clarification of the documents sought by each request you note in your letter and for your attempt to narrow some of the requests. Below are Roxane's responses to these clarifications.

### REQUEST NO. 9:

**All documents discussing Medicaid drug reimbursement and/or rebate payments.** [Counties' clarification: "To clarify, this request seeks production of documents discussing Medicaid reimbursement generally or Medicaid rebates generally and how or if such reimbursement or rebates impact: Roxane's pricing practices for the subject drugs; Roxane's marketing or sales strategies; Roxane's analysis of its revenues or net profits; Roxane's product development or the cessation of production."]

### RESPONSE TO REQUEST NO. 9:

Roxane still objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the phrases "Medicaid drug reimbursement" and "rebate payments" as being vague and ambiguous. Subject to and without waiving Roxane's Preliminary Statement and General Objections in its Responses, and the Specific Objections noted here, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents discussing how Medicaid drug reimbursement and rebate payments for New York impact Roxane's pricing, marketing and sales strategies for the drugs subject to discovery under CMO No. 33 from the relevant time period, to the extent that such documents exist.

KIRKLAND & ELLIS LLP

December 20, 2007
Page 3

**REQUEST NO. 30:**

**All data relating to customer invoices for each Subject Drug, including, but not limited to, customer names and addresses, purchase volume, prices, discounts, rebates, incentives, free goods, and grants.** [Counties' clarification: "To narrow, for each subject drug, we are interested in data that will indicate for each transaction: customer name and address, purchase volume, prices paid and any related (contemporaneous or subsequent) discounts, rebates, incentives, free goods and/or grants."]

**RESPONSE TO REQUEST NO. 30:**

Roxane still objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the terms "customer invoices," "purchase volume," "prices," "discounts," "rebates," "incentives," "free goods," and "grants" as being vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Subject to and without waiving Roxane's Preliminary Statement and General Objections in its Responses, and the Specific Objections noted here, Roxane will make available to Plaintiffs for inspection and/or copying responsive documents and/or transactional sales data kept in the ordinary course of business, related to the drugs subject to discovery under CMO No. 33 from the relevant time period.

**REQUEST NO. 31:**

**All documents evidencing any agreements and/or performance of agreements between Defendants and any one or more Pharmacy Benefit Manager(s) who purchase or provide or sell or otherwise distribute the Subject Drugs.** [Counties' clarification: "To narrow, we seek Roxane's contracts with PBMs, including but not limited to PBM mail-order pharmacies, and data sufficient to identify the prices paid by such PBMs for Roxane's drugs together with any discounts, rebates or any other financial or other consideration paid in respect of such drugs."]

**RESPONSE TO REQUEST NO. 31:**

Roxane still objects to the request on the grounds that it is overly broad, unduly burdensome and the terms "performance of agreements," "purchase," "provide," "sell" and

KIRKLAND & ELLIS LLP

December 20, 2007
Page 4

"distribute" are vague and ambiguous. Roxane further objects to the request because PBM materials are not relevant or reasonably calculated to lead to the discovery of admissible evidence in this case. Roxane also objects to the request to the extent that it calls for production of documents not within the possession, custody, or control of Roxane or seeks information regarding any entities that are not affiliated with Roxane. In addition, Roxane objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33.

### REQUEST NO. 37:

**All electronic data and documents showing Your revenue, net income, and profitability derived from the sale of each Subject Drug, the number of units sold and to whom for each year in the Relevant Time Period.** [Counties' clarification: In an effort to move this along, we do not need "all data" showing this information, but ask that you reconsider your initial objections to provide responsive materials that will inform us on the identified subjects.]

### RESPONSE TO REQUEST NO. 37:

Roxane still objects to the request on the grounds that it is overly broad and unduly burdensome. Roxane also objects to the terms "net income," "profitability," "derived from," "sale" and "whom" as being vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Roxane also objects to the extent the request seeks documents and information on drugs for which discovery has been stayed pursuant to CMO No. 33. Roxane further objects to the extent the request seeks documents and information from any time period prior to January 1, 1997 or after December 31, 2005 because the Court has limited discovery of the drugs subject to discovery under CMO No. 33 to the time period from 1997 to 2005.

### REQUEST NO. 38:

**All documents showing Your ownership interests in, or profit sharing arrangements with, any pharmacy, wholesaler, or other business(es) supplying prescription drugs to Medicaid recipients.**

### RESPONSE TO REQUEST NO. 38:

Roxane still objects to the request on the grounds that it is overly broad, unduly burdensome, and the phrases "ownership interests," "profit sharing arrangements," and "other business(es) supplying prescription drugs" are vague and ambiguous. Roxane further objects to the request to the extent it seeks materials that are not relevant or reasonably calculated to lead to

## KIRKLAND & ELLIS LLP

December 20, 2007
Page 5


the discovery of admissible evidence. Roxane states that it does not have an ownership interest in, or profit sharing arrangement with, any pharmacy, wholesaler, or other business supplying prescription drugs to Medicaid recipients.

Please let me know if you have any questions.

Very truly yours,

*Lauren Casazza*

Lauren O. Casazza