# Exhibit 7



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |
| | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*City of New York, et al. v.*<br>*Abbott Laboratories, et al.*<br>Civil Action No. 04-cv-06054 et al. | ) ) ) ) ) ) ) ) |

### MEMORANDUM IN SUPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT BOEHRINGER INGELHEIM ROXANE LABORATORIES, INC.

### INTRODUCTION

This motion and memorandum urges the Court to direct defendant Boehringer Ingelheim Roxane Laboratories, Inc. ("Roxane") to comply with Case Management Order ("CMO") 33 and produce all responsive documents and data for Roxane NDCs in NY FACC Exhibit B with spreads greater than 30% where such NDCs were reimbursed based on Average Wholesale Price ("AWP"). Roxane has advised plaintiffs that it will not produce responsive documents and data relating to any NDC that was reimbursed on AWP if that NDC was also reimbursed at any time during the relevant period (1997-2005) based on a Federal Upper Limit ("FUL"). *See* December 12, 2007 letter of Joanne M. Cicala, Esq. to Lauren O. Casazza, Esq. (Exhibit A hereto) and December 20, 2007 letter of Lauren O. Casazza, Esq. to Joanne M. Cicala, Esq. (Exhibit B hereto).

Roxane's position is groundless and unjustified in light of CMO 33 (Exhibit B hereto) which entitles plaintiffs to discovery on all NDCs that were reimbursed based on

AWP and where plaintiffs alleged a spread of greater than 30%. CMO 33 at ¶7. The fact that some of these Roxane NDCs were, at certain times, reimbursed based on a FUL does not obviate all of Roxane's discovery obligations for that NDC. Whenever the Roxane NDC was reimbursed based on AWP, plaintiffs are entitled to discovery on it.

## ARGUMENT

CMO 33 governs the parties' discovery obligations at this time. That CMO provides, *inter alia*, that discovery is permitted for the time period of 1997-2005 on all NDCs in NY FACC Exhibit B reimbursed based on AWP where plaintiffs have alleged a spread of greater than 30%. CMO 33 at ¶7. Specifically, the CMO provides that "[d]iscovery on all drugs in new FACC Exhibits B-1 and B-3, and on all other issues in the FACC generally, to the extent not covered by paragraphs 4 and 5 above shall proceed in accordance with the Federal Rules of Civil Procedure and this Court's past Case Management Orders." *Id.* .

Roxane is ignoring the clear directive of CMO #33 and taking the position that it need not produce any discovery for Roxane NDCs reimbursed based on AWP if that NDC was also reimbursed on a FUL basis at any point during the relevant time period. *See, e.g.,* December 20, 2007 Letter from Lauren O. Casazza, Esq. to Joanne M. Cicala, Esq. (Exhibit C hereto) In other words, if a subject NDC was sometimes reimbursed based on AWP and at other times reimbursed based on FUL, Roxane's view is that it has no discovery obligations whatsoever for that NDC.

Not only is Roxane's position belied by the express language of CMO 33, the position makes no sense. Regardless the outcome of the FUL Summary Judgment

activity described in paragraphs 4 and 5 of the CMO, plaintiffs' AWP-based claims will proceed and plaintiffs are entitled to discovery in support of those claims.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel Discovery from Defendant Boehringer Ingelheim Roxane.  Moreover, given the frivolity of Roxane's position, the Court should also direct Roxane to pay plaintiffs' counsel fees and costs associated with this motion.

Dated:  December 21, 2007

      Respectfully submitted,
      **City of New York and all captioned Counties except Nassau and Orange, by**

      **KIRBY McINERNEY, LLP**
      830 Third Avenue
      New York, New York 10022
      (212) 371-6600

      /s/ Joanne M. Cicala
         By:  Joanne M. Cicala (JC 5032)
            James P. Carroll Jr. (JPC 8348)
            Aaron D. Hovan (AH 3290)