# Exhibit

# 8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** ) ) ) ) ) | |
| **THIS DOCUMENT RELATES TO:** ) ) | **MDL NO. 1456** **CIVIL ACTION NO.** |
| City of New York et al v. Abbott Laboratories, et al. Civ. Action No. 04-cv-06054, et al. ) ) ) | **01-12257-PBS** |
| County of Nassau v. Abbott Laboratories, et al. Civ. Action No. 05-cv-10179 ) ) ) ) ) ) | |

## ORDER

July 30, 2007

Saris, U.S.D.J.

        Defendant pharmaceutical manufacturers have filed a renewed motion to dismiss plaintiff New York Counties' First Amended Consolidated Complaint ("FACC"), which plaintiffs amended in response to this Court's April 2, 2007 memorandum and order allowing-in-part and denying-in-part defendants' first motion to dismiss.  See City of New York v. Abbott Labs., No. 01-cv-12257, 2007 WL 1051642 (D. Mass. April 2, 2007).  The background to this motion was set out in detail in the Court's first Order, and will not be repeated here.  After a hearing and review of the briefs, the Court **ALLOWS-IN-PART** and **DENIES-IN-PART** defendants' motion to dismiss.

1.   The Court **ALLOWS** defendants' motion to dismiss all new drugs

not listed in the initial Consolidated Complaint or Nassau
County Complaint and attached exhibits.  Defendants' motion
is **DENIED** with respect to new NDC's and spreads pleaded in
the FACC for the remaining drugs.

2.    The Court **DENIES** defendants' motion to dismiss all Physician
      Administered Drugs.  The plaintiffs have, at this stage of
      the proceedings, adequately alleged that the Counties
      reimbursed for these drugs on the basis of false or inflated
      Average Wholesale Prices submitted by defendants.

3.    The Court **DENIES** defendants' motion to dismiss drugs subject
      to a Federal Upper Limit ("FUL").  Defendants argue that
      plaintiffs have not adequately alleged that defendants'
      submission of false or inflated published prices caused the
      Counties to overpay for drugs reimbursed through the state
      Medicaid program.  (See Br. of the United States on the
      Federal Upper Limit, Docket No. 4413.)  Under the terms of
      the applicable regulations, 42 C.F.R. § 447.332(a)(1)(ii),
      plaintiffs must allege that defendants submitted false or
      inflated published prices which, if truthful, would likely
      have affected the FUL.  The plaintiffs and defendants shall
      each select five drugs subject to FUL reimbursement.
      Plaintiffs shall specifically make allegations with false
      published prices on those ten drugs.  Discovery shall
      proceed on those FUL drugs only.  The Court will address the
      plaintiffs' FUL claims as to those drugs on summary judgment
      with expert assistance and a more complete record.

4.    The Court **DENIES** defendants' motion to dismiss all drugs for
      which plaintiffs have alleged a spread of 20-25%.  However,
      discovery is stayed for all drugs with spreads lower than
      30% until such time as the plaintiffs submit an expert
      affidavit providing a good faith basis for a 20-25% spread
      threshold.

5.    Plaintiffs may not calculate the Actual Acquisition Cost of
      drugs at $0.01.  Plaintiffs shall allege a weighted average,
      or typical, price for each drug calculated on a reasonable,
      good faith basis consistent with this Court's prior
      opinions.  See, e.g., City of New York, No. 01-cv-12257,
      2007 WL 1051642, at 15, n.8; Memorandum and Order, Docket
      No. 1482 (April 8, 2005).  The Plaintiffs shall file an
      amended exhibit.  I need not address the defendants'
      argument that plaintiffs are not using the appropriate
      classes of trade at this stage of the litigation.


                                    **S/PATTI B. SARIS**

United States District Judge