UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
No. _____

In re Pharmaceutical Industry Average Wholesale Pricing Litigation
_____

**PETITION FOR PERMISSION TO APPEAL PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 23(f)</u>**
_____

From Orders Appointing Class Counsel Pursuant to Fed.R.Civ.Proc. 23(g)
on January 3 and 4, 2008

Master File No. 01-CV-12257-PBS
The Honorable Patti B. Saris

Donald E. Haviland, Jr. Esquire
        (Ct. Of Appeals #: 103140)
Michael J. Lorusso, Esquire
The Haviland Law Firm, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400

COUNSEL FOR M. JOYCE HOWE, REV.
DAVID AARONSON, HAROLD CARTER,
ROGER CLARK, HAROLD BEAN, ETHEL
WALTERS, LARRY YOUNG AND

THERESE SHEPLEY

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

FACTS NECESSARY TO UNDERSTAND THE
QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

AUTHORIZATION FOR APPEAL AND RELIEF SOUGHT . . . . . . . . . . . .6

THE REASONS FOR GRANTING PERMISSION TO APPEAL . . . . . . . . .7

    I.    STANDARD FOR GRANTING PERMISSION TO APPEAL  . . 7

    II.    THE DISTRICT COURT ABUSED ITS DISCRETION BY
        APPOINTING CLASS COUNSEL WITHOUT REGARD
        TO THE PREREQUISITES OF RULE 23(g) . . . . . . . . . . . . . . .11

    III.    THE DISTRICT COURT ABUSED ITS DISCRETION
        BY NOT APPLYING "HEIGHTENED ATTENTION"
        TO ITS CLASS DECISIONS RESPECTING THE
        APPOINTMENT OF CLASS COUNSEL . . . . . . . . . . . . . . . . . .15

    IV.    THE DISTRICT COURT ABUSED ITS DISCRETION
        AND VIOLATED THE DUE PROCESS RIGHTS OF
        PLAINTIFF-APPELLANTS BY FAILING TO FOLLOW
        MANDATORY PROCEDURES AND TO MAKE
        REQUISITE FACTUAL AND LEGAL FINDINGS . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**INTRODUCTION**

As the Johnson & Johnson Defendants point out in their recent Motion to Dismiss a companion appeal to this one,[1] in December 2003, Federal Rule of Civil Procedure 23 was amended in a number of significant respects, including the addition of Subdivision 23(g) respecting the appointment of class counsel.  The United States Supreme Court has mandated that district courts should undertake "heightened attention to the class action requirements in the context of a class certification decision, even when the certification decision is only for settlement purposes."  *See Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 620 (1997); *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 848-49 (1999).

This substantial change to the federal class action rules applied to the district court's decision to appoint class counsel in this case "to act on behalf of all Plaintiffs in the Class cases," and appears to have been either ignored or rejected by the district court in its "Case Management Order No. 34" that was entered on January 4, 2008 (hereinafter "January 4, 2008 Order").  *See* Exhibit "A" attached hereto.  In contrast, the district court invoked the standards of Rule 23(g) in its Memorandum and Order dated January 3, 2008 by which it disqualified one of the

---

[1]     *See* Johnson & Johnson, Inc., and Ortho Biotech Products, L.P.'s Motion to Dismiss Appeal filed January 11, 2008 (Appeal Docket No. 08-1046), at 4-5 ("Subdivision (g) was added to Rule 23 in 2003 and 'responds to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action.")  (Citation omitted.)

1

five existing Co-Lead Counsel for Plaintiffs (hereinafter "January 3, 2008 Order"),

and the only firm individually retained by the named consumer class

representatives to represent their interests in the lawsuit, both individually and on

behalf of a class of consumers similarly situated.  *See* Exhibit "B" attached hereto.

While the district court appears to have followed the dictates of Rule 23(g) in its

disqualification decision, it appears to have ignored these mandatory requisites in

its appointment decision.  Its failure to make the requisite findings and to follow

procedures mandated by the new class action rule raises the question whether the

district court properly followed the amended rule as it pertains to class counsel

appointments.  Because substantial issues have been raised as to the district court's

exercise of its discretion in light of the 2003 amendments to Rule 23, and because

of the significance of these issues to this case (including the pending appeals as of

right by the same Appellants here as part of the appeal docket at 08-1002 and 08-

1046, and the separate appeal at 07-2664), and other cases in this circuit, now, and

in the future, leave to appeal under Fed.R.Civ.P. 23(f) should be granted.

## FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED

The facts material to this Petition are set forth in detail in the following pleadings filed in the district court as to the issues which are incorporated herein by reference thereto: Motion to Amend Case Management Order No. 1 and Consolidation Order re Motion for Class Certification filed 3/26/2007 [Docket No. 3947]; Reply Memorandum in Support of Motion for Amendment of Case Management Order No. 1 and Consolidated Order re Motion for Class Certification filed 4/11/07 [Docket No. 4051]; Renewed Motion for Amendment of Case Management Order No. 1 and Consolidated Order re Motion for Class Certification filed 5/21/07 [Docket No. 4224]; Memorandum in Support of the Haviland Law Firm, LLC's Motion for Appointment as Class Counsel for the Track 2 Consumer Sub-Classes Pursuant to Fed.R.Civ.Proc. 23(g) filed 8/24/07 [Docket No. 4658]; Supplemental Memorandum of the Haviland Law Firm, LLC in Support of Motion for Appointment as Class Counsel for the Track 2 Consumer Sub-Classes Pursuant to Fed.R.Civ.Proc. 23(g) filed 9/18/07 [Docket No. 4729]; The Haviland Law Firm, LLC's Notice of Withdrawal as Class Counsel filed 10/1/07 [Docket No. 4762]; Reply Memorandum Concerning the Appointment of Class Counsel for the Track 2 Classes Pursuant to Fed.R.Civ.Proc. 23(g), and Class Counsel's Submission Dated September 18, 2007 filed 10/1/07 [Docket No. 4766]; Corrected

3

[Redacted] Reply Memorandum Concerning the Appointment of Class Counsel for the Track 2 Classes Pursuant to Fed.R.Civ.Proc. 23(g), and Class Counsel's Submission Dated September 18, 2007 filed 10/2/07 [Docket No. 4769].

## QUESTIONS PRESENTED

1.      Did the district court abuse its discretion by appointing class counsel without making the requisite findings mandated by the new federal class action rule 23(g)?

2.      Did the district court abuse its discretion in disqualifying as class counsel the individual counsel representing the only consumer class representatives for the Class 1 consumer class without regard to the record submitted under seal as to its factual findings in support of its disqualification Order?

3.      Did the district court abuse its discretion by not applying the "heightened attention" to its class decision appointing class counsel without regard to the requisites of Rule 23(g)?

4.      Did the district court abuse its discretion and violate the due process rights of the Plaintiff-Appellants by failing to follow procedures and to make requisite factual and legal findings mandated by the new federal class action rule, including: that the "attorney(s) appointed to serve as class counsel [will] fairly and adequately represent the interests of the class" [Rule 23(g)(1)(B)]; that the court

4

have considered "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law and the resources counsel will commit to representing the class" [Rule 23(g)(1)(C)(i)]; that the court have considered "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" [Rule 23(g)(1)(C)(ii)]; and that the Court "appoint the applicant best able to represent the interests of the class" [Rule 23(g)(2)(B)].

5.     Did the district court's Order appointing class counsel, without expressly granting class certification, in the manner in which it did, and in light of the procedural and substantive requirements of amended Rule 23, implicate a legal question about which there is a need for immediate resolution by this Court?

## AUTHORIZATION FOR APPEAL AND RELIEF SOUGHT

A request for interlocutory review of an order granting or denying certification of a class is authorized under Rule 23(f) of the Federal Rules of Civil Procedure and Rule 5(a) of the Federal Rules of Appellate Procedure.  This petition is timely filed within ten (10) days after entry of the district court's Orders that, among other things, appointed class counsel and disqualified the only individual counsel for the lone named consumer representative plaintiffs of Class 1, but failed to appoint the named representative plaintiffs as adequate representative of any certified class in Track II. Instead, the January 3, 2008 Order subsequently called into question the district court's prior determination as to the adequacy of many of the Plaintiff-Appellants to serve as adequate representatives of certified consumer plaintiff classes.  *Compare* January 3, 2008 Order at 10 n.5 (questioning the adequacy of "many (if not all)" of the Plaintiff-Appellants; claims) *with In re Pharmaceutical Industry Average Wholesale Price Litigation,* 233 F.R.D. 229 (D.Mass 2006) (appointing Plaintiff-Appellants Aaronson, Howe, Shepley and Young as adequate representatives of various Track 1 consumer classes). Although Plaintiff-Appellants Young and Shepley have taken a timely appeal as of right from the district court's judgment pursuant to Rule 54(b) dismissing their claims against Johnson & Johnson, they respectfully submit that the same appeal of

6

necessity includes the issue of the propriety of the court's class counsel

appointment decision.[2]  Plaintiff-Appellants respectfully pray that, to the extent it

is deemed necessary to do so, this Court should grant permission to appeal the

class counsel appointment decisions to address all relevant aspects of the district

court's Orders and to avoid piecemeal appellate review of the issues raised by the

Orders.

**THE REASONS FOR GRANTING PERMISSION TO APPEAL**

**I.      STANDARD FOR GRANTING PERMISSION TO APPEAL**

The Court of Appeals for the First Circuit has identified three categories of

cases in which it will grant leave to appeal a class certification order under Rule

23(f): (1) when a class certification order effectively ends the case; (2) when the

grant of the class action status so raises the stakes of the litigation that the

defendant likely will feel irresistible pressure to settle; or (3) when an appeal of a

class certification order will resolve an important unsettled legal issue that is likely

to escape review if not resolved before the case ends.  *Waste Management*

*Holdings, Inc. v. Mowbray,* 208 F.3d 288, 293-94 (1st Cir. 2000).  This Court in

*Mowbray* also indicated that "special circumstances" may lead the Court to grant

---

[2]      By their recent filing in this Court, the Johnson & Johnson Defendants appear to
agree that the issues are related.  *See* Motion to Dismiss Appeal at Docket No. 08-
1046.

7

leave to appeal in cases that do not match these three categories.  *Id* at 294, *Tilley v. TJX Companies, Inc.*, 345 F.3d 34, 37 (1st Cir. 2003); *accord* Fed.R.Civ.P. 23(f) Advisory Committee Note ("Permission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive.").

This case fits within the first and third categories.  With the respect to the first category, although the Court in *Mowbray* focused on a class *denial* that effectively ends the case, the same policies apply when a class is granted and the court appoints class counsel.  Here, the district court granted class certification in January 2006, appointed several of the Plaintiff-Appellants and their counsel as adequate representatives of the respective Sub-Classes, and then proceeded to dismiss certain Sub-Class claims (as in the case of the Johnson & Johnson Defendants) and approve settlements as to other class claims (as in the case of the GSK Defendants).[3]  As part of the subsequent class certification proceedings as to the Track 2 Defendants, the Court issued subsequent Orders (1) appointing new class counsel, (2) disqualifying as class counsel individual counsel for named class representative plaintiffs (who had previously served as class counsel), and (3) undermining the standing and adequacy of many of the representative plaintiffs to serve any class.  *See* January 3 and 4, 2008 Orders.  As a result, the district court's

---

[3]   Both issues are currently on appeal as of right. *See* Appeal Docket Nos. 08-1046, 08-1002, and 07-2664.

orders effectively end the case, at a minimum, as to the Johnson & Johnson Defendants. The district court's Orders call into question whether the class case has been effectively ended in other respects by its ruling as to the inadequacy of the Plaintiff-Appellants to serve as representative parties.

This case also fits within the third *Mowbray* category.  Rule 23 was amended substantially in 2003 to address perceived errors and abuses in class action practice.  The district court, however, failed in several respects to comply with the substantial changes to Rule 23 as they pertain to class counsel appointments.  As explained below, the district court applied Rule 23(g) standards to disqualify individual counsel for the named representative plaintiffs - removing such counsel as class counsel - but then ignored such standards in its Order appointing four (4) other firms as class counsel for all Plaintiffs and the various Sub-Classes.  Since none of the counsel so appointed have consumer clients who may serve as representatives of the consumer Sub-Class 1, the district court essentially sanctioned a "lawyer's lawsuit" wherein the court-appointed class counsel have no clients to provide even the renowned "punctilio of an honor the most sensitive" which they are owed.  *Huber v. Taylor* 469 F.3d 67, 82 (3d Cir 2006) (citing *Meinhard v. Salmon* 249 N.Y. 458, 464, 164 N.E. 545 (N.Y. 1928) (Cardozo, J.)) .

The district court failed to make requisite findings that were built into the

new class action Rule to protect the interest of class members, like Plaintiff-Appellants, by ensuring that the counsel appointed to represent their interests would be the "applicant best able" to do so.  Fed.R.Civ.P. 23(g)(2)(B).  Appellate review is necessary to guide the parties in this case, lower courts in this circuit in pending and future cases, and practitioners in the courts throughout this circuit, as to the meaning, scope and extent of the recent amendments to Rule 23, especially Rule 23(g). Even in the absence of review pursuant to Rule 23(f), these issues will be decided, at least in part, as part of two pending appeals as of right pertaining to the settlement with the GSK Defendants (wherein Plaintiff-Appellant Aaronson has been appointed the lone consumer Class 1 representative of the settlement class at issue) and the judgment as to the Johnson & Johnson Defendants (wherein Plaintiff-Appellants Young and Shepley have been appointed Class 1 consumer representatives).

Finally, if the Court determines that this case does not fit neatly within any of the three delineated *Mowbray* categories, "special circumstances" call for this Court to grant interlocutory review of the district court's Order.  In particular, immediate appellate review is necessary given the unique procedural history of this case, in which the district court used the Rule 23(g) standards to deny class counsel status as to one firm, but ignored these prerequisites in appointing four other firms.

10

## II.   THE DISTRICT COURT ABUSED ITS DISCRETION BY APPOINTING CLASS COUNSEL WITHOUT REGARD TO THE PREREQUISITES OF RULE 23(g)

Prior to the 2003 amendments to Rule 23, Rule 23(a)(4) plainly provided

that [o]ne or more member of a class may sue or be sued as representative parties

on behalf of all only if . . .the representative parties will fairly and adequately

represent the interests of the class."  The 2003 amendments added Rule 23(g) to

make clear that, while the requisites of Rule 23(a)(4) still must be satisfied as to the

court's "scrutiny of the proposed class representative, . . . this subdivision will

guide the court in assessing proposed class counsel as part of the certification

decision."  *See* Advisory Committee notes to 2003 Rule amendments to Rule 23(g)

("Class counsel must be appointed for all classes, including each subclass that the

court certifies to represent divergent interests").

A fundamental prerequisite of a class action, pursuant to Federal Rule of

Civil Procedure 23(a)(4), is the finding that the "the representative parties will

fairly and adequately protect the interests of the class."  F.R.Civ.P. 23(a)(4).  That

adequacy requirement pertains to both the individual class representatives and the

qualifications of class counsel and, until the 2003 amendments to the Federal

Rules, served as the sole instrument through which the Court scrutinized the

proposed class counsel.  In 2003, the Advisory Committee adopted Rule 23(g) to

"respond[] to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action."  Advisory Committee Notes Rule 23, 2003 Amendments, Subsection (g).

Rule 23(g) requires that "[c]lass counsel must be appointed for all classes, including each subclass that the court certifies to represent divergent interests."[4] *Id.* The rule establishes the procedures and standards to be applied whether there are one or more applicants for appointment as class counsel.  If there is only one applicant, the court may appoint that applicant "only if the applicant is adequate under Rule 23(g)(1)(B) and (C)."  F.R.Civ.P. 23(g)(2)(B).  If there are multiple applicants, as was the case here, the court must appoint the applicant "best able to represent the interests of the class."  *Id.*  Consistent with the other prerequisites, applicants for the appointment as class counsel have the burden of showing their adequacy.  *In re Organogenesis Securities Litigation,* 241 F.R.D. 397, 408 (D.Mass., 2007).

"In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that

---

[4]   As noted below, The Haviland Law Firm ("HLF") sought only to represent the interests of its consumer clients, and all those similarly situated, which clients had been proferred to represent the interests of the consumer Classes in the Track 2 cases.

their charges will be reasonable." *In re Delphi ERISA Litigation*, 230 F.R.D. 496,

498 (E.D.Mich., 2005) (*citing Manual for Complex Litigation* § 10.22, Pp. 24-28

(4th Edition, 2004).  In making this determination, the Court *must* consider "the

work counsel has done in identifying or investigating potential claims in the action,

counsel's experience in handling class actions, other complex litigation and claims

of the type asserted in the action, counsel's knowledge of the applicable law, and

the resources counsel will commit to representing the class."  F.R.Civ.P.

23(g)(c)(i). Rule 23(g)(c)(ii) further allows the Court to "consider any other matter

pertinent to counsel's ability to fairly and adequately represent the interests of the

class."  The Advisory Committee notes shed further light on this standard,

suggesting that the court "go beyond scrutinizing the adequacy of counsel and

make a comparison of the strengths of the various applicants," specifically

providing that an "important consideration might be the applicant's existing

attorney-client relationship with the proposed class representative."  *Id.*

     The appointment of class counsel is of paramount importance to the

successful resolution of this action.  The importance of such judicial evaluation of

the proposed counsel was articulated in *In re J.P. Morgan Chase Cash Balance*

*Litigation*, wherein the Court stated that "[a]ppointment of class counsel is an

extraordinary practice with respect to dictating and limiting the class members'

control over the attorney-client relationship and thus requires a heightened level of scrutiny to ensure that the interests of the class members are adequately represented and protected."  2007 WL 1549121, *10 (S.D.N.Y., Mar. 15, 2007). Accordingly, the Federal Rules mandate that this Court conduct an independent review of the applicants seeking appointment as class counsel employing a heightened level of scrutiny to ensure that the interests of the class members are adequately represented and protected.  This was necessary despite the fact the district court had named interim class counsel, as that designation is separate from the 23(a)(4) adequacy requirement for class certification and temporary in nature.

In resolving the pending Motion for Track 2 Class Certification and the motion for appointment as class counsel for the consumer Sub-Classes, the district court had to be cautious not to create a situation wherein one group of plaintiffs was favored.  *See In re Cardinal Health, Inc. ERISA Litigation,* 225 F.R.D. 552, 556 (S.D.Ohio, 2005) ("Counsel cannot represent different classes of plaintiffs with conflicting claims who are seeking recovery from a common pool of assets.") (*citing ABA Code of Professional Responsibility,* DR 5-105 and EC 5-14, prohibiting counsel from representing different plaintiffs with conflicting claims against the same defendant because it creates "the appearance of divided loyalties of counsel).  Respectfully, the record in the district court, both in this case and in

14

other actions involving the same interim counsel, amply demonstrated that such favoritism would inevitably result were the court to appoint the TPP-retained Interim Class Counsel to be the lone named class counsel exclusive of any consumer representation.

Despite this imposition of a mandatory review and requisite findings by Rule, the district court made no findings in its January 4, 2008 Order.

## III.   THE DISTRICT COURT ABUSED ITS DISCRETION BY NOT APPLYING "HEIGHTENED ATTENTION" TO ITS CLASS DECISIONS RESPECTING THE APPOINTMENT OF CLASS COUNSEL.

The Supreme Court has admonished courts to pay heightened attention to the requirements for class certification. *Ortiz*, 527 U.S. at 848-49; *Amchem*, 521 U.S. at 620.  In the litigation context, a district court is required to undertake a "rigorous analysis" of the class action requirements to determine the propriety of class certification.  *See Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

The district court in this case, manifestly failed to apply "heightened attention" to the class certification requirements mandated by the Supreme Court. Since the nature and scope of the requisite "heightened attention" that applies to class counsel appointment decisions in this circuit is an issue of critical importance, both to this case and all other pending and future cases in this circuit,

15

the decision of the district court warrants immediate appellate review.

**IV.   THE DISTRICT COURT ABUSED ITS DISCRETION AND VIOLATED THE DUE PROCESS RIGHTS OF PLAINTIFF-APPELLANTS BY FAILING TO FOLLOW MANDATORY PROCEDURES AND TO MAKE REQUISITE FACTUAL AND LEGAL FINDINGS.**

Under Rule 23(g), the Court was to appoint class counsel pursuant to the following factors: counsel's work in identifying and investigating potential claims; counsel's experience in handling class actions; counsel's knowledge of the applicable law; and counsel's resources.  *See* Fed.R.Civ.P. 23(g)(1)(C)(I).  The Court also should have considered any other information on any subject pertinent to counsel's ability to fairly and adequately represent the interests of the class.  *See* Fed.R.Civ.P. 23(g)(1)(C)(ii).  Where more than one counsel is adequate counsel under the foregoing standards, the Court must appoint counsel from among them the counsel "best able to represent the interests of the class."  *See* Fed.R.Civ.P. 23(g)(2)(B).  In this regard, "one important consideration might be the applicant's existing attorney-client relationship with the proposed class representative." Advisory Committee notes to 2003 Rule amendments to Rule 23(g)(2)(B).

Because Interim Class Counsel were not the only potentially qualified counsel, there should have been no presumption that they were best able to represent counsel the entire class. *See Harrington v. City of Albuquerque*, 222

16

F.R.D. 505, 520 (D.N.M. 2004).  Although counsel for the Plaintiff-Appellants

explicitly requested that Rule 23(g) be followed, and specifically requested that an

evidentiary hearing be conducted as to all applicant counsel, the Court appointed

only one set of counsel for all three subclasses in the case, with no hearing and no

analysis in light of the Rule 23(g) factors.  *See* January 4, 2008 Order.

      As part of the district court's determination of the propriety of class

certification of the Track 2 cases, The Haviland Law Firm, LLC ("HLF"), sought

to be appointed Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil

Procedure.  Specifically, HLF sought to be appointed Class Counsel for the

consumer Sub-Classes in the Track 2 cases – *ie.*, the Class 1 Medicare Beneficiary

Sub-Class, and the consumer Sub-Class of Class 3[5].  HLF did not seek to control

---

[5]    As set forth in its underlying briefing in the district court, HLF respectfully
submitted that the consumers in Class 3 had to be disaggregated from the TPPs in
Class 3, and should have been separately sub-classed within the Class 3 structure.
This was because of the divergent factual circumstances and legal rights and interests
of the two groups, made readily apparent by the Class 2/3 trial held last year – upon
which the Johnson & Johnson appeal is based.  Filings by the Defendants in the
district court underscore this point.  *See* Defendant AstraZeneca Pharmaceuticals LP's
Memorandum of Law In Response to Plaintiffs' August 1, 2007 Damages
Submissions [Docket # 4602]("Astra Damages Mem.") at p.4, n.1 ("The Court's
findings demonstrate that these institutional entities are differently situated than
individuals.  These institutions had greater access to information, but also failed to
eliminate AWP as the basis for reimbursement even after it was clear that AWPs
exceeded acquisition costs. …Such behavior from sophisticated entities is easily
contrasted with that of individuals."). Such relief would have properly responded to
the Court's query at trial, "[s]o the correct remedy would be to decertify the Class 3
consumer class." Transcript of Bench Trial, Day 2, November 7, 2006 at 89:19-20.

the entire litigation or to supplant the existing representation of the TPP Classes by the Interim Class Counsel [who were appointed Class Counsel in the Track 1 case][6] – as was charged by such counsel.  Instead, HLF sought only to continue to represent the interests of its consumer clients – Plaintiff-Appellants here –  and all those similarly situated, which the firm did in the Track 1 case.  Since some of the same Plaintiff-Appellants certified as Class 1 representatives in Track 1 were then proferred as Class 1 representatives in Track 2, and all of them were all the existing clients of HLF, HLF suggested to the district court that granting HLF's 23(g) application would have maintained the status quo that existed in the case since existing class counsel in the cases sponsored HLF's Entry of Appearance as Co-Lead Counsel in September 2006.  *See* Docket No. 3088.

Plaintiff-Appellants all submitted to broad discovery, including extensive, duplicative depositions, and half of them – Mrs. Howe, Rev. Aaronson, Mr. Young and Mrs. Shepley – all were found by the district court to be as adequate

---

[6]     In its Case Management Order No. 1, the district court designated several firms to act as "class counsel" for the case prior to class certification. The original firms included the Class Counsel from the Track 1 case, *ie*. Hagens Berman, Spector Roseman & Kodroff, Wexler & Associates and Hoffman & Edelson.  However, because such designation in CMO 1 preceded any class certification determination, it was, of necessity, one of "interim counsel" status under Rule 23(g).  *See* Fed.R.Civ.Proc. 23(g)(2)("The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action.").

representatives of the various Class 1 Sub-Classes for the Track 1 case.  However,

because Interim Class Counsel challenged the application of Plaintiff-Appellants'

chosen counsel, HLF, to continue to serve as class counsel, these consumers were

forced to make their views known directly to the district court that they desired

their chosen counsel to serve as class counsel, over the objections of the Interim

Class Counsel.  *See generally*, Declarations of consumer class representatives

Joyce Howe, Larry Young, Reverend David Aaronson, Harold Carter, Roger Clark,

and Harold Bean at Docket Nos. 4647, 4648, 4649, 4650, 4652, and 4653

respectively[7] (incorporated herein by reference thereto).  What Interim Class

Counsel deemed a "waste of time"[8] actually went to the heart of the matter in this

dispute: whether consumers would be able to control their own lawsuit, or whether

the case essentially would be turned into a lawyer's lawsuit, with the consumer

classes represented exclusively by counsel who had no consumer clients.

---

[7]   The Declarations all stated: "Because I rely exclusively on Mr. Haviland to tell me about the litigation, and I trust Mr. Haviland to represent the best interests of consumers like me in the lawsuit, I respectfully submit that Mr. Haviland and his firm should be appointed Class Counsel to represent the Class of consumers in this case. If Mr. Haviland and his firm cannot serve as Class Counsel, I would like to withdraw as a class representative."

[8]   "Valuable time and expense is being wasted addressing issues that have been discussed between counsel and then voted down by a majority."  Class Counsel's Response to the Declaration of Donald E. Haviland, Jr. in Response to the Court Directive Concerning AstraZeneca Settlement, filed July 27, 2007 ("Class Counsel July 27, 2007 Response") at 17.

19

Unfortunately, by its companion Orders of January 3 and 4, 2008, the district court ruled that the lawyers would control.

A full-blown Rule 23(g) inquiry was called for by the filings submitted by Plaintiff-Appellants and their counsel.  Interim Class Counsel apparently found such a hearing to be inconvenient[9].  But, as Plaintiff-Appellants pointed out, a Rule 23(g) appointment procedure is mandatory when representation of a proposed class is in dispute.  *See* Fed.R.Civ.Proc. 23(g)(2) (setting forth the mandatory procedure to be employed by the Court when "more than one adequate applicant seeks appointment as class counsel").  None was conducted by the district court.

In view of the district court's express acknowledgment in its August 2005 memorandum decision on class certification that a potential conflict of interest existed between consumers and TPPs proceeding in the same class action, the court had to appoint adequate class counsel for each of the subclasses.  In the Class 2/3 trial against the Track I Defendants [including the case against the Johnson & Johnson Defendants currently on appeal in this Court], Class 3 consumers were all but ignored because the issue of TPP knowledge engulfed the trial.  The divergent

---

[9]     *See* July 27, 2007 Declaration of Steven W. Berman In Support of Class 1 AstraZeneca Settlement and In Response to the Haviland Declaration ("Berman Decl."), at par. 2.

interests between TPPs and consumers were fully exposed during the trial[10].

Nevertheless, the district court failed to address them, and then subsequently it

removed from the case the only individual counsel who represented the consumers

directly.  In view of these conflicts, it is clear that the same lawyers cannot

represent both groups simultaneously, in the same litigation[11].

The Supreme Court of the United States has admonished that such conflicts,

once realized, cannot be overlooked or brushed aside until some future date in the

litigation, such as the allocation of a lump-sum settlement[12], as in the case of the

---

[10]    As this Court found in its Class 2/3 trial verdict, and as AstraZeneca echoed in
its recent submission, "Remarkably, BCBSMA, the behemoth insurer in the
Massachusetts market, and other large TPPs, were not proactive in adjusting to cost
data once Medicare did the legwork for them in devising more reasonable drug pricing
and service fees."  Astra Damages Mem. [Docket # 4602] at p.4, n.1.  Indeed,
AstraZeneca impliedly conceded that the need for declaratory and injunctive relief
concerning inflated AWPs sought by consumers in Class 3 remained an outstanding
issue even after the trial: "The Court's findings demonstrate that these institutional
entities are differently situated than individuals.  These institutions not only had
greater access to information, but also failed to eliminate AWP as the basis for
reimbursement even after it was clear that AWPs exceeded acquisition costs."  *Id.*
These issues will be addressed as part of the Johnson & Johnson appeal.

[11]    AstraZeneca suggests in its recent submission that consumers in Class 3 were not
part of the judgment and therefore have no right to recover damages.  Astra Damages
Mem. [Docket # 4602] at p.4, n.1. ("Here, Plaintiffs are seeking damages for members
of Classes 2 and 3, which are *institutional entities*, not individuals.")(emphasis in
original).

[12]    *See generally, Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  In
*Amchem*, although the lawyers for the parties, including nine (9) class representatives,
labored for years to construct a complicated settlement matrix to effect global relief

GSK settlement. Consequently, resolution of the Rule 23(g) issue—including whether separate counsel should have been appointed to represent consumers and if so, who—was critical in determining adequacy of representation of the proposed Classes in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellants' Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) of the Federal Rules of Civil Procedure should be granted.

Respectfully submitted,

Dated:       January 14, 2008          /s/ Donald E. Haviland, Jr.
                                       Donald E. Haviland, Jr., Esquire
                                       Michael J. Lorusso, Esquire
                                       **THE HAVILAND LAW FIRM, LLC**
                                       740 S. Third Street, Third Floor
                                       Philadelphia, PA 19147
                                       COUNSEL FOR M. JOYCE HOWE, REV.
                                       DAVID AARONSON, HAROLD CARTER,
                                       ROGER CLARK, HAROLD BEAN, ETHEL
                                       WALTERS, LARRY YOUNG AND
                                       THERESE SHEPLEY

---

for asbestos claimants nationwide, an inherent, unresolved conflict in the class representation caused the Supreme Court to decertify the settlement class and nullify all of that work.