UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re Pharmaceutical Industry Average Wholesale Price Litigation**<br><br>**This document relates to:**<br>UNITED STATES OF AMERICA<br>*ex rel.* VEN-A-CARE OF THE<br>FLORIDA KEYS, INC.<br><br>           Plaintiff,<br><br>      v.<br><br>DEY, INC., *et al.*<br><br>           Defendant.<br><br>CIVIL ACTION NO. 05-11084-PBS | MDL No. 1456<br>Master File No. 01-12257-PBS |

**MEMORANDUM AND ORDER**

January 16, 2008

Saris, U.S.D.J.

Defendants have moved to amend the Court's Memorandum and Order of July 17, 2007 to include a certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b). To satisfy 28 U.S.C. § 1292(b), an order must (1) involve a "controlling question of law," (2) for which "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Defendants have demonstrated that prongs one and two of the statute have been met. My memorandum and order certainly involve

controlling questions of law for which there is substantial ground for difference of opinion under the False Claims Act, 31 U.S.C. §§ 3729-33.  Reasonable jurists could reasonably disagree on whether United States v. The Baylor University Medical Center, 469 F.3d 263, 268 (2d Cir. 2006) was properly decided.  I have written two decisions describing the difficult legal issues under the FCA.  See United States ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Boehringer Ingelheim Corp., 2007 WL 4287572, at *2-3 (D. Mass. Dec. 6, 2007) (considering Baylor and issues of timeliness of FCA claims); United States of America ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Dey, Inc., 498 F. Supp. 2d 389 (D. Mass. 2007) (the July 17, 2007 order at issue here).

However, Defendants have failed to meet their burden under prong three by showing that an immediate appeal from the order would materially advance the termination of the litigation to the degree necessary to warrant certification.  The Dey case involves thousands of claims for reimbursement spanning approximately fourteen years, from 1992 to 2006.  As such, even if Defendants fully prevail on their arguments under Baylor, this victory would leave four years' worth of Medicare claims and six years' worth of Medicaid claims to be litigated.

Typically, when an order is certified for interlocutory appeal, the question will potentially dispose of the entire lawsuit.  See, e.g., Baylor, 469 F.3d at 267-68, 271 (granting

Defendants' motion for interlocutory appeal and ultimately
holding that all of the government's claims against defendants
should be dismissed); Natale v. Pfizer, Inc., 379 F. Supp. 2d
161, 182 (D. Mass. 2005) (where resolving a jurisdictional
question would determine whether the action would be terminated
in District Court and remanded to state court), aff'd, 424 F.3d
43, 43, 45 (1st Cir. 2005).

Still, the First Circuit has granted appeals of non-
dispositive questions.  See Camacho v. P.R. Ports Auth., 369 F.3d
570, 572 n.1, 573 (1st Cir. 2004) (granting appeal of a statutory
question dispositive as to one claim, but declining to address
claims brought under other federal and Puerto Rican laws in the
same lawsuit).  For example, the need to streamline complex
discovery may factor into a decision to consider interlocutory
appeals of non-dispositive questions.  See, e.g., In re San Juan
Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1009, 1010 n.1
(1st Cir. 1988) (allowing appeal of a non-dispositive discovery
issue when the issue was "sufficiently novel and important, and
the circumstances sufficiently out of the ordinary" and the case
entailed "gargantuan" discovery involving roughly 2,000
plaintiffs, 200 defendants, more than 2,000,000 documents,
countless interrogatories, and over 2,000 depositions).

Dey points out that a First Circuit reversal on the FCA
questions would eliminate a majority of the Government's claims.

While true, discovery into this earlier time period would still be relevant with respect to the alleged overarching pricing scheme.  Defendants have not persuasively demonstrated that an immediate appeal will significantly cut down discovery or expert expenses, or otherwise materially advance the termination of this never-ending, massive litigation which has posed a myriad of daunting legal and factual issues.

**CONCLUSION**

The Court **DENIES** the Defendants' motion (Docket No. 4523) to amend the Court's Memorandum and Order of July 17, 2007 to include a certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b).

**S/PATTI B. SARIS**
United States District Judge