# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |  MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

## ASTRAZENECA DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR RENEWED MOTION FOR INJUNCTION

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Inc., and AstraZeneca PLC (collectively, "AstraZeneca") respectfully submit this memorandum of law in support of their renewed motion to enjoin the plaintiff in *International Union of Operating Engineers, Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County) (the "New Jersey action") and the plaintiff's counsel, The Haviland Law Firm and Mr. Donald E. Haviland, Jr., Esq., from prosecuting overlapping claims and defendants in that state court action.[1]

## PRELIMINARY STATEMENT

Disregarding this Court's direction to dismiss the claims and defendants in the New Jersey action that conflict with the MDL proceeding, Mr. Haviland has refused to

---

[1] AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. are also among the *Swanston* Defendants seeking injunctive relief pursuant to the motion filed on December 31, 2007. (*See* Motion for Injunction Against Robert J. Swanston and Donald E. Haviland from Pursuing Overlapping Claims Defendants in *Swanston v. TAP Pharmaceutical Products, Inc., et al.* [Docket Entry No. 4966].) Although AstraZeneca PLC originally was named as a defendant in the *Swanston* action, the court subsequently dismissed, with prejudice, the claims against it.

dismiss AstraZeneca LP and AstraZeneca PLC from that overlapping state court action. This is part of a pattern by Mr. Haviland of refusing to dismiss overlapping claims and defendants from state court actions – a pattern that has been presented to this Court more fully in prior motion papers.[2]

In refusing to dismiss AstraZeneca LP, Mr. Haviland ignores the fact that AstraZeneca Pharmaceuticals LP – a defendant in the MDL – is the 99% general partner of AstraZeneca LP.[3]  As a result, ownership of AstraZeneca LP is exercised through AstraZeneca Pharmaceuticals LP, its general partner.  To try (as Mr. Haviland has in his discussions with counsel for AstraZeneca about this issue) to separate claims against AstraZeneca LP from claims against AstraZeneca Pharmaceuticals LP ignores the fundamental economic and structural reality of the situation.

Mr. Haviland's position also ignores the operational business reality of the situation.  With AstraZeneca Pharmaceuticals LP as the 99% general partner of AstraZeneca LP, those two business entities effectively function – as shown below – as a unified business.  As shown below, they are led by the same executives and share sales, marketing, contracting, and pricing staff.  As a result, for example, discovery against AstraZeneca LP cannot be distinguished in any practical sense from discovery against AstraZeneca Pharmaceuticals LP.

---

[2] (*See generally* New Jersey Defendants' Response Regarding Overlapping Claims and Defendants in New Jersey AWP Litigation [Docket Entry No. 4771] ("NJ Defs.' Response"); *Swanston* Defendants' Memorandum in Support of Motion for Injunction Against Robert J. Swanston and Donald Haviland from Pursuing Overlapping Claims and Defendants ("*Swanston* Defs.' Mem.") [Docket Entry No. 4967].)  AstraZeneca incorporates by reference, as if set forth fully herein, the arguments presented in the New Jersey Defendants' Response and the *Swanston* Defendants' Memorandum.

[3] This corporate structure is an artifact of Astra Pharmaceuticals' spin-off from Astra-Merck. Merck owns the remaining 1% interest in AstraZeneca LP.

Similarly, because AstraZeneca Pharmaceuticals LP and AstraZeneca LP are indirect subsidiaries of holding company AstraZeneca PLC, the claims asserted in the New Jersey action against AstraZeneca PLC, which are based on AstraZeneca Pharmaceuticals LP and AstraZeneca LP drugs, cannot be meaningfully separated from the claims against AstraZeneca Pharmaceuticals LP and AstraZeneca LP based on the same drugs.

Under all of these circumstances, the claims asserted in the New Jersey action by Mr. Haviland and the International Union of Operating Engineers (the "IUOE") are functionally equivalent to the MDL claims against AstraZeneca Pharmaceuticals LP, and therefore should have been dismissed by Mr. Haviland pursuant to this Court's express direction.

Because Mr. Haviland has ignored that direction, this Court should enjoin the New Jersey state claims against AstraZeneca LP and AstraZeneca PLC.

## BACKGROUND

**A.      CORPORATE STRUCTURE**

Following the April 6, 1999 merger between Zeneca group PLC and Astra AB, the U.S. pharmaceutical business for AstraZeneca operates through AstraZeneca Pharmaceuticals LP and AstraZeneca LP. (Declaration of Ann Booth-Barbarin in Support of AstraZeneca's Renewed Motion for Injunction ("Booth-Barbarin Decl.") ¶ 2.) AstraZeneca Pharmaceuticals LP is the general partner of AstraZeneca LP, with a 99% interest in AstraZeneca LP, while Merck & Co., Inc. is a 1% limited partner in AstraZeneca LP. (*Id.* ¶ 3.) Both AstraZeneca Pharmaceuticals LP and AstraZeneca LP are indirectly owned by AstraZeneca PLC, a holding company. (*Id.* ¶ 4.)

3

**B.    ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP COLLECTIVELY OPERATE ASTRAZENECA'S U.S. PHARMACEUTICAL BUSINESS**

With AstraZeneca Pharmaceuticals LP as the 99% general partner of AstraZeneca LP, the two legal entities do not effectively operate as separate pharmaceutical businesses. Instead, AstraZeneca's U.S. pharmaceutical business – which spans both legal entities – functions cohesively. (Booth-Barbarin Decl. ¶ 5.) The corporate officers responsible for overseeing AstraZeneca's U.S. pharmaceutical business are common to AstraZeneca Pharmaceuticals LP and AstraZeneca LP, and manage AstraZeneca's U.S. pharmaceutical business as a whole. (*See id.* ¶ 6.)[4] The performance of this business is measured in accordance with a single "AZ US Scorecard," which is a performance management system that helps to enable the organization to translate its strategy and vision into action. (*See id*. ¶ 7.)

Significantly, sales, marketing, contracting, and pricing activity for the U.S. pharmaceuticals business is conducted by the same groups for AstraZeneca LP and AstraZeneca Pharmaceuticals LP. (*See id.* ¶ 5.) To this end, AstraZeneca's products are sold in the United States through a single sales force, and marketing activities for AstraZeneca's U.S. pharmaceutical business are undertaken by a single marketing force. (*See id*. ¶ 8.) Thus, the same marketing and sales personnel support the AstraZeneca pharmaceutical products marketed and sold in the United States. Likewise, account directors are responsible for certain types of customers (such as prescription benefit managers or third-party payors), with respect to all of AstraZeneca's pharmaceutical

---

[4] The operation of AstraZeneca's U.S. businesses under the joint leadership of AstraZeneca Pharmaceuticals LP and AstraZeneca LP is reflected, for example, on the "AstraZeneca United States" website (www.astrazeneca-us.com). (*See* Booth-Barbarin Decl. ¶ 6.)

4

products marketed and sold in the United States.  Similarly, pricing and contracting strategy is also developed in a coordinated fashion.  (*See id.* ¶¶ 9-10.)

Likewise, legal, portfolio and strategic planning, finance, tax, insurance, human resources, budgeting and planning, information services, public affairs, and headquarters operations are provided by the same groups to both AstraZeneca LP and AstraZeneca Pharmaceuticals LP.  (*See id.* ¶ 11.)

## C.   THE MDL PROCEEDING

AstraZeneca Pharmaceuticals LP and Zeneca Inc. are defendants in the MDL proceeding, and although AstraZeneca PLC is not named as a defendant, it is referenced in the MDL Complaint.  (*See, e.g.*, Fourth Amended Master Consolidated Class Action Complaint ¶¶ 75, 77, 78 (Mar. 2, 2006) [Docket Entry No. 2227].)[5]

The MDL Plaintiffs also named "AstraZeneca US" as a defendant, defining "AstraZeneca" as AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, Zeneca Inc., and "AstraZeneca US."  While "AstraZeneca US" is not a legal entity and therefore improperly named as a defendant, AstraZeneca has defended, and continues to defend, the MDL action on behalf of AstraZeneca's U.S. business – including against claims relating to drugs owned by AstraZeneca LP.

## D.   THE NEW JERSEY ACTION

AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Inc., and AstraZeneca PLC were named as defendants in the New Jersey action, which was filed in 2003.  The

---

[5] Zeneca Inc., although named as a defendant, was never served with a complaint in the MDL action.

New Jersey case asserts the same core facts as those alleged in the MDL, i.e., that AstraZeneca caused AWPs to be inflated and thereby caused excess reimbursements.

On October 2, 2007, the overlapping defendants in the New Jersey and MDL actions filed a pleading in this Court asserting that Mr. Haviland had not properly effected the dismissal of the overlapping claims and defendants. (*See generally* NJ Defs.' Response.) Certain defendants voluntarily withdrew the motion on November 19, 2007, in light of the parties' agreement concerning the dismissal of most of these overlapping defendants, including AstraZeneca Pharmaceuticals LP and Zeneca Inc. (*See* Certain Defendants' Withdrawal of Pleading Regarding New Jersey AWP Litigation [Docket Entry No. 4891].) At that time, however, the defendants noted:

> Mr. Haviland refused to release AstraZeneca PLC and AstraZeneca LP, two related corporate entities against whom overlapping claims have been asserted in the New Jersey case. AstraZeneca continues to discuss the status of these entities with Mr. Haviland. . . . If the parties are unable to resolve [the matter], Astra Zeneca . . . may seek appropriate relief from this Court.

(*Id.* at 1 n.1.) Unfortunately, despite the parties' efforts to resolve this matter, no agreement has been reached as to AstraZeneca LP and AstraZeneca PLC.

### ARGUMENT:

### THE NEW JERSEY STATE ACTION AGAINST ASTRAZENECA DEFENDANTS SHOULD BE ENJOINED

Although Mr. Haviland concedes that this Court has directed him to dismiss overlapping claims and defendants (Declaration of Katherine B. Schmeckpeper in Support of AstraZeneca's Renewed Motion for Injunction, Exhibit 1 (Hearing Transcript, Sept. 11, 2007, at 8:25-9:2)), Mr. Haviland has failed to dismiss his overlapping New Jersey claims against certain AstraZeneca defendants. Instead, Mr. Haviland has

6

unilaterally adopted an overly narrow reading of this Court's direction in a manner that permits him to continue to pursue claims against AstraZeneca LP and AstraZeneca PLC in New Jersey.

Specifically, Mr. Haviland agrees only to the dismissal from the New Jersey action of Zeneca Inc. and AstraZeneca Pharmaceuticals LP and of claims relating to any drugs "owned" by AstraZeneca Pharmaceuticals LP, but refuses to dismiss AstraZeneca LP and claims relating to drugs "owned" by AstraZeneca LP.  Such a distinction is illusory and completely inconsistent with statements made during the September 11 hearing.  AstraZeneca Pharmaceuticals LP is not only the 99% general partner of AstraZeneca LP, but, operationally, AstraZeneca Pharmaceuticals LP and AstraZeneca LP function as a unified business under the indirect ownership of AstraZeneca PLC.  For those reasons, to fully and properly effectuate dismissal pursuant to the September 11 hearing, Mr. Haviland should be enjoined from pursuing AstraZeneca LP and AstraZeneca PLC in the New Jersey action.

As noted, AstraZeneca Pharmaceuticals LP is the general partner (and owns 99%) of AstraZeneca LP.  Consequently, the economic loss of the partnership, including any judgment against, or settlement by, AstraZeneca LP, ultimately would be recognized by AstraZeneca Pharmaceuticals LP – as would ongoing litigation costs.  Further, because AstraZeneca Pharmaceuticals LP and AstraZeneca LP operate as a unified business, as long as AstraZeneca LP is a defendant in the New Jersey action, so too is AstraZeneca Pharmaceuticals LP.  As a practical matter, discovery against AstraZeneca's U.S. business affects both AstraZeneca Pharmaceutical LP and AstraZeneca LP.  For example, deposition notices for corporate representatives would require production of the very

same witnesses on behalf of AstraZeneca LP as would have testified on behalf of AstraZeneca Pharmaceuticals LP.

As shown above, there is a single leadership team, a single marketing force, a single sales force, and the same coverage for classes of customers by account directors spanning the U.S. pharmaceutical business. Thus, it is difficult and impractical to distinguish materials that were created by and/or in the possession of AstraZeneca Pharmaceuticals LP and those that were created by and/or are in the possession of AstraZeneca LP. In short, it is illogical to split AstraZeneca Pharmaceuticals LP from AstraZeneca LP to serve Mr. Haviland's litigation objectives.

That AstraZeneca Pharmaceuticals LP and AstraZeneca LP operate as a unified business is further demonstrated by the settlement concerning Zoladex® reached with the MDL Plaintiffs on behalf of Class One. (*See generally* Proposed Settlement Agreement and Release of AstraZeneca (May 21, 2007) [Docket Entry No. 4227].) The settlement agreement was negotiated and executed on the basis of the AstraZeneca family as a whole and released all AstraZeneca entities from liability for Zoladex®.

Finally, for the reasons set forth in the Swanston Defendants' Memorandum, Mr. Haviland should not be permitted to pursue litigation against the corporate parents of the MDL defendants. (*See Swanston* Defs.' Mem. at 7-8.) As the indirect parent of dismissed MDL defendants Zeneca Inc. and AstraZeneca Pharmaceuticals LP, AstraZeneca PLC should also be dismissed from the New Jersey action.

## CONCLUSION

For the reasons set forth above, AstraZeneca respectfully requests that the Court grant AstraZeneca's renewed motion to enjoin the International Union of Operating Engineers, Local No. 68 Welfare Fund, the Haviland Law Firm, and Mr. Haviland from pursuing the claims asserted against AstraZeneca LP and AstraZeneca PLC in *International Union of Operating Engineers, Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County).

Dated:   Boston, Massachusetts
         January 17, 2008

Respectfully Submitted,

By:   Katherine B. Schmeckpeper
      Nicholas C. Theodorou (BBO #496730)
      Katherine B. Schmeckpeper (BBO #663200)
      FOLEY HOAG LLP
      155 Seaport Blvd.
      Boston, Massachusetts  02210
      Tel:  (617) 832-1000

      D. Scott Wise
      Michael S. Flynn
      Kimberley D. Harris
      DAVIS POLK & WARDWELL
      450 Lexington Avenue
      New York, New York  10017
      Tel:  (212) 450-4000

      Attorneys for AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca PLC, and Zeneca Inc.

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on January 17, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                          By: /s/ Katherine B. Schmeckpeper
                                               Katherine B. Schmeckpeper